FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUN 16  PM 2: 50

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| This document relates to | * | MAG. JUDGE KNOWLES |
| | * | |
| Gerald Barnett v. Merck & Co, Inc. | * | CASE NO. 02:06cv485 |

## PLAINTIFF'S REPLY TO MERCK & CO., INC.'S MEMORANDUM REGARDING ITS OBJECTIONS TO PLAINTIFF'S PRELIMINARY DEPOSITION DESIGNATIONS (Part 2)

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No_____

In its "Memorandum Regarding Its Objections to Plaintiff's Preliminary Deposition Designations," Defendant makes a **third attempt** to object to Plaintiff's preliminary deposition designations. Although Defendant acknowledges that the Court previously overruled **many** of these objections in the Irvin trials, not only did they object to the testimony again on May 29, requiring both Plaintiff and the Court to revisit these rulings, but they improperly object a third time on June 12, often with new, additional objections added to the previous ones. The Court should not entertain these new objections and permit Defendant a third bite at the apple.

Plaintiff makes an omnibus objection to all new objections raised by Defendant in its Memorandum, and asks the Court to make its rulings herein based on the *Irvin* rulings where applicable, and based on the supplemental objections made on May 29, 2006.

Response to Carolyn Cannuscio

Defendants object to the use of the Cannuscio deposition testimony, which discusses the fact that Dr. Cannuscio's name did not appear as an author on the Solomon study. Defendants claim the testimony is irrelevant because there is no evidence that either of Mr. Barnett's doctors read the study or were influenced by the identity of its authors.

Defendants are steering the Court away from the purpose of this testimony: to demonstrate how Merck was involved and then disassociated itself from a study it did not agree with. The testimony is highly relevant to show, inter alia, what at occurred within Merck during the design and publication of an important study for Vioxx and how they dealt with results that were not favorable to the drug.

In addition, Defendant discusses specific objections to Plaintiff's designation:

48:21-50:9 – **No prior ruling.** On May 29, Defendant objected to this testimony on the bases of foundation, speculation, argumentative, prejudicial and misleading. Now in its Memorandum, Defendant additionally claims this testimony is hearsay. Plaintiff reiterates that witness is testifying as to her personal knowledge and that this is proper cross-examination. As to the hearsay objection, Defendant should be barred from making this and all other new, additional objections. Moreover, the testimony is not being offered for the truth of the matter asserted – state of mind.

50:14 – 51:22 -- **No prior ruling.** On May 29, Defendant objected to this testimony on the bases of foundation, speculation, misleading and hearsay. Now in its Memorandum, Defendant merely reiterates its foundation and hearsay objections. Plaintiff maintains that the witness is testifying as to her personal knowledge and that this is proper cross-examination. Moreover, the testimony is not being offered for the truth of the matter asserted – state of mind.

62:7 – 62:21 -- **No prior ruling as to 62:7-10; objections were sustained as to 62:11-21 in Irvin II.** On May 29, Defendant objected to this testimony on the bases of foundation, speculation, and misleading. Now in its Memorandum, Defendant narrows its objections to lack of foundation and misleading. Plaintiff reiterates that sufficient foundation was laid for these questions and that the witness testified as to her own personal knowledge.

77:16-19 – **Testimony was played in Irvin II.** On May 29, Defendant objected to this testimony on the bases of foundation, hearsay, and mischaracterization. Defendant reiterates these objections in its Memorandum. Plaintiff re-asserts his response that this is proper cross-examination regarding the witness' personal knowledge as a Merck epidemiologist.

**77:24-80:5—Objections were overruled in Irvin II as to 77:24-78:24; objections were sustained as to 79:1-80:5.** As of May 29, Defendant's objections were that this testimony lacked foundation, was argumentative, and mischaracterizes the evidence/record. Now in its Memorandum, Defendant additionally claims this testimony is hearsay. As to the hearsay objection, Defendant should be barred from making this and all other new, additional objections. Plaintiff reiterates that this is permissible cross-examination. Moreover, the testimony is not being offered for the truth of the matter asserted; state of mind and personal knowledge (or lack of knowledge) of the witness were what was being sought.

**80:9-24 – Testimony was played in Irvin II.** On May 29, Defendant objected on the grounds of 401, 402, 403, 602, 611, and 801/802. Defendant has narrowed its objections to foundation, hearsay, and mischaracterization. Plaintiff reiterates his responses that this is permissible cross-examination about the witness' knowledge. Her lack of knowledge on these subjects is relevant to her skill and competence as a Merck scientist.

**83:20-84:3 – Testimony was played in Irvin II.** On May 29, Defendant objected on the grounds of 401/402, 403, 611, and 602. Plaintiff reiterates that this is permissible cross-examination. The witness' knowledge of CV risks associated with Vioxx is relevant to Merck's knowledge and failure to warn.

**87:9-13; 87:17-21 – Testimony was played in Irvin II.** On May 29, Defendant objected on the grounds of 401/402, 403, 602, 611, vague and ambiguous, misleading, and prejudicial. In its Memorandum, Defendant objects to relevance, prejudice, misleading, and vague/ambiguous. Plaintiff reiterates his response that the questions sought the witness' personal knowledge and that the witness understood and answered the questions. This testimony is relevant to Plaintiff's failure to warn claim

Response to J. Martin Carroll

Part of Defendant's objections to the designated testimony from Mr. Carroll is that it relates to Merck's profits and sales of Vioxx. Merck argues that these items are not proper in the compensatory phase of the trial. Plaintiff contends that sales and profits are highly relevant in all phases of the trial as they form the basis for Merck's motives to sell the drug and hide the true risks of Vioxx.

In response to Defendant's specific objections:

103:19-108:11; 108:14-112:4 -- **Testimony was played in Irvin II.** Defendant's objections on May 29 were that this calls for speculation and lack of personal knowledge. Plaintiff re-asserts his response that the witness was in charge of sales for Merck. The fact that he does not know about these studies is highly relevant. The FDA document was offered to impeach the witness and the CV card. Additionally these objections are very overbroad and not narrowly tailored. It is not likely, and certainly is not true, that every question in these nine pages of testimony called for speculation or lacked personal knowledge.

130:24-132:23 -- **Testimony was played in Irvin II.** Defendant's objection on May 29 was lack of personal knowledge. Plaintiff re-asserts his response that the witness was in charge of sales for Merck. The fact that he does not know about this document is highly relevant. This is permissible cross-examination. Additionally this objection is overbroad and not narrowly tailored to specifically objectionable questions. It is not likely, and certainly is not true, that every question in these two pages of testimony lacked personal knowledge.

133:3-133:19 -- **Testimony was played in Irvin II.** Defendant's objection on May 29 was lack of personal knowledge. In its Memorandum, Defendant adds supplemental objections to the sarcastic and argumentative tone of Plaintiff's counsel. As to the tone

objections, Defendant should be barred from making these and all other new, additional objections. Plaintiff re-asserts his response that the witness was in charge of sales for Merck The fact that he does not know about these trials relevant. In addition, this testimony is permissible cross-examination and was not objectionably sarcastic or argumentative.

134:7-9; 134:17-135:11 -- **Testimony was played in Irvin II.** Defendant's objections on May 29 were lack of knowledge and hearsay. In its Memorandum Defendant has narrowed its objections to personal knowledge. Plaintiff re-states his response that the witness' lack of knowledge on these subjects is in itself relevant, especially to Plaintiff's failure to warn claims, given Mr. Carrolll's position as Executive Vice President of Marketing.

136:11-13 -- **Testimony was played in Irvin II.** Defendant's objection to this section of testimony on May 29 was lack of knowledge. Defendant now seeks to amend its basis for objection by claiming that this question does not have an answer. Defendant should be barred from making this and all other new, additional objections. In looking at the testimony, this question is the preface to the immediately subsequent question at 136:16-17 and the answer that follows at 136:20-22 incorporates this question as part of that response.

180:3-23; 180:23-181:5; 182:19-183:20 -- **Testimony was played in Irvin II.** As of May 29, Defendant's objections to this testimony were that it mischaracterizes the document, is prejudicial, repetitive, and harassing. In its Memorandum, Merck revises its objections to claim that it is sarcastic, uses an argumentative tone, and harasses the witness. They further add that this section relates to profits, which are irrelevant and prejudicial during the compensatory phase of the trial. Defendant should be barred from making these and all other new, additional objections. This is proper cross-examination of the witness and impeachment under FRE section 607. As stated above, the profits are highly relevant at all phases of the

trial as they relate directly to most causes of action in this case and illustrate Merck's motive to sell Vioxx and hide the true CV risks of the drug.

194:3-195:4 -- **Testimony was played in Irvin II.** As of May 29, Defendant's objections to this testimony were that it is compound and argumentative. In its Memorandum, Merck revises its objections to claim that it is sarcastic, uses an argumentative tone, and harasses the witness. They further add that this section relates to profits, which are irrelevant and prejudicial during the compensatory phase of the trial. Defendant should be barred from making these and all other new, additional objections. This is proper cross-examination of the witness and impeachment under FRE section 607. As stated above, the profits are highly relevant at all phases of the trial as they relate directly to most causes of action in this case and illustrate Merck's motive to sell Vioxx and hide the true CV risks of the drug.

195:8-196:19 -- **Testimony was played in Irvin II.** As of May 29, Defendant's objections to this testimony were that it is compound, argumentative, asked and answered, and speculation. Defendant has amended its objections to claim that this testimony section relates to profits, which are irrelevant and prejudicial during the compensatory phase of the trial. Defendant should be barred from making these and all other new, additional objections. Again, the profits are highly relevant at all phases of the trial as they relate directly to most causes of action in this case and illustrate Merck's motive to sell Vioxx and hide the true CV risks of the drug.

200:7-10; 200:13-201:10 -- **Testimony was played in Irvin II.** As of May 29, Defendant's objections to this testimony were that it is irrelevant, prejudicial, and speculation. Defendant has amended its objections to claim that this testimony section relates to profits, which are irrelevant and prejudicial during the compensatory phase of the trial. Defendant should be barred from making these and all other new, additional objections. Again, the

profits are highly relevant at all phases of the trial as they relate directly to most causes of action in this case and illustrate Merck's motive to sell Vioxx and hide the true CV risks of the drug.

300:23-301:7; 301:11-12 -- **Testimony was played in Irvin II.** As of May 29, Defendant's objections to this testimony were that it is irrelevant, hearsay, and argumentative. In its Memorandum, Defendant has modified its objections to claim that this testimony includes lawyer sidebar, question without an answer, sarcastic, argumentative, and harasses the witness. Defendant should be barred from making these and all other new, additional objections. Plaintiff re-asserts his response that this colloquy is permissible cross-examination and is relevant to the failure to warn claims. It is also used to impeach the witness under FRE 607. Further, the question at 300:23-301:7 is incorporated into the subsequent designation at 301:11-12 and is designated in conjunction with that section of testimony. The response then follows at 301:13-20.

301:21-302:5 -- **Testimony was played in Irvin II.** As of May 29, Defendant's objections to this testimony were that it is irrelevant, hearsay, lack of knowledge, asked and answered, and argumentative. In its Memorandum, Defendant has modified its objections to claim that this testimony includes lawyer sidebar, question without an answer, sarcastic, argumentative, and harasses the witness. Defendant should be barred from making these and all other new, additional objections. Plaintiff re-asserts his response that this is permissible cross-examination to impeach the witness under FRE 607. The other objections to this testimony do not apply as there are no questions without an answer or attorney sidebar.

303:4-303:12 -- **Testimony was played in Irvin II.** As of May 29, Defendant's objections to this testimony were that it is irrelevant, hearsay, lack of knowledge, asked and answered, and argumentative. In its Memorandum, Defendant has modified its objections to

claim that this testimony includes lawyer sidebar, question without an answer, sarcastic, argumentative, and harasses the witness. Defendant should be barred from making these and all other new, additional objections. Plaintiff re-asserts his response that this is permissible cross-examination to impeach the witness under FRE 607. The other objections to this testimony do not apply as there are no questions without an answer or attorney sidebar.

421:17-23; 426:13-24 -- **Testimony was played in Irvin II.** As of May 29, Defendant's objections to this testimony were that it is irrelevant, prejudicial, and argumentative. In its Memorandum, Defendant has modified its objections to claim that this testimony includes lawyer sidebar, question without an answer, sarcastic, argumentative, and harasses the witness. Defendant should be barred from making these and all other new, additional objections. Plaintiff re-asserts his response that this is permissible cross-examination to impeach the witness under FRE 607. The other objections to this testimony do not apply as there are no questions without an answer or attorney sidebar.

428:17-429:5; 429:9-13; 429:17-430:6 -- **Sustained in Irvin II.** As of May 29, Defendant's objections to this testimony were that it is sarcastic, argumentative, asked and answered, sidebar, and 602. In its Memorandum, Defendant has modified its objections to claim that this testimony includes lawyer sidebar, question without an answer, sarcastic, argumentative, and harasses the witness. Defendant should be barred from making these and all other new, additional objections. Plaintiff re-asserts his response that this is permissible cross-examination to impeach the witness under FRE 607. The other objections to this testimony do not apply as there are no questions without an answer or attorney sidebar.

436:8-17 -- **Testimony was played in Irvin II.** As of May 29, Defendant's objections to this testimony were that it misstates the evidence and is argumentative. In its Memorandum, Defendant has modified its objections to claim that this testimony is sarcastic,

argumentative, and harasses the witness. Defendant should be barred from making these and all other new, additional objections. Plaintiff re-asserts his response that this is permissible cross-examination to show that Merck never did a CV study of Vioxx.

Response to Laura Demopolous

As a matter of procedural history, Ms. Demopolous' testimony was not offered by the Plaintiff at either Irvin trial so there are no prior rulings with respect to this witness.

104:3-105:20 – As of May 29, Defendant's objections to this testimony were that it is irrelevant, cumulative, argumentative, misleading, and just repeats/summarizes the video clip. In its Memorandum, Defendant modifies its objections to claim that the tone is sarcastic and argumentative and harasses the witness. Defendant should be barred from making these and all other new, additional objections. The questions in this section consist primarily of the examiner reading an e-mail to the witness that she authored and asking her foundational questions. It is difficult to imagine how the witness' own document used in this manner could be considered harassing or argumentative. This is proper cross-examination of this witness.

117:14-118:2; 118:5-6 -- As of May 29, Defendant's objections to this testimony were that it is argumentative, sarcastic, misleading, prejudicial, and lacks foundation. In its Memorandum, Defendant narrows its objections to sarcastic, argumentative and harasses the witness. This is proper cross-examination of the witness about her own personal knowledge and beliefs.

Response to Wendy Dixon

242:4-7 -- **Testimony was played in Irvin II.** As of May 29, Defendant's objections were that this testimony is irrelevant and prejudicial. In its Memorandum, Merck modifies

this objection to claim that it is argumentative and prejudicial. This new objection should not be considered. Plaintiff re-states his response that the person being referenced in this section of text is Dr. Scolnick, who was the most senior MRL executive. The witness relied on Dr. Scolnick for information. This is permissible cross-examination.

251:12-14 – **Objection was overruled in Irvin II.** On May 29, Defendant objected that the witness did not answer the question. Defendant repeats that objection and adds that it contains attorney sidebar. Plaintiff responds that this question is incorporated into the question that follows at 251:18-20 and is ultimately answered in a later designation at 251:23-252:3.

251:18-20; 251:23-252:3; 252:13-15; 252:18-20 -- **Testimony was played in Irvin II.** As of May 29, Defendant's objections were that this testimony lacks foundation, calls for speculation, and is prejudicial. In its Memorandum, Defendant modifies its objections to argumentative, prejudicial, and speculation. Plaintiff asks that the new objections not be considered, as they are untimely. Plaintiff re-asserts his response that the witness answered the question and seemed to have personal knowledge about the question that was asked. Further, this is permissible cross-examination.

253:13-15; 253:20-254:2 -- **Testimony was played in Irvin II.** As of May 29, Defendant's objections were that this testimony lacks foundation, calls for speculation, and is prejudicial. In its Memorandum, Defendant modifies its objections to speculation and lack of foundation. Plaintiff re-asserts his response that this is permissible cross-examination. The witness testified as to her personal knowledge.

**Response to Jo Jerman**

284:15-19; 284:24-286:2; 286:14-287:11; 288:16-289:5; 291:16-292:3; 294:2-9; 294:14-23 -- **Testimony was played in Irvin II without objection by Defendant.** As of May 29, Defendant's only objection was that this testimony was hearsay. Defendant has revised this objection to add lack of foundation. Plaintiff asks that the new objection not be considered, as it is untimely. Plaintiff re-asserts his response that this is not hearsay, but rather is calling for the witness' personal knowledge and testimony. In the portions of testimony where third party statements are referenced (294:14-23) those statements are not being offered for the truth of the Topol statements, but rather to get the personal knowledge and state of mind of the witness being deposed.

343:7-8; 343:24-344:2; 344:4-345:8; 347:13-348:3; 348:9-348:14; 348:15-21; 348:22-349:6 – **Testimony was played in Irvin II without objection by Defendant.** On May 29, Defendant objected that this testimony was hearsay and irrelevant. Now it has modified its objections to claim that this testimony relates to revenue and profit numbers for Vioxx and Merck claims this information is irrelevant and prejudicial, especially during the compensatory phase of the trial. Plaintiff requests that Defendant be barred from making these and all other new, additional objections. Plaintiff believes that revenue and profit information is highly relevant to most of the causes of action in this case as it is the motive to sell Vioxx and hide the true risks of the drug.

Response to Alan Nies

Defendant discusses the following objections to Plaintiff's designation:

As a matter of procedural history, Dr. Nies' testimony was not offered by the Plaintiff at either Irvin trial so there are no prior rulings with respect to this witness.

Although Defendant addressed these new objections in a slightly different order in its Memorandum, Plaintiff will address each new objection in sequential order of the testimony so that the Court can easily refer to the binder of documents containing the actual transcript of this testimony.

In its Memorandum, Defendant revised its objections as follows:

141:8-141:21- As of May 29, Defendant's objections to this testimony were that it was misleading, mischaracterizes the exhibit, and that there was no foundation. Defendant's current objection is that there is no foundation and that it is misleading to ask Dr. Nies labeling questions. Plaintiff re-asserts his response that this is a proper subject of cross-examination, especially in light of the fact that the witness was a senior vice president at Merck and these were basic questions about what was and was not contained in the Vioxx label.

243:8-11- Merck's original objection to this testimony was that it is irrelevant. Defendant has now modified that objection to claim that the testimony is prejudicial. This new basis for objection should be barred as untimely. Plaintiff re-asserts his response that this testimony is relevant to the issue of Dr. Scolnick's credibility.

284:4-285:4- Defendant's May 29 objections included lack of foundation, misleading, and that the examiner was testifying. It appears that Defendant has narrowed its objection to their belief that the examiner was testifying. As stated in our original response, this is proper cross-examination as the witness testified that he had personal knowledge of the document and the examiner was laying foundation for the questions that he was asking.

285:19-288:25- Defendant's prior objections as of May 29 were that this testimony was hearsay and irrelevant. Defendant reiterates its hearsay objection and also impermissibly

adds a new, untimely, basis for objection that this testimony lacks foundation. As stated in our original response, the document that is the subject of testimony is a letter from FDA and as such falls into FRE 803(8) public records and reports exception to the hearsay rule. Further, this line of questioning seeks to obtain the witness' personal knowledge about the document and the circumstances surrounding it.

499:8-505:13- It is unclear whether Defendant is actually making an objection to this portion of the testimony or if this testimony is merely being used to illustrate the sarcasm. Defendant's original objections to this portion of testimony are that it was argumentative and misleading in that it mischaracterizes the exhibit. In its Memorandum, Defendant re-asserted that this testimony is argumentative and misleading and they further added new objections that the testimony is sarcastic and that Plaintiff's counsel was testifying. Any new objections should be barred as untimely. Further, this objection is very overbroad as Defendant has designated six pages of testimony. Surely Defendant cannot claim that each and every question in this entire designation is sarcastic, argumentative, and misleading. Plaintiff again refers the Court to our June 5 response which contains the full text of this testimony in order to make a ruling. Plaintiff re-asserts his responses that this is permissible cross-examination and is being used, in part, pursuant to FRE section 607 to impeach the witness and his credibility and section 612 to refresh his recollection. Merck's failure to study the CV risks of Vioxx caused by Cox-2 inhibition is central to Plaintiff's case.

521:19-523:19- Defendant's May 29 objections to this testimony were that it was argumentative and lacks foundation. In its Memorandum, Defendant re-asserted that this testimony is argumentative and they further added new objections that the testimony is sarcastic, misleading, and that Plaintiff's counsel was testifying. Any new objections should be barred as untimely. Plaintiff re-asserts his responses that this is permissible cross-

examination and is being used, in part, pursuant to FRE section 607 to impeach the witness and his credibility and section 612 to refresh his recollection. Merck's failure to study the CV risks of Vioxx caused by Cox-2 inhibition is central to Plaintiff's case.

559:24-560:4- Defendant originally objection to this portion of testimony that it was misleading and mischaracterizes the exhibit. Now Merck is amending its objection to claim that this question is merely commentary by the attorney. Plaintiff objects to this new objection as untimely. Having said that, immediately prior to this portion of testimony, the witness asked the attorney to clarify which document they were using. In this section of text, the attorney is merely clarifying for the witness and the jury which document is being discussed.

562:4-15- As of May 29, Defendant's objections were lack of foundation and hearsay. Defendant's current objection is for lack of foundation. Plaintiff re-asserts his response that this is a proper subject of cross-examination and that the witness gave a response based upon his personal knowledge and did not state that he was unfamiliar with issues related to FDA. Again, Dr. Nies was a senior vice president at Merck.

562:13-15- As of May 29, Defendant's objections were lack of foundation and hearsay. Now Merck is amending its objection to claim that this question is merely commentary by the attorney. Plaintiff objects to this new objection as untimely. This question actually is part of the question that begins at 562:19 (Plaintiff's subsequent designation) and does not stand on its own without a response from the witness. Merck erroneously states that no witness response was designated; the witness responds at 562:21-24.

563:4-565:16- As of May 29, Defendant's main objection to this section of testimony was that it was hearsay. They only asserted an objection based upon lack of foundation to the portion of testimony found at 563:4-9. In its Memorandum, Defendant adds the additional objection, that all of these questions lack foundation. As previously discussed, Defendant

should be barred from making this and all other new, additional objections. Plaintiff responds that this is permissible cross-examination, especially in light of Dr. Nies' position as a senior vice president at Merck. The witness testified as to his personal knowledge and at no point in this section of testimony stated to the examiner that he was unfamiliar with these issues as they related to the label or FDA.

565:6-7- Merck's objection as of May 29 was that this testimony was hearsay. Now Merck is amending its objection to claim that this question is merely commentary by the attorney. Plaintiff objects to this new objection as untimely. This question actually is part of the question that begins at 565:11 (Plaintiff's subsequent designation) and does not stand on its own without a response from the witness. Merck erroneously states that no witness response was designated; the witness responds at 565:16.

Respectfully submitted,

By: *Mark P. Robinson, Jr.*

**Mark P. Robinson, Jr.**
Kevin F. Calcagnie
Carlos A. Prietto, III
Ted B. Wacker
Lexi W. Myer
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive, 7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

**Andy D. Birchfield, Jr.**
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(334) 269-2343 (telephone)

**Counsel for Plaintiff**

| | |
|---|---|
| **Russ M. Herman**, Esquire<br>Leonard A. Davis, Esquire<br>Stephen J. Herman, Esquire<br>HERMAN, HERMAN, KATZ & COTLAR<br>820 O'Keefe Avenue<br>New Orleans, LA 70113<br>PH: (504) 581-4892<br>**PLAINTIFFS' LIAISON COUNSEL** | **Christopher A. Seeger**, Esquire<br>SEEGER WEISS<br>One William Street<br>New York, NY 10004<br>(212) 584-0700 (telephone)<br>(212) 584-0799 (telecopier)<br>**Co-Lead Counsel** |
| Richard J. Arsenault, Esquire<br>NEBLETT, BEARD & ARSENAULT<br>2220 Bonaventure Court, P.O. Box 1190<br>Alexandria, LA 71301-1190<br>(318) 487-9874 (telephone)<br>(318) 561-2591 (telecopier) | Elizabeth J. Cabraser, Esquire<br>LIEFF, CABRASER, HEIMANN &<br>BERNSTEIN, LLP<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Francisco, CA 94111<br>(415) 956-1000 (telephone)<br>(415) 956-1008 (telecopier) |
| Thomas R. Kline, Esquire<br>KLINE & SPECTER, P.C.<br>1525 Locust Street, 19th Floor<br>Philadelphia, PA 19102<br>(215) 772-1000 (telephone)<br>(215) 772-1371 (telecopier) | Arnold Levin, Esquire<br>LEVIN, FISHBEIN, SEDRAN & BERMAN<br>510 Walnut Street, Suite 500<br>Philadelphia, PA 19106<br>(215) 592-1500 (telephone)<br>(215) 592-4663 (telecopier) |
| Shelly Sanford, Esquire<br>GOFORTH, LEWIS, SANFORD LLP<br>2200 Texaco Heritage Plaza<br>1111 Bagby<br>Houston, TX 77002<br>(713) 650-0022 (telephone)<br>(713) 650-1669 (telecopier) | Drew Ranier, Esquire<br>RANIER, GAYLE & ELLIOT, L.L.C.<br>1419 Ryan Street<br>Lake Charles, LA 70601<br>(337) 494-7171 (telephone)<br>(337) 494-7218 (telecopier) |
| Mark Robinson, Esquire<br>ROBINSON, CALCAGNIE & ROBINSON<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>(949) 720-1288 (telephone)<br>(949) 720-1292 (telecopier) | Christopher V. Tisi, Esquire<br>ASHCRAFT & GEREL<br>2000 L Street, N.W., Suite 400<br>Washington, DC 20036-4914<br>(202) 783-6400 (telephone)<br>(307) 733-0028 (telecopier) |

**PLAINTIFF'S STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Liaison Counsel, Russ Herman and Phillip Wittmann [with courtesy copy to Merck's trial counsel, Andrew L. Goldman] by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order 8A, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 15th day of June, 2006.

*Mark P. Robinson, Jr.*

**MARK P. ROBINSON, JR.**
**California State Bar No. 054426**
**Attorney for Plaintiff**
**ROBINSON, CALCAGNIE & ROBINSON**
**620 Newport Center Drive, 7th Floor**
**Newport Beach, CA 92660**
**Telephone: 949-720-1288**
**Telecopier: 949-720-1292**
**mrobinson@rcrlaw.net**