

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUN 16 PM 2: 52

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL DOCKET No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L - DIVISION 3 |
| | * | |
| This document relates to | * | JUDGE FALLON |
| CASE NO. 2:05CV2524 | * | |
| | * | |
| ANTHONY WAYNE DEDRICK, | * | MAG. JUDGE KNOWLES |
| an Individual, | * | |
| | * | |
| PLAINTIFF, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| DEFENDANT. | * | |

### PLAINTIFF'S RESPONSE TO FIRST SET OF INTERROGATORIES PROPOUNDED BY MERCK & CO., INC.

Plaintiff, Anthony Wayne Dedrick, responds to Defendant Merck & Co., Inc's First Set of Interrogatories as follows:

### INTERROGATORY NO. 1

Please identify each person having knowledge of information regarding the facts, circumstances, injuries, damages, or allegations contained in your Complaint.  (See definition 6.)

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is overly broad, vague and ambiguous.  Plaintiff further objects to this interrogatory to the extent it calls for attorney work product and information protected by the attorney-client privilege.  Without waiving and/or limiting his objection, Plaintiff responds that the**

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

1

following individuals may have knowledge and/or information responsive to this interrogatory:

1. Kenny Dedrick, brother, Apt. 131B, Springvalley Apts., Waynesboro, TN 38485

2. Sherry Curtis, girlfriend, 1591 Moccasin Creek, Waynesboro, TN 38485

3. Dr. Esmeraldo Herrera, Wayne Medical Center, 131 J.V. Mangubat Drive, Waynesboro, TN 38485

4. Dr. William H. Coltharp, M.D., Saint Thomas Hospital, Nashville, TN

5. Dr. John McPherson, M.D., Saint Thomas Hospital, Nashville, TN.

## INTERROGATORY NO. 2

Have you had any of the following types of problems or conditions at any time: heart attack, abnormal rhythm, atherosclerosis (hardening of the arteries), murmur, coronary artery disease, congestive heart failure, enlarged heart, leaking valves or prolapse, heart block, congenital abnormality, Scarlet Fever, Rheumatic Fever, atrial fibrillation, palpitations, stroke, transient ischemic attack (TIA), high blood pressure, lung problem, circulatory problem, blood clots, diabetes, kidney problem, intestinal or gastric (stomach) perforation, ulcer, or bleeding, gastro esophageal reflux disease (GERD), or peptic ulcer disease? If "yes," set forth as to each problem or condition when it occurred and the name and address of the healthcare provider who provided treatment, and the treatment provided.

**RESPONSE:** Plaintiff objects to this interrogatory to the extent that it is overly broad, unduly burdensome and ambiguous. Any prior medical conditions relating to Plaintiff can be ascertained through review of Plaintiff's documents filed in response to Defendant's Request for Production. However, without waiving this objection, Plaintiff

2

states he suffered a heart attack along with abnormal rhythm and a blood clot on 1/8/2003 and was transported to Wayne Medical Center Emergency Room. Dr. Esmeraldo Herrera was his treating physician. He received lytic therapy as treatment. He was then transported via helicopter Life Flight to Saint Thomas Hospital in Nashville. He received a cardiac catheterization, and bypass surgery was performed by Dr. William H. Coltharp. Plaintiff states he was diagnosed with coronary artery disease in January 2003 following his heart attack. Plaintiff states he was diagnosed with scarlet fever and rheumatic fever as a child. Plaintiff states he was diagnosed with high blood pressure in 1997. His treating physician was Dr. Esmeraldo Herrera who administered Vasotec, Cardizm and Accupril. Plaintiff further states he experienced a contusion to his lungs as a result of an MVA in 1989. This developed into pneumonia. He was treated at Vanderbilt Medical Center. Plaintiff has been diagnosed with a circulatory problem and has been treated by Dr. Esmeraldo Herrera at Wayne Medical Center. Plaintiff has suffered with diabetes since 1999. He is being treated by Dr. Esmeraldo Herrera.

**INTERROGATORY NO. 3**

Describe in detail each injury, illness, disease or condition (i.e., sign or symptom, whether mental, physical or emotional) that you claim resulted from the use of Vioxx, and set forth the name and address of all physicians or other healthcare providers with whom you consulted or from whom you sought treatment. Identify each injury or condition claimed to be permanent together with all present complaints. (See definition 7.)

**RESPONSE:** Plaintiff was admitted to Wayne Medical Center on January 8, 2003 after chest pains and diaphoresis. An EKG showed evidence of an acute inferior ST segment elevation MI and plaintiff underwent thrombolytic therapy using TNK and heparin. Plaintiff was stabilized and transported via Life Flight to Saint Thomas

3

Hospital in Nashville, Tennessee where he underwent cardiac catheterization and triple coronary artery bypass on January 13, 2003. Records of Plaintiff's physicians and hospitalizations are being produced in response to Defendant's Request for Production of Documents.

**INTERROGATORY NO. 4**

Had you ever had the injury, illness, disease or condition identified in your answer to Interrogatory No. 3 any time prior to the first time you used Vioxx? If so, please identify when you had this injury, disease or condition, whether you sought treatment, what kind of treatment and from whom, and whether and when the injury, illness, disease or condition resolved.

**RESPONSE:** No.

**INTERROGATORY NO. 5**

Describe in detail all injuries, diseases, illnesses and disabilities or other medical conditions that you have experienced since January 1, 1990 and provide the full name and address of all healthcare providers who you consulted or who provided any treatment as well as the dates of such treatment. (See definition 7.)

**RESPONSE:** Plaintiff objects to Defendant's Interrogatory No. 5 to the extent that it is overly broad and unduly burdensome. Plaintiff's prior medical condition and treatments may also be generally contained in the medical records provided to Defendant in Plaintiff's Responses to Defendant's Request for Production. Also, see Plaintiff's response to Defendant's Interrogatory No. 2. Plaintiff will supplement this response with any additional records that are received.

## INTERROGATORY NO. 6

Separately itemize all expenses and losses that you claim to have incurred as a result of the injuries you claim to have suffered from taking Vioxx, including the dollar amount of hospital bills and identity of the hospital; medical bills with the names and addresses of the persons requesting payment; nursing bills with the names and addresses of the persons requesting payment; funeral expenses; loss of earnings including the names and addresses of employer; and any other similar expenses and damages, specifying type, amount and person to whom such amount is due.

**RESPONSE: Plaintiff states he has no such record at this time. These amounts are being gathered and will be supplemented once received.**

## INTERROGATORY NO. 7

Provide the factual basis and a computation for each category of damages you claim and identify all witnesses who will testify in support of each category of damages and all documents upon which you will rely in support of each category of damages.

**RESPONSE: Plaintiff's counsel is in the process of gathering documents responsive to this request. However, Plaintiff will rely, in part, upon the medical records and bills from medical care providers.**

## INTERROGATORY NO. 8

Identify each carrier or plan that at any time has provided or been obligated to provide you with medical, health, disability and/or compensation coverage, either individually or as a member of an insured family, including group insurance coverage under policies of insurance issued to or on behalf of your spouse or other family member, and as part of you response, include any applicable policy or identification number. (See definition 6.)

**RESPONSE:** **Plaintiff has had medical insurance through Medicare, policy number 413580144-A, and Tingcare, policy number ZECM 12445626/600717, State of Tennessee.**

### INTERROGATORY NO. 9

Please state whether you have been reimbursed and/or filed a claim under an insurance policy with respect to the alleged injuries that form the basis of this action. If so, for each claim identify the person with whom you filed a claim, the insurer, the policyholder, the policy number and the claim number. (See definition 6.)

**RESPONSE:** **Plaintiff states he has filed claims and claims related to his injuries have been paid by Medicare and Tingcare. See response to Interrogatory No. 8 for policy numbers.**

### INTERROGATORY NO. 10

Have you ever been given a disability rating for accident, health or life insurance? If so, identify the health care provider that assigned such rating, the date that you were given a disability rating, and the reason that you were given a disability rating.

**RESPONSE:** **Plaintiff was declared disabled and awarded disability benefits in November 2005. However, to his knowledge, he was not assigned a disability rating by the Social Security Administration. This information will be supplemented if it is learned that he did receive such a rating.**

### INTERROGATORY NO. 11

Describe in detail your medication history, including a list of all medications (prescription and non-prescription), and drugs (legal or illegal) that you used since January 1, 1990, the reason each medicine, medication and/or drug was used, and for each medication or drug, identify its brand or generic name; if it was prescribed, the name and address of the

6

person prescribing it; the name and address of the pharmacy from which such medication was purchased; the dates on which you took the drug and the dates and reasons for which you stopped taking it; and the nature of any reaction or side effect to the medication or drug allegedly experienced by you. (See definition 7.)

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is overly broad, vague and unduly burdensome. Notwithstanding said objection, Plaintiff refers Defendant to medical records submitted in response to Defendant's Request for Production and to Plaintiff's previous responses detailed in his Plaintiff Profile Form.**

## INTERROGATORY NO. 12

If you or your expert intend to rely on or use in any way at trial, including but not limited to direct or cross examination of any witness, any treatise, text or other publication, identify each by title, author and indicate the pertinent portions to be relied on or used at trial.

**RESPONSE: Plaintiff states that a decision has not been made as to which experts will be called to testify in this case, and therefore, this interrogatory cannot be fully answered at this time. Plaintiff will supplement at the appropriate time.**

## INTERROGATORY NO. 13

State whether you have undergone a physical examination in connection with employment or any application for employment since January 1, 1990. If so, state the date of any such examination and whether there is a report of such physical examination. If a report was made, attach a true copy. If any such physical examination resulted in action being taken on your behalf or against you, please describe such action.

**RESPONSE: No.**

**INTERROGATORY NO. 14**

State whether you have undergone a physical examination in connection with any application for health or life insurance since January 1, 1990. If so, state the date of any such examination, where it was conducted, who conducted the examination, whether there is a report of such physical examination and the life insurance company on whose behalf the examination was conducted. If a report was made, attach a true copy. If any such physical examination resulted in denial of your application, please describe such action.

**RESPONSE: Plaintiff states he has not undergone a physical examination with regard to any application for health or life insurance.**

**INTERROGATORY NO. 15**

Please identify all communications, whether oral, written or electronic (including communications as part of internet "chat rooms" or e-mail groups), with others not including your counsel, regarding Vioxx, your injuries or this case.

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is overly broad and vague. Without waiving said objection, Plaintiff states that there are none.**

**INTERROGATORY NO. 16**

Identify any and all communications that you have had with a physician regarding whether your claimed injury is related to your use of Vioxx.

**RESPONSE: Plaintiff objects to this interrogatory on the grounds that it is overly broad and vague and seeks information protected by the doctor-patient privilege.**

**INTERROGATORY NO. 17**

Please state whether you have ever participated in any clinical trials or studies relating to any drug or treatments for any medical condition. If so, please state the name of the trial or study, sponsor of the trial or study, drug or treatment studied, purpose of the drug studied and

8

the name and address of the investigator in charge of your care and treatment in the trial or study.

**RESPONSE:** Plaintiff objects to this interrogatory on the grounds that it is overly broad and vague. Without waiving said objection, Plaintiff states that there are none.

_____
ANTHONY WAYNE DEDRICK

SWORN to and SUBSCRIBED before me this the 14 day of June 2006.

_____
NOTARY PUBLIC
My Commission Expires: 8-25-2007

[SEAL]

Respectfully submitted this 15th day of June 2006.

_____
**ANDY BIRCHFIELD**
P. LEIGH O'DELL
Attorney for Plaintiff
***BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.***
234 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103
(334) 269-2343 telephone
(334) 954-7555 facsimile

**PLAINTIFFS' LIAISONCOUNSEL**

**Russ M. Herman** (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892

**PLAINTIFFS' LIAISON COUNSEL**

**Christopher A. Seeger**, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire
LEVIN, FISHBEIN, SEDRAN &
BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Carlene Rhodes Lewis, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE &
ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W.
Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

**PLAINTIFFS' STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. #8, on this 15th day of June 2006.

_____
G. Hugh O'Dell