MEDICAL ASSESSMENT OF ABILITY TO DO WORK-RELATED ACTIVITIES (PHYSICAL)

**TO:   Dr. Esmeraldo Diaz Herrera**

| NAME OF INDIVIDUAL | SOCIAL SECURITY NUMBER |
|---|---|
| Anthony W. Dedrick | #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 |

To determine this individual's ability to do <u>work-related activities on a day-to-day basis in a regular work setting</u>. Please give us an assessment — BASED ON YOUR EXAMINATION — of how the individual's physical capabilities are affected by the impairment(s).  Consider the medical history, the chronicity of findings (or lack thereof), and the expected duration of any work-related limitations, but not the individual's age, sex, or work experience.

For each activity shown below:

    (1)  <u>Check the appropriate block;</u>

    (2)  <u>Respond to the questions concerning the individual's ability to perform the activity;</u> and

    (3)  <u>Identify the particular medical findigs (i.e., physical exam findings, x-ray findings, lab test results, history symptoms (including pain), etc. which support your assessment of any limitations.</u>

        IT IS IMPORTANT THAT YOU RELATE PARTICULAR MEDICAL FINDINGS TO ANY ASSESSED REDUCTION IN CAPACITY: THE USEFULNESS OF YOUR ASSESSMENT DEPENDS ON THE EXTENT TO WHICH YOU DO THIS.

---

I.  Are LIFTING/CARRYING affected by impairment?        [ ] No    [ ✓ ] Yes

    If "Yes", how many pounds can the individual lift and/or carry?

    Maximum Occasionally
    (from very little up to 1/3 of an 8-hour day) [ |o ] Lbs.

    Maximum Frequently
    (from 1/3 to 2/3 of an 8-hour day)            [ |o ] Lbs.

    What are the medical findings that support this assessment?

---

II. Are STANDING/WALKING affected by impairment?     [ ] No    [ ✓ ] Yes

    If "Yes", how many hours in an 8-hour day can the individual stand and/or walk - total? [ _hrs_ ]   Without interruption? [ _< 1 hour_ ]

    What are the medical findings that support this assessment?

             _pts. lived ∞ MRI  neck dated  2002_

Exhibit Received
At Hearing   /0F

– 2 –

III. Is SITTING affected by the impairment?        [ · ] No    [ ✓ ] Yes

If "Yes", how many hours in an 8-hour day can the individual sit;
total? [ < than ]      Without interruption [ *less than one hour* ]

What are the medical findings that support this assessment?

*ple leet at mri neck 2002*

---

IV. How often can the individual perform the following POSTURAL activities?
(Use F – Frequently: from 1/3 to 2/3 of an 8-hour day)
(Use O – Occasionally: from very little to 1/3 of an 8-hour day)
(Use N – Never)

Climb [ N ]   Kneel [ N ]   Crouch [ N ]   Stoop [ O ]   Balance [ O ]   Crawl [ N ]

What are the medical findings that support this assessment?

---

V. Are the following PHYSICAL FUNCTIONS affected by the impairment?

Reaching:[ ✓ ] Yes [ ] No – Feeling:  [ ✓ ] Yes [ ] No – Seeing: [ ] Yes [ ✓ ] No
Handling:[ ] Yes [ ✓ ] No – Push/Pull:[ ] Yes [ ] No – Hearing:[ ] Yes [ ✓ ] No
                            Speaking: [ ] Yes [ ✓ ] No

A.  How are these physical functions affected?

*bulging disc & osteo cervical spine*

B.  What are the medical findings that support this assessment?

*mri neck 2002*

---

VI. Are there ENVIRONMENTAL RESTRICTIONS caused by the impairment?

Heights: [ ✓ ] Yes [ ] No – Moving Machinery: [ ✓ ] Yes [ ] No
Fumes:  [ ] Yes [ ✓ ] No – Temp. Extremes:  [ ] Yes [ ✓ ] No
Noise:  [ ] Yes [ ✓ ] No – Chemicals:       [ ] Yes [ ✓ ] No
Humidity:[ ] Yes [ ✓ ] No – Vibration:       [ ✓ ] Yes [ ] No
Dust:   [ ] Yes [ ✓ ] No – Other:           [ ] Yes [ ✓ ] No

A. How do the checked restrictions affect the individual's activities?

*bulging disc c/o c spine*

B. What are the medical findings that support this assessment?

*mri neck 2002*

– 3 –

VII. State any other work-related activities which are affected by the
     impairment(s), and indicate how the activities are affected.  What
     are the medical findings that support this assessment?




_____          8-30-04
(Physician's Signature)                  (Date)

DedrickA-SSAdmin-    00318

**PAIN QUESTIONNAIRE**

12 / 11 / 788 Goodson    EXT   5844

Please complete the following for your **primary area** of pain.  If you have a secondary or additional source of pain, please also complete the supplemental pain questio... pages 3 and 4.

FOR CLERICAL USE

ANTHONY W DEDRICK
APT 47 WILLOWBROOK DR
WAYNESBORO TN 38485

E3Ub8/

1.      Please describe the pain.

A.  When did it begin? _Summer of 1998_

B.  Where is it currently located? _Left Knee, BACK, Right ankle, chest_

C.  Has it changed in nature and/or location since it began?  If so, how has it changed? _The Left Knee and BACK has (Pain) has intensified the ankle & chest has just recently started after open heart surgery_

D.  Does it spread to other places?  If so, where? _the ankle + chest has started since open heart surgery in Jan 03_

E.  If not constant: How often does it occur? _IT is a constant pain, ~~sometimes~~ IT affects my everyday life drastically_

What brings it on? _standing, sitting, crouching, bending, stooping and laying flat_

How long does it last? _constantly_

2.      If pain medicine is taken, please answer the following for each medication:

| (A) Name of medication | (B) Amount currently taken | (C) How often taken | (D) How long used |
|---|---|---|---|
| Hydrocod APAP | 5 mg Tab | 1 per day | 3 months |
| Vioxx | 25 mg | 1 per day | 9 months |
| Neurontin | 60 mg | 1 per day | 1 month |

E.   Does the medicine relieve the pain?  How soon?  For how long?

_NO_

F.   Does it cause any side effects?  (If yes, what are they?) _Drowsiness, stomach problems, dry mouth_

**DDS-127**                              **Page 1**                              HS-21521 (7/13)

Exhibit # _16_

No _1_ of _4_

DedrickA-SSAdmin-          00319

LIST of medication

| | | |
|---|---|---|
| Singulair | 10 mg | 1 X DAY |
| Aspirin | 81 mg | 1 X Day |
| Valium | 5 mg | 1 X Day as needed |
| NEURONTIN | 800 mg | 3 X DAY |
| Avandamet | 1000 mg | 2 X DAY |
| PLAVIS | 75 mg | 1 X DAY |
| ALTOCOR | 60mg | 1 X DAY |
| ALTACE | 10 mg | 2 X DAY |
| ~~Dipredex~~ | | |
| ~~FLONASE~~ | ~~50 mg~~ | ~~2 X DAY~~ |
| ~~Lanoxin~~ | ~~.65 mg~~ | ~~1 X DAY~~ |

ALL DR HERRERA

DedrickA-SSAdmin-   00320

SECURITY ADMINISTRATION

Form Approved
OMB No. 0960-0437

## DISABILITY DETERMINATION AND TRANSMITTAL

| 1. DESTINATION | 2. DDS CODE | 3. FILING DATE | 4. SSN | BIC (if CDB or DWB CLAIM) |
|---|---|---|---|---|
| DDS ☐  ODO ☐  DPB ☐  DQB ☐  OIO ☐ | | 01/22/2003 | 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 | |

**5. NAME AND ADDRESS OF CLAIMANT (Include ZIP Code)**

Anthony W Dedrick
113B Spring Valley Apt
Waynesboro TN 38485

**6. WE'S NAME (IF CDB OR DWB CLAIM)**

**7. TYPE CLAIM (Title II)**

DIB ☒  FZ ☐  DWB ☐  CDB-R ☐  CDB-D ☐  RD-R ☐  RD-D ☐  RD ☐  P-R ☐  P-D ☐  MQFE ☐

**8. TYPE CLAIM (Title XVI)**

DI ☐   DS ☐   DC ☐   BI ☐   BS ☐   BC ☐

| 9. DATE OF BIRTH | 10. PRIOR ACTION | 11. REMARKS |
|---|---|---|
| 08/16/1955 | PD ☐   PT ☐ | |

**12. DISTRICT-BRANCH OFFICE ADDRESS (Include ZIP Code)**

109 E Taylor St
Lawrenceburg TN 38464

DO-BO CODE: B08

Concurrent TII/TXVI

| 13. DO-BO REPRESENTATIVE | 14. DATE | 11A. ☐ Presumptive Disability | 11B. ☐ Impairment |
|---|---|---|---|

### DETERMINATION PURSUANT TO THE SOCIAL SECURITY ACT, AS AMENDED

**15. CLAIMANT DISABLED**

A. Disability Began ☒  07/03/1999

B. Disability Ceased ☐

| 16A. PRIMARY DIAGNOSIS | BODY SYS. | CODE NO. | 16B. SECONDARY DIAGNOSIS | CODE NO. |
|---|---|---|---|---|
| | 01 | 7240 | | 4140 |

**17. DIARY TYPE** MRN   **MO./YR.** Dec/2008   **REASON** 3

Disorders of back

Chronic ischemic heart disease

**18. CASE OF BLINDNESS AS DEFINED IN SEC. 1614(a)(2)/216(i)**

A. ☐ Not Disab. for Cash Bene. Purp.   B. ☐ Disab. for Cash Benefit Purp. Beg.

**19. CLAIMANT NOT DISABLED**
Through Date of
A. ☐ Current Determination   B. ☐ Through _____   C. ☐ Before Age 22 (CDB only)

**20. VOCATIONAL BACKGROUND**   CCC YRS. ___   ED YRS. 13

**21. VR ACTION**
SC IN  A. ☐   SC OUT  B. ☐   Prev Ref  C. ☐

| 22. REG-BASIS CODE | 23. MED LIST NO. | 24. MOB CODE | 25. REVISED  DET ☒ | 25A. Initial A. ☐ | Recon B. ☐ | Recon DHU C. ☐ | ALJ Hearing D. ☒ | Appeals Council E. ☐ | U.S. District Court F. ☐ |
|---|---|---|---|---|---|---|---|---|---|

**26. LIST NO.** A. ▶   B.   C.   D.   E.   F.

**27. RATIONALE**   ☐ See Attached SSA-4268-U4/C4   ☐ Check if Vocational Rule Met. Cite Rule ▶

**28.**
A. ☒ Period of Disability   B. ☐ Disability Period   C. ☒ Estab Beg 07/03/1999   AND D. ☒ Continues   E. ☐ Term

| 29. LTR/PAR NO. | 30. DISABILITY EXAMINER-DDS | 31. DATE | 32. PHYSICIAN OR MEDICAL SPEC. SIGNATURE | 33. DATE |
|---|---|---|---|---|
| | 32A. PHYSICIAN OR MEDICAL SPEC. NAME (Stamp, Print or Type) | | | 32B. SPEC. CODE |

**34. REMARKS**

This revises prior determination dated 10/16/03.
Decision of ALJ Sheldon P Zisook on 11/08/2005.

Atty rep

**MULTIPLE IMPAIRMENTS CONSIDERED**

34A. COMBINED MULTIPLE NONSEVERE-SEVERE

34B. COMBINED MULTIPLE NONSEVERE-NONSEVERE

| 35. BASIS CODE | 36. REV. DET. CODES  D5 | 37. SSA REPRESENTATIVE  CM. Fowler/sb | SSA CODE  7 | 38. DATE  12/08/2005 |
|---|---|---|---|---|

Form SSA-831 C3/U3 (12-2001)  ef (10-2004)

Electronic Input ☐   DECISION ☐   CASE CONTROL ☐

DedrickA-SSAdmin-   00336

## PLEASE COMPLETE THIS FORM

## FOR REFERENCES, WE PREFER ONE FAMILY MEMBER AND ONE NON-FAMILY MEMBER(FRIEND, PASTOR, ETC)

## PLEASE *DO NOT* LIST MEDICAL SOURCES ON THIS PAGE

### THIRD PARTY CONTACTS

Claimant's Name  *Anthony W Derrick*            SSN *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*

I HEREBY AUTHORIZE THE SSA/DISABILITY DETERMINATION SERVICE TO CONTACT THE PERSONS LISTED BELOW TO OBTAIN INFORMATION WHICH IS TO BE USED IN CONNECTION WITH MY CLAIM.

Contacts

1. Name  *Phil Dedrick*          Relationship to you *BROTHER*
   Street Address  *305  Mindy Drive*
   City & State  *Waynesboro, TN*     ZIP CODE  *38485*
   Telephone Number ( *931* ) *722   7716*

2. Name  *Johnny Perry*          Relationship to you *FRIEND*
   Street Address  *108 Simmons Branch Rd*
   City & State  *Waynesboro  TN*     ZIP CODE *38485*
   Telephone Number ( *931* ) *722  6258*

A. My most recent employer was  *Ground Improvement Technology*
   Employer's Street Address _____
   City, State, & ZIP CODE _____  *, PA*
   Telephone Number (with area code) ( ____ ) _____

B. IF AN EXAMINATION IS NEEDED AT GOVERNMENT EXPENSE TO DETERMINE IF YOU ARE DISABLED, DO YOU AGREE TO GO?     YES  *✓*     NO _____

C. IF SEIZURES ARE ALLEGED, LIST PHARMACY INFORMATION:
   Pharmacy Name  *NA*
   Street Address  *NA*
   City, State, ZIP CODE  *NA*
   SEIZURE medication taken  *NA*
   Prescription Number (If known)  *NA*

SIGNATURE OF CLAIMANT *Anthony W Derrick*          DATE  *29 Jan 03*

*** FRC 2003038  114440 H77803E0 DD45  CIPCMAG   PCAG   (F-DD4 ) ***

February 7, 2003, 11:44
PAGE    1

NH 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

SG-SSA-16

: UNIT: _mDjc_         :
:                      :
:   _2/18/03_          :
:                      :
:                      :
:                      :

APPLICATION FOR DISABILITY INSURANCE BENEFITS

I APPLY FOR A PERIOD OF DISABILITY AND/OR ALL INSURANCE BENEFITS FOR WHICH I AM
ELIGIBLE UNDER TITLE II AND PART A OF TITLE XVIII OF THE SOCIAL SECURITY ACT,
AS PRESENTLY AMENDED.

MY NAME IS ANTHONY W DEDRICK.

MY SOCIAL SECURITY NUMBER IS 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.

MY DATE OF BIRTH IS August 16, 1955.

I AM A CITIZEN OF THE UNITED STATES.

I BECAME UNABLE TO WORK BECAUSE OF MY DISABLING CONDITION ON July 3, 1999.

I AM STILL DISABLED.

NO PREVIOUS APPLICATION HAS BEEN FILED WITH THE SOCIAL SECURITY ADMINISTRATION
BY OR FOR ME.

MY U.S. MILITARY SERVICE DATES ARE AS FOLLOWS:

        START DATE          END DATE
        September 1, 1972    September 1, 1991

I HAVE NOT FILED NOR DO I INTEND TO FILE FOR ANY WORKERS' COMPENSATION, PUBLIC
DISABILITY OR BLACK LUNG BENEFITS.

I AM NOT ENTITLED TO NOR DO I EXPECT TO BECOME ENTITLED TO A PENSION OR ANNUITY
BASED IN WHOLE OR IN PART ON WORK AFTER 1956 NOT COVERED BY SOCIAL SECURITY.

I AM NOT MARRIED NOW.

I WAS PREVIOUSLY MARRIED TO ~~JOYCE~~ _DORIS_ A DEDRICK ON May 1, 1984 IN _Wayne County_ * BY A
CLERGYMAN OR PUBLIC OFFICIAL. THE MARRIAGE ENDED BY DIVORCE ON August 1, 1987
IN _Lawrence County_ * MY FORMER SPOUSE'S AGE OR DATE OF BIRTH IS 049.

February 7, 2003, 11:44
PAGE    3

SG-SSA-16

NH 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

BENEFITS TO A STEPCHILD TERMINATE THE MONTH AFTER THE MONTH THE WORKER AND THE
STEPCHILD'S PARENT OBTAIN A FINAL DIVORCE. THEREFORE, IF A STEPCHILD BECOMES
ENTITLED ON MY RECORD, I AGREE TO NOTIFY SSA IF THE STEPCHILD'S PARENT AND I
SUBSEQUENTLY DIVORCE.

MY REPORTING RESPONSIBILITIES HAVE BEEN EXPLAINED TO ME.

REMARKS:
I HAVE REVIEWED MY EARNINGS RECORD AND IT IS CORRECT AS POSTED. I GOT OUT
OF THE NATIONAL GUARD IN 1996

I KNOW THAT ANYONE WHO MAKES OR CAUSES TO BE MADE A FALSE STATEMENT OR
REPRESENTATION OF MATERIAL FACT IN AN APPLICATION OR FOR USE IN DETERMINING A
RIGHT TO PAYMENT UNDER THE SOCIAL SECURITY ACT COMMITS A CRIME PUNISHABLE UNDER
FEDERAL LAW BY FINE, IMPRISONMENT OR BOTH. I AFFIRM THAT ALL INFORMATION I HAVE
GIVEN IN CONNECTION WITH THIS CLAIM IS TRUE.

MY MAILING ADDRESS IS APT 47
                        WILLOWBROOK DR
                        WAYNESBORO TN 38485

MY TELEPHONE NUMBER IS ( 931) 722-6902.

SIGNATURE _____              DATE 9 /26 03

WITNESSES ARE REQUIRED ONLY IF THIS APPLICATION HAS BEEN SIGNED BY MARK (X)
ABOVE. IF SIGNED BY (X), TWO WITNESSES TO THE SIGNING WHO KNOW THE APPLICANT
MUST SIGN BELOW, GIVING THEIR FULL ADDRESSES.

SIGNATURE OF WITNESS _____              SIGNATURE OF WITNESS _____

NUMBER AND STREET ADDRESS _____         NUMBER AND STREET ADDRESS _____

CITY, STATE AND ZIP CODE _____          CITY, STATE AND ZIP CODE _____

01220521981<u>3</u>

SOCIAL SECURITY ADMINISTRATION

Form Approved
OMB No. 0960-0579

## DISABILITY REPORT
## ADULT

| For SSA Use Only |
| --- |
| Do not write in this box. |
| Related SSN _____ |
| Number Holder _____ |

## SECTION 1- INFORMATION ABOUT THE DISABLED PERSON

**A. NAME** *(First, Middle Initial, Last)*

Anthony W. Dedrick

**B. SOCIAL SECURITY NUMBER**

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

**C. DAYTIME TELEPHONE NUMBER** *(If you have no number where you can be reached, give us a daytime number where we can leave a message for you.)*

931  722  6902
Area Code  Number

[✓] Your Number   [ ] Message Number   [ ] None

**D.** Give the name of a **friend or relative that we can contact** (other than your doctors) **who knows about your illnesses, injuries or conditions** and can help you with your claim.

NAME  Phil Dedrick          RELATIONSHIP  Brother

ADDRESS  305 Mindy Drive
*(Number, Street, Apt. No.(If any), P.O. Box, or Rural Route)*

Waynesboro   TN   38485      DAYTIME  931  722  7716
City        State   ZIP        PHONE   Area Code   Number

**E.** What is your height without shoes?   5 feet  11 inches

**F.** What is your weight without shoes?   200 pounds

**G.** Do you have a medical assistance card? (For Example, Medicaid or Medi-Cal)   [✓] YES  [ ] NO   If "YES," show the number here: ZE COD C4 1398014401 /600 797

**H.** Can you speak English?  [✓] YES  [ ] NO   If "NO," what languages can you speak?  NA  NA

If you cannot speak English, give us the name of someone we may contact who speaks English and will give you messages. *(If this is the same person as in "D" above show "SAME" here.)*

NAME  NA          RELATIONSHIP  NA

ADDRESS  NA
*(Number, Street, Apt. No.(If any), P.O. Box, or Rural Route)*

NA                   DAYTIME  NA    NA
City   State   ZIP    PHONE   Area Code   Number

**I.** Can you read English?  [✓] YES  [ ] NO   **J.** Can you write more than your name in English?  [✓] YES  [ ] NO

Exhibit # ___ PAGE 1

No 1 of 10

DedrickA-SSAdmin-   00340

## SECTION 3 - INFORMATION ABOUT YOUR WORK

**A. List the jobs that you have had in the last 15 years that you worked.**

| JOB TITLE (Example: Cook) | TYPE OF BUSINESS (Example: Restaurant) | DATES WORKED (month & year) From | DATES WORKED (month & year) To | HOURS PER DAY | DAYS PER WEEK | RATE OF PAY (Per hour, day, week, month or year) |
|---|---|---|---|---|---|---|
| Track hole operator | construction | Jun 97 | July 98 | 12 | 7 | $ 12 00 |
| Rock Truck oper | construction | May 93 | Jul 96 | 10 | 6 | $ 10 00 |
| Fuel handler | Army | Sep 91 | may 92 | 24 | 7 | $ 24000 00 |
| Carpenter | construction | Jun 86 | Sep 91 | 8 | 7 | $ 7 00 |
| | | | | | | $ |
| | | | | | | $ |
| | | | | | | $ |

**B. Describe the job above that you did the longest. (What did you do all day in this job?)**

operator of heavy Equipment , operated LARGE off Road Trucks and Track holes , hooked heavy chains, loaded Trucks

**C. In this job, did you:**

| | | YES | NO |
|---|---|---|---|
| Use machines, tools or equipment? | | ☑ YES | ☐ NO |
| Use technical knowledge or skills? | | ☑ YES | ☐ NO |
| Do any writing, complete reports, or perform any duties like this? | | ☐ YES | ☑ NO |
| Did you supervise other people? | | ☐ YES | ☑ NO |
| If "YES," was this your main duty? | | ☐ YES | ☐ NO |

**D. In this job, how many total hours each day did you:**

| | | | |
|---|---|---|---|
| Walk? | ½ | Kneel? (Bend legs to rest on knees.) | ½ |
| Stand? | 2 | Crouch? (Bend legs & back down & forward.) | ½ |
| Sit? | 7 | Crawl? (Move on hands & knees.) | NA |
| Climb? | 1 | Handle, grab or grasp big objects? | ½ |
| Stoop? (Bend down and forward at waist.) ____ | | Write, type or handle small objects? | NA |

**E. Lifting and Carrying** (Explain what you lifted, how far you carried it, and how often you did this.)

Lifted heavy chains, hooks, and block Tackle to hooked The to heavy equipment To pull, push, and load material

**F. Check heaviest weight lifted:**

☐ Less than 10 lbs   ☐ 10 lbs   ☐ 20 lbs   ☑ 50 lbs   ☐ 100 lbs. or more   ☐ Other ____

**G. Check weight frequently lifted:** (By frequently, we mean from 1/3 to 2/3 of the workday.)

☐ Less than 10 lbs   ☐ 10 lbs   ☑ 25 lbs   ☐ 50 lbs. or more   ☐ Other ____

DedrickA-SSAdmin-   00341

## SECTION 4-INFORMATION ABOUT YOUR MEDICAL RECORDS

### DOCTOR/HMO/THERAPIST

3. **NAME** DR McCombs

| | DATES |
|---|---|
| **STREET ADRESS** Don't Know | **FIRST VISIT** 1997 |
| **CITY** Columbia  **STATE** TN  **ZIP** Don't Know | **LAST SEEN** 1997 |
| **PHONE** Don't Know  **CHART/HMO #** Don't Know | **NEXT APPOINTMENT** None |
| Area Code   Phone Number | |

**REASONS FOR VISITS** Referred For Back Pain

**WHAT TREATMENT WAS RECEIVED?** medication , surgery suggested

If you need more space, use Remarks, Section 9.

E. **List each HOSPITAL/CLINIC. Include your next appointment.**

| HOSPITAL/CLINIC | TYPE OF VISIT | DATES | |
|---|---|---|---|
| **NAME** 760th DR  ST Thomas Coltharp | ☐ **INPATIENT STAYS** (Stayed at least overnight) | **DATE IN** 7 Jan 03 | **DATE OUT** 18 Jan 03 |
| **STREET ADDRESS** 4320 Harding Rd  Suite 450 | ☐ **OUTPATIENT VISITS** (Sent home same day) | **DATE FIRST VISIT** Feb 14, 03 | **DATE LAST VISIT** |
| **CITY** Nashville  **STATE** TN  **ZIP** 37205 | | **DATES OF VISITS** | |
| **PHONE** 615  385  4781 | ☐ **EMERGENCY ROOM VISITS** | 7 Jan 03 | |
| Area Code   Phone Number | | | |

Next appointment Feb 14  03   Your hospital/clinic number 615 385  4781

Reasons for visits: Follow up to open heart surgery 4 By pess

What treatment did you receive? medications + 4 By passes

What doctors do you see at this hospital/clinic on a regular basis? 

DR Coltharp

DedrickA-SSAdmin-   00342

## SECTION 5 - MEDICATIONS

Do you currently take any **medications** for your illnesses, injuries or conditions?  ☐ YES

If "YES," please tell us the following: *(Look at your medicine bottles, if necessary.)*  ☐ NO

| NAME OF MEDICINE | IF PRESCRIBED, GIVE NAME OF DOCTOR | REASON FOR MEDICINE | SIDE EFFECTS YOU HAVE |
|---|---|---|---|
| Caphalexin | Herrera | Heart | |
| Potassium CL | Calthap | Heart | |
| Glucophaye | Herrera | Diabitic | Diarriag |
| wellbutrin sR | Herrera | Heart stop smokin | no taste |
| Lasix | Calthap | circulation | |

*If you need more space, use Remarks, Section 9.*

## SECTION 6 - TESTS

Have you had, or will you have, any **medical tests** for your illnesses, injuries or conditions?

☑ YES  ☐ NO    If "YES," please tell us the following: *(Give approximate dates, if necessary.)*

| KIND OF TEST | WHEN DONE OR WHEN IT WILL BE DONE (Month, day, year) | WHERE DONE (Name of Facility) | WHO SENT YOU FOR THIS TEST? |
|---|---|---|---|
| EKG (HEART TEST) | Jan 7, 03 | ST Thomas | DR McPherson |
| TREADMILL (EXERCISE TEST) | Jan 13, 03 | ST Thomas | DR Calthap |
| CARDIAC CATHETERIZATION | Jan 8, 03 | ST Thomas | DR Calthap |
| BIOPSY—Name of body part | | | |
| HEARING TEST | 1997 | VA Nashville | |
| VISION TEST | 1994 | TN National Guard | |
| IQ TESTING | | | |
| EEG (BRAIN WAVE TEST) | | | |
| HIV TEST | 1999 | TN Dept of CoRR | |
| BLOOD TEST (NOT HIV) | Jan 2003 | ST Thomas | DR Calthap |
| BREATHING TEST | Jan 2003 | ST Thomas | DR Calthap |
| X-RAY—Name of body part Knee Back | Jan 2003 | Wayne Medical | DR Herrera |
| MRI/CT SCAN Name of body part Knee Back | Jan 2003 | Muary Regional | DR Herrera |

*If you have had other tests, list them in Remarks, Section 9.*

DedrickA-SSAdmin-    00343

## SECTION 9 - REMARKS

Use this section for any added information you did not show in earlier parts of the form. When you are done with this section (or if you don't have anything to add), be sure to go to the next page and complete the signature block.

Section 4d

Various Doctors in the STATE of Tennessee
Prison System. 1999-2002 TREATED FOR Diabetics, high blood,
Back pain, mouth surgery, Arthritis.

Section 4d.

Dr Mcpherson, ST Thomas Hospital, Jan 2003,
Heart attack, 615 565-650
              Handing ST Bldg
              Suite 350
              Nashville, TN 37285

Sect 4 E   Vanderbilt inpatient 1988, 1997, car wrecks
           Inpatient, various injuries,

Sect 5, meds

| Glyburide | DR Herrera | Diabetics | Diarria |
| Hydrozone | DR Herrera | Back pain | Drowsy |
| Zy Tec | DR Herrera | allergics | Drowsy |
| Altocor | DR Herrera | heart | |
| Vioxx | DR Herrera | Arthistis | |
| aspirin | DR Cottman P | heart | |
| Diltiszem | DR Herrera | high Blood | dry mouth, headaches |
| Flonsze | DR Herrera | allergics | |

DedrickA-SSAdmin-    00344

OMB No. 0960-0315

## CLAIMANT'S STATEMENT WHEN REQUEST FOR HEARING IS FILED AND THE ISSUE IS DISABILITY

Print, type or write clearly and answer all questions to the best of your ability. Complete answers will aid in processing the claim. IF ADDITIONAL SPACE IS NEEDED, ATTACH A SEPARATE STATEMENT TO THIS FORM.

CLAIMANT'S NAME
Anthony W Dedrick

WAGE EARNER (Leave blank if name is the same as the claimant's)

SOCIAL SECURITY NUMBER
413 98 0144

SOCIAL SECURITY NUMBER

PRIVACY ACT AND PAPERWORK ACT NOTICE: The Social Security Act (section 205(a), 702, 1631(e)(1)(A) and (B), and 1869(b)(1) and (c), as appropriate authorized the collection of information on this form. We will use the information on your recent activities, condition, medical treatment, and medications to help us decide if we need to obtain more information. You do not have to give it, but if you do not you may not receive benefits under the Social Security Act. We may give out the information on this form without your written consent if we need to get more information to decide if you are eligible for benefits or if a Federal law requires us to do so. Specifically, we may provide information to another Federal, State, or local government agency which is deciding your eligibility for a government benefit or program; to the President or a Congressman inquiring on your behalf; to an independent party who needs statistical information for a research paper or audit report on a Social Security program; or to the Department of Justice to represent the Federal Government in a court suit related to a program administered by the Social

We may also use the information you give us when we match records by computer. Matching programs compare our records with those of other Federal, State, or local government agencies. Many agencies may use matching programs to find or prove that a person qualifies for benefits paid by the Federal government. The law allows us to do this even if you do not agree to it.

Explanations about these and other reasons why information you provide us may be used or given out are available in Social Security offices. If you want to learn more about this, contact any Social Security office.

PAPERWORK REDUCTION ACT: This information collection meets the clearance requirements of 44 U.S.C. 35O7, as amended by section 2 of the Paperwork Reduction Act of 1995. You are not required to answer these questions unless we display a valid Office of Management and Budget control number. We estimate that it will take you about 20 minutes to read the instructions, gather the necessary facts, and answer the questions.

1. Have you worked since _____, the date your request for reconsideration was filed? *(If yes, describe the nature and extent of work.)* ⟶ ☐ Yes ☑ No

2. Has there been any change in your condition since the above date? *(If yes, describe the change.)* ☑ Yes ☐ No

arthritis & allergies, ~~and numbness~~ is worse And I have more numbness in legs & feet

3. Have your daily activities and/or social functioning changed since the above date? *(If yes, describe the changes.)* ☑ Yes ☐ No

I sit around almost constantly because I hurt when I stand or walk

4a. Have you been treated or examined by a physician (other than as a patient in a hospital) since the above date? *(If yes, complete the following.)* ☑ Yes ☐ No

NAME OF PHYSICIAN
Dr Esmerelda Herrera

ADDRESS (Include ZIP code)
Hospital Hill
Hwy 64E
Waynesboro TN 38485

AREA CODE AND TELEPHONE NUMBER
931 722-5852

HOW OFTEN DO YOU SEE THIS PHYSICIAN
at least once per month

DATES YOU SAW THIS PHYSICIAN
Feb. Every month

REASON FOR VISIT
Refill medication, depression, quit smoking help

Exhibit # 8E

TYPE OF TREATMENT RECEIVED *(include drugs, surgery, tests)*
Valium 5mg x1 wellbutrin 150mg x2

No. 1 of 2

Form HA-4486 (4-94) Issue old stock    EF-FF (9-96)



9466834717

**STATE OF TENNESSEE**
**DEPARTMENT OF HUMAN SERVICES**

PHONE (615) 313-5844
TTY 1-(877) 210-0008              **DISABILITY DETERMINATION SECTION**      Vendor # 621605071-00
TOLL FREE 1-800-342-1117 (TN)            P.O. BOX 775                              Voucher # 5650078
or 1-800-972-0617 (OUTSIDE TN)    NASHVILLE, TENNESSEE 37202                      TDN # 9466834717
EXT. 5844                         Effective March 04, 2003                  FAX 1-(800) 356-2106

                                                      **PAYMENT TO BE MADE TO:**

WAYNE MEDICAL CENTER                              WAYNE MEDICAL CENTER
P O BOX 580                                       P O BOX 580
WAYNESBORO TN 38485                               WAYNESBORO TN 38485

MEDICAL RECORDS                      IF PAYMENT INFORMATION IS CORRECT, CHECK
                                     HERE _____ IF NOT, PLEASE CORRECT ABOVE.
NAME: ANTHONY W DEDRICK               **APPROVAL FOR PAYMENT CANNOT BE AUTHORIZED
AKA:                                 BY FISCAL SERVICES UNLESS PROVIDER IRS #
                                     AND VENDOR INFORMATION IS COMPLETED.

PROVIDER ACCEPTANCE AND CLAIM FOR PAYMENT     SSN: 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        DOB: 08/16/55

Provider acceptance of this authorization signifies:
Full compliance with Title VI of the Civil Rights Act of 1964, that no person shall be excluded from
participation in, be denied benefits of, or be otherwise subjected to discrimination in the performance of
this Contract or in the employment practices of the Provider on the grounds of handicap and/or disability,
age, race, color, religion, sex, national origin, or any other classification protected by Federal, Tennessee
State constitutional, or statutory law. The Provider shall, upon request, show proof of such nondiscrimination.

That the Provider warrants that no part of the total Contract Amount shall be paid directly or indirectly to
an employee or official of the State of Tennessee as wages, compensation, or gifts in exchange for acting as
an officer, agent, employee, subcontractor, or consultant to the Provider in connection with any work
contemplated or performed relative to this Authorization.

The State may terminate this purchase without cause for any reason, and such termination shall not be deemed
a breach of contract by the State.

The Provider agrees to indemnify and hold harmless the State of Tennessee as well as its officers, agents, and
employees from and against any and all claims, liabilities, losses, and causes of action which may arise,
accrue, or result to any person, firm, corporation, or other entity which may be injured or damaged as a
result of acts, omissions, or negligence on the part of the Provider, its employees, or any person acting for
or on its or their behalf relating to this purchase. The Provider further agrees it shall be liable for the
reasonable cost of attorneys for the State in the event such service is necessitated to enforce the terms of
this purchase or otherwise enforce the obligations of the Provider to the State.

That activities and records pursuant to this Authorization shall be subject to monitoring and evaluation by
the State, the Comptroller of the Treasury, or their duly appointed representatives.

That the State is not responsible for the payment of services rendered without specific, written authorization.

That the Provider will submit an invoice in form and substance acceptable to the State to effect payment.
(See Below)


                         PROVIDER ACCEPTANCE AND CLAIM FOR PAYMENT:

Medical Evidence of Record, certified as provided to DDS...................... 20.00

PROVIDER SIGNATURE _Mrs. Skelton_       Date _3/10/03_  Amount Billed $_20.00_

**IRS # REQUIRED FOR PAYMENT**  IRS # _62-1605071_      PHONE # _931-722-5411_

_____

DDS Approved:_____        Date_____    Amount Approved $_____

Allotment Code 345.71          Cost Center 53           Pursuant To DPA # 03-01905-00

Michael Goodson/788/MAG 12 - 11             Voucher # 5650078
                                                         Exhibit # DDS 24

        _(illegible)_    Page:  2                          No. 1 of 15

                                                      DedrickA-SSAdmin-   00346



9470607367

**STATE OF TENNESSEE**
**DEPARTMENT OF HUMAN SERVICES**
DISABILITY DETERMINATION SECTION
P.O. BOX 775
NASHVILLE, TENNESSEE 37202
Effective July 24, 2003

PHONE (615) 313-5173
TTY 1-(877) 210-0008
TOLL FREE 1-800-342-1117 (TN)
or 1-800-972-0617 (OUTSIDE TN)
EXT. 5173

Vendor # 621599222-00
Voucher # 5861108
TDN # 9470607367
FAX 1-(615) 313-6602

**PAYMENT TO BE MADE TO:

ESMERALDO HERRERA MD
P O BOX 1059
WAYNESBORO TN 38485

ESMERALDO HERRERA MD
P O BOX 1059
WAYNESBORO TN 38485

DR HERRERA

NAME: ANTHONY W DEDRICK
AKA:

IF PAYMENT INFORMATION IS CORRECT, CHECK
HERE __X__ IF NOT, PLEASE CORRECT ABOVE.
**APPROVAL FOR PAYMENT CANNOT BE AUTHORIZED
BY FISCAL SERVICES UNLESS PROVIDER IRS #
AND VENDOR INFORMATION IS COMPLETED.

PROVIDER ACCEPTANCE AND CLAIM FOR PAYMENT            SSN: 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        DOB: 08/16/55

Provider acceptance of this authorization signifies:
Full compliance with Title VI of the Civil Rights Act of 1964, that no person shall be excluded from
participation in, be denied benefits of, or be otherwise subjected to discrimination in the performance of
this Contract or in the employment practices of the Provider on the grounds of handicap and/or disability,
age, race, color, religion, sex, national origin, or any other classification protected by Federal, Tennessee
State constitutional, or statutory law. The Provider shall, upon request, show proof of such nondiscrimination.

That the Provider warrants that no part of the total Contract Amount shall be paid directly or indirectly to
an employee or official of the State of Tennessee as wages, compensation, or gifts in exchange for acting as
an officer, agent, employee, subcontractor, or consultant to the Provider in connection with any work
contemplated or performed relative to this Authorization.

The State may terminate this purchase without cause for any reason, and such termination shall not be deemed
a breach of contract by the State.

The Provider agrees to indemnify and hold harmless the State of Tennessee as well as its officers, agents, and
employees from and against any and all claims, liabilities, losses, and causes of action which may arise,
accrue, or result to any person, firm, corporation, or other entity which may be injured or damaged as a
result of acts, omissions, or negligence on the part of the Provider, its employees, or any person acting for
or on its or their behalf relating to this purchase. The Provider further agrees it shall be liable for the
reasonable cost of attorneys for the State in the event such service is necessitated to enforce the terms of
this purchase or otherwise enforce the obligations of the Provider to the State.

That activities and records pursuant to this Authorization shall be subject to monitoring and evaluation by
the State, the Comptroller of the Treasury, or their duly appointed representatives.

That the State is not responsible for the payment of services rendered without specific, written authorization.

That the Provider will submit an invoice in form and substance acceptable to the State to effect payment.
(See Below)

PROVIDER ACCEPTANCE AND CLAIM FOR PAYMENT:
Medical Evidence of Record, certified as provided to DDS...................... 20.00

PROVIDER SIGNATURE _Tana Simmons_   Date _07-31-03_ Amount Billed $_20.⁰⁰_

**IRS # REQUIRED FOR PAYMENT** IRS # _62-1599222_ _____ PHONE # _931-722-5452_

If needed, would you examine this patient at government expense? ____Yes __X__No

Signature_____ Date_____

DDS Approved:_____Date_____ Amount Approved $_____

Allotment Code 345.71        Cost Center 53        Pursuant To DPA # 04-02018-00

Voucher # 5861108        Exhibit #

James Stewart/847/BAG        Page 2        No. 1 of 46



9466834806

## STATE OF TENNESSEE
## DEPARTMENT OF HUMAN SERVICES

PHONE (615) 313-5844
TTY 1-(877) 210-0008
TOLL FREE 1-800-342-1117 (TN)
or 1-800-972-0617 (OUTSIDE TN)
EXT. 5844

## DISABILITY DETERMINATION SECTION
P.O. BOX 775
NASHVILLE, TENNESSEE 37202
Effective March 04, 2003

Vendor # 626001445-6R
Voucher #
        TDN # 9466834806
FAX 1-(800) 356-2106

TN DEPT OF CORRECTIONS
NASHVILLE REGIONAL PAROLE
503 JAMES ROBERTSON PKWY
NASHVILLE TN 37219

PAY TO: TN DEPT OF CORRECTIONS
        NASHVILLE REGIONAL PAROLE
        503 JAMES ROBERTSON PKWY
        NASHVILLE TN 37219

MEDICAL RECORDS

NAME: ANTHONY W DEDRICK    #227853    SSN: 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    DOB: 08/16/55
AKA:

The above individual has applied for disability benefits and has listed your facility
as a source of medical information. For your records we will pay $. WE NEED COPIES
OF ALL MEDICAL RECORDS INCLUDED IN THE DATES LISTED BELOW:

A)  In-Patient    ALL RECORDS
B)  Out-Patient   ALL RECORDS
C)

If chart is incomplete, please send interim reports.

Please provide a statement in your report or on a separate sheet about what the
patient can still do despite his/her impairment(s). This description of functional
ability should be based on your medical findings and should cover your patient's
ability to do work-related activities such as sitting, standing, walking, lifting,
carrying, handling objects, hearing, speaking, and traveling. In cases involving a
mental impairment it should address the patient's capacity for understanding and
memory, sustained concentration and persistence, social interaction, and adaptation.
If the patient is a child, please indicate whether his/her impairment(s) results in
any functional limitations.

***** TO PROVIDER:  SEE BACK PAGE FOR ACCEPTANCE/PAYMENT INFORMATION *****

TO OBTAIN PAYMENT, COMPLETE THE INFORMATION REQUESTED, INCLUDING SIGNATURE, AND
FAX/MAIL PAGE TWO (2) WITH YOUR REPORT AND MEDICAL OR FUNCTIONAL ASSESSMENT WITHIN 14
DAYS.  NOTE: PAYMENT WILL NOT BE PROCESSED ON BILLS MORE THAN SIX MONTHS AFTER DATE
OF REQUEST.

AUTHORIZATION: _____ Michael Goodson, Disability Examiner

Michael Goodson/788/MAG 12 - 11              Voucher #              DDS 24

Enclosure(s):

Exhibit # ___
No. __ of 248

**SOCIAL SECURITY ADMINISTRATION**
OFFICE OF HEARINGS AND APPEALS

**ORDER OF APPEALS COUNCIL**

REMANDING CASE TO ADMINISTRATIVE LAW JUDGE

| | |
|---|---|
| **In the case of** | **Claim for** |
| | Period of Disability and |
| | Disability Insurance Benefits |
| ANTHONY W. DEDRICK | Supplemental Security Income |
| (Claimant) | |
| | 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 |
| (Wage Earner) (Leave Blank if same as above) | (Social Security Number) |

The Administrative Law Judge issued a decision on November 12, 2004. The claimant has asked the Appeals Council to review this decision.

The Appeals Council grants the request for review under the substantial evidence and error of law provisions of the Social Security Administration regulations (20 CFR 404.970 and 416.1470). Under the authority of 20 CFR 404.977 and 416.1477, the Appeals Council vacates the hearing decision and remands this case to an Administrative Law Judge for resolution of the following issue:

- The decision indicates that the claimant has a medically determinable impairment resulting in significant exertional limitations in light work with a sit/stand option. There is no vocational evidence in the record regarding the extent to which the claimant's limitations erode the occupational base for light work. The Administrative Law Judge used the framework of the rule to find the claimant not disabled. The Administrative Law Judge concluded that the claimant's need for a sit/stand option did not significantly compromise the claimant's occupational base. Social Security Ruling 83-12 provides guidance in cases were a sit/stand option is needed. This Ruling indicates the requirement for a sit/stand option does not accommodate the prolonged standing contemplated in light work. It goes on to state that unskilled jobs "...are particularly structured so that a person cannot ordinarily sit it stand at will". This ruling directs that a vocational expert be consulted in order to clarify the implications to the claimant's occupational base. Thus, the Appeals Council concludes that testimony from a vocational expert is required in this case.

Upon remand the Administrative Law Judge will:

- Give further consideration to the claimant's maximum residual functional capacity and

Exhibit # _____ 2A
No. ____ 1 of 2

ANTHONY W. DEDRICK (4⎯98-0144)                               Page 2 of 2

provide appropriate rationale with specific references to evidence of record in support of the assessed limitations (20 CFR 404.1545 and 416.945 and Social Security Ruling 96-8p).

- Obtain evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base (Social Security Rulings 83-12, 83-14 and 96-9p). The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole. The Administrative Law Judge will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy (20 CFR 404.1566 and 416.966). Further, before relying on the vocational expert evidence the Administrative Law Judge will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p).

In compliance with the above, the Administrative Law Judge will offer the claimant an opportunity for a hearing, take any further action needed to complete the administrative record and issue a new decision.

APPEALS COUNCIL

Barbara J. Johnson
Administrative Appeals Judge

Linda B. Kalet
Administrative Appeals Judge

Date:  APR 1 4 2005

## LIST OF EXHIBITS

**Claimant:** Anthony W. Dedrick        **SSN:** 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

| Exh. No. | Part No. | Description | No. of Pages |
|---|---|---|---|

### EXHIBITS ADMITTED IN CONNECTION WITH APPEALS COUNCIL REMAND

#### PAYMENT DOCUMENTS/DECISIONS

| 1 | A | ALJ's decision dated 11/12/2004 | 13 |
| 2 | A | Order of Appeals Council dated 04/14/2005 | 2 |

#### JURISDICTIONAL DOCUMENTS/NOTICES

| 1 | B | Request for Review of Hearing decision/Order filed 12/13/04 | 2 |
| 2 | B | BRIEF IN SUPPORT OF REQUEST FOR RECONSIDERATION BY ATTORNEY | 4 |
| 3 | B | Letter of Acknowledgement of Request for Hearing dated 05/16/05 | 2 |

#### NON-DISABILITY DEVELOPMENT

| 1 | D | Detailed Earnings Query, dated 05/27/05 | 1 |

#### MEDICAL RECORDS

#### RECEIVED DURING HEARING

## LIST OF EXHIBITS

**Claimant:**   Anthony W. Dedrick                                    **SSN:**      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

| Exh. No. | Part No. | Description | No. of Pages |
|----------|----------|-------------|--------------|
| 5 | F | Consultative Examination dated 5/16/03 by Darrel R. Rinehart, M.D. | 3 |
| 6 | F | RFC - Residual Functional Capacity Assessment - Physical (completed by DDS physician) dated 5/20/03 | 8 |
| 7 | F | Medical Records covering the period from 2/10/98 to 6/25/03 from Veteran's Affairs, Nashville, Tennessee | 15 |
| 8 | F | Medical Records covering the period from 1/13/97 to 7/11/03 from Esmeraldo Herrera, M.D. | 46 |

### RECEIVED DURING HEARING

| | | | |
|----------|----------|-------------|--------------|
| 9 | F | Progress notes covering the period from 07-24-02 to 07-30-04 | 19 |

DedrickA-SSAdmin-    00352

**LIST OF EXHIBITS**

| Claimant: | Anthony W. Dedrick | | SSN: | 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 |
|---|---|---|---|---|

| Exh. No. | Part No. | Description | No. of Pages |
|---|---|---|---|
| 10 | F | Medical Assessment of Ability to do Work-Related Activities (Physical) from Dr. Esmeraldo Diaz Herrera dated 08/30/05 | 2 |

## LIST OF EXHIBITS

**Claimant:**   **Anthony W. Dedrick**                                    **SSN:**   **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**

| Exh. No. | Part No. | Description | No. of Pages |
|---|---|---|---|

### DISABILITY RELATED DEVELOPMENT AND DOCUMENTATION

| Exh. No. | Part No. | Description | No. of Pages |
|---|---|---|---|
| 1 | E | Personal Pain/Fatigue Questionnaire | 4 |
| 2 | E | Disability Report - Adult | 10 |
| 3 | E | Disability Report - Field Office dated 2/18/03 | 3 |
| 4 | E | Work History Report | 8 |
| 5 | E | Vocational Assessment dated 6/05/03 | 2 |
| 6 | E | Reconsideration Disability Report dated 9/07/03 | 3 |
| 7 | E | Reconsideration Affirmation Note to File dated 10/16/03 | 1 |
| 8 | E | Claimant's Statement When Request for Hearing is Filed and the Issue is Disability undated | 3 |

### MEDICAL RECORDS

| Exh. No. | Part No. | Description | No. of Pages |
|---|---|---|---|
| 1 | F | Medical Records covering the period from 10/12/99 to 4/09/02 from TN Dept of Correction | 242 |
| 2 | F | Medical Records covering the period from 3/06/97 to 12/31/02 from Maury Regional Hospital | 7 |
| 3 | F | Medical Records covering the period from 9/28/99 to 1/08/03 from Wayne Medical Center | 15 |
| 4 | F | Hospital Records for admission on 1/08/03 through discharge on 1/17/03 from Saint Thomas Hospital | 16 |

**SOCIAL SECURITY ADMINISTRATION**

Refer To: 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

Office of Hearings and Appeals
Suite 704
Mid-Memphis Tower
1407 Union Avenue
Memphis, TN 38104

Date: NOV 0 9 2005

Anthony W. Dedrick
7021 Elgie Dugger Lane
Waynesboro, TN 38485

### NOTICE OF DECISION -- FULLY FAVORABLE

I have made the enclosed decision in your case. Please read this notice and the decision carefully.

**This Decision is Fully Favorable To You**

Another office will process the decision and send you a letter about your benefits. Your local Social Security office or another may first ask you for more information. If you do not hear anything for 60 days, contact your local office.

**The Appeals Council May Review The Decision On Its Own**

The Appeals Council may decide to review my decision even though you do not ask it to do so. To do that, the Council must mail you a notice about its review within 60 days from the date shown above. Review at the Council's own motion could make the decision less favorable or unfavorable to you.

**If You Disagree With The Decision**

If you believe my decision is not fully favorable to you, or if you disagree with it for any reason, you may file an appeal with the Appeals Council.

**How To File An Appeal**

To file an appeal you or your representative must request the Appeals Council to review the decision. You must make the request in writing. You may use our Request for Review form, HA-520, or write a letter.

You may file your request at any local Social Security office or a hearing office. You may also mail your request right to the <u>**Appeals Council, Office of Hearings and Appeals, 5107 Leesburg Pike, Falls Church, VA 22041-3255**</u>. Please put the Social Security number shown above on any appeal you file.

See Next Page

Anthony W. Dedrick (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)                                   Page 2 of 3

**Time To File An Appeal**

To file an appeal, you must file your request for review **within 60 days** from the date you get this notice.

The Appeals Council assumes you got the notice 5 days after the date shown above unless you show you did not get it within the 5-day period. The Council will dismiss a late request unless you show you had a good reason for not filing it on time.

**Time To Submit New Evidence**

You should submit any new evidence you wish to the Appeals Council to consider **with your** request for review.

**How An Appeal Works**

Our regulations state the rules the Appeals Council applies to decide when and how to review a case. These rules appear in the Code of Federal Regulations, Title 20, Chapter III, Part 404 (Subpart J) and Part 416 (Subpart N).

If you file an appeal, the Council will consider all of my decision, even the parts with which you agree. The Council may review your case for any reason. It will review your case if one of the reasons for review listed in our regulations exists. Section 404.970 and 416.1470 of the regulation list these reasons.

Requesting review places the entire record of your case before the Council. Review can make any part of my decision more or less favorable or unfavorable to you.

On review, the Council may itself consider the issues and decide your case. The Council may also send it back to an Administrative Law Judge for a new decision.

**If No Appeal And No Appeals Council Review**

If you do not appeal and the Council does not review my decision on its own motion, you will not have a right to court review. My decision will be a final decision that can be changed only under special rules.

See Next Page

DedrickA-SSAdmin-     00356

Anthony W. Dedrick (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)                                    Page 3 of 3

**If You Have Any Questions**

If you have any questions, you may call, write or visit any Social Security office. If you visit
an office, please bring this notice and decision with you. The telephone number of the local
office that serves your area is (931) 766-0072. Its address is Social Security Administration,
109 East Taylor Street, Lawrenceburg, TN 38464.


                                                    Sheldon P Zisook
                                                    Administrative Law Judge


cc:  A. Russell Larson
     Attorney-at-Law
     Box 2163
     Jackson, TN 38302

DedrickA-SSAdmin-     00357

**SOCIAL SECURITY ADMINISTRATION**
**Office of Hearings and Appeals**

**ORDER**

**IN THE CASE OF**                          **CLAIM FOR**

                                            Period of Disability,
                                            Disability Insurance Benefits, and
Anthony W. Dedrick                          Supplemental Security Income
(Claimant)

_____                   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
(Wage Earner)                               (Social Security Number)

I approve the fee agreement between the claimant and his representative subject to the condition
that the claim results in past-due benefits. My determination is limited to whether the fee
agreement meets the statutory conditions for approval and is not otherwise excepted. I neither
approve nor disapprove any other aspect of the agreement.

**HOW TO ASK US TO REVIEW THE FEE AGREEMENT DETERMINATION**

You or your representative may ask us to review the determination on the fee agreement. If you
decide to ask us for a review, write us within 15 days from the day you get this order. Tell us
that you disagree and give your reasons. Send your request to:

> • **Ollie Garmon**
>   **Regional Chief Administrative Law Judge**
>   **Atlanta Federal Center**
>   **61 Forsyth Street, SW      Suite 20T10**
>   **Atlanta, GA 30303**

Your representative also has 15 days to write us if he or she does not agree with the
determination on the fee agreement. You should include the social security number(s) shown on
this order on any papers that you send us.

Sheldon P Zisook
Administrative Law Judge

NOV 0 9 2005

Date

SOCIAL SECURITY ADMINISTRATION
Office of Hearings and Appeals

DECISION

**IN THE CASE OF**

Anthony W. Dedrick
(Claimant)

**CLAIM FOR**

Period of Disability,
Disability Insurance Benefits, and
Supplemental Security Income

(Wage Earner)

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
(Social Security Number)

## PROCEDURAL HISTORY

This case is before the Administrative Law Judge upon remand by the Appeals Council. On January 22, 2003, the claimant protectively filed applications for a period of disability, disability insurance benefits, and supplemental security income alleging disability beginning July 3, 1999. The claims were denied initially, on reconsideration, and by Administrative Law Judge decision dated November 2, 2004, whereupon a timely Request for Review was filed on December 9, 2004.

As a result, by Order dated April 14, 2005, the Appeals Council vacated the Administrative Law Judge decision and remanded the claim outlining specific issues to be addressed and/or resolved prior to the issuance of a new decision. (Exhibits 1A-2A, 1B-2B)

Because there is sufficient evidence to establish disability based upon the evidence of record, an oral hearing was unnecessary. Russell Larson, Attorney-at-Law, represents the claimant in this matter.

## ISSUES

The general issues are whether the claimant is entitled to a period of disability and disability insurance benefits under Sections 216(i) and 223, respectively of the Social Security Act and whether he is disabled under Sections 1614(a)(3)(A) of the Act, and, if so, when his disability began and the duration thereof.

See Next Page

DedrickA-SSAdmin-    00359

Anthony W. Dedrick (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)

Regarding the additional issue of insured status, a review of the claimant's earnings record reveals that he has earned sufficient quarters of coverage to remain insured only through December 31, 2003. Thus, in order to be eligible for disability insurance benefits under Title II of the Act, the claimant must demonstrate that he was under a disability on or before that date.

## EVALUATION OF THE EVIDENCE

The Administrative Law Judge has carefully considered all of the documents identified in the record as exhibits, both in connection with the Order of Remand and in connection with the prior hearing, the testimony offered, and all of the arguments presented. Upon review of said evidence, testimony, and arguments, the evidence summaries contained in the vacated decision are found to be, in all respects, full and fair statements of the underlying records. Consequently, it is unnecessary to include a repetition of those summaries herein. All of the testimony and exhibits relating to the prior decision are adopted by reference, but not the conclusions and findings drawn there from.

The claimant is currently 50-years-old and has a high school education and past relevant work as an assembler, carpenter, and construction worker. There is no evidence that he has engaged in substantial gainful activity since July 3, 1999.

The claimant has the medically determinable "severe" impairments of diabetes mellitus, peripheral neuropathy, coronary artery disease (post myocardial infarction and four-vessel bypass), degenerative disc disease of the lumbar spine, and degenerative joint disease of the cervical spine, left shoulder, and left knee, which have more than a minimal affect on his ability to engage in work activity.

The record demonstrates that the claimant has a long history of poorly controlled diabetes mellitus with peripheral neuropathy, degenerative joint disease with cord narrowing and osteophyte formation of the cervical spine, and degenerative disc disease of the lumber spine. In addition, he is status/post myocardial infarction and four-vessel coronary artery bypass grafting. (Exhibits 1F-9F)

On August 30, 2004, Dr. Esmeraldo Diaz Herrera limited the claimant to lifting no more than ten pounds, standing and walking less than two hours in an eight-hour day, and sitting less than six hours in an eight-hour day while performing activities that never required climbing, kneeling, crouching, stooping, crawling, unprotected heights, moving machinery, vibration, or more than occasional balancing. He further noted that the claimant should avoid reaching, feeling, and pushing/pulling due to bulging discs and multi-level degenerative joint and disc disease (Exhibit 10F)

Anthony W. Dedrick (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)

The claimant does not have an impairment that meets or equals the criteria of any listed impairment. A determination must, therefore, be made as to whether he retains the residual functional capacity to perform his past relevant work or can adjust to other work.

In accordance with Social Security Ruling 96-6p, the opinions of the state agency medical consultants regarding the nature and severity of the claimant's impairments have been considered as expert opinion evidence of non-examining sources as set forth in 20 CFR §§ 404.1527(f) and 416.927(f). These consultants found that the claimant was capable of lifting 50 pounds occasionally, 25 pounds frequently, and standing, walking, or sitting up to six hours in an eight-hour day. However, they did not examine the claimant and did not have the benefit of reviewing subsequently received medical evidence that could have altered their opinion.

Moreover, the treating physician, Dr. Herrera, limited the claimant to less than a full range of sedentary work activity. Therefore, giving more weight to the opinion expressed by the claimant's treating physician, in accordance with 20 CFR §§ 404.1527 and 416.927 (d)(2)(i), the Administrative Law Judge finds that the claimant retains the residual functional capacity to lift no more than ten pounds occasionally, stand or walk less than two hours in an eight-hour day, and sit less than six hours in an eight-hour day at occupational pursuits that do nor require climbing, balancing, stooping, crouching, crawling, kneeling, more than occasional reaching or pushing/pulling, exposure to unprotected heights, moving machinery, or concentrated exposure to vibration. The claimant's subjective complaints are supported by a preponderance of the documented medical evidence of record and are credible.

The *Dictionary of Occupational Titles (DOT)* classifies the claimant's past work as a construction worker (869.684-014) and carpenter (860.381-046) as heavy, while his past work as an assembler (801.684-022) is considered medium, which would require the ability to lift up to 50 pounds occasionally, 25 pounds frequently, and stand, walk, or sit up to six hours in an eight-hour day. Clearly, these requirements exceed the claimant's residual functional capacity. Thus, he cannot perform his past work and the burden shifts to the Commissioner of Social Security to show that other jobs exist in significant numbers in the national economy that the claimant can perform, consistent with his medically determinable impairments, functional limitations, age, and vocational profile. This determination is made in conjunction with the Medical-Vocational Guidelines of Appendix 2 of Subpart P of the Regulations (20 CFR Part 404).

However, given the claimant's residual functional capacity, age, education, and past work experience, no jobs exist in significant numbers in the national economy that he is capable of performing. None of the rules in Appendix 2, Subpart P, Regulations No. 4 apply because, physically, the claimant's ability to perform that work defined as sedentary is significantly compromised. In such cases, Section 201.00(h) and Social Security Ruling 96-9p allow a decision of disabled even for claimants with favorable vocational factors, since the inability to perform sedentary work severely reduces the range of jobs for which the claimant might otherwise be qualified.

Anthony W. Dedrick (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)

Having been born on August 16, 1955, the claimant was 43 years old on July 3, 1999, which, for the purpose of this decision, is considered to be a younger individual. He has a high school education, a skilled to semi-skilled work background, and there is no evidence of transferable skills for work within his residual functional capacity. A finding of "disabled" is, therefore, reached pursuant to Section 201.00(h) and Social Security Ruling 96-9p.

Accordingly, the claimant has been under a disability since July 3, 1999, and is entitled to disability insurance benefits and eligible for supplemental security income payments based on his applications protectively filed on January 22, 2003.

## FINDINGS

After careful consideration of the entire record, the Administrative Law Judge makes the following findings:

1. The claimant met the insured status requirements of the Act on July 3, 1999, and continued to meet them through December 31, 2003, but not thereafter.

2. The claimant has not engaged in substantial gainful activity since July 3, 1999.

3. The claimant has diabetes mellitus, peripheral neuropathy, coronary artery disease (post myocardial infarction and four-vessel bypass), degenerative disc disease of the lumbar spine, and degenerative joint disease of the cervical spine, left shoulder, and left knee, which satisfy the definition of "severe" within the Regulations, but do not meet or equal the criteria of any impairment listed in Appendix 1, Subpart P, Regulations No. 4.

4. The claimant's assertions concerning his limitations and inability to work are consistent with a preponderance of the objective medical evidence and are credible.

5. The claimant retains the residual functional capacity to lift no more than ten pounds occasionally, stand or walk less than two hours in an eight-hour day, and sit less than six hours in an eight-hour day at occupational pursuits that do not require climbing, balancing, stooping, crouching, crawling, kneeling, more than occasional reaching or pushing/pulling, exposure to unprotected heights, moving machinery, or concentrated exposure to vibration.

6. The claimant is unable to perform his past relevant work, and his severe impairments preclude the performance of work activity at any exertional level on a sustained basis.

7. On July 3, 1999, the claimant was a younger individual with a high school education, a skilled to semi-skilled work background and no transferable skills for work within his residual functional capacity.

DedrickA-SSAdmin-   00362

Anthony W. Dedrick (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)

8. Considering the claimant's severe limitations, age, education, and past work experience, he could not reasonably be expected to make an adjustment to any work that exists in significant numbers in the national economy. A finding of "disabled" is, therefore, reached pursuant to Section 201.00(h) and Social Security Ruling 96-9p.

9. The claimant has been under a disability, as defined in the Social Security Act, since July 3, 1999 (20 CFR §§404.1520(g) and 416.920(g)).

## DECISION

It is the decision of the Administrative Law Judge that, based on the application protectively filed on January 22, 2003, the claimant is entitled to a period of disability commencing July 3, 1999 and to Disability Insurance Benefits under Sections 216(i) and 223, respectively, of the Social Security Act.

It is the further decision of the Administrative Law Judge that, based on the application protectively filed on January 22, 2003, the claimant was disabled under Section 1614(a)(3)(A) of the Social Security Act, beginning July 3, 1999, and that the claimant's disability has continued at least through the date of this decision.

The component of the Social Security Administration responsible for authorizing supplemental security income payments will advise the claimant regarding the non-disability requirements for these payments, and if eligible, the amount and months for which payment will be made.

Sheldon P Zisook
Administrative Law Judge

NOV 09 2005

Date

Anthony W. Dedrick (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)

EXHIBIT LIST

**EXHIBITS ADMITTED IN CONNECTION WITH APPEALS COUNCIL REMAND**

## PAYMENT DOCUMENTS/DECISIONS

1   A   ALJ's decision dated 11/12/2004

2   A   Order of Appeals Council dated 04/14/2005

## JURISDICTIONAL DOCUMENTS/NOTICES

1   B   Request for Review of Hearing decision/Order filed 12/13/04

2   B   BRIEF IN SUPPORT OF REQUEST FOR RECONSIDERATION BY ATTORNEY

3   B   Letter of Acknowledgement of Request for Hearing dated 05/16/05

## NON-DISABILITY DEVELOPMENT

1   D   Detailed Earnings Query, dated 05/27/05

## MEDICAL RECORDS

### RECEIVED DURING HEARING

10   F   Medical Assessment of Ability to do Work-Related Activities (Physical) from Dr. Esmeraldo Diaz Herrera dated 08/30/05

### APPEALS COUNCIL
### OFFICE OF HEARINGS AND APPEALS
### SOCIAL SECURITY ADMINISTRATION

IN THE MATTER OF:

ANTHONY W. DEDRICK

CLAIM NO: 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

### BRIEF IN SUPPORT OF REQUEST FOR RECONSIDERATION

COMES NOW your Claimant, **Anthony W. Dedrick**, and would respectfully file this his Brief in support of his Request for Reconsideration of the adverse decision issued by the Administrative Law Judge of the Office of Hearings and Appeals, Social Security Administration and would show unto this Honorable Court as follows:

At the time of the hearing the Claimant was requesting a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income.

The Claimant had his hearing before Administrative Law Judge Sheldon P. Zisook, on August 17, 2004, in Jackson, Tennessee, pursuant to a timely filed request for reconsideration and request for a hearing, at which time the Claimant appeared with counsel, A. Russell Larson, and testified on his own behalf. The Claimant received an adverse decision dated November 12, 2004.

At the Administrative Law Judge hearing the Claimant testified that he was born on August 16, 1955, and at the time of the hearing was 49-years old, approaching older age, has a high school education, with one year of college, with no vocational or special training, and has been employed as an equipment operator; assembly person; petroleum specialist; factory worker; and, carpenter.

-1-

Exhibit # _7B_
No. _/_ of _4_ -

The Claimant testified that as a result of hypertension, circulation problems, loss of sensation in his legs and arms, he is unable to walk for more than one-half mile without stopping to rest, he could sit for no more than 20 minutes at a time or stand for no more than 10 minutes, and could lift approximately 10 pounds with an increase in his pain. He also advised that he did not drive.

The Administrative Law Judge found that the Claimant was unable to perform his past relevant work, that he has more than a high school education, and had acquired no work skills which would be transferrable. The Administrative Law Judge felt that Mr. Dedrick could do sedentary work, but was unable to name a single job, which exist in the national economy, that the Judge felt that the Claimant could do.

The Administrative Law Judge was in error in not obtaining the testimony of a vocational expert in evaluating Mr. Dedrick's ability to do sedentary work, even though, he could not use his hands or arms fully during a work day.

The medical evidence showed that the Claimant had four heart bypasses, a heart attack, diabetes, leg & back pain, hypertension, and suffers from arthritis.

Once the Claimant shows that he cannot do his customary or past occupation because of his impairment(s), the burden of proof shifts to the Social Security Administration to show specific jobs existing in the national economy that the Claimant could do. Taylor vs Weinberger, 512 F.2d 664 (4TH Cir. 1975). The Administrative Law Judge, in his decision, failed to mention a single job which the Claimant could do in his present physical condition. The mere theoretical ability to engage in substantial gainful activity is not sufficient to carry the government's burden of proof if no reasonable opportunity for his work is available.

-2-

DedrickA-SSAdmin-    00366

Kerner vs Fleming, 283 F.2d 916 (2ND Cir. 1960).

We would respectfully submit that it is simply not enough for the Administrative Law Judge to state that the Claimant can do sedentary work without naming any specific jobs which he could do or relating his impairments to any available jobs in the national economy. Neither the bare suggestion, in the opinion of the Administrative Law Judge, that the Claimant might be able to be trained for sedentary work constitutes sufficient evidence to carry the burden of proof. Hodgson vs. Celebrezze, 312 F.2d 360 (1963).

The Administrative Law Judge's finding of residual capacity to work also fails to meet the substantial evidence test by his failure to include testimony from a vocational expert upon which the Administrative Law Judge would be entitled to rely. Garrett vs Richardson, 471 F.2d 598 (8TH Cir. 1972).

The Administration clearly failed to require the Social Security Administration to meet its burden of proof in supplying specific evidence that the Claimant could meet the mental and physical demands of the jobs, which the Administrative Law Judge felt the Claimant was capable of performing. This burden of proof requires medical evidence that the Claimant cannot perform the physical activities, which certain jobs require, without the serious aggravation to a present physical impairment or to the Claimant's general health. The record contained reports of Mr. Dedrick's education and questioned his ability to be retrained, and yet the Administrative Law Judge did not seek the testimony of a vocational expert to determine if any jobs exist which the Claimant could do.

The Administrative Law Judge had before him the uncontradicted evidence and testimony of the Claimant that he has difficulty standing, walking, sitting, holding or

-3-

gripping things, and his extensive cardiac condition, but he chose to ignore those exhibits and relied on consultative examiners opinions.

The Administrative Law Judge must consider all symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.  The Administrative Law Judge must also consider medical opinions, which are statements from acceptable medical sources, which reflect judgements about the nature and severity of the impairments and limitations of the Claimant.

**FOR ALL THE ABOVE REASONS**, the Claimant would respectfully submit that the decision of the Administrative Law Judge denying him a period of disability, disability insurance benefits, and supplemental security income is wholly unsupported by any evidence upon which the Administrative Law Judge could rely and is, therefore, subject to a reversal or remand.

**ACCORDINGLY**, the Claimant would respectfully move this Honorable Court for an Order reversing the adverse decision of the Administrative Law Judge and awarding benefits to this Claimant, a disabled person.

Respectfully submitted,

A. RUSSELL LARSON (B.P.R. #07134)
Counsel for CLAIMANT
*Anthony W. Dedrick*  (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)
211 East Main Street
Post Office Box 2163
Jackson, Tennessee 38302-2163
(731) 422-3344

-4-

 **SOCIAL SECURITY A      IINISTRATION**

Refer To: 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

Office of Hearings and Appeals
Suite 704
Mid-Memphis Tower
1407 Union Avenue
Memphis, TN 38104

Date: **1 2** NOV 2004

Mr. Anthony W. Dedrick
7021 Elgie Dugger Lane
Waynesboro, TN 38485

## NOTICE OF DECISION – UNFAVORABLE

I have made the enclosed decision in your case. Please read this notice and the decision carefully.

**If You Disagree With The Decision**

    If you do not agree with my decision, you may file an appeal with the Appeals Council.

**How To File An Appeal**

    To file an appeal you or your representative must request that the Appeals Council review the decision. You must make the request in writing. You may use our Request for Review form, HA-520, or write a letter.

    You may file your request at any local Social Security office or a hearing office. You may also mail your request right to the **Appeals Council, Office of Hearings and Appeals, 5107 Leesburg Pike, Falls Church, VA 22041-3255**. Please put the Social Security number shown above on any appeal you file.

**Time To File An Appeal**

    To file an appeal, you must file your request for review **within 60 days** from the date you get this notice.

    The Appeals Council assumes you got the notice 5 days after the date shown above unless you show you did not get it within the 5-day period. The Council will dismiss a late request unless you show you had a good reason for not filing it on time.

**Time To Submit New Evidence**

    You should submit any new evidence you wish to the Appeals Council to consider **with** your request for review.

Exhibit # _14_

No. _1_ of _13_

See Next Page

DedrickA-SSAdmin-      00369

**How An Appeal Works**

Our regulations state the rules the Appeals Council applies to decide when and how to review a case. These rules appear in the Code of Federal Regulations, Title 20, Chapter III, Part 404 (Subpart J) and Part 416 (Subpart N).

If you file an appeal, the Council will consider all of my decision, even the parts with which you agree. The Council may review your case for any reason. It will review your case if one of the reasons for review listed in our regulations exists. Sections 404.970 and 416.1470 of the regulation list these reasons.

Requesting review places the entire record of your case before the Council. Review can make any part of my decision fully or partially favorable or unfavorable to you.

On review, the Council may itself consider the issues and decide your case. The Council may also send it back to an Administrative Law Judge for a new decision.

**The Appeals Council May Review The Decision On Its Own**

The Appeals Council can review my decision even without your request to do so. If it decides to do that, the Council will mail you a notice about its review within 60 days from the date of this notice.

**If No Appeal And No Appeals Council Review**

If you do not appeal and the Council does not review my decision on its own motion, you will not have a right to court review. My decision will be a final decision that can be changed only under special rules.

**New Application**

You have the right to file a new application at any time, but filing a new application is not the same as appealing this decision. If you disagree with my decision and you file a new application instead of appealing, you might lose some benefits, or not qualify for any benefits. My decision could also be used to deny a new application for insurance benefits, if the facts and issues are the same. So, if you disagree with this decision, you should file an appeal within 60 days.

See Next Page

DedrickA-SSAdmin-     00370

Anthony W Dedrick (41⸻-0144)                                    Page 3 of 3

**If You Have Any Questions**

If you have any questions, you may call, write or visit any Social Security office.  If you visit an office, please bring this notice and decision with you.  The telephone number of the local office that serves your area is (931)766-0072.  Its address is Social Security Administration, 109 East Taylor Street, Lawrenceburg, TN  38464.

Sheldon P Zisook
Administrative Law Judge

Enclosure

cc:  A. Russell Larson, Attorney
     Box 2163
     Jackson, TN 38302

# SOCIAL SECURITY ADMINISTRATION
## Office of Hearings and Appeals

### DECISION

**IN THE CASE OF**

Anthony W. Dedrick
(Claimant)

_____
(Wage Earner)

**CLAIM FOR**

Period of Disability,
Disability Insurance Benefits, and
Supplemental Security Income

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
(Social Security Number)

### INTRODUCTION

This case is before the Administrative Law Judge on a request for a hearing. The Administrative Law Judge has carefully considered all of the documents identified in the record as exhibits, the testimony of the witnesses at the hearing and the arguments presented.

On January 22, 2003 the claimant filed applications for Disability Insurance Benefits and Supplemental Security Income payments. The claim was denied initially and on reconsideration, and a request for hearing was timely filed. The claimant alleges disability beginning July 3, 1999, due to hearing problems, hypertension; allergies; heart problems; diabetes; arthritis; left leg, back pain; headaches; open heart surgery; and heart attack. The claimant appeared and testified at a hearing held on August 17, 2004, in Jackson, Tennessee. The claimant is represented in this matter by his attorney, A. Russell Larson.

The claimant has amended his onset date from July 3, 1999 to March 1, 2002.

### ISSUES

The general issue is whether the claimant is entitled to a period of disability, Disability Insurance Benefits, and eligible for Supplemental Security Income payments under Sections 216(i), 223, and 1614(a)(3)(A), respectively, of the Social Security Act. The specific issue is whether he is

See Next Page

under a disability, which is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months.

Upon reviewing all of the evidence of record, the undersigned Administrative Law Judge concludes the claimant is not disabled within the meaning of the Social Security Act.

## EVALUATION OF THE EVIDENCE

The claimant is presently 49 years old and was 46 years old as of the amended alleged onset date of disability. He has a high school (plus one year of college) education and has past relevant work experience as an equipment operator; assembly person; petroleum specialist; factory worker; and carpenter.

With regard to the claim for a period of disability and Disability Insurance Benefits, the claimant meets the nondisability requirements set forth in Section 216(i) of the Social Security Act and is insured for disability benefits through December 31, 2003. Therefore, the claimant must establish disability on or prior to this date.

Under the authority of the Social Security Act, the Social Security Administration has established a sequential evaluation process followed in determining disability (20 CFR 404.1520). The first step in this process concerns the question of when the claimant last engaged in substantial gainful activity. The claimant has not engaged in any substantial gainful activity at any time since his amended alleged onset date of disability.

It is next necessary to establish whether the claimant has a "severe" impairment or combination of impairments. An impairment is severe within the meaning of the regulations if it imposes significant restrictions in the ability to perform basic work activities.

The relevant medical evidence is as follows. The claimant was incarcerated from October 1999 to March 1, 2002 for vehicle assault. During his incarceration he presented to the clinic on several occasions for different ailments. The claimant received a clean bill of health and on June 22, 2000 he was issued a food handler's permit in order to work while in jail. The claimant had poor control of his diabetes and on February 12, 2002 he refused medical services. He refused the use of insulin which was important for his blood sugar control for preventive development of blood vessel disease, kidney disease, blindness, and stroke (Exhibit 1F).

On December 31, 2002, a MRI of the left knee showed mild degenerative changes of the knee with peaking of the tibial spines. He had Grade II signal abnormalities posterior horns of both medial and lateral menisci without evidence of tear and there was no joint effusion or other

See Next Page

significant abnormalities evident.  MRI of the cervical spine showed prominent disc space degeneration at C5-6 with posterior disc and osteophyte complex with narrowing of the spinal canal to approximately 8-9mm and mild spondylitic ridging at C4-5 and C6-7 (Exhibit 2F).

On January 8, 2003 the claimant presented to the emergency room at Wayne Medical Center with complaints of severe chest pain.  He rated the pain as a 6-7 on the pain scale of 1-10.  The claimant was pale upon admission.  He was diagnosed with acute inferior myocardial infarction and was treated with lytic therapy and became pain free.  The ST-T abnormalities on his EKG resolved as well (Exhibit 3F).

The claimant was transferred via helicopter to Saint Thomas Hospital.  On arrival he was feeling much better with resolution of his chest pain and resolution of his ST segment elevations on his EKG.  He denied any shortness of breath or other cardiac symptoms.  He denied any prior history of chest pain, prior cardiac history, and history of syncope, palpitations, or cardiac arrhythmia.  The claimant did have a history of diabetes, tobacco use, hypertension, and hypercholesterolemia.  He underwent a cardiac catheterization and angiography, which demonstrated extensive three vessel coronary artery disease with good distal vessels and inferior hypokinesis but relatively well preserved left ventricular function.  The claimant was diagnosed with acute inferior myocardial infarction status post lytic therapy; moderately well-preserved left ventricular function with triple vessel coronary artery disease; diabetes mellitus; hypertension; hypercholesterolemia; and rheumatoid arthritis.  He was to get an EKG and undergo coronary artery bypass on January 13, 2002.  The claimant underwent surgery and tolerated the operation well.  The claimant's blood pressure was in the 110/60 range, with a pulse in the 70's.  His blood sugar had been controlled well during his postoperative period (Exhibit 4F).

The claimant attended a consultative examination on May 16, 2003, performed by Dr. Darrel R. Rinehart.  The claimant gave a history of some arthritis, which he stated affected his upper back, neck, shoulders, and knees.  He stated that he had some x-rays and was told that it was more so in his left shoulder as well as his left knee.  He claimed limited use with his left arm as a result of arthritis in the shoulder.  He also claimed limited ability to stand, walk, and squat.  He stated that he feels better in the morning.  He stated that approximately 10 years ago he was seen by Dr. McCombs and had his C-spine evaluated and was told that he had three discs that were bulging and recommended surgery, however he declined.  Most recently he had been followed by Dr. Herrera his primary care physician who ordered a series of x-rays as well as a MRI which apparently showed mostly arthritis in the left shoulder and left knee.  He has also been a diabetic since 1999.  He stated that his sugars were currently doing really well averaging around 160.  He has no known complications from his diabetes.  He further stated that he had suffered from a myocardial infarction in January and underwent a four-vessel coronary artery bypass graft.  He has done well postoperatively.  He stated that his heart was doing well.  He also stated that he has hypertension and hyperlipidemia for which he takes medications and stated that his cholesterol was now down where it needed to be.  His chief complaint was mostly of his joint pains.

See Next Page

Anthony W Dedrick (41. 8-0144)                                    Page 4 of 10

Physical examination showed a well nourished male with a blood pressure reading of 142/84. Lungs were completely clear to auscultation and percussion. Heart had regular rate and rhythm without murmurs, rubs, or gallops. Abdomen was soft and non-tender. Range of motion in the joints of hands, wrists, elbows, and neck was normal. Range of motion in feet, ankles, knees, hips, and back was completely normal. There was no swelling, erythema, or warmth to touch of any of his joints. No muscle atrophy or fasciculations were noted. Right shoulder had normal range of motion although he complained of pain. His left shoulder had forward elevation to about 160-70 degrees and he complained of pain. Otherwise, range of motion in that shoulder was normal. He got up and down from the table reasonably well. He limped slightly favoring the left knee. He was able to balance on either foot without difficulty. He was able to heel walk, toe walk, and heel to toe walk. He was able to bend over and touch his toes. He indicated that that he could squat all the way down but would have to hold onto something to get back up. Dr. Rinehart opined that the claimant could sit, stand, and walk intermittently at lower levels maybe 4 hours in an 8-hur workday. In addition he could lift approximately 20 pounds intermittently over that same period of time (Exhibit 5F).

Dr. Celia Gulbenk, a medical consultant of the Disability Determination Service, evaluated the claimant's medical evidence of record on May 20, 2003. She opined that the claimant retained a medium exertional level with no additional non-exertional limitations (Exhibit 6F).

As those of non-examining physicians their opinions are not entitled to controlling weight, but must be considered and weighed as those of highly qualified physicians who are experts in the evaluation of the medical issues in disability claims under the Social Security Act. Social Security Ruling 96-6p.

The evidence supports a finding that the claimant has diabetes mellitus; arthritis in the left shoulder and left knee; status post myocardial infarction; status post coronary artery bypass graft; hypertension; and hyperlipidemia; impairments that cause significant vocationally relevant limitations.

Considering both severe and non-severe impairments, the claimant has no impairment, or combination of impairments, which meets the criteria of any of the listed impairments described in Appendix 1 of the Regulations (20 CFR Part 404, Subpart P, Appendix 1). No treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment. The Administrative Law Judge has considered the opinions of the Disability Determination Service's (DDS's) medical consultants, who evaluated this issue at the initial and reconsideration levels of the administrative review process and reached the same conclusion (20 CFR 404.1527(f) and Social Security Ruling 96-6p).

See Next Page

DedrickA-SSAdmin-    00375

A determination must therefore be made whether the claimant retains the residual functional capacity to perform the requirements of his past relevant work or other work existing in significant numbers in the national economy. The term "residual functional capacity" is defined in the Regulations as the most an individual can still do after considering the effects of physical and/or mental limitations that affect the ability to perform work-related tasks (20 CFR §§ 404.1545 and 416.945 and Social Security Ruling 96-8p).

In making this assessment, the undersigned must consider all symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence based on the requirements of 20 CFR §§ 404.1529 and 416.929, and Social Security Ruling 96-7p. The undersigned must also consider any medical opinions, which are statements from acceptable medical sources, which reflect judgments about the nature and severity of the impairments and resulting limitations (20 CFR §§ 404.1527 and 416.927 and Social Security Rulings 96-2p and 96-6p).

At the hearing the claimant testified that he last worked in 1999 as a construction operator. He drove a backhoe for about 2 ½ years. He stated that he was incarcerated from October 1999 to March 2002 for vehicle assault. He was released in March 2002. The claimant testified that his medical problems consist of a heart attack; hypertension; circulation problems; diabetes; loss of sensation in his legs and arms; osteoarthritis in his back; and a slipped disc in his upper back. He stated that he has never had surgery on his back. He does no activities during the day. He takes his medication and watches television. The heat affects his blood sugar. He gets numbness in his feet and stumbles and falls. He stated that he has to use a cane to get up in the morning. His diabetes affects his eyesight and he also has vertigo. His blood sugar ranges from 140-190. The claimant testified that he would have problems returning to construction working due to the constant moving around. He could stand or sit doing a cashier job. He further stated that he could stand 10 minutes; sit 15-20 minutes; and lift 2 gallons of milk. He stated that his pain medications make him sleepy. The claimant stated that he is getting worse everyday. He further stated that he also has problems with his heart and does no physical activities. He last saw his heart doctor in July 2003. He has to stay inside because of his diabetes in order to stay cool. He does not drive because he has no license. He may go outside two times a week to visit.

The claimant's statements concerning his impairments and their impact on his ability to work cannot be fully credited. While the medical evidence reveals that the claimant has been diagnosed with underlying conditions, including diabetes mellitus; arthritis in the left shoulder and left knee; status post myocardial infarction; status post coronary artery bypass graft; hypertension; and hyperlipidemia; the objective medical evidence does not support the severity of pain and other subjective symptoms alleged by the claimants. Additionally, none of the claimant's conditions are of the severity that they could reasonably be expected to give rise to the claimant's alleged pain and other symptoms.

See Next Page

Anthony W Dedrick (41___3-0144)                                   Page 6 of 10

The claimant has been a diabetic since 1999. In May 2003 he stated that his sugars were doing really well averaging around 160. Although the claimant testified that he experiences vision problems and vertigo because of his diabetes, the records do not show any complications resulting from his diabetes including eye problems, kidney problems, or a peripheral neuropathy. In addition he testified that he has to stay indoors because the heat aggravates his diabetes. There is nothing in the record, which indicates that the claimant is required to stay indoors or away from the heat for his diabetes. The claimant's diabetes would sometimes be out of control; however, records from the prison indicated that on February 12, 2002 the claimant refused a medical service which was the use of insulin for his diabetes (Exhibit 1F).

The claimant has complaints of pain in his back, neck, shoulders, and knees. He claimed limited use with his left arm and limited ability to stand and walk. He stated that he felt better in the morning. He stated that he was recommended to have surgery on his back for a bulging disc, however he further reported that he declined that surgery. Examination of the claimant showed that he had full range of motion in the joints of the hand, wrist, elbow, and neck. Range of motion in his feet, ankles, knees, hips, and back was completely normal. He had no swelling, erythema, or warmth in any of his joints. He also had normal range of motion in his shoulder. He was able to balance on either foot without difficulty and bend over and touch his toes. The claimant testified that he requires the use of a cane to get up in the morning. There is no mention in the objective record which indicates that the claimant has ever needed a cane in order to ambulate.

The claimant suffered a myocardial infarction in January 2002. He underwent coronary artery bypass graft x4. He did very well postoperatively and reported that his heart was doing well. He did not suffer any shortness of breath, chest pain, palpitations, or tachycardia. There is nothing in the medical record, which indicates that any restrictions have been imposed on the claimant subsequent to his heart surgery. In regards to the claimant's alleged hypertension and hyperlipidemia the record shows that these are controlled on medication and his cholesterol is now down where it needed to be.

The consultative examiner (Dr. Rinehart) opined that the claimant could sit, stand, and walk intermittently at lower levels maybe 4 hours in an 8-hour workday. In addition he opined that he could lift about 20 pounds. The claimant himself testified that he could probably work as a cashier with a sit/stand option if any jobs were to be available.

A longitudinal medical record demonstrating a claimant's attempts to seek medical treatment for pain or other symptoms and to follow that treatment once it is prescribed lends support to a claimant's allegations of intense and persistent pain or other symptoms for the purposes of judging the credibility of the claimant's statements. On the other hand, the claimant's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the claimant is not following the treatment as prescribed and

See Next Page

there are no good reasons for this failure (SSR 96-7p). Noteworthy in this case is the scarcity of medical observations since the alleged onset date, due to the fact that the claimant has not sought frequent medical treatment since that time. Indeed, there is no evidence of hospitalizations, physical therapy, pain clinic treatment, surgery or other, similar treatment for claimant's alleged pain. Treating and examining physicians have not observed the advanced functional restrictions and complete prostration alleged by claimant. The record does not confirm that he receives any type of treatment other than routine medication.

Claimant's objective clinical studies, x-rays and MRI's have revealed nothing more than the lumbar/cervical degenerative disease that one would expect to find in a person of the claimant's age. The objective evidence establishes that there is no herniation and no stenosis. Frankly, there is simply no evidence of a medical impairment which could be expected to cause the alleged severity of the claimant's symptoms and limitations.

According to the claimant's testimony, he is so incapacitated by pain and mental distress that she cannot perform any sustained work activity at any exertional level, and must spend large parts of each day lying down. Such testimony indicates a marked curtailment of even simple daily activities, but the evidence as a whole does not substantiate any good cause for such isolation and inactivity, apart from the claimant's own preference. No physician has stated that the claimant is unable to work, and the claimant's own treating and examining physicians have not assessed the claimant with any work-related restrictions. Severe pain will often result in certain observable manifestations such as loss of weight due to loss of appetite from incessant pain, muscular atrophy due to muscle guarding, prolonged bed rest or adverse neurologic signs. In the present case, no such signs exist. The Administrative Law Judge must conclude, based upon a consideration of subjective allegations weighed against objective medical evidence and other relevant information bearing on the issue of credibility that the claimant exaggerates his physical and mental complications and so such subjective allegations must be rejected as lacking credibility.

In reaching a conclusion whether the claimant is disabled the undersigned has also considered the opinions of the state agency medical consultants. The assessment indicate that the medical examiners considered all of the evidence in the record at that time, including the claimant's subjective allegations concerning pain and other symptoms. Social Security Ruling 96-4p and 96-8p. The undersigned has given the opinion of Dr. Rinehart (Exhibit 5F) great weight as it is well supported by the bulk of the objective medical evidence.

Thus, based on the evidence of record as a whole, the undersigned finds that the claimant retains the residual functional capacity to perform light work with a sit/stand option. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, and individual must have the ability to do

See Next Page

substantially all of these activities. If someone can do light work, we determine that he can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods.

Based upon the claimant's residual functional capacity, the Administrative Law Judge must determine whether the claimant can perform any of his past relevant work. The phrase "past relevant work" is defined in the Regulations at 20 CFR §§ 404.1565 and 416.965. The work usually must have been performed within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the claimant to learn to do the job and meet the definition of substantial gainful activity.

The claimant's past relevant work was performed at the medium level of exertion. The claimant is limited to light work and therefore would be unable to perform the requirements of his past relevant work.

Once the claimant has established that he has no past relevant work or cannot perform his past relevant work because of his impairments, the burden shifts to the Social Security Administration to show that there are other jobs existing in significant numbers in the national economy that the claimant can perform, consistent with his residual functional capacity, age, education and work experience.

The claimant's age, education, and vocationally relevant past work experience, if any, must be viewed in conjunction with the Medical-Vocational Guidelines of Appendix 2 of Subpart P of the Regulations, which contain a series of rules that may direct a conclusion of either "disabled" or "not disabled" depending upon the claimant's residual functional capacity and vocational profile.

Born on August 16, 1955, the claimant is currently 49 years old. This is defined in the regulations as a younger individual (20 CFR §§ 404.1563 and 416.963). He has more than a high school (or high school equivalent) education and has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case.

The Medical-Vocational Guidelines are used as a framework for the decision when the claimant cannot perform all of the exertional demands of work at a given level of exertion and/or has any nonexertional limitations.

The Medical-Vocational Guidelines may be used to direct an unfavorable decision only if the claimant has the exertional residual functional capacity to perform substantially all (as defined in Social Security Ruling 83-11) of the seven primary strength demands required by work at the given level of exertion (as defined in Social Security Ruling 83-10) and there are no nonexertional limitations. When all of the criteria of a Medical-Vocational Rule are met, the existence of occupations in the national economy is met by administrative notice.

See Next Page

Anthony W Dedrick (41⸰⸺8-0144)                                    Page 9 of 10

Because the claimant's has the exertional capacity to perform substantially all of the requirements of light work, and considering the claimant's age, education, and work experience, a finding of "not disabled" is supported by application of Medical-Vocational Rule 202.21.

The undersigned concludes there are jobs, existing in significant numbers in the national economy, which the claimant is able to perform. For all the foregoing reasons the Administrative Law Judge concludes that the claimant retains the capacity to adjust to work that exists in significant numbers in the national economy.

The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR §§ 404.1520(g) and 416.920(g)).

## FINDINGS

After careful consideration of the entire record, the Administrative Law Judge makes the following findings:

1.  The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through December 31, 2003.

2.  The claimant has not engaged in substantial gainful activity since the amended alleged onset of disability.

3.  The claimant's including diabetes mellitus; arthritis in the left shoulder and left knee; status post myocardial infarction; status post coronary artery bypass graft; hypertension; and hyperlipidemia are considered "severe" based on the requirements in the Regulations 20 CFR §§ 404.1520(c) and 416.920(b).

4.  These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5.  The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6.  The claimant has the residual functional capacity to perform light work with a sit/stand option.

7.  The claimant is unable to perform any of his past relevant work (20 CFR §§ 404.1565 and 416.965).

See Next Page

DedrickA-SSAdmin-     00380

Anthony W Dedrick (41⎯8-0144)                                   Page 10 of 10

8.  The claimant is a "younger individual between the ages of 45 and 49" (20 CFR §§ 404.1563 and 416.963).

9.  The claimant has "more than a high school (or high school equivalent) education" (20 CFR §§ 404.1564 and 416.964).

10. The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 CFR §§ 404.1568 and 416.968).

11. The claimant has the residual functional capacity to perform substantially all of the full range of light work (20 CFR §§ 404.1567 and 416.967).

12. Based on an exertional capacity for light work, and the claimant's age, education, and work experience, Medical-Vocational Rule 202.21, Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion of "not disabled."

13. The claimant's capacity for light work is substantially intact and has not been compromised by any nonexertional limitations.  Accordingly, using the above-cited rule(s) as a framework for decision-making, the claimant is not disabled.

14. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR §§ 404.1520(g) and 416.920(g)).


### DECISION

It is the decision of the Administrative Law Judge that, based on the applications filed on January 22, 2003, the claimant is not entitled to a period of disability, Disability Insurance Benefits, and not eligible for Supplemental Security Income payments under Sections 216(i), 223, 1602, and 1614(a)(3)(A) respectively, of the Social Security Act.

Sheldon P Zisook
Administrative Law Judge

_____1 2 NOV 2004_____
Date

RECIPIENT:   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   ANTHONY W DEDRICK


ANTHONY W DEDRICK
113B SPRING VALLEY APT
WAYNESBORO, TN 38485


REVIEW STATEMENT SUMMARY FOR SUPPLEMENTAL SECURITY INCOME

The following information is provided to support this application for
Supplemental Security Income.

What You Need To Do

   o  Review this summary to ensure we recorded your statements correctly.

   o  If you agree with all your statements, you should keep this summary for
      your records.

   o  If you disagree with any of your statements, you should contact us within
      10 days after the date of this summary to let us know.

o  IDENTIFICATION

   My name is ANTHONY W DEDRICK. My social security number is 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.

   I am not blind.

   I am disabled. My disability began on July 3, 1999.

   I am not married now.

o  FUGITIVE FELON AND PAROLE OR PROBATION VIOLATION INFORMATION


   The following statements describe my fugitive felon/parole or probation
   violator status as of February 12, 2003.

     From: February 12, 2003 To: continuing

       I am not fleeing to avoid:

         Trial on a criminal charge of a felony (or a high
         misdemeanor in New Jersey) or

         Jail or prison after conviction of a felony (or a high
         misdemeanor in New Jersey) or

         Custody after conviction of a felony (or a high
         misdemeanor in New Jersey).

RECIPIENT:  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  ANTHONY W DEDRICK


        I am not on parole or probation under Federal or State law.

o LIVING ARRANGEMENTS

    The following statements describe my living arrangements as of
    January 1, 2003.

        I began living at APT 47, WILLOWBROOK DR, WAYNESBORO, TN 38485 on
        March 1, 2002.

        I lived in a house/apartment/mobile home/houseboat.

        I did not get help or money from any person not living with me or any
        agency to pay for food, rent, mortgage payments, property insurance,
        property taxes, heating fuel, gas, electricity, garbage removal, water or
        sewerage.

        The household consisted of the following people:

| NAME | RELATIONSHIP | AGE OR BIRTHDATE | BLIND OR DISABLED | MARRIED | STUDENT |
|------|-------------|------------------|-------------------|---------|---------|
| A DEDRICK | Claimant | 08/16/1955 | Yes | | |
| W DEDRICK | Mother | 066 | No | No | No |

    Not all of the people I lived with got public assistance.

    WILLA DEDRICK rented the home where I lived. The rent was $238.00 monthly.

    No one in the household was a parent or child of either the landlord or
    his/her spouse.

    I have an agreement to pay back the people I lived with for my share of the
    household expenses. We are going to figure out what I owe later and I am
    going to pay it out of my SSI or other income.

    The following statements describe my living arrangements as of
    November 2, 2003.

        I began living at 7021 ELGIE DUGGER LANE, WAYNESBORO, TN 38485 on
        November 1, 2003.

        I lived in a house/apartment/mobile home/houseboat.

        I did not get help or money from any person not living with me or any
        agency to pay for food, rent, mortgage payments, property insurance,
        property taxes, heating fuel, gas, electricity, garbage removal, water or
        sewerage.

RECIPIENT:   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   ANTHONY W DEDRICK


The household consisted of the following people:

| NAME | RELATIONSHIP | AGE OR BIRTHDATE | BLIND OR DISABLED | MARRIED | STUDENT |
|------|--------------|------------------|-------------------|---------|---------|
| A DEDRICK | Claimant | 08/16/1955 | Yes | | |
| K DEDRICK | Other Relative | 03/31/1958 | Yes | No | No |

Not all of the people I lived with got public assistance.

KENNY DEDRICK owned or was buying the home where I lived.

The mortgage was $376.00 monthly.

I have an agreement to pay back the people I lived with for my share of the household expenses. We are going to figure out what I owe later and I am going to pay it out of my SSI or other income.

The following statements describe my living arrangements as of December 2, 2005.

I began living at SPRING VALLEY APTS, APT 113B, WAYNESBORO, TN 38485 on December 1, 2005.

I live in a house/apartment/mobile home/houseboat.

I do not get help or money from any person not living with me or any agency to pay for food, rent, mortgage payments, property insurance, property taxes, heating fuel, gas, electricity, garbage removal, water or sewerage.

The household consists of the following people:

| NAME | RELATIONSHIP | AGE OR BIRTHDATE | BLIND OR DISABLED | MARRIED | STUDENT |
|------|--------------|------------------|-------------------|---------|---------|
| A DEDRICK | Claimant | 08/16/1955 | Yes | | |
| K DEDRICK | Other Relative | 03/31/1958 | Yes | No | No |

Not all of the people I live with get public assistance.

KENNY DEDRICK rents the home where I live. The rent is $0.00 monthly.

No one in the household is a parent or child of either the landlord or his/her spouse.

I have an agreement to pay back the people I live with for my share of the household expenses. We are going to figure out what I owe later and I am going to pay it out of my SSI or other income.

There have not been any other changes in my living arrangements.

I expect these arrangements to change.

RECIPIENT:  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  ANTHONY W DEDRICK


REMARKS:

I WILL BE MOVING INTO AN APARTMENT OF MY OWN AS SOON AS I HAVE INCOME AND THE APARTMENT IS AVAILABLE.

o  RESOURCES

I own the following from February 1, 2003 to continuing:

Savings account:

Financial institution name: PEOPLES BANK

Value: $2.35 From: January 2003 To: November 2005

Value: $2.42 From: December 2005 To: continuing

Savings account:

Financial institution name: BANK OF WAYNESBORO

Value: $1.00 From: January 2003 To: July 2003

I do not own any other type of resource.

o  INCOME

This report of income is valid for any and all SSI claims in which I am involved.

I receive or expect to receive the following income from February 1, 2003 to continuing:

Department of Veterans Affairs compensation or pension:

Amount $201.00 monthly

From: April 2003 To: December 2003

Amount $205.00 monthly

From: January 2004 To: December 2004

Amount $210.00 monthly

From: January 2005 To: November 2005

Amount $210.00 monthly

From: December 2005 To: continuing

Social Security

I do not receive any other type of income.

RECIPIENT:   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   ANTHONY W DEDRICK


o ELIGIBILITY FOR OTHER BENEFITS

   I currently get food stamps.

o MEDICAID

   You may be eligible for Medicaid. However, you must help your State identify
   other sources that may pay for medical care. Also, you must give information
   to help the State get medical support for any child(ren) who are your legal
   responsibility. This includes information to help the State determine who a
   child's father is.

o MEDICAL ASSISTANCE

   I do not have any private, group or government health insurance that pays the
   cost of my medical care.

I would like any SSI payments due me to be deposited to my savings account.

IMPORTANT REMINDER

Penalty of Perjury

You declared under penalty of perjury that all the information on this summary
is true and correct to the best of your knowledge. You were told that anyone
who knowingly gives a false or misleading statement about a material fact in an
electronic application, or causes someone else to do so, commits a crime and
may be sent to prison or may face other penalties, or both.

            IMPORTANT INFORMATION--PLEASE READ CAREFULLY

You must report any change within 10 days after the end of the month it occurs.
If you don't, a penalty amount may be deducted from your benefit.

We will check your statements and compare our records with records from other
State and Federal agencies, including the Internal Revenue Service, to make
sure you are paid the correct amount.

We will process this application for Supplemental Security Income as quickly as
possible. If you have trouble getting any information or records we have asked
for, please contact us and we will help you.

You should hear from us within _____30_____ days after you have given us all the
information we requested. Some claims may take longer if we need more
information. If you do not get a check or a notice by then, please get in touch
with us.

If you have a question or something to report, call (81) 766-0072 and ask for
any representative. If you call or visit our office, please have this summary
with you. For general information about Social Security, visit our web site at
www.socialsecurity.gov on the Internet.

RECIPIENT:   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   ANTHONY W DEDRICK


You may visit or write to the Social Security Office at:

SOCIAL SECURITY
109 E. TAYLOR STREET
LAWRENCEBURG TN 38464

## REPORTING RESPONSIBILITIES FOR SUPPLEMENTAL SECURITY INCOME

The amount of a Supplemental Security Income check is based on the information told to us. You must tell Social Security every time there is a change while we process this application AND if you start receiving Supplemental Security Income.

Remember, a change may make the SSI monthly payment bigger or smaller. Report changes in income of your ineligible spouse who lives with you, or your sponsor or sponsor's spouse if you are an alien. You must also report changes in things of value that these people own. Report changes in income, school attendance and marital status of ineligible children who live with you.

You must tell us about any change within 10 days after the month it happens. If you do not report changes, we may have to take as much as $25, $50, or $100 out of future checks.

## HOW TO REPORT CHANGES FOR SUPPLEMENTAL SECURITY INCOME

You can make your reports by telephone at the telephone number shown or you may report in person or by mail at the address shown. Always give the Social Security number when writing or telephoning us. If you have any questions, we will be glad to help you. See "Changes to Report for Supplemental Security Income".

## CHANGES TO REPORT FOR SUPPLEMENTAL SECURITY INCOME

WHERE YOU LIVE -- You must report to Social Security if:

o   You move.

o   You (or your spouse) leave your household for a calendar month or longer. For example, you enter a hospital or visit a relative.

o   You are no longer a legal resident of the United States.

o   You leave the United States for 30 days or more.

o   You are admitted to, for a calendar month or longer, or released from a hospital, nursing home, prison or other institution.

RECIPIENT:   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   ANTHONY W DEDRICK

HOW YOU LIVE -- You must report to Social Security:

o   If someone moves into or out of your household.

o   If the amount of money you pay toward household expenses
    changes.

o   Births and deaths of any people with whom you live.

o   Your marital status changes:
    -   You get married.
    -   Your marriage ends in divorce or is annulled.
    -   You separate from your spouse or start living together again after a
        separation.
    -   You begin living with someone as husband and wife.
    -   Your spouse or former spouse dies.

INCOME -- You must report to Social Security if:

o   The amount of money (or checks or any other type of payment)
    you receive from someone or someplace goes up or down or you start to
    receive money (or checks or any other type of payment).

o   You start work or stop work.

o   Your earnings go up or down.

o   You become eligible for benefits other than SSI.

HELP YOU GET FROM OTHERS -- You must report to Social Security if:

o   The amount of help (money, food or payment of household expenses)
    you receive goes up or down.

o   Someone stops helping you.

o   Someone starts helping you.

THINGS OF VALUE THAT YOU OWN -- You must report to Social Security if:

o   The value of your resources goes over $2,000 when you add them all together
    ($3,000 if you are married and living with your spouse).

o   You sell or give any things of value away.

o   You buy or are given anything of value.

YOU ARE BLIND OR DISABLED -- You must report to Social Security if:

o   Your condition improves or your doctor says you can
    return to work.

o   You go to work.

RECIPIENT:   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   ANTHONY W DEDRICK


IF A WARRANT HAS BEEN ISSUED FOR YOUR ARREST -- You must report to Social
Security if:

o   You flee prosecution or to avoid custody or confinement after conviction for
    a crime, or an attempt to commit a crime, which is a felony (or in New
    Jersey, a high misdemeanor).

o   You violate a condition of your parole or probation under Federal or State
    law.

Total SSI underpayment − $13,650.⁰⁰

Dec. 1  −  $389.⁰⁰

Form Approved
OMB No. 0960-02?

SOCIAL SECURITY ADMINISTRATION/OFFICE OF HEARINGS AND APPEALS

## REQUEST FOR REVIEW OF HEARING DECISION/ORDER
*(Take or mail original and all copies to your local Social Security office)*

See Privacy Act
Notice on Reserve

| 1. CLAIMANT | 2. WAGE EARNER, IF DIFFERENT |
|---|---|
| Anthony W. Dedrick | |

| 3. SOCIAL SECURITY CLAIM NUMBER | 4. SPOUSE'S NAME AND SOCIAL SECURITY NUMBER. *(Complete ONLY in Supplemental Security Income Case)* |
|---|---|
| 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 | |

5. I request that the Appeals Council review the Administrative Law Judge's action on the above claim because:

The ALJ found the claimant to be able to do light work, But did not name a single job he could do in light of his multiple medical problems, and his lack of transferable skills.

### ADDITIONAL EVIDENCE

If you have additional evidence, submit it with this request for review. If you need additional time to submit evidence or legal argument, you must request an extension of time in writing now. If you request an extension of time, you should explain the reason(s) you are unable to submit the evidence or legal argument now. If you neither submit evidence or legal argument now nor within any extension of time the Appeals Council grants, the Appeals Council will take its action based on the evidence of record.

IMPORTANT: Write your Social Security Claim Number on any letter or material you send us.

SIGNATURE BLOCKS: You should complete No. 6 and your representative (if any) should complete No. 7. If you are represented and your representative is not available to complete this form, you should also print his or her name, address, etc. in No. 7.

| DATE 12/08/04 | ☒ ATTORNEY ☐ NON-ATTORNEY |
|---|---|
| 6. CLAIMANT'S SIGNATURE | 7. REPRESENTATIVE'S SIGNATURE |
| PRINT NAME Anthony W. Dedrick | PRINT NAME A. Russell Larson |
| ADDRESS 7021 Elgie - Dugger Lane | ADDRESS Post Office Box 2163 |
| (CITY, STATE, ZIP CODE) Waynesburg, TN. 38345 | (CITY, STATE, ZIP CODE) Jackson, TN. 38302-2163 |
| TELEPHONE NUMBER (INCLUDE AREA CODE) (931) 722-2467 | TELEPHONE NUMBER (731) 422-3344 FAX NUMBER (INCLUDE AREA CODE (731) 422-3363 |

### THE SOCIAL SECURITY ADMINISTRATION STAFF WILL COMPLETE THIS PART

8. Request received for the Social Security Administration on _____ by: _____

| (Title) | (Address) | Servicing FO Code | PC Code |
|---|---|---|---|

9. Is the request for review received within 65 days of the ALJ's Decision/Dismissal?   Yes ☐   No ☐

10. If no checked: (1) attach claimant's explanation for delay; and (2) attach copy of appointment notice, letter or other pertinent material or information in the Social Security Office.

| 11. Check one: ☐ Initial Entitlement ☐ Termination or other | 12. Check all claim types that apply: |
|---|---|
| | ☐ Retirement or survivors (RSI) |
| | ☐ Disability—Worker (DIWC) |
| | ☐ Disability—Widow(er) (DIWW) |
| APPEALS COUNCIL OFFICE OF HEARINGS AND APPEALS. SSA 5107 Leesburg Pike FALLS CHURCH, VA 22041 - 3255 | ☐ Disability—Child (DIWC) |
| | ☐ SSI Aged (SSIA) |
| | ☐ SSI Blind (SSIB) |
| | ☐ SSI Disability (SSID) |
| | ☐ Health Insurance-Part A (HIA) |
| | ☐ Health Insurance-Part B (HIB) |
| | ☐ Other—Specify: _____ |

**CLAIMANT'S COPY**

1130
729
MMS

**Supplemental Security Income**
**Notice of Reconsideration - Disability**

From:  Social Security Administration

Date:  OCT 21 2003

ANTHONY W DEDRICK
APT 47
WILLOWBROOK DR
WAYNESBORO TN 38485

Claim Number:  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

Reconsideration Filed:  07/14/03

Upon receipt of your request for reconsideration we had your claim independently reviewed by a physician and disability examiner in the State agency which works with us in making disability determinations.  The evidence in your case has been thoroughly evaluated; this includes the medical evidence and the additional information received since the original decision.  We find that the previous determination denying your claim was proper under the law.  Attached to this notice is an explanation of the decision we made in your claim and how we arrived at it.

If you believe that the reconsideration determination is not correct, you may request a hearing before an administrative law judge of the Office of Hearings and Appeals. If you want a hearing, you must request it not later than 60 days from the date you receive this notice.  You may make your request through any Social Security office. Read the enclosed leaflet and this entire notice for a full explanation of your right to appeal.

You have the right to file a new application at any time, but filing a new application is not the same as appealing this decision.  You might lose benefits if you file a new application instead of filing an appeal.  Therefore, if you think this decision is wrong, you should ask for an appeal within 60 days.

Please get in touch with Social Security if you believe this decision is wrong or you have any questions or need more information Most questions can be handled by phoning or writing any Social Security office.  If you visit a Social Security office, please bring this notice with you.  If the decision in your case is based on incorrect information, we will be happy to make whatever change is necessary.

This decision refers only to your claim for supplemental security income payments. You will receive a separate notice if you also filed a claim for social security payments.

YOUR RIGHT TO APPEAL

If you still are not satisfied with the decision, you may request a hearing of this decision by the Office of Hearing and Appeals.  YOU MUST REQUEST THE HEARING IN WRITING WITHIN 60 DAYS FROM THE DATE YOU RECEIVE THIS NOTICE.  If you cannot send us a written request for a hearing within 60 days, be sure to contact us by phone.  If you wait longer than 60 days, we will not conduct a hearing review of our decision unless you have a good reason for delay.

If you request a hearing, your case will be assigned an administrative law judge of the Office of Hearing and Appeals.  The administrative law judge will let you know

when and where your case will be heard.

The hearing proceedings are informal.  The administrative law judge will summarize the facts in your case, explain the law, and state what must be decided.  Then you will have an opportunity to explain why you disagree with the decision made in your case, to present additional evidence and to have a witness testify for you.  You can also request the administrative law judge to subpoena unwilling witnesses to appear for cross-examination and to bring with them any information about your case.  You have the right to request the administrative law judge to issue a decision based on the written record without you personally appearing before him/her.  If you decide not to appear at the hearing, you still have the right to submit additional evidence.  The administrative law judge will base the decision on the evidence in your file plus any new evidence submitted.

In having your case heard, you can represent yourself or be represent- ed by a lawyer, a friend, or any person.  Contact your Social Security office for names of organizations that can help you.

Enclosure:
SSA Pub. No. 70-10281

B08

**Social Security Administration**

**RETIREMENT, SURVIVORS, AND DISABILITY INSURANCE**          442
**SUPPLEMENTAL SECURITY INCOME**                             788
**Notice of Disapproved Claims**                             MAG


JUN  6 2003


ANTHONY W DEDRICK                          Date:
APT 47 WILLOWBROOK DR
WAYNESBORO TN 38485                        Claim Number: 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


We are writing about your claims for Social Security and Supplemental Security Income
(SSI) disability benefits.  Based on a review of your health problems you do not
qualify for benefits on either claim.  This is because you are not disabled or blind
under our rules.

We have enclosed information about the disability and blindness rules and more
details about the decisions on your claims.

ABOUT THE DECISIONS

Doctors and other trained staff looked at your case and made these decisions.  They
work for your State but used our rules.

Please remember that there are many types of disability programs, both government and
private, which use different rules.  A person may be receiving benefits under another
program and still not be entitled under our rules.  This may be true in your case.

IF YOU DISAGREE WITH THE DECISIONS

If you disagree with these decisions, you have the right to appeal.  We will review
your case and consider any new facts you have.  A person who did not make the first
decision will decide your case.

   *  You have 60 days to ask for an appeal.

   *  The 60 days start the day after you get this letter.  We assume
      you got this letter 5 days after the date on it unless you show
      show us that you did not get it within the 5-day period.

   *  You must have a good reason for waiting more than 60 days to ask for an appeal.

   *  You have to ask for an appeal in writing.  We will ask you to sign a form
      SSA-561-U2, called "Request for Reconsidersation."  Contract one of our offices
      if you want help.

Please read the enclosed pamphlets, "Your Right to Question the Decision Made on Your
Social Security Claim" and "Your Right to Question the Decision Made on Your SSI
Claim."  They contain more information about appeals.

NEW APPLICATION

Form SSA-L442-U3 (7-93)

You have the right to file a new application at any time, but filing a new application is not the same as appealing a decision.  If you disagree with either of these decisions and you file a new application for Social Security or SSI instead of appealing, you might lose some benefits, or not qualify for any benefits.  Also, we could deny the new Social Security application using this decision, if the facts and issues are the same.  So, if you disagree with either decision, you should ask for an appeal within 60 days.

IF YOU WANT HELP WITH YOUR APPEAL

You can have a friend, lawyer, or someone else help you.  There are groups that can help you find a lawyer or give you free legal services if you qualify.  There are also lawyers who do not charge unless you win your appeal.  Your local Social Security office has a list of groups that can help you with your appeal.

If you get someone to help you, you should let us know.  If you hire someone, we must approve the fee before he or she can collect it.  And if you hire a lawyer, we will withhold up to 25 percent of any past due Social Security benefits to pay toward the fee.  We do not withhold money from SSI benefits to pay your lawyer.

IF YOU HAVE ANY QUESTIONS

If you have any questions, you may call us toll-free at 1-800-772-1213, or call your local Social Security office at (931) 766-0072.  We can answer most questions over the phone.  You can also write or visit any Social Security office.  The office that serves your area is located at:

> 109 East Taylor Street
> Lawrenceburg TN 38464

If you do call or visit an office, please have this letter with you.  It will help us answer your questions.  Also, if you plan to visit an office, you may call ahead to make an appointment.  This will help us serve you more quickly.

Regional Commissioner

DISABILITY AND BLINDNESS RULES
RULES FOR SOCIAL SECURITY DISABILITY

You must meet certain rules to qualify for Social Security disability benefits:

FOR DISABLED WORKER'S BENEFITS:

You must have the required work credits and your health problems must:

* keep you from doing any kind of substantial work (described below), and

* last, or be expected to last, for at least 12 months in a row, or result in death.

FOR DISABLED CHILD'S BENEFITS:

You must be age 18 or older and your health problems must:

* begin before age 22 OR you must become disabled again within 7 years after the month that your earlier period of disability ended, and

* keep you from doing any kind of substantial work (described below), and

     *  last, or be expected to last, for at least 12 months in a row, or result in death.

FOR DISABLED WIDOW'S, WIDOWER'S OR SURVIVING DIVORCED SPOUSE'S BENEFITS:

You must be at least age 50, and your health problems must:

     *  keep you from doing any kind of substantial work (described below), and

     *  last, or be expected to last, for at least 12 months in a row, or result in death, and

     *  have started before the end of a special period.

     The special period STARTS with the latest of:
       ---the month your spouse died, OR
       ---the month your Social Security benefits as a parent ended, OR
       ---the month your earlier period of widow(er)'s disability ended.
     The special period ENDS at the close of the 84th month (7 years) after the
     month it started.

DISABILITY AND BLINDNESS RULES
RULES FOR SSI DISABILITY AND BLINDNESS

You must meet certain rules to qualify for SSI payments based on disability:

FOR PAYMENT AS A DISABLED ADULT:

If you are age 18 or older your health problem must:

     *  keep you from doing any kind of substantial work (described below), and

     *  last, or be expected to last, for a least 12 months in a row, or result in death.

FOR PAYMENT AS A DISABLED CHILD:

     *  You must meet certain rules to qualify for SSI payments based on disability.

     *  You must have a medically established physical or mental condition that causes marked and severe functional limitations.

     *  That condition must last, or be expected to last, for at least 12 months in a row, or be expected to result in death.

     *  Also, you cannot be doing any kind of substantial work (described on the next page).

YOU MUST MEET CERTAIN RULES TO QUALIFY FOR SSI PAYMENTS BASED ON BLINDNESS:

     *  your eyesight must be no better than 20/200 in the better eye with the use of a correcting lens, OR

     *  your visual fields must be restricted to 20 degrees or less.

You can qualify for SSI benefits due to blindness even if you can do substantial

work.

## INFORMATION ABOUT SUBSTANTIAL WORK

Generally, substantial work is physical or mental work you are paid to do.  Work can be substantial even if it is part-time.  To decide if your work is substantial, we consider the nature of the job duties, the skills and experience you need to do the job, and how much you actually earn.

Usually, we find that your work is substantial if your gross earnings average over $800 per month after we deduct allowable amounts.  This monthly amount is higher for Social Security disability benefits due to blindness.

Your work may be different than before your health problems began.  It may not be as hard to do and your pay may be less.  However, we may still find that your work is substantial under our rules.

If you are self-employed, we consider the kind and value of your work, including your part in the management of the business, as well as your income, to decide if your work is substantial.

## INFORMATION ABOUT OTHER BENEFITS OTHER BENEFITS

Based on the application you filed, you are not entitled to any other benefits besides those you may already be getting.  In the future, if you think you may be entitled to other benefits you will need to apply again.  If you disagree with this decision, you have the right to appeal.  The appeal was described earlier in this letter.

## MEDICAID

Since you are not receiving SSI payments, you are not automatically eligible for medical assistance under the Medicaid program.  However, if you need help with medical bills, you still may be eligible for medical assistance.  To find out if you are eligible for help you should get in touch with the Tennessee Department of Human Services.

## TENNCARE

Even if you cannot get SSI, you may be able to get TennCare.  TennCare helps pay medical bills.  TennCare can cover people even if they cannot get Medicaid.  TennCare may be able to cover you and others in your family who need health insurance.  To apply for TennCare, you can go to the nearest county health department, Employment Security office or Department of Human Serves (DHS) office.  Or you can call the TennCare Hot Line at 1-800-669-1851.  (It is a free call).

Enclosures:
SSA Publication No. 05-11008 and No. 05-10058,
Explanation of Decision
Disability Rules and Other Benefits Factsheets                      B08

SOCIAL SECURITY ADMINISTRATION                    E30688/788/MAG

## EXPLANATION OF DETERMINATION

| Name of Claimant | W/E's Name (If CDB or DWB) | SSN | Type of Claim |
|---|---|---|---|
| ANTHONY W DEDRICK | | 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 | INDIB |

The following reports were used to decide this claim:

ST THOMAS HOSPITAL 01/08/03 01/17/03
DR ESMERALDO HERRERA MD 04/04/97 05/02/03
WAYNE MEDICAL CENTER 03/06/97 04/21/03
TN DEPT OF CORRECTIONS 10/13/99 03/19/02
MAURY REGIONAL HOSPITAL 09/28/99 01/08/03
DR DARREL R RINEHART MD ASE Consultative Exam 05/16/03

You said you are unable to work because of poor hearing, hypertension, allergies, heart
problems, diabetes, and arthritis.

Although you have decreased hearing, the evidence shows that you have the ability to
hear and understand conversation satisfactorily.

The evidence shows that your blood pressure, though higher than normal at times, has not
seriously damaged your heart, kidney, or other vital organs.

The evidence shows your allergies are not of such frequency or severity as to seriously
limit your activities.

Special testing shows that your heartbeat and function are satisfactory for many normal
activities.

Although your diabetes has caused you some problems, you are still able to do most
normal daily activities.

Although you do have arthritis pain, the evidence shows that you are able to stand, move
about and use your arms, hands and legs in a satisfactory manner.

You performed the job of Carpenter for four years.  Based on your description of this
job, we have concluded you are able to perform it.

We have determined that your condition is not severe enough to keep you from working.
We considered the medical and other information, your age, education, training, and work
experience in determining how your condition affects your ability to work.

If your condition gets worse and keeps you from working, write, call or visit any Social
Security office about filing another application.

Form  SSA-4268-U4    (1/85)

928
729
MMS

**Social Security**
**Notice of Reconsideration**

From:  Social Security Administration

OCT 21 2003

DATE:

ANTHONY W DEDRICK
APT 47                                      CLAIM NUMBER:  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
WILLOWBROOK DR
WAYNESBORO TN 38485                         CLAIM FOR
                                            [x] Disability Insurance Benefits
                                            [] Disabled Widow, Widower Benefits
                                            [] Childhood Disability Benefits
                                            [] Medicare Coverage Only

Upon receipt of your request for reconsideration we had your claim independently
reviewed by a physician and disability examiner in the State agency which works with
us in making disability determinations.  The evidence in your case has been
thoroughly evaluated; this includes the medical evidence and the additional
information received since the original decision.  We find that the previous
determination denying your claim was proper under the law.  Attached to this notice
is an explanation of the decision we made on your claim and how we arrived at it.
The reverse of this notice identifies the legal requirements for your type of claim.

The determination on your claim was made by an agency of the State.  It was not made
by your own doctor or by other people or agencies writing reports about you.
However, any evidence they gave us was used in making this determination.  Doctors
and other people in the State agency who are trained in disability evaluation
reviewed the evidence and made the determination based on Social Security law and
regulations.

If you believe that the reconsideration determination is not correct, you may request
a hearing before an administrative law judge of the Office of Hearing and Appeals.
If you want a hearing, you must request it not later than 60 days from the date you
receive this notice.  You may make your request through any Social Security office.
Read the enclosed leaflet for a full explanation of your right to appeal.

You have the right to file a new application at any time, but filing a new
application is not the same as appealing this decision.  You might lose benefits if
you file a new application instead of filing an appeal.  Therefore, if you think this
decision is wrong, you should ask for an appeal within 60 days.

This decision refers only to your claim for benefits under the Social Security
Disability Insurance Program.  If you applied for other benefits, you will receive a
separate notice when a decision is made on that claim(s).

If you have questions about your claim, you should get in touch with any Social
Security office.  Most questions can be handled by telephone or mail.  If you visit
an office, however, please take this letter with you.

Summarized below are legal requirements for the various types of disability claims:

DISABILITY INSURANCE CLAIM

To be considered disabled, a person must be unable to do any substantial gainful work due to a medical condition which has lasted or is expected to last for at least 12 months in a row.  The condition must be severe enough to keep a person from working not only in his or her usual job, but in any other substantial gainful work.  We look at the person's age, education, training and work experience when we decide whether he or she can work.

DISABLED WIDOW (WIDOWER) CLAIM

A widow, widower, or surviving divorced wife (age 50-60) must meet the disability requirement of the law within a specified 7-year period.  A person may be considered disabled only if he or she has a physical or mental impairment that is so severe as to ordinarily prevent a person from working.  The disability must have lasted or be expected to last a continuous period of at least 12 months.

CHILDHOOD DISABILITY BENEFITS

Childhood disability benefits may be paid to a person age 18 or older if the person has a disability which began before age 22 or within 84 months of the end of an earlier period of childhood disability.  The condition, whether physical or mental, must be severe enough to keep the person from doing any substantial gainful work.  We look at the person's age, education and previous training when we decide whether he or she can work.  In addition, the condition must have lasted or be expected to last for at least 12 months in a row.


This decision refers only to your claim for benefits under the Social Security Disability Insurance Program.  If you have not already received a decision about your payments under the supplemental security income program, you will receive a separate notice shortly.

Enclosure:                                                        B08
SSA Pub. No. 70-10281,

SOCIAL SECURITY ADMINISTRATION                    F03680/729/MMS

## EXPLANATION OF DETERMINATION

| Name of Claimant | W/E's Name (If CDB or DWB) | SSN | Type of Claim |
|---|---|---|---|
| ANTHONY W DEDRICK | | 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 | RCDIB |

The following reports were used to decide this claim in addition to those listed on the previous notice:

V A HOSPITAL 04/06/03 04/14/03
DR ESMERALDO HERRERA MD 01/03/03 05/23/03

You said you are unable to work because of hearing loss, hypertension, allergies, heart problems, diabetes, and arthritis.

Although you have decreased hearing, the evidence shows that you have the ability to hear and understand conversaion satisfactorily.

The evidence shows that your blood pressure, though higher than normal at times, has not seriously damaged your heart, kidney, or other vital organs.

Special testing shows that your heartbeat and function are satisfactory for many normal activities.

Although your diabetes has caused you some problems, you are still able to do most normal daily activities.

Although you do have arthritis pain, the evidence shows that you are able to stand, move about and use your arms, hands and legs in a satisfactory manner.

Medical records do not reveal complications due to allergies which would be disabling.

You performed the job of carpenter for 4 year(s).  Based on your description of this job, we concluded that you are able to perform it.

We have determined that your condition is not severe enough to keep you from working. We considered the medical and other information, your age, education, training, and work experience in determining how your condition affects your ability to work.

If your condition gets worse and keeps you from working, write, call or visit any Social Security office about filing another application.

Form SSA-4268-U4    (1/85)

*** REC 2003043  084846 H77803E0 DD45  CIPCMAG   PCAG  (F DD4 ) ***

February 12, 2003, 08:48
PAGE    1

NH 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                                    SG-SSA-16

RECEIPT FOR YOUR CLAIM FOR SOCIAL SECURITY DISABILITY INSURANCE BENEFITS


ANTHONY W DEDRICK
APT 47
WILLOWBROOK DR
WAYNESBORO TN 38485

NAME OF PERSON TO CONTACT     *Mr. Keeton*     : UNIT: MDKGGA    :
ABOUT YOUR CLAIM: _____            : 2/18/03         :

THE TELEPHONE NUMBERS TO CALL IF YOU HAVE A QUESTION OR SOMETHING TO REPORT
ARE:

BEFORE YOU RECEIVE A NOTICE OF AWARD: 931/266.0072

AFTER YOU RECEIVE A NOTICE OF AWARD:

SOCIAL SECURITY INFORMATION IS ALSO AVAILABLE TO INTERNET USERS AT
WWW.SOCIALSECURITY.GOV.

YOUR APPLICATION FOR SOCIAL SECURITY BENEFITS HAS BEEN RECEIVED AND WILL BE
PROCESSED AS QUICKLY AS POSSIBLE.

YOU SHOULD HEAR FROM US WITHIN 190 DAYS AFTER YOU HAVE GIVEN US ALL THE
INFORMATION WE REQUESTED. SOME CLAIMS MAY TAKE LONGER IF ADDITIONAL INFORMATION
IS NEEDED.

IN THE MEANTIME, IF YOU CHANGE YOUR ADDRESS, OR IF THERE IS SOME OTHER CHANGE
THAT MAY AFFECT YOUR CLAIM, YOU - OR SOMEONE FOR YOU - SHOULD REPORT THE
CHANGE.

ALWAYS GIVE US YOUR CLAIM NUMBER WHEN WRITING OR TELEPHONING ABOUT YOUR
CLAIM. IF YOU HAVE ANY QUESTIONS ABOUT YOUR CLAIM, WE WILL BE GLAD TO
HELP YOU.

NH 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                                    SG-SSA-16


WE ARE RETURNING ANY DOCUMENT(S) YOU MAY HAVE SUBMITTED WITH YOUR APPLICATION.

CLAIMANT                           SOCIAL SECURITY CLAIM NO.
ANTHONY W DEDRICK                  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

- RECEIPT FOR YOUR CLAIM FOR SUPPLEMENTAL SECURITY INCOME
RECEIPT DATE:  February 12, 2003

ANTHONY W DEDRICK                                            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

If you have a question or something to report call *(931) 766.0072*    . For
general information about Social Security, visit our web site at
www.socialsecurity.gov on the Internet.

You may visit or write to the Social Security Office at:

SOCIAL SECURITY
109 E. TAYLOR STREET
LAWRENCEBURG TN 38464


We will process your application for Supplemental Security Income as quickly as
possible. If you have trouble getting any information or records we have asked
for, please contact us and we will help you.

You should hear from us within *190*    days after you have given us all the
information we requested. Some claims may take longer if we need more
information. If you do not get a check or a notice by then, please get in touch
with us.

## REPORTING RESPONSIBILITIES

The amount of a Supplemental Security Income check is based on the information
told to us. You must tell Social Security every time there is a change while we
process your application AND if you start receiving Supplemental Security
Income.

Remember, a change may make the SSI monthly payment bigger or smaller. Report
changes in income of your ineligible husband/wife who lives with you, or your
sponsor or sponsor's spouse if you are an alien. You must also report changes
in things of value that these people own. Report changes in income, school
attendance and marital status of ineligible children who live with you.

You must tell us about any change within 10 days after the month it happens. If
you do not report changes, we may have to take as much as $25, $50, or $100 out
of future checks.

HOW TO REPORT   You can make your reports by telephone at the telephone number
                shown above or you may report in person or by mail at the
                address shown. Always give the Social Security number when
                writing or telephoning us. If you have any questions, we will be
                glad to help you. See "Changes to Report."

                  KEEP THIS PAGE FOR YOUR RECORDS



        ANTHONY W DEDRICK
        APT 47
        WILLOWBROOK DR
        WAYNESBORO, TN 38485

CHANGES TO REPORT

WHERE YOU LIVE -- You must report to Social Security if:

o  You move.

o  You (or your spouse) leave your household for a calendar month or
   longer. For example, you enter a hospital or visit a relative.

o  You are no longer a legal resident of the United States.

o  You leave the United States for 30 days or more.

o  You are admitted to, for a calendar month or longer, or released from a
   hospital, nursing home, prison or other institution.

HOW YOU LIVE -- You must report to Social Security:

o  If someone moves into or out of your household.

o  If the amount of money you pay toward household expenses
   changes.

o  Births and deaths of any people with whom you live.

o  Your marital status changes:
   -  You get married.
   -  Your marriage ends in divorce or is annulled.
   -  You separate from your spouse or start living together again after a
      separation.
   -  You begin living with someone as husband and wife.
   -  Your spouse or former spouse dies.

INCOME -- You must report to Social Security if:

o  The amount of money (or checks or any other type of payment)
   you receive from someone or someplace goes up or down or you start to
   receive money (or checks or any other type of payment).

o  You start work or stop work.

o  Your earnings go up or down.

o  You become eligible for benefits other than SSI.

HELP YOU GET FROM OTHERS -- You must report to Social Security if:

o  The amount of help (money, food, clothing, or payment of
   household expenses) you receive goes up or down.

o  Someone stops helping you.

o  Someone starts helping you.

THINGS OF VALUE THAT YOU OWN -- You must report to Social Security if:

o   The value of your resources goes over $2,000 when you add them all together
     ($3,000 if you are married and living with your spouse).

o   You sell or give any things of value away.

o   You buy or are given anything of value.

YOU ARE BLIND OR DISABLED -- You must report to Social Security if:

o   Your condition improves or your doctor says you can
     return to work.

o   You go to work.

IF A WARRANT HAS BEEN ISSUED FOR YOUR ARREST -- You must report to Social
Security if:

o   You flee prosecution or to avoid custody or confinement after conviction for
     a crime, or an attempt to commit a crime, which is a felony (or in New
     Jersey, a high misdemeanor).

o   You violate a condition of your parole or probation under Federal or State
     law.