Barbara Scott Girard
ABS Legal Services, LLC
3301 Clinton Parkway Court, Suite 1
P.O. Box 3450
Lawrence, KS 66047
Tel. (785) 749-2440
Fax (785) 749-2423

COPY

# IN THE UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

| | |
|---|---|
| ANTHONY W. DEDRICK,<br><br>Appellant,<br><br>v.<br><br>R. JAMES NICHOLSON,<br>Secretary of Veterans Affairs,<br><br>Appellee. | Vet. App. No. 04-1349 |

## BRIEF OF APPELLANT

Pursuant to U.S. Vet.App. R. 28 and 31, the Appellant, Anthony W. Dedrick (hereinafter referred to as appellant or veteran), respectfully submits to the United States Court of Appeals for Veterans Claims, the initial brief of Appellant in the above-captioned case. Appellant appeals from the decision of the Board of Veterans Appeals dated July 8, 2004, denying the veteran's claim of entitlement to an increased disability evaluation higher than ten percent for service-connected bilateral sensorineural hearing loss.

# TABLE OF CONTENTS

                                                                                                           <u>Page</u>

Table of Authorities ................................................................................... ii

Statement of the Issue .................................................................................1

Statement of the Case..................................................................................1

Summary of the Argument..........................................................................2

Argument.....................................................................................................3

      THE BVA ERRED WHEN IT FAILED TO PROVIDE A
      MEDICAL EXAMINATION TO DETERMINE THE EXTENT
      OF THE VETERAN'S HEARING LOSS SINCE THE APRIL
      2003 VA COMPENSATION AND PENSION EXAMINATION. ...............3

Conclusion...................................................................................................5

Certificate of Service...................................................................................6

i

# TABLE OF AUTHORITIES

Page

### Cases:

*Colvin v. Derwinski*,
      1 Vet. App. 171 (1991). ...............................................................................3

*Espiritu v. Derwinski*,
      2 Vet. App. 492 (1992). ...............................................................................4

### Statutes:

38 U.S.C.S. § 5103A(d)(1) (2004). ....................................................................3

38 U.S.C.S. § 5103A(d)(2)(A)-(C) (2004). .......................................................3

38 U.S.C.S. § 5103A(g) (2004). ........................................................................3

### Regulations:

38 C.F.R. § 3.327(a) (2004). ..............................................................................3

## STATEMENT OF THE ISSUE

The BVA erred when it failed to provide a medical examination to determine whether the veteran's hearing loss had worsened since the April 2003 VA medical examination.

## STATEMENT OF THE CASE

The veteran served from September 1972 to March 1975, February 1979 to March 1982, September 1984 to January 1987, and September 1990 to June 1991. (R. 2).

In October 1991, the veteran was granted a zero percent disability rating for hearing loss in the left ear with tinnitus. (R. 90). The veteran's claim of service connection for right ear hearing loss was denied. (R. 90). In March 2003, the veteran filed a claim seeking an increase in his disability rating for his left ear, for service connection for his right ear hearing loss, and for tinnitus. (R. 110).

The veteran attended an audio Compensation and Pension examination in April 2003. (R. 118). The exam found an average 56.3 dB in the veteran's right ear and 87.5 dB in the veteran's left ear. (R. 119-20). The veteran speech recognition score was 88 percent in the right ear and 82 percent in the left ear. (R. 120). The veteran was diagnosed with sensorineural hearing loss in the right ear, mixed hearing loss in the left ear, and with bilateral tinnitus. (R. 120).

In May 2003, the veteran received a ten percent disability rating for left ear hearing loss with tinnitus. (R. 122-24). The veteran submitted a Notice of Disagreement in June 2003. (R. 131). In July 2003, the veteran was granted a ten percent disability rating for bilateral hearing loss. (R. 134-35). The veteran submitted a Notice of

1

Disagreement to the July 2003 rating decision. (R. 142). In August 2003, the Nashville Regional Office (RO) issued a Statement of the Case affirming the July 2003 rating decision. (R. 158-71).

The veteran attended a hearing before the BVA in February 2004. (R. 176-86). The veteran testified that his hearing had worsened in the ten months since the April 2003 VA examination. (R. 179). The veteran also testified that his tinnitus had worsened and that it was worse than the hearing loss. (R. 180, 184).

On July 8, 2004, the BVA issued its decision denying the veteran's claim of entitlement to an increased disability rating for his service connected bilateral sensorineural hearing loss. (R. 1-12). The veteran now appeals this decision.

## SUMMARY OF THE ARGUMENT

The VA shall order a medical examination when the record is insufficient to make a determination on a veteran's claim as part of its duty to assist the veteran in developing a claim for disability benefits. In April 2003, the veteran attended an audio Compensation and Pension examination. In February 2004, the veteran testified in a hearing before the BVA that his hearing loss had worsened since the April 2003 VA examination.

In denying the veteran's claim of entitlement to an increased disability rating for bilateral sensorineural hearing loss, the BVA relied on the April 2003 medical examination. However, even though a veteran may not make medical diagnoses about his condition, he is competent to testify about the symptoms he experiences. Since he has testified that his hearing had worsened from April 2003 to February 2004, and he is

2

competent to testify to those symptoms, the BVA should not have based its decision on the April 2003 VA examination since it did not provide current medical data regarding the veteran's hearing loss.

The BVA erred when it failed to seek a current medical examination to determine the extent of the veteran's hearing loss since the April 2003 VA examination.

## ARGUMENT

THE BVA ERRED WHEN IT FAILED TO PROVIDE A MEDICAL EXAMINATION TO DETERMINE THE EXTENT OF THE VETERAN'S HEARING LOSS SINCE THE APRIL 2003 VA COMPENSATION AND PENSION EXAMINATION.

As part of the VA's duty to assist a claimant in developing his or her claim, it may order a medical examination when one is necessary to make a decision on a claim. *See* 38 U.S.C.S. § 5103A(d)(1) (2004). Although a medical examination is deemed necessary when, considering all the evidence of record, including lay testimony, the record contains evidence of a current disability, evidence of an in-service incident, but the record does not contain evidence of a medical nexus linking them, the Secretary is not precluded from providing other assistance to a claimant to substantiate a claim. *See* 38 U.S.C.S. § 5103A(d)(2)(A)-(C) (2004); 38 U.S.C.S. § 5103A(g) (2004). In addition, if the record is insufficient for the Board to make a decision on a claim for benefits, then it is encouraged to supplement the record by seeking an advisory opinion, ordering a medical examination, or by citing a recognized medical treatise. *See Colvin v. Derwinski*, 1 Vet. App. 171, 175 (1991). *See also* 38 C.F.R. § 3.327(a) (2004) ("Reexaminations . . . will be requested whenever VA determines there is a need to verify . . . the current severity of

a disability. Generally, reexaminations will be required if . . . evidence indicates there has been a material change in a disability . . . .").

In this case, the veteran received an audio Compensation and Pension examination in April 2003. (R. 118-20). The VA used that examination to determine that the veteran was entitled to a ten percent disability rating. (R. 134-35). However, the veteran testified in February 2004 that his hearing had worsened in the ten months since his last examination. (R. 179).

In denying the veteran's claim for an increased disability rating, the BVA relied on the April 2003 VA examination. (R. 9-10). However, the April 2003 examination does not provide current information regarding the veteran's hearing loss since the veteran has testified that his hearing loss has worsened since that exam. (R. 179). Although the veteran may not be qualified to testify to issues requiring expert medical knowledge, the veteran is qualified to testify to the symptoms from which he suffers. *See Espiritu v. Derwinski*, 2 Vet. App. 492, 494-95 (1992).

The record was insufficient to determine whether the veteran's hearing loss had worsened since April 2003. The BVA erred when it relied on the April 2003 VA medical examination to deny the veteran's claim for entitlement to an increased disability rating. In order for it to make a proper determination on the veteran's claim, it should have sought an advisory opinion, a medical examination, or medical treatise information to support its conclusion. However, the BVA erred when it failed to seek current medical data to determine the extent of the veteran's hearing loss since the April 2003 VA medical examination.

## CONCLUSION

The veteran asks this Court to vacate the July 8, 2004, BVA decision denying the veteran's claim of entitlement to a disability rating greater than ten percent for bilateral sensorineural hearing loss and remand his claim so that the veteran may receive a current medical examination to determine the extent of his bilateral hearing loss since the April 2003 examination.

Respectfully submitted,

*Barbara Scott Girard*
Barbara Scott Girard
Attorney for the Appellant
ABS Legal Services, LLC
3301 Clinton Parkway Court, Suite 1
P.O. Box 3450
Lawrence, KS  66047

## CERTIFICATE OF SERVICE

I certify that a true and correct original and three true and correct copies of the foregoing brief was sent overnight via Federal Express this 20th day of April, 2005, to the Clerk of the Court of Appeals for Veterans Claims and mailed via United States Postal Service to Robert W. Legg, Esq., Appellate Attorney, Office of General Counsel, US Dept. of Veterans Affairs, 810 Vermont Avenue, N.W., Washington, D.C. 20420.

*Barbara Scott Girard*
_____
Barbara Scott Girard
Attorney for the Appellant
ABS Legal Services, LLC
3301 Clinton Parkway Court, Suite 1
Lawrence, Kansas 66046

cc: veteran
    file

Barbara S. Girard
ABS Legal Services, LLC
P.O. Box 3450
Lawrence, KS 66046
Tel. (785) 749-2440
Fax (785) 749-2423



### IN THE UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

| | |
|---|---|
| ANTHONY DEDRICK, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | Vet.App. No. 04-1349 |
| ) | |
| ANTHONY J. PRINCIPI, ) | |
| Acting Secretary of Veterans Affairs, ) | |
| ) | |
| Appellee. ) | |
| _____) | |

### MOTION TO FILE FOR EXTENSION OF TIME TO FILE COUNTER DESIGNATION OF RECORD ON APPEAL

Comes now, Barbara S. Girard, on behalf of Anthony Dedrick, in the above-captioned case, and pursuant to U.S. Vet. App. R. 27, and requests a 30 day extension of time in which to file Appellant's Counter-Designation of Record (CDR). The CDR is presently due on or before November 8, 2004. In support of this motion, counsel asserts the following:

1. That counsel for the Secretary has provided Mr. Dedrick's claims folder to counsel for the Appellant and counsel for the Appellant needs additional time in which to review the claims folder for purpose of completing Counter Designation of Record in this case;

2. That counsel for the Secretary is unopposed to this request;

3. There has been no previous extension granted to the movant for both the same action and in this case thus far;

4. There has been no previous extension granted to the Secretary in this matter.

Wherefore, counsel respectfully requests an extension of 30 days, until December 8, 2004, in which to file Appellant's CDR.

Respectfully submitted,

*Barbara Scott Girard*
Barbara S. Girard
Counsel for Appellant

## CERTIFICATE OF MAILING TO PARTIES

I certify that a true and correct copy of this Motion for Extension of Time to File CDR was fax-filed this 8th day of November, 2004, with the Clerk of the Court of Appeals of Veterans Claims (202) 501-5848, and mailed to Robert W. Legg, Appellate Attorney, Office of General Counsel (027B), U.S. Dept. of Veterans Affairs, 810 Vermont Avenue, N.W., Washington, D.C., 20420.

*Barbara Scott Girard*
Barbara S. Girard
ABS Legal Services, LLC
P.O. Box 3450
Lawrence, KS  66046

cc:   veteran, file

Barbara Scott Girard
ABS Legal Services, LLC
P.O. Box 3450
Lawrence, KS 66046
Tel. (785) 749-2440
Fax. (785) 749-2423

## IN THE UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

| | |
|---|---|
| Anthony W. Dedrick )<br>)<br>    Appellant, )<br>)<br>v. )<br>)<br>ANTHONY J. PRINCIPI, )<br>Acting Secretary of Veterans Affairs, )<br>)<br>    Appellee. )<br>_____) | Vet.App. No. 04-1349 |

### NOTICE OF APPEARANCE

1.  Please enter my appearance for the appellant.

2.  I am admitted to practice before this Court.

3.  I am the representative of record. I will accept service for the party and will inform all of the party's other representatives of the matters served upon me.

4.  If I am representing the appellant, petitioner, or intervener, my representation is pursuant to the attached fee agreement. If it provides for direct payment out of the past-due benefits under 38 U.S.C. § 5904, I have served a copy on counsel for the Secretary.

Signature: _/s/ Barbara Scott Girard_____
Barbara Scott Girard
ABS Legal Services, LLC

P.O. Box 3450
Lawrence, KS 66046
Tel. (785) 749-2440
Fax. (785) 749-2423

Encl: Fee Agreement

## CERTIFICATE OF MAILING TO PARTIES

I certify that a true and correct copy of this Notice of Appearance was fax-filed this 11th day of August, 2004, and mailed to Office of General Counsel (027B), U.S. Dept. of Veterans Affairs, 810 Vermont Avenue, N.W., Washington, D.C., 20420, by depositing it in the United States mail, first class postage prepaid.

*Barbara Scott Girard*

Barbara Scott Girard
ABS Legal Services, LLC
3301 Clinton Parkway Court, Suite 1
Lawrence, KS 66047


cc: veteran

Case 2:05-md-01657-EEF-DEK   Document 5350-10   Filed 06/16/06   Page 14 of 16



# BOARD OF VETERANS' APPEALS
## DEPARTMENT OF VETERANS AFFAIRS
## WASHINGTON, DC 20420

IN THE APPEAL OF
ANTHONY W. DEDRICK

SS 413 98 0144

DOCKET NO. 03-26 332         )         DATE  MAR 3 0 2006
                             )
                             )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO)
in Nashville, Tennessee

## THE ISSUES

1. Entitlement to a rating in excess of 10 percent for bilateral sensorineural hearing loss.

2. Entitlement to service connection for a psychiatric disability.

3. Entitlement to service connection for hypertension.

4. Entitlement to service connection for a low back disability.

## REPRESENTATION

Appellant represented by: Virginia A. Girard-Brady

## WITNESS AT HEARING ON APPEAL

Appellant

## ATTORNEY FOR THE BOARD

David A. Saadat

IN THE APPEAL OF             SS 413 98 0144
ANTHONY W. DEDRICK

## REMAND

The veteran had active military service from September 1972 to March 1982, from September 1984 to January 1987, and from September 1990 to June 1991.

The Board of Veterans' Appeals (Board) originally denied an increased rating for bilateral sensorineural hearing loss in July 2004. The veteran appealed to the United States Court of Appeals for Veterans Claims (CAVC), which in August 2005 vacated the July 2004 decision and remanded the claim back to the Board. The Board will explain below the procedural history of the remaining claims shown on the title page. This appeal is REMANDED to the RO via the Appeals Management Center (AMC) in Washington, DC. VA will notify the veteran if further action is required on his part.

*Bilateral sensorineural hearing loss*

At a February 2004 Board hearing, the veteran indicated that his hearing had significantly worsened since his most recent VA examination (conducted in April 2003). A new examination is necessary, after updated treatment records are sought.

*Psychiatric disability, hypertension, and a low back disability*

By an April 2005 rating decision the RO denied service connection for anxiety, hypertension, and low back disability. In an August 2005 letter, the veteran's (then) representative indicated disagreement with these denials and therefore a statement of the case must be issued. *See Manlincon v. West*, 12 Vet. App. 238 (1999).

Accordingly, the Board REMANDS for the following:

> 1. With any needed assistance from the veteran, obtain all private and VA medical records reflecting treatment for hearing loss since December 2004 (the last time VA outpatient treatment records were printed).

2. Schedule an examination with audiometric studies at the appropriate VA facility to determine the current severity of the veteran's hearing loss.

3. Thereafter, re-adjudicate the claim for a rating in excess of 10 percent for bilateral sensorineural hearing loss. If it remains denied, provide the veteran and his representative a supplemental statement of the case summarizing the evidence and discussing all pertinent legal authority. Allow an appropriate period for response and return the case to the Board, if in order.

4. Provide the veteran and his representative with a statement of the case on the claims for service connection for a psychiatric disability, hypertension, and a low back disability. If, and only if, an adequate substantive appeal is timely submitted, return these claims to the Board for appellate consideration (after all applicable duties to notify and assist have been fulfilled).

The veteran has the right to submit additional evidence and argument on these remanded matters, which require expeditious treatment. *See Kutscherousky v. West,* 12 Vet. App. 369 (1999); 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2005).

_____
MICHAEL E. KILCOYNE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board is appealable to the CAVC. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of the veteran's appeal. 38 C.F.R. § 20.1100(b) (2005).