UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 2:05-CV-04379 | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| ROBERT G. SMITH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MERCK'S OPPOSITION TO
### PLAINTIFF'S MOTION TO COMPEL AND STAY

    Defendant Merck & Co., Inc. ("Merck") respectfully submits this opposition to plaintiff's motion to compel discovery and stay the depositions of two of plaintiff's physicians.  Merck has fully complied with all of its discovery obligations in this case.  As required by this Court's discovery orders, Merck has timely provided plaintiff Smith with full and complete discovery responses regarding his prescribing physician and those physicians affiliated with the prescriber.  All of these materials were produced to plaintiff weeks ago – far in advance of the upcoming physician depositions.  Plaintiff's counsel has all relevant, responsive materials in his possession, and the depositions should proceed as scheduled.

Plaintiff's motion is riddled with inaccuracies, based on false assumptions and should be denied. Plaintiff is not entitled to, nor has he sent a request for production for, documents and data relating to a physician who did not prescribe Vioxx to plaintiff, or documents and data concerning Merck's regional and district sales managers. Plaintiff complains about not receiving documents that simply do not exist or fall outside the Court's discovery orders, and which have not been the subject of discovery requests.

Plaintiff's motion is also procedurally defective as plaintiff's counsel has chosen to ignore the Court's order requiring a party to meet and confer prior to filing its motion.

## BACKGROUND

For the past several months, Merck has diligently been working to provide plaintiffs' counsel in the upcoming trials with the key information relevant to the respective cases – including the materials relevant to plaintiff Smith. On February 28, 2006, Merck provided Plaintiffs' Liaison Counsel with a complete MPF data package regarding plaintiff Smith's prescribing physician, Dr. Grefer, pursuant to PTO 18B. This was followed by a supplemental MPF production directly to Smith's trial counsel on May 5. Similarly, on February 15, Merck provided Liaison Counsel with a complete production of FACTS data regarding Dr. Grefer (which was re-transmitted directly to Smith's trial counsel on May 19). Merck supplemented this production with information relating to Dr. Grefer's seven affiliates on June 5. Shortly after the Court entered the scheduling order for this case, defense counsel began working to schedule the relevant physician depositions.

On June 7, plaintiff's counsel sought and received confirmation from Merck counsel that no additional responsive materials existed as to Dr. Grefer. At that same time, plaintiff informally issued a vague request for materials regarding Dr. Courtade (a cardiologist who never

prescribed Vioxx to plaintiff) and also requested materials from the files of Merck's district and regional sales managers. Given the vagueness of these additional requests and the unlikelihood that these queries appeared to be directed at obtaining evidence relevant to plaintiff Smith, Merck counsel requested that plaintiff organize and submit his requests into formal discovery requests (as have all of the other plaintiffs set for trial in the MDL). *See* June 9 Letter from Carrie Jablonski to Grant Kaiser ("Jablonski's June 9 Letter"), attached as Ex. A. Rather than comply with this request, two days later plaintiff filed the instant motion to compel.

I. **MERCK HAS PROVIDED FULL DISCOVERY RESPONSES WITH REGARD TO ITS CONTACTS WITH PLAINTIFF'S PRESCRIBER, DR. GREFER.**

Merck has produced all relevant and responsive documents and data related to plaintiff's prescribing physician, Dr. Grefer, in compliance with the Court's Pre-Trial Orders Nos. 18B (outlining discovery requirements for prescribing physicians in the MPF) and 21 (governing production of call-related data relating to contacts between Merck professional representatives and prescribing physicians as well as affiliated physicians in the same practice).[1] As Merck has previously explained to plaintiff, a query of Merck's FACTS database did not identify any relevant and responsive call note data related to Dr. Grefer dated after 2002. *See* June 7 Letter from Grant Kaiser to Carrie Jablonski ("Kaiser's June 7 Letter"), attached as Ex. B, at 1 ("It is my understanding from out telephone conversation that Merck has produced all data it has regarding Dr. Grefer and that there is no data regarding Dr. Grefer dated after 2002"). Importantly, additional post-2002 data was provided to counsel in the *Smith* FACTS production, but there were simply no responsive call notes recorded in 2003 and 2004. In short, plaintiff

---

[1] At Mr. Smith's deposition on June 15, plaintiff handed defense counsel an amended Plaintiff's Profile Form (PPF) which included a new prescriber, Dr. Forest Heis. Merck is working on supplementing its production to reflect this additional prescriber and anticipates doing so in advance of Dr. Heis' deposition. Merck has already produced some data to plaintiff regarding Dr. Heis in its production for Dr. Grefer's seven affiliates (of which Dr. Heis is one).

3

bases his allegations on a false assumption – that the data about which he complains (responsive FACTS data related to communications with Dr. Grefer after 2002) exist.  (*See* Pl's. Mot. at 2.)[2]  They do not.

## II. MERCK IS NOT OBLIGATED TO PRODUCE DOCUMENTS AND DATA FOR A PHYSICIAN WHO DID NOT PRESCRIBE VIOXX TO PLAINTIFF.

Contrary to plaintiff's assertions, Merck has no obligation to produce additional documents and data relating to Merck's contacts with one of plaintiff's treating physicians, Dr. Courtade.  Nor is such information relevant to this case.  Dr. Courtade is not affiliated with either of plaintiff's prescribers and never prescribed Vioxx to the plaintiff.  Since plaintiff has not propounded any discovery requests on Merck in this case, the MPF, which serves as the basis for written discovery in MDL cases, governs Merck's discovery obligations.  The MPF requires Merck to produce, among many other things, documents and data reflecting contacts and communications with the prescribing physicians identified by plaintiff in its Plaintiff's Profile Form (PPF).  Merck has produced all such responsive information pursuant to the MPF's requirements for Dr. Grefer.

Similarly, PTO 21 requires that Merck "produce FACTS data for the prescribing physician and officemates" in the same practice.  *See* PTO 21, at ¶ 3.  Merck has complied with these orders and has produced the relevant FACTS data for Dr. Grefer's seven officemates.  Nothing in PTO 21 – or any other pretrial order – requires Merck to produce FACTS data for non-prescribing, un-affiliated physicians.  Nor has plaintiff sent Merck a discovery request for

---

[2] Plaintiff's assertion that post-2002 call notes exist and are stored in something called the "BELIEF database" is unfounded.  (Pls.' Mot. at 2.)  Merck continues to utilize the FACTS database to this day.  There is no "BELIEF" database that contains additional responsive material regarding communications with Dr. Grefer.  To the extent that other Merck databases and systems contain documents and data relating to Dr. Grefer, such information has already been provided in Merck's MPF production in this case.

any such data.[3]  Accordingly, plaintiff's request to compel documents and data related to Dr. Courtade should be denied.

### III. PLAINTIFF'S ASSERTIONS REGARDING DOCUMENTS AND DATA RELATED TO MERCK'S SALES MANAGERS ARE LIKEWISE UNFOUNDED.

In addition, plaintiff's claim that Merck has improperly failed to produce documents and data "related to the [sic] Merck's regional or district sales managers" is also incorrect.  The MPF generally requires disclosure of all communications between prescribing physicians and Merck in general, which includes contacts with Merck professional representatives – the Merck employees who routinely interact with physicians in the field.  Merck complied with this requirement in full, performing a thorough search of its databases and systems for documents and data reflecting Merck contacts with Dr. Grefer.  *See Smith* MPF, attached as Ex. C, at 2-3.  However, Merck did not – and was not required to – perform on a case-by-case basis the painstaking task of searching through the individual custodial files, electronic and hardcopy, of every regional and district sales manager in the field who may have had contact with Dr. Grefer.  It appears that plaintiff misunderstands the roles of the sales managers, and the types of materials they would routinely keep.  It is extremely unlikely that such contacts exist, and the substantial delay and increased expense that would result from conducting an individualized search of sales managers' custodial files on a case-specific basis would impose an undue burden on Merck in complying with its already-substantial discovery obligations and would be unlikely to yield any relevant information.

---

[3]  Even if plaintiff had propounded valid discovery requests regarding Dr. Courtade, Merck would certainly be entitled to more than two days to respond.

5

815765v.1

## IV. PLAINTIFF'S REQUEST FOR A STAY OF THE CURRENTLY-SCHEDULED PHYSICIAN DEPOSITIONS IS UNNECESSARY AND INAPPROPRIATE.

This case is set for trial September 11, and the deadline for all discovery is August 1. Plaintiff's request for a stay based upon the empty assertion that it is somehow owed additional documents should not be granted. As stated above, Merck has fully complied with its discovery obligations under Pre-Trial Order Nos. 18B and 21, and plaintiff has not propounded discovery requests calling for additional material. Moreover, plaintiff has all of the relevant materials necessary to conduct the upcoming depositions.

Plaintiff's claim that Merck has "add[ed] urgency to Plaintiff's need for these requested documents" [by] unilaterally schedul[ing] the depositions of Dr. Courtade and Dr. Grefer for June 29, 2006 and June 22, 2006, respectively" (Pls.' Mot. at 2) is false. In scheduling these depositions, Merck sought and secured dates amenable to plaintiff's counsel. Plaintiff's counsel has confirmed its availability for both the June 22 and June 29 depositions.[4] Merck originally secured a *later* date – July 6 – for these depositions but rescheduled these depositions at opposing counsel's request. *See* May 30 Letter from Carrie Jablonski to Grant Kaiser ("May 30 Letter"), attached as Ex. D; May 31 Letter from Grant Kaiser to Carrie Jablonski ("May 31 Letter"), attached as Ex. E, at 2.

There is no reason why the depositions of Drs. Grefer and Courtade should be postponed. To the contrary, rescheduling these depositions yet again would inconvenience the doctors who have busy summer schedules and who have been holding these particular dates open.

---

[4] Although there appears to be some dispute among the several attorneys who represent Mr. Smith as to who has authority to schedule depositions, we have been assured by Larry Wright, Esq. (the attorney who defended Mr. Smith's deposition on June 15) that he personally will be defending Dr. Courtade's deposition and that he is available to attend on June 22. Another of Mr. Smith's attorneys, Grant Kaiser, confirmed counsel's availability for Dr. Grefer's deposition. See June 7 Letter from Grant Kaiser to Carrie Jablonski ("June 29, 2006, at 9:00 a.m., is agreeable. Thank you for working with us to move the date so that my colleague can attend the deposition.").

## V.   PLAINTIFF DID NOT MEET AND CONFER BEFORE FILING THIS MOTION.

Finally, plaintiff's motion should also be denied because it is in direct violation of the Court's meet-and-confer requirement in Pre-Trial Order No. 17. The Court has ordered that "[n]o motion shall be filed unless it includes a certificate that the movant has conferred with opposing counsel in a good faith effort to resolve the matter without court action. Such conferences may take place by telephone." PTO 17, at § IV.A.

While plaintiff's counsel, Mr. Grant Kaiser, informally mentioned in letters that additional documents and data were desired (less than 48 hours before filing this motion to compel), he never propounded any written discovery or even called counsel for Merck to discuss his requests and concerns.

Given plaintiff's inaccurate assumptions about Merck's production, an attempt to meet and confer in this case would surely have avoided the necessity of plaintiff's motion.

### CONCLUSION

For all of the foregoing reasons, Merck respectfully requests that the Court deny plaintiff's Motion to Compel and Stay.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone:  504-581-3200
Fax:      504-581-3361

Defendants' Liaison Counsel

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Merck's Opposition to Plaintiff's Motion to Compel and to Stay has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Grant Kaiser and Drew Ranier by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 20th day of June, 2006.

/s/ Dorothy H. Wimberly

815765v.1