**BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP**
www.bartlit-beck.com

CHICAGO OFFICE
COURTHOUSE PLACE
54 WEST HUBBARD STREET
CHICAGO, IL 60610
TELEPHONE: (312) 494-4400
FACSIMILE: (312) 494-4440

DENVER OFFICE
1899 WYNKOOP STREET
8TH FLOOR
DENVER, CO 80202
TELEPHONE: (303) 592-3100
FACSIMILE: (303) 592-3140

WRITER'S DIRECT DIAL:
(312) 494-4451
carrie.jablonski@bartlit-beck.com

June 9, 2006

**VIA EMAIL**

Grant Kaiser, Esq.
The Kaiser Firm L.L.P.
8441 Gulf Freeway Suite 600
Houston, TX 77017-5001

Re:   *VIOXX MDL 1657: Smith v. Merck*

Dear Grant:

I am responding to outstanding issues from your June 7 letter.

Regarding Dr. Grefer and affiliated physicians in his practice, all responsive FACTS data for these individuals have been produced in this case. Additional data relating to Dr. Grefer was also produced to trial counsel in the MPF data package.

Rather than conduct informal, piece-meal discovery, to the extent you have additional requests for documents, we request you serve discovery requests on Merck.

Yours truly,

Carrie A. Jablonski

cc:   Bob Van Kirk
      Drew Ranier
      James L. Wright

EXHIBIT
A

# THE KAISER FIRM L.L.P.

**GRANT KAISER**
CERTIFIED CIVIL APPELLATE LAW
PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

June 7, 2006

Carrie Jablonski                                                                    Via Email Only
Bartlit Beck Herman Palenchar & Scott LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60610

Re:   *In re: VIOXX MDL 1657*
      *Smith v. Merck*

Dear Ms. Jablonski:

Thank you for your several recent emails regarding scheduling depositions in Mr. Smith's case. In response, as I reported in a prior email, taking Dr. Grefer's deposition on June 29, 2006, at 9:00 a.m., is agreeable. Thank you for working with us to move the date so that my colleague can attend the deposition.

Please allow this letter to confirm our various discussions regarding Merck's production of data of which it has actual or constructive possession relating to Mr. Smith's prescribing doctors. I previously stated our concern that Merck had not produced (1) all data Merck has regarding Dr. Grefer and (2) all data Merck has on the doctors affiliated with Dr. Grefer or any other doctor involved with the care of Mr. Smith. It is my understanding from our telephone conversation that Merck has produced all data it has regarding Dr. Grefer and that there is no data regarding Dr. Grefer dated after 2002.

I also understand that Merck has agreed to produce data on Dr. Grefer's affiliates some time this week. Thank you for not requiring us to bother the Court with this issue. Can I assume that if you have data regarding Dr. Courtade, Mr. Smith's cardiologist (and other treaters), Merck will also produce that, even though he might not qualify as an "affiliate?"

With respect to other data in Merck's possession, I would like to request the data in the files of the district and regional sales managers, that is, the information the detailers that called upon Dr. Grefer and others relayed to their superiors. Will Merck agree to produce this? Obviously, we need this data before any physician depositions.

This will also confirm (in addition to my June 5, 2006, email) our agreement to produce Mr. Smith for deposition on June 15, 2006, at 9:30 a.m. Thank you for offering local offices for the deposition. Unfortunately, we have already reserved a meeting room for the deposition at the Hilton Cincinnati Airport, 7373 Turfway Road, Florence Kentucky, 41042 (859-371-4400). The room is under The Watts Firm name. I look forward to seeing you there.

I also received your email requesting Dr. Heis's deposition. I was not aware that Merck wanted to take the depositions of any of Mr. Smith's doctors other than Drs. Grefer and Courtade; they have never been mentioned during our conversations. Are there other of Mr. Smith's doctors that Merck wishes to examine that we should prepare for? I would appreciate your information on this at your earliest convenience, for scheduling and preparation purposes.

Lastly, as I have raised several times, Plaintiff intends to conduct a direct examination at the beginning of Mr. Smith's doctor's depositions. Have you had time to confer with your colleagues on this issue as you said last Friday that you would? Please let me know at your earliest opportunity; otherwise, we will bring this issue to the attention of Judge Fallon for ruling.

Thank you for your courtesies. I look forward to your reply.

Yours truly,

*Grant Kaiser*

Grant Kaiser

dg

c    All by email:
     Phillip Wittmann
     Drew Ranier
     Plaintiffs' Liaison Counsel
     Plaintiffs' PSC

In Re: Vioxx Product Liability Litigation

MDL No. 1657

### DEFENDANT MERCK CASE PROFILE FORM

For each case, Defendant Merck must complete this Case Profile Form and identify or provide documents and/or data relating to Plaintiff and Plaintiff's Prescribing Healthcare Provider where the names can be reasonably identified within the Merck systems. This Case Profile Form must be completed and served on all counsel representing Plaintiff in the action identified in Section I below. This must be answered and served 90 days after the date that the Plaintiff's Profile Form has been served on Defendant Merck & Co.

You should attach additional sheets of paper if that is necessary to completely answer the following questions.

I. CASE INFORMATION

This defendant fact sheet pertains to the following case:

Case caption: *Smith, Robert G. v. Merck & Co., Inc.*

Civil Action No.: *2:05-cv-04379*

Court in which action was originally filed: *Louisiana, E.D.*

Name and Address of person with ultimate responsibility for providing information responsive to the questions posed in this fact sheet:

A: *Janet Scott*
(Name)
*Merck & Co., Inc.*
*770 Sumneytown Pike*
*P.O. Box 4*
*West Point, PA 19486*
(Address)

EXHIBIT C

MRK-MPF0043571

M00652401

## II. CONTACTS WITH DISPENSING HEALTH CARE PROVIDER

In Section IV(A.) of Plaintiff's Profile Form, plaintiff identified persons who prescribed or dispensed Vioxx to plaintiff (hereinafter "Prescribing Health Care Provider"). For each prescribing health care provider identified, please state and, where requested, provide the following:

### A. Dear Doctor or Dear Healthcare Provider Letters:

1. For each "Dear Doctor" or "Dear Healthcare Provider" letter that you contend was *actually sent* to plaintiffs prescribing health care provider, to the extent that Merck maintained distribution lists for recipients of such letters, please: a.) identify by Bates range the letter sent; b.) state, when available, the approximate date that each letter was actually sent to plaintiff's dispensing health care provider; c.) state the person to whom each letter was actually sent, d.) state the address where it was sent, e.) identify the database or documents that demonstrate these facts and, f.) identify below the persons with ultimate responsibility for providing information responsive to this request.

> *NOTE: Please attach hereto or otherwise identify by Bates range a copy of each letter allegedly sent to plaintiff's dispensing health care provider.*

MRK-MPF0042789 to MRK-MPF0042790

2. In addition, Merck will identify any Professional Information Request letters that Merck contends or believes were actually sent to the Plaintiff's Prescribing Health Care Provider identified in Section IV.A of Plaintiff's Profile Form within the relevant time period set forth above. Merck will also identify: (a) the date that each letter was sent to Plaintiff's Prescribing Health Care Provider; and (b) the address where each letter was sent.

| Prescriber | Prescriber Address | Title | Bates Range | Date |
| --- | --- | --- | --- | --- |
| Michael Grefer | Greater Cincinnati Orthopedic Center, 525 Alexandria Pike, Southgate, KY 41071 | VIO8305: the specificity of VIOXX for cyclooxygenase-2 (COX-2). | MRK-AKT4190533 to MRK-AKT4190537 | 4/24/2000 |
| Michael Grefer | 7570 Us Hwy 42, Florence, KY 41042 | VIO8612: a request for a reprint of the VIOXX Gastrointestinal Outcomes Research Trial (VIGOR). | MRK-AKT1050988 to MRK-AKT1050991 | 5/15/2001 |
| Michael Grefer | 525 Alexandria Pike, Southgate, KY 41071 | VIO8148: a comparison of VIOXX and Celebrex. | MRK-AKT1131701 to MRK-AKT1131714 | 5/25/2001 |
| Michael Grefer | 525 Alexandria Pike, Southgate, KY 41071 | VIO8148: a comparison of VIOXX and Celebrex. | MRK-AKT2010758 to MRK-AKT2010771 | 9/27/2001 |
| Michael Grefer | 7570 Us Hwy 42, Florence, KY 41042 | VIO8612: a request for a reprint of the VIOXX Gastrointestinal Outcomes Research Trial (VIGOR). | MRK-AKT2686343 to MRK-AKT2686344 | 6/5/2002 |
| Michael Grefer | 7570 Us Hwy 42, Florence, KY 41042 | VIO8148: a comparison of VIOXX and Celebrex. | MRK-AKT2833063 to MRK-AKT2833096 | 8/12/2002 |
| Michael Grefer | 525 Alexandria Pike, Southgate, KY 41071 | VIO8148: a comparison of VIOXX and Celebrex. | MRK-AKT3150850 to MRK-AKT3150851 | 8/11/1999 |
| Michael Grefer | 7570 Us Hwy 42, Florence, KY 41042 | VIO8148: a comparison of VIOXX and Celebrex. | MRK-AKT3210592 to MRK-AKT3210593 | 6/2/1999 |
| Michael Grefer | 7570 Us Hwy 42, | VIO8165: the use of VIOXX in a patient | MRK-AKT3210614 to | 6/2/1999 |

| | | | | |
|---|---|---|---|---|
| Michael Grefer | Florence, KY 41042 | allergic to sulfonamides. | MRK-AKT3210615 | |
| Michael Grefer | 7570 Us Hwy 42, Florence, KY 41042 | VIO8020: a bibliography for VIOXX. | MRK-AKT4010933 to MRK-AKT4010942 | 3/24/1999 |
| Michael Grefer | 525 Alexandria Pike, Southgate, KY 41071 | VIO8148: a comparison of VIOXX and Celebrex. | MRK-AKT4064704 to MRK-AKT4064705 | 8/11/1999 |
| Michael Grefer | 7570 Us Hwy 42, Florence, KY 41042 | VIO8165: the use of VIOXX in a patient allergic to sulfonamides. | MRK-AKT4067993 to MRK-AKT4067994 | 6/2/1999 |
| Michael Grefer | 7570 Us Hwy 42, Florence, KY 41042 | VIO8148: a comparison of VIOXX and Celebrex. | MRK-AKT4068485 to MRK-AKT4068486 | 6/2/1999 |
| Michael Grefer | 525 Alexandria Pike, Southgate, KY 41071 | VIO8553: the design and duration of the acute pain clinical trials conducted with VIOXX. | MRK-AKT4143327 to MRK-AKT4143327 | 2/29/2000 |
| Michael Grefer | 525 Alexandria Pike, Southgate, KY 41071 | VIO8291: information on the mechanism of nonsteroidal anti-inflammatory drug (NSAID)-induced gastropathy. | MRK-AKT4143328 to MRK-AKT4143330 | 2/29/2000 |
| Michael Grefer | 525 Alexandria Pike, Southgate, KY 41071 | VIO8165: the use of VIOXX in a patient allergic to sulfonamides | MRK-AKT4143331 to MRK-AKT4143332 | 2/29/2000 |
| Michael Grefer | 525 Alexandria Pike, Southgate, KY 41071 | VIO8148: a comparison of VIOXX and Celebrex. | MRK-AKT4143333 to MRK-AKT4143337 | 2/29/2000 |
| Michael Grefer | 525 Alexandria Pike, Southgate, KY 41071 | VIO8148: a comparison of VIOXX and Celebrex. | MRK-AKT4170890 to MRK-AKT4170894 | 3/29/2000 |

B.      OTHER CONTACTS

1. For each prescribing health care provider identified, please identify all contacts between Merck sales representatives and that provider please produce the following information:

| Plaintiff's Dispensing Health Care Provider | Identity and last known address and telephone number Merck representative | The current relationship, if any, between Merck and the sales representative | Date(s) of Contact |
|---|---|---|---|
| *Please see attached data responsive to this request.* | *Please see attached data responsive to this request.* | *Please see attached data responsive to this request.* | *Please see attached data responsive to this request.* |

MRK-MPF0042793 to MRK-MPF0042802

2. For each prescribing health care provider, please state whether Merck or its representatives ever provided him or her Vioxx samples. If the answer is "yes," when available, please state:

   A)   The number or sample packets provided and the dosages provided;

   B)   The dates that they were shipped and/ or provided;

   C)   The lot numbers for the samples provided on each date identified;

   D)   The identity of the person or persons who provided the samples.

*To the extent data is available, it is provided as an attachment to this MPF. If no data is attached hereto, a query of Merck's systems produced no data responsive to these requests.*

MRK-MPF0043573

M0065240 16

MRK-MPF0042818 to MRK-MPF0042845

3. Please identify at the end of this document the person or persons with ultimate responsibility for providing information responsive to Section II or any of its subparts.

C. Consulting With Plaintiff's Dispensing Health Care Provider

1. In Section IV(A) of Plaintiff's Profile Form, plaintiff identified his/her prescribing health care provider(s). If you have ever retained any of plaintiff's prescribing health care providers as a member of Merck's Speaker Program, a Merck Clinical Investigator, or a consultant in any other capacity on the subject of pain medications (including Vioxx, Celebrex, Bextra or any other NSAID) or cardiovascular risk, please state

    A) The identity of the heath care provider consultant:
    _____

    B) The dates they were affiliated with Merck:
    _____

    C) The amount of money Merck paid Prescriber in expenses, honoraria and fees, per calendar year.
    _____

    D) Please identify or produce all consulting agreements and contracts, when available.

*Due to technical limitations of Merck's system for reporting payment data, payments to physicians cannot be reliably linked to a specific product or therapeutic area. Accordingly, such payment information provided in response to this portion of the MPF, in whole or in part, is not necessarily related to Vioxx. Subject to this qualification, Merck responds as follows:*

*A query of Merck's systems produced no data responsive to these requests.*

    E) Please identify if Prescriber has been designated by Merck as a "thought leader":

    _____        ___X___
     Yes              No

MRK-MPF0043574

M006524017

2. For each of plaintiff's prescribing healthcare providers identified in section III(A) above, please state whether they did in fact attend any Merck-sponsored conferences or events. If your answer is "yes," to the extent such information exists, please state:

    A) The identity of the health care provider consultant: _____

    B) The title, location and date of the speaker's program attended: _____

    C) The topic of the speaker's program: _____

    D) All speakers at the speaker's program: _____

MRK-MPF0043514 to MRK-MPF0043516

3. Has plaintiff's Prescribing healthcare provider ever contacted you to request information concerning Vioxx, its indications, its effects and/or its risks?

    _____ Yes    __X__ No

If your answer is "yes," please identify, when available, by Bates range or attach any document which refers to your communication with plaintiffs Prescribing healthcare provider.

MRK-MPF0043520 to MRK-MPF0043526

4. Please identify at the end of this document the person or persons with ultimate responsibility for providing information responsive to Section III or any of its subparts, giving their name, address, telephone number indicating whether said person is currently an employee of Merck and the dates of employment.

4.

## III. PLAINTIFF'S PRESCRIBING HEALTH CARE PROVIDER'S PRESCRIBING PRACTICES

In Section IV(A) of plaintiff's fact sheet, plaintiff identified his/her Prescribing health care provider(s). For each listed provider, please state and produce the following:

1. Do you have or have you had access to any database or information which purports to track any of plaintiff's Prescribing healthcare provider's prescribing practices with respect to Vioxx prescribed, the number or prescriptions, the number of refills and the

MRK-MPF0043575

M006524018

time frame when these products were prescribed or (re) filled)

__X__   _____
Yes         No

If your answer is "yes," please produce or identify the database or document which captures that information.

*Merck's PDM database maintains data purchased from IMS Health Incorporated.*

## IV. PLAINTIFF'S MEDICAL CONDITION

1. Have you been contacted by Plaintiff, any of his/her physicians, or anyone on behalf of plaintiff concerning plaintiff?

   *To the extent data is available, it is provided as an attachment to this MPF. If no data is attached hereto, a query of Merck's systems produced no data responsive to these requests.*

   _____   __X__
   Yes         No

   If your answer is "yes", to the extent such contact can be linked to plaintiff, please, to the extent available, a.) state the name of the person(s) who contacted you, b.) state the person(s) who were contacted including their name, address and telephone number and, c.) produce or identify any and all documents which reflect any communication between any person and you concerning plaintiff.

   *Prior to the lawsuit initiated by Plaintiff, Merck had not received any Adverse Experience Report relating to Plaintiff.*

2. Please produce a copy of or otherwise identify any MedWatch form which refers or relates to plaintiff, including back-up documentation concerning plaintiff and any evaluation you did concerning the plaintiff.

   *A query of Merck's systems produced no data responsive to these requests.*

   *Prior to the lawsuit initiated by Plaintiff, Merck had not received any MedWatch Report relating to Plaintiff.*

MRK-MPF0043576
M006524019

3. Please identify at the end of this document the person or persons with ultimate responsibility for providing information responsive to Section IV or any of its subparts.

MRK-MPF0043577
M0065240020

## V. ADVERTISING

1. Did you advertise Vioxx in the Media Market that plaintiff lived at the time that he/she took Vioxx?

   __X__ Yes   _____ No

2. If your answer to the preceding question is "yes," please identify the identity of the media outlet, and the dates that the advertisements ran.

| Identity of the Advertisement and intended media marketplace | Nature of media (print of television) | Identity of the media outlet | Dates that advertisements ran |
|---|---|---|---|
| *Please see the response below.* | *Please see the response below.* | *Please see the response below.* | *Please see the response below.* |

*Where data is available, please provide or identify by Bates range true and accurate copies of any advertisement identified above*

*Merck refers counsel to its universal production of a spreadsheet reflecting the comprehensive national and regional print and television advertising data during the period in which Vioxx was approved by the FDA for marketing in the United States. This production, entitled "Universal Production of National Print and Television Advertising Data" and available to counsel at Bates label MRK-AMI 0000001-0001098, includes data concerning "identification of the advertisement," "intended media marketplace," "nature of media (print or television)," "identity of the media outlet," "dates the advertisements ran," and references to Bates number ranges of those previously produced images or other media, as those categories are set forth in the Merck Profile Form.*

3. Did you advertise Vioxx in the Media Market that plaintiff's prescribing healthcare provider's office was located at the time that plaintiff took Vioxx?

   __X__ Yes   _____ No

4. If your answer to the preceding question is "yes," please identify the identity of the media outlet and the dates that the advertisements ran.

| Identity of the Advertisement and intended media marketplace | Nature of media (print of television) | Identity of the media outlet | Dates that advertisements ran |
|---|---|---|---|
| *Please see the response below.* | *Please see the response below.* | *Please see the response below.* | *Please see the response below.* |

MRK-MPF0043578

M006524021

> *Where data is available, please provide or identify by Bates range true and accurate copies of any advertisement identified above*

*Merck refers counsel to its universal production of a spreadsheet reflecting the comprehensive national and regional print and television advertising data during the period in which Vioxx was approved by the FDA for marketing in the United States. This production, entitled "Universal Production of National Print and Television Advertising Data" and available to counsel at Bates label MRK-AMI 0000001-0001098, includes data concerning "identification of the advertisement," "intended media marketplace," "nature of media (print or television)," "identity of the media outlet," "dates the advertisements ran," and references to Bates number ranges of those previously produced images or other media, as those categories are set forth in the Merck Profile Form.*

## VI. DOCUMENTS

To the extent you have not already done so, please produce a copy of all documents and things that fall into the categories listed below. These include documents in the possession of any of your present and former employees, including information provided to your attorneys:

1. Any document which relates to or refers to plaintiff.

2. Any document sent to or received from any of plaintiff's prescribing physicians.

3. Any document reflecting any actual communication between you and plaintiff's prescribing physician's concerning the risks cardiovascular risks associated with Vioxx.

4. Any document which purports to describe the prescribing practices of any of plaintiff's prescribing physicians.

## *RESPONSE TO REQUESTS FOR PRODUCTION NOS. 1 - 4:*

*Merck objects to these additional requests as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Merck objects to these requests as premature insofar as they seek certain case-specific discovery that is more appropriate only after the facts of this case have been more fully developed. Merck further objects to these requests to the extent they seek documents and/or data that are, or should be, in the possession of plaintiff or plaintiff's attorneys or that are otherwise unrelated to Vioxx or to plaintiff's claims in this case. Merck also objects to these requests to the extent they are not limited to the time period when plaintiff's prescribing physician prescribed Vioxx to plaintiff or plaintiff ingested the product. Merck objects to these requests to the extent they seek information that is protected from disclosure by Merck's confidentiality agreements with third parties or implicate data gathered by IMS Health Incorporated ("IMS") relating to purchases of Vioxx by retailers in the United States, which Merck purchased from IMS and is prohibited from disclosing under the terms of its licensing agreement.*

*Subject to and without waiving its objections, Merck states that it has conducted a reasonable investigation into the existence of documents and/or data responsive to these requests and has produced all such documents and/or data deemed responsive to these requests, including all call note data in accordance with Merck's obligations under Pre-Trial Order No. 21. Merck is aware of no additional responsive documents and/or data in its possession, custody or control that have not already been produced or is not otherwise identified above in its responses to this Merck Profile Form. Merck further states that its databases and systems were designed to meet specific business purposes and not to address litigation requests. The data stored in any one of the various systems maintained by Merck exists autonomously and is usually unrelated to data contained in other databases and cannot always be correlated in a meaningful way to generate reliable*

MRK-MPF0043579

M006524022

output. *Such data results will always be the product of subjective evaluation and can never be certified as 100 percent accurate because of various data and system limitations inherent in completing any given Merck Profile Form.*

MRK-MPF0043580
M0065240023

## CERTIFICATION

I declare under penalty of perjury subject to 28 U.S.C. § 1746 that all of the information provided in this Profile Form is true and correct to the best of my knowledge and that I have supplied all requested documents to the extent that such documents are in my possession, custody and control (including the custody and control of my lawyers).

_[signature]_

| Signature | Janet Scott | 02/24/2006 |
|---|---|---|
|  | Print Name | Date |

MRK-MPF0043581
M006524024

**BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP**
www.bartlit-beck.com

CHICAGO OFFICE
COURTHOUSE PLACE
54 WEST HUBBARD STREET
CHICAGO, IL 60610
TELEPHONE: (312) 494-4400
FACSIMILE: (312) 494-4440

May 30, 2006

DENVER OFFICE
1899 WYNKOOP STREET
8TH FLOOR
DENVER, CO 80202
TELEPHONE: (303) 592-3100
FACSIMILE: (303) 592-3140

**VIA EMAIL**

WRITER'S DIRECT DIAL:
(312) 494-4451
carrie.jablonski@bartlit-beck.com

Grant Kaiser, Esq.
The Kaiser Firm L.L.P.
8441 Gulf Freeway Suite 600
Houston, TX 77017-5001

Re:   *VIOXX MDL 1657: Smith v. Merck*

Dear Grant:

     Thank you for your May 27 letter. I was a little surprised at your reaction to my sending you a courtesy copy of the deposition notices for Drs. Grefer and Courtade as the purpose was to make sure you had the notices before formal service. We are more than happy to work with you on dates for the physician depositions in the *Smith* case.

     Regarding Drs. Grefer and Courtade, we noticed the depositions as a place holder given the doctors' busy schedules based on days where they had confirmed their availability. Dr. Grefer's deposition is scheduled for July 6 at 9:00am and if possible, we would like to proceed at this time given this was a good time for him. While Dr. Courtade is also available that day, I now understand that his deposition may need to be rescheduled. We are checking on alternatives, which I will run by you. You stated that you plan on questioning these doctors as well in the depositions, which is something we would expect, and you can be assured that we will plan such that both sides have ample time to ask questions.

     Regarding Mr. Smith's deposition, we will plan on June 15 and will send out a formal deposition notice shortly.

     In response to your question about coordination with counsel, both Bob Van Kirk from Williams & Connolly and I will be corresponding with you on matters pertaining to *Smith*. You should feel free to deal with either of us as we are working together on the case.

     You also stated that you may have some issues with Merck's production in *Smith* and would be sending a separate letter identifying what those issues are. I look forward to receiving your letter and will respond promptly.

Sincerely,

Carrie A. Jablonski

cc:   Bob Van Kirk


EXHIBIT D

# THE KAISER FIRM L.L.P.

**GRANT KAISER**
CERTIFIED CIVIL APPELLATE LAW
PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

May 31, 2006

Carrie Jablonski                                               Via Email Only
Bartlit Beck Herman Palenchar & Scott LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60610

Re:   *In re: VIOXX MDL 1657*
      *Smith v. Merck*

Dear Ms. Jablonski:

Thank you for your May 30, 2006, letter regarding scheduling two depositions in the above case. In response, July 6, 2006, is not a workable date; my colleague who will take these depositions has a conflict that he cannot reschedule. We accept your offer to schedule these depositions at a mutually convenient time. Please call me so we can discuss.

As I stated in my May 27, 2006, letter, I was under the impression that you would have coordinated with me on the scheduling of depositions in this case, in accordance with the Federal Rules of Civil Procedure and Judge Fallon's pretrial orders. I was already in the process of obtaining dates for these depositions to pass by you for your approval. Given that, we will, in any event, conduct a direct examination in the depositions.

Your letter does not directly respond to Plaintiff doing a direct examination at the beginning of the deposition; instead you refer generally to both of us having sufficient time to ask questions. If my prior letter was unclear, I apologize. In any event, we intend to begin the depositions with a direct examination after which Merck can cross-examine.

To recap, Plaintiff was in the process of securing dates for these depositions for Merck's agreement, Merck unilaterally noticed the depositions without consulting me on the dates, and Plaintiff has the burden of proof. For all these reasons, and others, we intend to conduct our direct examination first, and then you may cross examine.

If you do not agree with this usual and customary protocol, please let me know within the next 24 hours and we will contact Judge Fallon for his view on the matter, although we would prefer not to bother him with a scheduling issue.

With respect to the incomplete production of data Merck has on these doctors and their business associates, please be advised that I personally spoke with Merck's counsel, Mr. Benjamin R. Barnett, of Dechert LLP, on May 18, 2006, just following the status conference. I explained our multiple problems with Merck's production at that time but heard nothing from him since. On May 25, 2006, I sent Mr. Barnett an email asking for information on the fields in the tables but have had no response. I have copied him and Mr. Phillip Wittmann on this letter so that they know we are still expecting a response to the deficiencies, as promised.

I am sure you understand the importance of everyone having all of the data concerning these doctors before their depositions and you would not want to go forward without all information. Therefore, please advise me within the next 48 hours whether Merck intends to produce, in the next five days, all the data we have requested. If I do not hear from you within that time that you intend to produce the data, we will be forced to file a motion with Judge Fallon.

Thank you for your courtesies. I look forward to your reply.

Yours truly,

*Grant Kaiser*

Grant Kaiser

dg

c All by email:
  Phillip Wittmann
  Benjamin R. Barnett
  Plaintiffs' Liaison Counsel
  Plaintiffs' PSC