UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

IN RE: VIOXX PRODUCTS
LIABILITY LITIGATION                    Docket No. 1657

-------------------------------------------------

OTIS HENSLEY and GAIL
HENSLEY, his wife,

    Plaintiffs,

vs.                                     Case No. 2:05-cv-5588-EEK-DEK

MERCK & CO., INC., a New Jersey
corporation,

    Defendants.
_____/

## PLAINTIFFS' UNOPPOSED MOTION TO AMEND COMPLAINT AND ADD CLAIM FOR PUNITIVE DAMAGES

Plaintiffs, OTIS HENSLEY and GAIL HENSLEY, by their undersigned attorney, move this court pursuant to Federal Rule of Civil Procedure 15(a), for an order granting leave to amend Count VI of their complaint filed herein to include a claim for punitive damages against the Defendant, MERCK & CO., INC., and state:

    1. Prior to April, 2000, Plaintiff, OTIS HENSLEY, was prescribed and ingested the drug Vioxx that was manufactured, marketed and sold by the Defendant, MERCK.

    2. As a direct result of having ingested the Vioxx drug, Plaintiff suffered an acute heart attack on April 17, 2000, which left him with permanent injuries.

    3. Plaintiff originally filed suit against MERCK on September 27, 2005 in the United States District Court, for Middle District of Florida in Case No. 8:05-cv-1803-T-26TGW. Defendant filed an Answer and Affirmative Defenses and this case was

subsequently transferred on December 20, 2005 to the Eastern District of Louisiana, MDL No. 1659, In re: Vioxx Products Liability Litigation.

4. Count VI of Plaintiffs' original Complaint alleges specific facts that support a claim for punitive damages; i.e. that Defendant, MERCK knowingly and intentionally concealed, omitted and/or minimized its knowledge from the Plaintiff and Plaintiff's prescribing physician, that Vioxx greatly increased the risk of heart attack and stroke in order to induce Plaintiff's prescribing physicians to prescribe Vioxx to the Plaintiff. It further alleges that "despite Defendant's actual knowledge of the gravity of injury foreseeably caused by Vioxx, Defendant acted with gross negligence and willful and wanton disregard of the safety of the general public and of Mr. Hensley, in that it knowingly and intentionally continued to manufacture, market, advertise and sell Vioxx so as to maximize its sales and profits at the expense of the health and safety of the public." *At Par. 73*.

5. This Motion to Amend is timely filed in that discovery is still ongoing and trial has not been set.

6. Further, this Motion to Amend does not substantially prejudice Defendant because Defendant is already on notice of all the facts contained in Count VI of the Complaint. The only change to the Complaint will be the words *"compensatory and punitive damages"* in the prayer in Count VI. In reality, Defendant has already addressed any claim for punitive damages in its Affirmative Defenses filed herein (see Affirmative Defenses #31, 32 and 33), so Defendant is already well aware that punitive damages are likely to be claimed.

7. In a letter dated June 19, 2006, counsel for Defendant, MERCK, was notified

that Plaintiffs intend to amend their Complaint to add a claim for punitive damages in Count VI.  A copy of that letter to Defendant's counsel is attached hereto as Exhibit "A".  On June 20, 2006, counsel for MERCK advised Plaintiffs' counsel via telephone that Defendant does not oppose this motion for amend.

8.  Counsel certifies that this Motion is made in good faith and not filed for purposes of harassment or delay.

WHEREFORE, Plaintiffs, OTIS HENSLEY and GAIL HENSLEY, request this Court for an Order allowing them to amend their original complaint in accordance with the attached proposed Amended Complaint (attached as Exhibit "B") and add their claim for punitive damages against the Defendant, MERCK in Count VI.

### CERTIFICATE OF SERVICE

I CERTIFY that a copy of the foregoing Motion to Amend Complaint has been mailed to Barbara Bolton Litten, Esquire, Steel, Hector & Davis, LLP, 200 So. Biscayne Blvd., Ste. 4000, Miami, FL 33131-2398 and copies served on Liaison Counsel, Russ Herman, Esquire, Herman, Herman, Katz & Cotlar, LLP, 820 O'Keefe Ave., Ste. 100 New Orleans, LA 70113, rherman@hhkc.com, (Plaintiff's Liaison Counsel);  and Phillip Wittmann, Esquire, Phillip A. Wittmann, Esquire, Stone, Pigman, Walter, Wittmann, LLC, 546 Carondelet St., New Orleans, LA 70130, pwittmann@stonepigman.com, (Defense Liaison Counsel) by U.S. mail and email, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8A and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the

procedures established in MDL 1657 on this 21st day of June, 2006.

   s/Joseph H. Saunders
Joseph H. Saunders, Esquire
SAUNDERS & WALKER, P.A.
Post Office Box 1637
Pinellas Park, FL 33780-1637
(727) 579-4500 FAX: (727) 577-9696
FBN 341746
Attorney for Plaintiffs