**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

**IN RE:  VIOXX PRODUCTS**
**LIABILITY LITIGATION**                                      **Docket No. 1657**

-------------------------------------------------

OTIS HENSLEY and GAIL
HENSLEY, his wife,

          Plaintiffs,

vs.                                                          Case No. 2:05-cv-5588-EEK-DEK

MERCK & CO., INC., a New Jersey
corporation,

          Defendants.                              /
_____

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'**
**MOTION TO AMEND COMPLAINT TO ADD CLAIM FOR PUNITIVE DAMAGES**

          Leave to amend a complaint once a responsive pleading has been filed lies

within the discretion of the trial court.  Tarbert v. Ingraham Co., 190 F.Supp. 402 (D.C.

Conn. 1960).  However, leave to amend a complaint should be liberally granted.

Bennett v. New York City Housing Authority. 248 F. Supp.2d 166 (E.D. N. Y.

2002)(Leave to amend complaint is to be granted absent undue delay, bad faith, or

dilatory motive on movant's part, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to opposing party by virtue of allowance of

amendment, or futility of amendment.)

          Federal Rule of Civil  Procedure 15(a) provides that, after a responsive pleading

has been filed, "a party may amend the party's pleading only by leave of court or by

written consent of the adverse party; and leave shall be freely given when justice so

requires."  In <u>Forman v. Davis</u>, 371 U.S. 178, 182 (1962), the Supreme Court held that leave to amend a complaint should be granted in the absence of sufficient reasons such as undue delay, bad faith, or dilatory motive by the movant.   *See also* <u>Popp Telcom v. American Sharecom, Inc.</u>, 170 F.3d 766, 881 (9th Cir. 1999)(amendment should be permitted except where complaint would not be saved or plaintiff is merely seeking to prolong litigation with baseless legal theories.);

In the instant case, Plaintiffs contemplated a claim for punitive damages and Count VI of the initial Complaint alleged facts that support a punitive claim, but the prayer for punitive damages was omitted.  Plaintiffs now wish to amend their complaint and add that prayer.  *See* <u>Wagner v. New Your, O. & W. Ry.</u>, 146 F.Supp. 926 (M. D. Pa. 1956)(This rule permitting amendments to pleadings must be liberally construed to give effect to its intent to prevent defeat of justice through mere mistake as to parties or form of action.)

Since Plaintiffs are filing this motion timely and the motion itself does not substantially prejudice Defendant, the Motion to Amend should be granted.

## <u>CERTIFICATE OF SERVICE</u>

I CERTIFY that a copy of the foregoing Memorandum in Support of Plaintiffs' Motion to Amend Complaint has been mailed to Barbara Bolton Litten, Esquire, Steel, Hector & Davis, LLP, 200 So. Biscayne Blvd., Ste. 4000, Miami, FL 33131-2398 and copies served on Liaison Counsel, Russ Herman, Esquire, Herman, Herman, Katz & Cotlar, LLP, 820 O'Keefe Ave., Ste. 100, New Orleans, LA 70113, <u>rherman@hhkc.com</u>, (Plaintiff's Liaison Counsel);  and Phillip Wittmann, Esquire, Phillip A. Wittmann,

Esquire, Stone, Pigman, Walter, Wittmann, LLC, 546 Carondelet St., New Orleans, LA

70130, pwittmann@stonepigman.com, (Defense Liaison Counsel) by U.S. mail and

email, and upon all parties by electronically uploading the same to LexisNexis File &

Serve Advanced in accordance with Pretrial Order No. 8A and that the foregoing was

electronically filed with the Clerk of Court of the United States District Court for the

Eastern District of Louisiana by using the CM/ECF system which will send a Notice of

Electronic Filing in accordance with the procedures established in MDL 1657 on this

21st day of June, 2006.


           s/Joseph H. Saunders
          Joseph H. Saunders, Esquire
          SAUNDERS & WALKER, P.A.
          Post Office Box 1637
           Pinellas Park, FL 33780-1637
           (727) 579-4500 FAX: (727) 577-9696
          FBN 341746
          Attorney for Plaintiffs