UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2006 JUN 19  PM 1:01
LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| This document relates to | * | MAG. JUDGE KNOWLES |
| | * | |
| Gerald Barnett v. Merck & Co, Inc. | * | CASE NO. 02:06cv485 |

**PLAINTIFF'S REPLY TO MERCK & CO., INC.'S MEMORANDUM REGARDING ITS OBJECTIONS TO PLAINTIFF'S PRELIMINARY DEPOSITION DESIGNATIONS (Part 3)**

Fee_____
Process_____
X  Dktd_____
✓ CtRmDep_____
Doc. No_____

In its "Memorandum Regarding Its Objections to Plaintiff's Preliminary Deposition Designations," Defendant makes a **third attempt** to object to Plaintiff's preliminary deposition designations. Although Defendant acknowledges that the Court previously overruled *many* of these objections in the Irvin trials, not only did they object to the testimony again on May 29, requiring both Plaintiff and the Court to revisit these rulings, but they improperly object a third time on June 12, often with new, additional objections added to the previous ones. The Court should not entertain these new objections and permit Defendant a third bite at the apple.

Plaintiff makes an omnibus objection to all new objections raised by Defendant in its Memorandum, and asks the Court to make its rulings herein based on the *Irvin* rulings where applicable, and based on the supplemental objections made on May 29, 2006.

Response to Marilyn Krahe

Merck states that Ms. Krahe's testimony should not be allowed because she was senior business director for the Los Angeles/ Southern California region and worked with representatives in that region. They claim that since Mr. Barnett lives in South Carolina, his doctors would not have met with representatives from California. However, what Merck fails to mention is that in addition to her duties as senior business director, she was also a member of the national cross-functional marketing team for Vioxx. That team affected the national marketing efforts for Vioxx.

As a procedural matter, it is of note that the deposition of this witness was not put forward by the Plaintiffs in the Irvin matter, therefore there are no prior rulings on this testimony.

Plaintiff responds to Defendant's specific objections as follows:

201:4-5 -- On May 29, Defendant objected to this testimony on the ground that it was an incomplete designation. In its Memorandum, Defendant maintains this objection. Plaintiff re-asserts that the remainder of the response by the witness was non-responsive and was properly objected to by the attorney at the deposition. For the Court's reference, the rest of the testimony read as follows:

```
6      So there was no reason why there would be a
7 message that said -- because it didn't cause -- I mean,
8 the clinical trials did not show an increased risk.
9      MR. BLIZZARD: Objection.
```

225:1-5 -- On May 29, Defendant objected to this testimony on the grounds that it was irrelevant and prejudicial. In its Memorandum, Defendant changes the objection to claim that it is argumentative and that there is no answer, therefore it is irrelevant and "lawyer testimony." Plaintiff urges the Court not to consider any new objections as they are untimely at this point. Plaintiff argues that this question is proper cross-examination. The question that comprises this section of testimony is incorporated by reference into the question that immediately follows at 225:11-16 and the witness' response is included at 225:20-24.

315:15-19 -- On May 29, Defendant objected to this testimony on the grounds that it is hearsay. In its Memorandum, Defendant changes the objection to claim lack of foundation. Plaintiff urges the Court not to consider any new objections as they are untimely at this point. This witness was competent to answer this question based upon her knowledge and experience as a Merck employee for over 25 years and was executive business director.

3

316:16-20; 316:24-317:1 -- On May 29, Defendant objected to this testimony on the grounds of lack of foundation and lack of knowledge. Plaintiff re-asserts his response that this witness was competent to answer this question based upon her knowledge and experience as a Merck employee for over 25 years and was executive business director. The witness should be permitted to testify that she does not know the answer.

317:21-318:5 -- On May 29, Defendant objected to this testimony on the grounds that it is vague and that the witness is asking a question. In its Memorandum, Defendant changes the objection to claim lack of foundation. Plaintiff urges the Court not to consider any new objections as they are untimely at this point. This witness was competent to answer this question based upon her knowledge and experience as a Merck employee for over 25 years and was executive business director. She knew and understood the question and felt competent to give a response.

318:15-16; 318:19-23 -- On May 29, Defendant objected to this testimony on the grounds of lack of foundation and lack of knowledge. Plaintiff re-asserts his response that this witness was competent to answer this question based upon the fact that she was a Merck employee for over 25 years with significant sales experience and responsibility.

319:2-3 – On May 29, Defendant objected to this testimony on the grounds that it lacks foundation and assumes facts not in evidence. Again, Plaintiff asserts that this witness was competent to answer this question based upon the fact that she was a Merck employee for over 25 years with significant sales experience and responsibility. The witness should be permitted to testify that she does not know the answer.

352:19-353:7; 353:23-254:13; 354:16-23; 355:15-356:3; 356:8-10; 356:15-20; 358:2-4; 358:11-15; 359:13-360:17; 360:24-361:3; 361:6-8 – On May 29, Defendant objected to this

4

testimony on the grounds that it is hearsay, lacks foundation, and lack of knowledge. In its Memorandum, Defendant maintains these objections. Plaintiff re-asserts that this is non-hearsay. It is an admission by a party and an adoptive admission. The document was used to refresh the witness' memory. The document itself was within Merck's records and produced to Plaintiff by Merck.

361:9-362:17 – On May 29, Defendant objected to this testimony on the grounds that it is hearsay, lacks foundation, lack of knowledge, and includes markings of exhibit. In its Memorandum, Defendant simply asserts that the testimony lacks foundation. The crux of this testimony is not related to the document, but rather is calling for the witness' personal knowledge of different Merck employees.

363:8-21; 363:24-364:6; 364:9-14; 364:20-365:8; 365:12-16 -- On May 29, Defendant objected to this testimony on the grounds that it is hearsay, lacks foundation, lack of knowledge, and includes markings of exhibit. In its Memorandum, Defendant simply asserts that the testimony lacks foundation. This is proper cross-examination of this witness regarding her personal knowledge and use of the document. The witness is executive business director with an over 25 years experience at Merck.

382:2-384:13; 385:2-20; 385:23-386:2; 390:8-11; 390:14-391:3; 391:6; 392:13-16; 392:19-393:15; 393:18-24; 393:3-4; 394:17-24; 395:3-6; 404:24-405:11; 405:14-21 -- On May 29, Defendant objected to this testimony on the grounds that it is hearsay, irrelevant, and prejudicial. Plaintiff re-asserts his response that this document is not hearsay, but rather is a party admission and an adoptive admission. The document being discussed is a business record. It relates to Merck's knowledge, state of mind and Merck's national integrated

5

marketing campaign. This testimony is highly probative of these matters. The witness is testifying as to her personal knowledge and experience.

473:8-10; 474:15-475:5; 475:9-15; 478:10-19; 480:14-23; 481:19-482:4; 482:11-12; 484:6-8; 484:11-12; 487:23-488:5; 488:8-489:2; 500:7-13; 500:16-501:1; 501:4-7 -- On May 29, Defendant objected to this testimony on the grounds that it is hearsay, irrelevant, lacks foundation, and prejudicial. They also claimed that portions of this testimony mischaracterize the evidence and call for speculation. In the Memorandum Merck claims that the testimony is irrelevant because Mr. Barnett's doctors never saw the CV card and lacks foundation. Plaintiff urges the court to make its ruling based upon the information that was timely submitted. Whether or not Mr. Barnett's physicians saw the CV card is immaterial to its relevance in this case. There is evidence that the CV card was distributed to all sales representatives, to provide information and talking points for doctors who had concerns about the cardiovascular safety of the drug. Other documents demonstrate that the CV card was in circulation until the April 2002 label change. Card contains misleading information related to CV safety and mortality and was never updated to include data from ADVANTAGE, Alzheimer's, or VIGOR trials. Also contains pooled analysis that the FDA would not allow Merck to put in the label. Doctor's may not have been shown the card itself, but sales representatives were instructed to "use" to card and the information contained in it to reassure doctors of the drug's safety. This document and testimony is highly relevant to Merck's knowledge, intent, and integrated marketing campaign. This witness is able to understand and testify with respect to this document based upon her knowledge and years of sales experience with Merck.

517:19-518:15; 518:18-519:7; 519:11-15; 520:9-11; 520:15-24; 529:23-530:2; 530:8-11; 531:9-13; 531:16-19 – On May 29, Defendant objected to portions of this testimony on numerous bases, including: mischaracterizes the evidence, lacks foundation, hearsay, lack of knowledge, and that it is argumentative. In their Memorandum, Defendant narrows the objections to lack of foundation. Again, these questions were asked of Ms. Krahe based upon her over 25 years' experience working at Merck and her extensive sales experience and knowledge. She is familiar with and capable of testifying about Merck's use and interpretation of studies to market and sell its products.

Respectfully submitted,

By: /s/ Mark P. Robinson, Jr.

**Mark P. Robinson, Jr.**
Kevin F. Calcagnie
Carlos A. Prietto, III
Ted B. Wacker
Lexi W. Myer
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive, 7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

**Andy D. Birchfield, Jr.**
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(334) 269-2343 (telephone)

**Counsel for Plaintiff**

**Russ M. Herman**, *Esquire*
Leonard A. Davis, Esquire
Stephen J. Herman, Esquire
HERMAN, HERMAN, KATZ & COTLAR
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
**PLAINTIFFS' LIAISON COUNSEL**

Richard J. Arsenault, *Esquire*
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Thomas R. Kline, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Shelly Sanford, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive, 7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

**Christopher A. Seeger**, *Esquire*
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Arnold Levin, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337) 494-7171 (telephone)
(337) 494-7218 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W., Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

**PLAINTIFF'S STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Liaison Counsel, Russ Herman and Phillip Wittmann [with courtesy copy to Merck's trial counsel, Andrew L. Goldman] by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order 8A, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 16th day of June, 2006.

*Mark P. Robinson, Jr.*

MARK P. ROBINSON, JR.
California State Bar No. 054426
**Attorney for Plaintiff**
**ROBINSON, CALCAGNIE & ROBINSON**
620 Newport Center Drive, 7th Floor
Newport Beach, CA 92660
Telephone: 949-720-1288
Telecopier: 949-720-1292
mrobinson@rcrlaw.net