**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2006 JUN 19 PM 1: 26
LORETTA G. WHYTE
CLERK

| | |
|---|---|
| **In re: VIOXX PRODUCTS LIABILITY LITIGATION** | **MDL No. 1657** |
| | **Section L** |
| | **Judge Eldon E. Fallon** |
| | **Magistrate Judge Daniel E. Knowles, III** |

**THIS DOCUMENT RELATES TO:**
*Patricia Sanders v. Merck & Co., Inc.*, Case No. 2:05-CV-06198

**PLAINTIFF'S RESPONSE TO DEFENDANT ST. LOUIS CONNECTCARE'S
MOTION TO DISMISS PURSUANT TO §538.225 RSMO
<u>AND FOR FAILURE TO STATE A CLAIM</u>**

Plaintiff's Complaint asserts that Defendant St. Louis ConnectCare ("ConnectCare")

negligently failed to warn Plaintiff of the cardiovascular effects of ingesting Vioxx and negligently

performed that undertaking. Plaintiff alleges further that ConnectCare merely worked as a conduit

for Merck and that the written cardiovascular warnings given to ConnectCare which were given to

the plaintiff were inadequate. No consultation or any other service was performed by ConnectCare

other than the sale of Vioxx to the Plaintiff and that ConnectCare's actions are not within the ambit

of Chapter 538 of the RSMO. Because Plaintiff can and has pled these viable causes of action for

negligence and strict products liability, ConnectCare's motion should be denied.

**I.     STATEMENT OF FACTS**

Plaintiff, Patricia Sanders, filed suit against Merck & Co., Inc. ("Merck") and ConnectCare

seeking damages for his personal injuries caused by the defective drug Vioxx. Merck removed the

suit to federal court arguing that Plaintiff did not have a viable cause of action against ConnectCare.

While this case was pending in federal court, ConnectCare filed a motion to dismiss Plaintiff's

claims against it.

Fee_____
Process_____
X  Dktd_____
✓  CtRmDep_____
Doc. No_____

After Ms. Sander's case was remanded back to this Court, ConnectCare refiled its motion to dismiss Plaintiff's claims.   Plaintiff has properly pled viable causes of action against ConnnectCare.  As such, dismissal is improper and ConnectCare's motion should be denied.

## II.     BECAUSE PLAINTIFF'S COMPLAINT ALLEGES VALID CLAIMS AGAINST CONNECTCARE, DISMISSAL IS IMPROPER

Under Missouri law, the motion to dismiss admits, for the purposes of the motion, all facts well pleaded and in considering a motion to dismiss the court must construe it liberally and favorably to the plaintiff, giving him the benefit of all facts fairly deducible from the facts stated. *Holland By and Through Gardner v. W.A.S.P., Inc.*, 833 S.W.2d 23, 24 (Mo. Ct. App. E.D. 1992); *Hester v. Barnett*, 723 S.W.2d 544, 549 (Mo. Ct. App. W.D. 1987).  Plaintiff's original complaint states causes of action against ConnectCare for its negligent undertaking to warn Ms. Sanders of the risks associated with Vioxx and for strict products liability for its knowing sale of Vioxx without a proper warning.  These allegations are legally sufficient to withstand Defendant's motion to dismiss.

## III.    PATRICIA SANDERS HAS A LEGALLY RECOGNIZED NEGLIGENCE CLAIM AGAINST CONNECTCARE FOR ITS INACCURATE WARNING OF THE RISKS ASSOCIATED WITH VIOXX.

Plaintiff alleges that ConnectCare incurred liability for Ms. Sanders' injuries when it provided inaccurate information and warnings with the Vioxx that it sold to plaintiff.  A pharmacist has the duty to provide accurate information and is subject to liability for the physical harm caused by any failure to exercise reasonable care in performance of his duty. *Horner v. Spalitto*, 1 S.W.3d 519, 522 (Mo. Ct. App. W.D. 1999).  "[The pharmacists'] duty was to endeavor to minimize the risks of harm to [plaintiff] and others which a reasonably careful and prudent pharmacist would forsee." *Id.*  The General Assembly of Missouri defined the practice of pharmacy, and in that definition, a duty of the pharmacist is "the maintenance of proper records thereof; consultation with

the patients and other health care practitioners about the safe and effective use of drugs and devices. Section 338.010.1, RSMo 1994. Essentially, the Horner court states that a pharmacist is more than just an order filler, and that they have a duty to inform the physicians and patients of the potential dangers associated with prescription drugs.

Here the Plaintiff's complaint clearly alleges that ConnectCare knew or should have known of the cardiovascular risks associated with the use of Vioxx based upon the FDA's sanctioning of Merck, Dear Doctor letters sent to health care providers – including pharmacies – and the medical literature available to ConnectCare when it sold Vioxx to Ms. Sanders. Plaintiff alleges that all ConnectCare did was provide a boilerplate warning provided by Vioxx that held inaccurate information about the drug, and held no consultation with the patient or his doctor in conformance with the standard duties of a pharmacist. Moreover, Plaintiff alleges that ConnecCare was merely acting as a conduit putting the Vioxx in the market with little or no consultation resembling the actions of a prudent pharmacist. Based upon these allegations, Plaintiff has adequately pled a viable negligence cause of action against ConnectCare under Missouri law. Interpreting these allegations in the light most favorable to the Plaintiff as required by Missouri law, Plaintiff has more than adequately set forth a recognized cause of action against ConnectCare for negligence.

## IV.   PLAINTIFF IS NOT REQUIRED TO FILE AN AFFIDAVIT AS REQUIRED BY MISSOURI STATUTE BECAUSE THE CAUSE OF ACTION FALLS OUTSIDE THE AMBIT OF §538.225

Plaintiff alleges that ConnectCare sold her a dangerous product without providing proper warnings of the risks associated with its use. Plaintiff's allegations are not couched in terms of medical malpractice, but that ConnectCare failed to warn Ms. Sanders when she purchased Vioxx from them. The purpose of §538.225 is to eliminate at the early stages of litigation medical malpractice actions against health care providers which lack the color of merit and to protect the

public against the costs of ungrounded medical malpractice claims. *Mohoney v. Doerhoff Surgical Services*, 807 S.W.2d 503, 507 (Mo. *en banc* 1991). If the negligence alleged is not related to medical malpractice the Plaintiff does not have to provide and affidavit as required by §538.225. *See id.*; *see also Morrison v. St. Luke's Health Corporation*, 929 S.W.2d 898, 906 (Mo. Ct. App. 1996). Because the lawsuit is incidentally against a business or organization that is defined as a health care provider under the ambit of Chapter 538, does not mean that the nature of the case in necessarily medical malpractice. In *Morrison*, the plaintiff was at a medical facility when she tripped over a briefcase left in the walkway by another business invitee. *Morrison*, 929 S.W.2d at 900. The court held that her injuries had nothing to do with defendant's status as a health care provider, but as to the Plaintiff's injuries on a premises where she was a business invitee. *Id.* at 906. Alternatively, the *Mahoney* court states that some kinds of malpractice are of a kind so obvious or untypical that do not require proof of a standard of care by expert opinion. *Mahoney*, 807 S.W.2d at 508, *citing, Null v. Stewart*, 78 S.W.2d 75, 78-79 (Mo. 1934). In summary a pharmacy could be liable to a plaintiff without expert testimony if its failure is so plain that there is no need for expert opinion on the matter.

Plaintiff alleges that ConnectCare failed in their duty to such an extent that expert opinion is not required in this case. ConnectCare was quite simply acting as a conduit or facilitator of Merck in putting its products in the stream of commerce. As stated in part III the duties of the pharmacist are to keep accurate records of the patients, the side effects and up to date medical literature on drugs and most importantly to consult with the patients. Plaintiff alleges that ConnectCare did none of these things.

ConnectCare sold Vioxx to Ms. Sanders and in doing so provided only the boilerplate warning provided by Merck, which was out of date and incorrect. ConnectCare should have been

aware of the unreasonably dangerous risks through the FDA sanctions against Merck, the "Dear Doctor" letters Merck sent to doctors and other health care providers, and the ample medical literature from several sources regarding Vioxx. Plaintiff alleges that ConnectCare had no consultation with Ms. Sanders and no pharmacist provided her with a warning. ConnectCare's actions fell so far below the duty of care that they were no longer within the standards of a medical practitioner as defined by the statute. Plaintiff alleges that this failure has more in common with the obviousness of leaving a briefcase on the floor – a situation so obvious that no expert testimony is required in order to show that there was a breach of duty. Plaintiff's allegations must be interpreted in the light most favorable to her claims. And thus, Plaintiff has adequately shown that this cause of action is unrelated to medical malpractice and therefore does not require expert testimony.

## V.    CONCLUSION

If the facts pleaded and the reasonable inferences to be drawn therefrom, looked at most favorably from the plaintiff's standpoint, show any ground upon which relief may be granted, the plaintiff has the right to proceed. *Shelton v. St. Anthony's Medical Center*, 781 S.W.2d 48, 49 (Mo. 1989).  Because Plaintiff has properly pled a claim for ConnectCare's negligent undertaking to provide a warning to Plaintiff on the cardiovascular side effects associated with the use of Vioxx based upon the pharmacy's actual knowledge of the inadequacy of the warnings provided to Ms. Sanders, ConnectCare's motion to dismiss should be denied.

Dated: June 16, 2006

Respectfully submitted,

Walter Umphrey
Texas Bar No. 20380000
**PROVOST UMPHREY LAW FIRM LLP**
490 Park Street
Beaumont, Texas 77701
(409) 835-6000; fax (409) 838-8888

Mikal Watts
Texas Bar No. 20981820
**THE WATTS LAW FIRM LLP**
Tower II Building, 14th Floor
555 North Carancahua Street
Corpus Christi, Texas 78478
(361) 887-0500; fax (361) 887-0055

Drew Rainer
Louisiana Bar No. 8320
**RANIER, GAYLE & ELLIOT LLC**
1419 Ryan Street
Lake Charles, Louisiana 70601
(337) 494-7171; fax (337) 494-7218

Grant Kaiser
Texas Bar No. 11078900
**THE KAISER FIRM LLP**
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5001
(713) 223-0000; fax (713) 223-0440

John Eddie Williams, Jr.
Texas Bar No. 21600300
Amy M. Carter
Texas Bar No. 24004580
**WILLIAMS BAILEY LAW FIRM LLP**
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
(713) 230-2200; fax (713) 643-6226

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that **Plaintiff Patricia Sanders' Response to Defendant St. Louis ConnectCare's Motion to Dismiss Pursuant to §538.225 RSMO and for Failure to State a Claim** has been served on Liaison Counsel, Russ Herman and Phillip Wittman and the following attorneys of record, by Lexis/Nexis File and Serve, U.S. Mail, e-mail and/or hand-delivery in accordance with Pretrial Order No. 8A on this 16th day of June, 2006:

Michael J. Smith          msmith@lashlybaer.com
Tricia J. Mueller         tmueller@lashlybaer.com
**Lashly & Bear, P.C.**
714 Locust Street
St. Louis, Missouri 63101
(314) 621-2939; fax (314) 621-6844

Dan H. Ball              dhball@bryancave.com
**Bryan Cave LLP**
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
(314) 259-2200; fax (314) 552-8200

Amy M. Carter