UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| This document relates to | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| | * | |
| Gerald Barnett v. Merck & Co, Inc. | * | CASE NO. 02:06CV00485 |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION RE: SEQUENCING OF THE PUBLICATION OF DEPOSITION DESIGNATIONS**

I. **INTRODUCTION**

Plaintiff, Gerald Barnett, moves this Court for an Order directing the appropriate sequencing of the publication of deposition designations at trial. Both parties have exchanged deposition designations for various witnesses throughout this litigation. Plaintiff has requested that his designations of witnesses' testimony be played first, followed by Merck's designations, so that the jury understands which party is eliciting particular testimony from the witness. Merck disagrees. Since the parties have been unable to agree about the appropriate convention for presenting deposition designations, this Court's intervention is necessary.

II. **FACTUAL BACKGROUND**

This action for personal injuries arises from Plaintiff Gerald Barnett's use of Vioxx, which caused a heart attack on September 6, 2002, and resulting damage to his heart,

1

necessitating coronary artery bypass surgery four days later. Mr. Barnett was approximately 56 years old when he was prescribed Vioxx by his physician in December of 1999, and he had been taking the drug for approximately 32 months at the time of his heart attack.

It is Plaintiff's contention that his heart attack was caused by a clot in one of his coronary arteries which resulted from a plaque rupture as well as the acceleration of atherogenesis due to Vioxx use. Plaintiff's treating doctor has testified that had Merck disclosed the known risks of Vioxx he would not have prescribed him Vioxx. However, because his physicians were unaware of the risks of Vioxx, and Merck failed to disclose and warn what it knew regarding the dangers of Vioxx, Mr. Barnett continued to take the drug even after his heart attack, until a few weeks before it was removed from the market.

Before his heart attack Mr. Barnett had retired from the FBI, where he had worked as an agent for 27 years, including a period of time in an anti-terrorist unit. He has been married to his wife Corinne since he started with the FBI, and the couple have lived in Myrtle Beach, South Carolina since his retirement. As a result of the heart attack and 5-way bypass surgery at the early age of 58, Mr. Barnett suffers from permanent damage to his heart, which has reduced his life expectancy. In addition, he is now at a much greater risk of suffering another heart attack, and the bypass surgery has placed him at a greater risk for heart failure.

### III. ARGUMENT

Fed.R.Civ.P. 32 governs the use of the depositions in Court proceedings. That rule is silent as to the actual presentation of particular testimony. In this case, both parties have exchanged designations of specific testimony of witnesses whose depositions were videotaped for presentation to the jury. Plaintiff intends to present his designated portions of deposition testimony as a whole, and then after advising the jury, the Defendant's designations would be

2

played subsequently. Merck, on the other hand, has insisted that the deposition designations be blended so that the jury is unaware about which party elected to present particular testimony. Plaintiff strongly disagrees with Merck's position.

When a witness takes a stand at trial, the party calling the witness elicits their testimony which can then be followed up with cross-examination from the opposing party. It is not the case that the opposing party informs the party calling the witness of the questions to ask so that the two sides' testimony is blended. Functionally, that is exactly what Merck seeks to have occur with the deposition testimony. There is no sound reason for supporting Merck's position. It can only serve to lead to confusion of the jury. Other Courts have rejected similar tactics. *See Pauley v. Bayer Corp.*, March Term 2002, No. 2820 (Phila.C.P. Nov. 15, 2004)("I usually let counsel stand up and say I'm going to play my X, Y and Z and then defense counsel gets up and says, I'm going to be playing some designations later by cross examination and back in the forth in that fashion.") [attached hereto as Exhibit "A'].

To avoid confusion, Plaintiff submits that each parties' deposition designations should be played separately.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that his motion in limine to sequence the orderly publication of deposition designations be granted.

Date: June 16, 2006

Respectfully submitted,

By _Mark P. Robinson, Jr._
Mark P. Robinson, Jr.
Kevin F. Calcagnie
Carlos A. Prietto, III
Ted B. Wacker
Lexi W. Myer
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Dr., 7th Floor
Newport Beach, California 92660
Telephone: (949) 720-1288
Facsimile: (949) 720-1292

Andy D. Birchfield, Jr.
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, Alabama 36103-4160
Telephone: (334) 269-2343
Facsimile: (334) 954-7555

Donald C. Arbitblit
LIEFF, CABRASER, HEIMANN and
BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Counsel for Plaintiff

Russ M. Herman
Leonard A. Davis
Stephen J. Herman
HERMAN HERMAN KATZ
& COTLER, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70013
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

Christopher A. Seeger
SEEGER WEISS
One William Street
New York, New York 10004
Telephone: (212) 584-0700
Facsimile: (212) 584-0799
**Co-Lead Counsel**

**PLAINTIFFS' LIAISON COUNSEL**

Richard J. Arsenault
NEBLETT, BEARD & ARSENAULT
220 Bonaventure Court
P.O. Box 1190
Alexandria, Louisiana 71301-1190
Telephone: (318) 487-9874
Facsimile: (318) 561-2591

Shelly Sanford
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, Texas 77002
Telephone: (713) 650-0022
Facsimile: (713) 650-1669

Elizabeth Cabraser
LIEFF, CABRESER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Drew Ranier, Esq.
RANIER, GAYLE & ELLIOT, LLC
1419 Ryan Street
Lake Charles, Louisiana 70601
Telephone: (337) 494-7171
Facsimile: (337) 494-7218

Thomas Kline
KLINE & SPECTER, P.C.
1525 Locust St., 19th Floor
Philadelphia, Pennsylvania 19102
Telephone: (215) 772-1000
Facsimile: (215) 772-1371

Mark P. Robinson, Jr.
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Dr., 7th Fl
Newport Beach, California 92660
Telephone: (949) 720-1288
Facsimile: (949) 720-1292

Arnold Levin, Esq.
LEVIN FISHBEIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 19106-3875
Telephone: (215) 592-1500
Facsimile: (215) 592-4663

Christopher V. Tisi Esq.
ASHCRAFT & GEREL
2000 L Street, NW, Suite 400
Washington, DC 20036-4914
Telephone: (202) 783-6400
Facsimile: (307) 733-0028

**PLAINTIFFS' STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Phillip A. Wittmann, Merck's Counsel, Andrew L. Goldman, and Plaintiffs' Liaison Counsel, Russ Herman, by U.S. Mail and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced, in accordance with Pretrial Order No. 8, on this 16th day of June, 2006.

MARK P. ROBINSON, JR.
State Bar No. 054426
Attorney for Plaintiff
Robinson, Calcagnie & Robinson