Page 1

```
 1    IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
 2        FOR THE FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
 3                    CIVIL TRIAL DIVISION
 4                          - - -
 5   GEORGE PAULEY AND           :  MARCH TERM, 2002
 6   SUSAN PAULEY, H/W           :
 7       VS.                     :
 8   BAYER CORPORATION, ET AL    :  NO. 2820
 9                          - - -
10                 Monday, November 15, 2004
11                 Courtroom 483, City Hall
12                 Philadelphia, Pennsylvania
13                          - - -
14   BEFORE:   THE HONORABLE ARTHUR KAFRISSEN
15                          - - -
16                   TRIAL - VOLUME I
17                          - - -
18
19
20
21
22
23
24
25
```

## 01 Counter Designations

### 11/15/04 TT Vol. II - Monday
**Issues:**     01 Counter Designations

```
  98:21              MR. LONGER:  Your Honor, just one
     22         housekeeping measure.  We've made some
     23         designations for depositions and I don't
     24         know how we're actually going to be able to
     25         accomplish all of that today, to try to
  99: 1         restructure things, if necessary, based upon
      2         these preliminary rulings.
      3              THE COURT:  You mean for openings or
      4         for testimony?
      5              MR. LONGER:  For testimony.  And so
      6         I'm just curious as to how we should
      7         proceed.  My thinking is that we would start
      8         with Mr. Pauley, perhaps we could get that
      9         far and at that point --
     10              THE COURT:  Break for the day.  If we
     11         get that far, we'll be doing good.
     12              MS. HILLS:  Your Honor,
     13         technologically speaking, what has been done
     14         in the past in other Baycol trials is, we
     15         have FCI here, and they can load everyone's
     16         designations, GSK and the plaintiffs, and
     17         play them, and as long as we have the
     18         appropriate cuts from the plaintiff's
     19         counsel, we can do that at a moment, you
     20         know, if we argue a line or a question
     21         should be out and Your Honor rules that it's
     22         out, it can be cut right here, so it's not
     23         just a videotape that is played.  Nothing is
     24         cast in stone, so we can do that as long as
     25         we get the plaintiff's new designations.
 100: 1              THE COURT:  Yes.
      2              MR. LONGER:  The point of
      3         disagreement, and I have no problems with
      4         their tech people doing it, it saves my tech
      5         guy from working, but the point of
      6         disagreement is, I have told the defendants,
      7         and I don't know anything about other
      8         trials, I wasn't there, but what I do know
      9         is that I want to put on my designations and
     10         they may have their own designation and they
     11         can then present theirs, but I want it clear
     12         that what is mine is mine and what is theirs
     13         is theirs, and the jury should understand
     14         that, and if they're going to put their case
     15         into mine, I want them to know that they
     16         have problems otherwise.
     17              THE COURT:  Wait a minute.  You lost
     18         me.
     19              MS. HILLS:  Your Honor, I don't really
```

```
20  understand. Normally, when a live witness
21  comes and takes the witness stand, one
22  party's sponsor still does the direct
23  examination and the other does the
24  cross-examination. That is what we are
25  talking about, the counter designations.
101: 1  And in terms of affirmative designations
  2  that each party has made on their own, of
  3  course, those will be played, just in our
  4  case in chief. It is clear from the
  5  videotape that there's a plaintiff's counsel
  6  doing a direct exam and a defense counsel
  7  doing cross-examination.
  8           I don't know what else Mr. Longer is
  9  suggesting or the problems he foresees by
 10  doing what is normal trial practice, a
 11  direct, a cross and a redirect.
 12           MR. LONGER: All I want to do is be
 13  clear that I want my designations played
 14  first and then she can play her
 15  designations.
 16           MR. JOHNSON: I think we can work it
 17  out. Usually what happens is the court
 18  announces the plaintiff's designations.
 19  When the plaintiff finishes, then the court
 20  announces, now the defense will play their
 21  designations.
 22           MR. LONGER: That's all I'm saying.
 23           THE COURT: Or, actually, the way I've
 24  always done it, I don't make the
 25  announcement myself. I usually let counsel
102: 1  stand up and say, I'm going to play my X, Y
  2  and Z, and then defense counsel gets up and
  3  says, I'm going to be playing some
  4  designations later by cross-examination and
  5  back and forth in that fashion.
  6           MR. LONGER: That's it.
  7           THE COURT: Maybe as far as one tech,
  8  that might be an easier way of doing it, but
  9  if you want to use your own tech, be my
 10  guest. Whatever makes you happy. Let's
 11  take five.
```