UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA




2006 JUN 20 PM 12:52

LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| **In re: VIOXX** | * | **MDL Docket No. 1657** |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | **JUDGE FALLON** |
| **This document relates to** | * | **MAG. JUDGE KNOWLES** |
| **Gerald Barnett v. Merck & Co, Inc.** | * | **CASE NO. CA 06-485** |

**Notice of Filing Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses**

Plaintiff Gerald Barnett, by and through his attorneys, hereby gives notice of filing Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses for the Court's consideration and pre-trial rulings. Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses is attached as Exhibit "A."

Respectfully submitted,

By: P. Leigh O'Dell

**Andy D. Birchfield, Jr.**
P. Leigh O'Dell
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
234 Commerce Street
Montgomery, AL 36103-4160
(334) 269-2343

**Mark Robinson**
Kevin Calcagnie
**ROBINSON, CALCAGNIE & ROBINSON**
620 Newport Center Drive
Newport Beach, CA 92660
(949) 720-1288 (telephone)

**Counsel for Plaintiff**

___ Fee___
___ Process___
X Dktd___
✓ CtRmDep___
___ Doc. No.___

**Russ M. Herman** (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
**PLAINTIFFS' LIAISON COUNSEL**

**Christopher A. Seeger**, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Carlene Rhodes Lewis, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W.
Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

**PLAINTIFF'S STEERING COMMITTEE**

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. #8, on this the 19th day of June, 2006.

P. Leigh O'Dell

Exhibit "A"

## Barnett v. Merck

## Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.0001 | MRK-ACT0018064 | MRK-ACT0018064 | 2/8/2001 | Email from Harry A. Guess to Douglas J. Watson Re: Advisory Committee Meeting | 403. Takes statement out of context and confuses jury. Any probative value is outweighed by prejudicial effect. | 403 | Admitted | Previously admitted. Highly relevant. Reflects Merck's attitudes toward FDA during critical labeling negotiations for VIOXX and at a time when the FDA was very concerned about cardiovascular risks. (See,e.g.,contemporaneous Targum memo, where she recommends CV Warning for VIOXX). This attitude is corroborated by other evidence that Defendant is free to play in their counter designations if they believe the statement is out of context. Scolnick later explains the comments (and expresses regret over his choice of words). |
| 1.0002 | MRK-ABW0004799 | MRK-ABW0004799 | 10/18/2001 | Email from Edward Scolnick to David Anstice Re: Reactions to Revised Label | 401, 402, 403. Any probative value is outweighed by prejudicial effect. | 401, 402, 403 | Admissible to the extent they relate to testimony that has been admitted | Previously admissible. Highly relevant. Reflects Merck's attitudes toward FDA during critical labeling negotiations for VIOXX and at a time when the FDA was very concerned about cardiovascular risks. (See,e.g.,contemporaneous Targum memo, where she recommends CV Warning for VIOXX). Moreover, is consistent with Plaintiff's position that Merck could have chosen to warn patients and physicians prior to marketing the drug and certainly after the VIGOR trial, but instead opted to delay and stonewall the FDA's requests for information and recommendation for a CV warning. Also goes to causation and the adequacy of the original warning in place at the time of Mr. Barnett was prescribed the drug. |
| 1.0003 | MRK-ACR0014514 | MRK-ACR0014514 | 4/6/2001 | Email from Scolnick to Greene in re Approvable letter | 401, 402, 403 | | | Highly relevant. Reflects Merck's attitudes toward FDA. Also reinforces Plaintiff's position that FDA was understaffed to deal with the volume of information given to it by Merck (corroborates portions of Graham testimony. Refutes Merck's FDA defenses by showing that Merck knew FDA was not equipped to keep pace with the evolving science re: Cox 2 drugs. Further reflects Merck's desire for class labeling. |

## Barnett v. Merck

## Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.0004 | MRK-NJ0315892 | MRK-NJ0315894 | 2/26/1997 | Email from Brian F. Daniels to Thomas Simon, et al. Re: GI Outcomes Trial Protocol | | | | |
| 1.0005 | MRK-ABX0016509 | MRK-ABX0016510 | 11/26/2001 | Email from D. Anstice FW: Three Items | | | | |
| 1.0006 | MRK-ABA0003277 | MRK-ABA0003284 | 9/17/2001 | Warning letter from Thomas Abrams to Raymond Gilmartin | 401, 402, 403, 801, 802. Any probative value is outweighed by prejudicial effect. The letter also contains hearsay statements by non-Merck individuals. | 401, 402, 403, 602, 801, 802 | Admitted | Previously admitted. Letter is an FDA warning concerning multiple statements made by a paid Merck lecturer, sales representatives, and contained in a public press release that minimized the cardiovascular risks of the drug and offered the naproxen theory as an explanation for the VIGOR trial results. Merck touted the naproxen theory as early as March 27, 2000 and still does so today. The FDA's rebuke of Merck for only offering this theory and for failing to tell doctors of the potential for VIOXX to be prothrombotic goes to the heart of plaintiff's claims. Second, it offers the FDA's position on the naproxen theory—mainly, that it is just a theory that is unsupported by clinical evidence. The fact that Jerman was unaware of the warning is precisely the point—Merck reps were never instructed to be forthright with physicians and to offer them alternative explanations for the VIGOR results. Also, Anstice testified during Humeston that the statements were made and that Merck took corrective action with respect to Merck lecturers and sales representatives. |

## Barnett v. Merck

## Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.0007 | MRK-AAR0019773 | MRK-AAR0019786 | | Vioxx Dodgeball | 401, 402, 403, 901. Any probative value is outweighed by prejudicial effect. Also irrelevant because the two prescribing physicians testified that no Merck sales rep avoided any of their questions. The exhibit is also incomplete because it does not include the rules of the game. | 403 | Admissible | Previously admissible. The Dodge [illegible] not singular ins[illegible] which Merck [illegible] irrelevant to the [illegible] but rather are illustrative of an endemic business [illegible] which strives to maximize [illegible] sales [illegible] profits at the expense of consumer safety. Merck [illegible] engaged in [illegible] continuing pattern and practice of wid[illegible]read corpor[illegible] behavior to avoid compliance with th[illegible] regulations co[illegible]ming the disclosure of risk inform[illegible]n. Evidence [illegible] the defendant's misconduct in training [illegible] employees [illegible] minimize the increased risks compounding Vioxx are [illegible]vant for purposes of impeachment, motive, int[illegible] and state of mind. Merck takes the position and did [illegible] during the Irvin trials that any and all risk information [illegible] to Merck was fully disclosed to the health care [illegible]try. Merck cannot take this position and then seek to [illegible] the Dodge Ball documents because no sales pe[illegible] trained [illegible] these eva[illegible] tactics seemed to [illegible] prescribing physicians' questions. [illegible] this document, it was produced [illegible] and bears a Merck-assigned bat[illegible] number. There is no |

Exhibit "A"

# Barnett v. Merck

## Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.0008 | MRK-AAR0019055 | MRK-AAR0019060 | | CV Card | 401, 402, 403. This is irrelevant and prejudicial because there is no evidence Barnett's prescribers ever saw the CV Card. | 401, 402, 403, 602 | Admissible (Carroll deposition) | Previously admitted. Highly relevant. In conjunction with Exhibits 62 & 145, there is evidence that the CV card was distributed to all sales representatives, to provide information and talking points for doctors who had concerns about the cardiovascular safety of the drug. Other documents (which can be produced if needed) demonstrate that the CV card was in circulation until the April 2002 label change. Scolnick testified that the card should have been updated to include current information. Card contains misleading information related to CV safety and mortality and was never updated to include data from ADVANTAGE, Alzheimer's, or VIGOR trials. Also contains pooled analysis that the FDA would not allow Merck to put in the label. Doctor's may not have been shown the card itself, but reps were instructed to "use" to card and the information contained in it to reassure doctors of the drug's safety. |
| 1.0009 | MRK-AAO0000073 | MRK-AAO0000126 | 9/1/2000 | 2001 Profit Plan for Vioxx | 401, 402, 403, 602. Sales data is irrelevant and unfairly prejudicial, especially in compensatory phase. Witness lacks personal knowledge of document. | 401, 402, 403, 602 | Admissible for Carroll; For Dixon, admissible to the extent they relate to testimony that has been admitted. | Previously admissible. Goes to motive and Merck's purported disclosure of "fair and balanced" information regarding the drug's safety. The fact that the Merck calculated a cost for, and expressed a need to, minimize and diffuse the CV safety issue is highly relevant. This is particularly responsive to Merck's defense that it was not spinning data but was fully disclosing safety data to physicians. Admission that one of Merck's goals was to minimize public safety issue. |

## Barnett v. Merck

## Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.0010 | MRK-ABH0014114 | MRK-ABH0014118 | 6/1/1998 | Email from Edward Scolnick to Errol McKinney Re: Celebrex submission within 2 months - Schroders | 401, 402, 403, 801, 802. Sales data is unfairly prejudicial, especially in compensatory phase. Discussion of other medicines is irrelevant. Stock analyst report is hearsay. | 401, 402, 403, 801, 802 | Admitted; No ruling on objection | Plaintiff contends that Merck rushed VIOXX to market without adequate testing because it was in a competitive race with Searle/Pfizer of COX-2 inhibitors. Plaintiff also contends that Merck was desperate for a blockbuster drug. Analyst's report is not being presented for the truth of the matter asserted, but for the effect it had on Merck and the perception that Merck needed to beat Celebrex to market. Further, the email is an admission that Merck would not fully fund requested research and that Merck chose to spend its money on marketing rather than research. This is highly relevant to plaintiff's claims. |
| 1.0011 | MRK-ABS0194661 | MRK-ABS0194664 | 10/20/1998 | E-mail from Scolnick: Message | 401, 402, 403, 801, 802. Stock analyst report is hearsay. Financial data is irrelevant and prejudicial. | 401, 402, 403, 801, 802 | No ruling on objection | See above. Note also that Scolnick admits in his testimony that this was his thinking at the time and that he was trying to convey a sense of urgency to his team. |

## Barnett v. Merck
## Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.0012 | MRK-ABK0302077 | MRK-ABK0302077 | 4/3/2000 | Email from Patrono to Laurenzi--preliminary VIGOR data | 801, 802. The email is impermissible hearsay. | | | Patrono statements are not hearsay -801(d)(2). Also relevant to Merck's notice/knowledge. The email is a business record of Merck 803(6) that sets forth the present sense impression of Merck employees 803(1). Further, this document is highly relevant because one of Merck's main defenses is that the VIGOR results did not show an increased cardiovascular risk from Vioxx, but rather, they argue that VIGOR demonstrated a protective effect from Naproxen. This document is a contemporaneous e-mail from one of their consultants advising Merck that, among other things, it is unlikely that Naproxen has the anti-thrombotic effects that Merck is attributing to it. It can also be used under 801(c) to show effect on the listener (Merck) and Merck's state of mind/knowledge at the time that it was arguing to the public/healthcare providers/FDA that VIGOR did not show that Vioxx has a CV risk. Also can be used to impeach statements by Merck that it believed naproxen had a cardioprotective effect since their consultant told them that conclusion could not be made. |

Exhibit "A"

# Barnett v. Merck

## Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.0013 | MRK-AFI0201416 | MRK-AFI0201442 | 7/23/1999 | List of physicians to neutralize | 401, 402, 403, 801, 802. No evidence any of the physicians mentioned ever had any contact with anyone in this case. Any probative value outweighed by prejudice. | 401, 402, 403, 801, 802 | Admitted | Highly relevant. Supports plaintiff's theory that Merck had a campaign to either punish doctors who were critical or questioned the drug's safety, while simultaneously rewarding those that were high prescribers of the drug and adopted Merck's spin. Further, some of the doctors listed were Merck thought leaders who on a national and regional level, influence the general thinking about VIOXX. Doctors do not receive their information from a drug solely from the label. They are influenced by their peers and by general perceptions. Moreover, this reflects continuing campaign by Merck sales representatives to minimize the safety issue—goes straight to failure to warn. Further, by letter dated 5/31/06 Merck stipulated that this record is a business record pursuant to 803(6) |
| 1.0015 | MRK-AFK0190651 | MRK-AFK0190651 | 2/1/2005 | VICTOR KM Plot--Confirmed Thrombotic CV events | Incomplete, 401, 402, 403. This is preliminary clinical trial data and is confusing. The jurors should not be confused with preliminary data when more complete data is available. | 403 | Ruling Reserved | Despite the significance of the issues upon which these clinical trial data bear, Merck focuses only on whether the evidence is probative of what it actually "knew" at the time of Mr. Irvin's injury. However, as Merck well knows, this is only half of the liability equation and only one of the many issues in this case. What dangers Merck knew or should have known is equally relevant. The clinical data that Merck seeks to exclude also bears upon general causation, a highly-contested issue in this case. Merck steadfastly maintains that the APPROVe trial must be considered without any reference to other causation evidence and that APPROVe demonstrates that there is absolutely no risk of cardiovascular injury associated with Vioxx until a person is exposed for more than 18 months. This clinical trial data refutes this assertion. In short, the clinical trial data is important to present the "whole Vioxx story" and will address numerous issues, not just what Merck knew at the time Mr. Barnett took Vioxx. |

Exhibit "A"

## Barnett v. Merck

## Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.0016 | MRK-AFK0190652 | MRK-AFK0190652 | 2/1/2005 | VICTOR KM Plot--APTC events | Incomplete, 401, 402, 403. This is preliminary clinical trial data and is confusing. The jurors should not be confused with preliminary data when more complete data is available. | 403 | Ruling Reserved | Merck will defend this case by saying that Vioxx is not defective today, and was not defective when it was withdrawn from the market. Plaintiff has alleged, among other theories, that Vioxx was defective as designed. This Merck document, showing results of clinical studies, is relevant to show that the drug was defective. Admissible for these reasons. |
| 1.0017 | MRK-NJ0070364 | MRK-NJ0070397 | 10/18/2000 | Vioxx Preliminary Cardiovascular Meta-Analysis Slide Set by Deborah Shapiro | Appears to be three separate documents stuck together. Also, 602 as the witness lacks personal knowledge. | 602 | Admitted; No ruling on objection | Scolnick acknowledged that Shapiro was the VIGOR statistician, that it is the type of report he would have routinely seen or should have seen, and that he didn't remember seeing. More importantly, he conceded that the analysis contained in the document should have been given to the FDA. Important claim of plaintiff that Merck failed to fully disclose risks and data to the FDA and the medical community. |
| 1.0020 | MRK-NJ0000862 | MRK-NJ0000869 | 9/12/1996 | Memo from Terri Randall to Vioxx Project Team Members Re: Project team minutes of 9-4-96 | 901. There is no foundation for the handwriting. | 602, 801, 802 | Admitted; No ruling on objection | Previously admitted. Document was produced to Plaintiffs with the handwriting on it and in the form that it is being presented to the court. There is no indication that the document has been modified or altered from when it was found in Merck's files and bates stamped for the litigation. Merck would be in the superior position to state whose handwriting appears on the document since it was found in Merck files and Merck should know which custodial file it came from. Additionally, this document was stipulated to be a business record under 803(6) and is the subject of a currently pending request for admissions propounded to Merck that this document is authentic. |
| 1.0021 | MRK-01420099060 | MRK-01420099061 | 4/11/2001 | FDA-MRL Meeting NDA 21-042/S-007: VIGOR Re: Protocol 069 Minutes | | 801, 802 | Admitted; No ruling on objection | |

Exhibit "A"

## Barnett v. Merck

## Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.0022 | MRK-01420101964 | MRK-01420101967 | 4/17/2001 | April 17, 2001 "approvable" letter from Jonca Bull of the FDA to R. Silverman | | | | |
| 1.0033 | MRK-AAD0329040 | MRK-AAD0329043 | 7/31/2003 | Standby Statement: Trials Of Vioxx (rofecoxib) in Alzheimer's disease | | | | |
| 1.0060 | MRK-AAR0073258 | MRK-AAR0073258 | | VID:Be the Power 2S01 | 401, 402, 403. No evidence that anyone in the case saw this video, and therefore it is irrelevant. Any probative value is outweighed by the danger of unfair prejudice. | 401, 402, 403 | No Ruling | This was a training video shown to Merck Sales Reps (Dunn admits this in deposition, 04/30/2004 at 27-28) and reflects Merck's attitude toward dealing with physician's concerns about cardiovascular safety. Further, it further supports the use of the CV Card. |
| 1.0061 | MRK-AAR0007240 | MRK-AAR0007248 | 5/23/2001 | Bulletin for Vioxx Action Required: Response to New York Times Article | | 401, 402, 403, 602 | Admitted; No ruling on objection | |
| 1.0062 | MRK-AAR0007383 | MRK-AAR0007384 | 4/28/2000 | Bulletin for Vioxx: New Resource: Cardiovascular Card | 401, 402, 403. No evidence that anyone in the case saw this document, and therefore it is irrelevant. This is also a draft CV card that ws never shown to any doctors, much less any doctor in this case. Any probative value is outweighed by the danger of unfair prejudice. | 401, 402, 403, 602 | Admitted; No ruling on objection | Previously admitted. Highly relevant to plaintiff's claims that from the time Merck submitted its NDA for Vioxx until the time the drug was withdrawn, Defendant engaged in a campaign to minimize and obscure adverse safety data and physicians' concerns about cardiovascular safety. This is an internal Merck bulletin to its sales representatives. The document speaks for itself. Note also that it instructs sales reps to use the CV card with doctors in response to CV safety concerns and instructs them not to discuss the VIGOR study with physicians. |

# Barnett v. Merck

Exhibit "A"

## Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.0064 | MRK-AAR0010111 | MRK-AAR0010126 | | Obstacle Jeopardy | 401, 402, 403. No evidence that anyone in this case saw this document, and therefore it is irrelevant. Both of the prescribing physicians in this case said no Merck sales rep ever dodged any question about Vioxx. Any probative value is outweighed by the danger of unfair prejudice. | | | Relevant and highly probative to issues of: Merck's national integrated sales and marketing campaign (which included the misleading of prescribing physicians re: the risks of Vioxx); Merck's notice of the true risks and attempts to mislead doctors about that true risk; Merck's manipulation of data to best sell and market Vioxx. Goes straight to the issue of failure to warn. It is irrelevant whether or not any of Mr. Barnett's physicians saw the document as it was a sales training aid that sales reps were not to give to physicians, but set forth strategies to use if safety issues were raised by the doctors. Moreover, physicians do not just get their information about a drug's safety directly from drug representatives, they get information from their peers, seminars, etc. and this was the information that was being given to doctors in the field. |
| 1.0069 | MRK-AAR0021110 | MRK-AAR0021110 | 8/30/2001 | Letter from Lewis Sherwood to Healthcare Provider | | | | |
| 1.0074 | MRK-AAX0000597 | MRK-AAX0000600 | 8/21/2001 | Merck News Release "Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx" | | 401, 402, 403 | Admissible | |
| 1.0076 | MRK-AAX0000696 | MRK-AAX0000705 | | Deaths in MK-0966 Studies 078, 091, 126 | 401, 402, 403. Irrelevant, and any probative value is outweighed by prejudicial effect. | | | The number of deaths that occurred during this trial are relevant to establishing the risk:benefit profile of this drug and are further evidence establishing that Vioxx has the capacity to cause serious injury and death, go straight to the causation issues. Further evidence of Merck's failure to warn because they knew of the deaths (including those from CV events) and did not adequately warn consumers/physicians. |

Exhibit "A"

## Barnett v. Merck

## Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.0077 | MRK-AAX0000710 | MRK-AAX000724 | 4/8/2001 | Memo from J. Chen to R. Bain re: MK-0966 protocol 078 prevention trial / summary of the interim mortality analyses | 401, 402, 403. Irrelevant, and any probative value is outweighed by prejudicial effect. | | | The number of deaths that occurred during this trial and this mortality analysis are relevant to establishing the risk:benefit profile of this drug and are further evidence establishing that Vioxx has the capacity to cause serious injury and death, go straight to the causation issues. Further evidence of Merck's failure to warn because they knew of the deaths (including those from CV events) and did not adequately warn consumers/physicians. |
| 1.0078 | MRK-AAX0000725 | MRK-AAX0000751 | 4/4/2001 | Memo from J. Chen to R. Bain re: MK-0966 protocol 091 first AD treatment trial / summary of the mortality analysis | 401, 402, 403. Irrelevant, and any probative value is outweighed by prejudicial effect. | | | The number of deaths that occurred during this trial and this mortality analysis are relevant to establishing the risk:benefit profile of this drug and are further evidence establishing that Vioxx has the capacity to cause serious injury and death, go straight to the causation issues. Further evidence of Merck's failure to warn because they knew of the deaths (including those from CV events) and did not adequately warn consumers/physicians. |
| 1.0079 | MRK-AAX0000752 | MRK-AAX0000776 | 4/8/2001 | Memo from G. Block and S. Reines to Edward Scolnick Re: MK-966 AD Progression Trials (Protocol 091) Imbalance in the Number of Deaths | 401, 402, 403. Irrelevant, and any probative value is outweighed by prejudicial effect. | 401, 402, 403, 602 | Admitted; No ruling on objection | Goes directly to Plaintiff's claims concerning the safety of the drug and Merck's pattern of minimizing, failing to disclose, or delaying disclosure of critical safety data to the FDA, physicians, and the public. Had Merck fully and promptly disclosed this safety issue to the FDA, (it knew as early as January 31, 2001 and certainly by the date of the memo), Mr. Barnett would have stopped using VIOXX. |
| 1.0082 | MRK-AAX0002413 | MRK-AAX0002420 | 11/21/1996 | Memo from Thomas Musliner to B. Friedman, A. Nies and R. Spector: Subject: Anticipated consequences of NSAID Antiplatlet effects of cardiovascular events and effects of excluding low-dose aspirin use in the Cox-2 GI Outcomes Megatrial | | | | |

Exhibit "A"

## Barnett v. Merck

## Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.0087 | MRK-AAX0002768 | MRK-AAX0002850 | 3/2/2000 | Statistical Data Analysis Plan Amendment No. 1 for VIGOR by Deborah Shapiro, et al. | | | | |
| 1.0091 | MRK-AAX0008561 | MRK-AAX0008581 | 10/15/2001 | Draft VIOXX Label | | 401, 402, 403 | Admitted | |
| 1.0092 | MRK-AAZ0001608 | MRK-AAZ0001609 | 5/6/2001 | Email from Edward Scolnick to Laura Demopoulos Re: Topol Idea | | | | |
| 1.0095 | MRK-ABA0003490 | MRK-ABA0003490 | 2/4/2002 | Letter from Carlos Patrono to Dr. Braunwald Re: VALOR-TIMI 30 protocol | 801, 802. The document is hearsay and should not be admitted. | 401, 402, 403, 602, 801, 803 | No Ruling | Not offered for the truth (that naproxen is not cardioprotective) but to show that Merck had notice of the defective nature of the drug. |
| 1.0106 | MRK-ABC0002150 | MRK-ABC0002150 | 11/17/1997 | Letter from John Oates to Barry Gertz re: origin of beta oxidation metabolite of prostacyclin | 801, 802. The document is hearsay and should not be admitted. | | | The document is non-hearsay: adoptive admission under 801(d)(2). The email is a business record of Merck 803(6) that sets forth the present sense impression of Merck employees 803(1). |
| 1.0107 | MRK-ABC0002198 | MRK-ABC0002198 | 9/28/1998 | Memo from Martino Laurenzi to Alan Nies Re: Proposal of Prof. Patrono in the fields of CV and Renal Physiopathology | | | | |
| 1.0115 | MRK-ABC0017484 | MRK-ABC0017484 | 8/13/1997 | Memo from Alan Nies and Alise Reicin to Jim Bolognese, et al. MK-0966 GI Outcomes Study | | | | |
| 1.0116 | MRK-ABC0022825 | MRK-ABC0022878 | 4/27/2000 | Alan Nies' Presentation to the Board of Advisors Re: VIGOR Preliminary Result | | | | |
| 1.0118 | MRK-ABC0033809 | MRK-ABC0033809 | 4/12/2000 | Email from Alise S. Reicin to Edward M. Scolnick, et al. Re: RA and CV Mortality | | | | |
| 1.0122 | MRK-ABC0048699 | MRK-ABC0048706 | 10/10/1996 | Research Management Committee No. 96-10 -- Blue Bell | | 602 | Admitted | |

# Barnett v. Merck

## Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.0124 | MRK-ABD0002346 | MRK-ABD0002347 | 1/28/2001 | Email from Edward Scolnick to Eve Slate Re: OPDRA Report vs. FOI | 401, 402, 403. Irrelevant, and any probative value is outweighed by prejudicial effect. Also should be excluded if Fries letter (PX 1.0176) is excluded. | 403 | No Ruling | The Fries incident is relevant to Merck's pattern of conduct in attempting to downplay the unfavorable side effect patterns of Vioxx while systematically attacking investigators or speakers who expressed what Merck staff felt were critical opinions of the safety of the drug. The sentence about the "Fries incident" is an admission by one senior management, Edward Skolnick, that Merck's systematic efforts to suppress the adverse safety results in the VIGOR study were worse than the actual results themselves. |
| 1.0125 | MRK-ABG 0001226 | MRK-ABG 0001243 | 4/11/2002 | VIOXX Label Change Questions and Answers | | 401, 402, 403 | No Ruling | |
| 1.0130 | MRK-ABH0014002 | MRK-ABH0014002 | 1/13/1998 | Email from A. Ford-Hutchinson to E. Scolnick RE: Tylenol and cox 2 | | | | |
| 1.0132 | MRK-ABH0016219 | MRK-ABH0016219 | 3/9/2000 | Email from Edward Scolnick to Deborah Shapiro et al; Subject: vigor | 401, 402, 403. Irrelevant, and any probative value is outweighed by prejudicial effect. Concerns preliminary analysis of data which was subsequently revised. | 401, 402, 403 | Admitted | Merck's only substantive objection to this document is that the author, Edward Scolnick, later changed his mind. This has no effect on admissibility, but rather is fodder for cross examination. Document's relevance is not outweighed by its prejudicial value. Shows that Merck's fears about the defective nature of this drug, expressed years before VIGOR, were confirmed. Shows company knew the drug was defective more than 2 years before Mr. Barnett's heart attack. |
| 1.0133 | MRK-ABH0017386 | MRK-ABH0017386 | 3/13/2000 | Email from Alise Reicin to Edward Scolnick Re: An Article Stating the Potential Cardioprotective Effects of an NSAID. | | | | |

Exhibit "A"

## Barnett v. Merck

## Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.0138 | MRK-ABI0000515 | MRK-ABI0000515 | 4/16/1999 | Email from Jan Nissen to Marty Carroll Re: VIOXX Launch Meeting Theme Party | 401, 402, 403. Unfairly prejudicial, especially in compensatory phase. "Launch party" email is not relevant to any issue in the case and the Plaintiff seeks to use this solely to inflame the jury. | 403 | Admissible | Previously admissible. The e-mail is relevant to the conduct and state of mind of Merck. The document clearly expresses Merck's intent to aggressively and rapidly gain 51% of the market share. In doing so, Merck was willing to spend $1 million to promote the launch of Vioxx while suppressing the drug's dangerous side effects. This is another document that is relevant to telling the "whole Vioxx story". Merck's entire emphasis on the marketing of the drug and systematic suppression of the harmful side effects bears directly on plaintiff's burden of proving that Merck failed to use reasonable care in the marketing and promotion of Vioxx and that it intentionally distributed results and promotions pertaining to the dangers associated with Vioxx. Furthermore it bears directly on the plausibility of Merck's proper defenses. |
| 1.0140 | MRK-ABI0001556 | MRK-ABI0001556 | 2/23/1998 | Memo from David Anstice to J. Carroll, et al. Re: Pfizer and the promotion of Celebrex | 401, 402, 403. Irrelevant, and unfairly prejudicial, especially in compensatory phase. | 401, 402, 403 | Admitted (Carroll Deposition) | Previously admitted. Clearly relevant to show Merck's motive to downplay and hide any and all information about the risks of Vioxx. |
| 1.0143 | MRK-ABL0000921 | MRK-ABL0000937 | 5/17/2000 | Key Marketing Messages HHPAC | 401, 402, 403. Irrelevant, and unfairly prejudicial, especially in compensatory phase. | | | Overview of Merck's marketing plan. Relevant to show Merck strategy to sell Vioxx, including plan to minimize CV/thromboembolic risks of Vioxx, highly relevant to failure to warn claim, sets forth Merck's spin of VIGOR data and Naproxen theory. |
| 1.0145 | MRK-ABI0002126 | MRK-ABI0002128 | 5/8/2000 | Email from Dixon to Edward Scolnick Re: Renal and CV Issues for Vioxx | 401, 402, 403. Irrelevant, and unfairly prejudicial, especially in compensatory phase. | 401, 402, 403, 801, 802 | Admitted | Previously admitted. Clearly relevant to Merck's failure to warn. Shows that competitive pressure forced Merck to downplay the risks evident after the VIGOR trial. Explicitly shows Merck's plan to mislead prescribing physicians about CV risk. |
| 1.0147 | MRK-ABI0002269 | MRK-ABI0002309 | 4/20/2000 | Vioxx Interim Review for HHPAC | | | | |

Exhibit "A"

## Barnett v. Merck

## Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.0149 | MRK-ABI0002784 | MRK-ABI0002784 | 10/19/2000 | Email from Leonard Tacconi to David Anstice, et al. Re: Vioxx DTC Campaign | | 403 | Admissible | |
| 1.0151 | MRK-ABI0003148 | MRK-ABI0003155 | 10/1/2001 | Letter from David Anstice to Thomas Abrams Re: DDMAC's 9-17-01 Warning Letter | Conditional: 401, 402, 403. No objection if Warning Letter is admitted. If the warning letter is excluded, object to this exhibit because it would be prejudicial. | | | Plaintiff has no objection to the 9/17/01 warning letter document coming in to evidence. This letter is an admission by a party opponent pursuant to 801(d)(2). It is relevant and has probative value as to Merck's conduct, reasonable care in marketing the drug, its failure to warn, as well as plausibility of the defenses under 401 and 607. The defendant has not shown unfair prejudice under 403. The rule does not exclude evidence because it is strongly persuasive or compellingly relevant. Regardless of the admissibility of the Warning Letter, this document is relevant and highly probative of Merck's notice and knowledge that: FDA considered its marketing of vioxx (specifically its interpretation/spin of VIGOR) to be misleading: that there was an alternative explanation for the VIGOR results; and that their stated interpretation of VIGOR (ie that naproxen is cardioprotective) was not proven by any clinical studies. |
| 1.0152 | MRK ABI 0003228 | MRK-ABI0003230 | 5/22/2001 | Press Release - Merck confirms favorable CV safety profile of Vioxx | 401, 402, 403, 602. No evidence that anyone in the case saw this press release. Any probative value outweighed by prejudicial effect. | 401, 402, 403, 602 | For Dixon deposition- Admissible to the extent they relate to testimony that has been admitted | Previously conditionally admissible. Merck & Co., Inc. press release dated May 22, 2001. Witness testified that she would have been one of the Merck employees whose job it was to approve the press release. (147:21; 148:2) Witness testified that the information in the press release was accurate. (153:24) The press release addresses the February 8, 2001 FDA Advisory Committee meeting. It is based upon information known to Merck months, in some cases years, prior to May 2001 (VIGOR, clinical trials). In fact, the claims made in the press release date back at least to April 2000. (See P1.0583). |

# Barnett v. Merck

## Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.0154 | MRK ABI 0003291 | MRK-ABI0003293 | 12/16/1999 | Letter from Spencer Salis to Ellen R. Westrick Re: Homemade Promotional Pieces | 401,402, 403. Concerns homemade marketing pieces that have nothing to do with this case. The letter is overly prejudicial, especially since it has no probative value. | 401, 402, 403 | No Ruling | Document is relevant to failure to warn. Shows that Merck promotions were false and misleading. Demonstrates how Merck overplayed the benefits of Vioxx well before Mr. Barnett ingested the drug. Shows that Merck would make efficacy claims without any mention of risk. Merck's representations about Vioxx are obviously relevant to the facts of this case and whether Merck adequately warned of the risks of Vioxx or misrepresented the overall risk:benefit ratio of the drug. |
| 1.0155 | MRK ABI 0004488 | MRK-ABI0004499 | 4/28/1999 | VIOXX Launch Meeting - Remarks of Anstice - Remarks to Representatives | 401, 402, 403. Irrelevant, and unfairly prejudicial. It is simply Anstice remarks at a Vioxx launch meeting. None of the treating doctors in this case attended this meeting. | 401, 402, 403 | No Ruling | Document shows Merck's marketing plan and demonstrates the enormous pressures of the COX-2 marketplace. Shows Merck's motive to downplay and misrepresent safety data when the company received it. Absolutely critical and relevant to Plaintiff's case to show why Merck would fail to warn of the risks of Vioxx. |
| 1.0156 | MRK ABI0005078 | MRK-ABI0005078 | 2/25/1999 | Vioxx Product Release Meeting, Ray Gilmartin Dinner Speech, Mar 4, Talking Points | | | | |
| 1.0158 | MRK-ABI0005912 | MRK-ABI0005915 | 12/6/2001 | Email from David W. Anstice to Edward M. Scolnick Re: FW: Analyst Report on VIOXX | 401, 402, 403, 801, 802. The analyst report is hearsay. Irrelevant, and unfairly prejudicial. | 401, 402, 403, 801, 802 | No Ruling | Document is based on data available long before Mr. Barnett's heart attack. Shortly after VIGOR, Merck made claims that Vioxx was safe, despite the results of that trial. The FDA later told Merck that claim was "incomprehensible." These are the same claims Merck was making when Mr. Barnett took Vioxx, so it is small wonder he received the drug without a warning. Shows Merck response when faced with publication of data showing CV risk. Merck does not make efforts to disseminate the information, so patients like Mr.Barnett can receive it, but takes extreme steps to cover up the information. |

# Barnett v. Merck

Exhibit "A"

## Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.0166 | MRK-ABI0011027 | MRK-ABI0011081 | 7/15/2002 | Long Range Operating Plan: 2002-2007 for Vioxx & Arcoxia | 401, 402, 403. Sales data is irrelevant and unfairly prejudicial, especially in compensatory phase. | 401, 402, 403 | No Ruling | Document is relevant because it shows Merck's patterns and practices regarding the marketing of Vioxx. Relevant to show why Merck downplayed CV risks. Merck will defend case by saying it did everything it could to warn of risks. Document shows that Merck's obsession with Vioxx's success mitigated against warning patients fully of the risks of the drug. |
| 1.0176 | MRK-ABO0000250 | MRK-ABO0000253 | | Letter from James Fries to Raymond Gilmartin Re: Dr. Sherwood's Complaints about Dr. Gurkipal Singh | 401, 402, 403, 602, 801, 802. No evidence that anyone in this case had any contact with any of the doctors discussed in the letter. Any probative value is substantially outweighed by the risk of unfair prejudice. | 401, 402, 403, 602, 801, 802 | Objection Sustained- 403, 802 (w/ Baumgartner) | [illegible] |

## Barnett v. Merck

## Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.0177 | MRK-ABO0000257 | MRK-ABO0000263 | 3/27/2001 | Memo from Tracy Mills & Susan Baumgartner to Wendy Dixon, et al. Re: Scientific Communication Plan for VIOXX | 401, 402, 403. Irrelevant because no evidence any one in this case was exposed to these particular marketing messages. Any probative value is substantially outweighed by the risk of unfair prejudice. Document is also incomplete and is missing Attachment #4. | 401, 402, 403 | Admitted (Baumgartner deposition) | Document prepared by the witness in the normal course of business. (Baumgartner deposition, 101:22). Shows that, in order to boost sales of Vioxx, the company was going to push the naproxen theory, notwithstanding all the evidence in its possession showing the theory was incorrect. Shows an intentional disregard for patient safety and clear failure to warn. The document is a business record of Merck 803(6) that sets forth the present sense impression of Merck employees 803(1) and constitutes an admission of a party-opponent 801(d)(2). |
| 1.0184 | MRK-ABO0002864 | MRK-ABO0002865 | 11/8/2000 | Email from Marilyn Krahe to David Abrahamson, et al. Re: Meeting Dr. Gurkipal Singh | 401, 402, 403, 802. The email is full of hearsay and double hearsay. The email is also irrelevant because it relates to the comments of a California doctor who has no connection to Mr. Barnett's use of Vioxx. | 403, 802 | Admissible | The evidence regarding the Fries incident is relevant to Merck's conduct in systematically suppressing the safety of Vioxx and attacking anyone who dare negatively comment on the drug's adverse safety profiles. The e-mail does not contain hearsay much less double hearsay. It merely reveals the strategy among key Merck employees in an attempt to suppress negative comments being made about Vioxx. The e-mail is a business record of Merck, admissible under Fed. R. Evid. 803(6) that sets forth the present sense impression of the Merck employees, admissible under Fed. R. Evid. 803(1). Admissible admission by party-opponent 801(d)(2). |
| 1.0192 | MRK-ABP0016650 | MRK-ABP0016677 | | Vioxx AD Program Slide Set | | 401, 402, 403, 602 | Admitted; No ruling on objection | |
| 1.0198 | MRK-ABS0037036 | MRK-ABS0037048 | 12/30/1997 | Plan to Evaluate the Incidence of Cardiovascular SAEs in the Phase IIb/III Vioxx (MK-0966) Osteoarthritis Clinical Trials | | | | |

Exhibit "A"

## Barnett v. Merck

## Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.0200 | MRK-ABS0066396 | ABS0067019 | 10/26/1998 | E. Clinical Safety - MK-0966 Clinical Documentation | | | | |
| 1.0206 | MRK-ABS0212130 | MRK-ABS0212132 | 9/15/1999 | Email from Eric Mortensen to Cynthia Arnold et al re: FW: John Baron's Feedback | | | | |
| 1.0221 | MRK-ABT0022650 | MRK-ABT0022657 | 1/18/2000 | Email from Douglas Watson to Thomas Capizzi, et al. Re VIGOR CV Events Analysis | | | | |
| 1.0225 | MRK-ABW0003690 | MRK-ABW0003690 | 11/12/2001 | Email from Paul Fonteyene to Thomas Cannell RE Dorothy Hamill Quantitative Results | | 403 | Admissible | |
| 1.0226 | MRK-ABW0005623 | MRK-ABW0005623 | 9/17/2001 | Email from Steven A. Nichtberger to Wendy L. Dixon Re: Conducting a CV Study | | 401, 402, 403 | Dixon- Admissible to the extent they relate to testimony that has been admitted | |
| 1.0227 | MRK-ABW0010182 | MRK-ABW0010184 | 8/25/2001 | Email from Kenneth Sperling to Alan Nies, et al. Re: Decision on CV eta-analysis journal selection | | | | |
| 1.0229 | MRK-ABW0011956 | MRK-ABW0011957 | 10/1/2001 | Email from Wendy Dixon to David Anstice Re: CV Outcomes Trial Press Release | | 401, 402, 403 | Admitted; No ruling on objection | |

## Barnett v. Merck

## Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.0231 | MRK-ABW0014720 | MRK-ABW0014722 | 10/26/2001 | Email from Steven Vignau to Wendy Dixon Re: New crop of arthritis drugs under safety cloud | 401, 402, 403, 801, 802. The email attaches a newspaper article that is hearsay. The email at the top of page 1 is irrelevant to any of the issues in this case. | 403, 802 | Ruling Reserved | Merck will defend case by saying it did all studies necessary to determine the risks of the drug, but this document shows the company's plan to announce it was doing a study (when it fact it never did the study for fear it would prove Vioxx was dangerous) in order to deflate concerns about the drug from the medical and scientific community. The attached article is not admitted for the truth, but for Merck's knowledge/notice of it and thoughts/ reaction to it as revealed in the email. The email is a business record of Merck 803(6) that sets forth the present sense impression of Merck employees 803(1) and constitutes an admission of a party-opponent 801(d)(2). |
| 1.0234 | MRK-ABX0002309 | MRK-ABX0002332 | | Original Label Submission For VIGOR | | | | |
| 1.0235 | MRK-ABX0002367 | MRK-ABX0002404 | 2/1/2001 | Memo from Shari L. Targum to Sandra Cook, et al. Re: Consultation NDA 21-042, S 007 Review of Cardiovascular Safety Database | | 602 | Admitted (Carroll deposition) | |
| 1.0255 | MRK-ABY0030000 | MRK-ABY0030030 | 5/1/2001 | Memo from Joshua Chen to Raymond Bain Re: MK-966 AD Program Mortality Analysis for Protocol 091, 078, & 126 | 401, 402, 403. Irrelevant, and any probative value is outweighed by prejudicial effect. | 403 | Ruling Reserved | Document is directly relevant to Merck's failure to warn. Merck will defend by saying it always warned adequately of the risks of Vioxx, yet this document shows that images of Dorothy Hamill skating were offered to the public to increase confidence in patients already using Vioxx, and were relied upon by the company to counter claims made in medical journals that the drug was dangerous. Relevant and highly probative of what Merck knew, when and what Merck actually told the FDA, physicians and consumers. |
| 1.0265 | MRK-ACD0068340 | MRK-ACD0068344 | | FDA's VIGOR Label | | | | |

## Barnett v. Merck

## Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.0278 | MRK-ACF0004015 | MRK-ACF0004016 | 1/29/2001 | Email from Deborah Shapiro to Eliav Barr, et al. Re: Alzheimer's studies | 401, 402, 403. Irrelevant, and any probative value is outweighed by prejudicial effect. | | | Relevant to issues of Merck's notice; conscious attempt to manipulate/spin study data to best sell and market vioxx; and failure to adequately warn. Highly probative and would not confuse the jury. |
| 1.0283 | MRK-ACG0000828 | MRK-ACG0000839 | 1/21/1999 | DiCesare memo re: Clinical development oversight committee meeting / January 6 1999 | | | | |
| 1.0287 | MRK-ACI0013234 | MRK-ACI0013240 | 11/19/2001 | Attachments to Casola to Abrams letter - correction letter to health care providers | Conditional: 401, 402, 403. Merck does not object if the Warning Letter is admitted. If the Warning Letter is not admitted, this document is irrelevant because no evidence any one in this case saw this letter. Also, any probative value is outweighed by prejudicial effect. | | | This document is very similar to the previously admitted letter which is Plaintiff's Exhibit 1.0288. The letter is an admission by a party opponent pursuant to 801(d)(2). It is relevant and has probative value as to Merck's conduct, reasonable care in marketing the drug, its failure to warn, as well as plausibility of the defenses under 401 and 607. The defendant has not shown unfair prejudice under 403. The rule does not exclude evidence because it is strongly persuasive or compellingly relevant. Regardless of the admissibility of the Warning Letter, this document is relevant and highly probative of Merck's notice and knowledge that: FDA considered its marketing of vioxx (specifically its interpretation/spin of VIGOR) to be misleading: that there was an alternative explanation for the VIGOR results; and that their stated interpretation of VIGOR (ie that naproxen is cardioprotective) was not proven by any clinical studies. |

Exhibit "A"

## Barnett v. Merck

## Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.0288 | MRK-ACI0013241 | MRK-ACI0013246 | 11/19/2001 | Attachments to Casola to Abrams letter | Conditional: 401, 402, 403. Merck does not object if the Warning Letter is admitted. If the Warning Letter is not admitted, this document is irrelevant because no evidence any one in this case saw this letter. Also, any probative value is outweighed by prejudicial effect. | 403 | Admissible | Previously Admitted. The letter is an admission by a party opponent pursuant to 801(d)(2). It is relevant and has probative value as to Merck's conduct, reasonable care in marketing the drug, its failure to warn, as well as plausibility of the defenses under 401 and 607. The defendant has not shown unfair prejudice under 403. The rule does not exclude evidence because it is strongly persuasive or compellingly relevant. Regardless of the admissibility of the Warning Letter, this document is relevant and highly probative of Merck's notice and knowledge that: FDA considered its marketing of vioxx (specifically its interpretation/spin of VIGOR) to be misleading: that there was an alternative explanation for the VIGOR results; and that their stated interpretation of VIGOR (ie that naproxen is cardioprotective) was not proven by any clinical studies. |
| 1.0298 | MRK-ACR0008985 | MRK-ACR0008985 | 1/31/2001 | Email from Edward Scolnick to Raymond Gilmartin, et al. Re: Monday MC | 401, 402, 403. Any probative value is substantially outweighed by the potential prejudicial effect. Also, reference to Dr. Fries is irrelevant because no evidence any one in this had interaction with him or the doctors listed in his letter. | 401, 402, 403 | Admitted; No ruling on objection | Previously Admitted. Relevant and highly probative to: Merck's notice/knowledge of the true CV risk and non-cardioprotective nature of naproxen; Merck's conscious efforts mislead/spin study data to best sell vioxx. Rule 405 overcomes 401, 402 and 403 inasmuch as Merck's corporate character is relevant. Additionally, Rule 406 overcomes 401, 402 and 403 inasmuch as Rule 406 allows plaintiffs to use this exhibit in furtherance of showing habit and/or "routine practice of an organization" (Merck). |
| 1.0304 | MRK-ACR0009295 | MRK-ACR0009296 | 11/26/2001 | E. Scolnick email to D. Greene re: ASA use predicted PUB rate | | 401, 402, 403 | Admitted; No ruling on objection | |