Exhibit "A"

**Barnett v. Merck**
**Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses**

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.0305 | MRK-ACR0009297 | MRK-ACR0009297 | 2/25/2002 | Email from Edward Scolnick to Bonnie J. Goldmann Re: VIOXX Label | | 401, 402, 403 | Admitted; No ruling on objection | |
| 1.0309 | MRK-ACR0014502 | MRK-ACR0014503 | 3/22/2001 | Email from Edward Scolnick to Douglas Greene Re: Vioxx AD Safety Data - Imbalance in the number of deaths. | | 401, 402, 403 | Admitted; No ruling on objection | |
| 1.0311 | MRK-ACR0040000 | MRK-ACR0040024 | 4/8/2001 | Email from Joshua Chen to Raymon Bain Regarding a Summary of MK-0966 Combined Mortality Analysis | 401, 402, 403. Irrelevant, and any probative value is outweighed by prejudicial effect. | | | Relevant to issues of Merck's notice; conscious attempt to manipulate/spin study data to best sell and market Vioxx; and failure to adequately warn. Highly probative and would not confuse the jury. |
| 1.0328 | MRK-ACX0005041 | MRK-ACX0005041 | | National Advocates - Call in Next 10 Business Days | | | | |
| 1.0329 | MRK-ACX0005129 | MRK-ACX0005132 | 10/4/2000 | Memo from Susan Baumgartner to Lou Sherwood Re Interactions with Gurkipal Singh | 401, 402, 403, 801, 802 The document contains numerous hearsay statements by non-Merck persons. The document is also irrelevant because it relates to presentations that none of the doctors in this case attended. | 401, 402, 403, 801, 802 | Admissible (Baumgartner deposition) | Previously Admissible. Any prejudice outweighed by being highly probative of Merck's national integrated sales and marketing campaign for Vioxx that included "neutralizing," intimidating and threatening advocates, thought leaders and physicians and controlling the scientific debate re: vioxx. Impeachment of Baumgartner and other Merck witnesses that deny Merck's tactics of intimidating physicians. The email is a business record of Merck 803(6) that sets forth the present sense impression of Merck employees 803(1') and constitutes an admission of a party-opponent 801(d)(2). Rule 405 overcomes 401, 402 and 403 inasmuch as Merck's corporate character is a relevant. Additionally, Rule 406 overcomes 401, 402 and 403 inasmuch as Rule 406 allows plaintiffs to use this exhibit in furtherance of showing habit and/or "routine practice of an organization" (Merck). Finally, the allegedly "hearsay statements by non-Merck persons" are not being offered to prove the truth of the matter asserted. |

Exhibit "A"

Barnett v. Merck

Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.0339 | MRK-ADB0009039 | MRK-ADB0009042 | | Roadmap to CV Card | 401, 402, 403. CV card issues are irrelevant to this case because there is no evidence that Mr. Barnett's doctors saw the CV card. Also, any probative value is outweighed by prejudicial effect. | | | Relevant and highly probative to issues of: Merck's national integrated sales and marketing campaign (which included the misleading of prescribing physicians re: the CV risks of Vioxx); Merck's notice of the true CV risk and attempts to lie/mislead that true risk; Merck's manipulation of study data to best sell and market Vioxx.  It is irrelevant whether or not any of Mr. Barnett's physicians saw the CV card as it was a sales tool that sales reps were not to give to physicians, but to discuss (with or without the actual card).  Merck sales persons have testified to the CV card and its use. |
| 1.0354 | MRK-ADI0007971 | MRK-ADI0007972 | 6/4/1999 | Email correspondence between Scolnick and Weiner | 801, 802. The document is hearsay. | | | The attached news story is not being admitted for its truth, but to show Merck's notice/knowledge and response/reaction thereto.  The email is a business record of Merck 803(6) that sets forth the present sense impression of Merck employees 801(1) and constitutes an admission of a party-opponent 801(d)(2). |
| 1.0356 | MRK-ADI0007975 | MRK-ADI0007975 | 6/6/1999 | Email correspondence between Scolnick and Weiner | | | | |
| 1.0362 | MRK-ADL0082197 | MRK-ADL0082197 | 6/20/2000 | Email from Martino Laurenzi to Brian Daniels, et al. Re: Patrono – Euler | 401, 402, 403, 602, 801, 802. The statements attributed to Patrono are hearsay. No evidence that anyone relevant in this case attended the presentation. | 403, 602, 801, 802 | Admitted (Baumgartner deposition) | Previously Admitted. The practice of misrepresenting and 'spinning' the VIGOR results is a primary and relevant issue in this case. Rule 405 overcomes 401, 402 and 403 inasmuch as Merck's corporate character is a relevant. Additionally, Rule 406 overcomes 401, 402 and 403 inasmuch as Rule 406 allows plaintiffs to use this exhibit in furtherance of showing habit and/or 'routine practice of an organization' (Merck). Patrono statements are not hearsay -801(d)(2). Also relevant to Merck's notice/knowledge.  The email is a business record of Merck 803(6) that sets forth the present sense impression of Merck employees 803(1). |
| 1.0364 | MRK-ADO0040848 | MRK-ADO0040848 | 4/12/2001 | Email from Thomas Cannell to Jim Dunn Re: Whelton Q&A | | 401, 402, 403, 602 | Admitted (Baumgartner deposition) | |

Exhibit "A"

Barnett v. Merck

Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection Plunkett II | Court's Ruling Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.0374 | MRK-AEF0000653 | MRK-AEF0000653 | 3/4/2002 | Email from James Yergey to Tom Baillie-Subject Prostanoid assays | | | | |
| 1.0383 | MRK-AEG0037638 | MRK-AEG0037639 | 9/12/2002 | Email from Mervyn Turner to Joan Lasota RE: NitroMed | | 401, 402, 403 | Admissible | |
| 1.0386 | MRK-AEI0002734 | MRK-AEI0002746 | 5/6/1998 | Scientific Advisors' Meeting May 3 - May 6, 1998 Programmatic Review Vioxx Program | | | | |
| 1.0396 | MRK-AFF0000318 | MRK-AFF0000352 | 5/9/2002 | Hui Quan Memo re: Safety Update for APPROVe | | | | |
| 1.0400 | MRK-AFI0000001 | MRK-AFI0000197 | 2/7/2001 | Baumgartner Diary; 01/01/2001 to 09/27/2001 | 801, 802. The document contains multiple hearsay statements by non-Merck personnel. | 401, 402, 403, 801, 802 | Admitted (Baumgartner deposition) | Previously Admitted. Diary contains information that relates back to before Irvin's death. Rule 405 overcomes 401, 402 and 403 inasmuch as Merck's corporate character is a relevant. Additionally, Rule 406 overcomes 401, 402 and 403 inasmuch as Rule 406 allows plaintiffs to use this exhibit in furtherance of showing habit and/or "routine practice of an organization" (Merck). Even if determined to be hearsay, falls under 803(6). The document is a business record of Merck 803(6) that sets forth the present sense impression of Merck employees 803(1) and constitutes an admission of a party-opponent 801(d)(2). |
| 1.0401 | MRK-AFI0010255 | MRK-AFI0010255 | 1/31/2001 | National Thought Leader Summary VIGOR Study | 602, 801, 802. Witness lacks personal knowledge. Document contains hearsay statements of non-Merck personnel. | 602, 801, 802 | Sustained objection (Baumgartner) | The document is not offered for the truth, but to show Merck's notice/knowledge that there was "...no supporting data to substantiate a (cardio) protective effect for Naprosyn..." as Merck continued to claim. Impeachment of Baumgartner re: her knowledge that Merck's advisors had told Merck that its naproxen cardio-protective theory was not accurate. The document is a business record of Merck 803(6) that constitutes an adopted admission of a party-opponent 801(d)(2)(B). |

Exhibit "A"

**Barnett v. Merck**
**Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses**

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.0402 | MRK-AFI0010400 | MRK-AFI0010401 | 4/18/2001 | USHH 2001-2009 Outlook for Vioxx (Vioxx Sales Data) | 401, 402, 403. This is sales data and is irrelevant and unfairly prejudicial in compensatory phase. | 401, 402, 403 | Admissible | Previously Admissible. This sales data is relevant as to motive, and profitability of Vioxx for the Defendant and is one basis for the Plaintiff's theory of liability. It may also be used to show bias and challenge the credibility of executives who testify at trial pursuant to 607. Defendant has failed to establish that evidence of financial pressure and the competitive nature of the COX-2 market is unfairly prejudicial under 403. |
| 1.0408 | MRK-AFI0044662 | MRK-AFI0044665 | 7/26/1999 | Email from Bruce Freundlich to Susan Baumgartner RE Physicians to neutralize | 401, 402, 403, 801, 802. Irrelevant because no evidence that it relates to any of the doctors in this case. Also unfairly prejudicial. Also contains hearsay statements from non-Merck personnel. | 401, 402, 403 | Admitted (Baumgartner deposition) | Previously Admitted. Rule 405 overcomes 401, 402 and 403 inasmuch as Merck's corporate character is relevant. Additionally, Rule 406 overcomes 401, 402 and 403 inasmuch as Rule 406 allows plaintiffs to use this exhibit in furtherance of showing habit and/or "routine practice of an organization" (Merck). Any prejudice outweighed by being highly probative of Merck's national integrated sales and marketing campaign for Vioxx that included "neutralizing," intimidating and threatening advocates, thought leaders and physicians and controlling the scientific debate re: vioxx. Impeachment of Baumgartner and other Merck witnesses that deny Merck's tactics of intimidating physicians. The email is a business record of Merck 803(6) that sets forth the present sense impression of Merck employees 803(1) and constitutes an admission of a party-opponent 801(d)(2). |

Exhibit "A"

# Barnett v. Merck
## Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.0409 | MRK-AFI0045236 | MRK-AFI0045237 | 9/9/1999 | Email from Caroline Yarbrough to Susan L. Baumgartner Re: Background on Dr. Andrew Welton | 401, 402, 403. Irrelevant because not related to any of the doctors in this case. Also unfairly prejudicial. | | | Any prejudice outweighed by being highly probative of Merck's national integrated sales and marketing campaign for Vioxx that included "neutralizing," intimidating and threatening advocates, thought leaders and physicians and controlling the scientific debate re: Vioxx. Impeachment of Baumgartner and other Merck witnesses that deny Merck's tactics of intimidating physicians. The email is a business record of Merck 803(6) that sets forth the present sense impression of Merck employees 803(1) and constitutes an admission of a party-opponent 801(d)(2). |
| 1.0411 | MRK-AFI0045966 | MRK-AFI0045840 | 11/9/1999 | Email from Susan Baumgartner to Thomas McCready checking up on the McMillan neutralization efforts. | 401, 402, 403, 601, 802. Irrelevant because no evidence that it relates to any of the doctors in this case. Also unfairly prejudicial. Also contains hearsay statements regarding non-Merck personnel. | | | Any prejudice outweighed by being highly probative of Merck's national integrated sales and marketing campaign for Vioxx that included "neutralizing," intimidating and threatening advocates, thought leaders and physicians and controlling the scientific debate re: Vioxx. Impeachment of Baumgartner and other Merck witnesses that deny Merck's tactics of intimidating physicians. The email is a business record of Merck 803(6) that sets forth the present sense impression of Merck employees 803(1) and constitutes an admission of a party-opponent 801(d)(2). |
| 1.0413 | MRK-AFI0136524 | MRK-AFI0136524 | 8/22/2001 | Email from Linda Coppola to Russell Kosiorek Re: CV Card (1 year) Revalidation for use in Promotion | 401, 402, 403. CV card issues are irrelevant to this case because there is no evidence that Mr. Barnett's doctors saw the CV card. Also, any probative value is outweighed by prejudicial effect. | 401, 402, 403, 602 | Admitted; No ruling on objection | Previously Admitted. Relevant and highly probative to issues of: Merck's national integrated sales and marketing campaign (which included the misleading of prescribing physicians re: the CV risks of Vioxx); Merck's notice of the true CV risk and attempts to lie/mislead that true risk; Merck's manipulation of study data to best sell and market Vioxx. It is irrelevant whether or not any of Mr. Barnett's physicians saw the CV card as it was a sales tool that sales reps were not to give to physicians, but to discuss (with or without the actual card). Merck sales persons have testified to the CV card and its use. |

Exhibit "A"

**Barnett v. Merck**
**Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses**

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.0414 | MRK-AFI0174637 | MRK-AFI0174637 | 4/29/1999 | Email from Mendez to Baumgartner, Yarborough, Johnson, McKines, Jensen, and Reiss re: Physicians to Neutralize | 401, 402, 403. Irrelevant and prejudicial because this does not relate to any of Mr. Barnett's doctors. | | | Any prejudice outweighed by being highly probative of Merck's national integrated sales and marketing campaign for Vioxx that included "neutralizing," intimidating and threatening advocates, thought leaders and physicians and controlling the scientific debate re: Vioxx. Impeachment of Baumgartner and other Merck witnesses that deny Merck's tactics of intimidating physicians. The email is a business record of Merck 803(6) that sets forth the present sense impression of Merck employees 803(1) and constitutes an admission of a party-opponent 801(d)(2). |
| 1.0415 | MRK-AFI0182292 | MRK-AFI0182293 | 7/1/1999 | Memo from Susan Baumgartner to Charlotte McKines, et al. Re: Advocate Development Opportunity: Physicians to Neutralize | 401, 402, 403. Irrelevant because the document has nothing to do with any of the doctors in this case. Also unfairly prejudicial given the lack of probative value. | 401, 402, 403 | Admitted (Baumgartner deposition) | Previously Admitted. Any prejudice outweighed by being highly probative of Merck's national integrated sales and marketing campaign for Vioxx that included "neutralizing," intimidating and threatening advocates, thought leaders and physicians and controlling the scientific debate re: Vioxx. Impeachment of Baumgartner and other Merck witnesses that deny Merck's tactics of intimidating physicians. The email is a business record of Merck 803(6) that sets forth the present sense impression of Merck employees 803(1) and constitutes an admission of a party-opponent 801(d)(2). Rule 405 overcomes 401, 402 and 403 inasmuch as Merck's corporate character is a relevant. Additionally, Rule 406 overcomes 401, 402 and 403 inasmuch as Rule 406 allows plaintiffs to use this exhibit in furtherance of showing habit and/or "routine practice of an organization" (Merck). |
| 1.0423 | MRK-AFJ0000520 | MRK-AFJ0000520 | 2/3/2002 | Email from Edward Scolnick to Peter Kim; Subject: coxib task force | | | | |
| 1.0424 | MRK-AFJ0000576 | MRK-AFJ0000576 | 3/9/2002 | Email from Peter M. DiBattiste to Barry J. Gertz, et al. Re: RMC Options for CV Outcome Trials | | | | |

Exhibit "A"

Barnett v. Merck

Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses

| Exhibit.No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.0426 | MRK-AFJ0008381 | MRK-AFJ0008382 | 8/27/2004 | Email from Drs. Richard and Jane Dybas to Peter S. Kim Re: Merck's Stock Retreats over VIOXX concerns | 401, 402, 403, 801, 802. The document contains a hearsay press report, followed by an email form a non-Merck individual. | 401, 402, 403, 802 | Ruling Reserved 4/17 (date) | Relevant to Merck's notice/knowledge and failure to timely and adequately warn of true CV risk. The attached press report is not admitted for the truth, but for Merck's knowledge/notice of it and thoughts/reaction to it as revealed in the email. The email is from Richard Dybas, former MRL Vice President. The email is a business record of Merck 803(6) that sets forth the present sense impression of Merck employees 803(1) and constitutes an admission of a party-opponent 801(d)(2). Any prejudice/confusion is outweighed by probative value. |
| 1.0445 | MRK-AFT0005926 | MRK-AFT0005927 | 4/19/2004 | Email from Susanne Eddowes to Raymond Bain, et al. Re: The Need to Set Up External DSMB for ongoing Vioxx AD Prevention Trial | 802. There is no foundation as to handwriting. | | | The deposition excerpt of Dr. Scolnick does not inquire of the witness regarding the handwritten portion of the text so lack of personal knowledge of this excerpt from the document should not preclude admission of the entire document. Merck would be in a better position than Plaintiff to establish the author of the handwritten portions of the record since they have superior knowledge regarding the custodial file from which the document was obtained.Merck has stipulated by letter dated 5/31/06 that the document itself is a business record of Merck 803(6). The document also sets forth the present sense impression of Merck employees 803(1) and constitutes an admission of a party-opponent 801(d)(2). |
| 1.0460 | MRK-12690007833 | MRK-12690008224 | 11/26/2003 | Clinical Study Report for Protocol 078 | | | | |
| 1.0463 | MRK-LBL0000035 | MRK-LBL0000038 | 11/1/1999 | Vioxx Label Nov. '99 | | | | |
| 1.0464 | MRK-LBL0000047 | MRK-LBL0000050 | 7/1/2000 | Vioxx Label July 2000 | | | | |
| 1.0465 | MRK-LBL0000059 | MRK-LBL0000062 | 7/1/2001 | Vioxx Label July 2001 | | | | |
| 1.0466 | MRK-LBL0000063 | MRK-LBL0000066 | 4/1/2002 | Vioxx Label April 2002 | | | | |
| 1.0467 | MRK-LBL0000248 | MRK-LBL0000251 | 3/1/2004 | Vioxx Label March 2004 | | | | |

Exhibit "A"

Barnett v. Merck

## Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.0470 | MRK-NJ0000827 | MRK-NJ0000835 | 9/26/1996 | Memo from Terri Randall re: MK-0966 Project Team Minutes | | | | |
| 1.0479 | MRK-NJ0066297 | MRK-NJ0066301 | | Charts re: VIGOR: Myocardial Infarctions Over Time | | | | |
| 1.0487 | MRK-NJ0106699 | MRK-NJ0106722 | 10/13/2000 | Shapiro Meta-Analysis | | | | |
| 1.0498 | MRK-NJ0121906 | MRK-NJ0121907 | 4/13/2000 | Email from James Bolognese to Alisa Reicin, et al. Re: RA and CV Mortality | | | | |
| 1.0506 | MRK-NJ0130083 | MRK-NJ0130087 | 2/14/2000 | Email from Edward Scolnick to Deborah Shapiro Re: Searle Recapturing Momentum in COX-2 Inhibitor Market | 801, 802 Article attached to the document is hearsay. | 802 | Ruling Reserved | No challenge to the email itself, only the attachment. The email is admissible. The attachment is an adopted admission of a party-opponent 801(d)(2)(B). Additionally, it is not offered for the truth, but to show Merck's notice/knowledge of the current market and cox 2 competition and Merck's response/reaction thereto. Attached article is also admissible as evidence of motive and intent of Merck as well as knowledge of the competitive market pressures facing the pharmaceutical company defendant. It is relevant under 401 to establish Defendant's conduct in keeping with Plaintiff's theory of the unreasonable care of Defendant in its aggressive marketing of Vioxx. |
| 1.0511 | MRK-NJ0162361 | MRK-NJ0162371 | 4/13/1998 | Attachment #1, Dr. Alan Nies' writeup for meeting of Board of Scientific Advisors on | | | | |
| 1.0514 | MRK-NJ0183397 | MRK-NJ0183402 | 11/6/2001 | Draft letter to Jonca Bull re: Amendment to the Supplemental New Drug Application | | | | |

Exhibit "A"

Barnett v. Merck

Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.0516 | MRK-NJ0189508 | MRK-NJ0189509 | 3/28/2000 | Email from Alan Nies to Barry Gertz R: Patrono on VIGOR | 801, 802. The email contains hearsay statements from a non-Merck individual. | 602, 801, 802 | Admitted (Baumgartner deposition) | Patrono statements are not hearsay - R. 801(d)(2). The document is offered to prove that witness lacks knowledge on this subject. The fact that the witness does not acknowledge her lack of knowledge goes to her credibility and veracity. |
| 1.0531 | MRK-NJ0267715 | MRK-NJ0267777 | 1/8/2001 | Letter from Robert Silverman to Jonca Bull Attaching IND 46,894; VIOXX (rofecoxib) | | | | |
| 1.0539 | MRK-NJ0317338 | MRK-NJ0317341 | 8/14/1997 | Email from Kyra Lindemann to Beth Seidenberg et al Re: MK9666 GI Outcomes Standby | | | | |
| 1.0541 | MRK-NJ0320174 | MRK-NJ0320177 | 5/25/2000 | Email from Margie McGlynn to Alise Reicin | 401, 402, 403, 602, 801, 802. Analyst reports are hearsay. The witness does not have personal knowledge. | 401, 402, 403, 602, 801, 802 | Not Admissible (Weiner) 602, 801, 802 | The analyst reports are not offered for the truth of the mattes contained in the analyst report - R. 801(c). The email and reports are shown to offer Merck corporately and Dr. Reicin's state of mind, motive, knowledge, and focus at the time the email was written. When aggressive efforts should have been made to let physicians and patients know that Vioxx increases one's risk of an adverse cardiovascular event by 5 times, Merck hid the truth. Instead, they focused their efforts on "wood shedding" analysts to preserve the price of Merck stock. Moreover, this documents is relevant to Plaintiff's claim of failure to warn. |
| 1.0542 | MRK-NJ0333225 | MRK-NJ0333235 | 3/21/2001 | Memo Re: MK-0966 AD Progression Trail (Protocol #091) Imbalance in the Number of Deaths | 401, 402, 403. The all-cause mortality data in this exhibit is irrelevant to this case. | 401, 402, 403 | Admitted; No ruling on objections | Mortality date from the Alzheimer's trials is relevant to Plaintiff's defective product claim, i.e., that Vioxx is unreasonably dangerous since it causes an increase in the rate of deaths among certain patients. Moreover, the correspondence shows Dr. Scolnick's knowledge regarding the safety deficits associated with Vioxx. |

Barnett v. Merck

Exhibit "A"

Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett I | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.0581 | MRK-PRL0000114 | MRK-PRL0000115 | 3/27/2000 | Press Release - Merck Informs Investigators of Preliminary Results of Gastrointestinal Outcomes Study with Vioxx | | | | |
| 1.0583 | MRK-PRL0000122 | MRK-PRL0000123 | 4/28/2000 | Merck News Release "Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx" | | 401, 402, 403 (602 for Weiner) | Admitted (Weiner deposition) | Press Release was issued after the results of the VIGOR trial were known to Merck. The substance of the release is relevant to Plaintiff's failure to warn claim. Despite the fact that Merck knew Vioxx substantially increased the risk of an adverse cardiovascular event, Merck misrepresented the truth to patients, physicians and the world by communicating in releases such as this one that Vioxx had a "favorable cardiovascular safety profile." |
| 1.0584 | MRK-PRL0000124 | MRK-PRL0000127 | 5/24/2000 | Press Release - Vioxx significantly reduced the risk of serious gastrointestinal side effects by more than half compared to naproxen in a new study. | | | | |
| 1.0587 | MRK-PRL0000131 | MRK-PRL0000133 | 6/22/2000 | Press Release: Researchers present findings from the first study evaluating the efficacy and tolerability of Vioxx Celecoxib and Acetaminophen in the treatment of osteoarthritis | | | | |

Exhibit "A"

**Barnett v. Merck**

**Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses**

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.0667 | | | 4/14/1999 | Wall Street Journal article "Drugs: Merck's Health Hinges on Sales of Arthritis Pill" by R Langreth | 403, 602, 801, 802. This is a Wall Street Journal article and is pure hearsay, and also contains hearsay statements by non-Merck personnel. Also irrelevant and its prejudicial effect outweighs any probative value. | 403, 602, 801, 802 | Sustained (Carroll deposition) | Newspaper article not offered for the truth of the matter that Vioxx was essential to Merck's financial well-being (though this is proven by other evidence). The article is offered to show Mr. Carroll's state of mind and the prevailing belief among Merck management. Furthermore, this document impeaches the witness in accordance with R. 612(a). |
| 1.0726 | MRK-AAD0356476 | MRK-AAD0356477 | | Email from Peter Kim to Alise Reich regarding NO-Naproxen | 401, 402, 403. Irrelevant because this is past-withdrawal, and because this is a discussion about potential combinations of drugs that have not ever actually been combined. | 401, 402, 403 | Admissible | The document is relevant to Plaintiff's claim that Vioxx is defective, that Merck was aware that Vioxx was unreasonably dangerous, and failed to warn patients and physicians of the serious dangers associated with the use of Vioxx. Moreover, the document also outlines a safer alternative design for the drug. |
| 1.0727 | MRK-ACD0012344 | | 9/20/2001 | Email from Dawn Chitty to Christa Delusco, et al. regarding VIOXX CBE | | | | |
| 1.0729 | MRK-AFO0128716 | | 11/1/2001 | Email from Edward Scolnick to Karen Grosser regarding Vioxx Circular | | | | |
| 1.0732 | MRK-NJ0220388 | MRK-NJ0220454 | | Product Development Plan Stage 3 Review | | | | |
| 1.0739 | MRK-ABS0033494 | MRK-ABS0034577 | | Clinical Investigator's Confidential Informational Brochure | | | | |

Exhibit "A"

## Barnett v. Merck
## Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.0755 | MRK-AFN0052502 | MRK-AFN0052523 | No Date | NEJM Manuscript 05-0493: comments from reviewers approve manuscript. | 401, 402, 403, 801, 802. The document is hearsay, and contains hearsay statements from non-Merck employees. Also irrelevant and unfairly prejudicial given the lack of probative value. | | | The manuscript is relevant to Plaintiff's defect and failure to warn claims.  Serious concerns were raised by the reviewer as to the bias of the authors and the suppression of safety data in the way that CV risks were presented.  The statements of the reviewer are not offered for the substantive truth of the matter asserted but to show notice, intent, and state of mind. |
| 1.0812 | MRK-V 0000041 | | | Dorothy Hamill - Morning: 30 | 401, 402, 403. Irrelevant because Mr. Barnett testified that the Dorothy Hamill ad had nothing to do with his decision to take Vioxx. | 401, 402, 403 | Ruling Reserved | Television ads are illustrative of Merck's business practice and strategy to maximize the sales of Vioxx and other Merck prescription drugs through direct-to-consumer advertising.  Television ads were a major component of Merck's marketing strategy for Vioxx. This Dorothy Hamill commercial is relevant to Plaintiff's failure to warn claim.  Though Merck was aware at the time this advertisement was being broadcast that Vioxx significantly increased the risks of heart attack, there is no cardiovascular warning in this advertisement. Plaintiff was taking Vioxx while this advertisement was being aired. |
| 1.0815 | MRK-V 0000044 | | | "Dog Park" Letterbox: 30 | 401, 402, 403. Irrelevant because there is no evidence that Mr. Barnett ever saw this video. | 401, 402, 403 | Ruling Reserved | Television ads are illustrative of Merck's business practice and strategy to maximize the sales of Vioxx and other Merck prescription drugs through direct-to-consumer advertising.  Television ads were a major component of Merck's marketing strategy for Vioxx. This commercial is relevant to Plaintiff's failure to warn claim.  Though Merck was aware at the time this advertisement was being broadcast that Vioxx significantly increased the risks of heart attack, there is no cardiovascular warning in this advertisement. Plaintiff was taking Vioxx while this advertisement was being aired. |

**Barnett v. Merck**

**Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses**

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection Barnett | Merck Objection - Plunkett II | Courts Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.0816 | MRK-V 0000045 | | | Clammer: 30 Reminder DR | 401, 402, 403. Irrelevant because there is no evidence that Mr. Barnett ever saw this video. | 401, 402, 403 | Ruling Reserved | Television ads are illustrative of Merck's business practice and strategy to maximize the sales of Vioxx and other Merck prescription drugs through direct-to-consumer advertising. Television ads were a major component of Merck's marketing strategy for Vioxx. This commercial is relevant to Plaintiff's failure to warn claim. Though Merck was aware at the time this advertisement was being broadcast that Vioxx significantly increased the risks of heart attack, there is no cardiovascular warning in this advertisement. Plaintiff was taking Vioxx while this advertisement was being aired. |
| 1.0817 | MRK-V 0000046 | | | Teacher: 60 | 401, 402, 403. Irrelevant because there is no evidence that Mr. Barnett ever saw this video. | 401, 402, 403 | Ruling Reserved | Television ads are illustrative of Merck's business practice and strategy to maximize the sales of Vioxx and other Merck prescription drugs through direct-to-consumer advertising. Television ads were a major component of Merck's marketing strategy for Vioxx. This commercial is relevant to Plaintiff's failure to warn claim. Though Merck was aware at the time this advertisement was being broadcast that Vioxx significantly increased the risks of heart attack, there is no cardiovascular warning in this advertisement. |
| 1.0818 | MRK-V 0000046 | | | Teacher: 60 | 401, 402, 403. Irrelevant because there is no evidence that Mr. Barnett ever saw this video. | 401, 402, 403 | Ruling Reserved | Television ads are illustrative of Merck's business practice and strategy to maximize the sales of Vioxx and other Merck prescription drugs through direct-to-consumer advertising. Television ads were a major component of Merck's marketing strategy for Vioxx. This commercial is relevant to Plaintiff's failure to warn claim. Though Merck was aware at the time this advertisement was being broadcast that Vioxx significantly increased the risks of heart attack, there is no cardiovascular warning in this advertisement. Plaintiff was taking Vioxx while this advertisement was being aired. |

Exhibit "A"

**Barnett v. Merck**

**Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses**

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection Barnett | Merck Objection Plunkett II | Court's Ruling Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.0819 | MRK-V 0000046 | | | Teacher; 30 | 401, 402, 403. Irrelevant because there is no evidence that Mr. Barnett ever saw this video. | 401, 402, 403 | Ruling Reserved | Television ads are illustrative of Merck's business practice and strategy to maximize the sales of Vioxx and other Merck prescription drugs through direct-to-consumer advertising. Television ads were a major component of Merck's marketing strategy for Vioxx. This commercial is relevant to Plaintiff's failure to warn claim. Though Merck was aware at the time this advertisement was being broadcast that Vioxx significantly increased the risks of heart attack, there is no cardiovascular warning in this advertisement. Plaintiff was taking Vioxx while this advertisement was being aired. |
| 1.0965 | MRK-NJ0200304 | | | Email from Ken Truitt to Barry Gertz RE: 966 peds | 401, 402, 403. The document contains profit and sales data, which is irrelevant and unfairly prejudicial in the compensatory phase of the trial | | | The document does not contain sales data. Rather, it outlines Merck's plan to market Vioxx to children in order to bolster its safety profile by stating the drug was "safe enough for children." The document is relevant to Plaintiff's failure to warn claim and evidences Merck's intent to market the drug at the expense of child safety. |
| 1.0966 | MRK-ABW0005449 | MRK-ABW0005475 | | Profit Plan 2002-Merck A&A Franchise | 401, 402, 403, 602. The document contains profit and sales data, which is irrelevant and unfairly prejudicial in the compensatory phase of the trial | 401, 402, 403, 602 | No ruling on objections | Throughout 2002, Plaintiff was ingesting Vioxx. This business planning document is relevant to Plaintiff's failure to warn claim and specifically to Plaintiff's contention that Merck intentionally put profits over patients. The document evidences Merck's motive to postpone warning physicians and patients as long as possible and states that the addition of a CV label would reduce sales by $229 million. |
| 1.0972 | MRK-AFO0286612 | MRK-AFO0286638 | | Draft article "Cardiovascular Events Associated with Rofecoxib in a 3-Year Randomized Colorectal Chemoprevention Trial | 801, 802. The draft article contains hearsay from non-Merck authors. | | | Both 1.0972 and 1.0973 are relevant to show that Merck, through their own scientists and paid consultants, manipulated the reporting of clinical trials to minimize the CV warnings revealed by the study. Plaintiff does not offer the articles for the truth of the matters contained therein but to show Merck's state of mind and practice of scientific misconduct. |

Exhibit "A"

**Barnett v. Merck**
**Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses**

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.0973 | MRK-AGO0076955 | MRK-AGO0076990 | | Draft article "Cardiovascular Events Associated with Rofecoxib in a 3-Year Randomized Colorectal Chemoprevention Trial | 801, 802. The draft article contains hearsay from non-Merck authors. | | | Both 1.0972 and 1.0973 are relevant to show that Merck, through their own scientists and paid consultants, manipulated the reporting of clinical trials to minimize the CV warnings revealed by the study. Plaintiff does not offer the articles for the truth of the matters contained therein but to show Merck's state of mind and practice of scientific misconduct. |
| 1.1004 | MRK-ABL0000609 | MRK-ABL0000654 | 6/21/1999 | VIOXX® INTERIM STAGE REVIEW | | 401, 402, 403 | Admissible (Carroll deposition) | |
| 1.1005 | MRK-ABL0000688 | MRK-ABL0000690 | 7/15/1999 | Minutes of 6/25/99 HHPAC meeting | 401, 402, 403, 602. The document is irrelevant because it relates to pill-splitting, which has nothing to do with Mr. Barnett | 401, 402, 403, 602 | No ruling on objections | Document is offered to impeach witness's statement that Merck's motivation to prevent to prevent pill splitting was not to increase sales. Document is also offered to show Merck put profits ahead of patient safety. |
| 1.1013 | MRK-ABL0000921 | MRK-ABL0000937 | 5/17/2000 | HHPAC Presentation-Key Marketing Messages | | 403 | Admissible | Relevant to Plaintiff's failure to warn claim and Merck's learned intermediary defense. Evidence of Merck's marketing messages related to Vioxx goes directly to Merck's failure to act reasonably in marketing Vioxx. The methods used to market the drug are relevant to Defendant's knowledge, motives, and reckless and negligent conduct. The probative value of this document is not substantially outweighed by any prejudice that might result in its admission. |
| 1.1014 | MRK-ABL0000938 | MRK-ABL0000941 | 6/6/2000 | Memorandum from R.T. Bissett re: Meeting Minutes-5/17/2000 HH PAC Meeting | | 401, 402, 403, 602 | No ruling on objections | |
| 1.1016 | MRK-ABA0025859 | MRK-ABA0025860 | 2/27/2002 | Email from Anna Espisito to Peter DiBattiste RE: VALOR Study | | | | |

Exhibit "A"

Barnett v. Merck

Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.1034 | MRK-S0420051001 | MRK-S0420053185 | | MRL Abbreviated Clinical Study Report: A Multicenter, Randomized, Parallel Group, Placebo-Controlled, Double-Blind Study with In-House Blinding to Determine the Effect of 156 Weeks of Treatment with Rofecoxib (MK-0966) on the Recurrence of Neoplastic Poly | | | | |
| 1.1044 | MRK-ACC0009462 | | | Merck & Co. Inc.-Code of Conduct for Clinical Trials | | | | |
| 1.1049 | | | | Physician Desk Reference 2003 | | | | |
| 1.1052 | MRK CAAD 13902 | | 7/18,19/2001 | Physicians Desk Reference-51st Edition 2000 - a national cross-functional team meeting dated July 17, 18th, 19th of 2001 | | | | |
| 1.1066 | MRK-NJ0244665 | MRK-NJ0244672 | | Patient Informed Consent | | | | |
| 1.1073 | MRK-ACR0009148 | MRK-ACR0009149 | 4/7/2001 | E-mail from Edward Scolnick to Douglas Greene regarding Vigor approvable letter | | | | |
| 1.1081 | MRK-AKO0014360 | MRK-AKO0014397 | 2000 | Anti-Inflammatory and Analgesic TBG 2000 Profit Plan | 401, 402, 403. Irrelevant and unfairly prejudicial, especially in compensatory phase, because the exhibit relates to the 2000 profit plan. | | | This document outlines, at least in part, Merck's comprehensive marketing plan to physicians and patients and is relevant to Plaintiff's failure to warn. Though sales projections are included, the primary focus of the document is the monumental campaign Merck envisioned to ensure that sales of Vioxx exceeded Celebrex and in doing so, increased Merck's market share. |
| 1.1084 | MRK-ABW0000581 | MRK-ABW0000607 | 2/8/2001 | FDA Advisory Committee Briefing Document | | | | |

Exhibit "A"

Barnett v. Merck

Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.1085 | MRK-NJ0174804 | MRK-NJ0175048 | 2/8/2001 | Transcript of the Arthritis Advisory Committee Meeting | 801, 802. The transcript is hearsay. | | | The Arthritis Advisory Committee is sponsored by the FDA and as such reports and transcripts of the committee's meetings are admissible under R. 803(8). |
| 1.1086 | MRK-ABH0014143 | MRK-ABH0014166 | 5/12/1998 | Memo from Suzanne Pennick to Project Team Members regarding Project Team Minutes for May 12, 1998 | | | | |
| 1.1087 | | | | Excerpts from the Merck Manual - 16th Edition | 401, 402, 403. Irrelevant and potentially confusing. No evidence that anyone involved with this case has seen the Merck Manual. | 401, 402, 403 | Admissible | Excerpts from the Merck Manual are directly relevant to Plaintiff's claim that Vioxx is defective and shows that Merck had notice that the inhibition of Cox-2 would cause an increase in adverse cardiovascular events such heart attacks. The elimination of this portion of the Merck Manual in later editions also further evidences Merck's efforts to suppress information about the CV risks associated with Vioxx and willingness to engage in scientific misconduct to do so. |
| 1.1094 | MRK-ABH0016104 | | 9/11/1999 | Email from Peter Ernster to Edward Scolnick regarding Vioxx DTC | | | | |
| 1.1097 | MRK-ABI0011772 | MRK-ABI0011787 | 9/29/2004 | Questions and Answers: VIOXX Voluntary Market Withdrawal | 401, 402, 403, 602. Mr. Scolnick does not have personal knowledge of the document. The document is also irrelevant and unfairly prejudicial. | 401, 402, 403, 602 | Admitted; No ruling on objection | Dr. Scolnick, as President of Merck Research Labs, was one of the primary persons involved in Merck's decision to withdraw Vioxx from the market. He had personal knowledge of the decision-making process and the basis for the decision and as such, has personal knowledge of the information contained in the Q & A document. Merck's public position following withdrawal is relevant to Plaintiff's failure to warn the public by fully disclosing the risks associated with the drug. Plaintiff continued to take Vioxx until it was withdrawn from the market. |
| 1.1098 | MRK-AFJ0001537 | | 11/8/2001 | Email from Edward Scolnick to Douglas Greene regarding History Lesson | | 401, 402, 403 | Admitted; No ruling on objections | |

Exhibit "A"

## Barnett v. Merck
## Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses

| Exhibit No. | Begin Bates | End. Bates | Document Date | Description | Merck Objection: Barnett | Merck Objection: Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.1099 | MRK-ABT0000639 | | 4/15/2000 | Email from Alise Reicin to Edward Scolnick regarding Background Material for 4/18/00 | | | | |
| 1.1100 | MRK-ABT0014818 | MRK-ABT0014827 | | VIOXX Outcomes Study Potential Designs | | 602 | Admitted; No ruling no objection | |
| 1.1101 | MRK-AAZ0001608 | MRK-AAZ0001609 | 5/8/2001 | Email from Edward Scolnick to Douglas Greene regarding History Lesson | | | | |
| 1.1103 | MRK-AAR0033237 | MRK-AAR0033243 | | In Response to Your Questions: Cardiovascular System - Clinical Profile in Osteoarthritis Studies | 401, 402, 403. This exhibit is irrelevant because it was used by sales representatives and there is no evidence that Mr. Barnett or any of the doctors in this case saw this exhibit. | 401, 402, 403, 602 | Admitted; No ruling on objections | Document evidences Merck's practice of minimizing the CV risks/dangers associated with Vioxx when marketing the drug to physicians. This document is directly relevant to Plaintiff's failure to warn claim. |
| 1.1104 | MRK-NJ0030204 | | 10/9/2001 | Email from Deborah Wolf to Briggs Morrison, re: CV outcome Total Cost - still HIGH | | | | |
| 1.1106 | MRK-ABH0017814 | | 3/28/2002 | Reicin email to Nies and Gertz, re: Carlo Patrono on VIGOR | 801, 802. The email contains hearsay statements from a non-Merck individual. | 801, 802 | Admitted; No ruling on objection | Merck has stipulated that this document is a business record and as such is admissible under R.803(6). |

Exhibit "A"

Barnett v. Merck
Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.1111 | | | | Extracts from P3.0021 - H James Williams | 401, 402, 403, 801, 802, 901. The exhibit is incomplete, contains multiple documents, is irrelevant to the issues in this case, and contains hearsay. | | | Plaintiff will correct the image provided to Merck by deleting the pages following p.3. The payments to physicians who made presentations regarding Vioxx are relevant to Plaintiff's failure to warn claim. A major component of Merck's marketing strategy was to employee doctors who would present Vioxx in such a way as to minimize CV safety concerns and persuade other physicians to also prescribe the drug. This documents shows the payments that were made to James Williams. |
| 1.1112 | | | | Extracts from P3.0021 - M Michael Wolfe | 401, 402, 403. The exhibit is irrelevant and unfairly prejudicial because it relates to a doctor who has never seen Mr. Barnett and who has nothing to do with this case. | | | The payments to physicians who made presentations regarding Vioxx are relevant to Plaintiff's failure to warn claim. A major component of Merck's marketing strategy was to employee doctors who would present Vioxx in such a way as to minimize CV safety concerns and persuade other physicians to also prescribe the drug. This documents shows the payments that were made to Michael Wolfe. |
| 1.1113 | | | | Extracts from P3.0021 - Byron L. Cryer | 401, 402, 403. The exhibit is irrelevant and unfairly prejudicial because it relates to a doctor who has never seen Mr. Barnett and who has nothing to do with this case. | | | |
| 1.1123 | MRK-18940096392 | MRK-18940096445 | | Protocol 201 (VIP) CSR | | | | |
| 1.1130 | | | 05/04/00 | Dear Doctor Letter from Jeffrey Melin | 901, 902. There is no foundation for the handwriting on p. 3 and p. 4, and it appears that of plaintiffs' expert Dr. Egilman. | | | The document is relevant to prove Plaintiff's failure to warn claim and evidences Merck's failure to disclose that VIGOR indicated a 5-fold increase in heart attack for those ingesting Vioxx versus naproxen. |

Exhibit "A"

**Barnett v. Merck**

**Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses**

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.1132 | MRK-00420008087 | MRK-00420008117 | 06/29/00 | Excerpts from 6/29/00 sNDA | | | | |
| 1.1135 | MRK-ABI0008659 | MRK-ABI0008683 | 07/01/01 | US Long Range Operating Plan Franchise: Analgesic & Anti-Inflammatory Products: Vioxx, Etoricoxib | 401, 402, 403. Sales data is irrelevant and unfairly prejudicial in compensatory phase. | 403 | Admissible | Document is relevant to show that Merck failed to warn of known CV risks related to Vioxx use and that the motive for not warning physicians and patients was to maximize sales. The document clearly shows that Merck's priority was not patient safety but profits. |
| 1.1140 | MRK-18940078840 | | 5/4/04 | Letter to Brian Harvey from Diane Louie regarding IND 46,894 | 901. Incomplete document. | | | Plaintiff will correct the image provided to Merck. |
| 1.1141 | MRK-NJ0214478 | | 11/21/01 | Email from Edward Scolnick to Douglas Greene et al regarding CV Study Design | | 401, 402, 403 | No ruling on objections | |
| 1.1142 | MRK-ABC0017482 | | 8/13/97 | Email from Alan Nies and Alise Reicin to Jim Bolognese, et al. regarding GI Outcomes Study | | | | |
| 1.1144 | MRK-ACD0105492 | MRK-ACD0105815 | 6/20/00 | Clinical Study Report of Protocol 088/089 | | | | |
| 1.1160 | MRK-AAF0003713 | MRK-AAF0003715 | 2/27/01 | Letter from Robert Silverman to Central Document Room of the FDA regarding NDA 21-042/S-007 | | | | |
| 1.1194 | MRK-ADI0800000 | MRK-ADI0800045 | | Personnel File of Jan Weiner | 401, 402, 403. Individual employee's personnel file is not probative of any issue in this case. This employee's responsibilities involved press releases, which are not relevant given the facts of this case. | 401, 402, 403 | Admitted (Weiner deposition) | Exhibit is relevant to lay foundation for Jan Weiner's testimony regarding video news releases. |

6/19/2006

Page 42 of 51

Exhibit "A"

## Barnett v. Merck
## Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.1227 | MRK-AAD0800069 | MRK-AAD0800079 | | 2003 Year-End Review for Alise Reicin | 401, 402, 403. Individual employee's personnel file is not probative of any issue in this case. | | | Dr. Alise Reicin denies that her primary role at Merck was to defend Vioxx. This document impeaches Dr. Reicin in accordance with R.612(a). The document clearly states that Dr. Reicin was a "tenacious defender of the coxib franchise." |
| 1.1231 | MRK-NJ0071320 | MRK-NJ0071332 | 7/5/00 | Memo from Deborah Shapiro to Alise Reicin et al regarding Cardiovascular Update - VIGOR | 602. The witness through whom the plaintiff attempts to offer this document (it is an internal Merck document, and the witness has no personal knowledge of its contents. | 602 | Admitted: No ruling on objection | Merck has stipulated that this document is a business record and as such is admissible under R.803(6). The document was sent to at least 7 Merck employees and reveals relevant statistics relative to participants in the VIGOR trial. Document reveals that the statistics provided to the NEJM by Dr. Claire Bombardier and Dr. Alise Reicin understated the number of MIs and that the correct data was available to the authors long before the article was published. The misstatements and understatements regarding the CV risks associated with Vioxx in the VIGOR article are prima facie evidence in support of Plaintiff's failure to warn claim. |
| 1.1234 | MRK-PUBLIC0002375 | MRK-PUBLIC0002430 | 7/12/01 | FDA Medical Officer Review for NDA 21-042 and NDA 21-052 | | | | |
| 1.1236 | MRK-AAX0008561 | MRK-AAX0008581 | 10/1/01 | Draft Vioxx Label | | | | |
| 1.1240 | MRK-AGO0077012 | MRK-AGO0077013 | 1/31/05 | Email from Marvin Konstam to Christopher Lines et al regarding APPROVe Paper | 801, 802. The exhibit contains hearsay from a non-Merck employee. | | | Dr. Marvin Konstam is a Merck consultant and the lead author for the APPROVe study. The document is offered not to show the truth of the matter asserted in regard to Kaplan Meir curves but to show Dr. Konstam and other Merck employee's state of mind regarding the APPROVe study and to show the extreme pressure they were under to publish an article that put the best "spin" on the APPROVe results rather than fully disclosing the truth of the CV risks revealed by the study to readers of the NEJM. |

Exhibit "A"

## Barnett v. Merck
### Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plaintiff II | Court's Ruling - Plaintiff II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.1245 | MRK-AFV0341732 | MRK-AFV0341794 | 7/21/01 | VIGOR/RA SNDA Reviews: Response to Merck's Complete Response to Approvable Letter | | | | |
| 1.1249 | MRK-AAC0139936 | MRK-AAC0139937 | 1/27/04 | Email from Christopher Lines to Eric Yuen regarding Vioxx Prot 078 Paper | | | | |
| 1.1485 | MRK-AFI0045078 | MRK-AFI0045078 | 8/23/1999 | Email from Charlotte McKines to Susan Baumgartner re: putting Whelton on the "Bad Guys List". | 401, 402, 403, 602. The witness plaintiff seeks to use this document which has no personal knowledge of the document. These draft answers to potential questions from journalists are also irrelevant and unfairly prejudicial. | 401, 402, 403, 602 | Admitted (Baumgartner deposition) | The email indicates that it was received by Susan Baumgartner. The document is relevant to Plaintiff's failure to warn claims as it shows that Merck not only failed to reveal the relevant CV risks associated with Vioxx to physicians and patients but had a tactical plan to "neutralize" physicians who were attempting to alert the medical community about the dangers. |
| 1.1491 | MRK-ADG0057776 | | | Slides from Presentation by Tom Cannell | | | | |
| 1.1492 | MRK-ADG0059921 | | 6/5/2002 | Email from Thomas Cannell to Antonia Sisti titled RE: ["3,2,1, Go Theme"] | 401, 402, 403. Salaries and stock options for various executives at various companies are irrelevant and unfairly prejudicial, especially in the compensatory phase. | | | The document is relevant to Plaintiff's failure to warn claims. It reveals that Merck actively trained sales representatives to suppress information regarding the CV risks associated with the use of Vioxx rather than fully disclosing those dangers to physicians and the public. |
| 1.1568 | MRK-ACJ0004568 | MRK-ACJ0004591 | 8/26/2002 | 2003 Profit Plan for Vioxx | 401, 402, 403. Sales and profit information is irrelevant and unfairly prejudicial especially in the compensatory phase of the case. | | | Throughout 2003, Plaintiff was ingesting Vioxx. This business planning document is relevant to Plaintiff's failure to warn claim and specifically to Plaintiff's contention that Merck intentionally put profits over patients. |

Exhibit "A"

Barnett v. Merck

Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection- Barnett | Merck Objection- Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| 1.1702 | MRK-ABI0003662 | MRK-ABI0003679 | 4/4/2001 | Vioxx Sales Update Senior Management Discussion with Notes from David Anstice | 602. There is no showing that the witness (Anstice) has personal knowledge. | | | The exhibit contains notes from David Anstice; he clearly has personal knowledge of the information contained in the document. |
| Anstice Ex. No. 166 | MRK ACW 0008375 | MRK-ACW0008376 | | Table of All Deaths and/or Confirmed Adjudicated Serious Thromboembolic Aes from VIGOR - introduced as a Table reflecting the mortality data from Vigor | | | | |
| CM.0002 | MRK-ABO0001407 | MRK-ABO0001415 | 6/5/2000 | Email string from Niekelski to Melon, Daniels, Dervishian, Russell, Lahner, Basaman, Baumgartner, Bazmi, Bell, Bourdow, Chope, Coppola, El-Dada, McKines, Morio, Reiss, Rode, Wawczak, Wynd, Yarborough re: Vioxx Cardiovascular Safety Issues Unresolved; GI Safety Advantages of Cox-2; Analyst Report attached from Arnold & S. Bleichroeder takes in depth look at VIGOR and CLASS. Email forwarded to Silverstein, Greenburg and Sherwood from Melin. | 801, 802. This exhibit contains a stock analyst report which is hearsay. | | | The analyst report is not offered for the truth of the matters asserted but to show Charlotte McKines state of mind and that Merck was more focused on the ramifications the VIGOR study would have on Merck's stock price than the study's implications for the millions of persons in the U.S. taking the drug. |

Page 45 of 51

6/19/2006

Exhibit "A"

## Barnett v. Merck
### Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| CM.0005 | MRK-AFI0043906 | MRK-AFI0043923 | NO DATE | List of Physicians with information provided by A&A with comments from National HSAs, RMDs, TBG, etc. | 401, 402, 403. This document is irrelevant and unfairly prejudicial because none of Barnett's doctors are on the list | | | The document is relevant to Plaintiff's failure to warn claims as it shows that Merck not only failed to reveal the relevant CV risks associated with Vioxx to physicians and patients but had a tactical plan to "neutralize" physicians who were attempting to alert the medical community about the dangers. |
| CM.0006 | MRK-ADN0018203 | MRK-ADN0018224 | 2000 | Vioxx Consumer Marketing 2000 Profit Plan (PowerPoint presentation) | 401, 402, 403. This document is irrelevant and prejudicial in the compensatory phase because it relates to sales and profits. | | | Throughout 2000, Plaintiff was ingesting Vioxx. This business planning document is relevant to Plaintiff's failure to warn claim and specifically to Plaintiff's contention that Merck intentionally put profits over patients by spending hundreds of millions of dollars on various forms of advertising in order to reach $1.2 billion in sales during 2000 rather than spending during the same period the money necessary to conduct a CV study, a study Dr. Edward Scolnick called the "only essential study." |
| CM.0008 | MRK-ADA0015245 | MRK-ADA0015273 | 7/14/1999 | 2000 Profit Plan Extended Team Meeting for Vioxx | 401, 402, 403. This document is irrelevant and prejudicial in the compensatory phase because it relates to sales and profits | | | Throughout 2000, Plaintiff was ingesting Vioxx. This business planning document is relevant to Plaintiff's failure to warn claim and specifically to Plaintiff's contention that Merck was in a tremendous competition to achieve sales in excess of Celebrex and that efforts to meet this objective subsumed patient safety. |
| CM.0009 | MRK-ADK0003208 | MRK-ADK0003407 | 7/7/2000 | Year 2000 Advocate Plan for Merck Coxibs (Draft) | 401, 402, 403. This document is irrelevant because it is only a draft. It is also unfairly prejudicial because it does not relate to any of Barnett's doctors. | | | Throughout 2000, Plaintiff was ingesting Vioxx. This business planning document is relevant to Plaintiff's failure to warn claim and specifically to Merck's practice of minimizing safety risks. |

**Barnett v. Merck**

**Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses**

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| CM.0013 | MRK-ABI0004441 | MRK-ABI0004441 | 9/28/1999 | Email from Anstice to McKines Dixon, Donnelly, and Tacconi re: Vioxx and Consumer Awareness and the need to gather more data; similar to CM.0014, but with additional email strings attached regarding the same. | | | | |
| CM.0026 | MRK-AFI0038769 | MRK-AFI0038772 | 1999 | List of Physicians | 401, 402, 403, 602. None of the doctors on this exhibit have anything to do with Mr. Barnett or this case, and therefore this document is irrelevant and unfairly prejudicial. | | | The document is relevant to Plaintiff's failure to warn claims as it shows that Merck not only failed to reveal the relevant CV risks associated with Vioxx to physicians and patients but had a tactical plan to "neutralize" physicians who were attempting to alert the medical community about the dangers. |
| CM.0034 | MRK-AFI0043358 | MRK-AFI0043359 | 4/30/1999 | Email from Baumgartner to Hartenbaum re: Physicians to Neutralize; has Baumgartner email of 04/29/1999 attached. | 401, 402, 403. This document relates to certain physicians, and none of them are doctors who ever saw Mr. Barnett. Therefore it is irrelevant and unfairly prejudicial to use this document in this case. | | | The document is relevant to Plaintiff's failure to warn claims as it shows that Merck not only failed to reveal the relevant CV risks associated with Vioxx to physicians and patients but had a tactical plan to "neutralize" physicians who were attempting to alert the medical community about the dangers. |

Exhibit "A"

**Barnett v. Merck**

**Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses**

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barrett | Merck Objection - Plunkett | Court's Ruling - Plunkett II | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| CM.0051 | MRK-ADI0017595 | MRK-ADI0017597 | 1/25/1999 | Email string from Higbee to Weiner, Lindemann, Fanelle in regards to Intelligence/NEJM | 401, 402, 403, 801, 802. Much of the document contains hearsay in the form of articles or regarding conversations with non-Merck personnel. It is also irrelevant and unfairly prejudicial because Dr. Wolfe has nothing to do with this case. | | | The document is relevant to Plaintiff's failure to warn claims as it shows that Merck not only failed to reveal the relevant CV risks associated with Vioxx to physicians and patients but had a tactical plan to "neutralize" physicians who were attempting to alert the medical community about the dangers.  The article contained in the document is not offered for the truth of the matter asserted in the article but only to show that Merck specifically targeted doctors who spoke out against Merck in the media. |
| CM.0052 | MRK-ADI0013761 | MRK-ADI0013764 | 2/10/1999 | Email string from Higbee to Johnson and McKines in regards to Intelligence/NEJM | 401, 402, 403, 801, 802. Much of the document contains hearsay in the form of articles or regarding conversations with non-Merck personnel. It is also irrelevant and unfairly prejudicial because Dr. Wolfe has nothing to do with this case. | | | The document is relevant to Plaintiff's failure to warn claim as it shows that Merck not only failed to reveal the relevant CV risks associated with Vioxx to physicians and patients but were engaged in a strategic plan to "neutralize" physicians such as Dr. Singh and others who were attempting to alert the medical community about the dangers associated with the drug.  The articles contained in the text of the email are not offered for the truth of the matters asserted but rather to show that Merck went to great lengths to gather "intelligence" on potential detractors of Vioxx in order to attempt to unfairly discredit them. |
| CM.0059 | MRK-ACJ0005170 | MRK-ACJ0005215 | 4/9/2002 | Pharmaceuticals: The New Consumer Marketing Frontier by Tacconi. | | | | |
| CM.0060 | MRK-EAD0001604 | MRK-EAD0001605 | 5/19/2000 | Email from Douglas Wynd to Dreyer and Miles RE: For your eyes only - Draft VIGOR Messages with attachments | 901. There appear to be three different documents put together. | | | |

Exhibit "A"

Barnett v. Merck

Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| CM.0071 | MRK-AKO0026709 | MRK-AKO0031037 | 1998-2000 | Merck Disbursement Voucher Requests | 401, 402, 403, 901. This is a compilation of multiple documents that do not belong together and is also irrelevant and unfairly prejudicial because it relates to doctors who did not treat Mr. Barnett | | | |
| CM.0072 | MRK-ACJ0004336 | MRK-ACJ0004445 | 2000 | 2000 Profit Plan | 401, 402, 403. This document relates to the 2000 profit plan for Vioxx, and is therefore irrelevant and unfairly prejudicial for the compensatory phase of the trial. | | | Plaintiff took Vioxx throughout 2000. This business planning document is relevant to Plaintiff's failure to warn claim and specifically to Plaintiff's contention that Merck intentionally put profits over patients. |
| CM.0074 | MRK-ABY0030136 | MRK-ABY0030137 | 9/20/2001 | Email from Straus to Kong, Pellissier and Watson in regards to FDA Warning Letter | 401, 402, 403, 801, 802. Merck objects to the Warning Letter itself. The Warning Letter also contains hearsay statements by non-Merck individuals. Therefore, if the Warning Letter is not admitted, this exhibit should not be admitted either. | | | The exhibit does not include the Warning Letter. Rather, it is a cover email indicating that Charlotte McKines received a copy of the Warning Letter. The email is relevant to Ms. McKine's knowledge that there were serious CV safety concerns associated with Vioxx use but that she and others on behalf of Merck failed to warn the public. This evidence is directly related to Plaintiff's failure to warn claim. |

Exhibit "A"

# Barnett v. Merck
## Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Responses |
|---|---|---|---|---|---|---|---|---|
| CM.0075 | FRI0000021 | FRI0000031 | 11/15/2000 | Fax from James McMillen, M.D. To ??? Enclosing letters from Merck. One letter from Huskey Medical Center; one to James McMillen inviting him to a VIGOR meeting and then one rescinding that invitation. | 401, 402, 403, 801, 802. The exhibit is full of hearsay statements. Because it does not relate to anything in this case and concerns individuals with no relation to this case, it is also irrelevant and unfairly prejudicial. | | | The document is relevant to Plaintiff's failure to warn claims as it shows that Merck not only failed to reveal the relevant CV risks associated with Vioxx to physicians and patients but were engaged in a strategic plan to "neutralize" physicians such as Dr. McMillen and others who were attempting to alert the medical community about the dangers associated with the drug. |
| CM.0077 | MRK-AFI0181589 | MRK-AFI0181597 | | Physician Action Plans - ADVOCATE | 401, 402, 403. The document is irrelevant and unfairly prejudicial because it does not relate to any doctors that have anything to do with Mr. Barnett or this case. | | | The document is relevant to Plaintiff's failure to warn claim. It evidences that Merck was engaged in an active plan to "neutralize" physicians critical of the safety profile of Vioxx and also indicates that Merck used endorsement contracts with well-known physicians such as Dr. James Andrews to influence other physicians and to minimize safety information available to physicians and patients. |
| Krahe Ex. No. 5 | MRK CAAD 0001696 | MRK-CAAD0001757 | 1/8/2001 | Memo from Market Integration Team for Vioxx to All Field Personnel with Responsibility for Vioxx concerning and enclosing a complete Obstacle Handling Guide for Vioxx. | 401, 402, 403. There is no evidence that any of the sales reps that called on Barnett's two prescribing physicians (Dr. McCaffrey and Dr. Mikola) ever used this information. The document has nothing to do with this case and is unfairly prejudicial. | | | This document is relevant to Plaintiff's failure to warn claim. It outlines how Merck trained sales to avoid legitimate safety questions posed by physicians. Representatives were trained to treat these questions as "obstacles" and to avoid supplying relevant safety data. The document makes clear that Merck primary focus was profits not patient safety as portions of the document are entitled "In It To Win It." |

Exhibit "A"

**Barnett v. Merck**

**Plaintiff's Preliminary Pre-Admission Exhibit List with Defendant's Objections and Plaintiff's Responses**

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Merck Objection - Plunkett II | Court's Ruling - Plunkett II | Plaintiff's Response |
|---|---|---|---|---|---|---|---|---|
| Krahe Ex. No. 17 | MRK AKC 0014303 | MRK-AKC0014320 | Sept./Oct/2 001 | PMRD (Promotion Message Recall Data) An Exclusive Service of the com.DAT Division, dtw Marketing Research Group, Inc." | 401, 402, 403, 603, 801, 802. The document contains triple hearsay-- it is a document prepared by a third party relating to what doctors they interviewed recalled about what Merck sales reps allegedly told the doctors. Also irrelevant because it relates to sales reps in California, who have nothing to do with this case. | | | Document is relevant to Plaintiff's failure to warn claim. The document reveals what sales representatives were actively communicating to physicians. The document is not offered for the truth of the matter asserted but to show the sales representatives' intent and state of mind as they detailed Vioxx to physicians. |

6/19/2006

Page 51 of 51