UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 06-0485 | * | |
| | * | MAGISTRATE JUDGE |
| GERALD D. BARNETT, | * | KNOWLES |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * | | |

**REPLY OF MERCK & CO., INC. ("MERCK") IN SUPPORT OF ITS MOTION FOR ORDER EXCLUDING (1) EVIDENCE OF MOTIVE AND (2) EVIDENCE RELATING TO THE ASSETS AND PROFITABILITY OF MERCK OR TO THE <u>COMPENSATION AND FINANCIAL DECISIONS OF ITS EMPLOYEES</u>**

**(MOTION IN *LIMINE* NO. 1)**

Plaintiff's opposition to Merck's Motion in *Limine* No. 1 provides no reason why the Court should not exclude the evidence addressed in the motion just as it did in *Plunkett v. Merck*. For the reasons discussed below and in Merck's opening brief, the Court should grant Merck's motion in full.

816295v.1

## I.   PLAINTIFF HAS NOT DEMONSTRATED THAT EVIDENCE OF MERCK'S MOTIVES IS RELEVANT TO HIS CLAIMS.

Plaintiff's opposition brief does not explain how Merck's motives in marketing and selling Vioxx have anything to do with Mr. Barnett's injuries or his claims against Merck. Plaintiff offers nothing more than *ipse dixit* to illustrate the supposed relevance of this evidence. As he notes, "relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. (*See* Pl.'s Opp'n at 5.) Evidence that Merck saw Vioxx as a profitable product and that it wanted to get that product to market before its competitors has no tendency to prove that the warnings that Merck provided to Mr. Barnett's physicians were inadequate or that the product caused his injuries.

Moreover, in its motion in *limine*, Merck offered multiple case citations to support the proposition that motive is not relevant to strict liability and negligence claims. Plaintiff completely fails to address this legal authority and provides virtually no authority to support his position, apart from broad statements about relevance and unfair prejudice that, while unexceptionable in and of themselves, have little utility in deciding the specific questions of admissibility raised by Merck's motion.[1]

Plaintiff also claims that Merck's profit plans and long-range operating plan are somehow related to Merck's failure to add a warning to the Vioxx label based on the VIGOR results. (Pl.'s Opp'n at 4-5.) This claim is misleading, and ultimately the argument does not show how any of

---

[1] Plaintiff cites one case for the proposition that the evidence is admissible. (Pl.'s Opp'n at 5-6 (citing *In re Diet Drugs Prods. Liab. Litig.*, 369 F.3d 293, 314 (3d Cir. 2004)).) In doing so, plaintiff conveniently omits the following sentence: "Evidence tending simply to show that Wyeth wanted to successfully market the diet drugs and make a profit selling them *would not be relevant* to show, for example, that Wyeth acted negligently." *In re Diet Drugs*, 369 F.3d at 314 (emphasis added). Similarly, here, Merck submits that evidence that it was seeking to make a profit in selling Vioxx is irrelevant to plaintiff's claims.

the evidence is relevant. These documents have no tendency to prove any facts at issue – other than the fact that Vioxx was a profitable product. The mere fact that Vioxx was profitable does not make it any more likely that Merck could or should have added a warning earlier, nor does it show that Vioxx could have or did cause Mr. Barnett's heart attack. Moreover, it is undisputed that Mr. Barnett continued to take Vioxx for over two years *after* Merck, with authorization from the FDA, changed the Vioxx warning label in April 2002. Even if Merck had changed the label earlier, there is no evidence that the changed warning would have altered Mr. Barnett's actions. In fact, the only evidence shows just the opposite: Mr. Barnett would have taken Vioxx even if warned of the risks earlier. As a result, any failure to warn earlier cannot have proximately caused Mr. Barnett's alleged injuries. Merck's profit and operating plans, and other evidence of motive, therefore, are completely irrelevant to the claim that there was a failure to warn.

Plaintiff's opposition reveals the true purpose for much of this evidence. As Merck suspected, plaintiff intends to use evidence of Merck's motives in an attempt to depict Merck as a bad actor that was only out for profits. For example, plaintiff points out that Merck allegedly spent more on direct to consumer advertising than what was spent to advertise the Nike, Budweiser, or Pepsi brands. (Pl.'s Opp'n at 5.) But there is no proper purpose for offering this evidence. Mr. Barnett admitted that he started taking Vioxx on the advice of his doctors, not due to any of Merck's Vioxx advertisements.[2] (April 20, 2006 Deposition of Gerald Barnett ("Barnett Dep.") at 129:23-25, attached hereto as Ex. A.) It was his doctors who decided that

---

[2] Ironically, Mr. Barnett explained that it was advertisements for Celebrex which motivated him to try to switch from his prior pain reliever, Feldene. (Barnett Dep. at 128:20-129:6.) Plaintiff, however, would seek to compare Merck's direct to consumer advertising budget with that of Nike and PepsiCo., companies that obviously do not sell prescription drugs. Obviously, plaintiff should not be permitted to make such an inflammatory comparison before the jury.

Mr. Barnett should be prescribed Vioxx. (*Id.* at 129:19-25.) Thus, Merck's direct to consumer marketing budgets are entirely irrelevant to Mr. Barnett and his alleged injuries.

In short, plaintiff has not overcome Merck's showing that evidence of Merck's motives in marketing Vioxx is irrelevant and inadmissible.[3]

## II. PLAINTIFF CANNOT REFUTE MERCK'S POSITION THAT EVIDENCE OF MERCK'S MOTIVES, REVENUES, PROFITS, AND EMPLOYEE COMPENSATION WOULD BE UNDULY PREJUDICIAL.

Plaintiff also offers no more than *ipse dixit* in an attempt to show that the evidence addressed in this motion in *limine* should not be excluded under Rule 403. Merck made clear that evidence of profits and motive is prejudicial because any minimal relevance it may have is far outweighed by the likelihood of the jury's being misled and induced to make a decision for improper reasons, such as antipathy to large corporations and their officers. (Merck's Mot. at 4-5.) Evidence must be excluded when it would mislead, confuse, and distract the jury. *See United States v. Simkanin*, 420 F.3d 397, 412 (5th Cir. 2005) (evidence should be excluded when it would have a "tendency to confuse the jury"). Here, it would be very misleading for the jury to consider these documents without context. If plaintiff is allowed to present to the jury evidence of Merck's motives and profits, Merck would be required to counter with evidence to explain how these marketing strategies fit in Merck's overall business plan in order to put the evidence in proper context, thereby substantially lengthening the trial.

---

[3] If the Court bifurcates this trial, Merck does not waive its position that Merck's marketing motives and nationwide profit and operating plans are irrelevant and inadmissible in determining punitive damages because they bear no relationship to the conduct that allegedly caused Mr. Barnett's injury and are devoid of any nexus with the state in which he sustained his injury. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 421-23, 428-29 (2003). This reply is not the proper context in which to address Merck's request for bifurcation in detail, except to note that: (i) the same considerations that led the Court to bifurcate all punitive damages issues in the two *Plunkett v. Merck* trials are present here; and (ii) plaintiff's opposition identified no reason why the Court should not try punitive damages issues in a separate phase.

Plaintiff argues that evidence of Merck's motives, assets, and employee compensation "will not confuse the jury but give them necessary context and insight as they evaluate the credibility of Merck's employees as less as the validity of Plaintiff's claims and Merck's defenses." (Pl.'s Opp'n at 7.)  This contention is baseless.  Plaintiff has no desire to use this evidence in context, but rather has hand-picked a few documents in an attempt to inflame the jury.  The claim that the jury needs this evidence to judge the credibility of Merck or its witnesses is equally spurious.  The jury will know that Merck profited from Vioxx sales and that Merck employees were paid to do their jobs.  Introducing evidence to show how much they were paid or how much profit Vioxx might have made for Merck is unnecessary, prejudicial, and improper.  The jury does not need to know how much money Merck's Chief Executive Officer made in order to evaluate his credibility.

In short, the Court should exclude evidence of Merck's motives, profits, or employee compensation as any minimal relevance such evidence might have is substantially outweighed by the danger of unfair prejudice that its admission entails.

### III.  CONCLUSION.

For the reasons stated above and in it prior briefing on this subject, Merck respectfully requests that the Court exclude all evidence offered to show the alleged "motive" of Merck or its officers or employees in developing and marketing Vioxx – including any evidence relating to Merck's wealth, profitability, assets, income, or net worth, as well as the compensation, stock holdings, or stock options of its officers and employees.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Adam L. Hoeflich
Andrew Goldman
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:      312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:      202-434-5029

And

Brian Currey
Catalina J. Vergara
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:      213-430-6407

Attorneys for Merck & Co., Inc.

816295v.1

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Reply in Support of Motion of Merck for Order Excluding (1) Evidence of Motive and (2) Evidence Relating to the Assets and Profitability of Merck or to the Compensation and Financial Decisions of Its Employees has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Mark Robinson by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 23rd day of June, 2006.

*/s/ Dorothy H. Wimberly*_____

816295v.1