UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 06-0485 | * | |
| | * | MAGISTRATE JUDGE |
| GERALD D. BARNETT, | * | KNOWLES |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * | | |

**REPLY OF MERCK & CO., INC. ("MERCK") IN SUPPORT OF ITS MOTION FOR ORDER EXCLUDING INFORMAL COMMUNICATIONS FROM THE FDA <u>CONCERNING PROMOTIONAL MATERIALS</u>**

**(MOTION IN *LIMINE* NO. 2)**

Plaintiff tacitly concedes that FDA letters addressing Merck drugs other than Vioxx® are inadmissible.  He offers no reason why such letters should be received into evidence.  The Court should exclude these documents.[1]

---

[1] Similarly, the Court should reject plaintiff's argument that supposed "evidence of corporate misconduct with regard to mislabeling other drugs is also relevant to show motive and intent (to

(*footnote continued next page*)

Informal FDA communications about the promotion and marketing of Vioxx (*see e.g.,* Pl.'s Ex. 1.0006) are also inadmissible. Plaintiff's opposition fails to demonstrate any logical connection between Exhibit 1.0006 and his alleged injury. Plaintiff also fails to show that Exhibit 1.0006 or other Warning Letters or Untitled Letters are public records. These preliminary and informal letters are very different from the FDA letter admitted as a public record in the single case that plaintiff cites. For the reasons stated in Merck's opening memorandum and in this reply brief, Exhibit 1.0006 and all other informal FDA communications should be excluded.

I.  **EVIDENCE OF INFORMAL COMMUNICATIONS FROM THE FDA CONCERNING PROMOTIONAL MATERIALS IS IRRELEVANT AND UNFAIRLY PREJUDICIAL.**

   **A.  FDA Warning Letters And Untitled Letters Are Irrelevant.**

Plaintiff concedes that his doctors never relied on any Merck representations about Vioxx. (Pl.'s Opp'n at 7-9.) He is thus left to launch a barrage of tenuous grounds for relevancy in the hope that one of them will be on target. (*See id.* at 10-12.) None of these theories, however, establishes any logical nexus between plaintiff's failure to warn claim and these letters. Absent this connection, the documents should be excluded.

Plaintiff's principal argument is that his doctors would not have prescribed Vioxx had they known of the risks detailed in Plaintiff's Exhibit 1.0006. The undisputed facts belie that assertion. Mr. Barnett's doctors continued to prescribe Vioxx, and Mr. Barnett continued to take it, for over two years *after* the Vioxx label was changed to reflect the results of the VIGOR

---

increase sales) pursuant to Federal Rules of Evidence 404(b)." (Pl.'s Opp'n at 11.) Evidence of prior bad acts is inadmissible to show a propensity to commit a certain act. *Jones v. Southern Pacific Railroad*, 962 F.2d 447, 449 (5th Cir. 1992). Rule 404(b) does not allow admission of such evidence under the guise of showing intent, where, as here, the only connection is to show a propensity or bad character.

2

study.  (April 20, 2006 Deposition of Gerald Barnett ("Barnett Dep.") at 138:3-7, 144:19-22, 149:9-16, attached hereto as Ex. A.)

The absence of a logical connection between the specific promotional activities raised in Exhibit 1.0006 and Mr. Barnett's specific case also means that the letter and any other FDA letters are also not relevant to establish that Merck was "on notice."  (*See* Pl.'s Opp'n at 2.) Plaintiff asserts that the alleged misleading conduct addressed in Exhibit 1.0006 is the same as the conduct that he alleged in his complaint, which assertedly created a "buzz" about Vioxx. However, allegations in a pleading are not evidence, and they cannot overcome the fact that there is no evidence that the specific decisions to prescribe Vioxx were in any way affected by any "buzz" in the marketplace that Merck allegedly created.

Plaintiff also asserts that FDA letters are relevant to liability for punitive damages. Although the Court need not decide that issue yet,[2] plaintiff again is wrong.  In South Carolina, "[i]n order for a plaintiff to recover punitive damages, there must be evidence the defendant's conduct was willful, wanton, or in reckless disregard of the plaintiff's rights."  *Taylor v. Medenica*, 479 S.E.2d 35, 46 (S.C. 1996).  Evidence of Merck's marketing practices that never reached the prescribing physicians or Mr. Barnett sheds no light on this subject.  It is firmly established that "[a] defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages.  A defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business."  *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422-23 (2003).  Here, the FDA letters have nothing to do with whether Vioxx caused Mr. Barnett's alleged injury: they address aspects of

---

[2] As noted, Merck will request that the Court bifurcate the issue of liability for compensatory damages from the issue of liability for punitive damages, as it did in connection with the two trials in *Plunkett v. Merck*.

Merck's marketing that have no logical connection to the conduct involving Vioxx that plaintiff claims caused his alleged injury. As a matter of Constitutional law, they cannot serve as a basis for liability for punitive damages.

### B. Admitting The FDA Warning Letters And Untitled Letters Would Be Unfairly Prejudicial To Merck.

Plaintiff contends that any prejudice from admission of informal FDA letters such as Exhibit 1.0006 is outweighed by their probative value. As previously discussed, however, these documents have minimal probative value. (*See supra* Section I.A.; Mot. at 2-5.)

Plaintiff's contention that the good judgment of the jury obviates the need to exclude the documents is unfounded. Federal Rule of Evidence 403 was crafted precisely because the jury's judgment *cannot* always be trusted. Here, the jury is likely to ascribe undue weight to the documents simply because they appear on FDA letterhead and in spite of the fact that they do *not* reflect determinations of guilt or wrongdoing. (*See* FDA Regulatory Procedures Manual, Chapter 4, Advisory Actions, Section 4-1-1, attached to Mot. at Ex. E.)

The cases cited by plaintiff do not support the proposition that FDA Warning Letters and Untitled letters are "readily admissible." (Pl.'s Opp'n at 13.) Indeed, these cases do not even involve such communications. *See Kennedy v. Baxter Healthcare Corp.*, 348 F.3d 1073, 1074-75 (8th Cir. 2003) (holding that trial court properly admitted testimony about oral statements made by FDA employees); *Inter Med. Supplies Ltd. v. EBI Med. Sys., Inc.*, 975 F. Supp. 681, 690 (D.N.J. 1997) (addressing admissibility of FDA regulatory standards); *United States v. Barile*, 286 F.3d 749, 755 (4th Cir. 2002) (addressing admissibility of oral statements made by FDA officials at an official meeting, offered solely for impeachment purposes); *Carlin v. Super. Ct.*, 13 Cal. 4th 1104, 1113-15 (1996) (holding that evidence of FDA regulatory standards were admissible what risk was reasonably scientifically knowable). These cases are inapposite. For

example, the FDA's rules governing what makes a statement "official" are distinct from those governing whether Warning Letters and Untitled Letters are official. (*Compare* FDA Regulatory Procedures Manual, Chapter 10, Prior Notice, Section 10-1-3 *with* 21 C.F.R. § 10.85(k).) Similarly, FDA regulations are official FDA edicts and therefore do not raise the same concerns about undue prejudice as do unofficial Warning Letters and Untitled Letters. Thus, the statements by FDA representatives and official FDA regulatory standards detailed in plaintiff's opposition do not raise the same concerns as those raised by unofficial FDA Warning Letters and Untitled Letters.

## II.   THE FDA LETTERS ARE EXCLUDABLE HEARSAY.

Finally, these informal FDA communications are hearsay. *See* FED. R. EVID. 801; (Mot. at 7-8 (and authorities cited therein)). Rule 803(8)(B) – the only hearsay exception on which plaintiff relies – is inapplicable. FDA Warning Letters and Untitled Letters are not "matters observed pursuant to duty imposed by law as to which matters there was a duty to report." The FDA has stated unequivocally that it has *no duty* to issue Warning Letters. (*See* FDA Procedures Manual, Chapter 4, Advisory Actions, Section 4-1-1 ("FDA is under no legal obligation to warn individuals or firms that they or their products are in violation of the law before taking enforcement action.").) And for the most part, the letters are based on hearsay reports, not observation.

The only case cited by plaintiff – *Figueroa v. Boston Scientific Corp.*, No. 00 CIV 7992 (DC), 2003 WL 21488012, at *3 (S.D.N.Y. Jun. 27, 2003) – is readily distinguishable from the present case. In *Figueroa*, the FDA letter was a *final* assessment issued by the District Director of the New England district, following the FDA's review, evaluation, and official categorization of the defendant's product recall. By contrast, the Warning Letters and Untitled Letters at issue in this case are informal and preliminary opinions of FDA staff, written without the benefit of a

hearing or other adjudication. Under the FDA's own guidelines, they do no represent the agency's official or final position. (*See* Mot. at 8.)

In short, the letters should not be admitted for the truth of their content. And since they address matters that are irrelevant to Mr. Barnett's claims, as discussed above and in Merck's opening memorandum, they cannot be admitted for the nonhearsay purpose of showing "notice."

**III.   CONCLUSION.**

For all of these reasons and the reasons articulated in Merck's prior briefing on this subject, the Court should exclude all FDA Warning Letters and Untitled Letters, including plaintiff's Exhibit 1.0006. At a minimum, the Court should order that Exhibit 1.0006 be redacted before it is shown to the jury, as described in Merck's opening memorandum – a request that plaintiff does not oppose.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Andrew Goldman
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:      312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:     202-434-5029

And

Brian Currey
Catalina J. Vergara
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:     213-430-6407

Attorneys for Merck & Co., Inc.

## **CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing Reply in Support of Merck's Motion for Order Excluding Informal Communications From the FDA Concerning Promotional Materials has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Mark Robinson by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 23rd day of June, 2006.


                                            */s/ Dorothy H. Wimberly*