UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| **This document relates to** | * | |
| **Case No. 06-0485** | * | |
| | * | **MAGISTRATE JUDGE** |
| **GERALD D. BARNETT**, | * | **KNOWLES** |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| **MERCK & CO., INC.**, | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * *

**REPLY OF MERCK & CO., INC. ("MERCK") IN SUPPORT OF ITS MOTION
FOR ORDER EXCLUDING EVIDENCE RELATING TO THE *NEW ENGLAND
JOURNAL OF MEDICINE*'S DECEMBER, 2005 "EXPRESSION OF CONCERN"**

**(MOTION IN *LIMINE* NO. 4)**

In *Plunkett v. Merck*, the Court sustained Merck's objection to the admission of the *New England Journal of Medicine*'s December, 2005 "Expression of Concern." Nothing in plaintiff's opposition brief should change that result. The truth remains that: (i) the allegations contained in the "Expression of Concern" have no connection to Mr. Barnett's claims; (ii) the editorial is inadmissible hearsay that does not qualify as a learned treatise; and (iii) admitting the document into evidence would unduly prejudice Merck and lead to juror confusion and delay. For the

816291v.1

reasons articulated in Merck's underlying motion and its previous briefing on this subject, the Court should again exclude the "Expression of Concern."

## I. THE COMMENTARY OF THE *NEJM* EDITORS ON THE PUBLICATION OF VIGOR IS IRRELEVANT TO THIS CASE.

Although stated already in Merck's underlying motion, it bears repeating: At trial, the jury will hear about the manner in which Merck provided information on Vioxx® to the medical community. It also will learn the relevant facts about the VIGOR trial. To the extent any facts surrounding the publication of VIGOR are relevant, the jury will be provided with this information as well. The "Expression of Concern" – in which three *NEJM* editors suggest without foundation that Merck deliberately withheld and deleted information from drafts of VIGOR submitted to the journal for publication in 2000 – adds nothing to these facts. It is not probative of any issue of consequence in this case.

Indeed, to the extent anything about the publication of VIGOR is relevant to Mr. Barnett's claims – which Merck does not concede – plaintiff may offer the testimony of *NEJM* editor Dr. Curfman on the matter. Plaintiff admits as much. (See Pl.'s Opp'n at 2 ("From the 'Expression of Concern' *and Dr. Gregory Curfman's testimony*, it is clear that the number of heart attacks in the [VIGOR] study were incorrect." (emphasis added)).) The editorial itself is thus cumulative evidence at best, making its probative value minimal. *Meadows & Walker Drilling Co. v. Phillips Petroleum Co.*, 417 F.2d 378, 382 (5th Cir. 1969) ("It is well established that evidence which is merely repetitious and cumulative of testimony already introduced may be excluded by the court."). The Court should exclude the "Expression of Concern" and any related testimony or evidence, none of which is relevant to the ultimate issues in this case.

2

## II. THE *NEJM* EDITORIAL, WHICH DOES NOT QUALIFY AS A LEARNED TREATISE, IS INADMISSIBLE HEARSAY.

Plaintiff does not dispute that the "Expression of Concern" is hearsay and that "the article itself should not be admitted into evidence." (*See* Pl.'s Opp'n at 4.) Instead, he argues that the opinion piece qualifies as a learned treatise and that testimony about it should therefore be permitted. Plaintiff is incorrect. He makes much of the fact that the *NEJM* is a "reliable authority" – but, as explained in Merck's underlying motion, that is not sufficient to qualify the "Expression of Concern" as a learned treatise under Rule 803(18). *E.g.*, *Meschino v. N. Am. Drager, Inc.*, 841 F.2d 429, 434 (1st Cir. 1988) ("In these days of quantified research, and pressure to publish, an article does not ready the dignity of 'reliable authority' merely because some editor, even a most reputable one, sees fit to circulate it."); (*see also* Merck's Mot. at 4-5 (citing additional authority)). Regardless of whether this Court has taken judicial notice of the *NEJM* as a reliable source or whether *scientific articles* published in the *NEJM* have been admitted in other cases trials, the mere publication of this *editorial* in the NEJM does not suffice to render it a learned treatise. And, contrary to plaintiff's assertions, the editorial is neither reliable nor authoritative.[1] The Court should reject plaintiff's attempts to classify what is nothing more than an opinion piece as a learned treatise.

## III. CONCLUSION.

For the reasons stated above and in Merck's prior briefing on this subject, Merck respectfully requests that the Court exclude the *NEJM*'s December, 2005 "Expression of Concern" and all related testimony and evidence.

---

[1] Although plaintiff claims that the "Expression of Concern" is reliable because it was "peer-reviewed," this "review" consisted of having *one* person, who was personally selected by the authors, review the authors' statistical analyses. (Jan. 24, 2006 Deposition of Dr. Gregory Curfman at 77-78, attached to Pl.'s Opp'n as Ex. B.) This review is clearly not the equivalent of what is ordinarily meant by "peer review": the rigorous and anonymous panel review process that scientific articles are subjected to prior to their publication.

Respectfully submitted,


*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Andrew Goldman
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:      312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:      202-434-5029

And

Brian Currey
Catalina J. Vergara
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:      213-430-6407

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Reply in Support of Merck's Motion for Order Excluding Evidence Relating to the *New England Journal of Medicine*'s December, 2005 "Expression of Concern" has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Mark Robinson by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 23rd day of June, 2006.

/s/ Dorothy H. Wimberly

816291v.1