UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | JUDGE FALLON |
| This document relates to | * | MAG. JUDGE KNOWLES |
| Gerald Barnett v. Merck & Co, Inc. | * | CASE NO. 02:06cv485 |

### Notice of Filing Deposition Testimony of James Dunn and Responses to Merck's General Objections to the Testimony of this Witness

Plaintiff, Gerald Barnett, by and through his attorneys, hereby submits the following deposition testimony of James Dunn for the Court's consideration and pre-trial rulings:

1. Plaintiff's Affirmative Designations with Defendant's Objections and Plaintiff's Responses.

2. Defendant's Counter-Designations with Plaintiff's Objections.

Plaintiff reserves the right to supplement this designation. Plaintiff reserves the right to offer any deposition testimony of James Dunn designated by Defendant Merck & Co., Inc. Plaintiff reserves the right to withdraw any testimony designated herein.

Plaintiff also responds to the general objections to the testimony of Mr. Dunn set forth by Merck as follows:

Merck objects to the testimony of this witness based upon their presumption that his deposition is only being played in order to introduce the "Be the Power" video. They object to the use of this video again here, as they have in their objections to Plaintiff's Preliminary Pre-Admit Exhibit List. They claim, in part, that the video is irrelevant because there is no

evidence that any of sales representatives that called on Mr. Barnett's doctors ever saw the video. In addition, they claim the video is prejudicial. They claim that Plaintiff will use this video to argue that sales representatives were not given any substantive scientific information about Vioxx.

Plaintiff responds that, as Merck points out in its Objections and Counter-Designations, Mr. Dunn has been employed by Merck in excess of fourteen years. In that time he has held a number of positions that are relevant to this litigation, including business manager, team leader for Vioxx, and educational program initiative senior director. His testimony, therefore, is germane to a number of issues and he is not simply being used as a conduit to admit this video. However, Mr. Dunn was the educational program initiative senior director and so his testimony is relevant to this video and its contents.

There was no ruling in Irvin II related to the video.

The video in question was a training video shown to Merck Sales Reps (Dunn admits this in deposition, 04/30/2004 at 27-28). Given that this was used generally as a training aide for the sales representatives, it is likely that the representatives that called on Mr. Barnett's physicians saw this video. However, even if they did not see this video, the video and this testimony reflect Merck's attitude toward dealing with physician's concerns about cardiovascular safety and relate to Merck's national integrated strategy of sales and marketing for Vioxx.

Physicians do not get their information about the safety of a drug simply from the sales representatives that come to their offices or from the label. They rely on information in the medical community, general thinking about Vioxx, and information from their peers. To the extent that this video and this witness, by helping to communicate the national sales and marketing strategy to the sales representatives, affected the way that doctors think about Vioxx

or the risks associated with the drug, that is relevant to all cases, including Mr. Barnett's.

DATED: June 23, 2006

Respectfully submitted,

By: _____

**Mark P. Robinson, Jr.**
Kevin F. Calcagnie
Carlos A. Prietto, III
Ted B. Wacker
Lexi W. Myer
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive, 7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

**Andy D. Birchfield, Jr.**
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(334) 269-2343 (telephone)

**Counsel for Plaintiff**

**Russ M. Herman**, Esquire
Leonard A. Davis, Esquire
Stephen J. Herman, Esquire
HERMAN, HERMAN, KATZ & COTLAR
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
**PLAINTIFFS' LIAISON COUNSEL**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Thomas R. Kline, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Carlene Rhodes Lewis, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive, 7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

**Christopher A. Seeger**, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Arnold Levin, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337) 494-7171 (telephone)
(337) 494-7218 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W., Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

**PLAINTIFF'S STEERING COMMITTEE**

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Phillip A. Wittmann and Merck's Counsel, Andrew L. Goldman by e-mail and/or U.S. Mail and e-mail upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. #8, on this the 23rd day of June, 2006.

_____
CHRISTY L. WESTAD