UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re:  VIOXX** | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| | * | **JUDGE FALLON** |
| **This document relates to** | * | |
| **Case No. 06-0485** | * | |
| | * | **MAGISTRATE JUDGE** |
| **GERALD D. BARNETT**, | * | **KNOWLES** |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| **MERCK & CO., INC.**, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION OF MERCK & CO.,
INC. ("MERCK") FOR ORDER EXCLUDING TESTIMONY OF JERRY AVORN, M.D.**

**(EXPERT CHALLENGE NO. 2)**

The June 15 and 16, 2006 deposition testimony of plaintiff's expert Jerry Avorn, M.D.

reveals that he not only intends to proffer improper "expert" opinion testimony on the issues

addressed in Merck's June 16, 2006 motion to exclude his testimony,[1] but also relies on the

opinions of Dr. Ray and Professor Kronmal, two of plaintiff's other experts, in concluding that

---

[1] By way of its underlying motion, Merck moves to exclude Dr. Avorn's testimony on: (i) the
Vioxx "story"; (ii) what Merck knew or should have known about the risks allegedly associated
with Vioxx; (iii) Merck's alleged suppression of information about Vioxx; and (iv) regulatory
issues, including Merck's negotiations with the FDA over Vioxx labeling.

the Vioxx® clinical trials involving patients with Alzheimer's disease show an elevated risk of cardiovascular events associated with Vioxx.  This additional testimony also should be excluded.

I.      **THE COURT SHOULD PRECLUDE DR. AVORN FROM RELATING THE CONCLUSIONS OF DR. RAY AND PROFESSOR KRONMAL ABOUT THE ELEVATED RISK OF CARDIOVASCULAR EVENTS ASSOCIATED WITH VIOXX ALLEGEDLY SHOWN IN THE CLINICAL TRIALS INVOLVING PATIENTS WITH ALZHEIMER'S DISEASE.**

Dr. Avorn should not be permitted to offer any opinion that two Merck-conducted randomized clinical trials involving patients with Alzheimer's disease, Protocol 078 and Protocol 091, showed any significant difference in adverse cardiovascular events among patients taking Vioxx versus those on placebo.  Dr. Avorn made it clear in his recent deposition that he relies solely on reports from Richard Kronmal and Wayne Ray, two other experts who have been retained by the PSC, for his opinion on this topic.  (*See, e.g.*, June 15, 2006 Deposition of Jerry Avorn, M.D. ("6/15/06 Avorn Dep.") at 31:8-21, attached hereto as Ex. A; June 16, 2006 Deposition of Jerry Avorn, M.D. ("6/16/06 Avorn Dep.") at 454:10-455:4, attached hereto as Ex. B.)  These experts, like Dr. Avorn, are retained plaintiff's experts.  Their analysis of the Alzheimer's data has not been published in any peer-reviewed journal.  Moreover, neither Professor Kronmal's nor Dr. Ray's opinions or reports are referenced in the substance of Dr. Avorn's expert report or listed among the materials Dr. Avorn considered in forming his expert opinions.  (6/16/06 Avorn Dep. at 455:5-21.)  In fact, Dr. Avorn does not even recall having read Professor Kronmal's expert report.  (6/15/06 Avorn Dep. at 24:14-24, 25:23-26:12.)  Given the lack of disclosure, any testimony based on these experts' opinions must be excluded.

Further, Dr. Ray is not going to testify at trial either live or by deposition.[2]  Merck's counsel thus will not only be unable to cross-examine Dr. Ray but also will be deprived of any

---

[2] Professor Kronmal may or may not testify at trial by deposition.  To the extent he testifies on this issue, any further testimony by Dr. Avorn would be cumulative.

816403v.1

meaningful opportunity to test the validity of Dr. Avorn's opinions that are based on Dr. Ray's work.  Since Dr. Avorn himself cannot address Dr. Ray's analysis in any detail (*see* Avorn Dep. at 504:21-505:7), it is apparent that he is poised simply to present to the jury the opinions of an out-of-court expert in such a way as to make these opinions effectively immune to challenge. The Court should prohibit him from doing so.

## II.    CONCLUSION.

For the reasons stated above and in Merck's underlying motion, Merck respectfully requests that the Court exclude Dr. Avorn's testimony on : (i) the Vioxx "story"; (ii) what Merck knew or should have known about the risks allegedly associated with Vioxx; (iii) Merck's alleged suppression of information about Vioxx; (iv) regulatory issues, including Merck's negotiations with the FDA over Vioxx labeling; and (v) Professor Kronmal's and Dr. Ray's analysis of the Alzheimer's data.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Andrew Goldman
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:     312-494-4440

3

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:     202-434-5029

And

Brian Currey
Catalina J. Vergara
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:     213-430-6407

Attorneys for Merck & Co., Inc.

4

816403v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Supplemental Memorandum in Support of Motion of Merck for Order Excluding Testimony of Jerry Avorn, M.D. has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Mark Robinson by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 23rd day of June, 2006.


*/s/ Dorothy H. Wimberly*_____