Curfman G DA 1-24-06 on 5-25-06
-continued from previous page

|    |             |                                                                                                           |       |
|----|-------------|-----------------------------------------------------------------------------------------------------------|-------|
|    |             | 61:24 they were actually reading or being<br>62:1 informed of the contents of the testimony<br>62:2 that was coming in during that trial? |       |
| 46 | 62:5-62:7   | Curfman 01/24/2006     00:00:02  00.23.08  01:17.54<br>62:5 THE WITNESS: I can really<br>62:6 only speak for myself, and the<br>62:7 answer is unequivocally no | V3.46 |
| 47 | 62:15-62:16 | Curfman 01/24/2006     00.00.01  00.23.10  01:17:52<br>62:15 Q I'm handing you what we've<br>62:16 marked as Exhibit 5 | V3.47 |
| 48 | 62:19-64:10 | Curfman 01/24/2006     00.01.28  00.23.11  01:17:51<br>62:19 Q Do you see here, sir, that<br>62:20 this is an e-mail, internal e-mail from → R. 801<br>62:21 or among the senior editors of the New      R. 802<br>62:22 England Journal of Medicine?                Hearsay<br>62:23 A Yes.<br>62:24 Q And it's from Dr. Drazen;<br>63:1 right?<br>63:2 A Well, there are two e-mails<br>63:3 here. Are you talking --<br>63:4 Q The one on the top.<br>63:5 A The one on the top. Yes.<br>63:6 From Dr. Drazen, yes.<br>63:7 Q He's the editor-in-chief of<br>63:8 the New England Journal of Medicine,<br>63:9 right?<br>63:10 A Yes, he is.<br>63:11 Q It's dated Saturday,<br>63:12 December 3rd, correct?<br>63:13 A Right.<br>63:14 Q And it's to you, right?<br>63:15 A Uh-huh.<br>63:16 Q And to Dr. Morrissey,<br>63:17 correct?<br>63:18 A Right.<br>63:19 Q And you would be the three<br>63:20 top editors of the New England Journal of<br>63:21 Medicine, right?<br>63:22 A We're three of the top<br>63:23 editors, yes<br>63.24 Q And do you see here where<br>64:1 the editor-in-chief of the New England<br>64:2 Journal of Medicine is reporting to you<br>64:3 concerning the contents of the deposition | V3.48 |

Curfman G DA 1-24-06 on 5-25-06

|    |           |          |                                                    |          |          |          |       |
|----|-----------|----------|----------------------------------------------------|----------|----------|----------|-------|
|    |           | 64: 4    | testimony of Dr. Reicin?                           |          |          |          |       |
|    |           | 64: 5    | A   Uh-huh.                                        |          |          |          |       |
|    |           | 64: 6    | Q   Why was the editor-in-chief                    |          |          |          |       |
|    |           | 64: 7    | of the New England Journal of Medicine             | Omits answer |      |          |       |
|    |           | 64: 8    | giving you updates concerning the                  |          |          |          |       |
|    |           | 64: 9    | contents of Dr. Reicin's testimony down            |          |          |          |       |
|    |           | 64: 10   | there in the Houston trial?                        |          |          |          |       |
| 49 | 65:9-65:10| Curfman 01/24/2006                                            | 00:00.02 | 00:24.39 | 01:16.23 | V3.49 |
|    |           | 65: 9    | Q  And I will read it into the                     | R. 801   |          |          |       |
|    |           | 65: 10   | record.                                            | R. 802   |          |          |       |
| 50 | 65:13-65:20 | Curfman 01/24/2006                                          | 00:00.22 | 00:24.41 | 01:16:21 | V3.50 |
|    |           | 65: 13   | Q  "Steve and Greg, in her                         |          |          |          |       |
|    |           | 65: 14   | depositional testimony Reicin says that            | Not a question |    |          |       |
|    |           | 65: 15   | there were also GI events that were not            |          |          |          |       |
|    |           | 65: 16   | recorded but came in late. We should               |          |          |          |       |
|    |           | 65: 17   | make this clear in the note of concern             |          |          |          |       |
|    |           | 65: 18   | and ask them to provide full reporting of          |          |          |          |       |
|    |           | 65: 19   | all data they had on or before October             |          |          |          |       |
|    |           | 65: 20   | 13, 2000."                                         |          |          |          |       |
| 51 | 66:20-67:18 | Curfman 01/24/2006                                          | 00:00.53 | 00:25:03 | 01:15.59 | V3.51 |
|    |           | 66: 20   | Q  You know there are                              | Counsel testifying |          |       |
|    |           | 66: 21   | depositions, then there are trials                 | Improper mention of previous Irvin I trial |    |
|    |           | 66: 22   | You're in a deposition now. The thing              |          |          |          |       |
|    |           | 66: 23   | that was going down in Houston with a              |          |          |          |       |
|    |           | 66: 24   | jury was a trial                                   |          |          |          |       |
|    |           | 67: 1    |          Now, when you read this, did              |          |          |          |       |
|    |           | 67: 2    | you understand it to refer to trial                |          |          |          |       |
|    |           | 67: 3    | testimony by Dr. Reicin or deposition              |          |          |          |       |
|    |           | 67: 4    | testimony or which?                                |          |          |          |       |
|    |           | 67: 5    | A   Well, I'll have to be very                     |          |          |          |       |
|    |           | 67: 6    | honest with you. I only vaguely remember           |          |          |          |       |
|    |           | 67: 7    | this e-mail message. I remember that it            |          |          |          |       |
|    |           | 67: 8    | was on a Saturday late in the morning. I           |          |          |          |       |
|    |           | 67: 9    | was working at my desk in my home                  |          |          |          |       |
|    |           | 67: 10   | Q   Actually, it says 11 31 p.m                    |          |          |          |       |
|    |           | 67: 11   | A   Oh, p m , I'm sorry.                           |          |          |          |       |
|    |           | 67: 12   | Q   Almost midnight he's telling                   |          |          |          |       |
|    |           | 67: 13   | you about this testimony, right?                   |          |          |          |       |
|    |           | 67: 14   | A   I don't think I was awake                      |          |          |          |       |
|    |           | 67: 15   | then. I try to be in bed earlier than              |          |          |          |       |
|    |           | 67: 16   | that  So, I think that I got it perhaps            |          |          |          |       |
|    |           | 67: 17   | the next morning, maybe it was actually            |          |          |          |       |
|    |           | 67: 18   | Sunday morning, I was working at my desk           |          |          |          |       |
| 52 | 68:14-69:8 | Curfman 01/24/2006                                           | 00:01.01 | 00:25.56 | 01:15.06 | V3.52 |

Curfman G DA 1-24-06 on 5-25-06

| | | |
|---|---|---|
| 68:14 | Q. When you released the | |
| 68:15 | editorial on December 8th, I think you | |
| 68:16 | indicated before you didn't know, you | → Improper mention of previous Irvin I trial |
| 68:17 | say, precisely what was going on in the | |
| 68:18 | trial down in Houston. Is that right? | |
| 68:19 | A. Right. | |
| 68:20 | Q. You knew that the trial was | |
| 68:21 | still going on down in Houston? | |
| 68:22 | A. Yes. | |
| 68:23 | Q. You also knew, obviously, | |
| 68:24 | that Vioxx was not being prescribed and | |
| 69:1 | sold on December 8th, 2005, right? | |
| 69:2 | A. Yes. That's right. We | |
| 69:3 | generally -- we have referred to it as | |
| 69:4 | rofecoxib, but, yes, that's right. | |
| 69:5 | Q. And so on December 8th, when | |
| 69:6 | you released this Expression of Concern, | |
| 69:7 | there was no public health emergency -- | |
| 69:8 | A. No. | |

| 53 | 71:11-72:17 | Curfman 01/24/2006    00:01:19  00:26:57  01:14.05 | | V3.53 |
|---|---|---|---|---|
| | | 71:11 | Q. You've got what we've marked | |
| | | 71:12 | as Defendant's Exhibit 6 in front of you, | R. 801 |
| | | 71:13 | right? | R. 802 |
| | | 71:14 | A. Right. Uh-huh. | → Hearsay |
| | | 71:15 | Q. And do you see that the | |
| | | 71:16 | first page of Defendant's Exhibit 6 is an | |
| | | 71:17 | e-mail string of e-mails from December | |
| | | 71:18 | 8th? | |
| | | 71:19 | A. Right. | |
| | | 71:20 | Q. And the first one is from | |
| | | 71:21 | Karen Pedersen -- | |
| | | 71:22 | A. Pedersen, yes. | |
| | | 71:23 | Q. Pederson to you? | |
| | | 71:24 | A. Right. | |
| | | 72:1 | Q. With a copy to Dr. | |
| | | 72:2 | Morrissey? | |
| | | 72:3 | A. That's right. | |
| | | 72:4 | Q. And it says she's forwarding | |
| | | 72:5 | something called talking points; right? | |
| | | 72:6 | A. Yes. That's what I referred | |
| | | 72:7 | to earlier. | |
| | | 72:8 | Q. And Karen Pedersen, is she | Rule 611 - Leading question improper. |
| | | 72:9 | an internal PR person for the New England | |
| | | 72:10 | Journal of Medicine? | → Dr. Curfman is an independent 3rd party not an adverse/hostile witness. |
| | | 72:11 | A. She's the manager of media | |

Curfman G DA 1-24-06 on 5-25-06

| | | | | | | |
|---|---|---|---|---|---|---|
| | | 72:12 | relations. We don't call her a PR | → | -continued from previous page | |
| | | 72:13 | person, but she is our interface with the | | | |
| | | 72:14 | media. | | | |
| | | 72:15 | Q. And she's forwarding on | | Omits answer, if any | |
| | | 72:16 | talking points that were sent to her by | → | | |
| | | 72:17 | Ed Cafasso, right? | | | |
| 54 | 73:2 -73:20 | Curfman 01/24/2006 | | 00:00:50  00:28:16  01:12:46 | | V3 54 |
| | | 73:2 | Q. But do you see right | | R. 801 | |
| | | 73:3 | underneath the first e-mail -- | → | R. 802 | |
| | | 73:4 | A. Yeah. | | | |
| | | 73:5 | Q. -- that we looked at, which | | | |
| | | 73:6 | would have been the most recent e-mail, | | | |
| | | 73:7 | there's an e-mail -- she's forwarding the | | | |
| | | 73:8 | thing that she got right below from Ed | | | |
| | | 73:9 | Cafasso to her -- | | | |
| | | 73:10 | A. Right. | | | |
| | | 73:11 | Q. -- "Subject: Talking | | | |
| | | 73:12 | points," "Importance: High"? | | | |
| | | 73:13 | A. Uh-huh. Yep. | | | |
| | | 73:14 | Q. And Ed Cafasso, he's the | | | |
| | | 73:15 | outside PR guy, right? | | | |
| | | 73:16 | A. Yes. | | | |
| | | 73:17 | Q. So, he's attaching the | | | |
| | | 73:18 | talking points and the Q&A, he says; | | | |
| | | 73:19 | correct? | | | |
| | | 73:20 | A. Right. | | | |
| 55 | 74:3 -74:14 | Curfman 01/24/2006 | | 00:00:22  00:29:06  01:11:56 | | V3 55 |
| | | 74:3 | Q. Are you on the page that has | | | |
| | | 74:4 | at the top the title "Expression of | | | |
| | | 74:5 | Concern. Key Points and Q&A." | | | |
| | | 74:6 | A. Right. | | | |
| | | 74:7 | Q. Are these the kind of | | | |
| | | 74:8 | talking points that you referred to | | | |
| | | 74:9 | earlier in your testimony that people | | Rule 611 - Leading question improper. | |
| | | 74:10 | would give you to use? | | Dr. Curfman is an independent | |
| | | 74:11 | A. Sometimes they would, yes. | | 3rd party not an adverse/hostile | |
| | | 74:12 | Q. And they did this time, | → | witness. | |
| | | 74:13 | right? | | | |
| | | 74:14 | A. They did. I can't say that | | | |
| 56 | 74:17 -75:9 | Curfman 01/24/2006 | | 00:00:41  00:29:28  01:11:34 | | V3 56 |
| | | 74:17 | Q. Well, let's take a look down | | | |
| | | 74:18 | at the one that says "Why Did we Release | | | |
| | | 74:19 | this Today?" | | | |
| | | 74:20 | A. Uh-huh | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | Curfman G DA 1-24-06 on 5-25-06 | |
| | | 74:21 Q. And the talking point says,<br>74:22 "We felt it was important to release this<br>74:23 information as soon as we understood how<br>74:24 it impacted the conclusions of the paper<br>75:1 we had published. We felt we should<br>75:2 announce this once we had completed our<br>75:3 investigation of the data, which included<br>75:4 a statistical analysis, and had raised<br>75:5 our concerns with the authors."<br>75:6 Did you follow that talking<br>75:7 point when members of the media asked you<br>75:8 why you released the Expression of<br>75:9 Concern when the jury was out in Houston? | | R. 801<br>R. 802<br>Hearsay | | |
| 57 | 75:15-75:15 | Curfman 01/24/2006 | 0 | 00:30:09 | 01:10:53 | V3 57 |
| | | 75:15 THE WITNESS: I don't -- | | | | |
| 58 | 76:1-76:11 | Curfman 01/24/2006 | 00:00:33 | 00:30:09 | 01:10:53 | V3 58 |
| | | 76:1 Q. Is it still your testimony<br>76:2 that you didn't know on December 8th when<br>76:3 you released the Expression of Concern<br>76:4 that the jury was out in Houston?<br>76:5 A. I don't know how I could<br>76:6 have known that. I mean, you know, it's<br>76:7 not something that I would have known.<br>76:8 Q Did you use this talking<br>76:9 point when you answered questions from<br>76:10 the media about why you released that<br>76:11 Expression of Concern on that date? | | | | |
| 59 | 76:16-76:21 | Curfman 01/24/2006 | 00:00:14 | 00:30:42 | 01:10:20 | V3 59 |
| | | 76:16 Q. Well, you were asked about<br>76:17 why in the media, weren't you?<br>76:18 A. I don't recall, but what I<br>76:19 can say is that I didn't use this talking<br>76:20 point because I didn't need to use this<br>76:21 talking point Because the truth -- | | Rule 611 - Leading question improper.<br>Dr. Curfman is an independent 3rd party not an adverse/hostile witness. | | |
| 60 | 77:1-77:17 | Curfman 01/24/2006 | 00:00:52 | 00:30:56 | 01:10:06 | V3 60 |
| | | 77:1 THE WITNESS The truth of<br>77:2 the matter is that we released the<br>77:3 Expression of Concern when we had<br>77:4 all of the data assembled, when we<br>77:5 had deliberated, we had the facts<br>77:6 in hand. We very carefully<br>77:7 deliberated The editors had come<br>77:8 together, reviewed all the<br>77:9 information that we had, including | | | | |

Curfman G DA 1-24-06 on 5-25-06

| | | | | | | |
|---|---|---|---|---|---|---|
| | | 77: 10    information that we obtained on<br>77: 11    November 21st, 2005. We made our<br>77: 12    best judgment as editors of the<br>77: 13    New England Journal of Medicine<br>77: 14    with many years of experience<br>77: 15    collectively, and we sat down and<br>77: 16    wrote the document, the Expression<br>77: 17    of Concern. We worked very hard | | | | |
| 61 | 78:1 - 78:6 | Curfman 01/24/2006              00:00:20   00:31:48   01:09:14 | | | | V3.61 |
| | | 78:1    over things for us. And when we<br>78:2    finally reached what we considered<br>78:3    to be a final version after going<br>78:4    through many versions of the<br>78:5    Expression of Concern we released<br>78:6    it, which is our responsibility as | → π: Incomplete answer. All of witness's answer should be included. | | | |
| 62 | 80:17 - 80:19 | Curfman 01/24/2006              00:00:07   00:32:08   01:08:54 | | | | V3.62 |
| | | 80: 17   Q. We've been looking at the<br>80: 18   December 8 talking points. Let me show<br>80: 19   you Exhibit 7. | | | | |
| 63 | 81:7 - 81:10 | Curfman 01/24/2006              00:00:17   00:32:15   01:08:47 | | | | V3.63 |
| | | 81: 7    BY MR. BECK:<br>81: 8    Q. Do you see that this<br>81: 9    document is the December 5th version of<br>81: 10   the talking points? | | | | |
| 64 | 81:15 - 81:16 | Curfman 01/24/2006              00:00:07   00:32:32   01:08:30 | | | | V3.64 |
| | | 81:15   Q. Down at the bottom it says,<br>81:16   "Why Did We Release This When We Did?" | → π: No answer to question. Include answer. | | | |
| 65 | 82:15 - 83:7 | Curfman 01/24/2006              00:00:39   00:32:39   01:08:23 | | | | V3.65 |
| | | 82:15   Q. I apologize. I've got the<br>82:16   date wrong. So, now we're talking about<br>82:17   after it's been released and out there in<br>82:18   the public for a while; right?<br>82:19   A. Right. Uh-huh.<br>82: 20   Q. And so this was a later<br>82: 21   version of the talking points. And down<br>82: 22   at the bottom it says "Why Did We Release<br>82: 23   This When We Did?" Could you read for me<br>82: 24   the first sentence --<br>83: 1    A. Sure.<br>83: 2    Q. -- of the talking points?<br>83: 3    A. Sure. "We made this<br>83: 4    information public as soon as we could,<br>83: 5    without regard to the trial."<br>83: 6    Q. Now, that statement in the | π:<br>→ R. tell - leading question | | | |

Curfman G DA 1-24-06 on 5-25-06

| | | | | | | |
|---|---|---|---|---|---|---|
| | | 83:7  talking points was false, wasn't it? | | | → T: R.611 - leading questions. | |
| 66 | 83:11-83:15 | Curfman 01/24/2006  00:00:14  00:33:18  01:07:44 | | | | V3.66 |
| | | 83:11  Q.  In fact, when you were | | | | |
| | | 83:12  planning the release of the Expression of | | | | |
| | | 83:13  Concern, you were planning it to coincide | | | | |
| | | 83:14  with specific events of the trial down in | | | | |
| | | 83:15  Houston.  Isn't that true? | | | | |
| 67 | 83:22-84:2 | Curfman 01/24/2006  00:00:12  00:33:32  01:07:30 | | | → T: compound question | V3.67 |
| | | 83:22  You were planning to release | | | | |
| | | 83:23  the Expression of Concern based on | | | | |
| | | 83:24  specific events that you had been told | | | | |
| | | 84:1  would take place down in the trial in | | | | |
| | | 84:2  Houston, isn't that true, sir? | | | | |
| 68 | 84:6-84:6 | Curfman 01/24/2006  0  00:33:44  01:07:18 | | | | V3.68 |
| | | 84:6  THE WITNESS:  No. | | | | |
| 69 | 84:14-84:14 | Curfman 01/24/2006  00:00:12  00:33:44  01:07:18 | | | | V3.69 |
| | | 84:14  Q.  What is Exhibit 8? | | | | |
| 70 | 84:18-84:22 | Curfman 01/24/2006  00:00:23  00:33:56  01:07:06 | | | → π: R.801 & 802 Hearsay | V3.70 |
| | | 84:18  THE WITNESS:  Right.  This | | | | |
| | | 84:19  is some e-mail from December 8th | | | | |
| | | 84:20  among the various editors of the | | | | |
| | | 84:21  Journal about the Expression of | | | | |
| | | 84:22  Concern. | | | | |
| 71 | 84:24-85:18 | Curfman 01/24/2006  00:01:02  00:34:19  01:06:43 | | | π: → R.611 - all leading questions.  Dr. Curfman is an independent 3rd party, Not an adverse witness | V3.71 |
| | | 84:24  Q.  And on the bottom, which | | | | |
| | | 85:1  would be the earliest of the three | | | | |
| | | 85:2  e-mails printed on this page, is that | | | | |
| | | 85:3  correct? | | | | |
| | | 85:4  A.  Yes.  December 7th, right. | | | | |
| | | 85:5  Q.  And it's December 7th, 6:00 | | | | |
| | | 85:6  p.m. from Tad Campion.  Who is Tad | | | | |
| | | 85:7  Campion? | | | | |
| | | 85:8  A.  He's the senior deputy | | | | |
| | | 85:9  editor at the journal. | | | | |
| | | 85:10  Q.  Then it says to — and it | | | | |
| | | 85:11  has Lisa Scott, Karen Pedersen, Sandra | | | | |
| | | 85:12  Jacobs, Andrea Graham and Julie Mooza. | | | | |
| | | 85:13  Are they all employees of the New England | | | | |
| | | 85:14  Journal of Medicine? | | | | |
| | | 85:15  A.  This is the web team, yes. | | | | |
| | | 85:16  Q.  And then cc, that means | | | | |
| | | 85:17  copies; right? | | | | |
| | | 85:18  A.  That's right. | | | | |