UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| This document relates to | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| Gerald Barnett v. Merck & Co, Inc. | * | CASE NO. 02:06CV00485 |

**PLAINTIFF'S REPLY TO OPPOSITION OF MERCK TO MOTION TO EXCLUDE EVIDENCE REGARDING THE NUMBER OF HEART ATTACKS IN THE UNITED STATES**

*(Plaintiff's Motion in Limine No. 1)*

COMES NOW, Plaintiff Gerald Barnett, by and through his undersigned counsel, and hereby urges the Court to exclude evidence regarding the number of heart attacks occurring in the United States of America.

Merck argues that it should be permitted to offer "general evidence regarding the frequency and occurrence of heart attacks," contending that "evidence of this sort is directly relevant to the issue of whether Vioxx, as opposed to something else, was the most likely cause of Mr. Barnett's injuries." Merck also contends that because Mr. Barnett suffered from heart disease prior to his heart attack in September of 2002, and that because heart disease is the leading cause of heart attacks "evidence of this fact demonstrates to the jury the seriousness of Mr. Barnett's pre-existing conditions," and that "[i]t also demonstrates the relevance and importance of whether alternative causes of Mr. Barnett's alleged injuries have been ruled out."

1

Evidence regarding the number of heart attacks in the United States does not demonstrate alternative causes of Mr. Barnett's injuries, nor the seriousness of his pre-existing conditions, any more than evidence regarding the number of automobile accidents in the United States each year demonstrates the cause of a particular automobile collision, or the predisposition of the driver involved to be in a collision.

The cause of Mr. Barnett's heart attack and his pre-existing medical condition are medical questions which will be answered based upon medical and scientific evidence. They cannot be answered by reference to unreliable gross estimates of the number of heart attacks in the United States. As previously stated, the number of heart attacks arbitrarily recorded by or reported to various entities and amassed into random groups of data is immaterial to the claims raised by the Plaintiff. The real issue is "did Vioxx cause Mr. Barnett's heart attack?" Unreliable statistics, from random sources, compiled into a comparative survey do not prove or disprove any material fact at issue here and do not prove whether alternative causes of Mr. Barnett's injuries have been ruled out, nor reflect in any way upon Mr. Barnett's medical condition prior to taking Vioxx or prior to his heart attack.

Merck states that whether it will attempt to introduce comparative evidence of the number of heart attacks occurring before, versus during, the period in which Vioxx was sold turns on whether Plaintiff is permitted to rely upon Dr. Graham's study. Just as it unsuccessfully argued in *Plunkett*, Merck contends that if the study is admitted into evidence, Merck must be able to rebut Dr. Graham's estimate "by introducing evidence the Vioxx did not cause 144,000 excess heart attacks." Merck contends that comparison of the number of pre-Vioxx heart attacks with the number of heart attacks occurring while Vioxx was on the market would be highly relevant. (Merck only recently

2

filed a memorandum in support of its separate motion to exclude testimony from Dr. Graham on this subject. Plaintiff will not be able to file his opposition to that motion until next week.)

However, Merck's point here is a non sequitur, as there is no logical connection between Dr. Graham's estimate of the additional heart attacks caused by Vioxx, and estimates by others of the total number of heart attacks each year. The two are unrelated. Dr. Graham's estimates are of the number of heart attacks caused by Vioxx among users of Vioxx, and are based upon the number of prescriptions sold and information derived from clinical trials, not upon the small percentage of heart attacks from any cause which may be reported or recorded.

The absence of a rise in the total number of heart attacks does not disprove Dr. Graham's estimate. First of all, there is no way to determine whether a gross estimate of total heart attacks, even if a reasonably accurate number could be estimated, has been reduced from one year to the next by myriad outside factors which affect the occurrence of heart attacks.

Additionally, in terms of reliability, there is a vast difference between Dr. Graham's estimates regarding the increased numbers of heart attacks caused by Vioxx, and the estimates of heart attacks annually in the U.S. Dr. Graham and others estimated that Vioxx was responsible for 40,000 deaths and an additional 88-139,000 heart attacks over the period from 1999 to 2004. Their estimates were based upon the number of rofecoxib prescriptions dispensed in the United States, as well as two Merck-sponsored randomized clinical trials, using the background rate for acute myocardial infarction among control groups from studies of cardiovascular risk in NSAID users. *See* David J. Graham, et al., *Risk of acute myocardial infarction and sudden cardiac death in patients treated with cyclo-oxygenase 2 selective and no-selective non-steroidal anti-inflammatory drugs: nested case-control study*, Feb. 5, 2005 Exhibit "A" at 481. (This will be discussed in more detail in Plaintiff's

3

opposition to Merck's motion for an order excluding the testimony of David Graham, M.D.)

The estimates in the article are based on Merck's clinical trials and they are published in peer-reviewed literature. David Graham has been subject to Merck's cross-examination regarding his estimates. Unlike Dr. Graham's numbers, estimates of the total number of heart attacks in the United States each year vary dramatically from one source to another. *See e.g.*:

> "Each year, about 1.1 million Americans suffer a heart attack."
> *http://www.nhlbi.nih.gov/actintime/aha/aha.htm*
>
> "It is estimated that better than 1 million Americans will have a new or recurrent coronary attack and about one-third of them will die."
> *http://www.health.state.ny.us/nysdoh/heart/aboutchd.htm*
>
> "About 1.5 million Americans suffer a heart attack each year (that's 1 heart attack every 20 seconds)."
> *http://www.emedicinehealth.com/heart_attack/article_em.htm*
>
> "According to the National Institutes of Health (NIH) more than 1.2 million heart attacks occur each year in the United States…"
> *http://www.cardiologychannel.com/heartattack/*
>
> "1.5 million heart attacks occur in the United States each year with 500,000 deaths."
> *http://www.womensheartfoundation.org/content/HeartAttack/heart_attack_facts.asp*
>
> "Every year over 1.4 million Americans have a sudden interruption in blood supply to their heart muscle and about half of them die within an hour."
> *http://www.aeha.org/A%20Heart-Felt%20Challenge%20to%20America's%20Medical%20Community%20-%20Association%20for%20Eradication%20of%20Heart%20Attacks.htm*
>
> "In the United States, 900,000 people a year have a heart attack."
> *http://www.yourheartmadesimple.com/chapters/ch1/page1.cfm*

These estimates all vary by more than the lower boundary of additional heart attacks predicted by Graham et al., and overall, by more than *4 times* the higher number. It is apparent from

4

the disparity in numbers that there is no recognized number, nor any reliable means of accurately estimating the number of heart attacks annually in the United States. The range -- anywhere from 900,000 to 1,500,000 -- in and of itself demonstrates the difficulty in estimating the number of such events, as well as the unreliability of the resulting numbers.

Moreover, even if Merck could establish that any particular estimate is reliable, as pointed out in Plaintiff's motion, any one of a number of factors which come into play in reducing the actual number- including the introduction of statins, increased public awareness, changes in smoking and dieting habits, improvements in medical care, efforts in the medical community to reduce the number of heart attacks, and others- could have caused a reduction in the total estimate for the period Vioxx was on the market, thereby artificially lowering the total. One could not reasonably draw the inference that a decrease, or the absence of an increase, somehow proves that there was no increase attributable to Vioxx.

Finally, in *Plunkett* the Court granted this same motion. The Court's written order indicates "irrelevant," "misleading," and "opens door the hearsay and matters which could confuse and consume trial." Order of November 18, 2005. For the same and the foregoing reasons, Plaintiff urges the court to grant Plaintiff's motion to exclude evidence regarding the number of heart attacks occurring in the United States during the time period that Vioxx was being marketed.

Date: June 23, 2006

Respectfully submitted,

By /s/ Mark P. Robinson
Mark P. Robinson, Jr.
Kevin F. Calcagnie
Carlos A. Prietto, III
Ted B. Wacker
Lexi W. Myer

5

ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Dr., 7th Floor
Newport Beach, California 92660
Telephone: (949) 720-1288
Facsimile: (949) 720-1292

Andy D. Birchfield, Jr.
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, Alabama 36103-4160
Telephone: (334) 269-2343
Facsimile: (334) 954-7555

Donald C. Arbitblit
LIEFF, CABRASER, HEIMANN and
BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Counsel for Plaintiff

Russ M. Herman
Leonard A. Davis
Stephen J. Herman
HERMAN HERMAN KATZ
& COTLER, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70013
Telephone: (504) 581-4892
Facsimile: (504) 561-6024
**PLAINTIFFS' LIAISON COUNSEL**

Richard J. Arsenault
NEBLETT, BEARD & ARSENAULT
220 Bonaventure Court
P.O. Box 1190
Alexandria, Louisiana 71301-1190
Telephone: (318) 487-9874
Facsimile: (318) 561-2591

Elizabeth Cabraser
LIEFF, CABRESER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Thomas Kline
KLINE & SPECTER, P.C.
1525 Locust St., 19th Floor
Philadelphia, Pennsylvania 19102
Telephone: (215) 772-1000
Facsimile: (215) 772-1371

Christopher A. Seeger
SEEGER WEISS
One William Street
New York, New York 10004
Telephone: (212) 584-0700
Facsimile: (212) 584-0799
**Co-Lead Counsel**

Shelly Sanford
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, Texas 77002
Telephone: (713) 650-0022
Facsimile: (713) 650-1669

Drew Ranier, Esq.
RANIER, GAYLE & ELLIOT, LLC
1419 Ryan Street
Lake Charles, Louisiana 70601
Telephone: (337) 494-7171
Facsimile: (337) 494-7218

Mark P. Robinson, Jr.
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Dr., 7th Fl
Newport Beach, California 92660
Telephone: (949) 720-1288
Facsimile: (949) 720-1292

Arnold Levin, Esq.
LEVIN FISHBEIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania  19106-3875
Telephone:  (215) 592-1500
Facsimile:  (215) 592-4663

Gerald E. Meunier
Gainesburgh Benjamin David Meunier & Warshauer
2800 Energy Centre
1100 Polydras Street
New Orleans, LA 70163-2800
(504) 522-2304 (telephone)
(504) 528-9973 (telecopier)

Christopher V. Tisi Esq.
ASHCRAFT & GEREL
2000 L Street, NW, Suite 400
Washington, DC 20036-4914
Telephone:  (202) 783-6400
Facsimile:  (307) 733-0028

**PLAINTIFF'S STEERING COMMITTEE**

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Phillip A. Wittmann, Merck's Counsel, Andrew L. Goldman, and Plaintiffs' Liaison Counsel, Russ Herman, by U.S. Mail and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced, in accordance with Pretrial Order No. 8A, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 23rd day of June, 2006.

_____
MARK P. ROBINSON, JR.
State Bar No. 054426
Attorney for Plaintiff
Robinson, Calcagnie & Robinson