Curfman G DA 1-24-06 on 5-25-06

| | | | | | |
|---|---|---|---|---|---|
| | | 44:13 | argument and submission to the jury of | | |
| | | 44:14 | the case called the Irvin case? | | |
| | | 44:15 | A. Well, I certainly know that | | |
| | | 44:16 | a case was going on. I'm not familiar | | |
| | | 44:17 | with the term "Irvin case," but I know | | |
| | | 44:18 | that a case is going on. But I honestly | | |
| | | 44:19 | didn't know exactly what was going on in | | |
| | | 44:20 | the case on that particular day. | | |
| | | 44:21 | Q. Did you know that there was | | |
| | | 44:22 | a case being tried in Federal Court in | | |
| | | 44:23 | Houston in early December? | | |
| | | 44:24 | A. Yes. | | |
| | | 45:1 | Q. And, in fact, you got daily | Rule 611 - Leading question improper. Dr. Curfman is an independent 3rd party not an adverse/hostile witness. | |
| | | 45:2 | updates on that trial, didn't you, from | | |
| | | 45:3 | your PR team and the others? | | |
| 21 | 45:6 - 45:9 | Curfman 01/24/2006   00:00:03   00:14.43   01:26:19 | | | V3.21 |
| | | 45:6 | THE WITNESS: I don't -- I | Argumentative | |
| | | 45:7 | don't know if they were daily | | |
| | | 45:8 | updates. I think that there were | | |
| | | 45:9 | updates from time to time. | | |
| 22 | 45:11 - 46:18 | Curfman 01/24/2006   00:01:22   00.14.46   01.26.16 | | | V3 22 |
| | | 45:11 | Q. And -- | | |
| | | 45:12 | A. Newspaper articles. | | |
| | | 45:13 | Q. And when you released the | | |
| | | 45:14 | Expression of Concern -- | | |
| | | 45:15 | A. Uh-huh. | | |
| | | 45:16 | Q. -- which I think you'll | | |
| | | 45:17 | agree was critical of the authors of the | | |
| | | 45:18 | VIGOR study, is that a fair statement? | | |
| | | 45:19 | A. That was not the purpose of | | |
| | | 45:20 | the Expression of Concern. | | |
| | | 45:21 | Q. Whether it was its purpose | Rule 611 - Leading question improper. Dr. Curfman is an independent 3rd party not an adverse/hostile witness. | |
| | | 45:22 | or not, would you agree that the | | |
| | | 45:23 | Expression of Concern was critical of the | | |
| | | 45:24 | authors of the VIGOR study? | | |
| | | 46:1 | A. The Expression of Concern | | |
| | | 46:2 | was focused on an article that was | | |
| | | 46:3 | published in the New England Journal of | | |
| | | 46:4 | Medicine, a document, scientific document | | |
| | | 46:5 | that we had obtained evidence that made | | |
| | | 46:6 | us concerned about the procedures that | | |
| | | 46:7 | led to the publication of that document. | | |
| | | 46:8 | And our Expression of Concern was focused | | |
| | | 46:9 | on the scientific document in order to | | |
| | | 46:10 | correct the scientific record. It was | | |

Curfman G DA 1-24-06 on 5-25-06

|    |            |                                                                                                                                                                                                                                                 |                                                                                                                                                                                    |       |
|----|------------|------|------|
|    |            | 46:11 not focused on individuals. → -continued, 611 <br> 46:12 Q. Well, do you remember that <br> 46:13 you went out and gave a bunch of <br> 46:14 interviews after the Expression of <br> 46:15 Concern was published where you were <br> 46:16 critical of the authors of the VIGOR <br> 46:17 study? <br> 46:18 A. I did not -- | Argumentative <br> Rule 611 - Leading question improper. <br> Dr. Curfman is an independent <br> 3rd party not an adverse/hostile <br> witness. | |
| 23 | 46:21-47:6 | Curfman 01/24/2006              00:00:10  00:16:08  01:24:54 <br> 46:21       THE WITNESS: I did not go <br> 46:22       out and give a bunch of <br> 46:23       interviews. <br> 46:24   BY MR. BECK: <br> 47:1    Q. You didn't? <br> 47:2    A. No, I did not. <br> 47:3    Q. How many did you give? <br> 47:4    A. The way the -- <br> 47:5    Q. Can you just answer how many <br> 47:6       you gave? | Asked and answered <br> Interrupts witness <br> Argumentative | V3.23 |
| 24 | 47:11-48:1 | Curfman 01/24/2006              00:00:47  00:16:18  01:24:44 <br> 47:11       THE WITNESS. The way the -- <br> 47:12       we were surprised that there were <br> 47:13       so many press calls. We did not <br> 47:14       issue a press release about the <br> 47:15       Expression of Concern. We posted <br> 47:16       it on our website, and after it <br> 47:17       was posted, we began to receive <br> 47:18       calls from the media. I was <br> 47:19       surprised that they were <br> 47:20       interested in this. For us -- <br> 47:21       this was standard editorial <br> 47:22       procedure for us. We have issued <br> 47:23       a total of three Expressions of <br> 47:24       Concern since 2002, and we were <br> 48:1        following standard procedures. | | V3.24 |
| 25 | 48:24-49:2 | Curfman 01/24/2006              00:00:06  00:17:05  01:23:57 <br> 48:24  and my question was, how many interviews <br> 49:1   did you give? Can you answer that <br> 49:2   question? | | V3.25 |
| 26 | 49:7-49:11 | Curfman 01/24/2006              00:00:07  00:17:11  01:23:51 <br> 49:7        THE WITNESS. I can't <br> 49:8        really. Probably more than four <br> 49:9        and less than ten. I don't know <br> 49:10       I didn't count the number of | | V3.26 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | 49:11 | telephone calls that came in | | | |
| 27 | **49:13-49:23** | Curfman 01/24/2006 | 00:00:20 | 00:17:18 | 01:23:44 | V3 27 |
| | | 49:13 | Q. When you said under oath a | | Argumentative | |
| | | 49:14 | minute ago that you did not issue a press | | Rule 611 - Leading question | |
| | | 49:15 | release, in fact, the New England Journal | | improper. | |
| | | 49:16 | of Medicine sent out an e-mail alert to | | Dr. Curfman is an independent | |
| | | 49:17 | the media -- | | 3rd party not an adverse/hostile | |
| | | 49:18 | A. Right. | | witness. | |
| | | 49:19 | Q. -- informing the media that | | | |
| | | 49:20 | this Expression of Concern that you say | | | |
| | | 49:21 | was routine was going to be posted later | | | |
| | | 49:22 | that day? | | | |
| | | 49:23 | A. Yes. | | | |
| 28 | **50:10-50:14** | Curfman 01/24/2006 | 00:00:08 | 00:17:38 | 01:23:24 | V3 28 |
| | | 50:10 | Q. And are you claiming that | | Argumentative | |
| | | 50:11 | the New England Journal of Medicine | | Rule 611 - Leading question | |
| | | 50:12 | treated this Expression of Concern as a | | improper. | |
| | | 50:13 | routine matter, nothing out of the | | Dr. Curfman is an independent | |
| | | 50:14 | ordinary? | | 3rd party not an adverse/hostile | |
| | | | | | witness. | |
| 29 | **50:23-50:24** | Curfman 01/24/2006 | 00:00:01 | 00:17:46 | 01:23:16 | V3 29 |
| | | 50:23 | THE WITNESS: I didn't say | | | |
| | | 50:24 | that. | | | |
| 30 | **51:6-51:10** | Curfman 01/24/2006 | 00:00:09 | 00:17:47 | 01:23:15 | Asked and answered | V3 30 |
| | | 51:6 | Q. Are you claiming that the | | Argumentative | |
| | | 51:7 | New England Journal of Medicine treated | | Rule 611 - Leading question | |
| | | 51:8 | this Expression of Concern as a routine | | improper. | |
| | | 51:9 | matter that was nothing out of the | | Dr. Curfman is an independent | |
| | | 51:10 | ordinary? | | 3rd party not an adverse/hostile | |
| | | | | | witness. | |
| 31 | **51:13-51:17** | Curfman 01/24/2006 | 00:00:11 | 00:17:56 | 01:23:06 | | V3 31 |
| | | 51:13 | THE WITNESS: This is part | | | |
| | | 51:14 | of the responsibility of editors. | | | |
| | | 51:15 | It's part of our job that when, | | | |
| | | 51:16 | after an article has been | | | |
| | | 51:17 | published in a journal, and it's | | | |
| 32 | **51:20-52:9** | Curfman 01/24/2006 | 00:00:42 | 00:18:07 | 01:22:55 | | V3 32 |
| | | 51:20 | published in a journal and at a | | | |
| | | 51:21 | later time new evidence comes to | | | |
| | | 51:22 | light that causes the editors to | | | |
| | | 51:23 | be concerned about some aspect of | | | |
| | | 51:24 | that article, the process by which | | | |
| | | 52:1 | it was published, the data, the | | | |
| | | 52:2 | content, issuing an Expression of | | | |
| | | 52:3 | Concern is part of the standard | | | |

Curfman G DA 1-24-06 on 5-25-06

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | 52: 4 | operating procedure  It's set | | | | |
| | | 52: 5 | down in the uniform requirements | | | | |
| | | 52: 6 | of the International Committee of | | | | |
| | | 52: 7 | Medical Journal Editors of which | | | | |
| | | 52: 8 | the New England Journal is one of | | | | |
| | | 52: 9 | the founding members. | | | | |
| 33 | 53:8 - 53:8 | Curfman 01/24/2006 | | 00:00:05 | 00:18:49 | 01:22:13 | V3 33 |
| | | 53. 8 | Q   What's Exhibit 4? | | | | |
| 34 | 54:17 - 55:1 | Curfman 01/24/2006 | | 00:00:21 | 00:18:54 | 01:22:08 | V3 34 |
| | | 54: 17 | To the best of my | | | | |
| | | 54: 18 | recollection, when the Expression | | | | |
| | | 54: 19 | of Concern was posted on the | | | | |
| | | 54: 20 | website, I believe that this may | | | | |
| | | 54: 21 | have been a statement that was | | | | |
| | | 54: 22 | placed below it or next to it, | | | | |
| | | 54: 23 | below it, I guess, to provide | | | | |
| | | 54: 24 | additional explanation for why it | | | | |
| | | 55. 1 | was being released. | | | | |
| 35 | 55:3 - 55:13 | Curfman 01/24/2006 | | 00:00:23 | 00:19:15 | 01:21:47 | V3 35 |
| | | 55: 3 | Q.  So, this was a statement | Improper compound question. Assumes facts not in evidence. Rule 611 - Leading question improper. Dr. Curfman is an independent 3rd party not an adverse/hostile witness. | | | |
| | | 55: 4 | issued by the New England Journal of | | | | |
| | | 55: 5 | Medicine on December 8th, the same day as | | | | |
| | | 55: 6 | the Expression of Concern, and it | | | | |
| | | 55: 7 | accompanied the Expression of Concern on | | | | |
| | | 55: 8 | the New England Journal of Medicine's | | | | |
| | | 55: 9 | website? Isn't that true? | | | | |
| | | 55: 10 | A.  Well, if you tell me -- to | | | | |
| | | 55: 11 | the best of my recollection -- it doesn't | | | | |
| | | 55: 12 | say that here, but that's the best of my | | | | |
| | | 55: 13 | recollection.  If you tell me that that's | | | | |
| 36 | 55:15 - 55:17 | Curfman 01/24/2006 | | 00:00:05 | 00:19:38 | 01:21:24 | V3 36 |
| | | 55: 15 | Q.  And you'd never done that | Rule 611 - Leading question improper. Dr. Curfman is an independent 3rd party not an adverse/hostile witness. | | | |
| | | 55: 16 | before in connection with an Expression | | | | |
| | | 55: 17 | of Concern, had you? | | | | |
| 37 | 55:20 - 55:21 | Curfman 01/24/2006 | | 0 | 00:19:43 | 01:21:... | V3 37 |
| | | 55: 20 | THE WITNESS:  I don't | Assumes facts not in evidence | | | |
| | | 55: 21 | recall.  I don't recall. | | | | |
| 38 | 55:23 - 56:3 | Curfman 01/24/2006 | | 00:00:11 | 00:19:43 | 01:21:19 | V3 38 |
| | | 55: 23 | Q.  Well, you don't recall one | Asked and answered | | | |
| | | 55: 24 | way or another whether you issued a | | | | |
| | | 56: 1 | one-page statement accompanying either | | | | |
| | | 56: 2 | one of those other two Expressions of | | | | |
| | | 56: 3 | Concern that you talked about? | | | | |

Curfman G DA 1-24-06 on 5-25-06

| 39 | 56:13 - 56:24 | Curfman 01/24/2006 | | 00:00:30 | 00:19:54 | 01:21:08 | V3 39 |
|---|---|---|---|---|---|---|---|
| | | 56:13 | helpful, because I didn't write | | | | |
| | | 56:14 | this statement, and I do remember | | | | |
| | | 56:15 | being informed that, would it be | | | | |
| | | 56:16 | advisable to provide some | | | | |
| | | 56:17 | explanation given the technical | | | | |
| | | 56:18 | nature of the Expression of | | | | |
| | | 56:19 | Concern, would it be advisable to | | | | |
| | | 56:20 | have such a statement? And I | | | | |
| | | 56:21 | remember discussing that, and | | | | |
| | | 56:22 | so -- but I did not write the | | | | |
| | | 56:23 | statement. I remember discussing | | | | |
| | | 56:24 | it. | | | | |
| 40 | 57:2 - 57:24 | Curfman 01/24/2006 | | 00:01:04 | 00:20:24 | 01:20:38 | V3 40 |
| | | 57:2 | Q. You said before that you | | | Interrupts witness | |
| | | 57:3 | handled this Expression of Concern the | | | | |
| | | 57:4 | same way you handled the other two? | | | | |
| | | 57:5 | A. Yes. In terms of -- | | | | |
| | | 57:6 | Q. And my question for you, | | | | |
| | | 57:7 | sir, is, in either one of the other two | | | | |
| | | 57:8 | Expressions of Concern, did the New | | | | |
| | | 57:9 | England Journal of Medicine release a | | | | |
| | | 57:10 | statement that accompanied the Expression | | | | |
| | | 57:11 | of Concern? | | | | |
| | | 57:12 | A. Again, I don't recall the | | | | |
| | | 57:13 | answer to that, but what I was referring | | | | |
| | | 57:14 | to was the -- in terms of handling the | | | | |
| | | 57:15 | Expression of Concern, what I was talking | | | | |
| | | 57:16 | about is the steps that we took, how | | | | |
| | | 57:17 | the -- how we made the decision to write | | | | |
| | | 57:18 | an Expression of Concern, how that | | | | |
| | | 57:19 | Expression of Concern was written, who | | | | |
| | | 57:20 | read it and reviewed it, and when it was | | | | |
| | | 57:21 | released. Those kinds of steps were the | | | | |
| | | 57:22 | same steps that we followed in each of | | | | |
| | | 57:23 | these three cases. And that's what I was | | | | |
| | | 57:24 | referring to. | | | | |
| 41 | 58:1 - 58:14 | Curfman 01/24/2006 | | 00:00:25 | 00:21:28 | 01:19:34 | V3 41 |
| | | 58:1 | Q. Now, you say that you did | | | Improper compound question. | |
| | | 58:2 | not write this statement, Exhibit 4, that | | | | |
| | | 58:3 | was posted on the website. Did Dr. | | | | |
| | | 58:4 | Morrissey write it? He was one of the | | | | |
| | | 58:5 | co-authors with you of the Expression of | | | | |
| | | 58:6 | Concern, right? | | | | |
| | | 58:7 | A. Yes, he was. | | | | |

Curfman G DA 1-24-06 on 5-25-06

|  |  |  |  |  |
|---|---|---|---|---|
|  |  | 58:8 Q  Did Dr. Morrissey write this<br>58:9  statement that was posted on your<br>58:10  website?<br>58:11 A  I don't know who wrote this<br>58:12  statement, to be honest with you<br>58:13 Q  Well, don't you know, in<br>58:14  fact, that it was written by your PR guy? | Argumentative<br>Assumes facts not in evidence<br>Rule 611 - Leading question improper.<br>Dr. Curfman is an independent<br>3rd party not an adverse/hostile witness. |  |
| 42 | 58:17 -59:9 | Curfman 01/24/2006        00:00:35  00:21:53  01:19.09 |  | V3 42 |
|  |  | 58:17  THE WITNESS: No, I don't<br>58:18  know who wrote the statement.<br>58:19 BY MR. BECK:<br>58:20 Q  Did you have a chance to<br>58:21  spend some time reviewing this statement<br>58:22  before it was posted on behalf of the New<br>58:23  England Journal of Medicine on your<br>58:24  website?<br>59:1 A  I believe I saw it briefly,<br>59:2  but I did not spend a lot of time with<br>59:3  it, no.<br>59:4 Q  Do you remember that you<br>59:5  weren't even shown this statement that<br>59:6  was posted on your website until the day<br>59:7  it was posted?<br>59:8 A  I think that's certainly<br>59:9  possible, yes. | Rule 611 - Leading question improper.<br>Dr. Curfman is an independent<br>3rd party not an adverse/hostile witness. |  |
| 43 | 59:23 -60:4 | Curfman 01/24/2006        00:00:12  00:22:28  01:18:34 |  | V3 43 |
|  |  | 59:23 Q  Ed, do you remember Ed?<br>59:24 A  Ed?<br>60:1 Q  The PR guy named Ed?  Do you<br>60:2  remember a PR guy named Ed that you<br>60:3  talked with almost every day during this<br>60:4  period? | Assumes facts not in evidence |  |
| 44 | 60:15 -60:20 | Curfman 01/24/2006        00:00:06  00:22.40  01:18.22 |  | V3 44 |
|  |  | 60:15  THE WITNESS: You mean Ed<br>60:16  Cafasso?  Is that who you mean, Ed<br>60:17  Cafasso?<br>60:18 BY MR. BECK:<br>60:19 Q  Yes.  The PR guy, Ed<br>60:20 A  Yes. |  |  |
| 45 | 61:20 -62:2 | Curfman 01/24/2006        00:00:22  00:22.46  01:18.16 |  | V3 45 |
|  |  | 61:20 Q  During early December, were<br>61:21  the senior editors of the New England<br>61:22  Journal of Medicine following the trial<br>61:23  down there in Houston so closely that | Argumentative<br><br>Rule 611 - Leading question improper.<br>Dr. Curfman is an independent<br>3rd party not an adverse/hostile witness. |  |