Curfman G DA 1-24-06 on 5-25-06
-continued from previous page

|   |   |   |   |   |   |   |   |
|---|---|---|---|---|---|---|---|
|   |   | 61:24 | they were actually reading or being |   |   |   |   |
|   |   | 62:1  | informed of the contents of the testimony |   |   |   |   |
|   |   | 62:2  | that was coming in during that trial? |   |   |   |   |
| 46 | 62:5-62:7 | Curfman 01/24/2006 |   | 00:00:02 | 00.23.08 | 01:17:54 | V3.46 |
|   |   | 62:5  | THE WITNESS: I can really |   |   |   |   |
|   |   | 62:6  | only speak for myself, and the |   |   |   |   |
|   |   | 62:7  | answer is unequivocally no |   |   |   |   |
| 47 | 62:15-62:16 | Curfman 01/24/2006 |   | 00:00:01 | 00.23.10 | 01:17:52 | V3.47 |
|   |   | 62:15 | Q  I'm handing you what we've |   |   |   |   |
|   |   | 62:16 | marked as Exhibit 5 |   |   |   |   |
| 48 | 62:19-64:10 | Curfman 01/24/2006 |   | 00:01:28 | 00.23.11 | 01:17:51 | V3.48 |

62:19  Q  Do you see here, sir, that
62:20  this is an e-mail, internal e-mail from → R. 801
62:21  or among the senior editors of the New     R. 802
62:22  England Journal of Medicine?              Hearsay
62:23  A  Yes.
62:24  Q  And it's from Dr. Drazen;
63:1   right?
63:2   A  Well, there are two e-mails
63:3   here. Are you talking --
63:4   Q  The one on the top.
63:5   A  The one on the top. Yes.
63:6   From Dr. Drazen, yes.
63:7   Q  He's the editor-in-chief of
63:8   the New England Journal of Medicine,
63:9   right?
63:10  A  Yes, he is
63:11  Q  It's dated Saturday,
63:12  December 3rd, correct?
63:13  A  Right.
63:14  Q  And it's to you, right?
63:15  A  Uh-huh.
63:16  Q  And to Dr. Morrissey,
63:17  correct?
63:18  A  Right.
63:19  Q  And you would be the three
63:20  top editors of the New England Journal of
63:21  Medicine, right?
63:22  A  We're three of the top
63:23  editors, yes
63:24  Q  And do you see here where
64:1   the editor-in-chief of the New England
64:2   Journal of Medicine is reporting to you
64:3   concerning the contents of the deposition

Curfman G DA 1-24-06 on 5-25-06

|   |   |   |   |   |   |   |   |
|---|---|---|---|---|---|---|---|
|   |   | 64: 4 | testimony of Dr. Reicin? |   |   |   |   |
|   |   | 64: 5 | A   Uh-huh. |   |   |   |   |
|   |   | 64: 6 | Q   Why was the editor-in-chief |   |   |   |   |
|   |   | 64: 7 | of the New England Journal of Medicine | Omits answer |   |   |   |
|   |   | 64: 8 | giving you updates concerning the |   |   |   |   |
|   |   | 64: 9 | contents of Dr. Reicin's testimony down |   |   |   |   |
|   |   | 64: 10 | there in the Houston trial? |   |   |   |   |
| 49 | 65:9-65:10 | Curfman 01/24/2006 |   | 00:00:02 | 00:24:39 | 01:16:23 | V3.49 |
|   |   | 65: 9 | Q   And I will read it into the | R. 801 |   |   |   |
|   |   | 65: 10 | record. | R. 802 |   |   |   |
| 50 | 65:13-65:20 | Curfman 01/24/2006 |   | 00:00:22 | 00:24:41 | 01:16:21 | V3.50 |
|   |   | 65: 13 | Q   "Steve and Greg, in her |   |   |   |   |
|   |   | 65: 14 | depositional testimony Reicin says that | Not a question |   |   |   |
|   |   | 65: 15 | there were also GI events that were not |   |   |   |   |
|   |   | 65: 16 | recorded but came in late. We should |   |   |   |   |
|   |   | 65: 17 | make this clear in the note of concern |   |   |   |   |
|   |   | 65: 18 | and ask them to provide full reporting of |   |   |   |   |
|   |   | 65: 19 | all data they had on or before October |   |   |   |   |
|   |   | 65: 20 | 13, 2000." |   |   |   |   |
| 51 | 66:20-67:18 | Curfman 01/24/2006 |   | 00:00:53 | 00:25:03 | 01:15:59 | V3.51 |
|   |   | 66: 20 | Q   You know there are | Counsel testifying |   |   |   |
|   |   | 66: 21 | depositions, then there are trials. | Improper mention of previous Irvin I trial |   |   |   |
|   |   | 66: 22 | You're in a deposition now. The thing |   |   |   |   |
|   |   | 66: 23 | that was going down in Houston with a |   |   |   |   |
|   |   | 66: 24 | jury was a trial. |   |   |   |   |
|   |   | 67: 1 | Now, when you read this, did |   |   |   |   |
|   |   | 67: 2 | you understand it to refer to trial |   |   |   |   |
|   |   | 67: 3 | testimony by Dr. Reicin or deposition |   |   |   |   |
|   |   | 67: 4 | testimony or which? |   |   |   |   |
|   |   | 67: 5 | A   Well, I'll have to be very |   |   |   |   |
|   |   | 67: 6 | honest with you. I only vaguely remember |   |   |   |   |
|   |   | 67: 7 | this e-mail message. I remember that it |   |   |   |   |
|   |   | 67: 8 | was on a Saturday late in the morning. I |   |   |   |   |
|   |   | 67: 9 | was working at my desk in my home |   |   |   |   |
|   |   | 67: 10 | Q   Actually, it says 11:31 p.m. |   |   |   |   |
|   |   | 67: 11 | A   Oh, p.m., I'm sorry. |   |   |   |   |
|   |   | 67: 12 | Q   Almost midnight he's telling |   |   |   |   |
|   |   | 67: 13 | you about this testimony, right? |   |   |   |   |
|   |   | 67: 14 | A   I don't think I was awake |   |   |   |   |
|   |   | 67: 15 | then. I try to be in bed earlier than |   |   |   |   |
|   |   | 67: 16 | that. So, I think that I got it perhaps |   |   |   |   |
|   |   | 67: 17 | the next morning, maybe it was actually |   |   |   |   |
|   |   | 67: 18 | Sunday morning, I was working at my desk |   |   |   |   |
| 52 | 68:14-69:8 | Curfman 01/24/2006 |   | 00:01:01 | 00:25:56 | 01:15:06 | V3.52 |

Curfman G DA 1-24-06 on 5-25-06

| | | |
|---|---|---|
| 68:14 | Q. When you released the | |
| 68:15 | editorial on December 8th, I think you | |
| 68:16 | indicated before you didn't know, you | → Improper mention of previous Irvin I trial |
| 68:17 | say, precisely what was going on in the | |
| 68:18 | trial down in Houston. Is that right? | |
| 68:19 | A. Right. | |
| 68:20 | Q. You knew that the trial was | |
| 68:21 | still going on down in Houston? | |
| 68:22 | A. Yes. | |
| 68:23 | Q. You also knew, obviously, | |
| 68:24 | that Vioxx was not being prescribed and | |
| 69:1 | sold on December 8th, 2005, right? | |
| 69:2 | A. Yes. That's right. We | |
| 69:3 | generally -- we have referred to it as | |
| 69:4 | rofecoxib, but, yes, that's right. | |
| 69:5 | Q. And so on December 8th, when | |
| 69:6 | you released this Expression of Concern, | |
| 69:7 | there was no public health emergency -- | |
| 69:8 | A. No. | |

| 53 | 71:11-72:17 | Curfman 01/24/2006   00:01:19  00:26:57  01:14.05 | V3.53 |
|---|---|---|---|

| | | |
|---|---|---|
| 71:11 | Q. You've got what we've marked | |
| 71:12 | as Defendant's Exhibit 6 in front of you, | R. 801 |
| 71:13 | right? | R. 802 |
| 71:14 | A. Right. Uh-huh. | → Hearsay |
| 71:15 | Q. And do you see that the | |
| 71:16 | first page of Defendant's Exhibit 6 is an | |
| 71:17 | e-mail string of e-mails from December | |
| 71:18 | 8th? | |
| 71:19 | A. Right. | |
| 71:20 | Q. And the first one is from | |
| 71:21 | Karen Pedersen -- | |
| 71:22 | A. Pedersen, yes. | |
| 71:23 | Q. Pederson to you? | |
| 71:24 | A. Right. | |
| 72:1 | Q. With a copy to Dr. | |
| 72:2 | Morrissey? | |
| 72:3 | A. That's right. | |
| 72:4 | Q. And it says she's forwarding | |
| 72:5 | something called talking points; right? | |
| 72:6 | A. Yes. That's what I referred | |
| 72:7 | to earlier. | |
| 72:8 | Q. And Karen Pedersen, is she | Rule 611 - Leading question improper. |
| 72:9 | an internal PR person for the New England | |
| 72:10 | Journal of Medicine? | → Dr. Curfman is an independent 3rd party not an adverse/hostile witness. |
| 72:11 | A. She's the manager of media | |

Curfman G DA 1-24-06 on 5-25-06

|   |   |   |   |
|---|---|---|---|
|   | 72:12 | relations. We don't call her a PR | —continued from previous page |
|   | 72:13 | person, but she is our interface with the |   |
|   | 72:14 | media. |   |
|   | 72:15 | Q. And she's forwarding on | Omits answer, if any |
|   | 72:16 | talking points that were sent to her by |   |
|   | 72:17 | Ed Cafasso, right? |   |

| 54 | 73:2 -73:20 | Curfman 01/24/2006   00:00:50   00:28:16   01:12:46 | V3.54 |
|---|---|---|---|
|   |   | 73:2  Q. But do you see right | R. 801 |
|   |   | 73:3  underneath the first e-mail -- | R. 802 |
|   |   | 73:4  A. Yeah. |   |
|   |   | 73:5  Q. -- that we looked at, which |   |
|   |   | 73:6  would have been the most recent e-mail, |   |
|   |   | 73:7  there's an e-mail -- she's forwarding the |   |
|   |   | 73:8  thing that she got right below from Ed |   |
|   |   | 73:9  Cafasso to her -- |   |
|   |   | 73:10 A. Right. |   |
|   |   | 73:11 Q. -- "Subject: Talking |   |
|   |   | 73:12 points," "Importance: High"? |   |
|   |   | 73:13 A. Uh-huh. Yep. |   |
|   |   | 73:14 Q. And Ed Cafasso, he's the |   |
|   |   | 73:15 outside PR guy; right? |   |
|   |   | 73:16 A. Yes. |   |
|   |   | 73:17 Q. So, he's attaching the |   |
|   |   | 73:18 talking points and the Q&A, he says; |   |
|   |   | 73:19 correct? |   |
|   |   | 73:20 A. Right. |   |

| 55 | 74:3 -74:14 | Curfman 01/24/2006   00:00:22   00:29:06   01:11:56 | V3.55 |
|---|---|---|---|
|   |   | 74:3  Q. Are you on the page that has |   |
|   |   | 74:4  at the top the title "Expression of |   |
|   |   | 74:5  Concern. Key Points and Q&A " |   |
|   |   | 74:6  A. Right. |   |
|   |   | 74:7  Q. Are these the kind of |   |
|   |   | 74:8  talking points that you referred to |   |
|   |   | 74:9  earlier in your testimony that people | Rule 611 - Leading question improper. |
|   |   | 74:10 would give you to use? | Dr. Curfman is an independent |
|   |   | 74:11 A. Sometimes they would, yes | 3rd party not an adverse/hostile |
|   |   | 74:12 Q. And they did this time, | witness. |
|   |   | 74:13 right? |   |
|   |   | 74:14 A. They did. I can't say that |   |

| 56 | 74:17 -75:9 | Curfman 01/24/2006   00:00:41   00:29:28   01:11:34 | V3.56 |
|---|---|---|---|
|   |   | 74:17 Q. Well, let's take a look down |   |
|   |   | 74:18 at the one that says "Why Did we Release |   |
|   |   | 74:19 this Today?" |   |
|   |   | 74:20 A. Uh-huh |   |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | Curfman G DA 1-24-06 on 5-25-06 | |
| | | 74:21 Q. And the talking point says,<br>74:22 "We felt it was important to release this<br>74:23 information as soon as we understood how<br>74:24 it impacted the conclusions of the paper<br>75:1 we had published. We felt we should<br>75:2 announce this once we had completed our<br>75:3 investigation of the data, which included<br>75:4 a statistical analysis, and had raised<br>75:5 our concerns with the authors."<br>75:6 Did you follow that talking<br>75:7 point when members of the media asked you<br>75:8 why you released the Expression of<br>75:9 Concern when the jury was out in Houston? | | R. 801<br>R. 802<br>Hearsay | | |
| 57 | 75:15-75:15 | Curfman 01/24/2006   0   00:30:09   01:10:53 | | | | V3 57 |
| | | 75:15 THE WITNESS: I don't -- | | | | |
| 58 | 76:1-76:11 | Curfman 01/24/2006   00:00:33   00:30:09   01:10:53 | | | | V3 58 |
| | | 76:1 Q. Is it still your testimony<br>76:2 that you didn't know on December 8th when<br>76:3 you released the Expression of Concern<br>76:4 that the jury was out in Houston?<br>76:5 A. I don't know how I could<br>76:6 have known that. I mean, you know, it's<br>76:7 not something that I would have known.<br>76:8 Q Did you use this talking<br>76:9 point when you answered questions from<br>76:10 the media about why you released that<br>76:11 Expression of Concern on that date? | | | | |
| 59 | 76:16-76:21 | Curfman 01/24/2006   00:00:14   00:30:42   01:10:20 | | | | V3 59 |
| | | 76:16 Q. Well, you were asked about<br>76:17 why in the media, weren't you?<br>76:18 A. I don't recall, but what I<br>76:19 can say is that I didn't use this talking<br>76:20 point because I didn't need to use this<br>76:21 talking point. Because the truth -- | | Rule 611 - Leading question improper.<br>Dr. Curfman is an independent 3rd party not an adverse/hostile witness. | | |
| 60 | 77:1-77:17 | Curfman 01/24/2006   00:00:52   00:30:56   01:10:06 | | | | V3 60 |
| | | 77:1 THE WITNESS: The truth of<br>77:2 the matter is that we released the<br>77:3 Expression of Concern when we had<br>77:4 all of the data assembled, when we<br>77:5 had deliberated, we had the facts<br>77:6 in hand. We very carefully<br>77:7 deliberated. The editors had come<br>77:8 together, reviewed all the<br>77:9 information that we had, including | | | | |

Curfman G DA 1-24-06 on 5-25-06

|   |   |   |   |   |   |   |
|---|---|---|---|---|---|---|
| | | 77: 10 | information that we obtained on | | | |
| | | 77: 11 | November 21st, 2005. We made our | | | |
| | | 77: 12 | best judgment as editors of the | | | |
| | | 77: 13 | New England Journal of Medicine | | | |
| | | 77: 14 | with many years of experience | | | |
| | | 77: 15 | collectively, and we sat down and | | | |
| | | 77: 16 | wrote the document, the Expression | | | |
| | | 77: 17 | of Concern. We worked very hard | | | |
| 61 | 78:1 - 78:6 | Curfman 01/24/2006 | 00:00:20   00:31:48   01:09:14 | | | V3.61 |
| | | 78:1 | over things for us. And when we | → π: Incomplete answer. All of witness's answer should be included. | | |
| | | 78:2 | finally reached what we considered | | | |
| | | 78:3 | to be a final version after going | | | |
| | | 78:4 | through many versions of the | | | |
| | | 78:5 | Expression of Concern we released | | | |
| | | 78:6 | it, which is our responsibility as | | | |
| 62 | 80:17 - 80:19 | Curfman 01/24/2006 | 00:00:07   00:32:08   01:08:54 | | | V3.62 |
| | | 80: 17 | Q. We've been looking at the | | | |
| | | 80: 18 | December 8 talking points. Let me show | | | |
| | | 80: 19 | you Exhibit 7. | | | |
| 63 | 81:7 - 81:10 | Curfman 01/24/2006 | 00:00:17   00:32:15   01:08:47 | | | V3.63 |
| | | 81: 7 | BY MR. BECK: | | | |
| | | 81: 8 | Q. Do you see that this | | | |
| | | 81: 9 | document is the December 5th version of | | | |
| | | 81: 10 | the talking points? | | | |
| 64 | 81:15 - 81:16 | Curfman 01/24/2006 | 00:00:07   00:32:32   01:08:30 | | | V3.64 |
| | | 81:15 | Q. Down at the bottom it says, | → π: No answer to question. Include answer. | | |
| | | 81:16 | "Why Did We Release This When We Did?" | | | |
| 65 | 82:15 - 83:7 | Curfman 01/24/2006 | 00:00:39   00:32:39   01:08:23 | | | V3.65 |
| | | 82:15 | Q. I apologize. I've got the | π: → R. kll - leading question | | |
| | | 82:16 | date wrong. So, now we're talking about | | | |
| | | 82:17 | after it's been released and out there in | | | |
| | | 82:18 | the public for a while; right? | | | |
| | | 82:19 | A. Right. Uh-huh. | | | |
| | | 82: 20 | Q. And so this was a later | | | |
| | | 82: 21 | version of the talking points. And down | | | |
| | | 82: 22 | at the bottom it says "Why Did We Release | | | |
| | | 82: 23 | This When We Did?" Could you read for me | | | |
| | | 82: 24 | the first sentence -- | | | |
| | | 83: 1 | A. Sure. | | | |
| | | 83: 2 | Q. -- of the talking points? | | | |
| | | 83: 3 | A. Sure. "We made this | | | |
| | | 83: 4 | information public as soon as we could, | | | |
| | | 83: 5 | without regard to the trial." | | | |
| | | 83:6 | Q. Now, that statement in the | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | 83:7   talking points was false, wasn't it? | | | Curfman G DA 1-24-06 on 5-25-06<br>→ T: R.611 - leading questions. | |
| 66 | 83:11-83:15 | Curfman 01/24/2006   00:00:14  00:33:18  01:07:44<br>83:11  Q.  In fact, when you were<br>83:12  planning the release of the Expression of<br>83:13  Concern, you were planning it to coincide<br>83:14  with specific events of the trial down in<br>83:15  Houston.  Isn't that true? | | | | V3.66 |
| 67 | 83:22-84:2 | Curfman 01/24/2006   00:00:12  00:33:32  01:07:30<br>83:22  You were planning to release<br>83:23  the Expression of Concern based on<br>83:24  specific events that you had been told<br>84:1   would take place down in the trial in<br>84:2   Houston, isn't that true, sir? | | | → T: compound question | V3.67 |
| 68 | 84:6-84:6 | Curfman 01/24/2006   0   00:33:44  01:07:18<br>84:6   THE WITNESS:  No. | | | | V3.68 |
| 69 | 84:14-84:14 | Curfman 01/24/2006   00:00:12  00:33:44  01:07:18<br>84:14  Q.  What is Exhibit 8? | | | | V3.69 |
| 70 | 84:18-84:22 | Curfman 01/24/2006   00:00:23  00:33:56  01:07:06<br>84:18  THE WITNESS:  Right.  This<br>84:19  is some e-mail from December 8th<br>84:20  among the various editors of the<br>84:21  Journal about the Expression of<br>84:22  Concern. | | | → π: R.801 & 802 Hearsay | V3.70 |
| 71 | 84:24-85:18 | Curfman 01/24/2006   00:01:02  00:34:19  01:06:43<br>84:24  Q.  And on the bottom, which<br>85:1   would be the earliest of the three<br>85:2   e-mails printed on this page; is that<br>85:3   correct?<br>85:4   A.  Yes.  December 7th, right.<br>85:5   Q.  And it's December 7th, 6:00<br>85:6   p.m. from Tad Campion.  Who is Tad<br>85:7   Campion?<br>85:8   A.  He's the senior deputy<br>85:9   editor at the journal.<br>85:10  Q.  Then it says to — and it<br>85:11  has Lisa Scott, Karen Pedersen, Sandra<br>85:12  Jacobs, Andrea Graham and Julie Mooza.<br>85:13  Are they all employees of the New England<br>85:14  Journal of Medicine?<br>85:15  A.  This is the web team, yes.<br>85:16  Q.  And then cc, that means<br>85:17  copies; right?<br>85:18  A.  That's right. | | | π:<br>→ R.611 - all leading questions.<br>Dr. Curfman is an independent 3rd party, Not an adverse witness | V3.71 |