| | | | | | | |
|---|---|---|---|---|---|---|
| 149 | 156:5 -158:20 | Curfman 01/24/2006 | 00:02:47 | 01:11:45 | 00:29:17 | V3.149 |

156: 5   A. Yes. And I think that it's
156: 6   fairly explicit.
156: 7   Q. Yes, I agree.
156: 8       But now what you also did is
156: 9   you and Dr. Morrissey attempted to
156: 10  dictate to Dr. Bombardier the content of
156: 11  her response?

π: Argumentative
↗ R. 611 - Leading

156: 12  A. We did not attempt to
156: 13  dictate. We attempted to articulate or
156: 14  provide additional explanation of points
156: 15  of our concern. We are the editors. We
156: 16  had concerns. It's not a matter of
156: 17  dictating. It's a matter of expressing
156: 18  what the concerns were so that she could
156: 19  respond to those concerns. That's what
156: 20  an Expression of Concern is. That's why
156: 21  it's called an Expression of Concern.
156: 22  It's an expression of our concern that
156: 23  then we ask her to address. We thought
156: 24  this would be helpful to her in framing a
157: 1   response.
157: 2   Q. Didn't you tell her "We will
157: 3   explain herein what we expect this
157: 4   correction to include"?

π: Hearsay

157: 5   A. Uh-huh.
157: 6   Q. The very first point you
157: 7   say, "You should acknowledge." Then you
157: 8   go on to tell her what she's supposed to
157: 9   acknowledge in her response, right? Is
157: 10  that right?
157: 11  A. That's the way the sentence
157: 12  reads, yes.
157: 13  Q. And then basically you tell
157: 14  her that she's supposed to say she's
157: 15  sorry, don't you?

π: Argumentative

157: 16      MR. SHAW: Objection to
157: 17  form.
157: 18  BY MR. BECK:
157: 19  Q. Point number 6. You're
157: 20  telling the author of this study that,
157: 21  number 6, "These omissions and
157: 22  inaccuracies are regrettable, and this
157: 23  should be acknowledged in your
157: 24  statement." You're telling her to
158: 1   apologize for her article, aren't you?

π: Hearsay
↗ Argumentative

Curfman G DA 1-24-06 on 5-25-06

```
158: 2    A.  We asked her for a response,
158: 3    and
158: 4    Q.  And you told her what you
158: 5    wanted --
158: 6    A.  She --
158: 7    Q.  -- it to include?
158: 8    A.  She can respond in any way
158: 9    that she wishes. We were laying out our
158:10    concerns. And one of our concerns was
158:11    that there were omissions and
158:12    inaccuracies that were regrettable. And
158:13    we had evidence to back it up. And she
158:14    can respond to that statement in any way
158:15    that she wants.
158:16    Q.  And she did, in fact,
158:17    respond to that statement, did she not?
158:18    A.  She did, yes.
158:19    Q.  And she told you that you
158:20    were wrong, right?
```

π: Argumentative & Hearsay

| 150 | 159:2-159:3 | Curfman 01/24/2006 | 00:00:01 | 01:14:32 | 00:26:30 | V3.150 |
|---|---|---|---|---|---|---|

159: 2        THE WITNESS: I don't
159: 3        recall.

| 151 | 159:5-159:16 | Curfman 01/24/2006 | 00:00:14 | 01:14:33 | 00:26:29 | V3.151 |
|---|---|---|---|---|---|---|

159: 5    Q.  You don't recall --
159: 6    A.  No, I don't.
159: 7    Q.  -- what she said in her
159: 8    response?
159: 9    A.  No.
159:10   Q.  Have you looked at her
159:11   response?
159:12   A.  Only very cursorily at this
159:13   point. We just received the response,
159:14   and, in fact --
159:15   Q.  Well, you received it more
159:16   than a week ago, didn't you?

| 152 | 159:19-159:24 | Curfman 01/24/2006 | 00:00:14 | 01:14:47 | 00:26:15 | V3.152 |
|---|---|---|---|---|---|---|

159:19       THE WITNESS: We didn't
159:20       receive one response, and part of
159:21       the complexity now of the issue is
159:22       that we received two separate
159:23       responses from two different
159:24       groups of authors, and --

| 153 | 160:18-160:19 | Curfman 01/24/2006 | 00:00:04 | 01:15:01 | 00:26:01 | V3.153 |
|---|---|---|---|---|---|---|

160:18   Q.  My question is, you received

→ π: Asked & Answered

*— continued from previous page* Curfman G DA 1-24-06 on 5-25-06

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | 160:19 it more than a week ago, didn't you? | | | | | |
| 154 | 161:10 -161:12 | Curfman 01/24/2006   00:00:04   01:15:05   00:25:57 | | | | | V3.154 |
| | | 161:10  A. We received two responses, | | | | | |
| | | 161:11  and I don't remember the exact dates of | | | | | |
| | | 161:12  receipt. | | | | | |
| 155 | 161:23 -161:23 | Curfman 01/24/2006   00:00:01   01:15:09   00:25:53 | | | | | V3.155 |
| | | 161:23  Q. What is Exhibit 18? | | | | | |
| 156 | 162:7 -162:9 | Curfman 01/24/2006   00:00:22   01:15:10   00:25:52 | | | | TT: R.801 → P.802 Hearsay | V3.156 |
| | | 162:7  Q. Is this some transmittal | | | | | |
| | | 162:8  e-mail and then the response from Dr. | | | | | |
| | | 162:9  Bombardier? | | | | | |
| 157 | 162:13 -162:20 | Curfman 01/24/2006   00:00:21   01:15:32   00:25:30 | | | | | V3.157 |
| | | 162:13  Q. Dr. Bombardier responded on | | | | | |
| | | 162:14  behalf of herself and the other nine | | | | | |
| | | 162:15  authors who were not Merck employees; | | | | | |
| | | 162:16  right? | | | | | |
| | | 162:17  A. Yes. | | | | | |
| | | 162:18  Q. And in this response, these | | | | | |
| | | 162:19  ten non-Merck authors told you that you | | | | | |
| | | 162:20  were wrong, right? | | | | | |
| 158 | 162:24 -163:5 | Curfman 01/24/2006   00:00:17   01:15:53   00:25:09 | | | | | V3.158 |
| | | 162:24  A. No. I don't read it that | | | | | |
| | | 163:1  way. But, again, I want to make it clear | | | | | |
| | | 163:2  that I have not had an opportunity to go | | | | | |
| | | 163:3  through this, and I'm not prepared to | | | | | |
| | | 163:4  discuss this document. I wasn't -- we | | | | | |
| | | 163:5  have read these documents, and, again, I | | | | | |
| 159 | 163:20 -164:9 | Curfman 01/24/2006   00:00:29   01:16:10   00:24:52 | | | | TT: ↓Argumentative ↑R.611 - Leading | V3.159 |
| | | 163:20  Q. Now, are you telling me -- | | | | | |
| | | 163:21  you've certainly known that your | | | | | |
| | | 163:22  deposition was going to be taken in | | | | | |
| | | 163:23  connection with the Expression of | | | | | |
| | | 163:24  Concern. You've known that for certainly | | | | | |
| | | 164:1  over a week, right? | | | | | |
| | | 164:2  A. Right. | | | | | |
| | | 164:3  Q. And you've had the answer | | | | | |
| | | 164:4  from the ten non-Merck authors -- | | | | | |
| | | 164:5  A. Right. | | | | | |
| | | 164:6  Q. -- to your Expression of | | | | | |
| | | 164:7  Concern, and you say you haven't read it | | | | | |
| | | 164:8  carefully enough to be prepared to | | | | | |
| | | 164:9  discuss it? | | | | | |
| 160 | 165:2 -165:5 | Curfman 01/24/2006   00:00:10   01:16:39   00:24:23 | | | | | V3.160 |

Curfman G DA 1-24-06 on 5-25-06

|   |   |   |   |
|---|---|---|---|
| | 165: 2 | A. My answer to your question | |
| | 165: 3 | -- yes. My answer to your question is, I | |
| | 165: 4 | have not had time to adequately digest | |
| | 165: 5 | this. And one of the key issues in | |

| 161 | 166:16-166:24 | Curfman 01/24/2006   00:00:21  01:16:49  00:24:13 | V3.161 |
|---|---|---|---|
| | 166: 16 | Q. Do you recognize Exhibit 21 | TT: p.801 |
| | 166: 17 | to be a response on behalf of Drs. Reicin | → p.802 |
| | 166: 18 | and Shapiro who are both affiliated with | Hearsay |
| | 166: 19 | Merck? | |
| | 166: 20 | A. Right. It's being | |
| | 166: 21 | communicated by a medical communications | |
| | 166: 22 | person. | |
| | 166: 23 | Q. Right. | |
| | 166: 24 | A. Right. | |

| 162 | 170:2-170:16 | Curfman 01/24/2006   00:00:38  01:17:10  00:23:52 | V3.162 |
|---|---|---|---|
| | 170: 2 | Q. And you had not only Dr. | |
| | 170: 3 | Bombardier's response on behalf of the | TT: Improper Compound Question |
| | 170: 4 | ten non-Merck authors for over a week | → Argumentative |
| | 170: 5 | before today, you also had Dr. Reicin's | |
| | 170: 6 | response on behalf of herself and Dr. | |
| | 170: 7 | Shapiro, the Merck authors, for over a | |
| | 170: 8 | week before today, right? | |
| | 170: 9 | A. If you say so. I'll take | |
| | 170: 10 | your word for it. Sure. | TT: |
| | 170: 11 | Q. And here you are, you know | ← Argumentative |
| | 170: 12 | this is the only chance that I get to ask | |
| | 170: 13 | you questions about the Expression of | |
| | 170: 14 | Concern, and you didn't take the time to | omits |
| | 170: 15 | read either one of these to comment on | ← Answer |
| | 170: 16 | their substance? | |

| 163 | 171:14-171:23 | Curfman 01/24/2006   00:00:32  01:17:48  00:23:14 | V3.163 |
|---|---|---|---|
| | 171: 14 | Q. My question is simply that | |
| | 171: 15 | knowing that your deposition was going to | |
| | 171: 16 | be taken today and that the main subject | |
| | 171: 17 | was your Expression of Concern, and | |
| | 171: 18 | having the responses filed by both the | |
| | 171: 19 | non-Merck lawyer -- the non-Merck authors | |
| | 171: 20 | and the Merck authors for over a week, | |
| | 171: 21 | it's your testimony that you didn't take | |
| | 171: 22 | the time to read them so that you could | |
| | 171: 23 | talk about the substance of them? | |

| 164 | 172:2-172:16 | Curfman 01/24/2006   00:00:42  01:18:20  00:22:42 | V3.164 |
|---|---|---|---|
| | 172: 2 | THE WITNESS: Our response | |
| | 172: 3 | to these documents will require | |

Curfman G DA 1-24-06 on 5-25-06

| | | | |
|---|---|---|---|
| | 172: 4 | very careful deliberation. | |
| | 172: 5 | Editors of journals don't do | |
| | 172: 6 | things on a knee jerk. We can't | |
| | 172: 7 | afford to do that. I did not set | |
| | 172: 8 | the date for this deposition, and, | |
| | 172: 9 | in fact, we received these when we | |
| | 172: 10 | received them. And we will need | |
| | 172: 11 | time to very carefully digest the | |
| | 172: 12 | situation, and then we'll have an | |
| | 172: 13 | official response to it. I'm not | |
| | 172: 14 | prepared to do that now. We do | |
| | 172: 15 | things carefully in our office. | |
| | 172: 16 | That's how we do things. That's | |

| 165 | 172:22 -173:9 | Curfman 01/24/2006   00:00:29  01:19:02  00:22:00 | V3.165 |
|---|---|---|---|
| | | 172: 22  Q. Have you looked at these two | TT: Improper Compound Question |
| | | 172: 23  responses enough to know whether they're | |
| | | 172: 24  in basic agreement or whether there's any | |
| | | 173: 1  points of disagreement? | |
| | | 173: 2  A. No. I can't really comment | |
| | | 173: 3  about that. | |
| | | 173: 4  Q. So, it's not just that you | TT: Improper Compound Question |
| | | 173: 5  haven't had, you know, conferences with | Argumentative |
| | | 173: 6  your colleagues to talk it all through, | Sarcastic |
| | | 173: 7  you just haven't read them carefully in | |
| | | 173: 8  advance of your deposition. Is that your | |
| | | 173: 9  testimony? | |

| 166 | 173:12 -174:1 | Curfman 01/24/2006   00:00:30  01:19:31  00:21:31 | V3.166 |
|---|---|---|---|
| | | 173: 12       THE WITNESS: I'm saying | |
| | | 173: 13  that we -- documents of this kind | |
| | | 173: 14  will demand careful deliberation | |
| | | 173: 15  among the editors at the New | |
| | | 173: 16  England Journal of Medicine, and | |
| | | 173: 17  we have not gone through that | |
| | | 173: 18  process yet. And anything that I | |
| | | 173: 19  might say today might not be fully | |
| | | 173: 20  accurate because we've not gone | |
| | | 173: 21  through this process of | |
| | | 173: 22  deliberating together and | |
| | | 173: 23  interpreting these two documents. | |
| | | 173: 24  And that's all I can say about | |
| | | 174: 1  this. | |

| 167 | 174:3 -174:7 | Curfman 01/24/2006   00:00:20  01:20:01  00:21:01 | V3.167 |
|---|---|---|---|
| | | 174: 3  Q. Well, getting back to your | TT: Improper Compound Question |
| | | 174: 4  Expression of Concern, you indicated it | |