UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| This document relates to | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| Gerald Barnett v. Merck & Co, Inc. | * | CASE NO. 02:06CV00485 |

**PLAINTIFF'S REPLY TO OPPOSITION OF MERCK TO MOTION IN LIMINE TO EXCLUDE CERTAIN SUBJECTS FROM EVIDENCE AT TRIAL**

*(Plaintiff's Motion in Limine No. 3)*

COMES NOW, Plaintiff Gerald Barnett, by and through his undersigned counsel, and submits the following in reply to Merck's opposition to Plaintiff's motion in limine to exclude certain subjects from evidence at trial:

I. **REQUESTS MERCK HAS UNCONDITIONALLY OPPOSED**

**Evidence Plaintiff Seeks to Exclude in Paragraph G**

"Any comment, evidence, testimony, inference or document mentioning medical conditions of Plaintiff or Plaintiff's family that are unrelated to the injuries at issue in this lawsuit. Such argument is irrelevant."

**Plaintiff's Reply to Merck's Response to Paragraph G**

In its order of November 18, 2005 in *Plunkett v. Merck*, this Court ruled on this same motion as follows: "Too Vague. Court will reserve ruling." For the same reasons, Plaintiff would request that the Court also reserve ruling on this issue as it did in *Plunkett*.

1

### Evidence Plaintiff Seeks to Exclude in Paragraph H

"Any comment, evidence, testimony, inference or document mentioning any non-criminal bad conduct of the Plaintiff. Misdemeanors and human frailties should not become 'fair game' during trial. Federal and state rules of evidence prohibit such character assassination."

### Plaintiff's Reply to Merck's Response to Paragraph H

In its order of November 18, 2005 in *Plunkett v. Merck*, this Court ruled on this same motion as follows: "Too Vague. Court will reserve ruling." For the same reasons, Plaintiff would request that the Court also reserve ruling on this issue as it did in *Plunkett*.

### Evidence Plaintiff Seeks to Exclude in Paragraph M

"Any comment or personal anecdote from any witness or lawyer for the Defendant about themselves, or family members who have used Vioxx. Such evidence is irrelevant, hearsay, and undeniably prejudicial."

### Plaintiff's Reply to Merck's Response to Paragraph M

In its order of November 18, 2005 in *Plunkett v. Merck*, this Court ruled on this same motion as follows: "Granted – 401." For the same reasons, Plaintiff would request that the Court issue the same ruling it did in *Plunkett* and grant Plaintiff's motion.

### Evidence Plaintiff Seeks to Exclude in Paragraph P

"Any reference to opinions in the medical records of healthcare personnel that are not witnesses live or by deposition at trial. *See Bradley v. Brotman*, 836 So.2d 1129, 1135 (Fla. Dist. Ct. App. 4th 2003) (citing, *inter alia*, Fed. R. Evid. 403)."

### Plaintiff's Reply to Merck's Response to Paragraph P

In its order of November 18, 2005 in *Plunkett v. Merck*, this Court ruled on this same motion as follows: "Too Vague. Reserve ruling." For the same reasons, Plaintiff would request that the Court also reserve ruling on this issue as it did in *Plunkett*.

### Evidence Plaintiff Seeks to Exclude in Paragraph Q

"That any members of the public or medical community desire that Vioxx be placed back on the market."

### Plaintiff's Reply to Merck's Response to Paragraph Q

In its order of November 18, 2005 in *Plunkett v. Merck*, this Court ruled on this same motion as follows: "Granted – 401." For the same reasons, Plaintiff would request that the Court issue the same ruling it did in *Plunkett* and grant Plaintiff's motion.

### Evidence Plaintiff Seeks to Exclude in Paragraph T

"Any comment, evidence, testimony, inference or document mentioning that too many warnings of serious injuries will dilute the effectiveness of warnings generally."

### Plaintiff's Reply to Merck's Response to Paragraph T

In its order of November 18, 2005 in *Plunkett v. Merck*, this Court ruled on this same motion as follows: "Reserve Ruling." For the same reasons, Plaintiff would request that the Court also reserve ruling on this issue as it did in *Plunkett*.

II.     REQUESTS MERCK HAS CONDITIONALLY OPPOSED.

### Evidence Plaintiff Seeks to Exclude in Paragraph D

"Any comment or inference, or submitting any evidence, testimony, or documents suggesting or referring to Health Canada or any other foreign regulatory agency's decision to allow the sale of Vioxx within their respective countries."

### Plaintiff's Reply to Merck's Response to Paragraph D

In its order of November 18, 2005 in *Plunkett v. Merck*, this Court ruled on this same motion as follows: "Granted – 401 – 403." For the same reasons, Plaintiff would request that the Court issue the same ruling it did in *Plunkett* and grant Plaintiff's motion.

### Evidence Plaintiff Seeks to Exclude in Paragraph I

"Any mention or disclosure, whether directly or indirectly, in any manner, that the Plaintiff is covered by some form of insurance for the incident in question. Such fact is entirely immaterial to any issue in this case and any mentioning or inference thereof, directly or indirectly, in any manner, will be harmful and unjustly prejudicial to the Plaintiff."

### Plaintiff's Reply to Merck's Response to Paragraph I

In its order of November 18, 2005 in *Plunkett v. Merck*, this Court ruled on this same motion as follows: "Granted – 401." For the same reasons, Plaintiff would request that the Court issue the same ruling it did in *Plunkett* and grant Plaintiff's motion.

### Evidence Plaintiff Seeks to Exclude in Paragraph L

"That Plaintiff's attorneys and their law firms primarily represent plaintiffs in lawsuits or specialize in personal injury or product liability litigation. Such argument would be irrelevant, highly prejudicial, and calculated solely to inflame the jury."

### Plaintiff's Reply to Merck's Response to Paragraph L

In its order of November 18, 2005 in *Plunkett v. Merck*, this Court ruled on this same motion as follows: "Granted – 401 – 403." For the same reasons, Plaintiff would request that the Court issue the same ruling it did in *Plunkett* and grant Plaintiff's motion.

### Evidence Plaintiff Seeks to Exclude in Paragraph O

"Any comment, evidence, testimony, inference or document that bolsters the unchallenged character (e.g., honest) or traits (e.g., generous) of the Defendant's current or former employees, managers, consultants, experts, agents, or fiduciaries preemptively."

### Plaintiff's Reply to Merck's Response to Paragraph O

In its order of November 18, 2005 in *Plunkett v. Merck*, this Court ruled on this same motion as follows: "Too Vague. Will decide if it comes up . . ." For the same reasons, Plaintiff would request that the Court also reserve ruling on this issue as it did in *Plunkett*.

### Evidence Plaintiff Seeks to Exclude in Paragraph R

"Any comment, evidence, testimony, inference or document mentioning that state warning defect or failure-to-warn laws pressure drug manufacturers to add unsubstantiated, false, or invalid warnings in order to avoid lawsuits."

### Plaintiff's Reply to Merck's Response to Paragraph R

In its order of November 18, 2005 in *Plunkett v. Merck*, this Court ruled on this same motion as follows: "Too Vague. Will deal with this if it comes up." For the same reasons, Plaintiff would request that the Court also reserve ruling on this issue as it did in *Plunkett*.

### Evidence Plaintiff Seeks to Exclude in Paragraph S

"Any comment, evidence, testimony, inference or document mentioning that state tort law undercuts the FDA's mission to provide only scientifically valid warnings."

### Plaintiff's Reply to Merck's Response to Paragraph S

In its order of November 18, 2005 in *Plunkett v. Merck*, this Court ruled on this same motion as follows: "Too Vague. Will deal with this at trial if it comes up." For the same reasons, Plaintiff would request that the Court also reserve ruling on this issue as it did in *Plunkett*.

### Evidence Plaintiff Seeks to Exclude in Paragraph U

"Any comment, evidence, testimony, inference or document mentioning that state products liability law frustrates the FDA's protective regime."

### Plaintiff's Reply to Merck's Response to Paragraph U

In its order of November 18, 2005 in *Plunkett v. Merck*, this Court ruled on this same motion as follows: "Granted – 40 [illegible]" For the same reasons, Plaintiff would request that the Court issue the same ruling it did in *Plunkett* and grant Plaintiff's motion.

For the foregoing reasons, Plaintiff's motion *in limine* should be granted, and Defendant should be precluded from referring to the above-referenced matters in their entirety.

Date: June 23, 2006

Respectfully submitted,

By /s/ Mark P. Robinson, Jr.
Mark P. Robinson, Jr.
Kevin F. Calcagnie
Carlos A. Prietto, III
Ted B. Wacker
Lexi W. Myer
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Dr., 7th Floor
Newport Beach, California  92660
Telephone: (949) 720-1288
Facsimile: (949) 720-1292

Andy D. Birchfield, Jr.
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, Alabama  36103-4160
Telephone:  (334) 269-2343
Facsimile: (334) 954-7555

Donald C. Arbitblit
LIEFF, CABRASER, HEIMANN and
BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California  94111
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Counsel for Plaintiff

Russ M. Herman
Leonard A. Davis
Stephen J. Herman
HERMAN HERMAN KATZ
& COTLER, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70013
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

**PLAINTIFFS' LIAISON COUNSEL**

Richard J. Arsenault
NEBLETT, BEARD & ARSENAULT
220 Bonaventure Court
P.O. Box 1190
Alexandria, Louisiana 71301-1190
Telephone: (318) 487-9874
Facsimile: (318) 561-2591

Elizabeth Cabraser
LIEFF, CABRESER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Thomas Kline
KLINE & SPECTER, P.C.
1525 Locust St., 19th Floor
Philadelphia, Pennsylvania 19102
Telephone: (215) 772-1000
Facsimile: (215) 772-1371

Christopher A. Seeger
SEEGER WEISS
One William Street
New York, New York 10004
Telephone: (212) 584-0700
Facsimile: (212) 584-0799

**Co-Lead Counsel**

Shelly Sanford
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, Texas 77002
Telephone: (713) 650-0022
Facsimile: (713) 650-1669

Drew Ranier, Esq.
RANIER, GAYLE & ELLIOT, LLC
1419 Ryan Street
Lake Charles, Louisiana 70601
Telephone: (337) 494-7171
Facsimile: (337) 494-7218

Mark P. Robinson, Jr.
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Dr., 7th Fl
Newport Beach, California 92660
Telephone: (949) 720-1288
Facsimile: (949) 720-1292

Arnold Levin, Esq.
LEVIN FISHBEIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 19106-3875
Telephone: (215) 592-1500
Facsimile: (215) 592-4663

Gerald E. Meunier
Gainesburgh Benjamin David Meunier & Warshauer
2800 Energy Centre
1100 Polydras Street
New Orleans, LA 70163-2800
(504) 522-2304 (telephone)
(504) 528-9973 (telecopier)

Christopher V. Tisi Esq.
ASHCRAFT & GEREL
2000 L Street, NW, Suite 400
Washington, DC 20036-4914
Telephone: (202) 783-6400
Facsimile: (307) 733-0028

**PLAINTIFF'S STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Phillip A. Wittmann, Merck's Counsel, Andrew L. Goldman, and Plaintiffs' Liaison Counsel, Russ Herman, by U.S. Mail and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced, in accordance with Pretrial Order No. 8A, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 23rd day of June, 2006.

_____
MARK P. ROBINSON, JR.
State Bar No. 054426
Attorney for Plaintiff
Robinson, Calcagnie & Robinson