## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| | * | **JUDGE FALLON** |
| | * | |
| **This document relates to** | * | **MAGISTRATE JUDGE KNOWLES** |
| | * | |
| **Gerald Barnett v. Merck & Co, Inc.** | * | **CASE NO. 02:06CV00485** |

---

### PLAINTIFF'S REPLY TO MERCK'S OPPOSITION TO MOTION IN LIMINE TO PRECLUDE MERCK EMPLOYEE AND FORMER EMPLOYEE WITNESSES FROM OFFERING OPINION TESTIMONY WHICH THEY ARE UNQUALIFIED TO OFFER, WHICH HAS NOT PREVIOUSLY BEEN DISCLOSED, AND WHICH LACKS APPROPRIATE SUPPORT UNDER *DAUBERT*

#### (Plaintiff's Motion in Limine No. 9)

---

COMES NOW, Plaintiff Gerald Barnett, by and through his undersigned counsel, and hereby urges the Court to issue an order prohibiting Merck, it's attorneys, representatives or witnesses from eliciting or attempting to elicit expert opinion testimony from individuals who were not disclosed or designated as experts by Merck in this case, including Merck employees, former employees, and/or advisors.

In opposition to Plaintiff's motion, Merck argues that Plaintiff is seeking to prevent current and former Merck employees "and other Merck advisers" from testifying regarding matters "within their personal knowledge by mischaracterizing such testimony as inappropriate expert testimony." Merck points out that under Federal Rule of Evidence 701 testimony in the form of opinions or inferences is appropriate, and that officers or employees of corporations may testify to industry practices and particularized matters based on their position within the

1

company without qualifying as an expert.

Plaintiff does not dispute that under Rule 701, employees of corporations may testify as to opinions or inferences.  However, there are conditions to such testimony. The witness must not be testifying "as an expert," and the opinions and inferences are limited to those which are rationally based upon the perception of the witness. Rule 701 and 701(a).  Moreover, there is a qualification to Rule 701 which addresses exactly the situation addressed by Plaintiff's motion. Rule 701 allows testimony in the form of opinions as long as they are "*not based on scientific, technical or other specialized knowledge within the scope of Rule 702*."  Rule 701(c).

This rule is designed to prohibit precisely what Plaintiff is seeking to prevent-bootstrapping expert opinion testimony regarding scientific and medical theories which the Defendant would otherwise be unable to offer because of the prerequisites of Rule 702 and *Daubert*.  Merck is free to offer non-expert opinions from employees based upon their perception.  However, the Defendant is not entitled to use Rule 701 as a *Daubert* loophole.  Nor should Merck be permitted to use Rule 701 as a method of sandbagging expert testimony it chose not to disclose, and as a means of circumventing the rules requiring pretrial disclosure of expert opinions.

In *Humeston v. Merck & Co.*, Dr. Briggs Morrison was asked by counsel for Merck if the company performed any studies in animals to determine if Vioxx would have a harmful, prothrombotic effect. *Humeston v. Merck & Co.*, Trial Transcript at 3241, Exhibit "A".  Dr. Morrison noted that, at the time Vioxx was being developed, it was widely held that prostacyclin production within blood vessels was believed to be mediated by COX-1, and indeed that there was no evidence that COX-2 is actually even in the blood vessels. *Id*. at 3243.  This was a pointed example of an inadmissible opinion Merck attempted to "backdoor" through a fact

2

witness.  No support was offered for this expert pharmacological opinion and, while Dr. Morrison is an M.D., he can hardly be considered a pharmacologist. Interestingly, Dr. Morrison's blithe assertion that prostacyclin production within blood vessels is mediated exclusively by COX-1 stands in sharp contrast to the recent opinion of his colleague Dr. Garrett FitzGerald, who is a well-credentialed pharmacologist. (*See* McAdam BF, Catella-Lawson F, Mardini IA, Kapoor S, Lawson JA, FitzGerald GA (1999) "Systemic biosynthesis of prostacyclin by cyclooxygenase (COX)-2: the human pharmacology of a selective inhibitor of COX-2" *Proc Natl Acad Sci U S A* 96(1):272-7, at 276, attached hereto as Exhibit "B").

Of course, the critical nature of Dr. Morrison's unsupported and inadmissible "expert" opinion cannot be overstated, as he demonstrated:

> Q.   And why would that matter with VIOXX [that there is no COX-2 in blood vessels]?
>  A.   Why it matters for VIOXX is it would be -- it was unexpected and surprising that a drug that only inhibits COX-2 is affecting prostacyclin production in blood vessels, which don't even have the COX-2 machinery.
> I mean, if you think about what a drug does there's machinery that's making something, and you're adding something to sort of, you know, gum up the works and turn off the machine.  Well, if the machine is not even there how would the drug affect it?

Tr. at 3243.

Thus, in one fell swoop, Dr. Morrison offered an opinion in direct opposition to that offered by a plaintiffs' experts, without any support or qualifications whatsoever, without first disclosing the nature of the opinion, and without ever sitting for deposition concerning this opinion.[1]

Dr. Morrison also testified concerning a Merck study performed on rabbits, which purportedly was designed to determine whether selective inhibition of COX-2 caused a decrease of

---

[1] Dr. Morrison's new found positions fly in the face of what was known and understood at Merck about COX-2 inhibition while Vioxx was on the market.

prostacyclin within blood vessels. *Humeston*, Transcript. at 3257. Dr. Morrison testified that there is no COX-2 in the blood vessels of normal rabbits. *Id.* at 3258-9. This conclusion is based upon the *in vitro* examination of the rabbits' blood vessels. *Id*. at 3260. Finally, Dr. Morrison concluded grandly, and somewhat colloquially, that in the blood vessels of rabbits, "COX-2 is not anywhere near the thing that makes prostacyclin." *Id*. at 3270. Extrapolating from this study, he next opined that the same conditions must be present within the blood vessels of humans. Id. As such, Vioxx must be perfectly harmless with respect to blood vessels, and simply cannot increase the risk of heart attack or stroke.

This was not the opinion of an employee directed to the mundane, day-to-day affairs of a company. This was not a benign recitation of facts reflecting the direct, personal knowledge of the witness. This was an explanation to the jury that Vioxx is not defective. It was an opinion on an ultimate fact, offered by an unqualified witness, not previously disclosed to the Plaintiff. The Court in *Humeston* correctly ruled that this was inadmissible opinion testimony. *Id*. at 3337-8. And, contrary to Merck's assertion, this ruling was not simply based on the Court's determination that Dr. Morrison lacked direct, personal knowledge of the facts to which he testified. Rather, it was based upon the Court's conclusion that Dr. Morrison testified as an unqualified, undisclosed expert. *Id.*

For these reasons, Plaintiff urges the Court to grant his motion.

Date:  June 23, 2006

Respectfully submitted,

By _____
    Mark P. Robinson, Jr.
    Kevin F. Calcagnie
    Carlos A. Prietto, III
    Ted B. Wacker
    Lexi W. Myer
    ROBINSON, CALCAGNIE & ROBINSON
    620 Newport Center Dr., 7th Floor
    Newport Beach, California  92660
    Telephone:  (949) 720-1288
    Facsimile: (949) 720-1292

    Andy D. Birchfield, Jr.
    P. Leigh O'Dell
    BEASLEY, ALLEN, CROW,
    METHVIN, PORTIS & MILES, P.C.
    P.O. Box 4160
    234 Commerce Street
    Montgomery, Alabama  36103-4160
    Telephone:  (334) 269-2343
    Facsimile: (334) 954-7555

    Donald C. Arbitblit
    LIEFF, CABRASER, HEIMANN and
    BERNSTEIN, LLP
    275 Battery Street, 30th Floor
    San Francisco, California  94111
    Telephone:  (415) 956-1000
    Facsimile:  (415) 956-1008

    Counsel for Plaintiff

Russ M. Herman
Leonard A. Davis
Stephen J. Herman
HERMAN HERMAN KATZ
& COTLER, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70013
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

Christopher A. Seeger
SEEGER WEISS
One William Street
New York, New York 10004
Telephone: (212) 584-0700
Facsimile: (212) 584-0799
**Co-Lead Counsel**

## PLAINTIFFS' LIAISON COUNSEL

Richard J. Arsenault
NEBLETT, BEARD & ARSENAULT
220 Bonaventure Court
P.O. Box 1190
Alexandria, Louisiana 71301-1190
Telephone: (318) 487-9874
Facsimile: (318) 561-2591

Elizabeth Cabraser
LIEFF, CABRESER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Thomas Kline
KLINE & SPECTER, P.C.
1525 Locust St., 19th Floor
Philadelphia, Pennsylvania 19102
Telephone: (215) 772-1000
Facsimile: (215) 772-1371

Arnold Levin, Esq.
LEVIN FISHBEIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 19106-3875
Telephone: (215) 592-1500
Facsimile: (215) 592-4663

Shelly Sanford
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, Texas 77002
Telephone: (713) 650-0022
Facsimile: (713) 650-1669

Drew Ranier, Esq.
RANIER, GAYLE & ELLIOT, LLC
1419 Ryan Street
Lake Charles, Louisiana 70601
Telephone: (337) 494-7171
Facsimile: (337) 494-7218

Mark P. Robinson, Jr.
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Dr., 7th Fl
Newport Beach, California 92660
Telephone: (949) 720-1288
Facsimile: (949) 720-1292

Christopher V. Tisi Esq.
ASHCRAFT & GEREL
2000 L Street, NW, Suite 400
Washington, DC 20036-4914
Telephone: (202) 783-6400
Facsimile: (307) 733-0028

Gerald E. Meunier
Gainesburgh Benjamin David Meunier &
Warshauer
2800 Energy Centre
1100 Polydras Street
New Orleans, LA 70163-2800
(504) 522-2304 (telephone)
(504) 528-9973 (telecopier)

**PLAINTIFF'S STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Phillip A. Wittmann, Merck's Counsel, Andrew L. Goldman, and Plaintiffs' Liaison Counsel, Russ Herman, by U.S. Mail and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced, in accordance with Pretrial Order No. 8A, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 23rd day of June, 2006.

_____
MARK P. ROBINSON, JR.
State Bar No. 054426
Attorney for Plaintiff
Robinson, Calcagnie & Robinson

8