UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| This document relates to | * | MAG. JUDGE KNOWLES |
| | * | |
| Gerald Barnett v. Merck & Co, Inc. | * | CASE NO. CA 06-485 |

**Plaintiff's Reply in Support of His Motion *in Limine* to Preclude Merck From Arguing That FDA Regulations Prohibited the Company From Making Label Changes Without Prior Agency Approval**

*(Plaintiff's Motion in Limine No. 6)*

Plaintiff Gerald Barnett, by and through his attorneys, urges the Court to preclude Merck & Co. from offering testimony and argument at trial that it could not have changed the Vioxx label to include warnings of cardiovascular risks without prior approval of the FDA.

Plaintiff recognizes that the Court denied a similar motion in the *Irvin* case, but encourages the Court to reconsider its position. Such testimony or argument is both false and misleading and should therefore be precluded. Though subject to FDA oversight, Merck was responsible for ensuring that adequate warnings appeared in the Vioxx label at all times. This is a matter of law, not a question of fact. Plaintiff respectfully requests entry of an order prohibiting Merck from eliciting such testimony or argument.

In its opposition, Merck argues that "it is necessary to explain all of the regulations governing Merck's conduct and why, under the regulatory scheme, it took actions that the Vioxx label was changed in a timely and accurate manner." (Def. Opp. at 2-3.) Merck claims that it was a question of fact and that it must be permitted to offer testimony from experts and fact witnesses who will assist the jury in assessing Merck's conduct. Though Plaintiff agrees

1

that the jury is the finder of fact, the issue of what safety information that FDA regulations require pharmaceutical companies to put into their label is not a question of fact but a matter of law.

The law is quite clear. 21 C.F.R. § 201.57(e) states: "labeling shall be revised to include a warning as soon as there is reasonable evidence of an association of a serious hazard with a drug; a causal relationship need not have been proved. (emphasis added). See also *Motus v. Pfizer, Inc.*, 127 F.Supp.2d 1085, 1095 (C.D. Ca. 2000). Section 201.57(e) imposes an affirmative duty on a drug company to warn of a serious hazard associated with a drug as soon as possible. Furthermore, 21 C.F.R. § 314.70(c) provides a necessary mechanism for a manufacturer to add a warning: labeling changes to "add or strengthen a contraindication, warning, precaution, or adverse reaction" do not require FDA's prior approval. See 21 C.F.R. § 314.70(c)(6)(I)(A). Working in concert, these two regulations ensure that a drug company – as the entity that knows the most about the safety profile of a drug – warn physicians and patients of any serious hazards caused by a drug as quickly as possible.

Sections 201.57(e) and 314.70(c), through their clear and unambiguous language, empower a drug company to add a warning as soon as it becomes aware of a serious hazard associated with the use of its drug. In this circumstance, after receiving the results of VIGOR, Merck had reasonable evidence that using Vioxx caused a serious hazard – i.e., increased ones risk of having a heart attack by 5 times over those using naproxen. Upon receiving this data, Merck had an affirmative duty to warn physicians and the millions of patients taking Vioxx on a daily basis (many of them already at risk for an adverse cardiovascular event). *See* 30 Fed. Reg. 993 (Jan. 30, 1965).

Merck also argues that recent FDA statements suggest that it could not have changed the label. Even the most liberal reading of the FDA's recent statements does not suggest that a

2

drug manufacturer cannot change a drug label to add a warning of a serious hazard. Rather, the statement reads, "manufacturers typically consult with FDA prior to adding risk information to labeling." See Def.'s Opp at 4 (quoting 71 Fed. Reg. 3922, 3934 (2d. col.) (Jan. 24, 2006)). To be sure, the FDA as the agency with over-sight authority over the drug industry has the final approval over a drug label. In the instance where a serious hazard is identified, however, the FDA requires that a manufacturer warn immediately – prior to approval. The Agency through its own regulations creates an emphasis on patient safety first rather than FDA pre-approval of a warning. Furthermore, despite Merck's suggestion to the contrary, adding a warning would not have resulted in Vioxx being mis-labeled. As the Court in *McNellis v. Pfizer, Inc.*, No. 05-1286-JBS, 2005 WL 3752269 (D. N.J. Dec. 29, 2005), explained: "Thus, it is apparent that prior FDA approval need not be obtained, nor will a product be deemed mislabeled, if the manufacturer voluntarily or even unilaterally strengthens the approved warnings, precautions or potential adverse reactions upon the label pursuant to 21 C.F.R. § 314.70(c)(6)(iii)(A)." *McNellis*, 2005 WL 3752269, at 4-5.

Merck further argues that in this instance "the analysis and interpretation of complex data was involved" and that "the wording of a risk disclosure was not obvious" – both of which prevented it from adding a CV warning to the Vioxx label. Section 201.57(e) requires that a drug manufacturer warn when "as soon as there is reasonable evidence of an association of a serious hazard with a drug; a causal relationship need not have been proved." The regulation does not require a final analysis of all data before the duty to warn is arises, only "reasonable evidence of an association of a serious hazard." After the VIGOR results were received, Merck clearly had reasonable evidence that Vioxx caused a serious hazard – an increased risk of adverse CV events. A duty arose at that time. Though arguably there was additional clinical data to analyze from VIGOR and other studies, this in no way changed

3

Merck's obligation as of March 2000. Merck violated the duty imposed by § 201.57(e) by failing to warn physicians or patients of increased CV risks associated with Vioxx. In regard to the language that should have been used, it would seem that some warning would have been better than no warning at all.

And, lastly, Merck argues that it could not have added a warning because "the FDA is responsible for not only for overseeing the labeling of individual products, but also for overseeing the labeling of classes of products . . . Creating incentives for manufacturers to bypass the FDA in adding risk information to the labeling of their individual products is likely to upset the relationships that the FDA seeks to maintain among the labeled benefits and risks of the medical products it regulates." See Def.'s Opp. at 10-11.

It is hard to imagine drug manufacturers competing on how much risk information they can add to their drug labels. This is particularly true in light of Dr. Ed Scolnick's views on adding a CV warning to the Vioxx label. As he writes in a November 8, 2001 email to Merck executives, Douglas A. Greene and Bonnie J. Goldmann, "[I] assure you that I will NOT sign off on any lable (sic) that had a cardiac warning." See Plaintiff's Ex. 1.1098 (Ex. A). Despite all of the data evidencing serious CV risks associated with the use of Vioxx, Merck had no intention of adding a CV warning to the Vioxx label unless forced to do so by the FDA. The reason for this, and the reason that manufacturers would never "compete" to add risk information to drug labels, is obvious. Adding risk information or a warning to a label reduces sales. In support, Plaintiff would direct the Court's attention to Merck's own "Long Range Operating Plan" of July 2001 which indicates that adding a warning to the Vioxx label at that time would have decreased Vioxx sales by approximately **$1 billion.** See Plaintiff's Ex. 1.1135, at 17 (Ex. B).

4

Lastly, it is also hard to imagine how Merck was "helping" the FDA comport with some pre-conceived notion of how NSAIDs should be labeled by failing to add a warning to the Vioxx label. From March 2000 until the time Vioxx was removed from the market – in other words, throughout the time Merck failed to add a warning to the Vioxx label – millions of patients were being exposed to a substantially increased the risk of heart attack and/or stroke. Merck's argument that its refusal to add a warning somehow fit into the FDA's regulatory plan for NSAIDs is simply ridiculous. The bottom line is this: drug manufacturers are responsible for adequate warnings on its products.

Merck had a duty to add a warning to the Vioxx label and to alert physicians and patients of the increased risk of cardiovascular events when taking Vioxx. Judge Higbee was correct in instructing the jury in *Cona/McDarby* that Merck was clearly empowered to change the Vioxx label and to warn Vioxx users of an increased risk of adverse cardiovascular events. Merck's failure to do so was a clear violation of its duty under 21 C.F.R. § 201.57(e). This issue is a matter of law.

Plaintiff respectfully urges the Court to grant his motion and enter an order precluding Merck from arguing or offering testimony that it could not amend the Vioxx label to include warnings or precautions concerning cardiovascular risks without prior FDA approval. Such testimony or argument would be false, contrary to well-settled law, and misleading to a jury.

Respectfully submitted,

By: _____*P. Leigh O'Dell*_____
**Andy D. Birchfield, Jr.**
P. Leigh O'Dell
**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(334) 269-2343

**Mark Robinson**
Kevin Calcagnie
**ROBINSON, CALCAGNIE &
ROBINSON**
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)

**Counsel for Plaintiff**

6

**Russ M. Herman** (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
**PLAINTIFFS' LIAISON COUNSEL**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID, MEUNIER & WARSHAUER, L.L.C.
P.O. Box 960
191 East Second Street
New Roads, LA 70760
(225) 638-6137
(225) 638-8836 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL, ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

**Christopher A. Seeger**, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Arnold Levin, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Shelley Sanford, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W.
Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

**PLAINTIFF'S STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **Plaintiff's Reply in Support of His Motion *in Limine* to Preclude Merck From Arguing That FDA Regulations Prohibited the Company From Making Label Changes Without Prior Agency Approval** has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U. S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File and Serve Advanced in accordance with PreTrial Order No. 8, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 23rd day of June, 2006.

_____
P. Light O'Dell