UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | JUDGE FALLON |
| This document relates to | * | MAG. JUDGE KNOWLES |
| Gerald Barnett v. Merck & Co, Inc. | * | CASE NO. 02:06cv485 |

### Notice of Filing Deposition Testimony of Eric Topol and Responses to Merck's General Objections to the Testimony of this Witness

Plaintiff, Gerald Barnett, by and through his attorneys, hereby submits the following deposition testimony of Eric Topol for the Court's consideration and pre-trial rulings:

1. Plaintiff's Affirmative Designations with Defendant's Objections and Plaintiff's Responses.

2. Defendant's Counter-Designations with Plaintiff's Objections.

Plaintiff reserves the right to supplement this designation. Plaintiff reserves the right to offer any deposition testimony of Eric Topol designated by Defendant Merck & Co., Inc. Plaintiff reserves the right to withdraw any testimony designated herein.

Plaintiff responds to Merck's General objections as follows:

1) Merck makes general hearsay and 403 objections to various topics of testimony. Plaintiff responds that these types of objections are inappropriate to a general objection and should have been raised in response to specifically designated portions of text. It is difficult for the Court to issue a ruling and for Plaintiff to respond to such out-of-context claims. Where these objections were appropriately raised in Merck's table of objections to our

affirmative designations, Plaintiff made a specific response. Plaintiff refers the Court to the text of these items attached hereto in order to see what the actual testimony was.

In general, Plaintiff responds that these categories of testimony are non-hearsay. They are not being offered for the truth but rather: for notice to Merck (e.g. discussions and documents with Dr. Graham of FDA at 241:8-242:3) and go to the witness' state of mind and present sense impressions (notes of conversations about "60 Minutes" at 265:6-266:6; newspaper articles e.g. 138:21-24; 139:3-18; 139:21-140:11). Also, Dr. Topol is an expert in the field of cardiology and, to the extent that he relied on any hearsay items, that is permissible.

2) Merck objects to lack of personal knowledge under Rule 602 regarding internal Merck documents that were shown to Dr. Topol. The documents that were shown to Dr. Topol are statements made by a party opponent, are business records of Merck and therefore the documents themselves are admissible. The documents at issue concern internal Merck discussions regarding a paper that Dr. Topol authored and sent to Merck to review. These documents are being used to ask the doctor about his personal knowledge of conversations that he had with Merck employees. The testimony at issue relates directly to his personal knowledge and is admissible. The fact that these comments were not shown to Dr. Topol is also highly relevant in itself and relates to Merck's credibility.

3) Merck objects that "on a number of occasions" Dr. Topol is asked to give speculative testimony, including speculation about Merck's state of mind. As the Court is aware, dr. Topol is a world-renowned cardiologist and highly respected in his profession. Testimony that was elicited from this witness was based upon his vast personal experience, training, and education in this field. The testimony cited by Merck (72:13-19 and 119:2-5) calls for the witness' personal knowledge and should, therefore, be admissible.

4) Merck's next general objection is that "Plaintiff's counsel makes unfairly prejudicial comments and asks unfairly prejudicial questions." This objection is so overbroad that it is nearly impossible to respond. Any particular instances of alleged prejudice can be called to the Court's attention, but Plaintiff believes that the designated testimony is relevant to Plaintiff's claims in this action and is not unfairly prejudicial to Merck.

5) Merck's final general objection is that Dr. Topol gives testimony in areas where he is not an expert. Again, Plaintiff responds that Dr. Topol is an extremely qualified witness to testify in a broad spectrum of areas that relate to Plaintiff's claims. In addition to his vast personal experience as a cardiologist and head of one of the most prestigious medical clinics in the world, especially as it relates to cardiovascular issues, he is an educator, and has also been chaired numerous clinical studies over the last twenty years (including clinical studies with Merck and for the National Institutes of Health), is on the editorial boards and serves as a peer-reviewer for well-respected medical journals, has authored or co-authored in excess of 900 publications in the scientific literature, and has co-author of thirty books and 164 book chapters primarily in the field of cardiology. Dr. Topol is exceedingly well qualified as an expert in cardiovascular medicine and topics related thereto.

DATED: June 23, 2006                                            Respectfully submitted,

By: _____
**Mark P. Robinson, Jr.**
Kevin F. Calcagnie
Carlos A. Prietto, III
Ted B. Wacker
Lexi W. Myer
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive, 7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

**Andy D. Birchfield, Jr.**
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(334) 269-2343 (telephone)

**Counsel for Plaintiff**

| | |
|---|---|
| **Russ M. Herman**, Esquire<br>Leonard A. Davis, Esquire<br>Stephen J. Herman, Esquire<br>HERMAN, HERMAN, KATZ & COTLAR<br>820 O'Keefe Avenue<br>New Orleans, LA 70113<br>PH: (504) 581-4892<br>**PLAINTIFFS' LIAISON COUNSEL** | **Christopher A. Seeger**, Esquire<br>SEEGER WEISS<br>One William Street<br>New York, NY 10004<br>(212) 584-0700 (telephone)<br>(212) 584-0799 (telecopier)<br>**Co-Lead Counsel** |
| Richard J. Arsenault, Esquire<br>NEBLETT, BEARD & ARSENAULT<br>2220 Bonaventure Court, P.O. Box 1190<br>Alexandria, LA 71301-1190<br>(318) 487-9874 (telephone)<br>(318) 561-2591 (telecopier) | Elizabeth J. Cabraser, Esquire<br>LIEFF, CABRASER, HEIMANN &<br>BERNSTEIN, LLP<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Francisco, CA 94111<br>(415) 956-1000 (telephone)<br>(415) 956-1008 (telecopier) |
| Thomas R. Kline, Esquire<br>KLINE & SPECTER, P.C.<br>1525 Locust Street, 19th Floor<br>Philadelphia, PA 19102<br>(215) 772-1000 (telephone)<br>(215) 772-1371 (telecopier) | Arnold Levin, Esquire<br>LEVIN, FISHBEIN, SEDRAN & BERMAN<br>510 Walnut Street, Suite 500<br>Philadelphia, PA 19106<br>(215) 592-1500 (telephone)<br>(215) 592-4663 (telecopier) |
| Carlene Rhodes Lewis, Esquire<br>GOFORTH, LEWIS, SANFORD LLP<br>2200 Texaco Heritage Plaza<br>1111 Bagby<br>Houston, TX 77002<br>(713) 650-0022 (telephone)<br>(713) 650-1669 (telecopier) | Drew Ranier, Esquire<br>RANIER, GAYLE & ELLIOT, L.L.C.<br>1419 Ryan Street<br>Lake Charles, LA 70601<br>(337) 494-7171 (telephone)<br>(337) 494-7218 (telecopier) |
| Mark Robinson, Esquire<br>ROBINSON, CALCAGNIE & ROBINSON<br>620 Newport Center Drive, 7th Floor<br>Newport Beach, CA 92660<br>(949) 720-1288 (telephone)<br>(949) 720-1292 (telecopier) | Christopher V. Tisi, Esquire<br>ASHCRAFT & GEREL<br>2000 L Street, N.W., Suite 400<br>Washington, DC 20036-4914<br>(202) 783-6400 (telephone)<br>(307) 733-0028 (telecopier) |

**PLAINTIFF'S STEERING COMMITTEE**

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Phillip A. Wittmann and Merck's Counsel, Andrew L. Goldman by e-mail and/or U.S. Mail and e-mail upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. #8, on this the 23rd day of June, 2006.

_____
CHRISTY L. WESTAD