UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | JUDGE FALLON |
| This document relates to | * | MAG. JUDGE KNOWLES |
| Gerald Barnett v. Merck & Co, Inc. | * | CASE NO. 02:06cv485 |

### Notice of Filing Deposition Testimony of Susan Baumgartner and Responses to Merck's General Objections to the Testimony of this Witness

Plaintiff, Gerald Barnett, by and through his attorneys, hereby submits the following deposition testimony of Susan Baumgartner for the Court's consideration and pre-trial rulings:

1. Plaintiff's Affirmative Designations with Defendant's Objections and Plaintiff's Responses.

2. Defendant's Counter-Designations with Plaintiff's Objections.

Plaintiff reserves the right to supplement this designation. Plaintiff reserves the right to offer any deposition testimony of Susan Baumgartner designated by Defendant Merck & Co., Inc. Plaintiff reserves the right to withdraw any testimony designated herein.

Plaintiff also responds to Merck's general objections to Plaintiff's Affirmative Deposition Designations for Susan Baumgartner as follows:

1) Merck objects that there are numerous instances where Plaintiff's counsel focuses on Merck sales and profits. Merck claims that this type of evidence is not relevant, especially during the compensatory phase of the trial. This issue is the subject of a currently pending Motion in Limine brought by Merck. Plaintiff has set forth his detailed position in his

Objection to that motion. Plaintiff responds here simply that the profits and sales of Vioxx are highly relevant at all phases of the trial as they relate directly to the failure to warn and negligence claims as well as to the plausibility of Merck's proffered defenses. This evidence illustrates Merck's motive to sell Vioxx, to hide the true CV risks of the drug, and the credibility of Merck/this witness.

2) Merck makes the general objection to testimony relating to the "Fries letter" and claims that the events alleged in the letter "have nothing to do with Mr. Barnett or his doctors." This document is the subject of a currently pending Motion in Limine brought by Merck. Plaintiff has set forth his detailed response regarding the use of this document in his Objection to that motion. However, with respect to use of this document with Susan Baumgartner, Plaintiff simply asserts that the document is highly relevant to all Vioxx actions, including Mr. Barnett, even though neither he nor his doctors were specifically mentioned in the letter. This letter is highly relevant to Plaintiff's failure to warn claims. This document is one piece of evidence that reflects that Merck had knowledge and notice of the potential risks associated with Vioxx. A key issue in this case is whether Merck knew that safety information was reaching its target audience (i.e. physicians and end-user consumers such as Mr. Barnett) and whether Merck directly or indirectly placed misinformation about the risks associated with Vioxx into the marketplace. As such, this letter and the testimony related to it given by Susan Baumgartner are relevant and should be permitted.

3) Merck's third general objection is that questioning by Plaintiff's counsel is, at times, argumentative and sarcastic. Plaintiff responds that the questioning of this witness was proper cross-examination. Plaintiff will address specific instances where appropriately raised in conjunction with designated testimony.

DATED: June 23, 2006                                        Respectfully submitted,

By: _____
**Mark P. Robinson, Jr.**
Kevin F. Calcagnie
Carlos A. Prietto, III
Ted B. Wacker
Lexi W. Myer
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive, 7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

**Andy D. Birchfield, Jr.**
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(334) 269-2343 (telephone)

**Donald C. Arbitblit**
LIEFF, CABRASER, HEIMANN and
BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California  94111
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

**Counsel for Plaintiff**

**Russ M. Herman**, Esquire
Leonard A. Davis, Esquire
Stephen J. Herman, Esquire
HERMAN, HERMAN, KATZ & COTLAR
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
**PLAINTIFFS' LIAISON COUNSEL**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)


Thomas R. Kline, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Carlene Rhodes Lewis, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive, 7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

**Christopher A. Seeger**, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Arnold Levin, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337) 494-7171 (telephone)
(337) 494-7218 (telecopier)


Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W., Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

**PLAINTIFF'S STEERING COMMITTEE**

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Phillip A. Wittmann and Merck's Counsel, Andrew L. Goldman by e-mail and/or U.S. Mail and e-mail upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. #8, on this the 23rd day of June, 2006.

CHRISTY L. WESTAD