UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 06-0485 | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| GERALD D. BARNETT, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * | | |

**OPPOSITION OF MERCK & CO., INC. ("MERCK") TO PLAINTIFF'S MOTION RE: SEQUENCING OF THE PUBLICATION OF DEPOSITION DESIGNATIONS**

Plaintiff moves the Court to allow his designations of deposition testimony to be played in their entirety before any of Merck's designations are heard, "so that the jury understands which party is eliciting particular testimony from the witness." This approach is an unnecessary and inefficient departure from the way in which deposition testimony was presented in *Plunkett v. Merck*. It would create, rather than alleviate, juror confusion and would cause an undue waste of time. For these reasons, explained further below, the Court should deny plaintiff's motion and

816471v.1

direct that deposition testimony be played as it was in *Plunkett v. Merck*: in the order in which it was taken.

## I. PLAINTIFF'S SUGGESTED APPROACH WOULD UNDULY PROLONG TRIAL AND LEAD TO JUROR CONFUSION.

The designations of a particular witness' testimony should be played as they were in both *Plunkett I* and *Plunkett II*. That is to say, the jury should hear deposition testimony in context and at once, in the order in which it was taken. For example, the testimony of Dr. McCaffrey, presented in its natural sequence, would be comprised of: relevant portions of Merck's examination, followed by relevant portions of plaintiff's examination, and ending with relevant portions of Merck's follow-up questions. Under plaintiff's approach, plaintiff would play excerpts of his examination first, followed by portions of Merck's examination.[1] The Court should reject this for two reasons.

First, plaintiff's approach would unduly prolong trial. Allowing plaintiff to present his deposition designations and then requiring Merck to separately play its counter-designations is inefficient and a waste of time in a two-week case. Were the Court to adopt plaintiff's proposal, Merck would be required to play substantial portions of testimony already presented by plaintiff to put its counter-designations into context. This would result in unnecessarily duplicative testimony and a waste of judicial resources.

Second, plaintiff's approach would be much more confusing to the jury than the approach the Court adopted in the *Plunkett* trials. Playing the parties' designations separately, as plaintiff suggests, would leave the jury to sort out and make sense of disjointed testimony on what are often difficult and technical subjects. (This is especially true given that the parties have

---

[1] To the extent plaintiff is requesting that Merck's designations be played during its case, rather than immediately following plaintiff's designations, his motion should be denied for the same reasons articulated above.

designated testimony from both their own examinations and the opposing party's examinations. Plaintiff's proposal thus contemplates the presentation of his designations of plaintiff's examination *and* Merck's examination, followed by Merck's designations of the same.) The only way to avoid confusion is to do what the Court directed in *Plunkett*: play the admissible excerpts in order. Any confusion plaintiff claims will occur can be cured by a simple instruction to the jury, such as: "You will now hear the testimony of Dr. McCaffrey. The first part of the video consists of questions by Merck's counsel, followed by questions by plaintiff's counsel, and concluding with the follow-up questions of Merck's counsel."[2]

In short, the Court should exercise its discretion and continue to require the parties to present deposition testimony in the same manner it did in *Plunkett I* and *Plunkett II*. This method is efficient, avoids juror confusion, and takes into account the special circumstances involved with presenting deposition testimony at trial.

**II.   CONCLUSION.**

For the foregoing reasons, Merck respectfully requests that the Court deny Plaintiff's Motion Re: Sequencing of the Publication of Deposition Designations.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

---

[2] Although it is fairly obvious on the videotapes when the attorney conducting the examination has changed, this instruction may nevertheless aid the jury in fully understanding the sequence of questioning.

816471v.1

Philip S. Beck
Andrew Goldman
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:      312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:      202-434-5029

And

Brian Currey
Catalina J. Vergara
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:      213-430-6407

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

    I hereby certify that the above and foregoing Opposition to Plaintiff's Motion Re: Sequencing of the Publication of Deposition Designations has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Mark Robinson by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 26th day of June, 2006.

                                                  */s/ Dorothy H. Wimberly*

816471v.1