UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 06-0485 | * | |
| | * | MAGISTRATE JUDGE |
| GERALD D. BARNETT, | * | KNOWLES |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF MOTION OF
MERCK & CO., INC. ("MERCK") TO EXCLUDE PLAINTIFF'S
"REBUTTAL" EXPERT, PROFESSOR NICHOLAS JEWELL**

On June 21, plaintiff served the "Rebuttal Expert Witness Report" of Professor Nicholas Jewell, a biostatistician. Professor Jewell proposes to testify on certain statistical issues related to epidemiology. (*See* Rebuttal Expert Witness Report of Prof. Nicholas Jewell ("Jewell Rebuttal Rpt."), attached hereto as Exhibit A.) Merck seeks an order precluding Professor Jewell's testimony on the following grounds:

- ***The designation is untimely.*** This Court's scheduling order required plaintiff to designate expert witnesses, and to serve expert reports, by May 22. The

scheduling order made no provision for rebuttal experts. Plaintiff made a strategic decision not to designate Professor Jewell as an expert, perhaps believing that the ten experts he did identify, including two biostatisticians (Professor Kronmal and Dr. Moye) and one epidemiologist (Dr. Farquhar) were more than enough for a two week trial.

- ***Plaintiff repeatedly said Professor Jewell was a "non-testifying" expert and denied Merck discovery on that basis.*** Instead of designating Professor Jewell on May 22, plaintiff elected to have his epidemiologist, Dr. Farquhar, rely on an earlier written Jewell report. When Merck sought documents and testimony from Professor Jewell, the PSC repeatedly refused, stating that Jewell is a non-testifying expert. Only after Dr. Farquhar was unable to answer questions about Professor Jewell's report did plaintiff decide to designate Professor Jewell as a "rebuttal" expert. Having refused discovery on the grounds that Professor Jewell is "non-testifying," the Court should not permit plaintiff to now designate him as a testifying expert.

- ***Professor Jewell does not "rebut" the testimony of any Merck expert.*** Professor Jewell's "rebuttal" expert report expressly states that he is responding to questions asked by Merck's counsel at Dr. Farquhar's deposition, *i.e.*, questions that Dr. Farquhar could not answer. That is not rebuttal testimony. Professor Jewell also claims to be responding to certain issues raised by Merck's expert biostatistician, KyungMann Kim, Ph.D. But Dr. Kim's expert report makes no mention of these issues, because they make no difference to his opinion; he so testified at his deposition. By calling Professor Jewell a "rebuttal" expert, plaintiff is simply trying to name a new, non-rebuttal expert well past the deadline, and too close to trial.

- ***Professor Jewell's testimony would be cumulative.*** A few days ago, plaintiff served a second supplemental report by Dr. Farquhar. That report covers the same issues covered in Professor Jewell's "rebuttal" report.

For these reasons, the Court should exclude the testimony of Professor Jewell.

## I. PLAINTIFF DID NOT TIMELY DISCLOSE PROFESSOR JEWELL AS A TESTIFYING EXPERT.

The Court's scheduling order required plaintiff to designate his testifying experts by May 22, 2006. He timely designated ten such experts. His designation of Professor Jewell on June 21 was untimely, as discussed below.

Professor Jewell first surfaced in this case in connection with plaintiff's testifying epidemiologist, Dr. John Farquhar. On May 22, plaintiff served a supplemental report by Dr.

Farquhar that referenced a report by Professor Jewell. (*See* Supplemental Expert Report of Dr. Farquhar, attached hereto as Exhibit B.) PSC member Don Arbitblit provided Merck with a copy of the initial Jewell report on the same day. (*See* Initial Expert Report of Professor Jewell, attached hereto as Exhibit C.)

Merck promptly sought to take Professor Jewell's deposition, but on May 30 Mr. Arbitblit refused, claiming that Merck was not entitled to depose a "non-testifying expert." (*See* May 30, 2006 email from D. Arbitblit to A. Goldman, attached hereto as Exhibit D.) Counsel for Merck continued to press for discovery of Professor Jewell, even providing a draft motion to compel to plaintiff's counsel in an effort to secure cooperation. Instead, *on June 2*,[1] plaintiff once again declined to make Professor Jewell available for deposition, again characterizing him as a non-testifying expert. (*See* June 2, 2006 email from D. Arbitblit to A. Goldman, attached hereto as Exhibit E.)

Merck took Dr. Farquhar's deposition on June 8, 2006. At the deposition, Dr. Farquhar reaffirmed his reliance on Professor Jewell's report. Dr. Farquhar was unable, however, to answer questions about Jewell's analysis. Instead, he testified that the questions were better addressed to Professor Jewell. Consequently, in a June 13 email, counsel for Merck again sought Professor Jewell's deposition. (*See* June 13, 2006 email from A. Goldman to D. Arbitblit (containing extensive quotes from the deposition of Dr. Farquhar), attached hereto as Exhibit F.) In response, on June 15, plaintiff's counsel stated that Professor Jewell would be designated as a "rebuttal expert," and that he would be made available for deposition following service of his report. (*See* June 15, 2006 email from D. Arbitblit to A. Goldman, attached hereto as Exhibit G.)

---

[1] The date is significant because by June 2 plaintiff had received the report of KyungMann Kim, Ph.D., Merck's expert biostatistician. As discussed below, plaintiff now claims that Professor Jewell has been designated – in part – to rebut Dr. Kim's testimony.

3

Plaintiff provided Professor Jewell's "Rebuttal Expert Witness Report" on June 21. The report states that it "is submitted to respond to some issues raised by defense counsel in the deposition of Dr. John Farquhar and the Expert Witness Statement and deposition of defense biostatistician Dr. Kim." The first part of the report concerns the questions posed to Dr. Farquhar that he could not answer. As Professor Jewell puts it in his report, "In the deposition of Dr. Farquhar, defense counsel challenged the definition of the 'high risk' group that I analyzed, as described in Dr. Farquhar's supplemental report of May 2006. This is my response." (*See* Jewell Rebuttal Rpt. at 1-2.) Another part of the report addresses the so-called "log (time)" issue – a statistical issue relating to whether increased risk shown in the Vioxx arm of the APPROVe study was constant, or existed only after more than 18 months of use.

For the reasons discussed below, plaintiff's designation of Professor Jewell was untimely, and the Court should exclude his testimony.

### A. Plaintiff's Designation of Professor Jewell as a "Rebuttal Expert" Violates the Court's Scheduling Order

Plaintiff has already identified ten experts in this case, including two testifying biostatisticians, Richard Kronmal, Ph.D., and Lemuel Moye, M.D., Ph.D., and a testifying epidemiologist, John Farquhar, Ph.D. There is no need for plaintiff to add another expert to this case. Plaintiff will try to rely on Federal Rule of Civil Procedure 26(a)(2)(C) to support his purported right to add Professor Jewell as a rebuttal expert. That rule provides: "*In the absence of other directions from the court or stipulation by the parties*, the disclosures [of expert testimony] shall be made at least 90 days before the trial date or the date the case is to be ready for trial or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B), within 30 days after the disclosure made by the other party." FED. R. CIV. P. 26(a)(2)(C) (emphasis added). Since trial is a month

away, plaintiff may attempt to rely on the 30-day window provided by the latter part of the rule. "[T]he thirty day requirement in Rule 26(a)(2)(C) only applies," however, "'in the absence of other directions from the court or stipulation by the parties.'" *Eckelkamp v. Beste*, 315 F.3d 863, 872 (8th Cir. 2002) ("The district court's case order set its management requirements and did not provide for rebuttal experts, and the court was entitled to hold the parties to that order."); *see also Auscape Int'l v. Nat'l Geographic Soc'y*, No. 02 CIV 6441(LAK), 2003 WL 21146628, at *1 (S.D.N.Y. May 13, 2003) ("Rule 26(a)(2)(C) establishes a timetable for expert disclosures but that timetable is strictly a default option, applicable only if the Court does not otherwise direct.").

The Court's scheduling order here does not allow for rebuttal experts, and understandably so, given that there are only two months between plaintiff's initial expert disclosures and the trial date. The Court's scheduling order governs expert disclosures, as required by local rule. *See* U.S. Dist. Ct. Rules, D. La. LR 26.3E ("The scope and timing of disclosures under FRCP 26(a)(2) . . . shall be as directed by the court in the order issued after the preliminary conference held pursuant to Article One (1) of the Civil Justice Expense and Delay Reduction Plan of this court."). Thus, because plaintiff did not timely designate Professor Jewell as an expert he should be excluded from testifying.

### B. Plaintiff Cannot Use the Work Product Doctrine to Shield Professor Jewell from Discovery and Then Waive Privilege 13 Days Later for Strategic Reasons.

Merck requested Professor Jewell's deposition before the close of discovery because plaintiff's expert Dr. Farquhar relied on Professor Jewell in his expert report. Plaintiff refused, and asserted work-product protection. In fact, plaintiff refused to produce Professor Jewell for deposition, *both before and after plaintiff received Dr. Kim's expert report*. Plaintiff used an assertion of work-product protection to deny Merck discovery with respect to Professor Jewell. Now plaintiff wants to engage in a "delayed waiver" of that alleged work-product protection.

The Court should not allow this kind of gamesmanship. If plaintiff had wanted Professor Jewell to testify, plaintiff should have made Professor Jewell available for a deposition when Merck asked for it.

### C.     Professor Jewell Is Not a "Rebuttal Expert."

The Court's scheduling order precludes rebuttal experts. And the Court should not allow plaintiff to repeatedly tell Merck that Professor Jewell is a non-testifying expert only to designate Professor Jewell after the close of expert discovery. But even if the Court agrees with plaintiff on these points, it should nevertheless exclude Professor Jewell because his testimony is not "rebuttal."

Under Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure, rebuttal disclosures of expert testimony are those that relate to evidence that is "intended solely to contradict or rebut evidence on the same subject matter identified by another party" in its expert disclosures. FED. R. CIV. P. 26(a)(2)(C). Thus, under the plain language of the rule, plaintiff's rebuttal testimony must be limited to the subjects addressed by Merck's experts. *See, e.g. Gilbane Bldg. Co. v. Downers Grove Cmty. High Sch.*, No. 02 C 2260, 2005 WL 838679, at *11 (N.D. Ill. Apr. 5, 2005) ("Because the [plaintiff's] CCL Report goes far beyond rebutting the opinions expressed in [defendant's] expert report, the [plaintiff's] CCL Report is not a rebuttal report."). To determine whether a disclosure is proper rebuttal testimony under Rule 26(a)(2)(C), "it will often be helpful to answer these three questions: First, what evidence does the rebuttal expert purport to contradict or rebut? Second, is the evidence disclosed as rebuttal evidence on the same subject matter as that identified by another party in its Rule 26(a)(2)(B) disclosure? Third, is the evidence disclosed as rebuttal evidence intended solely to contradict or rebut that evidence?" *Poly-America, Inc. v. Serrot Int'l, Inc.*, No. CIV A 300CV1457D, 2002 WL 1996561, at *15 (N.D. Tex. Aug. 26, 2002).

As shown below, Professor Jewell's rebuttal expert report is not proper rebuttal evidence.

### 1. *Professor Jewell Should Not Be Permitted to Respond to Questions that Dr. Farquhar Could Not Answer Under the Guise of Rebuttal Testimony.*

With his "rebuttal report," Professor Jewell is now trying to answer questions that Dr. Farquhar – plaintiff's own expert – could not answer. This is not proper rebuttal testimony, because such explanations are not intended to rebut or contradict evidence identified by Merck's experts but to bolster and clarify evidence identified by *plaintiff's* expert.

As discussed above, Merck requested Professor Jewell's deposition before the close of discovery, and plaintiff refused. Plaintiff's view changed only after Dr. Farquhar's deposition. At the deposition, Dr. Farquhar repeatedly deferred to Professor Jewell when it came to certain statistical inquiries and even suggested that Merck ask questions of Professor Jewell:

> Q: Dr. Farquhar, do you agree or disagree that "Post hoc subgroup analyses undertaken because of an intriguing trend seen in the results or selective reporting of certain subgroup analyses can be especially misleading"?
>
> (objection omitted)
>
> A: I propose that that question be asked for Professor Jewell and put into the context of the APPROVe study and the specific analyses that he and I performed.

(*See* June 8, 2006 Deposition of John Farquhar, M.D. at 150:5-14, attached hereto as Exhibit H.) Professor Jewell's report states that he has been designated to fill in the gaps of Dr. Farquhar's testimony by answering questions Dr. Farquhar did not know the answers to, under the guise of rebuttal testimony. Further, Professor Jewell acknowledges that his opinions on the Alzheimer's data are responsive to *questions* Merck counsel asked Dr. Farquhar at his deposition, not *opinions* of Merck experts (*see, e.g.,* Jewell Rebuttal Rpt. at 10). Again, this does not qualify as "rebuttal" testimony under the federal rules.

### 2. *Professor Jewell's Opinions about Log (Time) are Not Rebuttal Testimony.*

According to Professor Jewell, Dr. Kim "stated that the assumption of the COX proportional hazards model was properly assessed using linear time rather than log(time) in an interaction term in the model." (Jewell Rebuttal Rpt. at 4.) Professor Jewell is mistaken. Dr. Kim did not discuss log (time) in any detail in his expert report, mentioning it only in the context of summarizing the APPROVe study. In fact, when plaintiff's counsel specifically asked Dr. Kim about it at his deposition, Dr. Kim responded that it did not affect his opinions one way or the other:

> Q: Read that next sentence, please.
>
> A: The primary method for testing the proportional hazards assumption will be by including the factors treatment times log time in the model. Nonsignificance (P greater than .050) of this factor implies proportionality, namely, constancy of treatment effect over time.
>
> Q: Thank you. Is that another analysis that you plan to include in your updated report as referenced at page 26?
>
> A: Not specifically. As you'll note throughout my report, I was summarizing the main findings from the study. So when I look at the report, certainly I will pay attention to those aspects. And when I felt that it was critical to the understanding and interpretation of the data, I will make comment. But as you've noticed, I haven't made hardly any comments on the proportionality of the hazard, excepting I believe one or two occasions.
>
> Q: Where in your report do you refer to the proportionality of hazard?
>
> A: Not specifically in terms of the proportionality of the hazard, but I believe I mention my observation from APPROVe trials about the divergence of the Kaplan-Meier curves when I was reviewing the Bresalier publication.

(June 12, 2006 Deposition of KyungMann Kim at 109:5-110:6, attached hereto as Exhibit I.) Professor Jewell's opinions on log (time) are not responsive to anything in Dr. Kim's expert report or deposition testimony and must be precluded as improper rebuttal testimony.

8

816532v.1

## II. THE COURT SHOULD EXCLUDE PROFESSOR JEWELL'S REBUTTAL REPORT AS IT IS CUMULATIVE WITH THE TESTIMONY OF DR. FARQUHAR.

Finally, on June 23, 2006, plaintiff served Merck with Dr. Farquhar's *second* supplemental report. (*See* Second Supplemental Report of Dr. Farquhar, attached hereto as Exhibit I.) This new report addresses the same issues that Professor Jewell addresses in his "rebuttal" report. Thus, Professor Jewell's testimony on these issues at trial would be entirely cumulative and wasteful of the Court's time and resources. *See* FED. R. EVID. 403. "It is well established that evidence which is merely repetitious and cumulative of testimony already introduced may be excluded by the court." *Meadows & Walker Drilling Co. v. Phillips Petroleum Co.*, 417 F.2d 378, 382 (5th Cir. 1969). The Fifth Circuit has noted that "[w]e do want to discourage attorneys from parading additional experts before the court in the hope that the added testimony will improve on some element of testimony by the principal expert." *Leefe v. Air Logistics, Inc.*, 876 F.2d 409, 410-11 (5th Cir. 1989) (affirming the district court's exclusion of a medical expert's testimony on the ground that the testimony was cumulative). Here too, no valid purpose would be served by a parade of plaintiff's experts who simply repeat the same conclusions. The Court should exclude Professor Jewell's rebuttal report for the additional reason that it is cumulative with the testimony of Dr. Farquhar.

## III. CONCLUSION.

For the reasons expressed above, Merck respectfully requests that the Court exclude Professor Jewell's testimony as untimely and cumulative, or alternatively, preclude significant portions of his testimony.

Respectfully submitted,

/s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Andrew Goldman
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
Phone: 312-494-4400
Fax:    312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

And

Brian Currey
Catalina J. Vergara
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: 213-430-6000
Fax:    213-430-6407

Attorneys for Merck & Co., Inc.

816532v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Support of Motion of Merck to Exclude Plaintiff's "Rebuttal" Expert, Professor Nicholas Jewell has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Mark Robinson by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 26th day of June, 2006.

/s/ *Dorothy H. Wimberly*