UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: VIOXX PRODUCTS LIABILITY LITIGATION

MDL No. 1657

Section L

Judge Eldon E. Fallon

Magistrate Judge Daniel E. Knowles, III

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED JUN 20 2006
LORETTA G. WHYTE
CLERK

THIS DOCUMENT RELATES TO:
*Robert G. Smith v. Merck & Co., Inc.*, Case No. 2:05-CV-04378

### PLAINTIFF ROBERT G. SMITH'S MOTION TO COMPEL AND STAY

Despite Plaintiff's repeated request, Merck has refused to provide the call notes of the Merck representative's conversations with Drs. Grefer and Courtade – Plaintiff's prescribing physicians – from 2002 through 2004 and has refused to produce any documents from the district or regional sales managers related to Merck's conversations with these same doctors. Because this information is critical to the fair and complete examination of Mr. Smith's prescribing doctors, Plaintiff asks this Court to compel the production of the requested material and stay the depositions of these witnesses until the production is complete.

I.  **FACTS**

Merck has repeatedly attempted to shield the conversations its sales representatives had with prescribing doctors from discovery during the course of this litigation. Merck has continued those attempts in Mr. Smith's case. On February 24, 2006, Merck served Plaintiff with its Profile Form response in the above-referenced case. As part of this form – a form approved by this Court – Merck was required to produce documents reflecting conversations between Merck and Mr. Smith's prescribing physicians. *See* Merck Case Profile Form §VI. Instead of producing the responsive documents, Merck referenced information previously-produced under Pre-Trial Order 21. *Id.* This

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

Order does not, however, require production of all communications between the Defendant and Drs. Grefer and Courtade as requested in the Merck Case Profile Form. Therefore, any sales representative call notes contained in other databases – such as the BELIEF database – has not been produced. Plaintiff's understanding is that Merck switched to the BELIEF database for tracking its sales representatives calls on doctors in 2002. Because the only information produced thus far was notes contained in the FACTS database, any communications between Drs. Grefer or Courtade and Merck sales representatives after 2002 would not be included in the production.

Additionally, counsel for Plaintiff has specifically requested that Merck produce any documents related to the Merck's regional or district sales managers and Drs. Grefer and Courtade. In other words, Plaintiffs have requested not only the information the individual sales representatives compiled on these doctors but also the documents reflecting the research or study the higher-ranking sales employees gathered on Mr. Smith's prescribing doctors and any conversations these same employees had with Drs. Grefer and Courtade. Although this information is properly-requested in the Merck Case Profile Form, Merck has refused to produce this relevant information. *See* correspondence between Plaintiff's counsel and Merck counsel, attached as **Exhibit A**.

Adding urgency to Plaintiff's need for these requested documents, Merck has unilaterally scheduled the depositions of Drs. Grefer and Courtade for June 29, 2006 and June 22, 2006, respectively. Because Plaintiff cannot properly take the depositions of Drs. Grefer and Courtade, Mr. Smith asks this Court to compel Merck to produce the requested information related to Merck's previous communications with these doctors and further request the stay of the currently-scheduled depositions until that information has been produced.

## II. ARGUMENT

Federal Rule of Civil Procedure 37 permits this Court to compel complete discovery responses to Plaintiff's properly-propounded discovery request. F.R.C.P. 37. This Court has previously determined that communications between Merck's sales representatives and a plaintiff's prescribing physician are proper subjects for discovery in this litigation. *See* PTO 21. Plaintiff is only asking that all of the available information regarding these communications be produced in this case – a case currently set for trial on September 11, 2006. Section (a)(3) of Rule 37 specifically states that an incomplete answer should be treated as a failure to respond. Based upon Merck's failure, Plaintiff asks this Court to compel complete production of the sales representatives and sales managers' documents regarding Plaintiff's doctors and conversation with those doctors. And because this information is necessary to fully depose the prescribing physicians, Plaintiff asks this Court to stay the depositions until Merck's production is complete.

## III. CONCLUSION

For the foregoing reasons, Plaintiff asks the Court to order Merck to produce all call notes and documents relating to its sales representatives' conversations with Drs. Grefer and Courtade regarding Vioxx. Plaintiff also asks this Court to compel Merck to produce all documents related to Merck's regional and district sales managers' conversations with and research of Drs. Grefer and Courtade. Further, Plaintiff asks the depositions of Drs. Grefer and Courtade be stayed until such time that Merck has produced the requested documents.

Dated: June 9, 2006

Respectfully submitted,

Walter Umphrey
Texas Bar No. 20380000
**PROVOST UMPHREY LAW FIRM LLP**
490 Park Street
Beaumont, Texas 77701
(409) 835-6000; fax (409) 838-8888

Mikal Watts
Texas Bar No. 20981820
**THE WATTS LAW FIRM LLP**
Tower II Building, 14th Floor
555 North Carancahua Street
Corpus Christi, Texas 78478
(361) 887-0500; fax (361) 887-0055

Drew Rainer
Louisiana Bar No. 8320
**RANIER, GAYLE & ELLIOT LLC**
1419 Ryan Street
Lake Charles, Louisiana 70601
(337) 494-7171; fax (337) 494-7218

Grant Kaiser
Texas Bar No. 11078900
**THE KAISER FIRM LLP**
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5001
(713) 223-0000; fax (713) 223-0440

John Eddie Williams, Jr.
Texas Bar No. 21600300
Amy M. Carter
Texas Bar No. 24004580
**WILLIAMS BAILEY LAW FIRM LLP**
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
(713) 230-2200; fax (713) 643-6226

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF CONFERENCE**

I hereby certify that attorney Grant Kaiser repeatedly conferred with counsel for Merck in an attempt to resolve this discovery dispute; however, an agreement could not be reached.

Amy M. Carter

## CERTIFICATE OF SERVICE

I hereby certify that **Plaintiff Robert G. Smith's Motion to Compel and Stay** has been served on the following counsel by Lexis/Nexis File and Serve, U.S. Mail, e-mail and/or hand-delivery on this 9th day of June, 2006:

Douglas R. Marvin — dmarvin@wc.com
E. Elaine Horn — ehorn@wc.com
**Williams & Connolly LLP**
725 Twelfth Street Northwest
Washington, D.C. 20005
(202) 434-5000; fax (202) 434-5029

Philip S. Beck — philip.beck@bartlit-beck.com
Adam L. Hoeflich — adam.hoeflich@bartlit-beck.com
Carrie A. Jablonski — carrie.jablonski@bartlit-beck.com
**Bartlit, Beck, Herman, Palenchar & Scott LLP**
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
(312) 494-4400; fax (312) 494-4440

Phillip A. Wittmann — pwittmann@stonepigman.com
Dorothy H. Wimberly — dwimberly@stonepigman.com
**Stone, Pigman, Walther, Wittmann LLC**
546 Carondelet Street
New Orleans, Louisiana 70130
(504) 581-3200; fax (504) 581-3361

_____
Amy M. Carter

# THE KAISER FIRM L.L.P.

**GRANT KAISER**
CERTIFIED CIVIL APPELLATE LAW
PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

May 27, 2006

Carrie Jablonski                                               Via Email Only
Bartlit Beck Herman Palenchar & Scott LLP
54 West Hubbard Street, Suite 300
Chicago, IL  60610

Re:   *In re: VIOXX MDL 1657*
      *Smith v. Merck*

Dear Ms. Jablonski:

Thanks for your email enclosing a "courtesy copy" of two physician deposition notices that you served today, for Drs. Grefer and Courtade. In response, while I thank you for sending a "courtesy" copy, I was under the impression that you would have coordinated with me on the scheduling of depositions in this case, in accordance with the Federal Rules of Civil Procedure and Judge Fallon's pretrial orders. I was already in the process of obtaining dates for these depositions to pass by you for your approval. Given that, we will, in any event, conduct a direct examination in the depositions. Further, we have not been given complete production of data Merck has on these doctors and their business associates, as required. Thus, any deposition must wait until Merck has completed production of information relevant to these doctors. I will send a separate letter on this issue.

Does the fact that you have served notices mean that the doctors have agreed to these times, dates and places? Please confirm. If they have, we may be able to work with them, if Merck timely produces what it has been ordered to produce relating to these doctors. If not, it is senseless for us to move other appointments to accommodate these unilaterally accepted dates.

Regarding your associate, Mr. Bob Van Kirk, and Mr. Smith's deposition date. Yes, he did contact me regarding available dates. His proposed date of June 15th is acceptable. We will determine an appropriate location in the near future.

For future correspondence and notices for the *Smith* case, please be advised that all required notices and correspondence should be directed to me; you do not have to copy anyone else on our trial team, although you may send copies to whomever you like. Likewise, you are hereby formally notified that I am the only person authorized to make agreements relating to *Smith*. This arrangement shall be in force until you receive a written notice from me to the contrary. Any supposed agreements made with any other person regarding Smith will be considered invalid and ineffective.

So that I am certain, who would you like me to coordinate with for Merck? Is it you, Mr. Van Kirk, or someone else? I would prefer one point person who has authority to make agreements for Merck in *Smith*.

Thank you for your courtesies. I look forward to your reply.

Yours truly,

*Grant Kaiser*

Grant Kaiser

dg

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION | MDL No. 1657<br><br>Section L<br><br>Judge Eldon E. Fallon<br><br>Magistrate Judge Daniel E. Knowles, III |

**THIS DOCUMENT RELATES TO:**
*Robert G. Smith v. Merck & Co., Inc.*, Case No. 2:05-CV-04378

## ORDER GRANTING PLAINTIFF ROBERT G. SMITH'S MOTION TO COMPEL

On this day, the Court considered Plaintiff Robert G. Smith's Motion to Compel, and after reviewing the motion and response and hearing arguments of counsel is of the opinion that said Motion should be GRANTED.

It is, therefore, ORDERED that Merck shall produce the following documents to Plaintiff on or before _____:

(1) All call notes and documents relating to its sales representatives' conversations with Drs. Grefer and Courtade regarding Vioxx; and

(2) All documents related to Merck's regional and district sales managers' conversations with and research of Drs. Grefer and Courtade

SIGNED AND ENTERED on this _____ day of _____, 2006.

_____
Presiding Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION | MDL No. 1657<br><br>Section L<br><br>Judge Eldon E. Fallon<br><br>Magistrate Judge Daniel E. Knowles, III |

THIS DOCUMENT RELATES TO:
*Robert G. Smith v. Merck & Co., Inc.*, Case No. 2:05-CV-04378

### ORDER GRANTING PLAINTIFF ROBERT G. SMITH'S MOTION TO STAY

On this day, the Court considered Plaintiff Robert G. Smith's Motion to Stay, and after reviewing the motion and response and hearing arguments of counsel is of the opinion that said Motion should be GRANTED.

It is, therefore, ORDERED that the depositions of Drs. Grefer and Courtade be and the same are hereby stayed until and unless Merck produces the following documents to Plaintiff:

(1)   All call notes and documents relating to its sales representatives' conversations with Drs. Grefer and Courtade regarding Vioxx; and

(2)   All documents related to Merck's regional and district sales managers' conversations with and research of Drs. Grefer and Courtade

SIGNED AND ENTERED on this _____ day of _____, 2006.

_____
Presiding Judge