IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:   VIOXX | * | MDL No 1657 |
|           Products Liability Litigation | * | |
| | * | SECTION:  L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |
| | * | |

* * * ************************************

**THIS DOCUMENT RELATES TO:** CALVIN ANDERTON, Individually, and in his capacity as the Personal Representative of the ESTATE OF LELA MAE ANDERTON, and the heirs at law v. Merck & Co., Inc., No 06-2747, previously filed as 2:06cv00252 in the District of Utah, Central Division.

Defendant Merck & Co., Inc. ("Merck"), by its undersigned counsel, answers Plaintiffs' complaint ("Complaint") as follows:

### RESPONSE TO INTRODUCTION

Merck denies each and every allegation contained in the introduction of the Complaint and avers that Merck sought and received the approval of the United States Food and Drug Administration ("FDA") to manufacture and market the prescription medicine Vioxx® and, until the voluntary withdrawal of Vioxx on September 30, 2004, did market Vioxx for the indicated uses set out in the relevant FDA approved prescribing information and that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.  Merck respectfully refers the Court to the FDA approved prescribing information.

## RESPONSE TO PARTIES

1.    Merck lacks information and knowledge sufficient to either admit or deny the allegations contained in paragraph 1 of the Complaint except admits that plaintiffs purport to bring an action against Merck seeking certain relief but denies that there is any legal or factual basis for the same and further denies that plaintiffs are entitled to the relief sought.

2.    Merck denies each and every allegation in paragraph 2 of the Complaint except admits that Merck is authorized to do business within the State of Utah.  Merck further admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the market on September 30, 2004.

3.    Merck denies each and every allegation in paragraph 3 of the Complaint.

## RESPONSE TO JURISDICTION AND VENUE

4.    The allegations in paragraph 4 of the Complaint call for a legal conclusion to which no response is required.  To the extent any response is required, Merck denies each and every allegation contained in said paragraph.

5.     The allegations in paragraph 5 of the Complaint call for a legal conclusion to which no response is required.  To the extent any response is required, Merck denies each and every allegation contained in said paragraph.

6.    The allegations in paragraph 6 of the Complaint call for a legal conclusion to which no response is required.  To the extent any response is required, Merck denies each and every allegation contained in said paragraph.

7.      The allegations in paragraph 7 of the Complaint call for a legal conclusion to which no response is required.  To the extent any response is required, Merck denies each and every allegation contained in said paragraph.

### RESPONSE TO FACTUAL ALLEGATIONS

8.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint and on that basis, denies the same.

9.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint and on that basis, denies the same.

10.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint and on that basis, denies the same.

11.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint and on that basis, denies the same.

12.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint and on that basis, denies the same.

13.      Merck denies each and every allegation contained in the first sentence of paragraph 13 of the Complaint and avers that Merck sought and received the approval of the FDA to manufacture and market the prescription medicine Vioxx and, until the voluntary withdrawal of Vioxx on September 30, 2004, did market Vioxx for the indicated uses set out in

the relevant FDA approved prescribing information.  Merck denies each and every remaining allegation contained in paragraph 13 of the Complaint except admits Vioxx is part of a class of drugs known as NSAIDs which reduce pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cycooxygenase-2 (COX-2).

14.     The allegations contained in the first and second sentences of paragraph 14 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck lacks knowledge or information sufficient to form a basis as to the truth or falsity of the allegations in the first two sentences of paragraph 14 and on that basis denies the same.  Merck denies each and every allegation contained in the third and fourth sentences of paragraph 14 of the Complaint except admits that Merck sought and received FDA approval to manufacture and market Vioxx.

15.     Merck admits the allegations contained in paragraph 15 of the Complaint.

16.     Merck denies each and every allegation contained in paragraph 16 of the Complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

17.     Merck denies each and every allegation contained in paragraph 17 of the Complaint except admits that Merck marketed the prescription medication Vioxx.

18.     Merck denies each and every allegation in paragraph 18 of the Complaint except admits that in 2001 Vioxx achieved sales of $2.6 billion and that Vioxx was prescribed to millions of patients.

19.     Merck denies each and every allegation contained in paragraph 19 of the Complaint.

20.     Merck denies each and every allegation contained in paragraph 20 of the Complaint except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

21.     Merck denies each and every allegation contained in paragraph 21 of the Complaint.

22.     Merck denies each and every allegation contained in paragraph 22 of the Complaint.

23.     Merck denies each and every allegation contained in paragraph 23 of the Complaint.

24.     Merck denies each and every allegation contained in paragraph 24 of the Complaint.

25.     Merck denies each and every allegation contained in paragraph 25 of the Complaint.

26.     Merck denies each and every allegation contained in paragraph 26 of the Complaint.

27.     Merck denies each and every allegation contained in paragraph 27 of the Complaint except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

28.     Merck denies each and every allegation contained in paragraph 28 of the Complaint except admits that in September 2001 Merck received a letter from Thomas W.

Abrams of DDMAC and respectfully refers the Court to that letter for its actual language and full text.

29.     Merck denies each and every allegation contained in paragraph 29 of the Complaint except admits the existence of the journal, the article contained therein, and that plaintiffs appear to have accurately quoted the document referenced in said paragraph, and respectfully refers the Court to the referenced document for its actual language and full text.

30.     Merck denies each and every allegation contained in paragraph 30 of the Complaint except admits that the referenced article exists and that plaintiffs purport to quote from the referenced article, but respectfully refers the Court to the referenced article for its actual language and full text.

31.     Merck denies each and every allegation contained in paragraph 31 of the Complaint except admits that the referenced article exists and that plaintiffs purport to quote from the referenced article, but respectfully refers the Court to the referenced article for its actual language and full text.

32.     Merck denies each and every allegation contained in paragraph 32 of the Complaint except admits that referenced briefing document exists and respectfully refers the Court to said document for its actual language and full text.

33.     Merck denies each and every allegation in paragraph 33 of the Complaint.

34.     Merck denies each and every allegation contained in paragraph 34 of the Complaint except admits that referenced statement exists and respectfully refers the Court to said document for its actual language and full text.

35.     Merck denies each and every allegation contained in paragraph 35 of the Complaint.

36.     Merck denies each and every allegation contained in the first sentence of paragraph 36 of the Complaint and avers that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo.  Merck further avers that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interests of patients.  Merck denies each and every allegation contained in the second sentence of paragraph 36 of the Complaint except admits that Vioxx was prescribed to millions of patients by health care providers world wide and that sales figures exceeded $2 billion in 2003.  Merck denies each and every allegation contained in the third sentence of paragraph 36 of the Complaint except admits that Dorothy Hamill was featured in ad campaigns for Vioxx and that Dorothy Hamill and Bruce Jenner were spokespersons for Vioxx.  Merck denies each and every remaining allegation contained in paragraph 36 of the Complaint including subparts a through o except admits that in 1999 Merck received FDA approval to market the prescription medicine Vioxx.  Merck further admits that the VIGOR study exists and respectfully refers the Court to the VIGOR study for its actual conclusions and full text.  Merck further avers that on September 28, 2004, Merck informed FDA officials of Merck's decision to voluntarily withdraw Vioxx from the worldwide market.

## CLAIMS FOR RELIEF

### RESPONSE TO FIRST CAUSE OF ACTION
### (Negligence)

37.     With respect to the allegations contained in paragraph 37 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in

paragraphs 1 through 36 of this Answer with the same force and effect as though set forth here in full.

38.     Merck denies each and every allegation contained in paragraph 38 of the Complaint except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx .

39.     Merck denies each and every allegation contained in paragraph 39 of the Complaint except admits that Merck manufactured, marketed and distributed Vioxx.

40.     The allegations contained in paragraph 40 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

41.     Merck denies each and every allegation contained in paragraph 41 of the Complaint.

42.     Merck denies each and every allegation contained in paragraph 42 of the Complaint.

43.     Merck denies each and every allegation contained in paragraph 43 of the Complaint.

44.     Merck denies each and every allegation contained in paragraph 44 of the Complaint.

## RESPONSE TO SECOND CAUSE OF ACTION
### (Negligence Per Se – Violation of Federal Law)

45.     With respect to the allegations contained in paragraph 45 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 45 of this Answer with the same force and effect as though set forth here in full.

46.     The allegations contained in paragraph 46 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

47.     Merck denies each and every allegation contained in paragraph 47 of the Complaint.

48.     The allegations contained in paragraph 48 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

49.     Merck denies each and every allegation contained in paragraph 49 of the Complaint including subparts a through f.

50.     Merck denies each and every allegation contained in paragraph 50 of the Complaint.

51.     The allegations contained in paragraph 51 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

52.     Merck denies each and every allegation contained in paragraph 52 of the Complaint.

### RESPONSE TO THIRD CAUSE OF ACTION
**(Strict Product Liability)**

53.     With respect to the allegations contained in paragraph 53 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 52 of this Answer with the same force and effect as though set forth here in full.

54.     Merck denies each and every allegation contained in paragraph 54 of the Complaint.

55.     Merck denies each and every allegation contained in paragraph 55 of the Complaint.

56.     Merck denies each and every allegation contained in paragraph 56 of the Complaint.

57.     Merck denies each and every allegation contained in paragraph 57 of the Complaint.

58.     Merck denies each and every allegation contained in paragraph 58 of the Complaint.

**RESPONSE TO FOURTH CAUSE OF ACTION**
**(Failure to Warn)**

59.     With respect to the allegations contained in paragraph 59 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 58 of this Answer with the same force and effect as though set forth here in full.

60.     Merck denies each and every allegation contained in paragraph 60 of the Complaint.

61.     Merck denies each and every allegation contained in paragraph 61 of the Complaint.

62.     Merck denies each and every allegation contained in paragraph 62 of the Complaint.

63.     Merck denies each and every allegation contained in paragraph 63 of the Complaint.

64.     Merck denies each and every allegation contained in paragraph 64 of the Complaint.

## RESPONSE TO FIFTH CAUSE OF ACTION
### (Breach of Express Warranty)

65.     With respect to the allegations contained in paragraph 65 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 64 of this Answer with the same force and effect as though set forth here in full.

66.     Merck denies each and every allegation contained in paragraph 66 of the Complaint.

67.     Merck denies each and every allegation contained in paragraph 67 of the Complaint.

68.     Merck denies each and every allegation contained in paragraph 68 of the Complaint.

## RESPONSE TO SIXTH CAUSE OF ACTION
### (Breach of Implied Warranty)

69.     With respect to the allegations contained in paragraph 69 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 68 of this Answer with the same force and effect as though set forth here in full.

70.     The allegations contained in paragraph 70 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 70 of the Complaint.

71.     Merck denies each and every allegation contained in paragraph 71 of the Complaint.

72.     Merck denies each and every allegation contained in paragraph 72 of the Complaint except lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to Plaintiff's "skill".

73.     Merck denies each and every allegation contained in paragraph 73 of the Complaint.

74.     Merck denies each and every allegation contained in paragraph 74 of the Complaint.

75.     Merck denies each and every allegation contained in paragraph 75 of the Complaint.

## RESPONSE TO SEVENTH CAUSE OF ACTION
### (Breach of Implied Warranty of Merchantability)

76.     With respect to the allegations contained in paragraph 76 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 75 of this Answer with the same force and effect as though set forth here in full.

77.     The allegations contained in paragraph 77 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

78.     Merck denies each and every allegation contained in paragraph 78 of the

Complaint.

79.     Merck denies each and every allegation contained in paragraph 79 of the

Complaint.

80.     Merck denies each and every allegation contained in paragraph 80 of the

Complaint.

## RESPONSE TO EIGHTH CAUSE OF ACTION
### (Negligent Misrepresentation)

81.     With respect to the allegations contained in paragraph 81 of the Complaint, Merck

repeats and realleges each and every admission, denial, averment, and statement contained in

paragraphs 1 through 80 of this Answer with the same force and effect as though set forth here in

full.

82.     Merck denies each and every allegation contained in paragraph 82 of the

Complaint.

83.     Merck denies each and every allegation contained in paragraph 83 of the

Complaint.

84.     Merck denies each and every allegation contained in paragraph 84 of the

Complaint.

85.     Merck denies each and every allegation contained in paragraph 85 of the

Complaint.

86.     Merck denies each and every allegation contained in paragraph 86 of the

Complaint.

87.     Merck denies each and every allegation contained in paragraph 87 of the

Complaint.

## RESPONSE TO NINTH CAUSE OF ACTION
### (Fraud and Deceit)

88.     With respect to the allegations contained in paragraph 88 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 87 of this Answer with the same force and effect as though set forth here in full.

89.     Merck denies each and every allegation contained in paragraph 89 of the Complaint.

90.     Merck denies each and every allegation contained in paragraph 90 of the Complaint.

91.     Merck denies each and every allegation contained in paragraph 91 of the Complaint.

92.     Merck denies each and every allegation contained in paragraph 92 of the Complaint.

93.     Merck denies each and every allegation contained in paragraph 93 of the Complaint.

94.     Merck denies each and every allegation contained in paragraph 94 of the Complaint.

## RESPONSE TO TENTH CAUSE OF ACTION
### (Punitive Damages)

95.     With respect to the allegations contained in paragraph 95 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 94 of this Answer with the same force and effect as though set forth here in full.

14

96.      Merck denies each and every allegation contained in paragraph 96 of the Complaint including subparts a through l.

97.      Merck denies each and every allegation contained in paragraph 97 of the Complaint.

98.       Merck denies each and every allegation contained in paragraph 98 of the Complaint.

99.      Merck denies that plaintiffs are entitled to any of the relief specified in the Request for Relief, Prayer, or anywhere else in plaintiffs' Complaint.  Moreover, all allegations not specifically admitted herein are specifically denied by Merck.

## <u>MERCK'S AFFIRMATIVE DEFENSES</u>

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### THIRD AFFIRMATIVE DEFENSE

If plaintiffs sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs assert claims in the Complaint based upon an alleged failure by Merck to warn plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

### SIXTH AFFIRMATIVE DEFENSE

If plaintiffs sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured plaintiffs.

### SEVENTH AFFIRMATIVE DEFENSE

If plaintiffs sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### EIGHTH AFFIRMATIVE DEFENSE

If plaintiffs sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### NINTH AFFIRMATIVE DEFENSE

If plaintiffs sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by plaintiff's misuse or abuse of Vioxx.

## TENTH AFFIRMATIVE DEFENSE

If plaintiffs sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for strict liability and breach of warranty are barred on the grounds that such claims are not cognizable against Merck.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under the applicable state law.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' demand for punitive damages is barred under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. §301.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages violate the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a)      It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)      The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c)      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)      The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(e)      The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the First Amendment.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, were proximately caused by allergies, sensitivities, or idiosyncrasies peculiar to plaintiff and not found in the general public, and unknown or unknowable to Merck.  Plaintiff's alleged injuries were not reasonably foreseeable to Merck, therefore, the occurrences in question, if any, was unavoidable incidents insofar as that term is understood at law, as far as Merck is concerned.

### TWENTIETH AFFIRMATIVE DEFENSE

Vioxx was neither dangerous nor defective, and was of merchantable quality and was fit and safe for its intended use.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The methods, standards, and techniques utilized by Merck in designing, formulating, manufacturing and marketing Vioxx and in issuing warnings and instructions with respect to its use were proper and in conformity with the generally recognized, reasonably available, and reliable state of knowledge in the field at the time the product were manufactured.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Doctrine of Federal Preemption.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the use of these products was generally recognized as safe and effective pursuant to conditions established by the Food and Drug Administration and applicable regulations, including packaging and labeling regulations.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Merck has no duty to warn of possible dangers in using Vioxx, the existence of which are denied, that were not known at the time of manufacture or sale of the product.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

The advertisements and labeling with respect to Vioxx were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States and Utah Constitutions.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

The conduct of Merck and all activities with respect to Vioxx were fair and truthful based upon the state of knowledge existing at the relevant time alleged.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the applicable statute of limitations, including Utah Code Ann. §§ 78-15-3, 78-12-25, and 13-11-19(8), and is otherwise untimely.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are precluded by actions and determinations of federal and state regulatory agencies, including without limitation, the Federal Food and Drug Administration.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the principles of the learned intermediary doctrine.

**THIRTIETH AFFIRMATIVE DEFENSE**

Merck denies any misrepresentation, fraud, reliance by plaintiff and/or detriment allegedly resulting therefrom.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Further answering, the Complaint fails to state a claim for punitive and/or exemplary damages against Merck upon which relief can be granted.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs failed to provide Defendant with timely notice of any alleged breach of warranty as required by Utah Code Ann. § 70A-2-607(3).

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are subject to and limited by the provisions of Utah Code Ann. §§ 78-27-38 and 78-27-40.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Further answering, Merck will rely on all defenses that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana or that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing plaintiffs' Complaint with prejudice and awarding Merck its reasonable attorney's fees, together with such other and further relief that the Court may deem just and proper.

Dated: June 27, 2006                          Respectfully submitted


                                              */s/ Dorothy H . Wimberly*_____
                                              Phillip A. Wittman, 13625
                                              Dorothy H. Wimberly, 18509
                                              Carmelite M. Bertaut, 3054
                                              Stone Pigman Walther Wittman L.L.C.
                                              546 Carondelet Street
                                              New Orleans, Louisiana 70130
                                              Phone: (504)581-3200
                                              Fax:    (504)581-3361

                                              *Defendants' Liaison Counsel*

Rick L. Rose (Utah State Bar No. 5140)
Kristine M. Larsen (Utah State Bar No. 9228)
RAY QUINNEY & NEBEKER
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
    Telephone:   (801) 532-1500
    Telecopier:   (801)532-7543

*Attorneys for Merck & Co., Inc.*

## <u>CERTIFICATE</u>

I hereby certify that the above and foregoing Answer of Defendant Merck & Co, Inc. has been served on Liaison Counsel, Russ Herman, by U.S. mail and e-mail or by hand delivery and email and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 27th day of June, 2006.

*/s/ Dorothy H. Wimberly*