UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | * * * * * * * * * * * | MDL No. 1657<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE<br>DANIEL E. KNOWLES, III |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO:** *Guy Robertson, et al. v. Merck & Co., Inc.*, **Case No. 05-6058.**

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the Plaintiffs' Complaint as follows:

## RESPONSE TO COMPLAINT

1.      Denies each and every allegation contained in paragraph 1 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

2.      Denies each and every allegation contained in the first sentence of paragraph 2 of the Complaint, as it is without knowledge or information sufficient to form a

belief as to the truth therein. Merck denies each and every allegation contained in the second and third sentences of paragraph 2 of the Complaint.

      3.    Denies each and every allegation contained in the first sentence of paragraph 3 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the second and third sentences of paragraph 3 of the Complaint.

      4.    Denies each and every allegation contained in the first sentence of paragraph 4 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the second and third sentences of paragraph 4 of the Complaint.

      5.    Denies each and every allegation contained in the first sentence of paragraph 5 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the second and third sentences of paragraph 5 of the Complaint.

      6.    Denies each and every allegation contained in the first sentence of paragraph 6 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the second and third sentences of paragraph 6 of the Complaint.

      7.    Denies each and every allegation contained in the first sentence of paragraph 7 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the second and third sentences of paragraph 7 of the Complaint.

8.      Denies each and every allegation contained in the first sentence of paragraph 8 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the second and third sentences of paragraph 8 of the Complaint.

9.      Denies each and every allegation contained in the first sentence of paragraph 9 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the second and third sentences of paragraph 9 of the Complaint.

10.     Denies each and every allegation contained in the first sentence of paragraph 10 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the second and third sentences of paragraph 10 of the Complaint.

11.     Denies each and every allegation contained in the first sentence of paragraph 11 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the second and third sentences of paragraph 11 of the Complaint.

12.     Denies each and every allegation contained in the first sentence of paragraph 12 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the second and third sentences of paragraph 12 of the Complaint.

13.     Denies each and every allegation contained in the first sentence of paragraph 13 of the Complaint, as it is without knowledge or information sufficient to form a

3

belief as to the truth therein. Merck denies each and every allegation contained in the second and third sentences of paragraph 13 of the Complaint.

## RESPONSE TO
## "JURISDICTION AND VENUE"

14.    The allegations contained in paragraph 14 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 14 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiffs purport to state a claim in excess of $75,000 but denies that there is any legal or factual basis for such relief.

15.    The allegations contained in paragraph 15 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 15 of the Complaint, except admits that there is a multidistrict litigation ("MDL") related to the prescription medicine Vioxx, and that the MDL Court issued Pretrial Order No. 11 on May 18, 2005, and respectfully refers the Court to that Order for its actual content and full effect.

16.    The allegations contained in paragraph 16 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 16 of the Complaint.

## RESPONSE TO
## "PARTIES - VIOXX"

17.    Admits the allegation contained in paragraph 17 of the Complaint that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

4

18.   Denies each and every allegation contained in paragraph 18 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

19.   Denies each and every allegation contained in paragraph 19 of the Complaint and avers that Vioxx was approved by the U.S. Food & Drug Administration ("FDA") as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

### RESPONSE TO
### "FACTUAL BACKGROUND - VIOXX"

20.   Denies each and every allegation contained in paragraph 20 of the Complaint, except admits that Vioxx, which reduces pain and inflammation, is part of a class of drugs known as non-steroidal anti-inflammatory drugs ("NSAIDs") and that the mechanism of action for Vioxx is believed to be due to the inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2"). Merck further admits that Vioxx is the brand name for rofecoxib.

21.   Denies each and every allegation contained in paragraph 21 of the Complaint, except admits that the mechanism of action for Vioxx is believed to be due to the inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

22.   Denies each and every allegation contained in paragraph 22 of the Complaint, except admits that on November 23, 1998 Merck submitted a New Drug Application ("NDA") for Vioxx 12.5 mg. and Vioxx 25 mg. tablets and respectfully refers the Court to said NDA for its actual language and full text.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint, except admits that on November 23, 1998 Merck submitted a NDA for Vioxx Oral Suspension and respectfully refers the Court to said NDA for its actual language and full text.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint, except admits that Merck sought and, in 1999, received FDA approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and text.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint, except admits that in March 2000 Merck forwarded to the FDA the Vioxx Gastrointestinal Outcomes Research ("VIGOR") study and subsequently, in June 2000, filed a supplemental New Drug Application ("sNDA") that included the VIGOR study.  Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint, including its subparts (1) and (2), except admits that the referenced study exists and avers that a primary objective of the VIGOR study was to assess whether Vioxx would be associated with a lower incidence of  confirmed, clinically important upper gastrointestinal

6

events than naproxen. Merck respectfully refers the Court to the referenced study for its actual language and full text.

29. Denies each and every allegation contained in paragraph 29 of the Complaint, except admits that the studies referenced in the first sentence of paragraph 29 and the article referenced in the second sentence of paragraph 29 exist, and respectfully refers the Court to said publications for their actual language and full text. Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

30. Denies each and every allegation contained in paragraph 30 of the Complaint, except admits that Vioxx worldwide sales figures exceeded $2 billion in 2000.

31. Denies each and every allegation contained in paragraph 31 of the Complaint, except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

32. Denies each and every allegation contained in paragraph 32 of the Complaint, except admits the existence of the journal and the article contained therein, and respectfully refers the Court to the referenced document for its actual language and full text.

33. Denies each and every allegation contained in paragraph 33 of the Complaint, except admits that the studies referenced in paragraph 33 of the Complaint exist, and respectfully refers the Court to said studies for their actual language and full text.

34. Denies each and every allegation contained in paragraph 34 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

35.     Denies each and every allegation contained in paragraph 35 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

36.     Denies each and every allegation contained in paragraph 36 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

37.     Denies each and every allegation contained in paragraph 37 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information, a so-called "Dear Doctor" letter, and a Patient Information sheet, and respectfully refers the Court to the referenced prescribing information for Vioxx, "Dear Doctor" letter, and Patient Information sheet for their actual language and full text.

38.     Denies each and every allegation contained in paragraph 38 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information, and respectfully refers the Court to the referenced prescribing information for Vioxx for its actual language and full text.

39.     Denies each and every allegation contained in paragraph 39 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and a so-called "Dear Doctor" letter, and respectfully refers the Court to the referenced prescribing information for Vioxx and "Dear Doctor" letter for their actual language and full text.

40.     Denies each and every allegation contained in paragraph 40 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx Patient Information sheet, and respectfully refers the Court to the referenced Patient Information sheet for its actual language and full text.

41.     Denies each and every allegation contained in paragraph 41 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and text.

43.     Denies each and every allegation contained in paragraph 43 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Plaintiffs purport to quote from Merck's 2001 Annual Report, and respectfully refers the Court to said publication for its actual language and full text.

44.     Denies each and every allegation contained in paragraph 44 of the Complaint, except admits that the referenced 8-K filing exists and respectfully refers the Court to said filing for its actual language and full text.

45.     Denies each and every allegation contained in paragraph 45 of the Complaint, except admits that Merck marketed the prescription medication Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and

respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

46.    Denies each and every allegation contained in paragraph 46 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and text.

47.    Denies each and every allegation contained in the first sentence of paragraph 47 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second sentence of paragraph 47 of the Complaint.

48.    Denies each and every allegation contained in paragraph 48 of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

49.    Denies each and every allegation contained in paragraph 49 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that it manufactured, marketed, and distributed the prescription medicine Vioxx, which is the brand name for rofecoxib, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

### RESPONSE TO "COUNT I:
### STRICT PRODUCTS LIABILITY/DEFECTIVE DESIGN –
### AGAINST MERCK"

50.     With respect the allegations contained in paragraph 50 of the Complaint repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 49 of this Answer with the same force and effect as though set forth herein.

51.     Denies each and every allegation contained in paragraph 51 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

52.     Denies each and every allegation contained in paragraph 52 of the Complaint.

53.     Denies each and every allegation contained in paragraph 53 of the Complaint.

54.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 54 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 54 of the Complaint.

55.     Denies each and every allegation contained in paragraph 55 of the Complaint.

56.     Denies each and every allegation contained in paragraph 56 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

11

## RESPONSE TO "COUNT II:
## STRICT PRODUCTS LIABILITY/FAILURE TO WARN –
## AGAINST MERCK"

57.    With respect the allegations contained in paragraph 57 of the Complaint repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 56 of this Answer with the same force and effect as though set forth herein.

58.    Denies each and every allegation contained in paragraph 58 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

59.    Denies each and every allegation contained in paragraph 59 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text

60.    Denies each and every allegation contained in paragraph 60 of the Complaint.

61.    Denies each and every allegation contained in paragraph 61 of the Complaint.

62.    Denies each and every allegation contained in paragraph 62 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text

63.    Denies each and every allegation contained in paragraph 63 of the Complaint.

64.    Denies each and every allegation contained in paragraph 64 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT III:
## NEGLIGENT DESIGN – AGAINST MERCK"

65.    With respect the allegations contained in paragraph 65 of the Complaint repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 64 of this Answer with the same force and effect as though set forth herein.

66.    Denies each and every allegation contained in paragraph 66 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

67.    Denies each and every allegation contained in paragraph 67 of the Complaint.

68.    Denies each and every allegation contained in paragraph 68 of the Complaint.

69.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 69 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 69 of the Complaint.

70.    Denies each and every allegation contained in paragraph 70 of the Complaint.

71.    Denies each and every allegation contained in paragraph 71 of the Complaint.

72.     Denies each and every allegation contained in paragraph 72 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "COUNT IV: NEGLIGENCE, FAILURE TO WARN – AGAINST DEFENDANT MERCK"

73.     With respect the allegations contained in paragraph 73 of the Complaint repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 72 of this Answer with the same force and effect as though set forth herein.

74.     The allegations contained in paragraph 74 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

75.     Denies each and every allegation contained in paragraph 75 of the Complaint, including its subparts a through e, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

76.     Denies each and every allegation contained in paragraph 76 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

77.     Denies each and every allegation contained in paragraph 77 of the Complaint.

### RESPONSE TO "COUNT V:
### NEGLIGENT MISREPRESENTATION –
### AGAINST DEFENDANT MERCK"

78.     With respect the allegations contained in paragraph 78 of the Complaint repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 77 of this Answer with the same force and effect as though set forth herein.

79.     Denies each and every allegation contained in paragraph 79 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

80.     Denies each and every allegation contained in paragraph 80 of the Complaint.

81.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 81 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 81 of the Complaint.

82.     Denies each and every allegation contained in paragraph 82 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

83.     Denies each and every allegation contained in paragraph 83 of the Complaint.

84.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 84 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 84 of the Complaint.

85.     Denies each and every allegation contained in paragraph 85 of the Complaint.

## RESPONSE TO "COUNT VI:
## FRAUDULENT OMISSION/CONCEALMENT –
## AGAINST DEFENDANT MERCK"

86.     With respect the allegations contained in paragraph 86 of the Complaint repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 85 of this Answer with the same force and effect as though set forth herein.

87.     Denies each and every allegation contained in paragraph 87 of the Complaint.

88.     Denies each and every allegation contained in the first paragraph 88 of the Complaint.

89.     Denies each and every allegation contained in the first paragraph 89 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text. Merck further admits that it trains its sales professionals.

90.     The allegations contained in the first paragraph 90 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the first paragraph 90 of the Complaint.

91.     The allegations contained in the first paragraph 91 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the first paragraph 91 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

92.     Denies each and every allegation contained in the first paragraph 92 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

93.     Denies each and every allegation contained in the first paragraph 93 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

94.     Denies each and every allegation contained in the first paragraph 94 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

95.     Denies each and every allegation contained in the first paragraph 95 of the Complaint.

96.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in the first paragraph 96 of the Complaint, and denies each and every allegation directed toward Merck in the first paragraph 96 of the Complaint.

97.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in the first paragraph 97 of the Complaint, and denies each and every allegation directed toward Merck in the first paragraph 97 of the Complaint.

98.     Denies each and every allegation contained in the first paragraph 98 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT VII:
## BREACH OF IMPLIED WARRANTY – VIOXX"

99.     With respect the allegations contained in the second paragraph 88 of the Complaint repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 98 of this Answer with the same force and effect as though set forth herein.

100.    The allegations contained in the second paragraph 89 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the second paragraph 89 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

101.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in the second paragraph 90 of the Complaint, and denies each and every allegation directed toward Merck in the second paragraph 90 of the Complaint.

102.    Denies each and every allegation contained in the second paragraph 91 of the Complaint.

103.    Denies each and every allegation contained in the second paragraph 92 of the Complaint.

104.    Denies each and every allegation contained in the second paragraph 93 of the Complaint, except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT VIII:
## BREACH OF EXPRESS WARRANTY – VIOXX"

105.    With respect the allegations contained in the second paragraph 94 of the Complaint repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 104 of this Answer with the same force and effect as though set forth herein.

106.    Denies each and every allegation contained in the second paragraph 95 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

107.    Denies each and every allegation contained in the second paragraph 96 of the Complaint, including its subparts a through e, and avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

108.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in the second paragraph 97 of the Complaint, and denies each and every allegation directed toward Merck in the second paragraph 97 of the Complaint.

109.    Denies each and every allegation contained in the second paragraph 98 of the Complaint.

110.    Denies each and every allegation contained in paragraph 99 of the Complaint.

19

111.    Denies each and every allegation contained in paragraph 100 of the Complaint, except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

112.    The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 100 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph after paragraph 100 of the Complaint, including its subparts A through E, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

113.    The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

114.    The Plaintiffs were careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiffs.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

115.    To the extent that Plaintiffs assert claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

116.    To the extent that Plaintiffs assert claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws,

regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

117.    The Plaintiffs failed to exercise reasonable care to mitigate their alleged damages.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

118.    Each and every claim asserted or raised in the Complaint is barred by prescription, preemption, and/or any other applicable federal or state statute of limitations.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

119.    To the extent that Plaintiffs assert claims in the Complaint based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

120.    The claims of the Plaintiffs are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

121.    The claims of the Plaintiffs are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

122.   The claims of the Plaintiffs are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

123.   The claims of the Plaintiffs are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Products Liability.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

124.   The product conformed to the state-of-the-art for the design and manufacture of such, or similar, products.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

125.   The claims of the Plaintiffs are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

126.   If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### AS FOR A FIFTEENTH
### DEFENSE, MERCK ALLEGES:

127.   If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### AS FOR A SIXTEENTH
### DEFENSE, MERCK ALLEGES:

128.   To the extent that Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

### AS FOR A SEVENTEENTH
### DEFENSE, MERCK ALLEGES:

129.   If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiffs or natural course of conditions for which this Defendant is not responsible.

### AS FOR AN EIGHTEENTH
### DEFENSE, MERCK ALLEGES:

130.   If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse, modification or alteration of Plaintiffs or abuse of Vioxx.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

131.   The claims of Plaintiffs are barred in whole or in part by the First Amendment of the Constitution of the United States of America and comparable state law provisions.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

132.   To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

133.   Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

134.   Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

135.   To the extent that Plaintiffs seek punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

136.   To the extent Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

137.   The demand for punitive damages by the Plaintiffs is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

138.   To the extent that Plaintiffs assert claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to their claims, Plaintiffs have failed to allege facts that would overcome the defenses available under that state products liability law.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

139.   The claims of Plaintiffs are barred, in whole or in part, because one or more Plaintiffs lack capacity and/or standing to bring such claims.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

140.   To the extent that Plaintiffs assert claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiffs to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

141.    Merck demands a trial by jury of all issues.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

142.    Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

143.    Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

144.    Merck has complied with requirements promulgated by and under federal law, and the product at issue, Vioxx, was approved pursuant to the applicable federal statutes and regulations.  Such federal regulations and statutes preempt the Plaintiffs' claims under state law, and, pursuant to Fla. Stat. § 768.1256 creates a statutory presumption that Vioxx is not defective or unreasonably dangerous and that Merck is not liable.

26

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

145.    To the extent Plaintiffs seek recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under the applicable state law.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

146.    Any claim for punitive or exemplary damages is subject to the provisions of North Dakota Cent. Code Chapter 32-03.2-11(1).

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

147.    Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of modified comparative fault under North Dakota Cent. Code Chapter 32-03.2.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

148.    Plaintiffs' claims are barred in whole or in part because Merck's conduct was in compliance with industry custom as defined under the North Dakota Cent. Code.  With respect to every cause of action, Merck asserts all defenses under North Dakota Cent. Code Chapter 28-01.1-09, including but not limited to industry custom, technological feasibility, and compliance with standards and regulations.

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

149.    Plaintiffs' claim for non-economic damages are subject to and limited by Miss. Code § 11-1-60 (1) (a) through  (c) (1972), as amended by Miss. Laws 2004, 1st Ex. Sess., Ch. 1 § 2, effective September 1, 2004.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

150.     To the extent that the Plaintiffs' claims are based upon any theory of product liability, they are barred or limited by Mississippi's Product Liability Act, Miss. Code § 11-1-63 (1972), as amended by Miss. Laws 2004, 1st Ex. Sess., Ch. 1 § 3, effective September 1, 2004.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

151.     Plaintiffs' claim for punitive damages against Merck fails under Miss. Code § 11-1-65 (1972), as amended by Miss. Laws 2004, 1st Ex. Sess., Ch. 1 § 4, effective September 1, 2004.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

152.     Merck affirmatively pleads Miss. Code § 85-5-7 (1972), as amended by Miss. Laws 2003, 3rd Ex. Sess., Ch. 2 § 4, effective January 1, 2003.

## AS FOR A FORTY-FIRST
## DEFENSE, MERCK ALLEGES:

153.     Some or all of the damages alleged by Plaintiffs are barred by Miss. Code §§ 75-2-714, 715 (1972).

## AS FOR A FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

154.     Plaintiffs' claims for punitive damages are in contravention of Merck's rights under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution; the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; the Double Jeopardy Clause in the Fifth Amendment to the Constitution of the United States, similar provisions in the Constitution of Mississippi and/or the common law and

28

public policies of Mississippi, and/or applicable statutes and court rules, in the circumstances of this litigation, including, but not limited to:.

(a) imposition of punitive damages by a jury which

    (1) is not provided with standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award;

    (2) is not adequately and clearly instructed on the limits on punitive damages imposed by the principles of deterrence and punishment;

    (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award thereof, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status, wealth, or state of residence of Merck;

    (4) is permitted to award punitive damages under a standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes punitive damages permissible; and

    (5) is not subject to trial court and appellate judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards;

(b) imposition of such punitive damages, and determination of the amount of an award thereof, where applicable state law is impermissibly vague, imprecise, or inconsistent;

(c)    imposition of such punitive damages, and determination of the amount of an award thereof, without bifurcating the trial and trying all punitive damages issues only if and after the liability of defendants has been found on the merits;

(d)    imposition of such punitive damages, and determination of the amount of an award thereof, based on anything other than Merck's conduct in connection with the sale of the product alleged in this litigation, or in any other way subjecting Merck to impermissible multiple punishment for the same alleged wrong.

## AS FOR A FORTY-THIRD
## DEFENSE, MERCK ALLEGES:

155.    Merck invokes each and every defense available to it under New Mexico's Law on Product Liability, as detailed in Restatement 2d of Torts and Restatement 3d of Torts as adopted in New Mexico, in New Mexico Civil Jury Instruction Rule 13-1401, et seq., NMRA 2003 and in relevant decisions by New Mexico courts.

## AS FOR A FORTY-FOURTH
## DEFENSE, MERCK ALLEGES:

156.    An award of punitive damages cannot be sustained against Merck because under New Mexico law an award of punitive damages by a jury does not

(1)    provide a standard of sufficient clarity for determining the appropriateness of the award or the appropriateness of the size of the award;

(2)    instruct the jury on the limits on punitive damages imposed by the applicable principles of deterrence and punishment;

(3)    expressly prohibit an award of punitive damages in whole or in part on the basis of invidiously discriminatory characteristics, including the corporate status of Merck, its foreign origin, and other characteristics peculiar to Merck;

(4)     provide for a standard for determining punitive damages that is not vague or arbitrary;

(5)     define with sufficient clarity the mental state of mind, conduct or intent that makes an award of punitive damages permissible; and

(6)     subject to judicial review, on the basis of objective standards, an award of punitive damages both as to the amount of the award and the appropriateness of the award.

Accordingly, an award of punitive damages would violate Merck's constitutional rights, including but not limited to the rights to due process of law, equal protection of the law, not to be twice put in jeopardy for the same offense, and the right to be free of excessive fines under the Fifth, Ninth and Fourteenth Amendment of the United States Constitution, and similar rights under the provisions of the Constitution of the State of New Mexico, including but not limited to Article II, Sections 1, 4, 10, 12, 13, 14, 15, 18 and 19 of the New Mexico Constitution.

### AS FOR A FORTY-FIFTH
### DEFENSE, MERCK ALLEGES:

157.    The imposition of punitive damages in this action would violate the Commerce Clause of the United States Constitution and exceeds the judicial and legislative power of the State of New Mexico to the extent that such award punishes conduct allegedly occurring solely outside the State of New Mexico.

### AS FOR A FORTY-SIXTH
### DEFENSE, MERCK ALLEGES:

158.    Merck provided adequate and complete warnings to the Plaintiffs' prescribing physicians; accordingly, any claim made by Plaintiffs for inadequate warnings is barred by the learned intermediary doctrine.

31

## AS FOR A FORTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

159.    Plaintiffs impermissibly seek to impose liability on conduct protected from liability by the First Amendment to the United States Constitution and by Article 1 of the Wisconsin Constitution.

## AS FOR A FORTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

160.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs.

## AS FOR A FORTY-NINTH
## DEFENSE, MERCK ALLEGES:

161.    Any alleged injury or damage sustained by Plaintiffs was caused by Plaintiff's own negligence, which negligence under the doctrines of contributory and/or comparative negligence, is a complete bar to Plaintiffs' recovery, or which diminishes their recovery by an amount equal to Plaintiffs' negligence, all such negligence being denied.

## AS FOR A FIFTIETH
## DEFENSE, MERCK ALLEGES:

162.    Some or all of the claims asserted in the Complaint are the direct and proximate result of Plaintiffs' own conduct and cannot be recovered against Merck.

## AS FOR A FIFTY-FIRST
## DEFENSE, MERCK ALLEGES:

163.    Some or all of the claims asserted in the Complaint are barred by the doctrine of contributory negligence.

32

## AS FOR A FIFTY-SECOND
## DEFENSE, MERCK ALLEGES:

164.   Any liability that might otherwise be imposed upon Merck is subject to reduction by the application of the doctrine of comparative negligence.

## AS FOR A FIFTY-THIRD
## DEFENSE, MERCK ALLEGES:

165.   Plaintiffs' alleged injuries and damages, if any, are the result of Plaintiffs' own fault and/or assumption of the risk.

## AS FOR A FIFTY-FOURTH
## DEFENSE, MERCK ALLEGES:

166.   Plaintiffs' claims are barred by reason that any alleged dangerous condition complained of was open and obvious and there was no duty on the part of Merck to warn of any such open and obvious condition.

## AS FOR A FIFTY-FIFTH
## DEFENSE, MERCK ALLEGES:

167.   Plaintiffs' alleged injuries were directly and proximately caused by and contributed to by the actions of other persons, who caused changes and alterations to be made to the products involved and said changes and alterations proximately caused or contributed to the injuries alleged by Plaintiffs and voided any and all alleged warranties, express and/or implied.

## AS FOR A FIFTY-SIXTH
## DEFENSE, MERCK ALLEGES:

168.   Plaintiffs' claims for failure to instruct or warn are barred by the sophisticated user and/or learned intermediary doctrine.

## AS FOR A FIFTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

169.   Plaintiffs' negligence claims are barred in whole or in part by the economic loss rule.

## AS FOR A FIFTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

170.    The Georgia statute respecting award of punitive damages, particularly

O.C.G.A. § 51-12-5.1, subsection (e)(1) as contrasted to subsections (f) and (g) thereof, whereby

no limitation is provided respecting actions involving products, but there is a limitation for other

actions than products violates the Constitution of the United States, particularly in that it affords

products manufacturers, such as Merck, equal protection of the laws.

## AS FOR A FIFTY-NINTH
## DEFENSE, MERCK ALLEGES:

171.    Pursuant to O.C.G.A. § 51-12-5.1, only one award of punitive damages

may be recovered in the State of Georgia from Merck arising from product liability of a single

product.

## AS FOR A SIXTIETH
## DEFENSE, MERCK ALLEGES:

172.    Any warnings which were given were transmitted to the prescribing health

care provider, and that under Texas law, Merck's only obligation is to warn the prescribing

health care provider and said obligation was fulfilled.

## AS FOR A SIXTY-FIRST
## DEFENSE, MERCK ALLEGES:

173.    If Plaintiffs have sustained the injuries and damages alleged in the

Complaint, such injuries resulted, in whole or in part, from the culpable conduct and negligence

of Plaintiffs and/or of third parties, not from any negligence or breach of duty by Merck.  If

judgment is rendered in Plaintiffs' favor, the amount of such judgment must be reduced pursuant

to the Proportionate Responsibility Statute § 33.001, et seq. of the Texas Civil Practice &

Remedies Code.

## AS FOR A SIXTY-SECOND
## DEFENSE, MERCK ALLEGES:

174.   Merck is unaware at this time of any settlements by any alleged joint tortfeasor.  In the event any settlement is or has been made by any alleged joint tortfeasor, however, then Merck is entitled to a full credit, offset, pro rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling party, person, or other entity herein, and Merck makes known to the other parties and to the Court that it will avail itself of its rights under §§ 33.012 et seq. of the Texas Civil Practice & Remedies Code.

## AS FOR A SIXTY-THIRD
## DEFENSE, MERCK ALLEGES:

175.   Merck fully asserts § 82.001 and § 82.007 of the Texas Civil Practice and Remedies Code and states that all of Plaintiffs' claims are barred under those sections.

## AS FOR A SIXTY-FOURTH
## DEFENSE, MERCK ALLEGES:

176.   Any claims for exemplary damages are limited by Section 41.008 of the Texas Civil Practice and Remedies Code to two times the amount of actual damages or $200,000, whichever is greater.  Merck asserts all other defenses and limitations on punitive damages contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

## AS FOR A SIXTY-FIFTH
## DEFENSE, MERCK ALLEGES:

177.   Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate Merck's rights under Amendments IV, V, VI and XIV of the United States Constitution and under Sections 9, 10, 14 and 19 of Article I of the Texas Constitution.

## AS FOR A SIXTY-SIXTH
## DEFENSE, MERCK ALLEGES:

178.    Unless Merck's liability for punitive damages and the appropriate amount

of punitive damages are each required to be established by clear and convincing evidence under

Texas law, any awards of punitive damages would violate Merck's due process rights guaranteed

by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of

the Texas Constitution.

## AS FOR A SIXTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

179.    Any claims for punitive damages against Merck cannot be sustained,

because any award of punitive damages under Texas law without bifurcating the trial as to all

punitive damages issues would violate Merck's due process rights guaranteed by the Fourteenth

Amendment to the United States Constitution and by Section 19 of Article I of the Texas

Constitution.

## AS FOR A SIXTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

180.    Any claim for punitive damages against Merck cannot be sustained,

because an award of punitive damages under Texas law subject to no pre-determined limit, either

a maximum multiple of compensatory damages or a maximum amount, on the amount of

punitive damages that a jury may impose would violate Merck's due process rights guaranteed

by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of

the Texas Constitution.

## AS FOR A SIXTY-NINTH
## DEFENSE, MERCK ALLEGES:

181.    Any claims for punitive damages against Merck cannot be sustained,

because an award of punitive damages under Texas law by a jury that (1) is not provided any

standard of sufficient clarity for determining the appropriateness, or the appropriate size of any punitive damages award, (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## AS FOR A SEVENTIETH
## DEFENSE, MERCK ALLEGES:

182.    Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law for the purpose of compensating Plaintiffs for elements of damages not otherwise recognized by Texas law would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## AS FOR A SEVENTY-FIRST
## DEFENSE, MERCK ALLEGES:

183.    Merck asserts that the determination of the amount of punitive damages, if any, shall be bifurcated from the remaining issues pursuant to *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

## AS FOR A SEVENTY-SECOND
## DEFENSE, MERCK ALLEGES:

184.    Vioxx is a prescription pharmaceutical that was available only upon the prescription of a licensed physician, and persons other than Merck, including Plaintiffs' treating physicians and health care personnel and institutions, stood in the position of learned intermediaries between Merck and Plaintiffs.  Any claims against Merck accordingly are barred in whole or in part by the learned intermediary doctrine.

## AS FOR A SEVENTY-THIRD
## DEFENSE, MERCK ALLEGES:

185.    The imposition of punitive damages violates the open courts provision of the Texas Constitution.

## AS FOR A SEVENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

186.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A SEVENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

187.    Merck's compliance with applicable FDA standards, coupled with the FDA's recognition of Vioxx as a safe and effective drug, precludes recovery for punitive damages under Oregon Revised Statutes 30.927.

## AS FOR A SEVENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

188.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses resulted from Plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, idiosyncratic

reaction, subsequent medical conditions or natural courses of conditions for which this Defendant is not responsible.

**AS FOR A SEVENTY-SEVENTH
DEFENSE, MERCK ALLEGES:**

189.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award is not permitted by Oregon law and would, if granted, violate Merck's state constitutional rights.  Plaintiffs' claims for punitive damages would further violate the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution, on the following grounds:

(a)    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)    The procedures pursuant to which punitive damages are awarded results in the imposition of different penalties for the same or similar acts and thus violate the

39

Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(e)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

## AS FOR A SEVENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

190.    There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonable anticipated and intended function of Vioxx.

## AS FOR A SEVENTY-NINTH
## DEFENSE, MERCK ALLEGES:

191.    Plaintiffs' claims are barred in whole or in part because Merck's conduct was in compliance with industry custom.

## AS FOR A EIGHTIETH
## DEFENSE, MERCK ALLEGES:

192.    Plaintiffs' claims are barred in whole or in part because Merck's conduct conformed with medical knowledge.

## AS FOR A EIGHTY-FIRST
## DEFENSE, MERCK ALLEGES:

193.    With respect to each and every cause of action, Plaintiffs cannot state claims founded in strict liability because, among other things, comments j and k to Section 402(A) of the Restatement (Second) of Torts relegate Plaintiffs to a negligence cause of action.

### AS FOR A EIGHTY-SECOND
### DEFENSE, MERCK ALLEGES:

194.    With respect to each and every cause of action, Plaintiffs are not entitled to recover because, if the products involved were unsafe, which Merck denies, then they were unavoidably unsafe as defined in Restatement of Torts. The apparent benefits of the products exceeded any apparent risk given the scientific knowledge available when the products were marketed.

### AS FOR A EIGHTY-THIRD
### DEFENSE, MERCK ALLEGES:

195.    Merck's advertisements and labeling with respect to the products which are the subject matter of this action were not false or misleading and therefore constitute protected commercial speech under the applicable provisions of the United States and Oregon Constitutions.

### AS FOR A EIGHTY-FOURTH
### DEFENSE, MERCK ALLEGES:

196.    The public interest and benefit of the availability of the products which are the subject matter of this action preclude liability for risks, if any, resulting from such activities, which were unavoidable given the state of human knowledge at the time those activities were undertaken. With respect to Plaintiffs' claims, if it is determined there is a risk inherent in any of the products which are the subject matter of this action, then such risk, if any, is outweighed by the benefit of the product(s).

### AS FOR A EIGHTY-FIFTH
### DEFENSE, MERCK ALLEGES:

197.    At all times relevant herein, the products which are the subject matter of this action processed and distributed by Merck in the State of Oregon or the United States were processed and distributed in a reasonable and prudent manner based upon available medical and

41

scientific knowledge and further were processed and distributed in accordance with and pursuant to all applicable regulations of the FDA.

## AS FOR A EIGHTY-SIXTH
## DEFENSE, MERCK ALLEGES:

198.    With respect to each and every purported cause of action, the acts of Merck were at all times in good faith and without malice, evidenced by, among other things, Merck's immediate withdrawal from the market of the product which is the subject matter of this action.

## AS FOR A EIGHTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

199.    Plaintiffs' damages, if any may not exceed the limitations within Oregon Revised Statues 31.710.

## AS FOR A EIGHTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

200.    Plaintiffs' failure to properly and/or timely serve Merck precludes Plaintiffs' reliance on the 60-day relation back period under Oregon Revised Statutes § 12.020(2) for the purposes of determining whether Plaintiffs' action is time-barred.

## AS FOR A EIGHTY-NINTH
## DEFENSE, MERCK ALLEGES:

201.    To the extent Plaintiffs purport to state a claim under Oregon's Unfair Trade Practices Act, Oregon Revised Statutes 646.605 – 646.652, Merck is entitled to its reasonable attorney's fees incurred in defense of this action pursuant to Oregon Revised Statutes 646.638.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.     That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' Complaint with prejudice against Merck with costs assessed to Plaintiffs;

2.     Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.     Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated: June 29, 2006.

Respectfully submitted,

*Melissa V. Beaugh*

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Melissa V. Beaugh, 28250
            Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
            Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 29 day of June, 2006.

*Melissa V. Beaugh*