

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION | MDL No. 1657 <br><br> Section L <br><br> Judge Eldon E. Fallon <br><br> Magistrate Judge Daniel E. Knowles, III |

**THIS DOCUMENT RELATES TO:**
*Robert G. Smith v. Merck & Co., Inc.*, Case No. 2:05-CV-04379

## PLAINTIFF ROBERT G. SMITH'S MOTION TO OPEN AND CLOSE DEPOSITION TESTIMONY OF MR. SMITH'S PRESCRIBING AND TREATING DOCTORS

Plaintiff has the burden of proving that Merck's failure to warn proximately caused the circumstances leading up to Mr. Smith's cardiovascular injuries. As part of his evidence proving these allegations, Plaintiff will offer direct testimony from Plaintiff's prescribing and treating physicians. Despite Plaintiff's burden, Merck unilaterally noticed the video depositions of Mr. Smith's prescribing and treating physicians for use at trial and have insisted upon questioning these Plaintiff witnesses first, forcing Plaintiff to conduct a cross-examination of a witness that will be presented by videotape during his case-in-chief. Because Plaintiff is forced call his prescribing and treating physicians by video deposition and will do so during his case-in-chief, Plaintiff asks this Court to permit Plaintiff to open and close the deposition testimony of these doctors in order to fairly account for Plaintiff's burden of proof and to promote the orderly presentation of evidence at the trial of this case.

I. **FACTS**

Mr. Smith's Vioxx suit is set for trial on September 11, 2006. As part of the pre-trial discovery, Plaintiff asked Mr. Smith's prescribing and treating physicians to provide available



dates for their videotaped deposition. While Plaintiff was awaiting the doctors' responses for agreeable dates, Merck unilaterally noticed these depositions without consulting Plaintiff. *See* attached correspondence from Ms. Jablonski, attached hereto as Exhibit A. Counsel for Plaintiff repeatedly wrote Ms. Jablonski asking that Plaintiff be allowed to conduct a direct examination at the beginning of the deposition, given the depositions would be used at trial, Plaintiff bears the burden of proof and these witnesses provide evidence necessary to Plaintiff's case-in-chief. See Exhibit B attached hereto. Merck refused.

Plaintiff asks this Court to allow Plaintiff to conduct a direct examination during the depositions of their prescribing and treating physicians – Plaintiff's witnesses in the trial of this matter.

## II.     ARGUMENT

Ordinarily, the party with the burden of proof has the privilege of opening and closing the argument and evidence. *Martin v. Chesebrough-Pond's Inc.*, 614 F.2d 498, 501 (5th Cir. 1980)(per curiam). The allocation of this right to open and close rests with the sound discretion of the trial court. *Moreau v. Oppenheim*, 663 F.2d 1300, 1311 (5th Cir. 1981). As the Plaintiff, Mr. Smith has the burden of proof and should be allowed to open and close the testimony of his physicians.

Here, these doctors' deposition testimony and trial testimony are synonymous. Mr. Smith's physicians live and practice in Kentucky. Because Mr. Smith consented to try his case in this MDL Court, in Louisiana, these doctors will likely be unavailable to testify live and the videotaped depositions will be presented to the jury during Plaintiff's case-in-chief. Mr. Smith's consent to try his case in the MDL should not be used against him and adversely affect his trial

presentation. Therefore, the presentation and order of testimony in the depositions is almost certainly also the same as the trial testimony.

If Merck is allowed to go first during the depositions, the direct of the witnesses will be conducted by the Defendant even though the testimony will be introduced during the Plaintiff's case. Plaintiff will then be forced to conduct a cross-examination rather than the cohesive testimony needed for the orderly presentation of this evidence at trial. Merck should not be allowed to circumvent the proper order of evidence by unilaterally noticing the depositions of Mr. Smith's prescribing and treating physicians.

### III. PLAINTIFFS' STEERING COMMITTEE

Plaintiffs' Steering Committee in this MDL 1657 agrees with the relief sought in this Motion.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff asks the Court to order that Plaintiff opens and closes the deposition testimony of all prescribing and treating physicians.

Dated: June 14, 2006

Respectfully submitted,

_____
Grant Kaiser
Texas Bar No. 11078900
**THE KAISER FIRM LLP**
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
(713) 223-0000; fax (713) 223-0440

Drew Ranier
Louisiana Bar No. 8320
**RANIER, GAYLE & ELLIOT LLC**
1419 Ryan Street
Lake Charles, Louisiana 70601
(337) 494-7171; fax (337) 494-7218

Walter Umphrey  
Texas Bar No. 20380000  
**PROVOST UMPHREY LAW FIRM LLP**  
490 Park Street  
Beaumont, Texas 77701  
(409) 835-6000; fax (409) 838-8888  

John Eddie Williams, Jr.  
Texas Bar No. 21600300  
Amy M. Carter  
Texas Bar No. 24004580  
**WILLIAMS BAILEY LAW FIRM LLP**  
8441 Gulf Freeway, Suite 600  
Houston, Texas 77017  
(713) 230-2200; fax (713) 643-6226  

James L. "Larry" Wright  
Texas Bar No. 22038500  
**THE WATTS LAW FIRM LLP**  
111 Congress Avenue, Suite 1010  
Austin, Texas 78701  
(512) 479-0500; fax (512) 473-0328  

Mikal Watts  
Texas Bar No. 20981820  
**THE WATTS LAW FIRM LLP**  
Tower II Building, 14th Floor  
555 North Carancahua Street  
Corpus Christi, Texas 78478  
(361) 887-0500; fax (361) 887-0055  

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

I hereby certify that the undersigned conferred with counsel for Merck in an attempt to resolve this discovery dispute but an agreement could not be reached.

_____
Grant Kaiser

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 14th day of June, 2006.

Douglas R. Marvin            dmarvin@wc.com
E. Elaine Horn               ehorn@wc.com
**Williams & Connolly LLP**
725 Twelfth Street Northwest
Washington, D.C. 20005
(202) 434-5000; fax (202) 434-5029

Philip S. Beck               philip.beck@bartlit-beck.com
Adam L. Hoeflich             adam.hoeflich@bartlit-beck.com
Carrie A. Jablonski          carrie.jablonski@bartlit-beck.com
**Bartlit, Beck, Herman, Palenchar & Scott LLP**
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
(312) 494-4400; fax (312) 494-4440

Phillip A. Wittmann          pwittmann@stonepigman.com
Dorothy H. Wimberly          dwimberly@stonepigman.com
**Stone, Pigman, Walther, Wittmann LLC**
546 Carondelet Street
New Orleans, Louisiana 70130
(504) 581-3200; fax (504) 581-3361

_____
Grant Kaiser