U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED JUN 26 2006
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In Re: VIOXX Products Liability Litigation** | MDL No. 1657 |
| | Section: L |
| **This Document Relates to:** | Judge Fallon |
| **Lynda Lowe, etc. v. PJC Realty MA, Inc., et al. Docket No. 05-6173, Eastern District of LA** | Mag. Judge Knowles |

**DEFENDANT PJC REALTY MA, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendant PJC Realty MA, Inc. ("PJC") hereby moves for judgment on the pleadings or, in the alternative, for summary judgment as to all counts of plaintiff's Complaint. As grounds therefor, PJC states as follows:

1. In her Complaint, plaintiff asserts claims for "Wrongful Death Predicated on Negligence," and "Punitive Damages Predicated on Gross negligence and/or Willful or Reckless Conduct."

2. The ***only*** allegations plaintiff makes as to PJC are that: (1) the "negligent and wrongful conduct of the Defendant, PJC, proximately caused the death of Ernest Lowe," *Complaint,* ¶*23*; (2) the "wrongful conduct of the Defendant, PJC Realty MA, Inc., constitutes gross negligence and/or willful conduct," *Id.,* ¶*26*; and (3) as a direct and proximate result of that conduct, "Ernest Lowe suffered severe personal injuries and great pain of body and anguish of mind, as a result of which he died." *Id.,* ¶*27.*

3. PJC is a corporate entity created to own and lease real estate located in Massachusetts.

4. PJC was formed on May 21, 2003.

___ Fee___
___ Process___
X Dktd___
✓ CtRmDep___
___ Doc. No___

5. Ernest Lowe died on July 5, 2002.

6. Lynda Lowe was named the Administratrix of Ernest Lowe's estate on November 8, 2002.

7. PJC has no involvement in, control of, or influence over, the business operations of Brooks.

8. PJC has never been involved in anyway with the distribution or sale of any prescription medication or drug, including VIOXX®.

9. Plaintiff's Complaint includes ***no*** allegation connecting any conduct of PJC with the decedent's use of VIOXX® and his ensuing injuries and death.

10. The bare-bones, conclusory allegations of negligence and wrongful conduct without any factual allegation connecting PJC to VIOXX® or the decedent's use of VIOXX® are patently insufficient to raise any issue of material fact necessary to establish that PJC has any liability to plaintiff. Accordingly, PJC is entitled to judgment on the pleadings.

11. In the alternative, on the undisputed facts that PJC is merely a real estate holding company formed after Mr. Lowe's death and with no connection whatsoever to VIOXX®, PJC is entitled to summary judgment on all counts of the Complaint.

12. The grounds for this Motion are more fully set forth in the Memorandum in Support of Defendant PJC Realty MA, Inc.'s Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment, filed herewith. PJC's District of Massachusetts Local Rule 56.1 Statement of Material Facts Not in Dispute is included in its Memorandum. In further support of this Motion, PJC also relies upon the Affidavit of Allyson Jones-Phillip, filed herewith.

WHEREFORE, PJC respectfully requests that the Court grant PJC judgment on the pleadings under Fed. R. Civ. P. 12(c) or, in the alternative, enter summary judgment in its favor on all counts of the Complaint.

Respectfully submitted,

**PJC REALTY MA, INC.**

By its Attorneys,

Marjorie Sommer Cooke
COOKE CLANCY & GRUENTHAL LLP
265 Franklin Street
Boston, MA 02110
(617) 428-6800
(617) 428-6868

Dated: June 23, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing document has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 23rd day of June, 2006.

Jason Niederkorn