UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX<br>      Products Liability Litigation | MDL No. 1657<br>Section: L |
| This Document Relates to: | Judge Fallon |
| Lynda Lowe, etc. v. PJC Realty MA, Inc., et al.<br>Docket No. 05-6173, Eastern District of LA | Mag. Judge Knowles |

### MEMORANDUM IN SUPPORT OF DEFENDANT PJC REALTY MA, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant PJC Realty MA, Inc. ("PJC") submits this Memorandum in Support of its Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment.

### INTRODUCTION

Plaintiff Lynda Lowe was named the Administratrix for the Estate of Ernest A. Lowe, Jr., on November 8, 2002. Plaintiff brought this action in Massachusetts state court. It was removed to the United States District Court for the District of Massachusetts on October 4, 2005. On November 7, 2005, this matter was conditionally transferred to the Judicial Panel on Multidistrict Litigation, In Re VIOXX Products Liability Litigation.

Plaintiff alleges that Mr. Lowe died as a result of his use of the prescription drug VIOXX®, which plaintiff alleges he obtained at a Brooks Pharmacy located in Massachusetts. PJC is named in two counts of the Complaint: (1) Count I: Wrongful Death Predicated on Negligence; and (2) Count II: Punitive Damages Predicated on Gross Negligence and/or Willful or Reckless Conduct. However, plaintiff has failed to allege any facts connecting PJC to the decedent or his use of VIOXX®. This failure has two obvious causes: 1) PJC was not formed until ten months after Mr. Lowe's death, and six months after Ms. Lowe was named

Administratrix; and 2) PJC is a real estate holding company with no direct or indirect involvement in the sale or disbursement of prescription drugs. PJC had no direct or indirect contact with the plaintiff, and PJC played no role in the subject matter of the plaintiff's Complaint. Accordingly, plaintiff has not, and cannot, allege material facts linking PJC to the injuries alleged by the plaintiff. Thus, PJC is entitled to judgment on the pleadings or, in the alternative, summary judgment.

## LOCAL RULE 56.1 STATEMENT OF FACTS NOT IN DISPUTE

1. PJC is a real estate holding company. It owns and leases real estate in Massachusetts. *Affidavit of Allyson Jones-Phillip ("Jones-Phillip Aff.")*, ¶ 3.

2. PJC was formed on May 21, 2003. *Id.*, ¶ 4.

3. Plaintiff's decedent, Ernest Lowe, died on July 5, 2002.

4. PJC has no involvement in, control of, or influence over, the business operations of Brooks. *Id.*, ¶ 5.

5. PJC has never been involved in any way with the distribution or sale of any prescription medications or drugs. *Id.*, ¶ 6.

6. PJC was in no way involved with the distribution or sale of any prescription drug, including VIOXX®, to the plaintiff. *Id.*

## ARGUMENT

### I. DEFENDANT PJC IS ENTITLED TO JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c).

Pursuant to Fed. R. Civ. P. 12(c), any party may move for judgment on the pleadings after the pleadings are closed. Such a motion should be granted if the pleadings, when taken as a whole, fail to reveal any potential dispute about one or more of the material facts. *Gulf Coast Bank & Trust v. Reder*, 355 F.3d 35, 37 (1st Cir. 2004). Because plaintiff's complaint alleges no

fact on which her claims against PJC are premised, no material fact has been put at issue and PJC is entitled to judgment as a matter of law.

Plaintiff's first claim against PJC is for "wrongful death predicated on negligence." To be liable for negligent conduct, one must have failed to discharge a duty of care owed to the plaintiff, harm must have been reasonably foreseeable, and the breach or negligence must have been the proximate or legal cause of the plaintiff's injury. *See, e.g., Tobin v. Norwood Country Club, Inc.*, 422 Mass. 126, 141 (1996); *Stamas v. Fanning*, 345 Mass. 73, 75-76 (1962).

The *only* allegations plaintiff makes with regard to PJC are: (1) the "negligent and wrongful conduct of the Defendant, PJC, proximately caused the death of Ernest Lowe," *Complaint, ¶23*; (2) the "wrongful conduct of the Defendant, PJC Realty MA, Inc., constitutes gross negligence and/or willful conduct," *Id, ¶26*; and (3) as a direct and proximate result of that conduct, "Ernest Lowe suffered severe personal injuries and great pain of body and anguish of mind, as a result of which he died." *Id., ¶27*. These entirely conclusory allegations are insufficient to raise any factual issue which would give rise to the claimed liability of PJC.

Plaintiff alleges **no** fact on which her conclusory assertions of negligence are premised. The Complaint includes not even a clue as to what might be the "conduct" of PJC on which plaintiff relies. Plaintiff fails to allege *any* fact linking PJC to the decedent or his taking of VIOXX®, and thus fails to allege any fact linking PJC to the alleged harm caused to the decedent. Plaintiff also does not allege any fact which would give rise to a duty of care owed by PJC to the decedent or, indeed, that PJC had such a duty. Plaintiff also fails to allege any fact which would support the premise that any breach of a duty to the decedent by PJC was the proximate or legal cause of his injuries. Accordingly, there is no issue of fact raised by the pleadings and PJC is entitled to judgment on the negligence claim as a matter of law.

3

Similarly, plaintiff failed to plead any facts that would support the second claim brought against PJC, *i.e.*, gross negligence or willful or reckless conduct. Under longstanding Massachusetts authority, the classic definition of gross negligence is as follows:

> Gross negligence is substantially and appreciably higher in magnitude than ordinary negligence. It is materially more want of care than constitutes simple inadvertence. It is an act or omission respecting legal duty of an aggravated character as distinguished from a mere failure to exercise ordinary care. It is very great negligence, or the absence of slight diligence, or the want of even scant care. It amounts to indifference to present legal duty and to utter forgetfulness of legal obligations so far as other persons may be affected. It is a heedless and palpable violation of legal duty respecting the rights of others. The element of culpability which characterizes all negligence is in gross negligence magnified to a high degree as compared with that present in ordinary negligence.

*See Altman v. Aronson*, 231 Mass. 588, 591-92 (1919).

Plaintiff's claim for gross negligence fails for the same reasons that plaintiff's claim against PJC for negligence fails. As gross negligence requires a higher burden of proof, plaintiff's failure to allege sufficient facts to substantiate even ordinary negligence necessitates that the claim of gross negligence must also fail.

Plaintiff similarly pleads no facts to support her claim for willful or reckless conduct. Willful, wanton and reckless conduct has been defined as "intentional conduct, by way either of commission or omission where there is a duty to act, which conduct involves a high degree of likelihood that substantial harm will result to another." *Commonwealth v. Catalina*, 407 Mass. 779, 789 (1990). "Reckless failure to act involves intentional or unreasonable disregard of a risk that presents a high degree of probability that substantial harm will result to another." *Sandler v. Commonwealth*, 419 Mass. 334, 336 (1995). The risk of death or great bodily injury must be known or reasonably apparent, and harm must be a probable consequence of defendant's election to run that risk or of his failure to reasonably recognize it. *Id.* at 336.

Again, in the absence of any allegation connecting any conduct of PJC to the decedent,

his use of VIOXX®, or his alleged injuries, there is no issue of material fact raised to support the claim of willful or reckless conduct. Accordingly, PJC is entitled to judgment in its favor with respect to this claim.

## II. IN THE ALTERNATIVE, SUMMARY JUDGMENT SHOULD BE GRANTED AS TO ALL CLAIMS AGAINST PJC.

Summary judgment should be granted when no genuine dispute of material fact exists, and the movant is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record showing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Then the non-moving party must demonstrate that "*every essential element* of its claim or defense is at least trialworthy." *Price v. General Motors Corp.*, 931 F.2d 162, 164 (1st Cir.1991). "A complete failure of proof concerning an essential element of the non-moving party's case renders all other facts immaterial" and mandates summary judgment in favor of the moving party. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986).

It is undisputed that PJC is a real estate holding company; PJC was formed months *after* Mr. Lowe's death; PJC has never been involved with the distribution or sale of prescription drugs or medications; and PJC was in no way involved with the distribution or sale of VIOXX® to the plaintiff. Plaintiff's conclusory allegations of liability are patently insufficient to withstand a motion for summary judgment. Accordingly, summary judgment should be entered in favor of PJC.

## CONCLUSION

For all of the foregoing reasons, defendant PJC Realty MA, Inc. respectfully requests that the Court grant judgment in its favor on the pleadings under Fed. R. Civ. P. Rule 12(c), or, in the alternative, enter summary judgment in its favor on all counts of the plaintiff's Complaint.

Respectfully submitted,

**PJC REALTY MA, INC.**

By its Attorneys,

Marjorie Sommer Cooke
COOKE CLANCY & GRUENTHAL LLP
265 Franklin Street
Boston, MA 02110
(617) 428-6800
(617) 428-6868

Dated: June 23, 2006

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 23rd day of June, 2006.

Jason Niederkorn

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  VIOXX<br>　　　Products Liability Litigation<br><br>This Document Relates to:<br><br>Lynda Lowe, etc. v. PJC Realty MA, Inc., et al.<br>Docket No. 05-6173, Eastern District of LA | MDL No. 1657<br><br>Section:  L<br><br>Judge Fallon<br><br>Mag. Judge Knowles |

### AFFIDAVIT OF ALLYSON JONES-PHILLIP

I, Allyson Jones-Phillip, having been duly sworn, depose and state as follows:

1. I am the Senior Claims Manager of the Risk Management Department for Maxi Drug, Inc., d/b/a Brooks Pharmacy.

2. The statements contained in this Affidavit are based on my own personal knowledge.

3. PJC Realty MA, Inc. ("PJC") is a corporate entity created to own and lease real estate located in the Commonwealth of Massachusetts.

4. PJC was formed on May 21, 2003.

5. PJC has no involvement in, control of, or influence over, the business operations of Brooks.

6. PJC has never been involved in any way with the distribution or sale of any prescription medication or drug, including VIOXX®.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 7th DAY OF JUNE, 2006.

_____
Allyson Jones-Phillip