```
                                           FILED
                                     U.S. DISTRICT COURT
                                     EASTERN DISTRICT OF LA

                                     2001 MAY -1  PM 12:59

                                       LORETTA G. WHYTE
                                            CLERK
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT RITCHIE | * | CIVIL ACTION |
| VERSUS | * | NO: 01-1001 |
| WARNER-LAMBERT COMPANY, ET AL | * | SECTION: "D"(1) |

### J U D G M E N T

For reasons set forth in this court's Minute Entry of May 1, 2001,

**IT IS ORDERED, ADJUDGED AND DECREED** that this matter be and is hereby **REMANDED** to the Civil District Court, for the Parish of Orleans, State of Louisiana, for lack of subject matter jurisdiction.

New Orleans, Louisiana, this 1st day of MAY, 2001.

A. J. McNAMARA
CHIEF JUDGE

DATE OF ENTRY
MAY 2 - 2001

Fee_____
Process_____
X  Dktd_____
___CtRmDep_____
Doc.No._____



```
                                              FILED
                                          U.S. DISTRICT COURT
                                        EASTERN DISTRICT OF LA

                                         2001 MAY -1  PM 12: 59

                                          LORETTA G. WHYTE
                                              CLERK
```

MINUTE ENTRY
McNAMARA, CHIEF JUDGE
MAY 1, 2001

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT RITCHIE | * | CIVIL ACTION |
| VERSUS | * | NO: 01-1001 |
| WARNER-LAMBERT COMPANY, ET AL | * | SECTION: "D"(1) |

Before the court are the following motions:

(1) **"Motion to Remand"** filed by Plaintiff, Robert Ritchie;

(2) **"Motion to Stay"** filed by Defendants, Warner-Lambert Company and Pfizer Inc.; and

(3) Plaintiff's **"Motion to Stay Transfer to MDL"**, which the court treats as Plaintiff's Opposition to Defendants' Motion to Stay.

The motions, set for expedited hearing on Monday, April 30, 2001, are before the court on briefs, without oral argument. Now, having reviewed the memoranda of counsel, the record and the applicable law, the court is unconvinced that Plaintiff has "no

```
DATE OF ENTRY       Fee_____
                    Process____
  MAY 2 - 2001      X Dktd____
                    CtRmDep___
                    Doc.No.____
```

reasonable basis of recovery" against the in state-defendant, Dr. Eduardo Rodriguez, who is allegedly Plaintiff's treating physician. *Badon v. RJR Nabisco Inc*, 236 F.3d 282, 285 (5th Cir. 2000).

Defendants point the court to another Rezulin case transferred to the MDL court in New York, where Judge Kaplan found that a defendant physician was fraudulently joined. However, in that case, it was "impossible to determine from the face of the complaint" that the defendant was even a physician and he was simply included in all of the allegations against "defendants" in general. *In re Rezulin Products Liability Litigation*, 133 F.Supp.2d 272, 294-95 (S.D.N.Y. 2001). Such is not the case here.

Rather, in Paragraph 36 of his state-filed Petition, Plaintiff specifically asserts the following:

> 36.
>
> Petitioner alleges, as Warner-Lambert has asserted,[1] petitioner's treating physician, was negligent in the following, non-exclusive list of particulars:

---

[1] In Paragraph 35 of his state-filed Petition, Plaintiff alleges:

> In other Rezulin litigation, defendant herein, Warner-Lambert, has alleged that the Learned Intermediary Doctrine is applicable, i.e., that Warner-Lambert provided adequate instructions to prescribing physicians and these prescribing physicians were negligent in failing to properly prescribe Rezulin, failing to follow Rezulin's package insert instructions, recommendations, and warnings and failure to properly inform petitioner of such adverse side effects.

*See* Petition, attached as Exhibit A to Defendants' Notice of Removal, Doc. No. 1; *see also* Answer filed by Warner-Lambert filed in *Sherry Tate v. Warner-Lambert*, No. 2000-18513 (CDC, State of Louisiana) (*copy attached to Plaintiff's Supporting Memo.*, Exhibit A, Fifth, Twelfth & Thirteenth Defenses), and text of this Minute Entry accompanying footnote 5.

  A. Failure to carefully follow Rezulin's package insert instructions, recommendations, and warnings in prescribing Rezulin to plaintiff.

  B. Failure to fully monitor and evaluate petitioner (sic) heart and/or liver function and/or other adverse medical effects.

  C. Failure to accurately diagnose petitioner's heart and/or liver and/or other adverse medical effects when petitioner exhibited signs of a deteriorating medical condition;

  D. Failure to recognize that Rezulin was a cause of petitioner's heart and/or liver problems and/or other adverse medical effects;

  E. Failure to warn or adequately inform petitioner of the potential harm associated with the use of Rezulin, and failure to protect petitioner from that harm; and

  F. Any and all other acts of negligence which will proven at the trial of this matter.

(See Petition, attached as Exhibit A to Defendants' Notice of Removal, Doc. No. 1).

The court finds that with these allegations, Plaintiff has alleged with particularity a viable cause of action against his treating physician. Defendants have the heavy burden of showing "by clear and convincing evidence"[2] that Plaintiff has "no

---

[2] *Marathon Oil Co. v. Ruhrgas, A.G.*, 115 F.3d 315, 319 (5th Cir. 1997).

possibility"[3] of recovery against the physician, and their argument that Plaintiff fraudulently joined the physician with "cookie-cutter" conclusory allegations is half baked. (Defendants' Opp. Memo., pp. 12-15).

The court also rejects Defendants' argument that "[t]he physician defendant cannot be liable for failure to warn where, as here, the petition specifically alleges that the manufacturer 'represent[ed] to physicians that Rezulin was safe and effective.'" (Defendants' Opp., p. 15, *citing* Petition ¶ 33(i)).[4] When a Plaintiff sues multiple Defendants, the allegations against the multiple Defendants are often inconsistent. Further, here Plaintiff has alleged other specific acts against the resident physician, in addition to the failure to warn allegation.

Finally, Defendants argue that their invocation of "the learned intermediary doctrine" in another Louisiana Rezulin action[5]

---

[3] *Id.*

[4] Defendants rely on Judge Kaplan's decision which found that a physician was improperly joined, in part, because the plaintiff's assertion that "[d]efendants ... recklessly, falsely and/or deceptively represented or knowingly omitted, suppressed or concealed facts of such materiality regarding the safety and efficacy of Rezulin from prescribing physicians" refuted the assumption that the physician had knowledge of Rezulin's harmful effects. *In re Rezulin Products Liability Litigation*, 133 F.Supp.2d 272, 295 (S.D.N.Y.2001).

However, Defendants' reliance on Judge Kaplan's decision is misplaced, because as the court previously discussed in the text of this Minute Entry (p. 2), the Plaintiff who sued the physician in Judge Kaplan's case failed to allege specific allegations against the physician. In contrast, the Plaintiff here has asserted five specific allegations against his treating physician, only one of which is a failure to warn allegation. Thus, Judge Kaplan's decision to deny remand is inapposite to this case.

[5] *See* Answer filed by Warner-Lambert filed in *Sherry Tate v. Warner-Lambert*, No. 2000-18513 (CDC, State of Louisiana) (copy attached to Plaintiff's Supporting Memo., Exhibit A, Fifth, Twelfth & Thirteenth Defenses).

4

is no basis for the court to find that Defendants have made a claim against the physician here (or even in that other case). (Defendants' Opp., p. 16). However, while Defendants may not have made an outright claim against a physician in any Rezulin case, the Defendants' invocation of "the learned intermediary doctrine" in that other Louisiana case nevertheless emasculates their fraudulent joinder argument in this case.

As an Alabama state court recently explained:

> A treating physician is in the best, if not only, position to advise his patients regarding possible side effects of drugs that he prescribes. This is the reasoning behind the learned intermediary doctrine, which applies equally to the relationship between the physician/patient and manufacturer [and] to the relationship between the physician/patient and pharmacist. The patient must look to the physician because only the physician can relate the propensities of the drug to the physical idiosyncracies of the patient.
>
> . . .
>
> "[T]he doctor is the learned intermediary between the manufacturer and the patient, the patient should rely on the doctor."

*Orr v. Wyeth-Ayerst Laboratories, Co.*, No. CV-98-3000-DIET, pp. 4 & 7 (Cir.Ct., Mobile Count, Alabama) (Aug. 1999) (copy supplied to this court by Defendants).[6]

The court concludes that Plaintiff did not fraudulently join

---

[6] Having found that the resident physician was *not* fraudulently joined, the court need not address Defendants' additional argument that the named resident pharmacy was also fraudulently joined.

5

the in-state physician to defeat diversity jurisdiction. Thus, removal was improvident and the matter should be remanded to state court.

Accordingly;

**IT IS ORDERED** that Plaintiff's **Motion to Remand** be and is hereby **GRANTED**;[7] and

**IT IS FURTHER ORDERED** that Defendants' **Motion for Stay** be and is hereby **DENIED**.

* * * * * *

---

[7] The court recognizes that the MDL Judge has established an orderly procedure which puts Plaintiffs' Motions to Remand on a fast tract for resolution. However, in this case, the court finds that judicial efficiency and economy are better promoted by this court determining (before the case is transferred to the MDL court sitting in New York) whether a Louisiana resident, under Louisiana law, has a reasonable possibility of recovery against a Louisiana doctor. The issue of whether or not Plaintiff has a *possibility* of recovery against the physician is not a close one, and thus there is no reason to delay the remand to state court.