## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUN 28 PM 2: 57

LORETTA G. WHYTE
CLERK

| | |
|---|---|
| IN RE: VIOXX | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| | JUDGE FALLON |
| | MAG. JUDGE KNOWLES |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

THIS DOCUMENT RELATES TO
*Donna Allen, et al. v. Merck & Co.*, 05-4435

### PLAINTIFF'S MOTION TO DISMISS

**NOW INTO COURT**, through undersigned counsel, come those plaintiffs listed in Exhibit A (attached), moving for dismissal of all claims against all defendants without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2) and for reasons established in plaintiff's supporting memorandum (attached). Notice has been provided to plaintiffs.

**WHEREFORE,** plaintiffs move for an order of this court dismissing, without prejudice, all claims against all defendants in this case.

Respectfully submitted,

**ROFECOXIB LITIGATION GROUP, LLC**

Stuart H. Smith (LSBA No. 17805)
Michael G. Stag (LSBA No. 23314)
Lloyd S. Jolibois, Jr. (LSBA No. 28629)
**SMITH STAG, L.L.C.**
One Canal Place
365 Canal Street, Suite 2850
New Orleans, LA 70130
(504) 593-9600 Telephone
(504) 593-9601 Facsimile

Fee
Process
X Dktd
CtRmDep
Doc. No

Gladstone Jones (LSBA No. 22221)
Eberhard Garrison (LSBA No. 22058)
Lynn Swanson (LSBA No. 22650)
**Jones, Verras & Freiberg, L.L.C.**
Pan American Life Cntr., Ste. 2655
601 Poydras Street
New Orleans, LA 70130
(504) 523-2300 Telephone
(504) 523-2508 Facsimile


**ATTORNEYS FOR PLAINTIFF**


## CERTIFICATE OF SERVICE

I hereby certify that I have, on this 28th day of _____ June _____, 2006, served a copy

of the foregoing pleading on counsel for all parties to these proceedings by hand delivery,

facsimile, or by depositing same in the United States mail, properly addressed, and first-class

postage prepaid.

Lloyd S. Jolibois, Jr.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX                               **MDL NO. 1657**

       **PRODUCTS LIABILITY LITIGATION**       **SECTION L**

                                          **JUDGE FALLON**

                                          **MAG. JUDGE KNOWLES**

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**THIS DOCUMENT RELATES TO**
*Donna Allen, et al. v. Merck & Co.*, 05-4435

## 7.6E CERTIFICATE

Undersigned counsel certifies that defense counsel was contacted notifying them of Plaintiff's

intention to file this Motion to Dismiss.  Thomas P. Owen, Jr., counsel for Merck & Company, Inc.,

objects.

This 28th day of June, 2006

_____
Lloyd S. Jolibois, Jr.

EXHIBIT "A"

JUDY BELL
JAMES BELLOW
MICHELLE BOUDREAUX-RANDAZZO
OPHELIA BROCK
TERRIE BURNS
IRENE CADOR
ERIC S. CLARK
CONNIE COLEMAN
ROBERT E. COLEMAN
RONALD R. GAINES
ROSA MAE GAINES-WILLIAMS
BEVERLY GILLIAM
MAHER HINDI
DAVID JAMES
MASEL JOHNSON
WILLIAM LLOYD
FREDERICK LOUIS
MARION MARIGNY
AMISE MICHELIN
MARTHA MORRIS
ALICE R. MORVANT (A/K/A ALCEE R. MORVANT)
MELVIN PHILLIPS
RODESIA PORTER
ANGELA POWELL
HAZEL PROVOST
LAWRENCE RANDAZZO
DOROTHY RATLIFF
MARY RATTLER
ALINE RIDEU
GWENDOLYN SMITH
VERCE SMITH
JAMES STEWART
LEQUANNA WASHINGTON
SIMONE WHITE
JANICE WILLIAMS
MARY JO WILLIAMS

Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX                                  MDL NO. 1657

## PRODUCTS LIABILITY LITIGATION          SECTION L

JUDGE FALLON

MAG. JUDGE KNOWLES

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**THIS DOCUMENT RELATES TO**
*Donna Allen, et al. v. Merck & Co.*, 05-4435


## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS

**MAY IT PLEASE THE COURT:** Plaintiffs, DONNA ALLEN, et al., through undersigned

counsel, move this Court for an order granting their motion to dismiss without prejudice in

accordance with Federal Rule of Civil Procedure 41(a)(2).

## LAW AND ARGUMENT

Federal Rule of Civil Procedure 41(a)(2) governs opposed motions to dismiss without

prejudice. *Hardy v. Omega Protein Inc.*, No. Civ. A 99-2255, 2000 WL-554186, at \*2 (E.D.La. May

4, 2000). Rule 41(a)(2) provides, in pertinent part, that "an action shall not be dismissed at the

plaintiff's instance save upon order of the court and upon such terms and conditions as the court

deems proper." *See id.*, (citing Fed. R. Civ. P. 41(a)(2)). Absent a showing that the defendant will

suffer clear legal prejudice, courts generally grant motions to dismiss without prejudice. *See id.*

(citing *Phillips v. Ill. C. Gulf R.R.*, 874 F.2d 984, 986 (5th Cir. 1989).

Courts must examine the stage in the litigation at which the motion is made to assess

prejudice. *See id.* (citing *Hartford Accident & Indem. Co. v. Costa Lines Cargo Serv., Inc.*, 903 F.2d

352, 360 (5ᵗʰ Cir. 1990); 9 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure §§ 2364 (1971 & Supp. 1990). In *Hardy*, the court examines reasons that warrant denial of a plaintiff's motion to dismiss without prejudice. Courts have denied 41(a)(2) motions when parties have filed numerous pleadings and memoranda, attended conferences, and after [the] magistrate . . . issued comprehensive recommendations adverse to plaintiffs. *Id.* at *2 (citing *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 199 (5ᵗʰ Cir. 1991). Denial is also appropriate when plaintiff moves for dismissal after the case has been removed to federal court, several hearings have been held, defendants have been dismissed on summary judgment, <u>and</u> parties have undertaken substantial discovery. *See id.* (citing *Hartford Acccident*, 903 F.2d at 360) (emphasis added). Nonetheless, case law is clear: "the threat of a second suit does not rise to the level of cognizable legal harm for the purposes of a 41(a)(2) motion." *Id.*

In this case, several plaintiffs, listed in exhibit A to plaintiffs' motion, move to dismiss their lawsuit without prejudice. To plaintiffs' knowledge, not one of the extreme circumstances to deny plaintiffs' motion is met. This case is in its embryonic stages. Counsel for Merck recently filed its Answer to the suit. No case-specific fact discovery has been conducted. No hearings specific to this case have been had. No rulings specific to this case have been rendered. And, defendants have not expended considerable resources in defending this suit. Therefore, given the infancy of this litigation, the defendants may object to plaintiffs' motion on the basis that they may be subject to another lawsuit unless plaintiffs' are dismissed with prejudice. However, as established *supra*, this argument is not grounds for denying plaintiffs' motion to dismiss. Thus, consistent with the Court's reasoning and ruling in *Hardy*, plaintiffs' motion to dismiss pursuant to Rule 41(a)(2) should be granted.

For the foregoing reasons, plaintiffs' respectfully request that their motion to dismiss the plaintiffs identified in exhibit A to their motion be granted.

Respectfully submitted,

**ROFECOXIB LITIGATION GROUP, LLC**

Stuart H. Smith (LSBA No. 17805)
Michael G. Stag (LSBA No. 23314)
Lloyd S. Jolibois, Jr. (LSBA No. 28629)
**Smith Stag, L.L.C.**
One Canal Place
365 Canal Street, Suite 2850
New Orleans, LA 70130
(504) 593-9600 Telephone
(504) 593-9601 Facsimile

Gladstone Jones (LSBA No. 22221)
Eberhard Garrison (LSBA No. 22058)
Lynn Swanson (LSBA No. 22650)
**Jones, Verras & Freiberg, L.L.C.**
Pan American Life Cntr., Ste. 2655
601 Poydras Street
New Orleans, LA 70130
(504) 523-2300 Telephone
(504) 523-2508 Facsimile

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that I have, on this 28th day of _____June_____, 2006, served a copy of the foregoing pleading on counsel for all parties to these proceedings by hand delivery, facsimile, or by depositing same in the United States mail, properly addressed, and first-class postage prepaid.

Lloyd S. Jolibois, Jr.