FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUN 29  PM 4: 10

LORETTA G. WHYTE
           CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAG. JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * *

THIS DOCUMENT RELATES TO ALL CASES

### PRETRIAL ORDER NO. 18C
### (Plaintiff Profile Form, Authorizations, and Merck Profile Form)

This Order amends and supersedes Pre-Trial Order Nos. 18, 18A and 18B and governs the form and schedule for service of a Plaintiff Profile Form ("PPF") and executed Authorizations for the release of records to be completed by plaintiffs, and Merck Profile Form ("MPF") to be completed by Merck in all individual (that is, non-class action) cases in which plaintiffs claim to have sustained a myocardial infarction, an ischemic stroke, or a death ("cardiovascular event") that were: (1) transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of February 16, 2005; (2) subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.4 of the Rules of Procedure of that Panel; and (3) originally filed in this Court or transferred or removed to this Court. The amendments in this Order relate to the service of PPFs, MPFs, their related attachments, and modification of the MPF form itself.

This Order neither applies to nor imposes any obligation on any Defendant in any individual action in MDL 1657 other than Merck.

- 1 -

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

Plaintiff Profile Forms:

1. Plaintiffs in all cardiovascular event cases shall each complete and serve upon Merck a PPF and Authorizations for Release of Records of all healthcare providers and other sources of information and records (*e.g.*, pharmacies, employers, etc.) in the form set forth in Attachment A. Those plaintiffs shall also produce with their PPF all documents responsive to the document requests contained therein.

2. Unless the parties agree otherwise or by order of the Court, complete and verified PPFs, signed and dated Authorizations, and all responsive documents shall be produced on the following schedule in all cardiovascular event cases that have been filed in or transferred to MDL 1657 as of September 1, 2005: for plaintiffs whose last names begin with the letters A through C, on or before November 15, 2005; for plaintiffs whose last names begin with the letters D through G, on or before November 30, 2005; for plaintiffs whose last names begin with the letters H through L, on or before December 15, 2005; for plaintiffs whose last names begin with the letters M through R, on or before December 30, 2005; and for plaintiffs whose names begin with the letters S through Z, on or before January 14, 2006.

3. Plaintiffs in individual cardiovascular event cases that are filed in or transferred to this MDL proceeding after September 1, 2005 shall provide complete and verified PPFs, signed and dated Authorizations, and all responsive documents within seventy-five (75) days of their transfer order or the date on which they are filed in this proceeding.

4. Plaintiffs who fail to provide complete and verified PPFs, signed and dated Authorizations, and all responsive documents requested in the PPF within the time periods set forth hereinabove shall be given notice by e-mail or fax from Defendants' Liaison Counsel or

his designee and shall be given twenty (20) additional days to cure such deficiency. No other extensions will be granted.

5. Plaintiffs shall serve the DLC with the PPF responses, including amended and supplemental responses (hereinafter collectively referred to as "PPF responses") and signed and dated Authorizations by serving a hard copy on Wilfred P. Coronato at Hughes Hubbard & Reed LLP, 101 Hudson Street, Suite 3601, Jersey City, New Jersey 07302-3918, and by serving an electronic copy via LexisNexis File & Serve on Wilfred P. Coronato at Hughes Hubbard & Reed LLP, Phillip A. Wittmann at Stone Pigman Walther Wittmann L.L.C., Dimitrios Mavroudis at Dechert LLP, and Susan Giamportone at Womble Carlyle Sandridge & Rice, PLLC and firms representing any other defendants in that case within the time periods set forth herein. To ensure that only the intended recipients have access to the aforementioned documents on LNFS, plaintiffs' counsel must upload said documents by selecting "Sealed, Electronic" in the "Access" field of the "Documents" tab under the "Filing & Service" option.

6. When plaintiffs upload a PPF response to LNFS, it shall clearly be labeled "Plaintiff Profile Form" and, in multi-plaintiff cases, it shall indicate the name of the plaintiff on whose behalf the PPF response is being served. (E.g., "Plaintiff Profile Form of John Doe"). Plaintiffs shall also choose the "Plaintiff Profile Form" document type available on LNFS. Plaintiffs shall upload their PPF under their case-specific docket number on LNFS and shall not upload it under the general "In Re Vioxx Products Liability Litigation" file.

7. When serving healthcare or other records (hereinafter "medical records") produced as a result of this pretrial order, plaintiffs shall either (a) upload their medical records to LNFS along with the PPF response and signed Authorizations or (b) serve their medical records on CD or DVD in accordance with the requirements of paragraph 9. Plaintiffs shall

provide medical records in only one of the two methods described above and shall not serve their records in hard copy (paper) form.

   8. Regardless of the method chosen to serve medical records (i.e., upload to LNFS or CD/DVD), plaintiffs must (a) attach a list to their PPF response setting forth the names of the sources of the records (e.g. General Hospital, Marcus Welby, M.D., SVC Pharmacy, etc.) produced with the PPF response or clearly indicate in Section VII of the PPF entitled List of Medical Providers and Other Sources of Information whether the records of the sources identified therein have been produced with the PPF response and (b) reasonably identify the records by including a cover sheet that begins each record or in some reasonable way clearly indicate the name of the source or medical provider of that record.

   9. When plaintiffs opt to provide their medical records on CD or DVD in lieu of posting them to LNFS, plaintiffs shall also comply with the following conditions:

    a. Plaintiffs' counsel shall provide a certification with the PPF response stating (i) the date of service; (ii) the manner of service; (iii) that the medical records have been served on CD or DVD along with the original, signed PPF and original, signed authorizations, on Wilfred P. Coronato, Esq., Hughes Hubbard & Reed LLP, 101 Hudson Street, Suite 3601, Jersey City, New Jersey 07302-3918; (iv) that the PPF and authorizations have also been posted to LNFS and the date they were posted. This certification shall be attached to the copy of the PPF response and Authorizations posted to LNFS and the original PPF response and Authorizations served on Wilfred P. Coronato, Esq.

b. Each CD or DVD shall contain the records of only one plaintiff or alleged Vioxx® user.

c. Each file on the CD or DVD shall contain the medical records of only one provider.

d. Each file shall be in either pdf, multi-page, or single page TIF format. No other file format will be accepted. To the extent feasible, Defendant strongly prefers single-page or multi-page TIF images.

e. The CD or DVD shall have a legible label securely affixed to the CD or DVD itself setting forth the case name, case-specific docket number, name of the person to whom the medical records pertain (e.g., "Medical Records of John Doe"), and the name, address and telephone number of the Plaintiff's counsel of record transmitting the CD or DVD.

f. Each CD or DVD shall be accompanied in the same envelope with the original, signed and dated PPF response and Authorizations.

10. Authorizations shall be dated and signed "in blank" (*i.e.*, without setting forth the identity of the custodian of the records or provider of care). Merck may use the authorizations for all healthcare providers and other sources of information and records (e.g., pharmacies, employers, etc.) identified in the PPF, without further notice to plaintiff's counsel. The Defendants Steering Committee ("DSC") shall post the records received pursuant to the authorizations on a secure website maintained by the DSC's vendor and notify claimant's attorney and Plaintiffs' Liaison Counsel by e-mail of the posting. Plaintiff's counsel in a

particular case and Plaintiffs' Liaison Counsel may access that website to obtain copies of their clients' medical records at their cost.

11. If Merck wishes to use an authorization to obtain records from a source that is not identified in the PPF, Merck shall provide the plaintiff's counsel for that particular case with seven (7) days written notice (by telecopy or email) of the intent to use an authorization to obtain records from that source. If plaintiff's counsel fails to object to the request within seven (7) days, Merck may use the authorization to request the records from the source identified in the notice. If plaintiff's counsel objects to the use of the authorization to obtain records from the source identified in the notice within said seven (7) day period, plaintiff's counsel and Merck's counsel shall meet and confer in an attempt to resolve the objection. If counsel are unable to resolve the objection, plaintiff shall file a motion for a protective order within fourteen (14) days of the Merck's notice of intent to use the authorization.

12. Plaintiffs' responses to the PPF shall be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34 and shall be supplemented in accordance with Fed. R. Civ. P. 26.

13. Merck's use of the PPF and Authorizations shall be without prejudice to Merck's right to serve additional discovery as ordered by the Court.

Merck Profile Forms:

14. Merck will serve upon plaintiffs' counsel of record, as identified in the PPF, and Plaintiffs' Liaison Counsel a hard copy of a complete and verified MPF form and the documents and data accompanying the MPF (hereinafter "data package") in the cardiovascular event cases in the form set forth in Attachment B, which has been modified by agreement of counsel subsequent to Pretrial Order No. 18B. An electronic copy of only the MPF form itself

shall also be served via LNFS on all plaintiffs' counsel of record associated with an individual case as identified on LNFS, assuming counsel has registered with LNFS, Plaintiffs' Liaison Counsel, and Co-Lead Counsel, Chris Seeger and Andy Birchfield. To ensure that only the intended recipients have access to the MPFs, Merck shall upload them by selecting "Sealed Electronic" in the "Access" field of the "Documents" tab under the "Filing and Service" option. In the event plaintiffs' counsel of record is not registered with LNFS, a hard copy of the complete MPF shall be served on plaintiff's counsel of record and Plaintiffs' Liaison Counsel via Federal Express or certified mail.

15. When Merck uploads an MPF response to LNFS, Merck shall clearly label it as such and, in multi-plaintiff cases, it shall indicate the name of the plaintiff to whom the MPF response applies. (E.g., "Merck Profile Form Relating to Plaintiff John Doe"). Merck shall also choose the "Merck Profile Form" document type available on LNFS. Merck shall upload its MPF under the relevant case-specific file on LNFS and shall not upload it under the general "In Re Vioxx Products Liability Litigation" file.

16. The MPF form and data package shall be served on CD or DVD on plaintiff's counsel of record and Plaintiff's Liaison Counsel and shall comply with the following conditions:

a. Merck's counsel shall provide a certification with the MPF response stating (i) the date of service; (ii) the manner of service; (iii) that the data package has been served on CD or DVD along with the original, signed MPF on plaintiff's counsel of record and a duplicate also served on Plaintiff's Liaison Counsel, Place St. Charles, 201 St. Charles Avenue, Suite 4310, New Orleans, Louisiana 70170; (iv) that the MPF has also been posted to LNFS and

the date it was posted. This certification shall be attached to the copy of the MPF response posted to LNFS and the hard copy served on plaintiff's counsel of record and Plaintiff's Liaison Counsel.

    b.    Each CD or DVD sent to plaintiff's counsel of record shall relate to only one plaintiff. To the extent that a CD or DVD sent to Plaintiffs' Liaison Counsel includes MPFs relating to more than one plaintiff, the CD or DVD will be labeled to identify it to each plaintiff, organized in a coherent fashion and include an index clearly identifying each MPF for each plaintiff and the contents that relate to each plaintiff.

    c.    Each file shall be produced in PDF format. No other file format will be accepted.

    d.    Each CD or DVD sent to plaintiff's counsel of record shall have a legible label securely affixed to the CD or DVD itself setting forth the case name, case-specific docket number, name of the plaintiff or Vioxx user to whom the MPF applies, and the name and address of the defense attorney or firm serving the CD or DVD.

    e.    Each CD or DVD shall be accompanied in the same envelope with the hard copy MPF served on plaintiff's counsel of record and Plaintiff's Liaison Counsel.

    f.    If any documents to be produced in an MPF are claimed to be privileged, Merck shall produce a valid privilege log contemporaneously with the MPF.

17. Merck shall provide a complete and verified MPF ninety (90) days after its receipt of a PPF which contains the "core criteria." The core criteria includes:

1. Type of injury (cardiovascular cases relating to ischemic stroke, myocardial infarction & death);

2. Date (month and year) of Plaintiff's injury;

3. Full name of person who used Vioxx;

4. Maiden or other names of person who used Vioxx;

5. Full address of person who used Vioxx;

6. Full name and full address of prescriber (including suite number, if any); and

7. Full name and full address of sample provider (including suite number, if any).

If Merck contends that any PPF does not satisfactorily include the "core criteria," then Merck shall, within twenty (20) days after its receipt of the PPF notify plaintiff of any alleged deficiency in the "core criteria" for processing an MPF. Failure to notify plaintiff's counsel within the twenty (20) days shall mean that Merck will provide a complete and verified MPF within ninety (90) days after its receipt of the PPF, but Merck shall reserve its rights to allege any and all deficiencies in a given PPF such that the information and materials contemplated by Paragraph 4 of this Order are provided. If Merck fails to provide a complete and verified MPF within ninety (90) days after its receipt of a complete and verified PPF, it shall be given notice by e-mail or fax from either plaintiff's counsel or Plaintiffs' Liaison Counsel and shall be given twenty (20) additional days to cure the deficiency. No other extensions will be granted. Any claim of alleged deficiency with an MPF shall be directed to Angela Catanach of Dechert LLP, Cira Centre, 2929 Arch Street, Philadelphia, PA 19104-2808, 215.655.2232 (fax), mpfcomplaints@dechert.com (e-mail). No notices, e-mail communications or claims of deficiency shall be posted to LNFS.

18. Following service of the MPFs in the cardiovascular event cases, the PSC and DSC shall meet and confer regarding the current process and future schedule for service of MPFs in other cases not claiming a cardiovascular event. Should the PSC and DSC not be able to reach an agreement on the process or schedule for service of other MPFs, the PSC or the DSC may raise this issue with the Court. The parties are not obligated to serve additional Profile Forms other than those set forth above absent agreement of the PSC and DSC or Order of this Court.

19. Merck's responses on an MPF shall be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34 and shall be supplemented in accordance with Fed. R. Civ. P. 26.

20. Plaintiffs' use of the MPF shall be without prejudice to the right of the plaintiffs in a specific case to serve additional discovery as ordered by the Court.

21. This Order and the Attachments shall be posted on the Court's website for MDL 1657 located at http://vioxx.laed.uscourts.gov. Counsel unable to access the Court's website for MDL 1657 may contact the Clerk of Court for information on obtaining a copy of this Order.

New Orleans, Louisiana, this 29 day of June, 2006.

ELDON E. FALLON
UNITED STATES DISTRICT JUDGE