UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| This document relates to: | * | MAISTRATE JUDGE |
| | * | KNOWLES |
| Gerald D. Barnett v. Merck & Co, Inc. | * | CASE NO. 06-0485 |
| | | PROPOSED HEARING: 7-6-06 4:30 P.M. |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
REQUEST TO CONSOLIDATE PHASE ONE OF TRIAL**

## I.   INTRODUCTION

Plaintiff Gerald Barnett, by and through his undersigned counsel, submits the following memorandum in support of his request to consolidate phase one of the trial;

Plaintiff urges the Court to consolidate the first phase of the trial such that liability for compensatory damages is heard and decided by the jury in the same phase as liability for punitive damages. The two should be tried in the same phase because under South Carolina law they involve much of the identical proof for resolution of the same key elements.

Unlike the Irvin trials, Plaintiff here has asserted a cause of action for deceit by concealment, a form of fraud under South Carolina law. The deceit cause of action and his claim for liability for punitive damages will both be determined upon substantially the same evidence, since both involve issues relating to proof of fraud, reckless disregard and intent. State of mind evidence, including intent and motive, is relevant and will be admissible on these fundamental issues. This evidence is the same as to both liability for compensatory damages and liability for punitive damages.

1

If the Court chooses to bifurcate the trial of this case, the liability issues as to both compensatory and punitive damages, as well as the amount of compensatory damages, should be tried in phase one, and the amount of punitive damages tried in phase two.

II.  **PLAINTIFF'S CAUSE OF ACTION FOR FRAUD, AND HIS CLAIM FOR LIABILITY FOR PUNITIVE DAMAGES BOTH INVOLVE FUNDAMENTAL ISSUES OF FRAUD, RECKLESS DISREGARD AND INTENT.**

In South Carolina there is no rule that punitive damages cases must be bifurcated. While courts there have discretion to bifurcate issues, not all trial courts choose to bifurcate punitive damages claims. *Webb v. CSX Transp., Inc.*, 364 S.C. 639, 652, 615 S.E.2d 440 (2005) (In wrongful death action involving collision between car and train, issue of trial court's refusal to bifurcate liability and punitive damages was waived by defendant's failure to appeal ruling.) Even where courts bifurcate actions involving punitive damage claims, some try the issue of willful, wanton or reckless disregard in the liability phase, and bifurcate only the issue of the amount of punitive damages. *Durham v. Vinson*, 360 S.C. 639, 644-645, 602 S.E.2d 760, S.C. (2004) ("Durham brought a medical malpractice action against Dr. Vinson. After the liability phase of the bifurcated trial, the jury found Dr. Vinson was liable to Durham for $2,250,000 in actual damages, and the jury found his conduct to be willful, wanton, or in reckless disregard of Durham's rights. The trial then proceeded to the punitive damages phase. The jury awarded Durham $15,000,000 in punitive damages.") *Orangeburg Sausage Co. v. Cincinnati Ins. Co.*, 316 S.C. 331, 450 S.E.2d 66 (S.C. 1994) (In bad faith, negligence and breach of contract action arising from insurance coverage dispute, jury awarded actual damages and responded to a special interrogatory finding the defendants acted recklessly, willfully, wantonly, or in conscious disregard for plaintiff's rights. By agreement the court then held a separate hearing on punitive damages wherein the jury returned a verdict for plaintiff for punitive damages.)

2

Undoubtedly one of the reasons that courts have chosen not to separate liability for compensatory from liability for punitive damages, is that there is often significant overlap in the issues to be resolved and the evidence to be presented.

**Punitive Damages**

Under South Carolina law punitive damages may be recovered where the defendant's conduct is "willful, wanton, or in **reckless disregard** of the plaintiff's rights". *Taylor v. Medenica*, 324 S.C. 200, 221, 479 S.E.2d 35 (S.C. 1996). "A tort is characterized as reckless, willful or wanton if it was committed in such a manner or under such circumstances that a person of ordinary reason and prudence would have been **conscious** of it as an invasion of the plaintiff's rights." *Hawkins v. Pathology Associates of Greenville, P.A.*, 330 S.C. 92, 110, 498 S.E.2d 395 (Ct. App. 1998); 11 S.C. Jur. Damages § 39 (2005) citing *Greenville v. W. R. Grace & Co.*, 827 F. 2d 975, 983 (4th Cir. 1987), rehr'g denied, 840 F. 2d 219 (4th Cir. 1988).(Emphasis in bold throughout this brief is added.)

Although intent is not a necessary element of punitive damages, intentional conduct will support a claim for punitive damages. "Punitive damages are permitted to punish one for wickedness, malice, recklessness or **intentional wrongdoing**." *Insurance Financial Services, Inc. v. South Carolina Ins. Co.*, 282 S.C. 144,147, 318 S.E.2d 10, 11 (S.C.1984). "Conduct is willful, wanton, or reckless when it is committed with a **deliberate intention** under such circumstances that a person of ordinary prudence would be conscious of it as an invasion of another's rights. It is the present **consciousness** of wrongdoing that justifies the assessment of punitive damages against the tortfeasor." *Cohen v. Allendale Coca-Cola Bottling Co.*, 291 S.C. 35, 40, (S.C.App.1986) citing *Rogers v. Florence Printing Co.*, 233 S.C. 567, 106 S.E.2d 258 (1958); See also *Wimberly v. Barr*, 359 S.C. 414, 424, 597 S.E.2d 853, (S.C.App. 2004) "We

3

find there was evidence that Respondents' actions were willful, **intentional**, and in disregard of Wimberly's rights. Thus, the trial court did not abuse its discretion in denying Respondents' motion for JNOV as to punitive damages."

As can be seen, proof of either reckless disregard or intentional misconduct will support a claim for punitive liability. Coincidentally, proof of reckless disregard or intentional conduct will also support a claim for fraud, and these are determinative issues in establishing liability for fraud.

**Fraud and Deceit**

In addition to strict liability and negligence and other causes of action, Plaintiff here has asserted a cause of action for Deceit by Concealment, which alleges, inter alia, that Merck '**willfully** deceived Plaintiff[s] by concealing' the true facts concerning Vioxx (Complaint, para 45) and that the Defendant '**intentionally** concealed and surpassed the true facts concerning Vioxx with the **intent** to defraud.'(para 49)

The elements of a cause of action for fraud, just like a claim for punitive damage liability, also include both reckless disregard and intent. The elements of a fraud cause of action are set forth in *Armstrong v. Collins*, 366 S.C. 204, 621 S.E.2d 368 (S.C.App.2005):

> "To sustain a claim of fraud, all of the following elements must be proven:
> (1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or **reckless disregard** of its truth or falsity; (5) **intent** that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury.

Fraud under South Carolina law, including fraud by deceit and intentional concealment, is also described in a jury charge:

4

> "§ 18-1 FRAUD - DEFINED
> Fraud has been defined as an **intentional** perversion of truth for the purpose of inducing another in reliance upon it to part with some valuable thing belonging to him or to surrender a legal right. Fraud is a false representation of a matter of fact, whether by words or by conduct, by false or misleading allegations, or by **concealment** of that which should have been disclosed, which **deceives** and is **intended to deceive** another so that he shall act upon it to his legal injury. …
> **Fraud occurs where one person or party intentionally deceives** another by word or conduct for the purpose of inducing that other party to part with some property or surrender some legal right and the party thereby accomplishes his purpose. It involves the elements of dishonesty and deceit. …." Anderson, S.C. Requests to Charge - Civil, § 18-1 (2002)

As they are with liability for punitive damages, the issues surrounding both reckless disregard and intent are fundamental questions in determining liability for deceit. Evidence on fraud, reckless disregard and intent must be presented to the jury to resolve these critical issues on the question of both liability for deceit and liability for punitive damages.

Moreover, a finding of fraud will also support imposition of liability for punitive damages. *Armstrong v. Collins*, 366 S.C. 204, 621 S.E.2d 368 (S.C.App.2005) (Affirming general jury verdict on fraud and other causes of action, which included both compensatory and punitive damages); See also *Harold Tyner Development Builders, Inc. v. Firstmark Development Corp.*, 311 S.C. 447, 429 S.E.2d 819 (S.C.App.1993) (Affirming jury's general verdict and award of actual and punitive damages based upon fraud stemming from purchaser's exercise of option to purchase land and subsequent refusal to close purchase, citing , *Elders v. Parker*, 286 S.C. 228, 332 S.E.2d 563 (Ct.App.1985) "even though the jury returned a general verdict in an action for breach of contract and fraud, the plaintiff was held **entitled to punitive damages where the evidence supported a finding of fraud**." Id at 453.

## II. PROOF OF PLAINTIFF'S CAUSE OF ACTION FOR FRAUD, AND PROOF OF LIABILITY FOR PUNITIVE DAMAGES, REQUIRE IDENTICAL EVIDENCE ON FRAUD, RECKLESS DISREGARD AND INTENT.

Liability for punitive damages, based upon evidence of fraud, evidence of reckless disregard, or evidence of intentional misconduct, should be determined in the first phase using the same evidence which Plaintiff will use to prove liability for compensatory damages under his deceit cause of action. Because determination of liability for compensatory damages on the fraud cause of action, and liability for punitive damages for fraud, both involve issues of fraud, intentional conduct and proof of reckless disregard, they will necessarily require presentation of much of the same evidence. There is no reason to have a second phase of the trial to cover the same issues and the same proof. The jury will be able to answer the issue of punitive liability at the conclusion of the first phase. If the trial is bifurcated, the second phase should be only the amount of punitive damages.

The issues, and the evidence necessary to resolve them, significantly overlap- Questions of fraud, recklessness disregard and intent, all involve the same issues such as notice, consciousness, knowledge, failure to disclose, state of mind and motive. See Carter v. Boyd Const. Co., 255 S.C. 274, 178 S.E.2d 536, (S.C 1971) ("Fraud may be deduced not only from deceptive or false representations, but from facts, incidents, and circumstances which may be trivial in themselves, but decisive in a given case of the fraudulent design. It is a state of mind, dependent on intent, which is provable by circumstantial evidence." Id at 280, citing Parham-Thomas-McSwain v. Atlantic Life Insurance Company, 111 S.C. 37, 96 S.E. 697.)

These will all reflect upon both the compensatory liability issues and the issue of liability for punitive damages. Fundamentally, the evidentiary basis for proof of compensatory damages liability for fraud will also provide the basis for liability for punitive damages. See Anderson, S.C. Requests to Charge - Civil, § 18-11 (2002), which provides:

> "§ 18-11 FRAUD - **PUNITIVE DAMAGES**
> In this case, the plaintiff also asks for punitive damages.
> In an action for fraud, **punitive damages are warranted** where the defendant **knows** the representation to be false, or where a false representation is **recklessly** made, as a positive assertion, without knowing or caring whether it is true or false. In the latter instance, liability for punitive damages is dependent upon whether the defendant was **conscious or chargeable with consciousness of his wrongdoing.**
>
> The recovery of punitive damages is not limited to cases where the false representations were actually known to be false at the time of the making of the representations. That is to say, knowledge by the defendant that his representations were false is not required for an award of punitive damages. **It is only necessary that the defendant was conscious, or chargeable with consciousness, of his wrongdoing. ...**"

The evidence of intentional conduct in proving liability for fraud will also establish intentional conduct for punitive liability. Evidence proving 'reckless disregard' of the truth or falsity of representations regarding Vioxx, will also be used to establish 'reckless disregard' of Plaintiff's rights for purposes of punitive liability. The proof of fraud on the cause of action for deceit, will establish fraud as a basis for punitive damages. The documentary evidence and testimony relevant to compensatory liability will be relevant to the issues of punitive liability, and vice versa. It is neither practical nor possible to segregate evidence as between general liability and punitive liability for a second phase, since the two issues can both be determined upon essentially the same evidence.

## III.   CONCLUSION

On the question of liability for punitive damages, the issues of reckless disregard for Plaintiff's rights, of whether Merck acted intentionally, and whether Merck is guilty of fraud, will not be based upon some new additional evidence which is neither relevant nor presented as part of the underlying fraud cause of action. Rather, the jury will be weighing the same evidence

7

that will determine liability for compensatory damages. Evidence essential to and probative on Plaintiff's deceit cause of action, and the allegations and issues raised therein, is patently relevant proof on punitive liability issues. It would inevitably be received in the first phase of any trial, irrespective of any bifurcation.

Accordingly, Plaintiff respectfully requests that the Court consolidate the first phase of the trial such that liability for compensatory damages is heard and decided by the jury in the same phase as liability for punitive damages, and that this issue be addressed at the hearing on July 6.

Date: June 30, 2006

Respectfully submitted,

By *Mark P. Robinson, Jr.*
Mark P. Robinson, Jr.
Kevin F. Calcagnie
Carlos A. Prietto, III
Ted B. Wacker
Lexi W. Myer
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Dr., 7th Floor
Newport Beach, California 92660
Telephone: (949) 720-1288
Facsimile: (949) 720-1292

Andy D. Birchfield, Jr.
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, Alabama 36103-4160
Telephone: (334) 269-2343
Facsimile: (334) 954-7555

Donald C. Arbitblit
LIEFF, CABRASER, HEIMANN and
BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California  94111
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Counsel for Plaintiff

Russ M. Herman
Leonard A. Davis
Stephen J. Herman
HERMAN HERMAN KATZ
& COTLER, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70013
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

Christopher A. Seeger
SEEGER WEISS
One William Street
New York, New York 10004
Telephone: (212) 584-0700
Facsimile: (212) 584-0799
**Co-Lead Counsel**

**PLAINTIFFS' LIAISON COUNSEL**

Richard J. Arsenault
NEBLETT, BEARD & ARSENAULT
220 Bonaventure Court
P.O. Box 1190
Alexandria, Louisiana 71301-1190
Telephone: (318) 487-9874
Facsimile: (318) 561-2591

Shelly Sanford
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, Texas 77002
Telephone: (713) 650-0022
Facsimile: (713) 650-1669

Elizabeth Cabraser
LIEFF, CABRESER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Drew Ranier, Esq.
RANIER, GAYLE & ELLIOT, LLC
1419 Ryan Street
Lake Charles, Louisiana 70601
Telephone: (337) 494-7171
Facsimile: (337) 494-7218

Thomas Kline
KLINE & SPECTER, P.C.
1525 Locust St., 19th Floor
Philadelphia, Pennsylvania 19102
Telephone: (215) 772-1000
Facsimile: (215) 772-1371

Mark P. Robinson, Jr.
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Dr., 7th Fl
Newport Beach, California 92660
Telephone: (949) 720-1288
Facsimile: (949) 720-1292

Arnold Levin, Esq.
LEVIN FISHBEIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 19106-3875
Telephone: (215) 592-1500
Facsimile: (215) 592-4663

Christopher V. Tisi Esq.
ASHCRAFT & GEREL
2000 L Street, NW, Suite 400
Washington, DC 20036-4914
Telephone: (202) 783-6400
Facsimile: (307) 733-0028

Gerald E. Meunier
Gainesburgh Benjamin David Meunier &
Warshauer
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Telephone: (504) 522-2304
Facsimile: (504) 528-9973

**PLAINTIFF'S STEERING COMMITTEE**

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Liaison Counsel, Russ Herman and Phillip Wittmann [with courtesy copy to Merck's trial counsel, Andrew L. Goldman] by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order 8A, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 1st day of July, 2006.

*Mark P. Robinson, Jr.*
MARK P. ROBINSON, JR.
California State Bar No. 054426
Attorney for Plaintiff
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive, 7th Floor
Newport Beach, CA 92660
Telephone: 949-720-1288
Telecopier: 949-720-1292
mrobinson@rcrlaw.net