UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 06-0485 | * | |
| | * | MAGISTRATE JUDGE |
| GERALD D. BARNETT, | * | KNOWLES |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * | | |

**REPLY BRIEF OF MERCK & CO., INC. ("MERCK") IN SUPPORT OF ITS
MOTION FOR ORDER EXCLUDING TESTIMONY OF ERIC J. TOPOL, M.D.**

**(MOTION IN *LIMINE* NO. 5)**

Plaintiff opposes Merck's motion to exclude certain testimony of Dr. Topol on the basis of two arguments that rely on false premises. First, plaintiff argues that Dr. Topol's testimony concerning documents he wrote well after plaintiff suffered his heart attack is relevant because the documents discuss events that took place beforehand. Dr. Topol's testimony, however, is not so limited. Rather, it consists of opinions and aggressive criticisms of Merck formulated years after plaintiff's heart attack that are based – at least in part – on events that took place later. Second, plaintiff continues to take the position that, because Dr. Topol is a respected

817313v.1

cardiologist, he must be qualified to testify on the labeling and marketing of Vioxx.  Labeling and marketing of prescription drugs, however, are complex fields requiring an understanding of FDA regulations and procedures.  No matter how well respected a cardiologist is, that training and experience alone does not qualify him to opine on these subjects.  The testimony at issue must be excluded.

### I.   THE DOCUMENTS AT ISSUE RECORD DR. TOPOL'S OPINIONS *AFTER* PLAINTIFF'S ALLEGED INJURIES AND ARE IRRELEVANT.

Although Dr. Topol references events that took place before plaintiff's heart attack in some of the documents he authored afterwards, such as the VIGOR study, the testimony he offers necessarily is colored by later events.  Dr. Topol acknowledges as much:

> Q:   Does this email reflect some of the *opinions and conclusions that you reached* relating to Merck's conduct of its scientific studies and its marketing of the drug Vioxx *over the past four years* since you have become involved in the matter?
>
> A:   Yes.

(Deposition of Eric Topol. M.D. ("Topol Dep.") at 46:23-47:6 (emphasis added), attached hereto as Ex. A.)

For example, when Dr. Topol claims in his November 15, 2004 email exchange with Dr. Graham that Merck should have been aware of Vioxx's alleged cardiovascular risks as early as 2000, he actually relies on the Juni meta-analysis published in 2004.  (*See* Topol Dep. at 246:12-246:17, 247:4-19; Ex. 20; Ex. 15 (Juni, et al., *Risk of cardiovascular events and rofecoxib: cumulative meta-analysis*, THE LANCET, Vol. 364, December 4, 2004, 2021-29).)  And when asked when Vioxx should have had a "black box" warning, Dr. Topol again relies on the 2004 Juni paper: "if we go back to the Juni analysis in the Lancet . . ., it could have been back in year 2000."  (Topol Dep. at 197:19-198:12.)

Dr. Topol's 2004 opinions rely on an analysis not performed until years after plaintiff's alleged injuries, and thus are irrelevant as they cannot show "what Merck knew" during the relevant time period. Testimony concerning Dr. Topol's post-injury writings and conclusions should be excluded.

Likewise, Dr. Topol's testimony concerning Merck's "suggested edits" to Dr. Topol's *JAMA* article is irrelevant and unduly prejudicial. Plaintiff argues these edits are relevant to his failure to warn claim as evidence of "Merck's efforts to 'soften' the conclusion of Dr. Topol's article." (Pl.'s Opp'n at 11.) But the edits were never shared with anyone outside of Merck – not with Dr. Topol and not with *JAMA*. (Topol Dep. at 112:4-17.) As the documents were never actually used to attempt to influence his article, he provides no basis for his prejudicial conclusion that the documents were an attempt to "warp" the medical community's ability to "publish a highly objective independent processing of data and perspective." (Topol Dep. at 110:18-112:2.) Nor do the suggested edits shed any added light on what Merck knew at the time. Testimony concerning these suggested edits should be excluded.

## II. DR. TOPOL IS NOT A QUALIFIED EXPERT IN LABELING OR MARKETING OF PRESCRIPTION DRUGS.

Plaintiff argues that, as he is a "leading cardiologist," Dr. Topol is qualified to testify about the "adequacy" of the Vioxx label and the "accuracy" Merck's marketing materials. (Pl.'s Opp'n at 11-12.) Plaintiff's claims that Dr. Topol's testimony "does not concern regulatory affairs" is wrong. The FDA has repeatedly emphasized the complexities and potential pitfalls involved in crafting an appropriate label, and it appropriately believes it alone is the best arbiter of what should and should not be included in a warning label. 71 FED. REG. 3934-35 (Jan. 24,

2006).[1]  The FDA's control over labeling includes strict control over "black box" warnings.  44 FED. REG. 37,434 and 37,448 (June 26, 1979) ("to ensure the significance of boxed warnings in drug labeling, they are permitted in labeling *only when specifically required by the FDA*") (comments of the Commissioner of the FDA regarding 21 C.F.R. 201.57 (emphasis added)); 21 C.F.R. 201.57(e).  This is something that Dr. Topol either ignored or was unaware of when he asserted that a black box warning "could have easily been imposed" in 2000.  (Topol Dep. at 197:22-198:12.)

Plaintiff also claims that Dr. Topol "is not offering an opinion about marketing," even though he opines that some Merck marketing pieces were not "accurate" or constituted "overpromotion."  (Pl.'s Opp'n at 12-13.)  Dr. Topol offers no basis, in experience or methodology, for his views on the subject.  (Topol Dep. at 272:19-273:1, 50:9-51:1.)

### III.   CONCLUSION.

For the reasons stated above and in Merck's moving papers, Merck respectfully requests that the Court grant its Motion for Order Excluding Testimony of Eric J. Topol, M.D.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:    504-581-3361
Defendants' Liaison Counsel

---

[1] The statements by the FDA in the Federal Register constitute advisory opinions that are entitled to great deference.  *See* 21 C.F.R. § 10.85(d)(1) and (e); *Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844, 865 (1984); *NVE Inc. v. Dep't of Health & Human Servs.*, 436 F.3d 182, 196 (3d Cir. 2006) (overturning trial court's refusal to give "normal" deference to the "legal and factual determinations the FDA made during rulemaking").

Philip S. Beck
Adam L. Hoeflich
Andrew Goldman
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:     312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:     202-434-5029

And

Brian Currey
Catalina J. Vergara
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:     213-430-6407

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

    I hereby certify that the above and foregoing Reply Brief in Support of Merck's Motion for Order Excluding Testimony of Eric J. Topol, M.D. has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Mark Robinson by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 30th day of June, 2006.

                                                  /s/ Dorothy H. Wimberly