# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 06-0485 | * | |
| | * | MAGISTRATE JUDGE |
| GERALD D. BARNETT, | * | KNOWLES |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**REPLY BRIEF IN SUPPORT OF MOTION OF MERCK & CO., INC. ("MERCK")
FOR ORDER EXCLUDING TESTIMONY OF EGIL FOSSLIEN, M.D.**

**(EXPERT CHALLENGE NO. 9)**

Plaintiff's opposition to Merck's motion to exclude the testimony of Egil Fosslien, M.D.
misses the point of Merck's motion, attempting to dismiss it as a "make weight" motion.
Plaintiff's rhetoric does not obscure the fact that Dr. Fosslien lacks the experience and
qualifications to render certain opinions, and lacks a reliable scientific basis to render others.
Merck's motion properly seeks to exclude these inadmissible opinions.  Specifically, while
plaintiff claims otherwise, Dr. Fosslien is neither qualified nor entitled to testify about what

Merck knew or intended.  In addition, Dr. Fosslien lacks the expertise to opine on Merck's compliance with FDA regulations or the adequacy of the Vioxx® labeling – a fact plaintiff implicitly concedes by ignoring the point in his opposition.[1]  Therefore, the Court should grant Merck's motion to exclude the testimony of Dr. Fosslien.

## I.      DR. FOSSLIEN MAY NOT TESTIFY ABOUT MERCK'S STATE OF MIND.

Dr. Fosslien has no basis on which to opine about Merck's state of mind.  As discussed in Merck's underlying motion, courts routinely exclude these kinds of opinions, and this Court should do the same.   Rule 702 allows for introduction of "scientific, technical, or other specialized knowledge" that will "assist the trier of fact."  FED. R. EVID. 702.  Dr. Fosslien's speculative opinions concerning Merck's state of mind, which are based on a small subset of Merck internal documents, are not a proper subject for expert testimony under 702, as they will not assist the jury.  Not only is the jury perfectly able to read and interpret internal Merck documents without Dr. Fosslien's assistance, but they will also, during trial, see far more of them than Dr. Fosslien did in rendering his opinion.  The jury is thus better able than Dr. Fosslien to place these documents in their appropriate context.[2]

Moreover, plaintiff's claim that Dr. Fosslien can testify as to what Merck should have known about the potential for Vioxx to cause cardiovascular risks is untrue.  (Pl.'s Opp'n at 4.) Dr. Fosslien's own testimony concerning the evolving state of scientific knowledge demonstrates

---

[1]  Plaintiff does concede the point that Dr. Fosslien should not share his opinions on the FDA's approval of Vioxx.  (Pl.'s Opp'n at 4 n.1.)

[2]  For example, as Merck noted on page 3 of its opening brief, Dr. Fosslien purports to rely on an email from Dr. Scolnick to support his opinion that Merck knew about the cardiotoxic effects of Vioxx in 2000, yet he admitted that he had never read the remainder of Dr. Scolnick's emails or depositions in reaching his conclusion.  The jury, by contrast, will be able to consider many of these materials in context, and can draw its own conclusions about the state of Merck's knowledge.

817574v.1

that fact. For example, Dr. Fosslien admits that, as late as 2004, the scientific community hoped that coxibs would actually reduce the risk of cardiovascular events.

> As inhibition of COX-2 reduces inflammation, it was hoped that COX-2-selective inhibitors, when used to reduce pain and inflammation in joint disease, might also inhibit atherogenesis and reduce the rates of myocardial infarction.

(Pl.'s Opp'n at 9 (citing Niederberger et al., *Effects of the selective COX-2 inhibitors celecoxib and rofecoxib on human vascular cells*, BIOCHEM PHARMACOL. 2004 Jul 15;68(2):341-50); *see also* Deposition of Egil Fosslien, M.D. ("Fosslien Dep.") at 228:10-23, attached hereto as Ex. A.) Yet, Dr. Fosslien purports, based on an admittedly limited and incomplete set of internal documents, to understand what Merck knew or should have known years earlier when he and the rest of the scientific community did not know. (*See* Pl.'s Opp'n at 3; Expert Report of Egil Fosslien, M.D. at 39, attached hereto as Ex. B.) This simply does not meet the Rule 702 threshold requirements, and to permit such unfounded and inappropriate testimony would be prejudicial to Merck under Rule 403.

Plaintiff requests that the Court put off any decision regarding the scope and admissibility of Dr. Fosslien's state of mind opinions until trial. (Pl.'s Opp'n at 5.) There is no need or basis to do so. Neither the parties nor the Court would be well-served by deferring a decision on the topic. Delaying the ruling would merely inject uncertainty, confusion, and delay into the trial.

## II.   DR. FOSSLIEN IS NOT QUALIFIED TO TESTIFY REGARDING MERCK'S COMPLIANCE WITH FDA REGULATIONS OR THE ADEQUACY OF THE VIOXX LABEL.

Plaintiff does not address Merck's arguments about Dr. Fosslien's lack of qualifications to opine on Merck's compliance with FDA regulations or the adequacy of the Vioxx label. Plaintiff simply states that Dr. Fosslien does not plan to offer his opinions on the "FDA's approval of Vioxx" and leaves it at that. (Pl.'s Opp'n at 4 n.1.) Thus, plaintiff should not take issue with the order Merck requests here. Dr. Fosslien is unfamiliar with the FDA regulations on

3

the marketing of pharmaceuticals in the United States, and he has not even read the label for Vioxx.  (*See* Fosslien Dep. at 99:5-8, 97:11-13.)  Thus, an order excluding any FDA or labeling opinions or testimony from Dr. Fosslien is warranted.

## III.   CONCLUSION.

For the reasons stated above and in Merck's underlying motion, the Court should exclude Dr. Fosslien's testimony about:  (i) Merck's knowledge, intent, or state of mind; and (ii) FDA issues, including Merck's marketing and the Vioxx label.

Respectfully submitted,

/s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Andrew Goldman
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:     312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:     202-434-5029

And

4

817574v.1

Brian Currey
Catalina J. Vergara
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:      213-430-6407

Attorneys for Merck & Co., Inc.

817574v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Reply Brief in Support of Merck's Motion for Order Excluding Testimony of Egil Fosslien, M.D. has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Mark Robinson by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 3rd day of July, 2006.


*/s/ Dorothy H. Wimberly*_____

817574v.1