BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In Re VIOXX<br>Product Liability Litigation | MDL No. 1657<br><br>**STIPULATION DISMISSING THE FIRST AND SECOND CAUSES OF ACTION IN PLAINTIFFS' COMPLAINT**<br><br>JUDGE ELDON E. FALLON<br>MAGISTRATE JUDGE DANIEL E. KNOLES, III |

THIS DOCUMENT RELATES TO *Sam Peltekian, et al. v. Merck & Co., Inc.*, Cause No. 05-1252, previously filed as 04-CV-2195, S.D., Cal.

Plaintiff Sam Peltekian and defendant Merck & Co, Inc. ("Merck"), through their respective counsel, hereby stipulate and agree as follows:

1.    In this action, plaintiff Sam Peltekian asserts nine causes of action against Defendant Merck for: (1) Unfair Business Practices pursuant to California Business & Professions Code Section 17200, *et seq.*; (2) Deceptive Advertising pursuant to Business & Professions Code Section 17500, *et seq.*; (3) Strict Product Liability Failure to Warn; (4) Strict Product Liability Dangerously Defective Product; (5) Negligence; (6) Breach of Express Warranty; (7) Breach of Implied Warranty; (8) Fraudulent Concealment/Suppression; and (9)

Punitive Damages. Plaintiff asserts the Unfair Business Practices and Deceptive Advertising causes of action in his individual capacity and as class representative of a putative class. He asserts the other causes of action in his individual capacity only.

2. Sam Peltekian agrees to dismiss the class claims contained in the first cause of action for Unfair Business Practices and his second cause of action for Deceptive Advertising without prejudice and agrees he will not pursue the Class Action Allegations, as currently set forth in Plaintiff's Complaint. Sam Peltekian seeks leave of this Court to amend his complaint to reflect the dismissal of his class action allegations.

3. Because the Unfair Business Practices and Deceptive Advertising causes of action are pled as a putative class action, the parties seek Court approval for dismissal pursuant to Federal Rule of Civil Procedure 23 (e) and 41 (a)(1).

4. Because there is no evidence of collusion between the parties to this stipulation and absent putative class members will not be prejudiced, notice to the absent putative class members is not necessary. *In re Nazi Era Cases*, 198 FRD 429, 441-42 (D.N.J. 2000); *Anderberg v. Masonite Corp.*, 176 FRD 682, 689 (N.D. Ga. 1997). Putative class members are not bound by any proceedings in a purported class action prior to a ruling on class certification. *In re Bridgestone/Firestone, Inc.*, 333 F.3d 763 (7th Cir. 2003). Additionally, there are numerous, overlapping class actions that adequately protect the rights of all absent putative class members.

5. Accordingly, the parties request that the Court enter an Order dismissing plaintiff's class action allegations as outlined above and providing Sam Peltekian leave to amend his complaint to reflect the dismissal of his class action allegations.

6.    Each side shall bear its own costs and attorneys' fees in this action, and the parties stipulate and agree that there will be no "prevailing party" in this action as a result of this dismissal.

DATED: 3/7/06

SCHWARTZ SEMERDJIAN HAILE
BALLARD & CAULEY LLP

By _____
Spencer C. Skeen
Attorneys for Plaintiff Sam Peltekian

DATED: 3/10/06

STONE PIGMAN WALTHER WITTMAN
L.L.C.

By _____
Phillip A. Wittman
Attorneys for Defendant Merck & Co.,
Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Stipulation Dismissing the First and Second Causes of Action in Plaintiffs' Complaint has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 3rd day of July, 2006.

*[signature]*

804313v.1