# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 06-0485 | * | |
| | * | MAGISTRATE JUDGE |
| GERALD D. BARNETT, | * | KNOWLES |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## (1) OPPOSITION OF MERCK & CO., INC. ("MERCK") TO PLAINTIFF'S MOTION FOR LEAVE TO DESIGNATE ADDITIONAL EXPERT WITNESS AND AMEND WITNESS LIST; AND (2) REPLY BRIEF IN SUPPORT OF MERCK'S MOTION TO EXCLUDE PLAINTIFF'S "REBUTTAL" EXPERT, PROFESSOR NICHOLAS JEWELL

After months of insisting that Professor Nicholas Jewell could not and need not be deposed because he was a "non-testifying expert," followed by an attempt to designate Professor Jewell as a "rebuttal expert," plaintiff now moves the Court for leave to amend his witness list to add the professor as a *testifying* expert.  Plaintiff's argument *du jour* is that Professor Jewell's testimony is critical to his case and that Merck would not be prejudiced by his exceedingly untimely addition to plaintiff's witness list.  Neither proposition has merit.  First, Professor

Jewell's proffered opinions are cumulative of opinions offered by Dr. Farquhar, one of plaintiff's properly-designated testifying experts. Second, adding Professor Jewell as an expert less than three weeks before trial prejudices Merck, where plaintiff previously denied Merck discovery of Professor Jewell's working documents and his methods by calling him a "non-testifying expert."

Plaintiff's last minute change in course should not work to Merck's disadvantage. It is too late to be adding expert witnesses to plaintiff's already lengthy witness list. The Court should deny plaintiff's motion.

## I. PLAINTIFF HAS NOT PROVIDED ADEQUATE JUSTIFICATION FOR HIS REQUEST TO ADD PROFESSOR JEWELL TO HIS WITNESS LIST IN VIOLATION OF THE COURT'S SCHEDULING ORDER.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a court's scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." FED. R. CIV. P. 16(b). Here, there is no such "good cause." Specifically, plaintiff cannot show that the balance of factors tips in his favor. These factors include: (i) the party's explanation for its failure to timely identify the witnesses or exhibits in question; (ii) the importance of the proposed evidence; (iii) the potential prejudice that would result from allowing the evidence; and (iv) the availability of a continuance to mitigate any such prejudice. *Geiserman v. McDonald*, 893, F.2d 787, 790 (5th Cir. 1990).

All four factors weigh against plaintiff's request for leave to designate Professor Jewell as an expert. Professor Jewell's testimony is cumulative and thus not critical to plaintiff's case – notwithstanding his protestations to the contrary. And allowing plaintiff to designate Professor Jewell, with so little time left to prepare for trial, would be unduly prejudicial. Further, there is no option of a continuance, and plaintiff has provided no good reason for his failure to designate

2

Professor Jewell in a timely fashion.  For all of these reasons, plaintiff's motion for leave should be denied.[1]

> **A.      Plaintiff Fails to Offer an Adequate Explanation for his Failure to Timely Identify Professor Jewell as a Testifying Expert or to Allow Professor Jewell's Deposition.**

Plaintiff admits that he refused to produce Professor Jewell for deposition, even after repeated requests from Merck.  (*See* May 30, 2005 email from D. Arbitblit to A. Goldman, attached to Merck's Mot. to Exclude as Exhibit D; June 2, 2006 email from D. Arbitblit to A. Goldman, attached to Merck's Mot. to Exclude as Exhibit E.)  Plaintiff based his refusal on the position that Professor Jewell was a "non-testifying expert."  In his motion leave, he asserts that he relied on prior practice in not allowing the deposition of such an expert.  (*See* Pl.'s Mot. for Leave at 3-4.)  But prior practice has nothing to do with plaintiff's designation of Professor Jewell as a "non-testifying expert" entitled to the discovery protections of Rule 26(b)(4)(B).  In particular, whether or not the defendants in *Baycol* or *Diet Drugs* asked for depositions of non-testifying biostatisticians is not relevant here.

> **B.      Professor Jewell's Opinions Are Duplicative Of The Testimony of Dr. Farquhar.**

Plaintiff proposes that the Court allow Professor Jewell to testify on certain statistical issues.  (*See* Rebuttal Expert Witness Report of Prof. Nicholas Jewell ("Jewell Rebuttal Rpt."), attached to Merck's Mot. to Exclude as Exhibit A.)  Plaintiff has made no showing of need for

---

[1] Also for these reasons, the cases cited by plaintiff in support of his motion for leave are inapposite.  In *Corus U.K., Ltd. v. Forest Lines*, No. Civ-A-04-1553, 2005 WL 1037999 (E.D. La. Apr. 28, 2005), for example, the court allowed plaintiffs to designate an additional expert after the deadline based, in large part, on the fact that the testimony was "very important" to plaintiffs' case – so much so that the defendants might "be exonerated from all liability" without it.  *Id.* at *3.  The Court also noted that there was ample time for defendants to depose the newly-designated expert.  *Id.*  Neither of these factors is present in this case.  Accordingly, *Corus* has no application.

this testimony.  Indeed, as noted in Merck's motion to exclude Professor Jewell's testimony, Dr. Farquhar's recently-served second supplemental report addresses the exact issues that Professor Jewell addresses in his "rebuttal" report.  (*See* June 23, 2006 Second Supplemental Report of Dr. Farquhar, attached to Merck's Mot. to Strike as Exhibit I.)  While plaintiff ignores this critical fact in his motion, the overlap is evident from even a quick comparison of the headings in each report.  Dr. Farquhar's report addresses: (i) "High Risk and Vioxx Interaction in APPROVe"; (ii) "Overall Cumulative Evidence Curves for All Thrombotic Events: Protocol 203"; (iii) "Effect of Naproxen on Cardiovascular Outcomes"; (iv) "Generalizability of APPROVe and Protocol 203 Results"; (v) "Individual Confidence Interval (CI)"; (vi) "The Data Sets Used for Protocol 203."  Professor Jewell's report covers the *exact same topics*.

Thus, Professor Jewell's testimony on these issues would be cumulative and wasteful of the Court's time and resources.  *See* FED. R. EVID. 403; *Meadows & Walker Drilling Co. v. Phillips Petroleum Co.*, 417 F.2d 378, 382 (5th Cir. 1969) ("It is well established that evidence which is merely repetitious and cumulative of testimony already introduced may be excluded by the court.").  The Court should deny plaintiff's motion for this reason alone.

C.    **Allowing Plaintiff To Designate Professor Jewell – After Plaintiff's Insistence That Professor Jewell Was Nothing More Than A "Non-Testifying Expert" – Would Severely Prejudice Merck.**

This Court's scheduling order required plaintiff to serve expert reports by May 22, 2006. His designation of Professor Jewell on June 21, 2006 was untimely, as discussed in Merck's motion to exclude his testimony.  More to the point, plaintiff repeatedly told Merck that Professor Jewell was a "non-testifying" expert, and denied Merck discovery on that basis. Having asserted the Rule 26(b)(4)(B) protection for weeks to shield Professor Jewell from Merck's requests for discovery, plaintiff cannot now contend that Merck would not be prejudiced by plaintiff's 180-degree reversal of position.

4

Plaintiff's offer to produce Professor Jewell for deposition now, less than three weeks before trial, does not cure the prejudice to Merck. Dr. Farquhar has already been deposed, and Merck's biostatisician has already submitted his expert report and been deposed. Professor Jewell's work file would have benefited Merck in deposing Dr. Farquhar and preparing for trial. For plaintiff to change course and declare that these materials and Professor Jewell's methods are now fair game for discovery, this close to trial, prejudices Merck. Although certain depositions are still ongoing, there is little time to complete the work that has to be done in preparation for trial – much less any additional work. Plaintiff nonetheless states, without foundation, that Merck "has failed to plead or prove prejudice." (Pl.'s Mot. for Leave at 2.) Nothing could be further from the truth. Merck would suffer serious prejudice were plaintiff permitted to designate Professor Jewell as an additional expert. Plaintiff's motion for leave should be denied.

### D.   Since No Continuance is Possible, the Prejudice to Merck is Significant

The final factor considered by the Fifth Circuit is the availability of a continuance. Here, there is no option for a continuance. Accordingly, the prejudice to Merck cannot be cured, and this factor plainly tips in Merck's favor, particularly given plaintiff's failure to make Professor Jewell available for deposition even after deciding to try to use him as a testifying expert.

## II.   CONCLUSION.

For the reasons stated above, Merck respectfully requests that the Court deny plaintiff's motion for leave to amend his witness list in order to add Professor Jewell as an expert witness. Moreover, the Court should deny plaintiff's request to add Professor Jewell as a "rebuttal expert," for the reasons articulated in Merck's June 26, 2006 Motion to Exclude Plaintiff's "Rebuttal" Expert, Professor Nicholas Jewell.

817594v.1

Respectfully submitted,


/s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Andrew Goldman
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:      312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:      202-434-5029

And

Brian Currey
Catalina J. Vergara
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:      213-430-6407

Attorneys for Merck & Co., Inc.

6

817594v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing (1) Opposition of Merck to Plaintiff's Motion for Leave to Designate Additional Expert Witness and Amend Witness List; and (2) Reply Brief in Support of Merck's Motion to Exclude Plaintiff's "Rebuttal" Expert, Professor Nicholas Jewell has been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Mark Robinson by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 3rd day of July, 2006.


*/s/ Dorothy H. Wimberly*