UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| This document relates to | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| | * | |
| Gerald Barnett v. Merck & Co, Inc. | * | CASE NO. 02:06CV00485 |

<u>Motion in Limine No. 11</u>

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANT MERCK FROM OFFERING ANY TESTIMONY OR ARGUMENT RE THE PREAMBLE TO 71 FR 3922-01 AND ANY STATEMENT BY THE FDA REGARDING PREEMPTION**

Plaintiff Gerald Barnett, by and through his undersigned counsel, hereby moves to exclude any evidence, testimony or argument regarding the preamble to 71 FR 3922-01, including any statement by the FDA regarding preemption or the FDA's position with respect to preemption of state law by federal regulations.

I.   **INRODUCTION**

The Plaintiff anticipates that Defendant Merck will attempt to introduce, through the testimony of its own experts, or through cross-examination of Plaintiff's experts, the fact that the FDA, has recently taken a position that its labeling regulations preempt conflicting state law. On January 24, 2006 the FDA issued new drug regulations (to be codified at 21 C.F.R. pts. 201, 314, 601). See Requirements on Content and Format of Labeling for Human Prescription Drug and Biological Products, 71 Fed.Reg. 3922-97 (Jan. 24, 2006). As published in the Federal

1

Register, the preamble to the regulations, which do not take effect until June 30, 2006, provides the statement "FDA believes that under existing preemption principles, FDA approval of labeling under the act, whether it be in the old or new format, preempts conflicting or contrary State law."

Any reference to this statement or regarding preemption should be excluded, as it would have no probative value, and would only mislead the jury and result in undue prejudice, confusion of issues, undue delay and waste of trial time.

## II. THE SUBJECT EVIDENCE HAS NO PROBATIVE VALUE, AND NO TENDENCY TO MAKE THE EXISTENCE OF ANY FACT THAT IS OF CONSEQUENCE TO THIS ACTION MORE OR LESS PROBABLE.

Under the Federal Rules of Evidence, only relevant evidence is admissible. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed R. Evid. 401. The Plaintiff anticipates that Merck will attempt to introduce evidence of the FDA's recent preemption statement in the preamble to 71 Fed.Reg. 3922 to imply that Plaintiff's action, and for that matter, any prescription drug products liability action, should be barred as inconsistent with the purposes and policies of the FDA.

The statement in 71 Fed.Reg. 3922-97 has no probative value whatsoever. It is merely a preamble to new rules which will not take effect until June 30, 2006. It was published this year and was not even in existence when this action was filed. More importantly, the subject of preemption has no relevance to any question of fact the jury will be asked to decide. It involves exclusively matters of law. Regardless of how the preamble is interpreted by the courts, by manufacturers or the FDA, it had no effect on the conduct of the parties in this action, and will have no effect on this action. It is not germane to any of the issues before the jury, as the jury

will not be asked to determine any fact which relates to preemption or the FDA's position on preemption.

### III. THE SUBJECT EVIDENCE CARRIES A SUBSTANTIAL RISK OF UNDUE PREJUDICE, CONFUSION OF ISSUES, AND MISLEADING THE JURY, AND WILL RESULT IN UNDUE DELAY AND WASTE OF TIME.

The Federal Rules of Evidence provide that "relevant evidence may be excluded if its probative value is substantially outweighed by the risk of (a) undue prejudice, confusion of issues, or misleading the jury or (b) undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. A motion in limine is the appropriate vehicle for excluding confusing and misleading evidence. *U.S. v. Paul,* 175 F.3d 906, 909 (11th Cir. 1999) (granting government's motion in limine to exclude testimony because it would be confusing); *Federal Practice and Procedure: Evidence* § 5037 (1977). The district court must make the admissibility determination on an individual basis, considering the evidence's probative value and the danger of unfair prejudice. See *Barfield v. Orange County*, 911 F.2d 644, 650 (11th Cir. 1990), *cert. denied*, 500 U.S. 954 (1991). As the probative value of proffered evidence becomes more marginal, the danger of unfair prejudice will more frequently compel the exclusion of the same under Rule 403. See *U.S. v. Huffine*, No. CR.A. 02-93, 2003 WL 122313 at *4 (E.D. La. Jan. 13, 2003).

Injecting the subject of preemption into this case would inevitably confuse jurors as to the law they will apply to the evidence, and create a risk that the jurors will incorrectly perceive the preamble as having a legal effect upon the Plaintiff's case. Plaintiff would be forced to put on rebuttal evidence and testimony on what is clearly a non-issue, resulting in delay and unnecessary consumption of time. Moreover, the statements regarding preemption are inconsistent with past statements made by the FDA. See 63 Fed.Reg. 66383, 66384, 65 Fed.Reg. 81082, 81103 (Dec. 22,

2000) ("FDA's regulations establish the minimal standards necessary, but were not intended to preclude the states from imposing additional labeling requirements."); 63 Fed.Reg. 66378, 66384 (Dec. 1, 1998) ("[F]ederal preemption could unduly interfere with the goals and objectives of existing State programs ... This final rule is intended to complement these State efforts, not replace or hinder them.").

The preemption statements are also inconsistent with myriad decisions of courts which have concluded that Congress has evinced no intention of preempting state tort liability for injuries from prescription drugs. (See, e.g., Feldman v. Lederle Laboratories (1991) 125 N.J. 117, 147 [592 A.2d 1176, 1192] [13 Cal.4th 1114] ['[W]e find nothing in the federal scheme to support the assertion that manufacturers of prescription drugs and antibiotics who literally comply with [FDA regulations] must be immune from state tort liability for injuries caused by their products.']; Abbot by Abbot v. American Cyanamid Co. (4th Cir.1988) 844 F.2d 1108, 1112 [federal law does not preempt imposition of state common law liability for failure to warn, despite the fact that labeling, 'once approved, cannot be changed without FDA approval.']; Mazur v. Merck & Co., Inc. (E.D.Pa.1990) 742 F.Supp. 239, 247 ['[M]ere compliance with an FDA suggestion, or for that matter, regulation or order, does not mean that state tort law becomes irrelevant.... [¶] ... State tort law is intended to supplement federal regulation ....']; cf. Medtronic, Inc. v. Lohr (1996) 518 U.S. 470, ----, 116 S.Ct. 2240, 2243, 135 L.Ed.2d 700 (plur. opn. of Stevens, J.) [negligence and strict liability claims for failure to warn about risks of a medical device were not preempted by federal regulations].)"; Cartwright v. Pfizer, Inc., 369 F.Supp.2d 876, 885 (E.D.Tex. 2005) "Congress and the FDA has chosen not to include an express preemption clause in the statutes and regulations for prescription drugs. Clearly, Congress knows how to enact FDA legislation that contains a preemption clause. Thus, the absence of any such

4

clause with respect to prescription drugs demonstrates an implied intent not to preempt cases, such as this."

At least one court in a Vioxx trial has already found that the preamble should not be referenced. On June 9, 2006, in Doherty v. Merck, Superior Court of New Jersey, Atlantic County Civil Div. Docket No. ATL-L-0638-05MT, the Hon. Carol Higbee granted a motion by the plaintiff there to strike any reference to the new regulation:

> 21	The preamble, as I see it, is a political
> 22	statement by the FDA. The primary purpose of it is to
> 23	criticize state courts and to set forth the FDA's
> 24	position that -- not to criticize state courts so much
> 25	as to set forth the FDA's position that they believe
>
> 586
>
> 1	there should be federal preemption of all tort actions.
> 2	That is basically what the preamble is saying. What
> 3	the preamble is saying is the FDA should be the final
> 4	word.
> 5	    It has nothing to do with science. It has
> 6	nothing to do with what happened back in 2000, 2001,
> 7	2002, when these issues were being decided. It is
> 8	contrary to the U.S. Supreme Court's decisions. It is
> 9	contrary to all the law on preemption. And I am not
> 10	going to allow you to use it.

(Exhibit A, Doherty v. Merck, trial transcript, 6/9/06 585:21-586:10)

5

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order precluding Merck from offering any evidence, testimony or argument regarding the preamble to 71 FR 3922-01, including any statement by the FDA regarding preemption or the FDA's position with respect to preemption of state law by federal regulations.

Date: June 28, 2006

Respectfully submitted,

By _____
Mark P. Robinson, Jr.
Kevin F. Calcagnie
Carlos A. Prietto, III
Ted B. Wacker
Lexi W. Myer
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Dr., 7th Floor
Newport Beach, California 92660
Telephone: (949) 720-1288
Facsimile: (949) 720-1292

Andy D. Birchfield, Jr.
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, Alabama 36103-4160
Telephone: (334) 269-2343
Facsimile: (334) 954-7555

Donald C. Arbitblit
LIEFF, CABRASER, HEIMANN and
BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Counsel for Plaintiff

Russ M. Herman
Leonard A. Davis
Stephen J. Herman
HERMAN HERMAN KATZ
& COTLER, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70013
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

Christopher A. Seeger
SEEGER WEISS
One William Street
New York, New York 10004
Telephone: (212) 584-0700
Facsimile: (212) 584-0799
**Co-Lead Counsel**

**PLAINTIFFS' LIAISON COUNSEL**

Richard J. Arsenault
NEBLETT, BEARD & ARSENAULT
220 Bonaventure Court
P.O. Box 1190
Alexandria, Louisiana 71301-1190
Telephone: (318) 487-9874
Facsimile: (318) 561-2591

Shelly Sanford
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, Texas 77002
Telephone: (713) 650-0022
Facsimile: (713) 650-1669

Elizabeth Cabraser
LIEFF, CABRESER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Drew Ranier, Esq.
RANIER, GAYLE & ELLIOT, LLC
1419 Ryan Street
Lake Charles, Louisiana 70601
Telephone: (337) 494-7171
Facsimile: (337) 494-7218

Thomas Kline
KLINE & SPECTER, P.C.
1525 Locust St., 19th Floor
Philadelphia, Pennsylvania 19102
Telephone: (215) 772-1000
Facsimile: (215) 772-1371

Mark P. Robinson, Jr.
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Dr., 7th Fl
Newport Beach, California 92660
Telephone: (949) 720-1288
Facsimile: (949) 720-1292

Arnold Levin, Esq.
LEVIN FISHBEIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 19106-3875
Telephone: (215) 592-1500
Facsimile: (215) 592-4663

Christopher V. Tisi Esq.
ASHCRAFT & GEREL
2000 L Street, NW, Suite 400
Washington, DC 20036-4914
Telephone: (202) 783-6400
Facsimile: (307) 733-0028

Gerald E. Meunier
Gainesburgh Benjamin David Meunier &
Warshauer
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Telephone: (504) 522-2304
Facsimile: (504) 528-9973

**PLAINTIFF'S STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Phillip A. Wittmann, Merck's Counsel, Andrew L. Goldman, and Plaintiffs' Liaison Counsel, Russ Herman, by U.S. Mail and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced, in accordance with Pretrial Order No. 8, on this 28th day of June, 2006.

KEVIN F. CALCAGNIE
California State Bar No. 108994
Attorney for Plaintiff
Robinson, Calcagnie & Robinson