

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | JUDGE FALLON |
| This document relates to | * | MAGISTRATE JUDGE KNOWLES |
| Gerald Barnett v. Merck & Co, Inc. | * | CASE NO. 02:06CV00485 |

## Motion in Limine No. 13

### PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE CERTAIN SUBJECTS FROM EVIDENCE AT TRIAL

Plaintiff Gerald Barnett, by and through his undersigned counsel, hereby moves the Court for an order excluding all evidence, references, testimony or argument relating to the various topics set forth below.

Under the Federal Rules of Evidence, only relevant evidence is admissible. Relevant evidence is defined as matters which may tend to prove or disprove a material fact at issue. Fed. R. Evid. 401. Further, the Federal Rules of Evidence provide that "relevant evidence may be excluded if its probative value is substantially outweighed by the risk of (a) undue prejudice, confusion of issues, or misleading the jury or (b) undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. In South Carolina, where this case arose, the state has adopted each of these federal rules. See South Carolina Rules of Evidence 401, 402 and 403.

```
___ Fee_____
___ Process_____
 X  Dktd_____
___ CtRmDep_____
___ Doc. No_____
```

1

The following evidence is not only irrelevant to these proceedings, but its probative value is greatly outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or causing undue delay and waste of time. Therefore, such evidence and testimony should be precluded.

**Defendant should be precluded from offering evidence, argument, or eliciting testimony concerning or regarding:**

a.) The fact that Plaintiff filed a personal injury action arising from injuries sustained in a 1978 car accident, which ultimately resulted in a settlement. Plaintiff does not dispute that the nature of his injuries are relevant to his use of pain medications. However, the lawsuit and his settlement are irrelevant and have no probative value with respect to any issue in this action. Fed R. Evid. 401. This evidence carries a strong risk of undue prejudice, confusion of issues, misleading the jury, undue delay and waste of time. Fed R. Evid. 403.

b.) The fact Plaintiff found out about the law firm he initially retained for this action through advertising he saw linking Vioxx to heart attacks, and the fact that law firm referred him to his current counsel. This has no probative value with respect to any issue in this action. Fed R. Evid. 401. This evidence carries a strong risk of undue prejudice, confusion of issues, misleading the jury, undue delay and waste of time. Fed R. Evid. 403.

c.) The fact that the Plaintiff's father died of a heart attack in 1977 at the age of 68 and had never used Vioxx, Bextra or Celebrex. This has no probative value with respect to any issue in this action. Fed R. Evid. 401. This evidence carries a strong risk of undue

prejudice, confusion of issues, misleading the jury, undue delay and waste of time. Fed R. Evid. 403.

d.) That the Plaintiff has suffered from ED (erectile dysfunction) and was prescribed Viagra. Pursuant to stipulation of the parties, Plaintiff's spouse dismissed her loss of consortium claim and the Defendant agreed these issues would not be raised at trial. This has no probative value with respect to any issue in this action. Fed R. Evid. 401. This evidence carries a strong risk of undue prejudice, confusion of issues, misleading the jury, undue delay and waste of time. Fed R. Evid. 403.

For the foregoing reasons, Plaintiff's motion *in limine* should be granted, and Defendant should be precluded from referring to the above-referenced matters in their entirety.

Date:  June 28, 2006                                Respectfully submitted,

                                                    By _____
                                                    Mark P. Robinson, Jr.
                                                    Kevin F. Calcagnie
                                                    Carlos A. Prietto, III
                                                    Ted B. Wacker
                                                    Lexi W. Myer
                                                    ROBINSON, CALCAGNIE & ROBINSON
                                                    620 Newport Center Dr., 7th Floor
                                                    Newport Beach, California 92660
                                                    Telephone: (949) 720-1288
                                                    Facsimile: (949) 720-1292

Andy D. Birchfield, Jr.
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, Alabama 36103-4160
Telephone: (334) 269-2343
Facsimile: (334) 954-7555

Donald C. Arbitblit
LIEFF, CABRASER, HEIMANN and
BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Counsel for Plaintiff

Russ M. Herman
Leonard A. Davis
Stephen J. Herman
HERMAN HERMAN KATZ
& COTLER, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70013
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

**PLAINTIFFS' LIAISON COUNSEL**

Richard J. Arsenault
NEBLETT, BEARD & ARSENAULT
220 Bonaventure Court
P.O. Box 1190
Alexandria, Louisiana 71301-1190
Telephone: (318) 487-9874
Facsimile: (318) 561-2591

Elizabeth Cabraser
LIEFF, CABRESER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Thomas Kline
KLINE & SPECTER, P.C.
1525 Locust St., 19th Floor
Philadelphia, Pennsylvania 19102
Telephone: (215) 772-1000
Facsimile: (215) 772-1371

Arnold Levin, Esq.
LEVIN FISHBEIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 19106-3875
Telephone: (215) 592-1500
Facsimile: (215) 592-4663

Christopher A. Seeger
SEEGER WEISS
One William Street
New York, New York 10004
Telephone: (212) 584-0700
Facsimile: (212) 584-0799

**Co-Lead Counsel**

Shelly Sanford
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, Texas 77002
Telephone: (713) 650-0022
Facsimile: (713) 650-1669

Drew Ranier, Esq.
RANIER, GAYLE & ELLIOT, LLC
1419 Ryan Street
Lake Charles, Louisiana 70601
Telephone: (337) 494-7171
Facsimile: (337) 494-7218

Mark P. Robinson, Jr.
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Dr., 7th Fl
Newport Beach, California 92660
Telephone: (949) 720-1288
Facsimile: (949) 720-1292

Christopher V. Tisi Esq.
ASHCRAFT & GEREL
2000 L Street, NW, Suite 400
Washington, DC 20036-4914
Telephone: (202) 783-6400
Facsimile: (307) 733-0028

Gerald E. Meunier
Gainesburgh Benjamin David Meunier &
Warshauer
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Telephone: (504) 522-2304
Facsimile: (504) 528-9973

**PLAINTIFF'S STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Phillip A. Wittmann, Merck's Counsel, Andrew L. Goldman, and Plaintiffs' Liaison Counsel, Russ Herman, by U.S. Mail and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced, in accordance with Pretrial Order No. 8, on this 28th day of June, 2006.

KEVIN F. CALCAGNIE
California State Bar No. 108994
Attorney for Plaintiff
Robinson, Calcagnie & Robinson