

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | JUDGE FALLON |
| This document relates to | * | MAGISTRATE JUDGE KNOWLES |
| Gerald Barnett v. Merck & Co, Inc. | * | CASE NO. 02:06CV00485 |

### Motion in Limine No. 14

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANT MERCK FROM OFFERING ANY TESTIMONY OR ARGUMENT REGARDING DR. MCCAFFREY'S PERSONAL USE OF VIOXX AND HIS OPINIONS REGARDING THE FDA APPROVAL PROCESS**

Plaintiff Gerald Barnett, by and through his undersigned counsel, hereby moves to exclude any evidence, testimony or argument regarding Dr. Michael McCaffrey's personal use of Vioxx or his opinions regarding the FDA approval process.

I.     **INRODUCTION**

Dr. Michael McCaffrey is one of the physicians who prescribed Vioxx to the Mr. Barnett. Plaintiff anticipates that Defendant Merck & Co., Inc. will seek to introduce testimony regarding Dr. McCaffrey's personal use of Vioxx, and his opinions regarding the FDA approval process. Specifically, Merck has designated testimony to the effect that Dr. McCaffrey, as a result of his experience taking Vioxx, in addition to prescribing the drug, found it to be safe and effective. Merck has also designated testimony including his opinions regarding the 'rigorous' nature of

1

the FDA approval process. Any such reference or opinions should be excluded as they are improper, unreliable, would have no probative value, and would only result in undue prejudice, confusion of issues, undue delay and waste of trial time.

## II. ARGUMENT

Merck has designated the following testimony of Dr. McCaffrey (Exhibit A):

```
            108
15  Q.  Did you ever use Vioxx yourself,
16  Doctor?
17      A.  Yes, sir.
18      Q.  For what?
19      A.  For arthritis pain. I suffer from
20  arthritis. I still take Bextra intermittently for
21  my pain. I actually had bilateral carpal tunnel
22  surgery on my hands. I took narcotics for about a
23  day and a half and -- and I took Vioxx and it
24  completely took the pain away. So I took it for
25  about a week after that, after my carpal tunnel

            109
1   surgery.
2       Q.  When did you take Vioxx?
3       A.  Three or four years ago.
4       Q.  Do you remember what dose?
5       A.  50 milligrams.
6       Q.  Did it work for you?
7       A.  Yes, it did.

            111
18  Q.  Dr. McCaffrey, based on your experience
19  in taking Vioxx and prescribing it to your
20  patients, did you believe it was safe and effective
21  if used according to the FDA-approved label?
22      A.  Yes, I did.

            29
5   Q.  Is it important to you as a treating
6   physician that the Food and Drug Administration
7   approve medicine as safe and effective, sir?
8       A.  Yes, sir.
9       Q.  Why is that important to you?
```

> 10     A.  *Because it's given a seal of approval*
> 11  *by the Federal Government. They've done*
> 12  *appropriate studies on the medication* and -- you
> 13  know, it's like going to a bank, if you're FDIC
> 14  approved -- I mean -- is it FDIC?
> 15     Q.  I think so.
> 16     A.  Yeah.  I know I can put my money in
> 17  there and there's a safeguard from the Federal
> 18  Government saying if something happens to your
> 19  bank, you're still going to have your money.  *So*
> 20  *it's the same thing with the Federal Government,*
> 21  *here's the medication.  We put our trust in this*
> 22  *medication.  It went through a rigorous program.*
> 23  *The United States has the most rigorous program of*
> 24  *any drug program.*
>
>                               30
> 4  *Is it your understanding,*
> 5  *Dr. McCaffrey, that the Food and Drug*
> 6  *Administration has scientists there to review*
> 7  *clinical trials and make an assessment about*
> 8  *whether a drug is safe and effective before it can*
> 9  *be used in the marketplace?*
> 10     A.  Yes, sir.
> (emphasis added)

This testimony should be excluded for several reasons. First of all, by way of background Dr.McCaffrey and Merck have enjoyed a unique relationship for several years. Dr. McCaffrey has signed a partnership agreement with Merck as a paid speaker each year for the last seven or eight years. He was also paid by Merck for preceptorships, (McCaffrey Deposition, Exhibit A, 114:2-177-22) and received payments for speaking including expenses and 'honoraria.' (123:21-125:3) He was considered to be a Merck 'top earner' for Vioxx (118:16-119:12 and 235:17-20) Despite the fact he cannot remember if after prescribing Vioxx to Mr. Barnett he came to learn about the VIGOR trial, and he does not read the New England Journal of Medicine, he claims that whatever it said did not factor into his decision to prescribe Vioxx. (102:4-104:25)

3

However, he admits that the warning label he would have shown Mr. Barnett in 1999 had no warning or contraindication regarding heart attacks and that Merck did not tell him that Vioxx was associated with heart attacks (161:4- 162:18). He agrees that there was nothing in the warnings about cardiovascular risks in the package insert and the warning that came out in 2002, and that to a doctor reading the package insert, Vioxx would appear to be safer than placebo with respect to serious cardiovascular thrombotic events for the study described. (224:15-226:19) He also agrees that in the time period he prescribed Vioxx to Mr. Barnett, he was never given a warning that Vioxx causes heart attacks. (228:5- 23)

Given his relationship with Merck, Dr. McCaffrey's favorable testimony for the Defendant is certainly no surprise. However, it has at best negligible probative value, while at the same time is unduly prejudicial, and has a strong potential for confusion of issues and misleading the jury. Dr. McCaffrey's personal use of the drug for one week is irrelevant and should be excluded for the same reasons set forth in Plaintiff's Motion in Limine #7 to exclude evidence of use of Vioxx by Merck employees.

As to his opinions about the FDA, Dr. McCaffrey was not designated as an expert by Merck on the FDA and its approval process. More importantly, he is not qualified to render expert opinions regarding the FDA approval process.

Dr. McCaffrey's statement that the US has the most "rigorous program of any drug program," is improper, in that he is not an expert on the FDA and "other" programs. Merck has not designated Dr. McCaffrey as an expert, nor has the Defendant established him as having any particular expertise in matters pertaining to the FDA. He is not qualified to give an opinion regarding the manner in which the FDA or any other entity approves drugs. To allow this unfounded, unreliable opinion would be highly prejudicial and misleading to a jury.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order excluding any evidence, testimony or argument regarding Dr. Michael McCaffrey's personal use of Vioxx or his opinions regarding the FDA approval process.

Date:  June 28, 2006

Respectfully submitted,

By _____
Mark P. Robinson, Jr.
Kevin F. Calcagnie
Carlos A. Prietto, III
Ted B. Wacker
Lexi W. Myer
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Dr., 7th Floor
Newport Beach, California  92660
Telephone:  (949) 720-1288
Facsimile: (949) 720-1292

Andy D. Birchfield, Jr.
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, Alabama  36103-4160
Telephone:  (334) 269-2343
Facsimile: (334) 954-7555

Donald C. Arbitblit
LIEFF, CABRASER, HEIMANN and
BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California  94111
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Counsel for Plaintiff

Russ M. Herman
Leonard A. Davis
Stephen J. Herman
HERMAN HERMAN KATZ
& COTLER, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70013
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

**PLAINTIFFS' LIAISON COUNSEL**

Richard J. Arsenault
NEBLETT, BEARD & ARSENAULT
220 Bonaventure Court
P.O. Box 1190
Alexandria, Louisiana 71301-1190
Telephone: (318) 487-9874
Facsimile: (318) 561-2591

Elizabeth Cabraser
LIEFF, CABRESER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Thomas Kline
KLINE & SPECTER, P.C.
1525 Locust St., 19th Floor
Philadelphia, Pennsylvania 19102
Telephone: (215) 772-1000
Facsimile: (215) 772-1371

Christopher A. Seeger
SEEGER WEISS
One William Street
New York, New York 10004
Telephone: (212) 584-0700
Facsimile: (212) 584-0799
**Co-Lead Counsel**

Shelly Sanford
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, Texas 77002
Telephone: (713) 650-0022
Facsimile: (713) 650-1669

Drew Ranier, Esq.
RANIER, GAYLE & ELLIOT, LLC
1419 Ryan Street
Lake Charles, Louisiana 70601
Telephone: (337) 494-7171
Facsimile: (337) 494-7218

Mark P. Robinson, Jr.
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Dr., 7th Fl
Newport Beach, California 92660
Telephone: (949) 720-1288
Facsimile: (949) 720-1292

6

Arnold Levin, Esq.
LEVIN FISHBEIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 19106-3875
Telephone: (215) 592-1500
Facsimile: (215) 592-4663

Christopher V. Tisi Esq.
ASHCRAFT & GEREL
2000 L Street, NW, Suite 400
Washington, DC 20036-4914
Telephone: (202) 783-6400
Facsimile: (307) 733-0028

Gerald E. Meunier
Gainesburgh Benjamin David Meunier &
Warshauer
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Telephone: (504) 522-2304
Facsimile: (504) 528-9973

**PLAINTIFF'S STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Phillip A. Wittmann, Merck's Counsel, Andrew L. Goldman, and Plaintiffs' Liaison Counsel, Russ Herman, by U.S. Mail and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced, in accordance with Pretrial Order No. 8, on this 28th day of June, 2006.

_____
KEVIN F. CALCAGNIE
California State Bar No. 108994
Attorney for Plaintiff
Robinson, Calcagnie & Robinson