

**ORIGINAL**

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    JUL - 3 2006

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| This document relates to | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| Gerald Barnett v. Merck & Co., Inc. | * | CASE NO. 06-0485 |
| | * | |

---

### MEMORANDUM IN ~~SUPPORT OF MOTION FOR LEAVE TO DESIGNATE ADDITIONAL EXPERT WITNESS AND AMEND WITNESS LIST; AND~~ IN OPPOSITION TO MERCK'S MOTION TO EXCLUDE PLAINTIFFS' REBUTTAL EXPERT, PROFESSOR NICHOLAS JEWELL

---

## I.    INTRODUCTION

Plaintiffs' request that the Court grant leave to designate an additional expert witness,

Nicholas Jewell, Ph.D., a biostatistician and professor at the University of California, Berkeley.[1]

Plaintiffs' counsel notified Defendant of their intention to submit Dr. Jewell's Report on June 14,

2006, and the Report was served on June 21, 2006 (Decl. of Donald C. Arbitblit, hereinafter

"Decl.," Ex. 1). Plaintiffs' counsel offered Dr. Jewell for deposition on June 28 or 29, 2006.

Defendant objected to the designation of Dr. Jewell and has filed a motion to exclude his

testimony, thereby requiring Plaintiffs to file this motion. Under the established precedent of the

Fifth Circuit and this District, Plaintiffs respectfully submit that the motion for leave to designate

---

[1] The Scheduling Order in this case does not refer to rebuttal witnesses, and Plaintiffs' counsel understood this to mean that rebuttal witnesses would be permitted under Fed. R. Civ. Proc. 26. This motion is filed as an alternative grounds to permit the witness to testify. Under the authorities cited herein, the Court has discretion to permit designation of an additional expert witness.

547376.1

___ Fee_____
___ Process_____
X  Dktd _____
✓  CtRmDep_____
___ Doc. No_____

an additional witness should be granted, because Defendant has failed to plead or prove

prejudice, and because Defendant has admitted to the importance of the testimony.

## II.   LEAVE TO DESIGNATE AN ADDITIONAL EXPERT SHOULD BE GRANTED WHERE THE TESTIMONY IS IMPORTANT AND DEFENDANT DOES NOT DEMONSTRATE PREJUDICE

In Murphy v. Magnolia Electric Power Association, 639 F.2d 232 (5th Cir. 1981), the

Court of Appeals held that it was reversible error to refuse to allow appellants' expert to testify

as a rebuttal witness, in light of the "absence of prejudice and the essential nature of the evidence

involved, . . ." Id. at 235.  Recently, in Corus U.K., Ltd., et al. v. Forest Lines, 2005

WL1037999 (E.D. La. 2005), Judge Engelhardt granted a motion for leave to designate an expert

outside the scheduling deadline, where "Defendants have not fashioned any argument or

presented any evidence of prejudice which they will suffer as a result of [the expert's] testifying

at trial.  Rather, it seems entirely possible that Defendants could depose [the expert] between the

time of this Order and the trial, and no prejudice would result by the addition of [the expert] as a

witness." Id. at *3.

In Corus, the District Court noted that Federal Rule of Civil Procedure 16(b) provides for

"broad discretion" to control the discovery process through a scheduling order.  The Court listed

four factors to consider in exercising discretion to admit or exclude evidence submitted after a

scheduling order deadline:  (1) a party's explanation for its failure to timely identify its witnesses

and exhibits; (2) the importance of the proposed evidence; (3) potential prejudice in allowing the

admission of the exhibits or testimony; and (4) the availability of a continuance to cure such

prejudice. Corus, 2005 WL1037999 at *2.  These same factors support granting leave to

Plaintiffs in this case to designate Dr. Jewell as an additional witness, for the reasons set forth

below.

- 2 -

547376.1

**A.    Plaintiffs' Counsel Reasonably Relied on Past Practice in Not Identifying Dr. Jewell as a Testifying Expert Initially**

The Declaration of Donald C. Arbitblit, filed herewith, sets forth the history of Dr. Farquhar's traditional reliance upon biostatisticians in the preparation of his peer-reviewed articles, as well as in his expert reports in three litigated cases (Diet Drugs, Baycol and Vioxx). (Declaration at ¶¶ 3-4).  In each litigated case, the biostatistical consultants have been non-testifying experts, none of whom have ever been deposed.  In this case, for example, defense counsel did not seek to depose either of the two biostatisticals consultant upon whom Dr. Farquhar relied in connection with his September 26, 2005 expert witness report, which was the subject of a Daubert ruling that denied Defendant's motion to exclude his testimony.  In re Vioxx Products Liability Litigation, 401 F. Supp. 2d 565, 596, 600 (E.D. La. 2005).  Nor did the same defense firm seek to depose Dr. Farquhar's biostatistical consultant in the Baycol litigation. (Id. at ¶ 4).

Plaintiffs' counsel followed and relied upon prior practice, including the course of dealings with the same defense firm, in making the initial determination that Dr. Jewell would be a non-testifying expert.  (Id. at ¶ 5).  Plaintiffs' counsel advised defense counsel that "exceptional circumstances" did not exist to require Dr. Jewell's deposition, because defense counsel had provided all of the data that Dr. Jewell used in his analysis, and defendant was capable of performing the same standard analyses of its own data.  (Id. at Ex. 3, p. 7).  At the same time, Plaintiffs' counsel cooperated with defense counsel in providing the reports prepared by Dr. Jewell upon which Dr. Farquhar relied.  (Id.).  Plaintiffs' counsel submits that its positions were reasonable and taken in good faith, and that there is no evidence to the contrary.

Defendant's Memorandum incorrectly states that Dr. Jewell "first surfaced" in May 2006 in connection with Dr. Farquhar's reliance upon his report, and that it "promptly" sought his

- 3 -

deposition thereafter. (Def. Mem, at 2-3). However, Dr. Jewell's analysis of Protocol 203 was

provided to defense counsel in January 2006, and defense counsel conducted a lengthy

examination of Plaintiff's expert Robert Fletcher about Dr. Jewell's report on January 20, 2006,

an examination that spanned over 30 pages. (Decl., Ex. 2). Defense counsel did not promptly

request discovery or deposition from Dr. Jewell when he first surfaced in January 2006, but

instead waited until May 28, 2006 to request such discovery. (Decl., ¶¶ 6-7). This date was

already 6 days after the Scheduling Order deadline of May 22, 2006. Thus, based on past

practice, Plaintiffs' counsel did not expect Defendant to seek a deposition of Dr. Jewell, and

Defendant did not inform Plaintiffs of that intent until after the May 22 deadline had passed.

     This history as to the first factor in the <u>Corus</u> analysis supports the conclusion that

Plaintiffs acted reasonably in not identifying Dr. Jewell as a testifying witness before the

May 22, 2006 deadline, thus supporting leave to designate this witness.

> **B.**    <u>**Defendant Has Admitted The Importance Of Dr. Jewell's Testimony And
> Cannot Show Prejudice**</u>

     Defendants did not cite Fifth Circuit authority regarding the discretion of the Court to

permit testimony of an additional witness disclosed after a scheduling order deadline. As noted

above, courts in this Circuit have held that the absence of prejudice to the opposing party and the

importance of the testimony generally will support admissibility, and that it is reversible error to

exclude a newly identified expert where the testimony is important and no prejudice is shown.

Lack of prejudice is demonstrated when the opposing party has sufficient time to depose the

newly identified expert.

     In this case, defense counsel's own e-mail correspondence characterized Dr. Jewell's

testimony as "vital." (Ex. 3, p. 21). If such testimony is vital to the defense efforts to undermine

Dr. Farquhar's opinions, it is equally vital to Plaintiffs. Further, Defendant has not argued

- 4 -

prejudice, nor can it prove prejudice. On June 15, 2006, and again on June 21, 2006, plaintiffs' counsel offered Dr. Jewell for deposition on June 28 or June 29, 2006. (Ex. 3, pp. 34, 36.) As the Court may be aware, expert depositions are still in progress in this case, despite the Scheduling Order deadline of June 8, 2006 for such depositions. Defendant cannot claim or prove prejudice where it has chosen not to respond to the offer to take the expert's deposition, well before trial during a period of ongoing expert depositions. Thus, the second and third factors under the Corus analysis strongly support the Court's exercise of discretion to grant leave to add Dr. Jewell as an expert witness. Because there is time to depose the witness, there is no need for a continuance, so the fourth (and last) factor is moot. Corus, 2005 WL 1037999 at *2-3.

Defendant relies on Eckelcamp v. Beste, 315 F.3d 863 (8th Cir. 2002) to support exclusion of a rebuttal report. That decision is not controlling here. First, the rebuttal report in Eckelcamp was submitted beyond the 30-day deadline after receipt of the opposing expert's report, in violation of Fed. Rule Civ. P. 26(a)(2)(C). Id. at 872. Here, the rebuttal report was submitted timely on June 21, 2006, 20 days after the defense expert report. Second, the decision in Eckelcamp addressed only admissibility of a rebuttal report. 315 F.3d at 872. Here, Plaintiffs have submitted a Motion for Leave to Designate Additional Expert, which is to be decided on the basis of the four factors set forth in Corus, supra. The court in Eckelcamp had no occasion to address those factors and did not do so. Third, Eckelcamp merely held that the district court was "entitled" to hold the parties to its scheduling order, 315 F.3d at 872, not that the terms of the order were mandatory. Plaintiffs do not doubt that this Court has the authority to enforce its scheduling orders. However, Plaintiffs respectfully submit that such enforcement should be guided by precedent and the factors relevant to a Motion for Leave to Designate Additional Witness, as set forth above.

- 5 -

Defendant further cites <u>Auscape Int'l. v. National Geographic Soc'y</u>, No. 02 CIV 6441 (LAK) 2003 WL 21146628 (S.D.N.Y. May 13, 2003) for the proposition that the Court should exclude Dr. Jewell's testimony based upon expiration of the Scheduling Order deadline. However, Defendant's rendition of the <u>Auscape</u> case omitted the most important detail: the Court in <u>Auscape</u> *permitted* the testimony of the additional expert, because of the absence of prejudice to the opposing party and its ability to take the deposition of the witness before trial, despite prior expiration of the Scheduling Order. (<u>Id.</u>) Thus, there is general support for the permissibility of adding an expert in the absence of prejudice to the opposing party, and even the Defendant's own cited authority supports that conclusion.

## III. <u>DR. JEWELL'S REPORT CONSTITUTES REASONABLE REBUTTAL, AND THE COURT MAY PERMIT DESIGNATION OF AN ADDITIONAL EXPERT REGARDLESS OF WHETHER THE OPINIONS CONSTITUTE REBUTTAL OR NOT</u>

The Defense Memorandum (pp. 6-8) argues that Dr. Jewell is not a "rebuttal expert," but the excerpts of deposition testimony provided in the defense Memorandum do not accurately reflect the record. Thus, for example, at page 7 of the Defense Memorandum, one "sound byte" question and answer are selected from the end of a highly confrontational 19-page interrogation of Dr. Farquhar on the subjects of subgroup analyses, statistical interactions, and biostatistical expertise. The excerpt purports to show that Dr. Farquhar initiated the reference to Dr. Jewell's views. However, Defendants' Memorandum omits to state that its interrogation was based on a scholarly article written by Stephen Lagakos, a biostatistician, which Dr. Farquhar had never seen, and which was introduced as an exhibit by defense counsel. A fair reading of the transcript supports the inference that defense counsel used the Lagakos article to elicit Dr. Farquhar's reliance upon Dr. Jewell, which would in turn support Defendant's plan to compel Dr. Jewell's

- 6 -

"rebuttal" witness. These include responses to Dr. Kim's testimony and report as to generalizability of the APPROVe findings; validity of subgroup analyses; propriety of the endpoints analyzed; statistical power of Alzheimer's trial 078; and the notion of "individual confidence intervals." However, on a motion for leave to designate an additional witness, the Court has discretion to permit the testimony regardless of whether it is rebuttal evidence, based on the importance of the evidence and the absence of prejudice, as set forth above.[3]

## IV.   THE TESTIMONY OF DR. JEWELL IS NOT CUMULATIVE

Defendant argues that Dr. Jewell's opinion should be excluded because two other biostatisticians (Drs. Moye and Kronmal) have been identified on Plaintiffs' expert witness list. (Defense Memorandum at 9). However, this argument is unpersuasive for two principal reasons.

First, only Dr. Jewell has provided specific consultations relied upon by Dr. Farquhar, a key testifying witness for Plaintiffs on issues of general and specific causation. Such consultations have included the particular data analyses that Defendant has challenged, upon which Dr. Farquhar relies with respect to Mr. Barnett. Although Plaintiffs maintain that Defendant's challenges lack evidentiary basis, to the extent Defendant is permitted to make them, Plaintiffs should be permitted to respond through the testimony of the expert who reviewed the data and performed the analyses. This is particularly true where the defense has previously characterized such testimony as "vital," as noted above. Neither of the other biostatisticians conducted analyses in support of Dr. Farquhar's opinions pertaining to Plaintiff

---

[3] Defendant argues that Plaintiffs cannot claim and then waive a work-product privilege as to Dr. Jewell. However, the Court's decision should be based on the factors set forth in the cited precedents, which do not include the point argued by Defendant. Further, the correspondence between counsel show that Plaintiffs did not assert a work-product privilege. Instead, Plaintiffs advised defense counsel that "We do not claim work product privilege," and that Dr. Jewell's reports reviewed by Dr. Farquhar would be provided. (Decl., ¶¶ 3-13; Ex. 3, p. 10.)

- 8 -

Gerald Barnett. Therefore, Dr. Jewell's testimony is unique and cannot be cumulative of other biostatistician witnesses on these points.

Second, only Dr. Jewell has provided specific responsive testimony to the opinions expressed by defense expert Kim, who was identified by Defendant to provide testimony specific to the Barnett case. Thus, for example, Dr. Jewell responded to Dr. Kim's assertions that the data showing excess risk for polyp patients could not be generalized to other populations; that the Alzheimer's trials had adequate power to detect a difference between Vioxx and placebo event rates; and that there is an "individual confidence interval" that is wider than the confidence interval for the population as a whole, etc." Again, Dr. Jewell has provided unique testimony specifically responsive to the Merck expert identified for this case, which cannot fairly be characterized as "cumulative."

Finally, the Court maintains its traditional role to prevent the admission of cumulative evidence at trial. Plaintiffs do not intend to present cumulative evidence, but rather to present relevant, non-cumulative evidence responsive to Defendants' experts' opinions, subject to the Court's discretion and authority.

## V.  CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant leave to designate Nicholas P. Jewell as an additional expert witness. Defendant has not pleaded or proved prejudice, and it has admitted to the importance of the testimony.

547376.1

Dated: June 22, 2006

Respectfully submitted,

By _____

Donald C. Arbitblit
LIEFF, CABRASER, HEIMANN and
BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Co-Counsel for Plaintiff

Mark P. Robinson, Jr.
Kevin F. Calcagnie
Carlos A. Prietto, III
Ted B. Wacker
Lexi W. Myer
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Dr., 7th Floor
Newport Beach, California  92660
Telephone:  (949) 720-1288
Facsimile:  (949) 720-1292

Andy D. Birchfield, Jr.
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, Alabama  36103-4160
Telephone:  (334) 269-2343
Facsimile:  (334) 954-7555

Counsel for Plaintiff

- 10 -

Russ M. Herman
Leonard A. Davis
Stephen J. Herman
HERMAN HERMAN KATZ
& COTLER, LLP
820 O'Keefe Avenue
New Orleans, Louisiana  70013
Telephone:  (504) 581-4892
Facsimile:  (504) 561-6024

Christopher A. Seeger
SEEGER WEISS
One William Street
New York, New York  10004
Telephone: (212) 584-0700
Facsimile: (212) 584-0799
**Co-Lead Counsel**

## PLAINTIFFS' LIAISON COUNSEL

Richard J. Arsenault
NEBLETT, BEARD & ARSENAULT
220 Bonaventure Court
P.O. Box 1190
Alexandria, Louisiana  71301-1190
Telephone:  (318) 487-9874
Facsimile:  (318) 561-2591

Carlene Rhodes Lewis
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, Texas  77002
Telephone:  (713) 650-0022
Facsimile:  (713) 650-1669

Elizabeth Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, California  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Drew Ranier, Esq.
RANIER, GAYLE & ELLIOT, LLC
1419 Ryan Street
Lake Charles, Louisiana  70601
Telephone:  (337) 494-7171
Facsimile:  (337) 494-7218

Thomas Kline
KLINE & SPECTER, P.C.
1525 Locust St., 19th Floor
Philadelphia, Pennsylvania  19102
Telephone:  (215) 772-1000
Facsimile:  (215) 772-1371

Mark P. Robinson, Jr.
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Dr., 7th Fl.
Newport Beach, California  92660
Telephone:  (949) 720-1288
Facsimile:  (949) 720-1292

Arnold Levin, Esq.
LEVIN FISHBEIN SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania  19106-3875
Telephone:  (215) 592-1500
Facsimile:  (215) 592-4663

Christopher V. Tisi Esq.
ASHCRAFT & GEREL
2000 L Street, NW, Suite 400
Washington, DC  20036-4914
Telephone:  (202) 783-6400
Facsimile:  (307) 733-0028

## PLAINTIFFS' STEERING COMMITTEE

**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| This document relates to | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| Gerald Barnett v. Merck & Co., Inc. | * | CASE NO. 02:06CV00485 |

### CERTIFICATE OF SERVICE

I am employed in the law firm of Lieff, Cabraser, Heimann & Bernstein LLP, whose address is Embarcadero Center West, 275 Battery Street, 30th Floor, San Francisco, California 94111-3339. I am readily familiar with the business practices of this office. At the time of transmission I was at least eighteen years of age and not a party to this action.

On June 30, 2006, by electronic transmission via LexisNexis File & Serve, I caused to be served a copy of the following documents:

1. ~~MOTION FOR LEAVE TO DESIGNATE ADDITIONAL EXPERT WITNESS AND AMEND WITNESS LIST;~~

2. MEMORANDUM ~~IN SUPPORT OF MOTION FOR LEAVE TO DESIGNATE ADDITIONAL EXPERT WITNESS AND AMEND WITNESS LIST; AND~~ IN OPPOSITION TO MERCK'S MOTION TO EXCLUDE PLAINTIFFS' REBUTTAL EXPERT, PROFESSOR NICHOLAS JEWELL;

3. ~~DECLARATION OF DONALD C. ARBITBLIT IN SUPPORT OF MOTION FOR LEAVE TO DESIGNATE ADDITIONAL EXPERT WITNESS AND AMEND WITNESS LIST (WITH EXHIBITS 1-9);~~ and

- 1 -

547795.1

4.   **CERTIFICATE OF SERVICE**

on interested parties registered for e-filing in the within action.

I hereby certify that the above pleadings have been served on Defendants' Liaison Counsel, Phillip A. Wittmann and Merck's Counsel, Andrew L. Goldman by e-mail and/or U.S. Mail and e-mail upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. #8.

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California on June 30, 2006.

James Breslin

547795.1

- 2 -