UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Pamela Kittleson and Bradley Kittleson, | Civil No. 98-2277 JMR/FLN |
| Plaintiffs, | **REPORT AND RECOMMENDATION AND ORDER** |
| vs. | |
| Sandoz Pharmaceuticals Corp., a Delaware Corporation, | |
| Defendant. | |

Ellen Relkin, Esq., for Plaintiffs.
James A. O'Neal, Esq., and Eric Lasker, Esq., for Defendant.

THIS MATTER came for a hearing before the undersigned United States Magistrate Judge on August 10, 2001, on Defendant's Motion for Summary Judgment Pursuant to the Supreme Court's Ruling in <u>Buckman Co. v. Plaintiffs' Legal Comm.</u>, 121 S. Ct. 1012 (2001) [#342]. Defendant's Motions for a New Pretrial Schedule [#326] and Leave to File Summary Judgment Motion [#341] were ruled upon at the time of the motion hearing. The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons which follow, this Court will recommend that Defendant's Motion for Summary Judgment [#342] be granted in part and denied in part.

## I. FACTUAL BACKGROUND

This action arises from Plaintiffs Pamela M. Kittleson and Bradley D. Kittleson's ("Plaintiffs") allegations that Ms. Kittleson suffered a myocardial infarction ("MI") as a result of taking Parlodel®, a drug manufactured and distributed by Defendant Novartis Pharmaceuticals

FILED SEP 20 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD_____
DEPUTY CLERK_____

Corporation ("NPC"), formerly known as Sandoz Pharmaceuticals Corporation ("SPC").[1] (See Compl. at ¶¶ 17, 24). Additional information regarding Plaintiffs' allegations is contained in this Court's previous Report and Recommendation, Pamela Kittleson and Bradley Kittleson v. Sandoz Pharm. Corp., Civil File No. 98-2277 JMR/FLN (June 7, 2000), which is incorporated herein by reference.[2]

## II. CONCLUSIONS OF LAW

The Supreme Court has held that summary judgment is to be used as a tool to isolate and dispose of claims or defenses that are either factually unsupported or based on undisputed facts. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986); Hegg v. U.S., 817 F.2d 1328, 1331 (8th Cir. 1987); Fisher v. Pharmacia & Upjohn, 225 F.3d 915, 919 (8th Cir. 2000). Federal Rule of Civil Procedure 56(c) provides, in relevant part, that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986) (holding that the Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law"). When considering a motion for summary judgment, a court should construe all evidence in favor of the non-moving party. See Anderson, 477 U.S. at 255. However, if the evidence submitted

---

[1] For convenience, the Court will refer to both NPC and SPC as NPC.

[2] In considering NPC's Motion, the facts are recounted from a fair reading of Plaintiff's version of the evidence. See Manning v. Metropolitan Life Ins. Co., Inc., 127 F.3d 686, 689 (8th Cir. 1997).

2

Dbtf!1;: 9.dw13388.KN S.GMD!!!!!Epdvn f oU473!!!!!Gjrhe!1: 03103112!!!!!Qbhf !5!pg:

FDA or premised on the allegation that NPC defrauded or misled the FDA in the performance of its regulatory responsibility. See Def.'s Mem. In Supp. of Mot. for Summ. J. at 1-12 ("Def.'s Supp. Mem."). Consequently defendant contends, not only are Plaintiffs' fraud-on the FDA claims now barred, but so are all of Plaintiffs' other claims premised on allegations that NPC defrauded the FDA or violated its duty of disclosure to the FDA.[3] Id. These include claims relating to: (1) fraud on the Plaintiffs through their physicians; (2) fraud on the medical community; (3) negligence; (4) inadequacy of the warnings contained in the FDA-approved package insert; and (5) punitive damages. Id.

Plaintiffs dispute NPC's contention that their state tort claims are barred by the holding in Buckman. Plaintiff asserts that her state tort claims are independent of the claim of fraud on the FDA. See Pls.' Mem. in Opp'n to Def.'s Mot. for Summ. J. at 1-17 ("Pls.' Opp'n Mem."). Plaintiffs contend that while NPC's interactions and fraudulent communications with the FDA provide some evidence of NPC's negligent behavior, it is not the basis of their state tort claims. Id. Specifically, Plaintiffs argue that NPC owed separate duties beyond simply full and fair disclosure to the FDA, such as the duty to: (1) adequately test the drug and not market a defective and dangerous product; (2) warn the medical community and patients of its risks; (3) not misrepresent the facts to the medical community; and (4) not breach an implied warranty. Id. at 4.

The issue this Court must determine is whether Plaintiffs' claims of negligence, inadequate warning, misrepresentation and other fraud based claims are preempted by the Supreme Court's decision in Buckman. In Buckman, the United States Supreme Court considered whether plaintiffs

---

[3] For convenience, this Court will refer to claims based on fraud-on the FDA or the duty of disclosure to the FDA interchangeably.

4

could hold a regulatory consulting firm liable for making fraudulent representations to the FDA in assisting a medical product manufacturer obtain FDA approval for its orthopedic pedicle screws. See Buckman, 121 S.Ct. at 1015-1017. Specifically, the Supreme Court examined whether certain misrepresentations to the FDA caused the FDA to find that the orthopedic pedicle screw was a "substantial equivalent" of a predicate device. Id. at 1013. In holding that plaintiffs' fraud on the FDA claims were preempted, the Supreme Court reasoned that "were plaintiffs to maintain their fraud-on-the-agency claims here, they would not be relying on traditional state tort law which has predated the federal enactments in question. On the contrary, the existence of a violation of these enactments [i.e., the violation of the duty of disclosure to the FDA] is a critical element in their case." Id. at 1020. Given the FDA's comprehensive authority to punish and deter fraud against the agency, the Court noted that "complying with the FDA's detailed regulatory regime in the shadow of 50 States' tort regimes will dramatically increase the burdens facing potential applicants –burdens not contemplated by Congress in enacting the [Food, Drug and Cosmetics Act ("FDCA")]" and the MDA]. Id. at 1018. Accordingly, the Court held that the plaintiffs' "state law fraud on the FDA claims conflicted with the FDA's responsibility to police fraud consistently with the Agency's judgment and objectives" and were therefore preempted. Id. at 1018. In other words, the plaintiffs' claims were preempted because they were grounded entirely on the duty of disclosure to the FDA or fraud on the FDA and not on any separate duty under state tort law.

In rendering its decision, the Court also distinguished Silkwood v. Kerr-McGee Corp., 464 U.S. 238 (1984), on the basis that Silkwood involved traditional state tort claims of duty of care and not just a fraud-on the FDA claim. See Buckman, at 1019. Similarly, the Court also distinguished Medtronic, Inc. v. Lohr, 518 U.S. 470 (1996) on the grounds that the claims in Medtronic stemmed

5

from the manufacturer's alleged failure to use reasonable care in producing the product, not solely from the violation of the FDCA's requirements. When examined against the backdrop of these two cases, it is clear that the only theory preempted by Buckman is that premised exclusively on the allegation that the FDA was itself the victim of the fraud. This interpretation is entirely consistent with the opinions of other federal courts addressing this same issue. See Globetti v. Sandoz Pharm., Corp., No. CV-98-TMP-2649-S, 2001 WL 419160 (N.D. Ala., Mar. 5, 2001); Dawson v. Ciba-Ceigy Corp., USA, et al., No. 00-CV-6162, 2001 WL 584187 (D. N. J., May 23, 2001); Erickson v. Baxter Healthcare, Inc., et al., No. 99-C-0426, 2001 WL 812198 (N.D. Ill., July 16, 2001). The consistency of these opinions is compelling and the Court does not see the present case as distinguishable on its facts.

Here, in viewing the evidence in the light most favorable to the non-moving party, Plaintiffs have submitted evidence that NPC: (1) via its sales representatives, made misrepresentations about Parlodel's side effects to their physicians and ultimately them; (2) failed to disclose the findings of the animal studies, including the "hind limb study" and other adverse drug reaction reports; and (3) refused to comply with FDA's requests to include a warning of Parlodel's adverse effects in the product's labeling and independently strengthen its warning. Although this same information may have been misrepresented or not provided to the FDA, the basis of Plaintiffs' state law tort claims, is not that the FDA was defrauded, but that Plaintiffs and their physicians were defrauded. Additionally, NPC's challenge to the sufficiency of Plaintiffs' evidence merely creates a genuine issue of material fact which precludes summary judgment.

Furthermore, despite the fact the Parlodel warning insert was specifically approved by the FDA, this Court concludes that Plaintiffs' inadequate warning claims are not preempted by Buckman.

6

Dbt f !1;: 9.dw13388.KN S.GMO!!!!!Epdvn f ou473!!!!!Gjrhe l1: 03103112!!!!!Qbhf l8lpg:

Plaintiffs' contention that the package insert was not reasonably adequate to advise them or their physicians of the risks associated with prescribing Parlodel for one of its intended purposes, that is, the suppression of post-partum lactation, is based on a duty of care owed directly to the consumer and not just the FDA. Unlike the claim in Buckman, Plaintiffs' claims are based on separate duties under traditional state tort law and not merely full and fair disclosure to the FDA. Plaintiffs' claims arise because of duties that run to consumers, such as the duty not to: (1) market a defectively and unreasonably dangerous product; (2) misrepresent or suppress the facts needed by the medical community and consumers to assess the safety of the product; and (3) adequately warn of known risks associated with the product.[4] These are all duties that exist irrespective of the FDCA requirements.

Accordingly, this Court concludes that Buckman does not preempt Plaintiffs' state tort claims not grounded entirely on the duty of disclosure to the FDA, but are rather premised on separate duties under state tort law and will recommend that NPC's motion for summary judgment with respect to Plaintiffs' other fraud based or failure to warn claims be denied.

---

[4] This Court expressly rejects NPC's contention that the Minnesota Court of Appeals recently held that claims similar to Plaintiffs' were preempted by Buckman. See Flynn v. American Home Products Corp., No. C8-00-1885, 2001 WL 506852 (Minn. Ct. App., May 15, 2001). After reviewing the case, this Court is convinced that, as in Buckman, the Flynn Court concluded that plaintiff's claims were preempted because they were solely based on violations of federal enactments and not traditional state tort law. Id. at *5 (noting that "the existence of the federal regulations is critical to appellants claims that those regulations were violated and caused her injuries"). Accordingly, the present case is distinguishable from Flynn and Buckman because Plaintiffs' claims are based on separate duties arising under traditional state tort law and not solely full and fair disclosure to the FDA.

7

Dbt f !1;: 9.dw 13388.KN S.GMD!!!!!Epdvn f ou473!!!!!Gjfhe!1: 03103112!!!!!Qbhf !9!pg:

### III. ORDER

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that

Defendant NPC's Motion:

1. For a New Pretrial Schedule [#326] is **DENIED as moot**;

2. For Leave to File Summary Judgment Motion [#341] is **GRANTED**.

### IV. RECOMMENDATION

Based upon the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED**

that Defendant NPC's Motion for Summary Judgment [#342] be **GRANTED in part and DENIED**

**in part as follows:**

1. Insofar as the Motion seeks Summary Judgment with respect to Plaintiffs' claims of fraud-on the FDA, it should be **GRANTED**;

2. Insofar as the Motion seeks Summary Judgment with respect to Plaintiffs' other fraud based claims and failure to warn claims, it should be **DENIED**;

DATED: Sept 19, 2001

FRANKLIN L. NOEL
Chief Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of service of this Report and Recommendation, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service of the objections. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.