UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| **This document relates to** | * | |
| **Case No. 06-0485** | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| **GERALD D. BARNETT**, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| **MERCK & CO., INC.**, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * | | |

**OPPOSITION OF MERCK & CO. INC. ("MERCK") TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE CERTAIN SUBJECTS, INCLUDING THE FATAL HEART ATTACK SUFFERED BY MR. BARNETT'S FATHER, FROM EVIDENCE AT TRIAL**

**(PLAINTIFF'S MOTION *IN LIMINE* NO. 13)**

In this motion, plaintiff seeks to exclude evidence and argument on four subjects. Merck opposes the motion only with respect to one of them: plaintiff's effort to exclude evidence and argument concerning "[t]he fact that Plaintiff's father died of a heart attack in 1977 at the age of 68 and had never used Vioxx®, Bextra or Celebrex." (Pl.'s Mot. at 2.) Without any further explanation, plaintiff asserts that "[t]his has no probative value with respect to any issue in this action." (*Id.*) This is untrue. Even Mr. Barnett's experts concede that his family history of

818223v.1

cardiovascular disease – including the facts that his father had his first heart attack in his 50's or early 60's, had a stroke, and died of a heart attack at age 68 – are relevant to Mr. Barnett's genetic predisposition to cardiovascular disease. Because that issue relates directly to specific causation, evidence of Mr. Barnett's father's second heart attack is relevant and admissible. Therefore, the Court should deny plaintiff's motion with respect to this issue.

Cardiac risk factors such as a family history of cardiovascular disease are relevant to the issue of specific causation. An expert testifying for plaintiff on specific causation must establish that Vioxx, rather than other factors, caused Mr. Barnett's heart attack. *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 424 (5th Cir. 1987) (stating that an expert cannot, in the face of multiple potential causes, "simply pick[] the cause that is most advantageous to [plaintiff's] claim[s]"). This requires consideration of Mr. Barnett's risk factors for cardiovascular disease, including family history. *Cano v. Everest Minerals Corp.*, 362 F. Supp. 2d 814, 840 (W.D. Tex. 2005) ("'expert who fails to scientifically rule out or quantify alleged risk factors to arrive at the most likely causes offers a specific causation opinion that is not relevant because it is nothing more than pure speculation.'"); *Coleman v. Danek Med., Inc.,* 43 F. Supp. 2d 637, 650 n.23 (S.D. Miss. 1999); *Glastetter v. Novartis Pharms. Corp*., 107 F. Supp. 2d 1015, 1045 n.29 (E.D. Mo. 2000) (plaintiff's experts' conclusions regarding specific causation were inadmissible because they were "unable to demonstrate that Parlodel, as opposed to other risk factors such as the increased risk of stroke in the postpartum period, caused the injury to [plaintiff]").

Thus, it is unsurprising that plaintiff's own experts consider his family history relevant. (*See, e.g.,* June 8, 2006 Deposition of John W. Farquhar, M.D. at 258:19-259:18 (family history is a risk factor), attached hereto as Ex. A; Expert Report of Douglas P. Zipes, M.D. at 5, 10 (mentioning family history), attached hereto as Ex. B.) One of plaintiff's experts, Douglas P.

Zipes, M.D., conceded at his deposition that Mr. Barnett's family history is a risk factor he cannot discount. (June 9, 2006 Deposition of Douglas P. Zipes, M.D. at 119:5-121:18, attached hereto as Ex. C.) And one of Mr. Barnett's prescribing physicians, Dr. Michael Mikola, provided even more compelling testimony. He testified that when he first saw Mr. Barnett in October 1999 and learned of his family history – including the death of Mr. Barnett's father at age 68 of coronary disease – his reaction was: "It tells me that he may be genetically at higher risk of having . . . arterial vascular disease." (April 25, 2006 Deposition of Michael Mikola, M.D. at 196:23-198:21, attached hereto as Ex. D.)

Because all of Mr. Barnett's family history, including his father's fatal heart attack, is relevant and not prejudicial, the Court should deny the third request made by plaintiff in his Motion to Exclude Certain Subjects From Evidence at Trial.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Andrew Goldman
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
Phone: 312-494-4400
Fax:     312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:     202-434-5029

And

Brian Currey
Catalina J. Vergara
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:     213-430-6407

Attorneys for Merck & Co., Inc.

4

818223v.1

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Opposition to Plaintiff's Motion *in Limine* to Exclude Certain Subjects, Including the Fatal Heart Attack Suffered By Mr. Barnett's Father, From Evidence at Trial been served on Liaison Counsel Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail, upon plaintiff's counsel Mark Robinson by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 7th day of July, 2006.

*/s/ Dorothy H. Wimberly*

818223v.1