Exhibit "4"

# Barnett v. Merck

## Plaintiff's Responses to Merck's Objections to Plaintiff's FINAL Pre-admission Exhibit List

| Exhibit No. | Begin Bates | End Bates | Date | Description | Merck Objection | Plaintiff's Response | Court's Ruling |
|---|---|---|---|---|---|---|---|
| 1.0019 | MRK-NJ0152620 | MRK-NJ0152623 | 10/27/1997 | Letter from John Oates to Alan Nies Re: Effect of Vioxx on Prostacyclin Biosynthesis | 801, 802. This is hearsay, out of court statement by non-Merck witness. | Document is admissible under R. 803(6) hearsay exception -- Letter is a business record kept in the regular course of business. Also, offered for purpose of notice of Fitzgerald hypothesis | |
| 1.0084 | MRK-AAX0002759 | MRK-AAX0002759 | 12/20/1999 | Letters between Michael Weinblatt & Alise Reicin Re: VIGOR Trial | 801, 802. This is hearsay, out of court statement by non-Merck witness offered for its truth. | Document is admissible under R. 803(6) hearsay exception – Letter is a business record kept in the regular course of business. Also, shows notice to Merck of CV events during VIGOR trial. | |
| 1.0085 | MRK-AAX0002760 | MRK-AAX0002760 | 1/24/2000 | Letter to Alise Reicin from Michael Weinblatt Re: Merck Management's Position on Serious Thrombotic and Embolic Cardiovascular Adverse Events | 801, 802. This is hearsay, out of court statement by non-Merck witness offered for its truth. | Admissible under R.801(d)(2)(A). Also, document is admissible under R. 803(6) hearsay exception -- Letter is a business record kept in the regular course of business. Also, shows Merck was on notice as to the existence of CV events during VIGOR trial and the necessity of a proper adjudicating process. | |
| 1.0086 | MRK-AAX0002761 | MRK-0002766 | 2/7/2000 | Letter from Alise Reicin to Michael Weinblatt, MD re: Merck's for analyzing Adverse experiences in VIGOR | None | | |
| .0108 | MRK-ABC0002199 | MRK-ABC0002200 | 9/9/1998 | Letter from Carlos Patrono to Martino Laurenzi Re: Vivo Prostacyclin Biosynthesis | 401, 402, 403, 801, 802. This letter is hearsay, out of court statement by non-Merck person. Also irrelevant and prejudicial. | Document is admissible under R. 803(6) hearsay exception -- Letter received by Merck and kept in the regular course of business. Relevant to show that Dr. Patrono put Merck on notice in 1998 that adverse CV events was a problem that should be explored quickly. Letter evidences Plaintiff's claim that Merck was aware of the CV dangers associated with Vioxx prior to placing the drug on the market but failed to warn physicians and patients. | |

# Barnett v. Merck

## Plaintiff's Responses to Merck's Objections to Plaintiff's FINAL Pre-admission Exhibit List

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1.0119 | MRK-ABC0034124 | MRK-ABC0034124 | 12/3/2001 | Email from Douglas Greene to Alan Nies Re: Bioterrorism | 801,802. Contains hearsay statements from third parties. Also 403 | Document not hearsay but admissible under R.801(d)(2)(A). Also, in document is admissible under R. 803(6) hearsay exception. Email exchange between Alan Nies and Douglas Greene, both Merck employees. Document kept in regular course of business. Relevant but not unfairly prejudicial. | |
| 1.0157 | MRK-ABI0005079 | MRK-ABI0005081 | 2/25/1999 | Gilmartin Dinner Speech Talking Points | 401, 402, 403. Statements regarding marketing are irrelevant, and prejudicial. | Relevant to show that Merck had drugs going off patent in 2000 and 2001 and needed Vioxx to be a success in order for Merck to maintain its position as the largest drug company in the world. | |
| 1.0160 | MRK-ABI0007170 | MRKABI0007 173 | 1/23/2001 | Memo from Sherwood to Anstice Re: Academic Interactions | 401, 402, 403, 801, 802. Irrelevant and prejudicial since it relates to doctors that have nothing to do with Mr. Barnett or his doctors. Also contains hearsay from non-Merck personnel. | Relevant to show that Merck participated in an organized and orchestrated campaign to silence those in the academic community that raised safety concerns regarding Vioxx. Directly relevant to Plaintiff's failure to warn claim. Document not hearsay in accordance with R.801(d)(2)(A). In alternative, memorandum from Dr. Lou Sherwood to David Anstice, kept in the regular course of business, and is business record. R.803(6). | |
| 1.0164 | MRK-ABI0007205 | MRK-ABI0007211 | 2/9/2001 | Memo from Richard Parfrey to Susan Baumgartner Re: Competitive feedback for vioxx | 401, 402, 403, 801, 802. Irrelevant and prejudicial since it relates to doctors that have nothing to do with Mr. Barnett or his doctors. Also contains hearsay from non-Merck personnel. | Relevant to show that Merck participated in an organized and orchestrated campaign to silence those in the academic community that raised safety concerns regarding Vioxx. Directly relevant to Plaintiff's failure to warn claim. Not hearsay in accordance with R.801(d)(2)(A). Also, in alternative, memorandum created by and sent to Merck employees. Kept in regular course of business. | |

## Barnett v. Merck

## Plaintiff's Responses to Merck's Objections to Plaintiff's FINAL Pre-admission Exhibit List

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1.0167 | MRK-ABK0311068 | MRK-ABK0311068 | 9/29/1998 | Nies Handwritten Memo Re: Carlo Patrono | 801, 802, 403. Hearsay statements from non-Merck witnesses. Also unfairly prejudicial. | Written memorandum from Alan Nies to Merck employees. Kept in regular course of business. Admissible under 803(6) hearsay exception. Relevant to show that Merck had not intention of testing Vioxx in patient populations similar to those the drug was being marketed to. | |
| 1.0240 | MRK-ABX0050244 | MRK-ABX0050253 | | Pharmaceutical Research and Manufacturers of America's Code on Interactions with Healthcare Professionals | 401, 402, 403. Irrelevant and unfairly prejudicial. | Relevant to Plaintiff's failure to warn claim. Outlines industry practices in regard to marketing. | |
| 1.0372 | MRK-AEF0000025 | MRK-AEF0000026 | 1/28/2002 | Email from Kathleen Metters to Peter Kim, et al. Re: Article on relationship bet cox2 expression and pgi2 synthesis | Incomplete 801, 802. Incomplete because does not include attachment. Contains hearsay. | Email relevant to Merck's notice and knowledge of potential adverse CV events as of January 2002, some 7 months prior to Plaintiff's heart attack. Email is a business record that falls within the 803(6) hearsay exception. | |
| 1.0412 | MRK-AFI0048262 | MRK-AFI0048263 | 6/6/2000 | Email from Daniel L. Hall - To Susan L Baumgartner Re: Gurkipal Singh | 401, 402, 403, 801, 802. Dr. Singh has nothing to do with Mr. Barnett or any of his doctors, and this email is therefore irrelevant and prejudicial. Also contains hearsay from non-Merck employees. | Relevant to show that Merck participated in an organized and orchestrated campaign to silence those in the academic community, including Dr. Singh, that raised safety concerns regarding Vioxx. Directly relevant to Plaintiff's failure to warn claim. Email to Susan Baumgartner from a Merck employee. Kept in regular course of business. Falls within 803(6) hearsay exception. | |

Case 2:05-md-01657-EEF-DEK Document 5730-1 Filed 07/07/06 Page 4 of 29

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1.0420 | MRK-AFI0201399 | MRK-AFI0201399 | 4/29/1999 | Email from Susan Baumgartner to Leonardo Mendez Re: Physicians to neutralize | 401, 402, 403. Irrelevant and prejudicial since none of Mr. Barnett's doctors are included on this list. | Relevant to show that Merck participated in an organized and orchestrated campaign to silence those in the academic community, including Dr. Singh, that raised safety concerns regarding Vioxx. Directly relevant to Plaintiff's failure to warn claim. Email from Susan Baumgartner to a Merck employee. Kept in regular course of business. Falls within 803(6) hearsay exception. | |
| 1.0473 | MRK-NJ0017825 | MRK-NJ0017853 | 2/17/1998 | Letter from Catella-Lawson and Garret FitzGerald to Briggs Morrison Re: MK 966 in the elderly | 801, 802. Hearsay - out of court statement from non-Merck employee. | Document not offered for the truth of the matters asserted but to show notice to Merck of safety concerns and state of mind. | |
| 1.0477 | MRK-NJ0051533 | MRK-NJ051534 | 10/24/1997 | Email from Alan Nies to Barry Gertz and Briggs Morrison; Subject: FW: cox2 | 801, 802. Hearsay - out of court statement from non-Merck employee. | Document not offered for the truth of the matters asserted but to show notice to Merck of clinical trials that should have been performed to test the safety of Vioxx but were not undertaken so that physicians and patients could be warned of the dangers associated with the drug. | |
| 1.0482 | MRK-NJ0087216 | MRK-NJ0087296 | 9/10/1999 | VIGOR Data Analysis Plan | None | | |
| 1.0489 | MRK-NJ0120246 | MRK-NJ0120248 | 1/17/2000 | Changes to the VIGOR Data Analysis Plan 12-1-99 | None | | |
| 1.0510 | MRK-NJ0155912 | MRK-NJ0155916 | 8/13/1999 | Letter from John Oates to Edward Scolnick Re: Thrombotic Complications Occurring in Patients with Antiphospholipid Syndrome | 801, 802. Article attached to the document is hearsay. | Document not offered for the truth of the matters asserted but to show Merck's state of mind and that Dr. Oates clearly put Merck on notice of adverse thrombotic events associated with the use of in August 1999. | |
| 1.0535 | MRK-NJ0284590 | MRK-NJ0284590 | 3/24/2000 | Email from Alan S. Nies to Barry K. Gertz, et al. Re: NSAIDs and Naproxen in the mad post-VIGOR search for an explanation. Fitzgerald has looked and finds "INSIGNIFICANT" effects. | 801, 802. The email from Fitzgerald is hearsay. | | |

# Barnett v. Merck
## Plaintiff's Responses to Merck's Objections to Plaintiff's FINAL Pre-admission Exhibit List

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| .0971 | MRK-AAR0011527 | MRK-AAR0011549 | | Obstacle Response Guide | 401, 402, 403. Irrelevant and prejudicial, has no relation to this case. | Directly relevant to Plaintiff's failure to warn claim. Document proves that Merck trained its sales representatives to treat legitimate safety questions from physicians as obstacles and how to avoid responding truthfully and fully to those questions. | |
| .1021 | MRK-NJ0281185 | MRK-NJ0281208 | 2/28/1998 | MRL Epidemiology Department Technical Report No. EP07006.005.98 | None | | |
| .1036 | MRK-ACI0012836 | MRK-ACI0012840 | | Bulletin for Vioxx: FDA AAC Meeting for Vioxx | 401, 402, 403. Irrelevant and prejudicial. | Directly relevant to Plaintiff's failure to warn claim. Document proves that Merck directed its sales representatives to treat legitimate safety questions raised regarding the VIGOR study as obstacles and how to avoid responding truthfully and fully to those questions. | |
| .1328 | MRK-NJ0092058 | MRK-NJ0092133 | | Excerpt from "Drug Regulations: The Essentials, Medical Background" | No objection to its use with Blake. | | |
| .1344 | 2000 NEMJ 000001 | 2000 NEMJ 000001-2;5;7;16 | 5/18/2000 | Letter from Claire Bombardier to Robert Utiger Re: Manuscript Entitled "Comparison of Rofecoxib, a Highly Selective-Inhibitor of COX-2, and Naproxen (a Dual COX-1/COX-2 Inhibitor) on the Incidence of Clinically Important Upper Gastrointestinal Events: the | None | | |
| 1346 | 2000 NEMJ 000040 | 2000 NEMJ 000043 | 8/20/2000 | Letter from Claire Bombardier to Robert Steinbrook Re: Manuscript Entitled "Comparison of Rofecoxib, a Highly Selective-Inhibitor of COX-2, and Naproxen (a Dual COX-1/COX-2 Inhibitor) on the Incidence of Clinically Important Upper Gastrointestinal Events: | 401, 402, 403, 801, 802. | Relevant to Plaintiff's failure to warn claim. Letter is evidence that Merck employees and consultants committed scientific misconduct by failing to disclose heart attacks among those taking Vioxx in the VIGOR. These undisclosed MIs were known to Dr. Bombardier and Dr. Reicin on the date of this letter, August 24, 2000, but were not disclosed. | |

# Barnett v. Merck

## Plaintiff's Responses to Merck's Objections to Plaintiff's FINAL Pre-admission Exhibit List

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1.1347 | 2000 NEMJ 000235 | 2000 NEMJ 000262 | 5/1/2000 | Draft of article entitled "Comparison of Rofecoxib, a Highly Selective-Inhibitor of COX-2, and Naproxen (a Dual COX-1/COX-2 Inhibitor) on the Incidence of Clinically Important Upper Gastrointestinal Events: the VIGOR Trial" | None | | |
| 1.1348 | | | | Screen Print of a document entitled "NEJM-VIGOR-final.doc" | Document is incomplete. | Document is not incomplete but is intended to show the deleted MIs from the manuscript of the VIGOR articles. The print screen mechanism is necessary to reveal the data that was present while the manuscript was being drafted but deleted. | |
| 1.1349 | MRK-AAB0109378 | MRK-AAB0109411 | | Comparison of the Effects of Rofecoxib, a Highly Selective-Inhibitor of COX-2. and Naproxen (a dual COX-1/COX-2 inhibitor) on the Incidence of Clinically Important Upper Gastrointestinal Events: Results from the VIGOR Trial, et al. (DRAFT)" | None, provided it is used with a witness where there is proper foundation. | | |
| 1.1351 | 2000 NEMJ 000028 | 2000 NEMJ 000038 | 7/17/2000 | Letter from Claire Bombardier to Marshall Kaplan, Associate Editor of NEJM, responding to his June 30th letter." | None | | |
| 1.1355 | 2000 NEMJ 000056 | 2000 NEMJ 000056 | 9/13/2000 | Letter from Pat Lamy, Director of Editorial Support Services, to Claire Bombardier Re: the publication date of her manuscript" | 801, 802. | Document not offered for the truth of the matters asserted in regard to galleys, etc. Rather, document offered to show that on September 13, 2000, the VIGOR article was not yet finalized and that its authors, Dr. Reicin in particular, had opportunity to include the MIs omitted from the manuscript but failed to do so. | |
| 1.1356 | 2000 NEMJ 000057 | 2000 NEMJ 000057 | 10/17/2000 | Fax from Alise Reicin to Sandra McLain of NEJM Re: Additional Agreed Upon Text and Reference for MS 00-1401 | None | | |

**Barnett v. Merck**

**Plaintiff's Responses to Merck's Objections to Plaintiff's FINAL Pre-admission Exhibit List**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1.1357 | 2005 NEMJ 000286 | 2005 NEMJ 000318 | 2/6/2005 | Email from John Baron to Jeff Drazen Re: Approve cardiovascular | 401, 402, 403, 801, 802. Irrelevant, prejudicial and contains hearsay. | Publication of APPROVe is relevant to Plaintiff's failure to warn claim. Email and manuscript not offered for truth of the scientific matters asserted but to show the state of the manuscript when submitted. | |
| 1.1358 | 2005 NEMJ 000013 | 2005 NEMJ 000014; 270-285; 8 | 2/9/2005 | Letter from Gregory Curfman to John Baron Re: his manuscript entitled "Cardiovascular Events Associated with Rofecoxib in a 3-Year Randomized Colorectal Adenoma Chemoprevention Trial" | 401, 402, 403, 801, 802. Irrelevant, prejudicial and contains hearsay. | Publication of APPROVe is relevant to Plaintiff's failure to warn claim. Document shows that original manuscript in which Merck authors and consultants attempted to minimize safety risks associated with Vioxx was rejected. | |
| 1.1362 | MRK-AFV0399495 | MRK-AFV0399495 | 2/9/2005 | Email from Ned Braunstein to Janet Van Adelsberg Re: NEJM letter on APPROVe study | 401, 402, 403, 602. No foundation to use with Curfman. Also irrelevant and prejudicial. | Publication of APPROVe is relevant to Plaintiff's failure to warn claim. Email from Merck employee shows Merck's knowledge that manuscript omitted critical safety data and the need to suppress this information at an upcoming academic meeting. | |
| 1.1363 | MRK-AHD0075789 | MRK-AHD0075794 | | Investigator - Reported Cardiovascular Events | Incomplete document. | Document is complete Exhibit # 36 from Dr. Curfman's deposition. | |
| 1.1369 | | | 11/18/2005 | Memo from Tom Easley to Gregory Curfman Re: Bombardier, et al. Comparison of Upper Gastrointestinal Toxicity of Rofecoxib and Naproxen in Patients with Rheumatoid Arthritis" | 401, 402, 801, 802. Irrelevant, prejudicial and contains hearsay. | Document relevant to show that Merck used reprints of the VIGOR article as a marketing tool, distributing it to physicians while knowing its conclusions were inaccurate and misleading. Relevant to Plaintiff's failure to warn claim. | |
| 1.1384 | NEJM 000011 | NEJM 000014 | 12/12/2005 | Email from Stephen Morrisey to Claire Bombardier Re: NEJM Expression of Concern | No objection if this is only used during the Curfman deposition testimony. Otherwise objection based on 401, 402, 403, 801, 802. | Document not offered for the truth of the matter but notice that NEJM believed that Dr. Reicin and Merck consultant authors intentionally misrepresented the CV risks associated with Vioxx in the VIGOR study. | |

Case 2:05-md-01657-EEF-DEK Document 5730-1 Filed 07/07/06 Page 8 of 29

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1393 | NEJM 001013 | NEJM 001013 | 12/10/2005 | Email from Stephen Morrissey to Jeff Drazen, et al. Re: Clinical Trials" | 401, 402, 403, 801, 802. Irrelevant, prejudicial and contains hearsay from non-Merck employees. | Document not offered for the truth of the matter but notice that NEJM believed that Dr. Reicin and Merck consultant authors intentionally misrepresented the CV risks associated with Vioxx in the VIGOR study. | |
| 1394 | MRK-NJ0071309 | MRK-NJ0071309 | 1/24/2000 | Email from Deborah Shapiro to David Bjorkman, et al. Re: Merck Management Requests to VIGOR DSMB" | 401, 402, 403, 602, 801, 802. No foundation for using this with a witness (like Dr. Curfman) who never saw it before. Also contains hearsay from non-Merck personnel. | Document not hearsay. See R.801(d)(2)(A). In alternative, document is a letter from a Merck employee, Deborah Shapiro, which is retained in the regular course of business. As such, the document fits within the 803(6) hearsay except. Relevant to Plaintiff's defect claim as document indicates that Merck attempted to delay the process of adverse CV events being unajudicated. | |
| 1397 | MRK-AJA0119085 | MRK-AJA0119087 | 5/26/2000 | Email from Linda Nelsen to Alise Reicin Re: Adjudication results for 11 events after 2/10/00 | 602. Foundation objection if used with a witness (like Curfman) who has never see this before. | Objection is not appropriate at this time, but rather should be made at trial. | |
| 1398 | NEJM 000280 | NEJM 000280 | 1/3/2006 | Email from Gregory Curfman to Karen Pedersen, et al. Re: Washingtom Post Editorial | 401, 402, 403, 801, 802. Irrelevant and unfairly prejudicial - email contains speculation from Curfman about what Merck wanted and what Merck did. Also contains hearsay. | Document relevant to show that Merck used reprints of the VIGOR article as a marketing tool, distributing the article to physicians while knowing its conclusions were inaccurate and misleading. Relevant to Plaintiff's failure to warn claim. Not offered for truth but for Dr. Curfman's state of mind. | |
| 1442 | TOPEL 0000001 | TOPEL 0000127 | | Curriculum Vitae of Eric Jeffrey Topol, M.D." | 401, 402, 403, 801, 802. Topol's CV is irrelevant, prejudicial, and hearsay - it is not admissible. | Merck has attacked Dr. Topol's credibility. His CV is relevant to show the jury Dr. Topol's qualifications and lay foundation for his testimony. | |
| 1443 | TOPEL 0000450 | TOPEL 0000450 | 11/24/2004 | Email from David Graham to Eric Topol Re: Graham's Senate Hearing Testimony | 401, 402, 403, 701, 801, 802. This email is irrelevant to this case, and unfairly prejudicial. It also reflects improper opinion testimony, and contains hearsay. | Email is subject to Merck's motion in limine # 6. Plaintiff re-asserts his response in opposition to the motion. | |

**Barnett v. Merck**

**Plaintiff's Responses to Merck's Objections to Plaintiff's FINAL Pre-admission Exhibit List**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1.1444 | MRK-ABA0009274 | MRK-ABA0009274 | 4/20/2001 | Email from Laura Demopoulos to Peter M. DiBattiste Re: Followup to Meeting with Eric Topol | None | | |
| 1.1446 | MRK-ABA0009661 | MRK-ABA0009693 | 6/12/2001 | Email from Alan Nies to Laura Demopoulos, et al. Re: Topol Manuscript" | 801, 802. Hearsay and learned treatises are not admissible. Also 602 for the email on the first page since Topol has never seen it before. | Email is an admission under R.801(d)(2)(A). Document relevant to show that Merck attempted to change Dr. Topol's manuscript to minimize the safety concerns expressed in the paper. | |
| 1.1447 | TOPEL 0000458 | TOPEL 0000458 | 11/15/2004 | Email from David Graham to Eric Topol Re: 60 Minutes | 401, 402, 403, 801, 802. Irrelevant and prejudicial statements. Also the email is hearsay, and the contains hearsay. | Email is subject to Merck's motion in limine # 6. Plaintiff re-asserts his response in opposition to the motion. | |
| 1.1468 | | | | Dr. Topol's Analysis of CV Events in Study 090 | None | | |
| 1.1484 | MRK-AFI0071884 | MRK-AFI0071884 | 8/16/2001 | Email from Susan Baumgartner to Tracy Mills Re: JAMA Review | None | | |
| 1.1486 | MRK-AFI0047953 | MRK-AFI0047953 | 5/24/2000 | Email from Gregory Bell to Sandra Reiss, et al, Re: Belgium and Dr. Sigh's Position on VIGOR" | 401, 402, 403, 801, 802. The email contains hearsay from non-Merck personnel. Also irrelevant and prejudicial since Dr. Singh has nothing to do with this case | Admission under R. 801(d)(2)(A). Also, email was written by a Merck employee to Merck employees, is kept in the regular course of business, and is admissible under R. 803(6). Relevant to show Merck's pattern and practice of identifying thought leaders who spoke negatively about Vioxx for the purpose of "neutralizing" them. | Admissible |
| 1.1488 | | | | The Merck Code of Conduct, http://www.merck.com/about/conduct_print.html" | 401, 402. | Relevant to show the standard of ethical behavior that Merck conveyed to the world when in fact Merck engaged in unethical conduct by selling a defective drug and by failing to warn physicians and patients of the risks associated with Vioxx. | |
| 1.1530 | MRK-ADW0024602 | MRK-ADW0024605 | 11/1/2001 | Email from Jim Dunn to Linda Coppola Re: New crop of arthritis drugs under safety cloud | 801, 802, 803 as hearsay news article included in email. | Admission under R.801(d)(2)(A). In the alternative, email is a business record in accordance with R. 803(6). | |

**Barnett v. Merck**

**Plaintiff's Responses to Merck's Objections to Plaintiff's FINAL Pre-admission Exhibit List**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1.1534 | MRK-ABK0043450 | MRK-ABK0043489 | 10/15/2001 | Operations Review A&A Franchise Slides | 401, 402, 403. Prejudicial and irrelevant, especially in compensatory phase. | Document relevant to prove Plaintiff's failure to warn claim, particularly p.21 and 22. Further evidence of Merck's strategy to train sales representatives to dodge legitimate safety questions rather than providing safety information to doctors. | Admissible |
| 1.1555 | MRK-ADK0004325 | MRK-ADK0004436 | | Handwritten notes of Jo Jerman | None | | |
| 1.1556 | MRK-ADK0001667 | MRK-ADK0001667 | 5/10/2001 | Email from Thomas Cannell to Mary Tilger, et al. Re: GI Risks Slim Jim" | None | | |
| 1.1570 | MRK-ADW0057100 | MRK-ADW0057101 | 9/28/2001 | Email from Dunn to Shaffer re: project offense; media reports, Vioxx being pulled off market; vioxx extremely important to Merck." | None | | Admissible |
| 1.1577 | MRK-ADG0002386 | MRK-ADG0002386 | 8/23/2001 | Email from Robinson to Dunn, Lindstrom, Cannell, Krabe, Herrera, Randall re: WE RBG CFT Feedback/Needs on JAMA Article; has raised CV warning issue for Vioxx, Managed Heath Care is concerned, Kaiser is recommending doctors don't use vioxx until safety is | 401, 402, 403, 801, 802. Irrelevant and prejudicial sinc ehas nothing to do with Mr. Barnett or his doctors. Also contains hearsay. | Admission under R.801(d)(2)(A). In alternative, email falls within R. 803(6) business records exception to hearsay rule -- email written by Merck employee to Merck employees, kept in regular course of business. Relevant to Plaintiff's failure to warn claim. Shows that in August 2001, prior to Mr. Barnett's heart attack, Merck had safety data that had not been disclosed to physicians and patients. | Reserved Ruling |
| 1.1615 | MRK-ACO0075897 | MRK-ACO0075897 | 8/4/2003 | Email from Alise Reicin to Thomas Bold et al., Re: MI Risk-short term use of rofecoxib" | 401, 402, 403. Irrelevant to this case, and unfairly prejudicial. | All documents, such as this one, evidencing adverse CV events occurring in patients taking Vioxx are relevant to Plaintiff's claim that Vioxx is unreasonably dangerous and a contributing cause of his heart attack. | Admissible |
| 1.1647 | MRK-18940096438 | MRK-18940096445 | | Protocol 145 (VICTOR) Memo | None | | Admissible |

# Barnett v. Merck
## Plaintiff's Responses to Merck's Objections to Plaintiff's FINAL Pre-admission Exhibit List

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1.1676 | | | | Screen Print of Page 16 of Manuscript with Notes of Deleted Items (Curfman Deposition Exhibit #15) | incomplete document, also on foundation. | Document is not incomplete but is intended to show the deleted Mis from the manuscript of the VIGOR articles. The print screen mechanism is necessary to reveal the data that was present while the manuscript was being drafted but deleted. | |
| 1.1681 | | | 8/30/2000 | Letter from Dr. Claire Bombardier to Dr. Robert Steinbrook Regarding Additional Changes to Manuscript (Curfman Deposition Exhibit #21) | 801, 802. | Document not offered for the truth of the matters asserted in the letter. Rather, document offered to show that on August 30, 2000, the VIGOR article was not yet finalized and that its authors, Dr. Reicin in particular, had opportunity to include the MIs known at that time (at least as of May 21, 2001), omitted from the manuscript but failed to do so. | |
| 1.1686 | | | | Page C-27, Figure C-2 of Comparison of Rofecoxib , A Highly Selective-Inhibitor of Cox-2, and Naproxen (a Dual COX-1/COX-2 Inhibitor) on the Incidence of Clinically Important Upper Gastrointestinal Events: The VIGOR Trial" (Curfman Deposition Exhibit #27) | 602, 801, 802. No foundation, hearsay. | Exhibit is taken from a Merck internal analysis of VIGOR data. As such, it is an admission under R.801(d)(2)(A). In the alternative, document was maintained in regular course of Merck's business and as such falls within R.803(6) hearsay exception. | |
| 1.1689 | | | | Manuscript of "Cardiovascular Events Associated with Rofecoxib in a Three-Year Randomized Colorectal Adenoma Chemoprevention Trial" with Notes of Deleted Notes and Edits (Curfman Deposition Exhibit #30) | 401, 402, 403, 801, 802. Irrelevant, prejudicial and contains hearsay. | Document is relevant to Plaintiff's failure to warn and defect claims and shows the deleted Mis from the manuscript of the VIGOR articles. The print screen mechanism is necessary to reveal the data that was present while the manuscript was being drafted but deleted. Manuscript not offered for truth asserted generally but to show that Merck was aware of safety data but failed to disclose the data to the medical and scientific communities. | |

# Barnett v. Merck
## Plaintiff's Responses to Merck's Objections to Plaintiff's FINAL Pre-admission Exhibit List

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1.1691 | MRK-AFV03994 | MRK-AFV039 | 2/9/2005 | Email from Hui Quan to Christopher Lines, et al. Re: APPROVe-Urgent (Curfman Deposition Exhibit #34) | 401, 402, 403, 602, 801, 802. No foundation to use with Curfman. Also contains hearsay, and is irrelevant and prejudicial. | Email is an admission in accordance with R.801(d)(2)(A). Email was written by a Merck employee to Merck employees, is kept in the regular course of business, and is admissible under R. 803(6). Relevant to Plaintiff's failure to warn claim. Shows Merck's knowledge regarding CV dangers associated with Vioxx. | |
| 1.1697 | | | | Email from Alise Reicin to Laura Demopoulos re: JAMA Manuscript with Manuscript attached | 602 - Topol never saw the cover email before. Also 801, 802 - hearsay and learned treatises are no admissible. | Manuscript not offered for truth of matters asserted but to show that Merck employees, such as Dr. Reicin, manipulated Dr. Topol's manuscript for the purpose of "neutralizing the negative aspects of the article" or in other words, to minimize the CV safety concerns associated with Vioxx. | |
| 1.1703 | TOPOLE0000469 | TOPOLE0000469 | | Topol Handwritten Notes - Knowledge, what/when (Topol Deposition Exhibit #22)" | 401, 402, 403, 801, 802. Topol's handwritten notes are hearsay. They are also irrelevant and prejudicial, especially since Topol's notes make claims about what Merck knew, ways he believes Merck engaged in deception and suppressed data. | Plaintiff incorporates his response to Defendant's MIL # 5. Clearly relevant to Plaintiff's claim that Merck knew of the CV dangers associated with Vioxx but failed to warn. | |
| 1.1711 | MRK-AF10800014 | MRK-AF10800016 | | Merck Year-End Employee Input Form - Susan Baumgartner 2001 (Ex 1 Baumgartner Deposition 2/25/05) | 401, 402. Baumgartner personnel records are not relevant. | Employment record was kept in the regular course of business and should be admissible R. 803(6). Relevant to show Merck's pattern and practice of identifying thought leaders who spoke negatively about Vioxx for the purpose of "neutralizing" them since Ms. Baumgartner oversaw this program. | |

Case 2:05-md-01657-EEF-DEK Document 5730-1 Filed 07/07/06 Page 13 of 29

## Barnett v. Merck

## Plaintiff's Responses to Merck's Objections to Plaintiff's FINAL Pre-admission Exhibit List

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1.1712 | | | | "Merriam Webster Online" Neutralize (Ex 3 Baumgartner Deposition 2/25/05)" | 801, 802. Learned treatises are not admissible. Also this dictionary definition is irrelevant. | In light of Ms. Baumgartner's testimony regarding her definition of "neutralize", the definition in this accepted dictionary is highly relevant. Plaintiff acknowledges that learned treatises like this are not admissible. | |
| 1.1714 | MRK-AF10043312 | MRK-AF10043313 | 4/19/1999 | Email - To Baumgartner; From Yarbrough; Re: Healthsouth Programs [Ex 14 Baumgartner Deposition 2/25/05) | 401, 402, 403. Information about partnership with Health South is totally irrelevant. No evidence that Mr. Barnett ever went to Health South. | Relevant to show that Merck failed to warn by further manipulating thought leaders through exclusive "speaking" contracts which bound the physician to speak in favor of Vioxx. | |
| 1.1717 | MRK-AFI0044563 | MRK-AF10044662 | 7/23/1999 | Email - To Sherrin Johnson; From Baumgartner; cc: Yarbrough; Re: Physicians to Neutralize [Ex 21 Baumgartner Deposition 2/25/05] | 401, 402, 403, 801, 802. These emails realtin to the "neutralize" issue ar irrelevant since they do not relate to Mr. Barnett's doctors, and they are prejudicial and contain hearsay. | Email is an admission under R.801(d)(2)(A). In alternative, email was kept in the regular course of business and should be admissible R. 803(6). Relevant to show Merck's pattern and practice of identifying thought leaders who spoke negatively about Vioxx for the purpose of "neutralizing" them. | |
| 1.1718 | MRK-AFI0044569 | MRK-AFI0044569 | 7/23/1999 | Email- cover to list, To Sherrin Johnson; From Baumgartner; cc: Yarbrough; Re: Physicians to Neutralize (Ex 25 Baumgartner Deposition 2/25/05)" | 401, 402, 403. This email is irrelevant since none of the 36 physicians ever saw Mr. Barnett. Also prejudicial. | Relevant to show Merck's pattern and practice of identifying thought leaders who spoke negatively about Vioxx for the purpose of "neutralizing" them. | |
| 1.1729 | | | 5/4/2004 | Includes Mention of Cannuscio 'Relationship Between Selective Cyclooxygenase-2 Inhibitors and Acute Myocardial Infarction in Older Adults by Daniel Solomon, et al., Circulation, Pg. 2068-2073 [Ex 7 Cannuscio depo 10/08/04]" | 401,402, 801, 802. Hearsay, and learned treatises are not admissible. Also irrelevant | Relevant to Plaintiff's failure to warn claim. Document reveals that that Merck removed it employee from being named as an author of the study because study indicated that Vioxx increased risk of CV adverse events. | |
| 1.1730 | MRK-ACT0003274 | MRK-ACT0003275 | 1/9/2002 | Memo to Cannuscio from Dan Solomon Re: Cox-2 and MI Project Proposed Milestones [Ex9 Cannuscio Deposition 10/08/04] | 401, 402, 403. Irrelevant and prejudicial | Document evidences Dr. Cannuscio's significant involvement in the execution of study in which her name was removed as an author. | |

# Barnett v. Merck

## Plaintiff's Responses to Merck's Objections to Plaintiff's FINAL Pre-admission Exhibit List

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1.1735 | MRK-ACW0800000 | MRK-ACW0800030 | | Merck Performance Review Form, Mary Elizabeth Basaman, (Blake) [Ex 2 Blake Deposition 11/29/05]" | 401, 402, 403. Irrelevant and prejudicial | Document relevant to prove that Ms. Blake was responsible for the video news releases that materially misrepresented the safety profile of Vioxx. | |
| 1.1889 | | | | Raw footage of the filming of Video News Releases (multiple DVDs) | 401, 402, 403, 801, 802. Irrelevant, prejudicial and contain hearsay. Also Merck has not | Statements are admissions and admissible under R. 801(d)(2)(A). Relevant to Merck's knowledge that Vioxx was prothrombotic and to Merck's knowledge that the gastropathy deaths and hospitalization numbers put forth in public statements by Merck were known to be incorrect. | Reserved Ruling |
| 1.1890 | MRK-AHD0000817 | MRK-AHD0000841 | 12/19/2004 | Email from Robert Bresalier to Christopher Lines re: APPROVe cardiovascular with attached draft of "Cardiovascular Events Associated with Rofecoxib in a 3-year Randomized Colorectal Adenoma Chemoprevention Trial" | 401, 402, 403, 801, 802. Hearsay - out of court statements by non-Merck personnel. | Relevant to show that safety information was minimized as a part of "damage control" in relation to the publication of the APPROVe study. | |
| 1.1891 | MRK-ABC0024093 | MRK-ABC0024164 | 8/27/1998 | Clinical Study Report for Protocol 061 | None | | |
| 1.1892 | | | | Confidential Memorandum of Invention | Privilege document. If it is "deprivileged', defense counsel will need to review. | | |
| 1.1893 | | | 9/30/2004 | FDA News: "FDA Issues Public Health Advisory on Vioxx as its Manufacturer Voluntarily Withdraws the Product" | 801, 802. FDA press release is hearsay. | Falls within government document hearsay exception -- R.803(8). | |
| 1.1894 | MRK-NJ0017640 | MRK-NJ0017663 | 1/27/1198 | Memo from Briggs Morrison to Beth Seidenberg et al. re: Protocol 023 manuscript | 401, 402, 403, 801, 802. Irrelevant and contains hearsay. | Memo is an admission under R.801(d)(2)(A). Relevant to Plaintiff's defect and failure to warn claims. | |
| 1.1895 | | | | 2005 Award in Excellence of Clinical Pharmacology given to Dr. Alan Nies with his story as seen at www.phrmafoundation.org website | 401, 402, 403, 801, 802. Hearsay, and unclear who actually wrote this piece. Which appears to have been written a few years after Dr. Nies left Merck. Also irrelevant and prejudicial. | Court should reserve ruling until trial to see whether Merck calls Dr. Nies as a live witness. | |

# Barnett v. Merck

## Plaintiff's Responses to Merck's Objections to Plaintiff's FINAL Pre-admission Exhibit List

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1.1896 | | | 11/18/2004 | Summary of Prepared Testimony of Raymond Gilmartin before the United States Committee on Finance | None | | |
| 1.1897 | 2005 NEJM 000001 | 2005 NEJM 000285 | | NEJM File for Robert Bresalier Article | 401, 402, 801, 802. Contains hearsay and is irrelevant. | | |
| 1.1898 | MRK-NJ0450908 | MRK-NJ0450910 | 2/25/2002 | Email string ending from Thomas Simon to Barry Gertz re: CE Event Counts | 401, 402, 403. | Relevant to Plaintiff's failure to warn and defect claims. Document clearly reveals Merck's knowledge in Feb. 2002, prior to Mr. Barnett's heart attack, that Merck had knowledge of the serious CV safety dangers associated with Vioxx. | |
| 1.1899 | MRK-ABK0483578 | MRK-ABK0483588 | 12/13/2001 | University of Pennsylvania General Clinical Research Center Protocol Application to study "the Thrombotic Profiles of Cyclooxygenase Inhibitors Alone and in Combination with Low-Dose Aspirin in Reheumatoid Arthritis (RA)" by Garret Fitzgerald | 401, 402, 403, 801, 802. Hearsay and irrelevant. | Not offered for the truth of matters presented in protocol but to show that protocols had been presented to Merck to study the CV effects of Vioxx. Relevant to Plaintiff's defect claim and negligence claim in regard to the testing and marketing of Vioxx. | |
| 1.1900 | MRK-ABK0483589 | MRK-ABK0483597 | 11/26/2001 | Objectives of the study of "The Thrombotic Profiles of Cyclooxygenase Inhibitors Alone and in Combination with Low-Dose Aspirin in Reheumatoid Arthritis (RA)" | 801, 802. The document is hearsay. | Not offered for the truth of matters presented in protocol but to show that protocols had been presented to Merck to study the CV effects of Vioxx. | |
| 1.1901 | MRK-AFO0023318 | MRK-AFO0023318 | 12/12/1997 | Email from James Bolognese to Elliot Ehrich, et al. re: MK-0966 serious CV AE info | 401, 402. Irrelevant | Document is relevant to Plaintiff's failure to warn claim as it shows that as early as December 1997 Merck was on notice of CV adverse events related to Vioxx use but failed to warn physicians and patients. | |
| 1.1902 | MRK-AFF0000179 | MRK-AFF0000201 | 10/18/2004 | Slide presentation of Preliminary Cardiovascular Safety Data from the APPPROVe Study by Robert Bresalier, et al. | None | | |
| 1.1903 | MRK-NJ0186410 | MRK-NJ0186410 | 10/28/2001 | Email from Ned Braunstein to Alise Reicin re: task list from VP Data Review meeting | None | | |

# Barnett v. Merck

## Plaintiff's Responses to Merck's Objections to Plaintiff's FINAL Pre-admission Exhibit List

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1.1904 | MRK-NJ0337077 | MRK-NJ0337109 | 10/31/2001 | Email from Alise Reicin to Dena Ramey re: task list from VP Data Review meeting with attachment | None | | |
| 1.1905 | | | | Label for flurbiprofen | 401, 402. Irrelevant | Relevant to show an appropriate black box warning for a NSAID. | |
| 1.1906 | | | | 1999 Physicians Desk Reference entry for naproxen | None | | |
| 1.1907 | | | | Memorandum from David Graham to Paul Seligman re: Risk of Acute Myocardial Infarction and Sudden Cardiac Death in Patients Treated with COX-2 Selective and Non-Selective NSAIDs | 401, 402, 403, 801, 802. This is a hearsay document and is not admissible. Also irrelevant and unfairly prejudicial. | Relevant to show FDA's handling of Vioxx and David Graham's efforts to expose the risks associated with Vioxx. Not offered for truth of scientific matters contained in the document but to show FDA's state of mind and intent. | |
| 1.1908 | MRK-AAC0146909 | MRK-AAC0146918 | | Author's Responses to Reviewers Comments of the draft of Manuscript NPP-04-0106, "A Randomized, Double-Blind, Study of Rofecoxib in Patients with Mild Cognitive Impairment | 801, 802 - Contains hearsay. | Not offered for truth of scientific matters contained therein but to show state of mind of authors, one of which was Dr. Reicin. | |
| 1.1909 | MRK-ABW0003613 | MRK-ABW0003614 | 11/14/2001 | Email string from David Anstice to Wendy Dixon re: Dorothy Quantitative Results | 401, 402, 403. Irrelevant and prejudicial. | Relevant to Plaintiff's failure to warn claim. Document reveals that Merck used direct to consumer advertising to overcome serious safety messages being conveyed by 3rd parties in scientific journals. | |
| 1.1910 | MRK-ABW0000166 | | | Project Offense-Revised | 401, 402, 403, 801, 802. The marketing plan is irrelevant and prejudicial. Handwritten comments also state that they are "hearsay" and "heard 3rd hand". | Document is relevant to Plaintiff's failure to warn claim and reveals that Merck designed and created a comprehensive marketing campaign to suppress information regarding the CV dangers associated with Vioxx. | |
| 1.1911 | | | | Analysis of Protocol 203 | 801, 802. Hearsay. | | |
| 1.1912 | | | 2/16/2005 | Transcript of FDA Joint Meeting of The Arthritis Advisory Committee and The Drug Safety and Risk Management Advisory Committee | 401, 402, 403, 801, 802. Transcript is hearsay, and is irrelevant and prejudicial. | Relevant to show that Vioxx significantly increases the risk of a heart attack; all members of FDA Advisory Committee vote that Vioxx significantly increases the risk of heart attack. Admissible under R.803(8) exception. | |

Case 2:05-md-01657-EEF-DEK Document 5730-1 Filed 07/07/06 Page 17 of 29

## Barnett v. Merck
## Plaintiff's Responses to Merck's Objections to Plaintiff's FINAL Pre-admission Exhibit List

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1.1913 | | | 2/16/2005 | Summary of Minutes and Table of Contents from the FDA Joint Meeting of The Arthritis Advisory Committee and The Drug Safety and Risk Management Advisory Committee | 401, 402, 403, 801, 802 - summary of FDA meeting minutes is hearsay, irrelevant and prejudicial. | Relevant to show that Vioxx significantly increases the risk of a heart attack; all members of FDA Advisory Committee vote that Vioxx significantly increases the risk of heart attack. Admissible under R.803(8) exception. | |
| 1.1914 | | | | Preliminary Review of APPROVe Data-Background Package for February, 2005 AC Meeting | 401, 402, 403, 801, 802. This outside analysis of APPROVe is irrelevant, prejudicial and hearsay. | Relevant to Plaintiff's defect claims. Shows that Vioxx causes an increased risk of heart attack. | |
| 1.1915 | | | | APPROVe Data | There is a placeholder in Plaintiff's production that says "APPROVe Data" - when Plaintiff provides this for Defendant, Defendant can decide if it will object. | Exhibit consists of SAS data files produced by Merck to Plaintiff. | |
| 1.1916 | | | 12/18/2004 | Interim Review of NDA 21042/s030 by Lourdes Villalba, MD | 401, 402, 403, 801, 802. This interim review of data is irrelevant, prejudicial and is hearsay. | Relevant to show that Vioxx significantly increases the risk of a heart attack; all members of FDA Advisory Committee vote that Vioxx significantly increases the risk of heart attack. Admissible under R.803(8) exception. | |
| 1.1917 | MRK-AFJ0008920 | MRK-AFJ0008938 | 10/13/2004 | Q&A for Media Briefing | 401, 402, 403. Irrelevant and prejudicial | Merck's statements following the withdrawal of Vioxx are relevant to prove Plaintiff's failure to warn and negligence claims. | |
| 1.1918 | MRK-ABG0004364 | MRK-ABG0004385 | 11/18/2004 | Q&A for Testimony of Ray Gilmartin before Senate Finance Committee | 401, 402, 403. Irrelevant and prejudicial | Merck's statements following the withdrawal of Vioxx are relevant to prove Plaintiff's failure to warn and negligence claims. | |
| 1.1919 | MRK-AFJ0009371 | MRK-AFJ0009371 | | Powerpoint Slide of Effects of NSAIDs on Thromboxane and Prostacyclin (Exhibit 51 Peter Kim deposition) | None | | |
| 1.1920 | MRK-AFJ0001533 | MRK-AFJ0001533 | 10/28/2001 | Email from Deborah Shapiro to Alise Reicin re: VIGOR analysis of death by age group | None | | |
| 1.1937 | | | 11/18/2004 | Video of Dr. Graham's Testimony before Congress RE: Putting Patient Safety First? | 401, 402, 403, 801, 802. Graham testimony in front of Congress in hearsay, prejudicial and irrelevant. | Relevant to prove that Vioxx increases the risk of heart attack. Witness gave testimony under oath, and as a result, is trustworthy and should be admitted. | |

Case 2:05-md-01657-EEF-DEK Document 5730-1 Filed 07/07/06 Page 18 of 29

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **2.0227** | | | 1/6/2000 | NEJM, Information for Authors, Curfman Deposition 11/21/2005 - Exhibit 2 | 401, 402, 403, 801, 802. Hearsay, and learned treatises are not admissible. Also irrelevant and prejudicial. | Plaintiff agrees. | |
| **2.0261** | | | 2/11/2005 | Article - "Marketing of Vioxx: How Merck Played Game of Catch-up" - NYT - Susan Baumgartner (Ex 4 Baumgartner Deposition 2/25/05) | 401, 402, 403, 801, 802. Newspaper article is pure hearsay. Also irrelevant and prejudicial. | Plaintiff agrees. | |
| **Bold 3-11-05 Deposition Exhibit 5** | LAU 0000067 | LAU 0000106 | | WPS&E Standard Operating Procedure, Processing of Adverse Experience Information, Effective Date 4/1/98 | None | | |
| **Bold 7-29-05 Deposition Exhibit 30** | MRK-ACO0064483 | | 1/20/00 | Memo to the File 1-20-00 AE Label Review: Rofecoxib | None | | |
| **Bold '7-29-05 Deposition Exhibit 31** | MRK-ACO0030008 | MRK-ACO0030032 | | WAES Adverse Event Summary Sheets | None | | |
| **Bold '7-29-05 Deposition Exhibit 57** | MRK-ACO0107709 | MRK-ACO0107723 | 12/3/03 | E-mail 12-3-03 with attachment | None | | |
| **Bryan Ex. 1** | | | | Consult | None | | |
| **Bryan Ex. 15** | | | | EKG tests | None | | |
| **Bryan Ex. 17** | | | | Stress test report | None | | |
| **Bryan Ex. 2** | | | | Corotid ultrasound | None | | |
| **Bryan Ex. 3** | | | | Copies of witness' progress reports from Grand Strand chart | None | | |

Case 2:05-md-01657-EEF-DEK Document 5730-1 Filed 07/07/06 Page 19 of 29

# Barnett v. Merck
## Plaintiff's Responses to Merck's Objections to Plaintiff's FINAL Pre-admission Exhibit List

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Bryan Ex. 4 | | | | Operative report | None | | |
| Bryan Ex. 5 | | | | Discharge summary | None | | |
| Bryan Ex. 6 | | | | Progress notes | None | | |
| Bryan Ex. 7 | | | 9/23/02 | Office visit note dated 9/23/02 | None | | |
| Bryan Ex. 8 | | | 10/7/02 | Office visit of 10/7/02 | None | | |
| Bryan Ex. 9 | | | 10/10/02 | Office visit of 10/10/02 | None | | |
| Curfman Ex. No. 8 | | | 1/23/1997 | Uniform Requirements for Manuscripts Submitted to Biomedical Journals | 801, 802, 803. Learned treatises are not admissible. | Plaintiff agrees. | |
| Curfman II Ex. No. 11 | | | | International Committee of Medical Journal Editors - Uniform Requirements for Manuscripts Submitted to Biomedical Journals | 801, 802, 803. Learned treatises are not admissible. | Plaintiff agrees. | |
| Epstein Ex. 10 | MRK-AEH0016466 | MRK-AEH0016469 | 6/16/00 | Memo | None | | |
| Epstein Ex. 11 | | | | E-mail | None | | |
| Epstein Ex. 13 | MRK-NJ267303 | MRK-NJ0267322 | | Cardiovascular Outcomes Study Consultant Meeting | None | | |
| Epstein Ex. 15 | | | | Packet of Documents Produced by Witness in Response to Subpoena | None | | |
| Epstein Ex. 19 | | | | E-mail String | None | | |
| Epstein Ex. 9 | | | | E-mail String | None | | |
| Epstein Ex. 1 | | | | Curriculum Vitae of Stephen Edward Epstein, M.D. | 801, 802, 803 | | |
| Epstein Ex.2 | MRK-AE10002734 | MRK-AE10002746 | May 3-6, 1998 | Scientific Advisers' Meeting | None | | |

Case 2:05-md-01657-EEF-DEK Document 5730-1 Filed 07/07/06 Page 20 of 29

**Plaintiff's Responses to Merck's Objections to Plaintiff's FINAL Pre-admission Exhibit List**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Epstein Ex.3** | MRK-ABA0029203 | | | E-mail String | None | | |
| **Epstein Ex.4** | | | | Basic Science, Effects of MF-Tricyclic, a Selective Cyclooxygenase-2 Inhibitor, on Atherosclerosis Progression and Susceptibility to Cytomegalovirus Replication in Apolipoprotein-E Knockout Mice | Learned treatises are not admissible. | Plaintiff agrees. | |
| **Epstein Ex.5** | MRK-AEH0016614 | MRK-AEH0016619 | | E-mail String | None | | |
| **Epstein Ex.6** | | | | E-mail String | None | | |
| **Graham Ex. No. 1** | | | | Curriculum Vitae for David Graham, M.D., M.P.H. | 401, 402, 403, 801, 802. His CV is irrelevant and not admissible. | Dr. Graham's credentials as outlined in his CV provide background and context for his testimony. | |
| **Graham Ex. No. 2** | | | | Powerpoint slides - Drug Safety in America: A Nation Still at Risk by David J. Graham, MD, MPH | 401, 402, 403, 801, 802. Irrelevant, prejudicial and contains hearsay. In addition, this exhibit was not produced to Merck in timely manner before Graham's deposition, and therefore should be excluded on those grounds as well. | The issue regarding the timeliness of productions is not relevant to these proceedings. Dr. Graham's thoughts as expressed in the slides are relevant to Plaintiff's claims of defect, failure to warn, and negligence. | |
| **Graham Ex. No. 3** | | | | Rofecoxib - Diagnosis & treatment: What went wrong? Can we avoid? | 401, 402, 403, 801, 802. Irrelevant, prejudicial and contains hearsay. In addition, this exhibit was not produced to Merck in timely manner before Graham's deposition, and therefore should be excluded on those grounds as well. | The issue regarding the timeliness of productions is not relevant to these proceedings. Dr. Graham's thoughts as expressed in the slides are relevant to Plaintiff's claims of defect, failure to warn, and negligence. | |
| **Graham Ex. No. 4** | | | 2/5/2005 | Lancet Study - Risk of acute myocardial infarction and sudden cardiac death in patients treated with cyclo-oxygenase 2 selective and non-selective non-steroidal anti-inflammatory drugs: nested case-control study, Vol 365, Pg. 475-481 | 801, 802. Learned treatises are hearsay and not admissible. | Plaintiff agrees. | |
| **Karavan Ex. 10** | | | | Progress Notes | None | | |

# Barnett v. Merck

## Plaintiff's Responses to Merck's Objections to Plaintiff's FINAL Pre-admission Exhibit List

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Karavan Ex. 11 | | | | Progress Notes | None | | |
| Karavan Ex. 12 | | | | Progress Notes | None | | |
| Karavan Ex. 13 | | | | Grand Strand Regional Medical Center Medical Record | None | | |
| Karavan Ex. 14 | | | | Photograph | None | | |
| Karavan Ex. 15 | | | | Photograph | None | | |
| Karavan Ex. 16 | | | | Diagram | None | | |
| Karavan Ex. 19 | | | | Document entitled Programmatic Review | Merck objects to the use of this document with Dr. Mikola or Dr. Karavan. Neither doctor ever saw this document before their deposition, and therefore there is no foundation or personal knowledge. | It is appropriate to use the Scientific Advisors Minutes during cross examination. | |
| Karavan Ex. 29 | | | | Mobic label | No foundation to use this document with Dr. Karavan. Also it is hearsay, 801-802. | Plaintiff may use this exhibit with other witnesses. Label falls under R. 803(8) government document exception. Appropriate cross-examination. | |
| Karavan Ex. 3 | | | | Grand Strand Regional Medical Center medical records | None | | |
| Karavan Ex. 4 | | | | Cardiology/Gastroenterology Associates medical record | None | | |
| Karavan Ex. 5 | | | | Grand Strand Regional Medical Center medical records | None | | |
| Karavan Ex. 6 | | | | Grand Strand Regional Medical Center medical records | None | | |
| Karavan Ex. 7 | | | | Grand Strand Regional Medical Center medical records | None | | |
| Karavan Ex. 9 | | | | Physician's Orders | None | | |

# Barnett v. Merck

## Plaintiff's Responses to Merck's Objections to Plaintiff's FINAL Pre-admission Exhibit List

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Krahe Ex. No. 11 | MRK-CAAD0013902 | MRK-CAAD0013919 | 7/19/2001 | National Cross-Functional Team Meeting for Vioxx Summary | 401, 402, 403. | Documents outlining Merck's marketing methods for handling "obstacles" such as CV safety, including hypertension, are relevant to Plaintiff's failure to warn claim. Document is not unfairly prejudicial. | |
| Krahe Ex. No. 23 | | | | Merriam Webster Online Dictionary entry for "obstacle" | 401, 402, 403, 801, 802. This is hearsay, and learned treatises are not admissible. Also, the dictionary definition of obstacle is irrelevant and prejudicial. | In light of Ms. Krahe's testimony regarding her definition of "obstacle," the definition in this accepted dictionary is highly relevant. Plaintiff acknowledges that learned treatises like this are not admissible. | |
| Krahe Ex. No. 24 | MRK-ABW0000243 | MRK-ABW0000248 | | CV card entitled, "Cardiovascular System Clinical Profile in Osteoarthritis Studies" | None | | |
| Krahe Ex. No. 30 | | | | "Expression of Concern" article re VIGOR. [N Eng J Med 2005; 353: 2813 14] | 801, 802, 803, 401, 402, 403., if learned treatise inadmissible. | Plaintiff acknowledges that this document is a learned treatise. It's relevance to this litigation has already been established. | |
| Krahe Ex. No. 7 | MRK-ADN0111549 | MRK-ADN0111600 | 6/25/1905 | Presentation "Project Power Play" slides | 401, 402, 403. | Document is relevant to Plaintiff's failure to warn claim as it outlines relevant to the effectiveness of Merck's marketing in terms of conveying specific "messages" to physicians. | |
| Krahe Ex. No. 8 | MRK-ADN0157964 | MRK-ADN0157964 | 4/24/2003 | Email from Tyrus Barker to Marilyn Krahe et al. Subject: Project Powerplay Program for Vioxx - Daily Counts: 5700 received in the first week! | 401, 402, 403. | Relevant to Plaintiff's failure to warn claim. Evidence of Merck's effectiveness in using marketing to overcome safety "obstacles." | |
| Krahe Ex. No. 9 | MRK-ADN0124683 | MRK-ADN0124692 | 4/1/2003 | Presentation "National Cross-Functional Team Meeting for Vioxx April 1, 2003, Dallas, Texas | 401, 402, 403. | Relevant to Plaintiff's failure to warn claim. Outlines in detail Merck's integrated marketing plan for Vioxx. | |
| McCaffrey Ex. 1 | | | | Strand Regional Specialty medical record | None | | |

**Barnett v. Merck**

**Plaintiff's Responses to Merck's Objections to Plaintiff's FINAL Pre-admission Exhibit List**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| McCaffrey Ex. [illegible]0 | | | 9/4/01 | Email dated 9/4/01, with attachments | 401, 402, 403, 602, 801, 802. This is a document that lists thousands of doctors and amounts of money they were paid by Merck. The information relating to doctors that have no relation to Mr. Barnett or his doctors is irrelevant to this case, and unfairly prejudicial. Additionally, Dr. McCaffrey had never seen this document before and there was no foundation. The document also contains, hearsay. At most, all information about other doctors not involved in this case should be redacted before this document should be shown in court. | Evidence of amounts paid by Merck to Dr. McCaffrey are relevant to show bias. Document is not hearsay but admission. R.801(d)(2)(A). | |
| McCaffrey Ex. [illegible]2 | | | | Program Date Listing | 602 - There is no foundation because Dr. McCaffrey had never seen this before. Also irrelevant because there is no evidence that any of this had anything to do with Vioxx (related to other Merck medicines). | Evidence of Merck programs that Dr. McCaffrey participated in are relevant to show Merck's influence over this physician and his bias. Appropriate cross-examination. | |
| McCaffrey Ex. [illegible]3 | | | | Document entitled pgm_affil | 602 - There is no foundation because Dr. McCaffrey had never seen this before. Also irrelevant because there is no evidence that any of this had anything to do with Vioxx -- simply related to lectures Dr. McCaffrey attended. Also irrelevant and unfairly prejudicial because other doctors ar mentioned--all of that information should be removed before this document is shown in court. | Evidence of Merck programs during which Dr. McCaffrey was the featured speaker are relevant to show his connections to Merck as "thought leader" and his bias. Appropriate cross-examination. | |

Case 2:05-md-01657-EEF-DEK Document 5730-1 Filed 07/07/06 Page 24 of 29

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| McCaffrey Ex. 14 | | | | Document entitled pgm_expns | 602 - There is no foundation because Dr. McCaffrey had never seen this before. Also irrelevant because there is no evidence that any of this had anything to do with Vioxx -- simply related to lectures Dr. McCaffrey attended. Also irrelevant and unfairly prejudicial because other doctors ar mentioned--all of that information should be removed before this document is shown in court. | | |
| McCaffrey Ex. 15 | | | | Listing | 602 - There is no foundation because Dr. McCaffrey had never seen this before. Also irrelevant because there is no evidence that any of this had anything to do with Vioxx (related to other Merck medicines). | | |
| McCaffrey Ex. 16 | | | | Document entitled Call Notes | 602--There is no foundation because Dr. McCaffrey had never seen this before. Also irrelevant and unfairly prejudicial because other doctors and call notes relating to them are mentioned-- all of that information should be removed before this document is shown in court. Should also remove the "Case Name" and "Legal" field from the document. | Call notes related to visits Merck sales representatives made to Dr. McCaffrey are directly relevant to Plaintiff's failure to warn claim as they show the information conveyed to Dr. McCaffrey. Appropriate cross-examination. | |
| McCaffrey Ex. 17 | | | | Listing | 602-no foundation because witness had never seen the document before. | Dr. McCaffrey understood the data that had been produced related to Merck representative's visits to him. Appropriate cross-examination. | |
| McCaffrey Ex. 2 | | | | Strand Regional Specialty medical record | None | | |
| McCaffrey Ex. 20 | | | | Merck Important Prescribing Information | None | | |

## Barnett v. Merck

## Plaintiff's Responses to Merck's Objections to Plaintiff's FINAL Pre-admission Exhibit List

| | | | | | | |
|---|---|---|---|---|---|---|
| McCaffrey Ex. 11 | | | Document entitled Office Visits | None | | |
| McCaffrey Ex. 3 | | | Strand Regional Specialty medical record | None | | |
| McCaffrey Ex. 8 | | | EasyRxform, with Attachments | None | | |
| McCaffrey Ex. 9 | | 8/3/00 | Email dated 8/3/00 to Michael A. Buttala from Jill I. Wargo, with attachments | 401, 402, 403, 602, 801, 802. This is a document that lists thousands of doctors and amounts of money they were paid by Merck. The information relating to doctors that have no relation to Mr. Barnett or his doctors is irrelevant to this case, and unfairly prejudicial. Additionally, Dr. McCaffrey had never seen this document before and there was no foundation. The document also contains, hearsay. At most, all information about other doctors not involved in this case should be redacted before this document should be shown in court. | Evidence of amounts paid by Merck to Dr. McCaffrey are relevant to show bias. Document is not hearsay but admission. R.801(d)(2)(A). Appropriate cross-examination. | |
| MIKOLAJCYZK Ex. 1 | | | Carolina Health Specialists medical record for Gerald Barnett | None | | |
| MIKOLAJCYZK Ex. 2 | | | Grand Strand Regional Medical Center medical record for Gerald Barnett | None | | |
| MIKOLAJCYZK Ex. 3 | | | Vioxx prescription, with attachments | None | | |
| MIKOLAJCYZK Ex. 4 | | | Medical records for Gerald Barnett | None | | |
| MIKOLAJCYZK Ex. 5 | | | Vioxx box label | None | | |

Case 2:05-md-01657-EEF-DEK Document 5730-1 Filed 07/07/06 Page 26 of 29

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| MIKOLAJCYZK Ex. 6 | | | 3/9/00 | E-mail dated 3/9/00 to Deborah R. Shapiro, Alise S. Reicin and Alan S. Nies from Edward M. Scolnick | 401, 402, 403. Irrelevant, and any probative value is outweighed by prejudicial effect. Concerns preliminary analysis of data which was subsequently revised. | Document clearly relevant to show Merck's knowledge of the safety concerns regarding adverse CV events as early as March 2000 but it failure to warn or remove the drug from the market. | |
| MIKOLAJCYZK Ex. 7 | | | 3/28/00 | E-mail dated 3/28/00 to Barry J. Gertz from Alan S. Nies | 401, 402, 403, 602 as used with this witness. Witness has no personal knowledge of document or subject matter. | Document relevant to show that Merck's "naproxen" alibi is false and Merck has known this since weeks after the VIGOR results were available. Appropriate cross-examination. | |
| MIKOLAJCYZK Ex. 8 | | | 4/28/00 | News Release dated 4/28/00 | 401, 402, 403, 602 as used with this Mikola. Witness has no personal knowledge of document or subject matter. | Relevant to Plaintiff's failure to warn claim. Merck failed to warn physicians, patients, and the public of the serious CV safety issues regarding Vioxx. Appropriate cross-examination. | |
| MIKOLAJCYZK Ex. 9 | | | | Contact List | None | | |
| MIKOLAJCYZK Ex.10 | | | 1/31/01 | E-mail dated 1/31/01 to Raymond Gilmartin and David W. Anstice from Edward M. Scolnick | 401, 402, 403. Any probative value is substantially outweighed by the potential prejudicial effect. Also, reference to Dr. Fries is irrelevant because no evidence any one in this had interaction with him or the doctors listed in his letter. As used with Mikola : 401, 402, 403, 602 as used with Mikola. Witness has no personal knowledge of document or subject matter. | Document relevant to show that Merck's "naproxen" alibi is false as well as relevant to show that Merck attempted to suppress the safety concerns raised by certain physicians. Appropriate cross-examination. | |
| MIKOLAJCYZK Ex.11 | | | | Vioxx Label Description | None. But as used with Mikola; 401, 402, 403, 602. Witness has no personal knowledge of document or subject matter. | Clearly relevant to Plaintiff's failure to warn claim. Appropriate cross-examination. | |
| MIKOLAJCYZK Ex.12 | | | 10/16/01 | E-mail dated 10/16/01 to David W. Anstice from Edward M. Scolnick | 401, 402, 403. Any probative value is outweighed by prejudicial effect. But as used with Mikola: 401, 402, 403, 602. Witness has no personal knowledge of document or subject matter. | Email's relevance to Plaintiff's claims has already been established. "Ugly cubed" email is contained in Dr. Scolnick's testimony. | |

Case 2:05-md-01657-EEF-DEK Document 5730-1 Filed 07/07/06 Page 27 of 29

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| MIKOLAJCZYK Ex.13 | | | 2/13/01 | E-mail dated 2/13/01 to Douglas J. Watson, et al., from Harry A. Guess | 403. Takes statement out of context and confuses jury. Any probative value is outweighed by prejudicial effect. But as used with Mikola: 401, 402, 403, 602. Witness has no personal knowledge of document or subject matter. | Email's relevance to Plaintiff's claims has already been established. "Ugly cubed" email is contained in Dr. Scolnick's testimony. Appropriate cross-examination. | |
| MIKOLAJCZYK Ex.14 | | | 11/22/01 | E-mail dated 11/22/01 to Thomas R. Cannell, Mark P. Stejbach and Steven R. Vignau from Adam H. Schechter | 401, 402, 403. As used with Mikola: 401, 402, 403, 602. Witness has no personal knowledge of document or subject matter. | Email shows Merck's knowledge of the need to do a CV outcome study on Vioxx. Merck failed to conduct such a study. Document relevant to Plaintiff's claim that Merck was negligent in testing. Appropriate cross-examination. | |
| MIKOLAJCZYK Ex.15 | | | | Grand Strand Regional Medical Center medical records for Gerald Barnett | None | | |
| MIKOLAJCZYK Ex.17 | | | 10/12/01 | E-mail dated 10/12/01 to ian_rodger@merck.com from Stephen.Epstein@medstar.net, with attachments | As used with Mikola: 401, 402, 403, 602. Witness has no personal knowledge of document or subject matter. | Relevant to Plaintiff's claim that Vioxx accelerated his atherosclerosis. Appropriate cross-examination. | |
| MIKOLAJCZYK Ex.24 | | | | FDA Advisory Committee Briefing Document | As used with Mikola: 401, 402, 403, 602. Witness has no personal knowledge of document or subject matter. | Relevant to Plaintiff's failure to warn claim and to what Merck's "message" to the FDA and medical community. Appropriate cross-examination. | |
| MIKOLAJCZYK Ex.40 | | | | Article entitled Comparison Of Upper Gastrointestinal Toxicity O Rofecoxib And Naproxen In Patients With Rheumatoid Arthritis | Learned treatises are not admissible. | Plaintiff agrees. | |
| MIKOLAJCZYK Ex.42 | | | | Article entitled Risk of Cardiovascular Events Associated With Selective COX-2 Inhibitors | Learned treatises are not admissible. | Plaintiff agrees. | |
| MIKOLAJCZYK Ex.44 | | | | Vioxx Label Description | None | | |

Case 2:05-md-01657-EEF-DEK Document 5730-1 Filed 07/07/06 Page 28 of 29

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| MIKOLAJCYZK Ex.47 | | | 7/5/00 | Memo dated 7/5/00 to Drs. Alise Reicin, Eliav Barr and Dennis Erb from Dr. Deborah Shapiro | As used with Mikola: 401, 402, 403, 602. Witness has no personal knowledge of document or subject matter. | Relevant to Plaintiff's failure to warn claim. Merck document shows the risks of CV adverse event associated with Vioxx begins within weeks of beginning to take the drug. | |
| MIKOLAJCYZK Ex.49 | | | | Editorial entitled Expression of Concern Reaffirmed | As used with Mikola: 401, 402, 403, 602. Witness has no personal knowledge of document or subject matter. If learned treatise inadmissible. Also 801, 802, 803 | Relevant to show Merck's failure to warn and to disclose to the medical and scientific communities of the CV dangers associated with Vioxx. If learned treatise, Plaintiff agrees that the document is not admissible. | |
| Nies Ex. No. 10 | MRK-ABC0015053 to MRK-ABC0015071 | MRK-ABC0015193 to MRK-ABC0015214 | 9/16/1998 | Clinical Study Report MK-0966 | None | | |
| Topol Ex. 25 | | | | Cardiovascular System Clinical Profile in Osteoarthritis Studies," Cardiovascular Card (aka MRK-ABW00000243 - MRK-ABW0000248; MRK-ADB0009039 - MRK-ADB0009042; MRK-ACW0008375; MRK-ACZ0072955 - MRK-ACZ0072956) | 602, 401, 402, 403. No foundation to use this document with Topol. Also irrelevant and prejudicial since there is no evidence that any of Mr. Barnett's doctors ever saw this card. | Dr. Topol is familiar with the CV data contained in Vioxx studies and is able by reviewing the CV Card to appreciate and testify that the CV safety information in the CV card misrepresented Vioxx's safety profile. Relevant to Plaintiff's failure to warn claim. | |
| Topol Ex. 6 | | | 4/26/01 | 4/26/01 E-mail from Alise Reicin to Laura Demopoulos with attachment, "Selective COX-2 Inhibitors are Associated with An Increased Risk of Cardiovascular Events," (Mukherjee, et al.) draft manuscript MRK-AAZ0001561 - MRK-AAZ0001593 | 602--Topol never saw the cover email before. Also 801, 802--hearsay and learned treatises are not admissible. | Sufficient foundation as Dr. Topol appreciates the context of the email when the document was given to him. Document is a Merck internal document which was not shared with Dr. Topol by Merck. Manuscript not offered for truth of matters asserted but to show that Merck employees manipulated Dr. Topol's manuscript for the purpose of "neutralizing the negative aspects of the article" or in other words, to minimize the CV safety concerns associated with Vioxx. | |

Barnett v. Merck
Plaintiff's Responses to Merck's Objections to Plaintiff's FINAL Pre-admission Exhibit List

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Topol Ex. 7** | | | 6/12/01 | 6/12/01 E-Mail from Alan Nies to Laura Demopoulos re: Topol Manuscript | No objection to cover email. Rest of exhibit is hearsay (801, 802) | Manuscript not offered for truth of matters asserted but to show that Merck employees manipulated Dr. Topol's manuscript for the purpose of "neutralizing the negative aspects of the article" or in other words, to minimize the CV safety concerns associated with Vioxx. | |

7/7/2006 Page 29 of 29