FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUL 11  PM 4: 44

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| | * | |
| | * | |
| * * * * * * * * * * * * * * * * * | | |

## JOINT REPORT NO. 16 OF
## PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC")
submit this Joint Report No. 16.

I.     LEXIS/NEXIS FILE & SERVE

PLC and DLC continue to report to the Court on the status of docketing cases and
uploading those cases to Lexis/Nexis File & Serve.  Cases recently transferred to the Eastern
District of Louisiana continue to experience a brief delay between the docketing of the Final
Transfer Order on which the cases appear and the receipt of the records from the original
transferor courts.  Until such time as the record of a case is actually received by the Clerk of
Court in the Eastern District of Louisiana, the Clerk's office cannot officially docket the case in
the Eastern District of Louisiana and as a result there are delays in uploading to Lexis/Nexis File

Fee
Process
X Dktd
CtRmDep
Doc. No.
818672v.1

& Serve.  Within several days of the actual docketing of a case in the Eastern District of Louisiana, the case is uploaded to Lexis/Nexis File & Serve and counsel are able to access the case.  Defense Liaison Counsel has requested that counsel for Plaintiffs continue to notify Dorothy Wimberly at dwimberly@stonepigman.com if a case is not available on Lexis/Nexis File & Serve.  Notice should include the case name and Eastern District of Louisiana case number.  PLC and DLC continue to provide Lexis/Nexis with a current service list of counsel in the Vioxx MDL.  The parties will be prepared to discuss this further at the monthly status conference on July 13, 2006.

## II.   STATE COURT TRIAL SETTINGS

The *Doherty* trial began on June 5, 2006[1] in the New Jersey Superior Court, Atlantic County.  The *Hatch* and *McFarland* cases are scheduled for trial on September 11, 2006 in Atlantic County, subject to a ruling on Merck's motion to sever the cases and proceed with the trial of only one plaintiff at a time.  The *Grossberg* trial began in California Superior Court, Los Angeles County, on June 21, 2006.  Judge Cheney has set October 17, 2006 for the trial of one or more plaintiffs' claims.  The *Anderson* case is set for trial in the Tribal Court of the Mississippi Band of Choctaw Indians on August 7, 2006.  The *Crook* case is set for trial in Alabama Circuit Court, Jefferson County, on October 23, 2006.  The *Miller* case is set for trial in Texas District Court, Harris County, on November 8, 2006.  The *Albright* case is set for trial in Alabama Circuit Court, Jefferson County, on December 11, 2006.  Finally, for 2006, the *Schwaller* case is set for trial in Illinois Circuit Court, Madison County, on December 11, 2006.

---

[1]      The *Klug* case, previously scheduled to be tried with the *Doherty* case on June 5, 2006, was continued by order entered April 28, 2006.  A new trial date has not been set for *Klug*.

818672v.1

III.    SELECTION OF CASES FOR EARLY FEDERAL COURT TRIAL

The parties are discussing convenient dates for a hearing on the Motion for New Trial in the *Irvin/Plunkett* case and will thereupon check with the Court to arrange a hearing date.

The Court has set trial of the *Barnett* case for July 24, 2006, the *Smith* case for September 11, 2006, the *Mason* case for October 30, 2006, and the *Dedrick* case for November 27, 2006. The Court has entered a scheduling order in *Barnett*, *Mason* and *Smith*. The parties were unable to agree to a scheduling order in *Dedrick* and, consequently, have submitted separate versions for consideration by the Court. Discovery and trial preparations are ongoing in each case. The parties will be prepared to discuss this further at the monthly status conference on July 13, 2006.

IV.    CLASS ACTIONS

The Court has under advisement the PSC's Motion to Certify a Personal Injury Class and Defendants' Rule 12 Motions to Dismiss the Master Complaints for Medical Monitoring and Purchase Claims. The parties will be prepared to discuss this further at the monthly status conference on July 13, 2006.

Judge Higbee certified a nationwide class in The Local 68 Third Party Payor Class Action case in New Jersey. The Appellate Division affirmed certification and Merck has sought leave to appeal to the Supreme Court of New Jersey. Plaintiffs opposed the petition and the parties are awaiting a decision. The Local 68 Third Party Payor Class Action is set to be tried in March 2007.

V.    DISCOVERY DIRECTED TO MERCK

Merck advises that it will continue to make productions of documents, as identified by members of the PSC as priorities, on a rolling basis.

- 3 -

818672v.1

Following the May 25, 2006 ruling of the United States Court of Appeals for the Fifth Circuit, on June 5, 2006, regarding Merck's assertion of privilege to certain documents in connection with Merck's Privilege Log, DLC delivered to the Court documents for which it has asserted privilege for review by the Court and additional information. The parties met with the Court on several occasions to discuss further actions to be taken as a result of the ruling from the Fifth Circuit. The parties will be prepared to discuss this further at the monthly status conference on July 13, 2006.

VI.     DISCOVERY DIRECTED TO THE FDA

The FDA production of documents responsive to the PSC subpoena continues to occur in waves.

The deposition of Dr. David Graham was taken on May 9, 2006. On May 25, 2006, the PSC filed a Motion for Rule 37(b)(2)(B) Remedial Relief for Merck's Examination of David Graham, M.D. Merck filed a response on June 7, 2006. The matter was heard by the Court on July 6, 2006 and was taken under advisement by the Court.

VII.    DISCOVERY DIRECTED TO THIRD PARTIES

PLC has advised the Court and DLC that the PSC continues to issue third-party notices of depositions for the production of documents. The PSC submitted a letter to the Court on March 16, 2006 seeking intervention by the Court on whether Merck should have the right to review documents in the possession of Ogilvy, DDB and Millward Brown to determine whether any of the documents are privileged prior to the third party making production to the PSC. On May 24, 2006, the Court issued an Order & Reasons giving Merck two (2) weeks to review all the documents at issue, construct a detailed privilege log, and provide the Court with the log and documents for an *in camera* review. On June 7, 2006, DLC provided the Court with

818672v.1

information, including privilege logs, list of names of DDB employees, and documents for *in camera* review. On June 13, 2006, PLC responded to Merck's submission. The Court has advised it will review the documents and make a determination as to whether the documents are privileged and whether Merck waived its privilege by providing the documents to Ogilvy and DDB. The parties await further rulings from the Court.

VIII.   DEPOSITION SCHEDULING

The parties continue to notice and cross-notice depositions in the MDL. If and when any other issues arise regarding the scheduling of depositions, the Court will be advised and motions will be requested on an expedited basis.

PLC continues to be advised that in various state cases Merck has objected to the use of depositions taken in the MDL. PLC and DLC will continue to discuss this issue and if necessary, bring the matter to the attention of the Court. The parties will be prepared to discuss this further at the monthly status conference on July 13, 2006.

IX.   PLAINTIFF PROFILE FORM AND MERCK PROFILE FORM

On June 23, 2006, the Court entered Pre-Trial Order 18C which amends and supersedes Pre-Trial Orders 18, 18A, and 18B and governs the form and requirements of service and content of Plaintiff Profile Forms, Merck Profile Forms, Authorizations, and medical records to Lexis-Nexis File & Serve. The parties will be prepared to discuss this further at the status conference on July 13, 2006.

In addition, the PLC and Merck's counsel are continuing to address and will discuss claims of alleged insufficiency relating to Merck responses in MPFs. Any issues that cannot be resolved will be brought to the Court's attention for prompt resolution. The parties will be prepared to discuss this further at the status conference on July 13, 2006.

X.   STATE/FEDERAL COORDINATION -- STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications.  The parties will be prepared to discuss this further at the monthly status conference on July 13, 2006.

XI.   *PRO SE* CLAIMANTS

From time to time, as the Court issues additional Orders directing PLC to take appropriate action regarding filings made by various *pro se* individuals, PLC will continue to communicate with the various *pro se* claimants and advise them of attorneys in their respective states and other pertinent information regarding the MDL.  DLC will continue to discuss with PLC Merck's obligation to respond to complaints filed by *pro se* individuals in those instances where the complaints have not been served.

XII.   MOTION TO DISMISS FOREIGN CLASS ACTION COMPLAINTS ON FORUM NON CONVENIENS GROUNDS

On January 12, 2006, Merck filed a Motion to Dismiss All Foreign Class Action Complaints.  Subsequently, foreign plaintiffs represented by Kenneth B. Moll & Associates, Ltd. filed a Motion to Strike Merck's motion, urging that Merck's challenge to the foreign claimant filings should be deferred indefinitely.  The PSC took no position on the issue.  On March 23, 2006, after hearing oral argument, the Court denied plaintiffs' motion and ordered them to file any opposition to Merck's Motion to dismiss within sixty days.  The briefing contemplated by the Court's order is now complete and Merck has requested that the Court schedule its Motion to Dismiss Foreign Class Action Complaints for hearing as soon as possible.  Plaintiffs oppose setting the matter for hearing at this time and have requested leave to file a surreply brief within 60 days.

- 6 -

818672v.1

The foreign plaintiffs represented by Kenneth B. Moll & Associates, Ltd. have also filed motions for leave to amend the Italian and French Class Action Complaints. Merck has filed its briefs opposing those motions.

The parties will be prepared to discuss this further at the monthly status conference on July 13, 2006.

## XIII.   GENERIC TRIAL PERFORMANCE AND RULE 702 AND MOTIONS *IN LIMINE* ISSUES

On June 28, 2006 and July 6 and 7, 2006, the Court heard argument on the PSC's Generic Motion *in Limine* and numerous pending motions in the *Barnett* case. During the course of pre-trial motion conference in the case specific matters, the PSC requested that certain matters be addressed that will be "common" to all cases tried in the MDL. The parties will be prepared to discuss this further at the monthly status conference on July 13, 2006.

## XIV.   IMS DATA

Merck advises that IMS data for plaintiffs' prescribing physicians in the *Barnett*, *Smith*, *Mason*, and *Dedrick* cases has been produced to the PSC and plaintiffs' trial counsel. The parties continue to discuss further production of IMS Data. The parties will be prepared to discuss this further at the monthly status conference on July 13, 2006.

## XV.   DISCOVERY IN NON-TRIAL CASES

In accordance with the Court's ruling at the last status conference, Merck has propounded discovery to plaintiffs in six non-trial cases. The PSC has advised Merck that several counsel in five (5) of the six (6) non-trial cases selected by Merck are in the process of preparing for the trial of Vioxx cases in the MDL and, therefore, have requested that the discovery requested in those cases be postponed until after trial in the MDL. Merck has agreed

- 7 -

to the request to postpone discovery in those cases. In the meantime, the PSC is in the process of reviewing cases and intends on having further discussions with DLC regarding some non-trial cases for possible discovery in addition to those selected by Merck. The parties will be prepared to discuss this further at the monthly status conference on July 13, 2006.

XVI.  USDC-ECF SYSTEM

The Clerk's Office has advised that the Electronic Case Filing (ECF) System is up and running in the Eastern District of Louisiana. Attorneys must register with the Clerk's Office to utilize the ECF System. On June 6, 2006, an Order was issued setting forth directives that attorneys are to observe in the Vioxx Litigation when utilizing the ECF System. Counsel are encouraged to comply and utilize the ECF system for Vioxx filings. The parties will be prepared to discuss this further at the monthly status conference on July 13, 2006.

XVII.  CERTIFICATE OF SERVICE FOR E-FILINGS

On June 29, 2006, the Court entered Pre-Trial Order 8B which amends and supersedes Pre-Trial Orders 8 and 8A and governs electronic service. To comply with ECF certification provisions and the requirements of Pre-Trial Order No. 8B, that all counsel using the ECF system should immediately being using the following certificate of service on all e-filings:

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing [DOCUMENT] has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. __, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in

- 8 -

accord with the procedures established in MDL 1657 on this ___
day of _____, 200[6].

/s/ Attorney's Name___
Attoney's Name
Attorney's Bar Roll Number
Attorney for (Plaintiff/Defendant
Law Firm Name
Law Firm Address
Telephone Number
Fax Number
Attorney's E-Mail Address

## XVIII. MERCK'S MOTION FOR SUMMARY JUDGMENT

On July 5, 2006, Merck filed a Motion for Summary Judgment in the Lene Arnold and Alicia Gomez cases asserting that plaintiffs' claims are preempted by federal law. The parties will be prepared to discuss the motion (including a briefing schedule) more fully at the conference on July 13, 2006.

## XIX. TOLLING AGREEMENTS

PLC has discussed with DLC certain questions that have been brought to the attention of PLC by various plaintiffs counsel regarding types of claims that are covered by the term "Cardiovascular Injury" as defined in the Tolling Agreement. The parties are discussing this issue and will be prepared to discuss this more fully at the conference on July 13, 2006.

818672v.1

## XX.   NEXT STATUS CONFERENCE

PLC and DLC will be prepared to schedule the status conference in August on a date to be selected by the Court.

Respectfully submitted,

Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024

**Plaintiffs' Liaison Counsel**

**Temporary address:**

**201 St. Charles Avenue**
**Suite 4310**
**New Orleans, LA 70170**

Phillip A. Wittmann (Bar No. 13625)
Dorothy H. Wimberly (Bar No. 18509)
Carmelite M. Bertaut (Bar No. 3054)
*Stone Pigman Walther Wittmann L.L.C.*
546 Carondelet Street
New Orleans, LA 70130-3588
PH:    (504) 581-3200
FAX:  (504) 581-3361

**Defendants' Liaison Counsel**

818672v.1

## **CERTIFICATE**

I hereby certify that the above and foregoing Joint Status Report No. 16 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by uploading the same to Lexis/Nexis File & Serve Advanced in accordance with Pre-trial Order No. 8, on this 11th day of July, 2006.

*Dorothy H. Wimberly*

818672v.1

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MONTHLY STATUS CONFERENCE
## JULY 13, 2006
## SUGGESTED AGENDA

I.      Lexis/Nexis File & Serve

II.     State Court Trial Settings

III.    Selection of Cases for Early Federal Court Trial

IV.     Class Actions

V.      Discovery Directed to Merck

VI.     Discovery Directed to the FDA

VII.    Discovery Directed to Third Parties

VIII.   Deposition Scheduling

IX.     Plaintiff Profile Form and Merck Profile Form

X.      State/Federal Coordination -- State Liaison Committee

XI.     *Pro Se* Claimants

818710v.1

XII.    Motion to Dismiss Foreign Class Action Complaints on Forum Non Conveniens Grounds

XIII.   Generic Trial Performance and Rule 702 and Motions *in Limine* Issues

XIV.    IMS Data

XV.     Discovery in Non-Trial Cases

XVI.    USDC_ECF System

XVII.   Certificate of Service for E-Filings

XVIII.  Merck's Motion for Summary Judgment

XIX.    Tolling Agreements

XX.     Next Status Conference

818710v.1