

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | § | MDL NO. 1657 |
| | § | |
| PRODUCTS LIABILITY LITIGATION | § | SECTION L |
| | § | |
| | § | JUDGE FALLON |
| | § | MAGISTRATE JUDGE KNOWLES |
| This document relates to: | § | |
| | § | |
| Vick, et al. v. Merck & Co., et al. | § | Case No. 2:06-cv-00111 |

**ORIGINAL ANSWER OF DEFENDANT, LEO K. EDWARDS, M.D.**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, LEO K. EDWARDS, M.D., Defendant in the above entitled and numbered cause and do make and file this his Original Answer in response to Plaintiff='s Original Petition, and pursuant to Fed. R. Civ. P. 8 would respectfully show unto the Court the following:

**ANSWER**

I.  Discovery Control Plan

1. Defendant agreed that this case should be conducted under a Level 3 Discovery Control Plan pursuant to Tex. R. Civ. P. 190.

II.  The Parties

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs 1 – 4.

3. Defendant denies the allegation in paragraph 5 that he prescribed Vioxx to Zohnnie McNeil, however, the remainder of the allegations in paragraph 5 are admitted.



III. Jurisdiction and Venue

4. To the extent the allegations contained in paragraph 6 of Plaintiffs' Petition regarding continuous and systematic contacts within the State of Texas are directed at this Defendant, they are admitted. Defendant denies, however, that he sold or distributed the medications in question. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6.

IV. Introduction

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 7.

6. To the extent the allegations in paragraphs 8 – 9 are directed at or include this Defendant, they are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraphs 8 - 9.

7. Defendant admits that he prescribed Celebrex to Zohnnie McNeil for use, but denies that he prescribed Vioxx to Zohnnie McNeil for her use. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 10.

8. To the extent the allegations in paragraph 11 – 23 are directed at or include this Defendant, they are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 11 – 23.



### V.  Facts – Vioxx's Pre-Approval

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs 24 - 27.

### VI.  Facts – Vioxx's Post-Approval

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs 28 – 54.

11. Defendant admits that Vioxx was withdrawn from the market, but is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 55.

### VII.  – Negligence and Gross Negligence

12. Defendant incorporates by reference as if fully set out his preceding answers in response to paragraph 56.

13. To the extent the allegations in paragraph 57 – 58 are directed at or include this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 57 – 58.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 58(a).

15. To the extent the allegations in paragraph 58(b) are directed at or include this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 58(b).

Click Here & Upgrade
Expanded Features
Unlimited Pages
PDF Complete
Documents

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs 58(c) – 58(f).

17. To the extent the allegations in paragraph 58(g) – 58(h) are directed at or include this Defendant, they are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraphs 58(g) – 58(h).

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 58(i).

19. To the extent the allegations in paragraph 58(j) – 58(k) are directed at or include this Defendant, they are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 58(j) – 58(k).

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs 58(l) – 58(n).

21. To the extent the allegations in paragraph 58(o) – 58(p) are directed at or include this Defendant, they are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 58(o) – 58(p).

22. To the extent the allegations in paragraph 59 are directed at or include this Defendant, they are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 59.

<u>VIII. – Negligence – Sale of Product</u>

23. Defendant incorporates by reference as if fully set out his preceding answers in response to paragraph 60.

24. To the extent the allegations in paragraph 61 are directed at or include this Defendant, they are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 61.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 62.

26. To the extent the allegations in paragraphs 63 – 67 are directed at or include this Defendant, they are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraphs 63 - 67.

IX. – Common Law Fraud – Failure to Disclose

27. Defendant incorporates by reference as if fully set out his preceding answers in response to paragraph 68.

28. To the extent the allegations in paragraphs 69 – 74 are directed at this Defendant, they are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraphs 69 - 74.

X. – Common Law Strict Liability

29. Defendant incorporates by reference as if fully set out his preceding answers in response to paragraph 75.

30. To the extent the allegations in paragraphs 76 – 79 are directed at this Defendant, they are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraphs 76 - 79.



XI. – Breach of Warranties (Express and Implied)

31. Defendant incorporates by reference as if fully set out his preceding answers in response to paragraph 80.

32. To the extent the allegations in paragraph 81 relate to this Defendant as a prescribing physician, Defendant denies that he made any express warranties to any patient relative to the safety or efficacy of Celebrex or Vioxx. Defendant is without knowledge and information sufficient to form a belief as to whether the descriptions, affirmations of fact, and/or promises relating to the drug constituted an express warranty by the manufacturer(s). Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraphs 81 – 82.

33. To the extent the allegations in paragraph 83 are directed at or include this Defendant, they are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 83.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraphs 84 - 89.

XII. – Actual Damages

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 90.

XIII. – Punitive Damages

36. Defendant incorporates by reference as if fully set out his preceding answers in response to paragraph 91.



37. To the extent the allegations in paragraphs 92 – 95 are directed at or include this Defendant, they are denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraphs 92 - 95.

### XIV.  Tolling of Applicable Statutes of Limitations, If Any

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 96.  To the extent the allegations in paragraph 97 assert that any applicable statutes of limitations as to this Defendant have been tolled, such allegations are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 97.

39. To the extent the allegations in paragraph 98 are directed at or include this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 98.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 99 and, therefore, it is denied as to this Defendant.

### XV.  Jurisdictional Limits

41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 100.

### AFFIRMATIVE DEFENSES AND AVOIDANCES

42. Pursuant to Fed. R. Civ. P. 12(b)(1), Defendant asserts the defense of lack of jurisdiction over the subject matter.

43. Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant asserts that Plaintiff has failed to state a claim upon which relief can be granted from or against this Defendant.

44. Defendant specifically denies that any act or omission on the part of Leo K. Edwards, M.D. proximately caused or contributed to cause any of the Plaintiffs' alleged injuries and damages or the death of Zohnnie McNeil.

45. Defendant alternatively pleads that the injuries and damages alleged by the Plaintiffs were proximately caused by acts or omissions of someone or something other than this Defendant and over which this Defendant had no control.

46. Defendant alternatively pleads that the injuries and damages alleged by the Plaintiff were due to a new and independent cause or causes not reasonably foreseeable by this Defendant and over which this Defendant had no control.

47. Defendant alternatively pleads that the sole proximate cause of the injuries, damages and resulting death of Zohnnie McNeil alleged by the Plaintiffs were conditions, circumstances or events over which this Defendant had no control.

48. Defendant affirmatively reserves the right to plead and introduce evidence that the injuries and damages alleged by the Plaintiff were in whole or in part due to a pre-existing medical conditions already present in Zohnnie McNeil prior to the rendition of any medical treatment by this Defendant.

49. Defendant alternatively pleads that the injuries and damages alleged by the Plaintiffs were caused by an unavoidable accident.

50. Defendant pleads that no agency, contract, or similar relationship exists now or did exist between this Defendant and the Defendant-Manufacturers such as to give rise to any legal responsibility to this Defendant for any conduct or product of the Defendant-Manufacturers.

51. Defendant pleads that he is not liable under any theory of vicarious or derivative



liability for the conduct or products of any other Defendant, nor does any other theory of liability support the imposition of responsibility on this Defendant for the conduct or products of others.

52. Defendant further pleads that that Plaintiffs have failed to state a cognizable strict liability cause of action under Texas law for the reason that no "*sale*" of prescription medications took place in the physician-patient relationship between the Plaintiff/Patient and this Defendant.

53. Defendant further pleads that Plaintiffs have failed to state a cognizable strict liability cause of action under Texas law for the reason that no "*distribution*" of prescription medications occurred in the physician-patient relationship between the plaintiff/patient and Defendant.

54. Defendant further pleads that Plaintiffs have failed to state a cognizable cause of action under any theory of law relating to strict products liability, breach of warranty, misrepresentation, or other theory for the reason that Defendant, Defendant's agents and/or representatives are not, and were not, distributors, retailers, sellers, or marketers of prescription medications, nor were they agents or representatives of the prescription medications manufacturer(s).

55. Defendant further pleads that Plaintiffs have failed to state a cognizable cause of action under Texas law relating to consumer protection actions or for other non-medical causes of action for the reason that such causes of action are barred by Chapter 74 of the Texas Civil Practice & Remedies Code.

56. Defendant further pleads that Plaintiffs have failed to state a cognizable cause of action under Texas law and any theory of breach of warranty for the reason that such

cause of action is barred by the common law of the State of Texas, and Defendant pleads further that no warranties or guarantees, express or implied, were given by this Defendant.

57. Defendant further pleads that Plaintiffs have failed to state a cognizable cause of action for misrepresentation, breach of warranty or any other theory arising from representations made or allegedly made by Defendant, or disclosures not made or allegedly not made, for the reason that all such theories of recovery are subsumed under the sole theory of negligence and informed consent under Chapter 74 of the Texas Civil Practice & Remedies Code.

58. Defendant further pleads that Plaintiffs have failed to meet all conditions precedent to filing this action, including but not limited to, failing to provide timely notice to Defendant of any alleged breach of warranty.

59. Defendant invokes his rights under Chapter 82 of the Texas Civil Practice and Remedies Code, including all rights under §82.007 and the presumption of non-liability set forth in the cited statute.

60. Defendant pleads for all relief to which they would be entitled under Chapter 82 of the Texas Civil Practice & Remedies Code including his right to indemnity as provided therein.

61. Defendant affirmatively pleads that the causes of action alleged by Plaintiffs are barred by the provisions of the Texas Statute of Frauds.

62. Defendant affirmatively pleads that he is entitled to rely upon those legal defenses and theories of confession and avoidance, defense, or allocation of damages variously known as contributory negligence, assumption of the risk, act of God, unavoidable

accident, failure to mitigate damages, and all other legal and equitable concepts that are applicable to avoid or shift legal responsibilities or damages.

63. Defendant affirmatively pleads that he is entitled to rely upon those legal defenses and theories relevant to the issue of causation, either producing or proximate, that are variously known as superseding cause, intervening cause, sole proximate cause, assumption of the risk, and all similar legal and equitable theories to establish the absence of the required elements of causation requisite to Plaintiffs' theories of recovery.

64. Defendant affirmatively asserts the applicability of and pleads any and all rights, relief and entitlements afforded to a health care liability claim Defendant contained within Tex. Civ. Prac. & Rem. Code § 74.351 and §§ 74.401-403. See, e.g., Cruz v. Chang, 400 F. Supp. 906 (W.D. Tex. 2005).

65. Defendant affirmatively denies that Plaintiffs have complied with the pertinent requirements of Tex. Civ. Prac. & Rem. Code §§ 74.051-052.

66. Defendant affirmatively asserts that Plaintiffs' claims against this Defendant are barred by the applicable statute of limitations.

67. Defendant affirmatively asserts that the doctrine of *res ipsa loquitur* is inapplicable to this case.

68. Defendant affirmatively pleads the provisions of Tex. Civ. Prac. & Rem. Code §§ 74.301 *et seq.* which limits the amount of damages recoverable in this suit.

69. This Defendant reserves and relies upon all rights, protections, and options allowed by the doctrine of comparative causation as adopted by the Texas Supreme Court, and pursuant to Chapters 32 and 33 of the Texas Civil Practice & Remedies Code.

70. Defendant affirmatively pleads that any damages in the form of medical bills and expenses sought to be recovered by Plaintiffs are limited to the amount actually paid by Plaintiff or on behalf of Plaintiff. <u>See, e.g., Satsky v. United States</u>, 993 F. Supp. 1027 (S.D. Tex. 1998); Tex. Civ. Prac. & Rem. Code § 41.0105.

71. Defendant invokes his legal right to a reduction of any dollar verdict that may be rendered in this cause by credit for payments made by other persons or entities or by percentage reductions to which this Defendant would be entitled as a result of jury findings against other persons or entities.  In this connection, Defendant reserves the right under Texas common law and the Texas Civil Practice & Remedies Code to submit issues against parties who may be present or absent from the case at the time the matter is submitted to the jury for fact determinations. Defendant asserts his right to contribution, credit and/or offset or a percentage reduction of damages, pursuant to Chapters 32 *et. seq.* and 33 *et. seq.* and other pertinent subsections of the Texas Civil Practice & Remedies Code and/or common law.

72. Defendant further affirmatively invokes the limitations in Chapter 41 of the Texas Civil Practice & Remedies Code as it bears upon the Plaintiffs' allegations for exemplary damages recovery.

73. Defendant asserts that any award of exemplary and/or punitive damages against him violates the provisions of the United States Constitution in the following separate and distinct respects:

    a. it violates the due process clause of the 14th [5[th]] Amendment because of the lack of a Α*clear and convincing evidence*@ burden of proof;

    b. it violates the due process clause of the 14th [5[th]] Amendment because of the lack of a bifurcated trial proceeding where evidence

- 12 -

      relating to punitive damages would not be admitted until compensatory liability has been established;

c. it violates the due process clause of the 14th [5th] Amendment because the elements the Plaintiff must establish to receive punitive damages are so vague and imprecise that they fail to give a person of reasonable intelligence fair warning that its conduct is prohibited and promotes arbitrary and discriminatory verdicts;

d. it violates the due process clause of the 14th [5th] Amendment because the lack of adequate standards governing the amount of punitive damages the jury may award fails to give a person of reasonable intelligence fair warning of the punitive consequences of its action;

e. it violates the due process clause of the 14th [5th] Amendment because the retroactive application of standards of liability to prior actions fails to give the Defendant fair warning of the prohibited nature of its conduct for penal sanctions;

f. imposition of punitive damages would violate the excessive fines clause of the 8th Amendment;

g. it violates the due process clause of the 14th [5th] Amendment because of the lack of procedural protections guaranteed to all persons subject to penal sanctions by the 4th, 5th, and 6th Amendments; and

h. it fails to meet the standard as set forth in <u>BMW of North America, Inc. v. Gore</u>, 517 U.S. 559, 116 S.Ct. 1589 (1996) in all respects, including but not limited to, the degree of reprehensibility of the conduct punished, the ratio of actual and punitive damages, and the difference between punitive damages and civil or criminal sanctions available.

74. Defendant specifically gives notice that he intends to rely upon any other affirmative defenses that may become available, or apparent, during the development of discovery in this case, and thereby reserve the right to amend his Answer to assert such appropriate defenses.

## **DEMAND FOR TRIAL**

75. This Defendant demands a trial by jury.

Case 2:05-md-01657-EEF-DEK   Document 5748   Filed 07/12/06   Page 14 of 15

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, LEO K. EDWARDS, M.D., prays that Plaintiffs take nothing by way of this lawsuit, and that he go hence without day and recover costs in their behalf expended, and, if applicable, that this Defendant receive contribution, indemnity, credit or offset, and/or a proportionate reduction in damages as allowed under the Texas Civil Practice & Remedies Code, ' 32 *et seq.* and ' 33 *et seq.* and other pertinent subsections of the Texas Civil Practice & Remedies Code, and for any other further relief, both at law or in equity, to which this Defendant may show himself to be justly entitled.

Respectfully submitted,

**PATTERSON AND WAGNER**
Northwest Center
7550 IH-10 West, Suite 500
San Antonio, Texas  78229
(210) 979-7555 (TELEPHONE)
(210) 979-9141 (TELECOPIER)


BY: s/ W. Richard Wagner
       W. Richard Wagner
       TEXAS BAR NO. 20661130

ATTORNEY FOR DEFENDANT, LEO K. EDWARDS, M.D.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Original Answer of Leo K. Edwards, M.D. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis/Nexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 12th day of July, 2006.

/s/ W. Richard Wagner
W. Richard Wagner
Texas Bar No. 20661130
Attorney for Defendant, Leo K. Edwards, M.D.
Patterson & Wagner
Northwest Center
7550 IH-10 West, Suite 500
San Antonio, Texas  78229
(210) 979-7555 (TELEPHONE)
(210) 979-9141 (TELECOPIER)
rwagner@pattersonwagner.com