# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>     Products Liability Litigation<br><br><br><br><br>This document relates to *Ronald*<br>*Dalton v. Merck & Co., Inc.,*<br>(E.D.La. Index No. 06-3351) | MDL NO. 1657<br><br>SECTION:  L<br><br>JUDGE ELDON E. FALLON<br><br>MAG. JUDGE KNOWLES |

)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)

## DEFENDANT'S ANSWER AND
## AFFIRMATIVE DEFENSES TO PLAINTIFF'S CIVIL ACTION COMPLAINT

Defendant Merck & Co., Inc. ("Merck") by its undersigned attorneys, answers the Civil Action Complaint – Jury Trial Demanded ("Complaint") herein as follows:

## RESPONSE TO "I.  PARTIES"

1.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint.

2.     Denies each and every allegation contained in paragraph 2 of the Complaint, except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

3.     Denies each and every allegation contained in paragraph 3 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until

Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Vioxx is the brand name for rofecoxib.

## RESPONSE TO "II.  JURISDICTION AND VENUE"

4.     The allegations contained in paragraph 4 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 4 of the Complaint.

5.     The allegations contained in the first sentence of paragraph 5 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of paragraph 5 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in the second sentence of paragraph 5 of the Complaint, and denies each and every allegation directed at Merck in the second sentence of paragraph 5 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the third sentence of paragraph 5 of the Complaint.

6.     The allegations contained in the first three sentences of paragraph 6 of the Complaint are legal conclusions to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in the first three sentences of paragraph 6 of the Complaint.  Merck denies each and every allegation contained in the fourth, fifth and sixth sentences of the Complaint.

## RESPONSE TO "III.  FACTUAL BACKGROUND"

7.     Denies each and every allegation contained in paragraph 7 of the Complaint except admits that Vioxx is part of a class of drugs known as NSAIDs and that Merck manufactured,

818902v.1

marketed, and distributed the prescription medicine Vioxx which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

8.   Denies each and every allegation contained in paragraph 8 of the Complaint except admits that Merck marketed Vioxx from May 1999 to September 2004 and that Vioxx was one of Merck's top-selling drugs during that time.   Merck further admits that in 2003 Vioxx worldwide sales figures exceeded $2 billion.

9.   Denies each and every allegation contained in paragraph 9 of the Complaint.

10.   Denies each and every allegation contained in paragraph 10 of the Complaint, except admits that Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

### RESPONSE TO "Merck's Pre-Market Knowledge of VIOXX's Cardiotoxicity and Prothrombotic Effects."

11.   Denies each and every allegation contained in paragraph 11 of the Complaint, except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

12.   Denies each and every allegation contained in paragraph 12 of the Complaint.

13.   Denies each and every allegation contained in paragraph 13 of the Complaint, except admits that Merck submitted a New Drug Application for Vioxx on November 23, 1998.  Merck further admits that in May 1999, Merck received FDA approval to manufacture and market the prescription medicine Vioxx in a manner consistent with the information contained in the FDA-

818902v.1

approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

14.    Denies each and every allegation contained in paragraph 14 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

15.    Denies each and every allegation contained in paragraph 15 of the Complaint.

### **RESPONSE TO "The VIOXX Gastrointestinal Research ("VIGOR")**

16.    Denies each and every allegation contained in paragraph 16 of the Complaint.

17.    Denies each and every allegation contained in paragraph 17 of the Complaint, except admits that the VIGOR study involving Vioxx exists, and respectfully refers the Court to the referenced study for its actual purpose, conclusions and full text.

18.    Denies each and every allegation contained in paragraph 18 of the Complaint, except admits that the VIGOR study involving Vioxx exists, and respectfully refers the Court to the referenced study for its actual conclusions and full text.

19.    Denies each and every allegation contained in paragraph 19 of the Complaint, except admits that the VIGOR study involving Vioxx exists, and respectfully refers the Court to the referenced study for its actual conclusions and full text.

20.    Denies each and every allegation contained in paragraph 20 of the Complaint, except admits that the VIGOR study involving Vioxx exists, and respectfully refers the Court to the study for its actual conclusions and full text.  Merck further admits that it employs professional representatives.

21.    Denies each and every allegation contained in paragraph 21 of the Complaint.

4

22.    Denies each and every allegation contained in paragraph 22 of the Complaint, except admits that the VIGOR study involving Vioxx and the referenced presentation exists, and respectfully refers the Court to the study and presentation for their actual language and full text.

23.    Denies each and every allegation contained in paragraph 23 of the Complaint, except admits that in 2000, worldwide Vioxx sales figures exceeded $2 billion.

24.    Denies each and every allegation contained in paragraph 24 of the Complaint except admits that the referenced publication in the second sentence exists and respectfully refers the Court to said publication for its actual language and full text and that Merck issued a press release on May 22, 2001 entitled "Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx" and respectfully refers the Court to the referenced press release for its actual language and full text.

25.    Denies each and every allegation contained in paragraph 25 of the Complaint.

26.    Denies each and every allegation set forth in paragraph 26 of the Complaint except admits that the referenced publication and the article contained therein exist, and respectfully refers the Court to the referenced document for its actual language and full text.

27.    Denies each and every allegation contained in paragraph 27 of the Complaint, except admits that the study referenced in the second sentence of that paragraph exists, and respectfully refers the Court to the study for its actual language and full text.  Merck further avers that the plaintiff purports to quote a Merck press release but avers that the quote is taken out of context. Merck respectfully refers the Court to the press release for its actual language and full text.

28.    Denies each and every allegation contained in paragraph 28 of the Complaint except admits that the referenced article and press release exist, and respectfully refers the Court to the referenced documents for their actual language and full text.

818902v.1

29.     Denies each and every allegation in paragraph 29 of the Complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001, and respectfully refers the Court to that letter for its actual language and full text.

30.     Denies each and every allegation contained in paragraph 30 of the Complaint, except admits that the referenced publication and article contained therein exist, and Merck respectfully refers the Court to the referenced document, Ray W.A., et al., "Cox-2 Selective Non-steroidal Anti-Inflammatory Drugs and Risk of Serious Coronary Heart Disease: An Observational Study," Lancet 2002 Jan 12;359:118-123, for its actual conclusions and full text.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint, except admits that the presentation and study referenced in that paragraph exist, and respectfully refers the Court to the presentation and study for their actual language and full text.

32.     Denies each and every allegation set forth in paragraph 32 of the Complaint except admits that the referenced study exists, and respectfully refers the Court to the referenced study for its actual language and full text.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint.

34.     Denies each and every allegation contained in paragraph 34 of the Complaint, except admits that the study referenced in that paragraph exists, and it respectfully refers the Court to the study for its actual language and full text. Merck further admits that on September 30, 2004, it announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in patients taking Vioxx compared with those taking a placebo, and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary worldwide withdrawal of Vioxx best served the interests of patients.

818902v.1

**RESPONSE TO "Post-Withdrawal Confirmation of VIOXX's Cardiotoxicity"**

35.   Denies each and every allegation directed at Merck in paragraph 35 of the Complaint, except admits that the referenced article exists, and respectfully refers the Court to the referenced article for its actual language and full text.

36.   Denies each and every allegation contained in paragraph 36, except admits that the analysis referenced in this paragraph exists, and respectfully refers the Court to the analysis for its actual language and full text.

37.   Denies each and every allegation contained in paragraph 37, except admits that the analysis and studies referenced in this paragraph exist, and respectfully refers the Court to the analysis and studies for their actual language and full text.

38.   Denies each and every allegation contained in paragraph 38 of the Complaint and respectfully refers the Court to the referenced study for its actual language and full text.

39.   Denies each and every allegation contained in paragraph 39 of the Complaint and respectfully refers the Court to the referenced study for its actual language and full text.

40.   Denies each and every allegation contained in paragraph 40 of the Complaint and respectfully refers the Court to the referenced study for its actual language and full text.

41.   Denies each and every allegation contained in paragraph 41 of the Complaint and respectfully refers the Court to the transcript of the referenced hearing for Dr. Graham's actual language and conclusions.

42.   Denies each and every allegation contained in paragraph 42 of the Complaint and respectfully refers the Court to the minutes produced at the referenced meeting for their actual language and full text.

818902v.1

43.   Denies each and every allegation contained in paragraph 43 of the Complaint and respectfully refers the Court to the minutes produced at the referenced meeting for their actual language and full text.

44.   Denies each and every allegation contained in paragraph 44 of the Complaint and respectfully refers the Court to the minutes produced at the referenced meeting for their actual language and full text. Merck further avers that the FDA has not announced whether it will accept the committee's recommendations.

## RESPONSE TO "IV.  PLAINTIFF RONALD DALTON"

45.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 45 of the Complaint.

46.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first three sentences of paragraph 46 of the Complaint.  Merck denies each and every allegation contained in the fourth sentence of paragraph 46 of the Complaint.

47.   Denies each and every allegation contained in paragraph 47 of the Complaint.

48.   Denies each and every allegation contained in paragraph 48 of the Complaint.

49.   Denies each and every allegation contained in paragraph 49 of the Complaint.

50.   Denies each and every allegation contained in paragraph 50 of the Complaint, except admits that Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## RESPONSE TO "CAUSES OF ACTION:  COUNT ONE - NEGLIGENCE"

51.   With respect to the allegations contained in paragraph 51 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in

818902v.1

paragraphs 1 through 50 of this Answer with the same force and effect as though set forth here in full.

52.     The allegations contained in paragraph 52 of the Complaint are legal conclusions and, therefore, no response is required.  To the extent a response is required, Merck denies that it violated any applicable duty, law or standard in any way in connection with Vioxx.

53.     The allegations contained in paragraph 53 of the Complaint are legal conclusions and, therefore, no response is required.  To the extent a response is required, Merck denies that it violated any applicable duty, law or standard in any way in connection with Vioxx.

54.     Denies each and every allegation contained in paragraph 54, including all subparts, of the Complaint.

55.     Denies each and every allegation contained in paragraph 55 of the Complaint.

56.     Denies each and every allegation contained in paragraph 56, including all subparts, of the Complaint.

57.     Denies each and every allegation contained in paragraph 57 of the Complaint.

58.     Denies each and every allegation contained in paragraph 58 of the Complaint.

59.     Denies each and every allegation contained in paragraph 59 of the Complaint.

60.     Denies each and every allegation contained in paragraph 60 of the Complaint.

61.     Denies each and every allegation contained in paragraph 61 of the Complaint.

## RESPONSE TO "COUNT TWO - PRODUCTS LIABILITY"

62.     With respect to the allegations contained in paragraph 62 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 61 of this Answer with the same force and effect as though set forth here in full.

818902v.1

63.     Denies each and every allegation contained in paragraph 63 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

64.     Denies each and every allegation contained in paragraph 64 of the Complaint.

65.     Denies each and every allegation contained in paragraph 65 of the Complaint.

66.     Denies each and every allegation contained in paragraph 66 of the Complaint.

67.     Denies each and every allegation contained in paragraph 67 of the Complaint.

68.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 68 of the Complaint.

69.     Denies each and every allegation contained in paragraph 69 of the Complaint.

70.     Denies each and every allegation contained in paragraph 70 of the Complaint.

71.     Denies each and every allegation contained in paragraph 71 of the Complaint.

72.     Denies each and every allegation contained in paragraph 72 of the Complaint.

73.     Denies each and every allegation contained in paragraph 73 of the Complaint.

74.     Denies each and every allegation contained in paragraph 74 of the Complaint.

75.     Denies each and every allegation contained in paragraph 75 of the Complaint.

76.     Denies each and every allegation contained in paragraph 76 of the Complaint.

## RESPONSE TO "COUNT THREE – FRAUD"

77.     With respect to the allegations contained in paragraph 77 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 76 of this Answer with the same force and effect as though set forth here in full.

78.     Denies each and every allegation contained in paragraph 78 of the Complaint.

79.     Denies each and every allegation contained in paragraph 79 of the Complaint.

818902v.1

80.    Denies each and every allegation contained in paragraph 80 of the Complaint.

81.    Denies each and every allegation contained in paragraph 81 of the Complaint.

82.    Denies each and every allegation contained in paragraph 82 of the Complaint.

83.    Denies each and every allegation contained in paragraph 83 of the Complaint.

84.    Denies each and every allegation contained in paragraph 84 of the Complaint.

85.    Denies each and every allegation contained in paragraph 85 of the Complaint.

86.    Denies each and every allegation contained in paragraph 86 of the Complaint.

87.    Denies each and every allegation contained in paragraph 87 of the Complaint.

88.    Denies each and every allegation contained in paragraph 88 of the Complaint.

89.    Denies each and every allegation contained in paragraph 89 of the Complaint.

90.    Denies each and every allegation contained in paragraph 90 of the Complaint.

**RESPONSE TO "COUNT FOUR - NEGLIGENT MISREPRESENTATION"**

91.    With respect to the allegations contained in paragraph 91 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 90 of this Answer with the same force and effect as though set forth here in full.

92.    Denies each and every allegation contained in paragraph 92 of the Complaint.

93.    Denies each and every allegation contained in paragraph 93 of the Complaint.

94.    Denies each and every allegation contained in paragraph 94 of the Complaint, except admits that Plaintiff purports to bring an action for punitive damages, but denies any legal or factual basis for the relief sought.

818902v.1

## <u>RESPONSE TO "COUNT FIVE - BREACH OF EXPRESS WARRANTIES"</u>

95.   With respect to the allegations contained in paragraph 95 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 94 of this Answer with the same force and effect as though set forth here in full.

96.   Denies each and every allegation contained in paragraph 96 of the Complaint.

97.   Denies each and every allegation contained in paragraph 97, including all subparts, of the Complaint.

98.   Denies each and every allegation contained in paragraph 98 of the Complaint.

99.   Denies each and every allegation contained in paragraph 99 of the Complaint.

100.  Denies each and every allegation contained in paragraph 100 of the Complaint.

101.  Denies each and every allegation contained in paragraph 101 of the Complaint.

102.  Denies each and every allegation contained in paragraph 102, including all subparts, of the Complaint.

103.  Denies each and every allegation contained in paragraph 103 of the Complaint.

104.  Denies each and every allegation contained in paragraph 104 of the Complaint.

105.  Denies each and every allegation contained in paragraph 105 of the Complaint, except admits that Plaintiff purports to bring an action for damages and other relief, but denies any legal or factual basis for the relief sought.

## <u>RESPONSE TO "COUNT SIX - BREACH OF IMPLIED WARRANTIES"</u>

106.  With respect to the allegations contained in paragraph 106 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in

818902v.1

paragraphs 1 through 105 of this Answer with the same force and effect as though set forth here in full.

107.  The allegations contained in paragraph 107 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

108.  Denies each and every allegation contained in paragraph 108 of the Complaint.

109.  Denies each and every allegation contained in paragraph 109 of the Complaint.

110.  Denies each and every allegation contained in paragraph 110 of the Complaint.

111.  Denies each and every allegation contained in paragraph 111 of the Complaint, except admits that Plaintiff purports to bring an action for damages and other relief, but denies any legal or factual basis for the relief sought.

### RESPONSE TO "COUNT SEVEN - VIOLATION OF THE NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT"

112.  With respect to the allegations contained in paragraph 112 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 111 of this Answer with the same force and effect as though set forth here in full.

113.  Denies each and every allegation contained in paragraph 113 of the Complaint.

114.  Denies each and every allegation contained in paragraph 114, including all subparts, of the Complaint.

115.  Denies each and every allegation contained in paragraph 115 of the Complaint.

818902v.1

## RESPONSE TO "PUNITIVE DAMAGES"

116.  With respect to the allegations contained in paragraph 116 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 115 of this Answer with the same force and effect as though set forth here in full.

117.  Denies each and every allegation contained in paragraph 117 of the Complaint.

118.  Denies each and every allegation contained in paragraph 118 of the Complaint.

119.  Denies each and every allegation contained in paragraph 119 of the Complaint, except admits that Plaintiff purports to bring an action for punitive damages, but denies any legal or factual basis for the relief sought.

120.  Denies each and every allegation contained in paragraph 120 of the Complaint, except admits that Plaintiff purports to bring an action for punitive and exemplary damages, but denies any legal or factual basis for the relief sought.

## RESPONSE TO "PRAYER FOR RELIEF"

121.  Paragraph 121 is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 121 of the Complaint, except admits that plaintiff purports to seek damages and other relief, but denies there is any legal or factual basis for the relief sought.

122.  Paragraph 122 is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 122 of the Complaint, except admits that plaintiff purports to seek damages and other relief, but denies there is any legal or factual basis for the relief sought.

14

123.  Paragraph 123 is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 123 of the Complaint, except admits that plaintiff purports to seek damages and other relief, but denies there is any legal or factual basis for the relief sought.

124.  Paragraph 124 is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 124 of the Complaint, except admits that plaintiff purports to seek damages and other relief, but denies there is any legal or factual basis for the relief sought.

125.  Paragraph 125 is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 125 of the Complaint, except admits that plaintiff purports to seek damages and other relief, but denies there is any legal or factual basis for the relief sought.

126.  Paragraph 126 is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 126 of the Complaint, except admits that plaintiff purports to seek damages and other relief, but denies there is any legal or factual basis for the relief sought.

127.  Paragraph 127 is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 127 of the Complaint, except admits that plaintiff purports to seek damages and other relief, but denies there is any legal or factual basis for the relief sought.

818902v.1

### AS FOR A FIRST
### <u>AFFIRMATIVE DEFENSE, MERCK ALLEGES</u>:

The claims of Plaintiff may be time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely.

### AS FOR A SECOND
### <u>AFFIRMATIVE DEFENSE, MERCK ALLEGES</u>:

The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A THIRD
### <u>AFFIRMATIVE DEFENSE, MERCK ALLEGES</u>:

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### AS FOR A FOURTH
### <u>AFFIRMATIVE DEFENSE, MERCK ALLEGES</u>:

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

### AS FOR A FIFTH
### <u>AFFIRMATIVE DEFENSE, MERCK ALLEGES</u>:

To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### AS FOR A SIXTH
### <u>AFFIRMATIVE DEFENSE, MERCK ALLEGES</u>:

To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred

818902v.1

under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR A SEVENTH
## AFFIRMATIVE DEFENSE, MERCK ALLEGES:

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR AN EIGHTH
## AFFIRMATIVE DEFENSE, MERCK ALLEGES:

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A NINTH
## AFFIRMATIVE DEFENSE, MERCK ALLEGES:

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

## AS FOR A TENTH
## AFFIRMATIVE DEFENSE, MERCK ALLEGES:

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

818902v.1

**AS FOR AN ELEVENTH**
**AFFIRMATIVE DEFENSE, MERCK ALLEGES:**

To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

**AS FOR A TWELFTH**
**AFFIRMATIVE DEFENSE, MERCK ALLEGES:**

To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under North Carolina law.

**AS FOR A THIRTEENTH**
**AFFIRMATIVE DEFENSE, MERCK ALLEGES:**

Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by N.C. Rule of Civil Procedure 9(b).

**AS FOR A FOURTEENTH**
**AFFIRMATIVE DEFENSE, MERCK ALLEGES:**

Plaintiff's claims are barred, in whole or in part, under the applicable State law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**AS FOR A FIFTEENTH**
**AFFIRMATIVE DEFENSE, MERCK ALLEGES:**

Plaintiff's claims are barred in whole or in part by the First Amendment.

818902v.1

## AS FOR A SIXTEENTH
## AFFIRMATIVE DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## AS FOR A SEVENTEENTH
## AFFIRMATIVE DEFENSE, MERCK ALLEGES:

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

## AS FOR AN EIGHTEENTH
## AFFIRMATIVE DEFENSE, MERCK ALLEGES:

This case is more appropriately brought in a different venue.

## AS FOR A NINETEENTH
## AFFIRMATIVE DEFENSE, MERCK ALLEGES:

Venue in this case is improper.

## AS FOR A TWENTIETH
## AFFIRMATIVE DEFENSE, MERCK ALLEGES:

The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, he has brought actions and has received judgments on parts of some or all claims asserted herein.

## AS FOR A TWENTY-FIRST
## AFFIRMATIVE DEFENSE, MERCK ALLEGES:

The claims of Plaintiff may be barred, in whole or in part, from recovery on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

818902v.1

### AS FOR A TWENTY-SECOND
### AFFIRMATIVE DEFENSE, MERCK ALLEGES:

The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to his claims.

### AS FOR A TWENTY-THIRD
### AFFIRMATIVE DEFENSE, MERCK ALLEGES:

The claims of Plaintiff may be barred, in whole or in part, by the doctrine of laches.

### AS FOR A TWENTY-FOURTH
### AFFIRMATIVE DEFENSE, MERCK ALLEGES:

The claims of Plaintiff are barred, in whole or in part, by his failure to mitigate damages.

### AS FOR A TWENTY-FIFTH
### AFFIRMATIVE DEFENSE, MERCK ALLEGES:

To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

### AS FOR A TWENTY-SIXTH
### AFFIRMATIVE DEFENSE, MERCK ALLEGES:

The claims of Plaintiff may be barred, in whole or in part, from recovery due to spoliation of evidence.

### AS FOR A TWENTY-SEVENTH
### AFFIRMATIVE DEFENSE, MERCK ALLEGES:

The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

### AS FOR A TWENTY-EIGHTH
### AFFIRMATIVE DEFENSE, MERCK ALLEGES:

Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

818902v.1

## AS FOR A TWENTY-NINTH
## AFFIRMATIVE DEFENSE, MERCK ALLEGES:

Plaintiff has not sustained any injury or damages compensable at law.

## AS FOR A THIRTIETH
## AFFIRMATIVE DEFENSE, MERCK ALLEGES:

Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiffs' failure to provide it with due process of law.

## AS FOR A THIRTY-FIRST
## AFFIRMATIVE DEFENSE, MERCK ALLEGES:

The claims of the Plaintiff may be barred, in whole or in part, from recovery because he has made statements or taken actions that preclude him from asserting claims or constitute a waiver of his claims.

## AS FOR A THIRTY-SECOND
## AFFIRMATIVE DEFENSE, MERCK ALLEGES:

The claims of the Plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

## AS FOR A THIRTY-THIRD
## AFFIRMATIVE DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-FOURTH
## AFFIRMATIVE DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

818902v.1

### AS FOR A THIRTY-FIFTH
### AFFIRMATIVE DEFENSE, MERCK ALLEGES:

Plaintiff's claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts: Products Liability.

### AS FOR A THIRTY-SIXTH
### AFFIRMATIVE DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

### AS FOR A THIRTY-SEVENTH
### AFFIRMATIVE DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### AS FOR A THIRTY-EIGHTH
### AFFIRMATIVE DEFENSE, MERCK ALLEGES:

To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

### AS FOR A THIRTY-NINTH
### AFFIRMATIVE DEFENSE, MERCK ALLEGES:

Plaintiff's demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

22

**AS FOR A FORTIETH**
**AFFIRMATIVE DEFENSE, MERCK ALLEGES:**

To the extent that Plaintiff is relying upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

**AS FOR A FORTY-FIRST**
**AFFIRMATIVE DEFENSE, MERCK ALLEGES:**

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

**AS FOR A FORTY-SECOND**
**AFFIRMATIVE DEFENSE, MERCK ALLEGES:**

Plaintiff's Unfair and Deceptive Trade Practices claim is hereby barred on the grounds that Plaintiff failed to plead adequate and sufficient facts to constitute an Unfair and Deceptive Trade Practices claim under Chapter 75 of the North Carolina General Statutes.

**AS FOR A FORTY-THIRD**
**AFFIRMATIVE DEFENSE, MERCK ALLEGES**:

If Plaintiff has sustained injuries or losses as alleged in the Complaint, Plaintiff's claims for damages for such injuries or losses are barred to the extent they were proximately caused by Plaintiff's use of Vioxx which was contrary to the express and adequate instructions or warnings delivered with the product.

**AS FOR A FORTY-FOURTH**
**AFFIRMATIVE DEFENSE, MERCK ALLEGES:**

There is no safer, practical or technically feasible, or otherwise reasonable alternative design or formulation that would have reduced the alleged risk without substantially impairing

818902v.1

the usefulness, practicality, desirability, or reasonably anticipated and intended function of Vioxx.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action.  Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such other and further relief that the Court may deem just and proper.

24

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.


Dated:  July 12, 2006

Respectfully submitted,


*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  (504) 581-3200
Fax:  (504) 581-3361

Defendants' Liaison Counsel

Scott A. Smith (Reg. No. 174026)
Amanda M. Cialkowski (Reg. No. 306514)
Jan R. McLean Bernier (Reg. No. 0307853)
U.S. Bank Center South, Suite 600
220 South Sixth Street
Minneapolis, MN  55402
Phone:  (612) 338-1838
Fax:  (612) 338-7858

Counsel for Defendant Merck & Co., Inc.

818902v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Jury Demand of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 12th day of July, 2006.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

818902v.1