Motion to Quash - Ex A

[664:1] - [665:25]    3/18/2005    Anstice, David - (Ernst and DePietro pp. 664-1017)

```
page 664
  1                SUPERIOR COURT OF NEW JERSEY
                   LAW DIVISION - ATLANTIC COUNTY
  2                    -    -    -
     IN RE:  VIOXX LITIGATION      CASE NO. 619
  3  ---------------------------------------------------
                   CAUSE NO. 19961*BH02
  4                    -    -    -
     CAROL ERNST, INDIVIDUALLY  : IN THE DISTRICT COURT OF
  5  AND AS PERSONAL            :
     REPRESENTATIVE OF THE      :
  6  ESTATE AND HEIRS OF ROBERT :
     CHARLES ERNST, DECEASED;   :
  7  R. CHARLES ERNST;          :
     ANGELA F. ERNST,           : BRAZORIA COUNTY, TEXAS
  8       v.                    :
     MERCK & CO., INC.,         :
  9  HARVEY RESNICK, M.D. AND   :
     R/D CLINICAL RESEARCH,     :
 10  INC., BRENT H. WALLACE     :
     M.D.                       : 23RD JUDICIAL DISTRICT
 11  ---------------------------------------------------
     PHILIP & CYNTHIA DiPIETRO  : COURT OF COMMON PLEAS
 12         (h/w)               : DELAWARE COUNTY
             Plaintiffs,        :
 13       v.                    :
     MERCK & CO., INC.,         :
 14         AND                 :
     ROBERT F. CROWELL, D.O.,   :
 15         AND                 :
     BROOKHAVEN MEDICAL         : CIVIL ACTION
 16  ASSOCIATES                 : NO: 04-19198
     ---------------------------------------------------
 17           IN THE COURT OF COMMON PLEAS
              PHILADELPHIA COUNTY, PENNSYLVANIA
 18                    -  -  -
     DAVID SCHRAMM and          : FEBRUARY TERM, 2005
 19  CAROL SCHRAMM, h/w         :
             Plaintiffs,        :
 20       v.                    :
     MERCK & CO., INC.,         :
 21         Defendant.          : NO. 2554
                       -   -   -
 22                   CONFIDENTIAL
                SUBJECT TO PROTECTIVE ORDER
 23                    -   -   -
                    March 18, 2005
 24                    -   -   -
     Continued videotape deposition of DAVID W. ANSTICE.
 25
page 665
  1                    -   -   -
                      CONFIDENTIAL
  2             SUBJECT TO PROTECTIVE ORDER
                       -   -   -
  3
  4         Continued videotape deposition of DAVID W.
  5  ANSTICE, held in the offices of Morgan, Lewis &
  6  Bockius, LLP, 1701 Market Street, Philadelphia,
  7  Pennsylvania, commencing at 9:05 a.m., on the above
  8  date, before Linda Rossi Rios, a Federally Approved
  9  Registered Professional Reporter and Notary Public
 10  of the Commonwealth of Pennsylvania.
 11
```



EXHIBIT A

```
12
13
14
15
16
17
18
19
20
21
22
23                ESQUIRE DEPOSITION SERVICES
                          15th Floor
24              1880 John F. Kennedy Boulevard
                  Philadelphia, Pennsylvania 19103
25                       (215) 988-9191
```

[894:19] - [895:10]    3/18/2005    Anstice, David - (Ernst and DePietro pp. 664-1017)

```
page 894
19       Q.    Could you -- you've told us you're
20  from Pennsylvania.  Could you give us your home
21  address?
22       A.    Yes.
23             MR. RABER:  Excuse me.  You can
24  contact him through counsel.  He's not going to give
25  out his home address on a public record document
page 895
 1  like this.
 2  BY MR. BALEFSKY:
 3       Q.    Can you tell me what city you live
 4  in?
 5       A.    What township?
 6       Q.    What township?
 7       A.    Whitemarsh Township.
 8       Q.    And that's in Montgomery County,
 9  Pennsylvania?
10       A.    That is correct.
```

[1013:1] - [1013:9]    3/18/2005    Anstice, David - (Ernst and DePietro pp. 664-1017)

```
page 1013
 1                  C E R T I F I C A T E
 2
          I hereby certify that the witness was duly
 3  sworn by me and that the deposition is a true record
    of the testimony given by the witness.
 4
 5       It was requested before completion of the
    deposition that the witness, DAVID W. ANSTICE, have
 6  the opportunity to read and sign the transcript.
 7
 8             _____
               Linda Rossi Rios
 9             Dated:  March 18, 2005
```

Where patients come first  **MERCK**

# Management Committee



**David W. Anstice**
President, Human Health-Asia Pacific

### PROFESSIONAL EXPERIENCE

**Merck & Co., Inc.**
- President, Human Health-Asia Pacific as of July 29, 2005
- President, Human Health, 2003-2005
- President, Human Health, The Americas, 1997-2002
- President, Human Health, U.S./Canada, 1994-1997
- President, Human Health, Europe, 1994

### EDUCATION

- Bachelor of Economics, University of Sydney, Australia, 1970

### AFFILIATIONS

**Board and Other Memberships**
- Member, Board of Trustees, University of the Sciences in Philadelphia
- Member, Board of Trustees, U.S. Foundation of the University of the Valley of Guatemala
- Member, Board of Directors and Executive Committee, Biotechnology Industry Organization (BIO)
- Member, Board of Directors, Greater Philadelphia First
- Member, Corporate Executive Board, Philadelphia Museum of Art
- Member, Advisory Board, Morris Arboretum
- Member, Pennsylvania Roundtable

SITE MAP    PRIVACY POLICY    TERMS OF USE    COPYRIGHT © 1995-2006 MERCK & CO., INC.



EXHIBIT B

## Issued by the
## UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA and
DISTRICT OF NEW JERSEY

IN RE: VIOXX PRODUCT
LIABILITY LITIGATION

**SUBPOENA IN A CIVIL CASE**

THIS DOCUMENT RELATES TO:
Civil Action No. 2:06cv485

**Gerald Barnett**

V.

CASE NUMBER: MDL CASE NO. 1657
SECTION L

Merck & Co., Inc.

TO:

*David Anstice*
*Through Attorney Philip Beck*
*(via e-mail as per agreement)*

X YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| Place of Testimony | COURTROOM |
|---|---|
| United States District Court, Eastern District of Louisiana, 500 Poydras Street, Room C456, New Orleans, LA 70130 | Honorable Eldon E. Fallon<br>Room C-456 |
| | **DATE AND TIME**<br>July 24, 2006<br>@ 10:00 a.m. |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

EXHIBIT C

| ☐YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. | |
|---|---|
| PREMISES | DATE AND TIME |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE(INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *[signature]* | DATE July 7, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Russ Herman (Bar No 6819)
Leonard A. Davis (Bar No. 14190)
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
(504) 581-4892
TEMPORARY ADDRESS:
Place St. Charles, Suite 4310
201 St. Charles Avenue
New Orleans, LA 70170

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

¹If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

DATE July 7, 2006   PLACE

| SERVED David Anstice through attorney Philip Beck | via e-mail as agreed by parties |
|---|---|
| SERVER ON (PRINT NAME) | MANNER OF SERVICE |
| Russ Herman, Esq. Leonard A. Davis, Esq. | Attorney *[signature]* |
| SERVED BY (PRINT NAME) | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 7/7/06
           DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER: 201 St. Charles Ave., Suite 4310
New Orleans, LA 70170
(504) 581-4892

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at anytime for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.