UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX<br>    PRODUCTS LIABILITY LITIGATION | ) <br>) <br>) MDL NO. 1657 <br>) |
| This document relates to: | ) <br>) SECTION L <br>) |
| LUISA GREER and DONALD GREER, | ) <br>) |
| Plaintiff, | ) <br>) |
| vs. | ) <br>) |
| MERCK & COMPANY, INC., McKESSON CORPORATION and DOES ONE through TWENTY, inclusive | ) <br>) <br>) JUDGE FALLON <br>) |
| Defendants. | ) MAGISTRATE JUDGE KNOWLES <br>) |
| Civil Action No. C 06-1894 | ) <br>) <br>) |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO REMAND CASE TO CALIFORNIA
SUPERIOR COURT [28 U.S.C. §1441(a)(b)]**

**TABLE OF CONTENTS**

|   |   |   | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | STATEMENT OF FACTS | | 1 |
| III. | ARGUMENT | | 1 |
| | A. | REMOVAL IS IMPROPER BECAUSE OF LACK OF COMPLETE DIVERSITY | 1 |
| | B. | DEFENDANTS HAVE FAILED TO MEET THEIR HEAVY BURDEN TO ESTABLISH FRAUDULENT JOINDER | 2 |
| | C. | REMOVAL IS IMPROPER BECAUSE DEFENDANT MCKESSON IS SUBJECT TO STRICT LIABILITY UNDER CALIFORNIA LAW. | 4 |
| | | 1. Strict liability for failure to warn runs to distributors | 5 |
| | | 2. Distributors are not exempt from strict liability under the "learned intermediary" doctrine. | 6 |

## **TABLE OF AUTHORITIES**

Page

Cases

*Anderson v. Merck & Co.*, case no. 05-750 (E.D. Cal., August 2005) .......................... 1, 3, 5

*Barth v. B.F. Goodrich Tire Co.*, 265 Cal. App. 2d 228, 252 (1968) ..................................... 4

*Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3rd Cir. 1992) ......................................... 2

*Canifax v. Hercules Powder Co.*, 237 Cal. App. 2d 44, 52 (1965.) ....................................... 4

*Carlin v. Superior Court* 13 Cal. 4th 1104 (1996) ................................................................ 6

*Cronin v. J.B.E. Olson Corp.*, 8 Cal. 3d 121, 130 (1972) ...................................................... 4

*Cryolife, Inc. v. Superior Court,* 110 Cal. App. 4th 1145, 1155 (2003.) ............................... 5

*Davis v. Prentiss Prop. Ltd.,* 66 F. Supp. 2d 1112, 1113-1114 (9th Cir. 1999) ..................... 2

*Fogo v. Cutter Laboratories, Inc.*, 68 Cal. App. 3d 744, 754-55 (1977) ............................... 5

*Filla v. Southern Ry. Co.*, 336 F3d 806, 810 (8th Cir. 2003) ................................................. 2

*Greenman v. Yuba Power Products, Inc.*, 59 Cal. 2d 57 (1963), .......................................... 4

*Hartley v. CTX Transp.*, 187 F.3d 422, 425 (4th Cir. 1998) .................................................. 2

*Jimenez v. Superior Court*, 29 Cal. 4th 473, 476 (2002) ....................................................... 4

*Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232-233 (4th Cir. 1993) ............................... 2

*Martin v. Merck & Co.*, case no. 05-750 (E.D. Cal., August 2005) .............................. 1, 3, 6

*Murphy v. E.R. Squibb & Sons, Inc.*, 40 Cal. 3d 672 (1985) ............................................. 5, 7

*Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) ......................................... 2

*San Diego Hospital Assn. v. Superior Court*, 30 Cal. App. 4th 8, 14-15 (1994) ................... 5

*Schaerrer v. Stewart's Plaza Pharmacy, Inc.*, 79 P. 2d 922 (Utah 2003) ............................. 7

*Sokarda v. Merck & Co.*, case no. 05-177 (E.D. Cal., June 2005) ................................ 1, 3, 5

*Strawbridge v. Curtiss*, 7 U.S. 267 (1806) ............................................................................ 1

*Vandermark v. Ford Motor Co.*, 61 Cal. 2d 256, 262-63 (1964) ........................................... 4

Statutes

14A Charles A. Wright et al., Federal Practice & Procedure § 3723, at 353-54 (1985) ....................................................................................................................... 2

28 U.S.C. §1332 ............................................................................................................... 1

28 U.S.C. §1441(a)(b) ...................................................................................................... 1

28 U.S.C. §1441(b.) ......................................................................................................... 2

## I. INTRODUCTION

Removal is improper because McKesson Corporation ("McKesson") was properly joined. As a distributor in California, McKesson may be held strictly liable for failure to provide a warning regarding a known or reasonably knowable danger from a pharmaceutical product. Contrary to Merck's claim, the doctrine of "learned intermediary"—which exempts physicians and pharmacies from strict liability—does not apply to a pharmaceutical distributor.  Courts in the Central and Eastern Districts of California recently rejected Merck's claims of improper joinder. *Martin v. Merck & Co.*, case No. 05-750 (E.D. Cal., August 2005); *Anderson v. Merck & Co.*, Case No. 05-4036, (C.D. Cal, June 2005); *Sokarda v. Merck & Co.*, Case No. 05-177 (C.D. Cal, April 2005); hereto attached as Exhibits A, B, and C to the Bosch Declaration.

## II. STATEMENT OF FACTS

Plaintiffs bring this product liability case against Merck & Co. (hereinafter "Merck") and McKesson after Plaintiff Luisa Greer was prescribed Vioxx, also known as rofecoxib.  Ms. Greer ingested Vioxx beginning in December 2002 until September 2004, for treatment of arthritis and acute pain. Plaintiffs allege Ms. Greer suffered a stroke on November 2, 2003 as a result of ingesting Vioxx.  Defendant Merck manufactured Vioxx and Defendant McKesson marketed, distributed, and sold Vioxx to retailers for resale to physicians, hospitals, medical practitioners and the general public.

## III. ARGUMENT

**A.   REMOVAL IS IMPROPER BECAUSE OF LACK OF COMPLETE DIVERSITY**

A civil action filed in a state court cannot be removed to a Federal District Court unless that Court has original subject matter jurisdiction or there is complete diversity pursuant to 28 U.S.C. §1332 and *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). 28 U.S.C. §1441(a)(b). If the Federal court lacks subject matter jurisdiction, the action **must** be remanded to state court.  28 U.S.C. §1441(b), (emphasis added).  Courts should resolve any doubts about the propriety of removal in favor of retained state court jurisdiction.  *Hartley v. CTX Transp.*, 187 F.3d 422, 425 (4th Circuit 1998.)

Defendants do not dispute that Plaintiff is a resident of Solano County, California and McKesson is a corporation with its principal place of business in San Francisco.  There cannot be original subject matter jurisdiction where, as here, there is not complete diversity of citizenship between the parties.  Because there is no original subject matter jurisdiction, removal by defendants was improper, and the matter must be remanded to state court.

**B.     DEFENDANTS HAVE FAILED TO MEET THEIR HEAVY BURDEN TO ESTABLISH FRAUDULENT JOINDER**

The party alleging fraudulent joinder bears a heavy burden: it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor. *Davis v. Prentiss Prop. Ltd.,* 66 F. Supp. 2d 1112, 1113 (9th Cir. 1999); *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232-233 (4th Cir. 1993); see also *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3rd Cir. 1992) [inquiry into validity of complaint is more searching under Rule 12(b)(6) than when party claims fraudulent joinder.]  "A claim need not succeed to defeat removal; only a possibility of a right to relief need be asserted." *Marshall,* 6 F.3d at 233, citing Charles A. Wright et al., Federal Practice & Procedure § 3723, at 353-54 (1985.)  The Court must consider the complainant's well-pleaded

allegations as true and view the complaint in the light most favorable to the non-moving party. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) and *Davis v. Prentiss Prop. Ltd.,* 66 F. Supp. 2d 1112, 1113-1114 (9th Cir. 1999.)  If there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent.  *Filla v. Southern Ry. Co.*, 336 F3d 806, 810 (8th Circuit 2003.)

      Taking all of the allegations in Plaintiffs' Complaint for true, Plaintiffs have overwhelmingly demonstrated a "possibility of a right to relief."   Plaintiffs allege McKesson has been engaged in the business of marketing and selling Vioxx nationwide and in the State of California, Marin County, where Plaintiff resides.   (Complaint, ¶ 4.) Further, Plaintiffs generally allege, as to all defendants, that (1) Vioxx was widely advertised and marketed as a safe and effective pain medication (Complaint, ¶ 12); Defendants purposely downplayed and understated the health hazards and risks associated with Vioxx (Complaint, ¶ 16.); and (3), Defendants continued to defend the safety of Vioxx after several studies confirming the risks of cardiovascular events related to Vioxx were published (Complaint, ¶ 21.)  As such, Plaintiffs' allegations demonstrate a "possibility of a right to relief."

      Judge Lawrence K. Karlton, Eastern District of California, found sufficient allegations where plaintiff had alleged McKesson had distributed Vioxx.  *Martin v. Merck & Co.*, *supra*, Exhibit A to the Bosch Declaration, p. 10.  Judge Karlton rejected Merck's argument that plaintiff had failed to allege causation by failing to allege McKesson distributed the Vioxx plaintiff actually ingested.  Id., ["it is well-known … that in determining whether a non-diverse defendant has been improperly joined, courts may look beyond the pleadings and examine the factual records."]

Judge John F. Walter in the Central District of California also recently rejected claims by Merck that Plaintiff had fraudulently joined McKesson for the purpose of keeping the case in state court. *Anderson v. Merck & Co.*, *supra,* Exhibit B to the Bosch Declaration, p.3. Similarly to Plaintiff in this case, Plaintiffs in *Anderson* alleged that Defendants, including McKesson, distributed and sold Vioxx and purported to warn or inform users regarding the risks associated with the drug yet concealed information with regards to the actual dangers. *Id.*, p.3. Judge Walter found these allegations clearly connected McKesson to the plaintiffs' alleged injuries. *Id.* Judge Walter further found, under the liberal pleading requirements, general allegations against McKesson were sufficient to charge McKesson with the alleged conduct. *Id.* Judge John F. Walter, Central District of California, likewise remanded to state court an action where plaintiff sought to add McKesson after Merck moved to remove the case to federal court. *Sokarda v. Merck & Co*, supra, Exhibit C to the Bosch declaration, p. 3-6. Because Plaintiff's allegations here demonstrate a "possibility of a right to relief," and are sufficient to give notice of the allegations, this action must be remanded to state court.

C.   **REMOVAL IS IMPROPER BECAUSE DEFENDANT MCKESSON IS SUBJECT TO STRICT LIABILITY UNDER CALIFORNIA LAW.**

As a distributor, McKesson may be held strictly liable for failure to provide a warning regarding a known or reasonably knowable danger from a pharmaceutical product. Contrary to Merck's claim, the doctrine of "learned intermediary"—which exempts physicians and pharmacies from strict liability—does not apply to a pharmaceutical distributor.

### 1. Strict liability for failure to warn runs to distributors

Defendant McKesson is subject to strict liability for its role in marketing, distributing, and selling the pharmaceutical product Vioxx. It is settled law in California that the doctrine of strict liability applies to manufacturers, distributors, and retailers alike. *Jimenez v. Superior Court of San Diego County*, 29 Cal. 4th 473, 476 (2002); *Cronin v. J.B.E. Olson Corp.*, 8 Cal. 3d 121, 130 (1972); *Canifax v. Hercules Powder Co.*, 237 Cal. App. 2d 44, 52 (1965.) Since the establishment of strict liability for defective products in *Greenman v. Yuba Power Products, Inc.*, 59 Cal. 2d 57 (1963), the Supreme Court of California has applied strict liability to all parties in the chain of distribution. The Court reasoned that:

> Retailers like manufacturers are engaged in the business of distributing goods to the public. They are an integral part of the overall producing and marketing enterprise that should bear the cost of injuries resulting from defective products. . . . Strict liability on the manufacturer and the retailer alike affords maximum protection to the injured plaintiff and works no injustice to the defendants, for they can adjust the costs of such protection between them in the course of their continuing business relationship.

*Vandermark v. Ford Motor Co.*, 61 Cal. 2d 256, 262-63 (1964.) The Court has extended this reasoning to apply to distributors. *Barth v. B.F. Goodrich Tire Co.*, 265 Cal. App. 2d 228, 252 (1968.) As a distributor, McKesson may be held strictly liable for failure to warn.

Merck argues that the general rule that distributors are subject to strict liability does not apply to distributors of pharmaceuticals. Merck does not, and "cannot cite any California cases holding that a distributor cannot be held liable for injuries caused by pharmaceuticals as the California courts have not yet addressed this issue." *Anderson*, *supra,* at p.3; see also *Martin*, *supra*, p. 7 [ finding that a

distributor is in a different position than the ordinary retailer and, "by relying primarily on public policy arguments, Merck effectively concedes that such a cause of action is not presently precluded under California law]; *Sokarda, supra*, at p. 5. Thus, Merck's argument that distributors of pharmaceuticals are not subject to strict liability is unsupported and must fail.

    **2.    Distributors are not exempt from strict liability under the "learned intermediary" doctrine.**

California has carved out a narrow exception to the rule that all parties in the chain of distribution are strictly liable for product defects. Under the doctrine of "learned intermediary," both physicians and pharmacists are exempted from strict liability. *Fogo v. Cutter Laboratories, Inc.*, 68 Cal. App. 3d 744, 754-55 (1977); *Murphy v. E.R. Squibb & Sons, Inc.*, 40 Cal. 3d 672 (1985); *San Diego Hospital Assn. v. Superior Court of San Diego County*, 30 Cal. App. 4th 8, 14-15 (1994); *Cryolife, Inc. v. Superior Court of Santa Cruz County*, 110 Cal. App. 4th 1145, 1155 (2003.) The Supreme Court of California has held that "a pharmacist provides a health service" and "a pharmacy is immune from strict liability." *Murphy*, 40 Cal. 3d at 679, 680. The Court in *Murphy* found that the pharmacist, like the physician, is primarily a service provider. The Court reasoned that the pharmacist "is providing a service to the doctor and acting as an extension of the doctor in the same sense as a technician who takes an X-ray or analyzes a blood sample on a doctor's order." *Id*. at 679.

Although the learned intermediary doctrine has been extended to *pharmacies*, it has *not* been extended to pharmaceutical *distributors*. *Id*. at 680-81. Thus, McKesson is not exempt from strict liability under the doctrine.

Further, California law exempts from liability those in the chain of distribution

when adequate warnings have been given to physicians about the potential dangers of the drug. *Carlin v. Superior Court* (1996) 13 Cal. 4th 1104, 1118.  Where the dangers of the drug were scientifically knowable to the manufacturer or distributor, liability may still extend.  (*Id*; see also *Martin*, *supra*, at p. 8.)

After Vioxx was approved and made available to the public, Merck sponsored the VIGOR study to obtain information regarding clinically meaningful gastrointestinal events and to develop a large controlled database for overall safety assessment[1].  At the conclusion of the VIGOR study, the results were reported in March of 2000 showing serious cardiovascular events occurred in 101 patients who took Vioxx, compared to 46 patients who took naproxen (a type of over-the-counter non-steroidal anti-inflammatory drug (NSAID).)   Additionally, myocardial infarctions occurred in 20 patients in the Vioxx treatment group as opposed to only 4 patients in 20 patients in the naproxen treatment group.  Thus, the dangers posed by Vioxx were reasonably scientifically knowable by McKesson.

Defendant Merck's claims that a pharmaceutical distributor is immune from strict liability under the learned intermediary doctrine are based on three unpublished court orders and two cases, which Merck misconstrues. Merck cites two orders denying plaintiffs' motion for remand against Warner-Lambert Co.  Neither of these two court orders makes any reference—either express or implied—to the learned intermediary doctrine.  Moreover, the court orders do not specify whether the claims against the pharmaceutical distributors were based on a failure to warn or on another product defect.  Furthermore, both cases cited by Merck were issued by Judge Manuel L. Real, a United States District Judge.  No

California court has ruled in agreement with Merck's argument that the learned intermediary doctrine extends to pharmaceutical distributors, making them exempt from claims of strict liability.

Defendant Merck also cites an unpublished out of state court order analyzing Minnesota law from *In re Baycol Products Litigation*. In *Baycol*, two plaintiffs were fraudulently joined to an action involving hundreds of plaintiffs from various states. This is distinguishable from the present case for two reasons. First, in the present case there is one plaintiff and one plaintiff's decedent. Second, the party alleged to be fraudulently joined is not an unrelated individual with a similar injury but is instead a direct party in the chain of distribution for the drug at the center of this litigation.

Merck also cites two cases holding that pharmacies and pharmacists are exempt from strict liability under the learned intermediary doctrine. One of those cases, *Murphy v. E.R. Squibb & Sons, Inc.*, 40 Cal. 3d, is discussed above. This case does not even mention pharmaceutical distributors—let alone extend the learned intermediary doctrine to them. The same is true in the second case cited by Merck, *Schaerrer v. Stewart's Plaza Pharmacy, Inc.*, 79 P. 2d 922 (Utah 2003.) Thus, there is no established law exempting pharmaceutical distributors from strict liability. Instead, it is settled law that the doctrine of strict liability *applies* to distributors.

For the foregoing reasons, Defendant McKesson is subject to strict liability under California law.

DATED:  July 12, 2006                HERSH & HERSH
                                     A Professional Corporation

---

[1] "VIGOR" stands for Vioxx Gastrointestinal Outcomes Research.

By /s/ Carole Bosch
NANCY HERSH, ESQ., State Bar No. 49091
MARK E. BURTON, II, ESQ., State Bar No. 178400
CAROLE BOSCH, ESQ., State Bar No. 239790
HERSH & HERSH
A Professional Corporation
601 Van Ness Avenue, Suite 2080
San Francisco, CA  94102-6396
(415) 441-5544

Attorneys for Plaintiffs