

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

PRIORITY SEND

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. **SACV 05-177-JFW (MANx)** | Date: April 22, 2005 |

Title:  THEODORE M. SOKARDA, et al. -v- MERCK & COMPANY, INC., et al.

**DOCKET ENTRY**

**PRESENT:**

HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

PROCEEDINGS (IN CHAMBERS): ORDER GRANTING DEFENDANT'S *EX PARTE* APPLICATION TO VACATE ORDER TO REMAND OR, ALTERNATIVELY, TO GRANT LEAVE TO AMEND NOTICE OF REMOVAL [filed 3/31/05; Docket No. 15];

ORDER VACATING MARCH 24, 2005 ORDER REMANDING ACTION [Docket No. 7];

ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT [filed 3/25/05; Docket No. 8];

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND TO STATE COURT PURSUANT TO 28 U.S.C. § 1447(e); 28 U.S.C. § 1447(c) [filed 3/25/05; Docket No. 10]

ORDER REMANDING ACTION TO ORANGE COUNTY SUPERIOR COURT;

ORDER DENYING DEFENDANT'S MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION AS MOOT [filed 3/29/05; Docket No. 20]

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d)

Page 1 of 6

DOCKETED ON CM
APR 2 5 2005
BY ___ 010

Initials of Deputy Clerk sr



EXHIBIT "C"

On January 14, 2005, Plaintiffs Theodore M. Sokarda and Patricia A. Sokarda (collectively "Plaintiffs") filed this action in Orange County Superior Court against Merck & Company, Inc. ("Defendant"). On February 23, 2005, Defendant filed a Notice of Removal of Action Under 28 U.S.C. § 1441(b) ("Notice of Removal") based on diversity of citizenship pursuant to 28 U.S.C. § 1332. On March 24, 2005, this Court issued an Order remanding this case to Orange County Superior Court based on a procedural defect and stayed the Remand Order until April 4, 2005 to give Plaintiffs an opportunity to waive the procedural defect and elect to remain in federal court.

On March 25, 2005, Plaintiffs filed a Motion for Leave to Amend Complaint and a Motion to Remand to State Court Pursuant to 28 U.S.C. § 1447(e); 28 U.S.C. § 1447(c) and set the hearing on the Motions for April 25, 2005. On April 4, 2005, in light of the Motions filed by Plaintiffs, the Court continued its Order staying the remand of this action from April 4, 2005 to April 25, 2005. On April 11, 2005, Defendant filed its Oppositions to Plaintiffs' Motions. On April 19, 2005, Plaintiffs filed their Replies.

On March 29, 2005, Defendant filed a Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation. Plaintiffs did not file an Opposition to Defendant's Motion. On March 31, 2005, Defendant filed an *ex parte* Application to Vacate Order to Remand or, Alternatively, to Grant Leave to Amend Notice of Removal. On April 1, 2005, Plaintiffs filed their Opposition to the *ex parte* Application. On April 5, 2005, Defendant filed a Reply in support of its *ex parte* Application.

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that the foregoing matters are appropriate for decision without oral argument. The hearing calendared for April 25, 2005 is hereby vacated and the matters taken off calendar. After considering the moving, opposing, and reply papers and the arguments therein, the Court rules as follows:

I. **Defendant's *ex parte* Application to Vacate March 24, 2005 Remand Order**

On March 24, 2005, this Court issued an Order remanding this case to Orange County Superior Court on the grounds that Defendant had failed to provide the Court with the date that Defendant was served with a copy of the summons and Complaint and therefore had failed to carry its burden in demonstrating that its Notice of Removal was timely filed. Recognizing that this was a procedural defect which could be waived by Plaintiffs, the Court stayed the Remand Order to give Plaintiffs an opportunity to waive the procedural defect and elect to remain in federal court.

Defendant argues that the record before this Court at the time the Court issued its Remand Order demonstrated that Defendant had not yet been served with Plaintiffs' Complaint and that the action had been timely removed. In support of its argument, Defendant relies on a statement made to the Court by Plaintiffs in a declaration filed on March 25, 2005. However, the Court issued its Remand Order on March 24, 2005 - one day prior to the date the declaration relied upon by Defendant was filed.[1]

---

[1] Defendant claims that because the Court's Remand Order was not entered until March 29, 2005, the Court was aware of Plaintiffs' filing on March 25, 2005. However, the entry date for a

Notwithstanding the fact that Defendant's removal papers contained a procedural defect, in light of Plaintiffs' failure to object to this defect within the thirty day time period set forth in 28 U.S.C. § 1447(c), the Court **GRANTS** Defendant's *ex parte* Application to Vacate Order to Remand or, Alternatively, to Grant Leave to Amend Notice of Removal. The Court's March 24, 2005 Order remanding this action is hereby **VACATED**.

II.   **Plaintiffs' Motion for Leave to Amend Complaint and Motion to Remand to State Court**

Plaintiff Theodore M. Sokarda had a stroke on or about January 16, 2002 and to date, remains in a vegetative state. At the time Mr. Sokarda suffered the stroke, he was using a prescribed dosage of the drug Vioxx. According to Plaintiffs, they filed their Complaint against Defendant, the manufacturer of Vioxx, in state court on January 14, 2005 without serving the Complaint on Defendant, "to preserve their statutory claim." Plaintiffs' Motion to Amend at 3. Plaintiffs claim that after the Complaint was filed, counsel for Plaintiffs continued to investigate the companies which sold, distributed and marketed Vioxx with the intent of amending the Complaint to add additional parties once the investigation had been completed. Despite the fact that Defendant had not yet been served with the Complaint, Defendant removed the action to this Court on February 23, 2005 before Plaintiffs had the opportunity to amend their Complaint to add additional defendants.

In their current Motion for Leave to Amend Complaint, Plaintiffs seek leave to add McKesson Corporation and Amerisourcebergen Drug Corporation (the "Distributor Defendants") as defendants in this action. Plaintiffs are both citizens of California. McKesson Corporation is a Delaware Corporation with its principal place of business in California, and is therefore a citizen of both Delaware and California for the purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c). As a result, the joinder of McKesson Corporation as a defendant in this action would destroy diversity and this Court would no longer have subject matter jurisdiction over this action. *See, e.g., Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "When deciding whether to permit joinder under § 1447(e), a court should consider: (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder; (3) whether there has been unexplained delay in seeking the joinder; (4) whether the joinder is solely for the purpose of defeating federal jurisdiction; and (5) whether the claim against the new party seems valid." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1086 (C.D. Cal. 1999) (citing Schwarzer, et al., *California Practice Guide: Federal Civil Procedure Before Trial*, ¶ 2:1078 (TRG 1998)).

---

minute order merely signifies when that order is entered on the docket. The Remand Order was actually issued and filed by the Court on March 24, 2005.

### A. The extent the new defendants are required for just adjudication

Rule 19 "requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations." *Clinco*, 41 F. Supp. 2d at 1082; Fed. R. Civ. P. 19(a); *see also CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir. 1991) (A necessary party is one "having an interest in the controversy, and who ought to be made [a] part[y], in order that the court may act on that rule which requires it to decide and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it."). "Although courts consider whether a party would meet [Rule] 19's standard for a necessary party, amendment under § 1447(e) is a less restrictive standard that for joinder under [Rule] 19." *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion*, 125 F. Supp. 2d 1008, 1011-12 (N.D. Cal. 2000). The standard "is met when failure to join will lead to separate and redundant actions." *Id.* at 1011 (citing *CP Nat'l Corp.*, 928 F.2d at 910).

In their proposed Amended Complaint, Plaintiffs allege that the Distributor Defendants are "wholesale distributors of all Merck & Company, Inc. products, including Vioxx, and, as such, marketed, sold and distributed Vioxx which was ingested by Plaintiff Theodore M. Sokarda." Proposed Amended Complaint at ¶¶ 3-4. Upon review of Plaintiffs' proposed Amended Complaint, the Court finds that failure to join the Distributor Defendants would "lead to separate and redundant actions." Accordingly, this factor weighs in favor of allowing Plaintiffs' amendment under Section 1447(e).

### B. The extent to which a statute of limitations would affect Plaintiffs' ability to bring a separate suit

Plaintiffs do not argue that a new action against the Distributor Defendants would be time-barred. Accordingly, this factor does not support amendment under Section 1447(e).

### C. The timeliness of the proposed amendment

In their Motion to Amend, Plaintiffs represent that they chose not to serve Defendant Merck with the Complaint immediately after filing this action in state court because they were continuing to research potential claims against additional defendants, and that they only filed their Complaint when they did to "to preserve their statutory claim." Plaintiffs' Motion to Amend at 3. Defendant Merck learned of the action and removed the action to this Court prior to service of the Complaint and before Plaintiffs had the opportunity to make those intended amendments to their Complaint. Once Defendant Merck removed the case, Plaintiffs did not delay in bringing their Motion to Amend, which was filed one month after the date of removal. Accordingly, there was no unexplained delay in seeking to add the additional defendants, and this factor weighs in favor of allowing Plaintiffs' amendment under Section 1447(e).

### D. Motive for joinder

Defendant claims that Plaintiffs' only motivation for attempting to join the Distributor Defendants is to "destroy diversity and force remand." Defendant's Opposition to Motion to Amend at 3. In support of its claim, Defendant cites to the fact that Plaintiffs did not attempt to join the Distributor Defendants until one month after Defendant removed this action to this Court. Defendant's argument is entirely disingenuous in light of the actions taken thus far by Defendant in this case. Defendant learned of this action prior to service of the Complaint, and then removed the case and immediately filed an answer, essentially stripping Plaintiffs of the right to amend as a matter of course before a responsive pleading was filed. Moreover, Defendant's argument fails to account for Plaintiffs' explanation that they were continuing to investigate potential defendants after filing of the Complaint, and intended to amend and serve their Complaint on all defendants at the conclusion of their investigation. It appears to the Court that Plaintiffs attempted to amend their Complaint to add the Distributor Defendants at the first available opportunity, and that it has in fact been Defendant's, and not Plaintiffs' motives which are questionable. Accordingly, this factor weighs in favor of allowing Plaintiffs' amendment under Section 1447(e).

### E. The validity of Plaintiffs' claims against the new defendants

Defendant argues that the Court should not permit Plaintiffs to amend their Complaint because their proposed claims against the Distributor Defendants are legally insufficient. In their proposed Amended Complaint, Plaintiffs allege the following ten claims against all defendants: (1) Negligence; (2) Strict liability (failure to warn); (3) Strict liability (design defect); (4) Negligent failure to warn; (5) Negligence *per se*; (6) Misrepresentation and suppression; (7) Breach of warranty; (8) Breach of express warranty; (9) Fraud; and (10) Loss of consortium. Defendant Merck contends that all of the foregoing claims against the Distributor Defendants are based on "an alleged failure to warn about the purported risks of Vioxx," and that "under settled California law, a distributor of prescription pharmaceuticals does not have a duty to warn." Defendant's Opposition to Motion to Amend at 4-5.

The Court does not agree with Defendant that the law in California on this issue is "settled." To the contrary, although California courts have ruled that pharmacists cannot be held strictly liable for failure to warn, they have not addressed whether distributors of prescription drugs can be held liable for failure to warn. Accordingly, the Court finds that Plaintiffs have alleged valid claims for relief against the Distributor Defendants in their proposed Amended Complaint and this factor therefore weighs in favor of allowing Plaintiffs' amendment under Section 1447(e)

Based on the Court's analysis of the foregoing factors, Plaintiffs' Motion to for Leave to Amend Complaint is **GRANTED**. Plaintiffs' Amended Complaint, which was lodged on April 22, 2005, shall be filed as of the date of this Order.

Initials of Deputy Clerk _sr_

Since the joinder of Defendant McKesson Corporation destroys diversity, this Court no longer has subject matter jurisdiction over this action and Plaintiffs' Motion to Remand to State Court Pursuant to 28 U.S.C. § 1447(e); 28 U.S.C. § 1447(c) is **GRANTED**.[2]  This action is hereby **REMANDED** to Orange County Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

In light of the Court's Order remanding this action to Orange County Superior Court, Defendant's Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation is **DENIED as moot.**

IT IS SO ORDERED.

The Clerk shall serve a copy of this Minute Order on all parties to this action.

---

[2] In light of the Court's finding that Plaintiffs state potentially viable claims against Distributor Defendants, the Court need not separately address Defendant's argument regarding fraudulent joinder as set forth in its Opposition to Plaintiffs' Motion to Remand.