IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:   VIOXX | * | MDL No 1657 |
| Products Liability Litigation | * | |
| | * | SECTION:  L |
| **THIS DOCUMENT RELATES TO:** | * | |
| *Tera Prudence v. Merck & Co, Inc.,* | * | |
| EDLA No. 06-3125 | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * | | |

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by its undersigned counsel, answers Plaintiff's

Complaint ("Complaint") as follows:

### RESPONSE TO PARTIES, JURISDICTION AND VENUE

1.      Merck lacks information and knowledge sufficient to either admit or deny the

allegations set forth in paragraph 1 of the Complaint and on that basis, denies the same.

2.      Merck denies each and every allegation set forth in the first sentence of paragraph

2 of the Complaint except admits that it is a leading research-driven pharmaceutical products and

services company that researches, discovers, develops, manufactures, and markets a broad range

of innovative pharmaceutical products to improve human health.  Merck further admits that

Merck is a New Jersey corporation with its principal place of business in Whitehouse Station,

New Jersey.  Merck denies each and every allegation set forth in the second sentence of

paragraph 2 of the Complaint except admits that, until it voluntarily withdrew Vioxx from the

worldwide market on September 30, 2004, Merck manufactured, marketed, and distributed the prescription medicine Vioxx and admits that Vioxx is the brand name for rofecoxib.

3.     The allegations set forth in paragraph 3 of the Complaint call for a legal conclusion to which no response is required.  To the extent any response is required, Merck denies the allegations set forth in paragraph 3 of the Complaint except admits that Plaintiff purports to put more than $75,000 in controversy but denies that there is any legal or factual basis for relief and admits that there is diversity between the parties.

4.     The allegations set forth in paragraph 4 of the Complaint call for a legal conclusion to which no response is required.  To the extent any response is required, Merck denies the allegations set forth in paragraph 4 of the Complaint.

## RESPONSE TO FACTUAL ALLEGATIONS

5.     Merck denies each and every allegation set forth in the first sentence of paragraph 5 of the Complaint except admits that Vioxx is the brand name for rofecoxib.  Merck denies each and every allegation set forth in the second sentence of paragraph 5 of the Complaint except admits that the prescription medicine Vioxx reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

6.     Merck denies each and every allegation set forth in the first sentence of paragraph 6 of the Complaint except admits that in May 1999 Merck received approval from the United States Food and Drug Administration ("FDA") to market the prescription medicine Vioxx and that beginning in May 1999 Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market in

819036v.1

September 30, 2004.  Merck admits the allegations set forth the in the second sentence of paragraph 6 of the Complaint.

7.      Merck denies each and every allegation set forth in paragraph 7 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until September 30, 2004 when Merck voluntarily withdrew Vioxx from the worldwide market.

8.      Merck denies each and every allegation set forth in paragraph 8 of the Complaint.

9.      Merck denies each and every allegation set forth in paragraph 9 of the Complaint.

10.     Merck denies each and every allegation set forth in paragraph 10 of the Complaint.

11.     Merck denies each and every allegation set forth in paragraph 11 of the Complaint except admits that the studies referenced in the first sentence of paragraph 11 and the article referenced in the second sentence of paragraph 11 exist, and respectfully refers the Court to said publications for their actual language and full text.  Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

12.     Merck denies each and every allegation set forth in paragraph 12 of the Complaint, except admits that worldwide sales of Vioxx exceeded $2 billion in 2000.

13.     Merck denies each and every allegation set forth in paragraph 13 of the Complaint except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

14.     Merck denies each and every allegation set forth in paragraph 14 of the Complaint except admits the existence of the journal and the article contained therein and respectfully refers the Court to the referenced document for its actual language and full text.

15.     Merck denies each and every allegation set forth in the first sentence of paragraph 15 of the Complaint except admits the existence of the journal, the article contained therein and respectfully refers the Court to the referenced document for its actual language and full text. Merck denies each and every allegation set forth in the second and third sentences of paragraph 15 of the Complaint except admits that the referenced articles exist and respectfully refers the Court to said articles for their actual language and full text.

16.     Merck denies each and every allegation set forth in paragraph 16 of the Complaint except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

17.     Merck denies each and every allegation set forth in paragraph 17 of the Complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

18.     Merck denies each and every allegation set forth in paragraph 18 of the Complaint except admits that in April 2002 the FDA approved certain changes to Vioxx prescribing information and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

19.     Merck denies each and every allegation set forth in paragraph 19 of the Complaint except admits that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of Vioxx and respectfully refers the Court to the referenced announcement for its actual language and full text.  Merck further avers that it announced on September 30, 2004 that

819036v.1

in a prospective, randomized, placebo controlled clinical trial there was an increased relative risk

for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking

Vioxx compared with those taking placebo and that Merck concluded that given the availability

of alternative therapies and questions raised by the data from that trial, Merck concluded that a

voluntary withdrawal of Vioxx best served the interests of patients.

20.     Merck denies each and every allegation set forth in paragraph 20 of the

Complaint.

21.     Merck denies each and every allegation set forth in paragraph 21 of the

Complaint.

22.     Merck denies each and every allegation set forth in paragraph 22 of the

Complaint.

23.     Merck denies each and every allegation set forth in paragraph 23 of the

Complaint.

24.     Merck denies each and every allegation set forth in paragraph 24 of the

Complaint.

25.     Merck denies each and every allegation set forth in paragraph 25 of the

Complaint.

26.     Merck denies each and every allegation set forth in paragraph 26 of the

Complaint, except admits plaintiff purports to seek exemplary damages, but denies there is any

legal or factual basis for the relief sought.

**RESPONSE TO COUNT 1**
**(Negligence)**

27.     With respect to the allegations set forth in paragraph 27 of the Complaint, Merck

repeats and realleges each and every admission, denial, averment, and statement contained in

5

paragraphs 1 through 26 of this Answer with the same force and effect as though set forth here in full.

28.     Merck denies each and every allegation set forth in paragraph 28 of the Complaint.

29.     The allegations set forth in paragraph 29 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any duty in the manufacture, marketing, or distribution of Vioxx.

30.     Merck denies each and every allegation set forth in paragraph 30 of the Complaint including subparts a through i.

31.     Merck denies each and every allegation set forth in paragraph 31 of the Complaint.

32.     Merck denies each and every allegation set forth in the first and third sentences in paragraph 32 of the Complaint.  Merck denies each and every allegation set forth in the second sentence of paragraph 32 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

33.     Merck denies each and every allegation set forth in paragraph 33 of the Complaint including subparts a through c.

## RESPONSE TO COUNT II

### (Strict Liability - Failure to Warn)

34.     With respect to the allegations set forth in paragraph 34 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 33 of this Answer with the same force and effect as though set forth here in full.

819036v.1

35.     Merck denies each and every allegation set forth in paragraph 35 of the Complaint.

36.     Merck denies each and every allegation set forth in paragraph 36 of the Complaint.

37.     Merck denies each and every allegation set forth in paragraph 37 of the Complaint.

38.     Merck denies each and every allegation set forth in paragraph 38 of the Complaint including subparts a through c.

### RESPONSE TO COUNT III
### (Strict Liability – Design Defect)

39.     With respect to the allegations set forth in paragraph 39 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 38 of this Answer with the same force and effect as though set forth here in full.

40.     Merck denies each and every allegation set forth in paragraph 40 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

41.     Merck denies each and every allegation set forth in paragraph 41 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

42.     Merck denies each and every allegation set forth in paragraph 42 of the Complaint.

819036v.1

43.      Merck denies each and every allegation set forth in paragraph 43 of the Complaint.

44.      Merck denies each and every allegation set forth in paragraph 44 of the Complaint.

45.      Merck denies each and every allegation set forth in paragraph 45 of the Complaint.

46.      Merck denies each and every allegation set forth in paragraph 46 of the Complaint.

47.      Merck denies each and every allegation set forth in paragraph 47 of the Complaint.

48.      Merck denies each and every allegation set forth in paragraph 48 of the Complaint.

49.      The allegations set forth in the first sentence of paragraph 49 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said sentence, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.  Merck denies each and every allegation set forth in the second sentence of the paragraph 49 of the Complaint.

50.      Merck denies each and every allegation set forth in paragraph 50 of the Complaint.

51.      Merck denies each and every allegation set forth in paragraph 51 of the Complaint.

819036v.1

**RESPONSE TO COUNT IV**
**(Negligent Failure to Warn)**

52.     With respect to the allegations set forth in paragraph 52 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 51 of this Answer with the same force and effect as though set forth here in full.

53.     Merck denies each and every allegation set forth in paragraph 53 of the Complaint.

54.     Merck denies each and every allegation set forth in paragraph 54 of the Complaint.

55.     Merck denies each and every allegation set forth in paragraph 55 of the Complaint.

56.     Merck denies each and every allegation set forth in paragraph 56 of the Complaint including subparts a through c.

**RESPONSE TO COUNT V**
**(Negligent Per Se)**

57.     With respect to the allegations set forth in paragraph 57 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 56 of this Answer with the same force and effect as though set forth here in full.

58.     Merck denies each and every allegation set forth in paragraph 58 of the Complaint.

59.     Merck denies each and every allegation set forth in paragraph 59 of the Complaint.

819036v.1

60.     Merck denies each and every allegation set forth in paragraph 60 of the Complaint including subparts a through c.

## RESPONSE TO COUNT VI
### (Misrepresentation and Suppression)

61.     With respect to the allegations set forth in paragraph 61 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 60 of this Answer with the same force and effect as though set forth here in full.

62.     Merck denies each and every allegation set forth in paragraph 62 of the Complaint.

63.     Merck denies each and every allegation set forth in paragraph 63 of the Complaint including subparts a through e.

64.     Merck denies each and every allegation set forth in paragraph 64 of the Complaint.

65.     Merck denies each and every allegation set forth in paragraph 65 of the Complaint.

66.     Merck denies each and every allegation set forth in paragraph 66 of the Complaint.

67.     Merck denies each and every allegation set forth in paragraph 67 of the Complaint.

68.     The allegations set forth in paragraph 68 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck

819036v.1

denies each and every allegation set forth in said paragraph and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

69.      Merck denies each and every allegation set forth in paragraph 69 of the Complaint.

70.      Merck denies each and every allegation set forth in paragraph 70 of the Complaint.

71.      Merck denies each and every allegation set forth in paragraph 71 of the Complaint.

## RESPONSE TO COUNT VII
### (Breach of Warranty)

72.      With respect to the allegations set forth in paragraph 72 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 71 of this Answer with the same force and effect as though set forth here in full.

73.      Merck denies each and every allegation set forth in paragraph 73 of the Complaint.

74.      Merck denies each and every allegation set forth in paragraph 74 of the Complaint.

75.      Merck denies each and every allegation set forth in paragraph 75 of the Complaint.

76.      Merck denies each and every allegation set forth in paragraph 76 of the Complaint.

77.      Merck denies each and every allegation set forth in paragraph 77 of the Complaint.

819036v.1

## RESPONSE TO COUNTY VIII
### (Breach of Express Warranty)

78.     With respect to the allegations set forth in paragraph 78 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 77 of this Answer with the same force and effect as though set forth here in full.

79.     Merck denies each and every allegation set forth in paragraph 79 of the Complaint.

80.     Merck denies each and every allegation set forth in paragraph 80 of the Complaint.

81.     Merck denies each and every allegation set forth in paragraph 81 of the Complaint.

## RESPONSE TO COUNT IX
### (Fraud)

82.     With respect to the allegations set forth in paragraph 82 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 81 of this Answer with the same force and effect as though set forth here in full.

83.     Merck denies each and every allegation set forth in paragraph 83 of the Complaint.

84.     Merck denies each and every allegation set forth in paragraph 84 of the Complaint.

85.     Merck denies each and every allegation set forth in paragraph 85 of the Complaint.

819036v.1

## RESPONSE TO COUNT X
### (Violation of Utah Consumer Sales Practice Act)

86.     With respect to the allegations set forth in paragraph 86 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 85 of this Answer with the same force and effect as though set forth here in full.

87.     Merck denies each and every allegation set forth in paragraph 87 of the Complaint.

## RESPONSE TO COUNT XI
### (Unjust Enrichment)

88.     With respect to the allegations set forth in paragraph 88 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 87 of this Answer with the same force and effect as though set forth here in full.

89.     Merck denies each and every allegation set forth in paragraph 89 of the Complaint.

90.     Merck denies each and every allegation set forth in paragraph 90 of the Complaint.

91.     Merck denies each and every allegation set forth in paragraph 91 of the Complaint.

92.     Merck denies that plaintiff is entitled to any of the relief specified in the Request for Relief, Prayer, or anywhere else in plaintiff's Complaint.  Moreover, all allegations not specifically admitted herein are specifically denied by Merck.

819036v.1

## MERCK'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

### SECOND AFFIRMATIVE DEFENSE

Merck incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action.  Merck will rely on all defenses that may become available during discovery or trial.

### THIRD AFFIRMATIVE DEFENSE

The claims of Plaintiffs may be time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely, including Utah Code Ann. § 78-15-3 and/or § 78-12-25.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff may be barred, in whole or in part, from recovery because she has made statements or taken actions that preclude her from asserting claims or constitute a waiver of her claims.

819036v.1

## SIXTH AFFIRMATIVE DEFENSE

The claims of the Plaintiffs may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

## SEVENTH AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## EIGHTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the

819036v.1

risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## TWELFTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## THIRTEENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

## FOURTEENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

819036v.1

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under the collateral source rule.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims of fraud are barred by reason of Plaintiff's' failure to allege the circumstances constituting fraud with particularity, as required by Utah R. Civ. P. 9(b).

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the First Amendment.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

This case is more appropriately brought in a different venue.

819036v.1

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Venue in this case is improper.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The claims of Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to her claims.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs may be barred, in whole and in part, by the doctrine of laches.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred, in whole or in part, by her failure to mitigate damages.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

819036v.1

### THIRTIETH AFFIRMATIVE DEFENSE

The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff has not sustained any injury or damages compensable at law.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiff's failure to provide it with due process of law.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

819036v.1

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred. Plaintiffs' claim for punitive damages is further controlled by the terms of Utah Code Annotated, § 78-18-1 (2002).

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts: Products Liability.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

819036v.1

## FORTY-SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach as required by Utah Code. Ann. § 70A-2-607(3) and/or lack of privity and/or because the alleged warranties were disclaimed.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for negligence per se are barred on the grounds that such claims are not cognizable against Merck in this action.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to and limited by the provisions of Utah Code Ann. §§ 78-27-38 and 78-27-40.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim under the Utah Consumer Sales Practices Act fails pursuant to Utah Code Ann. § 13-11-22(1)(a) because the alleged acts or practices complained of are required or specifically permitted by or under federal law, or by or under state law.

WHEREFORE, Merck respectfully demands judgment dismissing plaintiff's Complaint with prejudice and awarding Merck its reasonable attorney's fees, together with such other and further relief that the Court may deem just and proper.

Dated: July _____, 2006                Respectfully submitted

                                       */s/ Dorothy H. Wimberly*_____
                                       Phillip A. Wittman, 13625
                                       Dorothy H. Wimberly, 18509
                                       Carmelite M. Bertaut, 3054
                                       Stone Pigman Walther Wittman L.L.C.
                                       546 Carondelet Street
                                       New Orleans, Louisiana 70130
                                       Phone: (504)581-3200
                                       Fax:    (504)581-3361
                                       *Defendants' Liaison Counsel*

Rick L. Rose (Utah State Bar No. 5140)
Kristine M. Larsen (Utah State Bar No. 9228)
RAY QUINNEY & NEBEKER
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
      Telephone:    (801) 532-1500
      Telecopier:    (801)532-7543

*Attorneys for Merck & Co., Inc.*

819036v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 13th day of July, 2006.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

819036v.1