UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

PRIORITY SEND
Ent / SS

## CIVIL MINUTES -- GENERAL

Case No.   CV 05-4036-JFW (MANx)          THIS CONSTITUTES NOTICE OF ENTRY
LASC Case No.: BC 331454                  AS REQUIRED BY FRCP, RULE 77(d).   Date: July 26, 2005
Title:     LOUANN ANDERSON, et al. -v- MERCK & CO., INC., et al.

**PRESENT:**

HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

Shannon Reilly                              None Present
Courtroom Deputy                            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:           ATTORNEYS PRESENT FOR DEFENDANTS:
None                                        None

PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING PLAINTIFFS' MOTION TO REMAND TO STATE COURT [filed 6/13/05; Docket No. 14];

ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT;

ORDER DENYING DEFENDANT MERCK & CO., INC.'S MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION AS MOOT [filed 7/1/05; Docket No. 20]

On June 13, 2005, Plaintiffs filed a Motion to Remand to State Court. On July 14, 2005, Defendant Pfizer, Inc. ("Pfizer") filed its Opposition. On July 18, 2005, Defendant Merck & Co., Inc. ("Merck") filed its Opposition. On July 26, 2005, Plaintiffs filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for August 1, 2005 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers and the arguments therein, the Court rules as follows:

On April 6, 2005, 42 individuals (collectively "Plaintiffs") filed a Complaint in Los Angeles County Superior Court against Defendants Merck, Pfizer, McKesson Corporation, and Pharmacia & Upjohn, Inc. alleging the following six causes of action: (1) Negligence; (2) Strict liability - failure to warn; (3) Breach of express warranty; (4) Breach of implied warranty; (5) Negligent misrepresentation; and (6) Fraud. On June 3, 2005, Defendant Merck filed a Notice of Removal of Action Under 28 U.S.C. § 1441(b) ("Notice of Removal").

ENTERED
CLERK, U.S. DISTRICT COURT

Page 1 of 4           JUL 2 7 2005          (30)
                                            Initials of Deputy Clerk
CENTRAL DISTRICT OF CALIFORNIA
BY                                DEPUTY

EXHIBIT  "B"

In its Notice of Removal, Defendant Merck claims that this Court has subject matter jurisdiction over this action on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a) because 40 of the 42 Plaintiffs are completely diverse from Defendant Merck,[1] 41 of the 42 Plaintiffs are completely diverse from Defendant Pfizer,[2] and the amount in controversy exceeds $75,000. Defendant Merck argues that the citizenship of Defendant McKesson Corporation ("McKesson"), a Delaware corporation with its principal place of business in California, should not be considered in determining whether this Court has jurisdiction because McKesson has been fraudulently joined. Defendant Merck further argues that the citizenship of Plaintiffs Desi D. Hill, Sr. and Veniamin Nilva, the only Plaintiffs who are citizens of New Jersey, and Plaintiff Jerome K. Wohl, the only Plaintiff who is a citizen of New York, should be disregarded and those Plaintiffs should be severed from the case on the grounds of fraudulent misjoinder.[3] Plaintiffs filed the present Motion to Remand on the grounds that the parties are not completely diverse, none of the parties have been fraudulently joined or misjoined, and this Court therefore lacks subject matter jurisdiction over this action.

The basic requirement for jurisdiction in diversity cases is that all plaintiffs be of different citizenship than all defendants. See *Strawbridge v. Curtiss*, 7 U.S. 267 (1806); see also *Munoz v. Small Business Administration*, 644 F.2d 1361, 1365 (9th Cir. 1981) (noting that "[d]iversity jurisdiction requires that the plaintiffs and each defendant be citizens of different states"). Even where the complete diversity requirement is met, removal is not permitted where one of the defendants is a "citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). However, if the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the *settled* rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (emphasis added). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is *any possibility* that the plaintiffs may prevail on the cause of action against the in-state defendant. See *id.* at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a *possibility* that they may do so." *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996) (emphasis added). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the

---

[1] Defendant Merck is a New Jersey corporation with its principal place of business in New Jersey.

[2] Defendant Pfizer is a Delaware corporation with its principal place of business in New York.

[3] Defendant also argues that, in the event the Court decides that McKesson is properly joined, the Court should sever the twenty-eight Plaintiffs who are citizens of California on the grounds of fraudulent misjoinder.

non-removing party.'" *Id.* at 1008 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992)). Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand. *See id.*

Defendant Merck argues that Defendant McKesson was fraudulently joined because Plaintiffs failed to allege an actual connection between their alleged injuries and any conduct by Defendant McKesson. *See* Opposition at 13-15. To the contrary, Plaintiffs allege in their Complaint that Defendant McKesson "distributed and sold Vioxx in and throughout the State of California, including Los Angeles County" and "purported to warn or to inform users regarding the risks pertaining to, and assuaged concerns about the pharmaceutical Vioxx." Complaint at ¶¶ 4, 68. Plaintiffs further allege, *inter alia*, that Defendants Merck and McKesson "actually knew of Vioxx's defective nature . . . but continued to design, manufacture, market, and sell the drug so as to maximize sales and profits at the expense of the health and safety of the public, including Plaintiffs." *Id.* at ¶ 111. Based on this allegation and the other allegations contained in Plaintiffs' Complaint, Plaintiffs specifically allege that "[a]s a result of . . . Defendants' conduct, Plaintiffs suffered injuries and damages." *Id.* at ¶ 113. These allegations clearly connect Defendant McKesson to Plaintiffs' alleged injuries. Although the majority of Plaintiffs' allegations are stated against all "Defendants," including McKesson, under the liberal pleading requirements, such general allegations against all "Defendants" are sufficient to charge Defendant McKesson with the alleged wrongful conduct. *See, e.g., Plute*, 141 F. Supp. 2d at 1010, n.4 (citing *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994).

Defendant Merck also argues that Defendant McKesson was fraudulently joined because Plaintiffs have failed to state a viable cause of action against Defendant McKesson. *See* Opposition at 18-22. Defendant Merck contends that each of the causes of action alleged in Plaintiffs' Complaint are based on "an alleged failure to warn about the purported risks of Vioxx," and that "under California law, [McKesson] has no duty to warn." *Id.* at 18. However, Defendant Merck does not, and cannot cite any California cases holding that a distributor cannot be held liable for failure to warn, as the California state courts have not yet addressed that issue. Defendant Merck has simply failed to satisfy its heavy burden of demonstrating that there is no possibility that Plaintiffs will be able to prevail on the merits of their claims in state court, and therefore has failed to demonstrate that Defendant McKesson was fraudulently joined. Accordingly, this matter must be remanded because complete diversity of citizenship is lacking.[4]

In a final attempt to remain in federal court, Defendant Merck claims that the thirty-one Plaintiffs who are citizens of California, New Jersey and New York have been "fraudulently misjoined," and argues that the Court should sever those Plaintiffs from the action and retain jurisdiction over the remaining eleven Plaintiffs who are completely diverse from Defendants. *Id.* at 22-25. In support of its argument, Defendant Merck relies primarily on the Eleventh Circuit's decision in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996). In *Tapscott*, the Eleventh Circuit held that while "mere misjoinder" does not constitute fraudulent joinder, a

---

[4] In light of the Court's finding that Defendant is properly joined as a Defendant in this action with respect to Plaintiffs' claims regarding Vioxx and the joinder of Defendant McKesson defeats diversity, the Court need not specifically address whether Defendant McKesson is properly joined with respect to Plaintiffs' claims regarding Celebrex.

party's attempt to misjoin parties may be "so egregious as to constitute fraudulent joinder." *Tapscott*, 77 F.3d at 1360. However, the Ninth Circuit has not found the occasion to address, nor adopt, the Eleventh Circuit's holding in *Tapscott*. *See Brazina v. Paul Revere Life Ins. Co.*, 271 F. Supp. 2d 1163, 1172 (N.D. Cal. 2003); *Osborn v. Metropolitan Life Ins. Co.*, 341 F. Supp. 2d 1123, 1127 (E.D. Cal. 2004). Moreover, as the Northern District noted in *Brazina*, *Tapscott* "concerned two groups of plaintiffs that sued separate groups of defendants on almost entirely separate legal grounds." *Id.* That is simply not the situation that this Court is presented with here, and the Court declines to adopt and apply the theory set forth in *Tapscott* to this case.

For all of the foregoing reasons, Plaintiffs' Motion to Remand to State Court is **GRANTED**. This action is hereby **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

In light of the Court's Order remanding this action to Los Angeles County Superior Court, Defendant's Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation, which is currently on calendar for September 12, 2005, is **DENIED as moot**.

IT IS SO ORDERED.

The Clerk shall serve a copy of this Minute Order on all parties to this action.