UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| This document relates to | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| Gerald D. Barnett v. Merck & Co, Inc. | * | CASE NO. 06-0485 |

THE PLAINTIFFS' STEERING COMMITTEE'S RESPONSE IN
OPPOSITION TO THE MOTION FOR RECONSIDERATION OF THIS
COURT'S JUNE 28, 2006 ORDER MISNAMED AND MISCHARACTERIZED
AS MOTION AND INCORPORATED MEMORANDUM OF MR. DAVID
ANSTICE AND MERCK & CO., INC. ("MERCK") TO QUASH SUBPOENA

I.     **INTRODUCTION**

The Plaintiffs' Steering Committee ("PSC") hereby responds to the motion for

reconsideration of this Court's June 28, 2006 Order compelling the attendance of Mr. Anstice,

disguised and improperly named as Motion and Incorporated Memorandum of Mr. David

Anstice and Merck & Co., Inc. ("Merck") to Quash Subpoena.  Both Merck and Mr. Anstice

contend that the Court's June 28, 2006 Order exceeds the Court's authority under Fed.R.Civ.P.

45 which was the subject of the Court's Order and the motion to compel that precipitated it.  As

such, the motion is nothing more than a request for reconsideration of the matters previously

addressed.  There are no new intervening facts, nor changes in the applicable law to justify the

motion for reconsideration, which is itself untimely and should be denied.

II.     **ARGUMENT**

     A.     **There is No Merit to the Instant Motion as Both Merck and
          Mr. Anstice Are Subject to this Court's Jurisdiction and**

**May be Compelled to Appear at Trial.**

The PSC engaged Merck and its officer, Mr. Anstice, in extensive briefing seeking to compel the attendance of Mr. Anstice at the upcoming trial in *Barnett*.[1] That briefing addressed the panoply of legal issues that are now the subject of the instant motion. This Court in its Order rejected the same arguments presented in the instant motion and ruled that Mr. Anstice, as an officer of Merck, may be subject to a subpoena compelling his attendance at the trial here in New Orleans.

Merck, now accompanied by Mr. Anstice (whose representation as an officer of the company was affected previously through Merck), now readdresses the identical arguments in the instant motion. As such, the instant motion is nothing more than a request for reconsideration and is governed by the legal standard applicable to such a motion.

A motion to reconsider should be granted where the movant demonstrates any of the following criteria: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or to prevent injustice. *In re: Vioxx Products Liability Litigation*, 230 F.R.D. 473, 474-75 (E.D.La. 2005), *modified by*, 2005 WL 2036797 (E.D.La. Jul 22, 2005). "Reconsideration of an order is an extraordinary remedy which courts should use sparingly," *id.* at 475, but where one or more of the criteria are met, reconsideration should be granted.

Applying this standard to the instant motion justifies its denial. Merck cites to no new case law and makes no suggestion that an intervening change in controlling law has occurred.

---

[1] *See* The Plaintiffs' Steering Committee's Generic Motion *In Limine* and Memorandum in Support thereof and The Plaintiffs' Steering Committee's Reply to Merck & Co. Inc.'s Brief Regarding the PSC's Renewed Motion to Compel David Anstice to Testify Either at Trial or by Live Transmission from another Location.

2

There is no new evidence that was not previously available except for the actual issuance of the subpoena which was at all times contemplated by the Court in its June 28, 2006 Order. Finally, Merck cannot argue that the Court's ruling would work an injustice on the company or Mr. Anstice as Rule 45 plainly requires officers and directors who are the subject of the Court's jurisdiction to appear at hearings and trials before the tribunal lest they be subject to findings of contempt or adverse jury instructions. The Court's authority over Mr. Anstice was thoroughly addressed in the PSC's prior briefing, *see* footnote 1 *supra*, which are incorporated herein by reference.

### B.    The Instant Motion is Untimely

Motions for reconsideration are the subject of Fed.R.Civ.P. 59. Rule 59 expressly states a ten day limitation as follows:

> Any motion for a new trial shall be filed no later than 10 days after the date of judgment.

Fed.R.Civ.P. 59(b). Merck seeks reconsideration of the June 28, 2006 Order, however, its motion was filed on July 12, 2006. The motion was filed 14 days subsequent to the entry of the pertinent Order. As such, it is untimely and the instant motion may be denied on these grounds alone.

### III.    CONCLUSION

A corporation can only act through its officers and directors and employees. Merck has never contested this Court's jurisdiction over the entity or its officers and directors. Mr. Anstice, as an officer of Merck, is clearly subject to this Court's jurisdiction. Indeed, this Court on June 28, 2006, specifically made such a finding. Merck's present challenge is a direct affront to this Court's authority to assert its jurisdiction over Merck and its officer, Mr. Anstice.

3

Merck's challenge is not only untimely, but meritless as well, and properly the subject of 28

U.S.C. §1927.

For these reasons, the PSC respectfully requests that the Court deny the instant motion.

Respectfully submitted,

Dated:  July  14  , 2006            By    *P. Leigh O'Dell*
                                                Andy D. Birchfield, Jr.
                                                P. Leigh O'Dell
                                                BEASLEY, ALLEN, CROW,
                                                METHVIN, PORTIS & MILES, P.C.
                                                P.O. Box 4160
                                                234 Commerce Street
                                                Montgomery, Alabama  36103-4160
                                                Telephone:  (334) 269-2343
                                                Facsimile: (334) 954-7555

4

Mark P. Robinson, Jr.
Kevin F. Calcagnie
Carlos A. Prietto, III
Ted B. Wacker
Lexi W. Myer
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Dr., 7th Floor
Newport Beach, California  92660
Telephone:  (949) 720-1288
Facsimile: (949) 720-1292

Donald C. Arbitblit
LIEFF, CABRASER, HEIMANN and
BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California   94111
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Counsel for Plaintiff

Russ M. Herman
Leonard A. Davis
Stephen J. Herman
HERMAN HERMAN KATZ
& COTLER, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70013
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

Christopher A. Seeger
SEEGER WEISS
One William Street
New York, New York 10004
Telephone: (212) 584-0700
Facsimile: (212) 584-0799
**Co-Lead Counsel**

**PLAINTIFFS' LIAISON COUNSEL**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Arnold Levin, Esquire **(on brief)**
Fred S. Longer, Esquire **(on brief)**
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID, MEUNIER
& WARSHAUER, L.L.C.
P.O. Box 960
191 East Second Street
New Roads, LA 70760
(225) 638-6137
(225) 638-8836 (fax)

Shelley Sanford, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Thomas R. Kline, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W.
Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

**PLAINTIFF'S STEERING COMMITTEE**

6

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing The Plaintiffs' Steering Committee's Response in Opposition to the Motion for Reconsideration of this Court's June 28, 2006 Order Misnamed and Mischaracterized as Motion and Incorporated Memorandum of Mr. David Anstice and Merck & Co., Inc. ("Merck") to Quash Subpoena has been served on Defendants' Liaison Counsel, Phillip A. Wittmann, Merck's Counsel, Andrew L. Goldman, and Plaintiffs' Liaison Counsel, Russ Herman, by U.S. Mail and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced, in accordance with Pretrial Order No. 8A, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this __14th__ day of July, 2006.

P. Leigh O'Dell
Attorney for Plaintiff
Beasley, Allen, Crow,
Methvin, Portis & Miles, P.C.