## READ THE FOLLOWING INSTRUCTIONS BEFORE OPENING STATEMENTS BEGIN:

BEFORE THE LAWYERS BEGIN THEIR PRESENTATIONS, I WOULD LIKE TO GIVE YOU AN OVERVIEW OF THE LAW THAT APPLIES TO THIS CASE. THE PURPOSE OF THIS OVERVIEW IS TO ASSIST YOU IN FOLLOWING THE EVIDENCE THAT WILL BE PRESENTED TO YOU OVER THE COURSE OF THE TRIAL. I WILL DISCUSS THE SPECIFICS OF THE LAW IN GREATER DETAIL AT THE END OF THE TRIAL.

AS I MENTIONED DURING VOIR DIRE, THE PLAINTIFFS IN THIS CASE HAVE BROUGHT SUIT FOR THE WRONGFUL DEATH OF THEIR HUSBAND AND FATHER, RICHARD DIEZ. THEY ALLEGE THAT MR. DIEZ DIED AS A RESULT OF INADEQUATE WARNINGS CONCERNING THE DRUG PROPULSID. MR. DIEZ USED PROPULSID TO ALLEVIATE GASTROESOPHAGEAL REFLUX DISEASE ("GERD") OR HEARTBURN.

PLAINTIFFS HAVE SUED THE DEFENDANTS, JOHNSON & JOHNSON AND JANSSEN PHARMACEUTICA AS THE MANUFACTURERS OF PROPULSID UNDER THE LOUISIANA PRODUCTS LIABILITY ACT, WHICH IS A LOUISIANA STATUTE THAT DEALS WITH CLAIMS INVOLVING PRODUCTS. THIS ACT ALLOWS A PLAINTIFF TO RECOVER DAMAGES

AGAINST A MANUFACTURER IF HE PROVES BY A PREPONDERANCE OF THE EVIDENCE THAT HIS INJURIES WERE CAUSED BY AN INADEQUATE WARNING. A MANUFACTURER IS LIABLE FOR FAILING TO GIVE AN ADEQUATE WARNING IF, AT THE TIME THE PRODUCT LEFT THE MANUFACTURER'S CONTROL, THE PRODUCT HAD A CHARACTERISTIC THAT MIGHT CAUSE DAMAGE AND THE MANUFACTURER, WHEN CONSIDERING ALL THE CIRCUMSTANCES, FAILED TO USE REASONABLE CARE TO PROVIDE AN ADEQUATE WARNING OF THAT CHARACTERISTIC AND ITS DANGER TO USERS OF THE PRODUCT. A MANUFACTURER WHO LEARNS OF A CHARACTERISTIC OF A PRODUCT AND ITS DANGER AFTER IT HAS LEFT HIS CONTROL THAT MAY CAUSE INJURY, OR WHO WOULD HAVE LEARNED ABOUT IT HAD HE ACTED IN A REASONABLY PRUDENT FASHION, IS LIABLE FOR INJURY CAUSED BY HIS SUBSEQUENT FAILURE TO USE REASONABLE CARE TO PROVIDE AN ADEQUATE WARNING OF SUCH CHARACTERISTIC AND ITS DANGER TO USERS OF THE PRODUCT. IN LOUISIANA, CLAIMS AGAINST THE MANUFACTURER OF PRESCRIPTION DRUGS ARE SUBJECT TO THE LEARNED INTERMEDIARY DOCTRINE. THIS DOCTRINE PROVIDES

THAT A DRUG MANUFACTURER DISCHARGES ITS DUTY TO CONSUMERS BY REASONABLY INFORMING PRESCRIBING PHYSICIANS OF THE DANGERS OF THE DRUG.

AN ESSENTIAL ELEMENT OF A CAUSE OF ACTION BASED ON FAILURE TO ADEQUATELY WARN OF A PRODUCT'S DANGER IS THAT THERE BE SOME REASONABLE CONNECTION BETWEEN THE OMISSION OF THE MANUFACTURER AND THE DAMAGE WHICH THE PLAINTIFF HAS SUFFERED. THIS CAUSE IN FACT BURDEN IS ASSISTED BY A PRESUMPTION THAT, IF WARNINGS HAD BEEN PROVIDED, THE USER WOULD HAVE HEEDED SUCH ADMONITIONS. THE PRESUMPTION MAY BE REBUTTED IF THE MANUFACTURER PRODUCES CONTRARY EVIDENCE WHICH PERSUADES THE TRIER OF FACT THAT AN ADEQUATE WARNING OR INSTRUCTION WOULD HAVE BEEN FUTILE UNDER THE CIRCUMSTANCES.

THE FIRST ELEMENT OF PROOF IN A PRODUCTS LIABILITY CASE IS CAUSATION OR "CAUSE-IN-FACT." CONDUCT OF THE DEFENDANT IS A CAUSE-IN-FACT OF HARM TO THE PLAINTIFF, IF IT WAS A SUBSTANTIAL FACTOR IN BRINGING ABOUT THAT HARM. SUCH CONDUCT IS A SUBSTANTIAL FACTOR IF THE HARM WOULD NOT

HAVE OCCURRED WITHOUT THE CONDUCT, I.E. BUT FOR DEFENDANT'S CONDUCT, PLAINTIFF WOULD NOT HAVE SUSTAINED INJURY. CAUSE-IN-FACT IS A FACTUAL QUESTION TO BE DETERMINED BY THE JURY.

PLAINTIFFS HAVE THE BURDEN IN A CIVIL ACTION, SUCH AS THIS, TO PROVE EVERY ESSENTIAL ELEMENT OF THEIR CLAIM BY A PREPONDERANCE OF THE EVIDENCE. IF PLAINTIFFS SHOULD FAIL TO ESTABLISH ANY ESSENTIAL ELEMENT OF PLAINTIFFS' CLAIM BY A PREPONDERANCE OF THE EVIDENCE, YOU SHOULD FIND FOR DEFENDANTS AS TO THAT CLAIM.

"ESTABLISH BY A PREPONDERANCE OF THE EVIDENCE" MEANS TO PROVE THAT SOMETHING IS MORE LIKELY SO THAN NOT SO. IN OTHER WORDS, A PREPONDERANCE OF THE EVIDENCE MEANS SUCH EVIDENCE AS, WHEN CONSIDERED AND COMPARED WITH THE EVIDENCE OPPOSED TO IT, HAS MORE CONVINCING FORCE, AND PRODUCES IN YOUR MINDS BELIEF THAT WHAT IS SOUGHT TO BE PROVED IS MORE LIKELY TRUE THAN NOT TRUE. THIS STANDARD DOES NOT REQUIRE PROOF TO AN ABSOLUTE CERTAINTY, SINCE PROOF TO AN ABSOLUTE CERTAINTY IS SELDOM POSSIBLE IN ANY

CASE.

IN DETERMINING WHETHER ANY FACT IN ISSUE HAS BEEN PROVED BY A PREPONDERANCE OF THE EVIDENCE, YOU MAY, UNLESS OTHERWISE INSTRUCTED, CONSIDER THE TESTIMONY OF ALL WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM.

THE EVIDENCE IN THIS CASE WILL CONSIST OF THE FOLLOWING:

1. THE SWORN TESTIMONY OF THE WITNESSES, NO MATTER WHO CALLED A WITNESS.

2. ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THE EXHIBITS.

3. ALL FACTS THAT MAY HAVE BEEN JUDICIALLY NOTICED AND THAT YOU MUST TAKE AS TRUE FOR PURPOSES OF THIS CASE.

DEPOSITIONS MAY ALSO BE RECEIVED IN EVIDENCE. DEPOSITIONS CONTAIN SWORN TESTIMONY, WITH THE LAWYERS FOR EACH PARTY BEING ENTITLED TO ASK QUESTIONS. IN SOME CASES,

A DEPOSITION MAY BE PLAYED FOR YOU ON VIDEOTAPE. DEPOSITION TESTIMONY MAY BE ACCEPTED BY YOU, SUBJECT TO THE SAME INSTRUCTIONS THAT APPLY TO WITNESSES TESTIFYING IN OPEN COURT.

STATEMENTS AND ARGUMENTS OF THE LAWYERS ARE NOT EVIDENCE IN THE CASE, UNLESS MADE AS AN ADMISSION OR STIPULATION OF FACT. A "STIPULATION" IS AN AGREEMENT BETWEEN BOTH SIDES THAT CERTAIN FACTS ARE TRUE OR THAT A PERSON WOULD HAVE GIVEN CERTAIN TESTIMONY. WHEN THE LAWYERS ON BOTH SIDES STIPULATE OR AGREE TO THE EXISTENCE OF A FACT, YOU MUST, UNLESS OTHERWISE INSTRUCTED, ACCEPT THE STIPULATION AS EVIDENCE, AND REGARD THAT FACT AS PROVED.

I MAY TAKE JUDICIAL NOTICE OF CERTAIN FACTS OR EVENTS. WHEN I DECLARE THAT I WILL TAKE JUDICIAL NOTICE OF SOME FACT OR EVENT, YOU MUST ACCEPT THAT FACT AS TRUE.

IF I SUSTAIN AN OBJECTION TO ANY EVIDENCE OR IF I ORDER EVIDENCE STRICKEN, THAT EVIDENCE MUST BE ENTIRELY IGNORED.

SOME EVIDENCE IS ADMITTED FOR A LIMITED PURPOSE ONLY.

WHEN I INSTRUCT YOU THAT AN ITEM OF EVIDENCE HAS BEEN ADMITTED FOR A LIMITED PURPOSE, YOU MUST CONSIDER IT ONLY FOR THAT LIMITED PURPOSE AND FOR NO OTHER PURPOSE.

YOU ARE TO CONSIDER ONLY THE EVIDENCE IN THIS CASE. BUT IN YOUR CONSIDERATION OF THE EVIDENCE YOU ARE NOT LIMITED TO STATEMENTS OF THE WITNESS. IN OTHER WORDS, YOU ARE NOT LIMITED SOLELY TO WHAT YOU SEE AND HEAR AS THE WITNESS TESTIFIED. YOU MAY DRAW FROM THE FACTS THAT YOU FIND HAVE BEEN PROVED, SUCH REASONABLE INFERENCES OR CONCLUSIONS AS YOU FEEL ARE JUSTIFIED IN LIGHT OF YOUR EXPERIENCE.

AT THE END OF THE TRIAL YOU WILL HAVE TO MAKE YOUR DECISION BASED ON WHAT YOU RECALL OF THE EVIDENCE. YOU WILL NOT HAVE A WRITTEN TRANSCRIPT TO CONSULT, AND IT IS DIFFICULT AND TIME CONSUMING FOR THE REPORTER TO READ BACK LENGTHY TESTIMONY. I URGE YOU TO PAY CLOSE ATTENTION TO THE TESTIMONY AS IT IS GIVEN.