UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to: | * | JUDGE FALLON |
| *George Grech, Jr. v. Merck & Co., Inc., et al.,* | * | |
| (E.D. La. Index No. CA-05-5587-L) | * | MAG. JUDGE KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

<u>ANSWER AND JURY DEMAND OF DEFENDANT MERCK & CO., INC.</u>

Defendant, Merck & Co., Inc. ("Merck"), through undersigned counsel, answers

the Amended Complaint ("Complaint") herein as follows:

<u>RESPONSE TO "GENERAL ALLEGATIONS"</u>

1.      Denies each and every allegation contained in paragraph 1 of the

Complaint, except admits that Plaintiffs purport to seek damages in excess of $75,000.00

exclusive of interest and costs but denies that there is any legal or factual basis for such

relief.

2.      Denies each and every allegation contained in paragraph 2 of the

Complaint, except admits that Merck manufactured, marketed and distributed the

prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from

the worldwide market on September 30, 2004.

3.      The allegations contained in paragraph 3 of the Complaint are legal

conclusions to which no response is required.  If a response is required, Merck denies

each and every allegation contained in paragraph 3 of the Complaint except admits there

is diversity between the parties and that Plaintiffs purport to put more than $75,000 in controversy but denies that there is any legal or factual basis for the relief sought.

4.      Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint except Merck is informed and believes that the Plaintiffs reside in Pinellas County, Florida.

5.      The allegations contained in paragraph 5 of the Complaint are legal conclusions to which no response is required**.**  If a response is required Merck denies each and every allegation contained in paragraph 5 of the Complaint except admits that Merck is authorized to do business in the State of Florida.

6.      Denies each and every allegation contained in paragraph 6 of the Complaint except admits that Merck is a New Jersey Corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey and that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004 and that Merck is authorized to do business in the State of Florida.

7.      Denies each and every allegation contained in paragraph 7 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004 and is authorized to do business in the State of Florida.  Merck further admits that Vioxx, its trade name for rofecoxib, reduces pain and inflammation and that the mechanism of the action is believed to be due to inhibition of

819629v.1

prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

      8.      Denies each and every allegation contained in paragraph 8 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

      9.      Denies each and every allegation contained in paragraph 9 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

      10.      Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint, but denies the allegations contained in paragraph 10 of the Complaint that Plaintiff George Grech, Jr. was injured as a result of his ingestion of the prescription medicine Vioxx.

## RESPONSE TO "VIOXX BACKGROUND"

      11.      Denies each and every allegation contained in paragraph 11 of the Complaint except admits that in May 1999 Merck received the approval of the United States Food and Drug Administration ("FDA") to manufacture and market the prescription medicine Vioxx.  Merck further avers that in 1999 the FDA approved Vioxx as safe and effective for certain indicated uses in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and

819629v.1

respectfully refers the Court to the relevant prescribing information for Vioxx for its indicated uses and full text.

12.     Denies each and every allegation contained in paragraph 12 of the Complaint except admits that the VIGOR study exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

13.     Denies each and every allegation contained in paragraph 13 of the Complaint, except admits that such a press release exists and respectfully refers the Court to the referenced press release for its actual language and full text.

14.     Denies each and every allegation contained in paragraph 14 of the Complaint except admits that in September 2001 Merck received a letter from Thomas W. Abrams of DDMAC and respectfully refers the Court to that letter for its actual language and full text.

15.     Denies each and every allegation contained in paragraph 15 of the Complaint except admits the existence of the journal and the article contained therein and respectfully refers the Court to the referenced document for its actual language and full text.

16.     Denies each and every allegation contained in paragraph 16 of the Complaint except admits that in April, 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

819629v.1

17.     Merck denies each and every allegation contained in paragraph 17 of the Complaint except admits the existence of the referenced study and respectfully refers the Court to the referenced study for its actual language and full text.

18.     Denies each and every allegation contained in paragraph 18 of the Complaint.

19.     Denies each and every allegation contained in paragraph 19 of the Complaint.

20.     Denies each and every allegation contained in paragraph 20 of the Complaint, except admits that such an article exists and respectfully refers the Court to the referenced article for its actual language and full text.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint, except admits that such a presentation was made and respectfully refers the Court to the referenced presentation for its actual language and full text.

22.     Denies each and every allegation contained in paragraph 22 of the Complaint except admits that the "APPROVe" study exists and respectfully refers the Court to the APPROVe study for its actual language and full text.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint except admits that on September 30, 2004, Merck announced the voluntary worldwide withdrawal of Vioxx and respectfully refers the Court to the referenced announcement for its actual language and full text and admits that Vioxx was prescribed to millions of patients by health care providers and that sales figures exceeded $2 billion in 2003.

819629v.1

## RESPONSE TO "COUNT 1 (STRICT LIABILITY
## AND DEFECTIVE DESIGN)"

24.     With respect to paragraph 24 of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 - 23 of this Answer with the same force and effect as though set forth here in full.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

27.     Denies each and every allegation contained in paragraph 27, including subparts a - d, of the Complaint.

28.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Complaint.

29.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Complaint.

30.     Denies each and every allegation contained in paragraph 30 of the Complaint.

819629v.1

31.     Denies each and every allegation contained in paragraph 31 of the Complaint.

32.     Denies each and every allegation contained in paragraph 32 of the Complaint.

**RESPONSE TO DEMANDS SET FORTH IN THE**
**AD DAMNUM CLAUSE IN COUNT I**

Plaintiffs' ad damnum clause in Count I of the Complaint is not an allegation and therefore no response is required.  If a response is required, Merck denies each and every allegation contained therein except admits that Plaintiffs purport to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

**RESPONSE TO "COUNT II STRICT LIABILITY - FAILURE TO WARN"**

33.     With respect to paragraph 33 of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 - 23 of this Answer with the same force and effect as though set forth here in full.

34.     Denies each and every allegation contained in paragraph 34, including subparts a - c, of the Complaint.

35.     The allegations contained in paragraph 35 of the Complaint are legal conclusions to which no response is required.  If a response is required, Merck denies each and every allegation contained in paragraph 35 of the Complaint.

36.     The allegations contained in paragraph 36 of the Complaint are legal conclusions to which no response is required.  If a response is required, Merck denies each and every allegation contained in paragraph 36 of the Complaint.

819629v.1

37.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of the Complaint.

38.     Denies each and every allegation contained in paragraph 38 of the Complaint.

39.     Denies each and every allegation contained in paragraph 39 of the Complaint.

40.     Denies each and every allegation contained in paragraph 40 of the Complaint.

## RESPONSE TO DEMANDS SET FORTH IN THE AD DAMNUM CLAUSE IN COUNT II

Plaintiffs' ad damnum clause in Count II of the Complaint is not an allegation and therefore no responsive pleading is required.  If a response is necessary, Merck denies each and every allegation contained therein except admits that Plaintiffs purport to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO "COUNT III (NEGLIGENCE)"

41.     With respect to paragraph 41 of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 - 23 of this Answer with the same force and effect as though set forth here in full.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide

8

market on September 30, 2004 and is authorized to do business in the State of Florida and in the State of Tennessee.

43.     The allegations contained in paragraph 43 of the Complaint are legal conclusions to which no response is required.  If a response is required, Merck denies each and every allegation contained in paragraph 43 of the Complaint.

44.     Denies each and every allegation contained in paragraph 44, including subparts a - i, of the Complaint.

45.     Denies each and every allegation contained in paragraph 45 of the Complaint.

46.     Denies each and every allegation contained in paragraph 46 of the Complaint.

47.     Denies each and every allegation contained in paragraph 47 of the Complaint.

## RESPONSE TO DEMANDS SET FORTH IN AD DAMNUM CLAUSE IN COUNT III

Plaintiffs' ad damnum clause in Count III of the Complaint is not an allegation to which a responsive pleading is required.  If a response is required, Merck denies each and every allegation contained therein except admits that Plaintiffs purport to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO "COUNT IV (NEGLIGENT MISREPRESENTATION)"

48.     With respect to paragraph 48 of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment and statement contained in

819629v.1

paragraphs 1 - 23 of this Answer with the same full force and effect as though set forth in full.

49.    Denies each and every allegation contained in paragraph 49 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004 and is authorized to do business in the State of Florida and State of Tennessee.

50.    The allegations contained in paragraph 50 of the Complaint are legal conclusions to which no response is required.  If a response is required, Merck denies each and every allegation contained in paragraph 50 of the Complaint.

51.    Denies each and every allegation in paragraph 51 of the Complaint.

52.    Denies each and every allegation in paragraph 52 of the Complaint.

53.    Denies each and every allegation in paragraph 53 of the Complaint.

54.    Denies each and every allegation in paragraph 54 of the Complaint.

55.    Denies each and every allegation in paragraph 55 of the Complaint.

56.    Denies each and every allegation in paragraph 56 of the Complaint.

57.    Denies each and every allegation in paragraph 57 of the Complaint.

**RESPONSE TO DEMANDS SET FOURTH IN THE
AD DAMNUM CLAUSE IN COUNT IV**

Plaintiffs' ad damnum clause in Count IV of the Complaint is not an allegation to which a responsive pleading is required.  If a responsive pleading is required, Merck denies each and every allegation contained therein, except admits that Plaintiffs purport

819629v.1

to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

### RESPONSE TO "COUNT V (STATUTORY NEGLIGENCE)"

58.     With respect to paragraph 58, Merck hereby repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 - 23 of this Answer with the same force and effect as though set forth in full.

59.     Denies each and every allegation contained in paragraph 59 of the Complaint, except admits that Merck manufactured, marketed and distribution the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004 and is authorized to do business in the State of Florida and State of Tennessee.

60.     Denies each and every allegation contained in paragraph 60 of the Complaint.

61.     Denies each and every allegation contained in paragraph 61 of the Complaint.

62.     Denies each and every allegation contained in paragraph 62 of the Complaint.

63.     Denies each and every allegation contained in paragraph 63 of the Complaint.

64.     Denies each and every allegation contained in paragraph 64, including subparts a - j, of the Complaint.

819629v.1

65.     Denies each and every allegation contained in paragraph 65 of the Complaint.

66.     Denies each and every allegation contained in paragraph 66 of the Complaint.

67.     Denies each and every allegation contained in paragraph 67 of the Complaint.

68.     Denies each and every allegation contained in paragraph 68 of the Complaint.

## RESPONSE TO DEMANDS SET FORTH IN THE
## AD DAMNUM CLAUSE IN COUNT V

Plaintiffs' ad damnum clause in Count V of the Complaint is not an allegation to which a responsive pleading is required.  If a response is required, Merck denies each and every allegation contained therein, except admits that Plaintiffs purport to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO "COUNT VI (CULPABLE NEGLIGENCE AND FRAUD)"

69.     With respect to paragraph 69, Merck hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 - 23 of this Answer with the same force and effect as though set forth here in full.

70.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 70 of the Complaint.

71.     Denies each and every allegation contained in paragraph 71 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide

819629v.1

market on September 30, 2004 and is authorized to do business in the State of Florida and the State of Tennessee.

72.     Denies each and every allegation contained in paragraph 72 of the Complaint.

73.     Denies each and every allegation contained in paragraph 73 of the Complaint.

74.     Denies each and every allegation contained in paragraph 74, including subparts a - n, of the Complaint.

75.     Denies each and every allegation contained in paragraph 75 of the Complaint.

76.     Denies each and every allegation contained in paragraph 76 of the Complaint.

77.     Denies each and every allegation contained in paragraph 77 of the Complaint.

78.     Denies each and every allegation contained in paragraph 78 of the Complaint.

79.     Denies each and every allegation contained in paragraph 79 of the Complaint.

80.     Denies each and every allegation contained in paragraph 80 of the Complaint.

819629v.1

## RESPONSE TO DEMANDS SET FORTH IN THE
## AD DAMNUM CLAUSE IN COUNT VI

Plaintiffs' ad damnum clause in Count VI of the Complaint is not an allegation to which a responsive pleading is required.  If a response is required, Merck denies each and every allegation contained therein, except admits that Plaintiffs purport to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO "COUNT VII (CONSORTIUM CLAIM)"

81.     With respect to paragraph 81 of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 - 80 of this Answer with the same force and effect as though set forth in full.

82.     Denies each and every allegation contained in paragraph 82 of the Complaint except lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in the first phrase of paragraph 82 of the Complaint that "At all relevant times, Plaintiff, MARY GRECH, was the wife of GEORGE GRECH, JR."

83.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in the first phrase of paragraph 83 of the Complaint.

## RESPONSE TO DEMANDS SET FORTH IN THE
## AD DAMNUM CLAUSE IN COUNT VII

Plaintiff's ad damnum clause in Count VII of the Complaint is not an allegation to which a responsive pleading is required.  If a response is required, Merck denies each and

14

819629v.1

every allegation contained therein, except admits that Plaintiff Mary Grech purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

## AS FOR A FIRST DEFENSE, MERCK ALLEGES:

84.     Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

## AS FOR A SECOND DEFENSE, MERCK ALLEGES:

85.     The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD DEFENSE, MERCK ALLEGES:

86.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A FOURTH DEFENSE, MERCK ALLEGES:

87.     If Plaintiff George Grech has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A FIFTH DEFENSE, MERCK ALLEGES:

88.     To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A SIXTH DEFENSE, MERCK ALLEGES:

89.     Plaintiffs' claims are barred, in whole or in part, by the First Amendment.

## AS FOR A SEVENTH DEFENSE, MERCK ALLEGES:

90.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff George Grech knowingly,

819629v.1

voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### AS FOR AN EIGHTH DEFENSE, MERCK ALLEGES:

91.    Plaintiffs' claims are barred by the failure to prevent or mitigate the damages claimed.

### AS FOR A NINTH DEFENSE, MERCK ALLEGES:

92.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### AS FOR A TENTH DEFENSE, MERCK ALLEGES:

93.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff George Grech's misuse or abuse of Vioxx.

### AS FOR AN ELEVENTH DEFENSE, MERCK ALLEGES:

94.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff George Grech's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which Merck is not responsible.

819629v.1

## AS FOR A TWELFTH DEFENSE, MERCK ALLEGES:

95.     To the extent that Plaintiff George Grech's reactions to the subject product were idiosyncratic reactions, Merck denies any liability.

## AS FOR A THIRTEENTH DEFENSE, MERCK ALLEGES:

96.     To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A FOURTEENTH DEFENSE, MERCK ALLEGES:

97.     To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

## AS FOR A FIFTEENTH DEFENSE, MERCK ALLEGES:

98.     Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A SIXTEENTH DEFENSE, MERCK ALLEGES:

99.     To the extent that Plaintiffs assert claims based upon an alleged failure by Merck or this Defendant to warn Plaintiff George Grech directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to prescribing physicians.

## AS FOR A SEVENTEENTH DEFENSE, MERCK ALLEGES:

100.    The product conformed to the state-of-the-art for the design and manufacture of such, or similar, product.

819629v.1

## AS FOR AN EIGHTEENTH DEFENSE, MERCK ALLEGES:

101.    Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A NINETEENTH DEFENSE, MERCK ALLEGES:

102.    Plaintiffs' claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TWENTIETH DEFENSE, MERCK ALLEGES:

103.    Plaintiffs' claims are barred under Section 4, *et seq* ., of the Restatement (Third) of Torts:  Products Liability.

## AS FOR A TWENTY-FIRST DEFENSE, MERCK ALLEGES:

104.    Plaintiffs' claims are barred in whole or in part under comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

## AS FOR A TWENTY-SECOND DEFENSE, MERCK ALLEGES:

105.    This case is more appropriately brought in a different venue.

## AS FOR A TWENTY-THIRD DEFENSE, MERCK ALLEGES:

106.    At no time material hereto was any product referred to in the Complaint defective or unreasonably dangerous.

## AS FOR A TWENTY-FOURTH DEFENSE, MERCK ALLEGES:

107.    This case is subject to dismissal or stay on the grounds of forum non conveniens.

819629v.1

## AS FOR A TWENTY-FIFTH DEFENSE, MERCK ALLEGES:

108.   Any liability that might otherwise be imposed upon Merck is subject to reduction by the application of the doctrine of comparative negligence.

## AS FOR A TWENTY-SIXTH DEFENSE, MERCK ALLEGES:

109.   To the extent that Plaintiffs rely upon any theory of fraud, such claims are barred for failure to set forth the allegations of fraud with the particularity required by Federal Rule of Civil Procedure 9(b).

## AS FOR A TWENTY-SEVENTH DEFENSE, MERCK ALLEGES:

110.   To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A TWENTY-EIGHTH DEFENSE, MERCK ALLEGES:

111.   There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

## AS FOR A TWENTY-NINTH DEFENSE, MERCK ALLEGES:

112.   Merck is not guilty of negligence and violated no duty owing to Plaintiffs.

## AS FOR A THIRTIETH DEFENSE, MERCK ALLEGES:

113.   Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack capacity or standing to bring such claims.

819629v.1

### AS FOR A THIRTY-FIRST DEFENSE, MERCK ALLEGES:

114.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate this Defendant's state and federal constitutional rights.

### AS FOR A THIRTY-SECOND DEFENSE, MERCK ALLEGES:

115.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of this Defendant, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, an award of punitive damages is barred.

### AS FOR A THIRTY-THIRD DEFENSE, MERCK ALLEGES:

116.    To the extent that Plaintiffs seek punitive damages, such damages are barred because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A THIRTY-FOURTH DEFENSE, MERCK ALLEGES:

117.    Merck has complied with requirements promulgated by and under federal law.  The product at issue, Vioxx, was approved pursuant to the applicable federal statutes and regulations.  Such federal regulations and statutes preempt Plaintiffs' claims under state law and pursuant to Fla. Stat. § 768.1256 creates a statutory presumption that Vioxx is not defective or unreasonably dangerous and that Merck is not liable.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual, and equitable rights, Merck reserves the right to amend and/or supplement the averments of

20

its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Dated: July 17, 2006.                    Respectfully submitted,


                                         /s/ Dorothy H. Wimberly
                                         Phillip A. Wittmann, 13625
                                         Dorothy H. Wimberly, 18509
                                         Carmelite M. Bertaut, 3054
                                         STONE PIGMAN WALTHER WITTMANN L.L.C.
                                         546 Carondelet Street
                                         New Orleans, Louisiana 70130
                                         Phone: 504-581-3200
                                         Fax:    504-581-3361

                                         Defendant's Liaison Counsel

                                         Patricia E. Lowry
                                         John B. T. Murray, Jr.
                                         Dori K. Stibolt
                                         SQUIRE, SANDERS & DEMPSEY L.L.P.
                                         1900 Phillips Point West
                                         777 South Flagler Drive
                                         West Palm Beach, FL 33401-6198
                                         Phone: 561-650-7200
                                         Fax:    561-655-1509

                                         *Attorneys for Defendant Merck & Co., Inc.*

819629v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Jury Demand of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 17th day of July, 2006.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

819629v.1