UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, SALES | * | MDL No. 1657 |
| PRACTICES AND PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |
| | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Tom Ricketts for Kathy Ricketts, et al. v. Merck & Co., Inc., et al.*, No. 06-2153.

<u>ANSWER OF DEFENDANT MERCK & CO., INC.</u>

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the Plaintiffs' Complaint as follows:

<u>RESPONSE TO COMPLAINT</u>

1.      Denies each and every allegation directed towards Merck in paragraph 1 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Plaintiffs purport to seek damages against Merck but denies that there is any legal or factual basis for such relief.

2.      Denies each and every allegation contained in the first, second, and fourth sentences of paragraph 2 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  The allegations contained in the third sentence of paragraph 2 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the

third sentence of paragraph 2 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation directed towards Merck contained in the fifth and sixth sentences of paragraph 2 of the Complaint.

3.     Merck denies each and every allegation contained in the first sentence of paragraph 3 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation directed towards Merck contained in the second and third sentences of paragraph 3 of the Complaint.

4.     Merck denies each and every allegation contained in the first sentence of paragraph 4 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation directed towards Merck contained in the second and third sentences of paragraph 4 of the Complaint.

5.     Merck denies each and every allegation contained in the first sentence of paragraph 5 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation directed towards Merck contained in the second and third sentences of paragraph 5 of the Complaint.

6.     Merck denies each and every allegation contained in the first sentence of paragraph 6 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation directed towards Merck contained in the second and third sentences of paragraph 6 of the Complaint.

7.     Merck denies each and every allegation contained in the first sentence of paragraph 7 of the Complaint, as it is without knowledge or information sufficient to form a

belief as to the truth therein.  Merck denies each and every allegation directed towards Merck contained in the second and third sentences of paragraph 7 of the Complaint.

8.      Merck denies each and every allegation contained in the first sentence of paragraph 8 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation directed towards Merck contained in the second and third sentences of paragraph 8 of the Complaint.

9.      Merck denies each and every allegation contained in the first sentence of paragraph 9 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation directed towards Merck contained in the second and third sentences of paragraph 9 of the Complaint.

10.      Merck denies each and every allegation contained in the first sentence of paragraph 10 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation directed towards Merck contained in the second and third sentences of paragraph 10 of the Complaint.

11.      Merck denies each and every allegation contained in the first sentence of paragraph 11 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation directed towards Merck contained in the second and third sentences of paragraph 11 of the Complaint.

12.      Merck denies each and every allegation contained in the first sentence of paragraph 12 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation directed towards Merck contained in the second and third sentences of paragraph 12 of the Complaint.

13.     Merck denies each and every allegation contained in the first sentence of paragraph 13 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation directed towards Merck contained in the second and third sentences of paragraph 13 of the Complaint.

14.     Merck denies each and every allegation contained in the first sentence of paragraph 14 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation directed towards Merck contained in the second and third sentences of paragraph 14 of the Complaint.

15.     Merck denies each and every allegation contained in the first sentence of paragraph 15 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation directed towards Merck contained in the second and third sentences of paragraph 15 of the Complaint.

## RESPONSE TO
## "JURISDICTION AND VENUE"

16.     The allegations contained in paragraph 16 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 16 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that each Plaintiff purports to state a claim in excess of $75,000 but denies that there is any legal or factual basis for such relief.

17.     The allegations contained in paragraph 17 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 17 of the Complaint, except admits that there is a multidistrict litigation ("MDL") related to the prescription medicine

Vioxx, and the MDL Court issued Pre-Trial Order No. 11 on May 18, 2005, and respectfully refers the Court to that Order for its actual content and full effect.

18.     The allegations contained in paragraph 18 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 18 of the Complaint.

## RESPONSE TO
## "PARTIES-VIOXX"

19.     Admits the allegation contained in paragraph 19 of the Complaint that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

20.     Denies each and every allegation contained in paragraph 20 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint and avers that Vioxx was approved by the U.S. Food & Drug Administration ("FDA") as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

## RESPONSE TO
## "FACTUAL BACKGROUND-VIOXX"

22.     Denies each and every allegation contained in paragraph 22 of the Complaint, except admits that Vioxx, which is Merck's brand name for rofecoxib, reduces pain and inflammation and that the mechanism of action for Vioxx is believed to be due to the

inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

23.     Denies each and every allegation contained in paragraph 23 of the Complaint, except admits that the mechanism of action for Vioxx is believed to be due to the inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint, except admits that on November 23, 1998 Merck submitted a New Drug Application ("NDA") for Vioxx 12.5 mg and Vioxx 25 mg tablets and respectfully refers the Court to said NDA for its actual language and full text.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint, except admits that on November 23, 1998 Merck submitted a NDA for Vioxx Oral Suspension and respectfully refers the Court to said NDA for its actual language and full text.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint, except admits that Merck sought and, in 1999, received FDA approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

29.     Denies each and every allegation contained in paragraph 29 of the Complaint, except admits that in March 2000 Merck forwarded to the FDA the Vioxx Gastrointestinal Outcomes Research ("VIGOR") study and subsequently, in June 2000, filed a supplemental New Drug Application ("sNDA") that included the VIGOR study.   Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.

30.     Denies each and every allegation contained in paragraph 30 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual language and full text.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint except admits that the studies referenced in the first sentence of paragraph 31 of the Complaint and the article referenced in the second sentence of paragraph 31 of the Complaint exist, and respectfully refers the Court to said publications for their actual language and full text. Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

32.     Denies each and every allegation contained in paragraph 32 of the Complaint, except admits that 2000 worldwide Vioxx sales figures exceeded $2 billion.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint, except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

34.     Denies each and every allegation contained in paragraph 34 of the Complaint, except admits that the referenced publication and the article contained therein exist and respectfully refers the Court to the referenced document for its actual language and full text.

35.     Denies each and every allegation contained in paragraph 35 of the Complaint, except admits that the referenced studies exist and respectfully refers the Court to said studies for their actual language and full text.

36.     Denies each and every allegation contained in paragraph 36 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

37.     Denies each and every allegation contained in paragraph 37 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

38.     Denies each and every allegation contained in paragraph 38 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

39.     Denies each and every allegation contained in paragraph 39 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information, a so-called "Dear Doctor" letter, and a Patient Information sheet, and respectfully refers the Court to the referenced prescribing information for Vioxx, "Dear Doctor" letter, and Patient Information sheet for their actual language and full text.

40.     Denies each and every allegation contained in paragraph 40 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx

prescribing information, and respectfully refers the Court to the referenced prescribing information for Vioxx for its actual language and full text.

41.     Denies each and every allegation contained in paragraph 41 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and a so-called "Dear Doctor" letter, and respectfully refers the Court to the referenced prescribing information for Vioxx and "Dear Doctor" letter for their actual language and full text.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx Patient Information sheet, and respectfully refers the Court to the referenced Patient Information sheet for its actual language and full text.

43.     Denies each and every allegation contained in paragraph 43 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

44.     Denies each and every allegation contained in paragraph 44 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and text.

45.     Denies each and every allegation contained in paragraph 45 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Plaintiffs purport to quote from Merck's 2001 Annual Report and respectfully refers the Court to said publication for its actual language and full text.

46.     Denies each and every allegation contained in paragraph 46 of the Complaint, except admits that the referenced filing exists and respectfully refers the Court to the referenced document for its actual language and full text.

47.     Denies each and every allegation contained in paragraph 47 of the Complaint, except admits that Merck marketed the prescription medication Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

48.     Denies each and every allegation contained in paragraph 48 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and text.

49.     Denies each and every allegation contained in the first sentence of paragraph 49 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second sentence of paragraph 49 of the Complaint.

50.     Denies each and every allegation contained in paragraph 50 of the Complaint and avers that Vioxx, which reduces pain and inflammation, was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

51.     Denies each and every allegation contained in paragraph 51 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health.   Merck further admits that it manufactured, marketed, and distributed the prescription medicine Vioxx, which is the brand name for rofecoxib, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

### RESPONSE TO "COUNT I:
### STRICT PRODUCTS LIABILITY/DEFECTIVE DESIGN—AGAINST MERCK"

52.     With respect to the allegations contained in paragraph 52 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 51 of this Answer with the same force and effect as though set forth here in full.

53.     Denies each and every allegation contained in paragraph 53 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

54.     Denies each and every allegation contained in paragraph 54 of the Complaint.

55.     Denies each and every allegation contained in paragraph 55 of the Complaint.

56.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 56 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 56 of the Complaint.

57.     Denies each and every allegation contained in paragraph 57 of the Complaint.

58.     Denies each and every allegation contained in paragraph 58 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT II:
## STRICT PRODUCTS LIABILITY/FAILURE TO WARN—AGAINST MERCK"

59.     With respect to the allegations contained in paragraph 59 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 58 of this Answer with the same force and effect as though set forth here in full.

60.     Denies each and every allegation contained in paragraph 60 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

61.     Denies each and every allegation contained in paragraph 61 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

62.     Denies each and every allegation contained in paragraph 62 of the Complaint.

63.     Denies each and every allegation contained in paragraph 63 of the Complaint.

64.     Denies each and every allegation contained in paragraph 64 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

65.     Denies each and every allegation contained in paragraph 65 of the Complaint.

66.     Denies each and every allegation contained in paragraph 66 of the Complaint, except admits that Plaintiffs purport to punitive damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "COUNT III: NEGLIGENT DESIGN—AGAINST MERCK"

67.     With respect to the allegations contained in paragraph 67 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 66 of this Answer with the same force and effect as though set forth here in full.

68.     Denies each and every allegation contained in paragraph 68 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

69.     Denies each and every allegation contained in paragraph 69 of the Complaint.

70.     Denies each and every allegation contained in paragraph 70 of the Complaint.

71.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 71 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 71 of the Complaint.

72.     Denies each and every allegation contained in paragraph 72 of the Complaint.

73.     Denies each and every allegation contained in paragraph 73 of the Complaint.

74.     Denies each and every allegation contained in paragraph 74 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT IV: NEGLIGENCE, FAILURE TO WARN—AGAINST DEFENDANT MERCK"

75.     With respect to the allegations contained in paragraph 75 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 74 of this Answer with the same force and effect as though set forth here in full.

76.     The allegations contained in paragraph 76 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

77.     Denies each and every allegation contained in paragraph 77 of the Complaint, including its subparts a through e, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text

78.     Denies each and every allegation contained in paragraph 78 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

79.     Denies each and every allegation contained in paragraph 79 of the Complaint.

**RESPONSE TO "COUNT V:**
**DECEPTIVE TRADE PRACTICES ACTS—AGAINST MERCK"**

80.     With respect to the allegations contained in paragraph 80 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 79 of this Answer with the same force and effect as though set forth here in full.

81.     Denies each and every allegation contained in paragraph 81 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

82.     The allegations contained in paragraph 82 of the Complaint are not directed towards Merck and thus no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 82 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

83.     Denies each and every allegation contained in paragraph 83 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

84.     Denies each and every allegation contained in paragraph 84 of the Complaint, except admits that Merck trains its professional representatives.

85.     The allegations contained in paragraph 85 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 85 of the Complaint, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

**RESPONSE TO "COUNT VI:**
**<u>NEGLIGENT MISREPRESENTATION —AGAINST DEFENDANT MERCK"</u>**

86.     With respect to the allegations contained in paragraph 86 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 85 of this Answer with the same force and effect as though set forth here in full.

87.     Denies each and every allegation contained in paragraph 87 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

88.     Denies each and every allegation contained in paragraph 88 of the Complaint.

89.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 89 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 89 of the Complaint.

90.     Denies each and every allegation contained in paragraph 90 of the Complaint.

91.     Denies each and every allegation contained in paragraph 91 of the Complaint.

92.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 92 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 92 of the Complaint.

93.     Denies each and every allegation contained in paragraph 93 of the Complaint.

**RESPONSE TO "COUNT VII:**
**FRAUDULENT OMISSION/CONCEALMENT —AGAINST DEFENDANT MERCK"**

94.     With respect to the allegations contained in paragraph 94 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 93 of this Answer with the same force and effect as though set forth here in full.

95.     Denies each and every allegation contained in paragraph 95 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

96.     Denies each and every allegation contained in paragraph 96 of the Complaint.

97.     Denies each and every allegation contained in paragraph 97 of the Complaint except admits that Merck trains its professional representatives, and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

98.     The allegations contained in paragraph 98 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 98 of the Complaint.

99.     The allegations contained in paragraph 99 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 99 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.  Merck further denies that it violated any applicable law, duty or standard of care in connection with Vioxx.

100.     Denies each and every allegation contained in paragraph 100 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

101.     Denies each and every allegation contained in paragraph 101 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

102.     Denies each and every allegation contained in paragraph 102 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

103.     Denies each and every allegation contained in paragraph 103 of the Complaint.

104.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 104 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 104 of the Complaint.

105.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 105 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 105 of the Complaint.

106.    Denies each and every allegation contained in paragraph 106 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "COUNT VIII:
### COMMON LAW FRAUD —AGAINST MERCK"

107.    With respect to the allegations contained in paragraph 107 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 106 of this Answer with the same force and effect as though set forth here in full.

108.    Denies each and every allegation contained in paragraph 108 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

109.    Denies each and every allegation contained in paragraph 109 of the Complaint.

110.    Denies each and every allegation contained in paragraph 110 of the Complaint.

111.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 111 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 111 of the Complaint.

112.    Denies each and every allegation contained in paragraph 112 of the Complaint.

113.    Denies each and every allegation contained in paragraph 113 of the Complaint and the subsequent "Wherefore" paragraph after paragraph 113 of the Complaint, including its subparts A through E, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "PARTIES—BEXTRA"

114.    The allegations contained in paragraph 114 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 114 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

115.    The allegations contained in paragraph 115 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 115 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

116.    The allegations contained in paragraph 116 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 116 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

117.    The allegations contained in paragraph 117 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 117 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

118.    The allegations contained in paragraph 118 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 118 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

119.    The allegations contained in paragraph 119 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 119 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

**RESPONSE TO
"BACKGROUND-BEXTRA"**

120.    The allegations contained in paragraph 120 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 120 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

121.    The allegations contained in paragraph 121 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be

deemed required, Merck denies each and every allegation contained in paragraph 121 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

122.    The allegations contained in paragraph 122 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 122 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

123.    The allegations contained in paragraph 123 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 123 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

**RESPONSE TO "COUNT XI:<br>STRICT PRODUCTS LIABILITY/DEFECTIVE DESIGN"**

124.    With respect to the allegations contained in paragraph 124 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 123 of this Answer with the same force and effect as though set forth here in full.

125.    The allegations contained in paragraph 125 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 125 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

126.    The allegations contained in paragraph 126 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 126 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

127.    The allegations contained in paragraph 127 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 127 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

128.    The allegations contained in paragraph 128 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 128 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

129.    The allegations contained in paragraph 129 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 129 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

130.    The allegations contained in paragraph 130 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 130 of the

Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

131.    The allegations contained in paragraph 131 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 131 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

### RESPONSE TO "COUNT XII:
### STRICT PRODUCTS LIABILITY/FAILURE TO WARN"

132.    With respect to the allegations contained in paragraph 132 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 131 of this Answer with the same force and effect as though set forth here in full.

133.    The allegations contained in paragraph 133 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 133 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

134.    The allegations contained in paragraph 134 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 134 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

135.    The allegations contained in paragraph 135 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 135 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

136.    The allegations contained in paragraph 136 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 136 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

137.    The allegations contained in paragraph 137 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 137 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

138.    The allegations contained in paragraph 138 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 138 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

139.    The allegations contained in paragraph 139 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 139 of the

Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

140.   The allegations contained in paragraph 140 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 140 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

141.   The allegations contained in paragraph 141 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 141 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

### RESPONSE TO
### "COUNT XIII:  NEGLIGENT DESIGN"

142.   With respect to the allegations contained in paragraph 142 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 141 of this Answer with the same force and effect as though set forth here in full.

143.   The allegations contained in paragraph 143 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 143 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

144.    The allegations contained in paragraph 144 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 144 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

145.    The allegations contained in paragraph 145 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 145 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

146.    The allegations contained in paragraph 146 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 146 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

147.    The allegations contained in paragraph 147 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 147 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

148.    The allegations contained in paragraph 148 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 148 of the

Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

149.   The allegations contained in paragraph 149 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 149 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

### RESPONSE TO "COUNT XIV: NEGLIGENT FAILURE TO WARN"

150.   With respect to the allegations contained in paragraph 150 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 149 of this Answer with the same force and effect as though set forth here in full.

151.   The allegations contained in paragraph 151 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 151 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

152.   The allegations contained in paragraph 152 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 152 of the Complaint, including its subparts a through e, as it is without knowledge or information sufficient to form a belief as to the truth therein.

153.    The allegations contained in paragraph 153 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 153 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

154.    The allegations contained in paragraph 154 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 154 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

**RESPONSE TO**
**"COUNT XV:  FRAUDULENT CONCEALMENT"**

155.    With respect to the allegations contained in paragraph 155 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 154 of this Answer with the same force and effect as though set forth here in full.

156.    The allegations contained in paragraph 156 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 156 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

157.    The allegations contained in paragraph 157 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 157 of the

Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

158.    The allegations contained in paragraph 158 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 158 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

159.    The allegations contained in paragraph 159 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 159 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

160.    The allegations contained in paragraph 160 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 160 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

161.    The allegations contained in paragraph 161 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 161 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

162.    The allegations contained in paragraph 162 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 162 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

163.    The allegations contained in paragraph 163 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 163 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

164.    The allegations contained in paragraph 164 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 164 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

165.    The allegations contained in paragraph 165 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 165 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

166.    The allegations contained in paragraph 166 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 166 of the

Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

167.    The allegations contained in paragraph 167 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 167 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

**RESPONSE TO**
**"COUNT XVII:  COMMON LAW FRAUD"**

168.    With respect to the allegations contained in paragraph 168 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 167 of this Answer with the same force and effect as though set forth here in full.

169.    The allegations contained in paragraph 169 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 169 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

170.    The allegations contained in paragraph 170 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 170 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

171.    The allegations contained in paragraph 171 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 171 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

172.    The allegations contained in paragraph 172 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 172 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

173.    The allegations contained in paragraph 173 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 173 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

## RESPONSE TO "COUNT XVII:
## BREACH OF IMPLIED WARRANTY"

174.    With respect to the allegations contained in paragraph 174 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 173 of this Answer with the same force and effect as though set forth here in full.

175.    The allegations contained in paragraph 175 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 175 of the

Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

176.    The allegations contained in paragraph 176 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 176 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

177.    The allegations contained in paragraph 177 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 177 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

178.    The allegations contained in paragraph 178 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 178 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

179.    The allegations contained in paragraph 179 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 179 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

## RESPONSE TO "COUNT XVIII:
## BREACH OF EXPRESS WARRANTY"

180.    With respect to the allegations contained in paragraph 180 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 179 of this Answer with the same force and effect as though set forth here in full.

181.    The allegations contained in paragraph 181 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 181 of the Complaint, including its subparts a and b, as it is without knowledge or information sufficient to form a belief as to the truth therein.

182.    The allegations contained in paragraph 182 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 182 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

183.    The allegations contained in paragraph 183 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 183 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

184.    The allegations contained in paragraph 184 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 184 of the

Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

185.    The allegations contained in paragraph 185 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 185 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

## RESPONSE TO "COUNT XIX: NEGLIGENT MISREPRESENTATION"

186.    With respect to the allegations contained in paragraph 186 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 185 of this Answer with the same force and effect as though set forth here in full.

187.    The allegations contained in paragraph 187 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 187 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

188.    The allegations contained in paragraph 188 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 188 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

189.    The allegations contained in paragraph 189 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 189 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

190.    The allegations contained in paragraph 190 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 190 of the Complaint, including its subparts a through e, as it is without knowledge or information sufficient to form a belief as to the truth therein.

191.    The allegations contained in paragraph 191 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 191 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

192.    The allegations contained in paragraph 192 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 192 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

193.    The allegations contained in paragraph 193 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 193 of the

Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

194.    The allegations contained in paragraph 194 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 194 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

**RESPONSE TO**
**"COUNT XX (CONCERT OF ACTION)"**

195.    With respect to the allegations contained in paragraph 195 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 194 of this Answer with the same force and effect as though set forth here in full.

196.    The allegations contained in paragraph 196 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 196 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

197.    The allegations contained in paragraph 197 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 197 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

198.    The allegations contained in paragraph 198 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 198 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

199.    The allegations contained in paragraph 199 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 199 of the Complaint, including its subparts (1) through (4), as it is without knowledge or information sufficient to form a belief as to the truth therein.

200.    The allegations contained in paragraph 200 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 200 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

201.    The allegations contained in paragraph 201 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 201 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

202.    The allegations contained in paragraph 202 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 202 of the

Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

203.    The allegations contained in paragraph 203 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 203 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

## RESPONSE TO
## "COUNT XXI (CONSPIRACY)"

204.    With respect to the allegations contained in the first sentence of paragraph 204 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 203 of this Answer with the same force and effect as though set forth here in full.  The allegations contained in the second sentence of paragraph 204 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of paragraph 204 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

205.    The allegations contained in paragraph 205 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 205 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

206.    The allegations contained in paragraph 206 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be

deemed required, Merck denies each and every allegation contained in paragraph 206 of the Complaint, including its subparts (1) through (4), as it is without knowledge or information sufficient to form a belief as to the truth therein.

207.    The allegations contained in paragraph 207 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 207 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

208.    The allegations contained in paragraph 208 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 208 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

209.    The allegations contained in paragraph 209 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 209 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

210.    The allegations contained in paragraph 210 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 210 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

**RESPONSE TO**
**"PARTIES—CELEBREX"**

211.    The allegations contained in paragraph 211 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 211 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

212.    The allegations contained in paragraph 212 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 212 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

213.    The allegations contained in paragraph 213 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 213 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

214.    The allegations contained in paragraph 214 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 214 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

**RESPONSE TO**
**"BACKGROUND—CELEBREX"**

215.    The allegations contained in paragraph 215 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 215 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

216.    The allegations contained in paragraph 216 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 216 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

217.    The allegations contained in paragraph 217 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 217 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

218.    The allegations contained in paragraph 218 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 218 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

219.    The allegations contained in paragraph 219 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be

deemed required, Merck denies each and every allegation contained in paragraph 219 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

**RESPONSE TO "COUNT XXIV:**
**STRICT PRODUCTS LIABILITY/ DEFECTIVE DESIGN"**

220.    With respect to the allegations contained in paragraph 220 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 219 of this Answer with the same force and effect as though set forth here in full.

221.    The allegations contained in paragraph 221 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 221 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

222.    The allegations contained in paragraph 222 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 222 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

223.    The allegations contained in paragraph 223 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 223 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

224.    The allegations contained in paragraph 224 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 224 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

225.    The allegations contained in paragraph 225 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 225 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

226.    The allegations contained in paragraph 226 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 226 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

227.    The allegations contained in paragraph 227 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 227 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

### RESPONSE TO "COUNT XXV:
### STRICT PRODUCTS LIABILITY/ FAILURE TO WARN - CELEBREX"

228.    With respect to the allegations contained in paragraph 228 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement

contained in paragraphs 1 through 227 of this Answer with the same force and effect as though set forth here in full.

229.    The allegations contained in paragraph 229 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 229 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

230.    The allegations contained in paragraph 230 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 230 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

231.    The allegations contained in paragraph 231 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 231 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

232.    The allegations contained in paragraph 232 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 232 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

233.    The allegations contained in paragraph 233 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 233 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

234.    The allegations contained in paragraph 234 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 234 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

235.    The allegations contained in paragraph 235 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 235 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

236.    The allegations contained in paragraph 236 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 236 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

237.    The allegations contained in paragraph 237 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 237 of the

Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

## RESPONSE TO "COUNT XXVI:
## NEGLIGENT DESIGN - CELEBREX"

238.    With respect to the allegations contained in paragraph 238 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 237 of this Answer with the same force and effect as though set forth here in full.

239.    The allegations contained in paragraph 239 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 239 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

240.    The allegations contained in paragraph 240 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 240 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

241.    The allegations contained in paragraph 241 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 241 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

242.    The allegations contained in paragraph 242 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 242 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

243.    The allegations contained in paragraph 243 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 243 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

244.    The allegations contained in paragraph 244 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 244 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

245.    The allegations contained in paragraph 245 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 245 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

### RESPONSE TO "COUNT XXVI:
### NEGLIGENT FAILURE TO WARN- CELEBREX"

246.    With respect to the allegations contained in paragraph 246 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement

contained in paragraphs 1 through 245 of this Answer with the same force and effect as though set forth here in full.

247.    The allegations contained in paragraph 247 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 247 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

248.    The allegations contained in paragraph 248 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 248 of the Complaint, including its subparts a through e, as it is without knowledge or information sufficient to form a belief as to the truth therein.

249.    The allegations contained in paragraph 249 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 249 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

250.    The allegations contained in paragraph 250 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 250 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

## RESPONSE TO "COUNT XXVIII:
## FRAUDULENT CONCEALMENT - CELEBREX"

251.    With respect to the allegations contained in paragraph 251 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 250 of this Answer with the same force and effect as though set forth here in full.

252.    The allegations contained in paragraph 252 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 252 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

253.    The allegations contained in paragraph 253 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 253 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

254.    The allegations contained in paragraph 254 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 254 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

255.    The allegations contained in paragraph 255 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 255 of the

Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

256.    The allegations contained in paragraph 256 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 256 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

257.    The allegations contained in paragraph 257 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 257 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

258.    The allegations contained in paragraph 258 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 258 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

259.    The allegations contained in paragraph 259 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 259 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

260.    The allegations contained in paragraph 260 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 260 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

261.    The allegations contained in paragraph 261 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 261 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

262.    The allegations contained in paragraph 262 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 262 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

263.    The allegations contained in paragraph 263 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 263 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

### RESPONSE TO "COUNT XXIX:
### COMMON LAW FRAUD - CELEBREX"

264.    With respect to the allegations contained in paragraph 264 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement

contained in paragraphs 1 through 263 of this Answer with the same force and effect as though set forth here in full.

265. The allegations contained in paragraph 265 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 265 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

266. The allegations contained in paragraph 266 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 266 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

267. The allegations contained in paragraph 267 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 267 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

268. The allegations contained in paragraph 268 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 268 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

269.    The allegations contained in paragraph 269 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 269 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

## RESPONSE TO "COUNT XXX:
## BREACH OF IMPLIED WARRANTY - CELEBREX"

270.    With respect to the allegations contained in paragraph 270 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 269 of this Answer with the same force and effect as though set forth here in full.

271.    The allegations contained in paragraph 271 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 271 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

272.    The allegations contained in paragraph 272 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 272 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

273.    The allegations contained in paragraph 273 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 273 of the

Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

274.    The allegations contained in paragraph 274 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 274 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

275.    The allegations contained in paragraph 275 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 275 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

## RESPONSE TO "COUNT XXXI:
## BREACH OF EXPRESS WARRANTY - CELEBREX"

276.    With respect to the allegations contained in paragraph 276 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 275 of this Answer with the same force and effect as though set forth here in full.

277.    The allegations contained in paragraph 277 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 277 of the Complaint, including its subparts a through f, as it is without knowledge or information sufficient to form a belief as to the truth therein.

278.     The allegations contained in paragraph 278 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 278 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

279.     The allegations contained in paragraph 279 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 279 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

280.     The allegations contained in paragraph 280 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 280 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

281.     The allegations contained in paragraph 281 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 281 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

## RESPONSE TO "COUNT XXXII:
## NEGLIGENT MISREPRESENTATION - CELEBREX"

282.     With respect to the allegations contained in paragraph 282 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement

contained in paragraphs 1 through 281 of this Answer with the same force and effect as though set forth here in full.

283.    The allegations contained in paragraph 283 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 283 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

284.    The allegations contained in paragraph 284 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 284 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

285.    The allegations contained in paragraph 285 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 285 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

286.    The allegations contained in paragraph 286 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 286 of the Complaint, including its subparts a through e, as it is without knowledge or information sufficient to form a belief as to the truth therein.

287.     The allegations contained in paragraph 287 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 287 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

288.     The allegations contained in paragraph 288 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 288 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

289.     The allegations contained in paragraph 289 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 289 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

290.     The allegations contained in paragraph 290 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 290 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

**RESPONSE TO**
**"COUNT XXXV (CONSPIRACY)"**

291.     With respect to the allegations contained in the first sentence of paragraph 291 of the Complaint, repeats and realleges each and every admission, denial, averment, and

statement contained in paragraphs 1 through 290 of this Answer with the same force and effect as though set forth here in full.  The allegations contained in the second sentence of paragraph 291 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of paragraph 291 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

292.    The allegations contained in paragraph 292 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 292 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

293.    The allegations contained in paragraph 293 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 293 of the Complaint, including its subparts (1) through (4), as it is without knowledge or information sufficient to form a belief as to the truth therein.

294.    The allegations contained in paragraph 294 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 294 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

295.    The allegations contained in paragraph 295 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be

deemed required, Merck denies each and every allegation contained in paragraph 295 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

296.    The allegations contained in paragraph 296 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 296 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

297.    The allegations contained in paragraph 297 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 297 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

298.    The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 297 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation directed towards Merck contained in the unnumbered "Wherefore" paragraph, including its subparts A through E, except admits that Plaintiffs purport to seek economic and other relief against Merck but denies that there is any legal or factual basis for such relief.

### AS FOR A FIRST
### DEFENSE, MERCK ALLEGES:

299.    The Complaint fails to state a claim upon which relief can be granted.

**AS FOR A SECOND**
**DEFENSE, MERCK ALLEGES:**

300.    The Plaintiffs and/or Decedent were careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages, or losses to Plaintiffs and/or Decedent.

**AS FOR A THIRD**
**DEFENSE, MERCK ALLEGES:**

301.    To the extent that Plaintiffs assert claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

**AS FOR A FOURTH**
**DEFENSE, MERCK ALLEGES:**

302.    To the extent that Plaintiffs assert claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

**AS FOR A FIFTH**
**DEFENSE, MERCK ALLEGES:**

303.    The Plaintiffs and/or Decedent failed to exercise reasonable care to mitigate their alleged damages.

**AS FOR A SIXTH**
**DEFENSE, MERCK ALLEGES:**

304.    Each and every claim asserted or raised in the Complaint is barred by prescription, preemption, and/or any other applicable federal or state statute of limitations.

### AS FOR A SEVENTH
### DEFENSE, MERCK ALLEGES:

305.    To the extent that Plaintiffs assert claims in the Complaint based upon an alleged failure by Merck to warn Plaintiffs and/or Decedent directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician and/or the learned intermediary doctrine.

### AS FOR AN EIGHTH
### DEFENSE, MERCK ALLEGES:

306.    The claims of the Plaintiffs are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### AS FOR A NINTH
### DEFENSE, MERCK ALLEGES:

307.    The claims of the Plaintiffs are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

### AS FOR A TENTH
### DEFENSE, MERCK ALLEGES:

308.    The claims of the Plaintiffs are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

### AS FOR AN ELEVENTH
### DEFENSE, MERCK ALLEGES:

309.    The claims of the Plaintiffs are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Products Liability.

### AS FOR A TWELFTH
### DEFENSE, MERCK ALLEGES:

310.    The product conformed to the state-of-the-art for the design and manufacture of such, or similar, products.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

311.    The claims of the Plaintiffs are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

312.    If Plaintiffs and/or Decedent have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs and/or Decedent knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

313.    If Plaintiffs and/or Decedent have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

314.    To the extent that Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

315.    If Plaintiffs and/or Decedent have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiffs and/or Decedent or natural course of conditions for which this Defendant is not responsible.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

316.    If Plaintiffs and/or Decedent have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiffs and/or Decedent or abuse of Vioxx.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

317.    The claims of Plaintiffs are barred in whole or in part by the First Amendment of the Constitution of the United States of America and comparable state law provisions.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

318.    To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs and/or Decedent did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

319.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

320.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

321.    To the extent that Plaintiffs seek punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

322.    To the extent Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

323.    The demand for punitive damages by the Plaintiffs is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

324.    To the extent that Plaintiffs assert claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to their

claims, Plaintiffs have failed to allege facts that would overcome the defenses available under that state products liability law.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

325.    The claims of Plaintiffs are barred, in whole or in part, because one or more Plaintiffs lack capacity and/or standing to bring such claims.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

326.    To the extent that Plaintiffs assert claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiffs to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

327.    Merck further states that any warnings which were given were transmitted to the prescribing health care provider, and that under Texas law, Merck's only obligation is to warn the prescribing health care provider and said obligation was fulfilled.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

328.    Merck denies that Plaintiffs and/or Decedent used any product manufactured by Merck as alleged in Plaintiffs' Complaint.

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

329.    If Plaintiffs and/or Decedent have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs and/or Decedent.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

330.    If Plaintiffs and/or Decedent have sustained the injuries and damages alleged in the Complaint, such injuries resulted, in whole or in part, from the culpable conduct and negligence of Plaintiffs, Decedent, and/or of third parties, not from any negligence or breach of duty by Merck.  If judgment is rendered in Plaintiffs' favor, the amount of such judgment must be reduced pursuant to the Proportionate Responsibility Statute § 33.001, *et seq.* of the Texas Civil Practice & Remedies Code.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

331.    Merck is unaware at this time of any settlements by any alleged joint tortfeasor.  In the event any settlement is or has been made by any alleged joint tortfeasor, however, then Merck is entitled to a full credit, offset, pro rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling party, person, or other entity herein, and Merck makes known to the other parties and to the court that it will avail itself of its rights under §§ 33.012 *et seq.* of the Texas Civil Practice & Remedies Code.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

332.    Merck would show that the occurrences and injuries alleged by Plaintiffs resulted from an intervening cause or a new and independent cause which was the proximate and/or producing cause and/or the sole proximate and/or sole cause of the occurrences and injuries alleged by Plaintiffs.  Moreover, the occurrences and injuries were caused by separate and independent events or agencies not reasonably foreseeable.  Such separate and independent events or agencies destroy the causal connection, if any, between any alleged breach of legal duty on the part of Merck and the occurrences and injuries alleged by Plaintiffs, and thereby

become the immediate and/or sole cause and/or sole proximate cause of such occurrences and injuries, relieving Merck of liability to Plaintiffs or any other parties.

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

333.    If Plaintiffs and/or Decedent have sustained the injuries or incurred the expenses alleged, the same may have been caused, in whole or in part, by operation of nature or act of God.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

334.    If Plaintiffs and/or Decedent have sustained the injuries or incurred the expenses alleged, the same may have been caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of Merck.

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

335.    Merck states that the benefits of the product at issue outweigh the risks, if any, which may be attendant to its use.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

336.    Merck fully asserts § 82.001 and § 82.007 of the Texas Civil Practice and Remedies Code and states that all of Plaintiffs' claims are barred under those sections.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

337.    To the extent Plaintiffs seek recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

338.   Any claims for exemplary damages are limited by Section 41.008 of the Texas Civil Practice and Remedies Code to two times the amount of actual damages or $200,000, whichever is greater.   Merck asserts all other defenses and limitations on punitive damages contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

## AS FOR A FORTY-FIRST
## DEFENSE, MERCK ALLEGES:

339.   Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate Merck's rights under Amendments IV, V, VI and XIV of the United States Constitution and under Sections 9, 10, 14 and 19 of Article I of the Texas Constitution.

## AS FOR A FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

340.   Unless Merck's liability for punitive damages and the appropriate amount of punitive damages are each required to be established by clear and convincing evidence under Texas law, any awards of punitive damages would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## AS FOR A FORTY-THIRD
## DEFENSE, MERCK ALLEGES:

341.   Any claims for punitive damages against Merck cannot be sustained, because any award of punitive damages under Texas law without bifurcating the trial as to all punitive damages issues would violate Merck's due process rights guaranteed by the Fourteenth

Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## AS FOR A FORTY-FOURTH
## DEFENSE, MERCK ALLEGES:

342.    Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law subject to no pre-determined limit, either a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## AS FOR A FORTY-FIFTH
## DEFENSE, MERCK ALLEGES:

343.    Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law by a jury that (1) is not provided any standard of sufficient clarity for determining the appropriateness, or the appropriate size of any punitive damages award, (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## AS FOR A FORTY-SIXTH
## DEFENSE, MERCK ALLEGES:

344.    Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law for the purpose of compensating Plaintiffs for elements of damages not otherwise recognized by Texas law would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## AS FOR A FORTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

345.    Merck asserts that the determination of the amount of punitive damages, if any, shall be bifurcated from the remaining issues pursuant to *Transportation Insurance Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

## AS FOR A FORTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

346.    Vioxx is a prescription pharmaceutical that was available only upon the prescription of a licensed physician, and persons other than Merck, including Plaintiffs' and/or Decedent's treating physicians and health care personnel and institutions, stood in the position of learned intermediaries between Merck and Plaintiffs and/or Decedent.  Any claims against Merck accordingly are barred in whole or in part by the learned intermediary doctrine.

## AS FOR A FORTY-NINTH
## DEFENSE, MERCK ALLEGES:

347.    Plaintiffs' claims are barred as a matter of law pursuant to Restatement (Third) of Torts §§ 2, 4, and 6.

## AS FOR A FIFTIETH
## DEFENSE, MERCK ALLEGES:

348.    Plaintiffs' claims relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First Amendment rights to petition the government.

## AS FOR A FIFTY-FIRST
## DEFENSE, MERCK ALLEGES:

349.    Imposition of punitive or exemplary damages violates the Sixth Amendment of the United States Constitution because Merck is not informed of the nature and cause of the accusation against it; thus, the allegations are void for vagueness.

## AS FOR A FIFTY-SECOND
## DEFENSE, MERCK ALLEGES:

350.    The imposition of punitive damages violates the open courts provision of the Texas Constitution.

## AS FOR A FIFTY-THIRD
## DEFENSE, MERCK ALLEGES:

351.    Merck demands a trial by jury of all issues.

## AS FOR A FIFTY-FOURTH
## DEFENSE, MERCK ALLEGES:

352.    Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

## AS FOR A FIFTY-FIFTH
## DEFENSE, MERCK ALLEGES:

353.    Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included

in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

## AS FOR A FIFTY-SIXTH
## DEFENSE, MERCK ALLEGES:

354.    The Plaintiffs are not entitled to recover exemplary or punitive damages under Massachusetts law.  Mass. Gen. Laws ch. 229, § 2.

## AS FOR A FIFTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

355.    The Plaintiffs' claims under Chapter 93A of the Massachusetts General Laws are barred because the Plaintiffs did not provide Merck with written notice of their claim and because the conduct of Merck, selling a prescription drug approved by the FDA and accompanied by FDA-approved labeling and warnings, cannot constitute a violation of Chapter 93A.

## AS FOR A FIFTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

356.    The Plaintiffs' claims under Chapter 93A of the Massachusetts General Laws are barred because the acts in question did not occur primarily and substantially within the Commonwealth of Massachusetts.

## AS FOR A FIFTY-NINTH
## DEFENSE, MERCK ALLEGES:

357.    The Plaintiffs are not entitled to recover exemplary or punitive damages under the Massachusetts wrongful death statute, Mass. Gen. Laws ch. 229, § 2, because Merck did not act maliciously, willfully, wantonly, or recklessly, or with gross negligence.

**AS FOR A SIXTIETH**
**DEFENSE, MERCK ALLEGES:**

358.   Plaintiffs impermissibly seek to impose liability on conduct protected from liability by the First Amendment to the United States Constitution and by Article 1 of the Wisconsin Constitution.

**AS FOR A SIXTY-FIRST**
**DEFENSE, MERCK ALLEGES:**

359.   To the extent that Plaintiffs seek economic losses as a result of purchasing Vioxx, such claims are barred under Kansas law because a buyer of allegedly defective goods cannot recover in tort for economic losses.

**AS FOR A SIXTY-SECOND**
**DEFENSE, MERCK ALLEGES:**

360.   Merck's negligence, if any, must be compared to the negligence of all entities, whether joined as a party or not, even if recovery against a particular entity is barred.

**AS FOR A SIXTY-THIRD**
**DEFENSE, MERCK ALLEGES:**

361.   Any liability that might otherwise be imposed upon Merck is subject to reduction by the application of the doctrine of comparative negligence.

**AS FOR A SIXTY-FOURTH**
**DEFENSE, MERCK ALLEGES:**

362.   If Plaintiffs and/or Decedent has sustained injuries or losses as alleged in the Complaint, upon information and belief, the proximate cause of such injuries or losses was use or consumption of Vioxx that was for a purpose, in a manner or in an activity other than that which was reasonably foreseeable or was contrary to express and adequate instructions or warnings appearing on or attached to Vioxx or on its original container or wrapping or otherwise

provided, and Plaintiffs and/or Decedent  knew or with the exercise of reasonable and diligent care should have known of such instructions or warnings.

## AS FOR A SIXTY-FIFTH
## DEFENSE, MERCK ALLEGES:

363.    To the extent Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would, if granted, violate Merck's constitutional rights under the United States and Arizona Constitutions and are not permitted by Arizona law.

## AS FOR A SIXTY-SIXTH
## DEFENSE, MERCK ALLEGES:

364.    Arizona Revised Statute § 12-701 bars recovery for punitive damages.

## AS FOR A SIXTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

365.    To the extent Plaintiffs seek punitive damages, Merck specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive damage awards that arose in the decision of *BMW of North America v. Gore*, 517 U.S. 559, 116 S. Ct. 1589 (1996), and pursuant to statute in the State of Arizona.

## AS FOR A SIXTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

366.    Plaintiffs cannot state a claim under the Arizona Consumer Fraud Act because the Plaintiffs and/or Decedent have not relied on any representations by Merck and/or have not suffered any consequent and proximate injury.

## AS FOR A SIXTY-NINTH
## DEFENSE, MERCK ALLEGES:

367.    All activities of Merck as alleged in the Complaint were expressly authorized and/or regulated by a government agency.  Therefore, Plaintiffs' claims pertaining to unfair or deceptive practices are barred.

## AS FOR A SEVENTIETH
## DEFENSE, MERCK ALLEGES:

368.    The conduct and activities of Merck with respect to Vioxx did not involve any act, use, or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale or advertisement of Vioxx.

## AS FOR A SEVENTY-FIRST
## DEFENSE, MERCK ALLEGES:

369.    Merck's advertisements and labeling with respect to the product which is the subject matter of the Complaint were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States and Arizona Constitutions.

## AS FOR A SEVENTY-SECOND
## DEFENSE, MERCK ALLEGES:

370.    Plaintiffs' claims under New York General Business Law Section 349 are barred by reason of Plaintiffs' failure to allege sufficient facts identifying any statement or misrepresentation alleged to constitute a deceptive act or practice and their failure to sufficiently plead causation or reliance.

## AS FOR A SEVENTY-THIRD
## DEFENSE, MERCK ALLEGES:

371.    To the extent Plaintiffs' claims under New York General Business Law Section 349 are based on conduct that took place outside the state of New York, the claims are barred.

## AS FOR A SEVENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

372.    Plaintiffs' claims under New York General Business Law Section 350 are barred by reason of Plaintiffs' failure to allege sufficient facts identifying any statement or misrepresentation alleged to constitute false advertising and their failure to sufficiently plead causation or reliance.

## AS FOR A SEVENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

373.    Merck pleads all defenses available to it where applicable under the Arkansas Products Liability Act of 1979.

## AS FOR A SEVENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

374.    A finding of liability under current Missouri law and procedure would violate defendant's constitutional rights, both facially and as applied, under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 22(a) (right to a trial by jury), in that:

a.    Missouri law, by virtue of Missouri Approved Instructions 25.04 and 25.05, fails to submit to the jury one or more specific alleged defects upon which the jury must base its finding that the product is unreasonably dangerous.

i.    This gives the jury a roving commission with no constraints whatsoever to find the product unreasonably dangerous; and

     ii.    Fails to limit the jury's consideration to those defects specified and supported by substantial evidence; and

     iii.    This also denies defendant any meaningful review by the trial court of the submissibility of plaintiff's claims as to certain defects, and

     iv.    This permits the jury to render a verdict against the defendant based upon the vote of less than a majority of the jury, with each of the minimum of nine jurors required to vote for a verdict against the defendant basing that vote on a defect never alleged in the pleadings, a different allegation of defect, a defect for which plaintiff does not have substantial evidence, a defect never claimed by plaintiff's experts or a defect never mentioned in the evidence at the trial.

b.    Missouri law by virtue of Missouri Approved Instructions 25.04 and 25.05 allows the jury a roving commission with no constraints whatsoever in that no factors or objective standards to consider in deciding whether a product is unreasonably dangerous are given the jury; and

c.    Missouri allows the jury a roving commission with no constraints whatsoever because no factors are given the trial court to meaningfully review the submissibility of a case or to review meaningfully a jury's verdict, both as to liability and as to the amount of damages awarded.

**AS FOR A SEVENTY-SEVENTH**
**DEFENSE, MERCK ALLEGES:**

375.    Section 537.675, Mo.Rev.Stat. violates Article 1, Section 13 against ex post facto laws to the extent that it permits the jury to consider any conduct or omission by the defendant which occurred before the passage of that statute.

### AS FOR A SEVENTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

376.    Section 537.675, Mo.Rev.Stat., which takes half of any punitive damage award for the State of Missouri, making the award of punitive damages a fine imposed and collected by the State, both facially and as applied, violates the double jeopardy clauses of the 5th Amendment of the United States Constitution and Article I, Section 19 of the Missouri Constitution, because it allows multiple punitive damage awards for the same conduct.

### AS FOR A SEVENTY-NINTH
### DEFENSE, MERCK ALLEGES:

377.    Missouri, by virtue of Section 537.675, which requires half of any punitive damage award to be paid to the State of Missouri, has made every award of punitive damages a criminal fine without adequate guidelines giving notice as to the conduct or state of mind that could result in a punitive damage award and as to the procedures for imposing punitive damages, including without limitation, a failure to require a unanimous jury to award punitive damages.

### AS FOR AN EIGHTIETH
### DEFENSE, MERCK ALLEGES:

378.    Missouri standards for finding a defendant liable for punitive damages are so vague, uncertain and ill-defined that Section 537.675, Mo.Rev.Stat. violates the Fifth Amendment to the United States Constitution and Article I, Section 18(a) of the Missouri Constitution, because it permits the imposition of a state fine without the defendant ever being told the nature and cause of the offense with which the defendant was charged.

### AS FOR AN EIGHTY-FIRST
### DEFENSE, MERCK ALLEGES:

379.    Section 537.675, Mo.Rev.Stat. violates Article 1, Section 31, by delegating to a jury the authority to set fines.

## AS FOR AN EIGHTY-SECOND
## DEFENSE, MERCK ALLEGES:

380.    Section 537.675, Mo.Rev.Stat. violates Article 1, Section 22(a) in that it allows a less than unanimous jury to impose the criminal penalty of punitive damages and permits verdicts which are not truly supported by the vote of nine jurors.  Missouri law allows a group of nine jurors to impose and set the amount of punitive damages, which group is different from the group of nine that originally found the prerequisite liability for compensatory damages, so that no group of nine may have agreed on the entire verdict upon which judgment is entered.

## AS FOR AN EIGHTY-THIRD
## DEFENSE, MERCK ALLEGES:

381.    Missouri's scheme for punitive damages, including without limitation, the Missouri Approved Instructions on punitive damages and Sections 510.263 and 537.675, violate, both facially and as applied, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Constitution of Missouri, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Article I, Sections 21 and 22(a) (right to a trial by jury) of the Missouri Constitution, because:

    a.    Missouri law fails to provide adequate guidance to the jury in setting the amount of any punitive damage award and instead leaves this decision to the unbridled discretion of the jury;

    b.    Missouri law provides no objective limitations or standards concerning a proper amount of punitive damages;

    c.    Missouri law does not require that an award of punitive damages bear a reasonable relationship to the actual injury involved;

    d.    Missouri law does not require that an award of punitive damages bear a reasonable relationship to the compensatory damages awarded by the jury;

e.    Missouri law does not require that an award of punitive damages bear a reasonable relationship to the defendant's mental state and the degree of malice with which the jury finds the defendant acted;

f.    Missouri law has no fixed limit on the amount of punitive damages that can be awarded in connection with an incident or with a product involved in more than one incident;

g.    Missouri law allows multiple punitive damage awards for the same conduct;

h.    Missouri law does not require the judge presiding over a trial in which punitive damages have been awarded to review the punitive damages award in light of the amount of punitive damages awarded in other, comparable cases;

i.    Missouri law does not require the jury to consider mitigating circumstances in determining whether punitive damages should be awarded;

j.    Missouri law does not require that an award of punitive damages must not be based upon any bias, passion, or prejudice against the defendant;

k.    Missouri's guidelines, standards, procedures and jury instructions for the award of punitive damages are ambiguous, indefinite, vague, uncertain, conflicting, purely subjective, unreasonable and fundamentally unfair, so as to deprive defendant of adequate notice of the type of conduct that could result in the imposition of punitive damages;

l.    Missouri law directs a jury to consider the net worth of the defendant in setting the amount of any punitive damage award and, therefore, discriminates unfairly on the basis of economic status bearing no relationship to the incident, the

damages sustained by the plaintiff, the mental state of the defendant or to other awards of punitive damages under comparable facts;

m.    Missouri law does not require that the amount of any punitive damage award must not be based upon any desire or belief to redistribute income or wealth from those the jury believes have wealth to those the jury believes have less or no wealth;

n.    Missouri law allows an award of punitive damages to be based entirely on conduct occurring outside the state of Missouri; and

Missouri law allows a less than unanimous jury to impose the penalty of punitive damages and allows one group of nine jurors to find the prerequisite liability for compensatory damages and another group of nine to impose and set the amount of punitive damages, so that no group of nine jurors agrees on the verdict upon which judgment is entered.

**AS FOR AN EIGHTY-FOURTH
DEFENSE, MERCK ALLEGES:**

382.    Missouri law requiring proof of punitive damages by clear and convincing evidence violates the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Missouri Constitution, as interpreted by the Courts to require proof beyond a reasonable doubt in all criminal cases, because Section 537.675 has criminalized punitive damages, so that a charge of punitive damages should be proven beyond a reasonable doubt to a unanimous jury.

**AS FOR AN EIGHTY-FIFTH
DEFENSE, MERCK ALLEGES:**

383.    Plaintiffs and/or Decedent who purchased Vioxx outside of Missouri have no claim under the Missouri Merchandising Practices Act because that Act does not apply to transactions that occur wholly outside of Missouri.

## AS FOR AN EIGHTY-SIXTH
## DEFENSE, MERCK ALLEGES:

384.    One or more Plaintiffs lack standing to assert claims under Missouri Merchandising Practices Act or any Missouri consumer protection statute.

## AS FOR AN EIGHTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

385.    Plaintiffs are not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of the due process clause of the Fourteenth Amendment of the United States Constitution and the Missouri Constitution as set forth in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 123 S.Ct. 1513 (2003).

## AS FOR AN EIGHTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

386.    Plaintiffs are not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in an unconstitutionally excessive fine in violation of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution and comparable provisions of the Missouri Constitution.

## AS FOR AN EIGHTY-NINTH
## DEFENSE, MERCK ALLEGES:

387.    Plaintiffs are not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of the prohibition against ex post facto laws and laws impairing the obligations of contracts contained in Sections 9 and 10 of Article I of the United States Constitution and comparable provisions of the Missouri Constitution.

## AS FOR A NINETIETH
## DEFENSE, MERCK ALLEGES:

388.   Plaintiffs are not entitled to recover exemplary or punitive damages because Plaintiffs' claim for exemplary or punitive damages is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Missouri Constitution because there are not realistic standards or limits imposed on the amount of punitive damages which may be awarded, and no required relationship between the actual damages sustained and the amount of punitive damages which may be awarded.

## AS FOR A NINETY-FIRST
## DEFENSE, MERCK ALLEGES:

389.   Plaintiffs are not entitled to recover exemplary or punitive damages because Plaintiffs' claim for exemplary or punitive damages is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitutions and comparable provisions of the Missouri Constitution because the vague standards employed in punitive damage cases results in extremely disparate results among similar defendants accused of similar conduct.

## AS FOR A NINETY-SECOND
## DEFENSE, MERCK ALLEGES:

390.   Plaintiffs are not entitled to recover exemplary or punitive damages because Plaintiffs' claim for exemplary or punitive damages is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Missouri Constitution because the purpose of punitive damages is punishment and deterrence, and there is not adequate procedural safeguards in place to protect

Merck's right against self-incrimination, right to proof beyond a reasonable doubt, and right to be free  from unreasonable searches and seizures in this case.

**AS FOR A NINETY-THIRD
DEFENSE, MERCK ALLEGES:**

391.    Plaintiffs are not entitled to recover exemplary or punitive damages because Plaintiffs' claim for exemplary or punitive damages is in violation of the First Amendment to the United States Constitution and comparable provisions of the Missouri Constitution.

**AS FOR A NINETY-FOURTH
DEFENSE, MERCK ALLEGES:**

392.    Plaintiffs are not entitled to recover exemplary or punitive damages because the standards and instructions regarding exemplary/punitive damages are inadequate, vague, and ambiguous, further violating the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Missouri Constitution.

**AS FOR A NINETY-FIFTH
DEFENSE, MERCK ALLEGES:**

393.    The correct standard for submitting the burden of proof for exemplary and/or punitive damages is "clear and convincing" evidence.  Any lesser standard is a violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Missouri Constitution.

**AS FOR A NINETY-SIXTH
DEFENSE, MERCK ALLEGES:**

394.    Plaintiffs are not entitled to recover exemplary or punitive damages because the imposition of exemplary or punitive damages in this case based upon evidence of Merck's wealth or financial status would violate the due process clauses of the Fifth and

Fourteenth Amendments to the United States Constitution and comparable provisions of the Missouri Constitution.

## AS FOR A NINETY-SEVENTH
## DEFENSE, MERCK ALLEGES:

395.    The Complaint and the causes of action contained therein is barred in whole or in part by the United States and Missouri Constitution which prohibit the extra-territorial application of state law.

## AS FOR A NINETY-EIGHTH
## DEFENSE, MERCK ALLEGES:

396.    Plaintiffs' claim for wrongful death is barred by the statute of limitations in Mo. Rev. 537.100 and is otherwise untimely.

## AS FOR A NINETY-NINTH
## DEFENSE, MERCK ALLEGES:

397.    Merck's fault, if any, must be compared to the fault of Plaintiffs, Decedent, and others pursuant to Mo. Rev. Stat. 537.765 and the principles of comparative fault announced in *Gustafson v. Benda*, 661 S.W.2d 11 (Mo. banc 1983).

## AS FOR A HUNDREDTH
## DEFENSE, MERCK ALLEGES:

398.    To the extent that Plaintiffs seek economic losses as a result of purchasing Vioxx, such claims are barred under Missouri law because a buyer of allegedly defective goods cannot recover in tort for economic losses.

## AS FOR A HUNDRED AND FIRST
## DEFENSE, MERCK ALLEGES:

399.    Merck denies that Plaintiffs and/or Decedent used any product manufactured by Merck as alleged in Plaintiffs' Complaint.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.     That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' Complaint with prejudice against Merck with costs assessed to Plaintiffs;

2.     Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.     Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated:  July 17, 2006

Respectfully submitted,

  s/ Melissa V. Beaugh_____
Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Melissa V. Beaugh, 28250
        Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
        Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL No. 1657, on this 17th day of July, 2006.

<u>   s/ Melissa V. Beaugh               </u>