IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX® | : MDL Docket No. 1657 |
| | : |
| PRODUCTS LIABILITY LITIGATION | : SECTION L |
| | : |
| This document relates to: *Peggy L. Welch and Thomas Welch v. Merck & Co., Inc.* (E.D. La. 06-2720 ) | : JUDGE FALLON |
| | : |
| | : MAG. JUDGE KNOWLES |

## ANSWER AND JURY DEMAND OF DEFENDANT MERCK & CO., INC.

### RESPONSE TO "JURISDICTION"

1.      Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint.

2.      Merck denies each and every allegation contained in paragraph 2 of the Complaint but admits that it is a New Jersey corporation with its principal place of business in New Jersey.

### RESPONSE TO "FACTUAL BACKGROUND"

3.      Merck denies each and every allegation contained in paragraph 3 of the Complaint.

4.      Merck denies each and every allegation contained in paragraph 4 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its indicated uses and full text.

5.      Merck denies each and every allegation contained in paragraph 5 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

6.      Merck denies each and every allegation contained in paragraph 6 of the
Complaint.

7.      Merck denies each and every allegation contained in paragraph 7 of the
Complaint except admits that Merck sought, and in May 1999 received FDA approval to
manufacture and market the prescription medicine Vioxx, and did manufacture and market
Vioxx in a manner consistent with the relevant FDA-approved prescribing information until
Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

8.      Merck denies each and every allegation contained in paragraph 8 of the
Complaint.

9.      Merck denies each and every allegation contained in paragraph 9 of the
Complaint.

10.     Merck denies each and every allegation set forth in paragraph 10 of the Complaint
and respectfully refers the Court to the relevant FDA-approved prescribing information for
Vioxx for its indicated uses and full text.

11.     Merck denies each and every allegation contained in paragraph 11 of the
Complaint.

12.     Merck denies knowledge or information sufficient to form a belief as to the truth
or falsity of the allegations contained in paragraph 12 of the Complaint.

13.     Merck denies each and every allegation contained in paragraph 13 of the
Complaint.

14.     Merck denies knowledge or information sufficient to form a belief as to the truth
or falsity of the allegations contained in paragraph 14 of the Complaint.

15.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint.

## RESPONSE TO "FIRST CLAIM FOR RELIEF (STRICT PRODUCTS LIABILITY)"

16.    With respect to the allegations contained in paragraph 16 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

17.    Merck denies each and every allegation contained in paragraph 17 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

18.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint.

19.    Merck denies each and every allegation contained in paragraph 19 of the Complaint.

20.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint.

21.    Merck denies each and every allegation contained in paragraph 21 of the Complaint.

22.    Merck denies each and every allegation contained in paragraph 22 of the Complaint.

23.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Complaint.

-3-

24.   Merck denies each and every allegation contained in paragraph 24 of the Complaint.

25.   Merck denies each and every allegation contained in paragraph 25 of the Complaint.

26.   Merck denies each and every allegation contained in paragraph 26 of the Complaint.

27.   Merck denies each and every allegation contained in paragraph 27 of the Complaint.

## RESPONSE TO "SECOND CLAIM FOR RELIEF (NEGLIGENCE)"

28.   With respect to the allegations contained in paragraph 28 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the paragraphs 1 through 27 of this Answer with the same force and effect as though set forth here in full.  Merck denies each and every other allegation contained in paragraph 28 of the Complaint including subparagraphs a - g.

29.   Merck denies each and every allegation contained in paragraph 29 of the Complaint.

30.   Merck denies each and every allegation contained in paragraph 30 of the Complaint.

## RESPONSE TO "THIRD CLAIM FOR RELIEF (BREACH OF EXPRESS WARRANTY)"

31.   With respect to the allegations contained in paragraph 31 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the paragraphs 1 through 30 of this Answer with the same force and effect as though set forth here in full.

- 4 -

32.    Merck denies each and every allegation contained in paragraph 32 of the
Complaint.

33.    Merck denies each and every allegation contained in paragraph 33 of the
Complaint.

34.    Merck denies each and every allegation contained in paragraph 34 of the
Complaint.

35.    Merck denies each and every allegation contained in paragraph 35 of the
Complaint.

36.    Merck denies each and every allegation contained in paragraph 36 of the
Complaint.

## RESPONSE TO "FOURTH CLAIM FOR RELIEF (BREACH OF IMPLIED WARRANTY)"

37.    With respect to the allegations contained in paragraph 37 of the Complaint, Merck
repeats and realleges each and every admission, denial, averment, and statement contained in the
paragraphs 1 through 36 of this Answer with the same force and effect as though set forth here in
full.

38.    Merck denies knowledge or information sufficient to form a belief as to the truth
or falsity of the allegations contained in paragraph 38 of the Complaint except admits that Merck
manufactured, marketed and distributed the prescription medicine Vioxx.

39.    The allegations contained in paragraph 39 of the Complaint are legal conclusions
as to which no responsive pleading is required. Should a response be deemed required, Merck
denies each and every allegation contained in said paragraph.

40.    Merck denies each and every allegation contained in paragraph 40 of the
Complaint.

41.     Merck denies each and every allegation contained in paragraph 41 of the
Complaint.

42.     Merck denies each and every allegation contained in paragraph 42 of the
Complaint.

43.     Merck denies each and every allegation contained in paragraph 43 of the
Complaint.

44.     Merck denies each and every allegation contained in paragraph 44 of the
Complaint.

## RESPONSE TO "FIFTH CLAIM FOR RELIEF (FRAUDULENT MISREPRESENTATION)"

45.     With respect to the allegations contained in paragraph 45 of the Complaint, Merck
repeats and realleges each and every admission, denial, averment, and statement contained in the
paragraphs 1 through 44 of this Answer with the same force and effect as though set forth here in
full.

46.     Merck denies each and every allegation contained in paragraph 46 of the
Complaint.

47.     Merck denies each and every allegation contained in paragraph 47 of the
Complaint.

48.     Merck Denies each and every allegation contained in paragraph 48 of the
Complaint and respectfully refers the Court to the relevant FDA-approved prescribing
information for Vioxx for its indicated uses and full text.

49.     Merck denies each and every allegation contained in paragraph 49 of the
Complaint.

50.     Merck denies each and every allegation contained in paragraph 50 of the Complaint except admits that Merck sought, and in May 1999 received FDA approval to manufacture and market the prescription medicine Vioxx.

51.     Merck denies each and every allegation contained in paragraph 51 of the Complaint.

52.     Merck denies each and every allegation contained in paragraph 52 of the Complaint.

53.     Merck denies each and every allegation contained in paragraph 53 of the Complaint.

## RESPONSE TO "SIXTH CLAIM FOR RELIEF (LOSS OF CONSORTIUM)"

54.     With respect to the allegations contained in paragraph 54 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in the paragraphs 1 through 53 of this Answer with the same force and effect as though set forth here in full.

55.     Merck denies each and every allegation contained in paragraph 55 of the Complaint.

56.     Merck denies each and every allegation contained in paragraph 56 of the Complaint.

57.     Merck denies each and every allegation contained in paragraph 57 of the Complaint.

## PRAYER FOR RELIEF

As for the "Wherefore" section following paragraph 57 of the Complaint, no responsive pleading is required. Should a response be deemed required, Merck denies each and every

- 7 -

allegation contained in this "Wherefore" section except admits that Plaintiff purports to claim certain damages but denies there is any legal or factual basis for same.

## JURY DEMAND
## AFFIRMATIVE DEFENSES

58.     Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

59.     The Complaint fails to state a claim upon which relief can be granted.

60.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

61.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

62.     To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

63.     To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

64.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

65.     Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative negligence.

- 8 -

66.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

67.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

68.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' misuse or abuse of Vioxx.

69.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this Defendant is not responsible.

70.     To the extent Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

71.     Plaintiffs' claim are barred in whole or in part under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

72.     Plaintiffs' claims are barred in whole or in part by the First Amendment.

73.   Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

74.   Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

75.   Plaintiffs' claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

76.   Plaintiffs' claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

77.   To the extent Plaintiffs settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

78.   To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

79.   Plaintiffs' claims are barred in whole or in part because Plaintiffs have failed to mitigate the alleged damages.

80.   Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).

- 10 -

81.     Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

82.     To the extent Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

83.  ·  Plaintiffs' demands for punitive damages are barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

84.     To the extent Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Dated: July ___, 2006                    Respectfully submitted,

                                      */s/ Joshua G. Schiller*

Phillip A. Whittmann, 13625
Dorothy H. Wimberly, 18509
Camelite M. Bertaut, 3054
Stone Pigman Walther Whittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

Fred T. Magaziner
Joseph K. Hetrick
A. Elizabeth Balakhani
Joshua G. Schiller
**Dechert LLP**
Cira Centre
2929 Arch Street
Philadelphia, PA  19104-2808
Phone: (215) 994-4000
Fax: (215) 994-2222

Counsel for Merck & Co., Inc.

- 12 -

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Jury Demand of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 17th day of July, 2006.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

819473v.1