IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUL 18  AM 7: 41

LORETTA G. WHYTE
CLERK

| | |
|---|---|
| VICTORIA L. SMITH, ROBIN STAUDT SMITH, ELIZABETH Q. SMITH and EMILY J. SMITH, as CO-EXECUTORS FOR THE ESTATE OF JAMES B. SMITH, Deceased, and as SUCCESSOR ADMINISTRATORS of the ESTATE OF MARILYN E. SMITH, Deceased.<br><br>        Plaintiff,<br><br>vs.<br><br>MERCK & CO., INC.,<br><br>        Defendant. | Case No. 4:05-cv-158<br><br>THIRD AMENDED COMPLAINT AND CLASS ACTION COMPLAINT AND JURY DEMAND |

COME NOW, Plaintiffs, Victoria L. Smith, Robin Staudt Smith, Elizabeth Q. Smith and

Emily J. Smith, as Co-Executors for the Estate of James B. Smith, deceased, and as Successor

Administrators of the Estate of Marilyn E. Smith, deceased, by and through the undersigned

attorneys at law, and for their cause of action against Defendant, Merck & Co., Inc., state as

follows:

1.      James B. Smith, (hereinafter referred to as "Smith") was at all times material

hereto an adult, and the spouse of Marilyn E. Smith (hereinafter after referred to as "Marilyn").

2.      Smith was a resident of Des Moines, Polk County, Iowa, and is the duly

appointed, qualified, and acting Administrator of the Estate of Marilyn Smith, deceased.

3.      On or about April 13, 2006, Smith passed away.

4.      At all times material hereto, Marilyn was an adult and resident of Des Moines,

Polk County, Iowa and the spouse of James E. Smith.

___ Fee_____
___ Process_____
_X_ Dktd _____
_✓_ CtRmDep_____
___ Doc. No._____

5.      On or about June 19, 2006, Victoria L. Smith, Robin Staudt Smith, Elizabeth Q. Smith and Emily J. Smith, were appointed Co-Executors of the Estate of James B. Smith and became Successor Administrators of the Estate of Marilyn E. Smith.

6.      Defendant Merck & Co., Inc. (hereinafter referred to as "Merck"), is a New Jersey corporation with its principal place of business located in Whitehouse Station, New Jersey.

7.      At all times material hereto, Merck was registered to do and was doing business in Polk County, Iowa, and within the Southern District of Iowa.

8.      This action is properly before this Court because there exists complete diversity of citizenship between Plaintiff and Merck.  Further, the amount in controversy claimed by Plaintiff exceeds $75,000.00.  As a result of the same, this Court has jurisdiction pursuant to 28 U.S.C. Section 1332 (a).

9.      Merck is in the business of researching, designing, formulating compounding, testing, manufacturing, producing, processing, assembling, inspecting, distributing, marketing, labeling, promoting, packaging and advertising for sale, the drug Vioxx.

10.     Vioxx is the trade name for the generic drug rofecoxib.  Vioxx was and is utilized, prescribed and sold for pain management and relief of pain.  Vioxx has been widely advertised and marketed by Merck as a safe and effective pain relief medication.

11.     Merck made filings with the United States Food and Drug Administration in the United States regarding its development of Vioxx.

12.     Vioxx has been linked to several life threatening medical disorders including but not limited to edema, changes in blood pressure, heart attack, stroke, seizures, kidney and liver damage, pregnancy complications, and death.

13.     Evidence linking Vioxx to significant edema, serious cardiovascular events and death has been noted and reported in a large study that was sponsored by Merck in 2000.  These known material risks were not disclosed to or shared with the Plaintiff by Merck.

14.     From March 2000 through September 2004, Merck continued to represent that it was not that Vioxx caused cardiovascular problems, but that naproxen protected against those problems for the next four and one-half years.

15.     Merck engaged in a massive advertising and sampling program, reportedly employing an additional 700 salesperson to "detail" Vioxx to physicians.  The effect of such action was a more than $2 billion profit for Merck in 2000, and a 23 percent market share for Vioxx.

16.     In November of 2000, *The New England Journal of Medicine* published the *VIGOR* study (VIGOR = Vioxx Gastrointestinal Outcomes Research).

17.     In February 2001, an FDA advisory panel recommended the FDA require a label warning of the possible link to cardiovascular problems.

18.     Among other studies, on October 5, 2002 a study done at Vanderbilt University, published in The Lancet, noted that patients taking 50 mg. of Vioxx for more than five days demonstrated a 70% greater likelihood of developing coronary artery disease.

19.     Over the next several years, continual complaints were made to the FDA surrounding the link between Vioxx and cardiovascular events.

20.     On August 25, 2004 Dr. David Graham, Associate Director for Science in the FDA's Office of Drug Safety, presented results of a database analysis of 1.4 million patients that concludes that Vioxx users were more likely to suffer a heart attack or sudden cardiac death than those taking Celebrex or an older NSAID.

21.     On August 26, 2004 and thereafter, Merck continued to minimize any risks.

22.     In 2003-2004, Merck began a three year, 2600 patient randomized trial to see whether Vioxx could claim that it protects against the recurrence of colon polyps, which can become cancerous.  After 18 months of treatment, researchers had observed a higher heart attack and stroke risk in patients on Vioxx, when Vioxx was compared to a placebo and not another NSAID.  The FDA reported that 3.5% of the subjects on Vioxx had suffered a heart attack or stroke, compared with 1.9% on placebo.

23.     On September 30, 2004, Merck withdrew Vioxx from the United States and more than 80 other countries in which it was marketed.

24.     Prior to November 9, 2001, Marilyn Smith was prescribed Vioxx by her physician.

25.     Marilyn remained on Vioxx until approximately July 5, 2004.

26.     On July 5, 2004, Marilyn suffered a stroke and was hospitalized for four days.  On or about July 9, 2004, Marilyn died from the effects of such stroke.

## COUNT I - CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this class action pursuant to Federal Rule of Civil procedure 23(a) and (b)(3) individually and as Administrators of the Estate of Marilyn E. Smith, deceased, on behalf of all others similarly situated and on a class of persons as defined in paragraph 88 below.

28.     This class is defined and described as follows:

All persons who reside in the state of Iowa, or their Estates, Administrators or other legal representatives, heirs or beneficiaries, who ingested Vioxx and who have suffered personal injury or death caused by Vioxx.  Included in the class are dependents and others entitled to recover under applicable Wrongful Death and/or Survival Statutes. This class seeks damages for personal injury and wrongful death.

4

29.     Excluded from the Class are the Defendant, including any parent, subsidiary, affiliate or controlled person of the Defendant and their officers, directors, agents or employees and members of their immediate families.  Also excluded from the Class is the judicial officer presiding over the litigation and members of his/her immediate family.

30.     Vioxx was widely prescribed and has been ingested by approximate 20 million persons.  The members of the Class are so numerous that joinder is impracticable and would involve thousands of individual actions.

31.     Plaintiff, Victoria L. Smith, Robin Staudt Smith, Elizabeth Q. Smith and Emily J. Smith, as Co-Executors of the Estate of James B. Smith and as Successor Administrators of the Estate of Marilyn E. Smith are members of the Class they seek to represent.

32.     There are questions of law and fact common to the class including, but not limited to:

a.     Whether Vioxx was and is unsafe for human ingestion;

b.     Whether Defendant designed, manufactured and/or marketed Vioxx with knowledge that it was a dangerously defective product;

c.     Whether Defendant acted negligently in marketing and selling Vioxx;

d.     Whether Defendant conducted, either directly or indirectly, adequate testing of Vioxx;

e.     Whether Defendant failed to adequately warn consumers of the adverse health hazards caused by using Vioxx;

f.     Whether Defendant falsely and fraudulently misrepresented in their advertisements, promotional materials and other materials, among other things, the safety of using Vioxx;

5

g.      Whether Defendant knowingly omitted, suppressed or concealed material facts about the unsafe and defective nature of Vioxx from governmental regulators, the medical community and/or the consumer public;

h.      Whether Defendant's post-marketing safety and surveillance system exists, and if so, was designed and implemented in a reasonable manner;

i.      Whether Defendant designed and manufactured a drug that was dangerously defective because its use leads to or poses a substantial increased risk of the existence of potentially dangerous side effects, including but not limited to, heart attack and stroke;

j.      Whether Defendant knew of should have known that the ingestion of Vioxx leads to or poses a substantial increased risk of side effects;

k.      Whether Defendant continued to manufacture, label, license, market, distribute, promote and/or sell the drug, Vioxx, notwithstanding its knowledge of the drug's dangerous nature and side effects;

l.      Whether the warnings and information Defendant provided with Vioxx were adequate in warning of the potential hazards resulting from its use;

m.      Whether Defendant engaged in unconscionable and/or deceptive business practices and conduct;

n.      Whether the Class has been injured by virtue of Defendant's negligence, recklessness, and/or unconscionable and/or deceptive business practices and conduct;

o.      Whether ingestion of Vioxx causes an increased risk of side effects; and

p.      Whether Defendant earned substantial profits as a result of their sale of Vioxx.

33.     These and other questions of the law and/or fact are common to the Class and predominate over any question affecting only individual class members.

34.     The claims of the class representatives are typical of the claims of the Class in that the named representatives and the members of the class ingested Vioxx and were injured thereby.

35.     The Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Plaintiff has retained counsel competent and experienced in complex class actions and products liability litigation.  Plaintiff has no known interests which are adverse to the interests of the other members of the Class.  The interests of the Plaintiff and the class they seek to represent are aligned because of their ingestion of Vioxx and their consequential increased risk of the existence of the side effects caused by Vioxx.

36.     Class certification is also appropriate under Fed.R.Civ.P. Rule 23(b)(3) because common issues of law and fact relative to the design, manufacture and marketing of Vioxx predominate over individual issues.  A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual joinder of all members of the class is impracticable.

37.     The Plaintiff and each member of the class have a strong interest in obtaining the requested relief.

38.     A class action is superior to any other available method for the fair and efficient adjudication of this dispute because common questions of law and fact overwhelming predominate any questions that may affect only individual Class members, and there would be enormous economies to the courts and the parties in litigating the common issues on a class wide instead of repetitive individual basis.  A class action approach would serve to consolidate and

7

create a scenario with far fewer management difficulties because it provides the benefits of unity adjudication, judicial economy, economies of scale and comprehensive supervision by a single court. Any person who has been seriously injured and wishes to pursue an individual action outside the remedy sought in this Complaint will have the opportunity to opt out.

39.     The Plaintiff, through counsel, has or will obtain adequate financial resources to assure that the interests of the class will not be harmed.

40.     Maintenance of this action as a class action for the classes alleged is a fair and efficient method for adjudication of this controversy. Given the large identity of common questions and proofs, it would be impracticable and undesirable for each member of each Class who has suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

41.     Notice may be provided to class members by a combination of published notice and first class mail, using techniques and forms of notice similar to those customarily used in other drug-related products liability cases and complex class actions.

42.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action certified for the Class.

## COUNT II – STRICT LIABILITY
## (FAILURE TO WARN AND DESIGN DEFECT)

43.     Plaintiff hereby incorporates all preceding paragraphs as if set forth fully herein.

44.     Vioxx was defective at the time of its design, manufacture, testing, production, inspection, endorsement, prescription, sale and distribution, which defects included lack of warnings or consumer information at the time it was placed into the stream of commerce.

45.     Said lack of warning failed to warn of the dangerous propensities of said product, which risks were known or reasonably scientifically knowable to Merck.

46.     Merck knew or should have known of the defective condition, characteristics, and risks associated with said product, as previously set forth herein.

47.     At all times material hereto, the aforesaid product was defective and that Merck knew that the product was to be used by the user without inspection for defects therein. Moreover, Marilyn neither knew nor had reason to know at the time of the use of the Vioxx, of the existence of the aforementioned defects.

48.     As a result of the defective condition of the aforesaid product, Marilyn suffered injuries and damages.

49.     As a direct and proximate result of the defective condition of the aforesaid product, Plaintiff, Victoria L. Smith, Robin Staudt Smith, Elizabeth Q. Smith and Emily J. Smith, as Co-Executors of the Estate of James B. Smith and as Successor Administrators of the Estate of Marilyn Smith, seek the following damages:

     a)     Pre-death physical and mental pain and suffering;

     b)     Hospital and medical expenses;

     c)     Burial expenses;

     d)     Incurred loss to the net value of Marilyn Smith's Estate, which the decedent could reasonably be expected to have accumulated as a result of her own efforts if she had lived out the terms of her natural life.

50.     As a direct and proximate result of the defective condition of the aforesaid product, Smith, Individually, has suffered in the past , the loss of society, companionship, love, affection, comfort and consortium of his wife, Marilyn.

WHEREFORE, the Plaintiff, the Estate of Marilyn Smith, by and through its Successor Administrators, Victoria L. Smith, Robin Staudt Smith, Elizabeth Q. Smith and Emily J. Smith, as Co-Executors of the Estate of James Smith, hereby request judgment against the Defendant, Merck & Co., Inc., for any and all amounts which the Estate of Marilyn Smith is entitled to, as a result of the death of Marilyn Smith, together with interest thereon at the maximum legal rate plus costs of this action.

WHEREFORE, the Plaintiff, for themselves and all others similarly situated, request that this Court enter a judgment against the defendant and in favor of the Plaintiff, on behalf of themselves and the members of the Class and to award the following relief:

1.    An Order requiring the immediate Notification of all individuals in the class of the potential harm from Vioxx either alone or in combination with other drugs;

2.    An Order declaring this action to be proper class action pursuant to Federal Rule of Civil Procedure 23, certifying and establishing an appropriate Class, and finding the plaintiff is a proper representative of the Class;

3.    An Order declaring the defendant financially responsible for notifying all class members that Vioxx is dangerous and for taking all other actions requested herein; judgment in their favor and against Defendant;

4.    Compensatory damages in an amount in excess of the jurisdictional limit;

5.    Exemplary and punitive damages in an amount in excess of the jurisdictional limits where appropriate;

6.    All elements of interest, including but not limited to pre-and post judgment interest;

7.    All Bill of Costs elements, including attorney fees and expert witness fees;

8.    Such further and other relief as the Court may deem just and proper;

9.    Trial by jury on all issues of this Case;

10.   Awarding reasonable attorney fees and costs to Plaintiff and the class.

## COUNT III - MISREPRESENTATION &
## FALSE REASSURANCE BY MERCK

51.     Plaintiff incorporates by reference herein all preceding paragraphs as if fully set forth herein.

52.     Merck, from the time the aforementioned product was first manufactured, marketed and distributed, and at all times material hereto, willfully and intentionally reassured Marilyn Smith's treating physicians and the entire health care community, of the safety of Vioxx.

53.     Merck, from the time the aforementioned product was first manufactured, marketed and distributed, and at all times material hereto, made misrepresentations of safety and omitted and/or concealed material facts from, Marilyn Smith's treating physicians and the entire health care community.

54.     Merck cannot hide behind the learned intermediary doctrine because Merck falsely reassured treating physicians of the safety of its product and did so in order to ensure increased sales of Vioxx.

55.     The Plaintiff was not aware of the falsity of the foregoing representations, nor was she aware that material facts concerning the safety of Vioxx had been concealed or omitted.

56.     Merck intentionally reassured physicians and the health care community and suppressed the true facts concerning Vioxx with the intent to defraud the Plaintiff in that Merck knew that the Plaintiff's physicians would not prescribe Vioxx and that the Plaintiff would not have used the product, if they were aware of the true facts concerning the dangers of the product.

57.     As a result of the aforementioned misrepresentations and false reassurances by Merck, the Plaintiff suffered injuries and damages.

58.     As a direct and proximate result of the misrepresentations and false reassurances of Merck, Victoria L. Smith, Robin Staudt Smith, Elizabeth Q. Smith and Emily J. Smith, as Co-

11

Executors of the Estate of James B. Smith and as Successor Administrators of the Estate of Marilyn Smith, seek the following damages:

- a)   Pre-death physical and mental pain and suffering;

- b)   Hospital and medical expenses;

- c)   Burial expenses;

- d)   Incurred loss to the net value of Marilyn Smith's Estate, which the decedent could reasonably be expected to have accumulated as a result of her own efforts if she had lived out the terms of her natural life.

59.   As a direct and proximate result of the aforementioned misrepresentations and false reassurances by Merck, Smith, Individually, has suffered in the past,  the loss of society, companionship, love, affection and consortium of his wife, Marilyn.

WHEREFORE, the Plaintiff, the Estate of Marilyn Smith, by and through its Successor Administrators, Victoria L. Smith, Robin Staudt Smith, Elizabeth Q. Smith and Emily J. Smith, as Co-Executors of the Estate of James Smith, hereby request judgment against the Defendant, Merck & Co., Inc., for any and all amounts which the Estate of Marilyn Smith is entitled to, as a result of the death of Marilyn Smith, together with interest thereon at the maximum legal rate plus costs of this action.

WHEREFORE, the Plaintiff, for themselves and all others similarly situated, request that this Court enter a judgment against the defendant and in favor of the Plaintiff, on behalf of themselves and the members of the Class and to award the following relief:

1.   An Order requiring the immediate Notification of all individuals in the class of the potential harm from Vioxx either alone or in combination with other drugs;

2.   An Order declaring this action to be proper class action pursuant to Federal Rule of Civil Procedure 23, certifying and establishing an appropriate Class, and finding the plaintiff is a proper representative of the Class;

3.    An Order declaring the defendant financially responsible for notifying all class members that Vioxx is dangerous and for taking all other actions requested herein; judgment in their favor and against Defendant;

4.    Compensatory damages in an amount in excess of the jurisdictional limit;

5.    Exemplary and punitive damages in an amount in excess of the jurisdictional limits where appropriate;

6.    All elements of interest, including but not limited to pre-and post judgment interest;

7.    All Bill of Costs elements, including attorney fees and expert witness fees;

8.    Such further and other relief as the Court may deem just and proper;

9.    Trial by jury on all issues of this Case;

10.   Awarding reasonable attorney fees and costs to Plaintiff and the class.

## COUNT IV – NEGLIGENCE

60.    Plaintiff incorporates by reference herein all preceding paragraphs as if fully set forth herein.

61.    At all times herein mentioned, Merck had a duty to properly manufacture, design, formulate, compound, test, produce, process, assemble, inspect, research, distribute, market, label, package, prepare for use, sell, consult and adequately warn of the risks and dangers of Vioxx.

62.    At all times herein mentioned, negligently and carelessly manufactured, designed, formulated, compounded, produced, processed, assembled, inspected, distributed, marketed, labeled, packaged, consulted or failed to consult, prepared for use and sold the aforementioned product and failed to adequately test and warn of the risks and dangers of the aforementioned product.

13

63.    As a result of said negligence and carelessness of Merck, Marilyn suffered injuries and damages.

64.    As a direct and proximate result of the negligence of Merck, Victoria L. Smith, Robin Staudt Smith, Elizabeth Q. Smith and Emily J. Smith, as Co-Executors of the Estate of James B. Smith and as Successor Administrators of the Estate of Marilyn Smith, seek the following damages:

     a)     Pre-death physical and mental pain and suffering;

     b)     Hospital and medical expenses;

     c)     Burial expenses;

     d)     Incurred loss to the net value of Marilyn Smith's Estate, which the Decedent could reasonably be expected to have accumulated as a result of her own efforts if she had lived out the terms of her natural life.

65.    As a direct and proximate result of the negligence of Merck, Smith, Individually, has suffered in the past, the loss of society, companionship, love, affection and consortium of his wife, Marilyn.

WHEREFORE, the Plaintiff, the Estate of Marilyn Smith, by and through its Successor Administrators, Victoria L. Smith, Robin Staudt Smith, Elizabeth Q. Smith and Emily J. Smith, as Co-Executors of the Estate of James Smith, hereby request judgment against the Defendant, Merck & Co., Inc., for any and all amounts which the Estate of Marilyn Smith is entitled to, as a result of the death of Marilyn Smith, together with interest thereon at the maximum legal rate plus costs of this action.

WHEREFORE, the Plaintiff, for themselves and all others similarly situated, request that this Court enter a judgment against the defendant and in favor of the Plaintiff, on behalf of themselves and the members of the Class and to award the following relief:

14

1.  An Order requiring the immediate Notification of all individuals in the class of the potential harm from Vioxx either alone or in combination with other drugs;

2.  An Order declaring this action to be proper class action pursuant to Federal Rule of Civil Procedure 23, certifying and establishing an appropriate Class, and finding the plaintiff is a proper representative of the Class;

3.  An Order declaring the defendant financially responsible for notifying all class members that Vioxx is dangerous and for taking all other actions requested herein; judgment in their favor and against Defendant;

4.  Compensatory damages in an amount in excess of the jurisdictional limit;

5.  Exemplary and punitive damages in an amount in excess of the jurisdictional limits where appropriate;

6.  All elements of interest, including but not limited to pre-and post judgment interest;

7.  All Bill of Costs elements, including attorney fees and expert witness fees;

8.  Such further and other relief as the Court may deem just and proper;

9.  Trial by jury on all issues of this Case;

10. Awarding reasonable attorney fees and costs to Plaintiff and the class.

## <u>COUNT V – NEGLIGENCE PER SE</u>

66.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

67.     At all times material hereto, Merck had an obligation not to violate the law in the manufacture, design, formulation, compounding, testing, production, processing, assembling, inspection, research, distribution, marketing, labeling, packaging, preparation for use, distributing, consulting, sale and warning of the risks and the dangers of Vioxx.

68.     At all times herein mentioned, Merck violated the Federal Food, Drug and Cosmetic Act, 21 U.S.C. Section 301, et seq., related amendments and codes and federal

regulations provided thereunder, the Sherman Food, Drug and Cosmetic Law, the law of the

State of Iowa, and other applicable laws, statutes and regulations.

69.     Smith, as a purchaser and consumer of Vioxx, is within the class of persons the

statutes and regulations described above were designed to protect, and the Plaintiff's injuries are

the type of harm these statutes are designed to prevent.

70.     Merck failed to meet the standard of care set by the following statutes and

regulations, which were intended for the benefit of individuals such as Smith, making Merck

negligent per se in the following:

      a)    The labeling lacked adequate information on the use of Vioxx, even though Merck was aware of the widespread use of Vioxx, in violation of 21 C.F.R. Section 201.56(a)(d);

      b)    The labeling lacked adequate information on the approximate kind, degree and duration of expected improvement, alone or in combination in violation of 21 C.F.R. Section 201.57(c)(3)(i);

      c)    The labeling does not state that there was a lack of evidence to support the common belief of the safety and efficacy of Vioxx in violation of 21 C.F.R. Section 201.57(c)(3)(i) and (iv) and (c)(2);

      d)    The labeling failed to add warnings for serious cardiovascular events and death as soon as there was reasonable evidence of their association with the drug in violation of 21 C.F.R. Section 201.57(e);

      e)    There was inadequate information for patients for the safe and effective use of Vioxx, in violation of 21 C.F.R. Section 201.57(f)(2);

      f)    There was inadequate information regarding special care to be exercised by the doctor for safe and effective use of Vioxx, in violation of 21 C.F.R. Section 201.57(f)(1) and

      g)    The labeling was misleading, in violation of 21 C.F.R. Section 201.56(b).

71.     As a result of Merck's failure to comply with the above laws, the Plaintiff

suffered injuries and damages.

72.     As a direct and proximate result of the negligence of Merck, Victoria L. Smith, Robin Staudt Smith, Elizabeth Q. Smith and Emily J. Smith, as Co-Executors of the Estate of James B. Smith and as Successor Administrators of the Estate of Marilyn Smith, seek the following damages:

   a)     Pre-death physical and mental pain and suffering;

   b)     Hospital and medical expenses;

   c)     Burial expenses;

   d)     Incurred loss to the net value of Marilyn Smith's Estate, which the decedent could reasonably be expected to have accumulated as a result of her own efforts if she had lived out the terms of her natural life.

73.     As a direct and proximate result of the negligence of Merck, Smith, Individually, has suffered in the past, the loss of society, companionship, love, affection and consortium of his wife, Marilyn.

WHEREFORE, the Plaintiff, the Estate of Marilyn Smith, by and through its Successor Administrators, Victoria L. Smith, Robin Staudt Smith, Elizabeth Q. Smith and Emily J. Smith, as Co-Executors of the Estate of James Smith, hereby request judgment against the Defendant, Merck & Co., Inc., for any and all amounts which the Estate of Marilyn Smith is entitled to, as a result of the death of Marilyn Smith, together with interest thereon at the maximum legal rate plus costs of this action.

WHEREFORE, the Plaintiff, for themselves and all others similarly situated, request that this Court enter a judgment against the defendant and in favor of the Plaintiff, on behalf of themselves and the members of the Class and to award the following relief:

   1.     An Order requiring the immediate Notification of all individuals in the class of the potential harm from Vioxx either alone or in combination with other drugs;

2.    An Order declaring this action to be proper class action pursuant to Federal Rule of Civil Procedure 23, certifying and establishing an appropriate Class, and finding the plaintiff is a proper representative of the Class;

3.    An Order declaring the defendant financially responsible for notifying all class members that Vioxx is dangerous and for taking all other actions requested herein; judgment in their favor and against Defendant;

4.    Compensatory damages in an amount in excess of the jurisdictional limit;

5.    Exemplary and punitive damages in an amount in excess of the jurisdictional limits where appropriate;

6.    All elements of interest, including but not limited to pre-and post judgment interest;

7.    All Bill of Costs elements, including attorney fees and expert witness fees;

8.    Such further and other relief as the Court may deem just and proper;

9.    Trial by jury on all issues of this Case;

10.    Awarding reasonable attorney fees and costs to Plaintiff and the class.

## **COUNT VI – BREACH OF IMPLIED WARRANTY**

74.    Plaintiff incorporates by reference herein all preceding paragraphs as if fully set forth herein.

75.    Prior to the time used Vioxx, Merck impliedly warranted to Plaintiff and others that Vioxx was of merchantable quality and safe and fit for the use for which it was intended.

76.    Plaintiff was and are unskilled in the research, design, and manufacture of Vioxx and reasonably relied entirely on the skill, judgment, and implied warranty of Merck in using the aforementioned product.

77.    The aforementioned product was neither safe for its intended use nor of merchantable quality, as warranted by Merck, in that it had dangerous propensities when put to its intended use and would cause severe injuries to the user.

78.     As a result of the aforementioned breach of implied warranties by Merck, Plaintiff suffered injuries and damages.

79.     As a direct and proximate result of the breach of implied warranties of Merck, Victoria L. Smith, Robin Staudt Smith, Elizabeth Q. Smith and Emily J. Smith, as Co-Executors of the Estate of James B. Smith and as Successor Administrators of the Estate of Marilyn Smith, seek the following damages:

    a)    Pre-death physical and mental pain and suffering;

    b)    Hospital and medical expenses;

    c)    Burial expenses;

    d)    Incurred loss to the net value of Marilyn Smith's Estate, which the decedent could reasonably be expected to have accumulated as a result of her own efforts if she had lived out the terms of her natural life.

80.     As a direct and proximate result of the breach of implied warranties of Merck, Smith, Individually, has suffered in the past, the loss of society, companionship, love, affection and consortium of his wife, Marilyn.

WHEREFORE, the Plaintiff, the Estate of Marilyn Smith, by and through its Successor Administrators, Victoria L. Smith, Robin Staudt Smith, Elizabeth Q. Smith and Emily J. Smith, as Co-Executors of the Estate of James Smith, hereby request judgment against the Defendant, Merck & Co., Inc., for any and all amounts which the Estate of Marilyn Smith is entitled to, as a result of the death of Marilyn Smith, together with interest thereon at the maximum legal rate plus costs of this action.

WHEREFORE, the Plaintiff, for themselves and all others similarly situated, request that this Court enter a judgment against the defendant and in favor of the Plaintiff, on behalf of themselves and the members of the Class and to award the following relief:

1. An Order requiring the immediate Notification of all individuals in the class of the potential harm from Vioxx either alone or in combination with other drugs;

2. An Order declaring this action to be proper class action pursuant to Federal Rule of Civil Procedure 23, certifying and establishing an appropriate Class, and finding the plaintiff is a proper representative of the Class;

3. An Order declaring the defendant financially responsible for notifying all class members that Vioxx is dangerous and for taking all other actions requested herein; judgment in their favor and against Defendant;

4. Compensatory damages in an amount in excess of the jurisdictional limit;

5. Exemplary and punitive damages in an amount in excess of the jurisdictional limits where appropriate;

6. All elements of interest, including but not limited to pre-and post judgment interest;

7. All Bill of Costs elements, including attorney fees and expert witness fees;

8. Such further and other relief as the Court may deem just and proper;
9. Trial by jury on all issues of this Case;

10. Awarding reasonable attorney fees and costs to Plaintiff and the class.

## COUNT VII –BREACH OF EXPRESS WARRANTY

81.     Plaintiff incorporates by reference herein, all preceding paragraphs as though fully set forth herein.

82.     At all times relevant hereto, Merck expressly warranted to the Plaintiff, by and through statements made by Merck or its authorized agents or sales representatives, orally and in publications, package inserts and other written materials intended for physicians, medical patients and the general public, that Vioxx was safe, effective, fit and proper for its intended use.

83.     In utilizing the aforementioned product, Plaintiff relied on the skill, judgment, representations and foregoing express warranty of Merck.  Said warranties and representations

were false in that the aforementioned products were not safe, and were unfit for the uses for which they were intended.

84.     As a result of the aforementioned breach of express warranties by Merck, Plaintiff suffered injuries and damages.

85.     As a direct and proximate result of the breach of express warranties of Merck, Victoria L. Smith, Robin Staudt Smith, Elizabeth Q. Smith and Emily J. Smith, as Co-Executors of the Estate of James B. Smith and as Successor Administrators of the Estate of Marilyn Smith, seek the following damages:

        a)     Pre-death physical and mental pain and suffering;

        b)     Hospital and medical expenses;

        c)     Burial expenses;

        d)     Incurred loss to the net value of Marilyn Smith's Estate, which the decedent could reasonably be expected to have accumulated as a result of her own efforts if she had lived out the terms of her natural life.

86.     As a direct and proximate result of the breach of implied warranties of Merck, Smith, Individually, has suffered in the past, the loss of society, companionship, love, affection and consortium of his wife, Marilyn.

WHEREFORE, the Plaintiff, the Estate of Marilyn Smith, by and through its Successor Administrators, Victoria L. Smith, Robin Staudt Smith, Elizabeth Q. Smith and Emily J. Smith, as Co-Executors of the Estate of James Smith, hereby request judgment against the Defendant, Merck & Co., Inc., for any and all amounts which the Estate of Marilyn Smith is entitled to, as a result of the death of Marilyn Smith, together with interest thereon at the maximum legal rate plus costs of this action.

WHEREFORE, the Plaintiff, for themselves and all others similarly situated, request that this Court enter a judgment against the defendant and in favor of the Plaintiff, on behalf of themselves and the members of the Class and to award the following relief:

1. An Order requiring the immediate Notification of all individuals in the class of the potential harm from Vioxx either alone or in combination with other drugs;

2. An Order declaring this action to be proper class action pursuant to Federal Rule of Civil Procedure 23, certifying and establishing an appropriate Class, and finding the plaintiff is a proper representative of the Class;

3. An Order declaring the defendant financially responsible for notifying all class members that Vioxx is dangerous and for taking all other actions requested herein; judgment in their favor and against Defendant;

4. Compensatory damages in an amount in excess of the jurisdictional limit;

5. Exemplary and punitive damages in an amount in excess of the jurisdictional limits where appropriate;

6. All elements of interest, including but not limited to pre-and post judgment interest;

7. All Bill of Costs elements, including attorney fees and expert witness fees;

8. Such further and other relief as the Court may deem just and proper;

9. Trial by jury on all issues of this Case;

10. Awarding reasonable attorney fees and costs to Plaintiff and the class.

## COUNT VIII – FRAUD/DECEIT BY CONCEALMENT

87. Plaintiff incorporates by reference herein all preceding paragraphs as if fully set forth herein.

88. Merck, from the time the aforementioned product was first manufactured, marketed and distributed, and at all times material hereto, willfully deceived the Plaintiff by concealing from them, the Plaintiff's physician, and the general public, the true facts concerning

Vioxx, which Merck, as manufacturer, maker and distributor of the product had a duty to disclose.

89.     Merck committed fraud and deceit by failing to disclose, among other things, the following:

a)      That Merck sponsored a large study which concluded that patients taking Vioxx had four times the risk of heart attacks as the general public and that the risk appeared to increase over time;

b)      That Merck had received letters from the Department of Health and Human Services as early as December of 1999 stating that it (the Department) had determined that the promotional pieces utilized by Merck were false and misleading because they contained misrepresentations of Vioxx' safety profile, unsubstantiated comparative claims and were lacking in fair balance;

c)      Merck conducted a sales and marketing campaign to promote the sale of Vioxx and willfully deceived the Plaintiff, Plaintiff's physician, and the general public as to the health risks and consequence of the use of Vioxx; and

d)      That Merck was aware of the foregoing risks and that Vioxx was not safe, fit and effective for human consumption, that the use of Vioxx was hazardous to health and that Vioxx had a propensity to cause serious injuries to users, including but not limited to the injuries suffered by Marilyn Smith, the Plaintiff.

90.     Merck intentionally concealed and suppressed the true facts concerning Vioxx with the intent to defraud the Plaintiff in that Merck knew that the Plaintiff's physician would not prescribe Vioxx and that the Plaintiff would not have used the product, if she were aware of the true facts concerning the dangers of the product.

91.     As a result of the aforementioned fraudulent and deceitful conduct by Merck, the Plaintiff suffered injuries and damages.

92.     As a direct and proximate result of the fraudulent conduct of Merck, Victoria L. Smith, Robin Staudt Smith, Elizabeth Q. Smith and Emily J. Smith, as Co-Executors of the

Estate of James B. Smith and as Successor Administrators of the Estate of Marilyn Smith, seek the following damages:

        a)      Pre-death physical and mental pain and suffering;

        b)      Hospital and medical expenses;

        c)      Burial expenses;

        d)      Incurred loss to the net value of Marilyn Smith's Estate, which the decedent could reasonably be expected to have accumulated as a result of her own efforts if she had lived out the terms of her natural life.

93.     As a direct and proximate result of the breach of implied warranties of Merck, Smith, Individually, has suffered in the past, the loss of society, companionship, love, affection and consortium of his wife, Marilyn.

WHEREFORE, the Plaintiff, the Estate of Marilyn Smith, by and through its Successor Administrators, Victoria L. Smith, Robin Staudt Smith, Elizabeth Q. Smith and Emily J. Smith, as Co-Executors of the Estate of James Smith, hereby request judgment against the Defendant, Merck & Co., Inc., for any and all amounts which the Estate of Marilyn Smith is entitled to, as a result of the death of Marilyn Smith, together with interest thereon at the maximum legal rate plus costs of this action.

WHEREFORE, the Plaintiff, for themselves and all others similarly situated, request that this Court enter a judgment against the defendant and in favor of the Plaintiff, on behalf of themselves and the members of the Class and to award the following relief:

        1.      An Order requiring the immediate Notification of all individuals in the class of the potential harm from Vioxx either alone or in combination with other drugs;

        2.      An Order declaring this action to be proper class action pursuant to Federal Rule of Civil Procedure 23, certifying and establishing an appropriate Class, and finding the plaintiff is a proper representative of the Class;

3.     An Order declaring the defendant financially responsible for notifying all class members that Vioxx is dangerous and for taking all other actions requested herein; judgment in their favor and against Defendant;

4.     Compensatory damages in an amount in excess of the jurisdictional limit;
5.     Exemplary and punitive damages in an amount in excess of the jurisdictional limits where appropriate;

6.     All elements of interest, including but not limited to pre-and post judgment interest;

7.     All Bill of Costs elements, including attorney fees and expert witness fees;

8.     Such further and other relief as the Court may deem just and proper;

9.     Trial by jury on all issues of this Case;

10.     Awarding reasonable attorney fees and costs to Plaintiff and the class.

## COUNT IX – NEGLIGENT MISREPRESENTATION

94.     Plaintiff incorporates by reference herein, all preceding paragraphs as though fully set forth herein.

95.     Merck, from the time the aforementioned product was first manufactured, marketed and distributed, and up to the present, made false misrepresentations to Plaintiff, Plaintiff's physicians, and the general public, including but not limited to the misrepresentation that Vioxx was safe, fit and effective for human consumption.

96.     At all times herein mentioned, Merck conducted a sales and marketing campaign to promote the sale of the aforementioned Vioxx and deceived the Plaintiff, Plaintiff's physicians, and the general public as to the health risks and consequences of the use of Vioxx.

97.     Merck made the foregoing representations without any reasonable grounds for believing them to be true.  These representations were made directly by Merck, its sales representatives and other authorized agents of Merck, and in publications and other written

25

materials directed to physicians, medical patients and the public, with the intention of inducing reliance in the prescription, purchase and use of Vioxx.

98.     The foregoing representations by Merck were in fact false, in that the Vioxx was not safe, fit and effective for human consumption, the use of Vioxx is hazardous to health and Vioxx has a serious propensity to cause serious injuries to users, including but not limited to the injuries suffered by the Plaintiff, Marilyn Smith.

99.     The foregoing representations by Merck were made with the intention of inducing reliance in the prescription, purchase and use of Vioxx.

100.    In reliance on the misrepresentations by Merck, Plaintiff was induced to purchase and use Vioxx.  If Plaintiff had known the true facts and the facts concealed by Merck, Plaintiff would not have used the Vioxx.

101.    The reliance of the Plaintiff upon Merck's misrepresentations was justified because such misrepresentations were made and conducted by individuals and entities who are in a position to know the true facts.

102.    As a result of the foregoing negligent misrepresentations by Merck, Plaintiff suffered injuries and damages.

103.    As a direct and proximate result of the negligent misrepresentations of Merck, Victoria L. Smith, Robin Staudt Smith, Elizabeth Q. Smith and Emily J. Smith as Co-Executors of the Estate of James B. Smith and as Successor Administrators of the Estate of Marilyn Smith, seek the following damages:

        a)     Pre-death physical and mental pain and suffering;

        b)     Hospital and medical expenses;

        c)     Burial expenses;

      d)      Incurred loss to the net value of Marilyn Smith's Estate, which the decedent could reasonably be expected to have accumulated as a result of her own efforts if she had lived out the terms of her natural life.

104.     As a direct and proximate result of the negligent misrepresentations of Merck, Smith, Individually, has suffered in the past, the loss of society, companionship, love, affection and consortium of his wife, Marilyn.

WHEREFORE, the Plaintiff, the Estate of Marilyn Smith, by and through its Successor Administrators, Victoria L. Smith, Robin Staudt Smith, Elizabeth Q. Smith and Emily J. Smith, as Co-Executors of the Estate of James Smith, hereby request judgment against the Defendant, Merck & Co., Inc., for any and all amounts which the Estate of Marilyn Smith is entitled to, as a result of the death of Marilyn Smith, together with interest thereon at the maximum legal rate plus costs of this action.

WHEREFORE, the Plaintiff, for themselves and all others similarly situated, request that this Court enter a judgment against the defendant and in favor of the Plaintiff, on behalf of themselves and the members of the Class and to award the following relief:

1.     An Order requiring the immediate Notification of all individuals in the class of the potential harm from Vioxx either alone or in combination with other drugs;

2.     An Order declaring this action to be proper class action pursuant to Federal Rule of Civil Procedure 23, certifying and establishing an appropriate Class, and finding the plaintiff is a proper representative of the Class;

3.     An Order declaring the defendant financially responsible for notifying all class members that Vioxx is dangerous and for taking all other actions requested herein; judgment in their favor and against Defendant;

4.     Compensatory damages in an amount in excess of the jurisdictional limit;

5.     Exemplary and punitive damages in an amount in excess of the jurisdictional limits where appropriate;

6.     All elements of interest, including but not limited to pre-and post judgment interest;

7.     All Bill of Costs elements, including attorney fees and expert witness fees;

8.     Such further and other relief as the Court may deem just and proper;

9.     Trial by jury on all issues of this Case;

10.    Awarding reasonable attorney fees and costs to Plaintiff and the class.

**JURY DEMAND**

Plaintiff hereby requests a jury trial in the above-entitled matter.

MOYER & BERGMAN, P.L.C.

By: *Kimberly K. Hardeman*

LARRY D. HEINTZ                LI0008653
KIMBERLY K. HARDEMAN   LI0015070
2720 First Avenue N.E.
P. O. Box 1943
Cedar Rapids, IA 52406-1943
Ph: (319) 366-7331
Fax: (319) 366-3668

ATTORNEYS FOR PLAINTIFF
(Original Signed Document on File with the Court)

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Third Amended Complaint and Class Action Complaint and Jury Demand has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this _11th_ day of July, 2006.

> Kimberly K. Hardeman
> Moyer & Bergman, P.L.C.
> 2720 First Avenue NE
> P.O. Box 1943
> Cedar Rapids, IA 52406-1943
> Telephone: 319-366-7331
> Facsimile: 319-366-3668
> khardeman@moyerbergman.com

Copy to:

Russ Herman
Philip A. Wittmann
Anthony M. Dileo
Dorothy H. Wimberly
Carmelite M. Bertaut
Stone Pigman Walther Wittmann, LLC
546 Carondelet Street
New Orleans, LA 70130

Gregory M. Lederer
Jason M. Steffens
Simmons Perrine Albright & Ellwood, PLC
115 Third Street SE, Ste. 1200
Cedar Rapids, IA 52401