UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 06-0485 | * | |
| | * | MAGISTRATE JUDGE |
| GERALD D. BARNETT, | * | KNOWLES |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * | | |

**MOTION AND INCORPORATED MEMORANDUM OF MERCK & CO., INC.
("MERCK") TO STRIKE THIRD SUPPLEMENTAL REPORT OF
<u>PLAINTIFF'S EXPERT JOHN W. FARQUHAR, M.D.</u>**

Yesterday at 3:30 p.m. (CST), less than 24 hours before the continued deposition of plaintiff's expert Dr. Farquhar was scheduled to begin and less than two weeks before trial, plaintiff served a *third* supplemental report from Dr. Farquhar on general causation. This report is beyond untimely. This Court's scheduling order required plaintiff to serve expert reports by May 22, 2006 – nearly two months ago. Because Merck would suffer serious prejudice were Dr.

Farquhar permitted to supplement his proffered opinions at the eleventh hour, the Court should strike Dr. Farquhar's latest report in its entirety.

I.     BACKGROUND.

Apart from this latest purported supplement, Dr. Farquhar has submitted four expert reports in connection with this case:

- Expert Witness Report of John W. Farquhar, M.D. (dated 9/26/05)
- Supplemental Expert Report of John w. Farquhar, M.D. (dated 5/22/06)
- Report of John W. Farquhar As To Gerald Barnett, M.D. (dated 5/22/06)[1]
- Supplemental/Rebuttal Expert Report of John W. Farquhar, M.D. (dated 6/22/06)

The report at issue in this motion is entitled "Supplement to Vioxx Report of John W. Farquhar, M.D." and is dated July 17, 2006. (*See* Ex. A.) It is accompanied by a list of "Supplemental Materials Reviewed by John W. Farquhar, M.D." (*See* Ex. B.) As noted above, this is the third supplement to Dr. Farquhar's original September 2005 report. It was served on Merck via e-mail by plaintiff's counsel Donald Arbitblit on July 18, 2006. (*See* Ex. C.) In the body of the e-mail, Mr. Arbitblit claims "the supplement is proper based on Dr. Farquhar's review of OA event rate data from Exhibit 13 at his deposition on June 8, 2006, which he had not seen before." (*Id.*)

II.    THERE IS NO ADEQUATE JUSTIFICATION FOR PLAINTIFF'S LATE SUBMISSION OF AN ADDITIONAL EXPERT REPORT IN VIOLATION OF THE COURT'S SCHEDULING ORDER.

Contrary to plaintiff's claim, Dr. Farquhar's third supplemental report is improper and should be stricken. It violates the Court's scheduling order, which required the parties to submit

---

[1] This case-specific report is the only one of the reports submitted after Dr. Farquhar's initial September 26, 2005 report that does not purport to supplement that report. In it, Dr. Farquhar explains his opinions on specific causation.

expert reports no later than May 22, 2006.  Because plaintiff has not shown – and cannot show – "good cause" to justify modification of this scheduling order to allow for the untimely submission of the report, the Court should strike the report in full.  It is far too late to add another expert report to plaintiff's already long list of submissions.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a court's scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." FED. R. CIV. P. 16(b).  Here, there is no such "good cause."  Specifically, plaintiff cannot show that the balance of the relevant factors tips in his favor.  These factors include: (i) the party's explanation for its failure to timely identify the witnesses or exhibits in question; (ii) the importance of the proposed evidence; (iii) the potential prejudice that would result from allowing the evidence; and (iv) the availability of a continuance to mitigate any such prejudice. *Geiserman v. McDonald*, 893 F.2d 787, 790 (5th Cir. 1990).  All four of these factors weigh against granting plaintiff leave to submit Dr. Farquhar's third supplemental report.

*First*, plaintiff has not provided – and cannot provide – an adequate explanation for the lateness of his submission.  His only explanation is that the report is "based on Dr. Farquhar's review of OA event rate data from Exhibit 13 at his deposition on June 8, 2006, which he had not seen before." (Ex. C).  The data referred to appears in Merck's March 22, 2004 pooled analysis submission to the FDA, a document well-known to the PSC and to experts in this litigation.  The particular table Dr. Farquhar references contains placebo controlled data for RA, OA, and Alzheimer's patients.  This information was available to the PSC and Dr. Farquhar well before his June 8 deposition.  That he chose not to review it before then cannot support plaintiff's attempt to submit a supplemental report at such a late date.  (*See* 6/8/06 Deposition of John W. Farquhar at 217:7-10 ("I have to say that my conclusions about Alzheimers are based on

Kronmal. I didn't put time into assessing the literature beyond what Kronmal had."), attached hereto as Ex. D; *see also id.* at 220:17-19 ("I have relied on Kronmal as the primary source for my opinions on Alzheimer's.")) And plaintiff does not even attempt to explain why it took Dr. Farquhar from June 8 to July 17 to analyze the information for the purpose of this latest supplement.

**Second**, there is no evidence that the opinions offered in the report are critical to plaintiff's case.

**Third**, allowing plaintiff to supplement Dr. Farquhar's opinions at this late stage, with so little time left to prepare for trial, would be unduly prejudicial. It is fundamentally unfair for plaintiff to serve a "supplement" to Dr. Farquhar's opinions on the eve of the last chance Merck has to depose Dr. Farquhar before trial.[2]

**Fourth** and finally, there is no option of a continuance – meaning that the prejudice to Merck cannot be cured.

### III. CONCLUSION.

For the reasons stated above, Merck respectfully requests that the Court strike Dr. Farquhar's July 17, 2006 "Supplement to Vioxx Report of John W. Farquhar, M.D.," the third supplemental report he has submitted in this case.

---

[2] This deposition was scheduled in order to question Dr. Farquhar about the additional opinions he expressed in his *second* supplemental report, which was dated June 22, 2006.

Respectfully submitted,


*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Andrew Goldman
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:     312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:     202-434-5029

And

Brian Currey
Catalina J. Vergara
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:     213-430-6407

Attorneys for Merck & Co., Inc.

5

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion and Incorporated Memorandum to Strike Third Supplemental Report of Plaintiff's Expert John W. Farquhar, M.D. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 19th day of July, 2006.

/s/ Dorothy H. Wimberly