MINUTE ENTRY
FALLON, J.
JULY 13, 2006

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO ALL CASES**

The monthly pretrial conference was held on this date in the Courtroom of Judge Eldon E. Fallon. The Court first met with members of the Plaintiffs' Steering Committee (PSC) and the Defendants' Steering Committee (DSC) to discuss agenda items for the pretrial conference. At the pretrial conference, counsel reported to the Court on the topics set forth in Joint Report No. 16 of Plaintiffs' and Defendant's Liaison Counsel. This conference was transcribed by Toni Tusa, Official Court Reporter. Counsel may contact Mrs. Ibos at (504) 589-7778 to request a copy of the transcript. A summary of the monthly pretrial conference follows.

I.   LEXIS/NEXIS FILE & SERVE

PLC and DLC continue to report to the Court on the status of docketing cases and uploading those cases to Lexis/Nexis File & Serve. Cases recently transferred to the Eastern

JS10(01:00)

District of Louisiana continue to experience a brief delay between the docketing of the Final Transfer Order on which the cases appear and the receipt of the records from the original transferor courts. Until such time as the record of a case is actually received by the Clerk of Court in the Eastern District of Louisiana, the Clerk's office cannot officially docket the case in the Eastern District of Louisiana and as a result there are delays in uploading to Lexis/Nexis File & Serve. Within several days of the actual docketing of a case in the Eastern District of Louisiana, the case is uploaded to Lexis/Nexis File & Serve and counsel are able to access the case. Defense Liaison Counsel has requested that counsel for Plaintiffs continue to notify Dorothy Wimberly at dwimberly@stonepigman.com if a case is not available on Lexis/Nexis File & Serve. Notice should include the case name and Eastern District of Louisiana case number. PLC and DLC continue to provide Lexis/Nexis with a current service list of counsel in the Vioxx MDL.

## II.     STATE COURT TRIAL SETTINGS

The *Doherty* trial began on June 5, 2006 in the New Jersey Superior Court, Atlantic County, and the jury is currently deliberating. The *Hatch* and *McFarland* cases are scheduled for trial on September 11, 2006 in Atlantic County, subject to a ruling on Merck's motion to sever the cases and proceed with the trial of only one plaintiff at a time. The *Grossberg* trial began in California Superior Court, Los Angeles County, on June 21, 2006. Judge Cheney has set October 17, 2006 for the trial of one or more plaintiffs' claims. The *Anderson* case is set for trial in the Tribal Court of the Mississippi Band of Choctaw Indians on August 7, 2006. The *Crook* case is set for trial in Alabama Circuit Court, Jefferson County, on October 23, 2006. The *Miller* case is set for trial in Texas District Court, Harris County, on November 8, 2006. The

*Albright* case is set for trial in Alabama Circuit Court, Jefferson County, on December 11, 2006. Finally, for 2006, the *Schwaller* case is set for trial in Illinois Circuit Court, Madison County, on December 11, 2006.

### III. SELECTION OF CASES FOR EARLY FEDERAL COURT TRIAL

The parties are discussing convenient dates for a hearing on the Motion for New Trial in the *Irvin/Plunkett* case and will thereupon check with the Court to arrange a hearing date.

The Court has set trial of the *Barnett* case for July 31, 2006, the *Smith* case for September 11, 2006, the *Mason* case for October 30, 2006, and the *Dedrick* case for November 27, 2006. The Court has entered a scheduling order in *Barnett*, *Mason* and *Smith*. The parties were unable to agree to a scheduling order in *Dedrick* and, consequently, have submitted separate versions for consideration by the Court. Discovery and trial preparations are ongoing in each case.

### IV. CLASS ACTIONS

The Court has under advisement the PSC's Motion to Certify a Personal Injury Class and Defendants' Rule 12 Motions to Dismiss the Master Complaints for Medical Monitoring and Purchase Claims.

Judge Higbee certified a nationwide class in The Local 68 Third Party Payor Class Action case in New Jersey. The Appellate Division affirmed certification and Merck has sought leave to appeal to the Supreme Court of New Jersey. Plaintiffs opposed the petition and the parties are awaiting a decision. The Local 68 Third Party Payor Class Action is set to be tried in March 2007.

V.   DISCOVERY DIRECTED TO MERCK

Merck advises that it will continue to make productions of documents, as identified by members of the PSC as priorities, on a rolling basis.

Following the May 25, 2006 ruling of the United States Court of Appeals for the Fifth Circuit, on June 5, 2006, regarding Merck's assertion of privilege to certain documents in connection with Merck's Privilege Log, DLC delivered to the Court documents for which it has asserted privilege for review by the Court and additional information. The parties met with the Court on several occasions to discuss further actions to be taken as a result of the ruling from the Fifth Circuit.

VI.   DISCOVERY DIRECTED TO THE FDA

The FDA production of documents responsive to the PSC subpoena continues to occur in waves.

The deposition of Dr. David Graham was taken on May 9, 2006. On May 25, 2006, the PSC filed a Motion for Rule 37(b)(2)(B) Remedial Relief for Merck's Examination of David Graham, M.D. Merck filed a response on June 7, 2006. The matter was heard by the Court on July 6, 2006 and was taken under advisement by the Court.

VII.   DISCOVERY DIRECTED TO THIRD PARTIES

PLC has advised the Court and DLC that the PSC continues to issue third-party notices of depositions for the production of documents. The PSC submitted a letter to the Court on March 16, 2006 seeking intervention by the Court on whether Merck should have the right to review documents in the possession of Ogilvy, DDB and Millward Brown to determine whether any of the documents are privileged prior to the third party making production to the PSC. On

May 24, 2006, the Court issued an Order & Reasons giving Merck two (2) weeks to review all the documents at issue, construct a detailed privilege log, and provide the Court with the log and documents for an *in camera* review.  On June 7, 2006, DLC provided the Court with information, including privilege logs, list of names of DDB employees, and documents for *in camera* review.  On June 13, 2006, PLC responded to Merck's submission.  The Court has advised it will review the documents and make a determination as to whether the documents are privileged and whether Merck waived its privilege by providing the documents to Ogilvy and DDB.

VIII.   DEPOSITION SCHEDULING

The parties continue to notice and cross-notice depositions in the MDL.  If and when any other issues arise regarding the scheduling of depositions, the Court will be advised and motions will be requested on an expedited basis.

PLC continues to be advised that in various state cases Merck has objected to the use of depositions taken in the MDL.  PLC and DLC will continue to discuss this issue and if necessary, bring the matter to the attention of the Court.

IX.   PLAINTIFF PROFILE FORM AND MERCK PROFILE FORM

On June 23, 2006, the Court entered Pre-Trial Order 18C which amends and supersedes Pre-Trial Orders 18, 18A, and 18B and governs the form and requirements of service and content of Plaintiff Profile Forms, Merck Profile Forms, Authorizations, and medical records to Lexis-Nexis File & Serve.

In addition, the PLC and Merck's counsel are continuing to address and will discuss claims of alleged insufficiency relating to Merck responses in MPFs. Any issues that cannot be resolved will be brought to the Court's attention for prompt resolution.

X.   STATE/FEDERAL COORDINATION —STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications. The parties reported that matters have been progressing smoothly.

XI.   *PRO SE* CLAIMANTS

From time to time, as the Court issues additional Orders directing PLC to take appropriate action regarding filings made by various *pro se* individuals, PLC will continue to communicate with the various *pro se* claimants and advise them of attorneys in their respective states and other pertinent information regarding the MDL. DLC will continue to discuss with PLC Merck's obligation to respond to complaints filed by *pro se* individuals in those instances where the complaints have not been served.

XII.   MOTION TO DISMISS FOREIGN CLASS ACTION COMPLAINTS ON FORUM NON CONVENIENS GROUNDS

On January 12, 2006, Merck filed a Motion to Dismiss All Foreign Class Action Complaints. Subsequently, foreign plaintiffs represented by Kenneth B. Moll & Associates, Ltd. filed a Motion to Strike Merck's motion, urging that Merck's challenge to the foreign claimant filings should be deferred indefinitely. The PSC took no position on the issue. On March 23, 2006, after hearing oral argument, the Court denied plaintiffs' motion and ordered them to file any opposition to Merck's Motion to dismiss within sixty days. The briefing contemplated by the Court's order is now complete and Merck has requested that the Court schedule its Motion to Dismiss Foreign Class Action Complaints for hearing as soon as possible. Plaintiffs oppose

setting the matter for hearing at this time and have requested leave to file a surreply brief within 60 days.

The foreign plaintiffs represented by Kenneth B. Moll & Associates, Ltd. have also filed motions for leave to amend the Italian and French Class Action Complaints. Merck has filed its briefs opposing those motions.

After considering the issues, IT IS ORDERED that the motion will be set for hearing on August 24, 2006 at 10:00 a.m. IT IS FURTHER ORDERED that the Plaintiffs may file a surreply prior to the August 24th hearing.

XIII. GENERIC TRIAL PERFORMANCE AND RULE 702 AND MOTIONS *IN LIMINE* ISSUES

On June 28, 2006 and July 6 and 7, 2006, the Court heard argument on the PSC's Generic Motion *in Limine* and numerous pending motions in the *Barnett* case. During the course of pre-trial motion conference in the case specific matters, the PSC requested that certain matters be addressed that will be "common" to all cases tried in the MDL. Furthermore, PLC requested that the parties discuss the use of demonstratives in opening statements at trial. The Court informed the parties that they should confer on these issues and, if they are unable to reach a resolution, they should contact the Court to set up a conference call.

XIV. IMS DATA

Merck advises that IMS data for plaintiffs' prescribing physicians in the *Barnett*, *Smith*, *Mason*, and *Dedrick* cases has been produced to the PSC and plaintiffs' trial counsel. The parties continue to discuss further production of IMS Data.



XV.   DISCOVERY IN NON-TRIAL CASES

In accordance with the Court's ruling at the last status conference, Merck has propounded discovery to plaintiffs in six non-trial cases. The PSC has advised Merck that several counsel in five (5) of the six (6) non-trial cases selected by Merck are in the process of preparing for the trial of Vioxx cases in the MDL and, therefore, have requested that the discovery requested in those cases be postponed until after trial in the MDL. Merck has agreed to the request to postpone discovery in those cases. In the meantime, the PSC is in the process of reviewing cases and intends on having further discussions with DLC regarding some non-trial cases for possible discovery in addition to those selected by Merck.

XVI.   USDC-ECF SYSTEM

The Clerk's Office has advised that the Electronic Case Filing (ECF) System is up and running in the Eastern District of Louisiana. Attorneys must register with the Clerk's Office to utilize the ECF System. On June 6, 2006, an Order was issued setting forth directives that attorneys are to observe in the Vioxx Litigation when utilizing the ECF System. Counsel are encouraged to comply and utilize the ECF system for Vioxx filings. If counsel have any questions regarding the Court's ECF System, they should call Gene Smith, Chief Deputy Clerk of Court, at (504) 589-7650.

XVII.   CERTIFICATE OF SERVICE FOR E-FILINGS

On June 29, 2006, the Court entered Pre-Trial Order 8B which amends and supersedes Pre-Trial Orders 8 and 8A and governs electronic service. To comply with ECF certification provisions and the requirements of Pre-Trial Order No. 8B, that all counsel using the ECF system should immediately being using the following certificate of service on all e-filings:

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing [**DOCUMENT**] has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. __, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this ___ day of _____, 200[6].

          /s/ Attorney's Name
          Attoney's Name
          Attorney's Bar Roll Number
          Attorney for (Plaintiff/Defendant)
          Law Firm Name
          Law Firm Address
          Telephone Number
          Fax Number
          Attorney's E-Mail Address

## XVIII. MERCK'S MOTION FOR SUMMARY JUDGMENT

On July 5, 2006, Merck filed a Motion for Summary Judgment in the Lene Arnold and Alicia Gomez cases asserting that plaintiffs' claims are preempted by federal law. PLC indicated that the PSC would like to have the matter set for hearing in October 2006. The Court instructed the parties to set up a briefing schedule for the motions and report back to the Court.

## XIX. TOLLING AGREEMENTS

PLC has discussed with DLC certain questions that have been brought to the attention of PLC by various plaintiffs counsel regarding types of claims that are covered by the term "Cardiovascular Injury" as defined in the Tolling Agreement.

## XX. NEXT STATUS CONFERENCE

The next monthly pretrial conference will be held on August 24, 2006 at 10:00 a.m. Counsel unable to attend in person may participate by telephone at 1-800-473-8695. The access code will be 51288781 and the Chairperson will be Judge Fallon.