## MERCK'S OBJECTIONS AND COUNTER-DESIGNATIONS
## TO PLAINTIFF'S AFFIRMATIVE DEPOSITION DESIGNATIONS

### JAMES FRIES

Merck objects to the entirety of Plaintiff's Fries designations for three reasons. First, the Court has already granted Merck's Motion in Limine #3, which means that the letter Dr. Fries wrote to Merck will not be allowed into evidence. Yet Plaintiff has now designated pages of testimony about that letter, including "questions" where Plaintiff's counsel simply reads portions of the letter into the record. Plaintiff seeks to use these designations as a way around the Court's specific ruling excluding the Fries letter from evidence.

Second, Merck believes the entire Fries deposition is irrelevant and prejudicial and should be excluded under FRE 401, 402, and 403. Dr. Fries works at Stanford University in California, and has no connection to Mr. Barnett or any of his treating physicians. Plaintiff wants to play Dr. Fries' testimony in an effort to show that Merck allegedly tried to intimidate one of the doctors Dr. Fries worked with. But this is irrelevant and prejudicial since there is no connection to this case. Playing Dr. Fries' testimony would confuse the jury and waste time.

Third, Dr. Fries' testimony was designated too late in this case. Final deposition designations were due on June 9, 2006. Dr. Fries was not deposed until June 16, 2006, and Plaintiff did not serve Merck with specific designated testimony until July 10, 2006. Because Plaintiff's designations came over a month after they were due, they are untimely and should be rejected.

In addition to these overarching objections, Merck also makes specific objections below.  Finally, Merck also includes its counter-designations.  Merck's submission of counter-designations is not a waiver of Merck's objections to the Fries designations.

| Page/Line | Defendant's Objection |
|---|---|
| 11:8 - 14:6 | |
| 17:4 – 17:11 | 401, 402, 403.  Testimony regarding the Fries letter, which the Court has already ruled is inadmissible.  See Court's ruling on Merck's MIL #3 |
| 18:3 – 18:15 | 401, 402, 403.  Phone call between Dr. Fries and Dr. Sherwood has nothing to do with this case and should be excluded. |
| 18:16 – 18:22 | Same objection |
| 19:2 – 19:23 | Same objection |
| 20:9 – 20:12 | Same objection, and leading |
| 20:18 – 20:20 | Same objection |
| 20:22 – 21:11 | Same objection |
| 21:13 – 21:23 | Same objection.  Also calls for speculation – witness's speculation about Stanford's funding is irrelevant and prejudicial |
| 22:12 – 25:8 | 401, 402, 403.  Dr. Fries' conversations with Dr. Singh, and the contents of Dr. Singh's presentation, are irrelevant and prejudicial.  Also contains hearsay |
| 26:22 – 26:24 | Just a question and does not include the answer |
| 34:4 – 35:1 | 401, 402, 403.  Testimony regarding content from the Fries letter, which the Court has already ruled is inadmissible.  See Court's ruling on Merck's MIL #3  Also 801, 802 – hearsay (witness testifying about what other third party doctors said and thought) |
| 35:20 – 36:1 | 401, 402, 403.  Phone call between Dr. Fries and Dr. Sherwood has nothing to do with this case and should be excluded. |
| 36:3 – 36:20 | Same objection |
| 37:9 – 37:17 | 401, 402, 403.  Testimony regarding the Fries letter, which the Court has already ruled is inadmissible.  See Court's ruling on Merck's MIL #3 |
| 37:19 – 38:9 | Same objection |
| 38:11 – 38:14 | Same objection |

| Page/Line | Defendant's Objection |
|---|---|
| 39:14 – 39:24 | Same objection, also calls for speculation and witness lacks personal knowledge |
| 40:5 – 40:16 | Same objection, also calls for speculation and witness lacks personal knowledge |
| 40:17 – 40:19 | Same objection |
| 40:22 – 41:24 | Same objection |
| 42:3 – 42:4 | Same objection |
| 43:11 – 44:14 | Same objection |
| 44:16 – 45:10 | Same objection |
| 46:6 – 46:20 | Same objection |
| 46:22 – 47:13 | Same objection |
| 49:3 – 53:5 | Same objection. Also contains hearsay and speculation, and the answer is non-responsive |
| 54:21 – 57:19 | 54:21-55:21 – Leading question, also 401, 402, 403 – irrelevant and prejudicial. |
| | 56:5-57:19 – 401, 402, 403 – relates to the Fries letter, which the Court has already ruled is inadmissible. See Court's ruling on Merck's MIL #3; also no foundation since witness has never seen the document before |
| 58:7 – 59:1 | 401, 402, 403. Also leading question |
| 59:17 – 60:17 | 401, 402, 403 – Phone call between Dr. Fries and Dr. Sherwood has nothing to do with this case and should be excluded. |
| | Document referenced at 60:12-17 is an earlier draft of the Fries letter, which the Court has already ruled is inadmissible. See Court's ruling on Merck's MIL #3 |
| 68:19 – 70:13 | 401, 402, 403. Testimony regarding the Fries letter, which the Court has already ruled is inadmissible. See Court's ruling on Merck's MIL #3 |
| 75:10 – 75:20 | 401, 402, 403. Also the question is leading. |
| 80:12 – 82:5 | 401, 402, 403. Testimony regarding the Fries letter, which the Court has already ruled is inadmissible. See Court's ruling on Merck's MIL #3 |
| 82:9 – 83:17 | 401, 402, 403. Testimony regarding the Fries letter, which the Court has already ruled is inadmissible. See Court's ruling on Merck's MIL #3 |
| | Additionally, Mr. Lanier's comments about the backgrounds of |

| Page/Line | Defendant's Objection |
|---|---|
|  | Mr. Gilmartin and Mr. Anstice are prejudicial and argumentative |
| 86:13 – 87:8 | Mr. Lanier's question "why is it important that drug companies not hide data" is leading, argumentative, assumes facts not in evidence, and prejudicial.  It also calls for speculation from the witness. |
| 89:1 – 89:9 | 401, 402. |
| 89:12 – 89:14 | Same objection |
| 89:15 – 92:8 | 401, 402, 403, 602, 701, 702, calls for speculation.  This testimony regarding Naproxen is irrelevant and prejudicial.  There was no foundation laid that any of Dr. Fries studies have been set up to determine whether Naproxen is cardio-protective.  Plaintiff's counsel seeks to use this misleading set of questions and answers to confuse the jury into thinking Dr. Fries has actually studied whether Naproxen is cardioprotective.  This should not be allowed.

Additionally, at 90:23 the witness begins speculating about what went on internally at Naproxen-maker Syntex, despite the fact that he has no personal knowledge and no foundation was laid.

Finally, the witness gives his personal opinion, not backed up by any study or supported by a foundation, that Naproxen does not prevent heart attacks to any measurable degree.  This is improper expert testimony, speculation, and has no foundation and should not be allowed. |
| 94:21 – 95:10 | 401, 402, 403 – Phone call between Dr. Fries and Dr. Sherwood has nothing to do with this case and should be excluded. |
| 109:4 – 109:17 | The witness is speculating about what the general public and what rheumatologists knew.  The witness does not have personal knowledge of what the general public or rheumatologists knew, and is speculating. |
| 168:13 – 168:22 | 401, 402, 403, 602, 611(c).  At 168:1-10, witness admits he has never seen a document relating to neutralizing doctors.  Then Mr. Lanier proceeds to ask a question related to that.

Also, assumes facts not in evidence, and Dr. Fries' opinions about this issue are irrelevant and prejudicial. |
| 169:19 – 170:22 | Dr. Fries' opinions about what data should be disclosed is irrelevant and prejudicial.  Dr. Fries also does not have personal knowledge.  Additionally, the original question that led to this answer (original question not designated) was improper, and that led to this answer.

Also, if this is allowed, must include 170:23-171:6 |

4

| Page/Line | Defendant's Objection |
|---|---|
| 180:20 – 185:21 | 401, 402, 403, 602.  This section begins with the witness saying he had never seen the document before.  Counsel for Plaintiff then proceeded to ask numerous questions about the document.  There was no foundation or personal knowledge and this designation should be excluded.<br><br>Additionally, irrelevant and prejudicial<br><br>185:1-21 – also speculative, non-responsive answers by the witness |
| 186:7 – 190:3 | 401, 402, 403, 602.  No foundation that the witness has ever seen the document before.  Counsel for Plaintiff still asked numerous questions about the document.  There was no foundation or personal knowledge, it calls for speculation, and this designation should be excluded.<br><br>Additionally, these issues have nothing to do with Mr. Barnett or his doctors.<br><br>Finally, 189:1-190:3 contains leading questions, and the witness makes prejudicial statements that must be excluded ("never write emails" and "It sounds like a break-his-kneecaps kind of a suggestion") |
| 190:11 – 191:10 | 401, 402, 403, 602.  No foundation that the witness has ever seen the document before.  Counsel for Plaintiff is simply showing the witness documents Plaintiff likes and reading language into the record.  There was no foundation or personal knowledge and this designation should be excluded. |
| 191:17 – 191:23 | 401, 402, 403.  Also leading. |
| 194:17 – 195:17 | 401, 402, 403 – relates to the Fries letter, which the Court has already ruled is inadmissible.  See Court's ruling on Merck's MIL #3. |
| 206:6 – 207:5 | 801, 802.  Plaintiff's counsel simply reads into the record a statement attributed to Dr. Fries from an article.  This is hearsay, and is also irrelevant and prejudicial |

## MERCK'S CONDITIONAL COUNTER-DESIGNATIONS

If the Court grants Merck's overarching objections to Plaintiff's Fries designations, Merck does not wish to offer these counter-designations. If, however, the Court allows some of Plaintiff's Fries designations and sustains Merck's objections to other designations, Merck asks the Court for the opportunity to remove some of its conditional counter-designations that may apply to a specific Plaintiff designation that the Court ruled should be excluded. For example, Plaintiff has designated testimony regarding the Fries letter. Merck asks the Court to exclude those designations. If the Court chooses to allow those designations to be played, Merck is conditionally designating certain counter-designations relating to that issue. Should the Court exclude Plaintiff's designations regarding the Fries letter, Merck would remove all of its conditional counter-designations regarding the Fries letter and related topics.

| Page/Line | |
|---|---|
| 99:7 | |
| 99:13-100:4 | |
| 100:21-101:13 | |
| 102:20-103:10 | |
| 104:6-24 | |
| 105:6-11 | |
| 105:15-106:9 | |
| 106:12-107:7 | |
| 115:10-116:5 | |
| 116:22-117:2 | |
| 117:20-119:21 | |
| 125:17-126:18 | |
| 127:6-12 | |
| 128:4-129:3 | |

| | |
|---|---|
| 131:11-133:2 | |
| 133:16-134:11 | |
| 135:20-137:18 | |
| 138:10-139:8 | |
| 140:22-141:1 | |
| 143:1-14 | |
| 149:6-14 | |
| 150:6 | |
| 150:9-21 | |
| 151:23-152:13 | |
| 155:4-16 | |
| 156:4-17 | |
| 157:5-158:6 | |
| 170:23-171:6 | |