UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 2:05-CV-04379 | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| ROBERT G. SMITH, | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * | | |

**MERCK & CO. INC.'S ("MERCK'S") MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO COMPEL THE DEPOSITION OF DOUGLAS P. ZIPES, M.D.
<u>OR, IN THE ALTERNATIVE, TO EXCLUDE HIM FROM TESTIFYING AT TRIAL</u>**

Plaintiff has designated Dr. Douglas P. Zipes as an expert witness in this case but refuses to produce him for deposition.  This is unfair, prejudicial and contrary to the Federal Rules of Civil Procedure and the Court's pre-trial scheduling order, both of which expressly provide that Merck is entitled to depose any expert witness whom plaintiff intends to call at trial. Merck, therefore, respectfully submits the instant motion for an order compelling the deposition

of Dr. Zipes before the August 1, 2006 expert discovery deadline.  In the alternative, Merck requests that the Court preclude Dr. Zipes from testifying at trial.

I.   BACKGROUND.

Plaintiff has designated ten expert witnesses to testify at trial, including Dr. Zipes. Merck agreed that, for purposes of the *Smith* case, it would not re-depose those experts who provided only "general" opinions in prior Vioxx® cases.  But Merck preserved its right to re-depose those experts who provided *case-specific* opinions in prior cases.  Merck elected to proceed in this manner for two, related reasons.  First, Merck's previous examinations of case-specific experts focused heavily on the experts' case-specific opinions.  And second, an expert's specific opinions concerning other plaintiffs in other cases would have no bearing on the expert's opinions in *Smith*.

Plaintiff in *Barnett* designated Dr. Zipes as an expert witness on specific causation.  In his expert report, the addendum to his report and his deposition testimony in that case, Dr. Zipes provided extensive opinions relating specifically to Mr. Barnett.  In that case, Mr. Barnett allegedly used Vioxx for thirty-two months.  In *this* case, however, Mr. Smith allegedly used Vioxx for only three to four months.  As the Court knows, a plaintiff's alleged duration of Vioxx use is a critical factor in any case.  Indeed, while some data suggest that long-term Vioxx use may be associated with an increased risk of thrombotic cardiovascular events, *no* clinical trial data establish that use of Vioxx for only three to four months -- *i.e.*, the only duration at issue here -- is associated with a statistically significant increased risk of such events. Accordingly, to understand Dr. Zipes' opinions in this short-term use case, Merck requested that Dr. Zipes submit to a deposition.  Merck's request was fully consistent with Rule 26 of the Federal Rules of Civil Procedure and the Court's pre-trial scheduling order.  Nevertheless,

820745v.1

plaintiff has refused to comply.  Instead, plaintiff has taken the position that Dr. Zipes need not and will not submit to a deposition in this case because Merck already has deposed Dr. Zipes in *Barnett* and because plaintiff only plans to call Dr. Zipes at trial via his deposition testimony in *Barnett*.

That is not sufficient.  As explained below, pursuant to black letter law and the Court's own pre-trial scheduling order, Merck is entitled to depose Dr. Zipes in this case.  The Court either should compel plaintiff to produce Dr. Zipes for deposition before the August 1, 2006 expert discovery deadline or, in the alternative, should preclude Dr. Zipes from testifying at trial.

II. **THE FEDERAL RULES OF CIVIL PROCEDURE AND THE COURT'S PRETRIAL SCHEDULING ORDER EXPRESSLY PERMIT MERCK TO DEPOSE DR. ZIPES.**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Merck is entitled to "depose any person who has been identified as an expert whose opinions may be presented at trial."  Fed. R. Civ. Pro. 26(b)(4)(A); *see* CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2029 (3d ed. 1998) (noting that "depositions of testifying experts [are] routinely available").  Further, the Court's pre-trial scheduling order expressly permits Merck to depose plaintiff's designated experts.  (*See, e.g.*, Parties' Joint Proposed Scheduling Order ¶ 2(c) ("Defendant shall have *the right* to depose Plaintiff's experts within a reasonable time after their reports are delivered.") (emphasis added).)  That Merck deposed Dr. Zipes in a different case is irrelevant.  Plaintiff has no legitimate basis for refusing to produce Dr. Zipes for deposition.

Moreover, Merck will be unfairly prejudiced at trial if it is not permitted to depose Dr. Zipes.  Dr. Zipes has never sat for a trial preservation deposition.  When Merck conducted its discovery deposition of Dr. Zipes in *Barnett*, Merck focused on Dr. Zipes' expert

3

opinions concerning Mr. Barnett and his alleged long-term Vioxx use -- as it was entitled to do. Similarly, Dr. Zipes' second discovery deposition in *Barnett* focused exclusively on Mr. Barnett's recent health issues -- a limitation to which counsel for Merck and Mr. Barnett expressly agreed. (Deposition of Douglas P. Zipes, M.D., July 19, 2006 at 276:6-18.) Merck's examination of Dr. Zipes in *Barnett* simply did not focus on issues relating to short-term Vioxx usage, which is central to *this* case. Further, there is no clinical trial data showing that Mr. Smith's alleged use of Vioxx for three to four months could have caused his alleged injury. Under the circumstances, Merck submits it is entitled to discover the basis of Dr. Zipes' opinions. Consistent with Rule 26(b)(2)(A), the Court should compel his deposition in this case before the August 1, 2006 deadline for expert discovery.

### III.  IF THE COURT IS UNWILLING TO COMPEL DR. ZIPES' DEPOSITION, IT SHOULD PRECLUDE HIM FROM TESTIFYING AT TRIAL.

In the alternative, Merck requests that the Court preclude Dr. Zipes from testifying at trial. Plaintiff's unjustifiable refusal to produce Dr. Zipes for deposition by August 1, 2006 -- in violation of both Rule 26 and the Court's scheduling order -- warrants exclusion of Dr. Zipes from this case. *See Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 379-82 (5th Cir. 1996) (barring expert testimony for failure to comply with scheduling order and to appear at deposition); *cf. Everett v. Chromalloy Am. Corp.*, 128 F.R.D. 226, 227-28 (M.D. La. 1989) (permitting expert testimony on condition that "defendants shall permit the plaintiff to depose the defendants' expert").

As the First Circuit recently explained, expert depositions are critical to an effective cross examination, and the failure to comply with Rule 26 warrants exclusion of the expert's testimony:

> We have recognized that "[i]n the arena of expert discovery – a setting which often involves complex factual inquires – Rule 26 increases the quality of trials by

better preparing attorneys for cross-examination." . . . Accordingly, "district courts have broad discretion in meting out . . . sanctions for Rule 26 violations . . . [and the] [e]xclusion of evidence is a standard sanction for violation of the duty of disclosure under Rule 26(a)."

*Peña-Crespo v. Puerto Rico*, 408 F.3d 10, 13 (1st Cir. 2005) (citation omitted) (holding that trial court did not abuse its discretion by excluding expert testimony when expert did not submit proper report). The situation here is more disconcerting than in *Peña-Crespo*. Not only has Dr. Zipes not submitted a proper expert report in *Smith*, plaintiff also refuses to make him available for deposition. Plaintiff has offered no legitimate basis for his refusal to comply with Rule 26 and the Court's scheduling order.

### III.   CONCLUSION.

For the foregoing reasons, Merck respectfully requests that the Court issue an order compelling the deposition of Dr. Zipes before the August 1, 2006 deadline for expert discovery. In the alternative, Merck requests that the Court exclude Dr. Zipes from testifying at trial.

Dated: July 24, 2006

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

5

820745v.1

        Philip S. Beck
Andrew Goldman
Carrie A. Jablonski
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:     312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:     202-434-5029

And

Richard Goetz
Ashley Harrington
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:     213-430-6407

Attorneys for Merck & Co., Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion of Merck to Compel the Deposition of Douglas P. Zipes, M.D. or, in the Alternative, to Exclude Him from Testifying at Trial has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 24th day of July, 2006.

                                              */s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

820745v.1