IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Vioxx<br>PRODUCTS LIABILITY<br>LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ROBERT G. SMITH v.<br>MERCK & CO., INC.<br>No. 2:05-CV-04379 | MDL DOCKET NO. 1657<br><br>Section L<br><br>Judge Fallon<br>Mag. Judge Knowles |

## SCIENTIFIC EVIDENCE, INC.'S OBJECTIONS AND MOTION FOR PROTECTION FROM DISCOVERY SUBPOENA TO NON-PARTY SCIENTIFIC EVIDENCE

Non-party, Scientific Evidence, Inc., asks this Court to quash Defendant Merck's subpoena to produce documents issued to it.

### A. INTRODUCTION

This is a complex products liability case involving numerous expert witnesses. Merck purportedly served the attached discovery subpoena on Scientific Evidence seeking any and all documents relating to any communications between Scientific Evidence and Lemuel A. Moyé, M.D., Ph.D. ("Moyé") related to consulting and/or testifying in all litigation including, but not limited to, the Vioxx litigation, and all documents related to charges billed by those experts.[1]

Dr. Moyé is one of Plaintiffs' retained testifying experts. Scientific Evidence is a Texas corporation which provides scientific, epidemiological, and tactical support to attorneys across the country in various types of product liability actions. Scientific Evidence is one of the plaintiffs' consulting experts in the Federal Vioxx MDL.

---

[1] Merck's "Subpoena in a Civil Case" is attached as Exhibit A.

In its Subpoena, Merck requests that Scientific Evidence comply with the subpoena within ten (10) days of service of the Subpoena. Merck states in its Proof of Service that the subpoena was "served," but does not state any date or manner of service. Nevertheless, the subpoena purports to direct Scientific Evidence to produce documents at 10:00 a.m. on July 5, 2006 -- just eight business days after Merck says the subpoena was served.

Scientific Evidence files its objections and motion for protection before the time and date of requested compliance. The grounds for this motion include the consulting expert privilege and the unreasonable nature of the Subpoena as set forth below.

## B. ARGUMENT

A Court must on timely motion quash or modify a subpoena if the subpoena does not allow reasonable time for compliance or requires production of privileged or protected material. Fed. R. Civ. P. 45(c)(3)(A). Scientific Evidence filed this motion before the time for compliance. Fed. R. Civ. P. 45(c)(3)(A).

### NO REASONABLE TIME FOR COMPLIANCE

The Court should quash Merck's subpoena for the production of documents because the subpoena does not allow a reasonable time for compliance. Fed. R. Civ. P. 45(c)(3)(A)(i); *Kupritz v. Savannah Coll. Of Art & Design*, 155 F.R.D. 84, 88 (E.D. Pa. 1994). Merck subpoena demanded that Scientific Evidences produce voluminous documents just eight business days later. Further, the eight business days were the days leading up to the second biggest holiday in the country, a time period when staffing issues are always problematic, and expect them to be produced the morning after the 4th of July.

2

The documents sought by Defendant are all communications between Plaintiff's consulting only expert, Scientific Evidence, and Plaintiff's testifying expert Dr. Lemuel Moyé. The documents sought are not limited to the scope of this litigation, but seeks information related to all litigation, both as it relates to consulting and testifying.

Eight business days is not a reasonable amount of time in light of the time-consuming searches that would have to be performed to locate all of these communications in all their various forms should the Court decide the information sought is not protected by the consulting expert and attorney work product doctrine.

Accordingly, this subpoena should be quashed for the unreasonable amount of time allotted by Defendants.

### THE COMMUNICATIONS SOUGHT ARE PROTECTED FROM DISCOVERY BY THE CONSULTING EXPERT AND ATTORNEY WORK PRODUCT PRIVILEGES

The Court should quash Merck's subpoena because the subpoena requires disclosure of privileged or protected material and no exception of waiver applies. Fed. R. Civ. P. 45(c)(3)(A)(iii).

Litigation consultants retained for case development qualify as non-attorneys who are protected by the work product doctrine. *See, e.g., In re Ford Motor Co.*, 110 F.3d, 954, 967 (3rd. Cir. 1997) (the work product doctrine protected materials prepared by an in-house technical assistant for meetings to be attended by an outside technical consulting firm and lawyers regarding an issue in a product liability suit); *Martin v. Bally's Park Place Hotel & Casino*, 983 F.2d 1252 (3d Cir. 1993) (a technical report prepared by a consulting firm was protected from discovery because the document was prepared in anticipation of litigation by a party's representative (a consultant) for that party's

3

representative (the company's in-house lawyer)); *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 966 (3d Cir. 1988) (the work product doctrine extended beyond materials reflecting an attorney's mental impressions to encompass materials prepared in anticipation of litigation by a party's insurer); *Sprague v. Director, Office of Workers' Compensation Programs*, 688 F.2d 862, 869-870 (1st Cir. 1982) (opinion letter setting forth expert's medical opinion was protected because it was prepared to advise counsel); *see also* Dennis P. Stolle et al., *The Perceived Fairness of the Psychologist Trial Consultant*, 20 Law & Psychol. Rev. 139, 169 (1996) ("Modern trial consulting methods typically consist of many techniques such as witness preparation, and mock trials, that clearly could not be framed as falling outside of the work product rule."). Moreover, a litigation consultant's advice that is based on information disclosed during private communications between a client, his attorney, and a litigation consultant may be considered "opinion" work product which requires a showing of exceptional circumstances in order for it to be discoverable. *Duplan Corp. v. Deering Milliken, Inc.*, 540 F.2d 1215, 1219 (4th Cir. 1976) ("Opinion work product immunity now applies equally to lawyers and non-lawyers alike."); Stanley D. Davis & Thomas D. Beisecker, *Discovering Trial Consultant Work Product: A New Way to Borrow an Adversary's Wits?*, 17 Am. J. Trial Advoc. 581, 619 (1994) ("The attorney's discussions of case theory and the consultant's suggestions thereon should qualify for the higher protection accorded mental impressions.").

More specifically, communications between an attorney and his retained (testifying) expert are not discoverable. *Kennedy v. Baptist Memorial Hospital-Booneville, Inc.*, 179 F.R.D. 520, 522 (N.D. Miss. 1998). A party should be able to

communicate freely with its retained (testifying) expert without fear that his "mental impressions, conclusions, opinions, or legal theories," Fed. R. Civ. P. 26(b)(3), will be disclosed. *Id.* If follows then, for the same reasons of encouraging free communications without fear of disclosure, that communications between qualifying non-attorney non-testifying consultants and the party's retained testifying experts are not discoverable.

Scientific Evidence has been retained by Plaintiff for case development. Scientific Evidence is clearly protected under the work product doctrine. Defendant has sought communications between Scientific Evidence and testifying expert Dr. Moyé. Scientific Evidence's mental impressions, conclusions, opinions, or legal theories conveyed in any communications to Dr. Moyé should not be deemed discoverable.

Further, Rule 24(b)(4)(B) precludes discovery against an expert informally consulted in preparation for trial. Defendants have sought to back-door this well established rule and engage in discovery relating to Scientific Evidence via Dr. Moyé. These back-door tactics must be prohibited.

## SUBPOENA CREATES AN UNDUE BURDEN ON SCIENTIFIC EVIDENCE

The Court must quash Defendants' subpoena for the production of documents because the subpoena creates an undue burden on Scientific Evidence. Fed. R. Civ. P. 45(c)(3)(A)(*iv*).

In the present case, Merck seeks a wide spectrum of documents. Specifically, Merck seeks any and all documents relating to any communications between Scientific Evidence and Moyé related to consulting and/or testifying in all litigation including, but not limited to, the Vioxx litigation, and all documents related to charges billed by those experts. Merck's requests are not limited to any specific time period and are

5

insufficiently limited in subject matter. Because these requests are so overly broad, they necessarily seek documents that are not relevant to the issues in the Vioxx MDL litigation, and that are not likely to lead to the discovery of admissible evidence.

A discovery request must be reasonably tailored to include only relevant matters. By their wording, Merck's requests encompass all documents exchanged between Scientific Evidence and Moye with respect to any and all litigation from the commencement of their relationship. Such requests are overly broad on their face and constitute an impermissible "fishing expedition." Consequently, Scientific Evidence requests that the Court enter an order protecting it from these requests, or at a minimum, limit these requests to matters relevant to the issues in the Vioxx MDL litigation.

## CONCLUSION

Defendant's subpoena for production of documents relating to Scientific Evidence and Dr. Lemuel Moyé provides an unreasonable amount of time for compliance, and requires production of documents protected by the consulting expert and attorney work product doctrines, and the Federal Rules of Civil Procedure and Evidence. For these reasons, Scientific Evidence asks the Court to grant its motion to quash Merck's subpoena.

Dated:  July 5, 2006

Respectfully submitted,

Grant Kaiser
Texas Bar No. 11078900
**THE KAISER FIRM LLP**
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
(713) 223-0000; fax (713) 223-0440

ON BEHALF OF SCIENTIFIC EVIDENCE

6

## CERTIFICATE OF CONFERENCE

I hereby certify that the undersigned attempted to confer with counsel for Merck in an attempt to resolve this discovery dispute but an agreement could not be reached.

_____
Grant Kaiser

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 5th day of July, 2006.

Douglas R. Marvin          dmarvin@wc.com
E. Elaine Horn             ehorn@wc.com
**Williams & Connolly LLP**
725 Twelfth Street Northwest
Washington, D.C. 20005
(202) 434-5000; fax (202) 434-5029

Philip S. Beck             philip.beck@bartlit-beck.com
Adam L. Hoeflich           adam.hoeflich@bartlit-beck.com
Carrie A. Jablonski        carrie.jablonski@bartlit-beck.com
**Bartlit, Beck, Herman, Palenchar & Scott LLP**
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
(312) 494-4400; fax (312) 494-4440

Phillip A. Wittmann        pwittmann@stonepigman.com
Dorothy H. Wimberly        dwimberly@stonepigman.com
**Stone, Pigman, Walther, Wittmann LLC**
546 Carondelet Street
New Orleans, Louisiana 70130
(504) 581-3200; fax (504) 581-3361

_____
Grant Kaiser