UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| This document relates to | * | MAG. JUDGE KNOWLES |
| | * | |
| Gerald Barnett v. Merck & Co, Inc. | * | CASE NO. 02:06cv485 |

**REPLY OF PLAINTIFF TO MERCK'S OPPOSTION TO BRIEF RE ADMISSIBILITY OF CERTAIN MERCK DOCUMENTS RELATING TO POTENTIAL VIOXX SALES REVENUES**

Plaintiff apologizes to the Court for the late hour of this reply. Plaintiff's brief was filed over a week ago and Merck apparently was unable to prepare and serve an opposition until this morning. As a result, Plaintiff has been unable to fully research and prepare this reply and respond to all of Merck's arguments.

In its opposition Merck argues that in Plunkett the Court ruled the subject documents were inadmissible in the liability phase while allowing testimony that 'Merck understood that its actions would have economic consequences,' and 'balanced plaintiff's desire to argue that Merck had an economic motive for its actions against Merck's desire to avoid the inescapable prejudice of informing the jury of its substantial revenues and profits.'

Merck argues that allowing these documents would 'upset this balance,' and that 'these are big numbers, and plaintiff's goal is to put them in front of the jury in the hope they will improperly sway its decision on liability and compensatory damages.'

1

Merck's argument is misdirection. Plaintiff is not attempting to introduce evidence of Merck's net worth in the first phase. Nor is Plaintiff attempting to put actual profits before the jury. Jurors will obviously be aware that Merck is a multi-billion dollar corporation. Any juror who knows how to perform simple multiplication will realize that with tens of millions of prescriptions being written over several years, billions of dollars will be involved. The magnitude of the economic consequences is evident regardless.

Every juror will be aware that large sums of money were at stake in Vioxx sales. However, it is not the numbers or dollar amounts which will prejudice Merck. It is what these documents reveal about Merck's state of mind, which is in fact in issue here. Under South Carolina law '[f]raud may be deduced not only from deceptive or false representations, but from facts, incidents, and circumstances which may be trivial in themselves, but decisive in a given case of the fraudulent design. It is a state of mind, dependent on intent, which is provable by circumstantial evidence." Carter v. Boyd Const. Co., 255 S.C. 274, 280, 178 S.E.2d 536, (S.C 1971), citing Parham-Thomas-McSwain v. Atlantic Life Insurance Company, 111 S.C. 37, 96 S.E. 697.  "When fraud is charged, much latitude is allowed in the admission of evidence on that issue." Allen-Parker Co. v. Lollis, 257 S.C. 266, 272, 185 S.E.2d 739 (S.C. 1971).

What jurors won't understand without these documents is the specifics of how Merck's decision making processes were so heavily influenced by revenue, and the extent to which sales and ultimately profit played a role in how safety concerns were addressed. What jurors won't know without these documents, is how Merck's overriding concern was profit instead of patient safety, and protecting sales instead of issuing adequate warnings .  These documents show how Merck was balancing the well-being of consumers against revenues, and how sales, as opposed to safety, were a primary consideration in decisions regarding warnings.  They reveal how

2

revenues were factored into what Merck chose to tell the medical community and the public, and how the message was dictated by revenues.

It is not the numbers which make these documents relevant, nor which make Merck afraid of these documents. It is what they reveal about Merck's state of mind. They show that where Merck should have been considering health and safety, instead it was focusing on revenues. Merck was making decisions which affected the safety of millions of people based upon how its actions would affect its bottom line. These documents reveal money was a critical factor in decisions where it should not have been a factor at all.

These documents, more than any other evidence in this case, demonstrate recklessness, and Merck's disregard for safety. They also demonstrate the intent behind Merck's fraudulent concealment and misrepresentations, and why Merck' overpromotion rendered its warnings inadequate.

Date:  July 25, 2006                           Respectfully submitted,


By _____
Mark P. Robinson, Jr.
Kevin F. Calcagnie
Carlos A. Prietto, III
Ted B. Wacker
Lexi W. Myer


ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Dr., 7th Floor
Newport Beach, California  92660
Telephone:  (949) 720-1288
Facsimile: (949) 720-1292

Andy D. Birchfield, Jr.
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.

3

P.O. Box 4160
234 Commerce Street
Montgomery, Alabama  36103-4160
Telephone:  (334) 269-2343
Facsimile: (334) 954-7555

Donald C. Arbitblit
LIEFF, CABRASER, HEIMANN and
BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California   94111
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Counsel for Plaintiff

| | |
|---|---|
| Russ M. Herman<br>Leonard A. Davis<br>Stephen J. Herman<br>HERMAN HERMAN KATZ & COTLER, LLP<br>820 O'Keefe Avenue<br>New Orleans, Louisiana  70013<br>Telephone:  (504) 581-4892<br>Facsimile:  (504) 561-6024 | Christopher A. Seeger<br>SEEGER WEISS<br>One William Street<br>New York, New York  10004<br>Telephone:  (212) 584-0700<br>Facsimile:  (212) 584-0799<br>**Co-Lead Counsel** |

**PLAINTIFFS' LIAISON COUNSEL**

| | |
|---|---|
| Richard J. Arsenault<br>NEBLETT, BEARD & ARSENAULT<br>220 Bonaventure Court<br>P.O. Box 1190<br>Alexandria, Louisiana  71301-1190<br>Telephone: (318) 487-9874<br>Facsimile: (318) 561-2591 | Shelly Sanford<br>GOFORTH, LEWIS, SANFORD LLP<br>2200 Texaco Heritage Plaza<br>1111 Bagby<br>Houston, Texas  77002<br>Telephone: (713) 650-0022<br>Facsimile: (713) 650-1669 |
| Elizabeth Cabraser<br>LIEFF, CABRESER, HEIMANN &<br>BERNSTEIN, LLP<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Francisco, California  94111-3339<br>Telephone:  (415) 956-1000<br>Facsimile:  (415) 956-1008 | Drew Ranier<br>RANIER, GAYLE & ELLIOT, LLC<br>1419 Ryan Street<br>Lake Charles, Louisiana  70601<br>Telephone:  (337) 494-7171<br>Facsimile: (337) 494-7218 |
| Thomas Kline<br>KLINE & SPECTER, P.C.<br>1525 Locust St., 19th Floor<br>Philadelphia, Pennsylvania  19102<br>Telephone:  (215) 772-1000<br>Facsimile:  (215) 772-1371 | Mark P. Robinson, Jr.<br>ROBINSON, CALCAGNIE & ROBINSON<br>620 Newport Center Dr., 7th Fl<br>Newport Beach, California  92660<br>Telephone: (949) 720-1288<br>Facsimile: (949) 720-1292 |
| Arnold Levin<br>LEVIN FISHBEIN SEDRAN & BERMAN<br>510 Walnut Street, Suite 500<br>Philadelphia, Pennsylvania  19106-3875<br>Telephone:  (215) 592-1500<br>Facsimile:  (215) 592-4663 | Christopher V. Tisi<br>ASHCRAFT & GEREL<br>2000 L Street, NW, Suite 400<br>Washington, DC 20036-4914<br>Telephone:  (202) 783-6400<br>Facsimile: (307) 733-0028 |

Gerald E. Meunier
GAINESBURGH,  BENJAMIN, DAVID,
MEUNIER & WARSHAUER
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Telephone:  (504) 522-2304
Facsimile:  (504) 528-9973

**PLAINTIFF'S STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Phillip A. Wittmann, Merck's Counsel, Andrew L. Goldman, and Plaintiffs' Liaison Counsel, Russ Herman, by U.S. Mail and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced, in accordance with Pretrial Order No. 8, on this 25th day of July, 2006.

_____
MARK P. ROBINSON, JR.
State Bar No. 108994
Attorney for Plaintiff
Robinson, Calcagnie & Robinson