UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

RECEIVED
U.S. DISTRICT COURT
EAST DISTRICT OF LA
2005 MAR 16  PM 2: 27
LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| IN RE:  VIOXX PRODUCTS | * | MDL NO. 1657 |
| LIABILITY LITIGATION | * | |
| | * | SECTION:  "L" |
| | * | |
| | * | JUDGE FALLON |
| | * | MAG. JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * * * * * * * * *

THIS DOCUMENT RELATES TO ALL CASES

## JOINT REPORT NO. 1 OF
## PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL

Plaintiffs' Liaison Counsel (PLC) and Defendants' Liaison Counsel (DLC) jointly

submit this Joint Report No. 1.

I.      Service List of Counsel/Lexis-Nexis Electronic Service Application

PLC and DLC met with the Court and Lexis/Nexus (formerly Verilaw

Technologies, Inc.) to discuss cost, security, work product and privacy issues,

master service list and related items relating to the creation and implementation of

an electronic service application.  The electronic service application would enable

service, via e-mail, of all documents and pleadings.  The Lexis/Nexis electronic

service application provides a web based docket and document delivery system

that will handle electronic service to all counsel, prepare an index of served

pleadings or documents, create a calendar and is accessible for counsel 24/7/365.

All counsel in MDL 1657 will be required to register with Lexis/Nexis.  In order

to register, counsel will need to be on the service list of counsel in MDL 1657.

PLC and DLC have agreed, after discussions with the Court, that a service list of

764727/1

counsel in MDL 1657 will be prepared by DLC and provided to PLC on an ongoing monthly basis. The service list shall contain case identification, as well as claimant and counsel contact information. This information will be prepared from cases filed throughout the country relating to Vioxx, as well as the Counsel Contact Information Form that has been added as an attachment to Pre-Trial Order No. 5. PLC and DLC await further information from Lexis/Nexus as regards cost for implementation, costs on an ongoing basis and the time frame for setup.

II.     Trial Settings

PLC and DLC have discussed the need for a master list of all Vioxx lawsuits that are set for trial, which list shall contain the name of the parties, the court identification, docket number and an identification of all counsel of record. DLC has agreed to provide such a listing on an ongoing monthly basis.

III.    Plaintiffs' Steering Committee

Applications for appointment to the Plaintiffs' Steering Committee have been submitted by various counsel. PLC is prepared to convene a meeting of the PSC upon appointment of the PSC by the Court.

IV.     Defendant's Steering Committee

Until it is determined what defendant groups will be named in these proceedings and which counsel would be most representative of any such groups, it is premature to consider the formation of a Defendant's Steering Committee at this time. DLC will monitor the filing of cases and advise the Court at future monthly status conferences about the grouping of defendants.

W:\25000-29999\27115\000\PLD\Joint Report No. 1 FINAL 2005-3-16.DOC

764727/1

V.    Master Complaint(s) and Master Answer(s)

PLC and DLC have agreed to report to the Court, following the formation of the PSC, whether a Master Complaint(s) will be drafted.  Discussions between PLC and DLC will include the advisability of employing a complementary master answer(s) and whether such a Master Complaint(s) will be limited solely to class issues.

VI.   Tolling Agreement

PLC and DLC have discussed the applicability of a master Tolling Agreement to be used in MDL 1657.  PLC and DLC will continue to meet and confer on this issue.

VII.  Deposition Guidelines

PLC and DLC have met and conferred to discuss an initial protocol for the taking of depositions in MDL 1657.  The parties will be prepared to discuss this further at the monthly status conference on March 18, 2005.

Further, PLC and DLC have discussed depositions that have already been taken in state and federal Vioxx litigation.  DLC has agreed to provide to PLC, at plaintiffs' cost, copies of all depositions so that PLC can maintain copies in a depository.  The deposition copies will include exhibits and will be provided in electronic and video format, subject to compliance with any applicable confidentiality orders.

VIII. Plaintiffs' Document Depository

PLC and DLC have met and conferred regarding the establishment and creation of a depository for documents and data to be produced to the PSC.  DLC has advised

that, to date, Merck has produced, in various state and federal Vioxx litigation throughout the country, approximately 7,000,000 pages of documents that are Bates numbered. Virtually all documents have been produced electronically and are fully searchable. PLC is in communication with DLC so that these documents can be made available to PLC and an electronic depository can be established in New Orleans, Louisiana, that will be available to all plaintiffs' counsel in MDL 1657. The parties desire to facilitate discovery and save time, money and resources, and therefore will have additional meetings and conferences to enable the plaintiffs' depository to be established in the next thirty (30) days. The parties will be prepared to discuss this further at the monthly status conference on March 18, 2005.

IX.     Plaintiff Profile Form

DLC has provided PLC a proposed Plaintiff Profile Form ("PPF"). Discussions regarding such a PPF, together with medical authorizations and HIPAA related issues, will occur following the creation of the PSC. Furthermore, PLC and DLC have discussed the establishment of a healthcare provider records depository that can be accessible to all plaintiff and defense counsel. The parties will meet and confer to further discuss the creation of a joint healthcare provider records depository.

X.      Plaintiff Time and Billing Guidelines

PLC is preparing time and billing guidelines to be submitted to the Court for consideration. In connection with the creation of such guidelines, PLC has had communications with accountants and will be submitting guidelines for the

Court's consideration. PLC will be prepared to discuss this further at the monthly status conference on March 18, 2005.

XI.   Position Papers

PLC and DLC each submitted their respective position papers on March 11, 2005 to the Court pursuant to PTO 2.

XII.   Third-Party Payor Claims/Defendants Other than Merck

PLC and DLC have been made aware of various claims asserted by Third-Party Payors. Further, there is a potential for other defendants in this MDL in addition to Merck & Co., Inc. The parties will be prepared to discuss this further at the monthly status conference on March 18, 2005.

XIII.   Next Status Conference

PLC and DLC will be prepared to schedule a status conference in April, 2005 at a date to be selected by the Court.

Respectfully submitted,

_____

Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
PH:   (504) 581-4892
FAX:  (504) 561-6024
**Plaintiffs' Liaison Counsel**

*Dorothy H. Wimberly*

Phillip A. Wittmann (Bar No. 13625)
Anthony DiLeo (Bar No. 4942)
Dorothy H. Wimberly (Bar No. 18509)
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, LA  70130-3588
PH:    (504) 581-3200
FAX:  (504) 581-3361
**Defendants' Liaison Counsel**

### *CERTIFICATE OF SERVICE*

I hereby certify that the foregoing Joint Report No. 1 of Plaintiffs' and Defendants' Liaison Counsel was served on Defendants' Liaison Counsel by hand and e-mail and to parties pursuant to PTO-2, on this 16th day of March, 2005.

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  VIOXX PRODUCTS | * | MDL NO. 1657 |
| LIABILITY LITIGATION | * | |
| | * | SECTION:  "L" |
| | * | |
| | * | JUDGE FALLON |
| | * | MAG. JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * * * * * * * * *

**Monthly Status Conference**
**March 18, 2005- 9:00 a.m.**

**SUGGESTED AGENDA**[1]

Current Matters:

1.  Service List of Counsel/Lexis-Nexis Electronic Service Application

2.  Trial Settings

3.  Plaintiffs' Steering Committee

4.  Defendants' Steering Committee

5.  Master Complaint

6.  Tolling Agreement

7.  Deposition Guidelines

8.  Plaintiffs' Document Depository

9.  Plaintiff Profile Forms

10.  Plaintiff Time and Billing Guidelines

11.  Position Papers

12.  Third-Party Payor Claims/Defendants Other than Merck

13.    Next Status Conference

---

[1]     DLC does not agree that items 4, 5, 6, and 11 should be on the agenda for the Initial Conference. However, this matter can be discussed prior to the Initial Conference at the 8:30 a.m. meeting between Liaison Counsel and the Court.
W:\25000-29999\27115\000\PLD\Joint Report No. 1 FINAL 2005-3-16.DOC

764727/1

*Attachment B*

```
 1                   UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA
 2

 3      ****************************************************************

 4      IN RE:  VIOXX

 5                            DOCKET NO. MDL 05-1657 "L"
                              NEW ORLEANS, LOUISIANA
 6                            WEDNESDAY APRIL 19, 2006, 9:00 A.M.

        ****************************************************************
 7

 8                          TRANSCRIPT OF PROCEEDINGS
                   HEARD BEFORE THE HONORABLE ELDON E. FALLON
 9                      UNITED STATES DISTRICT JUDGE

10

11      APPEARANCES:

12      FOR THE PLAINTIFF:       HERMAN HERMAN KATZ & COTLAR
                                 BY:  RUSS M. HERMAN, ESQUIRE
13                               201 ST. CHARLES AVENUE, SUITE 4310
                                 NEW ORLEANS, LA 70170
14

15                               NEBLETT BEARD & ARSENAULT
                                 BY:  JEAN PAUL P. OVERTON, ESQUIRE
16                               2220 BONAVENTURE COURT
                                 PO BOX 1190
17                               ALEXANDRIA LA  71309-1190

18

19                               IRPINO LAW FIRM
                                 BY:  ANTHONY IRPINO, ESQUIRE
20                               ONE CANAL PLACE
                                 365 CANAL STREET, SUITE 2990
21                               NEW ORLEANS LA  70130

22

23      FOR THE DEFENDANT:       STONE PIGMAN WALTHER WITTMANN
                                 BY:  PHILLIP A. WITTMANN, ESQ.
24                               546 CARONDELET STREET
                                 NEW ORLEANS, LA 70130-3588
25
                                          AND
```

2

```
1                              O'MELVENY & MYERS
                               BY:  JOHN BEISNER, ESQUIRE
2                              1625 EYE STREET
                               WASHINGTON DC  20006
3

4   FOR THE LOUISIANA          DUGAN & BROWNE
    ATTORNEY GENERAL           BY:  JAMES R. DUGAN, ESQUIRE
5   AND BLUE CROSS OF          650 POYDRAS STREET, SUITE 2150
    LOUISIANA:                 NEW ORLEANS LA  70130
6

7
    OFFICIAL COURT REPORTER:      CATHY PEPPER, CCR, RPR, CRR
8                                 500 POYDRAS STREET, ROOM B406
                                  NEW ORLEANS, LOUISIANA 70130
9                                 (504) 589-7779

10

11
    PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY.   TRANSCRIPT
12  PRODUCED BY COMPUTER.

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1                         P-R-O-C-E-E-D-I-N-G-S

2                      WEDNESDAY, APRIL 19, 2006

3                      M O R N I N G   S E S S I O N

4                        (COURT CALLED TO ORDER)

5            THE DEPUTY CLERK:  Everyone rise.

6            THE COURT:  Be seated, please.  Good morning, ladies and

7      gentlemen.  I apologize it's so cold, but I assume that after we

8      finish the argument we'll be heated up.

9            Call the case, please.

10           THE DEPUTY CLERK:  Civil Action MDL 1657 In re:  Vioxx.

11           THE COURT:  Counsel make their appearance for the

12     record, please.

13           MR. HERMAN:  Good morning, Judge Fallon.  Russ Herman

14     for the Plaintiffs Steering Committee with regard to the

15     privilege issues, and with me at counsel table is Anthony Irpino.

16           MR. WITTMANN:  Good morning, Your Honor.  Phil Wittmann

17     for Merck, and with me is John Beisner, who will be arguing the

18     motion this morning.

19           THE COURT:  We have two motions, actually.  The first

20     motion has to do with consolidation, and the second motion has to

21     do with the privilege issues.  So let me deal with the first

22     motion first, the issue of consolidation.

23           This matter involves the plaintiffs seek to consolidate

24     two separate claims.  The Louisiana Attorney General, on behalf

25     of Medicare, has filed a claim seeking reimbursement for the cost

1  I'll make them available to the defendants.  By Monday, noon, I

2  will have the plaintiffs pick up all of the documents unless the

3  defendants takes some action to get them back, but I want to give

4  them an opportunity at least to look at what I've done.  And the

5  only way I know is a fair way of doing this is to give the

6  defendant access to it and give you some days to look at it and

7  think about it, but by Monday, at noon, I would appreciate

8  somebody taking all of those boxes and getting that other

9  courtroom unburdened by that material.

10        MR. HERMAN:  Your Honor, we won't have any problem

11  removing those boxes.  I do have one housekeeping matter.

12        THE COURT:  Okay.

13        MR. HERMAN:  Mr. Wittmann has advised me that the

14  Approve material, he needs the names of the individuals to

15  receive it.  I have those.  Tom Klein, Chris Tisi, the four lead

16  counsel in the cases that are set for trial in the MDL, myself,

17  Mr. Buchanan, Mr. Don Arbitblit of the Lieff Cabraser firm,

18  Mr. Burt Black, and Mr. John Restaino.

19        Also, Mr. Wittmann has something, a motion.  I need to

20  review it, relating to the Victor study at Oxford.  We should be

21  able to get something to you by the end of the week, and we

22  appreciate the opportunity to appear before you.

23        THE COURT:  All right.  One other thing I want to

24  logistically run past you two.  I received a motion pro se from a

25  person saying that they do not have access to LexisNexis, and

1  they called LexisNexis, and LexisNexis said if they got an order

2  from me they would permit access.  I'm not quite sure I

3  understand the full scope of that, but my question to you-all is

4  if you have a problem with that?

5       MR. WITTMANN:  Is it somebody who is a party to the case

6  Judge, or just an outsider?

7       THE COURT:  No, a plaintiff.  Pro se plaintiff.  I'm

8  sorry --

9       MR. HERMAN.  Is this a plaintiff that's

10  institutionalized?  No?

11      THE LAW CLERK:  I don't think he institutionalized.  I

12  think he's pro se, doesn't have an attorney, might not want an

13  attorney, contacted LexisNexis wanting to get access.

14      MR. HERMAN:  I don't think I got a copy of that.

15      THE COURT:  If you want to communicate with him and find

16  out the full scope of it.

17      MR. HERMAN:  Yes.

18      THE COURT:  And I'll report to Mr. Wittmann and we'll

19  get back to you and you can give me your input.

20      MR. WITTMANN:  I encourage those people to communicate

21  with Mr. Herman.

22      THE COURT:  Whether or not they are institutionalized.

23      MR. HERMAN:  Phil, you've always been of great help to

24  me.  I appreciate it.

25      MR. WITTMANN:  Judge, just so I clear on the order with

1  respect to the privileged documents, we'll pick up the privileged

2  documents tomorrow.  We'll have until Monday to decide what to do

3  after we have been able to extrapolate backwards and see what the

4  ruling actually are.

5           THE COURT:  Right.  And not hearing from you, I'm going

6  to release them Monday.

7           MR. WITTMANN:  Fair enough.  Thank you, Judge.

8           THE COURT:  Thank you.  The court will stand in recess.

9           THE DEPUTY CLERK:  Everyone rise.

10          MR. HERMAN:  Judge, may I approach with Mr. Wittmann.  I

11  have one other thing that's come up.

12          THE COURT:  Yes.

13                        (END OF COURT)

14                     *     *     *

15

16                   REPORTER'S CERTIFICATE

17      I, Cathy Pepper, Certified Realtime Reporter, Registered
    Professional Reporter, Certified Court Reporter, Official Court
18  Reporter, United States District Court, Eastern District of
    Louisiana, do hereby certify that the foregoing is a true and
19  correct transcript, to the best of my ability and understanding,
    from the record of the proceedings in the above-entitled and
20  numbered matter.

21

22                        _____
                          Cathy Pepper, CCR, RPR, CRR
                          Official Court Reporter
23                        United States District Court

24

25

MINUTE ENTRY
FALLON, J.
MAY 18, 2006

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | **MDL Docket No. 1657** |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | **SECTION L** |
| | * | |
| | * | **JUDGE FALLON** |
| | * | |
| | * | **MAGISTRATE JUDGE** |
| | * | **KNOWLES** |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO ALL CASES**

     The monthly pretrial conference was held on this date in the Courtroom of Judge Eldon E. Fallon.  The Court first met with Plaintiffs' Liaison Counsel (PLC), Defendant's Liaison Counsel (DLC), and certain members of the Plaintiffs' Steering Committee (PSC) and the Defendants' Steering Committee (DSC) to discuss agenda items for the pretrial conference.  At the monthly pretrial conference, counsel reported to the Court on the topics set forth in Joint Report No. 14 of Plaintiffs' and Defendant's Liaison Counsel.  This conference was transcribed by Toni Tusa, Official Court Reporter.  Counsel may contact Mrs. Tusa at (504) 589-7778 to request a copy of the transcript.  A summary of the monthly pretrial conference follows.

I.     **LEXIS/NEXIS FILE & SERVE**

     PLC and DLC continue to report to the Court on the status of docketing cases and uploading those cases to Lexis/Nexis File & Serve.  Cases recently transferred to the

1

JS10(02:05)

Eastern District of Louisiana continue to experience a brief delay between the docketing of the Final Transfer Order on which the cases appear and the receipt of the records from the original transferor courts. Until such time as the record of a case is actually received by the Clerk of Court in the Eastern District of Louisiana, the Clerk's office cannot officially docket the case in the Eastern District of Louisiana and as a result there are delays in uploading to Lexis/Nexis File & Serve. Within several days of the actual docketing of a case in the Eastern District of Louisiana, the case is uploaded to Lexis/Nexis File & Serve and counsel are able to access the case. Defense Liaison Counsel has requested that counsel for Plaintiffs continue to notify Dorothy Wimberly at dwimberly@stonepigman.com if a case is not available on Lexis/Nexis File & Serve. Notice should include the case name and Eastern District of Louisiana case number. PLC and DLC continue to provide Lexis/Nexis with a current service list of counsel in the Vioxx MDL.

Since the last status conference, Pre-Trial Order No. 8A was entered by the Court on April 27, 2006. The Pre-Trial Order is located at http://vioxx.laed.uscourts.gov and supersedes Pre-Trial Order No. 8. Counsel who have already completed a Counsel Contact Form do not need to complete a new Counsel Contact Form as a result of Pretrial Order No. 8A unless they need to update or change their current information.

II.     STATE COURT TRIAL SETTINGS

The New Jersey Superior Court, Atlantic County has scheduled the *Doherty* case for trial on June 5, 2006 and has informed the parties that the *Hatch* and *McFarland* cases are set to be tried together on September 11, 2006. Merck advises that it will move to sever the cases and have trials of only one plaintiff at a time. Judge Cheney in the

2

California Coordinated Proceeding has set June 21, 2006 for the trial of one or more plaintiffs' claims. The *Anderson* case is set for trial in the Tribal Court of the Mississippi Band of Choctaw Indians on August 7, 2006. The *Crook* case is set for trial in Alabama Circuit Court, Jefferson County, on October 26, 2006. The *Miller* case is set for trial in Texas District Court, Harris County, on November 8, 2006. The *Albright* case is set for trial in Alabama Circuit Court, Jefferson County, on December 11, 2006. Finally, for 2006, the *Schwaller* case is set for trial in Illinois Circuit Court, Madison County, on December 11, 2006.

III.    SELECTION OF CASES FOR EARLY FEDERAL COURT TRIAL

The Court has set trial of the *Barnett* case for July 24, 2006, the *Smith* case for September 11, 2006, the *Mason* case for October 30, 2006, and the *Dedrick* case for November 27, 2006. The Court has entered a scheduling order in *Barnett, Mason* and *Smith.* The parties were unable to agree to a scheduling order in *Dedrick* and, consequently, have submitted separate versions for consideration by the Court. Discovery and trial preparations are ongoing in each case. The PSC has indicated that it intends to notice the deposition of an expert it has designated, Dr. Wayne Ray, for the purpose of using the deposition at trials. Mr. Birchfield and Mr. Beck have conferred about this matter and have agreed to ask Judge Fallon to preside over this deposition. Judge Fallon agreed to preside over the deposition. The parties shall confer amongst themselves and the Court to pick a date for the deposition.

IV.    CLASS ACTIONS

The Court has under advisement the PSC's Motion to Certify a Personal Injury Class and Defendants' Rule 12 Motions to Dismiss the Master Complaints for Medical

3

Monitoring and Purchase Claims. Both parties have responded to the Court's inquiry from the April status conference regarding the impact of the Local 68 certification on the MDL.

The Local 68 Third Party Payor Class Action is proceeding to trial in the New Jersey Vioxx Litigation on March 5, 2007. At the last status conference, the PSC informed the Court that Mr. Russ Herman had been nominated as Class Action Liaison in the New Jersey litigation. Matters of case management, pre-trial, and trial scheduling will be addressed at the monthly status conference on May 16, 2006 in New Jersey and the MDL Court will be kept apprised of developments.

## V.    DISCOVERY DIRECTED TO MERCK

Merck advises that it will continue to make productions of documents, as identified by members of the PSC as priorities, on a rolling basis.

The Court has issued rulings on Merck's assertion of privilege to certain documents submitted in Merck's privilege log that was produced to the Court on November 4, 2005. On April 24, 2006, Merck filed a Notice of Appeal in the District Court and filed with the United States Court of Appeals for the Fifth Circuit a Petition for Writ of Mandamus, a Motion for Leave to File Certain Exhibits and Attachment to Exhibit to Mandamus Petition Under Seal, an Emergency Motion for Stay Pending Appeal of Privilege Rulings, a Motion to Expedite Appeal of District Court Order Overruling Privilege Designations, and an Appendix of Attachments to Certificate of Interested Parties. By order entered April 25, 2006, the United States Court of Appeals stayed the effect of the privilege ruling. Thereafter, the PSC filed its opposition to Merck's mandamus petition and Merck filed a reply brief. On May 11, 2006, the United

4

States Court of Appeals held a telephone conference at which the mandamus petition was discussed. The parties await a ruling.

VI.     DISCOVERY DIRECTED TO THE FDA

The FDA production of documents responsive to the PSC subpoena continues to occur in waves.

On May 5, 2006, the Court granted in part and denied in part the PSC's motion contesting the FDA's assertion of the privilege with respect to certain documents, upholding the privilege assertion for 42 documents and overruling the assertion for 3 documents. On May 8, 2006, in accordance with the terms of the Court's ruling, the FDA provided copies of the 3 documents to the PSC and to Merck.

The deposition of Dr. David Graham was taken on May 9, 2006. On or about May 2, 2006, Kaiser Medical Plan, Inc, Kaiser Foundation Hospitals, Southern California Permanente Medical Group, The Permanente Medical Group, and Kaiser Permanente produced documents in response to subpoenas issued by Merck. Copies of all documents produced were provided by Merck to the PSC. The parties await receipt of the deposition transcript.

VII.    DISCOVERY DIRECTED TO THIRD PARTIES

PLC has advised the Court and DLC that the PSC continues to issue third-party notices of depositions for the production of documents. The PSC submitted a letter to the Court on March 16, 2006 seeking intervention by the Court on whether Merck should have the right to review documents in the possession of Ogilvy, DDB and Millward Brown to determine whether any of the documents are privileged prior to the third party making production to the PSC. The matter was argued on May 10, 2006. On May 12,

5

the Court issued an order requesting additional briefing on the burden of proof applicable to the issue before the Court. The parties will provide the additional briefing on May 22, 2006.

## VIII.   DEPOSITION SCHEDULING

The parties continue to notice and cross-notice depositions in the MDL. If and when any other issues arise regarding the scheduling of depositions, the Court will be advised and motions will be requested on an expedited basis.

## IX.   PLAINTIFF PROFILE FORM AND MERCK PROFILE FORM

Representatives of the PSC and DSC continue to discuss amendments and modifications to Pre-Trial Order No. 18B as it pertains to general service and posting of Plaintiff Profile Forms, Merck Profile Forms, and medical records to Lexis-Nexis File & Serve. Several telephone conferences with counsel for Defendants, the PLC, and other plaintiffs' counsel, regarding proposed modifications to existing Pre-Trial Order No. 18B, in the form of Pre-Trial Order No. 18C, have taken place. The parties continue discussions regarding a revised Pre-Trial Order in the form of Pre-Trial Order No. 18C, as well as revisions to the Merck Profile Form.

On April 28, 2006, Merck provided the PLC and the chair of the State/Federal Coordination—State Liaison Committee a copy of a letter detailing the core information that Merck contends must be received in order for Merck to process an MPF.

## X.   STATE/FEDERAL COORDINATION— STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications. If and when any other issues arise, the Court will be advised.

6

XI.   *PRO SE* CLAIMANTS

The Court has issued additional Orders directing PLC to take appropriate action regarding filings made by various *pro se* individuals.  PLC has continued to communicate with the various *pro se* claimants and advised them of attorneys in their respective states and other pertinent information regarding the MDL.  DLC has discussed with PLC Merck's obligation to respond to complaints filed by *pro se* individuals in those instances where the complaints have not been served.

On May 11, 2006, the Court issued an Order denying the motion by James D. Schneller, *Pro Se* Plaintiff in Civil Action No. 05-5382, requesting registration and access to Lexis-Nexis File & Service Litigation Management, Inc.

XII.   MOTION TO DISMISS FOREIGN CLASS ACTION COMPLAINTS ON FORUM NON CONVENIENS GROUNDS

On January 12, 2006, Merck filed a Motion to Dismiss All Foreign Class Action Complaints.  Subsequently, foreign plaintiffs represented by Kenneth Moll filed a Motion to Strike Merck's motion.  The PSC took no position on the issue.  On March 23, 2006, the Court heard oral argument on the plaintiffs' Motion to Strike and denied the motion. The Court further ordered that the plaintiffs would have sixty days to file their opposition to Merck's Motion to Dismiss the Foreign Class Action Complaints.   Plaintiffs' opposition papers are thus due on May 22, 2006.  Merck's reply brief is due June 21, 2006.

XIII.   VICTOR DATA

On May 12, 2006, Merck produced to the PSC the final VICTOR Data from Oxford University.  The data was produced subject to the Court's May 3, 2006

Order governing this production.

IT IS ORDERED that Merck may produce the VICTOR Data to PLC and trial counsel in the *Barnett*, *Smith*, *Mason*, and *Dedrick* cases.

## XIV.   GENERIC TRIAL PERFORMANCE AND RULE 702 AND DAUBERT IN LIMINE ISSUES

On April 19, 2006, the PSC filed a Generic Motion *in Limine* which addressed, among other things, trial performance guidelines, exhibit admissibility, and deposition cuts, as well as the possibility of seeking early hearings on *Daubert* and Rule 702 issues. The motion sought to obtain generic rulings well in advance of trials. Merck filed its response to the motion on May 10, 2006. The motion was set for hearing on May 17, 2006 at 2:30 p.m. The substance of the hearing is contained in the Court's Minute Entry dated May 17, 2006.

## XV.   APPROVe DATA

On April 24, 2006, the Court entered an order governing production of the APPROVe data. On April 26, 2006, Merck produced the interim APPROVe data. Thereafter, on May 6, 2006, Merck produced the final APPROVe data.

IT IS ORDERED that Merck may produce the APPROVe Data to PLC and trial counsel in the *Barnett*, *Smith*, *Mason*, and *Dedrick* cases.

## XVI.   IMS DATA

Merck advises that IMS data for plaintiffs' prescribing physicians in the *Barnett*, *Smith*, *Mason*, and *Dedrick* cases has been produced to the PSC and plaintiffs' trial counsel.

IT IS ORDERED that Merck may produce the IMS Data to PLC and trial counsel

8

in the *Barnett*, *Smith*, *Mason*, and *Dedrick* cases.

XVII.   DISCOVERY IN NON-TRIAL CASES

        At the status conference on April 13, 2006, the PSC indicated to the Court

that Merck had been serving counsel with generic discovery requests such as

Interrogatories and Request for Production of Documents in cases not set for trial.  The

PSC objected to this practice because it was redundant in light of the PPFs.  Merck

contends that it agreed that it would not serve any discovery that was duplicative of PPFs.

The parties were to meet and confer with the view toward resolving the issue.

Thereafter, at the monthly Pre-Trial Conference on April 27, 2006, the PSC again

indicated that Merck continued to serve counsel with generic discovery requests such as

interrogatories and request for production of documents in cases not set for trial.  The

PSC reurged its objection because the practice was redundant.  Merck contends that the

discovery it is pursuing in non-trial cases is not duplicative and is permitted by Pre-Trial

Order 9.   Thus, at the April 27 conference, the DSC stated that it was not serving

interrogatories.  Merck further stated that it was not pursuing discovery in non-trial cases

except for a limited number of cases—about 6—in which it was pursuing limited

discovery for the purpose of developing a record on which various dispositive motions

could be filed.  The PSC objects to this practice and the discovery taking place at this

time.  The DSC notes that members of the PSC currently have been taking discovery in

non-trial cases of their choosing, and the DSC has been cooperating.  The parties will

confer with each other on this issue and report back to the Court by May 22, 2006.

XVIII. NEXT STATUS CONFERENCE

The next monthly pretrial conference will be held on June 16, 2006 at 10:00 a.m. Counsel unable to attend in person may participate by telephone at 1-800-473-8796. The access code will be 50071739 and the Chairperson will be Judge Fallon. If any participant by telephone intends to raise any issues, he/she should contact the Court at least two days prior to the conference.

