

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | |
| | * | MDL DOCKET NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION L |
| This document relates to: | * | |
| | * | JUDGE FALLON |
| ROBERT LONG, and his wife, | * | |
| JOYCE "JOY" LONG, | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK AND CO., INC. | * | |
| | * | |
| Defendant. | * | |
| | * | |
| CIVIL ACTION NO.    05-5722 | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*   \*

### AMENDED COMPLAINT and DEMAND FOR JURY TRIAL

COMES NOW, Plaintiffs, ROBERT LONG, and his wife, JOYCE LONG, by and through their counsel, and allege as their Complaint against Defendant as follows:

### Parties, Jurisdiction and Venue

1.      This Court has jurisdiction pursuant to 28 U.S.C. Section 132, in that ROBERT LONG and his wife, JOYCE LONG are citizens of a state which is different from the state where Defendant is incorporated and where their principal place of business is located, and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00).

2.      At all times relevant herein, Defendant MERCK AND

-2-

CO., INC. ("MERCK") was and is an American pharmaceutical company incorporated under the laws of the State of New Jersey with its principal place of business at 1 Merck Drive, P.O. Box 100, White House Station, New Jersey. Defendant was and is in the business of profiting from the design and manufacture, marketing, distribution and/or sales of the brand name prescription drug VIOXX (Rofecoxib).

3.      Venue is proper in the Southern District of Florida, pursuant to 28 U.S.C. Section 1391, as Plaintiffs are residents of Lake Placid, Florida, located in Highlands County, Florida. Defendant advertised in this District, received substantial compensation and profits from sales of the drug in this District, and made material omissions and misrepresentations and breached warranties in this District.

4.      In accordance with Pretrial Order Number Eleven (11), filed in the VIOXX MDL, this action is being filed directly into the Eastern District of Louisiana.

### Factual Allegations

5.      This action arises from the sales and efficacy of VIOXX, a pain-relieving drug containing Rofecoxib.  VIOXX is a selective COX-2 inhibitor marketed by Defendant as an anti-inflammatory analgesic.

6.      Defendant MERCK obtained FDA approval on VIOXX in approximately May of 1999 and began its distribution and sale throughout the United States in approximately May, 1999.  VIOXX is

-3-

a brand-name used by MERCK to market and distribute Rofecoxib.

7.      Defendant MERCK distributed and sold VIOXX to consumers such as Plaintiff, ROBERT LONG.  VIOXX was approved for marketing based on information in the New Drug Application, which was on a fast track, six month approval process to FDA.

8.      Defendant knew and was aware, or should have known, that VIOXX had been insufficiently tested; that it had not been sufficiently tested upon humans; and was marketed with a lack of adequate warnings.  Nevertheless, Defendant endeavored to obtain FDA approval and brought VIOXX to the market, thereby enabling them to market a drug causing harmful results to users.

9.      Defendant concealed the serious cardiovascular risks associated with VIOXX because a successful launch of VIOXX was viewed as critical for MERCK and safety concerns over hypertension, thrombosis, edema and/or cardiovascular events, would have drastically impacted MERCK's positioning in the market as compared to its competition drug, CELEBREX (Celecoxib), which had been placed into the market by MERCK competitors, Pharmacia and Pfizer, some three months prior to the launch of VIOXX.

10.      MERCK knowingly chose to market this product despite its knowledge at product launch and post-marketing data thereafter, that use of VIOXX carried significant risk factors. These adverse effects were realized in adverse event reports, in clinical trials where such events were adjudicated by primary investigators with

- 4 -

MERCK's assistance, and in one or more studies shortly after market launch, which showed statistically significant increases in adverse cardiovascular events among VIOXX users.

11.       In industry sponsored studies presented at the European United League Against Rheumatism (EULAR), an organization in which MERCK is a member and corporate sponsor, in June of 2000, it was shown that VIOXX use resulted in a statistically significant increase in hypertension and myocardial infarction.   MERCK did nothing to publish the studies which were again reported and denied by MERCK as to the hypertension problems in the official publication of the American Pharmaceutical Association, Pharmacy Today, Spin War Aside, Lessons Emerge From COX-2 Trials, in August, 2002, page 3.

12.       MERCK continued to deny the ill health effects associated with VIOXX while at the same time reaping the profits obtained through the non-disclosure.   MERCK engaged in an aggressive and expansive advertising and sampling program and gained continued increases in market share, which enhanced MERCK's financial stability to the detriment of its consumers.   The resultant effect to MERCK in concealing and failing to reveal and warn of the risks was a more than two billion dollar profit in 2000 alone, to MERCK  and an approximately 23 percent share of the market.

13.       The profits to MERCK were realized as it continued

-5-

to withhold relevant data from plaintiffs and the health care industry generally.  For example, in November, 2000, MERCK cause the publication of a study in the New England Journal of Medicine and knowingly downplayed and/or withheld from this publication the severity of cardiovascular risks associated with VIOXX consumption over Naproxen consumption.

14.     Defendant knew, or should have known, of the above-mentioned risks based upon the state of knowledge as it existed at that time and upon generally accepted engineering, medical and research standards and principles.

15.     On September 17, 2001, MERCK received a warning from the United States Food and Drug Administration (FDA) because the ads for VIOXX did not include any warning against the increased risk of heart attacks.  The FDA letter stated in part,

> You have engaged in a promotional campaign for VIOXX that minimizes the potentially serious cardiovascular findings that were observed in the VIOXX gastrointestinal outcomes research (VIGOR) study, and thus, misrepresents the safety profile for VIOXX. Specifically, your promotional campaign discounts the fact that in the VIGOR study, patients on VIOXX were observed to have a four to five fold increase to myocardial infarctions (MIs) compared to patients on the comparative non-steroidal anti-inflammatory drug (NSAID), Naprosyn (Naproxen).

Further, the warning letter from the FDA stated in part that Defendant's promotional activities and materials are "false, lacking in fair balance, or otherwise misleading in violation of the Federal Food, Drug, and Cosmetic Act (the Act) and applicable

-7-

required hospitalization and medical care; was incapacitated from his normal functioning and was unable to pursue normal life style; was precluded from having a normal life, physically, intellectually, vocationally, emotionally, and psychologically; and was otherwise grossly damaged. Furthermore, all of this based upon a reasonable degree of medical probability was caused by his exposure to VIOXX.

20.     On or about November 9, 2001, November 12, 2001 and November 17, 2001 ROBERT LONG suffered multiple strokes.

21.     At all times material, the strokes suffered by Plaintiff, ROBERT LONG, were caused by his ingestion and use of the product VIOXX manufactured, marketed, distributed and/or sold by Defendant, MERCK.

22.     On September 30, 2004, VIOXX was withdrawn from the market worldwide when the Data Safety Monitoring Board overseeing a long-term study of VIOXX recommended that the study be halted because of an increased risk of serious cardiovascular events, including heart attacks and strokes, among patients taking VIOXX.

23.     At all times relevant to this litigation, Defendant, MERCK had a significant market share based upon claims of VIOXX efficacy, a very aggressive marketing program, which included financial incentives to sales teams, infusions of some 700 new sales representatives, and a massive direct to consumer advertising and physician sampling program.

-8-

24.    As a result of such marketing, VIOXX gained a significant market share in competition with Celebrex that MERCK would not have gained if MERCK had not suppressed information about VIOXX and/or made false representations of VIOXX superiority and efficacy.

25.    From approximately 1999 through present, Defendant continued to engage in a common scheme in marketing, distributing and/or selling VIOXX under the guise that it was safe and efficacious for persons such as Plaintiff, ROBERT LONG.

26.    Plaintiff, ROBERT LONG, alleges that the suppression of this information constituted a common scheme by Defendant to conceal material information from Plaintiff.

27.    Plaintiff alleges that the marketing strategies including without limitation, the detail and sampling programs and direct to consumer advertising, of the Defendant targeted Plaintiff to induce Plaintiff to purchase VIOXX. At the time the Defendant distributed, manufactured and marketed VIOXX, Defendant intended that Plaintiff would rely on the marketing, advertising and product information propounded by Defendant.

28.    The actions of Defendant in failing to warn of the clear and present danger posed to others by the use of its drug, VIOXX, in suppressing evidence relating to this danger, and in making deliberate and misleading misrepresentations of fact to minimize the danger or to mislead prescribers and patients as to

-9-

the true risk, constitutes such clear, blatant, and outrageous conduct as to warrant the imposition of exemplary damages against Defendant.

### Count I
### Strict Products Liability
### (Failure to Warn)

29.     Plaintiff, ROBERT LONG restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

30.     MERCK tested, designed, manufactured, distributed, marketed and placed VIOXX into a stream of interstate and international commerce. VIOXX was intended to and did reach the ultimate consumers, including Plaintiff, ROBERT LONG, in a condition which was substantially unchanged from the time it left MERCK's control.

31.     VIOXX was a dangerous and defective product when it was placed in the stream of commerce by MERCK because of its propensity to cause cardiovascular injuries including heart attacks and strokes.

32.     Defendant, as a manufacturer and supplier of VIOXX failed to provide proper warnings regarding all possible adverse side effects regarding the use of VIOXX, as well as the severity and duration of such adverse effects.

33.     Defendant, a manufacturer and supplier of VIOXX, failed to provide adequate post-marketing warning and instruction

-10-

because, after Defendant knew or should have known of the risk, of injury and death from VIOXX, Defendant failed to provide adequate warnings and continued to aggressively promote VIOXX.

34.    The said drug product, more particularly known as VIOXX, was expected to and did reach the usual consumers, handlers and persons coming into contact with said product without substantial change in the condition in which it was produced, manufactured, sold, distributed and marketed by the Defendant and which was dangerous to users, the general public and, in particular, ROBERT LONG.

35.    At the time of the occurrence and ingestion by ROBERT LONG, the said drug product VIOXX, was being used for the purposes and a manner normally intended.

36.    ROBERT LONG could not, by the exercise of reasonable care, have discovered the defects herein mentioned and/or perceived their danger.

37.    As a direct and proximate result of the defective condition of VIOXX manufactured and supplied by Defendant, ROBERT LONG was caused to sustain severe and grievous personal injuries, as described herein, including but not limited to physical, mental, and emotional pain and suffering; disability, loss of the capacity for the enjoyment of life; and has and will require reasonable and necessary health care, attention and services and has and will incur medical, health, incidental and related expenses.

-11-

## Count II
## Strict Product Liability
(Design Defect)

38.     Plaintiff, ROBERT LONG restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

39.     Plaintiff ingested VIOXX, a medication that was either manufactured, distributed, sold, prescribed and/or otherwise put into the stream of commerce by the Defendant, MERCK.   The defective condition of VIOXX rendered it unreasonably dangerous, and that said VIOXX was in this defective condition at the time it left the hands of the Defendant.

40.     The   Defendant   engaged   in   the   manufacture, distribution,   sale   and/or   prescription   of   pharmaceutical medications.  VIOXX, without substantial change in the condition in which it was sold, was the proximate cause of Plaintiff's injuries.

41.     Plaintiff was unaware of the significant hazards and defects in the VIOXX medication.   Therefore, the VIOXX medication was unreasonably dangerous in that it was more dangerous than would be reasonably contemplated by the ordinary user.

42.     During the period that Plaintiff was taking VIOXX, the medication was being utilized in a manner which was intended by

-12-

the Defendant.

43.     VIOXX   was   defectively   designed   because   the
foreseeable risks exceeded the benefits associated with the design
or formulation.

44.     Additionally, VIOXX is defective due to inadequate
clinical trials, testing, study and inadequate reporting regarding
the results of same.

45.     Defendant designed, manufactured and/or placed into
the stream of commerce the product, which reached Plaintiff, ROBERT
LONG, in the same or substantially the same condition in which it
was sold.  Upon purchase by Plaintiff, the product in question was
represented to be safe and free from latent defects.

46.     Defendant   is   strictly   liable   to   Plaintiff   for
designing, manufacturing and placing into the stream of commerce,
the product which was unreasonably dangerous for its reasonably
foreseeable uses at the time it left the control of Defendant
because of the design defects which were a producing cause of the
occurrence in question.

47.     The product in question was defectively marketed by
Defendant  with  respect  to  its  failure  to  adequately  warn  or
instruct in the safe use of the product and such defect was a
producing cause of the occurrence in question.

48.     Defendant knew or in the exercise of ordinary care,
should have known that the product was defective and unreasonably

dangerous to those persons likely to use the product for the purpose and in the manner for which it was intended to be used. Defendant was negligent in the particulars set forth in this and the preceding paragraphs and such negligence was a proximate cause of the occurrence in question.

49.     Defendant owed Plaintiff, ROBERT LONG, the duty of reasonable care when they tested, designed, manufactured and marketed the product in question.  Defendant violated their duty and were negligent in the particulars set forth herein.

50.     Defendant MERCK is also strictly liable to Plaintiff under Section 402(b) of the Restatement (Second) of Torts in misrepresenting to the public that its product was safe and without defect which statement and representation was false and involved a material fact concerning the character or quality of the product in question, and upon which representations the consumer constructively relied, and which constituted a producing cause of the injury at issue.

51.     Further, each of the above and foregoing acts or omissions of Defendant were more than momentary thoughtlessness, inadvertence, or error of judgment.  Such acts or omissions constituted such an entire want of care as to establish that the acts or omissions were the result of actual conscious indifference to the rights, safety, or welfare of the person or persons affected.

-14-

52.      Plaintiff, ROBERT LONG, suffered  strokes and the resulting effects of those strokes, as a direct and proximate result  of  the  defective  and  dangerous  condition  of  VIOXX. Plaintiff  has  endured  and  will  endure  physical,  mental  and emotional pain and suffering; disability, loss of capacity for the enjoyment  of  life;  and  has  and  will  require  a  reasonable  and necessary  health  care,  attention  and  services  and  has  and  will incur medical health incidental and related expenses.

**Count III**
**Negligence**

53.      Plaintiff,  ROBERT  LONG  restates  each  and  every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

54.      Defendant  directly  or  indirectly  negligently manufactured,  designed,  tested,  labeled,  packaged,  distributed, promoted,  marketed,  advertised  or  sold  VIOXX  (Rofecoxib)  in  the stream of commerce, when the Defendant knew, or in the exercise of ordinary  care,  should  have  known  that  VIOXX  posed  a  significant risk to Plaintiff ROBERT LONG's health and wellbeing which risk was not known to Plaintiff or his prescriber.

55.      At all times material hereto, Defendant had a duty to Plaintiff to exercise reasonable care in the design, testing, labeling,  packaging,  distribution,  promotion,  marketing, advertising, sampling or sale of VIOXX.

56.     Defendant breached its duty and was negligent in its actions, misrepresentations and omissions toward Plaintiff in that the Defendant (a) failed to include adequate warnings with the medications that would alert Plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion; (b) failed to include adequate information or warnings with a medication that would alert Plaintiff and the health care community to refrain from use of VIOXX without first prescribing traditional NSAIDs such as Naproxen or Ibuprofen; (c) failed to adequately and properly test VIOXX before and after placing it on the market; (d) failed to conduct sufficient testing on VIOXX which, if properly performed, would have shown that VIOXX had serious side effects including, but not limited to, the cardiovascular events described above; (e) failed to adequately warn Plaintiff and his health care providers that use of VIOXX carried a risk of cardiovascular events, stroke and death among other serious side effects; (f) failed to provide adequate post-marketing warnings or instructions after the Defendant knew or should have known of the significant risk of personal injury and death as identified herein among other serious side effects from the use of VIOXX; (g) failed to adequately warn Plaintiff that VIOXX should not be used in conjunction with any risk factors for these adverse effects such as family history of ischemic heart disease, or risk factors for ischemic cardiovascular disease; (h) failed to adequately disclose

-16-

and warn Plaintiff that he undertook the risk of adverse effects and death as described herein; and, (i) failed to adequately and timely inform the health care industry of the risks of serious personal injury and death from VIOXX ingestion as described herein.

57.     Defendant knew or should have known that VIOXX caused unreasonably dangerous risks and serious side effects, including death, of which Plaintiff would not be aware. Defendant, MERCK, nevertheless advertised, marketed, sold and distributed the drug, knowing that there were safer methods and products.

58.     As a direct and proximate result of the negligence and breach of Defendant, Plaintiff sustained serious injury including  strokes and the resulting effects of those strokes as direct and proximate result of the defective and dangerous product, VIOXX, and the negligence of MERCK. Plaintiff has endured and will endure physical, mental and emotional pain and suffering; disability, loss of the capacity for the enjoyment of life and has and will require reasonable and necessary health care, attention and services; and has and will incur medical health incidental and related expenses.

### Count IV
### Negligent Failure to Warn

59.     Plaintiff, ROBERT LONG restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

-17-

60.     VIOXX was not accompanied by appropriate warnings to physicians and consumers, including the Plaintiff, concerning the increased risk of adverse side effects including strokes and cardiovascular events.

61.     VIOXX was not accompanied by adequate warnings to physicians and consumers, including the Plaintiff, concerning VIOXX's propensity to cause cardiovascular injuries following VIOXX's introduction into the stream of commerce and after MERCK began receiving reports and controlled studies of VIOXX users suffering cardiovascular injuries.

62.     Defendant's negligence was the proximate cause of the harm suffered by Plaintiff, ROBERT LONG.

63.     As a direct and proximate cause of Defendant's negligence: (a) Plaintiff suffered personal injuries; (b) Plaintiff suffered economic loss; (c) Plaintiff expended and will in the future be required to expend fair and reasonable expenses for necessary health care, attention and services and incurred incidental and related expenses.

### Count V
### Negligence Per Se

64.     Plaintiff, ROBERT LONG incorporates by reference, all preceding paragraphs as if fully set forth in full herein and further alleges as follows:

65.     Defendant was negligent per se because it violated

-18-

applicable statutes and regulations related to prescription drugs.

66.      Plaintiff is a person whom these statutes and regulations were meant to protect.

67.      Defendant's negligence was the proximate cause of the harm suffered by Plaintiff.

68.      As a direct and proximate cause of Defendant's negligence: (a) Plaintiff suffered personal injuries; (b) Plaintiff suffered economic loss; (c) Plaintiff expended and will in the future, be required to expend fair and reasonable expenses for necessary health care, attention and services and incurred incidental and related expenses.

### Count VI
### Breach of Implied Warranty by MERCK

69.      Plaintiff, ROBERT LONG restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

70.      When Defendant placed VIOXX into the stream of commerce, Defendant MERCK impliedly warranted to the consuming public including Plaintiff, ROBERT LONG, that VIOXX was fit for the particular purpose for which it was designed and marketed and that it was a safe and suitable product with marketable quality and fit for the ordinary purposes for which said product was to be used.

71.      Plaintiff, ROBERT LONG, reasonably relied upon the expertise, skill, judgment and knowledge of the Defendant and upon

the implied warranty that VIOXX was of merchantable quality and fit for use as intended.

72.     Defendant MERCK knew or should have known that individuals including Plaintiff, ROBERT LONG, relied upon Defendant to provide goods merchantable quality fit, safe and in proper condition for the ordinary use for which such goods were designed, marketed and used.

73.     In reliance upon such implied warranties of merchantability by Defendant, MERCK, Plaintiff purchased and consumed VIOXX.

74.     That said representations and warranties aforementioned were false, misleading and inaccurate and that said drug product VIOXX was unsafe, unreasonably dangerous, improper, not of merchantable quality and defective.

75.     As a direct and proximate result of Defendant MERCK's breach of the implied warranties of merchantability, Plaintiff suffered  strokes and the resulting effects of those strokes, Plaintiff has endured and will endure physical, mental and emotional pain and suffering, disability, loss of the capacity for the enjoyment of life and has and will require reasonable and necessary health care, attention and services and has and will incur medical, health, incidental and related expenses.


**Count VII**

-20-

### Breach of Express Warranty

76.     Plaintiff, ROBERT LONG restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

77.     Defendant expressly warranted to the market including Plaintiff ROBERT LONG by and through statements made by Defendant or its authorized agents or sales representatives, orally and in publications, package inserts and other written materials to the health care community, as well as in publication electronic media, marketing and promotional materials available at retail outlet material published over the internet or other written materials intended for the general public that VIOXX was safe, effective, fit and proper for its intended use throughout the course of that use.

78.     Members of the medical community relied upon the representations and warranties of the Defendant for use and ingestion of said drug VIOXX in prescribing, recommending and/or dispensing same.

79.     In purchasing VIOXX, Plaintiff, ROBERT LONG, relied on the skill, judgment, representations, packaging and foregoing express warranties and representations of Defendant, MERCK. These warranties and representations provided to be false because the product was not safe and was unfit for the uses for which it was intended.

-21-

80.     Plaintiff, ROBERT LONG, suffered strokes and the resulting effects of those strokes as a direct and proximate result of the defective and dangerous product VIOXX and the breach of warranties by MERCK.   Plaintiff has endured and will endure physical, mental and emotional pain and suffering, disability, loss of the capacity for the enjoyment of life and has and will require reasonable and necessary health care attention and services and has and will incur medical, health, incidental and related expenses.

### Count VIII
### Fraudulent Misrepresentation

81.     Plaintiff, ROBERT LONG restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

82.     Defendant falsely and fraudulently represented to the medical community and to the public in general that said drug VIOXX was a drug that had been tested and found to be safe and effective.   The representations made by said Defendant was, in fact, false.

83.     When said representations were made by Defendant, Defendant severally, knew these representations to be false, willfully, wantonly and recklessly disregarded whether the representations were true, and these representations were made by said Defendant with the intent of defrauding and deceiving the public in general, and the medical community in particular, and

-23-

misrepresentations by MERCK.  Plaintiff, ROBERT LONG, has endured and will endure physical, mental and emotional pain and suffering, disability, loss of the capacity for the enjoyment of life, and has and will require reasonable and necessary health care, attention and services and has and will incur medical, health, incidental and related expenses.

## Count IX
### Violation of Florida Deceptive and Unfair Trade Practices Act

88.      Plaintiff, ROBERT LONG, restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

89.      This is an action brought pursuant to the Florida Deceptive and Unfair Trade Practices Act contained at Fla. Stat. § 501.201 et seq.

90.      On September 17, 2001, MERCK received a warning from the United States Food and Drug Administration (FDA) because the ads for VIOXX did not include any warning against the increased risk of heart attacks.  The FDA letter stated in part,

> You have engaged in a promotional campaign for VIOXX that minimizes the potentially serious cardiovascular findings that were observed in the VIOXX gastrointestinal outcomes research (VIGOR) study, and thus, misrepresents the safety profile for VIOXX.  Specifically, your promotional campaign discounts the fact that in the VIGOR study, patients on VIOXX were observed to have a four to five fold increase to myocardial infarctions (MIs) compared to patients on the comparative non-steroidal anti-inflammatory drug (NSAID), Naprosyn (Naproxen).

-24-

91.      Further, the warning letter from the FDA stated in part
that Defendant's promotional activities and materials are
"false, lacking in fair balance, or otherwise misleading in
violation of the Federal Food, Drug, and Cosmetic Act (the
Act) and applicable regulations".

92.      Such "false, lacking in fair balance, or otherwise
misleading" advertising and promotional activities violate the
Florida Deceptive and Unfair Trade Practices Act which makes it
unlawful to engage in unfair methods of competition, unconscionable
acts or practices, and unfair or deceptive acts or practices in the
conduct of any trade or commerce.

93.      Plaintiff, ROBERT LONG has suffered injuries,
including but not limited to  strokes as a direct result of Merck's
violations of the Florida Deceptive and Unfair Trade Practices Act.

94.      Pursuant to section 501.211(2) of the Florida
Deceptive and Unfair Trade Practices Act, Plaintiff seeks actual
damages plus attorney's fees and courts costs for Merck's conduct
that resulted in the injury to Plaintiff, ROBERT LONG.


## Count X
## Loss of Consortium

95.      Plaintiff, JOYCE LONG, restates each and every
preceding allegation of this Complaint and incorporates each by
reference as though set forth in full herein.

96.      At all material times, Plaintiffs, ROBERT LONG and JOYCE LONG were married and lived together as husband and wife.

97.      As a direct and legal result of the acts of the Defendant, MERCK, as detailed above in Counts I through IX, Plaintiff, ROBERT LONG, sustained serious injury including strokes and the resulting effects of those strokes as direct and proximate result of the defective and dangerous product, VIOXX, and the negligence of MERCK. Plaintiff has endured and will endure physical, mental and emotional pain and suffering; disability, loss of the capacity for the enjoyment of life and has and will require reasonable and necessary health care, attention and services; and has and will incur medical health incidental and related expenses.

98.      As a direct and legal result of the acts of the Defendant, MERCK, as detailed above in Counts I through IX, Plaintiff, JOYCE LONG, has lost the services, support, companionship, affection, and consortium of her spouse and will continue to lose said services, support, companionship, affection, and consortium in the future and has in the past and will in the future become obligated to pay medical expenses on behalf of her spouse, ROBERT LONG.

WHEREFORE, Plaintiffs, ROBERT LONG and JOYCE LONG demand judgment against Defendant, MERCK for damages as well as all costs of this action to the full extent of the law, including: (a) damages to compensate Plaintiffs for injuries sustained as a result

-26-

of VIOXX use, past and future lost income and future medical expenses as proven at trial; (b) physical pain and suffering of Plaintiff; (c) pre- and post-judgment interests at the lawful rate; (d) reasonable attorneys fees and costs; (e) such other applicable damages as the Court deems appropriate.

### Jury Demand

Plaintiffs demand that all issues of fact in this case be tried to a properly impaneled jury.

for Steven C. Ruth, Esquire
FBN: 226531
Frank J. Currie, Esquire
FBN: 500471
BELTZ & RUTH, P.A.
Wachovia Plaza
150 Second Avenue North, 15th Floor
St. Petersburg, FL  33701
(727) 327-3222
Attorneys for Plaintiffs

/cf