UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | *  MDL No. 1657 <br> * <br> *  SECTION L <br> * <br> *  JUDGE ELDON E. FALLON <br> * <br> *  MAGISTRATE JUDGE <br> *  DANIEL E. KNOWLES, III <br> * <br> * <br> * <br> * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO:** *Winstun Woods v. Merck & Co., Inc.*, No. 06-3705.

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the Plaintiff's Complaint as follows:

## RESPONSE TO
## "I. PARTIES"

1.      Denies each and every allegation contained in paragraph 1 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

2.      Denies each and every allegation contained in paragraph 2 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, may be served as allowed by

1

applicable state and/or federal law, which for individual actions in *In Re: Vioxx Products Liability Litigation*, MDL No. 1657, includes the procedures outlined in Pretrial Order No. 15 issued by Judge Eldon E. Fallon on May 31, 2005.

3.     The allegations contained in paragraph 3 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 3 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiff purports to state a claim in excess of $75,000, but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "II.  AGENCY"

4.     Denies each and every allegation contained in paragraph 4 of the Complaint, except admits that Plaintiff purports to define the term "Defendant" for purposes of this Complaint.

## RESPONSE TO
## "III. FACTUAL BACKGROUND"

5.     Denies each and every allegation contained in paragraph 5 of the Complaint, except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health and that it manufactured, marketed, and distributed the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

6.     Denies each and every allegation contained in paragraph 6 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which reduces

2

pain and inflammation, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further avers that Vioxx was approved by the U.S. Food & Drug Administration ("FDA") as safe and effective for certain indicated uses subject to the information provided in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

7.    Denies each and every allegation contained in paragraph 7 of the Complaint.

8.    Denies each and every allegation contained in paragraph 8 of the Complaint.

9.    Denies each and every allegation contained in paragraph 9 of the Complaint.

## RESPONSE TO
## "IV. NEGLIGENCE AND GROSS NEGLIGENCE"

10.    The allegations contained in paragraph 10 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty or standard of care in connection with Vioxx and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

11.    Denies each and every allegation contained in paragraph 11 of the Complaint, including its subparts a through e, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

3

12.     Denies each and every allegation contained in paragraph 12 of the Complaint.

## RESPONSE TO
## "V.  STRICT PRODUCTS LIABILITY"

13.     Denies each and every allegation contained in paragraph 13 of the Complaint, except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health and that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

14.     Denies each and every allegation contained in paragraph 14 of the Complaint.

15.     The allegations contained in paragraph 15 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 15 of the Complaint.

## RESPONSE TO
## "VI.  STRICT PRODUCTS LIABILITY - BREACH OF WARRANTY"

16.     The allegations contained in paragraph 16 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 16 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information provided in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

4

17.     Denies each and every allegation contained in paragraph 17 of the Complaint.

18.     The allegations contained in paragraph 18 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 18 of the Complaint.

## RESPONSE TO
## "VII.  STRICT PRODUCTS LIABILITY - FAILURE TO WARN"

19.     Denies each and every allegation contained in paragraph 19 of the Complaint.

20.     The allegations contained in paragraph 20 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 20 of the Complaint.

## RESPONSE TO
## "VIII.  MISREPRESENTATION AND FRAUD"

21.     Denies each and every allegation contained in paragraph 21 of the Complaint.

22.     Denies each and every allegation contained in paragraph 22 of the Complaint.

23.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 23 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 23 of the Complaint.

## RESPONSE TO
## "IX.  DAMAGES"

24.     Denies each and every allegation contained in paragraph 24 of the Complaint.

5

## RESPONSE TO
## "X. EXEMPLARY DAMAGES"

25.     Denies each and every allegation contained in paragraph 25 of the Complaint.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint, except admits that Plaintiff purports to seek punitive and exemplary damages, but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "XI. JURY TRIAL"

27.     The allegations contained in paragraph 27 of the Complaint are legal conclusions as to which no responsive pleading is required.

28.     The allegations contained in paragraph 28 of the Complaint constitute a prayer for relief as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 28 of the Complaint, except admits that Plaintiff purports to seek economic and other relief, but denies that there is any legal or factual basis for such relief.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

29.     The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

30.     The Plaintiff was careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiff.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

31.     To the extent that Plaintiff asserts claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

32.     To the extent that Plaintiff asserts claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

33.     The Plaintiff failed to exercise reasonable care to mitigate his alleged damages.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

34.     Each and every claim asserted or raised in the Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

35.     To the extent that Plaintiff asserts claims in the Complaint based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

36.    The claims of the Plaintiff are barred in whole or in part under comment k

to Section 402A of the Restatement (Second) of Torts.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

37.    The claims of the Plaintiff are barred in whole or in part under comment j

to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

38.    The claims of the Plaintiff are barred under Section 4, et seq., of the

Restatement (Third) of Torts: Products Liability.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

39.    The claims of the Plaintiff are barred in whole or in part because Vioxx

"provides net benefits for a class of patients" within the meaning of comment f to Section 6 of

the Restatement (Third) of Torts:  Products Liability.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

40.    The product conformed to the state-of-the-art for the design and

manufacture of such, or similar, products.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

41.    The claims of the Plaintiff are barred, in whole or in part, under the

applicable state law because Vioxx was subject to and received pre-market approval by the Food

and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

42.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

43.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

44.     To the extent that Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

45.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiff or natural course of conditions for which this Defendant is not responsible.

9

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

46.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiff or abuse of Vioxx.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

47.     The claims of Plaintiff are barred in whole or in part by the First Amendment of the Constitution of the United States of America and comparable state law provisions.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

48.     To the extent that Plaintiff relies upon any theory of breach of warranty, Plaintiff did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

49.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

50.     Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

10

**AS FOR A TWENTY-THIRD**
**DEFENSE, MERCK ALLEGES:**

51.    To the extent that Plaintiff seeks punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

**AS FOR A TWENTY-FOURTH**
**DEFENSE, MERCK ALLEGES:**

52.    To the extent Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

**AS FOR A TWENTY-FIFTH**
**DEFENSE, MERCK ALLEGES:**

53.    The demand for punitive damages by the Plaintiff is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

**AS FOR A TWENTY-SIXTH**
**DEFENSE, MERCK ALLEGES:**

54.    To the extent that Plaintiff asserts claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to his claims, Plaintiff has failed to allege facts that would overcome the defenses available under that state products liability law.

**AS FOR A TWENTY-SEVENTH**
**DEFENSE, MERCK ALLEGES:**

55.    The claims of Plaintiff are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

### AS FOR A TWENTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

56.     To the extent that Plaintiff asserts claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiff to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

### AS FOR A TWENTY-NINTH
### DEFENSE, MERCK ALLEGES:

57.     Merck demands a trial by jury of all issues.

### AS FOR A THIRTIETH
### DEFENSE, MERCK ALLEGES:

58.     Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

### AS FOR A THIRTY-FIRST
### DEFENSE, MERCK ALLEGES:

59.     Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

60.     To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

61.     To the extent Plaintiff makes a claim for punitive damages, Merck asserts that such Plaintiff has not complied with statutory requirements to recover punitive damages.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

62.     To the extent Plaintiff's claims invoke punitive damages, such claims violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a)     It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon a plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby

13

violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *See Pacific Mut. Life Ins. Co. v. Haslip*, 111 S. Ct. 1032, 113 L. Ed. 2d 1.

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(g)     The retroactive application of punitive damages violates the contracts clause of the United States Constitution, Article I, Section 10.

(h)     Plaintiff's claims for punitive damages violate the due process clause of Article I, Section 13 of the Constitution of Alabama, on the following grounds:

    (1)     It is a violation of the due process clause to impose punitive damages which are penal in nature, upon a civil defendant upon a plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt"

14

burden of proof required in criminal cases;

(2)     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against these defendants;

(3)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(4)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

(5)     The award of the punitive damages in this case constituted a deprivation of property without due process of law.

(i)     Plaintiff's attempt to impose punitive or extra-contractual damages on these defendants, on the basis of vicarious liability for the conduct of others, violates the Fifth and Fourteenth Amendments of the United States Constitution.

(j)     The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

(k)     The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

(l)     The award of punitive damages against these defendants in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

(m)     The procedures pursuant to which punitive damages are awarded are vague and unpredictable such that they violate the defendant's right to defend himself pursuant to Article I, Section 10 of the Constitution of Alabama.

(n)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Ala. Code, Section 27-1-17 (1975) in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Constitution of Alabama.

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

63.     Plaintiff's Complaint seeks to make Merck liable for punitive damages. The United States Supreme Court has reversed the Alabama Supreme Court in the case styled *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589 (1996) on the issue of punitive damages. Merck adopts by reference the defenses, criteria, limitations, and standards mandated by the United States Supreme Court decision in that case and in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), and any subsequent applicable decisions.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

64.     Any punitive damages that the Plaintiff may recover in this case should be capped in keeping with Alabama Code Section 6-11-21, as amended in 1999 (Act. No. 99-358) and in the spirit of the Alabama Supreme Court's decision in *Oliver v. Towns*, 738 So. 2d 798 (Ala. 1999).

16

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

65.     The demand for punitive damages in the instant case is subject to the limitations established by the Alabama legislature and set forth in Ala. Code § 6-11-21 (1975). Merck adopts by reference the defenses, criteria, limitations, and standards mandated by this Alabama statute.  The Alabama Supreme Court's action in abolishing the legislatively created cap on punitive damages was unconstitutional and is without effect.  Under the Constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through this judicial decision.  *See Honda Motor Co., Ltd. v. Oberg*, 512 U.S. 415, 114 S. Ct. 2331, 2340 n.9 (1994).

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

66.     The punitive damage cap set out in Ala. Code § 6-11-21 (1975) applies to the instant case. *See Horton Homes, Inc. v. Brooks*, 832 So. 2d 44 (Ala. 2001).

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

67.     Any punitive damages award is subject to limitation based on harm that has occurred and harm that is likely to occur. *See TXO Prod. Corp. v. Alliance Resources Corp.*, 113 S. Ct. 2711 (1993).

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

68.     The method of imposing punitive damages violates Amendment 328, Section 6.11 of the Constitution of Alabama, which prohibits the use of a procedural rule to abridge, enlarge, or modify the substantive right of any party. *See Leonard v. Terminix Int'l Co.*, 854 So. 2d 529 (Ala. 2002).

17

## AS FOR A FORTY-FIRST
## DEFENSE, MERCK ALLEGES:

69.     The imposition of punitive damages is an act of policy making on the part

of the judiciary, in violation of Article III, Section 43 of the Constitution of Alabama.

## AS FOR A FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

70.     Merck adopts the terms of any applicable legislative act or Alabama

Supreme Court decision which now or hereafter precludes punitive damages or limits the amount

of punitive damages that can be recovered in an action at law in Alabama.

## AS FOR A FORTY-THIRD
## DEFENSE, MERCK ALLEGES:

71.     To the extent that Plaintiff asserts claims based upon an alleged failure by

Merck to warn directly of alleged dangers associated with the use of Vioxx, such claims are

barred under the learned intermediary doctrine because Merck has discharged its duty to warn in

its warnings to the prescribing physician(s).

## AS FOR A FORTY-FOURTH
## DEFENSE, MERCK ALLEGES:

72.     There is no private right of action for a violation of Alabama Code

Sections 20-1-26 and 20-1-27.

## AS FOR A FORTY-FIFTH
## DEFENSE, MERCK ALLEGES:

73.     Merck denies that its product was misbranded within the meaning of

Alabama Code Sections 20-1-26 and 20-1-27.

## AS FOR A FORTY-SIXTH
## DEFENSE, MERCK ALLEGES:

74.     Plaintiff cannot recover for the claims asserted because Plaintiff has failed

to comply with the conditions precedent necessary to bring this action.

## AS FOR A FORTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

75.     By asserting a claim under the Alabama Deceptive Trade Practices Act,

Plaintiff has elected remedies under the Act and waived other rights and remedies available at

common law and by statute.

## AS FOR A FORTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

76.     To the extent this action purports to hold one defendant liable for the acts

of another, such violates the Due Process clause of the United States Constitution and the

Alabama Constitution.

## AS FOR A FORTY-NINTH
## DEFENSE, MERCK ALLEGES:

77.     If Plaintiff has sustained injuries or losses as alleged in the Complaint,

such injuries or losses were caused in whole or in part by the contributory negligence of the

allegedly injured Plaintiff.

## AS FOR A FIFTIETH
## DEFENSE, MERCK ALLEGES:

78.     Merck denies that Vioxx was unreasonably dangerous, defective, or that

Vioxx created any liability under the Alabama Extended Manufacturer's Liability Doctrine.

## AS FOR A FIFTY-FIRST
## DEFENSE, MERCK ALLEGES:

79.    Plaintiff's claims based on breach of warranty and negligence are subsumed by the Alabama Extended Manufacturer's Liability Doctrine.

## AS FOR A FIFTY-SECOND
## DEFENSE, MERCK ALLEGES:

80.    Merck pleads the general issue and denies that it was liable or responsible for any alleged damages to Plaintiff.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.    That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiff's Complaint with prejudice against Merck with costs assessed to Plaintiff;

2.    Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.    Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated: August ⎩ , 2006

Respectfully submitted,

*Melissa V. Beaugh*

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Melissa V. Beaugh, 28250
          Of
STANLEY,  FLANAGAN  &  REUTER,
L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Facsimile: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 581-3200
Facsimile: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has

been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or

by hand delivery and e-mail and upon all parties by electronically uploading the same to

LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the

foregoing was electronically filed with the Clerk of Court of the United States District Court for

the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of

Electronic Filing in accordance with the procedures established in MDL No. 1657, on this _____

day of August, 2006.

_____
Melissa V. Beaugh