UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|                                              |   |                    |
|----------------------------------------------|---|--------------------|
|                                              | : | MDL NO. 1657       |
| IN RE: VIOXX                                 | : |                    |
| PRODUCTS LIABILITY LITIGATION                | : | SECTION: L         |
|                                              | : |                    |
|                                              | : | JUDGE FALLON       |
|                                              | : | MAG. JUDGE KNOWLES |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. :

THIS DOCUMENT RELATES TO
  *Barnett v. Merck & Co., Inc.*, 06-485

The Defendant has filed a Motion for Order Excluding Testimony of Doug Zipes, M.D. (Rec. Doc. 5288). In the motion, the Defendant seeks to exclude Dr. Zipes from testifying about the following subjects: (1) his general causation opinions concerning atherosclerosis and those based on "improper" subgroup analysis; and (2) certain "irrelevant" and "unduly prejudicial" opinions.

As to the first issue, the Defendant contends that Dr. Zipes' opinions on whether Vioxx causes or accelerates atherosclerosis and his opinions based upon the subgroup analysis of the APPROVe data are scientifically unreliable. The Court disagrees and finds that Dr. Zipes' opinions, as a whole, are based on proper methodology and are scientifically reliable. Accordingly, the Defendant's motion is DENIED as to the first issue.

As to the second issue, the Defendant specifically seeks to exclude the following testimony: (1) Dr. Zipes' opinions on what the Defendant knew and what it should have done; (2)



Dr. Zipes' testimony regarding his meetings with other cardiologists; (3) Dr. Zipes' testimony regarding the Defendant's compliance with FDA regulations; (4) Dr. Zipes' testimony regarding Dr. Kronmal's report; and (5) Dr. Zipes' testimony about the Plaintiff's risk of a subsequent myocardial infarction.

As to the first sub-issue, the Court finds that Dr. Zipes may testify as to what was known in the relevant medical/scientific community based upon the literature and studies available at the time and, based on this knowledge, what the Defendant should have known regarding the risks associated with Vioxx. To the extent that Dr. Zipes attempts to go beyond this limit, the Defendant's motion is GRANTED.

As to the second sub-issue, Rule 703 of the Federal Rules of Evidence allows an expert to rely on materials perceived by him or made known to him at or before a hearing. If such materials are of a type reasonably relied upon by experts in a particular field, the witness may base his opinions on this material even if the materials are inadmissible. Of course, the inadmissible materials may not be disclosed to the jury. At present, the Court is unclear on the specific facts underlying this issue. To the extent that Dr. Zipes relied upon other cardiologist's opinions prior to and in reaching his own opinion, testimony regarding his reliance is permissible. To the extent that Dr. Zipes formulated his opinions and subsequently conferred with other cardiologists for support or to bolster his opinions, testimony regarding his conversations is impermissible. Accordingly, since the record is currently insufficient, the Court RESERVES RULING as to the second sub-issue.

As to the third sub-issue, since the Plaintiff did not oppose or even address the issue and it appears based in law and fact, the Defendant's motion is GRANTED.

As to the fourth sub-issue, Dr. Zipes may rely on Dr. Kronmal's report to the same extent that he can rely on any other expert's report. As such, the Defendant's motion is DENIED as to the fourth sub-issue.

As to the fifth sub-issue, there was a question as to whether another deposition of Dr. Zipes would be taken at which time the Defendant could cross-examine Dr. Zipes as to the substance of his opinion. The Court is presently unaware if this deposition was taken and if the Defendant was allowed to cross-examine Dr. Zipes as to this sub-issue. Therefore, the Court RESERVES RULING on this sub-issue until such time as it becomes aware of the relevant facts.

For the foregoing reasons, the Defendant's motion is GRANTED IN PART AND DENIED IN PART.

New Orleans, Louisiana, this 29th day of July, 2006.

UNITED STATES DISTRICT JUDGE