UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHARLES LARON MASON, | § § § | IN RE: VIOXX<br>PRODUCTS LIABILITY LITIGATION |
| Plaintiff, | § § § § § | MDL DOCKET NO. 1657<br>SECTION L |
| | § § § | JUDGE FALLON<br>MAGISTRATE JUDGE KNOWLES |
| v. | § § § | CIVIL ACTION NO. 06-2380 |
| MERCK & CO., INC., | § § | |
| Defendants. | § | JURY TRIAL DEMANDED |

## PLAINTIFF CHARLES LARON MASON'S MOTION TO COMPEL DISCOVERY RESPONSES OF MERCK & CO., INC. AND REQUEST FOR EXPEDITED HEARING

Plaintiff Charles Mason seeks an order from the Court compelling Merck to produce documents responsive to his case specific discovery requests or, at a minimum, require Merck to identify by Bates stamp numbers the documents from which the requested information may be ascertained.

### I.
### FACTS

Plaintiff served Merck with his First Set of Case Specific Discovery Requests for Production on June 7, 2006. Prior to serving these requests, Plaintiff's counsel spent several hours in the Merck document depository searching for the requested case specific documents. After being unable to locate these documents, Plaintiff's counsel prepared the subject discovery requests, making them as case specific as possible in order that responsive documents could be easily identified by Merck. Consequently, there are a large number of very specific requests as

opposed to a small number of broad requests. In an effort to minimize Merck's concern over the number of requests, and in view of the impending depositions of Plaintiff's prescribers, Plaintiff's counsel attempted to narrow the requests in order to ensure that certain documents would be produced prior to the depositions of those prescribers, Douglas Vogeler, M.D. and Karen Olson-Fields, which were scheduled to take place on July 26 and 27, 2006. *See* correspondence from Plaintiff's counsel to Merck's counsel dated July 7, 2006, attached as Exhibit A. Specifically, Plaintiff's counsel requested that the following:

1. All documents and materials provided to or used in detailing or otherwise communicating with Plaintiff's prescribers, Douglas Vogeler, M.D., and Karen Olson-Fields by Merck, Merck's sales representatives, employees and agents. This includes, but is not limited to all correspondence, PIRs, Cardiovascular Cards, "Obstacle Responses," electronic communications, handouts, pamphlets, programs, presentations, brochures, promotional materials in whatever form they exists, whether printed or electronic, and specifically includes all such materials provided or used with Douglas Vogeler and Karen Olson-Fields at any CME (Continuing Medical Education), lunch, dinner, meeting, lecture or program.

2. The play schedule for any and all Merck television advertisements and commercials played in and around Salt Lake City from 1999 to 2004 and true and correct copies of all such television advertisements/commercials.

3. The custodial files and computer call information of Merck's sales representatives who called on, detailed or otherwise communicated with Plaintiff's prescribers, Douglas Vogeler, M.D., and Karen Olson-Fields.

On July 13, 2006, Merck's counsel responded, indicating that many of the documents within these categories had already been produced, were in Plaintiff's possession, or accessible through the PSC, but that Merck was still in the process of determining whether additional documents exist. *See* correspondence from Merck's counsel to Plaintiff's counsel dated July 13, 2006, attached as Exhibit B.

On July 24, 2006, just a few days before the prescribers' depositions, Merck served its objections and responses to Plaintiff's requests. *See* Merck & Co., Inc.'s Responses and

2

Objections to Plaintiffs' First Set of Case Specific Requests for Production, attached as Exhibit 3. Merck produced two CDs containing the custodial files of two sales representatives whose depositions are scheduled to take place in the future. However, Merck asserted virtually identical objections to every request and repeatedly stated that documents containing information responsive to the requests have been produced by Merck in the federal Vioxx MDL. Despite Plaintiff's requests, Merck refuses to provide the Bates stamp ranges where the responsive documents can be located.

Trial in this matter is scheduled to begin on October 30, 2006. The deadline for all discovery is September 8, 2006.

## II.
### ARGUMENT

The Federal Rules of Civil Procedure allow the Court to compel complete discovery responses to Plaintiff's properly propounded discovery requests. FED.R.CIV.P. 37. Parties are required to produce requested documents as they are kept in the usual course of business *or* organize and label them to correspond with the categories in the request. FED.R.CIV.P. 34 (b). Courts have required parties to supplement their discovery responses and identify by Bates stamp number the documents from which the requested information may be ascertained. *See Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 618-619 (D. Kan. 2005) ("the easiest way for DJG to comply with the 'organize and label' requirement would be for DJG to identify, by the Bates Numbers the DJG lawyers have already stamped on the documents, which documents are responsive to each of the document requests, as Plaintiffs have requested"); *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 351, 365 (N.D. Ill. 2005) (defendant's discovery responses were inadequate where it referred plaintiffs generally to the entire document production); *In re Urethane Antitrust Litig.*, 2006 U.S. Dist. LEXIS 16848 *10 (D. Kan. 2006) (defendant was

3

ordered to identify by bates stamp number the documents containing transactional data that it previously produced).

Given the sheer volume of documents and number of cases involved in the Vioxx MDL, the Court has naturally developed a protocol governing the parties' document production. However, although Merck claims that case specific documents have been produced in accordance with that protocol, Plaintiff's counsel has been unable to locate the case specific documents despite a thorough search of the depository. Plaintiff has no way of determining whether the case specific documents have actually been produced by Merck. Because Merck's responses offer no guidance on the location of these documents, Plaintiff is no closer to obtaining the documents needed to prepare his case for trial. Plaintiff was already forced to participate in the depositions of Dr. Vogeler and Karen Olson-Fields without the benefit of the requested documents.

Merck is unwilling to provide the Bates ranges because of the time required to complete such a task and the precedent such an agreement would set in other Vioxx cases. However, the effort involved in reviewing the documents and identifying the case specific documents is not as great for Merck as it is for Plaintiff since Merck is more familiar with the documents. *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. at 366. Consequently, Merck will be more easily able to locate and identify by Bates stamp range the responsive documents than would Plaintiff.

There is still a significant amount of discovery to be conducted in this case, including multiple depositions. Without the requested documents, Plaintiff cannot adequately prepare for the depositions or trial. Although efforts have been made and continue to be made to resolve this issue without the Court's intervention, the parties have been unable to reach an agreement.

4

Given the number of upcoming discovery events in this case, Plaintiff requests an expedited hearing on this motion.

### III.

For the foregoing reasons, Plaintiff asks the Court to order Merck to produce, or identify by Bates stamp number, all documents responsive to Plaintiff's First Set of Case Specific Discovery Requests for Production.

Respectfully submitted,

Edward Blizzard (TBN 02495000)
Scott Nabers (TBN 14769250)
Rebecca Briggs King (TBN 24027110)
Holly M. Wheeler (TBN: 24006035)
BLIZZARD, MCCARTHY & NABERS, L.L.P.
440 Louisiana, Suite 1710
Houston, Texas 77002
(713) 844-3750
(713) 844-3755 (fax)

ATTORNEYS FOR PLAINTIFF
CHARLES LARON MASON

OF COUNSEL:

Ken Bailey
Texas Bar No.: 01543500
Bailey Perrin & Bailey, LLP
440 Louisiana, Suite 2100
Houston, Texas 77002
(713) 425-7249
(713) 425-7101 (fax)

5

| | |
|---|---|
| Andy D. Birchfield, Esq.<br>P. O. Box 4160<br>234 Commerce Street<br>Montgomery, AL 36103-4160<br>PH: (800) 8982034<br>FAX: (334) 954.7555 | Christopher Seeger, Esq.<br>One William Street<br>New York, NY 10004<br>PH: (212) 584-0700<br>FAX: (212) 584.0799 |
| Leonard Davis<br>Herman, Herman, Katz & Cotlar, LLP<br>201 St. Charles Avenue, Suite 4310<br>New Orleans, LA 70170<br>PH: (504) 581.4892<br>FAX: (504) 561.6024 | Russ M. Herman<br>Herman, Herman, Katz & Cotlar, LLP<br>201 St. Charles Avenue, Suite 4310<br>New Orleans, LA 70170<br>PH: (504) 581.4892<br>FAX: (504) 561.6024 |

**PLAINTIFFS' STEERING COMMITTEE**

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Notice of Hearing has been served on Liaison Counsel Phillip Wittman, and Carrie Jablonski by U.S. Mail, facsimile and/or e-mail; and e-mail upon all parties by electronically uploading the same to Lexis-Nexis File and Serve Advanced, in accordance with Pretrial Order No. 9, on this 28th day of July, 2006.

Phillip Wittman
Stone, Pigman Walther, Wittman, LLC
546 Carondelet Street
New Orleans, LA 70130-3588
Phone: (504) 581-3200
Fax: (504) 581-3361

Carrie Jablonski
Bartlit, Beck, Herman, Palechar & Scott
Courthouse Place
54 West Hubbard Street
Chicago, IL 60610
Phone: (312) 494-4400
Fax: (312) 494-4440

Richard Krumholtz
Fulbright & Jaworski
2200 Ross Avenue, Suite 2800
Dallas, TX 75201-2784
Phone: (214) 855-8000
Fax: (214) 855-8200

_____
Holly M. Wheeler