# BLIZZARD, McCARTHY & NABERS, L.L.P.

### ATTORNEYS AT LAW

LYRIC CENTRE BUILDING · 440 LOUISIANA, SUITE 1710
HOUSTON, TEXAS 77002-1689

Telephone: (713) 844-3750 · Fax: (713) 844-3755

Writer's Direct Phone:
Writer's Direct Fax:

July 7, 2006

VIA FACIMILE

## VIA ELECTRONIC MAIL
*Hard copy will follow via U.S. Mail*
Carrie A. Jablonski
Bartlit Beck Herman Palenchar & Scott
Courthouse Place
54 West Hubbard Street
Chicago, Illinois 60610

RE:  United States District Court Eastern District of Louisiana; In re: Vioxx Product
Liability Litigation; MDL Docket No. 1657; Section L; Judge Fallon; Civil
Action No. 06-0810 – *Charles Laron Mason v. Merck Co., Inc.*

Dear Carrie:

Per our prior discussions regarding the outstanding Requests for Production Plaintiff
served on Merck, I am attempting to narrow down the categories of documents that we view as
most imperative to have produced prior to the depositions currently scheduled in this case. We
have agreed to do this as you have indicated that you need more time to fully respond and locate
all of the materials requested in Plaintiff's Requests for Production. As such, we wish to
cooperate with you by identifying the documents we need urgently in order to get them well in
advance of the upcoming depositions and to avoid the necessity of filing a motion to shorten
time.

Please produce the following documents/materials as soon as possible:

1.  All documents and materials provided to or used in detailing or otherwise
communicating with Plaintiff's prescribers, Douglas Vogeler, M.D., and
Karen Olson-Fields by Merck, Merck's sales representatives, employees
and agents. This includes, but is not limited to all correspondence, PIRs,
Cardiovascular Cards, "Obstacle Responses," electronic communications,
handouts, pamphlets, programs, presentations, brochures, promotional
materials in whatever form they exists, whether printed or electronic, and
specifically includes all such materials provided or used with Douglas
Vogeler and Karen Olson-Fields at any CME (Continuing Medical
Education), lunch, dinner, meeting , lecture or program.



2.          The play schedule for any and all Merck television advertisements and
            commercials played in and around Salt Lake City from 1999 to 2004 and
            true and correct copies of all such television advertisements/commercials.

3.          The custodial files and computer call information of Merck's sales
            representatives who called on, detailed or otherwise communicated with
            Plaintiff's prescribers, Douglas Vogeler, M.D., and Karen Olson-Fields.

Please produce these documents/materials within ten (10) days from the date of this
letter, or before if at all possible. As I have stated before, I am happy to talk to you about this
further and also about the other outstanding Requests for Production. Please let me know about
the documents identified herein early next week, so we will know whether a motion to shorten
time is necessary.

Finally, as I mentioned yesterday, Scott Nabers is presently out of town. He may have
some additional documents we can identify for you that we will need on an expedited basis. Of
course, I will let you know as soon as possible.

Thank you in advance for your cooperation and attention to this matter. I look forward to
hearing from you. Have a wonderful weekend.

Kindest regards,

Blizzard, McCarthy & Nabers

Rebecca B. King

cc:   *Via electronic mail*
      Phillip Wittman
      Richard S. Krumholz

# BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
www.bartlit-beck.com

CHICAGO OFFICE
COURTHOUSE PLACE
54 WEST HUBBARD STREET
CHICAGO, IL 60610
TELEPHONE: (312) 494-4400
FACSIMILE: (312) 494-4440

DENVER OFFICE
1899 WYNKOOP STREET
8TH FLOOR
DENVER, CO 80202
TELEPHONE: (303) 592-3100
FACSIMILE: (303) 592-3140

WRITER'S DIRECT DIAL:
(312) 494-4451
carrie.jablonski@bartlit-beck.com

July 13, 2006

**VIA E-MAIL**

Rebecca B. King, Esq.
Blizzard, McCarthy & Nabers, L.L.P.
Lyric Centre Building
440 Louisiana, Suite 1710
Houston, Texas  77002

      Re:    *Mason v. Merck* (In re:  Vioxx)
            MDL docket No. 1657

Dear Rebecca:

      I write in response to your July 7 letter.  In that letter, you identified several categories of documents in an attempt to narrow the scope of the 239 discovery requests that Plaintiff served on Merck in *Mason*.  These 239 requests are extremely broad in scope, and we are doing our best to respond to Plaintiff's requests within the time frame provided by the Court.  However, most of these requests appear to be duplicative of discovery that Merck has already produced and it is taking some time to go through each request to identify where this is the case, and where additional responsive, non-objectionable documents might exist.

      With regard to the three categories you specifically identified in your letter, most of these documents have already been produced and should either already be in your possession, or accessible to you through the PSC.

      1.   Of the categories of documents you list relating to the prescribers, Merck has produced the vast majority, if not all, of these documents, either in the MPF or the universal productions.  Merck is still in the process of conducting an investigation to determine if additional responsive documents exist and those, if any, will be produced as soon as that investigation is complete.

      With regard to the materials provided directly to prescribers by Merck or used by Merck professional representatives during Vioxx-related calls on prescribers, such materials have been provided again either through the MPF process or as part of the universal productions. *See, e.g.,* Merck's Response to Request No. 37 of the Master Set of Requests for Production of Documents, among others.

      2. Likewise, as we have discussed, you already have access to all the advertising materials.  As noted in the responses to the MDL Master Set of Discovery, the advertising campaign was national in scope and not targeted by state.



Rebecca B. King, Esq.
Page 2

     3.  We have scheduled depositions per your request for Nancy Nielson and Jan Lawrence and on August 10 and 18, respectively.  We will be able to produce their custodial files on July 25.  That means that you will have the files well in advance of their depositions, and also prior to the depositions of the two prescribers in the case.  As we have discussed, should you feel additional representative depositions are necessary after conducting these two, we can work with you on scheduling (and the production of corresponding custodial files).

                        Sincerely,

                        Carrie A. Jablonski

cc:    Richard Krumholz

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Vioxx | MDL DOCKET NO. 1657 |
| PRODUCTS LIABILITY | |
| LITIGATION | Section L |
| | |
| THIS DOCUMENT RELATES TO: | Judge Fallon |
| CHARLES LARON MASON v. | Mag. Judge Knowles |
| MERCK & CO., INC. | |

## MERCK & CO., INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF CASE SPECIFIC REQUESTS FOR PRODUCTION

Merck & Co., Inc. ("Merck"), by its attorneys, responds and objects to Plaintiff's First Set of Case Specific Requests for Production (the "Requests") as follows:

### GENERAL OBJECTIONS

1.     Merck objects to the Requests to the extent they are vague, ambiguous, argumentative, duplicative, overly broad, unduly burdensome or oppressive, or seeks information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action. Merck further objects to the Requests to the extent they seek information or documents, or otherwise purport to impose obligations upon Merck, beyond those permitted by the Louisiana Rules of Civil Procedure and/or court orders entered in this case.

2.     Merck objects to the Requests to the extent they seek information or documents protected from discovery by the attorney-client privilege, the work product doctrine, or that are otherwise immune or protected from disclosure. Merck does not intend to waive any applicable protections or privileges through the supplying of information or production of documents in response to the Requests. On the contrary, Merck specifically intends to preserve any and all applicable protections or privileges.

3.     Inadvertent production of any document shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such document or any other document, or with respect to the subject matter thereof or the information contained therein; nor shall such inadvertent production waive Merck's right to demand that such documents be returned or to object to the use of the document or the information contained therein during this or any other proceeding.

4.     Merck objects to the Requests to the extent they seek information or documents generated in the course of the defense of this action or any other action regarding Vioxx®. Merck will not produce such information or documents.

5.     Merck objects to the Requests as overly broad and unduly burdensome to the extent that they call for the identification of "all" documents or "any and all" documents when all relevant facts can be obtained from fewer than "all" documents or "any and all" documents.



Merck objects to the Requests to the extent they seek documents other than those that can be located upon a search of files where such documents reasonably can be expected to be found. Merck does not consider as Vioxx documents and does not generally produce those documents that primarily relate to another Merck drug, that describe general Merck operating procedures and practices, or that are company-wide or divisional budgets, forecasts, departmental evaluations and documents setting forth departmental goals, human resource allocations, and the like, although the documents may have Vioxx references.

6.     Merck objects to the Requests as overly broad, unduly burdensome and oppressive, and as seeking information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent they seeks information or documents:

      a.    Pertaining to Merck products other than Vioxx (by whatever name it is known, including L-748,731 and MK-966), the product that plaintiff allegedly ingested (however, this objection does not apply to information about another drug that is necessary to understand something about Vioxx, such as where the other drug is being used as a comparator in a Vioxx study or to documents regarding a competing NSAID manufactured by another company or to documents that discuss NSAIDs generally); or

      b.    Pertaining to alleged adverse experiences associated with Vioxx other than those claimed; or

      c.    Pertaining to promotion or advertising other than what plaintiff or his prescribing physician claim to have relied upon.

Except where otherwise indicated, Merck will not produce such information or documents.

7.     Merck objects to the Requests to the extent they seek Merck's chemistry and manufacturing control information on the grounds that such information is highly confidential and proprietary, consists of trade secrets and is not relevant to the claims or defenses of any party or to the subject matter involved in this action. Merck will not produce such information.

8.     Merck objects to the Requests to the extent they seek any other confidential or proprietary information or trade secrets. Merck will only produce such other confidential or proprietary information or trade secrets, if relevant, subject to and in reliance on the protective order in this case (i.e., Pre-Trial Order No. 13), and in some cases, only with additional confidentiality protections. In accordance with this objection, Merck notes that for a limited number of high-level documents, such as Board and certain committee minutes, and for certain members of senior management, Merck redacts as irrelevant any information that is not Vioxx-specific.

9.     Merck objects to the Requests as overly broad and unduly burdensome to the extent they purport to seek information or documents without regard to a specific timeframe or date cut-off. The production of such information or documents shall be subject to and without waiver of any of the objections stated herein, and shall not be deemed to be an admission on the part of Merck that such information or documents are either relevant or admissible. Indeed,

2

Merck specifically notes that information or documents generated after plaintiff last ingested Vioxx are unlikely to be relevant or admissible at the trial of this matter.

10.     Merck objects to the Requests to the extent they call for information or documents relating to Merck's business or practices outside of the fifty United States and the District of Columbia, such as the sale, marketing, competitive landscape, or regulation of Vioxx in foreign countries, including regulatory submissions to foreign agencies. Except where otherwise indicated, Merck's responses will be limited to information and documents about its business or practices in the fifty United States and the District of Columbia. This objection does not include: (1) documents (other than submissions to foreign agencies and correspondence about those submissions) that contain Vioxx science or report on scientific studies, regardless of where in the world the studies were conducted; (2) documents concerning scientific presentations about Vioxx made at medical conferences held outside the United States, such as EULAR; (3) information about adverse experiences reported to have occurred outside the United States; or (4) foreign regulatory documents if Merck also submitted them to the FDA, such as the periodic safety update reports. Additionally, Merck will not redact foreign information relating to Vioxx from the documents it is producing, except where necessary to protect trade secrets or to preserve other objections.

11.     Merck objects to the Request to the extent it seeks personnel files, self-evaluations, evaluations by others, documents regarding promotions, financial disclosures or other information such as social security numbers, computer passwords, home telephone numbers and other private information, on the grounds that disclosure would invade the privacy rights of the individuals affected and are not relevant to the claims or defenses of any party or to the subject matter involved in this action. Merck will not produce such documents or information. Merck further objects to the Request to the extent that it purports to require Merck to disclose the identity of any individual who allegedly experienced an adverse reaction to Vioxx or who reported such a reaction on the ground that such disclosure would violate the patient or reporter's right to confidentiality under federal law. Pursuant to 21 C.F.R. §§ 312.130, 314.430(e) and 20.63(f), Merck will redact from any document produced in this litigation names and any information that would identify the person using the product and names and any information that would identify any third party involved with the report, such as a physician, hospital or other institution.

12.     Merck objects to the Requests to the extent they call for information or documents regarding adverse experiences allegedly caused by Vioxx. Pursuant to 21 C.F.R. §§ 312.32 and 314.80, Merck collects information on adverse experiences that are temporally associated with a patient's treatment with Vioxx and reports those adverse experiences to the FDA without regard to whether Vioxx causes such adverse experiences. The reporting of an adverse experience does not reflect a conclusion by Merck or the FDA that Vioxx caused or contributed to the experience.

13.     Merck objects to the Requests to the extent they purport to require Merck to provide a compilation, abstract, audit, and/or other document summary that does not currently exist.

14.     Merck objects to the Requests to the extent they call for information or documents that are unreasonably cumulative or duplicative; outside of Merck's possession, custody or

control; or obtainable from some other source that is more convenient, less burdensome or less expensive.

15.     Merck is responding to the Requests without waiving or intending to waive, but on the contrary, preserving and intending to preserve: (a) the right to object, on the grounds of competency, privilege, relevance, or materiality, or any other proper grounds, to the use of such documents or information for any purpose, in whole or in part, in any subsequent proceedings, in this action or in any other action; (b) the right to object on all grounds, at any time, to document requests, interrogatories, or other discovery procedures involving or relating to the subject of the Requests to which Merck has responded herein; and (c) the right at any time to revise, correct, add to or clarify any of the answers made herein.

16.     Merck reserves the right to supplement or correct these responses and to raise any additional objections deemed necessary and appropriate in light of the results of any further review.

## PRODUCTION OF DOCUMENTS

Subject to and in reliance on the protective order in this case, and in some cases, additional confidentiality protections, Merck will produce any responsive, non-objectionable documents on CD-ROMs, portable hard drive or other electronic format as ".tiff' images, together with an associated IPRO "load" file.  Merck reserves the right to seek reimbursement for costs associated with the production of documents.

The documents Merck is producing from an individual's files consist of those non-objectionable Vioxx documents located upon a search of that individual's (1) paper files likely to contain Vioxx documents, (2) e-mail, and (3) electronic documents from the individual's desktop computers and network "home" drives, but not other shared drives or databases to which the individual may have access.  With respect to categories (2) and (3), Merck has collected electronic documents from the individual's files or folders reasonably believed to contain Vioxx documents and those electronic documents from the individual's other files or folders found in a search designed to select Vioxx documents.  Merck collects and converts to .tiff format electronic documents in any of over 490 file types of graphics, PDF, presentation, projects, spreadsheet, text, web page, and word processing documents.  These include the most common file types, such as Adobe Acrobat and Microsoft Word, Excel, and PowerPoint files as well as many lesser-known file types.  However, Merck cannot convert to .tiff format certain electronic file types such as database files, including Microsoft Access and certain SAS files, and Merck has not collected them.  Merck excludes from production or redacts certain categories of documents as outside the scope of permissible discovery as described in its general and specific objections.

Merck also redacts information generated by an automatically updating field, such as an auto-date, because the information that would appear on the printed page is unrelated to anything the owner of the document would have ever seen.

## RESPONSE TO INDIVIDUAL REQUESTS

Merck incorporates its General Objections in the response that follows. Any specific objections set forth in the response are in addition to those objections and, unless otherwise specified, Merck's response is limited in accordance with each of its objections. To the extent that Merck offers to produce confidential information or documents, Merck will only do so subject to and in reliance on the protective order in this case.

## REQUEST FOR PRODUCTION NO. 1:

**True and correct copies of the VIO8302 PIR letter sent to Karen Olson as referenced on the 3-8-00 call note by Jan Lawrence.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Subject to and without waiving its objections, Merck states that a copy of the referenced letter has been produced in connection with the Merck Profile Form provided to Plaintiff in this case. Further responding, Merck respectfully refers Plaintiff to Merck's previous production of responses to Professional Information Requests ("PIRs") regarding Vioxx.

## REQUEST FOR PRODUCTION NO. 2:

**True and correct copies of the VIO8107 PIR letter sent to Karen Olson as referenced on the 10-17-01 call note by Jan Lawrence.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Subject to and without waiving its objections, Merck states that a copy of the referenced letter has been produced in connection with the Merck Profile Form provided to Plaintiff in this case. Further responding, Merck respectfully refers Plaintiff to Merck's previous production of responses to Professional Information Requests ("PIRs") regarding Vioxx.

## REQUEST FOR PRODUCTION NO. 3:

**True and correct copies of the documents, letters, electronic communication and/or any information sent to Karen Olson as referenced on the 3-8-00 call note by Jan Lawrence.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "information sent to." Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents or information not relating to Vioxx. Subject to and without waiving its objections, Merck states that responsive, non-objectionable documents, if any, from the custodial file of Jan Lawrence have been or will be produced to Plaintiffs in this case. Further responding, Merck states that certain information responsive to this Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-specific data from Merck's Field Activity Customer Tracking System ("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such information. Further responding, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, *In re: Vioxx Products Liability Litigation*, E.D. La., MDL Docket No. 1657 (the "MDL"), of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to professional promotional materials for Vioxx; and patient product information and copies of the cartons for Vioxx.

**REQUEST FOR PRODUCTION NO. 4:**

      **True and correct copies of all handouts, documents, pamphlets and printed information used at the 1-22-04 "Management of Acute Pain in Adults" lecture attended by Douglas Vogeler.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "information used at." Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents or information not relating to Vioxx. Subject to and without waiving its objections, Merck states that the subject matter of this Request is the subject of ongoing, good-faith negotiations among counsel and Merck will respond further as appropriate in accordance with the outcome of such negotiations. Further responding, Merck states that certain information responsive to this Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-specific data from Merck's Field Activity Customer Tracking System ("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such information. Further responding, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to professional promotional materials for Vioxx; prescribing information, patient product information and copies of the cartons for Vioxx; and extracts of Vioxx-related information from the IMED/MESA database.

**REQUEST FOR PRODUCTION NO. 5:**

**True and correct copies of all handouts, documents, pamphlets and printed information used at the 5-11-00 "Case Studies in the Management of Osteoarthritis" forum attended by Douglas Vogeler.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "information used at." Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents or information not relating to Vioxx. Subject to and without waiving its objections, Merck states that the subject matter of this Request is the subject of ongoing, good-faith negotiations among counsel and Merck will respond further as appropriate in accordance with the outcome of such negotiations. Further responding, Merck states that certain information responsive to this Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-specific data from Merck's Field Activity Customer Tracking System ("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such information. Further responding, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to professional promotional materials for Vioxx; prescribing information, patient product information and copies of the cartons for Vioxx; and extracts of Vioxx-related information from the IMED/MESA database.

**REQUEST FOR PRODUCTION NO. 6:**

**True and correct copies of all handouts, documents, pamphlets and printed information used at the 4-26-01 "Managing Osteoarthritis" lecture attended by Douglas Vogeler.**

8

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "information used at." Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents or information not relating to Vioxx. Subject to and without waiving its objections, Merck states that the subject matter of this Request is the subject of ongoing, good-faith negotiations among counsel and Merck will respond further as appropriate in accordance with the outcome of such negotiations. Further responding, Merck states that certain information responsive to this Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-specific data from Merck's Field Activity Customer Tracking System ("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such information. Further responding, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to professional promotional materials for Vioxx; prescribing information, patient product information and copies of the cartons for Vioxx; and extracts of Vioxx-related information from the IMED/MESA database.

**REQUEST FOR PRODUCTION NO. 7:**

**True end correct copies of all handouts, documents, pamphlets and printed information used at the 3-1-01 "Managing Osteoarthritis" lecture attended by Douglas Vogeler.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "information used at." Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents or information not relating to Vioxx. Subject to and without waiving its objections, Merck states that the subject matter of this Request is the subject of ongoing, good-faith negotiations among counsel and Merck will respond further as appropriate in accordance with the outcome of such negotiations. Further responding, Merck states that certain information responsive to this Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-specific data from Merck's Field Activity Customer Tracking System ("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such information. Further responding, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to professional promotional materials for Vioxx; prescribing information, patient product information and copies of the cartons for Vioxx; and extracts of Vioxx-related information from the IMED/MESA database.

**REQUEST FOR PRODUCTION NO. 8:**

> **True and correct copies of all handouts, documents, pamphlets and printed information used at the 8-20-01 Lunch and Learn attended by Douglas Vogeler.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "information used at." Merck objects further to this Request on the

grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of

any party or to the subject matter involved in this action to the extent it seeks documents or

information not relating to Vioxx. Subject to and without waiving its objections, Merck states

that the subject matter of this Request is the subject of ongoing, good-faith negotiations among

counsel and Merck will respond further as appropriate in accordance with the outcome of such

negotiations. Further responding, Merck states that certain information responsive to this

Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case,

or the production of case-specific data from Merck's Field Activity Customer Tracking System

("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such

information. Further responding, Merck states that documents containing information responsive

to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case

is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access,

for such documents, including but not limited to professional promotional materials for Vioxx;

prescribing information, patient product information and copies of the cartons for Vioxx; and

extracts of Vioxx-related information from the IMED/MESA database.

### REQUEST FOR PRODUCTION NO. 9:

**True and correct copies of all handouts, documents, pamphlets and printed
information used at the 9-28-01 Lunch and team attended by Douglas Vogeler.**

### RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the phrase "information used at." Merck objects further to this Request on the

grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of

any party or to the subject matter involved in this action to the extent it seeks documents or

information not relating to Vioxx. Subject to and without waiving its objections, Merck states

that the subject matter of this Request is the subject of ongoing, good-faith negotiations among counsel and Merck will respond further as appropriate in accordance with the outcome of such negotiations.  Further responding, Merck states that certain information responsive to this Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-specific data from Merck's Field Activity Customer Tracking System ("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such information.  Further responding, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to professional promotional materials for Vioxx; prescribing information, patient product information and copies of the cartons for Vioxx; and extracts of Vioxx-related information from the IMED/MESA database.

### REQUEST FOR PRODUCTION NO. 10:

**Taste and correct copies of all handouts, documents, pamphlets and printed information used at the 7-6-00 "Managing Osteoarthritis" lecture attended by Douglas Vogeler.**

### RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "information used at."  Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents or information not relating to Vioxx.  Subject to and without waiving its objections, Merck states that the subject matter of this Request is the subject of ongoing, good-faith negotiations among counsel and Merck will respond further as appropriate in accordance with the outcome of such

negotiations.  Further responding, Merck states that certain information responsive to this

Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case,

or the production of case-specific data from Merck's Field Activity Customer Tracking System

("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such

information.  Further responding, Merck states that documents containing information responsive

to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case

is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access,

for such documents, including but not limited to professional promotional materials for Vioxx;

prescribing information, patient product information and copies of the cartons for Vioxx; and

extracts of Vioxx-related information from the IMED/MESA database.

## REQUEST FOR PRODUCTION NO. 11:

**True and correct copies of all handouts, documents, pamphlets and printed
information used at the 11-16-00 "Advances in the Management of Sports Injuries" forum
attended by Douglas Vogeler.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the phrase "information used at."  Merck objects further to this Request on the

grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of

any party or to the subject matter involved in this action to the extent it seeks documents or

information not relating to Vioxx.  Subject to and without waiving its objections, Merck states

that the subject matter of this Request is the subject of ongoing, good-faith negotiations among

counsel and Merck will respond further as appropriate in accordance with the outcome of such

negotiations.  Further responding, Merck states that certain information responsive to this

Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case,

or the production of case-specific data from Merck's Field Activity Customer Tracking System

("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such

information.  Further responding, Merck states that documents containing information responsive

to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case

is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access,

for such documents, including but not limited to professional promotional materials for Vioxx;

prescribing information, patient product information and copies of the cartons for Vioxx; and

extracts of Vioxx-related information from the IMED/MESA database.

**REQUEST FOR PRODUCTION NO. 12:**

**True and correct copies of all handouts, documents, pamphlets and printed information used at the 10-25-01 "Therapeutic Options in Managing High-Risk Patients with OA and Acute Pain" lecture attended by Douglas Vogeler.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the phrase "information used at."  Merck objects further to this Request on the

grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of

any party or to the subject matter involved in this action to the extent it seeks documents or

information not relating to Vioxx.  Subject to and without waiving its objections, Merck states

that the subject matter of this Request is the subject of ongoing, good-faith negotiations among

counsel and Merck will respond further as appropriate in accordance with the outcome of such

negotiations.  Further responding, Merck states that certain information responsive to this

Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case,

or the production of case-specific data from Merck's Field Activity Customer Tracking System

("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such

information. Further responding, Merck states that documents containing information responsive

to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case

is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access,

for such documents, including but not limited to professional promotional materials for Vioxx;

prescribing information, patient product information and copies of the cartons for Vioxx; and

extracts of Vioxx-related information from the IMED/MESA database.

## REQUEST FOR PRODUCTION NO. 13:

**True and correct copies of all handouts, documents, pamphlets and printed
information used at the 7-26-00 "Case Studies in the Management of Osteoarthritis"
format attended by Douglas Vogeler.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the phrase "information used at." Merck objects further to this Request on the

grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of

any party or to the subject matter involved in this action to the extent it seeks documents or

information not relating to Vioxx. Subject to and without waiving its objections, Merck states

that the subject matter of this Request is the subject of ongoing, good-faith negotiations among

counsel and Merck will respond further as appropriate in accordance with the outcome of such

negotiations. Further responding, Merck states that certain information responsive to this

Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case,

or the production of case-specific data from Merck's Field Activity Customer Tracking System

("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such

information. Further responding, Merck states that documents containing information responsive

to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case

is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access,

for such documents, including but not limited to professional promotional materials for Vioxx;

prescribing information, patient product information and copies of the cartons for Vioxx; and

extracts of Vioxx-related information from the IMED/MESA database.

### REQUEST FOR PRODUCTION NO. 14:

**True and correct copies of all handouts, documents, pamphlets and printed
information used at the 1-4-01 "Case Studies in the Management of Osteoarthritis" forum
attended by Douglas Vogeler.**

### RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the phrase "information used at." Merck objects further to this Request on the

grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of

any party or to the subject matter involved in this action to the extent it seeks documents or

information not relating to Vioxx. Subject to and without waiving its objections, Merck states

that the subject matter of this Request is the subject of ongoing, good-faith negotiations among

counsel and Merck will respond further as appropriate in accordance with the outcome of such

negotiations. Further responding, Merck states that certain information responsive to this

Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case,

or the production of case-specific data from Merck's Field Activity Customer Tracking System

("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such

information. Further responding, Merck states that documents containing information responsive

to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case

is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access,

for such documents, including but not limited to professional promotional materials for Vioxx;

prescribing information, patient product information and copies of the cartons for Vioxx; and

extracts of Vioxx-related information from the IMED/MESA database.

**REQUEST FOR PRODUCTION NO. 15:**

      **True and correct copies of all handouts, documents, pamphlets and printed information used at the 8-22-01 Lunch and Learn attended by Douglas Vogeler.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

      Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the phrase "information used at." Merck objects further to this Request on the

grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of

any party or to the subject matter involved in this action to the extent it seeks documents or

information not relating to Vioxx. Subject to and without waiving its objections, Merck states

that the subject matter of this Request is the subject of ongoing, good-faith negotiations among

counsel and Merck will respond further as appropriate in accordance with the outcome of such

negotiations. Further responding, Merck states that certain information responsive to this

Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case,

or the production of case-specific data from Merck's Field Activity Customer Tracking System

("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such

information. Further responding, Merck states that documents containing information responsive

to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case

is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access,

for such documents, including but not limited to professional promotional materials for Vioxx;

prescribing information, patient product information and copies of the cartons for Vioxx; and

extracts of Vioxx-related information from the IMED/MESA database.

**REQUEST FOR PRODUCTION NO. 16:**

True and correct copies of all handouts, documents, pamphlets and printed information used at the 6-4-01 Lunch and Learn attended by Douglas Vogeler.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "information used at." Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents or information not relating to Vioxx. Subject to and without waiving its objections, Merck states that the subject matter of this Request is the subject of ongoing, good-faith negotiations among counsel and Merck will respond further as appropriate in accordance with the outcome of such negotiations. Further responding, Merck states that certain information responsive to this Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-specific data from Merck's Field Activity Customer Tracking System ("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such information. Further responding, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to professional promotional materials for Vioxx; prescribing information, patient product information and copies of the cartons for Vioxx; and extracts of Vioxx-related information from the IMED/MESA database.

**REQUEST FOR PRODUCTION NO. 17:**

True and correct copies of all handouts, documents, pamphlets and printed information used at the 3-12-03 "Managing Surgical Pain Following Orthopedic Surgery" lecture attended by Douglas Vogeler.

18

## RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "information used at." Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents or information not relating to Vioxx. Subject to and without waiving its objections, Merck states that the subject matter of this Request is the subject of ongoing, good-faith negotiations among counsel and Merck will respond further as appropriate in accordance with the outcome of such negotiations. Further responding, Merck states that certain information responsive to this Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-specific data from Merck's Field Activity Customer Tracking System ("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such information. Further responding, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to professional promotional materials for Vioxx; prescribing information, patient product information and copies of the cartons for Vioxx; and extracts of Vioxx-related information from the IMED/MESA database.

## REQUEST FOR PRODUCTION NO. 18:

**True and correct copies of all handouts, documents, pamphlets and printed information used at the 1-22-04[sic] attended by Douglas Vogeler.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "information used at." Merck objects further to this Request on the

19

grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents or information not relating to Vioxx. Subject to and without waiving its objections, Merck states that the subject matter of this Request is the subject of ongoing, good-faith negotiations among counsel and Merck will respond further as appropriate in accordance with the outcome of such negotiations. Further responding, Merck states that certain information responsive to this Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-specific data from Merck's Field Activity Customer Tracking System ("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such information. Further responding, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to professional promotional materials for Vioxx ; prescribing information, patient product information and copies of the cartons for Vioxx; and extracts of Vioxx-related information from the IMED/MESA database.

## REQUEST FOR PRODUCTION NO. 19:

**True and correct copies of all handouts, documents, pamphlets and printed information used at the 5-11-00 "Case Studies in the Management of Osteoarthritis" forum attended by Karen Olson.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "information used at." Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents or

information not relating to Vioxx. Subject to and without waiving its objections, Merck states

that the subject matter of this Request is the subject of ongoing, good-faith negotiations among

counsel and Merck will respond further as appropriate in accordance with the outcome of such

negotiations. Further responding, Merck states that certain information responsive to this

Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case,

or the production of case-specific data from Merck's Field Activity Customer Tracking System

("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such

information. Further responding, Merck states that documents containing information responsive

to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case

is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access,

for such documents, including but not limited to professional promotional materials for Vioxx;

prescribing information, patient product information and copies of the cartons for Vioxx; and

extracts of Vioxx-related information from the IMED/MESA database.

## REQUEST FOR PRODUCTION NO. 20:

**True and correct copies of all handouts, documents, pamphlets and printed information used at the 4-26-01 "Managing Osteoarthritis" lecture attended by Karen Olson.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the phrase "information used at." Merck objects further to this Request on the

grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of

any party or to the subject matter involved in this action to the extent it seeks documents or

information not relating to Vioxx. Subject to and without waiving its objections, Merck states

that the subject matter of this Request is the subject of ongoing, good-faith negotiations among

counsel and Merck will respond further as appropriate in accordance with the outcome of such

negotiations.  Further responding, Merck states that certain information responsive to this

Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case,

or the production of case-specific data from Merck's Field Activity Customer Tracking System

("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such

information.  Further responding, Merck states that documents containing information responsive

to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case

is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access,

for such documents, including but not limited to professional promotional materials for Vioxx;

prescribing information, patient product information and copies of the cartons for Vioxx; and

extracts of Vioxx-related information from the IMED/MESA database.

## REQUEST FOR PRODUCTION NO. 21:

**True and correct copies of all handouts, documents, pamphlets and printed
information used at the 8-20-01 Lunch and Learn attended by Karen Olson.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the phrase "information used at."  Merck objects further to this Request on the

grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of

any party or to the subject matter involved in this action to the extent it seeks documents or

information not relating to Vioxx.  Subject to and without waiving its objections, Merck states

that the subject matter of this Request is the subject of ongoing, good-faith negotiations among

counsel and Merck will respond further as appropriate in accordance with the outcome of such

negotiations.  Further responding, Merck states that certain information responsive to this

Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case,

or the production of case-specific data from Merck's Field Activity Customer Tracking System

("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such

information. Further responding, Merck states that documents containing information responsive

to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case

is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access,

for such documents, including but not limited to professional promotional materials for Vioxx;

prescribing information, patient product information and copies of the cartons for Vioxx; and

extracts of Vioxx-related information from the IMED/MESA database.

## REQUEST FOR PRODUCTION NO. 22:

**True and correct copies of all handout, documents, pamphlets and printed
information used at the 9-28-01 Lunch and Learn attended by Karen Olson.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the phrase "information used at." Merck objects further to this Request on the

grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of

any party or to the subject matter involved in this action to the extent it seeks documents or

information not relating to Vioxx. Subject to and without waiving its objections, Merck states

that the subject matter of this Request is the subject of ongoing, good-faith negotiations among

counsel and Merck will respond further as appropriate in accordance with the outcome of such

negotiations. Further responding, Merck states that certain information responsive to this

Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case,

or the production of case-specific data from Merck's Field Activity Customer Tracking System

("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such

information. Further responding, Merck states that documents containing information responsive

23

to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case

is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access,

for such documents, including but not limited to professional promotional materials for Vioxx;

prescribing information, patient product information and copies of the cartons for Vioxx; and

extracts of Vioxx-related information from the IMED/MESA database.

**REQUEST FOR PRODUCTION NO. 23:**

**True and correct copies of all handouts, documents, pamphlets and printed information used at the 7-26-00 "Case Studies in the Management of Osteoarthritis" forum attended by Karen Olson.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the phrase "information used at." Merck objects further to this Request on the

grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of

any party or to the subject matter involved in this action to the extent it seeks documents or

information not relating to Vioxx. Subject to and without waiving its objections, Merck states

that the subject matter of this Request is the subject of ongoing, good-faith negotiations among

counsel and Merck will respond further as appropriate in accordance with the outcome of such

negotiations. Further responding, Merck states that certain information responsive to this

Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case,

or the production of case-specific data from Merck's Field Activity Customer Tracking System

("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such

information. Further responding, Merck states that documents containing information responsive

to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case

is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access,

for such documents, including but not limited to professional promotional materials for Vioxx;

prescribing information, patient product information and copies of the cartons for Vioxx; and

extracts of Vioxx-related information from the IMED/MESA database.

## REQUEST FOR PRODUCTION NO. 24:

**True and correct copies of all handouts, documents, pamphlets and printed
information used at the 6-28-00 "Advances in the Management of Sports Injuries" forum
attended by Karen Olson.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the phrase "information used at." Merck objects further to this Request on the

grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of

any party or to the subject matter involved in this action to the extent it seeks documents or

information not relating to Vioxx. Subject to and without waiving its objections, Merck states

that the subject matter of this Request is the subject of ongoing, good-faith negotiations among

counsel and Merck will respond further as appropriate in accordance with the outcome of such

negotiations. Further responding, Merck states that certain information responsive to this

Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case,

or the production of case-specific data from Merck's Field Activity Customer Tracking System

("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such

information. Further responding, Merck states that documents containing information responsive

to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case

is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access,

for such documents, including but not limited to professional promotional materials for Vioxx;

prescribing information, patient product information and copies of the cartons for Vioxx; and

extracts of Vioxx-related information from the IMED/MESA database.

## REQUEST FOR PRODUCTION NO. 25:

**True and correct copies of all handouts, documents, pamphlets and printed
information used at the 1-4-01 "Case Studies in the Management of Osteoarthritis" forum
attended by Karen Olson.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the phrase "information used at." Merck objects further to this Request on the

grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of

any party or to the subject matter involved in this action to the extent it seeks documents or

information not relating to Vioxx. Subject to and without waiving its objections, Merck states

that the subject matter of this Request is the subject of ongoing, good-faith negotiations among

counsel and Merck will respond further as appropriate in accordance with the outcome of such

negotiations. Further responding, Merck states that certain information responsive to this

Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case,

or the production of case-specific data from Merck's Field Activity Customer Tracking System

("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such

information. Further responding, Merck states that documents containing information responsive

to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case

is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access,

for such documents, including but not limited to professional promotional materials for Vioxx;

prescribing information, patient product information and copies of the cartons for Vioxx; and

extracts of Vioxx-related information from the IMED/MESA database.

**REQUEST FOR PRODUCTION NO. 26:**

   **True and correct copies of all handouts, documents, pamphlets and printed information used at the 8-22-01 Lunch and Learn attended by Karen Olson.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

   Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "information used at." Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents or information not relating to Vioxx. Subject to and without waiving its objections, Merck states that the subject matter of this Request is the subject of ongoing, good-faith negotiations among counsel and Merck will respond further as appropriate in accordance with the outcome of such negotiations. Further responding, Merck states that certain information responsive to this Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-specific data from Merck's Field Activity Customer Tracking System ("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such information. Further responding, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to professional promotional materials for Vioxx; prescribing information, patient product information and copies of the cartons for Vioxx; and extracts of Vioxx-related information from the IMED/MESA database.

**REQUEST FOR PRODUCTION NO. 27:**

   **True and correct copies of all handouts, documents, pamphlets and printed information used at the 6-4-01 Lunch and Learn attended by Karen Olson.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the phrase "information used at." Merck objects further to this Request on the

grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of

any party or to the subject matter involved in this action to the extent it seeks documents or

information not relating to Vioxx. Subject to and without waiving its objections, Merck states

that the subject matter of this Request is the subject of ongoing, good-faith negotiations among

counsel and Merck will respond further as appropriate in accordance with the outcome of such

negotiations. Further responding, Merck states that certain information responsive to this

Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case,

or the production of case-specific data from Merck's Field Activity Customer Tracking System

("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such

information. Further responding, Merck states that documents containing information responsive

to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case

is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access,

for such documents, including but not limited to professional promotional materials for Vioxx;

prescribing information, patient product information and copies of the cartons for Vioxx; and

extracts of Vioxx-related information from the IMED/MESA database.

**REQUEST FOR PRODUCTION NO. 28:**

**True and correct copies of all handouts, documents, pamphlets and printed
information used at the 3-12-03 "Managing Surgical Pain Following Orthopedic Surgery"
lecture attended by Karen Olson.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "information used at." Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents or information not relating to Vioxx. Subject to and without waiving its objections, Merck states that the subject matter of this Request is the subject of ongoing, good-faith negotiations among counsel and Merck will respond further as appropriate in accordance with the outcome of such negotiations. Further responding, Merck states that certain information responsive to this Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-specific data from Merck's Field Activity Customer Tracking System ("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such information. Further responding, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to professional promotional materials for Vioxx; prescribing information, patient product information and copies of the cartons for Vioxx; and extracts of Vioxx-related information from the IMED/MESA database.

**REQUEST FOR PRODUCTION NO. 29:**

**True and correct copies of all handouts, documents, pamphlets and printed information used at the 4-25-00 "Case Studies in the Management of Osteoarthritis" forum attended by Karen Olson.**

29

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "information used at." Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents or information not relating to Vioxx. Subject to and without waiving its objections, Merck states that the subject matter of this Request is the subject of ongoing, good-faith negotiations among counsel and Merck will respond further as appropriate in accordance with the outcome of such negotiations. Further responding, Merck states that certain information responsive to this Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-specific data from Merck's Field Activity Customer Tracking System ("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such information. Further responding, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to professional promotional materials for Vioxx; prescribing information, patient product information and copies of the cartons for Vioxx; and extracts of Vioxx-related information from the IMED/MESA database.

**REQUEST FOR PRODUCTION NO. 30:**

**True and correct copies of all handouts, documents, pamphlets and printed information used at the 3-12-03 MEDED program lecture by Dr. Arthur Lipman at the New Yorker restaurant in Salt Lake City attended by Douglas Vogeler and Karen Olson.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "information used at" and the term "MEDED." Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents or information not relating to Vioxx. Subject to and without waiving its objections, Merck states that the subject matter of this Request is the subject of ongoing, good-faith negotiations among counsel and Merck will respond further as appropriate in accordance with the outcome of such negotiations. Further responding, Merck states that certain information responsive to this Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-specific data from Merck's Field Activity Customer Tracking System ("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such information. Further responding, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to professional promotional materials for Vioxx; prescribing information, patient product information and copies of the cartons for Vioxx; and extracts of Vioxx-related information from the IMED/MESA database.

**REQUEST FOR PRODUCTION NO. 31:**

**True and correct copies of all handouts, documents, pamphlets and printed information used at the 1-22-04 MEDED lecture by Dr. Kyle Matsumura at Rivers restaurant in Salt Lake City attended by Douglas Vogeler and Karen Olson.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "information used at" and the term "MEDED." Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents or information not relating to Vioxx. Subject to and without waiving its objections, Merck states that the subject matter of this Request is the subject of ongoing, good-faith negotiations among counsel and Merck will respond further as appropriate in accordance with the outcome of such negotiations. Further responding, Merck states that certain information responsive to this Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-specific data from Merck's Field Activity Customer Tracking System ("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such information. Further responding, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to professional promotional materials for Vioxx; prescribing information, patient product information and copies of the cartons for Vioxx; and extracts of Vioxx-related information from the IMED/MESA database.

**REQUEST FOR PRODUCTION NO. 32:**

**True and correct copies of all handouts, documents, pamphlets and printed information given to Douglas Vogeler at or through the MEDED programs.**

32

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "information used at" and the term "MEDED." Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 33:**

**True and correct copies of all handouts, documents, pamphlets and printed information given to Karen Olson at or through the MEDED programs.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "information used at" and the term "MEDED." Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 34:**

**True and correct copies of all handouts, documents, pamphlets and printed information used at the Sharon Anderson program attended by Karen Olson as referenced in the 3-8-00 and 3-16-00 call notes.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrases "information used at" and "Sharon Anderson program." Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents or information not relating to Vioxx. Subject to and without

waiving its objections, Merck states that the subject matter of this Request is the subject of

ongoing, good-faith negotiations among counsel and Merck will respond further as appropriate

in accordance with the outcome of such negotiations.  Further responding, Merck states that

certain information responsive to this Request may be included in the Merck Profile Form

("MPF") provided to Plaintiff in this case, or the production of case-specific data from Merck's

Field Activity Customer Tracking System ("FACTS") database, and Merck respectfully refers

Plaintiff to those productions for such information.  Further responding, Merck states that

documents containing information responsive to this Request have been produced by Merck in

the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to

that production, to which Plaintiff has access, for such documents, including but not limited to

professional promotional materials for Vioxx; prescribing information, patient product

information and copies of the cartons for Vioxx; and extracts of Vioxx-related information from

the IMED/MESA database.

## REQUEST FOR PRODUCTION NO. 35:

**True and correct copies of the PIR sent to Karen Olson as referenced on the 3-9-00
call note by Jan Lawrence.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 35:

Subject to and without waiving its objections, Merck states that a copy of the referenced

letter has been produced in connection with the Merck Profile Form provided to Plaintiff in this

case.  Further responding, Merck respectfully refers Plaintiff to Merck's previous production of

responses to Professional Information Requests ("PIRs") regarding Vioxx.

## REQUEST FOR PRODUCTION NO. 36:

**True and correct copies of the PIR sent to Karen Olson as referenced on the 3-16-00
call note by Jan Lawrence.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

      Subject to and without waiving its objections, Merck states that a copy of the referenced

letter has been produced in connection with the Merck Profile Form provided to Plaintiff in this

case. Further responding, Merck respectfully refers Plaintiff to Merck's previous production of

responses to Professional Information Requests ("PIRs") regarding Vioxx.

**REQUEST FOR PRODUCTION NO. 37:**

      **True and correct copies of all handouts, documents, pamphlets and printed
information used at the Rivers program attended by Karen Olson as referenced on the 4-5-
00 call note by Jan Lawrence.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

      Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the phrases "information used at" and "Rivers program." Merck objects further

to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the

claims or defenses of any party or to the subject matter involved in this action to the extent it

seeks documents or information not relating to Vioxx. Subject to and without waiving its

objections, Merck states that responsive, non-objectionable documents, if any, from the custodial

file of Jan Lawrence have been or will be produced to Plaintiffs in this case. Further responding,

Merck states that certain information responsive to this Request may be included in the Merck

Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-specific data

from Merck's Field Activity Customer Tracking System ("FACTS") database, and Merck

respectfully refers Plaintiff to those productions for such information. Further responding,

Merck states that documents containing information responsive to this Request have been

produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck

respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents,

35

including but not limited to professional promotional materials for Vioxx; prescribing

information, patient product information and copies of the cartons for Vioxx; and extracts of

Vioxx-related information from the IMED/MESA database.

## REQUEST FOR PRODUCTION NO. 38:

**True and correct copies of all handouts, documents, pamphlets and printed
information used at the Muhlestein talk as referenced in the 5-19-00 call note by Jan
Lawrence.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 38:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the phrases "information used at" and "Muhlestein talk." Merck objects further

to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the

claims or defenses of any party or to the subject matter involved in this action to the extent it

seeks documents or information not relating to Vioxx. Subject to and without waiving its

objections, Merck states that responsive, non-objectionable documents, if any, from the custodial

file of Jan Lawrence have been or will be produced to Plaintiffs in this case. Further responding,

Merck states that certain information responsive to this Request may be included in the Merck

Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-specific data

from Merck's Field Activity Customer Tracking System ("FACTS") database, and Merck

respectfully refers Plaintiff to those productions for such information. Further responding,

Merck states that documents containing information responsive to this Request have been

produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck

respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents,

including but not limited to professional promotional materials for Vioxx; prescribing

36

information, patient product information and copies of the cartons for Vioxx; and extracts of

Vioxx-related information from the IMED/MESA database.

## REQUEST FOR PRODUCTION NO. 39

**True and correct copies of all handouts, documents, pamphlets and printed information used at the VNC programs attended by Karen Olson as referenced in the 6-2-00 and 6-3-00 call notes by Jan Lawrence.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 39:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the phrases "information used at" and "VNC programs." Merck objects further to

this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the

claims or defenses of any party or to the subject matter involved in this action to the extent it

seeks documents or information not relating to Vioxx. Subject to and without waiving its

objections, Merck states that responsive, non-objectionable documents, if any, from the custodial

file of Jan Lawrence have been or will be produced to Plaintiffs in this case. Further responding,

Merck states that certain information responsive to this Request may be included in the Merck

Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-specific data

from Merck's Field Activity Customer Tracking System ("FACTS") database, and Merck

respectfully refers Plaintiff to those productions for such information. Further responding,

Merck states that documents containing information responsive to this Request have been

produced by Merck in the MDL, and Merck respectfully refers Plaintiff to that production, to

which Plaintiff has access, of professional promotional materials for Vioxx, of which this case is

a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for

such documents, including but not limited to professional promotional materials for Vioxx;

prescribing information, patient product information and copies of the cartons for Vioxx; and

extracts of Vioxx-related information from the IMED/MESA database.

## REQUEST FOR PRODUCTION NO. 40:

**Any and all documents concerning the Merck Board of Directors' investigation into whether or not the Company acted properly in regards to Vioxx.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 40:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the phrases "acted properly" and "in regards to Vioxx." Merck objects to this

Request on the grounds that it is duplicative of Request for Production No. 158 in the federal

MDL for Vioxx, of which this case is a part. Merck further objects to this Request on the

grounds that it protected from disclosure by the attorney-client privilege, the privilege for self-

critical analysis, and/or otherwise immune or protected from disclosure. Based on its objections,

Merck will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 41:

**True and correct copies of all handouts, documents, pamphlets and printed information used at the Rhino Grille program attended by Karen Olson as referenced in the 6-29-00 call note by Jan Lawrence.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 41:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the phrases "printed information used at" and "Rhino Grille program." Merck

objects further to this Request on the grounds that it is overly broad, unduly burdensome, and not

relevant to the claims or defenses of any party or to the subject matter involved in this action to

the extent it seeks documents or information not relating to Vioxx. Subject to and without

waiving its objections, Merck states that responsive, non-objectionable documents, if any, from

the custodial file of Jan Lawrence have been or will be produced to Plaintiffs in this case.

Further responding, Merck states that certain information responsive to this Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-specific data from Merck's Field Activity Customer Tracking System ("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such information. Further responding, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to professional promotional materials for Vioxx; prescribing information, patient product information and copies of the cartons for Vioxx; and extracts of Vioxx-related information from the IMED/MESA database.

## REQUEST FOR PRODUCTION NO. 42:

**True and correct copies of all handouts, documents, pamphlets and printed information used at the Mel Tonkon program attended by Karen Olson-Fields as referenced in the call notes on 3-6-01 and 3-27-01 by Jan Lawrence.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 42:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrases "printed information used at" and "Mel Tonkon program." Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents or information not relating to Vioxx. Subject to and without waiving its objections, Merck states that responsive, non-objectionable documents, if any, from the custodial file of Jan Lawrence have been or will be produced to Plaintiffs in this case. Further responding, Merck states that certain information responsive to this Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production

of case-specific data from Merck's Field Activity Customer Tracking System ("FACTS")

database, and Merck respectfully refers Plaintiff to those productions for such information.

Further responding, Merck states that documents containing information responsive to this

Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a

part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for

such documents, including but not limited to professional promotional materials for Vioxx;

prescribing information, patient product information and copies of the cartons for Vioxx; and

extracts of Vioxx-related information from the IMED/MESA database.

**REQUEST FOR PRODUCTION NO. 43:**

      **True and correct copies of all handouts, documents, pamphlets and printed information used at the Border program attended by Karen Olson as referenced in the 3-27-01 call note by Jan Lawrence.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

      Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the phrases "printed information used at" and "Border program." Merck objects

further to this Request on the grounds that it is overly broad, unduly burdensome, and not

relevant to the claims or defenses of any party or to the subject matter involved in this action to

the extent it seeks documents or information not relating to Vioxx. Subject to and without

waiving its objections, Merck states that responsive, non-objectionable documents, if any, from

the custodial file of Jan Lawrence have been or will be produced to Plaintiffs in this case.

Further responding, Merck states that certain information responsive to this Request may be

included in the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production

of case-specific data from Merck's Field Activity Customer Tracking System ("FACTS")

database, and Merck respectfully refers Plaintiff to those productions for such information.

Further responding, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to professional promotional materials for Vioxx; prescribing information, patient product information and copies of the cartons for Vioxx; and extracts of Vioxx-related information from the IMED/MESA database.

## REQUEST FOR PRODUCTION NO. 44:

**True and correct copies of all handouts, documents, pamphlets and printed information describing the "white rim trail" referenced in the 4-30-01 and 5-24-01 call notes by Robert Fisher on Karen Olson-Fields.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 44:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "printed information describing." Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents or information not relating to Vioxx. Subject to and without waiving its objections, Merck states, following reasonable investigation, that it has no documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 45:

**True and correct copies of all documents relating to the "pearls from Muhlestein and Border program[s]" referenced on the 3-27-01call note by Jan Lawrence on Karen Olson-Fields.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 45:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrases "information used at." Merck objects further to this Request on the

grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents or information not relating to Vioxx.  Subject to and without waiving its objections, Merck states that responsive, non-objectionable documents, if any, from the custodial file of Jan Lawrence have been or will be produced to Plaintiffs in this case.  Further responding, Merck states that certain information responsive to this Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-specific data from Merck's Field Activity Customer Tracking System ("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such information.  Further responding, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to professional promotional materials for Vioxx; prescribing information, patient product information and copies of the cartons for Vioxx; and extracts of Vioxx-related information from the IMED/MESA database.

## REQUEST FOR PRODUCTION NO. 46:

**True and correct copies of all handouts, documents, pamphlets and printed information used in the Taste of the Town programs for Salt Lake City.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 46:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "information used in."  Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents or information not relating to Vioxx.  Subject to and without waiving its objections, Merck states

that certain information responsive to this Request may be included in the Merck Profile Form

("MPF") provided to Plaintiff in this case, or the production of case-specific data from Merck's

Field Activity Customer Tracking System ("FACTS") database, and Merck respectfully refers

Plaintiff to those productions for such information.  Further responding, Merck states that

documents containing information responsive to this Request have been produced by Merck in

the MDL, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has

access, of professional promotional materials for Vioxx, of which this case is a part, and Merck

respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents,

including but not limited to professional promotional materials for Vioxx; prescribing

information, patient product information and copies of the cartons for Vioxx; and extracts of

Vioxx-related information from the IMED/MESA database.

## REQUEST FOR PRODUCTION NO. 47:

**True and correct copies of all handouts, documents, pamphlets and printed information used by Nancy Nielsen during the 6-19-01 and 7-17-01 detail calls of Karen Olson-Fields regarding "vioxx vs cel."**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 47:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the phrase "information used by" and the term "detail call."  Merck objects

further to this Request on the grounds that it is overly broad, unduly burdensome, and not

relevant to the claims or defenses of any party or to the subject matter involved in this action to

the extent it seeks documents or information not relating to Vioxx.  Subject to and without

waiving its objections, Merck states that responsive, non-objectionable documents, if any, from

the custodial file of Nancy Nielsen have been or will be produced to Plaintiffs in this case.

Further responding, Merck states that it does not maintain records reflecting documents provided

to its professional representatives on a per-prescriber-basis, but certain information responsive to

this Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this

case, or the production of case-specific data from Merck's Field Activity Customer Tracking

System ("FACTS") database, and Merck respectfully refers Plaintiff to those productions for

such information.  Further responding, Merck states that documents containing information

responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of

which this case is a part, and Merck respectfully refers Plaintiff to that production, to which

Plaintiff has access, for such documents, including but not limited to professional promotional

materials for Vioxx; and prescribing information, patient product information and copies of the

cartons for Vioxx.

## REQUEST FOR PRODUCTION NO. 48:

**True and correct copies of all handouts, documents, pamphlets and printed
information used by Nancy Nielsen during the 9-12-01 detail calls of Karen Olson-Fields.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 48:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the phrase "information used at" and the term "detail call."  Merck objects further

to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the

claims or defenses of any party or to the subject matter involved in this action to the extent it

seeks documents or information not relating to Vioxx.  Subject to and without waiving its

objections, Merck states that it does not maintain records reflecting documents provided to its

professional representatives on a per-prescriber-basis, but that responsive, non-objectionable

documents, if any, from the custodial file of Nancy Nielsen have been or will be produced to

Plaintiffs in this case.  Further responding, Merck states that certain information responsive to

this Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this

case, or the production of case-specific data from Merck's Field Activity Customer Tracking System ("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such information. Further responding, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to professional promotional materials for Vioxx; and prescribing information, patient product information and copies of the cartons for Vioxx.

### REQUEST FOR PRODUCTION NO. 49:

**True and correct copies of all handouts, documents, pamphlets and printed information including but not limited to the "anonymous copy of the warning letter sent by one of our competitors", the "CV card" and the "Dear Doctor letter" used by Nancy Nielsen during the 10-17-01 detail calls of Karen Olson-Fields.**

### RESPONSE TO REQUEST FOR PRODUCTION NO. 49:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly to the phrase "used by" and the term "detail calls." Merck further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents or information not relating to Vioxx. Subject to and without waiving its objections, Merck states that responsive, non-objectionable documents, if any, from the custodial file of Nancy Nielsen have been or will be produced to Plaintiffs in this case. Further responding, Merck states that it does not maintain records reflecting documents provided to its professional representatives on a per-prescriber-basis, but that certain information responsive to this Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-specific data from Merck's Field Activity Customer Tracking System ("FACTS") database, and

Merck respectfully refers Plaintiff to those productions for such information. Further responding, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to professional promotional materials for Vioxx; and prescribing information, patient product information and copies of the cartons for Vioxx.

**REQUEST FOR PRODUCTION NO. 50:**

**True and correct copies of the "Medical Letter" referenced by Nancy Nielsen during the 12-4-01 detail call of Karen Olson-Fields.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the term "detail call." Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents or information not relating to Vioxx. Subject to and without waiving its objections, Merck states that it does not maintain records reflecting documents provided to its professional representatives on a per-prescriber-basis, but that responsive, non-objectionable documents, if any, from the custodial file of Nancy Nielsen have been or will be produced to Plaintiffs in this case. Further responding, Merck states that certain information responsive to this Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-specific data from Merck's Field Activity Customer Tracking System ("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such information. Further responding, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck

46

respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents,

including but not limited to professional promotional materials for Vioxx; prescribing

information, patient product information and copies of the cartons for Vioxx; and extracts of

Vioxx-related information from the IMED/MESA database.

**REQUEST FOR PRODUCTION NO. 51:**

**True and correct copies of all handouts, documents, pamphlets and printed
information used by Joseph Roylance during the 9-16-02 detail call of Karen Olson-Fields.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the phrase "information used by" and the term "detail call." Merck objects

further to this Request on the grounds that it is overly broad, unduly burdensome, and not

relevant to the claims or defenses of any party or to the subject matter involved in this action to

the extent it seeks documents or information not relating to Vioxx. Subject to and without

waiving its objections, Merck states that certain information responsive to this Request may be

included in the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production

of case-specific data from Merck's Field Activity Customer Tracking System ("FACTS")

database, and Merck respectfully refers Plaintiff to those productions for such information.

Further responding, Merck states that documents containing information responsive to this

Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a

part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for

such documents, including but not limited to professional promotional materials for Vioxx;

prescribing information, patient product information and copies of the cartons for Vioxx; and

extracts of Vioxx-related information from the IMED/MESA database.

**REQUEST FOR PRODUCTION NO. 52:**

      **True and correct copies of the "slim jim, pt type" referenced by Bryan Carling in the 11-10-99 detail call note on Douglas Vogeler.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

      Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the term "detail call." Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents or information not relating to Vioxx. Subject to and without waiving its objections, Merck states that certain information responsive to this Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-specific data from Merck's Field Activity Customer Tracking System ("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such information. Further responding, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to professional promotional materials for Vioxx; prescribing information, patient product information and copies of the cartons for Vioxx; and extracts of Vioxx-related information from the IMED/MESA database.

**REQUEST FOR PRODUCTION NO. 53:**

      **True and correct copies of the organizational charts for the Merck Sales Force including but not limited to sales representatives, upper management, area directors, regional directors, district managers, hospital representatives, area business managers, vice presidents, presidents and division heads who had responsibility for Vioxx in the State of Utah from 1999 through 2004.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Merck objects to this Request on the grounds that it is vague, overly broad, and unduly

burdensome, particularly with respect to the phrases "Merck Sales Force," "upper management,"

"area directors," and "who had responsibility for" and the term "sales representatives." Merck

further objects to this Request on the grounds that it is not relevant to the claims or defenses of

any party or to the subject matter involved in this action, nor reasonably calculated to lead to the

discovery of admissible evidence. Based on its objections, Merck will not produce documents in

response to this Request. Further responding, Merck states that departmental organizational

charts pertaining to individuals with significant Vioxx-related responsibility during the relevant

time period have been produced by Merck in the federal MDL for Vioxx, of which this case is a

part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for

such documents.

**REQUEST FOR PRODUCTION NO. 54:**

**True and correct copies of the organizational charts for the Merck Marketing Force
including but not limited to marketing representatives, upper management, area directors,
regional directors, district managers, hospital representatives, area business managers, vice
presidents, presidents and division heads who had responsibility for Vioxx in the State of
Utah from 1999 through 2004.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Merck objects to this Request on the grounds that it is vague, overly broad, and unduly

burdensome, particularly with respect to the phrases "Merck Marketing Force," "upper

management," "area directors," and "who had responsibility for" and the term "sales

representatives." Merck further objects to this Request on the grounds that it is not relevant to

the claims or defenses of any party or to the subject matter involved in this action, nor reasonably

calculated to lead to the discovery of admissible evidence. Subject to and without waiving its

49

objections, Merck states that departmental organizational charts pertaining to individuals with

significant Vioxx-related responsibility during the relevant time period have been produced by

Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers

Plaintiff to that production, to which Plaintiff has access, for such documents.

## REQUEST FOR PRODUCTION NO. 55:

**True and correct copies of all written or recorded advertising pieces, including but
not limited to magazine advertisements, radio spots, television advertisements, newspaper
advertisements, or direct- to- consumer letters or printed media utilized or distributed in
the State of Utah pertaining to Vioxx from 1999 through 2004.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 55:

Merck objects to this Request on the grounds that it is overly broad, vague, and

ambiguous, particularly with respect to the phrase "utilized or distributed." Merck further

objects to this Request on the grounds that it is not relevant to the claims or defenses of any party

or to the subject matter involved in this action to the extent it seeks copies of Vioxx

advertisements other that those actually seen by Plaintiff. Subject to and without waiving its

objections, Merck states that documents containing information responsive to this Request have

been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck

respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents,

including but not limited to, consumer advertising for Vioxx; and its production of spreadsheets

reflecting the national and regional print and television advertising data during the period in

which Vioxx was approved by the FDA for marketing in the United States – including

identification of the advertisement, intended media marketplace, nature of media (print or

television), identity of the media outlet, dates the advertisements ran, and references (by Bates

number) of those previously-produced images or other media. Further responding, Merck states

that additional responsive multimedia advertising materials are available to counsel for the cost

of their reproduction.

## REQUEST FOR PRODUCTION NO. 56:

**True and correct copies of all information provided to or used by Dorothy Hamill in preparation or training for her role as a spokesperson for Vioxx, including but not limited to all information relating to the risks and benefits of Vioxx.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 56:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the phrases "provided to or used by" and "preparation or training." Merck further

objects to this Request as overly broad and unduly burdensome. Subject to and without waiving

its objections, Merck states that documents containing information responsive to this Request

have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and

Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, including but

not limited to documents from the files of Jan Weiner; documents from the files of Tracy Ogden;

documents from the files of Mary Elizabeth Blake; and communications between Merck and the

Division of Drug Marketing, Advertising, and Communications ("DDMAC") with respect to

Vioxx.

## REQUEST FOR PRODUCTION NO. 57:

**True and correct copies of all information provided to or used by Bruce Jenner in preparation or training for his role as a spokesperson for Vioxx, including but not limited to all information relating to the risks and benefits of Vioxx.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 57:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the phrases "provided to or used by" and "preparation or training." Merck further

objects to this Request as overly broad and unduly burdensome. Subject to and without waiving

51

its objections, Merck states that documents containing information responsive to this Request

have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and

Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, including but

not limited to documents from the files of Jan Weiner; documents from the files of Tracy Ogden;

documents from the files of Mary Elizabeth Blake; and communications between Merck and the

Division of Drug Marketing, Advertising, and Communications ("DDMAC") with respect to

Vioxx.

## REQUEST FOR PRODUCTION NO. 58:

**True and correct copies of all documents, slides, audiovisual aids, including but not limited to the Training Manual(s) utilized for media training individuals, including spokespersons such as Dorothy Hamill and Bruce Jenner, on Vioxx.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 58:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the phrase "utilized for" and the term "Training Manual(s)." Merck further

objects to this Request as overly broad and unduly burdensome. Subject to and without waiving

its objections, Merck states that documents containing information responsive to this Request

have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and

Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, including but

not limited to documents from the files of Jan Weiner; documents from the files of Tracy Ogden;

documents from the files of Mary Elizabeth Blake; and communications between Merck and the

Division of Drug Marketing, Advertising, and Communications ("DDMAC") with respect to

Vioxx.

**REQUEST FOR PRODUCTION NO. 59:**

  **True and correct copies of the Training Manuals used to train sales representatives to sell or promote Vioxx in the state of Utah from 1999 through 2004.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

  Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "sell or promote" and the terms "sales representatives," and "Training Manuals." Subject to and with out waiving its objections, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to sales training documents for Vioxx.

**REQUEST FOR PRODUCTION NO. 60:**

  **True and correct copies of Policy letters 110, 118 and 131 pertaining to Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

  Subject to and with out waiving its objections, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to sales training documents for Vioxx.

**REQUEST FOR PRODUCTION NO. 61:**

  **True and correct copies of the custodial file for Shane Jensen.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

  Merck objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this

action to the extent it seeks documents containing information not relating to Vioxx.  Merck

further objects to this Request to the extent it seeks documents containing personal information,

the disclosure of which would invade the custodian's privacy.  Subject to and without waiving its

objections, Merck states that the subject matter of this Request is the subject of ongoing, good-

faith negotiations among counsel and Merck will respond further as appropriate in accordance

with the outcome of such negotiations.

**REQUEST FOR PRODUCTION NO. 62:**

**True and correct copies of the custodial file for Rebecca Wilson.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Merck objects to this Request on the grounds that it is overly broad, unduly burdensome,

and not relevant to the claims or defenses of any party or to the subject matter involved in this

action to the extent it seeks documents containing information not relating to Vioxx.  Merck

further objects to this Request to the extent it seeks documents containing personal information,

the disclosure of which would invade the custodian's privacy.  Subject to and without waiving its

objections, Merck states that the subject matter of this Request is the subject of ongoing, good-

faith negotiations among counsel and Merck will respond further as appropriate in accordance

with the outcome of such negotiations.

**REQUEST FOR PRODUCTION NO. 63:**

**True and correct copies of the custodial file for Robert Fisher.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

Merck objects to this Request on the grounds that it is overly broad, unduly burdensome,

and not relevant to the claims or defenses of any party or to the subject matter involved in this

action to the extent it seeks documents containing information not relating to Vioxx.  Merck

54

further objects to this Request to the extent it seeks documents containing personal information, the disclosure of which would invade the custodian's privacy. Subject to and without waiving its objections, Merck states that the subject matter of this Request is the subject of ongoing, good-faith negotiations among counsel and Merck will respond further as appropriate in accordance with the outcome of such negotiations.

## REQUEST FOR PRODUCTION NO. 64:

**True and correct copies of the custodial file for Jan Lawrence.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 64:

Merck objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents containing information not relating to Vioxx. Merck further objects to this Request to the extent it seeks documents containing personal information, the disclosure of which would invade the custodian's privacy. Subject to and without waiving its objections, Merck states that responsive, non-objectionable documents, if any, from the custodial file of Jan Lawrence has been or will be produced to Plaintiffs in this case.

## REQUEST FOR PRODUCTION NO. 65:

**True and correct copies of the custodial file for Michael Barron.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 65:

Merck objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents containing information not relating to Vioxx. Merck further objects to this Request to the extent it seeks documents containing personal information, the disclosure of which would invade the custodian's privacy. Subject to and without waiving its

objections, Merck states that the subject matter of this Request is the subject of ongoing, good-faith negotiations among counsel and Merck will respond further as appropriate in accordance with the outcome of such negotiations.

**REQUEST FOR PRODUCTION NO. 66:**

     **True and correct copies of the custodial file for Nancy Nielson.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

     Merck objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents containing information not relating to Vioxx. Merck further objects to this Request to the extent it seeks documents containing personal information, the disclosure of which would invade the custodian's privacy. Subject to and without waiving its objections, Merck states that responsive, non-objectionable documents, if any, from the custodial file of Nancy Nielsen has been or will be produced to Plaintiffs in this case.

**REQUEST FOR PRODUCTION NO. 67:**

     **True and correct copies of the custodial file for Carolyn Peterson.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

     Merck objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents containing information not relating to Vioxx. Merck further objects to this Request to the extent it seeks documents containing personal information, the disclosure of which would invade the custodian's privacy. Subject to and without waiving its objections, Merck states that the subject matter of this Request is the subject of ongoing, good-

faith negotiations among counsel and Merck will respond further as appropriate in accordance with the outcome of such negotiations.

**REQUEST FOR PRODUCTION NO. 68:**

     **True and correct copies of the custodial file for Joseph Roylance.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

     Merck objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents containing information not relating to Vioxx. Merck further objects to this Request to the extent it seeks documents containing personal information, the disclosure of which would invade the custodian's privacy. Subject to and without waiving its objections, Merck states that the subject matter of this Request is the subject of ongoing, good-faith negotiations among counsel and Merck will respond further as appropriate in accordance with the outcome of such negotiations.

**REQUEST FOR PRODUCTION NO. 69:**

     **True and correct copies of the custodial file for Shannon Andersen.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

     Merck objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents containing information not relating to Vioxx. Merck further objects to this Request to the extent it seeks documents containing personal information, the disclosure of which would invade the custodian's privacy. Subject to and without waiving its objections, Merck states that the subject matter of this Request is the subject of ongoing, good-

faith negotiations among counsel and Merck will respond further as appropriate in accordance with the outcome of such negotiations.

**REQUEST FOR PRODUCTION NO. 70:**

      **True and correct copies of the custodial file for Bryan Carling.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

      Merck objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents containing information not relating to Vioxx. Merck further objects to this Request to the extent it seeks documents containing personal information, the disclosure of which would invade the custodian's privacy. Subject to and without waiving its objections, Merck states that the subject matter of this Request is the subject of ongoing, good-faith negotiations among counsel and Merck will respond further as appropriate in accordance with the outcome of such negotiations.

**REQUEST FOR PRODUCTION NO. 71:**

      **True and correct copies of the custodial file for Julie Imaizumi.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

      Merck objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents containing information not relating to Vioxx. Merck further objects to this Request to the extent it seeks documents containing personal information, the disclosure of which would invade the custodian's privacy. Subject to and without waiving its objections, Merck states that the subject matter of this Request is the subject of ongoing, good-

faith negotiations among counsel and Merck will respond further as appropriate in accordance with the outcome of such negotiations.

## REQUEST FOR PRODUCTION NO. 72:

**True and correct copies of the custodial file for Franchesco Magaraci.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 72:

Merck objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents containing information not relating to Vioxx. Merck further objects to this Request to the extent it seeks documents containing personal information, the disclosure of which would invade the custodian's privacy. Subject to and without waiving its objections, Merck states that the subject matter of this Request is the subject of ongoing, good-faith negotiations among counsel and Merck will respond further as appropriate in accordance with the outcome of such negotiations.

## REQUEST FOR PRODUCTION NO. 73:

**True and correct copies of the custodial file for Kyle Kugler.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 73:

Merck objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents containing information not relating to Vioxx. Merck further objects to this Request to the extent it seeks documents containing personal information, the disclosure of which would invade the custodian's privacy. Subject to and without waiving its objections, Merck states that the subject matter of this Request is the subject of ongoing, good-

faith negotiations among counsel and Merck will respond further as appropriate in accordance with the outcome of such negotiations.

## REQUEST FOR PRODUCTION NO. 74:

**True and correct copies of all documents referencing the compensation structure for sales representatives in the State of Utah for Vioxx from 1999 through 2004.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 74:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrases "compensation structure" and "all documents referencing" and the term "sales representatives." Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Merck objects further to this Request to the extent it seeks confidential employee data on the grounds that such disclosure would invade the privacy rights of the individuals affected and are not relevant to the claims or defenses of any party or to the subject matter involved in this action. Based on its objections, Merck will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 75:

**True and correct copies of all documents referencing the basis for bonuses earned by sales representatives in the State of Utah in conjunction with the sale of Vioxx from 1999 through 2004.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 75:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrases terms "compensation structure" and "all documents referencing" and the term "sales representatives." Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to

the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request to the extent it seeks confidential employee data on the grounds that such disclosure would invade the privacy rights of the individuals affected and are not relevant to the claims or defenses of any party or to the subject matter involved in this action.  Based on its objections, Merck will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 76:

**True and correct copies of the "Obstacle Responses" utilized by any Merck sales representative with Dr. Douglas Vogeler regarding Vioxx from 1999 through 2004.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 76:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "utilized by" and the term "sales representative."  Merck further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents containing information not relating to Vioxx.  Subject to and without waiving its objections, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to sales training documents for Vioxx.

## REQUEST FOR PRODUCTION NO. 77:

**True and correct copies of the "Obstacle Responses" utilized by any Merck sales representative with Karen Olson-Fields regarding Vioxx from 1999 through 2004.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the terms "Obstacle Responses" and "sales representative" and the phrase "utilized by." Merck further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents containing information not relating to Vioxx. Subject to and without waiving its objections, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to sales training documents for Vioxx.

**REQUEST FOR PRODUCTION NO. 78:**

**True and correct topics of all Cardiovascular Cards referencing Vioxx shown to or discussed with Dr. Douglas Vogeler by any Merck employee or agent from 1999 through 2004.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Merck objects to this Request on the on the grounds that it is vague and ambiguous, particularly with respect to the phrases "shown to or discussed" and "Merck employee or agent" and the term "Cardiovascular Cards." Merck further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents containing information not relating to Vioxx. Subject to and without waiving its objections, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff

62

to that production, to which Plaintiff has access, for such documents, including but not limited to professional promotional materials for Vioxx.

## REQUEST FOR PRODUCTION NO. 79:

**True and correct copies of all Cardiovascular Cards referencing Vioxx shown to or discussed with Karen Olson-Fields by any Merck employee or agent from 1999 through 2004.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 79:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrases "shown to or discussed" and "Merck employee or agent" and the term "Cardiovascular Cards." Merck further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents containing information not relating to Vioxx. Subject to and without waiving its objections, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to professional promotional materials for Vioxx.

## REQUEST FOR PRODUCTION NO. 80:

**True and correct copies of the Scripts provided to Merck sales representatives or agents in conjunction with the Cardiovascular Cards referencing Vioxx from 1999 through 2004.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 80:

Merck objects to this Request the grounds that it is vague and ambiguous, particularly with respect to the terms "Scripts," "sales representatives," and "agents." Merck further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the

claims or defenses of any party or to the subject matter involved in this action to the extent it

seeks documents containing information not relating to Vioxx. Subject to and without waiving

its objections, Merck states that documents containing information responsive to this Request

have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and

Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such

documents, including but not limited to sales training documents for Vioxx.

## REQUEST FOR PRODUCTION NO. 81:

**True and correct copies of all documents relating to Project Offense that were
utilized by or provided to any Merck employee or agent, including sales representatives, in
the State of Utah from 1999 through 2004.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 81:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the phrases "Project Offense" and "any Merck employee or agent," and the term

"sales representatives." Merck further objects to this Request as overly broad, unduly

burdensome, and not relevant to the claims or defenses in this action. Subject to and without

waiving its objections, Merck states that documents containing information responsive to this

Request have been produced by Merck in the MDL, and Merck respectfully refers Plaintiff to

that production, to which Plaintiff has access, for such documents, including but not limited to

sales training documents.

## REQUEST FOR PRODUCTION NO. 82:

**True and correct copies of any Merlin Sales Reports provided to any Merck sales
representative in the State of Utah from 1999 through 2004.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 82:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the phrase "Merlin Sales Reports" and the term "sales representative." Subject to

and without waiving its objections, Merck states as follows: Merck sold Vioxx to wholesalers and retailers located throughout the United States.  Those wholesalers and retailers made subsequent sales of the product to other wholesalers, retailers and/or end-users throughout the United States.  Merck did not make or direct any subsequent sales of Vioxx by the wholesalers and retailers to whom Merck sold Vioxx; nor did Merck determine where such subsequent sales may have been made.  Data relating to retail purchases of Vioxx in the United States were gathered by IMS Health Incorporated ("IMS"), a pharmaceutical market research company. Merck has obtained that type of data by paying a fee to, and by entering into a licensing agreement with, IMS; the licensing agreement prohibits Merck from disclosing the data.  On March 17, 2006, IMS filed in the New Jersey Coordinated Vioxx Litigation motions to intervene and for a heightened protective order, which seeks limitations on the scope of the production and the use of IMS data, which motion is currently scheduled to be heard on August 11, 2006.  IMS has indicated that it may also file motions seeking similar relief in other jurisdictions.  Merck will produce responsive, non-objectionable IMS documents in its possession, subject to the terms and provisions of any agreements reached between IMS and Plaintiff's counsel in this matter, or any orders entered by this Court concerning production of IMS data.  Merck further states that certain information responsive to this Request may be included in the production of case-specific data from Merck's Field Activity Customer Tracking System ("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such information.

## REQUEST FOR PRODUCTION NO. 83:

**True and correct copies of any and all Field Sales Performance Reports ("FSPR") for Shane Jensen from 1999 through 2004 referencing Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Merck objects further to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Merck objects further to this Request to the extent it seeks confidential employee data on the grounds that such disclosure would invade the privacy rights of the individuals affected and are not relevant to the claims or defenses of any party or to the subject matter involved in this action. Subject to and without waiving its objections, Merck states that the subject matter of this Request is the subject of ongoing, good-faith negotiations among counsel and Merck will respond further as appropriate in accordance with the outcome of such negotiations.

**REQUEST FOR PRODUCTION NO. 84:**

**True and correct copies of any and all Field Sales Performance Reports ("FSPR") for Rebecca Wilson from 1999 through 2004 referencing Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Merck objects further to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Merck objects further to this Request to the extent it seeks confidential employee data on the grounds that such disclosure would invade the privacy rights of the individuals affected and are not relevant to the claims or defenses of any party or to the subject matter involved in this action. Subject to and without waiving its objections, Merck states that the subject matter of this Request is the subject of ongoing, good-faith negotiations among

counsel and Merck will respond further as appropriate in accordance with the outcome of such negotiations.

## REQUEST FOR PRODUCTION NO. 85:

**True and correct copies of any and all Field Sales Performance Reports ("FSPR") for Robert Fisher from 1999 through 2004 referencing Vioxx.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 85:

Merck objects further to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Merck objects further to this Request to the extent it seeks confidential employee data on the grounds that such disclosure would invade the privacy rights of the individuals affected and are not relevant to the claims or defenses of any party or to the subject matter involved in this action. Subject to and without waiving its objections, Merck states that the subject matter of this Request is the subject of ongoing, good-faith negotiations among counsel and Merck will respond further as appropriate in accordance with the outcome of such negotiations.

## REQUEST FOR PRODUCTION NO. 86:

**True and correct copies of any and all Field Sales Performance Reports ("FSPR") for Jan Lawrence from 1999 through 2004 referencing Vioxx.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 86:

Merck objects further to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Merck objects further to this Request to the extent it seeks confidential

employee data on the grounds that such disclosure would invade the privacy rights of the individuals affected and are not relevant to the claims or defenses of any party or to the subject matter involved in this action.  Subject to and without waiving its objections, Merck states that responsive, non-objectionable documents, if any, from the custodial file of Jan Lawrence has been or will be produced to Plaintiffs in this case.

## REQUEST FOR PRODUCTION NO. 87:

**True and correct copies of any and all Field Sales Performance Reports ("FSPR") for Michael Barron from 1999 through 2004 referencing Vioxx.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 87:

Merck objects further to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request to the extent it seeks confidential employee data on the grounds that such disclosure would invade the privacy rights of the individuals affected and are not relevant to the claims or defenses of any party or to the subject matter involved in this action.  Subject to and without waiving its objections, Merck states that the subject matter of this Request is the subject of ongoing, good-faith negotiations among counsel and Merck will respond further as appropriate in accordance with the outcome of such negotiations.

## REQUEST FOR PRODUCTION NO. 88:

**True and correct copies of any and all Field Sales Performance Reports ("FSPR") for Nancy Nielsen from 1999 through 2004 referencing Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Merck objects further to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request to the extent it seeks confidential employee data on the grounds that such disclosure would invade the privacy rights of the individuals affected and are not relevant to the claims or defenses of any party or to the subject matter involved in this action.  Subject to and without waiving its objections, Subject to and without waiving its objections, Merck states that responsive, non-objectionable documents, if any, from the custodial file of Nancy Nielsen has been or will be produced to Plaintiffs in this case.

**REQUEST FOR PRODUCTION NO. 89:**

**True and correct copies of any and all Field Sales Performance Reports ("FSPR") for Carolyn Peterson from 1999 through 2004 referencing Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

Merck objects further to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request to the extent it seeks confidential employee data on the grounds that such disclosure would invade the privacy rights of the individuals affected and are not relevant to the claims or defenses of any party or to the subject matter involved in this action.  Subject to and without waiving its objections, Merck states that the subject matter of this Request is the subject of ongoing, good-faith negotiations among

counsel and Merck will respond further as appropriate in accordance with the outcome of such

negotiations.

## REQUEST FOR PRODUCTION NO. 90:

**True and correct copies of any and all Field Sales Performance Reports ("FSPR") for Joseph Roylance from 1999 through 2004 referencing Vioxx.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 90:

Merck objects further to this Request on the grounds that it is vague and ambiguous,

overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to

the subject matter involved in this action, nor reasonably calculated to lead to the discovery of

admissible evidence.  Merck objects further to this Request to the extent it seeks confidential

employee data on the grounds that such disclosure would invade the privacy rights of the

individuals affected and are not relevant to the claims or defenses of any party or to the subject

matter involved in this action.  Subject to and without waiving its objections, Merck states that

the subject matter of this Request is the subject of ongoing, good-faith negotiations among

counsel and Merck will respond further as appropriate in accordance with the outcome of such

negotiations.

## REQUEST FOR PRODUCTION NO. 91:

**True and correct copies of any and all Field Sales Performance Reports ("FSPR") for Sharon Andersen from 1999 through 2004 referencing Vioxx.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 91:

Merck objects further to this Request on the grounds that it is vague and ambiguous,

overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to

the subject matter involved in this action, nor reasonably calculated to lead to the discovery of

admissible evidence.  Merck objects further to this Request to the extent it seeks confidential

employee data on the grounds that such disclosure would invade the privacy rights of the individuals affected and are not relevant to the claims or defenses of any party or to the subject matter involved in this action.  Subject to and without waiving its objections, Merck states that the subject matter of this Request is the subject of ongoing, good-faith negotiations among counsel and Merck will respond further as appropriate in accordance with the outcome of such negotiations.

## REQUEST FOR PRODUCTION NO. 92:

**True and correct copies of any and all Field Sales Performance Reports ("FSPR") for Bryan Carling from 1999 through 2004 referencing Vioxx.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 92:

Merck objects further to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request to the extent it seeks confidential employee data on the grounds that such disclosure would invade the privacy rights of the individuals affected and are not relevant to the claims or defenses of any party or to the subject matter involved in this action.  Subject to and without waiving its objections, Merck states that the subject matter of this Request is the subject of ongoing, good-faith negotiations among counsel and Merck will respond further as appropriate in accordance with the outcome of such negotiations.

## REQUEST FOR PRODUCTION NO. 93:

**True and correct copies of any and all Field Sales Performance Reports ("FSPR") for Julie Imaizumi from 1999 through 2004 referencing Vioxx.**

71

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Merck objects further to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request to the extent it seeks confidential employee data on the grounds that such disclosure would invade the privacy rights of the individuals affected and are not relevant to the claims or defenses of any party or to the subject matter involved in this action.  Subject to and without waiving its objections, Merck states that the subject matter of this Request is the subject of ongoing, good-faith negotiations among counsel and Merck will respond further as appropriate in accordance with the outcome of such negotiations.

**REQUEST FOR PRODUCTION NO. 94:**

**True and correct copies of any and all Field Sales Performance Reports ("FSPR") for Francesco Magaraci from 1999 through 2004 referencing Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

Merck objects further to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request to the extent it seeks confidential employee data on the grounds that such disclosure would invade the privacy rights of the individuals affected and are not relevant to the claims or defenses of any party or to the subject matter involved in this action.  Subject to and without waiving its objections, Merck states that the subject matter of this Request is the subject of ongoing, good-faith negotiations among

counsel and Merck will respond further as appropriate in accordance with the outcome of such

negotiations.

**REQUEST FOR PRODUCTION NO. 95:**

      **True and correct copies of any and all Field Sales Performance Reports ("FSPR")
for Kyle Kugler from 1999 through 2004 referencing Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

      Merck objects further to this Request on the grounds that it is vague and ambiguous,

overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to

the subject matter involved in this action, nor reasonably calculated to lead to the discovery of

admissible evidence.  Merck objects further to this Request to the extent it seeks confidential

employee data on the grounds that such disclosure would invade the privacy rights of the

individuals affected and are not relevant to the claims or defenses of any party or to the subject

matter involved in this action.  Subject to and without waiving its objections, Merck states that

the subject matter of this Request is the subject of ongoing, good-faith negotiations among

counsel and Merck will respond further as appropriate in accordance with the outcome of such

negotiations.

**REQUEST FOR PRODUCTION NO. 96:**

      **True and correct copies of any and all documents referencing the Merck Potential
of Dr. Douglas Vogeler from 1999 through 2004 relating to Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

      Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the term "Merck Potential."  Subject to and without waiving its objections, Merck

states as follows: Merck sold Vioxx to wholesalers and retailers located throughout the United

States.  Those wholesalers and retailers made subsequent sales of the product to other

73

wholesalers, retailers and/or end-users throughout the United States.  Merck did not make or

direct any subsequent sales of Vioxx by the wholesalers and retailers to whom Merck sold

Vioxx; nor did Merck determine where such subsequent sales may have been made.  Data

relating to retail purchases of Vioxx in the United States were gathered by IMS Health

Incorporated ("IMS"), a pharmaceutical market research company.  Merck has obtained that type

of data by paying a fee to, and by entering into a licensing agreement with, IMS; the licensing

agreement prohibits Merck from disclosing the data.  On March 17, 2006, IMS filed in the New

Jersey Coordinated Vioxx Litigation motions to intervene and for a heightened protective order,

which seeks limitations on the scope of the production and the use of IMS data, which motion is

currently scheduled to be heard on August 11, 2006.  IMS has indicated that it may also file

motions seeking similar relief in other jurisdictions.  Merck will produce responsive, non-

objectionable IMS documents in its possession, subject to the terms and provisions of any

agreements reached between IMS and Plaintiff's counsel in this matter, or any orders entered by

this Court concerning production of IMS data.

### REQUEST FOR PRODUCTION NO. 97:

**True and correct copies of any and all documents referencing the Merck Potential
of Karen Olson-Fields, RN, FNP from 1999 though 2004 relating to Vioxx.**

### RESPONSE TO REQUEST FOR PRODUCTION NO. 97:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the term "Merck Potential."  Subject to and without waiving its objections, Merck

states as follows: Merck sold Vioxx to wholesalers and retailers located throughout the United

States.  Those wholesalers and retailers made subsequent sales of the product to other

wholesalers, retailers and/or end-users throughout the United States.  Merck did not make or

direct any subsequent sales of Vioxx by the wholesalers and retailers to whom Merck sold

Vioxx; nor did Merck determine where such subsequent sales may have been made. Data

relating to retail purchases of Vioxx in the United States were gathered by IMS Health

Incorporated ("IMS"), a pharmaceutical market research company. Merck has obtained that type

of data by paying a fee to, and by entering into a licensing agreement with, IMS; the licensing

agreement prohibits Merck from disclosing the data. On March 17, 2006, IMS filed in the New

Jersey Coordinated Vioxx Litigation motions to intervene and for a heightened protective order,

which seeks limitations on the scope of the production and the use of IMS data, which motion is

currently scheduled to be heard on August 11, 2006. IMS has indicated that it may also file

motions seeking similar relief in other jurisdictions. Merck will produce responsive, non-

objectionable IMS documents in its possession, subject to the terms and provisions of any

agreements reached between IMS and Plaintiff's counsel in this matter, or any orders entered by

this Court concerning production of IMS data.

## REQUEST FOR PRODUCTION NO. 98:

**True and correct copies of all documents referencing the dollar amount spent by
Merck or on Merck's behalf on advertising relating to Vioxx in the State of Utah in 1999.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 98:

Merck objects to this Request on the grounds that it is overly broad, unduly burdensome,

and seeks information that is neither relevant to the claims or defenses of any party nor

reasonably calculated to lead to the discovery of admissible evidence. Merck further objects to

this Request as vague and ambiguous, particularly with respect to the term "referencing." Merck

states that the Vioxx advertising campaign was a national campaign directed at a national

marketplace, and as such, there were no funds or allowances of funds specifically budgeted for

advertising Vioxx in Utah. Subject to and without waiving its objections, Merck states that

documents containing information responsive to this Request have been produced by Merck in

the MDL, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to Merck's Profit Plan for 1999.

**REQUEST FOR PRODUCTION NO. 99:**

**True and correct copies of all documents referencing the dollar amount spent by Merck or on Merck's behalf on advertising relating to Vioxx in the State of Utah in 2000.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

Merck further objects to this Request as vague and ambiguous, particularly with respect to the term "referencing." Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Merck states that the Vioxx advertising campaign was a national campaign directed at a national marketplace, and as such, there were no funds or allowances of funds specifically budgeted for advertising Vioxx in Utah. Subject to and without waiving its objections, Merck states that documents containing information responsive to this Request have been produced by Merck in the MDL, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to Merck's Profit Plan for 2000.

**REQUEST FOR PRODUCTION NO. 100:**

**True and correct copies of all documents referencing the dollar amount spent by Merck or on Merck's behalf on advertising relating to Vioxx in the State of Utah In 2001.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Merck objects to this Request as vague and ambiguous, particularly with respect to the term "referencing." Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Merck

states that the Vioxx advertising campaign was a national campaign directed at a national

marketplace, and as such, there were no funds or allowances of funds specifically budgeted for

advertising Vioxx in Utah.  Subject to and without waiving its objections, Merck states that

documents containing information responsive to this Request have been produced by Merck in

the MDL, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has

access, for such documents, including but not limited to Merck's Profit Plan for 2001.

## REQUEST FOR PRODUCTION NO. 101:

**True and correct copies of all documents referencing the dollar amount spent by
Merck or on Merck's behalf on advertising relating to Vioxx in the State of Utah in 2002.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 101:

Merck objects to this Request as vague and ambiguous, particularly with respect to the

term "referencing."  Merck objects further to this Request on the grounds that it is overly broad,

unduly burdensome, and seeks information that is neither relevant to the claims or defenses of

any party nor reasonably calculated to lead to the discovery of admissible evidence.  Merck

states that the Vioxx advertising campaign was a national campaign directed at a national

marketplace, and as such, there were no funds or allowances of funds specifically budgeted for

advertising Vioxx in Utah.  Subject to and without waiving its objections, Merck states that

documents containing information responsive to this Request have been produced by Merck in

the MDL, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has

access, for such documents, including but not limited to Merck's Profit Plan for 2002.

## REQUEST FOR PRODUCTION NO. 102:

**True and correct copies of all documents referencing the dollar amount spent by
Merck or on Merck's behalf on advertising relating to Vioxx in the State of Utah in 2003.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 102:

Merck objects to this Request as vague and ambiguous, particularly with respect to the term "referencing." Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Merck states that the Vioxx advertising campaign was a national campaign directed at a national marketplace, and as such, there were no funds or allowances of funds specifically budgeted for advertising Vioxx in Utah. Subject to and without waiving its objections, Merck states that documents containing information responsive to this Request have been produced by Merck in the MDL, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to Merck's Profit Plan for 2003.

## REQUEST FOR PRODUCTION NO. 103:

**True and correct copies of all documents referencing the dollar amount spent by Merck or on Merck's behalf on advertising relating to Vioxx in the State of Utah in 2004.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 103:

Merck objects to this Request as vague and ambiguous, particularly with respect to the term "referencing." Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Merck states that the Vioxx advertising campaign was a national campaign directed at a national marketplace, and as such, there were no funds or allowances of funds specifically budgeted for advertising Vioxx in Utah. Subject to and without waiving its objections, Merck states that documents containing information responsive to this Request have been produced by Merck in

the MDL, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has

access, for such documents, including but not limited to Merck's Profit Plan for 2004.

## REQUEST FOR PRODUCTION NO. 104:

**True and correct copies of all Approved Medical Articles referencing Vioxx available or provided to or utilized by Merck sales representatives or agents in sales calls to Douglas Vogeler, MD from 1999 through 2004.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 104:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the phrases "Approved Medical Articles" and "available or provided to or

utilized" and the terms "sales representatives," "agents" and "sales calls." Merck further objects

to this Request on the grounds that it is overly broad, unduly burdensome and to the extent that it

seeks the production of documents that are in the public domain on the grounds that the burden

of obtaining such documents is substantially the same for Plaintiff as it is for Merck. Subject to

and without waiving its objections, Merck states that it does not maintain records reflecting

documents provided to its professional representatives on a per-prescriber-basis. Further

responding, Merck states that certain information responsive to this Request may be included in

the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-

specific data from Merck's Field Activity Customer Tracking System ("FACTS") database, and

Merck respectfully refers Plaintiff to those productions for such information. Further

responding, Merck states that documents containing information responsive to this Request have

been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck

respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents,

including but not limited to professional promotional materials for Vioxx.

**REQUEST FOR PRODUCTION NO. 105:**

     **True and correct copies of all Background Medical Articles referencing Vioxx available or provided to or utilized by Merck sales representatives or agents in sales calls to Douglas Vogeler, MD from 1999 through 2004.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

     Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrases "Background Medical Articles" and "available or provided to or utilized" and the terms "sales representatives," "agents" and "sales calls." Merck further objects to this Request on the grounds that it is overly broad, unduly burdensome and to the extent that it seeks the production of documents that are in the public domain on the grounds that the burden of obtaining such documents is substantially the same for Plaintiff as it is for Merck. Subject to and without waiving its objections, Merck states that it does not maintain records reflecting documents provided to its professional representatives on a per-prescriber-basis. Further responding, Merck states that certain information responsive to this Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-specific data from Merck's Field Activity Customer Tracking System ("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such information. Further responding, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to sales training materials for Vioxx.

**REQUEST FOR PRODUCTION NO. 106:**

     **True and correct copies of all Approved Medical Articles referencing Vioxx available or provided to or utilized by Merck sales representatives or agents in sales calls to Karen Olson-Fields, RN, FNP from 1999 through 2004.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrases "Approved Medical Articles" and "available or provided to or utilized" and the terms "sales representatives," "agents," and "sales calls." Merck further objects to this Request on the grounds that it is overly broad, unduly burdensome and to the extent that it seeks the production of documents that are in the public domain on the grounds that the burden of obtaining such documents is substantially the same for Plaintiff as it is for Merck. Subject to and without waiving its objections, Merck states that it does not maintain records reflecting documents provided to its professional representatives on a per-prescriber-basis. Further responding, Merck states that certain information responsive to this Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-specific data from Merck's Field Activity Customer Tracking System ("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such information. Further responding, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to professional promotional materials for Vioxx.

**REQUEST FOR PRODUCTION NO. 107:**

**True and correct copies of all Background Medical Articles referencing Vioxx available or provided to or utilized by Merck sales representatives or agents in sales calls to Karen Olson-Fields, RN, FNP from 1999 through 2004.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrases "Background Medical Articles" and "available or provided to or

utilized" and the terms "sales representatives," "agents," and "sales calls." Merck further objects to this Request on the grounds that it is overly broad, unduly burdensome and to the extent that it seeks the production of documents that are in the public domain on the grounds that the burden of obtaining such documents is substantially the same for Plaintiff as it is for Merck. Subject to and without waiving its objections, Merck states that it does not maintain records reflecting documents provided to its professional representatives on a per-prescriber-basis. Further responding, Merck states that certain information responsive to this Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-specific data from Merck's Field Activity Customer Tracking System ("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such information. Further responding, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to sales training materials for Vioxx.

Dated:  July 24, 2006

Respectfully submitted,

By: _____

Douglas R. Marvin
Robert A. Van Kirk
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Philip S. Beck
Carrie A. Jablonski
BARTLIT BECK HERMAN PALENCHAR &
       SCOTT LLP
54 W. Hubbard Street, Suite 300
Chicago, IL 60610
Phone: 312-494-4400
Fax:    312-494-4440

Jonathan B. Skidmore
Richard S. Krumholz
FULBRIGHT & JAWORSKI LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Phone: 214-855-8000
Fax:    214-855-8200

Attorneys for Merck & Co., Inc.

—and—

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

83