UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| This document relates to | * | MAG. JUDGE KNOWLES |
| | * | |
| Gerald Barnett v. Merck & Co, Inc. | * | CASE NO. 02:06cv485 |

**PLAINTIFF'S BRIEF RE MERCK'S PROPOSED JURY INSTRUCTION
NUMBER 6 "MEDICAL CAUSATION"**

Plaintiff objects to Merck's proposed jury instruction number 6 "Medical Causation" on the grounds that it is argumentative and an incorrect statement of the law, and would be misleading and confusing to the jury. The proffered instruction reads:

> "In this lawsuit, it is disputed whether or not taking Vioxx at the 25 mg dose caused Mr. Barnett's heart attack or any other injuries alleged by him. Plaintiff has the burden of proving medical causation by the greater weight of the evidence. As I have already explained to you, "greater weight of the evidence" means the more persuasive and convincing force and effect of the credible evidence in the case.
>
> In order to meet this burden to show medical causation, plaintiff must first prove that the use of Vioxx at the 25 mg dose for a period of four years is capable of causing the injuries he allegedly sustained. Plaintiff must next proffer the testimony of a competent medical expert to prove, to a reasonable degree of medical certainty, that Vioxx in fact caused his injuries.
>
> If you find that plaintiff has failed to present sufficient evidence to show that Vioxx both could have caused and did cause his alleged injuries, then you must also find that Merck is not liable to plaintiff for these injuries."

-1-

First of all, the statements that "Plaintiff must next proffer the testimony of a competent medical expert to prove to a reasonable degree of medical certainty, that Vioxx in fact caused his injuries," and "show that Vioxx both could have caused and did cause his alleged injuries," are clearly argumentative in nature.  "Jury instructions are designed to clarify issues for the jury and to educate the jury about what factors are probative on those issues. An instruction is viewed as argumentative if it emphasizes the testimony of one witness while disregarding other relevant evidence." *Spesco, Inc. v. General Elec. Co.* (7th Cir. 1983) 719 F2d 233, 239, citing *Vanskike v. ACF Industries, Inc.,* 665 F.2d 188, 202 (8th Cir.1981), *cert. denied,* 455 U.S. 1000, 102 S.Ct. 1632, 71 L.Ed.2d 867 (1982). The proposed instruction essentially disregards evidence other than expert testimony.

Second, the proposed instruction misstates the law.  Jury instructions must be legally correct. *Pierce v. Ramsey Winch Co.,* 753 F.2d 416, fn. 10 (5th Cir.1985); *Woods v. Sammisa Co., Ltd.* (5th Cir. 1989) 873 F2d 842, 854-855 "In this case, we agree with the district court's conclusion that the requested instruction "misstate[s the law] so badly that it's almost scary."  There is no requirement in South Carolina nor in this circuit that in a products liability action involving prescription drugs a plaintiff "must next proffer the testimony of a competent medical expert to prove, to a reasonable degree of medical certainty, that [the product] in fact caused his injuries."

A search of both *Pattern Jury Instructions: Fifth Circuit, Civil Cases* and Anderson, *South Carolina Requests to Charge – Civil* shows that the term "medical certainty" is completely absent. The closest thing to what Merck is suggesting is a group of four instructions which deal exclusively with medical malpractice cases in South Carolina. See Anderson, *South Carolina Requests to Charge – Civil* § 27-10 Medical Malpractice-Expert testimony- "Most Probably Rule

of Causation "In a medical malpractice case, the "most probable" standard is the standard required to prove proximate cause. When a medical malpractice plaintiff relies solely upon the opinion of medical experts to establish a causal connection between the alleged negligence and the injury, the experts must, with reasonable certainty, state that in their professional opinion, the injuries complained of most probably resulted from the defendant's negligence. See also § 27-2 Medical Malpractice – Standard of Care of a Physician; § 27-5 Medical Malpractice – Elements of Cause of Action – General Charge; § 27-8 Medical Malpractice – No Arbitrary Standard.

These are all instructions for use in medical malpractice actions, yet the term "medical certainty" is not required or even mentioned. The standard to which they refer is called the "most probably" rule, and, in medical malpractice cases, it requires expert testimony with reasonable certainty that *the injuries complained of most probably resulted from the defendant's negligence*. Merck has left 'most probably' out of the equation and instead freely substituted –i.e. *"to a reasonable degree of medical certainty, that Vioxx in fact caused his injuries."*

Neither of the two cases cited by Merck supports the proffered instruction. The citation to *Jinks v. Richland County*, 355 S.C. 341, 348-49 (S.C. 2003) is dicta in an action involving the death of an arrestee at a county detention center, to the effect that the plaintiff had "offered expert testimony that, to a reasonable degree of medical certainty, he would have survived if he had been properly monitored," and had therefore "presented evidence that failure to properly monitor his medical condition proximately caused his death."

Disher v. Synthes (U.S.A.), 371 F. Supp. 2d 764, 773 (D.S.C. 2005), the other case cited by Merck, actually says that "[U]nder South Carolina law, proffered expert testimony on the causal connection between a plaintiff's alleged injuries and a defendant's product **must meet the "most probably" standard** in order to satisfy a plaintiff's burden on causation. *See Baughman v. Am. Tel.*

*and Tel. Co.,* 306 S.C. 101, 111, 410 S.E.2d 537, 543 (1991). Thus, in order to survive summary judgment on the causation issue, plaintiff must not only proffer the testimony of a competent medical expert, but the testimony of a competent medical expert **who will "testify ⋯ that the result in question most probably came from the cause alleged."** (emphasis added.)

This is merely another way of stating the general rule that the plaintiff in a case such as this must prove causation is more probable than not, as opposed to a mere possibility. The Court in *Baughman v. Am. Tel. and Tel. Co.,* 306 S.C. 101, 111, 410 S.E.2d 537, 543 (1991), relied upon by the court in Disher, explained:

> "Our cases generally hold that, before expert testimony is admissible upon the question of the causal connection between plaintiff's injuries and the acts of the defendant, the testimony must satisfy the "most probably" rule. *Armstrong v. Weiland,* 267 S.C. 12, 225 S.E.2d 851 (1976); *Martin v. Mobley,* 253 S.C. 103, 169 S.E.2d 278 (1969); *Gambrell v. Burleson,* 252 S.C. 98, 165 S.E.2d 622 (1969). The rule has been succinctly stated as follows: It is not sufficient for the expert ⋯ to testify merely that the ailment might or could have resulted from the alleged cause. He must go further and testify that taking into consideration all the data **it is his professional opinion that the result in question most probably came from the cause alleged.** *Eubanks v. Piedmont Natural Gas Co.,* 198 F.Supp. 522, 526-27 (W.D.S.C.1961)*.
> 
> In determining whether particular evidence meets this test it is not necessary that the expert actually use the words "most probably." *Gamble v. Price,* 289 S.C. 538, 347 S.E.2d 131 (Ct.App.1986). It is sufficient that the testimony is such "as to judicially impress that the opinion ⋯ **represents his professional judgment as to the most likely one among the possible causes**⋯." *Norland v. Washington General Hospital,* 461 F.2d 694, 697 (8th Cir.1972)."Id at 111. (emphasis added)

Again, 'medical certainty' is not mentioned, nor is 'certainty' of any kind. Merck's insertion of the term 'certainty' would only mislead and confuse the jury as to the correct standard of proof. The term 'medical certainty,' and even the use of the word 'certainty,' imply a heightened

-4-

standard of proof. This is entirely different from the terms "most probably" or "most likely one among the possible causes," which were used by the South Carolina Supreme Court in *Baughman,* supra.

Finally, the law on this subject is already correctly and succinctly stated in the pattern instruction on causation. "While it is not necessary that the defendant must have contemplated or could have anticipated the particular event that occurred, liability cannot rest on mere possibilities." "Causation based upon a possibility rather than a probability is not sufficient for a plaintiff to recover in a products liability case." *Anderson*, S.C. Requests to Charge - Civil, § 32-15 (2002) Proximate Cause. See Plaintiff's requested instruction No.10.

Date: August 3, 2006                                                  Respectfully submitted,


By /s/ MARK P. ROBINSON, JR.
    Mark P. Robinson, Jr.
    Kevin F. Calcagnie
    Carlos A. Prietto, III
    Ted B. Wacker
    Lexi W. Myer
    ROBINSON, CALCAGNIE & ROBINSON
    620 Newport Center Dr., 7th Floor
    Newport Beach, California  92660
    Telephone:  (949) 720-1288
    Facsimile: (949) 720-1292

    Andy D. Birchfield, Jr.
    P. Leigh O'Dell
    BEASLEY, ALLEN, CROW,
    METHVIN, PORTIS & MILES, P.C.
    P.O. Box 4160
    234 Commerce Street
    Montgomery, Alabama  36103-4160
    Telephone:  (334) 269-2343
    Facsimile: (334) 954-7555

        Donald C. Arbitblit
LIEFF, CABRASER, HEIMANN and
BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, California   94111
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Counsel for Plaintiff

Russ M. Herman
Leonard A. Davis
Stephen J. Herman
HERMAN HERMAN KATZ & COTLER, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70013
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

Christopher A. Seeger
SEEGER WEISS
One William Street
New York, New York 10004
Telephone: (212) 584-0700
Facsimile: (212) 584-0799

*Co-Lead Counsel*

**PLAINTIFFS' LIAISON COUNSEL**

Richard J. Arsenault
NEBLETT, BEARD & ARSENAULT
220 Bonaventure Court
P.O. Box 1190
Alexandria, Louisiana 71301-1190
Telephone: (318) 487-9874
Facsimile: (318) 561-2591

Shelly Sanford
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, Texas 77002
Telephone: (713) 650-0022
Facsimile: (713) 650-1669

Elizabeth Cabraser
LIEFF, CABRESER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Drew Ranier
RANIER, GAYLE & ELLIOT, LLC
1419 Ryan Street
Lake Charles, Louisiana 70601
Telephone: (337) 494-7171
Facsimile: (337) 494-7218

Thomas Kline
KLINE & SPECTER, P.C.
1525 Locust St., 19th Floor
Philadelphia, Pennsylvania 19102
Telephone: (215) 772-1000
Facsimile: (215) 772-1371

Mark P. Robinson, Jr.
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Dr., 7th Fl
Newport Beach, California 92660
Telephone: (949) 720-1288
Facsimile: (949) 720-1292

| | |
|---|---|
| Arnold Levin<br>LEVIN FISHBEIN SEDRAN & BERMAN<br>510 Walnut Street, Suite 500<br>Philadelphia, Pennsylvania  19106-3875<br>Telephone:  (215) 592-1500<br>Facsimile:  (215) 592-4663 | Christopher V. Tisi<br>ASHCRAFT & GEREL<br>2000 L Street, NW, Suite 400<br>Washington, DC 20036-4914<br>Telephone:  (202) 783-6400<br>Facsimile:  (307) 733-0028 |

Gerald E. Meunier
GAINESBURGH,  BENJAMIN, DAVID,
MEUNIER & WARSHAUER
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2800
Telephone:  (504) 522-2304
Facsimile:  (504) 528-9973

**PLAINTIFF'S STEERING COMMITTEE**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on Defendants' Liaison Counsel, Phillip A. Witmann and Merck's Counsel, Andrew L. Goldman by e-mail and/or U.S. Mail, and e-mail upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using CM/ECF system which will send a Notice of Filing in accord with the procedures established in MDL 1657 on this 3rd day of August, 2006.

   /s/ Mark P. Robinson, Jr.
MARK P. ROBINSON, JR.