FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAR 17  AM 1:59

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: **VIOXX PRODUCTS LIABILITY LITIGATION** | MDL DOCKET NO. 1657 |
| | SECTION L |
| | JUDGE FALLON |
| **This document relates to** | MAGISTRATE JUDGE KNOWLES |
| Maudie F. Jones, et al. v. Merck & Co., et al. | CASE NO. 02:06CV729 |

### PLAINTIFFS' MOTION TO MODIFY PRETRIAL ORDER 18(b)

Plaintiffs, by counsel, hereby move this Court to modify Pretrial Order 18(b) to allow a more efficient and economical alternative to electronic filing of Plaintiff Profile Forms (PPFs) and the attachments thereto through LexisNexis File & Serve. As demonstrated in the motion filed by Roger C. Denton, Esq. in *Batt, et al. v. Merck & Co., Inc., et al.*, Civil Action No. 05-5139, the present requirement for electronic filing is wasteful of resources and places an unreasonable burden on plaintiffs in these actions. For the reasons set forth below, Plaintiffs respectfully request that PTO 18(b) be modified to give Plaintiffs the option of serving PPFs through LexisNexis or, in the alternative, and at the election of Plaintiffs, by serving a CD containing the PPF and attachments on counsel for defendants.

While this motion is filed in the captioned matter, the undersigned counsel have 54 cases already docketed before this Court and nearly a hundred more on the way. A list of those other 53 docketed cases, all of which may be affected by a ruling on the present motion, is attached hereto as Schedule A.

___ Fee___
___ Process___
_X_ Dktd___
_✓_ CtRmDep___
___ Doc. No.___

Paragraph 5 of PTO 18(b) requires that plaintiffs serve a hard copy of the completed PPF, authorizations, and responsive documents (primarily medical records) on Wilfred P. Coronato, Esq. of Hughes Hubbard and Reed. Paragraph 5 further requires plaintiffs to serve an electronic copy through LexisNexis File & Serve upon Mr. Coronato, three other defense counsel, and upon counsel for any other defendants in the action. The uploaded documents are to be sealed so that only the persons set forth in the preceding sentence have access. Stated differently, the sole function of electronic filing is to effect service on various counsel for the defendants even though a hard copy has been served on Mr. Coronato. The documents will not be available to anyone else, so there is no valid justification for uploading them and leaving them to occupy space on the LexisNexis server.

While electronic filing is normally an economical and expeditious way of handling service, the reverse is actually true with respect to the PPFs. LexisNexis can only accommodate uploading of files of approximately 2 megabyte size. Depending on the amount of data per page, this limit equates to between 20 and 75 pages once documents are converted to PDF format. Medical records, however, are typically far larger, requiring that counsel for plaintiffs break the medical records down into 2 MB packets for uploading. Medical records for a typical plaintiff can easily exceed 200 MB, thereby requiring that the records be broken down into 100 separate packets which must be individually uploaded along with the PPF and authorizations. This requires an inordinate amount of time and effort, both in breaking down the records and in the time required to actually upload them.

The actual act of uploading is itself incredibly time consuming. Depending on traffic and other variables, uploads over a broad band business connection take at least one minute per MB and often longer. As a result, uploading the PPF and attachments for a single plaintiff can easily take hours.

The problem is further compounded by the delays experienced in getting cases docketed and "live" on LexisNexis. PPFs are due 75 days after transfer of the action to this Court. In many cases, the 75 day period runs before the case is actually live and ready for filing through LexisNexis. In that case, counsel for plaintiffs must notify Dorothy Wimberly, Esq. (See, Minute Entry dated February 2, 2006). The response has been to grant an extension until 7 days after notification from Ms. Wimberly that the case is live and ready for filing. The net effect is to truncate the time for uploading thereby further exacerbating the hardship imposed by electronic filing. In paragraph 3 of his motion, Mr. Denton notes that it took 76 hours over nine days to prepare and upload files for 48 plaintiffs. If counsel has many plaintiffs transferred at the same time, it may be impossible to get the uploads done within a 7 day window.

Electronic filing of PPFs merely provides a central repository where defendants (only) can conveniently access the documents. At the same time, such filing imposes a significant cost on plaintiffs, both financially and in terms of the personnel and time needed to prepare and upload to LexisNexis. A hard copy is already being provided to Mr. Coronato and plaintiffs could easily provide the documents to him burned on CD and simply file a notice of service via LexisNexis. Mr. Coronato could then distribute the documents on CD to other defendants who requested them or upload them himself if defendants believe the utility of having the documents available on LexisNexis exceeds

the cost and inconvenience associated with uploading. Alternatively, plaintiffs themselves could directly serve the documents via CD upon all defendants and file a notice of service on LexisNexis.

Plaintiffs are not asking that the Court abandon LexisNexis for other purposes. Indeed, LexisNexis may be a more efficient and cost-effective method of service where there are minimal attachments to the PPF. Rather plaintiffs only seek relief from the time and expense associated with the present procedure for filing PPFs and their attachments, bearing in mind how little benefit is provided by electronic filing of these particular documents with their limited distribution and accessibility. Plaintiffs therefore respectfully request that PTO 18(b) be modified to give Plaintiffs the option of serving PPFs either through LexisNexis or by serving a CD containing the PPF and attachments on Mr. Coronato.

Respectfully submitted,

/s/ Brian Rattliff

Gregory J. Bubalo
D. Brian Rattliff
BUBALO & HIESTAND, PLC
401 S. Fourth Street, Suite 800
Louisville, Kentucky  40202
Telephone:  502.753.1600
Facsimile:   502.753.1601
brattliff@bhtriallaw.com

and

Ann B. Oldfather
OLDFATHER & MORRIS
1330 S. Third Street
Louisville, Kentucky 40208
Telephone: 502.637.7200
Facsimile: 502.637.3999
abo@omky.com

and

Tyler Thompson
DOLT THOMPSON SHEPHERD & KINNEY
310 Starks Building
Louisville, Kentucky 40202
Telephone: 502.587.6554
Facsimile: 502.587.0001
tthompson@kytrial.com
**Counsel for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been served on Liaison Counsel, Phillip Wittman and Russ M. Herman, by U.S. Mail, and upon all parties electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 15th day of March, 2006.

_____
D. Brian Rattliff

5

## SCHEDULE A

| Case Name | MDL No. |
|---|---|
| Ronald Smith, et al. v. Merck & Co., et al. | 06-726 |
| James Parsons, et al. v. Merck & Co., et al. | 06-727 |
| Gene Patterson, et al. v. Merck & Co., et al. | 06-728 |
| Bonnie Engle v. Merck & Co., et al. | 06-731 |
| James T. Bevins, et al. v. Merck & Co., et al. | 06-732 |
| James Howell, et al. v. Merck & Co., et al. | 06-733 |
| James W. Thompson, et al. v. Merck & Co., et al. | 06-736 |
| Jerry W. Kinslow, et al. v. Merck & Co., et al. | 06-737 |
| Carl D. Mahan, et al. v. Merck & Co., et al. | 06-738 |
| Samuel Bain, et al. v. Merck & Co., et al. | 06-739 |
| Wenceslaus Klimesh, et al. v. Merck & Co., et al. | 06-740 |
| Glen Kelly v. Merck & Co., et al. | 06-741 |
| Barry M. Kinslow v. Merck & Co., et al. | 06-742 |
| Barbara A. Reeves, et al. v. Merck & Co., et al. | 06-743 |
| Betty Wooldridge, et al. v. Merck & Co., et al. | 06-744 |
| Bernice Eversole, et al. v. Merck & Co., et al. | 06-745 |
| Earl G. Crank, et al. v. Merck & Co., et al. | 06-746 |
| Phillip Metcalf, et al. v. Merck & Co., et al. | 06-747 |
| Allen Dowell, et al. v. Merck & Co., et al. | 06-748 |
| Lois Zoll v. Merck & Co., et al. | 06-749 |
| Helen Dennison v. Merck & Co., et al. | 06-750 |

| Case Name | MDL No. |
|---|---|
| Lana Yaggie, et al. v. Merck & Co., et al. | 06-751 |
| Kim Young, et al. v. Merck & Co., et al. | 06-752 |
| William E. Garrett, et al. v. Merck & Co., et al. | 06-753 |
| William M. Adams, Jr., et al. v. Merck & Co., et al. | 06-754 |
| Linda Howard, et al. v. Merck & Co., et al. | 06-755 |
| Richard Wigginton, et al. v. Merck & Co., et al. | 06-756 |
| Sharon McDonald v. Merck & Co., et al. | 06-757 |
| Dennie Miller, et al. v. Merck & Co., et al. | 06-758 |
| George R. Hubbard, et al. v. Merck & Co., et al. | 06-760 |
| Joseph E. Newton, et al. v. Merck & Co., et al. | 06-761 |
| Elmer Smith, et al. v. Merck & Co., et al. | 06-762 |
| Violet Bailey, a disabled adult, by and through Linda Bader as Next Friend v. Merck & Co., et al. | 06-763 |
| Joyce Skillman v. Merck & Co., et al. | 06-764 |
| Charles Ball, et al. v. Merck & Co., et al. | 06-765 |
| Lucky Daniels, et al. v. Merck & Co., et al. | 06-766 |
| Lovell S. Cottrell v. Merck & Co., et al. | 06-767 |
| Charles Orange, et al. v. Merck & Co., et al. | 06-768 |
| Earl J. Estep, et al. v. Merck & Co., et al. | 06-769 |
| Michael T. Mooney, et al. v. Merck & Co., et al. | 06-770 |
| Juanita J. King v. Merck & Co., et al. | 06-771 |
| Mary Marjorie Staten, et al. v. Merck & Co., et al. | 06-772 |
| Bernard Griffin, et al. v. Merck & Co., et al. | 06-773 |

| Case Name | MDL No. |
|---|---|
| Anthony Long, as Personal Representative of the Estate of Mary Christine Green v. Merck & Co., et al. | 06-774 |
| Cleo D. Gilbert, et al. v. Merck & Co., et al. | 06-775 |
| Vanessa Wisenbaler v. Merck & Co., et al. | 06-776 |
| Charles Nantz, et al. v. Merck & Co., et al. | 06-777 |
| Annie Hendrix v. Merck & Co., et al. | 06-778 |
| Carolyn A. Ward v. Merck & Co., et al. | 06-779 |
| William E. Kaufman, a disabled adult by and through John Kaufman as Next Friend, et al. v. Merck & Co., et al. | 06-780 |
| Donna C. Russel, et al. v. Merck & Co., et al. | 06-781 |
| Delbert Rakes, et al. v. Merck & Co., et al. | 06-782 |
| Timmy Glass, et al. v. Merck & Co., et al. | 06-783 |