IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX® | : MDL Docket No. 1657 |
| | : |
| PRODUCTS LIABILITY LITIGATION | : SECTION L |
| | : |
| This document relates to: *Joyce Zilliot v. Merck & Co., Inc.* (E.D. La. 06-3652) | : JUDGE FALLON |
| | : |
| | : MAG. JUDGE KNOWLES |

## ANSWER AND JURY DEMAND OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, responds to Plaintiffs' Complaint ("Complaint") herein as follows:

### RESPONSE TO "PARTIES, JURISDICTION AND VENUE"

1. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint.

2. Merck admits that it is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey. Merck further admits that it manufactured, marketed, and distributed the prescription medicine Vioxx® and that Vioxx is Merck's trade name for rofecoxib.

3. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint.

4. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint.

5. Merck denies each and every allegation contained in paragraph 5 of the Complaint.

6. Denies each and every allegation contained in the first sentence of paragraph 6 of the Complaint and avers that Vioxx is the brand name for rofecoxib. Merck denies each and

every allegation contained in the second sentence of paragraph 6 of the Complaint and avers that Merck sought and received the approval of the United States Food and Drug Administration ("FDA") to manufacture and market the prescription medicine Vioxx and, until the voluntary withdrawal of Vioxx on September 30, 2004, did market Vioxx for the indicated uses set out in the relevant FDA approved prescribing information. Merck respectfully refers the Court to the FDA prescribing information for Vioxx's indicated uses. Merck admits that Vioxx is a selective COX-2 inhibitor and that the mechanism of action of Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

7. Denies each and every allegation contained in paragraph 7 of the Complaint, except Merck admits that on or about May 20, 1999, Merck sought and received approval from the U.S. Food and Drug Administration ("FDA") to manufacture and market the prescription medicine Vioxx. Merck further admits that Vioxx is Merck's brand name for rofecoxib.

8. Merck denies each and every allegation contained in paragraph 8 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

9. Merck denies each and every allegation contained in paragraph 9 of the Complaint.

10. Merck denies each and every allegation contained in paragraph 10 of the Complaint.

11. Merck denies each and every allegation contained in paragraph 11 of the Complaint.

12. Merck denies each and every allegation contained in paragraph 12 of the Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

13. Merck denies each and every allegation contained in paragraph 13 of the Complaint.

14. Merck denies each and every allegation contained in paragraph 14 of the Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

15. Merck denies each and every allegation contained in paragraph 15 of the Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

16. Merck denies each and every allegation contained in paragraph 16 of the Complaint except admits that the referenced studies exist and respectfully refer the Court to said studies for their actual language and full text.

17. Merck denies each and every allegation contained in paragraph 17 of the Complaint except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

18. Merck denies each and every allegation contained in paragraph 18 of the Complaint except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

19. Merck denies each and every allegation contained paragraph 19 of the Complaint except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing

information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

20. Merck denies each and every allegation contained in paragraph 20 of the Complaint except admits that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of Vioxx. Merck avers that that in a prospective, randomized, placebo controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared to those taking placebo. Merck further avers that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interests of patients.

21. Merck denies each and every allegation contained in paragraph 21 of the Complaint.

22. Merck denies each and every allegation contained in paragraph 22 of the Complaint.

23. Merck denies each and every allegation contained in paragraph 23 of the Complaint.

24. Merck denies each and every allegation contained in paragraph 24 of the Complaint.

25. Merck denies each and every allegation contained in paragraph 25 of the Complaint.

26. Merck denies each and every allegation contained in paragraph 26 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

27. Merck denies each and every allegation contained in paragraph 27 of the Complaint.

### RESPONSE TO "COUNT I: NEGLIGENCE"

28. With respect to the allegations contained in paragraph 28 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 27 of this Answer with the same force and effect as though set forth here in full.

29. Merck denies each and every allegation contained in paragraph 29 of the Complaint.

30. The allegations contained in paragraph 30 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectively refers the Court to the relevant state law standard, including any conflict of laws rules.

31. Merck denies each and every allegation contained in paragraph 31 of the Complaint, including subparagraphs a through i.

32. Merck denies each and every allegation contained in paragraph 32 of the Complaint.

33. Merck denies each and every allegation contained in paragraph 33 of the Complaint.

### RESPONSE TO "COUNT II: STRICT LIABILITY (FAILURE TO WARN)"

34. With respect to the allegations contained in paragraph 34 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 33 of this Answer with the same force and effect as though set forth here in full.

35. Merck denies each and every allegation contained in paragraph 35 of the Complaint.

36. Merck denies each and every allegation contained in paragraph 36 of the Complaint.

37. Merck denies each and every allegation contained in paragraph 37 of the Complaint.

### RESPONSE TO "COUNT III: STRICT LIABILITY (DESIGN DEFECT)"

38. With respect to the allegations contained in paragraph 38 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 37 of this Answer with the same force and effect as though set forth here in full.

39. Merck admits that it manufactured, marketed, and distributed the prescription drug Vioxx until Merck voluntarily withdrew Vioxx from the market on September 30, 2004. Merck denies each and every remaining allegation contained in paragraph 39 of the Complaint except lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's alleged use of Vioxx.

40. Merck denies each and every allegation contained in paragraph 40 of the Complaint except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the market on September 30, 2004.

41. Merck denies each and every allegation contained in paragraph 41 of the Complaint except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the last sentence of paragraph 41 of the Complaint.

42. Merck denies each and every allegation contained in paragraph 42 of the Complaint.

43. Merck denies each and every allegation contained in paragraph 43 of the Complaint.

44. Merck denies each and every allegation contained in paragraph 44 of the Complaint.

45. Merck denies each and every allegation contained in paragraph 45 of the Complaint.

46. Merck denies each and every allegation contained in paragraph 46 of the Complaint.

47. Merck denies each and every allegation contained in paragraph 47 of the Complaint.

48. Merck denies each and every allegation contained in paragraph 48 of the Complaint.

49. Merck denies each and every allegation contained in paragraph 49 of the Complaint.

50. Merck denies each and every allegation contained in paragraph 50 of the Complaint.

## RESPONSE TO "COUNT IV: NEGLIGENT FAILURE TO WARN"

51. With respect to the allegations contained in paragraph 51 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 50 of this Answer with the same force and effect as though set forth here in full.

52. Merck denies each and every allegation contained in paragraph 52 of the Complaint.

53. Merck denies each and every allegation contained in paragraph 53 of the Complaint.

54. Merck denies each and every allegation contained in paragraph 54 of the Complaint.

55. Merck denies each and every allegation contained in paragraph 55 of the Complaint.

### RESPONSE TO "COUNT V: MISREPRESENTATION"

56. With respect to the allegations contained in paragraph 56 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 55 of this Answer with the same force and effect as though set forth here in full.

57. Merck denies each and every allegation contained in paragraph 57 of the Complaint.

58. Merck denies each and every allegation contained in paragraph 58 of the Complaint, including subparagraphs a through e.

59. Merck denies each and every allegation contained in paragraph 59 of the Complaint.

60. Merck denies each and every allegation contained in paragraph 60 of the Complaint.

61. Merck denies each and every allegation contained in paragraph 61 of the Complaint.

62. Merck denies each and every allegation contained in paragraph 62 of the Complaint.

63. Merck denies each and every allegation contained in paragraph 63 of the Complaint.

64. Merck denies each and every allegation contained in paragraph 64 of the Complaint.

65. Merck denies each and every allegation contained in paragraph 65 of the Complaint.

66. Merck denies each and every allegation contained in paragraph 66 of the Complaint.

### RESPONSE TO "COUNT VI: BREACH OF WARRANTY"

67. With respect to the allegations contained in paragraph 67 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 66 of this Answer with the same force and effect as though set forth here in full.

68. The allegations contained in paragraph 68 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 68 of the Complaint.

69. Merck denies knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 69 of the Complaint.

70. The allegations contained in Paragraph 70 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 70 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

71. The allegations contained in paragraph 71 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 71 of the Complaint.

72. Merck denies each and every allegation directed at it contained in paragraph 72 of the Complaint.

### RESPONSE TO "COUNT VII: BREACH OF EXPRESS WARRANTY"

73. With respect to the allegations contained in paragraph 73 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 72 of this Answer with the same force and effect as though set forth here in full.

74. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 74 of the Complaint.

75. Merck denies each and every allegation contained in paragraph 75 of the Complaint.

76. The allegations in paragraph 76 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 76 of the Complaint.

### RESPONSE TO "COUNT VIII: FRAUD"

77. With respect to the allegations contained in paragraph 77 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 76 of this Answer with the same force and effect as though set forth here in full.

78. Merck denies each and every allegation contained in paragraph 78 of the Complaint.

79. Merck denies each and every allegation contained in paragraph 79 of the Complaint.

### RESPONSE TO "COUNT IX: UNJUST ENRICHMENT"

80. With respect to the allegations contained in paragraph 80 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 79 of this Answer with the same force and effect as though set forth here in full.

81. Merck denies each and every allegation contained in paragraph 81 of the Complaint.

82. Merck denies each and every allegation contained in paragraph 82 of the Complaint.

83. Merck denies each and every allegation contained in paragraph 83 of the Complaint.

### RESPONSE TO "COUNT X: PUNITIVE DAMAGES"

84. With respect to the allegations contained in paragraph 84 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 83 of this Answer with the same force and effect as though set forth here in full.

85. The allegations contained in paragraph 85 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required and to the extent the allegations in paragraph 85 of the Complaint are directed towards Merck, Merck denies each and every allegation contained in paragraph 85 of the Complaint.

86. Merck denies each and every allegation contained in paragraph 86 of the Complaint, including subparagraphs a through f.

87. Merck denies each and every allegation contained in paragraph 87 of the Complaint, including subparagraphs a through g.

## AFFIRMATIVE DEFENSES

88. Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

89. The Complaint fails to state a claim upon which relief can be granted.

90. Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

91. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

92. To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

93. To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

94. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

95. Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative negligence.

96. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

97. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

98. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

99. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this Defendant is not responsible.

100. To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

101. Plaintiff's claims are barred in whole or in part under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

102. Plaintiff's claims are barred in whole or in part by the First Amendment.

103. Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

104. Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

105. Plaintiff's claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

106. Plaintiff's claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

107. This case is more appropriately brought in a different venue.

108. To the extent Plaintiff settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

109. To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

110. Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate the alleged damages.

111. Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b) and Pennsylvania Rule of Civil Procedure 1019(b).

112.   Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

113.   To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

114.   Plaintiff's demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

115.   To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

116.   Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

**JURY DEMAND**

Merck demands a trial by jury as to all issues so triable.

Dated: August 7th, 2006

Respectfully submitted,

*/s/ Dorothy H. Wimberly*

Phillip A. Whittmann, 13625
Dorothy H. Wimberly, 18509
Camelite M. Bertaut, 3054
Stone Pigman Walther Whittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

Fred T. Magaziner
Joseph K. Hetrick
A. Elizabeth Balakhani
Joshua G. Schiller
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
Phone: (215) 994-4000
Fax: (215) 994-2222

Counsel for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Jury Demand of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 7th day of August, 2006.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

819473v.1