IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| IN RE: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1657 |
| | SECTION: L |
| THIS RELATES TO: | Plaintiff: Wynette Carolyn Burke |
| Civil Action No. 06-1746 | Judge Eldon E. Fallon<br>Magistrate Judge<br>Daniel E. Knowles, III |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WYNETTE CAROLYN BURKE ("Plaintiff"), and files this complaint against MERCK & CO., INC., and would show the following:

### I.
### Parties

1.  Plaintiff Wynette Carolyn Burke is a citizen of the State of Texas and resides in the Northern District of Texas.

2.  Defendant Merck & Co., Inc., ("Merck") is a corporation incorporated under the laws of New Jersey, and has its principal place of business and corporate headquarters in White House Station, New Jersey. It is authorized to do business in Texas as a registered foreign corporation, and is doing business throughout the State of Texas, by and through its duly authorized agents, servants, employees and representatives. Pursuant to Pretrial Order #15, Merck & Co., Inc. has agreed to waive service of process for Vioxx-related individual cases filed.

## II.
## Jurisdiction and Venue

3. This court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1332(a)(1), because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds the sum specified by 28 U.S.C. § 1332(a), seventy-five thousand dollars, ($75,000) excluding interest and costs.

4. Venue is proper in this Court under 28 U.S.C. § 1391(a)(2), because jurisdiction is based solely on diversity of citizenship under 28 U.S.C. 1332(a)(1), and a substantial part of the events or omissions giving rise to the claims stated herein occurred in the Northern District of Texas.

## III.
## Facts

5. This suit arises out of the heart attack suffered by Wynette Carolyn Burke on or around June 11, 2002.

6. Prior to suffering her heart attack, Ms. Burke had been given a drug product known by the brand name "Vioxx," for pain relief. Unaware that Vioxx was dangerous, Wynette Carolyn Burke ingested Vioxx beginning in September of 2001 and up through the time of her heart attack. The drug product Vioxx was designed, manufactured, marketed, sold, and/or supplied by Merck.

## IV.
## Count 1: Negligence and Gross Negligence

7. Defendant Merck and its agents, servants, and employees, engaged in several acts and omissions constituting negligence and gross negligence and such acts and omissions, among others, are as follows:

a)   In failing to provide adequate warnings to physicians and their patients of the risk of serious injury, including but not limited to heart attack, stroke, acute hypertension, and other neurological and cardiovascular events or disorders, to people taking Vioxx, and of precautionary measures required to avoid such risks. To the extent that Merck provided such warnings and such warnings accompanied the units of Vioxx disseminated to Wynette Carolyn Burke and/or her physicians, pharmacists or other health care providers and were approved by the United States Food and Drug Administration (FDA); then Plaintiff asserts that Merck, before or after pre-market approval or licensing Vioxx, withheld from or misrepresented to the FDA required information that was material and relevant to the performance of Vioxx and was causally related to to Wynette Carolyn Burke's injury. Among other things, Merck misrepresented to or actively concealed from the FDA, physicians, pharmacists, and other health care providers:

(1)   That Vioxx produced statistically significant increases in side effects, including heart attack, hypertension, stroke, and other neurological or cardiovascular effects which could result in serious injury or death;

(2)   That there had been insufficient studies of the safety and efficacy of Vioxx before it was released for the market, including inadequate studies to adequately characterize the risks that Vioxx could cause heart attacks, hypertension, stroke and other serious neurological and cardiovascular effects;

(3)   That studies showed serious adverse risks from taking Vioxx;

    (4) That the risk of heart attack and stroke was much higher than had been reported in the medical and scientific literature.

 b) In failing to promptly and adequately investigate reports of heart attack, stroke, acute hypertension, and other neurological and cardiovascular disorders occurring in people taking Vioxx, and failing to promptly and adequately report evidence concerning these dangerous side effects of Vioxx to the FDA and prescribing physicians and other health care providers and/or to the general public.

 c) In failing to take other reasonable and necessary steps, relating to the research, testing and development of Vioxx, so as to provide a reasonable assurance that the product would not result in catastrophic cardiac or neurological injury to people who might take Vioxx.

8. Merck committed the acts and omissions described above with actual and subjective awareness that Vioxx caused an elevated risk of heart attack, stroke, hypertensive abnormalities and other adverse neurological or cardiovascular effects in users of Vioxx. This risk is extreme when one considers the prevalence of Vioxx and the large numbers of users, the probability of potential harm to users, and the magnitude of the harm. Despite its awareness of this risk, Merck proceeded to market, manufacture, and distribute Vioxx with a conscious indifference to the rights, safety, or welfare of others. Such acts and omissions on the part of Merck rise to the level of gross negligence.

9. The acts and omissions constituting negligence and gross negligence described herein were each a proximate cause of the occurrence in question and the injuries and damages suffered by to Wynette Carolyn Burke as a result of her heart attack.

## V.
## Count 2:  Products Liability

10. Defendant Merck expressly and/or impliedly warranted to the public generally, including to Wynette Carolyn Burke, that the product in question was of merchantable quality, and was safe and fit for the purposes intended when used under ordinary conditions and in an ordinary manner in accordance with the recommended dosages according to Merck.

11. Merck breached such warranties by selling Vioxx when Vioxx was not safe and not fit for the purposes intended in that it presented an unreasonable and substantial risk of heart attack, stroke, acute hypertension, and other neurological and cardiovascular events or disorders, which risks were not disclosed to to Wynette Carolyn Burke.

12. Further, Vioxx was in a defective condition at the time it left the control of Merck and at the time it came into the control of to Wynette Carolyn Burke.  The product in question was intended to provide users pain relief, but it caused an unreasonable and elevated risk of heart attacks, stroke, acute hypertension, and other neurological and cardiovascular events or disorders.  The chemical design of the product as released on the market and provided to to Wynette Carolyn Burke and her physician could have been made safer by the elimination of these dangerous side effects, but Merck failed to do so.

13. Vioxx was also manufactured and distributed in a defective condition because Merck failed to adequately warn or instruct the general public, to Wynette Carolyn Burke, and her physicians, pharmacists, and other health care providers regarding the risks involved in its use and how to avoid such risks.  In this regard, Plaintiff incorporates and reasserts her allegations set forth in paragraph 7 (a).

14. The defects of the product in question and the breaches of warranties, both express and implied, described herein, were each a producing cause of the occurrence in question and the injuries and damages suffered by to Wynette Carolyn Burke as a result of her heart attack.

15. For these claims of products liability, Plaintiff invokes the doctrine of strict liability in tort, as that term is understood and applied under all applicable law.

## VI.
## Damages

16. As a result of this occurrence and the wrongful conduct of Merck, to Wynette Carolyn Burke has sustained personal injuries and damages.

17. As a result of this occurrence, to Wynette Carolyn Burke suffered and continues to suffer physical pain and mental anguish, and has incurred and will continue to incur economic damages, including medical bills and lost wages.

18. Additionally, Merck acted with gross negligence. Accordingly, Plaintiff to Wynette Carolyn Burke is entitled to exemplary damages from Merck in accordance with the provisions of Texas Civil Practice and Remedies Code, § 41.001, *et. seq.*

19. Plaintiff further pleads for an award of prejudgment and post-judgment interest at the highest rate allowable under the law.

## VII.
## Jury Demand

20. Plaintiff asserts her right under the Seventh Amendment to the United States Constitution, and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues. Plaintiff has tendered the required fee.

## VIII.
## Prayer

21. Thus, Plaintiff asks that Merck be cited to appear and answer herein; that upon trial hereof, Plaintiff have judgment of the Court against Defendant Merck, in a total amount of money substantially in excess of the minimum jurisdictional limit of this Court, together with prejudgment and post-judgment interest as provided by applicable laws; for all costs of court; and for such other and further relief, both general and special, legal and equitable, to which they have shown or may show themselves justly entitled.

Respectfully submitted,

**WHITEHURST, HARKNESS, OZMUN & BREES, P.C.**
1122 Colorado Street, 24th Floor
P. O. Box 1802
Austin, Texas 78767
512/ 476-4446
512/ 476-4400 (fax)

By: _____
SCOTT OZMUN
State Bar No. 15392740
JEFF EDWARDS
State Bar No. 24014406

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing Plaintiff's First Amended Complaint has been served on Liaison Counsel, Russ Herman and Phillip Wittmann by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that foregoing was filed with the Clerk of Court of the United State District for the Eastern District of Louisiana by U.S. Mail on this the ___ day of July, 2006.

SCOTT OZMUN
State Bar No. 15392740
Attorney for Plaintiff
WHITEHURST, HARKNESS, OZMUN &
BREES, P.C.
1122 Colorado Street, 24th Floor
P. O. Box 1802
Austin, Texas 78767
512/ 476-4346
512/ 476-4400 (Fax)
sozmun@whoalaw.com