UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION | MDL No. 1657<br><br>Section L<br><br>Judge Eldon E. Fallon<br><br>Magistrate Judge Daniel E. Knowles, III |

**THIS DOCUMENT RELATES TO:**
*Robert G. Smith v. Merck & Co., Inc.*, Case No. 2:05-CV-04379

_____

**PLAINTIFF'S MOTION TO EXCLUDE OR, IN THE ALTERNATIVE, MOTION IN LIMINE CONCERNING EVIDENCE OR DISCUSSION CONCERNING DEFENDANT'S ALLEGED GOOD REPUTATION AND/OR "GOOD ACTS"**

(Plaintiff's Motion in Limine No. 3)

**TO THE HONORABLE JUDGE OF SAID COURT:**

Before voir dire examination of the jury panel, and out of hearing of the jury, Plaintiff R. Gary Smith, by and through his undersigned counsel, respectfully moves the Court for an order excluding all evidence, references, testimony and/or argument relating to Defendant Merck & Co., Inc.'s ("Merck") 's alleged good reputation and/or "good acts" that are improper, irrelevant and/or unduly prejudicial. If Defendant injects these matters into the trial of this cause through a party, an attorney, or a witness, Defendant will cause irreparable harm to Plaintiff's case and the fairness of the trial, which no jury instruction could cure. If any of these matters are brought to the attention of the jury, directly or indirectly, Plaintiff could be compelled to move for a mistrial. In an effort to avoid undue prejudice and a possible mistrial, Plaintiff Smith moves to exclude such matters. In the alternative, Plaintiff Smith seeks a motion in limine requiring that Defendant first approach the

1

bench and ask for a ruling before attempting to introduce or refer to such evidence and/or issues at trial.

## INTRODUCTION

Plaintiff believes that Defendant may attempt to introduce evidence or testimony, or discuss before the jury, its purported good reputation and/or other alleged good acts in an attempt to appeal to the jury's sympathies and reduce any damages assessed against it. Such evidence is not relevant to the issues for the jury to resolve in this case, and the introduction of such evidence would be unfairly prejudicial, confuse the issues, and mislead the jury.

Plaintiff believes that such testimony may include but is not limited to:

1. Merck's Patient Assistance Program whereby uninsured individuals can obtain prescription medication at no cost to the patient or at a significantly reduced price;
2. Merck's sizeable donations of HIV vaccines to Africa while working with Bill Gates and the government of Botswana;
3. Merck's donation of medications to combat "River Blindness" - a disease that strikes rural villages in Africa – to all impacted villages through the Mectizan program, in which Merck is partnered with Jimmy Carter and the Carter Foundation; and
4. The fact that Merck develops drugs that treat and cure disease.

## DISCUSSION

**I.   EVIDENCE OR DISCUSSION OF MERCK'S SPECIFIC GOOD ACTS OR GOOD REPUTATION ARE INADMISSIBLE UNDER FED. R. EVID. 608.**

There is no federal rule that provides for the admission of evidence of corporate character. Instead, FED. R. EVID. 404 and 405 both refer only to "persons." Similarly, Rules 608 and 609 refer only to a "witness." The only federal rule that comes close to addressing corporate character is Rule 406, which addresses the routine practices of organizations. It states:

> Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity

with the habit or routine practice.

Nothing about any of the alleged acts listed above even rises to the level of corporate habit let alone does any act listed have anything whatsoever to do with whether Defendant properly warned Plaintiff Smith's doctor concerning the cardiovascular effects of ingesting Vioxx. As the result, none of the acts is relevant to the claims made here and all evidence and argument concerning them should be excluded.

Even if Rules 404 and 405, and 608 and 609 could somehow be extended to encompass corporations, however, the result would be the same. Under FED. R. EVID. 608(a),

> The credibility of a witness may be attacked *or supported* by evidence in the form of opinion or reputation, but *subject to these limitations*: (1) the evidence may refer only to *character for truthfulness or untruthfulness*, and (2) evidence of truthful character is *admissible only after the character of the witness for truthfulness has been attacked* by opinion or reputation evidence or otherwise.

(Emphasis added). In addition, "Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness. . . may not be proved by extrinsic evidence." Moreover, "Evidence of *a person's* character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion." FED. R. EVID. 404.

> After careful consideration over a number of years, the Evidence Rules Committee has concluded that character evidence should not be admitted to prove conduct in a civil case. The circumstantial use of character evidence is fraught with peril in any case, because it could lead to a trial of personality and could cause the jury to decide the case on improper grounds. The risks of character evidence historically have been considered worth the costs where a criminal defendant seeks to show his good character or the pertinent bad character of the victim. This so-called 'rule of mercy' is thought necessary to provide a counterweight to the resources of the government, and is a recognition of the possibility that the accused, whose liberty is at stake, may have little to defend with other than his good name. But none of these considerations is operative in civil

3

> litigation. In civil cases, the substantial problems raised by character evidence were considered by the Committee to outweigh the dubious benefit that character evidence might provide.

2006 US ORDER (C.O. 22), II Action Items, 4/12/06.

In the instant case, whether Merck is a "good company," gives away prescription drugs in foreign countries, or makes drugs that cure disease has absolutely no bearing on Merck's knowledge of the dangers of Vioxx, the adequacy of Merck's warning label concerning Vioxx's propensity to cause thrombotic cardiovascular and cerebrovascular events, and in particular, the heart attack suffered by Garry Smith. Merck's character is not an element of any claim or defense. Such evidence is neither legally nor logically relevant to any fact that is of consequence in this matter, and, for that reason, must be excluded. *See* FED. R. EVID. 401, 402; KRE 401, 402.

## II.   EVEN IF EVIDENCE OR DISCUSSION OF MERCK'S GOOD ACTS AND REPUTATION WERE RELEVANT, IT SHOULD BE EXCLUDED UNDER RULE 403.

Should this Court determine that evidence or discussion of Merck's good acts and reputation is relevant - and Plaintiff respectfully submits the Court should make no such finding - that does not end the inquiry. Rule 403 provides, "Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. FED. R. EVID. 403.

The probative value, if any, of evidence that Merck is a "good corporate citizen" would be substantially outweighed by all the risks against which Rule 403 warns. Because Merck's prior good acts are not at issue in this case, such testimony would only serve to confuse and mislead the jury. It would also serve to unduly prejudice Plaintiff by causing the jury to align itself with Merck based solely on these "good acts," and to ignore the evidence specific to Plaintiff's allegations.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant his motion to exclude any evidence or discussion concerning Merck's reputation and other "good acts." In the alternative, Plaintiff Smith seeks a motion in limine requiring that Defendant first approach the bench and ask for a ruling before attempting to introduce or refer to such evidence and/or issues at trial.

Dated:  August 7, 2006

Respectfully submitted,

Drew Ranier
Louisiana Bar No. 8320
**RANIER, GAYLE & ELLIOT LLC**
1419 Ryan Street
Lake Charles, Louisiana 70601
(337) 494-7171; fax (337) 494-7218

/s/ Grant Kaiser
Grant Kaiser
Texas Bar No. 11078900
**THE KAISER FIRM LLP**
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
(713) 223-0000; fax (713) 223-0440

Walter Umphrey
Texas Bar No. 20380000
**PROVOST UMPHREY LAW FIRM LLP**
490 Park Street
Beaumont, Texas 77701
(409) 835-6000; fax (409) 838-8888

Mikal Watts
Texas Bar No. 20981820
**THE WATTS LAW FIRM LLP**
Tower II Building, 14th Floor
555 North Carancahua Street
Corpus Christi, Texas 78478
(361) 887-0500; fax (361) 887-0055

James L. "Larry" Wright
Texas Bar No. 22038500
**THE WATTS LAW FIRM LLP**
111 Congress Avenue, Suite 1010
Austin, Texas 78701
(512) 479-0500; fax (512) 473-0328

John Eddie Williams, Jr.
Texas Bar No. 21600300
Jim Doyle
Texas Bar No.6094450
**WILLIAMS BAILEY LAW FIRM LLP**
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
(713) 230-2200; fax (713) 643-6226

ATTORNEYS FOR PLAINTIFF ROBERT G. SMITH

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing document has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 7th day of August, 2006.

/s/ Grant Kaiser
Grant Kaiser
**THE KAISER FIRM LLP**
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
(713) 230-0000; fax (713) 230-0440
gkaiser@thekaiserfirm.com

cc:   By email only:

Robert Van Kirk          rvankirk@wc.com
**Williams & Connolly LLP**
725 Twelfth Street Northwest
Washington, D.C.  20005
(202) 434-5000; fax (202) 434-5029

Carrie A. Jablonski          carrie.jablonski@bartlit-beck.com
**Bartlit, Beck, Herman, Palenchar & Scott LLP**
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
(312) 494-4400; fax (312) 494-4440