UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| **This document relates to** | * | |
| **Case No. 2:05-CV-04379** | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| **ROBERT G. SMITH**, | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| **MERCK & CO., INC.**, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * | | |

**MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANT MERCK & CO. INC. ("MERCK") TO EXCLUDE TESTIMONY OR ARGUMENT THAT MERCK (1) SHOULD OR COULD HAVE UNILATERALLY CHANGED THE VIOXX® LABEL TO INCLUDE THE VIGOR DATA; OR (2) "DRAGGED ITS FEET" TO PREVENT THE <u>VIGOR DATA FROM BEING ADDED TO THE VIOXX LABEL</u>**

**(MOTION IN *LIMINE* NO. 2)**

Based on the facts of this case, plaintiff should be precluded from offering testimony or arguing that Merck could or should have unilaterally modified the Vioxx label to include the data from the VIGOR study or that Merck "dragged its feet" in changing the Vioxx label.  In prior trials, plaintiffs have argued that Merck could have amended the Vioxx label to include data from the VIGOR study without prior FDA approval, by using the "Changes Being Effected" or "CBE" procedure.  Plaintiff should be precluded from making that argument here for one very

822941v.1

simple reason: *Smith* is a post-VIGOR label case.  As the Court no doubt recalls, Merck received the unblinded data from the VIGOR study in March 2000.  In April 2002, the data were added to the Vioxx label in a way that was approved by the FDA.  Because the VIGOR data were incorporated into Merck's FDA-approved Vioxx label six months *before* Mr. Smith started taking Vioxx in October 2002, any evidence or argument that Merck should have used the CBE procedure to add the VIGOR data to the Vioxx label sooner than it did is wholly irrelevant to Mr. Smith's case.  For this same reason, evidence that Merck allegedly delayed or resisted changing the label to include the VIGOR data is irrelevant, as is all evidence of label negotiations between Merck and the FDA.  The Court should exclude all testimony (including expert testimony) on these matters, and should preclude plaintiff from offering evidence (including draft labels) that purportedly shows that Merck "dragged its feet" in negotiating with the FDA over what ultimately became the April 2002 Vioxx label.

## I. PLAINTIFF'S ARGUMENT THAT MERCK SHOULD HAVE ADDED THE VIGOR DATA TO THE VIOXX LABEL SOONER IS IRRELEVANT IN THIS CASE.

In *Plunkett* and *Barnett*, the Court permitted experts on both sides to provide opinions on the CBE issue.  But those cases were different from *Smith*, in one critical respect: they involved both pre- and post-VIGOR label usage.  This case, in contrast, is the first one too be tried in this Court in which the plaintiff claims to have used Vioxx only after April 2002.  Any testimony or argument that Merck could or should have unilaterally modified the Vioxx label to include the VIGOR data prior to April 2002 is therefore inadmissible.  Because the VIGOR data were in the Vioxx label well before Mr. Smith received his first prescription for the drug, it makes no difference if this data had been added in April 2000, 2001, or 2002, as was the case.  The post-VIGOR label was in effect at all times relevant to Mr. Smith's claims.

In the *Plunkett* retrial, plaintiff argued that Merck could and should have used the CBE procedure to add the VIGOR data about adverse cardiovascular events to the Vioxx label. (*Plunkett v. Merck* Trial Tr. at 2336:17-2338:24, attached hereto as Ex. A.)  In that case, Richard Irvin began taking Vioxx in April 2001 – after the VIGOR data had been unblinded – and passed away in May 2001 – before the April 2002 label, which included the VIGOR results, came out.  Based on these facts, plaintiff was permitted to ague to the jury that, if the Vioxx label had included the VIGOR data about adverse cardiovascular events, Mr. Irvin's prescribing physician would not have prescribed the drug to Mr. Irvin and Mr. Irvin would not have continued taking the drug.

Here, in contrast, plaintiff cannot make the same argument.  The testimony of platiniff's designated labeling expert, Dr. Kapit – and any other expert testimony on this issue – thus has no probative value.  (*See, e.g.*, *Plunkett v. Merck* Trial Tr. at 1116:2-1194:9 (Test. of Dr. Kapit).) The VIGOR data were in the Vioxx label by April 2002, six months before Mr. Smith claims to have received his first Vioxx prescription.  Accordingly, testimony and argument that Merck: (i) could or should have unilaterally modified the Vioxx label to add the VIGOR results sooner than it did; and (ii) "dragged its feet" in changing the Vioxx label to include information about the cardiovascular events that occurred in the VIGOR study is entirely irrelevant to plaintiff's claims.

**II.    CONCLUSION.**

For the reasons stated above, Merck respectfully requests that the Court exclude all testimony and argument that Merck: (i) could or should have unilaterally modified the Vioxx label to add the VIGOR results sooner than it did; and (ii) "dragged its feet" in changing the Vioxx label to include information about the cardiovascular events that occurred in the VIGOR study.

Dated:  August 7, 2006

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Andrew Goldman
Carrie A. Jablonski
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:     312-494-4440

Richard B. Goetz
Ashley A. Harrington
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:     213-430-6407

And

Douglas R. Marvin
Robert A. Van Kirk
Emily Thacher-Renshaw
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:     202-434-5029

Attorneys for Merck & Co., Inc.

822941v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum in Support of Motion of Merck to Exclude Testimony or Argument that Merck (1) Should or Could Have Unilaterally Changed the Vioxx Label to Include the VIGOR Data; or (2) "Dragged its Feet" to Prevent the VIGOR Data From Being Added to the Vioxx Label has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 7th day of August, 2006.

　　　　　　　　　　　　　　　　　　　　　_/s/ Dorothy H. Wimberly_____