UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 2:05-CV-04379 | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| ROBERT G. SMITH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * | | |

**MEMORANDUM IN SUPPORT OF OMNIBUS MOTION OF MERCK & CO., INC. ("MERCK") FOR ORDER EXCLUDING EVIDENCE AND TESTIMONY <u>ON ISSUES PREVIOUSLY ADDRESSED BY THE COURT</u>**

**(MOTION IN *LIMINE* NO. 6)**

By way of this motion, Merck moves to exclude evidence and testimony on issues that have been previously presented to the Court.[1] For motions that raise new issues or arguments, Merck is concurrently filing stand-alone motions in *limine*.

As explained further below, Merck moves to exclude: (i) all "Warning Letters" and other informal "Untitled Letters" (collectively "informal FDA letters") from the Food and Drug

---

[1] The Court has granted or reserved ruling on several of these motions. Where the Court has previously denied Merck's motions, and is not inclined to change its ruling, Merck has incorporated the motions here in order to preserve Merck's record for appeal.

Administration ("FDA"); (ii) the testimony of Eric J. Topol, M.D.; (iii) any evidence or argument suggesting Adverse Event Reports and case reports are sufficient to show causation or fault; (iv) unreliable and irrelevant medical and scientific evidence; (v) the Fries Letter and related evidence; and (vi) evidence relating to the *New England Journal of Medicine*'s ("*NEJM*'s") December 2005 "Expression of Concern." The Court's prior rulings on each of these issues – citations to which are provided in the body of this brief – are as follows:

| No. | Issue | Ruling in *Plunkett v. Merck* | Ruling in *Barnett v. Merck* |
|---|---|---|---|
| 1 | Informal FDA Communications | DENIED IN PART<br><br>The Court reserved ruling, but later admitted a September 2001 FDA letter about Vioxx-related marketing activities. | DENIED IN PART<br><br>Again, the Court admitted the September 2001 letter at trial. |
| 2 | Testimony of Eric J. Topol, M.D. | DENIED<br><br>The Court overruled most of Merck's objections to the designated portions of Dr. Topol's testimony. | DENIED IN PART; GRANTED IN PART<br><br>The Court sustained Merck's objections to the following: (i) hearsay testimony; (ii) Dr. Topol's handwritten notes; and (iii) leading questions. |
| 3 | Adverse Event Reports and Case Reports | DENIED<br><br>The Court denied this motion as over-broad. | N/A |
| 4 | Unreliable and Irrelevant Scientific Evidence | DENIED<br><br>In denying the motion, the Court explained, "This depends on proof." | N/A |
| 5 | The Fries Letter | GRANTED<br><br>Although the Court reserved ruling on Merck's motion in *limine*, it later excluded the Fries Letter from evidence. | GRANTED<br><br>The Court again excluded the Fries Letter, explaining that it "contains hearsay and hearsay within hearsay." |
| 6 | The *NEJM* "Expression of Concern" | GRANTED<br><br>The Court denied the motion in *limine*, but later sustained Merck's objection to Dr. Curfman reading the document into the record. | RESERVED<br><br>The Court reasoned that this letter "may go to credibility," but "its relevance is in rebuttal or cross." |

Merck respectfully requests that the Court exclude all of this evidence, for the reasons stated below and in Merck's prior briefing.

I.   **THE COURT SHOULD EXCLUDE ALL INFORMAL COMMUNICATIONS FROM THE FDA.**

*Merck's Position*:  Merck requests an order excluding all informal communications from the FDA, including: (i) any Warning Letters or Untitled Letters from the FDA relating to Vioxx, such as Plaintiff's Exhibit 1.0006; and (ii) any such letters relating to *other* drugs manufactured by Merck, such as Plaintiff's Exhibit 1.2126.  Dr. Grefer testified at his deposition that he had never seen the September 2001 Warning Letter the Court admitted in *Plunkett* (Pl.'s Ex. 1.0006) – and that, even if he had been made aware of the letter or its contents, this information would not have impacted his decision to prescribe Vioxx to Mr. Smith.  (*See* July 27, 2006 Trial Deposition of Michael A. Grefer, M.D. at 100:1-14, 101:5-8, 113:17-114:7, 125:3-7, attached hereto as Ex. A; June 29, 2006 Trial Deposition of Michael A. Grefer, M.D. at 56:16-59:2, attached hereto as Ex. B.)  These informal communications are irrelevant, and their admission would confuse the jury, unduly prejudice Merck, and waste judicial resources.  The letters also constitute inadmissible hearsay.  Informal communications from the FDA relating to drugs *other* than Vioxx are especially irrelevant, unduly prejudicial, and confusing given that this case is about Vioxx, not other drugs.

*Prior Rulings*:  In *Plunkett*, the Court admitted Exhibit 1.0006 on the ground that it was relevant to plaintiff's contention that Merck allegedly rushed Vioxx to market. (*See* Dec. 5, 2005 Tr. in *Plunkett v. Merck (Plunkett I)* at 1446:9-1450:1, attached hereto as Ex. C; Feb. 16, 2006 Tr. in *Plunkett v. Merck (Plunkett II)* at 2073:8-2089:2, attached hereto as Ex. D.)  In *Barnett*, the Court denied Merck's motion in *limine* on the ground that Exhibit 1.0006 was relevant to Merck's knowledge, advertisements, "Dear Doctor" letters, and "duty regarding its sales force."

3

(*See* June 28, 2006 Order re Merck's Motions in *Limine* at 9.) Merck respectfully disagrees with these prior rulings on Exhibit 1.0006 and requests that the Court revisit them. Merck also requests that the Court continue to keep out any informal FDA communications relating to drugs other than Vioxx.

*Prior Briefing*: Merck hereby incorporates by reference its prior motions on this issue, as if fully set forth herein. (*See* Motion to Exclude FDA Warning Letters and Inadmissible Hearsay Statements Made By FDA Employees Regarding Vioxx (Motion in *Limine* No. 4), filed in *Plunkett v. Merck* on Nov. 4, 2005 and Jan. 30, 2006 (Record Docket Nos. 1269 and 3026); Motion for Order Excluding Informal Communications from the FDA Concerning Promotional Materials (Motion in *Limine* No. 2), filed in *Barnett v. Merck* on June 16, 2006 (Record Docket No. 5308).)

## II.     THE COURT SHOULD EXCLUDE DR. TOPOL'S TESTIMONY.

*Merck's Position*: Merck seeks to exclude Dr. Topol's testimony on two broad topics. First, the Court should exclude any testimony concerning events or documents that post-date February 2003. As the Court noted in permitting Dr. Topol to testify in *Plunkett I*, his testimony is relevant only to the extent it addresses "what Merck knew and when they knew it." (Nov. 29, 2005 Tr. in *Plunkett v. Merck (Plunkett I)* at 12:6-7, attached hereto as Ex. E.) Testimony about issues subsequent to Mr. Smith's injury is irrelevant to what Merck allegedly knew during the relevant time period. Second, the Court should preclude plaintiff from offering any testimony on subjects – such as labeling and marketing – that exceed the bounds of Dr. Topol's purported expertise. By his own admission, Dr. Topol is not an expert in labeling or regulatory issues. (Deposition of Eric Topol, M.D. at 542:9-15, attached hereto as Ex. F.) And nothing in his education or experience gives him the background necessary to opine on what he suggests are Merck's improper marketing practices. (*Id.* at 27:4-28:4.)

4

822932v.1

***Prior Rulings*:** In *Plunkett* and *Barnett*, the Court overruled the bulk of Merck's objections to the designated portions of Dr. Topol's testimony. However, in *Barnett*, the Court sustained Merck's objections to the following: (i) hearsay testimony regarding Dr. Topol's conversations with Drs. Graham and Cannuscio; (ii) testimony regarding Dr. Topol's handwritten notes; and (iii) leading questions. At a minimum, Merck moves for the exclusion of this same testimony in *Smith*. Merck also respectfully asks the Court to reconsider its prior ruling related to the remainder of Dr. Topol's testimony (or at least events that post-date February 2003) in the *Smith* case.

***Prior Briefing*:** Merck hereby incorporates by reference its prior motions on this issue, as if fully set forth herein. (*See* Response to Plaintiff's Motion for Leave to Use Deposition Testimony of Dr. Eric Topol During Trial, filed in *Plunkett v. Merck (Plunkett I)* on Nov. 28, 2005 (Record Docket No. 1757); Motion to Exclude the Testimony of Dr. Eric J. Topol, M.D. (Motion in *Limine* No. 19), filed in *Plunkett v. Merck (Plunkett II)* on Jan. 30, 2006 (Record Docket No. 3040); Motion for Order Excluding the Testimony of Eric J. Topol, M.D. (Motion in *Limine* No. 5), filed in *Barnett v. Merck* on June 16, 2006 (Record Docket No. 3040).)

**III.    THE COURT SHOULD PRECLUDE PLAINTIFF FROM USING ADVERSE EVENT REPORTS AND CASE REPORTS TO PROVE CAUSATION OR CULPABILITY.**

***Merck's Position*:**   At trial, plaintiff may rely on case reports, including spontaneous Adverse Event Reports ("AERs"), to attempt to prove causation, negligence, and/or strict liability.[2] The Court should reject these efforts, especially in light of the fact that there are no

---

[2] The reports that this motion addresses may also be called "Adverse Experience Reports," "Drug Experience Reports," "Adverse Drug Experience Reports," "Adverse Drug Event Reports," "Adverse Reaction Reports," or simply "Case Reports." Entries on plaintiff's exhibit list that are covered by this motion including, by way of example only, 1.0758, 1.0759, 1.1007, 1.1009, 1.0293, 1.0370, 1.0399, 1.0421, and 1.0505.

5

relevant AERs that relate to the prescribers in this case. AERs are collected in an uncontrolled manner, are based on incomplete information, and consist of unreliable hearsay. They are irrelevant and can serve only to confuse the jury and unduly prejudice Merck. They also are not accurate indications of the incidence of drug-induced injuries. *See, e.g.*, *Black v. Food Lion, Inc.,* 171 F.3d 308, 313 (5th Cir. 1999) (approving conclusion that case reports do not establish causal relationship).

*Prior Rulings*: In *Plunkett*, the Court denied Merck's motion in *limine* on this issue, finding it "too broad and vague." (*See* Nov. 20, 2005 Order re Merck's Motions in *Limine* at 5; *see also* Feb. 3, 2006 Order re Merck's Previously Filed Motions in *Limine* at 2.) Merck did not file on a motion on the issue in *Barnett*. Merck respectfully disagrees with the Court's *Plunkett* ruling and requests that the Court reconsider the matter.

*Prior Briefing*: Merck hereby incorporates by reference its prior motions on this issue, as if fully set forth herein. (*See* Motion to Exclude Adverse Event Reports (Motion in *Limine* No. 11), filed in *Plunkett v. Merck* on Nov. 4, 2005 and Jan. 30 2006 (Record Docket Nos. 1276 and 3033).)

## IV. THE COURT SHOULD EXCLUDE UNRELIABLE AND IRRELEVANT MEDICAL AND SCIENTIFIC EVIDENCE.

*Merck's Position*: Based on prior experience, plaintiff will likely present non-probative medical and scientific "evidence" that is unreliable, irrelevant, unduly prejudicial, and almost certain to confuse and mislead the jury. Merck moves to exclude this evidence,[3] and asks the

---

[3] Examples of documents reflecting inadmissible data in one or more of these categories include Plaintiff's Exhibits 1.0014, 1.0016, 1.0025, 1.0039, 1.0075, 1.0076, 1.0077, 1.0078, 1.0079, 1.0080, 1.0110, 1.0120, 1.0121, 1.0171, 1.0191, 1.0192, 1.0217, 1.0218, 1.0247, 1.0248, 1.0255, 1.0257, 1.0268, 1.0275, 1.0277, 1.0278, 1.0279, 1.0308, 1.0311, 1.0312, 1.0399, 1.0421, 1.0444, 1.0461, 1.0487, 1.0490., 1.0491, 1.0499, 1.0500, 1.0515, 1.0536, 1.0543, 1.0501, 1.0758, 1.0759, 1.0999, 1.1007, 1.1009, 1.1024, 1.1197, 1.1206, 1.1207, 1.1209, 1.1213, 1.1214, and 1.1235.

Court to consider the following in particular:

- <u>Statistically Insignificant Data</u>. To the extent that plaintiff's experts rely on scientific data that are not statistically significant to form their causation opinions, the Court should exclude all such data. Statistically insignificant data cannot establish causation. If experimental results do not reach a level of statistical significance, the possibility that the results were attributable to chance cannot reliably be excluded.

- <u>Investigator-Reported Data</u>. To the extent that plaintiff's experts rely on investigator-reported adverse-event data from clinical studies involving Vioxx to contradict adjudicated data from the same studies, the Court should exclude all evidence of or reference to the investigator-reported data. Where adjudicated data exist, investigator-reported data have no probative value, and their admission will cause undue delay, confusion and unfair prejudice to Merck.

- <u>"All-Cause Mortality" Figures From Alzheimer's Disease Clinical Trials</u>. To the extent that plaintiff's experts intend to rely on the "all-cause" mortality data from two long-term clinical trials that were conducted to determine the efficacy of Vioxx in preventing or slowing the progression of Alzheimer's Disease, the Court should exclude all such data and any reference to it. These "all-cause" mortality figures are inflammatory on their face, and they have no probative value to any issue the jury must decide. Moreover, these figures include numerous deaths that had no possible association with cardiovascular events, including deaths from such causes as electrocution, trauma, and cancer. Admitting evidence of such data would unfairly prejudice Merck by creating the risk that the jury would base its determinations on emotion and prejudice rather than the relevant facts.

For the reasons stated above and in Merck's prior briefing on this issue, the Court should exclude all of these data and reports from the *Smith* trial, as well as any lay or expert testimony predicated on such evidence.

***Prior Rulings***: In *Plunkett*, the Court denied Merck's motion as "[t]oo vague and broad." (Nov. 20, 2005 Order re Merck's Motions in *Limine* at 4; Feb. 3, 2006 Order re Merck's Previously Filed Motions in *Limine* at 2.) Merck has referenced four specific categories for the Court and respectfully and requests that the Court revisit its prior ruling.

***Prior Briefing***: Merck hereby incorporates by reference its prior motions on this issue, as if fully set forth herein. (*See* Motion to Exclude Scientifically Unreliable and Irrelevant

7

822932v.1

Medical and Scientific Evidence (Motion in *Limine* No. 6), filed in *Plunkett v. Merck* on Nov. 4, 2005 and Jan. 30, 2006 (Record Docket Nos. 1271 and 3028).)

V.     THE COURT SHOULD EXCLUDE THE FRIES LETTER AND RELATED EVIDENCE.

*Merck's Position*: Merck seeks an order excluding evidence of or argument about the "Fries Letter" (Plaintiff's Exhibit 1.0176), which relates hearsay, irrelevant, and prejudicial charges that Merck employees "attacked" certain members of the scientific community. These allegations, besides being false, have no conceivable relevance or connection to Mr. Smith or his prescribing physicians. The Fries Letter is hearsay; it has no probative value; and admitting it evidence would unduly prejudice Merck, lead to juror confusion, and result in an undue waste of time. It and any related evidence, including but not limited to Plaintiff's Exhibits 1.0299 and 1.1108, are inadmissible.

*Prior Rulings*: The Court granted Merck's motion and excluded the Fries Letter in *Barnett*. (*See* June 28, 2006 Order re Merck's Motions in *Limine* at 8 ("This is a 4-page letter. It is a bit rambling. It contains hearsay and hearsay within hearsay.").) In *Plunkett*, where the letter was addressed as part of a broader motion on conduct with no nexus to the case, the Court reserved ruling but later excluded the document from evidence. (*See* Nov. 20, 2005 Order re Merck's Motions in *Limine* at 2; Feb. 3, 2006 Order re Merck's Previously Filed Motions in *Limine* at 2.) Merck respectfully requests that the Court follow these prior rulings excluding the Fries Letter and any related evidence.

*Prior Briefing*: Merck hereby incorporates by reference its prior motions on this issue, as if fully set forth herein. (*See* Motion to Exclude Evidence or Argument Pertaining to Conduct with no Nexus to Issues Being Tried In This Case (Motion in *Limine* No. 3), filed in *Plunkett v. Merck* on Nov. 4, 2005 and Jan. 30 2006 (Record Docket Nos. 1268 and 3025); Motion for

Order Excluding the Fries Letter (Motion in *Limine* No. 3), filed in *Barnett v. Merck* on June 16, 2006 (Record Docket No. 5309).)

## VI. THE COURT SHOULD EXCLUDE EVIDENCE RELATING TO THE *NEJM* DECEMBER 2005 "EXPRESSION OF CONCERN."

*Merck's Position*: Merck moves to exclude from evidence the "Expression of Concern" published by the *NEJM* on December 8, 2005, as well as related opinion pieces such as the "Reaffirmation of the Expression of Concern" and related appendices. These documents are inadmissible for at least three independent reasons. First, the "Expression of Concern" has no probative value with respect to any of Mr. Smith's claims against Merck – especially given the fact that Mr. Smith's prescribing physician, Dr. Grefer, testified that he was familiar with the controversy surrounding the three additional heart attacks that were reported after the VIGOR cut-off date and that the slightly different calculation that resulted from adding these events to the data (from .4% to .5%) would not have impacted his decision to prescribe Vioxx to Mr. Smith. (*See* June 29, 2006 Discovery Deposition of Michael A. Grefer, M.D. at 81:9-82:4, attached hereto as Ex. G.) Second, the editorials constitute inadmissible hearsay to which no hearsay exception applies. Finally, admitting the editorials would unduly prejudice Merck and lead to juror confusion and a waste of judicial resources.[4]

---

[4] Merck will object separately to those portions of Dr. Curfman's November 2005 deposition in which he makes criticisms of the VIGOR publication that have no connection to this case. To the extent the Court admits his testimony on the alleged shortcomings of VIGOR, Merck will seek to introduce its cross-examination of Dr. Curfman showing that the *NEJM*'s handling of the "Expression of Concern" demonstrates his bias. Dr. Curfman's adversarial stance in the editorial is relevant to show the lack of objectivity in the Journal's analysis. FED. R. EVID. 401. Further, to the extent any purported experts testify about, reference, or rely upon inadmissible editorials such as the "Expression of Concern," the Court should permit Merck to cross-examine these experts on the bases for their opinions. Such cross-examination does not make the editorials themselves admissible evidence, since they are not the type of evidence reasonably relied on by an expert and clearly are not the type of materials contemplated by Rule 703 of the Rules of Evidence. *See* FED. R. EVID. 703; *see also Meschino v. North Am. Drager, Inc.*, 841 F.2d 429,

(*footnote continued next page*)

9

***Prior Rulings*:** The Court excluded the "Expression of Concern" in *Plunkett* and *Barnett*. In *Plunkett*, the Court sustained Merck's objection to plaintiff's designation of the portions of Dr. Curfman's testimony in which he attempted to read the "Expression of Concern" into the record. In *Barnett*, the Court granted Merck's motion to exclude the "Expression of Concern" from plaintiff's case-in-chief, but reserved judgment as to whether it could be raised on rebuttal or cross-examination to address credibility. (*See* June 28, 2006 Order re Merck's Motions in *Limine* at 10.) Merck respectfully requests that the Court follow its prior rulings excluding the document and related evidence.

***Prior Briefing*:** Merck hereby incorporates by reference its prior motions on this issue, as if fully set forth herein. (*See* Motion to Exclude Letters to the Editor and Non-Scientific Editorials in Science Journals (Motion in *Limine* No. 13), filed in *Plunkett v. Merck* on Nov. 4, 2005 and Jan. 30, 2006 (Record Docket Nos. 1278 and 3035); Motion for Order Excluding Evidence Relating to the *New England Journal of Medicine*'s December 2005 "Expression of Concern" (Motion in *Limine* No. 4), filed in *Barnett v. Merck* on June 16, 2006 (Record Docket No. 5310).)

## VII.  CONCLUSION.

For the reasons stated above and in Merck's prior briefing, Merck respectfully requests that the Court exclude (1) all FDA Warning Letters and Untitled Letters; (2) the testimony of Eric J. Topol, M.D.; (3) any evidence or argument suggesting Adverse Event Reports and case reports are sufficient to show causation or fault; (4) unreliable and irrelevant medical and scientific evidence; (5) the Fries Letter and related evidence; and (6) evidence relating to the *NEJM*'s December 2005 "Expression of Concern."

---

434 (1st Cir. 1988).

Dated:  August 7, 2006

                                                        Respectfully submitted,

*/s/ Dorothy H. Wimblery*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Andrew Goldman
Carrie A. Jablonski
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:     312-494-4440

Richard B. Goetz
Ashley A. Harrington
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:     213-430-6407

And

Douglas R. Marvin
Robert A. Van Kirk
Emily Thacher-Renshaw
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:     202-434-5029

Attorneys for Merck & Co., Inc.

11

822932v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum in Support of Omnibus Motion for Order Excluding Evidence and Testimony on Issues Previously Addressed by the Court has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 7th day of August, 2006.

/s/ Dorothy H. Wimberly