UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION | MDL No. 1657 |
| | Section L |
| | Judge Eldon E. Fallon |
| | Magistrate Judge Daniel E. Knowles, III |

**THIS DOCUMENT RELATES TO:**
   *Robert G. Smith v. Merck & Co., Inc.*, Case No. 2:05-CV-04379
_____

PLAINTIFF'S MOTION TO EXCLUDE OR, IN THE ALTERNATIVE,
MOTION IN LIMINE CONCERNING MERCK
EMPLOYEES' OFFERING UNDISCLOSED EXPERT OPINIONS

(Plaintiff's Motion in Limine No. 5)

**TO THE HONORABLE JUDGE OF SAID COURT:**

Before voir dire examination of the jury panel, and out of hearing of the jury, Plaintiff Robert G. Smith, by and through his undersigned counsel, respectfully moves the Court to issue an order prohibiting Merck, its attorney, representatives, or witnesses from eliciting or attempting to elicit expert opinion testimony from individuals who were not disclosed or designated as experts by Merck in this case, including Merck employees, former employees, and/or advisors.  If Defendant injects these matters into the trial of this cause through a party, an attorney, or a witness, Defendant will cause irreparable harm to Plaintiff's case and the fairness of the trial, which no jury instruction could cure.  If any of these matters are brought to the attention of the jury, directly or indirectly, Plaintiff could be compelled to move for a mistrial.  In an effort to avoid undue prejudice and a possible mistrial, Plaintiff Smith moves to exclude such matters.  In the alternative, Plaintiff Smith

1

seeks a motion in limine requiring that Defendant first approach the bench and ask for a ruling before attempting to introduce or refer to such evidence and/or issues at trial.

This Court's Pretrial Order required Merck to identify expert witnesses and submit their reports by July 18, 2006. Merck filed its witness list in accordance with the Court's Pretrial Order on that date. Merck's witness list states "Merck anticipates eliciting fact testimony from Merck employees and/or advisors as well as opinion testimony related to their duties (which do regularly involve giving expert testimony)."

After this statement, Merck lists many witnesses, including Merck employees, former employees, and/or advisors from whom they may attempt to elicit expert opinion testimony during this trial. Several of the witnesses listed were designated as expert witnesses in Merck's disclosures that were filed on July 18, 2006, most were not. Other than those experts specifically designated on July 18, 2006, no expert reports have been filed on any of the individuals listed by Merck on their witness list. Merck has not provided the required disclosures about the opinions that these undisclosed experts intend to render as required by Federal Rules of Civil Procedure 26. Based on the Merck witness list, Plaintiff anticipates that Merck will attempt to elicit expert opinion testimony from some or all of their employees and/or advisors who have not been designated as experts in this trial.

Although Rule 701, permits employees of corporations to testify as to opinions or inferences, the Rule places limits on such testimony. The witness must not be testifying "as an expert," and the opinions and inferences are limited to those which are rationally based upon the perception of the witness. Rule 701 and 701(a). Moreover, directly applicable to this motion, Rule 701 allows testimony in the form of opinions as long as they are *"not based on scientific, technical or other*

*specialized knowledge within the scope of Rule 702."* Rule 701(c).

This rule is designed to prohibit precisely what Plaintiff is seeking to prevent – bootstrapping expert opinion testimony regarding scientific and medical theories that the Defendant would otherwise be unable to offer because of the prerequisites of Rule 702 and *Daubert*. Merck is free to offer non-expert opinions from employees based upon their perception. However, Merck is not entitled to use Rule 701as a *Daubert* loophole. Nor should Merck be permitted to use Rule 701 as a method of sandbagging expert testimony it chose not to disclose, and as a means of circumventing the rules requiring pretrial disclosure of expert opinions.

In the trial of *Frederick Humeston v. Merck & Co., Inc.*, (ATL-L-2272-03MT), in the Superior Court of New Jersey, Defendant Merck offered testimony from its employee Dr. Briggs Morrison containing expert opinion testimony and purported facts about Vioxx that was improper because: (1) the expert opinion testimony had not been disclosed to the Plaintiff; (2) Dr. Morrison, as an oncologist, was patently unqualified to offer the opinions; and (3) Dr. Morrison lacked direct personal knowledge of these matters.

The most significant of these improper opinions related to Merck's purported understanding of the implications of selective inhibition of the enzyme cyclooxygenase-2 ("COX-2"). Dr. Morrison testified that Vioxx posed no cardiovascular risk because it does not inhibit prostacyclin production in blood vessels. Dr. Morrison served no report detailing his opinion, he was not deposed on the substance of the opinion, and no foundation for the testimony was laid during his direct examination.

The presiding judge in the Humeston case, the Honorable Carol E. Higbee, conducted an inquiry, *sua sponte*, into the nature and basis of Dr. Morrison's testimony and ordered it stricken in

its entirety.  *See* Transcript of *Humeston v. Merck & Co., Inc.*, October 7, 2005, at 3348 (Ex. A). As support for its ruling, the court cited Merck's blatant disregard for New Jersey's rules and procedures, and described how the court had been repeatedly misled by counsel for Merck during the direct examination of Dr. Morrison.  *Id*. At 3336-8.

Dr. Morrison – a fact witness – offered opinions in pharmacology and vascular biology for which he lacked the requisite knowledge, skill, experience, training and education.  Most critically, Dr. Morrison offered an ultimate opinion about the safety of Vioxx based on a single animal study. While it seems unlikely that Merck will attempt to backdoor expert testimony through this witness a second time, it may revive the substance of his testimony through another witness.

Merck's witness list is littered with company employees and former employees, some of whom possess medical and scientific credentials.  But these witnesses should not be permitted to offer opinions outside their areas of expertise, and they should not be permitted to foist upon Plaintiff new, undisclosed opinion testimony for the first time at trial.

For these reasons, Plaintiff respectfully requests that the Court enter an order precluding Defendant Merck & Co., Inc. from eliciting expert testimony from employee or former employee witnesses, where they lack the necessary expertise, where these opinions have not previously been disclosed to Plaintiff, and where they lack adequate support under the Federal Rules of Evidence and appropriate case law.  In the alternative, Plaintiff Smith seeks a motion in limine requiring that Defendant first approach the bench and ask for a ruling before attempting to introduce or refer to such evidence and/or issues at trial.

Dated:  August 7, 2006

Respectfully submitted,

| | |
|---|---|
| Drew Ranier<br>Louisiana Bar No. 8320<br>**RANIER, GAYLE & ELLIOT LLC**<br>1419 Ryan Street<br>Lake Charles, Louisiana 70601<br>(337) 494-7171; fax (337) 494-7218 | /s/ Grant Kaiser<br>Grant Kaiser<br>Texas Bar No. 11078900<br>**THE KAISER FIRM LLP**<br>8441 Gulf Freeway, Suite 600<br>Houston, Texas 77017<br>(713) 223-0000; fax (713) 223-0440 |
| Walter Umphrey<br>Texas Bar No. 20380000<br>**PROVOST UMPHREY LAW FIRM LLP**<br>490 Park Street<br>Beaumont, Texas 77701<br>(409) 835-6000; fax (409) 838-8888 | Mikal Watts<br>Texas Bar No. 20981820<br>**THE WATTS LAW FIRM LLP**<br>Tower II Building, 14th Floor<br>555 North Carancahua Street<br>Corpus Christi, Texas 78478<br>(361) 887-0500; fax (361) 887-0055 |
| James L. "Larry" Wright<br>Texas Bar No. 22038500<br>**THE WATTS LAW FIRM LLP**<br>111 Congress Avenue, Suite 1010<br>Austin, Texas 78701<br>(512) 479-0500; fax (512) 473-0328 | John Eddie Williams, Jr.<br>Texas Bar No. 21600300<br>Jim Doyle<br>Texas Bar No.6094450<br>**WILLIAMS BAILEY LAW FIRM LLP**<br>8441 Gulf Freeway, Suite 600<br>Houston, Texas 77017<br>(713) 230-2200; fax (713) 643-6226 |

ATTORNEYS FOR PLAINTIFF ROBERT G. SMITH

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing document has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 7th day of August, 2006.

/s/ Grant Kaiser
Grant Kaiser
**THE KAISER FIRM LLP**
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
(713) 230-0000; fax (713) 230-0440
gkaiser@thekaiserfirm.com

cc      By email only:

Robert Van Kirk          rvankirk@wc.com
**Williams & Connolly LLP**
725 Twelfth Street Northwest
Washington, D.C.  20005
(202) 434-5000; fax (202) 434-5029

Carrie A. Jablonski       carrie.jablonski@bartlit-beck.com
**Bartlit, Beck, Herman, Palenchar & Scott LLP**
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
(312) 494-4400; fax (312) 494-4440