## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: VIOXX**<br>**PRODUCTS LIABILITY LITIGATION** | : | **MDL No. 1657** |
| | : | |
| | : | **SECTION: L** |
| | : | |
| | : | **JUDGE FALLON** |
| | : | **MAG. JUDGE KNOWLES** |
| This Document Relates to: *Richard F.* | : | |
| *McLaughlin and Jody J. McLaughlin, h/w, v.* | : | **ANSWER AND JURY DEMAND OF** |
| *Merck & Co., Inc., et al.* | : | **DEFENDANT EDWARD M.** |
| (E.D. La. 06-3911) | : | **SCOLNICK** |
| | : | |
| | : | |
| | : | |

Defendant Edward Scolnick, M.D. ("Dr. Scolnick"), by and through his

undersigned counsel, responds to Plaintiffs' Complaint ("Complaint") herein as follows:

### RESPONSE TO "INTRODUCTION"

1.      The allegations contained in paragraph 1 of the Complaint are not directed at Dr.

Scolnick and therefore no responsive pleading is required.  Should a response be deemed

required, Dr. Scolnick denies each and every allegation in paragraph 1, except admits that Merck

manufactured, marketed, and distributed the prescription medicine VIOXX®.  Dr. Scolnick

further admits that VIOXX® is Merck's trade name for rofecoxib.  Dr. Scolnick respectfully

refers the Court to the relevant FDA-approved prescribing information for VIOXX® for its indicated uses.

2. The allegations contained in paragraph 2 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

3. The allegations contained in paragraph 3 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies the conclusory nature of the allegations contained in paragraph 3 of the Complaint, except admits, upon information and belief, that VIOXX® was prescribed to millions of patients by health care providers.

## RESPONSE TO "PARTIES"

4. Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 4 of the Complaint. Dr. Scolnick denies each and every allegation contained in the second sentence of paragraph 4 of the Complaint, except admits that VIOXX® is Merck's trade name for rofecoxib.

5. The allegations contained in paragraph 5 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation in paragraph 5, except admits, upon information and belief, that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

6. The allegations contained in paragraph 6 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation in paragraph 6 of the Complaint, except

2

admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®. Dr. Scolnick further admits that VIOXX® is Merck's trade name for rofecoxib.

7.    The allegations contained in paragraph 7 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation in paragraph 7, except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

8.    The allegations contained in paragraph 8 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint.

9.    The allegations contained in paragraph 9 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick admits that Dr. Peter Su Kim was Executive Vice President of Research and Development of Merck Research Laboratories from 2001 to 2002 and is currently President of Merck Research Laboratories and a member of Merck's Management Committee.

10.    The allegations contained in paragraph 10 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

11.    The allegations contained in paragraph 11 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

12.      The allegations contained in paragraph 12 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

13.      The allegations contained in paragraph 13 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

14.      The allegations contained in paragraph 14 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

15.      The allegations contained in paragraph 15 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 15 of the Complaint.

16.      The allegations contained in paragraph 16 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick admits that Dr. Louis M. Sherwood is the former Senior Vice President of U.S. Medical and Scientific Affairs within the U.S. Human Health Division of Merck.

17.      The allegations contained in paragraph 17 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies  knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in said paragraph.

18.      The allegations contained in paragraph 18 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed

4

required, Dr. Scolnick denies  knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in said paragraph.

19.     The allegations contained in paragraph 19 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

20.     The allegations contained in paragraph 20 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

21.     The allegations contained in paragraph 21 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

22.     The allegations contained in paragraph 22 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

23.     The allegations contained in paragraph 23 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

24.     The allegations contained in paragraph 24 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

25.     The allegations contained in paragraph 25 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

26.     The allegations contained in paragraph 26 of the Complaint are not directed at Dr.

Scolnick and therefore no responsive pleading is required. Should a response be deemed

required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in paragraph 26 of the Complaint.

27.     The allegations contained in paragraph 27 of the Complaint are not directed at Dr.

Scolnick and therefore no responsive pleading is required. Should a response be deemed

required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in paragraph 27 of the Complaint.

28.     The allegations contained in paragraph 28 of the Complaint are not directed at Dr.

Scolnick and therefore no responsive pleading is required. Should a response be deemed

required, Dr. Scolnick denies each and every allegation in said paragraph.

29.     The allegations contained in paragraph 29 of the Complaint are not directed at Dr.

Scolnick and therefore no responsive pleading is required. Should a response be deemed

required, Dr. Scolnick denies each and every allegation in said paragraph.

30.     The allegations contained in paragraph 30 of the Complaint are not directed at Dr.

Scolnick and therefore no responsive pleading is required. Should a response be deemed

required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in paragraph 30 of the Complaint.

31.     The allegations contained in paragraph 31 of the Complaint are not directed at Dr.

Scolnick and therefore no responsive pleading is required. Should a response be deemed

required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in paragraph 31 of the Complaint.

32. The allegations contained in paragraph 32 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

33. The allegations contained in paragraph 33 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

34. The allegations contained in paragraph 34 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

35. The allegations contained in paragraph 35 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in said paragraph.

36. The allegations contained in paragraph 36 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

37. The allegations contained in paragraph 37 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

38. The allegations contained in paragraph 38 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

39. Dr. Scolnick admits the allegations contained in paragraph 39 of the Complaint.

10175483.2

7

40.     Dr. Scolnick admits the allegations contained in the first sentence of paragraph 40 of the Complaint. Dr. Scolnick denies each and every allegation contained in the second sentence of paragraph 40 of the Complaint, except admits that he was Merck's chief scientist from the early 1990s until his retirement on December 31, 2002.

41.     Dr. Scolnick admits the allegations contained in paragraph 41 of the Complaint.

42.     Dr. Scolnick denies each and every allegation contained in paragraph 42 of the Complaint.

43.     Dr. Scolnick denies each and every allegation contained in paragraph 43 of the Complaint.

44.     Dr. Scolnick denies each and every allegation contained in paragraph 44 of the Complaint.

45.     Dr. Scolnick denies each and every allegation contained in paragraph 45 of the Complaint.

46.     Dr. Scolnick denies each and every allegation contained in paragraph 46 of the Complaint.

47.     Dr. Scolnick denies each and every allegation contained in paragraph 47 of the Complaint.

48.     Dr. Scolnick denies each and every allegation contained in paragraph 48 of the Complaint.

49.     The allegations contained in paragraph 49 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

## RESPONSE TO "JURISDICTIONAL STATEMENT"

50.     The allegations contained in paragraph 50 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

51.     The allegations contained in paragraph 51 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

## RESPONSE TO "FACTUAL ALLEGATIONS"

52.     Dr. Scolnick denies each and every allegation contained in paragraph 52 of the Complaint, except admits, upon information and belief, that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

53.     The allegations contained in paragraph 53 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

54.     Dr. Scolnick denies each and every allegation contained in paragraph 54 of the Complaint.

55.     The allegations contained in paragraph 55 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph, except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

56.     The allegations contained in paragraph 56 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph, except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

10175483.2

9

57.     The allegations contained in paragraph 57 of the Complaint are not directed at Dr.
Scolnick and therefore no responsive pleading is required. Should a response be deemed
required, Dr. Scolnick admits that in May 1999 the FDA approved VIOXX® as safe and
effective for certain indicated uses subject to the information contained in the relevant FDA-
approved prescribing information for VIOXX® and respectfully refers the Court to the relevant
prescribing information for VIOXX®'s indicated uses. Dr. Scolnick further admits that
VIOXX® is Merck's trade name for rofecoxib.

58.     Dr. Scolnick denies each and every allegation contained in paragraph 58 of the
Complaint.

59.     The allegations contained in paragraph 59 of the Complaint are not directed at Dr.
Scolnick and therefore no responsive pleading is required. Should a response be deemed
required, Dr. Scolnick denies each and every allegation in said paragraph.

60.     Dr. Scolnick denies knowledge or information sufficient to form a belief as to the
truth or falsity of the allegations contained in paragraph 60 of the Complaint.

61.     Dr. Scolnick denies each and every allegation contained in paragraph 61 of the
Complaint.

62.     Dr. Scolnick denies each and every allegation contained in paragraph 62 of the
Complaint.

63.     Dr. Scolnick denies each and every allegation in paragraph 63 of the Complaint,
except admits that Merck manufactured, marketed, and distributed the prescription medicine
VIOXX® which reduces pain and inflammation, and that the mechanism of action is believed to
be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as

cyclooxygenase-2 (COX-2). Dr. Scolnick further admits that VIOXX® is Merck's trade name for rofecoxib.

64.     Dr. Scolnick denies each and every allegation contained in paragraph 64 of the Complaint, except admits that VIOXX® is part of a class of drugs known as non-steroidal anti-inflammatory drugs or "NSAIDs" which reduce pain and inflammation, and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2"). Dr. Scolnick further admits that VIOXX® is a selective COX-2 inhibitor.

65.     The allegations contained in paragraph 65 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph, except admits that the inhibition of cyclooxygenase-1 (COX-1) in patients taking traditional non-selective NSAIDs such as naproxen is believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

66.     Dr. Scolnick denies each and every allegation contained in paragraph 66 of the Complaint, including subparagraphs a-b.

67.     The allegations contained in paragraph 67 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 67 of the Complaint, including subparagraphs a-b, except admits that scientists at the Merck Frosst Centre for Therapeutic Research were involved in the research and development of VIOXX®.

68.     The allegations contained in paragraph 68 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed

required, Dr. Scolnick denies each and every allegation contained in paragraph 68 of the Complaint, except admits that scientists at the Merck Frosst Centre for Therapeutic Research were involved in the research and development of VIOXX®.

69.     The allegations contained in paragraph 69 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 69 of the Complaint, except admits, upon information and belief, that on or about December 20, 1994, Merck submitted its first IND application with the FDA for human use. Dr. Scolnick further admits that the intended use of the drug under the initial IND was to treat osteoarthritis and acute pain.

70.     The allegations contained in paragraph 70 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 70 of the Complaint, except admits that Vioxx is a selective COX-2 inhibitor and Merck sought and received approval of the United States Food and Drug Administration ("FDA") to manufacture and market the prescription medicine VIOXX®.

71.     The allegations contained in paragraph 71 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 71 of the Complaint, except admits that Merck marketed VIOXX® for the indicated uses set out in the relevant FDA approved prescribing information. Dr. Scolnick respectfully refers the Court to the FDA prescribing information for VIOXX®'s indicated uses.

10175483.2

72.     Dr. Scolnick denies each and every allegation contained in paragraph 72 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence.

73.     Dr. Scolnick denies each and every allegation contained in paragraph 73 of the Complaint, except admits that Plaintiffs purport to characterize the referenced statement and respectfully refers the Court to the referenced statement for its actual language and full text.

74.     The allegations contained in paragraph 74 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 74 of the Complaint.

75.     The allegations contained in paragraph 75 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 75 of the Complaint.

76.     The allegations contained in paragraph 76 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 76 of the Complaint, except admits that Merck marketed the prescription medicine VIOXX®. Dr. Scolnick further admits that Plaintiffs purport to quote only a portion of an unidentified memorandum and avers that the quoted language is taken out of context. Dr. Scolnick further avers that the inhibition of cyclooxygenase-1 (COX-1) in patients taking traditional non-selective NSAIDs is believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

10175483.2

13

77.     The allegations contained in paragraph 77 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 77 of the Complaint, except admits, upon information and belief, that the referenced studies exist and respectfully refers the Court to the said studies for their actual language and full text.

78.     Dr. Scolnick denies each and every allegation contained in paragraph 78 of the Complaint, except admits, upon information and belief, that Plaintiffs purport to quote portions of the referenced statement but avers that the quoted language is taken out of context.

79.     The allegations contained in paragraph 79 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Dr. Scolnick denies each and every allegation contained in paragraph 79 of the Complaint, except admits, upon information and belief, that Plaintiffs purport to quote portions of the referenced statement but avers that the quoted language is taken out of context.

80.     The allegations contained in paragraph 80 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 80 of the Complaint, except admits, upon information and belief, that the referenced study exists and respectfully refers the Court to the referenced study for its actual language and full text.

81.     The allegations contained in paragraph 81 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 81 of the Complaint, except admits, upon information and belief, that Plaintiffs purport to quote portions of the referenced document but avers that the quoted language is taken out of context.

10175483.2

14

82.     The allegations contained in paragraph 82 of the Complaint are not directed at Dr.
Scolnick and therefore no responsive pleading is required. Should a response be deemed
required, Dr. Scolnick denies each and every allegation contained in paragraph 82 of the
Complaint, except admits, upon information and belief, that on November 23, 1998, Merck
submitted a New Drug Application ("NDA") for VIOXX® 12.5 mg and VIOXX® 25 mg tablets
and respectfully refers the Court to said NDA for its actual language and full text.

83.     Dr. Scolnick denies each and every allegation contained in paragraph 83 of the
Complaint, except admits that Merck sought and received FDA approval to manufacture and
market the prescription medicine VIOXX® and respectfully refers the Court to the prescribing
information for VIOXX® for its indicated uses.

84.     Dr. Scolnick denies each and every allegation contained in paragraph 84 of the
Complaint, except admits, upon information and belief, that the referenced study exists and
respectfully refers the Court to the referenced study for its actual language and full text.

85.     The allegations contained in paragraph 85 of the Complaint are not directed at Dr.
Scolnick and therefore no responsive pleading is required. Dr. Scolnick denies each and every
allegation contained in paragraph 85 of the Complaint, except admits, upon information and
belief, that Plaintiffs purport to quote portions of the referenced recommendation but avers that
the quoted language is taken out of context.

86.     The allegations contained in paragraph 86 of the Complaint are not directed at Dr.
Scolnick and therefore no responsive pleading is required. Should a response be deemed
required, Dr. Scolnick denies each and every allegation contained in paragraph 86 of the
Complaint, except admits, upon information and belief, that on November 23, 1998, Merck

10175483.2

15

submitted a New Drug Application ("NDA") for VIOXX® 12.5 mg and VIOXX® 25 mg tablets and respectfully refers the Court to said NDA for its actual language and full text.

87.    The allegations contained in paragraph 87 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 87 of the Complaint, except admits, upon information and belief, that on November 23, 1998, Merck submitted a New Drug Application ("NDA") for VIOXX® 12.5 mg/mL and VIOXX® 25 mg/mL oral suspension and respectfully refers the Court to said NDA for its actual language and full text.

88.    Dr. Scolnick denies each and every allegation contained in paragraph 88 of the Complaint, except admits that Merck sought and received FDA approval to manufacture and market the prescription medicine VIOXX® and respectfully refers the Court to the prescribing information for VIOXX® for its indicated uses.

89.    Dr. Scolnick denies each and every allegation contained in paragraph 89 of the Complaint, except admits that Plaintiffs purport to quote portions of the referenced label and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

90.    Dr. Scolnick denies each and every allegation contained in paragraph 90 of the Complaint, except admits that Plaintiffs purport to quote portions of the referenced label and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

91.    The allegations contained in paragraph 91 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed

required, Dr. Scolnick denies each and every allegation contained in the first sentence of paragraph 91 of the Complaint and respectfully refers the Court to the referenced supplemental New Drug Application ("sNDA") for its actual language and full text. Dr. Scolnick denies each and every allegation contained in the second sentence of paragraph 91 of the Complaint, except admits, upon information and belief, that Merck scientists participated in the VIGOR study involving VIOXX® and respectfully refers the Court to the referenced study for its actual conclusions and full text. Dr Scolnick denies each and every allegation contained in the third sentence of paragraph 91 of the Complaint.

92. Dr. Scolnick admits that in paragraph 92 of the Complaint Plaintiffs purport to quote the document referenced in said paragraph and respectfully refers the Court to the referenced document for its actual language and full text.

93. Dr. Scolnick denies each and every allegation contained in paragraph 93 of the Complaint.

94. Dr. Scolnick denies each and every allegation contained in paragraph 94 of the Complaint, except admits, upon information and belief, that the referenced report exists and respectfully refers the Court to said report for its actual language and full text.

95. Dr. Scolnick denies each and every allegation contained in paragraph 95 of the Complaint.

96. Dr. Scolnick denies each and every allegation contained in paragraph 96 of the Complaint, except admits that in March 2000 Merck forwarded to the FDA the VIGOR study. Dr. Scolnick respectfully refers the Court to the referenced study for its actual conclusions and full text.

97.     Dr. Scolnick denies each and every allegation contained in paragraph 97 of the Complaint, except admits that Plaintiffs purport to quote portions of the referenced label and respectfully refers the Court to the prescribing information for VIOXX® for its actual language and full text.

98.     Dr. Scolnick denies each and every allegation contained in paragraph 98 of the Complaint, except admits that Plaintiffs purport to quote him but avers that said quotation is taken out of context.

99.     The allegations contained in paragraph 99 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 99 of the Complaint.

100.    The allegations contained in paragraph 100 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 100 of the Complaint, except admits that Plaintiffs purport to characterize certain statements but avers that said statements are taken out of context.

101.    The allegations contained in paragraph 101 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 101 of the Complaint, except admits that Plaintiffs purport to characterize certain statements by Dr. Fitzgerald but avers that said statements are taken out of context.

102.     Dr. Scolnick denies each and every allegation contained in paragraph 102 of the Complaint, except admits, upon information and belief, that the referenced study exists and respectfully refers the Court to the referenced study for its actual language and full text.

103.     Dr. Scolnick denies each and every allegation contained in paragraph 103 of the Complaint.

104.     Dr. Scolnick denies each and every allegation contained in paragraph 104 of the Complaint, except admits, upon information and belief, that the referenced studies exist and respectfully refers the Court to said studies for their actual language and full text.

105.     Dr. Scolnick denies each and every allegation set forth in paragraph 105, including subparagraphs a through k, of the Complaint, except admits the referenced study, article, and editorial exist, and respectfully refers the Court to said documents for their actual conclusions and full text.

106.     The allegations contained in paragraph 106 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 106 of the Complaint, except admits, upon information and belief, that Merck issued a press release on May 22, 2001 entitled "Merck Confirms Favorable Cardiovascular Safety Profile of VIOXX®" and respectfully refers the Court to the referenced press release for its actual language and full text.

107.     Dr. Scolnick denies each and every allegation contained in paragraph 107 of the Complaint, except admits, upon information and belief, that Merck received the referenced letter and respectfully refers the Court to the referenced letter for its actual language and full text.

10175483.2

19

108.     Dr. Scolnick denies each and every allegation contained in paragraph 108 of the Complaint, except admits, upon information and belief, that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

109.     Dr. Scolnick denies each and every allegation contained in paragraph 109 of the Complaint, except admits, upon information and belief, that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

110.     The allegations contained in paragraph 110 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 110 of the Complaint, except admits, upon information and belief, that the referenced statement exists and respectfully refers the Court to the referenced statement for its actual language and full text.

111.     The allegations contained in paragraph 111 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 111 of the Complaint, except admits, upon information and belief, that the referenced press release exists and respectfully refers the Court to the referenced press release for its actual language and full text.

112.     Dr. Scolnick denies each and every allegation contained in paragraph 112 of the Complaint, except admits, upon information and belief, that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information, a so-called "Dear Doctor" letter and a Patient Information sheet, and respectfully refers the Court to the referenced prescribing information for VIOXX®, "Dear Doctor" letter and Patient Information sheet for their actual language and full text.

113.    The allegations contained in paragraph 113 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 113 of the Complaint.

114.    The allegations contained in paragraph 114 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 114 of the Complaint, except admits that Merck marketed the prescription medicine VIOXX®.

115.    The allegations contained in paragraph 115 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 115 of the Complaint, except admits that Merck marketed the prescription medicine VIOXX®.

116.    The allegations contained in paragraph 116 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 116 of the Complaint.

117.    The allegations contained in paragraph 117 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 117 of the Complaint, except admits that Merck marketed the prescription medicine VIOXX®.

118.    The allegations contained in paragraph 118 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick admits that Dorothy Hamill was featured in ad campaigns as a

spokesperson for VIOXX®. Dr. Scolnick further admits that Plaintiffs purport to quote portions of the referenced advertisement and respectfully refers the Court to said advertisement for its actual language and full text.

119.    The allegations contained in paragraph 119 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick admits that Dorothy Hamill was featured in ad campaigns as a spokesperson for VIOXX®. Dr. Scolnick further admits that Plaintiffs purport to quote portions of the referenced advertisement and respectfully refers the Court to said advertisement for its actual language and full text.

120.    The allegations contained in paragraph 120 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 120 of the Complaint and respectfully refers the Court to the direct-to-consumer advertisements for the contents thereof.

121.    The allegations contained in paragraph 121 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 121 of the Complaint, except admits that Merck marketed the prescription medicine VIOXX®.

122.    The allegations contained in paragraph 122 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 122 of the Complaint.

10175483.2

22

123.     Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 123 of the Complaint.

124.     The allegations contained in paragraph 124 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 124 of the Complaint.

125.     The allegations contained in paragraph 125 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 125 of the Complaint.

126.     The allegations contained in paragraph 126 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 126 of the Complaint.

127.     The allegations contained in paragraph 127 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 127 of the Complaint, including subparagraphs a.-c.

128.     The allegations contained in paragraph 128 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 128 of the Complaint, except admits, upon information and belief, that Merck received the referenced letter and respectfully refers the Court to the referenced letter for its actual language and full text.

10175483.2

23

129.     The allegations contained in paragraph 129 of the Complaint are not directed at

Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed

required, Dr. Scolnick denies each and every allegation contained in paragraph 129 of the

Complaint, except admits, upon information and belief, that Merck received the referenced letter

and respectfully refers the Court to the referenced letter for its actual language and full text.

130.     Dr. Scolnick denies each and every allegation contained in paragraph 130 of the

Complaint, except admits, upon information and belief, that Merck received the referenced letter

and respectfully refers the Court to the referenced letter for its actual language and full text.

131.     Dr. Scolnick denies each and every allegation contained in paragraph 131 of the

Complaint, including subparagraphs a. - i., except admits, upon information and belief, that

Merck received the referenced letter and respectfully refers the Court to the referenced letter for

its actual language and full text.

132.     Dr. Scolnick denies each and every allegation contained in paragraph 132 of the

Complaint, except admits, upon information and belief, that in April 2002 the FDA approved

certain changes to the VIOXX® prescribing information, a so-called "Dear Doctor" letter and a

Patient Information sheet, and respectfully refers the Court to the referenced prescribing

information for VIOXX®, "Dear Doctor" letter and Patient Information sheet for their actual

language and full text.

133.     Dr. Scolnick denies each and every allegation contained in paragraph 133 of the

Complaint, except admits, upon information and belief, that in April 2002 the FDA approved

certain changes to the VIOXX® prescribing information, a so-called "Dear Doctor" letter and a

Patient Information sheet, and respectfully refers the Court to the referenced prescribing

10175483.2

24

information for VIOXX®, "Dear Doctor" letter and Patient Information sheet for their actual language and full text.

134.     Dr. Scolnick denies each and every allegation contained in paragraph 134 of the Complaint, except admits, upon information and belief, that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information, a so-called "Dear Doctor" letter and a Patient Information sheet, and respectfully refers the Court to the referenced prescribing information for VIOXX®, "Dear Doctor" letter and Patient Information sheet for their actual language and full text.

135.     Dr. Scolnick denies each and every allegation contained in paragraph 135 of the Complaint, except admits, upon information and belief, that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information, a so-called "Dear Doctor" letter and a Patient Information sheet, and respectfully refers the Court to the referenced prescribing information for VIOXX®, "Dear Doctor" letter and Patient Information sheet for their actual language and full text.

136.     Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 136 of the Complaint.

137.     Dr. Scolnick denies each and every allegation contained in paragraph 137 of the Complaint.

138.     The allegations contained in paragraph 138 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 138 of the Complaint, except admits that Plaintiffs purport to quote from Merck's 2001 Annual Report and respectfully refers the Court to the 2001 Annual Report for its actual language and full text.

10175483.2

25

139.     The allegations contained in paragraph 139 of the Complaint are not directed at
Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed
required, Dr. Scolnick denies each and every allegation contained in paragraph 139 of the
Complaint, except admits that Plaintiffs purport to quote from a Merck 8-K filing with the
Securities and Exchange Commission and respectfully refers the Court to the relevant document
for its actual language and full text.

140.     The allegations contained in paragraph 140 of the Complaint are not directed at
Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed
required, Dr. Scolnick denies each and every allegation contained in paragraph 140 of the
Complaint.

141.     The allegations contained in paragraph 141 of the Complaint are not directed at
Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed
required, Dr. Scolnick denies each and every allegation contained in paragraph 141 of the
Complaint.

142.     The allegations contained in paragraph 142 of the Complaint are not directed at
Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed
required, Dr. Scolnick denies each and every allegation contained in paragraph 142 of the
Complaint.

143.     The allegations contained in paragraph 143 of the Complaint are not directed at
Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed
required, Dr. Scolnick denies each and every allegation contained in paragraph 143 of the
Complaint.

144.     The allegations contained in paragraph 144 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 144 of the Complaint.

145.     The allegations contained in paragraph 145 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 145 of the Complaint.

146.     The allegations contained in paragraph 146 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 146 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

147.     The allegations contained in paragraph 147 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 147 of the Complaint.

148.     Dr. Scolnick denies each and every allegation contained in paragraph 148 of the Complaint, except admits, upon information and belief, various cardiovascular adverse events associated with Vioxx have been reported to the AERS system and respectfully refers the Court to the AERS system for complete data on particular events.

149.     Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 149 of the Complaint, except admits,

upon information and belief, that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

150.    The allegations contained in paragraph 150 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 150 of the Complaint.

151.    Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 151 of the Complaint.

152.    The allegations contained in paragraph 152 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in said paragraph.

153.    Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 153 of the Complaint.

154.    The allegations contained in paragraph 154 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 154 of the Complaint, except admits, upon information and belief, that the referenced application exists and respectfully refers the Court to the referenced application for its actual language and full text.

155.    The allegations contained in paragraph 155 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 155 of the

Complaint, except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual language and text.

156.    Dr. Scolnick denies each and every allegation contained in paragraph 156 of the Complaint, except admits that Plaintiffs purport to quote a portion of the referenced statement and respectfully refers the court to the referenced statement for its actual language and full text.

157.    Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 157 of the Complaint, except admits that Plaintiffs purport to quote a portion of the referenced statement and respectfully refers the Court to the referenced statement for its actual language and full text.

158.    The allegations contained in paragraph 158 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 158 of the Complaint.

159.    The allegations contained in paragraph 159 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 159 of the Complaint, except admits, upon information and belief, that on or about September 28, 2004 Merck informed FDA officials of Merck's decision to voluntarily withdraw VIOXX® from the worldwide market.

160.    The allegations contained in paragraph 160 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 160 of the Complaint, except admits, upon information and belief, that on September 30, 2004 Merck

announced the voluntary worldwide withdrawal of VIOXX® and respectfully refers the Court to the referenced announcement for its actual language and full text.

161.    The allegations contained in paragraph 161 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 161 of the Complaint, except admits, upon information and belief, that the referenced studies exist and respectfully refers the Court to said studies for their actual language and full text.

162.    The allegations contained in paragraph 162 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 162 of the Complaint, except admits that the referenced studies exist and respectfully refers the Court to said studies for their actual language and full text.

163.    Dr. Scolnick denies each and every allegation contained in paragraph 163 of the Complaint and respectfully refers the Court to the referenced study for its actual language and full text.

164.    Dr. Scolnick denies each and every allegation contained in paragraph 164 of the Complaint and respectfully refers the Court to the referenced study  for its actual language and full text.

165.    The allegations contained in paragraph 165 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a responsive response be deemed required, Dr. Scolnick denies each and every allegation contained in said paragraph.

166.    Dr. Scolnick denies each and every allegation contained in paragraph 166 of the Complaint.

10175483.2

30

167.     Dr. Scolnick denies each and every allegation contained in paragraph 167 of the Complaint, except admits that Plaintiffs purport to quote a portion of the referenced article and respectfully refers the Court to the referenced article for its actual language and full text.

168.     The allegations contained in paragraph 168 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 168 of the Complaint.

169.     Dr. Scolnick admits, upon information and belief, that in February 2005, Merck participated in hearings conducted by the FDA Arthritis Drug Advisory Committee.

170.     The allegations contained in paragraph 170 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in paragraph 170 of the Complaint.

## RESPONSE TO "COUNT I – NEGLIGENCE
### Plaintiffs vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D. and Edward Scolnick, M.D."

171.     With respect to the allegations contained in paragraph 171 of the Complaint, Dr. Scolnick repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

172.     Dr. Scolnick denies each and every allegation contained in paragraph 172 of the Complaint.

173.     Dr. Scolnick denies each and every allegation contained in paragraph 173 of the Complaint.

174.     Dr. Scolnick denies each and every allegation contained in paragraph 174 of the

Complaint.

175.     The allegations contained in paragraph 175 of the Complaint are legal conclusions

as to which no responsive pleading is required.  Should a response be deemed required, Dr.

Scolnick denies each and every allegation contained in said paragraph and respectfully refers the

Court to the relevant state law standard, including any conflict of laws rules.

176.     Dr. Scolnick denies each and every allegation contained in paragraph 176 of the

Complaint, including subparagraphs a through n.

177.     Dr. Scolnick denies each and every allegation contained in paragraph 177 of the

Complaint.

178.     Dr. Scolnick denies each and every allegation contained in paragraph 178 of the

Complaint.

179.     Dr. Scolnick denies each and every allegation contained in paragraph 179 of the

Complaint.

180.     Dr. Scolnick denies each and every allegation contained in paragraph 180 of the

Complaint.

## RESPONSE TO "COUNT II – NEGLIGENCE *PER SE*
## Plaintiffs vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis
## Sherwood, M.D. and Edward Scolnick, M.D."

181.     With respect to the allegations contained in paragraph 181 of the Complaint, Dr.

Scolnick repeats and re-alleges each and every admission, denial, averment, and statement

contained in the preceding and succeeding paragraphs of this Answer with the same force and

effect as though set forth here in full.

182.     The allegations contained in paragraph 182 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies he violated any applicable law.

183.     Dr. Scolnick denies each and every allegation contained in paragraph 183 of the Complaint.

184.     The allegations contained in paragraph 184 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in said paragraph.

185.     The allegations contained in paragraph 185 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in said paragraph.

186.     Dr. Scolnick denies each and every allegation contained in paragraph 186 of the Complaint, including subparagraphs a. through e.

187.     Dr. Scolnick denies each and every allegation contained in paragraph 187 of the Complaint.

## RESPONSE TO "COUNT III – STRICT LIABILITY
### (Design Defect)
### Plaintiffs vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D. and Edward Scolnick, M.D."

188.     With respect to the allegations contained in paragraph 188 of the Complaint, Dr. Scolnick repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

189.     The allegations contained in paragraph 189 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed

10175483.2

33

required, Dr. Scolnick admits that Merck manufactured, marketed, and distributed the prescription drug VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004. Dr. Scolnick denies each and every remaining allegation contained in paragraph 189 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiffs' alleged use of VIOXX®.

190.     Dr. Scolnick denies each and every allegation contained in paragraph 190 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

191.     Dr. Scolnick denies each and every allegation contained in paragraph 191 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the last sentence of paragraph 191 of the Complaint.

192.     Dr. Scolnick denies each and every allegation contained in paragraph 192 of the Complaint.

193.     Dr. Scolnick denies each and every allegation contained in paragraph 193 of the Complaint.

194.     Dr. Scolnick denies each and every allegation contained in paragraph 194 of the Complaint.

195.     Dr. Scolnick denies each and every allegation contained in paragraph 195 of the Complaint.

196.     Dr. Scolnick denies each and every allegation contained in paragraph 196 of the Complaint.

197.    Dr. Scolnick denies each and every allegation contained in paragraph 197 of the
Complaint.

198.    The allegations contained in paragraph 198 of the Complaint are legal conclusions
as to which no responsive pleading is required.  Should a response be deemed required, Dr.
Scolnick denies each and every allegation contained in said paragraph and respectfully refers the
Court to the relevant state law standard, including any applicable conflicts of laws rules.

199.    The allegations contained in paragraph 199 of the Complaint are not directed at
Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed
required, Dr. Scolnick denies each and every allegation contained in said paragraph.

200.    Dr. Scolnick denies each and every allegation contained in paragraph 200 of the
Complaint.

201.    Dr. Scolnick denies each and every allegation contained in paragraph 201 of the
Complaint.

202.    Dr. Scolnick denies each and every allegation contained in paragraph 202 of the
Complaint.

## RESPONSE TO "COUNT IV – STRICT LIABILITY
### (Failure to Warn)
### Plaintiffs vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis
### Sherwood, M.D. and Edward Scolnick, M.D."

203.    With respect to the allegations contained in paragraph 203 of the Complaint, Dr.
Scolnick repeats and re-alleges each and every admission, denial, averment, and statement
contained in the preceding and succeeding paragraphs of this Answer with the same force and
effect as though set forth here in full.

204.    Dr. Scolnick denies each and every allegation contained in paragraph 204 of the
Complaint.

10175483.2

35

205.    Dr. Scolnick denies each and every allegation contained in paragraph 205 of the
Complaint.

206.    Dr. Scolnick denies each and every allegation contained in paragraph 206 of the
Complaint, except admits that Merck manufactured, marketed, and distributed the prescription
medicine VIOXX®.

207.    Dr. Scolnick denies each and every allegation contained in paragraph 207 of the
Complaint.

## RESPONSE TO "COUNT V – NEGLIGENT FAILURE TO WARN
## Plaintiffs vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis
## Sherwood, M.D. and Edward Scolnick, M.D."

208.    With respect to the allegations contained in paragraph 208 of the Complaint, Dr.
Scolnick repeats and re-alleges each and every admission, denial, averment, and statement
contained in the preceding and succeeding paragraphs of this Answer with the same force and
effect as though set forth here in full.

209.    Dr. Scolnick denies each and every allegation contained in paragraph 209 of the
Complaint, except admits that Merck manufactured, marketed, and distributed the prescription
medicine VIOXX®.

210.    Dr. Scolnick denies each and every allegation contained in paragraph 210 of the
Complaint.

211.    Dr. Scolnick denies each and every allegation contained in paragraph 211 of the
Complaint.

212.    Dr. Scolnick denies each and every allegation contained in paragraph 212 of the
Complaint.

213.    Dr. Scolnick denies each and every allegation contained in paragraph 213 of the

Complaint, except admits that Merck manufactured, marketed, and distributed the prescription

medicine VIOXX®.

214.    Dr. Scolnick denies each and every allegation contained in paragraph 214 of the

Complaint.

## RESPONSE TO "COUNT VI – BREACH OF IMPLIED WARRANTY
### Plaintiffs vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D. and Edward Scolnick, M.D."

215.    With respect to the allegations contained in paragraph 215 of the Complaint, Dr.

Scolnick repeats and re-alleges each and every admission, denial, averment, and statement

contained in the preceding and succeeding paragraphs of this Answer with the same force and

effect as though set forth here in full.

216.    Dr. Scolnick denies each and every allegation contained in paragraph 216 of the

Complaint, except admits that Merck manufactured, marketed, and distributed the prescription

medicine VIOXX®.

217.    Dr. Scolnick denies knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in paragraph 217 of the Complaint.

218.    The allegations contained in paragraph 218 of the Complaint are legal conclusions

as to which no responsive pleading is required.  Should a response be deemed required, Dr.

Scolnick denies each and every allegation contained in said paragraph.

219.    Dr. Scolnick denies each and every allegation contained in paragraph 219 of the

Complaint.

220.    Dr. Scolnick denies each and every allegation contained in paragraph 220 of the

Complaint.

10175483.2

37

221.     Dr. Scolnick denies each and every allegation contained in paragraph 221 of the Complaint.

222.     The allegations contained in paragraph 222 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in said paragraph, except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

223.     Dr. Scolnick denies each and every allegation contained in paragraph 223 of the Complaint.

224.     Dr. Scolnick denies each and every allegation contained in paragraph 224 of the Complaint, including subparagraphs a through c.

225.     Dr. Scolnick denies each and every allegation contained in paragraph 225 of the Complaint.

226.     Dr. Scolnick denies each and every allegation contained in paragraph 226 of the Complaint.

227.     Dr. Scolnick denies each and every allegation contained in paragraph 227 of the Complaint.

## RESPONSE TO "COUNT VII – BREACH OF EXPRESS WARRANTY
## Plaintiffs vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D. and Edward Scolnick, M.D."

228.     With respect to the allegations contained in paragraph 228 of the Complaint, Dr. Scolnick repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

229.     Dr. Scolnick denies each and every allegation contained in paragraph 229 of the

Complaint, except admits that Merck manufactured, marketed, and distributed the prescription

medicine VIOXX®.

230.     Dr. Scolnick denies each and every allegation contained in paragraph 230 of the

Complaint.

231.     Dr. Scolnick denies each and every allegation contained in paragraph 231 of the

Complaint.

232.     Dr. Scolnick denies each and every allegation contained in paragraph 232 of the

Complaint.

233.     Dr. Scolnick denies each and every allegation contained in paragraph 233 of the

Complaint.

234.     Dr. Scolnick denies each and every allegation contained in paragraph 234 of the

Complaint.

235.     Dr. Scolnick denies each and every allegation contained in paragraph 235 of the

Complaint.

236.     Dr. Scolnick denies each and every allegation contained in paragraph 236 of the

Complaint, including subparagraphs a through b.

237.     Dr. Scolnick denies each and every allegation contained in paragraph 237 of the

Complaint.

238.     Dr. Scolnick denies each and every allegation contained in paragraph 238 of the

Complaint.

239.     Dr. Scolnick denies each and every allegation contained in paragraph 239 of the

Complaint.

240.    Dr. Scolnick denies each and every allegation contained in paragraph 240 of the Complaint.

241.    Dr. Scolnick denies each and every allegation contained in paragraph 241 of the Complaint, including subparagraphs a through c.

242.    Dr. Scolnick denies each and every allegation contained in paragraph 242 of the Complaint.

## RESPONSE TO "COUNT VIII – MISREPRESENTATION AND SUPPRESSION BY DEFENDANT
## Plaintiffs vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D. and Edward Scolnick, M.D."

243.    With respect to the allegations contained in paragraph 243 of the Complaint, Dr. Scolnick repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

244.    Dr. Scolnick denies each and every allegation contained in paragraph 244 of the Complaint.

245.    Dr. Scolnick denies each and every allegation contained in paragraph 245 of the Complaint, including subparagraphs a through e.

246.    Dr. Scolnick denies each and every allegation contained in paragraph 246 of the Complaint.

247.    Dr. Scolnick denies each and every allegation contained in paragraph 247 of the Complaint.

248.    Dr. Scolnick denies each and every allegation contained in paragraph 248 of the Complaint.

249.     Dr. Scolnick denies each and every allegation contained in paragraph 249 of the

Complaint.

250.     Dr. Scolnick denies each and every allegation contained in paragraph 250 of the

Complaint.

251.     Dr. Scolnick denies each and every allegation contained in paragraph 251 of the

Complaint.

252.     Dr. Scolnick denies each and every allegation contained in paragraph 252 of the

Complaint.

253.     Dr. Scolnick denies each and every allegation contained in paragraph 253 of the

Complaint.

## RESPONSE TO "COUNT IX – FRAUD AND MISREPRESENTATION
## Plaintiffs vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis
## Sherwood, M.D. and Edward Scolnick, M.D."

254.     With respect to the allegations contained in paragraph 254 of the Complaint, Dr.

Scolnick repeats and re-alleges each and every admission, denial, averment, and statement

contained in the preceding and succeeding paragraphs of this Answer with the same force and

effect as though set forth here in full.

255.     Dr. Scolnick denies each and every allegation contained in paragraph 255 of the

Complaint.

256.     Dr. Scolnick denies each and every allegation contained in paragraph 256 of the

Complaint.

257.     Dr. Scolnick denies each and every allegation contained in paragraph 257 of the

Complaint.

258.     Dr. Scolnick denies each and every allegation contained in paragraph 258 of the

Complaint.

259. Dr. Scolnick denies each and every allegation contained in paragraph 259 of the Complaint.

260. Dr. Scolnick denies each and every allegation contained in paragraph 260 of the Complaint.

261. Dr. Scolnick denies each and every allegation contained in paragraph 261 of the Complaint.

262. Dr. Scolnick denies each and every allegation contained in paragraph 262 of the Complaint.

## RESPONSE TO "COUNT X – NEGLIGENT MISREPRESENTATION
## Plaintiffs vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D. and Edward Scolnick, M.D."

263. With respect to the allegations contained in paragraph 263 of the Complaint, Dr. Scolnick repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

264. Dr. Scolnick denies each and every allegation contained in paragraph 264 of the Complaint.

265. Dr. Scolnick denies each and every allegation contained in paragraph 265 of the Complaint.

266. The allegations contained in paragraph 266 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in said paragraph.

267. The allegations contained in paragraph 267 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Dr.

Scolnick denies each and every allegation contained in said paragraph and respectfully refers the Court to the relevant state law standard, including any conflict of laws rules.

268.    Dr. Scolnick denies each and every allegation contained in paragraph 268 of the Complaint.

269.    Dr. Scolnick denies each and every allegation contained in paragraph 269 of the Complaint.

270.    Dr. Scolnick denies each and every allegation contained in paragraph 270 of the Complaint.

## RESPONSE TO "COUNT XI – UNJUST ENRICHMENT
## Plaintiffs vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D. and Edward Scolnick, M.D."

271.    With respect to the allegations contained in paragraph 271 of the Complaint, Dr. Scolnick repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth in full.

272.    Dr. Scolnick denies each and every allegation contained in paragraph 272 of the Complaint.

273.    Dr. Scolnick denies each and every allegation contained in paragraph 273 of the Complaint.

274.    Dr. Scolnick denies each and every allegation contained in paragraph 274 of the Complaint.

## RESPONSE TO "COUNT XII – PUNITIVE DAMAGES
## Plaintiffs vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D. and Edward Scolnick, M.D."

275.    With respect to the allegations contained in paragraph 275 of the Complaint, Dr. Scolnick repeats and re-alleges each and every admission, denial, averment, and statement

10175483.2

contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth in full.

276.    The allegations contained in paragraph 276 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

## RESPONSE TO "COUNT XIII – RECKLESS DISREGARD FOR SAFETY Plaintiffs vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D. and Edward Scolnick, M.D."

277.    With respect to the allegations contained in paragraph 277 of the Complaint, Dr. Scolnick repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth in full.

278.    The allegations contained in paragraph 278 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

279.    The allegations contained in paragraph 279 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Furthermore, the allegations contained in paragraph 279 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

280.    The allegations contained in paragraph 280 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

281.     The allegations contained in paragraph 281 of the Complaint are not directed at

Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed

required, Dr. Scolnick denies each and every allegation in said paragraph.

282.     Dr. Scolnick denies each and every allegation contained in paragraph 282 of the

Complaint.

283.     Dr. Scolnick denies each and every allegation contained in paragraph 283 of the

Complaint.

284.     Dr. Scolnick denies each and every allegation contained in paragraph 284 of the

Complaint.

285.     Dr. Scolnick denies each and every allegation contained in paragraph 285 of the

Complaint.

## RESPONSE TO "COUNT XV – LOSS OF CONSORTIUM"
### Plaintiffs vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D. and Edward Scolnick, M.D."

286.     With respect to the allegations contained in paragraph 286 of the Complaint, Dr.

Scolnick repeats and re-alleges each and every admission, denial, averment, and statement

contained in the preceding and succeeding paragraphs of this Answer with the same force and

effect as though set forth in full.

287.     Dr. Scolnick denies knowledge or information sufficient to form a belief as to the

truth or falsity of the information contained in paragraph 287 of the Complaint.

288.     Dr. Scolnick denies each and every allegation contained in paragraph 288 of the

Complaint, except admits that Plaintiffs purport to claim certain damages but denies that there is

any legal or factual basis for same.

10175483.2

45

289.     Dr. Scolnick denies each and every allegation contained in paragraph 289 of the Complaint.

## AFFIRMATIVE DEFENSES

290.     Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

291.     The Complaint fails to state a claim upon which relief can be granted.

292.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

293.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

294.     To the extent that Plaintiffs assert claims based on Defendants' adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

295.     To the extent that Plaintiffs assert claims based upon an alleged failure by Defendants to warn Plaintiffs directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

296.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs.

297.     Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative negligence.

298.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

299.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

300.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' misuse or abuse of VIOXX®.

301.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which Dr. Scolnick is not responsible.

302.    To the extent Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice and lack of privity and because the alleged warranties were disclaimed.

303.    Plaintiffs' claims are barred in whole or in part under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

304.    Plaintiffs' claims are barred in whole or in part by the First Amendment.

305.    Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

306.    Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

307.    Plaintiffs' claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of VIOXX® and any other drug or pharmaceutical preparation Plaintiffs allege to have taken within the meaning of comment j of Section 402A of the Restatement (Second) of Torts.

308.    Plaintiffs' claims are barred under Section 4, et seq., of the Restatement (Third) of Torts:  Products Liability.

309.    This case is more appropriately brought in a different venue.

310.    To the extent Plaintiffs settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Dr. Scolnick's liability, if any, should be reduced accordingly.

311.    To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

312.    Plaintiffs' claims are barred in whole or in part because Plaintiffs have failed to mitigate the alleged damages.

313.    Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b) and Pa. R. Civ. P. 1019(b).

314.    Plaintiffs' claims are barred in whole or in part because VIOXX® "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

315.    To the extent Plaintiffs seek punitive damages for an alleged act or omission of Defendants, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

316.    Plaintiffs' demand for punitive damages is barred because VIOXX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

317.    To the extent Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Dr. Scolnick's state and federal constitutional rights.

318.    The Complaint fails to state a cause of action against Dr. Scolnick because he was an employee of Defendant Merck and was acting within the course and scope of his employment.

319.    The Complaint fails to state a cause of action against Dr. Scolnick to the extent any alleged conduct occurred after Dr. Scolnick's retirement from Merck on December 31, 2002.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Dr. Scolnick to determine all of his legal, contractual and equitable rights, Dr. Scolnick reserves his right to amend and supplement the averments of his answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Dr. Scolnick will rely on all defenses that may become available during discovery or trial.

10175483.2

49

WHEREFORE, Dr. Scolnick respectfully demands judgment dismissing

Plaintiffs' Complaint with prejudice and awarding Dr. Scolnick his reasonable costs and

disbursements, together with such other and further relief that the Court may deem just and

proper.

## JURY DEMAND

Dr. Scolnick demands a trial by jury as to all issues so triable.

Dated: New York, New York
     August 7, 2006

Respectfully submitted,

Martin L. Perschetz, Esq.
Sung-Hee Suh, Esq.
William H. Gussman, Jr., Esq.
Barbara Reid, Esq.
**SCHULTE ROTH & ZABEL LLP**
919 Third Avenue
New York, NY 10022
Phone: (212) 756-2000
Fax: (212) 593-5955
E-mail: bill.gussman@srz.com

C. Clark Hodgson, Jr., Esq.
Michael D. O'Mara, Esq.
Leslie Miller Greenspan, Esq.
**STRADLEY RONON STEVENS & YOUNG, LLP**
2600 One Commerce Square
Philadelphia, PA 19103-7098
(212) 564-8000

*Attorneys for Defendant*
*Edward M. Scolnick, M.D.*

10175483.2

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Jury Demand of

Defendant Edward M. Scolnick has been served on Liaison Counsel, Russ Herman and Phillip

Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by

electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-

Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the

United States District Court for the Eastern District of Louisiana by using the CM/ECF system

which will send a Notice of Electronic Filing in accord with the procedures established in MDL

1657, on this 8th day of August, 2006.

> /s/ Dorothy H. Wimberly
> Dorothy H. Wimberly, 18509
> STONE PIGMAN WALTHER
> WITTMANN L.L.C.
> 546 Carondelet Street
> New Orleans, Louisiana 70130
> Phone: 504-581-3200
> Fax: 504-581-3361
> dwimberly@stonepigman.com
>
> Defendants' Liaison Counsel