7/26/2006

# Barnett v. Merck

Preliminary Final Combined

## Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling -- Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.0001 | MRK-ACT0018064 | MRK-ACT0018064 | 2/8/2000 | Email from Harry A. Guess to Douglas J. Watson Re: Advisory Committee Meeting | 403: Takes statement out of context and confuses jury. Any probative value is outweighed by prejudicial effect. | Previously admitted. Highly relevant. Reflects Merck's attitudes toward FDA during critical labeling negotiations for VIOXX and at a time when the FDA was very concerned about cardiovascular risks. (See.e.g. contemporaneous Targum memo, where she recommends CV Warning for VIOXX). This attitude is corroborated by other evidence that Defendant is free to play in their counter designations if they believe the statement is out of context. Scolnick later explains the comments (and expresses regret over his choice of words). | Admitted | admissible |
| 1.0002 | MRK-ABW0004799 | MRK-ABW0004799 | 10/18/2001 | Email from Edward Scolnick to David Anstice Re: Reactions to Revised Label | 401, 402, 403. Any probative value is outweighed by prejudicial effect. | Previously admissible. Highly relevant. Reflects Merck's attitudes toward FDA during critical labeling negotiations for VIOXX and at a time when the FDA was very concerned about cardiovascular risks. (See.e.g. contemporaneous Targum memo, where she recommends CV Warning for VIOXX). Moreover, is consistent with Plaintiff's position that Merck could have chosen to warn patients and physicians prior to marketing the drug and certainly after the VIGOR trial, but instead opted to delay and stonewall the FDA's requests for information and recommendation for a CV warning. Also goes to causation and the adequacy of the original warning in place at the time of Mr. Barnett was prescribed the drug. | Admissible to the extent they relate to testimony that has been admitted | 40/no what words did it will; relevant to allerege 403 admissible |
| 1.0003 | MRK-ACR0014514 | MRK-ACR0014514 | 4/6/2001 | Email from Scolnick to Greene re Approvable letter | 401, 402, 403 | Highly relevant. Reflects Merck's attitudes toward FDA. Also reinforces Plaintiff's position that FDA was understaffed to deal with the volume of information given to it by Merck (corroborates portions of Graham testimony. Refutes Merck's FDA defenses by showing that Merck knew FDA was not equipped to keep pace with the evolving science re: Cox 2 drugs. Further reflects Merck's desire for class labeling. | | admissible 401 to show what known tworem |
| 1.0004 | MRK-NJ0315892 | MRK-NJ0315894 | 2/26/1997 | Email from Brian F. Daniels to Thomas Simon, et al Re: GI Outcomes Trial | No objection | | | Admissible |
| 1.0005 | MRK-ABX0016509 | MRK-ABX0016510 | 11/26/2001 | Email from D. Anstice FW: Three Items | | | | admissible |

7/26/2006

**Barnett v. Merck**

**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

Preliminary Final Combined

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling -- Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 0006 | MRK-ABA0003277 | MRK-ABA0003284 | 9/17/2001 | Warning letter from Thomas Abrams to Raymond Gilmartin | 401, 402, 403, 801, 802. Any probative value is outweighed by prejudicial effect. The letter also contains hearsay statements by non-Merck individuals. | Previously admitted. Letter is an FDA warning concerning multiple statements made by a paid Merck lecturer, sales representatives, and contained in a public press release that minimized the cardiovascular risks of the drug and offered the naproxen theory as an explanation for the VIGOR trial results. Merck touted the naproxen theory as early as March 27, 2000 and still does so today. The FDA's rebuke of Merck for only offering this theory and for failing to tell doctors of the potential for VIOXX to be prothrombotic goes to the heart of plaintiff's claims. Second, it offers the FDA's position on the naproxen theory—mainly, that it is just a theory that is unsupported by clinical evidence. The fact that Jeman was unaware of the warning is precisely the point—Merck reps were never instructed to be forthright with physicians and to offer them alternative explanations for the VIGOR results. Also, Anstice testified during Humeston that the statements were made and that Merck took corrective action with respect to Merck lecturers and sales representatives. | Admitted | admitted [handwritten] 901 goes to weight + relevant to past expert witness actions of merck [handwritten] |

7/26/2006

## Barnett v. Merck
## Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List

Preliminary Final Combined

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling -- Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.0007 | MRK-AAR0019773 | MRK-AAR0019786 | | Vioxx Dodgeball | 401, 402, 403, 901. Any probative value is outweighed by prejudicial effect. Also irrelevant because the two prescribing physicians testified that no Merck sales rep avoided any of their questions. The exhibit is also incomplete because it does not include the rules of the game. | Previously admissible. The Dodge Ball documents are not singular instances which Merck claims that are irrelevant to the case, but rather are illustrative of an endemic business model which strives to maximize sales and profits at the expense of consumer safety. Merck was engaged in a continuing pattern and practice of widespread corporate behavior to avoid compliance with the regulations concerning the disclosure of risk information. Evidence of the defendant's misconduct in training its employees to minimize the increased risks compounding Vioxx are relevant for purposes of impeachment, motive, intent and state of mind. Merck takes the position and did so during the Irvin trials that any and all risk information known to Merck was fully disclosed to the health care industry. Merck cannot take this position and then seek to exclude the Dodge Ball documents because no sales person who was trained in these evasive tactics seemed to avoid Mr. Barnett's prescribing physicians' questions. As to the authenticity of this document, it was produced from Merck's files and bears a Merck-assig | Admissible | admissible 401 too narrow state of mind + stuff improper opinion of others |
| 1.0008 | MRK-AAR0019055 | MRK-AAR0019060 | | CV Card | 401, 402, 403. This is irrelevant and prejudicial because there is no evidence that Barnett's prescribers ever saw the CV Card. | Previously admitted. Highly relevant. In conjunction with Exhibits 62 & 145, there is evidence that the CV card was distributed to all sales representatives, to provide information and talking points for doctors who had concerns about the cardiovascular safety of the drug. Other documents (which can be produced if needed) demonstrate that the CV card was in circulation until the April 2002 label change. Scolnick testified that the card should have been updated to include current information. Card contains misleading information related to CV safety and mortality and was never updated to include data from ADVANTAGE, Alzheimer's, or VIGOR trials. Also contains pooled analysis that the FDA would not allow Merck to put in the label. Doctor's may not have been shown the card itself, but reps were instructed to 'use' to card and the information contained in it to reassure doctors of the drug's safety. | Admissible (Carroll deposition) | admissible |

Barnett v. Merck

Preliminary Final Combined

## Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List

7/26/2006

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.0009 | MRK-AAO0000073 | MRK-AAO0000126 | 9/1/2000 | 2001 Profit Plan for Vioxx | 401, 402, 602. Sales data is irrelevant and unfairly prejudicial, especially in compensatory phase. Witness lacks personal knowledge of document. | Previously admissible. Goes to motive and Merck's purported disclosure of "fair and balanced" information regarding the drug's safety. The fact that the Merck calculated a cost for, and expressed a need to, minimize and diffuse the CV safety issue is highly relevant. This is particularly responsive to Merck's defense that it was not spinning data but was fully disclosing safety data to physicians. Admission that one of Merck's goals was to minimize public safety issue. | Admissible for Carroll. For Dixon, Irvin 2 | admissible * |
| 1.0010 | MRK-ABH0014114 | MRK-ABH0014118 | 6/1/1998 | Email from Edward Scolnick to Errol McKinney Re: Celebrex submission within 2 months - Schroders | 401, 402, 403, 801, 802. Sales data is unfairly prejudicial, especially in compensatory phase. Discussion of other medicines is irrelevant. Stock analyst reports is hearsay. | Plaintiff contends that Merck rushed VIOXX to market without adequate testing because it was in a competitive race with Searle/Pfizer of COX-2 inhibitors. Plaintiff also contends that Merck was desperate for a blockbuster drug. Analyst's report is not being presented for the truth of the matter asserted, but for the effect it had on Merck and the perception that Merck needed to beat Celebrex to market. Further, the email is an admission that Merck would not fully fund requested research and that Merck chose to spend its money on marketing rather than research. This is highly relevant to plaintiff's claims. | Admitted; No ruling on objection | Admissible |
| 1.0011 | MRK-ABS0194661 | MRK-ABS0194664 | 10/20/1998 | E-mail from Scolnick: Message | 401, 402, 403, 801, 802. Stock analyst report is hearsay. Financial data is irrelevant and prejudicial. | See above. Note also that Scolnick admits in his testimony that this was his thinking at the time and that he was trying to convey a sense of urgency to his team. No objection | No ruling on objection | admissible |

*Handwritten marginal note:*

* Re 10009
There are some 403 problems here but they are out weighed by significance of permitting defendant to offer innocent / non-culpable explanation for actions.

7/26/2006

Barnett v. Merck

Plaintiff's Responses to Merck & Co., Inc.'s Objections to Plaintiff's Exhibit List

Preliminary Final Combined

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.0012 | MRK-ABK0302077 | MRK-ABK0302077 | 4/3/2000 | Email from Patrono to Lauerzi– preliminary VIGOR data | 801, 802. The email is impermissible hearsay. | Patrono statements are not hearsay -801(d)(2). Also relevant to Merck's notice/knowledge. The email is a business record of Merck 803(6) that sets forth the present sense impression of Merck employees 803(1). Further, this document is highly relevant because one of Merck's main defenses is that the VIGOR results did not show an increased cardiovascular risk from Vioxx, but rather, they argue that VIGOR demonstrated a protective effect from Naproxen. This document is a contemporaneous e-mail from one of their consultants advising Merck that, among other things, it is unlikely that Naproxen has the anti-thrombotic effects that Merck is attributing to it. It can also be used under 801(c) to show what effect [on the listener (Merck) and Merck's state of mind/knowledge at the time that it was arguing to the public/healthcare providers/FDA that VIGOR did not show that Vioxx has a CV risk. Also can be used to impeach statements by Merck that it believed naproxen had a cardioprotective effect since their consultant told them that conclusion could not be made. | Admitted | almach |
| 1.0013 | MRK-AFI0201416 | MRK-AFI0201442 | 7/23/1999 | List of physicians to neutralize | 401, 402, 403, 801, 802. No evidence any had a campaign to either punish doctors who were mentioned ever had critical or questioned the drug's safety, any contact with while simultaneously rewarding those that were high anyone in this case. prescribers of the drug and adopted Merck's spin. Any probative value Further, some of the doctors listed were outweighed by Merck thought leaders who on a national and prejudice. regional level, influence the general thinking about VIOXX. Doctors do not receive their information from a drug solely from the label. They are influenced by their peers and by general perceptions. Moreover, this reflects continuing campaign by Merck sales representatives to minimize the safety issue—goes straight to failure to warn. Further, by letter dated 5/31/06 Merck stipulated that this record is a business record pursuant to 803(6). | Highly relevant. Supports plaintiff's theory that Merck | | almach |

Barnett v. Merck
Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List

Preliminary Final Combined

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling -- Irvin 2 | Court's Ruling -- Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.0015 | MRK-AFK0190651 | MRK-AFK0190651 | 2/1/2005 | VICTOR KM Plot-- Confirmed Thrombotic CV events | Incomplete, 401, 402, 403. This is preliminary clinical trial data and is confusing. The jurors should not be confused with preliminary data when more complete data is available. | Despite the significance of the issues upon which these clinical trial data bear, Merck focuses only on whether the evidence is probative of what it actually "knew" at the time of Mr. Irvin's injury. However, as Merck well knows, this is only half of the liability equation and only one of the many issues in this case. What dangers Merck knew or should have known is equally relevant. The clinical data that Merck seeks to exclude also bears upon general causation, a highly-contested issue in this case. Merck steadfastly maintains that the APPROVe trial causation evidence and that APPROVe must be considered without any reference to other demonstrates that there is absolutely no risk of cardiovascular injury associated with Vioxx until a person is exposed for more than 18 months. This clinical trial data refutes this assertion. In short, the clinical trial data is important to present the "whole Vioxx story" and will address numerous issues, not just what Merck knew at the time Mr. Barnett took Vioxx. | Ruling Reserved | *[signature]* |
| 1.0016 | MRK-AFK0190652 | MRK-AFK0190652 | 2/1/2005 | VICTOR KM Plot-- APTC events | Incomplete, 401, 402, 403. This is preliminary clinical trial data and is confusing. The jurors should not be confused with preliminary data when more complete data is available. | Merck will defend this case by saying that Vioxx is not defective today, and was not defective when it was withdrawn from the market. Plaintiff has alleged, among other theories, that Vioxx was defective as designed. This Merck document, showing results of clinical studies, is relevant to show that the drug was defective. Admissible for these reasons. | Ruling Reserved | *[signature]* |

7/26/2006

Barnett v. Merck

Preliminary Final Combined

Plaintiff's Responses to  Merck Co., Inc.'s Objections to Plaintiff's Exhibit List

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling -- Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.0060 | MRK-AAR0073258 | MRK-AAR0073258 | | VID:Be the Power 2S01 | 401, 402, 403. No evidence that anyone in the case saw this video, and therefore it dealing with physician's concerns about use of the CV Card. | This was a training video shown to Merck Sales Reps (Dunn admits this in deposition, 04/30/2004 at 27-28) and reflects Merck's attitude toward cardiovascular safety. Further, it further supports the | No Ruling | Aproved ruling |
| 1.0061 | MRK-AAR0007240 | MRK-AAR0007248 | 5/23/2001 | Bulletin for Vioxx Action Required: Response to New York Times Article | is irrelevant. Any probative value is outweighed by the danger of unfair prejudice. No Objection | | Admitted; No ruling on objection | Admissible |
| 1.0062 | MRK-AAR0007383 | MRK-AAR0007384 | 4/28/2000 | Bulletin for Vioxx: New Resource: Cardiovascular Card | Previously admitted. Highly relevant to plaintiff's claims that from the time Merck submitted its NDA for Vioxx until the time the drug was withdrawn, Defendant engaged in a campaign to minimize and obscure adverse safety data and physicians' concerns about cardiovascular safety. This is an internal Merck bulletin to its sales representatives. The document speaks for itself. Note also that it instructs sales reps to use the CV Card with doctors in response to CV safety concerns and instructs them not to discuss the VIGOR study with physicians. | 401, 402, 403. No evidence that anyone claims that from the time Merck submitted its NDA document, and therefore it is irrelevant. This is also a draft CV card that ws never shown to any doctors, much less any doctor in this case. Any probative value is outweighed by the danger of unfair prejudice. | Admitted; No ruling on objection | Odmissible |

Barnett v. Merck

Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List

Preliminary Final Combined

7/26/2006

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.0017 | MRK-NJ00070364 | MRK-NJ00070397 | 10/18/2000 | Voxx Preliminary Cardiovascular Meta-Analysis Slide Set by Deborah Shapiro | Scolnick acknowledged that Shapiro was the VIGOR statistician, that it is the type of report he would have routinely seen or should have seen, and that he didn't remember seeing. More importantly, he conceded that the analysis contained in the document should have been given to the FDA. Important claim of plaintiff that Merck failed to fully disclose risks and data to the FDA and the medical community. *No objection* | | Admitted; No ruling on objection | Admissible |
| 1.0019 | MRK-NJ0152620 | MRK-NJ0152623 | 10/27/1997 | Biosynthesis | B01, 802. This is *No objection* hearsay, out of court statement by Merck witness. | Document is admissible under R. 803(6) hearsay exception -- Letter is a business record kept in the regular course of business. Also, offered for purpose of notice of Fitzgerald hypothesis | | Admissible |
| 1.0020 | MRK-NJ0000862 | MRK-NJ0000869 | 9/12/1996 | Memo from Tom Randall to Voxx Project Team Members Re: Project team minutes of 9-4-96 | 901. There is no foundation for the handwriting. *No objection* | Previously admitted. Document was produced to Plaintiffs with the handwriting on it and in the form that it is being presented to the court. There is no indication that the document has been modified or altered from when it was found in Merck's files and bates stamped for the litigation. Merck would be in the superior position to state whose handwriting appears on the document since it was found in Merck files and Merck should know which custodial file it came from. Additionally, this document was stipulated to be a business record under 803(6) and is the subject of a currently pending request for admissions propounded to Merck that this document is authentic. | Admitted; No ruling on objection | Admissible |
| 1.0021 | MRK-0142009906 | MRK-0142009061 | 4/11/2001 | FDA-MRL Meeting NDA 21-042/S-007: VIGOR Re: Protocol 069 | | | Admitted; No ruling on objection | admissible |
| 1.0022 | MRK-0142010196 | MRK-0142010196 | 4/17/2001 | April 17, 2001 "approvable" letter from Jonca Bull of the FDA to R. Silverman | | | | admissible |
| 1.0033 | MRK-AAD0329040 | MRK-AAD0329043 | 7/31/2003 | Standby Statement: Trials Of Voxx (rofecoxib) in | | | | admissible |

7/26/2006

**Barnett v. Merck**

**Plaintiff's Responses to  Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

Preliminary Final Combined

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling -- Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.0064 | MRK-AAR0101111 | MRK-AAR0010126 | | Obstacle Jeopardy | 401, 402, 403. No evidence that anyone in this case saw this document, and therefore it is irrelevant. Both of the prescribing physicians in this case said no Merck sales rep ever dodged any question about Vioxx. Any probative value is outweighed by the danger of unfair prejudice. | Relevant and highly probative to issues of: Merck's national integrated sales and marketing campaign (which included the misleading of prescribing physicians re: the risks of Vioxx); Merck's notice of the true risks and attempts to mislead doctors about that true risk; Merck's manipulation of data to best sell and market Vioxx. Goes straight to the issue of failure to warn. It is irrelevant whether or not any of Mr. Barnett's physicians saw the document as it was a sales training aid and that sales reps were not to give to physicians, but set forth strategies to use if safety issues were raised by the doctors. Moreover, physicians do not just get their information about a drug's safety directly from drug representatives, they get information from their peers, seminars, etc. and this was the information that was being given to doctors in the field. | | *admissible* |
| 1.0069 | MRK-AAR0021110 | MRK-AAR0021110 | 8/30/2001 | Letter from Lewis Sherwood to Healthcare Provider | *No objection* | | | *admissible* |
| 1.0074 | MRK-AAX0000597 | MRK-AAX0000600 | 8/21/2001 | Merck News Release "Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx" | | | Admissible | *Reserve ruling* |
| 1.0076 | MRK-AAX0000696 | MRK-AAX0000705 | | Deaths in MK-0966 Studies 078, 091, 126 | 401, 402, 403. Irrelevant, and any probative value is outweighed by prejudicial effect. | The number of deaths that occurred during this trial are relevant to establishing the risk/benefit profile of this drug and are further evidence establishing that Vioxx has the capacity to cause serious injury and death, go straight to the causation issues. Further evidence of Merck's failure to warn because they knew of the deaths (including those from CV events), and did not adequately warn consumers/physicians. | | *admissible* |

Barnett v. Merck

Preliminary Final Combined

**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.0077 | MRK-AAX0000710 | MRK-AAX0000724 | 4/8/2001 | Memo from J. Chen to R. Bain re: MK-0966 protocol 078 prevention trial / summary of the interim mortality analyses | 401, 402, 403. Irrelevant, and any probative value is outweighed by prejudicial effect. | The number of deaths that occurred during this trial and this mortality analysis are relevant to establishing the risk/benefit profile of this drug and are further evidence establishing that Vioxx has the capacity to cause serious injury and death, go straight to the causation issues.   Further evidence of Merck's failure to warn because they knew of the deaths (including those from CV events) and did not adequately warn consumers/physicians. | | *[signature]* |
| 1.0078 | MRK-AAX0000725 | MRK-AAX0000751 | 4/4/2001 | Memo from J. Chen to R. Bain re: MK-0966 protocol 091 first AD treatment trial / summary of the mortality analysis | 401, 402, 403. Irrelevant, and any probative value is outweighed by prejudicial effect. | The number of deaths that occurred during this trial and this mortality analysis are relevant to establishing the risk-benefit profile of this drug and are further evidence establishing that Vioxx has the capacity to cause serious injury and death, go straight to the causation issues.   Further evidence of Merck's failure to warn because they knew of the deaths (including those from CV events) and did not adequately warn consumers/physicians | | *[signature]* |
| 1.0079 | MRK-AAX0000752 | MRK-AAX0000776 | 4/8/2001 | Memo from G. Block and S. Reines to Edward Scolnick Re: MK-966 AD Progression Trials (Protocol 091) Imbalance in the Number of Deaths | 401, 402, 403. Irrelevant, and any probative value is outweighed by prejudicial effect. | *No objection* | | *Admissible* |
| 1.0082 | MRK-AAX0002413 | MRK-AAX0002420 | 11/21/1996 | Memo from Thomas Musliner to B. Friedman, A. Nies and R. Spector, Subject: Anticipated consequences of NSAID Antiplatelet effects of cardiovascular events and effects of excluding low-dose aspirin use in the Cox-2 GI Outcomes | | Goes directly to Plaintiff's claims concerning the safety of the drug and Merck's pattern of minimizing, failing to disclose, or delaying disclosure of critical safety data to the FDA, physicians, and the public. Had Merck fully and promptly disclosed this safety issue to the FDA, (if knew as early as January 31, 2001 and certainly by the date of the memo), Mr. Barnett would have stopped using VIOXX. | Admitted: No ruling on objection | *ADMISSIBLE* |

Barnett v. Merck

Preliminary Final Combined

**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

7/26/2006

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling -- Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.0084 | MRK-AAX0002759 | MRK-AAX0002759 | 12/20/1999 | Letters between Michael Weinblatt & Alise Reicin Re: VIGOR Trial | 801, 802. This is No hearsay, out of court statement by non-Merck witness offered for its true | Document is admissible under R. 803(6) hearsay exception -- Letter is a business record kept in the regular course of business. Also, shows notice to Merck of CV events during VIGOR trial. | | Admissible |
| 1.0085 | MRK-AAX0002760 | MRK-AAX0002760 | 1/24/2000 | Letter from Alise Reicin to Michael Weinblatt, MD re: Merck's for analyzing Adverse experiences in VIGOR | | Admissible under R. 801(d)(2)(A). Also, document is admissible under R. 803(6) hearsay exception -- Letter is a business record kept in the regular course of business. Also, shows Merck was on notice as to the existence of CV events during VIGOR trial and the necessity of a proper adjudicating process. | | admitted |
| 1.0086 | MRK-AAX0002761 | MRK-0002766 | 2/7/2000 | | None | | | admitted |
| 1.0087 | MRK-AAX0002768 | MRK-AAX0002850 | 3/2/2000 | Statistical Data Analysis Plan Amendment No. 1 for VIGOR by Deborah | | | | admitted |
| 1.0091 | MRK-AAX0008561 | MRK-AAX0008581 | 10/15/2001 | Draft VIOXX Label | No objection | | Admitted | Admissible |
| 1.0092 | MRK-AAZ0001608 | MRK-AAZ0001609 | 5/6/2001 | Email from Edward Scolnick to Laura Demopoulos Re: Topol idea | | | | admissible |
| 1.0095 | MRK-ABA0003490 | MRK-ABA0003490 | 2/4/2002 | Letter from Carlos Patrono to Dr. Braunwald Re: VALOR and TIMI 30 protocol | Not offered for the truth (that naproxen is not cardioprotective) but to show that Merck had notice of the defective nature of the drug. | | No Ruling | Reserve ruling |
| 1.0106 | MRK-ABC0002150 | MRK-ABC0002150 | 11/17/1997 | Letter from John Oates to Barry Gertz re: origin document and should be metabolite of beta-oxidation | 801, 802. The document is hearsay and should not be admitted. No objection | The document is non-hearsay; adoptive admission under 801(d)(2). The email is a business record of Merck 803(6) that sets forth the present sense impression of Merck employees 803(1). | | Admissible |
| 1.0107 | MRK-ABC0002198 | MRK-ABC0002198 | 9/28/1998 | Memo from Martino Laurenzi to Alan Nies Re: Proposal of Prof. Patrono in the fields of CV and Renal | | | | Reserve ruling |

7/26/2006

Barnett v. Merck

Preliminary Final Combined

**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.0108 | MRK-ABC0002199 | MRK-ABC0002200 | 9/9/1998 | Letter from Carlos Patrono to Martino Laurenzi Re: Vivo Prostacyclin Biosynthesis | 401, 402, 403, 801, 802. This letter is hearsay, out of court statement by non-Merck person. Also irrelevant and prejudicial. No objection | Document is admissible under R. 803(6) hearsay exception – Letter received by Merck and kept in their regular course of business. Relevant to show that Dr. Patrono put Merck on notice in 1998 that adverse CV events was a problem that should be explored quickly. Letter evidences Plaintiff's claim that Merck was aware of the CV dangers associated with Vioxx prior to placing the drug on the market but failed to warn physicians and patients. | | Admissible |
| 1.0115 | MRK-ABC0017484 | MRK-ABC0017484 | 8/13/1997 | Memo from Alan Nies and Alise Reicin to Jim Bolognese, et al. MK-0966 GI Outcomes | No objection | | | |
| 1.0116 | MRK-ABC0022825 | MRK-ABC0022878 | 4/27/2000 | Alan Nies' Presentation to the Board of Advisors Re: VIGOR Preliminary Result | No objection | | | Admissible |
| 1.0118 | MRK-ABC0033809 | MRK-ABC0033809 | 4/12/2000 | Email from Alise S. Reicin to Edward M. Scolnick, et al. Re: RA and CV Mortality | No objection | | | Reserve ruling |
| 1.0119 | MRK-ABC0034124 | MRK-ABC0034124 | 12/3/2001 | Email from Douglas Greene to Alan Nies Re: Bioterrorism | 801, 802. Contains hearsay statements from third parties. Also 403 | Document not hearsay but admissible under R. 801(d)(2)(A). Also, in document is admissible under R. 803(6) hearsay exception. Email exchange between Alan Nies and Douglas Greene, both Merck employees. Document kept in regular course of business. Relevant but not unfairly prejudicial. | | Reserve ruling |
| 1.0122 | MRK-ABC0048699 | MRK-ABC0048706 | 10/10/1996 | Research Management Committee No. 96-10 -- Blue Bell | No objection | | Admitted | Admissible |

Page 12 of 83

7/26/2006

Barnett v. Merck

**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

Preliminary Final Combined

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling -- Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.0124 | MRK-ABD0002346 | MRK-ABD0002347 | 1/28/2001 | Email from Edward Scolnick to Eve Slate Re: OPDRA Report vs. FOI | 401, 402, 403. Irrelevant, and any probative value is outweighed by prejudicial effect. Also attacking investigators or speakers who expressed what Merck staff felt were critical opinions of the safety of the drug. The sentence about the "Fries incident" is an admission by one senior management, Edward Scolnick, that Merck's | The Fries incident is relevant to Merck's pattern of conduct in attempting to downplay the unfavorable side effect patterns of Vioxx while systematically attacking investigators or speakers who expressed what Merck staff felt were critical opinions of the safety of the drug. The sentence about the "Fries incident" is an admission by one senior management, Edward Scolnick, that Merck's systematic efforts to suppress the adverse safety results in the VIGOR study were worse than the actual results themselves. | No Ruling | *[signature]* |
| 1.0125 | MRK-ABG 0001226 | MRK-ABG 0001243 | 4/11/2002 | VIOXX Label Change Questions and Answers | | | No Ruling | *[signature]* |
| 1.0130 | MRK-ABH0014002 | MRK-ABH0014002 | 1/13/1998 | Email from A. Ford-Hutchinson to E. Scolnick RE: Tylenol | | | | *[signature]* |
| 1.0132 | MRK-ABH0016219 | MRK-ABH0016219 | 3/9/2000 | Email from Edward Scolnick to Deborah Shapiro et al; Subject: vigor | 401, 402, 403. Irrelevant, and any probative value is outweighed by prejudicial effect. Concerns preliminary analysis of data which was subsequently revised. | Merck's only substantive objection to this document is that the author, Edward Scolnick, later changed his mind. This has no effect on admissibility, but rather is fodder for cross examination. Document's relevance is not outweighed by its prejudicial value. Shows that Merck's fears about the defective nature of this drug, expressed years before VIGOR, were confirmed. Shows company knew the drug was defective more than 2 years before Mr. Barnett's heart attack. | Admitted | *[signature]* |
| 1.0133 | MRK-ABH0017386 | MRK-ABH0017386 | 3/13/2000 | Email from Alise Reicin to Edward Scolnick Re: An Article Stating the Potential Cardioprotective Effects | | | | *[signature]* |

Barnett v. Merck

Preliminary Final Combined

**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.0138 | MRK-ABI0000515 | MRK-ABI0000515 | 4/16/1999 | Email from Jan Nissen to Marcy Carroll Re: VIOXX Launch Meeting Theme Party | 401, 402, 403. Unfairly prejudicial, especially in compensatory phase. | Previously admissible. The e-mail is relevant to the conduct and state of mind of Merck. The document clearly expresses Merck's intent to aggressively and rapidly gain 51% of the market share. In doing so, Merck was willing to spend $1 million to promote the launch of Vioxx while suppressing the drug's dangerous side effects. This is another document that is relevant to telling the "whole Vioxx story". | Admissible | *(handwritten)* Admissible |
| 1.0140 *(circled)* | MRK-ABI0001556 | MRK-ABI0001556 | 2/23/1998 | Memo from David Anstice to J. Carroll, et al. Re: Pfizer and the promotion of Celebrex | 401, 402, 403. Irrelevant, and unfairly prejudicial, especially in compensatory phase. | *(handwritten)* No objection — Merck's entire emphasis on the marketing of the drug and systematic suppression of the harmful side effects bears directly on plaintiff's burden of proving that Merck failed to use reasonable care in the marketing and promotion of Vioxx and that it intentionally distributed results and promotions pertaining to the dangers associated with Vioxx. Furthermore it bears directly on the plausibility of Merck's proper defenses. | | |
| 1.0143 *(circled)* | MRK-ABL0000921 | MRK-ABL0000937 | 5/17/2000 | Key Marketing Messages HHPAC | 401, 402, 403. Irrelevant, and unfairly prejudicial, especially in compensatory phase. | Overview of Merck's marketing plan. Relevant to show Merck strategy to sell Vioxx, including plan to minimize CV/thromboembolic risks of Vioxx, highly relevant to failure to warn claim, sets forth Merck's spin of VIGOR data and Naproxen theory. | | *(handwritten)* admissible |
| 1.0145 | MRK-ABI0002126 | MRK-ABI0002128 | 5/8/2000 | Email from Dixon to Edward Scolnick Re: Renal and CV Issues for Vioxx | 401, 402, 403. Irrelevant, and unfairly prejudicial, especially in compensatory phase. | Previously admitted. Clearly relevant to Merck's failure to warn. Shows that competitive pressure forced Merck to downplay the risks evident after the VIGOR trial. Explicitly shows Merck's plan to mislead prescribing physicians about CV risk. | Admitted | *(handwritten)* admissible |
| 1.0147 | MRK-ABI0002269 | MRK-ABI0002309 | 4/20/2000 | Vioxx Interim Review for HHPAC | *(handwritten)* No objection | | Admitted (Carroll Deposition) | *(handwritten)* Admissible 401 × 402 |
| 1.0149 | MRK-ABI0002784 | MRK-ABI0002784 | 10/19/2000 | Email from Leonard Anstice to David Taccone Re: Vioxx DTC Campaign | | | Admissible | *(handwritten)* admissible |

7/26/2006

Barnett v. Merck

Preliminary Final Combined

**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.0151 | MRK-ABI0003148 | MRK-ABI0003155 | 10/1/2001 | Letter from David Anstice to Thomas Abrams Re: DDMAC's 9-17-01 Warning Letter | Conditional: 401, 402, 403. No objection if document coming in to evidence. | Plaintiff has no objection to the 9/17/01 warning letter admission by a party opponent pursuant to 801(d)(2). It is relevant and has probative value as to Merck's conduct, reasonable care in marketing the drug, its failure to warn, as well as plausibility of the defenses under 401 and 607. The defendant has not shown unfair prejudice under 403. The rule does not exclude evidence because it is strongly persuasive or compelling; rather it must be substantially outweighed by the danger of unfair prejudice. Regardless of the admissibility of the Warning Letter, this document is relevant and highly probative of Merck's notice and knowledge that: FDA considered its marketing of vioxx (specifically its interpretation/spin of VIGOR) to be misleading; that there was an alternative explanation for the VIGOR results; and that their stated interpretation of VIGOR (ie that naproxen is cardioprotective) was not proven by any clinical studies. | | clearly [signature] |
| 1.0152 | MRK ABI 0003228 | MRK-ABI0003230 | 5/22/2001 | Press Release - Merck confirms favorable CV safety profile of Vioxx | 401, 402, 403, 602. No evidence that anyone in the case saw the press release. Any probative value outweighed by prejudicial effect. No objection [handwritten] | Previously conditionally admissible. Merck & Co., Inc. press release dated May 22, 2001. Witness testified that she would have been one of the Merck employees whose job it was to approve the press release. (147:21; 148:2) Witness testified that the information in the press release was accurate. (153:24) The press release addresses the February 8, 2001 FDA Advisory Committee meeting. It is based upon information known to Merck months, in some cases years, prior to May 2001 (VIGOR, clinical trials). In fact, the claims made in the press release date back at least to April 2000. (See P1.0583). | For Dixon deposition- Admissible to the extent they relate to testimony that has been admitted | Admissible [handwritten] |

7/26/2006

7/26/2006

Barnett v. Merck

Preliminary Final Combined

**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling -- Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.0154 | MRK ABI 0003291 | MRK- ABI0003293 | 12/16/1999 | Letter from Spencer Salis to Ellen R. Westrick Re: Homemade Promotional Pieces | 401, 402, 403. Concerns homemade marketing pieces that Merck promotions were false and misleading. Demonstrates how Merck overplayed the benefits of Vioxx well before Mr. Barnett ingested the drug. Shows that Merck would make efficacy claims without any mention of risk. Merck's representations about Vioxx are obviously relevant to the facts of this case and whether Merck adequately warned of the risks of Vioxx or misrepresented the overall risk-benefit ratio of the drug. | Document is relevant to failure to warn. Shows that | No Ruling | Present relevant probative value |
| 1.0155 | MRK ABI 0004488 | MRK- ABI0004499 | 4/28/1999 | VIOXX Launch Meeting Remarks of Anstice - Remarks to Representatives | 401, 402, 403. Irrelevant, and unfairly prejudicial. It is simply Anstice remarks at a Vioxx launch meeting. None of the treating doctors in this case attended this meeting. | Document shows Merck's marketing plan and demonstrates the enormous pressures of the COX-2 marketplace. Shows Merck's motive to downplay and misrepresent safety data when the company received it. Absolutely critical and relevant to Plaintiff's case to show why Merck would fail to warn of the risks of Vioxx. | No Ruling | admissible |
| 1.0156 | MRK ABI0005078 | MRK- ABI0005078 | 2/25/1999 | Vioxx Product Release Meeting, Ray Gilmartin Dinner Speech, Mar 4, Talking Points | *No Objection* | | | Admissible |
| 1.0157 | MRK- ABI0005079 | MRK- ABI0005081 | 2/25/1999 | Gilmartin Dinner Speech Talking Points | 401, 402, 403. Statements regarding marketing are irrelevant, and prejudical. | Relevant to show that Merck had drugs going off patent in 2000 and 2001 and needed Vioxx to be a success in order for Merck to maintain its position as the largest drug company in the world. | | admissible shows motive |

7/26/2006

**Barnett v. Merck**

**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

Preliminary Final Combined

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.0158 | MRK-ABI0005912 | MRK-ABI0005915 | 12/6/2001 | Email from David W. Anstice to Edward M. Scolnick Re: FW: Analyst Report on VIOXX | 401, 402, 403, 801, 802. The analyst report is hearsay, irrelevant, and unfairly prejudicial. | Document is based on data available long before Mr. Barnett's heart attack. Shortly after VIGOR, Merck made claims that Vioxx was safe, despite the results of that trial. The FDA later told Merck that claim was "incomprehensible." These are the same claims Merck was making when Mr. Barnett took Vioxx, so it is small wonder he received the drug without a warning. Shows Merck response when faced with publication of data showing CV risk. Merck does not make efforts to disseminate the information, so patients like Mr. Barnett can receive it, but takes extreme steps to cover up the information. | No Ruling | [signature] |
| 1.0160 | MRK-ABI0007170 | MRK-ABI0007173 | 1/23/2001 | Memo from Sherwood to Anstice Re: Academic Interactions | 401, 402, 403, 801, 802. Irrelevant and prejudicial since it relates to doctors that have nothing to do with Mr. Barnett or his doctors. Also contains hearsay from non-Merck personnel. | Relevant to show that Merck participated in an organized and orchestrated campaign to silence those in the academic community that raised safety concerns regarding Vioxx. Directly relevant to Plaintiff's failure to warn claim. Document not hearsay in accordance with R.801(d)(2)(A). In alternative, memorandum from Dr. Lou Sherwood to David Anstice, kept in the regular course of business, and is business record. R.803(6). | | [signature] |
| 1.0164 | MRK-ABI0007205 | MRK-ABI0007211 | 2/9/2001 | Memo from Richard Palfrey to Susan Baumgartner Re: Competitive feedback for vioxx | 401, 402, 403, 801, 802. Irrelevant and prejudicial since it relates to doctors that have nothing to do with Mr. Barnett or his doctors. Also contains hearsay memorandum created by and sent to Merck employees. Kept in regular course of business. | Relevant to show that Merck participated in an organized and orchestrated campaign to silence those in the academic community that raised safety concerns regarding Vioxx. Directly relevant to Plaintiff's failure to warn claim. Not hearsay in accordance with R.801(d)(2)(A). Also, in alternative, | | [signature] |

Barnett v. Merck

Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List

Preliminary Final Combined

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.0166 | MRK- ABI0011027 | MRK- ABI0011081 | 7/15/2002 | Long Range Operating Plan, 2002-2007 for Vioxx & Arcoxia | 401, 402, 403. Sales data is irrelevant and unfairly prejudicial, especially in compensatory phase. | Document is relevant because it shows Merck's patterns and practices regarding the marketing of Vioxx. Relevant to show why Merck downplayed CV risks. Merck will defend case by saying it did everything it could to warn of risks. Document shows that Merck's obsession with Vioxx's success mitigated against warning patients fully of the risks of the drug. | No Ruling | Admissible |
| 1.0167 | MRK- ABK0311063 | MRK- ABK0311068 | 9/29/1998 | Nies Handwritten Memo witnesses. Also Re: Carlo Patrono | No objections 401, 402, 403, 801, 802, 803. Hearsay statements from non-Merck employees. Kept in regular course of business. Admissible under 803(6) hearsay exception. Relevant to show that Merck had not intention of testing Vioxx in patient populations similar to those the drug was being marketed to. | Written memorandum from Alan Nies to Merck physicians perceived certain of the company's activities as threatening and intimidating, whether these claims were true or not. Witness worked for Dr. Louis Sherwood, and prepared Merck | | Admissible |
| 1.0176 | MRK- ABO0000250 | MRK- ABO0000253 | | Letter from James Fries to Raymond Gilmartin Re: Dr. Sherwood's Complaints about Dr. Gurkipal Singh | 401, 402, 403, 602, 801, 802. No evidence that anyone in this case had any contact with any of the doctors discussed in the letter. Any probative value is substantially outweighed by the risk of unfair prejudice. | documents which mention the physicians listed in the exhibit. The exhibit is used, with nine (9) additional exhibits which were all either authored or received by witness, to impeach her claims of neutralizing physicians meant that Merck was helping physicians, and that Merck did not intimidate physicians who voiced concerns about the risks of Vioxx.  The substance of the letter is admitted by Merck within Merck documents such as previously admitted Plaintiff Exhibit 1.0184 ("I will keep the pressure on and get others at Stanford to help..."I have expressed my concern directly to Fries and that we expect Singh to stop....").  Any prejudice outweighed by being highly probative of Merck's national integrated sales and marketing campaign for Vioxx that included "neutralizing," intimidating and threatening advocates, thought leaders and physician | Objection Sustained- 403, 802 (w/ Baumgartner) | Excluded due to Motion in Limine |

**Barnett v. Merck**
**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**
Preliminary Final Combined

7/26/2006

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.0177 | MRK-ABO0000257 | MRK-ABO0000263 | 3/27/2001 | Memo from Tracy Mills & Susan Baumgartner Re: Scientific Communication Plan for VIOXX | 401, 402, 403. Irrelevant because no one in this case was exposed to these particular marketing messages. Any probative value is substantially outweighed by the risk of unfair prejudice. Document is also incomplete and is missing Attachment #4. | Document prepared by the witness in the normal course of business. (Baumgartner deposition) Shows that, in order to boost sales of Vioxx, the company was going to push the naproxen theory, notwithstanding all the evidence in its possession showing the theory was incorrect. Shows an intentional disregard for patient safety and clear failure to warn. The document is a business record of Merck 803(6) that sets forth the present sense impression of Merck employees 803(1) and constitutes an admission of a party-opponent 801(d)(2). | Admitted (Baumgartner deposition) | *[signature]* |
| 1.0184 | MRK-ABO0002864 | MRK-ABO0002865 | 11/8/2000 | Email from Marilyn Krahe to David Abrahamson, et al. Re: Meeting Dr. Gurkipal Singh | 401, 402, 403, 802. The email is full of hearsay and double hearsay. The email is also irrelevant because it relates to the comments of a California doctor who has no connection to Vioxx. Mr. Barnett's use of Vioxx. | The evidence regarding the Fries incident is relevant to Merck's conduct in systematically suppressing the safety of Vioxx and attacking anyone who dare negatively comment on the drug's adverse safety profiles. The e-mail does not contain hearsay much less double hearsay. It merely reveals the strategy among key Merck employees in an attempt to suppress negative comments being made about Vioxx. The e-mail is a business record of Merck, admissible under Fed. R. Evid. 803(6) that sets forth the present sense impression of the Merck employees, admissible under Fed. R. Evid. 803(1). Admissible admission by party-opponent 801(d)(2). | Admissible | *[signature]* |
| 1.0192 | MRK-ABP0016650 | MRK-ABP0016677 | | Vioxx AD Program Slide Set | | | Admitted; No ruling on objection | *[signature]* |
| 1.0198 | MRK-ABS0037036 | MRK-ABS0037048 | 12/20/1997 | Plan to Evaluate the Incidence of Cardiovascular SAEs in the Phase IIb/III Vioxx (MK-0966) Osteoarthritis Clinical | | | | *[signature]* |
| 1.0200 | MRK-ABS0066396 | MRK-ABS0067019 | 10/26/1998 | E. Clinical Safety - MK-0966 Clinical Documentation | | | | *[signature]* |

Barnett v. Merck

Preliminary Final Combined

Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection -- Barnett | Plaintiff's Responses | Court's Ruling -- Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.0206 | MRK-ABS0212130 | MRK-ABS0212132 | 9/15/1999 | Email from Eric Mortensen to Cynthia Arnold et al re: FW: John Baron's Feedback | | | | admissible |
| 1.0221 | MRK-ABT0022650 | MRK-ABT0022657 | 1/18/2000 | Email from Douglas Watson to Thomas Capizzi, et al. Re VIGOR CV Events | | | | admissible |
| 1.0225 | MRK-ABW0003690 | MRK-ABW0003690 | 11/12/2001 | Email from Paul Fonteyene to Thomas Cannell RE Dorothy Hamill Quantitative | | | Admissible | admissible |
| 1.0226 | MRK-ABW0005623 | MRK-ABW0005623 | 9/17/2001 | Email from Steven A. Nichberger to Wendy L. Dixon Re: Conducting a CV Study | No Objection | | Dixon-Admissible to the extent they relate to testimony that has been admitted | Admissible |
| 1.0227 | MRK-ABW0010182 | MRK-ABW0010184 | 8/25/2001 | Email from Kenneth Sperling to Alan Nies, et al. Re: Decision on CV eta-analysis journal selection | | | | Questing ruling |
| 1.0229 | MRK-ABW0011956 | MRK-ABW0011957 | 10/1/2001 | Email from Wendy Dixon to David Anstice Re: CV Outcomes Trial Press Release | No objection | | Admitted; No ruling on objection | Admissible |

7/26/2006

7/26/2006

**Barnett v. Merck**

Preliminary Final Combined

**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.0231 | MRK-ABW0014720 | MRK-ABW0014722 | 10/26/2001 | Email from Steven Vignau to Wendy Dixon Re: New crop of arthritis drugs under safety cloud | 401, 402, 403, 801, 802. The email attaches a newspaper/document shows the company's plan to announce it for fear it would prove Vioxx was dangerous) in order to deflate concerns about the drug from the medical and scientific community.  The attached article is not admitted for the truth, but for Merck's knowledge/notice of it and thoughts/ reaction to it as revealed in the email.  The email is a business record of Merck employees 803(1) and sense impression of Merck employees 803(1) and constitutes an admission of a party-opponent 801(d)(2). | Merck will defend case by saying it did all studies necessary to determine the risks of the drug, but this article that is hearsay was doing a study (when in fact it never did the study. The email at the top of page 1 is irrelevant to any of the issues in this case. | Ruling Reserved | *(handwritten signature)* |
| 1.0234 | MRK-ABX0002309 | MRK-ABX0002332 | | Original Label Submission For VIGOR | No objection | | | Admissible *(handwritten)* |
| 1.0235 | MRK-ABX0002367 | MRK-ABX0002404 | 2/1/2001 | Memo from Shari L. Targum to Sandra Cook, et al. Re: Consultation NDA 21-042, S-007 Review of Cardiovascular Safety Database | | | Admitted (Carroll deposition) | Admissible *(handwritten)* |
| 1.0240 | MRK-ABX0050244 | MRK-ABX0050253 | | Research and Manufacturers of America's Code on Interactions with Healthcare | 401, 402, 403. Irrelevant and unfairly prejudicial. | Relevant to Plaintiff's failure to warn claim.  Outlines industry practices in regard to marketing. | | *(handwritten signature)* |

Barnett v. Merck

Preliminary Final Combined

**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

7/26/2006

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling -- Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.0255 | MRK-ABY0030000 | MRK-ABY0030030 | 5/1/2001 | Memo from Joshua Chen to Raymond Ban Re: MK-966 AD Program Mortality Analysis for Protocol 091, 078, & 126 | 401, 402, 403 Irrelevant, and any probative value is outweighed by prejudicial effect. | Document is directly relevant to Merck's failure to warn. Merck will defend by saying it always warned adequately of the risks of Vioxx, yet this document shows that images of Dorothy Hamill skating were offered to the public to increase confidence in patients already using Vioxx, and were relied upon by the company to counter claims made in medical journals that the drug was dangerous. Relevant and highly probative of what Merck knew, when and what Merck actually told the FDA, physicians and consumers. | Ruling Reserved | admissible (signature) |
| 1.0265 | MRK-ACD0068340 | MRK-ACD0068344 | | FDA's VIGOR Label | | | | admissible (signature) |
| 1.0278 | MRK-ACF0004015 | MRK-ACF0004016 | 1/29/2001 | Email from Deborah Shapiro to Eliav Barr, et al. Re: Alzheimer's studies | 401, 402, 403. No, irrelevant, and any probative value is outweighed by prejudicial effect. | Relevant to issues of Merck's notice; conscious attempt to manipulate/spin study data to best sell and market vioxx, and failure to adequately warn. Highly probative and would not confuse the jury. | | Admissible |
| 1.0283 | MRK-ACG0000828 | MRK-ACG0000839 | 1/2/11999 | DiCesare memo re: Clinical development oversight committee meeting, January 6 | | | | Reserved ruling |

Barnett v. Merck

Preliminary Final Combined

Plaintiff's Responses to Merck & Co., Inc.'s Objections to Plaintiff's Exhibit List

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.0287 | MRK-ACI0013234 | MRK-ACI0013240 | 11/19/2001 | Attachments to Casola to Abrams letter - correction letter to health care providers | Conditional: 401, 402, 403. Merck does not object if the Warning Letter is admitted. If the Warning Letter is not admitted, this document is irrelevant because no evidence shown unfair prejudice under 403. The rule does not exclude evidence because it is strongly persuasive or compelling relevant. Regardless of the admissibility of the Warning Letter, this document is relevant and any probative value is highly probative of Merck's notice and knowledge that FDA considered its marketing of vioxx (specifically its interpretation/spin of VIGOR) to be misleading; that there was an alternative explanation for the VIGOR results; and that their stated interpretation of VIGOR (ie that naproxen is cardioprotective) was not proven by any clinical studies. | This document is very similar to the previously admitted letter which is Plaintiff's Exhibit 1.0288. The letter is an admission by a party opponent pursuant to 801(d)(2). It is relevant and has probative value as to Merck's conduct, reasonable care in marketing the drug, its failure to warn, as well as plausibility of the defenses under 401 and 607. The defendant has not shown unfair prejudice under 403. The rule does not exclude evidence because it is strongly persuasive or compellingly relevant. Regardless of the admissibility of the Warning Letter, this document is relevant and any probative value is of the Warning Letter, this document is relevant and any probative value is outweighed by prejudicial effect. | Admissible | [handwritten] admissible W Warning Letter |
| 1.0288 | MRK-ACI0013241 | MRK-ACI0013246 | 11/19/2001 | Attachments to Casola to Abrams letter | Conditional: 401, 402, 403. Merck does not object if the Warning Letter is admitted. If the Warning Letter is not admitted, this document is irrelevant because no evidence any one in this case saw this letter. Also, any probative value is outweighed by prejudicial effect. | Previously Admitted. The letter is an admission by a party opponent pursuant to 801(d)(2). It is relevant and has probative value as to Merck's conduct, reasonable care in marketing the drug, its failure to warn, as well as plausibility of the defenses under 401 and 607. The defendant has not shown unfair prejudice under 403. The rule does not exclude evidence because it is strongly persuasive or compellingly relevant. Regardless of the admissibility of the Warning Letter, this document is relevant and any probative value is highly probative of Merck's notice and knowledge that FDA considered its marketing of vioxx (specifically its interpretation/spin of VIGOR) to be misleading; that there was an alternative explanation for the VIGOR results; and that their stated interpretation of VIGOR (ie that naproxen is cardioprotective) was not proven by any clinical studies. | | [handwritten] admissible W Warning Letter? |

Barnett v. Merck

Preliminary Final Combined

**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection – Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.0298 | MRK-ACR0008985 | MRK-ACR0008985 | 1/31/2001 | Email from Edward Scolnick to Raymond Gilmartin, et al. Re: Monday MC | 401, 402, 403. Any probative value is substantially outweighed by the potential prejudicial effect. Also, reference to Dr. Files is irrelevant because no evidence any one in this had interaction with him or the doctors listed in this letter. No objection | Previously Admitted. Relevant and highly probative to: Merck's notice/knowledge of the true CV risk and non-cardioprotective nature of naproxen; Merck's conscious efforts mislead/spin study data to best sell vioxx. Rule 405 overcomes 401, 402 and 403 inasmuch as Merck's corporate character is relevant. Additionally, Rule 406 overcomes 401, 402 and 403 inasmuch as Rule 406 allows plaintiffs to use this exhibit in furtherance of showing habit and/or "routine practice of an organization" (Merck). | | Admissible |
| 1.0304 | MRK-ACR0009295 | MRK-ACR0009296 | 11/26/2001 | E. Scolnick email to D. Greene re: ASA use predicted PUB rate No objection | | | Admitted;-No ruling on objection | Colgnable |
| 1.0305 | MRK-ACR0009297 | MRK-ACR0009297 | 2/25/2002 | Email from Edward Scolnick to Bonnie J. Goldmann Re: VIOXX Label No objection | | | Admitted; No ruling on objection | Admissible |
| 1.0309 | MRK-ACR0014502 | MRK-ACR0014503 | 3/22/2001 | Email from Edward Scolnick to Douglas Greene Re: Vioxx AD Safety Data - Imbalance in the | | | Admitted;-No ruling on objection | admissible |
| 1.0311 | MRK-ACR0040000 | MRK-ACR0040024 | 4/8/2001 | Email from Joshua Chen to Raymon Bain Regarding a Summary of MK-0966 Combined Mortality Analysis | 401, 402, 403. Irrelevant, and any attempt to manipulate/spin study data to best sell and market Vioxx, and failure to adequately warn. Highly probative and would not confuse the jury. | Relevant to issues of Merck's notice, conscious | | admissible |
| 1.0328 | MRK-ACX0005041 | MRK-ACX0005041 | | National Advocates - Call in Next 10 Business Days | | | | Rating ruling |

7/26/2006

Page 24 of 83

7/26/2006

**Barnett v. Merck**

Preliminary Final Combined

**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.0329 | MRK-ACX0005129 | MRK-ACX0005132 | 10/4/2000 | Memo from Susan Baumgartner to Lou Sherwood Re Interactions with Gurkipal Singh | 401, 402, 403, 801, 802. The document contains numerous hearsay statements by non-Merck persons. The document is also irrelevant because it relates to presentations that none of the doctors in this case attended. | Previously Admissible. Any prejudice outweighed by being highly probative of Merck's national integrated sales and marketing campaign for Vioxx that included "neutralizing," intimidating and threatening advocates, thought leaders and physicians and controlling the scientific debate re: Vioxx. Impeachment of Baumgartner and other Merck witnesses that deny Merck's tactics of intimidating physicians. The email is a business record of Merck 803(6) that sets forth the present sense impression of Merck employees 803(1) and constitutes an admission of a party-opponent 801(d)(2). Rule 405 corporate character is a relevant. Additionally, Rule 406 overcomes 401, 402 and 403 inasmuch as Rule 406 allows plaintiffs to use this exhibit in furtherance of showing habit and/or "routine practice of an organization" (Merck). Finally, the allegedly "hearsay statements by non-Merck persons" are not being offered to prove the truth of the matter asserted. | Admissible (Baumgartner deposition) | *(handwritten)* |
| 1.0339 | MRK-ADB0009039 | MRK-ADB0009042 | | Roadmap to CV Card | 401, 402, 403. CV card issues are irrelevant to this case because there is no evidence that Mr. Barnett's doctors saw the CV card. Also, any probative value is outweighed by prejudicial effect. | Relevant and highly probative to issues of: Merck's national integrated sales and marketing campaign (which included the misleading of prescribing physicians re: the CV risks of Vioxx); Merck's notice of the true CV risk and attempts to de/mislead that true risk; Merck's manipulation of study data to best sell and market Vioxx. It is irrelevant whether or not any of Mr. Barnett's physicians saw the CV card as it was a sales tool that sales reps were not to give to physicians, but to discuss (with or without the actual card). Merck sales persons have testified to the CV card and its use. | | *(handwritten)* |
| 1.0354 | MRK-ADI0007971 | MRK-ADI0007972 | 6/4/1999 | Email correspondence between Scolnick and Weiner | 801, 802. The document is hearsay. | The attached news story is not being admitted for its truth, but to show Merck's notice/knowledge and response/reaction thereto. The email is a business record of Merck 803(6) that sets forth the present sense impression of Merck employees 803(1) and constitutes an admission of a party-opponent 801(d)(2). | | *(handwritten)* 801 403 |

7/26/2006

**Barnett v. Merck**

Preliminary Final Combined

**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.0356 | MRK-ADI0007975 | MRK-ADI0007975 | 6/6/1999 | Email correspondence between Scolnick and Weiner | | | | [signature] admissible |
| 1.0362 | MRK-ADL0082197 | MRK-ADL0082197 | 6/20/2000 | Email from Martino Laurenzi to Brian Daniels, et al. Re: Patrono - Eular | 401, 402, 403, 602. The statements attributed to Patrono are hearsay. No evidence that anyone involved in this case attended the presentation. | Previously Admitted. The practice of misrepresenting and "spinning" the VIGOR results is a primary and relevant issue in this case as Merck's corporate character is a relevant. Additionally, Rule 406 overcomes 401, 402 and 403 inasmuch as Rule 406 allows plaintiffs to use this exhibit in furtherance of showing habit and/or routine practice of an organization' (Merck). Patrono statements are not hearsay -801(d)(2). Also relevant to Merck's notice/knowledge. The email is a business record of Merck 803(6) that sets forth the present sense impression of Merck employees 803(1). | Admitted (Baumgartner deposition) | [signature] admissible |
| 1.0364 | MRK-ADO0040848 | MRK-ADO0040848 | 4/12/2001 | Email from Thomas Cannell to Jim Dunn Re: Whelton Q&A | | | Admitted (Baumgartner deposition) | [signature] admissible |
| 1.0372 | MRK-AEF0000025 | MRK-AEF0000026 | 1/28/2002 | Email from Kathleen Metters to Peter Kim, et al. Re: Article on relationship bet cox2 expression and pgl2 synthesis | Incomplete 801, 802. Incomplete because does not include attachment. Contains hearsay. | hearsay is a business record that falls within the 803(6) hearsay exception. | | [signature] reserved ruling |
| 1.0374 | MRK-AEF0000653 | MRK-AEF0000653 | 3/4/2002 | Email from James Yergey to Tom Baille- Subject Prostanoid | | Email relevant to Merck's notice and knowledge of potential adverse CV events as of January 2002, some 7 months prior to Plaintiff's heart attack. Email is a business record that falls within the 803(6) hearsay exception. | | [signature] reserved ruling |
| 1.0383 | MRK-AEG0037638 | MRK-AEG0037639 | 9/12/2002 | Email from Mervyn Turner to Joan Lasola RE: NitroMed | | | Admissible | [signature] admissible |
| 1.0386 | MRK-AEI0002734 | MRK-AEI0002746 | 5/6/1998 | Scientific Advisors' Meeting May 3 - May 6, 1998 Programmatic Review Vioxx Program | No Objection | | | [signature] Admissible |
| 1.0396 | MRK-AFF0000318 | MRK-AFF0000352 | 5/9/2002 | Hui Quan Memo re: Safety Update for APPROVe | No Objection | | | [signature] admissible |

7/26/2006

**Barnett v. Merck**

**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

Preliminary Final Combined

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection – Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.0400 | MRK-AFI0000001 | MRK-AFI0000197 | 2/7/2001 | Baumgartner Diary: 01/01/2001 to 09/27/2001 | 801, 802. The document contains multiple hearsay statements by non-Merck personnel. | Previously Admitted. Diary contains information that relates back to before Irvin's death. Rule 405 overcomes 401, 402 and 403 inasmuch as Merck's corporate character is a relevant. Additionally, Rule 406 overcomes 401, 402 and 403 inasmuch as Rule 406 allows plaintiffs to use this exhibit in furtherance of showing habit and/or "routine practice of an organization" (Merck). Even if determined to be hearsay, falls under 803(5). The document is a business record of Merck 803(6) that sets forth the present sense impression of Merck employees 803(1) and constitutes an admission of a party-opponent 801(d)(2). | Admitted (Baumgartner deposition) | ADMISSIBLE |
| 1.0401 | MRK-AFI0010255 | MRK-AFI0010255 | 1/31/2001 | National Thought Leader Summary VIGOR Study | 602, 801, 802. Witness lacks personal knowledge. Document contains hearsay statements of non-Merck personnel. | No Objection | The document is not offered for the truth, but to show Merck's notice/knowledge that there was "...no supporting data to substantiate a (cardio) protective effect for Naprosyn..." as Merck continued to claim. Impeachment of Baumgartner re: her knowledge that Merck's advisors had told Merck that its naproxen cardio-protective theory was not accurate. The document is a business record of Merck 803(6) that constitutes an adopted admission of a party-opponent 801(d)(2)(B). | Sustained objection (Baumgartner) | admissibly relevant to subject where known 401 x 402 |
| 1.0402 | MRK-AFI0010400 | MRK-AFI0010401 | 4/18/2001 | USRH 2001-2009 Outlook for Vioxx (Vioxx Sales Data) | 401, 402, 403. This is irrelevant and is prejudicial in compensatory phase. | Previously Admissible. This sales data is relevant as to motive, and profitability of Vioxx for the Defendant and is one basis for the Plaintiff's theory of liability. It may also be used to show bias and challenge the credibility of executives who testify at trial pursuant to 607. Defendant has failed to establish that evidence of financial pressure and the competitive nature of the COX-2 market is unfairly prejudicial under 403. | Admissible | generally relevant but cannot be used to establish the general but ... |

Page 27 of 83

Barnett v. Merck

Preliminary Final Combined

Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling -- Irvin 2 Admitted | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.0408 | MRK-AFI0044662 | MRK-AFI0044665 | 7/26/1999 | Email from Bruce Freundlich to Susan Baumgartner RE Physicians to neutralize | 401, 402, 403, 801, 802. Irrelevant and 403 inasmuch as Merck's corporate character is relevant. Additionally, Rule 406 overcomes 401, 402 and 403 inasmuch as Rule 406 allows plaintiffs to use this exhibit in furtherance of showing habit and/or "routine practice of an organization" (Merck). Any prejudice outweighed by being highly probative of Merck's national integrated sales and marketing campaign for Vioxx that included "neutralizing," intimidating and threatening advocates, thought leaders and physicians and controlling the scientific debate re: vioxx. Impeachment of Baumgartner and other Merck witnesses that deny Merck's tactics of intimidating physicians. The email is a business record of Merck 803(6) that sets forth the present sense impression of Merck employees 803(1) and constitutes an admission of a party-opponent 801(d)(2). | Previously Admitted. Rule 405 overcomes 401, 402 (Baumgartner deposition) | |
| 1.0409 | MRK-AFI0045236 | MRK-AFI0045237 | 9/9/1999 | Email from Caroline Yarbrough to Susan L Baumgartner Re: Background on Dr. Andrew Welton | 401, 402, 403. Irrelevant because not related to any of the doctors in this case. Also unfairly prejudicial. | Any prejudice outweighed by being highly probative of Merck's national integrated sales and marketing campaign for Vioxx that included "neutralizing," intimidating and threatening advocates, thought leaders and physicians and controlling the scientific debate re: Vioxx. Impeachment of Baumgartner and other Merck witnesses that deny Merck's tactics of intimidating physicians. The email is a business record of Merck 803(6) that sets forth the present sense impression of Merck employees 803(1) and constitutes an admission of a party-opponent 801(d)(2). | | |

7/26/2006

**Barnett v. Merck**

**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

Preliminary Final Combined

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.0411 | MRK-AFI0045966 | MRK-AFI0045840 | 11/9/1999 | Email from Susan Baumgartner to Thomas McCready checking up on the McMillan neutralization efforts. | 401, 402, 403, 801, 802; Irrelevant because no evidence that it relates to any of the doctors in this case. Also unfairly prejudicial. Also contains hearsay statements regarding non-Merck personnel. | Any prejudice outweighed by being highly probative of Merck's national integrated sales and marketing campaign for Vioxx that included "neutralizing" intimidating and threatening advocates, thought leaders and physicians and controlling the scientific debate re: Vioxx. Impeachment of Baumgartner and other Merck witnesses that deny Merck's tactics of intimidating physicians. The email is a business record of Merck 803(6) that sets forth the present sense impression of Merck employees 803(1) and constitutes an admission of a party-opponent 801(d)(2). | | *(signature)* |
| 1.0412 | MRK-AFI0048262 | MRK-AFI0048263 | 6/6/2000 | Email from Daniel L. Hall - To Susan L Baumgartner Re: Gurkibal Singh | 401, 402, 403, 801, 802; Dr. Singh has nothing to do with Mr. Barnett or any of his doctors, and this email is therefore irrelevant and prejudicial. Also contains hearsay from non-Merck employees. | Relevant to show that Merck participated in an organized and orchestrated campaign to silence those in the academic community, including Dr. Singh, that raised safety concerns regarding Vioxx. Directly relevant to Plaintiff's failure to warn claim. Email to Susan Baumgartner from a Merck employee. Kept in regular course of business. Falls within 803(6) hearsay exception. | | *(signature)* |
| 1.0413 | MRK-AFI0136524 | MRK-AFI0136524 | 8/22/2001 | Email from Linda Coppola to Russell Kosiorek Re: CV Card (1 year) Revalidation for use in Promotion | 401, 402, 403. CV card issues are irrelevant to this case because there is no evidence that Mr. Barnett's doctors saw the CV card. Also, any probative value is outweighed by prejudicial effect. | Previously Admitted. Relevant and highly probative to issues of: Merck's national integrated sales and marketing campaign (which included the misleading of prescribing physicians re: the CV risks of Vioxx); Merck's notice of the true CV risk and attempts to list/mislead that true risk; Merck's manipulation of study data to best sell and market Vioxx. It is irrelevant whether or not any of Mr. Barnett's physicians saw the CV card as it was a sales tool that sales reps were not to give to physicians, but to discuss (with or without the actual card). Merck sales persons have testified to the CV card and its use. | Admitted; No ruling on objection | *(signature)* |

# Barnett v. Merck
## Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List

Preliminary Final Combined

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling -- Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.0414 | MRK-AF10174637 | MRK-AF10174637 | 4/29/1999 | Email from Mendez to Baumgartner, Yarborough, Johnson, McKines, Jensen, and Reiss re: Physicians to Neutralize | 401, 402, 403. Irrelevant and prejudicial because this does not relate to any of Mr. Barnett's doctors. | Any prejudice outweighed by being highly probative of Merck's national integrated sales and marketing campaign for Vioxx that included "neutralizing," intimidating and threatening advocates, thought leaders and physicians and controlling the scientific debate re: Vioxx. Impeachment of Baumgartner and other Merck witnesses that deny Merck's tactics of intimidating physicians. The email is a business record of Merck 803(6) that sets forth the present sense impression of Merck employees 803(1) and constitutes an admission of a party-opponent 801(d)(2). | | (signature) |
| 1.0415 | MRK-AF10182292 | MRK-AF10182293 | 7/1/1999 | Memo from Susan Baumgartner to Charlotte McKines, et al. Re: Advocate Development Opportunity: Physicians to Neutralize | 401, 402, 403. Irrelevant because the document has nothing to do with any of the doctors in this case. Also unfairly prejudicial given the lack of probative value. | Previously Admitted. Any prejudice outweighed by being highly probative of Merck's national integrated sales and marketing campaign for vioxx that included "neutralizing," intimidating and threatening advocates, thought leaders and physicians and controlling the scientific debate re: vioxx. Impeachment of Baumgartner and other Merck witnesses that deny Merck's tactics of intimidating physicians. The email is a business record of Merck 803(6) that sets forth the present sense impression of Merck employees 803(1) and constitutes an admission of a party-opponent 801(d)(2). Rule 405 overcomes 401, 402 and 403 inasmuch as Merck's corporate character is a relevant. Additionally, Rule 406 overcomes 401, 402 and 403 inasmuch as Rule 406 allows plaintiffs to use this exhibit in furtherance of showing habit and/or "routine practice of an organization" (Merck). | Admitted (Baumgartner deposition) | (signature) |
| 1.0420 | MRK-AF10201399 | MRK-AF10201399 | 4/29/1999 | Email from Susan Baumgartner to Leonardo Mendez Re: Physicians to neutralize | 401, 402, 403. Irrelevant and prejudicial since none of Mr. Barnett's doctors are included on this list. | Relevant to show that Merck participated in an organized and orchestrated campaign to silence those in the academic community, including Dr. Singh, that raised safety concerns regarding Vioxx. Directly relevant to Plaintiff's failure to warn claim. | | (signature) |
| 1.0423 | MRK-AFJ0000520 | MRK-AFJ0000520 | 2/3/2002 | Email from Edward Scolnick to Peter Kim; Subject: coxib task | | Email from Susan Baumgartner to a Merck employee. Kept in regular course of business. Falls within 803(6) hearsay exception. | | (signature) |

7/26/2006

Page 30 of 83

**Barnett v. Merck**

Preliminary Final Combined

**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.0424 | MRK-AF-J0000576 | MRK-AF-J0000576 | 3/9/2002 | Email from Peter M. DiBattiste to Barry J. Gertz, et al. Re: RMC Options for CV Outcome Trials | | | | *(handwritten)* |
| 1.0426 | MRK-AF-J0008381 | MRK-AF-J0008382 | 8/27/2004 | Email from Drs. Richard S. and Jane Dybas to Peter S. Kim Re: Merck's Stock Retreats over VIOXX concerns | 401, 402, 403, 801, 802. The document contains a hearsay attached press report is not admitted for the truth, but for Merck's knowledge/notice of it and thought/reaction to it as revealed in the email by an email form a non-Merck individual. | Relevant to Merck's notice/knowledge and failure to timely and adequately warn of true CV risk. The press report is not admitted for the truth, but for Merck's knowledge/notice of it and thought/reaction to it as revealed in the email. The email is from Richard Dybas, former MRL Vice President. The email is a business record of Merck 803(6) that sets forth the present sense impression of Merck employees 803(1) and constitutes an admission of a party-opponent 801(d)(2). Any prejudice/confusion is outweighed by probative value. | Ruling Reserved 4017(date) | *(handwritten)* |
| 1.0445 | MRK-AFT0005926 | MRK-AFT0005927 | 4/19/2004 | Email from Susanne Eddowes to Raymond Bain, et al. Re: The Need to Set Up External DSMB for ongoing Vioxx AD Prevention Trial | 602. There is no foundation as to handwriting. | The deposition excerpt of Dr. Scolnick does not inquire of the witness regarding the handwritten portion of the text so lack of personal knowledge of this excerpt from the document should not preclude admission of the entire document. Merck would be in a better position than Plaintiff to establish the author of the handwritten portions of the record since they have superior knowledge regarding the custodial file from which the document was obtained.Merck has stipulated by letter dated 5/31/06 that the document itself is a business record of Merck 803(6). The document also sets forth the present sense impression of Merck employees 803(1) and constitutes an admission of a party-opponent 801(d)(2). | | *(handwritten)* |
| 1.0460 | MRK-1269007833 | MRK-1269008224 | 11/26/2003 | Clinical Study Report for Protocol 078 | | | | *(handwritten)* |
| 1.0463 | MRK-LBL0000035 | MRK-LBL0000038 | 11/1/1999 | Vioxx Label Nov. '99 | | | | |
| 1.0464 | MRK-LBL0000047 | MRK-LBL0000050 | 7/1/2000 | Vioxx Label July 2000 | | | | |
| 1.0465 | MRK-LBL0000059 | MRK-LBL0000062 | 7/1/2001 | Vioxx Label July 2001 | | | | |
| 1.0466 | MRK-LBL0000063 | MRK-LBL0000066 | 4/1/2002 | Vioxx Label April 2002 | | | | |

Barnett v. Merck

Preliminary Final Combined

**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.0467 | MRK-LBL0000248 | MRK-LBL0000251 | 3/1/2004 | Vioxx Label March 2004 | | | | admissible |
| 1.0470 | MRK-NJ0000827 | MRK-NJ00000835 | 9/26/1996 | Memo from Terri Randall re: MK-0966 Project Team Minutes | | | | admissible |
| 1.0473 | MRK-NJ0017825 | MRK-NJ0017853 | 2/17/1998 | Letter from Catella-Lawson and Garret FitzGerald to Briggs Morrison Re: MK 966 in the elderly | 801, 802, Hearsay - out of court statement asserted but to show notice to Merck employee. | Document not offered for the truth of the matters asserted but to show notice to Merck of safety concerns and state of mind. | | sustained not admissible |
| 1.0477 | MRK-NJ0051533 | MRK-NJ0051534 | 10/24/1997 | Email from Alan Nies to Barry Gertz and Briggs Morrison; Subject: FW: cox2 | Hearsay - out of court statement from non-Merck employee. *No objection* | Document not offered for the truth of the matters asserted but to show notice to Merck of clinical trials that should have been performed to test the safety of Vioxx so that physicians and patients could be warned of the dangers associated with the drug. | | Admissible |
| 1.0479 | MRK-NJ0066297 | MRK-NJ0066301 | 10/24/1997 | Charts re: VIGOR: Myocardial Infarctions Over Time | | | | admissible |
| 1.0482 | MRK-NJ0087216 | MRK-NJ0087296 | 9/10/1999 | VIGOR Data Analysis Plan | None | | | |
| 1.0487 | MRK-NJ0106699 | MRK-NJ0106722 | 10/13/2000 | Shapiro Meta-Analysis | | | | |
| 1.0489 | MRK-NJ0120246 | MRK-NJ0120248 | 1/17/2000 99 | Changes to the VIGOR Data Analysis Plan 12-1 | None | | | |
| 1.0498 | MRK-NJ0121906 | MRK-NJ0121907 | 4/13/2000 | Email from James Bolognese to Alise Reicin, et al. Re: RA and CV Mortality | | | | admissible |

7/26/2006

Page 32 of 83

Barnett v. Merck
Preliminary Final Combined
Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling -- Irvin 2 / Ruling Reserved | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.0506 | MRK-NJ0130083 | MRK-NJ0130087 | 2/14/2000 | Email from Edward Scolnick to Deborah Shapiro Re: Searle Recapturing Momentum in COX-2 Inhibitor Market | 801, 802. Article attached to the document is hearsay. | No challenge to the email itself, only the attachment. The email is admissible. The attachment is an adopted admission of a party-opponent 801(d)(2)(B). Additionally, it is not offered for the truth, but to show Merck's notice/knowledge of the current market and cox 2 competition and Merck's response/reaction thereto. Attached article is also admissible as evidence of motive and intent of Merck as well as knowledge of the competitive market pressures facing the pharmaceutical company defendant. It is relevant under 401 to establish Defendant's conduct in keeping with Plaintiff's theory of the unreasonable care of Defendant in its aggressive marketing of Vioxx. | Ruling Reserved | Admissible |
| 1.0510 | MRK-NJ0155912 | MRK-NJ0155916 | 8/13/1999 | to Edward Scolnick Re: Thrombotic Complications Occurring in Patients with Antiphospholipid Syndrome | 801, 802. Article attached to the document is hearsay. August 1999. | Document not offered for the truth of the matters asserted but to show Merck's state of mind and that Dr. Oates clearly put Merck on notice of adverse thrombotic events associated with the use of ri | | *admissibly* |
| 1.0511 | MRK-NJ0162361 | MRK-NJ0162371 | 4/13/1998 | Attachment #1, Dr. Alan Nies' writeup for meeting of Board of Scientific Advisors on | *No Objection* | | | *No objection ruling* |
| 1.0514 | MRK-NJ0183397 | MRK-NJ0183402 | 11/6/2001 | Draft letter to Jonca Bull re: Amendment to the Supplemental New Drug Application | | | | *No objection ruling* |
| 1.0516 | MRK-NJ0189508 | MRK-NJ0189509 | 3/28/2000 | Email from Alan Nies to Barry Gertz R: Patrono on VIGOR | 801, 802. The email contains hearsay statements from a non-Merck individual, does not acknowledge her... | Patrono statements are not hearsay - R. 801(d)(2). | Admitted (Baumgartner deposition) | *Admissible* |
| 1.0531 | MRK-NJ0267715 | MRK-NJ0267777 | 1/8/2001 | Letter from Robert Silverman to Jonca Bull Attaching IND 46,894: VIOXX (rofecoxib) | *No objection* | The document is offered to prove that witness lacks knowledge on this subject. The fact that the witness does not acknowledge her/lack of knowledge goes to her credibility and veracity | | *Admissible* |

7/26/2006

7/26/2006

**Barnett v. Merck**

**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

Preliminary Final Combined

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection – Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| | | | | to Barry K. Gertz, et al. Re: NSAIDs and Naproxen in the mad post-VIGOR search for an explanation. Fitzgerald has looked and finds | | | | Reserve ruling |
| 1.0535 | MRK-NJ0284590 | MRK-NJ0284590 | 3/24/2000 | "INSIGNIFICANT" | 801, 802. The email from Fitzgerald is hearsay. | | | |
| 1.0539 | MRK-NJ0317338 | MRK-NJ0317341 | 8/14/1997 | Email from Kyra Lindemann to Beth Seidenberg et al Re: MK0966 GI Outcomes Standby | | | | Reserve ruling |
| 1.0541 | MRK-NJ0320174 | MRK-NJ0320177 | 5/25/2000 | Email from Margie McGlynn to Alise Reicin | 401, 402, 403, 602. Analyst reports are hearsay. The witness does not have personal knowledge. | The analyst reports are not offered for the truth of the matter (Weiner) 602, 801, 802 mates contained in the analyst report - R. 801c). The email and reports are shown to offer Merck corporately and Dr. Reicin's state of mind, motive, knowledge, and focus at the time the email was written. When aggressive efforts should have been made to let physicians and patients know that Vioxx increases one's risk of an adverse cardiovascular event by 5 times, Merck hid the truth. Instead, they focused their efforts on "wood shedding" analysts to preserve the price of Merck stock. Moreover, this document is relevant to Plaintiff's claim of failure to warn. | Not Admissible (Weiner) 602, 801, 802 | Sustained preliminary on 801 - 602 |
| 1.0542 | MRK-NJ0333225 | MRK-NJ0333235 | 3/21/2001 | Memo Re: Mk-0966 AD Progression Trail (Protocol #091) Informs Investigators of Imbalance in the Number of Deaths | 401, 402, 403. The all cause mortality data in this exhibit is irrelevant to this case. | Mortality date from the Alzheimer's trials is relevant to Plaintiff's defective product claim., i.e., that Vioxx is unreasonably dangerous since it causes an increase in the rate of deaths among certain patients. Moreover, the correspondence shows Dr. Scolnick's knowledge regarding the safety deficits associated with Vioxx. | Admitted, No objections 801, 802 | admissible |
| 1.0581 | MRK-PRL0000114 | MRK-PRL0000115 | 3/27/2000 | Press Release - Merck Informs Investigators of Preliminary Results of Gastrointestinal Outcomes Study with Vioxx | No objection | | | Admissible |

Barnett v. Merck

Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List

Preliminary Final Combined

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling -- Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.0583 | MRK-PRL0000122 | MRK-PRL0000123 | 4/28/2000 | Merck News Release "Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx" | No Objection | Press Release was issued after the results of the VIGOR trial were known to Merck. The substance of the release is relevant to Plaintiff's failure to warn claim. Despite the fact that Merck knew Vioxx substantially increased the risk of an adverse cardiovascular event, Merck misrepresented the truth to patients, physicians and the world by communicating in releases such as this one that Vioxx had a "favorable cardiovascular safety profile." | Admitted (Weiner deposition) | AdMiSSible |
| 1.0584 | MRK-PRL0000124 | MRK-PRL0000127 | 5/24/2000 | Press Release - Vioxx significantly reduced the risk of serious gastrointestinal side effects by more than half compared to naproxen in a new | | | | Reserve ruling |
| 1.0587 | MRK-PRL0000131 | MRK-PRL0000133 | 6/22/2000 | Press Release: Researchers present findings from the first study evaluating the efficacy and tolerability of Vioxx Celecoxib and Acetaminophen in the treatment of osteoarthritis | | | | Reserve ruling |
| 1.0667 | | | 4/14/1999 | Wall Street Journal article "Drugs: Merck's Health Hinges on Sales of Arthritis Pill" by R. Langreth | 403, 602, 801, 802. This is a Wall Street Journal article and is pure hearsay, and also contains hearsay statements by non-Merck personnel. Also irrelevant and its prejudicial effect outweighs any probative value. | Newspaper article not offered for the truth of the matter that Vioxx was essential to Merck's financial well-being (though this is proven by other evidence). The article is offered to show Mr. Carroll's state of mind and the prevailing belief among Merck management. Furthermore, this document impeaches the witness in accordance with R. 612(a). | Sustained (Carroll deposition) | Sustained not admissible |

7/26/2006

Barnett v. Merck

Preliminary Final Combined

Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling -- Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.0726 | MRK-AAD0356476 | MRK-AAD0356477 | | Email from Peter Kim to Alise Reicin regarding NO-Naproxen | 401, 402, 403. Irrelevant because this is past-withdrawal, and was unreasonably dangerous, and failed to warn patients and physicians of the serious dangers associated with the use of Vioxx. Moreover, the document also outlines a safer alternative design for the drug. | The document is relevant to Plaintiff's claim that Vioxx is defective, that Merck was aware that Vioxx was unreasonably dangerous, and failed to warn patients and physicians of the serious dangers associated with the use of Vioxx. Moreover, the document also outlines a safer alternative design for the drug. | Admissible | admissible |
| 1.0727 | MRK-ACD0012344 | | 9/20/2001 | Email from Dawn Chifty to Christa DeRusoo, et al. regarding VIOXX | | discussion about potential combinations of drugs that have not ever actually been combined | | admissible |
| 1.0729 | MRK-AF00128716 | | 11/1/2001 | Email from Edward Scolnick to Karen Grosser regarding Vioxx Circular | | | | admissible |
| 1.0732 | MRK-NJ0220388 | MRK-NJ0220454 | | Product Development Plan Stage 0 Review | No Objection | | | Admissible |
| 1.0739 | MRK-ABS0034494 | MRK-ABS0034577 | | Clinical Investigator's Confidential Informational Brochure | | | | admissible |
| 1.0755 | MRK-AFN0052502 | MRK-AFN0052523 | No Date | NEJM Manuscript 05-0493: comments from reviewers approve manuscript. | 401, 402, 403, 801, 802. The document is hearsay, and contains hearsay statements from non-Merck employees. Also irrelevant and unfairly prejudicial given the lack of probative value. | The manuscript is relevant to Plaintiff's defect and failure to warn claims. Serious concerns were raised as to the bias of the authors and the suppression of safety data in the way that CV risks were presented. The statements of the reviewer are not offered for the substantive truth of the matter asserted but to show notice, intent, and state of mind. | | objection sustained |

7/26/2006

7/26/2006

Barnett v. Merck

Preliminary Final Combined

Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.0812 | MRK-V 0000041 | | | Dorothy Hamill - Morning; 30 | 401, 402, 403. Irrelevant because that the Dorothy Hamill ad had nothing to do with his decision to take Vioxx. | Television ads are illustrative of Merck's business practice and strategy to maximize the sales of Vioxx and other Merck prescription drugs through direct-to-consumer advertising. Television ads were a major component of Merck's marketing strategy for Vioxx. This Dorothy Hamill commercial is relevant to Plaintiff's failure to warn claim. Though Merck was aware at the time this advertisement was being broadcast that Vioxx significantly increased the risks of heart attack, there is no cardiovascular warning in this advertisement. Plaintiff was taking Vioxx while this advertisement was being aired. | Ruling Reserved | *sustained not relevant style* |
| 1.0815 | MRK-V 0000044 | | | "Dog Park" Letterbox; 30 | 401, 402, 403. Irrelevant because there is no evidence that Mr. Barnett ever saw this video. | Television ads are illustrative of Merck's business practice and strategy to maximize the sales of Vioxx and other Merck prescription drugs through direct-to-consumer advertising. Television ads were a major component of Merck's marketing strategy for Vioxx. This commercial is relevant to Plaintiff's failure to warn claim. Though Merck was aware at the time this advertisement was being broadcast that Vioxx significantly increased the risks of heart attack, there is no cardiovascular warning in this advertisement. Plaintiff was taking Vioxx while this advertisement was being aired. | Ruling Reserved | *sustained admissible* |
| 1.0816 | MRK-V 0000045 | | | Clammer; 30 Reminder DR | 401, 402, 403. Irrelevant because there is no evidence that Mr. Barnett ever saw this video. | Television ads are illustrative of Merck's business practice and strategy to maximize the sales of Vioxx and other Merck prescription drugs through direct-to-consumer advertising. Television ads were a major component of Merck's marketing strategy for Vioxx. This commercial is relevant to Plaintiff's failure to warn claim. Though Merck was aware at the time this advertisement was being broadcast that Vioxx significantly increased the risks of heart attack, there is no cardiovascular warning in this advertisement. Plaintiff was taking Vioxx while this advertisement was being aired. | Ruling Reserved | *reserve ruling* |

Barnett v. Merck

Preliminary Final Combined

## Plaintiff's Responses to  Merck Co., Inc.'s Objections to Plaintiff's Exhibit List

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling -- Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.0817 | MRK-V 0000046 | | | Teacher: 60 | 401, 402, 403. Irrelevant because there is no evidence that Mr. Barnett ever saw this video. | Television ads are illustrative of Merck's business practice and strategy to maximize the sales of Vioxx and other Merck prescription drugs through direct-to-consumer advertising. Television ads were a major component of Merck's marketing strategy for Vioxx. This commercial is relevant to Plaintiff's failure to warn claim. Though Merck was aware at the time this advertisement was being broadcast that Vioxx significantly increased the risks of heart attack, there is no cardiovascular warning in this advertisement. | Ruling Reserved | _(signature)_ |
| 1.0818 | | | | Teacher: 60 | 401, 402, 403. Irrelevant because there is no evidence that Mr. Barnett ever saw this video. | Television ads are illustrative of Merck's business practice and strategy to maximize the sales of Vioxx and other Merck prescription drugs through direct-to-consumer advertising. Television ads were a major component of Merck's marketing strategy for Vioxx. This commercial is relevant to Plaintiff's failure to warn claim. Though Merck was aware at the time this advertisement was being broadcast that Vioxx significantly increased the risks of heart attack, there is no cardiovascular warning in this advertisement. Plaintiff was taking Vioxx while this advertisement was being aired. | Ruling Reserved | _(signatures)_ |
| 1.0819 | MRK-V 0000046 | | | Teacher: 30 | 401, 402, 403. Irrelevant because there is no evidence that Mr. Barnett ever saw this video. | Television ads are illustrative of Merck's business practice and strategy to maximize the sales of Vioxx and other Merck prescription drugs through direct-to-consumer advertising. Television ads were a major component of Merck's marketing strategy for Vioxx. This commercial is relevant to Plaintiff's failure to warn claim. Though Merck was aware at the time this advertisement was being broadcast that Vioxx significantly increased the risks of heart attack, there is no cardiovascular warning in this advertisement. Plaintiff was taking Vioxx while this advertisement was being aired. | Ruling Reserved | _(signatures)_ |

Barnett v. Merck

Preliminary Final Combined

**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling – |
|---|---|---|---|---|---|---|---|---|
| 1.0965 | MRK-NJ0200304 | | | Email from Ken Truitt to Barry Gertz RE: 966 peds | 401, 402, 403. The document contains sales data, which is irrelevant and unfairly prejudicial in the compensatory phase of the trial | The document does not contain sales data. Rather, it outlines Merck's plan to market Vioxx to children in order to bolster its safety profile by stating the drug was "safe enough for children." The document is relevant to Plaintiff's failure to warn claim, and evidences Merck's intent to market the drug at the expense of child safety. | | *(handwritten notes)* |
| 1.0966 | MRK-ABW0005449 | MRK-ABW0005475 | | Profit Plan 2002-Merck A&A Franchise | 401, 402, 403, 602. The document contains profit and sales data, which is irrelevant and unfairly prejudicial in the compensatory phase of the trial | Throughout 2002, Plaintiff was ingesting Vioxx. This business planning document is relevant to Plaintiff's failure to warn claim and specifically to Plaintiff's contention that Merck intentionally put profits over patients. The document evidences Merck's motive to postpone warning physicians and patients as long as possible and states that the addition of a CV label would reduce sales by $229 million. | No ruling on objections | *(handwritten notes)* P.1.0006 pm P.s.m. Both news a front 1403 |
| 1.0971 | MRK-AAR0011527 | MRK-AAR0011549 | | Obstacle Response Guide | 401, 402, 403. Irrelevant and prejudicial, has no relation to this case | Directly relevant to Plaintiff's failure to warn claim. Document proves that Merck trained its sales representatives to treat legitimate safety questions from physicians as obstacles and how to avoid responding truthfully and fully to those questions. | | *(handwritten note)* administ 406 |
| 1.0972 | MRK-AFO0286612 | MRK-AFO0286638 | | Draft article "Cardiovascular Events Associated with Rofecoxib in a 3-Year Randomized Colorectal Chemoprevention Trial | 801, 802. The draft article contains hearsay from non-Merck authors. | Both 1.0972 and 1.0973 are relevant to show that Merck, through their own scientists and paid consultants, manipulated the reporting of clinical trials to minimize the CV warnings revealed by the study. Plaintiff does not offer the articles for the truth of the matters contained therein but to show Merck's state of mind and practice of scientific misconduct. | | *(handwritten note)* |
| 1.0973 | MRK-ACO0076955 | MRK-ACO0076990 | | Draft article "Cardiovascular Events Associated with Rofecoxib in a 3-Year Randomized Colorectal Chemoprevention Trial | 801, 802. The draft article contains hearsay from non-Merck authors. | Both 1.0972 and 1.0973 are relevant to show that Merck, through their own scientists and paid consultants, manipulated the reporting of clinical trials to minimize the CV warnings revealed by the study. Plaintiff does not offer the articles for the truth of the matters contained therein but to show Merck's state of mind and practice of scientific misconduct. | | *(handwritten note)* |
| 1.1004 | MRK-ABL0000609 | MRK-ABL0000654 | 6/21/1999 | VIOXX® INTERIM STAGE REVIEW | | | | Admissible (Carroll deposition) |

7/26/2006

**Barnett v. Merck**

Preliminary Final Combined

**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling -- Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.1005 | MRK-ABL0000688 | MRK-ABL0000690 | 7/15/1999 | Minutes of 6/25/99 HHPAC meeting | 401, 402, 403, 602. The document is irrelevant because relates to pill-splitting, offered to show Merck put profits ahead of patient safety. | | No ruling on objections | admissible |
| 1.1013 | MRK-ABL0000921 | MRK-ABL0000937 | 5/17/2000 | HHPAC Presentation-Key Marketing Messages | Document is offered to impeach witness's statement that Merck's motivation to prevent pill splitting was not to increase sales. Document is also irrelevant because it has nothing to do with Mr. Barnett. | Relevant to Plaintiff's failure to warn claim and Merck's learned intermediary defense. Evidence of Merck's marketing messages related to Vioxx goes directly to Merck's failure to act reasonably in marketing Vioxx. The methods used to market the drug are relevant to Defendant's knowledge, motives, and reckless and negligent conduct. The probative value of this document is not substantially outweighed by any prejudice that might result in its admission. | Admissible | admissible |
| 1.1014 | MRK-ABL0000938 | MRK-ABL0000941 | 6/6/2000 | Memorandum from R.T. Bissett re: Meeting Minutes-5/17/2000 HH PAC Meeting | No objection | | No ruling on objections | admissible |
| 1.1016 | MRK-ABA0025859 | MRK-ABA0025860 | 2/27/2002 | Email from Anna Esposito to Peter DiBatiste RE: VALOR | | | | admissible |
| 1.1021 | MRK-NJ0281185 | MRK-NJ0281208 | 2/28/1998 | MRL Epidemiology Department Technical Report No. EP/0706.005.98 | None | | | admissible |
| 1.1034 | S042200051001 | S042200053185 | | MRL Abbreviated Clinical Study Report. A Multicenter, Randomized, Parallel Group, Placebo-Controlled, Double-Blind Study with In-House Blinding to Determine the Effect of 156 Weeks of Treatment with Rofecoxib (MK-0966) on the Recurrence of... | | | | admissible |