**Barnett v. Merck**

**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

Preliminary Final Combined

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.1086 | MRK-ABH0014143 | MRK-ABH0014166 | 5/12/1998 | Memo from Suzanne Pennick to Project Team Members regarding Project Team Minutes for May 12, | | | | Admissible |
| 1.1085 | MRK-NJ0174804 | MRK-NJ0175048 | 2/8/2001 | Transcript of the Arthritis Advisory Committee Meeting | 801, 802. The transcript is hearsay. | The Arthritis Advisory Committee is sponsored by the FDA and as such reports and transcripts of the committee's meetings are admissible under R. 803(8). | | no ruling |
| 1.1084 | MRK-ABW0000581 | MRK-ABW0000607 | 2/8/2001 | FDA Advisory Committee Briefing Document | | | | admissible |
| 1.1081 | MRK-AKO0014360 | MRK-AKO0014397 | 2000 | Anti-Inflammatory and Analgesic TBG 2000 Profit Plan | 401, 402, 403. This document outlines, at least in part, Merck's comprehensive marketing plan to physicians and is relevant to Plaintiff's failure to warn. Though sales projections are included, the primary focus of the document is the monumental campaign Merck envisioned to ensure that sales of Vioxx exceeded Celebrex and in doing so, increased Merck's market share. | | | sustained - not admit |
| 1.1073 | MRK-ACR0009148 | MRK-ACR0009149 | 4/7/2001 | E-mail from Edward Scolnick to Douglas Greene regarding Vigor approvable letter | | | | / / |
| 1.1066 | MRK-NJ02244665 | MRK-NJ0244672 | | Patient Informed Consent | | | | / / |
| 1.1052 | MRK CAAD 13902 | | 7/18,19/2001 | Physicians Desk Reference-51st Edition 2000 - a national cross-functional team meeting dated July 17, 18th, 19th of 2001 | | | | / / |
| 1.1049 | | | | Physician Desk Reference 2003 | | | | admissible |
| 1.1044 | MRK-ACC0009462 | | | Merck & Co. Inc.-Code of Conduct for Clinical | | | | admissible |
| 1.1036 | MRK-ACI0012836 | MRK-ACI0012840 | | Bulletin for Vioxx: FDA AAC Meeting for Vioxx | 401, 402, 403. Irrelevant and prejudicial. | Directly relevant to Plaintiff's failure to warn claim. Document proves that Merck directed its sales representatives to treat legitimate safety questions raised regarding the VIGOR study as obstacles and how to avoid responding truthfully and fully to those questions. | | admissible |

**Barnett v. Merck**

Preliminary Final Combined

**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling -- Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.1087 | | | | Excerpts from the Merck Manual - 16th Edition | 401, 402, 403. Irrelevant and potentially confusing. No evidence that anyone involved with this case has seen the Merck Manual. | Excerpts from the Merck Manual are directly relevant to Plaintiff's claim that Vioxx is defective and shows that Merck had notice that the inhibition of Cox-2 would cause an increase in adverse cardiovascular events such as heart attacks. The elimination of this portion of the Merck Manual in later editions also further evidences Merck's efforts to suppress information about the CV risks associated with Vioxx and willingness to engage in scientific misconduct to do so. | | *Admissible* |
| 1.1094 | MRK-ABH0016104 | | 9/11/1999 | Email from Peter Ernster to Edward Scolnick regarding | *No objection* | | | *admissible* |
| 1.1097 | MRK-ABI0011772 | MRK-ABI0011787 | 9/29/2004 | Questions and Answers: VIOXX Voluntary Market Withdrawal | 401, 402, 403, 602. Mr. Scolnick does not have personal knowledge of the document. The document is also irrelevant and unfairly prejudicial. | Dr. Scolnick, as President of Merck Research Labs, was one of the primary persons involved in Merck's decision to withdraw Vioxx from the market. He had personal knowledge of the decision-making process and the basis for the decision and as such, has personal knowledge of the information contained in the Q & A document. Merck's public position following withdrawal is relevant to Plaintiff's failure to warn the public by fully disclosing the risks associated with the drug. Plaintiff continued to take Vioxx until it was withdrawn from the market. | Admitted; No ruling on objection | *admissible* |
| 1.1098 | MRK-AF00001537 | | 11/8/2001 | Email from Edward Scolnick to Douglas Greene regarding History Lesson | *No objection* | | Admitted; No ruling on objections | *ADMISSIBLE* |
| 1.1099 | MRK-ABT0000639 | | 4/15/2000 | Email from Alise Reicin to Edward Scolnick regarding Background Material for 4/18/00 | | | | *admissible* |
| 1.1100 | MRK-ABT0014818 | MRK-ABT0014827 | 5/8/2001 | VIOXX Outcomes Study Potential Designs | | | Admitted; No ruling no objection | *admissible* |
| 1.1101 | MRK-AAZ0001608 | MRK-AAZ0001609 | | Email from Edward Scolnick to Douglas Greene regarding History Lesson | | | | *admissible* |

7/26/2006

**Barnett v. Merck**

**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

Preliminary Final Combined

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling -- Irvin 2 Admitted; No ruling on objections | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.1103 | MRK-AAR0033237 | MRK-AAR0033243 | | In Response to Your Questions: Cardiovascular System Clinical Profile in Osteoarthritis Studies | 401, 402, 403. This exhibit is irrelevant because it was used by sales representatives and there is no evidence that Mr. Barnett or any of the doctors in this case saw this exhibit. | Document evidences Merck's practice of minimizing the CV risks/dangers associated with Vioxx when marketing the drug to physicians. This document is directly relevant to Plaintiff's failure to warn claim. | | admissible |
| 1.1104 | MRK-NJ0030204 | | 10/9/2001 | Email from Deborah Wolf to Briggs Morrison, re: CV outcome Total Cost - | | | | admissible |
| 1.1106 | MRK-ABH0017814 | | 3/28/2000 | Relcin email to Nies and Gertz, re: Carlo Patrono on VIGOR | 801, 802. The email contains hearsay statements from a non-Merck individual. | Merck has stipulated that this document is a business record and as such is admissible under R.803(6). | | admissible |
| 1.1111 | | | | Extracts from P3.0021 - H James Williams | 401, 402, 403, 801, 802, 901. The exhibit deleting the pages following p.3. The exhibit is incomplete, contains multiple documents, is irrelevant to the issues in this case, and contains hearsay. | Plaintiff will correct the image provided to Merck by deleting the pages following p.3. The payments to physicians who made presentations regarding Vioxx are relevant to Plaintiff's failure to warn claim. A major component of Merck's marketing strategy was to employee doctors who would present Vioxx in such a way as to minimize CV safety concerns and persuade other physicians to also prescribe the drug. This documents shows the payments that were made to James Williams. | | objection sustained |
| 1.1112 | | | | Extracts from P3.0021 - M Michael Wolfe | 401, 402, 403. The exhibit is irrelevant and unfairly prejudicial because it relates to a doctor who has never seen Mr. Barnett and who has nothing to do with this case. | The payments to physicians who made presentations regarding Vioxx are relevant to Plaintiff's failure to warn claim. A major component of Merck's marketing strategy was to employee doctors who would present Vioxx in such a way as to minimize CV safety concerns and persuade other physicians to also prescribe the drug. This documents shows the payments that were made to Michael Wolfe. | | objection sustained |

7/26/2006

Preliminary Final Combined

**Barnett v. Merck**
**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection – Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.1113 | | | | Extracts from P3.0021 - Byron L. Cryer | 401, 402, 403. The exhibit is irrelevant and unfairly prejudicial because it relates to a doctor who has never seen Mr. Barnett and who has nothing to do with this case. | | | Objection sustained |
| 1.1123 | MRK-18940098392 | MRK-18940096445 | | Protocol 201 (VIP) CSR | | | | |
| 1.1130 | | | 05/04/00 | Dear Doctor Letter from Jeffrey Melin | 901, 902. There is no foundation for the handwriting on p. 3 and p. 4, and it appears that of plaintiffs' expert Dr. Egliman. | The document is relevant to prove Plaintiff's failure to warn claim and evidences Merck's failure to disclose that VIGOR indicated a 5-fold increase in heart-attack for those ingesting Vioxx versus naproxen. | | sustained not admitted |
| 1.1132 | MRK-00420008087 | MRK-00420008117 | 06/29/00 | Excerpts from 6/29/00 sNDA | | | | admissible |
| 1.1135 (circled) | MRK-AB0008659 | MRK-AB0008683 | 07/01/01 | US Long Range Operating Plan Franchise: Analgesic & Anti-Inflammatory Products: Vioxx, Etoricoxib | 401, 402, 403. Sales data is irrelevant and unfairly prejudicial in compensatory phase | Document is relevant to show that Merck failed to warn of known CV risks related to Vioxx use and that the motive for not warning physicians and patients was to maximize sales. The document clearly shows that Merck's priority was not patient safety but profits. | Admissible | admissible |
| 1.1140 | MRK-I8940078840 | | 5/4/04 | Letter to Brian Harvey from Diane Louie regarding IND 46,894 | 901. Incomplete document. | Plaintiff will correct the image provided to Merck. | | relevancy not admitted |
| 1.1141 | MRK-NJ0214478 | | 11/21/01 | Email from Edward Scolnick to Douglas Greene et al regarding CV Study Design | | | No ruling on objections | admissible |
| 1.1142 | MRK-ABCD017482 | | 8/13/97 | Email from Alan Nies and Alise Reicin to Jim Bolognese, et al. regarding GI Outcomes Study | | | | admissible |
| 1.1144 | MRK-ACD0105492 | MRK-ACD0105815 | 6/20/00 | Clinical Study Report of Protocol 0880089 | | | | admissible |

Barnett v. Merck

Preliminary Final Combined

**Plaintiff's Responses to  Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling -- Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.1160 | MRK-AAF0003713 | MRK-AAF0003715 | 2/27/01 | Letter from Robert Silverman to Central Document Room of the FDA regarding NDA 21-042/S-007 | | | | admissible |
| 1.1194 | MRK-AD0800000 | MRK-AD0800045 | | Personnel File of Jan Weiner | 401, 402, 403. Individual employee's personnel file is not probative of any issue in this case. This employee's responsibilities involved press releases, which are not relevant given the facts of this case. | Exhibit is relevant to lay foundation for Jan Weiner's testimony regarding video news releases. | Admitted (Weiner deposition) | |
| 1.1227 | MRK-AAD0800069 | MRK-AAD0800079 | | 2003 Year-End Review for Alise Reicin | 401, 402, 403. Individual employee's personnel file is not probative of any issue in this case. | Dr. Alise Reicin denies that her primary role at Merck was to defend Vioxx.  This document impeaches Dr. Reicin in accordance with R.612(a).  The document clearly states that Dr. Reicin was a "tenacious defender of the coxib franchise." | | admissible for cross from Inpeachment |
| 1.1231 | MRK-NJ0071320 | MRK-NJ0071332 | 7/5/00 | Memo from Deborah Shapiro to Alise Reicin et al regarding Cardiovascular Update - VIGOR | 602. The witness through whom the plaintiff attempts to offer this document is an internal Merck document, and the witness has no personal knowledge of its contents. | Merck has stipulated that this document is a business record and as such is admissible under R.803(6).  The document was sent to at least 7 Merck employees and reveals relevant statistics relative to participants in the VIGOR trial.  Document reveals that the statistics provided to the NEJM by Dr. Claire Bombardier and Dr. Alise Reicin understated the number of MIs and that the correct data was available to the authors long before the article was published.  The misstatements and understatements regarding the CV risks associated with Vioxx in the VIGOR article are prima facie evidence in support of Plaintiff's failure to warn claim. | Admitted.  No ruling on objection | ADMISSIBLE |
| 1.1234 | MRK-PUBLIC00023 75 | MRK-PUBLIC00243 0 | 7/12/01 | FDA Medical Officer Review for NDA 21-042 and NDA 21-052 | No objection | | | admissible |
| 1.1236 | MRK-AAX0008561 | MRK-AAX0008581 | 10/1/01 | Draft Vioxx Label | | | | admissible |

7/26/2006

Page 45 of 83

7/26/2006

Barnett v. Merck
Preliminary Final Combined

**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.1240 | MRK-AGO0077012 | MRK-AGO0077013 | 1/31/05 | Email from Marvin Konstam to Christopher Lines et al regarding APPROVe Paper | 801, 802. The exhibit contains hearsay from a non-Merck employee. | Dr. Marvin Konstam is a Merck consultant and the lead author for the APPROVe study. The document is offered not to show the truth of the matter asserted in regard to Kaplan Meir curves but to show Dr. Konstam and other Merck employee's state of mind regarding the APPROVe study and to show the extreme pressure they were under to publish an article that put the best "spin" on the APPROVe results rather than fully disclosing the truth of the CV risks revealed by the study to readers of the NEJM. | | [signature] |
| 1.1245 | MRK-AFV0341732 | MRK-AFV0341794 | 7/21/01 | VIGOR/RA SNDA Reviews: Response to Merck's Complete Response to Approvable Letter | | | | [signature] |
| 1.1249 | MRK-AAC0139936 | MRK-AAC0139937 | 1/27/04 | Email from Christopher Lines to Eric Yuen regarding Vioxx Prot 078 Paper | | | | [signature] |
| 1.1328 | MRK-NJ0092058 | MRK-NJ0092133 | | Excerpt from "Drug Regulations: The Essentials; Medical Background" | No objection to its use with Blake. | | | [signature] |
| 1.1344 | 2000 NEMJ 000001 | 2000 NEMJ 000001-2,5,7,16 | 5/18/2000 | Letter from Claire Bombardier to Robert Utiger Re: Manuscript Entitled "Comparison of Rofecoxib, a Highly Selective-Inhibitor of COX-2, and Naproxen (a Dual COX-1/COX-2 inhibitor) on the Incidence of Clinically Important Upper Gastrointestinal Events" the | None | | | [signature] |

Page 46 of 83

7/26/2006

Barnett v. Merck

**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

Preliminary Final Combined

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.1346 | 2000 NEMJ 000040 | 2000 NEMJ 000043 | 8/20/2000 | Letter from Claire Bombardier to Robert Steinbrook Re: Manuscript Entitled "Comparison of Rofecoxib, a Highly Selective-Inhibitor of COX-2, and Naproxen (a Dual COX-1/COX-2 Inhibitor) on the Incidence of Clinically Important Upper Gastrointestinal Events; Draft or article entitled | 401, 402, 403, 801, 802. | Relevant to Plaintiff's failure to warn claim. Letter is evidence that Merck employees and consultants committed scientific misconduct by failing to disclose heart attacks among those taking Vioxx in the VIGOR. These undisclosed MIs were known to Dr. Bombardier and Dr. Reicin on the date of this letter, August 24, 2000, but were not disclosed. | | *[handwritten signature]* |
| 1.1347 | 2000 NEMJ 000235 | 2000 NEMJ 000262 | 5/1/2000 | "Comparison of Rofecoxib, a Highly Selective-Inhibitor of COX-2, and Naproxen (a Dual COX-1/COX-2 Inhibitor) on the Incidence of Clinically Important Upper Gastrointestinal Events: Results from the VIGOR Trial" | None | | | *[handwritten signature]* |
| 1.1348 | | | | Screen Print of a document entitled "NEJM-VIGOR-final.doc" | Document is incomplete. | Document is not incomplete but is intended to show the deleted MIs from the manuscript of the VIGOR articles. The print screen mechanism is necessary to reveal the data that was present while the manuscript was being drafted but deleted. | | *[handwritten signature]* |
| 1.1349 | MRK-AAB0109378 | MRK-AAB0109411 | | "Comparison of the Effects of Rofecoxib, a Highly Selective-Inhibitor of COX-2, and Naproxen (a dual COX-1/COX-2 inhibitor) on the Incidence of Clinically Important Upper Gastrointestinal Events: Results from the VIGOR Trial, et al. (DRAFT)" | None, provided it is used with a witness where there is proper foundation. | | | *[handwritten signature]* |

Barnett v. Merck

**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

Preliminary Final Combined

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling -- Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.1351 | 2000 NEMJ 000028 | 2000 NEMJ 000038 | 7/17/2000 | Bombardier to Marshall Kaplan, Associate Editor of NEJM. "30th letter responding to his June..." | None | Document not offered for the truth of the matters asserted in regard to galleys, etc. Rather, document offered to show that on September 13, 2000, the VIGOR article was not yet finalized and that its authors, Dr. Reicin in particular, had opportunity to include the MIs omitted from the manuscript but failed to do so. | | (signature) |
| 1.1355 | 2000 NEMJ 000056 | 2000 NEMJ 000056 | 9/13/2000 | Letter from Pat Lamy, Director of Editorial Support Services, to Claire Bombardier Re: the publication date of her manuscript | 801, 802. | | | (signature) |
| 1.1356 | 2000 NEMJ 000057 | 2000 NEMJ 000057 | 10/17/2000 | Fax from Alise Reicin to Sandra McLain of NEJM Re: Additional Agreed Upon Text and Reference for MS 00-1401 | None | | | (signature) |
| 1.1357 | 2005 NEMJ 000286 | 2005 NEMJ 000318 | 2/6/2005 | Email from John Baron to Jeff Drazen Re: Approve cardiovascular | 401, 402, 403, 801, 802. Irrelevant, prejudicial and contains hearsay. | Publication of APPROVe is relevant to Plaintiff's failure to warn claim. Email and manuscript not offered for truth of the scientific matters asserted but to show the state of the manuscript when submitted. | | (signature) |
| 1.1358 | 2005 NEMJ 000013 | 2005 NEMJ 000014; 270-285: 8 | 2/9/2005 | Letter from Gregory Curfman to John Baron Re: his manuscript entitled "Cardiovascular Events Associated with Rofecoxib in a 3-Year Randomized Colorectal Adenoma Chemoprevention Trial" | 401, 402, 403, 801, 802. Irrelevant, prejudicial and contains hearsay. | Publication of APPROVe is relevant to Plaintiff's failure to warn claim. Document shows that original manuscript in which Merck authors and consultants attempted to minimize safety risks associated with Vioxx was rejected. | | (signature) |
| 1.1362 | MRK-AFV0399495 | MRK-AFV0399495 | 2/9/2005 | Email from Ned Braunstein to Janet Van Adelsberg Re: NEJM letter on APPROVe study | 401, 402, 403, 602. No foundation to use with Curfman. Also irrelevant and prejudicial. | Publication of APPROVe is relevant to Plaintiff's failure to warn claim. Email from Merck employee shows Merck's knowledge that manuscript omitted critical safety data and the need to suppress this information at an upcoming academic meeting. | | (signature) |
| 1.1363 | MRK-AHD0075789 | MRK-AHD0075794 | | MRK-Investigator - Reported Cardiovascular Events | Incomplete document. | Document is complete Exhibit # 36 from Dr. Curfman's deposition. | | (signature) |

7/26/2006

Barnett v. Merck

Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List

Preliminary Final Combined

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.1369 | | | 11/18/2005 | ...to Gregory Curfman Re Bombardier, et al Comparison of Upper Gastrointestinal Toxicity of Rofecoxib and Naproxen in Patients with Rheumatoid Arthritis" | 401, 402, 801, 802. Irrelevant, prejudicial and contains hearsay | Document relevant to show that Merck used reprints of the VIGOR article as a marketing tool, distributing it to physicians while knowing its conclusions were inaccurate and misleading. Relevant to Plaintiff's failure to warn claim. | | _(handwritten)_ |
| 1.1384 | NEJM 000011 | NEJM 000014 | 12/12/2005 | Email from Stephen Morisey to Claire Bombardier Re: NEJM Drazen, et al. Re: "Expression of Concern" | 401, 402, 403, 801, 802. No objection if this is only used during the Curfman deposition testimony. Otherwise objection based on 401, 402, 403, 801, 802. | Document not offered for the truth of the matter but notice that NEJM believed that Dr. Reicin and Merck consultant authors intentionally misrepresented the CV risks associated with Vioxx in the VIGOR study. | | _(handwritten)_ |
| 1.1393 | NEJM 001013 | NEJM 001013 | 12/10/2005 | Email from Stephen Morrisey to Jeff Drazen, et al. Re: "Clinical Trials" | 401, 402, 403, 801, 802. Irrelevant, prejudicial and contains hearsay from non-Merck employees. | Document not offered for the truth of the matter but notice that NEJM believed that Dr. Reicin and Merck consultant authors intentionally misrepresented the CV risks associated with Vioxx in the VIGOR study. | | _(handwritten)_ |
| 1.1394 | MRK-NJ0071309 | MRK-NJ0071309 | 1/24/2000 | Email from Deborah Shapiro to David Blokmean, et al. Re: Merck Management Requests to VIGOR DSMB" | 401, 402, 403, 602, 801, 802. No foundation for using this with a witness (like Dr. Curfman) who never saw it before. Also contains hearsay from non-Merck personnel. | Document not hearsay. See R.801(d)(2)(A). In alternative, document is a letter from a Merck employee, Deborah Shapiro, which is retained in the regular course of business. As such, the document fits within the 803(6) hearsay except. Relevant to Plaintiff's defect claim as document indicates that Merck attempted to delay the process of adverse CV events being unadjudicated. | | _(handwritten)_ |
| 1.1397 | MRK-AJA0119085 | MRK-AJA0119087 | 5/26/2000 2/10/00 | Email from Linda Nielsen to Alise Reicin Re: Adjudication results for 11 events after 2/10/00 | 602. Foundation objection if used with a witness (like Curfman) who has never see this before | Objection is not appropriate at this time, but rather should be made at trial | | _(handwritten)_ |

Barnett v. Merck

**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling -- Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.1398 | NE.JM 000280 | NE.JM 000280 | 1/3/2006 | Email from Gregory Curfman to Karen Pedersen, et al. Re: Washington Post Editorial | 401, 402, 403, 801, 802. This email contains speculation from Curfman about what Merck wanted and what Merck did. Also contains hearsay. | Document relevant to show that Merck used reprints of the VIGOR article as a marketing tool, distributing the article to physicians while knowing its conclusions were inaccurate and misleading. Relevant to Plaintiff's failure to warn claim. Not offered for truth but for Dr. Curfman's state of mind. | | *(handwritten)* |
| 1.1442 | TOPEL 0000001 | TOPEL 0000127 | | "Curriculum Vitae of Eric Jeffrey Topol, M.D." | 401, 402, 403, 801, 802. Topol's CV is irrelevant, prejudicial, and hearsay - it is not admissible. | Merck has attacked Dr. Topol's credibility. His CV is relevant to show the jury Dr. Topol's qualifications and lay foundation for his testimony. | | *(handwritten)* |
| 1.1443 | TOPEL 0000450 | TOPEL 0000450 | 11/24/2004 | Email from David Graham to Eric Topol Re: Graham's Senate Hearing Testimony | 401, 402, 403, 701, 801, 802. This email is irrelevant to this case, and unfairly prejudicial. It also reflects improper opinion testimony, and contains hearsay. | Email is subject to Merck's motion in limine # 6. Plaintiff re-asserts his response in opposition to the motion. | | *(handwritten)* |
| 1.1444 | MRK-ABA0009274 | MRK-ABA0009274 | 4/20/2001 | Demopoulos to Peter M. DiBattiste Re: Followup to Meeting with Eric Topol | None | | | *(handwritten)* |
| 1.1446 | MRK-ABA0009661 | MRK-ABA0009693 | 6/12/2001 | Email from Alan Nies to Laura Demopoulos, et al. Re: Topol Manuscript" | 801, 802. Hearsay and learned treatises are not admissible. Also 602 for the email on the first page since Topol has never seen it before. | Email is an admission under R.801(d)(2)(A). Document relevant to show that Merck attempted to change Dr. Topol's manuscript to minimize the safety concerns expressed in the paper. | | *(handwritten)* |
| 1.1447 | TOPEL 0000458 | TOPEL 0000458 | 11/15/2004 | Email from David Graham to Eric Topol Re: 60 Minutes | 401, 402, 403, 801, 802. Irrelevant and prejudicial statements. Also the email is hearsay, and the contains hearsay. | Email is subject to Merck's motion in limine # 6. Plaintiff re-asserts his response in opposition to the motion. | | *(handwritten)* |
| 1.1468 | | | | Dr. Topol's Analysis of CV Events in Study 090 | None | | | *(handwritten)* |

7/26/2006

Barnett v. Merck

Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List

Preliminary Final Combined

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.1484 | MRK-AFI0071884 | MRK-AFI0071884 | | Email from Susan Baumgartner to Tracy Mills Re: JAMA Review | None | | | admissible |
| 1.1485 | MRK-AFI0045078 | MRK-AFI0045078 | 8/23/1999 | Email from Charlotte McKines to Susan Baumgartner re: putting Whelton on the "Bad Guys List". | 401, 402, 403, 602. The witness plaintiff seeks to use this document which has no personal knowledge of the document. These draft answers to potential questions from journalists are also irrelevant and unfairly prejudicial. | The email indicates that it was received by Susan Baumgartner. The document is relevant to Plaintiff's (Baumgartner) failure to warn claims as it shows that Merck not only failed to reveal the relevant CV risks associated with Vioxx to physicians and patients but had a tactical plan to "neutralize" physicians who were attempting to alert the medical community about the dangers. | Admitted (Baumgartner deposition) | admissible |
| 1.1486 | MRK-AFI0047953 | MRK-AFI0047953 | 5/24/2000 | Email from Gregory Bell to Sandra Reiss, et al. Re: Belgium and Dr. Singh's Position on VIGOR™ | The email contains hearsay from non-Merck personnel. Also irrelevant and prejudicial since Dr. Singh has nothing to do with this case | Admission under R. 801(d)(2)(A). Also, email was written by a Merck employee to Merck employees, is kept in the regular course of business, and is admissible under R. 803(6). Relevant to show Merck's pattern and practice of identifying thought leaders who spoke negatively about Vioxx for the purpose of "neutralizing" them. | | admissible |
| 1.1488 | MRK-ADG0057776 | | | The Merck Code of Conduct. http://www.merck.com/about/conduct_print.html | | Relevant to show the standard of ethical behavior that Merck conveyed to the world when in fact Merck engaged in unethical conduct by selling a defective drug and by failing to warn physicians and patients of the risks associated with Vioxx. | Admissible | ADMISSIBLE |
| 1.1491 | MRK-ADG0057776 | | | Slides from Presentation by Tom | | | | Derivative |
| 1.1492 | MRK-ADG0059921 | | 6/5/2002 | Email from Thomas Cannell to Antonia Sisti titled RE: ["3.2.1. Go Theme"]. | 401, 402, 403. Salaries and stock options for various executives at various companies are irrelevant and unfairly prejudicial, especially in the compensatory phase. | The document is relevant to Plaintiff's failure to warn claims. It reveals that Merck actively trained sales representatives to suppress information regarding the CV risks associated with the use of Vioxx rather than fully disclosing those dangers to physicians and the public. | No objection 401, 402 | Sustained not admissible |

Barnett v. Merck
Plaintiff's Responses to Merck Co., Inc.'s, Objections to Plaintiff's Exhibit List
Preliminary Final Combined

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling - Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.530 | MRK-ADW0024602 | MRK-ADW0024605 | 11/1/2001 | Email from Jim Dunn to Linda Coppola Re: New crop of arthritis drugs under safety cloud | 801, 802, 803 as hearsay news article included in email. | Admission under R.801(d)(2)(A). In the alternative, email is a business record in accordance with R. 803(6). | | *(signature)* |
| 1.534 | MRK-ABK0043450 | MRK-ABK0043489 | 10/15/2001 | Operations Review A&A Franchise Slides | 401, 402, 403. Prejudicial and irrelevant, especially in compensatory phase. | Document relevant to prove Plaintiff's failure to warn claim, particularly p.21 and 22. Further evidence of Merck's strategy to train sales representatives to dodge legitimate safety questions rather than providing safety information to doctors. | Admissible | *(signature)* |
| 1.555 | MRK-ADK0004325 | MRK-ADK0004436 | | Handwritten notes of Jo Jerman | None | | | *(signature)* |
| 1.556 | MRK-ADK0001667 | MRK-ADK0001667 | 5/10/2001 | "Jim" Cannell to Mary Tilger, et al. Re: GI Risks Slim | None | | | *(signature)* |
| 1.568 | MRK-ACJ0004568 | MRK-ACJ0004591 | 8/26/2002 | 2003 Profit Plan for Vioxx | 401, 402, 403. Sales and profit information is irrelevant and unfairly prejudicial especially in the compensatory phase of the case. | Throughout 2003, Plaintiff was ingesting Vioxx. This business planning document is relevant to Plaintiff's failure to warn claim and specifically to Plaintiff's contention that Merck intentionally put profits over patients. | | *(signature "sustained not relevant")* |
| 1.570 | MRK-ADW0057100 | MRK-ADW0057101 | 9/28/2001 | Email from Dunn to Shaffer re: project offense; media reports. Vioxx being pulled off market; vioxx extremely important to Merck." Email from Robinson to Dunn, Lindstrom, Cannell, Krahe, Herrera, Randall re: WE RBG CFT Feedback/Needs on JAMA Article; has raised CV warning issue for Vioxx. Managed Heath Care is nothing to do with Mr. Barnett or his concerned. Kaiser is recommending doctors | None | | Admissible | *(signature)* |
| 1.577 | MRK-ADG0002386 | MRK-ADG0002386 | 8/23/2001 | don't use vioxx until Barnett of his doctors. Also contains hearsay. | | Admission under R.801(d)(2)(A). In alternative, email falls within R. 803(6) business records exception to hearsay rule – email written by Merck employee to Merck employees, kept in regular course of business. Relevant to Plaintiff's failure to warn claim. Shows that in August 2001, prior to Mr. Barnett's heart attack, Merck had safety data that had not been disclosed to physicians and patients. | Reserved Ruling | *(signature)* |

7/26/2006

Barnett v. Merck

Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List

Preliminary Final Combined

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling - Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.1615 | MRK-ACO0075897 | MRK-ACO0075897 | 8/4/2003 | Email from Alise Reicin to Thomas Bold et al., Re: MI Risk-short term use of rofecoxib" | 401, 402, 403. Irrelevant to this case, and unfairly prejudicial. | All documents, such as this one, evidencing adverse CV events occurring in patients taking Vioxx are relevant to Plaintiff's claim that Vioxx is unreasonably dangerous and a contributing cause of his heart attack. | Admissible | (signature) |
| 1.1647 | MRK-ACO0096438 | MRK-ACO0096445 | | Protocol 145 (VICTOR) Memo | None | | Admissible | (signature) |
| 1.1676 | | | | Screen Print of Page 16 of Manuscript with Notes of Deleted Items (Curfman Deposition Exhibit #15) | incomplete document, also on foundation. | Document is not incomplete but is intended to show the deleted Ms from the manuscript of the VIGOR articles. The print screen mechanism is necessary to reveal the data that was present while the manuscript was being drafted but deleted. | | (signature) |
| 1.1681 | | | 8/30/2000; Exhibit #21) | Letter from Dr. Claire Bombardier to Dr. Robert Steinbrook Regarding Additional Changes to Manuscript (Curfman Deposition Exhibit #21) | 801, 802. | Document not offered for the truth of the matters asserted in the letter. Rather, document offered to show that on August 30, 2000, the VIGOR article was not yet finalized and that its authors, Dr. Reicin in particular, had opportunity to include the Mis known at that time (at least as of May 21, 2001), omitted from the manuscript but failed to do so. | | (signature) |
| 1.1686 | | | | "Page C-21, Figure C-2 of Comparison of Rofecoxib, A Highly Selective-Inhibitor of Cox-2, and Naproxen (a Dual COX-1/COX-2 Inhibitor) on the incidence of Clinically Important Upper Gastrointestinal Events: The VIGOR Trial" (Curfman Deposition Exhibit #27) | 602, 801, 802. No foun | Exhibit is taken from a Merck internal analysis of VIGOR data. As such, it is an admission under R.801(d)(2)(A). In the alternative, document was maintained in regular course of Merck's business and as such falls within R.803(6) hearsay exception. | | (signature) |

7/26/2006

**Barnett v. Merck**

Preliminary Final Combined

## Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection – Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.1689 | | | | Manuscript of "Cardiovascular Events Associated with Rofecoxib in a Three-Year Randomized Colorectal Adenoma Chemoprevention Trial" with Notes of Deleted Notes and Edits (Curfman Deposition Exhibit #30) | 401, 402, 403, 801, 802. Irrelevant, prejudicial and contains hearsay. | Document is relevant to Plaintiff's failure to warn and defect claims and shows the deleted MIs from the manuscript of the VIGOR articles. The pint screen mechanism is necessary to reveal the data that was present while the manuscript was being drafted but deleted. Manuscript not offered for truth asserted generally but to show that Merck was aware of safety data but failed to disclose the data to the medical and scientific communities. | | *[handwritten]* |
| 1.1691 | MRK-AFV0399 | MRK-AFV03994 | 2/9/2005 | Email from Hui Quan to Christopher Lines, et al., Curfman, Also Re: APPROVe-Urgent Re: JAMA Manuscript (Curfman Deposition Exhibit #34) | 401, 402, 403, 602, 801, 802. No foundation to use with employee to Merck employees, is kept in the regular course of business, Curfman. Also contains hearsay, and 803(6). Relevant to Plaintiff's failure to warn claim. Shows Merck's knowledge regarding CV dangers associated with Vioxx. is irrelevant and prejudicial. | Email is an admission in accordance with R.801(d)(2)(A). Email was written by a Merck employee. | | *[handwritten] admissible* |
| 1.1697 | | | | Email from Alise Reicin to Laura Demopoulos before. Also 801, 802 re: JAMA Manuscript attached | 602 – Topol never saw the cover email but to show that Merck hearsay and learned treatises are no admissible. | Manuscript not offered for truth of matters asserted such as Dr. Reicin, manipulated Dr. Topol's manuscript for the purpose of "neutralizing the negative aspects of the article" or in other words, to minimize the CV safety concerns associated with Vioxx. | | *[handwritten]* |
| 1.1702 | MRK-AB10003662 | MRK-AB10003679 | 4/4/2001 | Vioxx Sales Update Senior Management Discussion with Notes from David Anstice | 602. There is no showing that the witness (Anstice) has personal knowledge. | The exhibit contains notes from David Anstice; he clearly has personal knowledge of the information contained in the document. | | *[handwritten] admissible* |
| 1.1703 | TOPOLE00000469 | TOPOLE0000469 | | Topol Handwritten Notes - Knowledge, what/when (Topol Deposition Exhibit #22) | 401, 402, 403, 801, 802. Topol's handwritten notes are hearsay. They are also irrelevant and prejudicial, especially since Topol's notes make claims about what Merck knew, what he believes ways he believes Merck engaged in deception and suppressed data. | Plaintiff incorporates his response to Defendant's MIL #5. Clearly relevant to Plaintiff's claim that Merck knew of the CV dangers associated with Vioxx but failed to warn. | | *[handwritten] eliminate w. Topol* |

7/26/2006

Preliminary Final Combined

**Barnett v. Merck**

**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection – Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.1711 | MRK-AF10800014 | MRK-AF10800016 | | Merck Year-End Employee Input From - Susan Baumgartner 2001 (Ex 1 Baumgartner Deposition 2/25/05) | 401, 402. | Employment record was kept in the regular course of business and should be admissible R. 803(6). Relevant to show Merck's pattern and practice of identifying thought leaders who spoke negatively about Vioxx for the purpose of "neutralizing" them since Ms. Baumgartner oversaw this program. | | admissible |
| 1.1712 | | | | "Merriam Webster Online" Neutralize (Ex 3 Baumgartner Deposition 2/25/05)" | 801, 802. Learned treatises are not admissible. Also this dictionary definition is irrelevant. | In light of Ms. Baumgartner's testimony regarding her definition of "neutralize", the definition in this accepted dictionary is highly relevant. Plaintiff acknowledges that learned treatises like this are not admissible. | | sustained not advisable |
| 1.1714 | MRK-AF10043312 | MRK-AF10043313 | 4/19/1999 | Email - To Baumgartner; From Yarbrough; Re: Healthsouth Programs (Ex 14 Baumgartner Deposition 2/25/05) | 401, 402, 403. Information about partnership with Health South is totally irrelevant. No evidence that Mr. Barnett ever went to Health South. | Relevant to show that Merck failed to warn by further manipulating thought leaders through exclusive "speaking" contracts which bound the physician to speak in favor of Vioxx. | | sustained of 01 |
| 1.1717 | MRK-AF10044563 | MRK-AF10044662 | 7/23/1999 | Email - cover to list. To Sherin Johnson; From Baumgartner; cc: Yarbrough; Re: Physicians to Neutralize [Ex 21 Baumgartner Deposition 2/25/05] | 401, 402, 403, 801, 802. These emails reation to the "neutralize" issue are irrelevant since they do not relate to Mr. Barnett's doctors, and contain hearsay. | Email is an admission under R.801(d)(2)(A). In alternative, email was kept in the regular course of business and should be admissible R. 803(6). Relevant to show Merck's pattern and practice of identifying thought leaders who spoke negatively about Vioxx for the purpose of "neutralizing" them. | | admissible |
| 1.1718 | MRK-AF10044569 | MRK-AF10044569 | 7/23/1999 | Email - To Sherin Johnson; From Baumgartner; cc: Yarbrough; Re: Physicians to Neutralize (Ex 25 Baumgartner Deposition 2/25/05)" | 401, 402, 403. This email is irrelevant since none of the 36 physicians to Neutralize physicians ever saw Mr. Barnett. Also prejudicial. | Relevant to show Merck's pattern and practice of identifying thought leaders who spoke negatively about Vioxx for the purpose of "neutralizing" them. | | admissible |

Barnett v. Merck
Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List

Preliminary Final Combined

7/26/2006

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling -- Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.1729 | | | 5/4/2004 depo 10/08/04" | includes twentieth of... Cannuscio 'Relationship Between Selective Cyclooxygenase-2 Inhibitors and Acute Myocardial Infarction in Older Adults by Daniel Solomon, et al., Circulation, Pg. 2068-2073 [Ex.7 Cannuscio depo 10/08/04]" | 401, 402, 801, 802. Hearsay, and learned treatises are not admissible. Also irrelevant | Relevant to Plaintiff's failure to warn claim. Document reveals that that Merck removed it employee from being named as an author of the study because study indicated that Vioxx increased risk of CV adverse events. | | _(signature)_ |
| 1.1730 | MRK-ACT0003274 | MRK-ACT0003275 | 1/9/2002 | Memo to Cannuscio from Dan Solomon Re: Cox-2 and MI Project Proposed Milestones [Ex.9 Cannuscio Deposition 10/08/04] | 401, 402, 403. Irrelevant and prejudicial | Document evidences Dr. Cannuscio's significant involvement in the execution of study in which her name was removed as an author. | | _(signature)_ |
| 1.1735 | MRK-ACW0800000 | MRK-ACW0800030 | | Merck Performance Review Form, Mary Elizabeth Bassman, (Blake) [Ex 2 Blake Deposition 11/29/05] | 401, 402, 403. irrelevant and prejudicial | Document relevant to prove that Ms. Blake was responsible for the video news releases that materially misrepresented the safety profile of Vioxx. | | _(signature)_ |
| 1889 | | | | Raw footage of the filming of Video News Releases (multiple DVDs) | 802 relevant, 802, 403, 801. contain hearsay. Also numbers put forth in public statements by Merck were known to be incorrect. _(handwritten: Merck wants to introduce 802, 403, 801.)_ | Merck has not... | Reserved Ruling | |
| 1.1890 | MRK-AHD0000817 | MRK-AHD0000841 | 12/19/2002 | Email from Robert Bressaler to Christopher Lines re: APPROVe cardiovascular with attached draft of "Cardiovascular Events Associated with Rofecoxib in a 3-year Randomized Colorectal Adenoma Chemoprevention Trial" | 401, 402, 403, 801, 802. Hearsay - out of court statements by non-Merck personnel. | Statements are admissions and admissible under R. 801(d)(2)(A). Relevant to Merck's knowledge that Vioxx was prothrombotic and to Merck's knowledge that the gastropathy deaths and hospitalization... | | _(signatures)_ |
| 1.1891 | MRK-ABC0024093 | MRK-ABC0024164 | 8/27/1998 | Clinical Study Report for Protocol 061 | None | Relevant to show that safety information was minimized as a part of "damage control" in relation to the publication of the APPROVe study. | | _(signature)_ |

Barnett v. Merck

Plaintiff's Responses to Merck & Co., Inc.'s Objections to Plaintiff's Exhibit List

Preliminary Final Combined

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.1892 | | | | Confidential Memorandum of Invention | Privilege document. If it is "deprivileged", defense counsel will need to review. | | | *(handwritten)* |
| 1.1893 | | | 9/30/2004 | Issues Public Health Advisory on Vioxx as its Manufacturer Voluntarily Withdraws the Product" | 801, 802. FDA press release is hearsay. | Falls within government document hearsay exception -- R.803(8). | | *(handwritten)* |
| 1.1894 | MRK-NJ0017640 | MRK-NJ0017663 | 1/27/198 | Morrison to Beth Seidenberg et al. re: Protocol 023 manuscript | 401, 402, 403, 801, 802. Irrelevant and contains hearsay. | Memo is an admission under R.801(d)(2)(A). Relevant to Plaintiff's defect and failure to warn claims. | | *(handwritten)* |
| 1.1895 | | | | Summary of Prepared Testimony of Raymond Gilmartin before the United States Committee on Finance | 401, 402, 403, 801, 802. Hearsay, and unclear who actually wrote this piece. Which appears to have been written a few years after Dr. Alan Nies with his story as seen at www.phrmafoundation.org website | Court should reserve ruling until trial to see whether Merck calls Dr. Nies as a live witness. | | *(handwritten)* |
| 1.1896 | | | 11/18/2004 | | None | | | *(handwritten)* |
| 1.1897 | 2005 NEJM 000001 | 2005 NEJM 000285 | | NEJM File for Robert Bresalier Article | 401, 402, 801, 802. Contains hearsay and is irrelevant. | | | *(handwritten)* |
| 1.1898 | MRK-NJ0450908 | MRK-NJ0450910 | 2/25/2002 | Email string ending from Thomas Simon to Barry Gertz re: CE Event Counts | 401, 402, 403. | Relevant to Plaintiff's failure to warn and defect claims. Document clearly reveals Merck's knowledge in Feb. 2002, prior to Mr. Barnett's heart attack, that Merck had knowledge of the serious CV safety dangers associated with Vioxx. | | *(handwritten)* |

7/26/2006

Barnett v. Merck

Preliminary Final Combined

**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

7/26/2006

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling -- Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.1899 | MRK-ABK0483578 | MRK-ABK0483588 | 12/13/2001 | University of Pennsylvania General Clinical Research Center Protocol Application to study "the Thrombotic Profiles of Cyclooxygenase Inhibitors Alone and in Combination with Low-Dose Aspirin in Rheumatoid Arthritis (RA)" by Garret Fitzgerald | 401, 402, 403, 801, 802. Hearsay and irrelevant. | Not offered for the truth of matters presented in protocol but to show that protocols had been presented to Merck to study the CV effects of Vioxx. Relevant to Plaintiff's defect claim and negligence claim in regard to the testing and marketing of Vioxx. | | Sustained not admiss. 801 & doc 401 & 403 |
| 1.1900 | MRK-ABK0483589 | MRK-ABK0483597 | 11/26/2001 (RA)* | Objectives of the study of "The Thrombotic Profiles of Cyclooxygenase inhibitors Alone and in Combination with Low-Dose Aspirin in Rheumatoid Arthritis (RA)" | 801, 802. The document is hearsay. | Not offered for the truth of matters presented in protocol but to show that protocols had been presented to Merck to study the CV effects of Vioxx. | | Sustained not admiss 801 |
| 1.1901 | MRK-AFO0023318 | MRK-AFO0023313 | 12/12/1997 info | Email from James Bolognese to Elliot Ehrich, et al. re.: MK-0966 serious CV AE | 401, 402. Irrelevant | Document is relevant to Plaintiff's failure to warn claim as it shows that as early as December 1997 Merck was on notice of CV adverse events related to Vioxx use but failed to warn physicians and patients. | | admissible |
| 1.1902 | MRK-AFF0000179 | MRK-AFF0000201 | 10/18/2004 | Slide presentation of Preliminary Cardiovascular Safety Data from the APPROVe Study by Robert Bresaler, et al. | None | | | admissible |
| 1.1903 | MRK-NJ0186410 | MRK-NJ0186410 | 10/28/2001 | Braunstein to Alise Reicin re: task list from VP Data Review | None | | | admissible |
| 1.1904 | MRK-NJ0337077 | MRK-NJ0337109 | 10/31/2001 | to Dena Ramey re: task list from VP Data Review meeting with attachment | None | | | admissible |
| 1.1905 | | | | Label for flurbiprofen | 401, 402. Irrelevant | Relevant to show an appropriate black box warning for a NSAID. | | admissible |

7/26/2006

**Barnett v. Merck**

**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

Preliminary Final Combined

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.906 | | | | 1999 Physicians Desk Reference entry for naproxen | None | | | *[handwritten]* admissible |
| 1.907 | | | | David Graham to Paul Seligman re: Risk of Acute Myocardial Infarction and Sudden Cardiac Death in Patients Treated with COX-2 Selective and Non-Selective NSAIDs | 401, 402, 403, 801, 802. This is a hearsay document and is not admissible. Also Vioxx. Not offered for truth of scientific matters irrelevant and unfairly prejudicial. | Relevant to show FDA's handling of Vioxx and David Graham's efforts to expose the risks associated with Vioxx. Not offered for truth of scientific matters contained in the document but to show FDA's state of mind and intent. | | *[handwritten]* not admissible |
| | MRK-AAC0146909 | MRK-AAC0146918 | | Reviewers Comments of the draft of Manuscript NFP-04-0106, "A Randomized, Double-Blind, Study of Rofecoxib in Patients with Mild Cognitive Impairment | 801, 802 - Contains hearsay. | Not offered for truth of scientific matters contained therein but to show state of mind of authors, one of which was Dr. Reich. | | *[handwritten]* not admissible |
| 1.908 | MRK-ABW0003613 | MRK-ABW0003614 | 11/14/2001 | Email string from David Anstice to Wendy Dixon re: Dorothy Quantitative Results | *[handwritten]* 401, 402, 403 Irrelevant and prejudicial | Relevant to Plaintiff's failure to warn claim. Document reveals that Merck used direct to consumer advertising to overcome serious safety messages being conveyed by 3rd parties in scientific journals. | | *[handwritten]* admissible w/ proper witness |
| (1.909) | | | | Project Offense-Revised | 401, 402, 403, 801, 802. The marketing plan is irrelevant and prejudicial. Handwritten comments also state that they are "hearsay" and "heard 3rd hand". | Document is relevant to Plaintiff's failure to warn claim and reveals that Merck designed and created a comprehensive marketing campaign to suppress information regarding the CV dangers associated with Vioxx. | | *[handwritten]* not admissible |
| 1.910 | MRK-ABW0000166 | | | | 801, 802. Hearsay. | | | *[handwritten illegible]* |
| 1.911 | | | | | | | | |
| 1.912 | | | 2/16/2005 | Transcript of FDA Joint Meeting of The Arthritis Advisory Committee and The Drug Safety and Risk Management Advisory Committee 203: | 401, 402, 403, 801, 802. Transcript is hearsay, and is irrelevant and prejudicial. | Relevant to show that Vioxx significantly increases the risk of a heart attack. all members of FDA Advisory Committee vote that Vioxx significantly increases the risk of heart attack. Admissible under R.803(8) exception. | | *[handwritten]* 801 |

**Barnett v. Merck**

**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

Preliminary Final Combined

7/26/2006

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling -- Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.1913 | | | 2/16/2005 | Summary of Minutes and Table of Contents from the FDA Joint Meeting of The Arthritis Advisory Committee and The Drug Safety and Risk Management Advisory Committee | 401, 402, 403, 801, 802 - summary of FDA meeting minutes is hearsay, irrelevant and prejudicial. | Relevant to show that Vioxx significantly increases the risk of a heart attack; all members of FDA Advisory Committee vote that Vioxx significantly increases the risk of heart attack. Admissible under R.803(8) exception. | | Sustained 80/ |
| 1.1914 | | | | Preliminary Review of APPROVe Data - Background Package for February, 2005 AC Meeting | 401, 402, 403, 801, 802. This outside analysis of APPROVe is irrelevant, prejudicial and hearsay. | Relevant to Plaintiff's defect claims. Shows that Vioxx causes an increased risk of heart attack. | | Sust 80/ |
| 1.1915 | | | | APPROVe Data | There is a placeholder in Plaintiff's production that says "APPROVe Data" when Plaintiff provides this for Defendant. Defendant can decide if it will object. | Exhibit consists of SAS data files produced by Merck to Plaintiff. | | admissible |
| 1.1916 | | | 12/18/2004 | Interim Review of NDA 21042/s030 by Lourdes Villalba, MD | 401, 402, 403. This interim review of data is irrelevant, prejudicial and is hearsay. | Relevant to show that Vioxx significantly increases the risk of a heart attack; all members of FDA Advisory Committee vote that Vioxx significantly increases the risk of heart attack. Admissible under R.803(8) exception. | | admissible |
| 1.1917 | MRK-AF-J0008920 | MRK-AF-J0008938 | 10/13/2004 | Q&A for Media Briefing | 401, 402, 403. Irrelevant and prejudicial | Merck's statements following the withdrawal of Vioxx are relevant to prove Plaintiff's failure to warn and negligence claims. | | admissible |
| 1.1918 | MRK-ABG0004364 | MRK-ABG0004385 | 11/18/2004 | Q&A for Testimony of Ray Gilmartin before Senate Finance Committee | 401, 402, 403. Irrelevant and prejudicial | Merck's statements following the withdrawal of Vioxx are relevant to prove Plaintiff's failure to warn and negligence claims. | | admissible |
| 1.1919 | MRK-AF-J0009371 | MRK-AF-J0009371 | | Powerpoint Slide of Effects of NSAIDs on Thromboxane and Prostacyclin (Exhibit 51 Peter Kim deposition) | None | | | admissible |

Barnett v. Merck

Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List

Preliminary Final Combined

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection – Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| 1.1920 | MRK-AF J0001533 | MRK-AF J0001533 | 10/28/2001 | Email from Deborah Shapiro to Alise Reicin re: VIGOR analysis of death by age group | None | | | admissible |
| 1.1937 | | | 11/18/2004 | Patient Safety First? | None | | | sustained not admissible |
| 2.0227 | | | 1/6/2000 | NEJM, Information for Authors, Curfman Deposition 11/21/2005 Exhibit 2 | 401, 402, 403, 801, 802, Hearsay, and learned treatises are not admissible. Also irrelevant and prejudicial. | Plaintiff agrees. | | sustained not admissible |
| 2.0261 | MRK ACW 0008375 | MRK-ACW0008376 | 2/11/2005 | Article - "Marketing of Vioxx; How Merck Played Game of Catch-up" - NYT - Susan Baumgartner (Ex 4 Baumgartner Deposition 2/25/05) | 401, 402, 403, 801, 802. Newspaper article is pure hearsay. Also irrelevant and prejudicial. | Plaintiff agrees. | | sustained not admissible |
| Anstice Ex. No. 166 | MRK ACW 0008375 | MRK-ACW0008376 | | "Table of All Deaths and/or Confirmed Adjudicated Serious Thromboembolic Aes from VIGOR" - introduced as a Table reflecting the mortality | 401- 403, 801, 802. | | | Reserved ruling |
| Bold 3-11-05 Deposition Exhibit 5 | LAU 0000067 | LAU 0000106 | | WPS&E Standard Operating Procedure, Processing of Adverse Experience Information, Effective Date 4/1/98 | None | | | admissible pending court for impeachment |
| Bold 7-29-05 Deposition Exhibit 30 | MRK-ACO0064483 | | 1/20/00 | Memo to the File 1-20-00 AE Label Review- Rofecoxib | None | | | / / |
| Bold 7-29-05 Deposition Exhibit 31 | MRK-ACO0030008 | MRK-ACO0030032 | | WAES Adverse Event Summary Sheets | None | | | / / |

7/26/2006

Barnett v. Merck

Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List

Preliminary Final Combined

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling -- Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| Bold 7-29-05 Deposition Exhibit 57 | MRK-ACO0107709 | MRK-ACO0107723 | 12/3/03 | E-mail 12-3-03 with attachment | None | | | |
| Bryan Ex. 1 | | | | Consult | None | | | |
| Bryan Ex. 15 | | | | EKG tests | None | | | |
| Bryan Ex. 17 | | | | Stress test report | None | | | |
| Bryan Ex. 2 | | | | Corotid ultrasound | None | | | |
| Bryan Ex. 3 | | | | Copies of witness' progress reports from Grand Strand chart | None | | | |
| Bryan Ex. 4 | | | | Operative report | None | | | |
| Bryan Ex. 5 | | | | Discharge summary | None | | | |
| Bryan Ex. 6 | | | | Progress notes | None | | | |
| Bryan Ex. 7 | | | 9/23/02 | Office visit note dated 9/23/02 | None | | | |
| Bryan Ex. 8 | | | 10/7/02 | Office visit of 10/7/02 | None | | | |
| Bryan Ex. 9 | | | 10/10/02 | Office visit of 10/10/02 | None | | | |

Barnett v. Merck

Preliminary Final Combined

**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| CM.0002 | MRK-ABO0001407 | MRK-ABO0001415 | 6/5/2000 | Email string from Nikelski to Melton, Daniels, Dervishian, Russel, Lanner, Basaman, Baumgartner, Bazmi, Bell, Bourdow, Chope, Coppola, El-Dada, McKines, Morio, Reiss, Rode, Wawczak, Wynd, Yarborough re: Vioxx Cardiovascular Safety Issues Unresolved; GI Safety Advantages of Cox-2; Analyst Report attached from Arnold & S. Bleichroeder takes in depth look at VIGOR and CLASS; Email forwarded to Silverstein, Greenburg and Sherwood from | 801, 802. This exhibit contains a stock analyst report which is hearsay. | The analyst report is not offered for the truth of the matters asserted but to show Charlotte McKines state of mind and that Merck was more focused on the ramifications the VIGOR study would have on Merck's stock price than the study's implications for the millions of persons in the U.S. taking the drug. | | *[handwritten] P O 1* |
| CM.0005 | MRK-AFI0043906 | MRK-AFI0043923 | NO DATE | List of Physicians with information provided by A&A with comments from National HSAs, RMDs, TBG, etc. | 401, 402, 403. This document is irrelevant and unfairly prejudicial because none of Barnett's "neutralize" physicians who were attempting to alert doctors are on the list | The document is relevant to Plaintiff's failure to warn claims as it shows that Merck not only failed to reveal the relevant CV risks associated with Vioxx to physicians and patients but had a tactical plan to "neutralize" physicians who were attempting to alert the medical community about the dangers. | | *[handwritten]* |
| CM.0006 | MRK-ADN0018203 | MRK-ADN0018224 | 2000 | Vioxx Consumer Marketing 2000 Profit Plan (PowerPoint presentation) | 401, 402, 403. This document is irrelevant and prejudicial in the compensatory phase because it relates to sales and profits. | Throughout 2000, Plaintiff was ingesting Vioxx. This business planning document is relevant to Plaintiff's failure to warn claim and specifically to Plaintiff's contention that Merck intentionally put profits over patients by spending hundreds of millions of dollars on various forms of advertising in order to reach $1.2 billion in sales during 2000 rather than spending the money necessary to conduct a CV study, a study Dr. Edward Scolnick called the "only essential study." | | *[handwritten notes]* |

7/26/2006

Barnett v. Merck

Preliminary Final Combined

**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection – Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| CM.0008 | MRK-ADA0015245 | MRK-ADA0015273 | 7/14/1999 | 2000 Profit Plan Extended Team Meeting for Vioxx | 401, 402, 403. This document is irrelevant and prejudicial in the | Throughout 2000, Plaintiff was ingesting Vioxx. This business planning document is relevant to Plaintiff's failure to warn claim and specifically to Plaintiff's contention that Merck was in a tremendous compensatory phase because it relates to competition to achieve sales in excess of Celebrex sales and profits | and that efforts to meet this objective subsumed patient safety. | |
| CM.0009 | MRK-ADK0003208 | MRK-ADK0003407 | 7/7/2000 | Year 2000 Advocate Plan for Merck Coxibs (Draft) | 401, 402, 403. This document is irrelevant because it is only a draft. It is also unfairly prejudicial because it does not relate to any of Barnett's doctors. | Throughout 2000, Plaintiff was ingesting Vioxx. This business planning document is relevant to Plaintiff's failure to warn claim and specifically to Merck's practice of minimizing safety risks. | | Savi pa Ov S ser CM 0009 |
| CM.0013 | MRK-ABI0004441 | MRK-ABI0004441 | 9/28/1999 | Email from Anstice to McKines Dixon, Donnelly, and Tacconi re: Vioxx and Consumer Awareness and the need to gather more data; similar to CM.0014, but with additional email strings attached regarding the same. | | | | |
| CM.0026 | MRK-AFI0038769 | MRK-AFI0038772 | 1999 | List of Physicians | 401, 402, 403, 602. None of the doctors claims as it shows that Merck not only failed to reveal the relevant CV risks associated with Vioxx to physicians and patients but had a tactical plan to "neutralize" physicians who were attempting to alert the medical community about the dangers. | The document is relevant to Plaintiff's failure to warn | | |

Page 64 of 83

7/26/2006

Barnett v. Merck

Preliminary Final Combined

Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| CM.0034 | MRK-AFI0043358 | MRK-AFI0043359 | 4/30/1999 | Email from Baumgartner to Hartenbaum re: certain physicians, and none of them are physicians who ever saw doctors who ever saw Mr. Barnett. Therefore it is Baumgartner email of 04/29/1999 attached. | 401, 402, 403. This document relates to certain physicians, and none of them are physicians and patients but had a tactical plan to "neutralize" physicians who were attempting to alert the medical community about the dangers. | The document is relevant to Plaintiff's failure to warn claims as it shows that Merck not only failed to reveal the relevant CV risks associated with Vioxx to irrelevant and unfairly prejudicial to use this document in this case. | | *[handwritten]* |
| CM.0051 | MRK-ADI0017595 | MRK-ADI0017597 | 1/25/1999 | Email string from McKines to Weiner, Lindemann, Fanelle in regards to Intelligence/NEJM | 401, 402, 403, 801, 802. Much of the document contains hearsay in the form of articles or regarding conversations with non-Merck personnel. It is also irrelevant and unfairly prejudicial because Dr. Wolfe has nothing to do with this case. | The document is relevant to Plaintiff's failure to warn claims as it shows that Merck not only failed to reveal the relevant CV risks associated with Vioxx to "neutralize" physicians who were attempting to alert the medical community about the dangers. The article contained in the document is not offered for the truth of the matter asserted in the article but only to show that Merck specifically targeted doctors who spoke out against Merck in the media. | | *[handwritten]* Sustained 801 |
| CM.0052 | MRK-ADI0013761 | MRK-ADI0013764 | 2/10/1999 | Email string from Higbee to Johnson and McKines in regards to Intelligence/NEJM | 401, 402, 403, 801, 802. Much of the document contains hearsay in the form of articles or regarding conversations with non-Merck personnel. It is also irrelevant and unfairly prejudicial because Dr. Wolfe has nothing to do with this case. | The document is relevant to Plaintiff's failure to warn claim as it shows that Merck not only failed to reveal the relevant CV risks associated with Vioxx but were engaged in a strategic plan to "neutralize" physicians such as Dr. Singh and others who were attempting to alert the medical community about the dangers associated with the drug. The articles contained in the text of the email are not offered for the truth of the matters asserted but rather to show that Merck went to great lengths to gather "intelligence" on potential detractors of Vioxx in order to attempt to unfairly discredit them. | | *[handwritten]* 401 Shows what known 1998-9 + what done by Merck |
| CM.0059 | MRK-ACJ0005170 | MRK-ACJ0005215 | 4/9/2002 | Pharmaceuticals: The New Consumer Marketing Frontier by Tacconi. | | | | *[handwritten]* |

7/26/2006

**Barnett v. Merck**

Preliminary Final Combined

**Plaintiff's Responses to   Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| CM.0060 | MRK-EAD0001604 | MRK-EAD0001605 | 5/19/2000 | Email from Douglas Wynd to Dreyer and Miles RE: For your eyes only - Draft VIGOR Messages with documents put together. | 901. There appear to be three different documents put together. | | | Reserve ruling |
| CM.0071 | MRK-AKO0026709 | MRK-AKO0031037 | 1998-2000 | Merck Disbursement Voucher Requests | 401, 402, 901. This is a compilation of multiple documents that do not belong together and is also irrelevant and unfairly prejudicial because it relates to doctors who did not treat Mr. Barnett | | | Sustained not admissible |
| CM.0072 | MRK-ACJ0004336 | MRK-ACJ0004445 | 2000 | 2000 Profit Plan | 401, 402, 403. This document relates to the 2000 profit plan for Vioxx, and is therefore irrelevant and unfairly prejudicial for the compensatory phase of the trial. | Plaintiff took Vioxx throughout 2000. This business planning document is relevant to Plaintiff's failure to warn claim and specifically to Plaintiff's contention that Merck intentionally put profits over patients. | | Objection Sustained |
| CM.0074 | MRK-ABY0030136 | MRK-ABY0030137 | 9/20/2001 | Email from Straus to Kong, Pellisier and Watson in regards to FDA Warning Letter | 401, 402, 403, 801, 802. Merck objects to the Warning Letter itself. The Warning Letter also contains hearsay statements by non-Merck individuals. Therefore, if the Warning Letter is not admitted, this exhibit should not be admitted either. | The exhibit does not include the Warning Letter. Rather, it is a cover email indicating that Charlotte McKines received a copy of the Warning Letter. The email is relevant to Ms. McKine's knowledge that there were serious CV safety concerns associated with Vioxx use but that she and others on behalf of Merck failed to warn the public. This evidence is directly related to Plaintiff's failure to warn claim. | | admissible |

## Barnett v. Merck
### Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List

Preliminary Final Combined

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| CM.0075 | FRI0000021 | FRI0000031 | 11/15/2000 | Fax from James McMillen, M.D. To ??? Enclosing letters from Merck. One letter from one to James McMillen inviting him to a VIGOR meeting and then one responding that invitation. | 401, 402, 403, 801, 802. The exhibit is full of hearsay statements. Because it does not relate to anything in this case and concerns individuals with no relation to this case, it is also irrelevant and unfairly prejudicial. | The document is relevant to Plaintiff's failure to reveal the relevant CV risks associated with Vioxx to physicians and patients but were engaged in a strategic plan to "neutralize" physicians such as Dr. McMillen and others who were attempting to alert the medical community about the dangers associated with the drug. | | [handwritten] |
| CM.0077 | MRK-AFI0181589 | MRK-AFI0181597 | | Physician Action Plans ADVOCATE | 401, 402, 403. The document is irrelevant and unfairly prejudicial because it does not relate to any doctors that have anything to do with Mr. Barnett or this case. | The document is relevant to Plaintiff's failure to warn claim. It evidences that Merck was engaged in an active plan to "neutralize" physicians critical of the safety profile of Vioxx and also indicates that Merck used endorsement contracts with well-known physicians such as Dr. James Andrews to influence other physicians and to minimize safety information available to physicians and patients. | | [handwritten] |
| Curfman I Ex. No. 8 | | | 1/23/1997 | for Manuscripts Submitted to Biomedical Journals | 801, 802, 803. Learned treatises are not admissible. | Plaintiff agrees. | | [handwritten] |
| Curfman II Ex. No. 11 | | | | of Medical Journal Editors – Uniform Requirements for Manuscripts Submitted to Biomedical Journals | 801, 802, 803. Learned treatises are not admissible. | Plaintiff agrees. | | [handwritten] |
| Epstein Ex. 10 | MRK-AEH0016466 | MRK-AEH0016469 | 6/16/00 | Memo | None | None | | [handwritten] |
| Epstein Ex. 11 | | | | E-mail | None | None | | [handwritten] |
| Epstein Ex. 13 | MRK-NJ0267303 | MRK-NJ0267322 | | Cardiovascular Outcomes Study Consultant Meeting | None | | | [handwritten] |
| Epstein Ex. 15 | | | | Packet of Documents Produced by Witness in Response to Subpoena | None | | | [handwritten] |
| Epstein Ex. 19 | | | | E-mail String | None | | | |
| Epstein Ex. 9 | | | | E-mail String | None | | | [handwritten] |

7/26/2006

**Barnett v. Merck**
**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

Preliminary Final Combined

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling - Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| Epstein Ex. 1 | | | | Curriculum Vitae of Stephen Edward Epstein, M.D. | None | | | *(handwritten)* |
| Epstein Ex. 2 | MRK-AE10002734 | MRK-AE10002746 | May 3-6, 1998 | Scientific Advisers' Meeting | 801, 802, 803 | | | *(handwritten)* |
| Epstein Ex. 3 | MRK-ABA0029203 | | | E-mail String "eastc Spencer", effects of MF-Tricyclic, a Selective Cyclooxygenase-2 Inhibitor, on Atherosclerosis Progression and Susceptibility to Cytomegalovirus Replication in Apolipoprotein-E Knockout Mice | None | | | *(handwritten)* |
| Epstein Ex. 4 | | | | | Learned treatises are not admissible. | Plaintiff agrees. | | *(handwritten)* sustained |
| Epstein Ex. 5 | MRK-AEH0016614 | MRK-AEH0016619 | | E-mail String | None | | | *(handwritten)* |
| Epstein Ex. 6 | | | | E-mail String | None | | | *(handwritten)* not admissible |
| Graham Ex. No. 1 | | | | Curriculum Vitae for David Graham, M.D., M.P.H. | 401, 402, 403, 801, 802. His CV is Irrelevant and not admissible. | Dr. Graham's credentials as outlined in his CV provide background and context for his testimony. | | *(handwritten)* w. Graham |
| Graham Ex. No. 2 | | | | Powerpoint slides - Drug Safety in America: A Nation Still at Risk by David J. Graham, MD, MPH | 401, 402, 403, 801, 802. Irrelevant, prejudicial and contains hearsay. In addition, this exhibit was not produced to Merck in timely manner before Graham's deposition. | The issue regarding the timeliness of productions is not relevant to these proceedings. Dr. Graham's thoughts as expressed in the slides are relevant to Plaintiff's claims of defect, failure to warn, and negligence. | | *(handwritten) ruling* |

7/26/2006

Barnett v. Merck

Preliminary Final Combined

## Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling -- Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| Graham Ex. No. 3 | | | | Rofecoxib - Diagnosis & treatment: What went wrong? Can we avoid? | 401, 402, 403, 801, 802, irrelevant, prejudicial and contains hearsay. In addition, this exhibit was not produced to Merck in timely manner before Graham's deposition, and therefore should be excluded on those grounds as well. | The issue regarding the timeliness of productions is not relevant to these proceedings. Dr. Graham's thoughts as expressed in the slides are relevant to Plaintiff's claims of defect, failure to warn, and negligence. | |  |
| Graham Ex. No. 4 | | | 2/5/2005 Pg. 475-481 | Lancet Study - Risk of acute myocardial infarction and sudden cardiac death in patients treated with cyclo-oxygenase 2 selective and non-selective non-steroidal anti-inflammatory drugs: nested case-control study, Vol 365. | 801, 802. Learned treatises are hearsay and not admissible. | Plaintiff agrees. | |  |
| Karavan Ex. 10 | | | | Progress Notes | None | | |  |
| Karavan Ex. 11 | | | | Progress Notes | None | | | |
| Karavan Ex. 12 | | | | Progress Notes | None | | | |
| Karavan Ex. 13 | | | | Grand Strand Regional Medical Center Medical Record | None | | | |
| Karavan Ex. 14 | | | | Photograph | None | | | |
| Karavan Ex. 15 | | | | Photograph | None | | | |
| Karavan Ex. 16 | | | | Diagram | None | | | |

7/26/2006

**Barnett v. Merck**

**Plaintiff's Responses to  Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

Preliminary Final Combined

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling -- Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| Karavan Ex. 19 | | | | Document entitled Programmatic Review | Merck objects to the use of this document with Dr. Mikola or Dr. Karavan. Neither doctor ever saw this document before their deposition, and therefore there is no foundation or personal knowledge. | It is appropriate to use the Scientific Advisors Minutes during cross examination. | | *(handwritten)* |
| Karavan Ex. 29 | | | | Mobic label | No foundation to use this document with Dr. Karavan. Also it is hearsay, 801-802. | Plaintiff may use this exhibit with other witnesses. Label falls under R. 803(8) government document exception. Appropriate cross-examination. | | *(handwritten) cross* |
| Karavan Ex. 3 | | | | Grand Strand Regional Medical Center medical records | None | | | *almostly (handwritten)* |
| Karavan Ex. 4 | | | | Cardiology/Gastroenterology Associates medical record | None | | | |
| Karavan Ex. 5 | | | | Grand Strand Regional Medical Center medical records | None | | | |
| Karavan Ex. 6 | | | | Grand Strand Regional Medical Center medical records | None | | | *(handwritten check)* |
| Karavan Ex. 7 | | | | Grand Strand Regional Medical Center medical records | None | | | |
| Karavan Ex. 9 | | | | Physician's Orders | None | | | |
| Krahe Ex. No. 11 | MRK-CAAD0013902 | MRK-CAAD0013919 | 7/19/2001 | National Cross-Functional Team Meeting for Vioxx Summary | 401, 402, 403. | Documents outlining Merck's marketing methods for handling "obstacles" such as CV safety, including hypertension, are relevant to Plaintiff's failure to warn claim. Document is not unfairly prejudicial. | | *admissible (handwritten)* |

7/26/2006

Barnett v. Merck

Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List

Preliminary Final Combined

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling -- Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| Krahe Ex. No. 17 | MRK- AKC0014303 | MRK- AKC0014320 | Sept./Oct./2 001 | PMRD (Promotion Message Recall Data) An Exclusive Service of the com.DAT Division, dtw Marketing Research Group, Inc." | 401, 402, 403, 603, 801, 802. The document contains representatives were actively communicating to physicians. It is a triple hearsay- It is a document prepared by a third party relating to what doctors they interviewed recalled about what Merck sales reps allegedly told the doctors. Also irrelevant because it relates to sales reps in California, who have nothing to do with this case. | Document is relevant to Plaintiff's failure to warn claim. The document reveals what sales representatives were actively communicating to physicians. The document is not offered for the truth of the matter asserted but to show the sales representatives intent and state of mind as they detailed Vioxx to physicians. | | objection sustained |
| Krahe Ex. No. 23 | | | | Merriam Webster Online Dictionary entry for "obstacle" | 401, 402, 403, 801, 802. This is hearsay, and learned treatises are not admissible. Also, the dictionary definition of obstacle is irrelevant and prejudicial. | In light of Ms. Krahe's testimony regarding her definition of "obstacle," the definition in this accepted dictionary is highly relevant. Plaintiff acknowledges that learned treatises like this are not admissible | | sustained 403 + argument. |
| Krahe Ex. No. 24 | MRK- ABW0000243 | MRK- ABW0000246 | | CV card entitled, "Cardiovascular System Clinical Profile in Osteoarthritis Studies" | None | | | admitted argument. |
| Krahe Ex. No. 30 | | | | "Expression of Concern" article re VIGOR. [N Eng J Med 2005; 353: 2813-14] | 801, 802, 803, 401, 402, 403...if learned treatise inadmissible. | Plaintiff acknowledges that this document is a learned treatise. It's relevance to this litigation has already been established. | | admitted unless argument rule. to relevance under 403 is proper 801 |

Page 71 of 83

Barnett v. Merck

Preliminary Final Combined

Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection – Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| Krahe Ex. No. 5 | MRK CAAD 0001696 | MRK- CAAD00301757 | 1/8/2001 | Memo from Market Integration Team for Vioxx to All Field Personnel with Responsibility for Vioxx concerning and enclosing a complete Obstacle Handling Guide for Vioxx. | 401, 402, 403. There is no evidence that any of the sales reps that called on Barnett's two prescribing physicians (Dr. McCaffrey and Dr. Mikola) ever used this information. The document has nothing to do with this case and is unfairly prejudicial. | This document is relevant to Plaintiff's failure to warn claim. It outlines how Merck trained sales to avoid legitimate safety questions posed by physicians. Representatives were trained to treat these questions as "obstacles" and to avoid supplying relevant safety data. The document makes clear that Merck primary focus was profits not patient safety as portions of the document are entitled "In It To Win It." | | _signature_ |
| Krahe Ex. No. 7 | MRK- ADN0111549 | MRK- ADN0111600 | 6/25/19905 | Presentation "Project Powerplay" slides | 401, 402, 403 | Document is relevant to Plaintiff's failure to warn claim as it outlines relevant to the effectiveness of Merck's marketing in terms of conveying specific "messages" to physicians. | | _signature_ |
| Krahe Ex. No. 8 | MRK- ADN0157964 | MRK- ADN0157964 | 4/24/2003 | Email from Tyrus Barker to Marilyn Krahe et al. Subject: Project Powerplay Program for Vioxx - Daily Counts: 5700 received in the first week!" | 401, 402, 403 | Relevant to Plaintiff's failure to warn claim. Evidence of Merck's effectiveness in using marketing to overcome safety "obstacles." | | _signature_ |
| Krahe Ex. No. 9 | MRK- ADN0124683 | MRK- ADN0124692 | 4/1/2003 1, 2003, Dallas, Texas | Presentation "National Cross-Functional Team Meeting for Vioxx April | 401, 402, 403 | Relevant to Plaintiff's failure to warn claim. Outlines in detail Merck's integrated marketing plan for Vioxx. | | _signature_ |
| McCaffrey Ex. 1 | | | | Specialty medical record | None | | | _signature_ |

7/26/2006

Page 72 of 83

Barnett v. Merck

Plaintiff's Responses to   Merck Co., Inc.'s Objections to Plaintiff's Exhibit List

Preliminary Final Combined

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| McCaffrey Ex. 10 | | | 9/4/01 | Email dated 9/4/01, with attachments | 401, 402, 403, 602, 801, 802. This is a document that lists thousands of doctors and amounts of money they were paid by Merck. The information relating to doctors that have no relation to Mr. Barnett or his doctors is irrelevant to this case, and unfairly prejudicial. Additionally, Dr. McCaffrey had never seen this document before and there was no foundation. The document also contains, hearsay. At most, all information about other doctors not involved in this case should be redacted before this document should be shown in court. | Evidence of amounts paid by Merck to Dr. McCaffrey are relevant to show bias. Document is not hearsay but admission. R.801(d)(2)(A). | | |
| McCaffrey Ex. 12 | | | | Program Date Listing | 602 - There is no foundation because Dr. McCaffrey had never seen this before. Also irrelevant because there is no evidence that any of this had anything to do with Vioxx (related to other Merck medicines). | Evidence of Merck programs that Dr. McCaffrey participated in are relevant to show Merck's influence over this physician and his bias. Appropriate cross-examination. | | |

7/26/2006

Page 73 of 83

**Barnett v. Merck**

**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

Preliminary Final Combined

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling -- Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| McCaffrey Ex. 13 | | | | Document entitled pgm_affl | 602 - There is no foundation because all of that information should be removed before this document is shown in court. Dr. McCaffrey had never seen this before. Also irrelevant because there is no evidence that any of this had anything to do with Vioxx -- simply related to lectures Dr. McCaffrey attended. Also irrelevant and unfairly prejudicial because other doctors ar mentioned- | Evidence of Merck programs during which Dr. McCaffrey was the featured speaker are relevant to show his connections to Merck as "thought leader" and his bias. Appropriate cross-examination. | | *(handwritten)* |
| McCaffrey Ex. 14 | | | | Document entitled pgm_expns | 602 - There is no foundation because Dr. McCaffrey had never seen this before. Also irrelevant because there is no evidence that any of this had anything to do with Vioxx -- simply related to lectures Dr. McCaffrey attended. Also irrelevant and unfairly prejudicial because other doctors ar mentioned- all of that information should be removed before this document is shown in court. | | | |

Barnett v. Merck

Preliminary Final Combined

Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling -- Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| McCaffrey Ex. 15 | | | | Listing | 602: - There is no foundation because Dr. McCaffrey had never seen this before. Also irrelevant because there is no evidence that any of this had anything to do with Vioxx (related to other Merck medicines). | | | Sent over |
| McCaffrey Ex. 16 | | | | Document entitled Call Notes | 602 -There is no foundation because Dr. McCaffrey had never seen this before. Also irrelevant and unfairly prejudicial because other doctors and call notes relating to them are mentioned-- all of that information should be removed before this document is shown in court. Should also remove the "Case Name" and the "Legal" field from the document. | Call notes related to visits Merck sales representatives made to Dr. McCaffrey are directly relevant to Plaintiff's failure to warn claim as they show the information conveyed to Dr. McCaffrey. Appropriate cross-examination. | | r ( |
| McCaffrey Ex. 17 | | | | Listing | 602--no foundation because witness had never seen the document before. | Dr. McCaffrey understood the data that had been produced related to Merck representative's visits to him. Appropriate cross-examination. | | ( ( |
| McCaffrey Ex. 2 | | | | Specialty medical record | None | | | |
| McCaffrey Ex. 20 | | | | Merck Important Prescribing Information | None | | | |
| McCaffrey Ex. 21 | | | | Document entitled Office Visits | None | | | |
| McCaffrey Ex. 3 | | | | Specialty medical record | None | | | |

7/26/2006

Page 75 of 83

**Barnett v. Merck**

**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

Preliminary Final Combined

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| McCaffrey Ex. 8 | | | | EasyRxform, with Attachments | None | | | *(handwritten signature)* |
| McCaffrey Ex. 9 | | | 8/3/00 | Email dated 8/3/00 to Michael A. Buttala from Jill I. Wargo, with attachments | 401, 402, 403, 602, 801, 802. This is a document that lists thousands of doctors and amounts of money they were paid by Merck. The information relating to doctors that have no relation to Mr. Barnett or his doctors is irrelevant to this case, and unfairly prejudicial. Additionally, Dr. McCaffrey had never seen this document before and there was no foundation. The document also contains, hearsay. At most, all information about other doctors not involved in this case should be redacted before this document should be shown in court. | Evidence of amounts paid by Merck to Dr. McCaffrey are relevant to show bias. Document is not hearsay but admission. R.801(d)(2)(A). Appropriate cross-examination. | | Sustained see note above |
| MIKOLAJCY ZIK Ex. 1 | | | | Specialists medical record for Gerald Barnett | None | | | *(handwritten signature)* |
| MIKOLAJCY ZIK Ex. 2 | | | | Medical Center medical record for Gerald Barnett | None | | | |
| MIKOLAJCY ZIK Ex. 3 | | | | Vioxx prescription, with attachments | None | | | |
| MIKOLAJCY ZIK Ex. 4 | | | | Medical records for Gerald Barnett | None | | | |
| MIKOLAJCY ZIK Ex. 5 | | | | Vioxx box label | None | | | ✓ |

7/26/2006

**Barnett v. Merck**

Preliminary Final Combined

## Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection – Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| MIKOLAJCY ZK Ex. 6 | | | 3/9/00 | E-mail dated 3/9/00 to Deborah R. Shapiro, Alise S. Reicin and Alan S. Nies from Edward M. Scolnick | 401, 402, 403. Irrelevant, and any probative value is outweighed by prejudicial effect. Concerns preliminary analysis of data which was subsequently revised. | Document clearly relevant to show Merck's knowledge of the safety concerns regarding adverse CV events as early as March 2000 but it failure to warn or remove the drug from the market. | | *admitted* |
| MIKOLAJCY ZK Ex. 7 | | | 3/28/00 | E-mail dated 3/28/00 to Barry J. Gertz from Alan S. Nies | 401, 402, 403, 602 as used with this witness. Witness has no knowledge of document or subject matter. | Document relevant to show that Merck's "naproxen" alibi is false and Merck has known this since weeks after the VIGOR results were available. Appropriate cross-examination. | | |
| MIKOLAJCY ZK Ex. 8 | | | 4/28/00 | News Release dated 4/28/00 | 401, 402, 602 as used with this Mikola... Witness has no personal knowledge of document or subject matter. | Relevant to Plaintiff's failure to warn claim. Merck failed to warn physicians, patients, and the public of the serious CV safety issues regarding Vioxx. Appropriate cross-examination. | | *Sustained w/ this wit. may be admitted w/ knowledge...* |
| MIKOLAJCY ZK Ex. 9 | | | | Contact List | None | | | *admitted* |

Page 77 of 83

7/26/2006

**Barnett v. Merck**

**Plaintiff's Responses to   Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

Preliminary Final Combined

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection – Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| MIKOLAJCY ZK Ex.10 | | | 1/31/01 | E-mail dated 1/31/01 to Raymond Gilmartin and David W. Anstice from Edward M. Scolnick | 401, 402, 403. Any probative value is substantially outweighed by the potential prejudicial effect. Also, reference to Dr. Fries is irrelevant because no evidence any one in this had interaction with him or the doctors listed in his letter. As used with Mikola. 401, 402, 403, 602 as used with Mikola. Witness has no personal | Document relevant to show that Merck's "naproxen" alibi is false as well as relevant to show that Merck attempted to suppress the safety concerns raised by certain physicians. Appropriate cross-examination. | | *Sustained as to whole, but may be used if proper foundation witness* |
| MIKOLAJCY ZK Ex.11 | | | | Vioxx Label Description | None. But as used with Mikola, 401, 402, 403, 602. Witness has no personal knowledge of document or subject matter. | Clearly relevant to Plaintiff's failure to warn claim. Appropriate cross-examination. | | *Sustained as to whole* |
| MIKOLAJCY ZK Ex.12 | | | 10/16/01 | E-mail dated 10/16/01 to David W. Anstice from Edward M. Scolnick | 401, 402, 403. Any probative value is outweighed by prejudicial effect. But as used with Mikola: 401, 402, 403, 602. Witness has no personal knowledge of document or subject matter. | Emails relevance to Plaintiff's claims has already been established. "Ugly cubed" email is contained in Dr. Scolnick's testimony. | | *admissible* |

Page 78 of 83

7/26/2006

Preliminary Final Combined

**Barnett v. Merck**

**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| MIKOLAJCY ZK Ex.13 | | | 2/13/01 | E-mail dated 2/13/01 to Douglas J. Watson, et al., from Harry A. Guess | 403. Takes statement out of context and confuses jury. Any probative value is outweighed by prejudicial effect. But as used with Mikola: 401, 402, 403, 602. Witness has no personal knowledge of document or subject matter. | Email's relevance to Plaintiff's claims has already been established. "Ugly cubed" email is contained in Dr. Scolnick's testimony. Appropriate cross-examination. | | Sustained as to Mikola; may be admissible with Scolnick wit[n]ess |
| MIKOLAJCY ZK Ex.14 | | | 11/22/01 | E-mail dated 11/22/01 to Thomas R. Cannell, Mark P. Stejbach and Steven R. Vignali from Adam H. Schechter | 401, 402, 403. As used with Mikola: 401, 401, 403, 602. Witness has no personal knowledge of document or subject matter. | Email shows Merck's knowledge of the need to do a CV outcome study on Vioxx. Document relevant to Plaintiff's claim that Merck was negligent in testing. Appropriate cross-examination. | | Sustained; see above |
| MIKOLAJCY ZK Ex. 15 | | | | Grand Strand Regional Medical Center medical records for Gerald Barnett | None | | | admitted |
| MIKOLAJCY ZK Ex.17 | | | 10/12/01 | E-mail to ian.rodger@merck.com from Stephen.Epstein@med star.net, with attachments | As used with Mikola: 401, 402, 602. Witness has no personal knowledge of document or subject matter. | Relevant to Plaintiff's claim that Vioxx accelerated his atherosclerosis. Appropriate cross-examination. | | Sustained 602 |
| MIKOLAJCY ZK Ex.24 | | | | FDA Advisory Committee Briefing Document | 401, 402, 403, 602. Witness has no personal knowledge of document or subject matter. | Relevant to Plaintiff's failure to warn claim and to what Merck's "message" to the FDA and medical community. Appropriate cross-examination. | | Sustained 602 |
| MIKOLAJCY ZK Ex.40 | | | | Comparison Of Upper Gastrointestinal Toxicity O Rofecoxib And Naproxen In Patients With Rheumatoid Arthritis | Learned treatises are not admissible. | Plaintiff agrees. | | Sustained |

7/26/2006

# Barnett v. Merck

## Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List

Preliminary Final Combined

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling - Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| MIKOLAJCY Zk Ex. 42 | | | | Article entitled Risk of Cardiovascular Events Associated With Selective COX-2 Inhibitors | Learned treatises are not admissible. | Plaintiff agrees. | | Sustained 60a |
| MIKOLAJCY Zk Ex. 44 | | | | Vioxx Label Description | None | | | *(handwritten)* |
| MIKOLAJCY Zk Ex. 47 | | | 7/5/00 | Memo dated 7/5/00 to Drs. Alise Reicin, Ellav Barr and Dennis Erb from Dr. Deborah Shapiro | As used with Mikola: 401, 402, 403, 602. | Relevant to Plaintiff's failure to warn claim. Merck document shows the risks of CV adverse event beginning to take the drug. | | Sustained 60a |
| MIKOLAJCY Zk Ex. 49 | MRK-ABC0015053 | MRK-ABC0015193 to MRK-ABC0015214 | | Editorial entitled Expression of Concern Reaffirmed | As used with Mikola. 401, 402, 403, 602. Witness has no personal knowledge of document or subject matter. If learned treatise, inadmissible. Also 801, 802, 803. | Relevant to show Merck's failure to warn and to disclose to the medical and scientific communities of the CV dangers associated with Vioxx. If learned treatise, Plaintiff agrees that the document is not admissible. | | Sustained 60a Oradie realld w/ prior objection *(handwritten)* |
| ...dies Ex. No. 10 | MRK-ABC0015071 | | 9/16/1998 MK-0966 | Clinical Study Report | None | | | *(handwritten)* |
| Topol Ex. | | | | Clinical Profile in Cardiovascular System Osteoarthritis Studies," Cardiovascular Card (aka MRK-ABW0000243 - MRK-ABW0000248; MRK-ADB0009039 - MRK-ADB0009042; MRK-ACW0008375; MRK-AC20072955 - MRK-AC20072956) | 602, 401, 402, 403. No foundation to use this document with Topol. Also irrelevant and prejudicial since there is no evidence that any of Mr. Barnett's doctors ever saw this card. | Dr. Topol is familiar with the CV data contained in Vioxx studies and is able by reviewing the CV Card to appreciate and testify that the CV safety information in the CV card misrepresented Vioxx's safety profile. Relevant to Plaintiff's failure to warn claim. | | Topol familiar w/ CV data, able to comment on *(handwritten)* |

7/26/2006

**Barnett v. Merck**

**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

Preliminary Final Combined

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| Topol Ex. 6 | | | 4/26/01 | 4/26/01 E-mail from Aljse Reion to Laura Demopoulos with attachment. "Selective COX-2 Inhibitors are Associated with An Increased Risk of Cardiovascular Events." (Mukherjee, et al.) draft manuscript MRK-AAZ0001561 - MRK-AAZ0001593 | 602-- Topol never saw the cover email. Also 801, 802-hearsay and learned treatises are not admissible. | Sufficient foundation as Dr. Topol appreciates the context of the email when the document was given to him. Document is a Merck internal document which was not shared with Dr. Topol by Merck. Manuscript not offered for truth of matters asserted but to show that Merck employees manipulated Dr. Topol's manuscript for the purpose of "neutralizing the negative aspects of the article" or in other words, to minimize the CV safety concerns associated with Vioxx. | | *admissible - although with entry... not... proviso to conduct comment* |
| Topol Ex. 7 | | | 6/12/01 | 6/12/01 E-Mail from Alan Nies to Laura Demopoulos re: Topol Manuscript | No objection to cover email. Rest of exhibit is hearsay (801, 802) | Manuscript not offered for truth of matters asserted but to show that Merck employees manipulated Dr. Topol's manuscript for the purpose of "neutralizing the negative aspects of the article" or in other words, to minimize the CV safety concerns associated with | | *admissible* |
| 0063 | MRK-AAR0007570 | MRK-AAR0007699 | 1/1/2000 | Memo from Market Integration Team for Vioxx Re: Top Ten Obstacle Handlers and Obstacle Response Guide Vioxx | 401, 402, 403 No evidence case-specific sales reps saw or used these training materials | | | *admissible* |
| 0068 | MRK-AAR0021103 | MRK-AAR0021108 | 8/21/2001 | "Risk of Cardiovascular Events Associated with Selective COX-2 Inhibitors" | No objection | | | *Admissible* |
| 0353 | MRK-ADI0005375 | MRK-ADI0005375 | 5/19/1999 | Bulletin for Vioxx: Action Required: Response to JAMA. NDA Review of Vioxx | No objection | | | *Admissible* |
| 0358 | MRK-ADJ0042906 | MRK-ADJ0042909 | 6/25/2002 | Press Release - FDA Medical Officer Cardiovascular Event Rates in Analysis of Combined Studies of Nearly 2,900 Elderly Patients Taking Vioxx or Placebo | No objection | | | *Admissible* |

Barnett v. Merck

Preliminary Final Combined

## Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling -- Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| .0430 | MRK-AFL0000899 | MRK-AFL0000903 | 12/22/1999 | Memo from Michael Weinblatt to David Bjorkman, et al. Re: Cardiovascular Safety Analysis of VIGOR - Unblinded Minutes | No objection | | | Admissible |
| .0442 | MRK-AFO0023534 | MRK-AFO0023536 | 5/20/1998 | Watson to J. Anderson, et al. Re: 5-15-98 COX-2 CV SAE surveillance task force meeting minutes | No objection | | | Admissible |
| .0448 | MRK-AGT0028811 | MRK-AGT0028813 | 9/30/2004 | Merck announces voluntary worldwide withdrawal of vioxx | No objection | | | Admissible |
| 1.0484 | MRK-NJ0094478 | MRK-NJ0094493 | 4/19/2002 2002 | Vioxx Final Label/April | No objection | | | Admissible |
| .0497 | MRK-NJ0121627 | MRK-NJ0121627 | 4/11/2000 | Email from Edward Scolnick to Deborah Shapiro Re: Update to thromboembolic CVD cases VIGOR | No objection | | | Admissible |
| .0532 | MRK-NJ0272249 | MRK-NJ0272272 | 2/2/1998 | Memo from Briggs Morrison to Beth Seidenberg, et al. discussing Protocol 023 VIGOR ACM "meta-analysis" | No objection | | | Admissible |
| .0713 | MRK-AHR0009546 | MRK-AHR0009546 | | MRL Epidemiology Department Technical Report No. EP07006.005.98 Final Results of an Analysis of the Incidence of Cardiovascular SAEs in the Phase IIb/III VIOXX Osteoarthritis Clinical Trials | No objection | | | Admissible |
| 1091 | MRK-NJ0363443 | MRK-NJ0363445 | | Merck Manual - 17th Edition | No objection | | | Admissible |
| 1.1127 | | | | Cardiovascular Combined Analysis and Planned Interim Pre VIGOR ACM "meta-analysis" | objection foundation | | | Admissible |

7/26/2006

Page 82 of 83

7/26/2006

Barnett v. Merck

Preliminary Final Combined

**Plaintiff's Responses to Merck Co., Inc.'s Objections to Plaintiff's Exhibit List**

| Exhibit No. | Begin Bates | End Bates | Document Date | Description | Merck Objection - Barnett | Plaintiff's Responses | Court's Ruling – Irvin 2 | Barnett Ruling |
|---|---|---|---|---|---|---|---|---|
| .1143 | MRK-ABH0014119 | MRK-ABH0014124 | 6/1/1998 | Email from Errol McKinney to Edward Scolnick regarding Celebra submission within 2 mon ths - Schroders | | | | admissible |
| .1198 | MRK-JRAA0000438 | MRK-JRAA0000451 | 6/1/2000 | Mandel to Licensing Management Committee Members regarding the agenda for 3/30/00 meeting | No objection | | | Admissible |
| 1437 | MRK-ABH0019058 | MRK-ABH0019058 | | Email from Edward Scolnick to Douglas Greene, et al., Re: VIGOR ADV Meeting | No objection | | | Admissible |
| .1648 | MRK-NJ00070398 | MRK-NJ00070416 | | Memo from Shapiro Re: VIGOR post mortem | No objection | | | Admissible |
| 1803 | MRK-GUE0035229 | MRK-GUE0035230 | 11/18/1999 | Dr. Michael Weinblatt Letter to Shapiro et al., Re: Interim Non-Endpoint Safety Analysis of VIGOR - Unbiased Minutes" | No objection | | | Admissible |
| Shapiro Ex. 28 | MRK-ACF0000845 | MRK-ACF0000924 | | Shapiro Final Meta-Analysis | No objection | | | Admissible |
| Shapiro Ex. 29 | MRK-LEH0114734 | MRK-LEH0114741 | 11/18/1998 | DSMB minutes | No objection | | | Admissible |
| Weiner Ex. 6 | MRK-ADJ0009826 | MRK-ADJ0009828 | 1/17/2001 | Ogivy Memo from Kawata to Baseman | No objection | 401-403, 301, 802, 901 | | Admissible |