UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | * * * * * * * * * * * | MDL No. 1657<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE<br>DANIEL E. KNOWLES, III |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Randy McKee, et al. v. Merck & Co., Inc.*, No. 06-3379.

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the Plaintiffs' Complaint as follows:

## RESPONSE TO COMPLAINT

1.      Denies each and every allegation contained in paragraph 1 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

2.      Denies each and every allegation contained in the first sentence of paragraph 2 of the Complaint, as it is without knowledge or information sufficient to form a

belief as to the truth therein. Merck denies each and every allegation contained in the second and third sentences of paragraph 2 of the Complaint.

3.      Denies each and every allegation contained in the first sentence of paragraph 3 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the second and third sentences of paragraph 3 of the Complaint.

4.      Denies each and every allegation contained in the first sentence of paragraph 4 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the second and third sentences of paragraph 4 of the Complaint.

5.      Denies each and every allegation contained in the first sentence of paragraph 5 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the second and third sentences of paragraph 5 of the Complaint.

6.      Denies each and every allegation contained in the first sentence of paragraph 6 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the second and third sentences of paragraph 6 of the Complaint.

7.      Denies each and every allegation contained in the first, second, and third sentences of paragraph 7 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the fourth and fifth sentences of paragraph 7 of the Complaint.

8.      Denies each and every allegation contained in the first, second, and third sentences of paragraph 8 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the fourth and fifth sentences of paragraph 8 of the Complaint.

9.      Denies each and every allegation contained in the first sentence of paragraph 9 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 9 of the Complaint.

10.     Denies each and every allegation contained in the first sentence of paragraph 10 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 10 of the Complaint.

11.     Denies each and every allegation contained in the first sentence of paragraph 11 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 11 of the Complaint.

12.     Denies each and every allegation contained in the first, second, and third sentences of paragraph 12 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the fourth and fifth sentences of paragraph 12 of the Complaint.

13.     Denies each and every allegation contained in the first sentence of paragraph 13 of the Complaint, as it is without knowledge or information sufficient to form a

belief as to the truth therein. Merck denies each and every allegation contained in the second and third sentences of paragraph 13 of the Complaint.

14.     Denies each and every allegation contained in the first sentence of paragraph 14 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the second and third sentences of paragraph 14 of the Complaint.

15.     Denies each and every allegation contained in the first sentence of paragraph 15 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the second and third sentences of paragraph 15 of the Complaint.

16.     Denies each and every allegation contained in the first sentence of paragraph 16 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the second and third sentences of paragraph 16 of the Complaint.

17.     Denies each and every allegation contained in the first sentence of paragraph 17 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the second and third sentences of paragraph 17 of the Complaint.

18.     Denies each and every allegation contained in the first sentence of paragraph 18 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the second and third sentences of paragraph 18 of the Complaint.

19.     Denies each and every allegation contained in the first sentence of paragraph 19 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the second and third sentences of paragraph 19 of the Complaint.

20.     Denies each and every allegation contained in the first sentence of paragraph 20 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the second and third sentences of paragraph 20 of the Complaint.

21.     Denies each and every allegation contained in the first sentence of paragraph 21 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the second and third sentences of paragraph 21 of the Complaint.

22.     Denies each and every allegation contained in the first sentence of paragraph 22 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the second and third sentences of paragraph 22 of the Complaint.

23.     Denies each and every allegation contained in the first sentence of paragraph 23 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the second and third sentences of paragraph 23 of the Complaint.

24.     Denies each and every allegation contained in the first sentence of paragraph 24 of the Complaint, as it is without knowledge or information sufficient to form a

belief as to the truth therein. Merck denies each and every allegation contained in the second and third sentences of paragraph 24 of the Complaint.

25. Denies each and every allegation contained in the first sentence of paragraph 25 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the second and third sentences of paragraph 25 of the Complaint.

26. Denies each and every allegation contained in the first, second, and third sentences of paragraph 26 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the fourth and fifth sentences of paragraph 26 of the Complaint.

27. Denies each and every allegation contained in the first sentence of paragraph 27 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the second and third sentences of paragraph 27 of the Complaint.

28. Denies each and every allegation contained in the first sentence of paragraph 28 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the second and third sentences of paragraph 28 of the Complaint.

29. Denies each and every allegation contained in the first sentence of paragraph 29 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the second and third sentences of paragraph 29 of the Complaint.

30.     Denies each and every allegation contained in the first, second, and third sentences of paragraph 30 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the fourth and fifth sentences of paragraph 30 of the Complaint.

31.     Denies each and every allegation contained in the first sentence of paragraph 31 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 31 of the Complaint.

### RESPONSE TO
### "JURISDICTION AND VENUE"

32.     The allegations contained in paragraph 32 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 32 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that each Plaintiff purports to state a claim in excess of $75,000 but denies that there is any legal or factual basis for such relief.

33.     The allegations contained in paragraph 33 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 33 of the Complaint, except admits that there is a multidistrict litigation ("MDL") related to the prescription medicine Vioxx, and that the MDL Court issued Pre-Trial Order No. 11 on May 18, 2005, and respectfully refers the Court to that Order for its actual content and full effect.

34.     The allegations contained in paragraph 34 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 34 of the Complaint.

### RESPONSE TO
### "PARTIES-VIOXX"

35.     Admits the allegation contained in paragraph 35 of the Complaint that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

36.     Denies each and every allegation contained in paragraph 36 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

37.     Denies each and every allegation contained in paragraph 37 of the Complaint and avers that Vioxx was approved by the U.S. Food & Drug Administration ("FDA") as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

### RESPONSE TO
### "FACTUAL BACKGROUND-VIOXX"

38.     Denies each and every allegation contained in paragraph 38 of the Complaint, except admits that Vioxx, which is Merck's brand name for rofecoxib, reduces pain and inflammation and that the mechanism of action for Vioxx is believed to be due to the

inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

39.     Denies each and every allegation contained in paragraph 39 of the Complaint, except admits that the mechanism of action for Vioxx is believed to be due to the inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

40.     Denies each and every allegation contained in paragraph 40 of the Complaint, except admits that on November 23, 1998 Merck submitted a New Drug Application ("NDA") for Vioxx 12.5 mg and Vioxx 25 mg tablets and respectfully refers the Court to said NDA for its actual language and full text.

41.     Denies each and every allegation contained in paragraph 41 of the Complaint, except admits that on November 23, 1998 Merck submitted a NDA for Vioxx Oral Suspension and respectfully refers the Court to said NDA for its actual language and full text.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint, except admits that Merck sought and, in 1999, received FDA approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

43.     Denies each and every allegation contained in paragraph 43 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

44.     Denies each and every allegation contained in paragraph 44 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

45.   Denies each and every allegation contained in paragraph 45 of the Complaint, except admits that in March 2000 Merck forwarded to the FDA the Vioxx Gastrointestinal Outcomes Research ("VIGOR") study and subsequently, in June 2000, filed a supplemental New Drug Application ("sNDA") that included the VIGOR study.   Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.

46.   Denies each and every allegation contained in paragraph 46 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual language and full text.

47.   Denies each and every allegation contained in paragraph 47 of the Complaint except admits that the studies referenced in the first sentence of paragraph 47 of the Complaint and the article referenced in the second sentence of paragraph 47 of the Complaint exist, and respectfully refers the Court to said publications for their actual language and full text. Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

48.   Denies each and every allegation contained in paragraph 48 of the Complaint, except admits that 2000 worldwide Vioxx sales figures exceeded $2 billion.

49.   Denies each and every allegation contained in paragraph 49 of the Complaint, except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

50.   Denies each and every allegation contained in paragraph 50 of the Complaint, except admits that the referenced publication and the article contained therein exist and respectfully refers the Court to the referenced document for its actual language and full text.

51.    Denies each and every allegation contained in paragraph 51 of the Complaint, except admits that the referenced studies exist and respectfully refers the Court to said studies for their actual language and full text.

52.    Denies each and every allegation contained in paragraph 52 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

53.    Denies each and every allegation contained in paragraph 53 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

54.    Denies each and every allegation contained in paragraph 54 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

55.    Denies each and every allegation contained in paragraph 55 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information, a so-called "Dear Doctor" letter, and a Patient Information sheet, and respectfully refers the Court to the referenced prescribing information for Vioxx, "Dear Doctor" letter, and Patient Information sheet for their actual language and full text.

56.    Denies each and every allegation contained in paragraph 56 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and a so-called "Dear Doctor" letter, and respectfully refers the Court to

the referenced prescribing information for Vioxx and "Dear Doctor" letter for their actual language and full text.

57.   Denies each and every allegation contained in paragraph 57 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx Patient Information sheet, and respectfully refers the Court to the referenced Patient Information sheet for its actual language and full text.

58.   Denies each and every allegation contained in paragraph 58 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

59.   Denies each and every allegation contained in paragraph 59 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and text.

60.   Denies each and every allegation contained in paragraph 60 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Plaintiffs purport to quote from Merck's 2001 Annual Report and respectfully refers the Court to said publication for its actual language and full text.

61.   Denies each and every allegation contained in paragraph 61 of the Complaint, except admits that the referenced filing exists and respectfully refers the Court to the referenced document for its actual language and full text.

62.   Denies each and every allegation contained in paragraph 62 of the Complaint, except admits that Merck marketed the prescription medication Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further

avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

63.     Denies each and every allegation contained in paragraph 63 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and text.

64.     Denies each and every allegation contained in the first sentence of paragraph 64 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second sentence of paragraph 64 of the Complaint.

65.     Denies each and every allegation contained in paragraph 65 of the Complaint and avers that Vioxx, which reduces pain and inflammation, was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

66.     Denies each and every allegation contained in paragraph 66 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health.   Merck further admits that it manufactured, marketed, and distributed the

prescription medicine Vioxx, which is the brand name for rofecoxib, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## RESPONSE TO "COUNT I:
## STRICT PRODUCTS LIABILITY/DEFECTIVE DESIGN—AGAINST MERCK"

67.    With respect to the allegations contained in paragraph 67 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 66 of this Answer with the same force and effect as though set forth here in full.

68.    Denies each and every allegation contained in paragraph 68 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

69.    Denies each and every allegation contained in paragraph 69 of the Complaint.

70.    Denies each and every allegation contained in paragraph 70 of the Complaint.

71.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 71 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 71 of the Complaint.

72.    Denies each and every allegation contained in paragraph 72 of the Complaint.

73.    Denies each and every allegation contained in paragraph 73 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT II:
## STRICT PRODUCTS LIABILITY/FAILURE TO WARN—AGAINST MERCK"

74.     With respect to the allegations contained in paragraph 74 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 73 of this Answer with the same force and effect as though set forth here in full.

75.     Denies each and every allegation contained in paragraph 75 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

76.     Denies each and every allegation contained in paragraph 76 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

77.     Denies each and every allegation contained in paragraph 77 of the Complaint.

78.     Denies each and every allegation contained in paragraph 78 of the Complaint.

79.     Denies each and every allegation contained in paragraph 79 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully

refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

80.     Denies each and every allegation contained in paragraph 80 of the Complaint.

81.     Denies each and every allegation contained in paragraph 81 of the Complaint, except admits that Plaintiffs purport to punitive damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "COUNT III:
### NEGLIGENT DESIGN—AGAINST MERCK"

82.     With respect to the allegations contained in paragraph 82 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 81 of this Answer with the same force and effect as though set forth here in full.

83.     Denies each and every allegation contained in paragraph 83 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

84.     Denies each and every allegation contained in paragraph 84 of the Complaint.

85.     Denies each and every allegation contained in paragraph 85 of the Complaint.

86.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 86 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 86 of the Complaint.

87.     Denies each and every allegation contained in paragraph 87 of the Complaint.

88.     Denies each and every allegation contained in paragraph 88 of the Complaint.

89.     Denies each and every allegation contained in paragraph 89 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "COUNT IV:
### NEGLIGENCE, FAILURE TO WARN—AGAINST DEFENDANT MERCK"

90.     With respect to the allegations contained in paragraph 90 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 89 of this Answer with the same force and effect as though set forth here in full.

91.     The allegations contained in paragraph 91 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

92.     Denies each and every allegation contained in paragraph 92 of the Complaint, including its subparts a through e, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text

93.     Denies each and every allegation contained in paragraph 93 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

94.     Denies each and every allegation contained in paragraph 94 of the Complaint.

95.     Denies each and every allegation contained in paragraph 95 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "COUNT V:
### NEGLIGENT MISREPRESENTATION —AGAINST DEFENDANT MERCK"

96.     With respect to the allegations contained in paragraph 96 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 95 of this Answer with the same force and effect as though set forth here in full.

97.     Denies each and every allegation contained in paragraph 97 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

98.     Denies each and every allegation contained in paragraph 98 of the Complaint.

99.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 99 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 99 of the Complaint.

100.    Denies each and every allegation contained in paragraph 100 of the Complaint.

101.    Denies each and every allegation contained in paragraph 101 of the Complaint.

102.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 102 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 102 of the Complaint.

103.    Denies each and every allegation contained in paragraph 103 of the Complaint.

104.    Denies each and every allegation contained in paragraph 104 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT VI: FRAUDULENT OMISSION/CONCEALMENT —AGAINST DEFENDANT MERCK"

105.    With respect to the allegations contained in paragraph 105 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 104 of this Answer with the same force and effect as though set forth here in full.

106.    Denies each and every allegation contained in paragraph 106 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

107.    Denies each and every allegation contained in paragraph 107 of the Complaint.

108.    Denies each and every allegation contained in paragraph 108 of the Complaint except admits that Merck trains its professional representatives, and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

109.    The allegations contained in paragraph 109 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 109 of the Complaint.

110.    The allegations contained in paragraph 110 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 110 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.  Merck further denies that it violated any applicable law, duty or standard of care in connection with Vioxx.

111.    Denies each and every allegation contained in paragraph 111 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

112.    Denies each and every allegation contained in paragraph 112 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

113.    Denies each and every allegation contained in paragraph 113 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

114.    Denies each and every allegation contained in paragraph 114 of the Complaint.

115.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 115 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 115 of the Complaint.

116.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 116 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 116 of the Complaint.

117.    Denies each and every allegation contained in paragraph 117 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "COUNT VII:
### BREACH OF IMPLIED WARRANTY - VIOXX"

118.    With respect to the allegations contained in paragraph 118 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 117 of this Answer with the same force and effect as though set forth here in full.

119.    The allegations contained in paragraph 119 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 119 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

120.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 120 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 120 of the Complaint

121.    Denies each and every allegation contained in paragraph 121 of the Complaint.

122.   Denies each and every allegation contained in paragraph 122 of the Complaint.

123.   Denies each and every allegation contained in paragraph 123 of the Complaint, except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "COUNT VIII:
### BREACH OF EXPRESS WARRANTY - VIOXX"

124.   With respect to the allegations contained in paragraph 124 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 123 of this Answer with the same force and effect as though set forth here in full.

125.   Denies each and every allegation contained in paragraph 125 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

126.   Denies each and every allegation contained in paragraph 126 of the Complaint, including its subparts a through e, and avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

127.   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 127 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 127 of the Complaint.

128.   Denies each and every allegation contained in paragraph 128 of the Complaint.

129.   Denies each and every allegation contained in paragraph 129 of the Complaint.

130.   Denies each and every allegation contained in paragraph 130 of the Complaint, except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

131.   The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 130 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph after paragraph 130 of the Complaint, including its subparts A through E, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

132.   The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

133.   The Plaintiffs and/or Decedents were careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiffs and/or Decedents.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

134.    To the extent that Plaintiffs assert claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

135.    To the extent that Plaintiffs assert claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

136.    The Plaintiffs and/or Decedents failed to exercise reasonable care to mitigate their alleged damages.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

137.    Each and every claim asserted or raised in the Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

138.    To the extent that Plaintiffs assert claims in the Complaint based upon an alleged failure by Merck to warn Plaintiffs and/or Decedents directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

139.   The claims of the Plaintiffs are barred in whole or in part under comment

k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

140.   The claims of the Plaintiffs are barred in whole or in part under comment j

to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

141.   The claims of the Plaintiffs are barred under Section 4, et seq., of the

Restatement (Third) of Torts: Products Liability.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

142.   The claims of the Plaintiffs are barred in whole or in part because Vioxx

"provides net benefits for a class of patients" within the meaning of comment f to Section 6 of

the Restatement (Third) of Torts:  Products Liability.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

143.   The product conformed to the state-of-the-art for the design and

manufacture of such, or similar, products.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

144.   The claims of the Plaintiffs are barred, in whole or in part, under the

applicable state law because Vioxx was subject to and received pre-market approval by the Food

and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

145.    If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs and/or Decedents knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

146.    If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

147.    To the extent that Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

148.    If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiffs and/or Decedents or natural course of conditions for which this Defendant is not responsible.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

149.    If Plaintiffs and/or Decedents have sustained injuries or losses as alleged

in the Complaint, upon information and belief, such injuries and losses were proximately caused

by the misuse of Plaintiffs and/or Decedents or abuse of Vioxx.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

150.    The claims of Plaintiffs are barred in whole or in part by the First

Amendment of the Constitution of the United States of America and comparable state law

provisions.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

151.    To the extent that Plaintiffs rely upon any theory of breach of warranty,

Plaintiffs and/or Decedents did not rely on such warranties and the claims are otherwise barred

for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

152.    Each and every claim asserted or raised in the Complaint is barred by the

doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

153.    Inasmuch as the Complaint does not describe the alleged underlying

claims with sufficient particularity to enable Merck to determine all of its legal contractual and

equitable rights, Merck reserves the right to amend and/or supplement the averments of its

answer to assert any and all pertinent liability defenses ascertained through further investigation

and discovery in this action.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

154.   To the extent that Plaintiffs seek punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

155.   To the extent Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

156.   The demand for punitive damages by the Plaintiffs is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

157.   To the extent that Plaintiffs assert claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to their claims, Plaintiffs have failed to allege facts that would overcome the defenses available under that state products liability law.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

158.   The claims of Plaintiffs are barred, in whole or in part, because one or more Plaintiffs lack capacity and/or standing to bring such claims.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

159.   To the extent that Plaintiffs assert claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiffs to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

160.   Merck demands a trial by jury of all issues.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

161.   Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

162.   Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana. Merck hereby reserves the right to amend its answer to assert any such defense.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

163.    To the extent that Plaintiffs and/or Decedents' representatives seek relief for any cause of action other than wrongful death, those claims are barred because Virginia's wrongful death statute provides the sole remedy.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

164.    Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative negligence.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

165.    Merck seeks attorney's fees pursuant to Conn. Gen. Stat. § 52-240a.

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

166.    Plaintiffs' claims under the Connecticut Unfair Trade Practices Act are precluded by the exclusivity provision contained in Conn. Gen. Stat. § 52-572n (a) of the Connecticut Products Liability Act, § 52-572m, et. seq.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

167.    To the extent that Plaintiffs seek punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights and are not permitted by Montana law.

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

168.    Merck's advertisements and labeling with respect to the product that is the subject matter of this action were not false or misleading and, therefore, constitute protected

commercial speech under the applicable provisions of the United States and Montana Constitution.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

169.    The Plaintiffs are not entitled to recover exemplary or punitive damages because such damages, under New Hampshire law, must be expressly authorized by statute. N.H. Rev. Stat. § 507:16.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

170.    Any warnings that Merck gave were transmitted to the prescribing physicians and/or health care providers, and under New Hampshire law Merck's obligation is to warn only the prescribing physician and/or health care providers and said obligation was fulfilled.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.      That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' Complaint with prejudice against Merck with costs assessed to Plaintiffs;

2.      Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.      Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated: August __11__, 2006

Respectfully submitted,

_Melissa V. Beaugh_

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Melissa V. Beaugh, 28250
        Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
        Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of

Electronic Filing in accordance with the procedures established in MDL No. 1657, on this 11

day of August, 2006.

_Melissa V. Beaugh_