UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY | * | SECTION L |
| LITIGATION | * | |
| | * | JUDGE FALLON |
| This document relates to: | * | |
| | * | MAGISTRATE |
| Sylvia Castillo v. Merck & Co., Inc., No. | * | JUDGE KNOWLES |
| 05-2380, And Only Regarding Lorenzo | * | |
| Ortiz; Rosa Ortiz; Virginia Rodriguez; | * | |
| and Regino Urias. | * | |
| | * | |
| Nettie Patterson v. Merck & Co., Inc., | * | |
| No. 05-2378 | * | |
| | * | |
| Katie Smith v. Merck & Co., Inc., | * | |
| No. 05-2371 | * | |
| | * | |
| Brenda Green Watkins v. Merck & Co., | * | |
| Inc., No. 05-2373, And Only Regarding | * | |
| Euialia Martinez, Martha Martinez, | * | |
| Wesley Mayo, and Imogene Washington. | * | |
| | * | |
| | * | |
| * * * * * * * * * * * * * * * * * | * | |

**DEFENDANT MERCK & CO., INC.'S RULE AND INCORPORATED
MEMORANDUM TO SHOW CAUSE WHY CASES SHOULD NOT BE DISMISSED
WITH PREJUDICE FOR FAILURE TO PROVIDE ANY RESPONSE TO THE
<u>PLAINTIFF PROFILE FORM AS REQUIRED BY PRE-TRIAL ORDER NO. 18C</u>**

NOW INTO COURT, Defendant Merck & Co., Inc. ("Merck"), through its

undersigned counsel, moves the Court for entry of an Order requiring plaintiffs in the cases

captioned above to show cause why their individual claims should not be dismissed with

prejudice for failure to provide any response to the Plaintiff Profile Form ("PPF") as required by

Formatted: Font: 7 pt

823930v.1

Pre-Trial Order No. 18C ("PTO 18C" or "the Order"). A full list of these cases and the corresponding plaintiffs is included in Exhibit A of this Memorandum. As more fully set forth below in the accompanying memorandum and exhibits, plaintiffs in these cases have failed, after repeated warnings, to furnish a PPF as required by PTO 18C.

## BACKGROUND

On June 23, 2006, the Court entered PTO 18C.[1] PTO 18C governs, among other things, the service and production requirements for PPFs and PPF-related documents. (PTO 18C ¶ 1.) PTO 18C directs plaintiffs to produce "verified PPFs, signed and dated Authorizations, and all responsive documents" by specific deadlines. (*Id.* ¶ 2.) The Order provides only one 20-day extension of time if a plaintiff fails to provide a fully responsive PPF. (*Id.* ¶ 4.) It also mandates that "No other extensions will be granted." (*Id.*)

Pursuant to Paragraph 4 of the Order, Merck notified plaintiffs' counsel, Houssiere Durant & Houssiere, LLP ("Houssiere Durant"), that each of the above plaintiffs had failed to serve a complete and verified PPF by the applicable deadline. Merck also provided each delinquent plaintiff with an additional twenty days to provide a PPF pursuant to PTO 18C. (*See* Ex A. & Exs. B-K.) After receiving no response within the additional twenty days, Merck again notified Houssiere Durant that these plaintiffs were in violation of PTO 18C and provided an additional ten days, on top of the twenty days already given, to respond. (*See* Exs. L-U.) The attached chart, Exhibit A, lists the names, case captions, and docket numbers of the ten above-referenced plaintiffs who have failed to submit a PPF after repeated warnings, plus the original PPF due date and the dates of the 20 day and 10 day extensions.

---

[1] PTO 18C supersedes PTO 18, entered on August 4, 2005, PTO 18A, entered on August 16, 2005, and PTO 18B, entered on September 14, 2005.

**Formatted:** Font: 7 pt

823930v.1823930v.1

Almost three months have now elapsed since Merck's last warning letters and plaintiffs have neither produced a PPF nor responded in any fashion. Indeed, more than *five* months have now passed since these PPFs were originally due. Accordingly, Merck now moves, pursuant to Federal Rules of Civil Procedure 16(f), 37(b)(2)(c), and 41(b), to dismiss the claims of the plaintiffs listed above because they have failed to comply with PTO 18C.

## ARGUMENT

This Court should dismiss each of plaintiffs' claims with prejudice, pursuant to Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b) because plaintiffs have failed to comply with PTO 18C and because they have stonewalled discovery by failing to provide a PPF, authorizations for release of records, and other responsive documents. The language of PTO 18C is mandatory:

> Plaintiffs in all cardiovascular event cases *shall* each complete and serve upon Merck a PPF and Authorizations for Release of Records of all healthcare providers and other sources of information and records (e.g., pharmacies, employers, etc.) in the form set forth in Attachment A. Those plaintiffs *shall* also produce with their PPF all documents responsive to the document requests contained therein.

(PTO 18C ¶ 1) (emphasis added). Furthermore, Paragraph 2 of the Order provides that "complete and verified PPFs, signed and dated Authorizations, and all responsive documents *shall* be produced on the following schedule . . . ." (PTO 18C ¶ 2) (emphasis added). Each of the above-referenced plaintiffs has failed to comply with PTO 18C.

It is difficult to conceive of any behavior less in accordance with the Court's Order than plaintiffs' flouting the Order by providing no response at all. *See Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (affirming District Court's dismissal of plaintiff's complaint for plaintiff's failure to timely respond to interrogatories). Accordingly, Rules 16(f), 37(b)(2)(c), and 41(b) contemplate the dismissal of a party's claims as an appropriate sanction for failing to comply with a court order. *McLeod, Alexander, Powel &*

**Formatted:** Font: 7 pt

823930v.1823930v.1

3

*Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1486 (5th Cir. 1990) (citation omitted)*; see also* Fed. R.

Civ. P. 16(f), 37(b)(2)(c), and 41(b).  Here, plaintiffs have failed to produce court-ordered

discovery in violation of PTO 18C, and, therefore, their actions should be dismissed.

Likewise, in *Acuna v. Brown & Root, Inc.*, 200 F.3d 335 (5th Cir. 2000), *cert.*

*denied*, 530 U.S. 1229, the Fifth Circuit Court of Appeals recognized the District Court's power

to dismiss cases for a plaintiff's failure to provide basic information about their claims.  The

Court noted that in so-called "mass tort" cases, plaintiffs may be required to provide basic

information about their claims by way of pretrial order:

> The scheduling orders issued below essentially required that
> information which plaintiffs should have had before filing their
> claims pursuant to Fed. R. Civ.P. 11(b)(3).  Each plaintiff should
> have had at least some information regarding the nature of his
> injuries, the circumstances under which he could have been
> exposed to harmful substances, and the basis for believing that the
> named defendants were responsible for his injuries.

*Id.* at 340.  The Fifth Circuit therefore affirmed the District Court's dismissal of the claims of

1,600 plaintiffs for their failure to provide this basic information.

> The affidavits supplied by the plaintiffs did not provide this
> information.  The district court did not commit clear error or an
> abuse of discretion in refusing to allow discovery to proceed
> without better definition of plaintiffs' claims.

*Id.* at 340-41.  In the present case, plaintiffs have failed to provide *any* information regarding

their claims.  Thus, as in *Acuna*, it is respectfully submitted that this Court should dismiss

plaintiffs' claims for failing to comply with the Court's pretrial order regarding initial discovery.

In addition to the specified plaintiffs' failure to comply with this Court's orders,

their claims should also be dismissed for the resulting harm that their silence causes Defendant.

*See Hickman v. Fox Television Station Inc.*, 231 F.R.D. 248, 253 (S.D. Tex. 2005).  The PPF

provides Merck with basic information necessary to defend these cases.  Without a complete and

**Formatted:** Font: 7 pt

823930v.1823930v.1

4

verified PPF, Merck lacks critical information about the background of the plaintiff, his or her use of Vioxx, the injuries alleged, health care providers who rendered care, and other information needed to defend itself against the claims alleged.  Further, as time passes without a timely PPF, Merck is prejudiced as memories fade, medical records are destroyed or misplaced, and witnesses cannot be found or die.

        Moreover, plaintiffs cannot demonstrate that their failure to comply was due to inadvertence or an honest misunderstanding and, therefore, their cases should be dismissed with prejudice.  Not only did PTO 18C require the plaintiffs to serve on Merck a PPF, authorizations for Release of Records, and responsive documents by a specified date, but it also cautioned them that they could get one twenty day extension but no other extensions.  Merck provided each of plaintiffs with a 20-day extension and also, even though not required, an additional 10-day extension.  Several months have gone by since then and still plaintiffs have not complied.  It is especially appropriate to dismiss actions with prejudice for failure to produce a PPF where plaintiffs, such as here, have already received express warnings that such violations would result in dismissal.  In *In re Propulsid Prod. Liab. Litig.*, MDL 1355, this Court dismissed various plaintiffs' claims with prejudice for failing to comply with the applicable deadlines for providing profile forms in that proceeding.  2003 WL 22383576, at *1 (E.D. La. Oct. 16, 2003) (dismissing with prejudice plaintiffs' actions for failing to furnish timely their PPFs in violation of the Court's pretrial order).  Here, Merck has notified each of the plaintiffs twice that it intends to seek the dismissal of a plaintiff's claims if that plaintiff fails to provide a timely PPF under PTO 18C.  Likewise, the Court has not only noted its intention to dismiss such cases, but it has already dismissed a case for failing to comply with PTO 18C.  (Ct. Order 3/27/06; Tr. 1/3/06

**Formatted:** Font: 7 pt

823930v.1823930v.1

5

Status Conference at 25-26.)  Accordingly, this Court should dismiss with prejudice the claims of the ten plaintiffs listed above.

Finally, by failing to provide a PPF, plaintiffs are postponing the litigation and consequently encouraging other plaintiffs to do the same.  The Supreme Court has held that deterrence is one important purpose of Rule 37 sanctions:

> [A]s in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.

*Nat'l Hockey League*, 427 U.S. at 643.  In light of plaintiffs' total disregard for the mandatory requirements of PTO 18C, Merck respectfully urges the Court to enforce the order as written and dismiss plaintiffs' cases with prejudice.

## CONCLUSION

For the foregoing reason, Defendant respectfully asks the Court to order Houssiere Durant to appear before this Court and show cause why these Plaintiffs' claims should not be dismissed with prejudice for failure to provide any response to the PPF as required by PTO 18C.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

**Formatted:** Font: 7 pt

823930v.1823930v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Rule to Show Cause and Incorporated Memorandum has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 14th day of August, 2006.

                    /s/ Dorothy H. Wimberly
                    Dorothy H. Wimberly, 18509
                    STONE PIGMAN WALTHER
                    WITTMANN L.L.C.
                    546 Carondelet Street
                    New Orleans, Louisiana  70130
                    Phone:  504-581-3200
                    Fax:      504-581-3361
                    dwimberly@stonepigman.com

                    Defendants' Liaison Counsel

**Formatted:** Font: 7 pt

823930v.1823930v.1

7