UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 2:05-CV-04379 | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| ROBERT G. SMITH, | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**OPPOSITION OF MERCK & CO. INC. ("MERCK") TO PLAINTIFF'S MOTION IN *LIMINE* TO EXCLUDE OR, IN THE ALTERNATIVE, MOTION IN *LIMINE* CONCERNING DEFENDANT'S ARGUMENT THAT IT WAS PROHIBITED BY FDA REGULATIONS FROM MAKING LABEL CHANGES WITHOUT PRIOR APPROVAL**

**(MOTION IN *LIMINE* NO. 4)**

Because plaintiff began taking Vioxx® six months after the VIGOR results were

incorporated into Merck's FDA-approved Vioxx label in April 2002, the sufficiency of the

Vioxx label before April 2002 is irrelevant to this case.[1]  Plaintiff nonetheless seeks to exclude

any argument or testimony from Merck that it could not have revised the Vioxx label – *prior to*

*April 2002 and without FDA approval* – to add the VIGOR data.  Plaintiff's argument that

"Merck was permitted to add a warning for cardiovascular risks to the Vioxx label at any time

after the so-called VIGOR study was completed without advance approval by the FDA" is a red

herring, given the facts of this case.  Neither the adequacy of prior Vioxx labels nor the issues

leading up to adoption of the April 2002 label are relevant in this post-label change case.  In any

event, plaintiff's argument is contrary to FDA regulations, the FDA's statements about its

regulations, and the relevant case law, as explained in prior briefing.  Plaintiff's motion should

therefore be denied.

I.     **WHETHER MERCK COULD HAVE UNILATERALLY ADDED THE VIGOR DATA TO THE VIOXX LABEL BEFORE APRIL 2002 IS IRRELEVANT IN THIS POST-LABEL CHANGE CASE.**

Unlike the other Vioxx cases that have been tried, in this case plaintiff did not start taking

Vioxx until October 2002, six months *after* the VIGOR data was incorporated into Merck's

FDA-approved label for Vioxx.  As the Court knows, Merck received the unblinded VIGOR data

in March 2000 and filed a supplemental application to change the Vioxx label in June 2000.  The

FDA denied Merck's request for expedited review.  Thereafter, the FDA spent approximately

two years reviewing the data from other Vioxx studies to determine the significance of VIGOR

and discussing the significance of VIGOR with Merck.  *See* FDA website, "Sequence of Events

with VIOXX, since opening of IND",  at http://www.fda.gov/ohrms/dockets/ac/05/briefing/2005-

4090B1_04_E-FDA-TAB-C.htm (last accessed August 14, 2006).

---

[1] (*See* Merck's Motion to Exclude Testimony or Argument that Merck (1) Should or Could Have Unilaterally Changed the Vioxx Label to Include the VIGOR Data; or (2) "Dragged Its Feet" to Prevent the VIGOR Data from Being Added to the Vioxx Label (Motion in *Limine* No. 2), filed August 7, 2006 (Record Docket No. 6122).)

2

In April 2002, after nearly two years of discussion and analysis of the data, the FDA approved a label that added information about the possible cardiovascular risk associated with Vioxx. *Id.* Because plaintiff did not begin taking Vioxx until October 2002, six months *after* the FDA-approved label was in circulation, the only label at issue in this case is the label that already incorporated the VIGOR data. Therefore, plaintiff's argument that "Merck was permitted to add a warning for cardiovascular risks to the Vioxx label *at any time after the so-called VIGOR* study was completed without advance approval by the FDA" is wholly irrelevant to this case and no testimony should be permitted. (Pl.'s Mot. in *Limine* No. 4 at 6 (emphasis in original); *see* Merck's Motion in *Limine* No. 2.)

## II.   REGARDLESS, PLAINTIFF'S ARGUMENT THAT A PHARMACEUTICAL COMPANY CAN ALWAYS MAKE LABEL CHANGES WITHOUT FDA APPROVAL MISSTATES THE LAW.

As discussed above, plaintiff's motion should be denied on relevance grounds because this is a post-label change case. Regardless, there is no other reason why this Court should approach this issue differently than it did in *Plunkett* and *Barnett* where each time it denied plaintiff's motion. This Court has previously denied this motion because plaintiff's argument that "regulations explicitly permit a manufacturer unilaterally to strengthen a warning label *at any time* without regulatory approval" is wrong. (*See* Pl.'s Mot. at 3 (emphasis in original).) There is no basis for the Court to alter its prior rulings, particularly where as here the issue is not even implicated. To the extent the issue has any relevance, Merck incorporates by reference the arguments raised in its Opposition to Plaintiff's Motion in *Limine* to Preclude Merck from Arguing that FDA Regulations Prohibited the Company from Making Label Changes without Prior Agency Approval, filed June 19, 2006 (Record Docket No. 5329), and its Opposition to Plaintiff's Motion in *Limine* to Preclude Any Testimony or Discussion by Defendant that it

3

Could not have Amended the Vioxx Label or Issued Strengthened Warnings without Prior FDA Approval, filed November 11, 2005 (Record Docket No. 1437). The discussion in this prior briefing demonstrates that plaintiff's arguments are flatly inconsistent with the FDA's interpretation of its own regulations and the governing case law.[2]

## IV.   CONCLUSION.

For the reasons stated above, Merck respectfully requests that the Court deny plaintiff's request to preclude Merck from arguing that FDA regulations prohibited the company from making label changes without prior approval.

Dated:  August 14, 2006

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361

Defendants' Liaison Counsel

---

[2] The cases plaintiff cites here do not support a sweeping rule that safety information always may be added to a label without the permission of the FDA. Most of the cases address whether the plaintiffs' claims should be preempted or otherwise decided as a matter of law. *See Witczak v. Pfizer, Inc.*, 377 F. Supp. 2d 726 (D.Minn. 2005) (deciding preemption issue); *Cartwright v. Pfizer*, 369 F. Supp. 2d 876 (E.D. Tex. 2005) (same); *Madden v. Wyeth*, 2005 WL 2278081 (N.D. Tex. Sept. 14, 2005) (denying defendant's motion for summary judgment). In none of the cases was the court asked to preclude a company from presenting evidence of whether FDA regulations prohibited it from unilaterally changing its label. *See id.; Ohler v. Purdue Pharma, L.P.*, 2002 WL 88945 (E.D. La. Jan. 22, 2002). The court decisions cited by plaintiff, which analyze either whether entire claims are preempted or whether, in the specific facts of that case, a party could have changed the label without FDA approval do not stand for the proposition that a prescription drug manufacturer can always unilaterally modify the label of its drug product.

4

823974v.1

Philip S. Beck
Andrew Goldman
Carrie A. Jablonski
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:      312-494-4440

Richard B. Goetz
Ashley A. Harrington
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:      213-430-6407

And

Douglas R. Marvin
Robert A. Van Kirk
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:      202-434-5029


Attorneys for Merck & Co., Inc.

5

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Opposition of Merck to Plaintiff's Motion in *Limine* to Exclude or, in the Alternative, Motion in *Limine* Concerning Defendant's Argument that it was Prohibited by FDA Regulations from Making Label Changes Without Prior Approval has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 14th day of August, 2006.

/s/ *Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

6