UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| In re: VIOXX PRODUCTS LIABILITY LITIGATION | MDL No. 1657 |
|---|---|
| | Section L |
| | Judge Eldon E. Fallon |
| | Magistrate Judge Daniel E. Knowles, III |

**THIS DOCUMENT RELATES TO:**
*Robert G. Smith v. Merck & Co., Inc.*, Case No. 2:05-CV-04379

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE COMMUNICATIONS BETWEEN MERCK AND THE FDA ABOUT THE POTENTIAL REINTRODUCTION OF VIOXX TO THE MARKET AND FOR ANY PROPOSED BLACK BOX WARNING**

(Plaintiff's Opposition to Motion in Limine No. 1)

Plaintiff R. Gary Smith, hereby urges the Court to deny Merck's motion seeking to exclude communications between Merck and the FDA about the potential reintroduction of Vioxx to the market and for any proposed black box warning as a subsequent remedial measure.

**INTRODUCTION**

In February 2005, the FDA held an Advisory Committee meeting to discuss COX-2 inhibitors. The conclusions of the Advisory Committee were memorialized in the FDA's April 6, 2005 Memorandum, which is the subject of a motion *in limine*. In prior trials, Merck has relied heavily on the April 6th FDA Memo. In that memo, the FDA recommended that "the professional labeling (package insert) for all prescription NSAIDs, including both COX-2 selective and non-selective drugs, be revised to include a boxed warning highlighting the potential increased risk of CV events." *See* FDA Memo at 13-14, attached to

1

Defendant'sMotion as Exhibit "A".  In response to the Advisory Committee's finding, Merck prepared and presented a "Type A Meeting Background Package" (Pl.'s Ex. 1.1031, 1.1220) that it now seeks to exclude.  In these documents, Merck offered that "[a] black box is proposed to convey the results of the APPROVe study" and proposed the following labeling language to the FDA: "Use of selective COX-2 inhibitors has been associated with an increased risk of serious cardiovascular thrombotic events."   *See* Pl.'s Ex. 1.1031 at MRK-18940096278 and MRK-18940096282 .

## DISCUSSION

### 1. Evidence is Not Excludable as a Subsequent Remedial Measure

Merck seeks to exclude these documents as a subsequent remedial measure under FED. R. EVID. 407.[1]  The Court should deny Merck's motion because the documents it seeks to exclude do not represent a subsequent remedial measure. It is undisputed that the Merck withdrew the drug from the market in 2004.  By Merck's own admission, the evidence Merck seeks to exclude is not a remedial measure, but rather a *proposal* to the FDA in an attempt to reintroduce Vioxx to the market.  *See* Defendant's Motion at p. 3.

Rule 407 provides

> When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

---

[1] The Court should note that, in any event, Kentucky Rule of Evidence 407 "does not require the exclusion of evidence of subsequent measures in products liability cases" such as the case at bar.

2

The rule is based on the theory of "encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety." Advisory Committee Note, FED. R. EVID. 407. Rule 407 is intended to apply in situations in which subsequent remedial measures were actually taken. In this case, there has been no remedial measure, but rather a proposal to the FDA in an attempt to reintroduce Vioxx to the market. Under these circumstances, the documents are not excludable as a subsequent remedial measure.

Alternatively, two exceptions exist – feasibility and impeachment. Merck claims that Plaintiff must show a safer alternative design in order to prove his defective design theory. Though Merck's statement of Kentucky law is wrong, if required to make such a showing, the documents are admissible to show that an adequate and full warning of Vioxx's cardiovascular risks was feasible. Finally, the documents are also admissible for impeachment purposes under FED. R. EVID. 407.

### 2. Evidence is Relevant under Federal Rule of Evidence 403

Evidence of Merck's communications with the FDA should not be excluded under Federal Rule of Evidence 403. Merck contends that the probative value of this evidence is outweighed by its prejudicial nature. As the court in *National Railroad Passenger Corp. (Amtrak) v. Transwood Inc.,* 2001 W.L. 986868 (E.D. LA August 27, 2001), explained: "The Fifth Circuit has explained that all probative evidence is by its very nature prejudicial." See *United States v. Bermea,* 30 F.3rd 1539, 1562 (5th Cir. 1994). As a result, evidence "should be excluded 'sparingly' and only in those circumstances where the prejudicial effect substantially outweighs the probative value." *United States v. Powers,* 168 F.3rd 741, 749 (5th Cir. 1999); *United States v. Leahy,* 82 F.3rd 634, 637 (5th Cir. 1996).

The issue in this motion is whether evidence of the Merck's communications with the FDA regarding a warning label is substantially outweighed by the damage of unfair prejudice or confusion. Federal Rule of Evidence 403 "does not exclude evidence because it is strongly persuasive or compellingly relevant...The truth may hurt, but Rule 403 does not make it inadmissible on that account." *In re: Air Crash Disaster,* 86 F3d 498, 538 (6th Cir. 1996).

While Merck argues that the information was not available to it at the time Mr. Smith took Vioxx, the issue of how much information Merck had and the type of warning it should have issued are contested factual matters in this case. Plaintiff contends that Merck had enough information for years to issue the type of strong warning that ultimately it was later forced to recognize was appropriate. It is for the jury to decide whether Merck did or did not have sufficient information to issue a stronger warning, but this evidence tends to support Plaintiff's claim and is therefore admissible.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Merck's Motion to exclude communications between Merck and the FDA about the potential reintroduction of Vioxx to the market and for any proposed black box warning.

Dated: August 14, 2006

                                                      Respectfully submitted,

| | |
|---|---|
| Drew Ranier | /s/ Grant Kaiser |
| Louisiana Bar No. 8320 | Grant Kaiser |
| **RANIER, GAYLE & ELLIOT LLC** | Texas Bar No. 11078900 |
| 1419 Ryan Street | **THE KAISER FIRM LLP** |
| Lake Charles, Louisiana 70601 | 8441 Gulf Freeway, Suite 600 |
| (337) 494-7171; fax (337) 494-7218 | Houston, Texas 77017 |
| | (713) 223-0000; fax (713) 223-0440 |

Walter Umphrey
Texas Bar No. 20380000
**PROVOST UMPHREY LAW FIRM LLP**
490 Park Street
Beaumont, Texas 77701
(409) 835-6000; fax (409) 838-8888

James L. "Larry" Wright
Texas Bar No. 22038500
**THE WATTS LAW FIRM LLP**
111 Congress Avenue, Suite 1010
Austin, Texas 78701
(512) 479-0500; fax (512) 473-0328

Mikal Watts
Texas Bar No. 20981820
**THE WATTS LAW FIRM LLP**
Tower II Building, 14th Floor
555 North Carancahua Street
Corpus Christi, Texas 78478
(361) 887-0500; fax (361) 887-0055

John Eddie Williams, Jr.
Texas Bar No. 21600300
Jim Doyle
Texas Bar No.6094450
**WILLIAMS BAILEY LAW FIRM LLP**
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
(713) 230-2200; fax (713) 643-6226

ATTORNEYS FOR PLAINTIFF ROBERT G. SMITH

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing document has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 14th day of August, 2006.

/s/ Grant Kaiser
Grant Kaiser
**THE KAISER FIRM LLP**
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
(713) 230-0000; fax (713) 230-0440
gkaiser@thekaiserfirm.com

cc    By email only:

Robert Van Kirk          rvankirk@wc.com
**Williams & Connolly LLP**
725 Twelfth Street Northwest
Washington, D.C.  20005
(202) 434-5000; fax (202) 434-5029

Carrie A. Jablonski         carrie.jablonski@bartlit-beck.com
**Bartlit, Beck, Herman, Palenchar & Scott LLP**
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
(312) 494-4400; fax (312) 494-4440