IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br><br>**PRODUCTS LIABILITY LITIGATION**<br><br>This document relates to<br>Case No. 2:05-CV-04379<br><br>**ROBERT G. SMITH,**<br><br>     Plaintiff,<br><br>v.<br><br>**MERCK & CO., INC.,**<br><br>     Defendant. | MDL DOCKET NO. 1657<br>SECTION L<br><br>JUDGE FALLON<br><br>MAGISTRATE JUDGE KNOWLES<br><br>**<u>MERCK'S OBJECTIONS AND COUNTER<br>DESIGNATIONS TO PLAINTIFF'S<br>AFFIRMATIVE DESIGNATIONS FOR CASE<br>SPECIFIC WITNESSES:<br>DR. MICHAEL GREFER AND<br>DR. DANIEL COURTADE</u>** |

TO: Drew Ranier
   Ranier Gayle & Elliot L.L.C.
   1419 Ryan St.
   P.O. Box 1890
   Lake Charles, LA 70602-1890

   Grant Kaiser
   The Kaiser Firm LLP
   8441 Gulf Freeway
   Houston, TX 77017-5051

Merck hereby serves its Objections and Counter-Designations to plaintiff's affirmative designations for the only two case-specific depositions in *Smith*: Dr. Michael Grefer (plaintiff's prescribing physician), and Dr. Daniel Courtade (plaintiff's cardiologist). Merck has also highlighted specific categories of objections concerning designations for Dr. Grefer that warrant special consideration.

I.  **DR. MICHAEL GREFER**

Dr. Michael Grefer is an orthopedic surgeon who saw Mr. Smith for a knee injury starting in the fall of 2002. He prescribed Vioxx to Mr. Smith on one occasion in October 2002 (one 30 day prescription, with one refill). This was Mr. Smith's first Vioxx prescription. Mr. Smith's only other Vioxx prescription was written by Dr. Grefer's partner, Dr. Forest Heis, in December 2002.

Merck calls the Court's attention to four specific categories of Merck's objections to plaintiff's affirmative designations:

1.  **Questions about Merck internal Merck documents.**

During the deposition, plaintiff's counsel showed Dr. Grefer several internal Merck documents that Dr. Grefer had never seen before and of which he had no personal knowledge. (*See, e.g.*, Deposition of Michael A. Grefer ("Grefer Dep.") at 54:4-15; 60:8 - 61:5; 64:14-21; 88:9 - 89:1; 91:21 - 92:12; 92:25 - 93:8; 131:13 - 132:11.) For example:

| | |
|---|---|
| Q. If the Merck representatives had shown you this [internal Merck] document and explained to you that the first line is all patients, a comparison of all patients for various different studies, and that it showed a relative risk of more than two for myocardial infarctions in the Vioxx group over the other NSAIDs group, first of all, do you think that would have stuck in your mind if they had ever told you that there was a doubling of the risk for Vioxx users over other NSAIDs?<br><br>[Objection omitted]<br><br>A. Yes.<br><br>Q. Would or would not that information, a doubling of the risk for Vioxx users over other NSAID users, have stuck in your mind if the Merck representatives had ever brought it to your attention?<br><br>[Objection omitted]<br><br>A. Yes, probably. | (*Id.* at 91:21 - 92:12.) |
| Q. Doctor, if information had been brought to your attention before October of 2002 that Vioxx increased the risk of myocardial infarction | (*Id.* at 92:25 - 93:8.) |

2

| | |
|---|---|
| or other cardiovascular events in patients like Garry Smith, would you or would you not have prescribed Vioxx to him in October of 2002?<br><br>[Objection omitted]<br><br>A.    Probably not. | |

Such testimony is objectionable and should be excluded as this Court has previously done. In *Barnett*, this Court sustained Merck's objections to the use of documents where a witness had no personal knowledge regarding the document's subject matter. (*See, e.g.*, Rulings on Mikola Dep. Objections at 40 (determining that where the "witness has never seen [the] document, [the document] was not from him or to him, [and he] knows nothing about it, [the witness] can't testify about it"). As in *Barnett*, testimony about documents that Dr. Grefer had never previously seen should be excluded because the witness it lacks foundation and personal knowledge.

2.     **Hypothetical questions calling for speculation.**

Plaintiff's counsel also posed numerous improper "what if" questions to Dr. Grefer, where he was asked to speculate about whether he would have behaved differently based on certain hypothetical facts (*See, e.g.*,56:23 -58:11; 64:14-21; 90:6-12; 91:21-92:12.). For example:

| | |
|---|---|
| Q.    If you had known that the FDA in this warning letter and Merck's own -- some of Merck's own consultants and scientists had concerns about Merck sales representatives telling physicians like you that the cardiovascular risks shown in the VIGOR article for Vioxx as opposed to naproxen could not -- that there was no sound science or not enough sound science to support sales representatives making those kind of representations to you, if you had known that information, would that likely have affected your decision to prescribe Vioxx in patients like Garry Smith who had no prior known reaction to other NSAIDs and shifting him to Vioxx in the face of the VIGOR article with those concerns that I just mentioned?<br><br>[Objection omitted]<br><br>A.    If I'd have known what you just said, I would not have prescribed that for -- for Garry. | (*Id.* at 60:8 - 61:5.) |

3

Such questioning is objectionable on numerous grounds and should be excluded as this Court has previously done. In *Barnett* this Court sustained Merck's objections to "what if" questions that called for speculation. (*See, e.g.*, Rulings on McCaffrey Dep. Objections at 175 (sustaining objections based on speculation where "Counsel ask[ed] Dr. McCaffrey what he would have done had something that never occurred . . . actually occurred"). As in *Barnett*, the questions here about whether Dr. Grefer would have behaved differently if he had been aware of certain facts or the contents of certain documents call for speculation based on incomplete hypotheticals. Counsel cannot ask *fact* witnesses such as Dr. Grefer to draw conclusions from hypothetical factual premises and, therefore, such testimony should be excluded. *See, e.g., United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005) ("the ability to answer hypothetical questions is 'the essential difference' between expert and lay witnesses"); *United States v. Ranney*, 719 F.2d 1183, 1189 n.11 (1st Cir. 1983), (citing 2 J. Wigmore, EVIDENCE §§ 672-686 (J. Chadbourn rev. 1979) (principles underlying hypothetical question doctrine are embodied in the Federal Rules of Evidence (citing FED. R. EVID. 602, 701, 703)).

3.  **Leading Questions.**

Dr. Grefer, plaintiff's prescribing physician, is not a hostile witness to the plaintiff. Plaintiff's counsel had *ex parte* communications with Dr. Grefer prior to his deposition. Leading questions by plaintiff's counsel are impermissible under these circumstances. Despite timely objections from Merck's counsel, plaintiff asked numerous leading questions throughout the deposition. (*See, e.g.*, Grefer Dep. at 21:2-11; 25:12-15; 37:24 - 38:2; 39:24 - 40:14; 54:4-15; 63:3-6; 65:17 - 66:1; 84:25 - 85:4; 86:7-15; 86:16-23; 86:24 - 87:7; 88:9 - 89:1; 89:2-5; 91: 21 - 92:12; 92:25 - 93:8; 128:5-24; 129:16-23; 131:13 - 132:11.) These questions and the answers they elicited (noted in the specific objections below), should be excluded, consistent with the

Court's rulings in *Barnett*.

4.  **Counsel-Compiled Exhibit.**

During Dr. Grefer's deposition plaintiff's counsel introduced Plaintiff's Exhibit 2 that it originally titled "Rep Contacts in Date Order" and posed numerous questions to Dr. Grefer based on this document. (*See* first entry in chart below). This document was not created by Merck or its sales representatives in the normal course of business; rather, it was compiled by plaintiff's counsel based on information it collected from various sources. Dr. Grefer's testimony concerning this counsel-created document should be excluded because it is based on impermissible hearsay, and Dr. Grefer lacks personal knowledge to testify about this document since he had never seen it before.

* * *

Below are Merck's specific objections to the plaintiff's designations, as well as Merck's counter-designations to Plaintiff's designations for Dr. Grefer.

**OBJECTIONS:**

| PLAINTIFF'S AFFIRMATIVES (for which Merck has objections) | OBJECTIONS |
|---|---|
| 15:24 – 16:23; 18:1 – 18:5; 18:19 – 19:10; 19:15 – 19:16; 19:23 – 20:14; 21:2 – 21:11; 21:25 – 23:8; 23:11 – 24:4; 24:9 – 24:23; 25:12 – 25:15; 25:16 – 26:11; 35:15 – 37:20; 37:24 – 38:2 | Mischaracterizes the document as a Merck document, which it is not; hearsay (802); foundation (Plaintiff's Exhibit 2) |
| 19:15 – 19:16 | Speculation; lacks foundation; hearsay |
| 21:2 – 21:11 | Leading (611) |
| 21:25 – 23:8 | Hearsay (802); foundation; counsel testifying; leading |
| 25:12 – 25:15 | Leading |
| 35:15 – 37:20 | Hearsay (802); leading; foundation |
| 37:21 – 37:23 | Hearsay; leading; witness speculating; foundation |
| 37:24 – 38:2 | Leading |
| 39:8 – 39:23 | Mischaracterizes prior testimony; counsel testifying; leading |

5

| PLAINTIFF'S AFFIRMATIVES (for which Merck has objections) | OBJECTIONS |
|---|---|
| 39:24 – 40:14 | Leading (611); witness speculating |
| 41:22 – 42:21 | Hearsay; foundation |
| 49:24 – 50:17 | Improper question; multiple questions; leading |
| 53:17 – 53:18 | Assumes facts not in evidence; hearsay |
| 53:21 – 53:22 | Counsel sidebar |
| 54:4 – 54:15 | Leading (611); lack of foundation (602); speculation; assumes facts not in evidence; incomplete hypothetical |
| 56:2 – 56:12 | Mischaracterizes prior testimony; mischaracterizes the evidence; lack of foundation (602) |
| 56:16 – 58:11 | The document is irrelevant to any specific issue to be addressed by the witness; no personal knowledge of the document by the witness (602); lack of foundation (602); hearsay (802) |
| 60:8 – 61:5 | Mischaracterizes facts, documents and evidence; assumes facts not in evidence; speculation; improper question/hypothetical that includes inaccurate assumptions |
| 63:23 – 64:5 | Assumes facts not in evidence; leading |
| 64:6 – 64:13 | Leading; vague (403); assumes facts not in evidence; incomplete hypothetical; cherry-picks conclusions |
| 64:14 – 64:21 | Lack of foundation (602); speculation; leading |
| 65:17 – 66:1 | Leading; assumes facts not in evidence |
| 84:13 – 84:15 | Sidebar comment prior to question |
| 84:25 – 85:4 | Leading |
| 85:21 – 86:6 | Leading; assumes facts not in evidence; vague and misleading (403); cherry-picks conclusions |
| 86:7 – 86:15 | Leading; lack of foundation (602; 403); misleading; cherry-picks conclusions |
| 86:16 – 86:23 | Leading; lack of foundation (602; 403); misleading; cherry-picks conclusions |
| 86:24 – 87:7 | Leading; lack of foundation (602; 403); misleading; cherry-picks conclusions |
| 88:9 – 89:1 | Leading; lack of foundation (602); calls for speculation; incomplete hypothetical |
| 89:2 – 89:5 | Leading; incomplete hypothetical |
| 89:9-18 | Vague, leading and based on an incomplete hypothetical (see previous Q&A) |
| 90:6 – 90:12 | Improper designation of question without an answer; lack of foundation and no personal |

| PLAINTIFF'S AFFIRMATIVES (for which Merck has objections) | OBJECTIONS |
|---|---|
| | knowledge by witness of document (602) |
| 90:21 – 91:2 | Lack of foundation; no personal knowledge |
| 91:21 – 92:12 | Leading; assumes facts not in evidence; incomplete hypothetical; calls for speculation |
| 92:13 – 92:24 | Lack of foundation (602); leading |
| 92:25 – 93:8 | Leading; lack of foundation (602; 403); Q/A comes after a series of misleading and speculative questions; and questions re: Merck internal documents |
| 93:21 – 93:23 | Sidebar |
| 128:5 – 128:24 | Leading |
| 129:16 – 129:23 | Leading; multifarious question |
| 131:13 – 132:11 | Leading; lack of foundation (602); calls for speculation |

**COUNTERS:**

**From Dr. Grefer's 6-29-06 and 7-27-06 trial deposition**

| START PAGE | LINE | END PAGE | LINE |
|---|---|---|---|
| 8 | 19 | 8 | 23 |
| 9 | 9 | 9 | 20 |
| 42 | 22 | 43 | 10 |
| 58 | 12 | 59 | 14 |
| 61 | 6 | 61 | 22 |
| 61 | 24 | 61 | 24 |
| 84 | 8 | 84 | 12 |
| 90 | 13 | 90 | 16 |
| 99 | 21 | 100 | 3 |
| 100 | 7 | 101 | 21 |
| 103 | 9 | 103 | 14 |
| 103 | 16 | 104 | 4 |
| 104 | 10 | 105 | 6 |
| 105 | 11 | 105 | 20 |
| 105 | 22 | 105 | 25 |
| 106 | 4 | 106 | 11 |
| 106 | 13 | 106 | 24 |
| 107 | 1 | 107 | 7 |
| 107 | 9 | 107 | 13 |
| 107 | 16 | 07 | 20 |
| 107 | 25 | 108 | 8 |
| 108 | 10 | 108 | 10 |
| 108 | 11 | 109 | 12 |

7

| START PAGE | LINE | END PAGE | LINE |
|---|---|---|---|
| 109 | 18 | 109 | 20 |
| 110 | 4 | 110 | 21 |
| 110 | 25 | 111 | 5 |
| 112 | 23 | 113 | 5 |
| 113 | 11 | 113 | 16 |
| 123 | 9 | 124 | 17 |
| 124 | 22 | 124 | 25 |
| 125 | 2 | 125 | 5 |
| 125 | 7 | 126 | 14 |
| 126 | 16 | 127 | 8 |
| 127 | 10 | 127 | 11 |

**From Dr. Grefer's 6-29-06 "discovery" deposition[1]**

| START PAGE | LINE | END PAGE | LINE |
|---|---|---|---|
| 8 | 10 | 8 | 16 |
| 10 | 7 | 10 | 12 |
| 11 | 23 | 12 | 11 |
| 13 | 4 | 13 | 21 |
| 17 | 24 | 18 | 7 |
| 18 | 9 | 18 | 9 |
| 24 | 17 | 24 | 20 |
| 35 | 8 | 36 | 2 |
| 48 | 16 | 49 | 24 |
| 69 | 3 | 69 | 6 |
| 69 | 22 | 70 | 13 |
| 73 | 25 | 74 | 3 |

Many of Merck's counters are conditional, pending the Court's rulings on Merck's objections.

## II.   DR. DANIEL COURTADE[2]

Dr. Courtade was Mr. Smith's cardiologist who performed a balloon angioplasty and stenting procedure on the plaintiff on February 17, 2003. Dr. Courtade did not prescribe Vioxx to Mr. Smith.

---

[1] The parties have agreed that Merck may use this deposition as its initial cross-examination in the trial deposition.

[2] Dr. Courtade's deposition was conducted before this Court's ruling allowing separate discovery and trial depositions for treating physicians.

Below are Merck's specific objections to the plaintiff's designations, as well as Merck's counter-designations to Plaintiff's designations for Dr. Courtade.

**OBJECTIONS:**

| PLAINTIFF'S AFFIRMATIVES (for which Merck has objections) | OBJECTIONS |
|---|---|
| 60:10 – 60:11 | Improper designation |
| 85:6 – 85:7 | Incomplete designation of the question; assumes facts not in evidence |
| 85:11 – 86:1 | Lacks foundation; improper opinion testimony (602, 701) |
| 113:9 – 113:19 | Improper designation as no question is identified and answer is incomplete |
| 114:5 | Improper designation |
| 114:10 | Improper designation |
| 120:15 – 121:3 | Lacks foundation; improper opinion testimony (602, 701); hearsay |
| 122:22 | Improper designation |
| 123:8 – 123:9 | Improper designation |
| 125:8 | Improper designation |
| 125:14 | Improper designation |
| 127:13 | Improper designation |
| 127:20 | Improper designation |
| 128:1 | Improper designation |
| 128:7 | Improper designation |
| 128:10 | Improper designation |
| 128:18 | Improper designation |
| 128:21 | Improper designation |
| 129:8 – 130:10 | Sidebar; improper designation |
| 132:5 | Improper designation |
| 133:2 – 133:4 | Improper designation; no question asked of witness and no testimony elicited |
| 133:7 – 133:8 | Statement by counsel; improper question |
| 133:22 – 133:24 | Calls for speculation; leading (611) |
| 134:5 – 135:3 | Calls for speculation; lack of personal knowledge |
| 135:12 – 135:19 | Leading (611) |
| 135:20 – 136:14 | Calls for speculation; improper opinion testimony; lack of foundation (602, 701) |
| 136:18 – 137:11 | Leading (611); calls for speculation |
| 137:12 – 138:23 | Lack of foundation, improper opinion testimony (602, 701); calls for speculation |
| 149:2 – 149:22 | Leading (611) |

9

| PLAINTIFF'S AFFIRMATIVES (for which Merck has objections) | OBJECTIONS |
|---|---|
| 151:5 – 151:9 | Leading (611); calls for speculation |

**COUNTERS:**

| START PAGE | LINE | END PAGE | LINE |
|---|---|---|---|
| 48 | 12 | 48 | 14 |
| 81 | 14 | 81 | 16 |
| 81 | 18 | 81 | 18 |
| 81 | 19 | 82 | 13 |
| 82 | 15 | 83 | 2 |
| 83 | 4 | 83 | 14 |
| 83 | 23 | 83 | 23 |
| 83 | 25 | 84 | 2 |
| 84 | 4 | 84 | 6 |
| 84 | 8 | 84 | 17 |
| 84 | 19 | 85 | 24 |
| 86 | 2 | 86 | 5 |
| 86 | 7 | 86 | 9 |
| 112 | 11 | 112 | 15 |
| 112 | 21 | 113 | 2 |
| 138 | 24 | 139 | 17 |
| 149 | 23 | 150 | 24 |

Dated:  August 14, 2006

Respectfully submitted,

*/s/ Carrie Jablonski*

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Andrew Goldman
Carrie A. Jablonski

10

BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:      312-494-4440

Richard B. Goetz
Ashley A. Harrington
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:      213-430-6407

And

Douglas R. Marvin
Robert A. Van Kirk
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:      202-434-5029

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Merck's Objections and Counter-Designations to Plaintiff's Deposition Designations for Dr. Michael A. Grefer and Dr. Daniel Courtade has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 14th day of August, 2006.

_____
Carrie Jablonski