13.     The defendant breached this implied warranty of merchantability.

14.     The breach of this implied warranty of merchantability by the defendant

was a substantial factor in causing the injuries to the plaintiff as described in this

complaint.

15.     The defendant was negligent in one or more of the following ways:

a)      it failed to include adequate warnings with the medication that would alert
        the plaintiff and other consumers to the potential risks and serious side
        effects of VIOXX ingestion;

b)      it failed to include adequate information or warnings with the medication
        that would alert plaintiff to refrain from use of VIOXX without first
        attempting traditional NSAIDs.

c)      it failed to adequately and properly test VIOXX before and after placing it
        on the market;

d)      it failed to conduct sufficient testing on VIOXX;

e)      it failed to warn of the risk of heart attack, stroke, and sudden death;

f)      it failed to provide adequate post marketing instructions regarding the
        risks of VIOXX use; and

g)      it failed to warn that VIOXX should not be used in conjunction with
        other risk factors such as family history of heart disease

16.     The negligence of the defendants was a substantial factor in causing the

injuries to the plaintiff as described in this complaint.

17.     As a result of the defective and unreasonably dangerous condition of

VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of

VIOXX and/or the breach of express and/or implied warranties and/or the defendant's

negligence, the plaintiff suffered a stroke.

18.     As a further result, the plaintiff was caused to suffer an impairment of his

earning capacity, an impairment of his capacity to carry on and enjoy all of life's other

activities, medical expenses past and future, and pain and suffering

## COUNT TWENTY THREE  – VOYTAS - PUNITIVE DAMAGES

1. - 6.  Paragraphs 1. through 6. of Count Twenty Two are hereby incorporated

and realleged as paragraphs 1. through 6. of this Count Twenty Three.

7.     The defendant MERCK acted with reckless disregard for the safety of

users of its product, VIOXX in one or more of the following ways:

a)     the product was not accompanied by proper warnings regarding all
       possible adverse side effects regarding its use despite the fact the
       MERCK and its agents, servants, and employees were aware of those risks

b)     they refused to perform testing that they suspected would have
       shown that VIOXX possessed serious potential side effects with
       respect to which full warnings were necessary;

c)     they refused to provide adequate post-marketing warning and instruction
       despite spending tens of millions of dollars on a direct to consumer
       marketing campaign;

d)     they misled the public into believing that the foreseeable risks of the use
       of VIOXX were de minimus in relation to the benefits associated with its'
       design and formulation;

e)     they failed to perform adequate clinical trials, testing and study which
       would have uncovered enormous risks associated with the product; and

f)     they kept consumers ignorant of the fact that for a small reduction in pain,
       they were risking sudden death, heart attacks, and stroke from the use of
       VIOXX.

8.     The subject VIOXX was expected to and did reach the consumer without

substantial change in condition.

9.      As a result of the defendants' reckless disregard of product users, the plaintiff has been caused to suffer a stroke.

10.      As a further result, the plaintiff was caused to suffer an impairment of his earning capacity, an impairment of his capacity to carry on and enjoy all of life's other activities, medical expenses past and future, and pain and suffering

## COUNT TWENTY FOUR –VOYTAS - CUTPA

1. - 10.  The allegations of paragraphs 1. - 10. of Count Twenty Three are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Twenty Four.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of CUTPA.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.      As a result of the defendants' deceptive acts, the plaintiff has been caused to suffer a stroke and the other damages alleged above in paragraph 10.

## COUNT TWENTY FIVE – MARGARET DUMAS-PRODUCTS LIABILITY

1.      At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.      The defendant MERCK is a Product Seller. Margaret Dumas is the wife of the decedent William Dumas and brings this action on behalf of herself and the estate of William Dumas

3.      On and for some time before November 2002, William Dumas had been prescribed VIOXX by his doctor. Per his doctor's orders, he regularly consumed VIOXX.

4.      The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

5.      As a result of the plaintiff's consumption of the drug VIOXX, he was caused to suffer a heart attack and death.

6.      At the time of its sale or distribution and continuing through the date of his death, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

a)      it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

b)      adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)      there was no adequate post-marketing warning and instruction;

d)      the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)      there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)      consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

7.      One or more of the defects described above was a substantial factor in causing the injuries to the plaintiff.

8.     The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

9.     The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

10.     The defendant breached these express warranties.

11.     The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

12.     The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

13.     The defendant breached this implied warranty of merchantability.

14.     The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries and death of the decedent as described in this complaint.

15.     The defendant was negligent in one or more of the following ways:

a)     it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)     it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)     it failed to adequately and properly test VIOXX before and after placing it on the market;

d)     it failed to conduct sufficient testing on VIOXX;

e)     it failed to warn of the risk of heart attack, stroke, and sudden death;

f)     it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)   it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

16.   The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

17.   As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff's decedent suffered a heart attack and death.

18.   As a further result, the plaintiff's decedent suffered a complete destruction of his earning capacity and a destruction of his ability to enjoy life's activities as well as ante mortem pain and suffering. In addition the plaintiff lost her husband and means of financial support, love and affection.

## COUNT TWENTY SIX – DUMAS - PUNITIVE DAMAGES

1. - 6.  Paragraphs 1. through 6. of Count Twenty Five are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Twenty Six.

7.   The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

a)   the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact the MERCK and its agents, servants, and employees were aware of those risks

b)   they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)   they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

    d)      they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

    e)      they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

    f)      they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.      The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.      As a result of the defendants' reckless disregard of product users, the plaintiff's decedent suffered a heart attack and death.

10.      As a further result, the plaintiff's decedent suffered a complete destruction of his earning capacity and a destruction of his ability to enjoy life's activities as well as ante mortem pain and suffering. In addition the plaintiff lost her husband and means of financial support, love and affection.

## COUNT TWENTY SEVEN –DUMAS - CUTPA

1. - 10.      The allegations of paragraphs 1. - 10. of Count Twenty Six are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Twenty Seven.

11.      The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of CUTPA.

12.      The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations

regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.     As a result of the defendants' deceptive acts, the plaintiff has been caused to suffer a hart attack and death and the other damages alleged above in paragraph 10.

## COUNT TWENTY EIGHT – DUMAS – LOSS OF CONSORTIUM

1.     Counts 25-27 are incorporated herein.

2.     Margaret Dumas is the wife of the decedent and as a result of his death has been caused a loss of consortium and companionship, and financial support.

## COUNT TWENTY NINE– WILLIAM HUBELBANK- PRODUCTS LIABILITY

1.     At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.     The defendant MERCK is a Product Seller.

3.     On and for some time before September 2005, the plaintiff William Hubelbank had been prescribed VIOXX by his doctor. Per his doctor's orders, he regularly consumed VIOXX.

4.     The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

5.     As a result of the plaintiff's consumption of the drug VIOXX, he was caused to suffer a series of heart attacks.

6.      At the time of its sale or distribution and continuing through the date of his

heart attacks, VIOXX was in a defective condition unreasonably dangerous to the

plaintiff and others in one or more of the following ways:

a)      it was not accompanied by proper warnings regarding all possible
        adverse side effects regarding its use;

b)      adequate testing was not performed that would have shown that
        VIOXX possessed serious potential side effects with respect to
        which full warnings were necessary;

c)      there was no adequate post-marketing warning and instruction;

d)      the foreseeable risks of the use of VIOXX significantly exceeded the
        benefits associated with its design and formulation;

e)      there were inadequate clinical trials, testing and study which would have
        uncovered serious risks associated with the product; and

f)      consumers were unaware that for a small reduction in pain, they were
        risking sudden death, heart attacks, and stroke from the use of VIOXX.

7.      One or more of the defects described above was a substantial factor in

causing the injuries to the plaintiff.

8.      The subject VIOXX designed and sold by MERCK was expected to and

did reach the consumer without substantial change in condition.

9.      The defendant expressly warranted that the subject VIOXX was safe for

its intended uses, including the uses to which it was put by the plaintiff.

10.     The defendant breached these express warranties.

11.     The breach of these express warranties by the defendants was a substantial

factor in causing the injuries to the plaintiff as described in this complaint.

12.     The defendant impliedly warranted that the subject VIOXX was of

merchantable quality.

13.     The defendant breached this implied warranty of merchantability.

14.     The breach of this implied warranty of merchantability by the defendant

was a substantial factor in causing the injuries to the plaintiff as described in this

complaint.

15.     The defendant was negligent in one or more of the following ways:

a)      it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)      it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)      it failed to adequately and properly test VIOXX before and after placing it on the market;

d)      it failed to conduct sufficient testing on VIOXX;

e)      it failed to warn of the risk of heart attack, stroke, and sudden death;

f)      it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)      it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

16.     The negligence of the defendants was a substantial factor in causing the

injuries to the plaintiff as described in this complaint.

17.     As a result of the defective and unreasonably dangerous condition of

VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of

VIOXX and/or the breach of express and/or implied warranties and/or the defendant's

negligence, the plaintiff suffered a series of heart attacks.

18.     As a further result, the plaintiff was caused to suffer an impairment of his

earning capacity, an impairment of his capacity to carry on and enjoy all of life's other

activities, medical expenses past and future, and pain and suffering

## COUNT THIRTY– HUBELBANK - PUNITIVE DAMAGES

1. - 6.  Paragraphs 1. through 6. of Count Twenty Nine are hereby incorporated

and realleged as paragraphs 1. through 6. of this Count Thirty.

7.     The defendant MERCK acted with reckless disregard for the safety of

users of its product, VIOXX in one or more of the following ways:

a)      the product was not accompanied by proper warnings regarding all
         possible adverse side effects regarding its use despite the fact the
         MERCK and its agents, servants, and employees were aware of those risks

b)      they refused to perform testing that they suspected would have
         shown that VIOXX possessed serious potential side effects with
         respect to which full warnings were necessary;

c)      they refused to provide adequate post-marketing warning and instruction
         despite spending tens of millions of dollars on a direct to consumer
         marketing campaign;

d)      they misled the public into believing that the foreseeable risks of the use
         of VIOXX were de minimus in relation to the benefits associated with its'
         design and formulation;

e)      they failed to perform adequate clinical trials, testing and study which
         would have uncovered enormous risks associated with the product; and

f)       they kept consumers ignorant of the fact that for a small reduction in pain,
         they were risking sudden death, heart attacks, and stroke from the use of
         VIOXX.

8.     The subject VIOXX was expected to and did reach the consumer without

substantial change in condition.

9.    As a result of the defendants' reckless disregard of product users, the plaintiff has been caused to suffer a series of heart attacks.

10.    As a further result, the plaintiff was caused to suffer an impairment of his earning capacity, an impairment of his capacity to carry on and enjoy all of life's other activities, medical expenses past and future, and pain and suffering

## COUNT THIRTY ONE  –HUBELBANK - CUTPA

1. - 10.  The allegations of paragraphs 1. - 10. of Count Thirty are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Thirty One.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of CUTPA.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.    As a result of the defendants' deceptive acts, the plaintiff has been caused to suffer a series of heart attacks and the other damages alleged above in paragraph 10.

## COUNT THIRTY TWO– MARIE FISH - PRODUCTS LIABILITY

1.    At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.      The defendant MERCK is a Product Seller.

3.      On and for some time before October 10, 2004, the plaintiff Marie Fish had been prescribed VIOXX by her doctor. Per her doctor's orders, she regularly consumed VIOXX.

4.      The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

5.      As a result of the plaintiff's consumption of the drug VIOXX, she was caused to suffer a massive stroke.

6.      At the time of its sale or distribution and continuing through the date of her stroke, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

a)      it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

b)      adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)      there was no adequate post-marketing warning and instruction;

d)      the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)      there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)      consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

7.      One or more of the defects described above was a substantial factor in causing the injuries to the plaintiff.

8.      The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

9.      The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

10.     The defendant breached these express warranties.

11.     The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

12.     The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

13.     The defendant breached this implied warranty of merchantability.

14.     The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

15.     The defendant was negligent in one or more of the following ways:

a)      it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)      it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)      it failed to adequately and properly test VIOXX before and after placing it on the market;

d)      it failed to conduct sufficient testing on VIOXX;

e)      it failed to warn of the risk of heart attack, stroke, and sudden death;

f)      it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)     it failed to warn that VIOXX should not be used in conjunction with
       other risk factors such as family history of heart disease

16.    The negligence of the defendants was a substantial factor in causing the
injuries to the plaintiff as described in this complaint.

17.    As a result of the defective and unreasonably dangerous condition of
VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of
VIOXX and/or the breach of express and/or implied warranties and/or the defendant's
negligence, the plaintiff suffered a massive stroke.

18.    As a further result, the plaintiff was caused to suffer an impairment of her
earning capacity, an impairment of her capacity to carry on and enjoy all of life's other
activities, medical expenses past and future, and pain and suffering


## COUNT THIRTY THREE - FISH - PUNITIVE DAMAGES

1. - 6.  Paragraphs 1. through 6. of Count Forty are hereby incorporated and
realleged as paragraphs 1. through 6. of this Count Forty One.

7.     The defendant MERCK acted with reckless disregard for the safety of
users of its product, VIOXX in one or more of the following ways:

a)     the product was not accompanied by proper warnings regarding all
       possible adverse side effects regarding its use despite the fact the
       MERCK and its agents, servants, and employees were aware of those risks

b)     they refused to perform testing that they suspected would have
       shown that VIOXX possessed serious potential side effects with
       respect to which full warnings were necessary;

c)     they refused to provide adequate post-marketing warning and instruction
       despite spending tens of millions of dollars on a direct to consumer
       marketing campaign;

d)     they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)     they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)     they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.     The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.     As a result of the defendants' reckless disregard of product users, the plaintiff has been caused to suffer a massive stroke.

10.     As a further result, the plaintiff was caused to suffer an impairment of her earning capacity, an impairment of her capacity to carry on and enjoy all of life's other activities, medical expenses past and future, and pain and suffering

## COUNT THIRTY FOUR –FISH - CUTPA

1. - 10.   The allegations of paragraphs 1. - 10. of Count Thirty Three are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Thirty Four.

11.   The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of CUTPA.

12.   The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.    As a result of the defendants' deceptive acts, the plaintiff has been caused to suffer a massive stroke  and the other damages alleged above in paragraph 10.

## COUNT THIRTY FIVE-MARK SMITH-PRODUCTS LIABILITY

1.    At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.    The defendant MERCK is a Product Seller. Mark Smith is the administrator of the estate of James Ploss and brings this action on behalf of the estate.

3.    On and for some time before July 2003, James Ploss had been prescribed VIOXX by his doctor. Per his doctor's orders, he regularly consumed VIOXX.

4.    The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

5.    As a result of the plaintiff's consumption of the drug VIOXX, he was caused to suffer a heart attack and death.

6.    At the time of its sale or distribution and continuing through the date of his death, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

   a)    it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

   b)    adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

   c)    there was no adequate post-marketing warning and instruction;

    d)    the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

    e)    there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

    f)    consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

7.    One or more of the defects described above was a substantial factor in causing the injuries to the plaintiff.

8.    The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

9.    The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

10.    The defendant breached these express warranties.

11.    The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

12.    The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

13.    The defendant breached this implied warranty of merchantability.

14.    The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries and death of the decedent as described in this complaint.

15.    The defendant was negligent in one or more of the following ways:

    a)    it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)      it failed to include adequate information or warnings with the medication
        that would alert plaintiff to refrain from use of VIOXX without first
        attempting traditional NSAIDs.

c)      it failed to adequately and properly test VIOXX before and after placing it
        on the market;

d)      it failed to conduct sufficient testing on VIOXX;

e)      it failed to warn of the risk of heart attack, stroke, and sudden death;

f)      it failed to provide adequate post marketing instructions regarding the
        risks of VIOXX use; and

g)      it failed to warn that VIOXX should not be used in conjunction with
        other risk factors such as family history of heart disease

16.     The negligence of the defendants was a substantial factor in causing the

injuries to the plaintiff as described in this complaint.

17.     As a result of the defective and unreasonably dangerous condition of

VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of

VIOXX and/or the breach of express and/or implied warranties and/or the defendant's

negligence, the plaintiff's decedent suffered a heart attack and death.

18.     As a further result, the plaintiff's decedent suffered a complete

destruction of his earning capacity and a destruction of his ability to enjoy life's

activities as well as ante mortem pain and suffering.


**COUNT THIRTY SIX  – SMITH - PUNITIVE DAMAGES**

1. - 6.  Paragraphs 1. through 6. of Count Thirty Five are hereby incorporated and

realleged as paragraphs 1. through 6. of this Count Thirty Six.

7.      The defendant MERCK acted with reckless disregard for the safety of

users of its product, VIOXX in one or more of the following ways:

a)     the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact the MERCK and its agents, servants, and employees were aware of those risks

b)     they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)     they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)     they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)     they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)     they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.     The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.     As a result of the defendants' reckless disregard of product users, the plaintiff's decedent suffered a heart attack and death.

10.     As a further result, the plaintiff's decedent suffered a complete destruction of his earning capacity and a destruction of his ability to enjoy life's activities as well as ante mortem pain and suffering.


## COUNT THIRTY SEVEN –SMITH - CUTPA

1. - 10.  The allegations of paragraphs 1. - 10. of Count Thirty Six are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Thirty Seven.

11. The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of CUTPA.

12. The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13. As a result of the defendants' deceptive acts, the plaintiff's decedent has been caused to suffer a heart attack and death and the other damages alleged above in paragraph 10.

## COUNT THIRTY EIGHT – JOSEPH SINSIGALLI- PRODUCTS LIABILITY

1. At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2. The defendant MERCK is a Product Seller.

3. On and for some time before September 2004, the plaintiff Joseph Sinsigalli had been prescribed VIOXX by his doctor. Per his doctor's orders, he regularly consumed VIOXX.

4. The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

5. As a result of the plaintiff's consumption of the drug VIOXX, he was caused to suffer a series of heart attacks.

6.    At the time of its sale or distribution and continuing through the date of his

heart attacks, VIOXX was in a defective condition unreasonably dangerous to the

plaintiff and others in one or more of the following ways:

a)    it was not accompanied by proper warnings regarding all possible
adverse side effects regarding its use;

b)    adequate testing was not performed that would have shown that
VIOXX possessed serious potential side effects with respect to
which full warnings were necessary;

c)    there was no adequate post-marketing warning and instruction;

d)    the foreseeable risks of the use of VIOXX significantly exceeded the
benefits associated with its design and formulation;

e)    there were inadequate clinical trials, testing and study which would have
uncovered serious risks associated with the product; and

f)    consumers were unaware that for a small reduction in pain, they were
risking sudden death, heart attacks, and stroke from the use of VIOXX.

7.    One or more of the defects described above was a substantial factor in

causing the injuries to the plaintiff.

8.    The subject VIOXX designed and sold by MERCK was expected to and

did reach the consumer without substantial change in condition.

9.    The defendant expressly warranted that the subject VIOXX was safe for

its intended uses, including the uses to which it was put by the plaintiff.

10.    The defendant breached these express warranties.

11.    The breach of these express warranties by the defendants was a substantial

factor in causing the injuries to the plaintiff as described in this complaint.

12.    The defendant impliedly warranted that the subject VIOXX was of

merchantable quality.

13.     The defendant breached this implied warranty of merchantability.

14.     The breach of this implied warranty of merchantability by the defendant

was a substantial factor in causing the injuries to the plaintiff as described in this

complaint.

15.     The defendant was negligent in one or more of the following ways:

a)      it failed to include adequate warnings with the medication that would alert
        the plaintiff and other consumers to the potential risks and serious side
        effects of VIOXX ingestion;

b)      it failed to include adequate information or warnings with the medication
        that would alert plaintiff to refrain from use of VIOXX without first
        attempting traditional NSAIDs.

c)      it failed to adequately and properly test VIOXX before and after placing it
        on the market;

d)      it failed to conduct sufficient testing on VIOXX;

e)      it failed to warn of the risk of heart attack, stroke, and sudden death;

f)      it failed to provide adequate post marketing instructions regarding the
        risks of VIOXX use; and

g)      it failed to warn that VIOXX should not be used in conjunction with
        other risk factors such as family history of heart disease

16.     The negligence of the defendants was a substantial factor in causing the

injuries to the plaintiff as described in this complaint.

17.     As a result of the defective and unreasonably dangerous condition of

VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of

VIOXX and/or the breach of express and/or implied warranties and/or the defendant's

negligence, the plaintiff suffered a series of heart attacks.

18.     As a further result, the plaintiff was caused to suffer an impairment of his

earning capacity, an impairment of his capacity to carry on and enjoy all of life's other

activities, medical expenses past and future, and pain and suffering

## COUNT THIRTY NINE – SINSIGALLI - PUNITIVE DAMAGES

1. - 6. Paragraphs 1. through 6. of Count Thirty Eight are hereby incorporated

and realleged as paragraphs 1. through 6. of this Count Thirty Nine.

7.     The defendant MERCK acted with reckless disregard for the safety of

users of its product, VIOXX in one or more of the following ways:

a)     the product was not accompanied by proper warnings regarding all
possible adverse side effects regarding its use despite the fact the
MERCK and its agents, servants, and employees were aware of those risks

b)     they refused to perform testing that they suspected would have
shown that VIOXX possessed serious potential side effects with
respect to which full warnings were necessary;

c)     they refused to provide adequate post-marketing warning and instruction
despite spending tens of millions of dollars on a direct to consumer
marketing campaign;

d)     they misled the public into believing that the foreseeable risks of the use
of VIOXX were de minimus in relation to the benefits associated with its'
design and formulation;

e)     they failed to perform adequate clinical trials, testing and study which
would have uncovered enormous risks associated with the product; and

f)     they kept consumers ignorant of the fact that for a small reduction in pain,
they were risking sudden death, heart attacks, and stroke from the use of
VIOXX.

8.     The subject VIOXX was expected to and did reach the consumer without

substantial change in condition.

9.     As a result of the defendants' reckless disregard of product users, the plaintiff has been caused to suffer a heart attacks.

10.     As a further result, the plaintiff was caused to suffer an impairment of his earning capacity, an impairment of his capacity to carry on and enjoy all of life's other activities, medical expenses past and future, and pain and suffering

## COUNT FORTY –SINSIGALLI - CUTPA

1. - 10.  The allegations of paragraphs 1. - 10. of Count Thirty Nine are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Forty.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of CUTPA.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.     As a result of the defendants' deceptive acts, the plaintiff has been caused to suffer a  heart attack and the other damages alleged above in paragraph 10.

## COUNT FORTY ONE  – RONALD RANAHAN- PRODUCTS LIABILITY

1.     At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.      The defendant MERCK is a Product Seller.

3.      On and for some time before January 2002, the plaintiff Ronald Ranahan had been prescribed VIOXX by his doctor. Per his doctor's orders, he regularly consumed VIOXX.

4.      The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

5.      As a result of the plaintiff's consumption of the drug VIOXX, he was caused to suffer a stroke and pulmonary embolism.

6.      At the time of its sale or distribution and continuing through the date of his medical events, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

a)      it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

b)      adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)      there was no adequate post-marketing warning and instruction;

d)      the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)      there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)      consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

7.      One or more of the defects described above was a substantial factor in causing the injuries to the plaintiff.

8.      The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

9.      The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

10.     The defendant breached these express warranties.

11.     The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

12.     The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

13.     The defendant breached this implied warranty of merchantability.

14.     The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

15.     The defendant was negligent in one or more of the following ways:

a)      it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)      it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)      it failed to adequately and properly test VIOXX before and after placing it on the market;

d)      it failed to conduct sufficient testing on VIOXX;

e)      it failed to warn of the risk of heart attack, stroke, and sudden death;

f)      it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)     it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

16.    The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

17.    As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered a stroke and pulmonary embolism.

18.    As a further result, the plaintiff was caused to suffer an impairment of his earning capacity, an impairment of his capacity to carry on and enjoy all of life's other activities, medical expenses past and future, and pain and suffering

## COUNT FORTY TWO – RANAHAN - PUNITIVE DAMAGES

1. - 6.   Paragraphs 1. through 6. of Count Forty One are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Forty Two.

7.     The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

a)     the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact the MERCK and its agents, servants, and employees were aware of those risks

b)     they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)     they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)   they misled the public into believing that the foreseeable risks of the use
of VIOXX were de minimus in relation to the benefits associated with its'
design and formulation;

e)   they failed to perform adequate clinical trials, testing and study which
would have uncovered enormous risks associated with the product; and

f)   they kept consumers ignorant of the fact that for a small reduction in pain,
they were risking sudden death, heart attacks, and stroke from the use of
VIOXX.

8.   The subject VIOXX was expected to and did reach the consumer without
substantial change in condition.

9.   As a result of the defendants' reckless disregard of product users, the
plaintiff has been caused to suffer a stroke and pulmonary embolism.

10.   As a further result, the plaintiff was caused to suffer an impairment of his
earning capacity, an impairment of his capacity to carry on and enjoy all of life's other
activities, medical expenses past and future, and pain and suffering


## COUNT FORTY THREE–RANAHAN - CUTPA

1. - 10.  The allegations of paragraphs 1. - 10. of Count Fourty Two are hereby
incorporated and realleged as paragraphs 1. - 10. of this Count Forty Three.

11.  The defendants engaged in unfair methods of competition and/or unfair or
deceptive acts or practices in the conduct of its trade or commerce in violation of
CUTPA.

12.  The deceptive conduct of the defendants includes, but is not limited to, the
allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations
regarding the dangerous propensities of VIOXX when they knew or should have known
that VIOXX was not safe in order to enhance company profits.

13.    As a result of the defendants' deceptive acts, the plaintiff has been caused

to suffer a  stroke and pulmonary embolism and the other damages alleged above in

paragraph 10.

**WHEREFORE**, PLAINTIFFS CLAIM DAMAGES IN EXCESS OF FIFTEEN
THOUSAND ($15,000.00) DOLLARS, AS WELL AS PUNITIVE DAMAGES
PURSUANT TO GENERAL STATUTES §§ 42-110g(a) & 52-240a AND
ATTORNEYS FEES PURSUANT TO GENERAL STATUTES § 42-110g(d), AND
THIS MATTER IS WITHIN THE JURISDICTION OF THIS COURT.

## JURY TRIAL DEMAND

All Plaintiffs in this matter pursuant to Fed.R.Civ.P.38, Demand a trial by
jury in all claims.

THE PLAINTIFFS,

BY:_____

MICHAEL A. STRATTON
STRATTON FAXON
59 ELM STREET
NEW HAVEN, CT 06510
TEL: (203) 624-9500
JURIS NO. CT08166