10.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT TWENTY-SEVEN – PERRY - CUTPA, GENERAL STATUTES § 42-110b, et seq.

1. - 10.  The allegations of paragraphs 1. - 10. of Count Twenty-Six are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Twenty-Seven.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.     As a result of the defendants' deceptive acts, the plaintiff suffered a stroke.

14.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT TWENTY-EIGHT – PESANELLI - PRODUCTS LIABILITY GENERAL

## STATUTES § 52-572n & q

1.     At all times mentioned herein, the defendant MERCK & CO., INC.

("MERCK") was and is a foreign corporations and or entity engaged in the manufacture

and sale of drug products, including VIOXX, within the State of Connecticut.

2.     The defendant MERCK is a "Product Seller" as defined in General

Statutes § 52-572m.

3.     The plaintiff Michael Pesanelli is the executor of his late wife Kay

Pesanelli's estate.

4.     On and for some time before October 2000, Kay Pesanelli had been

prescribed VIOXX by her doctor. Per her doctor's orders, Kay Pesanelli regularly

consumed VIOXX.

5.     The VIOXX consumed by Kay Pesanelli was designed, manufactured,

tested and/or sold by the defendant MERCK.

6.     As a result of Kay Pesanelli's consumption of the drug VIOXX, she was

caused to suffer two major strokes and sudden death pursuant to General Statutes §52-

555.

7.     At the time of its sale or distribution and continuing through the date of

her major strokes, VIOXX was in a defective condition unreasonably dangerous to Kay

Pesanelli and others in one or more of the following ways:

   a)     it was not accompanied by proper warnings regarding all possible
          adverse side effects regarding its use;

   b)     adequate testing was not performed that would have shown that
          VIOXX possessed serious potential side effects with respect to
          which full warnings were necessary;

c)      there was no adequate post-marketing warning and instruction;

d)      the foreseeable risks of the use of VIOXX significantly exceeded the
        benefits associated with its design and formulation;

e)      there were inadequate clinical trials, testing and study which would have
        uncovered serious risks associated with the product; and

f)      consumers were unaware that for a small reduction in pain, they were
        risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.      One or more of the defects described above was a substantial factor in
causing Kay Pesanelli's injuries.

9.      The subject VIOXX designed and sold by MERCK was expected to and
did reach the consumer without substantial change in condition.

10.     The defendant expressly warranted that the subject VIOXX was safe for
its intended uses, including the uses to which it was put by the plaintiff's decedent.

11.     The defendant breached these express warranties.

12.     The breach of these express warranties by the defendants was a substantial
factor in causing the injuries to the plaintiff's decedent as described in this complaint.

13.     The defendant impliedly warranted that the subject VIOXX was of
merchantable quality.

14.     The defendant breached this implied warranty of merchantability.

15.     The breach of this implied warranty of merchantability by the defendant
was a substantial factor in causing the injuries to the plaintiff's decedent as described in
this complaint.

16.     The defendant was negligent in one or more of the following ways:

a)   it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)   it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)   it failed to adequately and properly test VIOXX before and after placing it on the market;

d)   it failed to conduct sufficient testing on VIOXX;

e)   it failed to warn of the risk of heart attack, stroke, and sudden death;

f)   it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)   it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

17.   The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

18.   The plaintiff brings this action pursuant to General Statutes § 52-572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.   As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff's decedent suffered two major strokes and sudden death pursuant to General Statutes §52-555.

20.   As a further result, the plaintiff's decedent was caused to incur medical expenses and impairment in her capacity to carry on and enjoy all of life's other activities.

## COUNT TWENTY-NINE – PESANELLI - PUNITIVE DAMAGES - GENERAL

## STATUTES § 52-240b

1. - 6.  Paragraphs 1. through 6. of Count Twenty-Eight are hereby incorporated

and realleged as paragraphs 1. through 6. of this Count Twenty-Nine.

7.     The defendant MERCK acted with reckless disregard for the safety of

users of its product, VIOXX in one or more of the following ways:

a)     the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact that MERCK and its agents, servants, and employees were aware of those risks;

b)     they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)     they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)     they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)     they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)     they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.     The subject VIOXX was expected to and did reach the consumer without

substantial change in condition.

9.     As a result of the defendants' reckless disregard of product users, the

plaintiff suffered two major strokes and sudden death pursuant to General Statutes §52-

555.

10.     As a further result, the plaintiff's decedent was caused to incur medical expenses and impairment in her capacity to carry on and enjoy all of life's other activities.

## COUNT THIRTY – PESANELLI - CUTPA, GENERAL STATUTES § 42-110b, et seq.

1. - 10.  The allegations of paragraphs 1. - 10. of Count Twenty-Nine are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Thirty.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.     As a result of the defendants' deceptive acts, the plaintiff suffered two major strokes and sudden death pursuant to General Statutes §52-555.

14.     As a further result, the plaintiff's decedent was caused to incur medical expenses and impairment in her capacity to carry on and enjoy all of life's other activities.

## COUNT THIRTY-ONE – PESANELLI-LOSS OF CONSORTIUM

1.     Counts 28-30 are incorporated herein

2.     Michael Pesanelli is the husband of Kay Pesanelli and as a result of Kay's

death has been caused a loss of consortium and companionship.

## COUNT THIRTY-TWO – PHIPPS -PRODUCTS LIABILITY GENERAL

## STATUTES § 52-572n & q

1.     At all times mentioned herein, the defendant MERCK & CO., INC.

("MERCK") was and is a foreign corporations and or entity engaged in the manufacture

and sale of drug products, including VIOXX, within the State of Connecticut.

2.     The defendant MERCK is a "Product Seller" as defined in General

Statutes § 52-572m.

3.     The plaintiff is Albert Phipps who resides in Meriden, Connecticut.

4.     On and for some time before 2003, the plaintiff had been prescribed

VIOXX by his doctor. Per his doctor's orders, the plaintiff regularly consumed VIOXX.

5.     The VIOXX consumed by the plaintiff was designed, manufactured, tested

and/or sold by the defendant MERCK.

6.     As a result of plaintiff's consumption of the drug VIOXX, she was caused

to suffer a by-pass surgery.

7.     At the time of its sale or distribution and continuing through the date of his

by-pass surgery, VIOXX was in a defective condition unreasonably dangerous to the

plaintiff and others in one or more of the following ways:

a)     it was not accompanied by proper warnings regarding all possible
       adverse side effects regarding its use;

b)     adequate testing was not performed that would have shown that
       VIOXX possessed serious potential side effects with respect to
       which full warnings were necessary;

c)      there was no adequate post-marketing warning and instruction;

d)      the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)      there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)      consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.      One or more of the defects described above was a substantial factor in causing the plaintiff's injuries.

9.      The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

10.     The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

11.     The defendant breached these express warranties.

12.     The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

13.     The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

14.     The defendant breached this implied warranty of merchantability.

15.     The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

16.     The defendant was negligent in one or more of the following ways:

a)   it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)   it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)   it failed to adequately and properly test VIOXX before and after placing it on the market;

d)   it failed to conduct sufficient testing on VIOXX;

e)   it failed to warn of the risk of heart attack, stroke, and sudden death;

f)   it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)   it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

17.   The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

18.   The plaintiff brings this action pursuant to General Statutes § 52-572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.   As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered a by-pass surgery.

20.   As a further result, the plaintiff was caused to incur and will continue to incur medical expenses and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT THIRTY-THREE – PHIPPS - PUNITIVE DAMAGES - GENERAL

## STATUTES § 52-240b

1. - 6.  Paragraphs 1. through 6. of Count Thirty-Two are hereby incorporated and

realleged as paragraphs 1. through 6. of this Count Thirty-Three.

7.      The defendant MERCK acted with reckless disregard for the safety of

users of its product, VIOXX in one or more of the following ways:

a)      the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact that MERCK and its agents, servants, and employees were aware of those risks;

b)      they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)      they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)      they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)      they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)      they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.      The subject VIOXX was expected to and did reach the consumer without

substantial change in condition.

9.      As a result of the defendants' reckless disregard of product users, the

plaintiff suffered a by-pass surgery.

10.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT THIRTY-FOUR – PHIPPS - CUTPA, GENERAL STATUTES § 42-110b, et seq.

1. - 10.  The allegations of paragraphs 1. - 10. of Count Thirty-Three are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Thirty-Four.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.     As a result of the defendants' deceptive acts, the plaintiff suffered a by-pass surgery.

14.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT THIRTY-FIVE – SOLLOWAY-PRODUCTS LIABILITY GENERAL
## STATUTES § 52-572n & q

1.      At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.      The defendant MERCK is a "Product Seller" as defined in General Statutes § 52-572m.

3.      The plaintiff is Mary Solloway who resides in West Hartford, Connecticut.

4.      On and for some time before August 3, 2004, the plaintiff had been prescribed VIOXX by her doctor. Per her doctor's orders, the plaintiff regularly consumed VIOXX.

5.      The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

6.      As a result of plaintiff's consumption of the drug VIOXX, she was caused to suffer a silent heart attack.

7.      At the time of its sale or distribution and continuing through the date of her silent heart attack, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

    a)      it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

    b)      adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

    c)      there was no adequate post-marketing warning and instruction;

d)      the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)      there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)      consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.      One or more of the defects described above was a substantial factor in causing the plaintiff's injuries.

9.      The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

10.     The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

11.     The defendant breached these express warranties.

12.     The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

13.     The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

14.     The defendant breached this implied warranty of merchantability.

15.     The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

16.     The defendant was negligent in one or more of the following ways:

a)      it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b) it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c) it failed to adequately and properly test VIOXX before and after placing it on the market;

d) it failed to conduct sufficient testing on VIOXX;

e) it failed to warn of the risk of heart attack, stroke, and sudden death;

f) it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g) it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

17.     The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

18.     The plaintiff brings this action pursuant to General Statutes § 52-572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.     As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered a silent heart attack.

20.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and she also suffered an impairment in her capacity to carry on and enjoy all of life's other activities.

## COUNT THIRTY-SIX – SOLLOWAY-PUNITIVE DAMAGES - GENERAL STATUTES § 52-240b

1. - 6.  Paragraphs 1. through 6. of Count Thirty-Five are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Thirty-Six.

7.     The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

   a)     the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact that MERCK and its agents, servants, and employees were aware of those risks;

   b)     they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

   c)     they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

   d)     they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

   e)     they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

   f)     they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.     The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.     As a result of the defendants' reckless disregard of product users, the plaintiff suffered a silent heart attack.

10.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and she also suffered an impairment in her capacity to carry on and enjoy all of life's other activities.

**COUNT THIRTY-SEVEN – SOLLOWAY-CUTPA, GENERAL STATUTES § 42-110b, et seq.**

1. - 10.  The allegations of paragraphs 1. - 10. of Count Thirty-Six are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Thirty-Seven.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.  As a result of the defendants' deceptive acts, the plaintiff suffered a silent heart attack.

14.  As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and she also suffered an impairment in her capacity to carry on and enjoy all of life's other activities.

**COUNT THIRTY-EIGHT – SWARTHWOUT - PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q**

1.  At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.      The defendant MERCK is a "Product Seller" as defined in General Statutes § 52-572m.

3.      The plaintiff is Keith Swarthwout who resides in Mystic, Connecticut.

4.      On and for some time before July of 2000, the plaintiff had been prescribed VIOXX by his doctor. Per his doctor's orders, the plaintiff regularly consumed VIOXX.

5.      The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

6.      As a result of plaintiff's consumption of the drug VIOXX, he was caused to suffer a stroke.

7.      At the time of its sale or distribution and continuing through the date of his stroke, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

a)      it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

b)      adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)      there was no adequate post-marketing warning and instruction;

d)      the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)      there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)      consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.    One or more of the defects described above was a substantial factor in causing the plaintiff's injuries.

9.    The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

10.    The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

11.    The defendant breached these express warranties.

12.    The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

13.    The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

14.    The defendant breached this implied warranty of merchantability.

15.    The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

16.    The defendant was negligent in one or more of the following ways:

a)    it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)    it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)    it failed to adequately and properly test VIOXX before and after placing it on the market;

d)    it failed to conduct sufficient testing on VIOXX;

e)    it failed to warn of the risk of heart attack, stroke, and sudden death;

f)     it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)     it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

17.     The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

18.     The plaintiff brings this action pursuant to General Statutes § 52-572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.     As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered a stroke.

20.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT THIRTY-NINE – SWARTHWOUT-PUNITIVE DAMAGES - GENERAL STATUTES § 52-240b

1. - 6.     Paragraphs 1. through 6. of Count Thirty-Eight are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Thirty-Nine.

7.     The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

a)     the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact that MERCK and its agents, servants, and employees were aware of those

risks;

b)    they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)    they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)    they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)    they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)    they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.    The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.    As a result of the defendants' reckless disregard of product users, the plaintiff suffered a stroke.

10.    As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.


**COUNT FORTY–SWARTHWOUT-CUTPA, GENERAL STATUTES § 42-110b, et seq.**

1. - 10.    The allegations of paragraphs 1. - 10. of Count Thirty-Nine are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Forty.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.  As a result of the defendants' deceptive acts, the plaintiff suffered a stroke.

14.  As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT FORTY-ONE – THEODORE-PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q

1.  At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.  The defendant MERCK is a "Product Seller" as defined in General Statutes § 52-572m.

3.  Plaintiff Frank Theodore, Jr. is the administrator of his late father Frank Theodore, Sr.'s estate.

4.      On and for some time before March 18, 2004, the plaintiff's decedent
Frank Theodore, Sr. had been prescribed VIOXX by his doctor. Per his doctor's orders,
Frank Theodore, Sr. regularly consumed VIOXX.

5.      The VIOXX consumed by Frank Theodore, Sr. was designed,
manufactured, tested and/or sold by the defendant MERCK.

6.      As a result of Frank Theodore, Sr.'s consumption of the drug VIOXX, he
was caused to suffer a heart attack and sudden death on or about March 18, 2004.

7.      At the time of its sale or distribution and continuing through his date of
death, VIOXX was in a defective condition unreasonably dangerous to Frank Theodore,
Sr. and others in one or more of the following ways:

   a)      it was not accompanied by proper warnings regarding all possible
           adverse side effects regarding its use;

   b)      adequate testing was not performed that would have shown that
           VIOXX possessed serious potential side effects with respect to
           which full warnings were necessary;

   c)      there was no adequate post-marketing warning and instruction;

   d)      the foreseeable risks of the use of VIOXX significantly exceeded the
           benefits associated with its design and formulation;

   e)      there were inadequate clinical trials, testing and study which would have
           uncovered serious risks associated with the product; and

   f)      consumers were unaware that for a small reduction in pain, they were
           risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.      One or more of the defects described above was a substantial factor in
causing the death of Frank Theodore, Sr..

9.      The subject VIOXX designed and sold by MERCK was expected to and
did reach the consumer without substantial change in condition.

10. The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by Frank Theodore, Sr.

11. The defendant breached these express warranties.

12. The breach of these express warranties by the defendants was a substantial factor in causing the death of Frank Theodore, Sr. as described in this complaint.

13. The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

14. The defendant breached this implied warranty of merchantability.

15. The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the death of Frank Theodore, Sr. as described in this complaint.

16. The defendant was negligent in one or more of the following ways:

a)   it failed to include adequate warnings with the medication that would alert the plaintiff's decedent and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)   it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)   it failed to adequately and properly test VIOXX before and after placing it on the market;

d)   it failed to conduct sufficient testing on VIOXX;

e)   it failed to warn of the risk of heart attack, stroke, and sudden death;

f)   it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)   it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

17.     The negligence of the defendants was a substantial factor in causing the death of Frank Theodore, Sr. as described in this complaint.

18.     The plaintiff brings this action pursuant to General Statutes § 52-572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.     As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff's decedent Frank Theodore, Sr. suffered a heart attack and died suddenly.

20.     As a further result, the plaintiff's decedent was caused to suffer a complete destruction of his earning capacity and his capacity to carry on and enjoy all of life's other activities.


## COUNT FORTY-TWO – THEODORE - PUNITIVE DAMAGES - GENERAL STATUTES § 52-240b

1. - 6.  Paragraphs 1. through 6. of Count Forty-One are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Forty-Two.

7.     The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

    a)     the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact the MERCK and its agents, servants, and employees were aware of those risks;

    b)     they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)    they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)    they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)    they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)    they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.    The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.    As a result of the defendants' reckless disregard of product users, the plaintiff's decedent, Frank Theodore, Sr. has been caused to suffer a heart attack and sudden death.

10.    As a further result, the plaintiff's decedent was caused to suffer a complete destruction of his earning capacity and his capacity to carry on and enjoy all of life's other activities.

## COUNT FOURTY-THREE – THEODORE -CUTPA, GENERAL STATUTES § 42-110b, et seq.

1. - 10.  The allegations of paragraphs 1. - 10. of Count Forty-Two are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Forty-Three.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.  As a result of the defendants' deceptive acts, Frank Theodore, Sr. has been caused to suffer a heart attack and sudden death.

14.  As a further result, the plaintiff's decedent was caused to suffer a complete destruction of his earning capacity and his capacity to carry on and enjoy all of life's other activities.

## COUNT FOURTY-FOUR –CASTRO-PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q

1.  At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.  The defendant MERCK is a "Product Seller" as defined in General Statutes § 52-572m.

3.  The plaintiff is Carmen Castro who resides in Hartford, Connecticut.

4.    On and for some time before 2004, the plaintiff had been prescribed VIOXX by her doctor. Per her doctor's orders, the plaintiff regularly consumed VIOXX.

5.    The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

6.    As a result of plaintiff's consumption of the drug VIOXX, she was caused to suffer a heart attack.

7.    At the time of its sale or distribution and continuing through the date of her heart attack, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

   a)    it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

   b)    adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

   c)    there was no adequate post-marketing warning and instruction;

   d)    the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

   e)    there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

   f)    consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.    One or more of the defects described above was a substantial factor in causing the plaintiff's injuries.

9.    The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

       10.     The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

       11.     The defendant breached these express warranties.

       12.     The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

       13.     The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

       14.     The defendant breached this implied warranty of merchantability.

       15.     The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

       16.     The defendant was negligent in one or more of the following ways:

a)     it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)     it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)     it failed to adequately and properly test VIOXX before and after placing it on the market;

d)     it failed to conduct sufficient testing on VIOXX;

e)     it failed to warn of the risk of heart attack, stroke, and sudden death;

f)     it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)     it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

17.    The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

18.    The plaintiff brings this action pursuant to General Statutes § 52-572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.    As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered a heart atatck.

20.    As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and she also suffered an impairment in her capacity to carry on and enjoy all of life's other activities.

## COUNT FOURTY-FIVE –CASTRO-PUNITIVE DAMAGES - GENERAL STATUTES § 52-240b

1. - 6.  Paragraphs 1. through 6. of Count Fourty-Four are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Fourty-Five.

7.    The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

a)    the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact that MERCK and its agents, servants, and employees were aware of those risks;

b)    they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)    they refused to provide adequate post-marketing warning and

instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d) they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e) they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f) they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8. The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9. As a result of the defendants' reckless disregard of product users, the plaintiff suffered a heart attack.

10. As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and she also suffered an impairment in her capacity to carry on and enjoy all of life's other activities.

## COUNT FOURTY-SIX – CASTRO-CUTPA, GENERAL STATUTES § 42-110b, et seq.

1. - 10. The allegations of paragraphs 1. - 10. of Count Forty-Five are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Forty-Six.

11. The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.  As a result of the defendants' deceptive acts, the plaintiff suffered a heart attack.

14.  As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and she also suffered an impairment in her capacity to carry on and enjoy all of life's other activities.

## COUNT FOURTY-SEVEN – MELENDEZ -PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q

1.  At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.  The defendant MERCK is a "Product Seller" as defined in General Statutes § 52-572m.

3.  The plaintiff is Michael Melendez who resides in Meriden, Connecticut.

4.  On and for some time before 2002, the plaintiff had been prescribed VIOXX by his doctor. Per his doctor's orders, the plaintiff regularly consumed VIOXX.

5.  The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

6.     As a result of plaintiff's consumption of the drug VIOXX, he was caused to suffer a stroke.

7.     At the time of its sale or distribution and continuing through the date of the onset of his stroke, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

   a)     it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

   b)     adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

   c)     there was no adequate post-marketing warning and instruction;

   d)     the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

   e)     there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

   f)     consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.     One or more of the defects described above was a substantial factor in causing the plaintiff's injuries.

9.     The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

10.     The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

11.     The defendant breached these express warranties.

12.     The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

13.     The defendant impliedly warranted that the subject VIOXX was of

merchantable quality.

14.     The defendant breached this implied warranty of merchantability.

15.     The breach of this implied warranty of merchantability by the defendant

was a substantial factor in causing the injuries to the plaintiff as described in this

complaint.

16.     The defendant was negligent in one or more of the following ways:

a)     it failed to include adequate warnings with the medication that would alert
       the plaintiff and other consumers to the potential risks and serious side
       effects of VIOXX ingestion;

b)     it failed to include adequate information or warnings with the medication
       that would alert plaintiff to refrain from use of VIOXX without first
       attempting traditional NSAIDs.

c)     it failed to adequately and properly test VIOXX before and after placing it
       on the market;

d)     it failed to conduct sufficient testing on VIOXX;

e)     it failed to warn of the risk of heart attack, stroke, and sudden death;

f)     it failed to provide adequate post marketing instructions regarding the
       risks of VIOXX use; and

g)     it failed to warn that VIOXX should not be used in conjunction with
       other risk factors such as family history of heart disease

17.     The negligence of the defendants was a substantial factor in causing the

injuries to the plaintiff as described in this complaint.

18.     The plaintiff brings this action pursuant to General Statutes § 52-572m, et.

seq., as amended (the "Connecticut Product Liability Act").

19.     As a result of the defective and unreasonably dangerous condition of

VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of

VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered a stroke.

20.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT FOURTY-EIGHT – MELENDEZ - PUNITIVE DAMAGES - GENERAL STATUTES § 52-240b

1. - 6.  Paragraphs 1. through 6. of Count Fourty-Seven are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Fourty-Eight.

7.     The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

   a)     the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact that MERCK and its agents, servants, and employees were aware of those risks;

   b)     they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

   c)     they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

   d)     they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

   e)     they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f) they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8. The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9. As a result of the defendants' reckless disregard of product users, the plaintiff suffered a stroke.

10. As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT FOURTY-NINE – MELENDEZ-CUTPA, GENERAL STATUTES § 42-110b, et seq.

1. - 10. The allegations of paragraphs 1. - 10. of Count Fourty-Eight are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Fourty-Nine.

11. The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12. The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13. As a result of the defendants' deceptive acts, the plaintiff suffered a stroke.

14.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT FIFTY – RAMOS -PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q

1.     At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.     The defendant MERCK is a "Product Seller" as defined in General Statutes § 52-572m.

3.     The plaintiff is Evangelina Ramos who resides in Hartford, Connecticut.

4.     On and for some time before February 28, 2003, the plaintiff had been prescribed VIOXX by her doctor. Per her doctor's orders, the plaintiff regularly consumed VIOXX.

5.     The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

6.     As a result of plaintiff's consumption of the drug VIOXX, she was caused to suffer a heart attack.

7.    At the time of its sale or distribution and continuing through the date of

her heart attack, VIOXX was in a defective condition unreasonably dangerous to the

plaintiff and others in one or more of the following ways:

  a)    it was not accompanied by proper warnings regarding all possible
        adverse side effects regarding its use;

  b)    adequate testing was not performed that would have shown that
        VIOXX possessed serious potential side effects with respect to
        which full warnings were necessary;

  c)    there was no adequate post-marketing warning and instruction;

  d)    the foreseeable risks of the use of VIOXX significantly exceeded the
        benefits associated with its design and formulation;

  e)    there were inadequate clinical trials, testing and study which would have
        uncovered serious risks associated with the product; and

  f)    consumers were unaware that for a small reduction in pain, they were
        risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.    One or more of the defects described above was a substantial factor in

causing the plaintiff's injuries.

9.    The subject VIOXX designed and sold by MERCK was expected to and

did reach the consumer without substantial change in condition.

10.    The defendant expressly warranted that the subject VIOXX was safe for

its intended uses, including the uses to which it was put by the plaintiff.

11.    The defendant breached these express warranties.

12.    The breach of these express warranties by the defendants was a substantial

factor in causing the injuries to the plaintiff as described in this complaint.

13.    The defendant impliedly warranted that the subject VIOXX was of

merchantable quality.

14.     The defendant breached this implied warranty of merchantability.

15.     The breach of this implied warranty of merchantability by the defendant

was a substantial factor in causing the injuries to the plaintiff as described in this

complaint.

16.     The defendant was negligent in one or more of the following ways:

a)      it failed to include adequate warnings with the medication that would alert
        the plaintiff and other consumers to the potential risks and serious side
        effects of VIOXX ingestion;

b)      it failed to include adequate information or warnings with the medication
        that would alert plaintiff to refrain from use of VIOXX without first
        attempting traditional NSAIDs.

c)      it failed to adequately and properly test VIOXX before and after placing it
        on the market;

d)      it failed to conduct sufficient testing on VIOXX;

e)      it failed to warn of the risk of heart attack, stroke, and sudden death;

f)      it failed to provide adequate post marketing instructions regarding the
        risks of VIOXX use; and

g)      it failed to warn that VIOXX should not be used in conjunction with
        other risk factors such as family history of heart disease

17.     The negligence of the defendants was a substantial factor in causing the

injuries to the plaintiff as described in this complaint.

18.     The plaintiff brings this action pursuant to General Statutes § 52-572m, et.

seq., as amended (the "Connecticut Product Liability Act").

19.     As a result of the defective and unreasonably dangerous condition of

VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of

VIOXX and/or the breach of express and/or implied warranties and/or the defendant's

negligence, the plaintiff suffered a heart attack.

20.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and she also suffered an impairment in her capacity to carry on and enjoy all of life's other activities.

## COUNT FIFTY-ONE – RAMOS - PUNITIVE DAMAGES - GENERAL

## STATUTES § 52-240b

1. - 6.  Paragraphs 1. through 6. of Count Fifty are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Fifty-One.

7.     The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

a)     the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact that MERCK and its agents, servants, and employees were aware of those risks;

b)     they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)     they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)     they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)     they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)     they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.     The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.     As a result of the defendants' reckless disregard of product users, the plaintiff suffered a heart attack.

10.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and she also suffered an impairment in her capacity to carry on and enjoy all of life's other activities.

## COUNT FIFTY-TWO – RAMOS - CUTPA, GENERAL STATUTES § 42-110b, et seq.

1. - 10.  The allegations of paragraphs 1. - 10. of Count Fifty-One are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Fifty-Two.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.     As a result of the defendants' deceptive acts, the plaintiff suffered a heart attack.

14.    As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and she also suffered an impairment in her capacity to carry on and enjoy all of life's other activities.

**WHEREFORE**, PLAINTIFFS CLAIM DAMAGES IN EXCESS OF FIFTEEN THOUSAND ($15,000.00) DOLLARS, AS WELL AS PUNITIVE DAMAGES PURSUANT TO GENERAL STATUTES §§ 42-110g(a) & 52-240a AND ATTORNEYS FEES PURSUANT TO GENERAL STATUTES § 42-110g(d), AND THIS MATTER IS WITHIN THE JURISDICTION OF THIS COURT.

## JURY TRIAL DEMAND

All Plaintiffs in this matter pursuant to Fed.R.Civ.P.38, Demand a trial by jury in all claims.

THE PLAINTIFFS,

BY:_____
     MICHAEL A. STRATTON
     STRATTON FAXON
     59 ELM STREET
     NEW HAVEN, CT 06510
     TEL: (203) 624-9500
     JURIS NO. CT08166