UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 2:06-CV-00810 | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| CHARLES MASON, | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * | | |

### DEFENDANT MERCK'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES OF MERCK & CO., INC. AND REQUEST FOR EXPEDITED HEARING

Plaintiff seeks an order compelling Merck & Co., Inc. ("Merck") to produce documents responsive to his June 7, 2006 case-specific Discovery Request ("Request") or, alternatively, requiring Merck to identify by Bates range the previously produced documents responsive to Plaintiff's Request and an expedited hearing on the issue.  Plaintiff's requests should be denied.

In June 2006, Plaintiff served Merck with an extraordinary 239 discovery requests, including the Request, that were in large part *general* requests disguised as "case specific"

- 1 -

requests.  Merck explained to Plaintiff repeatedly that almost everything sought in those 239 requests had already been produced by Merck in the MDL.  In the spirit of cooperation, however, Merck asked Plaintiff to narrow his requests so that Merck could respond to them quickly.

On July 24, 2006, Merck served Responses and Objections to Plaintiff's First Set of Case Specific Requests for Production ("Response").  Both prior to and after serving that Response, Merck informed Plaintiff that he already had the requested materials.  Additionally, Merck's Response directed Plaintiff to the specific categories in Merck's production that contained materials responsive to each of Plaintiff's "case specific" requests.  Further, Merck agreed to continue working with Plaintiff to resolve issues concerning the Response.  Without further discussion, Plaintiff filed the instant motion requesting additional documents and/or the specific Bates ranges for the responsive documents.

Merck has already produced all of the documents requested by Plaintiff.  Moreover, those documents were produced in clearly defined, searchable categories.  By now requesting that Merck also provide the specific Bates ranges of documents requested, Plaintiff is trying to shift the entire burden onto Merck to avoid the most basic obligation to do any work in reviewing Merck's Response.  Ordering a supplemental response would accomplish nothing more than unfairly imposing on Merck the additional task of re-reviewing documents that have already been collected, reviewed, and produced by Merck in this case.  Indeed, a substantive review of Merck's productions is a duty that, at this juncture, properly falls to Plaintiff in this case.  As discussed below, Plaintiff's motion should be denied in its entirety.

## FACTUAL BACKGROUND

As this Court is well aware, since the inception of this litigation, all general discovery requests and the responses thereto, including Merck's initial production and ongoing

supplementation of the MDL Master Discovery Responses, have been subject to oversight by the Court. In fact, on September 29, 2005, during an in-chambers meeting with both representatives of the Plaintiffs' Steering Committee ("PSC") and Merck's counsel prior to the MDL monthly status conference, this Court complimented Merck's efforts in preparing and producing Merck's MDL Master Discovery Response and the documents accompanying it.[1] Since then, Merck has continued to update the documents and explanations on record to further facilitate discovery in pending Vioxx® matters.

On June 6, 2006, Plaintiff served Merck with the first of two sets of case-specific discovery, including the Request. On June 7, 2006, Plaintiff served Merck with a second case-specific request for production. Plaintiff's purported case-specific requests now total an inconceivable 239 *new* discovery demands, most of which seek materials that are duplicative of documents accompanying the MDL Master Discovery Responses.

Counsel for both parties subsequently engaged in discussions during which Merck informed Plaintiff that most of the documents requested would likely be duplicative of the MDL Master Discovery Responses. Merck further explained that Plaintiff's large number of requests created a significant burden on Merck and that it was going to be exceedingly difficult for Merck to respond to this discovery in the midst of its other substantial discovery obligations in the MDL and Vioxx litigation across the country. In the spirit of cooperation, however, Merck engaged in further discussions with Plaintiff in an attempt to narrow the requests and to respond as quickly as possible to Plaintiff's numerous demands.

In furtherance of those discussions, on July 7, 2006, Plaintiff sent Merck a letter identifying the categories of documents specified in the Request that Plaintiff deemed most

---

[1] In the Summer of 2005, the PSC served a set of generic discovery requests relating to all MDL *In re: Vioxx Product Liability Litigation* matters ("MDL Master Discovery Requests"). Merck's MDL Master Discovery Response responded to those requests.

- 4 -

important.  (Plaintiff's Exhibit A.)  On July 13, 2006, Merck explained (again) to Plaintiff that most, if not all, responsive documents requested by Plaintiff had already been produced by Merck in the documents accompanying the MDL Master Discovery Responses or its case-specific productions, including the production of data extracted from the Field Activity and Customer Tracking System ("FACTS") database and the Merck Profile Form ("MPF") in this case.  (Plaintiff's Exhibit B.)  Merck also agreed to investigate further whether any additional case-specific materials existed and agreed to respond to the Request in accordance with the discovery schedule.  (*Id.*)  On July 24, 2006, Merck filed a response to the Request and confirmed that no additional responsive documents or data existed for production by Merck.  (Plaintiff's Exhibit C.)  Merck also directed Plaintiff to the specific categories in the MDL Master Discovery Responses and/or case-specific production that contain documents responsive to each and every one of Plaintiff's many case-specific requests.[2]  (*See generally*, Plaintiff's Exhibit C.)  Apparently unsatisfied, and unwilling to expend any effort to review Merck's Response and the MDL Master Discovery Responses (and its accompanying production of documents), Plaintiff filed the instant motion on July 28, 2006.

I.  **MERCK HAS ADEQUATELY RESPONDED TO PLAINTIFF'S CASE-SPECIFIC REQUEST.**

Rule 34(b) of the Federal Rules of Civil Procedure requires that "[a] party who produces documents for inspection shall produce them as they are kept in the usual course of business or

---

[2] Merck 's Response identified where plaintiff could find responsive materials.  *See, e.g.*, Response No. 1 (stating "Merck respectfully refers Plaintiff to Merck's previous production of responses to Professional Information Requests ("PIRs") regarding Vioxx; *see also*, Merck's Response No. 3 (stating "responsive, non-objectionable documents, if any, from the custodial file of Jan Lawrence have been or will be produced to Plaintiffs . . . [.] [I]nformation responsive to this Request may be included in the Merck Profile For ("MPF") provided to Plaintiff in this case, or the production of case-specific data from Merck's Field Activity Customer Tracking System ("FACTS") database and . . .documents containing information responsive to this Request have been produced by Merck in the federal MDL . . ., including but not limited to professional promotional materials for Vioxx; and patient production information and copies of the cartons for Vioxx.").  All of Merck's Responses have similar identifying information; thereby establishing the sufficiency of Merck's Response.

shall organize and label them to correspond with the categories in the request." The purpose of this Rule is "to prevent parties from 'deliberately...mix[ing] critical documents with others in the hope of obscuring significance.'" (internal citations omitted). *Standard Dyeing & Finishing Co. v. Arma Textile Printers Corp.*, 1987 U.S. Dist. LEXIS 868 (S.D.N.Y. 1987). Merck's Response is proper and furthers the purpose of Rule 34.

### A. Merck has already provided Plaintiff with the documents responsive to Plaintiff's Request.

Plaintiff has served two requests for production that include a total of 239 requests.[3] While Plaintiff titled the requests "case-specific," most of the requests have no connection to the *Mason* case at all. With the exception of certain custodial files for professional representatives, which are subject to ongoing negotiation among the parties, Plaintiff already possesses all of the documents and data sought in the Request. Accordingly, Plaintiff's request for additional documents is moot.

All documents responsive to Plaintiff's Request were disclosed in either Merck's production of documents accompanying its MDL Master Discovery Responses or in Merck's subsequent productions of case-specific materials in this case, including its FACTS and MPF productions. As explained to Plaintiff on numerous occasions, Merck has *no* new documents responsive to the Request.[4] Merck cannot reasonably be expected to reproduce to every individual Plaintiff a subset of specific documents it has already produced in the MDL. Indeed, those productions were made universally to the PSC to obviate the need for reproduction to plaintiffs' counsel of record or trial counsel in individual cases.

---

[3]   Plaintiff does not challenge the sufficiency of Merck's Response to the Plaintiff's Second Set of Case-Specific Requests for Production.

[4]   No additional responsive documents exist except for a set of limited documents from the sales representative custodial files. Counsel have agreed that Merck will produce certain sales representatives for deposition and that further discussions regarding those documents will take place, if necessary, following those depositions.

      B.      **Merck's document production is sufficient under Rule 34 and is not properly subject to Plaintiff's motion to compel under Rule 37.**

Additionally, Plaintiff asks Merck to identify by Bates ranges where the documents responsive to each of his requests are located in Merck's prior universal productions to PSC. This request, too, should be denied.

*First*, Merck's MDL Master Discovery Responses contain the very identifying information requested by Plaintiff in this case – namely, an individual breakdown of Merck's numerous custodial, departmental, and other productions identified by specific Bates number, which, in turn, correspond to the specific areas of discovery sought in the PSC's requests. Such information is more than sufficient to enable Plaintiff to locate the information Plaintiff now seeks in his Request.

*Second*, rather than simply a "dump" of unusable material, the production accompanying Merck's MDL Master Discovery Responses were purposefully crafted in such a way as to facilitate Plaintiffs' identification and retrieval of particular documents. The production is fully searchable and the documents contained therein are divided into specific categories that are easily identified by Bates range and provide a sufficient description. Merck has also taken steps to update the MDL Master Discovery Responses as additional non-objectionable responsive documents and data are discovered and produced in the national litigation. Further, since the MDL Master Discovery Responses were first served on September 15, 2005, Merck has produced an "objective coding report" each month that identifies the relevant Bates ranges for all productions to date, including supplemental productions of documents and data made to the PSC since the initial production accompanying the MDL Master Discovery Responses. In short, because Plaintiff already has, or has access to, all of the requested materials, providing Bates

ranges for the documents requested will accomplish nothing other than imposing an undue and unfair additional burden on Merck.

    C.    **Plaintiff cites to cases that further demonstrate the adequacy of Merck's Response.**

In support of the instant motion, Plaintiff relies on several readily distinguishable cases. In each of the cases cited, defendant produced a hodgepodge of unmanageable, unsearchable, voluminous documents. Under those circumstances, none of which exist here, the courts found that a supplemental response was warranted. For example, in *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611 (D. Kan 2005), the issue was whether defendant could avoid providing *any* identifying information about 18,000 documents that it produced in nine disorganized bankers boxes on the basis that the documents were produced in the form they were kept in the regular course of business. 230 F.R.D. at 618. The Court held that "a party who chooses the *Rule 34(b)* option to produce documents as they are kept in the ordinary course of business bears the burden of showing that the documents were in fact produced in that manner" and added that "merely categorizing the documents . . .without some further explanation, [does not] satisfy the requirement that they be produced as kept in the usual course of business." *Id*.

Similarly, in *In re Urethane Antitrust Litig.*, 2006 U.S. Dist. LEXIS 16848 (D. Kan. 2006), Plaintiff sought information about certain transactional data that was critical to Plaintiff's case, and which the Plaintiff contended the defendant had failed to provide. 2006 U.S. Dist. LEXIS at *5. Defendant countered that the information could be found "in data and documents already produced in this litigation," without providing any further indication of where the data could be found. *Id*. at *11. Given those circumstances, the court found that defendant's disclosure was inadequate. *Id*. at *12**.**

By the Court's own recognition of Merck's MDL Master Discovery Responses, this case is unlike those cited by Plaintiff. Here, Merck has provided the general terms and categories of information for all documents produced. Moreover, in response to Plaintiff's Request, Merck also identified *all of the prior response categories that contain responsive documents for every single question presented by Plaintiff*. (*See generally*, Plaintiff's Exhibit C.) Merck has provided sufficient information for Plaintiff to identify the documents responsive to each case-specific question Plaintiff asked; Plaintiff simply does not want to make *any* effort to locate that information. Because this is a wholly inadequate basis for requiring Merck to undertake a manifestly pointless additional burden, Plaintiff's motion should be denied.

II. **MERCK SHOULD NOT BE BURDENED WITH IDENTIFYING FOR PLAINTIFF EACH AND EVERY DOCUMENT MERCK BELIEVES IS RESPONSIVE TO PLAINTIFF'S SPECIFIC QUESTIONS.**

Plaintiff asserts that Merck should bear the burden of locating and identifying for Plaintiff all of the documents responsive to Plaintiff's Request. Plaintiff relies on *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 351 (N.D. Ill. 2005), for this claim. Again, Plaintiff's reliance on that case is misplaced. *In re Sulfuric Acid* considered whether a defendant could avoid producing identifying information or *any* explanation of the documents disclosed on the basis that the documents were produced as they were kept in the regular course of business. 231 F.R.D. at 362. The Court found that where defendant's file consisted of 350 boxes of responsive documents that had been "'transferred to storage' where they were no longer kept in any particular order, and where they remained until this litigation[,]" it was not unduly burdensome to have the defendants re-review the documents and provide additional information about the response. *Id*. Those facts simply do not apply to this case.

824592v.1

Unlike the defendant in *In re Sulfuric Acid*, Merck has aided rather than impeded discovery. First, Merck provided detailed discovery responses in accordance with this Court's pre-trial orders. Second, Merck re-reviewed all of its documents to determine whether any additional case-specific information should be produced. Third, Merck provided a written response that instructed Plaintiff exactly where to locate the documents responsive to every single case-specific document request. Compelling Merck to do more than this is unnecessary and would be patently unfair to Merck in this litigation. For this additional reason, Plaintiff's motion should be denied.

## CONCLUSION

Because there are no more responsive documents to produce to Plaintiff; because Plaintiff has had access to almost every single document responsive to Plaintiff's Request since long before this discovery dispute arose; and because Merck has complied with the Federal Rules of Civil Procedure and this Court's prior orders governing discovery and the production of responsive documents in this litigation, Plaintiff's motion should be denied in its entirety.

Dated: August 17, 2006                    Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:    504-581-3361

*Defendant's Liaison Counsel*

824592v.1

Philip S. Beck, 147168
Tarek Ismail, 6225226
Shayna S. Cook, 6285959
BARTLIT BECK HERMAN
PALENCHAR & SCOTT LLP
Courthouse Place
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
Telephone:        (312) 494-4400
Telecopier:       (312) 494-4440
And

Douglas R. Marvin
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
Telephone:        (202) 434-5000
Telecopier:       (202) 434-5029

      And

Richard Goetz
Ashley Harrington
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:    213-430-6407

*Attorneys for Defendant Merck & Co., Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing Opposition to Plaintiff's Motion to Compel has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail, or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 17th day of August, 2006.

                                                                                    /s/ Dorothy H. Wimberly
                                                                                   Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

824592v.1