UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

U. S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED 8-17-06
LORETTA G. WHYTE
CLERK

IN RE: VIOXX : MDL NO. 1657

PRODUCTS LIABILITY LITIGATION : SECTION: L

: JUDGE FALLON

: MAG. JUDGE KNOWLES

THIS DOCUMENT RELATES TO
*Barnett v. Merck & Co., Inc.*, 06-485

## JURY CHARGE—PUNITIVE DAMAGES

Members of the Jury:

The Plaintiff in this case seeks punitive damages. Since you have found Merck liable for compensatory damages, you must now consider the issue of punitive damages.

Punitive damages are imposed to further society's interests in punishing unlawful conduct and deterring its repetition by others. In deciding whether to impose punitive damages, and in deciding how much to impose, you should consider the actual or potential harm or injury suffered by the Plaintiff and the degree of reprehensibility of Merck & Co., Inc.'s misconduct. The most important consideration is the degree of reprehensibility of Merck's conduct, which you may determine by considering: whether the harm caused was physical as opposed to economic, whether the conduct showed indifference to or reckless disregard of the health and safety of others, whether the conduct involved repeated actions or was an isolated incident, and whether the

-1-

___ Process___
X  Dktd___
___ CtRmDep___
___ Doc. No.___

harm was the result of intentional malice, trickery, or deceit, or was a mere accident. Not all of these factors need be present, and there is no mathematical formula that must be applied. You should, however, presume that your award of compensatory damages makes the Plaintiff whole for the injuries themselves. You are to impose punitive damages only if you determine that Merck's conduct, after having paid compensatory damages, is so reprehensible that further punishment or deterrence is warranted.

In this case, punitive damages are warranted if you find by clear and convincing evidence that Merck's conduct was willful, wanton, or in reckless disregard of the Plaintiff's rights. Let me define these terms for you.

The words "willful, wanton, and reckless" are synonymous. The terms are used to describe a conscious failure to exercise and observe reasonable or due care. They represent an awareness of wrongful conduct and a continuation to act regardless of the consequences. The test for determining whether conduct is "willful, wanton, or reckless" is whether it has been committed in such a manner and under such circumstances that a person of ordinary reason or prudence would have been conscious of it as an invasion of the rights of the injured party.

"Clear and convincing evidence" is an elevated standard of proof, which lies between the lesser standard of "preponderance of the evidence," and the higher standard of "beyond a reasonable doubt," which is required in criminal cases. Clear and convincing evidence is that degree of proof which will produce in your mind a firm belief as to the allegations sought to be established. Clear and convincing evidence means evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.

In determining the amount of punitive damages, if any, to be assessed as punishment and as a deterrent to others, you should consider the following:

(1) Any penalty imposed should take into account the reprehensibility of the conduct, the harm caused, the defendant's awareness of the conduct's wrongfulness, the duration of the conduct, and any concealment;

(2) Any penalty imposed should take into account as a mitigating factor any other penalty that may have been imposed or which may be imposed for the conduct involved, including any criminal or civil penalty or any other punitive damages award arising out of the same conduct;

(3) The amount of any penalty may focus on depriving the defendant of profits derived from the improper conduct and on awarding the costs to the plaintiff of prosecuting the claim;

(4) Any penalty must be limited to punishment and thus may not effect economic bankruptcy. To this end, the ability of the Defendant to pay any punitive award entered should be considered.

In determining the amount of punitive damages, if any, that is necessary for punishment and deterrence, you may consider only the Defendant's wrongful conduct that occurred within the state of South Carolina. You may not award any punitive damages for the purpose of punishing the Defendant relative to the sale of Vioxx in other states, or for the purpose of punishing or deterring the Defendant's conduct outside the state of South Carolina.