IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>PRODUCTS LIABILITY LITIGATION | **MDL No. 1657**<br><br>SECTION: L<br><br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |
| This Document Relates to: *Monique Blakely, as Administratrix of the Estate of Lois Blakely, Deceased; George Brown, Jr., as Executor of the Estate of Bernice Alexander, Deceased; Bob Covelle, as Executor of the Estate of Susan Covelle, Deceased; Robert Dukes, Individually and as Executor of the Estate of Elsie Dukes, Deceased; Jean Jacobs, as Executrix of the Estate of Cora Lee Jacobs, Deceased; Gillian McNeil, Individually and as Administratrix of the Estate of James C. McNeil, Deceased; Rosa Webb, as Administratrix of the Estate of Ola Brewer, Deceased; Keith Smith and Kelly Wiley, as Administrators of the Estate of Victoria Vargas, Deceased, v. Merck & Co., Inc., et al.* (E.D. La. 06-4186) | **ANSWER AND JURY DEMAND OF DEFENDANT EDWARD M. SCOLNICK** |

Defendant Edward M. Scolnick, M.D. ("Dr. Scolnick"), by and through his

undersigned counsel, responds to Plaintiffs' Complaint ("Complaint") herein as follows:

1

## RESPONSE TO "PARTIES - PLAINTIFFS"

1. Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint, except admits that VIOXX® is Merck's trade name for rofecoxib.

2. Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint, except admits that VIOXX® is Merck's trade name for rofecoxib.

3. Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint, except admits that VIOXX® is Merck's trade name for rofecoxib.

4. Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint, except admits that VIOXX® is Merck's trade name for rofecoxib.

5. Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint, except admits that VIOXX® is Merck's trade name for rofecoxib.

6. Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint, except admits that VIOXX® is Merck's trade name for rofecoxib.

7. Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint, except admits that VIOXX® is Merck's trade name for rofecoxib.

10183634.2                        2

8.      Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint, except admits that VIOXX® is Merck's trade name for rofecoxib.

## RESPONSE TO "PARTIES - DEFENDANTS"

9.      Dr. Scolnick admits, upon information and belief, the allegations contained in paragraph 9 of the Complaint.

10.     The allegations contained in paragraph 10 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in said paragraph, except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX® until Merck voluntarily withdrew VIOXX® from the market on September 30, 2004.

11.     The allegations contained in paragraph 11 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in said paragraph, except admits, upon information and belief, that Merck maintained a research facility at 770 Sumneytown Pike, West Point, Pennsylvania.

12.     The allegations contained in paragraph 12 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in said paragraph.

13.     The allegations contained in paragraph 13 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 13 of the

Complaint, but admits that Dr. Peter Su Kim was Executive Vice President of Research and Development of Merck Research Laboratories from 2001 to 2002 and is currently President of Merck Research Laboratories and a member of Merck's Management Committee.

14.     The allegations contained in paragraph 14 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

15.     The allegations contained in paragraph 15 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

16.     The allegations contained in paragraph 16 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

17.     The allegations contained in paragraph 17 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

18.     The allegations contained in paragraph 18 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 18 of the Complaint, but admits that Dr. Louis M. Sherwood is the former Senior Vice President of U.S. Medical and Scientific Affairs within the U.S. Human Health Division of Merck.

19.     The allegations contained in paragraph 19 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required.  Should a response be

deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph.

20.     The allegations contained in paragraph 20 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

21.     The allegations contained in paragraph 21 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

22.     The allegations contained in paragraph 22 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

23.     The allegations contained in paragraph 23 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

24.     The allegations contained in paragraph 24 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

25.     The allegations contained in paragraph 25 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

26.     The allegations contained in paragraph 26 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

27. The allegations contained in paragraph 27 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Complaint.

28. The allegations contained in paragraph 28 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

29. The allegations contained in paragraph 29 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first and second sentences of paragraph 29 of the Complaint. Dr. Scolnick denies each and every allegation contained in the third sentence of paragraph 29 of the Complaint.

30. The allegations contained in paragraph 30 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

31. The allegations contained in paragraph 31 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

32. The allegations contained in paragraph 32 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

10183634.2

6

33.     The allegations contained in paragraph 33 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

34.     The allegations contained in paragraph 34 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

35.     Dr. Scolnick admits the allegations contained in the first, second, fourth and fifth sentences of paragraph 35 of the Complaint. Dr. Scolnick denies each and every allegation contained in the third sentence of paragraph 35 of the Complaint, except admits that he was Merck's chief scientist from the early 1990s until his retirement on December 31, 2002.

36.     Dr. Scolnick denies each and every allegation contained in paragraph 36 of the Complaint.

37.     Dr. Scolnick denies each and every allegation contained in paragraph 37 of the Complaint.

38.     Dr. Scolnick denies each and every allegation contained in paragraph 38 of the Complaint.

39.     Dr. Scolnick denies each and every allegation contained in paragraph 39 of the Complaint.

40.     The allegations contained in paragraph 40 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation in said paragraph.

## RESPONSE TO "JURISDICTIONAL STATEMENT"

10183634.2                                              7

41.     The allegations contained in paragraph 41 of the Complaint are legal

conclusions as to which no responsive pleading is required. Should a response be deemed

required, Dr. Scolnick denies each and every allegation in said paragraph.

## RESPONSE TO "BACKGROUND"

42.     Dr. Scolnick denies each and every allegation contained in paragraph 42

of the Complaint, except admits that Merck manufactured, marketed, and distributed the

prescription medicine VIOXX®, which reduces pain and inflammation, and that the mechanism

of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an

enzyme known as cyclooxygenase-2 ("COX-2"). Dr. Scolnick further admits that VIOXX® is

Merck's trade name for rofecoxib.

43.     Dr. Scolnick denies each and every allegation contained in the first two

sentences of paragraph 43 of the Complaint, except admits that VIOXX® is a selective COX-2

inhibitor. Dr. Scolnick denies each and every allegation contained in the third and fourth

sentences of paragraph 43.

44.     Dr. Scolnick denies each and every allegation contained in paragraph 44

of the Complaint.

45.     Dr. Scolnick denies each and every allegation contained in paragraph 45

of the Complaint, except admits, upon information and belief, that on November 23, 1998,

Merck submitted a New Drug Application ("NDA") for VIOXX® 12.5 mg and VIOXX® 25 mg

tablets and respectfully refers the Court to said NDA for its actual language and full text.

46.     Dr. Scolnick denies each and every allegation contained in paragraph 46

of the Complaint, except admits, upon information and belief, that on November 23, 1998,

Merck submitted a New Drug Application ("NDA") for VIOXX® 12.5 mg/mL and VIOXX® 25

mg/mL oral suspension and respectfully refers the Court to said NDA for its actual language and full text.

47.     Dr. Scolnick denies each and every allegation contained in paragraph 47 of the Complaint, except admits that Merck sought and received FDA approval to manufacture and market the prescription medicine VIOXX® and respectfully refers the Court to the prescribing information for VIOXX® for its indicated uses.

48.     Dr. Scolnick denies each and every allegation contained in the first sentence of paragraph 48 of the Complaint and respectfully refers the Court to the referenced supplemental New Drug Application ("sNDA") for its actual language and full text. Dr. Scolnick denies each and every allegation contained in the second sentence of paragraph 48 of the Complaint, except admits, upon information and belief, that Merck scientists participated in the VIGOR study involving VIOXX® and respectfully refers the Court to the referenced study for its actual conclusions and full text. Dr. Scolnick denies each and every allegation contained in the third sentence of paragraph 48 of the Complaint.

49.     Dr. Scolnick admits that in paragraph 49 of the Complaint Plaintiffs appear to have accurately quoted the document referenced in said paragraph and respectfully refers the Court to the referenced document for its actual language and full text.

50.     Dr. Scolnick denies each and every allegation contained in paragraph 50 of the Complaint.

51.     Dr. Scolnick denies each and every allegation contained in paragraph 51 of the Complaint, except admits, upon information and belief, that Merck received the referenced letter and respectfully refers the Court to the referenced letter for its actual language and full text.

52.     Dr. Scolnick denies each and every allegation contained in paragraph 52 of the Complaint, except admits, upon information and belief, that Merck received the referenced letter and respectfully refers the Court to the referenced letter for its actual language and full text.

53.     Dr. Scolnick denies each and every allegation contained in paragraph 53 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the VIOXX® prescribing information, a so-called "Dear Doctor" letter and a Patient Information sheet, and respectfully refers the Court to the referenced prescribing information for VIOXX®, "Dear Doctor" letter and Patient Information sheet for their actual language and full text.

54.     Dr. Scolnick denies each and every allegation contained in paragraph 54 of the Complaint.

55.     Dr. Scolnick denies each and every allegation contained in paragraph 55 of the Complaint.

56.     Dr. Scolnick denies each and every allegation contained in paragraph 56 of the Complaint.

57.     Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 57 of the Complaint, except admits that Plaintiffs purport to quote from the Merck 2001 Annual Report and respectfully refers the Court to the referenced report for its actual language and full text.

58.     Dr. Scolnick denies each and every allegation contained in paragraph 58 of the Complaint, except admits that Plaintiffs purport to quote from an 8-K Securities and Exchange Commission filing and respectfully refers the Court to the referenced document for its actual language and full text.

10183634.2                              10

59.    Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 59 of the Complaint, except admits the existence of the journal and the article contained therein and respectfully refers the Court to the referenced document for its actual language and full text.

60.    Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 60 of the Complaint, except admits, upon information and belief, the existence of the referenced study and respectfully refers the Court to said study for its actual language and full text.

61.    Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 61 of the Complaint, except admits, upon information and belief, the existence of the referenced article and respectfully refers the Court to said article for its actual language and full text.

62.    Dr. Scolnick denies each and every allegation contained in paragraph 62 of the Complaint.

63.    Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 63 of the Complaint.

64.    Dr. Scolnick denies each and every allegation contained in the first sentence of paragraph 64 of the Complaint, except admits, upon information and belief, that Merck made an announcement regarding its voluntary withdrawal of VIOXX® from the market on September 30, 2004, and respectfully refers the Court to said announcement for the contents thereof. Dr. Scolnick denies each and every allegation contained in the second sentence of paragraph 64 of the Complaint.

65.     Dr. Scolnick denies each and every allegation set forth in paragraph 75, including subparagraphs a through l, of the Complaint, except admits the referenced study, article, and editorial exist, and respectfully refers the Court to said documents for their actual conclusions and full text.

66.     Dr. Scolnick denies each and every allegation contained in paragraph 66 of the Complaint.

## RESPONSE TO "CAUSES OF ACTION"

### RESPONSE TO "COUNT I - NEGLIGENCE
Plaintiffs vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D. and Edward Scolnick, M.D."

67.     With respect to the allegations contained in paragraph 67 of the Complaint, Dr. Scolnick repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

68.     Dr. Scolnick denies each and every allegation contained in paragraph 68 of the Complaint.

69.     Dr. Scolnick denies each and every allegation contained in paragraph 69 of the Complaint.

70.     Dr. Scolnick denies each and every allegation contained in paragraph 70 of the Complaint, including subparagraphs a. - f.

71.     Dr. Scolnick denies each and every allegation contained in paragraph 71 of the Complaint.

72.     Dr. Scolnick denies each and every allegation contained in paragraph 72 of the Complaint.

73.     Dr. Scolnick denies each and every allegation contained in paragraph 73 of the Complaint.  As for the "Wherefore" section under paragraph 73, no responsive pleading is required.  Should a response be required, Dr. Scolnick denies each and every allegation contained in this "Wherefore" section, except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

## RESPONSE TO "COUNT II - BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### Plaintiffs vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D., and Edward Scolnick, M.D."

74.     With respect to the allegations contained in paragraph 74 of the Complaint, Dr. Scolnick repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

75.     Dr. Scolnick denies each and every allegation contained in paragraph 75 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

76.     Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 76 of the Complaint.

77.     The allegations contained in paragraph 77 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in said paragraph.

78.     Dr. Scolnick denies each and every allegation contained in paragraph 78 of the Complaint.

79.     Dr. Scolnick denies each and every allegation contained in paragraph 79 of the Complaint.

10183634.2                              13

80.     Dr. Scolnick denies each and every allegation contained in paragraph 80 of the Complaint.

81.     The allegations contained in paragraph 81 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in said paragraph, except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

82.     Dr. Scolnick denies each and every allegation contained in paragraph 82 of the Complaint.

83.     Dr. Scolnick denies each and every allegation contained in paragraph 83 of the Complaint.

84.     Dr. Scolnick denies each and every allegation contained in paragraph 84 of the Complaint.

85.     Dr. Scolnick denies each and every allegation contained in paragraph 85 of the Complaint.  As for the "Wherefore" section under paragraph 85, no responsive pleading is required.  Should a response be required, Dr. Scolnick denies each and every allegation contained in this "Wherefore" section, except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

### RESPONSE TO "COUNT III - BREACH OF EXPRESS WARRANTY
### Plaintiffs vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice,
### Louis  Sherwood, M.D. and Edward Scolnick, M.D."

86.     With respect to the allegations contained in paragraph 86 of the Complaint, Dr. Scolnick repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

10183634.2                                  14

87.     Dr. Scolnick denies each and every allegation contained in paragraph 87 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

88.     Dr. Scolnick denies each and every allegation contained in paragraph 88 of the Complaint.

89.     Dr. Scolnick denies each and every allegation contained in paragraph 89 of the Complaint.

90.     Dr. Scolnick denies each and every allegation contained in paragraph 90 of the Complaint.

91.     Dr. Scolnick denies each and every allegation contained in paragraph 91 of the Complaint.

92.     Dr. Scolnick denies each and every allegation contained in paragraph 92 of the Complaint.

93.     Dr. Scolnick denies each and every allegation contained in paragraph 93 of the Complaint.

94.     Dr. Scolnick denies each and every allegation contained in paragraph 94 of the Complaint.

95.     Dr. Scolnick denies each and every allegation contained in paragraph 95 of the Complaint.

96.     Dr. Scolnick denies each and every allegation contained in paragraph 96 of the Complaint.

97.     Dr. Scolnick denies each and every allegation contained in paragraph 97 of the Complaint.

98.     Dr. Scolnick denies each and every allegation contained in paragraph 98 of the Complaint.

99.     Dr. Scolnick denies each and every allegation contained in paragraph 99 of the Complaint.

100.    Dr. Scolnick denies each and every allegation contained in paragraph 100 of the Complaint. As for the "Wherefore" section under paragraph 100, no responsive pleading is required. Should a response be required, Dr. Scolnick denies each and every allegation contained in this "Wherefore" section, except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

## RESPONSE TO "COUNT IV - FRAUD AND MISREPRESENTATION Plaintiffs vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D., and Edward Scolnick, M.D."

101.    With respect to the allegations contained in paragraph 101 of the Complaint, Dr. Scolnick repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

102.    The allegations contained in paragraph 102 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies each and every allegation contained in said paragraph, except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

103.    Dr. Scolnick denies each and every allegation contained in paragraph 103 of the Complaint.

104.    Dr. Scolnick denies each and every allegation contained in paragraph 104 of the Complaint, except admits that Merck marketed the prescription medicine VIOXX®.

105.    Dr. Scolnick denies each and every allegation contained in paragraph 105 of the Complaint.

106.    Dr. Scolnick denies each and every allegation contained in paragraph 106 of the Complaint.

107.    Dr. Scolnick denies each and every allegation contained in paragraph 107 of the Complaint.

108.    Dr. Scolnick denies each and every allegation contained in paragraph 108 of the Complaint.

109.    Dr. Scolnick denies each and every allegation contained in paragraph 109 of the Complaint.

110.    Dr. Scolnick denies each and every allegation contained in paragraph 110 of the Complaint. As for the "Wherefore" section under paragraph 110, no responsive pleading is required. Should a response be required, Dr. Scolnick denies each and every allegation contained in this "Wherefore" section, except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

## RESPONSE TO "COUNT V - VIOLATION OF CONSUMER PROTECTION LAWS
### Plaintiffs vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D., and Edward Scolnick, M.D."

111.    With respect to the allegations contained in paragraph 111 of the Complaint, Dr. Scolnick repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

112.    Dr. Scolnick denies that Plaintiffs and Plaintiffs' decedents suffered ascertainable losses as a result of Defendants' actions in violation of the consumer protection

10183634.2                                          17

laws, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 112 of the Complaint.

113.    The allegations contained in paragraph 113 of the Complaint are not directed at Dr. Scolnick and therefore no responsive pleading is required. Should a response be deemed required, Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 113 of the Complaint.

114.    Dr. Scolnick denies each and every allegation contained in paragraph 114 of the Complaint, including subparagraphs a.-c.

115.    Dr. Scolnick denies each and every allegation contained in paragraph 115 of the Complaint.

116.    Dr. Scolnick denies each and every allegation contained in paragraph 116 of the Complaint.

117.    Dr. Scolnick denies each and every allegation contained in paragraph 117 of the Complaint.

118.    Dr. Scolnick denies each and every allegation contained in paragraph 118 of the Complaint. As for the "Wherefore" section under paragraph 118, no responsive pleading is required. Should a response be required, Dr. Scolnick denies each and every allegation contained in this "Wherefore" section, except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

## RESPONSE TO "COUNT VI - PUNITIVE DAMAGES
### Plaintiffs vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D., and Edward Scolnick, M.D."

119.    With respect to the allegations contained in paragraph 119 of the Complaint, Dr. Scolnick repeats and re-alleges each and every admission, denial, averment, and

10183634.2                                        18

statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

120.    Dr. Scolnick denies each and every allegation contained in paragraph 120 of the Complaint.

121.    Dr. Scolnick denies each and every allegation contained in paragraph 121 of the Complaint.

122.    Dr. Scolnick denies each and every allegation contained in paragraph 122 of the Complaint.

123.    Dr. Scolnick denies each and every allegation contained in paragraph 123 of the Complaint.

124.    Dr. Scolnick denies each and every allegation contained in paragraph 124 of the Complaint.

125.    Dr. Scolnick denies each and every allegation contained in paragraph 125 of the Complaint.

126.    Dr. Scolnick denies each and every allegation contained in paragraph 126 of the Complaint.  As for the "Wherefore" section under paragraph 126, no responsive pleading is required.  Should a response be required, Dr. Scolnick denies each and every allegation contained in this "Wherefore" section, except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

## RESPONSE TO "COUNT VII - WRONGFUL DEATH
## Plaintiff vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice,
## Louis Sherwood, M.D., and Edward Scolnick, M.D."

127.    With respect to the allegations contained in paragraph 127 of the Complaint, Dr. Scolnick repeats and re-alleges each and every admission, denial, averment, and

statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

128.    Dr. Scolnick denies each and every allegation contained in paragraph 128 of the Complaint except admits that Plaintiff purports to bring this action as stated but Dr. Scolnick denies there is any legal or factual basis for the same.

129.    Dr. Scolnick denies each and every allegation contained in paragraph 129 of the Complaint.

130.    Dr. Scolnick denies each and every allegation contained in paragraph 130 of the Complaint. As for the "Wherefore" section under paragraph 130, no responsive pleading is required. Should a response be required, Dr. Scolnick denies each and every allegation contained in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

## RESPONSE TO "COUNT VIII - SURVIVAL ACTION
## Plaintiffs vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D., and Edward Scolnick, M.D."

131.    With respect to the allegations contained in paragraph 131 of the Complaint, Dr. Scolnick repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

132.    Dr. Scolnick denies each and every allegation contained in paragraph 132 of the Complaint.

133.    Dr. Scolnick denies each and every allegation contained in paragraph 133 of the Complaint.

134.    Dr. Scolnick denies each and every allegation contained in paragraph 134 of the Complaint.

135.    Dr. Scolnick denies each and every allegation contained in paragraph 135 of the Complaint.

136.    Dr. Scolnick denies each and every allegation contained in paragraph 136 of the Complaint.

137.    Dr. Scolnick denies each and every allegation contained in paragraph 137 of the Complaint. As for the "Wherefore" section under paragraph 137, no responsive pleading is required. Should a response be required, Dr. Scolnick denies each and every allegation contained in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

## RESPONSE TO "COUNT IX - LOSS OF CONSORTIUM
### Plaintiffs vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D., and Edward Scolnick, M.D."

138.    With respect to the allegations contained in paragraph 138 of the Complaint, Dr. Scolnick repeats and re-alleges each and every admission, denial, averment, and statement contained in the proceeding paragraphs of this Answer with the same force and effect as though set forth here in full.

139.    Dr. Scolnick denies knowledge or information sufficient to form a belief as to the truth of falsity of the allegations contained in paragraph 139 of the Complaint.

140.    Dr. Scolnick denies each and every allegation contained in paragraph 140 of the Complaint.

141.    Dr. Scolnick denies each and every allegation contained in paragraph 141 of the Complaint.

142.    Dr. Scolnick denies each and every allegation contained in paragraph 142 of the Complaint.

143.    Dr. Scolnick denies each and every allegation contained in paragraph 143 of the Complaint.

144.    Dr. Scolnick denies each and every allegation contained in paragraph 144 of the Complaint.

145.    Dr. Scolnick denies each and every allegation contained in paragraph 145 of the Complaint.

146.    Dr. Scolnick denies each and every allegation contained in 146 of the Complaint.  As for the "Wherefore" section under paragraph 146, no responsive pleading is required.  Should a response be required, Dr. Scolnick denies each and every allegation contained in this "Wherefore" section, except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

## AFFIRMATIVE DEFENSES

147.    Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

148.    The Complaint fails to state a claim upon which relief can be granted.

149.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

150.    If Plaintiffs and Plaintiffs' decedents have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

10183634.2                                          22

151.    To the extent that Plaintiffs assert claims based on Defendants' adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

152.    To the extent that Plaintiffs assert claims based upon an alleged failure by Defendants to warn Plaintiffs and Plaintiffs' decedents directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

153.    If Plaintiffs and Plaintiffs' decedents have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs and Plaintiffs' decedents.

154.    Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative negligence.

155.    If Plaintiffs and Plaintiffs' decedents have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs' decedents knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

156.    If Plaintiffs and Plaintiffs' decedents have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

10183634.2                                    23

157.    If Plaintiffs and Plaintiffs' decedents have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' decedents' misuse or abuse of VIOXX®.

158.    If Plaintiffs and Plaintiffs' decedents have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' decedents' pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which Dr. Scolnick is not responsible.

159.    To the extent Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice and lack of privity and because the alleged warranties were disclaimed.

160.    Plaintiffs' claims are barred in whole or in part under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

161.    Plaintiffs' claims are barred in whole or in part by the First Amendment.

162.    Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

163.    Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

164.    Plaintiffs' claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of VIOXX® and any other drug or pharmaceutical preparation Plaintiffs allege Plaintiffs' decedents to have taken within the meaning of comment j of Section 402A of the Restatement (Second) of Torts.

165.    Plaintiffs' claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

166.    This case is more appropriately brought in a different venue.

167.    To the extent Plaintiffs settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Dr. Scolnick's liability, if any, should be reduced accordingly.

168.    To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

169.    Plaintiffs' claims are barred in whole or in part because Plaintiffs have failed to mitigate the alleged damages.

170.    Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b) and Pa. R. Civ. P. 1019(b).

171.    Plaintiffs' claims are barred in whole or in part because VIOXX® "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

172.    To the extent Plaintiffs seek punitive damages for an alleged act or omission of Defendants, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

173.    Plaintiffs' demand for punitive damages is barred because VIOXX® and its labeling were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

174.   To the extent Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Dr. Scolnick's state and federal constitutional rights.

175.   The Complaint fails to state a cause of action against Dr. Scolnick because he was an employee of Defendant Merck and was acting within the course and scope of his employment.

176.   The Complaint fails to state a cause of action against Dr. Scolnick to the extent any alleged conduct occurred after Dr. Scolnick's retirement from Merck on December 31, 2002.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Dr. Scolnick to determine all of his legal, contractual and equitable rights, Dr. Scolnick reserves his right to amend and supplement the averments of his answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Dr. Scolnick will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Dr. Scolnick respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Dr. Scolnick his reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

## JURY DEMAND

Dr. Scolnick demands a trial by jury as to all issues so triable.

Dated: New York, New York
August 14, 2006

Respectfully submitted,

*[signature]*

Martin L. Perschetz, Esq.
Sung-Hee Suh, Esq.
William H. Gussman, Jr., Esq.
Barbara Reid, Esq.
**SCHULTE ROTH & ZABEL LLP**
919 Third Avenue
New York, NY 10022
Phone: (212) 756-2000
Fax: (212) 593-5955
E-mail: bill.gussman@srz.com

C. Clark Hodgson, Jr., Esq.
Michael D. O'Mara, Esq.
Leslie Miller Greenspan, Esq.
**STRADLEY RONON STEVENS & YOUNG, LLP**
2600 One Commerce Square
Philadelphia, PA 19103-7098
(212) 564-8000

*Attorneys for Defendant*
*Edward M. Scolnick, M.D.*

10183634.2                                        27

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Jury Demand of Defendant Edward M. Scolnick has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 17th day of August, 2006.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

804313v.1