**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION | MDL No. 1657 |
| | Section L |
| THIS DOCUMENT RELATES TO: | Judge Eldon E. Fallon |
| *Robert G. Smith v. Merck & Co., Inc.*<br>Case No. 2:05-CV-04378 | Magistrate Judge Daniel E. Knowles, III |

<u>PLAINTIFF ROBERT GARRY SMITH'S MOTION TO COMPEL DISCOVERY
RESPONSES OF MERCK & CO., INC., AND REQUEST FOR EXPEDITED HEARING</u>

Plaintiff Robert Garry Smith asks this Court for an Order compelling Merck to produce documents responsive to his case specific request for production or, at a minimum, require Merck to identify by Bates stamp numbers the documents from which the requested information may be ascertained. Further, Plaintiff asks the Court to order Merck to enter good faith responses to his interrogatories.

**I.**
**FACTS**

Plaintiff served Merck with his First Set of Case Specific Requests for Production, Request for Admissions, and First Set of Interrogatories on July 11, 2006. Six days after propounding written discovery, on July 17, 2006, undersigned counsel requested expedited discovery responses to prepare for the anticipated presentation of then-designated expert Dr. Mark Furman. The next day, Plaintiff again requested that all discovery responses are due July 31, 2006, one day prior to the August 1 discovery cut-off date. These expedited responses were essential and necessary because adhering to PTO 17 allowing for 45 days for response would have Plaintiff receive discovery responses, and more likely than not an abundance of discovery objections (which prediction obviously came true as evidenced by this motion), less than two

weeks before trial.  On July 19 Defendants agreed to serve discovery responses on August 10, 2006, just 21 business days before trial begins.

August 10 has come and gone and Defendants have yet to serve its responses to Requests for Admissions; Plaintiff is still engaged in ongoing negotiations to procure these responses.  The discovery answers Defendants actually bothered to serve, albeit a day late on August 11, were riddled with virtually identical objections to every request and repeatedly stated that documents containing information responsive to the requests have been produced by Merck in the federal Vioxx MDL.

This abuse of the discovery process and defective responses came as no surprise to Plaintiff. Plaintiff is aware that these discovery "tactics" have become standard operating procedure for Merck in this litigation and Plaintiff understands this same type of "responses" has been employed in the *Mason v. Merck* matter set for trial in this Court in October.  Plaintiff understands that the Plaintiff's counsel in *Mason* has brought a similar motion to compel discovery responses, and also requested an expedited hearing.  In the interest of judicial economy, Plaintiff requests that these issues be heard in a joint hearing and that these matters be resolved.  Plaintiff brings this motion with exactly one month left to prepare its case for trial, and any additional delay in answers and receipt of discovery responses will further prejudice the Plaintiff.

### *Merck Produced No Documents Responsive to Requests For Production*

On August 11, 2006, Merck served its objections and responses to Plaintiff's Request For Production.  *See* Merck & Co., Inc.'s Responses and Objections to Plaintiff's First Set of Case Specific Requests For Production, attached as Exhibit 1.

Prior to serving their requests for production, Plaintiff's counsel spent hours in the Merck document depository searching for the requested case specific documents.  After being unable to locate these documents, Plaintiff's counsel prepared the subject discovery requests, making them as case specific as possible in order that responsive documents could be easily identified by Merck.  Consequently, there are a large number of very specific requests as opposed to a small number of broad requests.   In an effort to minimize Merck's concern over the number of requests, and in view of the impending depositions, Plaintiff's counsel attempted to narrow the requests in order to ensure that certain documents would be produced prior to the depositions. These requests were custom-tailored for the presentation of Plaintiff's case; none of the documents requested by Plaintiff veered outside the Plaintiff's market area nor did they go beyond the timeframe Vioxx was on the market.

On August 11, 2006, Merck served its objections and responses to Plaintiff's requests for production.  *See* Merck & Co., Inc.'s Responses and Objections to Plaintiffs' First Set of Case Specific Requests for Production, attached as Exhibit 1.  Merck failed to produce one single document and asserted virtually identical unfounded objections to each and every request and repeatedly stated that documents containing information responsive to the requests have been produced by Merck in the federal Vioxx MDL.  Further, Defendants continuously made trivial objections taking issue with the meaning of every day terms such as "reflecting" and "distributed."   Despite Plaintiff's requests, Merck refuses to provide the Bates stamp ranges where the responsive documents can be located.

These requests for production sought by Plaintiff are necessary for him to properly present his case. He is entitled to these documents under the Federal Rules of Civil Procedure, and accordingly he asks this Court to compel the documents categorized as follows:

a.      Requests for Production 8-10; These requests seek documents relating to Vioxx distributed (sold or via samples) in Kentucky (narrowed to market area in which Plaintiff resided).

b.      Requests for Production 12-16; Requests documents referred to in the call notes of Amy Block (sales representative with the most calls on Plaintiff's treating physician).

c.      Requests for Production 17-19; Requests documents relating to lectures attended by Dr. Grefer (Plaintiff's treating physician).

d.      Requests for Production 20-22; Requests documents relating to meetings between Dr. Grefer and sales representatives.

e.      Requests for Production 23-26; Requests documents relating to Physician Inquiry Requests made by Plaintiff's treating physicians.

f.      Requests for Production 28-29; Requests documents referred to by sales representatives in call notes.

g.      Requests for Production 32-33; Requests documents relating to advertising in Kentucky and Ohio for years 1999-2004.

h.      Requests for Production 34-36; Requests documents relating to sales training utilized in Kentucky and Ohio for years 1999-2004.

i.      Requests for Production 37-54; Requests personnel files for sales representatives calling upon Plaintiff's treating physicians for years 1999-2004.

j.      Requests for Production 55-58; Requests documents relating to compensations for sales representatives calling upon Plaintiff's treating physicians.

k.      Requests for Production 59-60; Requests documents relating to Merck "obstacle responses" used on Plaintiff's treating physicians.

l.      Requests for Production 64-65; Requests documents relating to "Project Offense" used in Kentucky and Ohio.

m.      Requests for Production 66-67; Requests Merlin sales reports in Kentucky and Ohio between 1999-2004.

n.      Requests for Production 68-85; Requests Field Sales Performance Reports ("FSPRs") for sales representatives calling upon treating physicians between 1999-2004.

o.      Requests for Production 11, 88-99; Requests documents relating to money spent on advertising in Kentucky and Ohio for years 1999-2004.

p.      Requests for Production 100-103; Requests medical articles shown to Plaintiff's treating physicians for years 1999-2004.

Trial in this matter is scheduled to begin on September 11, 2006.  The deadline for all discovery has passed.

### *Merck's Interrogatory Responses Are Insufficient and Their Objections Unfounded*

Also, on August 11, 2006, Merck served its objections and responses to Plaintiff's Interrogatories.  *See* Merck & Co., Inc.'s Responses and Objections to Plaintiffs' First Set of Interrogatories, attached as Exhibit 2.   Like Plaintiff's Request For Production, the interrogatories were narrowly tailored to seek case-specific information necessary to the presentation of the Plaintiff's case; this discovery was not part of any global discovery effort. Defendants cut and pasted virtually the exact same objections for each and every response refusing to answer the most simple and straightforward of questions.   The interrogatories Plaintiff asks this Court to compel the Defendant to answer are as follows:

    a.   Interrogatory 3; Asks for Merck's position on the cause of Plaintiff's heart attack.
    b.   Interrogatory 4; Asks for Merck's position of the cause of Plaintiff's plaque rupture.
    c.   Interrogatory 5; Asks for Merck's explanation of why Vioxx did not cause Plaintiff's heart attack.
    d.   Interrogatory 21-22; Asks for the number of Merck Vioxx prescriptions distributed in Kentucky for years 1999-2004.

Plaintiff must give opening statements in this trial in just 15 business days.  The time for Merck to properly respond to discovery requests has passed.

## II.
### ARGUMENT

The Federal Rules of Civil Procedure allow the Court to compel complete discovery responses to Plaintiff's properly propounded discovery requests.  FED.R.CIV.P. 37.  Parties are required to produce requested documents as they are kept in the usual course of business *or* organize and label them to correspond with the categories in the request.  FED.R.CIV.P. 34 (b). Courts have required parties to supplement their discovery responses and identify by Bates stamp number the documents from which the requested information may be ascertained.  *See Cardenas*

*v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 618-619 (D. Kan. 2005) ("the easiest way for DJG to comply with the 'organize and label' requirement would be for DJG to identify, by the Bates Numbers the DJG lawyers have already stamped on the documents, which documents are responsive to each of the document requests, as Plaintiffs have requested"); *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 351, 365 (N.D. Ill. 2005) (defendant's discovery responses were inadequate where it referred plaintiffs generally to the entire document production); *In re Urethane Antitrust Litig.*, 2006 U.S. Dist. LEXIS 16848 *10 (D. Kan. 2006) (defendant was ordered to identify by Bates stamp number the documents containing transactional data that it previously produced).

Given the sheer volume of documents and number of cases involved in the Vioxx MDL, the Court has naturally developed a protocol governing the parties' document production. However, although Merck claims that case specific documents have been produced in accordance with that protocol, Plaintiff's counsel has been unable to locate the case specific documents despite a thorough search of the depository.  Plaintiff has no way of determining whether the case specific documents have actually been produced by Merck.  Because Merck's responses offer no guidance on the location of these documents, Plaintiff is no closer to obtaining the documents needed to prepare his case for trial.  Plaintiff was already forced to participate in the depositions of Drs. Grefer and Heis without the benefit of the requested documents.

Merck is unwilling to provide the Bates ranges because of the time required to complete such a task and the precedent such an agreement would set in other Vioxx cases.  However, the effort involved in reviewing the documents and identifying the case specific documents is not as great for Merck as it is for Plaintiff since Merck is more familiar with the documents.  *In re*

*Sulfuric Acid Antitrust Litig.*, 231 F.R.D.at 366.  Consequently, Merck will be more easily able to locate and identify by Bates stamp range the responsive documents than would Plaintiff.

There is still a significant amount of discovery to be conducted in this case.  Without the requested documents, Plaintiff cannot adequately prepare for trial.  Although efforts have been made and continue to be made to resolve this issue without the Court's intervention, the parties have been unable to reach an agreement.  Given the number of upcoming discovery events and the date of trial in this case, Plaintiff requests an expedited hearing on this motion.

**III.**

For the foregoing reasons, Plaintiff asks the Court to order Merck to produce, or identify by Bates stamp number, all documents responsive to Plaintiff's First Set of Case Specific Discovery Requests for Production and to respond to Plaintiff's First Set of Interrogatories.

Respectfully submitted,

/s/ Grant Kaiser
Grant Kaiser
Texas Bar No. 11078900
**THE KAISER FIRM LLP**
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
(713)-223-0000; fax (713) 223-0440
**ATTORNEY IN CHARGE**

James L. "Larry" Wright
Texas Bar No. 22038500
**THE WATTS LAW FIRM LLP**
111 Congress Avenue, Suite 1010
Austin, Texas 78701
(512) 479-0500; fax (512) 473-0328

John Eddie Williams, Jr.
Texas Bar No. 21600300
Amy M. Carter
Texas Bar No. 24004580
**WILLIAMS BAILEY LAW FIRM LLP**
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
(713) 230-2200; fax (713) 643-6226

Walter Umphrey
Texas Bar No. 20380000
**PROVOST UMPHREY LAW FIRM LLP**
490 Park Street
Beaumont, Texas 77701
(409) 835-6000; fax (409) 838-8888

7

Drew Rainer                                       Mikal Watts
Louisiana Bar No. 8320                             Texas Bar No. 20981820
**RANIER, GAYLE & ELLIOT LLC**                    **THE WATTS LAW FIRM LLP**
1419 Ryan Street                                  Tower II Building, 14th Floor
Lake Charles, Louisiana 70601                     555 North Carancahua Street
(337) 494-7171; fax (337) 494-7218                Corpus Christi, Texas 78478
                                                  (361) 887-0500; fax (361) 887-0055


## CERTIFICATE OF SERVICE

        I hereby certify that the above and foregoing document has been served on Liaison
Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-
mail and upon all parties by electronically uploading the same to LexisNexis File & Serve
Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically
filed with the Clerk of Court of the United States District Court for the Eastern District of
Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord
with the procedures established in MDL 1657 on this 18th day of August, 2006.


                                        /s/ Grant Kaiser
                                        Grant Kaiser
                                        **THE KAISER FIRM LLP**
                                        8441 Gulf Freeway, Suite 600
                                        Houston, Texas 77017
                                        (713) 230-0000; fax (713) 230-0440
                                        gkaiser@thekaiserfirm.com


cc      By email only:

        Robert Van Kirk              rvankirk@wc.com
        **Williams & Connolly LLP**
        725 Twelfth Street Northwest
        Washington, D.C.  20005
        (202) 434-5000; fax (202) 434-5029

        Carrie A. Jablonski         carrie.jablonski@bartlit-beck.com
        **Bartlit, Beck, Herman, Palenchar & Scott LLP**
        54 West Hubbard Street, Suite 300
        Chicago, Illinois 60610
        (312) 494-4400; fax (312) 494-4440