

12056760

Aug 11 2006
2:49PM

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Vioxx | § MDL DOCKET NO. 1657 |
| PRODUCTS LIABILITY | § |
| LITIGATION | § Section L |
| | § |
| THIS DOCUMENT RELATES TO: | § Judge Fallon |
| ROBERT G. SMITH v. | § Mag. Judge Knowles |
| MERCK & CO., INC. | § |
| No. 2:05-CV-04379 | § |
| | § |

## MERCK & CO., INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF CASE SPECIFIC REQUESTS FOR PRODUCTION

Merck & Co., Inc. ("Merck"), by and through its attorneys, responds and objects to Plaintiff's First Set of Case Specific Requests for Production (the "Requests") as follows:

## GENERAL OBJECTIONS

1.      Merck objects to the Requests to the extent they are vague, ambiguous, argumentative, duplicative, overly broad, unduly burdensome or oppressive, or seek information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action. Merck further objects to the Requests to the extent they seek information or documents, or purport to impose obligations upon Merck, beyond those permitted by the Federal Rules of Civil Procedure and / or court orders entered in this case.

2.      Merck objects to the Requests to the extent they seek information or documents protected from discovery by the attorney-client privilege, the work product doctrine, or that are otherwise immune or protected from disclosure. Merck does not intend to waive any applicable protections or privileges through the supplying of information or production of documents in

response to the Requests.  On the contrary, Merck specifically intends to preserve any and all applicable protections or privileges.

3.     Inadvertent production of any document shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such document or any other document, or with respect to the subject matter thereof or the information contained therein; nor shall such inadvertent production waive Merck's right to demand that such documents be returned or to object to the use of the document or the information contained therein during this or any other proceeding.

4.     Merck objects to the Requests to the extent they seek information or documents generated in the course of the defense of this action or any other action regarding Vioxx®. Merck will not produce such information or documents.

5.     Merck objects to the Requests as overly broad and unduly burdensome to the extent that they call for the identification of "all" documents or "any and all" documents when all relevant facts can be obtained from fewer than "all" documents or "any and all" documents. Merck objects to the Requests to the extent they seek documents other than those that can be located upon a search of files where such documents reasonably can be expected to be found. Merck does not consider as Vioxx documents and does not generally produce those documents that primarily relate to another Merck drug, that describe general Merck operating procedures and practices, or that are company-wide or divisional budgets, forecasts, departmental evaluations and documents setting forth departmental goals, human resource allocations, and the like, although the documents may have Vioxx references.

823803v.1

6.      Merck objects to the Requests as overly broad, unduly burdensome and oppressive, and as seeking information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent they seeks information or documents:

a.      Pertaining to Merck products other than Vioxx (by whatever name it is known, including L-748,731 and MK-966), the product that plaintiff allegedly ingested (however, this objection does not apply to information about another drug that is necessary to understand something about Vioxx, such as where the other drug is being used as a comparator in a Vioxx study or to documents regarding a competing NSAID manufactured by another company or to documents that discuss NSAIDs generally); or

b.      Pertaining to alleged adverse experiences associated with Vioxx other than those claimed; or

c.      Pertaining to promotion or advertising other than what plaintiff or his prescribing physician claim to have relied upon.

Except where otherwise indicated, Merck will not produce such information or documents.

7.      Merck objects to the Requests to the extent they seek Merck's chemistry and manufacturing control information on the grounds that such information is highly confidential and proprietary, consists of trade secrets and is not relevant to the claims or defenses of any party or to the subject matter involved in this action.  Merck will not produce such information.

- 3 -

823803v.1

8.      Merck objects to the Requests to the extent they seek any other confidential or proprietary information or trade secrets.  Merck will only produce such other confidential or proprietary information or trade secrets, if relevant, subject to and in reliance on the protective order in this case (i.e., Pre-Trial Order No. 13), and in some cases, only with additional confidentiality protections.  In accordance with this objection, Merck notes that for a limited number of high-level documents, such as Board and certain committee minutes, and for certain members of senior management, Merck redacts as irrelevant any information that is not Vioxx-specific.

9.      Merck objects to the Requests as overly broad and unduly burdensome to the extent they purport to seek information or documents without regard to a specific timeframe or date cut-off.  The production of such information or documents shall be subject to and without waiver of any of the objections stated herein, and shall not be deemed to be an admission on the part of Merck that such information or documents are either relevant or admissible.  Indeed, Merck specifically notes that information or documents generated after plaintiff last ingested Vioxx are unlikely to be relevant or admissible at the trial of this matter.

10.     Merck objects to the Requests to the extent they call for information or documents relating to Merck's business or practices outside of the fifty United States and the District of Columbia, such as the sale, marketing, competitive landscape, or regulation of Vioxx in foreign countries, including regulatory submissions to foreign agencies.  Except where otherwise indicated, Merck's responses will be limited to information and documents about its business or practices in the fifty United States and the District of Columbia.  This objection does not include:

- 4 -

(1) documents (other than submissions to foreign agencies and correspondence about those submissions) that contain Vioxx science or report on scientific studies, regardless of where in the world the studies were conducted; (2) documents concerning scientific presentations about Vioxx made at medical conferences held outside the United States, such as EULAR; (3) information about adverse experiences reported to have occurred outside the United States; or (4) foreign regulatory documents if Merck also submitted them to the FDA, such as the periodic safety update reports.  Additionally, Merck will not redact foreign information relating to Vioxx from the documents it is producing, except where necessary to protect trade secrets or to preserve other objections.

11.     Merck objects to the Requests to the extent they seek personnel files, self-evaluations, evaluations by others, documents regarding promotions, financial disclosures or other information such as social security numbers, computer passwords, home telephone numbers and other private information, on the grounds that disclosure would invade the privacy rights of the individuals affected and are not relevant to the claims or defenses of any party or to the subject matter involved in this action.  Merck will not produce such documents or information.  Merck further objects to the Requests to the extent that they purport to require Merck to disclose the identity of any individual who allegedly experienced an adverse reaction to Vioxx or who reported such a reaction on the ground that such disclosure would violate the patient or reporter's right to confidentiality under federal law.  Pursuant to 21 C.F.R. §§ 312.130, 314.430(e) and 20.63(f), Merck will redact from any document produced in this litigation names and any information that would identify the person using the product and names and any

information that would identify any third party involved with the report, such as a physician, hospital or other institution.

12.      Merck objects to the Requests to the extent they call for information or documents regarding adverse experiences allegedly caused by Vioxx.  Pursuant to 21 C.F.R. §§ 312.32 and 314.80, Merck collects information on adverse experiences that are temporally associated with a patient's treatment with Vioxx and reports those adverse experiences to the FDA without regard to whether Vioxx causes such adverse experiences.  The reporting of an adverse experience does not reflect a conclusion by Merck or the FDA that Vioxx caused or contributed to the experience.

13.      Merck objects to the Requests to the extent they purport to require Merck to provide a compilation, abstract, audit, and/or other document summary that does not currently exist.

14.      Merck objects to the Requests to the extent they call for information or documents that are unreasonably cumulative or duplicative; outside of Merck's possession, custody or control; or obtainable from some other source that is more convenient, less burdensome or less expensive.

15.      Merck is responding to the Requests without waiving or intending to waive, but on the contrary, preserving and intending to preserve: (a) the right to object, on the grounds of competency, privilege, relevance, or materiality, or any other proper grounds, to the use of such documents or information for any purpose, in whole or in part, in any subsequent proceedings, in this action or in any other action; (b) the right to object on all grounds, at any time, to document

- 6 -

requests, interrogatories, or other discovery procedures involving or relating to the subject of the Requests to which Merck has responded herein; and (c) the right at any time to revise, correct, add to or clarify any of the answers made herein.

16.     Merck reserves the right to supplement or correct these responses and to raise any additional objections deemed necessary and appropriate in light of the results of any further review.

## PRODUCTION OF DOCUMENTS

Subject to and in reliance on the protective order in this case, and in some cases, additional confidentiality protections, Merck will produce any responsive, non-objectionable documents on CD-ROMs, portable hard drive or other electronic format as ".tiff" images, together with an associated IPRO "load" file.  Merck reserves the right to seek reimbursement for costs associated with the production of documents.

The documents Merck is producing from an individual's files consist of those non-objectionable Vioxx documents located upon a search of that individual's (1) paper files likely to contain Vioxx documents, (2) e-mail, and (3) electronic documents from the individual's desktop computers and network "home" drives, but not other shared drives or databases to which the individual may have access.  With respect to categories (2) and (3), Merck has collected electronic documents from the individual's files or folders reasonably believed to contain Vioxx documents and those electronic documents from the individual's other files or folders found in a search designed to select Vioxx documents.  Merck collects and converts to .tiff format electronic documents in any of over 490 file types of graphics, PDF, presentation, projects,

spreadsheet, text, web page, and word processing documents.  These include the most common file types, such as Adobe Acrobat and Microsoft Word, Excel, and PowerPoint files as well as many lesser-known file types.  However, Merck cannot convert to .tiff format certain electronic file types such as database files, including Microsoft Access and certain SAS files, and Merck has not collected them.  Merck excludes from production or redacts certain categories of documents as outside the scope of permissible discovery as described in its general and specific objections.

Merck also redacts information generated by an automatically updating field, such as an auto-date, because the information that would appear on the printed page is unrelated to anything the owner of the document would have ever seen.

## RESPONSE TO INDIVIDUAL REQUESTS

Merck incorporates its General Objections in the responses that follow.  Any specific objections set forth in the responses are in addition to those objections and, unless otherwise specified, Merck's responses are limited in accordance with each of its objections.  To the extent that Merck offers to produce confidential information or documents, Merck will only do so subject to and in reliance on the protective order in this case.

## REQUEST FOR PRODUCTION NO. 1:

**The full and complete document or documents which Merck contends actually accompanied each container of Vioxx that Plaintiff was prescribed.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Merck objects to this Request on the grounds that it is argumentative, vague and ambiguous, particularly with respect to the term "contends" and the phrase "actually accompanied."  Merck objects further to this Request to the extent that it seeks documents that are not in Merck's possession, custody or control.  Merck objects further to this Request on the grounds that it is duplicative of Request for Production No. 102 in the federal MDL for Vioxx, *In re: Vioxx Products Liability Litigation*, E.D. La., MDL Docket No. 1657 (the "MDL"), of which this case is a part, and therefore cumulative and unduly burdensome.  Subject to and without waiving its objections, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including patient product information for Vioxx.

**REQUEST FOR PRODUCTION NO. 2:**

**The full and complete document or documents which Merck contends actually accompanied each container of Vioxx that Plaintiff was given as samples.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Merck objects to this Request on the grounds that it is argumentative, vague and ambiguous, particularly with respect to the terms "contends" and "actually accompanied." Merck objects further to this Request on the grounds that it is overly broad and unduly burdensome.  Subject to and without waiving its objections, Merck respectfully refers Plaintiff to its response to Request No. 1, *supra*, and to the documents described therein.

**REQUEST FOR PRODUCTION NO. 3:**

**The full and complete document or documents which Merck contends should have accompanied each container of Vioxx supplied as a prescription drug.**

823803v.1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Merck objects to this Request on the grounds that it is argumentative, vague and ambiguous, particularly with respect to the terms "contends" and "accompanied."  Merck objects further to this Request on the grounds that it is overly broad and unduly burdensome.  Subject to and without waiving its objections, Merck respectfully refers Plaintiff to its response to Request No. 1, *supra*, and to the documents described therein.

**REQUEST FOR PRODUCTION NO. 4:**

**The full and complete document or documents which Merck contends should have accompanied each container of Vioxx given as samples.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Merck objects to this Request on the grounds that it is argumentative, vague and ambiguous, particularly with respect to the terms "contends" and "accompanied."  Merck objects further to this Request on the grounds that it is overly broad and unduly burdensome.  Subject to and without waiving its objections, Merck respectfully refers Plaintiff to its response to Request No. 1, *supra*, and to the documents described therein..

**REQUEST FOR PRODUCTION NO. 5:**

**The full and complete document or documents which accompanied each container of Vioxx supplied by Merck Medco.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Merck objects to this Request on the grounds that it is overly broad and unduly burdensome; seeks information that is outside of Merck's possession, custody or control; and seeks documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action insofar as it seeks information in the possession of Medco Health Solutions, Inc., an independent corporation not party to this lawsuit.  Subject to and without

- 10 -

waiving its objections, Merck respectfully refers Plaintiff to its response to Request No. 1, *supra*, and to the documents described therein..

## REQUEST FOR PRODUCTION NO. 6:

**Each and every document, including but not limited to product literature, package inserts or labeling, magazine or newspaper articles or advertisements, brochures, e-mails, material from internet sites, videotapes (including videotapes of news or other television programs), or audiotapes (including tapes of news or other radio or television programs), that mentions, refers to or relates to Vioxx and that Merck contends was made available to Plaintiff or reviewed by Plaintiff prior to ingesting Vioxx.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Merck objects to this Request on the grounds that it is argumentative, vague, and ambiguous, particularly with respect to the term "contends" and the phrase "each and every," and on the grounds that it is overly broad, particularly with respect to the phrases "made available to" and "reviewed by."  Subject to and without waiving its objections, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to, patient product information; consumer promotional materials for Vioxx; and its production of spreadsheets reflecting the national and regional print and television advertising data during the period in which Vioxx was approved by the FDA for marketing in the United States – including identification of the advertisement, intended media marketplace, nature of media (print or television), identity of the media outlet, dates the advertisements ran, and references (by Bates number) of those previously-produced images or other media.  Further responding, Merck states that additional responsive multimedia advertising materials are available to counsel for the cost of their reproduction.

823803v.1

## REQUEST FOR PRODUCTION NO. 7:

Each and every document, including but not limited to product literature, package inserts or labeling, magazine or newspaper articles or advertisements, brochures, e-mails, material from internet sites, videotapes (including videotapes of news or other television programs), or audiotapes (including tapes of news or other radio or television programs), that mentions, refers to or relates to Vioxx and that Merck contends was made available to any of Plaintiff's prescribing physicians or reviewed by any of Plaintiff's prescribing physicians prior to prescribing Vioxx to Plaintiff.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Merck objects to this Request on the grounds that it is argumentative, vague, and ambiguous, overly broad and unduly burdensome, particularly with respect to the term "contends" and the phrase "each and every," and on the grounds that it is overly broad, vague, and ambiguous, particularly with respect to the phrases "made available to" and "reviewed by." Subject to and without waiving its objections, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to, professional promotional materials for Vioxx; consumer promotional materials for Vioxx; prescribing information; and its production of spreadsheets reflecting the national and regional print and television advertising data during the period in which Vioxx was approved by the FDA for marketing in the United States – including identification of the advertisement, intended media marketplace, nature of media (print or television), identity of the media outlet, dates the advertisements ran, and references (by Bates number) of those previously-produced images or other media.  Further responding, Merck states that additional responsive multimedia advertising materials are available to counsel for the cost of their reproduction.

823803v.1

## REQUEST FOR PRODUCTION NO. 8:

**Each document reflecting the number (of each dos-age) of Vioxx pills distributed in Kentucky between May 1, 1999, and February 17, 2003.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the terms "reflecting" and "distributed." Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action insofar as it is not limited to the physicians or other healthcare providers who prescribed Vioxx for Plaintiff during the relevant time period. Based on its objections, Merck will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 9:

**Each document reflecting the number (of each dosage) of Vioxx samples (and size of sample packet) distributed by Merck Medco in Kentucky between May 1, 1999, and February 17, 2003.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the terms "reflecting" and "distributed." Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action insofar as it is not limited to Vioxx samples provided to Plaintiff's prescribing physician, Dr. Michael Grefer, during the relevant time period. Based on its objections, Merck will not produce documents in response to this Request.

- 13 -

**REQUEST FOR PRODUCTION NO. 10:**

Each document reflecting the number (of each dosage) of Vioxx samples (and size of sample packet) distributed in Kentucky between May 1, 1999, and February 17, 2003.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the terms "reflecting" and "distributed." Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action insofar as it is not limited to Vioxx samples provided to Plaintiff's prescribing physician, Dr. Michael Grefer, during the relevant time period. Based on its objections, Merck will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

Each document and thing reflecting Merck's marketing efforts related to Vioxx in Kentucky between May 1, 1999, and February 17, 2003. This request includes, without limitation, but by example only, the amount spent on marketing and advertising in the media markets which cover Florence, Kentucky, marketing plans, information on ads that actually ran in these markets and when they were aired, all promotional devices (e.g., mugs with "Vioxx"), the effectiveness of the marketing, and related documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Merck objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Merck further objects to this Request on the grounds that it is overly broad, vague, and ambiguous, particularly with respect to the phrase "marketing efforts." Merck states that the Vioxx advertising campaign was a national campaign directed at a national marketplace, and as such, there were no funds or allowances of funds specifically budgeted for advertising Vioxx in Kentucky. Subject to and

- 14 -

without waiving its objections, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to Merck's Profit Plans for 1999-2003, consumer promotional materials, and spreadsheets reflecting the national and regional print and television advertising data during the period in which Vioxx was approved by the FDA for marketing in the United States.

**REQUEST FOR PRODUCTION NO. 12:**

**True and correct copies of all handouts, documents, pamphlets, handwritten notes and printed information regarding the "new VIP information" discussion with Michael Grefer referenced on the 11-19-01 call note by Amy Block.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "information regarding." Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents or information not relating to Vioxx. Subject to and without waiving its objections, Merck states that certain information responsive to this Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-specific data from Merck's Field Activity Customer Tracking System ("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such information. Further responding, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to

- 15 -

that production, to which Plaintiff has access, for such documents, including but not limited to professional promotional materials for Vioxx and prescribing information.

## REQUEST FOR PRODUCTION NO. 13:

**True and correct copies of all handouts, documents, pamphlets, handwritten notes and printed information regarding the "percocet data" discussion with Michael Grefer referenced on the 11-19-01 call note by Amy Block.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the term "information regarding."  Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents or information not relating to Vioxx.  Subject to and without waiving its objections, Merck states that certain information responsive to this Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-specific data from Merck's Field Activity Customer Tracking System ("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such information.  Further responding, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to professional promotional materials for Vioxx and prescribing information.

## REQUEST FOR PRODUCTION NO. 14:

**True and correct copies of all documents and printed information regarding Michael Grefer's prescribing habits or "numbers" that are "killing us (Merck)" referenced on the 12-19-00 call note by Amy Block.**

823803v.1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "prescribing habits."  Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents or information not relating to Vioxx.  Subject to and without waiving its objections, Merck states as follows: Merck sold Vioxx to wholesalers and retailers located throughout the United States. Those wholesalers and retailers made subsequent sales of the product to other wholesalers, retailers and/or end-users throughout the United States.  Merck did not make or direct any subsequent sales of Vioxx by the wholesalers and retailers to whom Merck sold Vioxx; nor did Merck determine where such subsequent sales may have been made.  Data relating to retail purchases of Vioxx in the United States were gathered by IMS Health Incorporated ("IMS"), a pharmaceutical market research company.  Merck has obtained that type of data by paying a fee to, and by entering into a licensing agreement with, IMS; the licensing agreement prohibits Merck from disclosing the data.  On March 17, 2006, IMS filed in the New Jersey Coordinated Vioxx Litigation motions to intervene and for a heightened protective order, which seeks limitations on the scope of the production and the use of IMS data, which motion is currently scheduled to be heard on August 11, 2006.  IMS has indicated that it may also file motions seeking similar relief in other jurisdictions.  Merck will produce responsive, non-objectionable IMS documents in its possession, subject to the terms and provisions of any agreements reached between IMS and Plaintiff's counsel in this matter, or any orders entered by this Court concerning production of IMS data.  Merck further states that certain information responsive to

this Request may be included in the production of case-specific data from Merck's Field Activity

Customer Tracking System ("FACTS") database, and Merck respectfully refers Plaintiff to those

productions for such information.

**REQUEST FOR PRODUCTION NO. 15:**

      **True and correct copies of all handouts, documents, pamphlets, handwritten notes and printed information regarding the "Reicin and Greenberg" discussion with Michael Grefer referenced on the 10-15-01 call note by Amy Block.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

      Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the term "information regarding."  Merck objects further to this Request on the

grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of

any party or to the subject matter involved in this action to the extent it seeks documents or

information not relating to Vioxx.  Subject to and without waiving its objections, Merck states

that certain information responsive to this Request may be included in the Merck Profile Form

("MPF") provided to Plaintiff in this case, or the production of case-specific data from Merck's

Field Activity Customer Tracking System ("FACTS") database, and Merck respectfully refers

Plaintiff to those productions for such information.  Further responding, Merck states that

documents containing information responsive to this Request have been produced by Merck in

the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to

that production, to which Plaintiff has access, for such documents, including but not limited to

professional promotional materials for Vioxx and prescribing information.

823803v.1

**REQUEST FOR PRODUCTION NO. 16:**

True and correct copies of all handouts, documents, pamphlets, handwritten notes and printed information regarding the "percocet data" presented to Michael Grefer referenced on the 10-15-01 call note by Amy Block.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the term "information regarding." Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents or information not relating to Vioxx. Subject to and without waiving its objections, Merck states that certain information responsive to this Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-specific data from Merck's Field Activity Customer Tracking System ("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such information. Further responding, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to professional promotional materials and prescribing information.

**REQUEST FOR PRODUCTION NO. 17:**

True and correct copies of all handouts, documents, pamphlets and printed information used at the 3-31-00 "Renal Effects of Analgesics" lecture attended by Michael Grefer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "information used at." Merck objects further to this Request on the

823803v.1

grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents or information not relating to Vioxx.  Subject to and without waiving its objections, Merck states that certain information responsive to this Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-specific data from Merck's Field Activity Customer Tracking System ("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such information.  Further responding, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to professional promotional materials for Vioxx; prescribing information, patient product information and copies of the cartons for Vioxx; and extracts of Vioxx-related information from the IMED/MESA database.

## REQUEST FOR PRODUCTION NO. 18:

**True and correct copies of all handouts, documents, pamphlets and printed information used at the 11-3-00 "Managing Osteoarthritis" lecture attended by Michael Grefer.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "information used at."  Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents or information not relating to Vioxx.  Subject to and without waiving its objections, Merck states

- 20 -

that certain information responsive to this Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-specific data from Merck's Field Activity Customer Tracking System ("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such information.  Further responding, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to professional promotional materials for Vioxx; prescribing information, patient product information and copies of the cartons for Vioxx; and extracts of Vioxx-related information from the IMED/MESA database.

## REQUEST FOR PRODUCTION NO. 19:

**True and correct copies of all handouts, documents, pamphlets and printed information used at the 3-3-01 "Advancement in the Management of Sports Injuries" lecture attended by Michael Grefer.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "information used at."  Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents or information not relating to Vioxx.  Subject to and without waiving its objections, Merck states that certain information responsive to this Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-specific data from Merck's Field Activity Customer Tracking System ("FACTS") database, and Merck respectfully refers

823803v.1

Plaintiff to those productions for such information.  Further responding, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to professional promotional materials for Vioxx; prescribing information, patient product information and copies of the cartons for Vioxx; and extracts of Vioxx-related information from the IMED/MESA database.

**REQUEST FOR PRODUCTION NO. 20:**

**True and correct copies of all handouts, documents, pamphlets and printed information used at the 8-6-02 Representative Facilitated Meeting attributed to Holly Biss attended by Michael Grefer.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrases "information used at" and "attributed to."  Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents or information not relating to Vioxx.  Subject to and without waiving its objections, Merck states that certain information responsive to this Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-specific data from Merck's Field Activity Customer Tracking System ("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such information.  Further responding, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck

- 22 -

respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents,

including but not limited to professional promotional materials for Vioxx; prescribing

information, patient product information; and copies of the cartons for Vioxx.

**REQUEST FOR PRODUCTION NO. 21:**

   **True and correct copies of all handouts, documents, pamphlets and printed information used at the 3-10-03 Representative Facilitated Meeting attributed to Christy Gross attended by Michael Grefer.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

   Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the phrases "information used at" and "attributed to."  Merck objects further to

this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the

claims or defenses of any party or to the subject matter involved in this action to the extent it

seeks documents or information not relating to Vioxx.  Subject to and without waiving its

objections, Merck states that certain information responsive to this Request may be included in

the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-

specific data from Merck's Field Activity Customer Tracking System ("FACTS") database, and

Merck respectfully refers Plaintiff to those productions for such information.  Further

responding, Merck states that documents containing information responsive to this Request have

been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck

respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents,

including but not limited to professional promotional materials for Vioxx; prescribing

information, patient product information; and copies of the cartons for Vioxx.

- 23 -

**REQUEST FOR PRODUCTION NO. 22:**

True and correct copies of all handouts, documents, pamphlets and printed information used at the 4-21-03 Representative Facilitated Meeting attributed to Amy Block attended by Michael Grefer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrases "information used at" and "attributed to." Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents or information not relating to Vioxx. Subject to and without waiving its objections, Merck states that certain information responsive to this Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-specific data from Merck's Field Activity Customer Tracking System ("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such information. Further responding, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to professional promotional materials for Vioxx; prescribing information, patient product information; and copies of the cartons for Vioxx.

**REQUEST FOR PRODUCTION NO. 23:**

True and correct copies of all documents and printed information relating or referring to Michael Grefer's 4-20-00 or 4-21-00 inquiry to Merck regarding the safety and/or efficacy of Vioxx.

823803v.1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "printed information relating or referring to."  Subject to and without waiving its objections, Merck states that a copy of the referenced letter has been produced in connection with the Merck Profile Form provided to Plaintiff in this case.  Further responding, Merck respectfully refers Plaintiff to Merck's previous production of responses to Professional Information Requests ("PIRs") regarding Vioxx.

**REQUEST FOR PRODUCTION NO. 24:**

**True and correct copies of all documents and printed information generated, provided, or distributed in response to Michael Grefer's inquiry to Merck regarding the safety and/or efficacy of Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "printed information relating or referring to."  Subject to and without waiving its objections, Merck states that a copy of the referenced letter has been produced in connection with the Merck Profile Form provided to Plaintiff in this case.  Further responding, Merck respectfully refers Plaintiff to Merck's previous production of responses to Professional Information Requests ("PIRs") regarding Vioxx.

**REQUEST FOR PRODUCTION NO. 25:**

**True and correct copies of all documents and printed information relating or referring to Charlene Moore's 4-20-00 or 4-21-00 inquiry to Merck regarding the safety and/or efficacy of Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "printed information relating or referring to."  Subject to and without

823803v.1

waiving its objections, Merck states that a copy of the referenced letter has been produced in connection with the Merck Profile Form provided to Plaintiff in this case.  Further responding, Merck respectfully refers Plaintiff to Merck's previous production of responses to Professional Information Requests ("PIRs") regarding Vioxx.

**REQUEST FOR PRODUCTION NO. 26:**

**True and correct copies of all documents and printed information generated, provided, or distributed in response to Charlene Moore's inquiry to Merck regarding the safety and/or efficacy of Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "printed information relating or referring to."  Subject to and without waiving its objections, Merck states that a copy of the referenced letter has been produced in connection with the Merck Profile Form provided to Plaintiff in this case.  Further responding, Merck respectfully refers Plaintiff to Merck's previous production of responses to Professional Information Requests ("PIRs") regarding Vioxx.

**REQUEST FOR PRODUCTION NO. 27:**

**True and correct copies of the custodial and personnel files for George DeCecco.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Merck objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents containing information not relating to Vioxx.  Merck further objects to this Request to the extent it seeks documents containing personal information, the disclosure of which would invade the custodian's privacy.  Subject to and without waiving its specific and general objections, Merck states that it is willing to discuss a production of relevant

- 26 -

documents from the custodial files of a limited number of professional representatives employed by Merck who recorded Vioxx-related calls on Plaintiff's prescribing physician, Dr. Michael Grefer, during the relevant time period.

## REQUEST FOR PRODUCTION NO. 28:

**True and correct copies of all handouts, documents, pamphlets, handwritten notes and printed information regarding the covering of "the pain difference between Vioxx and Celebrex with PI" to Michael Grefer referenced on the 8-27-01 call note by Holly Biss.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "printed information regarding." Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents or information not relating to Vioxx. Subject to and without waiving its objections, Merck states that it does not maintain records reflecting documents provided to its professional representatives on a per-prescriber-basis, but certain information responsive to this Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-specific data from Merck's Field Activity Customer Tracking System ("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such information. Further responding, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to professional promotional materials and prescribing information.

- 27 -

**REQUEST FOR PRODUCTION NO. 29:**

True and correct copies of all handouts, documents, pamphlets, handwritten notes and printed information regarding "breakthrough lunch" discussing the "50mg efficacy and the anti-platelet data" with Michael Grefer referenced on the 8-27-01 call note by Timothy Powers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "printed information regarding." Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents or information not relating to Vioxx. Subject to and without waiving its objections, Merck states that it does not maintain records reflecting documents provided to its professional representatives on a per-prescriber-basis, but certain information responsive to this Request may be included in the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-specific data from Merck's Field Activity Customer Tracking System ("FACTS") database, and Merck respectfully refers Plaintiff to those productions for such information. Further responding, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to professional promotional materials for Vioxx and prescribing information.

**REQUEST FOR PRODUCTION NO. 30:**

True and correct copies of the organizational charts for the Merck Sales Force including but not limited to sales representatives, marketing representatives, upper management, area directors, regional directors, district managers, hospital representatives,

823803v.1

**area business managers, vice presidents, presidents and division heads who had responsibility for Vioxx in the State of Kentucky from 1999 through 2004.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Merck objects to this Request on the grounds that it is vague, overly broad, and unduly burdensome, particularly with respect to the phrases "Merck Sales Force," "upper management," "area directors," and "who had responsibility for" and the term "sales representatives." Merck further objects to this Request on the grounds that it is not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Based on its objections, Merck will not produce documents in response to this Request. Further responding, Merck states that departmental organizational charts pertaining to individuals with significant Vioxx-related responsibility during the relevant time period have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents.

**REQUEST FOR PRODUCTION NO. 31:**

**True and correct copies of the organizational charts for the Merck Marketing Force including but not limited to sales representatives, marketing representatives, upper management, area directors, regional directors, district managers, hospital representatives, area business managers, vice presidents, presidents and division heads who had responsibility for Vioxx in the State of Ohio from 1999 through 2004.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Merck objects to this Request on the grounds that it is vague, overly broad, and unduly burdensome, particularly with respect to the phrases "Merck Marketing Force," "upper management," "area directors," and "who had responsibility for" and the term "sales representatives." Merck further objects to this Request on the grounds that it is not relevant to

- 29 -

the claims or defenses of any party or to the subject matter involved in this action, nor reasonably

calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its

objections, Merck states that departmental organizational charts pertaining to individuals with

significant Vioxx-related responsibility during the relevant time period have been produced by

Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers

Plaintiff to that production, to which Plaintiff has access, for such documents.

## REQUEST FOR PRODUCTION NO. 32:

**True and correct copies of all written or recorded advertising pieces, including but not limited to magazine advertisements, radio spots, television advertisements, newspaper advertisements, or direct- to- consumer letters or printed media utilized or distributed in the State of Kentucky pertaining to Vioxx from 1999 through 2004.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

Merck objects to this Request on the grounds that it is overly broad, vague, and

ambiguous, particularly with respect to the phrase "utilized or distributed."  Merck further

objects to this Request on the grounds that it is not relevant to the claims or defenses of any party

or to the subject matter involved in this action to the extent it seeks copies of Vioxx

advertisements other that those actually seen by Plaintiff.  Subject to and without waiving its

objections, Merck states that documents containing information responsive to this Request have

been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck

respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents,

including but not limited to, consumer promotional materials for Vioxx; and its production of

spreadsheets reflecting the national and regional print and television advertising data during the

period in which Vioxx was approved by the FDA for marketing in the United States – including

identification of the advertisement, intended media marketplace, nature of media (print or

television), identity of the media outlet, dates the advertisements ran, and references (by Bates number) of those previously-produced images or other media.  Further responding, Merck states that additional responsive multimedia advertising materials are available to counsel for the cost of their reproduction.

## REQUEST FOR PRODUCTION NO. 33:

**True and correct copies of all written or recorded advertising pieces, including but not limited to magazine advertisements, radio spots, television advertisements, newspaper advertisements, or direct- to- consumer letters or printed media utilized or distributed in the State of Ohio pertaining to Vioxx from 1999 through 2004.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

Merck objects to this Request on the grounds that it is overly broad, vague, and ambiguous, particularly with respect to the phrase "utilized or distributed."  Merck further objects to this Request on the grounds that it is not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks copies of Vioxx advertisements other that those actually seen by Plaintiff.  Subject to and without waiving its objections, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to, consumer promotional materials for Vioxx; and its production of spreadsheets reflecting the national and regional print and television advertising data during the period in which Vioxx was approved by the FDA for marketing in the United States – including identification of the advertisement, intended media marketplace, nature of media (print or television), identity of the media outlet, dates the advertisements ran, and references (by Bates number) of those previously-produced images or other media.  Further responding, Merck states

- 31 -

that additional responsive multimedia advertising materials are available to counsel for the cost

of their reproduction.

**REQUEST FOR PRODUCTION NO. 34:**

      **True and correct copies of all documents, slides, audiovisual aids, including but not limited to the Training Manual(s) utilized for media training individuals, including spokespersons such as Dorothy Hamill and Bruce Jenner, on Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

      Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the phrases "provided to or used by" and "preparation or training."  Merck further

objects to this Request as overly broad and unduly burdensome.  Subject to and without waiving

its objections, Merck states that documents containing information responsive to this Request

have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and

Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, including but

not limited to documents from the files of Jan Weiner; documents from the files of Tracy Ogden;

documents from the files of Mary Elizabeth Blake; and communications between Merck and the

Division of Drug Marketing, Advertising, and Communications ("DDMAC") with respect to

Vioxx.

**REQUEST FOR PRODUCTION NO. 35:**

      **True and correct copies of the Training Manuals used to train sales representatives to market Vioxx in the state of Kentucky from 1999 through 2004.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

      Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the phrase "to train" and the terms "sales representatives," and "Training

Manuals."  Subject to and with out waiving its objections, Merck states that documents

containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to sales training documents for Vioxx.

**REQUEST FOR PRODUCTION NO. 36:**

**True and correct copies of the Training Manuals used to train sales representatives to market Vioxx in the state of Ohio from 1999 through 2004.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "to train" and the terms "sales representatives," and "Training Manuals."  Subject to and with out waiving its objections, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to sales training documents for Vioxx.

**REQUEST FOR PRODUCTION NO. 37:**

**True and correct copies of the custodial and personnel files for Shunda Adams.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Merck objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents containing information not relating to Vioxx.  Merck further objects to this Request to the extent it seeks documents containing personal information, the disclosure of which would invade the custodian's privacy.  Subject to and without waiving its

- 33 -

specific and general objections, Merck states that it is willing to discuss a production of relevant documents from the custodial files of a limited number of professional representatives employed by Merck who recorded Vioxx-related calls on Plaintiff's prescribing physician, Dr. Michael Grefer, during the relevant time period.

**REQUEST FOR PRODUCTION NO. 38:**

**True and correct copies of the custodial and personnel files for Elizabeth Bivins.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Merck objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents containing information not relating to Vioxx. Merck further objects to this Request to the extent it seeks documents containing personal information, the disclosure of which would invade the custodian's privacy. Subject to and without waiving its specific and general objections, Merck states that it is willing to discuss a production of relevant documents from the custodial files of a limited number of professional representatives employed by Merck who recorded Vioxx-related calls on Plaintiff's prescribing physician, Dr. Michael Grefer, during the relevant time period.

**REQUEST FOR PRODUCTION NO. 39:**

**True and correct copies of the custodial and personnel files for Holly Biss.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Merck objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents containing information not relating to Vioxx. Merck further objects to this Request to the extent it seeks documents containing personal information,

823803v.1

the disclosure of which would invade the custodian's privacy.  Subject to and without waiving its specific and general objections, Merck states that it is willing to discuss a production of relevant documents from the custodial files of a limited number of professional representatives employed by Merck who recorded Vioxx-related calls on Plaintiff's prescribing physician, Dr. Michael Grefer, during the relevant time period.

**REQUEST FOR PRODUCTION NO. 40:**

       **True and correct copies of the custodial and personnel files for Amy Block.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

       Merck objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents containing information not relating to Vioxx.  Merck further objects to this Request to the extent it seeks documents containing personal information, the disclosure of which would invade the custodian's privacy.  Subject to and without waiving its specific and general objections, Merck states that it is willing to discuss a production of relevant documents from the custodial files of a limited number of professional representatives employed by Merck who recorded Vioxx-related calls on Plaintiff's prescribing physician, Dr. Michael Grefer, during the relevant time period.

**REQUEST FOR PRODUCTION NO. 41:**

       **True and correct copies of the custodial and personnel files for Helene Cissell.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

       Merck objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents containing information not relating to Vioxx.  Merck

- 35 -

further objects to this Request to the extent it seeks documents containing personal information, the disclosure of which would invade the custodian's privacy.  Subject to and without waiving its specific and general objections, Merck states that it is willing to discuss a production of relevant documents from the custodial files of a limited number of professional representatives employed by Merck who recorded Vioxx-related calls on Plaintiff's prescribing physician, Dr. Michael Grefer, during the relevant time period.

**REQUEST FOR PRODUCTION NO. 42:**

**True and correct copies of the custodial and personnel files for Tracie Edwards.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Merck objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents containing information not relating to Vioxx.  Merck further objects to this Request to the extent it seeks documents containing personal information, the disclosure of which would invade the custodian's privacy.  Subject to and without waiving its specific and general objections, Merck states that it is willing to discuss a production of relevant documents from the custodial files of a limited number of professional representatives employed by Merck who recorded Vioxx-related calls on Plaintiff's prescribing physician, Dr. Michael Grefer, during the relevant time period.

**REQUEST FOR PRODUCTION NO. 43:**

**True and correct copies of the custodial and personnel files for Shannon Fleckenstein.**

823803v.1

## RESPONSE TO REQUEST FOR PRODUCTION NO. 43:

Merck objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents containing information not relating to Vioxx.  Merck further objects to this Request to the extent it seeks documents containing personal information, the disclosure of which would invade the custodian's privacy.  Subject to and without waiving its specific and general objections, Merck states that it is willing to discuss a production of relevant documents from the custodial files of a limited number of professional representatives employed by Merck who recorded Vioxx-related calls on Plaintiff's prescribing physician, Dr. Michael Grefer, during the relevant time period.

## REQUEST FOR PRODUCTION NO. 44:

**True and correct copies of the custodial and personnel files for Christy Gross.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 44:

Merck objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents containing information not relating to Vioxx.  Merck further objects to this Request to the extent it seeks documents containing personal information, the disclosure of which would invade the custodian's privacy.  Subject to and without waiving its specific and general objections, Merck states that it is willing to discuss a production of relevant documents from the custodial files of a limited number of professional representatives employed by Merck who recorded Vioxx-related calls on Plaintiff's prescribing physician, Dr. Michael Grefer, during the relevant time period.

- 37 -

**REQUEST FOR PRODUCTION NO. 45:**

**True and correct copies of the custodial and personnel files for John Hinken.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Merck objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents containing information not relating to Vioxx.  Merck further objects to this Request to the extent it seeks documents containing personal information, the disclosure of which would invade the custodian's privacy.  Subject to and without waiving its specific and general objections, Merck states that it is willing to discuss a production of relevant documents from the custodial files of a limited number of professional representatives employed by Merck who recorded Vioxx-related calls on Plaintiff's prescribing physician, Dr. Michael Grefer, during the relevant time period.

**REQUEST FOR PRODUCTION NO. 46:**

**True and correct copies of the custodial and personnel files for M.J. Hunt.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Merck objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents containing information not relating to Vioxx.  Merck further objects to this Request to the extent it seeks documents containing personal information, the disclosure of which would invade the custodian's privacy.  Subject to and without waiving its specific and general objections, Merck states that it is willing to discuss a production of relevant documents from the custodial files of a limited number of professional representatives employed

823803v.1

by Merck who recorded Vioxx-related calls on Plaintiff's prescribing physician, Dr. Michael

Grefer, during the relevant time period.

**REQUEST FOR PRODUCTION NO. 47:**

       **True and correct copies of the custodial and personnel files for Jeffrey Johnson.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

       Merck objects to this Request on the grounds that it is overly broad, unduly burdensome,

and not relevant to the claims or defenses of any party or to the subject matter involved in this

action to the extent it seeks documents containing information not relating to Vioxx.  Merck

further objects to this Request to the extent it seeks documents containing personal information,

the disclosure of which would invade the custodian's privacy.  Subject to and without waiving its

specific and general objections, Merck states that it is willing to discuss a production of relevant

documents from the custodial files of a limited number of professional representatives employed

by Merck who recorded Vioxx-related calls on Plaintiff's prescribing physician, Dr. Michael

Grefer, during the relevant time period.

**REQUEST FOR PRODUCTION NO. 48:**

       **True and correct copies of the custodial and personnel files for Kristen Diane
Keller.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

       Merck objects to this Request on the grounds that it is overly broad, unduly burdensome,

and not relevant to the claims or defenses of any party or to the subject matter involved in this

action to the extent it seeks documents containing information not relating to Vioxx.  Merck

further objects to this Request to the extent it seeks documents containing personal information,

the disclosure of which would invade the custodian's privacy.  Subject to and without waiving its

823803v.1

specific and general objections, Merck states that it is willing to discuss a production of relevant documents from the custodial files of a limited number of professional representatives employed by Merck who recorded Vioxx-related calls on Plaintiff's prescribing physician, Dr. Michael Grefer, during the relevant time period.

**REQUEST FOR PRODUCTION NO. 49:**

**True and correct copies of the custodial and personnel files for Timothy Powers.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Merck objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents containing information not relating to Vioxx.  Merck further objects to this Request to the extent it seeks documents containing personal information, the disclosure of which would invade the custodian's privacy.  Subject to and without waiving its specific and general objections, Merck states that it is willing to discuss a production of relevant documents from the custodial files of a limited number of professional representatives employed by Merck who recorded Vioxx-related calls on Plaintiff's prescribing physician, Dr. Michael Grefer, during the relevant time period.

**REQUEST FOR PRODUCTION NO. 50:**

**True and correct copies of the custodial and personnel files for Melisa A. Swenki Shelburn.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Merck objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents containing information not relating to Vioxx.  Merck

- 40 -

further objects to this Request to the extent it seeks documents containing personal information, the disclosure of which would invade the custodian's privacy.  Subject to and without waiving its specific and general objections, Merck states that it is willing to discuss a production of relevant documents from the custodial files of a limited number of professional representatives employed by Merck who recorded Vioxx-related calls on Plaintiff's prescribing physician, Dr. Michael Grefer, during the relevant time period.

**REQUEST FOR PRODUCTION NO. 51:**

**True and correct copies of the custodial and personnel files for Craig Simmons.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Merck objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents containing information not relating to Vioxx.  Merck further objects to this Request to the extent it seeks documents containing personal information, the disclosure of which would invade the custodian's privacy.  Subject to and without waiving its specific and general objections, Merck states that it is willing to discuss a production of relevant documents from the custodial files of a limited number of professional representatives employed by Merck who recorded Vioxx-related calls on Plaintiff's prescribing physician, Dr. Michael Grefer, during the relevant time period.

**REQUEST FOR PRODUCTION NO. 52:**

**True and correct copies of the custodial and  personnel files for Tom Schatzman.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Merck objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this

action to the extent it seeks documents containing information not relating to Vioxx.  Merck further objects to this Request to the extent it seeks documents containing personal information, the disclosure of which would invade the custodian's privacy.  Subject to and without waiving its specific and general objections, Merck states that it is willing to discuss a production of relevant documents from the custodial files of a limited number of professional representatives employed by Merck who recorded Vioxx-related calls on Plaintiff's prescribing physician, Dr. Michael Grefer, during the relevant time period.

**REQUEST FOR PRODUCTION NO. 53:**

**True and correct copies of the custodial and  personnel files for Maureen Thompson Walczak.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Merck objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents containing information not relating to Vioxx.  Merck further objects to this Request to the extent it seeks documents containing personal information, the disclosure of which would invade the custodian's privacy.  Subject to and without waiving its specific and general objections, Merck states that it is willing to discuss a production of relevant documents from the custodial files of a limited number of professional representatives employed by Merck who recorded Vioxx-related calls on Plaintiff's prescribing physician, Dr. Michael Grefer, during the relevant time period.

**REQUEST FOR PRODUCTION NO. 54:**

**True and correct copies of the custodial and  personnel files for Tia Chanta Williams.**

823803v.1

## RESPONSE TO REQUEST FOR PRODUCTION NO. 54:

Merck objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents containing information not relating to Vioxx.  Merck further objects to this Request to the extent it seeks documents containing personal information, the disclosure of which would invade the custodian's privacy.  Subject to and without waiving its specific and general objections, Merck states that it is willing to discuss a production of relevant documents from the custodial files of a limited number of professional representatives employed by Merck who recorded Vioxx-related calls on Plaintiff's prescribing physician, Dr. Michael Grefer, during the relevant time period.

## REQUEST FOR PRODUCTION NO. 55:

**True and correct copies of all documents referencing the compensation structure for sales representatives in the State of Kentucky for Vioxx from 1999 through 2004.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 55:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrases "compensation structure" and "all documents referencing" and the term "sales representatives."  Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request to the extent it seeks confidential employee data on the grounds that such disclosure would invade the privacy rights of the individuals affected and are not relevant to the claims or defenses of any party or to the subject

- 43 -

matter involved in this action.  Based on its objections, Merck will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 56:**

      True and correct copies of all documents referencing the compensation structure for sales representatives in the State of Ohio for Vioxx from 1999 through 2004.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

      Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrases "compensation structure" and "all documents referencing" and the term "sales representatives."  Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request to the extent it seeks confidential employee data on the grounds that such disclosure would invade the privacy rights of the individuals affected and are not relevant to the claims or defenses of any party or to the subject matter involved in this action.  Based on its objections, Merck will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 57:**

      True and correct copies of all documents referencing the basis for bonuses earned by sales representatives in the State of Kentucky in conjunction with the sale of Vioxx from 1999 through 2004.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

      Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrases terms "compensation structure" and "all documents referencing" and the term "sales representatives."  Merck objects further to this Request on the grounds that it is

823803v.1

overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request to the extent it seeks confidential employee data on the grounds that such disclosure would invade the privacy rights of the individuals affected and are not relevant to the claims or defenses of any party or to the subject matter involved in this action.  Based on its objections, Merck will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 58:**

       **True and correct copies of all documents referencing the basis for bonuses earned by sales representatives in the State of Ohio in conjunction with the sale of Vioxx from 1999 through 2004.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

       Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrases "bonuses earned" and "all documents referencing" and the term "sales representatives."  Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request to the extent it seeks confidential employee data on the grounds that such disclosure would invade the privacy rights of the individuals affected and are not relevant to the claims or defenses of any party or to the subject matter involved in this action.  Based on its objections, Merck will not produce documents in response to this Request.

823803v.1

<u>**REQUEST FOR PRODUCTION NO. 59:**</u>

True and correct copies of the "Obstacle Responses" utilized by any Merck sales representative with Dr. Michael Grefer regarding Vioxx from 1999 through 2004.

<u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**</u>

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "utilized by" and the term "sales representative."  Merck further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents containing information not relating to Vioxx.  Subject to and without waiving its objections, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to sales training documents for Vioxx.

<u>**REQUEST FOR PRODUCTION NO. 60:**</u>

True and correct copies of the "Obstacle Responses" utilized by any Merck sales representative with Dr. Forest Heis regarding Vioxx from 1999 through 2004.

<u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**</u>

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "utilized by" and the term "sales representative."  Merck further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents containing information not relating to Vioxx.  Subject to and without waiving its objections, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a

823803v.1

part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to sales training documents for Vioxx.

**REQUEST FOR PRODUCTION NO. 61:**

True and correct copies of all Cardiovascular Cards referencing Vioxx shown to or discussed with Dr. Michael Grefer by any Merck employee or agent from 1999 through 2004.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Merck objects to this Request on the on the grounds that it is vague and ambiguous, particularly with respect to the phrases "shown to or discussed" and "Merck employee or agent" and the term "Cardiovascular Cards." Merck further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents containing information not relating to Vioxx. Subject to and without waiving its objections, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to professional promotional materials for Vioxx.

**REQUEST FOR PRODUCTION NO. 62:**

True and correct copies of all Cardiovascular Cards referencing Vioxx shown to or discussed with Dr. Forest Heis by any Merck employee or agent from 1999 through 2004.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Merck objects to this Request on the on the grounds that it is vague and ambiguous, particularly with respect to the phrases "shown to or discussed" and "Merck employee or agent" and the term "Cardiovascular Cards." Merck further objects to this Request on the grounds that

823803v.1

it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents containing information not relating to Vioxx.  Subject to and without waiving its objections, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to professional promotional materials for Vioxx.

## REQUEST FOR PRODUCTION NO. 63:

**True and correct copies of the Scripts provided to Merck sales representatives or agents in conjunction with the Cardiovascular Cards referencing Vioxx from 1999 through 2004.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 63:

Merck objects to this Request the grounds that it is vague and ambiguous, particularly with respect to the terms "Scripts," "sales representatives," and "agents."  Merck further objects to this Request on the grounds that it is overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents containing information not relating to Vioxx.  Subject to and without waiving its objections, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to sales training documents for Vioxx.

- 48 -

**REQUEST FOR PRODUCTION NO. 64:**

  **True and correct copies of all documents relating to Project Offense that were utilized by or provided to any Merck employee or agent, including sales representatives, in the State of Kentucky from 1999 through 2004.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

  Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrases "Project Offense" and "any Merck employee or agent," and the term "sales representatives." Merck further objects to this Request as overly broad, unduly burdensome, and not relevant to the claims or defenses in this action. Subject to and without waiving its objections, Merck states that documents containing information responsive to this Request have been produced by Merck in the MDL, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to sales training documents.

**REQUEST FOR PRODUCTION NO. 65:**

  **True and correct copies of all documents relating to Project Offense that were utilized by or provided to any Merck employee or agent, including sales representatives, in the State of Ohio from 1999 through 2004.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

  Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrases "Project Offense" and "any Merck employee or agent," and the term "sales representatives." Merck further objects to this Request as overly broad, unduly burdensome, and not relevant to the claims or defenses in this action. Subject to and without waiving its objections, Merck states that documents containing information responsive to this Request have been produced by Merck in the MDL, and Merck respectfully refers Plaintiff to

- 49 -

that production, to which Plaintiff has access, for such documents, including but not limited to sales training documents.

## REQUEST FOR PRODUCTION NO. 66:

**True and correct copies of any Merlin Sales Re-ports provided to any Merck sales representative in the State of Kentucky from 1999 through 2004.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 66:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrase "Merlin Sales Reports" and the term "sales representative." Subject to and without waiving its objections, Merck states as follows: Merck sold Vioxx to wholesalers and retailers located throughout the United States. Those wholesalers and retailers made subsequent sales of the product to other wholesalers, retailers and/or end-users throughout the United States. Merck did not make or direct any subsequent sales of Vioxx by the wholesalers and retailers to whom Merck sold Vioxx; nor did Merck determine where such subsequent sales may have been made. Data relating to retail purchases of Vioxx in the United States were gathered by IMS Health Incorporated ("IMS"), a pharmaceutical market research company. Merck has obtained that type of data by paying a fee to, and by entering into a licensing agreement with, IMS; the licensing agreement prohibits Merck from disclosing the data. On March 17, 2006, IMS filed in the New Jersey Coordinated Vioxx Litigation motions to intervene and for a heightened protective order, which seeks limitations on the scope of the production and the use of IMS data, which motion is currently scheduled to be heard on August 11, 2006. IMS has indicated that it may also file motions seeking similar relief in other jurisdictions. Merck will produce responsive, non-objectionable IMS documents in its possession, subject to the terms and provisions of any agreements reached between IMS and Plaintiff's counsel in this matter, or

- 50 -

any orders entered by this Court concerning production of IMS data.  Merck further states that

certain information responsive to this Request may be included in the production of case-specific

data from Merck's Field Activity Customer Tracking System ("FACTS") database, and Merck

respectfully refers Plaintiff to those productions for such information.

**REQUEST FOR PRODUCTION NO. 67:**

      **True and correct copies of any Merlin Sales Re-ports provided to any Merck sales
representative in the State of Ohio from 1999 through 2004.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

      Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the phrase "Merlin Sales Reports" and the term "sales representative."  Subject to

and without waiving its objections, Merck states as follows: Merck sold Vioxx to wholesalers

and retailers located throughout the United States.  Those wholesalers and retailers made

subsequent sales of the product to other wholesalers, retailers and/or end-users throughout the

United States.  Merck did not make or direct any subsequent sales of Vioxx by the wholesalers

and retailers to whom Merck sold Vioxx; nor did Merck determine where such subsequent sales

may have been made.  Data relating to retail purchases of Vioxx in the United States were

gathered by IMS Health Incorporated ("IMS"), a pharmaceutical market research company.

Merck has obtained that type of data by paying a fee to, and by entering into a licensing

agreement with, IMS; the licensing agreement prohibits Merck from disclosing the data.  On

March 17, 2006, IMS filed in the New Jersey Coordinated Vioxx Litigation motions to intervene

and for a heightened protective order, which seeks limitations on the scope of the production and

the use of IMS data, which motion is currently scheduled to be heard on August 11, 2006.  IMS

has indicated that it may also file motions seeking similar relief in other jurisdictions.  Merck

823803v.1

will produce responsive, non-objectionable IMS documents in its possession, subject to the terms

and provisions of any agreements reached between IMS and Plaintiff's counsel in this matter, or

any orders entered by this Court concerning production of IMS data.  Merck further states that

certain information responsive to this Request may be included in the production of case-specific

data from Merck's Field Activity Customer Tracking System ("FACTS") database, and Merck

respectfully refers Plaintiff to those productions for such information.

**REQUEST FOR PRODUCTION NO. 68:**

**True and correct copies of any and all Field Sales Performance Reports ("FSPR")
for Shunda Adams from 1999 through 2004 referencing Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Merck objects to this Request on the grounds that it is vague and ambiguous, overly

broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the

subject matter involved in this action, nor reasonably calculated to lead to the discovery of

admissible evidence.  Merck objects further to this Request to the extent it seeks confidential

employee data on the grounds that such disclosure would invade the privacy rights of the

individuals affected and are not relevant to the claims or defenses of any party or to the subject

matter involved in this action.  Based on its objections, Merck will not produce documents in

response to this Request.

**REQUEST FOR PRODUCTION NO. 69:**

**True and correct copies of any and all Field Sales Performance Reports ("FSPR")
for Elizabeth Bivins from 1999 through 2004 referencing Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Merck objects to this Request on the grounds that it is vague and ambiguous, overly

broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the

823803v.1

subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request to the extent it seeks confidential employee data on the grounds that such disclosure would invade the privacy rights of the individuals affected and are not relevant to the claims or defenses of any party or to the subject matter involved in this action.  Based on its objections, Merck will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 70:**

**True and correct copies of any and all Field Sales Performance Reports ("FSPR") for Holly Biss from 1999 through 2004 referencing Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Merck objects to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request to the extent it seeks confidential employee data on the grounds that such disclosure would invade the privacy rights of the individuals affected and are not relevant to the claims or defenses of any party or to the subject matter involved in this action.  Based on its objections, Merck will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 71:**

**True and correct copies of any and all Field Sales Performance Reports ("FSPR") for Amy Block from 1999 through 2004 referencing Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Merck objects to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the

823803v.1

subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request to the extent it seeks confidential employee data on the grounds that such disclosure would invade the privacy rights of the individuals affected and are not relevant to the claims or defenses of any party or to the subject matter involved in this action.  Based on objections, Merck will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 72:**

**True and correct copies of any and all Field Sales Performance Reports ("FSPR") for Helene Cissell from 1999 through 2004 referencing Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Merck objects to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request to the extent it seeks confidential employee data on the grounds that such disclosure would invade the privacy rights of the individuals affected and are not relevant to the claims or defenses of any party or to the subject matter involved in this action.  Based on its objections, Merck will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 73:**

**True and correct copies of any and all Field Sales Performance Reports ("FSPR") for Tracie Edwards from 1999 through 2004 referencing Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Merck objects to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the

823803v.1

subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request to the extent it seeks confidential employee data on the grounds that such disclosure would invade the privacy rights of the individuals affected and are not relevant to the claims or defenses of any party or to the subject matter involved in this action.  Based on its objections, Merck will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 74:**

**True and correct copies of any and all Field Sales Performance Reports ("FSPR") for Shannon Fleckenstein from 1999 through 2004 referencing Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Merck objects to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request to the extent it seeks confidential employee data on the grounds that such disclosure would invade the privacy rights of the individuals affected and are not relevant to the claims or defenses of any party or to the subject matter involved in this action.  Based on its objections, Merck will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 75:**

**True and correct copies of any and all Field Sales Performance Reports ("FSPR") for Christy Gross from 1999 through 2004 referencing Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Merck objects to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the

823803v.1

subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request to the extent it seeks confidential employee data on the grounds that such disclosure would invade the privacy rights of the individuals affected and are not relevant to the claims or defenses of any party or to the subject matter involved in this action.  Based on its objections, Merck will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 76:**

**True and correct copies of any and all Field Sales Performance Reports ("FSPR") for John Hinken from 1999 through 2004 referencing Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

Merck further to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request to the extent it seeks confidential employee data on the grounds that such disclosure would invade the privacy rights of the individuals affected and are not relevant to the claims or defenses of any party or to the subject matter involved in this action.  Based on its objections, Merck will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 77:**

**True and correct copies of any and all Field Sales Performance Reports ("FSPR") for M.J. Hunt from 1999 through 2004 referencing Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Merck objects to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the

823803v.1

subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request to the extent it seeks confidential employee data on the grounds that such disclosure would invade the privacy rights of the individuals affected and are not relevant to the claims or defenses of any party or to the subject matter involved in this action.  Based on its objections, Merck will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 78:**

**True and correct copies of any and all Field Sales Performance Reports ("FSPR") for Jeffrey Johnson from 1999 through 2004 referencing Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Merck objects to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request to the extent it seeks confidential employee data on the grounds that such disclosure would invade the privacy rights of the individuals affected and are not relevant to the claims or defenses of any party or to the subject matter involved in this action.  Based on its objections, Merck will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 79:**

**True and correct copies of any and all Field Sales Performance Reports ("FSPR") for Kristen Keller from 1999 through 2004 referencing Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Merck objects to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the

823803v.1

subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request to the extent it seeks confidential employee data on the grounds that such disclosure would invade the privacy rights of the individuals affected and are not relevant to the claims or defenses of any party or to the subject matter involved in this action.  Based on its objections, Merck will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 80:**

**True and correct copies of any and all Field Sales Performance Reports ("FSPR") for Timothy Powers from 1999 through 2004 referencing Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

Merck objects to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request to the extent it seeks confidential employee data on the grounds that such disclosure would invade the privacy rights of the individuals affected and are not relevant to the claims or defenses of any party or to the subject matter involved in this action.  Based on its objections, Merck will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 81:**

**True and correct copies of any and all Field Sales Performance Reports ("FSPR") for Melisa A. Swenki Shelbum from 1999 through 2004 referencing Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Merck objects to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the

- 58 -

subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request to the extent it seeks confidential employee data on the grounds that such disclosure would invade the privacy rights of the individuals affected and are not relevant to the claims or defenses of any party or to the subject matter involved in this action.  Based on its objections, Merck will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 82:**

**True and correct copies of any and all Field Sales Performance Reports ("FSPR") for Craig Simmons from 1999 through 2004 referencing Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Merck objects to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request to the extent it seeks confidential employee data on the grounds that such disclosure would invade the privacy rights of the individuals affected and are not relevant to the claims or defenses of any party or to the subject matter involved in this action.  Based on its objections, Merck will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 83:**

**True and correct copies of any and all Field Sales Performance Reports ("FSPR") for Tom Schatzman from 1999 through 2004 referencing Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Merck objects to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the

823803v.1

subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request to the extent it seeks confidential employee data on the grounds that such disclosure would invade the privacy rights of the individuals affected and are not relevant to the claims or defenses of any party or to the subject matter involved in this action.  Based on its objections, Merck will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 84:**

True and correct copies of any and all Field Sales Performance Reports ("FSPR") for Maureen Thompson Walczak from 1999 through 2004 referencing Vioxx.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Merck objects to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request to the extent it seeks confidential employee data on the grounds that such disclosure would invade the privacy rights of the individuals affected and are not relevant to the claims or defenses of any party or to the subject matter involved in this action.  Based on its objections, Merck will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 85:**

True and correct copies of any and all Field Sales Performance Reports ("FSPR") for Tia Chanta Williams from 1999 through 2004 referencing Vioxx.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

Merck objects to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome, and not relevant to the claims or defenses of any party or to the

823803v.1

subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request to the extent it seeks confidential employee data on the grounds that such disclosure would invade the privacy rights of the individuals affected and are not relevant to the claims or defenses of any party or to the subject matter involved in this action.  Based on its objections, Merck will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 86:**

  **True and correct copies of any and all documents referencing the Merck Potential of Dr. Michael Grefer from 1999 through 2004 relating to Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

  Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the term "Merck Potential."  Subject to and without waiving its objections, Merck states as follows: Merck sold Vioxx to wholesalers and retailers located throughout the United States.  Those wholesalers and retailers made subsequent sales of the product to other wholesalers, retailers and/or end-users throughout the United States.  Merck did not make or direct any subsequent sales of Vioxx by the wholesalers and retailers to whom Merck sold Vioxx; nor did Merck determine where such subsequent sales may have been made.  Data relating to retail purchases of Vioxx in the United States were gathered by IMS Health Incorporated ("IMS"), a pharmaceutical market research company.  Merck has obtained that type of data by paying a fee to, and by entering into a licensing agreement with, IMS; the licensing agreement prohibits Merck from disclosing the data.  On March 17, 2006, IMS filed in the New Jersey Coordinated Vioxx Litigation motions to intervene and for a heightened protective order, which seeks limitations on the scope of the production and the use of IMS data, which motion is

currently scheduled to be heard on August 11, 2006.  IMS has indicated that it may also file

motions seeking similar relief in other jurisdictions.  Merck will produce responsive, non-

objectionable IMS documents in its possession, subject to the terms and provisions of any

agreements reached between IMS and Plaintiff's counsel in this matter, or any orders entered by

this Court concerning production of IMS data.

**REQUEST FOR PRODUCTION NO. 87:**

**True and correct copies of any and all documents referencing the Merck Potential
of Dr. Forest Heis from 1999 through 2004 relating to Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the term "Merck Potential."  Subject to and without waiving its objections, Merck

states as follows: Merck sold Vioxx to wholesalers and retailers located throughout the United

States.  Those wholesalers and retailers made subsequent sales of the product to other

wholesalers, retailers and/or end-users throughout the United States.  Merck did not make or

direct any subsequent sales of Vioxx by the wholesalers and retailers to whom Merck sold

Vioxx; nor did Merck determine where such subsequent sales may have been made.  Data

relating to retail purchases of Vioxx in the United States were gathered by IMS Health

Incorporated ("IMS"), a pharmaceutical market research company.  Merck has obtained that type

of data by paying a fee to, and by entering into a licensing agreement with, IMS; the licensing

agreement prohibits Merck from disclosing the data.  On March 17, 2006, IMS filed in the New

Jersey Coordinated Vioxx Litigation motions to intervene and for a heightened protective order,

which seeks limitations on the scope of the production and the use of IMS data, which motion is

currently scheduled to be heard on August 11, 2006.  IMS has indicated that it may also file

823803v.1

motions seeking similar relief in other jurisdictions.  Merck will produce responsive, non-objectionable IMS documents in its possession, subject to the terms and provisions of any agreements reached between IMS and Plaintiff's counsel in this matter, or any orders entered by this Court concerning production of IMS data.

**REQUEST FOR PRODUCTION NO. 88:**

**True and correct copies of all documents referencing the dollar amount spent by Merck or on Merck's behalf on advertising relating to Vioxx in the State of Kentucky in 1999.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

Merck objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Merck further objects to this Request as vague and ambiguous, particularly with respect to the term "referencing."  Merck states that the Vioxx advertising campaign was a national campaign directed at a national marketplace, and as such, there were no funds or allowances of funds specifically budgeted for advertising Vioxx in Kentucky.  Subject to and without waiving its objections, Merck states that documents containing information responsive to this Request have been produced by Merck in the MDL, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to Merck's Profit Plan for 1999.

**REQUEST FOR PRODUCTION NO. 89:**

**True and correct copies of all documents referencing the dollar amount spent by Merck or on Merck's behalf on advertising relating to Vioxx in the State of Ohio in 1999.**

823803v.1

## RESPONSE TO REQUEST FOR PRODUCTION NO. 89:

Merck objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Merck further objects to this Request as vague and ambiguous, particularly with respect to the term "referencing."  Merck states that the Vioxx advertising campaign was a national campaign directed at a national marketplace, and as such, there were no funds or allowances of funds specifically budgeted for advertising Vioxx in Ohio.  Subject to and without waiving its objections, Merck states that documents containing information responsive to this Request have been produced by Merck in the MDL, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to Merck's Profit Plan for 1999.

## REQUEST FOR PRODUCTION NO. 90:

**True and correct copies of all documents referencing the dollar amount spent by Merck or on Merck's behalf on advertising relating to Vioxx in the State of Kentucky in 2000.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 90:

Merck further objects to this Request as vague and ambiguous, particularly with respect to the term "referencing."  Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Merck states that the Vioxx advertising campaign was a national campaign directed at a national marketplace, and as such, there were no funds or allowances of funds specifically budgeted for advertising Vioxx in Kentucky.  Subject to and without waiving its objections, Merck states that

- 64 -

documents containing information responsive to this Request have been produced by Merck in the MDL, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to Merck's Profit Plan for 2000.

**REQUEST FOR PRODUCTION NO. 91:**

 True and correct copies of all documents referencing the dollar amount spent by Merck or on Merck's behalf on advertising relating to Vioxx in the State of Ohio in 2000.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

 Merck further objects to this Request as vague and ambiguous, particularly with respect to the term "referencing."  Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence. Merck states that the Vioxx advertising campaign was a national campaign directed at a national marketplace, and as such, there were no funds or allowances of funds specifically budgeted for advertising Vioxx in Ohio.  Subject to and without waiving its objections, Merck states that documents containing information responsive to this Request have been produced by Merck in the MDL, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to Merck's Profit Plan for 2000.

**REQUEST FOR PRODUCTION NO. 92:**

 True and correct copies of all documents referencing the dollar amount spent by Merck or on Merck's behalf on advertising relating to Vioxx in the State of Kentucky in 2001.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

 Merck objects to this Request as vague and ambiguous, particularly with respect to the term "referencing."  Merck objects further to this Request on the grounds that it is overly broad,

- 65 -

823803v.1

unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Merck states that the Vioxx advertising campaign was a national campaign directed at a national marketplace, and as such, there were no funds or allowances of funds specifically budgeted for advertising Vioxx in Kentucky.  Subject to and without waiving its objections, Merck states that documents containing information responsive to this Request have been produced by Merck in the MDL, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to Merck's Profit Plan for 2001.

**REQUEST FOR PRODUCTION NO. 93:**

> **True and correct copies of all documents referencing the dollar amount spent by Merck or on Merck's behalf on advertising relating to Vioxx in the State of Ohio in 2001.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Merck objects to this Request as vague and ambiguous, particularly with respect to the term "referencing."  Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Merck states that the Vioxx advertising campaign was a national campaign directed at a national marketplace, and as such, there were no funds or allowances of funds specifically budgeted for advertising Vioxx in Ohio.  Subject to and without waiving its objections, Merck states that documents containing information responsive to this Request have been produced by Merck in the MDL, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to Merck's Profit Plan for 2001.

823803v.1

**REQUEST FOR PRODUCTION NO. 94:**

 True and correct copies of all documents referencing the dollar amount spent by
Merck or on Merck's behalf on advertising relating to Vioxx in the State of Kentucky in
2002.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

 Merck objects to this Request as vague and ambiguous, particularly with respect to the

term "referencing." Merck objects further to this Request on the grounds that it is overly broad,

unduly burdensome, and seeks information that is neither relevant to the claims or defenses of

any party nor reasonably calculated to lead to the discovery of admissible evidence. Merck

states that the Vioxx advertising campaign was a national campaign directed at a national

marketplace, and as such, there were no funds or allowances of funds specifically budgeted for

advertising Vioxx in Kentucky. Subject to and without waiving its objections, Merck states that

documents containing information responsive to this Request have been produced by Merck in

the MDL, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has

access, for such documents, including but not limited to Merck's Profit Plan for 2002.

**REQUEST FOR PRODUCTION NO. 95:**

 True and correct copies of all documents referencing the dollar amount spent by
Merck or on Merck's behalf on advertising relating to Vioxx in the State of Ohio in 2002.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

 Merck objects to this Request as vague and ambiguous, particularly with respect to the

term "referencing." Merck objects further to this Request on the grounds that it is overly broad,

unduly burdensome, and seeks information that is neither relevant to the claims or defenses of

any party nor reasonably calculated to lead to the discovery of admissible evidence. Merck

states that the Vioxx advertising campaign was a national campaign directed at a national

marketplace, and as such, there were no funds or allowances of funds specifically budgeted for advertising Vioxx in Ohio.  Subject to and without waiving its objections, Merck states that documents containing information responsive to this Request have been produced by Merck in the MDL, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to Merck's Profit Plan for 2002.

**REQUEST FOR PRODUCTION NO. 96:**

**True and correct copies of all documents referencing the dollar amount spent by Merck or on Merck's behalf on advertising relating to Vioxx in the State of Kentucky in 2003.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

Merck objects to this Request as vague and ambiguous, particularly with respect to the term "referencing."  Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Merck states that the Vioxx advertising campaign was a national campaign directed at a national marketplace, and as such, there were no funds or allowances of funds specifically budgeted for advertising Vioxx in Kentucky.  Subject to and without waiving its objections, Merck states that documents containing information responsive to this Request have been produced by Merck in the MDL, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to Merck's Profit Plan for 2003.

**REQUEST FOR PRODUCTION NO. 97:**

**True and correct copies of all documents referencing the dollar amount spent by Merck or on Merck's behalf on advertising relating to Vioxx in the State of Ohio in 2003.**

823803v.1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Merck objects to this Request as vague and ambiguous, particularly with respect to the term "referencing."  Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Merck states that the Vioxx advertising campaign was a national campaign directed at a national marketplace, and as such, there were no funds or allowances of funds specifically budgeted for advertising Vioxx in Ohio.  Subject to and without waiving its objections, Merck states that documents containing information responsive to this Request have been produced by Merck in the MDL, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to Merck's Profit Plan for 2003.

**REQUEST FOR PRODUCTION NO. 98:**

**True and correct copies of all documents referencing the dollar amount spent by Merck or on Merck's behalf on advertising relating to Vioxx in the State of Kentucky in 2004.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

Merck objects to this Request as vague and ambiguous, particularly with respect to the term "referencing."  Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Merck states that the Vioxx advertising campaign was a national campaign directed at a national marketplace, and as such, there were no funds or allowances of funds specifically budgeted for advertising Vioxx in Kentucky.  Subject to and without waiving its objections, Merck states that

- 69 -

documents containing information responsive to this Request have been produced by Merck in the MDL, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to Merck's Profit Plan for 2004.

**REQUEST FOR PRODUCTION NO. 99:**

**True and correct copies of all documents referencing the dollar amount spent by Merck or on Merck's behalf on advertising relating to Vioxx in the State of Ohio in 2004.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

Merck objects to this Request as vague and ambiguous, particularly with respect to the term "referencing."  Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Merck states that the Vioxx advertising campaign was a national campaign directed at a national marketplace, and as such, there were no funds or allowances of funds specifically budgeted for advertising Vioxx in Ohio.  Subject to and without waiving its objections, Merck states that documents containing information responsive to this Request have been produced by Merck in the MDL, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to Merck's Profit Plan for 2004.

**REQUEST FOR PRODUCTION NO. 100:**

**True and correct copies of all Approved Medical Articles referencing Vioxx available or provided to or utilized by Merck sales representatives or agents in sales calls to Dr. Michael Grefer from 1999 through 2004.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrases "Approved Medical Articles" and "available or provided to or

utilized" and the terms "sales representatives," "agents" and "sales calls."  Merck further objects

to this Request on the grounds that it is overly broad, unduly burdensome and to the extent that it

seeks the production of documents that are in the public domain on the grounds that the burden

of obtaining such documents is substantially the same for Plaintiff as it is for Merck.  Subject to

and without waiving its objections, Merck states that it does not maintain records reflecting

documents provided to its professional representatives on a per-prescriber-basis.  Further

responding, Merck states that certain information responsive to this Request may be included in

the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-

specific data from Merck's Field Activity Customer Tracking System ("FACTS") database, and

Merck respectfully refers Plaintiff to those productions for such information.  Further

responding, Merck states that documents containing information responsive to this Request have

been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck

respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents,

including but not limited to professional promotional materials for Vioxx.

## REQUEST FOR PRODUCTION NO. 101:

**True and correct copies of all Background Medical Articles referencing Vioxx
available or provided to or utilized by Merck sales representatives or agents in sales calls to
Dr. Michael Grefer from 1999 through 2004.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 101:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the phrases "Background Medical Articles" and "available or provided to or

utilized" and the terms "sales representatives," "agents" and "sales calls."  Merck further objects

to this Request on the grounds that it is overly broad, unduly burdensome and to the extent that it

seeks the production of documents that are in the public domain on the grounds that the burden

of obtaining such documents is substantially the same for Plaintiff as it is for Merck.  Subject to

and without waiving its objections, Merck states that it does not maintain records reflecting

documents provided to its professional representatives on a per-prescriber-basis.  Further

responding, Merck states that certain information responsive to this Request may be included in

the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-

specific data from Merck's Field Activity Customer Tracking System ("FACTS") database, and

Merck respectfully refers Plaintiff to those productions for such information.  Further

responding, Merck states that documents containing information responsive to this Request have

been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck

respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents,

including but not limited to sales training documents for Vioxx.

## REQUEST FOR PRODUCTION NO. 102:

**True and correct copies of all Approved Medical Articles referencing Vioxx
available or provided to or utilized by Merck sales representatives or agents in sales calls to
Dr. Forest Heis from 1999 through 2004.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 102:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the phrases "Approved Medical Articles" and "available or provided to or

utilized" and the terms "sales representatives," "agents" and "sales calls."  Merck further objects

to this Request on the grounds that it is overly broad, unduly burdensome and to the extent that it

seeks the production of documents that are in the public domain on the grounds that the burden

of obtaining such documents is substantially the same for Plaintiff as it is for Merck.  Subject to

- 72 -

and without waiving its objections, Merck states that it does not maintain records reflecting

documents provided to its professional representatives on a per-prescriber-basis.  Further

responding, Merck states that certain information responsive to this Request may be included in

the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-

specific data from Merck's Field Activity Customer Tracking System ("FACTS") database, and

Merck respectfully refers Plaintiff to those productions for such information.  Further

responding, Merck states that documents containing information responsive to this Request have

been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck

respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents,

including but not limited to professional promotional materials for Vioxx.

## REQUEST FOR PRODUCTION NO. 103:

**True and correct copies of all Background Medical Articles referencing Vioxx available or provided to or utilized by Merck sales representatives or agents in sales calls to Dr. Forest Heis from 1999 through 2004.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 103:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with respect to the phrases "Background Medical Articles" and "available or provided to or

utilized" and the terms "sales representatives," "agents" and "sales calls."  Merck further objects

to this Request on the grounds that it is overly broad, unduly burdensome and to the extent that it

seeks the production of documents that are in the public domain on the grounds that the burden

of obtaining such documents is substantially the same for Plaintiff as it is for Merck.  Subject to

and without waiving its objections, Merck states that it does not maintain records reflecting

documents provided to its professional representatives on a per-prescriber-basis.  Further

823803v.1

responding, Merck states that certain information responsive to this Request may be included in

the Merck Profile Form ("MPF") provided to Plaintiff in this case, or the production of case-

specific data from Merck's Field Activity Customer Tracking System ("FACTS") database, and

Merck respectfully refers Plaintiff to those productions for such information.  Further

responding, Merck states that documents containing information responsive to this Request have

been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck

respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents,

including but not limited to sales training documents for Vioxx.

## REQUEST FOR PRODUCTION NO. 104:

**Any and all published treatises, articles, periodicals, or pamphlets upon which you
or your expert witnesses will rely at the trial of this matter or in support of expert opinions.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 104:

Merck objects to this Request to the extent it seeks to impose obligations beyond those

permitted by the Federal Rules of Civil Procedure or any applicable Order of this Court.  Subject

to and without waiving its objections, Merck respectfully refers Plaintiff to the expert reports and

attachments thereto that have been produced by Merck to date in this action.  Further responding,

Merck states that it has not yet determined the witnesses Merck will call to testify at the trial of

this action, or the documents upon which its witnesses may rely.  Once such determination has

been made, Merck will exchange this information with Plaintiff's counsel as required by the

Federal Rules of Civil Procedure, either by agreement or pursuant to Court order.

## REQUEST FOR PRODUCTION NO. 105:

**All scientific or medical literature in your possession or control that relates to the
effect(s) Vioxx may have on test animals or human beings.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 105:

Merck objects to this Request on the grounds that it is overly broad, vague, ambiguous, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks documents regarding "effects" other than the reaction allegedly suffered by Plaintiff.  Merck objects further to this Request insofar as it is duplicative of discovery served by the Plaintiff Steering Committee in the federal MDL for Vioxx, of which this case is a part, and therefore cumulative and unduly burdensome.  Subject to and without waiving its objections, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents.  Further responding, Merck respectfully refers Plaintiff to Merck's responses to the Plaintiff Steering Committee's First Request for Production of Documents to Defendant Merck & Co., Inc., and Merck's initial and supplemental responses to Plaintiff Steering Committee's First Set of Interrogatories to Defendant Merck & Co., Inc., including relevant appendices produced therewith.

## REQUEST FOR PRODUCTION NO. 106:

**The curriculum vitae of all persons whom you have identified or will identify as witnesses or expert witnesses including but not limited to those upon whom you may call at trial.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 106:

Merck objects to this Request to the extent it seeks to impose obligations beyond those permitted by the Federal Rules of Civil Procedure or any applicable Order of this Court.  Subject

- 75 -

823803v.1

to and without waiving its objections, Merck respectfully refers Plaintiff to the expert reports and

attachments thereto that have been produced by Merck to date in this action.

## REQUEST FOR PRODUCTION NO. 107:

**All documents constituting, concerning or relating to product use instructions, product warnings, package inserts, pharmacy handouts or other materials Merck contends were distributed or provided to Plaintiff when Plaintiffs[sic] prescriptions for Vioxx were filled.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 107:

Merck objects to this Request on the grounds that it is argumentative, vague and

ambiguous, particularly with respect to the term "contends" and to the phrases "other materials"

and "distributed or provided."  Merck objects further to this Request to the extent it is duplicative

of Plaintiff's Request for Production No. 1, and therefore cumulative overly broad and unduly

burdensome.  Subject to and without waiving its objections, Merck respectfully refers Plaintiff to

Merck's response to Plaintiff's Request For Production No. 1, *supra*, and the documents

described therein.

## REQUEST FOR PRODUCTION NO. 108:

**All documents constituting, concerning or relating to product use instructions, product warnings, package inserts, pharmacy handouts or other materials Merck contends were distributed or provided to Plaintiff other than at the time Plaintiff's prescriptions for Vioxx were filled.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 108:

Merck objects to this Request on the grounds that it is argumentative, vague and

ambiguous, particularly with respect to the term "contends" and to the phrases "other materials"

and "distributed or provided."  Merck objects further to this Request to the extent it is duplicative

of Plaintiff's Request for Production No. 1, and therefore cumulative overly broad and unduly

burdensome.  Subject to and without waiving its objections, Merck respectfully refers Plaintiff to

Merck's response to Plaintiff's Request For Production No. 1, *supra*, and the documents

described therein.

## REQUEST FOR PRODUCTION NO. 109:

**All documents or reports provided to or reviewed by any witness expected to be called at trial about the incident made the basis of this lawsuit, including but not limited to factual observations, tests, supporting data, calculations, photographs, and opinions prepared in connection with this lawsuit by or for any expert witness.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 109:

Merck objects to this Request to the extent it seeks to impose obligations beyond those

permitted by the Federal Rules of Civil Procedure or any applicable Order of this Court.  Subject

to and without waiving its objections, Merck respectfully refers Plaintiff to the expert reports and

attachments thereto that have been produced by Merck to date in this action.

## REQUEST FOR PRODUCTION NO. 110:

**All other documents or things that relate or pertain in any way to any fact or any claim asserted by you in your answer filed herein.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 110:

Merck objects to this Request on the grounds that it is overly broad, unduly burdensome,

vague, and ambiguous, and fails to identify the documents sought with reasonable particularity.

Based on its objections, Merck will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 111:

**All transcripts of testimony by or statements (including expert reports) of any of Merck's experts identified in this litigation.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 111:

Merck objects to this Request on the grounds that it is vague, ambiguous, overly broad,

unduly burdensome, and seeks documents that are not relevant to the claims or defenses of any

823803v.1

party or to the subject matter involved in this action insofar as it is not limited to prior statements or testimony of Merck's experts given in other Vioxx personal injury litigation.  Merck objects further to this Request to the extent it seeks information or documents that are protected from disclosure by the attorney-client privilege, the work product doctrine or otherwise immune or protected from disclosure.  Merck further objects to this Request to the extent it seeks to impose obligations beyond those permitted by the Federal Rules of Civil Procedure or any applicable Order of this Court.  Subject to and without waiving its objections, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to transcripts, exhibits, and errata sheets of depositions of Merck corporate witnesses and Merck's testifying experts given to date in Vioxx personal injury cases.

**REQUEST FOR PRODUCTION NO. 112:**

All transcripts of testimony by or statements (including expert reports) of any of Plaintiffs experts identified in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Merck objects to this Request insofar as it seeks documents in Plaintiff's own possession and to the extent it seeks information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action.  Merck objects further to this Request to the extent it seeks to impose obligations beyond those permitted by the Federal Rules of Civil Procedure or any applicable Order of this Court.  Merck objects to this Request to the extent that it seeks information or documents that are protected by the attorney-client privilege, the work product doctrine, or otherwise protected from disclosure.  Merck further objects to this

- 78 -

Request insofar as it seeks documents in the possession of the Plaintiff Steering Committee that are accessible to Plaintiff by other means that are more convenient, less burdensome, and/or less expensive.  Based on its objections, Merck will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 113:

**All statements, written or otherwise recorded, of persons who have knowledge or claim to have knowledge relevant to this case.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 113:

Merck objects to this Request on the grounds that it is overly broad, vague, and ambiguous, and fails to identify the documents sought with reasonable particularity.  Merck objects further to this Request to the extent it seeks information or documents that are protected from disclosure by the attorney-client privilege, the work product doctrine or otherwise immune or protected from disclosure.  Merck further objects to this Request to the extent it seeks to impose obligations beyond those permitted by the Federal Rules of Civil Procedure or any applicable Order of this Court.  Subject to and without waiving its objections, to the extent this Request is intended to seek "statements" of Plaintiff or Plaintiff's experts retained in this matter, Merck responds that it is unaware, at the present time, of any relevant "statements" other than those made in Plaintiff's medical records or otherwise provided through discovery in this case.  To the extent this Request is intended to seek "statements" of Merck, Merck respectfully refers Plaintiff to the list of witnesses Merck expects to call at the trial of this matter, which was previously provided to Plaintiff in this action, and the opinions of Merck's experts retained and offered in this matter.  Further responding, Merck reserves the right to supplement this response as appropriate.

823803v.1

**REQUEST FOR PRODUCTION NO. 114:**

Each and every document upon which you rely to oppose Plaintiff's claim for exemplary damages.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

Merck objects to this Request to the extent it seeks information or documents that are protected from disclosure by the attorney-client privilege, the work product doctrine or otherwise immune or protected from disclosure.  Merck further objects to this Request to the extent it seeks to impose obligations beyond those permitted by the Federal Rules of Civil Procedure or any applicable Order of this Court.  Subject to and without waiving its objections, Merck states that it has not yet determined the documents or exhibits it intends to use at the trial of this action. Once such determination has been made, Merck will provide these documents to Plaintiff's counsel as required by the Federal Rules of Civil Procedure, either by agreement or pursuant to Court order. Further responding, Merck respectfully refers Plaintiff to the expert reports and attachments thereto that have been produced by Merck to date in this action.

**REQUEST FOR PRODUCTION NO. 115:**

All documents Merck intends to use at trial, including demonstrative exhibits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

Merck objects to this Request to the extent it seeks information or documents that are protected from disclosure by the attorney-client privilege, the work product doctrine or otherwise immune or protected from disclosure.  Merck further objects to this Request to the extent it seeks to impose obligations beyond those permitted by the Federal Rules of Civil Procedure or any applicable Order of this Court.  Subject to and without waiving its objections, Merck states that it has not yet determined the documents or exhibits it intends to use at the trial of this action. Once

823803v.1

such determination has been made, Merck will provide these documents to Plaintiff's counsel as required by the Federal Rules of Civil Procedure, either by agreement or pursuant to Court order. Further responding, Merck respectfully refers Plaintiff to the expert reports and attachments thereto that have been produced by Merck to date in this action.

**REQUEST FOR PRODUCTION NO. 116:**

      **Copies of all consent forms used in all clinical trials of Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

      Merck objects to this Request on the grounds that it is duplicative of Interrogatory No. 40(g) of Plaintiff Steering Committee's First Set of Interrogatories to Defendant Merck & Co., Inc. in the federal MDL for Vioxx, of which this case is a part, and therefore cumulative, overly broad, and unduly burdensome.  Subject to and without waiving its objections, Merck respectfully refers Plaintiff to Merck's response to Plaintiff Steering Committee's Interrogatory No. 40(g), and to Appendix "B" produced in connection therewith, which identifies, by Bates range, Clinical Study Reports ("CSRs") and related documents for Vioxx-related studies.  Merck states that informed consent forms for each such study can be found in the appendix thereto and, further responding, Merck states that Clinical Study Reports for Vioxx-related studies have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for those documents.

      Respectfully submitted,

      */s/ Dorothy H. Wimberly*
      Phillip A. Wittmann, 13625
      Dorothy H. Wimberly, 18509
      Carmelite M. Bertaut, 3054

823803v.1

Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone:  504-581-3200
Fax:  504-581-3361

Defendants' Liaison Counsel

823803v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Merck & Co., Inc.'s Responses and Objections to Plaintiff's First Set of Case Specific Requests for Production has been served on Liaison Counsel, Russ Herman and Phillip Wittmann by U.S. Mail and e-mail, upon plaintiff's counsel Grant Kaiser and Drew Ranier by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, on this 11th day of August, 2006.

*/s/ Dorothy H. Wimberly*

823803v.1