

12056655

Aug 11 2006
2:46PM

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Vioxx | § | **MDL DOCKET NO. 1657** |
| **PRODUCTS LIABILITY** | § | |
| **LITIGATION** | § | **Section L** |
| | § | |
| **THIS DOCUMENT RELATES TO:** | § | **Judge Fallon** |
| **ROBERT G. SMITH v.** | § | **Mag. Judge Knowles** |
| **MERCK & CO., INC.** | § | |
| **No. 2:05-CV-04379** | § | |
| | § | |

## MERCK & CO., INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF ROBERT G. SMITH'S FIRST SET OF INTERROGATORIES

Merck & Co., Inc. ("Merck"), by and through its attorneys, hereby responds and objects to Plaintiff Robert G. Smith's First Set of Interrogatories (the "Interrogatories"):

### GENERAL OBJECTIONS

1.      Merck objects to these Interrogatories to the extent they are vague, ambiguous, argumentative, duplicative, overly broad, unduly burdensome or oppressive, or seek information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action.  Merck further objects to these Interrogatories to the extent they seek information or documents, or otherwise purport to impose obligations upon Merck, beyond those permitted by the Federal Rules of Civil Procedure and/or court orders entered in this case.

2.      Merck objects to these Interrogatories to the extent they seek information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, or that are otherwise immune or protected from disclosure.  Merck does not intend to waive any applicable protections or privileges through the supplying of information or

production of documents in response to these Interrogatories.  On the contrary, Merck specifically intends to preserve any and all applicable protections or privileges.

3.      Inadvertent production of any document shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such document or any other document, or with respect to the subject matter thereof or the information contained therein; nor shall such inadvertent production waive Merck's right to demand that such documents be returned or to object to the use of the document or the information contained therein during this or any other proceeding.

4.      Merck objects to these Interrogatories to the extent they seek information or documents generated in the course of the defense of this action or any other action regarding Vioxx®.  Merck will not produce such information or documents.

5.      Merck objects to these Interrogatories as overly broad and unduly burdensome to the extent they call for the identification of "all" documents or "any and all" documents when all relevant facts can be obtained from fewer than "all" documents or "any and all" documents. Merck objects to the Interrogatories to the extent they seek documents other than those that can be located upon a search of files where such documents reasonably can be expected to be found.

6.      Merck objects to these Interrogatories to the extent they seek confidential or proprietary information or trade secrets.  Merck will only produce such other confidential or proprietary information or trade secrets, if relevant, subject to and in reliance on the protective

823797v.1

order in this case (i.e., Pre-Trial Order No. 13), and in some cases, only with additional confidentiality protections.

7.      Merck objects to these Interrogatories as overly broad and unduly burdensome to the extent they purport to seek information or documents without regard to a specific timeframe or date cut-off.  The production of such information or documents shall be subject to and without waiver of any of the objections stated herein, and shall not be deemed to be an admission on the part of Merck that such information or documents are either relevant or admissible.  Indeed, Merck specifically notes that information or documents generated after plaintiffs last ingested Vioxx are unlikely to be relevant or admissible at the trial of this matter.

8.      Merck objects to these Interrogatories to the extent they purport to require Merck to provide a compilation, abstract, audit, and/or other document summary that does not currently exist.

9.      Merck objects to these Interrogatories to the extent they call for information or documents that are unreasonably cumulative or duplicative; outside of Merck's possession, custody or control; or obtainable from some other source that is more convenient, less burdensome or less expensive.

10.     Merck is responding to these Interrogatories without waiving or intending to waive, but on the contrary, preserving and intending to preserve: (a) the right to object, on the grounds of competency, privilege, relevance, or materiality, or any other proper grounds, to the use of such documents or information for any purpose, in whole or in part, in any subsequent

proceedings, in this action or in any other action; (b) the right to object on all grounds, at any time, to document requests, interrogatories, or other discovery procedures involving or relating to the subject of the Interrogatory to which Merck has responded herein; and (c) the right at any time to revise, correct, add to or clarify any of the answers made herein.

11.     Merck reserves the right to supplement or correct these responses and to raise any additional objections deemed necessary and appropriate in light of the results of any further review.

## RESPONSES TO INDIVIDUAL INTERROGATORIES

### INTERROGATORY NO. 1:

**Identify each person answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers to these interrogatories.**

### RESPONSE TO INTERROGATORY NO. 1:

Subject to and without waiving its objections, Merck states that it is incorporated as Merck & Co., Inc.  Merck further states that Robert E. Silverman, M.D., Ph.D., Executive Director, Worldwide Regulatory Affairs, Domestic, Merck Research Laboratories, Merck & Co, Inc., is Merck's signatory as to Merck's answers to the Interrogatories, and that counsel has prepared the objections.  Merck further states that Dr. Silverman has read these answers; subscribes to them based on personal knowledge or on information communicated to him by employees of Merck acting within the scope and course of their employment, or on information obtained from the books and records of Merck; and believes them to be true and correct.

- 4 -

## INTERROGATORY NO. 2:

**Identify every person having knowledge of relevant facts and summarize each person's knowledge and opinions. The phrase "relevant facts" includes, without limitation, knowledge of the circumstances, injuries, damages, or allegations contained in Plaintiff's Complaint and defendant's answer and Merck Profile Form.**

## RESPONSE TO INTERROGATORY NO. 2:

Merck objects to this Interrogatory on the grounds that it is overly broad, vague, and ambiguous, particularly with respect to the terms "opinions," "relevant facts," "circumstances," "injuries," and "damages," and with respect to Plaintiff's failure to tailor this Interrogatory more specifically to the matters at issue in this case. Merck objects further to this Interrogatory to the extent it seeks information or documents that are protected by the attorney-client privilege, the work product doctrine, or otherwise protected from disclosure, and to the extent it seeks information that it properly the subject of expert testimony. Merck objects further to this Interrogatory as argumentative insofar as it implies that Merck caused harm of any kind to Plaintiff, which it did not, and insofar as it implies that Plaintiff's allegations are supported by facts, which they are not: Plaintiff, not Merck, bears the burden to present facts to support Plaintiff's allegations contained in his Complaint.

Subject to and without waiving its objections, Merck respectfully refers Plaintiff to the list of witnesses Merck expects to call at the trial of this matter, which was previously provided to Plaintiff in this action. Further responding, Merck reserves the right to supplement this response as appropriate.

## INTERROGATORY NO. 3:

**Describe in detail what Merck contends caused Plaintiff's heart attack.**

- 5 -

**RESPONSE TO INTERROGATORY NO. 3:**

Merck objects to this Interrogatory on the grounds that it is overly broad, vague, and ambiguous, particularly with respect to the phrase "in detail," and the term "caused," and argumentative, particularly with respect to the phrase "Merck contends" and insofar as it implies that Merck bears a burden to determine a cause for Plaintiff's heart attack, which it does not, and that Plaintiff's allegations are supported by facts, which they are not: Plaintiff, not Merck, bears the burden to present facts to support Plaintiff's allegations contained in his Complaint. Merck objects further to this Interrogatory to the extent it seeks information or documents that are protected by the attorney-client privilege, the work product doctrine, or otherwise protected from disclosure; to the extent it improperly calls for an ultimate legal conclusion; and to the extent it seeks information that is properly the subject of expert testimony.

Subject to and without waiving its objections, Merck respectfully refers Plaintiff to Plaintiff's medical records and the opinions of Merck's experts retained and offered in this matter.

**INTERROGATORY NO. 4:**

**Describe in detail what Merck contends caused Plaintiff's plaque to rupture.**

**RESPONSE TO INTERROGATORY NO. 4:**

Merck objects to this Interrogatory on the grounds that it is overly broad, vague, and ambiguous, particularly with respect to the phrases "in detail" and the term "caused," and argumentative, particularly with respect to the phrase "Merck contends" and insofar as it implies that Merck bears a burden to determine a cause for Plaintiff's plaque to rupture, which Merck does not and that Plaintiff's allegations are supported by facts, which they are not: Plaintiff, not

823797v.1

Merck, bears the burden to present facts to support Plaintiff's allegations contained in his

Complaint.  Merck objects further to this Interrogatory to the extent it seeks information or

documents that are protected by the attorney-client privilege, the work product doctrine, or

otherwise protected from disclosure; to the extent it improperly calls for an ultimate legal

conclusion; and to the extent it seeks information that is properly the subject of expert testimony.

Subject to and without waiving its objections, Merck respectfully refers Plaintiff to

Merck's Response to Interrogatory No 3, *supra*.

### INTERROGATORY NO. 5:

**Describe in detail the basis of Merck's contention that Plaintiff's use of Vioxx did not to any degree cause or contribute to cause Plaintiff's heart attack.**

### RESPONSE TO INTERROGATORY NO. 5:

Merck objects to this Interrogatory on the grounds that it is overly broad, vague, and

ambiguous, particularly with respect to the phrases "in detail" and "cause or contribute," and

argumentative, particularly with respect to the phrase "Merck's contention."  Merck objects

further to this Interrogatory to the extent it seeks information or documents that are protected by

the attorney-client privilege, the work product doctrine, or otherwise protected from disclosure;

to the extent it improperly calls for an ultimate legal conclusion; and to the extent it seeks

information that is properly the subject of expert testimony.

Subject to and without waiving its objections, Merck respectfully refers Plaintiff to

Merck's Response to Interrogatory No 3, *supra*.

### INTERROGATORY NO. 6:

**Describe in detail Merck's contention that use of Vioxx does not cause or contribute to atherosclerosis.**

- 7 -

## RESPONSE TO INTERROGATORY NO. 6:

Merck objects to this Interrogatory on the grounds that it is overly broad, vague, and ambiguous, particularly with respect to the phrase "in detail" and "cause or contribute," and argumentative, particularly with respect to the phrase "contention." Merck objects further to this Interrogatory to the extent it seeks information or documents that are protected by the attorney-client privilege, the work product doctrine, or otherwise protected from disclosure; to the extent it seeks information that is properly the subject of expert testimony; and to the extent it improperly calls for an ultimate legal conclusion. Merck objects further to this Interrogatory insofar as it is duplicative of discovery served by the Plaintiff Steering Committee in the federal MDL for Vioxx, *In re: Vioxx Products Liability Litigation*, E.D. La., MDL Docket No. 1657 (the "MDL"), of which this case is a part, and therefore cumulative and unduly burdensome.

Subject to and without waiving its objections, to the extent this Interrogatory seeks case-specific information, Merck states that it relies on the opinions of its experts retained and offered in this matter. Further responding, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents. Further responding, Merck respectfully refers Plaintiff to Merck's responses to the Plaintiff Steering Committee's First Request for Production of Documents to Defendant Merck & Co., Inc., and Merck's initial and supplemental responses to Plaintiff Steering Committee's First Set of Interrogatories to Defendant Merck & Co., Inc., including relevant appendices produced therewith.

- 8 -

## INTERROGATORY NO. 7:

**Identify the person, whether at Merck or not, Merck believes knows the most about whether the use of Vioxx causes or contributes to cause atherosclerosis.**

## RESPONSE TO INTERROGATORY NO. 7:

Merck objects to this Interrogatory on the grounds that it is overly broad, vague, and ambiguous, particularly with respect to the phrases "knows the most" and "causes or contributes," and with respect to Plaintiff's failure to tailor this Interrogatory more specifically to the matters at issue in this case. Merck objects further to this Interrogatory to the extent it seeks information that is properly the subject of expert testimony.

Subject to and without waiving its objections, to the extent this Interrogatory seeks case-specific information, Merck states that it relies on the opinions of its experts retained and offered in this matter.

## INTERROGATORY NO. 8:

**Identify the Merck employee that knows the most about whether the use of Vioxx causes or contributes to cause atherosclerosis.**

## RESPONSE TO INTERROGATORY NO. 8:

Merck objects to this Interrogatory insofar as it is duplicative of Interrogatory No. 7. Merck objects further to this Interrogatory on the grounds that it is overly broad, vague, and ambiguous, particularly with respect to the phrases "knows the most" and "causes or contributes," and with respect to Plaintiff's failure to tailor this Interrogatory more specifically to the matters at issue in this case. Merck objects further to this Interrogatory to the extent it seeks information that is properly the subject of expert testimony.

- 9 -

Subject to and without waiving its objections, Merck respectfully refers Plaintiff to the list of witnesses Merck expects to call at the trial of this matter, which was previously provided to Plaintiff in this action.  Further responding, Merck reserves the right to supplement this response as appropriate.

## INTERROGATORY NO. 9:

**Describe in detail the factual basis for each of Merck's thirty-four (34) defenses asserted in its answer.**

## RESPONSE TO INTERROGATORY NO. 9:

Merck objects to this Interrogatory on the grounds that it is overly broad, vague, and ambiguous, particularly with respect to the phrases "in detail" and "factual basis."  Merck objects further to this Interrogatory on the grounds that it is compound and therefore violative of Federal Rule of Civil Procedure 33, which limits the number of allowable interrogatories to 25, including subparts.  Merck objects further to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information protected by the attorney work product doctrine to the extent it would potentially require Merck to disclose its entire trial strategy in response to this Interrogatory.

Subject to and without waiving its objections, Merck states that its affirmative defenses were asserted in good faith pursuant to Merck's obligations under the Federal Rules of Civil Procedure to raise defenses rather than risk waiving them.

## INTERROGATORY NO. 10:

**Identify each document (as defined herein) that Merck contends it actually gave to the FDA in support of Merck's efforts to have the FDA approve the testing, labeling, and marketing of Vioxx.**

823797v.1

## RESPONSE TO INTERROGATORY NO. 10:

Merck objects to this Interrogatory on the grounds that it is overly broad, vague and ambiguous, particularly with respect to the term "efforts," and argumentative, particularly with respect to the phrases "Merck contends" and "actually gave." Merck objects further to this Interrogatory on the grounds that it duplicative of discovery served by the Plaintiff Steering Committee in the federal MDL for Vioxx, of which this case is a part, and therefore cumulative and unduly burdensome.

Subject to and without waiving its objections, Merck states that documents containing information responsive to this Interrogatory have been produced in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to those documents, including but not limited to Regulatory filings regarding NDA 21-042; Regulatory filings regarding NDA 21-052; Regulatory filings regarding NDA 21-647; Regulatory filings regarding Vioxx INDs; Case Report Tabulations and SAS Program Files; Case Report Forms submitted to FDA; Data Documentation Corresponding with Case Report Tabulations Filed with FDA; and Official Correspondence with the FDA regarding Vioxx.

## INTERROGATORY NO. 11:

**Identify each document (as defined herein) that Merck contends it actually gave to the FDA post-approval of Vioxx relating to cardiovascular events.**

## RESPONSE TO INTERROGATORY NO. 11:

Merck objects to this Interrogatory on the grounds that it is overly broad, vague and ambiguous, particularly with respect to the term "relating." Merck objects further to this Interrogatory on the grounds that it duplicative of discovery served by the Plaintiff Steering

823797v.1

Committee in the federal MDL for Vioxx, of which this case is a part, and therefore cumulative and unduly burdensome.

Subject to and without waiving its objections, Merck respectfully refers Plaintiff to Merck's response to Interrogatory No. 10, *supra*, and the documents described therein.

## INTERROGATORY NO. 12:

**Identify the members at the Friday, February 18, 2005, JOINT MEETING OF THE ARTHRITIS ADVISORY COMMITTEE AND THE DRUG SAFETY AND RISK MANAGEMENT ADVISORY COMMITTEE, DEPARTMENT OF HEALTH AND HUMAN SERVICES, FOOD AND DRUG ADMINISTRATION, CENTER FOR DRUG EVALUATION AND RESEARCH, that had received, directly or indirectly, money or any other thing of value, from manufacturers of COX-2 inhibitors.**

## RESPONSE TO INTERROGATORY NO. 12:

Merck objects to Interrogatory insofar as it seeks information relating to "manufacturers of COX-2 inhibitors" on the grounds that such discovery is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Interrogatory on the grounds that it is argumentative, overly broad, unduly burdensome and seeks documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action.  Based on its objections, Merck will not respond to this Interrogatory.

## INTERROGATORY NO. 13:

**Identify the members at the Friday, February 18, 2005, JOINT MEETING OF THE ARTHRITIS ADVISORY COMMITTEE AND THE DRUG SAFETY AND RISK MANAGEMENT ADVISORY COMMITTEE, DEPARTMENT OF HEALTH AND HUMAN SERVICES, FOOD AND DRUG ADMINISTRATION, CENTER FOR DRUG EVALUATION AND RESEARCH, that had received, directly or indirectly, money or any other thing of value, from manufacturers of NSAIDs.**

823797v.1

## RESPONSE TO INTERROGATORY NO. 13:

Merck objects to Interrogatory insofar as it seeks information relating to "manufacturers of NSAIDs" on the grounds that such discovery is overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Merck further objects to Interrogatory on the grounds that it is argumentative, overly broad, unduly burdensome and seeks documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action. Based on its objections, Merck will not respond to this Interrogatory.

## INTERROGATORY NO. 14:

**Identify the person, whether at Merck or not, Merck believes knows the most about the effects of Vioxx on the human body.**

## RESPONSE TO INTERROGATORY NO. 14:

Merck objects to this Interrogatory on the grounds that it is overly broad, vague, and ambiguous, particularly with respect to the phrase "knows the most," and overly broad, unduly burdensome, vague, ambiguous, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks information regarding "effects" other than the reaction allegedly suffered by Plaintiff. Merck objects further to this Interrogatory to the extent it seeks information that is properly the subject of expert testimony.

Subject to and without waiving its objections, to the extent this Interrogatory seeks case-specific information, Merck states that it relies on the opinions of its experts retained and offered in this matter.

823797v.1

**INTERROGATORY NO. 15:**

Identify the Merck employee(s) that Merck believes knows the most about the effects of Vioxx on the human body.

**RESPONSE TO INTERROGATORY NO. 15:**

Merck objects to this Interrogatory insofar as it is duplicative of Interrogatory No. 14. Merck objects further to this Interrogatory on the grounds that it is overly broad, vague and ambiguous, particularly with respect to the phrase "knows the most," and overly broad, unduly burdensome, vague, ambiguous, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks information regarding "effects" other than the reaction allegedly suffered by Plaintiff. Merck objects further to this Interrogatory to the extent it seeks information that is properly the subject of expert testimony.

Subject to and without waiving its objections, to the extent this Interrogatory seeks case-specific information, Merck states that it relies on the opinions of its experts retained and offered in this matter.

**INTERROGATORY NO. 16:**

Describe in detail all of the precise effects of Vioxx on the human body known to Merck as of May 1, 1999.

**RESPONSE TO INTERROGATORY NO. 16:**

Merck objects to this Interrogatory on the grounds that it is overly broad, vague, and ambiguous, particularly with respect to the term "in detail" and the phrase "precise effects," and overly broad, unduly burdensome, vague, ambiguous, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks information regarding "effects" other than the reaction allegedly suffered by Plaintiff. Merck objects further

- 14 -

823797v.1

to this Interrogatory to the extent it seeks information that is properly the subject of expert

testimony.  Merck objects further to this Interrogatory insofar as it is duplicative of discovery

served by the Plaintiff Steering Committee in the federal MDL for Vioxx, of which this case is a

part, and therefore cumulative and unduly burdensome.

Subject to and without waiving its objections, to the extent this Interrogatory seeks case-

specific information, Merck states that it relies on the opinions of its experts retained and offered

in this matter.  Further responding, Merck states that documents containing information

responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of

which this case is a part, and Merck respectfully refers Plaintiff to that production, to which

Plaintiff has access, for such documents.  Further responding, Merck respectfully refers Plaintiff

to Merck's responses to the Plaintiff Steering Committee's First Request for Production of

Documents to Defendant Merck & Co., Inc., and Merck's initial and supplemental responses to

Plaintiff Steering Committee's First Set of Interrogatories to Defendant Merck & Co., Inc.,

including relevant appendices produced therewith.

## INTERROGATORY NO. 17:

**Describe in detail all of the precise effects of Vioxx on the human body known to Merck as of October 2, 2002.**

## RESPONSE TO INTERROGATORY NO. 17:

Merck objects to this Interrogatory insofar as it is duplicative of Interrogatory No. 16.

Merck objects further to this Interrogatory on the grounds that it is overly broad, vague and

ambiguous, particularly with respect to the term "detail" and the phrase "precise effects" and

overly broad, unduly burdensome, vague, ambiguous, and not relevant to the claims or defenses

823797v.1

of any party or to the subject matter involved in this action to the extent it seeks information

regarding "effects" other than the reaction allegedly suffered by Plaintiff.  Merck objects further

to this Interrogatory to the extent it seeks information that is properly the subject of expert

testimony.  Merck objects further to this Interrogatory insofar as it is duplicative of discovery

served by the Plaintiff Steering Committee in the federal MDL for Vioxx, of which this case is a

part, and therefore cumulative and unduly burdensome.

Subject to and without waiving its objections, to the extent this Interrogatory seeks case-

specific information, Merck states that it relies on the opinions of its experts retained and offered

in this matter.  Further responding, Merck states that documents containing information

responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of

which this case is a part, and Merck respectfully refers Plaintiff to that production, to which

Plaintiff has access, for such documents.  Further responding, Merck respectfully refers Plaintiff

to Merck's responses to the Plaintiff Steering Committee's First Request for Production of

Documents to Defendant Merck & Co., Inc., and Merck's initial and supplemental responses to

Plaintiff Steering Committee's First Set of Interrogatories to Defendant Merck & Co., Inc.,

including relevant appendices produced therewith.

## INTERROGATORY NO. 18:

**Describe in detail all of the precise effects of Vioxx on the human body known to
Merck as of December 9, 2002.**

## RESPONSE TO INTERROGATORY NO. 18:

Merck objects to this Interrogatory insofar as it is duplicative of Interrogatory No. 16.

Merck objects further to this Interrogatory on the grounds that it is overly broad, vague and

823797v.1

ambiguous, particularly with respect to the term "detail" and the phrase "precise effects" and overly broad, unduly burdensome, vague, ambiguous, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks information regarding "effects" other than the reaction allegedly suffered by Plaintiff.  Merck objects further to this Interrogatory to the extent it seeks information that is properly the subject of expert testimony.  Merck objects further to this Interrogatory insofar as it is duplicative of discovery served by the Plaintiff Steering Committee in the federal MDL for Vioxx, of which this case is a part, and therefore cumulative and unduly burdensome.

Subject to and without waiving its objections, to the extent this Interrogatory seeks case-specific information, Merck states that it relies on the opinions of its experts retained and offered in this matter.  Further responding, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents.  Further responding, Merck respectfully refers Plaintiff to Merck's responses to the Plaintiff Steering Committee's First Request for Production of Documents to Defendant Merck & Co., Inc., and Merck's initial and supplemental responses to Plaintiff Steering Committee's First Set of Interrogatories to Defendant Merck & Co., Inc., including relevant appendices produced therewith.

## INTERROGATORY NO. 19:

**Describe in detail all of the precise effects of Vioxx on the human body known to Merck as of February 16, 2003.**

- 17 -

## RESPONSE TO INTERROGATORY NO. 19:

Merck objects to this Interrogatory insofar as it is duplicative of Interrogatory No. 16. Merck objects further to this Interrogatory on the grounds that it is overly broad, vague and ambiguous, particularly with respect to the term "detail" and the phrase "precise effects" and overly broad, unduly burdensome, vague, ambiguous, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks information regarding "effects" other than the reaction allegedly suffered by Plaintiff. Merck objects further to this Interrogatory to the extent it seeks information that is properly the subject of expert testimony. Merck objects further to this Interrogatory insofar as it is duplicative of discovery served by the Plaintiff Steering Committee in the federal MDL for Vioxx, of which this case is a part, and therefore cumulative and unduly burdensome.

Subject to and without waiving its objections, to the extent this Interrogatory seeks case-specific information, Merck states that it relies on the opinions of its experts retained and offered in this matter. Further responding, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents. Further responding, Merck respectfully refers Plaintiff to Merck's responses to the Plaintiff Steering Committee's First Request for Production of Documents to Defendant Merck & Co., Inc., and Merck's initial and supplemental responses to Plaintiff Steering Committee's First Set of Interrogatories to Defendant Merck & Co., Inc., including relevant appendices produced therewith.

823797v.1

## INTERROGATORY NO. 20:

**Describe in detail all of the precise effects of Vioxx on the human body known to Merck as of today.**

## RESPONSE TO INTERROGATORY NO. 20:

Merck objects to this Interrogatory insofar as it is duplicative of Interrogatory No. 16. Merck objects further to this Interrogatory on the grounds that it is overly broad, vague and ambiguous, particularly with respect to the term "detail" and the phrase "precise effects" and overly broad, unduly burdensome, vague, ambiguous, and not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks information regarding "effects" other than the reaction allegedly suffered by Plaintiff.  Merck objects further to this Interrogatory to the extent it seeks information that is properly the subject of expert testimony.  Merck objects further to this Interrogatory insofar as it is duplicative of discovery served by the Plaintiff Steering Committee in the federal MDL for Vioxx, of which this case is a part, and therefore cumulative and unduly burdensome.

Subject to and without waiving its objections, to the extent this Interrogatory seeks case-specific information, Merck states that it relies on the opinions of its experts retained and offered in this matter.  Further responding, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents.  Further responding, Merck respectfully refers Plaintiff to Merck's responses to the Plaintiff Steering Committee's First Request for Production of Documents to Defendant Merck & Co., Inc., and Merck's initial and supplemental responses to

- 19 -

Plaintiff Steering Committee's First Set of Interrogatories to Defendant Merck & Co., Inc.,

including relevant appendices produced therewith.

**INTERROGATORY NO. 21:**

     **State the number (of each dosage) of Vioxx prescriptions distributed in Kentucky between May 1, 1999, and February 17, 2003.**

**RESPONSE TO INTERROGATORY NO. 21:**

     Merck objects to this Interrogatory on the grounds that it is vague and ambiguous, particularly with respect to the term "distributed." Merck objects further to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action insofar as it is not limited to Vioxx prescriptions provided to Plaintiff by Plaintiff's prescribing physician, Dr. Michael Grefer, during the relevant time period.

     Subject to and without waiving its objections, Merck states as follows: Merck sold Vioxx to wholesalers and retailers located throughout the United States. Those wholesalers and retailers made subsequent sales of the product to other wholesalers, retailers and/or end-users throughout the United States. Merck did not make or direct any subsequent sales of Vioxx by the wholesalers and retailers to whom Merck sold Vioxx; nor did Merck determine where such subsequent sales may have been made. Data relating to retail purchases of Vioxx in the United States were gathered by IMS Health Incorporated ("IMS"), a pharmaceutical market research company. Merck has obtained that type of data by paying a fee to, and entering into a licensing agreement with IMS; the licensing agreement prohibits Merck from disclosing the data. On March 17, 2006, IMS filed in the New Jersey Coordinated Vioxx Litigation motions to intervene

823797v.1

and for a heightened protective order, which seeks limitations on the scope of the production and the use of IMS data, which motion is currently scheduled to be heard on August 11, 2006. IMS has indicated that it may also file motions seeking similar relief in other jurisdictions, including the federal MDL for Vioxx, of which this case is a part. Merck will produce responsive, non-objectionable IMS documents in its possession, subject to the terms and provisions of any agreements reached between IMS and Plaintiff's counsel in this matter, or any orders entered by this Court concerning production of IMS data.

## INTERROGATORY NO. 22:

**State the number (of each dosage) of Vioxx samples distributed by Merck Medco in Kentucky between May 1, 1999, and February 17, 2003.**

## RESPONSE TO INTERROGATORY NO. 22:

Merck objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome; seeks information that is outside of Merck's possession, custody or control; and seeks documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action insofar as it seeks information in the possession of Medco Health Solutions, Inc., an independent corporation not party to this lawsuit. Merck objects further to this Interrogatory on the grounds that it is vague and ambiguous, particularly with respect to the term "distributed." Merck objects further to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action insofar as it is not limited to Vioxx samples provided to Plaintiff's prescribing physician, Dr. Michael Grefer, during the relevant time period.

- 21 -

Based on its objections, Merck will not provide a response to this Interrogatory.

**INTERROGATORY NO. 23:**

**State the number (of each dosage) of Vioxx samples distributed in Kentucky between May 1, 1999, and February 17, 2003.**

**RESPONSE TO INTERROGATORY NO. 23:**

Merck objects to this Interrogatory on the grounds that it is vague and ambiguous, particularly with respect to the term "distributed." Merck objects further to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action insofar as it is not limited to Vioxx samples provided to Plaintiff's prescribing physician, Dr. Michael Grefer, during the relevant time period.

Based on its objections, Merck will not provide a response to this Interrogatory.

**INTERROGATORY NO. 24:**

**Identify all of Merck's marketing efforts related to Vioxx in Kentucky between May 1, 1999, and February 17, 2003.**

**RESPONSE TO INTERROGATORY NO. 24:**

Merck objects to this Interrogatory on the grounds that it is overly broad, vague, and ambiguous, particularly with respect to the phrase "marketing efforts." Merck further objects to this Request on the grounds that it is not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent it seeks copies of Vioxx advertisements other that those actually seen by Plaintiff. Merck objects further to this Interrogatory insofar as it is duplicative of discovery served by the Plaintiff Steering Committee in the federal MDL for Vioxx, of which this case is a part, and therefore cumulative and unduly burdensome.

- 22 -

Subject to and without waiving its objections, Merck states that the Vioxx advertising campaign was a national campaign directed at a national marketplace, and there were no advertisements directed at Kentucky.  Further responding, Merck states that documents containing information responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of which this case is a part, and Merck respectfully refers Plaintiff to that production, to which Plaintiff has access, for such documents, including but not limited to the consumer advertising and professional promotional materials for Vioxx and spreadsheets reflecting the national and regional print and television advertising data during the period in which Vioxx was approved by the FDA for marketing in the United States – including identification of the advertisement, intended media marketplace, nature of media (print or television), identity of the media outlet, dates the advertisements ran, and references (by Bates number) of those previously-produced images or other media.  Further responding, Merck states that additional responsive multimedia advertising materials are available to Plaintiff's counsel for the cost of their reproduction.

## INTERROGATORY NO. 25:

**If Merck or any of its experts intends to rely on or use in any way at trial, including but not limited to direct or cross-examination of any witness, any treatise, text or other publication, identify each by title, author and edition and indicate the pertinent portions to be relied on or used at trial.**

## RESPONSE TO INTERROGATORY NO. 25:

Subject to and without waiving its objections, Merck states that it has not yet determined the exhibits or documents Merck will use at the trial of this action.  Once such determination has been made, Merck will exchange this information with Plaintiff's counsel as required by the

823797v.1

Federal Rules of Civil Procedure, either by agreement or pursuant to Court order. Further

responding, Merck respectfully refers Plaintiff to the expert reports and attachments thereto that

have been produced by Merck to date in this action.

## INTERROGATORY NO. 26:

**Does Merck contend that it is impossible that the use of Vioxx causes or contributes
to cause heart attacks and strokes? If so, describe in detail the basis of Merck's contention.**

## RESPONSE TO INTERROGATORY NO. 26:

Merck objects to this Interrogatory on the grounds that it is overly broad, vague, and

ambiguous, particularly with respect to the phrases "in detail" and "causes or contributes to

cause," and argumentative, particularly with respect to the phrase "Merck contend." Merck

objects further to this Interrogatory to the extent it seeks information or documents that are

protected by the attorney-client privilege, the work product doctrine, or otherwise protected from

disclosure; to the extent it calls for an ultimate legal conclusion; and to the extent it seeks

information that is properly the subject of expert testimony. Merck objects further to this

Interrogatory insofar as it is duplicative of discovery served by the Plaintiff Steering Committee

in the federal MDL for Vioxx, of which this case is a part, and therefore cumulative and unduly

burdensome.

Subject to and without waiving its objections, to the extent this Interrogatory seeks case-

specific information, Merck states that it relies on the opinions of its experts retained and offered

in this matter. Further responding, Merck states that documents containing information

responsive to this Request have been produced by Merck in the federal MDL for Vioxx, of

which this case is a part, and Merck respectfully refers Plaintiff to that production, to which

823797v.1

Plaintiff has access, for such documents.  Further responding, Merck respectfully refers Plaintiff to Merck's responses to the Plaintiff Steering Committee's First Request for Production of Documents to Defendant Merck & Co., Inc., and Merck's initial and supplemental responses to Plaintiff Steering Committee's First Set of Interrogatories to Defendant Merck & Co., Inc., including relevant appendices produced therewith.

Defendant Merck & Co., Inc. hereby reserves its right to amend and/or supplement these responses.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone:  504-581-3200
Fax:  504-581-3361

Defendants' Liaison Counsel

823797v.1

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the above and foregoing Merck & Co., Inc.'s Responses and Objections to Plaintiff Robert G. Smith's First Set of Interrogatories has been served on Liaison Counsel, Russ Herman and Phillip Wittmann by U.S. Mail and e-mail, upon plaintiff's counsel Grant Kaiser and Drew Ranier by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, on this 11th day of August, 2006.

*/s/ Dorothy H. Wimberly*

823797v.1

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: | : | MDL DOCKET NO. 1657 |
| | : | |
| VIOXX PRODUCTS LIABILITY LITIGATION | : | SECTION L |
| | : | |
| THIS DOCUMENT RELATES TO | : | JUDGE FALLON |
| | : | |
| Case No. 2:05-CV-04379 | : | |
| | : | |
| ROBERT G. SMITH | : | MAG. JUDGE KNOWLES |
|     Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| MERCK & CO., INC. | : | |
|     Defendant | : | |

<u>VERIFICATION OF ROBERT E. SILVERMAN</u>

Dr. Robert Silverman, being first duly sworn, deposes and says:

1.     I am Executive Director, Worldwide Regulatory Affairs, Merck & Co., Inc. ("Merck").

2.     I herby sign the Responses of Defendant Merck & Co., Inc. to Plaintiff Robert G. Smith's First Set of Interrogatories to Defendant Merck & Co., Inc. ("Responses") for and on behalf of Merck.

3.     The information set forth in Merck's Responses was gathered and collected by persons regularly in the employ of Merck and by its attorneys from various sources of information, including records and files kept by Merck in the regular and ordinary course of its business.

4.     The persons who have gathered and correlated this material have reported to me that the Answers truly and correctly reflect the information gathered in the contents of the records with respect to the subject matter of the Responses.

Wherefore, I state that the Responses are true and correct according to the records and the information transmitted to me as described herein.

By: _____

Robert E. Silverman

Sworn to and subscribed before me this 11th day of August, 2006

_____
Notary Public

My Commission Expires: 4-29-2008

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JENNIFER JOY   Notary Public
Whitpain Twp., Montgomery County
My Commission Expires April 29, 2008