# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | JUDGE FALLON |
| This document relates to<br>Case No. 2:05-CV-04379 | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| ROBERT G. SMITH, | * | |
| Plaintiff, | * | |
| v. | * | |
| MERCK & CO., INC., | * | |
| Defendant. | * | |

**REPLY OF MERCK & CO., INC. ("MERCK") IN SUPPORT OF ITS
MOTION TO EXCLUDE EVIDENCE OF, OR REFERENCE TO,
MARKETING AND PROMOTIONAL MATERIALS UNRELATED TO
<u>MR. SMITH OR HIS PRESCRIBING PHYSICIAN DR. MICHAEL GREFER</u>**

**(MOTION IN *LIMINE* NO. 3)**

Plaintiff does not oppose Merck's Motion to Exclude Evidence of, or Reference to, Marketing and Promotional Materials Unrelated to Mr. Smith or his Prescribing Physician Dr. Michael Grefer (Motion in *Limine* No. 3). Accordingly, the Court should exclude all evidence of:

1. Merck's internal marketing budgets, sales projections and marketing research, including the marketing efforts detailed therein;

2. Merck's internal communications concerning marketing strategies or decisions;

824953v.1

3. Merck's internal training materials;

4. Notes of meetings between various Merck sales representatives and physicians with no involvement in this case or with this patient; and

5. All other promotional materials, including evidence of any promotional materials (a) produced or distributed after Mr. Smith was prescribed Vioxx, (b) directed to physicians other than Dr. Grefer, and/or (c) never seen or relied upon by Dr. Grefer.

None of this evidence is relevant to Mr. Smith's case because Mr. Smith's prescribing physician, Dr. Grefer, did not see or rely on any of these documents. Further, even if any of these exhibits are marginally relevant – which they are clearly not – such relevance is substantially outweighed by the prejudicial effect and waste of time that would result from the documents' admission. For these reasons, and for all of the reasons set forth in Merck's opening motion, the Court should grant Merck's motion in its entirety.

Dated: August 21, 2006

Respectfully submitted,

/s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Andrew Goldman
Carrie A. Jablonski
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
Phone: 312-494-4400
Fax:     312-494-4440

2

824953v.1

824953v.1

Richard B. Goetz
Ashley A. Harrington
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: 213-430-6000
Fax:     213-430-6407

And

Douglas R. Marvin
Robert A. Van Kirk
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:     202-434-5029

Attorneys for Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Reply in Support of Merck's Motion to Exclude Evidence of, or Reference to, Marketing and Promotional Materials Unrelated to Mr. Smith or his Prescribing Physician Dr. Michael Grefer has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 21st day of August, 2006.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

4

824953v.1