UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JUDITH LYNCH, RICHARD LYNCH,               :        CIVIL ACTION NO.
NICHOLAS SOKOLOSKI, MICHELE                :        2:05-cv-05072-EEF-DEK
SOKOLOSKI, CHRISTINE WALL,
SANDRA CORBINE, LAUCHLIN McLEAN,
ALAN WIND, AS ADMINISTRATOR OF
THE ESTATE OF MARJORIE WIND, AND
ALAN WIND, INDIVIDUALLY, PHILIP
VOYTAS, MARGARET DUMAS, AS
ADMINISTRATRIX OF HER DECEASED
HUSBAND WILLIAM DUMAS,
AND MARGARET DUMAS,
WILLIAM HUBELBANK, MARIE FISH,
MARK SMITH, AS ADMINISTRATOR
OF THE ESTATE OF JAMES PLOSS,
JOSEPH SINSIGALLI, and RONALD
RANAHAN

V.

MERCK & CO., INCORPORATED

## **COMPLAINT**

### **COUNT ONE – JUDITH LYNCH - PRODUCTS LIABILITY**

1.      At all times mentioned herein, the defendant MERCK & CO., INC.

("MERCK") was and is a foreign corporations and or entity engaged in the manufacture

and sale of drug products, including VIOXX, within the State of Connecticut.

2.      The defendant MERCK is a Product Seller.

3.      On and for some time before June 25, 2002, the plaintiff Judith Lynch had

been prescribed VIOXX by her doctor. Per her doctor's orders, Judith Lynch regularly

consumed VIOXX.

4.      The VIOXX consumed by the plaintiff was designed, manufactured, tested

and/or sold by the defendant MERCK.

5.      As a result of the plaintiff's consumption of the drug VIOXX, she was

caused to suffer a massive stroke.

6.      At the time of its sale or distribution and continuing through the date of

her stroke, VIOXX was in a defective condition unreasonably dangerous to the plaintiff

and others in one or more of the following ways:

a)      it was not accompanied by proper warnings regarding all possible
        adverse side effects regarding its use;

b)      adequate testing was not performed that would have shown that
        VIOXX possessed serious potential side effects with respect to
        which full warnings were necessary;

c)      there was no adequate post-marketing warning and instruction;

d)      the foreseeable risks of the use of VIOXX significantly exceeded the
        benefits associated with its design and formulation;

e)      there were inadequate clinical trials, testing and study which would have
        uncovered serious risks associated with the product; and

f)      consumers were unaware that for a small reduction in pain, they were
        risking sudden death, heart attacks, and stroke from the use of VIOXX.

7.      One or more of the defects described above was a substantial factor in

causing the injuries to the plaintiff.

8.      The subject VIOXX designed and sold by MERCK was expected to and

did reach the consumer without substantial change in condition.

9.      The defendant expressly warranted that the subject VIOXX was safe for

its intended uses, including the uses to which it was put by the plaintiff.

10.     The defendant breached these express warranties.

11.     The breach of these express warranties by the defendants was a substantial

factor in causing the injuries to the plaintiff as described in this complaint.

12.    The defendant impliedly warranted that the subject VIOXX was of

merchantable quality.

13.    The defendant breached this implied warranty of merchantability.

14.    The breach of this implied warranty of merchantability by the defendant

was a substantial factor in causing the injuries to the plaintiff as described in this

complaint.

15.    The defendant was negligent in one or more of the following ways:

a)    it failed to include adequate warnings with the medication that would alert
      the plaintiff and other consumers to the potential risks and serious side
      effects of VIOXX ingestion;

b)    it failed to include adequate information or warnings with the medication
      that would alert plaintiff to refrain from use of VIOXX without first
      attempting traditional NSAIDs.

c)    it failed to adequately and properly test VIOXX before and after placing it
      on the market;

d)    it failed to conduct sufficient testing on VIOXX;

e)    it failed to warn of the risk of heart attack, stroke, and sudden death;

f)    it failed to provide adequate post marketing instructions regarding the
      risks of VIOXX use; and

g)    it failed to warn that VIOXX should not be used in conjunction with
      other risk factors such as family history of heart disease

16.    The negligence of the defendants was a substantial factor in causing the

injuries to the plaintiff as described in this complaint.

17.    As a result of the defective and unreasonably dangerous condition of

VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of

VIOXX and/or the breach of express and/or implied warranties and/or the defendant's

negligence, the plaintiff suffered a massive stroke.

18.    As a further result, the plaintiff was caused to suffer an impairment of her earning capacity, an impairment of her capacity to carry on and enjoy all of life's other activities, medical expenses past and future, and pain and suffering

## COUNT TWO – LYNCH - PUNITIVE DAMAGES

1. - 6.  Paragraphs 1. through 6. of Count One are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Two.

7.    The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

a)    the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact the MERCK and its agents, servants, and employees were aware of those risks

b)    they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)    they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)    they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)    they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)    they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.    The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.   As a result of the defendants' reckless disregard of product users, the plaintiff has been caused to suffer a massive stroke.

10.   As a further result, the plaintiff was caused to suffer an impairment of her earning capacity, an impairment of her capacity to carry on and enjoy all of life's other activities, medical expenses past and future, and pain and suffering

## COUNT THREE –LYNCH - CUTPA

1. - 10.  The allegations of paragraphs 1. - 10. of Count Two are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Three.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of CUTPA.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.   As a result of the defendants' deceptive acts, the plaintiff has been caused to suffer a massive stroke and the other damages alleged above in paragraph 10.

## COUNT FOUR – RICHARD LYNCH – LOSS OF CONSORTIUM

1.   Counts 1-3 are incorporated herein.

2.    Richard Lynch is the husband of the plaintiff Judith Lynch and as a result of Judith's injuries he has been caused a loss of consortium and companionship, and has also provided household and nursing services to Judith.

## COUNT FIVE – SOKOLOSKI- PRODUCTS LIABILITY

1.    At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.    The defendant MERCK is a Product Seller.

3.    On and for some time before May 2003, the plaintiff Nicholas Sokoloski had been prescribed VIOXX by his doctor. Per his doctor's orders, he regularly consumed VIOXX.

4.    The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

5.    As a result of the plaintiff's consumption of the drug VIOXX, he was caused to suffer a series of heart attacks.

6.    At the time of its sale or distribution and continuing through the date of his heart attacks, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

   a)    it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

   b)    adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

   c)    there was no adequate post-marketing warning and instruction;

d)    the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)    there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)    consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

7.    One or more of the defects described above was a substantial factor in causing the injuries to the plaintiff.

8.    The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

9.    The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

10.    The defendant breached these express warranties.

11.    The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

12.    The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

13.    The defendant breached this implied warranty of merchantability.

14.    The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

15.    The defendant was negligent in one or more of the following ways:

a)    it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)     it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)     it failed to adequately and properly test VIOXX before and after placing it on the market;

d)     it failed to conduct sufficient testing on VIOXX;

e)     it failed to warn of the risk of heart attack, stroke, and sudden death;

f)     it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)     it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

16.     The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

17.     As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered a series of heart attacks.

18.     As a further result, the plaintiff was caused to suffer an impairment of his earning capacity, an impairment of his capacity to carry on and enjoy all of life's other activities, medical expenses past and future, and pain and suffering

## COUNT SIX – SOKOLOSKI - PUNITIVE DAMAGES

1. - 6. Paragraphs 1. through 6. of Count Five are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Six.

7.     The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

a)      the product was not accompanied by proper warnings regarding all
possible adverse side effects regarding its use despite the fact the
MERCK and its agents, servants, and employees were aware of those risks

b)      they refused to perform testing that they suspected would have
shown that VIOXX possessed serious potential side effects with
respect to which full warnings were necessary;

c)      they refused to provide adequate post-marketing warning and instruction
despite spending tens of millions of dollars on a direct to consumer
marketing campaign;

d)      they misled the public into believing that the foreseeable risks of the use
of VIOXX were de minimus in relation to the benefits associated with its'
design and formulation;

e)      they failed to perform adequate clinical trials, testing and study which
would have uncovered enormous risks associated with the product; and

f)      they kept consumers ignorant of the fact that for a small reduction in pain,
they were risking sudden death, heart attacks, and stroke from the use of
VIOXX.

8.      The subject VIOXX was expected to and did reach the consumer without

substantial change in condition.

9.      As a result of the defendants' reckless disregard of product users, the

plaintiff has been caused to suffer a series of heart attacks.

10.     As a further result, the plaintiff was caused to suffer an impairment of his

earning capacity, an impairment of his capacity to carry on and enjoy all of life's other

activities, medical expenses past and future, and pain and suffering

## COUNT SEVEN –SOKOLOSKI - CUTPA

1. - 10.  The allegations of paragraphs 1. - 10. of Count Six are hereby

incorporated and realleged as paragraphs 1. - 10. of this Count Seven.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of CUTPA.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.     As a result of the defendants' deceptive acts, the plaintiff has been caused to suffer a series of heart attacks and the other damages alleged above in paragraph 10.

## COUNT EIGHT – MICHELLE SOKOLOSKI – LOSS OF CONSORTIUM

1.     Counts 5-7 are incorporated herein.

2.     Michele Sokoloski is the wife of the plaintiff and as a result of his injuries she has been caused a loss of consortium and companionship, and has also provided household and nursing services to him.

## COUNT NINE – CHRISTINE WALL- PRODUCTS LIABILITY

1.     At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.     The defendant MERCK is a Product Seller.

3.      On and for some time before January 2004, the plaintiff Christine Wall had been prescribed VIOXX by her doctor. Per her doctor's orders, she regularly consumed VIOXX.

4.      The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

5.      As a result of the plaintiff's consumption of the drug VIOXX she was caused to suffer a heart attack.

6.      At the time of its sale or distribution and continuing through the date of her heart attack, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

   a)      it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

   b)      adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

   c)      there was no adequate post-marketing warning and instruction;

   d)      the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

   e)      there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

   f)      consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

7.      One or more of the defects described above was a substantial factor in causing the injuries to the plaintiff.

8.      The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

9.     The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

10.     The defendant breached these express warranties.

11.     The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

12.     The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

13.     The defendant breached this implied warranty of merchantability.

14.     The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

15.     The defendant was negligent in one or more of the following ways:

a)     it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)     it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)     it failed to adequately and properly test VIOXX before and after placing it on the market;

d)     it failed to conduct sufficient testing on VIOXX;

e)     it failed to warn of the risk of heart attack, stroke, and sudden death;

f)     it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)     it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

16.    The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

17.    As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered a heart attack.

18.    As a further result, the plaintiff was caused to suffer an impairment of her earning capacity, an impairment of her capacity to carry on and enjoy all of life's other activities, medical expenses past and future, and pain and suffering

## COUNT TEN – WALL - PUNITIVE DAMAGES

1. - 6.  Paragraphs 1. through 6 of Count Nine are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Ten.

7.    The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

a)    the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact the MERCK and its agents, servants, and employees were aware of those risks

b)    they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)    they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)    they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)     they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)     they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.     The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.     As a result of the defendants' reckless disregard of product users, the plaintiff has been caused to suffer a heart attack.

10.     As a further result, the plaintiff was caused to suffer an impairment of her earning capacity, an impairment of her capacity to carry on and enjoy all of life's other activities, medical expenses past and future, and pain and suffering

## COUNT ELEVEN –WALL - CUTPA

1. - 10.  The allegations of paragraphs 1. - 10. of Count Ten are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Eleven.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of CUTPA.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.     As a result of the defendants' deceptive acts, the plaintiff has been caused to suffer a heart attack and the other damages alleged above in paragraph 10.

## COUNT TWELVE – SANDRA CORBINE- PRODUCTS LIABILITY

1.      At all times mentioned herein, the defendant MERCK & CO., INC.

("MERCK") was and is a foreign corporations and or entity engaged in the manufacture

and sale of drug products, including VIOXX, within the State of Connecticut.

2.      The defendant MERCK is a Product Seller.

3.      On and for some time before March 2003, the plaintiff Sandra Corbine

had been prescribed VIOXX by her doctor. Per her doctor's orders, she regularly

consumed VIOXX.

4.      The VIOXX consumed by the plaintiff was designed, manufactured, tested

and/or sold by the defendant MERCK.

5.      As a result of the plaintiff's consumption of the drug VIOXX she was

caused to suffer a stroke.

6.      At the time of its sale or distribution and continuing through the date of

her stroke, VIOXX was in a defective condition unreasonably dangerous to the plaintiff

and others in one or more of the following ways:

a)      it was not accompanied by proper warnings regarding all possible
        adverse side effects regarding its use;

b)      adequate testing was not performed that would have shown that
        VIOXX possessed serious potential side effects with respect to
        which full warnings were necessary;

c)      there was no adequate post-marketing warning and instruction;

d)      the foreseeable risks of the use of VIOXX significantly exceeded the
        benefits associated with its design and formulation;

e)      there were inadequate clinical trials, testing and study which would have
        uncovered serious risks associated with the product; and

f)     consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

7.     One or more of the defects described above was a substantial factor in causing the injuries to the plaintiff.

8.     The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

9.     The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

10.    The defendant breached these express warranties.

11.    The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

12.    The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

13.    The defendant breached this implied warranty of merchantability.

14.    The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

15.    The defendant was negligent in one or more of the following ways:

a)     it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)     it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)     it failed to adequately and properly test VIOXX before and after placing it on the market;

d)      it failed to conduct sufficient testing on VIOXX;

e)      it failed to warn of the risk of heart attack, stroke, and sudden death;

f)      it failed to provide adequate post marketing instructions regarding the
        risks of VIOXX use; and

g)      it failed to warn that VIOXX should not be used in conjunction with
        other risk factors such as family history of heart disease

16.      The negligence of the defendants was a substantial factor in causing the

injuries to the plaintiff as described in this complaint.

17.      As a result of the defective and unreasonably dangerous condition of

VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of

VIOXX and/or the breach of express and/or implied warranties and/or the defendant's

negligence, the plaintiff suffered a stroke.

18.      As a further result, the plaintiff was caused to suffer an impairment of her

earning capacity, an impairment of her capacity to carry on and enjoy all of life's other

activities, medical expenses past and future, and pain and suffering.


**COUNT THIRTEEN – CORBINE - PUNITIVE DAMAGES**

1. - 6.  Paragraphs 1. through 6. of Count Twelve are hereby incorporated and

realleged as paragraphs 1. through 6. of this Count Thirteen.

7.      The defendant MERCK acted with reckless disregard for the safety of

users of its product, VIOXX in one or more of the following ways:

a)      the product was not accompanied by proper warnings regarding all
        possible adverse side effects regarding its use despite the fact the
        MERCK and its agents, servants, and employees were aware of those risks

b)      they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)      they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)      they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)      they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)      they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.      The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.      As a result of the defendants' reckless disregard of product users, the plaintiff has been caused to suffer a stroke.

10.     As a further result, the plaintiff was caused to suffer an impairment of her earning capacity, an impairment of her capacity to carry on and enjoy all of life's other activities, medical expenses past and future, and pain and suffering

## COUNT FOURTEEN –CORBINE - CUTPA

1. - 10.  The allegations of paragraphs 1. - 10. of Count Thirteen are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Fourteen.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of CUTPA.

12. The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13. As a result of the defendants' deceptive acts, the plaintiff has been caused to suffer a stroke and the other damages alleged above in paragraph 10.

## COUNT FIFTEEN – LAUCHLIN McLEAN- PRODUCTS LIABILITY

1. At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2. The defendant MERCK is a Product Seller.

3. On and for some time before 2004, the plaintiff Lauchlin McLean had been prescribed VIOXX by his doctor. Per her doctor's orders, he regularly consumed VIOXX.

4. The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

5. As a result of the plaintiff's consumption of the drug VIOXX he was caused to suffer a stroke.

6. At the time of its sale or distribution and continuing through the date of his stroke, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

a) it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

b)    adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)    there was no adequate post-marketing warning and instruction;

d)    the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)    there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)    consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

7.    One or more of the defects described above was a substantial factor in causing the injuries to the plaintiff.

8.    The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

9.    The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

10.    The defendant breached these express warranties.

11.    The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

12.    The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

13.    The defendant breached this implied warranty of merchantability.

14.    The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

15.     The defendant was negligent in one or more of the following ways:

a)      it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)      it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)      it failed to adequately and properly test VIOXX before and after placing it on the market;

d)      it failed to conduct sufficient testing on VIOXX;

e)      it failed to warn of the risk of heart attack, stroke, and sudden death;

f)      it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)      it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

16.     The negligence of the defendants was a substantial factor in causing the

injuries to the plaintiff as described in this complaint.

17.     As a result of the defective and unreasonably dangerous condition of

VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of

VIOXX and/or the breach of express and/or implied warranties and/or the defendant's

negligence, the plaintiff suffered a stroke.

18.     As a further result, the plaintiff was caused to suffer an impairment of his

earning capacity, an impairment of his capacity to carry on and enjoy all of life's other

activities, medical expenses past and future, and pain and suffering

## COUNT SIXTEEN – McLEAN - PUNITIVE DAMAGES

1. - 6.   Paragraphs 1. through 6. of Count Fifteen are hereby incorporated and

realleged as paragraphs 1. through 6. of this Count Sixteen.

7.      The defendant MERCK acted with reckless disregard for the safety of

users of its product, VIOXX in one or more of the following ways:

   a)     the product was not accompanied by proper warnings regarding all
          possible adverse side effects regarding its use despite the fact the
          MERCK and its agents, servants, and employees were aware of those risks

   b)     they refused to perform testing that they suspected would have
          shown that VIOXX possessed serious potential side effects with
          respect to which full warnings were necessary;

   c)     they refused to provide adequate post-marketing warning and instruction
          despite spending tens of millions of dollars on a direct to consumer
          marketing campaign;

   d)     they misled the public into believing that the foreseeable risks of the use
          of VIOXX were de minimus in relation to the benefits associated with its'
          design and formulation;

   e)     they failed to perform adequate clinical trials, testing and study which
          would have uncovered enormous risks associated with the product; and

   f)     they kept consumers ignorant of the fact that for a small reduction in pain,
          they were risking sudden death, heart attacks, and stroke from the use of
          VIOXX.

8.      The subject VIOXX was expected to and did reach the consumer without

substantial change in condition.

9.      As a result of the defendants' reckless disregard of product users, the

plaintiff has been caused to suffer a stroke.

10.      As a further result, the plaintiff was caused to suffer an impairment of his

earning capacity, an impairment of his capacity to carry on and enjoy all of life's other

activities, medical expenses past and future, and pain and suffering

**COUNT SEVENTEEN –McLEAN - CUTPA**

1. - 10.  The allegations of paragraphs 1. - 10. of Count Sixteen are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Seventeen.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of CUTPA.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.      As a result of the defendants' deceptive acts, the plaintiff has been caused to suffer a stroke and the other damages alleged above in paragraph 10.

**COUNT EIGHTEEN –ALAN WIND- PRODUCTS LIABILITY**

1.      At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.      The defendant MERCK is a Product Seller.

3.      Alan Wind is the Administrator of his late wife's estate.  On and for some time before January 2004, plaintiff's decedent had been prescribed VIOXX by her doctor. Per her doctor's orders, she regularly consumed VIOXX.

4.      The VIOXX consumed by the plaintiff's decedent was designed,

manufactured, tested and/or sold by the defendant MERCK.

5.      As a result of the  consumption of the drug VIOXX Marjorie Wind was

caused to suffer  a heart attack and subsequent sudden death pursuant to General Statutes

§52-555..

6.      At the time of its sale or distribution and continuing through the date of

her heart attack, VIOXX was in a defective condition unreasonably dangerous to the

plaintiff and others in one or more of the following ways:

   a)      it was not accompanied by proper warnings regarding all possible
           adverse side effects regarding its use;

   b)      adequate testing was not performed that would have shown that
           VIOXX possessed serious potential side effects with respect to
           which full warnings were necessary;

   c)      there was no adequate post-marketing warning and instruction;

   d)      the foreseeable risks of the use of VIOXX significantly exceeded the
           benefits associated with its design and formulation;

   e)      there were inadequate clinical trials, testing and study which would have
           uncovered serious risks associated with the product; and

   f)      consumers were unaware that for a small reduction in pain, they were
           risking sudden death, heart attacks, and stroke from the use of VIOXX.

7.      One or more of the defects described above was a substantial factor in

causing the injuries to the plaintiff's decedent.

8.      The subject VIOXX designed and sold by MERCK was expected to and

did reach the consumer without substantial change in condition.

9.      The defendant expressly warranted that the subject VIOXX was safe for

its intended uses, including the uses to which it was put by the plaintiff's decedent.

10.     The defendant breached these express warranties.

11.     The breach of these express warranties by the defendants was a substantial

factor in causing the injuries to the plaintiff's decedent as described in this complaint.

12.     The defendant impliedly warranted that the subject VIOXX was of

merchantable quality.

13.     The defendant breached this implied warranty of merchantability.

14.     The breach of this implied warranty of merchantability by the defendant

was a substantial factor in causing the injuries to the plaintiff's decedent as described in

this complaint.

15.     The defendant was negligent in one or more of the following ways:

a)     it failed to include adequate warnings with the medication that would alert
       the plaintiff and other consumers to the potential risks and serious side
       effects of VIOXX ingestion;

b)     it failed to include adequate information or warnings with the medication
       that would alert plaintiff to refrain from use of VIOXX without first
       attempting traditional NSAIDs.

c)     it failed to adequately and properly test VIOXX before and after placing it
       on the market;

d)     it failed to conduct sufficient testing on VIOXX;

e)     it failed to warn of the risk of heart attack, stroke, and sudden death;

f)     it failed to provide adequate post marketing instructions regarding the
       risks of VIOXX use; and

g)     it failed to warn that VIOXX should not be used in conjunction with
       other risk factors such as family history of heart disease

16.     The negligence of the defendants was a substantial factor in causing the

injuries to the plaintiff's decedent as described in this complaint.

17.     As a result of the defective and unreasonably dangerous condition of

VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of

VIOXX and/or the breach of express and/or implied warranties and/or the defendant's

negligence, the plaintiff's decedent suffered a heart attack and subsequent sudden death

pursuant to General Statutes §52-555.

18.      As a further result, the plaintiff's decedent was caused to suffer an

impairment of her capacity to carry on and enjoy all of life's other activities, medical

expenses past and future, and pain and suffering

## COUNT NINETEEN – WIND - PUNITIVE DAMAGES

1. - 6.  Paragraphs 1. through 6. of Count Eighteen are hereby incorporated and

realleged as paragraphs 1. through 6. of this Count Nineteen.

7.     The defendant MERCK acted with reckless disregard for the safety of

users of its product, VIOXX in one or more of the following ways:

a)     the product was not accompanied by proper warnings regarding all
possible adverse side effects regarding its use despite the fact the
MERCK and its agents, servants, and employees were aware of those risks

b)     they refused to perform testing that they suspected would have
shown that VIOXX possessed serious potential side effects with
respect to which full warnings were necessary;

c)     they refused to provide adequate post-marketing warning and instruction
despite spending tens of millions of dollars on a direct to consumer
marketing campaign;

d)     they misled the public into believing that the foreseeable risks of the use
of VIOXX were de minimus in relation to the benefits associated with its'
design and formulation;

e)     they failed to perform adequate clinical trials, testing and study which
would have uncovered enormous risks associated with the product; and

      f)     they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.     The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.     As a result of the defendants' reckless disregard of product users, the plaintiff's decedent was caused to suffer a heart attack and subsequent sudden death pursuant to General Statutes §52-555.

10.     As a further result, the plaintiff's decedent was caused to suffer an impairment of her capacity to carry on and enjoy all of life's other activities, medical expenses past and future, and pain and suffering

**COUNT TWENTY – WIND - CUTPA**

1. - 10.  The allegations of paragraphs 1. - 10. of Count Nineteen are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Twenty.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of CUTPA.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.     As a result of the defendants' deceptive acts, the plaintiff's decedent has been caused to suffer a heart attack, subsequent sudden death pursuant to General Statutes §52-555 and the other damages alleged above in paragraph 10.

## COUNT TWENTY-ONE – WIND – LOSS OF CONSORTIUM

1.     Counts 18-20 are incorporated herein

2.     Alan Wind is the husband of Marjorie Wind and as a result of Marjorie's death has been caused a loss of consortium and companionship.

## COUNT TWENTY TWO – PHILIP VOYTAS- PRODUCTS LIABILITY

1.     At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.     The defendant MERCK is a Product Seller.

3.     On and for some time before September 2003, the plaintiff Philip Voytas had been prescribed VIOXX by his doctor. Per her doctor's orders, he regularly consumed VIOXX.

4.     The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

5.     As a result of the plaintiff's consumption of the drug VIOXX he was caused to suffer a stroke.

6.      At the time of its sale or distribution and continuing through the date of his

stroke, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and

others in one or more of the following ways:

     a)     it was not accompanied by proper warnings regarding all possible
            adverse side effects regarding its use;

     b)     adequate testing was not performed that would have shown that
            VIOXX possessed serious potential side effects with respect to
            which full warnings were necessary;

     c)     there was no adequate post-marketing warning and instruction;

     d)     the foreseeable risks of the use of VIOXX significantly exceeded the
            benefits associated with its design and formulation;

     e)     there were inadequate clinical trials, testing and study which would have
            uncovered serious risks associated with the product; and

     f)     consumers were unaware that for a small reduction in pain, they were
            risking sudden death, heart attacks, and stroke from the use of VIOXX.

7.      One or more of the defects described above was a substantial factor in

causing the injuries to the plaintiff.

8.      The subject VIOXX designed and sold by MERCK was expected to and

did reach the consumer without substantial change in condition.

9.      The defendant expressly warranted that the subject VIOXX was safe for

its intended uses, including the uses to which it was put by the plaintiff.

10.     The defendant breached these express warranties.

11.     The breach of these express warranties by the defendants was a substantial

factor in causing the injuries to the plaintiff as described in this complaint.

12.     The defendant impliedly warranted that the subject VIOXX was of

merchantable quality.