IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | : | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | SECTION L |
| This document relates to: *Mary Sue Boody v.* *Merck & Co., Inc. and Ocean Breeze Pharmacy* | : | JUDGE FALLON |
| (E.D. La. 05-02038) | : | MAG. JUDGE KNOWLES |

## ANSWER AND JURY DEMAND OF DEFENDANT OCEAN BREEZE PHARMACY

Defendant Attorneys for Defendant OCEAN BREEZE INFUSION

CARE INC. d/b/a OCEAN BREEZE PHARMACY s/h/a "OCEAN BREEZE PHARMACY"

("Ocean Breeze") by its attorneys, HEIDELL, PITTONI, MURPHY & BACH, LLP, upon

information and belief, answers the "Verified Complaint" ("Complaint") herein as follows:

### RESPONSE TO "INTRODUCTION"

1.      Denies each and every allegation contained in paragraph 1 of the

Complaint except admits that Plaintiffs purport to bring an action for certain damages but denies

that there is any legal or factual basis for such relief.

2.      Denies each and every allegation contained in paragraph 2 of the

Complaint.

3.      The allegations contained in paragraph 3 of the Complaint are not directed

toward Ocean Breeze and therefore no responsive pleading is required. To the extent said

allegations are directed toward Ocean Breeze, Ocean Breeze denies each and every allegation

contained in said paragraph and respectfully refers the Court to the referenced study for its actual

conclusions and full text.

410634.1

4.      The allegations contained in paragraph 4 of the Complaint are not directed toward Ocean Breeze and therefore no responsive pleading is required. To the extent said allegations are directed toward Ocean Breeze, Ocean Breeze denies each and every allegation contained in said paragraph and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

5.      The allegations contained in paragraph 5 of the Complaint are not directed toward Ocean Breeze and therefore no responsive pleading is required. To the extent said allegations are directed toward Ocean Breeze, Ocean Breeze denies each and every allegation contained in said paragraph and respectfully refers the Court to said publications for their actual language and full text.

6.      The allegations contained in paragraph 6 of the Complaint are not directed toward Ocean Breeze and therefore no responsive pleading is required. To the extent said allegations are directed toward Ocean Breeze, Ocean Breeze denies each and every allegation contained in said paragraph.

7.      The allegations contained in paragraph 7 of the Complaint are not directed toward Ocean Breeze and therefore no responsive pleading is required. To the extent said allegations are directed toward Ocean Breeze, Ocean Breeze denies each and every allegation contained in said paragraph.

8.      The allegations contained in paragraph 8 of the Complaint are not directed toward Ocean Breeze and therefore no responsive pleading is required. To the extent said allegations are directed toward Ocean Breeze, Ocean Breeze denies each and every allegation contained in said paragraph.

410634.1

9.      The allegations contained in paragraph 9 of the Complaint are not directed toward Ocean Breeze and therefore no responsive pleading is required.  To the extent said allegations are directed toward Ocean Breeze, Ocean Breeze denies each and every allegation contained in said paragraph.

## RESPONSE TO "VENUE"

10.     The allegations contained in paragraph 10 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Ocean Breeze denies each and every allegation contained in said paragraph.

## RESPONSE TO "THE PARTIES"

11.     Denies information and belief sufficient to admit or deny the allegations contained in paragraph 11 of the Complaint.

12.     Denies information and belief sufficient to admit or deny the allegations contained in paragraph 12 of the Complaint.

13.     The allegations contained in paragraph 13 of the Complaint are not directed toward Ocean Breeze and therefore no responsive pleading is required.  To the extent said allegations are directed toward Ocean Breeze, Ocean Breeze denies each and every allegation contained in said paragraph.

14.     Denies each and every allegation contained in paragraph 14 of the Complaint and avers that Ocean Breeze was, at all times relevant, a New York Corporation authorized to do business in New York with its principal place of business at 1817 Hylan Boulevard, Staten Island, New York 10305.

410634.1

## RESPONSE TO "FACTUAL BACKGROUND"

15.     In response to paragraph 15 of the Complaint, Ocean Breeze avers that VIOXX® is the brand name for rofecoxib.

16.     The allegations contained in paragraph 16 of the Complaint are not directed toward Ocean Breeze and therefore no responsive pleading is required. To the extent said allegations are directed toward Ocean Breeze, Ocean Breeze denies each and every allegation contained in said paragraph.

17.     The allegations contained in paragraph 17 of the Complaint are not directed toward Ocean Breeze and therefore no responsive pleading is required. To the extent said allegations are directed toward Ocean Breeze, Ocean Breeze denies each and every allegation contained in said paragraph.

18.     Denies each and every allegation contained in paragraph 18 of the Complaint and avers that, at times not specifically referred to in the Complaint, VIOXX® was properly made available for sale by Ocean Breeze.

19.     The allegations contained in paragraph 19 of the Complaint are not directed toward Ocean Breeze and therefore no responsive pleading is required. To the extent said allegations are directed toward Ocean Breeze, Ocean Breeze denies each and every allegation contained in said paragraph.

20.     The allegations contained in paragraph 20 of the Complaint are not directed toward Ocean Breeze and therefore no responsive pleading is required. To the extent said allegations are directed toward Ocean Breeze, Ocean Breeze denies each and every allegation contained in said paragraph.

21.     The allegations contained in paragraph 21 of the Complaint are not directed toward Ocean Breeze and therefore no responsive pleading is required.  To the extent said allegations are directed toward Ocean Breeze, Ocean Breeze denies each and every allegation contained in said paragraph.

22.     Denies each and every allegation contained in paragraph 22 of the Complaint.

23.     The allegations contained in paragraph 23 of the Complaint are not directed toward Ocean Breeze and therefore no responsive pleading is required.  To the extent said allegations are directed toward Ocean Breeze, Ocean Breeze denies each and every allegation contained in said paragraph.

## RESPONSE TO "COUNT ONE AS AGAINST MERCK FALSE & DECEPTIVE TRADE PRACTICES"

24.     With respect to the allegations contained in paragraph 24 of the Complaint, Ocean Breeze repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 23 of this Answer with the same force and effect as though set forth here in full.

25.     The allegations contained in paragraph 25 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Ocean Breeze denies each and every allegation contained in said paragraph.

26.     The allegations contained in paragraph 26 of the Complaint are not directed toward Ocean Breeze and therefore no responsive pleadings are required.  To the extent said allegations are directed toward Ocean Breeze, Ocean Breeze denies each and every allegation contained in said paragraph.

410634.1

27.     The allegations contained in paragraph 27 of the Complaint are not directed toward Ocean Breeze and therefore no responsive pleadings are required.  To the extent said allegations are directed toward Ocean Breeze, Ocean Breeze denies each and every allegation contained in said paragraph.

28.     The allegations contained in paragraph 28 of the Complaint are not directed toward Ocean Breeze and therefore no responsive pleadings are required.  To the extent said allegations are directed toward Ocean Breeze, Ocean Breeze denies each and every allegation contained in said paragraph.

29.     The allegations contained in paragraph 29 of the Complaint are not directed toward Ocean Breeze and therefore no responsive pleadings are required.  To the extent said allegations are directed toward Ocean Breeze, Ocean Breeze denies each and every allegation contained in said paragraph.

30.     The allegations contained in paragraph 30 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Ocean Breeze denies each and every allegation contained in said paragraph.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint.

## RESPONSE TO "COUNT TWO AS AGAINST MERCK NEGLIGENCE"

32.     With respect to the allegations contained in paragraph 32 of the Complaint, Ocean Breeze repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 31 of this Answer with the same force and effect as though set forth here in full.

33.     The allegations contained in paragraph 33 of the Complaint are not directed toward Ocean Breeze and therefore no responsive pleadings are required. To the extent said allegations are directed toward Ocean Breeze, Ocean Breeze denies each and every allegation contained in said paragraph.

34.     The allegations contained in paragraph 34 of the Complaint are not directed toward Ocean Breeze and therefore no responsive pleadings are required. To the extent said allegations are directed toward Ocean Breeze, Ocean Breeze denies each and every allegation contained in said paragraph.

35.     The allegations contained in paragraph 35 of the Complaint are not directed toward Ocean Breeze and therefore no responsive pleadings are required. To the extent said allegations are directed toward Ocean Breeze, Ocean Breeze denies each and every allegation contained in said paragraph.

36.     The allegations contained in paragraph 36 of the Complaint are not directed toward Ocean Breeze and therefore no responsive pleadings are required. To the extent said allegations are directed toward Ocean Breeze, Ocean Breeze denies each and every allegation contained in said paragraph.

37.     The allegations contained in paragraph 37 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Ocean Breeze denies each and every allegation contained in said paragraph.

38.     Denies each and every allegation contained in paragraph 38 of the Complaint.

410634.1

## RESPONSE TO "COUNT THREE AS AGAINST MERCK
STRICT LIABILITY"

39.     With respect to the allegations contained in paragraph 39 of the

Complaint, Ocean Breeze repeats and re-alleges each and every admission, denial, averment, and

statement contained in paragraphs 1 through 38 of this Answer with the same force and effect as

though set forth here in full.

40.     The allegations contained in paragraph 40 of the Complaint are not

directed toward Ocean Breeze and therefore no responsive pleadings are required.  To the extent

said allegations are directed toward Ocean Breeze, Ocean Breeze denies each and every

allegation contained in said paragraph.

41.     The allegations contained in paragraph 41 of the Complaint are not

directed toward Ocean Breeze and therefore no responsive pleadings are required.  To the extent

said allegations are directed toward Ocean Breeze, Ocean Breeze denies each and every

allegation contained in said paragraph.

42.     The allegations contained in paragraph 42 of the Complaint are not

directed toward Ocean Breeze and therefore no responsive pleadings are required.  To the extent

said allegations are directed toward Ocean Breeze, Ocean Breeze denies each and every

allegation contained in said paragraph.

43.     The allegations contained in paragraph 43 of the Complaint are not

directed toward Ocean Breeze and therefore no responsive pleadings are required.  To the extent

said allegations are directed toward Ocean Breeze, Ocean Breeze denies each and every

allegation contained in said paragraph.

410634.1

44.     The allegations contained in paragraph 44 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Ocean Breeze denies each and every allegation contained in said paragraph.

45.     Denies each and every allegation contained in paragraph 45 of the Complaint.

## RESPONSE TO "COUNT FOUR AS AGAINST MERCK BREACH OF IMPLIED WARRANTY"

46.     With respect to the allegations contained in paragraph 46 of the Complaint, Ocean Breeze repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 45 of this Answer with the same force and effect as though set forth here in full.

47.     The allegations contained in paragraph 47 of the Complaint are not directed toward Ocean Breeze and therefore no responsive pleadings are required. To the extent said allegations are directed toward Ocean Breeze, Ocean Breeze denies each and every allegation contained in said paragraph.

48.     The allegations contained in paragraph 48 of the Complaint are not directed toward Ocean Breeze and therefore no responsive pleadings are required. To the extent said allegations are directed toward Ocean Breeze, Ocean Breeze denies each and every allegation contained in said paragraph.

49.     The allegations contained in paragraph 49 of the Complaint are not directed toward Ocean Breeze and therefore no responsive pleadings are required. To the extent said allegations are directed toward Ocean Breeze, Ocean Breeze denies each and every allegation contained in said paragraph.

410634.1

50.      The allegations contained in paragraph 50 of the Complaint are not directed toward Ocean Breeze and therefore no responsive pleadings are required.  To the extent said allegations are directed toward Ocean Breeze, Ocean Breeze denies each and every allegation contained in said paragraph.

51.      The allegations contained in paragraph 51 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Ocean Breeze denies each and every allegation contained in said paragraph.

52.      Denies each and every allegation contained in paragraph 52 of the Complaint.

**RESPONSE TO "COUNT FIVE AS AGAINST MERCK
BREACH OF EXPRESS WARRANTY"**

53.      With respect to the allegations contained in paragraph 53 of the Complaint, Ocean Breeze repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 52 of this Answer with the same force and effect as though set forth here in full.

54.      The allegations contained in paragraph 54 of the Complaint are not directed toward Ocean Breeze and therefore no responsive pleadings are required.  To the extent said allegations are directed toward Ocean Breeze, Ocean Breeze denies each and every allegation contained in said paragraph.

55.      The allegations contained in paragraph 55 of the Complaint are not directed toward Ocean Breeze and therefore no responsive pleadings are required.  To the extent said allegations are directed toward Ocean Breeze, Ocean Breeze denies each and every allegation contained in said paragraph.

410634.1

56.   The allegations contained in paragraph 56 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Ocean Breeze denies each and every allegation contained in said paragraph.

57.   Denies each and every allegation contained in paragraph 57 of the Complaint.

### RESPONSE TO "COUNT SIX AS AGAINST MERCK FALSE ADVERTISING"

58.   With respect to the allegations contained in paragraph 58 of the Complaint, Ocean Breeze repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 57 of this Answer with the same force and effect as though set forth here in full.

59.   The allegations contained in paragraph 59 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Ocean Breeze denies each and every allegation contained in said paragraph.

60.   The allegations contained in paragraph 60 of the Complaint are not directed toward Ocean Breeze and therefore no responsive pleadings are required. To the extent said allegations are directed toward Ocean Breeze, Ocean Breeze denies each and every allegation contained in said paragraph.

61.   The allegations contained in paragraph 61 of the Complaint are not directed toward Ocean Breeze and therefore no responsive pleadings are required. To the extent said allegations are directed toward Ocean Breeze, Ocean Breeze denies each and every allegation contained in said paragraph.

410634.1

62.     The allegations contained in paragraph 62 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Ocean Breeze denies each and every allegation contained in said paragraph.

63.     Denies each and every allegation contained in paragraph 63 of the Complaint.

## RESPONSE TO "COUNT SEVEN AS AGAINST MERCK FRAUD"

64.     With respect to the allegations contained in paragraph 64 of the Complaint, Ocean Breeze repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 63 of this Answer with the same force and effect as though set forth here in full.

65.     The allegations contained in paragraph 65 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Ocean Breeze denies each and every allegation contained in said paragraph.

66.     The allegations contained in paragraph 66 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Ocean Breeze denies each and every allegation contained in said paragraph.

67.     The allegations contained in paragraph 67 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Ocean Breeze denies each and every allegation contained in said paragraph.

68.     The allegations contained in paragraph 68 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Ocean Breeze denies each and every allegation contained in said paragraph.

69.     The allegations contained in paragraph 69 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Ocean Breeze denies each and every allegation contained in said paragraph.

70.     The allegations contained in paragraph 70 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Ocean Breeze denies each and every allegation contained in said paragraph.

71.     The allegations contained in paragraph 71 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Ocean Breeze denies each and every allegation contained in said paragraph.

72.     Denies each and every allegation contained in paragraph 72 of the Complaint.

### RESPONSE TO "COUNT EIGHT AS AGAINST MERCK SPOUSE'S DERIVATIVE CLAIM"

73.     With respect to the allegations contained in paragraph 73 of the Complaint, Ocean Breeze repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 72 of this Answer with the same force and effect as though set forth here in full.

74.     Denies knowledge and information regarding the allegations contained in paragraph 74 of the Complaint.

75.     Denies each and every allegation contained in paragraph 75 of the Complaint.

76.     The allegations contained in paragraph 76 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Ocean Breeze denies each and every allegation contained in said paragraph.

410634.1

77.     Denies each and every allegation contained in paragraph 77 of the Complaint.

## RESPONSE TO "COUNT NINE AS AGAINST OCEAN BREEZE NEGLIGENCE"

78.     With respect to the allegations contained in paragraph 78 of the Complaint, Ocean Breeze repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 77 of this Answer with the same force and effect as though set forth here in full.

79.     Denies each and every allegation contained in paragraph 79 of the Complaint.

80.     Denies each and every allegation contained in paragraph 80 of the Complaint.

81.     The allegations contained in paragraph 81 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Ocean Breeze denies each and every allegation contained in said paragraph.

82.     Denies each and every allegation contained in paragraph 82 of the Complaint.

## RESPONSE TO "COUNT TEN AS AGAINST OCEAN BREEZE STRICT LIABILITY"

83.     With respect to the allegations contained in paragraph 83 of the Complaint, Ocean Breeze repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 82 of this Answer with the same force and effect as though set forth here in full.

84.     Denies each and every allegation contained in paragraph 84 of the Complaint.

410634.1

85.     Denies each and every allegation contained in paragraph 85 of the Complaint.

86.     Denies each and every allegation contained in paragraph 86 of the Complaint.

87.     Denies each and every allegation contained in paragraph 87 of the Complaint.

88.     The allegations contained in paragraph 88 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Ocean Breeze denies each and every allegation contained in said paragraph.

89.     Denies each and every allegation contained in paragraph 89 of the Complaint.

## RESPONSE TO "COUNT ELEVEN AS AGAINST OCEAN BREEZE BREACH OF IMPLIED WARRANTY"

90.     With respect to the allegations contained in paragraph 90 of the Complaint, Ocean Breeze repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 89 of this Answer with the same force and effect as though set forth here in full.

91.     Denies each and every allegation contained in paragraph 91 of the Complaint.

92.     Denies each and every allegation contained in paragraph 92 of the Complaint.

93.     Denies each and every allegation contained in paragraph 93 of the Complaint.

410634.1

94. Denies each and every allegation contained in paragraph 94 of the Complaint.

95. The allegations contained in paragraph 95 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Ocean Breeze denies each and every allegation contained in said paragraph.

96. Denies each and every allegation contained in paragraph 96 of the Complaint.

## RESPONSE TO "COUNT TWELVE AS AGAINST OCEAN BREEZE SPOUSE'S DERIVATIVE CLAIM"

97. With respect to the allegations contained in paragraph 96 of the Complaint, Ocean Breeze repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 96 of this Answer with the same force and effect as though set forth here in full.

98. Denies knowledge and information regarding the allegations in paragraph 98 of the Complaint.

99. Denies each and every allegation contained in paragraph 99 of the Complaint.

100. The allegations contained in paragraph 100 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Ocean Breeze denies each and every allegation contained in said paragraph.

101. Denies each and every allegation contained in paragraph 101 of the Complaint.

410634.1

## RESPONSE TO "PRAYER FOR RELIEF"

102. In response to paragraph 102 of the Complaint, denies that there is any basis for a judgment in favor of the Plaintiff.

103. In response to paragraph 103 of the Complaint, denies that there is any basis for a judgment in favor of the Plaintiff.

## AS FOR A FIRST
## DEFENSE, OCEAN BREEZE ALLEGES:

104. Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

## AS FOR A SECOND
## DEFENSE, OCEAN BREEZE ALLEGES:

105. The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD
## DEFENSE, OCEAN BREEZE ALLEGES:

106. Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A FOURTH
## DEFENSE, OCEAN BREEZE ALLEGES:

107. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A FIFTH
## DEFENSE, OCEAN BREEZE ALLEGES:

108. To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

410634.1

### AS FOR A SIXTH
### DEFENSE, OCEAN BREEZE ALLEGES:

109.    To the extent that Plaintiff asserts claims based upon an alleged failure by

Ocean Breeze to warn Plaintiff directly of alleged dangers associated with the use of VIOXX®,

such claims are barred under the learned intermediary doctrine because Merck has discharged its

duty to warn in its warnings to the prescribing physician(s).

### AS FOR A SEVENTH
### DEFENSE, OCEAN BREEZE ALLEGES:

110.    If Plaintiff has sustained injuries or losses as alleged in the Complaint,

such injuries or losses were caused in whole or in part by the contributory negligence of the

Plaintiff.

### AS FOR AN EIGHTH
### DEFENSE, OCEAN BREEZE ALLEGES:

111.    If Plaintiff has sustained injuries or losses as alleged in the Complaint,

such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully

assumed the risk of any injury as the result of the consumption of, administration of, or exposure

to any drug or pharmaceutical preparation manufactured or distributed by Merck or other

manufacturer.

### AS FOR A NINTH
### DEFENSE, OCEAN BREEZE ALLEGES:

112.    If Plaintiff has sustained injuries or losses as alleged in the Complaint,

upon information and belief, such injuries and losses were caused by the actions of persons not

having real or apparent authority to take said actions on behalf of Ocean Breeze and over whom

Ocean Breeze had no control and for whom Ocean Breeze may not be held accountable.

410634.1

### AS FOR A TENTH
### DEFENSE, OCEAN BREEZE ALLEGES:

113.    If Plaintiff has sustained injuries or losses as alleged in the Complaint,

upon information and belief, such injuries and losses were proximately caused by Plaintiff's

misuse or abuse of VIOXX®.

### AS FOR AN ELEVENTH
### DEFENSE, OCEAN BREEZE ALLEGES:

114.    If Plaintiff has sustained injuries or losses as alleged in the Complaint,

such injuries or losses resulted from Plaintiff's pre-existing and unrelated medical, genetic and

environmental conditions, diseases, or illnesses, subsequent medical conditions or natural

courses of conditions for which Ocean Breeze is not responsible.

### AS FOR A TWELFTH
### DEFENSE, OCEAN BREEZE ALLEGES:

115.    To the extent that Plaintiff relies upon any theory of breach of warranty,

such claims are also barred for lack of timely notice of breach and lack of privity and because the

alleged warranties were disclaimed.

### AS FOR A THIRTEENTH
### DEFENSE, OCEAN BREEZE ALLEGES:

116.    Plaintiff's claims are barred, in whole or in part, under the applicable state

law because VIOXX® was subject to and received pre-market approval by the Food and Drug

Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A FOURTEENTH
### DEFENSE, OCEAN BREEZE ALLEGES:

117.    Plaintiff has failed to join all necessary and indispensable parties.

410634.1

## AS FOR A FIFTEENTH
## DEFENSE, OCEAN BREEZE ALLEGES:

118.     Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks

capacity and standing to bring such claims.

## AS FOR A SIXTEENTH
## DEFENSE, OCEAN BREEZE ALLEGES:

119.     Plaintiff's claims are barred in whole or in part because the product at

issue was made in accordance with the state of the art at the time it was manufactured.

## AS FOR A SEVENTEENTH
## DEFENSE, OCEAN BREEZE ALLEGES:

120.     To the extent that Plaintiff seeks punitive damages for an alleged act or

omission of Ocean Breeze, any award of punitive damages is barred under the relevant state law.

## AS FOR AN EIGHTEENTH
## DEFENSE, OCEAN BREEZE ALLEGES:

121.     Plaintiff's demand for punitive damages is barred because VIOXX® and

its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21

U.S.C. § 301.

## AS FOR A NINETEENTH
## DEFENSE, OCEAN BREEZE ALLEGES:

122.     Plaintiff's claims are barred in whole or in part under comment k to

Section 402A of the Restatement (Second) of Torts.

## AS FOR A TWENTIETH
## DEFENSE, OCEAN BREEZE ALLEGES:

123.     Plaintiff's claims are barred in whole or in part because Merck provided

legally adequate "directions or warnings" as to the use of VIOXX® and any other drug or

pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to

Section 402A of the Restatement (Second) of Torts.

410634.1

## AS FOR A TWENTY-FIRST
### DEFENSE, OCEAN BREEZE ALLEGES:

124.    Plaintiff's claims are barred under Section 4, *et. seq.,* of the Restatement

(Third) of Torts:  Products Liability.

## AS FOR A TWENTY-SECOND
### DEFENSE, OCEAN BREEZE ALLEGES:

125.    Plaintiff's claims are barred in whole or in part under comment f to

Section 6 of the Restatement (Third) of Torts:  Product Liability.

## AS FOR A TWENTY-THIRD
### DEFENSE, OCEAN BREEZE ALLEGES:

126.    To the extent Plaintiff has settled or will in the future settle with any

person or entity with respect to the injuries asserted in the Complaint, Ocean Breeze's liability, if

any, should be reduced accordingly.

## AS FOR A TWENTY-FOURTH
### DEFENSE, OCEAN BREEZE ALLEGES:

127.    To the extent Plaintiff is seeking recovery for benefits entitled to be

received or actually received from any other source for injuries alleged in the Complaint, such

benefits are not recoverable in this action.

## AS FOR A TWENTY-FIFTH
### DEFENSE, OCEAN BREEZE ALLEGES:

128.    To the extent that Plaintiff seek punitive damages for the conduct which

allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate

Ocean Breeze's state and federal constitutional rights.

## AS FOR A TWENTY-SIXTH
### DEFENSE, OCEAN BREEZE ALLEGES:

129.    Plaintiff's claims are barred in whole or in part because Plaintiff has failed

to mitigate the alleged damages.

410634.1

### AS FOR A TWENTY-SEVENTH
### DEFENSE, OCEAN BREEZE ALLEGES:

130.    To the extent Plaintiff makes a claim for punitive damages, Ocean Breeze

asserts that the Plaintiff has not complied with statutory requirements to recover punitive

damages.

### AS FOR A TWENTY-EIGHTH
### DEFENSE, OCEAN BREEZE ALLEGES:

131.    That the equitable share of liability, if any, of Defendant Ocean Breeze

shall be determined pursuant to the provision of Article 16 of the New York State Civil Practice

Laws and Rules.

132.    Inasmuch as the Complaint does not describe the alleged underlying

claims with sufficient particularity to enable Ocean Breeze to determine all of its legal,

contractual and equitable rights, Ocean Breeze reserves the right to amend and supplement the

averments of its answer to assert any and all pertinent liability defenses ascertained through

further investigation and discovery of this action.  Ocean Breeze will rely on all defenses that

may become available during discovery or trial.

133.    Ocean Breeze hereby explicitly demands a trial by jury.

WHEREFORE, Ocean Breeze respectfully demands judgment dismissing

Plaintiff's Complaint with prejudice and awarding Ocean Breeze its reasonable costs and

disbursements, together with such and other and further relief that the Court may deem just and proper.

Dated: New York, New York
        August 17, 2006

                                    Respectfully submitted,

                                    HEIDELL, PITTONI, MURPHY & BACH, LLP

                            By:     _____
                                    Steven J. Loewenthal (SL  6664)
                                    Bruce F. Gilpatrick (BG  8841)
                                    99 Park Avenue
                                    New York, New York  10016
                                    (212) 286-8585

                                    Attorneys for Defendant
                                    OCEAN BREEZE INFUSION
                                    CARE INC. d/b/a OCEAN BREEZE
                                    PHARMACY s/h/a "OCEAN BREEZE
                                    PHARMACY"

410634.1

To:    Andrew J. Carboy, Esq.
Sullivan, Papain, Block,
McGrath & Cannavo P.C.
120 Broadway, 18th Floor
New York, New York 10271
(212) 732-9000

Attorneys for Plaintiffs

Vilia B. Hayes, Esq.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004
(212) 837-6839

Attorneys for Defendant MERCK & CO., INC.

410634.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer has been served on Liaison

Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-

mail and upon all parties by electronically uploading the same to LexisNexis File and Serve

Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically

filed with the Clerk of Court of the United States District Court the Eastern District of Louisiana

by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the

procedures established in MDL 1657 on this 22nd day of August, 200(6).

STEVEN J. LOEWENTHAL (SL 6664)
Attorney for Defendant
Ocean Breeze
Office & P.O. Address
99 Park Avenue
New York, New York 10016
(212) 286-8585
(212) 490-8966 facsimile
e-mail- sloewenthal@hpmb.com

411032.1