UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

JOINT REPORT NO. 17 OF
PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL

        Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC")

submit this Joint Report No. 17.

I.      LEXIS/NEXIS FILE & SERVE

        PLC and DLC continue to report to the Court on the status of docketing cases and

uploading those cases to Lexis/Nexis File & Serve.  Cases recently transferred to the Eastern

District of Louisiana continue to experience a brief delay between the docketing of the Final

Transfer Order on which the cases appear and the receipt of the records from the original

transferor courts.  Until such time as the record of a case is actually received by the Clerk of

Court in the Eastern District of Louisiana, the Clerk's office cannot officially docket the case in

the Eastern District of Louisiana and as a result there are delays in uploading to Lexis/Nexis File

& Serve.  Within several days of the actual docketing of a case in the Eastern District of Louisiana, the case is uploaded to Lexis/Nexis File & Serve and counsel are able to access the case.  Defense Liaison Counsel has requested that counsel for Plaintiffs continue to notify Dorothy Wimberly at dwimberly@stonepigman.com if a case is not available on Lexis/Nexis File & Serve.  Notice should include the case name and Eastern District of Louisiana case number.  PLC and DLC continue to provide Lexis/Nexis with a current service list of counsel in the Vioxx MDL.  Additionally, Lexis/Nexis File & Serve as proposed several changes which will reduce the amount of time it takes to upload a filing into the Master Case.  The parties will be prepared to discuss this further at the monthly status conference on August 24, 2006.

II.    STATE COURT TRIAL SETTINGS

In California, Judge Cheney has set October 31, 2006 for the trial of one or more plaintiffs' claims.  The *Rigby* case is set for trial in Texas District Court, Harris County, on November 8, 2006.  The *Albright* case is set for trial in Alabama Circuit Court, Jefferson County, on November 27, 2006.  Finally, for 2006, the *Schwaller* case is set for trial in Illinois Circuit Court, Madison County, on December 11, 2006.  In the *Grossberg* case, the first trial conducted in the California Coordinated Proceedings, the jury returned a verdict in favor of Merck on August 2, 2006.  On August 17, 2006, Judge Higbee vacated the jury verdict in favor of the defendants that was rendered in the *Humeston* trial in New Jersey.

III.    SELECTION OF CASES FOR EARLY FEDERAL COURT TRIAL

The parties are discussing convenient dates for a hearing on the Motion for New Trial in the *Irvin/Plunkett* case and will thereupon check with the Court to arrange a hearing date.

On August 17, 2006 the jury in the *Barnett* case returned a verdict in favor of the plaintiff awarding $50 million dollars compensatory damage and $1 million in punitive damages. Merck advises it intends to appeal once judgment is entered.

The Court has set trial of the *Smith* case for September 11, 2006, the *Mason* case for October 30, 2006, and the *Dedrick* case for November 27, 2006. The Court has entered a scheduling order in *Mason* and *Smith*. The parties were unable to agree to a scheduling order in *Dedrick* and, consequently, have submitted separate versions for consideration by the Court. Discovery and trial preparations are ongoing in each case. The parties will be prepared to discuss this further at the monthly status conference on August 24, 2006.

IV.     CLASS ACTIONS

The Court has under advisement the PSC's Motion to Certify a Personal Injury Class and Defendants' Rule 12 Motions to Dismiss the Master Complaints for Medical Monitoring and Purchase Claims. The parties will be prepared to discuss this further at the monthly status conference on August 24, 2006.

Judge Higbee certified a nationwide class in The Local 68 Third Party Payor Class Action case in New Jersey. The Appellate Division affirmed certification and the Supreme Court of New Jersey has agreed to hear the case. The Local 68 Third Party Payor Class Action is set to be tried in March 2007, but Merck has moved the Appellate Division for a stay of all proceedings in that case pending completion of the Supreme Court review.

V.      DISCOVERY DIRECTED TO MERCK

Merck advises that it will continue to make productions of documents, as identified by members of the PSC as priorities, on a rolling basis.

Following the May 25, 2006 ruling of the United States Court of Appeals for the Fifth Circuit, on June 5, 2006, regarding Merck's assertion of privilege to certain documents in connection with Merck's Privilege Log, DLC delivered to the Court documents for which it has asserted privilege for review by the Court and additional information. The parties met with the Court on several occasions to discuss further actions to be taken as a result of the ruling from the Fifth Circuit. The parties will be prepared to discuss this further at the monthly status conference on August 24, 2006.

VI.    DISCOVERY DIRECTED TO THE FDA

The FDA production of documents responsive to the PSC subpoena continues to occur in waves.

VII.    DISCOVERY DIRECTED TO THIRD PARTIES

PLC has advised the Court and DLC that the PSC continues to issue third-party notices of depositions for the production of documents. The PSC submitted a letter to the Court on March 16, 2006 seeking intervention by the Court on whether Merck should have the right to review documents in the possession of Ogilvy, DDB and Millward Brown to determine whether any of the documents are privileged prior to the third party making production to the PSC. On May 24, 2006, the Court issued an Order & Reasons giving Merck two (2) weeks to review all the documents at issue, construct a detailed privilege log, and provide the Court with the log and documents for an *in camera* review. On June 7, 2006, DLC provided the Court with information, including privilege logs, list of names of DDB employees, and documents for *in camera* review. On June 13, 2006, PLC responded to Merck's submission. The Court has advised it will review the documents and make a determination as to whether the documents are

- 4 -

privileged and whether Merck waived its privilege by providing the documents to Ogilvy and DDB. The parties await further rulings from the Court.

On July 18, 2006, PLC communicated with counsel for Merck and provided a list of Merck Third Party MDL Subpoenas where documents responsive to the subpoena had not been provided to the PSC. PLC requested production of the documents. PLC has not received a response from Merck. On July 18, 2006, PLC communicated with counsel for Merck and provided a list of Merck Third Party MDL Subpoenas where documents responsive to the subpoena had not been provided to the PSC. PLC requested production of the documents. Merck has begun production of the identified third party documents received by Merck and anticipates completing its production of such documents on a rolling basis so that all of the documents will be provided in advance of the next trial in the MDL. The parties will be prepared to discuss this further at the monthly status conference on August 24, 2006.

## VIII.   DEPOSITION SCHEDULING

The parties continue to notice and cross-notice depositions in the MDL. If and when any other issues arise regarding the scheduling of depositions, the Court will be advised and motions will be requested on an expedited basis.

## IX.   PLAINTIFF PROFILE FORM AND MERCK PROFILE FORM

On June 23, 2006, the Court entered Pre-Trial Order 18C which amends and supersedes Pre-Trial Orders 18, 18A, and 18B and governs the form and requirements of service and content of Plaintiff Profile Forms, Merck Profile Forms, Authorizations, and medical records to Lexis-Nexis File & Serve. Since this Order was issued, the PLC and Merck's counsel have continued to address claims of alleged insufficiency relating to Merck responses in MPFs.

On August 7, 2006, the PSC provided Merck with a draft Motion to Compel the Production of Merck Profile Forms ("MPFs"), Supplemental MFPs and for an Order Compelling Merck to Cease and Desist Delaying the Production of MPFs Based on Unwarranted Grounds. In an effort to address the PSC's concerns, Merck prepared an informal response to PSC's draft motion and provided feedback on the motion as a vehicle for a discussion that occurred between the PSC and Merck's counsel on August 16, 2006. The parties have been unable to resolve all of their differences, but have identified the issues so they can be resolved by the Court. The PSC has advised that it intends on filing the motion and Merck has advised it intends to file a formal response. The parties will be prepared to discuss this further at the status conference on August 24, 2006.

X.      STATE/FEDERAL COORDINATION -- STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications.   The parties will be prepared to discuss this further at the monthly status conference on August 24, 2006.

XI.     *PRO SE* CLAIMANTS

From time to time, as the Court issues additional Orders directing PLC to take appropriate action regarding filings made by various *pro se* individuals, PLC will continue to communicate with the various *pro se* claimants and advise them of attorneys in their respective states and other pertinent information regarding the MDL.  DLC will continue to discuss with PLC Merck's obligation to respond to complaints filed by *pro se* individuals in those instances where the complaints have not been served.

XII.   MOTION TO DISMISS FOREIGN CLASS ACTION COMPLAINTS ON FORUM NON CONVENIENS GROUNDS

On January 12, 2006, Merck filed a Motion to Dismiss All Foreign Class Action Complaints.  The parties agreed initially to complete briefing on that motion as it pertains to France and Italy class actions.  The PSC took no position on the issue.  That briefing is now complete, and oral argument on the motion (as it pertains to the France and Italy class actions) will take place after the monthly status conference on August 24, 2006.

XIII.   GENERIC TRIAL PERFORMANCE AND RULE 702 AND MOTIONS *IN LIMINE* ISSUES

On June 28, 2006 and July 6 and 7, 2006, the Court heard argument on the PSC's Generic Motion *in Limine*.  During the course of pre-trial motion conferences in the *Barnett* case and in future case specific matters, the PSC requested that certain matters be addressed that will be "common" to all cases tried in the MDL. The parties will be prepared to discuss this further at the monthly status conference on August 24, 2006.

XIV.   IMS DATA

Merck advises that IMS data for plaintiffs' prescribing physicians in the *Barnett*, *Smith*, *Mason*, and *Dedrick* cases has been produced to the PSC and plaintiffs' trial counsel.  The parties continue to discuss further production of IMS Data.  The parties will be prepared to discuss this further at the monthly status conference on August 24, 2006.

XV.   DISCOVERY IN NON-TRIAL CASES

In accordance with the Court's ruling, Merck has propounded discovery in one non-trial case and advises that it intends to select up to five additional cases to replace those for which the PSC had requested postponement until after trial in the MDL.  Merck agreed to

voluntarily postpone discovery in those cases in response to PSC's request.  The PSC objects to the inclusion of any additional cases for discovery at this time.  The PSC is in the process of reviewing cases and intends on having further discussions with DLC regarding some non-trial cases for possible discovery in addition to those selected by Merck. The parties will be prepared to discuss this further at the monthly status conference on August 24, 2006.

XVI.   MERCK'S MOTION FOR SUMMARY JUDGMENT

On July 5, 2006, Merck filed a Motion for Summary Judgment in the Lene Arnold and Alicia Gomez cases asserting that plaintiffs' claims are preempted by federal law.  Plaintiff's opposition brief is due September 15, 2006, Merck's reply is due October 6, 2006, and argument on the motion is scheduled to take place at the October MDL Monthly Status Conference.  The parties will be prepared to discuss the motion more fully at the conference on August 24, 2006.

XVII.  TOLLING AGREEMENTS

PLC has discussed with DLC certain questions that have been brought to the attention of PLC by various plaintiffs counsel regarding types of claims that are covered by the term "Cardiovascular Injury" as defined in the Tolling Agreement.  The parties are discussing this issue and will be prepared to discuss this more fully at the conference on August 24, 2006.

**NEW ITEMS**

XVIII. MOTION FOR CLARIFICATION OF PRE-TRIAL ORDER NO. 9

On July 20, 2006, PLC forwarded to DLC a proposed amendment to PTO 9 and the Plaintiffs' Steering Committee's Motion for Clarification of Pre-Trial Order No. 9 (re: Cross-Noticing of MDL Expert Depositions).  The PSC proposed this issue at the July status

conference to deal with the cross-noticing of depositions and the obligation of plaintiff's counsel to contribute to the common benefit fund established to compensate the PSC pursuant to Pre-Trial Order No. 19. DLC recently provided comments to PLC. The parties will be prepared to discuss this more fully at the monthly status conference on August 24, 2006.

XIX.   NEXT STATUS CONFERENCE

    PLC and DLC will be prepared to schedule the status conference in September on a date to be selected by the Court.

               Respectfully submitted,

Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024

**Plaintiffs' Liaison Counsel**

**Temporary address:**

**201 St. Charles Avenue**
**Suite 4310**
**New Orleans, LA 70170**

Phillip A. Wittmann (Bar No. 13625)
Dorothy H. Wimberly (Bar No. 18509)
Carmelite M. Bertaut (Bar No. 3054)
***Stone Pigman Walther Wittmann L.L.C.***
546 Carondelet Street
New Orleans, LA 70130-3588
PH: (504) 581-3200
FAX: (504) 581-3361
**Defendants' Liaison Counsel**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 22nd day of August, 2006.

**Leonard A. Davis** (Bar No. 14190)
*Herman, Herman, Katz & Cotlar, L.L.P.*
Place St. Charles
201 St. Charles Avenue, Suite 4310
New Orleans, Louisiana 70170
Telephone: (504) 581-4892
Facsimile: (504) 561-6024
ldavis@hhkc.com

- 10 -

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MONTHLY STATUS CONFERENCE
AUGUST 24, 2006
<u>SUGGESTED AGENDA</u>

I.      Lexis/Nexis File & Serve

II.     State Court Trial Settings

III.    Selection of Cases for Early Federal Court Trial

IV.     Class Actions

V.      Discovery Directed to Merck

VI.     Discovery Directed to the FDA

VII.    Discovery Directed to Third Parties

VIII.   Deposition Scheduling

IX.     Plaintiff Profile Form and Merck Profile Form

X.      State/Federal Coordination -- State Liaison Committee

XI.     *Pro Se* Claimants

XII.    Motion to Dismiss Foreign Class Action Complaints on Forum Non Conveniens Grounds

XIII.   Generic Trial Performance and Rule 702 and Motions *in Limine* Issues

XIV.    IMS Data

XV.     Discovery in Non-Trial Cases

XVI.    Merck's Motion for Summary Judgment

XVII.   Tolling Agreements

XVIII.  Motion for Clarification of Pre-Trial Order No. 9 **(NEW ITEM)**

XIX.    Next Status Conference