**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION | MDL No. 1657 |
| | Section L |
| THIS DOCUMENT RELATES TO: | |
| | Judge Eldon E. Fallon |
| *Robert G. Smith v. Merck & Co., Inc.* Case No. 2:05-CV-04378 | Magistrate Judge Daniel E. Knowles, III |

**PLAINTIFF ROBERT GARRY SMITH'S MOTION TO DEEM ANSWERS TO PLAINTIFF'S REQUEST FOR ADMISSIONS ADMITTED, AND REQUEST FOR EXPEDITED HEARING**

Plaintiff Robert Garry Smith asks this Court to deem admitted all of its Requests for Admissions due to Defendant's refusal to answer and their inconsistent positions relating to the same.

## I.
### FACTS

Plaintiff served Merck with his First Set of Case Specific Discovery Requests for Production, Request for Admissions and First Set of Interrogatories on July 11, 2006. For reasons discussed below, Plaintiff requested expedited discovery responses. Defendants' counsel agreed to produce discovery responses in an expedited fashion, and the Plaintiff relied on this representation to his detriment. Defendant breached this agreement; Merck failed to and has yet to serve its responses to Plaintiff's Requests for Admission or stipulate to the admissibility of the documents made the subject thereof. The discovery responses to Requests for Production and Interrogatories they did serve, albeit a day late, were riddled with virtually identical objections to every request and repeatedly stated that documents containing information responsive to the requests have been produced by Merck in the federal Vioxx MDL. These insufficient responses are made the subject of a separate motion before this Court and set for hearing August 24, 2006

at 11:00 a.m.  Plaintiff proposes the Court address all discovery disputes at this time.  Plaintiff brings this motion with two weeks left to prepare its case for trial, and any additional delay and receipt of legitimate discovery responses will further prejudice the Plaintiff.

## *Merck Breached Its Agreement to Serve Responses to Plaintiff's Request for Admissions*

Six days after propounding written discovery, on July 17, 2006, undersigned counsel first requested expedited discovery responses to prepare for the anticipated presentation of then designated expert Dr. Mark Furman.  (*See* July 17 email, attached as Exhibit A).   The next day, Plaintiff then requested that all discovery responses are due July 31, 2006, one day prior to the August 1 discovery cut-off date.  (*See* July 18 email, attached as Exhibit B).  On July 19, 2006, Merck agreed to serve discovery responses on August 10, 2006, just 21 business days before trial begins.  (*See* July 19 email, attached as Exhibit C).  In light of the September 11, 2006 trial date, these agreed upon expedited responses were essential and necessary because adhering to PTO 17 allowing for 45 days for response would have Plaintiff receive discovery responses due on August 25, 2006, just 10 business days before trial.  Plaintiff has yet to receive ***any*** responses with respect to the Request for Admissions.

Plaintiff noted and was mindful that Merck counsel 1) qualified the agreement to serve on August 10 by stating that it "will do her best to serve" on the agreed upon date, and 2) made clear that in the event Defendant would not honor the August 10 due date, it would immediately notify Plaintiff's counsel.  (*See* July 19 email, attached as Exhibit C).  It is these Defendant created loopholes and related inconsistent statements and actions that Plaintiff now takes issue with as they are denying Plaintiff access to discovery in a timeframe adequate to prepare for trial and constitute an abuse of the discovery process.  Had Defendants not "agreed" to expedited discovery responses in the first part of July, Plaintiff would have come before this Court then to

address the necessity and urgency of the expedited discovery responses.  Plaintiff did not come before the Court then because they, in good faith, complied with this Court's PTO 17 requiring that no motion be filed "unless the movant has conferred with opposing counsel in a good faith effort to resolve the matter without court action."

Plaintiff's good faith efforts have backfired; it is now 12 business days until opening statements must be given and Plaintiff is still without responses to its Request for Admissions. The Defendants July 19, 2006 "agreement" to serve all formal written discovery responses on August 10, 2006, prohibited the Plaintiff from coming before this Court seeking an order to compel these responses, and the Defendant now utilizes its loopholes to prohibit Plaintiff from receiving his past due discovery responses to further delay and prejudice Plaintiff.  Plaintiff submits that Defendants breached their duty to timely file their responses, and did not confer in good faith with Plaintiff's counsel on this request for admissions/stipulations issue, and for this reason Plaintiff asks the Court to deem their answers admitted.

### *Merck's Agreement to Serve Expedited Responses Was Not Contingent upon Additional Cooperation from Plaintiff*

In the course of the July 19 email exchange, Defendants' counsel Jablonski stated that it would be helpful to her if Plaintiff narrowed down the document list (attached to the RFAs).  It should be further noted that two sentences later Jablonski explicitly stated that, "My current understanding is that you cannot narrow it down, and so we will do our best with what we have." (*See* July 19 email, attached as Exhibit D).   Approximately eight hours after explaining her understanding that the list could not be narrowed down, Jablonski agreed to serve Plaintiff with expedited written discovery responses on August 10.  This agreed upon due date was not tied to, nor was it intended to be tied to any narrowing down of the list attached to the RFAs.

On July 21, 2006, in response to an email by Plaintiff's counsel specifically relating to taking the deposition of a custodian of records for unstipulated documents made the subject of Plaintiff's Request for Admissions, Jablonski responded she would only agree to allow a custodial deposition after the August 1 discovery cut-off if she deemed the request "reasonable" and the number of exhibits "manageable."  (*See* July 21, 2006 email, attached as Exhibit E). Jablonski's calculated decision to refuse the pre-discovery cut-off for an expedited response due date selected by Plaintiff's counsel, and demanding for a post-discovery due date had clearly placed her in the driver's seat; she wasted no time exploiting her upper hand and determining that she was in the position to determine what discovery is "reasonable" and what is "manageable."

The following week, on July 24, 2006, Merck decided Plaintiff's would need to produce actual hard copies of the documents identified in its Request for Admissions Plaintiff wanted Merck to stipulate to.  (*See* July 24, 2006 email, attached as Exhibit F).  Plaintiff asks the Court to note that virtually all the documents Plaintiff seeks Merck to stipulate to and made the subject of its Request for Admissions were originally produced by Merck, and Plaintiff had already identified these documents by Merck's Bates numbers; Merck is obviously in a better position and has a better handle on the documents than Plaintiff because they are their documents and they have more familiarity.  Plaintiff found it strange that Defendants' Counsel would ask Plaintiff to serve as their document retrieval and copy service.  However, later that week Plaintiff's counsel notified Merck that it was already in receipt of the bulk of the documents via the *Barnett* matter, and he would make efforts to oblige her request and reproduce the approximately 100 additional documents added to the *Barnett* list, and overlook the fact that they were originally produced to Plaintiff by Merck.  (*See* July 28, 2006 email, attached as Exhibit F).

4

On August 7, 2006, Merck breached its discovery agreement.  Four days prior to discovery responses being due, Merck informs Plaintiff's counsel that she is reneging on her agreement because Plaintiff has not reproduced to her hard copies of documents originally produced by Merck.  (*See* August 7, 2006 email, attached as Exhibit G).   Merck counsel had also refused to enter any stipulation with respect to the documents.  These inconsistent positions and refusal to produce responses constitute an abuse of the discovery process; Merck has clearly breached its duty to serve its responses to Plaintiff's Request for Admissions.

### *Plaintiff Continued to Confer With Merck to Resolve Discovery Disputes*

However, Plaintiff continued in vain to negotiate a stipulation as to admissibility and/or accommodate Merck so that they may respond to Plaintiff's Request for Admissions.  Plaintiff has sent two separate CDs with the documents attached to its Request for Admissions, excluding those already reproduced to Defendants in *Barnett*.  The first was sent on August 7, 2006, to which Merck counsel refused to stipulate to because, despite being identified by Merck's own Bates numbers, were not identified by RFA exhibit numbers.  The second CD was sent August 15, 2006, producing all exhibits and identifying them by Plaintiff's trial exhibit number, the *Barnett* trial exhibit number, the Plaintiff's RFA exhibit number, and Merck Bates number.  Plaintiff has tried to resolve the issues without Court action.

After receipt of the second CD, Merck counsel asked for an additional seven days to review the documents before stipulating to admissibility.  (See August 16, 2006 email, attached as Exhibit H).  Plaintiff again made the mistake of accommodating Merck's request and entering into another agreement.  On August 21, 2006, five days after Merck agreed to stipulate on day 7, Merck Counsel issued a letter advising Plaintiff that they need to withdraw their Request for Admissions or they would seek relief from this Court.  (See August 21, 2006 letter, attached as

Exhibit I).  Merck's position has changed too many times to count with respect to when and how they would address Plaintiff's 10 Requests for Admissions.  Plaintiff has been strung along long enough, and with just 12 business days before the beginning of this trial, asks this Court to deem admitted Plaintiff's Request for Admissions.

## II.
### ARGUMENT

If a party does not adequately respond to a request for admission, the court may order that the matter be deemed admitted.  FED. R. CIV. P. 36(a); *Apex Oil Co. v. Belcher Co.,* 855 F. 2d 1009, 1015 (2d Cir. 1988).  Plaintiff asks the Court to deem Defendant's responses to Plaintiff's Request for Admissions admitted because they refuse to respond.  FED. R. CIV. P. 36(a).  This refusal to respond comes 12 days after the agreed upon due date and 3 days prior to their due date under PTO 17.  Merck has taken numerous positions since being served with the Request for Admissions, but never one demanding withdrawal and refusing to respond.  Merck's inconsistent positions and failure to adhere to their agreements is an abuse of the discovery process and warrants these requests being deemed admitted. The Federal Rules of Civil Procedure allow the Court to compel complete discovery responses to Plaintiff's properly propounded discovery requests.  FED.R.CIV.P. 37.

There is still a significant amount of discovery to be conducted in this case.  Without the requested discovery responses, Plaintiff cannot adequately prepare for trial.  Although efforts have been made and continue to be made to resolve this issue without the Court's intervention, the parties have been unable to reach an agreement.  Given the date of trial in this case, Plaintiff requests an expedited hearing on this motion.

## III.

## CONCLUSION

For the foregoing reasons, Plaintiff asks the Court to deem admitted answers to Plaintiff's Request for Admissions.

Respectfully submitted,

/s/ Grant Kaiser

| | |
|---|---|
| James L. "Larry" Wright | Grant Kaiser |
| Texas Bar No. 22038500 | Texas Bar No. 11078900 |
| **THE WATTS LAW FIRM LLP** | **THE KAISER FIRM LLP** |
| 111 Congress Avenue, Suite 1010 | 8441 Gulf Freeway, Suite 600 |
| Austin, Texas 78701 | Houston, Texas 77017 |
| (512) 479-0500; fax (512) 473-0328 | (713)-223-0000; fax (713) 223-0440 |
| | **ATTORNEY IN CHARGE** |
| Walter Umphrey | John Eddie Williams, Jr. |
| Texas Bar No. 20380000 | Texas Bar No. 21600300 |
| **PROVOST UMPHREY LAW FIRM LLP** | Amy M. Carter |
| 490 Park Street | Texas Bar No. 24004580 |
| Beaumont, Texas 77701 | **WILLIAMS BAILEY LAW FIRM LLP** |
| (409) 835-6000; fax (409) 838-8888 | 8441 Gulf Freeway, Suite 600 |
| | Houston, Texas 77017 |
| | (713) 230-2200; fax (713) 643-6226 |
| Drew Rainer | Mikal Watts |
| Louisiana Bar No. 8320 | Texas Bar No. 20981820 |
| **RANIER, GAYLE & ELLIOT LLC** | **THE WATTS LAW FIRM LLP** |
| 1419 Ryan Street | Tower II Building, 14th Floor |
| Lake Charles, Louisiana 70601 | 555 North Carancahua Street |
| (337) 494-7171; fax (337) 494-7218 | Corpus Christi, Texas 78478 |
| | (361) 887-0500; fax (361) 887-0055 |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing document has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 23rd day of August, 2006.

/s/ Grant Kaiser
Grant Kaiser
**THE KAISER FIRM LLP**
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
(713) 230-0000; fax (713) 230-0440
gkaiser@thekaiserfirm.com

cc:    By email only:

Robert Van Kirk              rvankirk@wc.com
**Williams & Connolly LLP**
725 Twelfth Street Northwest
Washington, D.C.  20005
(202) 434-5000; fax (202) 434-5029

Carrie A. Jablonski              carrie.jablonski@bartlit-beck.com
**Bartlit, Beck, Herman, Palenchar & Scott LLP**
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
(312) 494-4400; fax (312) 494-4440