UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No.  1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 2:05-CV-04379 | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| ROBERT G. SMITH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| | * | |
| Defendant. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * | | |

**MOTION AND INCORPORATED MEMORANDUM IN SUPPORT OF MOTION OF MERCK & CO., INC. ("MERCK") TO EXCLUDE IMPROPER REFERENCE TO MERCK'S DEFENSE OF OTHER VIOXX®-RELATED LAWSUITS AND QUESTIONS OR ARGUMENT PERTAINING TO NUMBER OF TIMES MERCK WITNESSES HAVE TESTIFIED PREVIOUSLY**

**(MOTION IN *LIMINE* NO. 7)**

Merck asks the Court to preclude plaintiff from referencing Merck's defense of other Vioxx-related lawsuits or questioning Merck's fact witnesses about the number of times they have testified in previous Vioxx cases.  Not only is it irrelevant in *Smith* if Merck has defended itself in other Vioxx cases or if a witness has testified before, but insinuations about such testimony are clearly prejudicial to Merck.  For example, plaintiff's counsel during closing statements in *Barnett* improperly asked the jury to punish Merck with punitive damages, in part

to deter it from continuing to defend Vioxx-related cases.  (*See* Aug. 17, 2006 *Barnett* Tr. at 2705:5-12, attached hereto as Ex. A ("In any event, the point of punitive damages is to deter others, to deter Merck from doing this in the future.  So your verdict, I submit, needs to have some measure of punitive damages. . . . Basically, they have been defending these cases and they are going to continue on.  I think there's go to be a message to them.").)  Merck has an absolute right to defend itself in each case and call whomever it chooses at trial.  Merck should not be penalized in a given case by the fact that there are thousands of pending Vioxx lawsuits and that it chooses to call several of the same witnesses in each case.[1]

I.  **REFERENCE TO MERCK'S DEFENSE OF OTHER VIOXX-RELATED LAWSUITS OR THE FACT THAT MERCK'S FACT WITNESSES HAVE GIVEN TESTIMONY IN OTHER VIOXX CASES IS IRRELEVANT.**

This case is about whether Vioxx caused the alleged myocardial infarction of Mr. Smith, and, if so, whether Merck gave adequate warnings to Mr. Smith's prescribing doctors.  If *Barnett* is any guide, plaintiff will question Merck's fact witnesses about their participation in other Vioxx lawsuits:

> Q:   Just to give the jury a perspective, this is what, the eighth time you have testified defending Vioxx in a courtroom in this country?
>
> A:   I don't know if I would quite use those terms, but this is, I think, the eighth time that I have -- We have to go back and count.  About the eighth time.
>
> Q:   Let me go quickly through them.  So you first time was the Ernst case down in Texas; right?
>
> A:   That's correct.
>
> Q:   Then you testified in the Humeston case; correct?

---

[1] To defend itself, Merck must call witnesses who have knowledge of facts that refute plaintiffs' claims.  Since the plaintiffs in different cases make substantially similar factual claims, it is unavoidable that Merck will need to call the same witnesses to refute them.

2

> A: That's correct.
>
> Q: You testified in Irvin 1?
>
> A: That's correct.
>
> Q: You testified in Irvin 2?
>
> A: That's correct.
>
> Q: Did you testify in McDarby?
>
> A: I did.
>
> Q: Did you testify in the Doherty case in New Jersey?
>
> A: Yes, I did.
>
> Q: Did you testify just last week, or 10 days ago, in L.A. in the Grossberg case?
>
> A: Yes, I did.
>
> Q: So this would be the eight case; correct?
>
> A: I believe that's correct.

(Aug. 14, 2006 *Barnett* Tr. (Reicin Test.) at 2345:14-2346:12, attached hereto as Ex. B.)  But evidence of such involvement has no logical connection to any fact of consequence at issue here. Plaintiff may be allowed to impeach fact witnesses with prior testimony but should not be allowed simply to refer to the fact that prior testimony was given.  There is no relevant justification for questions about the number of times Merck's fact witnesses have testified or reference to Merck's defense of other Vioxx lawsuits, and thus should be excluded under Federal Rule of Evidence 401.

## II. ALL REFERENCE TO MERCK'S DEFENSE OF OTHER VIOXX-RELATED LAWSUITS OR MERCK'S FACT WITNESSES' PRIOR TESTIMONY SHOULD BE PRECLUDED UNDER FEDERAL RULE OF EVIDENCE 403.

Again, if *Barnett* is any guide, plaintiff will attempt to mischaracterize the fact that Merck has defended itself in other Vioxx lawsuits with the same company witnesses and try to use it against Merck. This should not be permitted, and such reference to prior testimony must be excluded under Federal Rule of Evidence 403. Admitting testimony proffered for the purpose of inflaming the jury's prejudices would be improper, particularly where it would shift the juror's attention away from the facts of the case and toward unrelated, collateral matters. Even if evidence that Merck's witnesses have previously testified or that Merck has defended itself in other Vioxx lawsuits had any probative value – and it does not – the primary effect of such evidence would be to distract the jury from the real issues in this case. The risk of undue prejudice is clearly present here. Merck must be permitted to defend itself fully in each and every case, which may mean bringing the same witnesses to testify at trial after trial. Plaintiff must not be allowed to raise negative connotations by improperly questioning these witnesses about prior participation in trials or arguing that Merck should be punished for its defense.

* * *

For the foregoing reasons, Merck respectfully requests that the Court exclude all reference to Merck's defense of other Vioxx-related lawsuits or the number of times that Merck's fact witnesses have testified in other Vioxx cases.

Dated:  August 24, 2006                                    Respectfully submitted,

/s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Andrew Goldman
Carrie A. Jablonski
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:     312-494-4440

Brian Currey
Catalina J. Vergara
Ashley A. Harrington
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:     213-430-6407

And

Douglas R. Marvin
Robert A. Van Kirk
Emily Thacher-Renshaw
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:     202-434-5029

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion and Incorporated Memorandum in Support of Motion of Merck to Exclude Improper Reference to Merck's Defense of Other Vioxx-Related Lawsuits and Questions or Argument Pertaining to Number of Times Merck Witnesses Have Testified Previously has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 24th day of August, 2006.

                                                   */s/ Dorothy H. Wimberly*
                                                   Dorothy H. Wimberly, 18509
                                                   STONE PIGMAN WALTHER WITTMANN L.L.C.
                                                   546 Carondelet Street
                                                   New Orleans, Louisiana  70130
                                                   Phone:  504-581-3200
                                                   Fax:     504-581-3361
                                                   dwimberly@stonepigman.com

                                                   Defendants' Liaison Counsel