# EXHIBIT "1"

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF L..

11684049
E-SERVICE

Jun 30 2006
3:50PM

**UNITED STATES DISTRICT COURT**          2006 JUN 29  PM 4: 10

**EASTERN DISTRICT OF LOUISIANA**          LORETTA G. WHYTE
                                                    CLERK

| | | |
|---|---|---|
| In re: VIOXX® | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| | * | **JUDGE FALLON** |
| | * | |
| | * | **MAG. JUDGE KNOWLES** |

* * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO ALL CASES**

### PRETRIAL ORDER NO. 18C
### (Plaintiff Profile Form, Authorizations, and Merck Profile Form)

This Order amends and supersedes Pre-Trial Order Nos. 18, 18A and 18B and governs the form and schedule for service of a Plaintiff Profile Form ("PPF") and executed Authorizations for the release of records to be completed by plaintiffs, and Merck Profile Form ("MPF") to be completed by Merck in all individual (that is, non-class action) cases in which plaintiffs claim to have sustained a myocardial infarction, an ischemic stroke, or a death ("cardiovascular event") that were: (1) transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of February 16, 2005; (2) subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.4 of the Rules of Procedure of that Panel; and (3) originally filed in this Court or transferred or removed to this Court. The amendments in this Order relate to the service of PPFs, MPFs, their related attachments, and modification of the MPF form itself.

This Order neither applies to nor imposes any obligation on any Defendant in any individual action in MDL 1657 other than Merck.

\_\_\_\_ Fee_____
\_\_\_\_ Process_____
\_X\_ Dktd_____
\_\_\_\_ CtRmDep_____
\_\_\_\_ Doc. No_____

Plaintiff Profile Forms:

      1.     Plaintiffs in all cardiovascular event cases shall each complete and serve upon Merck a PPF and Authorizations for Release of Records of all healthcare providers and other sources of information and records (*e.g.*, pharmacies, employers, etc.) in the form set forth in Attachment A. Those plaintiffs shall also produce with their PPF all documents responsive to the document requests contained therein.

      2.     Unless the parties agree otherwise or by order of the Court, complete and verified PPFs, signed and dated Authorizations, and all responsive documents shall be produced on the following schedule in all cardiovascular event cases that have been filed in or transferred to MDL 1657 as of September 1, 2005:  for plaintiffs whose last names begin with the letters A through C, on or before November 15, 2005; for plaintiffs whose last names begin with the letters D through G, on or before November 30, 2005; for plaintiffs whose last names begin with the letters H through L, on or before December 15, 2005; for plaintiffs whose last names begin with the letters M through R, on or before December 30, 2005; and for plaintiffs whose names begin with the letters S through Z, on or before January 14, 2006.

      3.     Plaintiffs in individual cardiovascular event cases that are filed in or transferred to this MDL proceeding after September 1, 2005 shall provide complete and verified PPFs, signed and dated Authorizations, and all responsive documents within seventy-five (75) days of their transfer order or the date on which they are filed in this proceeding.

      4.     Plaintiffs who fail to provide complete and verified PPFs, signed and dated Authorizations, and all responsive documents requested in the PPF within the time periods set forth hereinabove shall be given notice by e-mail or fax from Defendants' Liaison Counsel or

- 2 -

his designee and shall be given twenty (20) additional days to cure such deficiency.  No other extensions will be granted.

     5.    Plaintiffs shall serve the DLC with the PPF responses, including amended and supplemental responses (hereinafter collectively referred to as "PPF responses") and signed and dated Authorizations by serving a hard copy on Wilfred P. Coronato at Hughes Hubbard & Reed LLP, 101 Hudson Street, Suite 3601, Jersey City, New Jersey 07302-3918, and by serving an electronic copy via LexisNexis File & Serve on Wilfred P. Coronato at Hughes Hubbard & Reed LLP, Phillip A. Wittmann at Stone Pigman Walther Wittmann L.L.C., Dimitrios Mavroudis at Dechert LLP, and Susan Giamportone at Womble Carlyle Sandridge & Rice, PLLC and firms representing any other defendants in that case within the time periods set forth herein.  To ensure that only the intended recipients have access to the aforementioned documents on LNFS, plaintiffs' counsel must upload said documents by selecting "Sealed, Electronic" in the "Access" field of the "Documents" tab under the "Filing & Service" option.

     6.    When plaintiffs upload a PPF response to LNFS, it shall clearly be labeled "Plaintiff Profile Form" and, in multi-plaintiff cases, it shall indicate the name of the plaintiff on whose behalf the PPF response is being served.  (E.g., "Plaintiff Profile Form of John Doe").  Plaintiffs shall also choose the "Plaintiff Profile Form" document type available on LNFS.  Plaintiffs shall upload their PPF under their case-specific docket number on LNFS and shall not upload it under the general "In Re Vioxx Products Liability Litigation" file.

     7.    When serving healthcare or other records (hereinafter "medical records") produced as a result of this pretrial order, plaintiffs shall either (a) upload their medical records to LNFS along with the PPF response and signed Authorizations or (b) serve their medical records on CD or DVD in accordance with the requirements of paragraph 9.  Plaintiffs shall

- 3 -

provide medical records in only one of the two methods described above and shall not serve their records in hard copy (paper) form.

        8.    Regardless of the method chosen to serve medical records (i.e., upload to LNFS or CD/DVD), plaintiffs must (a) attach a list to their PPF response setting forth the names of the sources of the records (e.g. General Hospital, Marcus Welby, M.D., SVC Pharmacy, etc.) produced with the PPF response or clearly indicate in Section VII of the PPF entitled List of Medical Providers and Other Sources of Information whether the records of the sources identified therein have been produced with the PPF response and (b) reasonably identify the records by including a cover sheet that begins each record or in some reasonable way clearly indicate the name of the source or medical provider of that record.

        9.    When plaintiffs opt to provide their medical records on CD or DVD in lieu of posting them to LNFS, plaintiffs shall also comply with the following conditions:

        a.    Plaintiffs' counsel shall provide a certification with the PPF response stating (i) the date of service; (ii) the manner of service; (iii) that the medical records have been served on CD or DVD along with the original, signed PPF and original, signed authorizations, on Wilfred P. Coronato, Esq., Hughes Hubbard & Reed LLP, 101 Hudson Street, Suite 3601, Jersey City, New Jersey 07302-3918; (iv) that the PPF and authorizations have also been posted to LNFS and the date they were posted. This certification shall be attached to the copy of the PPF response and Authorizations posted to LNFS and the original PPF response and Authorizations served on Wilfred P. Coronato, Esq.

- 4 -

b.    Each CD or DVD shall contain the records of only one plaintiff or alleged Vioxx® user.

c.    Each file on the CD or DVD shall contain the medical records of only one provider.

d.    Each file shall be in either pdf, multi-page, or single page TIF format. No other file format will be accepted. To the extent feasible, Defendant strongly prefers single-page or multi-page TIF images.

e.    The CD or DVD shall have a legible label securely affixed to the CD or DVD itself setting forth the case name, case-specific docket number, name of the person to whom the medical records pertain (e.g., "Medical Records of John Doe"), and the name, address and telephone number of the Plaintiff's counsel of record transmitting the CD or DVD.

f.    Each CD or DVD shall be accompanied in the same envelope with the original, signed and dated PPF response and Authorizations.

10.    Authorizations shall be dated and signed "in blank" (*i.e.*, without setting forth the identity of the custodian of the records or provider of care). Merck may use the authorizations for all healthcare providers and other sources of information and records (e.g., pharmacies, employers, etc.) identified in the PPF, without further notice to plaintiffs counsel. The Defendants Steering Committee ("DSC") shall post the records received pursuant to the authorizations on a secure website maintained by the DSC's vendor and notify claimant's attorney and Plaintiffs' Liaison Counsel by e-mail of the posting. Plaintiff's counsel in a

- 5 -

particular case and Plaintiffs' Liaison Counsel may access that website to obtain copies of their clients' medical records at their cost.

      11.    If Merck wishes to use an authorization to obtain records from a source that is not identified in the PPF, Merck shall provide the plaintiff's counsel for that particular case with seven (7) days written notice (by telecopy or email) of the intent to use an authorization to obtain records from that source. If plaintiff's counsel fails to object to the request within seven (7) days, Merck may use the authorization to request the records from the source identified in the notice. If plaintiff's counsel objects to the use of the authorization to obtain records from the source identified in the notice within said seven (7) day period, plaintiff's counsel and Merck's counsel shall meet and confer in an attempt to resolve the objection. If counsel are unable to resolve the objection, plaintiff shall file a motion for a protective order within fourteen (14) days of the Merck's notice of intent to use the authorization.

      12.    Plaintiffs' responses to the PPF shall be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34 and shall be supplemented in accordance with Fed. R. Civ. P. 26.

      13.    Merck's use of the PPF and Authorizations shall be without prejudice to Merck's right to serve additional discovery as ordered by the Court.

Merck Profile Forms:

      14. Merck will serve upon plaintiffs' counsel of record, as identified in the PPF, and Plaintiffs' Liaison Counsel a hard copy of a complete and verified MPF form and the documents and data accompanying the MPF (hereinafter "data package") in the cardiovascular event cases in the form set forth in Attachment B, which has been modified by agreement of counsel subsequent to Pretrial Order No. 18B. An electronic copy of only the MPF form itself

- 6 -

shall also be served via LNFS on all plaintiffs' counsel of record associated with an individual case as identified on LNFS, assuming counsel has registered with LNFS, Plaintiffs' Liaison Counsel, and Co-Lead Counsel, Chris Seeger and Andy Birchfield. To ensure that only the intended recipients have access to the MPFs, Merck shall upload them by selecting "Sealed Electronic" in the "Access" field of the "Documents" tab under the "Filing and Service" option. In the event plaintiffs' counsel of record is not registered with LNFS, a hard copy of the complete MPF shall be served on plaintiff's counsel of record and Plaintiffs' Liaison Counsel via Federal Express or certified mail.

15. When Merck uploads an MPF response to LNFS, Merck shall clearly label it as such and, in multi-plaintiff cases, it shall indicate the name of the plaintiff to whom the MPF response applies. (E.g., "Merck Profile Form Relating to Plaintiff John Doe"). Merck shall also choose the "Merck Profile Form" document type available on LNFS. Merck shall upload its MPF under the relevant case-specific file on LNFS and shall not upload it under the general "In Re Vioxx Products Liability Litigation" file.

16. The MPF form and data package shall be served on CD or DVD on plaintiff's counsel of record and Plaintiff's Liaison Counsel and shall comply with the following conditions:

a.      Merck's counsel shall provide a certification with the MPF response stating (i) the date of service; (ii) the manner of service; (iii) that the data package has been served on CD or DVD along with the original, signed MPF on plaintiff's counsel of record and a duplicate also served on Plaintiff's Liaison Counsel, Place St. Charles, 201 St. Charles Avenue, Suite 4310, New Orleans, Louisiana 70170; (iv) that the MPF has also been posted to LNFS and

- 7 -

the date it was posted. This certification shall be attached to the copy of the MPF response posted to LNFS and the hard copy served on plaintiff's counsel of record and Plaintiff's Liaison Counsel.

b.      Each CD or DVD sent to plaintiff's counsel of record shall relate to only one plaintiff. To the extent that a CD or DVD sent to Plaintiffs' Liaison Counsel includes MPFs relating to more than one plaintiff, the CD or DVD will be labeled to identify it to each plaintiff, organized in a coherent fashion and include an index clearly identifying each MPF for each plaintiff and the contents that relate to each plaintiff.

c.      Each file shall be produced in PDF format. No other file format will be accepted.

d.      Each CD or DVD sent to plaintiff's counsel of record shall have a legible label securely affixed to the CD or DVD itself setting forth the case name, case-specific docket number, name of the plaintiff or Vioxx user to whom the MPF applies, and the name and address of the defense attorney or firm serving the CD or DVD.

e.      Each CD or DVD shall be accompanied in the same envelope with the hard copy MPF served on plaintiff's counsel of record and Plaintiff's Liaison Counsel.

f.      If any documents to be produced in an MPF are claimed to be privileged, Merck shall produce a valid privilege log contemporaneously with the MPF.

17. Merck shall provide a complete and verified MPF ninety (90) days after its receipt of a PPF which contains the "core criteria." The core criteria includes:

- 8 -

1. Type of injury (cardiovascular cases relating to ischemic stroke, myocardial infarction & death);

2. Date (month and year) of Plaintiff's injury;

3. Full name of person who used Vioxx;

4. Maiden or other names of person who used Vioxx;

5. Full address of person who used Vioxx;

6. Full name and full address of prescriber (including suite number, if any); and

7. Full name and full address of sample provider (including suite number, if any).

If Merck contends that any PPF does not satisfactorily include the "core criteria," then Merck shall, within twenty (20) days after its receipt of the PPF notify plaintiff of any alleged deficiency in the "core criteria" for processing an MPF. Failure to notify plaintiff's counsel within the twenty (20) days shall mean that Merck will provide a complete and verified MPF within ninety (90) days after its receipt of the PPF, but Merck shall reserve its rights to allege any and all deficiencies in a given PPF such that the information and materials contemplated by Paragraph 4 of this Order are provided. If Merck fails to provide a complete and verified MPF within ninety (90) days after its receipt of a complete and verified PPF, it shall be given notice by e-mail or fax from either plaintiff's counsel or Plaintiffs' Liaison Counsel and shall be given twenty (20) additional days to cure the deficiency. No other extensions will be granted. Any claim of alleged deficiency with an MPF shall be directed to Angela Catanach of Dechert LLP, Cira Centre, 2929 Arch Street, Philadelphia, PA 19104-2808, 215.655.2232 (fax), mpfcomplaints@dechert.com (e-mail). No notices, e-mail communications or claims of deficiency shall be posted to LNFS.

18. Following service of the MPFs in the cardiovascular event cases, the PSC and DSC shall meet and confer regarding the current process and future schedule for service of MPFs in other cases not claiming a cardiovascular event. Should the PSC and DSC not be able to reach an agreement on the process or schedule for service of other MPFs, the PSC or the DSC may raise this issue with the Court. The parties are not obligated to serve additional Profile Forms other than those set forth above absent agreement of the PSC and DSC or Order of this Court.

19. Merck's responses on an MPF shall be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34 and shall be supplemented in accordance with Fed. R. Civ. P. 26.

20. Plaintiffs' use of the MPF shall be without prejudice to the right of the plaintiffs in a specific case to serve additional discovery as ordered by the Court.

21. This Order and the Attachments shall be posted on the Court's website for MDL 1657 located at http://vioxx.laed.uscourts.gov. Counsel unable to access the Court's website for MDL 1657 may contact the Clerk of Court for information on obtaining a copy of this Order.

New Orleans, Louisiana, this 29 day of June, 2006.

ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

- 10 -

# EXHIBIT "3"

DECHERT LLP          Fax:2159942000          Jun 13 2006  14:03          P.01



Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
+1 215 994 4000 Main
+1 215 994 2222 Fax
www.dechert.com

## FAX TRANSMISSION SHEET

| DATE | June 13, 2006 | | |
|---|---|---|---|
| TO | Ann B. Oldfather | TEL | 502-637-7200 |
| | Oldfather & Morris | FAX | 502-637-3999 |
| FROM | Angela M. Catanach | TEL | +1 215 994 2232 |
| | Associate | FAX | +1 215 655 2232 |
| EMAIL | angela.catanach@dechert.com | | |

CLIENT    370759
MATTER   357152

**TOTAL NUMBER OF PAGES, INCLUDING
THIS COVER SHEET**

**IF ALL PAGES ARE NOT RECEIVED,
PLEASE CALL +1 215 994 4000**

**OPERATOR**

**TIME OF TRANSMISSION**

### CONFIDENTIALITY NOTE
The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that you should not further disseminate, distribute or copy this message. In addition, if you have received this message in error, please notify us immediately by collect telephone call and return the original message to us at the above address via the United States Postal Service. Thank you.

## MESSAGE

DECHERT LLP        Fax:2159942000        Jun 13 2006  14:03    P. 02

 **Dechert** LLP

Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
+1 215 994 4000  Main
+1 215 994 2222  Fax
www.dechert.com

ANGELA M. CATANACH

angela.catanach@dechert.com
+1 215 994 2232 Direct
+1 215 655 2232 Fax

June 13, 2006

**Via Facsimile and First Class Mail**

Ann B. Oldfather
Oldfather & Morris
1330 S. Third St.
Louisville, KY 40208

**In re Vioxx Products Liability Litigation- Merck Profile Forms**

Dear Counsel:

In an effort to provide you with Merck Profile Forms ("MPFs") as quickly as possible, Merck has conducted a preliminary review of the Plaintiff Profile Forms ("PPFs") you submitted in this VIOXX® coordinated proceeding. The PPFs for the matters referenced herein lack the "core criteria" communicated to Plaintiffs' Liaison Counsel and required by Merck to process MPFs. Further, any amendment/supplementation to the PPFs received in regard to these cases failed to cure all of the deficiencies.

Merck is providing the accompanying report to identify both the individual PPFs and the categories of core criteria in which each PPF is deficient. Additionally, please refer to the attached chart which enumerates more specifically the information required to satisfy each category of the MPF core criteria. Without this information, an MPF cannot be processed in these cases.

Further, pursuant to Pretrial Order 18B, PPFs are to be served via hard copy on Will Coronato at Hughes Hubbard & Reed LLP as well as electronically via Lexis Nexis File & Serve ("LNFS") on three additional parties, including Dechert LLP. In some instances, Plaintiffs' PPFs were either not properly served via LNFS or not properly served via LNFS on Dechert LLP, and, therefore, are not candidates for MPFs until they have been properly served. This deficiency is also noted in the accompanying report where applicable.

Boston Charlotte Harrisburg Hartford New York Newport Beach Palo Alto Philadelphia Princeton San Francisco Washington DC
Brussels Frankfurt London Luxembourg Munich Paris



Ann B. Oldfather
June 13, 2006
Page 2

Merck will immediately begin processing MPFs to be served in these cases within 90 days of receipt of complete and verified PPFs that include the previously identified deficient core criteria. Importantly, upon a more thorough review of Plaintiffs' responses in the PPFs, Merck reserves the right to request additional information necessary for purposes of affirmative discovery under the Federal Rules and applicable court orders in this litigation.

Please direct all correspondence providing additional information satisfying the core criteria to me at the address indicated above. In addition, any amended and/or supplemental PPFs must be served on all defense counsel pursuant to the terms of Pre-Trial Order 18B, as amended. Should you have any further questions, please do not hesitate to contact me.

Sincerely,

Angela M. Catanach

Attachments

## CORE CRITERIA

| | | |
|---|---|---|
| I.C.1.a. | **Injury Suffered** | *Must be* Myocardial Infarction (heart attack), Stroke (CVA, CVI), or Death. Under the terms of Pre-Trial Order No. 18B, Merck is only obligated to process MPFs for cases in which Plaintiff has allegedly sustained one of these injuries. |
| I.C.1.b. | **Date of Injury** | Month & Year required. |
| II.A. | **Plaintiff Name** | *Full* First Name (initials are not acceptable) & Last Name of Plaintiff or Vioxx user if different from Plaintiff. |
| II.B. | **Maiden/Other Name** | *Full* First Name (initials are not acceptable) & Last Name of any maiden or other names by which Vioxx user has been known. An affirmative denial is required if this section is not applicable (e.g., None). |
| II.D. | **Plaintiff Address** | Street (including Street Number) City, & State or address of Vioxx user if different from Plaintiff. |
| IV.A. | **Prescriber Name** | *Full* First Name (initials are not acceptable) & Last Name of person who prescribed Vioxx. |
| IV.F. | **Sample Provider Name** | *Full* First Name (initials are not acceptable) & Last Name of person who provided Vioxx samples. An affirmative denial is required if this section is not applicable (e.g., None). |
| VII.A., B, or E | **Prescriber Address** | Street (including Street Number), City & State. |
| VII.A., B, or E | **Sample Provider Address** | Street (including Street Number), City & State. |

DECHERT LLP        Fax:2159942D00        Jun 13 2006  14:04        P.05

Deficiency Report: Oldfather and Morris

| # | Name | Case | Case No. | Deficiencies |
|---|------|------|----------|--------------|
| 1 | | | | |
| 2 | | | | |
| 3 | | | | Address;Sample Provider Address |
| 4 | | | | |
| 5 | Daniels, Lucky | Daniels, Lucky v. Merck & Co., Inc. | 2:05-cv-00766 | Address;Sample Provider Address |
| 6 | Engle, Bonnie | Engle, Bonnie v. Merck & Co., Inc. et al. | 2:06-cv-00731 | Injury Suffered;Date of Injury;Sample Provider Name;Sample Provider Address |
| 7 | Eversole, Bernice | Eversole, Bernice v. Merck & Co., Inc. | 2:06-cv-00745 | Prescriber Address |
| 8 | Gilbert, Cleo D. | Gilbert, Cleo D. v. Merck & Co., Inc. | 2:06-cv-02055 | Prescriber Name;Prescriber Address |
| 9 | | | | Prescriber Name;Sample Provider Name;Sample Provider Address |
| 10 | Griffin, Bernard D. | Griffin, Bernard v. Merck & Co., Inc. | 2:06-cv-00773 | Injury Suffered;Date of Injury |
| 11 | Howard, Linda Jean | Howard, Linda v. Merck & Co., Inc. | 2:06-cv-00755 | Sample Provider Name;Sample Provider Address |
| 12 | Howell, James B. | Howell, James v. Merck & Co., Inc. | 2:06-cv-00733 | Prescriber Name |
| 13 | Hubbard, George Russell | Hubbard, George v. Merck & Co., Inc. | 2:06-cv-00760 | Prescriber Address |
| 14 | Green, Mary Christine | Long, Anthony v. Merck & Co., Inc. | 2:06-cv-00774 | Prescriber Name;Prescriber Address;Sample Provider Name;Sample Provider Address |
| 15 | Mahan, Carl | Mahan, Carl D. v. Merck & Co., Inc. | 2:06-cv-00738 | Date of Injury |
| 16 | Metcalf, Philip L. | Metcalf, Phillip v. Merck & Co., Inc. | 2:06-cv-00747 | Prescriber Address |
| 17 | Mooney, Michael T. | Mooney, Michael T. v. Merck & Co., Inc. | 2:06-cv-00770 | Injury Suffered |
| 18 | Nantz, Charles G. | Nantz, Charles v. Merck & Co., Inc. | 2:06-cv-00777 | Date of Injury |
| 19 | Orange, Charles R. | Orange, Charles v. Merck & Co., Inc. | 2:06-cv-00768 | Date of Injury |
| 20 | Patterson, Gene Lowery | Patterson, Gene v. Merck & Co., Inc. | 2:06-cv-00728 | Injury Suffered;Date of Injury |
| 21 | Rakes, Delbert Edward | Rakes, Delbert v. Merck & Co., Inc. | 2:06-cv-00762 | Injury Suffered |
| 22 | Russel, Donna C. | Russel, Donna C. v. Merck & Co., Inc. | 2:06-cv-00761 | Injury Suffered;Date of Injury;Prescriber Address |
| 23 | Slater, Mary Marjorie | Slater, Mary M. v. Merck & Co., Inc. | 2:06-cv-00772 | Date of Injury |
| 24 | Thomas, David Glen Sr. | Thomas, David G. v. Merck & Co., Inc. | 2:06-cv-02040 | Injury Suffered;Prescriber Name;Prescriber Address |
| 25 | Ward, Carolyn | Ward, Carolyn A. v. Merck & Co., Inc. | 2:06-cv-00779 | Injury Suffered |
| 26 | Wigginton, Richard L., Sr. | Wigginton, Richard v. Merck & Co., Inc. | 2:06-cv-00756 | Prescriber Address;Sample Provider Address |
| 27 | Yaggie, Lana M. | Yaggie, Lana v. Merck & Co., Inc. | 2:06-cv-00751 | Date of Injury |

6/13/2006

DECHERT LLP          Fax:2159942000          Jun 13 2006  14:04     P.06

Deficiency Report: Oldfather and Morris

| | Plaintiff Name | Caption | Civil Action No. | Injury Suffered |
|---|---|---|---|---|
| 28 | Zoll, Lois C. | Zoll, Lois v. Merck & Co., Inc. | 2:06-cv-00749 | Injury Suffered |

6/13/2006

# EXHIBIT "4"

# OLDFATHER & MORRIS

## ATTORNEYS AT LAW

### 1330 SOUTH THIRD STREET

### LOUISVILLE, KENTUCKY 40208

ANN B. OLDFATHER
DOUGLAS H. MORRIS, II
LEA A. PLAYER
VICKI L. BUSA

TELEPHONE 502-637-7200
FAX 502-637-3999

June 21, 2006

*Via Fax and Mail*

Angela M. Catanach
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA  19104-2808

*RE: Vioxx Product Liability Litigation*

Dear Angela:

You and I have a very different memory of our conversation of June 13. Contrary to your letter of June 20, 2006, you specifically told me that Merck's position (including the requirement that the specific words "myocardial infarction" must be used) would not change, and that there was nothing to get back to me on. I would say that the absence of any follow up response from you after that phone call is corroborative of my memory of the conversation.

We used the form approved by the Court, based upon Merck's requests as to what should be in the PPF. Accordingly, I think it is accurate to refer to the form, as designed, as "Merck's form." Until you notify the Court that the form should be amended to specifically state that "an affirmative response is required," I do not believe that you are in a position to decide that no response means anything other than no information. Similarly, Merck has repeatedly made the point that the PPF submission must include medical records, so I am not sure how you now justify your position that any determination of the plaintiff's actual injury is "confined to the four corners of the document."

We have completed a careful review of the 28 PPF forms claimed by you to be deficient, and have determined during the course of that review that addresses were not provided on allied medical personnel (indeed those addresses were not required by the PPF) and that the addresses for several physicians were either missing or not specifically attributed to that physician. In each of those cases, other physicians were identified and there is no reason why a MPF cannot be generated in those cases. Nevertheless, we will provide you by separate letter the address information referenced above. I hope and expect that you will deal with it in good faith and immediately begin processing those MPFs.

As far as the three past due MPFs are concerned, not only are those MPFs past due but you do not need any of the information listed in your letter of June 20, 2006 to process those

Page 2 of 2
June 21, 2006

forms. Further, Roger Allen has already told you his understanding of his injury, and I have
already told you that Steven Clark's absence of response on the "maiden name" question should
be taken as an absence of the use of any other name. James Goodman does not know the names
of the doctors at "Healthwatch Research Associates" and therefore cannot provide their
addresses and he had no information to provide with respect to the "sample" question.

I will leave for later debate who is being "unilateral" about the processing of MPF forms.
Since Allen, Clark and Goodman are well past due, and since my fax of June 18 was for the
purpose of obtaining your commitment that those MPFs were in the process of being generated, I
take it from your letter of June 20, 2006, that you do not intend to process those MPFs at this
time.

Sincerely,

Ann B. Oldfather

ABO:mam
cc:  Leonard A. Davis (via fax and mail)

r:\mam\vioxx\corres\catanach062106.doc

# FAX

## *Oldfather & Morris*

**ATTORNEYS AT LAW**
1330 S. Third St.
Louisville, KY 40208
(502) 637-7200 (voice)
(502) 637-3999 (fax)

ANN B. OLDFATHER
abo@omky.com
DOUGLAS H. MORRIS
dhm@omky.com

LEA A. PLAYER
lap@omky.com
VICKI L. BUBA
vlb@omky.com

June 23, 2006

**TO:** Angela Catanach          **FAX:** 215.655.2232      **FIRM:** Dechert LLP
Eben Flaster

**RE:** Deficiency Report to Oldfather & Morris, June 13, 2006
*In Re* Vioxx Product Liability Litigation

**FROM:** Ann B. Oldfather

**REMARKS:**

Dear Angela and Eben,

Enclosed please find all of the remaining information that I believe we owe you as a result of the omissions brought to our attention by Merck's Deficiency Report of June 13, 2006.

We do not intend to provide any other information regarding these Plaintiff Profile Forms, as we believe that the balance of the claimed deficiencies were responded to by my fax of June 18, 2006, and the information contained in the PPFs as served upon Merck initially.

Thank you.

Ann B. Oldfather

cc:     Leonard A. Davis     (fax: 504.561.6024)

**NOTICE:** this communication is addressed solely to the addressee and may contain legally privileged and confidential information. If you are not the addressee shown above please destroy this material and notify the above sender. Neither this transmission nor any error in transmission constitutes a waiver of any applicable legal privilege.

| Name | MDL Case Number | Deficient Information |
|---|---|---|
| Howell, James | 06-733 | **Prescribing Physician:**<br>Lon Laffery, M.D. |
| Crank, Earl | 06-746 | **Prescriber and Address:**<br>Terri Thornsberry, ARNP<br>809 Morton Ave., Suite 200<br>Bardstown, KY 40004 |
| Eversole, Bernice | 06-745 | **Prescriber Address:**<br>Walter Downey, M.D.<br>1406 West 5th St., Suite 20<br>London, KY 40741 |
| Gilbert, Cleo | 06-1957 | **Prescriber Address:**<br>Kelly Yount, P.A.<br>95 State Road 3444, P.O. Box 398<br>Annville, KY 40402 |
| Hubbard, George | 06-760 | **Prescriber Address:**<br>Muhammad Anwar, M.D.<br>310 East 9th St.<br>London, KY 40741<br>**Prescriber Address:**<br>Judith Bell, ARNP<br>301 Memorial Dr.<br>Manchester, KY 40962 |
| Metcalf, Phillip | 06-747 | **Prescriber Address:**<br>Marcia Jett, ARNP<br>809 Morton Ave., Suite 200<br>Bardstown, KY 40004 |
| Wigginton, Richard | 06-756 | **Prescriber and Sample Provider Address:**<br>Gary Bloemer, M.D.<br>3 Audubon Plaza Dr., Suite 220<br>Louisville, KY 40217 |

# EXHIBIT "5"



Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
+1 215 994 4000  Main
+1 215 994 2222  Fax
www.dechert.com

---

ANGELA M. CATANACH

angela.catanach@dechert.com
+1 215 994 2232 Direct
+1 215 655 2232 Fax

June 26, 2006

**VIA FACSIMILE AND FIRST CLASS MAIL**

Ann B. Oldfather
Oldfather & Morris
Attorneys at Law
1330 S. Third St.
Louisville, KY 40208



Re:   *In Re* Vioxx Product Liability Litigation

Dear Ms. Oldfather:

Counsel for Merck & Co., Inc. ("Merck") have spent several hours with you discussing matters of alleged deficiency relating to service and content of the Merck Profile Form ("MPF") for your cases pending in the MDL.  Your letters consistently seem to reflect a desire to make a record, instead of actually attempting to have productive discourse on the subject of MPFs in the hope of resolving those issues.  We respectfully request that the letter-writing campaign come to an end and that you meet and confer with counsel in good faith on these issues.

Merck's counsel have now reviewed and re-reviewed the Plaintiff Profile Form ("PPF") associated with these 28 plaintiffs no less than three times.  Judge Fallon has made clear that you are obligated to provide the information set forth in the PPF in order for Merck to query its databases and systems.  In this way, the "core criteria" is not negotiable.  This fact is not changed by your skepticism or peculiar insistence that we somehow "do not need any of the information listed" in a letter – I remind you – that Merck's counsel affirmatively and voluntarily sent to all counsel of record who served a PPF in the MDL in an attempt to identify specifically how those individual PPFs were deficient.  If the requisite information is not provided by counsel, Merck cannot generate or certify reliable data.  Further, Merck should not be required to generate MPFs two, three, or four times as plaintiffs' counsel decide finally to press their clients for the basic information that should have been collected in the first instance.  Finally, as we have previously stated on numerous occasions, MPFs are only processed for cardiovascular cases as defined under Pre-Trial Order No. 18B, as amended, and that determination is based on a review of the PPF itself, not hundreds or thousands of medical records that may or may not provide an answer to this most basic question.

12406503.1.LITIGATION 6/26/2006 2:57 PM

Boston  Charlotte  Harrisburg  Hartford  New York  Newport Beach  Palo Alto  Philadelphia  Princeton  San Francisco  Washington DC
Brussels  Frankfurt  London  Luxembourg  Munich  Paris



Ann B. Oldfather
June 26, 2006
Page 2

Merck's counsel has a genuine interest in resolving your concerns of alleged tardiness and deficiency but stand by the obligation of plaintiffs' counsel to provide the most basic information in the PPF.

Very truly yours,

Angela M. Catanach

# EXHIBIT "7"

**Appendix A**

### [Deficiencies related to Nature of Injury Suffered]

| Name | Exact Quote from PPF of Injury Suffered as understood by plaintiff | Comments | Exhibit |
|---|---|---|---|
| Allen, Roger | Heart problems resulting in coronary artery bypass surgery x 5 in 2004 and 5 stents in October 2005. | This is the only deficiency claimed for this plaintiff | 1 |
| Daniels, Lucky | Mini strokes with blockage occurring in the leg. | A Mini Stroke is a Cardiovascular event | 2 |
| Engle, Bonnie | Stroke, multiple ischemic attacks, heart attack, and congestive heart failure. | See brief | 3 |
| Griffin, Bernard | Arterial blockage, resulting in a stent placement, unstable angina. | This is a cardiovascular event | 4 |
| Mooney, Michael | Heart problems which resulted in heart catheterization, angioplasty and stent placements. | This is the only deficiency claimed for this plaintiff. This is a cardiovascular event | 5 |
| Patterson, Gene (Larry) | Unstable angina, heart attacks, strokes and blood clots. | This is a cardiovascular event | 6 |
| Russel, Donna C. | TIA 11/20/01, resulting in neurological problems, dizziness, balance problems, speech and memory difficulty, weakness on right side, tremor in right hand and seizures. | Same as Lucky Daniels above | 7 |
| Thomas, David G. | Multi-vessel blockage, ischemic changes resulting in quadruple bypass surgery. | Same as Gene (Larry Patterson above) | 8 |
| Zoll, Lois | Heart problems | This is the only deficiency claimed for this plaintiff | 9 |

### [Deficiencies related to Date of Injury]

| Name | Exact Quote from PPF of Date of Injury as understood by plaintiff | Comments | Exhibit |
|---|---|---|---|
| Nantz, Charles | Beginning 12/3/03 and continuing up to 9/14/04. | This is the only deficiency claimed for this plaintiff | 10 |
| Orange, Charles | Beginning: 6/00 and thereafter. | This is the only deficiency claimed for this plaintiff | 11 |
| Patterson, Gene (Larry) | 2000 to 2004. | | 6 |
| Staten, Mary Marjorie | 8/02 through 9/02. | This is the only deficiency claimed for this plaintiff | 12 |
| Yaggie, Lana | Unsure, but possibly 10 or 11/02.  The condition was discovered/diagnosed in 1/03. | This is the only deficiency claimed for this plaintiff | 13 |

### [Deficiencies related to Maiden or Other Name]

| Name | Maiden or Other Name Line on PPF | Comments | Exhibits |
|---|---|---|---|
| Clark, Steven | Nothing listed | Mr. Clark has no maiden or other name - that is why he did not respond.  Merck should assume that if a question like this is blank that there is no answer and should produce an MPF. | 14 |

### [Deficiencies related to Prescriber Name]

| Name | Exact Quote from PPF of Prescriber Name | Comments | Exhibit |
|---|---|---|---|
| Gilbert, Cleo D. | Ray Hays, M.D., David Hays, M.D., Walt Downey, M.D., Jackie Maxle, M.D., and K. Yount, P.A. | Names provided | 15 |
| Goodman, James | Michael Peveler, M.D.; Healthwatch Research Association; and also on advice and direction of Gary Crump, M.D. | Names provided | 16 |
| Green, Mary Christina | Unknown | Plaintiff is dead and family did not know prescribers name | 17 |
| Howell, James | Leon Laffery, M.D. | This is the only deficiency claimed for this plaintiff. | 18 |
| Thomas, David G. | Frank Lehn, M.D. (and others subsequent to CABG). | Names provided | 8 |

**Appendix A**

| Name | Address As Listed In PPF For Named Physician Prescribers | Comments | Exhibit |
|---|---|---|---|
| Bevins, James T. | Professional Associates Bldg Suite 200 Pikeville, KY 41502 | Address provided | 19 |
| Crank, Earl | 809 Morton Avenue Bardstown, KY 40004 | The ARNP (listed also as a prescriber) works at the same address listed for the prescribing doctor; address of ARNP is not separately shown. This is the only deficiency claimed for this plaintiff | 20 |
| Daniels, Lucky | Archer Memorial Clinic 400 University Dr., Suite 203 Prestonsburg, KY 41653 | Address provided | 2 |
| Eversole, Bernice | 623 Country Club East London, KY 40744 (for Forberg, M.D.) and E. Bernstadt Medical Clinic 2645 North Laurel Rd. London, KY 40741 (for Rock, M.D.) | Downey, M.D. is also shown as a prescriber; he is also a physician at the Bernstadt Medical Clinic, an address listed. This is the only deficiency claimed for this plaintiff | 21 |
| Gilbert, Cleo D. | East Bernstadt Medical Group P.O. Box 495 E. Bernstadt KY 40729; and Burning Spring Medical Center 11901 N. Hwy. 421 Manchester, KY 40962 and Annville Medical Clinic 95 State Road 3444 Annville, KY 40402 (for Hays, M.D., Hays, M.D., Downey, M.D. and Maxie, MD | K. Yount is a P.A (physicians assistant) and is shown as one of several prescribers in the PPF; Yount works at the same address listed for the prescribing doctor; and her address is not separately shown | 15 |
| Green, Mary Christine | [no prescriber listed] | Plaintiff is dead and family did not know prescribers name | 17 |
| Metcalf, Phillip | Essential Health Care 809 Morton Ave. Bardstown, KY 40004 | Marcia Jett, ARNP is also shown as a prescriber; Jett works at the same address listed for the prescribing doctor and her | 22 |
| Russel, Donna C. | 201 Abraham Flexner Way, Ste 100 Louisville, KY 40202 (for Shea, M.D. and Malkani, M.D.) and Unknown, has left the area (for William Dukes, M.D.) | Address provided | 7 |
| Thomas, David G. | Formerly 332 W. Broadway Ste 216 Louisville, KY 40202 | Dr. Lehn is retired so only his former address is known. | 8 |

**Appendix A**

| Name | Sample Provider Question as answered in PPF | Comments | Exhibit |
|---|---|---|---|
| Clark, Steven | [None shown] | Merck should produce an MPF | 14 |
| Engle, Bonnie | Received samples from several doctors including Todd Stokes, M.D., Daniel Whitley, M.D., Sam Kreis, M.D., and Pramod Reddy, M.D.  She believes she first received samples from Daniel Whitley, M.D. in 1999, but does not recall any specific details. | Merck should produce an MPF | 3 |
| Goodman, James | [None shown] | Merck should produce an MPF | 16 |
| Green, Mary Christine | Do not know specific dates or amount | Plaintiff is dead and family did not know | 17 |
| Howard, Linda | I recall receiving samples, but do not recall the specific dates | This is plaintiff's best recollection and thus Merck should produce an MPF. | 23 |

**Appendix A**

| Name | Sample Provider Address as listed in PPF | Comments | Exhibit |
|---|---|---|---|
| Bevins, James T. | Professional Associates Bldg<br>Suite 200<br>Pikeville, KY  41502 | Merck should produce an MPF | 19 |
| Clark, Steven | [No sample provider shown] | Merck should produce an MPF | 14 |
| Daniels, Lucky | Archer Memorial Clinic | Merck should produce an MPF | 2 |
| Engle, Bonnie | Bartons, Watts & Perry<br>121 Bishop St | Merck should produce an MPF | 3 |
| Goodman, James | [No sample provider shown] | Merck should produce an MPF | 16 |
| Green, Mary Christine | [No sample provider shown] | Plaintiff is dead and family did not know sample provider's name | 17 |
| Howard, Linda | [No sample provider shown] | Merck should produce an MPF | 23 |
| Wigginton, Richard | | No address listed for the sample provider, Bloemer, M.D. | 24 |

# APPENDIX "A"

| Wallace Engle v. Merck, 2006 cv 06731 | What is your understanding of the bodily injury you claim resulted from your use of VIOXX? | Stroke, multiple ischemic attacks, heart attack, congestive heart failure" [sic] | Both plaintiffs' answer are full and complete and consistent with the Federal Rules, PTO 18(C). | The injury alleged in this PPF is sufficient. However, the PPF is deficient as to injury date. Plaintiff states that the injury was stroke, heart attack, multiple ischemic attacks, and congestive heart failure, yet we are only given the date of injury as "Beginning approx. 2001", we are given several adverse events by plaintiff, yet only a year for injury date. |

| Roger Allen v. Merck, 2:05-cv-06138 | What is your understanding of the bodily injury you claim resulted from your use of VIOXX? | Heart problems resulting in coronary artery bypass surgery x 5 in 2005 and 5 stents in October, 2005. | As stated in footnote 4: | In this PPF, plaintiff states that he suffered "Heart problems resulting in coronary artery bypass surgery x 5 in 2004 and 5 stented in October 2005." Under the definition of "cardiovascular injury" in PTO 18C (and even an expansive reading of what constitutes that injury), a claim of "heart problems" identified by plaintiff would not qualify as a heart attack. |
|---|---|---|---|---|
| | | | According to PTO 18(C)(1). Plaintiffs in all "cardiovascular event cases" are required to complete a PPF. Likewise, Merck is required to complete and serve an MPF 90 days after its receipt of a complete verified PPF according to PTO 18(C)(17). The Preamble to PTO 18(C) states that an MPF is to "be completed by Merck in all individual (that is non-class action) cases in which plaintiffs claim to have sustained a myocardial infarction, an ischemic stroke, or death ("cardiovascular event"). If a Plaintiffs' PPF answer does not contain these "magic words" then Merck consider [sic] it deficient and refuses to produce an MPF. For instance[,] one Plaintiff, as set forth below, answered "Heart problems resulting in coronary artery bypass surgery x 5 in 2005 and five stents in October, 2005" and Merck refused to produce an MPF even since [sic] PTO 18(C). Furthermore, if a Plaintiffs' answer contains the magic words but also contains other injuries as did Mr. Wallace's answer " . . . **Multiple ischemic attacks . . . heart failure**" Merck considers the answers deficient and refuses to produce an MPF. | |

2

| Case | Question | Plaintiff's Comment | Plaintiff's Position | Merck's Position |
|------|----------|---------------------|----------------------|------------------|
| Steven Clark v. Merck, 2:05-cv-00732 | If you received any samples for VIOXX, state who provide [sic] them, what dosage, how many and when they were provided? | [Mr. Clark received no samples, he did not answer the question on page 5 (leaving it blank) that begins "IF you received samples ..."] | The question is qualified with an "if" — therefore no response is required "if" the plaintiff did not receive samples. Merck should produce an MPF in cases where this answer is left blank. | The space for plaintiff's response to the Sample Provider question is left blank in this PPF. Plaintiff's counsel now indicates that plaintiff did not receive samples, but this could not be ascertained from the PPF. An affirmative answer is required (and requested in the so-called "notice letters" sent to counsel). |
| Larry Krieg v. Merck, 2:05-cv-02356 | Maiden Or Other Names Use or By Which You have Been Known? | [Mr. Krieg has no maiden name nor any other name by which he has ever been known so he listed nothing on the line] [Page 2] | Same as above. | The space for plaintiff's response to the Maiden/Other Name question is left blank by plaintiffs in this PPF. Plaintiffs' counsel now indicate that plaintiff has no maiden or any other name, but this could not be ascertained from the PPF. An affirmative answer is required (and requested in the so-called "notice letters" sent to counsel). |
| Larry Krieg v. Merck, 2:05-cv-02356 (cont.) | N/A  ↓ | | At the time this PPF was due, plaintiffs are [sic] required to serve an electronic version of the PPF via Lexis-Nexis file and serve to four different attorneys at four separate law firms: Hughes Hubbard & Reed; Stone Pigman Walther Wittmann LLC; Dechert LLP and Womble Carlyle, Sandridge & Rice, LLC, according to PTO 18(C)(5). Merck's claim that Mr. Krieg did not electronically serve this PPF, as demonstrated by the Lexis-Nexis case report attached as Exhibit "15" | Plaintiffs' documentation might show (although "Exhibit 15" was not attached) that plaintiffs served their PPF on Lexis/Nexis File & Serve ("LNFS"), however, Dechert is not one on the parties selected for service. The requirement to serve an attorney at Dechert LLP – which is the firm that coordinates the processing and production of the MPFs on behalf of Merck – has always been a requirement as far back as the initial Pre-Trial Order 18. |

| Case | Question | Answer | | |
|---|---|---|---|---|
| *James T. Bevins v. Merck*, 2:06-v-00732 | **Who prescribed VIOXX for you?** | Samuel J. King, M.D. [Page 5] | Plaintiff provided the information sought – the only think [sic] missing is that the "J" was omitted from Dr. King's name – when mentioned second time in the PPF. | which reflects that Merck was indeed served the PPF on January 26, 2006[.] This is an example of Merck ceasing [sic] any opportunity to not produce an MPF and to further delay the progress of this litigation. |
| | **If you received any samples for VIOXX, state who provide [sic] them, what dosage, how many and when they were provided?** | Samuel King, M.D. given samples regularly at office appointments. [Page 5] | | The insufficiency of this PPF has nothing to do with the "J" in the physician's name. The insufficiency in this PPF relates to the physician's address. Plaintiff does not provide the street address of the "Professional Associates Building" identified in the PPF. The address is, of course, not complete without this critical information. |
| | **Your Current family and/or primary care physician:** | Samuel J. King, M.D. - Professional Associates Bldg, Suite 200, Pikesville, KY 41502 [Page 8] | | |
| *Earl Crank v. Merck*, 2:06-cv-00746 | **Who prescribed Vioxx for you?** | Lida Oxnard, M.D. and Terry Thornsberry, ARNP [Page 5] | The answer is fully responsive. | This PPF is deficient because the address for Terry Thornsberry is not listed. Although it is conceivable that Thornsberry's address is the same as Dr. Lida Oxnard's address, there is no reason to make this leap (and the information is not otherwise provided in the PPF). |
| | **Your current family and/or primary care physician?** | Lida Oxnard, M.D., 809 Morton Avenue, Bartstown, KY 40004 (which is the same address for Nurse at Dr. Oxnard's office). [Page 8] | | |

4

| Norma Lachance v. Merck, 2:05-cv-5384 | Who prescribed VIOXX for you? | | |
|---|---|---|---|
| | Dr. Richard Guerriere, Dr. Richard Guerriere, [Page 5] | The answer is fully responsive. | This PPF was deemed deficient for prescriber name (i.e., full first name for prescriber C.D. Collins was not provided, and full first name is required to obtain the most accurate and reliable results from Merck's systems). At the request of Eben Flaster and after a criteria change in the treatment of prescriber names, this PPF was deemed sufficient (despite a known LNFS service deficiency). The MPF is set to be served on 9/2/2006, which is 90 days from the date plaintiff's counsel confirmed that "C.D. Collins" was the full and complete first name of this physician. |
| | To the best of your ability, identify each of your primary care physicians for the last ten (10) years? | | |
| | Dr. Richard Guerriere, ProHealth Physicians, 625 Clark Avenue, Bristol, CT 06010; Dr. C. D. Collins, Primary Care Physicians of Central CT, 7 N. Washington St., Plainville, CT [Page 10] | | |
| | Each physician or health care provider from whom you received treatment in the last ten (10) years? | | |
| | Dr. Michael Cucka, Bristol Orthopaedics 25 Newell Rd., Suite C14, Bristol, CT 06010 [Page 11] | | |

5

| | | | |
|---|---|---|---|
| *William Maas v. Merck*, 2:06-cv-00325 | **Who prescribed VIOXX for you?** | R. Bruce Leppink, Minn Health Family Physicians 3220 Bellaire Avenue, Suite 2, White Bear Lake, MN 55110 [Page 5] | The answer is fully responsive. This PPF was deemed deficient for prescriber address for a Dr. Robert Wilson. After re-review of the PPF, the analysis of this PPF was found to be in error because Dr. Wilson's address was located elsewhere within the four corners of the PPF. Importantly, as a result of the error, this MPF was processed on an expedited basis and has already been produced to counsel. Appendix "B" its MPF was inadequate and deficient. |
| *Alithea Newman v. Merck*, 2:05-cv-05389 | **Who prescribed VIOXX for you?** | Dr. J. Mahoney and other providers at VAMC. [Page 5] | The answer is fully responsive. |
| | **Prescriber Address?** | VA Medical Center, 1300 Douglas Circle, Key West, FL 33040 [Page 10] | This PPF was deemed deficient due to lack of prescriber's full name; only first initial was provided. Further, the PPF states that plaintiff was prescribed Vioxx by "other providers at VAMC," but those physicians are also not identified. |

| | Question | Answer | | |
|---|---|---|---|---|
| *Jimmy Mann v. Merck*, 2:06-cv-00440 | Prescriber Address? | Bill Walton, DO, Melanie Wallace, MD, Terry Miller, 903 Mississippi Drive, Tupelo, MS 38804 [Page 10] | The answer is fully responsive but Merck delayed producing the MPF for months and the MPF produced was deficient. See Appendix "B." | This PPF states that there are four prescribers of Vioxx (Bill Walton, Amy Forrest, Angel Harbin, and Paul White), however, plaintiff does not provide us with an address for Amy Forrest and Angel Harbin; Harbin and Forrest are CFNPs, but we cannot determine from the four corners of the PPF whether or not Harbin and Forrest are affiliated with Drs. Walton or White. |
| | If you received any samples for VIOXX, state who provide [sic] them, what dosage, how many and when they were provided? | I believe Amy Forrest, CFNP gave me about a one month supply of samples of Vioxx 25 mg in or about April 2002. I may have also received samples from the other providers who prescribed Vioxx for me, but I do not recall. [Page 5] | The answer is fully responsive. | As for the representation by plaintiff's counsel that this MPF was produced and is deficient, Merck has no record of processing or producing an MPF in this case (for reasons stated above), and Appendix "B" was not provided. |
| *David Beeman v. Merck*, 2:06-cv-0441 | If you received any samples for VIOXX, state who provide them, what dosage, how many and when they were provided? [Page 5] | I was given samples of 25 mg and perhaps 12.5 mg Vioxx by Kaiser Permanente Clinic – I don't recall the exact person who gave me samples. I was given samples throughout 2001 and 2002 but I could not pinpoint specific dates. | The answer is fully responsive. | This PPF was deemed deficient because Merck has not yet received a supplement (or other representation by counsel) providing a name or statement that plaintiff cannot identify this sample provider. Had a supplement been provided or representation by counsel given, Merck would have processed this MPF without giving plaintiff documents relating to a sample provider. |

7