UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 2:05-CV-04379 | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| ROBERT G. SMITH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * | | |

**REPLY OF MERCK & CO., INC. ("MERCK") IN SUPPORT OF ITS OMNIBUS MOTION FOR ORDER EXCLUDING EVIDENCE AND TESTIMONY ON ISSUES <u>PREVIOUSLY ADDRESSED BY THE COURT</u>**

**(MOTION IN *LIMINE* NO. 6)**

Merck hereby submits this reply memorandum in support of its Omnibus Motion in *Limine* and in response to plaintiff's motion to strike. While plaintiff argues that Merck's motion should be struck for failing to attach prior briefing that is already on file with the Court and is easily accessible to plaintiff, plaintiff's Motion to Strike has no basis in the law. Moreover, plaintiff's opposition on the substantive issues adds nothing new to the analysis of these issues. Accordingly, and for the reasons stated in Merck's motion and the briefs incorporated therein,

825812v.1

Merck respectfully requests that the Court exclude the following evidence: (i) all "Warning Letters" and other informal "Untitled Letters" (collectively "informal FDA letters") from the Food and Drug Administration ("FDA"); (ii) the testimony of Eric J. Topol, M.D.; (iii) any evidence or argument suggesting Adverse Event Reports and case reports are sufficient to show causation or fault; (iv) unreliable and irrelevant medical and scientific evidence; (v) the Fries Letter and related evidence; and (vi) evidence relating to the *New England Journal of Medicine*'s ("*NEJM*'s") December 2005 "Expression of Concern."[1]

## I.     PLAINTIFF'S MOTION TO STRIKE SHOULD BE SUMMARILY DENIED.

In its motion, Merck incorporates by reference its prior relevant briefs filed in the *Barnett* and *Plunkett* trials, and lists the filing dates and Docket Record numbers of each brief for easy reference. This is the same procedure that Merck followed in *Barnett*, as well as in other jurisdictions where multiple Vioxx® trials have proceeded before the same judge for the convenience of the Court and all parties in recognition of the fact that this is an extremely paper-intensive litigation. Other than plaintiff's counsel in this case, no one has objected to this procedure.

Plaintiff frivolously seeks to strike all prior briefing referenced in Merck's motion because Merck did not append the briefs to its motion, citing Federal Rule of Civil Procedure 10(c), *Shelter Mutual Insurance Co. v. Public Water Supply Dist.*, 747 F.2d 1195, 1998 (8th Cir 1984), and Local Rule 5.7.05W ("Attachments and Exhibits"). *Shelter* has no application here. *Shelter* concerned a counterclaim that did not append a prior complaint as an exhibit under Rule 10(c). But Rule 10(c) does not apply here because it covers pleadings, not motions. According to Rule 7(a), a motion is not a pleading. Further, Local Rule 5.7.05W relates to when exhibits

---

[1] Plaintiff's argument that Merck has not made a motion in *limine*, but only a motion to exclude, should be disregarded. (*See* Merck's Reply in Support of its Motion in Limine No. 2 at 2 n.1.)

and attachments may be filed electronically, and likewise has no relevance to plaintiff's motion. Moreover, as evidenced by plaintiff's 28-page opposition brief, plaintiff is well versed with this Court's rulings, as well as Merck's prior arguments, and did not suffer any prejudice by virtue of Merck's incorporation by reference.[2] Given the lack of harm and lack of legal support for the motion, it would be improper to grant plaintiff's draconian motion to strike.

## II. THE COURT SHOULD EXCLUDE ALL INFORMAL COMMUNICATIONS FROM THE FDA.

Plaintiff only opposes Merck's request to exclude informal FDA communications concerning Vioxx, and, in doing so, only asserts selected arguments made in Plaintiff's Opposition to Merck's Motion in *Limine* to Exclude Informal Communications from the FDA Concerning Promotional Materials in *Barnett*. In response, Merck hereby incorporates by reference its Reply Brief in Support of Merck's Motion for Order Excluding Informal Communications From the FDA Concerning Promotional Materials (Motion in *Limine* No. 2), filed in *Barnett v. Merck* on June 23, 2006 (Record Docket No. 5447), and reiterates that such communications from the FDA concerning Vioxx are irrelevant, confusing, and unduly prejudicial.

Plaintiff has not opposed Merck's request to exclude all informal letters relating to *other* drugs manufactured by Merck, such as Plaintiff's Exhibit 1.2126. As explained in Merck's motion, such materials are particularly irrelevant, prejudicial, and confusing because this case is about Vioxx, not other drugs. Since plaintiff does not disagree, those documents should be excluded on that basis, too.

---

[2] Plaintiff incorrectly suggests that, when counsel complained about not having received copies of those briefs incorporated by reference in Merck's motion – briefs that are available to counsel through LexisNexis – Merck did not provide copies. To the contrary, Merck emailed courtesy
(*footnote continued next page*)

### III. THE COURT SHOULD EXCLUDE DR. TOPOL'S TESTIMONY.

Plaintiff does nothing more than incorporate by reference the Opposition to Merck's Motion in *Limine* to Exclude Dr. Topol's Testimony that was filed by the plaintiff in *Barnett*. Accordingly, Merck hereby incorporates by reference its Reply Brief in Support of Merck's Motion for Order Excluding the Testimony of Eric J. Topol, M.D. (Motion in *Limine* No. 5), filed in *Barnett v. Merck* on June 30, 2006 (Record Docket No. 5639), and reiterates that any testimony from Dr. Topol that either post-dates Mr. Smith's injury or goes beyond the scope of Dr. Topol's expertise should be excluded.

### IV. PLAINTIFF OFFERS NOTHING NEW IN OPPOSITION ON THE ADMISSIBILITY OF ADVERSE EVENT REPORTS AND CASE REPORTS TO PROVE CAUSATION OR CULPABILITY.

Plaintiff makes precisely the same arguments made in the Opposition to Merck's Motion in *Limine* to Exclude the Use of Adverse Event Reports (AERs) in the *Plunkett* case. Accordingly, Merck respectfully relies on the present record and asks the Court to exclude evidence of AERs as irrelevant, unreliable, and unduly prejudicial.

### V. UNRELIABLE AND IRRELEVANT MEDICAL AND SCIENTIFIC EVIDENCE SHOULD BE EXCLUDED, AND PLAINTIFF'S OPPOSITION OFFERS NOTHING IN SUPPORT OF THE ADMISSIBILITY OF SUCH EVIDENCE.

Plaintiff offers no new arguments in response to Merck's motion. Plaintiff has filed the same motion, word for work, as that filed by the plaintiff in *Plunkett*.[3] As illustrated in Merck's opening motion, non-probative medical and scientific "evidence," such as statistically insignificant data, investigator-reported data, and "all-cause mortality" figures from Alzheimer's

---

copies of these briefs to counsel.

[3] Accordingly, Merck hereby incorporates by reference its Omnibus Reply Memorandum in Support of Merck's Motions in *Limine*, filed in *Plunkett v. Merck* on November 16, 2005 (Record Docket No. 1493), as well as the briefs incorporated by reference in Merck's opening motion.

4

disease clinical trials is unreliable, irrelevant, unduly prejudicial, and almost certain to confuse and mislead the jury. The Court should exclude all of these data and reports from the *Smith* trial, as well as any lay or expert testimony predicated on such evidence.

## VI. THE FRIES LETTER IS INADMISSIBLE AND PLAINTIFF'S OPPOSITION OFFERS NOTHING TO OVERCOME THAT.

In opposition to Merck's motion to exclude the Fries Letter, plaintiff ignores this Court's previous rulings excluding the Letter, and does not offer new argument. Nothing in plaintiff's opposition impacts the Court's prior rulings excluding this evidence. The allegations contained in the Fries Letter are inadmissible hearsay with no conceivable relevance or connection to Mr. Smith or his prescribing physicians. Admitting the letter would result in undue prejudice and would lead to jury confusion and delay. As the Court noted in *Barnett*, it is a "rambling" letter that contains "hearsay and hearsay within hearsay." (*See* June 28, 2006 Order re Motions in *Limine*.) Accordingly, the Court should once again exclude the Fries Letter, as it did in the *Plunkett* and *Barnett* cases.

## VII. THE COURT SHOULD EXCLUDE EVIDENCE RELATING TO THE *NEJM* DECEMBER 2005 "EXPRESSION OF CONCERN."

Plaintiff does not offer a single new argument regarding the "Expression of Concern" from what the Court heard in *Plunkett*. As Merck has explained, the facts of this case are different, and therefore, the parties' previous arguments on this subject do not cover the specific circumstances of this case. Merck reiterates that all testimony concerning the "Expression of Concern" should be excluded as irrelevant, unduly prejudicial, and inadmissible hearsay.[4]

---

[4] Plaintiff disputes the history of this Court's prior rulings concerning this issue. By way of background, plaintiff correctly points out that in *Plunkett*, the Court sustained Merck's objection to plaintiff's designation of the portions of Dr. Curfman's testimony in which he attempted to read the "Expression of Concern" into the record. In *Barnett*, however, the Court granted

(*footnote continued next page*)

In his opposition, plaintiff also asserts the argument that the "Expression of Concern" is relevant to Dr. Reicin's credibility concerning her work. In *Barnett*, the Court accepted this argument, holding that Dr. Reicin could be asked, during cross-examination, if she was aware of the document. (*See* Aug. 14, 2006 Tr. in *Barnett v. Merck* at 2389:9-2390:11, attached hereto as Ex. A.) Merck respectfully requests that the Court reconsider its prior decision on this point and exclude the "Expression of Concern" in its entirety.

**VIII. CONCLUSION.**

For the reasons stated above and in Merck's prior briefing, Merck respectfully requests that the Court exclude (1) all FDA Warning Letters and Untitled Letters; (2) the testimony of Eric J. Topol, M.D.; (3) any evidence or argument suggesting Adverse Event Reports and case reports are sufficient to show causation or fault; (4) unreliable and irrelevant medical and scientific evidence; (5) the Fries Letter and related evidence; and (6) evidence relating to the *NEJM*'s December 2005 "Expression of Concern."

Dated:  August 21, 2006                                         Respectfully submitted,

                                                                */s/ Dorothy H. Wimberly*
                                                                Phillip A. Wittmann, 13625
                                                                Dorothy H. Wimberly, 18509
                                                                STONE PIGMAN WALTHER
                                                                WITTMANN L.L.C.
                                                                546 Carondelet Street
                                                                New Orleans, Louisiana  70130
                                                                Phone:  504-581-3200
                                                                Fax:     504-581-3361

                                                                Defendants' Liaison Counsel

---

Merck's motion to exclude the "Expression of Concern" from plaintiff's case-in-chief, but reserved judgment as to whether it could be raised on rebuttal or cross-examination to address credibility. (*See* June 28, 2006 Order re Merck's Motions in *Limine* at 10.)

6

825812v.1

Philip S. Beck
Andrew Goldman
Carrie A. Jablonski
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:       312-494-4440

Richard B. Goetz
Ashley A. Harrington
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:       213-430-6407

And

Douglas R. Marvin
Robert A. Van Kirk
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:       202-434-5029

Attorneys for Merck & Co., Inc

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Reply of Merck in Support of its Omnibus Motion for Order Excluding Evidence and Testimony on Issues Previously Addressed by the Court has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 21st day of August, 2006.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

825812v.1