UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 2:05-CV-04379 | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| ROBERT G. SMITH, | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * | | |

**MEMORANDUM IN SUPPORT OF MOTION OF MERCK & CO., INC. ("MERCK") FOR A PROTECTIVE ORDER APPLICABLE TO PLAINTIFF'S FIRST SET OF <u>REQUESTS FOR ADMISSIONS</u>**

**I.     INTRODUCTION AND BACKGROUND**

On July 11, 2006, plaintiff served a set of requests for admissions ("RFAs") that asks for ten separate admissions for each of 364 documents. (*See* plaintiff's RFAs, attached hereto as Ex. 1.)  This amounts to 3,640 individual admissions.  This number obviously far exceeds the limit of thirty requests for admission imposed by the Court in individual cases in the MDL.   (*See* Pretrial Order No. 17 at page 6.)

In spite of Merck's repeated requests that plaintiff narrow the scope of the RFAs to, for example, necessary admissions for exhibits that will actually be offered at trial, plaintiff has not

reduced his unduly burdensome requests. Instead, plaintiff has added to Merck's burden by:

(i) originally producing mislabeled copies of the documents that are the subject of the requests;

(ii) failing to provide a complete correctly numbered set in a timely fashion;

(iii) filing, on August *23*, a Motion to Deem Answers to Plaintiff's Request for Admissions Admitted, and Request for Expedited Hearing ("Deemed Request Motion") and misrepresenting to the Court that Merck's deadline to respond to the RFAs had passed (even though plaintiff's attorneys had agreed that Merck's deadline to answer requests for the first round of images (produced by plaintiff on August 16, 2006) was August *25*, 2006, and that Merck would have an additional seven days to respond to requests relating to images yet to be produced).[1] (*See* August 16, 2006 email from Jablonski to Carter, *et al.* and August 16, 2006 email from Carter to Jablonski, *et al.,* attached hereto as Ex. 2); and

(iv) first stating that Merck may respond by letter form, then requesting the more burdensome formal RFA response format, and then representing to the Court in the above-mentioned Deemed Request Motion that a letter form would be acceptable.[2]

Accordingly, Merck is compelled to object to the RFAs and file this motion for a protective order.

The RFAs ask Merck to admit or deny, as to each of 364 documents, that:

(i) each "is what it purports to be;"

---

[1] Merck is also filing a response to this untimely and improper motion today. (*See* Merck's Response to Smith's Motion to Deem Answers to Plaintiff's Request for Admissions Admitted.)

[2] On August 9, 2006, plaintiff in *Mason v. Merck* filed an even more burdensome and unnecessary set that seeks 130 admissions about thousands of documents. Merck is concurrently filing a motion seeking a protective order applicable to those requests as well.

2

(ii)  each is "'authentic' as provided in Fed. R. Evid. 901;"

(iii)  each was produced by Merck in "federal or state Vioxx litigation;"

(iv)  Merck "maintains a copy of the original" of each in its "corporate files;"

(v)  each is a "'record of regularly conducted activity' as provided in Fed. R. Evid. 803(6);"

(vi)  each is a "record, *i.e.,* 'memorandum, reports, records, data compilations, in any form, of acts, events, conditions, opinions, or diagnoses' as provided in Fed. R. Evid. 803(6);"

(vii)  each "was made 'at or near the time' of the occurrence of the matters addressed in the document as provided in Fed. R. Evid. 803(6);"

(viii)  each "was made 'by, or from information transmitted by, a person with knowledge' of the matters addressed in the document as provided in Fed. R. Evid. 803(6);"

(ix)  each "was 'kept within the course of regularly conducted business activity' as provided in Fed. R. Evid. 803(6);" and

(x)  that it "was a 'regular practice' of a 'regularly conducted business activity' as the quoted phrases are used in Rule 803(6) of the Federal Rules of Evidence, to make" each document.

(*See* Ex. 1 at 3-4 and Ex. A.)  This amounts to a demand for 3,640 individual admissions, denials or explanations from Merck.

On August 11, 2006, plaintiff's counsel informed Merck's counsel that she would send a CD with the images of the documents referred to in Exhibit A to the RFAs but that the exhibit numbers would not correspond to the exhibit numbers in their RFAs due to plaintiff's changes. (*See* August 11, 2006 email from Carter to Jablonski, *et al,* attached hereto as Ex. 3 at 2).  After Merck's repeated requests for images numbered to match the numbers in Exhibit A to the RFAs

— necessary before Merck could even begin its analysis and attempt to respond — on August 16, Merck received a CD of only some of the 364 document images. (*See* Ex. 2 at 1-2; Ex. 3 at 2, ("This is not the entire list. . . There are other documents on the RFA list that we do not currently have images for."). Even those images, though, were incorrectly labeled, and were sent by plaintiff with a "conversion" spreadsheet. (*Id.*)  On the same date, Merck's and plaintiff's counsel conferred by email, and agreed that Merck's answers to the RFAs would not be due until August 25, and that Merck would have an additional seven days to respond to RFAs pertaining to documents whose images it did not yet have. (*See* Ex. 3 at 1-2.) On August 21, 2006, Merck's counsel requested that plaintiff withdraw the onerous and improper RFAs. (*See* August 21, 2006 letter from Jablonski to Kaiser, attached hereto as Ex. 4.[3]) In his response the following day, plaintiff's counsel did not agree to withdraw or reduce the number of the requests. (*See* August 22, 2006 email from Kaiser to Jablonski, *et al*, attached hereto as Ex. 5.)

**II.   A PROTECTIVE ORDER IS WARRANTED.**

    **A.   Plaintiff's RFAs Violate The Court's Pretrial Order.**

Merck objects to plaintiff's RFAs because they exceed the permissible scope set forth by the Court in Pre-Trial Order 17 (limiting each side to 30 requests for admission). This violation of the Court's order is in and of itself a sufficient ground for entry of a protective order.

    **B.   Plaintiff's Requests Are Overbroad, Duplicative, And Unduly Burdensome.**

As served, the requests for admission require Merck to review thousands of pages of documents and either admit or deny (and, as plaintiff suggests, "explain") whether *ten different statements apply to each individual document.* (Ex. 1 at 3.) Even without the limit imposed by the pretrial order, these requests would be unduly burdensome. *See, e.g., In re Pabst Licensing*

---

[3] This letter was also attached as Exhibit I to Plaintiff's Deemed Request Motion.

4

*GmbH Patent Litig.*, No. CIV. A. 99-MD-1298, 2001 WL 797315, at *20 (E.D. La. July 12, 2001) (denying a motion to compel 421 requests to admit as excessive under Fed. R. Civ. P. 26(b)(2), and limiting the case management order to 25 requests).

The requests are also duplicative. For example, Request for Admission No. 1 asks Merck to admit or deny that each document "is what it purports to be." Request for Admission No. 2 requires Merck to state whether each document is "authentic." (*Id.*)

The Court plainly has the discretion to limit the scope of discovery, as it has done in Pretrial Order 17, and to issue orders protecting parties from discovery abuse. *See* FED. R. CIV. PROC. 26(c) (court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"). Here, the Court should require that plaintiff limit his requests to thirty total.

Merck continues to be willing to meet and confer to resolve this issue. To accomplish this objective, however, Merck requires a unified list of exhibits, properly identified with correct exhibit numbers, as in previous MDL trials. If plaintiff is unwilling to provide such a list by 12:00 pm EST on Monday, August 28, 2006, Merck respectfully requests that this Court limit plaintiff's number of RFAs to thirty requests, under Pre-Trial Order No. 17, and Merck will then respond within three (3) days from receipt of those properly identified and reduced set of thirty requests.

### III.  CONCLUSION.

For the reasons stated, Merck requests that the Court enter an order limiting plaintiff to a total of thirty specific and clearly-stated requests for admissions.

Dated: August 25, 2006

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Andrew Goldman
Carrie A. Jablonski
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:     312-494-4440

Brian Currey
Catalina J. Vergara
Ashley A. Harrington
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:     213-430-6407

and

Douglas R. Marvin
Robert A. Van Kirk
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:     202-434-5029

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Support of Motion of Merck For A Protective Order Applicable To Plaintiff's First Set Of Requests For Admissions has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 25th day of August, 2006.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

825899v.1