IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Vioxx § | MDL DOCKET NO. 1657 | |
| PRODUCTS LIABILITY § | | |
| LITIGATION § | Section L | |
| § | | |
| THIS DOCUMENT RELATES TO: § | Judge Fallon | |
| ROBERT G. SMITH v. § | Mag. Judge Knowles | |
| MERCK & CO., INC. § | | |
| No. 2:05-CV-04379 § | | |
| _____§ | | |

### PLAINTIFF'S REQUEST FOR ADMISSIONS

TO:   Defendant, **MERCK & CO., INC.,** by and through its attorneys of record, Phillip Wittmann, Stone, Pigman, Walther, Wittmann, L.L.C, 546 Carondelet Street, New Orleans, Louisiana, 70130-3588 and Carrie Jablonski and Phil Beck, Bartlit, Beck, Herman, Palechar & Scott, Courthouse Place, 54 West Hubbard Street, Chicago, Illinois, 60610.

PLAINTIFF, Robert G. Smith, pursuant to Rule 36 of the Federal Rules of Civil Procedure, requests that DEFENDANT MERCK & CO., INC. ("Merck") admit to the truth of the matters of fact described below and to do so within the time prescribed by law.

### DEFINITIONS

The following terms shall have the meanings set forth below whenever used in either the definition of another term or in any request for admission.

1.   "Addressed" means discussed, mentioned, dealt with, described, evidenced, stated, explained or in any way contained in.

2.   "Merck" means Merck & Co., its subsidiaries, affiliates, divisions, employees, agents, and sales representatives.

3.   "Created" means produced, made, developed, designed, put together, formed, assembled, originated, constituted, or in any way brought into existence.

4.   "Document" means any kind of written, typewritten, printed, or recorded material

1

whatsoever (including without limitation, notes, memoranda, letters, reports, telegrams, publications, contracts, recordings, transcriptions of recordings, and business records, and includes, without limitation, originals, all file copies, all other copies (with or without notes or changes thereon), no matter how prepared, and all drafts, working papers, routing slips and similar materials prepared in connection with such documents), whether used or not.

5. "Employee" means agent, representative, servant, worker, affiliate, subsidiary, associate, or assistant and includes, but is not limited to, any manager, supervisor, officer, director, or attorney.

6. "Made" and "make" have the same meaning as those terms bear in Rule 803(6) of the Federal Rules of Evidence.

7. "Maintained" means sustained, preserved, retained, carried on, kept in existence, or taken care of in any way.

8. "Matters" has the same meaning as that term bears in Rule 902 (11)(A) of the Federal Rules of Evidence.

9. "Occurrence" has the same meaning as that term bears in Rule 902 (11)(A) of the Federal Rules of Evidence.

## INSTRUCTIONS

1. Any noun used in the singular form shall be construed and applied so as to include the plural form also, and vice versa.

2. The word "and" shall be both conjunctive and disjunctive.

3. When in good faith you cannot admit the truth of the entire statement, but you can admit the truth of part of the statement, you must specify which part(s) of the statement are true and admit those parts.

4. If you deny, or otherwise fail to admit the truth of a statement or part of a statement, on the basis of your lack of information or knowledge concerning it, explain in your response the reasonable inquiry that you have made concerning the matter and explain why the information known or readily obtainable by you is insufficient to enable you to admit or deny its truth.

5. Any denial of the truth of any statements must fairly meet the substance of that statement. If in good faith you cannot admit the truth of a statement or part of a statement, or deny the truth of a statement or part of a statement, but rather believe you must admit or deny with qualification, you must (1) specify those parts of the statement which you admit as true, (2) specify those parts as to which your admission or denial is qualified along with the nature of the qualification, and (3) specify which parts you deny.

## REQUESTS FOR ADMISSION

1. Admit with respect to each individual document listed in Exhibit "A" (attached hereto) that it is what it purports to be.

2. Admit with respect to each individual document listed in Exhibit "A" (attached hereto) that it is "authentic" as provided in Fed. R. Evid. 901.

3. Admit with respect to each individual document listed in Exhibit "A" (attached hereto) that Merck produced a copy of the document in federal or state Vioxx litigation.

4. Admit with respect to each individual document listed in Exhibit "A" (attached hereto) that Merck maintains a copy or the original of the document in its corporate files.

5. Admit with respect to each individual document listed in Exhibit "A" (attached hereto) that it is a "record of regularly conducted activity" as provided in Fed. R. Evid. 803(6).

6. Admit with respect to each individual document listed in Exhibit "A" (attached

hereto) that it is a record, i.e., "memorandum, reports, records, data compilations, in any form, of acts, events, conditions, opinions, or diagnoses" as provided in Fed. R. Evid. 803(6).

7. Admit with respect to each individual document listed in Exhibit "A" (attached hereto) that it was made "at or near the time" of the occurrence of the matters addressed in the document as provided in Fed. R. Evid. 803(6).

8. Admit with respect to each individual document listed in Exhibit "A" (attached hereto) that it was made "by, or from information transmitted by, a person with knowledge" of the matters addressed in the document as provided in Fed. R. Evid. 803(6).

9. Admit with respect to each individual document listed in Exhibit "A" (attached hereto) that it is or was "kept within the course of regularly conducted business activity," as provided in Fed. R. Evid. 803(6).

10. Admit with respect to each individual document listed in Exhibit "A" (attached hereto) that it was a "regular practice" of a "regularly conducted business activity," as the quoted phrases are used in Rule 803(6) of the Federal Rules of Evidence, to make the documents listed in Exhibit "A" attached hereto.

Dated: July 11, 2006.

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

Respectfully submitted,

/s/ Grant Kaiser
Grant Kaiser
Texas Bar No. 11078900
**THE KAISER FIRM LLP**
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
(713) 223-0000; fax (713) 223-0440

Drew Ranier
Louisiana Bar No. 8320
**RANIER, GAYLE & ELLIOT LLC**
1419 Ryan Street
Lake Charles, Louisiana 70601
(337) 494-7171; fax (337) 494-7218

Walter Umphrey
Texas Bar No. 20380000
**PROVOST UMPHREY LAW FIRM LLP**
490 Park Street
Beaumont, Texas 77701
(409) 835-6000; fax (409) 838-8888

John Eddie Williams, Jr.
Texas Bar No. 21600300
Amy M. Carter
Texas Bar No. 24004580
**WILLIAMS BAILEY LAW FIRM LLP**
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
(713) 230-2200; fax (713) 643-6226

James L. "Larry" Wright
Texas Bar No. 22038500
**THE WATTS LAW FIRM LLP**
111 Congress Avenue, Suite 1010
Austin, Texas 78701
(512) 479-0500; fax (512) 473-0328

Mikal Watts
Texas Bar No. 20981820
**THE WATTS LAW FIRM LLP**
Tower II Building, 14th Floor
555 North Carancahua Street
Corpus Christi, Texas 78478
(361) 887-0500; fax (361) 887-0055

ATTORNEYS FOR PLAINTIFF ROBERT G. SMITH

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing document has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B) on July 11, 2006.

                    /s/ Grant Kaiser
Grant Kaiser
Texas Bar No. 11078900
Attorney for Plaintiff
The Kaiser Firm, L.L.P.
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
713-223-0000
713-223-0440 (fax)
gkaiser@thekaiserfirm.com

cc    By email only:

    Robert Van Kirk        rvankirk@wc.com
    **Williams & Connolly LLP**
    725 Twelfth Street Northwest
    Washington, D.C. 20005
    (202) 434-5000; fax (202) 434-5029

    Carrie A. Jablonski      carrie.jablonski@bartlit-beck.com
    **Bartlit, Beck, Herman, Palenchar & Scott LLP**
    54 West Hubbard Street, Suite 300
    Chicago, Illinois 60610
    (312) 494-4400; fax (312) 494-4440

CERTIFICATE OF SERVICE

    I hereby certify that the above and foregoing pleading has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to Lexis-Nexis File & Serve Advanced in accordance with Pre-Trial Order No. #8, on July 11, 2006.

                                                                                                                      _____