UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 2:05-CV-04379 | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| ROBERT G. SMITH, | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * | | |

**OPPOSITION OF DEFENDANT MERCK & CO., INC. ("MERCK") TO MOTION TO
DEEM ANSWERS TO PLAINTIFF'S REQUEST FOR ADMISSIONS ADMITTED**

On August 23, 2006, plaintiff filed this motion ("Deemed Request Motion") *before* Merck's responses to requests for admission were even due — not, as plaintiff misrepresents to the Court, after they were due.  This type of discovery abuse and misrepresentation to the Court in a signed filing should not be tolerated.

825891v.1

On or about July 11, 2006, plaintiff served a set of requests for ten separate admissions pertaining to each of 364 documents ("RFAs") (*See* RFAs, attached hereto as Ex. 1, and Plaintiff's RFAs Exhibit A, attached hereto as Ex. A.) In actual effect, plaintiff asked Merck for 3,640 individual admissions.[1] Merck's counsel attempted to (i) narrow the scope of the RFAs, and (ii) obtain from plaintiff copies of all 364 of the exhibits cited by plaintiff in its requests. But plaintiff's counsel did not reduce the scope of the RFAs, and provided the first set of exhibits — albeit not with correct exhibit numbers and with a "conversion" spreadsheet — to Merck only on August 16. (*See* August 16, 2006 email from Jablonski to Carter, *et al* and August 16, 2006 email from Carter to Jablonski, *et al,* attached hereto as Ex. 2.[2]) Merck has yet to receive the remainder of the correctly identified documents to which the requests for admissions relate. (*See, e.g., id.*) On August 21, 2006, Merck's counsel requested that plaintiff withdraw the onerous and improper RFAs. (*See* August 21, 2006 letter from Jablonski to Kaiser, attached as Exhibit I to Plaintiff's Deemed Request Motion.) In his response the following day, plaintiff's counsel did not agree to withdraw or reduce the number of the requests. (*See* August 22, 2006 email from Kaiser to Jablonski, *et al*, attached hereto as Ex. 3.)

As Exhibit H to plaintiff's motion makes clear, Merck's responses to the requests for admission were not due until *August 25*—and that deadline applied only to Merck's responses to requests relating to documents for which plaintiff had provided images. In the same email exchange, plaintiff's counsel agreed to a seven-day extension of Merck's time to respond to

---

[1] Merck has concurrently filed a separate motion in this case seeking a protective order applicable to this unduly burdensome and unauthorized set of requests and a similar motion for relief from an even more burdensome and unreasonable set of requests for admissions in *Mason v. Merck.*

[2] An excerpt from this exchange was also attached as Exhibit H to Plaintiff's Deemed Request Motion.

requests relating to documents that plaintiff had yet to provide to Merck. Thus, it is hard to fathom the point of this Deemed Request Motion, filed two days *before* the earliest responses were due. More egregious are plaintiff's unsupported and false assertions that Merck "failed" or "refuses" to serve its responses to plaintiff. (*See* Deemed Request Motion at 1, 2, 3).

Insofar as Merck agreed to expedite any discovery responses, those deadlines are separate from and unrelated to the deadline for responding to plaintiff's onerous requests for admissions. Plaintiff's counsel are clearly aware of this since an exhibit confirming the August 25, 2006 first return date and the additional seven-day extension is attached to plaintiff's motion.

Plaintiff attempts to invoke the Court's discretion to deem insufficient or late-served responses as admissions. *See* Fed. R. Civ. P. 36(a). Whether the Court chooses to exercise its discretion to order such a drastic remedy where no responses have been served after the due date is irrelevant here, where the due date has *not* passed. Plainly, requests may not be deemed admitted *before* the response is due.

Plaintiff's motion is at best premature and at worst a blatant misrepresentation of the true facts. The Court should summarily deny it.

Dated: August 25, 2006                    Respectfully submitted,

                                          */s/ Dorothy H. Wimberly*
                                          Phillip A. Wittmann, 13625
                                          Dorothy H. Wimberly, 18509
                                          STONE PIGMAN WALTHER
                                          WITTMANN L.L.C.
                                          546 Carondelet Street
                                          New Orleans, Louisiana 70130
                                          Phone: 504-581-3200
                                          Fax:    504-581-3361

                                          Defendants' Liaison Counsel

825891v.1

Philip S. Beck
Andrew Goldman
Carrie A. Jablonski
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
Phone: 312-494-4400
Fax: 312-494-4440

Brian Currey
Catalina J. Vergara
Ashley A. Harrington
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: 213-430-6000
Fax: 213-430-6407

And

Douglas R. Marvin
Robert A. Van Kirk
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax: 202-434-5029

Attorneys for Merck & Co., Inc.

825891v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Defendant Merck's Response to Plaintiff's Motion to Deem Answers to Plaintiff's Request for Admissions Admitted, and Request For Expedited Hearing"has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 25th day of August, 2006.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

825891v.1