# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 2:06-CV-00810 | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| CHARLES LARON MASON, | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION OF MERCK & CO., INC. ("MERCK") FOR A PROTECTIVE ORDER APPLICABLE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

## I.       INTRODUCTION AND BACKGROUND.

On August 9, 2006, plaintiff served a set of requests for admissions ("RFAs") comprising 130 separate questions about different lists of hundreds or thousands of documents — in effect asking for tens of thousands of separate admissions.  (*See* plaintiff's RFAs, attached hereto as Ex. 1.)  This number exceeds exponentially the limit of thirty requests for admissions imposed by the Court in individual cases in the MDL.   (*See* Pretrial Order No. 17 at page 6.)[1]

---

[1] Merck files this motion concurrently with a similar motion for a protective order applicable to a set of requests for admission served by plaintiff in *Smith v. Merck* that also violate the limit set in Pretrial Order 17.

The 130 RFAs are directed to documents listed in Exhibits A-F and seven additional CD-ROMs. Each exhibit lists hundreds, and, in one case, thousands of documents. For example, Exhibit A lists 364 documents; Exhibit B lists 2,862 documents, Exhibit C lists 255 documents, and Exhibits D-F are individual documents. The seven CD-ROMs consist of documents sorted by Bates ranges, one of which, the CD-ROM labeled "Jan W. Lawrence MRK-MSNAB0000001-0008765," contains 8,765 pages. The RFAs seek multiple admissions about each of the documents in the exhibits and CD-ROMs. (*See* plaintiff's RFAs Exhibits A-F, attached hereto as Exs. A-F.)

For each of these thousands of documents in total, plaintiff asks Merck to admit or deny that:

(i)  each "is what it purports to be;"

(ii)  each is "'authentic' as provided in Fed. R. Evid. 901;"

(iii)  each was produced by Merck in "federal or state Vioxx litigation;"

(iv)  Merck "maintains a copy of the original" of each in its "corporate files;"

(v)  each is a "'record of regularly conducted activity' as provided in Fed. R. Evid. 803(6);"

(vi)  each is a "record, *i.e.,* 'memorandum, reports, records, data compilations, in any form, of acts, events, conditions, opinions, or diagnoses' as provided in Fed. R. Evid. 803(6);"

(vii)  each "was made 'at or near the time' of the occurrence of the matters addressed in the document as provided in Fed. R. Evid. 803(6);"

(viii)  each "was made 'by, or from information transmitted by, a person with knowledge' of the matters addressed in the document as provided in Fed. R. Evid. 803(6);"

(ix)  each "was 'kept within the course of regularly conducted business activity' as

provided in Fed. R. Evid. 803(6);" and

(x)   that it "was a 'regular practice' of a 'regularly conducted business activity' as the quoted phrases are used in Rule 803(6) of the Federal Rules of Evidence, to make" each document.

(*See* Ex. 1 at 3-21, Exs. A-F.)   In sum, plaintiff is seeking tens of thousands of individual admissions, denials or explanations from Merck.

On August 21, 2006, Merck's counsel requested that plaintiff reduce this patently unreasonable set of requests to the thirty that the Court has allowed.  (*See* August 21, 2006 letter from Cook to King, attached hereto as Ex. 2.)  The following day, plaintiff's counsel declined to do so.  (*See* August 22, 2006 email from Nabers to King and Cook, and August 22, 2006 email from King to Cook, attached hereto as Ex. 3.)

## II.   A PROTECTIVE ORDER IS WARRANTED.

### A.   Plaintiff's RFAs Violate The Court's Pretrial Order.

Merck objects to plaintiff's RFAs  because they exceed the permissible scope set forth by the Court in Pre-Trial Order 17 (limiting each side to 30 requests for admission).  This violation of the Court's order is in and of itself a sufficient ground for entry of a protective order.

### B.   Plaintiff's Requests Are Overbroad, Duplicative, And Unduly Burdensome.

As served, the excessive requests for admission require Merck to review thousands of pages of documents and either admit at least ten statements for each of thousands of documents. Even without the limit imposed by the pretrial order, these requests would be unduly burdensome.  *See In re Pabst Licensing GmbH Patent Litigation*, No. CIV. A. 99-MD-1298, 2001 WL 797315, at *20 (E.D. La. July 12, 2001) (denying a motion to compel 421 requests to admit as excessive under Fed. R. Civ. P. 26(b)(2), and limiting the case management order to 25

requests).

The requests are also duplicative.  For example, certain requests ask Merck to admit or deny that each document "is what it purports to be."  Other requests require Merck to state whether the same documents are "authentic."  (*See* Ex. 1 *passim*.)

The Court plainly has the discretion to limit the scope of discovery, as it has done in Pretrial Order 17, and to issue orders protecting parties from discovery abuse.  *See* Fed. R. Civ. Proc. 26(c) (court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense").  Here, the Court should require that plaintiff limit his requests to thirty total.

## III.     CONCLUSION.

For the reasons stated, Merck requests that the Court enter an order limiting plaintiff to a total of thirty specific and clearly-stated requests for admissions.

Dated:  August 25, 2006                                     Respectfully submitted,


                                                            */s/ Dorothy H. Wimberly*
                                                            Phillip A. Wittmann, 13625
                                                            Dorothy H. Wimberly, 18509
                                                            STONE PIGMAN WALTHER
                                                            WITTMANN L.L.C.
                                                            546 Carondelet Street
                                                            New Orleans, Louisiana  70130
                                                            Phone:  504-581-3200
                                                            Fax:     504-581-3361

                                                            Defendants' Liaison Counsel

Philip S. Beck
Andrew Goldman
Carrie A. Jablonski
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:      312-494-4440

Brian Curry
Catalina J. Vergara
Ashley A. Harrington
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:      213-430-6407

And

Douglas R. Marvin
Robert A. Van Kirk
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:      202-434-5029

Attorneys for Merck & Co., Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Memorandum in Support of Motion of Merck & Co., Inc. ("Merck") For A Protective Order Applicable To Plaintiff's Requests For Admissions has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 25th day of August, 2006.

_/s/ Dorothy H. Wimberly_
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

825916v.1