IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: Vioxx                           |        **MDL DOCKET NO. 1657**
**PRODUCTS LIABILITY LITIGATION**      |
                                       |        Section L
THIS DOCUMENT RELATES TO:              |
Case No. 2:06cv810                     |
                                       |        Judge Fallon
CHARLES LARON MASON v.                 |        Mag. Judge Knowles
MERCK & CO., INC.                      |

## PLAINTIFF'S REQUEST FOR ADMISSIONS

TO:   Defendant, **MERCK & CO., INC.,** by and through its attorneys of record, Phillip Wittmann, Stone, Pigman, Walther, Wittmann, L.L.C, 546 Carondelet Street, New Orleans, Louisiana, 70130-3588 and Carrie Jablonski and Phil Beck, Bartlit, Beck, Herman, Palechar & Scott, Courthouse Place, 54 West Hubbard Street, Chicago, Illinois, 60610.

PLAINTIFF, Charles Laron Mason, pursuant to Rule 36 of the Federal Rules of Civil Procedure, requests that DEFENDANT MERCK & CO., INC. ("Merck") admit to the truth of the matters of fact described below and to do so within the time prescribed by law.

## DEFINITIONS

The following terms shall have the meanings set forth below whenever used in either the definition of another term or in any request for admission.

1.    "Addressed" means discussed, mentioned, dealt with, described, evidenced, stated, explained or in any way contained in.

2.    "Merck" means Merck & Co., its subsidiaries, affiliates, divisions, employees, agents, and sales representatives.

3.    "Created" means produced, made, developed, designed, put together, formed, assembled, originated, constituted, or in any way brought into existence.

M006B45131

4.     "Document" means any kind of written, typewritten, printed, or recorded material whatsoever (including without limitation, notes, memoranda, letters, reports, telegrams, publications, contracts, recordings, transcriptions of recordings, and business records, and includes, without limitation, originals, all file copies, all other copies (with or without notes or changes thereon), no matter how prepared, and all drafts, working papers, routing slips and similar materials prepared in connection with such documents), whether used or not.

5.     "Employee" means agent, representative, servant, worker, affiliate, subsidiary, associate, or assistant and includes, but is not limited to, any manager, supervisor, officer, director, or attorney.

6.     "Made" and "make" have the same meaning as those terms bear in Rule 803(6) of the Federal Rules of Evidence.

7.     "Maintained" means sustained, preserved, retained, carried on, kept in existence, or taken care of in any way.

8.     "Matters" has the same meaning as that term bears in Rule 902 (11)(A) of the Federal Rules of Evidence.

9.     "Occurrence" has the same meaning as that term bears in Rule 902 (11)(A) of the Federal Rules of Evidence.

## INSTRUCTIONS

1.     Any noun used in the singular form shall be construed and applied so as to include the plural form also, and vice versa.

2.     The word "and" shall be both conjunctive and disjunctive.

3.     When in good faith you cannot admit the truth of the entire statement, but you can admit the truth of part of the statement, you must specify which part(s) of the statement are true and admit those parts.

M00 6B45132

4.      If you deny, or otherwise fail to admit the truth of a statement or part of a statement, on the basis of your lack of information or knowledge concerning it, explain in your response the reasonable inquiry that you have made concerning the matter and explain why the information known or readily obtainable by you is insufficient to enable you to admit or deny its truth.

5.      Any denial of the truth of any statements must fairly meet the substance of that statement. If in good faith you cannot admit the truth of a statement or part of a statement, or deny the truth of a statement or part of a statement, but rather believe you must admit or deny with qualification, you must (1) specify those parts of the statement which you admit as true, (2) specify those parts as to which your admission or denial is qualified along with the nature of the qualification, and (3) specify which parts you deny.

## REQUESTS FOR ADMISSION

1.      Admit with respect to each individual document listed in Exhibit "A" (attached hereto) that it is what it purports to be.

2.      Admit with respect to each individual document listed in Exhibit "A" (attached hereto) that it is "authentic" as provided in Fed. R. Evid. 901.

3.      Admit with respect to each individual document listed in Exhibit "A" (attached hereto) that Merck produced a copy of the document in federal or state Vioxx litigation.

4.      Admit with respect to each individual document listed in Exhibit "A" (attached hereto) that Merck maintains a copy or the original of the document in its corporate files.

5.      Admit with respect to each individual document listed in Exhibit "A" (attached hereto) that it is a "record of regularly conducted activity" as provided in Fed. R. Evid. 803(6).

6.      Admit with respect to each individual document listed in Exhibit "A" (attached hereto) that it is a record, i.e., "memorandum, reports, records, data compilations, in any form, of acts, events, conditions, opinions, or diagnoses" as provided in Fed. R. Evid. 803(6).

M006B45133

7.     Admit with respect to each individual document listed in Exhibit "A" (attached hereto) that it was made "at or near the time" of the occurrence of the matters addressed in the document as provided in Fed. R. Evid. 803(6).

8.     Admit with respect to each individual document listed in Exhibit "A" (attached hereto) that it was made "by, or from information transmitted by, a person with knowledge" of the matters addressed in the document as provided in Fed. R. Evid. 803(6).

9.     Admit with respect to each individual document listed in Exhibit "A" (attached hereto) that it is or was "kept within the course of regularly conducted business activity," as provided in Fed. R. Evid. 803(6).

10.    Admit with respect to each individual document listed in Exhibit "A" (attached hereto) that it was a "regular practice" of a "regularly conducted business activity," as the quoted phrases are used in Rule 803(6) of the Federal Rules of Evidence, to make the documents listed in Exhibit "A" attached hereto.

11.    Admit with respect to each individual document listed in Exhibit "B" (attached hereto) that it is what it purports to be.

12.    Admit with respect to each individual document listed in Exhibit "B" (attached hereto) that it is "authentic" as provided in Fed. R. Evid. 901.

13.    Admit with respect to each individual document listed in Exhibit "B" (attached hereto) that Merck produced a copy of the document in federal or state Vioxx litigation.

14.    Admit with respect to each individual document listed in Exhibit "B" (attached hereto) that Merck maintains a copy or the original of the document in its corporate files.

15.    Admit with respect to each individual document listed in Exhibit "B" (attached hereto) that it is a "record of regularly conducted activity" as provided in Fed. R. Evid. 803(6).

M006B45134

16.     Admit with respect to each individual document listed in Exhibit "B" (attached hereto) that it is a record, i.e., "memorandum, reports, records, data compilations, in any form, of acts, events, conditions, opinions, or diagnoses" as provided in Fed. R. Evid. 803(6).

17.     Admit with respect to each individual document listed in Exhibit "B" (attached hereto) that it was made "at or near the time" of the occurrence of the matters addressed in the document as provided in Fed. R. Evid. 803(6).

18.     Admit with respect to each individual document listed in Exhibit "B" (attached hereto) that it was made "by, or from information transmitted by, a person with knowledge" of the matters addressed in the document as provided in Fed. R. Evid. 803(6).

19.     Admit with respect to each individual document listed in Exhibit "B" (attached hereto) that it is or was "kept within the course of regularly conducted business activity," as provided in Fed. R. Evid. 803(6).

20.     Admit with respect to each individual document listed in Exhibit "B" (attached hereto) that it was a "regular practice" of a "regularly conducted business activity," as the quoted phrases are used in Rule 803(6) of the Federal Rules of Evidence, to make the documents listed in Exhibit "B" attached hereto.

21.     Admit with respect to each individual document listed in Exhibit "C" (attached hereto) that it is what it purports to be.

22.     Admit with respect to each individual document listed in Exhibit "C" (attached hereto) that it is "authentic" as provided in Fed. R. Evid. 901.

23.     Admit with respect to each individual document listed in Exhibit "C" (attached hereto) that Merck produced a copy of the document in federal or state Vioxx litigation.

24.     Admit with respect to each individual document listed in Exhibit "C" (attached hereto) that Merck maintains a copy or the original of the document in its corporate files.

M006B45135

25.     Admit with respect to each individual document listed in Exhibit "C" (attached hereto) that it is a "record of regularly conducted activity" as provided in Fed. R. Evid. 803(6).

26.     Admit with respect to each individual document listed in Exhibit "C" (attached hereto) that it is a record, i.e., "memorandum, reports, records, data compilations, in any form, of acts, events, conditions, opinions, or diagnoses" as provided in Fed. R. Evid. 803(6).

27.     Admit with respect to each individual document listed in Exhibit "C" (attached hereto) that it was made "at or near the time" of the occurrence of the matters addressed in the document as provided in Fed. R. Evid. 803(6).

28.     Admit with respect to each individual document listed in Exhibit "C" (attached hereto) that it was made "by, or from information transmitted by, a person with knowledge" of the matters addressed in the document as provided in Fed. R. Evid. 803(6).

29.     Admit with respect to each individual document listed in Exhibit "C" (attached hereto) that it is or was "kept within the course of regularly conducted business activity," as provided in Fed. R. Evid. 803(6).

30.     Admit with respect to each individual document listed in Exhibit "C" (attached hereto) that it was a "regular practice" of a "regularly conducted business activity," as the quoted phrases are used in Rule 803(6) of the Federal Rules of Evidence, to make the documents listed in Exhibit "C" attached hereto.

31.     Admit with respect to each individual document contained on the CD ROM labeled "Jan W. Lawrence MRK-MSNAB0000001-0008765" is what it purports to be.

32.     Admit with respect to each individual document contained on the CD ROM labeled "Jan W. Lawrence MRK-MSNAB0000001-0008765"  is "authentic" as provided in Fed. R. Evid. 901.

M006B45136

33.     Admit with respect to each individual document contained on the CD ROM labeled "Jan W. Lawrence MRK-MSNAB0000001-0008765" that Merck produced a copy of the document in federal or state Vioxx litigation.

34.     Admit with respect to each individual document contained on the CD ROM labeled "Jan W. Lawrence MRK-MSNAB0000001-0008765" that Merck maintains a copy or the original of the document in its corporate files.

35.     Admit with respect to each individual document contained on the CD ROM labeled "Jan W. Lawrence MRK-MSNAB0000001-0008765" that it is a "record of regularly conducted activity" as provided in Fed. R. Evid. 803(6).

36.     Admit with respect to each individual document contained on the CD ROM labeled "Jan W. Lawrence MRK-MSNAB0000001-0008765" that it is a record, i.e., "memorandum, reports, records, data compilations, in any form, of acts, events, conditions, opinions, or diagnoses" as provided in Fed. R. Evid. 803(6).

37.     Admit with respect to each individual document contained on the CD ROM labeled "Jan W. Lawrence MRK-MSNAB0000001-0008765" that it was made "at or near the time" of the occurrence of the matters addressed in the document as provided in Fed. R. Evid. 803(6).

38.     Admit with respect to each individual document contained on the CD ROM labeled "Jan W. Lawrence MRK-MSNAB0000001-0008765" that it was made "by, or from information transmitted by, a person with knowledge" of the matters addressed in the document as provided in Fed. R. Evid. 803(6).

39.     Admit with respect to each individual document contained on the CD ROM labeled "Jan W. Lawrence MRK-MSNAB0000001-0008765" that it is or was "kept within the course of regularly conducted business activity," as provided in Fed. R. Evid. 803(6).

M006B45137

40.     Admit with respect to each individual document contained on the CD ROM labeled "Jan W. Lawrence MRK-MSNAB0000001-0008765" that it was a "regular practice" of a "regularly conducted business activity," as the quoted phrases are used in Rule 803(6) of the Federal Rules of Evidence, to make the documents contained on the CD ROM labeled "Jan W. Lawrence MRK-MSNAB0000001-0008765".

41.     Admit with respect to each individual document contained on the CD ROM labeled "Nancy Nielsen MRK-MSNAC0000001-0004282" is what it purports to be.

42.     Admit with respect to each individual document contained on the CD ROM labeled "Nancy Nielsen MRK-MSNAC0000001-0004282" is "authentic" as provided in Fed. R. Evid. 901.

43.     Admit with respect to each individual document contained on the CD ROM labeled "Nancy Nielsen MRK-MSNAC0000001-0004282" that Merck produced a copy of the document in federal or state Vioxx litigation.

44.     Admit with respect to each individual document contained on the CD ROM labeled "Nancy Nielsen MRK-MSNAC0000001-0004282" that Merck maintains a copy or the original of the document in its corporate files.

45.     Admit with respect to each individual document contained on the CD ROM labeled "Nancy Nielsen MRK-MSNAC0000001-0004282" that it is a "record of regularly conducted activity" as provided in Fed. R. Evid. 803(6).

46.     Admit with respect to each individual document contained on the CD ROM labeled "Nancy Nielsen MRK-MSNAC0000001-0004282" that it is a record, i.e., "memorandum, reports, records, data compilations, in any form, of acts, events, conditions, opinions, or diagnoses" as provided in Fed. R. Evid. 803(6).

M006B4513B

47.     Admit with respect to each individual document contained on the CD ROM labeled "Nancy Nielsen MRK-MSNAC0000001-0004282" that it was made "at or near the time" of the occurrence of the matters addressed in the document as provided in Fed. R. Evid. 803(6).

48.     Admit with respect to each individual document contained on the CD ROM labeled "Nancy Nielsen MRK-MSNAC0000001-0004282" that it was made "by, or from information transmitted by, a person with knowledge" of the matters addressed in the document as provided in Fed. R. Evid. 803(6).

49.     Admit with respect to each individual document contained on the CD ROM labeled "Nancy Nielsen MRK-MSNAC0000001-0004282" that it is or was "kept within the course of regularly conducted business activity," as provided in Fed. R. Evid. 803(6).

50.     Admit with respect to each individual document contained on the CD ROM labeled "Nancy Nielsen MRK-MSNAC0000001-0004282" that it was a "regular practice" of a "regularly conducted business activity," as the quoted phrases are used in Rule 803(6) of the Federal Rules of Evidence, to make the documents contained on the CD ROM labeled "Nancy Nielsen MRK-MSNAC0000001-0004282".

51.     Admit with respect to each individual document contained on the CD ROM labeled "*Mason, Charles L. v. Merck & Co., Inc. (Mason, Charles L. 060810)* MRK-SMPF0018538-0018585" is what it purports to be.

52.     Admit with respect to each individual document contained on the CD ROM labeled "*Mason, Charles L. v. Merck & Co., Inc. (Mason, Charles L. 060810)* MRK-SMPF0018538-0018585"  is "authentic" as provided in Fed. R. Evid. 901.

53.     Admit with respect to each individual document contained on the CD ROM labeled "*Mason, Charles L. v. Merck & Co., Inc. (Mason, Charles L. 060810)* MRK-SMPF0018538-0018585" that Merck produced a copy of the document in federal or state Vioxx litigation.

M0068451139

54.    Admit with respect to each individual document contained on the CD ROM labeled "*Mason, Charles L. v. Merck & Co., Inc. (Mason, Charles L. 060810)* MRK-SMPF0018538-0018585" that Merck maintains a copy or the original of the document in its corporate files.

55.    Admit with respect to each individual document contained on the CD ROM labeled "*Mason, Charles L. v. Merck & Co., Inc. (Mason, Charles L. 060810)* MRK-SMPF0018538-0018585" that it is a "record of regularly conducted activity" as provided in Fed. R. Evid. 803(6).

56.    Admit with respect to each individual document contained on the CD ROM labeled "*Mason, Charles L. v. Merck & Co., Inc. (Mason, Charles L. 060810)* MRK-SMPF0018538-0018585" that it is a record, i.e., "memorandum, reports, records, data compilations, in any form, of acts, events, conditions, opinions, or diagnoses" as provided in Fed. R. Evid. 803(6).

57.    Admit with respect to each individual document contained on the CD ROM labeled "*Mason, Charles L. v. Merck & Co., Inc. (Mason, Charles L. 060810)* MRK-SMPF0018538-0018585" that it was made "at or near the time" of the occurrence of the matters addressed in the document as provided in Fed. R. Evid. 803(6).

58.    Admit with respect to each individual document contained on the CD ROM labeled "*Mason, Charles L. v. Merck & Co., Inc. (Mason, Charles L. 060810)* MRK-SMPF0018538-0018585" that it was made "by, or from information transmitted by, a person with knowledge" of the matters addressed in the document as provided in Fed. R. Evid. 803(6).

59.    Admit with respect to each individual document contained on the CD ROM labeled "*Mason, Charles L. v. Merck & Co., Inc. (Mason, Charles L. 060810)* MRK-SMPF0018538-0018585" that it is or was "kept within the course of regularly conducted business activity," as provided in Fed. R. Evid. 803(6).

M006B45140

60.     Admit with respect to each individual document contained on the CD ROM labeled "*Mason, Charles L. v. Merck & Co., Inc. (Mason, Charles L. 060810)* MRK-SMPF0018538-0018585" that it was a "regular practice" of a "regularly conducted business activity," as the quoted phrases are used in Rule 803(6) of the Federal Rules of Evidence, to make the documents contained on the CD ROM labeled "*Mason, Charles L. v. Merck & Co., Inc. (Mason, Charles L. 060810)* MRK-SMPF0018538-0018585".

61.     Admit with respect to each individual document contained on the CD ROM labeled "FACTS Extract MRK-ZAH0000063" is what it purports to be.

62.     Admit with respect to each individual document contained on the CD ROM labeled "FACTS Extract MRK-ZAH0000063"   is "authentic" as provided in Fed. R. Evid. 901.

63.     Admit with respect to each individual document contained on the CD ROM labeled "FACTS Extract MRK-ZAH0000063" that Merck produced a copy of the document in federal or state Vioxx litigation.

64.     Admit with respect to each individual document contained on the CD ROM labeled "FACTS Extract MRK-ZAH0000063" that Merck maintains a copy or the original of the document in its corporate files.

65.     Admit with respect to each individual document contained on the CD ROM labeled "FACTS Extract MRK-ZAH0000063" that it is a "record of regularly conducted activity" as provided in Fed. R. Evid. 803(6).

66.     Admit with respect to each individual document contained on the CD ROM labeled "FACTS Extract MRK-ZAH0000063" that it is a record, i.e., "memorandum, reports, records, data compilations, in any form, of acts, events, conditions, opinions, or diagnoses" as provided in Fed. R. Evid. 803(6).

M006B45141

67.     Admit with respect to each individual document contained on the CD ROM labeled "FACTS Extract MRK-ZAH0000063" that it was made "at or near the time" of the occurrence of the matters addressed in the document as provided in Fed. R. Evid. 803(6).

68.     Admit with respect to each individual document contained on the CD ROM labeled "FACTS Extract MRK-ZAH0000063" that it was made "by, or from information transmitted by, a person with knowledge" of the matters addressed in the document as provided in Fed. R. Evid. 803(6).

69.     Admit with respect to each individual document contained on the CD ROM labeled "FACTS Extract MRK-ZAH0000063" that it is or was "kept within the course of regularly conducted business activity," as provided in Fed. R. Evid. 803(6).

70.     Admit with respect to each individual document contained on the CD ROM labeled "FACTS Extract MRK-ZAH0000063" that it was a "regular practice" of a "regularly conducted business activity," as the quoted phrases are used in Rule 803(6) of the Federal Rules of Evidence, to make the documents contained on the CD ROM labeled "FACTS Extract MRK-ZAH0000063".

71.     Admit with respect to each individual document contained on the CD ROM labeled "Mason - IMS Data MRK-MSNAA 0000001-0000030" is what it purports to be.

72.     Admit with respect to each individual document contained on the CD ROM labeled "Mason - IMS Data MRK-MSNAA 0000001-0000030" is "authentic" as provided in Fed. R. Evid. 901.

73.     Admit with respect to each individual document contained on the CD ROM labeled "Mason - IMS Data MRK-MSNAA 0000001-0000030" that Merck produced a copy of the document in federal or state Vioxx litigation.

M006B4514Z

74.      Admit with respect to each individual document contained on the CD ROM labeled "Mason - IMS Data MRK-MSNAA 0000001-0000030" that Merck maintains a copy or the original of the document in its corporate files.

75.      Admit with respect to each individual document contained on the CD ROM labeled "Mason - IMS Data MRK-MSNAA 0000001-0000030" that it is a "record of regularly conducted activity" as provided in Fed. R. Evid. 803(6).

76.      Admit with respect to each individual document contained on the CD ROM labeled "Mason - IMS Data MRK-MSNAA 0000001-0000030" that it is a record, i.e., "memorandum, reports, records, data compilations, in any form, of acts, events, conditions, opinions, or diagnoses" as provided in Fed. R. Evid. 803(6).

77.      Admit with respect to each individual document contained on the CD ROM labeled "Mason - IMS Data MRK-MSNAA 0000001-0000030" that it was made "at or near the time" of the occurrence of the matters addressed in the document as provided in Fed. R. Evid. 803(6).

78.      Admit with respect to each individual document contained on the CD ROM labeled "Mason - IMS Data MRK-MSNAA 0000001-0000030" that it was made "by, or from information transmitted by, a person with knowledge" of the matters addressed in the document as provided in Fed. R. Evid. 803(6).

79.      Admit with respect to each individual document contained on the CD ROM labeled "Mason - IMS Data MRK-MSNAA 0000001-0000030" that it is or was "kept within the course of regularly conducted business activity," as provided in Fed. R. Evid. 803(6).

M006B45143

80.     Admit with respect to each individual document contained on the CD ROM labeled "Mason - IMS Data MRK-MSNAA 0000001-0000030"  that it was a "regular practice" of a "regularly conducted business activity," as the quoted phrases are used in Rule 803(6) of the Federal Rules of Evidence, to make the documents contained on the CD ROM labeled "Mason - IMS Data MRK-MSNAA 0000001-0000030".

81.     Admit with respect to each individual document contained on the CD ROM labeled "*Mason, Charles L. v. Merck & Co., Inc. (Mason, Charles 060810)* MRK-SMPF0001337 – 0001440) MRK-SMPF0001337-0001440" is what it purports to be.

82.     Admit with respect to each individual document contained on the CD ROM labeled "*Mason, Charles L. v. Merck & Co., Inc. (Mason, Charles 060810)* MRK-SMPF0001337 – 0001440) MRK-SMPF0001337-0001440" is "authentic" as provided in Fed. R. Evid. 901.

83.     Admit with respect to each individual document contained on the CD ROM labeled "*Mason, Charles L. v. Merck & Co., Inc. (Mason, Charles 060810)* MRK-SMPF0001337 – 0001440) MRK-SMPF0001337-0001440" that Merck produced a copy of the document in federal or state Vioxx litigation.

84.     Admit with respect to each individual document contained on the CD ROM labeled "*Mason, Charles L. v. Merck & Co., Inc. (Mason, Charles 060810)* MRK-SMPF0001337 – 0001440) MRK-SMPF0001337-0001440" that Merck maintains a copy or the original of the document in its corporate files.

85.     Admit with respect to each individual document contained on the CD ROM labeled "*Mason, Charles L. v. Merck & Co., Inc. (Mason, Charles 060810)* MRK-SMPF0001337 – 0001440) MRK-SMPF0001337-0001440" that it is a "record of regularly conducted activity" as provided in Fed. R. Evid. 803(6).

M006B45144

86.     Admit with respect to each individual document contained on the CD ROM labeled "*Mason, Charles L. v. Merck & Co., Inc. (Mason, Charles 060810)* MRK-SMPF0001337 – 0001440) MRK-SMPF0001337-0001440" that it is a record, i.e., "memorandum, reports, records, data compilations, in any form, of acts, events, conditions, opinions, or diagnoses" as provided in Fed. R. Evid. 803(6).

87.     Admit with respect to each individual document contained on the CD ROM labeled "*Mason, Charles L. v. Merck & Co., Inc. (Mason, Charles 060810)* MRK-SMPF0001337 – 0001440) MRK-SMPF0001337-0001440" that it was made "at or near the time" of the occurrence of the matters addressed in the document as provided in Fed. R. Evid. 803(6).

88.     Admit with respect to each individual document contained on the CD ROM labeled "*Mason, Charles L. v. Merck & Co., Inc. (Mason, Charles 060810)* MRK-SMPF0001337 – 0001440) MRK-SMPF0001337-0001440" that it was made "by, or from information transmitted by, a person with knowledge" of the matters addressed in the document as provided in Fed. R. Evid. 803(6).

89.     Admit with respect to each individual document contained on the CD ROM labeled "*Mason, Charles L. v. Merck & Co., Inc. (Mason, Charles 060810)* MRK-SMPF0001337 – 0001440) MRK-SMPF0001337-0001440" that it is or was "kept within the course of regularly conducted business activity," as provided in Fed. R. Evid. 803(6).

90.     Admit with respect to each individual document contained on the CD ROM labeled "*Mason, Charles L. v. Merck & Co., Inc. (Mason, Charles 060810)* MRK-SMPF0001337 – 0001440) MRK-SMPF0001337-0001440" that it was a "regular practice" of a "regularly conducted business activity," as the quoted phrases are used in Rule 803(6) of the Federal Rules of Evidence, to make the documents contained on the CD ROM labeled "*Mason, Charles L. v. Merck & Co., Inc. (Mason, Charles 060810)* MRK-SMPF0001337 – 0001440) MRK-SMPF0001337-0001440".

M006B45145

91.     Admit with respect to each individual document contained on the CD ROM labeled "MRK-MPF0206835-0207165" is what it purports to be.

92.     Admit with respect to each individual document contained on the CD ROM labeled "MRK-MPF0206835-0207165" is "authentic" as provided in Fed. R. Evid. 901.

93.     Admit with respect to each individual document contained on the CD ROM labeled "MRK-MPF0206835-0207165" that Merck produced a copy of the document in federal or state Vioxx litigation.

94.     Admit with respect to each individual document contained on the CD ROM labeled "MRK-MPF0206835-0207165" that Merck maintains a copy or the original of the document in its corporate files.

95.     Admit with respect to each individual document contained on the CD ROM labeled "MRK-MPF0206835-0207165" that it is a "record of regularly conducted activity" as provided in Fed. R. Evid. 803(6).

96.     Admit with respect to each individual document contained on the CD ROM labeled "MRK-MPF0206835-0207165" that it is a record, i.e., "memorandum, reports, records, data compilations, in any form, of acts, events, conditions, opinions, or diagnoses" as provided in Fed. R. Evid. 803(6).

97.     Admit with respect to each individual document contained on the CD ROM labeled "MRK-MPF0206835-0207165" that it was made "at or near the time" of the occurrence of the matters addressed in the document as provided in Fed. R. Evid. 803(6).

98.     Admit with respect to each individual document contained on the CD ROM labeled "MRK-MPF0206835-0207165" that it was made "by, or from information transmitted by, a person with knowledge" of the matters addressed in the document as provided in Fed. R. Evid. 803(6).

99.     Admit with respect to each individual document contained on the CD ROM labeled "MRK-MPF0206835-0207165" that it is or was "kept within the course of regularly conducted business activity," as provided in Fed. R. Evid. 803(6).

100.    Admit with respect to each individual document contained on the CD ROM labeled "MRK-MPF0206835-0207165" that it was a "regular practice" of a "regularly conducted business activity," as the quoted phrases are used in Rule 803(6) of the Federal Rules of Evidence, to make the documents contained on the CD ROM labeled "MRK-MPF0206835-0207165".

101.    Admit with respect to each individual document identified by bates number and/or bates range in Exhibit "D" (attached hereto) that it is what it purports to be.

102.    Admit with respect to each individual document identified by bates number and/or bates range in Exhibit "D" (attached hereto) that it is "authentic" as provided in Fed. R. Evid. 901.

103.    Admit with respect to each individual document identified by bates number and/or bates range in Exhibit "D" (attached hereto) that Merck produced a copy of the document in federal or state Vioxx litigation.

104.    Admit with respect to each individual document identified by bates number and/or bates range in Exhibit "D" (attached hereto) that Merck maintains a copy or the original of the document in its corporate files.

105.    Admit with respect to each individual document identified by bates number and/or bates range in Exhibit "D" (attached hereto) that it is a "record of regularly conducted activity" as provided in Fed. R. Evid. 803(6).

106.    Admit with respect to each individual document identified by bates number and/or bates range in Exhibit "D" (attached hereto) that it is a record, i.e., "memorandum, reports, records, data compilations, in any form, of acts, events, conditions, opinions, or diagnoses" as provided in Fed. R. Evid. 803(6).

M006B45147

107.    Admit with respect to each individual document identified by bates number and/or bates range in Exhibit "D" (attached hereto) that it was made "at or near the time" of the occurrence of the matters addressed in the document as provided in Fed. R. Evid. 803(6).

108.    Admit with respect to each individual document identified by bates number and/or bates range in Exhibit "D" (attached hereto) that it was made "by, or from information transmitted by, a person with knowledge" of the matters addressed in the document as provided in Fed. R. Evid. 803(6).

109.    Admit with respect to each individual document identified by bates number and/or bates range in Exhibit "D" (attached hereto) that it is or was "kept within the course of regularly conducted business activity," as provided in Fed. R. Evid. 803(6).

110.    Admit with respect to each individual document identified by bates number and/or bates range in Exhibit "D" (attached hereto) that it was a "regular practice" of a "regularly conducted business activity," as the quoted phrases are used in Rule 803(6) of the Federal Rules of Evidence, to make the documents identified by bates number and/or bates range in Exhibit "D" (attached hereto).

111.    Admit with respect to each individual document identified by bates number and/or bates range in Exhibit "E" (attached hereto) that it is what it purports to be.

112.    Admit with respect to each individual document identified by bates number and/or bates range in Exhibit "E" (attached hereto) that it is "authentic" as provided in Fed. R. Evid. 901.

113.    Admit with respect to each individual document identified by bates number and/or bates range in Exhibit "E" (attached hereto) that Merck produced a copy of the document in federal or state Vioxx litigation.

114.    Admit with respect to each individual document identified by bates number and/or bates range in Exhibit "E" (attached hereto) that Merck maintains a copy or the original of the document in its corporate files.

M006B45148

115.    Admit with respect to each individual document identified by bates number and/or bates range in Exhibit "E" (attached hereto) that it is a "record of regularly conducted activity" as provided in Fed. R. Evid. 803(6).

116.    Admit with respect to each individual document identified by bates number and/or bates range in Exhibit "E" (attached hereto) that it is a record, i.e., "memorandum, reports, records, data compilations, in any form, of acts, events, conditions, opinions, or diagnoses" as provided in Fed. R. Evid. 803(6).

117.    Admit with respect to each individual document identified by bates number and/or bates range in Exhibit "E" (attached hereto) that it was made "at or near the time" of the occurrence of the matters addressed in the document as provided in Fed. R. Evid. 803(6).

118.    Admit with respect to each individual document identified by bates number and/or bates range in Exhibit "E" (attached hereto) that it was made "by, or from information transmitted by, a person with knowledge" of the matters addressed in the document as provided in Fed. R. Evid. 803(6).

119.    Admit with respect to each individual document identified by bates number and/or bates range in Exhibit "E" (attached hereto) that it is or was "kept within the course of regularly conducted business activity," as provided in Fed. R. Evid. 803(6).

120.    Admit with respect to each individual document identified by bates number and/or bates range in Exhibit "E" (attached hereto) that it was a "regular practice" of a "regularly conducted business activity," as the quoted phrases are used in Rule 803(6) of the Federal Rules of Evidence, to make the documents identified by bates number and/or bates range in Exhibit "E" (attached hereto).

121.    Admit with respect to each individual document identified by bates number and/or bates range in Exhibit "F" (attached hereto) that it is what it purports to be.

M00B45149

122.    Admit with respect to each individual document identified by bates number and/or bates range in Exhibit "F" (attached hereto) that it is "authentic" as provided in Fed. R. Evid. 901.

123.    Admit with respect to each individual document identified by bates number and/or bates range in Exhibit "F" (attached hereto) that Merck produced a copy of the document in federal or state Vioxx litigation.

124.    Admit with respect to each individual document identified by bates number and/or bates range in Exhibit "F" (attached hereto) that Merck maintains a copy or the original of the document in its corporate files.

125.    Admit with respect to each individual document identified by bates number and/or bates range in Exhibit "F" (attached hereto) that it is a "record of regularly conducted activity" as provided in Fed. R. Evid. 803(6).

126.    Admit with respect to each individual document identified by bates number and/or bates range in Exhibit "F" (attached hereto) that it is a record, i.e., "memorandum, reports, records, data compilations, in any form, of acts, events, conditions, opinions, or diagnoses" as provided in Fed. R. Evid. 803(6).

127.    Admit with respect to each individual document identified by bates number and/or bates range in Exhibit "F" (attached hereto) that it was made "at or near the time" of the occurrence of the matters addressed in the document as provided in Fed. R. Evid. 803(6).

128.    Admit with respect to each individual document identified by bates number and/or bates range in Exhibit "F" (attached hereto) that it was made "by, or from information transmitted by, a person with knowledge" of the matters addressed in the document as provided in Fed. R. Evid. 803(6).

M006B45150

129.    Admit with respect to each individual document identified by bates number and/or bates range in Exhibit "F" (attached hereto) that it is or was "kept within the course of regularly conducted business activity," as provided in Fed. R. Evid. 803(6).

130.    Admit with respect to each individual document identified by bates number and/or bates range in Exhibit "F" (attached hereto) that it was a "regular practice" of a "regularly conducted business activity," as the quoted phrases are used in Rule 803(6) of the Federal Rules of Evidence, to make the documents identified by bates number and/or bates range in Exhibit "F" (attached hereto).

August 9, 2006                          Respectfully submitted,

                                        BLIZZARD, McCARTHY & NABERS, LLP

                                        EDWARD BLIZZARD
                                        Texas Bar No. 02495000
                                        J. SCOTT NABERS
                                        Texas Bar No. 14769250
                                        REBECCA B. KING
                                        Texas Bar No. 24027110
                                        440 Louisiana, Suite 1710
                                        Houston, TX 77002
                                        Phone: (713) 844-3750
                                        Fax:    (713) 844-3763

                                        ATTORNEYS FOR PLAINTIFF
                                        CHARLES LARON MASON

**OF COUNSEL:**

Ken Bailey
Bailey Perrin & Bailey, LLP
State Bar No. 01543500
440 Louisiana, Suite 2100
Houston, Texas 77002
Telephone: 713.425.7100
Direct Telecopier: (713) 425-7249
Main Telecopier: (713) 425-7101

21

| | |
|---|---|
| Andy D. Birchfield, Esq.<br>P. O. Box 4160<br>234 Commerce Street<br>Montgomery, AL  36103-4160<br>PH:  (800) 8982034<br>FAX:  (334) 954.7555 | Christopher Seeger, Esq.<br>One William Street<br>New York, NY  10004<br>PH:  (212) 584-0700<br>FAX:  (212) 584.0799 |
| Leonard Davis<br>Herman, Herman, Katz & Cotlar, LLP<br>820 O'Keefe Avenue<br>New Orleans, LA  70013<br>PH:  (504) 581.4892<br>FAX:  (504) 561.6024 | Russ M. Herman<br>Herman, Herman, Katz & Cotlar, LLP<br>820 O'Keefe Avenue<br>New Orleans, LA  70013<br>PH:  (504) 581.4892<br>FAX:  (504) 561.6024 |

**PLAINTIFFS' STEERING COMMITTEE**

M006B45152

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Notice of Deposition has been served on Liaison

Counsel Phillip Wittman, and Phil Beck by U.S. Mail, facsimile and/or e-mail; and e-mail upon all

parties by electronically uploading the same to Lexis-Nexis File and Serve Advanced, in accordance

with Pretrial Order No. 9, on this 9th day of August, 2006.

Phillip Wittman
Stone, Pigman Walther, Wittman, LLC
546 Carondelet Street
New Orleans, LA 70130-3588
Phone: (504) 581-3200
Fax: (504) 581-3361

Carrie Jablonski
Bartlit, Beck, Herman, Palechar & Scott
Courthouse Place
54 West Hubbard Street
Chicago, IL 60610
Phone: (312) 494-4400
Fax: (312) 494-4440

Richard Krumholtz
Fulbright & Jaworski
2200 Ross Avenue, Suite 2800
Dallas, TX 75201-2784
Phone: (214) 855-8000
Fax: (214) 855-8200

Rebecca B. King
Rebecca B. King