**In Re: Vioxx Product Liability Litigation**

**MDL No. 1657**

**DEFENDANT MERCK CASE PROFILE FORM**

For each case, Defendant Merck must complete this Case Profile Form and identify or provide documents and/or data relating to Plaintiff and Plaintiff's Prescribing Healthcare Provider where the names can be reasonably identified within the Merck systems. This Case Profile Form must be completed and served on all counsel representing Plaintiff in the action identified in Section I below. This must be answered and served 90 days after the date that the Plaintiff's Profile Form has been served on Defendant Merck & Co.

You should attach additional sheets of paper if that is necessary to completely answer the following questions.

**I.      CASE INFORMATION**

This defendant fact sheet pertains to the following case:

Case caption:        _Mason, Charles L.,  v. Merck & Co., Inc._

Civil Action No.:     _06-0810_

Court in which action was originally filed:    _Louisiana, E.D._

Name and Address of person with ultimate responsibility for providing information responsive to the questions posed in this fact sheet:

A:       _Janet Scott_
             (Name)
             _Merck & Co., Inc._
             _770 Sumneytown Pike_
             _P.O. Box 4_
             _West Point, PA 19486_
             (Address)



PLAINTIFF'S EXHIBIT D

MRK-MPF0206835

## II.   CONTACTS WITH DISPENSING HEALTH CARE PROVIDER

In Section IV(A.) of Plaintiff's Profile Form, plaintiff identified persons who prescribed or dispensed Vioxx to plaintiff (hereinafter "Prescribing Health Care Provider"). For each prescribing health care provider identified, please state and, where requested, provide the following:

A.   Dear Doctor or Dear Healthcare Provider Letters:

1.   For each "Dear Doctor" or "Dear Healthcare Provider" letter that you contend was *actually sent* to plaintiffs prescribing health care provider, to the extent that Merck maintained distribution lists for recipients of such letters, please: a.) identify by Bates range the letter sent; b.) state, when available, the approximate date that each letter was actually sent to plaintiff's dispensing health care provider; c.) state the person to whom each letter was actually sent, d.) state the address where it was sent, e.) identify the database or documents that demonstrate these facts and, f.) identify below the persons with ultimate responsibility for providing information responsive to this request.

---

*NOTE: Please attach hereto or otherwise identify by Bates range a copy of each letter allegedly sent to plaintiff's dispensing health care provider.*

---

MRK-MPF0206844 to MRK-MPF0206847

2.   In addition, Merck will identify any Professional Information Request letters that Merck contends or believes were actually sent to the Plaintiff's Prescribing Health Care Provider identified in Section IV.A of Plaintiff's Profile Form within the relevant time period set forth above.  Merck will also identify: (a) the date that each letter was sent to Plaintiff's Prescribing Health Care Provider; and (b) the address where each letter was sent.

*No Professional Information Request Letters were sent to the Plaintiff's Prescribing Health Provider.*

M006B46536B

B.     OTHER CONTACTS

1.     For each prescribing health care provider identified, please identify all contacts between Merck sales representatives and that provider please produce the following information:

| Plaintiff's Dispensing Health Care Provider | Identity and last known address and telephone number Merck representative | The current relationship, if any, between Merck and the sales representative | Date(s) of Contact |
|---|---|---|---|
| *Please see the response below.* | *Please see the response below.* | *Please see the response below.* | *Please see the response below.* |

MRK-MPF0206848 to MRK-MPF0206870

2.     For each prescribing health care provider, please state whether Merck or its representatives ever provided him or her Vioxx samples. If the answer is "yes," when available, please state:

    A)    The number or sample packets provided and the dosages provided;

    B)    The dates that they were shipped and/ or provided;

    C)    The lot numbers for the samples provided on each date identified;

    D)    The identity of the person or persons who provided the samples.

*To the extent data is available, it is provided as an attachment to this MPF. If no data is attached hereto, a query of Merck's systems produced no data responsive to these requests.*

MRK-MPF0206871 to MRK-MPF0206910

3.     Please identify at the end of this document the person or persons with ultimate responsibility for providing information responsive to Section II or any of its subparts.

C.     Consulting With Plaintiff's Dispensing Health Care Provider

1.     In Section IV(A) of Plaintiff's Profile Form, plaintiff identified his/her prescribing health care provider(s). If you have ever retained any of plaintiff's prescribing health care providers as a member of Merck's Speaker Program, a Merck Clinical Investigator, or a consultant in any other capacity on the subject of pain medications (including Vioxx, Celebrex, Bextra or any other NSAID) or cardiovascular risk, please state

M0006B45309

A)   The identity of the heath care provider consultant:

_____

B)   The dates they were affiliated with Merck:

_____

C)   The amount of money Merck paid Prescriber in expenses,
     honoraria and fees, per calendar year.

_____

D)   Please identify or produce all consulting agreements and
     contracts, when available.

*Due to technical limitations of Merck's system for reporting payment data, payments to
physicians cannot be reliably linked to a specific product or therapeutic area.
Accordingly, such payment information provided in response to this portion of the MPF,
in whole or in part, is not necessarily related to Vioxx. Subject to this qualification,
Merck responds as follows:*

MRK-MPF0206911 to MRK-MPF0207156

E)   _____
     Please identify if Prescriber has been designated by Merck as a
     "thought leader":

     _____        ____X_____
            Yes                     No
     _____

2.   For each of plaintiff's prescribing healthcare providers identified in section III(A) above,
     please state whether they did in fact attend any Merck-sponsored conferences or events.

     If your answer is "yes," to the extent such information exists, please state:

     A)   The identity of the health care provider consultant:

     _____

     B)   The title, location and date of the speaker's program attended:

     _____

     C)   The topic of the speaker's program:

     _____

     D)   All speakers at the speaker's program:

     _____

MRK-MPF0207157 to MRK-MPF0207165

M006B45310

3.    Has plaintiff's Prescribing healthcare provider ever contacted you to request information concerning Vioxx, its indications, its effects and/or its risks?

|  |  |
|---|---|
| _____ | ____X____ |
| Yes | No |

If your answer is "yes," please identify, when available, by Bates range or attach any document which refers to your communication with plaintiffs Prescribing healthcare provider.

*Notwithstanding Merck's response to section II.A.2 relating to PIRs, Merck hereby responds to this portion of the MPF by providing the following information relating to additional contacts with physicians, to the extent any such contacts exist:*

*A query of Merck's systems produced no data responsive to these requests.*

4.    Please identify at the end of this document the person or persons with ultimate responsibility for providing information responsive to Section III or any of its subparts, giving their name, address, telephone number indicating whether said person is currently an employee of Merck and the dates of employment.

## III.    PLAINTIFF'S PRESCRIBING HEALTH CARE PROVIDER'S PRESCRIBING PRACTICES

In Section IV(A) of plaintiff's fact sheet, plaintiff identified his/her Prescribing health care provider(s). For each listed provider, please state and produce the following:

1.    Do you have or have you had access to any database or information which purports to track any of plaintiff's Prescribing healthcare provider's prescribing practices with respect to Vioxx prescribed, the number or prescriptions, the number of refills and the time frame when these products were prescribed or (re) filled

|  |  |
|---|---|
| ____X____ | _____ |
| Yes | No |

If your answer is "yes," please produce or identify the database or document which captures that information.

*Merck's PDM database maintains data purchased from IMS Health Incorporated.*

## IV.    PLAINTIFF'S MEDICAL CONDITION

1.    Have you been contacted by Plaintiff, any of his/her physicians, or anyone on behalf of plaintiff concerning plaintiff?

*To the extent data is available, it is provided as an attachment to this MPF.  If no data is*

M006B45311

*attached hereto, a query of Merck's systems produced no data responsive to these requests.*

| | X |
|---|---|
| Yes | No |

If your answer is "yes", to the extent such contact can be linked to plaintiff, please, to the extent available, a.) state the name of the person(s) who contacted you, b.) state the person(s) who were contacted including their name, address and telephone number and, c.) produce or identify any and all documents which reflect any communication between any person and you concerning plaintiff.

*Prior to the lawsuit initiated by Plaintiff, Merck had not received any Adverse Experience Report relating to Plaintiff.*

*A query of Merck's systems produced no data responsive to these requests.*

2.      Please produce a copy of or otherwise identify any MedWatch form which refers or relates to plaintiff, including back-up documentation concerning plaintiff and any evaluation you did concerning the plaintiff.

*Prior to the lawsuit initiated by Plaintiff, Merck had not received any MedWatch Report relating to Plaintiff.*

*A query of Merck's systems produced no data responsive to these requests.*

3.      Please identify at the end of this document the person or persons with ultimate responsibility for providing information responsive to Section IV or any of its subparts.

## V.      ADVERTISING

1.      Did you advertise Vioxx in the Media Market that plaintiff lived at the time that he/she took Vioxx?

| X | |
|---|---|
| Yes | No |

2.      If your answer to the preceding question is "yes," please identify the identity of the media outlet, and the dates that the advertisements ran.

MRK-MPF0206840

M006B4S312

| Identity of the Advertisement and intended media marketplace | Nature of media (print of television) | Identity of the media outlet | Dates that advertisements ran |
|---|---|---|---|
| *Please see the response below.* | *Please see the response below.* | *Please see the response below.* | *Please see the response below.* |

*Where data is available, please provide or identify by Bates range true and accurate copies of any advertisement identified above*

*Merck refers counsel to its universal production of a spreadsheet reflecting the comprehensive national and regional print and television advertising data during the period in which Vioxx was approved by the FDA for marketing in the United States. This production, entitled "Universal Production of National Print and Television Advertising Data" and available to counsel at Bates label MRK-AMI 0000001-0001098, includes data concerning "identification of the advertisement," "intended media marketplace," "nature of media (print or television)," "identity of the media outlet," "dates the advertisements ran," and references to Bates number ranges of those previously produced images or other media, as those categories are set forth in the Merck Profile Form.*

3.      Did you advertise Vioxx in the Media Market that plaintiff's prescribing healthcare provider's office was located at the time that plaintiff took Vioxx?

|     X     |           |
|-----------|-----------|
| Yes       | No        |

4.      If your answer to the preceding question is "yes," please identify the identity of the media outlet and the dates that the advertisements ran.

| Identity of the Advertisement and intended media marketplace | Nature of media (print of television) | Identity of the media outlet | Dates that advertisements ran |
|---|---|---|---|
| *Please see the response below.* | *Please see the response below.* | *Please see the response below.* | *Please see the response below.* |

*Where data is available, please provide or identify by Bates range true and accurate copies of any advertisement identified above*

*Merck refers counsel to its universal production of a spreadsheet reflecting the comprehensive national and regional print and television advertising data during the period in which Vioxx was approved by the FDA for marketing in the United States. This production, entitled "Universal Production of National Print and Television Advertising Data" and available to counsel at Bates label MRK-AMI 0000001-0001098, includes data concerning "identification of the advertisement," "intended media marketplace," "nature of media (print or television)," "identity of the media outlet," "dates the advertisements ran," and references to Bates number ranges of those previously produced images or other media, as those categories are set forth in the Merck Profile Form.*

M006B45313

## VI.    DOCUMENTS

To the extent you have not already done so, please produce a copy of all documents and things that fall into the categories listed below. These include documents in the possession of any of your present and former employees, including information provided to your attorneys:

1.      Any document which relates to or refers to plaintiff.

2.      Any document sent to or received from any of plaintiff's prescribing physicians.

3.       Any document reflecting any actual communication between you and plaintiff's prescribing physician's concerning the risks cardiovascular risks associated with Vioxx.

4.      Any document which purports to describe the prescribing practices of any of plaintiff's prescribing physicians.

### RESPONSE TO REQUESTS FOR PRODUCTION NOS. 1 - 4:

*Merck objects to these additional requests as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Merck objects to these requests as premature insofar as they seek certain case-specific discovery that is more appropriate only after the facts of this case have been more fully developed.  Merck further objects to these requests to the extent they seek documents and/or data that are, or should be, in the possession of plaintiff or plaintiff's attorneys or that are otherwise unrelated to Vioxx or to plaintiff's claims in this case.  Merck also objects to these requests to the extent they are not limited to the time period when plaintiff's prescribing physician prescribed Vioxx to plaintiff or plaintiff ingested the product.  Merck objects to these requests to the extent they seek information that is protected from disclosure by Merck's confidentiality agreements with third parties or implicate data gathered by IMS Health Incorporated ("IMS") relating to purchases of Vioxx by retailers in the United States, which Merck purchased from IMS and is prohibited from disclosing under the terms of its licensing agreement.*

*Subject to and without waiving its objections, Merck states that it has conducted a reasonable investigation into the existence of documents and/or data responsive to these requests and has produced all such documents and/or data deemed responsive to these requests, including all call note data in accordance with Merck's obligations under Pre-Trial Order No. 21.  Merck is aware of no additional responsive documents and/or data in its possession, custody or control that have not already been produced or is not otherwise identified above in its responses to this Merck Profile Form.  Merck further states that its databases and systems were designed to meet specific business purposes and not to address litigation requests.  The data stored in any one of the various systems maintained by Merck exists autonomously and is usually unrelated to data contained in other databases and cannot always be correlated in a meaningful way to generate reliable output.  Such data results will always be the product of subjective evaluation and can never be certified as 100 percent accurate because of various data and system limitations inherent in completing any given Merck Profile Form.*

M006B45314

## **CERTIFICATION**

I declare under penalty of perjury subject to 28 U.S.C. § 1746 that all of the information provided in this Profile Form is true and correct to the best of my knowledge and that I have supplied all requested documents to the extent that such documents are in my possession, custody and control (including the custody and control of my lawyers).

| | | |
|---|---|---|
| *Janet Scott* | Janet Scott | 03/24/2006 |
| Signature | Print Name | Date |

MRK-MPF0206843

M006B45315