<u>In Re: Vioxx Product Liability Litigation</u>

MDL No. 1657

**DEFENDANT MERCK CASE PROFILE FORM**

For each case, Defendant Merck must complete this Case Profile Form and identify or provide, as set forth below, documents and/or data relating to Plaintiff and Plaintiff's Prescribing Healthcare Provider where the names can be reasonably identified. This Case Profile Form must be completed and served on all counsel representing Plaintiff in the action identified in Section I below. This must be answered and served 90 days after the date that the Plaintiff's Profile Form has been served on Defendant Merck & Co.

You should attach additional sheets of paper if that is necessary to completely answer the following questions.

**I.     CASE INFORMATION**

This defendant fact sheet pertains to the following case:

Case caption:    <u>Mason, Charles L. v. Merck & Co., Inc.</u>

Civil Action No.:   <u>06-0810</u>

Court in which action was originally filed:   <u>Louisiana, E.D.</u>

Name and Address of all person(s) who provided information responsive to the questions posed in this fact sheet:

*Merck states that, given the broad range of cross-divisional systems implicated in the Merck Profile Form ("MPF"), there is no one individual at Merck who is in a position to swear under penalty of perjury that all data output is "true and correct to the best of [his/her] knowledge." As with any verified discovery response, a good faith effort has been made to investigate and properly respond to the requests set forth in the MPF.*

*Merck further states that there is no single individual at Merck responsible for querying all the systems from which data is collected and provided in this MPF. The identity of one person who has a general, overall knowledge of Merck systems and ultimate responsibility for the extraction of data responsive to all portions of the MPF will be provided.*

A:      *Janet Scott*

(Name)

*Merck & Co., Inc.*
*770 Sumneytown Pike*
*P.O. Box 4*
*West Point, PA 19486*

(Address)

**II.    CONTACTS WITH DISPENSING HEALTHCARE PROVIDER**

In Section IV (A.) of Plaintiff's Profile Form, plaintiff identified those who prescribed or dispensed Vioxx to plaintiff (hereinafter "Prescribing Health Care Provider"). For each prescribing health care provider identified, please state and, where requested, provide the following:



MRK-SMPF0001337

M006B45316

A.   Dear Doctor or Dear Healthcare Provider Letters:

    1.   For each "Dear Doctor" or "Dear Healthcare Provider" letter that you contend was *actually sent* to plaintiff's prescribing health care provider, please: a.) identify by Bates range the letter sent; b.) state the date that each letter was actually sent to plaintiff's dispensing health care provider; c.) state the person to whom each letter was actually sent, d.) state the address where it was sent, e.) identify the database or documents that demonstrate these facts and, f.) identify the persons who provided information responsive to this request.

> *NOTE: Please attach hereto or otherwise identify by Bates range a copy of each letter allegedly sent to plaintiff's dispensing health care provider.*

*Merck states that distribution lists for the so-called "Dear Doctor" or "Dear Healthcare Provider" letters were not maintained by Merck in the ordinary course of business, and several such lists are not available. If the name of Plaintiff's Prescribing Physician(s) and/or Sample Provider(s) appears on one of the available distribution lists, Merck will identify by Bates range the template of the letter sent to that physician.*

*Merck further states that the dates on which so-called "Dear Doctor" or "Dear Healthcare Provider" letters were "actually sent" were not tracked by Merck in the ordinary course of business. However, Merck can, to the extent that the information is available, provide dates on which letters were sent to third-party vendors for distribution. Such information will be included on a report containing other data responsive to this portion of the MPF.*

*Merck also states that there is no specific physician-identifying information on any of the so-called "Dear Doctor" or "Dear Healthcare Provider" letters, and copies of the actual letters sent to physicians were not maintained by Merck in the ordinary course of business. All such form letters have already been produced in this litigation. If Merck has record that a particular Prescribing Physician and/or Sample Provider was sent one or more of these letters, the identification of a specific Bates range will direct counsel to a copy of that letter.*

*The following Bates range corresponds to a report generated after a search of Merck's records and identifies responsive data, if available, relating to the "Dear Doctor" letters sent to Plaintiff's Prescribing Physician(s) and/or Sample Provider(s):*

MRK-SMPF0001350 to MRK-SMPF0001353

*This report, in turn, identifies additional Bates ranges representing copies of those generic letters, all of which have previously been produced in this litigation.*

*To the extent no data is referenced above, Merck does not have record of any Dear Doctor letters being sent to the Plaintiff's Prescribing Physician(s) and/or Sample Provider(s) in this case.*

    2.   In addition, Merck will identify any Professional Information Request letters that Merck contends or believes were actually sent to the Plaintiff's Prescribing Health Care Provider identified in Section IV.A of Plaintiff's Profile Form within the relevant time period set forth above. Merck will also identify: (a) the date that each letter was sent to Plaintiff's Prescribing Health Care Provider; and (b) the address where each letter was sent.

MRK-SMPF0001338

M006B45317

> *NOTE: Please attach hereto or otherwise identify by Bates range a copy of each letter allegedly sent to plaintiff's dispensing health care provider.*

*Merck states that it has previously made a universal production of all Vioxx-related Physician Information Requests ("PIRs"), which are better characterized as the "responses" made to such physicians' requests. This production is entitled "Universal - Mercury Database Vioxx PIRs" and is available to counsel at Bates range MRK-AKT 0000001-4391204.*

*Merck further states that, in certain circumstances, a PIR was orally communicated to Plaintiff's Prescribing Physician(s) and/or Sample Provider(s). Although there is no written PIR response in such cases, Merck will provide any data to the extent it is available in its systems.*

*After a query of the relevant data, Merck states that the following PIR responses were sent to Plaintiff's Prescribing Physician(s) and/or Sample Provider(s):*

| Prescriber | Prescriber Address | Title | Bates Range | Date |
|---|---|---|---|---|
| Olsen, Karen | 9600 S. 1300 E., Sandy, UT 84094 | VIO8681: | MRK-AKT0025045 to MRK-AKT0025058 | 11/19/2001 |
| Olsen, Karen | 9600 S. 1300 E., Sandy, UT 84094 | VIO8553: the design and duration of the acute pain clinical trials conducted with VIOXX. | MRK-AKT4157855 to MRK-AKT4157855 | 3/14/2000 |
| Olsen, Karen | 9600 S. 1300 E., Sandy, UT 84094 | VIO8140: | MRK-AKT4162144 to MRK-AKT4162152 | 3/22/2000 |
| Vogeler, Douglas | 9660 S 1300 E #303, Sandy, UT 84094 | VIO8148: a comparison of VIOXX and Celebrex | MRK-AKT0121157 to MRK-AKT0121164 | 8/9/2000 |

*To the extent no data is referenced above, Merck does not have record of any PIR responses being sent to the Plaintiff's Prescribing Physician(s) and/or Sample Provider(s) in this case.*

B.     OTHER CONTACTS

1. For each prescribing health care provider identified, please identify all contacts between Merck sales representatives and that provider and please produce the following information:

| Plaintiff's Dispensing Health Care Provider | Identity and last known address and telephone number Merck representative | The current relationship, if any, between Merck and the sales representative | Date(s) of Contact |
|---|---|---|---|
| *Please see attached data responsive to this request.* | *Please see attached data responsive to this request.* | *Please see attached data responsive to this request.* | *Please see attached data responsive to this request.* |

*Merck states that the MPF obligates it to provide the identity and last known address and telephone number of the Merck professional representative(s) who had contact with Plaintiff's Prescribing Physician(s) and/or Sample Provider(s), the current relationship*

MRK-SMPF0001339

M006B45318

*(s), if any, of the representative(s) with Merck, and the date(s) of contact between the representative(s) and that physician to the extent such data exists.*

*The following Bates range corresponds to a report generated after a search of the relevant Merck systems and provides data relating to sales representatives and sales calls on Plaintiff's Prescribing Physician(s) and/or Sample Provider(s):*

MRK-SMPF0001354 to MRK-SMPF0001376

*This report identifies the entirety of data responsive to this portion of the MPF.*

*Merck states that if data is not provided in response to this portion of the MPF, a query of the relevant systems yielded no data or the requested data was otherwise unavailable or inaccessible to Merck.*

2. For each prescribing health care provider, please state whether Merck or its representatives ever provided him or her (or anyone in his or her practice) Vioxx samples. If the answer is "yes," please state:

   A) The number or sample packets provided and the dosages provided;

   B) The dates that they were shipped and/ or provided;

   C) The lot numbers for the samples provided on each date identified;

   D) The identity of the person or persons who provided the samples.

*Merck states that it only maintains current physician affiliate data. Therefore, someone who is now in the practice of Plaintiff's Prescribing Physician(s) and/or Sample Provider (s), but was not in the past, will be reported on erroneously. In addition, someone who is currently not in the practice of Plaintiff's Prescribing Physician(s) and/or Sample Provider(s), but was in the past, will not be reported on even though that physician might have received samples.*

*Merck further states that limited historic electronic data prior to April 2002 relating to Merck's sample disbursements cannot be reliably linked to a specific Plaintiff's Prescribing Physician(s) and/or Sample Provider(s) and will not be provided. Approximately 99% of all sample data is available and will be provided where relevant and responsive.*

*Merck also states that its system of record for tracking product samples contains certain historical inaccuracies and/or omissions relating to lot numbers.*

*The following Bates range corresponds to a report generated after a query of Merck's systems and identifies responsive data relating to Vioxx samples distributed to Plaintiff's Prescribing Physician(s) and/or Sample Provider(s):*

MRK-SMPF0001377 to MRK-SMPF0001416

*This report identifies the entirety of data responsive to this portion of the MPF.*

*Merck states that if data is not provided in response to this portion of the MPF, a query of the relevant systems yielded no data or the requested data was otherwise unavailable or inaccessible to Merck.*

3.     Please identify the person or persons who provided information responsive to Section II or any of its subparts.

*As indicated above, Janet Scott is the individual at Merck who has ultimate responsibility for providing information responsive to this request.*

C.    Consulting With Plaintiff's Dispensing Health Care Provider

1.     In Section IV(A) of Plaintiff's Profile Form, plaintiff identified his/her prescribing health care provider(s). If you have ever retained any of plaintiff's prescribing health care providers as a member of Merck's Speaker Program, a Merck Clinical Investigator, or a consultant in any other capacity on the subject of pain medications (including Vioxx, Celebrex, Bextra or any other NSAID) or cardiovascular risk, please state:

A)   The identity of the healthcare provider consultant:

*Please see attached report(s).*

B)   The dates they were affiliated with Merck:

*Merck states that there is no database or system that tracks "affiliation" of a particular physician with Merck. As a result, Merck interprets the phrase "dates they were affiliated" to mean the dates on which payments were made to the Plaintiff's Prescribing Physician(s) and/or Sample Provider(s) and will provide such payment information in response to this portion of the MPF.*

C)   The amount of money Merck paid in expenses, honoraria and fees, per calendar year.

*Merck states that payments made to third-party entities on behalf of the Plaintiff's Prescribing Physician(s) and/or Sample Provider(s) may not be linked back to that physician. Merck will provide all payments made directly to the Plaintiff's Prescribing Physician(s) and/or Sample Provider(s) regardless of the purpose for which such payments were made.*

*Merck further states that because of technical limitations in the system for reporting payment data, payments to physicians cannot be reliably linked to a specific product or therapeutic area. Accordingly, to the extent that such payment information is provided in response to this portion of the MPF, it, in whole or in part, is not necessarily related to Vioxx.*

D)   Please identify or produce all consulting agreements and contracts.

*Merck states that different business units at Merck have different standards for maintaining contracts and agreements in the ordinary course of business. Accordingly, some of these documents are unavailable. Available contracts will be identified or produced.*

*Merck further states that to the extent an actual consulting agreement or contract is available, it is provided as an attachment to this MPF. If no data is attached hereto, a query of Merck's systems and/or records produced no data*

MRK-SMPF0001341

M006B45320

*responsive to this portion of the MPF.*

MRK-SMPF0001417 to MRK-SMPF0001431

*This report identifies the entirety of data responsive to this portion of the MPF.*

*Merck states that if data is not provided in response to this portion of the MPF, a query of the relevant systems yielded no data or the requested data was otherwise unavailable or inaccessible to Merck. To the extent large portions of the financial data appear redacted, such redactions reflect non-responsive data that is entirely irrelevant to Plaintiff or Plaintiff's Prescribing Physician(s) and/or Sample Provider(s) in this case.*

    E)    Please identify if Prescriber has been designated by Merck as a "thought leader":

    _____ Yes    __X__ No

2.     For each of plaintiff's prescribing healthcare providers identified in section III(A) above, please state whether they did in fact attend any Merck sponsored conferences or events. If your answer is "yes," to the extent such information exists, please state:

    A)    The identity of the heath care provider consultant:

    *Please see attached report(s).*

    B)    The title, location and date of the speaker's program attended:

    *Please see response below and any attached report(s).*

    C)    The topic of the speaker's program:

    *Please see response below and any attached report(s).*

    D)    All speakers at the speaker's program:

    *Please see response below and any attached report(s).*

    E)    Please provide or identify the agenda/brochure for the conference or program.

    *Merck states that it does not maintain, in the ordinary course of business, records of agendas or brochures for Merck Speaker Programs.*

*Merck states that it does not maintain, in the ordinary course of business, records of physicians who were invited to a Merck Speaker Program but did not attend. Merck will provide information relating to attendees.*

*Merck further states that data relating to "locations," "titles," "topics" and/or "speakers" for certain types of Merck Speaker Programs were not recorded and cannot be provided.*

*To the extent data responsive to subsections II.C.2.A-D is currently available, it is provided as an attachment to this MPF.*

*If no data is attached hereto, a query of Merck's systems and/or records produced no data responsive to this portion of the MPF.*

*The following Bates range corresponds to a report generated after a query of Merck's systems and identifies responsive data relating to a conference or event participated in or attended by Plaintiff's Prescribing Physician(s) and/or Sample Provider(s):*

MRK-SMPF0001432 to MRK-SMPF0001440

*To the extent no data is referenced above, Merck does not have record of any responsive data relating to a conference or event participated in or attended by Plaintiff's Prescribing Physician(s) and/or Sample Provider(s) in this case.*

3. Has plaintiff's Prescribing healthcare provider ever contacted you to request information concerning Vioxx, its indications, its effects and/or its risks?



```
_____        ___X___
   Yes              No
```

If your answer is "yes," please identify by Bates range or attach any document which refers to your communication with plaintiff's Prescribing healthcare provider.

No data returned or available.

*Merck states that because many databases at Merck require the input of very limited identifying information relating to a patient or Prescriber and/or Sample Provider (and there is no standard or consistent formatting convention used for names), it is often impossible to determine with the certainty required by the Certification that the data output generated is, indeed, the specific individual identified in a Plaintiff Profile Form.*

*Merck further states that its response to this portion of the MPF relates to any contact by Plaintiff's Prescribing Physician(s) and/or Sample Provider(s) with Merck <u>other</u> than those identified in other portions of the MPF. Most notably, this portion of the MPF should be read to exclude PIR responses sent to Plaintiff's Prescribing Physician(s) and/or Sample Provider(s) and to include all such other contact by Plaintiff's Prescribing Physician(s) and/or Sample Provider(s) with Merck.*

*To the extent data is available, it is provided as an attachment to this MPF.*

*To the extent no data is referenced above, Merck does not have record of any responsive data relating to such additional contacts with Plaintiff's Prescribing Physician(s) and/or Sample Provider(s) in this case.*

4. Please identify the person or persons who provided information responsive to Section III or any of its subparts, giving their name, address, telephone number indicating whether said person is currently an employee of Merck and the dates of employment.

MRK-SMPF0001343

M006B45322

> *Janet Scott is the individual at Merck who has ultimate responsibility for providing information responsive to this request. Janet Scott's address is as follows: Merck & Co., Inc.;770 Sumneytown Pike; P.O. Box 4; West Point, PA 19486.*
>
> *Ms. Scott is a current employee of Merck and has been employed by Merck since November 1988.*
>
> *Plaintiffs may contact Ms. Scott through counsel of record at Dechert LLP.*

### III. PLAINTIFF'S PRESCRIBING HEALTH CARE PROVIDER'S PRESCRIBING PRACTICES

In Section IV(A) of plaintiff's fact sheet, plaintiff identified his/her Prescribing health care provider(s). For each listed provider, please state and produce the following:

1. Do you have or have you had access to any database or information which purports to track any of plaintiff's Prescribing healthcare provider's prescribing practices with respect to Vioxx prescribed, the number or prescriptions, the number of refills and the time frame when these products were prescribed or (re) filled)

    __X__   _____
    Yes      No

   > If your answer is "yes," please produce the database or document which captures that information.
   >
   > *Merck's Prescriber Data Mart ("PDM") maintains data purchased from and owned by IMS Health Incorporated. Merck states that it is currently in the process of making an extraction of all Vioxx-related prescription data and that, upon proper authorization from IMS, case-specific data will be provided in response to this portion of the MPF.*
   >
   > *Merck states that if no data is provided in response to this portion of the MPF, a query of the relevant systems yielded no data or the requested data was otherwise unavailable or inaccessible to Merck.*

### IV. PLAINTIFF'S MEDICAL CONDITION

1. Have you been contacted by Plaintiff, any of his/her physicians, or anyone on behalf of plaintiff concerning plaintiff?

    _____   __X__
    Yes      No

   > If your answer is "yes", please a.) state the name of the person(s) who contacted you, b.) state the person(s) who were contacted including their name, address and telephone number and, c.) produce or identify any and all

> documents which reflect any communication between
> any person and you concerning plaintiff.

> *Merck states that because many databases at Merck require the input of very limited identifying information relating to a patient or Prescriber and/or Sample Provider (and there is no standard or consistent formatting convention used for names), it is often impossible to determine with the certainty required by the Certification that the data output generated is, indeed, the specific individual identified in a Plaintiff Profile Form.*

> *Notwithstanding Merck's response to section II.A.2 relating to PIRs, Merck hereby responds to this portion of the MPF by providing the following information relating to additional contacts concerning Plaintiff, to the extent any such contacts exist. If no data is attached hereto, a query of Merck's systems produced no data responsive to these requests prior to the lawsuit initiated by Plaintiff.*

No data returned or available.

2. Please produce a copy of any MedWatch form (or electronic E2B-formatted document), which refers or relates to plaintiff, including back-up documentation concerning plaintiff and any evaluation you did concerning the plaintiff.

> *Merck states that if someone calls Merck on behalf of a patient, in the ordinary course of business, including making reports of adverse events, Merck does not require that the caller provide the name of the patient or any patient-identifying information. Therefore, only data associated with name fields that explicitly contain Plaintiff's name can be provided. Finally, adverse event reporting for clinical trials does not identify subjects by name because of blinding.*

> *Merck further states that it does not require that the name of the person who initiated or received the contact be recorded in the ordinary course of business. Individuals at Merck who were contacted cannot always be uniquely identified in its systems such that an address and telephone number can be obtained. Data will be provided to the extent available through Merck systems.*

> *Merck also states that beginning in 2003, MedWatch forms were no longer produced to the FDA in paper format, but were instead, submitted electronically in machine-coded E2B format. If a paper MedWatch form was prepared and submitted to the FDA, Merck will provide a copy of that form. Otherwise, all remaining responsive MedWatch data submitted to the FDA will be produced in E2B format and included with the MPF.*

> *Merck hereby responds to this portion of the MPF by providing the following information regarding Medwatch forms relating to Plaintiff, to the extent any such documentation exists. If no data is attached hereto, a query of Merck's systems produced no data responsive to these requests prior to the lawsuit initiated by Plaintiff.*

No data returned or available.

3. Please identify at the end of this document the person or persons with ultimate

responsibility for providing information responsive to Section IV or any of its subparts.

*Janet Scott is the individual at Merck who has ultimate responsibility for providing information responsive to this request.*

## V. ADVERTISING

1. Did you advertise Vioxx in the Media Market that plaintiff lived in at the time that he or she took Vioxx?

   __X__  _____
   Yes     No

2. If your answer to the preceding question is "yes," please identify the identity of the media outlet, and the dates that the advertisements ran.

| Identity of the Advertisement and intended media marketplace | Nature of media (print of television) | Identity of the media outlet | Dates that advertisements ran |
|---|---|---|---|
| *See response below.* | *See response below.* | *See response below.* | *See response below.* |

*Please provide or identify by Bates range true and accurate copies of any advertisement identified above.*

*Merck states that it engaged in a national advertising campaign for Vioxx that was not tailored for any specific media outlet. Merck refers counsel to its universal production of a spreadsheet reflecting the comprehensive national and regional print and television advertising data during the period in which Vioxx was approved by the FDA for marketing in the United States. This production, entitled "Universal Production of National Print and Television Advertising Data" and available to counsel at Bates range MRK-AMI 0000001-0001098, includes data concerning "identification of the advertisement," "intended media marketplace," "nature of media (print or television)," "identity of the media outlet," "dates the advertisements ran," and references to Bates number ranges of those previously produced images or other media representing such advertisements, as those categories are set forth above.*

3. Did you advertise Vioxx in the Media Market that plaintiff's prescribing healthcare provider's office was located at the time that plaintiff took Vioxx?

   __X__  _____
   Yes     No

4. If your answer to the preceding question is "yes," please identify the identity of the media outlet and the dates that the advertisements ran.

| Identity of the | | | |
|---|---|---|---|

MRK-SMPF0001346

M006B45325

| advertisements and intended media marketplace | Nature of media (print or television) | Identity of the media outlet | Dates that advertisements ran |
|---|---|---|---|
| *See response below.* | *See response below.* | *See response below.* | *See response below.* |

*Please provide or identify by Bates range true and accurate copies of any advertisement identified above.*

*Merck states that it engaged in a national advertising campaign for Vioxx that was not tailored for any specific media outlet. Merck refers counsel to its universal production of a spreadsheet reflecting the comprehensive national and regional print and television advertising data during the period in which Vioxx was approved by the FDA for marketing in the United States. This production, entitled "Universal Production of National Print and Television Advertising Data" and available to counsel at Bates range MRK-AMI 0000001-0001098, includes data concerning "identification of the advertisement," "intended media marketplace," "nature of media (print or television)," "identity of the media outlet," "dates the advertisements ran," and references to bates number ranges of those previously produced images or other media representing such advertisements, as those categories are set forth above.*

## VI.   DOCUMENTS

To the extent you have not already done so, please produce a copy of all documents and things that fall into the categories listed below. These include documents in the possession of any of your present and former employees, including information provided to your attorneys:

1. Any document which relates to or refers to plaintiff.

   No data returned or available.

2. Any document sent to or received from any of plaintiff's prescribing physicians.

   No data returned or available.

3. Any document reflecting any actual communication between you and plaintiff's prescribing physicians concerning the cardiovascular risks associated with Vioxx.

   No data returned or available.

4. Any document which purports to describe the prescribing practices of any of plaintiff's prescribing physicians.

   No data returned or available.

MRK-SMPF0001347

M006B45326

## *RESPONSE TO REQUESTS FOR PRODUCTION NOS. 1 - 4:*

*Merck objects to these requests to the extent they seek documents and/or data that are, or should be, in the possession of plaintiff, plaintiff's prescribing physician(s), or plaintiff's attorneys or that are otherwise unrelated to Vioxx or to plaintiff's claims in this case. Merck further objects to these requests to the extent they seek information that is protected from disclosure by Merck's confidentiality agreements with third parties.*

*Subject to and without waiving its objections, Merck states that it has conducted a reasonable investigation into the existence of documents and/or data responsive to these requests and has produced all such documents and/or data deemed responsive to these requests, including all call note data in accordance with Merck's obligations under Pre-Trial Order No. 21. Merck is currently aware of no additional responsive documents and/or data in its possession, custody or control that have not already been produced, reasonably available given the nature and manner of how documents and/or data are maintained at Merck, or is not otherwise identified above in its responses in this Merck Profile Form.*

MRK-SMPF0001348

M006B45327

## CERTIFICATION

  I declare under penalty of perjury subject to 28 U.S.C. § 1746 that all of the information provided in this Profile Form is true and correct to the best of my knowledge and that I have supplied all requested documents to the extent that such documents are in my possession, custody and control (including the custody and control of my lawyers).

| _____ | _____ | _____ |
|---|---|---|
| Signature | Janet Scott | 05/16/2006 |
| | Print Name | Date |

MRK-SMPF0001349

M006B45328