**In Re: Vioxx Product Liability Litigation**

**MDL No. 1657**

**DEFENDANT MERCK CASE PROFILE FORM**

For each case, Defendant Merck must complete this Case Profile Form and identify or provide, as set forth below, documents and/or data relating to Plaintiff and Plaintiff's Prescribing Healthcare Provider where the names can be reasonably identified. This Case Profile Form must be completed and served on all counsel representing Plaintiff in the action identified in Section I below. This must be answered and served 90 days after the date that the Plaintiff's Profile Form has been served on Defendant Merck & Co.

You should attach additional sheets of paper if that is necessary to completely answer the following questions.

*Merck states that if data were not provided in response to a given section of the MPF, a query of the necessary systems yielded no data or the requested data was otherwise unavailable or inaccessible to Merck. It is a data limitation of any system that, in certain circumstances, reliable data simply cannot be obtained. Importantly, the unavailability of such data is not an MPF deficiency.*

*Merck further states that its databases and systems routinely return data that is non-responsive or otherwise irrelevant to Plaintiff or Plaintiff's Prescribing Physician(s) and/or Sample Provider(s) in the litigation. Such data is excluded or redacted, as necessary, in the accompanying MPF data package, and the MPF is not deficient in this regard. Importantly, data and documents redacted or withheld on the basis of privilege will be appropriately logged and communicated to counsel as part of the MPF production. If a privilege log is not included in the MPF production, counsel may assume that the redactions in the MPF data package do not relate to a claim of privilege.*

*Merck also states that certain output from Merck's databases and systems cannot be provided on a single page. Accordingly, certain reports provided in the MPF data package cannot be manipulated and are necessarily divided into multiple pages to accommodate production requirements.*

*Finally, Merck states that because many databases at Merck require the input of very limited identifying information relating to a patient or Prescriber and/or Sample Provider (and there is no standard or consistent formatting convention used for names), it is often impossible to determine with the certainty required by the Certification that the data output generated is, indeed, the specific individual identified in a Plaintiff Profile Form.*

**I.       CASE INFORMATION**

This defendant fact sheet pertains to the following case:

Case caption:          *Mason, Charles L. v. Merck & Co., Inc.*

Civil Action No.:      *06-0810*

Court in which action was originally filed:      *Louisiana, E.D.*

Name and Address of all person(s) who provided information responsive to the questions posed in this



PLAINTIFF'S EXHIBIT
F

MRK-SMPF0018538

M0068453290

fact sheet:

> *Merck states that, given the broad range of cross-divisional systems implicated in the Merck Profile Form ("MPF"), there is no one individual at Merck who is in a position to swear under penalty of perjury that all data output is "true and correct to the best of [his/her] knowledge." As with any verified discovery response, a good faith effort has been made to investigate and properly respond to the requests set forth in the MPF.*
>
> *Merck further states that there is no single individual at Merck responsible for querying all the systems from which data is collected and provided in this MPF. The identity of one person who has a general, overall knowledge of Merck systems and ultimate responsibility for the extraction of data responsive to all portions of the MPF will be provided.*

A: _____  *Janet Scott*

(Name)

*Merck & Co., Inc.*
*770 Sumneytown Pike*
*P.O. Box 4*
*West Point, PA 19486*

(Address)

## II.   CONTACTS WITH DISPENSING HEALTHCARE PROVIDER

In Section IV (A.) of Plaintiff's Profile Form, plaintiff identified those who prescribed or dispensed Vioxx to plaintiff (hereinafter "Prescribing Health Care Provider"). For each prescribing health care provider identified, please state and, where requested, provide the following:

### A.   Dear Doctor or Dear Healthcare Provider Letters:

1.   For each "Dear Doctor" or "Dear Healthcare Provider" letter that you contend was *actually sent* to plaintiff's prescribing health care provider, please: a.) identify by Bates range and attach template of the letter sent; b.) state the date that each letter was actually sent to plaintiff's dispensing health care provider; c.) state the person to whom each letter was actually sent, d.) state the address where it was sent, e.) identify the database or documents that demonstrate these facts and, f.) identify the persons who provided information responsive to this request.

---

> *NOTE: Please attach hereto a copy of each letter allegedly sent to plaintiff's dispensing health care provider.*

> *Merck states that distribution lists for the so-called "Dear Doctor" or "Dear Healthcare Provider" letters were not maintained by Merck in the ordinary course of business, and several such lists are not available. If the name of Plaintiff's Prescribing Physician(s) and/or Sample Provider(s) appears on one of the available distribution lists, Merck will provide the relevant information in response to this portion of the MPF.*

> *Merck further states that the dates on which so-called "Dear Doctor" or "Dear Healthcare Provider" letters were "actually sent" were not tracked by Merck in the ordinary course of business. However, Merck can, to the extent that the information is available, provide dates on which letters were sent to third-party vendors for*

MRK-SMPF0018539

M006B45330

*distribution. The dates indicated on the face of the letter do not necessarily reflect the date on which the letter was "actually sent" by Merck to the Plaintiff's Prescribing Physician(s) and/or Sample Provider(s), although the accompanying report identifies approximate dates on which those letters were sent to physicians. Such information will be included on a report containing other data responsive to this portion of the MPF.*

*Merck also states that there is no specific physician-identifying information on any of the so-called "Dear Doctor" or "Dear Healthcare Provider" letters, and copies of the actual letters sent to physicians were not maintained by Merck in the ordinary course of business. All such form letters have already been produced in this litigation. If Merck has record that a particular Prescribing Physician and/or Sample Provider was sent one or more of these letters, the identification of a specific Bates range will direct counsel to a copy of that letter. In addition, when appropriate, a copy of the generic form letter will also be included in the accompanying MPF data package.*

*The following Bates range, located in the accompanying CD in a folder entitled "Folder A," corresponds to a report generated after a search of Merck's records and identifies responsive data, if available, relating to the "Dear Doctor" letters sent to Plaintiff's Prescribing Physician(s) and/or Sample Provider(s):*

MRK-SMPF0018554 to MRK-SMPF0018555

*This report, in turn, identifies additional Bates ranges representing copies of those generic letters, all of which have previously been produced in this litigation. To the extent no data is referenced above, Merck does not have record of any Dear Doctor letters being sent to the Plaintiff's Prescribing Physician(s) and/or Sample Provider(s) in this case. If the results provided in the MPF data package do not relate to all Prescribing Physician(s) and/or Sample Provider(s) identified by Plaintiff, such data represents the entirety of information that can be reliably related to those physicians in Merck's databases and systems, and the MPF is not deficient in this regard.*

*Merck states that all templates of Dear Doctor letters, regardless of whether they were actually sent to the Plaintiff's Prescribing Physician(s) and/or Sample Provider(s) as indicated in the above-referenced report, have been reproduced by Merck for the convenience of counsel in the accompanying CD in a folder entitled "Folder B."*

2.     In addition, Merck will identify any Professional Information Request letters that Merck contends or believes were actually sent to the Plaintiff's Prescribing Health Care Provider identified in Section IV.A of Plaintiff's Profile Form within the relevant time period set forth above. Merck will also identify: (a) the date that each letter was sent to Plaintiff's Prescribing Health Care Provider; and (b) the address where each letter was sent.

*NOTE: Please attach hereto a copy of each letter allegedly sent to plaintiff's dispensing health care provider.*

*Merck states that it has previously made a universal production of all Vioxx-related Physician Information Requests ("PIRs"), which are better characterized as the "responses" made to such physicians' requests. This production is entitled "Universal - Mercury Database Vioxx PIRs" and is available to counsel at Bates range MRK-AKT 0000001-4391204. Any specific PIR responses that were sent to Plaintiff's Prescribing Physician(s) and/or Sample Provider(s) have been reproduced by Merck for the convenience of counsel in the accompanying CD in a folder entitled "Folder B."*

MRK-SMPF0018540

*Merck further states that, in certain circumstances, a PIR was orally communicated to Plaintiff's Prescribing Physician(s) and/or Sample Provider(s). Although there is no written PIR response in such cases, Merck will provide any data to the extent it is available in its systems.*

*After a query of the relevant data, Merck states that the following PIR responses were sent to Plaintiff's Prescribing Physician(s) and/or Sample Provider(s):*

| Prescriber | Prescriber Address | Title | Bates Range | Date |
|---|---|---|---|---|
| Olsen, Karen | 9600 S. 1300 E., Sandy, UT 84094 | VIO8681: | MRK-AKT0025045 to MRK-AKT0025058 | 11/19/2001 |
| Olsen, Karen | 9600 S. 1300 E., Sandy, UT 84094 | VIO8553: the design and duration of the acute pain clinical trials conducted with VIOXX. | MRK-AKT4157855 to MRK-AKT4157855 | 3/14/2000 |
| Olsen, Karen | 9600 S. 1300 E., Sandy, UT 84094 | VIO8140: | MRK-AKT4162144 to MRK-AKT4162152 | 3/22/2000 |
| Vogeler, Douglas | 9660 S 1300 E #303, Sandy, UT 84094 | VIO8148: a comparison of VIOXX and Celebrex | MRK-AKT0121157 to MRK-AKT0121164 | 8/9/2000 |

*To the extent no data is referenced above, a query of the Merck systems yielded no data relating to PIR responses being sent to the Plaintiff's Prescribing Physician(s) and/or Sample Provider(s) in this case. If the results provided in the MPF data package do not relate to all Prescribing Physician(s) and/or Sample Provider(s) identified by Plaintiff, such data represents the entirety of information that can be reliably related to those physicians in Merck's databases and systems, and the MPF is not deficient in this regard.*

*To the extent Merck has record of a written PIR response being sent to Plaintiff's Prescribing Physician(s) and/or Sample Provider(s), the documents will be included in the accompanying MPF data package.*

B.     OTHER CONTACTS

1.     For each prescribing health care provider identified, please identify all contacts between Merck sales representatives and that provider and please produce the following information:

| Plaintiff's Dispensing Health Care Provider | Identity and last known address and telephone number Merck representative | The current relationship, if any, between Merck and the sales representative | Date(s) of Contact |
|---|---|---|---|
| *Please see attached data responsive to this request.* | *Please see attached data responsive to this request.* | *Please see attached data responsive to this request.* | *Please see attached data responsive to this request.* |

*Merck states that the MPF obligates it to provide the identity and last known address and telephone number of the Merck professional representative(s) who had contact with Plaintiff's Prescribing Physician(s) and/or Sample Provider(s), the current relationship (s), if any, of the representative(s) with Merck, and the date(s) of contact between the representative(s) and that physician to the extent such data exists.*

*The following Bates range, located in the accompanying CD in a folder entitled "Folder A," corresponds to a report generated after a search of the relevant Merck systems and provides data relating to sales representatives and sales calls on Plaintiff's Prescribing*

*Physician(s) and/or Sample Provider(s), including, when available, data relating to plaintiff's prescribing physicians from the "call notes" table of the FACTS database:*

MRK-SMPF0018556 to MRK-SMPF0018577

*This report identifies the entirety of data responsive to this portion of the MPF. Merck states that if data is not provided in response to this portion of the MPF, a query of the relevant systems yielded no data or the requested data was otherwise unavailable or inaccessible to Merck. If the results provided in the MPF data package do not relate to all Prescribing Physician(s) and/or Sample Provider(s) identified by Plaintiff, such data represents the entirety of information that can be reliably related to those physicians in Merck's databases and systems, and the MPF is not deficient in this regard.*

*Merck states that the "Status" column in this report identifies the current relationship of the professional representative and Merck. A designation of "Active" indicates that the representative is currently employed by Merck. A designation of "Terminated" indicates only that the representative is no longer employed by Merck and does not suggest that the individual was actually terminated by the company. Other designations, such as "Leave of Absence," should be self-explanatory.*

*Merck further states that data relating to plaintiff's prescribing physicians from the "call notes" table of the FACTS database has been reproduced by Merck for the convenience of counsel in the accompanying CD in a folder entitled "Folder B."*

2.      For each prescribing health care provider, please state whether Merck or its representatives ever provided him or her (or anyone in his or her practice) Vioxx samples. If the answer is "yes," please state:

A)      The number or sample packets provided and the dosages provided;

B)      The dates that they were shipped and/ or provided;

C)      The lot numbers for the samples provided on each date identified;

D)      The identity of the person or persons who provided the samples.

*Merck states that historical physician affiliate data is not maintained in the ordinary course of business. Therefore, someone who is now in the practice of Plaintiff's Prescribing Physician(s) and/or Sample Provider(s), but was not in the past, will be reported on erroneously. In addition, someone who is currently <u>not</u> in the practice of Plaintiff's Prescribing Physician(s) and/or Sample Provider(s), but was in the past, will not be reported on even though that physician might have received samples.*

*Merck further states that limited historic electronic data prior to April 2002 relating to Merck's sample disbursements cannot be reliably linked to a specific Plaintiff's Prescribing Physician(s) and/or Sample Provider(s) and will not be provided. Approximately 99% of all sample data is available and will be provided to the extent the data can be reliably related to those physicians in Merck's databases and systems.*

*Merck also states that its system of record for tracking product samples contains certain historical inaccuracies and/or omissions relating to lot numbers.*

*The following Bates range, located in the accompanying CD in a folder entitled "Folder A," corresponds to a report generated after a query of Merck's systems and identifies responsive data relating to Vioxx samples distributed to Plaintiff's Prescribing Physician*

M006B45333

(s) and/or Sample Provider(s):

MRK-SMPF0018578 to MRK-SMPF0018581

*This report identifies the entirety of data responsive to this portion of the MPF. Merck states that if data is not provided in response to this portion of the MPF, a query of the relevant systems yielded no data or the requested data was otherwise unavailable or inaccessible to Merck. If the results provided in the MPF data package do not relate to all Prescribing Physician(s) and/or Sample Provider(s) identified by Plaintiff, such data represents the entirety of information that can be reliably related to those physicians in Merck's databases and systems, and the MPF is not deficient in this regard.*

3.  Please identify the person or persons who provided information responsive to Section II or any of its subparts.

    *As indicated above, Janet Scott is the individual at Merck who has ultimate responsibility for providing information responsive to this request.*

C.  Consulting With Plaintiff's Dispensing Health Care Provider

1.  In Section IV(A) of Plaintiff's Profile Form, plaintiff identified his/her prescribing health care provider(s). If you have ever retained any of plaintiff's prescribing health care providers as a member of Merck's Speaker Program, a Merck Clinical Investigator, or a consultant in any other capacity on the subject of pain medications (including Vioxx, Celebrex, Bextra or any other NSAID) or cardiovascular risk, please state:

    A)  The identity of the healthcare provider consultant:

        *Please see attached report(s).*

    B)  The dates they were affiliated with Merck:

        *Merck states that there is no database or system that tracks "affiliation" of a particular physician with Merck. As a result, Merck interprets the phrase "dates they were affiliated" to mean the first and last dates on which payments were made to the Plaintiff's Prescribing Physician(s) and/or Sample Provider(s) and will provide such payment information in response to this portion of the MPF.*

    C)  The amount of money Merck paid Prescriber and the affiliated entity in which Prescriber practices in expenses, honoraria and fees, per calendar year.

        *Merck states that payments made to third-party entities on behalf of the Plaintiff's Prescribing Physician(s) and/or Sample Provider(s) may not be linked back to that physician. Merck will provide all payments made to the Plaintiff's Prescribing Physician(s) and/or Sample Provider(s) regardless of the purpose for which such payments were made.*

        *Merck further states that because of technical limitations in the systems for reporting payment data, payments to physicians cannot always be reliably linked to a specific product or therapeutic area. Accordingly, to the extent that such payment information is provided in response to this portion of the MPF,*

MRK-SMPF0018543

*it, in whole or in part, is not necessarily related to Vioxx.*

*Merck also states that as a result of a so-called "wild card" search for responsive financial data, Merck's systems routinely return a broad range of non-responsive data that is entirely unrelated to Plaintiff or Plaintiff's Prescribing Physician(s) and/or Sample Provider(s) in this case. Accordingly, the report provided in the MPF data package contains redacted fields representing such non-responsive data.*

*In addition, Merck states that the report provided in response to this portion of the MPF is generated directly from Merck's systems maintaining payments to physicians and their affiliated practice groups and tracks standard bookkeeping and accounting conventions.*

*Finally, as stated above, certain output from Merck's databases and systems cannot be provided on a single page. Accordingly, certain reports provided in the MPF data package cannot be manipulated and are necessarily divided into multiple pages to accommodate production requirements.*

D)   Please produce all consulting agreements and contracts.

*Merck states that different business units at Merck have different standards for maintaining contracts and agreements in the ordinary course of business. Accordingly, some of these documents are unavailable. Available contracts will be identified or produced.*

*Merck further states that, in certain circumstances, only partial contracts are available at Merck. To the extent an actual consulting agreement or contract is available, in its entirety or any portion thereof, it is provided as an attachment to this MPF. If no data is attached hereto, a query of Merck's systems and/or records produced no data responsive to this portion of the MPF, and the MPF is not deficient in this regard.*

MRK-SMPF0018582 to MRK-SMPF0018583

*The data identified by the above-referenced Bates range can be found in the accompanying CD in a folder entitled "Folder A."*

*This report identifies the entirety of data responsive to this portion of the MPF. If data is not provided in response to this portion of the MPF, a query of the relevant systems yielded no data or the requested data was otherwise unavailable or inaccessible to Merck. If the results provided in the MPF data package do not relate to all Prescribing Physician(s) and/or Sample Provider(s) identified by Plaintiff, such data represents the entirety of information that can be reliably related to those physicians in Merck's databases and systems, and the MPF is not deficient in this regard.*

E)   Please identify if Prescriber has been designated by Merck as a "thought leader":



| | X |
|---|---|
| Yes | No |

*Merck states that it does not "retain" physicians in the capacity of so-called "thought leaders" as part of the development or promotion of its products. Rather, thought leaders are opinion leaders in the medical community whom Merck identifies in the ordinary course of its business. If Merck has designated the Prescriber as a thought leader, the MPF will indicate that fact.*

2.  For each of plaintiff's prescribing healthcare providers identified in section III(A) above, please state whether they were ever invited to attend and/or did in fact attend any Merck sponsored conferences or events. If your answer is "yes," to the extent such information exists, please state:

  A)  The identity of the heath care provider consultant:
  *Please see attached report(s).*

  B)  The title, location and date of the speaker's program attended:
  *Please see response below and any attached report(s).*

  C)  The topic of the speaker's program:
  *Please see response below and any attached report(s).*

  D)  All speakers at the speaker's program:
  *Please see response below and any attached report(s).*

  E)  Please provide or identify the agenda/brochure for the conference or program.
  *Merck states that it does not maintain, in the ordinary course of business, records of agendas or brochures for Merck Speaker Programs.*

*Merck states that it does not maintain, in the ordinary course of business, records of physicians who were invited to a Merck Speaker Program but did not attend. Merck will provide information relating to attendees.*

*Merck further states that data relating to "locations," "titles," "topics" and/or "speakers" for certain types of Merck Speaker Programs were not recorded and cannot be provided.*

*To the extent data responsive to subsections II.C.2.A-D is currently available, it is provided in the MPF data package.*

*The following Bates range, located in the accompanying CD in a folder entitled "Folder A," corresponds to a report generated after a query of Merck's systems and identifies responsive data relating to a conference or event attended by Plaintiff's Prescribing Physician(s) and/or Sample Provider(s).*

MRK-SMPF0018584 to MRK-SMPF0018585

*This report identifies the entirety of data responsive to this portion of the MPF. To the*

MRK-SMPF0018545

M006B45336

*extent no data is referenced above, Merck states that the query of the relevant systems did not report any responsive data relating to a Merck-sponsored conference or event attended by Plaintiff's Prescribing Physician(s) and/or Sample Provider(s) in this case. If the results provided in the MPF data package do not relate to all Prescribing Physician(s) and/or Sample Provider(s) identified by Plaintiff, such data represents the entirety of information that can be reliably related to those physicians in Merck's databases and systems, and the MPF is not deficient in this regard.*

*Merck states that it is possible that additional professional representatives are identified in response to this portion of the MPF because they were involved in coordination of a given Merck-sponsored conference or event. Such representatives did not necessarily call on Plaintiff's Prescribing Physician(s) and/or Sample Provider(s) relating to Vioxx unless previously identified in Sections II.B.1. and 2. above.*

3.    Has plaintiff's Prescribing healthcare provider ever contacted you to request information concerning Vioxx, its indications, its effects and/or its risks?



| _____ | ___X___ |
|:---:|:---:|
| Yes | No |

If your answer is "yes," please identify by Bates range and attach any document which refers to your communication with plaintiff's Prescribing healthcare provider.

No data returned or available.

*The data identified by the above-referenced Bates range can be found in the accompanying CD in a folder entitled "Folder A."*

*As previously indicated above, Merck states that because many databases at Merck require the input of very limited identifying information relating to a patient or Prescriber and/or Sample Provider (and there is no standard or consistent formatting convention used for names), it is often impossible to determine with the certainty required by the Certification that the data output generated is, indeed, the specific individual identified in a Plaintiff Profile Form.*

*Merck further states that its response to this portion of the MPF relates to any contact by Plaintiff's Prescribing Physician(s) and/or Sample Provider(s) with Merck other than those identified in other portions of the MPF. Most notably, this portion of the MPF should be read to exclude PIR responses sent to Plaintiff's Prescribing Physician(s) and/or Sample Provider(s) and to include other contact by Plaintiff's Prescribing Physician(s) and/or Sample Provider(s) with Merck to the extent the data can be reliably related to those physicians in Merck's databases and systems.*

*The documents or data provided in response to this portion of the MPF relate to communications between Merck's National Service Center or otherwise at Merck and Plaintiff's Prescribing Physician(s) and/or Sample Provider(s) and relate to any number of topics (identified in the accompanying materials) concerning Vioxx, its indications, effects and/or risks.*

*To the extent data is available, it is provided as an attachment to this MPF. To the extent no data is referenced above, Merck states that the query of the relevant systems did not report any responsive data relating to such additional contacts with Plaintiff's Prescribing Physician(s) and/or Sample Provider(s) in this case.*

MRK-SMPF0018546

M006B45337

4.      Please identify the person or persons who provided information responsive to Section III or any of its subparts, giving their name, address, telephone number indicating whether said person is currently an employee of Merck and the dates of employment.

*Janet Scott is the individual at Merck who has ultimate responsibility for providing information responsive to this request. Ms. Scott's business address is Merck & Co., Inc.;770 Sumneytown Pike; P.O. Box 4; West Point, PA 19486. Janet Scott is a current employee of Merck and has been employed by Merck since November 1988. Plaintiffs may contact Ms. Scott through counsel of record at Dechert LLP.*

## III.    PLAINTIFF'S PRESCRIBING HEALTH CARE PROVIDER'S PRESCRIBING PRACTICES

In Section IV(A) of plaintiff's fact sheet, plaintiff identified his/her Prescribing health care provider(s). For each listed provider, please state and produce the following:

1.      Do you have or have you had access to any database or information which purports to track any of plaintiff's Prescribing healthcare provider's prescribing practices with respect to Vioxx prescribed, the number or prescriptions, the number of refills and the time frame when these products were prescribed or (re) filled)



|                X                |                            |
| ------------------------------- | -------------------------- |
|               Yes               |              No            |

If your answer is "yes," please produce the database or document which captures that information.

*Merck states that this section of the MPF requests that Merck identify whether it has access to a database or information which 'purports to track any of plaintiff's Prescribing healthcare provider's prescribing practices . . . .' The answer to that question is "Yes," and that database is the Prescriber Data Mart ("PDM"), which is a system at Merck that maintains prescribing data purchased from IMS Health, Inc. ("IMS"). The agreement between IMS and Merck, however, requires Merck to keep the information confidential and to provide notice to IMS of any requests of Merck to produce such information in litigation. In response to requests by various plaintiffs' counsel in the Vioxx litigation for the production of certain information in Merck's possession that is owned by IMS, Merck has asked IMS to consent to the production of such information by Merck. IMS has consented to do so, in limited circumstances and contingent on certain conditions being satisfied, and discussions governing the use and production of such data between IMS and Plaintiffs' Liaison Counsel are ongoing. Merck anticipates being able to make a production of such case-specific data in the near term only upon proper authorization by IMS.*

MRK-SMPF0018547

M0068J45338



## IV.    PLAINTIFF'S MEDICAL CONDITION

1.    Have you been contacted by Plaintiff, any of his/her physicians, or anyone on behalf of plaintiff concerning plaintiff?

|  Yes  |  X  No  |

If your answer is "yes", please a.) state the name of the person(s) who contacted you, b.) state the person(s) who were contacted including their name, address and telephone number and, c.) produce or identify any and all documents which reflect any communication between any person and you concerning plaintiff.

*As previously indicated above, Merck states that because many databases at Merck require the input of very limited identifying information relating to a patient or Prescriber and/or Sample Provider (and there is no standard or consistent formatting convention used for names), it is often impossible to determine with the certainty required by the Certification that the data output generated is, indeed, the specific individual identified in a Plaintiff Profile Form.*

*Merck further states that the queries run on Merck's databases and systems to respond to this portion of the MPF were not limited to adverse event reporting data and include communications between Merck's National Service Center for data relating to Plaintiff in this case to the extent the data can be reliably related to Plaintiff.*

*Notwithstanding Merck's response to section II.A.2 relating to PIRs, Merck hereby responds to this portion of the MPF by providing the following information relating to additional contacts concerning Plaintiff, to the extent any such contacts exist and the data can be reliably related to Plaintiff. If no adverse event reporting data is attached hereto, a query of Merck's systems produced no data responsive to these requests prior to the lawsuit initiated by Plaintiff. If no data is attached hereto, a query of Merck's systems produced no data responsive to these requests.*

No data returned or available.

*The data identified by the above-referenced Bates range can be found in the accompanying CD in a folder entitled "Folder A."*

2.    Please produce a copy of any MedWatch form (or electronic E2B-formatted document), which refers or relates to plaintiff, including back-up documentation concerning plaintiff and any evaluation you did concerning the plaintiff.

*Merck states that if someone calls Merck on behalf of a patient, in the ordinary course of business, including making reports of adverse events, Merck does not require that the caller provide the name of the patient or any patient-identifying information. Therefore, only data associated with name fields that explicitly contain Plaintiff's name can be provided. Finally, adverse event reporting for clinical trials does not identify subjects by name because of blinding.*

*Merck further states that it does not require that the name of the person who initiated or*

MRK-SMPF0018548

M006B45339

*received the contact be recorded in the ordinary course of business. Individuals at Merck who were contacted cannot always be uniquely identified in its systems such that an address and telephone number can be obtained. Data will be provided to the extent available through Merck systems.*

*Merck also states that beginning in 2003, MedWatch forms were no longer produced to the FDA in paper format, but were instead, submitted electronically in machine-coded E2B format. If a paper MedWatch form was prepared and submitted to the FDA, Merck will provide a copy of that form. Otherwise, all remaining responsive MedWatch data submitted to the FDA will be produced in E2B format and included with the MPF.*

*Merck hereby responds to this portion of the MPF by providing the following information regarding Medwatch forms relating to Plaintiff, to the extent any such documentation exists. If no data is attached hereto, a query of Merck's systems produced no data responsive to these requests prior to the lawsuit initiated by Plaintiff.*

No data returned or available.

*The data identified by the above-referenced Bates range can be found in the accompanying CD in a folder entitled "Folder A."*

3.    Please identify the person or persons who provided information responsive to Section IV or any of its subparts.

*Janet Scott is the individual at Merck who has ultimate responsibility for providing information responsive to this request.*

## V.    ADVERTISING

1.    Did you advertise Vioxx in the Media Market that plaintiff lived in at the time that he or she took Vioxx?

| X | |
| --- | --- |
| Yes | No |

2.    If your answer to the preceding question is "yes," please identify the identity of the media outlet, and the dates that the advertisements ran.

| Identity of the Advertisement and intended media marketplace | Nature of media (print of television) | Identity of the media outlet | Dates that advertisements ran |
| --- | --- | --- | --- |
| *See response below.* | *See response below.* | *See response below.* | *See response below.* |

*Please provide or identify by Bates range true and accurate copies of any advertisement identified above.*

*Merck states that it engaged in a national advertising campaign for Vioxx. Accordingly, all advertising in national media outlets (e.g., CNN, Reader's Digest, JAMA, and The Wall Street Journal) and regional media outlets (e.g., The New York Times) potentially relate to Plaintiff in this case. Merck refers counsel to its universal production of a spreadsheet reflecting the comprehensive national and regional print and television*

MRK-SMPF0018549

M006B46340

*advertising data during the period in which Vioxx was approved by the FDA for marketing in the United States. This production, entitled "Universal Production of National Print and Television Advertising Data" and available to counsel at Bates range MRK-AMI 0000001-0001098, includes data concerning "identification of the advertisement," "intended media marketplace," "nature of media (print or television)," "identity of the media outlet," "dates the advertisements ran," and references to Bates number ranges of those previously produced images or other media representing such advertisements, as those categories are set forth above. A copy of this spreadsheet has been reproduced by Merck for the convenience of counsel in the accompanying CD in a folder entitled "Folder B."*

3.      Did you advertise Vioxx in the Media Market that plaintiff's prescribing healthcare provider's office was located at the time that plaintiff took Vioxx?



|      X      |            |
| :---------: | :--------: |
|     Yes     |     No     |

4.      If your answer to the preceding question is "yes," please identify the identity of the media outlet and the dates that the advertisements ran.

| Identity of the advertisements and intended media marketplace | Nature of media (print or television) | Identity of the media outlet | Dates that advertisements ran |
| --- | --- | --- | --- |
| *See response below.* | *See response below.* | *See response below.* | *See response below.* |

*Please provide or identify by Bates range true and accurate copies of any advertisement identified above.*

*Merck states that it engaged in a national advertising campaign for Vioxx. Accordingly, all advertising in national media outlets (e.g., CNN, Reader's Digest, JAMA, and The Wall Street Journal) and regional media outlets (e.g., The New York Times) potentially relate to Plaintiff's Prescribing Physician(s) and/or Sample Provider(s) in this case. Merck refers counsel to its universal production of a spreadsheet reflecting the comprehensive national and regional print and television advertising data during the period in which Vioxx was approved by the FDA for marketing in the United States. This production, entitled "Universal Production of National Print and Television Advertising Data" and available to counsel at Bates range MRK-AMI 0000001-0001098, includes data concerning "identification of the advertisement," "intended media marketplace," "nature of media (print or television)," "identity of the media outlet," "dates the advertisements ran," and references to bates number ranges of those previously produced images or other media representing such advertisements, as those categories are set forth above. A copy of this spreadsheet has been reproduced by Merck for the convenience of counsel in the accompanying CD in a folder entitled "Folder B."*

## VI.      DOCUMENTS

To the extent you have not already done so, please produce a copy of all documents and things that fall into the categories listed below. These include documents in the possession of any of your present and former employees, including information provided to your attorneys:

1.      Any document which relates to or refers to plaintiff.

No data returned or available.

2.      Any document sent to or received from any of plaintiff's prescribing physicians.

No data returned or available.

3.      Any document reflecting any actual communication between you and plaintiff's prescribing physicians concerning the cardiovascular risks associated with Vioxx.

No data returned or available.

4.      Any document which purports to describe the prescribing practices of any of plaintiff's prescribing physicians.

No data returned or available.

5.      Data relating to plaintiff's prescribing physicians from the "call notes" table of the FACTS database.

*Data relating to plaintiff's prescribing physicians from the "call notes" table of the FACTS database has been reproduced by Merck for the convenience of counsel in the accompanying CD in a folder entitled "Folder B." Merck states that this response does not include so-called "weekly notes" that may exist relating to plaintiff's prescribing physicians that are produced on a rolling basis under the relevant order governing productions from the FACTS database. Inclusion of weekly notes in this MPF response would prevent Merck from meeting its FACTS production obligations. Nevertheless, once Merck has produced weekly notes (if any) as part of its standard FACTS productions, Merck will reproduce relevant weekly notes upon written request of counsel of record in this matter.*

## RESPONSE TO REQUESTS FOR PRODUCTION NOS. 1 - 4:

*Merck objects to these requests to the extent they seek documents and/or data that are, or should be, in the possession of plaintiff, plaintiff's prescribing physician(s), or plaintiff's attorneys or that are otherwise unrelated to Vioxx or to plaintiff's claims in this case. Merck further objects to these requests to the extent they seek information that is protected from disclosure by Merck's confidentiality agreements with third parties.*

*Subject to and without waiving its objections, Merck states that it has conducted a reasonable investigation into the existence of documents and/or data responsive to these requests and has produced all such documents and/or data deemed responsive to these requests, including all call note data in accordance with Merck's obligations under the relevant order governing productions from the FACTS database. Merck is currently aware of no additional responsive documents and/or data in its possession, custody or control that have not already been produced, reasonably available given the nature and manner of how documents and/or data are maintained at Merck, or is not otherwise identified above in its responses in this Merck Profile Form.*

M006B45342

MRK-SMPF0018552

M006B45343

## CERTIFICATION

      I declare under penalty of perjury subject to 28 U.S.C. § 1746 that all of the information provided in this Profile Form is true and correct to the best of my knowledge and that I have supplied all requested documents to the extent that such documents are in my possession, custody and control (including the custody and control of my lawyers).


| _Janet Scott_ | Janet Scott | 06/23/2006 |
|---|---|---|
| Signature | Print Name | Date |