UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | * * * * * * * * * * * | MDL No. 1657<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE<br>DANIEL E. KNOWLES, III |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *David Stiff, et al. v. Merck & Co., Inc., et al.*, No. 06-3304.

<u>**ANSWER OF DEFENDANT MERCK & CO., INC.**</u>

      Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the Plaintiffs' Complaint as follows:

<u>**RESPONSE TO COMPLAINT**</u>

      1.     Denies each and every allegation directed towards Merck in paragraph 1 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further admits that Plaintiffs purport to seek damages against Merck but denies that there is any legal or factual basis for such relief.

      2.     Merck denies each and every allegation contained in the first sentence of paragraph 2 of the Complaint, as it is without knowledge or information sufficient to form a

belief as to the truth therein.  Merck denies each and every allegation directed towards Merck contained in the second and third sentences of paragraph 2 of the Complaint.

3.      Merck denies each and every allegation contained in the first sentence of paragraph 3 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation directed towards Merck contained in the second and third sentences of paragraph 3 of the Complaint.

4.      The allegations contained in the first sentence of paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of paragraph 4 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second sentence of paragraph 4 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation directed towards Merck contained in the third and fourth sentences of paragraph 4 of the Complaint.

5.      The allegations contained in the first sentence of paragraph 5 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of paragraph 5 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second sentence of paragraph 5 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation

directed towards Merck contained in the third and fourth sentences of paragraph 5 of the Complaint.

6.     Merck denies each and every allegation contained in the first sentence of paragraph 6 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation directed towards Merck contained in the second and third sentences of paragraph 6 of the Complaint.

7.     Merck denies each and every allegation contained in the first sentence of paragraph 7 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation directed towards Merck contained in the second and third sentences of paragraph 7 of the Complaint.

8.     Merck denies each and every allegation contained in the first sentence of paragraph 8 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation directed towards Merck contained in the second and third sentences of paragraph 8 of the Complaint.

9.     Merck denies each and every allegation contained in the first sentence of paragraph 9 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation directed towards Merck contained in the second and third sentences of paragraph 9 of the Complaint.

10.     Merck denies each and every allegation contained in the first sentence of paragraph 10 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation directed towards Merck contained in the second and third sentences of paragraph 10 of the Complaint.

11.     Merck denies each and every allegation contained in the first sentence of paragraph 11 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation directed towards Merck contained in the second and third sentences of paragraph 11 of the Complaint.

### RESPONSE TO
### "JURISDICTION AND VENUE"

12.     The allegations contained in paragraph 12 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 12 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that each Plaintiff purports to state a claim in excess of $75,000 but denies that there is any legal or factual basis for such relief against Merck.

13.     The allegations contained in paragraph 13 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 13 of the Complaint, except admits that there is a multidistrict litigation ("MDL") related to the prescription medicine Vioxx, and the MDL Court issued Pre-Trial Order No. 11 on May 18, 2005, and respectfully refers the Court to that Order for its actual content and full effect.

14.     The allegations contained in paragraph 14 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 14 of the Complaint.

**RESPONSE TO**
**"PARTIES-VIOXX"**

15.     Admits the allegation contained in paragraph 15 of the Complaint that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

16.     Denies each and every allegation contained in paragraph 16 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

17.     Denies each and every allegation contained in paragraph 17 of the Complaint and avers that Vioxx was approved by the U.S. Food & Drug Administration ("FDA") as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

**RESPONSE TO**
**"FACTUAL BACKGROUND"**

18.      Denies each and every allegation contained in paragraph 18 of the Complaint, except admits that Vioxx, which is Merck's brand name for rofecoxib, reduces pain and inflammation and that the mechanism of action for Vioxx is believed to be due to the inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

19.     Denies each and every allegation contained in paragraph 19 of the Complaint, except admits that the mechanism of action for Vioxx is believed to be due to the inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

20.     Denies each and every allegation contained in paragraph 20 of the Complaint, except admits that on November 23, 1998 Merck submitted a New Drug Application ("NDA") for Vioxx 12.5 mg and Vioxx 25 mg tablets and respectfully refers the Court to said NDA for its actual language and full text.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint, except admits that on November 23, 1998 Merck submitted a NDA for Vioxx Oral Suspension and respectfully refers the Court to said NDA for its actual language and full text.

22.     Denies each and every allegation contained in paragraph 22 of the Complaint, except admits that Merck sought and, in 1999, received FDA approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint, except admits that in March 2000 Merck forwarded to the FDA the Vioxx Gastrointestinal Outcomes Research ("VIGOR") study and subsequently, in June 2000, filed a supplemental New Drug Application ("sNDA") that included the VIGOR study.   Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual language and full text.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint except admits that the studies referenced in the first sentence of paragraph 27 of the Complaint and the article referenced in the second sentence of paragraph 27 of the Complaint exist, and respectfully refers the Court to said publications for their actual language and full text. Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint, except admits that 2000 worldwide Vioxx sales figures exceeded $2 billion.

29.     Denies each and every allegation contained in paragraph 29 of the Complaint, except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

30.     Denies each and every allegation contained in paragraph 30 of the Complaint, except admits that the referenced publication and the article contained therein exist and respectfully refers the Court to the referenced document for its actual language and full text.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint, except admits that the referenced studies exist and respectfully refers the Court to said studies for their actual language and full text.

32.     Denies each and every allegation contained in paragraph 32 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in

September 2001 and respectfully refers the Court to that letter for its actual language and full text.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

34.     Denies each and every allegation contained in paragraph 34 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

35.     Denies each and every allegation contained in paragraph 35 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information, a so-called "Dear Doctor" letter, and a Patient Information sheet, and respectfully refers the Court to the referenced prescribing information for Vioxx, "Dear Doctor" letter, and Patient Information sheet for their actual language and full text.

36.     Denies each and every allegation contained in paragraph 36 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information, and respectfully refers the Court to the referenced prescribing information for Vioxx for its actual language and full text.

37.     Denies each and every allegation contained in paragraph 37 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and a so-called "Dear Doctor" letter, and respectfully refers the Court to

the referenced prescribing information for Vioxx and "Dear Doctor" letter for their actual language and full text.

38.     Denies each and every allegation contained in paragraph 38 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx Patient Information sheet, and respectfully refers the Court to the referenced Patient Information sheet for its actual language and full text.

39.     Denies each and every allegation contained in paragraph 39 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

40.     Denies each and every allegation contained in paragraph 40 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and text.

41.     Denies each and every allegation contained in paragraph 41 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Plaintiffs purport to quote from Merck's 2001 Annual Report and respectfully refers the Court to said publication for its actual language and full text.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint, except admits that the referenced filing exists and respectfully refers the Court to the referenced document for its actual language and full text.

43      Denies each and every allegation contained in paragraph 43 of the Complaint, except admits that Merck marketed the prescription medication Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further

avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

44.     Denies each and every allegation contained in paragraph 44 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and text.

45.     Denies each and every allegation contained in the first sentence of paragraph 45 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second sentence of paragraph 45 of the Complaint.

46.     Denies each and every allegation contained in paragraph 46 of the Complaint and avers that Vioxx, which reduces pain and inflammation, was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

47.     Denies each and every allegation contained in paragraph 47 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that it manufactured, marketed, and distributed the

prescription medicine Vioxx, which is the brand name for rofecoxib, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## RESPONSE TO "COUNT I:
## STRICT PRODUCTS LIABILITY – DEFECTIVE DESIGN – VIOXX"

48.     With respect to the allegations contained in paragraph 48 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 47 of this Answer with the same force and effect as though set forth here in full.

49.     Denies each and every allegation contained in paragraph 49 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

50.     Denies each and every allegation contained in paragraph 50 of the Complaint.

51.     Denies each and every allegation contained in paragraph 51 of the Complaint.

52.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 52 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 52 of the Complaint.

53.     Denies each and every allegation contained in paragraph 53 of the Complaint.

54.     Denies each and every allegation contained in paragraph 54 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

**RESPONSE TO "COUNT II:**
**STRICT PRODUCTS LIABILITY – FAILURE TO WARN – VIOXX"**

55.    With respect to the allegations contained in paragraph 55 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 54 of this Answer with the same force and effect as though set forth here in full.

56.    Denies each and every allegation contained in paragraph 56 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

57.    Denies each and every allegation contained in paragraph 57 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

58.    Denies each and every allegation contained in paragraph 58 of the Complaint.

59.    Denies each and every allegation contained in paragraph 59 of the Complaint.

60.    Denies each and every allegation contained in paragraph 60 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully

refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

61.     Denies each and every allegation contained in paragraph 61 of the Complaint.

62.     Denies each and every allegation contained in paragraph 62 of the Complaint, except admits that Plaintiffs purport to punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT III: NEGLIGENT DESIGN – VIOXX"

63.     With respect to the allegations contained in paragraph 63 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 62 of this Answer with the same force and effect as though set forth here in full.

64.     Denies each and every allegation contained in paragraph 64 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

65.     Denies each and every allegation contained in paragraph 65 of the Complaint.

66.     Denies each and every allegation contained in paragraph 66 of the Complaint.

67.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 67 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 67 of the Complaint.

68.     Denies each and every allegation contained in paragraph 68 of the Complaint.

69.     Denies each and every allegation contained in paragraph 69 of the Complaint.

70.     Denies each and every allegation contained in paragraph 70 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT IV: NEGLIGENT FAILURE TO WARN – VIOXX"

71.     With respect to the allegations contained in paragraph 71 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 70 of this Answer with the same force and effect as though set forth here in full.

72.     The allegations contained in paragraph 72 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

73.     Denies each and every allegation contained in paragraph 73 of the Complaint, including its subparts a through e, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text

74.     Denies each and every allegation contained in paragraph 74 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

75.     Denies each and every allegation contained in paragraph 75 of the Complaint.

## RESPONSE TO "COUNT V:
## NEGLIGENT MISREPRESENTATION – VIOXX"

76.     With respect to the allegations contained in paragraph 76 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 75 of this Answer with the same force and effect as though set forth here in full.

77.     Denies each and every allegation contained in paragraph 77 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

78.     Denies each and every allegation contained in paragraph 78 of the Complaint.

79.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 79 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 79 of the Complaint.

80.     Denies each and every allegation contained in paragraph 80 of the Complaint.

81.     Denies each and every allegation contained in paragraph 81 of the Complaint.

82.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 82 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 82 of the Complaint.

83.     Denies each and every allegation contained in paragraph 83 of the Complaint.

### RESPONSE TO "COUNT VI:
### FRAUDULENT OMISSION/CONCEALMENT – VIOXX"

84.     With respect to the allegations contained in paragraph 84 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 83 of this Answer with the same force and effect as though set forth here in full.

85.     Denies each and every allegation contained in paragraph 85 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

86.     Denies each and every allegation contained in paragraph 86 of the Complaint.

87.     Denies each and every allegation contained in paragraph 87 of the Complaint except admits that Merck trains its professional representatives, and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

88.     The allegations contained in paragraph 88 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 88 of the Complaint.

89.     The allegations contained in paragraph 89 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 89 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws

rules.  Merck further denies that it violated any applicable law, duty or standard of care in connection with Vioxx.

90.    Denies each and every allegation contained in paragraph 90 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

91.    Denies each and every allegation contained in paragraph 91 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

92.    Denies each and every allegation contained in paragraph 92 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

93.    Denies each and every allegation contained in paragraph 93 of the Complaint.

94.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 94 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 94 of the Complaint.

95.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 95 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 95 of the Complaint.

96.    Denies each and every allegation contained in paragraph 96 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT VII:
## BREACH OF IMPLIED WARRANTY –VIOXX"

97.    With respect to the allegations contained in paragraph 97 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 96 of this Answer with the same force and effect as though set forth here in full.

98.    The allegations contained in paragraph 98 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 98 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

99.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 99 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 99 of the Complaint.

100.    Denies each and every allegation contained in paragraph 100 of the Complaint.

101.    Denies each and every allegation contained in paragraph 101 of the Complaint.

102.    The allegations contained in paragraph 102 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 102 of the Complaint,

except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

**RESPONSE TO "COUNT VIII:
<u>BREACH OF EXPRESS WARRANTY –VIOXX"</u>**

103.    With respect to the allegations contained in paragraph 103 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 102 of this Answer with the same force and effect as though set forth here in full.

104.    Denies each and every allegation contained in paragraph 104 of the Complaint, including its subparts a through e, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

105.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 105 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 105 of the Complaint.

106.    Denies each and every allegation contained in paragraph 106 of the Complaint.

107.    Denies each and every allegation contained in paragraph 107 of the Complaint.

108.    The allegations contained in paragraph 108 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 108 of the Complaint,

except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

109.   The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 108 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph after paragraph 108 of the Complaint, including its subparts A through E, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "PARTIES – CELEBREX"

110.   The allegations contained in paragraph 109 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 109 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

111.   The allegations contained in paragraph 110 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 110 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

112.   The allegations contained in paragraph 111 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 111 of the

Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

113.   The allegations contained in paragraph 112 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 112 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

114.   The allegations contained in paragraph 113 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 113 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

## RESPONSE TO
## "FACTUAL BACKGROUND – CELEBREX"

115.   The allegations contained in paragraph 114 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 114 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

116.   The allegations contained in paragraph 115 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 115 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

117.   The allegations contained in paragraph 116 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 116 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

118.   The allegations contained in paragraph 117 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 117 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

119.   The allegations contained in paragraph 118 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 118 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

## RESPONSE TO "COUNT IX: STRICT PRODUCTS LIABILITY – DEFECTIVE DESIGN – CELEBREX"

120.   With respect to the allegations contained in paragraph 119 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 14 and 110 through 119 of this Answer with the same force and effect as though set forth here in full.

121.   The allegations contained in paragraph 120 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 120 of the

Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

122.    The allegations contained in paragraph 121 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 121 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

123.    The allegations contained in paragraph 122 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 122 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

124.    The allegations contained in paragraph 123 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 123 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

125.    The allegations contained in paragraph 124 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 124 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

126.     The allegations contained in paragraph 125 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 125 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

127.     The allegations contained in paragraph 126 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 126 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

**RESPONSE TO "COUNT X:**
**STRICT PRODUCTS LIABILITY/FAILURE TO WARN - CELEBREX"**

128.     With respect to the allegations contained in paragraph 127 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 14 and 110 through 127 of this Answer with the same force and effect as though set forth here in full.

129.     The allegations contained in paragraph 128 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 128 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

130.     The allegations contained in paragraph 129 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 129 of the

Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

131.    The allegations contained in paragraph 130 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 130 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

132.    The allegations contained in paragraph 131 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 131 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

133.    The allegations contained in paragraph 132 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 132 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

134.    The allegations contained in paragraph 133 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 133 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

135.    The allegations contained in paragraph 134 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 134 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

136.    The allegations contained in paragraph 135 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 135 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

137.    The allegations contained in paragraph 136 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 136 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

**RESPONSE TO**
**"COUNT XI:  NEGLIGENT DESIGN – CELEBREX"**

138.    With respect to the allegations contained in paragraph 137 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 14 and 110 through 137 of this Answer with the same force and effect as though set forth here in full.

139.    The allegations contained in paragraph 138 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 138 of the

Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

140.    The allegations contained in paragraph 139 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 139 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

141.    The allegations contained in paragraph 140 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 140 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

142.    The allegations contained in paragraph 141 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 141 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

143.    The allegations contained in paragraph 142 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 142 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

144.    The allegations contained in paragraph 143 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 143 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

145.    The allegations contained in paragraph 144 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 144 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

## RESPONSE TO "COUNT XII:
## NEGLIGENT FAILURE TO WARN – CELEBREX"

146.    With respect to the allegations contained in paragraph 145 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 14 and 110 through 145 of this Answer with the same force and effect as though set forth here in full.

147.    The allegations contained in paragraph 146 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 146 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

148.    The allegations contained in paragraph 147 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 147 of the

Complaint, including its subparts a through e, as it is without knowledge or information sufficient to form a belief as to the truth therein.

149.    The allegations contained in paragraph 148 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 148 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

150.    The allegations contained in paragraph 149 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 149 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

## RESPONSE TO
## "COUNT XIII:  FRAUDULENT CONCEALMENT – CELEBREX"

151.    With respect to the allegations contained in paragraph 150 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 14 and 110 through 150 of this Answer with the same force and effect as though set forth here in full.

152.    The allegations contained in paragraph 151 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 151 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

153.    The allegations contained in paragraph 152 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 152 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

154.    The allegations contained in paragraph 153 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 153 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

155.    The allegations contained in paragraph 154 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 154 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

156.    The allegations contained in paragraph 155 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 155 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

157.    The allegations contained in paragraph 156 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 156 of the

Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

158.    The allegations contained in paragraph 157 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 157 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

159.    The allegations contained in paragraph 158 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 158 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

160.    The allegations contained in paragraph 159 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 159 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

161.    The allegations contained in paragraph 160 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 160 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

162.    The allegations contained in paragraph 161 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 161 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

163.    The allegations contained in paragraph 162 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 162 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

### RESPONSE TO
### "COUNT XIV:  COMMON LAW FRAUD – CELEBREX"

164.    With respect to the allegations contained in paragraph 163 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 14 and 110 through 163 of this Answer with the same force and effect as though set forth here in full.

165.    The allegations contained in paragraph 164 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 164 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

166.    The allegations contained in paragraph 165 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 165 of the

Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

167.   The allegations contained in paragraph 166 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 166 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

168.   The allegations contained in paragraph 167 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 167 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

169.   The allegations contained in paragraph 168 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 168 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

**RESPONSE TO "COUNT XV:
<u>BREACH OF IMPLIED WARRANTY – CELEBREX</u>"**

170.   With respect to the allegations contained in paragraph 169 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 14 and 110 through 169 of this Answer with the same force and effect as though set forth here in full.

171.    The allegations contained in paragraph 170 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 170 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

172.    The allegations contained in paragraph 171 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 171 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

173.    The allegations contained in paragraph 172 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 172 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

174.    The allegations contained in paragraph 173 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 173 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

175.    The allegations contained in paragraph 174 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 174 of the

Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

### RESPONSE TO "COUNT XVI: <u>BREACH OF EXPRESS WARRANTY – CELEBREX</u>"

176.    With respect to the allegations contained in paragraph 175 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 14 and 110 through 175 of this Answer with the same force and effect as though set forth here in full.

177.    The allegations contained in paragraph 176 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 176 of the Complaint, including its subparts a through f, as it is without knowledge or information sufficient to form a belief as to the truth therein.

178.    The allegations contained in paragraph 177 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 177 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

179.    The allegations contained in paragraph 178 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 178 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

180.     The allegations contained in paragraph 179 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 179 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

181.     The allegations contained in paragraph 180 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 180 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

### RESPONSE TO "COUNT XVII: NEGLIGENT MISREPRESENTATION – CELEBREX"

182.     With respect to the allegations contained in paragraph 181 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 14 and 110 through 181 of this Answer with the same force and effect as though set forth here in full.

183.     The allegations contained in paragraph 182 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 182 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

184.     The allegations contained in paragraph 183 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 183 of the

Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

185.    The allegations contained in paragraph 184 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 184 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

186.    The allegations contained in paragraph 185 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 185 of the Complaint, including its subparts a through e, as it is without knowledge or information sufficient to form a belief as to the truth therein.

187.    The allegations contained in paragraph 186 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 186 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

188.    The allegations contained in paragraph 187 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 187 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

189.    The allegations contained in paragraph 188 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 188 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

190.    The allegations contained in paragraph 189 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 189 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

191.    The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 189 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation directed at Merck contained in the unnumbered "Wherefore" paragraph after paragraph 189 of the Complaint, including its subparts A through E, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

### RESPONSE TO
### "PARTIES – BEXTRA"

192.    The allegations contained in paragraph 190 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 190 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

193.    The allegations contained in paragraph 191 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 191 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

194.    The allegations contained in paragraph 192 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 192 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

195.    The allegations contained in paragraph 193 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 193 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

196.    The allegations contained in paragraph 194 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 194 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

## RESPONSE TO
## "BACKGROUND – BEXTRA"

197.    The allegations contained in paragraph 195 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be

deemed required, Merck denies each and every allegation contained in paragraph 195 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

198.    The allegations contained in paragraph 196 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 196 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

199.    The allegations contained in paragraph 197 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 197 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

200.    The allegations contained in paragraph 198 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 198 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

201.    The allegations contained in paragraph 199 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 199 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

**RESPONSE TO "COUNT XVIII:**
**STRICT PRODUCTS LIABILITY – DEFECTIVE DESIGN – BEXTRA"**

202.    With respect to the allegations contained in paragraph 200 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 14 and 192 through 201 of this Answer with the same force and effect as though set forth here in full.

203.    The allegations contained in paragraph 201 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 201 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

204.    The allegations contained in paragraph 202 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 202 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

205.    The allegations contained in paragraph 203 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 203 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

206.    The allegations contained in paragraph 204 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 204 of the

Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

207.   The allegations contained in paragraph 205 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 205 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

208.   The allegations contained in paragraph 206 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 206 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

209.   The allegations contained in paragraph 207 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 207 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

### RESPONSE TO "COUNT XIX: STRICT PRODUCTS LIABILITY/ FAILURE TO WARN – BEXTRA"

210.   With respect to the allegations contained in paragraph 208 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 14 and 192 through 209 of this Answer with the same force and effect as though set forth here in full.

211.    The allegations contained in paragraph 209 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 209 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

212.    The allegations contained in paragraph 210 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 210 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

213.    The allegations contained in paragraph 211 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 211 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

214.    The allegations contained in paragraph 212 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 212 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

215.    The allegations contained in paragraph 213 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 213 of the

Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

216.     The allegations contained in paragraph 214 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 214 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

217.     The allegations contained in paragraph 215 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 215 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

218.     The allegations contained in paragraph 216 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 216 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

219.     The allegations contained in paragraph 217 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 217 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

## RESPONSE TO "COUNT XX:
## <u>NEGLIGENT DESIGN – BEXTRA"</u>

220.   With respect to the allegations contained in paragraph 218 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 14 and 192 through 219 of this Answer with the same force and effect as though set forth here in full.

221.   The allegations contained in paragraph 219 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 219 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

222.   The allegations contained in paragraph 220 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 220 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

223.   The allegations contained in paragraph 221 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 221 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

224.   The allegations contained in paragraph 222 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 222 of the

Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

225.    The allegations contained in paragraph 223 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 223 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

226.    The allegations contained in paragraph 224 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 224 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

227.    The allegations contained in paragraph 225 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 225 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

### RESPONSE TO "COUNT XXI:
### NEGLIGENT FAILURE TO WARN – BEXTRA"

228.    With respect to the allegations contained in paragraph 226 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 14 and 192 through 227 of this Answer with the same force and effect as though set forth here in full.

229.    The allegations contained in paragraph 227 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 227 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

230.    The allegations contained in paragraph 228 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 228 of the Complaint, including its subparts a through e, as it is without knowledge or information sufficient to form a belief as to the truth therein.

231.    The allegations contained in paragraph 229 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 229 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

232.    The allegations contained in paragraph 230 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 230 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

**RESPONSE TO "COUNT XXII:
FRAUDULENT CONCEALMENT – BEXTRA"**

233.    With respect to the allegations contained in paragraph 231 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 14 and 192 through 232 of this Answer with the same force and effect as though set forth here in full.

234.    The allegations contained in paragraph 232 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 232 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

235.    The allegations contained in paragraph 233 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 233 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

236.    The allegations contained in paragraph 234 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 234 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

237.    The allegations contained in paragraph 235 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 235 of the

Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

238.    The allegations contained in paragraph 236 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 236 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

239.    The allegations contained in paragraph 237 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 237 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

240.    The allegations contained in paragraph 238 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 238 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

241.    The allegations contained in paragraph 239 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 239 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

242.    The allegations contained in paragraph 240 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 240 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

243.    The allegations contained in paragraph 241 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 241 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

244.    The allegations contained in paragraph 242 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 242 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

245.    The allegations contained in paragraph 243 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 243 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

### RESPONSE TO "COUNT XXIII:
### COMMON LAW FRAUD – BEXTRA"

246.    With respect to the allegations contained in paragraph 244 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement

contained in paragraphs 1 through 14 and 192 through 245 of this Answer with the same force and effect as though set forth here in full.

247.   The allegations contained in paragraph 245 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 245 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

248.   The allegations contained in paragraph 246 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 246 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

249.   The allegations contained in paragraph 247 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 247 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

250.   The allegations contained in paragraph 248 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 248 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

251.    The allegations contained in paragraph 249 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 249 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

## RESPONSE TO "COUNT XXIV:
## BREACH OF IMPLIED WARRANTY – BEXTRA"

252.    With respect to the allegations contained in paragraph 250 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 14 and 192 through 251 of this Answer with the same force and effect as though set forth here in full.

253.    The allegations contained in paragraph 251 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 251 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

254.    The allegations contained in paragraph 252 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 252 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

255.    The allegations contained in paragraph 253 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 253 of the

Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

256.   The allegations contained in paragraph 254 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 254 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

257.   The allegations contained in paragraph 255 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 255 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

### RESPONSE TO "COUNT XXV: BREACH OF EXPRESS WARRANTY – BEXTRA"

258.   With respect to the allegations contained in paragraph 256 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 14 and 192 through 257 of this Answer with the same force and effect as though set forth here in full.

259.   The allegations contained in paragraph 257 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 257 of the Complaint, including its subparts a and b, as it is without knowledge or information sufficient to form a belief as to the truth therein.

260.    The allegations contained in paragraph 258 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 258 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

261.    The allegations contained in paragraph 259 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 259 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

262.    The allegations contained in paragraph 260 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 260 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

263.    The allegations contained in paragraph 261 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 261 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

### RESPONSE TO "COUNT XXVI:
### NEGLIGENT MISREPRESENTATION – BEXTRA"

264.    With respect to the allegations contained in paragraph 262 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement

contained in paragraphs 1 through 14 and 192 through 263 of this Answer with the same force and effect as though set forth here in full.

265.    The allegations contained in paragraph 263 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 263 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

266.    The allegations contained in paragraph 264 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 264 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

267.    The allegations contained in paragraph 265 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 265 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

268.    The allegations contained in paragraph 266 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 266 of the Complaint, including its subparts a through e, as it is without knowledge or information sufficient to form a belief as to the truth therein.

269.   The allegations contained in paragraph 267 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 267 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

270.   The allegations contained in paragraph 268 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 268 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

271.   The allegations contained in paragraph 269 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 269 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

272.   The allegations contained in paragraph 270 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 270 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

273.   The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 270 of the Complaint constitute a prayer for relief as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation directed towards

Merck contained in the unnumbered "Wherefore" paragraph after paragraph 270 of the Complaint, including its subparts A through E, except admits that Plaintiffs purport to seek economic and other relief against Merck but denies that there is any legal or factual basis for such relief.

### AS FOR A FIRST
### DEFENSE, MERCK ALLEGES:

274.    The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A SECOND
### DEFENSE, MERCK ALLEGES:

275.    The Plaintiffs and/or Decedents were careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages, or losses to Plaintiffs and/or Decedents.

### AS FOR A THIRD
### DEFENSE, MERCK ALLEGES:

276.    To the extent that Plaintiffs assert claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

### AS FOR A FOURTH
### DEFENSE, MERCK ALLEGES:

277.    To the extent that Plaintiffs assert claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

278.    The Plaintiffs and/or Decedents failed to exercise reasonable care to mitigate their alleged damages.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

279.    Each and every claim asserted or raised in the Complaint is barred by prescription, preemption, and/or any other applicable federal or state statute of limitations.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

280.    To the extent that Plaintiffs assert claims in the Complaint based upon an alleged failure by Merck to warn Plaintiffs and/or Decedents directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician and/or the learned intermediary doctrine.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

281.    The claims of the Plaintiffs are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

282.    The claims of the Plaintiffs are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

283.    The claims of the Plaintiffs are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

284.   The claims of the Plaintiffs are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Products Liability.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

285.   The product conformed to the state-of-the-art for the design and manufacture of such, or similar, products.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

286.   The claims of the Plaintiffs are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

287.   If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs and/or Decedents knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

288.   If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real

or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

289.   To the extent that Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

290.   If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiffs and/or Decedents or natural course of conditions for which this Defendant is not responsible.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

291.   If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiffs and/or Decedents or abuse of Vioxx.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

292.   The claims of Plaintiffs are barred in whole or in part by the First Amendment of the Constitution of the United States of America and comparable state law provisions.

**AS FOR A TWENTIETH
DEFENSE, MERCK ALLEGES:**

293.    To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs and/or Decedents did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

**AS FOR A TWENTY-FIRST
DEFENSE, MERCK ALLEGES:**

294.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

**AS FOR A TWENTY-SECOND
DEFENSE, MERCK ALLEGES:**

295.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

**AS FOR A TWENTY-THIRD
DEFENSE, MERCK ALLEGES:**

296.    To the extent that Plaintiffs seek punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

**AS FOR A TWENTY-FOURTH
DEFENSE, MERCK ALLEGES:**

297.    To the extent Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

298.    The demand for punitive damages by the Plaintiffs is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

299.    To the extent that Plaintiffs assert claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to their claims, Plaintiffs have failed to allege facts that would overcome the defenses available under that state products liability law.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

300.    The claims of Plaintiffs are barred, in whole or in part, because one or more Plaintiffs lack capacity and/or standing to bring such claims.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

301.    To the extent that Plaintiffs assert claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiffs to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

302.    Merck demands a trial by jury of all issues.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

303.    Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

304.    Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

305.    One or more Plaintiffs lack standing to assert claims under the Illinois Merchandising Practices Act or any Illinois consumer protection statute

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

306.    Plaintiffs are not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of the due process clause of the Fourteenth Amendment of the United States Constitution and the Illinois Constitution as set forth in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 123 S.Ct. 1513 (2003).

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

307.   Plaintiffs are not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of Merck's constitutional protection and the prohibitions against double jeopardy set forth in the Fifth Amendment and the due process clause of the Fourteenth Amendment of the United States Constitution and comparable provisions of the Illinois Constitution.

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

308.   Plaintiffs are not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in an unconstitutionally excessive fine in violation of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution and comparable provisions of the Illinois Constitution.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

309.   Plaintiffs are not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of the prohibition against ex post facto laws and laws impairing the obligations of contracts contained in Sections 9 and 10 of Article I of the United States Constitution and comparable provisions of the Illinois Constitution.

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

310.   Plaintiffs are not entitled to recover exemplary or punitive damages because Plaintiffs' claim for exemplary or punitive damages is in violation of the due process

clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Illinois Constitution because there are not realistic standards or limits imposed on the amount of punitive damages which may be awarded, and no required relationship between the actual damages sustained and the amount of punitive damages which may be awarded.

### AS FOR A THIRTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

311.   Plaintiffs are not entitled to recover exemplary or punitive damages because Plaintiffs' claim for exemplary or punitive damages is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitutions and comparable provisions of the Illinois Constitution because the vague standards employed in punitive damage cases results in extremely disparate results among similar defendants accused of similar conduct.

### AS FOR A THIRTY-NINTH
### DEFENSE, MERCK ALLEGES:

312.   Plaintiffs are not entitled to recover exemplary or punitive damages because Plaintiffs' claim for exemplary or punitive damages is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Illinois Constitution because the purpose of punitive damages is punishment and deterrence, and there is not adequate procedural safeguards in place to protect Merck's right against self-incrimination, right to proof beyond a reasonable doubt, and right to be free  from unreasonable searches and seizures in this case.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

313.   Plaintiffs are not entitled to recover exemplary or punitive damages because Plaintiffs' claim for exemplary or punitive damages is in violation of the First Amendment to the United States Constitution and comparable provisions of the Illinois Constitution.

## AS FOR A FORTY-FIRST
## DEFENSE, MERCK ALLEGES:

314.   Plaintiffs are not entitled to recover exemplary or punitive damages because the standards and instructions regarding exemplary/punitive damages are inadequate, vague, and ambiguous, further violating the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Illinois Constitution.

## AS FOR A FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

315.   The correct standard for submitting the burden of proof for exemplary and/or punitive damages is "clear and convincing" evidence.  Any lesser standard is a violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Illinois Constitution.

## AS FOR A FORTY-THIRD
## DEFENSE, MERCK ALLEGES:

316.   Plaintiffs are not entitled to recover exemplary or punitive damages because the imposition of exemplary or punitive damages in this case based upon evidence of Merck's  wealth or financial status would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Illinois Constitution.

## AS FOR A FORTY-FOURTH
## DEFENSE, MERCK ALLEGES:

317.    Section 10b(1) of the Illinois Consumer Fraud Act provides that the Consumer Fraud Act does not apply to "[a]ctions or transactions specifically authorized by laws administered by any regulatory body or officer acting under statutory authority of this State or the United States." (Ill.Rev.Stat.1981, ch. 121 1/2, par. 270b(1).) Under this provision, conduct which is authorized by Federal statutes and regulations is exempt from liability under the Consumer Fraud Act. *Lanier v. Associates Finance, Inc.*, 114 Ill.2d 1, *17, 499 N.E.2d 440, **447, 101 Ill.Dec. 852, ***859 (Ill.,1986).

## AS FOR A FORTY-FIFTH
## DEFENSE, MERCK ALLEGES:

318.    Plaintiffs may be barred from bringing an action pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act because the actions or transactions at issue were authorized by laws administered by a regulatory body or officer acting under statutory authority of the United States.  815 ILCS 505/10b(1).

## AS FOR A FORTY-SIXTH
## DEFENSE, MERCK ALLEGES:

319.    To the extent Plaintiffs seek recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in the action under N.J. Stat. Ann. 2A:15-97.

## AS FOR A FORTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

320.    Merck asserts all defenses available to it pursuant to the New Jersey Product Liability Act, N.J. Stat. Ann. 2A:58C-1, et seq.

## AS FOR A FORTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

321.    Plaintiffs are barred from recovery and/or Plaintiffs' recovery is limited pursuant to the Comparative Negligence Act, N.J. Stat. Ann. 2A:15-5.1, et seq.

## AS FOR A FORTY-NINTH
## DEFENSE, MERCK ALLEGES:

322.    Merck denies any liability on its part, but if Merck is ultimately found liable to Plaintiffs, then it shall only be liable for its equitable share of Plaintiffs' recovery since any liability which would be found against it will be insufficient to impose joint liability.  In the alternative, the liability, if any, of Merck is limited by and pursuant to the New Jersey Joint Tortfeasor Contribution Act, N.J.S.A. 2A:53A-1, et seq.

## AS FOR A FIFTIETH
## DEFENSE, MERCK ALLEGES:

323.    Merck pleads all defenses available to it where applicable under the Arkansas Products Liability Act of 1979.

## AS FOR A FIFTY-FIRST
## DEFENSE, MERCK ALLEGES:

324.    If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs and/or Decedents.

## AS FOR A FIFTY-SECOND
## DEFENSE, MERCK ALLEGES:

325.    Any alleged injury or damage sustained by Plaintiffs and/or Decedents was caused by Plaintiffs' and/or Decedents' own negligence, which negligence under the doctrines of contributory and/or comparative negligence, is a complete bar to Plaintiffs'

recovery, or which diminishes their recovery by an amount equal to Plaintiffs' and/or Decedents' negligence, all such negligence being denied.

### AS FOR A FIFTY-THIRD
### DEFENSE, MERCK ALLEGES:

326.    Some or all of the claims asserted in the Complaint are the direct and proximate result of Plaintiffs' and/or Decedents' own conduct and cannot be recovered against Merck.

### AS FOR A FIFTY-FOURTH
### DEFENSE, MERCK ALLEGES:

327.    Some or all of the claims asserted in the Complaint are barred by the doctrine of contributory negligence.

### AS FOR A FIFTY-FIFTH
### DEFENSE, MERCK ALLEGES:

328.    Any liability that might otherwise be imposed upon Merck is subject to reduction by the application of the doctrine of comparative negligence.

### AS FOR A FIFTY-SIXTH
### DEFENSE, MERCK ALLEGES:

329.    Plaintiffs' and/or Decedents' alleged injuries and damages, if any, are the result of Plaintiffs' and/or Decedents' own fault and/or assumption of the risk.

### AS FOR A FIFTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

330.    Plaintiffs' claims are barred by reason that any alleged dangerous condition complained of was open and obvious and there was no duty on the part of Merck to warn of any such open and obvious condition.

## AS FOR A FIFTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

331.    Plaintiffs and/or Decedents' alleged injuries were directly and proximately caused by and contributed to by the actions of other persons, who caused changes and alterations to be made to the products involved and said changes and alterations proximately caused or contributed to the injuries alleged by Plaintiffs and voided any and all alleged warranties, express and/or implied.

## AS FOR A FIFTY-NINTH
## DEFENSE, MERCK ALLEGES:

332.    Plaintiffs' claims for failure to instruct or warn are barred by the sophisticated user and/or learned intermediary doctrine.

## AS FOR A SIXTIETH
## DEFENSE, MERCK ALLEGES:

333.    Plaintiffs' negligence claims are barred in whole or in part by the economic loss rule.

## AS FOR A SIXTY-FIRST
## DEFENSE, MERCK ALLEGES:

334.    The Georgia statute respecting award of punitive damages, particularly O.C.G.A. § 51-12-5.1, subsection (e)(1) as contrasted to subsections (f) and (g) thereof, whereby no limitation is provided respecting actions involving products, but there is a limitation for other actions than products violates the Constitution of the United States, particularly in that it affords products manufacturers, such as Merck, equal protection of the laws.

## AS FOR A SIXTY-SECOND
## DEFENSE, MERCK ALLEGES:

335.     Pursuant to O.C.G.A. § 51-12-5.1, only one award of punitive damages may be recovered in the State of Georgia from Merck arising from product liability of a single product.

## AS FOR A SIXTY-THIRD
## DEFENSE, MERCK ALLEGES:

336.     Plaintiffs' claims under New York General Business Law Section 349 are barred by reason of Plaintiffs' failure to allege sufficient facts identifying any statement or misrepresentation alleged to constitute a deceptive act or practice and their failure to sufficiently plead causation or reliance.

## AS FOR A SIXTY-FOURTH
## DEFENSE, MERCK ALLEGES:

337.     To the extent Plaintiffs' claims under New York General Business Law Section 349 are based on conduct that took place outside the state of New York, the claims are barred.

## AS FOR A SIXTY-FIFTH
## DEFENSE, MERCK ALLEGES:

338.     Plaintiffs' claims under New York General Business Law Section 350 are barred by reason of Plaintiffs' failure to allege sufficient facts identifying any statement or misrepresentation alleged to constitute false advertising and their failure to sufficiently plead causation or reliance.

## AS FOR A SIXTY-SIXTH
## DEFENSE, MERCK ALLEGES:

339.     If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, Plaintiffs' claims for damages for such injuries or losses are barred to the

extent they were proximately caused by Plaintiffs' and/or Decedents' use of Vioxx which was contrary to the express and adequate instructions or warnings delivered with the product.

**AS FOR A SIXTY-SEVENTH**
**DEFENSE, MERCK ALLEGES:**

340.    There is no safer, practical or technically feasible, or otherwise reasonable alternative design or formulation that would have reduced the alleged risk without substantially impairing the usefulness, practicality, desirability, or reasonably anticipated and intended function of Vioxx.

**AS FOR A SIXTY-EIGHTH**
**DEFENSE, MERCK ALLEGES:**

341.    Plaintiffs' wrongful death claims are expressly barred by the provisions of N.C. Gen. Stat. § 1-53(4) as this action has been commenced more than two years after the alleged date of the Decedents' deaths.

**AS FOR A SIXTY-NINTH**
**DEFENSE, MERCK ALLEGES:**

342.    Any warnings which Merck gave were transmitted to the prescribing physicians and/or health care providers and that, under Missouri law, Merck's only obligation is to warn the prescribing physician and/or health care providers and said obligation was fulfilled.

**AS FOR A SEVENTIETH**
**DEFENSE, MERCK ALLEGES:**

343.    A finding of liability under current Missouri law and procedure would violate Merck's constitutional rights, both facially and as applied, under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 22(a) (right to a trial by jury), in that:

a.  Missouri law, by virtue of Missouri Approved Instructions 25.04 and 25.05, fails to submit to the jury one or more specific alleged defects upon which the jury must base its finding that the product is unreasonably dangerous.

   i.  This gives the jury a roving commission with no constraints whatsoever to find the product unreasonably dangerous; and

   ii.  Fails to limit the jury's consideration to those defects specified and supported by substantial evidence; and

   iii.  This also denies Merck any meaningful review by the trial court of the submissibility of Plaintiffs' claims as to certain defects, and

   iv.  This permits the jury to render a verdict against the defendant based upon the vote of less than a majority of the jury, with each of the minimum of nine jurors required to vote for a verdict against the defendant basing that vote on a defect never alleged in the pleadings, a different allegation of defect, a defect for which Plaintiffs do not have substantial evidence, a defect never claimed by Plaintiffs' experts or a defect never mentioned in the evidence at the trial.

b.  Missouri law by virtue of Missouri Approved Instructions 25.04 and 25.05 allows the jury a roving commission with no constraints whatsoever in that no factors or objective standards to consider in deciding whether a product is unreasonably dangerous are given the jury; and

c.  Missouri allows the jury a roving commission with no constraints whatsoever because no factors are given the trial court to meaningfully review the

submissibility of a case or to review meaningfully a jury's verdict, both as to liability and as to the amount of damages awarded.

## AS FOR A SEVENTY-FIRST
## DEFENSE, MERCK ALLEGES:

344.    Section 537.675, Mo.Rev.Stat. violates Article 1, Section 13 against *ex post facto* laws to the extent that it permits the jury to consider any conduct or omission by the defendant which occurred before the passage of that statute.

## AS FOR A SEVENTY-SECOND
## DEFENSE, MERCK ALLEGES:

345.    Section 537.675, Mo.Rev.Stat., which takes half of any punitive damage award for the State of Missouri, making the award of punitive damages a fine imposed and collected by the State, both facially and as applied, violates the double jeopardy clauses of the 5th Amendment of the United States Constitution and Article I, Section 19 of the Missouri Constitution, because it allows multiple punitive damage awards for the same conduct.

## AS FOR A SEVENTY-THIRD
## DEFENSE, MERCK ALLEGES:

346.    Missouri, by virtue of Section 537.675, which requires half of any punitive damage award to be paid to the State of Missouri, has made every award of punitive damages a criminal fine without adequate guidelines giving notice as to the conduct or state of mind that could result in a punitive damage award and as to the procedures for imposing punitive damages, including without limitation, a failure to require a unanimous jury to award punitive damages.

## AS FOR A SEVENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

347.    Missouri standards for finding a defendant liable for punitive damages are so vague, uncertain and ill-defined that Section 537.675, Mo.Rev.Stat. violates the Fifth

Amendment to the United States Constitution and Article I, Section 18(a) of the Missouri Constitution, because it permits the imposition of a state fine without the defendant ever being told the nature and cause of the offense with which the defendant was charged.

## AS FOR A SEVENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

348.    Section 537.675, Mo.Rev.Stat. violates Article 1, Section 31, by delegating to a jury the authority to set fines.

## AS FOR A SEVENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

349.    Section 537.675, Mo.Rev.Stat. violates Article 1, Section 22(a) in that it allows a less than unanimous jury to impose the criminal penalty of punitive damages and permits verdicts which are not truly supported by the vote of nine jurors.  Missouri law allows a group of nine jurors to impose and set the amount of punitive damages, which group is different from the group of nine that originally found the prerequisite liability for compensatory damages, so that no group of nine may have agreed on the entire verdict upon which judgment is entered.

## AS FOR A SEVENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

350.    Missouri's scheme for punitive damages, including without limitation, the Missouri Approved Instructions on punitive damages and Sections 510.263 and 537.675, violate, both facially and as applied, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Constitution of Missouri, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Article I, Sections 21 and 22(a) (right to a trial by jury) of the Missouri Constitution, because:

a.        Missouri law fails to provide adequate guidance to the jury in setting the amount of any punitive damage award and instead leaves this decision to the unbridled discretion of the jury;

b.        Missouri law provides no objective limitations or standards concerning a proper amount of punitive damages;

c.        Missouri law does not require that an award of punitive damages bear a reasonable relationship to the actual injury involved;

d.        Missouri law does not require that an award of punitive damages bear a reasonable relationship to the compensatory damages awarded by the jury;

e.        Missouri law does not require that an award of punitive damages bear a reasonable relationship to the defendant's mental state and the degree of malice with which the jury finds the defendant acted;

f.        Missouri law has no fixed limit on the amount of punitive damages that can be awarded in connection with an incident or with a product involved in more than one incident;

g.        Missouri law allows multiple punitive damage awards for the same conduct;

h.        Missouri law does not require the judge presiding over a trial in which punitive damages have been awarded to review the punitive damages award in light of the amount of punitive damages awarded in other, comparable cases;

i.        Missouri law does not require the jury to consider mitigating circumstances in determining whether punitive damages should be awarded;

j.        Missouri law does not require that an award of punitive damages must not be based upon any bias, passion, or prejudice against the defendant;

k.        Missouri's guidelines, standards, procedures and jury instructions for the award of punitive damages are ambiguous, indefinite, vague, uncertain, conflicting, purely subjective, unreasonable and fundamentally unfair, so as to deprive defendant of adequate notice of the type of conduct that could result in the imposition of punitive damages;

l.        Missouri law directs a jury to consider the net worth of the defendant in setting the amount of any punitive damage award and, therefore, discriminates unfairly on the basis of economic status bearing no relationship to the incident, the damages sustained by the Plaintiffs and/or Decedents, the mental state of the defendant or to other awards of punitive damages under comparable facts;

m.        Missouri law does not require that the amount of any punitive damage award must not be based upon any desire or belief to redistribute income or wealth from those the jury believes have wealth to those the jury believes have less or no wealth;

n.        Missouri law allows an award of punitive damages to be based entirely on conduct occurring outside the state of Missouri; and

o.        Missouri law allows a less than unanimous jury to impose the penalty of punitive damages and allows one group of nine jurors to find the prerequisite liability for compensatory damages and another group of nine to

impose and set the amount of punitive damages, so that no group of nine jurors agrees on the verdict upon which judgment is entered.

## AS FOR A SEVENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

351.    Missouri law requiring proof of punitive damages by clear and convincing evidence violates the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Missouri Constitution, as interpreted by the Courts to require proof beyond a reasonable doubt in all criminal cases, because Section 537.675 has criminalized punitive damages, so that a charge of punitive damages should be proven beyond a reasonable doubt to a unanimous jury.

## AS FOR A SEVENTY-NINTH
## DEFENSE, MERCK ALLEGES:

352.    Any Plaintiff and/or Decedent who purchased Vioxx outside of Missouri has no claim under the Missouri Merchandising Practices Act because that Act does not apply to transactions that occur wholly outside of Missouri.

## AS FOR AN EIGHTIETH
## DEFENSE, MERCK ALLEGES:

353.    One or more Plaintiffs lack standing to assert claims under Missouri Merchandising Practices Act or any Missouri consumer protection statute.

## AS FOR AN EIGHTY-FIRST
## DEFENSE, MERCK ALLEGES:

354.    Plaintiffs are not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of the due process clause of the Fourteenth Amendment of the United States Constitution and the Missouri

Constitution as set forth in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 123 S.Ct. 1513 (2003)**.**

## AS FOR AN EIGHTY-SECOND
## DEFENSE, MERCK ALLEGES:

355.    Plaintiffs are not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of Merck's constitutional protection and the prohibitions against double jeopardy set forth in the Fifth Amendment and the due process clause of the Fourteenth Amendment of the United States Constitution and comparable provisions of the Missouri Constitution.

## AS FOR AN EIGHTY-THIRD
## DEFENSE, MERCK ALLEGES:

356.    Plaintiffs are not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in an unconstitutionally excessive fine in violation of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution and comparable provisions of the Missouri Constitution.

## AS FOR AN EIGHTY-FOURTH
## DEFENSE, MERCK ALLEGES:

357.    Plaintiffs are not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of the prohibition against ex post facto laws and laws impairing the obligations of contracts contained in Sections 9 and 10 of Article I of the United States Constitution and comparable provisions of the Missouri Constitution.

## AS FOR AN EIGHTY-FIFTH
## DEFENSE, MERCK ALLEGES:

358.   Plaintiffs are not entitled to recover exemplary or punitive damages because Plaintiffs' claim for exemplary or punitive damages is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Missouri Constitution because there are not realistic standards or limits imposed on the amount of punitive damages which may be awarded, and no required relationship between the actual damages sustained and the amount of punitive damages which may be awarded.

## AS FOR AN EIGHTY-SIXTH
## DEFENSE, MERCK ALLEGES:

359.   Plaintiffs are not entitled to recover exemplary or punitive damages because Plaintiffs' claim for exemplary or punitive damages is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitutions and comparable provisions of the Missouri Constitution because the vague standards employed in punitive damage cases results in extremely disparate results among similar defendants accused of similar conduct.

## AS FOR AN EIGHTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

360.   Plaintiffs are not entitled to recover exemplary or punitive damages because Plaintiffs' claim for exemplary or punitive damages is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Missouri Constitution because the purpose of punitive damages is punishment and deterrence, and there is not adequate procedural safeguards in place to protect

Merck's right against self-incrimination, right to proof beyond a reasonable doubt, and right to be free from unreasonable searches and seizures in this case.

## AS FOR AN EIGHTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

361.    Plaintiffs are not entitled to recover exemplary or punitive damages because Plaintiffs' claim for exemplary or punitive damages is in violation of the First Amendment to the United States Constitution and comparable provisions of the Missouri Constitution.

## AS FOR AN EIGHTY-NINTH
## DEFENSE, MERCK ALLEGES:

362.    Plaintiffs are not entitled to recover exemplary or punitive damages because the standards and instructions regarding exemplary/punitive damages are inadequate, vague, and ambiguous, further violating the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Missouri Constitution.

## AS FOR A NINETIETH
## DEFENSE, MERCK ALLEGES:

363.    The correct standard for submitting the burden of proof for exemplary and/or punitive damages is "clear and convincing" evidence.  Any lesser standard is a violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Missouri Constitution.

## AS FOR A NINETY-FIRST
## DEFENSE, MERCK ALLEGES:

364.    Plaintiffs are not entitled to recover exemplary or punitive damages because the imposition of exemplary or punitive damages in this case based upon evidence of Merck's wealth or financial status would violate the due process clauses of the Fifth and

Fourteenth Amendments to the United States Constitution and comparable provisions of the Missouri Constitution.

## AS FOR A NINETY-SECOND
## DEFENSE, MERCK ALLEGES:

365.    The Complaint and the causes of action contained therein is barred in whole or in part by the United States and Missouri Constitution which prohibit the extra-territorial application of state law.

## AS FOR A NINETY-THIRD
## DEFENSE, MERCK ALLEGES:

366.    Merck's fault, if any, must be compared to the fault of Plaintiffs and/or Decedents and others pursuant to Mo. Rev. Stat. 537.765 and the principles of comparative fault announced in *Gustafson v. Benda*, 661 S.W.2d 11 (Mo. banc 1983).

## AS FOR A NINETY-FOURTH
## DEFENSE, MERCK ALLEGES:

367.    To the extent that Plaintiffs seek economic losses as a result of purchasing Vioxx, such claims are barred under Missouri law because a buyer of allegedly defective goods cannot recover in tort for economic losses.

## AS FOR A NINETY-FIFTH
## DEFENSE, MERCK ALLEGES:

368.    Plaintiffs' claim for non-economic damages are subject to and limited by Miss. Code § 11-1-60 (1) (a) through  (c) (1972), as amended by Miss. Laws  2004, 1st Ex. Sess., Ch. 1 § 2, effective September 1, 2004.

## AS FOR A NINETY-SIXTH
## DEFENSE, MERCK ALLEGES:

369.    To the extent that the Plaintiffs' claims are based upon any theory of product liability, they are barred or limited by Mississippi's Product Liability Act, Miss. Code §

11-1-63 (1972), as amended by Miss. Laws 2004, 1st Ex. Sess., Ch. 1 § 3, effective September 1, 2004.

## AS FOR A NINETY-SEVENTH
## DEFENSE, MERCK ALLEGES:

370.    Plaintiffs' claim for punitive damages against Merck fails under Miss. Code § 11-1-65 (1972), as amended by Miss. Laws 2004, 1st Ex. Sess., Ch. 1 § 4, effective September 1, 2004.

## AS FOR A NINETY-EIGHTH
## DEFENSE, MERCK ALLEGES:

371.    Merck affirmatively pleads Miss. Code § 85-5-7 (1972), as amended by Miss. Laws 2003, 3rd Ex. Sess., Ch. 2 § 4, effective January 1, 2003.

## AS FOR A NINETY-NINTH
## DEFENSE, MERCK ALLEGES:

372.    Some or all of the damages alleged by Plaintiffs are barred by Miss. Code §§ 75-2-714, 715 (1972).

## AS FOR A ONE HUNDREDTH
## DEFENSE, MERCK ALLEGES:

373.    Plaintiffs' claims for punitive damages are in contravention of Merck's rights under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution; the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; the Double Jeopardy Clause in the Fifth Amendment to the Constitution of the United States, similar provisions in the Constitution of Mississippi and/or the common law and public policies of Mississippi, and/or applicable statutes and court rules, in the circumstances of this litigation, including, but not limited to:.

(a)     imposition of punitive damages by a jury which

(1)     is not provided with standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award;

(2)     is not adequately and clearly instructed on the limits on punitive damages imposed by the principles of deterrence and punishment;

(3)     is not expressly prohibited from awarding punitive damages, or determining the amount of an award thereof, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status, wealth, or state of residence of Merck;

(4)     is permitted to award punitive damages under a standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes punitive damages permissible; and

(5)     is not subject to trial court and appellate judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards;

(b)     imposition of such punitive damages, and determination of the amount of an award thereof, where applicable state law is impermissibly vague, imprecise, or inconsistent;

(c)     imposition of such punitive damages, and determination of the amount of an award thereof, without bifurcating the trial and trying all punitive damages issues only if and after the liability of defendants has been found on the merits;

(d)     imposition of such punitive damages, and determination of the amount of an award thereof, based on anything other than Merck's conduct in connection with

the sale of the product alleged in this litigation, or in any other way subjecting Merck to impermissible multiple punishment for the same alleged wrong.

### AS FOR A ONE HUNDRED FIRST
### DEFENSE, MERCK ALLEGES:

374.    Any liability that might otherwise be imposed upon this Defendant is subject to reduction or elimination by the application of the doctrine of comparative negligence as codified at Minnesota Statute § 604.02.

### AS FOR A ONE HUNDRED SECOND
### DEFENSE, MERCK ALLEGES:

375.    Plaintiffs have asserted a claim in their Complaint for punitive damages in violation of Minnesota Statute § 549.191, and said claim should therefore be stricken.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.    That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' Complaint with prejudice against Merck with costs assessed to Plaintiffs;

2.    Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.    Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated:  August 28, 2006

Respectfully submitted,


  s/ Melissa V. Beaugh
Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Melissa V. Beaugh, 28250
          Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069


Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
          Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.


## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has

been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or

by hand delivery and e-mail and upon all parties by electronically uploading the same to

LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the

foregoing was electronically filed with the Clerk of Court of the United States District Court for

the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of

Electronic Filing in accordance with the procedures established in MDL No. 1657, on this 28th

day of August, 2006.

      s/ Melissa V. Beaugh