UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>*Robert G. Smith v. Merck & Co., Inc.*<br>Case No. 2:05-CV-04379 | MDL No. 1657<br><br>Section L<br><br>Judge Eldon E. Fallon<br><br>Magistrate Judge Daniel E. Knowles, III |

### PLAINTIFF ROBERT GARRY SMITH'S RESPONSE TO MERCK'S OPPOSITION TO PLAINTIFF'S MOTION TO DEEM ANSWERS TO PLAINTIFF'S REQUEST FOR ADMISSIONS ADMITTED, AND RESPONSE IN OPPOSITION TO MERCK'S MOTION FOR A PROTECTIVE ORDER APPLICABLE TO PLAINTIFF'S REQUEST FOR ADMISSIONS

Plaintiff served Merck with his First Set of Request for Admissions on July 11, 2006. On July 19, 2006, Merck agreed to serve discovery responses, including responses to Plaintiff's Request for Admissions, on August 10, 2006. (*See* July 19 email, attached as Exhibit A). On August 7, 2006, Merck breached this discovery agreement and informed Plaintiff it would not timely answer because Plaintiff had not reproduced hard copies of documents originally produced by Merck. (*See* August 7, 2006 email, attached as Exhibit B). While Plaintiff continued to confer with Merck and engage in ongoing efforts to either stipulate as to admissibility of documents or procure RFA responses, the bottom line is, pursuant to the original agreed upon discovery answer due date, **Merck's answers are 18 days past due.**[1]

On August 21, 2006, Merck issued a letter advising Plaintiff that he needs to withdraw his Request for Admissions or it would seek relief from this Court. (See August 21, 2006 letter,

---

[1] As noted in its Deemed Request Motion, Plaintiff has sent two separate CDs with the documents attached to its Request for Admissions, excluding those already reproduced to Defendants in *Barnett*. The first was sent on August 7, 2006, which Merck counsel refused to stipulate to because, despite being identified by Merck's own Bates numbers, were not identified by RFA exhibit numbers. The second CD was sent August 15, 2006, producing all exhibits and identifying them by Plaintiff's trial exhibit number, the *Barnett* trial exhibit number, the Plaintiff's RFA exhibit number, and Merck Bates number. Plaintiff has gone above and beyond the call of duty to assist Merck and to accommodate Merck's request in order to resolve these discovery issues without Court action.

attached as Exhibit C).  Undersigned counsel responded, as Merck correctly notes, that he did not intend to withdraw the requests.  At the time Plaintiff filed it Deemed Request Motion, Plaintiff could only conclude, and submit that the Court will agree he was reasonable in concluding so, that Merck had no intention of, and in essence had "refused" to respond to it Request for Admissions.   Therefore, Plaintiff's Deemed Request Motion *cannot be construed as "premature"*.   Further, virtually each and every fact conveyed to the Court in its Deemed Request Motion was supported by Merck emails attached as exhibits; the only "blatant misrepresentations" relating to this matter are those Merck has made to the Plaintiff relating to how, when, or if in fact it would answer Plaintiff's Request for Admissions.[2]

Plaintiff made good faith efforts to promote a stipulation as to admissibility of documents in lieu of Defendants' having to respond to his requests.  Plaintiff asks that the Court be mindful that despite these good faith efforts to stipulate as to admissibility of documents, Plaintiff never withdrew its July 11 admission requests.  In the meantime, Merck took advantage of Plaintiff's efforts and willingness to stipulate; Merck twice demanded Plaintiff produce documents already in Merck's possession before they would entertain any stipulation.  After Merck's withdrawal demand and their Motion for Protective Order asking this Court to order Plaintiff to revise and reduce his RFA requests, it is now apparent these Merck document requests were merely designed to stall and thwart Plaintiff's discovery, as opposed to having been requested to facilitate a discovery stipulation.  Despite Merck's argument to the contrary, the fact remains that Merck had, held, and had reviewed these admission requests for eight days when it agreed to an answer and serve date of August 10, 2006.  Merck, cognizant of the content

---

[2] The latest Merck misrepresentation came at the August 24, 2006 status conference. Merck counsel Ben Barnett informed both undersigned counsel and Plaintiff's counsel Drew Ranier that he was going to review all Plaintiff exhibits produced on its August 15, 2006 CD.  He advised Plaintiff he would respond to which documents he would stipulate to admissibility.  Plaintiff was shocked to see Merck's Motion for Protective Order filed less than 24 hours after his stipulation representation.

of the requests and fully aware that the clock was running, held Plaintiff's requests for 40 days before demanding that Plaintiff withdraw them. With less than two weeks before trial, Merck's "hinder and impede" discovery tactics have the Plaintiff preparing for trial without the benefit of any meaningful discovery. These discovery abuses are obstructing the fair administration of justice and cannot be tolerated.

Merck now takes issue with the number of requests for admissions. At this late date, whether there are 3 or 3,000 requests, the number of requests is irrelevant. The time to raise this issue has long passed; Plaintiff must pick a jury and deliver an opening statement in this case in just 10 business days. For this Court to enter a Protective Order striking Plaintiff's Request for Admissions would immensely prejudice the Plaintiff. Further, Merck is the one who has grossly abused the discovery process through it breach of agreement, inconsistent statements and actions, and its "blatant misrepresentations."

By deeming Plaintiff's Request for Admissions admitted or ordering Merck to respond to them honestly, this Court has the opportunity prevent duplicative discovery, eliminate the possibility of inconsistent pretrial rulings and otherwise streamline pretrial efforts. The vast majority of the documents made the subject of these admission requests will be used in all bellwether trials in this MDL, and all trials in and around the country when these MDL cases are returned to the court of proper venue. Neither this Court, nor other federal courts, should be forced to waste judicial resources and be burdened with having to continuously resolve the same admissibility disputes over the same Merck documents on a case by case basis. The admissibility of these Merck documents may be finalized once and for all.

**CONCLUSION**

For the foregoing reasons, Plaintiff asks the Court to deem admitted answers to Plaintiff's Request for Admissions, and to deny Merck's Motion For a Protective Order Applicable to Plaintiff's First Set of Request For Admissions.

Respectfully submitted,

/s/ Grant Kaiser

| | |
|---|---|
| James L. "Larry" Wright | Grant Kaiser |
| Texas Bar No. 22038500 | Texas Bar No. 11078900 |
| **THE WATTS LAW FIRM LLP** | **THE KAISER FIRM LLP** |
| 111 Congress Avenue, Suite 1010 | 8441 Gulf Freeway, Suite 600 |
| Austin, Texas 78701 | Houston, Texas 77017 |
| (512) 479-0500; fax (512) 473-0328 | (713)-223-0000; fax (713) 223-0440 |
| | **ATTORNEY IN CHARGE** |
| Walter Umphrey | John Eddie Williams, Jr. |
| Texas Bar No. 20380000 | Texas Bar No. 21600300 |
| **PROVOST UMPHREY LAW FIRM LLP** | Amy M. Carter |
| 490 Park Street | Texas Bar No. 24004580 |
| Beaumont, Texas 77701 | **WILLIAMS BAILEY LAW FIRM LLP** |
| (409) 835-6000; fax (409) 838-8888 | 8441 Gulf Freeway, Suite 600 |
| | Houston, Texas 77017 |
| | (713) 230-2200; fax (713) 643-6226 |
| Drew Rainer | Mikal Watts |
| Louisiana Bar No. 8320 | Texas Bar No. 20981820 |
| **RANIER, GAYLE & ELLIOT LLC** | **THE WATTS LAW FIRM LLP** |
| 1419 Ryan Street | Tower II Building, 14th Floor |
| Lake Charles, Louisiana 70601 | 555 North Carancahua Street |
| (337) 494-7171; fax (337) 494-7218 | Corpus Christi, Texas 78478 |
| | (361) 887-0500; fax (361) 887-0055 |

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing document has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 28th day of August, 2006.

/s/ Grant Kaiser
Grant Kaiser
**THE KAISER FIRM LLP**
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
(713) 230-0000; fax (713) 230-0440
gkaiser@thekaiserfirm.com

cc:     By email only:

Robert Van Kirk          rvankirk@wc.com
**Williams & Connolly LLP**
725 Twelfth Street Northwest
Washington, D.C.  20005
(202) 434-5000; fax (202) 434-5029

Carrie A. Jablonski          carrie.jablonski@bartlit-beck.com
**Bartlit, Beck, Herman, Palenchar & Scott LLP**
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
(312) 494-4400; fax (312) 494-4440