**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION | MDL No. 1657 |
| | Section L |
| THIS DOCUMENT RELATES TO: | |
| | Judge Eldon E. Fallon |
| *Robert G. Smith v. Merck & Co., Inc.* Case No. 2:05-CV-04379 | Magistrate Judge Daniel E. Knowles, III |

PLAINTIFF'S REPLY TO MERCK'S RESPONSE TO PLAINTIFF'S MOTION TO
EXCLUDE TESTIMONY THAT AN INCREASED RISK OF HEART ATTACK
EXISTS ONLY AFTER 18 MONTHS OF VIOXX USE

Plaintiff writes in brief reply to Merck's Response to Plaintiff's Motion To Exclude Testimony That An Increased Risk of Heart Attack Exists Only After 18 Months of Vioxx Use. Merck's Response flatly misstates both applicable law and the newly corrected results of the APPROVe study.[1]

**I.       Defendant's Experts Must Satisfy *Daubert***

Merck first argues its 18 month opinion is admissible because Plaintiff has the burden of proof on causation. *See* Merck Response at 3 (Section I). This argument is meritless. Merck is not entitled, as a matter of law, to present scientific nonsense to a jury merely because it is a defendant. The proponent of scientific evidence, regardless of status as Plaintiff or Defendant, bears the burden of demonstrating reliability. *Moore v. Ashland Chem., Inc*., 141 F.3d 269 (5th Cir. 1998).

---

[1] Although the Court previously ruled Merck's 18-month opinion was not excludable, the ruling pre-dated the corrected manuscript and was based upon the parties' then-agreement that the statistical methodology applied by the authors was correct. *In Re: Vioxx Products Liability Litigation*, MDL-1657, 401 F.Supp.2d 565, 597 (E.D. La 2005)   Because of the correction, this agreement no longer exists and necessitates the current motion.

**II.      Reliable Evidence Demonstrates Short-Term Use of Vioxx is Dangerous –
          APPROVe is Consistent With Other literature in demonstrating this risk**

The majority of Merck's response is devoted to attacking Plaintiff's general

interpretation of the body of scientific evidence surrounding Vioxx, rather than

addressing Plaintiff's complaint about Merck's continued reliance upon statistical error in

the APPROVe manuscript.  Plaintiff's Response In Opposition to Merck's Motion To

Exclude Testimony That Short-Term Vioxx Use Increases Cardiovascular Risk is already

on file with the Court, and Plaintiff adopts it for all purposes in response to Merck's

contention here.  Furthermore, the Court has already rejected Merck's broader contention,

re-urged here, that there is not adequate scientific evidence to show increased risk at short

durations.  *See generally In Re: Vioxx Products Liability Litigation*, MDL-1657, 401

F.Supp.2d 565, 586 (E.D. La 2005) (Permitting Professor Ray's testimony of increased

risk at less than 30 days exposure).

**III.     APPROVe Demonstrates An Early Increased Risk of Heart Attack**

Merck claims, *inter-alia*, that (1) APPROVe documents no increased risk before

18 months; (2) Merck's 18-month analysis is not *post-hoc*; and (3) Merck's 18-month

analysis is not subgroup analysis.  *See* Merck Response at 6-8, 10-12.  Each of these

claims is plainly false.  We address each in turn.

First, the use of Vioxx in APPROVe doubled the risk of heart attack.  *See* Exhibit

1, Addendum to the Report of Dr. Richard A. Kronmal, May 23, 2006, at 4.  As Figures 1

and 2 of Dr. Kronmal's Addendum Report shows, the event rates for heart attack and

congestive heart failure between Vioxx and placebo separated within just a few months

of exposure. *Id* at 6. [2]  The only generally accepted, statistically reliable interpretation of the corrected APPROVe data is to apply this doubling of risk to all time-periods within the study.  *Id.* at 5 ("[revised] p-values show that there is no statistical support for any deviation from a constant RR over the follow-up time").

Second, Merck's claim that its 18-month analysis is not *post-hoc*, is inconceivable. The original manuscript explicitly described the analysis as "*post-hoc*." *See* Bresalier RS et al., *Cardiovascular events associated with rofecoxib in a colorectal adenoma chemoprevention trial*, NEW ENG. J. MED., March 17, 2005.  The relevant portion of the manuscript begins "In a *post-hoc* analysis, the difference between the two groups in the incidence of thrombotic events was evident in the second 18 months of the study. . ."  *Id.*  Furthermore, as Dr. Kronmal explains, and as Merck agrees, this *post-hoc* analysis is unreliable:

> [Merck's 18-month claim] was based on a test done after examining the data and wasn't a prespecified hypothesis in the APPROVe protocol or statistical analysis plan.  Such tests are not considered by the scientific community as being proof of an effect, rather at best they are considered only worthy of consideration as hypotheses for which confirmation would be need in other studies before they would be accepted.  The results for MI and for hard CHD didn't support this hypothesis and the results from the MI meta-analysis clearly contradicted it since it showed increased risk in studies of less than 1 year of duration.

*See* Addendum to Kronmal Report at 4.  Merck presents not one shred of factual evidence from the APPROVe protocol in support its claim that the 18-month analysis was pre-specified.  There is none.

---

[2] Merck's use of the combined "APTC" endpoint, rather than heart attack or hard CHF, serves to dilute the early evidence of the pro-thrombotic danger of Vioxx in APPROVe.  This dilution occurs because the APTC endpoint includes events that are totally unrelated to the mechanism by which Vioxx causes injury. Merck's scientists knew this when the chose the APTC endpoint instead of heart attack.  And Merck's lawyers continue the ruse in their papers before the Court.

Third and last, Merck's assertion that its 18-month opinion is not the result of "subgroup analysis" is also wrong. *See* Merck Response at 10-11. In truth, Merck's analysis does not compare entire study populations. Rather, it compares the subgroup of patients who had events before 18 months with the subgroup of patients who had events after 18 months. This is the very definition of an "improper subgroup" since, as Dr. Moye explains, the members of the pre- and post-18 month event groups cannot be ascertained at baseline. *See* Affidavit of Dr. Lemuel Moye (attached as Exhibit C to Plaintiff's Motion). Dr. Marks' creation of a distinction between "subset" and "subgroup" analysis, expressed nowhere in the scientific literature, is novel and should be excluded.

## IV.    Conclusion

Merck's response incorrectly proposes to relieve defense experts, as a matter of law, from the rigors of *Daubert* and its progeny. As a fallback, Merck proposes to parade before the jury statements and figures in the original APPROVe manuscript that are now known to be without scientific support and/or misleading. For the reasons set forth above, Plaintiff respectfully requests the Court grant his motion.

Respectfully submitted,

/s/ Grant Kaiser

| | |
|---|---|
| James L. "Larry" Wright | Grant Kaiser |
| Texas Bar No. 22038500 | Texas Bar No. 11078900 |
| **THE WATTS LAW FIRM LLP** | **THE KAISER FIRM LLP** |
| 111 Congress Avenue, Suite 1010 | 8441 Gulf Freeway, Suite 600 |
| Austin, Texas 78701 | Houston, Texas 77017 |
| (512) 479-0500; fax (512) 473-0328 | (713)-223-0000; fax (713) 223-0440 |
| | **ATTORNEY IN CHARGE** |

Walter Umphrey
Texas Bar No. 20380000
**PROVOST UMPHREY LAW FIRM LLP**
490 Park Street
Beaumont, Texas 77701
(409) 835-6000; fax (409) 838-8888

John Eddie Williams, Jr.
Texas Bar No. 21600300
Amy M. Carter
Texas Bar No. 24004580
**WILLIAMS BAILEY LAW FIRM LLP**
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
(713) 230-2200; fax (713) 643-6226

Drew Rainer
Louisiana Bar No. 8320
**RANIER, GAYLE & ELLIOT LLC**
1419 Ryan Street
Lake Charles, Louisiana 70601
(337) 494-7171; fax (337) 494-7218

Mikal Watts
Texas Bar No. 20981820
**THE WATTS LAW FIRM LLP**
Tower II Building, 14th Floor
555 North Carancahua Street
Corpus Christi, Texas 78478
(361) 887-0500; fax (361) 887-0055

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing document has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 28th day of August, 2006.

/s/ Grant Kaiser
Grant Kaiser
**THE KAISER FIRM LLP**
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
(713) 230-0000; fax (713) 230-0440
gkaiser@thekaiserfirm.com

cc:     By email only:

Robert Van Kirk          rvankirk@wc.com
**Williams & Connolly LLP**
725 Twelfth Street Northwest
Washington, D.C.  20005
(202) 434-5000; fax (202) 434-5029

Carrie A. Jablonski          carrie.jablonski@bartlit-beck.com
**Bartlit, Beck, Herman, Palenchar & Scott LLP**
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
(312) 494-4400; fax (312) 494-4440