UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | JUDGE FALLON |
| This document relates to<br>Case No. 2:05-CV-04379 | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| ROBERT G. SMITH, | * | |
| Plaintiff, | * | |
| v. | * | |
| MERCK & CO., INC., | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * *

### OBJECTIONS TO PLAINTIFF'S AFFIRMATIVE DESIGNATION OF MERCK'S EXPERT WITNESS, RONALD MARKS, PH.D.

Plaintiff has affirmatively designated portions of the deposition of one of Merck's expert witnesses, Dr. Ronald Marks, for use at trial.  This designation is improper for several reasons: Merck may call Dr. Marks to testify, Dr. Marks is not unavailable and no exceptional circumstances exist which would allow plaintiff to call Dr. Marks, and plaintiff did not include Dr. Marks on his witness list.  Plaintiff should not be permitted to co-opt one of Merck's experts for use in his case, especially given that Merck may call Dr. Marks live at trial.  It makes no sense to present the testimony of one witness twice, especially since plaintiff's designations are mainly for impeachment purposes.  Merck thus objects in full to plaintiff's designations of Dr. Marks' testimony.

A.  **Plaintiff Is Improperly Attempting to Impeach a Defense Expert Before He Takes The Stand.**

Dr. Marks has been designated as a defense expert and is listed on Merck's list of rial witnesses. In accordance with the applicable Federal Rules, he provided a signed report and sat for a discovery deposition. Plaintiff has now designated portions of that testimony, and apparently intends to play those excerpts during his case in chief, prior to Dr. Marks being called live in Merck's case. A review of the designated portion of testimony shows that plaintiff is basically attempting to "impeach" Dr. Marks before he ever takes the stand. For instance, a significant portion of plaintiff's designations focus on Dr. Marks' extensive experience as a defense expert in pharmaceutical, lead paint, and tobacco litigation and his compensation for serving as an expert. This is not a proper use of deposition testimony; nor is it consistent with an efficient and fair presentation of evidence at trial. *See, e.g.,* Federal Rule of Evidence 611(a). If plaintiff wants to impeach Dr. Marks as a defense expert, the proper time to do so is *after* he has taken the stand, not before.

Moreover, if plaintiff wants to present testimony from Dr. Marks, plaintiff will have ample opportunity to cross-examine him live at trial if Merck calls him as a witness. The Federal Courts have a preference for live testimony and as such Rule 32 does not allow for use of deposition testimony when live testimony is available. *Fuller v. United States*, 2002 U.S. Dist. LEXIS 3775 at *3 (E.D. La. 2002)  Furthermore, allowing plaintiff to play videotaped testimony of Dr. Marks in their case prior to him testifying during Merck's case would be unnecessarily repetitive.

### B.   Even If Dr. Marks Were Not Being Called Live at Trial, Plaintiff Has Not Shown That Dr. Marks is Unavailable or That Exceptional Circumstances Exist as Required By the Federal Rules.

Even if Merck does not call Dr. Marks to testify, plaintiff should not be allowed to present Dr. Marks's testimony via deposition. Under Federal Rule of Civil Procedure 32, the party attempting to use a deposition at trial for purposes other than impeachment must show that the witness is unavailable or that exceptional circumstances exist. *Jauch v. Corley*, 830 F.2d 47, 50 (5th Cir. 1987). Plaintiff has made neither showing here.

First, plaintiff has made has made no attempt to secure Dr. Marks' presence at trial; thus, he cannot demonstrate that he is unavailable within the meaning of the Rules. Second, there are no exceptional circumstances which would justify allowing plaintiff to present testimony from Merck's expert via deposition. In order to show exceptional circumstances the proponent must show that "use of the deposition serve[s] the interest of justice" and typically this showing includes demonstrating some need for the testimony. Alvin K. Hellerstein and Curtis C. Mechling, Moore's Federal Practice - Civil § 32.28. Here, Dr. Marks is Merck's expert, and plaintiff has not shown that he cannot secure his own epidemiologist to testify. *See Lehan v. Ambassador Programs, Inc.*, 190 F.R.D. 670, 674 (E.D. Wash. 2000) (A party may call an opposing party's non-testifying expert only upon a showing of "exceptional circumstances."). Generally, a party is not entitled to build "his case on the diligent preparation of his adversary." *In re Shell Oil Refinery*, 132 F.R.D. 437, 440 (E.D. La. 1990). Plaintiff cannot force Merck into presenting its expert for trial if Merck decides not to have him testify. *Id.* ("a party is free to make strategic decisions changing an anticipated witness to a non-witness."). Without a showing of exceptional circumstances, plaintiff is not entitled to call Dr. Marks to testify.[1]

---

[1] Plaintiff should also be barred from presenting the deposition testimony of Dr. Marks because he did not disclose him as a witness on his witness list.

* * *

For the reasons stated above, Merck respectfully requests that this Court sustain Merck's Objections to Plaintiff's Designation of Dr. Marks. Merck reserves the right to supplement or amend its Objections to Plaintiff's Designation of Merck's Expert Witness, Ronald Marks, M.D.

Dated: August 29, 2006                                Respectfully submitted,

/s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Andrew Goldman
Carrie A. Jablonski
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:     312-494-4440

Richard B. Goetz
Ashley A. Harrington
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:     213-430-6407

And

Douglas R. Marvin
Robert A. Van Kirk
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:     202-434-5029

Attorneys for Merck & Co., Inc.

826350v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Objections to Plaintiff's Designation of Merck's Expert Witness, Ronald Marks Ph.D. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 29th day of August, 2006.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel