IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE VIOXX MARKETING, SALES ) | |
| PRACTICES AND PRODUCTS ) | |
| LIABILITY LITIGATION ) | MDL NO. 1657 |
| ) | |
| ) | SECTION L |
| ) | |
| This document relates to: ) | JUDGE ELDON E. FALLON |
| ) | |
| Brandon Worlow v. ) | MAGISTRATE JUDGE |
| Merck & Co., Inc., Case No. 05-cv-6539 ) | DANIEL E. KNOWLES, III |

**DEFENDANT MERCK & CO., INC.'S OPPOSITION TO
<u>PLAINTIFF'S NOTICE OF DISMISSAL WITHOUT PREJUDICE</u>**

Defendant Merck & Co., Inc. ("Merck") respectfully submits this Opposition to Plaintiff's Notice of Dismissal Without Prejudice.  As a threshold matter, plaintiff's effort at unilateral dismissal is invalid because Merck has filed an Answer in this case and plaintiff was therefore required to file a motion to dismiss under Fed. R. Civ. P. 41(a)(2).  However, even if plaintiff were to properly file such a motion, the Court should dismiss it outright or condition it upon plaintiff's stipulating that if his case is refiled, he will file it directly in MDL-1657 or, at the very least, in federal court.  Such conditions would alleviate some of the prejudice that would result from plaintiff's dismissal of an action previously transferred to the Vioxx MDL.

## BACKGROUND

On August 26, 2005, plaintiff commenced this action by filing a Petition for Damages in the Circuit Court of Jackson County, Missouri.  Merck filed an Answer to the Petition on October 24, 2005.  Merck removed the Petition to the United States District Court for the Western District of Missouri on October 25, 2005.  This action was transferred from the Western District of Missouri to this Court pursuant to a transfer order issued by the Judicial Panel on

Multidistrict Litigation on December 14, 2005.  (*See* Conditional Transfer Order 32.)  On August 21, 2006, plaintiff served its Notice of Dismissal Without Prejudice upon all parties to this action.

## ARGUMENT

The Court should deny plaintiff's dismissal because he did not properly move for dismissal under Rule 41(a)(2).  If the Court does grant dismissal, however, it should be conditioned on "such terms and conditions as the court deems proper," Fed. R. Civ. P. 41(a)(2) – *i.e.*, a stipulation from plaintiff that if he refiles his case, he will do so only in MDL-1657 or federal court.

In considering a motion for dismissal under Rule 41(a)(2), the Court must be mindful of protecting the defendant's interests.  *See Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 177 (5th Cir. 1990) (noting that the primary purpose of Rule 41(a)(2) "is to protect the nonmovant from unfair treatment"); *see also Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987) (in considering Rule 41(a)(2) motions, the "court must focus primarily on protecting the interests of the defendant").  Several factors enter into this analysis, including avoiding inefficiency, the effort and expense incurred by the defendant, potential prejudice suffered to the defendant, and the sufficiency of the plaintiff's reasons for the requested dismissal.  *See Ikospentakis*, 915 F.2d at 180 (vacating district court's order dismissing the action without prejudice because of prejudice to defendant); *see also Dean v. WLR Foods, Inc.*, 204 F.R.D. 75, 77 (W.D. Va. 2001) ("[t]he test of what constitutes substantial prejudice [to the defendant] will have to take into consideration the relevant facts of any given case"); *Zagano v. Fordham University*, 900 F.2d 12, 14 (2d. Cir. 1990) (affirming denial of motion for voluntary dismissal because of inefficiency and prejudice to defendant); *Phillips USA, Inc. v. Allflex USA, Inc.*, 77

F.3d 354, 358 (10th Cir. 1996) (affirming denial of Rule 41(a)(2) motion where summary judgment was pending and plaintiff offered insufficient reason for dismissal); *Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc.,* 187 F.3d 941, 951 (8th Cir. 1999) (affirming denial of motion for voluntary dismissal where plaintiff's only justification for the request was to replead in a more favorable forum because granting it would waste judicial resources and prejudice the defendant). As the court noted in *Phillips*, "[t]he rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." 77 F.3d at 357 (citations omitted).

Application of these factors to this case mandates denial of plaintiff's dismissal or conditioning dismissal on plaintiff's agreement to refile any subsequent case in federal court. This is so because plaintiff's dismissal may be an effort to evade the MDL. Merck has already expended effort and expense in preparing and filing a Notice of Removal, preparing and filing an Answer, preparing and filing a Motion to Stay, and securing the transfer of this case to this Court. Moreover, as this Court is aware, discovery is underway in the MDL proceeding. Merck will be unfairly prejudiced if it has to participate in all of this discovery a second time in a subsequent case by plaintiff in state court.

Plaintiff's effort to dismiss this case, and potentially refile in a manner that would potentially avoid the MDL, would result in the very types of inefficiencies that MDL proceedings are intended to prevent: duplicative discovery, the potential for inconsistent rulings, and waste of judicial resources. *In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005) ("Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary"). The prejudice to Merck is not merely the threat of a

subsequent action, or the possibility that plaintiff will gain some sort of tactical advantage by dismissing the case now and refiling at a later date. Rather, if plaintiff is permitted to use Rule 41(a)(2) to avoid participating in the MDL proceeding, Merck will lose the efficiencies and consistency that is at the crux of the MDL proceeding. *See Dean,* 204 F.R.D. at 77 (evaluating prejudice to the defendant "will have to take into consideration the relevant facts of any given case"). Moreover, allowing plaintiff to dismiss his action would effectively send a message to attorneys that they can evade the MDL process simply by dismissing cases that were initially filed in federal court and repleading in a way that seeks to avoid federal jurisdiction. *See Hamm*, 187 F.3d at 951 (affirming denial of motion for voluntary dismissal where plaintiff's only justification for the request was to replead in a more favorable forum because granting it would waste judicial resources and prejudice the defendant).

For these reasons, if the Court determines that plaintiff should be permitted to dismiss this case without prejudice, dismissal should be conditioned upon the requirement that plaintiff file any subsequent case against Merck in MDL-1657 or federal court.[1] *See* Fed. R Civ. P. 41(a)(2) (permitting dismissal without prejudice "upon such terms and conditions as the court deems proper"); *Ikospentakis*, 915 F.2d at 180 n.4 (noting that the "district court was authorized to attach conditions to [plaintiff's] dismissal for the defendants' protection"); *Davis*, 819 F.2d at 1273 (district court may "impose conditions on voluntary dismissal to obviate any prejudice to the defendants which may otherwise result from dismissal without prejudice").

---

[1] In the event that the Court declines to condition plaintiff's dismissal on refiling in federal court, at the very least the plaintiff's dismissal should be conditioned upon the requirement that the plaintiff coordinate discovery in any future state court action with the non case-specific discovery from MDL-1657 as set forth in MDL Pretrial Order No. 17. *See, e.g., Davis*, 819 F.2d at 1276 (dismissal conditioned on plaintiff paying defendant's taxable costs and agreeing to use discovery materials in any subsequent action); *Brown v. Baeke*, 413 F.3d 1121 (10th Cir. 2005) (affirming grant of voluntary dismissal under several conditions, including limiting plaintiff to use of discovery that had already been accomplished).

Courts have routinely imposed similar conditions on voluntary dismissals without prejudice. For example, in *RMD Concessions, LLC v. Westfield Corp.*, 194 F.R.D. 241 (E.D. Va. 2000), the plaintiff filed a motion for voluntary dismissal after defendant successfully obtained transfer of the case from federal court in the District of Columbia to the federal court in Alexandria, Virginia. The court conditioned the dismissal without prejudice on the plaintiff refiling the case in Virginia in order to avoid any prejudice to the defendant. *Id.* at 243. Likewise, in *Williams. v. Laboratory Corp. of America*, No. Civ. A. 301CV0514-R, 2001 WL 896922 (N.D. Tex. Aug. 3, 2001), the court granted plaintiff's motion to dismiss without prejudice, but conditioned such dismissal on requiring any refiling by the plaintiff to be in federal court, so that the defendant "will not be faced with the expense of an additional removal petition." *Id.* at *2. The same condition was imposed on the plaintiffs in *Pittsburgh Jaycees v. United States Jaycees,* 89 F.R.D. 166 (W.D. Pa. 1981). There, the court granted the plaintiffs' motion for voluntary dismissal on the condition that any future proceedings between the parties be "refiled in [the same] court to avoid the necessity of going through the same procedural steps in any subsequent litigation" because it would "eliminate duplicitous work." *Id.* at 168. *Cf. Bentz v. Reed Elsevier, Inc.*, No. C-3-00-350, 2000 U.S. Dist. LEXIS 20370, at *8 (S.D. Ohio Dec. 5, 2000) (requiring subsequent litigation to be filed in the same court because "[d]efendants should not have to fight that battle [for change of venue] again").

Similar conditions are appropriate here. If the Court allows dismissal, and plaintiff subsequently refiles this action, he should be required to file directly in MDL-1657 or in federal court.

826381v.1

## CONCLUSION

For all of the foregoing reasons, the Court should deny plaintiff's notice of dismissal outright or require plaintiff to file a stipulation that, if he refiles his case, he will do so only in MDL-1657 or in federal court.

    /s/ *Dorothy H. Wimberly*

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

and

John C. Aisenbrey    MO Bar # 31907
George F. Verschelden  MO Bar # 55128
STINSON MORRISON HECKER LLP
1201 Walnut, Suite 2900
Kansas City, Missouri 64106
Telephone: (816) 842-8600
Telecopier: (816) 691-3495

ATTORNEYS FOR DEFENDANT MERCK & CO., INC.

6

826381v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Opposition to Plaintiff's Notice of Dismissal Without Prejudice has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 29th day of August, 2006.

>   */s/ Dorothy H. Wimberly*
>   Dorothy H. Wimberly, 18509
>   STONE PIGMAN WALTHER
>   WITTMANN L.L.C.
>   546 Carondelet Street
>   New Orleans, Louisiana  70130
>   Phone:  504-581-3200
>   Fax:     504-581-3361
>   dwimberly@stonepigman.com
>
>   Defendants' Liaison Counsel