IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL No 1657 |
| Products Liability Litigation | * | |
| | * | SECTION:  L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |
| | * | |

* * * ***********************************

**THIS DOCUMENT RELATES TO:** *C. Gordon Linnett  v. Merck & Co, Inc.,* No. 06-03923-EEF-DEK , previously filed as 2:06cv000454 in the District of Utah, Central Division.

.        Defendant Merck & Co., Inc. ("Merck"), by its undersigned counsel, answers Plaintiff's complaint ("Complaint") as follows:

## RESPONSE TO PRELIMINARY STATEMENT

1.       Merck denies each and every allegation in paragraph 1 of the Complaint except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cycooxygenase-2 (COX-2).

## RESPONSE TO PARTIES

2.       Merck lacks information and knowledge sufficient to either admit or deny the allegations set forth in paragraph 2 of the Complaint and on that basis, denies the same.

3.       Merck denies each and every allegation set forth in the first sentence of paragraph 3 of the Complaint except admits that it is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range

of innovative pharmaceutical products to improve human health. Merck further admits that

Merck is a New Jersey corporation with its principal place of business in Whitehouse Station,

New Jersey. Merck denies each and every allegation set forth in the second sentence of

paragraph 3 of the Complaint except admits that, until it voluntarily withdrew Vioxx from the

worldwide market on September 30, 2004, Merck manufactured, marketed, and distributed the

prescription medicine Vioxx and admits that Vioxx is the brand name for rofecoxib.

## RESPONSE TO JURISDICTION AND VENUE

4.      The allegations set forth in paragraph 4 of the Complaint call for a legal

conclusion to which no response is required. To the extent any response is required, Merck

admits the parties to this action are diverse and that plaintiff purports to put an amount in

controversy exceeding $75,000.00, but denies there is any legal or factual basis for the relief

sought.

5.      The allegations set forth in paragraph 5 of the Complaint call for a legal

conclusion to which no response is required. To the extent any response is required, Merck

denies each and every allegation set forth in said paragraph.

6.      The allegations set forth in paragraph 6 of the Complaint call for a legal

conclusion to which no response is required. To the extent any response is required, Merck

denies each and every allegation set forth in said paragraph.

## RESPONSE TO FACTUAL ALLEGATIONS

7.      Merck lacks information and knowledge sufficient to either admit or deny the

allegations set forth in paragraph 7 of the Complaint except admits that plaintiff purports to bring

2

an action against Merck seeking certain relief but denies that there is any legal or factual basis for the same and further denies that plaintiff is entitled to the relief sought.

8.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence of paragraph 8 of the Complaint and on that basis, denies the same. Merck denies each and every allegation in the second sentence of paragraph 8 of the Complaint.

9.      Merck denies each and every allegation in paragraph 9 of the Complaint except admits Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

10.     The allegations set forth in the first sentence of paragraph 10 of the Complaint are legal conclusions to which no responsive pleadings are required. To the extent a response is required, Merck denies each and every allegation set forth in the first sentence of paragraph 10 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules. Regarding the allegations set forth in the second and third sentences of paragraph 10 of the Complaint, Merck denies each and every allegation set forth in the second and third sentences of paragraph 10.

11.     Merck denies each and every allegation in paragraph 11 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the United States Food and Drug Administration ("FDA") as safe and effective for certain indicated uses in a manner consistent with the information contained in the relevant FDA-approved prescribing information. Merck respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its indicated uses and full text.

3

12.     Merck denies each and every allegation in paragraph 12 of the Complaint.

13.     Merck denies each and every allegation in paragraph 13 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information.

14.     Merck denies each and every allegation in paragraph 14 of the Complaint, and avers that Merck marketed the prescription medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information.  Merck respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

15.     Merck denies each and every allegation in paragraph 15 of the Complaint.

16.     Merck denies each and every allegation in paragraph 16 of the Complaint.

17.     Merck denies each and every allegation in paragraph 17 of the Complaint.

18.     Merck denies each and every allegation in paragraph 18 of the Complaint.

## CLAIMS FOR RELIEF

### RESPONSE TO FIRST CAUSE OF ACTION
### (Negligence)

19.     With respect to the allegations set forth in paragraph 19 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 18 of this Answer with the same force and effect as though set forth here in full.

20.     Merck denies each and every allegation in paragraph 20 of the Complaint.

21.     Merck denies each and every allegation in paragraph 21 of the Complaint.

22.     The allegations set forth in paragraph 22 of the Complaint are legal conclusions as
to which no responsive pleading is required.  Should a response be deemed required, Merck
denies that it violated any duty in the manufacture, marketing, or distribution of Vioxx.

23.     The allegations set forth in paragraph 23 of the Complaint are legal conclusions as
to which no responsive pleading is required.  Should a response be deemed required, Merck
denies that it violated any duty in the manufacture, marketing, or distribution of Vioxx.

24.     Merck denies each and every allegation in paragraph 24 of the Complaint.

25.     Merck denies each and every allegation directed toward Merck in paragraph 25 of
the Complaint, including subparts a through f.

26.     Merck denies each and every allegation in paragraph 26 of the Complaint.

27.     Merck denies each and every allegation in paragraph 27 of the Complaint, and
respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

## RESPONSE TO SECOND CAUSE OF ACTION
### (Negligence Per Se)

28.     With respect to the allegations set forth in paragraph 28 of the Complaint, Merck
repeats and realleges each and every admission, denial, averment, and statement contained in
paragraphs 1 through 27 of this Answer with the same force and effect as though set forth here in
full.

29.     Merck denies each and every allegation in paragraph 29 of the Complaint.

30.     Merck denies each and every allegation directed toward Merck in paragraph 30 of
the Complaint, including subparts a through g.

5

31.     The allegations set forth in paragraph 31 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

## RESPONSE TO THIRD CAUSE OF ACTION
### (Defective Product)

32.     With respect to the allegations set forth in paragraph 32 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 31 of this Answer with the same force and effect as though set forth here in full.

33.     Merck denies each and every allegation in paragraph 33 of the Complaint except admits that that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

34.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 34 of the Complaint and on that basis, denies the same.

35.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 35 of the Complaint, and on that basis, denies the same.

36.     Merck denies each and every allegation in paragraph 36 of the Complaint.

37.     Merck denies each and every allegation in paragraph 37 of the Complaint.

38.     Merck denies each and every allegation in paragraph 38 of the Complaint.

## RESPONSE TO FOURTH CAUSE OF ACTION
### (Defective Marketing and Inadequate Warnings)

39.     With respect to the allegations set forth in paragraph 39 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in

6

paragraphs 1 through 38 of this Answer with the same force and effect as though set forth here in full.

40. Merck denies each and every allegation in paragraph 40 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information for Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

41. Merck denies each and every allegation in paragraph 41 of the Complaint.

42. Merck denies each and every allegation in paragraph 42 of the Complaint, except admits that, until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, Merck marketed Vioxx in a manner consistent with the relevant FDA-approved prescribing information. Merck respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

43. Merck denies each and every allegation in paragraph 43 of the Complaint.

## RESPONSE TO FIFTH CAUSE OF ACTION
## (Breach of Express and Implied Warranties )

44. With respect to the allegations set forth in paragraph 44 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 43 of this Answer with the same force and effect as though set forth here in full.

45. Merck denies each and every allegation in paragraph 45 of the Complaint, including subparts a through f. Merck further avers that the FDA approved Vioxx in May 1999 as safe and effective for certain indicated uses in a manner consistent with the information set

7

forth in the FDA-approved prescribing information for Vioxx, and respectfully refers the Court to the relevant prescribing information for Vioxx for its indicated uses and full text.

46.     The allegations set forth in paragraph 46 of the Complaint are legal conclusions to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in paragraph 46 of the Complaint.

47.     Merck denies each and every allegation directed toward Merck in paragraph 47 of the Complaint except admits that the FDA approved Vioxx for certain indicated uses in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for Vioxx's indicated uses and full text.

48.     Merck denies each and every allegation in paragraph 48 of the Complaint.

49.     Merck denies each and every allegation in paragraph 49 of the Complaint.

### RESPONSE TO SIXTH CAUSE OF ACTION
(Negligent Misrepresentations)

50.     With respect to the allegations set forth in paragraph 50 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 49 of this Answer with the same force and effect as though set forth here in full.

51.     Merck denies each and every allegation in paragraph 51 of the Complaint except admits that the FDA approved Vioxx for certain indicated uses in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for Vioxx's indicated uses.

8

52.     The allegations in the first sentence of paragraph 52 of the Complaint are legal

conclusions as to which no responsive pleading is required. Should a response be deemed

required, Merck denies each and every allegation in the first sentence of paragraph 52 of the

Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict

of laws rules. Merck denies each and every allegation in the second and third sentences of

paragraph 52 of the Complaint.

53.     Merck denies each and every allegation in paragraph 53 of the Complaint.

## RESPONSE TO SEVENTH CAUSE OF ACTION
### (Fraud)

54.     With respect to the allegations set forth in paragraph 54 of the Complaint, Merck

repeats and realleges each and every admission, denial, averment, and statement contained in

paragraphs 1 through 53 of this Answer with the same force and effect as though set forth here in

full.

55.     Merck denies each and every allegation in paragraph 55 of the Complaint.

56.     Merck denies each and every allegation in paragraph 56 of the Complaint.

57.     Merck denies each and every allegation in paragraph 57 of the Complaint.

58.     Merck denies each and every allegation in paragraph 58 of the Complaint.

59.     Merck denies each and every allegation in paragraph 59 of the Complaint.

60.     Merck denies each and every allegation in paragraph 60 of the Complaint.

## RESPONSE TO EIGHTH CAUSE OF ACTION
### (Unjust Enrichment)

61.     With respect to the allegations set forth in paragraph 61 of the Complaint, Merck

repeats and realleges each and every admission, denial, averment, and statement contained in

9

paragraphs 1 through 60 of this Answer with the same force and effect as though set forth here in full.

62. Merck denies each and every allegation in paragraph 62 of the Complaint.

63. Merck denies each and every allegation in paragraph 63 of the Complaint.

64. Merck denies each and every allegation in paragraph 64 of the Complaint.

65. Merck denies each and every allegation in paragraph 65 of the Complaint.

## RESPONSE TO NINTH CAUSE OF ACTION
### (General damages)

66. With respect to the allegations set forth in paragraph 66 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 65 of this Answer with the same force and effect as though set forth here in full.

67. Merck denies each and every allegation in paragraph 67 of the Complaint.

68. Merck denies each and every allegation in paragraph 68 of the Complaint.

## RESPONSE TO TENTH CAUSE OF ACTION
### (Exemplary/Punitive Damages)

69. With respect to the allegations set forth in paragraph 69 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 68 of this Answer with the same force and effect as though set forth here in full.

70. Merck denies each and every allegation in paragraph 70 of the Complaint, except admits plaintiff purports to seek punitive damages, but denies there is any legal or factual basis to award same.

10

71.     Merck denies each and every allegation in paragraph 71 of the Complaint.

72.     Merck denies each and every allegation in paragraph 72 of the Complaint.

73.     Merck denies each and every allegation in paragraph 73 of the Complaint.

74.     Merck denies each and every allegation in paragraph 74 of the Complaint.

75.     Merck denies each and every allegation in paragraph 75 of the Complaint except admits that plaintiff purports to bring an action against Merck seeking certain relief but denies that there is any legal or factual basis for the same and further denies that plaintiff is entitled to the relief sought.

### RESPONSE TO PRE-EXISTING CONDITION

76.     Merck denies each and every allegation in paragraph 76 of the Complaint.

### RESPONSE TO SIXTH CAUSE OF ACTION
### (Fraudulent Concealment)

77.     Merck denies each and every allegation in paragraph 77 of the Complaint.

78.     The allegations set forth in paragraph 78 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 78 of the Complaint.

79.     The allegations set forth in paragraph 79 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

## RESPONSE TO SEVENTH CAUSE OF ACTION
### (FDA Misled or Unaware)

80.     With respect to the allegations set forth in paragraph 80 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 79 of this Answer with the same force and effect as though set forth here in full.

81.     Merck denies each and every allegation in paragraph 81 of the Complaint.

82.     Merck denies each and every allegation in paragraph 82 of the Complaint.

83.     The allegations set forth in paragraph 83 of the Complaint are legal conclusions to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in paragraph 83 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

84.     Merck denies that plaintiff is entitled to any of the relief specified in the Request for Relief, Prayer, or anywhere else in plaintiff's Complaint.

85.     All allegations not specifically admitted herein are specifically denied by Merck.

## MERCK'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

12

## SECOND AFFIRMATIVE DEFENSE

Merck incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action.  Merck will rely on all defenses that may become available during discovery or trial.

## THIRD AFFIRMATIVE DEFENSE

The claims of Plaintiff may be time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely, including Utah Code Ann. § 78-15-3 and/or § 78-12-25.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff may be barred, in whole or in part, from recovery because he has made statements or taken actions that preclude him from asserting claims or constitute a waiver of his claims.

## SIXTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

## SEVENTH AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## EIGHTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## TWELFTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or

14

apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## THIRTEENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

## FOURTEENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under the collateral source rule.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Utah R. Civ. P. 9(b) and Fed R. Civ. P. 9(b).

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the First Amendment.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

This case is more appropriately brought in a different venue.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Venue in this case is improper.

16

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The claims of Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to his claims.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs may be barred, in whole and in part, by the doctrine of laches.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred, in whole or in part, by his failure to mitigate damages.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

## THIRTIETH AFFIRMATIVE DEFENSE

The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff has not sustained any injury or damages compensable at law.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiff's failure to provide it with due process of law.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred. Plaintiff's claim for punitive damages is further controlled by the terms of Utah Code Annotated, § 78-18-1 (2002).

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts: Products Liability.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

## FORTY-SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach as required by Utah Code. Ann. § 70A-2-607(3) and/or lack of privity and/or because the alleged warranties were disclaimed.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's conspiracy claim is barred because Merck did not enter into any agreement with any other defendant or third party to further any alleged unlawful act by allegedly unlawful means.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for negligence per se are barred on the grounds that such claims are not cognizable against Merck in this action.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to and limited by the provisions of Utah Code Ann. §§ 78-27-38 and 78-27-40.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim under the Utah Consumer Sales Practices Act fails pursuant to Utah Code Ann. § 13-11-22(1)(a) because the alleged acts or practices complained of are required or specifically permitted by or under federal law, or by or under state law.

WHEREFORE, Merck respectfully demands judgment dismissing plaintiff's Complaint with prejudice and awarding Merck its reasonable attorney's fees, together with such other and further relief that the Court may deem just and proper.

Dated: August 29 , 2006

Respectfully submitted

Phillip A. Wittman, 13625
Anthony M. Dileo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittman L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: (504)581-3200
Fax:    (504)581-3361

*Defendants' Liaison Counsel*

Rick L. Rose (Utah State Bar No. 5140)
Kristine M. Larsen (Utah State Bar No. 9228)
RAY QUINNEY & NEBEKER
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
          Telephone:    (801) 532-1500
          Telecopier:   (801)532-7543

*Attorneys for Merck & Co., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Jury Demand of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 29th day of August, 2006.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel