UNITED STATES DISTRICT COURT
DISTRICT OF LOUISIANA
EASTERN DISTRICT

| | | |
|---|---|---|
| In re: VIOXX | * | |
| | * | **MDL Docket No. 1657** |
| MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | * | |
| | * | **SECTION L** |
| | * | JUDGE FALLON |
| This document relates to Clark v. Merck & Co., Inc., (E.D.La. Index No. 05-5848) | * | MAG. JUDGE KNOWLES |
| *   *   *   *   *   *   *   *   *   *   *   *   *   *   * | * | |

## ANSWER OF DEFENDANT MERCK & CO., INC.

COMES NOW Merck & Co., Inc. ("Merck") by and through its undersigned counsel and presents the following Answer and Defenses to Plaintiff's Complaint as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Merck denies every allegation contained in paragraph 1 of the Complaint except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to whether or when Plaintiff "purchased or consumed" the prescription medicine Vioxx.

2.      Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint.

3.      Merck denies each and every allegation contained in paragraph 3 of the

Complaint, except admits that Merck is a New Jersey corporation with its principal place of

business at One Merck Drive, Whitehouse Station, New Jersey and that Merck manufactured,

marketed, and distributed the prescription medicine Vioxx, until Merck voluntarily withdrew

Vioxx from the worldwide market on September 30, 2004.

4.      The allegations contained in paragraph 4 of the Complaint are legal conclusions

as to which no responsive pleading is required.  Should a response be deemed required, Merck

denies each and every allegation contained in paragraph 4 of the Complaint except admits that

there is diversity between the parties and that Plaintiff purports to put an amount in controversy

that exceeds $75,000 but denies that there is any legal or factual basis for the relief sought.

5.      The allegations contained in the first sentence of paragraph 5 of the Complaint are

legal conclusions as to which no responsive pleading is required.  Should a response be deemed

required, Merck denies each and every allegation contained in the first sentence paragraph 5 of

the Complaint.  Merck denies each and every allegation contained in the second sentence of

paragraph 5 of the Complaint.

### FACTUAL ALLEGATIONS

6.      Merck denies every allegation contained in the first sentence of paragraph 6 of the

Complaint and avers that Vioxx is the brand name for rofecoxib.  Merck denies each and every

allegation contained in the second sentence of paragraph 6 of the Complaint and avers that

Merck sought and received the approval of the United States Food and Drug Administration

("FDA") to manufacture and market the prescription medicine Vioxx and, until the voluntary

withdrawal of Vioxx on September 30, 2004, did market Vioxx for the indicated uses set out in

2

the relevant FDA approved prescribing information. Merck respectfully refers the Court to the FDA prescribing information for Vioxx's indicated uses. Merck admits that Vioxx is a selective COX-2 inhibitor and that the mechanism of action of Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase 2 (COX 2).

7.     Denies each and every allegation contained in paragraph 7 of the Complaint except admits that in May 1999 Merck received FDA approval to manufacture and market the prescription medicine Vioxx in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its indicated uses and full text.

8.     Merck denies each and every allegation contained in the first sentence paragraph 8 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck denies each and every allegation contained in the second sentence of paragraph 8 of the Complaint except admits that Merck sought and, in 1999, received FDA approval to manufacture and market the prescription medicine Vioxx.

9.     Merck denies each and every allegation contained in paragraph 9 of the Complaint.

10.     Merck denies each and every allegation contained in paragraph 10 of the Complaint.

11.     Merck denies each and every allegation contained in paragraph 11 of the Complaint.

3

12.     Merck denies each and every allegation contained in paragraph 12 of the
Complaint except admits that the studies referenced in sentence one of paragraph 12 and the
article referenced in sentence two of paragraph 12 exist, and respectfully refers the Court to said
publications for their actual language and full text. Merck further admits that it is currently a
member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor
of EULAR since 1999.

13.     Merck denies each and every allegation contained in paragraph 13 of the
Complaint, except admits that 2000 worldwide Vioxx sales figures exceeded $2 billion.

14.     Merck denies each and every allegation contained in paragraph 14 of the
Complaint except admits that the referenced publication exists and respectfully refers the Court
to said publication for its actual language and full text.

15.     Merck denies each and every allegation contained in paragraph 15 of the
Complaint except admits that the referenced publication and the article contained therein exist
and respectfully refers the Court to the referenced document for its actual language and full text.

16.     Merck denies each and every allegation contained in the first two sentences of
paragraph 16 of the Complaint except admits that the referenced journals and articles contained
therein exist, and that Plaintiff purports to quote from the same and respectfully refers the Court
to said studies for their actual language and full context. Merck denies each and every allegation
in the third sentence of paragraph 16 of the Complaint except admits that the referenced journal
and article exist and respectfully refers the Court to said article for its actual language and full
text.

4

17. Merck denies each and every allegation contained in paragraph 17 of the Complaint except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

18. Merck denies each and every allegation contained in paragraph 18 of the Complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

19. Merck denies each and every allegation contained in paragraph 19 of the Complaint except admits that in April 2002, the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the relevant prescribing information for Vioxx for its actual language and full text.

20. Merck denies each and every allegation contained in the first sentence of paragraph 20 of the Complaint and avers that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo. Merck further avers that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interests of patients.

21. Merck denies each and every allegation contained in paragraph 21 of the Complaint.

22.     Merck denies each and every allegation contained in paragraph 22 of the
Complaint.

23.     Merck denies each and every allegation contained in paragraph 23 of the
Complaint.

24.     Merck denies each and every allegation contained in paragraph 24 of the
Complaint.

25.     Merck denies each and every allegation contained in Paragraph 25 of the
Complaint.

26.     Merck denies each and every allegation contained in paragraph 26 of the
Complaint.

27.     Merck denies each and every allegation contained in paragraph 27 of the
Complaint.

## COUNT I: NEGLIGENCE

28.     With respect to the allegations contained in paragraph 28 of the Complaint, Merck
repeats and re-alleges each and every admission, denial, averment, and statement set forth in
paragraphs 1 through 27 of this Answer with the same force and effect as though set forth here in
full.

29.     Merck denies each and every allegation contained in paragraph 29 of the
Complaint except admits that Merck manufactured, marketed, and distributed the prescription

medicine Vioxx in a manner consistent with the FDA-approved prescribing information for
Vioxx.

30.    The allegations contained in paragraph 30 of the Complaint are legal conclusions
as to which no responsive pleading is required. Should a response be deemed required, Merck
denies each and every allegation contained in paragraph 30 of the Complaint and denies that it
violated any duty in the manufacture, marketing, or distribution of the prescription medicine
Vioxx, and respectfully refers the court to the relevant law governing Plaintiffs' negligence.

31.    Merck denies each and every allegation contained in paragraph 31, including
subparagraphs a. through i., of the Complaint and denies that it violated any duty in the
manufacture, marketing, or distribution of the prescription medicine Vioxx.

32.    Merck denies each and every allegation contained in paragraph 32 of the
Complaint.

33.    Merck denies each and every allegation contained in the first and third sentences
of paragraph 33 of the Complaint. The allegations contained in the second sentence of paragraph
33 of the Complaint are legal conclusions as to which no responsive pleading is required.
Should a response be deemed required, Merck denies each and every allegation contained in said
sentence and specifically denies that it violated any duty in the manufacture, marketing, or
distribution of the prescription medicine Vioxx.

## COUNT II: STRICT LIABILITY (Failure to Warn)

34.    With respect to the allegations contained in paragraph 34 of the Complaint, Merck
repeats and re-alleges each and every admission, denial, averment, and statement set forth in

7

paragraphs 1 through 33 of this Answer with the same force and effect as though set forth here in full.

35.     Merck denies each and every allegation contained in paragraph 35 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

36.     Merck denies each and every allegation contained in paragraph 36 of the Complaint.

37.     Merck denies each and every allegation contained in paragraph 37 of the Complaint.

38.     Merck denies each and every allegation contained in paragraph 38 of the Complaint.

### COUNT III: STRICT LIABILITY (Design Defect)

39.     With respect to the allegations contained in paragraph 39 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 38 of this Answer with the same force and effect as though set forth here in full.

40.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 40 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx in a manner consistent with the FDA-approved prescribing information for Vioxx. Merck

denies each and every allegation contained in the second sentence of paragraph 40 of the Complaint.

41.     Merck denies each and every allegation contained in paragraph 41 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the condition in which Vioxx reached Plaintiff. Merck admits that it manufactured, marketed, and distributed the prescription medicine Vioxx.

42.     Merck denies each and every allegation contained in the first and second sentences of paragraph 42 of the Complaint. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the third sentence of paragraph 42 of the Complaint.

43.     Merck denies each and every allegation contained in paragraph 43 of the Complaint.

44.     Merck denies each and every allegation contained in paragraph 44 of the Complaint.

45.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 45 of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx in a manner consistent with FDA-approved prescribing information for Vioxx.

46.     Merck denies each and every allegation contained in paragraph 46 of the Complaint.

9

47.    Merck denies each and every allegation contained in paragraph 47 of the
Complaint.

48.    Merck denies each and every allegation contained in paragraph 48 of the
Complaint.

49.    The allegations contained in the first sentence of paragraph 49 of the Complaint
are legal conclusions as to which no responsive pleading is required. Should a response be
deemed required, Merck denies each and every allegation contained in the first sentence
paragraph 49 of the Complaint. Merck denies each and every allegation contained in the second
sentence of paragraph 49 of the Complaint.

50.    Merck denies each and every allegation contained in paragraph 50 of the
Complaint.

51.    Merck denies each and every allegation contained in paragraph 51 of the
Complaint.

52.    Merck denies each and every allegation contained in paragraph 52 of the
Complaint.

## COUNT IV: NEGLIGENT FAILURE TO WARN

53.    With respect to the allegations contained in paragraph 53 of the Complaint, Merck
repeats and re-alleges each and every admission, denial, averment, and statement set forth in
paragraphs 1 through 52 of this Answer with the same force and effect as though set forth here in
full.

10

54.    Merck denies each and every allegation contained in paragraph 54 of the
Complaint.

55.    Merck denies each and every allegation contained in paragraph 55 of the
Complaint.

56.    Merck denies each and every allegation contained in paragraph 56 of the
Complaint.

57.    Merck denies each and every allegation contained in paragraph 57 of the
Complaint.

### COUNT V: NEGLIGENCE PER SE

58.    With respect to the allegations contained in paragraph 58 of the Complaint, Merck
repeats and re-alleges each and every admission, denial, averment, and statement set forth in
paragraphs 1 through 57 of this Answer with the same force and effect as though set forth here in
full.

59.    The allegations contained in paragraph 59 of the Complaint are legal conclusions
as to which no responsive pleading is required. Should a response be deemed required, Merck
denies each and every allegation contained in paragraph 59 of the Complaint.

60.    Merck denies each and every allegation contained in paragraph 60 of the
Complaint.

11

61. The allegations contained in paragraph 61 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 61 of the Complaint.

62. Merck denies each and every allegation contained in paragraph 62 of the Complaint.

63. Merck denies each and every allegation contained in paragraph 63 of the Complaint, including subparagraphs a. through e.

64. Merck denies each and every allegation contained in paragraph 64 of the Complaint.

## COUNT VI: MISREPRESENTATION AND SUPPRESSION

65. With respect to the allegations contained in paragraph 65 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 64 of this Answer with the same force and effect as though set forth here in full.

66. Merck denies each and every allegation contained in paragraph 66 of the Complaint.

67. Merck denies each and every allegation contained in paragraph 67 of the Complaint, including subparagraphs a. through e.

68. Merck denies each and every allegation contained in paragraph 68 of the Complaint.

12

69.     Merck denies each and every allegation contained in paragraph 69 of the Complaint.

70.     Merck denies each and every allegation contained in paragraph 70 of the Complaint.

71.     Merck denies each and every allegation contained in paragraph 71 of the Complaint.

72.     The allegations contained in paragraph 72 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 72 of the Complaint.

73.     The allegations contained in paragraph 73 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 73 of the Complaint.

74.     Merck denies each and every allegation contained in paragraph 74 of the Complaint.

75.     Merck denies each and every allegation contained in paragraph 75 of the Complaint.

## COUNT VII: BREACH OF WARRANTY

76.     With respect to the allegations contained in paragraph 76 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement set forth in

13

paragraphs 1 through 75 of this Answer with the same force and effect as though set forth here in full.

77.  Merck denies each and every allegation contained in paragraph 77 of the Complaint and avers that the FDA approved Vioxx in May 1999 as safe and effective for certain indicated uses in a manner consistent with the information set forth in the FDA-approved prescribing information for Vioxx, and respectfully refers the Court to the relevant prescribing information for Vioxx.

78.  Merck denies each and every allegation contained in paragraph 78 of the Complaint.

79.  Merck denies each and every allegation contained in paragraph 79 of the Complaint.

80.  Merck denies each and every allegation contained in paragraph 80 of the Complaint.

81.  Merck denies each and every allegation contained in paragraph 81 of the Complaint.

## COUNT VIII: BREACH OF EXPRESS WARRANTY

82.  With respect to the allegations contained in paragraph 82 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 81 of this Answer with the same force and effect as though set forth here in full.

14

83.     Merck denies each and every allegation contained in 83 of the Complaint and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

84.     Merck denies each and every allegation contained in paragraph 84 of the Complaint.

85.     Merck denies each and every allegation contained in paragraph 85 of the Complaint.

## COUNT IX: FRAUD

86.     With respect to the allegations contained in paragraph 86 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 85 of this Answer with the same force and effect as though set forth here in full.

87.     Merck denies each and every allegation contained in paragraph 87 of the Complaint.

88.     Merck denies each and every allegation contained in paragraph 88 of the Complaint.

89.     Merck denies each and every allegation contained in paragraph 89 of the Complaint.

90.     Merck denies each and every allegation contained in paragraph 90 of the Complaint.

15

## COUNT X: VIOLATION OF THE UNIFORM DECEPTIVE TRADE PRACTICES ACT

91.    With respect to the allegations contained in paragraph 91 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 90 of this Answer with the same force and effect as though set forth here in full.

92.    The allegations contained in paragraph 92 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 92 of the Complaint and respectfully refers the Court to the referenced statute for its actual language and full text.

93.    Merck denies each and every allegation contained in paragraph 93 of the Complaint.

94.    Merck denies each and every allegation contained in paragraph 94 of the Complaint.

95.    Merck denies each and every allegation contained in paragraph 95 of the Complaint.

96.    Merck denies each and every allegation contained in paragraph 96 of the Complaint.

97.    Merck denies each and every allegation contained in paragraph 97 of the Complaint.

16

98.     Merck denies each and every allegation contained in paragraph 98 of the
Complaint.

99.     Merck denies each and every allegation contained in paragraph 99 of the
Complaint.

## COUNT XI: UNJUST ENRICHMENT

100.     With respect to the allegations contained in paragraph 100 of the Complaint,
Merck repeats and re-alleges each and every admission, denial, averment, and statement set forth
in paragraphs 1 through 99 of this Answer with the same force and effect as though set forth here
in full.

101.     Merck denies each and every allegation contained in paragraph 101 of the
Complaint.

102.     Merck denies each and every allegation contained in paragraph 102 of the
Complaint.

103.     The allegations contained in paragraph 103 of the Complaint are legal conclusions
as to which no responsive pleading is required. Should a response be deemed required, Merck
denies each and every allegation contained in paragraph 103 of the Complaint.

## RESPONSE TO DEMAND FOR RELIEF

104.     Plaintiff's "Demand for Relief" section of the Complaint is not an allegation of
fact and therefore no responsive pleading is required. Should a response be deemed required,
Merck denies each and every allegation contained in the "Demand for Relief" section, including

subparagraphs 1 through 6, of the Complaint and denies that Plaintiff is entitled to the relief requested.

## RESPONSE TO JURY DEMAND

105.    Plaintiff's "Jury Demand" section of the Complaint is not an allegation of fact and therefore no responsive pleading is required.

## DEFENSES

106.    Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations, statutes or repose, or is otherwise untimely.

107.    The Complaint fails to state a claim upon which relief can be granted.

108.    Plaintiff's claims may be barred, in whole or in part, from recovery because he has made statements or taken actions that preclude him from asserting claims or constitute a waiver of his claims.

109.    Plaintiff's claims may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

110.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, or statutory and regulatory compliance.

111.    If Plaintiff has sustained injuries or losses as alleged in the Complaint upon information and belief, such injuries or losses were caused, in whole or in part, through the operation of nature or other intervening cause or causes.

18

112.    To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal law, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

113.    To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

114.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or the other manufacturer.

115.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

116.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

117.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injures or losses resulted from Plaintiff's preexisting and /or unrelated medical, genetic and /or

19

environmental conditions, diseases or illnesses, subsequent medical conditions, or natural courses of conditions for which this Defendant is not responsible.

118.     To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

119.     To the extent that Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under North Dakota Century Code § 32-03.2-06.

120.     Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b) and North Dakota Rules of Civil Procedure 9(b).

121.     Plaintiff's claims are barred, in whole, or in part, under the applicable state law because Vioxx and its labeling were subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

122.     Plaintiff's claims are barred, in whole or in part, by the First Amendment of the United States Constitution.

123.     Plaintiff's claims are barred, in whole or in part, because the product at issue was made in accordance with the state of the art at the time it was manufactured.

20

124.    There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

125.    This case is more appropriately brought in a different venue.

126.    Venue in this case is improper.

127.    Plaintiff's claims may be barred, in whole or in part, from recovery because, in this or other courts, he has brought actions and has received judgments on parts of some or all claims asserted herein.

128.    Plaintiff's claims may be barred, in whole or in part, from recovery on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

129.    Plaintiff's claims may be barred, in whole or in part, from recovery by release as to his claims.

130.    Plaintiff's claims may be barred, in whole or in part, by the doctrine of laches.

131.    Plaintiff's claims are barred, in whole or in part, by his failure to mitigate damages.

132.    To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

133.     The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

134.     Plaintiff's claims may be barred, in whole or in part, by the governing state laws.

135.     Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

136.     Plaintiff has not sustained any injury or damages compensable at law.

137.     Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiff's failure to provide it with due process of law.

138.     To the extent that Plaintiff seeks punitive damages for the conduct, which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

139.     To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

140.     Any demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

141.     To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, there was no oppression, fraud, or actual malice, as required by North Dakota Century Code § 32-03.2-11(1).

142.    Any claim for punitive damages is subject to the provisions of North Dakota Century Code § 32-03.2-11(1) and said claim should be stricken.

143.    Plaintiff's claims are barred, in whole or in part, under comment k to Section 402A of the Restatement (Second) of Torts.

144.    Plaintiff's claims are barred, in whole or in part, because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken with in the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

145.    Plaintiff's claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts: Products Liability.

146.    Plaintiff's claims are barred, in whole or in part, because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

147.    To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

148.    Plaintiff's claims for negligence per se are barred on the grounds that such claims are not cognizable against Merck in this action.

149.    Plaintiff's claims for injunctive relief are barred by the doctrine of primary jurisdiction.

23

150.    To the extent Plaintiff seeks to recover only economic loss in tort, his claims are barred by the economic loss doctrine.

151.    Plaintiff's claims for non-economic damages are subject to and limited by North Dakota Century Code § 32-03.2-03.

152.    Plaintiff is barred from recovery and/or Plaintiff's recovery is limited pursuant to North Dakota Century Code Chapter 32-03.2, Comparative Fault, Damages, Collateral Source Payments, and Periodic Payments.

153.    Any liability that might otherwise be imposed upon Merck is subject to reduction or elimination by the application of the doctrine of comparative negligence or modified comparative fault as codified at North Dakota Century Code Chapter 32-03.2.

154.    To the extent that Plaintiff's claims are based upon any theory of product liability, they are barred or limited by North Dakota Century Code Chapter 28-01.3, Products Liability.

155.    Merck has complied with requirements promulgated by and under federal law. The product at issue, Vioxx, was approved pursuant to the applicable federal statutes and regulations. Such federal regulations and statutes preempt Plaintiff's claims under state law and pursuant to North Dakota Century Code § 28-01.3-09 creates a statutory presumption that Vioxx is not defective or unreasonably dangerous and that Merck is not liable.

156.    Merck asserts all defenses available to it pursuant to North Dakota Century Code Chapter 28-01.3, Products Liability.

24

157.     Any claim for equitable relief is barred because there is an adequate remedy at law.

158.     Merck denies any liability on its part, but if Merck is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability, which would be found against it will be insufficient to impose joint liability.  In the alternative, the liability, if any, of Merck is limited by and pursuant to North Dakota Century Code Chapter 32-38, Contribution Among Tortfeasors.

159.     Some or all of the damages alleged by Plaintiff are barred by North Dakota Century Code § 41-02-93 and § 41-02-94.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularly to enable Merck to determine all of its legal, contractual, and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

Merck incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action.  Merck will rely on all defenses that are included in the master answer filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana or that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Dated: _August 29_, 2006

Respectfully submitted,

Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361

Defendant's Liaison Counsel

Dorsey & Whitney LLP
Sarah Andrews Herman, ND03399
Lynn Block, ND05288
51B Broadway, Suite 402
PO Box 1344
Fargo, ND 58107-1344
701-235-6000

Counsel for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 29th day of August, 2006.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel