UNTED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARIANNE CHAMBERS, FRANCES CIAMPINI,:      CIVIL ACTION NO:
LEONARDO FERRARO, JOSEPH GUMIENIAK, :      2:05-cv-01997-EEK-DEK
JANET HAAG, RICHARD HOPE, NICHOLAS
KLYM, ANNA BARTOSZKIEWICZ, AS
ADMINISTRATRIX OF THE ESTATE OF
MARIAN LEBERSKI, SAMUEL PERRY,
MICHAEL PESANELLI, AS EXECUTOR
OF THE ESTATE OF KAY PESANELLI, AND
MICHAEL PESANELLI, INDIVIDUALLY
ALBERT PHIPPS, MOLLY SOLLOWAY,
KEITH SWARTHWOUT, FRANK THEODORE,
JR., AS ADMINISTRATOR OF THE ESTATE
OF FRANK THEODORE, SR., CARMEN
CASTRO, MICHAEL MELENDEZ, and
EVANGELINA RAMOS,

V.

MERCK & CO., INCORPORATED

## COMPLAINT

## COUNT ONE – CHAMBERS-PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q

1.      At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.      The defendant MERCK is a "Product Seller" as defined in General Statutes § 52-572m.

3.      The plaintiff is Marianne Chambers who resides in Manchester, Connecticut.

4.   On and for some time before January 2005, the plaintiff had been prescribed VIOXX by her doctor. Per her doctor's orders, the plaintiff regularly consumed VIOXX.

5.   The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

6.   As a result of plaintiff's consumption of the drug VIOXX, she was caused to suffer a blockage in her heart.

7.   At the time of its sale or distribution and continuing through the date of her blockage, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

a)   it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

b)   adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)   there was no adequate post-marketing warning and instruction;

d)   the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)   there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)   consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.   One or more of the defects described above was a substantial factor in causing the plaintiff's injuries.

9.   The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

10.    The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

11.    The defendant breached these express warranties.

12.    The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

13.    The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

14.    The defendant breached this implied warranty of merchantability.

15.    The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

16.    The defendant was negligent in one or more of the following ways:

a)    it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)    it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)    it failed to adequately and properly test VIOXX before and after placing it on the market;

d)    it failed to conduct sufficient testing on VIOXX;

e)    it failed to warn of the risk of heart attack, stroke, and sudden death;

f)    it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)    it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

17.   The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

18.   The plaintiff brings this action pursuant to General Statutes § 52-572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.   As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered a blockage in her heart.

20.   As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and she also suffered an impairment in her capacity to carry on and enjoy all of life's other activities.

## COUNT TWO – CHAMBERS-PUNITIVE DAMAGES - GENERAL STATUTES § 52-240b

1. - 6.   Paragraphs 1. through 6. of Count One are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Two.

7.   The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

   a)   the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact that MERCK and its agents, servants, and employees were aware of those risks;

   b)   they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

   c)   they refused to provide adequate post-marketing warning and

instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d) they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e) they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f) they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8. The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9. As a result of the defendants' reckless disregard of product users, the plaintiff suffered a blockage in her heart.

10. As a further result, the plaintiff was caused to incur and will continue to incur medical expenses and she also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.


## COUNT THREE – CHAMBERS-CUTPA, GENERAL STATUTES § 42-110b, et seq.

1. - 10. The allegations of paragraphs 1. - 10. of Count Two are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Three.

11. The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12. The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13. As a result of the defendants' deceptive acts, the plaintiff suffered a blockage in her heart.

14. As a further result, the plaintiff was caused to incur and will continue to incur medical expenses and she also suffered an impairment in her capacity to carry on and enjoy all of life's other activities.

## COUNT FOUR – CIAMPINI-PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q

1. At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2. The defendant MERCK is a "Product Seller" as defined in General Statutes § 52-572m.

3. The plaintiff is Frances Ciampini who resides in New Haven, Connecticut.

4. At and prior to the time before her stroke in 2004, the plaintiff had been prescribed VIOXX by her doctor. Per her doctor's orders, the plaintiff regularly consumed VIOXX.

5.     The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

6.     As a result of plaintiff's consumption of the drug VIOXX, she was caused to suffer a stroke.

7.     At the time of its sale or distribution and continuing through the date of her stroke, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

a)     it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

b)     adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)     there was no adequate post-marketing warning and instruction;

d)     the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)     there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)     consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.     One or more of the defects described above was a substantial factor in causing the plaintiff's injuries.

9.     The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

10.    The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

11.    The defendant breached these express warranties.

12.      The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

13.      The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

14.      The defendant breached this implied warranty of merchantability.

15.      The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

16.      The defendant was negligent in one or more of the following ways:

a)      it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)      it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)      it failed to adequately and properly test VIOXX before and after placing it on the market;

d)      it failed to conduct sufficient testing on VIOXX;

e)      it failed to warn of the risk of heart attack, stroke, and sudden death;

f)      it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)      it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease.

17.      The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

18.      The plaintiff brings this action pursuant to General Statutes § 52-572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.    As a result of the defective and unreasonably dangerous condition of

VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of

VIOXX and/or the breach of express and/or implied warranties and/or the defendant's

negligence, the plaintiff suffered a stroke.

20.    As a further result, the plaintiff was caused to incur and will continue to

incur medical expenses and she also suffered an impairment in her capacity to carry on

and enjoy all of life's other activities.

## COUNT FIVE – CIAMPINI-PUNITIVE DAMAGES - GENERAL STATUTES § 52-240b

1. - 6.  Paragraphs 1. through 6. of Count Four are hereby incorporated and

realleged as paragraphs 1. through 6. of this Count Five.

7.    The defendant MERCK acted with reckless disregard for the safety of

users of its product, VIOXX in one or more of the following ways:

a)    the product was not accompanied by proper warnings regarding all
possible adverse side effects regarding its use despite the fact that
MERCK and its agents, servants, and employees were aware of those
risks;

b)    they refused to perform testing that they suspected would have
shown that VIOXX possessed serious potential side effects with
respect to which full warnings were necessary;

c)    they refused to provide adequate post-marketing warning and instruction
despite spending tens of millions of dollars on a direct to consumer
marketing campaign;

d)    they misled the public into believing that the foreseeable risks of the use
of VIOXX were de minimus in relation to the benefits associated with its'
design and formulation;

e)    they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)    they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.    The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.    As a result of the defendants' reckless disregard of product users, the plaintiff suffered a stroke.

10.    As a further result, the plaintiff was caused to incur and will continue to incur medical expenses and she also suffered an impairment in her capacity to carry on and enjoy all of life's other activities.

## COUNT SIX – CIAMPINI-CUTPA, GENERAL STATUTES § 42-110b, et seq.

1. - 10.  The allegations of paragraphs 1. - 10. of Count Five are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Six.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.    As a result of the defendants' deceptive acts, the plaintiff suffered a stroke.

14.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses and she also suffered an impairment in her capacity to carry on and enjoy all of life's other activities.

## COUNT SEVEN – FERRARO - PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q

1.     At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.     The defendant MERCK is a "Product Seller" as defined in General Statutes § 52-572m.

3.     The plaintiff is Leonardo Ferraro who resides in Bridgeport, Connecticut.

4.     On and for some time before 2003, the plaintiff had been prescribed VIOXX by his doctor. Per his doctor's orders, the plaintiff regularly consumed VIOXX.

5.     The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

6.     As a result of plaintiff's consumption of the drug VIOXX, he was caused to suffer atrial fibrillation.

7.     At the time of its sale or distribution and continuing through the date of his atrial fibrillation, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

a)     it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

b)    adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)    there was no adequate post-marketing warning and instruction;

d)    the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)    there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)    consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.    One or more of the defects described above was a substantial factor in causing the plaintiff's injuries.

9.    The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

10.    The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

11.    The defendant breached these express warranties.

12.    The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

13.    The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

14.    The defendant breached this implied warranty of merchantability.

15.    The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

16.    The defendant was negligent in one or more of the following ways:

a)   it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)   it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)   it failed to adequately and properly test VIOXX before and after placing it on the market;

d)   it failed to conduct sufficient testing on VIOXX;

e)   it failed to warn of the risk of heart attack, stroke, and sudden death;

f)   it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)   it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

17.   The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

18.   The plaintiff brings this action pursuant to General Statutes § 52-572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.   As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered atrial fibrillation.

20.   As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; he suffered an impairment of his earning capacity as well as lost wages; and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT EIGHT – FERRARO - PUNITIVE DAMAGES - GENERAL STATUTES

### § 52-240b

1. - 6.  Paragraphs 1. through 6. of Count Seven are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Eight.

7.     The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

a)     the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact that MERCK and its agents, servants, and employees were aware of those risks;

b)     they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)     they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)     they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)     they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)     they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.     The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.     As a result of the defendants' reckless disregard of product users, the plaintiff suffered atrial fibrillation.

10. As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; he suffered an impairment of his earning capacity as well as lost wages; and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT NINE – FERRARO - CUTPA, GENERAL STATUTES § 42-110b, et seq.

1. - 10. The allegations of paragraphs 1. - 10. of Count Eight are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Nine.

11. The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12. The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13. As a result of the defendants' deceptive acts, the plaintiff suffered atrial fibrillation.

14. As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; he suffered an impairment of his earning capacity as well as lost wages; and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT TEN – GUMIENIAK - PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q

1.      At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.      The defendant MERCK is a "Product Seller" as defined in General Statutes § 52-572m.

3.      The plaintiff is Joseph Gumieniak who resides in New Britain, Connecticut.

4.      On and for some time before October 28, 2004, the plaintiff had been prescribed VIOXX by his doctor. Per his doctor's orders, the plaintiff regularly consumed VIOXX.

5.      The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

6.      As a result of plaintiff's consumption of the drug VIOXX, he was caused to suffer a stroke and a heart attack.

7.      At the time of its sale or distribution and continuing through the date of his stroke and heart attack, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

   a)      it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

   b)      adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

   c)      there was no adequate post-marketing warning and instruction;

d) the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e) there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f) consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8. One or more of the defects described above was a substantial factor in causing the plaintiff's injuries.

9. The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

10. The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

11. The defendant breached these express warranties.

12. The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

13. The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

14. The defendant breached this implied warranty of merchantability.

15. The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

16. The defendant was negligent in one or more of the following ways:

a) it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)     it failed to include adequate information or warnings with the medication
       that would alert plaintiff to refrain from use of VIOXX without first
       attempting traditional NSAIDs.

c)     it failed to adequately and properly test VIOXX before and after placing it
       on the market;

d)     it failed to conduct sufficient testing on VIOXX;

e)     it failed to warn of the risk of heart attack, stroke, and sudden death;

f)     it failed to provide adequate post marketing instructions regarding the
       risks of VIOXX use; and

g)     it failed to warn that VIOXX should not be used in conjunction with
       other risk factors such as family history of heart disease

17.     The negligence of the defendants was a substantial factor in causing the

injuries to the plaintiff as described in this complaint.

18.     The plaintiff brings this action pursuant to General Statutes § 52-572m, et.

seq., as amended (the "Connecticut Product Liability Act").

19.     As a result of the defective and unreasonably dangerous condition of

VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of

VIOXX and/or the breach of express and/or implied warranties and/or the defendant's

negligence, the plaintiff suffered a stroke and a heart attack.

20.     As a further result, the plaintiff was caused to incur and will continue to

incur medical expenses; he suffered an impairment of his earning capacity as well as lost

wages; and he also suffered an impairment in his capacity to carry on and enjoy all of

life's other activities.

**COUNT ELEVEN – GUMIENIAK -PUNITIVE DAMAGES - GENERAL**

**STATUTES § 52-240b**

  1. - 6. Paragraphs 1. through 6. of Count Ten are hereby incorporated and

realleged as paragraphs 1. through 6. of this Count Eleven.

  7. The defendant MERCK acted with reckless disregard for the safety of

users of its product, VIOXX in one or more of the following ways:

   a) the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact that MERCK and its agents, servants, and employees were aware of those risks;

   b) they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

   c) they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

   d) they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

   e) they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

   f) they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

  8. The subject VIOXX was expected to and did reach the consumer without

substantial change in condition.

  9. As a result of the defendants' reckless disregard of product users, the

plaintiff suffered a stroke and a heart attack.

10.    As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; he suffered an impairment of his earning capacity as well as lost wages; and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT TWELVE – GUMIENIAK - CUTPA, GENERAL STATUTES § 42-110b, et seq.

1. - 10.  The allegations of paragraphs 1. - 10. of Count Eleven are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Twelve.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.    As a result of the defendants' deceptive acts, the plaintiff suffered a stroke and a heart attack.

14.    As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; he suffered an impairment of his earning capacity as well as lost wages; and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT THIRTEEN – HAAG - PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q

1.   At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.   The defendant MERCK is a "Product Seller" as defined in General Statutes § 52-572m.

3.   The plaintiff is Janet Haag who resides in Terryville, Connecticut.

4.   On and for some time before October of 2004, the plaintiff had been prescribed VIOXX by her doctor. Per her doctor's orders, the plaintiff regularly consumed VIOXX.

5.   The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

6.   As a result of plaintiff's consumption of the drug VIOXX, she was caused to suffer a heart attack.

7.   At the time of its sale or distribution and continuing  through the date of her heart attack, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

   a)   it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

   b)   adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

      c)      there was no adequate post-marketing warning and instruction;

      d)      the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

      e)      there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

      f)      consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.      One or more of the defects described above was a substantial factor in causing the plaintiff's injuries.

9.      The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

10.      The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

11.      The defendant breached these express warranties.

12.      The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

13.      The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

14.      The defendant breached this implied warranty of merchantability.

15.      The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

16.      The defendant was negligent in one or more of the following ways:

a)  it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)  it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)  it failed to adequately and properly test VIOXX before and after placing it on the market;

d)  it failed to conduct sufficient testing on VIOXX;

e)  it failed to warn of the risk of heart attack, stroke, and sudden death;

f)  it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)  it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

17.  The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

18.  The plaintiff brings this action pursuant to General Statutes § 52-572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.  As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered a heart attack.

20.  As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; she suffered an impairment of her earning capacity as well as lost wages; and she also suffered an impairment in her capacity to carry on and enjoy all of life's other activities.

## COUNT FOURTEEN – HAAG - PUNITIVE DAMAGES - GENERAL STATUTES

### § 52-240b

1. - 6.  Paragraphs 1. through 6. of Count Thirteen are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Fourteen.

7.  The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

a)  the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact that MERCK and its agents, servants, and employees were aware of those risks;

b)  they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)  they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)  they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)  they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)  they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.  The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.    As a result of the defendants' reckless disregard of product users, the plaintiff suffered a heart attack.

10.    As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; she suffered an impairment of her earning capacity as well as lost wages; and she also suffered an impairment in her capacity to carry on and enjoy all of life's other activities.

## COUNT FIFTEEN – HAAG - CUTPA, GENERAL STATUTES § 42-110b, et seq.

1. - 10.  The allegations of paragraphs 1. - 10. of Count Fourteen are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Fifteen.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.    As a result of the defendants' deceptive acts, the plaintiff suffered a heart attack.

14.    As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; she suffered an impairment of her earning capacity as well as lost wages; and she also suffered an impairment in her capacity to carry on and enjoy all of life's other activities.

## COUNT SIXTEEN – HOPE -PRODUCTS LIABILITY GENERAL STATUTES §
## 52-572n & q

1.     At all times mentioned herein, the defendant MERCK & CO., INC.
("MERCK") was and is a foreign corporations and or entity engaged in the manufacture
and sale of drug products, including VIOXX, within the State of Connecticut.

2.     The defendant MERCK is a "Product Seller" as defined in General
Statutes § 52-572m.

3.     The plaintiff is Richard Hope who resides in Willimantic, Connecticut.

4.     On and for some time before August 4, 2001, the plaintiff had been
prescribed VIOXX by his doctor. Per his doctor's orders, the plaintiff regularly consumed
VIOXX.

5.     The VIOXX consumed by the plaintiff was designed, manufactured, tested
and/or sold by the defendant MERCK.

6.     As a result of plaintiff's consumption of the drug VIOXX, he was caused
to suffer a by-pass surgery.

7.     At the time of its sale or distribution and continuing through the date of his
by-pass surgery, VIOXX was in a defective condition unreasonably dangerous to the
plaintiff and others in one or more of the following ways:

   a)     it was not accompanied by proper warnings regarding all possible
          adverse side effects regarding its use;

   b)     adequate testing was not performed that would have shown that
          VIOXX possessed serious potential side effects with respect to
          which full warnings were necessary;

   c)     there was no adequate post-marketing warning and instruction;

d)    the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)    there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)    consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.    One or more of the defects described above was a substantial factor in causing the plaintiff's injuries.

9.    The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

10.    The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

11.    The defendant breached these express warranties.

12.    The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

13.    The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

14.    The defendant breached this implied warranty of merchantability.

15.    The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

16.    The defendant was negligent in one or more of the following ways:

a)    it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)   it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)   it failed to adequately and properly test VIOXX before and after placing it on the market;

d)   it failed to conduct sufficient testing on VIOXX;

e)   it failed to warn of the risk of heart attack, stroke, and sudden death;

f)   it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)   it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

17.   The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

18.   The plaintiff brings this action pursuant to General Statutes § 52-572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.   As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered a by-pass surgery.

20.   As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; he suffered an impairment of his earning capacity as well as lost wages; and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT SEVENTEEN – HOPE - PUNITIVE DAMAGES - GENERAL

## STATUTES § 52-240b

1. - 6.  Paragraphs 1. through 6. of Count Sixteen are hereby incorporated and

realleged as paragraphs 1. through 6. of this Count Seventeen.

7.      The defendant MERCK acted with reckless disregard for the safety of

users of its product, VIOXX in one or more of the following ways:

a)      the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact that MERCK and its agents, servants, and employees were aware of those risks;

b)      they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)      they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)      they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)      they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)      they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.      The subject VIOXX was expected to and did reach the consumer without

substantial change in condition.

9.      As a result of the defendants' reckless disregard of product users, the

plaintiff suffered a by-pass surgery.

10.    As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; he suffered an impairment of his earning capacity as well as lost wages; and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT EIGHTEEN – HOPE - CUTPA, GENERAL STATUTES § 42-110b, et seq.

1. - 10.  The allegations of paragraphs 1. - 10. of Count Seventeen are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Eighteen.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.    As a result of the defendants' deceptive acts, the plaintiff suffered a by-pass surgery.

14.    As a further result, the plaintiff was caused to incur and will continue to incur medical expenses; he suffered an impairment of his earning capacity as well as lost wages; and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT NINETEEN – KLYM -PRODUCTS LIABILITY GENERAL STATUTES

## § 52-572n & q

1.      At all times mentioned herein, the defendant MERCK & CO., INC.

("MERCK") was and is a foreign corporations and or entity engaged in the manufacture

and sale of drug products, including VIOXX, within the State of Connecticut.

2.      The defendant MERCK is a "Product Seller" as defined in General

Statutes § 52-572m.

3.      The plaintiff is Nicholas Klym who resides in West Hartford, Connecticut.

4.      On and for some time before January 28, 2005, the plaintiff had been

prescribed VIOXX by his doctor. Per his doctor's orders, the plaintiff regularly consumed

VIOXX.

5.      The VIOXX consumed by the plaintiff was designed, manufactured, tested

and/or sold by the defendant MERCK.

6.      As a result of plaintiff's consumption of the drug VIOXX, he was caused

to suffer an angioplasty.

7.      At the time of its sale or distribution and continuing  through the date of

his angioplasty, VIOXX was in a defective condition unreasonably dangerous to the

plaintiff and others in one or more of the following ways:

a)      it was not accompanied by proper warnings regarding all possible
        adverse side effects regarding its use;

b)      adequate testing was not performed that would have shown that
        VIOXX possessed serious potential side effects with respect to
        which full warnings were necessary;

c)      there was no adequate post-marketing warning and instruction;

d)    the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)    there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)    consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.    One or more of the defects described above was a substantial factor in causing the plaintiff's injuries.

9.    The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

10.    The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

11.    The defendant breached these express warranties.

12.    The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

13.    The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

14.    The defendant breached this implied warranty of merchantability.

15.    The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

16.    The defendant was negligent in one or more of the following ways:

a)    it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)   it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)   it failed to adequately and properly test VIOXX before and after placing it on the market;

d)   it failed to conduct sufficient testing on VIOXX;

e)   it failed to warn of the risk of heart attack, stroke, and sudden death;

f)   it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)   it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

17.   The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

18.   The plaintiff brings this action pursuant to General Statutes § 52-572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.   As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered an angioplasty.

20.   As a further result, the plaintiff was caused to incur and will continue to incur medical expensesvand he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT TWENTY – KLYM - PUNITIVE DAMAGES - GENERAL STATUTES §

## 52-240b

1. - 6.  Paragraphs 1. through 6. of Count Nineteen are hereby incorporated and

realleged as paragraphs 1. through 6. of this Count Twenty.

7.     The defendant MERCK acted with reckless disregard for the safety of

users of its product, VIOXX in one or more of the following ways:

    a)     the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact that MERCK and its agents, servants, and employees were aware of those risks

    b)     they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

    c)     they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

    d)     they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

    e)     they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

    f)     they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.     The subject VIOXX was expected to and did reach the consumer without

substantial change in condition.

9.     As a result of the defendants' reckless disregard of product users, the

plaintiff suffered an angioplasty.

10.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT TWENTY-ONE – KLYM - CUTPA, GENERAL STATUTES § 42-110b, et seq.

1. - 10.   The allegations of paragraphs 1. - 10. of Count Twenty are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Twenty-One.

11.   The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12.   The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.     As a result of the defendants' deceptive acts, the plaintiff suffered an angioplasty.

14.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT TWENTY-TWO – LEBERSKI - PRODUCTS LIABILITY GENERAL
## STATUTES § 52-572n & q

1.     At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.     The defendant MERCK is a "Product Seller" as defined in General Statutes § 52-572m.

3.     Plaintiff Anna Bartoszkiewicz is the administratrix of her late father Marian Leberski's estate.

4.     On and for some time before September 28, 2003, the plaintiff's decedent Marian Leberski had been prescribed VIOXX by his doctor. Per his doctor's orders, Marian Leberski regularly consumed VIOXX.

5.     The VIOXX consumed by Marian Leberski was designed, manufactured, tested and/or sold by the defendant MERCK.

6.     As a result of Marian Leberski's consumption of the drug VIOXX, he was caused to suffer a heart attack and sudden death on or about September 28, 2003.

7.     At the time of its sale or distribution and continuing through his date of death, VIOXX was in a defective condition unreasonably dangerous to Marian Leberski and others in one or more of the following ways:

    a)     it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

    b)     adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

    c)     there was no adequate post-marketing warning and instruction;

d)  the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)  there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)  consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.  One or more of the defects described above was a substantial factor in causing the death of Marian Leberski.

9.  The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

10.  The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by Marian Leberski.

11.  The defendant breached these express warranties.

12.  The breach of these express warranties by the defendants was a substantial factor in causing the death of Marian Leberski as described in this complaint.

13.  The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

14.  The defendant breached this implied warranty of merchantability.

15.  The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the death of Marian Leberski as described in this complaint.

16.  The defendant was negligent in one or more of the following ways:

a)  it failed to include adequate warnings with the medication that would alert the plaintiff's decedent and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)   it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)   it failed to adequately and properly test VIOXX before and after placing it on the market;

d)   it failed to conduct sufficient testing on VIOXX;

e)   it failed to warn of the risk of heart attack, stroke, and sudden death;

f)   it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)   it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

17.   The negligence of the defendants was a substantial factor in causing the death of Marian Leberski as described in this complaint.

18.   The plaintiff brings this action pursuant to General Statutes § 52-572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.   As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff's decedent Marian Leberski suffered a heart attack and died suddenly.

20.   As a further result, the plaintiff's decedent was caused to suffer a complete destruction of his earning capacity and his capacity to carry on and enjoy all of life's other activities.

## COUNT TWENTY-THREE – LEBERSKI - PUNITIVE DAMAGES - GENERAL

## STATUTES § 52-240b

1. - 6.  Paragraphs 1. through 6. of Count Twenty-Two are hereby incorporated

and realleged as paragraphs 1. through 6. of this Count Twenty-Three.

7.      The defendant MERCK acted with reckless disregard for the safety of

users of its product, VIOXX in one or more of the following ways:

a)      the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact the MERCK and its agents, servants, and employees were aware of those risks;

b)      they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)      they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)      they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)      they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)      they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.      The subject VIOXX was expected to and did reach the consumer without

substantial change in condition.

9.      As a result of the defendants' reckless disregard of product users, the

plaintiff's decedent, Marian Leberski has been caused to suffer a heart attack and sudden

death.

10. As a further result, the plaintiff's decedent was caused to suffer a complete destruction of his earning capacity and his capacity to carry on and enjoy all of life's other activities.

## COUNT TWENTY-FOUR – LEBERSKI -CUTPA, GENERAL STATUTES § 42-110b, et seq.

1. - 10. The allegations of paragraphs 1. - 10. of Count Twenty-Three are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Twenty-Four.

11. The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of General Statutes § 42-110b.

12. The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13. As a result of the defendants' deceptive acts, Marian Leberski has been caused to suffer a heart attack and sudden death.

14. As a further result, the plaintiff's decedent was caused to suffer a complete destruction of his earning capacity and his capacity to carry on and enjoy all of life's other activities.

## COUNT TWENTY-FIVE – PERRY - PRODUCTS LIABILITY GENERAL

## STATUTES § 52-572n & q

1.      At all times mentioned herein, the defendant MERCK & CO., INC.

("MERCK") was and is a foreign corporations and or entity engaged in the manufacture

and sale of drug products, including VIOXX, within the State of Connecticut.

2.      The defendant MERCK is a "Product Seller" as defined in General

Statutes § 52-572m.

3.      The plaintiff is Samuel Perry who resides in Ashford, Connecticut.

4.      On and for some time before February 10, 2001, the plaintiff had been

prescribed VIOXX by his doctor. Per his doctor's orders, the plaintiff regularly consumed

VIOXX.

5.      The VIOXX consumed by the plaintiff was designed, manufactured, tested

and/or sold by the defendant MERCK.

6.      As a result of plaintiff's consumption of the drug VIOXX, he was caused

to suffer a stroke.

7.      At the time of its sale or distribution and continuing through the date of his

stroke, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and

others in one or more of the following ways:

    a)    it was not accompanied by proper warnings regarding all possible
        adverse side effects regarding its use;

    b)    adequate testing was not performed that would have shown that
        VIOXX possessed serious potential side effects with respect to
        which full warnings were necessary;

    c)    there was no adequate post-marketing warning and instruction;

d)      the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)      there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)      consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.      One or more of the defects described above was a substantial factor in causing the plaintiff's injuries.

9.      The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

10.     The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

11.     The defendant breached these express warranties.

12.     The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

13.     The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

14.     The defendant breached this implied warranty of merchantability.

15.     The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

16.     The defendant was negligent in one or more of the following ways:

a)      it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)     it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)     it failed to adequately and properly test VIOXX before and after placing it on the market;

d)     it failed to conduct sufficient testing on VIOXX;

e)     it failed to warn of the risk of heart attack, stroke, and sudden death;

f)     it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)     it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

17.     The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

18.     The plaintiff brings this action pursuant to General Statutes § 52-572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.     As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered a stroke.

20.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses and he also suffered an impairment in his capacity to carry on and enjoy all of life's other activities.

## COUNT TWENTY-SIX – PERRY - PUNITIVE DAMAGES - GENERAL

## STATUTES § 52-240b

1. - 6.  Paragraphs 1. through 6. of Count Twenty-Five are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Twenty-Six.

7.    The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

a)    the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact that MERCK and its agents, servants, and employees were aware of those risks;

b)    they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)    they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)    they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)    they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)    they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.    The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.    As a result of the defendants' reckless disregard of product users, the plaintiff suffered a stroke.