FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 AUG 29  PM 12: 01

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

```
*  *  *  *  *  *  *  *  *  *  *  *  *     *     MDL NO. 1657
In re: VIOXX                                *
PRODUCTS LIABILITY LITIGATION              *     SECTION: L
                                           *
This Document Relates to:                  *
                                           *
Ralph DeToledo et al. v. Merck & Co., Inc.,*     JUDGE FALLON
MDL No. 05-5083 and                        *
                                           *     MAG. JUDGE KNOWLES
Aldo Calandra, et al. v. Merck & Co., Inc. *
MDL No. 05-2914                            *
                                           *
*  *  *  *  *  *  *  *  *  *  *  *  *        *
```

PLAINTIFFS' SURREPLY TO DEFENDANT'S REPLY MEMORANDUM IN
SUPPORT OF DEFENDANT MERCK & CO., INC.'S MOTION TO DISMISS
THE FOREIGN CLASS ACTIONS, OR IN THE ALTERNATIVE, STRIKE
THE FOREIGN CLASS ALLEGATIONS

Kenneth B. Moll
Genevieve M. Bernal
Pamela G. Sotoodeh
KENNETH B. MOLL & ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
(312) 558-6444

Counsel for the French and
Italian Class Plaintiffs

KBM

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

# TABLE OF CONTENTS

**Page**

I.  LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

   A.  Neither an Adequate Forum nor Satisfactory Remedies
       Exist in France or Italy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

   B.  The Defendant Has Not Satisfied Its Burden in Showing
       That the Public and Private Interest Factors Weigh
       Heavily in Favor of Dismissal . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

       1.  Plaintiffs' Choice of Forum Should Not Be
           Disturbed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

       2.  The Private Interest Factors Favor Denial
           of the Motion to Dismiss . . . . . . . . . . . . . . . . . . . . . . . . . 8

           a.  Documents and Witnesses
               Relating to Defendant's
               Activity are Located in the
               United States . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

           b.  Depositions Through the
               Hague Convention are an
               Available Alternative . . . . . . . . . . . . . . . . . . . . . . 10

       3.  Public Interest Factors Do Not Weigh
           Heavily in Favor of Dismissal . . . . . . . . . . . . . . . . . . . . . 11

           a.  France and Italy's Interest in
                Adjudicating the Class
                Actions is Outweighed by
                the United States' Interest . . . . . . . . . . . . . . . . . . 11

           b.  Foreign Regulatory
                Judgment Will Not be
                Interfered With . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**K:M**

KENNETH B. MOLL
ASSOCIATES, LTD.
Three First National Plaza
50ᵗʰ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

c.    Experts Will Determine the
      Adequacy of a Warning
      Regardless if the Class
      Actions are Heard in the
      Foreign Countries or the
      United States . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

d.    Illinois Choice of Law Rules
      Will Apply Laws of New
      Jersey . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

e.    Federal Courts Are Capable
      of Applying Foreign Law . . . . . . . . . . . . . . . . . . . . 15

f.    The United States is the
      Best Forum to Handle This
      Litigation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

4.    There Would Be Res Judicata Effect in
      Both France and Italy . . . . . . . . . . . . . . . . . . . . . . . . 15

II.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17



KENNETH B. MOLL
ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL:  312.558.6444
FAX:  312.558.1112
TOLL FREE:  888.882.3453
www.kbmoll.com

# TABLE OF AUTHORITIES

**Statute**

28 U.S.C. §1404(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**Cases**                                                                          **Page**

*Abdullahi v. Pfizer, Inc.,*
    2002 WL 31082956 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

*Adams v. Unione Mediterranea Di Sicurta,*
    1997 WL 253119 (E.D.La. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Adamu v. Pfizer, Inc.,*
    399 F.Supp.2d 495 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

*Alpine View Co. Ltd. v. Atlas Copco AB,*
    205 F.3d 208 (5th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Baumgart v. Fairchild Aircraft Corp.,*
    981 F.2d 824 (5th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Carlenstolpe v. Merck & Co., Inc.,*
    628 F.Supp. 901 (S.D.N.Y. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Chan Tse Ming v. Cordis Corp.,*
    704 F.Supp. 217 (S.D.Fla. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . 9, 11, 12

*Duha v. Agrium, Inc.,*
    448 F.3d 867 (6th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Gulf Oil Corp. v. Gilbert,*
    330 U.S. 501 (1947) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 13

*Hodson v. A.H. Robins Comp., Inc.,*
    528 F.Supp. 809 (E.D.Va. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Hyatt Int'l Corp. v. Coco,*
    302 F.3d 707 (7th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6



KENNETH B. MOLL
ASSOCIATES, LTD.
ree First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
OLL FREE: 888.882.3453
www.kbmoll.com

*Ingersoll v. Klein,*
    46 Ill.2d 42, 262 N.E.2d 593 (Ill.Sup.Ct. 1970) . . . . . . . . . . . . . . . . . . . 14

*In re Air Crash Disaster Near New Orleans, LA on July 9, 1982,*
    821 F.2d 1147 (5th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*In re Baycol Products Litig.,*
    348 F.Supp.2d 1058 (D.Minn. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Irish Nat'l Ins. Co. Ltd. v. Aer Lingus Teoranta,*
    739 F.2d 90 (2d Cir. 1984)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Karim v. Finch Shipping Co. Ltd.,*
    94 F.Supp.2d 727 (E.D.La. 2000)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Lehman v. Humphrey Cayman, Ltd.,*
    713 F.2d 339 (8th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Piper Aircraft v. Reyno,*
    454 U.S. 235 (1981)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 13, 15

*Quackenbush v. Allstate Ins. Co.,*
    517 U.S. 706 (1996)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Reid-Walen v. Hansen,*
    933 F.2d 1390, 1401 (8th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Societe Nationale Industrielle Aerospatiale v. U.S. District Court for the Southern
District of Iowa,*
    482 U.S. 522 (1987)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Turan v. Universal Plan Inv. Ltd.,*
    70 F.Supp.2d 671 (E.D. La. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7



KENNETH B. MOLL
ASSOCIATES, LTD.
Three First National Plaza
50ᵗʰ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| * * * * * * * * * * * * * * * | MDL NO. 1657 |
| In re: Vioxx | |
| Products Liability Litigation | SECTION: L |
| This Document Relates to: | |
| *Ralph DeToledo, et al. v. Merck & Co., Inc.,* *MDL No. 05-5083* | JUDGE FALLON |
| | MAG. JUDGE KNOWLES |
| *Aldo Calandra, et al. v. Merck & Co., Inc.,* *MDL No. 05-2914* | |
| * * * * * * * * * * * * * * * | |

## PLAINTIFFS' SURREPLY TO DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF DEFENDANT MERCK & CO., INC.'S MOTION TO DISMISS THE FOREIGN CLASS ACTIONS OR, IN THE ALTERNATIVE, STRIKE THE FOREIGN CLASS ALLEGATIONS

No litigation has had such global impact and interest as the current claims against Merck regarding Vioxx ingestion. There has been no mass tort case in recent history that has a better fact pattern than the Vioxx litigation for denial of a motion to dismiss on the theory of *forum non conveniens.* The evidence reflects that Merck intended to saturate all markets, in the United States and abroad, with a product that has affected individuals in every major country. The basis of all claims against Merck involve its decision to develop, design, test, market, manufacture, and flood the major countries for profit. Merck's decision to "knowingly misrepresent and failure to disclose" information about Vioxx is a critical issue that goes to the heart of this litigation. All documents and witnesses involved with the testing of Vioxx are located in the United States. All directives, instructions, and training regarding the



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

marketing of Vioxx in the United States and Europe occurred in the United States. Since every case involves similar factual issues, a panel of Federal Judges concluded that an MDL would be appropriate to manage the pretrial discovery. For these very reasons, Honorable Judge Fallon was chosen to manage the pretrial discovery, and for these very reasons, the foreign claims should remain in the United States where they may be easily, expeditiously and inexpensively resolved.

As the Fifth Circuit has stated, convenience is the central focus of *forum non conveniens*. Because all important documents relating to Defendant's actions and witnesses to Defendant's actions are located in the United States, the United States is a more convenient forum to litigate the French and Italian Class Actions. Arguing otherwise is illogical. It is more convenient to litigate these claims in Defendant's home forum, rather than litigate the claims in France and Italy.

I.  **LEGAL ARUGMENT**

    A.  **Neither an Adequate Forum nor Satisfactory Remedies Exist in France or Italy**

Foreign forums are inadequate if they are "clearly unsatisfactory." *Piper Aircraft v. Reyno*, 454 U.S. 235, 255 n.22 (1981). As Plaintiffs argued in their Opposition, a forum can be inadequate if "deprived of all remedies or treated unfairly." *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 2000). *See Baumgart v. Fairchild Aircraft Corp.*, 981 F.2d 824 (5th Cir. 1993). In



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

fact, France and Italy do not provide adequate forums and the Motion to Dismiss under *forum non conveniens* should be denied. As the Court in *Lehman v. Humphrey Cayman, Ltd.*, 713 F.2d 339, 346 (8th Cir. 1983) states, "the court must be alert to the realities of the plaintiffs' position, financial and otherwise, and his or her ability as a practical matter to bring the suit in the alternative forum."

*Irish Nat'l Ins. Co. Ltd. v. Aer Lingus Teoranta*, 739 F.2d 90, 91 (2d Cir. 1984) and *Lehman* show that, in general, the Court must look at all aspects in deciding whether or not the forum is adequate. Defendant misinterprets Plaintiffs arguments by looking at each issue individually. (*See* Defendant's Reply at pgs 4-6). France and Italy do not provide for contingency fees, have a fee shifting rule, and do not offer any similar mechanism to a class action and when analyzed together, the Plaintiffs are unable to bring their claims in their respective countries. (*See* Plaintiffs' Opposition at pgs 10-11, 15).

France is an inadequate forum. There are no contingency fees or substantial legal aid, despite Defendant's assertions. (*See* Kessedjian Reply Declaration at ¶¶ 4, 5)(Attached as Exhibit A). The French attorneys who are accepting a success fee are "violating the spirit of the law." (*Id* at ¶4). By doing this, the attorneys "run the additional risk of the judge deciding to reduce their fees." (*Id*). Legal aid in France "is unfit to truly allow easy access to justice for the greatest number." (*Id* at ¶5). The



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

lack of these two institutions make it extremely difficult for any French Plaintiff to bring suit against the Defendant.

Defendant points out that Plaintiffs only mention one case, the Seveso case, where there was an incredibly long delay in Italy. (*See* Defendant's Reply at pg 8 n.11). The relevance of the Seveso case is that it not only demonstrates the incredible long delay of justice, but also "demonstrate[s] the difficulty experienced by the Italian system in recognizing and providing adequate compensation for collective losses" and "the difficulty of the Italian system in dealing with mass tort litigation. (Consolo Reply Declaration at ¶III pg 9, pg 11)(Attached as Exhibit B). The Italian courts spent a considerable amount of time determining whether or not certain damages would be recognized by the courts. (*See* Consolo Reply Declaration at pgs 9-11, Consolo Declaration at ¶IIc6).

It is important to note that Professor Gambaro did not cite "a single case of mass tort . . . in which the individual subjects have been able to obtain adequate and not merely a symbolic form of protection with a joint action, not even for harm to the health." (*Id* at pg 11). *Cattalini et al v. Immuno/Baxter*, a blood products case, is an Italian case where the delay in justice was unreasonably long. Professor Gambaro, in addressing the case, fails to state that it actually took nine years to resolve, from 1989 to 1998. (*See* Gambaro Reply Declaration at ¶5th(a); *See* Consolo Reply Declaration at ¶IIa pg 3). The proceedings began in 1989 and in



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

1997, "a group of plaintiffs . . . applied to the European Court of Human Rights, pursuant to Article 6 CEDU, complaining of the already unseasonable duration of the proceedings which, at that time, still appeared to be far off settling the investigation." (Consolo Reply Declaration at ¶IIa pg 4).

Although there have been reforms to speed up the process after the Seveso case, the reality is that the implementation of a quicker process has yet to occur. (*See Id* at ¶III pg11). Professor Consolo notes that "Professor Gambaro himself, with extreme prudence" does not state that the reforms have actually made the court processes quicker. (*Id*). Professor Gambaro's statement that first instance decisions are generally rendered in about 400 to 450 days is "excessively optimistic." (*Id; See* Professor Gambaro Reply Declaration at ¶5th(b)). Professor Gambaro is using misleading estimates of court proceeding lengths. According to Professor Consolo, these figures have been obtained for proceedings heard by the Justice of Peace, who's jurisdiction is cases up to €2,582.00 ($3,317.34 conversion on August 16, 2006). (*Id* at ¶III pg 11). This is not the Court the Plaintiffs would be filing their claims in because their damages would be over €2,582.00. Cases "filed before the Court lasted for an average of 860 days over the period [July 1, 2002] - [June 30, 2003] and 888 days over the period [July 1, 2003] - [June 30, 2004], i.e. at least double the figure provided in [Professor Gambaro's] reply declaration." (*Id* at pgs 11-12).



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

B.   The Defendant Has Not Satisfied Its Burden in Showing That the Public and Private Interest Factors Weigh Heavily in Favor of Dismissal

In spite of its lengthy response, Defendant fails to satisfy its heavy burden that the public and private factors overwhelmingly favor dismissal. Contrary to Defendant's contention, the Fifth Circuit does in fact use the heavy burden standard. (*See* Defendant's Reply pg 8 n.12). The public and private interest factors must "weigh heavily on the side of trial in the foreign forum." *Karim v. Finch Shipping Co. Ltd.*, 94 F.Supp.2d 727, 736 (E.D.La. 2000); *In re Air Crash Disaster Near New Orleans, LA on July 9, 1982*, 821 F.2d 1147, 1164 (5th Cir. 1987); *Adams v. Unione Mediterranea Di Sicurta*, 1997 WL 253119, *3 (E.D.La. 1997). Defendant even goes as far as to say that *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) does not apply because it involves a domestic *forum non conveniens* motion. (*See* Defendant's Reply at pg 8 n.12). Obviously this assertion is incorrect. *Gulf* is a Supreme Court case which provides the balancing test and standards for the public and private factors for all *forum non conveniens* motions, not only domestic motions. If Defendant's claim was true, then the *Gulf* public and private interest factors would not apply to any *forum non conveniens* motion since federal domestic *forum non conveniens* is now a motion to transfer venue. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 722 (1996); *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707 (7th Cir. 2002), 28 U.S.C. §1404(a).



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

Defendant still fails to address that the United States forum does not "vex, harass, or oppress the defendant." *Gulf*, 330 U.S. at 508. Defendant also fails to address the fact that there is no expense or trouble for Defendant to litigate in the United States. It is more expensive and troublesome to litigate in countries all over the world, as Defendant is trying to accomplish by filing a motion to dismiss the foreign class actions. Further, there is no discussion on convenience. (*See* Plaintiffs' Opposition at pg 21). It is indisputably more convenient for the Defendant to litigate the Class Actions in its home forum. The Fifth Circuit looks at the "focal point" of the litigation. *Turan v. Universal Plan Inv. Ltd.*, 70 F.Supp.2d 671, 677-678 (E.D. La. 1999). Here, the focal point is the United States. The majority of documents, witnesses, and evidence relating to the manufacture, design, testing of Vioxx are located in the United States. All of Defendant's voluminous documents are located in the United States.

1.    <u>Plaintiffs' Choice of Forum Should Not Be Disturbed</u>

Plaintiffs choice of forum using another circuit's legal standard is not misstating the law. (*See* Defendant's Reply at pg 9). The Fifth Circuit does not have a standard similar to the Second Circuit's, but simply suggest that Plaintiffs foreign citizenship does not require dismissal, but rather "less deference." *In re Air Crash Disaster Near New Orleans, LA*, 821 F.2d at 1164 n. 26. Applying the Second Circuit's sliding scale, the Plaintiffs have a bona fide connection to the United States



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

because as stated in the Plaintiffs' Opposition, the majority of documents are located in the United States and the Defendant's tortious activity occurred here. (*See* Plaintiffs' Opposition at pg 8).

2.    <u>The Private Interest Factors Favor Denial of the Motion to Dismiss</u>

Dismissal is not justified in light of the private interest factors. Access to critical evidence and essential witnesses are located in the United States and if not accessible, can be accessed through court processes.

a.    <u>Documents and Witnesses Relating to Defendant's Activity are Located in the United States</u>

Critical documents relating to the design, development, testing, and manufacture are located in the United States. Defendant's scientific works relating to their testing are located in the United States. The documents regarding the protocol and directives on how to market the drug are located in the United States. Each step in the process of putting Vioxx on the market, from beginning to end, occurred in the United States. Documents relating to the Plaintiffs injuries are located in their respective countries, but the documents can easily be transported to the United States or have already been sent to the United States. These documents will have to be translated, but it is much more burdensome to translate the documents relating to Defendant's knowledge and conduct located in the United States. Even if the documents used in trial from Defendant only amounted to ten per



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

-8-

cent of the documents housed in the Document Depository, it would still amount to about one million pages of documents. This certainly does not favor dismissal. The Sixth Circuit has stated that "[c]ases involving foreign language documents normally consider their impact and perhaps the cost of translation in the balance of convenience." *Duha v. Agrium, Inc.*, 448 F.3d 867, 876 (6th Cir. 2006). The cost of translating the documents relating to Defendant's actions will undoubtedly cost more.

Witnesses with knowledge of Defendant's tortious activity reside in the United States. These witnesses as explained previously are critical to adjudication of the French and Italian Class Actions. (*See* Plaintiffs' Opposition at pg 30). In *Chan Tse Ming v. Cordis Corp.*, 704 F.Supp. 217 (S.D.Fla. 1989) plaintiff, a resident of Hong Kong, was inserted with a pacemaker from defendant, a resident of Florida. Plaintiff's "claims against Defendant involve[d] the development, testing and manufacturing of the subject pacemaker, events which occurred primarily in Florida." *Id* at 219. "Many of the main witnesses who could testify regarding the design, manufacture, and testing of the pacemaker are residents of the United States." *Id* (internal quotations omitted). The Court found Florida to be the most convenient forum. *Id* at 220. This case is similar to the Vioxx litigation. Like *Chan*, the witnesses involved in the design, manufacture, and testing of Vioxx are located in the

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

United States.  In terms of convenience and availability of critical witnesses, the
United States provides a much more convenient forum.

        b.       **Depositions Through the Hague Convention are an
Available Alternative**

Defendant makes the assertion that the Hague Convention is not a substitute
for the compulsory process.  (*See* Defendant's Reply at pg 17).  However, as noted
in our Opposition, the Supreme Court has ruled that the Hague Convention
"procedures are available whenever they will facilitate the gathering of evidence" and
a "court should [not] refuse to make use of Convention procedures because of a
concern that it may ultimately find it necessary to order the production of evidence
that a foreign tribunal permitted a party to withhold." *Societe Nationale Industrielle
Aerospatiale v. U.S. District Court for the Southern District of Iowa*, 482 U.S. 522,
541-542 (1987). (*See* Plaintiffs' Opposition at pgs 27-28).  Further, the Hague
Convention has been used effectively in *In re Baycol Products Litig.*, 348 F.Supp.2d
1058 (D.Minn. 2004), another multidistrict litigation.  Defendant claims it will be
easier to obtain the crucial evidence in France and Italy, but even if the cases were to
be dismissed to France and Italy, the same issues would emerge as to obtaining
documents.  (*See* Defendant's Reply at pg 18).  Obtaining documents in France
through the Hague Convention will not be difficult because, "there have been no
cases in which the French authorities refused to produce documents or other pieces
of evidence that would be useful in the administration of evidence before an



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵀᴴ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

American court, for purely civil matter similar to the present case [Vioxx]." (*See* Kessedjian Reply Declaration at ¶14). Notwithstanding Defendant's agreement to submit relevant documents to the foreign court, witnesses will still be required to be produced under the Hague Convention. (*See* Defendant's Reply at pg 16).

3. Public Interest Factors Do Not Weigh Heavily in Favor of Dismissal

The public interest factors do not weigh in favor of dismissal. The factors indicate that the Class Actions should remain in the United States.

a. France and Italy's Interest in Adjudicating the Class Actions is Outweighed by the United States' Interest

The United States has a strong interest in adjudicating the French and Italian Class Actions. Federal and state statutes are imposed on corporations to regulate their conduct. Companies who have designed, developed, tested, and manufactured a product in the United States should be held accountable in the United States. Defendant designed, developed, tested, and manufactured Vioxx in the United States. Every major decision regarding Vioxx was made in the United States. *Chan* found that Florida as the "site of the pacemaker's manufacture, development and testing . . . certainly has a significant interest in the outcome of the litigation." *Chan*, 704 F.Supp. at 220. It "is the most convenient place to bring suit against a Florida corporation regarding a product which was designed, manufactured and tested in Florida." *Id.* The Vioxx litigation is no different. Vioxx was designed,



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

PLAINTIFFS' SURREPLY

manufactured, and tested in New Jersey. *Carlenstolpe v. Merck & Co., Inc.*, 628 F.Supp. 901 (S.D.N.Y. 1986) also reiterates the same contention *Chan* stands for. The Court in *Carlenstolpe* found that "where an allegedly defective drug has been developed, tested and manufactured in the United States . . . the forum's interest in litigation the controversy is at least equal to that of the foreign citizen's home forum." *Carlenstolpe*, 638 F.Supp. at 909. *Adamu v. Pfizer, Inc.*, 399 F.Supp.2d 495, 505 (S.D.N.Y. 2005) also recognized that the forum where development, production, and testing of a drug has an interest in the litigation. *See also Abdullahi v. Pfizer, Inc.*, 2002 WL 31082956, *11 (S.D.N.Y. 2002) (related case involving same underlying facts as *Adamu*, the Court found that the United States forum also has an interest in litigation because development, production, and testing of drug occurred in the United States). *Hodson v. A.H. Robins Comp., Inc.*, 528 F.Supp. 809, 823 (E.D.Va. 1981) is another example of a court finding that the forum state does have "a strong interest in regulating the safety of products manufactured within its borders, and the conduct of its companies that may amount to the concealment of defects in products produced here." The United States should also be found to have an interest in the Vioxx litigation. As stated, Vioxx was designed, manufactured, and tested in the United States for worldwide consumption. Defendant attempts to discredit *Carlenstolpe*, but Defendant's own opinion on how the case was decided is irrelevant and other courts have in fact followed *Carlenstolpe*'s ruling. *See Chan*, 704 F.Supp.



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

-12-

217 (S.D.Fla. 1989); *Adumu*, 399 F.Supp.2d 495 (S.D.N.Y. 2005); *Abdullahi*, 2002 WL 31082956 (S.D.N.Y. 2002)(*See* Defendant's Reply at pg 13 n.16). The United States and specifically New Jersey is the most convenient place to bring the suit and will not vex, harass, or oppress the Defendant. *See Gulf*, 330 U.S. at 508; *Piper*, 454 U.S. at 241. Defendant claims that Vioxx may or may not have been manufactured in the United States, however in the Oral Hearing on March 23, 2006, Defendant did not object to the suggestion that everything happened in the United States. (*See* March 23, 2006 Oral Hearing; *See* Defendant's Reply at pg 11 n.14).

    b. <u>Foreign Regulatory Judgments Will Not be Interfered With</u>

  Defendant is correct in its assertion that Plaintiffs have not challenged the foreign regulatory agencies judgments. Plaintiffs are not challenging the foreign regulatory agencies judgments because Defendant's liability does not rest on what the foreign regulatory agencies decided. Plaintiffs are challenging the Defendant's actions. Plaintiffs will show Defendant's liability in continuously distributing a drug which it knew was harmful to the Plaintiffs' health.

    c. <u>Experts Will Determine the Adequacy of a Warning Regardless if the Class Actions are Heard in the Foreign Countries or the United States</u>

  Regardless of where the Class Actions are adjudicated, experts will be called upon to determine whether or not a warning is sufficient. Experts will also be used to explain the processes of the regulatory scheme and the medical practices.



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

-13-

Defendant claims an American jury will be unable to evaluate the warning because the issues involve a foreign country. (*See* Defendant's Reply at pg 11). However, even in the domestic Vioxx cases, an expert will be called to explain the policies and protocols of the federal Food and Drug Administration, current standard medical practices, and the sufficiency of the Vioxx warning in the United States. Defendant's argument does not weigh in favor of dismissal.

        d.      **Illinois Choice of Law Rules Will Apply Laws of New Jersey**

Plaintiffs have analyzed Illinois choice of law rules correctly, despite Defendant's contentions. (*See* Defendant's Reply at pg 13). Illinois applies the significant relationship test, which looks at place of injury, place where conduct occurred, "domicile, nationality, place of incorporation and place of business of the parties," and "where the relationship of the parties is centered." *Ingersoll v. Klein*, 46 Ill.2d 42, 47, 262 N.E.2d 593, 596 (Ill.Sup.Ct. 1970). The place of conduct is where the tortious activity took place, where Defendant made the intentional decision not to warn Plaintiffs of the harmful effects of Vioxx. This location is New Jersey, not the Plaintiffs' respective foreign countries. Further, Defendant is incorporated in New Jersey. New Jersey is where its principal place of business is and where it designed, manufactured, and tested Vioxx.



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵀᴴ Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

e.     Federal Courts Are Capable of Applying Foreign Law

Application of foreign law is not sufficient to dismiss a case based on *forum non conveniens*. (*See* Plaintiffs' Opposition at pg 38). Numerous courts have ruled that application of foreign law does not necessitate dismissal "when a balancing of all relevant factors shows that the plaintiff's chosen forum is appropriate." *Piper*, 454 U.S. at 260 n.20; *See Reid-Walen v. Hansen*, 933 F.2d 1390, 1401 (8th Cir. 1981)(*See* Plaintiffs' Opposition at pg 38).

f.     The United States is the Best Forum to Handle This Litigation

This forum will not be unduly burdened by denying Defendant's Motion to Dismiss and allowing the Class Actions to remain in the United States in order to adjudicate their claims.   The foreign cases are not fundamentally different as Defendant claims. (*See* Defendant's Reply at pg 15).   Both the United States and foreign claims will address the same issues of whether or not the Defendant will be held liable.  It is a determination of whether Defendant committed tortious acts, including misrepresentation and the failure to warn.

4.     There Would Be Res Judicata Effect in Both France and Italy

France would recognize a judgment by a court in the United States.  French citizens who agree to participate in the United States class action would "have renounced their right of jurisdiction, as granted by Article 14 of the French Civil Code, and may therefore not plead the incompetence of the American courts, should



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

they lose their case in the United States." (Kessedjian Reply Declaration at ¶15). Although res judicata of a class action has not been specifically addressed by the French courts, a recent case ruled that "Article 15 of French Civil Code grants optional jurisdiction to the French courts and is therefore unfit to exclude the indirect jurisdiction of the foreign court, so long as the litigation is validly attached to the State whose jurisdiction is involved, and the choice of jurisdiction is not fraudulent." (Kessedjian Reply Declaration at ¶18).   Professor Kessedjian further states that if French citizens are well informed of the class action in the United States "and the French claimants were informed in detail of their rights and obligations regarding the proceedings, it seems likely that the Court would concede that they had been duly represented in the foreign country." (Kessedjian Reply Declaration at ¶20).

Res judicata would apply in Italy.  According to Professor Consolo, "it is not impossible that the American sentence will obtain force of res judicata in Italy as well, because the limits to the recognition of the foreign sentence delineated in article 64 L. 218/95 are designed to guarantee the full right of defense, or to assure that the parties have a possibility to fully explain their own defenses." (Consolo Reply Declaration at ¶VI pg 20).  An Italian judge would recognize the judgment in the United States class action on the basis "that it would be a sentence issued after the proceeding that was most appropriate to guarantee proper defense, i.e. precisely in the name of the same principles set forth in article 64 L. 218/95." (*Id*).  Recognizing



KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50ᵀᴴ Floor
Chicago, Illinois 60602
TEL:  312.558.6444
FAX:  312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com

the judgment "would be in line with an evolving interpretation of article 111 of the Constitution." (Consolo Reply Declaration ¶VI pg 20). Italy, like France, would recognize a ruling by a United States court.

## II.   CONCLUSION

This Court should deny Defendant's Motion to Dismiss. Neither France nor Italy are adequate, alternative forums. Further, Defendant has not satisfied its heavy burden of proving that the private and public interest factors necessitate dismissal. The United States is a more convenient forum in which to litigate the French and Italian Class Actions. Plaintiffs' respectfully request that Defendant's Motion to Dismiss the Foreign Class Actions, on in the Alternative, Strike the Foreign Class Allegations be denied.

Date: August 22, 2006                RESPECTFULLY SUBMITTED,


By: _____

Kenneth B. Moll, #061999874
Genevieve M. Bernal, #6285743
Pamela G. Sotoodeh, #6284622
KENNETH B. MOLL & ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
Tel: 312.558.6444
Fax: 312.558.1112
www.kbmoll.com

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50th Floor
Chicago, Illinois 60602
TEL:  312.558.6444
FAX:  312.558.1112
TOLL FREE:  888.882.3453
www.kbmoll.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Plaintiffs' Surreply to Defendant's Reply Memorandum in Support of Defendant Merck & Co., Inc.'s Motion to Dismiss the Foreign Class Actions, or in the Alternative, Strike the foreign Class Allegations has been served on Liaison Counsel, Russ Herman by FedEx Overnight and e-mail and Phillip Wittmann, by FedEx Overnight and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, on this 22st day of August, 2006.

Genevieve M. Bernal, #6285743
KENNETH B. MOLL & ASSOCIATES, LTD.

**K B M**

KENNETH B. MOLL
& ASSOCIATES, LTD.
Three First National Plaza
50TH Floor
Chicago, Illinois 60602
TEL: 312.558.6444
FAX: 312.558.1112
TOLL FREE: 888.882.3453
www.kbmoll.com