**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re:  VIOXX | ) | **MDL NO. 1657** |
| | ) | |
| **PRODUCTS LIABILITY LITIGATION** | ) | **SECTION: L** |
| | ) | |
| | ) | **JUDGE FALLON** |
| **THIS DOCUMENT RELATES TO:** | ) | |
| | ) | |
| *Sandra Burnett, et al. v. Merck & Co., Inc., et al.* | ) | |
| | ) | |
| **Civil Action No. 06-3903** | ) | |
| | ) | |

**ANSWER AND JURY DEMAND OF
DEFENDANT PETER S. KIM, PH.D.**

Defendant Peter S. Kim, Ph.D. ("Dr. Kim"), by and through his undersigned counsel, responds to Plaintiffs' Complaint ("Complaint") as follows:

**RESPONSE TO "PARTIES - PLAINTIFFS"**

1.      Dr. Kim denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint.

2.      Dr. Kim denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint.

3.      The allegations contained in paragraph 3 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should an answer be deemed required, Dr. Kim denies each and every allegation alleged in paragraph 3 of the Complaint, except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

4.      The allegations contained in paragraph 4 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation contained in paragraph 4 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx, and admits that Vioxx is Merck's trade name for rofecoxib.

5.      The allegations contained in paragraph 5 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation contained in paragraph 5 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx, and admits that Vioxx is Merck's trade name for rofecoxib.

6.      Dr. Kim denies the allegations contained in paragraph 6 of the Complaint.

7.      Dr. Kim denies each and every allegation contained in paragraph 7 of the Complaint, except admits that he owns a residence at 119 Henning Drive, North Wales, Montgomery County, Pennsylvania 19446 and that he was Executive Vice President of Research and Development of Merck Research Laboratories from 2001 to 2002 and is currently President of Merck Research Laboratories and a member of Merck's Management Committee.

826849v.1

8.      Dr. Kim denies each and every allegation contained in paragraph 8 of the Complaint, except Dr. Kim admits that he was Executive Vice President of Research and Development of Merck Research Laboratories from 2001 to 2002 and is currently President of Merck Research Laboratories and a member of Merck's Management Committee.

9.      Dr. Kim denies each and every allegations set forth in paragraph 9 of the Complaint.

10.     Dr. Kim denies each and every allegations set forth in paragraph 10 of the Complaint.

11.     Dr. Kim denies each and every allegations set forth in paragraph 11 of the Complaint.

12.     The allegations contained in paragraph 12 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

13.     The allegations contained in paragraph 13 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

14.     The allegations contained in paragraph 14 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

15.     The allegations contained in paragraph 15 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

16.     The allegations contained in paragraph 16 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

17.     The allegations contained in paragraph 17 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

826849v.1

18.     The allegations contained in paragraph 18 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

19.     The allegations contained in paragraph 19 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

20.     The allegations contained in paragraph 20 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

21.     The allegations contained in paragraph 21 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

22.     The allegations contained in paragraph 22 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

23.     The allegations contained in paragraph 23 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

24.     The allegations contained in paragraph 24 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

25.     The allegations contained in paragraph 25 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

26.     The allegations contained in paragraph 26 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

27.     The allegations contained in paragraph 27 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

28.     The allegations contained in paragraph 28 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

826849v.1

29.     The allegations contained in paragraph 29 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

30.     The allegations contained in paragraph 30 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

31.     The allegations contained in paragraph 31 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

32.     The allegations contained in paragraph 32 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

33.     The allegations contained in paragraph 33 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.

## RESPONSE TO "JURISDICTIONAL STATEMENT"

34.     The allegations contained in paragraph 34 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation in said paragraph.

35.     The allegations contained in paragraph 35 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation in said paragraph.

36.     Dr. Kim denies the allegations contained in paragraph 36 of the Complaint.

## RESPONSE TO "FACTUAL ALLEGATIONS"

37.     Dr. Kim denies each and every allegation contained in paragraph 37 of the Complaint, except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

5

826849v.1

38.     The allegations contained in paragraph 38 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation contained in paragraph 38 of the Complaint.

39.     The allegations contained in paragraph 39 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a responsive pleading be deemed required, Dr. Kim denies each and every allegation directed at him in paragraph 39 of this Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

40.     The allegations contained in paragraph 40 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in paragraph 40 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

41.     The allegations contained in paragraph 41 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in paragraph 41 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

42.     The allegations contained in paragraph 42 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in paragraph 42 of the

826849v.1

Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx, that Vioxx is Merck's trade name for rofecoxib, and that Merck sought and received FDA approval to manufacture and market the prescription medicine Vioxx.

43.     Dr. Kim denies each and every allegation directed at him in paragraph 43 of the Complaint.

44.     The allegations contained in paragraph 44 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in paragraph 44 of the Complaint.

45.     Dr. Kim denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 45 of the Complaint.

46.     Dr. Kim denies each and every allegation directed at him in paragraph 46 of the Complaint, except admits that Plaintiffs purport to claim certain damages, but denies that there is any legal or factual basis for same.

47.     Dr. Kim denies each and every allegation directed at him in paragraph 47 of the Complaint, except admits that Plaintiffs purport to claim certain damages, but denies that there is any legal or factual basis for same.

48.     The allegations contained in paragraph 48 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in paragraph 48 of the Complaint, except admits that Merck manufactured, marketed and distributed the

826849v.1

prescription medicine Vioxx, and that Vioxx is Merck's trade name for rofecoxib.  Dr. Kim respectfully refers the Court to the relevant FDA approved prescribing information for Vioxx for its indicated use.

49.    The allegations contained in paragraph 49 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in paragraph 49 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx, which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase 2 ("COX-2").

50.    The allegations contained in paragraph 50 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in paragraph 50 of the Complaint, except admits that Merck submitted an Application to Market a New Drug for Human Use for Vioxx (the "Application") to the Food and Drug Administration ("FDA") on November 23, 1998 and respectfully refers the Court to the Application for its actual language and full text.

51.    The allegations contained in paragraph 51 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in paragraph 51 of the Complaint, except admits that Merck submitted the Application to the FDA on

826849v.1

November 23, 1998 and respectfully refers the Court to the Application for its actual language and full text.

52.      The allegations contained in paragraph 52 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in paragraph 52 of the Complaint, except admits that Merck sought and received FDA approval to manufacture and market the prescription medicine Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its indicated uses.

53.      The allegations contained in paragraph 53 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in paragraph 53 of the Complaint and respectfully refers the Court to the labeling for its actual language and full text.

54.      The allegations contained in paragraph 54 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in paragraph 54 of the Complaint and respectfully refers the Court to the labeling for its actual language and full text.

55.      The allegations contained in paragraph 55 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in paragraph 55 of the Complaint, except admits that Merck scientists participated in the VIGOR study involving

Vioxx and respectfully refers the Court to the referenced study for its actual conclusions and full text.

56.     The allegations contained in paragraph 56 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in paragraph 56 of the Complaint, except admits that Plaintiffs purport to quote the document referenced in said paragraph and respectfully refers the Court to the referenced study for its actual conclusions and full text.

57.     The allegations contained in paragraph 57 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in paragraph 57 of the Complaint.

58.     To the extent that the allegations contained in paragraph 58 of the Complaint are not directed at Dr. Kim, no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation in paragraph 58 and specifically, denies each and every allegation directed at him in paragraph 58 of the Complaint.

59.     The allegations contained in paragraph 59 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in paragraph 59 of the Complaint.

60.     The allegations contained in paragraph 60 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a response be deemed

required, Dr. Kim denies each and every allegation directed at him in paragraph 60 of the Complaint.

61.     The allegations contained in paragraph 61 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in paragraph 61 of the Complaint.

62.     The allegations contained in paragraph 62 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in paragraph 62 of the Complaint, except admits that in September 2001 Merck received a letter from a regulatory officer of the FDA regarding Vioxx and respectfully refers the Court to the referenced letter for its actual language and full text.

63.     The allegations contained in paragraph 63 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in paragraph 63 of the Complaint, except admits that in September 2001 Merck received a letter from a regulatory officer of the FDA regarding Vioxx and respectfully refers the Court to the referenced letter for its actual language and full text.

64.     The allegations contained in paragraph 64 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in paragraph 64 of the Complaint, except admits that in September 2001 Merck received a letter from a regulatory

officer of the FDA regarding Vioxx and respectfully refers the Court to the referenced letter for its actual language and full text.

65.     The allegations contained in paragraph 65 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in paragraph 65 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the referenced letter for its actual language and full text.

66.     The allegations contained in paragraph 66 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in paragraph 66 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the referenced letter for its actual language and full text.

67.     The allegations contained in paragraph 67 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in paragraph 67 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the referenced letter for its actual language and full text.

826849v.1

68.     The allegations contained in paragraph 68 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in paragraph 68 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the referenced letter for its actual language and full text.

69.     The allegations contained in paragraph 69 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in paragraph 69 of the Complaint.

70.     The allegations contained in paragraph 70 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in paragraph 70 of the Complaint.

71.     The allegations contained in paragraph 71 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in paragraph 71 of the Complaint, except admits that Plaintiffs purport to quote from Merck's 2001 Annual Report and respectfully refers the Court to the 2001 Annual Report for its actual language and full text.

72.     The allegations contained in paragraph 72 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a response be deemed

required, Dr. Kim denies each and every allegation directed at him in paragraph 72 of the Complaint, except admits that Plaintiffs purport to quote from Merck's 8-k filing and respectfully refers the Court to the 8-k filing for its actual language and full text.

73.     The allegations contained in paragraph 73 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in paragraph 73 of the Complaint.

74.     The allegations contained in paragraph 74 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in paragraph 74 of the Complaint.

75.     The allegations contained in paragraph 75 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in paragraph 75 of the Complaint.

76.     The allegations contained in paragraph 76 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in paragraph 76 of the Complaint.

826849v.1

77.     The allegations contained in paragraph 77 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in paragraph 77 of the Complaint.

78.     The allegations contained in paragraph 78 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in paragraph 78 of the Complaint.

79.     The allegations contained in paragraph 79 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in paragraph 79 of the Complaint.

80.     The allegations contained in paragraph 80 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in paragraph 80 of the Complaint.

## RESPONSE TO COUNT I: NEGLIGENCE

81.     With respect to the allegations contained in paragraph 81 of the Complaint, Dr. Kim repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though contained here in full.

826849v.1

82.     Dr. Kim denies each and every allegation directed at him in paragraph 82 of the Complaint.

83.     Dr. Kim denies each and every allegation directed at him in paragraph 83 of the Complaint.

84.     Dr. Kim denies each and every allegation directed at him in paragraph 84 of the Complaint.

85.     Dr. Kim denies each and every allegation directed at him in paragraph 85 of the Complaint.

86.     Dr. Kim denies each and every allegation directed at him in paragraph 86 of the Complaint, including subparts a-n.

87.     Dr. Kim denies each and every allegation directed at him in paragraph 87 of the Complaint.

88.     Dr. Kim denies each and every allegation directed at him in paragraph 88 of the Complaint.

89.     Dr. Kim denies each and every allegation directed at him in paragraph 89 of the Complaint.

90.     Dr. Kim denies each and every allegation directed at him in paragraph 90 of the Complaint, except admits that Plaintiffs purport to claim certain damages, but denies that there is any legal or factual basis for same.

826849v.1

## RESPONSE TO COUNT II: NEGLIGENCE PER SE

91.     With respect to the allegations contained in paragraph 91 of the Complaint, Dr. Kim repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though contained here in full.

92.     The allegations contained in paragraph 92 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in said paragraph.

93.     The allegations contained in paragraph 93 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in said paragraph.

94.     The allegations contained in paragraph 94 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in said paragraph.

95.     The allegations contained in paragraph 95 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in said paragraph.

96.     The allegations contained in paragraph 96, including subparts a - e of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in said paragraph.

826849v.1

97.     Dr. Kim denies each and every allegation directed at him in paragraph 97 of the Complaint, except admits that Plaintiffs purport to claim certain damages, but denies that there is any legal or factual basis for same.

## RESPONSE TO COUNT III: STRICT LIABILITY

98.     With respect to the allegations contained in paragraph 98 of the Complaint, Dr. Kim repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though contained here in full.

99.     Dr. Kim denies each and every allegation directed at him in paragraph 99 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

100.     Dr. Kim denies each and every allegation directed at him in paragraph 100 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

101.     Dr. Kim denies each and every allegation directed at him in paragraph 101 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the last sentence of paragraph 101 of the Complaint.

102.     Dr. Kim denies each and every allegation directed at him in paragraph 102 of the Complaint.

826849v.1

103.    Dr. Kim denies each and every allegation directed at him in paragraph 103 of the Complaint.

104.    Dr. Kim denies each and every allegation directed at him in paragraph 104 of the Complaint.

105.    The allegations contained in paragraph 105 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in said paragraph.

106.    Dr. Kim denies each and every allegation directed at him in paragraph 106 of the Complaint.

107.    Dr. Kim denies each and every allegation directed at him in paragraph 107 of the Complaint.

108.    The allegations contained in paragraph 108 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in said paragraph.

109.    The allegations contained in paragraph 109 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in said paragraph.

110.    The allegations contained in paragraph 110 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in said paragraph.

111.    Dr. Kim denies each and every allegation directed at him in paragraph 111 of the Complaint.

112.     Dr. Kim denies each and every allegation directed at him in paragraph 112 of the Complaint.

### RESPONSE TO COUNT II: STRICT LIABILITY (Failure to Warn)

113.     With respect to the allegations contained in paragraph 113 of the Complaint, Dr. Kim repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though contained here in full.

114.     Dr. Kim denies each and every allegation directed at him in paragraph 114 of the Complaint, except that Merck manufactured, marketed and distributed prescription medicine Vioxx.

115.     Dr. Kim denies each and every allegation directed at him in paragraph 115 of the Complaint.

116.     Dr. Kim denies each and every allegation directed at him in paragraph 116 of the Complaint, except that Merck manufactured, marketed and distributed prescription medicine Vioxx.

117.     Dr. Kim denies each and every allegation directed at him in paragraph 117 of the Complaint.

### RESPONSE TO COUNT V: NEGLIGENT FAILURE TO WARN

118.     With respect to the allegations contained in paragraph 118 of the Complaint, Dr. Kim repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though contained here in full.

826849v.1

119.    Dr. Kim denies each and every allegation directed at him in paragraph 119 of the Complaint, except that Merck manufactured, marketed and distributed prescription medicine Vioxx.

120.    Dr. Kim denies each and every allegation directed at him in paragraph 120 of the Complaint.

121.    Dr. Kim denies each and every allegation directed at him in paragraph 121 of the Complaint.

122.    Dr. Kim denies each and every allegation directed at him in paragraph 122 of the Complaint.

123.    Dr. Kim denies each and every allegation directed at him in paragraph 123 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

124.    Dr. Kim denies each and every allegation directed at him in paragraph 124 of the Complaint, except admits that Plaintiffs purport to claim certain damages, but denies that there is any legal or factual basis for same.

### RESPONSE TO COUNT  V: BREACH OF EXPRESS WARRANTY

125.    With respect to the allegations contained in paragraph 125 of the Complaint, Dr. Kim repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though contained here in full.

826849v.1

126.    Dr. Kim denies each and every allegation directed at him in paragraph 126 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

127.    Dr. Kim denies each and every allegation directed at him in paragraph 127 of the Complaint.

128.    Dr. Kim denies each and every allegation directed at him in paragraph 128 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

129.    Dr. Kim denies each and every allegation directed at him in paragraph 129 of the Complaint.

130.    Dr. Kim denies each and every allegation directed at him in paragraph 130 of the Complaint.

131.    Dr. Kim denies each and every allegation directed at him in paragraph 131 of the Complaint.

132.    Dr. Kim denies each and every allegation directed at him in paragraph 132 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

133.    Dr. Kim denies each and every allegation directed at him in paragraph 133 of the Complaint.

134.    The allegations contained in paragraph 134, including subparts a - c of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a

826849v.1

response be deemed required, Dr. Kim denies each and every allegation directed at him in said paragraph 134 of the Complaint.

135.    Dr. Kim denies each and every allegation directed at him in paragraph 135 of the Complaint, except admits that Plaintiffs purport to claim certain damages, but denies that there is any legal or factual basis for same.

136.    Dr. Kim denies each and every allegation directed at him in paragraph 136 of the Complaint, except admits that Plaintiffs purport to claim certain damages, but denies that there is any legal or factual basis for same.

137.    Dr. Kim denies each and every allegation directed at him in paragraph 137 of the Complaint, except admits that Plaintiffs purport to claim certain damages, but denies that there is any legal or factual basis for same.

## **RESPONSE TO COUNT VII: BREACH OF EXPRESS WARRANTY**

138.    With respect to the allegations contained in paragraph 138 of the Complaint, Dr. Kim repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though contained here in full.

139.    Dr. Kim denies each and every allegation directed at him in paragraph 139 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

140.    Dr. Kim denies each and every allegation directed at him in paragraph 140 of the Complaint.

826849v.1

141.    Dr. Kim denies each and every allegation directed at him in paragraph 141 of the Complaint.

142.    Dr. Kim denies each and every allegation directed at him in paragraph 142 of the Complaint.

143.    Dr. Kim denies each and every allegation directed at him in paragraph 143 of the Complaint.

144.    Dr. Kim denies each and every allegation directed at him in paragraph 144 of the Complaint, except admits that Plaintiffs purport to claim certain damages, but denies that there is any legal or factual basis for same.

145.    Dr. Kim denies each and every allegation directed at him in paragraph 145 of the Complaint.

146.    Dr. Kim denies each and every allegation directed at him in paragraph 146 of the Complaint, including subparts a - b.

147.    Dr. Kim denies each and every allegation directed at him in paragraph 147 of the Complaint.

148.    Dr. Kim denies each and every allegation directed at him in paragraph 148 of the Complaint.

149.    Dr. Kim denies each and every allegation directed at him in paragraph 149 of the Complaint.

150.    Dr. Kim denies each and every allegation directed at him in paragraph 150 of the Complaint.

826849v.1

151.    The allegations contained in paragraph 151 of the Complaint, including subparts a - c, are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in paragraph 151 of the Complaint.

152.    Dr. Kim denies each and every allegation directed at him in paragraph 152 of the Complaint, except admits that Plaintiffs purport to claim certain damages, but denies that there is any legal or factual basis for same.

## RESPONSE TO COUNT VII: MISREPRESENTATION AND SUPPRESSION BY DEFENDANT

153.    With respect to the allegations contained in paragraph 153 of the Complaint, Dr. Kim repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though contained here in full.

154.    Dr. Kim denies each and every allegation directed at him in paragraph 154 of the Complaint.

155.    Dr. Kim denies each and every allegation directed at him in paragraph 155 of the Complaint, including subparts a - e.

156.    Dr. Kim denies each and every allegation directed at him in paragraph 156 of the Complaint.

157.    Dr. Kim denies each and every allegation directed at him in paragraph 157 of the Complaint.

158.    Dr. Kim denies each and every allegation directed at him in paragraph 158 of the Complaint.

826849v.1

159.    Dr. Kim denies each and every allegation directed at him in paragraph 159 of the Complaint.

160.    The allegations contained in paragraph 160 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in paragraph 160 of the Complaint.

161.    The allegations contained in paragraph 161 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in paragraph 161 of the Complaint.

162.    Dr. Kim denies each and every allegation directed at him in paragraph 162 of the Complaint.

163.    Dr. Kim denies each and every allegation directed at him in paragraph 163 of the Complaint, except admits that Plaintiffs purport to claim certain damages, but denies that there is any legal or factual basis for same.

## RESPONSE TO COUNT IX: FRAUD AND MISREPRESENTATION

164.    With respect to the allegations contained in paragraph 164 of the Complaint, Dr. Kim repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though contained here in full.

165.    Dr. Kim denies each and every allegation directed at him in paragraph 165 of the Complaint.

26

166.    Dr. Kim denies each and every allegation directed at him in paragraph 166 of the Complaint.

167.    Dr. Kim denies each and every allegation directed at him in paragraph 167 of the Complaint.

168.    Dr. Kim denies each and every allegation directed at him in paragraph 168 of the Complaint.

169.    Dr. Kim denies each and every allegation directed at him in paragraph 169 of the Complaint.

170.    Dr. Kim denies each and every allegation directed at him in paragraph 170 of the Complaint.

171.    Dr. Kim denies each and every allegation directed at him in paragraph 171 of the Complaint, except admits that Plaintiffs purport to claim certain damages, but denies that there is any legal or factual basis for same.

172.    Dr. Kim denies each and every allegation directed at him in paragraph 172 of the Complaint, except admits that Plaintiffs purport to claim certain damages, but denies that there is any legal or factual basis for same.

### RESPONSE TO COUNT X: NEGLIGENT MISREPRESENTATION

173.    With respect to the allegations contained in paragraph 173 of the Complaint, Dr. Kim repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though contained here in full.

174.    Dr. Kim denies each and every allegation directed at him in paragraph 174 of the Complaint.

175.    Dr. Kim denies each and every allegation directed at him in paragraph 175 of the Complaint.

176.    Dr. Kim denies each and every allegation directed at him in paragraph 176 of the Complaint.

177.    The allegations contained in paragraph 177 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in said paragraph.

178.    Dr. Kim denies each and every allegation directed at him in paragraph 178 of the Complaint.

179.    Dr. Kim denies each and every allegation directed at him in paragraph 179 of the Complaint.

180.    Dr. Kim denies each and every allegation directed at him in paragraph 180 of the Complaint, except admits that Plaintiffs purport to claim certain damages, but denies that there is any legal or factual basis for same.

### RESPONSE TO COUNT XI: VIOLATION OF UNFAIR TRADE PRACTICE/CONSUMER PROTECTION LAWS

181.    With respect to the allegations contained in paragraph 181 of the Complaint, Dr. Kim repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though contained here in full.

826849v.1

182.    Dr. Kim denies each and every allegation directed at him in paragraph 182 of the Complaint.

183.    Dr. Kim denies each and every allegation directed at him in paragraph 183 of the Complaint.

184.    Dr. Kim denies each and every allegation directed at him in paragraph 184 of the Complaint.

185.    Dr. Kim denies each and every allegation directed at him in paragraph 185 of the Complaint.

186.    Dr. Kim denies each and every allegation directed at him in paragraph 186 of the Complaint.

187.    The allegations contained in paragraph 187 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in said paragraph.

188.    Dr. Kim denies each and every allegation directed at him in paragraph 188 of the Complaint.

189.    Dr. Kim denies each and every allegation directed at him in paragraph 189 of the Complaint.

190.    Dr. Kim denies each and every allegation directed at him in paragraph 190 of the Complaint.

191.    The allegations contained in paragraph 191 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in said paragraph.

826849v.1

192.    Dr. Kim denies each and every allegation directed at him in paragraph 192 of the Complaint.

193.    Dr. Kim denies each and every allegation directed at him in paragraph 193 of the Complaint.

194.    Dr. Kim denies each and every allegation directed at him in paragraph 194 of the Complaint.

195.    Dr. Kim denies each and every allegation directed at him in paragraph 195 of the Complaint.

196.    The allegations contained in paragraph 196 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in said paragraph.

197.    Dr. Kim denies each and every allegation directed at him in paragraph 197 of the Complaint, except admits that Plaintiffs purport to claim certain damages, but denies that there is any legal or factual basis for same.

**RESPONSE TO COUNT XII: UNJUST ENRICHMENT**

198.    With respect to the allegations contained in paragraph 198 of the Complaint, Dr. Kim repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though contained here in full.

199.    Dr. Kim denies each and every allegation directed at him in paragraph 199 of the Complaint.

200.    Dr. Kim denies each and every allegation directed at him in paragraph 200 of the Complaint.

201.    The allegations contained in paragraph 201 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in said paragraph.

## RESPONSE TO COUNT XIII: PUNITIVE DAMAGES

202.    With respect to the allegations contained in paragraph 200 of the Complaint, Dr. Kim repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though contained here in full.

203.    The allegations contained in paragraph 203 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Dr. Kim denies each and every allegation directed at him in paragraph 203 of the Complaint.

## RESPONSE TO COUNT XIV: LOSS OF CONSORTIUM

204.    With respect to the allegations contained in paragraph 204 of the Complaint, Dr. Kim repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though contained here in full.

205.    Dr. Kim denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 205 of the Complaint.

826849v.1

206.     The allegations contained in paragraph 206 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  In the event a response is required, Dr. Kim denies each and every allegation contained in paragraph 206 of the Complaint.

207.     The allegations contained in paragraph 207 of the Complaint are not directed at Dr. Kim and therefore no responsive pleading is required.  In the event a response is required, Dr. Kim denies each and every allegation contained in paragraph 207 of the Complaint.

## AS FOR A FIRST
## DEFENSE, DR. KIM ALLEGES:

208.     Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

## AS FOR A SECOND
## DEFENSE, DR. KIM ALLEGES:

209.     The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD
## DEFENSE, DR. KIM ALLEGES:

210.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A FOURTH
## DEFENSE, DR. KIM ALLEGES:

211.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

826849v.1

**AS FOR A FIFTH
DEFENSE, DR. KIM ALLEGES:**

212.    To the extent that Plaintiffs assert claims based on Merck's and/or Dr. Kim's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

**AS FOR A SIXTH
DEFENSE, DR. KIM ALLEGES:**

213.    To the extent that Plaintiffs assert claims based upon an alleged failure by Merck and/or Dr. Kim to warn Plaintiffs directly of alleged dangers associated with the use of VIOXX, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

**AS FOR A SEVENTH
DEFENSE, DR. KIM ALLEGES:**

214.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured plaintiffs.

**AS FOR AN EIGHTH
DEFENSE, DR. KIM ALLEGES:**

215.    Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence.

**AS FOR A NINTH
DEFENSE, DR. KIM ALLEGES:**

216.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or

exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A TENTH
## DEFENSE, DR. KIM ALLEGES:

217.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and/or Dr. Kim and over whom Merck and/or Dr. Kim had no control and for whom Merck may not be held accountable.

## AS FOR AN ELEVENTH
## DEFENSE, DR. KIM ALLEGES:

218.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of VIOXX.

## AS FOR A TWELFTH
## DEFENSE, DR. KIM ALLEGES:

219.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

826849v.1

## AS FOR A THIRTEENTH
## DEFENSE, DR. KIM ALLEGES:

220.    To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

## AS FOR A FOURTEENTH
## DEFENSE, DR. KIM ALLEGES:

221.    Plaintiffs' claims are barred, in whole or in part, under the applicable state law because VIOXX was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FIFTEENTH
## DEFENSE, DR. KIM ALLEGES:

222.    Plaintiffs' claims are barred in whole or in part by the First Amendment.

## AS FOR A SIXTEENTH
## DEFENSE, DR. KIM ALLEGES:

223.    Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## AS FOR A SEVENTEENTH
## DEFENSE, DR. KIM ALLEGES:

224.    Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR AN EIGHTEENTH
## DEFENSE, DR. KIM ALLEGES:

225.    Plaintiffs' claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of VIOXX and any other drug or

pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### AS FOR A NINETEENTH
### DEFENSE, DR. KIM ALLEGES:

226. Plaintiffs' claims are barred under Section 4, *et. seq.*, of the Restatement (Third) of Torts: Products Liability.

### AS FOR A TWENTIETH
### DEFENSE, DR. KIM ALLEGES:

227. This case is more appropriately brought in a different venue.

### AS FOR A TWENTY-FIRST
### DEFENSE, DR. KIM ALLEGES:

228. To the extent Plaintiffs settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Dr. Kim's liability, if any, should be reduced accordingly.

### AS FOR A TWENTY-SECOND
### DEFENSE, DR. KIM ALLEGES:

229. To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

### AS FOR A TWENTY-THIRD
### DEFENSE, DR. KIM ALLEGES:

230. Plaintiffs' claims are barred in whole or in part because Plaintiffs have failed to mitigate the alleged damages.

826849v.1

### AS FOR A TWENTY-FOURTH
### DEFENSE, DR. KIM ALLEGES:

231.    Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege

the circumstances constituting fraud with particularity, as required by Federal Rule of Civil

Procedure 9(b).

### AS FOR A TWENTY-FIFTH
### DEFENSE, DR. KIM ALLEGES:

232.    Plaintiffs' claims are barred in whole or in part because VIOXX "provides net

benefits for a class of patients" within the meaning of comment f to Section 6 of the

Restatement (Third) of Torts: Product Liability.

### AS FOR A TWENTY-SIXTH
### DEFENSE, DR. KIM ALLEGES:

233.    To the extent that Plaintiffs seek punitive damages for an alleged act or

omission of Merck or Dr. Kim, no act or omission was malicious, willful, wanton, reckless,

or grossly negligent and, therefore, any award of punitive damages is barred.

### AS FOR A TWENTY-SEVENTH
### DEFENSE, DR. KIM ALLEGES:

234.    Plaintiffs' demand for punitive damages is barred because VIOXX and its

labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21

U.S.C. § 301.

### AS FOR A TWENTY-EIGHTH
### DEFENSE, DR. KIM ALLEGES:

235.    To the extent that Plaintiffs seek punitive damages for the conduct which

allegedly caused injuries asserted in the Complaint, such an award would also, if granted,

violate Dr. Kim's state and federal constitutional rights.

826849v.1

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Dr. Kim to determine all of his legal, contractual and equitable rights, Dr. Kim reserves the right to amend and supplement the averments of his answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.  Dr. Kim will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Dr. Kim respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Dr. Kim his reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

## JURY DEMAND

Dr. Kim demands a trial by jury as to all issues so triable.

Dated:  August 31, 2006                                   Respectfully submitted

                                                          _/s/ Dorothy H. Wimberly_
                                                          Phillip A. Wittmann, 13625
                                                          Dorothy H. Wimberly, 18509
                                                          Stone Pigman Walther Wittmann L.L.C.
                                                          546 Carondelet Street
                                                          New Orleans, Louisiana 70130
                                                          Phone:  504-581-3200
                                                          Fax:  504-581-3361

                                                          Defendants' Liaison Counsel

Robin G. Weaver (0020673)
*Rweaver@ssd.com*
SQUIRE, SANDERS & DEMPSEY L.L.P.
4900 Key Tower
127 Public Square
Cleveland, OH  44114-1304
(216) 479-8500
(216) 479-8780 facsimile

C. Craig Woods (0010732)
*Cwoods@ssd.com*
Philomena Dane (0044064)
*Pdane@ssd.com*
Aneca E. Lasley (0072366)
*Alasley@ssd.com*
Jessica D. Goldman (0077049)
*Jgoldman@ssd.com*
SQUIRE, SANDERS & DEMPSEY L.L.P.
1300 Huntington Center
41 South High Street
Columbus, OH  43215-6197
(614) 365-2700
(614) 365-2499 facsimile

Counsel for Peter S. Kim

826849v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Jury Demand of Defendant Peter S. Kim, Ph.D. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 31st day of August, 2006.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

826849v.1