UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| In re: VIOXX PRODUCTS LIABILITY LITIGATION | MDL No. 1657 |
|---|---|
| | Section L |
| | Judge Eldon E. Fallon |
| | Magistrate Judge Daniel E. Knowles, III |

**THIS DOCUMENT RELATES TO:**
*Robert G. Smith v. Merck & Co., Inc.*, Case No. 2:05-CV-04379

_____

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
FOR ORDER EXCLUDING TESTIMONY OF GARY SANDER, M.D.**

**(EXPERT CHALLENGE NO. 2)**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant Merck & Co., Inc. ("Merck") asks this Court to exclude Dr. Gary Sander's testimony regarding Vioxx's role in causing Mr. Smith's myocardial infarction on February 17, 2003, essentially because Dr. Sander does not conclusively state the mechanism by which Vioxx caused Mr. Smith's heart attack – a hurdle Dr. Sander is not required to jump. Once again, Merck has confused mechanism with biological plausibility, and once again, this Court should deny Merck's motion. *See Plunkett v. Merck & Co. (In re Vioxx Prods. Liab. Litig.)*, 401 F. Supp. 2d 565, 586-87 (E.D. La. 2005).

**INTRODUCTION**

Plaintiff has designated Dr. Gary Sander to testify regarding Mr. Smith's medical condition, the causal association between Vioxx and cardiovascular events, and the likely cause of Mr. Smith's heart attack in February of 2003. Merck complains that Dr. Sander's

opinions that Vioxx's effect of raising systolic blood pressure increases the risk of plaque rupture, Vioxx accelerates atherosclerosis, and Vioxx disturbs the prostacyclin and thromboxane balance which increases the risk of thrombotic cardiovascular events are not scientifically reliable.

Merck's arguments disregard the reams of medical literature cited and relied upon by Dr. Sander, previous admissions made by Merck, and the repeated rulings of this Court that the identical opinions offered by Dr. Sander are scientifically reliable, supported by the medical literature, and relevant to Vioxx cases.

Dr. Sander is qualified to render opinions in these matters. The opinions offered by Dr. Sander are both scientifically reliable and relevant to the issues expected to be presented to a jury in this matter. Therefore, Defendant's motion to exclude Dr. Sander's testimony must be denied.

## DISCUSSION

**I.     LEGAL STANDARDS**

The *Daubert* trilogy of cases have made the district judge "the gatekeeper who must pass on the reliability and relevance of proffered evidence pursuant to Federal Rule of Evidence 702." Manual for Complex Litigation (Fourth) § 23.21 (2004); *see also Kumho Tire Co. v. Carmichael*, 526 U. S. 137 (1999); *General Electric Co. v. Joiner*, 522 U.S. 136, 141-46 (1997); *Daubert v. v. Merrell Dow Pharm.*, 509 U.S. 579 (1993). Rule 702, as interpreted by the Supreme Court, requires that before an expert may be permitted to express an opinion on *any* issue, the following requirements must be satisfied:

1.     The expert must be ***qualified*** to express the opinion;

    2.       The expert's opinion must be ***reliable***;

    3.       The expert's opinion must be ***relevant;*** and

    4.       The expert's opinion must be ***otherwise admissible***.

*See* Fed. R. Evid. 702; *Daubert*, 509 U. S. at 590 - 95. The person seeking to admit expert testimony bears the burden of proving reliability and relevance by a preponderance of the evidence. *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc).

## II.   MERCK DOES NOT CHALLENGE DR. SANDER'S QUALIFICATIONS AS AN EXPERT IN THIS CASE.

Dr. Sander is qualified to render opinions in this case, in accordance with his expert report.[1] Despite Merck's characterization of Dr. Sander as a simple "blood pressure physician,"[2] it tellingly does not challenge Dr. Sander's qualifications as an expert in this case. Dr. Sander is a board-certified cardiologist who holds positions as a Professor of Medicine at Louisiana State University Health Sciences Center and Adjunct Professor at Tulane University Health Sciences Center and maintains a private cardiology practice in New Orleans.[3] Further, Dr. Sander's academic and clinical interests have centered upon cardiovascular pharmacology and the role of blood pressure in the development of cardiovascular disease. He has published numerous articles on various aspects of hypertension and has also published on the subject of anti-platelet agents and their impact on coronary artery disease and acute coronary events.[4]

---

[1] *See* **Exhibit A**.

[2] Merck Motion, p. 1.

[3] Declaration of Gary Sander, M.D., pp. 2-3, attached as **Exhibit B**; Curriculum Vitae of Gary Sander, M.D., pp. 1-3, attached as **Exhibit C**.

[4] **Exhibit B** at pp. 2-3; **Exhibit C** at pp. 10-20.

### III.   MERCK'S IMPROPERLY ATTEMPTS TO REQUIRE THAT PLAINTIFF SHOW A DEFINITIVE MECHANISM OF INJURY.

In its motion, Merck abandons any attempt to argue that Vioxx does not cause cardiovascular events. Instead, Merck claims there is no scientific support for Dr. Sander's opinion on the theories of how Vioxx causes these events. Merck's arguments confuse the purpose of Dr. Sander's testimony regarding the likelihood that Vioxx causes cardiovascular events.

A plaintiff is not required to show the precise mechanism of action through which the drug injuries a patient. Thus, Plaintiff Smith is not required to prove the precise Vioxx-induced mechanism that led to Mr. Smith's heart attack. *See Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1229-30 (9th Cir. 1998); *Plunkett*, 401 F. Supp. 2d at 589-90. "Biological plausibility is defined as the consideration of existing knowledge about human biology and disease pathology in order to provide a judgment about the plausibility that an agent causes a disease." *Id*. While biologic plausibility, like a definitive mechanism of injury, is not required to prove causation, its existence is evidence of causation. *See* Federal Judicial Center, *Reference Manual on Scientific Evidence* 497 (2d ed. 2000).

In other words, to properly support his opinion that Vioxx, more likely than not, caused Mr. Smith's heart attack, Dr. Sander does not have to show support that a Vioxx-induced increase in blood pressure resulted in *Mr. Smith's* plaque rupturing, that Vioxx accelerated *Mr. Smith's* atherosclerosis, or that Vioxx reduces the prostacyclin production in the coronary vasculature. Instead, to support his opinion that Vioxx caused Mr. Smith's heart attack, Dr. Sander may testify that each of these theories is plausible given science's current knowledge of human biology and disease pathology.

**IV.   DR. SANDER'S OPINIONS THAT VIOXX CAUSED MR. SMITH'S HEART ATTACK ARE RELIABLE AND SCIENTIFICALLY VALID.**

Dr. Sander supports his opinion that Vioxx more likely than not caused Mr. Smith's heart attack with three methods for Vioxx to induce cardiovascular events. These methods are:

1. Vioxx causes high blood pressure and plaque rupture.

2. Vioxx accelerates atherosclerosis.

3. Vioxx causes an imbalance of prostacyclin and thromboxane that leads to a prothrombotic state and cadiovascular events.

Dr. Sander provides a plethora of support that each of these mechanisms is plausible under our existing knowledge of human biology and disease pathology – biological plausibility.

**A.   Even Merck Admits that Vioxx Causes High Blood Pressure And Plaque Rupture.**

Merck admits in its Motion that Vioxx causes high blood pressure.[5] And as shown in Plaintiff's opposition to Merck's motion regarding atherosclerosis and plaque rupture, Merck's admissions are immune from *Daubert* scrutiny because of their independent indicia of trustworthiness.[6] Medical literature establishes that elevated blood pressure increases the risk of cardiovascular events and causes increased shear stress in the blood vessels which is a mechanical factor in plaque rupture.[7] As early as 1998, Liao found that "high turbulent flow" is one of the "factors that increase plaque rupture."[8] Dr. Sander simply puts these two facts together to show that

---

[5] Merck Motion, p. 6.

[6] Plaintiff's Memorandum in Opposition to Defendant Merck & Co., Inc.'s Motion for Order excluding Opinion Testimony by Plaintiff's Experts that Vioxx ccelerates Atherosclerosis or Causes Plaque Rupture at pp. 7-8.

[7] **Exhibit B** at p. 4 (citing Castelli WP, *Epidemiology of coronary heart disease: the Framingham study*. Am J Med. 1984; 76(2A):4-12).

[8] Liao JK. *Endothelium and acute coronary syndromes*. Clinical Chemistry. 1998;44:1799-1808.

Vioxx's acknowledged effect on blood pressure plausibly causes cardiovascular events and plaque rupture through increased shear stress.[9]

Moreover, in the Merck-sponsored 2005 New England Journal of Medicine (NEJM) article (hereinafter "Bresalier") publishing the results of the APPROVe study, Merck unequivocally adopted the biologic mechanism of action euphemistically referred to as "the FitzGerald hypothesis" that Vioxx causes plaque rupture.

> Thromboxane A2, a major COX-1-mediated product of arachidonic acid metabolism, causes irreversible platelet aggregation, vasoconstriction, and smooth-muscle proliferation, whereas prostacyclin is an inhibitor of platelet aggregation, a vasodilator, and an inhibitor of smooth-muscle proliferation. COX-2 is the chief source of systemic prostacyclin synthesis, and COX-2 inhibitors may increase the cardiovascular risk by shifting the functional balance of these vasoactive eicosanoids toward the promotion of thrombosis or atherogenesis. ***COX-2 inhibition combined with thromboxane-receptor antagonism may also lead to the destabilization of atheromatous plaque.***[10]

Additionally, Wong, *et al.*, in a 2005 peer-reviewed article state "in some settings, COX-2 inhibition might also contribute to destabilization of an accumulated atherosclerotic plaque, allowing for an exaggerated thrombotic response, again via the same mechanism."[11]

Dr. Sander, after reviewing Mr. Smith's medical records, also notes a significant increase in the plaintiff's *systolic* blood pressure after starting Vioxx.[12]  This increase is notable as medical

---

[9] **Exhibit B** at pp. 4-5.

[10] Bresalier RS, Sandler RS, Quah H. Bolognese JA, Oxenius B, Horgan K, Lines C, Riddell R, Morton D, Lanas A, Konstam MA, Baron JA. *Cardiovascular Events Associated with Rofecoxib in a Colorectal Adenoma Chemoprevention Trial*. N Engl J Med. 2005; 352:1092-1102 at pp. 1098-1099 (footnotes omitted) (emphasis added), attached as **Exhibit D**.

[11] **Exhibit B** at p. 4 (citing Wong D, Wang M, Cheng Y, FitzGerald GA. *Cardiovascular hazard and non-steroidal anti-inflammatory drugs*. Current Opinion in Pharmacology. 2005;5:204-210).

[12] **Exhibit B** at p. 6.

literature finds both a disproportionate rise in systolic BP with coxib use and a steep relationship between *systolic* blood pressure and cardiovascular risk.[13]

Merck claims that Dr. Sander's testimony regarding high blood pressure is rendered irrelevant by Mr. Smith's episodic, pre-hypertensive diastolic pressures before his Vioxx use.[14] While Merck may certainly cross-examine Dr. Sander regarding the *diastolic* readings noted in Mr. Smith's records, Dr. Sander's observations of Mr. Smith's *systolic* readings and his testimony of the related medical literature add further weight to the opinion that Vioxx-induced high blood pressure and plaque rupture is a plausible medium for Mr. Smith's heart attack.

Merck argues that because it purportedly warned of the increased risk of high blood pressure this testimony becomes irrelevant because of the learned intermediary doctrine.[15]

In fact, the Fifth Circuit recently issued an opinion in another pharmaceutical case dismissing Merck's theory. *McNeil v. Wyeth*, No. 05-10509 (5th Cir. Aug. 22, 2006) at pp. 3-4. In that case, the Fifth Circuit refused to find, as a matter a law, a warning adequate simply because it mentions a condition from which the plaintiff suffered. *Id.*

Merck's argument again misses the point. Plaintiff's claim against Merck is that it failed to warn of the increased cardiovascular risks – not that Vioxx increased blood pressure alone. The increased blood pressure, in combination with the other known effects of Vioxx, explain a plausible mechanism for how Vioxx increases cardiovascular risks. This evidence is directly relevant to Mr. Smith's claim that Vioxx caused his heart attack.

---

[13]**Exhibit B** at p. 6 (citing Aw TJ, Haas SJ, Liew D, Krum H. *Meta-analysis of cyclooxygenase-2 inhibitors and their effects on blood pressure*. Arch Intern Med. 2005;165(5):490-496.).

[14]Merck Motion, pp. 4-6.

[15]Merck Motion, pp. 6-9.

### B. Vioxx Accelerates Atherosclerosis.

Despite the above-cited admission in Bresalier and specific rulings by this Court to the contrary, Merck still argues that the FitzGerald hypothesis, and hence, the theory that Vioxx accelerates atherosclerosis is speculative.[16] As this Court noted in the *Plunkett* case, "[t]his opinion [that Vioxx accelerates atherosclerosis] is based upon the FitzGerald hypothesis, which has been supported by numerous articles as well as recognized medical journals.  Although Merck may disagree with the conclusions reached in the FitzGerald hypothesis and supporting literature, a disagreement does not amount to improper methodology or scientifically unreliable data." 401 F. Supp. 2d at 587.[17]

As this Court concluded in its prior Vioxx *Daubert* rulings, the so-called FitzGerald hypothesis[18] is "supported by numerous articles as well as recognized medical journals" and the hypothesis supports the opinion "that Vioxx accelerates atherosclerosis." *Id*. at note 4 at 586-87.

Since this Court's ruling in November, 2005, even more compelling scientific evidence to support for this core theory has come to light.  In a recent article in the peer-reviewed Journal of Clinical Investigation, Professor FitzGerald, a key member of Merck's Scientific Advisory Committee and his co-authors definitively concludes that:

---

[16] Merck Motion, p. 11.

[17] *See also* Plaintiff's Memorandum in Opposition to Defendant Merck & Co., Inc.'s Motion for Order Excluding Opinion Testimony by Plaintiff's Experts that Vioxx Accelerates Atherosclerosis or Causes Plaque Rupture.

[18] The "FitzGerald hypothesis" holds that COX-2 inhibitors depress systemic PGI2 without concomittant inhibition of platelet-dervied thromboxane A2 (TxA2). This can result in an augmented response to thrombotic and hypertensive stimuli and the acceleration of atherogenesis. This mechanistic explanation is supported by data from the Adenomatous Polyp Prevention on Vioxx (APPROVe) trial2 and the Adenoma Prevention with Celecoxib (APC) trial. *See* Solomon SD, McMurray JJ, Pfeffer MA, *et al.*, "Adenoma Prevention with Celecoxib (APC) Study Investigators. Cardiovascular risk associated with celecoxib in a clinical trial for colorectal adenoma prevention." N Engl J Med. 2005;352:1071-1080.

> In summary, *a substantial body of evidence has accumulated that 1 mechanism, suppression of Cox-2-dependent PGI2 formation, can both augment the response to thrombotic and hypertensive stimuli and initiate and accelerate atherogenesis.*[19]

Additionally, this month the Journal of the American College of Cardiology published an article demonstrating "a continuous relationship between SBP [systolic blood pressure] and the progression rate of coronary atherosclerosis."[20] The study went on to find "systolic pressure appears to be an important component for progression of coronary atherosclerosis."[21] These findings, along with Vioxx's admitted risk of increasing blood pressure, further support Dr. Sander's opinion that Vioxx accelerates the atherosclerosis process. Merck simply ignores such evidence as well as important findings in multiple peer-reviewed journals and clinical studies.

In his response to Merck's motion on atherosclerosis, Plaintiff lists numerous studies supporting his position that accelerated atherosclerosis is a biologically plausible mechanism for Vioxx-induced cardiovascular events.[22] These peer-reviewed, published articles all support Dr. Sander's opinion that Vioxx accelerates atherosclerosis. Additionally, Plaintiff lists numerous Merck documents that admit Merck's concerns that Vioxx accelerates atherosclerosis. The following are two examples among many listed in Plaintiff's referenced opposition:

---

[19] *See* Grosser T, Fries S, FitzGerald GA, *Biological Basis for the cardiovascular consequences of COX-2 inhibition: therapeutic challenges and opportunities*, The Journal of Clinical Investigation, 2006;116(1):4-15 at pp. 4, 6 (emphases added), attached as **Exhibit E**.

[20] Sipahi I, Tuzcu EM, Schoenhagen P, Wolski KE, Nicholls SJ, Balog C, Crowe TD, Nissen SE. *Effects of Normal, Pre-Hypertensive, and Hypertensive Blood Pressure Levels on Progression of Coronary Atherosclerosis*. J Am Coll Cardiol, 2006;48:833-838 at p. 837.

[21]*Id.*

[22]Plaintiff's Memorandum in Opposition to Defendant Merck & Co., Inc's Motion for Order Excluding Opinion Testimony by Plaintiff's Experts that Vioxx Accelerates Atherosclerosis or Causes Plaque Rupture.

- E-mail from Stephen Epstein to Ian Rodger, Cc to Peter DiBattiste, dated 10/12/2001: "*Attached is the paper on the effects of selective COX-2 inhibition on susceptibility to CMV infection and to atherogenesis . . . I'm sorry that we didn't get the results we thought we would -- but it's better to know about this now than to be blind-sided in one or two years by complications that were totally unexpected*." (MRK-ABA0012531-0012548, attached as **Exhibit F**).

- Medical School Grant Program Coxib Review Committee, dated 2/26/2002: "#376, Giaid/Canada, Role of COX-2 in the pathophysiology of atherosclerosis and myocardial ischemia…Comments: This study comes from an investigator who is one of the few to show a beneficial effect of COX-2 inhibition (with DFU) in an animal model of myocardial infarction…Decision: The proposal was accepted for support, in principle." (MRK-ABK0478427, attached as **Exhibit G**).

Dr. Sander will testify that the medical evidence and Merck's admissions support the theory that Vioxx accelerates atherosclerosis. Because biological plausibility lends credence to causation, this evidence is relevant and should be admitted.

### C. Vioxx Alters the Balance Between Prostacyclin and Thromboxane.

Merck attempts to rehash its argument that the prostacylin/thrombaxane imbalance theory is unreliable – the same argument this Court considered and rejected in *Plunkett* – by misstating Dr. Sander's opinion. *Id*. at 589-90. Dr. Sander will opine that Vioxx alters the balance between prostacyclin and thromboxane production, and this imbalance leads to a prothrombotic state and increases the risk of a prothrombotic events such as plaque rupture.[23]

The Court has ruled that this theory is based on reliable science and is even described in medical and scientific literature funded and authored by Merck. The 16th Edition of the Merck Manual, published in 1992, states

> [W]hether physiologic or pathologic clot formation ensues appears to depend on the relative amount of PGI2 (the 2 needs to be formatted) [prostacylcin] vs. TXA2(again with the formatting) [thromboxane] production.[24]

In support of his opinion that Vioxx disrupts the prostacyclin/thromboxane balance leading to thrombotic events, Dr. Sander also cites the Fries article[25] which found that "depression of COX-2 dependent PGI2(formatted) biosynthesis, without concomitant inhibition of platelet function, provides a mechanism for a prothrombotic effect of Cox-2 inhibitors," the Antman article[26]

---

[23]Declaration of Gary Sander, M.D., p. 8.

[24]The Merck Manual, *Prostaglandins, Thromboxanes and Leukotrienes*, p. 285 (16th ed. 1992).

[25]Fries S, Grosser T. *The cardiovascular pharmacology of COX-2 inhibition*. Hematology 2005(1):445-451.

[26]Antman EM, DeMets D, Loscalzo J. *Cyclooxygenase inhibition and cardiovascular risk*. Circulation 2005; 112(5):759-770.

11

published in *Circulation* – the American Heart Association's journal, and Merck's own funded and co-authored manuscript by Bresalier[27] which resulted in Vioxx being pulled from the market.[28]

While Merck now claims the FitzGerald hypothesis is "speculative and remains unproven," that was not its position in company-sponsored meetings, FDA filings and published medical literature. In fact, it is undisputed and the Court can take judicial notice that Merck relied upon the APPROVe study in removing Vioxx from the market. Sacrificing billions of dollars in Vioxx sales is a pretty strong manifestation of Rule 801's "belief in its truth." Merck adopted the FitzGerald hypothesis in the APPROVe study.[29] The FitzGerald hypothesis specifically states "COX-2 is the chief source of systemic prostacyclin synthesis, and ***COX-2 inhibitors may increase the cardiovascular risk by*** shifting the functional balance of these vasoactive eicosanoids toward the ***promotion of thrombosis or atherogenesis.***" [30]

Merck even admits in the Vioxx label that "[t]he mechanism of action of Vioxx is believed to be due to inhibition of prostaglandin synthesis, via inhibition of cyclooxygenase-2 (COX-2)."[31] By Merck's own admission, and further supported by a wealth of literature,[32] the

---

[27]**Exhibit D**.

[28]Declaration of Gary Sander, M.D., p. 9.

[29]*Supra* at p. 6.

[30]**Exhibit D** at pp. 1098-99 (footnotes omitted) (emphasis added).

[31]Vioxx Label, July 2002, attached hereto as **Exhibit H**.

[32]For example, Fries S, Grosser T. *The cardiovascular pharmacology of COX-2 inhibition*. Hematology 2005(1):445-451 (stating "depression of COX-2 dependent PGI2*formatted* biosynthesis, without concomitant inhibition of platelet function provides a mechansime for a prothrombotic effect of COX-2 inhibitors); Antman EM, DeMets D, Loscalzo J. *Cyclooxygenase inhibition and cardiovascular risk*. Circulation 2005; 112(5):759-770 (describing the mechanism whereby Vioxx promotes thrombus formation through inhibition of prostacyclin synthesis); Bresalier RS, Sandler RS, Quah H. Bolognese JA, Oxenius B, Horgan K, Lines C, Riddell R, Morton D, Lanas A, Konstam MA, Baron JA. *Cardiovascular Events Associated with Rofecoxib in a Colorectal Adenoma Chemoprevention Trial*. N Engl J Med. 2005; 352:1092-1102 ("Cox-2 inhibitors may increase the cardiovascular

prostacyclin/thromboxane imbalance theory is a biologically plausible and scientifically supportable explanation for how Vioxx causes heart attacks.

V.     **DR. SANDER WILL ONLY OFFER TESTIMONY REGARDING HIS PERSONAL EXPERIENCES WITH MERCK IF MERCK OPENS THE DOOR ON CROSS-EXAMINATION.**

Plaintiff does not plan to question Dr. Sander regarding his personal experiences with Merck representatives. If, however, Merck's questioning seeks related testimony or misstates Dr. Sander's interactions with Merck, Plaintiff reserves the right to fully respond. Such testimony is permissible under FRE 701.

VI.    **CONCLUSION**

This Court has previously admitted the identical opinions Merck seeks to exclude here. Merck has not challenged Dr. Sander's qualifications to testify as an expert in this case. Dr. Sander has provided extensive and reliable medical and scientific support for his opinions – support this Court has already confirmed as reliable. Therefore, this Court should allow Dr. Sander to state his opinions regarding how Vioxx causes cardiovascular events.

---

risk by shifting the functional balance of these vasoactive eicosanoids toward the promotion of thrombosis or atherogenesis).

Dated: August 31, 2006

                                          Respectfully submitted,

| | |
|---|---|
| Drew Ranier<br>Louisiana Bar No. 8320<br>**RANIER, GAYLE & ELLIOT LLC**<br>1419 Ryan Street<br>Lake Charles, Louisiana 70601<br>(337) 494-7171; fax (337) 494-7218 | /s/ Grant Kaiser<br>Grant Kaiser<br>Texas Bar No. 11078900<br>**THE KAISER FIRM LLP**<br>8441 Gulf Freeway, Suite 600<br>Houston, Texas 77017<br>(713) 223-0000; fax (713) 223-0440 |
| Walter Umphrey<br>Texas Bar No. 20380000<br>**PROVOST UMPHREY LAW FIRM LLP**<br>490 Park Street<br>Beaumont, Texas 77701<br>(409) 835-6000; fax (409) 838-8888 | Mikal Watts<br>Texas Bar No. 20981820<br>**THE WATTS LAW FIRM LLP**<br>Tower II Building, 14th Floor<br>555 North Carancahua Street<br>Corpus Christi, Texas 78478<br>(361) 887-0500; fax (361) 887-0055 |
| James L. "Larry" Wright<br>Texas Bar No. 22038500<br>**THE WATTS LAW FIRM LLP**<br>111 Congress Avenue, Suite 1010<br>Austin, Texas 78701<br>(512) 479-0500; fax (512) 473-0328 | John Eddie Williams, Jr.<br>Texas Bar No. 21600300<br>Jim Doyle<br>Texas Bar No.6094450<br>**WILLIAMS BAILEY LAW FIRM LLP**<br>8441 Gulf Freeway, Suite 600<br>Houston, Texas 77017<br>(713) 230-2200; fax (713) 643-6226 |

ATTORNEYS FOR PLAINTIFF ROBERT G. SMITH

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing document has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 31st day of August, 2006.

      /s/ Grant Kaiser
      Grant Kaiser
      **THE KAISER FIRM LLP**
      8441 Gulf Freeway, Suite 600
      Houston, Texas 77017
      (713) 230-0000; fax (713) 230-0440
      gkaiser@thekaiserfirm.com

cc    By email only:

    Robert Van Kirk      rvankirk@wc.com
    **Williams & Connolly LLP**
    725 Twelfth Street Northwest
    Washington, D.C. 20005
    (202) 434-5000; fax (202) 434-5029

    Carrie A. Jablonski      carrie.jablonski@bartlit-beck.com
    **Bartlit, Beck, Herman, Palenchar & Scott LLP**
    54 West Hubbard Street, Suite 300
    Chicago, Illinois 60610
    (312) 494-4400; fax (312) 494-4440