Issued by the
# UNITED STATES DISTRICT COURT

| MIDDLE | DISTRICT OF | LOUISIANA |
|---|---|---|

| CAMELLIA PERSICA | SUBPOENA IN A CIVIL CASE |
|---|---|
| V. | CASE NUMBER: ¹In Re: Vioxx Products Liability Litigation, MDL No. 1657, United States District Court for the Eastern District of Louisiana |
| MERCK & CO., INC. | *This Document Relates to: Camellia Persica v. Merck & Co., Inc., Case No. 05-1016, Div. L, Mag. 3* |

TO: Dr. Arthur Neil Smith
     2223 Quail Run, Suite D-1
     Baton Rouge, LA  70815

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| Place of Testimony | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>2223 Quail Run, Suite D-1<br>Baton Rouge, LA  70815 | DATE AND TIME<br>September 11, 2006, at 11:30 a.m. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified above (list documents or objects):

See attached Exhibit A.

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*[signature]*   Attorney for Defendant | DATE<br>8/21/06 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Thomas P. Owen, Jr., Esq., 909 Poydras St., Suite 2500, New Orleans, LA  70112, (504) 523-1580

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

¹If action is pending in district other than district of issuance, state district under case number.

# PROOF OF SERVICE

|  |  |
|---|---|
| SERVED | 8/28/06   3235 Quail Run Rd.<br>BR, LA 70815 |
| SERVED ON (PRINT NAME)<br>T. Rumfola | MANNER OF SERVICE<br>Hand |
| SERVED BY (PRINT NAME)<br>Michael Montalbano | TITLE<br>Courior |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  8/28/06
DATE

SIGNATURE OF SERVER
Michael Montalbano

ADDRESS OF SERVER
PO Box 78296   70179

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at anytime for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(I) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected

matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(I) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

1. A copy of Dr. Smith's most current *curriculum vitae*.

2. Any and all material Dr. Smith has reviewed in connection with this litigation.

3. Anything Dr. Smith has reviewed in preparation for his testimony, including but not limited to, any medical treatises or articles, expert reports, or other documents.

4. All communications with Plaintiff or Plaintiff's agents or Plaintiff's counsel or agents of Plaintiff's counsel.

5. All x-rays, photographs or other images reflecting Plaintiff's medical condition as well as all documents and x-rays, photographs or other images received from Plaintiff or Plaintiff's counsel or agents of Plaintiff's counsel, including but not limited to medical records of any kind in Dr. Smith's possession, custody or control.

6. All documents or other materials relating to the care and treatment of plaintiff Camellia Persica in Dr. Smith's possession, custody or control. The documents and materials requested include all medical records related to plaintiff Camellia Persica, including but not limited to, patient consent forms, patient questionnaires, patient histories, patient records, notes, memoranda, records, protocols, intake forms, insurance forms, x-rays, MRI films, MRA films, reports, disability applications, and correspondence. Documents include recorded material of any kind, whether recorded in writing, electronically or by any other means.

7. Any and all material in Dr. Smith's possession, custody or control regarding NSAIDs in general and Vioxx in particular.

8. Any and all material in Dr. Smith's possession, custody or control regarding Merck

1

& Co., Inc., including but not limited to, any material from professional sales representatives ("detailers"), Professional Information Requests ("PIRs") and correspondence.

9. Any and all samples of Vioxx in Dr. Smith's possession, custody or control.