UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | * * * * * * * * * * * * | MDL No. 1657<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE<br>DANIEL E. KNOWLES, III |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Roberta A. Messinger, individually, as Personal Representative of and on behalf of John Messinger v. Merck & Co., Inc.*, **No. 06-3404.**

<u>**ANSWER OF DEFENDANT MERCK & CO., INC.**</u>

        Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the Plaintiff's Original Complaint ("Complaint") as follows:

<u>**RESPONSE TO COMPLAINT**</u>

**RESPONSE TO**
<u>**"I. INTRODUCTION AND PARTIES"**</u>

        1.      Denies each and every allegation contained in paragraph 1 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx® ("Vioxx"), which is the brand name for rofecoxib, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further admits that Plaintiff purports to seek damages but denies that there is any legal or factual basis for said relief.

2.     Denies each and every allegation contained in paragraph 2 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

3.     Denies each and every allegation contained in paragraph 3 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, is authorized to do business in Louisiana, and may be served as allowed by applicable federal and/or state law. Merck further admits that it is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health, and that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx, which is the brand name for rofecoxib, from the worldwide market on September 30, 2004.

4.     Denies each and every allegation contained in paragraph 4 of the Complaint, except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health, and that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx, which is the brand name for rofecoxib, from the worldwide market on September 30, 2004.

### RESPONSE TO
### "II. JURISDICTION"

5.     The allegations contained in paragraph 5 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 5 of the Complaint, as

it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiff purports to state a claim in excess of $75,000 but denies that there is any legal or factual basis for such relief.

### RESPONSE TO
### "III. CONDITIONS PRECEDENT"

6.     The allegations contained in paragraph 6 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 6 of the Complaint.

### RESPONSE TO
### "IV. FACTUAL BACKGROUND"

7.     Denies each and every allegation contained in the first and second sentences of paragraph 7 of the Complaint, except admits that Vioxx is part of a class of drugs known as non-steroidal anti-inflammatory drugs ("NSAIDs"), and that Vioxx, a selective COX-2 inhibitor, has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen, which is a non-selective NSAID.  Merck denies each and every allegation contained in the third and fourth sentences of paragraph 7 of the Complaint, except admits that Merck sought, and in May 1999, received U.S. Food and Drug Administration ("FDA") approval to market the prescription medicine Vioxx for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

8.     Denies each and every allegation contained in paragraph 8 of the Complaint, except admits that it marketed the prescription medication Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that health

3

care providers prescribed Vioxx to millions of patients in the United States. Merck further avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

9.     Denies each and every allegation contained in the first and second sentences of paragraph 9 of the Complaint, except admits that the referenced letter exists, and respectfully refers the Court to said letter for its actual language and full text. Merck denies each and every allegation contained in the third sentence of paragraph 9 of the Complaint, except admits that the referenced study exists, and respectfully refers to the Court to said study for its actual language and full text. Merck denies each and every allegation contained in the fourth sentence of paragraph 9 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

10.     Denies each and every allegation contained in paragraph 10 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

11.     Denies each and every allegation contained in paragraph 11 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

## RESPONSE TO
## "V. ALLEGATIONS"

12.   Denies each and every allegation contained in paragraph 12 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

13.   Denies each and every allegation contained in paragraph 13 of the Complaint.

14.   Denies each and every allegation contained in paragraph 14 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

15.   Denies each and every allegation contained in paragraph 15 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

16.   Denies each and every allegation contained in paragraph 16 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

17.   Denies each and every allegation contained in paragraph 17 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## RESPONSE TO
## "VI. FRAUDULENT CONCEALMENT"

18.    The allegations contained in the first sentence of paragraph 18 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of paragraph 18 of the Complaint. Merck denies each and every allegation contained in the second, third, fourth, and fifth sentences of paragraph 18 of the Complaint.

## RESPONSE TO
## "VII. STRICT PRODUCTS LIABILITY"

19.    With respect to the allegations contained in paragraph 19 of the Complaint, repeats and realleges each and every admission, denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

20.    Denies each and every allegation contained in paragraph 20 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

21.    Denies each and every allegation contained in paragraph 21 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

22.    Denies each and every allegation contained in paragraph 22 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription

medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## RESPONSE TO
## "A. DESIGN AND MARKETING DEFECT"

23.    With respect to the allegations contained in paragraph 23 of the Complaint, repeats and realleges each and every admission, denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

24.    Denies each and every allegation contained in paragraph 24 of the Complaint.

25.    Denies each and every allegation contained in paragraph 25 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

26.    Denies each and every allegation contained in paragraph 26 of the Complaint.

27.    Denies each and every allegation contained in paragraph 27 of the Complaint, including its subparts 1 through 3.

## RESPONSE TO
## "B. INADEQUATE AND IMPROPER WARNINGS"

28.    With respect to the allegations contained in paragraph 28 of the Complaint, repeats and realleges each and every admission, denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

29.    Denies each and every allegation contained in paragraph 29 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses

subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

30.    Denies each and every allegation contained in paragraph 30 of the Complaint.

**RESPONSE TO**
**"VIII. DTPA"**

31.    With respect to the allegations contained in paragraph 31 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

32.    The allegations contained in the first sentence of paragraph 32 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of paragraph 32 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules. Merck denies each and every allegation contained in the second sentence of paragraph 32 of the Complaint, except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health

33.    Denies each and every allegation contained in paragraph 33 of the Complaint, including its subparts a and b, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and

respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

34.     Denies each and every allegation contained in paragraph 34 of the Complaint.

## RESPONSE TO
## "IX. FRAUD"

35.     With respect to the allegations contained in paragraph 35 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

36.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in the first, second, and third sentences of paragraph 36 of the Complaint, and denies each and every allegation directed towards Merck in the first, second, and third sentences of paragraph 36 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.  The allegations contained in the fourth sentence of paragraph 36 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the fourth sentence of paragraph 36 of the Complaint

## RESPONSE TO
## "X. NEGLIGENCE"

37.     With respect to the allegations contained in paragraph 37 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

38.     Denies each and every allegation contained in the first, third, and fourth sentences of paragraph 38 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. The allegations contained in the second sentence of paragraph 38 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

39.     Denies each and every allegation contained in paragraph 39 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

40.     Denies each and every allegation contained in the first sentence of paragraph 40 of the Complaint. The allegations contained in the second and third sentences of paragraph 40 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the second and third sentences of paragraph 40 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules. Merck further denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

## RESPONSE TO
## "XI. NEGLIGENT MISREPRESENTATIONS"

41.     With respect to the allegations contained in paragraph 41 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

43.     Denies each and every allegation contained in paragraph 43 of the Complaint, including its subparts (a) through (f), except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text. With respect to the allegations contained in paragraph 43(a) of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 42 of this Answer with the same force and effect as though set forth here in full. The allegations contained in the second sentence of paragraph 43(f) of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of paragraph 43(f) of the Complaint.

## RESPONSE TO
## "XII. EXPRESSED WARRANTY FOR GOODS"

44.     With respect to the allegations contained in paragraph 44 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

45.     Denies each and every allegation contained in the first, second, and third sentences of paragraph 45 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. The allegations contained in the fourth and fifth sentences of paragraph 45 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the fifth sentence of paragraph 45 of the Complaint and further denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

## RESPONSE TO
## "XIII. IMPLIED WARRANTY:
## A. WARRANTY OF MERCHANTABILITY"

46.     With respect to the allegations contained in paragraph 46 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

47.     Denies each and every allegation contained in paragraph 47 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further avers that the FDA approved Vioxx as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information

and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

## RESPONSE TO
## "B.  WARRANTY OF FITNESS"

48.     With respect to the allegations contained in paragraph 48 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

49.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in the first, second, third, fourth, and fifth sentences of paragraph 49 of the Complaint, and denies each and every allegation directed towards Merck in the first, second, third, fourth, and fifth sentences of paragraph 49 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text. The allegations contained in the sixth sentence of paragraph 49 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the sixth sentence of paragraph 49 of the Complaint.

## RESPONSE TO
## "XIV.  DAMAGES"

50.     Denies each and every allegation contained in paragraph 50 of the Complaint, except admits that Plaintiff purports to seek damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO
### "XV.  PUNITIVE DAMAGES"

51.     Denies each and every allegation contained in paragraph 51 of the
Complaint, except admits that Merck manufactured, marketed, and distributed the prescription
medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on
September 30, 2004.  Merck further admits that Plaintiff purports to seek punitive damages but
denies that there is any legal or factual basis for such relief.

### RESPONSE TO
### "XVI.  JURY DEMAND"

52.     The allegations contained in paragraph 52 of the Complaint are legal
conclusions as to which no responsive pleading is required.

### RESPONSE TO
### "XVII.  PRAYER"

53.     The allegations contained in the unnumbered "Wherefore" paragraph of
the Complaint under the heading "Prayer" constitute a prayer for relief as to which no response is
required.  Should a response be deemed required, Merck denies each and every allegation
contained in the unnumbered "Wherefore" paragraph, including its subparts 1 through 6, except
admits that Plaintiff purports to seek economic and other relief, but denies that there is any legal
or factual basis for such relief.

### AS FOR A FIRST
### DEFENSE, MERCK ALLEGES:

54.     The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

55.     The Plaintiff and/or Decedent was careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiff and/or Decedent.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

56.     To the extent that Plaintiff asserts claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

57.     To the extent that Plaintiff asserts claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

58.     The Plaintiff and/or Decedent failed to exercise reasonable care to mitigate his or her alleged damages.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

59.     Each and every claim asserted or raised in the Complaint is barred by prescription, preemption, and/or any other applicable federal or state statute of limitations.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

60.    To the extent that Plaintiff asserts claims in the Complaint based upon an alleged failure by Merck to warn Plaintiff and/or Decedent directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

61.    The claims of the Plaintiff are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

62.    The claims of the Plaintiff are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

63.    The claims of the Plaintiff are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

64.    The claims of the Plaintiff are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

65.    The product conformed to the state-of-the-art for the design and manufacture of such, or similar, products.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

66.     The claims of the Plaintiff are barred, in whole or in part, under the

applicable state law because Vioxx was subject to and received pre-market approval by the Food

and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

67.     If Plaintiff and/or Decedent has sustained injuries or losses as alleged in

the Complaint, such injuries or losses were only so sustained after Plaintiff and/or Decedent

knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the

consumption of, administration of, or exposure to any drug or pharmaceutical preparation

manufactured or distributed by Merck or other manufacturer.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

68.     If Plaintiff and/or Decedent has sustained injuries or losses as alleged in

the Complaint, upon information and belief, such injuries and losses were directly and

proximately caused by the intervening or superseding act and conduct of persons not having real

or apparent authority to take said actions on behalf of Merck and over whom Merck had no

control and for whom Merck may not be held accountable.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

69.     To the extent that Plaintiff has settled or will in the future settle with any

person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any,

should be reduced accordingly.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

70.     If Plaintiff and/or Decedent has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiff and/or Decedent or natural course of conditions for which this Defendant is not responsible.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

71.     If Plaintiff and/or Decedent has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiff and/or Decedent or abuse of Vioxx.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

72.     The claims of Plaintiff are barred in whole or in part by the First Amendment of the Constitution of the United States of America and comparable state law provisions.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

73.     To the extent that Plaintiff relies upon any theory of breach of warranty, Plaintiff and/or Decedent did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

74.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

75.     Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to asserts any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

76.     To the extent that Plaintiff seeks punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

77.     To the extent Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

78.     The demand for punitive damages by the Plaintiff is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

79.     To the extent that Plaintiff asserts claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to her

claims, Plaintiff has failed to allege facts that would overcome the defenses available under that state products liability law.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

80.     The claims of Plaintiff are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

81.     To the extent that Plaintiff asserts claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiff to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

82.     Merck demands a trial by jury of all issues.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

83.     Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

84.     Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of

the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert
any such defense.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

85.     Plaintiff's claim for non-economic damages are subject to and limited by
Miss. Code § 11-1-60 (1) (a) through  (c) (1972), as amended by Miss. Laws  2004, 1st Ex. Sess.,
Ch. 1 § 2, effective September 1, 2004.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

86.     To  the  extent  that  the  Plaintiff's  claims  are  based  upon  any  theory  of
product liability, they are barred or limited by Mississippi's Product Liability Act, Miss. Code §
11-1-63 (1972), as amended by Miss. Laws 2004, 1st Ex. Sess., Ch. 1 § 3, effective September 1,
2004.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

87.     Plaintiff's  claim  for  punitive  damages  against  Merck  fails  under  Miss.
Code  §  11-1-65  (1972),  as  amended  by  Miss.  Laws  2004,  1st  Ex.  Sess.,  Ch.  1  §  4,  effective
September 1, 2004.

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

88.     Merck affirmatively pleads Miss. Code § 85-5-7 (1972), as amended by
Miss. Laws 2003, 3rd Ex. Sess., Ch. 2 § 4, effective January 1, 2003.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

89.     Some or all of the damages alleged by Plaintiff are barred by Miss. Code
§§ 75-2-714, 715 (1972).

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

90.     Plaintiff's claims for punitive damages are in contravention of Merck's rights under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution; the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; the Double Jeopardy Clause in the Fifth Amendment to the Constitution of the United States, similar provisions in the Constitution of Mississippi and/or the common law and public policies of Mississippi, and/or applicable statutes and court rules, in the circumstances of this litigation, including, but not limited to:

(a)     imposition of punitive damages by a jury which

    (1)     is not provided with standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award;

    (2)     is not adequately and clearly instructed on the limits on punitive damages imposed by the principles of deterrence and punishment;

    (3)     is not expressly prohibited from awarding punitive damages, or determining the amount of an award thereof, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status, wealth, or state of residence of Merck;

    (4)     is permitted to award punitive damages under a standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes punitive damages permissible; and

    (5)    is not subject to trial court and appellate judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards;

(b)    imposition of such punitive damages, and determination of the amount of an award thereof, where applicable state law is impermissibly vague, imprecise, or inconsistent;

(c)    imposition of such punitive damages, and determination of the amount of an award thereof, without bifurcating the trial and trying all punitive damages issues only if and after the liability of defendants has been found on the merits;

(d)    imposition of such punitive damages, and determination of the amount of an award thereof, based on anything other than Merck's conduct in connection with the sale of the product alleged in this litigation, or in any other way subjecting Merck to impermissible multiple punishment for the same alleged wrong.

## AS FOR A THIRTY-EIGHTH DEFENSE, MERCK ALLEGES:

91.    Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative negligence.

## AS FOR A THIRTY-NINTH DEFENSE, MERCK ALLEGES:

92.    To the extent the Plaintiff and/or Decedent is not a resident of South Carolina or the alleged causes of action did not arise in South Carolina, the Plaintiff's claims are barred by S.C. Code Ann. Section 15-5-150.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

93.    To the extent that Plaintiff seeks punitive damages, Plaintiff's claim for

punitive damages is barred by various provisions of the United States Constitution and the South

Carolina Constitution.   An award of punitive damages under South Carolina law violates the

Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section

3 of the South Carolina Constitution in various ways, including the following:

    a.    the judiciary's ability to correct a punitive damage award only upon a finding of passion, prejudice, or caprice is inconsistent with the due process guarantees;

    b.    any award of punitive damages serving a compensatory function is inconsistent with due process guarantees;

    c.    any award of punitive damages based upon the wealth of the defendant violates due process guarantees;

    d.    the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of meaningful standards and is inconsistent with due process guarantees;

    e.    even if it could be argued that the standard governing the imposition of punitive damages exists, the standard is void for vagueness;

    f.    the Plaintiff's claim for punitive damages violates the equal protection clause of the Fourteenth Amendment of the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of the defendant; and

    g.    the Plaintiff's claim for punitive damages violates the defendant's right to access to the courts guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of unlimited punitive damages chills the defendant's exercise of that right.

The Plaintiff's claim for punitive damages violates the federal doctrine of separation of powers

and Article I, Section 8 of the South Carolina Constitution for the reason that punitive damages

are a creation of the judicial branch of government which invades the province of the legislative

branch of government. Additionally, Plaintiff's claim for punitive damages is barred by the proscription of the Eighth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, prohibiting the imposition of excessive fines. Finally, Plaintiff's claim for punitive damages is barred by the double jeopardy clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

**AS FOR A FORTY-FIRST
DEFENSE, MERCK ALLEGES:**

94.     To the extent that Plaintiff asserts claims against Merck based on theories of liability not provided for in the Louisiana Products Liability Act, those claims are barred. La. Rev. Stat. § 9:2800.51, *et seq.*

**AS FOR A FORTY-SECOND
DEFENSE, MERCK ALLEGES:**

95.     To the extent that Plaintiff asserts claims against Merck based on theories of liability or elements of damages provided in the Louisiana Products Liability Act, Plaintiff has failed to allege facts that would overcome the defenses available under the Louisiana Products Liability Act. La. Rev. Stat. § 9:2800.59(A).

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.     That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiff's Complaint with prejudice against Merck with costs assessed to Plaintiff;

2.     Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.     Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated:  September 5, 2006

Respectfully submitted,

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Melissa V. Beaugh, 28250
　　　　Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
　　　　Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL No. 1657, on this 5th day of September, 2006.