UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

---

In re: VIOXX

PRODUCTS LIABILTY LITIGATION

This document relates to:

MICHAEL OZBURN, as Administrator of the
Estate of FRANCES BELLE OZBURN, Deceased

       Plaintiff

vs.

MERCK & CO., INC.

       Defendant

MDL Docket No.: 1657

Section L

JUDGE FALLON

MAGISTRATE JUDGE KNOWLES

**VERIFIED AMENDED COMPLAINT**

Civil Case #: 06-3988, Sect.L, Mag 3

Date Filed:

---

  Plaintiff Michael Ozburn, by his attorney Richard J. Jaegers, respectfully alleges the following as and for a Verified Amended Complaint against the defendant Merck & Co., Inc:

  1. Jurisdiction is based upon diversity of citizenship, the plaintiff being a domiciliary of the State of California, and the defendant being incorporated and having it's principal place of business in a state other than the State of California so there is complete diversity of citizenship between the parties hereto. The amount in controversy, exclusive of costs, is in excess of $ 75,000.00.

  2. Venue is proper in this court pursuant to the February 16, 2005 Transfer Order issued by the Judicial Panel on Multidistrict Litigation , Pretrial Order Number 11 entered May 18, 2005 in MDL No.: 1657, and the defendant's stipulation to waive objections to venue in these proceedings.

```
___ Fee_____
___ Process_____
 X  Dktd_____
___ CtRmDep_____
___ Doc. No_____
```

3. The plaintiff Michael Ozburn has been duly appointed the Administrator of the Estate of his mother, Frances Belle Ozburn, by a court of competent jurisdiction in the State of California, and has duly qualified as such.

4. The defendant Merck & Co., Inc., hereinafter referred to as Merck, is a foreign corporation with it's principal place of business located within the State of New Jersey, and is generally in the business of designing, testing, manufacturing and selling pharmaceuticals and does substantial business in the States of California and Louisiana.

## AS AND FOR A FIRST CAUSE OF ACTION

5. Plaintiff repeats, reiterates and re-alleges the allegations heretofore set forth in paragraphs denominated "1" through "4" with the same force and effect as if hereinafter set forth at length.

6. The defendant Merck was negligent and careless in the design, research, manufacture, testing inspection, warning, advertising, marketing, distribution and sale of Vioxx and placed Vioxx into the stream of commerce in the regular course of it's business knowing that it would be used by plaintiff's decedent and others.

7. At the time Vioxx was manufactured and sold to plaintiff's decedent by Merck it was defective in design in that it subjected users to an increased risk of heart attacks, strokes and other illnesses that exceeded it's benefits and made the use of Vioxx more dangerous than other drugs for pain relief that were on the market.

8. Merck failed to use ordinary care by failing to perform adequate testing and study and properly analyzing the findings of the VIGOR and other studies which would have shown that Vioxx possessed serious potential side effects and that the product was dangerous and defective in design and condition thereby permitting Merck to remove

Vioxx from the market prior to it's September 30, 2004 recall and preventing the increased risk of injuries and damages to Vioxx users caused by it's continued use.

9. Merck failed to use ordinary care in negligently failing to act upon adverse reports it received about Vioxx, and in failing to properly study Vioxx and analyze and follow up on it's studies, as well as the findings of other studies relevant to the dangers and defects of Vioxx in it's reasonably anticipated use.

10. As a result of the aforesaid negligence of defendant Merck, Vioxx was ingested by plaintiff's decedent, Frances Belle Ozburn, and she was thereby caused to suffer strokes and death.

11. Merck knew of the defective and dangerous condition of Vioxx, yet negligently continued to design, manufacture, advertise, market, distribute and sell Vioxx to the plaintiff's decedent and the general public

12. By reason of the foregoing negligence of the defendant, plaintiff is entitled to compensatory damages of the defendant for the conscious pain and suffering and wrongful death of Frances Belle Ozburn and to an award of punitive damages against the defendant in sums deemed to be fair and reasonable by the trier of fact.

## AS AND FOR A SECOND CAUSE OF ACTION

13. Plaintiff repeats, reiterates and re-alleges the allegations heretofore set forth in paragraphs denominated "1" through "12" with the same force and effect as if hereinafter set forth at length.

14. The defendant Merck negligently and defectively designed, researched, manufactured, tested, inspected, warned, advertised, marketed, distributed and sold Vioxx which contained dangerous, latent and hidden defects, and was a product that was

defective and unreasonably dangerous to the users thereof, including plaintiff's decedent, in it's reasonably anticipated use.

15. Vioxx was sold by the defendant Merck and placed into the stream of commerce in the regular course of it's business, and was ingested by the plaintiff's decedent in the aforesaid unreasonably dangerous and defective condition.

16. The defendant Merck expected Vioxx to reach plaintiff's decedent and be ingested by her without substantial change in it's condition when sold, and Vioxx did, in fact, reach the plaintiff's decedent and was ingested by her with no substantial change in it's condition from the time it was put into the stream of commerce and sold by the defendant.

17. The unreasonably dangerous and defective condition of the Vioxx that was ingested by plaintiff's decedent caused her to sustain strokes and death.

18. Merck knew of the defective and dangerous condition of Vioxx, yet continued to advertise, market distribute and sell Vioxx to plaintiff's decedent and the general public.

19. By reason of the foregoing Strict Liability of the defendant, plaintiff is entitled to compensatory damages of the defendant Merck for the conscious pain and suffering and wrongful death of Frances Belle Ozburn, and is also entitled to an award of punitive damages against the defendant in sums deemed to be fair and reasonable by the trier of fact.

## AS AND FOR A THIRD CAUSE OF ACTION

20. Plaintiff repeats, reiterates and re-alleges the allegations heretofore set forth within paragraphs denominated "1" through "19" with the same force and effect as if hereinafter set forth at length.

21. At the time Vioxx was manufactured and sold to plaintiff's decedent by Merck in the regular course of it's business it was a dangerous and defective product when put to it's reasonably anticipated use, and subjected it's users to increased risks of heart attacks, strokes and other illnesses which exceeded it's benefits and for which other and safer products were available.

22. The users of Vioxx, including plaintiff's decedent, did not have knowledge of it's defective and unreasonably dangerous condition, which subjected her to increased risk of a stroke, when she ingested Vioxx.

23. The Vioxx manufactured and supplied by Merck was unaccompanied by proper and adequate warnings regarding all possible side effects associated with the use of Vioxx and the comparative severity and duration of the side effects.

24. The warnings given by Merck did not accurately reflect the symptoms, type, scope and severity of the side effects of Vioxx.

25. Merck failed to effectively warn users and physicians that numerous other pain relievers were safer alternatives.

26. Merck failed to warn the FDA, the health care industry and the general public about the adverse reports it had received regarding the side effects of Vioxx from third parties as well as it's own studies.

27. Merck failed to warn the physicians and hospitals treating plaintiff's decedent that prescribing Vioxx increased the risks of death or permanent disability from heart attacks, strokes and other serious side effects.

28. Merck failed to issue other and appropriate warnings to plaintiff's decedent, health care providers and the general public concerning the use of Vioxx.

29. After Merck knew or should have known of the risks of injury from the use of Vioxx it failed to provide adequate warnings and instructions to users of Vioxx, including plaintiff's decedent.

30. Plaintiff's decedent used Vioxx in a manner reasonably anticipated by Merck.

31. As a result of defendant Merck's failure to warn of the potentially severe side effects of Vioxx, plaintiff's decedent ingested Vioxx and was thereby caused to suffer strokes and death.

32. Merck knew of the defective condition of Vioxx, yet continued to advertise, market, distribute and sell Vioxx to plaintiff's decedent and the general public.

33. By reason of the foregoing failure to warn of the defendant, plaintiff is entitled to compensatory damages of defendant for the conscious pain and suffering and wrongful death of Frances Belle Ozburn and is also entitled to and award of punitive damages against the defendant in sums deemed to be fair and reasonable by the trier of fact.

AS AND FOR A FOURTH CAUSE OF ACTION

34. Plaintiff repeats, reiterates and re-alleges the allegations heretofore set forth in paragraphs denominated "1" through "33" with the same force and effect as if hereinafter set forth at length.

35. The plaintiff's decedent was unskilled in the research, design and manufacture of pharmaceuticals and relied entirely upon the skill and judgment of defendant Merck when she ingested Vioxx. The defendant thereby impliedly warranted to plaintiff's decedent that the product was safe and fit for the purposes for which it was provided.

36. At the times and places when plaintiff's decedent ingested Vioxx she relied upon the defendant's implied warranties; however, when the product was ingested it was unsafe and unfit to the purposes for which it was provided.

37. The defendant's breach of it's implied warranties caused plaintiff's decedent to ingest a defective and dangerous product and thereby sustain strokes and death.

38. By reason of the Breach of Implied Warranties of the defendant, plaintiff is entitled to compensatory damages of the defendant for the conscious pain and suffering and wrongful death of Francis Belle Ozburn and is also entitled to an award of punitive damages against the defendant in sums deemed to be fair and reasonable by the trier of fact.

## AS AND FOR A FIFTH CAUSE OF ACTION

39. Plaintiff repeats, reiterates and re-alleges the allegations heretofore set forth in paragraphs denominated "1" through "38, with the same force and effect as if hereinafter set forth at length.

40. The defendant researched, designed, manufactured, tested, warned, distributed, marketed and sold Vioxx, inter alia, for the treatment of pain caused by inflammation and arthritis. Defendant knew that the public ingested the product for the purpose for which it was provided and expressly warranted that it was safe and fit for that use.

50. Merck intended that the plaintiff and/or her treating physicians would rely upon the material misrepresentations to induce plaintiff's decedent to use Vioxx and to induce her treating physicians and hospitals to prescribe Vioxx and to continue the prescription.

51. The false and fraudulent representations made by the defendant Merck & Co., Inc. were directly and indirectly conveyed to the plaintiff's decedent and relied thereon and as a result thereof plaintiff's decedent sustained severe and permanent personal injuries as a result of strokes that were a side effect of her use of Vioxx.

52. The treating physicians and hospitals of plaintiff's decedent and other health care providers were ignorant of the falsity of defendant Merck's representations that Vioxx was not a dangerous and defective product and relied upon said representations in discussing the benefits of the product and prescribing it's use.

53. Plaintiff's treating physicians and hospitals and other health care providers relied upon, and had a right to rely upon, the truthfulness of defendant's representations concerning the use of Vioxx.

54. By reason of the foregoing misrepresentations, concealment, fraud and deceit of the defendant Merck, plaintiff is entitled to compensatory damages of the defendant for the conscious pain and suffering and wrongful death of Frances Belle Ozburn, and is also entitled to an award of punitive damages against the defendant in sums deemed to be fair and reasonable by the trier of fact.

### AS AND FOR A SEVENTH CAUSE OF ACTION

55. Plaintiff repeats, reiterates and re-alleges the allegations heretofore set forth in paragraphs denominated "1" through "54" with the same force and effect as if hereinafter set forth at length.

56. The aforementioned false and misleading representations made by the defendant Merck & Co., Inc. were negligently and carelessly made in that the defendant knew, or should have known, that they were, in fact, false and misleading.

57. The negligently and carelessly made false and misleading representations of the defendant caused plaintiff's decedent to use Vioxx and, as a result thereof, sustain severe and permanent personal injuries, including strokes and death.

58. By reason of the negligent misrepresentations of the defendant Merck, plaintiff is entitled to compensatory damages of the defendant for the conscious pain and suffering and wrongful death of Frances Belle Ozburn, and is also entitled to an award of punitive damages against the defendant in sums deemed to be fair and reasonable by the trier of fact.

## AS AND FOR AN EIGHTH CAUSE OF ACTION

59. Plaintiff repeats, reiterates and re-alleges the allegations heretofore set forth in paragraphs denominated "1" through "58" with the same force and effect as if hereinafter set forth at length.

60. The conduct of the defendant Merck in placing Vioxx into the stream of commerce for use in the human body was so outrageous, willful and in wanton disregard of the rights of plaintiff's decedent that it warrants the assessment of punitive and exemplary damages in a sum to be deemed fair and reasonable by the trier of fact.

61. The willful and wanton conduct of the defendant in total disregard of the rights of plaintiff's decedent caused Frances Belle Ozburn to sustain severe and permanent personal injuries, including strokes and death.

WHEREFORE, plaintiff Michael Ozsburn demands judgment against defendant Merck as follows:

a) for compensatory damages in a monetary amount deemed fair and reasonable by the trier of fact,

b) for punitive damages in a monetary amount deemed fair and reasonable by the trier of fact, and

c) for the interest, costs and the disbursements of this action.

THE PLAINTIFF DEMANDS THAT THIS ACTION BE TRIED BY JURY

Dated: New York, New York
August 28, 2006

Yours etc.,

_____
Richard J. Jaegers, Esq. RJ -8450
Attorney for Plaintiff Michael Ozburn
217 Broadway, Suite 505
New York, NY 10007
212 385-4333

ORIGINAL SIGNED DOCUMENT ON FILE WITH THE COURT

STATE OF NEW YORK        )
COUNTY OF NEW YORK       )   ss.:

The undersigned, an attorney at law duly admitted to practice in the Federal Courts for the Eastern and Southern Districts of the State of New York, affirms the truth of the following under penalty of perjury:

That your deponent is the attorney of record for the within plaintiff, and has read the annexed Amended Complaint and knows the content thereof and that said content is true to his knowledge; and with respect to those matters alleged upon information and belief, your deponent believes them to be true. Your deponent's belief as to those matters not stated upon knowledge is based upon investigation made on behalf of the plaintiff and/or information contained within your deponent's file.

The reason your deponent makes this affirmation instead of the plaintiff is that plaintiff does not reside within the county, and is not within the county wherein your deponent's office is located.

Dated: New York, New York
       August 28, 2006

_____
Richard J. Jaegers

## CERTIFICATE OF SERVICE

I hereby certify that the above Verified Amended Complaint has been served on Liaison Counsel Russ Herman and Phillip Wittmann by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File and Serve Advanced in accordance with Pre-Trial Order 8A, and that the original was mailed to the Clerk of the United States District Court for the Easter District of Louisiana to be filed on this 28th day of August, 2006.

_____
Richard J. Jaegers  RJ-8450
New York Bar Roll #: 1419217
Attorney for Plaintiff Michael Ozburn
Richard J. Jaegers, Esq.
217 Broadway, Suite 505
New York, NY 10007
Tel:  212 385-4333
Fax: 212 385-4334
E-Mail: Jaeg2@msn.com