FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 AUG 31  AM 11: 17

LORETTA G. WHYTE
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ROBERTA A. MESSINGER** on behalf of **JOHN MESSINGER** and all entitled recovery | * | DOCKET NO. ~~06-3403~~ 06-3404 |
| | * | DL NO. 1657 |
| Plaintiffs, | * | SECTION: L MAG 3 |
| v. | * | |
| | * | JUDGE FALLON |
| **MERCK & CO., INC.,** | * | MAG. JUDGE KNOWLES |
| Defendants. | * | |
| | * | **JURY TRIAL DEMANDED** |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Come now, Plaintiffs, **ROBERTA A. MESSINGER, Individually, as personal representative of and on behalf of JOHN MESSINGER and all entitled to recover,** (hereinafter referred to as Plaintiff MESSINGER), complaint of MERCK CO., INC. (hereinafter referred to as Defendant Merck), and for cause of action would respectfully show unto the Court and the Jury the following:

1

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

## I. <u>INTRODUCTION AND PARTIES</u>

1. This is a civil action brought on behalf of Plaintiff MESSINGER regarding damages that were a result of the decedent JOHN MESSINGER ingesting Vioxx (Rofecoxib), which was manufactured, marketed, distributed and sold to the decedent by Defendant Merck and/or Defendant Merck's representatives.

2. The decedent JOHN MESSINGER is an individual who was a citizen of the State of South Carolina, and a resident of Charleston County, South Carolina.

3. Defendant Merck is an American pharmaceutical company incorporated in the State of New Jersey, and has its principal place of business in Raway, New Jersey. Defendant Merck has an office in Baton Rouge, Louisiana and is duly authorized to conduct business in the State of Louisiana. Service of process upon Defendant Merck may be accomplished by serving the agent for service of process at C.T. Corporation System. 8550 United Plaza Blvd., Baton Rouge, Louisiana 70809. Defendant Merck does business by agent in Louisiana and, on information and belief, at all times relevant, advertised, marketed, promoted, sold and/or distributed Vioxx (Rofecoxib) in Louisiana.

4. At all times relevant herein, Defendant Merck was in the business of designing, testing, manufacturing, labeling, advertising, marketing, promoting, selling and distributing pharmaceuticals and other products, including Vioxx (Rofecoxib), for use by the mainstream public and more specifically, Plaintiff MESSINGER.

## II. JURISDICTION

5. Pursuant to 28 U.S.C. 1332(A)(1), this Court has jurisdiction over this matter as the Plaintiff and Defendants are citizens of different states and the amount in controversy excess $75,000.00, excluding interest and costs.

## III. CONDITIONS PRECEDENT

6. All conditions precedent have been performed or have occurred. Fed. R. Civ. Proc. 9).

## IV. FACTUAL BACKGROUND

7. Vioxx (Rofecoxib) was one of the first of a new class of non-steroidal anti-inflammatory drugs (hereinafter NSAIDs), which are known as COX-2 inhibitors. This class of drugs were designed to reduce the risk of the serious gastrointestinal side effects associated with the older NSAIDs. Vioxx (Rofecoxib) was originally approved for the treatment of osteoarthritis, acute pain in adults, and primary dysmenorrhea. In 2002, the FDA also approved Vioxx (Rofecoxib) for the treatment of adult rheumatoid arthritis.

8. Upon approval of Vioxx (Rofecoxib) by the FDA on May 21, 1999, Defendant Merck launched one of the most aggressive marketing campaigns known in the pharmaceutical industry to date. In fact, Vioxx (Rofecoxib) was the most heavily marketed prescription drug in 2003. And, Defendant Merck's marketing worked! A reported eighty-four (84) million people worldwide have taken Vioxx (Rofecoxib) and there were two (2) million people taking this drug at the time it was recalled. Further, at all times during Defendant Merck's enormously aggressive marketing campaign, Defendant Merck marketed and continued to market Vioxx (Rofecoxib) as a safe and effective drug up and until the time of its recall. Defendant Merck did this in spite of the fact that various studies, including their own, had shown concerns over the cardiovascular

safety profile of Vioxx (Rofecoxib) and defendant Merck had received warning letters concerning the marketing of Vioxx (Rofecoxib) from the FDA.

9. Moreover, in April of 2002, defendant Merck, itself, issued a Dear Healthcare Professional letter to all physicians, which warned them that chronic use (longer than six (6) months) of a daily dosage of 50 milligrams of Vioxx (Rofecoxib) was not recommended. This letter resulted from defendant Merck's own VIGOR study. The VIGOR study was published in 2000 and showed that there was a fivefold increase in cardiovascular thrombotic events for Vioxx (Rofecoxib) when it was compared with naproxen, another pain reliever in that same class. The healthcare professionals were reassured, however, by Defendant Merck's sales representatives that Vioxx (Rofecoxib) was safe and effective, and defendant Merck continued aggressively marketing the drug as safe and effective to the general public.

10. The general public, however, was never warned of the serious side effects, such as heart attacks, strokes and/or sudden death that could occur, especially if you had previous cardiovascular problems, from the ingestion of Vioxx (Rofecoxib). Had Plaintiff MESSINGER and the general public been adequately warned of the potential life-threatening side effects, they could have chosen to request other prescription medications from their healthcare professional and, therefore, any exposure of the potential life-threatening side effects of Vioxx (Rofecoxib) could have been avoided completely. In order to have the requisite information to make an informed decision whether to take Vioxx (Rofecoxib), Plaintiff MESSINGER, and the general public, should have been informed by Defendant Merck of the extremely dangerous and sometimes lethal effects of Vioxx (Rofecoxib).

11. Plaintiff MESSINGER was prescribed Vioxx (Rofecoxib) for joint pain by his primary care physician. Plaintiff MESSINGER took Vioxx (Rofecoxib) for six months or more and up and until the time of his death on June 16, 2004.

## V. ALLEGATIONS

12. Defendant Merck negligently, recklessly and wantonly failed to warn Plaintiff MESSINGER, and the general public, of the risks associated with taking Vioxx (Rofecoxib). Defendant Merck failed to do so even after various studies, including their own, had shown that there were problems concerning the cardiovascular safety profile of Vioxx (Rofecoxib).

13. Defendant Merck endeavored to deceive Plaintiff MESSINGER, and the general public, by not disclosing it's knowledge of the various studies, including it's own, that had shown there were problems concerning the cardiovascular safety profile of Vioxx (Rofecoxib).

14. Further, Defendant Merck did not provide sufficient warnings and instructions that would have put Plaintiff MESSINGER, and the general public, on notice of the dangers and adverse effects caused by ingesting Vioxx (Rofecoxib).

15. Defendants designed, manufactured, distributed, sold and/or supplied into the stream of commerce Vioxx (Rofecoxib) in a defective and unreasonably dangerous condition, as designed, taking into consideration the utility of the drug and the risk to Plaintiff MESSINGER and the general public.

16. Vioxx (Rofecoxib) as designed, manufactured, distributed, sold and/or supplied by Defendant Merck was defective as marketed due to inadequate warnings, instructions and/or labelings.

17. Vioxx (Rofecoxib) as designed, manufactured, distributed, sold and/or supplied by Defendant Merck was defective due to inadequate testing before and after Defendant Merck's knowledge of the various studies, including their own, evidencing the rightful concerns over the cardiovascular safety profile of Vioxx (Rofecoxib).

## VI. FRAUDULENT CONCEALMENT

18. Defendant Merck is estopped from asserting a statute of limitations defense because it fraudulently concealed its wrongful conduct from Plaintiff MESSINGER and the general public. Defendant Merck had actual knowledge of the defective nature and the various studies, including its own, which had shown concerns over the cardiovascular safety profile of Vioxx (Rofecoxib). Defendant Merck failed to conduct adequate research on the product to establish its safety and efficacy. Further, Defendant Merck had actual knowledge of its misrepresentations, negligence, breach of warranties, and false, misleading deceptive and unconscionable conduct. Defendant Merck, however, continued to perpetrate its wrongful conduct with the intent and fixed purpose of concealing its wrongs from Plaintiff MESSINGER and the public at large.

## VII. STRICT PRODUCTS LIABILITY

19. Plaintiff MESSINGER incorporates by reference all other paragraphs of this complaint as fully set forth herein and further alleges:

20. The Vioxx (Rofecoxib) drug as designed, manufactured, sold and/or supplied by Defendant Merck, was placed into the stream of commerce by Defendant Merck in a defective and unreasonably dangerous condition taking into consideration the utility of the product and the risks involved with the drug's use.

6

21. Further, the Vioxx (Rofecoxib) drug as designed, manufactured, distributed, sold and/or supplied by Defendant Merck was defective in marketing due to inadequate warnings, instructions and/or labeling.

22. The Vioxx (Rofecoxib) drug as designed, manufactured, distributed, sold and/or supplied by Defendant Merck was defective due to inadequate testing.

## A. Design and Marketing Defect.

23. Plaintiff MESSINGER incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further alleges:

24. Vioxx (Rofecoxib) was defective in design and/or formulation in that, when it left the ands of Defendant Merck and/or its representatives, the foreseeable risks of serious harm posed by this drug was sufficiently great in relation to its alleged benefits. The foreseeable risks of serious harm were so much so that Plaintiff MESSINGER, and the general public, having known of such foreseeable risks and alleged benefits, would not have ingested Vioxx (Rofecoxib).

25. Vioxx (Rofecoxib) was also defective due to, not only inadequate warnings and misrepresentations to the general public, but also, inadequate warnings and misrepresentations to healthcare professionals. Defendant Merck knew that had healthcare professionals been adequately warned of the serious risks of injury to their patients, healthcare professionals would not have prescribed Vioxx (Rofecoxib) to said patients.

26. Vioxx (Rofecoxib) was defective due to inadequate testing both before Defendant Merck became aware of the risks of ingesting the drug and after Defendant Merck became aware of the risks of ingesting the drug.

7

27. As the producing and direct cause and legal result of: (1) the design defect of the Vioxx (Rofecoxib) drug; (2) the marketing defect of the Vioxx (Rofecoxib) drug due to the Defendant Merck's failure to adequately warn consumers; and (3) the defective condition of the Vioxx (Rofecoxib) drug as manufactured and supplied by Defendant Merck and its representatives, Plaintiff MESSINGER has suffered injuries, wrongful death and monetary damages.

## B. Inadequate and Improper Warnings

28. Plaintiff MESSINGER incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further alleges.

29. Defendant Merck was the manufacturer, developer and/or supplier of Vioxx (Rofecoxib). The Vioxx (Rofecoxib) drug, as manufactured and supplied to healthcare professionals and the general public, was unaccompanied by proper warnings regarding the serious risks of ingesting the drug. Further, Defendant Merck failed to war of these serious risks after Defendant Merck had knowledge of same. The information provided to consumers did not reflect Defendant Merck's knowledge that the Vioxx (Rofecoxib) drug was not safe and effective as indicated in its aggressive marketing campaign. Nor were consumers made aware that ingesting the drug could result in serious injury, pain and discomfort and/or death. Full and proper warnings that accurately and fully reflected the risks of serious injury and/or sudden death due to the ingestion of Defendant Merck's Vioxx (Rofecoxib) drug should have been disclosed with respect to this drug.

30. As the producing cause and legal and direct result of the failure to warn consumers of the defective condition of Vioxx (Rofecoxib), as manufactured and/or supplied by Defendant

Merck and its representatives, Plaintiff MESSINGER has suffered monetary damages, injuries, and wrongful death.

## VIII. DTPA

31. Plaintiff MESSINGER incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further alleges:

32. Plaintiff MESSINGER was a consumer under Louisiana and other applicable law. Defendant Merck was, at the time of the occurrence, and is now engaged in the business of designing, manufacturing, marketing, distributing pharmaceutical drugs, for sale to and use by consumers.

33. Defendant Merck committed wrongful acts, both knowingly and unconscionably, toward Plaintiff MESSINGER as follows:

> a) Defendant Merck represented that Vioxx (Rofecoxib) was a safe and effective drug when, in fact, it was not; and
>
> b) Defendant Merck failed to disclose to Plaintiff MESSINGER the information it had acquired regarding the serious risks involved with ingesting the Vioxx (Rofecoxib) drug. Defendant Merck also failed to inform Plaintiff MESSINGER that it had sent an advisory letter to healthcare professionals regarding its concern over the dosage and length of ingestion of the drug. Had Plaintiff MESSINGER been given the benefit of Defendant Merck's knowledge and disclosure, Plaintiff MESSINGER would not have ingested Vioxx (Rofecoxib).

34. As the producing cause and legal and direct result of the wrongful acts committed by the Defendant Merck, both knowingly and unconscionably, and failure to warn Plaintiff MESSINGER of its knowledge of the serious risks of ingesting Vioxx (Rofecoxib), Plaintiff MESSINGER has suffered monetary damages, injuries and wrongful death.

## IX. FRAUD

35. Plaintiff MESSINGER incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further alleges:

36. Defendant Merck fraudulently represented to the general public, as well as healthcare professionals, that Vioxx (Rofecoxib) was a safe and effective drug. Defendant Merck made this representation while knowing that if healthcare professionals and consumers knew of the serious risks associated with the ingestion of the Vioxx (Rofecoxib) drug, they would not prescribe and/or ingest this drug. Defendant Merck knew its representations to be false, and Plaintiff MESSINGER relied on Defendant Merck's false representations in his ingesting of Vioxx (Rofecoxib). These fraudulent representations by Defendant Merck were a proximate cause of the injuries to, wrongful death of and monetary losses of Plaintiff MESSINGER.

## X. NEGLIGENCE

37. Plaintiff MESSINGER incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further alleges:

38. Defendant Merck and its representatives were merchants or sellers of Vioxx (Rofecoxib). Defendant Merck had a duty to exercise reasonable care in the design, manufacturing, marketing, sale, testing and/or distribution of this drug into the stream of commerce. Defendant Merck failed to exercise ordinary care in the design, manufacturing, marketing, sale, testing, and/or distribution of the Vioxx (Rofecoxib) drug into interstate commerce. Defendant Merck knew, or should have known, that its Vioxx (Rofecoxib) drug greatly increased Plaintiff MESSINGER'S risks of having a heart attack and/or stroke, or worse, or causing his death.

39. Despite the fact that Defendant Merck knew, or should have known that Vioxx (Rofecoxib) could cause unreasonable injuries and/or death to plaintiff MESSINGER, this Defendant continued to market, distribute and sell Vioxx (Rofecoxib) to the public.

40. Defendant Merck knew or should have known that consumers, such as Plaintiff MESSINGER, would foreseeably suffer unreasonable injuries and/or death as a result of Defendant Merck's failure to exercise ordinary care as described above. Moreover, after Defendant Merck became aware of the serious risks of ingesting Vioxx (Rofecoxib), it owed a legal duty to Plaintiff MESSINGER, and the general public, to disclose that knowledge. Defendant Merck's breach of duty to disclose this information was a proximate cause of the injuries and wrongful death of plaintiff.

## XI.  NEGLIGENT MISREPRESENTATIONS

41. Plaintiff MESSINGER incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further alleges;

42. Defendant Merck represented and marketed the Vioxx (Rofecoxib) drug as being safe and effective.  After Defendant Merck became aware of the risk of ingesting Vioxx (Rofecoxib), however, Defendant Merck failed to communicate to Plaintiff MESSINGER and/or the general public, that the ingestion of this drug could cause a person to have a heart attack and/or stroke, or that the Vioxx (Rofecoxib) drug could cause sudden death to the person ingesting the drug.

43. Therefore, Plaintiff MESSINGER brings this cause of action against Defendant Merck under the theory of negligent misrepresentation for the following reasons;

11

a) Plaintiff MESSINGER incorporates all facts and allegations previously stated in this Complaint.

b) Defendant Merck failed to warn Plaintiff MESSINGER, and other consumers, of the defective Condition of the Vioxx (Rofecoxib), as manufactured and/or supplied by the Defendant Merck.

c) Defendant Merck, individually and through its agents, representatives, distributors and/or employees, negligently misrepresented material facts about Vioxx (Rofecoxib) in that they made such misrepresentations when they knew or reasonably should have known of the falsity of such misrepresentations. Alternatively, Defendant Merck made such misrepresentations without exercising reasonable care to ascertain the accuracy of these representations;

d) The above misrepresentations were made to Plaintiff MESSINGER, as well as the general public;

e) Plaintiff MESSINGER and his healthcare provider justifiably relied on Defendant Merck's misrepresentations; and

f) Consequently, Plaintiff MESSINGER'S ingestion of Vioxx (Rofecoxib) was to his detriment. Defendant Merck's negligent misrepresentations proximately caused plaintiff MESSINGER'S injuries, wrongful death and monetary losses.

## XII. EXPRESSED WARRANTY FOR GOODS

44. Plaintiff MESSINGER incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further alleges:

45. Defendant Merck breached its express warranty of goods. Defendant Merck was a merchant and/or seller of the Vioxx (Rofecoxib) drug. Defendant Merck sold this drug to consumers for the ordinary purpose for which, such drugs are used by consumers. Defendant Merck owed a legal duty to Plaintiff MESSINGER, and the public in general, to disclose its knowledge of the serious risks of ingesting the Vioxx (Rofecoxib) drug as marketed. This breach of duty by Defendant Merck was a proximate cause of the injuries, wrongful death and monetary loss to Plaintiff MESSINGER.

## XIII. **IMPLIED WARRANTY**

A.   **Warranty of Merchantability.**

46. Plaintiff MESSINGER incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further alleges:

47. Defendant Merck breached its implied warranty of merchantability. Defendant Merck was a merchant and/or seller of the Vioxx (Rofecoxib) DRUG. Defendant Merck sold this drug to Plaintiff MESSINGER, and other consumers, for the ordinary purpose for which such drug is used by consumers. Vioxx (Rofecoxib) was defective, or unmerchantable, i.e., not fit for the ordinary purposes for which such drugs are used. A defect or defects in the use of this drug for its ordinary purposes caused injuries and monetary losses to Plaintiff MESSINGER.

B. Warranty of Fitness

48. Plaintiff MESSINGER incorporates by reference all other paragraphs of this Complaint as fully set forth herein, and further alleges:

49. Defendant Merck breached its implied warranty of fitness. Defendant Merck sold the Vioxx (Rofecoxib) drug, and, at the time of the sale of this drug, Defendant Merck knew or had reason to know of a particular purpose for which the drug was to be used. At the time of the sale of the drug to Plaintiff MESSINGER, Defendant Merck knew, or had reason to know, that Plaintiff MESSINGER was relying on the skill and judgment of Defendant Merck to select or furnish a suitable product for the intended purpose. At the time of sale of the drug to Plaintiff MESSINGER, Defendant Merck exercised its skill and judgment in the selection of this drug as safe and effective, and Plaintiff MESSINGER relied thereon. The Vioxx (Rofecoxib) drug was not reasonably fit and/or suitable for the use for which it was selected. Failure of Defendant

Merck to select and sell a product, which was reasonably safe for its intended use proximately caused the injuries, wrongful death and monetary losses to Plaintiff MESSINGER.

## XIV. DAMAGES

50. Upon the trial of this case, it will be shown that Plaintiff MESSINGER was caused to sustain serious injuries, wrongful death and monetary damages as a proximate result of Defendant Merck's conduct. Plaintiff MESSINGER will respectfully request the Court and jury to determine the amount of the loss Plaintiff MESSINGER has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry.

## XV. PUNITIVE DAMAGES

51. At all times relevant hereto, Defendant Merck actually knew of the defective nature of the Vioxx (Rofecoxib) drug as set forth herein and continued to design, manufacture, market, distribute and sell the Vioxx (Rofecoxib) drug so as to maximize sales and profits at the expense of the public's health and safety and in conscious disregard of the foreseeable serious harm caused by the Vioxx (Rofecoxib) drug. Defendant Merck's conduct exhibits such an entire want of care as to establish is actions were a result of fraud, ill will, recklessness and/or willful and intentional disregard for the safety and rights of Plaintiff MESSINGER, as well as the general public and/or consumers of the Vioxx (Rofecoxib) drug. Plaintiff MESSINGER, therefore, is entitled to punitive damages for such gross negligence.

## XVI. JURY DEMAND

52. Plaintiff MESSINGER hereby requests a trial by jury on all issues in this case.

## XVII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff MESSINGER prays that upon trial hereof, the Court grant;

1. Judgment against Defendant Merck for actual damages, as set forth above, in an amount in excess of the minimum jurisdictional limits of this Honorable Court;

2. Interest on said Judgment, at the legal rate from the date of the Judgment;

3. Plaintiff MESSINGER'S costs of this suit;

4. Prejudgment interest as allowed by law;

5. Any additional damages and punitive damages under the facts set forth in this or any amended pleading(s); and

6. For such other relief to which Plaintiff MESSINGER may show himself to be justly entitled, both in law and in equity.

Respectfully submitted,

THE WHITEHEAD LAW FIRM, LLC

By: _____
C. Mark Whitehead, III, Bar No. 27682
P O Drawer 81007
Lafayette, LA 70598
Phone: (337) 740-6006
Fax: (337) 740-6002

Attorney for Plaintiff