UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | JUDGE FALLON |
| This document relates to<br>Case No. 2:05-CV-04379 | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| ROBERT G. SMITH, | * | |
| Plaintiff, | * | |
| v. | * | |
| MERCK & CO., INC., | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * *

**SUR-REPLY OF DEFENDANT MERCK & CO., INC. IN OPPOSITION TO MOTION TO DEEM ANSWERS TO PLAINTIFF'S REQUESTS FOR ADMISSIONS ADMITTED**

Plaintiff's Response[1] ignores several crucial facts and misrepresents others in pursuit of his premature and overreaching request that the Court deem as admitted thousands of requests for admissions ("RFAs"). Specifically:

(i) Merck's responses to the RFAs are *not* past due. (*See* Plaintiff's Response at 1.) Plaintiff served the RFAs on July 11, 2006, the last day for serving written discovery under the negotiated pretrial order. The deadline for serving responses was *August 25, 2006*. (*See* Pretrial

---

[1] The full title of Plaintiff's Response is "Plaintiff Robert Garry Smith's Response to Merck's Opposition to Plaintiff's Motion to Deem Answers to Plaintiff's Request for Admissions Admitted, and Response in Opposition to Merck's Motion for a Protective Order Applicable to Plaintiff's Request for Admissions." Plaintiff's Response is both a reply in support of his motion that the RFAs be deemed admitted and an opposition to Merck's motion for a protective order.

826748v.1

Order 17 at 6.)  Plaintiff's counsel strives to make much of Merck's counsel's undertaking on July 19, 2006 to attempt to respond to the RFAs (and other written discovery) before that due date.  (*See* Plaintiff's Response at 1 and Ex. A.)  However, later email exchanges between counsel make perfectly clear that as of August 16, both sides understood that Merck's deadline for responding to requests for admission was not August 10, 2006, as plaintiff now asserts. (*See* Plaintiff's Motion, Exs. G, H; Memorandum In Support Of Motion Of Defendant Merck & Co., Inc. For a Protective Order Applicable To Plaintiff's First Set of Requests For Admission ("Merck's Protective Order Motion"), Ex. 2. )[2]  Moreover, Plaintiff's Response ignores the fact that the Court has now extended the date for Merck's responses to the RFAs.  (*See* Order dated August 25, 2006 (Docket No. 6495-2).)

(ii)  Plaintiff's counsel suggests in a footnote that Merck, through its counsel, made a number of misrepresentations at and following the August 24th status conference.[3]  As both the Court and Mr. Ranier are well aware, in response to the Court's request for a report on the status of discovery, Mr. Barnett, Merck's counsel, stated in the chambers conference that Merck planned to file on Friday, August 25, 2006 the following documents: (1) a motion for extension of time to respond to the requests for admissions; (2) an opposition to the instant motion;  and (3) motions for a protective order in both this case and in *Mason v. Merck* concerning the requests for admissions served in both cases.  Merck made each one of these filings as promised.

---

[2] Much of the negotiation that took place after July 19, 2006 (*see* Ex. A to Plaintiff's Response) about the timing or discovery responses related to interrogatories and document production requests that plaintiff served concurrently with the RFAs.  Merck responded to the interrogatories and document requests on August 11, 2006, thirty-one days after they were served, a mutually agreed-to extension of one day past the target date because of the need to obtain verifications.  Merck was unable to respond to the RFAs by that date because plaintiff had not provided any of the documents to which the requests related.  (*See* Plaintiff's Motion, Ex. G (email message from C. Jablonski to G. Kaiser dated Aug. 7, 2006).)  Subsequent email exchanges between counsel for plaintiff and for Merck make clear that August 10, 2006 was *not* the operative due date for responses to the RFAs.

[3] The Court has on numerous occasions expressed its regard for counsel on both sides of this litigation and its expectation that counsel will accord one another the civility and comity commensurate with this national litigation.  The attack leveled against Mr. Barnett – whom this Court asked to try to resolve these discovery disputes – falls far short of this standard.

Although Mr. Kaiser may not have known of this development, Mr. Ranier, who was present at the status conference, certainly did, and there is no basis to accuse Mr. Barnett of making any misrepresentation.

(iii) In stark contrast to the accusations sprinkled through Plaintiff's Response, counsel for Merck has tried to resolve these discovery issues as counsel for both sides were directed to do at the status conference. Mr. Barnett spoke with Mr. Ranier following the conference and pledged to re-review the discovery to see if there were any reasonable middle ground for compromise. After conferring with other Merck attorneys to complete this assessment, Mr. Barnett attempted without success to reach Mr. Ranier three times on August 25, 2006 and even provided telephone numbers where he could be reached over the weekend. Having heard nothing from Mr. Ranier, he called his office again on Monday, August 28, 2006, and advised him of the following positions relating not only to the RFAs but also to plaintiff's interrogatories and document requests:

> That counsel for Merck could probably work out a stipulation concerning the documents identified in the RFAs provided that plaintiff's counsel provided Merck's counsel with a single, correct list of all documents that would be covered by any stipulation, something plaintiff has failed to do for many weeks;
>
> That counsel for Merck would try to answer the five interrogatories identified by plaintiff's counsel as critical (though two could not be answered because IMS Health, Inc. would not consent to the production of state-wide prescriber information);
>
> That the "narrowed" list of requests for production was not really narrowed at all (from 116 to 83) and that, absent some significant reduction of the Requests to those actually needed for trial (such as 10 or 12), Merck would not likely be able to resolve this one form of discovery.

Since this information was conveyed on Monday afternoon, Merck's counsel has heard nothing. In short, Merck's counsel has done precisely what he pledged to do before the Court – attempt to resolve these discovery issues.

While Merck is willing to continue to try to resolve these issues, no resolution seems possible absent intervention by the Court. Accordingly, Merck respectfully requests that the Court deny plaintiff's untimely and entirely improper motion for an order that the RFAs be

deemed admitted, that it deny plaintiff's pending motion to compel, and that it grant Merck's Protective Order Motion.

Dated:  August 30, 2006

    Respectfully submitted,

    */s/ Dorothy H. Wimberly*
    Phillip A. Wittmann, 13625
    Dorothy H. Wimberly, 18509
    STONE PIGMAN WALTHER
    WITTMANN L.L.C.
    546 Carondelet Street
    New Orleans, Louisiana  70130
    Phone:  504-581-3200
    Fax:     504-581-3361

    Defendants' Liaison Counsel

    Philip S. Beck
    Andrew Goldman
    Carrie A. Jablonski
    BARTLIT BECK HERMAN PALENCHAR
    & SCOTT LLP
    54 West Hubbard Street, Suite 300
    Chicago, Illinois  60610
    Phone:  312-494-4400
    Fax:     312-494-4440

    Brian Currey
    Catalina J. Vergara
    Ashley A. Harrington
    O'MELVENY & MYERS LLP
    400 South Hope Street
    Los Angeles, CA 90071
    Phone:  213-430-6000
    Fax:     213-430-6407

    And

Douglas R. Marvin
Robert A. Van Kirk
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:     202-434-5029

Attorneys for Merck & Co., Inc.

5

826748v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Sur-Reply Of Merck In Opposition To Plaintiff's Motion To Deem Answers to Plaintiff's Requests For Admissions Admitted has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 30th day of August, 2006.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

1

826748v.1