UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | * * * | MDL No. 1657 |
| | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * * | MAGISTRATE JUDGE DANIEL E. KNOWLES, III |
| | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Ida Lands, et al. v. Merck & Co., Inc.*, No. 06-4063.

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the Plaintiffs' Complaint as follows:

## RESPONSE TO COMPLAINT

1.     Denies each and every allegation contained in paragraph 1 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

2.     Denies each and every allegation contained in the first sentence of paragraph 2 of the Complaint, as it is without knowledge or information sufficient to form a

belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 2 of the Complaint.

3.      Denies each and every allegation contained in the first sentence of paragraph 3 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 3 of the Complaint.

4.      Denies each and every allegation contained in the first sentence of paragraph 4 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 4 of the Complaint.

5.      Denies each and every allegation contained in the first sentence of paragraph 5 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 5 of the Complaint.

6.      Denies each and every allegation contained in the first sentence of paragraph 6 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 6 of the Complaint.

7.      Denies each and every allegation contained in the first sentence of paragraph 7 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 7 of the Complaint.

8.      Denies each and every allegation contained in the first sentence of paragraph 8 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 8 of the Complaint.

9.      Denies each and every allegation contained in the first sentence of paragraph 9 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 9 of the Complaint.

10.      Denies each and every allegation contained in the first sentence of paragraph 10 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 10 of the Complaint.

11.      Denies each and every allegation contained in the first sentence of paragraph 11 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 11 of the Complaint.

12.      Denies each and every allegation contained in the first sentence of paragraph 12 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 12 of the Complaint.

13.      Denies each and every allegation contained in the first sentence of paragraph 13 of the Complaint, as it is without knowledge or information sufficient to form a

belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 13 of the Complaint.

14.     Denies each and every allegation contained in the first sentence of paragraph 14 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 14 of the Complaint.

15.     Denies each and every allegation contained in the first sentence of paragraph 15 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 15 of the Complaint.

16.     Denies each and every allegation contained in the first sentence of paragraph 16 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 16 of the Complaint.

17.     Denies each and every allegation contained in the first sentence of paragraph 17 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 17 of the Complaint.

18.     Denies each and every allegation contained in the first sentence of paragraph 18 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 18 of the Complaint.

19.    Denies each and every allegation contained in the first sentence of paragraph 19 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 19 of the Complaint.

20.    Denies each and every allegation contained in the first sentence of paragraph 20 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 20 of the Complaint.

21.    Denies each and every allegation contained in the first sentence of paragraph 21 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 21 of the Complaint.

22.    Denies each and every allegation contained in the first sentence of paragraph 22 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 22 of the Complaint.

23.    Denies each and every allegation contained in the first sentence of paragraph 23 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 23 of the Complaint.

24.    Denies each and every allegation contained in the first sentence of paragraph 24 of the Complaint, as it is without knowledge or information sufficient to form a

belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 24 of the Complaint.

25.    Denies each and every allegation contained in the first sentence of paragraph 25 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 25 of the Complaint.

26.    Denies each and every allegation contained in the first sentence of paragraph 26 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 26 of the Complaint.

27.    Denies each and every allegation contained in the first sentence of paragraph 27 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 27 of the Complaint.

28.    Denies each and every allegation contained in the first sentence of paragraph 28 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 28 of the Complaint.

29.    Denies each and every allegation contained in the first sentence of paragraph 29 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 29 of the Complaint.

30.    Denies each and every allegation contained in the first sentence of paragraph 30 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 30 of the Complaint.

31.    Denies each and every allegation contained in the first sentence of paragraph 31 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 31 of the Complaint.

32.    Denies each and every allegation contained in the first sentence of paragraph 32 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 32 of the Complaint.

33.    Denies each and every allegation contained in the first sentence of paragraph 33 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 33 of the Complaint.

34.    Denies each and every allegation contained in the first sentence of paragraph 34 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 34 of the Complaint.

35.    Denies each and every allegation contained in the first sentence of paragraph 35 of the Complaint, as it is without knowledge or information sufficient to form a

belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 35 of the Complaint.

36.     Denies each and every allegation contained in the first sentence of paragraph 36 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 36 of the Complaint.

37.     Denies each and every allegation contained in the first sentence of paragraph 37 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 37 of the Complaint.

38.     Denies each and every allegation contained in the first sentence of paragraph 38 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 38 of the Complaint.

39.     Denies each and every allegation contained in the first sentence of paragraph 39 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 39 of the Complaint.

40.     Denies each and every allegation contained in the first sentence of paragraph 40 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 40 of the Complaint.

41.     Denies each and every allegation contained in the first sentence of paragraph 41 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 41 of the Complaint.

42.     Denies each and every allegation contained in the first sentence of paragraph 42 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 42 of the Complaint.

43.     Denies each and every allegation contained in the first sentence of paragraph 43 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 43 of the Complaint.

44.     Denies each and every allegation contained in the first sentence of paragraph 44 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 44 of the Complaint.

45.     Denies each and every allegation contained in the first sentence of paragraph 45 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 45 of the Complaint.

46.     Denies each and every allegation contained in the first sentence of paragraph 46 of the Complaint, as it is without knowledge or information sufficient to form a

belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 46 of the Complaint.

47.     Denies each and every allegation contained in the first sentence of paragraph 47 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 47 of the Complaint.

48.     Denies each and every allegation contained in the first sentence of paragraph 48 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 48 of the Complaint.

49.     Denies each and every allegation contained in the first sentence of paragraph 49 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 49 of the Complaint.

50.     Denies each and every allegation contained in the first sentence of paragraph 50 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 50 of the Complaint.

51.     Denies each and every allegation contained in the first, second, and fourth sentences of paragraph 51 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  The allegations contained in the third sentence of paragraph 51 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation

contained in the third sentence of paragraph 51 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the fifth and sixth sentences of paragraph 51 of the Complaint.

52.     Denies each and every allegation contained in the first sentence of paragraph 52 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 52 of the Complaint.

53.     Denies each and every allegation contained in the first sentence of paragraph 53 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 53 of the Complaint.

54.     Denies each and every allegation contained in the first sentence of paragraph 54 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 54 of the Complaint.

55.     Denies each and every allegation contained in the first sentence of paragraph 55 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 55 of the Complaint.

56.     Denies each and every allegation contained in the first sentence of paragraph 56 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 56 of the Complaint.

57.     Denies each and every allegation contained in the first, second, and third sentences of paragraph 57 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiff Annette Haut purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.  Merck denies each and every allegation contained in the fourth and fifth sentences of paragraph 57 of the Complaint.

58.     Denies each and every allegation contained in the first, second, and third sentences of paragraph 58 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiff Stella Styles purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.  Merck denies each and every allegation contained in the fourth and fifth sentences of paragraph 58 of the Complaint.

### RESPONSE TO
### "JURISDICTION AND VENUE"

59.     The allegations contained in paragraph 59 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 59 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that each Plaintiff purports to state a claim in excess of $75,000 but denies that there is any legal or factual basis for such relief.

60.     The allegations contained in paragraph 60 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 60 of the Complaint, except admits that there is a multidistrict litigation ("MDL") related to the prescription medicine

Vioxx, and that the MDL Court issued Pre-Trial Order No. 11 on May 18, 2005, and respectfully refers the Court to that Order for its actual content and full effect.

61. The allegations contained in paragraph 61 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 61 of the Complaint.

## RESPONSE TO
## "PARTIES-VIOXX"

62. Admits the allegation contained in paragraph 62 of the Complaint that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

63. Denies each and every allegation contained in paragraph 63 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

64. Denies each and every allegation contained in paragraph 64 of the Complaint and avers that Vioxx was approved by the U.S. Food & Drug Administration ("FDA") as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

## RESPONSE TO
## "FACTUAL BACKGROUND-VIOXX"

65. Denies each and every allegation contained in paragraph 65 of the Complaint, except admits that Vioxx, which is Merck's brand name for rofecoxib, reduces pain and inflammation and that the mechanism of action for Vioxx is believed to be due to the

inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

66.     Denies each and every allegation contained in paragraph 66 of the Complaint, except admits that the mechanism of action for Vioxx is believed to be due to the inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

67.     Denies each and every allegation contained in paragraph 67 of the Complaint, except admits that on November 23, 1998 Merck submitted a New Drug Application ("NDA") for Vioxx 12.5 mg and Vioxx 25 mg tablets and respectfully refers the Court to said NDA for its actual language and full text.

68.     Denies each and every allegation contained in paragraph 68 of the Complaint, except admits that on November 23, 1998 Merck submitted a NDA for Vioxx Oral Suspension and respectfully refers the Court to said NDA for its actual language and full text.

69.     Denies each and every allegation contained in paragraph 69 of the Complaint, except admits that Merck sought and, in 1999, received FDA approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

70.     Denies each and every allegation contained in paragraph 70 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

71.     Denies each and every allegation contained in paragraph 71 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

72.     Denies each and every allegation contained in paragraph 72 of the Complaint, except admits that in March 2000 Merck forwarded to the FDA the Vioxx Gastrointestinal Outcomes Research ("VIGOR") study and subsequently, in June 2000, filed a supplemental New Drug Application ("sNDA") that included the VIGOR study.   Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.

73.     Denies each and every allegation contained in paragraph 73 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual language and full text.

74.     Denies each and every allegation contained in paragraph 74 of the Complaint except admits that the studies referenced in the first sentence of paragraph 74 of the Complaint and the article referenced in the second sentence of paragraph 74 of the Complaint exist, and respectfully refers the Court to said publications for their actual language and full text. Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

75.     Denies each and every allegation contained in paragraph 75 of the Complaint, except admits that 2000 worldwide Vioxx sales figures exceeded $2 billion.

76.     Denies each and every allegation contained in paragraph 76 of the Complaint, except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

77.     Denies each and every allegation contained in paragraph 77 of the Complaint, except admits that the referenced publication and the article contained therein exist and respectfully refers the Court to the referenced document for its actual language and full text.

78.     Denies each and every allegation contained in paragraph 78 of the Complaint, except admits that the referenced studies exist and respectfully refers the Court to said studies for their actual language and full text.

79.     Denies each and every allegation contained in paragraph 79 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

80.     Denies each and every allegation contained in paragraph 80 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

81.     Denies each and every allegation contained in paragraph 81 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

82.     Denies each and every allegation contained in paragraph 82 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information, a so-called "Dear Doctor" letter, and a Patient Information sheet, and respectfully refers the Court to the referenced prescribing information for Vioxx, "Dear Doctor" letter, and Patient Information sheet for their actual language and full text.

83.     Denies each and every allegation contained in paragraph 83 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and a so-called "Dear Doctor" letter, and respectfully refers the Court to

the referenced prescribing information for Vioxx and "Dear Doctor" letter for their actual language and full text.

84.    Denies each and every allegation contained in paragraph 84 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx Patient Information sheet, and respectfully refers the Court to the referenced Patient Information sheet for its actual language and full text.

85.    Denies each and every allegation contained in paragraph 85 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

86.    Denies each and every allegation contained in paragraph 86 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and text.

87.    Denies each and every allegation contained in paragraph 87 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Plaintiffs purport to quote from Merck's 2001 Annual Report and respectfully refers the Court to said publication for its actual language and full text.

88.    Denies each and every allegation contained in paragraph 88 of the Complaint, except admits that the referenced filing exists and respectfully refers the Court to the referenced document for its actual language and full text.

89.    Denies each and every allegation contained in paragraph 89 of the Complaint, except admits that Merck marketed the prescription medication Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further

avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

90.     Denies each and every allegation contained in paragraph 90 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and text.

91.     Denies each and every allegation contained in the first sentence of paragraph 91 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second sentence of paragraph 91 of the Complaint.

92.     Denies each and every allegation contained in paragraph 92 of the Complaint and avers that Vioxx, which reduces pain and inflammation, was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

93.     Denies each and every allegation contained in paragraph 93 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that it manufactured, marketed, and distributed the

prescription medicine Vioxx, which is the brand name for rofecoxib, until Merck voluntarily

withdrew Vioxx from the worldwide market on September 30, 2004.

## RESPONSE TO "COUNT I:
## STRICT PRODUCTS LIABILITY/DEFECTIVE DESIGN—AGAINST MERCK"

94.    With respect to the allegations contained in paragraph 94 of the

Complaint, repeats and realleges each and every admission, denial, averment, and statement

contained in paragraphs 1 through 93 of this Answer with the same force and effect as though set

forth here in full.

95.    Denies each and every allegation contained in paragraph 95 of the

Complaint, except admits that Merck manufactured, marketed, and distributed the prescription

medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on

September 30, 2004.

96.    Denies each and every allegation contained in paragraph 96 of the

Complaint.

97.    Denies each and every allegation contained in paragraph 97 of the

Complaint.

98.    Merck lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations not directed toward Merck in paragraph 98 of the Complaint,

and denies each and every allegation directed toward Merck in paragraph 98 of the Complaint.

99.    Denies each and every allegation contained in paragraph 99 of the

Complaint.

100.    Denies each and every allegation contained in paragraph 100 of the

Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is

any legal or factual basis for such relief.

## RESPONSE TO "COUNT II:
## STRICT PRODUCTS LIABILITY/FAILURE TO WARN—AGAINST MERCK"

101.   With respect to the allegations contained in paragraph 101 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 100 of this Answer with the same force and effect as though set forth here in full.

102.   Denies each and every allegation contained in paragraph 102 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

103.   Denies each and every allegation contained in paragraph 103 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

104.   Denies each and every allegation contained in paragraph 104 of the Complaint.

105.   Denies each and every allegation contained in paragraph 105 of the Complaint.

106.   Denies each and every allegation contained in paragraph 106 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully

refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

107.    Denies each and every allegation contained in paragraph 107 of the Complaint.

108.    Denies each and every allegation contained in paragraph 108 of the Complaint, except admits that Plaintiffs purport to punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT III: NEGLIGENT DESIGN—AGAINST MERCK"

109.    With respect to the allegations contained in paragraph 109 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 108 of this Answer with the same force and effect as though set forth here in full.

110.    Denies each and every allegation contained in paragraph 110 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

111.    Denies each and every allegation contained in paragraph 111 of the Complaint.

112.    Denies each and every allegation contained in paragraph 112 of the Complaint.

113.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 113 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 113 of the Complaint.

114.     Denies each and every allegation contained in paragraph 114 of the Complaint.

115.     Denies each and every allegation contained in paragraph 115 of the Complaint.

116.     Denies each and every allegation contained in paragraph 116 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

**RESPONSE TO "COUNT IV:
NEGLIGENCE, FAILURE TO WARN—AGAINST DEFENDANT MERCK"**

117.     With respect to the allegations contained in paragraph 117 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 116 of this Answer with the same force and effect as though set forth here in full.

118.     The allegations contained in paragraph 118 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

119.     Denies each and every allegation contained in paragraph 119 of the Complaint, including its subparts a through e, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text

120.     Denies each and every allegation contained in paragraph 120 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

121.    Denies each and every allegation contained in paragraph 121 of the Complaint.

122.    Denies each and every allegation contained in paragraph 122 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT V:
## NEGLIGENT MISREPRESENTATION —AGAINST DEFENDANT MERCK"

123.    With respect to the allegations contained in paragraph 123 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 122 of this Answer with the same force and effect as though set forth here in full.

124.    Denies each and every allegation contained in paragraph 124 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

125.    Denies each and every allegation contained in paragraph 125 of the Complaint.

126.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 126 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 126 of the Complaint.

127.    Denies each and every allegation contained in paragraph 127 of the Complaint.

128.    Denies each and every allegation contained in paragraph 128 of the Complaint.

129.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 129 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 129 of the Complaint.

130.    Denies each and every allegation contained in paragraph 130 of the Complaint.

131.    Denies each and every allegation contained in paragraph 131 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT VI: FRAUDULENT OMISSION/CONCEALMENT —AGAINST DEFENDANT MERCK"

132.    With respect to the allegations contained in paragraph 132 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 131 of this Answer with the same force and effect as though set forth here in full.

133.    Denies each and every allegation contained in paragraph 133 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

134.    Denies each and every allegation contained in paragraph 134 of the Complaint.

135.    Denies each and every allegation contained in paragraph 135 of the Complaint except admits that Merck trains its professional representatives, and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

136.    The allegations contained in paragraph 136 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 136 of the Complaint.

137.    The allegations contained in paragraph 137 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 137 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.  Merck further denies that it violated any applicable law, duty or standard of care in connection with Vioxx.

138.    Denies each and every allegation contained in paragraph 138 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

139.    Denies each and every allegation contained in paragraph 139 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

140.    Denies each and every allegation contained in paragraph 140 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

141.    Denies each and every allegation contained in paragraph 141 of the Complaint.

142.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 142 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 142 of the Complaint.

143.   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 143 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 143 of the Complaint.

144.   Denies each and every allegation contained in paragraph 144 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "COUNT VII: BREACH OF IMPLIED WARRANTY - VIOXX"

145.   With respect to the allegations contained in paragraph 145 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 144 of this Answer with the same force and effect as though set forth here in full.

146.   The allegations contained in paragraph 146 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 146 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

147.   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 147 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 147 of the Complaint

148.   Denies each and every allegation contained in paragraph 148 of the Complaint.

149.    Denies each and every allegation contained in paragraph 149 of the Complaint.

150.    Denies each and every allegation contained in paragraph 150 of the Complaint, except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "COUNT VIII:
### BREACH OF EXPRESS WARRANTY - VIOXX"

151.    With respect to the allegations contained in paragraph 151 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 150 of this Answer with the same force and effect as though set forth here in full.

152.    Denies each and every allegation contained in paragraph 152 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

153.    Denies each and every allegation contained in paragraph 153 of the Complaint, including its subparts a through e, and avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

154.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 154 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 154 of the Complaint.

155.    Denies each and every allegation contained in paragraph 155 of the Complaint.

156.    Denies each and every allegation contained in paragraph 156 of the Complaint.

157.    Denies each and every allegation contained in paragraph 157 of the Complaint, except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

158.    The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 157 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph after paragraph 157 of the Complaint, including its subparts A through E, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

159.    The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

160.    The Plaintiffs and/or Decedents were careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiffs and/or Decedents.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

161.   To the extent that Plaintiffs assert claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

162.   To the extent that Plaintiffs assert claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

163.   The Plaintiffs and/or Decedents failed to exercise reasonable care to mitigate their alleged damages.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

164.   Each and every claim asserted or raised in the Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

165.   To the extent that Plaintiffs assert claims in the Complaint based upon an alleged failure by Merck to warn Plaintiffs and/or Decedents directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

**AS FOR AN EIGHTH
DEFENSE, MERCK ALLEGES:**

166.    The claims of the Plaintiffs are barred in whole or in part under comment

k to Section 402A of the Restatement (Second) of Torts.

**AS FOR A NINTH
DEFENSE, MERCK ALLEGES:**

167.    The claims of the Plaintiffs are barred in whole or in part under comment j

to Section 402A of the Restatement (Second) of Torts.

**AS FOR A TENTH
DEFENSE, MERCK ALLEGES:**

168.    The claims of the Plaintiffs are barred under Section 4, et seq., of the

Restatement (Third) of Torts: Products Liability.

**AS FOR AN ELEVENTH
DEFENSE, MERCK ALLEGES:**

169.    The claims of the Plaintiffs are barred in whole or in part because Vioxx

"provides net benefits for a class of patients" within the meaning of comment f to Section 6 of

the Restatement (Third) of Torts:  Products Liability.

**AS FOR A TWELFTH
DEFENSE, MERCK ALLEGES:**

170.    The product conformed to the state-of-the-art for the design and

manufacture of such, or similar, products.

**AS FOR A THIRTEENTH
DEFENSE, MERCK ALLEGES:**

171.    The claims of the Plaintiffs are barred, in whole or in part, under the

applicable state law because Vioxx was subject to and received pre-market approval by the Food

and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**AS FOR A FOURTEENTH
DEFENSE, MERCK ALLEGES:**

172.    If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs and/or Decedents knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

**AS FOR A FIFTEENTH
DEFENSE, MERCK ALLEGES:**

173.    If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

**AS FOR A SIXTEENTH
DEFENSE, MERCK ALLEGES:**

174.    To the extent that Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

**AS FOR A SEVENTEENTH
DEFENSE, MERCK ALLEGES:**

175.    If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiffs and/or Decedents or natural course of conditions for which this Defendant is not responsible.

**AS FOR AN EIGHTEENTH**
**DEFENSE, MERCK ALLEGES:**

176.    If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the Plaintiffs' and/or Decedents' misuse, modification, alteration or abuse of Vioxx.

**AS FOR A NINETEENTH**
**DEFENSE, MERCK ALLEGES:**

177.    The claims of Plaintiffs are barred in whole or in part by the First Amendment of the Constitution of the United States of America and comparable state law provisions.

**AS FOR A TWENTIETH**
**DEFENSE, MERCK ALLEGES:**

178.    To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs and/or Decedents did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

**AS FOR A TWENTY-FIRST**
**DEFENSE, MERCK ALLEGES:**

179.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

**AS FOR A TWENTY-SECOND**
**DEFENSE, MERCK ALLEGES:**

180.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

181.    To the extent that Plaintiffs seek punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

182.    To the extent Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

183.    The demand for punitive damages by the Plaintiffs is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

184.    To the extent that Plaintiffs assert claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to their claims, Plaintiffs have failed to allege facts that would overcome the defenses available under that state products liability law.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

185.    The claims of Plaintiffs are barred, in whole or in part, because one or more Plaintiffs lack capacity and/or standing to bring such claims.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

186.    To the extent that Plaintiffs assert claims against Merck based on fraud and/or concealment, these claims are barred by reason of the failure of Plaintiffs to allege the circumstances constituting fraud and/or concealment with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

187.    Merck demands a trial by jury of all issues.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

188.    Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

189.    Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

190.    Any warnings which were given were transmitted to the prescribing health care provider, and under the applicable state law, Merck's only obligation is to warn the prescribing health care provider and said obligation was fulfilled.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

191.    If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs and/or Decedents.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

192.    If Plaintiffs and/or Decedents sustained the injuries and damages alleged in the Complaint, such injuries resulted, in whole or in part, from the culpable conduct and negligence of Plaintiffs and/or Decedents and/or of third parties, not from any negligence or breach of duty by Merck.  If judgment is rendered in Plaintiffs' favor, the amount of such judgment must be reduced pursuant to the Proportionate Responsibility Statute § 33.001, et seq. of the Texas Civil Practice & Remedies Code.

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

193.    Merck is unaware at this time of any settlements by any alleged joint tortfeasor.  In the event any settlement is or has been made by any alleged joint tortfeasor, however, then Merck is entitled to a full credit, offset, pro rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling party, person, or other entity herein, and Merck makes known to the other parties and to the Court that it will avail itself of its rights under §§ 33.012 et seq. of the Texas Civil Practice & Remedies Code.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

194.    Merck fully asserts § 82.001 and § 82.007 of the Texas Civil Practice and

Remedies Code and states that all of Plaintiffs' claims are barred under those sections.

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

195.    To the extent Plaintiffs seek recovery for benefits entitled to be received or

actually received from any other source for injuries alleged in the Complaint, such benefits are

not recoverable in this action.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

196.    Any claims for exemplary damages are limited by Section 41.008 of the

Texas Civil Practice and Remedies Code to two times the amount of actual damages or

$200,000, whichever is greater.   Merck asserts all other defenses and limitations on punitive

damages contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

197.    Any claim for punitive damages against Merck cannot be sustained,

because an award of punitive damages under Texas law without proof of every element beyond a

reasonable doubt would violate Merck's rights under Amendments IV, V, VI and XIV of the

United States Constitution and under Sections 9, 10, 14 and 19 of Article I of the Texas

Constitution.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

198.    Unless Merck's liability for punitive damages and the appropriate amount

of punitive damages are each required to be established by clear and convincing evidence under

Texas law, any awards of punitive damages would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

**AS FOR A FORTY-FIRST**
**DEFENSE, MERCK ALLEGES:**

199.   Any claims for punitive damages against Merck cannot be sustained, because any award of punitive damages under Texas law without bifurcating the trial as to all punitive damages issues would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

**AS FOR A FORTY-SECOND**
**DEFENSE, MERCK ALLEGES:**

200.   Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law subject to no pre-determined limit, either a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

**AS FOR A FORTY-THIRD**
**DEFENSE, MERCK ALLEGES:**

201.   Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law by a jury that (1) is not provided any standard of sufficient clarity for determining the appropriateness, or the appropriate size of any punitive damages award, (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from

awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

### AS FOR A FORTY-FOURTH
### DEFENSE, MERCK ALLEGES:

202.   Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law for the purpose of compensating Plaintiffs for elements of damages not otherwise recognized by Texas law would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

### AS FOR A FORTY-FIFTH
### DEFENSE, MERCK ALLEGES:

203.   Merck asserts that the determination of the amount of punitive damages, if any, shall be bifurcated from the remaining issues pursuant to *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

### AS FOR A FORTY-SIXTH
### DEFENSE, MERCK ALLEGES:

204.   Vioxx is a prescription pharmaceutical that was available only upon the prescription of a licensed physician, and persons other than Merck, including Plaintiffs' and/or Decedents' treating physicians and health care personnel and institutions, stood in the position of

learned intermediaries between Merck and Plaintiffs and/or Decedents.   Any claims against Merck accordingly are barred in whole or in part by the learned intermediary doctrine.

### AS FOR A FORTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

205.    The imposition of punitive damages violates the open courts provision of the Texas Constitution.

### AS FOR A FORTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

206.    To the extent that Plaintiffs seek economic losses as a result of purchasing Vioxx, such claims are barred under Kansas law because a buyer of allegedly defective goods cannot recover in tort for economic losses.

### AS FOR A FORTY-NINTH
### DEFENSE, MERCK ALLEGES:

207.    To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs and/or Decedents directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

### AS FOR A FIFTIETH
### DEFENSE, MERCK ALLEGES:

208.    Merck's negligence, if any, must be compared to the negligence of all entities, whether joined as a party or not, even if recovery against a particular entity is barred.

### AS FOR A FIFTY-FIRST
### DEFENSE, MERCK ALLEGES:

209.    Plaintiffs impermissibly seek to impose liability on conduct protected from liability by the First Amendment to the United States Constitution and by Article 1 of the Wisconsin Constitution.

## AS FOR A FIFTY-SECOND
## DEFENSE, MERCK ALLEGES:

210.    Any liability that might otherwise be imposed upon this Defendant is subject to reduction or elimination by the application of the doctrine of comparative negligence.

## AS FOR A FIFTY-THIRD
## DEFENSE, MERCK ALLEGES:

211.    Plaintiffs have asserted a claim in their Complaint for punitive damages in violation of Minnesota Statute § 549.191, and said claim should therefore be stricken.

## AS FOR A FIFTY-FOURTH
## DEFENSE, MERCK ALLEGES:

212.    Any alleged injury or damage sustained by Plaintiffs and/or Decedents was caused by Plaintiffs' and/or Decedents' own negligence, which negligence under the doctrines of contributory and/or comparative negligence, is a complete bar to Plaintiffs' recovery, or which diminishes their recovery by an amount equal to Plaintiffs' and/or Decedents' negligence, all such negligence being denied.

## AS FOR A FIFTY-FIFTH
## DEFENSE, MERCK ALLEGES:

213.    Some or all of the claims asserted in the Complaint are the direct and proximate result of Plaintiffs' and/or Decedents' own conduct and cannot be recovered against Merck.

## AS FOR A FIFTY-SIXTH
## DEFENSE, MERCK ALLEGES:

214.    Some or all of the claims asserted in the Complaint are barred by the doctrine of contributory negligence.

## AS FOR A FIFTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

215.    Plaintiffs' and/or Decedents' alleged injuries and damages, if any, are the result of Plaintiffs' and/or Decedents' own fault and/or assumption of the risk.

## AS FOR A FIFTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

216.    Plaintiffs' claims are barred by reason that any alleged dangerous condition complained of was open and obvious and there was no duty on the part of Merck to warn of any such open and obvious condition.

## AS FOR A FIFTY-NINTH
## DEFENSE, MERCK ALLEGES:

217.    Plaintiffs and/or Decedents alleged injuries were directly and proximately caused by and contributed to by the actions of other persons, who caused changes and alterations to be made to the products involved and said changes and alterations proximately caused or contributed to the injuries alleged by Plaintiffs and voided any and all alleged warranties, express and/or implied.

## AS FOR A SIXTIETH
## DEFENSE, MERCK ALLEGES:

218.    Plaintiffs' claims for failure to instruct or warn are barred by the sophisticated user doctrine.

## AS FOR A SIXTY-FIRST
## DEFENSE, MERCK ALLEGES:

219.    Plaintiffs' negligence claims are barred in whole or in part by the economic loss rule.

### AS FOR A SIXTY-SECOND
### DEFENSE, MERCK ALLEGES:

220.   The Georgia statute respecting award of punitive damages, particularly O.C.G.A. § 51-12-5.1, subsection (e)(1) as contrasted to subsections (f) and (g) thereof, whereby no limitation is provided respecting actions involving products, but there is a limitation for other actions than products violates the Constitution of the United States, particularly in that it affords products manufacturers, such as Merck, equal protection of the laws.

### AS FOR A SIXTY-THIRD
### DEFENSE, MERCK ALLEGES:

221.   Pursuant to O.C.G.A. § 51-12-5.1, only one award of punitive damages may be recovered in the State of Georgia from Merck arising from product liability of a single product.

### AS FOR A SIXTY-FOURTH
### DEFENSE, MERCK ALLEGES:

222.   If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, Plaintiffs' claims for damages for such injuries or losses are barred to the extent they were proximately caused by Plaintiffs' and/or Decedents' use of Vioxx which was contrary to the express and adequate instructions or warnings delivered with the product.

### AS FOR A SIXTY-FIFTH
### DEFENSE, MERCK ALLEGES:

223.   There is no safer, practical or technically feasible, or otherwise reasonable alternative design or formulation that would have reduced the alleged risk without substantially impairing the usefulness, practicality, desirability, or reasonably anticipated and intended function of Vioxx.

**AS FOR A SIXTY-SIXTH
DEFENSE, MERCK ALLEGES:**

224.    Plaintiffs' wrongful death claims are expressly barred by the provisions of N.C. Gen. Stat. § 1-53(4) as this action has been commenced more than two years after the alleged date of the decedent's death.

**AS FOR A SIXTY-SEVENTH
DEFENSE, MERCK ALLEGES:**

225.    Plaintiffs are not entitled to recover exemplary or punitive damages under Massachusetts law.  Mass. Gen. Laws ch. 229, § 2.

**AS FOR A SIXTY-EIGHTH
DEFENSE, MERCK ALLEGES:**

226.    Plaintiffs' claims under Chapter 93A of the Massachusetts General Laws are barred because the Plaintiffs did not provide Merck with written notice of their claims and because the conduct of Merck, selling a prescription drug approved by the FDA and accompanied by FDA-approved labeling and warnings, cannot constitute a violation of Chapter 93A.

**AS FOR A SIXTY-NINTH
DEFENSE, MERCK ALLEGES:**

227.    Plaintiffs' claims under Chapter 93A of the Massachusetts General Laws are barred because the acts in question did not occur primarily and substantially within the Commonwealth of Massachusetts.

**AS FOR A SEVENTIETH
DEFENSE, MERCK ALLEGES:**

228.    Plaintiffs are not entitled to recover exemplary or punitive damages under the Massachusetts wrongful death statute, Mass. Gen. Laws ch. 229, § 2, because Merck did not act maliciously, willfully, wantonly, or recklessly, or with gross negligence.

## AS FOR A SEVENTY-FIRST
## DEFENSE, MERCK ALLEGES:

229.    To the extent Plaintiffs seek recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

## AS FOR A SEVENTY-SECOND
## DEFENSE, MERCK ALLEGES:

230.    Any claim for punitive or exemplary damages is subject to the provisions of North Dakota Cent. Code Chapter 32-03.2-11(1).

## AS FOR A SEVENTY-THIRD
## DEFENSE, MERCK ALLEGES:

231.    Plaintiffs' claims are barred in whole or in part because Merck's conduct was in compliance with industry custom as defined under the N.D.C.C.  With respect to every cause of action, Merck asserts all defenses under North Dakota Cent. Code Chapter 28-01.1-09, including but not limited to industry custom, technological feasibility, and compliance with standards and regulations.

## AS FOR A SEVENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

232.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, be subject to the limitations of Indiana Code § 34-51-3-1 et seq.

## AS FOR A SEVENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

233.    Plaintiffs' claims under the Indiana Deceptive Consumer Sales Act are barred or limited pursuant to the limitations set forth in Indiana Code § 24-5-0.5-5.

**AS FOR A SEVENTY-SIXTH**
**DEFENSE, MERCK ALLEGES:**

234.    Plaintiffs' claims are barred because Vioxx was not defective nor unreasonably dangerous in its design, manufacture or marketing and was at times reasonably safe and reasonably fit for its intended use, thereby barring Plaintiffs' recovery pursuant to the Tennessee Product Liability Act, Tenn. Code Ann. § 29-28-101 et seq.  The warnings and instructions accompanying the product at issue at the time of the occurrence or injuries alleged by Plaintiffs were legally adequate warnings and instructions.

**AS FOR A SEVENTY-SEVENTH**
**DEFENSE, MERCK ALLEGES:**

235.    Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured, barring Plaintiffs' recovery pursuant to the Tennessee Product Liability Act, Tenn. Code Ann. § 29-28-101 *et seq*.

**AS FOR A SEVENTY-EIGHTH**
**DEFENSE, MERCK ALLEGES:**

236.    If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' and/or Decedents' misuse or abuse of Vioxx, failure to use the product properly, and/or alteration or negligent use of the product, thereby barring recovery pursuant to the Tennessee Product Liability Act, Tenn. Code Ann. § 29-28-101 *et seq*.

## AS FOR A SEVENTY-NINTH
## DEFENSE, MERCK ALLEGES:

237.    To the extent the Plaintiffs' claims are based upon any theory of product liability, said claims are barred or limited by Tennessee's Product Liability Act, Tenn. Code Ann. §29-28-101 *et seq.*, and Merck affirmatively asserts all defenses available therein.

## AS FOR AN EIGHTIETH
## DEFENSE, MERCK ALLEGES:

238.    The conduct and activities of Merck with respect to the product which is the subject matter of this action were fair and truthful based upon the state of the knowledge existing at the relevant time alleged in the Plaintiffs' complaint, and therefore, Plaintiffs' claims under the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, *et seq.* ("TCPA") are barred.

## AS FOR AN EIGHTY-FIRST
## DEFENSE, MERCK ALLEGES:

239.    Plaintiffs' claims under the TCPA are frivolous, without legal or factual merit, and/or have been brought solely for the purpose of harassment, and under Tenn. Code Ann. § 47-18-109, Merck is entitled to indemnification for its resulting damages, including reasonable attorney's fees and costs.

## AS FOR AN EIGHTY-SECOND
## DEFENSE, MERCK ALLEGES:

240.    Plaintiffs' Complaint fails to state a claim for unlawful conduct under the TCPA, because Merck completely complied with applicable law in the marketing and sale of Vioxx.

## AS FOR AN EIGHTY-THIRD
## DEFENSE, MERCK ALLEGES:

241.    If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, upon information and belief, the proximate cause of such injuries or losses was use or consumption of Vioxx that was for a purpose, in a manner or in an activity other than that which was reasonably foreseeable or was contrary to express and adequate instructions or warnings appearing on or attached to Vioxx or on its original container or wrapping or otherwise provided, and Plaintiffs and/or Decedents knew or with the exercise of reasonable and diligent care should have known of such instructions or warnings.

## AS FOR AN EIGHTY-FOURTH
## DEFENSE, MERCK ALLEGES:

242.    To the extent Plaintiffs seek punitive damages, such claim is barred because Vioxx and its labeling were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.  Further, Arizona Revised Statute § 12-701 further bars punitive damages.

## AS FOR AN EIGHTY-FIFTH
## DEFENSE, MERCK ALLEGES:

243.    To the extent Plaintiffs seek punitive damages, Merck specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive damage awards that arose in the decision of *BMW of North America v. Gore*, 517 U.S. 559, 116 S. Ct. 1589 (1996), and pursuant to statute in the State of Arizona.

### AS FOR AN EIGHTY-SIXTH
### DEFENSE, MERCK ALLEGES:

244.     Plaintiffs cannot state a claim under the Arizona Consumer Fraud Act because the Plaintiffs and/or Decedents have not relied on any representations by Merck and/or has not suffered any consequent and proximate injury.

### AS FOR AN EIGHTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

245.     All activities of Merck as alleged in the Complaint were expressly authorized and/or regulated by a government agency.  Therefore, Plaintiffs' claims pertaining to unfair or deceptive practices are barred.

### AS FOR AN EIGHTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

246.     The conduct and activities of Merck with respect to Vioxx did not involve any act, use or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of Vioxx.

### AS FOR AN EIGHTY-NINTH
### DEFENSE, MERCK ALLEGES:

247.     Merck's advertisements and labeling with respect to the product which is the subject matter of the Complaint were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States and Arizona Constitutions.

### AS FOR A NINETIETH
### DEFENSE, MERCK ALLEGES:

248.    Plaintiffs impermissibly seek to impose liability on conduct protected from liability by the First Amendment of the United States Constitution and by the Constitution of Michigan.

### AS FOR A NINETY-FIRST
### DEFENSE, MERCK ALLEGES:

249.    Plaintiffs' claims are barred pursuant to the provisions of Mich. Comp. Laws § 600.2946(5).

### AS FOR A NINETY-SECOND
### DEFENSE, MERCK ALLEGES:

250.    Plaintiffs' claims are barred, at least in part, by the limitation on damages established by Mich. Comp. Laws § 600.2946a(1).

### AS FOR A NINETY-THIRD
### DEFENSE, MERCK ALLEGES:

251.    Merck will show upon trial of this action, and hereby gives notice pursuant to Mich. Comp. Laws Ann. § 600.2957, that the negligence of persons or entities, currently not parties to this litigation, is the sole proximate cause, or at least a contributing cause, of the damages and/or injuries complained of by Plaintiffs and that notice as required pursuant to the applicable court rule will be given with respect to the fault of such non-parties, identifying same to the extent possible.

### AS FOR A NINETY-FOURTH
### DEFENSE, MERCK ALLEGES:

252.    Plaintiffs' claims are barred, in whole or at least in part, by PA 495 of the Public Acts of 1978 (Mich. Comp. Laws Ann. § 600.2945 et seq.), commonly known as the Products Liability Statute.

## AS FOR A NINETY-FIFTH
## DEFENSE, MERCK ALLEGES:

253.    To the extent that Plaintiffs seek punitive damages, Michigan law does not recognize Plaintiffs' claim for punitive damages.

## AS FOR A NINETY-SIXTH
## DEFENSE, MERCK ALLEGES:

254.    Merck relies upon every defense set forth in Kentucky's Product Liability Act, KRS 411.300-411.350.

## AS FOR A NINETY-SEVENTH
## DEFENSE, MERCK ALLEGES:

255.    The punitive damages sought by Plaintiffs are prohibited under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and the Constitution of the Commonwealth of Kentucky.

## AS FOR A NINETY-EIGHTH
## DEFENSE, MERCK ALLEGES:

256.    The Plaintiffs fail to state a claim under the Kentucky Consumer Protection Act because Plaintiffs and/or Decedents are not part of the protected class, and the prescription medicine Vioxx is not a consumer product.

## AS FOR A NINETY-NINTH
## DEFENSE, MERCK ALLEGES:

257.    Lack of privity between the Plaintiffs and/or Decedents on one hand and Merck on the other bars any claims based on alleged warranty theories and under the Kentucky Consumer Protection Act.

## AS FOR A ONE HUNDREDTH
## DEFENSE, MERCK ALLEGES:

258.    To the extent Plaintiffs make a claim for punitive damages, Merck asserts that Plaintiffs have not complied with statutory requirements to recover punitive damages.

## AS FOR A ONE HUNDRED FIRST
## DEFENSE, MERCK ALLEGES:

259.   To the extent Plaintiffs' claims invoke punitive damages, such claims violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a)   It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon Plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)   The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)   The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *See Pacific Mut. Life Ins. Co. v. Haslip*, 111 S. Ct. 1032, 113 L. Ed. 2d 1.

(d)   The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)   The procedures pursuant to which punitive damages are awarded result in the

imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(g)     The retroactive application of punitive damages violates the contracts clause of the United States Constitution, Article I, Section 10.

(h)     Plaintiffs' claims for punitive damages violate the due process clause of Article I, Section 13 of the Constitution of Alabama, on the following grounds:

    (1)     It is a violation of the due process clause to impose punitive damages which are penal in nature, upon a civil defendant upon Plaintiffs satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    (2)     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against these defendants;

    (3)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

    (4)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

(5)     The award of the punitive damages in this case constituted a deprivation of property without due process of law.

(i)     Plaintiffs' attempt to impose punitive or extra-contractual damages on these defendants, on the basis of vicarious liability for the conduct of others, violates the Fifth and Fourteenth Amendments of the United States Constitution.

(j)     The award of punitive damages to the Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

(k)     The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

(l)     The award of punitive damages against these defendants in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

(m)     The procedures pursuant to which punitive damages are awarded are vague and unpredictable such that they violate the defendant's right to defend himself pursuant to Article I, Section 10 of the Constitution of Alabama.

(n)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Ala. Code, Section 27-1-17 (1975) in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Constitution of Alabama.

## AS FOR A ONE HUNDRED SECOND
## DEFENSE, MERCK ALLEGES:

260.     Plaintiffs' Complaint seeks to make Merck liable for punitive damages.

The United States Supreme Court has reversed the Alabama Supreme Court in the case styled

*BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589 (1996) on the issue of punitive damages.

Merck adopts by reference the defenses, criteria, limitations, and standards mandated by the

United States Supreme Court decision in that case and in *Cooper Industries, Inc. v. Leatherman*

*Tool Group, Inc.*, 532 U.S. 424 (2001), *State Farm Mutual Automobile Insurance Co. v.*

*Campbell*, 538 U.S. 408 (2003), and any subsequent applicable decisions.

## AS FOR A ONE HUNDRED THIRD
## DEFENSE, MERCK ALLEGES:

261.     Any punitive damages that the Plaintiffs may recover in this case should

be capped in keeping with Alabama Code Section 6-11-21, as amended in 1999 (Act. No. 99-

358) and in the spirit of the Alabama Supreme Court's decision in *Oliver v. Towns*, 738 So. 2d

798 (Ala. 1999).

## AS FOR A ONE HUNDRED FOURTH
## DEFENSE, MERCK ALLEGES:

262.     The demand for punitive damages in the instant case is subject to the

limitations established by the Alabama legislature and set forth in Ala. Code § 6-11-21 (1975).

Merck adopts by reference the defenses, criteria, limitations, and standards mandated by this

Alabama statute.  The Alabama Supreme Court's action in abolishing the legislatively created

cap on punitive damages was unconstitutional and is without effect.  Under the Constitutions of

the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap

created by the legislature on punitive damages through this judicial decision.  *See Honda Motor*

*Co., Ltd. v. Oberg*, 512 U.S. 415, 114 S. Ct. 2331, 2340 n.9 (1994).

## AS FOR A ONE HUNDRED FIFTH
## DEFENSE, MERCK ALLEGES:

263.    The punitive damage cap set out in Ala. Code § 6-11-21 (1975) applies to the instant case.  *See Horton Homes, Inc. v. Brooks*, 832 So. 2d 44 (Ala. 2001).

## AS FOR A ONE HUNDRED SIXTH
## DEFENSE, MERCK ALLEGES:

264.    Any punitive damages award is subject to limitation based on harm that has occurred and harm that is likely to occur.  *See TXO Prod. Corp. v. Alliance Resources Corp.*, 113 S. Ct. 2711 (1993).

## AS FOR A ONE HUNDRED SEVENTH
## DEFENSE, MERCK ALLEGES:

265.    The method of imposing punitive damages violates Amendment 328, Section 6.11 of the Constitution of Alabama, which prohibits the use of a procedural rule to abridge, enlarge, or modify the substantive right of any party.  *See Leonard v. Terminix Int'l Co.*, 854 So. 2d 529 (Ala. 2002).

## AS FOR A ONE HUNDRED EIGHTH
## DEFENSE, MERCK ALLEGES:

266.    The imposition of punitive damages is an act of policy making on the part of the judiciary, in violation of Article III, Section 43 of the Constitution of Alabama.

## AS FOR A ONE HUNDRED NINTH
## DEFENSE, MERCK ALLEGES:

267.    Merck adopts the terms of any applicable legislative act or Alabama Supreme Court decision which now or hereafter precludes punitive damages or limits the amount of punitive damages that can be recovered in an action at law in Alabama.

**AS FOR A ONE HUNDRED TENTH
DEFENSE, MERCK ALLEGES:**

268.    There is no private right of action for a violation of Alabama Code

Sections 20-1-26 and 20-1-27.

**AS FOR A ONE HUNDRED ELEVENTH
DEFENSE, MERCK ALLEGES:**

269.    Merck denies that its product was misbranded within the meaning of

Alabama Code Sections 20-1-26 and 20-1-27.

**AS FOR A ONE HUNDRED TWELFTH
DEFENSE, MERCK ALLEGES:**

270.    Plaintiffs cannot recover for the claims asserted because Plaintiffs have

failed to comply with the conditions precedent necessary to bring this action.

**AS FOR A ONE HUNDRED THIRTEENTH
DEFENSE, MERCK ALLEGES:**

271.    By asserting a claim under the Alabama Deceptive Trade Practices Act,

Plaintiffs have elected remedies under the Act and waived other rights and remedies available at

common law and by statute.

**AS FOR A ONE HUNDRED FOURTEENTH
DEFENSE, MERCK ALLEGES:**

272.    To the extent this action purports to hold one defendant liable for the acts

of another, such violates the Due Process clause of the United States Constitution and the

Alabama Constitution.

**AS FOR A ONE HUNDRED FIFTEENTH
DEFENSE, MERCK ALLEGES:**

273.    Merck denies that Vioxx was unreasonably dangerous, defective, or that

Vioxx created any liability under the Alabama Extended Manufacturer's Liability Doctrine.

### AS FOR A ONE HUNDRED SIXTEENTH
### DEFENSE, MERCK ALLEGES:

274.    Plaintiffs' claims based on breach of warranty and negligence are subsumed by the Alabama Extended Manufacturer's Liability Doctrine.

### AS FOR A ONE HUNDRED SEVENTEENTH
### DEFENSE, MERCK ALLEGES:

275.    Merck pleads the general issue and denies that it was liable or responsible for any alleged damages to Plaintiffs and/or Decedents.

### AS FOR A ONE HUNDRED EIGHTEENTH
### DEFENSE, MERCK ALLEGES:

276.    Plaintiffs' claims are barred by Alabama Code Section 6-5-462.

### AS FOR A ONE HUNDRED NINETEENTH
### DEFENSE, MERCK ALLEGES:

277.    Alabama's wrongful death act, Alabama Code Section 6-5-410, which allows for the recovery of only punitive damages, fails to provide a proportionate relationship between the amount of punitive damages awarded and the amount of harm to the Plaintiffs and/or Decedents, in contravention of the holding in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003).

### AS FOR A ONE HUNDRED TWENTIETH
### DEFENSE, MERCK ALLEGES:

278.    Plaintiffs' claim for non-economic damages are subject to and limited by Miss. Code § 11-1-60 (1) (a) through  (c) (1972), as amended by Miss. Laws  2004, 1st Ex. Sess., Ch. 1 § 2, effective September 1, 2004.

## AS FOR A ONE HUNDRED TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

279.    To the extent that the Plaintiffs' claims are based upon any theory of product liability, they are barred or limited by Mississippi's Product Liability Act, Miss. Code § 11-1-63 (1972), as amended by Miss. Laws 2004, 1st Ex. Sess., Ch. 1 § 3, effective September 1, 2004.

## AS FOR A ONE HUNDRED TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

280.    Plaintiffs' claim for punitive damages against Merck fails under Miss. Code § 11-1-65 (1972), as amended by Miss. Laws 2004, 1st Ex. Sess., Ch. 1 § 4, effective September 1, 2004.

## AS FOR A ONE HUNDRED TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

281.    Merck affirmatively pleads Miss. Code § 85-5-7 (1972), as amended by Miss. Laws 2003, 3rd Ex. Sess., Ch. 2 § 4, effective January 1, 2003.

## AS FOR A ONE HUNDRED TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

282.    Some or all of the damages alleged by Plaintiffs are barred by Miss. Code §§ 75-2-714, 715 (1972).

## AS FOR A ONE HUNDRED TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

283.    Plaintiffs' claims for punitive damages are in contravention of Merck's rights under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution; the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; the Double Jeopardy Clause in the Fifth Amendment to the Constitution of the United States, similar provisions in the Constitution of Mississippi and/or the common law and

public policies of Mississippi, and/or applicable statutes and court rules, in the circumstances of this litigation, including, but not limited to:.

(a)     imposition of punitive damages by a jury which

    (1)     is not provided with standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award;

    (2)     is not adequately and clearly instructed on the limits on punitive damages imposed by the principles of deterrence and punishment;

    (3)     is not expressly prohibited from awarding punitive damages, or determining the amount of an award thereof, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status, wealth, or state of residence of Merck;

    (4)     is permitted to award punitive damages under a standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes punitive damages permissible; and

    (5)     is not subject to trial court and appellate judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards;

(b)     imposition of such punitive damages, and determination of the amount of an award thereof, where applicable state law is impermissibly vague, imprecise, or inconsistent;

(c)     imposition of such punitive damages, and determination of the amount of an award thereof, without bifurcating the trial and trying all punitive damages issues only if and after the liability of defendants has been found on the merits;

(d)     imposition of such punitive damages, and determination of the amount of an award thereof, based on anything other than Merck's conduct in connection with the sale of the product alleged in this litigation, or in any other way subjecting Merck to impermissible multiple punishment for the same alleged wrong.

### AS FOR A ONE HUNDRED TWENTY-SIXTH DEFENSE, MERCK ALLEGES:

284.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission manifested a flagrant disregard of the safety of persons who might be harmed by the product in question, as required by Ohio Revised Code Section 2307.80.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.      That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' Complaint with prejudice against Merck with costs assessed to Plaintiffs;

2.      Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.      Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated:  September 7, 2006

Respectfully submitted,


_Melissa V. Beaugh_____
Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Melissa V. Beaugh, 28250
      Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069


Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
      Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.


## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has

been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or

by hand delivery and e-mail and upon all parties by electronically uploading the same to

LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the

foregoing was electronically filed with the Clerk of Court of the United States District Court for

the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of

Electronic Filing in accordance with the procedures established in MDL No. 1657, on this 7th

day of September, 2006.

                                            Melissa V. Beaugh