James D. Schneller        pro se
500 East Lancaster Ave. # 111d
Radnor, PA 19087    610-688-9471

COPY IN CHAMBERS

U. S. DISTRICT COURT
Eastern District of Louisiana

FILED AUG 7 2006

LORETTA G. WHYTE
Clerk

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: VIOXX

    Products Liability Litigation

This Document Relates to:

    05 - cv - 5382

MDL DOCKET NO. 1657

SECTION : L

JUDGE FALLON
MAG. JUDGE KNOWLES

## MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

    James D. Schneller, plaintiff, moves the court for an order granting him leave to amend the complaint in order to join a new plaintiff, and to add causes of action for conspiracy and damages to estate principal.

    Plaintiff requests leave to amend because George H. Schneller, the husband of the deceased, is believed to have suffered harms due to the acts of the defendant, but was not included as a party in the complaint. Plaintiff is a son of Marjorie and George Schneller, and is a personal representative of the estate of George H. Schneller.

    Plaintiff would amend the complaint in order to add himself as plaintiff-represenative of the estate of George H. Schneller, asserting causes of action for Infliction of Emotional Distress and Fraud, and adding counts for Conspiracy and for Damages to the estates of the deceased.

    WHEREFORE, petitioner respectfully requests that the motion for leave to file an amended complaint be granted.

_/s/ James D. Schneller_
James D. Schneller        pro se

Date: July 28, 2006

___ Fee _____
___ Process _____
_X_ Dktd _____
_X_ CtRmDep _____
Doc. No. _____

- 3 -

James D. Schneller           pro se
500 East Lancaster Ave. # 111d
Radnor, PA 19087     610-688-9471

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX<br>Products Liability Litigation | MDL DOCKET NO. 1657<br><br>SECTION : L |
| This Document Relates to:<br><br>05 - cv - 5382 | JUDGE FALLON<br>MAG. JUDGE KNOWLES |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

James D. Schneller, plaintiff, submits his memorandum of law in support of his motion for an order granting him leave to amend the complaint in order to join a new plaintiff.

I. FACTS

1) Plaintiffs' suit was transferred from the District Court, Eastern District of Pennsylvania, in the Order filed by the Judicial Panel on Multidistrict Litigation in this Court on December 27, 2005.

2) Plaintiff served, on June 3, 2006, on all Court-designated parties, plaintiff's profile form and copies of medical records as required under pretrial order 18b.

3) Plaintiff is a personal representative of the estate of his father, George H. Schneller, who was lifetime spouse and beloved of the deceased. Plaintiff attaches hereto a true and correct copy of the decree of probate and letters of administration of the estate of George H. Schneller to plaintiff, and "short form."

- 4 -

## II. REQUESTED AMENDMENTS

4) Plaintiff would amend the complaint in order to add himself as plaintiff-represenative of the estate of his father, as a plaintiff, adding counts, similar to the Counts by that name which are asserted on behalf of the estate of vioxx user Marjorie C. Schneller, asserting causes of action for Negligent and Intentional Infliction of Emotional Distress and Fraud, and adding a cause of action for conspiracy and a cause of action for Damages to the plaintiff's estates, as follows:

## COUNT 10 - FRAUD

James D. Schneller on behalf of the estate of George H. Schneller v. Merck & Company Inc.

170) Plaintiff incorporates by reference the preceding and successive paragraphs as though set forth fully at length herein.

171) Defendant fraudulently, intentionally, willfully, wantonly, purposefully, knowingly, recklessly, negligently and/or in fact materially misrepresented both affirmatively and by omission that its Vioxx was of good quality, non-defective, safe for its intended use, merchantable, and fit for its particular purposes.

172) Defendant intended, knew, and/or should have known that Marjorie Schneller and her caregiver George Schneller would be induced, by the aforesaid misrepresentations,to use or allow use of defendant's Vioxx.

173) In purchasing, using, and continuing use of defendant's Vioxx, plaintiffs justifiably relied on defendant's representations that its Vioxx was of good quality, non-defective, safe for its intended use, merchantable, and fit for its particular purposes.

174) Vioxx was, in fact, defective and unreasonably dangerous, as claimed herein.

175) In purchasing, using, and continuing to use defendant's Vioxx, plaintiffs justifiably relied on defendant's representations that its Vioxx was properly tested and results properly presented to the

- 5 -

FDA, that at least minimal post-marketing studies and investigations were performed, that advertising reflected a fair and full set of claims as to the worthiness of the drug

176) Defendant was in fact concealing direct knowledge of new reports concerning cardiac harms to Vioxx users, failing to, as a result of such reports, modify it's claims in it's advertising to the medical sector and the general public, and was attempting to stifle and punish clinical experts who were raising the within described cardiac and other harms occurring to users of Vioxx.

177) Defendants' actions were recklessly outrageous.

178) WHEREFORE, Plaintiff demands judgment against defendant for compensatory damages in excess of $150,000.00, delay damages pursuant to Pa. R.C.P. 238, punitive damages, plus interest and costs of suit.

COUNT 11 - NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

James D. Schneller on behalf of the estate of George H. Schneller v. Merck & Company Inc.

179) Plaintiff incorporates by reference paragraphs 1 through 138 as if fully set forth at length herein;

180) Defendants engaged in the conduct described herein and willfully, recklessly and/or negligently caused George H. Schneller severe emotional distress by actions claimed in this complaint including:

181) Causing or enabling and practicing progressive acts or omissions which decreased rather than increased the chance of his wife's well being, and failing to communicate these acts to George H. Schneller.

182) Concealing said acts and omissions, causing the illness and death of Marjorie Schneller.

183) Defendant's actions resulted in plaintiff's witnessing of hospitalization and intrusive and painful procedures performed on plaintiff's wife, all inflicted on plaintiff during plaintiff's own illness.

184) Defendant's actions resulted in an inability of plaintiff and Marjorie C. Schneller to be

together in their home during a time when their mutual support for each other was urgently needed, due to their both being ill, and caused George Schneller to die without the company of his beloved, and having only been able to visit her a small number of times, and not at all during his last 2 months of life.

185) George Schneller suffered severe emotional distress because of the events surrounding his wife's injuries.

186) George Schneller continually feared the contracting by his wife of infection, new injuries, improper or unwanted care, and all of these in the absence of an ability to be continually and instantaneously at her side, as he would be if she had not been hospitalized and then placed in long term care.

187) Defendant's actions caused George Schneller to suffer anguish, grief, helplessness, nausea, anxiety, lethargy, lack of sleep, and a permanent compounding and worsening of his illnesses.

188) Defendants' actions were willful and recklessly outrageous.

189) WHEREFORE, Plaintiff demands judgment against defendant for compensatory damages in excess of $150,000.00, delay damages pursuant to Pa. R.C.P. 238, punitive damages, plus interest and costs of suit.


COUNT  12  -  CONSPIRACY

James D. Schneller as trustee ad litem of the Executrix of the Estate of Marjorie Schneller;
James D. Schneller on behalf of the estate of George H. Schneller;
    and  James D. Schneller    v.    Merck & Company Inc.

190) Plaintiffs incorporate by reference paragraphs 1  through  372  as if fully set forth at length herein;

191) In numerous of the above named instances and instances concurrent with them, two or more of the defendant's employees, principals, management, workforce, agents, and other co-conspirators, acted in a conspiratorial manner in order to facilitate greater profit, avoidance of public awareness, concealment, and counter-statement, and other results, which pursuance was for a common purpose between two or more of them.

192) Defendants facilitated their actions of error, malfeasance, and omissions through overt acts including concealment, alteration and destruction of records, false and misleading statements, advertising strategies, concealment, false and misleading counter-statements to experts, and chastisement and innuendo towards experts and others.

193) Defendants' actions of delay and concealment deprived the buying public, and plaintiffs, of any due process which might have affected meaningful change in the error and injuries which were inflicted upon them.

194) Defendant's acts were negligent, willful, intentional, and reckless, thus entitling plaintiffs to punitive damages.

195) WHEREFORE, Plaintiffs demand judgment against defendant for compensatory damages in excess of $150,000.00, delay damages pursuant to Pa. R.C.P. 238, punitive damages, plus interest and costs of suit.

COUNT 13 - DAMAGES TO ESTATES OF DECEASED

James D. Schneller as trustee ad litem of the Executrix of the Estate of Marjorie Schneller; James D. Schneller on behalf of the estate of George H. Schneller;

and   James D. Schneller         v.      Merck & Company Inc.

196) Plaintiff incorporates by reference paragraphs 1 through 540 as if fully set forth at length herein.

197) Defendants through their reckless and intentional and negligent acts interfered with the orderly administration of the estates of Marjorie C. Schneller and George H. Schneller.

198) Defendants through their reckless, intentional, and negligent acts herein listed caused, because and as a result of the injuries which they caused to plaintiffs, a lack of scrutiny and oversight to the trust estates of the plaintiffs, which resulted in unwholesome influences and forces being asserted over the plaintiffs, over their powers of attorney and advance health directives, and, after the death of George Schneller, over his estate and the facets of the Marjorie Schneller estate affected by his estate. This caused harm to both estates.

199) Defendants in their reckless, intentional and wrongful acts, interfered with the inheritance of the heirs of plaintiffs, and caused to James Schneller numerous harms including eviction and loss of property and inheritance.

200) Defendants recklessly, obdurately, and wrongfully caused loss of due process, integrity and loss of monetary value to the trust estates of plaintiffs.

201) Defendant's actions were negligent, willful, intentional, and reckless, thus entitling plaintiffs to punitive damages.

202) WHEREFORE, Plaintiffs demand judgment against defendant for compensatory damages in excess of $150,000.00, delay damages pursuant to Pa. R.C.P. 238, punitive damages, plus interest and costs of suit.

### III. ARGUMENT

The Federal Rules of Civil Procedure and Federal law govern the matter of amendment to pleadings. Gifford v. Wichita Falls & Southern Railway Co., 5 Cir., 1955, 224 F.2d 374, 376; Carroll v. Sterling Hotel Co., D.C.M.D.Pa. 1954, 16 F.R.D. 99; Grandey v. Pacific Indemnity Co., 5 Cir., 1954, 217 F.2d 27. Leave to amend pleading after responsive pleading has been filed is freely given in absence of any apparent or declared reason, such as undue delay, bad faith, or dilatory motive on part of movant and when amendment does not cause prejudice to opposing party. Fed.Rules Civ.Proc.Rule 15(a), 28 U.S.C.A. F.D.I.C. v. Weise Apartments, 192 F.R.D. 100

The Federal Rule of Civil Procedure relating to amendment of pleadings should be construed liberally. Fed.Rules Civ.Proc. Rule 15, 28 U.S.C.A. Taylor v. Reading Company Inc., 23 F.R.D. 186.

Under 42 Pa.C.S.§ 8302, "All causes of action or proceedings, real or personal, shall survive the death of the plaintiff or of the defendant, or the death of one or more joint plaintiffs or defendants." The cause of action under the Survival Act is not a new cause of action, but merely continues in the deceased's personal representatives the right of action which accrued to the deceased at common law because of the tort, with recoverable damages measured by the pecuniary loss occasioned to deceased and therefore to his estate. 20 Pa.C.S.§772. Stafford V. Roadway Transit Co., 70 F.Supp. 555. (W.D.Pa. 1947)

Plaintiff believes that the requested amendment falls under the procedure outlined in Fed.R.Civ.P. 15(c) regarding relation back. As required in Rule 15(c)(2), plaintiff's added "claim or

defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

If the amendment does not qualify as worthy of a relating back of the causes of action, plaintiff believes that the time of filing of this motion falls within the statute of limitations under Pennsylvania law. As a diversity case, [this case] is controlled by the substantive law, the lex loci, of Pennsylvania. Taylor, citing Erie Railroad Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; Brown v. Moore, 3 Cir., 1957, 247 F.2d 711. Specifically, the applicable periods of limitation under the Pennsylvania Wrongful Death and the Pennsylvania Survival Acts are to be given full effect. Taylor, citing Guaranty Trust Co. v. York, 1945, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079.

The same limitation as to time when suit may be instituted governs, whether action be brought by injured person during his lifetime or by his personal representative under Pennsylvania survival statute, and action in both cases must be brought within two years from time when injury occurred. Stafford. "Discovery rule" which [may toll the statute of limitations] applies when the injured party is unable, despite the exercise of due diligence, to know of the injury or its cause. Hayward v. Medical Ctr. of Beaver County, 608 A.2d 1040, 1043 (Pa. 1992); Bailey v. Tucker, 621 A.2d 108, 115 (Pa. 1993) (citing Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc., 468 A.2d 468, 471 (Pa. 1983)). However, lack of knowledge, mistake or misunderstanding, will not toll the statute of limitations. Pocono Raceway. "Discovery rule" does not apply to wrongful death and survival actions. McNair v. Weikers, 300 Pa. Super 379   But, where, through fraud or concealment, defendant causes plaintiff to relax his vigilance or deviate from his right of inquiry, defendant is estopped from invoking power of statute of limitations. McNair. Defendant Merck and Co. Inc. is expressly accused in this action of fraud and misrepresentation to the general public, and concealing of fact, regarding harm being caused to the users of Vioxx by it's ingestion. Thus the two years statute of limitations did not begin to run until plaintiff knew of the deleterious effects of Vioxx on plaintiffs.

Plaintiff learned of the deleterious effects of Vioxx and thus learned of the resulting harms occasioned upon plaintiffs by the acts of defendants, sometime after August 30, 2004, which date falls two years back in time from the date of this motion.

- 10 -

Fed.R.Civ.P. 19 requires a subject matter jurisdiction inquiry in diversity cases when joinder of a plaintiff or defendant is requested. El Chico Restaurants, 980 F.Supp. 1474 . Plaintiff, a resident of Pennsylvania, is a personal representative of the estate, and seeks leave to amend this diversity action to include the estate of his father, which is situated in the Chester County, Pennsylvania, Court of Common Pleas, Estate of George H. Schneller, No. 1501-1759. Defendant is a corporation with principal offices in New Jersey.

For all of the above reasons, plaintiff respectfully requests that the motion for leave to file an amended complaint be granted.


_____
James D. Schneller        pro se

Date:  July 28, 2006

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: VIOXX

PRODUCTS LIABILITY LITIGATION    :    MDL DOCKET NO. 1657

James D. Schneller, Trustee ad Litem for the            :
Individuals Entitled to Relief Due to the               Civil Action No. 05 - 5382
Wrongful Death of Marjorie C. Schneller, et al
                              plaintiffs                :
v.

Merck & Company, Inc.,    defendant          :

CERTIFICATE OF SERVICE

I, James D. Schneller, hereby certify that I served a true and correct copy of the within Motion upon the following, by electronic mail:

Joshua Schiller Esq.
Dechert LLP
2929 Arch Street
Philadelphia, PA 19104-2808
Joshua.schiller@dechert.com

Phillip Wittmann Esq.
Stone Pigman Walther Wittmann LLC
546 Carondelet St.
New Orleans, LA 70130
dwimberly@stonepigman.com

Arnold Levin
Levin, Fishbein, Sedrad & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106-3875
alevin@lfsblaw.com

Thomas R. Kline
Kline & Specter, PC
1525 Locust St., Suite 1900

Philadelphia, PA 19102
tom.kline@klinespecter.com

Andy D. Birchfield, Jr.
Beasley, Allen, Crow, Methvin, Portis & Miles, PC
Post Office Box 4160
Montgomery, AL 36103
andy.birchfield@beasleyallen.com

Richard J. Arsenault
Neblett Beard & Arsenault
2220 Bonaventure Court
Alexandria, LA 71309-1190
rarsenault@nbalawfirm.com

Goforth & Lewis, LLP
1111 Bagby, Suite 2200
Houston, TX 77002
Shellysanford@goforthlewis.com

Troy A. Rafferty
Levin, Papantonio
P.O. Box 12308
Pensacola, FL 32591
trafferty@levinlaw.com

Mark P. Robinson, Jr.
Robinson, Calcagnie & Robinson
620 Newport Center Dr., 7th Floor
Newport Beach, CA 92660
mrobinson@rcrlaw.net

Christopher A. Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
cseeger@seegerweiss.com

Elizabeth J. Cabraser
Lieff, Cabraser, Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery St., 30th Floor
San Francisco, CA 94111
ecabraser@lchb.com

Gerald E. Meunier

- 13 -

Gainsburgh, Benjamin, Davis, Meunier & Warshauer, L.L.C.
2800 Energy Centre
1100 Poydras St.
New Orleans, LA 70163
gmeunier@gainsben.com

Drew Ranier
Ranier Gayle & Elliot
1419 Ryan St.
Lake Charles, LA 70601
dranier@rgelaw.com

Christopher V. Tisi
Ashcraft & Gerel, LLP
2000 L St. NW, Suite 400
Washington, DC 20036
Cvtisi@aol.com

Douglas R. Marvin Esq.
Williams & Connolly, LLP
725 Twelfth St., NW
Washington, DC 20005
dmarvin@wc.com

Theodore V.H. Mayer Esq.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004
mayer@hugheshubbard.com

John H. Beisner
O'Melveny & Meyers LLP
1625 Eye St.
Washington, DC 20006
jbeisner@omm.com

Richard C. Stanley
Stanley, Flanagan & Reuter, LLC
909 Poydras St., Suite 2500
New Orleans, LA 70112
rcs@sfr-lawfirm.com

_/s/ James Schneller_     James D. Schneller

- 14 -

File Number: 15- _____

## OATH OF PERSONAL REPRESENTATIVE

DEC 13 2001

Commonwealth of Pennsylvania
County of Chester

Register of Wills
Chester County, PA

The Petitioner(s) above-named swear or affirm that the statements in the foregoing Petition are true and correct to the best of the knowledge and belief of Petitioner(s) and that, as personal representative(s) of the Decedent, Petitioner(s) will well and truly administer the estate according to law.

Sworn to or affirmed and subscribed before me this _13th_ day of _December_, _2001_

_____
Deputy for Register of Wills

_____ (signatures)

Sworn to or affirmed and subscribed before me this ___ day of ___

_____
Deputy for Register of Wills

---

### DECREE OF PROBATE AND GRANT OF LETTERS

Estate of __George H. Schneller__, Deceased     File Number: 15- _01-1759_

Social Security # __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__     Date of Death: __October 30, 2001__

AND NOW, this __31st__ day of __December__, __2001__ in consideration of the Petition on the reverse side hereon, satisfactory proof having been presented before me,

IT IS DECREED that Letters ☐ Testamentary   ☒ Administration __c.t.a__
(If applicable, enter c.t.a, d.b.n., d.b.n.c.t.a, etc.)

are hereby granted to:

__Marjorie A. Zitomer, G. Richard Schneller and James D. Schneller__

in the above estate and that instrument(s) dated __September 5, 1995__

described in the petition be admitted to probate and filed of record as the last Will of Decedent.

_____
Deputy for Register of Wills

---

**FEES**
| | |
|---|---|
| Letters RWoo? | $ 175.00 |
| (5) Short Certificates | 25.00 |
| (3) Renunciations | 12.00 |
| (10) Pages | 30.00 |
| Inventory | 10.00 |
| Inheritance Tax | 15.00 |
| Other Commission | 35.00 |
| JCP (State Fee) | 5.00 |
| **TOTAL** | **$ 307.00** |

Attorney's Name: T. Sergeant Pepper
Attorney ID #: 14425
Address: 1100 One Penn Center
Philadelphia, PA 19103
Telephone: (215) 568-7500

**CERTIFIED FROM THE RECORD**
ATTEST _____
Deputy Register of Wills
Chester County, PA

# Register of Wills of Chester County, Pennsylvania

## Certificate of Grant of Letters

## of Administration C.T.A.

### ESTATE OF
### GEORGE H. SCHNELLER, Deceased

File Number 1501-1759   Social Security Number 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

**Whereas,** on the 31st day of December, 2001, instrument(s) dated

September 5, 1995

was admitted to Probate as the Last Will and Testament of

**GEORGE H. SCHNELLER**

late of the Township of Tredyffrin in the Commonwealth of Pennsylvania who died on the

30th day of October, 2001, and

**Whereas,** a true copy of the Will as Probated is not annexed hereto,

**Therefore,** I, Donald A. Mancini, Register of Wills

in and for the County of Chester, in the Commonwealth of Pennsylvania, hereby certify that I have this day granted **Letters of Adminstration C.T.A.** to

**Marjorie Zitomer   G. Richard Schneller**
**James D. Schneller**

who has/have duly qualified as **Administrators C.T.A.**

and has/have agreed to administer the Estate according to law, all of which fully appears of record in my office at the Chester County Courthouse, West Chester, Pennsylvania.

**In Testimony Whereof,** I have hereunto set my hand and affixed the seal of my Office this

31st day of December, 2001

*Deputy for the Register of Wills*

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  VIOXX

Products Liability Litigation

This Document Relates to:

05 - cv - 5382

MDL DOCKET NO. 1657

SECTION : L

JUDGE FALLON
MAG. JUDGE KNOWLES

## NOTICE OF MOTION

TO:   Joshua Schiller Esq., Phillip A. Wittmann Esq.

PLEASE TAKE NOTICE that I will apply to the above named Court, Judge Eldon E. Fallon presiding, at 500 Poydras Street, New Orleans, LA 70130, on August 24, 2006, at 9:00 A.M, for an Order which grants plaintiff leave to file an amended complaint to add a party.

James Schneller     pro se
500 East Lancaster Ave. # 111d
Radnor, PA 19087
610-688-9471

Dated: July 28, 2006

- 2 -

U.S. POSTAGE PAID
WAYNE, PA 19087
JUL 28, '06
AMOUNT $3.99
0004225410

70130

7005 3110 0002 0035 2108

580 E. Lanc #110
Paoli, PA 19087

Clerk
U.S. District Court
E.D. Louisiana
500 Poydras St. Rm C-151
New Orleans, LA 70130