## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX® | :   MDL Docket No. 1657 |
| | : |
| PRODUCTS LIABILITY LITIGATION | :   SECTION L |
| | : |
| This document relates to: *George Walls v. Merck & Co., Inc., Peter S. Kim, Ph.D., Louis M. Sherwood, Ph.D., David W. Anstice, and Edward M. Scolnick* (E.D. La. 06-5580) | :   JUDGE FALLON |
| | : |
| | :   MAG. JUDGE KNOWLES |
| | : |

## ANSWER AND JURY DEMAND OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck") by and through its undersigned counsel,

responds to Plaintiff's Complaint ("Complaint") herein as follows:

## I.    RESPONSE TO "INTRODUCTION"

1.    Merck denies each and every allegation contained in paragraph 1 of the

Complaint except admits that Merck manufactured, marketed, and distributed the prescription

medicine Vioxx®.  Merck further admits that Vioxx is Merck's trade name for rofecoxib.  Merck

respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for

its indicated uses.

2.    Merck denies each and every allegation contained in paragraph 2 of the

Complaint.

3.    Merck denies the conclusory nature of the allegations contained in paragraph 3 of

the Complaint except admits that Vioxx was prescribed to millions of patients by health care

providers.

## II.  RESPONSE TO "PARTIES"

4.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 4 of the Complaint. Merck denies each and every allegation contained in the second sentence of paragraph 4 of the Complaint.

5.     Merck denies each and every allegation contained in paragraph 5 of the Complaint except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

6.     Merck denies each and every allegation contained in paragraph 6 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx. Merck further admits that Vioxx is Merck's trade name for rofecoxib.

7.     Merck denies each and every allegation contained in paragraph 7 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

8.     The allegations contained in paragraph 8 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that Dr. Peter Su Kim resides in Pennsylvania.

9.     The allegations contained in paragraph 9 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that Dr. Peter Su Kim was Executive Vice President of Research and Development of Merck Research

Laboratories from 2001 to 2002 and is currently President of Merck Research Laboratories and a member of Merck's Management Committee.

10.    The allegations contained in paragraph 10 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

11.    The allegations contained in paragraph 11 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

12.    The allegations contained in paragraph 12 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

13.    The allegations contained in paragraph 13 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

14.    The allegations contained in paragraph 14 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

15.    The allegations contained in paragraph 15 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that Dr. Louis M. Sherwood is the former Senior Vice President of U.S. Medical and Scientific Affairs within the U.S. Human Health Division of Merck.

16.     The allegations contained in paragraph 16 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that Dr. Louis M. Sherwood is the former Senior Vice President of U.S. Medical and Scientific Affairs within the U.S. Human Health Division of Merck.

17.     The allegations contained in paragraph 17 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

18.     The allegations contained in paragraph 18 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

19.     The allegations contained in paragraph 19 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

20.     The allegations contained in paragraph 20 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

21.     The allegations contained in paragraph 21 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

22.     The allegations contained in paragraph 22 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

23.     The allegations contained in paragraph 23 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

24.     The allegations contained in paragraph 24 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

25.     The allegations contained in paragraph 25 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

26.     The allegations contained in paragraph 26 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation except admits that from 1997 to 2002 David Anstice was President, U.S. Human Health – The Americas and is a member of Merck's Management Committee.

27.     The allegations contained in paragraph 27 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation except admits that from 1997 to 2002 David Anstice was President, U.S. Human Health – The Americas and is a member of Merck's Management Committee.

28.     The allegations contained in paragraph 28 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

29.     The allegations contained in paragraph 29 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

30.     The allegations contained in paragraph 30 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

31.     The allegations contained in paragraph 31 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

32.     The allegations contained in paragraph 32 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

33.     The allegations contained in paragraph 33 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

34.     The allegations contained in paragraph 34 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

35.     The allegations contained in paragraph 35 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

36.     The allegations contained in paragraph 36 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

37.     The allegations contained in paragraph 37 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

38.     The allegations contained in paragraph 38 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

39.     The allegations contained in paragraph 39 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except admits that Dr. Scolnick was President of Merck Research Laboratories and was a member of Merck's Board of Directors.

40.     The allegations contained in paragraph 40 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

41.     The allegations contained in paragraph 41 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required,

Merck denies each and every allegation contained in said paragraph except admits that Dr.
Scolnick was President of Merck Research Laboratories and was a member of Merck's Board of
Directors.

     42.     The allegations contained in paragraph 42 of the Complaint are not directed at
Merck and therefore no responsive pleading is required.  Should a response be deemed required,
Merck denies each and every allegation contained in said paragraph.

     43.     The allegations contained in paragraph 43 of the Complaint are not directed at
Merck and therefore no responsive pleading is required.  Should a response be deemed required,
Merck denies each and every allegation contained in said paragraph.

     44.     The allegations contained in paragraph 44 of the Complaint are not directed at
Merck and therefore no responsive pleading is required.  Should a response be deemed required,
Merck denies each and every allegation contained in said paragraph.

     45.     The allegations contained in paragraph 45 of the Complaint are not directed at
Merck and therefore no responsive pleading is required.  Should a response be deemed required,
Merck denies each and every allegation contained in said paragraph.

     46.     The allegations contained in paragraph 46 of the Complaint are not directed at
Merck and therefore no responsive pleading is required.  Should a response be deemed required,
Merck denies each and every allegation contained in said paragraph.

     47.     The allegations contained in paragraph 47 of the Complaint are not directed at
Merck and therefore no responsive pleading is required.  Should a response be deemed required,
Merck denies each and every allegation contained in said paragraph.

48.     The allegations contained in paragraph 48 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

49.     The allegations contained in paragraph 49 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

## III.     RESPONSE TO "JURISDICTIONAL STATEMENT"

50.     The allegations contained in paragraph 50 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

51.     The allegations contained in paragraph 51 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

## IV.     RESPONSE TO "FACTUAL ALLEGATIONS"

52.     Merck denies each and every allegation contained in paragraph 52 of the Complaint except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

53.     Merck denies each and every allegation contained in paragraph 53 of the Complaint.

54.     Merck denies each and every allegation contained in paragraph 54 of the Complaint.

55.     Merck denies each and every allegation contained in paragraph 55 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

56.     Merck denies each and every allegation contained in paragraph 56 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

57.     Merck admits that in May 1999 the FDA approved Vioxx as safe and effective for certain indicated uses subject to the information contained in the relevant FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for Vioxx's indicated uses.  Merck further admits that Vioxx is Merck's trade name for rofecoxib.

58.     Merck denies each and every allegation contained in paragraph 58 of the Complaint.

59.     Merck denies each and every allegation contained in paragraph 59 of the Complaint.

60.     Merck denies knowledge or information sufficient to form a belief as to the truth of falsity of the allegations contained in paragraph 60 of the Complaint.

61.     Merck denies each and every allegation contained in paragraph 61 of the Complaint.

62.     Merck denies each and every allegation contained in paragraph 62 of the Complaint.

63.     Merck denies each and every allegation contained in paragraph 63 of the
Complaint except admits that Merck manufactured, marketed, and distributed the prescription
medicine Vioxx which reduces pain and inflammation and that the mechanism of action is
believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as
cyclooxygenase-2 (COX-2).  Merck further admits that Vioxx is Merck's trade name for
rofecoxib.

64.     Merck denies each and every allegation contained in paragraph 64 of the
Complaint except admits that Vioxx is part of a class of drugs known as non-steroidal anti-
inflammatory drugs or "NSAIDs" which reduce pain and inflammation and that the mechanism
of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an
enzyme known as cyclooxygenase-2 ("COX-2").  Merck further admits that Vioxx is a selective
COX-2 inhibitor.

65.     The allegations contained in paragraph 65 of the Complaint are not directed at
Merck and therefore no responsive pleading is required.  Should a response be deemed required,
Merck denies each and every allegation contained in paragraph 65 of the Complaint except
admits that the inhibition of cyclooxygenase-1 (COX-1) in patients taking traditional non-
selective NSAIDs such as naproxen is believed to be associated with gastric damage and
increased bleeding among patients taking such traditional non-selective NSAIDs.

66.     Merck denies each and every allegation contained in paragraph 66 of the
Complaint, including subparagraphs a through b.

67.     Merck denies each and every allegation contained in paragraph 67 of the
Complaint, including subparagraphs a through b, except admits that scientists at the Merck
Frosst Centre for Therapeutic Research were involved in the research and development of Vioxx.

68.     Merck denies each and every allegation contained in paragraph 68 of the
Complaint except admits that scientists at the Merck Frosst Centre for Therapeutic Research
were involved in the research and development of Vioxx.

69.     Merck denies each and every allegation contained in paragraph 69 of the
Complaint except admits that on or about December 20, 1994, Merck submitted its first IND
application with the FDA for human use.  Merck further admits that the intended use of the drug
under the initial IND was to treat osteoarthritis and acute pain.

70.     Merck denies each and every allegation contained in paragraph 70 of the
Complaint except admits that Vioxx is a selective COX-2 inhibitor and Merck sought and
received approval of the United States Food and Drug Administration ("FDA") to manufacture
and market the prescription medicine Vioxx.

71.     Merck denies each and every allegation contained in paragraph 71 of the
Complaint except admits that Merck sought and received approval of the United States Food and
Drug Administration ("FDA") to manufacture and market the prescription medicine Vioxx.
Merck further admits that it marketed Vioxx for the indicated uses set out in the relevant FDA
approved prescribing information.  Merck respectfully refers the Court to the FDA prescribing
information for Vioxx's indicated uses.

72.     Merck denies each and every allegation contained in paragraph 72 of the
Complaint except admits that sales figures exceeded $2 billion in 2003.

73.     Merck denies each and every allegation contained in paragraph 73 of the Complaint except admits that Plaintiff purports to characterize the referenced statement and respectfully refers the Court to the referenced statement for its actual language and full text.

74.     Merck denies each and every allegation contained in paragraph 74 of the Complaint.

75.     Merck denies each and every allegation contained in paragraph 75 of the Complaint.

76.     Merck denies each and every allegation contained in paragraph 76 of the Complaint except admits that Merck marketed the prescription medicine Vioxx.  Merck further admits that Plaintiff purports to quote only a portion of an unidentified memorandum and avers that the quoted language is taken out of context.  Merck further avers that the inhibition of cyclooxygenase-1 (COX-1) in patients taking traditional non-selective NSAIDs is believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

77.     Merck denies each and every allegation contained in paragraph 77 of the Complaint except admits that the referenced studies exist and respectfully refers the Court to said studies for their actual language and full text.

78.     Merck denies each and every allegation contained in paragraph 78 of the Complaint except admits that Plaintiff purports to quote portions of the referenced statement but avers that the quoted language is taken out of context.

79.    Merck denies each and every allegation contained in paragraph 79 of the
Complaint except admits that Plaintiff purports to quote portions of the referenced statement but
avers that the quoted language is taken out of context.

80.    Merck denies each and every allegation contained in paragraph 80 of the
Complaint except admits that the referenced study exists and respectfully refers the Court to the
referenced study for its actual language and full text.

81.    Merck denies each and every allegation contained in paragraph 81 of the
Complaint except admits that Plaintiff purports to quote portions of the referenced document but
avers that the quoted language is taken out of context.

82.    Merck admits the allegations contained in paragraph 82 of the Complaint that
Merck submitted an Application to Market a New Drug for Human Use for Vioxx (the
"Application") to the Food and Drug Administration ("FDA") on November 23, 1998 and
respectfully refers the Court to the Application for its actual language and full text.

83.    Merck denies each and every allegation contained in paragraph 83 of the
Complaint except admits that Merck sought and received FDA approval to manufacture and
market the prescription medicine Vioxx and respectfully refers the Court to the prescribing
information for Vioxx for its indicated uses.

84.    Merck denies each and every allegation contained in paragraph 84 of the
Complaint except admits that the referenced study exists and respectfully refers the Court to the
referenced study for its actual language and full text.

85.     Merck denies each and every allegation contained in paragraph 85 of the Complaint except admits that Plaintiff purports to quote portions of the referenced recommendation but avers that the quoted language is taken out of context.

86.     Merck admits the allegations contained in paragraph 86 of the Complaint that it submitted an Application to Market a New Drug for Human Use for Vioxx (the "Application") to the Food and Drug Administration ("FDA") and respectfully refers the Court to the Application for its actual language and full text.

87.     Merck admits the allegations contained in paragraph 87 of the Complaint that it submitted an Application to Market a New Drug for Human Use for Vioxx (the "Application") to the FDA and respectfully refers the Court to the Application for its actual language and full text.

88.     Merck denies each and every allegation contained in paragraph 88 of the Complaint except admits that Merck sought and received FDA approval to manufacture and market the prescription medicine Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its indicated uses.

89.     Merck denies each and every allegation contained in paragraph 89 of the Complaint except admits that Plaintiff purports to quote portions of the referenced label and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

90.     Merck denies each and every allegation contained in paragraph 90 of the Complaint except admits that Plaintiff purports to quote portions of the referenced label and

respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

91.    Merck denies each and every allegation contained in paragraph 91 of the Complaint except admits that Merck scientists participated in the VIGOR study involving Vioxx and respectfully refers the Court to the referenced study for its actual conclusions and full text.

92.    Merck admits that in paragraph 92 of the Complaint Plaintiff purports to quote the document referenced in said paragraph and respectfully refers the Court to the referenced document for its actual language and full text.

93.    Merck denies each and every allegation contained in paragraph 93 of the Complaint.

94.    Merck denies each and every allegation contained in paragraph 94 of the Complaint except admits that the referenced report exists and respectfully refers the Court to said report for its actual language and full text.

95.    Merck denies each and every allegation contained in paragraph 95 of the Complaint.

96.    Merck denies each and every allegation contained in paragraph 96 of the Complaint except admits that in March 2000 Merck forwarded to the FDA the VIGOR study. Merck respectfully refers the Court to the referenced study for its actual conclusions and full text.

97.    Merck denies each and every allegation contained in paragraph 97 of the Complaint except admits that Plaintiff purports to quote portions of the referenced label and

respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

98.     Merck denies each and every allegation contained in paragraph 98 of the Complaint except admits that Plaintiff purports to quote Dr. Scolnick but avers that said quotation is taken out of context.

99.     Merck denies each and every allegation contained in paragraph 99 of the Complaint.

100.    Merck denies each and every allegation contained in paragraph 100 of the Complaint except admits that Plaintiff purports to characterize certain statements but avers that said statements are taken out of context.

101.    Merck denies each and every allegation contained in paragraph 101 of the Complaint except admits that Plaintiff purports to reference certain statements by Dr. Fitzgerald but avers that said statements are taken out of context.

102.    Merck denies each and every allegation contained in paragraph 102 of the Complaint except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual language and full text.

103.    Merck denies each and every allegation contained in paragraph 103 of the Complaint.

104.    Merck denies each and every allegation contained in paragraph 104 of the Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

105.    Merck denies each and every allegation contained in paragraph 105, including subparagraphs a through k, of the Complaint, except admits that the referenced study, article and editorial exist, and respectfully refers the Court to said documents for their actual conclusions and full text.

106.    Merck denies each and every allegation contained in paragraph 106 of the Complaint except admits that Merck issued a press release on May 22, 2001 entitled "Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx" and respectfully refers the Court to the referenced press release for its actual language and full text.

107.    Merck denies each and every allegation contained in paragraph 107 of the Complaint except admits that Merck received a letter from a regulatory review officer in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

108.    Merck denies each and every allegation contained in paragraph 108 of the Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

109.    Merck denies each and every allegation contained in paragraph 109 of the Complaint except admits that the referenced studies exist and respectfully refer the Court to said studies for their actual language and full text.

110.    Merck denies each and every allegation contained in paragraph 110 of the Complaint except admits that the referenced statement exists and respectfully refers the Court to the referenced statement for its actual language and full text.

111.    Merck denies each and every allegation contained in paragraph 111 of the

Complaint except admits that the referenced press release exists and respectfully refers the Court

to the referenced press release for its actual language and full text.

112.    Merck denies each and every allegation contained in paragraph 112 of the

Complaint except admits that in April 2002 the FDA approved certain changes to the Vioxx

prescribing information and respectfully refers the Court to the prescribing information for

Vioxx for its actual language and full text.

113.    Merck denies each and every allegation contained in paragraph 113 of the

Complaint.

114.    Merck denies each and every allegation contained in paragraph 114 of the

Complaint except admits that Merck marketed the prescription medicine Vioxx.

115.    Merck denies each and every allegation contained in paragraph 115 of the

Complaint except admits that Merck marketed the prescription medicine Vioxx.

116.    Merck denies each and every allegation contained in paragraph 116 of the

Complaint.

117.    Merck denies each and every allegation contained in paragraph 117 of the

Complaint except admits that Merck marketed the prescription medication Vioxx.

118.    Merck admits that Dorothy Hamill was featured in ad campaigns as a

spokesperson for Vioxx.  Merck further admits that Plaintiff purports to quote portions of the

referenced advertisement and respectfully refers the Court to said advertisement for its actual

language and full text.

119.   Merck admits that Dorothy Hamill was featured in ad campaigns as a spokesperson for Vioxx. Merck further admits that Plaintiff purports to quote portions of the referenced advertisement and respectfully refers the Court to said advertisement for its actual language and full text.

120.   Merck denies each and every allegation contained in paragraph 120 of the Complaint.

121.   Merck denies each and every allegation contained in paragraph 121 of the Complaint except admits that Merck marketed the prescription medicine Vioxx.

122.   Merck denies each and every allegation contained in paragraph 122 of the Complaint.

123.   Merck denies each and every allegation contained in paragraph 123 of the Complaint except admits that Merck marketed the prescription medication Vioxx, and that 2003 sales figures for Vioxx exceeded $2 billion.

124.   Merck denies each and every allegation contained in paragraph 124 of the Complaint.

125.   Merck denies each and every allegation contained in paragraph 125 of the Complaint.

126.   Merck denies each and every allegation contained in paragraph 126 of the Complaint.

127.   Merck denies each and every allegation contained in paragraph 127 of the Complaint, including subparagraphs a through c.

128.    Merck denies each and every allegation contained in paragraph 128 of the
Complaint except admits that in December 1999 Merck received a letter from a regulatory
officer of the FDA regarding Vioxx and respectfully refers the Court to the referenced letter for
its actual language and full text.

129.    Merck denies each and every allegation contained in paragraph 129 of the
Complaint except admits that in September 2001 Merck received a letter from a regulatory
officer of the FDA regarding Vioxx and respectfully refers the Court to the referenced letter for
its actual language and full text.

130.    Merck denies each and every allegation contained in paragraph 130 of the
Complaint except admits that Merck received a letter from a regulatory review officer in
September 2001 and respectfully refers the Court to that letter for its actual language and full
text.

131.    Merck denies each and every allegation contained in paragraph 131 of the
Complaint, including subparagraphs a through i, except admits that Merck received a letter from
a regulatory review officer in September 2001 and respectfully refers the Court to that letter for
its actual language and full text.

132.    Merck denies each and every allegation contained in paragraph 132 of the
Complaint except admits that in April 2002 the FDA approved certain changes to the Vioxx
prescribing information and respectfully refers the Court to the prescribing information for
Vioxx for its actual language and full text.

133.    Merck denies each and every allegation contained in paragraph 133 of the
Complaint except admits that in April 2002 the FDA approved certain changes to the Vioxx

prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

134.    Merck denies each and every allegation contained in paragraph 134 of the Complaint except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

135.    Merck denies each and every allegation contained in paragraph 135 of the Complaint except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

136.    Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 136 of the Complaint.

137.    Merck denies each and every allegation contained in paragraph 137 of the Complaint.

138.    Merck denies each and every allegation contained in paragraph 138 of the Complaint except admits that Plaintiff purports to quote from Merck's 2001 Annual Report and respectfully refers the Court to the 2001 Annual Report for its actual language and full text.

139.    Merck denies each and every allegation contained in paragraph 139 of the Complaint except admits that Plaintiff purports to quote from a Merck 8-k filing with the Securities and Exchange Commission and respectfully refers the Court to the relevant document for its actual language and full text.

140.   Merck denies each and every allegation contained in paragraph 140 of the Complaint.

141.   Merck denies each and every allegation contained in paragraph 141 of the Complaint.

142.   Merck denies each and every allegation contained in paragraph 142 of the Complaint.

143.   Merck denies each and every allegation contained in paragraph 143 of the Complaint.

144.   Merck denies each and every allegation contained in paragraph 144 of the Complaint.

145.   Merck denies each and every allegation contained in paragraph 145 of the Complaint.

146.   Merck denies each and every allegation contained in paragraph 146 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

147.   Merck denies each and every allegation contained in paragraph 147 of the Complaint.

148.   Merck denies each and every allegation in paragraph 148 of the Complaint except admits various cardiovascular adverse events associated with Vioxx have been reported to the AERS system and respectfully refers the Court to the AERS system for complete data on particular reported events.

149.    Merck denies each and every allegation contained in paragraph 149 of the Complaint except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

150.    Merck denies each and every allegation contained in paragraph 150 of the Complaint except admits that the referenced study exists, that Merck received preliminary analyses from the study in 2003, and that the study continued into 2004 and respectfully refers the Court to the referenced study for its actual language and full text.

151.    Merck denies each and every allegation contained in paragraph 151 of the Complaint except admits that Plaintiff purports to quote a certain portion of the referenced article and respectfully refers the Court to the referenced article for its actual language and full text.

152.    Merck denies each and every allegation contained in paragraph 152 of the Complaint except admits that Plaintiff purports to quote Dr. Kim but avers that the quoted language is taken out of context and respectfully refers the Court to the referenced article for its actual language and full text.

153.    Merck denies each and every allegation contained in paragraph 153 of the Complaint except admits that Plaintiff purports to quote a certain portion of the referenced report and respectfully refers the Court to the referenced report for its actual language and full text.

154.    Merck denies each and every allegation contained in paragraph 154 of the Complaint except admits that the referenced application exists and respectfully refers the Court to the referenced application for its actual language and full text.

155.    Merck denies each and every allegation contained in paragraph 155 of the
Complaint and respectfully refers the Court to the referenced study for its actual language and
full text.

156.    Merck denies each and every allegation contained in paragraph 156 of the
Complaint except admits that Plaintiff purports to quote a portion of the referenced statement and
respectfully refers the Court to the referenced statement for its actual language and full text.

157.    Merck denies each and every allegation contained in paragraph 157 of the
Complaint except admits that Plaintiff purports to quote a portion of the referenced statement and
respectfully refers the Court to the referenced statement for its actual language and full text.

158.    Merck denies each and every allegation contained in paragraph 158 of the
Complaint except admits that on September 27, 2004 Merck contacted the FDA and advised the
FDA that the APPROVe clinical trial had been halted.

159.    Merck denies each and every allegation contained in paragraph 159 of the
Complaint except admits that on September 28, 2004 Merck informed FDA officials of Merck's
decision to voluntarily withdraw Vioxx from the worldwide market.

160.    Merck denies each and every allegation contained in paragraph 160 of the
Complaint except admits that on September 30, 2004 Merck announced the voluntary worldwide
withdrawal of Vioxx and respectfully refers the Court to the referenced announcement for its
actual language and full text. Merck further avers that it announced on September 30, 2004 that
in a prospective, randomized, placebo controlled clinical trial there was an increased relative risk
for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking
Vioxx compared with those taking placebo and that given the availability of alternative therapies

and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interests of patients.

161.    Merck denies each and every allegation contained in paragraph 161 of the Complaint except admits that the referenced studies exist and respectfully refers the Court to said studies for their actual language and full text.

162.    Merck denies each and every allegation contained in paragraph 162 of the Complaint except admits that the referenced studies exist and respectfully refers the Court to said studies for their actual language and full text.

163.    Merck denies each and every allegation contained in paragraph 163 of the Complaint and respectfully refers the Court to the referenced study for its actual language and full text.

164.    Merck denies each and every allegation contained in paragraph 164 of the Complaint and respectfully refers the Court to the referenced study for its actual language and full text.

165.    The allegations contained in paragraph 165 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

166.    Merck denies each and every allegation contained in paragraph 166 of the Complaint.

167.    Merck denies each and every allegation contained in paragraph 167 of the Complaint except admits that Plaintiff purports to quote a portion of the referenced article and respectfully refers the Court to the referenced article for its actual language and full text.

168.   The allegations contained in paragraph 168 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 168 of the Complaint.

169.   Merck admits that in February 2005 it participated in hearings conducted by the FDA Arthritis Drug Advisory Committee.

170.   Merck denies each and every allegation contained in paragraph 170 of the Complaint.

**RESPONSE TO "COUNT I - NEGLIGENCE
Plaintiff vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice,
Louis Sherwood, M.D. and Edward Scolnick, M.D."**

171.   With respect to the allegations contained in paragraph 171 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

172.   Merck denies each and every allegation contained in paragraph 172 of the Complaint.

173.   Merck denies each and every allegation contained in paragraph 173 of the Complaint.

174.   Merck denies each and every allegation contained in paragraph 174 of the Complaint.

175.   The allegations contained in paragraph 175 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck

denies each and every allegation contained in said paragraph and respectively refers the Court to the relevant state law standard, including any conflict of laws rules.

176.    Merck denies each and every allegation contained in paragraph 176 of the Complaint, including subparagraphs a through n.

177.    Merck denies each and every allegation contained in paragraph 177 of the Complaint.

178.    Merck denies each and every allegation contained in paragraph 178 of the Complaint.

179.    Merck denies each and every allegation contained in paragraph 179 of the Complaint.

180.    Merck denies each and every allegation contained in paragraph 180 of the Complaint.

## RESPONSE TO "COUNT II – NEGLIGENCE *PER SE* Plaintiff vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D. and Edward Scolnick, M.D."

181.    With respect to the allegations contained in paragraph 181 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

182.    The allegations contained in paragraph 182 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies it violated any applicable law in the manufacture, sale and design of Vioxx.

183.    Merck denies each and every allegation contained in paragraph 183 of the Complaint.

184.    The allegations contained in paragraph 184 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

185.    The allegations contained in paragraph 185 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

186.    Merck denies each and every allegation contained in paragraph 186 of the Complaint, including subparagraphs a through e.

187.    Merck denies each and every allegation contained in paragraph 187 of the Complaint.

### RESPONSE TO "COUNT III - STRICT LIABILITY
### (Design Defect)
### Plaintiff vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice,
### Louis Sherwood, M.D. and Edward Scolnick, M.D."

188.    With respect to the allegations contained in paragraph 188 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

189.    Merck admits that it manufactured, marketed, and distributed the prescription drug Vioxx until Merck voluntarily withdrew Vioxx from the market on September 30, 2004. Merck denies each and every remaining allegation contained in paragraph 189 of the Complaint except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's alleged use of Vioxx.

190.    Merck denies each and every allegation contained in paragraph 190 of the

Complaint except admits that it manufactured, marketed, and distributed the prescription

medicine Vioxx until Merck voluntarily withdrew Vioxx from the market on September 30,

2004.

191.    Merck denies each and every allegation contained in paragraph 191 the Complaint

except denies knowledge or information sufficient to form a belief as to the truth or falsity of the

allegations contained in the last sentence of paragraph 191 of the Complaint.

192.    Merck denies each and every allegation contained in paragraph 192 of the

Complaint.

193.    Merck denies each and every allegation contained in paragraph 193 of the

Complaint.

194.    Merck denies each and every allegation contained in paragraph 194 of the

Complaint.

195.    Merck denies each and every allegation contained in paragraph 195 of the

Complaint.

196.    Merck denies each and every allegation contained in paragraph 196 of the

Complaint.

197.    Merck denies each and every allegation directed at it contained in paragraph 197

of the Complaint.

198.    The allegations contained in paragraph 198 of the Complaint are legal conclusions

as to which no responsive pleading is required. Should a response be deemed required, Merck

denies each and every allegation contained in said paragraph and respectfully refers the Court to the relevant state law standard, including any applicable conflicts of laws rules.

199.     Merck denies each and every allegation contained in paragraph 199 of the Complaint.

200.     Merck denies each and every allegation contained in paragraph 200 of the Complaint.

201.     Merck denies each and every allegation contained in paragraph 201 of the Complaint.

202.     Merck denies each and every allegation contained in paragraph 202 of the Complaint.

**RESPONSE TO "COUNT IV - STRICT LIABILITY**
**(Failure to Warn)**
**Plaintiff vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice,**
**Louis Sherwood, M.D. and Edward Scolnick, M.D."**

203.     With respect to the allegations contained in paragraph 203 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

204.     Merck denies each and every allegation contained in paragraph 204 of the Complaint.

205.     Merck denies each and every allegation contained in paragraph 205 of the Complaint.

206.     Merck denies each and every allegation contained in paragraph 206 of the

Complaint except admits that Merck manufactured, marketed, and distributed the prescription

medicine Vioxx.

207.     Merck denies each and every allegation contained in paragraph 207 of the

Complaint.

## RESPONSE TO "COUNT V - NEGLIGENT FAILURE TO WARN
### Plaintiff vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D. and Edward Scolnick, M.D."

208.     With respect to the allegations contained in paragraph 208 of the Complaint,

Merck repeats and re-alleges each and every admission, denial, averment, and statement

contained in the preceding and succeeding paragraphs of this Answer with the same force and

effect as though set forth here in full.

209.     Merck denies each and every allegation contained in paragraph 209 of the

Complaint except admits that Merck manufactured, marketed, and distributed the prescription

medicine Vioxx.

210.     Merck denies each and every allegation contained in paragraph 210 of the

Complaint.

211.     Merck denies each and every allegation contained in paragraph 211 of the

Complaint.

212.     Merck denies each and every allegation contained in paragraph 212 of the

Complaint.

213.     Merck denies each and every allegation contained in paragraph 213 of the

Complaint except admits that Merck manufactured, marketed, and distributed the prescription

medicine Vioxx.

214.    Merck denies each and every allegation contained in paragraph 214 of the
Complaint.

### RESPONSE TO "COUNT VI - BREACH OF IMPLIED WARRANTY
### Plaintiff vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice,
### Louis Sherwood, M.D. and Edward Scolnick, M.D."

215.    With respect to the allegations contained in paragraph 215 of the Complaint,
Merck repeats and re-alleges each and every admission, denial, averment, and statement
contained in the preceding and succeeding paragraphs of this Answer with the same force and
effect as though set forth here in full.

216.    Merck denies knowledge or information sufficient to form a belief as to the truth
or falsity of the allegations contained in paragraph 216 of the Complaint except admits that
Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

217.    Merck denies knowledge or information sufficient to form a belief as to the truth
or falsity of the allegations contained in paragraph 217 of the Complaint.

218.    The allegations contained in paragraph 218 of the Complaint are legal conclusions
as to which no responsive pleading is required.  Should a response be deemed required, Merck
denies each and every allegation contained in said paragraph.

219.    Merck denies each and every allegation contained in paragraph 219 of the
Complaint.

220.    Merck denies each and every allegation contained in paragraph 220 of the
Complaint.

221.    Merck denies each and every allegation contained in paragraph 221 of the
Complaint.

222.    The allegations contained in paragraph 222 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

223.    Merck denies each and every allegation contained in paragraph 223 of the Complaint.

224.    Merck denies each and every allegation contained in paragraph 224 of the Complaint, including subparagraphs a through c.

225.    Merck denies each and every allegation contained in paragraph 225 of the Complaint.

226.    Merck denies each and every allegation contained in paragraph 226 of the Complaint.

227.    Merck denies each and every allegation contained in paragraph 227 of the Complaint.

### RESPONSE TO "COUNT VII - BREACH OF EXPRESS WARRANTY Plaintiff vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D. and Edward Scolnick, M.D."

228.    With respect to the allegations contained in paragraph 228 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

229.    Merck denies each and every allegation contained in paragraph 229 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

230.     Merck denies each and every allegation contained in paragraph 230 of the Complaint.

231.     Merck denies each and every allegation contained in paragraph 231 of the Complaint.

232.     Merck denies each and every allegation contained in paragraph 232 of the Complaint.

233.     Merck denies each and every allegation contained in paragraph 233 of the Complaint.

234.     Merck denies each and every allegation contained in paragraph 234 of the Complaint.

235.     Merck denies each and every allegation contained in paragraph 235 of the Complaint.

236.     Merck denies each and every allegation contained in paragraph 236 of the Complaint, including subparagraphs a through b.

237.     Merck denies each and every allegation contained in paragraph 237 of the Complaint.

238.     Merck denies each and every allegation contained in paragraph 238 of the Complaint.

239.     Merck denies each and every allegation contained in paragraph 239 of the Complaint.

240.     Merck denies each and every allegation contained in paragraph 240 of the Complaint.

241.    Merck denies each and every allegation contained in paragraph 241 of the

Complaint, including subparagraphs a through c.

242.    Merck denies each and every allegation contained in paragraph 242 of the

Complaint.

## RESPONSE TO "COUNT VIII - MISREPRESENTATION AND SUPPRESSION BY DEFENDANT
### Plaintiff vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D. and Edward Scolnick, M.D."

243.    With respect to the allegations contained in paragraph 243 of the Complaint,

Merck repeats and re-alleges each and every admission, denial, averment, and statement

contained in the preceding and succeeding paragraphs of this Answer with the same force and

effect as though set forth here in full.

244.    Merck denies each and every allegation contained in paragraph 244 of the

Complaint.

245.    Merck denies each and every allegation contained in paragraph 245 of the

Complaint, including subparagraphs a through e.

246.    Merck denies each and every allegation contained in paragraph 246 of the

Complaint.

247.    Merck denies each and every allegation contained in paragraph 247 of the

Complaint.

248.    Merck denies each and every allegation contained in paragraph 248 of the

Complaint.

249.    Merck denies each and every allegation contained in paragraph 249 of the

Complaint.

250. Merck denies each and every allegation contained in paragraph 250 of the Complaint.

251. Merck denies each and every allegation contained in paragraph 251 of the Complaint.

252. Merck denies each and every allegation contained in paragraph 252 of the Complaint.

253. Merck denies each and every allegation contained in paragraph 253 of the Complaint.

## RESPONSE TO "COUNT IX - FRAUD AND MISREPRESENTATION Plaintiff vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D. and Edward Scolnick, M.D."

254. With respect to the allegations contained in paragraph 254 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

255. Merck denies each and every allegation contained in paragraph 255 of the Complaint.

256. Merck denies each and every allegation contained in paragraph 256 of the Complaint.

257. Merck denies each and every allegation contained in paragraph 257 of the Complaint.

258. Merck denies each and every allegation contained in paragraph 258 of the Complaint.

259.     Merck denies each and every allegation contained in paragraph 259 of the Complaint.

260.     Merck denies each and every allegation contained in paragraph 260 of the Complaint.

261.     Merck denies each and every allegation contained in paragraph 261 of the Complaint.

262.     Merck denies each and every allegation contained in paragraph 262 of the Complaint.

### RESPONSE TO "COUNT X - NEGLIGENT MISREPRESENTATION
### Plaintiff vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice,
### Louis Sherwood, M.D. and Edward Scolnick, M.D."

263.     With respect to the allegations contained in paragraph 263 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

264.     Merck denies each and every allegation contained in paragraph 264 of the Complaint.

265.     Merck denies each and every allegation contained in paragraph 265 of the Complaint.

266.     The allegations contained in paragraph 266 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

267.     The allegations contained in paragraph 267 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck

denies each and every allegation contained in said paragraph and respectively refers the Court to the relevant state law standard, including any conflict of laws rules.

268.   Merck denies each and every allegation contained in paragraph 268 of the Complaint.

269.   Merck denies each and every allegation contained in paragraph 269 of the Complaint.

270.   Merck denies each and every allegation contained in paragraph 270 of the Complaint.

### RESPONSE TO "COUNT XI - UNJUST ENRICHMENT Plaintiff vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D. and Edward Scolnick, M.D."

271.   With respect to the allegations contained in paragraph 271 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

272.   Merck denies each and every allegation contained in paragraph 272 of the Complaint.

273.   Merck denies each and every allegation contained in paragraph 273 of the Complaint.

274.   Merck denies each and every allegation contained in paragraph 274 of the Complaint.

## RESPONSE TO "COUNT XII - PUNITIVE DAMAGES
### Plaintiff vs. Merck & Company, Inc., Peter S. Kim, Ph.D., David Anstice, Louis Sherwood, M.D. and Edward Scolnick, M.D."

275. With respect to the allegations contained in paragraph 275 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding and succeeding paragraphs of this Answer with the same force and effect as though set forth here in full.

276. The allegations contained in paragraph 276 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in said paragraph.

## RESPONSE TO "COUNT XIII - RECKLESS DISREGARD FOR SAFETY
### Plaintiffs vs. Defendants Anstice, Kim, Sherwood and Scolnick"

277. With respect to the allegations contained in paragraph 277 of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

278. The allegations contained in paragraph 278 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

279. The allegations contained in paragraph 279 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

280.    The allegations contained in paragraph 280 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

281.    The allegations contained in paragraph 281 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

282.    The allegations contained in paragraph 282 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

283.    The allegations contained in paragraph 283 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

284.    The allegations contained in paragraph 284 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, the allegations contained in paragraph 284 of the Complaint are legal conclusions as to which no responsive pleading is required.

285.    The allegations contained in paragraph 285 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

286.     Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

287.     The Complaint fails to state a claim upon which relief can be granted.

288.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

289.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

290.     To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

291.     To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

292.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

293.     Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative negligence.

294.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully

assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

295.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

296.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

297.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this Defendant is not responsible.

298.    To the extent Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

299.    Plaintiff's claim are barred in whole or in part under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

300.    Plaintiff's claims are barred in whole or in part by the First Amendment.

301.    Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

302.    Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

303.    Plaintiff's claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

304.    Plaintiff's claims are barred under Section 4, et seq., of the Restatement (Third) of Torts:  Products Liability.

305.    This case is more appropriately brought in a different venue.

306.    To the extent Plaintiff settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

307.    To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

308.    Plaintiff's claims are barred in whole or in part because Plaintiff failed to mitigate the alleged damages.

309.    Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).

310.    Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

311.    To the extent Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

312.    Plaintiff's demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

313.    To the extent Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Dated: September __11__, 2006

Respectfully submitted,

Phillip A. Whittmann, 13625
Dorothy H. Wimberly, 18509
Camelite M. Bertaut, 3054
Stone Pigman Walther Whittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

Fred T. Magaziner
Joseph K. Hetrick
A. Elizabeth Balakhani
Joshua G. Schiller
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA  19104-2808
Phone: (215) 994-4000
Fax: (215) 994-2222

Counsel for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Jury Demand of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court ofr the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this _11th_ day of September, 2006.

                    /s/ Dorothy H. Wimberly
                    Dorothy H. Wimberly, 18509
                    STONE PIGMAN WALTHER
                    WITTMANN L.L.C.
                    546 Carondelet Street
                    New Orleans, Louisiana 70130
                    Phone: 504-581-3200
                    Fax:    504-581-3361
                    dwimberly@stonepigman.com

                    Defendant's Liaison Counsel