*Reviewed + ruled on* ____ *(signature)*

**Smith v. Merck**

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

Merck includes for the Court's convenience the rulings, if any, on Merck's objections made to Plaintiff's Pre-Admissible Exhibit List in the *Barnett* trial.
However, these rulings should not necessarily guide the Court's rulings in the *Smith* trial because unlike Mr. Barnett, Mr. Smith used Vioxx only after the April 2002 label change.

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 1.0001 | MRK-ACT0018064 | MRK-ACT0018064 | 02/08/2001 | Email from Harry A. Guess to Douglas J. Watson Re: Advisory Committee Meeting | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Smith's prescriber. Takes statement out of context and confuses jury. Any probative value is substantially outweighed by prejudicial effect. | Admissible. 401 re: what Merck did and why. Relevance to admissibility outweighes 403. *admissible* |
| 1.0002 | MRK-ABW0004799 | MRK-ABW0004799 | 10/18/2001 | Email from Edward Scolnick to David Anstice Re: Reactions to Revised Label | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Smith's prescriber. Any probative value is substantially outweighed by prejudicial effect. | Admissible. 401 to show what known and when. *admissible* |
| 1.0003 | MRK-ACR0014514 | MRK-ACR0014514 | 04/06/2001 | Email from Scolnick to Greene in re Approvable letter | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Smith's prescriber. Any probative value is substantially outweighed by prejudicial effect. | *admissible* |
| 1.0004 | MRK-NJ0315892 | MRK-NJ0315894 | 02/26/1997 | "Email from Brian F. Daniels to Thomas Simon, et al. Re: GI Outcomes Trial Protocol" | None | Admissible. |
| 1.0005 | MRK-ABX0016509 | MRK-ABX0016510 | 11/26/2001 | Email from D. Anstice FW: Three Items | None | *admissible* |
| 1.0006 | MRK-ABA0003277 | MRK-ABA0003284 | 09/17/2001 | Warning letter from Thomas Abrams to Raymond Gilmartin | 401, 402, 403, 801, 802. All events at issue pre-dated Smith's use of Vioxx. There is no evidence that Smith's prescriber was exposed to any of these materials. Smith's prescriber testified in deposition that Warning Letter would not have changed his prescribing decision. Any probative value is substantially outweighed by prejudicial effect. The letter also contains hearsay statements by non-Merck individuals. | Admissible. 401 goes to what and when known and relevant to pre- and post-warning letter actions of Merck. *admissible* |
| 1.0007 | MRK-AAR0019773 | MRK-AAR0019786 | | Vioxx Dodgeball | Incomplete. 401, 402, 403. Any probative value is substantially outweighed by prejudicial effect. Also irrelevant because the prescribing physician testified that no Merck sales rep avoided any of his questions. The exhibit is also incomplete because it does not include the rules of the training exercise. | Admissible. 401 to show state of mind and explain or prove actions. *admissible* |

Page 1

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 1.0008 | MRK-AAR0019055 | MRK-AAR0019060 | | CV Card | 401, 402, 403. This is irrelevant because there is no evidence Smith's prescriber or anyone else in this case ever saw the CV Card. Any probative value is substantially outweighed by prejudicial effect. Even if Smith's prescriber had seen the CV Card, use of the CV Card by Merck sales reps was discontinued upon approval of the April 2002 label, and the information in the CV Card was superceded by the information in that label, which Smith's prescriber relied upon prior to prescribing Vioxx to Smith. | Admissible. |
| 1.0009 | MRK-AAO0000073 | MRK-AAO0000118 | 09/01/2000 | 2001 Profit Plan for Vioxx | 401, 402, 403. Sales data are irrelevant and unfairly prejudicial, especially in compensatory phase. Also inadmissible under Kentucky law. | Admissible. But as in other documents this is not self-explanatory so must be used with witness who knows something about it or on cross. Note: There are some 403 problems here, but they are out-weighed by significance of proving, rebutting, questioning, supporting, etc. Merck's economic interest as explanation for actions. Some ruling |
| 1.0010 | MRK-ABH0014114 | MRK-ABH0014118 | 06/01/1998 | Email from Edward Scolnick to Erroll McKinney Re: Celebrax submission within 2 months - Schroders | 401, 402, 403, 801, 802. Stock analyst report is hearsay. Financial forecasts are irrelevant and unfairly prejudicial, especially in compensatory phase. Also inadmissible under Kentucky law. | Admissible. |
| 1.0011 | MRK-ABS0194661 | MRK-ABS0194664 | 10/20/1998 | Email from Scolnick: Research Notes "MRK: Poor Composition to QP3 EPS; Downgrade to Neutral | 401, 402, 403, 801, 802. Stock analyst report is hearsay. Financial forecasts are irrelevant and unfairly prejudicial, especially in compensatory phase. Also inadmissible under Kentucky law. | no ruling |
| 1.0012 | MRK-ABK0302077 | MRK-ABK0302077 | 04/03/2000 | Email from Patrono to Laurenzi– preliminary VIGOR data | Incomplete, 801, 802. The email is inadmissible hearsay. The exhibit is also incomplete because it contains only the first page of a multiple page email. | only W. portion to stand. Copies |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 1.0013 | MRK-AFI0201416 | MRK-AFI0201442 | 07/23/1999 | List of physicians to neutralize | 401, 402, 403, 801, 802. No evidence any of the physicians mentioned ever had any contact with anyone in this case. Any probative value is substantially outweighed by prejudicial effect. Document contains hearsay statements. | Admissible. *[handwritten]* |
| 1.0014 | MRK-AFK0190650 | MRK-AFK0190650 | 02/01/2005 | J. Ng email re: Preliminary VICTOR CV counts | Incomplete. 401, 402, 403.  Document provides preliminary data now superceded by final data. The jurors should not be confused with preliminary data when more complete data is available.  Any probative value is substantially outweighed by prejudicial effect.  Document is incomplete. | *[handwritten]* |
| 1.0015 | MRK-AFK0190651 | MRK-AFK0190651 | 02/01/2005 | VICTOR KM Plot of Time to Confirmed Thrombotic CV events for Protocol 145 | Incomplete. 401, 402, 403.  Document provides preliminary data now superceded by final data. The jurors should not be confused with preliminary data when more complete data is available.  Any probative value is substantially outweighed by prejudicial effect.  Document is incomplete. | *[handwritten]* |
| 1.0016 | MRK-AFK0190652 | MRK-AFK0190652 | 02/01/2005 | VICTOR KM Plot of Time to APTC SAEs for Protocol 145 | Incomplete. 401, 402, 403.  Document provides preliminary data now superceded by final data. The jurors should not be confused with preliminary data when more complete data is available.  Any probative value is substantially outweighed by prejudicial effect.  Document is incomplete. | *[handwritten]* |
| 1.0017 | MRK-NJ0070364 | MRK-NJ0070416 | 10/18/2000 | Vioxx Preliminary Cardiovascular Meta-Analysis Slide Set by Deborah Shapiro | None | Admissible. *[handwritten]* |
| 1.0019 | MRK-NJ0152620 | MRK-NJ0152623 | 10/27/1997 | Letter from John Oates to Alan Nies Re: Effect of Vioxx on Prostacyclin Biosynthesis | None | Admissible. *[handwritten]* |
| 1.0020 | MRK-NJ0000862 | MRK-NJ0000869 | 09/12/1996 | Memo from Terri Randall to Vioxx Project Team Members Re: Project team minutes of 9-4-96 | None | Admissible. *[handwritten]* |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 1.0021 | MRK-01420099060 | MRK-01420099061 | 04/11/2001 | FDA-MRL Meeting NDA 21-042/S-007: VIGOR Re: Protocol 069 Minutes | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Smith's prescriber. Any probative value is substantially outweighed by prejudicial effect. | admissible |
| 1.0022 | MRK-01420101964 | MRK-01420101967 | 04/17/2001 | "April 17, 2001 "approvable"" letter from Jonca Bull of the FDA to R. Silverman" | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Smith's prescriber. Any probative value is substantially outweighed by prejudicial effect. | admissible |
| 1.0029 | MRK-AAB0108912 | MRK-AAB0108931 | | Analyses of Unadjudicated and Adjudicated Tehmoembolioc Advers Experiences | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. | Reserve ruling |
| 1.0033 | MRK-AAD0329040 | MRK-AAD0329043 | 07/31/2003 | Standby Statement: Trials Of Vioxx (rofecoxib) in Alzheimer's disease | None | ✓ |
| 1.0042 | MRK-AAI0000061 | MRK-AAI0000124 | 12/31/1999 | Merck 1999 Annual Report - Vioxx: Our biggest, fastest, and best launch ever" | None | ✓ |
| 1.0060 | MRK-AAR0073258 | MRK-AAR0073258 | | VID:Be the Power 2S01 | 401, 402, 403. Irrelevant because there is no evidence Smith's prescriber or anyone else in this case ever saw this video. Any probative value is substantially outweighed by prejudicial effect. | Reserve ruling |
| 1.0061 | MRK-AAR0007240 | MRK-AAR0007248 | 05/23/2001 | Bulletin for Vioxx Action Required: Response to New York Times Article | None | Admissible |
| 1.0062 | MRK-AAR0007383 | MRK-AAR0007384 | 04/28/2000 | Bulletin for Vioxx: New Resource: Cardiovascular Card | 401, 402, 403. Irrelevant because there is no evidence that Smith's prescriber or anyone else in this case ever saw this document or the CV card. This is also a draft CV card that was never shown to any doctors, much less any doctor in this case. Any probative value is substantially outweighed by the danger of unfair prejudice. Even if Smith's prescriber had seen the CV Card, use of the CV Card by Merck sales reps was discontinued upon approval of the April 2002 label, and the information in the CV Card was superceded by the information in that label, which Smith's prescriber relied upon prior to prescribing Vioxx to Smith. | admissible |

**Smith v. Merck**

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 1.0063 | MRK-AAR0007570 | MRK-AAR0007699 | 01/01/2000 | Memo from Market Integration Team for Vioxx Re: Top Ten Obstacle Handlers and Obstacle Response Guide Vioxx | 401, 402, 403. Irrelevant because there is no evidence that any case-specific sales reps saw or used these. Any probative value is substantially outweighed by prejudicial effect. | admissible |
| 1.0064 | MRK-AAR0010111 | MRK-AAR0010126 | | Obstacle Jeopardy | 401, 402, 403. Any probative value is substantially outweighed by prejudicial effect. Irrelevant because there is no evidence that anyone in this case ever saw this document. Also irrelevant because the prescribing physician testified that no Merck sales rep avoided any of his questions. | Admissible. admissible |
| 1.0068 | MRK-AAR0021103 | MRK-AAR0021108 | 08/21/2001 | "Bulletin for Vioxx: Action Required: Response to JAMA, "Risk of Cardiovascular Events Associated with Selective COX-2 Inhibitors"" | None | Admissible. |
| 1.0069 | MRK-AAR0021110 | MRK-AAR0021110 | 08/30/2001 | Letter from Lewis Sherwood to Healthcare Provider | None | Admissible. ✓ |
| 1.0074 | MRK-AAX0000597 | MRK-AAX0000600 | 08/21/2001 | "Merck News Release "Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx"" | None | ✓ |
| 1.0076 | MRK-AAX0000696 | MRK-AAX0000705 | | "Deaths in MK-0966 Studies 078, 091, 126" | Incomplete, 401, 402, 403. Incomplete document. Irrelevant because document concerns mortality and all-cause mortality, neither of which are at issue in this case. Any probative value is substantially outweighed by prejudicial effect. | admissible |
| 1.0077 | MRK-AAX0000710 | MRK-AAX0000724 | 04/08/2001 | Memo from J. Chen to R. Bain re: MK-0966 protocol 078 prevention trial / summary of the interim mortality analyses | 401, 402, 403. Irrelevant because document concerns mortality and all-cause mortality, neither of which are at issue in this case. Any probative value is substantially outweighed by prejudicial effect. | admissibly nt witness no haying? not relevant |
| 1.0078 | MRK-AAX0000725 | MRK-AAX0000751 | 04/04/2001 | "Memo from J. Chen to R. Bain re: MK-0966 protocol 091 first AD treatment trial / summary of the mortality analysis" | 401, 402, 403. Irrelevant because document concerns mortality and all-cause mortality, neither of which are at issue in this case. Any probative value is substantially outweighed by prejudicial effect. | admissible nr appro |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Rating |
|---|---|---|---|---|---|---|
| 1.0079 | MRK-AAX0000752 | MRK-AAX00000776 | 04/08/2001 | Memo from Joshua Chen to Raymond Bain RE: Combined Mortality Analysis Protocol 091 + Protocol 078 | 401, 402, 403. Irrelevant because document concerns mortality and all-cause mortality, neither of which are at issue in this case. Any probative value is substantially outweighed by prejudicial effect. | Admissible. admissible |
| 1.0082 | MRK-AAX0002413 | MRK-AAX0002420 | 11/21/1996 | "Memo from Thomas Musliner to B. Friedman, A. Nies and R. Spector; Subject: Anticipated consequences of NSAID Antiplatelet effects of cardiovascular events and effects of excluding low-dose aspirin use in the Cox-2 GI Outcomes Megatrial" | None | ✓ |
| 1.0084 | MRK-AAX0002759 | MRK-AAX0002759 | 12/20/1999 | Letters between Michael Weinblat & Alise Reicin Re: VIGOR Trial | None | Admissible. ✓ |
| 1.0085 | MRK-AAX0002760 | MRK-AAX0002760 | 01/24/2000 | Letter to Alise Reicin from Michael Weinblatt Re: Merck Management's Position on Serious Thrombotic and Embolic Cardiovascular Adverse Events | 801, 802. This is hearsay -- out of court statement by non-Merck witness offered for its truth. | admissible w/ appropriate redaction |
| 1.0086 | MRK-AAX0002761 | MRK-0002766 | 02/07/2000 | "Letter from Alise Reicin to Michael Weinblatt, MD re: Merck's for analyzing Adverse experiences in VIGOR" | None | ✓ |
| 1.0087 | MRK-AAX0002768 | MRK-AAX0002850 | 03/02/2000 | "Statistical Data Analysis Plan Amendment No. 1 for VIGOR by Deborah Shapiro, et al." | None | ✓ |
| 1.0088 | MRK-AAX0002894 | MRK-AAX0002895 | 01/24/2000 | "Email from Thomas Capizzi to Alise Reicin, et al. Re: VIGOR CV Events Analysis" | None | ✓ |
| 1.0089 | MRK-AAX0002908 | MRK-AAX0002911 | 01/17/2000 | "Email from Thomas Capizzi to Alise Reicin, et al. Re: VIGOR CV Events Analysis" | None | ✓ |
| 1.0091 | MRK-AAX0008561 | MRK-AAX0008581 | 10/15/2001 | Draft VIOXX Label | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Smith's prescriber. Any probative value is substantially outweighed by prejudicial effect. | Admissible. admissible |
| 1.0092 | MRK-AAZ0001608 | MRK-AAZ0001609 | 05/08/2001 | Email from Edward Scolnick to Laura Demopoulos Re: Topol Idea | None | ✓ |
| 1.0093 | MRK-AAZ0002085 | MRK-AAZ0002086 | 08/20/2001 | E. Scolnick email RE: Canine thrombosis paper | None | ✓ |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Basis | Court Ruling |
|---|---|---|---|---|---|---|---|
| 1.0095 | MRK-ABA0003490 | MRK-ABA0003491 | 02/04/2002 | Letter from Carlos Patrono to Dr. Braunwald Re: VALOR-TIMI 30 protocol | 801, 802. The document is hearsay and should not be admitted. | None | originally written on reverse |
| 1.0098 | MRK-ABA0009600 | MRK-ABA0009600 | 06/12/2001 | "Email from L. Demopoulos to Douglas Greene, et al. Re: Topol Manuscript" | None | | ✓ |
| 1.0102 | MRK-ABC-0050063 | MRK-ABC 0050063 | 01/03/2002 | "Email from Edward Scolnick to Douglas Greene, et al. Re: CV Outcomes Studies with Vioxx" | None | | ✓ |
| 1.0106 | MRK-ABC0002150 | MRK-ABC0002150 | 11/7/1997 | Letter from John Oates to Barry Gertz re: origin of beta-oxidation metabolite of prostacyclin | None | Admissible. | ✓ |
| 1.0107 | MRK-ABC0002198 | MRK-ABC0002198 | 09/28/1998 | Memo from Martino Laurenzi to Alan Nies Re: Proposal of Prof. Patrono in the fields of CV and Renal Physiopathology | None | | ✓ |
| 1.0108 | MRK-ABC0002199 | MRK-ABC0002200 | 09/09/1998 | Letter from Carlos Patrono to Martino Laurenzi Re: Vivo Prostatcyclin Biosynthesis | None | Admissible. | ✓ |
| 1.0109 | MRK-ABC0003401 | MRK-ABC0003401 | 02/08/1996 | Scolnick memo: beating Searle to market | None | | ✓ |
| 1.0115 | MRK-ABC0017484 | MRK-ABC0017484 | 08/13/1997 | "Memo from Alan Nies and Alise Reicin to Jim Bolognese, et al. MK-0966 GI Outcomes Study" | None | Admissible. | ✓ |
| 1.0116 | MRK-ABC0022825 | MRK-ABC0022878 | 04/27/2000 | Alan Nies' Presentation to the Board of Advisors Re: VIGOR Preliminary Result | None | | ✓ |
| 1.0118 | MRK-ABC0033809 | MRK-ABC0033809 | 04/12/2000 | "Email from Alise S. Reicin to Edward M. Scolnick, et al. Re: RA and CV Mortality" | None | Admissible. | ✓ |
| 1.0120 | MRK-ABC0035654 | MRK-ABC0035657 | 11/20/2001 | Memo on protocol 136 results | None | | ✓ |
| 1.0122 | MRK-ABC0048699 | MRK-ABC0048706 | 10/10/1996 | Research Management Committee No. 96-10 -- Blue Bell | None | Admissible. | ✓ |
| 1.0124 | MRK-ABD0002346 | MRK-ABD0002347 | 01/28/2001 | Email from Edward Scolnick to Eve Slate Re: OPDRA Report vs. FOI | 401, 402, 403. Irrelevant, and any probative value is substantially outweighed by prejudicial effect. Also should be excluded if Fries letter (PX 1.0176) is excluded. | | admissible in unifer or reserved |
| 1.0125 | MRK-ABG0001226 | MRK-ABG0001243 | 04/11/2002 | VIOXX Label Change Questions and Answers | None | | ✓ |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barrett Ruling |
|---|---|---|---|---|---|---|
| 1.0128 | MRK-ABH0002230 | MRK-ABH0002231 | 11/28/2001 | "PHA(MO), MRK(RL) COX-2 Conference Call Review - Goldman, Sachs Review" | 401, 402, 403, 801, 802. Stock analyst report is hearsay. Financial forecasts are irrelevant and unfairly prejudicial, especially in compensatory phase. Also inadmissible under Kentucky law. | *[handwritten]* |
| 1.0130 | MRK-ABH0014002 | MRK-ABH0014002 | 01/13/1998 | Email from A. Ford-Hutchinson to E. Scolnick RE: Tylenol and cox 2 | None | *[handwritten]* |
| 1.0131 | MRK-ABH0015578 | MRK-ABH0015578 | 05/14/1999 | "Email from Edward Scolnick to David W. Blois, et al. Re: VIOXX US Circular" | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Smith's prescriber. Any probative value is substantially outweighed by prejudicial effect. | admissible as written or revised |
| 1.0132 | MRK-ABH0016219 | MRK-ABH0016219 | 03/09/2000 | Email from Edward Scolnick to Deborah Shapiro et al; Subject: vigor | 401, 402, 403. Irrelevant, and any probative value is substantially outweighed by prejudicial effect. Concerns preliminary analysis of data which was subsequently revised. | Some of above |
| 1.0133 | MRK-ABH0017386 | MRK-ABH0017386 | 03/13/2000 | Email from Alise Reicin to Edward Scolnick Re: An Additional Article Stating the Potential Cardioprotective Effects of an NSAID. | None | *[handwritten]* |
| 1.0136 | MRK-ABH0017846 | MRK-ABH0017847 | 04/03/2000 | "Email from Alise Reicin to Deborah Shapiro, et al. Re: Update to thromboembolic CVD cases VIGOR" | Incomplete, 401, 402, 403.  Document provides preliminary data now superceded by final data.  The jurors should not be confused with preliminary data when more complete data is available.  Any probative value is substantially outweighed by prejudicial effect.  Document is incomplete. | admissible as written or revised |
| 1.0138 | MRK-ABI0000515 | MRK-ABI0000515 | 04/16/1999 | Email from Jan Nissen to Marty Carroll Re: VIOXX Launch Meeting Theme Party | 401, 402, 403.  Irrelevant and any probative value is substantially outweighed by prejudicial effect, especially in compensatory phase. | Admissible. admissible |
| 1.0140 | MRK-ABI0001556 | MRK-ABI0001556 | 02/23/1998 | "Memo from David Anstice to J. Carroll, et al. Re: Pfizer and the promotion of Celebrex - we CANNOT LOSE" | 401, 402, 403.  Irrelevant, and unfairly prejudicial, especially in compensatory phase. | Admissible, 401 and 402 admissible |
| 1.0142 | MRK-ABI0001857 | MRK-ABI0001898 | 5/17/2000 | HHPAC Presentation-Key Marketing Messages | Plaintiff has not provided Merck with the proposed exhibit.  Merck reserves right to object upon receipt of the document. | *[handwritten]* |

**Smith v. Merck**

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 1.0143 | MRK-ABL0000921 | MRK-ABL0000937 | 05/17/2000 | HHPAC Presentation-Key Marketing Messages | 401, 402, 403. Irrelevant, and unfairly prejudicial, especially in compensatory phase. | admissible |
| 1.0145 | MRK-ABI0002126 | MRK-ABI0002128 | 05/08/2000 | Email from Dixon to Edward Scolnick Re: Renal and CV Issues for Vioxx | 401, 402, 403. Irrelevant because there is no evidence that Smith's prescriber or anyone else in this case was exposed to any of the detail pieces discussed in document. Any probative value is substantially outweighed by prejudicial effect. | No ruling |
| 1.0149 | MRK-ABI0002784 | MRK-ABI0002784 | 10/19/2000 | "Email from Leonard Tacconi to David Anstice, et al. Re: Vioxx DTC Campaign" | 401, 402, 403. Irrelevant because there is no evidence that Mr. Smith started taking Vioxx as a result of direct-to-consumer advertising. Any probative value is substantially outweighed by prejudicial effect. | No ruling |
| 1.0151 | MRK-ABI0003148 | MRK-ABI0003155 | 10/01/2001 | Letter from David Anstice to Thomas Abrams Re: Response to DDMAC's 9-17-01 Warning Letter | Conditional: 401, 402, 403. No objection if Warning Letter is admitted. If the warning letter is excluded, object to this exhibit because it would be prejudicial. | admissible if warning letter |
| 1.0152 | MRK-ABI0003228 | MRK-ABI0003230 | 05/22/2001 | Press Release - Merck confirms favorable CV safety profile of Vioxx | None | Admissible. |
| 1.0154 | MRK-ABI0003291 | MRK-ABI0003293 | 12/16/1999 | Letter from Spencer Salis to Ellen R Westrick Re: Homemade Promotional Pieces | 401, 402, 403. Concerns homemade marketing pieces that have nothing to do with this case. The letter is overly prejudicial, especially since it has no probative value. | admissible |
| 1.0155 | MRK-ABI0004488 | MRK-ABI0004499 | 05/24/1999 | VIOXX Launch Meeting - Remarks of Anstice - Remarks to Representatives | 401, 402, 403. Irrelevant, and unfairly prejudicial. It is simply Anstice remarks at a Vioxx launch meeting. None of the doctors in this case attended this meeting. | admissible |
| 1.0156 | MRK-ABI0005078 | MRK-ABI0005078 | 02/25/1999 | "Vioxx Product Release Meeting, Ray Gilmartin Dinner Speech, Mar 4, Talking Points" | None | Admissible. |
| 1.0158 | MRK-ABI0005912 | MRK-ABI0005915 | 12/06/2001 | Email from David W. Anstice to Edward M. Scolnick Re: FW. Analyst Report on VIOXX | 401, 402, 403, 801, 802. The analyst report is hearsay. Irrelevant, and any probative value is substantially outweighed by prejudicial effect. | admissible on another |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Benefit Ruling |
|---|---|---|---|---|---|---|
| 1.0160 | MRK-ABI0007170 | MRKABI0007173 | 01/23/2001 | Memo from Sherwood to Anstice Re: Academic Interactions | 401, 402, 403, 801, 802. Irrelevant since it relates to doctors that have nothing to do with Mr. Smith or his doctors. Any probative value is substantially outweighed by prejudicial effect. Also contains hearsay from non-Merck personnel. | admissible |
| 1.0166 | MRK-ABI0011027 | MRK-ABI0011081 | 07/15/2002 | Long Range Operating Plan: 2002-2007 for Vioxx & Arcoxia | 401, 402, 403. Sales data are irrelevant and unfairly prejudicial, especially in compensatory phase. Also inadmissible under Kentucky law. | Admissible. pending |
| 1.0167 | MRK-ABK0311068 | MRK-ABK0311068 | 09/29/1998 | Niles Handwritten Memo Re: Carlo Patrono | None | Admissible. |
| 1.0173 | MRK-ABO0000070 | MRK-ABO0000071 | | Dear Dr. Schafer from Louis Sherwood - Placing VIOXX news reports in context | 401, 402, 403. Irrelevant because there is no evidence that Mr. Smith's prescribing physician or anyone else in this case ever saw this document. Any probative value is substantially outweighed by prejudicial effect. | admissible |
| 1.0175 | MRK-ABO0000220 | MRK-ABO0000220 | 08/28/2001 | Letter from Kenneth Sperber to the JAMA Editor Re: Letter from Louis Sherwood ("spin of medical literature") | 401, 402, 403, 801, 802. Irrelevant because there is no evidence that Mr. Smith's prescribing physician or anyone else in this case ever saw the letter referenced in this document. Any probative value is substantially outweighed by prejudicial effect. Entire document consists of hearsay statements by non-Merck personnel. | admissible |
| 1.0176 | MRK-ABO0000250 | MRK-ABO0000253 | 01/09/2001 | Letter from James Fries to Raymond Gilmartin Re: Dr. Sherwood's Complaints about Dr. Gurkipal Singh ("Merck Damage Control by Intimidation") | 401, 402, 403, 602, 801, 802. No evidence that anyone in this case had any contact with any of the doctors discussed in the letter. Any probative value is substantially outweighed by the risk of unfair prejudice. Document contains hearsay statements by non-Merck personnel. | Excluded due to Motion in Limine. Any pending ruling |
| 1.0177 | MRK-ABO0000257 | MRK-ABO0000263 | 03/27/2001 | "Memo from Tracy Mills & Susan Baumgartner to Wendy Dixon, et al. Re: Scientific Communication Plan for VIOXX" | 401, 402, 403. Irrelevant because no evidence anyone in this case was exposed to these particular marketing messages. Any probative value is substantially outweighed by the risk of unfair prejudice. Document is also incomplete and is missing Attachment #4. | admissible |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Banded Ruling |
|---|---|---|---|---|---|---|
| 1.0184 | MRK-ABO0002864 | MRK-ABO0002865 | 11/08/2000 | Email from Marilyn Krahe to David Abrahamson, et al. Re: Meeting Dr. Gurkirpal Singh | 401, 402, 403, 801, 802. The email is full of hearsay and double hearsay. The email is also irrelevant because it relates to the comments of a California doctor who has no connection to Mr. Smith's use of Vioxx. | no doctor is relevant |
| 1.0192 | MRK-ABP0016650 | MRK-ABP0016677 | | Vioxx AD Program Slide Set | None | ✓ |
| 1.0198 | MRK-ABS0037036 | MRK-ABS0037048 | 12/30/1997 | Plan to Evaluate the Incidence of Cardiovascular SAEs in the Phase IIb/III Vioxx (MK-0966) Osteoarthritis Clinical Trials | None | ✓ |
| 1.0200 | MRK-ABS0066396 | MRK-ABS0067019 | 10/26/1998 | Vioxx NDA Clinical Efficacy Clinical Safety - E. Clinical Safety - MK-0966 Clinical Documentation | None | ✓ |
| 1.0206 | MRK-ABS0212130 | MRK-ABS0212132 | 09/15/1999 | Email from Eric Mortensen to Cynthia Arnold et al re: FW: John Baron's Feedback | None | ✓ |
| 1.0220 | MRK-ABT0022637 | MRK-ABT0022638 | 01/09/2000 | "Emails between Nancy Santanello, Douglas Watson, Alise Reicin, et al. Re: Stroke Outcomes" | None | ✓ |
| 1.0221 | MRK-ABT0022650 | MRK-ABT0022657 | 01/18/2000 | "Email from Douglas Watson to Thomas Capizzi, et al. Re VIGOR CV Events Analysis" | None | ✓ |
| 1.0225 | MRK-ABW0003690 | MRK-ABW0003690 | 11/09/2001 | Email from Paul Fonteyene to Thomas Cannell RE Dorothy Hamill Campaign Quantitative Results | None | ✓ |
| 1.0226 | MRK-ABW0005623 | MRK-ABW0005625 | 09/13/2001 | Email from Steven A. Nichtberger to Wendy L. Dixon Re: Conducting a CV Study | None | Admissible. ✓ |
| 1.0227 | MRK-ABW0010182 | MRK-ABW0010184 | 08/25/2001 | "Email from Kenneth Sperling to Alan Nies, et al. Re: Urgent decision on CV meta-analysis journal selection" | None | ✓ |
| 1.0229 | MRK-ABW0011956 | MRK-ABW0011957 | 09/28/2001 | Email from David Anstice to Wendy Dixon RE: Vioxx CV Outcomes Trial Press Release | None | Admissible. ✓ |
| 1.0231 | MRK-ABW0014720 | MRK-ABW0014722 | 10/26/2001 | Email from Steven Vignau to Wendy Dixon Re: New crop of arthritis drugs under safety cloud | 401, 402, 403, 801, 802. The email attaches a newspaper article that is hearsay. The email at the top of page 1 is irrelevant to any of the issues in this case. | not admissible |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 1.0234 | MRK-ABX0002309 | MRK-ABX0002332 | | Original Label Submission For VIGOR | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Smith's prescriber. Any probative value is substantially outweighed by prejudicial effect. | Admissible. *[handwritten]* |
| 1.0235 | MRK-ABX0002367 | MRK-ABX0002404 | 02/01/2001 | "Memo from Shari L. Targum to Sandra Cook, et al. Re: Consultation NDA 21-042, S-007 Review of Cardiovascular Safety Database" | None | *[handwritten checkmark]* |
| 1.0239 | MRKABX0042064 | MRKABX0042064 | 6/9/2002 | Email from Edward Scolnick to Peter S. Kim re: RA Study of Celebrex vs. Naproxen | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. | *[handwritten]* |
| 1.0240 | MRK-ABX0050244 | MRK-ABX0050253 | | Pharmaceutical Research and Manufacturers of America's Code on Interactions with Healthcare Professionals | 401, 402, 403. Irrelevant and unfairly prejudicial. | *[handwritten]* |
| 1.0255 | MRK-ABY0030000 | MRK-ABY0030030 | 05/01/2001 | "Memo from Joshua Chen to Raymond Bain Re: MK-0966 AD Program Mortality Analysis for Protocol 091, 078, & 126" | 401, 402, 403. Irrelevant because document concerns mortality and all-cause mortality, neither of which are at issue in this case. Any probative value is substantially outweighed by prejudicial effect. | Admissible. *[handwritten]* |
| 1.0265 | MRK-ACD0068340 | MRK-ACD0068344 | | FDA's VIGOR Label | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Smith's prescriber. Any probative value is substantially outweighed by prejudicial effect. | Admissible. *[handwritten]* |
| 1.0278 | MRK-ACF0004015 | MRK-ACF0004016 | 01/27/2001 | "Email from Eitav Barr to Deborah Shapiro, et al. Re: All death. MI and CVA in VIGOR and Alzheimer Disease" | 401, 402, 403. Irrelevant because document concerns mortality and all-cause mortality, neither of which are at issue in this case. Any probative value is substantially outweighed by prejudicial effect. | Admissible. *[handwritten]* |
| 1.0281 | MRK-ACF0005697 | MRK-ACF0005699 | 08/15/2001 | "Email from Briggs Morrison to Rhoda Sperling, et al. Re: Konstam JAMA Article" | None | *[handwritten checkmark]* |
| 1.0283 | MRK-ACG0000828 | MRK-ACG0000839 | 01/21/1999 | DiCesare memo re: Clinical development oversight committee meeting / January 6 1999 | None | *[handwritten checkmark]* |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Rating |
|---|---|---|---|---|---|---|
| 1.0287 | MRK-ACI0013234 | MRK-ACI0013240 | 11/19/2001 | Dear Healthcare Provider - Correction of Drug Information – Holt audio conference - FDA mandates possibility that Vioxx increases MI risk - but compare with marketing material | Conditional: 401, 402, 403. Merck does not object if the Warning Letter is admitted. If the Warning Letter is not admitted, this document is irrelevant because no evidence anyone in this case saw this letter or participated in the referenced audioconference. Also, any probative value is substantially outweighed by prejudicial effect. | admitted w. Warning letter |
| 1.0288 | MRK-ACI0013241 | MRK-ACI0013246 | 11/19/2001 | Attachments to Casola to Abrams letter | Conditional: 401, 402, 403. Merck does not object if the Warning Letter is admitted. If the Warning Letter is not admitted, this document is irrelevant because no evidence anyone in this case saw this letter or attended the referenced conferences. Also, any probative value is substantially outweighed by prejudicial effect. | admitted w. warning letter |
| 1.0291 | MRK-ACL0010142 | MRK-ACL0010142 | | Informed Consent Addendum Non-RA Studies | Incomplete, compound exhibit, 401, 402, 403. Document is undated and appears to be incomplete. Exhibit combines two unrelated documents (see objections to PX 1.0299, incorporated herein). Irrelevant because document is a preliminary draft, not a final version. Any probative value is substantially outweighed by prejudicial effect. | not admissible |
| 1.0298 | MRK-ACR0008985 | MRK-ACR0008985 | 01/31/2001 | "Email from Edward Scolnick to Raymond Gilmartin, et al. Re: Monday MC" | Reference to Dr. Fries should be excluded if Fries letter (PX 1.0176) is excluded. | Admissible. admissible w. deletion |
| 1.0299 | MRK-ACR0009066 | MRK-ACR0009066 | 02/11/2001 | Email from Edward Scolnick to Douglas Greene Re: Fries Letter Followup | 401, 402, 403. Irrelevant because document has nothing to do with any of the doctors in this case. Any probative value is substantially outweighed by prejudicial effect. Also should be excluded if Fries letter (PX 1.0176) is excluded. | Same as above |
| 1.0300 | MRK-ACR0009151 | MRK-ACR0009152 | 04/06/2001 | Email from Edward Scolnick to Douglas Greene Re: VIGOR Approval Letter | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Smith's prescriber. Any probative value is substantially outweighed by prejudicial effect. | Same as above |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Merck Ruling |
|---|---|---|---|---|---|---|
| 1.0302 | MRK-ACR0009277 | MRK-ACR0009277 | 10/04/2001 | Email from Scolnick to Greene: vioxx VIGOR label status (and pushing FDA on timing) | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Smith's prescriber. Any probative value is substantially outweighed by prejudicial effect. | admitted |
| 1.0304 | MRK-ACR0009295 | MRK-ACR0009296 | 11/19/2001 | E. Scolnick email to Gilmartin, D. Greene, et al re: ASA use predicted PUB rate / Low dose aspirin endo study | None | ✓ |
| 1.0305 | MRK-ACR0009297 | MRK-ACR0009297 | 02/25/2002 | Email from Edward Scolnick to Bonnie J. Goldmann Re: VIOXX Label: "do you believe in miracles?" | None | Admissible. ✓ |
| 1.0309 | MRK-ACR0014502 | MRK-ACR0014503 | 03/21/2001 | Email from Gilbert Block to Edward Scolnick et al Re: Vioxx AD Safety Data - Imbalance in the number of deaths. | 401, 402, 403. Irrelevant because document concerns mortality and all-cause mortality, neither of which are at issue in this case. Any probative value is substantially outweighed by prejudicial effect. | admissible |
| 1.0311 | MRK-ACR0040000 | MRK-ACR0040024 | 04/08/2001 | Report prepared by Joshua Chen to Raymond Bain Regarding a Summary of MK-0966 Combined Mortality Analysis | 401, 402, 403. Irrelevant because document concerns mortality and all-cause mortality, neither of which are at issue in this case. Any probative value is substantially outweighed by prejudicial effect. | reserve ruling |
| 1.0328 | MRK-ACX0005041 | MRK-ACX0005041 | | National Advocates - Call in Next 10 Business Days | None | ✓ |
| 1.0329 | MRK-ACX0005129 | MRK-ACX0005132 | 10/04/2000 | Memo from Susan Baumgartner to Lou Sherwood Re Interactions with Gurkipal Singh | 401, 402, 403, 801, 802. The document contains numerous hearsay statements by non-Merck persons. The document is also irrelevant because it relates to presentations that none of the doctors in this case attended. Any probative value is substantially outweighed by prejudicial effect. | reserve ruling |
| 1.0331 | MRK-ACX0007803 | MRK-ACX0007805 | 10/18/2000 | DTC Spending for Vioxx Memo | 401, 402, 403. Irrelevant because there is no evidence that Mr. Smith began taking Vioxx due to direct-to-consumer advertising. Financial data are irrelevant in the compensatory phase, and inadmissible under Kentucky law. Any probative value is substantially outweighed by prejudicial effect. | admissible |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barrett Rulings |
|---|---|---|---|---|---|---|
| 1.0339 | MRK-ADB0009039 | MRK-ADB0009042 | | A Roadmap to the CV Card (addressing physician's questions about CV effects VIOXX) | 401, 402, 403. CV card issues are irrelevant to this case because there is no evidence that Mr. Smith's doctors saw the CV card. Also, any probative value is substantially outweighed by prejudicial effect. Even if Smith's prescriber had seen the CV Card, use of the CV Card by Merck sales reps was discontinued upon approval of the April 2002 label, and the information in the CV Card was superceded by the information in that label, which Smith's prescriber relied upon prior to prescribing Vioxx to Smith. | admissible |
| 1.0340 | MRK-ADB0046424 | MRK-ADB0046427 | 04/21/2004 | Bulletin for Vioxx / Background and obstacle responses on retrospective observational analysis - / Solomon article No. COX 04-023 | 401, 402, 403. Irrelevant because there is no evidence Mr. Smith's doctors discussed referenced study with Merck sales reps. Any probative value is substantially outweighed by prejudicial effect. | admissible |
| 1.0352 | MRK-ADG0035340 | MRK-ADG0035340 | 11/22/2001 | "Email from Adam Schechter to Thomas Cannell, et al. Re: CV Study Design" | None | ✓ |
| 1.0353 | MRK-ADI0005375 | MRK-ADI0005502 | 05/19/1999 | FDA Medical Officer NDA Review of Vioxx | None | Admissible. ✓ |
| 1.0354 | MRK-ADI0007971 | MRK-ADI0007972 | 06/04/1999 | Email correspondence between Scolnick and Weiner (Vioxx off to slow start in first 6 days on market) | 801, 802. The document is hearsay. | admissible w sentence |
| 1.0355 | MRK-ADI0007973 | MRK-ADI0007974 | 06/04/1999 | Email correspondence between Scolnick and Weiner (Vioxx off to slow start in first 7 days on market) | 401, 402, 403, 801, 802. The document is hearsay. Financial estimates are irrelevant in compensatory phase, and are inadmissible under Kentucky law. Any probative value is substantially outweighed by prejudicial effect. | No, or at ruling |
| 1.0356 | MRK-ADI0007975 | MRK-ADI0007975 | 06/04/1999 | Email correspondence between Scolnick and Weiner re: prescriptions for Vioxx | 401, 402, 403. Reference to original label is irrelevant because label pre-dates Mr. Smith's Vioxx use and April 2002 label relied upon by Mr. Smith's prescribing physician. Any probative value is substantially outweighed by prejudicial effect. | admissible |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date(s) | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 1.0357 | MRK-ADI0024344 | MRK-ADI0024346 | 03/22/1999 | "Email from Rebecca Higbee to Kyra Lindemann, et al. Re: Advantage ideas" | 401, 402, 403. Irrelevant because no evidence anyone in this case was exposed to ADVANTAGE study PR messages. Any probative value is substantially outweighed by the risk of unfair prejudice. | admissible w. appropriate witness |
| 1.0359 | MRK-ADJ0042906 | MRK-ADJ0042909 | 06/25/2002 | "Press Release - Cardiovascular Event Rates in Analysis of Combined Studies of Nearly 2,900 Elderly Patients Taking Vioxx or Placebo" | None | ✓ |
| 1.0362 | MRK-ADL0082197 | MRK-ADL0082197 | 06/20/2000 | "Email from Martino Laurenzi to Brian Daniels, et al. Re: Patrono - Eular" | 403, 602, 801, 802. The statements attributed to Patrono are hearsay. No evidence that anyone involved in this case attended the presentation. Any probative value is substantially outweighed by prejudicial effect. | record ruling |
| 1.0364 | MRK-ADO0040848 | MRK-ADO0040848 | 04/12/2001 | Email from Thomas Cannell to Jim Dunn Re: Whelton Q&A | None | ✓ |
| 1.0367 | MRK-ADT0000170 | MRK-ADT0000183 | 12/03/1998 | Presentation: Standard Operating Procedures for the Surveillance Monitoring and Adjudication of Acute Thrombotic Embolic Vascular Events in Clinical Trials of COX-2 Specific Agents | None | ✓ |
| 1.0368 | MRK-ADY0006668 | MRK-ADY0006668 | 02/07/2004 | "British Medical Journal - ""Spanish drug editor wins case brought by Merck, Sharp & Dohme"" by L. Gibson - p. 307, volume 328" | Compound exhibit, 401, 402, 403, 801, 802. News article is inadmissible hearsay, and is all irrelevant. Any probative value is substantially outweighed by prejudicial effect. Exhibit combines two unrelated documents. | not admissible 401 & 403,801 |
| 1.0374 | MRK-AEF0000653 | MRK-AEF0000653 | 03/04/2002 | Email from James Yergey to Tom Baillie-Subject Prostanoid assays | None | ✓ |
| 1.0383 | MRK-AEG0037638 | MRK-AEG0037639 | 09/12/2002 | Email from mervyn Turner to Joan Lasota RE: NitroMed | None | ✓ |
| 1.0384 | MRK-AEG0048904 | MRK-AEG0048905 | 10/25/2000 | Email from Metters to Nicholson | None | ✓ |
| 1.0386 | MRK-AEI0002734 | MRK-AEI0002746 | 05/06/1998 | "Scientific Advisors' Meeting May 3 - May 6, 1998 Programmatic Review Vioxx Program" | None | Admissible. ✓ |
| 1.0396 | MRK-AFF0000318 | MRK-AFF0000352 | 05/09/2002 | Hui Quan Memo re: Safety Update for APPROVe | None | ✓ |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Judge Fallon's Ruling |
|---|---|---|---|---|---|---|
| 1.0400 | MRK-AFI0000001 | MRK-AFI0000197 | 02/07/2001 | Baumgartner Diary: 01/01/2001 to 09/27/2001 | None | Admissible. *(handwritten)* |
| 1.0401 | MRK-AFI0010255 | MRK-AFI0010255 | 01/31/2001 | National Thought Leader Summary VIGOR Study | 602, 801, 802. Witness lacks personal knowledge. Document contains hearsay statements of non-Merck personnel. | Admissible. Relevant to what and when known. 401 and 402. *(handwritten)* Reserve ruling *(handwritten)* |
| 1.0402 | MRK-AFI0010400 | MRK-AFI0010401 | 04/18/2001 | USHH 2001-2009 Outlook for Vioxx (Vioxx Sales Data) | 401, 402, 403. Financial data are irrelevant and unfairly prejudicial in compensatory phase, and are inadmissible under Kentucky law. | Reserve ruling *(handwritten)* |
| 1.0406 | MRK-AFI0043342 | MRK-AFI0043349 | | "Memo from Ornskov Flemming to Leo Mendez, et al. Re: Challenging MD customers in the NERBG (rheumatologists)" | 401, 402, 403, 801, 802. Irrelevant because document does not relate to any of the doctors in this case. Any probative value is substantially outweighed by prejudicial effect. Document contains hearsay statements by non-Merck persons. | Reserve ruling *(handwritten)* |
| 1.0408 | MRK-AFI0044662 | MRK-AFI0044665 | 07/26/1999 | Email from Bruce Freundlich to Susan Baumgartner RE Physicians to neutralize | 401, 402, 403, 801, 802. Irrelevant because document does not relate to any of the doctors in this case. Any probative value is substantially outweighed by prejudicial effect. Document contains hearsay statements by non-Merck persons. | Admissible w/ Reserve on receiving *(handwritten)* |
| 1.0409 | MRK-AFI0045236 | MRK-AFI0045236 | 09/09/1999 | Email from Caroline Yarbrough to Susan L Baumgartner Re: Background on Dr. Andrew Wetton | 401, 402, 403. Irrelevant because not related to any of the doctors in this case. Any probative value is substantially outweighed by prejudicial effect. | Same as above *(handwritten)* |
| 1.0411 | MRK-AFI0045966 | MRK-AFI0045967 | 11/09/1999 | Email from Thomas McCready to Susan L Baumgartner Re: Nov. 3rd Appointment with Dr. James McMillen | 401, 402, 403, 801, 802. Irrelevant because no evidence that it relates to any of the doctors in this case. Also unfairly prejudicial. Also contains hearsay statements regarding non-Merck personnel. | Same as above *(handwritten)* |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barrett Ruling |
|---|---|---|---|---|---|---|
| 1.0413 | MRK-AFI0136524 | MRK-AFI0136524 | 08/22/2001 | Email from Linda Coppola to Russell Kosirek Re: CV Card (1 Year) Revalidation for use in Promotion | 401, 402, 403. CV card issues are irrelevant to this case because there is no evidence that Mr. Smith's doctors saw the CV card. Also, any probative value is substantially outweighed by prejudicial effect. Even if Smith's prescriber had seen the CV Card, use of the CV Card was discontinued upon approval of the April 2002 label, and the information in the CV Card was superceded by the information in that label, which Smith's prescriber relied upon prior to prescribing Vioxx to Smith. | admissible relevant to extent Merck advised of results of studies [handwritten] |
| 1.0414 | MRK-AFI0174637 | MRK-AFI0174637 | 04/29/1999 | "Email from Leonardo Mendez to Susan Baumgartner, et al. Re: Physicians to neutralize" | 401, 402, 403. Irrelevant because this does not relate to any of Mr. Smith's doctors. Any probative value is substantially outweighed by prejudicial effect. | admissible [handwritten] |
| 1.0415 | MRK-AFI0182292 | MRK-AFI0182293 | 07/01/1999 | "Memo from Susan Baumgartner to Charlotte McKines, et al. Re: Advocate Development Opportunity: Physicians to Neutralize" | 401, 402, 403. Irrelevant because this does not relate to any of Mr. Smith's doctors. Any probative value is substantially outweighed by prejudicial effect. | Admissible. |
| 1.0419 | MRK-AFI0200437 | MRK-AFI0200466 | 06/22/2000 | Advocate Development Plan 2000 Vioxx | 401, 402, 403. Financial data are irrelevant and unfairly prejudicial in compensatory phase, and are inadmissible under Kentucky law. | no ruling [handwritten] |
| 1.0423 | MRK-AF-J0000520 | MRK-AF-J0000520 | 02/03/2002 | Email from Edward Scolnick to Peter Kim; Subject: coxib task force | None | no ruling [handwritten] |
| 1.0424 | MRK-AF-J0000576 | MRK-AF-J0000576 | 03/09/2002 | "Email from Peter M. DiBattiste to Barry J. Gertz, et al. Re: RMC Options for CV Outcome Trials" | Incomplete document | |
| 1.0425 | MRK-AF-J0003506 | MRK-AF-J0003510 | 04/30/2003 | "Email from Barry J. Gertz to Peter S. Kim, et al. Re: Review of the Manuscript on the Relationship Between Selective COX-2 Inhibitors and Acute Myocardial Infarction" | None | [handwritten mark] |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 1.0426 | MRK-AF-J0008381 | MRK-AF-J0008382 | 08/27/2004 | Email from Drs. Richard and Jane Dybas to Peter S. Kim Re: Merck's Stock Retreats over VIOXX concerns | 401, 402, 403, 801, 802. The document consists of an email from a non-Merck individual followed by a hearsay press report. Document is irrelevant and any probative value is substantially outweighed by prejudicial effect. | not admissible |
| 1.0427 | MRK-AF-J0009715 | MRK-AF-J0009716 | 10/02/2004 | Email from Edward Scolnick to Peter S. Kim Re: VIOXX Withdrawal | 401, 402, 403, 801, 802. These are post-withdrawal comments by a former Merck employee, so they are hearsay. Also irrelevant and any probative value is substantially outweighed by the prejudicial effect. | reserve ruling |
| 1.0441 | MRKAFO0000260 | MRKAFO0000263 | 1/1/2001 | J Bolognese email to E. Scolnick re: ASA use predicted pub rate | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. | reserve ruling |
| 1.0442 | MRK-AFO0023534 | MRK-AFO0023536 | 05/20/1998 | "Memo from Doug Watson to J. Anderson, et al. Re: 5-15-98 COX-2 CV SAE surveillance task force meeting minutes" | None | Admissible. |
| 1.0445 | MRK-AFT0005926 | MRK-AFT0005927 | 04/19/2004 | "Email from Susanne Eddowes to Raymond Bain, et al. Re: The Need to Set Up External DSMB for ongoing Vioxx AD Prevention Trial" | 602. There is no foundation as to handwriting. | reserve ruling |
| 1.0460 | MRK-I2690008224 | MRK-I2690008224 | 11/26/2003 | MRL Clinical Study Report for Protocol 078 | None | |
| 1.0463 | MRK-LBL0000035 | MRK-LBL0000038 | 11/01/1999 | Vioxx Label (package insert) Nov. '99 | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Smith's prescriber. Any probative value is substantially outweighed by prejudicial effect. | admissible |
| 1.0464 | MRK-LBL0000047 | MRK-LBL0000050 | 07/01/2000 | Vioxx Label (package insert) July 2000 | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Smith's prescriber. Any probative value is substantially outweighed by prejudicial effect. | admissible |
| 1.0465 | MRK-LBL0000059 | MRK-LBL0000062 | 07/01/2001 | Vioxx Label (package insert) July 2001 | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Smith's prescriber. Any probative value is substantially outweighed by prejudicial effect. | admissible |
| 1.0466 | MRK-LBL0000063 | MRK-LBL0000066 | 04/01/2002 | Vioxx Label (package insert) April 2002 | None | admissible |

Page 19

Smith v. Merck

Ex. A to Merck's Objections to Plaintiffs First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 1.0467 | MRK-LBL0000248 | MRK-LBL0000251 | 03/01/2004 | Vioxx Label (package insert) March 2004 | None | ✓ |
| 1.0470 | MRK-NJ0000827 | MRK-NJ0000835 | 09/26/1996 | Draft Memo from Terri Randall re: MK-0966 Project Team Minutes | None | ✓ |
| 1.0473 | MRK-NJ0017825 | MRK-NJ0017853 | 02/17/1998 | Letter from Catella-Lawson and Garret FitzGerald to Briggs Morrison Re: MK 966 in the elderly | 801, 802. Hearsay -- out of court statement from non-Merck personnel followed by inadmissible draft article. | ✓ |
| 1.0477 | MRK-NJ0051533 | MRK-NJ0051534 | 10/24/1997 | Email from Garrett Fitzgerald to Alan Nies et al; Subject: FW: cox2 pgi phenomenon investigation | None | Admissible. ✓ |
| 1.0479 | MRK-NJ0066297 | MRK-NJ0066301 | | Charts re: VIGOR: Myocardial Infarctions Over Time | None | ✓ |
| 1.0487 | MRK-NJ0106899 | MRK-NJ0106722 | 10/13/2000 | Shapiro Meta-Analysis | None | ✓ |
| 1.0489 | MRK-NJ0120246 | MRK-NJ0120248 | 12/21/1999 | Changes to the VIGOR Data Analysis Plan 12-1-99 | None | ✓ |
| 1.0502 | MRK-NJ0124427 | MRK-NJ0124428 | 11/08/2000 | Email from E. Barr RE to A. Reicin: Hypertensive Heart Disease Patient (could be persuaded to say COD "unknown") | None | ✓ |
| 1.0506 | MRK-NJ0130083 | MRK-NJ0130087 | 02/11/2000 | Email from Edward Scolnick to Deborah Shapiro Re: Searle Recapturing Momentum in COX-2 Inhibitor Market | 401, 402, 403, 801, 802. Stock analyst report is hearsay. Financial data are irrelevant and unfairly prejudicial, especially in compensatory phase, and are also inadmissible under Kentucky law. | Admissible. [handwritten] |
| 1.0510 | MRK-NJ0155912 | MRK-NJ0155916 | 08/13/1999 | Letter from John Oates to Edward Scolnick Re: Thrombotic Complications Occurring in Patients with Antiphospholipid Syndrome | 801, 802. Hearsay -- out of court statement by non-Merck employee. | admissible w/ redaction of receipt of letter [handwritten] |
| 1.0511 | MRK-NJ0162361 | MRK-NJ0162371 | 04/13/1998 | "Attachment #1, Dr. Alan Nies' writeup for meeting of Board of Scientific Advisors on" | None | ✓ |
| 1.0513 | MRK-NJ0170152 | MRK-NJ0170274 | 06/15/2000 | MRL Clinical Study Report: Protocol 90 | Incomplete document | [handwritten] |
| 1.0514 | MRK-NJ0183397 | MRK-NJ0183402 | 11/06/2001 | Draft letter to Jonca Bull re: Amendment to the Supplemental New Drug Application | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Smith's prescriber. Any probative value is substantially outweighed by prejudicial effect. | admissible [handwritten] |
| 1.0516 | MRK-NJ0189508 | MRK-NJ0189509 | 03/28/2000 | Email from Alan Nies to Barry Gertz R: Patrono on VIGOR | None | Admissible. ✓ |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Description | Date | Merck Objections | Bench Ruling |
|---|---|---|---|---|---|---|
| 1.0518 | MRK-NJ0209299 | MRK-NJ0209301 | Email from Douglas Greene to Barry Gertz Re: William Harvey Research Conference | 10/15/2001 | 401, 402, 403, 801, 802.  Irrelevant and highly prejudicial.  Document contains hearsay statements by non-Merck persons. | *admissible w/ redactions* |
| 1.0520 | MRK-NJ0210854 | MRK-NJ0210869 | 906 Preliminary Analysis | 10/22/2001 | None | ✓ |
| 1.0522 | MRK-NJ0214739 | MRK-NJ0214742 | Memo from T. Simon and H. Quan to S. Reines and R. Bain subject Preliminary Interim Results for the Vioxx Low-Dose Aspirin Endoscopy Study (Protocol 136) | 11/19/2001 | None | ✓ |
| 1.0529 | MRK-NJ0259144 | MRK-NJ0259187 | Memo re: MK-0966 (COX-2) project team minutes for November 17 1997 | 12/08/1997 | None | ✓ |
| 1.0530 | MRK-NJ0260895 | MRK-NJ0260979 | Vioxx sNDA (VIGOR Report) to FDA | 06/29/2000 | Incomplete document | Admissible. |
| 1.0531 | MRK-NJ0267715 | MRK-NJ0267777 | "Letter from Robert Silverman to Jonca Bull Attaching IND 46,894. VIOXX (rofecoxib)" | 01/08/2001 | None | Admissible. |
| 1.0532 | MRK-NJ0272249 | MRK-NJ0272272 | MRL Epidemiology Department Technical Report No. EP07006,005 98 Final Results of an Analysis of the Incidence of Cardiovascular SAEs in the Phase IIb/III VIOXX Osteoarthritis Clinical Trials | 02/02/1998 | None | ✓ |
| 1.0539 | MRK-NJ0317338 | MRK-NJ0317341 | Email from Kyra Lindemann to Beth Seidenberg et al Re: MK9666 GI Outcomes Standby | 08/14/1997 | None | ✓ |
| 1.0541 | MRK-NJ0320174 | MRK-NJ0320177 | Email from Margie McGlynn to Alise Reicin | 05/25/2000 | 401, 402, 403, 602, 801, 802.  Analyst reports are inadmissible hearsay.  Financial data are irrelevant and highly prejudicial, particularly at the compensatory stage, and are inadmissible under Kentucky law. | *No ruling* |
| 1.0542 | MRK-NJ0333225 | MRK-NJ0333235 | Memo Re: MK-0966 AD Progression Trial (Protocol #091) Imbalance in the Number of Deaths | 03/21/2001 | 401, 402, 403.  Irrelevant because document concerns mortality and all-cause mortality, neither of which are at issue in this case.  Any probative value is substantially outweighed by prejudicial effect. | *admissible* |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Ex. Date | Exhibit Description | Merck Objections | Plaintiff's Response | Court's Ruling |
|---|---|---|---|---|---|---|---|
| 1.0544 | MRK-NJ0353996 | MRK-NJ0354027 | 10/25/2001 | MRL Response to Comments for Interim Cardiovascular Meta-Analysis | Compound exhibit. 401, 402, 403, 801, 802. Exhibit combines two unrelated documents. The document is hearsay, and contains hearsay statements from non-Merck employees.  Also irrelevant and unfairly prejudicial given the lack of probative value. | | *handwritten ruling* |
| 1.0545 | MRK-NJ0362712 | MRK-NJ0362737 | 06/12/1998 | Proposal to Generale GI Outcomes Data on Vioxx | 401, 402, 403.  Financial data are irrelevant and unfairly prejudicial in compensatory phase, and are inadmissible under Kentucky law. | | *handwritten ruling* |
| 1.0581 | MRK-PRL0000114 | MRK-PRL0000115 | 03/27/2000 | Press Release - Merck Informs Investigators of Preliminary Results of Gastrointestinal Outcomes Study with Vioxx | None | Admissible. | *handwritten* |
| 1.0583 | MRK-PRL0000122 | MRK-PRL0000123 | 04/28/2000 | "Merck News Release ""Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx""" | None | Admissible. | *handwritten* |
| 1.0584 | MRK-PRL0000124 | MRK-PRL0000127 | 05/24/2000 | Press Release - Vioxx significantly reduced the risk of serious gastrointestinal side effects by more than half compared to naproxen in a new study | None | | *handwritten* |
| 1.0587 | MRK-PRL0000131 | MRK-PRL0000133 | 06/22/2000 | Press Release: Researchers present findings from the first study evaluating the efficacy and tolerability of Vioxx Celecoxib and Acetaminophen in the treatment of osteoarthritis | None | | *handwritten* |
| 1.0630 | MRK-PRL0000424 | MRK-PRL0000428 | 08/26/2004 | Press Release: Merck Strongly Disagrees with Conclusions of Observational Analysis  Presented at International Medical Meeting | None | | *handwritten* |
| 1.0667 | | | 04/14/1999 | "Wall Street Journal article ""Drugs: Merck's Health Hinges on Sales of Arthritis Pill"" by R Langreth" | 401, 402, 403, 801, 802.  This is a Wall Street Journal article and is pure hearsay, and also contains hearsay statements by non-Merck personnel.  Also irrelevant and its prejudicial effect substantially outweighs any probative value. | | *handwritten* not admissible |
| 1.0722 | MRK-NJ0090392 | MRK-NJ0090399 | | Vigor Data Analysis Plan Amendment | None | | *handwritten* |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barrett Ruling |
|---|---|---|---|---|---|---|
| 1.0726 | MRK-AAD0356476 | MRK-AAD0356477 | 10/03/2004 | Email from Peter Kim to Alise Reicin regarding NO-Naproxen | 401, 402, 403. Irrelevant because this is past-withdrawal, and because this is a discussion about potential combinations of drugs that have not ever actually been combined. | admissible |
| 1.0727 | MRK-ACD0012344 | MRK-ACD0012344 | 09/20/2001 | "Email from Dawn Chitty to Christa Defusco, et al. regarding VIOXX CBE" | None | |
| 1.0728 | MRK-ACX0017933 | MRK-ACX0017935 | 05/25/2000 | Email from Gregory Kylish to Jens Kasperzik et al attaching VIGOR - CV Obstacle Handling Aid | 401, 402, 403. This is a draft detail piece, not a final version that was actually used. Irrelevant because there is no evidence Smith's prescriber or anyone else in this case ever saw any version of this detail piece. Any probative value is substantially outweighed by prejudicial effect. | admissible |
| 1.0729 | MRK-AFO0128716 | MRK-AFO0128716 | 11/01/2001 | Email from Edward Scolnick to Karen Grosser regarding Vioxx Circular | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Smith's prescriber. Any probative value is substantially outweighed by prejudicial effect. | admissible |
| 1.0732 | MRK-NJ0220388 | MRK-NJ0220454 | | Product Development Plan Stage 0 Review | None | Admissible. |
| 1.0739 | MRK-ABS0034494 | MRK-ABS0034577 | | Clinical Investigator's Confidential Informational Brochure | None | |
| 1.0755 | MRK-AFN0052602 | MRK-AFN0052523 | | NEJM Manuscript 05-0493-Author's responses to Reviewer's Comments | 401, 402, 403, 801, 802. The document is hearsay, and contains hearsay statements from non-Merck employees. Also irrelevant and unfairly prejudicial given the lack of probative value. | Objections sustained. not admissible |
| 1.0812 | MRK-V 0000041 | MRK-V 0000041 | | Dorothy Hamill - Morning: 30 | 401, 402, 403. Irrelevant because there is no evidence this video had anything to do with Mr. Smith's decision to take Vioxx. Any probative value is substantially outweighed by prejudicial effect. | no ruling |
| 1.0815 | MRK-V 0000044 | MRK-V 0000044 | | "Dog Park" Letterbox: 30 | 401, 402, 403. Irrelevant because there is no evidence that Mr. Smith ever saw this video. Any probative value is substantially outweighed by prejudicial effect. | no ruling |
| 1.0816 | MRK-V 0000045 | MRK-V 0000045 | | Clammer: 30 Reminder DR | 401, 402, 403. Irrelevant because there is no evidence that Mr. Smith ever saw this video. Any probative value is substantially outweighed by prejudicial effect. | no ruling |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 1.0817 | MRK-V 0000046 | MRK-V 0000046 | | Teacher: 60 | 401, 402, 403. Irrelevant because there is no evidence that Mr. Smith ever saw this video. Any probative value is substantially outweighed by prejudicial effect. | reserve ruling |
| 1.0818 | MRK-V 0000046 | MRK-V 0000046 | | Teacher: 60 | 401, 402, 403. Irrelevant because there is no evidence that Mr. Smith ever saw this video. Any probative value is substantially outweighed by prejudicial effect. | reserve ruling |
| 1.0819 | MRK-V 0000046 | MRK-V 0000046 | | Teacher: 30 | 401, 402, 403. Irrelevant because there is no evidence that Mr. Smith ever saw this video. Any probative value is substantially outweighed by prejudicial effect. | reserve ruling |
| 1.0965 | MRK-NJ0020304 | MRK-NJ0020304 | 08/01/01 | Email from Ken Truitt to Barry Gertz RE: 966 peds | 401, 402, 403. Irrelevant because no evidence Merck ever marketed Vioxx as "safe enough for children" or that any of Mr. Smith's doctors were exposed to any such marketing messages. Any probative value is substantially outweighed by prejudicial effect. | not admissible |
| 1.0966 | MRK-ABW0005449 | MRK-ABW0005475 | | Profit Plan 2002-Merck A&A Franchise | 401, 402, 403. The document contains profit and sales data, which are irrelevant and unfairly prejudicial in the compensatory phase of the trial, and inadmissible under Kentucky law. | Either this exhibit or P 1.0009. Both runs afowl of 403. reserve ruling |
| 1.0972 | MRK-AFO0286612 | MRK-AFO0286638 | 01/10/05 | "Draft article ""Cardiovascular Events Associated with Rofecoxib in a 3-Year Randomized Colorectal Chemoprevention Trial" | 801, 802. The draft article contains hearsay from non-Merck authors. Also, articles, including drafts, are inadmissible hearsay. | reserve ruling until we know if it will be offered |
| 1.0973 | MRK-AGO0076955 | MRK-AGO0076990 | 01/13/05 | "Draft article ""Cardiovascular Events Associated with Rofecoxib in a 3-Year Randomized Colorectal Chemoprevention Trial" | 801, 802. The draft article contains hearsay from non-Merck authors. Also, articles, including drafts, are inadmissible hearsay. | reserve ruling |
| 1.1002 | MRK-ADG0033592 | MRK-ADG0033618 | 11/16/2001 | A&A Operations Review | 401, 402, 403, 801, 802. The document contains profit and sales data, which are irrelevant and unfairly prejudicial in the compensatory phase of the trial, and inadmissible under Kentucky law. Survey responses are hearsay. | reserve ruling |
| 1.1004 | MRK-ABL0000609 | MRK-ABL0000654 | 06/21/1999 | VIOXX® INTERIM STAGE REVIEW | None | ✓ |
| 1.1005 | MRK-ABL0000688 | MRK-ABL0000690 | 07/15/1999 | Memorandum from RT Bissett re: Minutes of 6/25/99 HH PAC Meeting | None | ✓ |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 1.1012 | MRK-NJ0121906 | MRK-NJ0121907 | 04/13/2000 | Email from James Bolognese to Alise Reicin re: RA and CV mortality | None | ✓ |
| 1.1014 | MRK-ABL0000938 | MRK-ABL0000941 | 06/06/2000 | Memorandum from R.T. Bissett re: Meeting Minutes-5/17/2000 HH PAC Meeting | None | Admissible. ✓ |
| 1.1016 | MRK-ABA0025859 | MRK-ABA0025860 | 02/27/2002 | Email from Anna Espisito to Peter DiBattiste RE: VALOR Study | None | ✓ |
| 1.1034 | MRK-S0420051001 | MRK-S0420051331 | 03/16/2005 | "MRL Abbreviated Clinical Study Report: A Multicenter, Randomized, Parallel Group, Placebo-Controlled, Double-Blind Study with In-House Blinding to Determine the Effect of 156 Weeks of Treatment with Rofecoxib (MK-0966) on the Recurrence of Neoplastic Pol | None | ✓ |
| 1.1035 | MRK-ABW0000797 | MRK-ABW0000963 | 02/08/2001 | FDA Advisory Committee Background Information for VIGOR | None | ✓ |
| 1.1044 | MRK-ACC0009462 | MRK-ACC0009462 | NONE | Merck & Co. Inc.-Code of Conduct for Clinical Trials | None | ✓ |
| 1.1049 | NONE | NONE | 2003 | Physicians Desk Reference-54th Edition 2003 | None | ✓ |
| 1.1052 | NONE | NONE | 2000 | Physicians Desk Reference-51st Edition 2000 | 401, 402, 403. Vioxx label contained in this book pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Smith's prescriber. Any probative value is substantially outweighed by prejudicial effect. | admissible |
| 1.1066 | MRK-NJ0244665 | MRK-NJ0244672 | 12/04/1998 | Patient Informed Consent FOR Study to Assess the Incedense of PUBs During Chronic Treatment with MK-0960 or Naproxen in Patients with Rheumatoid Arthritis | None | ✓ |
| 1.1073 | MRK-ACR0009148 | MRK-ACR0009149 | 04/07/2001 | E-mail from Edward Scolnick to Douglas Greene regarding Vigor approvable letter | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Smith's prescriber. Any probative value is substantially outweighed by prejudicial effect. | admissible |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 1.1081 | MRK-AAO0000035 | MRK-AAO0000072 | 01/01/2000 | Anti- inflammatory and analgesic TBG 2000 profit plan | 401, 402, 403. The document contains profit and sales data, which are irrelevant and unfairly prejudicial in the compensatory phase of the trial, and inadmissible under Kentucky law. | *[handwritten] overrule ruling* |
| 1.1084 | MRK-ABW0000581 | MRK-ABW0000607 | 02/08/2001 | FDA Advisory Committee Briefing Document | None | ✓ |
| 1.1085 | MRK-NJ0174804 | MRK-NJ0175048 | 02/08/2001 | Transcript of the Arthritis Advisory Committee Meeting | 801, 802. The transcript is hearsay. | *[handwritten]* |
| 1.1086 | MRK-ABH0014143 | MRK-ABH0014166 | 05/12/1998 | "Memo from Suzanne Pennick to Project Team Members regarding Project Team Minutes for May 12, 1998" | None | Admissible. |
| 1.1087 | | | | Excerpts from the Merck Manual - 16th edition | | Admissible. *admissible* |
| 1.1091 | | | | Excerpts from the Merck Manual - 17th Edition | Plaintiff has not provided Merck with the proposed exhibit.  Merck reserves right to object upon receipt of the document. | |
| 1.1094 | MRK-ABH0016104 | MRK-ABH0016104 | 09/11/1999 | Email from Peter Ernster to Edward Scolnick regarding Vioxx DTC | None | ✓ |
| 1.1097 | MRK-ABI0011772 | MRK-ABI0011787 | 09/29/2004 | Questions and Answers: VIOXX Voluntary Market Withdrawal | 401, 402, 403, 602.  Dr. Scolnick does not have personal knowledge of the document.  The document is also irrelevant and any probative value is substantially outweighed by prejudicial effect. | *[handwritten] admissible w/ appropriate witness* |
| 1.1098 | MRK-AF-J0001537 | MRK-AF-J0001537 | 11/08/2001 | Email from Edward Scolnick to Douglas Greene regarding History Lesson | 401, 402, 403.  Pre-dates Smith's use of Vioxx and pre-dates the April 2002 label relied upon by Smith's prescriber.  Any probative value is substantially outweighed by prejudicial effect. | Admissible. *admissible* |
| 1.1099 | MRK-ABT0000639 | MRK-ABT0000639 | 04/15/2000 | Email from Alise Reicin to Edward Scolnick regarding Background Material for 4/18/00 | None | ✓ |
| 1.1100 | MRK-ABT0014818 | MRK-ABT0014827 | | VIOXX Outcomes Study Potential Designs | None | ✓ |

Page 26

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 1.1103 | MRK-AAR0033237 | MRK-AAR0033243 | | In Response to Your Questions: Cardiovascular System - Clinical Profile in Osteoarthritis Studies | 401, 402, 403. This is irrelevant because there is no evidence Smith's prescriber or anyone else in this case ever saw the CV Card. Any probative value is substantially outweighed by prejudicial effect. Even if Smith's prescriber had seen the CV Card, use of the CV Card by Merck sales reps was discontinued upon approval of the April 2002 label, and the information in the CV Card was superceded by the information in that label, which Smith's prescriber relied upon prior to prescribing Vioxx to Smith. | admissible |
| 1.1104 | MRK-NJ0030204 | MRK-NJ0030204 | 10/09/2001 | "Email from Deborah Wolf to Briggs Morrison, re: CV outcome Total Cost - still HIGH" | None | ✓ |
| 1.1106 | MRK-ABH0017814 | MRK-ABH0017814 | 03/28/2000 | "Recin email to Nies and Gertz, re: Carlo Patrono on VIGOR" | 801, 802. The email contains hearsay statements from non-Merck personnel. | admissible except 2nd paragraph |
| 1.1111 | | | | Extracts from P3.0021 - H James Williams | 401, 402, 403, 801, 802, 901. The exhibit is incomplete, contains multiple documents, and contains hearsay. The exhibit is irrelevant and unfairly prejudicial because it relates to a doctor who has never seen Mr. Smith and who has nothing to do with this case. | Objection sustained. not admitted. |
| 1.1112 | | | | Extracts from P3.0021 - M Michael Wolfe | 401, 402, 403. The exhibit is irrelevant and unfairly prejudicial because it relates to a doctor who has never seen Mr. Smith and who has nothing to do with this case. | Objection sustained. not admitted. |
| 1.1113 | | | | Extracts from P3.0021 - Byron L. Cryer | 401, 402, 403. The exhibit is irrelevant and unfairly prejudicial because it relates to a doctor who has never seen Mr. Smith and who has nothing to do with this case. | Objection sustained. not admitted. |
| 1.1123 | MRK-I8940096392 | MRK-I8940096445 | | Protocol 201 (VIP) CSR | None | ✓ |
| 1.1130 | | | 05/04/2000 | Dear Doctor Letter from Jeffrey Melin | 901, 902. There is no foundation for the handwriting on p. 3 and p. 4, and it appears that of plaintiffs expert Dr. Egilman. | admissible |
| 1.1131 | MRK-ABW0000062 | MRK-ABW0000063 | 09/13/2001 | MVX for Vioxx - DWA to USHH US fields sales force | None | ✓ |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiffs First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 1.1132 | MRK-0042000818 | MRK-0042008123 | 06/29/2000 | Excerpts of 6/29/00 sNDA for VIGOR | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Smith's prescriber. Any probative value is substantially outweighed by prejudicial effect. | admissible |
| 1.1135 | MRK-ABI0008659 | MRK-ABI0008883 | 07/12/2001 | "US Long Range Operating Plan Franchise: Analgesi & Anti-Inflammatory Products: Vioxx, Etoricoxib" | Admissible. 401, 402, 403. Sales data are irrelevant and unfairly prejudicial in compensatory phase, and inadmissible under Kentucky law. With regard to labeling projections, pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Smith's prescriber. Any probative value is substantially outweighed by prejudicial effect. | admissible |
| 1.1140 | MRK-18940078840 | MRK-18940078842 | 05/04/2004 | "Letter to Brian Harvey from Diane Louie regarding IND 46,894" | 901. Incomplete document. Exhibit contains two unrelated documents. | admissible w/ Barnett to Smith |
| 1.1141 | MRK-NJ0214478 | MRK-NJ0214478 | 11/21/2001 | Email from Edward Scolnick to Douglas Greene et al regarding CV Study Design | None | ✓ |
| 1.1142 | MRK-ABC0017482 | MRK-ABC0017482 | 08/13/1997 | "Email from Alan Nies and Alise Reicin to Jim Bolognese, et al regarding GI Outcomes Study" | None | ✓ |
| 1.1144 | MRK-ACD0105492 | MRK-ACD0105815 | 06/20/2000 | CSR for Protocol 088/089 (VIGOR) | None | ✓ |
| 1.1160 | MRK-AAF0003713 | MRK-AAF0003715 | 02/27/2001 | Letter from Robert Silverman to Central Document Room of the FDA regarding NDA 21-042/S-007 | None | ✓ |
| 1.1184 | MRK-NJ0017794 | MRK-NJ0017822 | 02/18/1998 | "Memo from Briggs Morrison to Alan Nies, et al regarding Manuscript for Protocol 023" | 801, 802. Hearsay -- contains out of court statements from non-Merck personnel followed by inadmissible draft article. | admissible w/ Barnett to Smith |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiffs First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description Support/Limit Statements | Merck Objections | Court's Ruling |
|---|---|---|---|---|---|---|
| 1.1188 | MRK-AAR0038744 | MRK-AAR0038848 | | | 401, 402, 403. Any probative value is substantially outweighed by prejudicial effect. Irrelevant because there is no evidence that the prescribing physician or any other doctor in this case was exposed to any of these detail pieces (including CV Card) or messages. Even if Smith's prescriber had seen the CV Card, use of the CV Card by Merck sales reps was discontinued upon approval of the April 2002 label, and the information in the CV Card was superceded by the information in that label, which Smith's prescriber relied upon prior to prescribing Vioxx to Smith. Also irrelevant because the prescribing physician testified that no Merck sales rep avoided any of his questions. | ready for ruling |
| 1.1194 | MRK-ADI0800000 | MRK-ADI0800045 | | Personnel File of Jan Weiner | 401, 402, 403. Individual employee's personnel file is not probative of any issue in this case. This employee's responsibilities involved press releases, which are not relevant given the facts of this case. | not admit'd. |
| 1.1198 | MRK-JRAA0000438 | MRK-JRAA0000451 | 06/01/2000 | Memo from L. R. Mandel to Licensing Management Committee Members regarding the agenda for 3/30/00 meeting | None | |
| 1.1219 | MRK-S0420111985 | MRK-S0420111985 | 05/03/2005 | Memo of Type A Face to Face Meeting of NDA 21-042 | 401, 402, 403. These post-withdrawal communications between Merck and FDA are irrelevant to the issues in this case and any probative value is substantially outweighed by the prejudicial effect. | ready for ruling |
| 1.1227 | MRK-AAD0800069 | MRK-AAD0800079 | | 2003 Year-End Review for Alise Reicin | 401, 402, 403. Individual employee's personnel file is not probative of any issue in this case. | ready for ruling |
| 1.1231 | MRK-NJ0071320 | MRK-NJ0071332 | 07/05/2000 | Memo from Deborah Shapiro to Alise Reicin et al regarding Cardiovascular Update - VIGOR | None | Admissible. |
| 1.1234 | MRK-PUBLIC0002375 | MRK-PUBLIC0002430 | 07/12/2001 | FDA Medical Officer Review for NDA 21-042 and NDA 21-052 | None | |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiffs First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 1.1240 | MRK-AGO0077012 | MRK-AGO0077013 | 01/31/2005 | Email from Marvin Konstam to Christopher Lines et al regarding APPROVe Paper | 801, 802. The exhibit contains hearsay from a non-Merck employee. | admissible |
| 1.1245 | MRK-AFV0341732 | MRK-AFV0341794 | 07/21/2001 | ViGOR/RA SNDA Reviews: Response to Merck's Complete Response to Approvable Letter | None | |
| 1.1249 | MRK-AAC0139936 | MRK-AAC0139937 | 01/27/2004 | Email from Christopher Lines to Eric Yuen regarding Vioxx Prot 078 Paper | None | |
| 1.1256 | MRK-NJ0362784 | MRK-NJ0362790 | 03/01/2000 | Version 2 Standby Statement 0 Vioxx and Cardiovascular Events in VIGOR | 401, 402, 403. Draft, not final document. Irrelevant and highly prejudicial. | admissible |
| 1.1395 | MRK-NJ0243718 | MRK-NJ0243720 | | Listing of VIGOR Cardiovascular Adverse Experiences Eligible for Adjudication | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. | admin ruling |
| 1.1397 | MRK-AJA0119085 | MRK-AJA0119087 | 05/26/2000 | Email from Linda Nelsen to Alise Reicin Re: Adjudication results for 11 events after 2/1000 | 602. Foundation objection if used with a witness (like Curfman) who has never seen this before. | admissible w/ sponsor no sponsor |
| 1.1465 | EJT 000211 | EJT 000248 | 02/01/2001 | Handwritten Note of Topol of Targum's Review | 602. Foundation objection if used with a witness who has never seen this before. | |
| 1.1485 | MRK-AFI0045078 | MRK-AFI0045078 | 08/23/1999 | Email from Charlotte McKines to Susan Baumgartner Re: Background - Dr. Andrew Welton | 401, 402, 403. Irrelevant because not related to any of the doctors in this case. Any probative value is substantially outweighed by prejudicial effect. | admissible |
| 1.1491 | MRK-ADG0057776 | MRK-ADG0057845 | | Slides from Presentation by Tom Cannell | None | |
| 1.1492 | MRK-ADG0059921 | MRK-ADG0059921 | 06/05/2002 | "Email from Thomas Cannell to Antonia Sisti, et al., Re: ""3, 2, 1 Go"" theme""" | 401, 402, 403. This email relates to a specific marketing program, and there is no evidence that Mr. Smith or his doctors ever saw that marketing program. Therefore the document is irrelevant and any probative value is substantially outweighed by the prejudicial effect. | reserve ruling |
| 1.1512 | MRK-ADI0015428 | MRK-ADI0015428 | 10/19/2000 | "Email from Deb Wambold to Mary Bassman, et al., Re: Updated Master Briefing Book for Vioxx"" | None | |
| 1.1522 | | | 04/30/1999 | Memo from Juan Pelaya to Sandra Cook Re: Consulation NDA 21-042 - Review of Cardiovascular and Renal Safety database | None | |

Page 30

**Smith v. Merck**

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description of Document | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 1.1582 | MRK-AJF0000235 | MRK-AJF0000236 | 6/20/2001 | Email to Carroll from Hinckley re: 4 main components of Vioxx message. Nothing regarding CV risk. | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. | *(handwritten)* |
| 1.1568 | MRK-ACJ0004568 | MRK-ACJ0004591 | 08/26/2002 | 2003 Profit Plan for Vioxx | 401, 402, 403. Sales and financial data are irrelevant and unfairly prejudicial, especially in the compensatory phase. Also inadmissible under Kentucky law. | no ruling *(handwritten)* |
| 1.1592 | MRK-AJF0000235 | MRK-AJF0000236 | 6/20/2001 | Email to Carroll from Hinckley re: 4 main components of Vioxx message. Nothing regarding CV risk. | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | deferred no ruling *(handwritten)* |
| 1.1686 | MRK-NJ0274249 | MRK-NJ0274249 | 06/20/2000 | "Page C-27, Figure C-2 of Comparison of Rofecoxib  A Highly Selective-Inhibitor of Cox-2, and Naproxen (a Dual COX-1/COX-2 Inhibitor) on the Incidence of Clinically Important Upper Gastrointestinal Events: The VIGOR Trial" (Curfman Deposition Exhibit # | 602, 801, 802.  No foundation, hearsay, incomplete document. | no ruling *(handwritten)* |
| 1.1702 | MRK-ABI0003662 | MRK-ABI0003679 | 04/04/2001 | Vioxx Sales Update Senior Management Discussion with Notes from David Anstice (Anstice Deposition Exhibit #130) | 401, 402, 403.  Sales and financial data are irrelevant and unfairly prejudicial, especially in the compensatory phase.  Also inadmissible under Kentucky law. | no ruling *(handwritten)* |
| 1.1790 | MRK-ABW0011849 | MRK-ABW0011864 | | Vioxx Going on OFFENSE  (Ex. 20 to Dixon depo 1/18/05) | 602.  Foundation objection if used with any witness who has never seen this document before. | admissible *(handwritten)* |
| 1.1813 | MRK-ABW0008495 | MRK-ABW0008514 | 09/10/2001 | Cardiovascular and Renal Review, HHMC | 401, 402, 403.  Irrelevant because no evidence any of the doctors in this case were exposed to any of these marketing messages.  Any probative value is substantially outweighed by the prejudicial effect. | not admissible *(handwritten)* |
| 1.1833 | MRK-ABI0003479 | MRK-ABI0003481 | 02/14/2001 | Results of Label Message Test for VIGOR | 401, 402, 403.  Irrelevant because survey respondents have nothing to do with this case (not plaintiff or doctors).  Also, pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Smith's prescriber.  Any probative value is substantially outweighed by prejudicial effect. | admissible *(handwritten)* |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiffs First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Court's Ruling |
|---|---|---|---|---|---|---|
| 1.2590 | MRK-GUE0051686 | MRK-GUE0051773 | 7/31/1998 | Merck's plans for VIGOR: Naproxen 500 bid chosen because it's most commonly used dose for RA | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. | not ruling |
| 1.2592 | | | 07/20/2006 | Union of Concerned Scientists: Voices of Scientists at FDA: Protecting Public Health Depends on Independent Science (Survey Summary, Methodology, and Demographics). | 401, 402, 403, 601, 602, 801, 802, 901. Lack of foundation and authentication. Document is inadmissible hearsay. Irrelevant and any probative value substantially outweighed by prejudicial effect. | not admissible |
| 1.2593 | | | 07/20/2006 | Union of Concerned Scientists: 2006 UCS and PEER Survey of U.S. Food and Drug Administration Scientists (Survey Questions and Responses). | 401, 402, 403, 601, 602, 801, 802, 901. Lack of foundation and authentication. Document is inadmissible hearsay. Irrelevant and any probative value substantially outweighed by prejudicial effect. | not admissible |
| 1.2594 | | | 07/20/2006 | Union of Concerned Scientists: UCS Food and Drug Administration Survey Selected Excerpts form Essay Responses (Selected Essay Responses). | 401, 402, 403, 601, 602, 801, 802, 901. Lack of foundation and authentication. Document is inadmissible hearsay. Irrelevant and any probative value substantially outweighed by prejudicial effect. | Same as above |
| 1.2595 | | | 07/20/2006 | Union of Concerned Scientists: Scientific Integrity at Risk: The Food and Drug Administration (Abuses of Science and FDA). | 401, 402, 403, 601, 602, 801, 802, 901. Lack of foundation and authentication. Document is inadmissible hearsay. Irrelevant and any probative value substantially outweighed by prejudicial effect. | Same as above |
| 1.2596 | | | 07/20/2006 | Union of Concerned Scientists: FDA Survey Demographics | 401, 402, 403, 601, 602, 801, 802, 901. Lack of foundation and authentication. Document is inadmissible hearsay. Irrelevant and any probative value substantially outweighed by prejudicial effect. | Same as above |
| 1.2597 | | | 07/20/2006 | Union of Concerned Scientists: UCS and PEER Survey of FDA Scientists: Additional Questions and Responses | 401, 402, 403, 601, 602, 801, 802, 901. Lack of foundation and authentication. Document is inadmissible hearsay. Irrelevant and any probative value substantially outweighed by prejudicial effect. | Same as above |

Page 32

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 1.2598 | | | 07/20/2006 | Union of Concerned Scientists: UCS Food and Drug Administration Scientists' Survey Centers for Drugs, Food Safety, Biologics and Devices (FDA Centers Response Analysis). | 401, 402, 403, 601, 602, 801, 802, 901. Lack of foundation and authentication. Document is inadmissible hearsay. Irrelevant and any probative value substantially outweighed by prejudicial effect. | *not admiss.* |
| 1.2599 | | | 07/20/2006 | Union of Concerned Scientists: UCS 2006 Food and Drug Administration Survey Compared to the 2002 Health and Human Services Inspector General Survey. | 401, 402, 403, 601, 602, 801, 802, 901. Lack of foundation and authentication. Document is inadmissible hearsay. Irrelevant and any probative value substantially outweighed by prejudicial effect. | *not admiss.* |
| 1.2600 | | | 07/20/2006 | Union of Concerned Scientists: Summary of 2002 Inspector General Survey | 401, 402, 403, 601, 602, 801, 802, 901. Lack of foundation and authentication. Document is inadmissible hearsay. Irrelevant and any probative value substantially outweighed by prejudicial effect. | *not admiss.* |
| 1.2612 | MRK-AFI0201399 | MRK-AFI0201399 | 04/29/1999 | Email from Susan Baumgartner to Leonardo Mendez Re: Physicians to neutralize | 401, 402, 403. No evidence any of the physicians mentioned ever had any contact with anyone in this case. Any probative value is substantially outweighed by prejudicial effect. | *admissible* |
| 1.2631 | MRK-AFI0201415 | MRK-AFI0201442 | | Email from Baumgartner to Bel, et a. re: Physicians to neutralize | 401, 402, 403, 801, 802. No evidence any of the physicians mentioned ever had any contact with anyone in this case. Any probative value is substantially outweighed by prejudicial effect. Document contains hearsay statements. | *admissible* |
| 1.2637 | MRK-ABW000062 | | | Anstice phone message to US Sales force for Vioxx | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | *admissible w/ approp. w/ paragr.* |
| 1.2639 | MRKGUE0019150 | MRKGUE0019198 | | VIGOR Final results slides: what the NEJM article should have contained | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | *reserve ruling* |
| 1.2640 | MRK-GUE0002837 | MRK-GUE0002838 | 1/17/2000 | Email from Harry Guess showing that February 10 "prespecified" cutoff date for CV events had not been specified | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | *reserve ruling* |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 1.2849 | MRK-ABI0002453 | MRK-ABI0002454 | | Direct to Consumer Marketing for Vioxx | 401, 402, 403. Irrelevant because there is no evidence that direct-to-consumer advertising played any factor in Mr. Smith's decision to take Vioxx. Any probative value is substantially outweighed by the prejudicial effect. | |
| 1.2851 | MRKaax0002761 | | 1/24/2000 | Memo re: Merck Management Requests to VIGOR Data and Monitoring Board | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 1.2652 | MRK-AFI0045996 | MRK-AFI00045840 | 1/28/2004 | Memo from Lourdes Villalba to Brian Harvey regarding response to FDA request for information for Studies 078 and 091 (Alzheimer Studies) | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 1.2653 | MRK-AAX0002760 | | 1/24/2000 | Curfman Letter with attachments | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 1.2654 | MRK0ABI0001934 | | 3/27/2000 | PIR about VIGOR - states difference in CV events (not included in NEJM), says ADVANTAGE shows no CV problem (doesn't mention significantly more deaths) | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 1.2661 | MRK-LAU0034404 | MRK-LAU0034565 | 3/20/2001 | Merck VIOXX HHPAC STAGE IV - REVIEW MEETING 3-20-01 Marketing Strategy including naproxen | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 1.2662 | MRK-ABI0001899 | MRK-ABI0001915 | | HHPAC Key Marketing Messages | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 1.2667 | MRK-ABX0071232 | MRK-ABX0071233 | 00/00/2003 | Merck Dear Doctor 2003 in response to observational study | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 1.2670 | MRK-H10STM001118 | MRK-H10STM001191 | | Project OFFENSE MEETING AGENDA 7 CONTENT and CV obstance response | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Ex Date | Description | Merck Objections | Plaintiff's Ruling |
|---|---|---|---|---|---|---|
| 1.2671 | MRK-H3STM001173 | MRK-H3STM001177 | 2/9/2001 | Bulletin for Vioxx FDA Artritis Advisory Committee Meeting 2/9/01 | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | *(handwritten)* |
| 1.2685 | MRK-NJ0272447 | MRK-NJ0272458 | 7/5/2000 | Merck 7/5/00 meeting with 3 additional Mis | Plaintiff has not provided Merck with the proposed exhibit.  Merck reserves right to object upon receipt of the document | *(handwritten)* |
| 1.2692 | | | | Merck's 2000 Form 10-K Annual Report. | 401, 402, 403.  Sales data are irrelevant and highly prejudicial, especially in compensatory phase.  Also inadmissible under Kentucky law. | *(handwritten)* |
| 1.2693 | | | | Merck's 2001 Form 10-K Annual Report. | 401, 402, 403.  Sales data are irrelevant and highly prejudicial, especially in compensatory phase.  Also inadmissible under Kentucky law. | |
| 1.2694 | | | | Merck's 2003 Form 10-K Annual Report. | 401, 402, 403.  Sales data are irrelevant and highly prejudicial, especially in compensatory phase.  Also inadmissible under Kentucky law. | |
| 1.2695 | | | | Merck's 2005 Annual Report and 10K. | 401, 402, 403.  Sales data are irrelevant and highly prejudicial, especially in compensatory phase.  Also inadmissible under Kentucky law. | |
| 1.2696 | | | | Merck's 2004 Form 10-K Annual Report. | 401, 402, 403.  Sales data are irrelevant and highly prejudicial, especially in compensatory phase.  Also inadmissible under Kentucky law. | |
| 1.2697 | | | | Merck's 1999 Form 10-K Annual Report. | 401, 402, 403.  Sales data are irrelevant and highly prejudicial, especially in compensatory phase.  Also inadmissible under Kentucky law. | |
| 1.2698 | | | | Merck's 2002 Form 10-K Annual Report. | 401, 402, 403.  Sales data are irrelevant and highly prejudicial, especially in compensatory phase.  Also inadmissible under Kentucky law. | *(handwritten)* |
| 1.2710 | MRK AKC 0014303 | MRK-AKC0014320 | Sept./Oct/20 01 | "PMRD (Promotion Message Recall Data) An Exclusive Service of the com.DAT Division, dtw Marketing Research Group, Inc.""" | 401, 402, 403, 801, 802.  Document consists entirely of inadmissible hearsay statements. Irrelevant because document has nothing to do with any of the doctors in this case.  Any probative value is substantially outweighed by the prejudicial effect. | *(handwritten)* |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barrett Ruling |
|---|---|---|---|---|---|---|
| 1.2719 | NEJM000374 | NEJM000375 | 12/29/2005 | "'''Expression of Concern'" article re VIGOR. [N Eng J Med 2005; 353: 2813-14]" | 801, 802. Document is inadmissible hearsay. | allowed to show conduct to rebut |
| 1.2722 | | | | Handwritten note between Dr. Braunstein and Brian Harvey (7/19/2006 Braunstein (Vol. II) Depo - Exhibit 24). | 401, 402, 403, 802, 901, 902. Irrelevant because post-withdrawal. Any probative value is substantially outweighed by prejudicial effect. Lack of foundation if used with any witness who cannot authenticate the handwriting. | admissible w/ depo after objection or reserve |
| 1.2724 | | | | APPROVE Investigator reported AE's | None | |
| 1.2750 | | | 3/17/2006 | NEJM: Response to Expression of Concern Regarding VIGOR Study | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. | merck ruling |
| 2.0167 | | | 2/15/2005 | "Cardiovascular Events Associated with Rofecoxib in a Colorectal Adenoma Chromoprevention Trial by Robert Bresalier, et al... The New England Journal of Medicine, Page 1-22" | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. | |
| 2.0183 | MRK-ABA0001301 | MRK-ABA0001309 | 11/23/2000 | "Comparison of Upper Gastrointestinal Toxicit of Rofecoxib and Naproxen in Patients with Rheumatoid Arthritis by Claire Bombardier, et al... The New England Journal of Medicine, 343, Pg. 1520-1528" | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. | reserve ruling |
| 4.5001 | SmithR-AllianceLab-00001 | SmithR-AllianceLab-00008 | | Medical records of Alliance Laboratory Services. | None | |
| 4.5002 | SmithR-AlliancePCMR-00001 | SmithR-AlliancePCMR-00044 | | Medical records of Alliance Primary Care. | None | |
| 4.5003 | SmithR-GieskeMDr-00001 | SmithR-GieskeMDr-00006 | | Billing records of Alliance Primary Care (M. Gieske M.D.). | None | |
| 4.5004 | SmithR-BCBSMN-00001 | SmithR-BCBSMN-00006 | | Records of Blue Cross Blue Shield. | None | |
| 4.5005 | SmithR-CVSPhar-00001 | SmithR-CVSPhar-00007 | | Pharmacy records of CVS Pharmacy. | None | |
| 4.5006 | | | | Medical records of Comprehensive Rehabilitation Services. | None | |

Page 36

**Smith v. Merck**

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Mvm Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 4.5007 | SmithR-CourtadeDDr 00001 | SmithR-CourtadeDDr 00058 | | Medical records of Dr. Daniel Courtade. | None | |
| 4.5008 | SmithR-EastCOrthopMMD-0001 | SmithR-EastCOrthopMMD-0003 | | Billing record of Eastern Cinti OrthoOrthopaedic; Miller, Charles D. MD. | None | |
| 4.5009 | SmithR-GreferMDr-00001 | SmithR-GreferMDr-00116 | | Medical records of Dr. Michael Grefer (Greater Cincinnati Orthopaedic Center). | None | |
| 4.5010 | SmithR-GreatCinOrthMR-00001 | SmithR-GreatCinOrthMR-00056 | | Additional medical records of Dr. Michael Grefer. | None | |
| 4.5011 | SmithR-HandSurgSomnMD-00001 | SmithR-HandSurgSomnMD-00016 | | Medical records of Hand Surgery Specialists: T. Greg Summerkamp, M.D. | None | |
| 4.5012 | SmithR-HomeInsurance-00001 | SmithR-HomeInsurance-00390 | | Records of Home Insurance in Liquidation. | None | |
| 4.5013 | SmithR-NorthKHeartMR-00001 | SmithR-NorthKHeartMR-00076 | | Medical records of Northern Kentucky University. | None | |
| 4.5014 | SmithR-PatientsFirst-00001 | SmithR-PatientsFirst-00031 | | Medical records of Patient First Physicians Group. | None | |
| 4.5015 | SmithR-PatntFrstSandMD-00001 | SmithR-PatntFrstSandMD-00030 | | Medical records of Patient First Physicians Group (Dr. Sanders). | None | |
| 4.5016 | SmithR-SRDofCH-00001 | SmithR-SRDofCH-00121 | | Medical records of Similar Resins Division of Interplastic Chemicals. | None | |
| 4.5017 | SmithR-StElizabethMC-00001 | SmithR-StElizabethMC-00651 | | Medical records of St. Elizabeth Medical Center. | None | |
| 4.5018 | 000001 | 000049 | | Additional medical records of St. Elizabeth Group | None | |
| 4.5019 | SmithR-StElizabethMCR-00001 | SmithR-StElizabethMCR-00010 | | Medical records of St. Elizabeth Medical Center (Radiology). | None | |
| 4.5020 | SmithR-StLukeHospMR-00001 | SmithR-StLukeHospMR-00021 | | Medical records of St. Lukes Hospital West. | None | |
| 4.5021 | SmithR-Walmart-00001 | SmithR-Walmart-00023 | | Pharmacy records of Wal-Mart. | None | |

Page 37

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Basis for Ruling |
|---|---|---|---|---|---|---|
| 4.5022 | SmithR-WorkersComp-00001 | SmithR-WorkersComp-00012 | | Entire file for Workers Compensation. | None | |
| 4.5023 | 000001 | 000092 | | Medical records of Northern Kentucky Heart, PSC | None | |
| 4.5024 | SmithR-StLukeHospPath-00001 | SmithR-StLukeHospPath-00023 | | Records of St. Luke Hospital West (Pathology) | None | |
| 4.5026 | SmithR-NorthKHeartBill-00001 | SmithR-NorthKHeartBill-00005 | | Billing records of North Kentucky Heart, P.S.C. | None | |
| 4.5027 | SmithR-SuperXDrug-00001 | SmithR-SuperXDrug-00005 | | Pharmacy records of Super X Drugs | None | |
| 4.5028 | | | | Medical record of St. Luke Hospitals (1page) | None | |
| 4.5029 | | | 2/18/2003 | Compact Disck of Cardiac Cathelerization Scan for Robert G. Smith | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. | Deny ruling |
| 4.5030 | | | 7/10/2003 | Ultrasound Video of Robert G. Smith - St. Elizabeth Hospital | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. | |
| 4.5031 | SmithR-IndependAnest-00001 | SmithR-IndependAnest-00002 | | Medical records of Independent anesthesiologists | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. | |
| 4.5032 | SmithR-StElizabethMCP-00001 | SmithR-StElizabethMCP-00003 | | Medical records of St. Elizabeth Medical Center (Pathology) | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. | |
| 4.5033 | Amith R-LabOneOhio-00001 | Amith R-LabOneOhio-00007 | | Medical Records of Lab One Ohio | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. | |
| 4.5034 | Smith R-PatientFirstMR-00001 | Smith R-PatientFirstMR-00034 | | Additional medical records of Patient First Physicians Group | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. | |
| 4.6000 | MRK-SMPF0000333 | MRK-SMPF000395 | 05/05/2006 | Supplemental Merck Profile Form with attached documents. | 401, 402, 403, 801, 802. This is a Rule 26 equivalent per court order. Irrelevant and highly prejudical. Hearsay. | |
| 4.6001 | MRK-MPF0042776 | MRK-MPF0042845 | 02/24/2006 | Merck Profile Form and attached documents | 401, 402, 403, 801, 802. This is a Rule 26 equivalent per court order. Irrelevant and highly prejudical. Hearsay. | |
| 4.6002 | MRK-MPF0043514 | MRK-MPF0043516 | 02/24/2006 | Attachments to Merck Profile Form. | 401, 402, 403, 801, 802. This is a Rule 26 equivalent per court order. Irrelevant and highly prejudical. Hearsay. | |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates# | Ending Bates# | Date | Description | Merck Objections | Barrett Ruling |
|---|---|---|---|---|---|---|
| 4.6003 | MRK-MPF0043523 | MRK-MPF0043526 | 02/24/2006 | Attachments to Merck Profile Form. | 401, 402, 403, 801, 802. This is a Rule 26 equivalent per court order. Irrelevant and highly prejudicial. Hearsay. | *(handwritten)* |
| 4.6004 | MRK-MPF0043571 | MRK-MPF0043631 | 02/24/2006 | Merck Profile Form and attached documents. | 401, 402, 403, 801, 802. This is a Rule 26 equivalent per court order. Irrelevant and highly prejudicial. Hearsay. | *(handwritten)* |
| 4.6005 | MRK-SMPF0019182 | MRK-SMPF0019455 | 07/10/2006 | Supplemental Merck Profile Form with attached documents. | 401, 402, 403, 801, 802. This is a Rule 26 equivalent per court order. Contains information about doctors unrelated to this case. Irrelevant and highly prejudicial. Hearsay. | |
| 4.6006 | | | 12/9/2005 | Plaintiff Profile Form. | None | *(handwritten)* |
| 4.6007 | | | 6/15/2006 | Amended Plaintiff Profile Form. | None | |
| 4.6008 | | | | Local Climatological Data for September 2002 - February 2003. | 401, 402, 801, 802. Document is hearsay. Irrelevant because weather report is for a different city (not Florence, KY) and dates having nothing to do with this case. | admissible |
| 4.6009 | | | | Plaintiffs Tax Returns from the year 2002 - 2004 | None | |
| 4.6010 | MRK-AKT1131701 | MRK-AKT1113714 | 05/25/2001 | Letter to Grefer re comparison of Vioxx and Celebrex. | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Dr. Grefer. Any probative value is substantially outweighed by prejudicial effect. | admissible rev. chapter on re-cha... |
| 4.6011 | MRK-AKT2010758 | MRK-AKT2010771 | 08/27/2001 | Letter to Grefer re comparison of Vioxx and Celebrex. | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Dr. Grefer. Any probative value is substantially outweighed by prejudicial effect. | admissible w. chapter on re-cha... |
| 4.6012 | MRK-AKT2686343 | MRK-AKT2686344 | 06/05/2002 | Letter to Grefer re reprint of VIGOR | None | |
| 4.6013 | MRK-AKT2833063 | MRK-AKT2833096 | 08/12/2002 | Letter to Grefer re comparison of Vioxx and Celebrex. | None | |
| 4.6014 | MRK-AKT3150850 | MRK-AKT3150851 | 08/11/1999 | Letter to Grefer re comparison of Vioxx and Celebrex. | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Dr. Grefer. Any probative value is substantially outweighed by prejudicial effect. | admissible w. chapter on re-cha... |
| 4.6015 | MRK-AKT3210592 | MRK-AKT3210593 | 06/02/1999 | Letter to Grefer re comparison of Vioxx and Celebrex. | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Dr. Grefer. Any probative value is substantially outweighed by prejudicial effect. | *(handwritten)* |

Page 39

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Court's Ruling |
|---|---|---|---|---|---|---|
| 4.6016 | MRK-AKT3210614 | MRK-AKT3210615 | 06/02/1999 | Letter to Grefer re use of Vioxx in a Patient allergic to sulfonamides. | 401, 402, 403.  Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Dr. Grefer.  Any probative value is substantially outweighed by prejudicial effect. | admissible if relevant |
| 4.6017 | MRK-AKT4010933 | MRK-AKT4010942 | 03/24/1999 | Letter to Grefer re published studies on Vioxx. | 401, 402, 403.  Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Dr. Grefer.  Any probative value is substantially outweighed by prejudicial effect. | |
| 4.6018 | MRK-AKT4064704 | MRK-AKT4064705 | 08/11/1999 | Letter to Grefer re comparison of Vioxx and Celebrex. | 401, 402, 403.  Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Dr. Grefer.  Any probative value is substantially outweighed by prejudicial effect. | |
| 4.6019 | MRK-AKT4067993 | MRK-AKT4067994 | 06/02/1999 | Letter to Grefer re use of Vioxx in a Patient allergic to sulfonamides. | 401, 402, 403.  Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Dr. Grefer.  Any probative value is substantially outweighed by prejudicial effect. | |
| 4.6020 | MRK-AKT4068485 | MRK-AKT4068486 | 06/02/1999 | Letter to Grefer re comparison of Vioxx and Celebrex. | 401, 402, 403.  Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Dr. Grefer.  Any probative value is substantially outweighed by prejudicial effect. | |
| 4.6021 | MRK-AKT4143327 | MRK-AKT4143327 | 02/29/2000 | Letter to Grefer re design and duration of the acute pain clinical trials conducted with Vioxx. | 401, 402, 403.  Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Dr. Grefer.  Any probative value is substantially outweighed by prejudicial effect. | |
| 4.6022 | MRK-AKT4143328 | MRK-AKT4143330 | 02/29/2000 | Letter to Grefer re information on the mechanism of NSAID-induced gastropathy. | 401, 402, 403.  Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Dr. Grefer.  Any probative value is substantially outweighed by prejudicial effect. | |
| 4.6023 | MRK-AKT4143331 | MRK-AKT4143332 | 02/29/2000 | Letter to Grefer re use of Vioxx in a Patient allergic to sulfonamides. | 401, 402, 403.  Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Dr. Grefer.  Any probative value is substantially outweighed by prejudicial effect. | admissible if relevant |
| 4.6024 | MRK-SMTAA0000001 | MRK-SMTAA0000015 | 05/22/2006 | Dr. Michael Grefer Prescriber RX history, IMS data produced by Merck on May 22, 2006. | 801, 802.  Inadmissible hearsay. | admissible |

Page 40

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barrett Ruling |
|---|---|---|---|---|---|---|
| 4.6025 | MRK-SMTAA0000031 | MRK-SMTAA0000045 | | Dr. Forest Heis Prescriber RX history, IMS data produced by Merck | 801, 802. Inadmissible hearsay. | admissible |
| 4.6026 | | | | Grefer Rep Summary/All Contacts. | 401, 402, 403, 602, 902. Irrelevant because concerns contacts with sales reps about drugs other than Vioxx. Any probative value is substantially outweighed by the prejudicial effect. Foundation objection if used with any witness who has never seen document before. Lack of authentication. | |
| 4.6027 | MRK-AKT4190533 | MRK-AKT4190537 | 04/24/2000 | Letter to Grefer re specificity for cyclooxygenase-2 (COX-2). | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Dr. Grefer. Any probative value is substantially outweighed by prejudicial effect. | admissible |
| 4.6028 | MRK-AKT1050988 | MRK-AKT1050991 | 05/15/2001 | Letter to Grefer re reprint of VIGOR | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Dr. Grefer. Any probative value is substantially outweighed by prejudicial effect. | admissible |
| 4.6029 | MRK-SMTAB0000001 | MRK-SMTAB0000007 | | Dr. Daniel Courtade Call Notes and database information. | 401, 402, 403. Irrelevant because Dr. Courtade did not prescribe Vioxx to Mr. Smith. Any probative value is substantially outweighed by the prejudicial effect. | admissible |
| 4.6030 | MRK-AKT4143333 | MRK-AKT4143337 | 02/29/2000 | Letter to Grefer re comparison oo Vioxx and Celebrex. | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Dr. Grefer. Any probative value is substantially outweighed by prejudicial effect. | admissible |
| 4.6031 | MRK-AKT4170890 | MRK-AKT4170894 | 03/29/2000 | Letter to Grefer re comparison of Vioxx and Celebrex. | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Dr. Grefer. Any probative value is substantially outweighed by prejudicial effect. | admissible |
| 4.6032 | MRK-ANP0000025 | MRK-ANP0000025 | | Dr. Michael Grefer Call Notes. | 801, 802. Document contains hearsay statements by non-Merck persons. | admissible |
| 4.6033 | MRK-AKT1050988 | MRK-AKT1050991 | 05/15/2001 | PIR to Dr. Grefer: May 15, 2001 - Letter plus NEJM VIGOR article | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Dr. Grefer. Any probative value is substantially outweighed by prejudicial effect. | admissible |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Bates Ruling |
|---|---|---|---|---|---|---|
| 4.6034 | MRK-AKT2833063 | MRK-AKT2833096 | 08/12/2002 | PIR letter to Dr. Grefer re comparison of Vioxx and Celebrex | None | |
| 4.6035 | | MRK-AKT2686344 | 06/05/2002 | PIR to Dr. Grefer: June 5, 2002: Letter and NEJM VIGOR article | None | |
| 4.6036 | SmithR-PatientsFirst-00017 | SmithR-PatientsFirst-00019 | 9/30/00 | Alliance Laboratory Report (6/15/06 Smith Depo Exhibit 9). | None | |
| 4.6037 | SmithR-PaintFrstSandMD-00011 | SmithR-PaintFrstSandMD-00011 | 12/27/01 | Patient First Physicians Group - Physical Exam (6/15/06 Smith Depo Exhibit 10). | None | |
| 4.6038 | SmithR-GreferMMD-00077; and 00067 | SmithR-GreferMMD-00077; and 00067 | | Patient History Form (6/29/06 Grefer Discovery Depo Exhibit 6). | None | |
| 4.6039 | | | | Levitra Information (6/15/06 Smith Depo Exhibit 13). | None | |
| 4.6040 | | | | Memorandum made public on April 6, 2005 from the FDA regarding NSAID's (6/29/06 Grefer Discovery Depo Exhibit 8). | None | |
| 4.6041 | SmithR-HandSurgSomnMD-00001 | SmithR-HandSurgSomnMD-00004 | 9/6/00 | Consultation - Dr. Summerkamp (6/15/06 Smith Depo Exhibit 8). | None | |
| 4.6042 | | | | Calender - October 2002 - February 2003 (6/15/06 Smith Depo Exhibit 18). | None | |
| 4.6043 | | | | Plaintiff's Responses and Objections to Merck & Co., Inc.'s First Request for Production (6/15/06 Smith Depo Exhibit 31). | None | |
| 4.6044 | SmithR-GreatCinOrthMR-00007 | SmithR-GreatCinOrthMR-00008 | | Medical Records - Dr. Grefer (6/15/06 Smith Depo Exhibit 17). | None | |
| 4.6045 | SmithR-StLukeHospMR-00004 | SmithR-StLukeHospMR-00006 | 2/17/03 | Emergency Department Physician Report (6/15/06 Smith Depo Exhibit 20). | None | |
| 4.6046 | SmithR-PPR-00030 | SmithR-PPR-00031 | 2/17/03 | Progress Notes - St. Elizabeth Medical Center (6/15/06 Smith Depo Exhibit 19). | None | |
| 4.6048 | SmithR-CVSPhar-00003 | SmithR-CVSPhar-00005 | | CVS Pharmacy Prescription Record (6/15/06 Smith Depo Exhibit 11). | None | |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 4.6049 | | | | Any and all exhibits attached to the deposition of Gary E. Sander, MD, taken on August 15, 2006 | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 4.6050 | | | | Any and all exhibits attached to the videotaped deposition of James Ravencraft taken on July 17, 2006 | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 4.6051 | SmithR-StElizabethMC-00195 | SmithR-StElizabethMC-00196 | | St. Elizabeth Medical Center Records (6/15/06 Smith Depo Exhibit 32). | None | |
| 4.6053 | | | | Amended Plaintiff Profile Form (6/15/06 Smith Depo Exhibit 30). | None | |
| 4.6054 | | | | Amended Plaintiff Profile Form - working draft (6/15/06 Smith Depo Exhibit 29). | None | |
| 4.6055 | | | | Plaintiff's Answers and Objection's to Merck & Co., Inc.'s First Set of Interrogatories (6/15/06 Smith Depo Exhibit 28). | None | |
| 4.6056 | SmithR-GreatCinOrthMR-00033 | SmithR-GreatCinOrthMR-00038 | 8/24/05 | Fax from Commonwealth Orthopaedic Centers, P.S.C. (6/15/06 Smith Depo Exhibit 27). | None | |
| 4.6057 | | | 8/3/2005 | Letter to Dr. Sander from Dr. Courtade (6/15/06 Smith Depo Exhibit 26). | None | |
| 4.6058 | SmithR-NorthKHeartMR-00050 | SmithR-NorthKHeartMR-00051 | 5/28/04 | Letter to Dr. Sander from Dr. Courtade (6/15/06 Smith Depo Exhibit 25). | None | |
| 4.6059 | SmithR-NorthKHeartMR-00048 | SmithR-NorthKHeartMR-00049 | 9/29/03 | Letter to Dr. Sander from Dr. Courtade (6/15/06 Smith Depo Exhibit 24). | None | |
| 4.6060 | | | | Levitra Patient Information (6/15/06 Smith Depo Exhibit 12). | None | |
| 4.6061 | SmithR-StElizabethMC-00308 | SmithR-StElizabethMC-00308 | 1/4/94 | St Elizabeth - Nursing Data Base - January 4, 1994 (6/15/06 Smith Depo Exhibit 3). | None | |
| 4.6062 | | | | Any and all exhibits attached to the videotaped deposition of T. Greg Sommerkamp, MD, taken on July 21, 2005 | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 4.6063 | SmithR-GreferMDr-00003 | SmithR-GreferMDr-00004 | | Dr. Grefer Medical Records (6/15/06 Smith Depo Exhibit 14). | None | |
| 4.6064 | MRK-LBL0000013 | MRK-LBL0000014 | | Vioxx Patient Information (6/15/06 Smith Depo Exhibit 15). | None | |

Page 43

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections |
|---|---|---|---|---|---|
| 4.6065 | | | | Garry's blood pressures - St. Elizabeth Medical Center - Post Anesthesia Careunit Record dated November 18, 1993 with various records attached (6/22/06 Courtade Depo - Exhibit 5). | None |
| 4.6066 | | | | Laboratory levels (Alliance Laboratory Services dated September 30, 2000 with various records attached (6/22/06 Courtade Depo - Exhibit 6). | None |
| 4.6067 | | | | All the physicians notes in Dr. Grefer's medical file as well as visits to Drs. Grefer and Heis (6/29/06 Grefer Discovery Depo Exhibit 2). | None |
| 4.6068 | SmithR-GreferMMD-00080 | SmithR-GreferMMD-00080 | | Prescription record from chart (6/29/06 Grefer Discovery Depo Exhibit 3). | None |
| 4.6069 | MRK-LBL0000067 | MRK-LBL0000070 | | Vioxx Information (6/15/06 Smith Depo Exhibit 16). | None |
| 4.6070 | SmithR-PIProfileForm-00001 | SmithR-PIProfileForm-00013 | | Plaintiff's Profile Form (6/15/06 Smith Depo Exhibit 2). | None |
| 4.6072 | SmithR-HomeInsurance-00030 | SmithR-HomeInsurance-00030 | 2/16/94 | Letter from Dr. Sommerkamp to Dr. Grefer (6/15/06 Smith Depo Exhibit 4). | None |
| 4.6073 | SmithR-PPR-00025 | SmithR-PPR-00027 | | St. Elizabeth Medical Center Records (6/15/06 Smith Depo Exhibit 21). | None |
| 4.6074 | SmithR-NorthKHeartMR-00046 | SmithR-NorthKHeartMR-00047 | 3/17/03 | Letter to Dr. Sander from Cardiology Associates, P.S.C. (6/15/06 Smith Depo Exhibit 22). | None |
| 4.6075 | SmithR-CourtadeDDr-00003 | SmithR-CourtadeDDr-00003 | 3/20/03 | Return to work slip - Cariology Associates, P.S.C. (6/15/06 Smith Depo Exhibit 23). | None |
| 4.6076 | | | | New England Journal of Medicine editorial dated March 16, 2006 - Expression of Concern Reaffirmed (6/29/06 Grefer Trial Deposition - Exhibit 6). | 403, 602, 801, 802. Document is inadmissible hearsay. Lack of foundation as to handwritten underlining; witness lacks personal knowledge. Any probative value is substantially outweighed by the prejudicial effect. |

Page 44

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck's Objections | Plaintiff's Objections | Court Ruling |
|---|---|---|---|---|---|---|---|
| 4.6078 | SmithR-HomeInsurance-00105 | SmithR-HomeInsurance-00109 | 2/17/94 | Rehabilitation Progress Report (6/15/06 Smith Depo Exhibit 5). | None | | |
| 4.6079 | MRK-P0011429 | MRK-P0011439 | | Dear Healthcare Provider letters (6/29/06 Grefer Discovery Depo Exhibit 5) | None | | |
| 4.6080 | SmithR-PatientFirstMR-00001 | SmithR-PatientFirstMR-00002 | 6/15/00 | Male History - Patient First Medical Record (6/15/06 Smith Depo Exhibit 7). | None | | |
| 4.6081 | SmithR-HomeInsurance-00093 | SmithR-HomeInsurance-00094 | 3/21/94 | Rehabilitation Progress Report (6/15/06 Smith Depo Exhibit 6). | None | | |
| 4.6082 | | | | Package insert - the label for Vioxx that was in effect from April 2002 on (6/29/06 Grefer Discovery Depo Exhibit 4). | None | | |
| 5.0001 | | | | Curriculum Vitae and Expert Report of Dr. Richard Kapit | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | | |
| 5.0002 | | | | Curriculum Vitae and Expert Report of Jerry Avorn, MD | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | | |
| 5.0003 | | | | Curriculum Vitae and Expert Report of Leslie Clelan, MD | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | | |
| 5.0004 | | | | Curriculum Vitae and Expert Report of John W. Farquar, MD | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | | |
| 5.0005 | | | | Curriculum Vitae and Expert Report for Egil Fosslien, MD | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | | |
| 5.0006 | | | | Curriculum Vitae and Expert Report of Richard Kronmal, MD | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | | |
| 5.0007 | | | | Curriculum Vitae and Expert Report of Lemuel Moye, III, MD | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | | |
| 5.0008 | | | | Curriculum Vitae and Expert Report of Douglas P. Zipes, MD | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | | |
| 5.0009 | | | | Curriculum Vitae and Expert Report of Jeffrey Popma, MD | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | | |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Description | Date | Merck Objections | Bench Ruling |
|---|---|---|---|---|---|---|
| 5.0010 | | | Curriculum Vitae and Expert Report of Cornelia Pechman, MD | | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.0011 | | | Any and all documents available from the FDA Website regarding Vioxx | | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.0012 | | | Any and all documents available from the Waxman website regarding Vioxx | | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.0013 | | | Any and all documents available from the Senate Health, Education, Labor and Pensions Website regarding Vioxx | | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.0014 | | | Any and all documents available from the Senate Finance Committee Website regarding Vioxx | | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.0015 | | | Any and all exhibits attached to all Plaintiff's expert depositions and expert reports as well as document they cite in their report | | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.0016 | | | Any and all exhibits attached to all Defendant's expert depositions and expert reports as well as document they cite in their report | | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.0017 | | | Any and all clinical trial information including reports, CSR, adverse events, summaries and memorandum | | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.0018 | | | Blow ups of any exhibits already listed | | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.0019 | | | Any document or material necessary for demonstrative purposes | | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.0020 | | | Any animation to be used for demonstrative purposes | | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.0021 | | | Plaintiffs reserves the right to use all video tapes of depositions | | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date(s) | Exhibit Description | Merck Objections | Exhibit Ruling |
|---|---|---|---|---|---|---|
| 5.0022 | | | | Plaintiff reserves the right to use any exhibit listed by Defendant | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.0023 | | | | Plaintiff reserves the right to use any exhibit necessary for cross examination | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.0024 | | | | Plaintiff reserves the right to use any exhibit necessary for rebuttal | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.0025 | | | | Plaintiff reserves the right to use any exhibit found through outstanding discovery | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.0026 | | | | Plaintiff reserves the right to use any exhibit found through any discovery requested but not yet produced | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.0027 | | | | Plaintiff reserves the right to use any all depositions and any exhibits attached thereto for any future depositions taken hereto in this matter | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.0028 | | | | Plaintiff reserves the right to use all depositions and any exhibits attached thereto for any future depositions taken in this matter | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.0030 | | | | All documents received, reviewed or referenced by Dr. Zipes attendant to his report | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.0033 | | | | Curriculum Vitae and Expert Report of John Abramson, MD | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.0034 | | | | Supplemental Expert Report of John W. Farquhar, MD | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.0035 | | | | Any and all documents available from the Senate Health, Education, Labor and Pensions Website regarding Vioxx | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.0036 | | | | Any and all clinical trial information including reports, CSR, adverse events, summaries and memorandum | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barbier Ruling |
|---|---|---|---|---|---|---|
| 5.0037 | | | | All exhibits to the deposition of John D. Abramson, MD taken on August 3, 2006 | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.0038 | | | | All exhibits to the deposition of John Farquhar, MD, taken on July 19, 2006 | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.0039 | | | | All exhibits to the deposition of Douglas Zipes, MD, taken on July 19, 2006 | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.0046 | | | | Any and all exhibits to the deposition of Laura Demopoulos | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.0047 | | | | Any documents referenced in the reports of Drs. Moye, Abramson, and/or Avorn | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.0048 | | | | Any and all exhibits to the deposition of Jo Jerman | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.5024 | | | | Rep Contacts in Date Order/Notes (First date: Huber, Donna 01/01/1994; Last date: Block, Amy 08/13/2003. | 801, 802. Document contains hearsay statements by non-Merck persons. | |
| 5.5025 | | | | Rep Contacts in Date Order/Notes - 1/01/1994 - 8/13/2003. | 801, 802. Document contains hearsay statements by non-Merck persons. | |
| 5.5026 | | | | Rep table. | 602, 902. Lack of foundation or authentication. | |
| 5.5028 | | | | Declaration of Terry R. Jackin. | 401, 402, 403, 801, 802. Irrelevant and any probative value is substantially outweighed by prejudicial effect. Hearsay. | |
| 5.5029 | | | | Any and all exhibits to the deposition(s) of Edward Scolnick, MD (taken March 19, 2001, January 30, 2003, March 22, 2005, April 29, 2005 and May 17, 2005) | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.5030 | | | | Expert report and curriculum citae of Kyung Mann Kim, PhD | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.5033 | | | | Any and all exhibits from the deposition(s) of David Anstice (taken March 16, 17, and 18, 2006 and April 12, 2005) | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |

Page 48

Smith v. Merck

Ex. A to Merck's Objections to Plaintiffs First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 5.5034 | | | | Any and all exhibits from the deposition of Raymond Gilmartin | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.5035 | | | | Any and all exhibits from the deposition of Stephen Epstein | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.5036 | | | | Any and all exhibits from the deposition of Jan Weiner | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.5037 | | | | Any and all exhibits from the deposition of Eric Topol | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.5038 | | | | Any and all exhibits from the deposition of Ned S. Braunstein, MD | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.5039 | | | | Any and all exhibits from the deposition of Daniel J. Courlade, MD | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.5040 | | | | Any and all exhibits to the deposition(s) of Michael A. Greier, M.D. | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.5041 | | | | Any and all exhibits to the deposition of Mary E. Blake. | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.5042 | | | | Any and all exhibits to the deposition of David Anstice. | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.5043 | | | | Any and all exhibits to the deposition of James Dunn. | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.5044 | | | | Any and all exhibits to the deposition(s) of Wendy Dixon. | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.5045 | | | | Any and all exhibits to the deposition of Tom Cannell. | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.5047 | | | | Any and all exhibits to the deposition of David Graham. | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.5049 | | | | Any and all exhibits to the deposition(s) of Jerry Avorn. | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |

Page 49

**Smith v. Merck**

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 5.5050 | | | | Any and all exhibits to the deposition of John William Farquhar, M.D. | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.5051 | | | | Any and all exhibits to the deposition of Douglas P. Zipes, M.D. | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.5052 | | | | Any and all exhibits to the deposition of Richard M. Kapit, M.D. taken February 3, 2006. | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.5053 | | | | Any and all exhibits to the deposition of Alan Nies. | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.5054 | | | | Any and all exhibits to the deposition of Richard M. Kapit, M.D. taken on June 19, 2006. | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.5055 | | | | Any and all exhibits to the deposition of Carolyn Cannuscio. | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.5056 | | | | Curriculum Vitae and Expert Report of Wayne A. Ray, Ph.D. | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.5057 | | | | Curriculum Vitae and Expert Report of Gary E. Sander M.D., Ph.D. | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.5058 | | | | Any and all exhibits to the deposition of Gregory Curfman. | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.5059 | | | | Any and all exhibits to the deposition of Susan Baumgartner. | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| 5.5060 | | | | Any and all exhibits to the deposition of J. Martin Carroll. | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| Anstice Ex. No. 166 | | | | "Table of All Deaths and/or Confirmed Adjudicated Serious Thromboembolic AE's from VIGOR" - Introduced as a Table reflecting the mortality data from Vigor | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiffs First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck's Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| CM.0002 | MRK-ABO0001407 | MRK-ABO0001415 | 06/05/2000 | "Email string from Niekeiski to Melton, Daniels, Dervishian, Russell, Lahner, Basaman, Baumgartner, Bazmi, Bell, Bourdow, Chope, Coppola, El-Dada, McKines, Morio, Reiss, Rode, Wawczak, Wynd, Yarborough re: Vioxx Cardiovascular Safety Issues Unresolved; GI S | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| CM.0005 | MRK-AFI0043906 | MRK-AFI0043923 | NO DATE | "List of Physicians with information provided by A&A with comments from National HSAs, RMDs, TBG, etc. | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| CM.0006 | MRK-ADN0018203 | MRK-ADN0018224 | 2000 | Vioxx Consumer Marketing 2000 Profit Plan (powerpoint presentation) | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| CM.0008 | MRK-ADA0015245 | MRK-ADA0015273 | 07/14/1999 | 2000 Profit Plan Extended Team Meeting for Vioxx | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| CM.0009 | MRK-ADK0003208 | MRK-ADK0003407 | 07/07/2000 | Year 2000 Advocate Plan for Merck Coxibs (Draft) | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| CM.0013 | MRK-ABI000441 | MRK-ABI0004441 | 09/28/1999 | "Email from Anstice to McKines, Dixon, Donnelly, and Tacconi re: Vioxx and Consumer Awareness and the need to gather more data; similar to CM.0014, but with additional email strings attached regarding the same." | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| CM.0026 | MRK-AFI0038769 | MRK-AFI0038772 | 1999 | List of Physicians | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| CM.0034 | MRK-AFI0043358 | MRK-AFI0043359 | 04/30/1999 | Email from Baumgartner to Hartenbaum re: Physicians to Neutralize; has Baumgartner email of 04/29/1999 attached. | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| CM.0051 | MRK-ADI0017595 | MRK-ADI0017597 | 01/25/1999 | Email string from Higbee to Weiner, Lindemann, Fanelle in regards to Intelligence/NEJM | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| CM.0052 | MRK-ADI0013761 | MRK-ADI0013764 | 02/10/1999 | Email string from Higbee to Johnson and McKines in regards to Intelligence/NEJM | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |

**Smith v. Merck**

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Plaintiff's Objections | Merck's Objections | Bates/Exhibit No. |
|---|---|---|---|---|---|---|---|
| CM.0059 | MRK-ACJ0005170 | MRK-ACJ0005215 | 04/09/2002 | Pharmaceuticals: The New Consumer Marketing Frontier by Tacconi. | | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | D |
| CM.0060 | MRK-EAD0001604 | MRK-EAD0001605 | 05/19/2000 | Email from Douglas Wynd to Dreyer and Miles RE: For your eyes only - Draft VIGOR Messages with attachments | | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| CM.0071 | MRK-AKO0026709 | MRK-AKO0031037 | 1998-2000 | Merck Disbursement Voucher Requests | | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| CM.0072 | MRK-ACJ0004336 | MRK-ACJ0004445 | 2000 | 2000 Profit Plan | | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| CM.0074 | MRK-ABY0030136 | MRK-ABY0030137 | 09/20/2001 | "Email from Straus to Kong, Pellissier and Watson in regards to FDA Warning Letter" | | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| CM.0075 | FRI0000021 | FRI0000031 | | Physician Action Plans - ADVOCATE | | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |
| Krahe Ex. No. 5 | MRK-CAAD0001696 | MRK-CAAD0001757 | 01/08/2001 | Memo from Market Integration Team for Vioxx to All Field Personnel with Responsibility for Vioxx concerning and enclosing a complete Obstacle Handling Guide for Vioxx. | | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | |