# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:   VIOXX® | * | MDL No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION: L |
| | * | |
| This document relates to: | * | JUDGE FALLON |
| *Chambers, et al v. Merck & Co., Inc.* | * | MAG. JUDGE KNOWLES |
| (E.D. La. 2:05-cv-05072-EEF-DEK) | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AMENDED ANSWER AND JURY DEMAND OF
## DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck") by its undersigned attorney, answers the

Amended Complaint ("Complaint") and submits its Jury Demand herein as follows:

### RESPONSE TO "COUNT ONE – CHAMBERS – PRODUCTS LIABILITY
### GENERAL STATUTES § 52-572n & q"

1.      Denies each and every allegation contained in paragraph 1 except admits that

Merck is a leading research-driven pharmaceutical products and services company that

researches, discovers, develops, manufactures and markets a broad range of innovative

pharmaceutical products to improve human health.  Merck further admits that it

manufactured, marketed and distributed the prescription medicine Vioxx® ("Vioxx") until

Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, that

Merck is a New Jersey corporation with its principal place of business at One Merck Drive,

Whitehouse Station, New Jersey, and that Merck is authorized to do business in the state of

Connecticut.

828267v.1

2.     The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

5.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

6.     Denies each and every allegation contained in paragraph 6.

7.     Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.     Denies each and every allegation contained in paragraph 8.

9.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9.

10.   Denies each and every allegation contained in paragraph 10, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

11.   Denies each and every allegation contained in paragraph 11.

12.   Denies each and every allegation contained in paragraph 12.

13.   The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 13.

14.   Denies each and every allegation contained in paragraph 14.

15.   Denies each and every allegation contained in paragraph 15.

16.   Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

17.   Denies each and every allegation contained in paragraph 17.

18.   The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.   Denies each and every allegation contained in paragraph 19.

20.   Denies each and every allegation contained in paragraph 20.

### RESPONSE TO "COUNT TWO – CHAMBERS – PUNITIVE DAMAGES-GENERAL STATUTES §52-240b"

1-6.   Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count One with the same force and effect as though set forth here in full.

7.   Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

828267v.1

8. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9. Denies each and every allegation contained in paragraph 9.

10. Denies each and every allegation contained in paragraph 10.

**RESPONSE TO "COUNT THREE – CHAMBERS – CUTPA, GENERAL STATUES §42-110b, et seq."**

1-10. Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Two with the same force and effect as though set forth here in full.

11. Denies each and every allegation contained in paragraph 11.

12. Denies each and every allegation contained in paragraph 12.  Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 7 of Count Two.

13. Denies each and every allegation contained in paragraph 13.

14. Denies each and every allegation contained in paragraph 14.

**RESPONSE TO "COUNT FOUR – CIAMPINI – PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q"**

1. Denies each and every allegation contained in paragraph 1 except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that it manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, that Merck is a New Jersey corporation with its principal place of business at One Merck Drive,

Whitehouse Station, New Jersey, and that Merck is authorized to do business in the state of Connecticut.

2.    The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

5.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

6.    Denies each and every allegation contained in paragraph 6.

7.    Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.    Denies each and every allegation contained in paragraph 8.

9.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9.

10.  Denies each and every allegation contained in paragraph 10, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx

828267v.1

from the worldwide market on September 30, 2004, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

11.   Denies each and every allegation contained in paragraph 11.

12.   Denies each and every allegation contained in paragraph 12.

13.   The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 13.

14.   Denies each and every allegation contained in paragraph 14.

15.   Denies each and every allegation contained in paragraph 15.

16.   Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

17.   Denies each and every allegation contained in paragraph 17.

18.   The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.   Denies each and every allegation contained in paragraph 19.

20.   Denies each and every allegation contained in paragraph 20.

## RESPONSE TO "COUNT FIVE – CIAMPINI – PUNITIVE DAMAGES- GENERAL STATUTES §52-240b"

1-6.     Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Four with the same force and effect as though set forth here in full.

6

7.     Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9.     Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

## RESPONSE TO "COUNT SIX – CIAMPINI – CUTPA, GENERAL STATUES §42-110b, et seq."

1-10.     Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Five with the same force and effect as though set forth here in full.

11.     Denies each and every allegation contained in paragraph 11.

12.     Denies each and every allegation contained in paragraph 12.  Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 7 of Count Five.

13.     Denies each and every allegation contained in paragraph 13.

14.     Denies each and every allegation contained in paragraph 14.

## RESPONSE TO "COUNT SEVEN – FERRARO – PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q"

1.     Denies each and every allegation contained in paragraph 1 except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that it

828267v.1

manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, and that Merck is authorized to do business in the state of Connecticut.

2.    The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

5.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

6.    Denies each and every allegation contained in paragraph 6.

7.    Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.    Denies each and every allegation contained in paragraph 8.

9.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9.

8

10.   Denies each and every allegation contained in paragraph 10, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

11.   Denies each and every allegation contained in paragraph 11.

12.   Denies each and every allegation contained in paragraph 12.

13.   The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 13.

14.   Denies each and every allegation contained in paragraph 14.

15.   Denies each and every allegation contained in paragraph 15.

16.   Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

17.   Denies each and every allegation contained in paragraph 17.

18.   The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.   Denies each and every allegation contained in paragraph 19.

20.   Denies each and every allegation contained in paragraph 20.

828267v.1

## RESPONSE TO "COUNT EIGHT – FERRARO – PUNITIVE DAMAGES-GENERAL STATUTES §52-240b"

1-6.    Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Seven with the same force and effect as though set forth here in full.

7.    Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9.    Denies each and every allegation contained in paragraph 9.

10.    Denies each and every allegation contained in paragraph 10.

## RESPONSE TO "COUNT NINE – FERRARO – CUTPA, GENERAL STATUES §42-110b, et seq."

1-10.    Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Eight with the same force and effect as though set forth here in full.

11.    Denies each and every allegation contained in paragraph 11.

12.    Denies each and every allegation contained in paragraph 12.  Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 7 of Count Eight.

13.    Denies each and every allegation contained in paragraph 13.

14.    Denies each and every allegation contained in paragraph 14.

828267v.1

**RESPONSE TO "COUNT TEN – GUMIENIAK – PRODUCTS LIABILITY
GENERAL STATUTES § 52-572n & q"**

1.      Denies each and every allegation contained in paragraph 1 except admits that
Merck is a leading research-driven pharmaceutical products and services company that
researches, discovers, develops, manufactures and markets a broad range of innovative
pharmaceutical products to improve human health.  Merck further admits that it
manufactured, marketed and distributed the prescription medicine Vioxx until Merck
voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, that Merck
is a New Jersey corporation with its principal place of business at One Merck Drive,
Whitehouse Station, New Jersey, and that Merck is authorized to do business in the state of
Connecticut.

2.      The allegations contained in paragraph 2 are legal conclusions as to which no
responsive pleading is required.  Should a response be deemed required, Merck denies each
and every allegation contained in said paragraph.

3.      Denies knowledge or information sufficient to form a belief as to the truth or
falsity of the allegations contained in paragraph 3.

4.      Denies knowledge or information sufficient to form a belief as to the truth or
falsity of the allegations contained in paragraph 4.

5.      Denies knowledge or information sufficient to form a belief as to the truth or
falsity of the allegations contained in paragraph 5 except admits that Merck manufactured,
marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew
Vioxx from the worldwide market on September 30, 2004.

6.      Denies each and every allegation contained in paragraph 6.

828267v.1

7.   Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.   Denies each and every allegation contained in paragraph 8.

9.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9.

10.  Denies each and every allegation contained in paragraph 10, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

11.  Denies each and every allegation contained in paragraph 11.

12.  Denies each and every allegation contained in paragraph 12.

13.  The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 13.

14.  Denies each and every allegation contained in paragraph 14.

15.  Denies each and every allegation contained in paragraph 15.

16.  Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

17.  Denies each and every allegation contained in paragraph 17.

18.  The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that

828267v.1

plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.   Denies each and every allegation contained in paragraph 19.

20.   Denies each and every allegation contained in paragraph 20.

### RESPONSE TO "COUNT ELEVEN – GUMIENIAK – PUNITIVE DAMAGES-GENERAL STATUTES §52-240b"

1-6.   Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Ten with the same force and effect as though set forth here in full.

7.   Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9.   Denies each and every allegation contained in paragraph 9.

10.   Denies each and every allegation contained in paragraph 10.

### RESPONSE TO "COUNT TWELVE – GUMIENIAK – CUTPA, GENERAL STATUES §42-110b, et seq."

1-10.   Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Eleven with the same force and effect as though set forth here in full.

11.   Denies each and every allegation contained in paragraph 11.

828267v.1

12.     Denies each and every allegation contained in paragraph 12.  Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 7 of Count Eleven.

13.     Denies each and every allegation contained in paragraph 13.

14.     Denies each and every allegation contained in paragraph 14

### RESPONSE TO "COUNT THIRTEEN – HAAG – PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q"

1.     Denies each and every allegation contained in paragraph 1 except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that it manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, and that Merck is authorized to do business in the state of Connecticut.

2.     The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

14

5.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

6.   Denies each and every allegation contained in paragraph 6.

7.   Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.   Denies each and every allegation contained in paragraph 8.

9.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9.

10.  Denies each and every allegation contained in paragraph 10, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

11.  Denies each and every allegation contained in paragraph 11.

12.  Denies each and every allegation contained in paragraph 12.

13.  The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 13.

14.  Denies each and every allegation contained in paragraph 14.

15.  Denies each and every allegation contained in paragraph 15.

828267v.1

16.   Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

17.   Denies each and every allegation contained in paragraph 17.

18.   The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.   Denies each and every allegation contained in paragraph 19.

20.   Denies each and every allegation contained in paragraph 20.

### RESPONSE TO "COUNT FOURTEEN – HAAG – PUNITIVE DAMAGES-GENERAL STATUTES §52-240b"

1-6.   Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Thirteen with the same force and effect as though set forth here in full.

7.   Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9.   Denies each and every allegation contained in paragraph 9.

10.   Denies each and every allegation contained in paragraph 10.

16

**RESPONSE TO "COUNT FIFTEEN – HAAG – CUTPA, GENERAL STATUES §42-110b, et seq."**

1-10.    Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Fourteen with the same force and effect as though set forth here in full.

11.    Denies each and every allegation contained in paragraph 11.

12.    Denies each and every allegation contained in paragraph 12.  Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 7 of Count Fourteen.

13.    Denies each and every allegation contained in paragraph 13.

14.    Denies each and every allegation contained in paragraph 14.

**RESPONSE TO "COUNT SIXTEEN – HOPE – PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q"**

1.    Denies each and every allegation contained in paragraph 1 except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that it manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, and that Merck is authorized to do business in the state of Connecticut.

828267v.1

2.    The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

5.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

6.    Denies each and every allegation contained in paragraph 6.

7.    Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.    Denies each and every allegation contained in paragraph 8.

9.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9.

10.   Denies each and every allegation contained in paragraph 10, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

11.   Denies each and every allegation contained in paragraph 11.

12.   Denies each and every allegation contained in paragraph 12.

13.   The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 13.

14.   Denies each and every allegation contained in paragraph 14.

15.   Denies each and every allegation contained in paragraph 15.

16.   Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

17.   Denies each and every allegation contained in paragraph 17.

18.   The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.   Denies each and every allegation contained in paragraph 19.

20.   Denies each and every allegation contained in paragraph 20.

## RESPONSE TO "COUNT SEVENTEEN – HOPE – PUNITIVE DAMAGES- GENERAL STATUTES §52-240b"

1-6.     Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Sixteen with the same force and effect as though set forth here in full.

7.     Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

828267v.1

8.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9.      Denies each and every allegation contained in paragraph 9.

10.      Denies each and every allegation contained in paragraph 10.

## RESPONSE TO "COUNT EIGHTEEN – HOPE – CUTPA, GENERAL STATUES §42-110b, et seq."

1-10.      Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Seventeen with the same force and effect as though set forth here in full.

11.      Denies each and every allegation contained in paragraph 11.

12.      Denies each and every allegation contained in paragraph 12.  Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 7 of Count Seventeen.

13.      Denies each and every allegation contained in paragraph 13.

14.      Denies each and every allegation contained in paragraph 14

## RESPONSE TO "COUNT NINETEEN – KLYM – PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q"

1.      Denies each and every allegation contained in paragraph 1 except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that it manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, that Merck is a New Jersey corporation with its principal place of business at One Merck Drive,

Whitehouse Station, New Jersey, and that Merck is authorized to do business in the state of Connecticut.

2.    The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

5.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

6.    Denies each and every allegation contained in paragraph 6.

7.    Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.    Denies each and every allegation contained in paragraph 8.

9.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9.

10.  Denies each and every allegation contained in paragraph 10, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx

828267v.1

from the worldwide market on September 30, 2004, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

11. Denies each and every allegation contained in paragraph 11.

12. Denies each and every allegation contained in paragraph 12.

13. The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in paragraph 13.

14. Denies each and every allegation contained in paragraph 14.

15. Denies each and every allegation contained in paragraph 15.

16. Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

17. Denies each and every allegation contained in paragraph 17.

18. The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck admits that plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19. Denies each and every allegation contained in paragraph 19.

20. Denies each and every allegation contained in paragraph 20.

## RESPONSE TO "COUNT TWENTY – KLYM – PUNITIVE DAMAGES- GENERAL STATUTES §52-240b"

1-6. Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Nineteen with the same force and effect as though set forth here in full.

7.     Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9.     Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

### RESPONSE TO "COUNT TWENTY-ONE – KLYM – CUTPA, GENERAL STATUES §42-110b, et seq."

1-10.     Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Twenty with the same force and effect as though set forth here in full.

11.     Denies each and every allegation contained in paragraph 11.

12.     Denies each and every allegation contained in paragraph 12.  Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 7 of Count Twenty.

13.     Denies each and every allegation contained in paragraph 13.

14.     Denies each and every allegation contained in paragraph 14.

### RESPONSE TO "COUNT TWENTY-TWO – LEBERSKI – PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q"

1.     Denies each and every allegation contained in paragraph 1 except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that it

828267v.1

manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, and that Merck is authorized to do business in the state of Connecticut.

2.    The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

5.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

6.    Denies each and every allegation contained in paragraph 6.

7.    Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.    Denies each and every allegation contained in paragraph 8.

9.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9.

828267v.1

10.   Denies each and every allegation contained in paragraph 10, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

11.   Denies each and every allegation contained in paragraph 11.

12.   Denies each and every allegation contained in paragraph 12.

13.   The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 13.

14.   Denies each and every allegation contained in paragraph 14.

15.   Denies each and every allegation contained in paragraph 15.

16.   Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

17.   Denies each and every allegation contained in paragraph 17.

18.   The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.   Denies each and every allegation contained in paragraph 19.

20.   Denies each and every allegation contained in paragraph 20.

828267v.1

### RESPONSE TO "COUNT TWENTY-THREE – LEBERSKI – PUNITIVE DAMAGES- GENERAL STATUTES §52-240b"

1-6.     Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Twenty-Two with the same force and effect as though set forth here in full.

7.     Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9.     Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

### RESPONSE TO "COUNT TWENTY-FOUR – LEBERSKI – CUTPA, GENERAL STATUES §42-110b, et seq."

1-10.     Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Twenty-Three with the same force and effect as though set forth here in full.

11.     Denies each and every allegation contained in paragraph 11.

12.     Denies each and every allegation contained in paragraph 12.  Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 7 of Count Twenty-Three.

13.     Denies each and every allegation contained in paragraph 13.

14.     Denies each and every allegation contained in paragraph 14.

828267v.1

## RESPONSE TO "COUNT TWENTY-FIVE – PERRY – PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q"

1.      Denies each and every allegation contained in paragraph 1 except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that it manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, and that Merck is authorized to do business in the state of Connecticut.

2.      The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

5.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

6.      Denies each and every allegation contained in paragraph 6.

27

Case 2:05-md-01657-EEF-DEK   Document 6990   Filed 09/12/06   Page 28 of 66

7.    Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.    Denies each and every allegation contained in paragraph 8.

9.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9.

10.  Denies each and every allegation contained in paragraph 10, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

11.  Denies each and every allegation contained in paragraph 11.

12.  Denies each and every allegation contained in paragraph 12.

13.  The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 13.

14.  Denies each and every allegation contained in paragraph 14.

15.  Denies each and every allegation contained in paragraph 15.

16.  Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

17.  Denies each and every allegation contained in paragraph 17.

18.  The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that

828267v.1

plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.   Denies each and every allegation contained in paragraph 19.

20.   Denies each and every allegation contained in paragraph 20.

## RESPONSE TO "COUNT TWENTY-SIX – PERRY – PUNITIVE DAMAGES-GENERAL STATUTES §52-240b"

1-6.   Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Twenty-Five with the same force and effect as though set forth here in full.

7.   Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9.   Denies each and every allegation contained in paragraph 9.

10.   Denies each and every allegation contained in paragraph 10.

## RESPONSE TO "COUNT TWENTY-SEVEN – PERRY – CUTPA, GENERAL STATUES §42-110b, et seq."

1-10.   Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Twenty-Six with the same force and effect as though set forth here in full.

11.   Denies each and every allegation contained in paragraph 11.

828267v.1

12.     Denies each and every allegation contained in paragraph 12.  Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 7 of Count Twenty-Six.

13.     Denies each and every allegation contained in paragraph 13.

14.     Denies each and every allegation contained in paragraph 14.

## RESPONSE TO "COUNT TWENTY-EIGHT – PESANELLI – PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q"

1.     Denies each and every allegation contained in paragraph 1 except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that it manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, and that Merck is authorized to do business in the state of Connecticut.

2.     The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

828267v.1

5.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

6.    Denies each and every allegation contained in paragraph 6.

7.    Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.    Denies each and every allegation contained in paragraph 8.

9.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9.

10.    Denies each and every allegation contained in paragraph 10, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

11.    Denies each and every allegation contained in paragraph 11.

12.    Denies each and every allegation contained in paragraph 12.

13.    The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 13.

14.    Denies each and every allegation contained in paragraph 14.

15.    Denies each and every allegation contained in paragraph 15.

16.   Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

17.   Denies each and every allegation contained in paragraph 17.

18.   The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.   Denies each and every allegation contained in paragraph 19.

20.   Denies each and every allegation contained in paragraph 20.

### RESPONSE TO "COUNT TWENTY-NINE – PESANELLI – PUNITIVE DAMAGES- GENERAL STATUTES §52-240b"

1-6.   Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Twenty-Eight with the same force and effect as though set forth here in full.

7.   Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9.   Denies each and every allegation contained in paragraph 9.

10.   Denies each and every allegation contained in paragraph 10.

32

## RESPONSE TO "COUNT THIRTY – PESANELLI – CUTPA, GENERAL STATUES §42-110b, et seq."

1-10.   Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Twenty-Nine with the same force and effect as though set forth here in full.

11.     Denies each and every allegation contained in paragraph 11.

12.     Denies each and every allegation contained in paragraph 12.  Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 7 of Count Twenty-Nine.

13.     Denies each and every allegation contained in paragraph 13.

14.     Denies each and every allegation contained in paragraph 14.

## RESPONSE TO "COUNT THIRTY-ONE – PESANELLI –LOSS OF CONSORTIUM

1.     Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to Counts 28-30 with the same force and effect as though set forth here in full.

2.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2.  To the extent that any of the allegations contained in paragraph 2 relate to Merck, Merck denies each and every allegation.

## RESPONSE TO "COUNT THIRTY-TWO – PHIPPS – PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q"

1.     Denies each and every allegation contained in paragraph 1 except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that it

828267v.1

manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, and that Merck is authorized to do business in the state of Connecticut.

2.    The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

5.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

6.    Denies each and every allegation contained in paragraph 6.

7.    Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.    Denies each and every allegation contained in paragraph 8.

9.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9.

828267v.1

10.   Denies each and every allegation contained in paragraph 10, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

11.   Denies each and every allegation contained in paragraph 11.

12.   Denies each and every allegation contained in paragraph 12.

13.   The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 13.

14.   Denies each and every allegation contained in paragraph 14.

15.   Denies each and every allegation contained in paragraph 15.

16.   Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

17.   Denies each and every allegation contained in paragraph 17.

18.   The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.   Denies each and every allegation contained in paragraph 19.

20.   Denies each and every allegation contained in paragraph 20.

**RESPONSE TO "COUNT THIRTY-THREE – PHIPPS – PUNITIVE DAMAGES-GENERAL STATUTES §52-240b"**

828267v.1

1-6.     Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Thirty-Two with the same force and effect as though set forth here in full.

7.     Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9.     Denies each and every allegation contained in paragraph 9.

10.     Denies each and every allegation contained in paragraph 10.

## RESPONSE TO "THIRTY-FOUR – PHIPPS – CUTPA, GENERAL STATUES §42-110b, et seq."

1-10.     Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Thirty-Three with the same force and effect as though set forth here in full.

11.     Denies each and every allegation contained in paragraph 11.

12.     Denies each and every allegation contained in paragraph 12.  Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 7 of Count Thirty-Three.

13.     Denies each and every allegation contained in paragraph 13.

14.     Denies each and every allegation contained in paragraph 14.

828267v.1

## RESPONSE TO "COUNT THIRTY-FIVE – SOLLOWAY – PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q"

1.      Denies each and every allegation contained in paragraph 1 except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that it manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, and that Merck is authorized to do business in the state of Connecticut.

2.      The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

5.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

6.      Denies each and every allegation contained in paragraph 6.

7.   Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.   Denies each and every allegation contained in paragraph 8.

9.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9.

10.   Denies each and every allegation contained in paragraph 10, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

11.   Denies each and every allegation contained in paragraph 11.

12.   Denies each and every allegation contained in paragraph 12.

13.   The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 13.

14.   Denies each and every allegation contained in paragraph 14.

15.   Denies each and every allegation contained in paragraph 15.

16.   Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

17.   Denies each and every allegation contained in paragraph 17.

18.   The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that

plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.   Denies each and every allegation contained in paragraph 19.

20.   Denies each and every allegation contained in paragraph 20.

## RESPONSE TO "COUNT THIRTY-SIX – SOLLOWAY – PUNITIVE DAMAGES- GENERAL STATUTES §52-240b"

1-6.   Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Thirty-Five with the same force and effect as though set forth here in full.

7.   Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9.   Denies each and every allegation contained in paragraph 9.

10.   Denies each and every allegation contained in paragraph 10.

## RESPONSE TO "THIRTY-SEVEN – SOLLOWAY – CUTPA, GENERAL STATUES §42-110b, et seq."

1-10.   Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Thirty-Six with the same force and effect as though set forth here in full.

11.   Denies each and every allegation contained in paragraph 11.

828267v.1

12.    Denies each and every allegation contained in paragraph 12.  Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 7 of Count Thirty-Six.

13.    Denies each and every allegation contained in paragraph 13.

14.    Denies each and every allegation contained in paragraph 14.

## RESPONSE TO "COUNT THIRTY-EIGHT – SWARTHWOUT – PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q"

1.    Denies each and every allegation contained in paragraph 1 except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that it manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, and that Merck is authorized to do business in the state of Connecticut.

2.    The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

40

5.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

6.    Denies each and every allegation contained in paragraph 6.

7.    Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.    Denies each and every allegation contained in paragraph 8.

9.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9.

10.  Denies each and every allegation contained in paragraph 10, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

11.  Denies each and every allegation contained in paragraph 11.

12.  Denies each and every allegation contained in paragraph 12.

13.  The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 13.

14.  Denies each and every allegation contained in paragraph 14.

15.  Denies each and every allegation contained in paragraph 15.

16.   Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

17.   Denies each and every allegation contained in paragraph 17.

18.   The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.   Denies each and every allegation contained in paragraph 19.

20.   Denies each and every allegation contained in paragraph 20.

## RESPONSE TO "COUNT THIRTY-NINE – SWARTHWOUT – PUNITIVE DAMAGES- GENERAL STATUTES §52-240b"

1-6.   Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Thirty-Eight with the same force and effect as though set forth here in full.

7.   Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9.   Denies each and every allegation contained in paragraph 9.

10.   Denies each and every allegation contained in paragraph 10.

828267v.1

## RESPONSE TO "FORTY – SWARTHWOUT – CUTPA, GENERAL STATUES §42-110b, et seq."

1-10.   Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Thirt- Nine with the same force and effect as though set forth here in full.

11.   Denies each and every allegation contained in paragraph 11.

12.   Denies each and every allegation contained in paragraph 12.  Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 7 of Count Thirty-Nine.

13.   Denies each and every allegation contained in paragraph 13.

14.   Denies each and every allegation contained in paragraph 14.

## RESPONSE TO "COUNT FORTY-ONE – THEODORE – PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q"

1.   Denies each and every allegation contained in paragraph 1 except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that it manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, and that Merck is authorized to do business in the state of Connecticut.

828267v.1

2.    The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

5.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

6.    Denies each and every allegation contained in paragraph 6.

7.    Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.    Denies each and every allegation contained in paragraph 8.

9.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9.

10.    Denies each and every allegation contained in paragraph 10, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

11.    Denies each and every allegation contained in paragraph 11.

828267v.1

12.  Denies each and every allegation contained in paragraph 12.

13.  The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 13.

14.  Denies each and every allegation contained in paragraph 14.

15.  Denies each and every allegation contained in paragraph 15.

16.  Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

17.  Denies each and every allegation contained in paragraph 17.

18.  The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.  Denies each and every allegation contained in paragraph 19.

20.  Denies each and every allegation contained in paragraph 20.

## RESPONSE TO "COUNT FORTY-TWO – THEODORE – PUNITIVE DAMAGES-GENERAL STATUTES §52-240b"

1-6.   Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Forty-One with the same force and effect as though set forth here in full.

7.    Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

45

8.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9.      Denies each and every allegation contained in paragraph 9.

10.      Denies each and every allegation contained in paragraph 10.

### RESPONSE TO "FOURTY-THREE [sic] – THEODORE – CUTPA, GENERAL STATUES §42-110b, et seq."

1-10.      Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Forty-Two with the same force and effect as though set forth here in full.

11.      Denies each and every allegation contained in paragraph 11.

12.      Denies each and every allegation contained in paragraph 12.  Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 7 of Count Forty-Two.

13.      Denies each and every allegation contained in paragraph 13.

14.      Denies each and every allegation contained in paragraph 14.

### RESPONSE TO "COUNT FOURTY-FOUR [sic] – CASTRO – PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q"

1.      Denies each and every allegation contained in paragraph 1 except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that it manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, that Merck is a New Jersey corporation with its principal place of business at One Merck Drive,

46

Whitehouse Station, New Jersey, and that Merck is authorized to do business in the state of Connecticut.

2.    The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

5.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

6.    Denies each and every allegation contained in paragraph 6.

7.    Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.    Denies each and every allegation contained in paragraph 8.

9.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9.

10.  Denies each and every allegation contained in paragraph 10, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx

828267v.1

from the worldwide market on September 30, 2004, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

11.   Denies each and every allegation contained in paragraph 11.

12.   Denies each and every allegation contained in paragraph 12.

13.   The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 13.

14.   Denies each and every allegation contained in paragraph 14.

15.   Denies each and every allegation contained in paragraph 15.

16.   Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

17.   Denies each and every allegation contained in paragraph 17.

18.   The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.   Denies each and every allegation contained in paragraph 19.

20.   Denies each and every allegation contained in paragraph 20.

**RESPONSE TO "COUNT FOURTY-FIVE [sic]– CASTRO – PUNITIVE DAMAGES-GENERAL STATUTES §52-240b"**

1-6.   Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Forty-Four  with the same force and effect as though set forth here in full.

48

7.      Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9.      Denies each and every allegation contained in paragraph 9.

10.      Denies each and every allegation contained in paragraph 10.

## RESPONSE TO "FOURTY-SIX [sic] – CASTRO – CUTPA, GENERAL STATUES §42-110b, et seq."

1-10.   Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Forty-Five with the same force and effect as though set forth here in full.

11.      Denies each and every allegation contained in paragraph 11.

12.      Denies each and every allegation contained in paragraph 12.  Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 7 of Count Forty-Five.

13.      Denies each and every allegation contained in paragraph 13.

14.      Denies each and every allegation contained in paragraph 14.

## RESPONSE TO "COUNT FOURTY-SEVEN [sic] – MELENDEZ – PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q"

1.      Denies each and every allegation contained in paragraph 1 except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that it

828267v.1

manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, and that Merck is authorized to do business in the state of Connecticut.

2.    The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

5.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

6.    Denies each and every allegation contained in paragraph 6.

7.    Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.    Denies each and every allegation contained in paragraph 8.

9.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9.

828267v.1

10.   Denies each and every allegation contained in paragraph 10, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

11.   Denies each and every allegation contained in paragraph 11.

12.   Denies each and every allegation contained in paragraph 12.

13.   The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 13.

14.   Denies each and every allegation contained in paragraph 14.

15.   Denies each and every allegation contained in paragraph 15.

16.   Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

17.   Denies each and every allegation contained in paragraph 17.

18.   The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.   Denies each and every allegation contained in paragraph 19.

20.   Denies each and every allegation contained in paragraph 20.

## RESPONSE TO "COUNT FOURTY-EIGHT [sic] – MELENDEZ – PUNITIVE DAMAGES- GENERAL STATUTES §52-240b"

1-6.    Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Forty-Seven with the same force and effect as though set forth here in full.

7.    Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9.    Denies each and every allegation contained in paragraph 9.

10.    Denies each and every allegation contained in paragraph 10.

## RESPONSE TO "FOURTY-NINE [sic] – MELENDEZ – CUTPA, GENERAL STATUES §42-110b, et seq."

1-10.    Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Forty-Eight with the same force and effect as though set forth here in full.

11.    Denies each and every allegation contained in paragraph 11.

12.    Denies each and every allegation contained in paragraph 12.  Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 7 of Count Forty-Eight.

13.    Denies each and every allegation contained in paragraph 13.

14.    Denies each and every allegation contained in paragraph 14.

828267v.1

## RESPONSE TO "COUNT FIFTY – RAMOS – PRODUCTS LIABILITY GENERAL STATUTES § 52-572n & q"

1.     Denies each and every allegation contained in paragraph 1 except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that it manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, and that Merck is authorized to do business in the state of Connecticut.

2.     The allegations contained in paragraph 2 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3.

4.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4.

5.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

6.     Denies each and every allegation contained in paragraph 6.

828267v.1

7.   Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.   Denies each and every allegation contained in paragraph 8.

9.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9.

10.  Denies each and every allegation contained in paragraph 10, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

11.  Denies each and every allegation contained in paragraph 11.

12.  Denies each and every allegation contained in paragraph 12.

13.  The allegations contained in paragraph 13 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 13.

14.  Denies each and every allegation contained in paragraph 14.

15.  Denies each and every allegation contained in paragraph 15.

16.  Denies each and every allegation contained in paragraph 16, including subparagraphs (a) through (g), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

17.  Denies each and every allegation contained in paragraph 17.

18.  The allegations contained in paragraph 18 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that

plaintiffs purport to bring this Count pursuant to Connecticut General Statutes § 52-572m, *et seq.* but denies that there is any legal or factual basis for relief under same.

19.   Denies each and every allegation contained in paragraph 19.

20.   Denies each and every allegation contained in paragraph 20.

## RESPONSE TO "COUNT FIFTY-ONE-RAMOS– PUNITIVE DAMAGES-GENERAL STATUTES §52-240b"

1-6.   Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Fifty with the same force and effect as though set forth here in full.

7.   Denies each and every allegation contained in paragraph 7, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9.   Denies each and every allegation contained in paragraph 9.

10.   Denies each and every allegation contained in paragraph 10.

## RESPONSE TO "FIFTY-TWO- RAMOS – CUTPA, GENERAL STATUES §42-110b, et seq."

1-10.   Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Fifty-One with the same force and effect as though set forth here in full.

11.   Denies each and every allegation contained in paragraph 11.

12.    Denies each and every allegation contained in paragraph 12.  Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 7 of Count Fifty-One.

13.    Denies each and every allegation contained in paragraph 13.

14.    Denies each and every allegation contained in paragraph 14.

## AFFIRMATIVE DEFENSES

Further answering and by way of affirmative defenses, Merck alleges as follows:

### AS FOR A FIRST
### DEFENSE, MERCK ALLEGES:

The claims of Plaintiffs may be time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely.

### AS FOR A SECOND
### DEFENSE, MERCK ALLEGES:

The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A THIRD
### DEFENSE, MERCK ALLEGES:

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### AS FOR A FOURTH
### DEFENSE, MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

828267v.1

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative negligence, Conn. Gen. Stat § 52-572o.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs.

828267v.1

### AS FOR A TENTH
### DEFENSE, MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### AS FOR AN ELEVENTH
### DEFENSE, MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### AS FOR A TWELFTH
### DEFENSE, MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' misuse or abuse of Vioxx.

### AS FOR A THIRTEENTH
### DEFENSE, MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this Defendant is not responsible.

828267v.1

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part by the First Amendment.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

828267v.1

**AS FOR A TWENTIETH
DEFENSE, MERCK ALLEGES:**

Plaintiffs' claims are barred under Section 4, *et. seq.*, of the Restatement (Third) of Torts: Products Liability.

**AS FOR A TWENTY-FIRST
DEFENSE, MERCK ALLEGES:**

This case is more appropriately brought in a different venue.

**AS FOR A TWENTY-SECOND
DEFENSE, MERCK ALLEGES:**

To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

**AS FOR A TWENTY-THIRD
DEFENSE, MERCK ALLEGES:**

To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Connecticut law.

**AS FOR A TWENTY-FOURTH
DEFENSE, MERCK ALLEGES:**

The claims of Plaintiffs are barred, in whole or in part, by their failure to mitigate damages.

**AS FOR A TWENTY-FIFTH
DEFENSE, MERCK ALLEGES:**

Merck seeks attorney's fees pursuant to Conn. Gen. Stat. § 52-240a.

828267v.1

## AS FOR A TWENTY-SIXTH
DEFENSE, MERCK ALLEGES:

To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A TWENTY-SEVENTH
DEFENSE, MERCK ALLEGES:

Plaintiffs' demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTY-EIGHTH
DEFENSE, MERCK ALLEGES:

To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A TWENTY-NINTH
DEFENSE, MERCK ALLEGES:

Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Fed. R. Civ. P. 9(b).

## AS FOR A THIRTIETH
DEFENSE, MERCK ALLEGES:

Plaintiffs' claims under "CUTPA" are precluded by the exclusivity provision contained in Conn. Gen. Stat. § 52-572n (a) of the Connecticut Products Liability Act, § 52-572m, et. seq.

828267v.1

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

The claims of the Plaintiffs may be barred, in whole or in part, from recovery because they have made statements or taken actions that preclude them from asserting claims or constitute a waiver of their claims.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

The claims of the Plaintiffs may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

Venue in this case is improper.

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

The claims of the Plaintiffs may be barred, in whole or in part, from recovery by release as to their claims.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

The claims of the Plaintiffs may be barred, in whole or in part, by the doctrine of laches.

828267v.1

## AS FOR A THIRTY-SEVENTH
## <u>DEFENSE, MERCK ALLEGES:</u>

To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

## AS FOR A THIRTY-EIGHTH
## <u>DEFENSE, MERCK ALLEGES:</u>

The claims of the Plaintiffs may be barred, in whole or in part, from recovery, due to spoliation of evidence.

## AS FOR A THIRTY-NINTH
## <u>DEFENSE, MERCK ALLEGES:</u>

The claims of the Plaintiffs may be barred, in whole or in part, by the governing state laws.

## AS FOR A FORTIETH
## <u>DEFENSE, MERCK ALLEGES:</u>

Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

## AS FOR A FORTY-FIRST
## <u>DEFENSE, MERCK ALLEGES:</u>

Plaintiffs have not sustained any injury or damages compensable at law.

## AS FOR A FORTY-SECOND
## <u>DEFENSE, MERCK ALLEGES:</u>

Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiffs' failure to provide it with due process of law.

828267v.1

### AS FOR A FORTY-THIRD
### <u>DEFENSE, MERCK ALLEGES:</u>

Plaintiffs' claims are not suitable for joinder.

### AS FOR A FORTY-FORTH
### <u>DEFENSE, MERCK ALLEGES:</u>

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack capacity and/or standing to bring such claims.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana or that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

828267v.1

## **JURY DEMAND**

Merck demands a trial by jury as to all issues so triable.


Respectfully submitted,


*/s/ Dorothy H. Wimberly* _____
Phillip A. Wittmann (13625)
Dorothy H. Wimberly (18509)
Carmelite M. Bertaut (3054)
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Tel.: (504) 581-3200
Fax: (504) 581-3361

*Defendant's Liaison Counsel*


Alan G. Schwartz (CT 05891)
Rachel L. Amankulor (CT 26965)
Wiggin and Dana LLP
One Century Tower
P.O. Box 1832
New Haven, CT  06508-1832
Tel.: (203) 498-4400
Fax: (203) 782-2889
aschwartz@wiggin.com
ramankulor@wiggin.com

*Attorneys for Defendant Merck & Co. Inc.*

828267v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **Amended Answer** has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 12th day of September, 2006.

_/s/ Dorothy H. Wimberly_
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

828267v.1