STEPHEN G. MORGAN, Bar No. 2315
MITCHEL T. RICE, Bar No. 6022
STEPHEN F. EDWARDS, Bar No. 10780
MORGAN, MINNOCK, RICE & JAMES, L.C.
Kearns Building, Eighth Floor
136 South Main Street
Salt Lake City, Utah 84101
Telephone: (801) 531-7888
Fax number: (801) 531-9732

Attorneys for Ruby Evans

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Vioxx Products Liability Litigation<br><br>Charles S. Evans, Jr.<br><br>Plaintiff<br><br>v.<br><br>MERCK & COMPANY, INC., a corporation,<br><br>Defendant. | MDL Docket No. 1657<br>Case No. 2:05cv564<br><br><br>**MEMORANDUM IN SUPPORT OF MOTION TO SUBSTITUTE PARTY** |

Counsel for Ruby Evans respectfully submit the following Memorandum in Support of Motion to Substitute Party as follows:

### STATEMENT OF FACTS

1. Charles S. Evans, Jr., was one of several plaintiffs listed in the lawsuit *Della Jo Salt, et. al. v. Merck & Company, Inc.*, that was before Judge Tena Campbell in the United States District Court for the State of Utah, Central Division, case number 2:01 CV 794, which was later

transferred with other pending federal court Vioxx cases to the Eastern District for Louisiana before the Honorable Eldon E. Fallon, for MDL-1657 proceedings.

2. Charles S. Evans, Jr., passed away on August 11, 2002. (Affidavit of Ruby Evans, ¶ 2, attached as Exhibit "A").

3. Ruby Evans is Charles S. Evans, Jr.'s surviving spouse. (Affidavit of Ruby Evans, ¶ 1, attached as Exhibit "A").

4. As Charles S. Evans, Jr.'s surviving spouse and heir, Ruby Evans seeks to be substituted for her deceased husband on behalf of the heirs of her husband, Charles S. Evans, Jr.. (Affidavit of Ruby Evans, ¶ 3, attached as Exhibit "A").

## ARGUMENT

Rule 25 of the Federal Rules of Civil Procedure provides that if a party dies and the claim is not extinguished, the Court may order substitution of proper parties. The rule states in part: "[t]he motion for substitution may be made by any party or by the successors or representatives of the deceased party." Fed. R. Civ. P. 25(a)(1). Under Utah's Survival Statute, a cause of action arising out of personal injury to an individual caused by the wrongful act of another does not abate upon the death of the injured person. Instead, the personal representatives or heirs of the deceased continue to have a cause of action against the alleged wrongdoer. The statute states in part:

> Causes of action arising out of personal injury to the person or death caused by the wrongful act or negligence of another do not abate upon the death of the

2

> wrongdoer or the injured person. The injured person or the personal
> representatives or heirs of the person who died have a cause of action against the
> wrongdoer or the personal representatives of the wrongdoer for special and
> general damages . . .

Utah Code Ann. § 78-11-12. The term "heirs" as used in Utah's Survival Statute includes, among other individuals, the decedent's spouse. Utah Code Ann. § 78-11-6.5(1)(a).

Charles S. Evans, Jr., has passed away since commencing the above-captioned action. As his surviving spouse and an heir under Utah's Survival Statute, Ruby Evans should be substituted for her husband Charles S. Evans, Jr., on behalf of his heirs.

DATED this __16__ day of May, 2006.

        MORGAN, MINNOCK, RICE & JAMES, L.C.

        _____
        Stephen F. Edwards
        Attorneys for Plaintiff

3

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **MEMORANDUM IN SUPPORT OF MOTION TO SUBSTITUTE PARTY** has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, on this 16th day of May, 2006.