

Dechert
LLP

Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
+1 215 994 4000 Main
+1 215 994 2222 Fax
www.dechert.com

**ANGELA M. CATANACH**

angela.catanach@dechert.com
+1 215 994 2232 Direct
+1 215 655 2232 Fax

August 29, 2006

**VIA FACSIMILE AND FIRST CLASS MAIL**

Ann B. Oldfather
Oldfather & Morris
Attorneys at Law
1330 S. Third St.
Louisville, KY 40208

Re:   *In Re* Vioxx Product Liability Litigation

Dear Ms. Oldfather:

I am in receipt of your correspondence dated July 24, 2006, and I apologize for the tardiness of this response. Upon review of your attached Appendix and in an effort to clarify (again) why Merck & Co., Inc. ("Merck") is unable to process MPFs in these cases, the following explanation is provided.

As you know, counsel for Merck voluntarily took upon itself the commitment to send out affirmatively to plaintiffs' counsel of record notice regarding how a particular Plaintiff Profile Form ("PPF") was deficient in the core criteria. Merck is again providing this list for your review, reiterating that without the core criteria required in Pre-Trial Order No. 18C ("PTO 18C"), an MPF cannot be processed. Merck kindly asks that you once again review the attached report that identifies the deficient core criteria in the particular PPFs identified in your letter. Again, without this information, an MPF cannot be processed in these cases.

I have now personally analyzed your cases for the fourth time (in light of subsequent correspondence), and I am afraid that Merck's position with respect to the nature and/or sufficiency of your responses provided in the majority of these PPFs remains unchanged. Still, six additional PPFs have been deemed sufficient based on your subsequent responses. Meanwhile, I can also report that Plaintiffs' Liaison Counsel in the MDL and Merck's counsel continue to engage in good faith meet and confer discussions in an effort to resolve certain differences of opinion in how the core criteria is to be applied in this litigation. Still, for your convenience, I have endeavored here to provide a more detailed explanation of what is needed in order to cure the PPF deficiencies relating to the core criteria in each of your cases:

In the cases of Roger Allen, Bernard Griffin, Michael Mooney, Delbert Rakes, Donna C. Russel, David G. Thomas, Carolyn Ward and Lois Zoll, the types of injuries alleged in the respective



Ann B. Oldfather
August 29, 2006
Page 2

PPFs simply do not rise to the level of "cardiovascular injury," as defined in PTO 18C, which would require Merck to process MPFs at this time.

**Lucky Daniels** – This PPF alleges multiple mini-strokes, yet provides only one date of injury, 5/1999. Please provide a month and year for each of plaintiff's alleged mini-strokes – and importantly, the most recent one.

**Bonnie Engle** – This PPF alleges stroke, heart attack and multiple ischemic attacks, yet provides only a year as the date of injury. Please provide a month and year for each of the alleged injuries.

**Donna Russel** – This PPF states that Dr. William Dukes, M.D. treated plaintiff from 1955 - January of 2001 and also prescribed Vioxx to plaintiff. However, the PPF states that the doctor's address is "unknown" because he "has left the area." Please provide the doctor's (complete) last known address.

**David G. Thomas** – In addition to being deficient for the nature of alleged injury suffered, this PPF lacks a prescriber's name and address. The PPF states that the prescribers are Dr. Frank Lehn and "others subsequent to CABG." Please provide the names and addresses of the "other" health care providers that prescribed VIOXX® to the plaintiff.

**Carl Mahan** – This PPF alleges two PTO 18C injuries, heart attack and stroke, yet provides only one date of injury, 3/2001. Please provide the month and year for plaintiff's alleged heart attack, and the month and year for plaintiff's alleged stroke. Please also identify which date corresponds with which alleged event.

**James Goodman** – Merck previously notified you of deficiencies in the core criteria required to process an MPF in response to the PPF in this case. Based on your response to Merck's recent notice in this regard, Merck will proceed with processing an MPF in this case. However, Merck reserves the right to refuse to re-process an MPF based on plaintiff's subsequent provision of supplemental information that was known or could have been known at the time the PPFs were initially completed and submitted to Merck in this case.

**Mary Christine Green** – This PPF states that the prescriber's name and address are "unknown." Please provide the prescriber's complete name and address. Additionally, in response to the sample provider question, the PPF states "do not know specific dates or amounts" and also fails to provide the sample provider name and address. If the plaintiff received samples, please provide the name of the physician(s) who provided the samples as well as the addresses of those physicians. If the answer is none or not applicable, please state "NONE" or "N/A," as appropriate, as Merck requires an affirmative response to each question in the PPF, including those relating to the core criteria.



**Linda Jean Howard** – In response to the sample provider question, this PPF states, "I recall receiving samples, but do not recall the specific dates." Please state the name of the physician(s) who provided the samples as well as the physician's address. In addition, the PPF alleges plaintiff had a stroke, and that the "symptoms began in December, 2001 and recurred in February 2002 and subsequently." Please provide the month and year plaintiff's alleged stroke occurred. If plaintiff intended her PPF to identify two separate strokes with two separate dates of alleged injury, then Merck would ask that you simply confirm this understanding. Regardless, clarification of this element of the core criteria will not delay the processing of an MPF in this case, assuming the deficiency set forth above relating to sample provider has been remedied.

**Steven Clark** – In this PPF, the sample provider questions were left blank. If the plaintiff received samples, please state the name of the physician(s) who provided the samples as well as the physician's address. Plaintiffs are required to complete all questions of the PPF because Merck cannot be in a position of speculating whether a question left "blank" in the PPF should be construed as plaintiff's representation that the particular request does not apply to him, that it was to be answered in the negative, or that it was a simple oversight by the plaintiff in failing to provide a response. Merck's counsel has required some form of "closure" for these types of questions (e.g., None or N/A) such that it does not routinely have to reprocess MPFs several times as plaintiffs recall new or different information that would materially affect the accuracy or completeness of the MPF.

**Richard Wigginton** – This PPF lists Gary Bloemer, M.D. as one of three prescribing physicians. However, the PPF and your most recent correspondence still fail to provide an address for Dr. Gary Bloemer. Please provide an address for Dr. Gary Bloemer.

**Charles Nantz** – This PPF alleges plaintiff suffered "multiple strokes." Please provide the dates (months and years) on which plaintiff allegedly suffered each stroke.

**Charles Orange** - This PPF alleges plaintiff suffered "strokes." Please provide the dates (months and years) on which plaintiff allegedly suffered each stroke.

**Cleo Gilbert** - It is unclear from both this PPF and counsel's July 24, 2006 letter whether the following Vioxx prescribers practice at <u>each</u> or just <u>one</u> (i.e., Annville Medical Clinic) of the following entities: East Bernstadt Medical Group; Burning Spring Medical Center and Annville Medical Clinic. Presently, Merck interprets the information provided in the PPF to mean that Drs. Ray Hays, David Hays, Walt Downey, Jackie Maxie and physician assistant K. Yount all have one office located at the Annville Medical Clinic, 95 State Road 3444, Annville, KY 40402. If Merck is correct, then please confirm this fact and provide the specific names of the individuals who prescribed Vioxx from the East Bernstadt Medical Group and the Burning Spring Medical Center.


Dechert
LLP

Ann B. Oldfather
August 29, 2006
Page 4

**Phillip Metcalf** – This PPF states that plaintiff "received samples from Linda Oxnard, M.D.'s office." Please identify the physician who actually provided samples of Vioxx at Dr. Oxnard's office. If Dr. Oxnard herself was, indeed, the physician who provided samples to plaintiff, please simply confirm that fact.

**Gene Patterson** – This PPF alleges PTO 18C injuries – both heart attacks and strokes. Please provide each of the dates (months and years) plaintiff allegedly suffered the heart attacks and strokes. Please also identify which date corresponds with which alleged event.

**George Hubbard** - This PPF identifies Judith Bell, ARNP and Muhammad Anwar, M.D. as two of six prescribing physicians. The PPF, however, fails to provide an address for these two identified prescribers of Vioxx. Merck has no record of any alleged June 23, 2006 communication with counsel during which this information is purported to have been provided. Therefore, please provide the address for Judith Bell, ARNP and Muhammad Anwar, M.D.

Based on your previous response, Merck will produce MPFs for the following plaintiffs in accordance with PTO 18C: James Goodman, James Howell, Earl Crank, Bernice Eversole, Mary Marjorie Staten, and Lana M. Yaggie.

Additionally, Merck will immediately begin processing MPFs to be served in the remaining cases pursuant to the terms of PTO 18C upon receipt of the previously identified deficient core criteria.

Sincerely,

Angela M. Catanach



Cira Centre
2929 Arch Street
Philadelphia, PA  19104-2808
+1  215  994  4000  Main
+1  215  994  2222  Fax
www.dechert.com

## FAX TRANSMISSION SHEET

**DATE**    August 29, 2006

| | | | |
|---|---|---|---|
| **TO** | Ann B. Oldfather<br>Oldfather & Morris<br>Attorneys at Law<br>1330 S. Third St.<br>Louisville, KY 40208 | **TEL**<br>**FAX** | <br>502-637-3999 |
| **FROM**<br><br>**EMAIL** | Michael P. Mc Ilhinney<br>Associate<br>michael.mcilhinney@dechert.com | **TEL**<br>**FAX** | +1  215  994  2135<br>+1  215  994  2222 |

**CLIENT**     370758
**MATTER**    357152

**TOTAL NUMBER OF PAGES, INCLUDING THIS COVER SHEET**

**IF ALL PAGES ARE NOT RECEIVED,**
**PLEASE CALL +1  215  994  4000**

**OPERATOR**

**TIME OF TRANSMISSION**

**CONFIDENTIALITY NOTE**
The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that you should not further disseminate, distribute or copy this message. In addition, if you have received this message in error, please notify us immediately by collect telephone call and return the original message to us at the above address via the United States Postal Service. Thank you.

## MESSAGE