

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 SEP 12 P 4: 31

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: VIOXX                               :
     Products Liability Litigation       :
                                    :
This Document Relates to:                  :   MDL No. 1657
                                      :
     ROBBIE TALLAS AND                     :   SECTION L
     DANIELLE TALLAS, Plaintiffs,          :
                                        :   JUDGE ELDON E. FALLON
          versus                            :
                                        :   MAGISTRATE JUDGE
LEMIEUX GROUP, L.P.,                       :   KNOWLES
WBS HOCKEY, L.P.,                          :
DAVID KOLESSAR, M.D.,                      :
PETER S. KIM, M.D.,                        :
LOUIS M. SHERWOOD, M.D.,                   :
EDWARD M. SCOLNICK, M.D.,                  :
& MERCK & CO., INC., Defendants,           :
                                        :
Case No. 06-3152                           :
                                        :

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
TO MERCK'S MOTION FOR RECONSIDERATION**

      Plaintiffs, Robbie Tallas and Danielle Tallas respectfully oppose Merck & Co., Inc.'s

Motion for Reconsideration of the Court's August 30, 2006 decision to remand the above-

captioned case to the Philadelphia Court of Common Pleas.  As set forth below, Defendant's

___ Fee_____
___ Process_____
_X_ Dktd_____
_V_ CtRmDep_____
___ Doc. No_____

-1-

procedural argument, that Merck was prejudiced because it was not present on August 30, 2006 when the Court issued its ruling on Plaintiffs' Motion for Remand from the bench, is moot, as the Court did not hear any oral argument that day, and merely issued a ruling from the bench, *on the papers.* The Motion's substantive arguments fail because the Court's ruling was meritorious and Merck's present application fails to cite any basis upon which it should be relieved from its application pursuant to F.R.Civ.P. 60.

## ARGUMENT

### I.      Merck was not prejudiced as a result of its non-appearance during the Court's August 30, 2006 ruling from the bench

The crux of Defendant's procedural argument is that, because Defendants assumed the Court would not hear oral argument on the Motion to Remand, Defendants did not attend the hearing set for August 30, 2006, or respond to the notice of the hearing, and consequently were prejudiced. The Court need not reach the issue of whether Defendant assumed the risk in that decision, and should have at least contacted the Court or submitted an opposition to what it contends was Plaintiffs' defective notice of oral argument. The Court did not hold oral argument on August 30, 2006, and therefore, Merck was not prejudiced.

On August 30, Judge Eldon E. Fallon took the bench and delivered a ruling on Plaintiffs' previously filed Motion for Remand and Merck's opposition thereto, during which, Plaintiffs' counsel offered no oral argument. A true and correct copy of the transcript of the Court's Ruling is attached hereto as Exhibit "A."

Judge Fallon held that, *based on the papers submitted by the parties*, papers which had been filed in February of 2006, and which neither party moved to supplement, Plaintiffs' claims

should be remanded to the Philadelphia County Court of Common Pleas.  During his ruling,

Judge Fallon addressed Merck's absence, noting that, even if Merck's counsel had appeared, it

not have changed his decision:

> **THE COURT:** I understand there's nobody here for the defendant.
> We have called defendant's local counsel and also contacted the
> attorneys who were listed on the matter in Philadelphia, giving them
> an opportunity to be present, but somehow or another, they are not.
>
> **This is a case growing out of the Vioxx litigation.  The
> Court presently has about 6,000 or so of these cases.  Generally,
> the case when it comes to the court it is filed on behalf of an
> individual consumer of Vioxx and the plaintiff takes the
> position that either the medication is defectively designed,
> defectively manufactured, or there was a failure to warn of the
> problems or side effects of the drug itself.**
>
> **In addition to suing the manufacturer of the drug, many
> of the suits sued the doctors because this is a prescription drug
> and the doctors have to prescribe it.  Sometimes in some of these
> cases, they also sued the pharmacy.**
>
> **Oftentimes, the thrust of the case is for failure to
> warn.  So if the drug company failed to warn the doctor or
> failed to warn the drug store, it's somewhat inconsistent to sue
> the doctor and to sue the druggist because they didn't know.  So
> they could not have been negligent.**
>
> **And oftentimes in those cases, I have not set the motion
> for remand for hearing because the issue of fraudulent joinder
> is pretty apparent on its face.**
>
> **This particular case, I see is a little different.  As I
> understand, in this particular case, the plaintiff, Robbie Tallas,
> was a professional hockey goalie.  The plaintiff feels he had a
> bright and lucrative career ahead of him.   From 2001 to 2003,
> he ingested Vioxx, a medication that he obtained from his
> hockey team, the Pittsburgh Penguins and the
> Scranton/Wilkes-Barre Penguins and the team doctor, I
> understand, was Dr. David Kolessar.**

The plaintiff sustained a heart attack on December 31, 2004. The plaintiff and his wife allege that Dr. Kolessar unlawfully provided Vioxx to the two hockey teams so that the teams could distribute Vioxx to the players when and if they needed that medication, and that was done.

The plaintiff in this case sued, in addition to Vioxx, the doctor, the teams and various other people. And those other individuals, the team, of course, and the doctor who prescribed it are all citizens of the state in which suit was filed; and the case was filed in state court and moved to federal court and then sent to this court under the directive of the MDL.

So I have before me at the present a motion to remand the case. I've read the material that counsel has given to me. I do see this as a little bit different from the other pending remand cases. It seems to me that this is a case that, on its face, doesn't appear to me to be an improper joinder or a fraudulent joinder. It seems that there's a legitimate claim against the local doctor, at least, if not the team. I understand the teams are no longer part of the litigation, but I look at this at the time it was removed as opposed to presently.

But even if the teams are not in, it seems to me that the doctor who prescribed the medication - - and I don't know whether he prescribed the medication and gave it to the teams so the teams could prescribe it, as I understand it.

He didn't see the individual. He didn't examine the individual. He didn't monitor the individual. He didn't even know, I assume, that the individual was taking it, or how much he was taking, or how long he was taking it.

In that situation, I think there is a legitimate claim against the doctor. So I'm inclined to remand the matter on that basis. So I'll grant your motion.

MR. DURKIN: Thank you, Your Honor.

THE COURT: If you would like to say anything. I apologize for you coming all the way down here and not having an

> **opponent to argue with; but even if the opponent was here, I
> see this case a little bit differently than I do the other cases.**
>
> **MR. DURKIN:  Your Honor, I have nothing to add.**
>
> **THE COURT:  Okay, I'll grant the motion.**
>
> **MR. DURKIN:  Thank you, Your Honor.  Your Honor, there
> is one issue     of clarification: The team is still in the case,
> by the way.**
>
> **THE COURT:     The team is still in the case.   Okay.   I
> misunderstood.  I thought they were removed.  All the more
> reason it seems to me to remand it.  All right.  Thank you very
> much.**

<u>See</u> Exhibit "A," at pp. 3-6.  Merck suffered no prejudice as a result of its non-appearance at the

August 30, 2006 ruling.  Merck received exactly the same result it would have had the Court

ruled on the Motion for Remand after a first wave of trials as Merck claims it believed the Court

would.

Merck's procedural argument seeks nothing more than delay - that the Court vacate a

ruling it has clearly stated it would only re-issue later.   As the Court noted in its Order of

September 5, 2006, this case warranted prompt remand:

> As an MDL Court, this Court has been charged with the task of
> presiding over thousands of cases involving hundreds of thousands
> of litigants.   To promote the just and efficient conduct of these
> actions, the Court has previously indicated that it would deal with
> remand motions as a group in accordance with procedures to be
> determined at a future date.  The Court is still committed to this
> plan.   **The facts of the present case, however, were so
> exceptional that they justified the Court's taking earlier action.**

A true and correct copy of the Court's Order is attached hereto as Exhibit "B."

Merck's dubious request to delay this case for no good reason offends judicial economy and, if granted, would unduly prejudice Plaintiffs.

## II.   The Court's Order is correct on the merits and should not be disturbed

Merck's entire substantive argument is predicated on the patently incorrect position that Plaintiffs' case is analogous to the numerous cases in which Plaintiffs have fraudulently joined doctors and pharmacists who gave them Vioxx to avoid removal. As quoted above, the Court succinctly noted the differences which distinguish this case from those. The Court read the Motion to Remand and Merck's opposition to it and reached the unassailable conclusion Merck had tried to avoid - that there is no fraudulent joinder, or pleading of inconsistent claims, and that this case must be remanded.[1] Counsel won't repeat the arguments set forth in the Motion for Remand (which Plaintiffs incorporate here) - Judge Fallon more than adequately summarized them.

Merck couldn't explain in opposition to the Motion for Remand or this Motion how, despite the glaring differences immediately recognizable by Judge Fallon, Plaintiffs' case nevertheless belonged to the category of fraudulent joinder cases to which Merck analogized it. The only argument Merck musters is blind repetition, insisting again and again that this case is like the others, ignoring the differences. Repeating a patently false characterization is not a legal argument. Merck has delayed remand of this case long enough. The Motion should be denied.

---

[1] Merck refused to acknowledge those differences, and attempted to sneak this case into the broader category of fraudulent joinder cases to delay its resolution. Had Merck not immediately moved to stay Plaintiffs' case pending transfer to the MDL as soon as it removed the matter to the United States District Court for the Eastern District of Pennsylvania, the Federal Court in Pennsylvania almost certainly would have reached the same decision this Court did.

### III.   Merck's Motion does not meet Rule 60's standard for a grant of of relief

To meet the standard for relief under Rule 60, a motion for relief from judgment or order must cite *material*:

1.   Clerical mistake;
2.   Mistake;
3.   Inadvertence;
4.   Excusable neglect;
5.   Newly discovered evidence;
6.   Fraud; or
7.   [A]ny other reason justifying relief from the operation of the judgment.

F.R.Civ.P. 60(a), (b). None of the alleged mistakes, inadvertence or neglect cited by Merck were material. Briefing had been completed on the Motion for Remand in February of 2006, and Merck has never moved for leave to supplement its papers, so it lost no opportunity to offer additional written arguments to the Court. Nor did Merck lose an opportunity to argue, since Judge Fallon ruled on the papers, stating that Merck's presence in Court on August 30 would not have made a difference in the Court's decision. Merck does not allege fraud or offer any newly discovered evidence or argument, instead cutting and pasting into the brief in support of its Motion the exact same arguments previously submitted in opposition to the Motion for Remand. See Exhibit "C," a copy of Merck's opposition to the Motion for Remand, at Section II, and the Memorandum of Law in Support of Merck's Motion for Reconsideration, at Section II. The Court has already considered these arguments (referencing them from the bench in its ruling) and rejected them. Merck has not met, and cannot meet, its burden under Rule 60, and the Motion should be denied.

## CONCLUSION

For the foregoing reasons, the Court should deny Merck's Motion for Reconsideration.

**Dated: September 12, 2006**

Respectfully submitted

**RANDALL A. SMITH, T.A. (#2117)**
**Of**
**SMITH & FAWER, L.L.C.**
201 St. Charles Avenue - Suite 3702
New Orleans, Louisiana 70170
Telephone:  (504) 525-2200
Facsimile:  (504) 525-2205

- and -

**RICHARD M. GOLOMB**
**RYAN J. DURKIN**
**Of**
**GOLOMB & HONICK, P.C.**
121 S. Broad Street, Ninth Floor
Philadelphia, Pennsylvania 19107
Telephone: (215) 985-9177
Facsimile: (215) 985-4169

**Counsel for Plaintiffs Robbie Tallas and**
**Danielle Tallas**

-11-

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record via U.S. Mail, postage pre-paid and properly addressed, this 12 ᵗʰ day of September, 2006.

**RANDALL A. SMITH**