1

```
 1            UNITED STATES DISTRICT COURT
 2            EASTERN DISTRICT OF LOUISIANA
 3
 4
 5
 6   In Re: VIOXX PRODUCTS           *
     LIABILITY LITIGATION            *   MDL Docket No. 1657
 7                                   *
                                     *
 8   This document relates to        *   New Orleans, Louisiana
     Case No. 06-3153:               *
 9                                   *
     ROBBIE TALLAS, et al             *   August 30, 2006
10                                   *
     versus                          *
11                                   *   9:00 a.m.
     MERCK & CO., INC., et al        *
12   * * * * * * * * * * * * * * * *

13
              PROCEEDINGS BEFORE THE
14         HONORABLE ELDON E. FALLON
           UNITED STATES DISTRICT JUDGE
15

16
     APPEARANCES:
17

18   For the Plaintiffs:      Golomb & Honik
                              BY:  RYAN DURKIN, ESQ.
19                            121 South Broad Street
                              9th Floor
20                            Philadelphia, Pennsylvania 19107

21
     For the Plaintiffs:      Smith & Fawer
22                            BY:  RANDALL SMITH, ESQ.
                              201 Saint Charles Avenue
23                            Suite 3702
                              New Orleans, LA 70170
24

25
```

JODI SIMCOX, RMR - OFFICIAL COURT REPORTER
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EXHIBIT A

2

```
Official Court Reporter:    Jodi Simcox, RMR
                            500 Poydras Street, Room HB-406
                            New Orleans, Louisiana 70130
                            (504) 589-7780
```

Proceedings recorded by mechanical stenography, transcript produced by computer.

1           PROCEEDINGS
2          (August 30, 2006)
3       THE DEPUTY CLERK: All rise.
4       THE COURT: Be seated, please. Call the case.
5       THE DEPUTY CLERK: In MDL 1657, Civil Action 06-3153,
6  Robbie Tallas versus Merck & Co., Inc.
7       THE COURT: Counsel, make your appearances for the
8  record, please.
9       MR. DURKIN: Good morning, Your Honor, Ryan Durkin on
10 behalf of the plaintiff, Robbie Tallas.
11      THE COURT: I understand there's nobody here for the
12 defendant. We have called defendant's local counsel and also
13 contacted the attorneys who were listed on the matter in
14 Philadelphia, giving them an opportunity to be present, but
15 somehow or another, they are not.
16           This is a case growing out of the Vioxx
17 litigation. The Court presently has about 6,000 or so of these
18 cases. Generally, the case when it comes to the court it is
19 filed on behalf of an individual consumer of Vioxx and the
20 plaintiff takes the position that either the medication is
21 defectively designed, defectively manufactured, or there was a
22 failure to warn of the problems or side effects of the drug
23 itself.
24           In addition to suing the manufacturer of the
25 drug, many of the suits sued the doctors because this is a

4

1  prescription drug and the doctors have to prescribe it.
2  Sometimes in some of these cases, they also sued the pharmacy.
3              Oftentimes, the thrust of the case is for
4  failure to warn.  So if the drug company failed to warn the
5  doctor or failed to warn the drug store, it's somewhat
6  inconsistent to sue the doctor and to sue the druggist because
7  they didn't know.  So they could not have been negligent.
8              And oftentimes in those cases, I have not set
9  the motion for remand for hearing because the issue of
10 fraudulent joinder is pretty apparent on its face.
11             This particular case, I see is a little
12 different.  As I understand, in this particular case, the
13 plaintiff, Robbie Tallas, was a professional hockey goalie.
14 The plaintiff feels he had a bright and lucrative career ahead
15 of him.  From 2001 to 2003, he ingested Vioxx, a medication
16 that he obtained from his hockey team, the Pittsburg Penguins
17 and the Scranton/Wilkes-Barre Penguins and the team doctor, I
18 understand, was Dr. David Kolessar.
19             The plaintiff sustained a heart attack on
20 December 31st, 2004.  The plaintiff and his wife allege that
21 Dr. Kolessar unlawfully provided Vioxx to the two hockey teams
22 so that the teams could distribute Vioxx to the players when
23 and if they needed that medication, and that was done.
24             The plaintiff in this case sued, in addition to
25 Vioxx, the doctor, the teams and various other people.  And

those other individuals, the team, of course, and the doctor who prescribed it are all citizens of the state in which suit was filed; and the case was filed in state court and moved to federal court and then sent to this court under the directive of the MDL.

So I have before me at the present a motion to remand the case. I've read the material that counsel has given to me. I do see this case as a little bit different from the other pending remand cases. It seems to me that this is a case that, on its face, doesn't appear to me to be an improper joinder or a fraudulent joinder. It seems that there's a legitimate claim against the local doctor, at least, if not the team. I understand the teams are no longer part of the litigation, but I look at this at the time it was removed as opposed to presently.

But even if the teams are not in, it seems to me that the doctor who prescribed the medication -- and I don't know whether he prescribed the medication and gave it to the teams so the teams could prescribe it, as I understand it.

He didn't see the individual. He didn't examine the individual. He didn't monitor the individual. He didn't even know, I assume, that the individual was taking it, or how much he was taking, or how long he was taking it.

In that situation, I think there is a legitimate claim against the doctor. So I'm inclined to remand the matter

1   on that basis. So I'll grant your motion.
2           MR. DURKIN: Thank you, Your Honor.
3           THE COURT: If you would like to say anything. I
4   apologize for you coming all the way down here and not having
5   an opponent to argue with; but even if the opponent was here, I
6   see this case a little bit differently than I do the other
7   cases.
8           MR. DURKIN: Your Honor, I have nothing to add.
9           THE COURT: Okay. I'll grant the motion.
10          MR. DURKIN: Thank you, Your Honor.
11              Your Honor, there is one issue of clarification:
12  The team is still in the case, by the way.
13          THE COURT: The team is still in the case. Okay. I
14  misunderstood. I thought they were removed. All the more
15  reason it seems to me to remand it. All right. Thank you very
16  much.
17          MR. DURKIN: Thank you, Your Honor.
18          THE COURT: Court's in recess.
19          THE DEPUTY CLERK: All rise.
20
21
22
23
24
25

7

## CERTIFICATE

I, Jodi Simcox, RMR, Official Court Reporter for the United States District Court, Eastern District of Louisiana, do hereby certify that the foregoing is a true and correct transcript, to the best of my ability and understanding, from the record of the proceedings in the above-entitled and numbered matter.

*Jodi Simcox, RMR*
Jodi Simcox, RMR
Official Court Reporter

JODI SIMCOX, RMR - OFFICIAL COURT REPORTER
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX<br>PRODUCTS LIABILITY LITIGATION | MDL NO. 1657<br><br>SECTION: L(3)<br><br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

THIS DOCUMENT RELATES TO:
*Tallas, et al. v. Merck & Co., Inc., et al.*, 06-3152

### ORDER

The Court heard oral argument on August 30, 2006 on the Plaintiff's Motion to Remand (Rec. Doc. 6228). For reasons stated on the record, the Plaintiff's motion is GRANTED and this matter is REMANDED to the Philadelphia Court of Common Pleas.

As an MDL Court, this Court has been charged with the task of presiding over thousands of cases involving hundreds of thousands of litigants. To promote the just and efficient conduct of these actions, the Court has previously indicated that it would deal with remand motions as a group in accordance with procedures to be determined at a future date. The Court is still committed to this plan. The facts of the present case, however, were so exceptional that they justified the Court's taking earlier action.

New Orleans, Louisiana; this __5th__ day of __September__, 2006.

_Eldon C. Fallon_
UNITED STATES DISTRICT JUDGE

EXHIBIT B