A CERTIFIED TRUE COPY

SEP 12 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 SEP 12 PM 2:39

LORETTA G. WHYTE
CLERK

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 24 2006

FILED
CLERK'S OFFICE

DOCKET NO. 1657

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

*IN RE VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION*

06-5882

*Elaine Kuhnke v. Pfizer Inc., et al.,* N.D. California, C.A. No. 3:06-4591

SECT. L MAG 3

*CONDITIONAL TRANSFER ORDER (CTO-62) AND SIMULTANEOUS SEPARATION AND REMAND OF CERTAIN CLAIMS*

On February 16, 2005, the Panel transferred 138 civil actions to the United States District Court for the Eastern District of Louisiana for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 360 F.Supp.2d 1352 (J.P.M.L. 2005). Since that time, 4,265 additional actions have been transferred to the Eastern District of Louisiana. With the consent of that court, all such actions have been assigned to the Honorable Eldon E. Fallon.

It appears that the above-captioned action involves two sets of claims relating to 1) the prescription drugs Bextra and/or Celebrex, and 2) the prescription drug Vioxx. This action is already included in MDL-1699 previously centralized in the Northern District of California before the Honorable Charles R. Breyer. The Vioxx claims, however, appear to share questions of fact with actions in MDL-1657 previously centralized in the Eastern District of Louisiana.

Pursuant to Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 435-36 (2001), this action is transferred under 28 U.S.C. § 1407 to the Eastern District of Louisiana for the reasons stated in the order of February 16, 2005, and, with the consent of that court, assigned to the Honorable Eldon E. Fallon.

The claims in this action relating to Bextra and/or Celebrex are hereby separated and remanded, pursuant to 28 U.S.C. § 1407(a), to the Northern District of California for continued inclusion in the centralized pretrial proceedings in MDL-1699.

Inasmuch as no objection is pending at this time, the stay is lifted.

SEP 11 2006

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

___ Fee _____
___ Process _____
_X_ Dktd _____
___ CtRmDep _____
___ Doc. No _____

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**
Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax: [202] 502-2888

http://www.jpml.uscourts.gov

September 11, 2006

Loretta G. Whyte, Clerk
C-151 U.S. Courthouse
500 Poydras Street
New Orleans, LA 70130-3367

Re: MDL-1657 -- In re Vioxx Marketing, Sales Practices and Products Liability Litigation

(See Attached CTO-62)

Dear Ms. Whyte:

I am enclosing a certified copy and one additional copy of a conditional transfer order filed by the Panel in the above-captioned matter on August 24, 2006. As stipulated in Rule 7.4(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), transmittal of the order has been stayed 15 days to give any party an opportunity to oppose the transfer. The 15-day period has now elapsed, no opposition was received, and the order is directed to you for filing.

The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "...transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred."

**The Panel has ordered that its Rule 1.6(a), pertaining to transfer of files, be suspended for purposes of this litigation. Accordingly, the transferee district clerk shall request, and the transferor district clerk shall forward, only those files deemed necessary by the transferee district court.**

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By _____
Docket Specialist

Attachments

cc:  Transferee Judge:   Judge Eldon E. Fallon
     Transferor Judge:   Judge Charles R. Breyer
     Transferor Clerk:   Richard W. Wieking

JPML Form 36A

## INVOLVED COUNSEL LIST (CTO-62)
## DOCKET NO. 1657
## IN RE VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION

Carole Bosch
Hersh & Hersh
601 Van Ness Avenue
Suite 2080
San Francisco, CA 94102-6396

Russ M. Herman
Herman, Herman, Katz & Cotlar, L.L.P.
820 O'Keefe Avenue
New Orleans, LA 70113

Norman C. Kleinberg
Hughes Hubbard & Reed, LLP
One Battery Park Plaza
12th Floor
New York, NY 10004-1482

Phillip A. Wittmann
Stone, Pigman, Walther & Wittmann, LLC
546 Carondelet Street
New Orleans, LA 70130-3588