UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | JUDGE FALLON |
| This document relates to<br>Case No. 06-0810 | * | |
| | * | MAGISTRATE JUDGE<br>KNOWLES |
| CHARLES L. MASON, | * | |
| Plaintiff, | * | |
| v. | * | |
| MERCK & CO., INC., | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF MOTION OF MERCK & CO., INC. ("MERCK")
TO COMPEL THE DEPOSITION OF DR. BENEDICT LUCCHESI OR,
IN THE ALTERNATIVE, TO EXCLUDE HIM FROM TESTIFYING AT TRIAL**

Plaintiff has designated Dr. Benedict Lucchesi – who testified in *Plunkett I* but has not been designated in this MDL since – as an expert witness in this case. As reflected in Dr. Lucchesi's revised report, which has grown from 40 to 112 pages, he plans to offer numerous new opinions at trial, on everything from the cause of Mr. Mason's alleged injuries to direct-to-consumer advertising. Dr. Lucchesi himself admits that, "as you can see from the size of [the report], a lot of it is new." (September 7, 2006 Depositions of Dr. Lucchesi ("Lucchesi Dep.") at 32:2-17, attached hereto as Ex. A.) Notwithstanding this fact, plaintiff has refused to give Merck a full and fair opportunity to depose Dr. Lucchesi on his new opinions, severely hampering the preparation of Merck's defense. On September 7, 2006, plaintiff shut down Dr. Lucchesi's deposition after only four hours of questioning from Merck, citing a non-existent "agreement"

between the parties.[1]  In the days since, plaintiff has refused Merck's request to continue the deposition.  This is unfair, unduly prejudicial to Merck, and contrary to the Federal Rules of Civil Procedure and the Court's Scheduling Order, both of which expressly provide that Merck is entitled to depose any expert witness who plaintiff intends to call at trial.  Merck thus moves the Court for an order compelling plaintiff to produce Dr. Lucchesi for further deposition.  So that Merck may prepare its defense, Merck requests that this deposition take place no later than October 6, 2005.  In the alternative, Merck requests that Dr. Lucchesi be precluded from testifying at trial.

I.  **PLAINTIFF'S REFUSAL TO ALLOW MERCK TO CONCLUDE DR. LUCCHESI'S DEPOSITION VIOLATES THE FEDERAL RULES OF CIVIL PROCEDURE AND THE COURT'S SCHEDULING ORDER.**

Under Rule 26 of the Federal Rules of Civil Procedure, Merck is entitled to "depose any person who has been identified as an expert whose opinions may be presented at trial."  FED. R. CIV. P. 26(b)(4)(A).  Rule 30 provides for a minimum of seven hours, and longer "if needed for a fair examination of the deponent of if the deponent . . . impedes or delays the examination."  FED. R. CIV. P. 30(d)(2).  The Court's Scheduling Order also expressly permits Merck to depose plaintiff's designated experts.  (*See* Scheduling Order at ¶ 2(c) ("Defendant shall have *the right* to depose Plaintiff's experts within a reasonable time after their reports are delivered." (emphasis added)).)

In violation of the Scheduling Order and the applicable Rules of Civil Procedure, plaintiff has refused to allow Merck to examine Dr. Lucchesi fully on his new opinions, which are extensive.  Dr. Lucchesi has submitted a new report, which differs substantially from his

---

[1] No such agreement was ever entered into by Merck.  Moreover, during the meet and confer that followed Dr. Lucchesi's deposition, plaintiff failed to produce any evidence that any such agreement existed.  Plaintiff's counsel represented that he had an e-mail supposedly referring to
(*footnote continued next page*)

*Plunkett* report. Not only is it more then double in length, but it also contains new and expanded opinions on a wide range of topics, including:

- New opinions on the mechanisms by which Vioxx allegedly causes thrombotic cardiovascular events – including tissue factor and non-platelet-based theories of causation (Aug. 11, 2006 Report of Dr. Benedict Lucchesi at 38-44, attached hereto as Ex. B);

- Expanded opinions regarding Merck's direct-to-consumer advertising (*id.* at 46-50);

- New opinions on the "Expression of Concern" editorial published by the *New England Journal of Medicine* in December 2005 (*id.* at 31-33);

- Expanded opinions on valdecoxib and parecoxib – COX-2s with no connection to this action – and their alleged association with an increased risk of thrombotic events (*id.* at 57-60);

- Expanded opinions on internal Merck documents and Merck's purported "state of mind," which is not a proper subject of expert opinion in any case (*id.* at 83-86);

- Expanded opinions on the alleged relationship between Vioxx and atherogenesis (*id.* at 94-107); and

- New case-specific opinions on Mr. Mason's medical history and the alleged role of Vioxx in causing his injuries (*id.* at 71-94).

Given the scope of these new and expanded opinions and the length of Dr. Lucchesi's new report, four hours of deposition testimony – which is all plaintiff allowed – is simply insufficient. In terminating the deposition, plaintiff claimed without foundation that Merck had agreed to limit its examination of Dr. Lucchesi to just four hours. That is false. Plaintiff also cited Dr. Lucchesi's prior depositions as justification for his refusal to permit Merck to depose Dr. Lucchesi fully in this case. But these prior depositions – taken in unrelated cases with entirely different facts and governed by entirely different expert reports – do not obviate the need for a deposition here.

---

an agreed limit but thus far has refused to send a copy of the e-mail to Merck's counsel.

As a general matter, Merck has attempted to cooperate with plaintiff's counsel in each case to avoid multiple depositions of experts on a single expert report. Merck has followed that course in this case. For example, Merck has not sought to depose plaintiff's experts Dr. Plunkett and Dr. Guerigian because both of these experts have consistently been designated only as general experts and have previously been deposed on the same reports. Here, Dr. Lucchesi has greatly expanded his general causation opinions and has included new opinions on specific cause – thus necessitating an additional deposition.

Plaintiff has no legitimate basis for refusing to allow Merck to complete Dr. Lucchesi's deposition, in accordance with the Court's Scheduling Order and Rules 26 and 30. Accordingly, the Court should compel plaintiff to produce Dr. Lucchesi for further deposition by no later than October 6, 2006.

## II. MERCK WILL BE UNDULY PREJUDICED AT TRIAL IF IT IS NOT PERMITTED TO COMPLETE DR. LUCCHESI'S DEPOSITION.

Without additional time in which to depose Dr. Lucchesi on the substance of his new and additional opinions, Merck will be unduly prejudiced in the preparation of its defense. As explained above, Dr. Lucchesi plans to offer case-specific opinions at trial. These opinions are based on Mr. Mason's medical records and history of Vioxx use, which are obviously unique to this case. Dr. Lucchesi will also proffer previously-undisclosed opinions on a range of other issues. (*See supra* p. 3.) Merck should have an opportunity to explore these opinions with Dr. Lucchesi prior to trial, to the fullest extent permitted by the Rules of Civil Procedure.

828976v.1

At Dr. Lucchesi's September 7th deposition, Merck was deprived of this opportunity – due to both counsel's premature termination of the deposition and to Dr. Lucchesi stonewalling. He seemed intent on obfuscating even the most straightforward issues, as this excerpt about two well-known risks factors for heart disease illustrates:

> Q: The – there's a great deal of medical literature concluding that stress and anxiety are risk factors of the development of heart disease, correct?
>
> A: You want to see stress?
>
> Q: Is that an answer to my question?
>
> A: Look at the Normandy Landing, that's stress. They didn't die of heart disease.

(Lucchesi Dep. at 218:9-16; *see also, e.g.*, Lucchesi Dep at 66:20-67:18 (refusing to provide direct answers to questions about his publications); 148:1-4 ("Q: All right. Are you done? A: I hope you're done, because I'm trying to – I'm trying to get over a lot of this questioning that is not going anywhere."); 203:5-7 ("Q: Vioxx doesn't increase blood pressure in every patient that takes it, right, sir? A: Are you kidding?"); *see also generally* Lucchesi Dep., which is attached in its entirety.)

Should Dr. Lucchesi be permitted to testify at trial on many new and expanded opinions contained in his current expert report, it is essential that Merck fully understand the bases for his opinions, in order to effectively cross-examine him. This Court should therefore compel plaintiff to produce Dr. Lucchesi, no later than October 6, 2006, for further deposition.

### III. IN THE ALTERNATIVE, THE COURT SHOULD PRECLUDE DR. LUCCHESI FROM TESTIFYING AT TRIAL.

In the event that plaintiff refuses to produce Dr. Lucchesi for deposition, the Court should exclude Dr. Lucchesi's testimony in full. Plaintiff's refusal to allow Dr. Lucchesi's deposition to go longer than four hours, in violation of the Court's Scheduling Order and Rules 26 and 30, supports a preclusion sanction. *See Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 379-82 (5th

Cir. 1996) (barring expert testimony for failure to comply with scheduling order and to appear at deposition); *cf. Everett v. Chromalloy Am. Corp.*, 128 F.R.D. 226, 227-28 (M.D. La. 1989) (permitting expert testimony on condition that "defendants shall permit the plaintiff to depose the defendants' expert"). As the First Circuit recently explained, because expert discovery is critical to an effective cross examination, the failure to comply with the rules governing this discovery necessitates exclusion of the expert's testimony:

> We have recognized that "[i]n the arena of expert discovery – a setting which often involves complex factual inquires – Rule 26 increases the quality of trials by better preparing attorneys for cross-examination." . . . Accordingly, "district courts have broad discretion in meting out . . . sanctions for Rule 26 violations . . . [and the] [e]xclusion of evidence is a standard sanction for violation of the duty of disclosure under Rule 26(a)."

*Peña-Crespo v. Puerto Rico*, 408 F.3d 10, 13 (1st Cir. 2005) (citation omitted) (holding that trial court did not abuse its discretion by excluding expert testimony when expert did not submit proper report). Consistent with these principles, plaintiff should permit Merck to conclude its examination of Dr. Lucchesi, so that Merck is given an adequate opportunity to prepare its defense in this case. Plaintiff has offered no legitimate basis for his refusal to comply with Merck's request for additional time. Merck's motion should accordingly be granted.

## IV.   CONCLUSION.

For the foregoing reasons, Merck respectfully requests that the Court compel plaintiff to produce Dr. Lucchesi for further deposition no later than October 6, 2006. In the alternative, Merck requests that the Court exclude Dr. Lucchesi from testifying at trial.

Dated:  September 15, 2006                          Respectfully submitted,


                                                    /s/ Dorothy H. Wimberly
                                                    Phillip A. Wittmann, 13625
                                                    Dorothy H. Wimberly, 18509
                                                    STONE PIGMAN WALTHER
                                                    WITTMANN L.L.C.
                                                    546 Carondelet Street
                                                    New Orleans, Louisiana  70130
                                                    Phone:  504-581-3200
                                                    Fax:    504-581-3361

                                                    Defendants' Liaison Counsel

                                                    Philip S. Beck
                                                    Tarek Ismail
                                                    Shayna Cook
                                                    BARTLIT BECK HERMAN PALENCHAR
                                                    & SCOTT LLP
                                                    54 West Hubbard Street, Suite 300
                                                    Chicago, Illinois  60610
                                                    Phone:  312-494-4400
                                                    Fax:    312-494-4440

                                                    Brian Currey
                                                    Catalina J. Vergara
                                                    O'MELVENY & MYERS LLP
                                                    400 South Hope Street
                                                    Los Angeles, CA 90071
                                                    Phone:  213-430-6000
                                                    Fax:    213-430-6407

                                                    And

                                                    Douglas Marvin
                                                    WILLIAMS & CONNOLLY LLP
                                                    725 Twelfth Street, N.W.
                                                    Washington, D.C.  20005
                                                    Phone:  202-434-5000
                                                    Fax:    202-434-5029

                                                    Attorneys for Merck & Co., Inc.

828976v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum in Support of Merck's Motion to Compel the Deposition of Dr. Lucchesi or, in the Alternative, to Exclude Him from Testifying at Trial has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 15th day of September, 2006.

                                                */s/ Dorothy H. Wimberly*
                                                Dorothy H. Wimberly, 18509
                                                STONE PIGMAN WALTHER WITTMANN L.L.C.
                                                546 Carondelet Street
                                                New Orleans, Louisiana  70130
                                                Phone:  504-581-3200
                                                Fax:     504-581-3361
                                                dwimberly@stonepigman.com

                                                Defendants' Liaison Counsel