IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX<br>PRODUCTS LIABILITY LITIGATION | MDL No. 1657<br><br>SECTION: L |
| This Document Relates To:<br>2:06-cv-0141-EEF-DEK | Judge Fallon<br>Magistrate Judge Knowles |

**PLAINTIFF ANNA SLATTON'S MEMORANDUM IN SUPPORT OF HER MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

COMES NOW Plaintiff Anna Slatton, by and through her undersigned attorneys, Simon • Passanante, P.C., and for her Memorandum in Support of her Motion for Voluntary Dismissal Without Prejudice hereby states as follows:

**INTRODUCTION**

Plaintiff filed her Complaint against Defendants Merck & Co., Inc. ("Merck") on January 12, 2006, in the United States District Court, Eastern District of Louisiana, from injuries arising out of her use of Vioxx. Plaintiff's action was filed in this Court for Multi-District Litigation ("MDL") proceedings. Plaintiff now seeks to dismiss her cause of action against all Defendants voluntarily without prejudice pursuant to Fed. R. Civ. P. 41(a)(2), as she no longer wishes to pursue her claims against any Defendant at this time. Because Defendants will not be unduly prejudiced by the requested dismissal, Plaintiff's Motion for Voluntary Dismissal Without Prejudice should be GRANTED.

**ARGUMENT**

Federal Rule of Civil Procedure 41 governs dismissal of actions. Once an adverse party has filed an answer or a motion for summary judgment, a party may only be dismissed by order

1

of the court, absent stipulation by all parties to the action. FED. R. CIV. P. 41(a). Dismissals are without prejudice unless specified otherwise in the court order. FED. R. CIV. P. 41(a)(2). Generally, motions for voluntary dismissal should be freely granted in the absence of plain legal prejudice on the non-movant and absent evidence of abuse by the movant. *Elboar v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).

In deciding whether plain legal prejudice to the non-moving party exists, the court may consider a number of factors:

> 1) the defendant's effort and the expense involved in preparing for trial, 2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, 3) insufficient explanation of the need to take a dismissal, and 4) the fact that a motion for summary judgment has been filed by the defendant.

*Id.* at 318 n.3 (quoting *Witzman v. Gross*, 148 F.3d 988, 992 (8th Cir. 1998)). Other issues to consider in deciding whether a defendant will be unduly prejudiced are whether dismissal will strip the defendant of a potential defense that would otherwise be available. *Ikospentakis v. Thalassic Steamship Agency*, 915 F.2d 176, 177 (5th Cir. 1990). Stripping a defendant of a viable statute of limitations defense or a forum non conveniens defense has been considered sufficient prejudice to deny plaintiff's motion for voluntary dismissal. *Elboar*, 279 F.3d at 318; *Ikospentakis*, 915 F.2d at 180.

In *Broussard*, the court granted plaintiff's motion for voluntary dismissal because the parties had not expended significant unnecessary litigation expenses, and thus, defendant would not be prejudiced by a dismissal without prejudice. *Broussard v. Texas Petroleum Inv. Co.*, No. Civ.A. 04-1755, 2005 WL 1523340, at *2 (W.D. La. June 23, 2005). The court noted that the majority of the factors considered in deciding a Rule 41(a)(2) motion seek to protect those

defendants that have put significant effort into preparing for trial and have a "nearly-won case" from dismissal in order for the plaintiff to avoid a loss. *Id.*

In *Gros*, while the parties had done some discovery and the court noted that plaintiff's actions may be considered forum shopping, the court still granted plaintiff's Rule 41(a)(2) motion without prejudice because defendants could not show that they would be prejudiced by the dismissal. *Gros v. L & L Marine Transp., Inc.*, No. Civ.A. 04-2681, 2005 WL 940494, at *2 (E.D. La. April 19, 2005). In addition, the court in *Robles* granted plaintiff's Rule 41(a)(2) dismissal because defendant was not stripped of any defenses and plaintiff suffered no adverse legal judgment before moving to dismiss without prejudice. *Robles v. Atl. Sounding Co., Inc.*, 77 F. App'x 274, 275–76 (5th Cir. 2003).

Here, no plain legal prejudice will occur, Defendants will not be stripped of any potential defenses, and Defendants will not otherwise be prejudiced if Plaintiff's dismissal is granted without prejudice. First, no plain legal prejudice will occur as defined through the factors set out in *Elboar*. Little discovery has taken place in this litigation. In fact, the only discovery that has occurred is the filing of the Plaintiff Profile Forms in the Vioxx MDL, which required considerable effort on the plaintiffs in the MDL but not yet on Defendants. Plaintiff has also not delayed in prosecuting the action, as Plaintiff has complied with all court deadlines and now only seeks dismissal because she no longer wishes to pursue her action against Defendants. In addition, no summary judgment motion has been filed by Defendants in this action.

Second, Defendants will not be stripped of any potential defenses. Defendants do not have a statute of limitations defense available even if Plaintiff remained in the action because Plaintiff timely filed her claim. Also, a forum non conveniens defense is not be a possibility for

3

Defendants as a foreign country would not be a more proper venue, and Defendants could always seek a 28 U.S.C. § 1404 transfer if they believed another federal court were more convenient.

Defendants would not otherwise be prejudiced if Plaintiff's dismissal without prejudice was granted. Like *Broussard*, no unnecessary expenses for litigation have been expended nor is this a "nearly-won" case from Defendants' perspective so that dismissal would be Plaintiff's only manner in which to avoid a certain loss. Also, this is not a case where Plaintiff seeks dismissal in order to forum shop. Rather, Plaintiff has simply decided not to pursue her case against Defendants at this point in time. Finally, like *Robles*, Plaintiff has suffered no adverse judgment prior to seeking dismissal.

Because Defendants will not be prejudiced by the voluntary dismissal of Plaintiff without prejudice, the court should grant Plaintiff's Rule 41(a)(2) Motion to Dismiss.

## CONCLUSION

Rule 41(a)(2) motions to dismiss should only be dismissed with prejudice if Defendants can show that they will suffer prejudice as a result of that dismissal. Here, Defendants will not suffer plain legal prejudice, they will not be stripped of any potential defenses, and they will not be otherwise prejudiced by dismissing Plaintiff without prejudice. Accordingly, Plaintiff's Motion for Voluntary Dismissal Without Prejudice should be **GRANTED**.

Respectfully Submitted By:

_____
Todd S. Hageman #51801
John G. Simon #4371
Simon Passanante, P.C.
701 Market Street, Ste. 1450
St. Louis, Missouri 63101
(314) 241-2929 (telephone)
(314) 241-2029 (facsimile)
thageman@spstl-law.com

James G. Onder #5369
Onder, Shelton, O'Leary &
Peterson, LLC
1015 Locust, Ste. 720
St. Louis, Missouri 63101
(314) 421-6565 (telephone)
(314) 421-4724 (facsimile)
*Attorneys for Plaintiff*