FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 SEP 12 PM 12:09

LORETTA G. WHYTE
CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NORBERT DARDAR, JR., INDIVIDUALLY, AND ON BEHALF OF VIRGINIA DARDAR, DECEASED<br>　　　Plaintiff<br><br>VS.<br><br>MERCK & CO., INC.<br>　　　Defendant | §§§§§§§§§§§<br><br>Civil Action No. 05-5985 |

| | |
|---|---|
| IN RE: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>　　NORBERT DARDAR, INDIVIUALLY, AND ON BEHALF OF VIRGINIA DARDAR, DECEASED | §§§§§§§§§§§§§<br><br>MDL NO. 1657<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE DANIEL E. KNOWLES, III |

### PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff NORBERT DARDAR, INDIVIDUALLY AND ON BEHALF OF VIRGINIA, DECEASED, hereinafter referred to as Plaintiff, pursuant to Fed. R. Civ. P.15, and LR 7.3E and LR 7.4.1W, files this unopposed motion for leave of Court to file an Amended Complaint for three purposes.

___ Fee_____
___ Process_____
X  Dktd_____
___ CtRmDep_____
___ Doc. No_____

(1) To correct substantive law that was not properly asserted in the original complaint on November 23, 2005. In that regard, this modification is necessary to assert the proper theory of Strict Liability according to the Plaintiff's resident state law.

(2) To amend factual allegations consistent with new information that has come to light as a result of ongoing discovery.

(3) To amend complaint to reflect all of Plaintiff's causes of action.

## I.
## FACTUAL AND PROCEDURAL HISTORY

1. On November 23, 2005, Plaintiff filed an Original Complaint against Defendant MERCK & CO., INC, ("Defendant") for personal injuries sustained as a result of her ingestion of the prescription medication VIOXX.

2. Plaintiff ingested Vioxx during the time period from October 2003 to September 2004. As a result thereof, she sustained injuries.

3. Defendant Merck filed its answer to the complaint on March 30, 2006.

4. Counsel for Plaintiff contacted counsel for Defendant Merck on September 11, 2006. Defendant Merck consented to the filing of this Motion for Leave to File Amended Complaint.

## II.
## LEAVE SHOULD BE GRANTED FOR THE FOLLOWING REASONS

5. Pursuant to Fed. R. Civ. P. 15, a motion for leave to amend a complaint, "shall be freely given when justice so requires." Courts generally have accepted

amended complaints unless the amended change is prejudicial to the opposing party. *Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct.227, 230 (1962)*

6. Furthermore, if the amendment is not submitted for the purposes of undue delay, bad faith, or undue prejudice, "the leave sought should, as the rules require, be 'given freely.'" *Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct.227, 230 (1962)*

7. The amendment submitted by Plaintiff is offered in good faith. The original complaint asserted that Merck was liable under the theory of Strict Product Liability Law as set forth in Section 402A of the Restatement of Torts 2d and under Texas Strict Liability Law. The amended complaint also asserts Merck's liability under the theory of Strict Product Liability in Section 402A of the Restatement of Torts 2d, however, it also includes the application of that law under Louisiana Strict Product Liability Law, La. R.S. 9:2800.51 *et. seq.* This amendment properly states the applicable law without substantially altering the basis of Plaintiff's claim.

8. In addition to amending applicable statutory law, further information has come to light that requires us to modify the duration of time Vioxx was ingested by Plaintiff, as well as to state all causes of action on behalf of Plaintiff's statutory beneficiary.

9. This Leave to File Amended Complaint is unopposed by counsel for Merck. LR 7.4.1W.

### III.
### CONCLUSION

10. For these reasons, Plaintiff prays that this Court grant leave to file Plaintiff's Amended Complaint to modify the applicable substantive law and factual

allegations regarding Plaintiff's dates of ingestion of Vioxx; and for such other and further relief to which Plaintiff may show himself entitled.

Respectfully submitted,

**THE O'QUINN LAW FIRM**

_____
JOHN R. LEACH, III (SBN: 12084500)
MICHAEL J. LOWENBERG (SBN: 24001164)
ANTHONY E. FARAH (SBN: 24007172)
440 Louisiana, Suite 2300
Houston, Texas 77002
Telephone: 713-223-1000
Facsimile: 713-223-4870

**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF CONFERENCE FOR CONSENT MOTION

Pursuant to Local Civil Rule 7.4.1W and 7.6E, I certify that on the 11th day of September, I or someone in my office conferred with Thomas Owen, Jr., and he is unopposed to Plaintiff's Unopposed Motion For Leave To File An Amended Complaint.

_____
JOHN R. LEACH, III (Federal No: 6929)
MICHAEL J. LOWENBERG (Federal No: 22584)
THE O'QUINN LAW FIRM
440 Louisiana, Suite 2300
Houston, TX 77002
Telephone: 713-223-1000
Facsimile: 713-223-4870

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Plaintiff's First Amended Original Complaint has been served on Liaison Counsel, as listed below, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by U.S. Mail on this _12_ day of September, 2006.

**VIA U.S. MAIL**
Russ Herman
PLAINTIFF'S LIAISON COUNSEL
HERMAN, HERMAN, KATZ & COTLAR, LLP
201 St. Charles Avenue, Suite 4310
New Orleans, LA 70170
Email: rherman@hhkc.com

**VIA U.S. MAIL**
Philip Wittman
DEFENDANT'S LIAISON COUNSEL
STONE PIGMAN WALTHER WITTMANN, LLC
546 Carondelet St.
New Orleans, LA 70130
Email: pwittmann@stonepigman.com

**VIA U.S. MAIL**
Thomas P. Owen, Jr.
DEFENDANT'S STEERING COMMITTEE
STANLEY, FLANAGAN & REUTER, L.L.C.
Counselors at Law
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Email: tpo@sfr-lawfirm.com

JOHN R. LEACH, III (Federal No: 6929)
MICHAEL J. LOWENBERG (Federal No: 22584)
ANTHONY E. FARAH (Federal No: 23059)