**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re:  VIOXX PRODUCT LIABILITY | : | **MDL NO. 1657** |
| LITIGATION | : | |
| | : | **SECTION L** |
| This document relates to: | : | |
| | : | **JUDGE FALLON** |
| Case No. 2:05 CV 5753 | : | |
| | : | |
| EDWARD ADCOCK, Individually and | : | |
| As EXECUTOR of the ESTATE OF | : | |
| VIRGINIA ADCOCK, Deceased, et al. | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| MERCK & COMPANY, INC. | : | |
| | : | |
| Defendants | : | |
| | : | |

**ANSWER, DEFENSES, REQUEST FOR RELIEF, AND JURY**
**JURY DEMAND OF DEFENDANT MERCK & CO., INC.**
**TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant, Merck & Co., Inc., ("Merck"), for its answer to the plaintiffs' First

Amended Complaint, states as follows:

**RESPONSE TO "PARTIES AND JURISDICTION"**

1.      Merck admits that the plaintiffs allege certain causes of action against it,

purportedly pursuant to Federal Rule of Civil Procedure 20(a), but it denies that there is any legal

or factual basis for the plaintiffs' claims.

2.      Merck denies each and every averment in paragraph 2 of the First

Amended Complaint, except it admits that it sought and received the approval of the United

States Food & Drug Administration ("FDA") to manufacture and market the prescription

medicine Vioxx® and, until the voluntary worldwide withdrawal of Vioxx from the market on

September 30, 2004, did market Vioxx for the indicated uses set out in the relevant FDA-approved prescribing information.   Merck further admits that Vioxx is a selective COX-2 inhibitor.

3.      The averments in paragraph 3 of the First Amended Complaint are legal conclusions to which a response is not required.  Should these averments be deemed to contain facts, Merck denies them.

4.      Merck is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 4 concerning the plaintiffs' residences and their citizenship, and therefore it denies these averments.  Merck denies each and every remaining averment in paragraph 4 of the First Amended Complaint.

5.      Merck admits that this plaintiff purports to bring claims individually and as executor, but it denies that there is any legal or factual basis for the claims. Merck is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in paragraph 5 of the First Amended Complaint, and therefore it denies them.

6.      Merck denies each and every averment in paragraph 6 of the First Amended Complaint, except it admits that this plaintiff is claiming damages as set forth in this paragraph, but it denies that there is any legal or factual basis for the claims.

7.      Merck is without knowledge or information sufficient to form a belief as to the truth of the averments in the first four sentences of paragraph 7, and therefore it denies them.  Merck denies each and every remaining averment set forth in the fifth, sixth, seventh, and eighth sentences of paragraph 7, except it admits that this plaintiff is claiming injury and damages as a result of his alleged ingestion of Vioxx, but Merck denies that there is any legal or factual basis for these claims.

2

8.     Regarding the averments in the first sentence of paragraph 8 of the First Amended Complaint, Merck admits that this plaintiff is bringing claims, but it denies that there is any legal or factual basis for these claims.  Merck is without knowledge or information sufficient to form a belief as to the truth of the averments in the second and third sentences of paragraph 8, and therefore it denies them.  Regarding the averments in the fourth sentence of paragraph 8, Merck admits that this plaintiff is claiming damages, but it denies that there is any legal or factual basis for these claims.  Merck denies each and every averment in sentences five and six of paragraph 8 of the  First Amended Complaint.

9.     Merck is without knowledge or information sufficient to form a belief as to the truth of the averments in the first four sentences of paragraph 9 of the First Amended Complaint, and therefore it denies them.  Merck denies each and every remaining averment in the fifth, sixth, seventh, and eighth sentences of this paragraph, except it admits that this plaintiff is claiming injury and damages as a result of his alleged ingestion of Vioxx, but Merck denies that there is any legal or factual basis for these claims.

10.     Merck is without knowledge or information sufficient to form a belief as to the truth of the averments in the first three sentences of paragraph 10 of the First Amended Complaint, and therefore it denies them.  Merck denies each and every remaining averment set forth in the fourth, fifth, sixth, and seventh sentences of paragraph 10, except it admits that this plaintiff is claiming injury and damages as a result of his alleged ingestion of Vioxx, but Merck denies that there is any legal or factual basis for these claims.

11.     Merck is without knowledge or information sufficient to form a belief as to the truth of the averments in the first three sentences of paragraph 11 of the First Amended Complaint, and therefore it denies them.  Merck denies each and every remaining averment set

forth in the fourth, fifth, sixth, and seventh sentences of paragraph 11, except it admits that this plaintiff is claiming injury and damages as a result of her alleged ingestion of Vioxx, but Merck denies that there is any legal or factual basis for these claims.

12.     Merck is without knowledge or information sufficient to form a belief as to the truth of the averments in the first four sentences of paragraph 12 of the First Amended Complaint, and therefore it denies them.  Merck denies each and every averment set forth in the fifth, sixth, seventh, and eighth sentences of paragraph 12, except it admits that this plaintiff is claiming injury and damages as a result of her alleged ingestion of Vioxx, but Merck denies that there is any legal or factual basis for these claims.

13.     Merck is without knowledge or information sufficient to form a belief as to the truth of the averments in the first sentence of paragraph 13 of the First Amended Complaint, and therefore it denies them.  Merck denies each and every averment set forth in the second, third, fourth and fifth sentences of paragraph 13, except it admits that this plaintiff is claiming injury and damages as a result of her alleged ingestion of Vioxx, but Merck denies that there is any legal or factual basis for these claims.

14.     Merck is without knowledge or information sufficient to form a belief as to the truth of the averments in the first three sentences of paragraph 14 of the First Amended Complaint, and therefore it denies them.  Merck denies each and every remaining averment set forth in the fourth, fifth, sixth, and seventh sentences of paragraph 14, except it admits that this plaintiff is claiming injury and damages as a result of her alleged ingestion of Vioxx, but Merck denies that there is any legal or factual basis for these claims.

15.     The averments in paragraph 15 are legal conclusions to which a response is not required.  Should these averments be deemed to contain facts, Merck admits that the

4

plaintiffs are alleging an amount in controversy in excess of $75,000, but it denies that there is any legal or factual basis for their claims.

16.     Merck denies each and every averment in paragraph 16 of the First Amended Complaint, except it admits that it sought and received the approval of the FDA to manufacture and market the prescription medicine Vioxx, and until the voluntary worldwide withdrawal of Vioxx from the market on September 30, 2004, did market Vioxx for the indicated uses set out in the relevant FDA-approved prescribing information.  Merck is without knowledge or information sufficient to form a belief as to the truth of the averments concerning the plaintiffs' alleged ingestion of Vioxx, and therefore it denies these averments.

17.     Merck denies each and every averment in paragraph 17 of the First Amended Complaint, except it admits that it is a New Jersey corporation with its principal place of business in White House Station, New Jersey.  Merck further admits that it is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further avers that it sought and received the approval of the FDA to manufacture and market the prescription medicine Vioxx and until the voluntary worldwide withdrawal of Vioxx from the market on September 30, 2004, did market Vioxx in the Commonwealth of Kentucky and other places for the indicated uses set out in the relevant FDA-approved prescribing information.

18.     The averments in paragraph 18 of the First Amended Complaint are legal conclusions to which a response is not required.  Should these averments be deemed to contain facts, Merck admits that the plaintiffs claim to be residents and citizens of the Commonwealth of

Kentucky and further admits that the plaintiffs purport to have put in excess of $75,000 in controversy, but it denies that there is any legal or factual basis for the plaintiffs' claims.

19.     The averments in paragraph 19 of the First Amended Complaint are legal conclusions to which a response is not required.  Should these averments be deemed to contain facts, Merck denies them.

## RESPONSE TO "FACTUAL BACKGROUND"

20.     Merck denies each and every averment in paragraph 20 of the First Amended Complaint, except it admits that it sought, and in May 1999 received, the approval of the FDA to manufacture and market the prescription medicine Vioxx and, until the voluntary worldwide withdrawal of Vioxx from the market on September 30, 2004, did market Vioxx for the indicated uses set out in the relevant FDA-approved prescribing information.  Merck respectfully refers the Court to the FDA prescribing information for Vioxx's indicated uses.

21.     Merck denies each and every averment in paragraph 21 of the First Amended Complaint, except it admits that Vioxx is a selective COX-2 inhibitor and avers that Vioxx has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to Naproxen, which is a non-selective NSAID.

22.     Merck denies each and every averment in paragraph 22 of the First Amended Complaint, except it admits that it sought and received the approval of the FDA to manufacture and market the prescription medicine Vioxx and, until the voluntary worldwide withdrawal of Vioxx from the market on September 30, 2004, did market Vioxx for the indicated uses set out in the relevant FDA-approved prescribed information.  Merck respectfully refers the Court to the FDA prescribing information for Vioxx's indicated uses.

23.     Merck denies each and every averment in paragraph 23 of the First Amended Complaint, except that it admits that the referenced study exists, and it respectfully refers the Court to the study for its actual language and full text.

24.     Merck denies each and every averment in paragraph 24 the First Amended Complaint.

25.     Merck denies each and every averment in paragraph 25 of the First Amended Complaint.

26.     Merck denies each and every averment in paragraph 26 of the First Amended Complaint, except it admits that it sought and received the approval of the FDA to manufacture and market the prescription medicine Vioxx and, until the voluntary worldwide withdrawal of Vioxx from the market on September 30, 2004, did market Vioxx for the indicated uses set out in the relevant FDA-approved prescribing information.

27.     Merck denies each and every averment in paragraph 27 of the First Amended Complaint.

28.     Merck denies each and every averment in paragraph 28 of the First Amended Complaint.

29.     Merck denies each and every averment in paragraph 29 of the First Amended Complaint.

30.     Merck denies each and every averment in paragraph 30 of the First Amended Complaint, including its subparts, except it admits that it received a letter from a regulatory review officer in September 2001, and it respectfully refers the Court to that letter for its actual language and full text.

31.     Merck denies each and every averment in paragraph 31 of the First Amended Complaint, except it admits that it sought and received the approval of the FDA to manufacture and market the prescription medicine Vioxx and, until the voluntary worldwide withdrawal of Vioxx from the market on September 30, 2004, did market Vioxx for the indicated uses set out in the relevant FDA-approved prescribing information.

32.     Merck denies each and every averment in paragraph 32 of the First Amended Complaint.

33.     The averments in paragraph 33 of the First Amended Complaint are not directed at Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every averment.

### RESPONSE TO "FIRST CAUSE OF ACTION STRICT LIABILITY"

34.     Merck denies each and every averment in paragraphs 1–33 of the First Amended Complaint, except as expressly admitted, and states as follows to the plaintiffs' additional claims.

35.     Merck denies each and every averment in paragraph 35 of the First Amended Complaint, except it admits that it received FDA approval to manufacture and market the prescription medicine Vioxx, and did market Vioxx until the voluntary worldwide withdrawal of the prescription medication from the market on September 30, 2004.

36.     The averments in paragraph 36 of the First Amended Complaint are legal conclusions to which no response is required. Should these averments be deemed to contain facts, Merck denies them.

37.     The averments in paragraph 37 of the First Amended Complaint are legal conclusions to which no response is required. Should these averments be deemed to contain facts, Merck denies them.

38.     The averments in paragraph 38 of the First Amended Complaint are legal conclusions to which no response is required. Should these averments be deemed to contain facts, Merck denies them.

39.     The averments in paragraph 39 of the First Amended Complaint are legal conclusions to which no response is required. Should these averments be deemed to contain facts, Merck denies them.

40.     The averments in paragraph 40 of the First Amended Complaint are legal conclusions to which no response is required. Should these averments be deemed to contain facts, Merck denies them.

41.     Merck denies each and every averment in paragraph 41 of the First Amended Complaint.

42.     Merck denies each and every averment in paragraph 42 of the First Amended Complaint.

## RESPONSE TO "SECOND CAUSE OF ACTION NEGLIGENCE"

43.     Merck denies each and every averment in paragraphs 1–42 of the First Amended Complaint, except as expressly admitted, and states as follows to the plaintiffs' additional claims.

44.     The averments in paragraph 44 of the First Amended Complaint are legal conclusions to which no response is required.  Should these averments be deemed to contain facts, Merck denies them.

45.    The averments in paragraph 45 of the First Amended Complaint are legal conclusions to which no response is required.  Should these averments be deemed to contain facts, Merck denies them.

46.    The averments in paragraph 46 of the First Amended Complaint are legal conclusions to which no response is required.  Should these averments be deemed to contain facts, Merck denies them.

47.    Merck denies each and every averment in paragraph 47 of the First Amended Complaint.

48.    Merck denies each and every averment in paragraph 48 of the First Amended Complaint.

49.    Merck denies each and every averment in paragraph 49 of the First Amended Complaint.

50.    Merck denies each and every averment in paragraph 50 of the First Amended Complaint.

**RESPONSE TO "THIRD CAUSE OF ACTION
BREACH OF EXPRESS WARRANTY"**

51.    Merck denies each and every averment in paragraphs 1–50 of the First Amended Complaint, except as expressly admitted, and states as follows to the plaintiffs' additional claims.

52.    Merck denies each and every averment in paragraph 52 of the First Amended Complaint.

53.    Merck denies each and every averment in paragraph 53 of the First Amended Complaint.

54.     Merck denies each and every averment in paragraph 54 of the First Amended Complaint.

## RESPONSE TO "FOURTH CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY"

55.     Merck denies each and every averment in paragraphs 1–54 of the First Amended Complaint, except as expressly admitted, and states as follows to the plaintiffs' additional claims.

56.     The averments in paragraph 56 of the First Amended Complaint are legal conclusions to which no response is required.  Should these averments be deemed to contain facts, Merck denies them.

57.     The averments in paragraph 57 of the First Amended Complaint are legal conclusions to which no response is required.  Should these averments be deemed to contain facts, Merck denies them.

58.     Merck denies each and every averment in paragraph 58 of the First Amended Complaint.

59.     Merck denies each and every averment in paragraph 59 of the First Amended Complaint.

## RESPONSE TO "FIFTH CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION AND FRAUD"

60.     Merck denies each and every averment in paragraphs 1–59 of the First Amended Complaint, except as expressly admitted, and states as follows to the plaintiffs' additional claims.

61.     Merck denies each and every averment in paragraph 61 of the First Amended Complaint.

62.     Merck denies each and every averment in paragraph 62 of the First Amended Complaint.

63.     The averments in paragraph 63 of the First Amended Complaint are legal conclusions to which no response is required.  Should these averments be deemed to contain facts, Merck denies them.

64.     Merck denies each and every averment in paragraph 64 of the First Amended Complaint.

65.     Merck denies each and every averment in paragraph 65 of the First Amended Complaint.

66.     Merck denies each and every averment in the First Amended Complaint not expressly admitted.

## RESPONSE TO "PRAYER FOR RELIEF"

As for the unnumbered Prayer for Relief paragraph of the First Amended Complaint, no responsive pleading is required.  Should a response be deemed required, Merck admits that the plaintiffs are seeking the relief set forth in that paragraph, but it denies that there is any legal or factual basis for the relief they seek.

## RESPONSE TO "JURY DEMAND"

Merck admits that the plaintiffs are demanding a trial by jury.

## DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim against Merck upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Federal law and regulations preempt the claims of the plaintiffs.

### THIRD AFFIRMATIVE DEFENSE

The claims of the plaintiffs are barred to the extent that they have failed to exhaust any administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

The damages, if any, sustained by the plaintiffs resulted from their own conduct or the conduct of their decedents, so that the principles of contributory negligence, comparative fault, and/or assumption of risk apply.

### FIFTH AFFIRMATIVE DEFENSE

The claims of the plaintiffs are barred to the extent they resulted from the conduct of any third parties or from a superseding and/or intervening cause.

### SIXTH AFFIRMATIVE DEFENSE

Merck at all times conformed to the state of the art, knowledge of risks, and the trade and custom in the industry that existed at the relevant time.

### SEVENTH AFFIRMATIVE DEFENSE

The punitive damages sought by plaintiffs are prohibited under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and the Constitution of the Commonwealth of Kentucky.

### EIGHTH AFFIRMATIVE DEFENSE

The First Amended Complaint fails to allege facts sufficient to entitle the plaintiffs to an award of punitive damages.

### NINTH AFFIRMATIVE DEFENSE

The product, packaging, or instructions at issue comply with any and all applicable Federal regulations that existed at the time of sale.

<u>**TENTH AFFIRMATIVE DEFENSE**</u>

The claims of the plaintiffs may be subject to the doctrine of primary jurisdiction.  The FDA and other Federal agencies have primary regulatory control over Vioxx.

<u>**ELEVENTH AFFIRMATIVE DEFENSE**</u>

The claims of the plaintiffs may be barred, in whole or in part, by the applicable statute(s) of limitations.

<u>**TWELFTH AFFIRMATIVE DEFENSE**</u>

If the product allegedly involved in this action was defective or unreasonably dangerous (which Merck denies), then plaintiffs were aware thereof and unreasonably proceeded to make use of the product in that condition.

<u>**THIRTEENTH AFFIRMATIVE DEFENSE**</u>

All Vioxx  prescription medicine lawfully sold or distributed in the United States carries warnings that adequately informed plaintiffs/plaintiffs' decedents or their learned intermediaries of any alleged health risks of using Vioxx.

<u>**FOURTEENTH AFFIRMATIVE DEFENSE**</u>

The claims of the plaintiffs are barred to the extent the injuries alleged in the First Amended Complaint were caused or enhanced by pre-existing or unrelated medical or psychiatric conditions and/or idiosyncratic reactions to Vioxx.

<u>**FIFTEENTH AFFIRMATIVE DEFENSE**</u>

The claims of the plaintiffs are barred by the learned intermediary doctrine.

<u>**SIXTEENTH AFFIRMATIVE DEFENSE**</u>

The plaintiffs are barred from recovering any damages because any harm caused by Vioxx was caused by an inherent aspect of the product that could not be eliminated without compromising its usefulness.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The plaintiffs are barred from recovering any damages because there was no practical or technically feasible design or formulation that would have prevented the harm alleged without substantially impairing the usefulness or intended purpose of the product.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that the proximate cause of any alleged injury was the choice of the plaintiffs/plaintiffs' decedents to use Vioxx in a manner other than that prescribed or recommended, or to misuse the product.

## NINETEENTH AFFIRMATIVE DEFENSE

The extent of any risks associated with the use of Vioxx, the existence of which is not admitted, was, at the time of the distribution, unknown, and could not have been known by use of ordinary care by Merck.

## TWENTIETH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred in whole or in part pursuant to comment j to § 402A of the Restatement (Second) of Torts.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Every claim asserted in the First Amended Complaint is barred by the doctrine set forth in comment k of the Restatement (Second) of Torts § 402A.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred in whole or in part pursuant to comment f to § 6 of the Restatement (Third) of Torts:  Product Liability.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred under § 4 et seq. of the Restatement (Third) of Torts: Product Liability.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Merck relies upon every defense set forth in Kentucky's Product Liability Act, KRS 411.300-411.350.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The plaintiffs failed to timely notify Merck of any alleged defect or alleged breach of warranty as required by operation of law and/or express warranty.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Lack of privity between the plaintiffs on one hand and Merck on the other bars any claims based on alleged warranty theories.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred to the extent that they have failed to plead fraud with particularity, as required by Fed. R. Civ. P. 9(b).

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Merck relies upon the defense of misjoinder of parties.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Any loss of consortium claim is a derivative claim and is barred or mitigated by the principles of contributory negligence, comparative fault, and/or assumption of risk applicable to the plaintiff.

### THIRTIETH AFFIRMATIVE DEFENSE

Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceedings in this case or that are included in the master answer filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend and/or supplement this Answer to assert any such defense at a future time and in conformity with the Federal Rules of Civil Procedure.

**REQUEST FOR RELIEF**

Merck respectfully requests that this Court:

      1.    Dismiss the First Amended Complaint with prejudice and without cost to Merck;

      2.    Award to Merck its costs and attorneys' fees incurred in the defense of this action; and

      3.    Award to Merck such other relief as this Court deems just and equitable.

**JURY DEMAND**

Merck demands a trial by jury.

Dated:  September 19, 2006

                      Respectfully submitted,

                      */s/ Dorothy H. Wimberly*
                      Phillip A. Wittmann, 13625
                      Dorothy H. Wimberly, 18509
                      STONE PIGMAN WALTHER
                      WITTMANN L.L.C.
                      546 Carondelet Street
                      New Orleans, Louisiana 70130
                      Phone: 504-581-3200
                      Fax:   504-581-3361

                      *Defense Liaison Counsel*

                      Susan J. Pope
                      250 West Main Street, Suite 2700
                      Lexington, Kentucky 40507-1749
                      (859) 231-0000 Telephone
                      (859) 231-0011 Facsimile
                      Winston E. Miller
                      400 West Market Street, 32nd Floor
                      Louisville, Kentucky 40202
                      (502) 589-5400 Telephone
                      (502) 581-1087 Facsimile

                      and

17

Stephen M. Gracey
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
(513) 852-4113 Telephone
(513) 651-6981 Facsimile

*Attorneys for Defendant Merck & Co., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer, Defenses, Request for Relief, and Jury Demand of Defendant Merck & Co., Inc. to First Amended Complaint has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 19th day of September, 2006.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel