FILED
LOS ANGELES SUPERIOR COURT

AUG 01 2006

JOHN A. CLARKE, CLERK
BY FELIPE ROJAS, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| Coordination Proceeding Special Title (Rule 1550(b)) *Vioxx®* Cases | CASE NO. JCCP No. 4247 |
|---|---|
| This Document Relates, In Part, To The Following Two Cases:<br><br>Rudolph Arrigale v. Merck & Co., Inc., et al.<br>[Part of Andrew Nelson, et al. v. Merck & Co., Inc., et al., State Docket No. 05CC03136]<br><br>Stewart Grossberg v. Merck & Co., Inc., et al., State Docket No. BC327729 | [PROPOSED] ORDER RE: NOTICE OF RULING RE: JUNE 13, 2006, JUNE 14, 2006, JUNE 22, 2006, and JUNE 26, 2006 PRETRIAL HEARINGS |

Pretrial hearings were held in the above action on June 13, June 14, June 22, and June 26, 2006 before the Honorable Victoria G. Chaney. Counsel for plaintiffs and defendant were present. Items on the agenda related to the specific matters of *Rudolf Arrigale vs. Merck* and/or *Stewart Grossberg v. Merck*.

IT IS HEREBY ORDERED that:

I.  **Merck's Motions *in Limine***

   A.  Motion For Order Excluding (1) Evidence Of Motive And (2) Evidence Relating To The Assets And Profitability Of Merck Or To The Compensation And Financial Decisions Of Its Employees (Merck MIL No. 1)

-13-

The motion was moot as to a number of exhibits (prior Arrigale Exhibit Numbers 96, 97, 509, 657, 658, 1075, 1076, 1080, 1402, 1404, 1407, and prior Grossberg exhibits 176-184) which plaintiffs removed from their revised exhibit list. As to the remaining exhibits which were still subject to the motion (Revised Plaintiff Exhibit Nos. 8, 126, and 188) the Court denied Merck's motion, although it noted that it would entertain specific redaction requests regarding the remaining documents. The Court granted Merck's motion to exclude evidence relating to employee compensation and financial decisions, although it noted that it would be willing to entertain a request from plaintiffs to present evidence of employee incentive plans if plaintiffs could provide evidence that sales representatives were knowingly providing false information regarding Vioxx in order to secure benefits under the incentive plans.

**B. Motion For Order Excluding Evidence Or Argument Preempted By Federal Law (Merck Mil No. 2)**

The Court granted Merck's motion as to the exclusion of evidence or argument that Merck could have unilaterally imposed a black-box warning. The remainder of the motion requested exclusion of evidence or argument that Merck defrauded or misled the FDA, or did not give the FDA required material under FDA rules and regulations, or that it was negligent *per se* for allegedly failing to comply with FDCA or FDA rules and regulations, or that the FDA would have taken some action -- or that the FDA would have taken some action -- or acted differently -- had Merck given it additional or different information. By written order filed July 5, 2006, the Court denied the motion as to these remaining issues. In that order, the Court noted that plaintiff did not make a "fraud on the FDA claim" but that exclusion of some or all of the evidence that Merck's motion addressed might be warranted to prevent undue prejudice or jury confusion and that, if so, Merck could make appropriate objections at trial. (*See* Ruling On Defendant's Motion In Limine Regarding Federal Preemption, filed July 5, 2006.)

C. **Motion For Order Excluding Informal Communications From The FDA Concerning Promotional Materials Unrelated To Vioxx (Merck Mil No. 3)**

The parties agreed to submit to the Court's tentative ruling to grant the motion unless and until such time as Merck opens the door to its character or plaintiffs establish that the non-Vioxx warning letters involve issues similar to those in this case.

D. **Motion For Order Excluding Evidence Of, Or Reference To, Certain Marketing And Promotional Materials Not Shown To Have Influenced Plaintiff Arrigale's Prescribing Physician (Merck MIL No. 4)**

The Court granted Merck's motion with respect to the Hamill Agreement (prior Arrigale Exhibit No. 471), and moot as to 88, 89, 167, 362, 392, and 1711 as those exhibits were not included on plaintiffs' revised exhibit list. The motion was denied with respect to the remaining exhibits addressed in the motion (prior Arrigale Exhibits 3, 4, 6, 7, 8, 31, 1213, 1712 and 2000).

E. **Motion For Order Excluding Impermissible Testimony Of Dr. David Graham (Merck MIL No. 5)**

The Court deferred a final ruling on this motion. The Court ruled, however, that a Rule 802 evidentiary hearing would be held prior to introducing Dr. Graham's testimony regarding the excess event estimate testimony at trial. Subsequently, on July 6, 2006 an 802 hearing was held regarding Dr. Graham's proposed testimony. At that hearing, the Court admitted Dr. Graham's excess event calculation. Additionally, the Court heard argument and issued rulings regarding specific page and line objections to Dr. Graham's designated testimony from both plaintiff and defendant. These rulings will be addressed in a subsequent Notice.

F. **Motion For Order Excluding Inadmissible Non-Scientific Editorials And Letters To The Editor (Merck MIL No. 6)**

The Court granted Merck's motion as to the exclusion of the "Expression of Concern" in the New England Journal of Medicine and other non-scientific editorials and letters.

### G. Motion For Order Excluding Inadmissible Evidence Of The Fries Letter And Related Documents. (Merck MIL No. 7)

The Court deferred this motion pending the deposition of Dr. Fries, which has since been completed. The Court subsequently ruled that it would admit the letter subject to a limiting instruction that its contents would go solely to notice, rather than the truth of the matter asserted.

### H. Motion For Order Excluding Evidence Of Or Reference To Statements Made In Connection With Political Proceedings And Debate (Merck MIL No. 8).

The parties agreed to submit to the Court's tentative ruling to grant the motion.

### I. Motion For Order Excluding Irrelevant And Unfairly Prejudicial Argument Or Evidence (Merck MIL No. 9)

This motion contained eight subparts, which were ruled on separately. As to subpart 1, seeking to exclude evidence and arguments that other Merck drugs allegedly have caused adverse effects about which Merck failed to warn, the parties submitted to the Court's tentative ruling to grant the motion unless plaintiff can establish a proper purpose for the admission of such evidence. As to subpart 2, seeking to exclude evidence or argument of alleged wrongdoing by other pharmaceutical companies, the parties submitted to the Court's tentative ruling to grant the motion. As to subpart 3, seeking to exclude reference to Merck's exercise of its procedural rights in this coordinated proceeding, the parties submitted to the Court's tentative ruling to grant the motion. As to subpart 6, regarding reference to or evidence of Merck's liability and indemnity insurance policies, the parties submitted to the Court's tentative ruling to grant the

-16-
NOTICE OF RULING RE: JUNE 13, 14, 22, and 26, 2006 HEARINGS and [PROPOSED]ORDER

1  motion. The Court further noted that this exclusion would be reciprocal, prohibiting
2  mention of the existence of plaintiffs' insurance coverage. As to subpart 7, seeking to
3  exclude reference to Judge Fallon's privilege ruling or Merck's subsequent appeal to the
4  5th Circuit, the parties submitted to the Court's tentative ruling to grant the motion. As to
5  subpart 8, the Court granted the motion with respect to any reference to the number,
6  location, date of retention, or identity of Merck's defense counsel, and Merck's status as
7  an out of state corporation, but denied as to evidence regarding the size of Merck.

8  As to subpart 4, the Court granted in part and denied in part. Specifically, the
9  Court ruled that plaintiffs will not be allowed to comment on the decision to have certain
10 Merck witnesses testify by video as opposed to live testimony. The Court also ruled that
11 plaintiffs' counsel will not be allowed to comment on the fact that Merck did not make
12 former employees available to testify live. The Court noted, however, that both parties
13 could comment on the failure to bring forth certain witnesses.

14 As to Subpart 5, seeking to exclude Dr. Graham's analogy of the FDA approval
15 process to a loaded gun, the motion was moot as this testimony was not designated.

## II. Plaintiffs' Motions *In Limine*

### A. Motion To Preclude Merck From Denying Their Prior Concessions That Use Of Vioxx For 18 Months Or Longer Increases Risk Of Heart Attack (Plaintiffs' MIL No. 1)

The parties agreed to submit to the Court's tentative ruling denying the motion.

### B. Motion To Exclude Evidence That Merck Employees Or Family Members Of Merck Employees Took Vioxx (Plaintiffs' MIL No. 2.)

The Court denied the motion with the understanding that the testimony must relate to the witness's use of Vioxx or a family member's use about which the witness has personal knowledge. The Court also denied the request that Merck produce the medical records of Merck's employees.

-17-
NOTICE OF RULING RE: JUNE 13, 14, 22, and 26, 2006 HEARINGS and [PROPOSED]ORDER

C.  **Motion To Preclude Merck From Discussing Or Offering Evidence Of Merck's Alleged Good Character Or Good Acts (Plaintiffs' MIL No. 3)**

The Court denied the motion but ruled that before Merck may present such evidence, it must inform the Court outside the presence of the jury in order to allow the Court to assess its relevance. To the extent Merck seeks to introduce evidence of other Merck drugs, the Court cautioned that discussion of other Merck products will open the door to for Plaintiff to introduce evidence regarding other Merck pharmaceuticals presently barred by the Court's ruling on Defendant's Motion *in Limine* No. 3.

D.  **Motion To Preclude Improper Insinuation Of Lawyer Involvement And Plaintiffs' Greed (Plaintiffs' Mil No. 4)**

As to subpart 1 (addressing lawyer's greed), per the parties stipulation, the Court granted the motion with the understanding that the ruling was reciprocal to both parties. As to subpart 3 (lawyer advertising) per the parties' stipulation, the Court granted the motion. As to subpart 2, regarding the plaintiff's desire for monetary compensation, the parties agreed to submit to the Court's tentative ruling to deny the motion.

E.  **Motion To Preclude Defendant From Arguing And Presenting Evidence That Only The FDA Can Strengthen A Prescription Drug Warning (Plaintiffs' Mil No. 5).**

The Court denied this motion.

F.  **Motion To Exclude Evidence And/Or Argument That The FDA Has Concluded There Is "Class Effect" For All Non-Steroidal Anti-Inflammatory Drugs (NSAIDs) And To Exclude The April 6, 2005 Memo By Two FDA Employees (Plaintiffs' Mil No. 6).**

The Court denied this motion.

G.  **Motion To Exclude Any Evidence Or Argument Regarding The Learned Intermediary Doctrine (Plaintiffs' MIL No. 7.)**

The Court denied this motion without prejudice as to its renewal at a later date on the ground that it was premature at this point.

-18-
NOTICE OF RULING RE: JUNE 13, 14, 22, and 26, 2006 HEARINGS and [PROPOSED]ORDER

**H.     Motion To Exclude Opinion Testimony That Naproxen Is Sufficiently Cardioprotective To Explain Excess Cardiac Risk In VIGOR Or Alternatively Request A *Kelly* Hearing. (Plaintiffs' MIL No. 8.)**

The Court deferred ruling on the motion pending the outcome of an 802 evidentiary hearing on the subject.

**I.     Motion To Exclude Opinion Testimony That Vioxx Cannot Cause Adverse Thrombotic Cardiac Events Unless Ingested Eighteen (18) Months Or Longer, Or Alternatively Request A *Kelly* Hearing. (Plaintiffs' Mil No. 9.)**

The Court deferred ruling on the motion pending the outcome of an 802 evidentiary hearing on the subject.

**J.     Motion To Exclude Work Done After Depositions (Plaintiffs' MIL No. 10.)**

The Court ruled that if any new information or opinions become available subsequent to a deposition, the parties must inform each other of that fact before presenting any of the new matter to the jury. The Court also noted that it would likely permit additional depositions during trial on this new material if necessary.

**K.     Motion To Exclude Personal Experiences, Beliefs, And Other Assertions Of Personal Knowledge By Attorneys. (Plaintiffs' MIL No. 11.)**

The Court granted this motion with the understanding that its ruling will have a reciprocal effect on both parties.

**L.     Motion To Exclude Improper Evidence And Argument. (Plaintiffs' MIL No. 12.)**

This motion comprised 14 separate subparts. The Court deferred ruling on subparts 1-11. As to subpart 12, seeking to exclude evidence regarding the medical community's desire that Vioxx be place back on the market, the Court granted the motion but noted that Merck would still be permitted to elicit testimony from its medical experts

-19-
NOTICE OF RULING RE: JUNE 13, 14, 22, and 26, 2006 HEARINGS and [PROPOSED] ORDER

that they would continue to prescribe Vioxx if it were still available. As to subpart 13, seeking to exclude evidence that too many warnings can dilute a warnings' effectiveness, the Court deferred the motion. As to subpart 14, seeking to exclude any reference that California or any other state's product liability laws frustrate the FDA's protective regime, the Court deferred ruling on the motion pending its ruling on Merck's MIL No. 2.

### M.  Motion To Exclude Later Produced Documents. (Plaintiffs' MIL No. 13.)

The Court denied the motion, but adopted its ruling on plaintiffs' Motion No. 10, specifically, that the parties must exchange later produced documents, and that additional discovery regarding these materials may be permitted by the Court.

### N.  Motion To Reserve Plaintiff's Right To Bring Further Motions Regarding Merck's Experts. (Plaintiffs' MIL 14).

The parties agreed to submit to the Court's tentative ruling to grant this motion. The Court noted that its ruling was reciprocal as to both parties and that Merck could likewise file further expert motions.

### O.  Motion To Exclude Irrelevant Facts Regarding Plaintiff Arrigale. (Plaintiffs' MIL No. 15.)

This motion was comprised of several subparts. With regard to subpart 1, concerning the Otis Elevator lawsuit and associated worker's compensation claims, Merck agreed to submit to the Court's tentative ruling granting the motion. With regard to subpart 2, concerning Vincent Arrigale's wrongful termination claim, Merck agreed to submit to the Court's tentative ruling granting the motion. With regard to subpart 3, concerning plaintiff's receipt of Social Security Insurance payments, the Court tentatively denied the motion, and the parties agreed to confer regarding a stipulation on the issue. With regard to subpart 4, concerning the home support activities of Vincent Arrigale, the Court's tentative ruling was to conditionally grant the motion, with the understanding that

Merck may present the challenged evidence should plaintiffs open the door to its admission. Merck agreed to submit to the tentative ruling.

### P. Motion To Exclude Opinions Of Dr. Luc Nguyen (Plaintiffs' MIL 16)

The parties agreed to submit to the Court's tentative ruling to deny the motion.

### Q. Motion To Preclude Merck From Discussing Or Offering Evidence Regarding Matters Protected By Plaintiff's Right Of Privacy And Motion To Preclude Merck From Discussing Or Offering Evidence Regarding Irrelevant Medical Information. (Plaintiff's Mils Nos. 17 And 18.)

These rulings will be addressed in a separate Notice of Ruling filed under seal.

## III. Merck's Expert Motions

### A. Motion To Exclude Duplicative Testimony Of Plaintiff's Experts.

The Court denied this motion, but reiterated that both sides would be limited to one expert per topic.

### B. Motion To Exclude The Testimony Of Dr. Dale Isaeff

The Court ruled that Dr. Isaeff was qualified to give an opinion that Vioxx accelerated Mr. Grossberg's atherosclerosis, but noted that the foundation for such an opinion must be examined first. Accordingly the Court ordered that it will hold an 802 hearing as to the foundation of the opinion before he is permitted to testify.

### C. Motion To Exclude Expert Testimony That Vioxx Accelerates Atherosclerosis

The Court ruled that, before any expert can opine that Vioxx accelerates atherosclerosis, it will conduct an 802 hearing to examine the foundation of the opinion.

### D. Motion To Exclude The Testimony Of Dr. Lemuel Moye

The Court denied Merck's motion with respect to Dr. Moye's opinions regarding general causation, and ruled that Dr. Moye was qualified to testify regarding clinical study design, relative and attributable risk, and statistical interpretation of medical data.

1  The Court granted Merck's motion to the extent that it ruled that Dr. Moye would not be
2  permitted to testify regarding marketing issues or Merck's state of mind or intent.
3  Additionally, the Court also ruled that he will not opine on the chemical, mechanistic and
4  physiological specifics of how Vioxx allegedly causes cardiovascular disease.

### E. Motion To Exclude The Testimony Of Dr. Cornelia Pechmann

The Court denied Merck's motion insofar as it ruled that Dr. Pechmann would be permitted to testify regarding the marketing strategies employed by Merck, and marketing strategies generally. The Court ruled, however, that Dr. Pechmann would not be permitted to testify as to Merck's state of mind, intent or motive, or opine on the truthfulness of Merck's marketing strategies and materials. The Court also ruled that Dr. Pechmann will not be permitted to opine on medical or scientific issues of causation.

### F. Motion To Exclude The Testimony Of Dr. Laura Plunkett

The Court ruled that before Dr. Plunkett can opine regarding causation, it will hold an 802 hearing as to the foundation of her opinion (*see* III(C) above), and that her qualifications to render such opinions can be examined at that time as well. The Court granted Merck's motion to the extent that it ruled that Dr. Plunkett is not qualified to opine with regard to Merck's state of mind or the adequacy of its warnings.

### G. Motion To Exclude Testimony That Intermittent Or Short-Term Vioxx Use Increases Cardiac Risk.

The Court ruled that, before any expert can render this opinion, it will conduct an 802 hearing to examine the foundation for this testimony.

### H. Motion To Exclude Testimony Of Dr. Georges Halpern

The Court had previously ordered that Merck was entitled to an additional deposition of Dr. Halpern in light of his deposition errata. In addition to this further deposition, the Court ruled that it would, prior to any trial testimony, conduct an 802 hearing into both Dr. Halpern's qualifications and the foundation for his opinions.

## IV. Additional Merck Motions

### A. Motion To Bifurcate Punitive Damages Phase

1  The Court denied Merck's motion to bifurcate both the entitlement to and potential
2  amount of punitive damages. Merck declined its statutory right to bifurcate as to the
3  amount of punitive damages.

4  **V.   Plaintiff's Expert Motions**

5  **A.   Plaintiff's Motion To Exclude The Testimony Of Dr. Friedman (Parts I And V)**

7  The Court denied plaintiff's motion to exclude Dr. Friedman's testimony to the
8  extent it was based on his clinical experience. Additionally, the Court denied plaintiff's
9  motion seeking to exclude Dr. Friedman's testimony, due to the fact that he is not a
10 psychiatrist, that stress can cause heart attacks.

12 **B.   Motion To Exclude Graham Testimony**

13 Plaintiff sought to exclude certain of Merck's counter-designations of Dr. David
14 Graham's testimony. The Court indicated it would review Merck's designations and rule
15 accordingly. Subsequently, the Court heard argument from both plaintiff and defendant
16 regarding their respective page and line objections to Dr. Graham's designated testimony.
17 The Court's rulings will be the subject of a future Notice. *See* I(E) above.

DATED:  8/1/06

Honorable Victoria G. Chaney
Judge of the Superior Court

-23-
NOTICE OF RULING RE: JUNE 13, 14, 22, and 26, 2006 HEARINGS and [PROPOSED] ORDER

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Sedgwick, Detert, Moran & Arnold LLP, 801 South Figueroa Street, 18th Floor, Los Angeles, California 90017-5556. On July 25, 2006, I served the within document(s):

**NOTICE OF RULING RE: JUNE 13, 2006, JUNE 14, 2006, JUNE 22, 2006, and JUNE 26, 2006 PRETRIAL HEARINGS and [PROPOSED]ORDER**

☒   FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.

☐   MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐   PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐   OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via UPS.

☐   CASE HOME PAGE – by submitting an electronic version of the above referenced documents via file transfer protocol to the CaseHomePage.

**See Attached Service List**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on July 25, 2006, at Los Angeles, California.

_____
Debra M. Lambdin

LA/651404v1

1

NOTICE OF RULING RE: JUNE 13, 14, 22, and 26, 2006 HEARINGS and [PROPOSED]ORDER

**JCCP No. 4247: VIOXX® CASES**

| | |
|---|---|
| Thomas Brandi<br>Terence D. Edwards<br>THE BRANDI LAW FIRM<br>44 Montgomery St., Suite 1050<br>San Francisco, CA 94104<br>e-mail: tde@brandilaw.com<br>            tjb@brandilaw.com | Attorneys for Plaintiffs<br><br>**Fax: (415) 989-1801**<br>Ph: (415) 989-2800 |
| Laura A. Gianni<br>Marcus A. Petoyan<br>GIANNI & PETOYAN<br>17383 Sunset Blvd., Suite A-340<br>Pacific Palisades, CA 90272<br>e-mail: LAG@GianniPetoyan.com<br>            map@giannipetoyan.com | Attorneys for Plaintiffs<br><br>**Fax: (310) 230-6051**<br>Tel: (310) 230-6767 |
| Thomas V. Girardi<br>James O'Callahan<br>Vincent Carter<br>GIRARDI KEESE<br>1126 Wilshire Boulevard<br>Los Angeles, California 90017<br>e-mail: jgocallahan@girardikeese.com | Attorneys for Plaintiffs/Plaintiffs' Liaison Counsel<br><br>**Fax: (213) 481-1554**<br>Tel: (213) 977-0211 |
| H. Steven Burnside<br>H. STEVEN BURNSIDE<br>2211 Park Boulevard<br>P.O. Box 60429<br>Palo Alto, California 94306<br>e-mail: HSBurnside@earthlink.net | Attorneys for Plaintiffs<br><br>**Fax: (650) 321-7606**<br>Tel: (650) 328-2214 |

LA/651404v1

-2-

NOTICE OF RULING RE: JUNE 13, 14, 22, and 26, 2006 HEARINGS and [PROPOSED] ORDER