UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| _____ | * | JUDGE FALLON |
| | * | |
| THIS DOCUMENT RELATES TO: | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| *Cooper v. Merck & Co., Inc.* | * | |
| | * | |
| CIVIL DOCKET No.: | * | |
| | * | |
| SACV04-1478 CJC (RNBx) | * | |
| | * | |
| 05-1242 | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF PLAINTIFF ROGER COOPER'S MOTION TO DISMISS

### I.

### INTRODUCTION

Plaintiff Roger Cooper wishes to dismiss, without prejudice, his action currently pending before this Court pertaining to injuries he sustained after consumption of Vioxx. Counsel for Merck & Company, Inc. has refused to stipulate to a dismissal without prejudice, pursuant to Fed. R. Civ. Proc. 41(a), necessitating the instant motion.

1

Mr. Cooper is a resident of the State of California. Originally his complaint was filed in Superior Court for the County of Orange in California in December, 2004. Merck & Company, Inc. (hereinafter "Merck") was the only named defendant in Mr. Cooper's action. Merck removed Mr. Cooper's complaint to Federal Court on the basis of diversity jurisdiction. 28 U.S.C. §§ 1332, 1441, 1446. After removal, Mr. Cooper's case was eventually transferred to the instant Court to be part of the Vioxx MDL.

Mr. Cooper and Mr. Cooper's original counsel sought to associate counsel experienced with Vioxx litigation to best represent Mr. Cooper's interests. In 2006 Mr. Cooper did retain such counsel. Upon review of the status of Mr. Cooper's case it was determined that: (1) Mr. Cooper's action, as then pending, failed to name a critical defendant, McKesson Corporation; and (2) Mr. Cooper's action should be properly venued in California. For several years, California has had a streamlined coordinated proceeding for all Vioxx state cases.

Mr. Cooper's new counsel promptly filed an action in California on Mr. Cooper's behalf pursuant to the well-established California coordinated action procedures. Mr. Cooper's complaint was filed, defendant McKesson Corporation answered the complaint without objection, defendant Merck requested that Mr. Cooper's action be added to the coordinated proceeding without objection, and such action was added to the coordinated proceeding.

Realizing that Mr. Cooper's Federal MDL action was still pending, Mr. Cooper's lead counsel directed Mr. Cooper's original counsel to dismiss his Federal complaint. Counsel requested a stipulation of dismissal, but Merck has indicated that it opposes any voluntary dismissal of Mr. Cooper's claim.

Virtually no discovery has been conducted in this matter with respect to Mr. Cooper's claim. (All that has been completed is a Plaintiff Profile Form for Mr. Cooper.) There is no trial

date set for Mr. Cooper's action. Mr. Cooper has exercised his fundamental right to retain counsel of his choice. Mr. Cooper is a California resident. Mr. Cooper's treating physicians are located in California. Mr. Cooper has a right to name McKesson Corporation as a defendant in his lawsuit. The California coordinated proceeding has an in-place, streamlined, mechanism to resolve California resident's Vioxx claims, including claims against the distributor defendant McKesson. There is no prejudice to Merck to allow a voluntary dismissal of Mr. Cooper's Federal claim and to allow his California action to proceed to trial. Therefore, good cause exists to grant the instant motion for dismissal without prejudice.

As a preliminary matter, it is anticipated that Merck's counsel will accuse the undersigned and Mr. Cooper of "forum shopping" and "gamesmanship." This argument warrants no response from the undersigned. All of Mr. Cooper's actions have been open and notorious. Merck has known since March, 2006 that Mr. Cooper intended to have his Vioxx action proceed in California. Merck voluntarily requested that Mr. Cooper's California action be added to the coordinated proceeding. Merck and Merck's counsel are intimately aware of the nature and gravity of Plaintiffs' claims against McKesson Corp., one of the largest distributors of Vioxx in the United States, and, therefore, strictly liable under California law as a distributor of a defective product to Mr. Cooper. This is not an issue of "forum shopping" or "sham defendants." This is an issue of Mr. Cooper's right to voluntarily dismiss his Federal action and proceed with his claims against Merck and McKesson Corp. in the proper venue with his counsel of choice.

/ / /

## II.

## THERE IS NO PREJUDICE TO MERCK, AND DISMISSAL WOULD BE APPROPRIATE

Dismissals, including dismissals without prejudice, are generally allowed unless the defendant will suffer "some plain legal prejudice" as a result of the dismissal. *Browne v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005); *Fisher v. Puerto Rico Marine Management, Inc.*, 940 F.2d 1502, 1503 (11th Cir. 1991); *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). To preclude dismissal without prejudice, Merck must present "some cognizable prejudice greater than the mere prospect of a second lawsuit." *Hartford Acc. & Indem. Co. v. Costa Lines Cargo Services, Inc.*, 903 F.2d 352, 360 (5th Cir. 1990).

When evaluating the prejudice to Merck, several factors are *irrelevant*. "[T]he threat of future litigation which causes uncertainty (because the dispute remains unresolved) is insufficient to establish plain legal prejudice." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). The fact that it may be inconvenient for Merck to defend Mr. Cooper's action in California state court is irrelevant. *Durham v. Florida East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir. 1967). It is immaterial that the plaintiff may gain some tactical advantage as a result of the dismissal, such as being able to sue in another forum. *Hamilton v. Firestone Tire & Rubber Co., supra*, 679 F.2d at 146, fn. 1; *Lau v. Glendora Unified School Dis.*, 792 F.2d 929, 930 (9th Cir. 1986).

"Plain legal prejudice" is the loss of a significant substantive right. This could include loss of a statue of limitations defense. *Elabor v. Tripath Imaging, Inc.*, 279 F.3d 314, 318 (5th Cir. 2002). This could also include loss of a right to a jury trial. *Westlands Water Dist. v. United States, supra*, 100 F.3d at p. 97. Here, the same limitations period applies to Mr. Cooper's claim

4

in Federal court as it does in California. Furthermore, Merck is guaranteed a right to trial by jury both in the state action and in the instant action. There is no "plain legal prejudice" to Merck.

The extremely thin procedural history of Mr. Cooper's action evidences the fact that there is no prejudice to Merck if his Federal action is dismissed. On December 10, 2004, Mr. Cooper filed his original complaint in the California Superior Court for the County of Orange. The only named defendant was Merck. Terrell Affidavit, Ex. 1. Merck promptly removed the action to the Central District of California. Terrell Affidavit, Ex. 2.

A stipulation was reached between Merck's counsel and Mr. Cooper's original counsel to stay the removed action and to transfer it to the MDL proceedings. Terrell Affidavit, Ex. 3. In March, 2005, Mr. Cooper's removed action was transferred to the MDL. Terrell Affidavit, Ex. 4.

The *only* discovery which has occurred in Mr. Cooper's MDL action is submission of a Plaintiff Profile Form and collection of medical records. McDonald-Hicks Decl., ¶¶ 7, 11; Terrell Affidavit, Ex. 5. There is no trial date set for Mr. Cooper's MDL action. McDonald-Hicks Decl., ¶ 12; Terrell Affidavit, Ex. 5.

In 2005, Mr. Cooper associated new counsel. Upon review of the status of Mr. Cooper's case it was determined that: (1) Mr. Cooper's action, as then pending, failed to name a critical defendant, McKesson Corporation; and (2) Mr. Cooper's action should be properly venued in California. Therefore, on March 7, 2006, Mr. Cooper filed an action in the coordinated Vioxx proceeding naming McKesson Corporation and Merck as defendants in Los Angeles County Superior Court. Terrell Affidavit, Ex. 6. Mr. Cooper's state coordinated proceeding action was electronically served on Merck's counsel on March 6, 2006. Terrell Affidavit, ¶ 9.

Merck was served with Mr. Cooper's complaint on March 10, 2006. Terrell Affidavit,

Ex. 7. McKesson notified Mr. Cooper that pursuant to the operative Case Management Order it would adopt its Master Answer with respect to Mr. Cooper's action on April 12, 2006. Terrell Affidavit, Ex. 8. Neither Merck nor McKesson objected to Mr. Cooper pursuing his Vioxx claim in California.

On June 19, 2006 Merck voluntarily requested that Mr. Cooper's California action be added to the California coordinated Vioxx action. Terrell Affidavit, Ex. 9. By order dated June 28, 2006, Mr. Cooper's case was coordinated and added to the California Vioxx proceeding. Terrell Affidavit, Ex. 10.

Mr. Cooper's original counsel attempted to secure a stipulation to dismiss Mr. Cooper's instant action without prejudice. Terrell Affidavit, Ex. 11. Merck refused and has now stated in pleadings filed with the California court that "Merck will oppose" the instant motion. Terrell Affidavit, Ex. 12.

The bottom line is that there is no prejudice to Merck to allow Mr. Cooper to proceed with his California action. Merck admits it has conducted virtually no discovery with respect to Mr. Cooper's claim. Any discovery which has been conducted is equally applicable to Mr. Cooper's California action. There is no trial date set for Mr. Cooper's case. In fact, denying the instant motion would be prejudicial to Mr. Cooper. He would then be forced to file motions to amend his MDL complaint to add McKesson as a defendant. When McKesson is added that raises a slew of jurisdictional issues, as both McKesson and Mr. Cooper are California residents. See Terrell Affidavit, Ex. 13. This unnecessary motion work would be an inefficient use of judicial resources. In the absence of any "plain legal prejudice" to Merck, the instant motion should be granted.

/ / /

### III.

### MEET AND CONFER

Pursuant to Pre-Trial Order 17, § IV.A, Plaintiff has attempted to meet and confer in good faith with defense counsel regarding the instant motion. Terrell Affidavit, Exs. 14 and 15. As of the time of this filing, defense counsel has not responded to Plaintiff's good-faith meet and confer efforts.

### IV.

### CONCLUSION

WHEREFORE, for the reasons stated herein, Plaintiff Cooper respectfully requests that his motion be granted, and his Federal action be dismissed without prejudice.

DATED:     September 12, 2006          Respectfully Submitted,

_____
WALTER J. LACK (CA SBN 57550)
STEPHEN R. TERRELL (CA SBN 210004)
**ENGSTROM, LIPSCOMB & LACK**
10100 Santa Monica Blvd., 16th Floor
Los Angeles, CA 90067
(310) 552-3800

THOMAS V. GIRARDI (CA SBN 36603)
**GIRARDI & KEESE**
1126 Wilshire Blvd.
Los Angeles, CA 90017
(213) 977-0211

THOMAS S. CHUN (CA SBN 132648)
2600 Michelson Drive, Suite 1120
Irvine, CA 92612
(949) 752-1211

**Attorneys for Plaintiff Roger Cooper**

# PROOF OF SERVICE

STATE OF CALIFORNIA         )
                            ) ss
COUNTY OF LOS ANGELES       )

I am employed in the County of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 10100 Santa Monica Boulevard, 16th Floor, Los Angeles, California 90067.

On September 12, 2006, I served the following document described as:

**MEMORANDUM IN SUPPORT OF PLAINTIFF ROGER COOPER'S MOTION TO DISMISS**

on the interested parties in this action by placing a true copy thereof in a sealed envelope, with postage thereon fully prepaid in the United States mail at Los Angeles, California, addressed as follows:

**SEE ATTACHED SERVICE LIST**

_X_  (BY MAIL) I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid to the offices of the addressee(s) noted on the attached Service List. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

___  (BY ELECTRONIC TRANSFER) I caused all of the pages of the above-entitled documents to be sent to the recipients noted via electronic transfer (FAX) at the respective telephone numbers indicated.

_X_  (FEDERAL) I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on September 12, 2006, at Los Angeles, California.

_____
STEPHEN R. TERRELL

266047

**PROOF OF SERVICE**

**SERVICE LIST**
VIOXX © CASES
MDL Docket No. 1657
Section L

### PLAINTIFF'S LIAISON COUNSEL

Russ M. Herman
Herman, Herman, Katz & Cotlar, LLP
201 St. Charles Avenue, Suite 4310
New Orleans, LA 70170
phone: 504-581-4892
fax: 504-561-6024
email: rherman@hhkc.com

### DEFENDANT'S LIAISON COUNSEL

Phillip Wittmann
Stone Pigman Walther Wittman, LLC
546 Carondelet St.
New Orleans, LA 70130
phone: 504-581-3200
fax: 504-581-3361
email: pwittmann@stonepigman.com

### PLAINTIFF'S STEERING COMMITTEE

Andy D. Birchfield, Jr. (Co-Lead Counsel)
Beasley, Allen, Crow, Methvin, Portis & Miles, PC
Post Office Box 4160
Montgomery, AL 36103
phone: (800) 898-2034
fax: (334) 451-0866
email: andy.birchfield@beasleyallen.com

Richard J. Arsenault
Neblett Beard & Arsenault
P.O. Box 1190
Alexandria, LA 71309
phone: (318) 452-5700
fax: (318) 561-2591
email: rarsenault@nbalawfirm.com

Thomas R. Kline
Kline & Specter, PC
1525 Locust St., Suite 1900
Philadelphia, PA 19102
phone: (215) 772-1000
fax: (215) 772-1371
email: tom.kline@klinespecter.com

266047

2

**PROOF OF SERVICE**

| | |
|---|---|
| 1 | Carlene Rhodes Lewis |
|   | Goforth & Lewis, LLP |
| 2 | 1111 Bagby, Suite 2200 |
|   | Houston, TX 77002 |
| 3 | phone: (713) 650-0022 |
|   | fax: (713) 650-1669 |
| 4 | email: carlenelewis@goforthlewis.com |
| 5 | |
|   | Troy A. Rafferty |
| 6 | Levin, Papantonio, et. al (MDL) |
|   | P.O. Box 12308 |
| 7 | Pensacola, FL 32591 |
|   | phone: (850) 435-7101 |
| 8 | fax: (850) 435-7070 |
|   | email: trafferty@levinlaw.com |
| 9 | |
| 10 | Christopher A. Seeger (Co-Lead Counsel) |
|    | Seeger Weiss, LLP |
| 11 | One William Street |
|    | New York, NY 10004 |
| 12 | phone: (212) 584-0700 |
|    | fax: (212) 584-0799 |
| 13 | email: cseeger@seegerweiss.com |
| 14 | |
|    | Elizabeth J. Cabraser |
| 15 | Lieff, Cabraser, Heimann & Bernstein LLP |
|    | Embarcadero Center West |
| 16 | 275 Battery St., 30th Floor |
|    | San Francisco, CA 94111 |
| 17 | phone: (415) 956-1100 |
|    | fax: (415) 956-1008 |
| 18 | email: ecabraser@lchb.com |
| 19 | |
|    | Arnold Levin |
| 20 | Levin, Fishbein, Sedrad & Berman |
|    | 510 Walnut Street, Suite 500 |
| 21 | Philadelphia, PA 19106-3875 |
|    | phone: (215) 592-1500 |
| 22 | fax: (215) 592-4663 |
|    | email: alevin@lfsblaw.com |
| 23 | |
| 24 | Gerald E. Meunier |
|    | Gainsburg, Benjamin, Davis, Meunier & Warshauer, L.L.C. |
| 25 | 2800 Energy Centre |
|    | 1100 Poydras St. |
| 26 | New Orleans, LA 70163 |
|    | phone: (504) 522-2304 |
| 27 | fax: (504) 528-9973 |
|    | email: gmeunier@gainsben.com |
| 28 | |

266047

3

**PROOF OF SERVICE**

| | |
|---|---|
| 1 | Mark P. Robinson, Jr. |
|   | Robinson, Calcagnie & Robinson |
| 2 | 620 Newport Center Dr., 7th Flr. |
|   | Newport Beach, CA 92660 |
| 3 | phone: (949) 720-1288 |
|   | fax: (949) 720-1292 |
| 4 | email: mrobinson@rcrlaw.net |

Drew Ranier
Ranier Gayle & Elliot
1419 Ryan St.
Lake Charles, LA 70601
phone: (337) 494-7171
fax: (337) 494-7218
email: dranier@rgelaw.com

Christopher V. Tisi
Ashcraft & Gerel, LLP
2000 L St. NW, Suite 400
Washington, DC 20036
phone: (202) 783-6400
fax: (307) 733-0028
email: Cvtisi@aol.com

## DEFENDANT'S STEERING COMMITTEE

Douglas R. Marvin (Lead Counsel)
Williams & Connolly, LLP
725 Twelfth St., NW
Washington, DC 20005
phone: (202) 434-5400
fax: (202) 434-5029
email: dmarvin@wc.com

Theodore V.H. Mayer
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004
phone: (212) 837-6888
fax: (212) 422-4726
email: mayer@hugheshubbard.com

John H. Beisner
O'Melveny & Meyers LLP
1625 Eye St.
Washington, DC 20006
phone: (202) 383-5370
fax: (202) 383-5414
email: jbeisner@omm.com

266047

4

**PROOF OF SERVICE**

| | |
|---|---|
| 1 | Richard C. Stanley |
| | Stanley, flanagan & Reuter, LLC |
| 2 | LL&E Tower |
| | 909 Poydras St., Suite 2500 |
| 3 | New Orleans, LA 70112 |
| | phone: (504) 523-1580 |
| 4 | fax: (504) 524-0069 |
| | email: rcs@sfr-lawfirm.com |
| 5 | |
| 6 | Dorothy Wimberly |
| | Stone Pigman Walther Wittmann, LLC |
| 7 | 546 Carondelet St. |
| | New Orleans, LA 70130 |
| 8 | phone: (504) 581-3200 |
| | fax: (504) 581-3361 |
| 9 | email: dwimberly@stonepigman.com |

266047

5

**PROOF OF SERVICE**