UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  VIOXX PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1657 |
| **LIBERTA K. KARRATTI, Individually and as Personal Representative of THE ESTATE OF LLOYD K. KARRATTI, DECEASED, LANCE B. M. KARRATTI, and ALLISON L. GALDEIRA,** | SECTION L |
| Plaintiffs, | JUDGE FALLON |
| | MAGISTRATE JUDGE KNOWLES |
| vs. | |
| **MERCK & CO., INC., and DOE DEFENDANTS 1-50,** | |
| **EDLA 2:06cv5514** | |
| Defendants. | |

**DEFENDANT MERCK AND CO., INC.'S ANSWER TO
FIRST AMENDED COMPLAINT FILED ON SEPTEMBER 5, 2006**

Defendant MERCK AND CO., INC. (hereinafter referred to as "Merck"), by and

through its attorneys Goodsill Anderson Quinn & Stifel, A Limited Liability Law Partnership

LLP, answers Plaintiffs' First Amended Complaint filed September 5, 2006 ("Amended

Complaint") as follows:

831147v.1

## RESPONSES TO AMENDED COMPLAINT

1.      Merck lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Amended Complaint.

2.      Merck denies each and every allegation contained in paragraph 2 of the Amended Complaint, except that it is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey 08889.

3.      The allegations contained in paragraph 3 of the Amended Complaint are not directed at Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Amended Complaint.

4.      Merck lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Amended Complaint.

5.      Merck lacks the knowledge and information sufficient to form a belief as to the truth of the allegations not directed at Merck in paragraph 5 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 5 of the Amended Complaint.

6.      Merck denies each and every allegation contained in paragraph 6 of the Amended Complaint, except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.  Merck further admits that it is authorized to do business in Hawaii.

7.      Merck denies each and every allegation contained in paragraph 7 of the Amended Complaint, except that it is a corporation authorized to conduct business in the State of Hawaii.

831147v.1

8.     Merck denies each and every allegation contained in paragraph 8 of the Amended Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

9.     Merck denies each and every allegation contained in paragraph 9 of the Amended Complaint except that Vioxx is the trade name for rofecoxib, a prescription medicine manufactured by Merck that is a selective cyclooxygenase-2 ("COX-2") inhibiter which was approved by the United States Food and Drug Administration ("FDA") as safe and effective for certain indicated uses in a manner consistent with the information in the FDA-approved prescribing information.  Merck further avers that the COX enzyme produces arachidonic acid, that prostaglandins are derived from arachidonic acid and that the mechanism of action for Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

10.     Merck denies each and every allegation contained in paragraph 10 of the Amended Complaint except that Vioxx reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.  Merck further avers that the COX enzyme produces arachidonic acid, and that prostaglandins are derived from arachidonic acid.

11.     Merck denies each and every allegation in paragraph 11 of the Amended Complaint except admits that on November 23, 1998 Merck submitted a New Drug Application ("NDA") for Vioxx 12.5 mg. and Vioxx 25 mg. tablets and respectfully refers the Court to said NDA for its actual language and full text.

12.     Merck denies each and every allegation in paragraph 12 of the Amended Complaint except admits that on November 23, 1998 Merck submitted a NDA for Vioxx Oral Suspension and respectfully refers the Court to said NDA for its actual language and full text.

13.     Merck denies each and every allegation in paragraph 13 of the Amended Complaint except admits that in May 1999 Merck received FDA approval to manufacture and market the prescription medicine Vioxx in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to said prescribing information for its actual language and full text.

14.     Merck denies each and every allegation set forth in paragraph 14 of the Amended Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

15.     Merck denies each and every allegation set forth in paragraph 15 of the Amended Complaint and respectfully refers the Court to said labeling for its actual language and full text.

16.     Merck denies each and every allegation contained in the first sentence of paragraph 16 of the Amended Complaint and respectfully refers the Court to the referenced supplemental New Drug Application ("sNDA") for its actual language and full text.  Merck denies each and every allegation contained in the second and third sentences of paragraph 16 of the Amended Complaint except admits that Merck scientists participated in the Vioxx GI Outcomes Research ("VIGOR") study involving Vioxx and respectfully refers the Court to the referenced study for its actual conclusions and full text.

17.     Merck denies each and every allegation contained in paragraph of 17 the Amended Complaint except admits that the referenced study exists and avers that a primary

objective of the VIGOR study was to assess whether Vioxx would be associated with a lower incidence of confirmed, clinically important upper gastrointestinal events than naproxen.  Merck respectfully refers the Court to the referenced study for its actual language and full text.

18.     Merck denies each and every allegation contained in paragraph 18 of the Amended Complaint except admits that the studies referenced in sentence one of paragraph 18 and the article referenced in sentence two of paragraph 18 exist, and respectfully refers the Court to said publications for their actual language and full text. Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

19.     Merck denies each and every allegation contained in paragraph 19 of the Amended Complaint, except admits that 2000 worldwide Vioxx sales figures exceeded $2 billion.

20.     Merck denies each and every allegation contained in paragraph 20 of the Amended Complaint except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

21.     Merck denies each and every allegation set forth in paragraph 21 of the Amended Complaint except admits that the referenced publication and the article contained therein exist and respectfully refers the Court to the referenced document for its actual language and full text.

22.     Merck denies each and every allegation set forth in the first two sentences of paragraph 22 of the Amended Complaint except admits that the referenced journals and articles contained therein exist, and that Plaintiffs purport to quote from the same and respectfully refers the Court to said studies for their actual language and full context. Merck

831147v.1

denies each and every allegation in the third sentence of paragraph 22 of the Amended Complaint except admits that the referenced journal and article exist and respectfully refers the Court to said article for its actual language and full context.

23.     Merck denies each and every allegation set forth in paragraph 23 of the Amended Complaint except admits that Merck received a letter from Thomas W. Abrams in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

24.     Merck denies each and every allegation set forth in paragraph 24 of the Amended Complaint except admits that Merck received a letter from Thomas W. Abrams in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

25.     Merck denies each and every allegation set forth in paragraph 25 of the Amended Complaint except admits that Merck received a letter from Thomas W. Abrams in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

26.     Merck denies each and every allegation set forth in paragraph 26 of the Amended Complaint except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information, a so-called "Dear Doctor" letter and a Patient Information sheet, and respectfully refers the Court to the referenced prescribing information for Vioxx, "Dear Doctor" letter and Patient Information sheet for their actual language and full text.

27.     Merck denies each and every allegation contained in paragraph 27 of the Amended Complaint except admits that Plaintiffs purport to quote the referenced label and respectfully refers the Court to the referenced quote for its actual language and full text.

831147v.1

28.     Merck denies each and every allegation contained in paragraph 28 of the Amended Complaint except admits that the FDA approved a so-called "Dear Doctor" letter and respectfully refers the Court to the letter for its actual language and full text.

29.     Merck denies each and every allegation set forth in paragraph 29 of the Amended Complaint except admits that the referenced Patient Information sheet exists and respectfully refers the Court to the referenced Patient Information sheet for its actual language and full text.

30.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Amended Complaint.

31.     Merck denies each and every allegation contained in paragraph 31 of the Amended Complaint and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

32.     Merck denies each and every allegation contained in paragraph 32 of the Amended Complaint, except admits that Plaintiffs purport to quote from Merck's 2001 Annual Report and respectfully refers the Court to said publication for its actual language and full text.

33.     Merck denies each and every allegation contained in paragraph 33 of the Amended Complaint, except admits that in 2000 Vioxx achieved worldwide sales of $2.2 billion and admits that the referenced 8-K filing exists and respectfully refers the Court to said filing for its actual language and full text.

34.     Merck denies each and every allegation contained in paragraph 34 of the Amended Complaint except Merck avers that until Merck announced the voluntary withdrawal of Vioxx on September 30, 2004, it marketed the prescription medicine Vioxx, which was

831147v.1

approved by the United States Food and Drug Administration as safe and effective for certain indicated uses subject to the information in the FDA-approved prescribing information.

35.     Merck denies each and every allegation contained in paragraph 35 of the Amended Complaint.

36.     Merck denies each and every allegation contained in paragraph 36 of the Amended Complaint.

37.     Merck denies each and every allegation contained in paragraph 37 of the Amended Complaint and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

38.     Merck lacks the knowledge and information sufficient to form a belief as to the truth of the allegations not directed at Merck in paragraph 38 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 38 of the Amended Complaint.

39.     Merck lacks the knowledge and information sufficient to form a belief as to the truth of the allegations not directed at Merck in paragraph 39 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 39 of the Amended Complaint.

40.     Merck lacks the knowledge and information sufficient to form a belief as to the truth of the allegations not directed at Merck in paragraph 40 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 40 of the Amended Complaint.

41.     The allegations in paragraph 41 of the Amended Complaint are legal conclusions to which no response is required.  Should a response be deemed required, Merck

lacks the knowledge and information sufficient to form a belief as to the truth of the allegations

not directed at Merck in paragraph 41 of the Amended Complaint, and denies each and every

allegation directed at Merck in paragraph 41 of the Amended Complaint, except admits that

Plaintiffs purport to state a claim for punitive damages but denies that there is any legal or

factual basis for said relief.

**COUNT I**
**PRODUCTS LIABILITY – DEFECTIVE DESIGN**

42.     Answering paragraph 42, Merck repeats and realleges its answers to the

paragraphs referred to therein.

43.     Merck denies each and every allegation contained in paragraph 43 of the

Amended Complaint, except admits that it manufactured, marketed and distributed the

prescription medicine Vioxx until the voluntary withdrawal of Vioxx from the worldwide market

on September 30, 2004.

44.     Merck denies each and every allegation contained in paragraph 44 of the

Amended Complaint.

45.     Merck denies each and every allegation contained in the first sentence of

paragraph 45 of the Amended Complaint.  Merck lacks knowledge or information sufficient to

form a belief as to the truth or falsity of the allegations contained in the second sentence of

paragraph 45 of the Amended Complaint.

46.     Merck denies each and every allegation in contained in the first, second

and fourth sentences of paragraph 46 of the Amended Complaint.  Merck lacks knowledge and

information sufficient to form a belief as to the truth of the allegations in the third sentence in

paragraph 46 of the Amended Complaint.

9

47.     The allegations in paragraph 47 of the Amended Complaint are legal conclusions to which no response is required.  Should a response be deemed required,  Merck denies each and every allegation in paragraph 47 of the Amended Complaint.

48.     Merck denies each and every allegation in paragraph 48 of the Amended Complaint.

49.     The allegations in paragraph 49 of the Amended Complaint are legal conclusions to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 49 of the Amended Complaint.

50.     The allegations in paragraph 50 of the Amended Complaint are legal conclusions to which no response is required.  Should a response be deemed required, Merck lacks the knowledge and information sufficient to form a belief as to the truth of the allegations not directed at Merck in paragraph 50 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 50 of the Amended Complaint, except admits that Plaintiffs purport to state a claim for damages but denies that there is any legal or factual basis for said relief.

## COUNT II
## PRODUCT LIABILITY – FAILURE TO WARN

51.     Answering paragraph 51, Merck repeats and realleges its answers to the paragraphs referred to therein.

52.     The allegations contained in paragraph 52 of the Amended Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except admits that it manufactured, marketed and distributed the prescription medicine Vioxx until the voluntary

withdrawal of Vioxx from the worldwide market on September 30, 2004.  Merck further denies that it violated any applicable law, duty or standard of care in connection with Vioxx.

53.     Merck denies each and every allegation contained in paragraph 53 of the Amended Complaint, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

54.     Merck denies each and every allegation contained in paragraph 54 of the Amended Complaint, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

55.     Merck denies each and every allegation contained in paragraph 55 of the Amended Complaint.

56.     Merck denies each and every allegation contained in paragraph 56 of the Amended Complaint, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

57.     The allegations in paragraph 57 of the Amended Complaint are legal conclusions to which no response is required.  Should a response be deemed required, Merck lacks the knowledge and information sufficient to form a belief as to the truth of the allegations not directed at Merck in paragraph 57 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 57 of the Amended Complaint, except admits that Plaintiffs purport to state a claim for damages but denies that there is any legal or factual basis for said relief.

## COUNT III
## BREACH OF EXPRESS WARRANTY

58.     Answering paragraph 58, Merck repeats and realleges its answers to the paragraphs referred to therein.

59.     Merck denies each and every allegation contained in paragraph 59 of the Amended Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

60.     The allegations in paragraph 60 of the Amended Complaint are legal conclusions to which no response is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 60 of the Amended Complaint, including subparagraphs A, B, and C, and further denies that it violated any applicable law, duty or standard of care in connection with Vioxx.

61.     Merck lacks knowledge and information sufficient to form a belief as to the truth of the allegations not directed at Merck in paragraph 61 of the Amended Complaint and denies each and every allegation directed at Merck in said paragraph.

62.     Merck lacks knowledge and information sufficient to form a belief as to the truth of the allegations not directed at Merck in paragraph 62 of the Amended Complaint, and denies each and every allegation directed at Merck in said paragraph, except admits that in May 1999 Merck received FDA approval to manufacture and market the prescription medicine Vioxx in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx.

831147v.1

63.     The allegations in the first sentence of paragraph 63 of the Amended Complaint are legal conclusions to which no response is required.  Should a response be deemed required, Merck denies each and every allegation in the first sentence of paragraph 63 of the Amended Complaint and further denies that it violated any applicable law, duty or standard of care in connection with Vioxx.  Merck denies each and every allegation contained in the second sentence of paragraph 63 of the Amended Complaint.

64.     Merck denies each and every allegation in paragraph 64 of the Amended Complaint, except admits that it marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

65.     Merck denies each and every allegation in paragraph 65 of the Amended Complaint, except admits that Plaintiffs purport to state a claim for damages, but denies that there is any legal or factual basis for said relief.

66.     The allegations in paragraph 66 of the Amended Complaint are legal conclusions to which no response is required.  Should a response be deemed required, Merck lacks the knowledge and information sufficient to form a belief as to the truth of the allegations not directed at Merck in paragraph 66 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 66 of the Amended Complaint, except admits that Plaintiffs purport to state a claim for damages but denies that there is any legal or factual basis for said relief.

831147v.1

## COUNT IV
## BREACH OF IMPLIED WARRANTY

67.     Answering paragraph 67, Merck repeats and realleges its answers to the paragraphs referred to therein.

68.     The allegations contained in paragraph 68 of the Amended Complaint are legal conclusions to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

69.     Merck lacks the knowledge and information sufficient to form a belief as to the truth of the allegations not directed at Merck in paragraph 69 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 69 of the Amended Complaint.

70.     Merck lacks knowledge and information sufficient to form a belief as to the truth of the allegations not directed at Merck in paragraph 70 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 70 of the Amended Complaint.

71.     The allegations in paragraph 71 of the Amended Complaint are legal conclusions to which no response is required.  Should a response be deemed required, Merck lacks the knowledge and information sufficient to form a belief as to the truth of the allegations not directed at Merck in paragraph 71 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 71 of the Amended Complaint, except admits that Plaintiffs purport to state a claim for damages but denies that there is any legal or factual basis for said relief.

831147v.1

## COUNT V
## WRONGFUL DEATH

72.     Answering paragraph 72, Merck repeats and realleges its answers to the paragraphs referred to therein.

73.     Merck lacks knowledge and information sufficient to form a belief as to the truth of the allegations not directed at Merck in paragraph 73 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 73 of the Amended Complaint.

74.     The allegations in paragraph 74 of the Amended Complaint are legal conclusions to which no response is required.  Should a response be deemed required, Merck lacks the knowledge and information sufficient to form a belief as to the truth of the allegations not directed at Merck in paragraph 74 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 74 of the Amended Complaint, except admits that Plaintiffs purport to state a claim for damages but denies that there is any legal or factual basis for said relief.

## COUNT VI
## NEGLIGENCE

75.     Answering paragraph 75, Merck repeats and realleges its answers to the paragraphs referred to therein.

76.     The allegations contained in paragraph 76 are legal conclusions to which no response is required.  Should a response be deemed required, Merck lacks the knowledge and information sufficient to form a belief as to the truth of the allegations not directed at Merck in paragraph 76 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 76 of the Amended Complaint.  Merck further denies that it violated any applicable law, duty or standard of care in connection with Vioxx.

831147v.1

77. The allegations in paragraph 77 of the Amended Complaint are legal conclusions to which no response is required. Should a response be deemed required, Merck lacks the knowledge and information sufficient to form a belief as to the truth of the allegations not directed at Merck in paragraph 77 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 77 of the Amended Complaint, except admits that Plaintiffs purport to state a claim for damages but denies that there is any legal or factual basis for said relief.

## COUNT VII
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

78. Answering paragraph 78, Merck repeats and realleges its answers to the paragraphs referred to therein.

79. The allegations contained in paragraph 79 are legal conclusions to which no response is required. Should a response be deemed required, Merck lacks the knowledge and information sufficient to form a belief as to the truth of the allegations not directed at Merck in paragraph 79 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 79 of the Amended Complaint.

80. Merck lacks the knowledge and information sufficient to form a belief as to the truth of the allegations not directed at Merck in paragraph 80 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 80 of the Amended Complaint.

81. The allegations in paragraph 81 of the Amended Complaint are legal conclusions to which no response is required. Should a response be deemed required, Merck lacks the knowledge and information sufficient to form a belief as to the truth of the allegations

831147v.1

not directed at Merck in paragraph 81 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 81 of the Amended Complaint, except admits that Plaintiffs purport to state a claim for damages but denies that there is any legal or factual basis for said relief.

**COUNT VIII**
**INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS**

82.     Answering paragraph 82, Merck repeats and realleges its answers to the paragraphs referred to therein.

83.     Merck lacks the knowledge and information sufficient to form a belief as to the truth of the allegations not directed at Merck in paragraph 83 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 83 of the Amended Complaint.

84.     Merck lacks the knowledge and information sufficient to form a belief as to the truth of the allegations not directed at Merck in paragraph 84 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 84 of the Amended Complaint.

85.     The allegations in paragraph 85 of the Amended Complaint are legal conclusions to which no response is required.  Should a response be deemed required, Merck lacks the knowledge and information sufficient to form a belief as to the truth of the allegations not directed at Merck in paragraph 85 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 85 of the Amended Complaint, except admits that Plaintiffs purport to state a claim for damages but denies that there is any legal or factual basis for said relief.

831147v.1

## COUNT IX
## NEGLIGENCE PER SE

86.     Answering paragraph 86, Merck repeats and realleges its answers to the paragraphs referred to therein.

87.     The allegations contained in paragraph 87 are legal conclusions to which no response is required.  Should a response be deemed required, Merck lacks the knowledge and information sufficient to form a belief as to the truth of the allegations not directed at Merck in paragraph 87 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 87 of the Amended Complaint.

88.     The allegations contained in paragraph 88 are legal conclusions to which no response is required.  Should a response be deemed required, Merck lacks the knowledge and information sufficient to form a belief as to the truth of the allegations not directed at Merck in paragraph 88 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 88 of the Amended Complaint.

89.     The allegations contained in paragraph 89 are legal conclusions to which no response is required.  Should a response be deemed required, Merck lacks the knowledge and information sufficient to form a belief as to the truth of the allegations not directed at Merck in paragraph 89 of the Amended Complaint.

90.     The allegations contained in paragraph 90 are legal conclusions to which no response is required.  Should a response be deemed required, Merck lacks the knowledge and information sufficient to form a belief as to the truth of the allegations not directed at Merck in paragraph 90 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 90 of the Amended Complaint, including subparts a, b, c, d, e, f, g, h and i.

831147v.1

91.     The allegations in paragraph 91 of the Amended Complaint are legal conclusions to which no response is required.  Should a response be deemed required, Merck lacks the knowledge and information sufficient to form a belief as to the truth of the allegations not directed at Merck in paragraph 91 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 91 of the Amended Complaint, except admits that Plaintiffs purport to state a claim for damages but denies that there is any legal or factual basis for said relief.

**COUNT X**
**DECEIT BY CONCEALMENT**

92.     Answering paragraph 92, Merck repeats and realleges its answers to the paragraphs referred to therein.

93.     The allegations contained in paragraph 93 are legal conclusions to which no response is required.  Should a response be deemed required, Merck lacks the knowledge and information sufficient to form a belief as to the truth of the allegations not directed at Merck in paragraph 93 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 93 of the Amended Complaint.

94.     Merck denies each and every allegation in paragraph 94 of the Amended Complaint, except admits that Merck scientists participated in the VIGOR study involving Vioxx and respectfully refers the Court to the referenced study for its actual conclusions and full text.

95.     Merck denies each and every allegation in paragraph 95 of the Amended Complaint.

96.     The allegations contained in paragraph 96 are legal conclusions to which no response is required.  Should a response be deemed required, Merck lacks the knowledge and

information sufficient to form a belief as to the truth of the allegations not directed at Merck in paragraph 96 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 96 of the Amended Complaint.

97.     The allegations contained in paragraph 97 are legal conclusions to which no response is required.  Should a response be deemed required, Merck lacks the knowledge and information sufficient to form a belief as to the truth of the allegations not directed at Merck in paragraph 97 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 97 of the Amended Complaint.

98.     The allegations in paragraph 98 of the Amended Complaint are legal conclusions to which no response is required.  Should a response be deemed required, Merck lacks the knowledge and information sufficient to form a belief as to the truth of the allegations not directed at Merck in paragraph 98 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 98 of the Amended Complaint, except admits that Plaintiffs purport to state a claim for damages but denies that there is any legal or factual basis for said relief.

## COUNT XI
## VIOLATION OF HAWAII REVISED STATUTES, SECTION 480-2

99.     Answering paragraph 99, Merck repeats and realleges its answers to the paragraphs referred to therein.

100.     The allegations in paragraph 100 of the Amended Complaint are legal conclusions to which no response is required.  Should a response be deemed required, Merck lacks the knowledge and information sufficient to form a belief as to the truth of the allegations

831147v.1

not directed at Merck in paragraph 100 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 100 of the Amended Complaint.

101.    The allegations in paragraph 101 of the Amended Complaint are legal conclusions to which no response is required.  Should a response be deemed required, Merck lacks the knowledge and information sufficient to form a belief as to the truth of the allegations not directed at Merck in paragraph 101 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 101 of the Amended Complaint and refers the Court to the referenced statute for its actual content and full text.

102.    The allegations in paragraph 102 of the Amended Complaint are legal conclusions to which no response is required.  Should a response be deemed required, Merck lacks the knowledge and information sufficient to form a belief as to the truth of the allegations not directed at Merck in paragraph 102 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 102 of the Amended Complaint, including subparagraphs a, b, c and d.

103.    The allegations in paragraph 103 of the Amended Complaint are legal conclusions to which no response is required.  Should a response be deemed required, Merck lacks the knowledge and information sufficient to form a belief as to the truth of the allegations not directed at Merck in paragraph 103 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 103 of the Amended Complaint and refers the Court to the referenced statute for its actual content and full text.

104.    The allegations in paragraph 104 of the Amended Complaint are legal conclusions to which no response is required.  Should a response be deemed required, Merck lacks the knowledge and information sufficient to form a belief as to the truth of the allegations

not directed at Merck in paragraph 104 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 104 of the Amended Complaint, except admits that Plaintiffs purport to allege a past and ongoing threat to the public, but denies that there is any legal or factual basis for said claims.

105.    The allegations in paragraph 105 of the Amended Complaint are legal conclusions to which no response is required.  Should a response be deemed required, Merck lacks the knowledge and information sufficient to form a belief as to the truth of the allegations not directed at Merck in paragraph 105 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 105 of the Amended Complaint.

106.    The allegations in paragraph 106 of the Amended Complaint are legal conclusions to which no response is required.  Should a response be deemed required, Merck lacks the knowledge and information sufficient to form a belief as to the truth of the allegations not directed at Merck in paragraph 106 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 106 of the Amended Complaint, except admits that Plaintiffs purport to state a claim for damages but denies that there is any legal or factual basis for said relief.

107.    The allegations in paragraph 107 of the Amended Complaint are legal conclusions to which no response is required.  Should a response be deemed required, Merck lacks the knowledge and information sufficient to form a belief as to the truth of the allegations not directed at Merck in paragraph 107 of the Amended Complaint, and denies each and every allegation directed at Merck in paragraph 107 of the Amended Complaint, except admits that Plaintiffs purport to state a claim for damages but denies that there is any legal or factual basis for said relief.

831147v.1

108.     Merck denies each and every allegation in the Amended Complaint not specifically admitted herein.  The claims contained in the "Prayer for Relief" and its subparts are not allegations, and therefore no responsive pleading is required.  Should a response be deemed required, Merck admits that Plaintiffs purport to state a claim for economic and other relief, but denies that there is any legal or factual basis for said relief.

**FIRST DEFENSE**

109.     The Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

110.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack capacity and/or standing to assert claims on behalf of Lloyd K. Karratti.

**THIRD DEFENSE**

111.     Plaintiffs have failed to join indispensable parties.

**FOURTH DEFENSE**

112.     Doe Defendants 1-50 are improperly joined.

**FIFTH DEFENSE**

113.     Plaintiffs' claims are not suitable for joinder.

**SIXTH DEFENSE**

114.     Venue in this case is improper.

**SEVENTH DEFENSE**

115.     The case is more appropriately brought in a different venue.

831147v.1

**EIGHTH DEFENSE**

116.    Plaintiffs' claims are barred by the applicable statutes of limitations or repose, or are otherwise untimely.

**NINTH DEFENSE**

117.    Plaintiffs' causes of action are barred in whole or in part by the applicable statutes of limitations for breach of warranty set forth in section 490:2-725 of the Hawaii Revised Statutes.

**TENTH DEFENSE**

118.    To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

**ELEVENTH DEFENSE**

119.    Plaintiffs' causes of action are barred in whole or in part by the applicable statutes of limitations for personal injury claims set forth in section 657-7 of the Hawaii Revised Statutes.

**TWELFTH DEFENSE**

120.    Plaintiffs' claims for fraud, if any, are barred by Plaintiffs' failure to plead fraud with particularity as required by Rule 9(b) of the Hawaii Rules of Civil Procedure.

**THIRTEENTH DEFENSE**

121.    Plaintiffs' claims under Hawaii Law are preempted by federal law.

**FOURTEENTH DEFENSE**

122.    The claims of Plaintiffs may be barred, in whole or in part, from recovery, due to spoliation of evidence.

831147v.1

## FIFTEENTH DEFENSE

123.    Plaintiffs' claims are barred, in whole or in part by the First Amendment.

## SIXTEENTH DEFENSE

124.    To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## SEVENTEENTH DEFENSE

125.    Plaintiffs' claims under state law are barred, in whole or in part, because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## EIGHTEENTH DEFENSE

126.    Plaintiffs' claims are barred under the doctrines of assumption of risk and/or informed consent.

## NINETEENTH DEFENSE

127.    To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred by the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## TWENTIETH DEFENSE

128.    Any warnings given by Merck were transmitted to the prescribing physicians and/or healthcare providers and, pursuant to the learned intermediary doctrine, Merck's only obligation is to warn to prescribing physician and/or healthcare providers and said obligation was fulfilled.

831147v.1

### TWENTY-FIRST DEFENSE

129.   To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

### TWENTY-SECOND DEFENSE

130.   Plaintiffs' claims are barred in whole or in part by the lack of defect, as the Vioxx allegedly ingested by Lloyd K. Karratti was properly prepared in accordance with the appropriate standard of care.

### TWENTY-THIRD DEFENSE

131.   Plaintiffs' claims are barred in whole or in part by section 402A of the Restatement (Second) of Torts.

### TWENTY-FOURTH DEFENSE

132.   Plaintiffs' claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiffs allege to have taken within the meaning of comment j to section 402A of the Restatement (Second) of Torts.

### TWENTY-FIFTH DEFENSE

133.   Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to section 6 of the Restatement (Third) of Torts: Products Liability.

831147v.1

### TWENTY-SIXTH DEFENSE

134.    Plaintiffs' claims are barred under section 4, *et. seq.*, of the Restatement (Third) of Torts: Products Liability.

### TWENTY-SEVENTH DEFENSE

135.    Based upon the state of scientific, medical and technological knowledge at the time Vioxx was marketed, Vioxx was reasonably safe for its normal and foreseeable use at all relevant times.

### TWENTY-EIGHTH DEFENSE

136.    Plaintiffs' causes of action may be barred because a reasonable purchaser and/or consumer would have been aware of the alleged risks of Vioxx.

### TWENTY-NINTH DEFENSE

137.    If Plaintiffs have sustained injuries or losses as alleged in the Amended Complaint, such injuries or losses were only so sustained after Lloyd K. Karratti knowingly, voluntarily, and willfully assumed the risk of any injury as a result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### THIRTIETH DEFENSE

138.    If Plaintiffs have sustained injuries or losses as alleged in the Amended Complaint, upon information and belief, such injuries and losses were caused in whole or in part through the operation of nature of other intervening cause or causes.

### THIRTY-FIRST DEFENSE

139.    If Plaintiffs have sustained injuries or losses as alleged in the Amended Complaint, upon information and belief, such injuries and losses may have been directly and

831147v.1

proximately caused by the intervening or superseding acts and conduct of persons for whom Merck may not be held accountable.

## THIRTY-SECOND DEFENSE

140.    If Plaintiffs have sustained injuries or losses as alleged in the Amended Complaint, such injuries or losses resulted from pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which Merck is not responsible.

## THIRTY-THIRD DEFENSE

141.    Plaintiffs' claims are barred in whole or in part by the First Amendment of the Constitution of the United States of America and Article I, Section 4 of the Constitution of the State of Hawaii.

## THIRTY-FOURTH DEFENSE

142.    To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## THIRTY-FIFTH DEFENSE

143.    The claims of Plaintiffs may be barred, in whole or in part, by governing state laws.

## THIRTY-SIXTH DEFENSE

144.    To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Amended Complaint, such benefits are not recoverable in this action under governing state laws.

831147v.1

### THIRTY-SEVENTH DEFENSE

145.    Plaintiffs' breach of warranty claims are barred by the Uniform

Commercial Code, Hawaii Revised Statutes § 490:1 *et seq*., as enacted in Hawaii.

### THIRTY-EIGHTH DEFENSE

146.    Each and every claim asserted or raised in the Amended Complaint may

be barred by the doctrines of res judicata, estoppel, waiver, laches, and statutory or regulatory

compliance.

### THIRTY-NINTH DEFENSE

147.    The claims of Plaintiffs may be barred, in whole or in part, by the doctrine

of laches.

### FORTIETH DEFENSE

148.    The claims of the Plaintiffs may be barred, in whole or in part, from

recovery because they have made statements or taken actions that preclude them from asserting

claims or constitute a waiver of their claims.

### FORTY-FIRST DEFENSE

149.    The claims of Plaintiffs may be barred, in whole or in part, from recovery

by release as to their claims.

### FORTY-SECOND DEFENSE

150.    To the extent that Plaintiffs have settled or will in the future settle with

any other person or entity with respect to the injuries asserted in the Amended Complaint,

Merck's liability, if any, should be reduced accordingly.

831147v.1

### FORTY-THIRD DEFENSE

151.    If Plaintiffs have sustained injuries or losses as alleged in the Amended Complaint, such injuries or losses sustained by Plaintiffs may have been the result of idiosyncratic reactions that Merck could not reasonably foresee.

### FORTY-FOURTH DEFENSE

152.    Plaintiffs' causes of action may be barred in whole or in part by contributory negligence.

### FORTY-FIFTH DEFENSE

153.    Plaintiffs' recovery, if any, should be reduced by the comparative negligence, fault, responsibility, or causation attributable to all tortfeasors.

### FORTY-SIXTH DEFENSE

154.    Plaintiffs' alleged damages were not proximately caused by any act or omission of Merck.

### FORTY-SEVENTH DEFENSE

155.    If Plaintiffs have sustained injuries or losses as alleged in the Amended Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### FORTY-EIGHTH DEFENSE

156.    If Plaintiffs have sustained injuries or losses as alleged in the Amended Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' misuse or abuse of Vioxx.

831147v.1

## FORTY-NINTH DEFENSE

157.     Plaintiffs' damages, if any, may have been caused by changes and/or alterations to Merck's product made by persons not within Merck's control.

## FIFTIETH DEFENSE

158.     Plaintiffs' claims are barred in whole or in part because the product at issues was made in accordance with the state of the art at the time it was manufactured.

## FIFTY-FIRST DEFENSE

159.     There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

## FIFTY-SECOND DEFENSE

160.     The damages, if any, recoverable by Plaintiffs must be reduced, in whole or in part, by any amount of damages legally caused by Plaintiffs or Lloyd K. Karratti's failure to mitigate damages.

## FIFTY-THIRD DEFENSE

161.     Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

## FIFTY-FOURTH DEFENSE

162.     Merck is informed and believes and upon such information and belief alleges that Plaintiffs' injuries, if any, are limited by section 663-8.7 of the Hawaii Revised Statutes (limitation on pain and suffering).

## FIFTY-FIFTH DEFENSE

163.     Plaintiffs have not sustained any injury or damages compensable at law.

31

**FIFTY-SIXTH DEFENSE**

164.    To the extent Plaintiffs seek to recover only economic loss in tort, their claims are barred by the economic loss doctrine.

**FIFTY-SEVENTH DEFENSE**

165.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission by Merck was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

**FIFTY-EIGHTH DEFENSE**

166.    Even if punitive damages are not barred, no act or omission of Merck was malicious, willful, wanton, reckless or grossly negligent so as to support an award of punitive damages.

**FIFTY-NINTH DEFENSE**

167.    Plaintiffs' demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

**SIXTIETH DEFENSE**

168.    Even if punitive damages are not barred, with respect to Plaintiffs' demand for punitive damages, Merck specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive damage awards delineated in BMW of North America v. Gore, 116 S. Ct. 1589 (1996) and State Farm Mutual Automobile Inc. Co. v. Campbell, 538 U.S. 408, 123 S. Ct. 1513 (2003), and other judicial precedent.

831147v.1

**SIXTY-FIRST DEFENSE**

169.    Even if punitive damages are not barred, to the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused the injuries asserted in the Amended Complaint, such an award would also, if granted, violate Merck state and federal constitutional rights under each of the following constitutional provisions:

a.    the Commerce Clause of Article I, Section 8 of the United States Constitution;

b.    the Contracts Clause of Article I, Section 10 of the United States Constitution;

c.    the prohibition against ex post facto laws embodied in Article I, Section 10 of the United States Constitution;

d.    the Supremacy Clause of Article VI of the United States Constitution;

e.    the Free Speech Clause of the First Amendment of the United States Constitution;

f.    the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

g.    the Takings Clause of the Fifth Amendment of the United States Constitution;

h.    the Excessive Fines Clause of the Eight Amendment of the United States Constitution;

i.    the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

831147v.1

j.      the Free Speech Clause of Article I, Section 4 of the Constitution of the State of Hawaii;

k.      the Due Process Clause of Article I, Section 5 of the Constitution of the State of Hawaii;

l.      the Takings Clause of Article I, Section 20 of the Constitution of the State of Hawaii;

m.      the Excessive Fines Clause of Article I, Section 12 of the Constitution of the State of Hawaii; and

n.      the Equal Protection Clause of Article I, Section 5 of the Constitution of the State of Hawaii.

## SIXTY-SECOND DEFENSE

170.    The claims of Plaintiffs may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

## SIXTY-THIRD DEFENSE

171.    The claims of Plaintiffs may be barred, in whole or in part, from recovery on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

## SIXTY-FOURTH DEFENSE

172.    Merck reserves the right to dismiss the Amended Complaint and seek further relief for Plaintiffs' failure to provide it with due process of law.

831147v.1

## SIXTY-FIFTH DEFENSE

173.    Inasmuch as the Amended Complaint does not describe the alleged underlying claim with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## SIXTY-SIXTH DEFENSE

174.    Merck incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action.  Merck will rely on all defenses that may become available during trial or discovery.

WHEREFORE, Merck prays as follows:

1.    That all claims contained in Plaintiffs' Amended Complaint against it be dismissed with prejudice.

2.    That it be awarded costs and attorneys' fees.

3.    That it have such other and further relief as this Court deems just and proper.

DATED:  September 22, 2006.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361

*Defendant's Liaison Counsel*

Jacqueline Earle
Thomas Benedict
Dawn T. Sugihara
GOODSILL  ANDERSON  QUINN  &  STIFEL, A
Limited Liability Law Partnership
Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawaii  96813
Telephone:  (808) 547-5600
Facsimile:  (808) 547-5880

*Attorneys for Defendant Merck & Co., Inc.*

831147v.1

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Defendant Merck & Co., Inc.'s Answer to First Amended Complaint filed on September 5, 2006 has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 21st day of September, 2006.

_/s/ Dorothy H. Wimberly_____
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

831147v.1