UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JACOB LEWIS, ET AL. | * | CIVIL ACTION NO. 05-6621 |
| VERSUS | * | JUDGE FALLON |
| MERCK & CO., INC. AND DR. SOPHIA L. MORRIS | * | MAGISTRATE KNOWLES |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR STAY

Defendant, Dr. Sophia Morris, through her undersigned counsel, submits the following Memorandum in Support of her Rule 12(b)(6) Motion to Dismiss or Stay.

### CONTEXT FACTS

On November 21, 2005, plaintiff commenced an action in the Civil District Court for the Parish of Orleans, State of Louisiana entitled "Jacob Lewis, individually and on behalf of his deceased wife, Debra Lewis v. Merck & Company, Inc. and Dr. Sophia Morris " No. 05-12714. In his petition for damages, plaintiff makes claims of medical malpractice against defendants, Merck & Company, Inc. and Dr. Sophia Morris,

1

respectively.[1] Specifically with respect to Dr. Morris, plaintiff alleges that she was negligent for failing to monitor, evaluate, and diagnose the decedent for adverse medical effects allegedly from the use of Vioxx, failure to warn the decedent of the potential harm associated with the use of Vioxx, failure to know of medical literature related to Vioxx, and other alleged acts of medical negligence. On or about December 15, 2005, co-defendant, Merck & Company, Inc., removed this Civil Action to this Court.

Dr. Morris was at all times pertinent hereto qualified for and entitled to the limitation of liability and panel review requirement provided in La. R.S. 40:1299.41 et seq.[2] Plaintiff's allegations of medical malpractice against Dr. Morris must first be presented to a medical review panel as a condition precedent to his filing a lawsuit.

## ARGUMENT

### A.   Applicable Law

The Erie Doctrine requires Federal Courts to apply substantive state law when adjudicating state law claims. Erie R.R. Co. v. Thomkins, 304 U.S. 64 (1938). Plaintiff's medical malpractice claims are undoubtedly Louisiana state law claims. Under the substantive law of Louisiana, plaintiff's action for medical malpractice should be dismissed against Dr. Morris because such claims are premature. As evidenced by the Certificate of Enrollment issued by the Louisiana Patients' Compensation Fund, Dr. Morris is a qualified health care provider under the Louisiana Medical Malpractice Act. La. R.S. 40:1299.401 et seq. Pursuant to La. R.S. 40:1299.42(B)(2), "a health care provider qualified under this part is not liable for an amount in excess of $100,000.00

---

[1] See Plaintiffs' Petition for Damages, Exhibit "A" attached thereto.
[2] See Certificate of Enrollment from Louisiana Patients' Compensation Fund attached as Exhibit "B".

plus interest thereon accruing after April 1, 1991 for all malpractice claims because of injuries to and death of any one patient." Additionally, § 40:1299.47(A)(1) states "all malpractice claims against health care providers covered by this part, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by medical review panel established as hereinafter provided for in this section."

Thus, for the limitation of recovery and review panel provisions of the Medical Malpractice Act to apply here, plaintiff's claims must be a "malpractice claim". "Malpractice" is defined as:

> Any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely and the handling of a patient, including loading and unloading of a patient, and also includes all legal responsibility of a health care provider arising from acts or omissions during the procurement of blood or blood components, in the training or supervision of health care providers, or from defects in blood, tissue, transplants, drugs, and medicines, or from defects in or failures of prosthetic devices implanted in or used on or in the person of a patient. La. R.S. 40:1299.41(A)(8).

"Health care" means:

> Any act or treatment performed or furnished, or which should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement, or during or relating to or in connection with the procurement of human blood or blood components. La. R.S. 40:1299.41A(9)

As clearly pled by plaintiff in his lawsuit, the alleged acts of Dr. Morris fall

3

squarely within the definition of "malpractice" and "health care" contained in the Louisiana Medical Malpractice Act. Thus, plaintiff's lawsuit against this qualified health care provider is premature as a matter of law and defendant's motion to dismiss should be granted. See e.g., Richardson v. Advance Cardiovascular Systems, Inc., 865 F. Supp. 1220 (E.D. La. 1994); Miller v. Griffin-Alexander Drilling Company, Inc., 685 F. Supp. 960 (W.D. La. 1988).

Further, while it is within this Court's authority to stay the above-captioned matter pending the medical review panel, as per Seoane v. Ortho Pharmaceuticals, Inc., 472 F. Supp. 468 (E.D. La. 1979), defendant submits that the policy behind La. R.S. 40:1299.47(A)(1) supports dismissal of the suit against her instead. Louisiana courts consider the medical review panel process as being designed to weed out spurious medical malpractice claims and to encourage pre-trial settlement. Spradlin v. Acadia-St. Landry Medical Foundation, 758 So.2d 116, 123 (La. 2000), Pender v. Natchitoches Parish Hosp., 817 So.2d 1239 (La. App. 3 Cir. 2002), Sonnier v. Opelousas General Hosp., 688 So.2d 1040 (La. App. 3 Cir. 1996). Thus, as the panel process contemplates a strong possibility that no litigation will ever ensue, simply staying the proceeding will undermine one of the primary benefits of the panel proceeding in this case.

Fore the aforementioned reasons, defendant respectfully requests that the instant lawsuit be dismissed. Alternatively, defendant request that the above captioned matter be stayed pending medical panel review.

4

Respectfully submitted:

LEMLE & KELLEHER, L.L.P.

_____
MICHAEL S. SEPCICH (#24877)
ERICA L. BROWN (#29781)
601 Poydras Street, Suite 2100
New Orleans, LA 70130
Telephone: (504) 586-1241
Attorneys for Defendant, Dr. Sophia Morris

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above pleadings have been served on all known counsel for all parties to this litigation by United States Mail, properly addressed and postage prepaid, or hand-delivery, on this 21 day of September 2006.

_____
ERICA L. BROWN (#29781)