MAY 30 '01 16:03 FR S&S 599 5TH FL    212 848 5245 TO 00458#0271100018 P.02

May 30 2001 10:33AM   Eduardo Diaz        1-718-786-5933        p.2

**FILED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ MAY 29 2001 ★
BROOKLYN OFFICE

-----------------------------------X

DOMINICK LETTIERI and
MARY LOMBARDOZZI,

       Plaintiffs,

-against-

MERCK & CO., INC., PHARMACIA CORP. and
PFIZER INC.

       Defendants.

-----------------------------------X

CV 01 3441

Civil Action No. JOHNSON, J.

MANN, M.J.

CLASS ACTION COMPLAINT
JURY TRIAL DEMANDED

  Plaintiffs for their complaint allege upon actual knowledge as to their acts and status and upon information and belief as to all other matters.

### SUMMARY OF CLAIMS

1. This class action proceeding is brought on behalf of a nationwide class of persons who are taking the osteoarthritis drug refecoxib marketed by defendant Merck & Co. Inc. ("Merck") under the brand names "Vioxx;" and a similar drug celecoxib marketed by defendants Pharmacia Corporate ("Pharmacia") and Pfizer Inc. ("Pfizer") under the brand name "Celebrex" for the treatment of osteoarthris and/or for persons who have taken such drugs for osteoarthris during the relevant time. Both of these drugs belong to a class of drugs as Cox-2 inhibitors.

2

2. This action seeks, *inter alia*, emergency notice to all class members to assure notification to individuals taking Vioxx and Celebrex of important research recently presented to the Food & Drug Administration ("FDA") that patients taking Vioxx and Celebrex have a higher risk of heart attacks than patients taking other pain reliever medication to treat their osteoarthritis. Both of these drugs, belong to a clads of drugs now as Cox-2 inhibitors.

3. Merck and Pharmacia have consistently marketed Vioxx and Celebrex as highly effective, pain relief drugs for patients suffering from osteoarthritis as compared with more traditional and less costly drugs used to treat osteoarthritis. As demonstrated by Merck's own research, users of Vioxx were four times as likely to suffer heart attacks as compared to other less expensive medications, or combinations thereof. Under the circumstances, Vioxx and Celebrex should no longer be used as a primary drug in the treatment of osteoarthritis. Nonetheless, Merck and Pharmacia have taken no affirmative steps to communicate this critical information to class members.

4. Plaintiff seeks emergency notice to class members and revised patient warnings, in the form of additional medical labeling which is presently being considered by the FDA, so that class members will be apprised of these findings. Notice to patients, as opposed to physicians, is required in order to ensure that persons taking the drug will receive this critical information.

5. Absent emergency notice and revised patient warnings, hundreds or thousands of individuals may unwittingly continue osteoarthritis treatment with Vioxx and Celebrex based on the erroneous assumption that Vioxx and Celebrex are safer and more effective treatments than other traditional and less costly drugs. Upon receiving the notice, class member will likely go off Vioxx and Celebrex treatment for osteoarthritis, or at the very

MAY 30 '01 16:03 FR S&S 599 5TH FL        212 848 5245 TO 00458#0271100018 P.04

May 30 2001 10:34AM   Eduardo Diaz           1-718-786-5933         p.4

3

least use a combination of drugs to treat osteoarthritis, which would have superior results. Class members should be afforded the opportunity to make this informed choice.

6. Plaintiff also seeks, for himself and the Class, refunds of all amounts paid for the purchase of Vioxx and Celebrex, as well as all other ascertainable economic losses suffered, including medical expenses as a result of consulting with physicians regarding this information, and all such other relief as he and the Class are otherwise entitled to, including reasonable attorneys' and expert fees.

## PARTIES

7. Plaintiff Mary Lombardozzi is a resident of, and citizen of, the State of New York. At all times relevant herein, plaintiff ingested Vioxx which was prescribed to him for osteoarthritis and was unaware of the serious shortcomings of the drug set forth herein.

8. Plaintiff Dominick Lettieri is a resident of, and citizen of, the State of New York. At all times relevant herein, plaintiff ingested Celebrex which was prescribed to him for osteoarthritis and was unaware of the serious shortcomings of the drug set forth herein.

9. Defendant Merck has its principal place of business at New York, New York and is incorporated in the State of New Jersey. At all times relevant hereto, Merck was engaged in the business of manufacturing the pharmaceutical Vioxx. Merck does substantial business in the State of New York and in this federal district, and at all times relevant herein, it developed, manufactured and sold interstate commerce and in the State of New York the Vioxx.

10. Defendant Pharmacia has its principal place of business in the State of New Jersey. At all times relevant hereto, Pharmacia was engaged in the business of manufacturing the pharmaceutical Celebrex. Pharmacia does substantial business in the

MAY 30 '01 16:04 FR S&S 599 5TH FL    212 848 5245 TO 00458#0271100018 P.05

May 30 2001 10:34AM  Eduardo Diaz         1-718-786-5933         p.5

4

State of New York and in the federal district, and at all times relevant herein, its subsidiary, G.D. Searle developed, manufactured and co-marketed Celebrex with Pfizer in interstate commerce and in the State of New York.

11. Defendant Pfizer has its principal place of business at New York, New York and in incorporated in the State of Delaware. At all times relevant hereto, Pfizer was engaged in the business of co-marketing with Pharmacia's subsidiary, G.D. Searle the pharmaceutical Celebrex. Pfizer does substantial business in the State of New York and in this federal district, and at all times relevant herein, sold in interstate commerce and in the State of New York the aforementioned drug.

## JURISDICTION

12. Plaintiff alleges an amount in controversy in excess of $75,000 exclusive of interest and Court costs, as to himself and each member of the proposed Class.

13. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the amount controversy exceeds $75,000, as to plaintiff and every member of proposed Class, because the individual plaintiffs damage claims exceed said amount and because of the Class has an undivided interest in obtaining injunctive/equitable relief, including emergency notice, revised drug warnings and medical monitoring, that exceeds $75,000 in value.

14. There is complete diversity of citizenship between plaintiff and defendant.

## FACTUAL ALLEGATIONS

15. At all times relevant, defendants, itself, or by use of others, did manufacture, create, design, test, label, package, distribute, supply, market, sell, advertise, and otherwise distribute, in interstate commerce, the products Vioxx and Celebrex.

MAY 30 '01 16:04 FR S&S 599 5TH FL      212 848 5245 TO 00458#0271100018 P.06

May 30 2001 10:34AM  Eduardo Diaz                    1-718-786-5933           P.6

5

16. Vioxx and Celebrex are Cox-2 inhibitor which reportedly reduces pain and inflammation, while also significantly reducing incidents of stomach ulcers commonly associated with pain relievers like aspirin and ibuprofen. Osteoarthritis is treated for the purposes of reducing inflammation, selling, stiffness and joint pain.

17. There are over 1 million users of Vioxx and Celebrex nationwide and annual sales of Vioxx and Celebrex worldwide provide defendants Merck, Pharmacia and Pfizer with a combined $4 billion in sales in 2000.

18. Merck, Pharmacia and Pfizer have consistently marketed Vioxx and Celebrex as a highly effective, osteoarthritis drug as compared with more traditional and less costly drugs used to treat osteoarthritis.

## CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action as a class action for equitable, injunctive and declaratory relief as well as monetary relief pursuant to Federal Rules of Civil Procedure Rule 23 on behalf of a class consisting of all persons in the United States, including their successors in interest, who have ingested Vioxx and Celebrex for osteoarthritis at all times relevant herein (the "Class").

20. Plaintiff is a member of the Class he seeks to represent. The members of the Class, thousands of individuals, are so numerous that joinder is impracticable and would involve thousands of litigants.

21. There are questions of law and fact common to the Class including, but not limited to:

(a) Whether Vioxx and Celebrex are hazardously less effective in reducing inflammation, swelling, stiffness and joint pain as compared with the more

6

    traditional and less costly non-prescription medication such as aspirin and ibuprofen used to treat osteoarthritis;

 (b) Whether defendants have failed to adequately warn of the hazardous shortcomings of Vioxx and Celebrex in reducing inflammation, swelling, stiffness and joint pain, as compared to other forms of osteoarthritis treatments;

 (c) Whether emergency notice and revised patient warnings should be disseminated to class members;

 (d) Whether defendants negligently designed, manufactured, warned of and/or marketed Vioxx and Celebrex;

 (e) Whether defendants conducted, either directly or indirectly, appropriate pre- and post-release testing of Vioxx and Celebrex; and

 (f) Whether users of Vioxx and Celebrex are entitled to monetary relief.

22. The claims of the named plaintiff are typical of the claims of the Class in that the named plaintiff and the members of the Class used Vioxx and Celebrex for the treatment of osteoarthritis.

23. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class and common issues predominate. Plaintiff has retained counsel competent and experienced in complex class actions.

24. Notices can be provided to class members by a combination of published notice, Internet notice and first-class mail using techniques and forms of notice similar to those customarily used in drug-related product liability, personal injury and other consumer class actions.

7

25. Plaintiff seeks, *inter alia* injunctive relief in the form of emergency notice and revised drug warnings to more adequately advise Vioxx and Celebrex users of the drugs' performance in relation to the other available treatment for osteoarthritis and a Court-order and supervised medical monitoring program funded by defendants.

26. Class certification is appropriate because defendants have acted, or refused to act, on grounds generally applicable to the Class, making appropriate preliminary and final injunctive and declaratory relief consisting of emergency notice, revised patient warnings and medical monitoring with respect to plaintiff and the class members. In addition, the prosecution of separate actions by or against individual member of the Class would create a risk of incompatible standards of conduct for defendants and inconsistent or varying adjudications for all parties. A class action is also superior to other available methods for the fair and efficient adjudication of this action.

### FIRST CLAIM FOR RELIEF
### STRICT PRODUCT LIABILITY
### (FAILURE TO WARN)

27. Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth herein and further alleges as follows:

28. Defendants are the manufacturers and/or suppliers of Vioxx and Celebrex.

29. Vioxx and Celebrex manufactured and/or supplied by defendants, was and is unaccompanied by adequate warnings regarding the higher risk of heart attacks for patients ingesting these drugs than those patients taking more traditional non-prescription pain relief medication.

30. Defendants failed to perform adequate testing prior to its introduction in that adequate testing would have shown that patients taking Vioxx and Celebrex had an

MAY 30 '01 16:05 FR S&S 599 5TH FL        212 848 5245 TO 00458#0271100018 P.09

May 30 2001 10:35AM  Eduardo Diaz                1-718-786-5933              p.9

8

increased risk of heart attacks than those patients taking more traditional non-prescription pain relief medication.

31. Vioxx and Celebrex manufactured and/or supplied by defendants was defective due to inadequate post-marketing warnings or instructions because, after the manufacturers knew or should have known that Vioxx and Celebrex posed a greater risk to patients taking these drugs than those patients taking more traditional non-prescription pain relief medications.

32. As the producing cause and legal result of the defective or hazardous condition of Vioxx and Celebrex as manufactured and/or supplied by defendants, and as a direct and legal result thereof, plaintiff and other class members require reasonable and necessary health care, attention and services and did incur medical, health, incidental and related expenses and required updated warnings and emergency notice. Absent such equitable relief, plaintiff and other members of the Class will suffer irreparable injury for which there is no adequate remedy at law.

### SECOND CLAIM FOR RELIEF
### STRICT PRODUCT LIABILITY

33. Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth herein and further alleges as follows:

34. Defendants are the manufacturers and/or suppliers of Vioxx and Celebrex.

35. The Vioxx and Celebrex manufactured and/or supplied by defendants was defective or hazardous in design or formulation in that, when it left the hands of the manufacturers and/or suppliers, the foreseeable risks exceeded the benefits associated with the design or formulation.

9

36. Alternatively, the Vioxx and Celebrex manufactured and/or supplied by defendants was defective or hazardous in design or formulation, in that, when it left the hands of the manufacturers and/or suppliers, it was unreasonably dangerous, more dangerous than an ordinary consumer would expect and more dangerous than other forms of osteoarthritis pain relief treatments.

37. The Vioxx and Celebrex manufactured and/or supplied by defendants was defective or hazardous due to inadequate warning or instruction because the manufacturers knew or should have known that those products posed a great risk to patients taking then those patients taking more traditional non-prescription pain relief medications.

38. As the producing cause and legal result of the defective or hazardous condition of Vioxx and Celebrex as manufactured and/or supplied by defendants, and as a direct and legal result thereof, plaintiff and other Class members require reasonable and necessary health care, attention and services and did incur medical, health, incidental and related expenses and require updated warnings and emergency notice. Absent such equitable relief, plaintiff and members of the Class will suffer irreparable injury for which there is no adequate remedy at law.

### THIRD CLIAM FOR RELIEF
### NEGLIGENCE

39. Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth herein and further alleges as follows:

40. Defendants have a duty to exercise reasonable care in the manufacture, sale and/or distribution of Vioxx and Celebrex into the stream of commerce, including a duty to assure that the products work effectively for their intended use which reasonably and

10

foreseeable included a reduction of inflammation, swelling, stiffness and joint pain without increasing the likelihood of heart attack by patients ingesting these products.

41.     Defendants have failed to exercise reasonable care in the manufacture, sale, testing, equality assurance, quality control and/or distribution of Vioxx and Celebrex into interstate commerce in that defendants have known or should have known that Vioxx and Celebrex posed a great risk to patients taking them than those patients taking more traditional non-prescription pain relief medications.

42.     Defendants were negligent in the design, manufacture, testing, advertising, warning, marketing and sale of Vioxx and Celebrex in that it:

(a) Failed to use reasonable care in designing and manufacturing Vioxx and Celebrex so as to avoid the aforementioned risk to individuals when Vioxx and Celebrex was being used for pain management associated with osteoarthritis.

(b) Failed to accompany its product with proper warnings regarding all possible adverse effects associated with the use of Vioxx and Celebrex.

(c) Failed to conduct adequate pre-clinical and clinical testing and post-marketing surveillance to determine the effective of Vioxx and Celebrex.

(d) Failed to provide adequate training to medical care providers for appropriate use of Vioxx and Celebrex;

(e) Failed to warn plaintiff and other members of the Class, prior to actively encouraging the sale of Vioxx and Celebrex, either directly or indirectly, orally or in writing, that Vioxx and Celebrex poised a significant risk of heart attack over and above traditional non-prescription pain relief medication.

11

(f)   Was otherwise careless or negligent.

43.   Despite the fact that defendants knew or should have known that Vioxx and Celebrex and posed a significant risk to patients taking these drugs than those patients taking more traditional non-prescription pain relief medication, defendants have continued to market Vioxx and Celebrex to consumers, including plaintiff, when there were safer, more effective and less expensive methods of pain relief from osteoarthritis.

44.   Defendants have known or should have known that consumers such as plaintiff would suffer foreseeable injury as a result of defendants' failure to exercise ordinary care, including irreparable injury absent equitable relief, as described above.

45.   Defendants' negligence was a proximate cause of plaintiff's and class members' economic loss which they have suffered and continue to suffer.

## FOURTH CLAIM FOR RELIEF
## BREACH OF EXPRESS WARRANTY

46.   Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth herein and further alleges as follows:

47.   Defendants have expressly warranted that Vioxx and Celebrex are safe and effective for the treatment of osteoarthritis.

48.   Vioxx and Celebrex does not conform to this express representation in that they fails to advise users of the increased risk of heart attack, while other less expensive non-prescription treatments do not present this risk.

49.   As direct and proximate result of the breach of said warranties, plaintiff and class members suffered economic loss in amounts to be proven at trial.

12

## FIFTH CLAIM FOR RELIEF
## BREACH OF IMPLIED WARRANTY

50. Plaintiff incorporates by reference all other paragraphs of this compolaint as if fully set forth herein and further alleges as follows:

51. At the time defendants marketed, sold, and distributed Vioxx and Celebrex, defendants knew that the use for which Vioxx and Celebrex were intended and impliedly warranted the product to be of merchantable quality and fit for such use.

52. Plaintiff and other class members and their physicians reasonably relied upon the skill and judgment of defendants as to whether Vioxx and Celebrex was of merchantable quality and fit for its intended use.

53. Contrary to such implied warranty, Vioxx and Celebrex were not of merchantable quality or fit for its intended use, because the product was and is unfit for the ordinary purposes for which it was used as described above.

54. As a direct and proximate result of the breach of implied warranty, plaintiff and other members of the Class suffered economic loss as alleged herein.

## CLASS ACTION INJUNCTIVE, EQUITABLE
## AND MONETARY RELIEF

55. Plaintiff incorporates by reference all other paragraphs of this complaint as if fully set forth herein and further alleges as follows:

56. Defendants have a continuing duty to warn plaintiff, the Class and the public of all potential risks and dangers of which it becomes or should become aware of. There have been studies underway regarding these risks and dangers. As a proximate result of defendants' conduct as described herein, plaintiff, on behalf of himself and all others similarly situated, is entitled to damages and/or equitable relief in the form of emergency notice, revised drug warnings and/or equivalent remedial and corrective action, to

13

accurately reflect and publicize the known effects of Vioxx and Celebrex, at defendants' expense.

57.     Defendants should be required to provide information, including appropriate and updated product warnings to individuals who use and/or have previously use Vioxx and Celebrex for osteoarthritis to apprise them of timely information concerning the drug and the relative riskiness of its use.

58.     Plaintiff's and class members' increased risk of heart attack and certain other serious cardiac events as a result of their use of Vioxx and Celebrex makes periodic diagnostic and medical examinations necessary and reasonable. Easily administered, cost-effective medical monitoring procedures exist which may be applied to plaintiff and members of the Class.

59.     Plaintiff and other members of the Class are also entitled to damages, as well as their estates or heirs, for wrongful death, pain, suffering and lost earnings.

### WHEREFORE, PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS

60.     Wherefore, Plaintiff prays for relief as follows:

   (a)  That this action be certified as a class action on behalf of the proposed class of individuals who have ingested Vioxx and/or Celebrex for osteoarthritis, that the named plaintiffs be designated as representative of the Class and that named counsel be designated Class counsel;

   (b)  Creation of a comprehensive, court-supervised program which will:

        (1) Locate and notify Vioxx and Celebrex users that users of Vioxx and Celebrex are more likely to suffer a heart attack as compared

MAY 30 '01 16:06 FR S&S 599 5TH FL        212 848 5245 TO 00453#0271100018 P.15

May 30 2001 10:37AM   Eduardo Diaz           1-718-786-5933        p.15

14

   with patients taking the more traditional and less costly non-prescription medications or combinations thereof;

 (2) Create a court-supervised trust fund, paid for by defendants, to finance a medical monitoring program to deliver services, including but not limited to testing, preventive screening and surveillance for conditions resulting from, or potentially resulting from consumption of Vioxx and Celebrex.

 (3) Provide class members with revised warnings on drug labels and packages; and

 (4) Include new warnings on Merck and Pharmacia's Internet websites and in Vioxx and Celebrex's U.S. Product Prescribing Information, which appears in the Physicians' Desk Reference;

(c) Award plaintiff and the Class damages incidental to their procurement and ingestion of Vioxx and Celebrex.

(d) Order defendants to refund and make restitution of all monies acquired from the sale of Vioxx and Celebrex to plaintiff and the Class;

(e) Attorneys' fees, expenses, and costs of this action; and

(f) Such further relief as this Court deems necessary, just, and proper.

MAY 30 '01 16:07 FR S&S 599 5TH FL      212 848 5245 TO 00458#0271100018 P.16

May 30 2001 10:37AM   Eduardo Diaz            1-718-785-5933            P.16

15

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial in this action.

Dated: May 23, 2001

_Nicholas A. Gravante, Jr._
BOIES, SCHILLER, FLEXNER, LLP
David Boies
Nicholas A. Gravante, Jr.
Kenneth G. Walsh
570 Lexington Avenue
New York, New York 10022
Tel: (212) 446-2300

Attorneys for Plaintiff