UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                          :
ALEX CAIN and                             :    Civil Action No.:
WILLIAM WATKINS,                          :    CV-01-3441 (SJ)
                                          :
                    Plaintiffs,           :
                                          :    AMENDED
          -against-                       :    CLASS ACTION COMPLAINT
                                          :
MERCK & CO., INC., PHARMACIA CORPORATION, :    JURY TRIAL DEMANDED
PFIZER INC. and G.D. SEARLE & CO.,        :
                                          :
                    Defendants.           :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

          Plaintiffs Alex Cain and William Watkins, by their undersigned attorneys,

allege for their complaint, upon actual knowledge as to their acts and status, and upon

information and belief as to all other matters, as follows:

## FACTUAL ALLEGATIONS

1.      This action is brought by plaintiffs on behalf of a nationwide class of persons who

have taken either the prescription drug rofecoxib, marketed by defendant Merck & Co.,

Inc. ("Merck") under the brand name "Vioxx," or the prescription drug celecoxib,

marketed by defendants Pharmacia Corporation ("Pharmacia"), Pfizer Inc. ("Pfizer") and

G. D. Searle & Co. ("Searle") under the brand name "Celebrex." This action is brought

on behalf of all persons who have taken either drug since these drugs became available

on the market in 1999.

2.      This action seeks as a remedy, *inter alia*, that emergency notice be provided to all class members in order to ensure that they are informed of the results of certain research recently presented to the Food & Drug Administration ("FDA") showing that Vioxx and/or Celebrex cause patients who take these drugs to have heart attacks, strokes and other cardiac illness as well as an increased risk of suffering those illnesses than patients who take more traditional, alternative pain relief medications.

3.      Vioxx and Celebrex are usually prescribed to treat a medical condition known as osteoarthritis. Osteoarthritis is the most common form of arthritis, afflicting 21 million Americans. Osteoarthritis is a condition that results from normal wear and tear on the joints, such as knees, hips and fingers, or from an injury. Although some people may have only mild discomfort, many people experience considerable pain, inflammation and loss of movement, as cartilage covering the ends of bones at the joints wears away. Osteoarthritis affects all parts of a joint, causing pain and stiffness, especially after physical activity.

4.      Osteoarthritis occurs more often as people grow older and is the most common joint disease. Among people over age 35, about one third show some signs of osteoarthritis upon x-ray. In people over age 55, osteoarthritis of the hip is more common in men, while osteoarthritis of the fingers is more common in women. Osteoarthritis of the knees is common in both men and women.

5.      Vioxx and Celebrex each belong to a class of drugs known as Cox-2 inhibitors, which, according to defendants, reduce pain and inflammation. Cox-2 is a natural enzyme in the human body that plays a role in causing arthritis pain and inflammation. Both Vioxx and Celebrex selectively target and block the Cox-2 enzyme.

6.      Celebrex was approved by the FDA in early 1999.  Celebrex is now Pharmacia's biggest selling drug, generating sales of $2.3 billion in the twelve-month period ending March 2001.  Celebrex is marketed by Pharmacia, Pfizer and Searle.

7.      Celebrex is marketed as a drug that delivers powerful relief of pain and inflammation caused by, among other things, osteoarthritis.  Patients who take Celebrex are advised by Pharmacia, Pfizer and Searle, directly and indirectly, including through the patients' own physicians, to continue to take Celebrex daily even when they are no longer in pain.  For osteoarthritis patients, the recommended daily dose for Celebrex is 200 milligrams.

8.      Vioxx was approved by the FDA on May 21, 1999.  Vioxx is now Merck's second best selling drug, after its cholesterol medicine Zocor.  In 1999, global sales of Vioxx totaled $472 million, including U.S. sales of $420 million.  In the twelve-month period ending March 2001, sales of Vioxx totaled $1.7 billion.  Vioxx is marketed by Merck.

9.      Vioxx is marketed as a drug that relieves signs and symptoms of osteoarthritis, acute pain and painful menstrual cycles.  In December 1999, Merck was found by the FDA to be promoting Vioxx unlawfully by promoting the efficacy and safety of the drug without presenting any information to consumers concerning the contraindications, warnings, precautions and adverse events associated with their taking Vioxx.  Merck has reported to its shareholders that its launch of Vioxx was Merck's biggest, fastest and best launch of any drug, ever.

10.     Merck, Pharmacia, Pfizer and Searle have consistently marketed Vioxx and Celebrex as highly effective, safe, prescription drugs that deliver powerful relief of pain and inflammation caused by, among other things, osteoarthritis.  Both drugs have been

marketed as being more effective than less costly, alternative drugs that have traditionally been used to treat conditions such as osteoarthritis. Both drugs have also been marketed as being safer than such alternative, more traditional pain relievers because each is purported to be less likely to cause stomach ulcers.

11.    As demonstrated by Merck's own research, however, patients who take Vioxx suffer heart attacks, strokes and other cardiac illness and/or are significantly more likely to suffer heart attacks, strokes and other cardiac illness than patients who take alternative, less expensive medications to treat conditions like osteoarthritis. Vioxx causes patients to suffer those illnesses and to have increased risk of suffering those illnesses. Celebrex, which competes directly with Vioxx and is chemically equivalent and a therapeutic substitute for Vioxx, causes the same effects.

12.    Most patients taking Vioxx and/or Celebrex are elderly and have a higher risk of developing cardiovascular problems to begin with. Thus, the benefit of reducing the possibility that they will develop a stomach ulcer is far out-weighed by the increased risk that, by taking Vioxx or Celebrex, they will suffer a heart attack, stroke or other cardiac illness. Under the circumstances, particularly with elderly patients and patients with any history of cardiovascular difficulties, Vioxx and Celebrex should no longer be used as primary care drugs in the treatment of osteoarthritis and similar conditions.

13.    Merck has publicly denied that Vioxx causes heart attacks, strokes and other cardiac illness or that Vioxx causes an increased risk that patients will suffer those illnesses. Instead, Merck has stated that patients who take certain alternative and competing drugs to treat osteoarthritis are benefited because, unlike a Cox-2 inhibitor like Vioxx, those alternative drugs inhibit the body's production of thromboxane.

Thromboxane causes platelets in human blood to stick together, leading to blood clots, strokes, heart attacks and other cardiac illness.

14.     Even if it were true, however, as Merck has stated, that Cox-2 inhibitors like Vioxx and Celebrex do not directly cause heart attacks, strokes, and cardiac illness or the increased risk of those illnesses, it is still clear that switching from most alternative and competing pain relief medications to Vioxx and Celebrex indirectly causes those illnesses and/or that increased risk.  For that reason, Vioxx and Celebrex have been and continue to be falsely marketed as being safer than alternative pain relievers, some of which -- unlike Vioxx and Celebrex -- actually help prevent and reduce the likelihood that patients will suffer heart attacks, strokes and other cardiac illness.

15.     Consumers, but particularly elderly consumers who already suffer or have a higher risk of suffering cardiovascular disease, are being being misled by defendants because they are not being advised that by switching from most alternative, more traditional pain relievers to Vioxx and Celebrex, they are increasing the likelihood that they will suffer heart attacks, strokes and other cardiac illness.  The packaging, labels and other information made available to the public concerning both drugs do not alert patients to these serious health dangers and risks.

16.     Plaintiffs seek, *inter alia*, emergency notice to class members and revised patient warnings in package inserts to take the form of additional medical labeling, so that class members will be apprised of these findings and more adequately warned of the hazardous side effects and serious health risks to which they have exposed and are continuing to expose themselves by taking and/or switching to Vioxx and Celebrex from more traditional, alternative pain relievers.  Notice to patients, as opposed solely to physicians, is required in order to ensure that all persons taking Vioxx and Celebrex will receive the

information. Plaintiffs also seek the establishment of a Court-ordered and supervised medical monitoring program to be funded by defendants for patients who have taken Vioxx or Celebrex.

17.    Absent emergency notice and revised patient warnings, at a minimum, hundreds of thousands -- if not millions -- of individuals will unwittingly continue treating osteoarthritis and similar conditions with Vioxx and Celebrex. That treatment will be based on these individuals' erroneous assumption that Vioxx and Celebrex are safer and more effective than alternative, less costly pain relief medications.

18.    Upon receiving notice, many class members, particularly elderly people and those with any history of cardiac illness, will likely stop taking Vioxx and Celebrex and resume taking alternative, more traditional pain relievers, thereby avoiding and decreasing the risk that they will suffer strokes, heart attacks and other cardiac illness. Class members should be afforded the opportunity to make an informed, educated choice as to whether they should continue to take Vioxx and Celebrex. They should also be afforded the opportunity to make an informed, educated choice as to whether they should switch to Vioxx and/or Celebrex from more traditional, alternative pain relief medications.

19.    Plaintiffs also seek, for themselves and other class members, refunds of all amounts paid to purchase Vioxx and Celebrex, as well as all other ascertainable economic and non-economic losses they have suffered and/or will continue to suffer, including medical expenses to be incurred in consulting with physicians regarding the information to be disclosed, medical expenses already incurred for any cardiac illness already caused by their taking Vioxx and Celebrex, damages for wrongful death as a result of cardiac illness caused by their taking Vioxx and Celebrex, and all such other relief to which they are entitled, including reasonable attorneys' and expert fees.

## PARTIES

20.     Plaintiff Alex Cain is a resident and citizen of the State of Georgia.  At all times relevant herein, plaintiff took Vioxx and Celebrex, which were prescribed to him for osteoarthritis, and was unaware of the shortcomings of and health risks posed by the drugs, as more fully set forth herein.  As a result of his taking Vioxx and Celebrex, Mr. Cain recently suffered two cardiac illnesses, both of which required hospitalization.

21.     Plaintiff William Watkins is a resident and citizen of the State of Georgia.  At all times relevant herein, plaintiff took Vioxx and Celebrex, which were prescribed to him for osteoarthritis, and was unaware of the shortcomings of and health risks posed by the drugs, as more fully set forth herein.  As a result of his taking Celebrex, Mr. Watkins suffered a cardiac illness, which required surgery and hospitalization.

22.     Defendant Merck has its principal place of business and is incorporated in New Jersey.  At all times relevant hereto, Merck was engaged in the business of developing, manufacturing, marketing and selling Vioxx.  Merck does substantial business in New York and in this federal district.  At all times relevant hereto, Merck developed, manufactured, marketed and sold Vioxx in interstate commerce and in New York.

23.     Defendant Pharmacia has its principal place of business in New Jersey and is incorporated in Delaware.  At all times relevant hereto, Pharmacia was engaged in the business of developing, manufacturing, marketing and selling Celebrex.  Pharmacia does substantial business in New York and in this federal district.  At all times relevant hereto, Pharmacia, directly and indirectly through its subsidiary, Searle, developed and manufactured and then, with Pfizer, marketed and sold Celebrex in interstate commerce and in New York.

24.     Defendant Pfizer has its principal place of business in New York and is incorporated in Delaware.  At all times relevant hereto, Pfizer was engaged in the business of marketing and selling Celebrex with Pharmacia and Searle.  Pfizer does substantial business in New York and in this federal district.  At all times relevant hereto, Pfizer marketed and sold Celebrex in interstate commerce and in New York.

25.     Defendant Searle has its principal place of business in Illinois and is incorporated in Delaware.  At all times relevant hereto, Searle was engaged in the business of developing, manufacturing, marketing and selling Celebrex.  Searle does substantial business in New York and in this federal district.  At all times relevant hereto, Searle developed, manufactured, marketed and sold Celebrex in interstate commerce and in New York.

## JURISDICTION

26.     Plaintiffs allege an amount in controversy in excess of $75,000, exclusive of interest and Court costs, as to themselves and as to each member of the proposed class.

27.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 as to plaintiffs and as to every member of the proposed class; because the individual plaintiffs' damage claims exceed said amount; and because the Class has an undivided interest in obtaining injunctive/equitable relief, including emergency notice, revised drug warnings and medical monitoring, that exceeds $75,000 in value.

28.     There is complete diversity of citizenship between plaintiffs and defendants.

## CLASS ACTION ALLEGATIONS

29.    Plaintiffs bring this action as a class action for equitable, injunctive, monetary and declaratory relief pursuant to Federal Rule of Civil Procedure 23, as representatives of a class of persons consisting of all persons in the United States, including their successors in interest, who have taken Vioxx and/or Celebrex since those products were first made available to patients in 1999.

30.    Plaintiffs are members of the class they seek to represent.  The members of the class, estimated to be millions of individuals, are so numerous that joinder is impractical. The questions of law and fact common to the members of the class predominate over any questions affecting only individual class members, because defendants have acted on grounds generally applicable to the class.

31.    There are numerous questions of law and fact common to the class and all class members including, but not limited to:

   (a)    whether Vioxx and Celebrex cause patients to have heart attacks, strokes and other cardiac illness as well as cause an increased risk that patients will suffer those illnesses as compared to patients who take alternative, less expensive pain relief medications to treat the same and/or similar medical conditions;

   (b)    whether Vioxx and Celebrex are any more effective in reducing pain and inflammation than alternative, less costly pain relief medications;

   (c)    whether defendants adequately warned patients of the hazardous side-effects and serious health dangers and risks to which they have exposed and are continuing to expose themselves by taking and/or switching to

Vioxx and Celebrex from more traditional, alternative pain relief medications;

(d)     whether defendants' failure to warn patients of those hazardous side effects and serious health dangers and risks was intentional, reckless or negligent;

(e)     whether emergency notice and revised patient warnings should be disseminated to class members to ensure that they are informed of the hazardous side-effects and serious health dangers and risks to which they have exposed and are continuing to expose themselves by taking Vioxx and Celebrex and/or switching to Vioxx and Celebrex from more traditional, alternative pain relief medications;

(f)     whether defendants negligently designed, manufactured, marketed, and/or issued warnings about Vioxx and Celebrex;

(g)     whether defendants conducted, either directly or indirectly, appropriate pre- and post-release testing of Vioxx and Celebrex; and

(h)     whether individuals who have taken Vioxx and Celebrex are entitled to monetary relief and/or other forms of compensation for the harm caused by defendants' conduct.

32.     Plaintiffs' claims are typical of the members of the class.  Plaintiffs and all other class members took Vioxx and/or Celebrex to relieve medical conditions like pain and inflammation.  Plaintiffs and all other class members were, are, and continue to be harmed by the same wrongful conduct of defendants.

33.     Plaintiffs will fairly and adequately represent and protect the interests of all class members.  Plaintiffs have retained counsel competent and experienced in complex class

action litigation. The interests of the plaintiffs are coincident with, and not antagonistic to, the interests of the other class members.

34.     Notice can be provided to class members by a combination of published notice, Internet notice, and first-class mail using techniques and forms of notice similar to those customarily used in drug-related product liability, personal injury and other consumer class actions.

35.     Class certification is appropriate because defendants have acted, or refused to act, on grounds generally applicable to the class, making appropriate preliminary and final injunctive and declaratory relief consisting of emergency notice, revised patient warnings and medical monitoring with respect to plaintiffs and other class members. In addition, the prosecution of separate actions by or against individual class members would create a risk of incompatible standards of conduct for defendants and inconsistent or varying adjudications for all parties.

36.     Class action treatment is a superior method to the alternatives, if any, for the fair and efficient adjudication of this controversy, in that, among other things, it permits a large number of similarly situated persons to prosecute their claims against a limited number of defendants in a single forum simultaneously, efficiently and without unnecessary duplication of evidence, effort and expense.

## FIRST CLAIM FOR RELIEF
## STRICT PRODUCT LIABILITY
## (FAILURE TO WARN)

37.     Plaintiffs incorporate by reference paragraphs one through thirty-six of this complaint as if fully set forth herein.

38.    Vioxx and Celebrex, as manufactured and/or supplied by defendants, have been and continue to be unaccompanied by adequate warnings regarding the fact that they cause heart attacks, strokes and other cardiac illness, as well as cause the increased risk that patients taking these drugs will suffer those illnesses. There are no warnings to patients taking these drugs alerting them to the serious health dangers and risks to which they have exposed and are continuing to expose themselves by taking Vioxx or Celebrex, as compared with their taking alternative, less expensive, more traditional pain relief medications for the same and/or similar medial conditions.

39.    Defendants failed to perform adequate testing prior to manufacturing, marketing and selling Vioxx and Celebrex to patients. Adequate testing would have shown that patients who take and/or switch to Vioxx and Celebrex from more traditional, alternative pain relief medications are substantially more likely to suffer heart attacks, strokes and other cardiac illness. Adequate testing would have shown that taking and/or switching to Vioxx and Celebrex from alternative, more traditional pain relief medications cause those conditions.

40.    Vioxx and Celebrex, as manufactured and/or supplied by defendants, were defective products due to defendants' inadequate post-marketing warnings and instructions. Moreover, after defendants knew or should have known that Vioxx and Celebrex posed greater health dangers and risks to patients than more traditional, alternative medications, defendants failed to take steps to warn and/or cause patients to be advised of such dangers and risks. Defendants also failed to take steps to warn and/or cause patients to be advised of the serious health dangers and risks to which they have exposed and are continuing to expose themselves by switching from most alternative, more traditional pain relievers to Vioxx and Celebrex.

13

41.     As the proximate cause and legal result of the defective and/or hazardous

condition of Vioxx and Celebrex as manufactured and/or supplied by defendants,

plaintiffs and other class members require reasonable and necessary health care, attention

and services, will continue to incur medical, health, incidental and related expenses, and

require updated warnings and emergency notification so that they will fully understand

the serious health dangers and risks to which they have exposed and are continuing to

expose themselves by taking and continuing to take Vioxx and Celebrex.  Absent such

equitable relief, plaintiffs and other class members will continue to suffer irreparable

injury for which there is no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## STRICT PRODUCT LIABILITY

42.     Plaintiffs incorporate by reference paragraphs one through forty-one of this

complaint as if fully set forth herein.

43.     Vioxx and Celebrex, as manufactured and/or supplied by defendants, were

defective and/or hazardous in design or formulation, in that, when those drugs left the

hands of the manufacturers and/or suppliers, the foreseeable risks to patients who would

take the drugs exceeded the benefits associated with their design or formulation.

44.     Alternatively, Vioxx and Celebrex, as manufactured and/or supplied by

defendants, were defective and/or hazardous in design or formulation, in that, when the

drugs left the hands of the manufacturers and/or suppliers, the drugs were unreasonably

dangerous, more dangerous than an ordinary consumer would expect, and more

dangerous than other forms of more traditional, anti-inflammatory, pain relief

medications.

45.     Vioxx and Celebrex, as manufactured and/or supplied by defendants, were
defective and/or hazardous to patients due to inadequate warnings and instructions.  The
defendants knew or should have known that Vioxx and Celebrex would pose significant
health dangers and risks to patients, as compared to traditional, prescription and non-
prescription pain relief medications that patients usually took for the same or similar
medical conditions.  The defendants also knew or should have known that Vioxx and
Celebrex were particularly dangerous for patients who switched to these drugs from more
traditional, alternative pain relief medications.

46.     As the proximate cause and legal result of the defective and/or hazardous
condition of Vioxx and Celebrex as manufactured and/or supplied by defendants,
plaintiffs and other class members require reasonable and necessary health care, attention
and services, will continue to incur medical, health, incidental and related expenses, and
require updated warnings and emergency notification so that they will fully understand
the serious health dangers and risks to which they have exposed and are continuing to
expose themselves by continuing to take Vioxx and Celebrex.  Absent such equitable
relief, plaintiffs and other class members will continue to suffer irreparable injury for
which there is no adequate remedy at law.

**THIRD CLIAM FOR RELIEF**
**NEGLIGENCE**

47.     Plaintiffs incorporate by reference paragraphs one through forty-six of this
complaint as if fully set forth.

48.     Defendants had and continue to have a duty to exercise reasonable care in the
development, manufacture, sale and/or distribution of Vioxx and Celebrex into the stream
of commerce, including a duty to ensure that the drugs work safely and effectively for

their intended uses, which reasonably and foreseeably included a reduction of inflammation, swelling, stiffness and pain without causing patients to suffer heart attacks, strokes and other cardiac illness and without causing patients to have an increased risk of suffering those illnesses.

49.    Defendants have failed to exercise reasonable care in the development, manufacture, sale, testing, quality assurance, quality control and/or distribution of Vioxx and Celebrex into interstate commerce in that defendants knew or should have known that Vioxx and Celebrex cause heart attacks, strokes and other cardiac illness. Defendants also knew or should have known that Vioxx and Celebrex cause patients who take, or switch to these drugs from more traditional, alternative pain relievers, to be more likely to suffer heart attacks, strokes and other cardiac illness.

50.    Defendants were negligent in the design, manufacture, testing, advertising, warning, marketing, sale of and provision of warnings with respect to Vioxx and Celebrex in that they:

    (a)    failed to use reasonable care in designing and manufacturing Vioxx and Celebrex so as to avoid the aforementioned risks to individuals who were prescribed, switched to, and/or took these drugs;

    (b)    failed to accompany these products with proper warnings regarding all possible adverse drug effects and potential health dangers and risks that could result from patients' taking Vioxx or Celebrex and/or switching to Vioxx or Celebrex from more traditional, alternative pain relief medications;

(c)     failed to conduct adequate pre-clinical and clinical testing and post-marketing surveillance to determine the effective use and safety of Vioxx and Celebrex;

(d)     failed to provide adequate training and information to physicians and other medical care providers concerning the appropriate use -- and serious health dangers and risks that would arise from patients' use -- of Vioxx and Celebrex;

(e)     failed to warn plaintiffs and other class members, prior to marketing and distributing Vioxx and Celebrex, either directly or indirectly through physicians, orally or in writing, that taking and/or switching to Vioxx and Celebrex from more traditional, alternative pain relievers would cause heart attacks, strokes and other cardiac illness as well as the increased likelihood that patients would suffer those illnesses; and

(f)     Were otherwise careless or negligent.

51.     Despite the fact that defendants knew or should have known that taking and/or switching to Vioxx and Celebrex from more traditional, alternative pain relief medications posed serious health dangers and risks to patients, defendants have continued to market Vioxx and Celebrex without disclosing those serious health dangers and risks.

52.     Defendants knew or should have known that consumers such as plaintiffs and other class members would suffer foreseeable injury as a result of defendants' failure to exercise ordinary care, including irreparable injury which has been and will continue to be suffered by unsuspecting patients who take and/or switch to these drugs, absent a grant of the equitable relief described above.

53.    Defendants' negligence was a proximate cause of plaintiffs' and other class members' economic and non-economic loss, which they have suffered and continue to suffer.

## FOURTH CLAIM FOR RELIEF
## BREACH OF EXPRESS WARRANTY

54.    Plaintiffs incorporate by reference paragraphs one through fifty-three of this complaint as if fully set forth herein.

55.    Defendants have expressly warranted that Vioxx and Celebrex are safe and effective drugs.

56.    Vioxx and Celebrex do not conform to this express representation in that the information provided by defendants concerning these drugs fails to advise patients that, as a result of their taking and/or switching to Vioxx and Celebrex from more traditional, alternative pain relief medications, patients will suffer heart attacks, strokes and other cardiac illness as well as increase the risk that they will suffer such illnesses. The information provided by defendants also fails to advise patients that alternative, less expensive, more traditional pain relief medications used to treat the same or similar medical conditions for which Vioxx and Celebrex are prescribed do not present such risks. Defendants have never advised and, to this day, continue to refuse to advise patients or cause patients to be advised, of the serious health dangers and risks to which they have exposed and are continuing to expose themselves by taking Vioxx and Celebrex and/or by switching to Vioxx and Celebrex from more traditional, alternative pain relief medications.

57.     As a direct and proximate result of the breach of said warranties, plaintiffs and other class members have suffered and will continue to suffer economic and non-economic loss in amounts to be proven at trial.

**FIFTH CLAIM FOR RELIEF**
**BREACH OF IMPLIED WARRANTY**

58.     Plaintiffs incorporate by reference paragraphs one through fifty-seven of this complaint as if fully set forth herein.

59.     At the time defendants marketed, sold, and distributed Vioxx and Celebrex, defendants knew the uses for which Vioxx and Celebrex were intended and impliedly warranted the products to be of merchantable quality and fit for such uses.

60.     Plaintiffs and other class members and their physicians reasonably relied upon the skill and judgment of defendants as to whether Vioxx and Celebrex were of merchantable quality and fit for their intended uses.

61.     Contrary to such implied warranties, Vioxx and Celebrex were neither of merchantable quality nor fit for their intended uses.  Because of the serious health dangers and risks posed by the drugs, the drugs were unfit for the ordinary purposes for which they were prescribed and used, as described above.

62.     As a direct and proximate result of these breaches of implied warranties, plaintiffs and other class members have suffered and continue to suffer economic and non-economic loss as alleged herein.

## CLASS ACTION INJUNCTIVE, EQUITABLE
## AND MONETARY RELIEF

63.     Plaintiffs incorporate by reference paragraphs one through sixty-two of this

complaint as if fully set forth herein.

64.     Defendants have a continuing duty to warn plaintiffs, other class members, and

the public of all potential health risks and dangers of which they become or should

become aware.  There have been studies conducted, some of which are continuing,

regarding these risks and dangers.  As a proximate result of defendants' conduct as

described herein, plaintiffs, on behalf of themselves and all others similarly situated, are

entitled to damages and/or equitable relief in the form of emergency notice, revised drug

warnings and/or equivalent remedial and corrective action, to accurately reflect and

publicize all known health dangers and risks to which individuals taking Vioxx and

Celebrex and/or switching to Vioxx and Celebrex from more traditional, alternative pain

relief medications have exposed and are continuing to expose themselves.

65.     Defendants should be required to provide information, including appropriate and

updated product warnings, to individuals who currently take and/or have previously taken

Vioxx and Celebrex to apprise them of updated information concerning these drugs and

of the serious health dangers and risks to which they have been and continue to be

exposed by taking and/or switching to these drugs.

66.     Plaintiffs' and other class members' current cardiac illness and/or their now

increased risk of suffering heart attacks, strokes, and other cardiac illness as a result of

their taking and/or switching to Vioxx and Celebrex from more traditional, alternative

pain relief medications makes periodic diagnostic and medical examinations necessary

and reasonable. Easily administered, cost-effective medical monitoring procedures exist which may be applied to plaintiffs and other class members.

67.     Plaintiffs and other class members are also entitled to damages, as are their estates or heirs, for wrongful death, pain, suffering, illness, medical expenses, and lost earnings that have been caused by their taking Vioxx and Celebrex and/or their switching to Vioxx and Celebrex from more traditional, alternative pain relief medications.

68.     WHEREFORE, PLAINTIFFS PRAY FOR RELIEF AS FOLLOWS:

     (a)     That this action be certified as a class action under Rule 23 of the Federal Rules of Civil Procedure on behalf of the proposed class of individuals who have taken Vioxx and/or Celebrex, that the named plaintiffs be designated as representatives of the class, and that named counsel be designated class counsel;

     (b)     That defendants be ordered to implement a comprehensive, Court-supervised program which will:

          (1)     Locate and notify all persons who have taken Vioxx and/or Celebrex of the serious health dangers and risks to which they have been and will continue to be exposed by taking and/or switching to these drugs, as compared with their taking more traditional, less costly pain relief medications used to treat the same or similar medical conditions;

          (2)     Create a trust fund, paid for by defendants, to finance a medical monitoring program to deliver services, including but not limited to testing, preventive screening and surveillance for conditions

resulting from, or potentially resulting from, the use of Vioxx and Celebrex;

(3)    Provide class members with revised and updated warnings on drug labels and drug packaging; and

(4)    Include new warnings on defendants' Internet websites and in the U.S. Product Prescribing Information for Vioxx and Celebrex that appear in the Physicians' Desk Reference.

(c)    That plaintiffs and other class members be awarded damages incidental to their procurement, taking and/or switching to Vioxx and Celebrex from alternative pain relievers, including but not limited to damages for wrongful death, heart attacks, strokes or any other cardiac illness they have already suffered as well as damages for the increased risk that they will suffer those illnesses in the future;

(d)    That defendants refund and make restitution of all monies procured from the sale of Vioxx and Celebrex to plaintiffs and other class members;

(e)    That plaintiffs and other class members be awarded attorneys' fees, expert fees, expenses, and costs of this action; and

(f)    That plaintiffs and other class members be awarded such other, further and different relief as the nature of this case may require or as this Court may deem necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury, pursuant to Rule 38(b) of the Federal

Rules of Civil Procedure, of all issues triable by jury.

Dated: August 1, 2001

BOIES, SCHILLER & FLEXNER LLP
David Boies
80 Business Park Drive
Suite 110
Armonk, New York 10504
Telephone:      (914) 273-9800
Facsimile:      (914) 273-9810

*Nicholas A. Gravante, Jr.*

BOIES, SCHILLER & FLEXNER LLP
Nicholas A. Gravante, Jr. (NG-0411)
Kenneth G. Walsh (KW-1654)
570 Lexington Avenue, 16th Floor
New York, New York 10022
Telephone:      (212) 446-2300
Facsimile:      (212) 446-2350

Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

I, Kenneth G. Walsh, hereby certify that on August 1, 2001, a copy of the

foregoing Amended Class Action Complaint was served by hand upon the following:

James D. Arden
Sidley Austin Brown & Wood
One World Trade Center
New York, NY 10048
Attorneys for Defendant Pharmacia Corp.

Robb W. Patryk
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004
Attorneys for Defendant Merck & Co., Inc.

John J.P. Howley
Kay Scholer LLP
425 Park Avenue
New York, NY 10022
Attorneys for Defendant Pfizer Inc.

_____
Kenneth G. Walsh  (KW-1654)