

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DONALD STINSON, | * | In re: VIOXX PRODUCTS |
| an Individual, | * | LIABILITY LITIGATION |
| | * | MDL Docket No. 1657 |
| Plaintiff, | * | |
| | * | CASE NO. 05-5494 |
| v. | * | |
| | * | SECTION L – DIVISION 3 |
| MERCK & CO., INC., | * | JUDGE FALLON |
| a Foreign Corporation, | * | MAG. JUDGE KNOWLES |
| | * | |
| Defendant. | * | TRIAL BY JURY REQUESTED |

## COMPLAINT

COMES NOW, Donald Stinson, complaining of Merck & Co., Inc., and for his cause of action against Defendant states as follows:

### Statement of the Parties

1. Plaintiff, Donald Stinson, is over the age of 19 years and is currently a resident of Cheatham County, Tennessee.

2. Defendant Merck & Co., Inc. is incorporated in the State of New Jersey and has its principal place of business in White House Station, New Jersey. At all times relevant hereto, Defendant Merck & Co., Inc., was in the business of designing, testing, manufacturing, labeling,

- 1 -

advertising, marketing, promoting, selling and distributing pharmaceuticals and other products, including VIOXX (Rofecoxib). Merck & Co., Inc., does business by agent in Tennessee and, on information and belief, at all times relevant, advertised, marketed, promoted, sold and/or distributed VIOXX (Rofecoxib) in Cheatham County, Tennessee.

3. Notice to Defendant Merck & Co., Inc., can be made, pursuant to Pre-Trial Order No. 15, through its Corporate Headquarters at Merck & Co., Inc., One Merck Drive, P.O. Box 100, Whitehouse Station, New Jersey 08889-0100, as Defendant Merck has agreed to waive service of process for all VIOXX-related individual cases filed in federal court.

4. Merck & Co., Inc., is hereinafter referred to as "Defendant."

**Statement of the Facts**

5. This is a civil action brought on behalf of Plaintiff, Donald Stinson, who was prescribed and used the prescription medication VIOXX (Rofecoxib) from April 2000 through April 2002 for treatment of his arthritis. As a direct and proximate result of ingesting Vioxx, Donald Stinson suffered physical injuries including a heart attack on October 14, 2000.

6. The subject matter of this Complaint is also the subject matter of multi-district litigation commenced pursuant to 28 U.S.C. §1407 in MDL No. 1657 in the Eastern District of Louisiana. The presiding Judge is U.S. District Judge Eldon E. Fallon. Personal jurisdiction and subject matter jurisdiction are appropriate in this court as to Defendant, pursuant to Pre-Trial Order No. 11, as Defendant has availed themselves of this jurisdiction and venue.

7. Defendant has been and/or is currently engaged in business, directly or by authorized agent, in Cheatham County, Tennessee. Venue and jurisdiction are therefore proper, as to this Plaintiff, in United States District Court for the Middle District of Tennessee, Nashville Division,

M001846175

and in MDL No. 1657 in the Eastern District of Louisiana. The claims of Donald Stinson satisfy the jurisdictional amount of this Court.

8. VIOXX (Rofecoxib) was a prescription drug designed to treat pain through reduced inflammation. It is a cox-2, selective, non-steroidal, anti-inflammatory agent (NSAID). Defendant did manufacture, design, package, market, sell and distribute Vioxx. Defendant encouraged the use of this drug through an aggressive marketing campaign, including through its detail sales representatives and direct-to-consumer advertising. Defendant misrepresented the safety and effectiveness of this drug and concealed or understated its dangerous side effects. As a result of Defendant's actions, Donald Stinson was injured.

9. At all times relevant hereto, Defendant actually knew of the defective nature of their product as herein set forth, yet continued to design, manufacture, market, distribute and sell their product so as to maximize sales and profits at the expense of the general public's health and safety in conscious disregard of the foreseeable harm caused by these products. Defendant's conduct exhibits such an entire want of care as to establish that their actions were a result of fraud, ill will, recklessness, gross negligence or willful and intentional disregard to Donald Stinson's individual rights, and, hence, punitive damages are appropriate.

## COUNT I – STRICT LIABILITY

10. Plaintiff re-alleges all prior paragraphs of this complaint as if fully set out herein.

11. Vioxx (Rofecoxib), which was designed, manufactured, marketed, sold, and/or supplied by Defendant, was placed into the stream of commerce in a defective and unreasonably dangerous condition as designed, taking into account the utility of the product and the risk involved in its use.

M001846176

12. Further, the pharmaceutical VIOXX (Rofecoxib) was defective and unreasonably dangerous as packaged, labeled, marketed, promoted, and/or advertised due to Defendant's inadequate warnings and/or instructions, independently and when coupled with its aggressive marketing campaign.

13. The pharmaceutical VIOXX (Rofecoxib) was defective and unreasonably dangerous due to Defendant's inadequate testing.

14. Additionally, Defendant failed to provide timely and adequate post-marketing warnings or instructions.

15. As a direct and proximate result of Defendant's conduct, Donald Stinson was injured as described above.

WHEREFORE, Donald Stinson demands judgment against Defendant in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

## COUNT II – NEGLIGENCE

16. Plaintiff realleges all prior paragraphs of this complain0t as if fully set out herein.

17. Defendant had a duty to exercise reasonable care in the design, manufacture, marketing, sale, testing and/or distribution of VIOXX (Rofecoxib) into the stream of commerce. Defendant failed to exercise ordinary care in the design, manufacture, marketing, sale, testing and/or distribution of VIOXX (Rofecoxib) into the stream of commerce. Defendant knew or should have known that VIOXX (Rofecoxib) created an unreasonable risk of bodily harm, including the risk of death.

18. Despite the fact that the Defendant knew or should have known that VIOXX (Rofecoxib) caused unreasonably, dangerous side effects which many users would be unable to remedy by any means, the Defendant continued to market VIOXX (Rofecoxib) to the consuming public

M0018461177

when there were adequate and safer alternative methods of treatment or opportunities for more meaningful warnings.

19. Defendant knew or should have known that consumers such as Donald Stinson would foreseeably suffer injury or death as a result of the Defendant's failure to exercise ordinary care as described herein. Defendant's negligence was a contributing cause of Donald Stinson's injuries and his economic and non-economic loss.

WHEREFORE, Donald Stinson demands judgment against Defendant in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

## COUNT III – BREACH OF EXPRESS WARRANTY

20. Plaintiff realleges all prior paragraphs of this complaint as if fully set out hereto.

21. Defendant made express representations through direct-to-consumer advertising and pharmaceutical sales representatives that Vioxx was safe and efficacious, including for users such as Donald Stinson.

22. As a result of these representations, Donald Stinson did ingest VIOXX (Rofecoxib) for treatment of his arthritis pain.

23. Vioxx did not conform to the express representations of Defendant in that Vioxx was not safe and had high levels of life-threatening side effecting, mainly heart attacks and stroke.

24. As a direct and proximate result of Defendant's wrongful conduct, Donald Stinson was injured as described above.

WHEREFORE, Donald Stinson demands judgment against Defendant in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

## COUNT IV – BREACH OF IMPLIED WARRANTY

25. Plaintiff realleges all prior paragraphs of the Complaint as if fully set out herein.

M001846178

26. At the time Defendant marketed, sold and distributed VIOXX (Rofecoxib) for use by the general consuming public, including Donald Stinson, the Defendant knew of the use for which VIOXX (Rofecoxib) was intended and impliedly warranted the product to be of merchantable quality, and safe and fit for such use.

27. Donald Stinson reasonably relied upon the skill and judgment of the Defendant as to whether VIOXX (Rofecoxib) was of merchantable quality, and safe and fit for its intended use.

28. Contrary to such implied warranty, VIOXX (Rofecoxib) was not of merchantable quality, or safe or fit for its intended use, because the product was and is unreasonably dangerous and unfit for the ordinary purposes for which it was intended and used as described above.

29. As a direct and proximate result of Defendant's wrongful conduct, Donald Stinson was injured as decribed above.

WHEREFORE, Donald Stinson demands judgment against Defendant in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

## COUNT V – FRAUD

30. Donald Stinson realleges all prior paragraphs of the Complaint as if fully set out herein.

31. Defendant negligently, recklessly, intentionally and fraudulently made material misrepresentations that VIOXX (Rofecoxib) was safe and effective.

32. Prior to and following the introduction of VIOXX (Rofecoxib) into the market as a prescription medication, Defendant set in motion a campaign to market its product. Defendant's representations made concerning VIOXX (Rofecoxib) as a safe and effective drug were made so that Donald Stinson and the general consuming public would rely on said representations and take this drug. In fact, Donald Stinson did rely on Defendant's representations in this regard.

M００１８４６１７９

33.   At the time Defendant made these representations, it was aware that these representations were false and/or made these representations with reckless disregard to their truth. As a result of Defendant's fraud and misrepresentation, Donald Stinson suffered injuries and damages.

WHEREFORE, Donald Stinson demands judgment against Defendant in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs.

## DAMAGES

34.   Upon the trial of this case, it will be shown that Donald Stinson was caused to sustain injuries and damages as a direct and proximate result of Defendant's conduct individually, separately, and in concert; and Donald Stinson will respectfully request the Court and jury to determine the amount of loss he has suffered and incurred, in the past and in the future, not only from a financial standpoint, but also in terms of anxiety, distress, fear, pain, suffering and distress secondary to any physical injury and damages.

35.   At all times relevant hereto, Defendant actually knew of the defective nature of its product as herein set forth and continued to design, manufacture, market, distribute and sell their product so as to maximize sales and profits at the expense of the public health and safety in conscious disregard of the foreseeable harm caused by this product. Defendant's conduct exhibits such an entire want of care as to establish that their actions were a result of fraud, ill-will, recklessness, gross negligence, or willful or intentional disregard of Donald Stinson's individual rights. Donald Stinson, therefore, is entitled to punitive damages from the corporate Defendant.

36.   Donald Stinson hereby requests a trial by jury on all issues in this case and hereby tenders the requisite jury fee simultaneously with this Complaint.

**WHEREFORE, PREMISES CONSIDERED,** Donald Stinson prays that Defendant be cited to appear and answer herein; that upon final trial herein, that he recovers damages as set

M001846180

forth above from Defendant, including costs of Court, pre-judgment and post-judgment interest at the legal rates, and punitive damages, and that he has such other and further relief, both general and special, at law and in equity, to which he may be justly entitled under the facts and attending circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, David Stinson, demands a trial by jury on all issues presented herein.

Signed this 7th day of November, 2005.

*/s/ Andy Birchfield, Jr.*
ANDY BIRCHFIELD, JR.
J. PAUL SIZEMORE

**OF COUNSEL:**
Andy Birchfield, Jr.
J. Paul Sizemore
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, AL 36103-4160
Phone (334) 269-2343
Fax    (334) 954-7555

M００１８４６１８１

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DONALD STINSON an Individual, | * * * | In re: VIOXX PRODUCTS LIABILITY LITIGATION MDL Docket No. 1657 |
| Plaintiff, | * * | |
| v. | * * | CASE NO. 05-5494 |
| MERCK & CO., INC., a Foreign Corporation, | * * * * | SECTION L – DIVISION 3 JUDGE FALLON MAG. JUDGE KNOWLES |
| Defendant. | * | |

## NOTICE OF LAWSUIT

TO:  MERCK & CO., INC.
c/o Ellen M. Gregg
Womble, Carlyle, Sandridge & Rice, P.L.L.C.
301 North Main Street, Suite 300
Winston-Salem, North Carolina 27101
MDL@wcsr.com

This is not a formal summons or notification from the court, but my notice, subject to the provisions of Fed. R. Civ. P. 4(d) (as modified in *MDL Pretrial Order No. 15*), that a lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the Complaint is attached to this notice. It has been filed in the United States District Court, Eastern District of Louisiana.

You are required to acknowledge confirmation of first receipt of this notification and Complaint via e-mail or otherwise. You have sixty (60) days from the date of confirmation of receipt to answer or otherwise plead as set forth in *MDL Pretrial Order No. 15*.

Dated this the 3rd day of December, 2005

ANDY BIRCHFIELD, JR.
J. PAUL SIZEMORE

M0018846182

OF COUNSEL:

BEASLEY, ALLEN, CROW
METHVIN, PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
Telephone:   334-269-2343
Facsimile:   334-954-7555

M001846183