IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BOYD EDMONDS and JANET EDMONDS | § § | |
| Plaintiffs | § § | CIVIL ACTION NO. _____ |
| VS. | § § | |
| | § | Related to MDL No. 1657 |
| MERCK & CO., INC., | § | |
| Defendant | § § | |

## COMPLAINT

Plaintiffs **BOYD EDMONDS** and **JANET EDMONDS,** bring this suit against **MERCK & CO., INC.,** and would respectfully show the Court the following:

### I.
### PARTIES

1. Plaintiffs **BOYD EDMONDS** and **JANET EDMONDS** are citizens of Guntersville, Alabama.

2. Defendant Merck & Co., Inc., hereinafter "Defendant," a New Jersey corporation, with its principal place of business in New Jersey, has waived its rights to service of process pursuant to PTO No. 15 in MDL 1657.

3. Federal jurisdiction is premised on diversity, 28 U.S.C. §1332(a)(1), as the parties are citizens of different states. The matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars ($75,000.00).

### II.
### AGENCY

4. Whenever in this Complaint it is alleged that Defendant did any act or thing, it is meant that Defendant Merck & Co., Inc., through its employees or representatives, did such act or thing, and that at the time such act or thing was

M0028145589

done, it was done in the ordinary course and scope of employment of the Defendant's officers, agents, servants, employees or representatives.

## III.
## FACTUAL BACKGROUND

5. Defendant Merck & Co., Inc., is a pharmaceutical company that manufactured, marketed, advertised and distributed the prescription drug Vioxx.

6. Defendant Merck & Co., Inc. represented that Vioxx was a safe product for the treatment of pain and inflammation, and was safe for human consumption.

7. When taken as prescribed and as intended, however, Vioxx causes strokes, heart attacks, and other dangerous side effects.

8. Defendant Merck & Co., Inc., made false and fraudulent misrepresentations to the United States Food and Drug Administration, to prescribing physicians, and to the public concerning the potential adverse cardiovascular event caused by Vioxx.

9. As a result of taking Vioxx as prescribed, Plaintiff Boyd Edmonds suffered two heart attacks in 2001. His wife, Plaintiff Janet Edmonds suffered resulting loss of consortium.

## IV.
## NEGLIGENCE AND GROSS NEGLIGENCE

10. Defendant Merck & Co., Inc. owed Plaintiffs a duty to exercise reasonable care in all aspects of producing and delivering Vioxx to the public, including but not limited to its formulation, manufacture, marketing, labeling, advertising, testing, distributing, and/or selling.

11. Defendant, however, breached the duties owed Plaintiffs in the following respects:

M002814590

    a)    By failing to conduct adequate pre- and post- marketing investigations of Vioxx;

    b)    By failing to adequately and appropriately interpret the investigations that were conducted on Vioxx;

    c)    By selling a drug which it knew or should have known possessed dangerous side effects; and

    d)    By aggressively marketing Vioxx as safe when it knew or should have known of the dangerous side effects; and

    e)    By failing to adequately warn prescribing physicians and users of Vioxx's known dangerous side effects.

12. Each of the foregoing acts and omissions constituted negligence and/or gross negligence, and was a proximate cause of Plaintiffs' injuries and damages.

## V.
## STRICT PRODUCTS LIABILITY

13. Defendant Merck & Co., Inc., was in the business of formulating, marketing, selling, and placing pharmaceuticals, including Vioxx, into the stream of commerce.

14. Vioxx was in a defective condition and were unreasonably dangerous at the time it was formulated, marketed, sold and otherwise placed on the market, as it caused dangerous side effects.

15. The manufacturing, formulation and/or marketing defects of Vioxx were a producing cause of Plaintiffs' injuries and damages, thus subjecting Defendants to strict liability as set forth in Section 402A of the Restatement of Torts (Second).

## VI.
## STRICT PRODUCTS LIABILITY – BREACH OF WARRANTY

16. Defendant Merck & Co., Inc., expressly and impliedly warranted and represented that Vioxx, was proper, safe, and fit for its intended purpose.

M0028 14591

17. Defendant, however, breached such warranties and representations, both implied and expressed, in that Vioxx was not proper, safe, or fit for its intended purpose.

18. These defects were a producing cause of Plaintiffs' injuries and damages, and thus subject Defendant to liability for breach of the same and to strict liability as set forth in Section 402B of the Restatement of Torts (Second).

## VII.
## STRICT PRODUCTS LIABILITY – FAILURE TO WARN

19. Defendant Merck & Co., Inc., failed to provide warnings to either prescribing physicians or Vioxx users of Vioxx's dangerous side effects.

20. Defendant's failure to warn of Vioxx's dangerous side effects was a producing cause of Plaintiffs' injuries and damages, and thus subjects Defendant to liability as set forth in Section 402(A) of the Restatement of Torts (Second).

## VIII.
## MISREPRESENTATION AND FRAUD

21. Defendant Merck & Co., Inc., intentionally and fraudulently misrepresented the efficacy and safety of Vioxx to the U.S. Food and Drug Administration, to prescribing physicians, and to Vioxx users.

22. Defendant Merck & Co., Inc., intentionally and fraudulently failed to disclose pertinent information concerning the efficacy and safety of Vioxx to the U.S. Food and Drug Administration, to prescribing physicians, and to Vioxx users.

23. The U.S. Food and Drug Administration, prescribing physicians and Vioxx users justifiably relied on the misrepresentations, and Plaintiffs were injured as a result.

M002814592

## IX.
## DAMAGES

24. As a direct and proximate cause of the ingestion of Vioxx, Plaintiff Boyd Edmonds suffered damages in the past, and will continue to suffer damages in the future including but not limited to physical and mental pain and anguish, physical impairment, disfigurement, medical expenses, lost wages, and a loss of earning capacity.

25. As a direct and proximate cause of her husband's ingestion of Vioxx, Plaintiff Janet Edmonds suffered damages in the past, and will continue to suffer damages in the future, including but not limited to loss of consortium, loss of services, mental pain and anguish and pecuniary losses.

## X.
## EXEMPLARY DAMAGES

26. Defendant Merck & Co, Inc., was grossly negligent, reckless, callous and indifferent, and exhibited malice in regards to the rights and interests of Plaintiffs and those similarly situated.

27. Defendant Merck & Co., Inc., should, therefore, be punished for its misconduct by the imposition of a substantial sum as punitive and exemplary damages in order to set an example and deter others from engaging in similar misconduct.

## XI.
## JURY TRIAL

28. Plaintiffs respectfully request a jury trial in this cause on all issues.

29. Plaintiffs pray that Defendant Merck & Co., Inc., be cited to appear and answer herein, and that upon final hearing of this cause, Plaintiffs have judgment against the

Defendant together with both pre-judgment and post-judgment interest, costs of Court, and for such other relief, both general and special, to which Plaintiffs may be entitled, either at law or in equity.

        Respectfully submitted,

        **REICH & BINSTOCK**

BY: _____
     DENNIS C. REICH
     State Bar No. 16739600
     ROBERT J. BINSTOCK
     State Bar No. 02328350
     SHARI A. WRIGHT
     State Bar No. 22056700
     4265 San Felipe, Suite 1000
     Houston, Texas  77027
     Telephone:  (713) 622-7271
     Facsimile:  (713) 623-8724

M002814594

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BOYD EDMONDS and JANET EDMONDS | § § § | |
| Plaintiffs | § § | CIVIL ACTION NO. 2:05-cv-5450 |
| VS. | § § | |
| MERCK & CO., INC. | § | Related to MDL No. 1657 |
| Defendant | § | |

## NOTICE OF LAWSUIT & REQUEST FOR WAIVER OF SERVICE

To: Merck & Co., Inc., by and through its designated agent for service Ellen M. Gregg, Esq., Womble Carlyle Sandridge & Rice, PLLC, 301 N. Main Street, Suite 300, Winston-Salem NC 27101; MDL@wcsr.com

A lawsuit has been commenced against Merck & Co., Inc. A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the Eastern District of Louisiana, is related to MDL No. 1657, and has been assigned docket number 2:05-cv-5450.

This is not a formal summons or notification from the court, but rather my request that you waive service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive confirmation of receipt of this notice by e-mail within ten (10) days of the date below. My e-mail address is swright@reichandbinstock.com.

If you comply with this request and confirm receipt by e-mail, the lawsuit will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date you send confirmation of receipt of this notice.

If you do not return the signed waiver with the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the fill costs of such service of the summons, which is set forth on the enclosed waiver form.

M002814595

I affirm that this request is being sent to you on behalf of the plaintiffs, this 5TH day of December, 2005.

Respectfully submitted,

REICH & BINSTOCK

By: _____
SHARI WRIGHT
State ~~Bar No. 22056700~~
4265 San Felipe, Suite 1000
Houston, Texas 77027
Telephone: (713) 622-7271
Facsimile: (713) 623-8724
E-mail: swright@reichandbinstock.com