UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| In re: VIOXX PRODUCTS LIABILITY LITIGATION | MDL No. 1657 |
|---|---|
| | Section L |
| | Judge Eldon E. Fallon |
| | Magistrate Judge Daniel E. Knowles, III |

**THIS DOCUMENT RELATES TO:**
*Robert G. Smith v. Merck & Co., Inc.*, Case No. 2:05-CV-04379

## PLAINTIFF'S PROPOSED JURY INTERROGATORIES

Plaintiff Robert Garry Smith, by and through his attorneys, hereby submits the following Proposed Jury Interrogatories, attached as Exhibit "A."

The Court has entered an order bifurcating this trial on the issues of punitive damages. Plaintiff has and continues to object to the bifurcation in that it violates Kentucky law which requires that all damage issues and liability be tried concurrently.[1] Whether the Court considers such matters as substantive for *Erie* purposes or not, it should, at least, have exercised its discretion to preserve, to the extent possible, the rights of Garry Smith as a citizen of Kentucky. In light of the Court's order, however, Plaintiff has submitted to the Court the instruction this Court would be forced to give if it continues to try these issues separately. By including the latter form, Plaintiff does not waive his objection.

---

[1] *See* Ky. Rev. Civ. Stat. 411.186. Assessment of punitive damages.

(1) In any civil action where claims for punitive damages are included, the jury or judge if jury trial has been waived, shall determine concurrently with all other issues presented, whether punitive damages may be assessed.

Dated: September 25, 2006

                                        Respectfully submitted,

| | |
|---|---|
| Drew Ranier<br>Louisiana Bar No. 8320<br>**RANIER, GAYLE & ELLIOT LLC**<br>1419 Ryan Street<br>Lake Charles, Louisiana 70601<br>(337) 494-7171; fax (337) 494-7218 | /s/ Grant Kaiser<br>Grant Kaiser<br>Texas Bar No. 11078900<br>**THE KAISER FIRM LLP**<br>8441 Gulf Freeway, Suite 600<br>Houston, Texas 77017<br>(713) 223-0000; fax (713) 223-0440 |
| Walter Umphrey<br>Texas Bar No. 20380000<br>**PROVOST UMPHREY LAW FIRM LLP**<br>490 Park Street<br>Beaumont, Texas 77701<br>(409) 835-6000; fax (409) 838-8888 | Mikal Watts<br>Texas Bar No. 20981820<br>**THE WATTS LAW FIRM LLP**<br>Tower II Building, 14th Floor<br>555 North Carancahua Street<br>Corpus Christi, Texas 78478<br>(361) 887-0500; fax (361) 887-0055 |
| James L. "Larry" Wright<br>Texas Bar No. 22038500<br>**THE WATTS LAW FIRM LLP**<br>111 Congress Avenue, Suite 1010<br>Austin, Texas 78701<br>(512) 479-0500; fax (512) 473-0328 | John Eddie Williams, Jr.<br>Texas Bar No. 21600300<br>Jim Doyle<br>Texas Bar No. 6094450<br>**WILLIAMS BAILEY LAW FIRM LLP**<br>8441 Gulf Freeway, Suite 600<br>Houston, Texas 77017<br>(713) 230-2200; fax (713) 643-6226 |

ATTORNEYS FOR PLAINTIFF ROBERT G. SMITH

**CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing document has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 23rd day of September, 2006.

                /s/ Grant Kaiser
                Grant Kaiser
                **THE KAISER FIRM LLP**
                8441 Gulf Freeway, Suite 600
                Houston, Texas 77017
                (713) 230-0000; fax (713) 230-0440
                gkaiser@thekaiserfirm.com

cc  By email only:

    Robert Van Kirk    rvankirk@wc.com
    **Williams & Connolly LLP**
    725 Twelfth Street Northwest
    Washington, D.C.  20005
    (202) 434-5000; fax (202) 434-5029

    Carrie A. Jablonski    carrie.jablonski@bartlit-beck.com
    **Bartlit, Beck, Herman, Palenchar & Scott LLP**
    54 West Hubbard Street, Suite 300
    Chicago, Illinois 60610
    (312) 494-4400; fax (312) 494-4440

Exhibit "A"

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION | MDL No. 1657 |
| | Section L |
| | Judge Eldon E. Fallon |
| | Magistrate Judge Daniel E. Knowles, III |

**THIS DOCUMENT RELATES TO:**
*Robert G. Smith v. Merck & Co., Inc.*, Case No. 2:05

## PLAINTIFF'S PROPOSED JURY INTERROGATORIES

Please answer all questions except Question No. 3 by a preponderance of the evidence.[2]

Question No. 3 should be answered according to clear and convincing evidence.

**Question No. 1 [Strict Liability Failure to Warn]:**[3] Do you find that Merck & Co. Inc. failed adequately to warn Garry Smith's treating physicians regarding Vioxx and that Merck & Co., Inc.'s failure to provide an adequate notice or warning was a substantial factor in bringing about Garry Smith's injuries?

**ANSWER:** _____ YES       _____ NO

*Please proceed to Question No. 2.*

---

[2] 2 *Ky. Instructions to Juries* § 13.11(f) (improper to instruct jury on preponderance of the evidence standard).

[3] **Source:** 2 *Ky. Instructions to Juries* § 49.02.

**Question No. 2 [Negligence]**[4]  Do you find that Merck & Co., Inc. was negligent in designing Vioxx, marketing Vioxx, and/or failing to warn Garry Smith's treating physicians of a dangerous condition in Vioxx, and that Merck & Co., Inc.'s negligence was a substantial factor in bringing about Garry Smith's injuries?

**ANSWER:**        _____ **YES**        _____ **NO**

*Please proceed to Question No. 3 only if you answered "yes" to Question No. 2. Otherwise, skip to Question No.4.*

**Question No. 3  [Gross negligence]:**[5]  Do you find that Merck & Co., Inc. acted with reckless disregard for the lives, safety or property of others in its conduct toward Garry Smith, including through Mr. Smith's treating physicians, found by you in response to Question No. 2?

**ANSWER:**        _____ **YES**        _____ **NO**

*Please proceed to Question No. 4.*

**Question No. 4  [Common Law Fraud]:**[6]  Do you find that

   a)   Merck & Co., Inc. had a duty to disclose the risks associated with the use of Vioxx;

   b)   Merck & Co., Inc. made material misrepresentations about the safety and efficacy of Vioxx and/or failed to disclose and concealed material facts about Vioxx Merck & Co., Inc. knew were false or had been rendered false by its failure to disclose materials facts, and/or that it made those statements with reckless disregard for whether they were true or false;

   c)   Merck & Co., Inc. intended that physicians, including Garry Smith's treating physicians, rely on the truth of such statements in deciding whether or not to prescribe Vioxx for their patients;

---

[4]*Source:* 2 *Ky. Instructions to Juries* § 14.01 (ordinary care); *see, e.g., M&T Chems., Inc. V. Westrick*, 525 S.W.2d 740, 741 (Ky. 1974); *Ostendorf v. Clark Equip Co.*, 122 S.W.2d 530, 535 (Ky. 2003); *Deutsch v. Shein*, 597 S.W.2d 141, 144 (Ky. 1980) ("substantial factor" causation).

[5]As Kentucky law prohibits bifurcation by statute, there is no pattern jury interrogatory. Plaintiff Garry Smith objects to this Court's failure to exercise its discretion to afford him the rights he would have as a citizen of Kentucky to have his case tried without bifurcation.

[6]*Source:*  2 *Ky. Instructions to Juries* § 31.08; *Smith v. Gen'l Motors Corp.*, 979 S.W.2d 127, 129 (Ky. App. 1998).

d) Garry Smith's treating physicians did in fact rely upon Merck & Co., Inc.'s statements as being true and otherwise would not have been prescribed and/or supplied Vioxx to Garry Smith; and

e) Garry Smith was injured as the direct result.

**ANSWER:** _____ YES     _____ NO

*Please proceed to Question No. 5.*

*If your answer to Questions Nos. 1, 2, or 4 is "yes," please answer Question No. 5. If your answers to all of these questions are "no," you should not proceed further except to date and sign this verdict form and return it to the Courtroom.*

**Question No. 5 [Actual damages]:**[7] What amount, if any, do you find will fairly and reasonably compensate Garry Smith for the following:

1) the physical or mental suffering, if any, he has sustained or is reasonably certain to endure hereafter as a direct result of his injuries.

2) the reasonable and necessary medical services, if any, Garry Smith has incurred or is reasonably certain to incur hereafter as a direct result of his injuries.

3) the loss of wages and income, if any, Garry Smith has sustained directly by reason of his injuries; and

4) the loss of or impairment of his power to earn money in the future, if any, Garry Smith has suffered directly by reason of his injuries.

Answer in dollars and cents.

**ANSWER:** $ _____.

---

[7]***Source:*** 2 *Ky. Instructions to Juries* § 39.02 -39.05 ; KY. CR 8.01(2) (lifting certain limitations on monetary damages); *Capital Holding Corp. v. Bailey,* 873 S.W.2d 187, 195 (Ky. 1993); *Davis v. Graviss,* 672 S.W.2d 928, 932 (1984).

Your duties during this portion of the trial are complete. Have the Foreperson sign the Verdict Form.

SO SAY WE ALL.

This the _____ day of _____, 2006.


_____          _____
FOREPERSON                                                      DATE


_____
Print Name of Foreperson