UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, SALES | * | MDL No. 1657 |
| PRACTICES AND PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |
| | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Esther Gordon v. Merck & Co., Inc.*, **Case No. 06-3310.**

### ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel,

answers the Plaintiff's Complaint for Damages ("Complaint") as follows:

### RESPONSE TO
### "GENERAL ALLEGATIONS"

1.      Denies each and every allegation contained in the first sentence of

paragraph 1 of the Complaint, as it is without knowledge or information sufficient to form a

belief as to the truth therein.  Merck denies each and every allegation contained in the second

sentence of paragraph 1 of the Complaint

2.      Merck lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations not directed towards Merck in the first sentence of paragraph 2

of the Complaint, and denies each and every allegation directed towards Merck in the first

sentence of paragraph 2 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck denies each and every allegation contained in the second and third sentences of paragraph 2 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck is authorized to do business in California.

3.     The allegations contained in paragraph 3 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 3 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except Merck admits that there is a multidistrict litigation ("MDL") related to the prescription medicine Vioxx, and that the MDL Court issued Pretrial Order No. 11 on May 18, 2005, and respectfully refers the Court to that Order for its actual content and full effect.

4.     The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 4 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiff purports to seek damages in excess of $75,000, but denies that there is any legal or factual basis for such relief.

5.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in paragraph 5 of the Complaint,

2

and denies each and every allegation directed towards Merck in paragraph 5 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further admits that Plaintiff purports to seek economic and other relief, but denies that there is any legal or factual basis for such relief.

6.      Denies each and every allegation contained in paragraph 6 of the Complaint.

7.      Denies each and every allegation contained in paragraph 7 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

8.      Denies each and every allegation contained in paragraph 8 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck is authorized to do business in California.

9.      Denies each and every allegation contained in paragraph 9 of the Complaint.

10.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in paragraph 10 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 10 of the Complaint.

### RESPONSE TO
### "OVERVIEW"

11.     Denies each and every allegation contained in paragraph 11 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription

medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further admits that the prescription medicine Vioxx was approved by the U.S. Food & Drug Administration ("FDA") as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

12. Denies each and every allegation contained in paragraph 12 of the Complaint, except admits that Vioxx reduces pain and inflammation and was prescribed to millions of patients by health care providers. Merck further admits that it marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

13. The allegations of the first and third sentences of paragraph 13 of the Complaint are not directed at Merck and thus no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the first and third sentences of paragraph 13 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck further denies each and every allegation contained in the second and fourth sentences of paragraph 13 of the Complaint, except admits that the prescription medicine Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

4

14.    Denies each and every allegation contained in paragraph 14 of the Complaint, except admits that admits that in 2001 Vioxx achieved sales of $2.6 billion and that Vioxx was prescribed to millions of patients by health care providers.

15.    Denies each and every allegation contained in paragraph 15 of the Complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx, and respectfully refers the Court to the relevant prescribing information for its actual language and full text. Merck further admits that it marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

16.    Denies each and every allegation contained in paragraph 16 of the Complaint, except admits that Vioxx is part of a class of drugs known as non-steroidal anti-inflammatory drugs ("NSAIDs"). Merck further admits that the prescription medicine Vioxx reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

17.    Denies each and every allegation contained in paragraph 17 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

18.    Denies each and every allegation contained in paragraph 18 of the Complaint, except admits that Vioxx, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing

information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

19.     Denies each and every allegation contained in paragraph 19 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

20.     Denies each and every allegation contained in paragraph 20 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

22.     Denies each and every allegation contained in paragraph 22 of the Complaint.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint, including subparts a through f, except admits that it received a letter from a regulatory review officer in September 2001, and respectfully refers the Court to the referenced letter for its actual language and full text.

6

25.    Denies each and every allegation contained in paragraph 25 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx was prescribed to millions of patients by health care providers.

26.    Denies each and every allegation contained in paragraph 26 of the Complaint.

### RESPONSE TO "FIRST CLAIM FOR RELIEF: STRICT LIABILITY – FAILURE TO WARN"

27.    With respect to the allegations contained in paragraph 27 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 26 of this Answer with the same force and effect as though set forth here in full.

28.    Denies each and every allegation contained in paragraph 28 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

29.    Denies each and every allegation contained in paragraph 29 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

30.    Denies each and every allegation contained in paragraph 30 of the Complaint.

### RESPONSE TO "SECOND CLAIM FOR RELIEF: STRICT PRODUCT LIABILITY – DESIGN DEFECT"

31.    With respect to the allegations contained in paragraph 31 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement

7

contained in paragraphs 1 through 30 of this Answer with the same force and effect as though set forth here in full.

32. Denies each and every allegation contained in paragraph 32 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

33. Denies each and every allegation contained in paragraph 33 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

34. Denies each and every allegation contained in paragraph 34 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

35. Denies each and every allegation contained in paragraph 35 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

36. Denies each and every allegation contained in paragraph 36 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on

September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

37.     Denies each and every allegation contained in paragraph 37 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

38.     Denies each and every allegation contained in paragraph 38 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 37 of this Answer with the same force and effect as though set forth here in full.

### RESPONSE TO
### "THIRD CLAIM FOR RELIEF: NEGLIGENCE"

39.     With respect to the allegations contained in paragraph 39 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 38 of this Answer with the same force and effect as though set forth here in full.

40.     The allegations contained in paragraph 40 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

41.    Denies each and every allegation contained in paragraph 41 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

42.    Denies each and every allegation contained in paragraph 42 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

43.    Denies each and every allegation contained in paragraph 43 of the Complaint.

## RESPONSE TO "FOURTH CLAIM FOR RELIEF: RECKLESSNESS AND GROSS NEGLIGENCE"

44.    With respect to the allegations contained in paragraph 44 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 43 of this Answer with the same force and effect as though set forth here in full.

45.    The allegations contained in paragraph 45 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

46.    The allegations contained in paragraph 46 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

47.     Denies each and every allegation contained in paragraph 47 of the Complaint.

48.     Denies each and every allegation contained in paragraph 48 of the Complaint, including its subparts a through e, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text. Merck further admits that Plaintiff purports to seek punitive damages, but denies that there is any legal or factual basis for such relief.

49.     Denies each and every allegation contained in paragraph 49 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 48 of this Answer with the same force and effect as though set forth here in full.

**RESPONSE TO**
**"FIFTH CLAIM FOR RELIEF: NEGLIGENCE PER SE"**

50.     With respect to the allegations contained in paragraph 50 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 49 of this Answer with the same force and effect as though set forth here in full.

51.     The allegations contained in paragraph 51 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed

required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

52.     Denies each and every allegation contained in paragraph 52 of the Complaint.

53.     The allegations contained in paragraph 53 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 53 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

54.     Denies each and every allegation contained in paragraph 54 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 53 of this Answer with the same force and effect as though set forth here in full.

### RESPONSE TO "SIXTH CLAIM FOR RELIEF FOR BREACH OF IMPLIED WARRANTY"

55.     With respect to the allegations contained in paragraph 55 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 54 of this Answer with the same force and effect as though set forth here in full.

56.     The allegations contained in paragraph 56 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 56 of the Complaint,

except admits that it marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

57.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 57 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 57 of the Complaint.

58.     Denies each and every allegation contained in paragraph 58 of the Complaint.

59.     Denies each and every allegation contained in paragraph 59 of the Complaint.

## RESPONSE TO "SEVENTH CLAIM FOR RELIEF: BREACH OF EXPRESS WARRANTY"

60.     With respect to the allegations contained in paragraph 60 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 59 of this Answer with the same force and effect as though set forth here in full.

61.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 61 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 61 of the Complaint, except admits that it marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

62.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 62 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 62 of the Complaint.

63.     Denies each and every allegation contained in paragraph 63 of the Complaint.

### RESPONSE TO "EIGHTH CLAIM FOR RELIEF: NEGLIGENT MISREPRESENTATION"

64.     With respect to the allegations contained in paragraph 64 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 63 of this Answer with the same force and effect as though set forth here in full.

65.     Denies each and every allegation contained in paragraph 65 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

66.     Denies each and every allegation contained in paragraph 66 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

67.     Denies each and every allegation contained in paragraph 67 of the Complaint.

68.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 68 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 68 of the Complaint.

69.     Denies each and every allegation contained in paragraph 69 of the Complaint.

### RESPONSE TO "NINTH CLAIM FOR RELIEF: FRAUD AND DECEIT – FRAUDULENT CONCEALMENT"

70.     With respect to the allegations contained in paragraph 70 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 69 of this Answer with the same force and effect as though set forth here in full.

71.     The allegations contained in paragraph 71 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 71 of the Complaint. Merck further denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

72.     Denies each and every allegation contained in paragraph 72 of the Complaint, except admits that Merck has conducted studies involving Vioxx and respectfully refers the Court to the referenced study for its actual conclusions and full text.

73.     Denies each and every allegation contained in paragraph 73 of the Complaint, except admits that Merck received a letter from a regulatory review officer in December 1999 and respectfully refers the Court to that letter for its actual language and full text.

74.     Denies each and every allegation contained in paragraph 74 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses

15

subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

75. Denies each and every allegation contained in paragraph 75 of the Complaint.

76. Denies each and every allegation contained in paragraph 76 of the Complaint.

## RESPONSE TO "TENTH CLAIM FOR RELIEF: PUNITIVE DAMAGES ALLEGATIONS"

77. With respect to the allegations contained in paragraph 77 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 76 of this Answer with the same force and effect as though set forth here in full.

78. Denies each and every allegation contained in paragraph 78 of the Complaint, except admits that Plaintiff purports to seek exemplary and punitive damages but denies that there is any legal or factual basis for such relief.

79. Denies each and every allegation contained in paragraph 79 of the Complaint.

80. Denies each and every allegation contained in paragraph 80 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

81.     Denies each and every allegation contained in paragraph 81 of the Complaint, except admits that Plaintiff purports to seek exemplary damages but denies that there is any legal or factual basis for such relief.

82.     The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 81 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph, including its subparts 1 through 9, except admits that Plaintiff purports to seek economic and other relief, but denies that there is any legal or factual basis for such relief.

**RESPONSE TO**
**"DEMAND FOR JURY TRIAL"**

83.     The allegations contained in the unnumbered paragraph under the heading "Demand for Jury Trial" are legal conclusions as to which no response is required.

**AS FOR A FIRST**
**DEFENSE, MERCK ALLEGES:**

84.     The Complaint fails to state a claim upon which relief can be granted.

**AS FOR A SECOND**
**DEFENSE, MERCK ALLEGES:**

85.     The Plaintiff was careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiff.

**AS FOR A THIRD**
**DEFENSE, MERCK ALLEGES:**

86.     To the extent that Plaintiff asserts claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

17

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

87.     To the extent that Plaintiff asserts claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

88.     The Plaintiff failed to exercise reasonable care to mitigate her alleged damages.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

89.     Each and every claim asserted or raised in the Complaint is barred by prescription, preemption, and/or any other applicable federal or state statute of limitations.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

90.     To the extent that Plaintiff asserts claims in the Complaint based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

91.     The claims of the Plaintiff are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

92.    The claims of the Plaintiff are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

93.    The claims of the Plaintiff are barred under Section 4, *et seq.,* of the Restatement (Third) of Torts: Products Liability.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

94.    The claims of the Plaintiff are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Products Liability.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

95.    The product conformed to the state-of-the-art for the design and manufacture of such, or similar, products.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

96.    The claims of the Plaintiff are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

97.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure

to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

98.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

99.    To the extent that Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

100.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiff or natural course of conditions for which this Defendant is not responsible.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

101.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiff or abuse of Vioxx.

## AS FOR A NINETEENTH
### DEFENSE, MERCK ALLEGES:

102.    The claims of Plaintiff are barred in whole or in part by the First Amendment of the Constitution of the United States of America and comparable state law provisions.

## AS FOR A TWENTIETH
### DEFENSE, MERCK ALLEGES:

103.    To the extent that Plaintiff relies upon any theory of breach of warranty, Plaintiff did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A TWENTY-FIRST
### DEFENSE, MERCK ALLEGES:

104.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

## AS FOR A TWENTY-SECOND
### DEFENSE, MERCK ALLEGES:

105.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A TWENTY-THIRD
### DEFENSE, MERCK ALLEGES:

106.    To the extent that Plaintiff seeks punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### AS FOR A TWENTY-FOURTH
### DEFENSE, MERCK ALLEGES:

107.   To the extent Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

### AS FOR A TWENTY-FIFTH
### DEFENSE, MERCK ALLEGES:

108.   The demand for punitive damages by the Plaintiff is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A TWENTY-SIXTH
### DEFENSE, MERCK ALLEGES:

109.   To the extent that Plaintiff asserts claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to her claims, Plaintiff has failed to allege facts that would overcome the defenses available under that state products liability law.

### AS FOR A TWENTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

110.   The claims of Plaintiff are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

### AS FOR A TWENTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

111.   To the extent that Plaintiff asserts claims against Merck based on fraud and/or concealment, these claims are barred by reason of the failure of Plaintiff to allege the circumstances constituting fraud and concealment with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

### AS FOR A TWENTY-NINTH
### DEFENSE, MERCK ALLEGES:

112.   Merck demands a trial by jury of all issues.

### AS FOR A THIRTIETH
### DEFENSE, MERCK ALLEGES:

113.   Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

### AS FOR A THIRTY-FIRST
### DEFENSE, MERCK ALLEGES:

114.   Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

### AS FOR A THIRTY-SECOND
### DEFENSE, MERCK ALLEGES:

115.   California's judicially-created definitions of manufacturing defect and design defect, and standards for determining whether there has been an actionable failure to warn, are unconstitutional in that, among other things, they are void for vagueness and an undue burden on interstate commerce, as well as an impermissible effort to regulate in an area that previously has been preempted by the federal government.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

116.   The provisions of California Civil Code Section 1431.2 are applicable to the Complaint and each cause of action therein.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

117.   The subject pharmaceutical product manufactured or distributed by Merck has at all relevant times been available only upon the prescription of a licensed physician, and Plaintiff's and/or Decedent's prescribing physicians stood in the position of the learned intermediaries between Merck and Plaintiff.  To the extent that Plaintiff asserts claims based on an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of the subject pharmaceutical product manufactured or distributed by Merck, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physicians, under the learned intermediary doctrine.

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

118.   If Plaintiff has sustained injury or loss as alleged in the Complaint, such injury or loss may have been caused by parties other than Merck, or third persons not parties to this action, who may have been negligent, legally responsible, or otherwise at fault.  In the event of a finding of liability in favor of Plaintiff, a settlement, or a judgment against Merck, Merck requests an apportionment of fault among all parties and third persons as permitted by *Li v. Yellow Cab Company* and *America Motorcycle Association v. Superior Court*.  Merck also requests a judgment and declaration of partial indemnification and contribution against all other parties or third persons in accordance with the apportionment of fault.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

119.    Plaintiff's claims are barred in whole or in part by the First Amendment of the United States Constitution and similar provisions in the Constitution of the State of California which protect, among other things, Merck's right to promote and advertise the subject pharmaceutical product.

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

120.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of answering defendant, no act or omission was oppressive, fraudulent, or malicious, under California Civil Code Section 3294, and therefore, any award of punitive damages is barred.   Any claim for punitive damages is also barred under California Civil Code Section 3294(b).

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

121.    Plaintiff's claims under California Business and Professions Code Sections 17200, *et seq.* and 17500, *et seq.* are barred in whole or in part because Merck's conduct and all activities with respect to the subject pharmaceutical product manufactured or distributed by Merck were lawful, fair, truthful, not misleading or deceptive, and were justified based on the state of medical and scientific knowledge available during the relevant time period.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

122.    Plaintiff's claims under California Business and Professions Code Sections 17200, *et seq.* and 17500, *et seq.* are barred in whole or in part because all of Merck's activities as alleged in the Complaint were in compliance with the applicable laws, regulations,

25

and rules, and thus cannot be deemed unlawful, unfair, fraudulent, deceptive, untrue, or misleading.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

123.   Plaintiff's claims under California Business and Professions Code Sections 17200, *et seq.* and 17500, *et seq.* are barred in whole or in part because Plaintiff does not qualify as a private attorney general, and for that reason and others, Plaintiff lacks standing to prosecute a claim for injunctive or monetary relief.

## AS FOR A FORTY-FIRST
## DEFENSE, MERCK ALLEGES:

124.   Plaintiff's claims under California Business and Professions Code Sections 17200, *et seq.* and 17500, *et seq.* are barred in whole or in part because there is no basis for injunctive relief in this action.

## AS FOR A FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

125.   Plaintiff's claims under California Business and Professions Code Sections 17200, *et seq.* and 17500, *et seq.* are barred in whole or in part by the doctrine of primary jurisdiction in that the subject pharmaceutical product manufactured or distributed by Merck and any advertisement regarding such product are regulated by the Food and Drug Administration and as such, Merck requests that this Court, sitting in equity, abstain from hearing claims under Sections 17200, *et seq.* and 17500, *et seq.*

## AS FOR A FORTY-THIRD
## DEFENSE, MERCK ALLEGES:

126.   Plaintiff is not entitled to relief under California Business and Professions Code Sections 17200, *et seq.* and 17500, *et seq.* because Plaintiff has an adequate remedy at law.

## AS FOR A FORTY-FOURTH
## DEFENSE, MERCK ALLEGES:

127.   Plaintiff's claims under California Business and Professions Code Sections 17200, *et seq.* and 17500, *et seq.* are barred in whole or in part under principles of substantive and procedural due process.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.   That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiff's Complaint with prejudice against Merck with costs assessed to Plaintiff;

2.   Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.   Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated:  September 25, 2006

Respectfully submitted,

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has

been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or

by hand delivery and e-mail and upon all parties by electronically uploading the same to

LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the

foregoing was electronically filed with the Clerk of Court of the United States District Court for

the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of

Electronic Filing in accordance with the procedures established in MDL No. 1657, on this 25th

day of September, 2006.