UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

JOINT REPORT NO. 18 OF
PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") submit this Joint Report No. 18.

I.      LEXIS/NEXIS FILE & SERVE

PLC and DLC continue to report to the Court on the status of docketing cases and uploading those cases to Lexis/Nexis File & Serve.  Cases recently transferred to the Eastern District of Louisiana continue to experience a brief delay between the docketing of the Final Transfer Order on which the cases appear and the receipt of the records from the original transferor courts.  Until such time as the record of a case is actually received by the Clerk of Court in the Eastern District of Louisiana, the Clerk's office cannot officially docket the case in the Eastern District of Louisiana and as a result there are delays in uploading to Lexis/Nexis File

& Serve. Within several days of the actual docketing of a case in the Eastern District of Louisiana, the case is uploaded to Lexis/Nexis File & Serve and counsel are able to access the case. Defense Liaison Counsel has requested that counsel for Plaintiffs continue to notify Dorothy Wimberly at dwimberly@stonepigman.com if a case is not available on Lexis/Nexis File & Serve. Notice should include the case name and Eastern District of Louisiana case number. PLC and DLC continue to provide Lexis/Nexis with a current service list of counsel in the Vioxx MDL. Additionally, counsel are reminded that they should upload pleadings and other documents to their individual cases. Pleadings and documents should not be uploaded to the "Master Case" unless the pleadings and documents relate to all cases. The parties will be prepared to discuss this further at the monthly status conference on September 28, 2006.

## II.   STATE COURT TRIAL SETTINGS

At the August 24, 2006 Status Conference, Defendants agreed to provide to PLC a comprehensive list of all trial settings (including the name of counsel, docket number and date of trial) through 2007. The PLC is awaiting receipt of this information. However, DLC has advised that the state court trial schedule through the first six months of 2007 is as follows: The *Arrigale* and Appell cases are set to be tried in the California Superior Court, Los Angeles County, beginning on October 31, 2006. The *Rigby* case is set for trial in Texas District Court, Harris County, on November 8, 2006. The *Albright* case is set for trial in Alabama Circuit Court, Jefferson County, on November 27, 2006. The claims of a group of as yet undetermined plaintiffs will be tried in the New Jersey Superior Court, Atlantic County, beginning on January 16, 2007. The *Schwaller* case is set for trial in Illinois Circuit Court, Madison County, on February 20, 2007. The *Frederick* case is set for trial in Alabama Circuit Court, Jefferson County. The *Gladding* case is set for trial in Nevada District Court, Washoe County, on April

23, 2007. A motion to vacate the trial date has been filed and remains pending. The *Brame* case is set for trial in Illinois Circuit Court, St. Clair County, on May 1, 2007. Finally, for the first half of 2007, the *Slatton* case is set for trial in Alabama Circuit Court, Jefferson County, on June 18, 2007.

III. SELECTION OF CASES FOR EARLY FEDERAL COURT TRIAL

The parties are discussing convenient dates for a hearing on the Motion for New Trial in the *Irvin/Plunkett* case and will thereupon check with the Court to arrange a hearing date.

On August 30, the Court ordered a new trial on the issue of damages only, in the *Barnett* case. Merck's renewed motion for judgment as a matter of law and its alternative motion for new trial on all issues are currently pending before the Court. Plaintiffs have requested and Defendants have consented until November 1, 2006 for responsive pleadings to be filed by Plaintiffs.

Trial of the *Smith* case commenced September 11, 2006 and should be completed prior to the September 28, 2006 conference. The *Mason* case is set for trial on October 30, 2006, and the *Dedrick* case on November 27, 2006. Discovery and trial preparations are ongoing in each case. The parties will be prepared to discuss this further at the monthly status conference on September 28, 2006.

IV. CLASS ACTIONS

The Court has under advisement the PSC's Motion to Certify a Personal Injury Class and Defendants' Rule 12 Motions to Dismiss the Master Complaints for Medical Monitoring and Purchase Claims. The parties will be prepared to discuss this further at the monthly status conference on September 28, 2006.

V.  DISCOVERY DIRECTED TO MERCK

Merck advises that it will continue to make productions of documents, as identified by members of the PSC as priorities, on a rolling basis.

Following the May 25, 2006 ruling of the United States Court of Appeals for the Fifth Circuit, on June 5, 2006, regarding Merck's assertion of privilege to certain documents in connection with Merck's Privilege Log, DLC delivered to the Court documents for which it has asserted privilege for review by the Court and additional information. The parties met with the Court on several occasions to discuss further actions to be taken as a result of the ruling from the Fifth Circuit. The parties await ruling from the Court regarding the privilege claimed as to certain documents. The parties will be prepared to discuss this further at the monthly status conference on September 28, 2006.

On September 21, 2006, the PSC served its Third Set of Interrogatories and Requests for Production of Documents Directed to Defendant, Merck & Co., Inc. The parties will be prepared to discuss this further at the monthly status conference on September 28, 2006.

VI. DISCOVERY DIRECTED TO THE FDA

The FDA production of documents responsive to the PSC subpoena continues to occur in waves.

VII. DISCOVERY DIRECTED TO THIRD PARTIES

PLC has advised the Court and DLC that the PSC continues to issue third-party notices of depositions for the production of documents.

With respect to the letter from the PSC dated March 16, 2006 requesting intervention by the Court on whether Merck should have the right to review documents produced by Ogilvy and DDB in response to discovery requests by the PSC, the Court has advised it will

review the documents and make a determination as to whether the documents are privileged and whether Merck waived its privilege by providing the documents to Ogilvy and DDB. The parties await further rulings from the Court.

In accordance with the PLC's request, Merck has begun production of third-party documents received by Merck and anticipates completing its production of such documents on a rolling basis so that all of the documents will be provided in advance of the next trial in the MDL. The parties will be prepared to discuss this further at the monthly status conference on September 28, 2006.

VIII.    DEPOSITION SCHEDULING

The parties continue to notice and cross-notice depositions in the MDL. If and when any other issues arise regarding the scheduling of depositions, the Court will be advised and motions will be requested on an expedited basis.

IX.    PLAINTIFF PROFILE FORM AND MERCK PROFILE FORM

On August 11, August 23, and September 7, 2006, Merck filed Rules to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Provide Any Response to the Plaintiff Profile Form as Required by Pre-Trial Order 18C. Oppositions to the Rules are due on October 6, 2006, replies are due on October 13, 2006, and the Rules are set for hearing on October 26, 2006.

On August 24, 2006, PSC filed a Motion to Compel the Production of Merck Profile Forms ("MPFs"), Supplemental MFPs and for an Order Compelling Merck to Cease and Desist Delaying the Production of MPFs Based on Unwarranted Grounds. Merck filed its opposition on September 12, 2006. The motion is scheduled for hearing following the monthly status conference on SeptemEer 28, 2006.

831254v.1

X.   STATE/FEDERAL COORDINATION -- STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications. The parties will be prepared to discuss this further at the monthly status conference on September 28, 2006.

XI.   *PRO SE* CLAIMANTS

From time to time, as the Court issues additional Orders directing PLC to take appropriate action regarding filings made by various *pro se* individuals, PLC will continue to communicate with the various *pro se* claimants and advise them of attorneys in their respective states and other pertinent information regarding the MDL. DLC will continue to discuss with PLC Merck's obligation to respond to complaints filed by *pro se* individuals in those instances where the complaints have not been served.

XII.   MOTION TO DISMISS FOREIGN CLASS ACTION COMPLAINTS ON FORUM NON CONVENIENS GROUNDS

By Order and Reasons entered August 30, 2006, the Court granted Merck's motion to dismiss the France and Italy class actions. In light of that ruling, counsel for plaintiffs in the remaining foreign class actions have indicated their willingness to dismiss those cases, subject to the same conditions set forth in the Court's August 30, 2006 Order and Reasons. Those counsel and Merck's counsel expect to submit a stipulated order in that regard before the status conference on September 28, 2006. The parties will be prepared to discuss this further at the monthly status conference on September 28, 2006.

XIII.   GENERIC TRIAL PERFORMANCE AND RULE 702 AND MOTIONS *IN LIMINE* ISSUES

On June 28, 2006 and July 6 and 7, 2006, the Court heard argument on the PSC's Generic Motion *in Limine*. During the course of pre-trial motion conferences in MDL trials, the PSC intends on requesting that certain matters be addressed that will be "common" to all cases tried in the MDL. The parties will be prepared to discuss this further at the monthly status conference on September 28, 2006.

XIV.   IMS DATA

Merck advises that IMS data for plaintiffs' prescribing physicians in the *Mason*, and *Dedrick* cases have been produced to the PSC and plaintiffs' trial counsel. The parties continue to discuss further production of IMS Data. The parties will be prepared to discuss this further at the monthly status conference on September 28, 2006.

XV.   MERCK'S MOTION FOR SUMMARY JUDGMENT

On July 5, 2006, Merck filed a Motion for Summary Judgment in the *Lene Arnold* and *Alicia Gomez* cases asserting that plaintiffs' claims are preempted by federal law. Plaintiff's opposition brief was filed on September 15, 2006. Merck's reply is due October 6, 2006, and argument on the motion is scheduled to take place at the October MDL Monthly Status Conference. The parties will be prepared to discuss the motion more fully at the conference on September 28, 2006.

XVI.   TOLLING AGREEMENTS

PLC has discussed with DLC certain questions that have been brought to the attention of PLC by various plaintiffs counsel regarding types of claims that are covered by the term "Cardiovascular Injury" as defined in the Tolling Agreement. The parties are discussing

- 8 -

this and other issues and will be prepared to discuss this more fully at the conference on September 28, 2006.

Further, on September 21, 2006, representatives of the PSC and representatives of Merck discussed the PSC's concern that if Merck contended that Plaintiffs' response to a Fact Sheet was deficient, Merck may take the position that the Tolling Agreement was invalid and under some circumstances the claim was time barred either by the applicable statute of limitations or prescription. Merck has agreed that, so long as the request for tolling was submitted prior to the expiration of the applicable statute of limitations or prescription, if Merck considers that the corresponding Fact Sheet is deficient, it will give Plaintiffs' counsel notice by letter and allow Plaintiffs thirty (30) days from receipt of the letter to either cure the deficiency or commence legal proceedings.

XVII.   MOTION FOR CLARIFICATION OF PRE-TRIAL ORDER NO. 9

On September 8, 2006, the PLC submitted to the Court a proposed amendment to PTO 9 to address issues relating to the cross-noticing of depositions and the obligation of plaintiff's counsel to contribute to the common benefit fund established to compensate the PSC pursuant to Pre-Trial Order No. 19. The parties await a ruling by the Court. The parties will be prepared to discuss this more fully at the monthly status conference on September 28, 2006.

**NEW ISSUES**

XVIII. VIOXX SUIT STATISTICS

PLC has requested that Merck advise the following:

a. The total number of suits filed in the United States relating to Vioxx;

b. Of the total identified in No. 1 above, the number of suits filed in the MDL and number of suits filed in State Courts;

c. The total number of claimants in the MDL;

d. The total number of claimants in the State Court suits;

e. The total number of Class Actions pending in the MDL;

f. The total number of Class Actions pending in State Courts; and

g. The total number of claimants on Tolling Agreement.

Defendants have advised these statistics will be reported at the monthly status conference on September 28, 2006.

## XIX. MERCK INSURANCE

By letter dated September 20, 2006, PLC requested an update from Merck on insurance coverage and a report on any arbitration/dispute resolution matters that may be relevant to Vioxx litigation. The parties will be prepared to discuss this further at the monthly status conference on September 28, 2006.

## XX. FURTHER PROCEEDINGS

Representatives of the PSC and Defendants have met and conferred regarding further proceedings in this MDL. The parties will be prepared to discuss this further at the monthly status conference on September 28, 2006.

## XXI. MANDATORY ELECTRONIC FILING

The United States District Court for the Eastern District of Louisiana has directed that, effective January 1, 2007, it is mandatory that all documents, subsequent to those initiating a new case, be filed electronically in accordance with the Administrative Procedures for Electronic Case Filing adopted pursuant to Local Rule 5.7.E. All new complaints, notices of removal and criminal indictments, as well as sealed documents, shall continue to be filed on

paper in the Clerk's office. For more information, please visit the Court's website at http://www.laed.uscourts.gov/.

On June 6, 2006, an Order was issued setting forth directives that attorneys are to observe in the Vioxx Litigation when utilizing the ECF System. Counsel are encouraged to comply and utilize the ECF system for Vioxx filings.

To comply with ECF certification provisions and the requirements of Pre-Trial Order No. 8A, it is recommended that all counsel using the ECF system use the following certificate of service on all e-filings:

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing [**DOCUMENT**] has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. __, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this ___ day of _____, 200[6].

/s/ Attorney's Name___
Attoney's Name
Attorney's Bar Roll Number
Attorney for (Plaintiff/Defendant
Law Firm Name
Law Firm Address
Telephone Number
Fax Number
Attorney's E-Mail Address

All counsel who have not already registered for electronic filing, are advised to contact the Clerk and/or attend one of the training classes prior to January 1 so that counsel can

- 10 -

831254v.1

be issued a user id and password for e-filing with the Eastern District of Louisiana. The registration forms and class schedules are available at http://www.laed.uscourts.gov/cgi-bin/registrar/registrar.pl.

XXII. MERCK'S STATUTE OF LIMITATIONS MOTION

On September 22, 2006, Merck filed a motion for summary judgment in the *Boyd Edmonds*, *Donald Stinson*, and *Timothy Watson* cases arguing that plaintiffs' claims are time-barred under applicable statutes of limitations. The parties will be prepared to discuss the motion at the conference on September 28, 2006.

XXIII. NEXT STATUS CONFERENCE

PLC and DLC will be prepared to schedule the status conference in October on a date to be selected by the Court.

Respectfully submitted,

| | |
|---|---|
| /s/ Leonard A. Davis | /s/ Dorothy H. Wimberly |
| Russ M. Herman (Bar No. 6819) | Phillip A. Wittmann (Bar No. 13625) |
| Leonard A. Davis (Bar No. 14190) | Dorothy H. Wimberly (Bar No. 18509) |
| **Herman, Herman, Katz & Cotlar, LLP** | Carmelite M. Bertaut (Bar No. 3054) |
| 820 O'Keefe Avenue | **Stone Pigman Walther Wittmann L.L.C.** |
| New Orleans, LA  70113 | 546 Carondelet Street |
| PH:  (504) 581-4892 | New Orleans, LA  70130-3588 |
| FAX:  (504) 561-6024 | PH:   (504) 581-3200 |
| | FAX:  (504) 581-3361 |
| **Plaintiffs' Liaison Counsel** | **Defendants' Liaison Counsel** |

**Temporary address:**

**201 St. Charles Avenue
Suite 4310
New Orleans, LA  70170**

831254v.1

- 12 -

**CERTIFICATE**

I hereby certify that the above and foregoing Joint Status Report No. 18 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 25th day of September, 2006.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

831254v.1