IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Vioxx<br>PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>Case No. 2:06cv810<br><br>CHARLES LARON MASON v.<br>MERCK & CO., INC. | MDL DOCKET NO. 1657<br><br>Section L<br><br><br>Judge Fallon<br>Mag. Judge Knowles |

**PLAINTIFF CHARLES LARON MASON'S MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE OPINION TESTIMONY THAT VIOXX® IS THE SAME AS ALL NSAIDS REGARDING CARDIOTOXIC EFFECTS**

**(EXPERT CHALLENGE NO. 4)**

TO THE HONORABLE JUDGE ELDON FALLON:

Plaintiff Charles Laron Mason files this Memorandum in Support of Motion to Exclude Opinion Testimony that Vioxx is the same as All NSAIDs Regarding Cardiotoxic Effects, and in support thereof shows:

**I.
INTRODUCTION**

Plaintiff is aware that this Court has denied a similar motion pertaining to this subject matter filed by the plaintiff in *Irvin*. Plaintiff challenges the reliability and relevance of the proffered opinion testimony on this issue in order to preserve his record for appeal. Furthermore, since the Court issued its ruling on this subject, new scientific articles have been published that dismiss the theory that NSAIDs have a "class effect." Consequently, Plaintiff respectfully requests that the Court reconsider its previous ruling.

1

## II.
## FACTUAL BACKGROUND

This action for personal injuries arises from Plaintiff Charles Mason's use of Vioxx, which Plaintiff contends caused a heart attack on July 25, 2003. Mr. Mason was 59 years old when his nurse practitioner, Karen Olson-Fields, prescribed him Vioxx in September 2002. He had been taking the drug for approximately 10 months at the time of his heart attack.

As the Court is aware, on September 30, 2004, Merck removed Vioxx from the market worldwide and reported that its long term prospective clinical trial (APPROVe) resulted in statistically significant increases in confirmed thrombotic cardiac events among Vioxx users compared to placebo.

On April 6, 2005, the Food and Drug Administration (FDA) issued a memorandum stating in part that the data do not clearly demonstrate that the COX-2 selective agents confer a greater risk of serious adverse cardiovascular events than non-selective NSAIDs. Plaintiff anticipates Merck's experts will offer the opinion that Vioxx is no different than other COX-2 inhibitors or NSAIDs when it comes to cardiovascular risks based on this FDA Memorandum ("class effect hypothesis"). The only exception by Merck is to say that the data is unclear with regard to naproxen, because to state otherwise would destroy the hypothesis by Merck that naproxen had cardioprotective qualities sufficient to explain the significantly higher cardiac events in Vioxx users when compared to naproxen in the VIGOR clinical trial.

## III.
## LEGAL STANDARD

The legal standard for the admission of expert testimony in federal court is set forth at pages 4-6 of the Memorandum in Support of the Motion To Exclude Argument Or Opinion

2

Testimony That An Increased Risk Of Heart Attack Exists Only After 18 Months Of Vioxx Use, filed concurrently herewith and incorporated herein by reference.

## IV.
## DISCUSSION

Michael Rothkopf, M.D., Merck's cardiology expert, offers the following opinion: "I generally agree with the FDA's assessment of cardiovascular risk with the use of NSAIDs as described in their memorandum of April 2005. While rofecoxib has been associated with an increased risk of cardiovascular events (the APPROVe trial), there is no increased risk with the short term use of NSAIDs, and the long-term use trials with rofecoxib produce inconsistent results."[1] He further opines: "Although it is virtually impossible to rule out a small, but finite cardiovascular risk attributed to long-term rofecoxib treatment, as discussed herein, it is important to emphasize that thousands of patients have been treated with this drug safely and with clinical benefit, and any such long-term risk is likely to be a class effect of all NSAIDs."[2]

Similar to Dr. Rothkopf's report, Dr. Craig Pratt, another of Merck's cardiology experts, states in his report: "Consistent with my conclusions, detailed analysis in a comprehensive report by the FDA (4/06/2005) concluded that all NSAIDs possess a small cardiovascular risk, but no rank ordering or differences between NSAIDs was possible. The FDA analysis notes a wide variability of results with naproxen being identified as possible different than all comparators. Finally, the FDA concluded that there is no cardiovascular risk with short-term use of selective or non-selective NSAIDs (except for valdecoxib issue)".[3]

---

[1] Expert Report of Michael Rothkopf, M.D., attached hereto as Exhibit A, p. 10. Dr. Rothkopf has not been deposed as of the date of this filing and Plaintiff reserves the right to challenge Dr. Rothkopf's opinions and qualifications after his deposition is taken in this matter on September 20, 2006.
[2] *Id.* at p.14.
[3] Expert Report of Craig M. Pratt, M.D., attached hereto as Exhibit B, p. 5. Dr. Pratt has not been deposed as of the date of this filing and Plaintiff reserves the right to challenge Dr. Pratt's opinions and qualifications after his deposition is taken in this matter on October 3, 2006.

In yet another view of the meaning of the same memorandum, Janet Arrowsmith-Lowe, Merck's proposed FDA expert, states in her report that the FDA memorandum concludes that "any cardiovascular risks associated with VIOXX are comparable to the risks associated with all other non-aspirin selective and non-selective NSAIDs, with the possible exception of naproxen."[4]

Other than references to the FDA Memorandum, Merck's experts fail to cite any support for the class effect hypothesis. Peer-reviewed literature clearly disproves this hypothesis. For example, in an article recently published in JAMA, the authors share the results of their comprehensive analysis of 114 randomized trials with 116,094 participants.[5] The objective of the analysis was to "explore drug class effects and temporal trends of apparent effects of the COX-2 inhibitors: refocoxib, celecoxib, valdecoxib, parecoxib, etoricoxib, and lumiracoxib."[6] In this study, data showed as follows:

> Compared with controls, rofecoxib was associated with increased risk of arrhythmia (relative risk [RR], 2.90; 95% confidence interval [CI], 1.07-7.88) and composite renal events (RR, 1.53; 95% CI, 1.33-1.76); adverse renal effects increased with greater dose and duration (both $P \leq .05$). For all individual renal end points, rofecoxib was associated with increased risk of peripheral edema (RR, 1.43; 95% CI, 1.23-1.66), hypertension (RR, 1.55; 95% CI, 1.29-1.85), and renal dysfunction (RR, 2.31; 95% CI, 1.05-5.07). In contrast, celecoxib was associated with lower risk of both renal dysfunction (RR, 0.61; 95% CI, 0.40-0.94) and hypertension (RR, 0.83; 95% CI, 0.71-0.97) compared with controls. Other agents were not significantly associated with risk.[7]

---

[4] Report of Janet Arrowsmith-Lowe, attached as Exhibit C, p. 14.
[5] See Exhibit D, Zhang JJ, Ding EL, Song Y. *Adverse Effects of Cyclooxygenase 2 Inhibitors on Renal and Arrhythmia Events: Meta-analysis of Randomized Trials*, JAMA 2006; 296:13. This article was published online September 12, 2006.
[6] *Id.* at E1.
[7] *Id.*

4

The authors concluded that "[i]n this comprehensive analysis of 114 randomized trials with 116094 participants, rofecoxib was associated with increased renal and arrhythmia risks." Importantly, the authors noted that **"[a] COX-2 inhibitor class effect was not evident."**[8]

Another recently published article also addresses the proposed class effect of NSAIDs.[9] The authors undertook a review and meta-analysis of controlled observational studies to compare the risks of serious cardiovascular events with individual NSAIDs and COX-2 inhibitors. The authors conclude that their "review confirms the findings from randomized trials regarding the risk of cardiovascular events with rofecoxib and suggests celecoxib in commonly used doses may not increase the risk, contradicts claims of cardio-protective effect of naproxen, and raises serious questions about the safety of diclofenac, an older drug."[10] This article also provides as follows:

> The results of this systematic review of controlled observational studies allow conclusions to be drawn about the risks of cardiovascular events during treatment with selective and non-selective NSAIDs. The data confirm the elevated risk with rofecoxib and indicates that it is dose-related. In doses of around 200 mg/d, celecoxib was not associated with an increased risk, but the data did not exclude an increased risk with higher doses. Use of naproxen was not associated with any reduction in risk, and was suggested by the authors of a report of a large trial comparing it with rofecoxib. Of other non-selective NSAIDs, the highest risk was seen with diclofenac. The increased cardiovascular risk with rofecoxib could be observed during the first 30 days of treatment. This conclusion is consistent with a recent re-analysis of the APPROVe trial of refecoxib [sic], which contradicts the original suggestion that the vascular risk was only seen after 18 months of treatment.[11]

---

[8] *Id.* (emphasis added).
[9] *See* Exhibit E, McGettigan, P, Henry, D, *Cardiovascular Risks and Inhibition of Cyclooxygenase: A Systematic Review of the Observational Studies of Selective and Nonselective Inhibitors of Cyclooxygenase 2*, JAMA 2006;296:13. This article was published online September 12, 2006.
[10] *Id.* at E1, E11.
[11] *Id.* at E9-E10.

5

The authors did not find an increased risk with ibuprofen and found that the data on meloxicam was inconclusive.[12] This study clearly rejects the class effect hypothesis as the authors found notable differences in the effects of the various NSAIDs.

Offering the opinion that all NSAIDs are the same based upon limited, unpublished, non-peer-reviewed data is contrary to studies comparing Vioxx with other selective and non-selective NSAIDs and contrary to the standards for reliable expert testimony. The class effect hypothesis has not been tested. It has not been subjected to peer review and/or publication. It is impossible to know the rate of error or potential rate of error given its broad-sweeping application to all NSAIDs. There is no indication that it is generally accepted in the relevant scientific community. Given the above factors, there is a significant analytical gap between existing scientific certainty and a class effect hypothesis, with the convenient exception of naproxen. Based on Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrel Dow Pharmaceuticals*, 509 U.S. 579 (1993) and it progeny, such unreliable testimony should be excluded.

## V.
## CONCLUSION

Accordingly, since the opinion that Vioxx is the same as all NSAIDs regarding cardiotoxic effects is based upon an untested hypothesis or theory that falls short of the criteria for reliable scientific testimony, Plaintiff respectfully requests that the Court strike any opinion or fact testimony on this issue.

---

[12] *Id.* at E10.

Date:  September 19, 2006                    Respectfully submitted,

*/s/ H. Wheeler*
_____
Edward Blizzard (TBN 02495000)
Scott Nabers (TBN 14769250)
Rebecca Briggs King (TBN 24027110)
Holly M. Wheeler (TBN: 24006035)
BLIZZARD, MCCARTHY & NABERS, L.L.P.
440 Louisiana, Suite 1710
Houston, Texas 77002
(713) 844-3750
(713) 844-3755 (fax)

**ATTORNEYS FOR PLAINTIFF
CHARLES LARON MASON**

| | |
|---|---|
| Andy D. Birchfield, Esq.<br>P. O. Box 4160<br>234 Commerce Street<br>Montgomery, AL  36103-4160<br>PH:  (800) 898-2034<br>FAX:  (334) 954-7555 | Christopher Seeger, Esq.<br>One William Street<br>New York, NY  10004<br>PH:  (212) 584-0700<br>FAX:  (212) 584-0799 |
| Leonard Davis<br>Herman, Herman, Katz & Cotlar, LLP<br>820 O'Keefe Avenue<br>New Orleans, LA  70013<br>PH:  (504) 581-4892<br>FAX:  (504) 561-6024 | Russ M. Herman<br>Herman, Herman, Katz & Cotlar, LLP<br>820 O'Keefe Avenue<br>New Orleans, LA  70013<br>PH:  (504) 581-4892<br>FAX:  (504) 561-6024 |

**PLAINTIFFS' STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum has been served on Liaison Counsel Phillip Wittmann, Shayna S. Cook and Richard Krumholz by U.S. Mail, facsimile and/or e-mail; and e-mail upon all parties by electronically uploading the same to Lexis-Nexis File and Serve Advanced, in accordance with Pretrial Order No. 9, on this 19th day of September, 2006.

Phillip Wittmann
Stone, Pigman Walther, Wittmann, LLC
546 Carondelet Street
New Orleans, LA  70130-3588
Phone:  (504) 581-3200
Fax:  (504) 581-3361

Shayna S. Cook
Bartlit, Beck, Herman, Palechar & Scott
Courthouse Place
54 West Hubbard Street
Chicago, IL  60610
Phone: (312) 494-4400
Fax:  (312) 494-4440

Richard Krumholz
Fulbright & Jaworski
2200 Ross Avenue, Suite 2800
Dallas, TX 75201-2784
Phone: (214) 855-8000
Fax: (214) 855-8200

_____
Holly M. Wheeler