IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Vioxx<br>PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>Case No. 2:06cv810<br><br>CHARLES LARON MASON v.<br>MERCK & CO., INC. | MDL DOCKET NO. 1657<br><br>Section L<br><br>Judge Fallon<br>Mag. Judge Knowles |

## JOINT STIPULATION REGARDING LATE FILING OF PLAINTIFF'S MOTIONS TO EXCLUDE OPINION TESTIMONY

Plaintiff Charles LaRon Mason and Defendant Merck & Co., Inc., ("the Parties") jointly submit this stipulation regarding the late filing of the following motions and memorandums of law (hereinafter collectively referred to as "Motions to Exclude"):

1. Plaintiff's Motion to Exclude the Testimony of Dr. Donald David and Memorandum in Support;

2. Plaintiff's Motion to Exclude the Testimony of Dr. Janet Arrowsmith-Lowe and Memorandum in Support;

3. Plaintiff's Motion to Exclude Opinion Testimony that Vioxx is the Same as All NSAIDS Regarding Cardiotoxic Effects and Memorandum in Support;

4. Plaintiff's Motion to Exclude the Opinion Testimony of Nicholas Flavahan, Ph.D. and Memorandum in Support;

5. Plaintiff's Motion to Exclude Argument or Opinion Testimony that an Increased Risk of Heart Attack Exists Only After 18 Months of Vioxx Use and Memorandum in Support;

6. Plaintiff's Motion to Exclude the Testimony of Michael Rothkopf, M.D.; and

7.     Plaintiff's Motion to Exclude Testimony of Craig Pratt, M.D.

In accordance with the Court's pre-trial order in this case and the previous stipulation of the parties[1], Plaintiff timely served Plaintiff's Motions to Exclude on Lexis Nexis File and Serve and via electronic mail. However, Plaintiff failed to accomplish the actual filing of the Motions to Exclude, because the Blizzard, McCarthy & Nabers, LLP staff members responsible for filing these motions were misinformed about the proper procedures to effectuate electronic filing. As such, the motions were timely served, however, were not electronically filed on the ECF system. Upon learning of this error, Plaintiff's counsel contacted Merck's counsel and asked for a one day extension to file Plaintiff's Memorandum in Support to Exclude the Testimony of Dr. Donald David, which was due to be filed on September 25, 2006. Merck's counsel granted the extension.

Plaintiff's counsel also contacted Merck's counsel to disclose and explain the failure to properly file the Motions to Exclude, which were served on September 19. Merck's counsel informed Plaintiff's counsel that they would not object to the late filing of these motions, and noted that they were not prejudiced since they were timely served with the motions.

Therefore, the parties stipulate:

1. Plaintiff may file Plaintiff's Motions to Exclude referenced hereinabove late; and

2. Merck will not object to the late filing of the Plaintiff's Motions to Exclude referenced hereinabove as Merck was timely served with the Motions to Exclude and will not be prejudiced by the late filing.

---

[1] The parties previously filed a joint stipulation expanding the deadlines for the filing of certain memorandums of law in connection with *Daubert* challenges in order to accommodate the deposition schedule of the parties' expert witnesses.

2

Plaintiff sincerely apologizes to the Court and to Defendant Merck for this error and for any inconvenience caused.

Dated: September 26, 2006

Respectfully Submitted,

_____
Edward Blizzard
Scott Nabers
Rebecca B. King
Holly M. Wheeler
BLIZZARD, MCCARTHY & NABERS, LLP
440 Louisiana, Suite 1710
Houston, Texas 77002
Telephone:    (713) 844-3750
Telecopier:    (713) 844-3755

Attorneys for Charles Mason

_____
Philip S. Beck, 147168
Tarek Ismail, 6225226
Shayna S. Cook, 6285959
BARTLIT BECK HERMAN
PALENCHAR & SCOTT LLP
Courthouse Place
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Telephone:    (312) 494-4400
Telecopier:    (312) 494-4440

Attorneys for Merck & Co., Inc.

3