## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 06-0810 | * | |
| | * | MAGISTRATE JUDGE |
| CHARLES L. MASON, | * | KNOWLES |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF MOTION OF MERCK & CO., INC. ("MERCK")
TO PRECLUDE IMPROPER REFERENCE TO MERCK'S DEFENSE OF
OTHER VIOXX®-RELATED LAWSUITS OR TO THE NUMBER OF
TIMES MERCK WITNESSES HAVE TESTIFIED PREVIOUSLY**

**(MOTION IN *LIMINE* NO. 1)**

Merck moves in *limine* to prohibit plaintiff from making gratuitous reference – during

opening statements, in the guise of questions, or otherwise – to Merck's defense of other Vioxx-

related lawsuits or to the number of times Merck's fact witnesses have testified in previous

Vioxx cases.  In *Smith*, the Court reserved ruling on this motion, but indicated that it would

preclude any such reference at trial unless used for impeachment or if Merck opened the door.[1]

---

[1] (*See* Aug. 31, 2006 *Smith v. Merck* Tr. at 23:18-24:2 ("I probably will be granting this, unless it's used for impeachment by prior testimony. . . .  And also, if the issue is made that plaintiff experts testified in other cases, then this may be significant to show that everybody does it, because there is a certain number of experts that can be used.  But I will defer that and see how it comes, but those are the feelings."); *see also* Aug. 31, 2006 Order re Motions in *Limine* at 14.)

Plaintiff's counsel subsequently referenced, during opening statements, the "last eight times" Merck's company representative, Dr. Briggs Morrison, had testified in Vioxx-related lawsuits – thus unduly prejudicing Merck in precisely the manner its motion was intended to prevent.

Not only is it irrelevant to Mr. Mason's claims that Merck has defended itself in other Vioxx cases or that a company witness has testified before, but improper reference to these facts is also clearly prejudicial to Merck.  Merck has an absolute right to defend itself in each case and to call whomever it chooses at trial.  The jury should decide the case on its own merits, not based on knowledge that other plaintiffs also claim to have suffered injury from Vioxx.  Merck should not be penalized in a given case by the fact that there are thousands of pending Vioxx lawsuits or that it chooses to call several of the same witnesses in each case.[2]

Merck thus requests that the Court grant this motion in *limine* to preclude improper reference to Merck's defense of other Vioxx-related lawsuits, the existence of other cases, or the number of times Merck fact witnesses have testified previously.  A ruling on Merck's motion will avoid the "obviously futile attempt to 'unring the bell'" if plaintiff makes any such reference during opening statements, much like plaintiff did in *Smith*.  *See Brodit v. Cambra*, 350 F.3d 985, 1005 (9th Cir. 2003).  Should the Court's in *limine* ruling need to be revisited at trial under the special circumstances cited by the Court in *Smith*, the Court may of course do so at that time.

## I.   REFERENCE TO MERCK'S DEFENSE OF OTHER VIOXX-RELATED LAWSUITS OR THE FACT THAT MERCK'S FACT WITNESSES HAVE GIVEN TESTIMONY IN OTHER VIOXX CASES IS IRRELEVANT.

This case is about whether Vioxx caused Mr. Mason's heart attack and, if so, whether Merck gave adequate warnings to Mr. Mason's prescribers.  If the *Smith* or *Barnett* cases are any

---

[2] To defend itself, Merck must call witnesses who have knowledge of facts that refute plaintiffs' claims.  Because the plaintiffs in different cases make substantially similar factual claims, it is unavoidable that Merck will need to call the same witnesses to refute them.

guide, plaintiff will make improper and irrelevant mention of the existence of other Vioxx cases,

Merck's defense of those lawsuits, or the participation of Merck's fact witnesses in prior Vioxx

trials.

For example, plaintiff's counsel in *Smith* made the following improper reference to Dr.

Briggs Morrison's prior testimony during opening statements:

> And [plaintiff's counsel] is going to call [Briggs Morrison] in our case in chief
> and ask him some tough questions about the last eight times he's testified.

(Sept. 11, 2006 *Smith v. Merck* Tr. at 115:2-4.)

And, in *Barnett*, plaintiff's counsel cross-examined another Merck witness, Dr. Alise

Reicin, about the number of times she had testified previously:

| | |
|---|---|
| Q: | Just to give the jury a perspective, this is what, the eighth time you have testified defending Vioxx in a courtroom in this country? |
| A: | I don't know if I would quite use those terms, but this is, I think, the eighth time that I have – We have to go back and count.  About the eighth time. |
| Q: | Let me go quickly through them.  So you first time was the *Ernst* case down in Texas; right? |
| A: | That's correct. |
| Q: | Then you testified in the *Humeston* case; correct? |
| A: | That's correct. |
| Q: | You testified in *Irvin 1*? |
| A: | That's correct. |
| Q: | You testified in *Irvin 2*? |
| A: | That's correct. |
| Q: | Did you testify in *McDarby*? |
| A: | I did. |
| Q: | Did you testify in the *Doherty* case in New Jersey? |
| A: | Yes, I did. |
| Q: | Did you testify just last week, or 10 days ago, in L.A. in the *Grossberg* case? |
| A: | Yes, I did. |

3

Q:      So this would be the eight case; correct?

A:      I believe that's correct.

(Aug. 14, 2006 *Barnett v. Merck* Tr. at 2345:14-2346:12.)

Perhaps most egregiously, plaintiff's counsel in *Barnett* improperly asked the jury, during closing arguments following the second phase of the trial, to punish Merck in order to deter it from continuing to defend Vioxx-related cases:

> In any event, the point of punitive damages is to deter others, to deter Merck from doing this in the future.  So your verdict, I submit, needs to have some measure of punitive damages. . . .  *Basically, they have been defending these cases and they are going to continue on.  I think there's got to be a message to them.*

(Aug. 17, 2006 *Barnett v. Merck* Tr. at 2705:5-12 (emphasis added).)

None of the above statements had any logical connection to the *Smith* or *Barnett* plaintiffs' claims.  Nor are these statements relevant to any fact at issue in this case.  Plaintiff may be allowed to impeach witnesses with prior testimony, but need not refer to the fact that it was in a different lawsuit.  The jury need not know whether the prior testimony was from a deposition in this case, or trial or deposition in another Vioxx case.  There is no justification for questions about the number of times Merck's fact witnesses have testified or reference to Merck's defense of other Vioxx-related lawsuits.  Any such improper statements should thus be excluded under Federal Rule of Evidence 401.

## II.    ALL REFERENCE TO MERCK'S DEFENSE OF OTHER VIOXX-RELATED LAWSUITS OR MERCK'S FACT WITNESSES' PRIOR TESTIMONY SHOULD BE PRECLUDED UNDER FEDERAL RULE OF EVIDENCE 403.

The references at issue in this motion must also be excluded under Federal Rule of Evidence 403.  Allowing plaintiff's counsel to make statements solely for the purpose of inflaming the jury's prejudices is improper, particularly where these statements would shift the jurors' attention away from the facts of the case and toward unrelated, collateral matters.  Even if

4

831857v.1

evidence that Merck's witnesses have previously testified or that Merck has defended itself in other Vioxx lawsuits had any probative value – and it does not – the risk of such evidence is that the jurors will conclude that where there's smoke, there's fire.  The risk of undue prejudice is clearly present here.  Merck must be permitted to defend itself fully in each and every case, which may mean bringing the same witnesses to testify at trial after trial.  Plaintiff must not be allowed to raise negative inferences by improperly questioning these witnesses about prior participation in trials or by arguing that Merck should be punished for its defense.

**III.  CONCLUSION.**

For the foregoing reasons, Merck respectfully requests that the Court preclude all reference to the existence of other Vioxx cases, Merck's defense of these lawsuits, or the number of times that Merck's fact witnesses have testified in other Vioxx cases.

Dated:  September 27, 2006                              Respectfully submitted,

_/s/ Dorothy H. Wimberly_
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Tarek Ismail
Shayna Cook
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:      312-494-4440

831857v.1

Brian Currey
Catalina J. Vergara
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:      213-430-6407

And

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:      202-434-5029

Attorneys for Merck & Co., Inc.

831857v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum in Support of Motion to Preclude Improper Reference to Merck's Defense of Other Vioxx-Related Lawsuits or to the Number of Times Merck Witnesses Have Testified Previously has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 27th day of September 2006.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

7

831857v.1