UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | JUDGE FALLON |
| This document relates to<br>Case No. 06-0810 | * | |
| CHARLES L. MASON, | * | MAGISTRATE JUDGE<br>KNOWLES |
| Plaintiff, | * | |
| v. | * | |
| MERCK & CO., INC., | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANT MERCK & CO., INC. ("MERCK") TO EXCLUDE TESTIMONY OR ARGUMENT THAT MERCK: (1) COULD OR SHOULD HAVE UNILATERALLY CHANGED THE VIOXX® LABEL TO INCLUDE THE VIGOR DATA; OR (2) "DRAGGED ITS FEET" TO PREVENT THE VIGOR DATA FROM BEING ADDED TO THE VIOXX LABEL**

**(MOTION IN *LIMINE* NO. 4)**

It makes little sense for plaintiff to spend one or two days at trial presenting evidence he claims shows that Merck could or should have unilaterally changed the Vioxx label to include the VIGOR data prior to April 2002 or that Merck "dragged its feet" to prevent this information from being added to the label.  This is a post-VIGOR label case.  Indeed, Mr. Mason did not start using Vioxx until nearly *five months* after the April 2002 label was approved by the Food and Drug Administration ("FDA").  What is relevant here is whether this label adequately warned Mr. Mason's prescribers of the risks associated with Vioxx, not whether Merck could have provided this information to the medical community sooner, without the FDA's consent.  Nor is

it relevant that that Merck allegedly delayed or resisted changing the Vioxx label to include the VIGOR data. The only question properly before the jury is what information Merck provided on the label at the time Vioxx was prescribed to Mr. Mason – *not* what previous labels said.

To the extent any of Merck's negotiations with the FDA over the April 2002 label are relevant – and they are only marginally so – the danger of juror confusion and undue delay outweighs any probative value. The Court should thus preclude plaintiff from offering testimony or evidence, including draft labels, that purportedly shows that Merck "dragged its feet" in negotiating with the FDA over what ultimately became the April 2002 Vioxx label.[1]

I.  **ANY TESTIMONY OR ARGUMENT PERTAINING TO LABELS *OTHER* THAN THE OPERATIVE LABEL IN THIS CASE, THE APRIL 2002 POST-VIGOR LABEL, IS IRRELEVANT.**

In *Plunkett v. Merck* and *Barnett v. Merck*, the Court permitted experts on both sides to provide opinions on whether Merck could have used the "changes being effected" ("CBE") procedure to unilaterally change the Vioxx label. But those cases were different from *Mason* in one critical respect: *Plunkett* involved pre-VIGOR label use only; *Barnett* involved both pre- and post-VIGOR label use. In contrast, in this case, plaintiff claims to have used Vioxx only after April 2002. Any testimony or argument that Merck could or should have unilaterally modified the Vioxx label to include the VIGOR data prior to April 2002 is therefore inadmissible. Because the VIGOR data were in the Vioxx label well before Mr. Mason received his first prescription for the drug, it makes no difference if this data had been added in April 2000, 2001, or 2002, as was the case. The post-VIGOR label was in effect at all times relevant to Mr.

---

[1] The Court reserved ruling on this issue in *Smith v. Merck*, which was also a post-VIGOR label case (Sept. 6, 2006 *Smith v. Merck* Tr. at 43:20-48:17), but later permitted plaintiff to present evidence that plaintiff alleged showed Merck could have added the VIGOR data to the Vioxx label prior to April 2002. Merck respectfully requests that the Court reconsider its prior approach.

Mason's claims. Accordingly, testimony and argument that Merck: (i) could or should have unilaterally modified the Vioxx label to add the VIGOR results sooner than it did; and/or (ii) "dragged its feet" in changing the Vioxx label to include information about the cardiovascular events that occurred in the VIGOR study is not probative of plaintiff's claims.

**II.     ANY TESTIMONY OR ARGUMENT ABOUT PRE-APRIL 2002 VIOXX LABELS WOULD CONFUSE THE JURY AND CAUSE UNDUE DELAY.**

The jury's job in this case is to determine whether, at the time Vioxx was prescribed to Mr. Mason, the April 2002 label adequately warned against cardiovascular risks. It is *not* to decide whether Merck is a "bad company" or whether warnings included in labels at any time before Mr. Mason began taking Vioxx were adequate. But plaintiff seeks to obscure the real issues before the jury by introducing exactly such evidence. Even if the Court concludes that this type of evidence has some tangential relevance to the subject matter of the case, any such relevance is plainly outweighed by the danger of unfair prejudice to Merck. Merck should not be put on trial for conduct that is wholly divorced from the warning given to plaintiff and his prescribers at the time plaintiff began taking Vioxx. Nor should the jury have to evaluate the information provided by Merck in Vioxx labels that preceded the operative label in this case. To have them do so would risk juror confusion and would certainly result in an undue consumption of the Court's, the parties', and the jury's time. The Court should thus preclude plaintiff from offering any testimony or argument about these prior Vioxx labels under Rule 403.

**III.    CONCLUSION.**

For the reasons stated above, Merck respectfully requests that the Court exclude all testimony and argument that Merck: (i) could or should have unilaterally modified the Vioxx label to add the VIGOR results sooner than it did; or (ii) "dragged its feet" in changing the Vioxx label to include information about the cardiovascular events that occurred in the VIGOR study.

Dated:  September 27, 2006

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Tarek Ismail
Shayna Cook
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone: 312-494-4400
Fax:     312-494-4440

Brian Currey
Catalina J. Vergara
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:     213-430-6407

And

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:     202-434-5029

Attorneys for Merck & Co., Inc.

831864v.1

## CERTIFICATE OF SERVICE

    I hereby certify that the above and foregoing Memorandum in Support of Motion to Exclude Testimony or Argument That Merck: (1) Should or Could Have Unilaterally Changed the Vioxx Label; or (2) "Dragged Its Feet" to Prevent the VIGOR Data from Being Added to the Vioxx Label has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 27th day of September, 2006.

                                          */s/ Dorothy H. Wimberly*
                                          Dorothy H. Wimberly, 18509
                                          STONE PIGMAN WALTHER
                                          WITTMANN L.L.C.
                                          546 Carondelet Street
                                          New Orleans, Louisiana  70130
                                          Phone:  504-581-3200
                                          Fax:     504-581-3361
                                          dwimberly@stonepigman.com

                                          Defendants' Liaison Counsel