IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Vioxx<br>PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1657 |
| | Section L |
| THIS DOCUMENT RELATES TO:<br>Case No. 2:06cv810 | |
| | Judge Fallon<br>Mag. Judge Knowles |
| CHARLES LARON MASON v.<br>MERCK & CO., INC. | |

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANT MERCK FROM REFERRING TO MR. MASON'S LEFT ANTERIOR DESCENDING CORONARY ARTERY AS A "WIDOW-MAKER"**

(Plaintiff's Motion in Limine No. 8)

**TO THE HONORABLE JUDGE ELDON FALLON:**

Before voir dire examination of the jury panel, and out of the hearing of the jury, Plaintiff Charles Laron Mason, by and through his undersigned counsel, respectfully moves the Court for order precluding Defendant from referring to Mr. Mason's left anterior descending coronary artery (LADC) as a "widow-maker" in the presence of the jury. In the alternative, Plaintiff Mason seeks a motion in limine requiring that Defendant first approach the bench and ask for a ruling before attempting to introduce or refer to such evidence and/or issues at trial. In the event this Court does not exclude and/or limine such matters, then Plaintiff requests that a mandatory limiting instruction as to its proper use be given upon its admission and each and every time thereafter as such a reference is made pursuant to FED. R. EVID. 105.

The Court previously granted similar motions filed by the plaintiffs in *Plunkett v. Merck & Co., Inc.* and in *Barnett v. Merck & Co., Inc.* on Rule 403 grounds, indicating that "doctors

should use medical terms and not street talk [or slang]."[1]

### I. FEDERAL RULE OF EVIDENCE 403

Rule 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury ...." FED.R.EVID. 403. The district court has broad discretion in assessing admissibility under the rule providing for exclusion of relevant evidence if its probative value is substantially outweighed by danger of unfair prejudice, confusion of issues or misleading jury. *Int'l Ins. Co. v. RSR Corp.*, 426 F.3d 281, 299-300 (5th Cir. 2005); *United States v. Morris*, 79 F.3d 409, 412 (5th Cir. 1996); *United States v. Royal*, 972 F.2d 643, 648 (5th Cir. 1992), *cert. denied*, 507 U.S. 911, 113 S. Ct. 1258, 122 L. Ed. 2d 655 (1993). The trial judge's assessment of relative probative value of evidence and unfair prejudice is generally accorded great deference because of his or her first-hand exposure to evidence and familiarity with the course of the trial proceedings. *Int'l Ins. Co.*, 426 F.3d at 300 (citing *United States v. Briscoe*, 896 F.2d 1476 (7th Cir. 1990)).

### II. THE TERM "WIDOW-MAKER" IS PREJUDICIAL, CONFUSING AND MISLEADING.

The term "widow-maker" is medical slang which refers to the LADC, which is a major blood vessel of the heart muscle and is a common location for plaque build up. Permitting Merck to refer to this artery as a "widow-maker" would be improper. The use of this term would suggest to the jury that Mr. Mason's heart attack was a foregone conclusion irrespective of whether he took Vioxx. This term will add nothing to the jury's understanding of the medical issues involved in this case. Rather, use of such slang will only confuse and mislead the jury into believing that Mr. Mason was destined to suffer a heart attack where clearly no such evidence

---

[1] *See* Order, *Plunkett v. Merck & Co., Inc.* (November 18, 2006) (Rec. Doc. 1528) and Order, *Barnett v. Merck & Co.*, (June 28, 2006).

exists.

For the foregoing reasons, Plaintiff respectfully requests that this Court grant his motion to preclude Merck from referring to his left anterior descending coronary artery as a "widow-maker" as this Court has done on two previous occasions.

Date: September 27, 2006

Respectfully submitted,

_____
Edward Blizzard (TBN 02495000)
Scott Nabers (TBN 14769250)
Rebecca Briggs King (TBN 24027110)
Holly M. Wheeler (TBN: 24006035)
BLIZZARD, MCCARTHY & NABERS, L.L.P.
440 Louisiana, Suite 1710
Houston, Texas 77002
(713) 844-3750
(713) 844-3755 (fax)

**ATTORNEYS FOR PLAINTIFF**
**CHARLES LARON MASON**

| Andy D. Birchfield, Esq.<br>P. O. Box 4160<br>234 Commerce Street<br>Montgomery, AL 36103-4160<br>PH: (800) 898-2034<br>FAX: (334) 954-7555 | Christopher Seeger, Esq.<br>One William Street<br>New York, NY 10004<br>PH: (212) 584-0700<br>FAX: (212) 584-0799 |
|---|---|
| Leonard Davis<br>Herman, Herman, Katz & Cotlar, LLP<br>820 O'Keefe Avenue<br>New Orleans, LA 70013<br>PH: (504) 581-4892<br>FAX: (504) 561-6024 | Russ M. Herman<br>Herman, Herman, Katz & Cotlar, LLP<br>820 O'Keefe Avenue<br>New Orleans, LA 70013<br>PH: (504) 581-4892<br>FAX: (504) 561-6024 |

**PLAINTIFFS' STEERING COMMITTEE**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion has been served on Liaison Counsel Russ Herman and Phillip Wittmann, Shayna S. Cook and Richard Krumholz by U.S. Mail, facsimile and/or e-mail; and e-mail upon all parties by electronically uploading the same to Lexis-Nexis File and Serve Advanced, in accordance with Pretrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of the Court of the Untied States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 27th day of September, 2006.

_____
Holly M. Wheeler