UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | JUDGE FALLON |
| This document relates to<br>Case No. 06-0810 | * | |
| CHARLES L. MASON, | * | MAGISTRATE JUDGE KNOWLES |
| Plaintiff, | * | |
| v. | * | |
| MERCK & CO., INC., | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF OMNIBUS MOTION OF MERCK & CO., INC. ("MERCK") FOR ORDER EXCLUDING EVIDENCE AND TESTIMONY ADDRESSED IN MOTIONS PREVIOUSLY GRANTED BY THE COURT**

**(MOTION IN *LIMINE* NO. 6)**

By way of this motion, Merck moves to exclude evidence and testimony that has been excluded by the Court in previous Vioxx®-related trials. Specifically, Merck moves to exclude: (i) communications between Merck and the Food and Drug Administration ("FDA") in 2005 about the potential reintroduction of Vioxx to the market and/or any proposed black box warning; (ii) the Fries Letter and related evidence; and (iii) evidence of motive and evidence relating to the assets and profitability of Merck or to the compensation and financial decisions of its employees. The Court should again exclude all of this evidence, for the reasons stated below and in Merck's prior briefing.

831912v.1

**I.     PRIOR RULINGS.**

The Court's prior rulings on each of these issues – citations to which are provided in the body of this brief – are as follows:

| Issue | *Plunkett* Ruling | *Barnett* Ruling | *Smith* Ruling |
|---|---|---|---|
| Communications Between Merck and the FDA in 2005 and/or Any Proposed Black Box Warning | N/A | N/A | GRANTED<br><br>The Court excluded the evidence under Rules 403 and 407. |
| The Fries Letter and Related Evidence | RESERVED RULING; LATER EXCLUDED<br><br>Although the Court reserved ruling on Merck's motion in *limine*, it later excluded the Fries Letter from evidence. | GRANTED<br><br>The Court granted Merck's motion in *limine*, explaining that the Fries letter "contains hearsay and hearsay within hearsay." | RESERVED RULING; LATER EXCLUDED<br><br>The Court reserved ruling at the pre-trial briefing stage, but again excluded the Fries Letter from evidence at trial. |
| Evidence of Motive and Evidence Relating to the Assets and Profitability of Merck or to the Compensation and Financial Decisions of its Employees | GRANTED<br><br>The Court granted this motion in *Plunkett I* and excluded evidence of motive at trial. It adopted its prior ruling in *Plunkett II*. | RESERVED RULING; NEVER OFFERED<br><br>In reserving ruling, the Court reasoned: "It may be relevant to explain Merck's actions or inactions. May also be relevant under cross if other motives are suggested." The evidence was not offered at trial. | RESERVED RULING; LATER EXCLUDED<br><br>Pre-trial, the Court stated that this evidence is "probably admissible to show motive." At trial, however, the Court excluded the evidence. |

**II.    THE COURT SHOULD AGAIN EXCLUDE THE EVIDENCE AT ISSUE IN THIS MOTION.**

The evidence covered by this motion has been excluded – whether at the pre-trial stage or at trial – in all of the MDL cases that have been tried to date. For the reasons articulated by Merck in its prior briefing and summarized briefly below, the Court should again exclude the evidence here.

2

A. **The Court Should Exclude Evidence Of Communications Between Merck And The FDA In 2005 About The Potential Reintroduction Of Vioxx To The Market And/Or Any Proposed Black Box Warning.**

*Merck's Position*: Merck requests an order excluding communications between Merck and the FDA in 2005 about the potential reintroduction of Vioxx to the market and/or any proposed black box warning. In particular, Merck seeks to exclude a "Type 'A' Meeting Background Package" that Merck prepared in early 2005 and presented to the FDA as a platform for discussing the potential reintroduction of Vioxx to the United States market (Pl.'s Exs. 1.1031, 1.1220) and FDA Meeting Minutes dated May 25, 2005 that reflect the discussions between Merck and the FDA about the possibility of reintroducing Vioxx to the market (Pl.'s Ex. 1.1219).

This evidence is inadmissible on at least three separate grounds. First, Merck's subsequent remedial measures do not constitute admissions and, under Rule of Evidence 407, cannot be used to prove negligence, culpable conduct, or that Vioxx should have contained a different warning. Second, none of this information was available during the time period relevant to plaintiff's case, so it cannot possibly prove Merck's knowledge at the time of plaintiff's injury. Finally, Merck's 2005 proposed black box warning does not prove that Merck could have unilaterally added such a warning to the Vioxx labeling prior to plaintiff's July 2003 injury. Because only the FDA can decide that a black box warning is appropriate, plaintiff should not be allowed to argue to the jury, in error, that Merck could have done something prohibited by FDA regulations.

*Prior Rulings*: The Court granted this motion in *limine* in *Smith v. Merck* and excluded the evidence under Rules 403 and 407. (*See* Sept. 6, 2006 Order re Motions in *Limine* at 11.) The motion was not filed in *Plunkett v. Merck* or *Barnett v. Merck*.

Merck respectfully requests that the Court follow its *Smith* ruling excluding communications between Merck and the FDA in 2005 about the potential reintroduction of Vioxx to the market and/or any proposed black box warning.

***Prior Briefing***:  Merck hereby incorporates by reference its prior motion in *limine* on this issue as if fully set forth herein.  (*See* Motion to Exclude Communications Between Merck and the FDA in 2005 About the Potential Reintroduction of Vioxx to the Market and/or Any Proposed Black Box Warning (Motion in *Limine* No. 1), filed in *Smith v. Merck* on August 7, 2006 (Record Docket No. 6119).)

### B. The Court Should Exclude The Fries Letter And Related Evidence.

***Merck's Position***:  Merck seeks an order excluding evidence of or argument about the Fries Letter (Pl.'s Ex. 1.0176), which relates hearsay, irrelevant, and prejudicial charges that Merck employees "attacked" certain members of the scientific community.  These allegations have no conceivable relevance or connection to Mr. Mason or his prescribers.  As the Court has recognized on previous occasions, the Fries Letter contains hearsay and hearsay within hearsay.  It has no probative value, and admitting it would unduly prejudice Merck and lead to juror confusion and delay.  The letter and any related evidence, including but not limited to Plaintiff's Exhibits 1.0299 and 1.1108, are inadmissible.

***Prior Rulings***:  The Court granted this motion in *limine* in *Barnett v. Merck* and excluded the Fries Letter from evidence.  (*See* June 28, 2006 Order re Merck's Motions in *Limine* at 9 ("This is a 4-page letter.  It is a bit rambling.  It contains hearsay and hearsay within hearsay.").)

In *Plunkett v. Merck*, where the letter was addressed as part of a broader motion on evidence with no nexus to the case, the Court reserved ruling at the pre-trial stage but later excluded the document from evidence.  (*See* Nov. 20, 2005 Order re Merck's Motions in *Limine* at 2; Feb. 3, 2006 Order re Merck's Previously Filed Motions in *Limine* at 2.)   The Court again

4

reserved ruling on the motion in *Smith v. Merck*, and again excluded the document from evidence at trial. (*See* Sept. 6, 2006 Order re Merck's Previously Filed Motions in *Limine* at 13.)

Merck respectfully requests that the Court follow its *Plunkett*, *Barnett*, and *Smith* rulings excluding the Fries Letter and any related evidence.

***Prior Briefing***: Merck hereby incorporates by reference its prior motions in *limine* on this issue as if fully set forth herein. (*See* Motion to Exclude Evidence or Argument Pertaining to Conduct with No Nexus to Issues Being Tried in This Case (Motion in *Limine* No. 3), filed in *Plunkett v. Merck* on Nov. 4, 2005 and Jan. 30, 2006 (Record Docket Nos. 1268 and 3025); Motion for Order Excluding the Fries Letter (Motion in *Limine* No. 3), filed in *Barnett v. Merck* on June 16, 2006 (Record Docket No. 5309); and Omnibus Motion to Exclude Evidence and Testimony on Issues Previously Addressed by the Court, filed in *Smith v. Merck* on August 7, 2006 (Record Docket No. 6125).)

    **C.**    **The Court Should Exclude Evidence Of Motive And Evidence Relating To The Assets And Profitability Of Merck Or To The Compensation And Financial Decisions Of Its Employees.**

***Merck's Position***: Finally, Merck requests an order excluding all evidence of and reference to the alleged "motive" of Merck or its officers or employees in developing and marketing Vioxx – including any evidence relating to Merck's wealth, profitability, assets, income, or net worth, as well as the compensation, stock holdings, or stock options of its officers and employees. This case is about whether Vioxx caused Mr. Mason's heart attack, and, if so, whether Merck gave adequate warnings to his prescribers. If prior Vioxx trials are any guide, plaintiff will attempt to introduce evidence that he contends shows Merck rushed Vioxx to market because of various internal factors, including the existence of new drugs in development, its possible effect on sales and actual or projected profitability, and possible competition from Celebrex®. But evidence of these possible "motives" has no logical connection to any fact of

5

consequence at issue here; it does not relate to either the cause of Mr. Mason's alleged heart attack or the information on which his prescribers relied. *See, e.g.*, *In re Norplant Prods. Liab. Litig.*, No. MDL 1038, 1997 U.S. Dist. LEXIS 11118, at *1-2 (E.D. Tex. Feb. 19, 1997) (excluding evidence of pharmaceutical company's gross profit margins because "the evidence is not relevant to any failure to warn issue"). Furthermore, admitting such evidence would cause undue prejudice, juror confusion, and delay.

***Prior Rulings*:** In *Plunkett v. Merck*, the Court granted Merck's motion to exclude evidence of motive and assets, but noted that such evidence might be relevant at a possible punitive damages phase of trial. (Nov. 20, 2005 Order re Merck's Motions in *Limine* at 2.) At trial, the Court sustained Merck's objection to evidence of executive compensation and stock options. (Nov. 30, 2005 *Plunkett v. Merck* Tr. at 429:1-430:25.)

The Court reserved ruling on this issue in *Barnett v. Merck*, holding that evidence of motive "may be relevant to explain Merck's actions or inactions" or "under cross if other motives are suggested." (June 28, 2006 Order re Motions in *Limine* at 9.) In *Smith v. Merck*, the Court again reserved ruling, explaining that the evidence at issue might be admissible to show motive. (Aug. 31, 2006 *Smith v. Merck* Tr. at 21:6-12; Sept. 6, 2006 Order re Motions in *Limine* at 12.) But, at trial, the Court ruled that such evidence was inadmissible in the compensatory phase. (Sept. 13, 2006 *Smith v. Merck* Tr. at 610:22-611:21.)

Merck respectfully requests that the Court follow its prior rulings excluding all evidence of and reference to the alleged "motive" of Merck or its officers or employees in developing and marketing Vioxx – including any evidence relating to Merck's wealth, profitability, assets, income, or net worth, as well as the compensation, stock holdings, or stock options of its officers and employees.

***Prior Briefing*:** Merck hereby incorporates by reference its prior motions in *limine* on this issue as if fully set forth herein. (*See* Motion to Exclude (1) Evidence of Motive and (2) Evidence Relating to Assets and Profitability of Merck or to the Compensation and Financial Decisions of Its Employees (Motion in *Limine* No. 2), filed in *Plunkett v. Merck* on Nov. 4, 2005 and Jan. 30, 2006 (Record Docket Nos. 1267 and 3024); Motion to Exclude (1) Evidence of Motive and (2) Evidence Relating to Assets and Profitability of Merck or to the Compensation and Financial Decisions of Its Employees (Motion in *Limine* No. 1), filed in *Barnett v. Merck* on June 16, 2006 (Record Docket No. 5309); and Motion to Exclude (1) Evidence Of Motive And (2) Evidence Relating to the Assets and Profitability of Merck or to the Compensation and Financial Decisions of its Employees (Motion in *Limine* No. 5), filed in *Smith v. Merck* on August 7, 2006 (Record Docket No. 6124).)

### III.   CONCLUSION.

For the reasons stated above and in Merck's prior briefing, Merck respectfully requests that the Court exclude: (i) communications between Merck and the FDA in 2005 and/or any proposed black box warning; (ii) the Fries Letter and related evidence; and (iii) evidence of motive and evidence relating to the assets and profitability of Merck or to the compensation and financial decisions of its employees.

Dated:  September 27, 2006				Respectfully submitted,


							*/s/ Dorothy H. Wimberly*
							Phillip A. Wittmann, 13625
							Dorothy H. Wimberly, 18509
							STONE PIGMAN WALTHER
							WITTMANN L.L.C.
							546 Carondelet Street
							New Orleans, Louisiana  70130
							Phone:  504-581-3200
							Fax:     504-581-3361

							Defendants' Liaison Counsel

							Philip S. Beck
							Andrew Goldman
							Carrie A. Jablonski
							BARTLIT BECK HERMAN PALENCHAR
							& SCOTT LLP
							54 West Hubbard Street, Suite 300
							Chicago, Illinois  60610
							Phone:  312-494-4400
							Fax:     312-494-4440

							Brian Currey
							Catalina J. Vergara
							O'MELVENY & MYERS LLP
							400 South Hope Street
							Los Angeles, CA 90071
							Phone:  213-430-6000
							Fax:     213-430-6407

							And

							Douglas R. Marvin
							WILLIAMS & CONNOLLY LLP
							725 Twelfth Street, N.W.
							Washington, D.C.  20005
							Phone:  202-434-5000
							Fax:     202-434-5029

							Attorneys for Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum in Support of Omnibus Motion for Order Excluding Evidence and Testimony Addressed in Motions Previously Granted by the Court has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 27th day of September, 2006.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

831912v.1