IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Vioxx<br>PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>Case No. 2:06cv810<br><br>CHARLES LARON MASON v.<br>MERCK & CO., INC. | MDL DOCKET NO. 1657<br><br>Section L<br><br><br>Judge Fallon<br>Mag. Judge Knowles |

**PLAINTIFF'S MOTION TO EXCLUDE OR, IN THE ALTERNATIVE,
MOTION IN LIMINE CONCERNING MERCK
EMPLOYEES OFFERING UNDISCLOSED EXPERT OPINIONS**

**(Plaintiff's Motion in Limine No. 5)**

**TO THE HONORABLE JUDGE ELDON FALLON:**

Before voir dire examination of the jury panel, and out of the hearing of the jury, Plaintiff Charles Laron Mason, by and through his undersigned counsel, respectfully moves the Court to issue an order prohibiting Merck, its attorney, representatives, or witnesses from eliciting or attempting to elicit expert opinion testimony from individuals who were not disclosed or designated as experts by Merck in this case, including Merck employees, former employees, and/or advisors. In the alternative, Plaintiff seeks a motion in limine requiring that Merck first approach the bench and ask for a ruling before attempting to introduce or refer to such evidence and/or issues at trial.

Plaintiff is aware that the Court has already visited this issue and deferred its ruling in *Barnett v. Merck & Co., Inc.* and *Smith v. Merck & Co., Inc.*[1] Plaintiff files this motion to preserve

---

[1] *See* Order, *Barnett v. Merck & Co., Inc.*, (June 28, 2006) and Order, *Smith v. Merck & Co., Inc.*, (Sept. 6, 2006) (Rec. Doc. 6721).

1

his record for appeal and respectfully requests that the Court reconsider its previous rulings for the reasons set forth in this motion.

This Court's Pretrial Order required Merck to identify expert witnesses by August 18, 2006 and submit their reports by August 25, 2006. Merck filed its witness list in accordance with the Court's Pretrial Order. Merck's witness list provides in part: "Merck anticipates eliciting fact testimony from Merck employees and/or advisors as well as opinion testimony related to their duties (which do regularly involve giving expert testimony)." After this statement, Merck lists many witnesses, including Merck employees, former employees, and/or advisors from whom they may attempt to elicit expert opinion testimony during this trial. Based on the Merck witness list, Plaintiff anticipates that Merck will attempt to elicit expert opinion testimony from some or all of their employees and/or advisors who have not been designated as experts in this trial. However, Merck has only provided reports by Craig M. Pratt, M.D., Nicholas A. Flavahan, Ph.D., Donald S. David, M.D., KyungMann Kim, Ph.D., Janet Arrowsmith-Lowe, M.D., and Michael Rothkopf, M.D. Merck has not provided reports or otherwise disclosed any expert opinions of the other witnesses listed in its Fact and Expert Witness List, including Dr. Briggs Morrison and Dr. Alise Reicin as required by Federal Rules of Civil Procedure 26.

Although Federal Rule of Evidence 701 permits employees of corporations to testify as to opinions or inferences, the rule places limits on such testimony. The witness must not be testifying "as an expert," and the opinions and inferences are limited to those which are rationally based upon the perception of the witness. FED.R.EVID. 701. Moreover, directly applicable to this motion, Rule 701 allows testimony in the form of opinions as long as they are "not based on scientific, technical or other specialized knowledge within the scope of Rule 702." FED.R.EVID. 701(c). This rule is

2

designed to prohibit precisely what Plaintiff is seeking to prevent – bootstrapping expert opinion testimony regarding scientific and medical theories that the Defendant would otherwise be unable to offer because of the prerequisites of Rule 702 and *Daubert*. Merck is free to offer non-expert opinions from employees based upon their perception. However, Merck is not entitled to use Rule 701 as a *Daubert* loophole, nor should Merck be permitted to use Rule 701 as a method of sandbagging expert testimony it chose not to disclose, and as a means of circumventing the rules requiring pretrial disclosure of expert opinions.

In the trial of *Frederick Humeston v. Merck & Co., Inc.*, (ATL-L-2272-03MT), in the Superior Court of New Jersey, Defendant Merck offered testimony from its employee Dr. Briggs Morrison containing expert opinion testimony and purported facts about Vioxx that was improper because: (1) the expert opinion testimony had not been disclosed to the Plaintiff; (2) Dr. Morrison, as an oncologist, was patently unqualified to offer the opinions; and (3) Dr. Morrison lacked direct personal knowledge of these matters.

The most significant of these improper opinions related to Merck's purported understanding of the implications of selective inhibition of the enzyme cyclooxygenase-2 (COX-2). Dr. Morrison testified that Vioxx posed no cardiovascular risk because it does not inhibit prostacyclin production in blood vessels. Dr. Morrison served no report detailing his opinion, he was not deposed on the substance of the opinion, and no foundation for the testimony was laid during his direct examination.

The presiding judge, the Honorable Carol E. Higbee, conducted an inquiry, *sua sponte*, into the nature and basis of Dr. Morrison's testimony and ordered it stricken in its entirety.[2] As support for its ruling, the court cited Merck's blatant disregard for New Jersey's rules and procedures, and

---

[2] *See* Transcript of *Humeston v. Merck & Co., Inc.*, October 7, 2005, at 3348, attached hereto as Exhibit A.

described how the court had been repeatedly misled by counsel for Merck during the direct examination of Dr. Morrison.[3]

Dr. Morrison – a fact witness – offered opinions in pharmacology and vascular biology for which he lacked the requisite knowledge, skill, experience, training and education. Most critically, Dr. Morrison offered an ultimate opinion about the safety of Vioxx based on a single animal study. While it seems unlikely that Merck will attempt to backdoor expert testimony through this witness a second time, it may revive the substance of his testimony through another witness.

Merck's witness list is filled with company employees and former employees, some of whom possess medical and scientific credentials. But these witnesses should not be permitted to offer opinions outside their areas of expertise, and they should not be permitted to foist upon Plaintiff new, undisclosed opinion testimony for the first time at trial.

For these reasons, Plaintiff respectfully requests that the Court enter an order precluding Merck from eliciting expert testimony from employee or former employee witnesses, where they lack the necessary expertise, where these opinions have not previously been disclosed to Plaintiff, and where they lack adequate support under the Federal Rules of Evidence and appropriate case law. In the alternative, Plaintiff seeks a motion in limine requiring that Merck first approach the bench and ask for a ruling before attempting to introduce or refer to such evidence and/or issues at trial.

---

[3] *Id.* at 3336-8.

Date:  September 27, 2006                    Respectfully submitted,

/s/ H. Wheeler
Edward Blizzard (TBN 02495000)
Scott Nabers (TBN 14769250)
Rebecca Briggs King (TBN 24027110)
Holly M. Wheeler (TBN: 24006035)
BLIZZARD, MCCARTHY & NABERS, L.L.P.
440 Louisiana, Suite 1710
Houston, Texas 77002
(713) 844-3750
(713) 844-3755 (fax)

**ATTORNEYS FOR PLAINTIFF
CHARLES LARON MASON**

| | |
|---|---|
| Andy D. Birchfield, Esq.<br>P. O. Box 4160<br>234 Commerce Street<br>Montgomery, AL  36103-4160<br>PH:  (800) 898-2034<br>FAX:  (334) 954-7555 | Christopher Seeger, Esq.<br>One William Street<br>New York, NY  10004<br>PH:  (212) 584-0700<br>FAX:  (212) 584-0799 |
| Leonard Davis<br>Herman, Herman, Katz & Cotlar, LLP<br>820 O'Keefe Avenue<br>New Orleans, LA  70013<br>PH:  (504) 581-4892<br>FAX:  (504) 561-6024 | Russ M. Herman<br>Herman, Herman, Katz & Cotlar, LLP<br>820 O'Keefe Avenue<br>New Orleans, LA  70013<br>PH:  (504) 581-4892<br>FAX:  (504) 561-6024 |

**PLAINTIFFS' STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion has been served on Liaison Counsel Russ Herman and Phillip Wittmann, Shayna S. Cook and Richard Krumholz by U.S. Mail, facsimile and/or e-mail; and e-mail upon all parties by electronically uploading the same to Lexis-Nexis File and Serve Advanced, in accordance with Pretrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of the Court of the Untied States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 27th day of September, 2006.

                                                 */s/ Holly M. Wheeler*
                                                 Holly M. Wheeler