Exhibit A - Vogeler Deposition Excerpts

- **Mason - Omnibus Motion**

[:] - [:]          8/30/2006    Vogeler, Douglas v.02 (Mason)
```
page
                        UNITED STATES DISTRICT COURT
                         EASTERN DISTRICT OF LOUISIANA
       _____
                                     )
       IN RE: VIOXX                  )   MDL DOCKET NO. 1657
       PRODUCTS LIABILITY            )   SECTION L
       LITIGATION                    )
                                     )
       This document relates to:     )   JUDGE FALLON
       Case No. 2:06-CV-00810;       )   MAGISTRATE JUDGE KNOWLES
       CHARLES LARON MASON v.        )
       MERCK & CO., INC.,            )
                                     )   DEPOSITION OF:
              Defendant.             )   DOUGLAS M. VOGELER, M.D.
       _____)   VOLUME II
                              August 30, 2006
                                 8:17 a.m.
                          Alta View Women's Center
                            9600 South 1300 East
                              Sandy, UT  84094
                               Sharon Morgan
                    - Registered Professional Reporter -
                        Certified Realtime Reporter
```

[463:9] - [464:20]     8/30/2006    Vogeler, Douglas v.02 (Mason)
```
page 463
 9            Do you remember where plaintiff's counsel
10   talked to you about a supposed exclusion of three MI's
11   in connection with the VIGOR study?
12       A.   Yes.
13       Q.   He said or suggested that it went from a .4
14   to point --
15       A.   .5.
16       Q.   From a fourfold increase to a fivefold
17   increase?  Do you remember that?
18       A.   Yes.
19       Q.   The truth is is the data that's on page 3 of
20   that letter shows you that indeed that the MI rate was
21   close to fivefold in connection with VIGOR, true?
22       A.   Where are you referring to?
23       Q.   Referring to --
24       A.   Table 3?
25       Q.   -- to the Nonfatal MI's in Table 3.
page 464
 1       A.   18 versus four?
 2       Q.   So it was a four to fivefold increase
 3   according to the letter that was sent out by Merck and
 4   approved by the FDA in April of 2002, true?
 5       A.   Yes.
 6       Q.   Would that have changed your prescribing
 7   habits had you known that it -- if it went up by less
 8   than half a percent?
 9       A.   No.
10       Q.   The fact of the matter is you were told about
11   the increase and that it was statistically
12   significant, true?
13            MR. NABERS:  Objection to the form.
14       A.   Yes.
15       Q.   (By Mr. Krumholz)  And you understood that at
16   the time Mr. Mason was prescribed Vioxx?
17       A.   Yes.
18       Q.   And you expected Nurse Olson to be aware of
19   that?
```

**Exhibit A - Vogeler Deposition Excerpts**

- **Mason - Omnibus Motion**

```
                    20    A.   Yes.
```

[464:21] - [464:25]    8/30/2006   Vogeler, Douglas v.02 (Mason)

```
page 464
21      Q.   With all of the information that you now know
22   from your deposition and the exhibits you've reviewed,
23   you still think that Mr. Mason was an appropriate
24   candidate for Vioxx, true?
25      A.   Yes.
```

[470:1] - [470:25]    8/30/2006   Vogeler, Douglas v.02 (Mason)

```
page 470
 1                    C E R T I F I C A T E
 2   STATE OF UTAH         )
                                 :ss
 3   COUNTY OF SALT LAKE   )
 4            THIS IS TO CERTIFY that the deposition of
     DOUGLAS M. VOEGELER, M.D., the witness in the
 5   foregoing deposition named, was taken before me,
     Sharon Morgan, Certified Shorthand Reporter and Notary
 6   Public in and for the State of Utah, residing in Salt
     Lake City.
 7
              That the said witness was by me, before
 8   examination duly sworn to testify the truth, the whole
     truth, and nothing but the truth in said cause.
 9
              That the testimony of said witness was by me
10   reported in Stenotype, and thereafter caused to be
     transcribed into typewriting, and that a full, true,
11   and correct transcription of said testimony so taken
     and transcribed is set forth in the foregoing pages,
12   numbered from 332 to 469, inclusive, and said witness
     deposed and said as in the foregoing annexed
13   deposition.
14            I further certify that the original
     transcript of the same was delivered to Mr. Nabers,
15   the witness having waived reading and signing before a
     Notary Public.
16
              I further certify that I am not of kin or
17   otherwise associated with any of the parties to said
     cause of action, and that I am not interested in the
18   event thereof.
19            WITNESS MY HAND and official seal at Salt
     Lake City, Utah, this 31st day of August, 2006.
20
21
                        _____
22                      Sharon Morgan, CSR, RPR, CRR
23
     My Commission Expires:
24   6-16-2007
25
```