IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Vioxx<br>PRODUCTS LIABILITY LITIGATION | \| | MDL DOCKET NO. 1657 |
| | \| | Section L |
| THIS DOCUMENT RELATES TO:<br>Case No. 2:06cv810 | \| | |
| | \| | |
| CHARLES LARON MASON v.<br>MERCK & CO., INC. | \| | Judge Fallon<br>Mag. Judge Knowles |
| | \| | |

**PLAINTIFF CHARLES LARON MASON'S MOTION TO EXCLUDE OR, IN THE ALTERNATIVE, MOTION IN LIMINE REGARDING THE "MARTIN REPORT"**

**(Plaintiff's Motion in Limine No. 10)**

TO THE HONORABLE JUDGE ELDON FALLON:

Before voir dire examination of the jury panel, and out of the hearing of the jury, Plaintiff Charles Laron Mason, by and through his undersigned counsel, respectfully moves the Court to issue an order excluding from evidence the "Martin Report" and prohibiting Merck, its attorneys, representatives, or witnesses from discussing or testifying about the "Martin Report" because it is plainly hearsay and does not fall within any hearsay exception.[1]  Additionally, the Martin Report is not admissible because it is not relevant and, even if relevant, "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentations of cumulative evidence." FED.R.EVID. 403. Alternatively, Plaintiff Mason seeks a motion in limine requiring that Defendant first approach the bench and ask for a ruling before attempting to introduce or refer to such evidence

---

[1] The full name for the "Martin Report" is the "Report of The Honorable John S. Martin, Jr., to the Special Committee of the Board of Directors of Merck & Co., Inc., Concerning the Conduct of Senior Management in the Development and Marketing of Vioxx."  The report is attached hereto as Exhibit A.

and/or issues at trial.

On September 5, 2006, Merck released to the public the "Martin Report." It purports to present the findings of an "independent investigation" into Merck's senior management's conduct with regard to the development and marketing of Vioxx. The investigation was conducted by a prominent New York based corporate defense law firm, Debevoise & Plimpton ("Debevoise"), which lists among its clients corporate defendants in mass tort products liability litigation and securities fraud. The investigation was funded entirely by Merck at a cost of more than $21 million. The *New York Times* reports that Debevoise sent an advanced draft of the report in May (four months before its release) to lawyers at Hughes, Hubbard & Reed, a firm defending Merck in Vioxx suits, and to Merck's general counsel, Kenneth C. Frazier. Merck's lawyers purportedly reviewed the report for "accuracy."[2]

Setting aside the obvious issue concerning the authors' objectivity, reliability and motive, as well as the questionable timing of the report's release (Merck's Debevoise lawyers announced the report's conclusions at a press conference just days before trial in *Smith v. Merck & Co., Inc.*), the report is 175 pages of textbook hearsay. *See* Federal Rule of Evidence 801(c). The report constitutes nothing more than a summary of an "investigation" consisting of a review of documents produced in litigation, depositions, trial transcripts, and interviews with Merck employees and paid consultants,[3] which was funded entirely by Merck, conducted by Merck's attorneys, and reviewed for accuracy by Merck's attorneys. The report does not come within any hearsay exception. *See* Federal Rule of Evidence 803. As such, the Martin Report should be excluded in its entirety.

---

[2] *See* Alex Berenson, *Merck Inquiry Backs Conduct Over Vioxx*, N.Y. TIMES, September 7, 2006, attached hereto as Exhibit B.

[3] The investigators chose not to interview the independent scientists who were publicly critical of Merck, or who published studies that contradicted Merck's pronouncements to the medical community and the general

Moreover, the Martin Report is not relevant because it does not have a tendency to make the existence of any fact more probable or less probable than it would be without the "evidence." FED.R.EVID. 401. The report is a purely subjective summary of the evidence as viewed from the perspective of Merck's attorneys. It is simply of no consequence to the facts at issue in this case. Further, its probative value (if any) is substantially outweighed by the danger of unfair prejudice to Plaintiff, misleading the jury, confusion of the issues and needless presentation of cumulative evidence. FED.R.EVID. 403. Therefore, the Martin Report should be excluded.

For the foregoing reasons, Plaintiff respectfully requests that this Court grant his motion to exclude any evidence or discussion concerning the Martin Report. In the alternative, Plaintiff Mason seeks a motion in limine requiring that Defendant first approach the bench and seek a ruling before attempting to introduce or refer to such evidence and/or issue at trial.

Date:  September 27, 2006

Respectfully submitted,

Edward Blizzard (TBN 02495000)
Scott Nabers (TBN 14769250)
Rebecca Briggs King (TBN 24027110)
Holly M. Wheeler (TBN: 24006035)
BLIZZARD, MCCARTHY & NABERS, L.L.P.
440 Louisiana, Suite 1710
Houston, Texas 77002
(713) 844-3750
(713) 844-3755 (fax)

**ATTORNEYS FOR PLAINTIFF
CHARLES LARON MASON**

---

public regarding the safety and efficacy of Vioxx.

| | |
|---|---|
| Andy D. Birchfield, Esq.<br>P. O. Box 4160<br>234 Commerce Street<br>Montgomery, AL  36103-4160<br>PH:  (800) 898-2034<br>FAX:  (334) 954-7555 | Christopher Seeger, Esq.<br>One William Street<br>New York, NY  10004<br>PH:  (212) 584-0700<br>FAX:  (212) 584-0799 |
| Leonard Davis<br>Herman, Herman, Katz & Cotlar, LLP<br>820 O'Keefe Avenue<br>New Orleans, LA  70013<br>PH:  (504) 581-4892<br>FAX:  (504) 561-6024 | Russ M. Herman<br>Herman, Herman, Katz & Cotlar, LLP<br>820 O'Keefe Avenue<br>New Orleans, LA  70013<br>PH:  (504) 581-4892<br>FAX:  (504) 561-6024 |

**PLAINTIFFS' STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion has been served on Liaison Counsel Russ Herman and Phillip Wittmann, Shayna S. Cook and Richard Krumholz by U.S. Mail, facsimile and/or e-mail; and e-mail upon all parties by electronically uploading the same to Lexis-Nexis File and Serve Advanced, in accordance with Pretrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of the Court of the Untied States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 27th day of September, 2006.

Holly M. Wheeler