IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Vioxx<br>PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>Case No. 2:06cv810<br><br>CHARLES LARON MASON v.<br>MERCK & CO., INC. | MDL DOCKET NO. 1657<br><br>Section L<br><br><br>Judge Fallon<br>Mag. Judge Knowles |

**PLAINTIFF'S MOTION TO EXCLUDE OR, IN THE ALTERNATIVE, MOTION IN LIMINE CONCERNING EVIDENCE OR DISCUSSION CONCERNING DEFENDANT'S ALLEGED GOOD REPUTATION AND/OR "GOOD ACTS"**

**(Plaintiff's Motion in Limine No. 3)**

TO THE HONORABLE JUDGE ELDON FALLON:

Before voir dire examination of the jury panel, and out of the hearing of the jury, Plaintiff Charles Laron Mason, by and through his undersigned counsel, respectfully moves the Court for an order excluding all evidence, references, testimony and/or argument relating to Defendant Merck & Co., Inc.'s alleged good reputation and/or "good acts." In the alternative, Plaintiff Mason seeks a motion in limine requiring that Defendant first approach the bench and ask for a ruling before attempting to introduce or refer to such evidence and/or issues at trial.

In *Plunkett v. Merck & Co., Inc.* and *Barnett v. Merck & Co., Inc.*, the Court granted the plaintiffs' motions in limine to exclude testimony/evidence of Merck's alleged good reputation and/or "good acts" on Rule 401 grounds.[1] In *Smith v. Merck & Co., Inc.*, the Court deferred its

---

[1] *See* Order, *Plunkett v. Merck & Co., Inc.*, (Nov. 18, 2005) (Rec. Doc. 1528) and Order, *Barnett v. Merck & Co., Inc.*, (June 28, 2006).

1

ruling, indicating that the issue was "too broad."[2] During the hearing on the *Smith* motions in limine, the Court stated that such evidence would generally be inadmissible, but may become relevant if the plaintiff emphasized the "Merck only cares about profits" theme too much.[3] The Court also indicated that it would have to be a "grave situation" in order for such testimony/evidence to be admissible.[4]

# I.
# INTRODUCTION

Plaintiff believes that Defendant may attempt to introduce evidence or testimony, or discuss before the jury, its purported good reputation and/or other alleged good acts in an attempt to appeal to the jury's sympathies and reduce any damages assessed against it. Such evidence is not relevant to the issues for the jury to resolve in this case, and the introduction of such evidence would be unfairly prejudicial, confuse the issues, and mislead the jury.

Plaintiff believes that such testimony may include but is not limited to:

1. Merck's Patient Assistance Program whereby uninsured individuals can obtain prescription medication at no cost to the patient or at a significantly reduced price;
2. Merck's sizeable donations of HIV vaccines to Africa while working with Bill Gates and the government of Botswana;
3. Merck's donation of medications to combat "River Blindness" - a disease that strikes rural villages in Africa – to all impacted villages through the Mectizan program, in which Merck is partnered with Jimmy Carter and the Carter Foundation; and
4. The fact that Merck develops drugs that treat and cure disease.

---

[2] *See* Order, *Smith v. Merck & Co., Inc.*, (Sept. 6, 2006) (Rec. Doc. 6721).
[3] *See* Transcript of August 31, 2006 Hearing, *Smith v. Merck & Co., Inc.*
[4] *See id.*

## II.
## DISCUSSION

I.     **EVIDENCE OR DISCUSSION OF MERCK'S SPECIFIC GOOD ACTS OR GOOD REPUTATION ARE INADMISSIBLE UNDER FED. R. EVID. 608.**

There is no federal rule that provides for the admission of evidence of corporate character. Instead, FED. R. EVID. 404 and 405 both refer only to "persons." Similarly, Rules 608 and 609 refer only to a "witness." The only federal rule that comes close to addressing corporate character is Rule 406, which addresses the routine practices of organizations. It states:

> Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.

Nothing about any of the alleged acts listed above even rises to the level of corporate habit let alone does any act listed have anything whatsoever to do with whether Defendant properly warned Plaintiff Mason's doctor concerning the cardiovascular effects of ingesting Vioxx. As the result, none of the acts is relevant to the claims made here and all evidence and argument concerning them should be excluded.

Even if Rules 404 and 405, and 608 and 609 could somehow be extended to encompass corporations, however, the result would be the same. Under FED. R. EVID. 608(a),

> The credibility of a witness may be attacked *or supported* by evidence in the form of opinion or reputation, but *subject to these limitations*: (1) the evidence may refer only to *character for truthfulness or untruthfulness*, and (2) evidence of truthful character is *admissible only after the character of the witness for truthfulness has been attacked* by opinion or reputation evidence or otherwise. (emphasis added)

In addition, "Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness . . . may not be proved by extrinsic evidence."

3

Moreover, "[e]vidence of *a person's* character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion." FED. R. EVID. 404.

> After careful consideration over a number of years, the Evidence Rules Committee has concluded that character evidence should not be admitted to prove conduct in a civil case. The circumstantial use of character evidence is fraught with peril in any case, because it could lead to a trial of personality and could cause the jury to decide the case on improper grounds. The risks of character evidence historically have been considered worth the costs where a criminal defendant seeks to show his good character or the pertinent bad character of the victim. This so-called 'rule of mercy' is thought necessary to provide a counterweight to the resources of the government, and is a recognition of the possibility that the accused, whose liberty is at stake, may have little to defend with other than his good name. But none of these considerations is operative in civil litigation. In civil cases, the substantial problems raised by character evidence were considered by the Committee to outweigh the dubious benefit that character evidence might provide.

2006 US ORDER (C.O. 22), II Action Items, 4/12/06.

In the instant case, whether Merck is a "good company," gives away prescription drugs in foreign countries, or makes drugs that cure disease has absolutely no bearing on Merck's knowledge of the dangers of Vioxx, the adequacy of Merck's warning label concerning Vioxx's propensity to cause thrombotic cardiovascular and cerebrovascular events, and in particular, the heart attack suffered by Mr. Mason. Merck's character is not an element of any claim or defense. Such evidence is neither legally nor logically relevant to any fact that is of consequence in this matter, and, for that reason, must be excluded. *See* FED. R. EVID. 401, 402; KRE 401, 402.

## II. EVEN IF EVIDENCE OR DISCUSSION OF MERCK'S GOOD ACTS AND REPUTATION WERE RELEVANT, IT SHOULD BE EXCLUDED UNDER RULE 403.

Should this Court determine that evidence or discussion of Merck's good acts and reputation is relevant - and Plaintiff respectfully submits the Court should make no such finding - that does not end the inquiry. Rule 403 provides, "[r]elevant evidence may be excluded if its probative value is

4

substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. FED. R. EVID. 403.

The probative value, if any, of evidence that Merck is a "good corporate citizen" would be substantially outweighed by all the risks against which Rule 403 warns. Because Merck's prior good acts are not at issue in this case, such testimony would only serve to confuse and mislead the jury. It would also serve to unduly prejudice Plaintiff by causing the jury to align itself with Merck based solely on these "good acts," and to ignore the evidence specific to Plaintiff's allegations.

## III.
## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant his motion to exclude any evidence or discussion concerning Merck's reputation and other "good acts." In the alternative, Plaintiff Mason seeks a motion in limine requiring that Defendant first approach the bench and ask for a ruling before attempting to introduce or refer to such evidence and/or issues at trial.

Date: September 27, 2006                    Respectfully submitted,

                                            _____
                                            Edward Blizzard (TBN 02495000)
                                            Scott Nabers (TBN 14769250)
                                            Rebecca Briggs King (TBN 24027110)
                                            Holly M. Wheeler (TBN: 24006035)
                                            BLIZZARD, MCCARTHY & NABERS, L.L.P.
                                            440 Louisiana, Suite 1710
                                            Houston, Texas 77002
                                            (713) 844-3750
                                            (713) 844-3755 (fax)

**ATTORNEYS FOR PLAINTIFF**
**CHARLES LARON MASON**

| | |
|---|---|
| Andy D. Birchfield, Esq.<br>P. O. Box 4160<br>234 Commerce Street<br>Montgomery, AL  36103-4160<br>PH:  (800) 898-2034<br>FAX:  (334) 954-7555 | Christopher Seeger, Esq.<br>One William Street<br>New York, NY  10004<br>PH:  (212) 584-0700<br>FAX:  (212) 584-0799 |
| Leonard Davis<br>Herman, Herman, Katz & Cotlar, LLP<br>820 O'Keefe Avenue<br>New Orleans, LA  70013<br>PH:  (504) 581-4892<br>FAX:  (504) 561-6024 | Russ M. Herman<br>Herman, Herman, Katz & Cotlar, LLP<br>820 O'Keefe Avenue<br>New Orleans, LA  70013<br>PH:  (504) 581-4892<br>FAX:  (504) 561-6024 |

**PLAINTIFFS' STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion has been served on Liaison Counsel Russ Herman and Phillip Wittmann, Shayna S. Cook and Richard Krumholz by U.S. Mail, facsimile and/or e-mail; and e-mail upon all parties by electronically uploading the same to Lexis-Nexis File and Serve Advanced, in accordance with Pretrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of the Court of the Untied States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 27th day of September, 2006.

_____
Holly M. Wheeler