UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| IN RE: VIOXX | : MDL NO. 1657 |
|  | : |
| PRODUCTS LIABILITY LITIGATION | : SECTION: L |
|  | : |
|  | : JUDGE FALLON |
|  | : MAG. JUDGE KNOWLES |

THIS DOCUMENT RELATES TO
*Smith v. Merck & Co., Inc.*, 05-4379

## JURY INTERROGATORIES

1. Do you find by a preponderance of the evidence that Merck & Co., Inc. failed to adequately warn Garry Smith's treating physician of a risk created by Vioxx that was known or reasonably scientifically knowable at the time, and that such failure to adequately warn was a proximate cause of Garry Smith's heart attack and resulting injuries?

    YES _____          NO ___✓_____

(Please proceed to Question #2.)

2. Do you find by clear and convincing evidence that Merck & Co., Inc. knowingly failed to disclose a material fact to Garry Smith's treating physician in a circumstance where it was required to do so, that Garry Smith's treating physician was entitled to and did rely on that omission, and that the non-disclosure was a proximate cause of Garry Smith's heart attack and resulting injuries?

    YES _____          NO ___✓_____

(If you answered "no" to Questions #1 and #2, please skip all remaining questions, date and sign this verdict form, and inform the Marshall that a verdict has been reached. If you answered "yes" to either of these questions, please proceed to Question #3.)

-1-

3. Do you find by a preponderance of the evidence that there was negligence on the part of Garry Smith that was a proximate cause of his heart attack and resulting injuries?

   YES _____        NO _____

   (Please proceed to Question #4.)

4. Do you find by a preponderance of the evidence that there was negligence on the part of Dr. Michael Grefer that was a proximate cause of Garry Smith's heart attack and resulting injuries?

   YES _____        NO _____

   (If you answered "no" to Questions #3 and #4, please skip Question #5 and proceed to Question #6. If you answered "yes" to either of these questions, please proceed to Question #5.)

5. What percentage of fault, if any, do you attribute by a preponderance of the evidence to Merck & Co., Inc., Garry Smith, and/or Dr. Michael Grefer?

   Merck & Co., Inc.                      _____%

   Garry Smith                            _____%

   Dr. Michael Grefer                     _____%

   (Please proceed to Question #6.)

6. What amount, if any, do you find by a preponderance of the evidence will fairly and adequately compensate Garry Smith for the compensatory damages suffered due to his heart attack and resulting injuries?

   $ _____

(Please date and sign the verdict form, inform the Marshall that a verdict has been reached, and return to the courtroom.)

New Orleans, Louisiana, this 26 day of September, 2006.

_____
JURY FOREPERSON