

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 SEP 28  AM 7: 52

LORETTA G. WHYTE
CLERK

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LILLIAN and SIDNEY WILLIAMS, § § **Plaintiffs,** § § VS. § **Civil Action No. 05-6035** § MERCK & CO., INC. § **Defendant** § | |

| | |
|---|---|
| **IN RE: VIOXX MARKETING,** § **SALES PRACTICES AND** § **MDL NO. 1657** **PRODUCTS LIABILITY** § **LITIGATION** § **SECTION L** § **THIS DOCUMENT RELATES TO:** § **JUDGE ELDON E. FALLON** **LILLIAN and SIDNEY WILLIAMS** § § § **MAGISTRATE JUDGE** § **DANIEL E. KNOWLES, III** | |

## PLAINTIFFS' SECOND AMENDED COMPLAINT

COMES NOW Plaintiffs, LILLIAN and SIDNEY WILLIAMS, complaining of the following multiple causes of action against Defendant, MERCK & CO., INC., and for causes of action would show the Court and Jury as follows:

### I.    PARTIES

2.    Plaintiff, LILLIAN WILLIAMS, is an individual who is a citizen of the state of Louisiana.  Plaintiff, LILLIAN WILLIAMS, was prescribed and purchased the drug Vioxx.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

3.  Plaintiff, SIDNEY WILLIAMS, is an individual who is a citizen of the state of Louisiana. Plaintiff is the spouse of co-Plaintiff, LILLIAN WILLIAMS.

4.  Defendant, MERCK & CO., INC., is a New Jersey corporation, with its principal place of business in New Jersey. Plaintiffs intend to sue that group or association doing business as Merck, who manufactured, promoted, sold and distributed the drug Vioxx to pharmacies and physicians worldwide and in the United States, and specifically in Louisiana. Plaintiffs intend to sue the private corporation, individual unincorporated association and/or partnerships doing business under the name of "Merck", which manufactured, sold and was responsible for the marketing of Vioxx in the United States. Plaintiffs reserve the right, if needed, to add or amend any formal names to properly reflect the correct party. At all times relevant hereto, Merck was registered to do and was doing business in the State of Texas. Merck may be served with citation by serving its registered agent, C.T. Corporation System, at 350 North St. Paul Street, Dallas, Texas 75201.

## II.  JURISDICTION

5.  This court has jurisdiction over this lawsuit under 28 USC § 1332 (a) (1) because the plaintiff and the defendant are citizens of different state's and the amount in controversy exceeds $75.000.00 excluding interest and costs.

## III.  FACTS

6.  Plaintiffs maintain that the pharmaceutical drug Vioxx is defective, dangerous to human health, unfit and unsuitable to be marketed and sold in commerce and lacked the proper warnings as to the dangers associated with its ingestion.

7.  At all times relevant and material hereto, Merck acted and gained knowledge itself and by and through its various agents, servants, employees, and/or ostensible agents.

8.     Plaintiff, LILLIAN WILLIAMS, was prescribed and ingested the drug Vioxx as directed by a physician between January 2001 and January 2004.

9.     Plaintiff, LILLIAN WILLIAMS, suffered physical injury, death and damages arising from the prescription of Vioxx, including, but not limited to, heart attack, stroke, pulmonary embolism, and/or some other cardiovascular event or condition.

10.    Plaintiff, LILLIAN WILLIAMS, would also show that nothing the Plaintiff did contributed in any way to Plaintiff's injuries and damages.

11.    Plaintiff, LILLIAN WILLIAMS, was using Vioxx in the manner for which it was intended and/or in a reasonably foreseeable manner. Plaintiff was not aware of, and reasonably could not have discovered, the dangerous nature of Vioxx.

12.    Plaintiffs would show that all injuries and damages were proximately caused by the Defendant's conduct more fully described below.

## IV.    THEORIES OF RECOVERY

### A.    Count I: Strict Products Liability

13.    Plaintiffs incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein and, additionally or in the alternative, if same be necessary, alleges as follows:

14.    Merck created, manufactured, designed, tested, labeled, packaged, marketed, sold, advertised, distributed, supplied and/or placed into the stream of commerce the dangerous drug Vioxx described herein, which Merck distributed throughout the world, including the United States. Under the district of Strict Products Liability, the Plaintiffs would show that the drug Vioxx was defectively designed, marketed, and manufactured and was unsafe for its intended purposes at the time the drug left the control of Merck and was sold.

3

15. Plaintiff, LILLIAN WILLIAMS, was using Vioxx in the manner for which it was intended and/or in a reasonably foreseeable manner. Plaintiffs were not aware of and reasonably could not have discovered the dangerous nature of Vioxx.

16. The drug Vioxx was unaccompanied by proper warnings regarding the injuries associated with the use of it and the comparative severity and duration of such injuries. The warnings given did not accurately reflect the symptoms, scope, frequency, or severity of such injuries. Additionally, or in the alternative, Merck failed to perform adequate testing in that adequate testing would have shown that Vioxx possessed undisclosed risks of potentially serious injuries. Full and proper warnings accurately and fully reflecting the symptoms, scope, frequency, and severity of the harm should have been made with respect to the use of this drug.

17. Merck knew, or should have known, that Vioxx was a dangerously defective drug that posed unacceptable risks of serious injury, which risks were unknown and unknowable by the Plaintiffs.

18. Vioxx was defective due to inadequate warnings or instructions because, after Merck knew or should have known of the risk of serious injury from Vioxx use, it failed to provide adequate warnings to Plaintiffs and/or Plaintiff's physicians, and Merck continued to aggressively promote the dangerously defective product. Merck failed to provide adequate warnings to Plaintiffs and/or Plaintiff's physicians, and Merck continued to aggressively promote the dangerously defective product. Merck failed to give warnings (1) that could reasonably be expected to catch the attention of a reasonably prudent person, in the circumstances that the product was used; (2) that were comprehensible to the average user; and (3) that conveyed a fair indication of the nature and extent of the danger. The failure to give these warnings rendered

Vioxx dangerous to an extent beyond that which would be contemplated by the ordinary users of the product with ordinary knowledge common to the community.

19. The drug Vioxx was defective in design or formulation in this, when it left the hands of the manufacturer and/or distributor, the foreseeable risks far exceeded the benefits associated with the design or formulation. Alternatively, the drug Vioxx was defective in design or formulation, in that, when it left the hands of the manufacturer and/or supplier, it was unreasonably dangerous, it was more dangerous than an ordinary consumer would expect, and it was more dangerous than other drugs of the same class as Vioxx.

20. Merck is liable under the theory of Strict Product Liability as set forth in Section 402A of the Restatement of Torts 2d and under Louisiana Strict Product Liability Law, La. R.S. 9:2800.51 *et. seq.* Merck was at all times material hereto engaged in the business of designing, manufacturing, distributing, marketing, promoting, and placing into the stream of commerce the drug. Merck is in the business of selling Vioxx with the expectation that such product would reach the user without substantial change in the condition in which it was sold. The drug Vioxx reached the ultimate users without substantial change in the condition in which it was sold.

**B.     Count II: Negligence**

21. Plaintiffs incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein and, additionally or in the alternative, if same be necessary, alleges as follows:

22. Merck was negligent in designing, manufacturing, marketing, promoting, distributing and placing into the stream of commerce, a product that they knew or should have known was not safe. Merck was also negligent in the post-market safety surveillance of such drugs, and negligently failed to detect and warn about the increased frequency of adverse events

5

associated with such drug. Merck negligently failed to adequately warn Plaintiffs and/or Plaintiff's physicians about the adverse events associated with Vioxx. Further, Merck failed to warn the Plaintiffs and/or Plaintiff's physicians or the public that Vioxx was not safe. Merck assumed a duty to warn the Plaintiffs directly, because Merck voluntarily contacted entities other than the Plaintiff's physicians when marketing and aggressively promoting this drug. Further, Merck failed to first determine that the product was safe for all applicable foreseeable uses.

### C.  Count III: Misrepresentation and Fraud

23. Plaintiffs incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein and, additionally or in the alternative, if same be necessary, alleges as follows:

24. Merck, through advertising, labeling, and other communications, made misrepresentations to physicians and the public, including the Plaintiffs and/or Plaintiff's physicians, about the safety and efficacy of Vioxx for controlling pain caused by inflammation. Physicians and their patients, including the Plaintiffs and Plaintiff's physicians, justifiably relied on Merck's misrepresentations and were harmed as a result. Plaintiffs are entitled to recover damages since such damages were produced by Merck's misrepresentations. See Restatement (Second) of Torts §402B.

25. Further, Merck, through advertising, labeling, promotion, and other communications intentionally made misrepresentations to physicians and the public, including the Plaintiff and/or Plaintiff's physicians, about the safety and efficacy of Vioxx for controlling pain. From its inception until its withdrawal, the labeling for Vioxx and other representations of Merck were inaccurate and misleading.

26. Plaintiffs would also show that Merck knew, or should have known, that Vioxx was not as effective as competing anti-inflammatory pain medications, but Merck chose to disregard, downplay, and conceal that information. This conduct constitutes an intentional and/or negligent misrepresentation and concealment.

27. Physicians and their patients, including the Plaintiffs and/or Plaintiff's physicians, relied on Merck's fraudulent misrepresentations, and Plaintiff was harmed as a result. Further, because Merck's conduct was willful, reckless, intentional and maliciously fraudulent, Plaintiffs are entitled to an award of exemplary damages in order to punish such conduct and to deter such conduct in the future.

**C.     Count IV: Civil Conspiracy**

28. Plaintiffs incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein and, additionally or in the alternative, if same be necessary, alleges as follows:

29. Merck committed civil conspiracy in that fiduciaries of Merck knowingly and/or intentionally offered, conferred, or agreed to confer benefits, gifts, and/or gratuities or conspired to do the same upon Physicians, pharmacists and insurance companies for the purpose of these entities continued to use the drug Vioxx, to switch patients from other and more effective anti-inflammatory drugs to Vioxx, and to convince their patients and others of the safety and effectiveness of Vioxx.

**D.     Count V: Breach of Implied Warranty of Merchantability**

30. Plaintiffs incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein and, additionally or in the alternative, if same be necessary, alleges as follows:

7

31. Defendant's Vioxx was not of merchantable quality and not fit for the ordinary purposes for which such a product is used.

32. At the time Merck marketed, sold and distributed Vioxx for use by Plaintiffs, Merck impliedly warranted the product to be fit for a particular purpose and for the ordinary purpose for which such product was to be used, i.e., the treatment of arthritis pain and acute pain. Merck had reason to know of the particular purpose for which Vioxx was required. Plaintiffs and/or Plaintiff's physicians reasonably relied upon the skill and judgment of Defendant to select or furnish a suitable product that was of merchantable quality and safe for its intended use.

33. As a direct and proximate result of Defendant's defective and unreasonably dangerous product Vioxx and the breach of these implied warranty of merchantability, Plaintiff, LILLIAN WILLIAMS, was injured.

### E. Count VI: Breach of the Implied Warranty of Fitness for a Particular Purpose

34. Plaintiffs incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein and, additionally or in the alternative, if same be necessary, alleges as follows:

35. Defendant's Vioxx was not fit for its particular purpose of safely treating arthritis pain or acute pain.

36. Defendant Merck actually and/or constructively knew of the purposes to which its Vioxx was to be used.

37. Plaintiffs relied upon Defendant to furnish Vioxx in a condition suitable for its particular purpose.

38. As a direct and proximate result of Defendant's defective and unreasonably dangerous product Vioxx and its breach of implied warranty of fitness for a particular purpose, Plaintiff was harmed as alleged herein.

### F. Count VII: Breach of Express Warranty

39. Plaintiffs incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein and, additionally or in the alternative, if same be necessary, alleges as follows:

40. Merck expressly warranted to Plaintiffs and/or Plaintiff's physicians that Vioxx was safe and effective when Merck knew the product had never been proven as safe and effective, when Merck knew that substantial questions existed with respect to the safety and efficacy of this product, and when, in fact, the product was not safe or effective for all foreseeable uses.

### G. Count VIII: Gross Negligence/Malice

41. Plaintiffs also allege that the acts or omissions of Merck, whether taken singularly or in combination with others, constitute gross negligence/malice that proximately caused the injuries to Plaintiff, LILLIAN WILLIAMS. Merck's conduct was more than momentary thoughtlessness or mere inadvertence, but it amounted to such an entire want of care so as to constitute gross negligence, malice. Thus, Plaintiffs seeks exemplary damages in an amount that would punish Merck for its unconscionable conduct and which would deter other similarly situated drug manufacturers, distributors, and promoters from engaging in such misconduct in the future.

## V. AGENCY

42. Whenever in this complaint it is alleged that Merck did any act or thing, it is meant that it performed or participated in such act or thing, or that such act was performed by the officers, agents, employees or representatives (including, but not limited to "detail men" and salespersons) of Merck. In each instance, the officers, agents, employees or representatives of Merck were then authorized to and did in fact act and/or make representations on behalf of Merck, or otherwise acted under the guidance and direction of Merck and Merck ratified all such acts.

## VI. ALLEGATIONS AND CAUSES OF ACTION IN THE ALTERNATIVE

43. All factual allegations and/or causes alleged by Plaintiffs herein are made in the alternative.

## VII. CAUSATION

44. Each of the aforementioned acts, omissions, negligence, gross negligence, malice, and/or knowing injury to the elderly, breaches of warranty, and/or defective products of Merck was a proximate and/or a producing cause of the injuries to Plaintiff, LILLIAN WILLIAMS.

## VIII. DAMAGES

45. As a result of the incident made the basis of this lawsuit, described in the preceding paragraphs, and the negligence of Defendant, Plaintiffs sustained significant injuries and damages.

46. Due to the gravity of the injuries stated above, Plaintiffs have had to seek reasonable and necessary medical care and attention, and this has caused Plaintiffs to incur reasonable and necessary medical expenses for the treatment of Plaintiff's injuries.

47.   In all likelihood, based upon a reasonable medical probability, Plaintiffs will require reasonable and necessary medical treatment and incur reasonable and necessary medical expenses in to the future.

48.   Further, Plaintiff, LILLIAN WILLIAMS, has suffered physical pain as a result of this incident. Such physical pain, in all reasonable medical probability, will continue into the future, if not permanently.

49.   Further, Plaintiffs have suffered mental anguish with physical manifestations as a result of this incident. Such mental anguish, in all probability will continue into the future, if not permanently.

50.   Further, Plaintiff, LILLIAN WILLIAMS, has suffered physical impairment as a result of this incident. Such physical impairment in all reasonable medical probability will continue into the future, if not permanently.

51.   Further, Plaintiff, LILLIAN WILLIAMS, has suffered physical disfigurement as a result of this incident. Such physical disfigurement, in all reasonable medical probability, will continue into the future, if not permanently.

52.   Further, Plaintiffs suffered lost wages and a loss of earning capacity in the past.

53.   Further, Plaintiffs will, in all reasonable probability, continue to sustain loss of wages and loss of earning capacity in the future.

54.   Plaintiffs' damages are above the minimum jurisdictional limits of this Court.

55.   Plaintiffs seek reasonable attorney's fees, to the extent allowed, and costs.

56.   Plaintiffs also seek exemplary and/or punitive damages from Defendant Merck, as allowed by law, to set an example and to prevent wrongful conduct in the future.

57. Plaintiffs seek both prejudgment and post-judgment interest as allowed by law, for all costs of court, actual damages, compensatory damages, exemplary damages, punitive damages and all other relief, both in law and in equity, to which Plaintiffs may be entitled.

### IX. LOSS OF CONSORTIUM

58. Plaintiffs incorporate by reference each preceding and succeeding paragraph as though set forth fully at length herein and, additionally or in the alternative, if same be necessary, alleges as follows:

59. As a result of the actions of the Defendant, Plaintiff, SIDNEY WILLIAMS, has been deprived of society, companionship, assistance, services, affection, income, and future aid from his wife, LILLIAN WILLIAMS, Plaintiff.

60. By reason of the foregoing, Merck is liable to Plaintiff, SIDNEY WILLIAMS, for loss of consortium for an amount to be proved at trial.

### IX. JURY DEMAND

61. Plaintiffs respectfully demand a trial by jury.

FOR THESE REASONS, Plaintiffs request that the Defendant be cited to appear and answer herein, and that upon final trial, Plaintiffs have:

    a. judgment in Plaintiffs' favor and against the Defendant, Merck;

    b. all past and future compensatory damages as fully described in the petition above, including, but not limited to, physical pain and mental anguish, physical disfigurement, physical impairment, loss of earning capacity, lost wages, and the cost of reasonably medical care in the past and in the future;

    c. exemplary and punitive damages in an amount in excess of the jurisdictional limit;

d.  reasonable attorney's fees, to the extent allowed by law, and expenses;

e.  all elements of interest, including, but not limited to, pre-judgment and post-judgment interest in the maximum amount as allowed by law;

f.  costs of court; and

g.  such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**THE O'QUINN LAW FIRM**

*/s/ John R. Leach*

JOHN R. LEACH, III (Federal No: 6929)
MICHAEL J. LOWENBERG (Federal No: 22584)
ANTHONY E. FARAH (Federal No: 23059)
440 Louisiana, Suite 2300
Houston, Texas 77002
Telephone: 713-223-1000
Facsimile: 713-223-4870

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Plaintiffs' Second Amended Complaint has been served on Liaison Counsel, as listed below, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by U.S. Mail on this 26 day of September, 2006.

**VIA U.S. MAIL**
Russ Herman
PLAINTIFF'S LIAISON COUNSEL
HERMAN, HERMAN, KATZ & COTLAR, LLP
201 St. Charles Avenue, Suite 4310
New Orleans, LA 70170
Email: rherman@hhkc.com

**VIA U.S. MAIL**
Philip Wittman
DEFENDANT'S LIAISON COUNSEL
STONE PIGMAN WALTHER WITTMANN, LLC
546 Carondelet St.
New Orleans, LA 70130
Email: pwittmann@stonepigman.com

**VIA U.S. MAIL**
Thomas P. Owen, Jr.
DEFENDANT'S STEERING COMMITTEE
STANLEY, FLANAGAN & REUTER, L.L.C.
Counselors at Law
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112
Email: tpo@sfr-lawfirm.com

JOHN R. LEACH, III  (Federal No: 6929)
MICHAEL J. LOWENBERG (Federal No: 22584)
ANTHONY E. FARAH (Federal No: 23059)