## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re: VIOXX** | **MDL DOCKET NO. 1657** |
| **PRODUCTS LIABILITY LITIGATION** | **SECTION L** |
| **This document relates to**<br>**Case No. 2:06-CV-00810** | **JUDGE FALLON** |
| **CHARLES MASON,** | **MAGISTRATE JUDGE KNOWLES** |
| Plaintiff, | **MERCK'S OBJECTIONS AND**<br>**COUNTER-DESIGNATIONS TO**<br>**PLAINTIFF'S DEPOSTION**<br>**DESIGNATIONS FOR**<br>**NON-CASE SPECIFIC WITNESSES** |
| **v.** | |
| **MERCK & CO., INC.,** | |
| Defendant. | |

TO:    Edward F. Blizzard
       J. Scott Nabers
       Rebecca B. King
       BLIZZARD, MCCARTHY & NABERS, LLP
       440 Louisiana, Suite 1710
       Houston, Texas 77002

Defendant Merck & Co., Inc. ("Merck") hereby submits its objections and counter-designations to Plaintiff's affirmative deposition designations for non-case specific witnesses. Merck expressly incorporates by reference and re-adopts the objections and counter-designations submitted in the case of *Barnett v. Merck*, No. 2:05-CV-0485 and in the case of *Smith v. Merck*, No. 2:05-CV-04379 for all non-case specific witnesses that now appear on the witness lists submitted in the *Mason* case.[1]

---

[1]    On September 20, 2006, both parties entered into a Joint Stipulation Regarding Deposition Designations (filed with the Court) allowing for the preservation of objections and counter-designations from the *Barnett* and *Smith* trials.  Designations covered by that stipulation

1

Plaintiff's fourteen (14) affirmative deposition designations for the non-case specific

witnesses fall into three categories:

    (1)   designations that were not ruled upon in *Smith* nor *Barnett* (Baumgartner, Curfman)

    (2)   designations previously ruled upon but which have a supplemental basis for ruling and/or warrant a second look (Avorn, Blake, Fries, Graham, Krahe, Scolnick, Topol, and Weiner); and

    (3)   designations previously ruled upon and objections are being renewed for appellate preservation purposes, but for which Merck is not challenging the prior *Barnett* and *Smith* rulings pursuant to the parties September 20, 2006 Joint Stipulation (Braunstein, Cannell, Demopolous, and Dunn ).

With the exception of Category 3, these witnesses are discussed below.  As noted below,

where appropriate, Merck has highlighted for the Court the most important objections that Merck

has at this time to Plaintiff's designated testimony.

By agreement of the parties, annotated transcripts setting forth both parties' designations,

objections, counter-designations and counter-objections for all witnesses (case specific and non-case

specific) will be provided to the Court on October 10, and submitted for ruling.

# I.    PREVIOUSLY DESIGNATED TESTIMONY THAT WAS NOT RULED UPON

## *Susan Baumgartner*

Ms. Baumgartner is a Merck employee who worked on the Vioxx marketing team.  Plaintiffs

have deposed her on three separate occasions.  Although Merck previously submitted objections in

*Barnett* and *Smith* to the Plaintiffs' designations from Ms. Baumgartner's testimony, no substantive

rulings were made.  Accordingly, Merck renews its prior specific objections.  There are two

---

include:  David Anstice, Jerry Avorn, Susan Baumgartner, Mary Blake, Edward Braunstein, Tom Cannell, Stephen Curfman, Laura Demopoulos, James Dunn, James Fries, Raymond Gilmartin, David Graham, Marilyn Krahe, Malachi Mixon, Alan Nies, Edward Scolnick, Eric Topol, and Jan Weiner.

categories of Merck's objections to Plaintiff's designations for Ms. Baumgartner that merit special attention:

- There are numerous instances where Plaintiff's counsel questions Ms. Baumgartner about the meaning of e-mails or memoranda that she did not author (*see e.g.*, 2/25/05 Dep. 42:2-22; 121:11-15; 124:2-125:6; 132:18-21; 167:22-168:16; 9/30/05 Dep. 245:1-245:18; 248:5-249:14). This testimony is beyond the witness's personal knowledge and gives rise to speculation in violation of Rule 602.

- Plaintiffs counsel often asks Ms. Baumgartner sarcastic questions (*see e.g.*, 2/25/03 Dep. 132:18-21; 218:16-219:10). Some of this sarcastic questioning persists despite the witness's statements that she lacks knowledge about the line of questioning (*see e.g.*, 226:7-229:5).

### *Gregory Curfman*

The Court did not rule on any objections related to Dr. Curfman's deposition in the *Barnett* or *Smith* trials. Merck would like to focus the Court's attention on the following categories of objections to testimony in the first day of Dr. Curfman's deposition in November 2005:

- 261:22-262:9; 262:13-263:17: Dr. Curfman gives his unsolicited opinion that naproxen is not cardioprotective. This testimony is an improper and undisclosed expert opinion. Merck's counsel had no way of knowing prior to the deposition that Dr. Curfman, an editor of the *New England Journal of Medicine*, would spontaneously express his opinion on naproxen during his deposition and therefore had no opportunity to prepare to cross-examine him on this topic. In addition, his opinion is based on what the evidence available *today* shows about naproxen, not the evidence available in 2000 when the VIGOR article was published ("Now, of course, we know – we know *now* that that is not true" (262:8-9,

emphasis added)). This opinion is not relevant and certainly has no connection to his

involvement in the publication of the VIGOR study.

- During the Merck lawyer's examination, Dr. Curfman gives multiple non-responsive answers

  in which he launches into lengthy speeches about whether Merck's behavior was right or

  wrong that are unrelated to the question. The propriety of Merck's behavior is a question for

  the jury, not for Dr. Curfman. In some instances, he continues even though no question was

  asked. At one point, Dr. Curfman refuses to answer questions and starts asking questions of

  the examiner:

  > Q: But can you – can you answer my question with respect to the data that existed prior to the pre-specified cutoff point, and were in fact percentages presented accurately with respect to that?
  > A: They were, but I don't think that's the relevant question.
  > Q: Fair enough.
  > A: You are talking to a doctor and a cardiologist who cares and who has cared for many patients with heart attacks, and to withhold three of them like that is wrong.
  > Q: I understand. I just – I want just to make sure the record is clear. When you're referring to what was submitted to editors of the New England Journal, but these heart attacks were in fact disclosed to the FDA.
  > A: Are we not important?
  > Q: Of course not. No, of course not, Doctor.
  > A: Is the New England Journal not important?
  > Q: Of course not. We are in agreement.
  > A: Then why weren't we given the data?
  > Q: We are in agreement about the importance of –
  > A: Why weren't we given the data?

  285:10-286:14

  This testimony is inappropriate and prejudicial and should not be played to the jury.

- 75:24-77:20: Plaintiff's counsel asks Dr. Curfman to comment on an internal Merck

  memorandum from Dr. Shapiro to Dr. Reicin, which he has never seen before. This

  testimony lacks foundation.

## II.     PREVIOUSLY DESIGNATED TESTIMONY

For the handful of witnesses discussed below, Merck offers supplemental and/or renewed arguments for why certain testimony should be excluded.  Furthermore, in a small number of instances, Merck respectfully requests that the Court re-visit certain limited portions of its rulings on this testimony in *Barnett* and *Smith*.

### *Jerome Avorn*

Dr. Avorn is one of the Plaintiff's retained experts.  Merck previously offered objections to Dr. Avorn's testimony, and the Court ruled upon these objections in *Barnett* and *Smith*.  Merck now offers additional objections in the filed chart and transcripts.

### *Mary Blake*

Mary Blake worked in marketing for Merck.  Merck objects to Plaintiff's affirmative designation of the lines 68:2-5 as it is an answer where the question has not been designated.   In *Barnett*, the Court sustained Merck's objection to this question as argumentative.  67:19-24.

### *James Fries*

Merck previously submitted objections to the testimony of Dr. Fries, and the Court ruled on these objections in *Barnett* and *Smith*.  Merck wishes to highlight the following ***additional*** objections to Plaintiff's designations:

- 89:15-92:8:  Dr. Fries offers expert testimony about the cardioprotective effects of naproxen, including that naproxen "does not prevent heart attacks to any degree which is measurable in any studies." (92:6-8)  Merck was not on notice that Dr. Fries would be asked to give his expert opinion on whether naproxen has cardioprotective effects at this deposition, which was noticed as a fact deposition.  Merck believed Dr. Fries would be asked about the facts surrounding his interactions with Merck and the letter he wrote to Merck.  Unlike other

5

witnesses who were not disclosed as experts but gave expert opinions during their deposition (e.g., Dr. Topol), Dr. Fries' views on naproxen were not publicly known prior to his deposition. As such, Merck's counsel was not prepared to cross-examine Dr. Fries at his deposition about his opinions on naproxen, as Merck's counsel stated on the record at the deposition:

> MR. RABER: I just will note for the record that I'm going to object to what I consider to be expert opinions about labeling, naproxen and some other topics on the grounds that this deposition was noticed of Dr. Fries as a fact witness. There have been no expert reports served. And because of unique circumstances, there are time limits that are hard time limits that would preclude sufficient examination of expert opinions and some of the opinions expressed today. So, I'm going to just note that objection for the record, and we don't need to fight about it. It is what it is.

211:2-211:20

- 109:4-109:17: Dr. Fries speculates about whether or not the general public knew about the heart attack data from VIGOR in 2000. There is no foundation for this opinion. In addition, whether or not the general public knew about the VIGOR data in 2000 is not relevant to this case, because Mr. Mason's first Vioxx prescription was in September 2002, several months after the revised Vioxx label containing the VIGOR data was approved by the FDA.

- 108:15-109:3: Dr. Fries discusses a conversation with third-party VIGOR author Claire Bombardier. This conversation is hearsay.

### *David Graham*

The Court has previously ruled on Merck's objections to the testimony of David Graham.
Merck has filed a motion *in limine* relating to Dr. Graham's testimony and highlights its challenges
to certain categories of testimony here:

- 37:18-38:1; 64:5-16; 135:13-137:22; 177:19-178:3; 178:14-179:6; 222:11-224:5:  Dr.
  Graham second-guesses the FDA's decision to approve Vioxx and its failure to demand that
  Vioxx be withdrawn from the market after the VIGOR results became known.  He calls the
  FDA "broken" (37:18-22).  This testimony is inappropriate for several reasons.  First, Dr.
  Graham was not involved in the approval or labeling of Vioxx or other drugs; instead, he has
  spent his career at FDA in the post-marketing safety division (in discussing aspects of the
  approval process, Dr. Graham states, "That's an area that I'm probably not really competent
  to talk about in sort of anything in any direct detail because my experience is really post-
  marketing." (84:13-17)).  Second, Dr. Graham judges Merck's and the FDA's actions with
  respect to Vioxx by his own subjective standards, not by FDA regulatory standards.  The jury
  should not be invited to supplant the FDA's regulations with Dr. Graham's personal
  opinions.  Finally, Dr. Graham's personal opinion about what the FDA should and should not
  have done is overly prejudicial under 403 because his testimony carries a false sense of
  authority given that he is a career FDA employee, as Plaintiff's counsel emphasizes.
- Merck objects to Dr. Graham's opinion on the question of whether naproxen is
  cardioprotective to the extent it is cumulative of other expert testimony.

### *Marilyn Krahe*

Marilyn Krahe was a sales manager in the Southern California region while Vioxx was on
the market.  Because Mr. Mason and all of his doctors lived in Utah, Ms. Krahe's testimony is not

relevant to this case. If Plaintiff wanted to play relevant testimony from a sales representative or manager who had some connection to this case, he could have taken the depositions of such people. However, Plaintiff chose not to depose any Utah sales representatives or managers. He should not be allowed to fill that void by playing irrelevant testimony from a California sales manager.

Merck wishes to highlight its objections to two areas of testimony designated by Plaintiff:

- 79:14-21; 80:1-6; 84:24-85:18; 87:13-16; 87:20-25; 88:4-7; 92:14-24; 93:3-22; 95:19-96:15; 96:19-97:9; 100:9-11; 100:15-18: Ms. Krahe is asked multiple questions about bonuses received by sales representatives. Merck has moved *in limine* to exclude evidence related to compensation of Merck employees as irrelevant and prejudicial and confusing to the jury. Sales representatives' compensation should be excluded for the same reason.

- 199:15-22; 200:1-201:1; 201:4-8; 205:12-24; 206:2-8: Ms. Krahe discusses whether Vioxx causes a cardiovascular risk *(e.g.,* "The company did not believe that there was an increased risk. That is not what our data showed." (200:1-3)). Ms. Krahe has no medical or scientific training and is in the sales department at Merck. She is not qualified to discuss the connection between Vioxx and cardiovascular risk. She states that she received her information from Merck scientists. Plaintiff will have the opportunity to discuss the cardiovascular data with at least one of these Merck scientists, and Ms. Krahe's testimony, which lacks foundation, should be excluded.

### *Edward Scolnick*

Dr. Scolnick is the former President of Merck Research Laboratories. Please see the attached chart for additional objections to Plaintiff's affirmative designations from Dr. Scolnick's deposition.

### *Eric Topol*

The Court is familiar with the history of Dr. Topol's November 22, 2005 deposition and the testimony played *Plunkett I*, *Plunkett II*, and *Smith*. Although the testimony of Dr. Topol ultimately was not played in *Barnett*, Merck previously submitted objections in *Barnett* to the Plaintiff's designations from Dr. Topol's deposition, and the Court issued rulings on those objections. Merck specifically requests that the Court re-visit its rulings on the following testimony:

- Plaintiff's counsel often showed Dr. Topol internal Merck documents that Dr. Topol had never seen before and therefore lacks personal knowledge about them under Rule 602. *See e.g.*, Topol Dep. 90:5-11, 90:21-24, 91:3-14, 91:21-23, 92:10-12, 92:18-24, 93:3-23, 94:2-5; 99:16-100:6; 106:14-107:12, 107:15-108:10, 108:13-18. Although these documents discuss Dr. Topol's article, he states clearly that he had "never seen" the documents and that he "had no idea" that the conversations about his article took place. *See* 91:3-4, 93:3-4; 108:13-18. Therefore, he has no basis for testifying about these documents. He can provide no legitimate context for these internal discussions because he had no contemporaneous knowledge regarding those discussions.

- Plaintiff's counsel asked Dr. Topol why Dr. Reicin visited him. 101:18-21. Merck objects to this questioning on the grounds that Dr. Topol has no personal knowledge of Dr. Reicin's intent. Further, such testimony should be removed as it is more prejudicial than probative under Rule 403. The Court initially sustained this objection, but then overruled the objection in *Barnett*. It was not considered in *Smith*.

### *Jan Weiner*

9

Ms. Weiner works in marketing for Merck. Please see the attached chart for additional objections to Plaintiff's affirmative designation from Ms. Weiner's deposition.

\* \* \*

Merck reserves the right to supplement or amend its objections and counter-designations to Plaintiff's affirmative deposition designations based upon any ruling of the Court or any other court decisions that affect the scope of evidence in this trial, including rulings on its motions *in limine* or *Daubert* motions. Merck reserves the right to also counter-designate any testimony designated by Plaintiff in the event it is not offered by Plaintiff. Merck also reserves the right to make additional completeness designations upon receipt of any Plaintiff's final designations or counter-designations. Merck reserves the right to object to Plaintiff's counter designations. Merck does not waive its right to object to and/or move to exclude any documents or testimony that Plaintiff may offer at trial. Merck reserves all such rights.

By counter-designating testimony in response to Plaintiff's otherwise objectionable designations, Merck does not intend to waive any of its objections to deposition testimony, exhibits, or other evidence or argument. If, objections by counsel are inadvertently designated, Merck reserves the right to remove them upon resolution of the objection.

Dated: October 2, 2006

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER WITTMANN
L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361

*Defendant's Liaison Counsel*

Philip S. Beck, 147168
Tarek Ismail, 6225226
Shayna S. Cook, 6285959
BARTLIT BECK HERMAN
PALENCHAR & SCOTT LLP
Courthouse Place
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
Telephone:          (312) 494-4400
Telecopier:         (312) 494-4440

*Attorneys for Merck & Co., Inc.*

### Charles Mason v. Merck & Co., Inc. (Case No. 2:06-CV-810)
### DEFENDANT'S COUNTER DEPOSITION DESIGNATIONS

### Jerome L. Avorn, M.D. Deposition
### June 29, 2006

| START PAGE | LINE | END PAGE | LINE | OBJECTION |
|:---:|:---:|:---:|:---:|:---:|
| 63 | 23 | 64 | 6 | |
| 69 | 10 | 69 | 11 | |
| 82 | 5 | 82 | 22 | |
| 86 | 7 | 87 | 24 | |

**Charles Mason v. Merck & Co., Inc. (Case No. 2:06-CV-810)**
**DEFENDANT'S COUNTER DEPOSITION DESIGNATIONS**

**Jerome L. Avorn, M.D. Deposition**
**June 30, 2006**

| PAGE | LINE | END PAGE | LINE | OBJECTION |
|------|------|----------|------|-----------|
| 447 | 15 | 447 | 16 | |
| 470 | 21 | 471 | 7 | |
| 471 | 23 | 472 | 1 | |
| 472 | 3 | 473 | 15 | |
| 473 | 21 | 474 | 5 | |
| 476 | 2 | 476 | 7 | |
| 477 | 19 | 478 | 2 | |
| 494 | 5 | 494 | 15 | |
| 494 | 18 | 494 | 18 | |
| 494 | 20 | 494 | 22 | |
| 495 | 1 | 495 | 1 | |
| 495 | 3 | 495 | 14 | |
| 495 | 17 | 495 | 18 | |
| 495 | 20 | 496 | 16 | |
| 496 | 20 | 496 | 20 | |
| 496 | 22 | 498 | 20 | |
| 498 | 24 | 499 | 8 | |
| 505 | 8 | 505 | 24 | |
| 506 | 2 | 506 | 4 | |

## Charles Mason v. Merck & Co., Inc. (Case No. 2:06-CV-810)
## DEFENDANT'S COUNTER DEPOSITION DESIGNATIONS

### Jerome L. Avorn, M.D. Deposition
### June 30, 2006

| PAGE | LINE | END PAGE | LINE | OBJECTION |
|------|------|----------|------|-----------|
| 506 | 15 | 506 | 19 | |
| 507 | 5 | 507 | 15 | |
| 508 | 7 | 509 | 2 | |
| 509 | 9 | 509 | 16 | |
| 509 | 19 | 509 | 24 | |
| 510 | 2 | 510 | 7 | |
| 510 | 15 | 512 | 11 | |
| 512 | 14 | 512 | 22 | |
| 513 | 1 | 514 | 3 | |
| 514 | 21 | 515 | 7 | |
| 519 | 7 | 520 | 10 | |
| 520 | 12 | 520 | 16 | |
| 520 | 18 | 520 | 21 | |
| 521 | 1 | 521 | 4 | |
| 521 | 6 | 521 | 8 | |
| 521 | 10 | 522 | 9 | |
| 522 | 13 | 524 | 14 | |
| 524 | 16 | 525 | 1 | |
| 528 | 6 | 531 | 6 | |

**Charles Mason v. Merck & Co., Inc. (Case No. 2:06-CV-810)**
**DEFENDANT'S COUNTER DEPOSITION DESIGNATIONS**

Jerome L. Avorn, M.D. Deposition
June 30, 2006

| PAGE | LINE | END PAGE | LINE | OBJECTION |
|---|---|---|---|---|
| 531 | 9 | 531 | 10 | |
| 531 | 12 | 532 | 13 | |
| 532 | 17 | 533 | 8 | |
| 533 | 11 | 534 | 3 | |
| 534 | 8 | 534 | 10 | |
| 534 | 12 | 538 | 7 | |
| 538 | 23 | 539 | 18 | |
| 539 | 22 | 540 | 3 | |
| 540 | 5 | 540 | 9 | |
| 540 | 16 | 540 | 18 | |
| 540 | 22 | 541 | 4 | |
| 541 | 6 | 541 | 12 | |
| 541 | 17 | 542 | 11 | |
| 542 | 13 | 542 | 22 | |
| 543 | 1 | 543 | 11 | |
| 543 | 14 | 543 | 15 | |
| 543 | 17 | 543 | 19 | |
| 543 | 22 | 543 | 22 | |
| 544 | 11 | 545 | 5 | |

## Charles Mason v. Merck & Co., Inc. (Case No. 2:06-CV-810)
## DEFENDANT'S COUNTER DEPOSITION DESIGNATIONS

### Jerome L. Avorn, M.D. Deposition
### June 30, 2006

| PAGE | LINE | END PAGE | LINE | OBJECTION |
|------|------|----------|------|-----------|
| 545 | 9 | 545 | 12 | |
| 545 | 22 | 546 | 1 | |
| 546 | 3 | 546 | 4 | |
| 546 | 9 | 546 | 17 | |
| 546 | 21 | 547 | 6 | |
| 547 | 9 | 547 | 15 | |
| 547 | 18 | 547 | 18 | |
| 547 | 20 | 547 | 22 | |
| 548 | 4 | 548 | 14 | |
| 548 | 16 | 548 | 19 | |
| 548 | 21 | 549 | 7 | |
| 549 | 9 | 549 | 19 | |
| 550 | 6 | 550 | 22 | |
| 550 | 24 | 551 | 7 | |
| 551 | 20 | 552 | 8 | |
| 552 | 12 | 552 | 20 | |
| 553 | 1 | 553 | 3 | |
| 553 | 5 | 553 | 10 | |
| 553 | 17 | 554 | 4 | |

Charles Mason v. Merck & Co., Inc. (Case No. 2:06-CV-810)
**DEFENDANT'S COUNTER DEPOSITION DESIGNATIONS**

Jerome L. Avorn, M.D. Deposition
June 30, 2006

| PAGE | LINE | END PAGE | LINE | OBJECTION |
|------|------|----------|------|-----------|
| 555 | 17 | 555 | 24 | |
| 556 | 7 | 556 | 14 | |
| 556 | 17 | 556 | 18 | |
| 557 | 10 | 561 | 12 | |
| 562 | 1 | 562 | 17 | |
| 563 | 7 | 563 | 16 | |
| 564 | 9 | 566 | 24 | |
| 567 | 9 | 567 | 18 | |
| 567 | 20 | 567 | 21 | |
| 568 | 1 | 569 | 1 | |
| 569 | 14 | 569 | 17 | |
| 570 | 6 | 570 | 9 | |
| 572 | 3 | 572 | 7 | |
| 572 | 17 | 573 | 1 | |
| 573 | 8 | 574 | 13 | |
| 574 | 17 | 574 | 19 | |
| 575 | 16 | 575 | 22 | |
| 575 | 24 | 576 | 6 | |
| 576 | 8 | 576 | 9 | |

## Charles Mason v. Merck & Co., Inc. (Case No. 2:06-CV-810)
## DEFENDANT'S COUNTER DEPOSITION DESIGNATIONS

### Jerome L. Avorn, M.D. Deposition
### June 30, 2006

| PAGE | LINE | END PAGE | LINE | OBJECTION |
|------|------|----------|------|-----------|
| 577 | 6 | 577 | 18 | |
| 578 | 5 | 578 | 9 | |
| 578 | 16 | 578 | 22 | |
| 578 | 24 | 580 | 9 | |
| 580 | 14 | 581 | 6 | |
| 581 | 9 | 581 | 11 | |
| 581 | 13 | 581 | 14 | |
| 581 | 16 | 581 | 18 | |
| 581 | 20 | 582 | 8 | |
| 582 | 12 | 582 | 12 | |
| 582 | 14 | 582 | 18 | |
| 583 | 9 | 583 | 20 | |
| 583 | 23 | 583 | 23 | |
| 584 | 1 | 584 | 3 | |
| 584 | 5 | 584 | 5 | |
| 585 | 13 | 585 | 23 | |
| 586 | 1 | 586 | 5 | |
| 586 | 7 | 586 | 12 | |
| 586 | 14 | 586 | 17 | |

Charles Mason v. Merck & Co., Inc. (Case No. 2:06-CV-810)
DEFENDANT'S COUNTER DEPOSITION DESIGNATIONS

Jerome L. Avorn, M.D. Deposition
June 30, 2006

| PAGE | LINE | END PAGE | LINE | OBJECTION |
|------|------|----------|------|-----------|
| 586 | 19 | 586 | 19 | |
| 587 | 14 | 587 | 22 | |
| 590 | 18 | 591 | 9 | |
| 591 | 19 | 592 | 11 | |
| 592 | 13 | 593 | 14 | |
| 593 | 20 | 594 | 7 | |
| 598 | 20 | 600 | 14 | |
| 601 | 10 | 602 | 5 | |
| 602 | 7 | 602 | 9 | |
| 602 | 11 | 603 | 15 | |
| 603 | 20 | 604 | 11 | |
| 605 | 14 | 605 | 20 | |
| 606 | 8 | 607 | 7 | |
| 607 | 16 | 608 | 2 | |
| 609 | 6 | 610 | 22 | |
| 611 | 12 | 612 | 4 | |
| 612 | 7 | 612 | 16 | |
| 615 | 15 | 615 | 21 | |
| 616 | 24 | 617 | 15 | |

### Charles Mason v. Merck & Co., Inc. (Case No. 2:06-CV-810)
## DEFENDANT'S COUNTER DEPOSITION DESIGNATIONS

### Jerome L. Avorn, M.D. Deposition
### June 30, 2006

| PAGE | LINE | END PAGE | LINE | OBJECTION |
|------|------|----------|------|-----------|
| 617 | 21 | 617 | 23 | |
| 618 | 13 | 620 | 14 | |
| 635 | 24 | 636 | 4 | |
| 636 | 6 | 636 | 11 | |
| 637 | 14 | 637 | 21 | |
| 637 | 23 | 638 | 8 | |
| 640 | 24 | 641 | 8 | |
| 641 | 10 | 642 | 3 | |
| 642 | 18 | 643 | 24 | |
| 644 | 3 | 644 | 6 | |
| 644 | 11 | 645 | 3 | |
| 654 | 20 | 655 | 16 | |
| 656 | 9 | 660 | 13 | |
| 660 | 19 | 661 | 5 | |
| 665 | 21 | 668 | 3 | |
| 669 | 1 | 669 | 24 | |
| 673 | 12 | 674 | 16 | |
| 674 | 24 | 675 | 5 | |
| 675 | 7 | 675 | 13 | |

## Charles Mason v. Merck & Co., Inc. (Case No. 2:06-CV-810)
### DEFENDANT'S COUNTER DEPOSITION DESIGNATIONS

**Jerome L. Avorn, M.D. Deposition**
**June 30, 2006**

| PAGE | LINE | END PAGE | LINE | OBJECTION |
|------|------|----------|------|-----------|
| 676 | 2 | 676 | 12 | |
| 676 | 19 | 677 | 20 | |
| 680 | 15 | 680 | 17 | |
| 681 | 1 | 681 | 7 | |
| 681 | 19 | 683 | 9 | |
| 683 | 15 | 685 | 11 | |
| 687 | 11 | 688 | 4 | |
| 688 | 7 | 689 | 23 | |
| 690 | 15 | 691 | 11 | |
| 692 | 15 | 692 | 20 | |
| 693 | 3 | 694 | 13 | |
| 695 | 2 | 697 | 22 | |
| 698 | 3 | 698 | 5 | |
| 698 | 16 | 698 | 20 | |
| 699 | 6 | 701 | 2 | |
| 702 | 23 | 703 | 4 | |
| 708 | 8 | 709 | 24 | |
| 710 | 5 | 711 | 13 | |
| 714 | 4 | 722 | 9 | |

**Charles Mason v. Merck & Co., Inc. (Case No. 2:06-CV-810)**
**DEFENDANT'S COUNTER DEPOSITION DESIGNATIONS**

**Jerome L. Avorn, M.D. Deposition**
**June 30, 2006**

| PAGE | LINE | END PAGE | LINE | OBJECTION |
|------|------|----------|------|-----------|
| 722 | 20 | 722 | 21 | |
| 724 | 14 | 725 | 3 | |
| 725 | 7 | 726 | 4 | |
| 726 | 9 | 727 | 17 | |
| 729 | 1 | 732 | 10 | |
| 734 | 4 | 737 | 4 | |
| 737 | 6 | 737 | 19 | |
| 741 | 21 | 742 | 6 | |
| 743 | 12 | 743 | 19 | |
| 747 | 19 | 748 | 6 | |
| 753 | 20 | 756 | 18 | |
| 756 | 21 | 757 | 8 | |
| 757 | 10 | 760 | 14 | |
| 765 | 10 | 768 | 3 | |
| 768 | 8 | 768 | 10 | |
| 769 | 12 | 769 | 17 | |
| 770 | 1 | 770 | 23 | |
| 771 | 3 | 772 | 5 | |
| 772 | 14 | 773 | 8 | |

**Charles Mason v. Merck & Co., Inc. (Case No. 2:06-CV-810)**
**DEFENDANT'S COUNTER DEPOSITION DESIGNATIONS**

**Jerome L. Avorn, M.D. Deposition**
**June 30, 2006**

| PAGE | LINE | END PAGE | LINE | OBJECTION |
|------|------|----------|------|-----------|
| 773 | 13 | 773 | 17 | |
| 782 | 19 | 784 | 11 | |
| 784 | 19 | 785 | 18 | |
| 785 | 22 | 786 | 11 | |
| 786 | 14 | 787 | 13 | |
| 787 | 16 | 787 | 20 | |
| 788 | 9 | 788 | 10 | |
| 788 | 14 | 789 | 18 | |
| 789 | 20 | 790 | 1 | |
| 790 | 9 | 790 | 17 | |
| 790 | 19 | 791 | 6 | |
| 791 | 9 | 791 | 11 | |
| 791 | 19 | 793 | 20 | |
| 793 | 22 | 794 | 10 | |
| 794 | 13 | 795 | 24 | |
| 797 | 10 | 798 | 10 | |
| 798 | 17 | 799 | 14 | |
| 800 | 3 | 800 | 15 | |
| 800 | 22 | 801 | 2 | |

## Charles Mason v. Merck & Co., Inc. (Case No. 2:06-CV-810)
## DEFENDANT'S COUNTER DEPOSITION DESIGNATIONS

### Jerome L. Avorn, M.D. Deposition
### June 30, 2006

| PAGE | LINE | END PAGE | LINE | OBJECTION |
|------|------|----------|------|-----------|
| 801 | 24 | 802 | 8 | |
| 803 | 19 | 804 | 23 | |
| 806 | 1 | 806 | 8 | |
| 806 | 11 | 808 | 4 | |
| 808 | 21 | 808 | 22 | |
| 809 | 9 | 809 | 14 | |
| 809 | 22 | 810 | 17 | |
| 811 | 10 | 811 | 20 | |
| 811 | 23 | 812 | 1 | |
| 813 | 9 | 813 | 14 | |
| 816 | 1 | 817 | 6 | |
| 818 | 15 | 819 | 6 | |
| 819 | 9 | 819 | 10 | |
| 819 | 13 | 819 | 15 | |
| 820 | 8 | 820 | 12 | |
| 821 | 22 | 823 | 2 | |
| 823 | 8 | 824 | 3 | |
| 824 | 9 | 824 | 10 | |
| 831 | 21 | 832 | 5 | |

**Charles Mason v. Merck & Co., Inc. (Case No. 2:06-CV-810)**
**DEFENDANT'S COUNTER DEPOSITION DESIGNATIONS**

### Jerome L. Avorn, M.D. Deposition
### June 30, 2006

| PAGE | LINE | END PAGE | LINE | OBJECTION |
|------|------|----------|------|-----------|
| 978 | 14 | 978 | 17 | |
| 978 | 20 | 978 | 21 | |

**Charles Mason v. Merck & Co., Inc. (Case No. 2:06-CV-810)**
**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S**
**AFFIRMATIVE DEPOSITION DESIGNATIONS**

**Jerome L. Avorn, M.D. Deposition**
**June 29, 2006**

| START PAGE | LINE | END PAGE | LINE | OBJECTIONS |
|---|---|---|---|---|
| 31 | 2 | 34 | 6 | |
| 35 | 9 | 36 | 15 | |
| 36 | 18 | 39 | 2 | |
| 42 | 16 | 44 | 3 | |
| 44 | 8 | 48 | 5 | |
| 48 | 12 | 49 | 13 | |
| 50 | 1 | 51 | 20 | |
| 55 | 15 | 55 | 19 | |
| 55 | 22 | 60 | 13 | |
| 62 | 12 | 63 | 19 | |
| 64 | 18 | 66 | 8 | |
| 109 | 11 | 109 | 16 | |
| 109 | 18 | 110 | 13 | |
| 110 | 18 | 110 | 22 | |
| 110 | 24 | 111 | 10 | |
| 112 | 2 | 112 | 5 | |
| 112 | 11 | 113 | 15 | |
| 113 | 21 | 115 | 15 | |
| 116 | 6 | 117 | 9 | |
| 117 | 11 | 121 | 17 | |
| 123 | 3 | 124 | 19 | |
| 126 | 1 | 129 | 19 | |
| 130 | 14 | 130 | 20 | |
| 131 | 2 | 131 | 19 | |
| 132 | 3 | 133 | 16 | |
| 133 | 23 | 135 | 12 | |
| 136 | 7 | 136 | 11 | |

**Charles Mason v. Merck & Co., Inc. (Case No. 2:06-CV-810)**
**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S**
**AFFIRMATIVE DEPOSITION DESIGNATIONS**

**Jerome L. Avorn, M.D. Deposition**
**June 29, 2006**

| START PAGE | LINE | END PAGE | LINE | OBJECTIONS |
|---|---|---|---|---|
| 136 | 14 | 137 | 12 | |
| 137 | 17 | 143 | 17 | |
| 146 | 13 | 147 | 3 | |
| 147 | 11 | 147 | 16 | |
| 147 | 22 | 148 | 16 | |
| 149 | 12 | 150 | 24 | |
| 151 | 18 | 153 | 11 | |
| 154 | 20 | 155 | 3 | |
| 155 | 8 | 157 | 24 | |
| 158 | 17 | 162 | 9 | |
| 163 | 4 | 166 | 19 | |
| 167 | 3 | 168 | 4 | |
| 169 | 23 | 173 | 20 | |
| 173 | 22 | 174 | 21 | |
| 174 | 24 | 176 | 2 | |
| 176 | 12 | 176 | 18 | |
| 177 | 1 | 178 | 1 | |
| 179 | 14 | 180 | 7 | |
| 181 | 23 | 181 | 24 | |
| 182 | 5 | 183 | 8 | |
| 183 | 15 | 183 | 24 | |
| 184 | 10 | 184 | 20 | |
| 189 | 7 | 189 | 15 | |
| 190 | 24 | 191 | 9 | |
| 193 | 7 | 194 | 20 | Re: 194:17-194:20<br><br>**Def Obj**: Speculation ;<br>**No Foundation** |

**Charles Mason v. Merck & Co., Inc. (Case No. 2:06-CV-810)**
**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S**
**AFFIRMATIVE DEPOSITION DESIGNATIONS**

**Jerome L. Avorn, M.D. Deposition**
**June 29, 2006**

| START PAGE | LINE | END PAGE | LINE | OBJECTIONS |
|:---:|:---:|:---:|:---:|:---|
| 194 | 24 | 195 | 13 | **Re: 194:24-195:13** <br><br> **Def Obj: Speculation ; No Foundation** |
| 195 | 24 | 196 | 3 | |
| 196 | 8 | 196 | 17 | |
| 196 | 19 | 200 | 4 | |
| 203 | 9 | 206 | 22 | |
| 210 | 7 | 211 | 2 | |
| 212 | 3 | 213 | 15 | |
| 214 | 21 | 216 | 9 | |
| 245 | 18 | 247 | 4 | |
| 247 | 7 | 247 | 15 | |
| 247 | 20 | 248 | 7 | **Re: 248:1-248:7** <br><br> **Def Obj: Question with no answer; Question withdrawn** |
| 248 | 13 | 248 | 18 | |
| 248 | 20 | 249 | 10 | |
| 274 | 13 | 275 | 5 | |
| 275 | 23 | 277 | 17 | |
| 277 | 20 | 280 | 8 | |
| 280 | 11 | 281 | 2 | |
| 284 | 11 | 286 | 12 | |
| 287 | 3 | 288 | 14 | |
| 290 | 5 | 290 | 11 | |
| 290 | 15 | 291 | 21 | |
| 292 | 2 | 293 | 8 | |
| 300 | 9 | 301 | 15 | |

**Charles Mason v. Merck & Co., Inc. (Case No. 2:06-CV-810)**
**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S**
**AFFIRMATIVE DEPOSITION DESIGNATIONS**

**Jerome L. Avorn, M.D. Deposition**
**June 29, 2006**

| START PAGE | LINE | END PAGE | LINE | OBJECTIONS |
|---|---|---|---|---|
| 301 | 22 | 302 | 7 | |
| 302 | 14 | 307 | 17 | |
| 308 | 6 | 309 | 14 | |
| 309 | 21 | 311 | 12 | |
| 311 | 21 | 312 | 8 | |
| 313 | 2 | 316 | 8 | |
| 327 | 18 | 328 | 1 | |
| 329 | 19 | 330 | 16 | |
| 331 | 5 | 333 | 13 | |
| 333 | 23 | 334 | 18 | |
| 335 | 21 | 336 | 18 | |
| 337 | 1 | 339 | 11 | |
| 340 | 3 | 340 | 10 | |
| 374 | 18 | 376 | 15 | |
| 377 | 23 | 378 | 2 | |
| 378 | 24 | 379 | 16 | |
| 380 | 10 | 383 | 16 | |
| 390 | 15 | 390 | 18 | |
| 391 | 2 | 392 | 6 | |
| 392 | 18 | 393 | 3 | |
| 393 | 9 | 393 | 16 | |
| 394 | 1 | 394 | 13 | |
| 395 | 19 | 395 | 24 | |
| 396 | 23 | 397 | 8 | |
| 398 | 11 | 398 | 16 | Re: 398:11-398:16<br><br>**Def Obj: Foundation; No personal knowledge** |

Charles Mason v. Merck & Co., Inc. (Case No. 2:06-CV-810)
DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
AFFIRMATIVE DEPOSITION DESIGNATIONS

Jerome L. Avorn, M.D. Deposition
June 29, 2006

| START PAGE | LINE | END PAGE | LINE | OBJECTIONS |
|---|---|---|---|---|
| 399 | 19 | 400 | 4 | Re: 399:19-399:19<br><br>**Def Obj**: Foundation; No personal knowledge |
| 400 | 11 | 400 | 20 | |
| 401 | 9 | 402 | 13 | Re:402:11-402:13<br><br>**Def Obj**: Lack of foundation; witness does not establish any expertise with financial forecasts like this document |
| 403 | 3 | 403 | 13 | Re: 403:3-403:13<br><br>**Def Obj**: Lack of foundation; witness does not establish any expertise with financial forecasts like this document |
| 404 | 8 | 404 | 11 | Re: 404:8-404:11<br><br>**Def Obj**: Lack of foundation; witness does not establish any expertise with financial forecasts like this document |
| 404 | 15 | 405 | 2 | Re: 404:15-405:2<br><br>**Def Obj**: Lack of foundation; witness does not establish any expertise with financial forecasts like this document |
| 405 | 18 | 406 | 21 | |
| 407 | 3 | 407 | 14 | |

**Charles Mason v. Merck & Co., Inc. (Case No. 2:06-CV-810)**
**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S**
**AFFIRMATIVE DEPOSITION DESIGNATIONS**

**Jerome L. Avorn, M.D. Deposition**
**June 29, 2006**

| START PAGE | LINE | END PAGE | LINE | OBJECTIONS |
|:---:|:---:|:---:|:---:|:---|
| 408 | 2 | 408 | 6 | |
| 408 | 9 | 410 | 20 | |
| 411 | 16 | 412 | 9 | |
| 412 | 14 | 412 | 16 | |
| 413 | 7 | 414 | 23 | |
| 415 | 3 | 417 | 2 | |
| 417 | 23 | 419 | 8 | |
| 419 | 14 | 420 | 13 | |
| 421 | 1 | 421 | 15 | |
| 421 | 22 | 423 | 2 | |
| 423 | 21 | 425 | 9 | **Re: 423:21-425:9**<br><br>**Def Obj: Lack of foundation; Improper opinion on state of mind** |
| 430 | 5 | 430 | 21 | |
| 431 | 9 | 432 | 10 | |

**Charles Mason v. Merck & Co., Inc. (Case No. 2:06-CV-810)**
## DEFENDANT'S COUNTER DEPOSITION DESIGNATIONS

### Susan Baumgartner Deposition

| START PAGE | LINE | END PAGE | LINE | OBJECTION |
|:---:|:---:|:---:|:---:|:---:|
| **2/25/05** | | | | |
| 13 | 19 | 14 | 1 | |
| 24 | 9 | 24 | 20 | |
| 88 | 6 | 88 | 19 | |
| 89 | 11 | 90 | 2 | |
| 91 | 4 | 91 | 9 | |
| 219 | 25 | 220 | 4 | |
| 220 | 7 | 220 | 13 | |
| 225 | 21 | 225 | 24 | |
| 226 | 2 | 226 | 3 | |
| **3/11/05** | | | | |
| 567 | 25 | 568 | 9 | |
| 568 | 11 | 568 | 13 | |
| 568 | 15 | 569 | 4 | |
| 569 | 6 | 569 | 24 | |
| 570 | 1 | 572 | 5 | |
| **9/30/05** | | | | |
| 55 | 1 | 55 | 7 | |
| 55 | 11 | 55 | 14 | |
| 498 | 2 | 498 | 24 | |
| 499 | 1 | 499 | 24 | |

**Charles Mason v. Merck & Co., Inc. (Case No. 2:06-CV-810)**
**DEFENDANT'S COUNTER DEPOSITION DESIGNATIONS**

### Susan Baumgartner Deposition

| START PAGE | LINE | END PAGE | LINE | OBJECTION |
|:---:|:---:|:---:|:---:|:---:|
| 500 | 1 | 500 | 24 | |
| 501 | 1 | 501 | 12 | |
| 501 | 20 | 501 | 23 | |
| 503 | 12 | 503 | 24 | |
| 504 | 1 | 504 | 24 | |
| 505 | 1 | 505 | 24 | |
| 506 | 1 | 506 | 24 | |
| 507 | 1 | 507 | 24 | |
| 508 | 1 | 508 | 18 | |
| 509 | 6 | 509 | 24 | |
| 510 | 1 | 510 | 24 | |
| 511 | 1 | 511 | 24 | |
| 512 | 1 | 512 | 24 | |
| 513 | 1 | 513 | 24 | |
| 514 | 1 | 514 | 24 | |
| 515 | 1 | 515 | 3 | |
| 516 | 4 | 516 | 24 | |
| 517 | 1 | 517 | 24 | |
| 518 | 1 | 518 | 24 | |
| 519 | 1 | 519 | 24 | |
| 520 | 1 | 520 | 24 | |

**Charles Mason v. Merck & Co., Inc. (Case No. 2:06-CV-810)**
## DEFENDANT'S COUNTER  DEPOSITION DESIGNATIONS

### Susan Baumgartner Deposition

| START PAGE | LINE | END PAGE | LINE | OBJECTION |
|:---:|:---:|:---:|:---:|:---:|
| 521 | 1 | 521 | 24 | |
| 522 | 1 | 522 | 3 | |
| 522 | 8 | 522 | 22 | |
| 523 | 5 | 523 | 24 | |
| 524 | 1 | 524 | 20 | |
| 524 | 24 | 524 | 24 | |
| 525 | 1 | 525 | 16 | |

**Charles Mason v. Merck & Co., Inc. (Case No. 2:06-CV-810)**
## DEFENDANT'S CONDITIONAL COUNTER DEPOSITION DESIGNATIONS

### Susan Baumgartner Deposition

| START PAGE | LINE | END PAGE | LINE | OBJECTION |
|:---:|:---:|:---:|:---:|:---:|
| **2/25/05** | | | | |
| 168 | 18 | 168 | 18 | |

**Charles Mason v. Merck & Co., Inc. (Case No. 2:06-CV-810)**
**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S**
**AFFIRMATIVE DEPOSITION DESIGNATIONS**

### Susan Baumgartner Deposition

| START PAGE | LINE | END PAGE | LINE | OBJECTIONS |
|---|---|---|---|---|
| 02/25/05 | | | | |
| 12 | 14 | 12 | 15 | |
| 13 | 11 | 13 | 18 | |
| 14 | 2 | 14 | 23 | |
| 19 | 20 | 20 | 14 | Re: 19:20-20:14<br><br>**Def Obj:** 401 and 402 (relevance), 403 (undue prejudice), 801 and 802 (hearsay) (2001 personnel file) |
| 20 | 17 | 21 | 22 | Re: 20:17-21:22<br><br>**Def Obj:** 401 and 402 (relevance), 403 (undue prejudice), 801 and 802 (hearsay) (2001 personnel file)<br><br>Re: 21:11-21:22<br><br>**Def Obj:** Merck has moved in limine to exclude evidence related to compensation of Merck employees |
| 22 | 5 | 22 | 19 | Re: 22:5-22:19<br><br>**Def Obj:** 22:5 is a nod and is incomplete (non-verbal answer but no question) |
| 23 | 3 | 23 | 4 | Re: 23:3-23:4<br><br>**Def Obj:** 401 and 402 (relevance), 403 (undue prejudice) |

**Charles Mason v. Merck & Co., Inc. (Case No. 2:06-CV-810)**
**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S**
**AFFIRMATIVE DEPOSITION DESIGNATIONS**

### Susan Baumgartner Deposition

| START PAGE | LINE | END PAGE | LINE | OBJECTIONS |
|---|---|---|---|---|
| 23 | 7 | 23 | 10 | Re: 23:7-23:10<br><br>**Def Obj**: 401 and 402 (relevance), 403 (undue prejudice) |
| 24 | 9 | 24 | 20 | |
| 28 | 23 | 29 | 10 | Re: 28:23-29:10<br><br>**Def Obj**: 401 and 402 (relevance), 403 (undue prejudice), 801 and 802 (hearsay) (7/1/99 **Physicians to Neutralize)** |
| 39 | 12 | 39 | 16 | Re: 39:12-39:16<br><br>**Def Obj:**  401 and 402 (relevance), 403 (undue prejudice), 801 and 802 (hearsay) (4/29/99 SB email to Mendez) |
| 41 | 20 | 41 | 25 | Re: 41:20-41:25<br><br>**Def Obj:**  401 and 402 (relevance), 403 (undue prejudice), 801 and 802 (hearsay) (4/29/99 SB email to Mendez)<br><br>Re: 41:25<br><br>**Def Obj: Colloquy** |
| 42 | 2 | 42 | 19 | Re: 42:2-42:19<br><br>**Def Obj:** 401 and 402 (relevance), 403 (undue prejudice), 602 (lacks foundation/calls for speculation), 801 and 802 (hearsay) (email from Mendez to SB) |

<u>Charles Mason v. Merck & Co., Inc. (Case No. 2:06-CV-810)</u>
**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S**
**AFFIRMATIVE DEPOSITION DESIGNATIONS**

**Susan Baumgartner Deposition**

| START PAGE | LINE | END PAGE | LINE | OBJECTIONS |
|---|---|---|---|---|
| 42 | 21 | 42 | 22 | Re: 42:21-42:22<br><br>**Def Obj:** 401 and 402 (relevance), 403 (undue prejudice), 602 (lacks foundation/calls for speculation), 801 and 802 (hearsay) (email from Mendez to SB) |
| 51 | 2 | 51 | 3 | Re: 51:2-51:3<br><br>**Def Obj:** 401 and 402 (relevance), 403 (undue prejudice), 801 and 802 (hearsay) (2/7/01 Baumgartner Diary) |
| 51 | 11 | 51 | 21 | Re: 51:11-51:21<br><br>**Def Obj:** 401 and 402 (relevance), 403 (undue prejudice), 801 and 802 (hearsay) (2/7/01 Baumgartner Diary) |
| 52 | 14 | 52 | 19 | Re: 52:14-52:19<br><br>**Def Obj:** 401 and 402 (relevance), 403 (undue prejudice), 801 and 802 (hearsay) (2/7/01 Baumgartner Diary; 1/23/01 Sherwood memo to Anstice) |
| 52 | 21 | 53 | 10 | Re: 52:21-53:10<br><br>**Def Obj:** 401 and 402 (relevance), 403 (undue prejudice), 801 and 802 (hearsay) (2/7/01 Baumgartner Diary; |

**Charles Mason v. Merck & Co., Inc. (Case No. 2:06-CV-810)**
**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S**
**AFFIRMATIVE DEPOSITION DESIGNATIONS**

### Susan Baumgartner Deposition

| START PAGE | LINE | END PAGE | LINE | OBJECTIONS |
|---|---|---|---|---|
| | | | | 1/23/01 Sherwood memo to Anstice) |
| 53 | 23 | 54 | 1 | Re: 53:23-54:1<br><br>**Def Obj:** 401 and 402 (relevance), 403 (undue prejudice), 801 and 802 (hearsay) (2/7/01 Baumgartner Diary) |
| 54 | 4 | 54 | 5 | Re: 54:4-54:5<br><br>**Def Obj:** 401 and 402 (relevance), 403 (undue prejudice), 801 and 802 (hearsay) (2/7/01 Baumgartner Diary) |
| 54 | 15 | 54 | 20 | Re: 54:15-54:20<br><br>**Def Obj:** 401 and 402 (relevance), 403 (undue prejudice), 801 and 802 (hearsay) (2/7/01 Baumgartner Diary) |
| 54 | 23 | 54 | 24 | Re: 54:23-54:24<br><br>**Def Obj:** 401 and 402 (relevance), 403 (undue prejudice), 801 and 802 (hearsay) (2/7/01 Baumgartner Diary) |
| 55 | 1 | 55 | 3 | Re: 55:1-55:3<br><br>**Def Obj:** 401 and 402 (relevance), 403 (undue prejudice), 801 and 802 (hearsay) (2/7/01 Baumgartner Diary) |
| 56 | 16 | 57 | 6 | Re: 56:16-57:6<br><br>**Def Obj:** 401 and 402 |