# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE VIOXX PRODUCTS LIABILITY LITIGATION | MDL No. 05-01657-EEF-DEK |
| THIS RELATES TO: | Plaintiff:  Peter J. Blair |
| EDLA Civil Action No. 06-2692 | |

## ANSWERS AND DEFENSES OF MERCK & CO., INC.

COMES NOW Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, and presents the following Answer and Defenses to Plaintiff's Complaint as follows:

## RESPONSE TO "SUMMARY OF ACTION"

1.  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first and second sentences of paragraph 1 of the Complaint.  Denies each and every allegation contained in the third and fourth sentences of paragraph 1 of the Complaint.

## RESPONSE TO "PARTIES"

2.  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint.

3.   Denies each and every allegation contained in paragraph 3 of the Complaint, except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, P.O. Box 100, Whitehouse Station, New Jersey.  Merck further admits that it manufactured, marketed and distributed the prescription medicine Vioxx®, which reduces pain and inflammation, until Merck voluntarily withdrew Vioxx from the world-wide market on September 30, 2004.

832769v.1

## <u>RESPONSE TO "SUBSTANTIVE ALLEGATIONS"</u>

4.   Denies each and every allegation contained in paragraph 4 of the Complaint.

5.   The allegations contained in paragraph 5 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

6.   Denies each and every allegation contained in paragraph 6 of the Complaint, except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

7.   Denies each and every allegation contained in paragraph 7 of the Complaint in a manner consistent with the relevant FDA-approved prescribing information, except Merck admits that it manufactured, marketed and distributed the prescription medicine Vioxx, until Merck voluntarily withdrew Vioxx from the world-wide market on September 30, 2004.

8.   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint.

9.   Denies each and every allegation contained in paragraph 9 of the Complaint.

10. Denies each and every allegation contained in paragraph 10 of the Complaint.

11. Denies each and every allegation contained in paragraph 11 of the Complaint, except admits Plaintiff purports to seek damages and other relief, but denies that there is any legal or factual basis for the relief sought.

832769v.1

12. Denies each and every allegation contained in paragraph 12 of the Complaint except avers that Vioxx is the trade name for rofecoxib, a prescription medicine manufactured by Merck that is a selective cyclooxygenase-2 ("COX-2") inhibiter, which was approved by the United States Food and Drug Administration ("FDA") as safe and effective for certain indicated uses in a manner consistent with the information in the FDA-approved prescribing information.  Merck further avers that the COX enzyme produces arachidonic acid, that prostaglandins are derived from arachidonic acid and that the mechanism of action for Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

13. Denies each and every allegation contained in paragraph 13 of the Complaint except admits that Vioxx is a selective COX-2 inhibitor and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

14. Denies each and every allegation in paragraph 14 of the Complaint except admits that on November 23, 1998, Merck submitted New Drug Applications ("NDAs") for Vioxx 12.5 mg. and Vioxx 25 mg. tablets and respectfully refers the Court to said NDAs for their actual language and full text.

15. Denies each and every allegation in paragraph 15 of the Complaint except admits that on November 23, 1998, Merck submitted a New Drug Application ("NDA") for Vioxx Oral Suspension and respectfully refers the Court to said NDA for its actual language and full text.

16. Denies each and every allegation contained in paragraph 16 of the Complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its indicated uses.

17. Denies each and every allegation contained in paragraph 17 of the Complaint, except admits that Plaintiff purports to quote portions of prescribing information for Vioxx, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

18. Denies each and every allegation contained in paragraph 18 of the Complaint except admits that Plaintiff appears to have accurately quoted portions of the referenced label and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

19. Denies each and every allegation contained in the first sentence of paragraph 19 of the Complaint and respectfully refers the Court to the referenced supplemental New Drug Application ("sNDA") for its actual language and full text.  Denies each and every allegation contained in the second sentence of paragraph 19 of the Complaint except admits that Merck scientists participated in the VIGOR study involving Vioxx and respectfully refers the Court to the referenced study for its actual conclusions and full text.  Denies each and every allegation contained in the third sentence of paragraph 19 of the Complaint.

20. Merck denies each and every allegation contained in paragraph 20 of the Complaint except admits that the referenced study exists and avers that a primary objective of the VIGOR study was to assess whether Vioxx would be associated with a lower incidence of  confirmed, clinically important upper gastrointestinal events than naproxen.  Merck respectfully refers the Court to the referenced study for its actual language and full text.

21. Denies each and every allegation contained in paragraph 21 of the Complaint except admits that the studies referenced in sentence one of paragraph 21 and the article referenced in sentence two of paragraph 21 exist, and respectfully refers the Court to said publications for their

4

actual language and full text.  Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

22. Denies each and every allegation contained in paragraph 22 of the Complaint, except admits that 2000 worldwide Vioxx sales figures exceeded $2 billion.

23. Denies each and every allegation contained in paragraph 23 of the Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

24. Denies each and every allegation contained in paragraph 24 of the Complaint except admits that the referenced publication and the article contained therein exist and respectfully refers the Court to the referenced document for its actual language and full text.

25. Denies each and every allegation contained in paragraph 25 of the Complaint except admits that the referenced journals and articles contained therein exist, and that Plaintiff purports to quote from the same and respectfully refers the Court to said studies for their actual language and full context.

26. Denies each and every allegation contained in paragraph 26 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of the FDA's Division of Drug Marketing and Communications ("DDMAC") in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

27. Denies each and every allegation contained in paragraph 27 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

832769v.1

28. Denies each and every allegation contained in paragraph 28 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

29. Denies each and every allegation contained in paragraph 29 of the Complaint, except admits that, in April 2002, the FDA approved certain changes to the Vioxx prescribing information, a so-called "Dear Doctor" letter and a Patient Information sheet, and respectfully refers the Court to the referenced prescribing information for Vioxx, "Dear Doctor" letter and Patient Information sheet for their actual language and full text.

30. Denies each and every allegation contained in paragraph 30 of the Complaint, except admits that Plaintiff purports to quote the referenced label and respectfully refers the Court to the referenced quote for its actual language and full text.

31. Denies each and every allegation contained in paragraph 31 of the Complaint except admits that the FDA approved a so-called "Dear Doctor" letter and respectfully refers the Court to the letter for its actual language and full text.

32. Merck denies each and every allegation set forth in paragraph 32 of the Complaint except admits that the referenced Patient Information sheet exists and respectfully refers the court to the referenced Patient Information sheet for its actual language and full text.

33. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the Complaint.

34. Denies each and every allegation contained in paragraph 34 of the Complaint.

35. Denies each and every allegation contained in paragraph 35 of the Complaint, except admits that Plaintiff purports to quote from Merck's 2001 Annual Report and respectfully refers the Court to said publication for its actual language and full text.

832769v.1

36. Denies each and every allegation contained in paragraph 36 of the Complaint, except admits that, in 2000, Vioxx achieved worldwide sales of $2.2 billion and admits that the referenced 8-K filing exists and respectfully refers the Court to said filing for its actual language and full text.

37. Denies each and every allegation contained in paragraph 37 of the Complaint, except Merck avers that until Merck announced the voluntary withdrawal of Vioxx on September 30, 2004, it marketed the prescription medicine Vioxx, which was approved by the United States Food and Drug Administration as safe and effective for certain indicated uses subject to the information in the FDA-approved prescribing information.

## RESPONSE TO "COUNT I:  NEGLIGENCE"

38. With respect to the allegations contained in paragraph 38 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 37 of this Answer with the same force and effect as though set forth here in full.

39. Denies each and every allegation contained in paragraph 39 of the Complaint, including subparagraphs a through j.

40. Denies each and every allegation contained in paragraph 40 of the Complaint.

 Plaintiff's "Wherefore" paragraph is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except admits that Plaintiff purports to seek damages and other relief, but denies there is any legal or factual basis for the relief sought.

## RESPONSE TO "COUNT II – STRICT PRODUCTS LIABILITY"

41. With respect to the allegations contained in paragraph 41 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 40 of this Answer with the same force and effect as though set forth here in full.

42. Denies each and every allegation contained in paragraph 42 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

43. Denies each and every allegation contained in paragraph 43 of the Complaint.

44. Denies each and every allegation contained in the first sentence of paragraph 44 of the Complaint. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of paragraph 44 of the Complaint.

45. Merck denies each and every allegation contained in the first, second and fourth sentences of paragraph 45 of the Complaint. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the third sentence of paragraph 45 of the Complaint.

46. Denies each and every allegation contained in paragraph 46 of the Complaint.

47. Denies each and every allegation contained in paragraph 47 of the Complaint.

48. Denies each and every allegation contained in paragraph 48 of the Complaint.

49. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 49 of the Complaint.

50. Denies each and every allegation contained in paragraph 50 of the Complaint.

51. Denies each and every allegation contained in paragraph 51 of the Complaint.

52. Denies each and every allegation contained in paragraph 52 of the Complaint.

832769v.1

Plaintiff's "Wherefore" paragraph is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except admits that Plaintiff purports to seek damages and other relief, but denies there is any legal or factual basis for the relief sought.

## RESPONSE TO "COUNT III – FAILURE TO WARN"

53. With respect to the allegations contained in paragraph 53 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 52 of this Answer with the same force and effect as though set forth here in full.

54. The allegations contained in paragraph 54 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except admits that it manufactured, marketed and distributed the prescription medicine Vioxx until the voluntary withdrawal of Vioxx from the worldwide market on September 30, 2004.

55. Merck denies each and every allegation contained in paragraph 55 of the Complaint, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

56. Denies each and ever allegation contained in paragraph 56 of the Complaint.

57. Denies each and every allegation contained in paragraph 57 of the Complaint.

58. Denies each and every allegation contained in paragraph 58 of the Complaint.

59. Denies each and every allegation contained in paragraph 59 of the Complaint.

Plaintiff's "Wherefore" paragraph is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every

832769v.1

allegation contained in said paragraph, except admits that Plaintiff purports to seek damages and other relief, but denies there is any legal or factual basis for the relief sought.

<u>RESPONSE TO "COUNT IV – BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY"</u>

60. With respect to the allegations contained in paragraph 60 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 59 of this Answer with the same force and effect as though set forth here in full.

61. Denies each and every allegation contained in paragraph 61 of the Complaint.

62. Denies each and every allegation contained in paragraph 62 of the Complaint.

Plaintiff's "Wherefore" paragraph is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except admits that Plaintiff purports to seek damages and other relief, but denies there is any legal or factual basis for the relief sought.

<u>RESPONSE TO "COUNT V – BREACH OF THE IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE"</u>

63. With respect to the allegations contained in paragraph 63 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 62 of this Answer with the same force and effect as though set forth here in full.

64. Denies each and every allegation contained in paragraph 64 of the Complaint.

65. Denies each and every allegation contained in paragraph 65 of the Complaint.

66. Denies each and every allegation contained in paragraph 66 of the Complaint.

67. Denies each and every allegation contained in paragraph 67 of the Complaint.

Plaintiff's "Wherefore" paragraph is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every

832769v.1

allegation contained in said paragraph, except admits that Plaintiff purports to seek damages and other relief, but denies there is any legal or factual basis for the relief sought.

### RESPONSE TO "COUNT VI – BREACH OF EXPRESS WARRANTY"

68. With respect to the allegations contained in paragraph 68 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 67 of this Answer with the same force and effect as though set forth here in full.

69. Denies each and every allegation contained in paragraph 69 of the Complaint.

70. Denies each and every allegation contained in paragraph 70 of the Complaint.

71. The allegations contained in paragraph 71 of the Complaint, including subparagraphs a through c, are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, including subparagraphs a through c, and respectfully refers the court to the relevant law governing Plaintiff's warranty claims.

72. Denies each and every allegation contained in paragraph 72 of the Complaint.

73. Denies each and every allegation contained in paragraph 73 of the Complaint.

74. The allegations contained in the first sentence of paragraph 74 of the Complaint are legal conclusions as to which no response is required. Should a response be deemed required, Merck denies each and every of allegation contained in the first sentence of paragraph 74 of the Complaint. Merck denies each and every allegation contained in the second sentence of paragraph 74 of the Complaint.

75. Denies each and every allegation contained in paragraph 75 of the Complaint.

76. Denies each and every allegation contained in paragraph 76 of the Complaint.

77. Denies each and every allegation contained in paragraph 77 of the Complaint.

832769v.1

Plaintiff's "Wherefore" paragraph is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except admits that Plaintiff purports to seek damages and other relief, but denies there is any legal or factual basis for the relief sought.

### RESPONSE TO "COUNT VII – MISREPRESENTATION"

78. With respect to the allegations contained in paragraph 78 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 77 of this Answer with the same force and effect as though set forth here in full.

79. Denies each and every allegation contained in paragraph 79 of the Complaint.

80. Denies each and every allegation contained in paragraph 80 of the Complaint.

81. Denies each and every allegation contained in paragraph 81 of the Complaint.

82. Denies each and every allegation contained in paragraph 82 of the Complaint.

83. Denies each and every allegation contained in paragraph 83 of the Complaint.

Plaintiff's "Wherefore" paragraph is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except admits that Plaintiff purports to seek damages and other relief, but denies there is any legal or factual basis for the relief sought.

### RESPONSE TO "COUNT VIII – VIOLATION OF UNFAIR TRADE PRACTICE/CONSUMER PROTECTION LAWS"

84. With respect to the allegations contained in paragraph 84 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 83 of this Answer with the same force and effect as though set forth here in full.

85. Denies each and every allegation contained in paragraph 85 of the Complaint.

86. Denies each and every allegation contained in paragraph 86 of the Complaint.

832769v.1

87. Denies each and every allegation contained in paragraph 87 of the Complaint.

88. Denies each and every allegation contained in paragraph 88 of the Complaint.

89. Denies each and every allegation contained in paragraph 89 of the Complaint.

90. Denies each and every allegation contained in paragraph 90 of the Complaint.

91. Denies each and every allegation contained in paragraph 91 of the Complaint.

92. Denies each and every allegation contained in paragraph 92 of the Complaint.

93. Denies each and every allegation contained in paragraph 93 of the Complaint.

94. Denies each and every allegation contained in paragraph 94 of the Complaint.

95. Denies each and every allegation contained in paragraph 95 of the Complaint.

96. Denies each and every allegation contained in paragraph 96 of the Complaint.

97. Denies each and every allegation contained in paragraph 97 of the Complaint.

98. Denies each and every allegation contained in paragraph 98 of the Complaint.

99. Denies each and every allegation contained in paragraph 99 of the Complaint.

Plaintiff's "Wherefore" paragraphs are not allegations and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraphs, except admits that Plaintiff purports to seek damages and other relief, but denies there is any legal or factual basis for the relief sought.

### RESPONSE TO "COUNT IX – PUNITIVE DAMAGES"

100.    With respect to the allegations contained in paragraph 100 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 99 of this Answer with the same force and effect as though set forth here in full.

101.    Denies each and every allegation contained in paragraph 101 of the Complaint.

13

Plaintiff's "Wherefore" paragraphs are not allegations and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraphs, except admits that Plaintiff purports to seek damages and other relief, but denies there is any legal or factual basis for the relief sought.

## RESPONSE TO "COUNT X – CONSORTIUM"

102.    With respect to the allegations contained in paragraph 102 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 101 of this Answer with the same force and effect as though set forth here in full.

103.    Merck is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 103 of the Complaint.

104.    Denies each and every allegation contained in paragraph 104 of the Complaint.

Plaintiff's "Wherefore" paragraphs are not allegations and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraphs, including subparagraphs 1 through 7, except admits that Plaintiff purports to seek damages and other relief, but denies there is any legal or factual basis for the relief sought.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

105.    The claims of Plaintiff may be time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

106.    The Complaint fails to state a claim upon which relief can be granted.

832769v.1

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

107.    The claims of the Plaintiff may be barred, in whole or in part, from recovery because he has made statements or taken actions that preclude him from asserting claims or constitute a waiver of his claims.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

108.    The claims of the Plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

109.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

110.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

111.    To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

112.    To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are

832769v.1

barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

113.    Any warnings given by Merck were transmitted to the prescribing physicians and/or healthcare providers and, pursuant to the learned intermediary doctrine, Merck's only obligation is to warn the prescribing physician and/or healthcare providers and said obligation was fulfilled.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

114.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

115.    Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence as codified by Minn. Stat. § 604.02.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

116.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

832769v.1

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

117.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon

information and belief, such injuries and losses were caused by the actions of persons not having

real or apparent authority to take said actions on behalf of Merck and over whom Merck had no

control and for whom Merck may not be held accountable.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

118.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon

information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or

abuse of Vioxx.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

119.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such

injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or

environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses

of conditions for which this defendant is not responsible.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

120.     To the extent Plaintiff has settled or will in the future settle with any person or

entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be

reduced accordingly.

832769v.1

### AS FOR A SEVENTEENTH
### DEFENSE, MERCK ALLEGES:

121.    To the extent Plaintiff is seeking recovery for benefits entitled to be received or

actually received from any other source for injuries alleged in the Complaint, such benefits are

not recoverable in this action under Minn. Stat. § 548.36.

### AS FOR AN EIGHTEENTH
### DEFENSE, MERCK ALLEGES:

122.    Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the

circumstances constituting fraud with particularity, as required by Fed. R. Civ. P. 9(b).

### AS FOR A NINETEENTH
### DEFENSE, MERCK ALLEGES:

123.    Plaintiff's claims are barred, in whole or in part, under the applicable state law

because Vioxx and its labeling were subject to and received pre-market approval by the Food and

Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A TWENTIETH
### DEFENSE, MERCK ALLEGES:

124.    Plaintiff's claims are barred in whole or in part by the First Amendment.

### AS FOR A TWENTY-FIRST
### DEFENSE, MERCK ALLEGES:

125.    Plaintiff's claims are barred in whole or in part because the product at issue was

made in accordance with the state of the art at the time it was manufactured.

### AS FOR A TWENTY-SECOND
### DEFENSE, MERCK ALLEGES:

126.    There is no practical or technically feasible alternative design that would have

reduced the alleged risk without substantially impairing the reasonably anticipated and intended

function of Vioxx.

832769v.1

**AS FOR A TWENTY-THIRD**
**DEFENSE, MERCK ALLEGES:**

127.    This case is more appropriately brought in a different venue.

**AS FOR A TWENTY-FOURTH**
**DEFENSE, MERCK ALLEGES:**

128.    Venue in this case is improper.

**AS FOR A TWENTY-FIFTH**
**DEFENSE, MERCK ALLEGES:**

129.    The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, he has brought actions and has received judgments on parts of some or all claims asserted herein.

**AS FOR A TWENTY-SIXTH**
**DEFENSE, MERCK ALLEGES:**

130.    The claims of Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

**AS FOR A TWENTY-SEVENTH**
**DEFENSE, MERCK ALLEGES:**

131.    The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to his claims.

**AS FOR A TWENTY-EIGHTH**
**DEFENSE, MERCK ALLEGES:**

132.    The claims of Plaintiff may be barred, in whole and in part, by the doctrine of laches.

832769v.1

**AS FOR A TWENTY-NINTH
DEFENSE, MERCK ALLEGES:**

133.    The claims of Plaintiff are barred, in whole or in part, by his failure to mitigate damages.

**AS FOR A THIRTIETH
DEFENSE, MERCK ALLEGES:**

134.    To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

**AS FOR A THIRTY-FIRST
DEFENSE, MERCK ALLEGES:**

135.    The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

**AS FOR A THIRTY-SECOND
DEFENSE, MERCK ALLEGES:**

136.    The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

**AS FOR A THIRTY-THIRD
DEFENSE, MERCK ALLEGES:**

137.    Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

**AS FOR A THIRTY-FOURTH
DEFENSE, MERCK ALLEGES:**

138.    Plaintiff has not sustained any injury or damages compensable at law.

832769v.1

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

139.    Merck reserves its right to dismiss the Complaint and seek further relief for

Plaintiff's failure to provide it with due process of law.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

140.    This case is subject to dismissal or stay on the grounds of *forum non conveniens.*

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

141.    Plaintiff's claims are barred in whole or in part under comment k to Section 402A

of the Restatement (Second) of Torts.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

142.    Plaintiff's claims are barred in whole or in part because Merck provided adequate

"directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation

Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the

Restatement (Second) of Torts.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

143.    Plaintiff's claims are barred under Section 4, et seq., of the Restatement (Third) of

Torts:  Products Liability.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

144.    Plaintiff's claims are barred in whole or in part because Vioxx "provides net

benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement

(Third) of Torts:  Product Liability.

832769v.1

### AS FOR A FORTY-FIRST
### DEFENSE, MERCK ALLEGES:

145.    To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

### AS FOR A FORTY-SECOND
### DEFENSE, MERCK ALLEGES:

146.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### AS FOR A FORTY-THIRD
### DEFENSE, MERCK ALLEGES:

147.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

### AS FOR A FORTY-FOURTH
### DEFENSE, MERCK ALLEGES:

148.    Plaintiffs' demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A FORTY-FIFTH
### DEFENSE, MERCK ALLEGES:

149.    Plaintiffs have asserted a claim in their Complaint for punitive damages in violation of Minn. Stat. § 549.191, and said claim should therefore be stricken.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable

832769v.1

rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

Merck incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action.  Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such other and further relief that the Court may deem just and proper.

## **JURY DEMAND**

Merck demands a trial by jury as to all issues so triable.

832769v.1

Dated: October 3, 2006                    Respectfully submitted,


                                          */s/ Dorothy H. Wimberly*
                                          Phillip A. Wittmann, 13625
                                          Dorothy H. Wimberly, 18509
                                          Carmelite M. Bertaut, 3054
                                          STONE PIGMAN WALTHER WITTMANN L.L.C.
                                          546 Carondelet Street
                                          New Orleans, Louisiana 70130
                                          Phone: 504-581-3200
                                          Fax:    504-581-3361

                                          Defendant's Liaison Counsel

                                          HALLELAND LEWIS NILAN & JOHNSON, P.A.
                                          Scott A. Smith – Reg. No. 174026
                                          Amanda M. Cialkowski – Reg. No. 306514
                                          Jan R. McLean Bernier – Reg. No. 307853
                                          U.S. Bank Center South, Suite 600
                                          220 South Sixth Street
                                          Minneapolis, MN 55402
                                          Telephone: (612) 338-1838
                                          Fax: (612) 338-7858

                                          Attorneys for Defendant Merck & Co., Inc.

832769v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Answer and Defenses of Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 3rd day of October, 2006.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

832769v.1