UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX<br><br>PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>LENE ARNOLD<br><br>v.<br><br>MERCK & CO., INC.<br><br>Case No. 05-2627<br><br>and<br><br>ALICIA GOMEZ<br><br>v.<br><br>MERCK & CO., INC.<br><br>Case No. 05-1163 | MDL Docket NO. 1657<br><br>SECTION L<br><br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

**SUPPLEMENTAL AUTHORITY**
**OF PLAINTIFFS LENE ARNOLD AND ALICIA GOMEZ**

Plaintiffs, Lene Arnold and Alicia Gomez, hereby submit as supplemental authority in opposition to Merck & Co.'s Motion for Summary Judgment, *The Future of Drug Safety: Promoting and Protecting the Health of the Public* (A.Baciu, K. Stratton, S. Burke, ed. 2006)("IOM")[attached

1

hereto as Exhibit "A"].[1]

The IOM Report provides significant criticisms of the FDA's abilities to safeguard the prescribing public of dangerous drugs. As a consequence, to permit preemption of state common law claims on the premise that FDA's safety review of pharmaceutical drugs is unassailable would result in a unjust imbalance. Several of the findings of the IOM Report that touch upon these concerns are highlighted below. For example, addressing the inability of FDA to protect the public in the case of Vioxx, the IOM report states:

> The committee believes that although FDA is able to negotiate for label changes (including warnings), and to impose restrictions or conditions on distribution at approval, <u>it exercises those options inconsistently and lacks both the ability to require sponsor agreement with label changes and compliance with conditions imposed after approval and enforcement threats short of withdrawal</u>. The conditions on the distribution of isotretinoin were implemented at the conclusion of an extremely long process. <u>Label change negotiations for some drugs with emergent safety problems (such as Propulsid, Vioxx) have been unreasonably drawn-out, and sponsors have made great effort to soften the language preferred by FDA (Harris G and Koli E, 2005). Such delays and barriers to timely action are problematic given the seriousness of the AEs which such label changes and similar measures are intended to warn about and to prevent (Kweder S, 2004)</u>.

IOM Report at §5 p.13 (emphasis added).

The IOM report also confirms the agency's impotence to compel the label it finds appropriate to convey safety – due to a lack of regulatory authority – for drugs that have previously been approved. Specifically, the IOM report states:

> <u>FDA cannot unilaterally compel label changes, addition of boxed warnings, or fulfillment of postmarketing study commitments. Nor can it unilaterally restrict marketing, change the content of a package insert (including Medication Guides2), or change the content of other documents intended for the public</u>. The process of

---

[1] The project that is the subject of the IOM Report was approved by the Governing Board of the National Research Council, whose members are drawn from the councils of the National Academy of Sciences, the National Academy of Engineering, and the Institute of Medicine.

2

<u>negotiation works well in many cases, but for some products the process can be long and have potentially adverse repercussions for safety. The diminished FDA authority after approval is of concern because knowledge of a drug's risk–benefit profile is never complete at the time of approval.</u>

FDA takes several approaches to monitoring postmarketing safety. CDER staff members review Adverse Events Reporting System (AERS) reports using data mining techniques for automated monitoring of the AERS database, conduct retrospective and observational studies using external administrative databases, and track the status of phase 4 studies. CDER staff also evaluate and oversee sponsor-designed efforts to manage known risks, such as developing and implementing RiskMAPs for specific products, and negotiate with sponsors on actions needed to confirm and address just-identified risks. Such actions may include additional study, label changes, and risk communication including Dear Health Professional letters. <u>If safety problems are identified, FDA can ask the sponsor to propose label language but cannot require specific language to describe the newly identified risks. Often, companies argue strongly against label changes, limitation of marketing, boxed warnings, and so on.</u>

IOM Report at §5 p.6 (emphasis added).

Given the demonstrated ineffectiveness of the FDA, allowing its determinations to become the first, last and only safety-net for the citizens of the United States is not appropriate.

Respectfully submitted,

PLAINTIFFS' STEERING COMMITTEE

Date: 9/28/06

By: _____
**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***Herman, Herman, Katz & Cotlar, L.L.P.***
Place St. Charles
201 St. Charles Avenue, Suite 4310
New Orleans, Louisiana 70170
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

**PLAINTIFFS' LIAISON COUNSEL**

3

Andy D. Birchfield, Jr., Esquire
Leigh O'Dell, Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)
**Co-Lead Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
  MEUNIER & WARSHAUER, L.L.C.
Energy Centre
1100 Poydras Street, Ste. 2800
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
Shanin Specter, Esquire
David J. Caputo, Esquire
Lisa S. Dagostino, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street
19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire **(on brief)**
Fred S. Longer, Esquire **(on brief)**
Daniel Levin, Esquire
Matthew C. Gaughan, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Shelly A. Sanford, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

4

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W., Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

**AND**

Andy D. Birchfield, Jr., Esquire
Leigh O'Dell, Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier

**Counsel for Plaintiff Arnold**

**AND**

Kathryn A. Snapka, Esquire
SNAPKA, TURMAN & WATERHOUSE LLP
606 N. Carancahua, Suite 1511
P.O. Drawer 23017
Corpus Christi, TX 78403
(361) 888-7676 (telephone)
(361) 884-8545 (telecopier)

Zollie C. Steakley
TX State Bar No. 24029848
MS State Bar No. 100517
Attorney for Plaintiffs
CAMPBELL~CHERRY~HARRISON~
 DAVIS~DOVE, P.C.
P.O. Drawer 21387
Waco, Texas 76702
(254) 761-3300 (telephone)
(254) 761-3301 (telecopier)

**Counsel for Plaintiff Gomez**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 28th day of September, 2006.

Leonard A. Davis (Bar No. 14190)
*Herman, Herman, Katz & Cotlar, LLP*
201 St. Charles Ave., Suite 4310
New Orleans, LA 70170
PH:   (504) 581-4892
FAX: (504) 561-6024
ldavis@hhkc.com