LEXISNEXIS' FILE & SERVE
11636644
E-SERVICE

Annotations Report [vioxx 2]

Jun 26 2006
7:31PM

[7:5] - [13:16]    1/31/2006   Irvin 1: Day One

```
page 7
  5                     LET ME TALK WITH YOU ABOUT DR. TOPAL.
  6    DR. TOPAL'S DEPOSITION WAS TAKEN.  DR. TOPAL IS A CARDIOLOGIST.
  7    HE WAS FOR SOME TIME A CARDIOLOGY CONSULTANT FROM MERCK.  HE
  8    HAD WRITTEN A NUMBER OF ARTICLES ABOUT THE VARIOUS MATERIAL AND
  9    VARIOUS TESTS THAT MERCK TRIALS THAT MERCK HAD CONDUCTED AND
 10    WAS, IT'S FAIR TO SAY, SOMEWHAT CRITICAL OF SOME OF THE
 11    MATERIAL.  THE PLAINTIFFS SOUGHT TO TAKE HIS DEPOSITION.  HE IS
 12    IN CLEVELAND.  HE APPARENTLY DID NOT COOPERATE OR WASN'T
 13    WILLING TO EITHER COME TO TESTIFY OR, FOR THAT MATTER, EVEN
 14    GIVE HIS DEPOSITION.  THERE WAS SOME DIFFICULTY IN DOING THAT.
 15    THE RECORD IS REPLETE WITH LETTERS GOING BACK AND FORTH
 16    CAJOLING HIM AND WORKING THROUGH THE ATTORNEY FOR THE
 17    INSTITUTION THAT HE IS EMPLOYED WITH.
 18                     IN ANY EVENT, EVENTUALLY THE COURT WAS ASKED TO
 19    GET INVOLVED AND THE COURT DID GET INVOLVED IN IT AND THE
 20    DEPOSITION WAS TAKEN.  UNFORTUNATELY, IT WAS TAKEN IN NOVEMBER,
 21    SIX DAYS AGO OR THEREABOUTS.  THE PARTIES TOOK THE DEPOSITION
 22    FOR FOUR HOURS EACH SIDE OR PERHAPS LONGER, BUT IT WAS A RATHER
 23    EXTENSIVE DEPOSITION.  THE PLAINTIFFS SEEK TO INTRODUCE THE
 24    ENTIRE DEPOSITION AT THE TRIAL.  THE DEFENDANTS TAKE THE
 25    POSITION THAT DR. TOPAL, IF HE WERE CALLED, WOULD BE CALLED AS
page 8
  1    AN EXPERT WITNESS BECAUSE HE WOULD BE GIVING EXPERT TESTIMONY,
  2    AND THAT IF HE WERE GIVING EXPERT TESTIMONY UNDER 26(A)(2)(A)
  3    HE SHOULD HAVE BEEN LISTED AS SUCH AND UNDER 26(A)(2)(B) HE
  4    SHOULD HAVE GIVEN A REPORT.  THEY RECEIVED NO REPORT.  THEY
  5    RECEIVED A LISTING, BUT THEY SAY DID NOT KNOW THAT HE WAS GOING
  6    TO TESTIFY AS AN EXPERT.  THEY SAY THEY ARE PREJUDICED,
  7    SURPRISED, AND THAT HE SHOULDN'T BE ALLOWED TO TESTIFY.
  8                     THE PLAINTIFFS TAKE THE POSITION THAT THEY KNEW
  9    FOR A LONG PERIOD OF TIME ABOUT DR. TOPAL, KNEW WHAT HE WAS
 10    GOING TO SAY, ARE NOT SURPRISED, AND THAT THERE IS NO HARM IN
 11    PUTTING HIS DEPOSITION ON.  I JUST REALLY RECEIVED THE
 12    DEPOSITION YESTERDAY, TOGETHER WITH LARGE MOUNDS OF PAPERS.  I
 13    RECEIVED THE DEFENDANT'S OPPOSITION AT 5:00 YESTERDAY AND SO
 14    YOU KNOW WHAT I DID LAST NIGHT.  THE DEPOSITION IS SOME
 15    600-SOME-ODD PAGES.  THE OTHER DOCUMENTATION IS ANOTHER 1,500
 16    PAGES.  THE DEFENDANT SUBMITS ABOUT 680 PAGES ATTACHED TO THEIR
 17    DOCUMENTS.  A LOT OF TREES HAVE BEEN SACRIFICED FOR THIS
 18    INCIDENT.  I'VE HAD AN OPPORTUNITY TO REVIEW IT.  I NEED TO DO
 19    IT A LITTLE MORE EXTENSIVELY WITH THE DEPOSITION, BUT I'VE
 20    REVIEWED IT ENOUGH TO AT LEAST GIVE YOU THE BENEFIT OF MY VIEW
 21    ON THE USE OF THE DEPOSITION.
 22                     THE PLAINTIFF TAKES THE POSITION THAT THE DOCTOR
 23    WILL TESTIFY MORE AS A FACT WITNESS AND NOT AS AN EXPERT
 24    WITNESS.  OF COURSE, WE ARE AWARE OF 701, WHICH INDICATES THAT
 25    IF A WITNESS IS NOT TESTIFYING AS AN EXPERT, THE WITNESS'
page 9
  1    TESTIMONY IN THE FORM OF OPINIONS OR INFERENCES IS LIMITED TO
  2    THOSE OPINIONS OR INFERENCES WHICH ARE; (A) RATIONALLY BASED ON
  3    THE PERCEPTION OF THE WITNESS; AND, (B) HELPFUL TO A CLEAR
  4    UNDERSTANDING OF THE WITNESS' TESTIMONY OR THE DETERMINATION OF
  5    A FACT IN ISSUE.  THAT WAS THE LAW UNTIL 2000.  THE DRAFTERS
  6    FELT, TO SOME EXTENT, THAT 701 WAS BEING ABUSED AND THAT IT WAS
  7    NOT THE INTENT OF THE DRAFTERS OF THE RULES TO ALLOW EXPERTS TO
  8    TESTIFY IN THE FORM OF 701 FACT EXPERTS, SO "(C)" WAS ADDED.
  9    "(C)" IS NOT BASED ON SCIENTIFIC, TECHNICAL, OR OTHER
 10    SPECIALIZED KNOWLEDGE WITHIN THE SCOPE OF 702.  CLEARLY, THIS
 11    INFORMATION IS WITHIN SOME SPECIALIZED KNOWLEDGE, SO 702 TO
 12    SOME EXTENT IS THE APPLICABLE EVIDENTIARY ARTICLE WHICH APPLIES
 13    TO THIS PARTICULAR CASE.
 14                     IN A 702 EXPERT, THERE ARE CERTAIN REQUIREMENTS
 15    UNDER THE FEDERAL RULES OF CIVIL PROCEDURE.  26(A)(2)(A)
 16    PROVIDES FIRST A DISCLOSURE OF AN EXPERT.  "IN ADDITION TO THE
 17    DISCLOSURES REQUIRED BY PARAGRAPH 1, A PARTY SHALL DISCLOSE TO
 18    THE OTHER PARTIES THE IDENTITY OF ANY PERSON WHO MAY BE USED AT
 19    TRIAL TO PRESENT EVIDENCE UNDER 702."  SO HE HAS TO BE
 20    DISCLOSED.  THE PARTY HAS TO BE DISCLOSED TO THE OTHER SIDE.
```



PLAINTIFF'S EXHIBIT 1

Annotations Report [vioxx 2]

```
21        (2)(B) SAYS, "EXCEPT AS OTHERWISE STIPULATED OR DIRECTED BY THE
22        COURT, THIS DISCLOSURE SHALL WITH RESPECT TO A WITNESS WHO IS
23        RETAINED OR SPECIALLY EMPLOYED TO PROVIDE EXPERT TESTIMONY,
24        MUST GIVE A REPORT.
25                  FIRST, WITH REGARD TO 26(A)(2)(B), I DON'T SEE
page 10
1         THIS AS BEING APPLICABLE.  HE WASN'T EMPLOYED.  THE PARTY WAS
2         NOT EMPLOYED BY THE PLAINTIFF.  CLEARLY, (2)(B) SAYS, "EXCEPT
3         AS OTHERWISE STIPULATED OR DIRECTED BY THE COURT, THIS
4         DISCLOSURE SHALL, WITH RESPECT TO A WITNESS WHO IS RETAINED OR
5         SPECIFICALLY EMPLOYED TO PROVIDE EXPERT TESTIMONY IN THE CASE
6         OR WHOSE DUTIES OF AN EMPLOYEE OF THE PARTY REGULARLY INVOLVE
7         GIVING EXPERT TESTIMONY, BE ACCOMPANIED BY WRITTEN REPORT."  SO
8         I DON'T FEEL THAT (2)(B) IS APPLICABLE BECAUSE THEY WEREN'T
9         EMPLOYED BY THE PLAINTIFFS.  IN FACT, THE PLAINTIFFS HAD TO
10        COME TO COURT TO EVEN GET THE DEPOSITION TAKEN.  WITH REGARD TO
11        ALSO A REPORT, THERE IS NO REPORT.  THE PARTY DIDN'T GIVE A
12        REPORT, SO I DON'T FEEL THAT 26(A)(2)(B) IS APPLICABLE.
13                  WITH REGARD TO 26(A)(2)(A), CLEARLY THEY MUST
14        DISCLOSE THE IDENTITY OF THE PARTY WHO MAY BE USED TO PRESENT
15        TESTIMONY AT THIS TRIAL, BUT WITH REGARD TO THIS PARTICULAR
16        EXPERT, IT SEEMS TO ME THAT THIS WITNESS, THE DISCLOSURE, HE
17        WAS A CARDIAC CONSULTANT FOR MERCK.  MERCK HAD TO BE AWARE OF
18        HIS OPINIONS SINCE APRIL OF 2001.  THIS IS NO SHRINKING VIOLET.
19        THIS PERSON HAS WRITTEN ARTICLE AFTER ARTICLE COMMENTING ON, IF
20        NOT CRITICIZING, THE VARIOUS TRIALS.  WHEN HE WAS LISTED BY THE
21        PLAINTIFFS, CLEARLY MERCK NEWLY WHAT THE PERSON WAS GOING TO
22        SAY BECAUSE THEY HAVE BEEN READING ABOUT WHAT HE WAS GOING TO
23        SAY FOR SEVERAL YEARS.
24                  IN ADDITION, THE PLAINTIFFS HAD BEEN SEEKING
25        DISCOVERY SINCE JULY OF 2005.  IT'S NOT BEEN SMOOTH BECAUSE
page 11
1         DR. TOPAL HAS NOT VOLUNTARILY AGREED TO COOPERATE WITH THE
2         LITIGATION.  BOTH THE PLAINTIFF AND MERCK RECEIVED COUNTLESS
3         DOCUMENTS THAT DR. TOPAL PRESENTED OR WAS GOING TO TESTIFY TO.
4         THE ATTORNEY FOR DR. TOPAL'S INSTITUTION WHERE HE WORKS WROTE
5         THE PLAINTIFF'S ATTORNEY, COPIED THE DEFENDANT'S ATTORNEY, SENT
6         DOCUMENTS BACK AND FORTH.  NUMEROUS LETTERS OF CORRESPONDENCE
7         INDICATE TO ME THAT DR. TOPAL WAS KNOWN TO THE DEFENDANTS AND
8         THE DOCUMENTATION THAT HE WAS GOING TO TESTIFY TO WAS RECEIVED
9         AND THE DEFENDANTS HAD AN OPPORTUNITY.
10                  I DON'T SEE THE DEFENDANT BEING SURPRISED BY
11        THIS.  I DON'T SEE THE DEFENDANTS BEING SURPRISED BY WHAT HE
12        WAS GOING TO SAY.  THEY HAD TO KNOW WHAT HE WAS GOING TO SAY
13        BECAUSE HE HAD SAID IT IN PRINT.  IN PRIMROSE OPERATING COMPANY
14        V. NATIONAL AMERICAN, 382 F.3D 546 (5TH CIR. 2004), THE
15        FIFTH CIRCUIT FOUND THAT THE TRIAL COURT DID NOT ABUSE ITS
16        DISCRETION IN ALLOWING AN EXPERT WITNESS TO TESTIFY, DESPITE
17        THE FACT THAT HE DIDN'T GIVE A REPORT, BECAUSE IT WAS HARMLESS
18        SINCE THE OPPOSING PARTY KNEW WHAT THE EXPERT WAS GOING TO SAY
19        AND KNEW WHO THE EXPERT WAS.  I DARE SAY THAT MERCK KNEW THIS
20        EXPERT PROBABLY BEFORE THE PLAINTIFFS KNEW THE EXPERT IN THIS
21        PARTICULAR LITIGATION.
22                  I'M GOING TO ALLOW HIM TO TESTIFY, BUT I DON'T
23        SEE HIM TESTIFYING BY WAY OF SIMPLY THE ENTIRE DEPOSITION.  I
24        THINK THE RELEVANCE OF HIS TESTIMONY IS WHAT MERCK KNEW, WHEN
25        MERCK KNOW IT, WHAT THEY DID, AND WHAT THEY DIDN'T DO.  I'M NOT
page 12
1         INTERESTED IN WHAT HE THINKS THE STATE OF MIND OF MERCK IS.
2         I'M NOT INTERESTED IN WHAT HE SAID ON 60 MINUTES.  I'M NOT
3         INTERESTED IN WHAT HE SAID IN NEWSPAPER ARTICLES.  HE WROTE AN
4         ARTICLE.  I UNDERSTAND THAT HE TOLD MERCK ABOUT THE ARTICLE.
5         HE SENT IT TO THEM SOMETIMES FOR REVIEW, GOT RESPONSES BACK
6         FROM THEM.  HE SHOULD BE ABLE TO TESTIFY AS TO WHAT MERCK KNEW
7         AND WHEN THEY KNEW IT.
8                   LET ME ALSO SAY THAT THIS CASE INVOLVES THE
9         DEATH OF A PERSON WHO WAS TAKING VIOXX IN APRIL OF 2001.  I
10        DON'T SEE ANY RELEVANCE IN THIS CASE AS TO WHAT HAPPENED IN
11        2004 UNLESS IT'S USED FOR IMPEACHMENT, BUT WHAT HAPPENED AFTER
12        THE DEATH IS OF NO SIGNIFICANCE IN THIS PARTICULAR CASE.  IT
```

Annotations Report [vloxx 2]

```
13       MAY HAVE SIGNIFICANCE IN THE OVERALL PICTURE OF THE MDL, BUT
14       THAT'S A POTENTIAL, ALWAYS, PROBLEM WITH MDL WHEN YOU START
15       PEELING OFF CASES FOR TRIAL BECAUSE THE TRIAL OF THE CASE IS
16       WHAT'S AT ISSUE BEFORE THE JURY.  THE WHOLE MDL PROCEEDING IS
17       NOT AN ISSUE BEFORE THE JURY.  SO WHILE YOU CAN DISCOVER A LOT
18       IN THE MDL PROCEEDING, WHEN YOU GET DOWN TO THE TRIAL, IT HAS
19       TO BE SPECIFIC TO THE FACTS OF THAT PARTICULAR CASE.
20                I JUST DON'T SEE A LARGE PART OF THAT DEPOSITION
21       COMING INTO PLAY.  IT'S FILLED WITH COLLOQUY.  IT'S FILLED WITH
22       CONVERSATION BETWEEN COUNSEL.  IT'S FILLED WITH JABS BACK AND
23       FORTH.  THAT'S NOT REALLY APPROPRIATE FOR PRESENTATION INTO
24       EVIDENCE, SO THE DEPOSITION IS GOING TO HAVE TO BE STREAMLINED.
25       I'M GOING TO DIRECT THE PLAINTIFFS TO LOOK OVER THE DEPOSITION.
page 13
1        GIVE IT BACK TO ME BY TONIGHT.  GIVE IT TO THE DEFENDANTS,
2        ALSO, AND HAVE THE DEFENDANTS GIVE ME THEIR PORTIONS OR GIVE ME
3        ANY OBJECTIONS THAT THEY HAVE TO YOUR PORTION BY THE MORNING
4        AND I'LL LOOK IT OVER.  IF THIS WITNESS IS TO BE CALLED, HE IS
5        OBVIOUSLY GOING TO HAVE TO BE CALLED ON WEDNESDAY OR THURSDAY,
6        NOT TODAY OR TOMORROW OR THE FOLLOWING DAY, BECAUSE I'M NOT
7        GOING TO BE ABLE TO GET TO THE DEPOSITION.  I'LL DO THE BEST I
8        CAN AT NIGHT, BUT I'M NOT GOING TO BE ABLE TO DO IT BEFORE
9        THEN.
10                FROM THE DEFENDANT'S STANDPOINT IN THE
11       DEPOSITION, YOU HAVE A LITTLE MORE LEEWAY BECAUSE YOU ARE GOING
12       AFTER THIS PERSON FOR CREDIBILITY, SO SOME OF THE THINGS HE DID
13       OR SAID BEARS ON CREDIBILITY.  I UNDERSTAND THAT.  THE
14       PLAINTIFFS HAVE TO TAKE A LOOK AT IT AND TRIM IT DOWN TO THE
15       AREAS THAT I'M DEALING WITH.  ANYTHING FURTHER THAT I HAVEN'T
16       DEALT WITH?
```