## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In Re: Vioxx** | **MDL DOCKET NO. 1657** |
| **PRODUCTS LIABILITY LITIGATION** | |
| | Section L |
| THIS DOCUMENT RELATES TO: | |
| Case No. 2:06cv810 | |
| | Judge Fallon |
| CHARLES LARON MASON v. | Mag. Judge Knowles |
| MERCK & CO., INC. | |

---

## OPPOSITION OF PLAINTIFF CHARLES LARON MASON TO DEFENDANT'S MOTION TO EXCLUDE IMPROPER PERSONAL OPINIONS OF DAVID GRAHAM REGARDING THE FOOD AND DRUG ADMINISTRATION

### (Defendant's Motion in Limine No. 2)

---

**TO THE HONORABLE JUDGE ELDON FALLON:**

Plaintiff Charles Laron Mason, by and through his undersigned counsel, asks this court to deny Defendant Merck & Co., Inc.'s Motion to Exclude Improper Personal Opinions Of David Graham Regarding The Food And Drug Administration (FDA). In support thereof, Plaintiff would show as follows:

## I.
## INTRODUCTION

The Court has addressed this issue and previously denied Merck's request.[1] In every Vioxx trial, Merck has argued it should not be held liable for failing to warn plaintiffs' doctors because Vioxx's FDA approval for certain uses meant that the drug was safe and effective, and its labeling adequate.

---

[1] *See* Sept. 6, 2006 Order, *Smith v. Merck & Co., Inc.* (Rec. Doc. 6721).

1

The truth is that, like other governmental decisions, the decisions of the FDA approving or rejecting a drug should be excluded from this trial at least under Rule 403 because of the high likelihood of juror confusion between the FDA's balancing test of risks and benefits and the standard of care a jury must use in deciding the case. Moreover, the imprimatur implied by saying a drug is FDA approved is, as other agencies have recognized, too unfairly prejudicial to allow such evidence even to be admitted in a civil trial.

Plaintiff may seek to exclude such evidence in this trial, and has already moved to stop Merck's misuse it. In that regard, Plaintiff Mason has sought and will seek at trial a mandatory limiting instruction each time such approval is mentioned. To the extent it is admitted in the case at all, however, and the jury is permitted to draw inferences therefrom, Plaintiff Mason should be able to introduce evidence that would correct any misimpression Merck fosters and/or give the jury a complete picture of the FDA process. For these reasons, under FED. R. EVID. 106, the first time evidence is admitted regarding FDA approval, Plaintiff should be entitled to introduce *any* other deposition testimony or documents "which ought in fairness to be considered contemporaneously with it." Dr. Graham's testimony is exactly the kind of evidence envisioned when Rule 106 was drafted. Further, Dr. Graham testimony about his first hand experience with the FDA would be beneficial to the trier of fact. As such, it is admissible under Rule 701(a) and (b), or, to the extent it might be considered expert testimony, Rule 702.

Merck suggests that by obtaining FDA approval for Vioxx it met its standard of care as a matter of law, and that any evidence tending to show that FDA approval is not the gold-standard must be excluded. If Merck does not want the jury to hear evidence that FDA approval is not

---

[1] *See* Sept. 6, 2006 Order, *Smith v. Merck & Co., Inc.* (Rec. Doc. 6721).

evidence that it met the standard of care for a pharmaceutical company, it should not be allowed to repeatedly introduce testimony and evidence that Vioxx was repeatedly approved by the FDA for carious medical conditions.

## II.
## DISCUSSION

**A.    DR. GRAHAM'S TESTIMONY CONCERNING THE FDA'S WORKINGS IS UNQUESTIONABLY RELEVANT AND ADMISSIBLE UNDER RULES 701, 702 AND 106, TO THE EXTENT MERCK INJECTS FDA APPROVAL INTO THE CASE**

Plaintiff will introduce at trial the testimony of David Graham, M.D., the FDA's Associate Director for Science and Medicine, Office of Drug Safety, Center for Drug Evaluation and Research, U.S. Department of Health and Human Services.  Although Merck injects FDA approval into every case, Merck is quick to challenge the admissibility of Dr. Graham's testimony, which points out the flaws and limitations of such approval.

As Merck did in its Motion to Exclude Testimony of John L. Gueriguian, M.D., Merck attempts to exclude certain aspects of Dr. Graham's testimony by characterizing the testimony as "personal opinions." Dr. Graham's criticisms of the FDA and the regulatory process stem from his expertise and first hand experience as a representative of the FDA.  Those opinions are relevant to this case and would not confuse or mislead the jury.  As Merck points out, the Court has already ruled on this issue and has allowed this testimony to be heard by the juries.  The Court should allow Plaintiff to present this testimony as well.

In Merck's view, FDA regulatory processes approving and labeling Vioxx are highly relevant, but the criticisms by an FDA safety officer addressing the foundation of those regulatory processes are not.  If the FDA's processes are relevant at all, then the flaws in those processes are

3

equally relevant.  As an FDA employee, Dr. Graham speaks to both subjects with first-hand knowledge and proficiency from 20 years of experience. Under Rule 701(a) and (b), his rationally-based perceptions would be very helpful to the determination of the issue of a fact issue in the case: Merck's duty to warn and Vioxx's safety. As such, they are admissible.

Merck challenges several of Graham's deposition excerpts.  However, under Rule 701(a), Dr. Graham may testify to his perceptions which must be rationally-based.  As one court explained: "Lay opinion may be based on the witness' own perceptions."  *United States v. Polishan*, 336 F.3d 234, 242 (3d Cir. 2003). That is all Dr. Graham is testifying about in these instances.

In this regard, if and when Merck introduces documents or deposition testimony touting the FDA's approval of Vioxx in this case, which it has done in every trial this far, Plaintiff Mason should also be entitled to correct contemporaneously any attending misimpression that such approval is conclusive of the issue of the adequacy of Merck's disclosures regarding Vioxx's dangers, or that it means that there could be no dangers because the FDA found the drug "safe." Dr. Graham's testimony correcting such misimpressions would, therefore, be admissible under Rule 106 as well.[2]

## B.   MERCK'S SUGGESTION THAT ANY CRITICISM OF THE FDA IS PREEMPTED AND AUTOMATICALLY INADMISSIBLE IS UNFOUNDED

In its motion, Merck interprets *Buckman v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001), as holding that any testimony that may be interpreted as criticism of the FDA or its processes is

---

[2] Although the Fifth Circuit has not spoken on the issue, this may be true even if Dr. Graham's testimony is otherwise inadmissible. Following 21 C. Wright & K. Graham, Federal Practice and Procedure, §§ 5072, 5078 (1977 & Supp.1987), several courts have held that Rule 106 can fulfill its function adequately only if otherwise inadmissible evidence can be admitted under the rule. *See, e.g., United States v. Sutton*, 255 U.S. App. D.C. 307, 801 F.2d 1346, 1368-69 (D.C.Cir.1986); *see also United States v. LeFevour*, 798 F.2d 977, 981 (7th Cir.1986) (either otherwise inadmissible evidence becomes admissible or if inadmissible (perhaps because of privilege), then the misleading portion must be excluded as well). This analysis emphasizes the rule's provision that "any other portion" may be admitted, with the only stated limitation being that the other portion "in

preempted as a matter of law and absolutely inadmissible in a court of law.  No court in the land has

recognized and the FDA itself has never asserted such sweeping authority.  This Court should not be

the first.  In fact, this Court has repeatedly held that *Buckman* is "completely inapplicable to the issue

at hand."[3]

In truth, the Court's evidentiary ruling on Dr. Graham's testimony here has nothing to do

with preemption.  Regardless of whether information was concealed from the FDA, the issue that

usually implicates preemption analysis, Merck undertook to misrepresent the facts to ***plaintiff and/or***

***his physicians***, and to conceal ***from plaintiff and or his physicians*** facts it was bound to disclose.

Under those circumstances, there can be no preemption.  *See Caraker v. Sandoz Pharm. Corp.,* 172

F.Supp.2d 1018, 1033 (S.D. Ill. 2001); *Globetti v. Sandoz Pharm. Corp.,* 2001 WL 419160 (N.D.

Ala. 2001);  *Eve v. Sandoz Pharm. Corp.,* 2002 WL 181972 (S.D. Ind. 2002).

Instead, numerous courts have recognized that evidence of defendants' communications with

the FDA may be relevant and thus admissible in a lawsuit involving a state tort claim. For example,

in  *Bouchard v. Amer. Home Products Corp.,* 213 F.Supp.2d 802, 812 (N.D. Ohio 2002), the court

specifically stated:

> If, as Bouchard has stated, her claims are based on direct fraud against her and her
> healthcare provider, rather than the FDA, then her claims are not preempted [under
> *Buckman*], and evidence concerning what information was and was not provided to
> the FDA might still be relevant.

Consistent with this authority, this Court previously rejected Merck's preemption arguments

with regard to other witnesses testifying about similar subjects. *See In re Vioxx Products Liability*

*Litigation,* 401 F.Supp.2d 565, 587 (E.D.La. Nov. 18, 2005).   This Court should do the same here.

---

fairness ought to be admitted." FED. R. EVID. 106.

## III.
## CONCLUSION

For all of the reasons stated, Merck's Motion to Exclude Improper Personal Opinions Of

David Graham Regarding The Food And Drug Administration should be summarily denied.

Dated:  October 4, 2006

Respectfully submitted,

Edward Blizzard (TBN 02495000)
Scott Nabers (TBN 14769250)
Rebecca Briggs King (TBN 24027110)
Holly M. Wheeler (TBN: 24006035)
BLIZZARD, MCCARTHY & NABERS, L.L.P.
440 Louisiana, Suite 1710
Houston, Texas 77002
(713) 844-3750
(713) 844-3755 (fax)

**ATTORNEYS FOR PLAINTIFF**
**CHARLES LARON MASON**

---

[3] Nov. 18, 2005 Order & Reasons, *Plunkett v. Merck & Co., Inc.* at 33 (Rec. Do. 1516).

| | |
|---|---|
| Andy D. Birchfield, Esq.<br>P. O. Box 4160<br>234 Commerce Street<br>Montgomery, AL  36103-4160<br>PH:  (800) 898-2034<br>FAX:  (334) 954-7555 | Christopher Seeger, Esq.<br>One William Street<br>New York, NY  10004<br>PH:  (212) 584-0700<br>FAX:  (212) 584-0799 |
| Leonard Davis<br>Herman, Herman, Katz & Cotlar, LLP<br>820 O'Keefe Avenue<br>New Orleans, LA  70013<br>PH:  (504) 581-4892<br>FAX:  (504) 561-6024 | Russ M. Herman<br>Herman, Herman, Katz & Cotlar, LLP<br>820 O'Keefe Avenue<br>New Orleans, LA  70013<br>PH:  (504) 581-4892<br>FAX:  (504) 561-6024 |

**PLAINTIFFS' STEERING COMMITTEE**

7

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 4th day of October, 2006.

Holly M. Wheeler

8