Exhibit E - Vogeler Deposition Excerpts

• **Mason - Oppo MIL 1 (Limiting Instructions)**

[:] - [:]    8/30/2006   Vogeler, Douglas v.02 (Mason)

```
                              page
                                        UNITED STATES DISTRICT COURT
                                        EASTERN DISTRICT OF LOUISIANA
                              _____
                                                            )
                              IN RE:  VIOXX                 )   MDL DOCKET NO. 1657
                              PRODUCTS LIABILITY            )   SECTION L
                              LITIGATION                    )
                                                            )
                              This document relates to:     )   JUDGE FALLON
                              Case No. 2:06-CV-00810;       )   MAGISTRATE JUDGE KNOWLES
                              CHARLES LARON MASON v.        )
                              MERCK & CO., INC.,            )
                                                            )   DEPOSITION OF:
                                         Defendant.         )   DOUGLAS M. VOGELER, M.D.
                              _____)   VOLUME II
                                                   August 30, 2006
                                                      8:17 a.m.
                                              Alta View Women's Center
                                                9600 South 1300 East
                                                  Sandy, UT  84094
                                                   Sharon Morgan
                                          - Registered Professional Reporter -
                                              Certified Realtime Reporter
```

[264:7] - [265:13]    8/30/2006   Vogeler, Douglas v.02 (Mason)

```
page 264
 7      Q.   And I assume that you expect Nurse Olson to
 8   keep up with the medical literature in connection with
 9   medications --
10      A.   Yes.
11      Q.   -- so that she can make good prescribing
12   decisions with respect to her patients?
13           MR. NABERS:  Objection to the form.
14      A.   Yes.
15      Q.   (By Mr. Krumholz)  In fact, your office had
16   the very Medical Letter with the discussion of
17   cardiovascular safety of COX-2 inhibitors available
18   for her to review --
19      A.   Yes.
20      Q.   -- to the extent she chose to review it?
21      A.   Correct.
22      Q.   And you had discussions with her about that?
23           MR. NABERS:  Objection to the form.
24      A.   I don't know if I had discussions with her.
25   I know we did when the drug rep came for lunch and we
page 265
 1   talked about it.
 2      Q.   (By Mr. Krumholz)  We being Ms. Olson, the
 3   drug rep and you?
 4      A.   Yes.  At that time we would have discussions.
 5   I'm not sure if I had discussions with her
 6   individually before that.
 7      Q.   But you had discussions with Nurse Olson with
 8   or without a pharmaceutical rep about Exhibit 33 and
 9   the issue of cardiovascular safety and COX-2
10   inhibitors?
11      A.   Yes, as far as I know.
12      Q.   In late 2001, in that time frame?
13      A.   Yes.
```

**Exhibit E - Vogeler Deposition Excerpts**

• **Mason - Oppo MIL 1 (Limiting Instructions)**

[463:9] - [464:20]    8/30/2006   Vogeler, Douglas v.02 (Mason)

```
page 463
 9          Do you remember where plaintiff's counsel
10   talked to you about a supposed exclusion of three MI's
11   in connection with the VIGOR study?
12      A.   Yes.
13      Q.   He said or suggested that it went from a .4
14   to point --
15      A.   .5.
16      Q.   From a fourfold increase to a fivefold
17   increase?  Do you remember that?
18      A.   Yes.
19      Q.   The truth is is the data that's on page 3 of
20   that letter shows you that indeed that the MI rate was
21   close to fivefold in connection with VIGOR, true?
22      A.   Where are you referring to?
23      Q.   Referring to --
24      A.   Table 3?
25      Q.   -- to the Nonfatal MI's in Table 3.
page 464
 1      A.   18 versus four?
 2      Q.   So it was a four to fivefold increase
 3   according to the letter that was sent out by Merck and
 4   approved by the FDA in April of 2002, true?
 5      A.   Yes.
 6      Q.   Would that have changed your prescribing
 7   habits had you known that it -- if it went up by less
 8   than half a percent?
 9      A.   No.
10      Q.   The fact of the matter is you were told about
11   the increase and that it was statistically
12   significant, true?
13          MR. NABERS:  Objection to the form.
14      A.   Yes.
15      Q.   (By Mr. Krumholz)  And you understood that at
16   the time Mr. Mason was prescribed Vioxx?
17      A.   Yes.
18      Q.   And you expected Nurse Olson to be aware of
19   that?
20      A.   Yes.
```

[464:21] - [464:25]    8/30/2006   Vogeler, Douglas v.02 (Mason)

```
page 464
21      Q.   With all of the information that you now know
22   from your deposition and the exhibits you've reviewed,
23   you still think that Mr. Mason was an appropriate
24   candidate for Vioxx, true?
25      A.   Yes.
```

[470:1] - [470:24]    8/30/2006   Vogeler, Douglas v.02 (Mason)

```
page 470
 1               C E R T I F I C A T E
 2   STATE OF UTAH         )
                           :ss
 3   COUNTY OF SALT LAKE   )
 4          THIS IS TO CERTIFY that the deposition of
     DOUGLAS M. VOEGELER, M.D., the witness in the
 5   foregoing deposition named, was taken before me,
     Sharon Morgan, Certified Shorthand Reporter and Notary
 6   Public in and for the State of Utah, residing in Salt
     Lake City.
 7
             That the said witness was by me, before
 8   examination duly sworn to testify the truth, the whole
     truth, and nothing but the truth in said cause.
```

**Exhibit E - Vogeler Deposition Excerpts**

- **Mason - Oppo MIL 1 (Limiting Instructions)**

```
 9
            That the testimony of said witness was by me
10  reported in Stenotype, and thereafter caused to be
    transcribed into typewriting, and that a full, true,
11  and correct transcription of said testimony so taken
    and transcribed is set forth in the foregoing pages,
12  numbered from 332 to 469, inclusive, and said witness
    deposed and said as in the foregoing annexed
13  deposition.
14          I further certify that the original
    transcript of the same was delivered to Mr. Nabers,
15  the witness having waived reading and signing before a
    Notary Public.
16
            I further certify that I am not of kin or
17  otherwise associated with any of the parties to said
    cause of action, and that I am not interested in the
18  event thereof.
19          WITNESS MY HAND and official seal at Salt
    Lake City, Utah, this 31st day of August, 2006.
20
21
                             _____
22                           Sharon Morgan, CSR, RPR, CRR
23
    My Commission Expires:
24  6-16-2007
```