IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Vioxx<br>PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1657 |
| | Section L |
| THIS DOCUMENT RELATES TO:<br>Case No. 2:06cv810 | |
| | Judge Fallon |
| CHARLES LARON MASON v.<br>MERCK & CO., INC. | Mag. Judge Knowles |

**OPPOSITION OF PLAINTIFF CHARLES LARON MASON TO DEFENDANT'S MOTION TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING "ALL CAUSE" MORTALITY DATA FROM ALZHEIMER'S DISEASE CLINICAL TRIALS**

(Defendant's Motion in Limine No. 5)

**TO THE HONORABLE JUDGE ELDON FALLON:**

Plaintiff Charles Laron Mason, by and through his undersigned counsel, asks this Court to deny Defendant, Merck & Co., Inc.'s Motion To Exclude Evidence Or Argument Regarding "All Cause" Mortality Data From Alzheimer's Disease Clinical Trials.

**I.
INTRODUCTION**

For the same reason the Court has admitted evidence and allowed testimony regarding adverse event reports ("AERs"), including data reported by clinical investigators, the Court should allow testimony and evidence regarding the mortality data from the Alzheimer's clinical trials. To the extent Merck complains about testimony from Dr. Lemuel Moyé, Plaintiff will not be calling Dr. Moyé as an expert at trial in this matter. With respect to Dr. Avorn, however, the Court has already ruled on this issue when it previously denied Merck's Motions to Exclude the

1

Testimony of Jerry Avorn, M.D. in *Barnett v. Merck & Co., Inc.*[1] In *Smith v. Merck & Co., Inc.* the Court denied the same motion as moot after overruling virtually every one of Merck's *Daubert*-related objections to Dr. Avorn's deposition testimony.[2] Plaintiff incorporates Opposition of Plaintiff Charles Laron Mason to Defendant's Motion to Exclude Testimony of Jerry Avorn, M. D. herein by reference.

## II.
## DISCUSSION

### A.  EVIDENCE OF MORTALITY DATA IS RELEVANT.

The Alzheimer's disease clinical trial data related to mortality is highly relevant to issues of notice, a duty to investigate, a duty to warn, and the unreasonableness of Merck's conduct in marketing and selling the drug. Dr. Avorn uses Merck's own statistical analyses of the mortality seen in its Alzheimer's studies to demonstrate that Merck knew of serious problems with Vioxx and did not communicate it.[3]

Under Fed.R.Evid. 401, "evidence of similar occurrences 'might be relevant to the defendant's notice, magnitude of the danger involved, the defendant's ability to correct a known defect, the lack of safety for intended uses, [or] the standard of care, and causation.'" *Ramos v. Liberty Mut. Ins. Co.*, 615 F.2d 334, 338-39 (5th Cir. 1980), *cert. denied*, 449 U.S. 1112 (1981)). To the extent Dr. Avorn relied on the mortality data, Merck had ample opportunity to cross examine him on the issue, and will have further opportunity to counter this evidence and explain dissimilarities at trial.

---

[1] Order, *Barnett v. Merck & Co., Inc.* (Rec. Doc. 5979).
[2] Orders, *Smith v. Merck & Co., Inc.* (Rec. Docs. 6764, 6760).
[3] *See* Opposition Of Plaintiff Charles Laron Mason To Defendant's Motion To Exclude Testimony Of Jerry Avorn, M. D. at 24-25.

**B.     EVIDENCE OF MORTALITY DATA IS MORE PROBATIVE THAN PREJUDICIAL.**

Given the fact that the mortality data stemmed from clinical trials involving Vioxx, the jury is entitled to consider whether this data provided further notice to Merck of the cardiovascular risks associated with Vioxx use. Merck's only argument that the mortality data is unfairly prejudicial is that such evidence "is calculated to appeal to juries' sympathies." This argument is without merit. All data from Vioxx clinical trials, including the number of myocardial infarctions and strokes, are likely to invoke the sympathy of the jury. This, however, does not provide grounds for the exclusion of such evidence. The mortality data is essential to provide the jury with an overall picture of what Merck knew about the risks shown to be associated with Vioxx. The Court has held time and time again that such information is relevant to what Merck knew. Therefore, the probative value of such evidence far outweighs any unfair prejudice. *See Bendi v. McNeil-P.P.C., Inc.*, 6 F.3d 1378, 1385 (4th Cir. 1995)(explaining how the probative value of these reports was not outweighed by the danger of unfair prejudice, because the reports were highly probative on the issue of notice and defendant was free to offer testimony rebutting their significance).

## III.
## CONCLUSION

For the foregoing reasons, Merck's Motion To Exclude Evidence Or Argument Regarding "All Cause" Mortality Data From Alzheimer's Disease Clinical Trials should be denied.

Dated:  October 4, 2006                                  Respectfully submitted,

*/s/ H. Wheeler/*

Edward Blizzard (TBN 02495000)
Scott Nabers (TBN 14769250)
Rebecca Briggs King (TBN 24027110)
Holly M. Wheeler (TBN: 24006035)
BLIZZARD, MCCARTHY & NABERS, L.L.P.
440 Louisiana, Suite 1710
Houston, Texas 77002
(713) 844-3750
(713) 844-3755 (fax)

**ATTORNEYS FOR PLAINTIFF
CHARLES LARON MASON**

| | |
|---|---|
| Andy D. Birchfield, Esq.<br>P. O. Box 4160<br>234 Commerce Street<br>Montgomery, AL  36103-4160<br>PH:  (800) 898-2034<br>FAX:  (334) 954-7555 | Christopher Seeger, Esq.<br>One William Street<br>New York, NY  10004<br>PH:  (212) 584-0700<br>FAX:  (212) 584-0799 |
| Leonard Davis<br>Herman, Herman, Katz & Cotlar, LLP<br>820 O'Keefe Avenue<br>New Orleans, LA  70013<br>PH:  (504) 581-4892<br>FAX:  (504) 561-6024 | Russ M. Herman<br>Herman, Herman, Katz & Cotlar, LLP<br>820 O'Keefe Avenue<br>New Orleans, LA  70013<br>PH:  (504) 581-4892<br>FAX:  (504) 561-6024 |

**PLAINTIFFS' STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Opposition has been served on Liaison Counsel Russ Herman and Phillip Wittmann, Shayna S. Cook and Richard Krumholz by U.S. Mail, facsimile and/or e-mail; and e-mail upon all parties by electronically uploading the same to Lexis-Nexis File and Serve Advanced, in accordance with Pretrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of the Court of the Untied States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 4th day of October, 2006.

/s/ H. Wheeler
Holly M. Wheeler