UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | * * * | MDL No. 1657 |
| | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |
| | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Dianna Olsen v. Merck & Co., Inc.*, Case No. 06-5840.

<u>**ANSWER OF DEFENDANT MERCK & CO., INC.**</u>

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel,

answers the Plaintiff's Complaint for Damages, Request for Jury Trial ("Complaint") as follows:

<u>**RESPONSE TO COMPLAINT**</u>

**RESPONSE TO
"I.  PARTIES"**

1.      Merck lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations not directed toward Merck in paragraph 1 of the Complaint and

denies each and every allegation directed towards Merck in paragraph 1 of the Complaint, except

admits that Vioxx® ("Vioxx") is the brand name for rofecoxib.

2.      Denies each and every allegation contained in paragraph 2 of the

Complaint, except admits that Merck, a New Jersey corporation with its principal place of

business at One Merck Drive, Whitehouse Station, New Jersey, is authorized to do business in Idaho.  Merck further admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

### RESPONSE TO
### "II.  INTRODUCTION"

3.      Denies each and every allegation contained in paragraph 3 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx, which is the brand name for rofecoxib, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further avers that Vioxx was approved by the U.S. Food & Drug Administration ("FDA") as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

4.      Denies each and every allegation contained in paragraph 4 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

5.      Denies each and every allegation contained in paragraph 5 of the Complaint, except admits that Merck has estimated that there were approximately 105 million prescriptions for Vioxx written in the United States from May 1999 through August 2004 and

that, based on this estimate, Merck has estimated that the number of patients who have taken Vioxx in the United States since May 1999 is approximately 20 million.  Merck avers that these figures are approximate numbers based on information received from various sources outside of Merck.

**RESPONSE TO**
**"III.  JURISDICTIONAL STATEMENT"**

6.     The allegations contained in paragraph 6 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the first and second sentences of paragraph 6 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, and denies each and every allegation contained in the third and fourth sentences of paragraph 6 of the Complaint, except admits that Plaintiff purports to state a claim in excess of the jurisdictional limits of this Court but denies that there is any legal or factual basis for such relief, and that Merck is authorized to do business in Idaho.

7.     The allegations contained in paragraph 7 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 7 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck is authorized to do business in Idaho.

8.     Denies each and every allegation contained in paragraph 8 of the Complaint, except admits that Merck is authorized to do business in Idaho.

## RESPONSE TO
## "IV.  FACTUAL ALLEGATIONS"

9.      Denies each and every allegation contained in paragraph 9 of the Complaint, except admits that Merck has employees, agents, and representatives.

10.      Denies each and every allegation contained in paragraph 10 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

11.      Denies each and every allegation contained in paragraph 11 of the Complaint, except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health, and that it manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

12.      Denies each and every allegation contained in paragraph 12 of the Complaint, except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health, and that it manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

13.      Denies each and every allegation contained in paragraph 13 of the Complaint, except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

4

Merck further admits that it manufactured, marketed and distributed the prescription medicine Vioxx, which is the brand name for rofecoxib, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

14.     Denies each and every allegation contained in paragraph 14 of the Complaint.

15.     Denies each and every allegation set forth in paragraph 15 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Vioxx, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

16.     Denies each and every allegation contained in paragraph 16 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

17.     Denies each and every allegation contained in paragraph 17 of the Complaint.

18.     Denies each and every allegation contained in paragraph 18 of the Complaint.

**RESPONSE TO "A.  VIOXX IS A NON-STEROIDAL ANTI-INFLAMMATORY DRUG ('NSAID') THAT SELECTIVELY BLOCKS THE PRODUCTION OF CYCLOOXYGENASE-2 ('COX-2')."**

19.     Denies each and every allegation contained in paragraph 19 of the Complaint, except admits that the mechanism of action for Vioxx, which reduces pain and

5

inflammation, is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").  Merck further admits that that Vioxx is the brand name for rofecoxib.

20.     Denies each and every allegation contained in paragraph 20 of the Complaint, except admits that Vioxx is part of a class of drugs known as known as non-steroidal anti-inflammatory drugs ("NSAIDs") and that the mechanism of action for Vioxx, which reduces pain and inflammation, is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint, except admits that non-selective NSAIDs such as naproxen are believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

22.     Denies each and every allegation contained in paragraph 22 of the Complaint, including its subparts a and b.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint, including its subparts a and b, except admits that employees of Merck Frosst Canada & Co., a company organized under law in Canada, performed research and development work related to Vioxx in Canada.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint, except admits that in 1992 Merck became aware of research and development work related to selective COX-2 inhibitors. Merck further avers that employees of Merck Frosst Canada & Co., a company organized under law in Canada, performed research and development work related to Vioxx in Canada.

6

25.     Denies each and every allegation contained in paragraph 25 of the Complaint, except admits that in December 1994 Merck submitted an IND Application for Vioxx and respectfully refers the Court to the referenced IND for its actual language and full text.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint, except admits that Vioxx is a selective COX-2 inhibitor and that the mechanism of action of Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint, except admits that Merck marketed Vioxx from May 1999 to September 2004 and that Vioxx was one of Merck's top-selling drugs during that time.

28.     Denies each and every allegation contained in paragraph 73 of the Complaint, except admits that Vioxx worldwide sales in 2003 exceeded $2 billion.

29.     Denies each and every allegation contained in paragraph 29 of the Complaint.

30.     Denies each and every allegation contained in paragraph 30 of the Complaint.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint, except admits that Vioxx, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

### RESPONSE TO "B.  MERCK KNEW OF VIOXX'S CARDIOTOXIC AND PRO-THROMBOTIC EFFECTS BEFORE IT WAS APPROVED AND MARKETED"

### RESPONSE TO "1.  MERCK'S KNOWLEDGE DATES FROM AT LEAST NOVEMBER 1996"

32.     Denies each and every allegation contained in paragraph 32 of the Complaint, except avers that it is believed that the inhibition of cyclooxygenase-1 ("COX-1") has been associated with gastric damage and increased bleeding among patients taking non-selective NSAIDs.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint, except admits that Merck scientists have participated in studies involving Vioxx and respectfully refers the Court to the referenced studies for their actual conclusions and full text.

34.     Denies each and every allegation contained in paragraph 34 of the Complaint, except admits that Plaintiff purports to quote portions of a document but avers that the quoted language is taken out of context, and respectfully refers the Court to the referenced document for its actual language and full text.

35.     Denies each and every allegation contained in paragraph 35 of the Complaint, except admits that Plaintiff purports to quote portions of a document but avers that the quoted language is taken out of context, and respectfully refers the Court to the referenced document for its actual language and full text.

36.     Denies each and every allegation contained in paragraph 36 of the Complaint, except admits that Merck scientists have participated in studies involving Vioxx and respectfully refers the Court to the referenced study for its actual conclusions and full text.

37.     Denies each and every allegation contained in paragraph 37 of the Complaint, except admits that in 1998, the Board of Scientific Advisors recommended that data

be collected on cardiovascular events in Vioxx clinical trials in a systematic manner. Merck avers that Plaintiff purports to quote from a document but avers that any quoted language is taken out of context and respectfully refers the Court to the referenced document for its actual language and full text.

38.     Denies each and every allegation in paragraph 38 of the Complaint, except admits that on November 23, 1998 Merck submitted a New Drug Application ("NDA") for Vioxx 12.5 mg and Vioxx 25 mg tablets and respectfully refers the Court to said NDA for its actual language and full text.

39.     Denies each and every allegation in paragraph 39 of the Complaint, except admits that on November 23, 1998 Merck submitted a NDA for Vioxx Oral Suspension and respectfully refers the Court to said NDA for its actual language and full text.

40.     Denies each and every allegation in paragraph 40 of the Complaint, except admits that in May 1999 Merck received FDA approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to said prescribing information for its actual language and full text.

41.     Denies each and every allegation contained in paragraph 41 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

43.     Denies each and every allegation contained in paragraph 43 of the Complaint, except admits that in March 2000 Merck forwarded to the FDA the Vioxx Gastrointestinal Outcomes Research ("VIGOR") study and subsequently, in June 2000, filed a supplemental New Drug Application ("sNDA") that included the VIGOR study.   Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.

44.     Denies each and every allegation contained in paragraph 44 of the Complaint, except admits that the VIGOR study exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

**RESPONSE TO
"2.  THE VIGOR STUDY SHOWED SIGNIFICANT
INCREASES IN CARDIOVASCULAR EVENTS OCCURRING
IN PATIENTS TAKING VIOXX AS OPPOSED TO NAPROXEN."**

45.     Denies each and every allegation contained in paragraph 45 of the Complaint.

46.     Denies each and every allegation contained in paragraph 46 of the Complaint.

47.     Denies each and every allegation contained in paragraph 47 of the Complaint, except admits that the VIGOR study exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

48.     Denies each and every allegation contained in paragraph 48 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text. Merck further admits that it provided preliminary results of the VIGOR study to the FDA in March 2000.

49.     Denies each and every allegation contained in paragraph 49 of the Complaint, except admits that Plaintiffs purport to quote portions of statements but avers that

said statements are taken out of context and respectfully refers the Court to the referenced statements for their actual language and full text.

50.     Denies each and every allegation contained in paragraph 50 of the Complaint.

51.     Denies each and every allegation contained in paragraph 51 of the Complaint, except admits that in March 2000, Merck received an email purporting to describe Patrono's opinion about the VIGOR study and respectfully refers the Court to the referenced email for its actual text.

52.     Denies each and every allegation contained in paragraph 52 of the Complaint.

53.     Denies each and every allegation contained in paragraph 53 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

54.     Denies each and every allegation contained in paragraph 54 of the Complaint.

55.     Denies each and every allegation contained in paragraph 55 of the Complaint, except admits that the referenced studies exist and respectfully refers the Court to said studies for their actual conclusions and full context.  Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

56.     Denies each and every allegation contained in paragraph 56 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

57.    Denies each and every allegation contained in paragraph 57 of the Complaint, except avers that, on May 22, 2001, Merck issued a press release related to Vioxx and respectfully refers the Court to the referenced press release for its actual language and full text.

58.    Denies each and every allegation contained in paragraph 58 of the Complaint, except admits that in September 2001 Merck received a letter from Thomas W. Abrams of DDMAC and respectfully refers the Court to that letter for its actual language and full text.

59.    Denies each and every allegation set forth in paragraph 59 of the Complaint, except admits that the referenced publication and the article contained therein exist and respectfully refers the Court to the referenced document for its actual language and full text.

60.    Denies each and every allegation contained in paragraph 60 of the Complaint, except admits that the referenced studies exist and respectfully refers the Court to said studies for their actual language and full context.

61.    Denies each and every allegation contained in paragraph 61 of the Complaint, except admits that the referenced article and press release exist and respectfully refers the Court to the referenced documents for their actual language and full text.

62.    Denies each and every allegation contained in paragraph 62 of the Complaint, except admits that the referenced article and press release exist and respectfully refers the Court to the referenced documents for their actual language and full text.

63.    Denies each and every allegation contained in paragraph 63 of the Complaint, except admits that in April 2002 the FDA approved Vioxx as safe and effective for use as recommended in the FDA-approved prescribing information for, among other indicated

uses, the treatment of the signs and symptoms of rheumatoid arthritis in adults.  Merck further avers that it has been reported in the medical literature that rheumatoid arthritis affects millions of Americans.

**RESPONSE TO "C.  MERCK PURSUED
AN AGGRESSIVE AND MISLEADING MARKETING CAMPAIGN."**

64.     Denies each and every allegation contained in paragraph 64 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

65.     Denies each and every allegation contained in paragraph 65 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

66.     Denies each and every allegation contained in paragraph 66 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

67.     Denies each and every allegation contained in paragraph 67 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

68.     Denies each and every allegation contained in paragraph 68 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

69.     Denies each and every allegation contained in paragraph 69 of the Complaint, except admits that the referenced advertisement exists and that Plaintiff purports to quote a portion of said advertisement and respectfully refers the Court to said advertisement for its actual language and full text.  Merck further admits that Dorothy Hamill was featured in ad campaigns for Vioxx.

70.     Denies each and every allegation contained in paragraph 70 of the Complaint, except admits that the referenced advertisement exists and that Plaintiff purports to quote a portion of said advertisement and respectfully refers the Court to said advertisement for its actual language and full text.  Merck further admits that Dorothy Hamill was featured in ad campaigns for Vioxx.

71.     Denies each and every allegation contained in paragraph 71 of the Complaint, except admits that the referenced advertisements exist and respectfully refers the Court to said advertisements for their actual language and full text.

72.     Denies each and every allegation contained in paragraph 72 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.  Merck further avers that Vioxx has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen, which is a non-selective NSAID.

73.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 73 of the Complaint,

and denies each and every allegation directed towards Merck in paragraph 73 of the Complaint, except admits that Vioxx was prescribed to millions of patients by health care providers.

74.     Denies each and every allegation contained in paragraph 74 of the Complaint, except admits that 2003 Vioxx worldwide sales figures exceeded $2 billion.

75.     Denies each and every allegation contained in paragraph 75 of the Complaint.

76.     Denies each and every allegation contained in paragraph 76 of the Complaint.

77.     Denies each and every allegation contained in paragraph 77 of the Complaint.

78.     Denies each and every allegation contained in paragraph 78 of the Complaint, including its subparts a through c.

**RESPONSE TO
"1.  THE FDA ISSUED A WARNING LETTER ON
SEPTEMBER 17, 2001, INDICATING THAT MERCK HAD
ENGAGED IN 'FALSE OR MISLEADING' PROMOTION OF VIOXX."**

79.     Denies each and every allegation contained in contained in paragraph 79 of the Complaint, except admits that Merck received a letter dated December 16, 1999 from Spencer Salis of DDMAC and respectfully refers the Court to the referenced letter for its actual language and full text.

80.     Denies each and every allegation contained in paragraph 80 of the Complaint, except admits that Merck received a letter in September 2001 from Thomas W. Abrams of DDMAC and respectfully refers the Court to that letter for its actual language and full text.

81.    Denies each and every allegation contained in paragraph 81 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

82.    Denies each and every allegation contained in paragraph 82 of the Complaint, including its subparts a through i, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

83.    Denies each and every allegation in paragraph 83 of the Complaint, except admits that, in April 2002, the FDA approved certain changes to the Vioxx prescribing information, a so-called "Dear Doctor" letter and a Patient Information sheet, and respectfully refers the Court to the referenced prescribing information for Vioxx, "Dear Doctor" letter and Patient Information sheet for their actual language and full text.

84.    Denies each and every allegation contained in paragraph 84 of the Complaint and respectfully refers the Court to the referenced prescribing information for Vioxx for its actual language and full text.

85.    Denies each and every allegation contained in paragraph 85 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and a so-called "Dear Doctor" letter, and respectfully refers the Court to the referenced prescribing information for Vioxx and "Dear Doctor" letter for their actual language and full text.

86.    Merck denies each and every allegation set forth in paragraph 86 of the Complaint, except admits that in April 2002 the FDA approved a Patient Information sheet and

respectfully refers the Court to the referenced Patient Information sheet for its actual language and full text.

87.   Denies each and every allegation contained in paragraph 87 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

88.   Denies each and every allegation contained in paragraph 88 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

89.   Denies each and every allegation contained in paragraph 89 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Plaintiff purports to quote from Merck's 2001 Annual Report and respectfully refers the Court to said publication for its actual language and full text.

90.   Denies each and every allegation contained in paragraph 90 of the Complaint, except admits that the referenced 8-K filing exists and respectfully refers the Court to said filing for its actual language and full text.

91.   Denies each and every allegation contained in paragraph 91 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

92.     Denies each and every allegation contained in paragraph 92 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

93.     Denies each and every allegation contained in paragraph 93 of the Complaint.

94.     Denies each and every allegation contained in paragraph 94 of the Complaint.

95.     Denies each and every allegation contained in paragraph 95 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further avers that the FDA approved Vioxx as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

96.     The allegations contained in paragraph 96 of the Complaint are legal conclusions to which no responsive pleadings are required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 96 of the Complaint.

97.     Denies each and every allegation contained in paragraph 97 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

98.     Denies each and every allegation contained in paragraph 98 of the Complaint, except admits that 2000 worldwide Vioxx sales figures exceeded $2 billion.  Merck

further admits that Plaintiffs purport to seek exemplary damages, but denies that there is any legal or factual basis for such relief.

**RESPONSE TO**
**"D.  ADVERSE EVENTS CONTINUED TO OCCUR BECAUSE OF**
**VIOXX USE, AND MERCK CONTINUED TO DENY VIOXX'S DANGERS."**

99.   Denies each and every allegation contained in paragraph 99 of the Complaint, except admits that the referenced system for adverse event reporting exists, although the reports on the system are not necessarily accurate.  Merck further avers that adverse events are reported without regard to causality and do not reflect a conclusion by the reporter of the adverse event or the Food and Drug Administration that the event was caused by the drug.

100.   Denies each and every allegation contained in paragraph 100 of the Complaint, except admits that the referenced Wall Street Journal article exists and respectfully refers the Court to said article for its actual language and full text.

101.   Denies each and every allegation contained in paragraph 1301 of the Complaint, except admits that the results of the referenced study were never published and avers that Merck had no duty to publish such results.

102.   Denies each and every allegation contained in paragraph 102 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

103.   Denies each and every allegation contained in paragraph 103 of the Complaint.

104.   Denies each and every allegation contained in paragraph 104 of the Complaint, except admits that the referenced article exists and that Plaintiff purports to quote a

portion of said article, and respectfully refers the Court to the referenced article for its actual language and full text.

**RESPONSE TO**
**"E.  MERCK FINALLY WITHDREW VIOXX FROM THE MARKET**
**IN RESPONSE TO PRELIMINARY RESULTS FROM ITS APPROVE STUDY."**

105.    Denies each and every allegation contained in paragraph 105 of the Complaint, except admits that in November 1999 Merck submitted an IND relating to Vioxx to the Division of Oncology Drug Products ("DODP") and respectfully refers the Court to said IND for its actual language and full text.

106.    Denies each and every allegation contained in paragraph 106 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to said study for its actual conclusions and full text.

107.    Denies each and every allegation contained in paragraph 107 of the Complaint.

108.    Denies each and every allegation contained in paragraph 108 of the Complaint, except admits that Plaintiff purports to quote portions of a document but avers that said language is taken out of context and respectfully refers the Court to the referenced document for its actual language and full text.  Merck further avers that the referenced trial was halted in September 2004.

109.    Denies each and every allegation contained in paragraph 109 of the Complaint, except admits that on September 27, 2004 Merck contacted the FDA and advised the FDA that the APPROVe clinical trial had been halted.

110.   Denies each and every allegation contained in paragraph 110 of the Complaint, except admits that on September 28, 2004 Merck informed FDA officials of Merck's decision to voluntarily withdraw Vioxx from the worldwide market.

111.   Denies each and every allegation contained in paragraph 111 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to that study for its actual conclusions and full text.  Merck further admits that, on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interests of patients.

112.   Denies each and every allegation contained in paragraph 112 of the Complaint, except admits that the APPROVe study exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

113.   Merck denies each and every allegation contained in paragraph 113 of the Complaint, except admits that the APPROVe study exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

114.   Denies each and every allegation contained in paragraph 114 of the Complaint, except admits that the APPROVe study exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

115.   Merck denies each and every allegation contained in paragraph 115 of the Complaint, except admits that the APPROVe study exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

116.    Denies each and every allegation contained in paragraph 116 of the Complaint and respectfully refers the Court to the referenced article for its actual language and full text.

117.    Denies each and every allegation contained in paragraph 117 of the Complaint.

118.    Denies each and every allegation contained in paragraph 118 of the Complaint and respectfully refers the Court to the referenced article for its actual language and full text.

119.    The allegations contained in paragraph 119 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 119 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

120.    Admits the allegations contained in paragraph 120 of the Complaint that Merck participated in FDA Arthritis Drug Advisory Committee hearings in February 2005.

121.    Denies each and every allegation contained in paragraph 121 of the Complaint and respectfully refers the Court to the minutes produced at the referenced hearings for their actual language and full text.

**RESPONSE TO**
**"CLAIMS FOR RELIEF"**
**"FIRST CLAIM FOR RELIEF:  NEGLIGENCE"**

122.    With respect to the allegations contained in paragraph 122 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect set forth here in full.

123.    Denies each and every allegation contained in paragraph 123 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx, which is the brand name for rofecoxib, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

124.    Denies each and every allegation contained in paragraph 124 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

125.    Denies each and every allegation contained in paragraph 125 of the Complaint.

126.    The allegations contained in paragraph 126 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law in the manufacture, sale and design of Vioxx.

127.    Denies each and every allegation contained in paragraph 127 of the Complaint, including its subparts a through n and their sub-subparts, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the

Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

128.    Denies each and every allegation contained in paragraph 128 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

129.    Denies each and every allegation contained in paragraph 129 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

130.    Denies each and every allegation contained in the first and third sentences of paragraph 130 of the Complaint.  The allegations contained in the second sentence of paragraph 130 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

131.    Denies each and every allegation contained in paragraph 131 of the Complaint.

**RESPONSE TO**
**"SECOND CLAIM FOR RELIEF:  NEGLIGENCE PER SE"**

132.    With respect to the allegations contained in paragraph 132 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect set forth here in full.

133.    The allegations contained in paragraph 133 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law in the manufacture, sale and design of Vioxx.

134.    The allegations contained in paragraph 134 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 134 of the Complaint.

135.    The allegations contained in paragraph 135 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 135 of the Complaint, as it is without information or knowledge sufficient to justify a belief in the truth or falsity therein.

136.    The allegations contained in paragraph 136 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 136 of the Complaint.

137.    The allegations contained in paragraph 137 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 137 of the Complaint, including its subparts (a) through (e), and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

138.    Denies each and every allegation contained in paragraph 138 of the Complaint.

## RESPONSE TO "THIRD CLAIM FOR RELIEF:
## STRICT PRODUCTS LIABILITY (DESIGN DEFECT)"

139.     With respect to the allegations contained in paragraph 139 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect set forth here in full.

140.     Denies each and every allegation contained in paragraph 140 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

141.     Denies each and every allegation contained in paragraph 141 of the Complaint.

142.     Denies each and every allegation contained in paragraph 142 of the Complaint.

143.     Denies each and every allegation contained in paragraph 143 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

144.     The allegations contained in paragraph 144 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 144 of the Complaint.

145.     The allegations contained in paragraph 145 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 145 of the Complaint, and

denies each and every allegation directed towards Merck in paragraph 145 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

146.    Denies each and every allegation contained in paragraph 146 of the Complaint.

**RESPONSE TO "FOURTH CLAIM FOR RELIEF:**
**STRICT PRODUCTS LIABILITY (FAILURE TO WARN)"**

147.    With respect to the allegations contained in paragraph 147 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect set forth here in full.

148.    Denies each and every allegation contained in paragraph 148 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

149.    Denies each and every allegation contained in paragraph 149 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

150.    Denies each and every allegation contained in paragraph 150 of the Complaint.

151.    Denies each and every allegation contained in paragraph 151 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

152.    Denies each and every allegation contained in paragraph 152 of the Complaint and further repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 122 through 131 of this Answer with the same force and effect set forth here in full.

153.    Denies each and every allegation contained in paragraph 153 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

154.    Denies each and every allegation contained in paragraph 154 of the Complaint.

### RESPONSE TO "FIFTH CLAIM FOR RELIEF: NEGLIGENCE FAILURE TO WARN"

155.    With respect to the allegations contained in paragraph 155 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect set forth here in full.

156.    The allegations contained in paragraph 156 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 156 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine

Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further denies that it violated any applicable law in the manufacture, sale and design of Vioxx.

157.    Denies each and every allegation contained in paragraph 157 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

158.    Denies each and every allegation contained in paragraph 158 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

159.    Denies each and every allegation contained in paragraph 159 of the Complaint.

160.    Denies each and every allegation contained in paragraph 160 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

161.    Denies each and every allegation contained in paragraph 161 of the Complaint.

**RESPONSE TO "SIXTH CLAIM FOR RELIEF:**
**BREACH OF IMPLIED WARRANTY"**

162.    With respect to the allegations contained in paragraph 162 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect set forth here in full.

163.     Denies each and every allegation contained in paragraph 163 of the Complaint, as it is without information or knowledge sufficient to justify a belief in the truth or falsity therein, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

164.     Denies each and every allegation contained in paragraph 164 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

165.     The allegations contained in paragraph 165 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 165 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

166.     Denies each and every allegation contained in paragraph 166 of the Complaint.

167.     Denies each and every allegation contained in paragraph 167 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

168.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 168 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 168 of the Complaint.

169.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 169 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 169 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

170.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 170 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 170 of the Complaint.

171.    Denies each and every allegation contained in paragraph 171 of the Complaint, including its subparts (a) through (c), except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

172.    The allegations contained in paragraph 172 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 172 of the Complaint.

173.    Denies each and every allegation contained in paragraph 173 of the Complaint.

174.    Denies each and every allegation contained in paragraph 174 of the Complaint.

## RESPONSE TO "SEVENTH CLAIM FOR RELIEF:
## BREACH OF EXPRESS WARRANTY"

175.    With respect to the allegations contained in paragraph 175 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect set forth here in full.

176.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 176 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 176 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

177.    Denies each and every allegation contained in paragraph 177 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

178.    Denies each and every allegation contained in paragraph 178 of the Complaint.

179.    Denies each and every allegation contained in paragraph 179 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

180.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 180 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 180 of the Complaint.

181.    Denies each and every allegation contained in paragraph 181 of the Complaint.

182.    Denies each and every allegation contained in paragraph 182 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

183.    Denies each and every allegation contained in paragraph 183 of the Complaint, including its subparts (a) and (b), except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

184.    Denies each and every allegation contained in paragraph 184 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

185.    Denies each and every allegation contained in paragraph 185 of the Complaint, except admits that Merck has drafted documents and made statements related to the prescription medicine Vioxx.

186.    Denies each and every allegation contained in paragraph 186 of the Complaint and avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

187.    Denies each and every allegation contained in paragraph 187 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

188.    Denies each and every allegation contained in paragraph 188 of the Complaint, including its subparts (a) through (c), except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

189.    The allegations contained in paragraph 189 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 189 of the Complaint.

190.    Denies each and every allegation contained in paragraph 190 of the Complaint.

## RESPONSE TO "EIGHTH CLAIM FOR RELIEF:
## VIOLATION OF UNFAIR TRADE PRACTICE/CONSUMER PROTECTION LAWS"

191.    With respect to the allegations contained in paragraph 191 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect set forth here in full.

192.    Denies each and every allegation contained in paragraph 192 of the Complaint, except admits that Vioxx, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

193.    Denies each and every allegation contained in paragraph 193 of the Complaint.

194.    Denies each and every allegation contained in paragraph 194 of the Complaint.

195.    Denies each and every allegation contained in paragraph 195 of the Complaint.

196.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 196 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 196 of the Complaint.

197.    The allegations contained in paragraph 197 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 197 of the Complaint.

198.    Denies each and every allegation contained in paragraph 198 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

199.    Denies each and every allegation contained in paragraph 199 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

200.    Denies each and every allegation contained in paragraph 200 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

201.    The allegations contained in paragraph 201 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 201 of the Complaint, and further denies that it violated any applicable law, duty or standard of care in connection with Vioxx.

202.    Denies each and every allegation contained in paragraph 202 of the Complaint.

203.    The allegations contained in paragraph 203 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 203 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

204.    Denies each and every allegation contained in paragraph 204 of the Complaint.

205.    Denies each and every allegation contained in paragraph 205 of the Complaint.

206.    The allegations contained in paragraph 206 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 206 of the Complaint.

207.    Denies each and every allegation contained in paragraph 207 of the Complaint.

**RESPONSE TO "NINTH CLAIM FOR RELIEF:<br>MISREPRESENTATION, FRAUD AND DECEIT BY CONCEALMENT"**

208.    With respect to the allegations contained in paragraph 208 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect set forth here in full.

209.    Denies each and every allegation contained in paragraph 209 of the Complaint and avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

210.    Denies each and every allegation contained in paragraph 210 of the Complaint, including its subparts a through e.

211.    Denies each and every allegation contained in paragraph 211 of the Complaint.

212.    Denies each and every allegation contained in paragraph 212 of the Complaint.

213.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 213 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 213 of the Complaint.

214.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 214 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 214 of the Complaint.

215.    The allegations contained in paragraph 215 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 212 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.  Merck further denies that it violated any applicable law, duty or standard of care in connection with Vioxx

216.    The allegations contained in paragraph 216 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 216 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 216 of the Complaint.

217.    Denies each and every allegation contained in paragraph 217 of the Complaint.

218.    Denies each and every allegation contained in paragraph 218 of the Complaint.

## RESPONSE TO
## "TENTH CLAIM FOR RELIEF:  FRAUD"

219.   With respect to the allegations contained in paragraph 219 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect set forth here in full.

220.   Denies each and every allegation contained in paragraph 220 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

221.   Denies each and every allegation contained in paragraph 221 of the Complaint.

222.   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 222 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 222 of the Complaint.

223.   Denies each and every allegation contained in paragraph 223 of the Complaint.

224.   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity if the allegations not directed toward Merck in paragraph 224 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 224 of the Complaint.

225.   Denies each and every allegation contained in paragraph 225 of the Complaint.

226.   Denies each and every allegation contained in paragraph 226 of the Complaint.

227.    Denies each and every allegation contained in paragraph 227 of the Complaint.

## RESPONSE TO "ELEVENTH CLAIM FOR RELIEF: NEGLIGENT MISREPRESENTATION"

228.    With respect to the allegations contained in paragraph 228 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect set forth here in full.

229.    Denies each and every allegation contained in paragraph 229 of the Complaint.

230.    Denies each and every allegation contained in paragraph 230 of the Complaint.

231.    The allegations contained in paragraph 231 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck each and every allegation contained in paragraph 231 of the Complaint.

232.    The allegations contained in paragraph 232 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty or standard of care in connection with Vioxx.

233.    Denies each and every allegation contained in paragraph 233 of the Complaint.

234.    Denies each and every allegation contained in paragraph 234 of the Complaint.

235.    Denies each and every allegation contained in paragraph 235 of the Complaint.

RESPONSE TO
<u>"TWELFTH CLAIM FOR RELIEF:  PUNITIVE DAMAGES"</u>

236.    With respect to the allegations contained in paragraph 236 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect set forth here in full.

237.    Denies each and every allegation contained in paragraph 237 of the Complaint, except admits that Plaintiff purports to seek exemplary and punitive damages but denies that there is any legal or factual basis for such relief.

238.    Denies each and every allegation contained in paragraph 238 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

239.    Denies each and every allegation contained in paragraph 239 of the Complaint.

240.    Denies each and every allegation contained in paragraph 240 of the Complaint, except admits that Plaintiff purports to seek exemplary damages but denies that there is any legal or factual basis for such relief.

241.    The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 240 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph, including its subparts 1 through 12 except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

41

**RESPONSE TO**
**"JURY TRIAL DEMANDED"**

242.    The statements contained in the unnumbered paragraph of the Complaint under the heading "Jury Trial Demanded" are legal conclusions as to which no responsive pleading is required.

**AS FOR A FIRST**
**DEFENSE, MERCK ALLEGES:**

243.    The Complaint fails to state a claim upon which relief can be granted.

**AS FOR A SECOND**
**DEFENSE, MERCK ALLEGES:**

244.    The Plaintiff was careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiff.

**AS FOR A THIRD**
**DEFENSE, MERCK ALLEGES:**

245.    To the extent that Plaintiff asserts claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

**AS FOR A FOURTH**
**DEFENSE, MERCK ALLEGES:**

246.    To the extent that Plaintiff asserts claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

**AS FOR A FIFTH**
**DEFENSE, MERCK ALLEGES:**

247.    The Plaintiff failed to exercise reasonable care to mitigate her alleged damages.

**AS FOR A SIXTH
DEFENSE, MERCK ALLEGES:**

248.     Each and every claim asserted or raised in the Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations.

**AS FOR A SEVENTH
DEFENSE, MERCK ALLEGES:**

249.     To the extent that Plaintiff asserts claims in the Complaint based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

**AS FOR AN EIGHTH
DEFENSE, MERCK ALLEGES:**

250.     The claims of the Plaintiff are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

**AS FOR A NINTH
DEFENSE, MERCK ALLEGES:**

251.     The claims of the Plaintiff are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

**AS FOR A TENTH
DEFENSE, MERCK ALLEGES:**

252.     The claims of the Plaintiff are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

**AS FOR AN ELEVENTH
DEFENSE, MERCK ALLEGES:**

253.     The claims of the Plaintiff are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Products Liability.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

254.   The product conformed to the state-of-the-art for the design and manufacture of such, or similar, products.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

255.   The claims of the Plaintiff are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

256.   If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

257.   If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

**AS FOR A SIXTEENTH**
**DEFENSE, MERCK ALLEGES:**

258.    To the extent that Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

**AS FOR A SEVENTEENTH**
**DEFENSE, MERCK ALLEGES:**

259.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiff or natural course of conditions for which this Defendant is not responsible.

**AS FOR AN EIGHTEENTH**
**DEFENSE, MERCK ALLEGES:**

260.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiff or abuse of Vioxx.

**AS FOR A NINETEENTH**
**DEFENSE, MERCK ALLEGES:**

261.    The claims of Plaintiff are barred in whole or in part by the First Amendment of the Constitution of the United States of America and comparable state law provisions.

**AS FOR A TWENTIETH**
**DEFENSE, MERCK ALLEGES:**

262.    To the extent that Plaintiff relies upon any theory of breach of warranty, Plaintiff did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

**AS FOR A TWENTY-FIRST**
**DEFENSE, MERCK ALLEGES:**

263.    Each and every claim asserted or raised in the Complaint is barred by the

doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

**AS FOR A TWENTY-SECOND**
**DEFENSE, MERCK ALLEGES:**

264.    Inasmuch as the Complaint does not describe the alleged underlying

claims with sufficient particularity to enable Merck to determine all of its legal contractual and

equitable rights, Merck reserves the right to amend and/or supplement the averments of its

answer to assert any and all pertinent liability defenses ascertained through further investigation

and discovery in this action.

**AS FOR A TWENTY-THIRD**
**DEFENSE, MERCK ALLEGES:**

265.    To the extent that Plaintiff seeks punitive damages for the conduct that

allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate

Merck's state and federal constitutional rights.

**AS FOR A TWENTY-FOURTH**
**DEFENSE, MERCK ALLEGES:**

266.    To the extent Plaintiff seeks punitive damages for an alleged act or

omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly

negligent and, therefore, any award of punitive damages is barred.

**AS FOR A TWENTY-FIFTH**
**DEFENSE, MERCK ALLEGES:**

267.    To the extent that Plaintiff asserts claims against Merck for punitive

damages, such claims are barred because Vioxx and its labeling was subject to and received pre-

market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

268.   To the extent that Plaintiff asserts claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to her claims, Plaintiff has failed to allege facts that would overcome the defenses available under that state products liability law.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

269.   The claims of Plaintiff are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

270.   To the extent that Plaintiff asserts claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiff to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

271.   Merck demands a trial by jury of all issues.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

272.   Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

### AS FOR A THIRTY-FIRST
### DEFENSE, MERCK ALLEGES:

273.    Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

### AS FOR A THIRTY-SECOND
### DEFENSE, MERCK ALLEGES:

274.    To the extent Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn the prescribing physician.

### AS FOR A THIRTY-THIRD
### DEFENSE, MERCK ALLEGES:

275.    Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative negligence.

### AS FOR A THIRTY-FOURTH
### DEFENSE, MERCK ALLEGES:

276.    Damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would, if granted, violate Merck's state constitutional rights and are not permitted by Idaho law.

### AS FOR A THIRTY-FIFTH
### DEFENSE, MERCK ALLEGES:

277.    Plaintiff's damages in this action, if any, are subject to the limitations set forth in Idaho Code § 6-1603 and Idaho Code § 6-1604.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

278.    Plaintiff has suffered no damage to business or property and therefore
cannot state a Consumer Protection Act claim.

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

279.    Plaintiff's claims are barred in whole or in part because Merck's conduct
was in compliance with industry custom.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

280.    With respect to every cause of action, Plaintiff is not entitled to recover for
breach of warranty to the extent that any warranty claims have been subsumed by the Idaho
Products Liability Reform Act.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

281.    Merck's advertisements and labeling with respect to the product that is the
subject matter of this action were not false or misleading and, therefore, constitute protected
commercial speech.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

282.    To the extent Plaintiff might seek to amend the Complaint to allege
punitive damages, Plaintiff's claims for punitive damages violate the Fourth, Fifth, Sixth, and
Fourteenth Amendments of the Constitution of the United States, on the following grounds:  (a)
it is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment
of the United States Constitution to impose punitive damages, which are penal in nature, against
a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a

reasonable doubt" burden of proof required in criminal cases; (b) the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution; (c) the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution; (d) the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and (e) the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

## AS FOR A FORTY-FIRST
## DEFENSE, MERCK ALLEGES:

283.    To the extent Plaintiff seeks recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

## AS FOR A FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

284.    Merck asserts all defenses available to it pursuant to the New Jersey Product Liability Act, N.J. Stat. Ann. 2A:58C-1, et seq.

## AS FOR A FORTY-THIRD
## DEFENSE, MERCK ALLEGES:

285.     Plaintiff is barred from recovery and/or Plaintiff's recovery is limited pursuant to the Comparative Negligence Act, N.J. Stat. Ann. 2A:15-5.1, et seq.

## AS FOR A FORTY-FOURTH
## DEFENSE, MERCK ALLEGES:

286.     Merck denies any liability on its part, but if Merck is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiff's recovery since any liability which would be found against it will be insufficient to impose joint liability.  In the alternative, the liability, if any, of Merck is limited by and pursuant to the New Jersey Joint Tortfeasor Contribution Act, N.J. Stat. Ann. 2A:53A-1, et seq.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.     That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiff's Complaint with prejudice against Merck with costs assessed to Plaintiff;

2.     Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.     Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated:  October 5, 2006.

Respectfully submitted,

_s/Melissa V. Beaugh_____
Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Melissa V. Beaugh, 28250
     Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
     Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of

Electronic Filing in accordance with the procedures established in MDL No. 1657, on this 5th

day of October, 2006.

                                     s/Melissa V. Beaugh