IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Vioxx<br>PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>Case No. 2:06cv810<br><br>CHARLES LARON MASON v.<br>MERCK & CO., INC. | MDL DOCKET NO. 1657<br><br>Section L<br><br><br>Judge Fallon<br>Magistrate Judge Knowles |

**PLAINTIFF'S SUPPLEMENTAL GENERAL OBJECTIONS TO MERCK'S DEPOSITION DESIGNATIONS FOR NON-CASE SPECIFIC WITNESSES AND COUNTER-DESIGNATIONS**

TO:  Dorothy H. Wimberly
  Stone Pigman Walther Wittmann, LLC
  546 Carondelet Street
  New Orleans, Louisiana 70130

Plaintiff Charles Mason hereby submits his general response to Merck's affirmative and counter- designations of Gregory Curfman, David Graham, Marilyn Krahe, and Susan Baumgartner.  Mr. Mason asks the Court to consider these additional arguments when ruling upon the objections to Merck's designations of these witnesses previously filed with the Court.

I. *Gregory Curfman*

Mr. Mason has dramatically cut back his affirmative designation submitted in the *Barnett* and *Smith* cases.  Plaintiff estimates that his entire affirmative designation can be played in forty-five minutes or less.  Merck, on the other hand, has affirmatively designated a lengthy cross-examination conducted by Mr. Beck.  In addition, Merck has submitted counter-designations from the direct examination conducted by Mr. Arbitblitt which substantially lengthen and dilute the Mason affirmative.  These counter-designations do not illuminate or complete any of the

testimony designated by Mr. Mason. Under these circumstances, Plaintiff asks the Court to vary, for this witness alone, its usual protocol for playing deposition testimony. Plaintiff asks to play his brief affirmative in full, without Merck's counter-designations.

Further, Mr. Mason would like to bring to the Court's attention a number of objections to Merck's affirmative designations of Mr. Beck's cross-examination of Dr. Curfman.

First, Merck has edited a large number of Dr. Curfman's answers. This editing is not always apparent on the spreadsheet submitted to the Court. Examples of Merck's editing of answers occurs at the following page and lines of Dr. Curfman's testimony:

Page 24, Lines 20-23;
Page 39, Lines 6-24; and
Page 48, Lines 2-21.

This editing occurs throughout Merck's designation and is noted on Plaintiff's filed objections to these designations.

Merck has also edited the transcript to play Mr. Beck's questions, sometimes twice, when there is no answer from the witness. Examples of such editing appears at the following:

Answer omitted starting at Page 64, Line11;
Answer omitted starting at Page 72, Line 18;
Answer omitted starting at Page 83, Line8; and
Answer omitted starting at Page 83, Line 16.

Finally, there are a number of questions designated by Merck which inject the *Irvin* proceedings into this trial and, by innuendo, suggest that the New England Journal of Medicine conspired with plaintiff's counsel in *Irvin* to release the Expression of Concern to influence the outcome of the *Irvin* trial. Although the witness flatly denies the charges, the questions themselves violate Rule 403 and should be excluded.

## II. David Graham

Mr. Mason has substantially reduced the length of the *Smith* and *Barnett* affirmative designation of Dr. Graham by eliminating his testimony regarding his Lancet study and the number of excess instances of serious coronary heart disease while Vioxx was being marketed. Despite this reduction, Merck has continued to counter-designate the cross-examination that relates only to the testimony eliminated by Mr. Mason. For example, Merck's counter-designations at page 272 and its designation regarding the Lancet study starting on page 290 are now clearly outside the scope of the affirmative designations made by Plaintiff. Merck did not affirmatively designate any portion of Dr. Graham's testimony, and therefore even with the Court's protocol on deposition testimony, should not be allowed to cross-examine Dr. Graham on issues not offered in Plaintiff's affirmative designations.

## III. Marilyn Krahe

Marilyn Krahe is an Executive Business Director for Merck in its Western Region, which includes Utah – Mr. Mason's home state. During the time Vioxx was sold, Ms. Krahe was charged with leading the sales organization in her area. She was a member of the Cross-Functional Team which was responsible for national coordination of the training of sales representatives prior to the launch of Vioxx. Her testimony regarding Merck's marketing of Vioxx is therefore relevant to Mr. Mason's case and should be allowed.

Merck's counter-designations to Plaintiff's affirmative designations include Ms. Krahe's testimony about her personal use of Vioxx at 201:25-202:2. This testimony should be excluded as it is more prejudicial than probative under Rule 403.

### *IV. Susan Baumgartner*

Mr. Mason has submitted an abbreviated affirmative designation of Ms. Baumgartner's testimony. This testimony includes her receipt of e-mails concerning physicians who Merck was trying to "neutralize." Mr. Mason has only designated testimony related to e-mails Ms. Baumgartner both received and reviewed.

Further, Plaintiff has worked to eliminate any sarcastic comments from counsel by either side. The designations complained of by Merck at 132:18-21 and 218:16-219:10 do not appear on paper to be sarcastic. To the extent the tone of the question at 132:18-21 is sarcastic, Mr. Mason will agree to remove 132:18-19.

### V. CONCLUSION

Plaintiff incorporates his objections to the above referenced witnesses separately filed with this Court and asks that the arguments contained herein be considered at such time the Court rules on those objections.

Date: October 5, 2006

Respectfully submitted,

_____
Edward Blizzard (TBN 02495000)
Scott Nabers (TBN 14769250)
Rebecca Briggs King (TBN 24027110)
Holly M. Wheeler (TBN: 24006035)
BLIZZARD, MCCARTHY & NABERS, L.L.P.
440 Louisiana, Suite 1710
Houston, Texas 77002
(713) 844-3750
(713) 844-3755 (fax)

**ATTORNEYS FOR PLAINTIFF
CHARLES LARON MASON**

| Andy D. Birchfield, Esq.<br>P. O. Box 4160<br>234 Commerce Street<br>Montgomery, AL 36103-4160<br>PH: (800) 898-2034<br>FAX: (334) 954-7555 | Christopher Seeger, Esq.<br>One William Street<br>New York, NY 10004<br>PH: (212) 584-0700<br>FAX: (212) 584-0799 |
|---|---|
| Leonard Davis<br>Herman, Herman, Katz & Cotlar, LLP<br>820 O'Keefe Avenue<br>New Orleans, LA 70013<br>PH: (504) 581-4892<br>FAX: (504) 561-6024 | Russ M. Herman<br>Herman, Herman, Katz & Cotlar, LLP<br>820 O'Keefe Avenue<br>New Orleans, LA 70013<br>PH: (504) 581-4892<br>FAX: (504) 561-6024 |

**PLAINTIFFS' STEERING COMMITTEE**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion has been served on Liaison Counsel Russ Herman and Phillip Wittmann, Shayna S. Cook and Richard Krumholz by U.S. Mail, facsimile and/or e-mail; and e-mail upon all parties by electronically uploading the same to Lexis-Nexis File and Serve Advanced, in accordance with Pretrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of the Court of the Untied States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 5th day of October, 2006.

_____
Edward Blizzard