AO 88 (Rev. 11/91) Subpoena in a Civil Case

# United States District Court

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JOHNNIE BARR, INDIVIDUALLY AND AS
SURVIVING SPOUSE OF SHARON
TILLMAN-BARR, DECEASED, et al.

**SUBPOENA IN A CIVIL CASE**
FOR THE EASTERN DISTRICT OF LOUISIANA

VS.

CASE NUMBER: 05-6369

MERCK & CO., INC.

TO:   Custodian of Records for:   Mississippi Hospital for Restorative Care Inc. / Baptist Health Systems Inc.
1225 N State St
Jackson, MS 39202   (601) 973-1661

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| The office of the custodian:   1225 N State St   Jackson, MS 39202 | Fourteen (14) Days form the service of a copy hereof at 10:30 a.m. |

☒ YOU ARE COMMANDED to produce and permit Inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
Pertaining to: Donna B. Hinton,  Social Security Number: 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   Date of Birth: 10/16/1938
Any and all reports, test results, diagnoses, prognoses, hospital records, prescription records and/or refills, correspondence from January 1, 1999 to the present
and every such record, including those existing in electronic or magnetic form, in the possession, custody or control of the said witness, and every such record to which the witness may have access, pertaining to:

| PLACE | DATE AND TIME |
| --- | --- |
| The office of the custodian:   1225 N State St   Jackson, MS  39202 | Fourteen (14) Days form the service of a copy hereof at 10:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| Joseph Scott Nabers   Attorney for Plaintiff | 6/12/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Joseph Scott Nabers
Blizzard, McCarthy & Nabers, L.L.P.
440 Louisiana, Suite 1710, Houston, TX 77002  (713) 844-3750

EXHIBIT A

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
| --- | --- | --- |
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| --- | --- |

| SERVED BY (PRINT NAME) | TITLE |
| --- | --- |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel the production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,

except that, subject to the provisions of clauses (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of an party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

JOHNNIE BARR, INDIVIDUALLY AND AS
SURVIVING SPOUSE OF SHARON
TILLMAN-BARR, DECEASED, et al.

vs.

MERCK & CO., INC.

§
§
§
§
§
§
§
§

CIVIL ACTION NO. 05-6369

## NOTICE OF INTENTION
## TO TAKE DEPOSITION BY WRITTEN QUESTIONS

To Defendant by and through their attorney(s) of record: Melissa Vanderbrook Beaugh, Carmelite M. Bertaut, Thomas P. Owen, Jr., Bryan C. Reuter, Richard Stanley, Dorothy H. Wimberly and Phillip Wittmann

Please take notice that fourteen (14) days from the service of a copy hereof with attached questions, a deposition by written questions will be taken of Custodian of Records for:

See Attached Location List 'A'

before a Notary Public for   Keais Records Service, Inc.   (713) 224-6865   Fax (713) 224-6880
                             1010 Lamar, 3rd Floor, Houston, TX 77002

or its designated agent. The deposition, including attached questions, answers and records or other documents produced by the witness, may be used in evidence upon the trial of the above-styled and numbered cause pending in the above named court. Notice is further given that request is hereby made as authorized under Rule 45, Federal Rules of Civil Procedure, to the officer taking this deposition to issue a subpoena duces tecum and cause it to be served on the witness to produce any and all records as designated in the attached questions (and/or Exhibit(s)) pertaining to: Donna B. Hinton and to turn all such records over to the officer authorized to take this deposition, so that copies of the same may be made and attached to said deposition.

Respectfully Submitted,

*Joseph Scott Nabers*
Joseph Scott Nabers
Blizzard, McCarthy & Nabers, L.L.P.
440 Louisiana, Suite 1710
Houston, TX 77002
(713) 844-3750   Fax (713) 844-3755
Attorney for Plaintiff
SBA # 14769250

I hereby certify that a true and correct copy of the foregoing instrument has been served on all parties or their attorneys of record by ( ) hand delivery, ( ) telephonic document transfer, (x) certified mail, return receipt requested, on this day.

Date: June 12, 2006

Order No. 01-42501-001 thru 011

## LOCATION LIST 'A'

Hardy Wilson Memorial Hospital (Medical Records)
  233 Magnolia St. Hazlehurst, MS 39083
Hardy Wilson Memorial Hospital (Heart Catheterization Images)
  233 Magnolia St. Hazlehurst, MS 39083
Central Mississippi Medical Center / Gregg Dickerson M.D. (Medical Records)
  1850 Chadwick Dr. Jackson, MS 39204
Central Mississippi Medical Center / Gregg Dickerson M.D. (Heart Catheterization Images)
  1850 Chadwick Dr. Jackson, MS 39204
Mississippi Hospital for Restorative Care Inc. / Baptist Health Systems Inc. (Medical Records)
  1225 N State St Jackson, MS 39202
Mississippi Hospital for Restorative Care Inc. / Baptist Health Systems Inc. (Heart Catheterization Images)
  1225 N State St Jackson, MS 39202
St. Dominic-Jackson Memorial Hospital (Medical Records)
  969 Lakeland Drive Jackson, MS 39216
St. Dominic-Jackson Memorial Hospital (Heart Catheterization Images)
  969 Lakeland Drive Jackson, MS 39216
Crystal Springs Clinic (Medical and Billing Records)
  104 W Railroad Ave N Crystal Springs, MS 39059
University of Mississippi Medical Center (Medical Records)
  2500 North State Street Jackson, MS 39216
University of Mississippi Medical Center (Billing Records)
  2500 North State Street Jackson, MS 39216

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNNIE BARR, INDIVIDUALLY AND AS SURVIVING SPOUSE OF SHARON TILLMAN-BARR, DECEASED, et al.<br><br>vs.<br><br>MERCK & CO., INC. | §<br>§<br>§<br>§  CIVIL ACTION NO. 05-6369<br>§<br>§<br>§ |

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

Custodian of Records for: Mississippi Hospital for Restorative Care Inc. / Baptist Health Systems Inc.
Records Pertaining To: Donna B. Hinton
Type of Records: Any and all reports, test results, diagnoses, prognoses, hospital records, prescription records and/or refills, correspondence from January 1, 1999 to the present

and every such record, including those existing in electronic or magnetic form, in the possession, custody or control of the said witness, and every such record to which the witness may have access

1. Please state your full name and business address.

    Answer: _____

2. What is your business telephone number?

    Answer: _____

3. Are you the custodian of records kept by Mississippi Hospital for Restorative Care Inc. / Baptist Health Systems Inc.?

    Answer: _____

4. For what period of time does your facility keep or retain records of this type?

    Answer: _____

5. Have you been served with a subpoena (attached to these questions) for the production of records pertaining to Donna B. Hinton?

    Answer _____

6. Have records in any form been made or caused to be made by Mississippi Hospital for Restorative Care Inc. / Baptist Health Systems Inc. pertaining to Donna B. Hinton?

    Answer: _____

Order No. 01-42501-005

7. Were these records made and kept in the regular course of business of your employer?

   Answer: _____

8. Is it the regular course of business of your employer for persons with personal knowledge of the acts, events, conditions, opinions and/or diagnoses recorded in these records, to make entries to be included in these records or to transmit information thereof to be included in these records?

   Answer: _____

9. Did the persons who made the entries contained in these records either have personal knowledge of the acts, events, conditions, opinions and/or diagnoses, or obtain the information to make the entries from the person or persons having such personal knowledge?

   Answer: _____

10. Were the entries contained in these records made at, or shortly after, the time of the acts, events, conditions, opinions and/or diagnoses described in these records?

    Answer: _____

11. Were the sources of information and methods and circumstances of preparation of the records in all respects trustworthy?

    Answer: _____

12. Have you given an exact duplicate of the records pertaining to Donna B. Hinton, as designated above, to the notary public taking your deposition? These records will be attached to this deposition. If no, why not?

    Answer: _____

                                    _____
                                    WITNESS (Custodian of Records)

   Before me, the undersigned authority, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct. I further certify that the records attached hereto are exact duplicates of the original records.

   SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.

                                    _____
                                    NOTARY PUBLIC
                                    My Commission Expires: _____

Order No. 01-42501-005

## AUTHORIZATION FOR RELEASE OF INFORMATION

In compliance with the Health Insurance Portability and Accountability Act of 1996 and 45 CFR 164.508

Patient Name: Donna B. Hinton

ID or Account No.: SSH-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

Organization providing the information:
Mississippi Hospt. for
Restorative Care, LLC
Baptist Health Systems /AL

Organization receiving the information:
Keais Records Service, Inc.
1010 Lamar #300
Houston, Texas 77002

Representative commissioned by Attorney

I hereby voluntarily authorize the use and disclosure of my individually identifiable health and other information as described below for the purpose of allowing my attorneys to pursue my claim for bodily injury damages through negotiation, litigation, or other legal means. I understand and agree that because this information may be subject to re-disclosure by the recipient, the released information may no longer be protected by federal privacy regulations.

Description of information to be disclosed:

- Complete medical records for all dates of treatment
- Complete medical records for treatment dates from Jan. 99 to present
- Abstract medical records including admission records, history & physical, imaging & radiology reports, operative reports and/or discharge summary for treatment dates from ____ to ____
- Complete itemized billing records including diagnosis (ICD-9) and treatment (CPT) codes for all dates of treatment
- Itemized billing records including diagnosis (ICD-9) and treatment (CPT) codes for treatment dates from ____ to ____
- Other _____

I acknowledge and consent that the released information may contain alcohol/drug abuse, psychiatric, and HIV treatment information. No treatment or payment may be conditioned upon signing this authorization.

I understand that I may revoke this authorization at any time by notifying the Law Offices of Robins Cloud & Associates, P.C., in writing, but my decision to revoke this authorization will have any effect on any actions taken prior to the receipt of the revocation.

I understand this authorization will expire on the date my claim for bodily injury damages has come to a conclusion through negotiation, litigation, or other legal means. A copy of this authorization shall have the same force and effect as an original.

Signature of patient (or patient's representative): _____    Date: 1-9-06

Name of representative and relationship to patient: Her attorney

10/18/2005 PAGE 01

# STATE OF MISSISSIPPI

MISSISSIPPI STATE DEPARTMENT OF HEALTH
VITAL RECORDS

CERTIFICATE OF DEATH

[illegible]

WARNING: [illegible]