UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX PRODUCTS<br>  LIABILITY LITIGATION | § § § § | MDL Docket No. 1657<br><br>Section L |
| This Document Relates to the following: individual cases:<br>  2:05-cv-02378; Nettie Patterson v.<br>  Merck & Co., Inc.<br><br>  2:05-cv-2371; Katie Smith v.<br>  Merck & Co., Inc.<br><br>  2:05-cv-2380; Sylvia Castillo, et al v.<br>  Merck & Co., Inc.<br><br>  2:05-cv-2373; Brenda Green<br>  Watkins, et. al. v. Merck & Co., Inc. | § § § § § § § § § § § § § § § § | <br><br><br><br><br><br><br><br><br><br><br><br><br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

**OPPOSITION OF PLAINTIFFS TO MERCK'S MOTION TO DISMISS
WITH PREJUDICE PLAINTIFFS CLAIMS FOR ALLEGED FAILURE
TO PROVIDE ANY RESPONSE TO THE PLAINTIFF PROFILE FORM**

COMES NOW, Plaintiffs, Nettie Patterson, Katie Smith, Lorenzo Ortiz, Virginia Rodriguez, Regino Urias, Wesley Mayo, Imogene Washington, Eulalia Martinez, and Martha Martinez, by and through their undersigned attorneys, and file this Opposition to Merck's Motion to Dismiss With Prejudice Plaintiffs' Claims for Alleged Failure to Provide Any Response to the Plaintiff Profile Form.  With the exception of those claimants who did not suffer a cardiovascular illness as defined by Pretrial Order No. 18C ("PTO 18C"), Plaintiffs have provided Defendant Merck with responses to the profile form such that the imposition of the sanction of dismissal is unwarranted.

1

## I. FACTUAL BACKGROUND

Pursuant to PTO 18C, Plaintiffs are required to serve completed profile forms and executed authorizations in those cases where it is alleged the Plaintiff suffered a cardiovascular event which the Court defined as "myocardial infarction, an ischemic stroke, or a death." This order, which superceded earlier versions, established deadlines for Plaintiffs to serve the completed Profile Form ("PPF") for only those cases wherein it was alleged Plaintiffs had suffered a cardiovascular event. As set forth below, seven of the ten Plaintiffs against whom Merck has sought dismissal are not claiming a cardiovascular event caused by Vioxx, the prerequisite to the requirement to serve a PPF as refined by PTO 18C. Additionally, the remaining three Plaintiffs who are claiming cardiovascular events have provided their PPF and dismissal of their claims is unwarranted.

## II. NO PLAINTIFF PROFILE FORM REQUIRED

The following Plaintiffs are not required to serve a completed PPF because they did not suffer a cardiovascular event as defined by, and required by, PTO 18C:

> Nettie Patterson
> Lorenzo Ortiz
> Virginia Rodriguez
> Regino Urias
> Imogene Washington
> Eulalia Martinez
> Martha Martinez

Since these Plaintiffs are not required to serve a PPF, they have not violated PTO 18C and Plaintiffs request that this Court deny Defendant Merck's motion to dismiss.

### III.  SANCTION OF DISMISSAL UNWARRANTED

Dismissal of an action is a sanction of last resort that should only be imposed for the most egregious conduct. *See Societe Internationale v. Rogers*, 357 U.S. 197, 78 S. Ct. 1087, 2 L. Ed. 2d 1255 (1958). This "extreme" sanction of dismissal should not be imposed where less drastic sanctions would be equally as effective, particularly where the delay in responding to discovery results in no prejudice to the adversary.  *See Bann v. Ingram Micro, Inc.*, 108 F.3d 625, 627 (5th Cir. 1997). Simply put, the punishment should fit the crime. *See Securities & Exch. Comm'n v. First Houston Capital Resources Fund, Inc.*, 979 F.2d 380, 382 (5th Cir. 1992).

Plaintiffs Katie Smith, Rosa Ortiz and Wesley Mayo have served completed PPF on Defendant Merck.[1]  None of these three cases is currently scheduled for trial and Defendant Merck cannot meaningfully point to any prejudice that has been occasioned by its delayed receipt of these three PPF.  The extreme measure of imposing death penalty sanctions on these three plaintiffs who have provided their PPF to Defendant Merck would be an excessive penalty and Plaintiffs respectfully pray that this Honorable Court will deny Defendant Merck's motion to dismiss.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Honorable Court will deny Defendant Merck's motion to dismiss and for such further relief, at law or in equity, to which Plaintiffs may justly show themselves entitled.

---

[1] Plaintiff Katie Smith served her PPF on Defendant Merck on August 14, 2006. Plaintiff Rosa Ortiz served her PPF on Defendant on August 16, 2006. Plaintiff Wesley Mayo served his PPF on October 6, 2006.

Respectfully submitted,

**HOUSSIERE, DURANT & HOUSSIERE, LLP**

   /s/ Monica C. Vaughan
By:_____
   Charles R. Houssiere, III
   State Bar No. 10050700
   Monica C. Vaughan
   State Bar No. 00794784
   mvaughan@hdhtex.com
1990 Post Oak Blvd., Suite 800
Houston, Texas 77056-3812
Telephone: (713)626-3700
Facsimile: (713)626-3700

**CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing has been duly served upon each party or their duly authorized agent or attorney of record either in person or by agent or by courier receipted delivery or by certified or registered mail to each party's last known address, or by telephonic document transfer to the recipient's current telecopier number as indicated below, on the 6th day of October, 2006.

Wilfred P. Coronato                    Via Hard Copy & E-Filing
Hughes, Hubbard & Reed LLP
101 Hudson Street, Suite 3601
Jersey City, NJ 07302-3918

Phillip A. Wittmann
Stone, Pigman, Walther & Wittmann, LLC
Via E-Filing

Dimitrios Mavroudis
Dechert LLP
Via E-Filing

Susan Giamportone
Womble, Carlyle, Sandridge & Rice, PLLC
Via E-Filing

Charles A. Deacon
Fulbright & Jaworski, L.L.P.
300 Convent St., Suite 2200
San Antonio, TX 78205-3792
cdeacon@fulbright.com

                 /s/ Monica C. Vaughan
                 _____
                 Monica C. Vaughan