UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | JUDGE FALLON |
| This document relates to<br>Case No. 06-0810 | * | |
| CHARLES L. MASON, | * | MAGISTRATE JUDGE<br>KNOWLES |
| Plaintiff, | * | |
| v. | * | |
| MERCK & CO., INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**REPLY BRIEF IN SUPPORT OF MOTION OF MERCK & CO., INC. ("MERCK")
TO EXCLUDE TESTIMONY OF  CORNELIA PECHMANN, PH.D.**

(**EXPERT CHALLENGE NO. 11**)

The Court should not permit plaintiff to avoid – through indirection – its ruling that Professor Pechmann may not testify that Merck misled specific prescribers.  Plaintiff states, on the one hand, that Professor Pechmann "will not offer testimony about whether Dr. Vogeler or Nurse Olson-Fields *specifically* were misled by Merck's marketing campaign." (Pl.'s Opp'n at 4 (emphasis added).)  On the other hand, plaintiff seeks to have Professor Pechmann deliver the same prohibited message by opining that: (i) Merck's advertising was "misleading"; and (ii) the marketing messages that Nurse Olson-Fields and Dr. Vogeler received from Merck were consistent with Merck's "misleading" marketing.

The Court has already ruled, however, that Professor Pechmann lacks the qualifications necessary to opine on whether Merck's marketing was misleading.  Therefore, the Court should

prohibit plaintiff's attempted end-run around its earlier rulings. Also, because Professor Pechmann lacks any qualifications concerning FDA regulation of pharmaceutical marketing, she should not be permitted to testify on that topic. Nor should she be allowed to confuse the jury by discussing marketing activity that predates the April 2002 label.

**I.   PROFESSOR PECHMANN SHOULD NOT BE PERMITTED TO OFFER OPINIONS ABOUT NURSE OLSON-FIELDS OR DR. VOGELER.**

The Court should adhere to its earlier rulings and prohibit Professor Pechmann from testifying about whether specific prescribers were misled. In practical terms, that means Professor Pechmann should not discuss her telephone conversation with Nurse Olson-Fields or the deposition testimony of either Nurse Olson-Fields or Dr. Vogeler.

Plaintiff claims that the purpose of Professor Pechmann's telephone communication was to determine whether the messages that Nurse Olson-Fields remembers "were consistent with Merck's marketing campaign." (Pl.'s Opp'n at 5.) But Nurse Olson-Fields can tell the jury herself what marketing messages she received from Merck, whether she read the April 2002 Vioxx® label as she was obliged to do, and what her understanding was of the relevant risks and benefits. The jury does not need Professor Pechmann to cheerlead or argue these same points.

Moreover, Professor Pechmann herself has admitted that the depositions and the private telephone conversation that she had with Nurse Olson-Fields are not the type of information reasonably relied on by a marketing expert. Oddly, plaintiff argues that these sources are acceptable here because Professor Pechmann is not conducting marketing research but rather has been "retained in this litigation to offer an opinion on the misleading nature of Merck's integrated marketing campaign." (Pl.'s Opp'n at 8 (emphasis omitted).) But *Daubert* and its progeny are intended to preclude exactly this sort of abandonment of scientific technique by testifying experts.

2

## II. PROFESSOR PECHMANN MAY NOT OFFER OPINIONS THAT MERCK'S MARKETING WAS GENERALLY MISLEADING AS DEFINED BY THE MARKETING FIELD.

Plaintiff also attempts to circumvent another of this Court's prior rulings: that Professor Pechmann, who is not a doctor, is not qualified to testify that Merck's marketing was generally misleading to the medical profession. Plaintiff argues that Professor Pechmann should be permitted to so testify, based on a definition of "misleading" supposedly adopted by the marketing profession. (Pl.'s Opp'n at 14.) This argument has been rejected by the Court previously, and it should be again. It remains improper, both: (i) on the grounds previously expressed by this Court, *i.e.*, that Professor Pechmann lacks the qualifications to offer such an opinion; and (ii) because it is irrelevant to Merck's legal liability that those in a particular field of study might assign a particular label to Merck's marketing.

### A. Professor Pechmann Lacks The Qualifications To Opine That Merck's Marketing Was Misleading.

As discussed more fully in Merck's prior briefing, this Court has properly ruled that Professor Pechmann, who is not a medical professional, is not qualified to determine whether Merck's marketing was misleading to the medical community. Plaintiff, however, attempts to argue that Professor Pechmann "is certainly capable of understanding, for example, that the VIGOR data showed a five-fold increase in cardiovascular events in the Vioxx groups when compared to naproxen." (Pl.'s Opp'n at 13.) The fact that Professor Pechmann may understand that there was a difference in the cardiovascular events between various arms of the VIGOR study does not mean that Professor Pechmann is capable of understanding either: (i) the significance of these differences; (ii) whether what Merck communicated to physicians concerning VIGOR was misleading or not; or (iii) how prescribers understood Merck's messages.

3

Professor Pechmann's critical lack of understanding of the medical science involved is further highlighted by her opinion that Merck's April 2002 "Dear Doctor" letter was misleading. (Sept. 14, 2006 Deposition of Cornelia Pechmann, Ph.D. (Pechmann 9/14/06 Dep.) at 99:18-21, attached hereto as Ex. A.)  The parts of the letter that Professor Pechmann identifies as misleading are taken directly from the FDA-approved label.[1] (*Id.* at 100:11-101:1, 101:12-102:1.)  The fact that Professor Pechmann is prepared to testify that the very language that the FDA approved was misleading further highlights the need for this Court to uphold its prior rulings and preclude Professor Pechmann from offering such opinions.

> **B.    It Is Irrelevant To Any Legal Issue Whether Merck's Marketing Supposedly Would Be Termed "Misleading" By Those Within The Marketing Field.**

Plaintiff argues – as other plaintiffs have previously argued – that Professor Pechmann should be allowed to opine whether Merck's marketing campaign was "generally misleading as that term is defined in the advertising/marketing community."  (Pl.'s Opp'n at 13.)  What the marketing community defines as "misleading," however, is irrelevant to the jury's determination of the relevant issue here – whether Dr. Vogeler and Nurse Olson-Fields were misled. Therefore, Professor Pechmann's testimony regarding the purported standards in the marketing field is irrelevant, will not assist the jury, and must be excluded under Federal Rules of Evidence 401 and 702.

---

[1] For instance, Professor Pechmann testifies to the following:
> Q: Is there anything else about the letter that you believe to be misleading or confusing?
> A: Where it says the significance of the cardiovascular findings from the three studies is unknown.
> Q: That statement is verbatim from the FDA approved label; correct?
> A: Yes it is.

(Pechmann 9/14/06 Dep. at 101:12-19.)

Additionally, even should this Court find that there is some relevance to Professor Pechmann's opinion regarding Merck's marketing as viewed by the marketing field, it should be excluded due to the prejudice that allowing such an opinion would likely create. FED. R. EVID. 403. The jury is unlikely to make the fine distinction between what qualifies as "misleading" under the law, and how the marketing field supposedly defines the term.

### III. PROFESSOR PECHMANN IS UNQUALIFIED TO OFFER OPINIONS REGARDING THE FDA AND ITS REGULATIONS.

Again as discussed in Merck's prior briefing, Professor Pechmann is unqualified to offer any opinions regarding the FDA or its regulations. Plaintiff's counterargument is that "much marketing" is governed by regulations. (Pl.'s Opp'n at 17.) That is not enough to allow Professor Pechmann to offer opinions related to the complex regulatory scheme that governs the testing, approval, and marketing of prescription pharmaceuticals in the United States. The fact that Professor Pechmann is prepared to opine that Merck's direct-to-consumer marketing was misleading – advertising that was sent to the DDMAC for review prior to it being aired – highlights her complete lack of understanding of the regulatory system governing pharmaceutical advertising within the FDA. Additionally, plaintiff has designated another expert to testify on the FDA and its regulations. Allowing Professor Pechmann to testify on these topics would be cumulative and would not offer any additional assistance to the jury.

### IV. THE COURT SHOULD EXCLUDE ALL MARKETING EVIDENCE THAT PREDATES THE APRIL 2002 LABEL.

The only potential relevance of marketing evidence is the possible erosion of the adequacy of the April 2002 label. Plaintiff offers no reason why pre-April 2002 marketing is relevant – or if relevant, why its relevance exceeds its prejudicial value. It should be excluded.

## V. CONCLUSION.

For the reasons state above and in Merck's underlying motion, Merck respectfully requests that the Court exclude Professor Pechmann's testimony in its entirety.

Dated: October 10, 2006

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Tarek Ismail
Shayna Cook
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:     312-494-4440

Brian Currey
Catalina J. Vergara
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:     213-430-6407

And

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck & Co., Inc.

833770v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Reply in Support of Motion to Exclude Testimony of Cornelia Pechmann, Ph.D., has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 10th day of October, 2006.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel