UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 06-0810 | * | |
| | * | MAGISTRATE JUDGE |
| **CHARLES L. MASON**, | * | KNOWLES |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| * * * * * * * * * * * * * * * * * * | | |

**REPLY BRIEF IN SUPPORT OF MOTION OF MERCK & CO., INC. ("MERCK")
TO EXCLUDE OPINION TESTIMONY BY PLAINTIFF'S EXPERTS THAT VIOXX®
ACCELERATES ATHEROSCLEROSIS OR CAUSES PLAQUE RUPTURE**

**(EXPERT CHALLENGE NO. 9)**

Plaintiff acknowledges that there is no evidence to support a claim that Vioxx accelerated *his* atherosclerosis.  (*See* Pl.'s Opp'n at 4.)  He also agrees, as he must, that his experts will not opine that Vioxx had such an effect in him.  (*Id.*)  Nonetheless, plaintiff argues that the Court should allow his experts, including Dr. Sander, to testify that Vioxx might have such an effect *in persons other than plaintiff*.[1]  This "evidence" is wholly irrelevant to the issue of whether Vioxx was a substantial contributing factor to plaintiff's heart attack (and, for that matter, to any other

---

[1] Although Dr. Sander already has said he will not offer any such testimony, plaintiff's counsel apparently have convinced him otherwise.  (*Compare* Sept. 5, 2006 Deposition of Dr. Gary E. Sander ("Sander 9/5/06 Dep.") at 67:21-68:3, 71:14-21, attached to Merck's Mot. as Ex. C, *with* Pl.'s Opp'n at 4.)

833773v.1

issue in this case). If plaintiff's experts were to testify about alleged harmful effects of Vioxx that plaintiff admittedly did not experience, it is highly likely that the jury would be confused. Moreover, even if the testimony were relevant (and it is not), there is no reliable scientific support for an opinion that Vioxx accelerates atherosclerosis. Indeed, there is evidence suggesting that Vioxx may have precisely the opposite effect – *i.e.*, it may slow the progression of atherosclerosis.

Plaintiff also agrees that there is no evidence to support a claim that Vioxx made his plaque more likely to rupture. (*See* Pl.'s Opp'n at 2-3.) Plaintiff's theory of causation apparently will be that Vioxx caused an increase in his blood pressure, which, in turn, caused him to suffer a plaque rupture.[2] (*Id.*) Plaintiff again is not content to limit his experts' mechanism opinions to what they theorize happened to plaintiff, however. In addition to testifying about plaintiff's "blood pressure" theory,[3] plaintiff argues that his experts should be permitted to opine that Vioxx directly increases the risk of plaque rupture. These opinions, which are irrelevant and scientifically unreliable, should be precluded.

I.  **PLAINTIFF SHOULD NOT BE PERMITTED TO INTRODUCE EVIDENCE OF HYPOTHESIZED MECHANISMS THAT ADMITTEDLY DID NOT CONTRIBUTE TO MR. MASON'S HEART ATTACK.**

Dr. Sander has said he will not opine that Vioxx causes atherosclerosis or that it had such an effect in Mr. Mason. (Sander 9/5/06 Dep. at 67:21-68:3, 71:14-21.) So has Dr. Weiner. (*See* Deposition of Isaac Weiner, M.D., F.A.A.C. ("Weiner 8/24/06 Dep.") at 118:16-119:5, attached

---

[2] This is notwithstanding the fact that another one of plaintiff's experts, Dr. Luchessi – who plaintiff references repeatedly in his opposition brief even though he has withdrawn him as an expert – admits that plaintiff *did not* suffer a plaque rupture. (*See* Sept. 7, 2006 Deposition of Benedict Lucchesi ("Lucchesi 9/7/06 Dep.") at 182:4-7, attached to Merck's Mot. as Ex. E.)

[3] As explained in Merck's Motion to Exclude Testimony of Gary Sander, M.D., filed September 19, 2006, plaintiff's blood pressure opinions are irrelevant and scientifically unreliable.

to Merck's Mot. as Ex. D.) And plaintiff's former expert Dr. Luchessi has admitted that "[n]obody has any basis" to say Mr. Mason had any acceleration of atherosclerosis between the time he started taking Vioxx and the day of his heart attack. (Lucchesi 9/7/06 Dep. at 190:2-11.) Plaintiff agrees that he "will not argue that Vioxx caused the acceleration of atherosclerosis *in his particular case*." (Pl.'s Opp'n at 4 (emphasis in original).) He nonetheless argues that his experts should be permitted to tell the jury about this hypothesized mechanism by which Vioxx supposedly might cause acceleration of atherosclerosis in persons other than Mr. Mason. (*See id.*)

On the issue of plaque rupture, Dr. Sander has admitted that Vioxx did not make Mr. Mason's plaque any more prone to rupture. (Sander 9/5/06 Dep. at 72:10-14.) Dr. Weiner has said he will offer no opinions on the subject. (Weiner 8/24/06 Dep. at 117:8-18.) Notwithstanding Dr. Lucchesi's testimony that Mr. Mason *did not even suffer from a ruptured plaque* (Lucchesi 9/7/06 Dep. at 182:4-7), plaintiff's theorized mechanism apparently will be that Vioxx increased his blood pressure and that this increase caused Mr. Mason to experience a plaque rupture and ultimately led to his heart attack. (*See* Pl.'s Opp'n at 2-3.) Plaintiff, again, will not agree to limit his experts' opinions to the mechanism by which they believe Vioxx contributed to Mr. Mason's heart attack. Instead, plaintiff argues that he "*does* intend to present evidence that Vioxx generally, and in himself specifically, causes plaque rupture." (Pl.'s Opp'n at 1 (emphasis in original).)

Because plaintiff's experts do not opine that Vioxx accelerated Mr. Mason's atherosclerosis or directly increased his risk of plaque rupture, testimony that Vioxx is capable of causing atherosclerosis or plaque rupture *in the general population* is wholly irrelevant and would serve no purpose other than to confuse and mislead the jury. Accordingly, plaintiff's

3

experts should be precluded from testifying that Vioxx accelerates atherosclerosis or causes plaque rupture.

## II. THERE IS NO SCIENTIFIC SUPPORT FOR AN OPINION THAT VIOXX ACCELERATES ATHEROSCLEROSIS OR CAUSES PLAQUE RUPTURE.

### A. Animal Studies Do Not Establish That Vioxx Accelerates Atherosclerosis Or Causes Plaque Rupture.

As purported support for his argument that Vioxx causes atherosclerosis, plaintiff points to animal studies and to a summary of animal studies by Dr. Garrett FitzGerald. (*See* Pl.'s Opp'n at 5-12.) The Fifth Circuit has made clear, however, that animal studies have "very limited usefulness . . . when confronted with questions of toxicity." *Brock v. Merrell Dow Pharms., Inc.*, 874 F.2d 307, 313 (5th Cir. 1989), *modified on reh'g*, 884 F.2d 166. As Merck made clear in its motion, these studies are unreliable and therefore cannot support an expert opinion that Vioxx causes atherosclerosis or plaque rupture.

The studies cited by plaintiff (*see* Pl.'s Opp'n at 5-12) do not support plaintiff's contentions that Vioxx accelerates atherosclerosis and causes plaque rupture. The shortcomings of the Egan and Rudic articles were discussed at length in Merck's motion and need not be repeated here.

The Kobayashi study[4] suffers from the same fatal defects as the Rudic and Egan studies – relevance. It involved mice genetically engineered to lack prostacyclin receptors and prone to forming atherosclerosis. The results of a mouse study not even using a COX-2 inhibitor simply have no bearing on the question at issue in this case – did Vioxx cause Mr. Mason's alleged injury? It is also worth noting that Kobayashi acknowledged the conflicting and inconclusive

---

[4] Kobayashi, Takuya et al., *Roles of Thromboxane $A_2$ and prostacyclin in the development of atherosclerosis in apo-E-deficient mice*, J. CLIN. INVEST., 2004: 114:784-94.

4

833773v.1

results found in the existing medical literature. For example, the article noted that some of the literature indicates that COX-2 inhibitors may actually suppress the development of atherosclerosis. (Kobayashi at 785 (noting that the Burleigh study "detected a small but *significant suppression in the development of atherosclerosis*" (emphasis added)).) It also explained that:

> Experiments examining the effects of COX-2 inhibitors in atherogenesis have yielded conflicting results . . . .[P]harmacological approaches using various drugs *have produced variable and inconclusive results and have failed to provide a cohesive picture* on the contribution of prostaoidds, including PGI2 and TXA2, to atherogenesis.

(*Id.* at 785-86 (emphasis added).)

Again as explained in Merck's underlying motion, these animal studies are irrelevant and insufficient to support an expert opinion that Vioxx causes or accelerates atherosclerosis, or that Vioxx causes plaque rupture, especially in light of the conflicting evidence.

### B. The FitzGerald Hypothesis Does Not Establish That Vioxx Accelerates Atherosclerosis Or Causes Plaque Rupture.

With no reliable human studies to rely on, plaintiff is forced to base his theory on the "FitzGerald Hypothesis." (*See* Pl.'s Opp'n at 4-5, 10-11.) But even Dr. FitzGerald has discounted plaintiff's theory of how Vioxx accelerates atherosclerosis. Dr. FitzGerald himself has authored an article, which plaintiff relies on, rejecting the FitzGerald imbalance hypothesis advanced by plaintiffs in Vioxx litigation – writing that "the concept of simply tipping a 'balance' between COX-2-derived [prostacyclin] and COX-1-derived platelet thromboxane is misplaced."[5] In that article, Dr. FitzGerald discusses other "biologically plausible" mechanisms

---

[5] *See* Grosser, Fries, and FitzGerald, *Biological basis for the cardiovascular consequences of COX-2 inhibition: therapeutic challenges and opportunities*, THE JOURNAL OF CLINICAL INVESTIGATION, Vol. 116, No. 1, January 2006 at 4.

5

that, he contends, might be influenced by COX-2 inhibition and that might, in turn, play a role in causing adverse cardiac events. Among these is the atherogenic mechanism that plaintiff speculates about – that is, the blood pressure mechanism possibly influenced by COX-2 inhibition's potential effects on vasodilation, and vascular smooth muscle proliferation. Dr. FitzGerald, however, makes it abundantly clear that such "alternative explanations" are purely speculative and conjectural. He writes:

> [O]ne might *speculate* how the disparate effects of [protacyclin] suppression on atherogenesis, blood pressure, and the remodeling response might converge, over time, to result in transformation of cardiovascular risk in patients initially at low risk when exposed to chronic COX-2 inhibition.[6]
>
> . . .
>
> A variety of alternative explanations for the cardiovascular effects of COX-2 inhibitors, *again based largely on conjecture*, in vitro data, and/or drug concentrations unlikely ever to be attained therapeutically have begun to emerge.[7]

Plaintiff's purported reliance on the FitzGerald hypothesis is misplaced – as it does not, by any stretch of the imagination, provide scientifically reliable support for the proposition that Vioxx accelerates atherosclerosis or causes plaque rupture.

### III. MERCK HAS NOT ACKNOWLEDGED OR ADMITTED THAT VIOXX ACCELERATES ATHEROSCLEROSIS OR CAUSES PLAQUE RUPTURE.

Plaintiff argues that Vioxx accelerates atherosclerosis and causes plaque rupture because Merck purportedly has admitted as much. Plaintiff quotes the APPROVe study, Protocol 078, an animal study that was financed in part by a Merck grant, and committee meeting minutes, all of which plaintiff alleges constitute "admissions by Merck." (Pl.'s Opp'n at 14-21.) This argument is baseless. Plaintiff mischaracterizes the studies and documents upon which he relies.

---

[6] *Id.* at 5 (emphasis added).

[7] *Id.* at 13 (emphasis added).

### A.     APPROVe Does Not Establish, Or Constitute A Merck Admission, That Vioxx Accelerates Atherosclerosis Or Causes Plaque Rupture.

Plaintiff relies on APPROVe for the proposition that "Merck unequivocally adopted the biologic mechanism of action which Merck euphemistically refers to as 'the FitzGerald hypothesis.'" (Pl.'s Opp'n at 17.) The APPROVe publication was not written by Merck, however; it was written by distinguished physicians in the community.[8] To suggest that Merck "adopted" the FitzGerald hypothesis based on a paragraph that appears in the APPROVe article, therefore, is inappropriate. Even the statement that plaintiff quotes in support of his argument that "Merck unequivocally adopted the . . . FitzGerald Hypothesis" cannot be argued to be unequivocal:

> COX-2 inhibitors *may* increase cardiovascular risk by shifting the functional balance of these vasoactive eicosanoids toward the promotion of thrombosis or atherogenesis. COX-2 inhibition combined with thromboxane-receptor antagonism *may* also lead to the destabilization of atheromatous plaque.

(Pl.'s Opp'n at 17 (citing Bresalier at 1098-99).)

Moreover, the APPROVe study does not even conclude that Vioxx accelerates atherosclerosis or causes plaque rupture. The APPROVe data show that, in patients with a history of colorectal adenomas (*i.e.*, colon polyps), the continuous use of Vioxx over an average duration of almost two and a half years posed an increased CV risk.[9] That is *all* the data show. By contrast, the data do *not* show an association between Vioxx and accelerated atherosclerosis or plaque rupture. It is insufficient merely to *assume* – as plaintiff does – that the increased risk seen in APPROVe supports his theories. The APPROVe study was designed only to determine if Vioxx was associated with an increased cardiovascular risk. It was *not* designed to ascertain

---

[8] Bresalier RS et al., *Cardiovascular Events Associated with Rofecoxib in a Colorectal Adenoma Chemoprevention Trial* (2005), 352 NEW. ENG. J. MED. 1092.

7

the mechanism through which cardiovascular risk might be increased. Because it would be impossible to conclude that Vioxx accelerates atherosclerosis without measuring the degree of atherosclerosis in patients before and after Vioxx use, and because this was not done in APPROVe, it is improper to rely on the study data to opine that Vioxx accelerates atherosclerosis.

In addition, the APPROVe results offer even less support for plaintiff's theory because available clinical trial data suggest that colon polyp patients – *i.e.*, the patient population at issue in APPROVe – may have a unique cardiovascular risk profile when given NSAIDs. For example, it is widely recognized that aspirin can have a cardio-protective effect. *See, e.g.*, U.S. Preventive Services Task Force, *Aspirin for the Primary Prevention of Cardiovascular Events: Recommendation and Rationale*, ANN INTERN MED. 2002; 136:157-160, at 157. Yet aspirin appears to *increase* the risk of cardiovascular adverse events in patients with a history of colon polyps. (*See* Expert Report of KyungMann Kim, Ph.D. at 25 ("Further, it is interesting to note that in Baron et al. (2003) in the same patient population as in the APPROVe . . . stud[y], aspirin, instead of showing cardioprotection, showed an increase in adverse thrombotic cardiovascular events in terms of MI, stroke and coronary revascularization."), attached hereto as Ex. A.)

The Vioxx clinical trial data appear to confirm that colon polyp patients may be at an increased risk of cardiovascular adverse events during NSAID therapy vis-à-vis other patient populations. Indeed, whereas APPROVe found an increased risk among colon polyp patients, other clinical trials involving patients who had or were at risk of developing Alzheimer's disease

---

[9] Bresalier, 1096 & Fig. 2.

found *no* increased cardiovascular risk.[10] Similarly inconsistent findings between colon polyp patients and Alzheimer's patients are seen in the clinical trial data for Celebrex, another COX-2 inhibitor.[11] Thus, the increased incidence of cardiac events seen in APPROVe is more likely a function of the study's patient population than it is the result of the atheroscleratic acceleration or plaque rupture plaintiff claims.

      **B.    The APPROVe Off-Drug Data Do Not Establish, Or Constitute A Merck Admission, That Vioxx Accelerates Atherosclerosis Or Causes Plaque Rupture.**

Plaintiff also relies on the APPROVe off-drug data, which showed more CV events in patients who had taken Vioxx (as compared to those who had taken placebo) during the first six months after use was discontinued. (Pl.'s Opp'n at 17-19.) Plaintiff argues that these data prove that "Vioxx induced-changes that occur in the coronary arteries while patients are taking the drug continue to exert clinical effects after the drug has been stopped" and concludes that "if Vioxx were not causing plaque buildup, the thrombotic events would have dissipated in a few days

---

[10] Reines SA et al., *Rofecoxib, No effect on Alzheimer's disease in a l-year, randomized, blinded, controlled study*, NEUROLOGY 2004; 62:66-71, at 69, 71; Thal et al., *A Randomized, Double Blind, Study of Rofecoxib in Patients with Mild Cognitive Impairment*, NERUOPSYCHOPHARMACOLOGY (2005), 1-12, at 8.

[11] *Compare* Solomon et al., *Cardiovascular Risk Associated with Celecoxib in a Clinical Trial for Colorectal Adenoma Prevention*, NEW. ENG. J. MED. (2005), 352(11):1071-1080, 1017 (finding increased risk in colon polyp patients), *with* Pfizer Inc., *A Double-Blind, Randomized Placebo-Controlled, Comparative Study of Celecoxib (SC-58635) For The Inhibition of Progression of Alzheimer's Disease* (Protocol IQ5-97-02-001) at 6, *available at* www.clinicalstudyresults.org/documents/company-study_76_0.pdf#search='Double%20Randomized%20Placebo%20Study%20Celecoxib%20Inhibition%20Progression%20Alzheimer%27s%20Disease (hereinafter "ADAPT") (finding no increased risk in Alzheimer's patients).

The results of ADAPT were reported in a recent article by Caldwell. Caldwell et al., *Risk of cardiovascular events and celecoxib: a systematic review and meta-analysis*, J. R. SOC. MED. 2006; 99:132-140, Table 2 & n.15. A third study involving Celebrex initially found no increased cardiovascular risk in colon polyp patients, but the investigators have since announced that the study indeed shows an increased cardiovascular risk in the same patient population. *See* http://www.pfizer.com/pfizer/are/investors_releases/2006pr/mn_2006_0403.jsp.

9

rather than over a period of six months." (Pl.'s Opp'n at 19.) Trial testimony by Dr. Zipes, one of plaintiff's experts in *Barnett*, demonstrates the fatal flaws in his theory. Dr. Zipes testified:

> Q: Doesn't the APPROVe data, when you look at – not just six months, when you look at the correct endpoints, doesn't the APPROVe follow-up data prove that Vioxx does not cause plaque buildup?
>
> A: The data that I saw showed a relative risk exceeding 3 for the APTC endpoint in the first six months.
>
> The other endpoints, indeed, were not significant and not consistent with that, and statistical significance past six months was no longer present.
>
> . . .
>
> Q: In any event, the cardiac event data, the category that Mr. Robinson focused on in opening, for every single time period, there was no difference between Vioxx and placebo; right?
>
> A: Correct.
>
> . . .
>
> Q: In other words, you have no explanation whatsoever for the fact that even with APTC endpoints, that your theory is contradicted by the data for months 7 through 12, for months 12 through 18, and for all eight months after 18. If your theory is right, people should be having more of these APTC endpoints for the rest of their life; right?
>
> A: As they did in 078.
>
> Q: But they sure didn't in the APPROVe follow-up data that you chose to talk about on direct examination; correct?
>
> A: That is correct.

(Aug. 10, 2006 *Barnett v. Merck* Tr. at 1849:5-13, 1865:14-18, 1867:19-1868:3.)

In other words, plaintiff's theory that the APPROVe follow-up data establishes that Vioxx accelerates atherosclerosis and causes plaque rupture is contradicted by the fact that the alleged increased CV risk in the Vioxx group disappeared after six months. Because there is "too great an analytical gap between the data and the opinion proffered," testimony that the APPROVe data support the conclusion that Vioxx accelerates atherosclerosis or causes plaque

10

rupture is irrelevant, unreliable and should not be permitted. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

      **C.**    **Protocol 078 Does Not Establish, Or Constitute A Merck Admission, That Vioxx Accelerates Atherosclerosis Or Causes Plaque Rupture.**

Plaintiff also attempts to rely on Protocol 078 for the proposition that Merck has admitted that Vioxx accelerates atherosclerosis and causes plaque rupture. (*See* Pl.'s Opp'n at 18.) Plaintiff makes a series of assumptions based on the data from Protocol 78, which he claims "strengthens the interpretation of these events as being causes [*sic*] by persistent damage by Vioxx." (*Id.*) This inference is unfounded. The data that plaintiff cites is "all-cause mortality," which represents *all deaths* that occurred in the study and not just cardiovascular-related deaths. Moreover, like APPROVe, Protocol 078 says nothing about the mechanism through which cardiovascular risk might be increased. And, like APPROVe, Protocol 078 did not measure the degree of atherosclerosis in patients before and after Vioxx use and, therefore, cannot support a conclusion that Vioxx accelerates atherosclerosis. Plainly, the Protocol 078 mortality data is irrelevant to plaintiff's claims that Vioxx accelerates atherosclerosis and causes plaque rupture.

      **D.**    **The Rott Study Does Not Establish, Or Constitute A Merck Admission, That Vioxx Accelerates Atherosclerosis.**

Plaintiff includes selective quotes from the Rott study[12] to support his argument that Merck admitted that Vioxx accelerates atherosclerosis, because the study was "financed in part by a grant from Merck." (Pl.'s Opp'n at 20-21.) First, it absurd to suggest that the conclusions of any study for which the authors received any funding from Merck are binding admissions by Merck. Second, the Rott study, which did not involve Vioxx or humans, does not establish that

---

[12] Rott D, Zhu J, Burnett MS, et al., *Effects of MF-tricyclic, a selective cyclooxygenase-2 inhibitor, on atherosclerosis progression and susceptibility to cytomegalovirus replication in apolipoprotein-E knockout mice*, J AM COLL CARDIOL., 2003 May 21;41(10):1818.

Vioxx accelerates atherosclerosis. Indeed, the study's authors acknowledged the limitations of animal studies, and conceded that any association between COX-2 inhibitors and accelerated atherosclerosis remains hypothetical:

> Because of the importance of the implications of the conclusions deriving from our investigation, and because of the intrinsic limitations of an animal model outlined above, *the conclusions must be regarded as tentative and hypothesis generating.*

(Rott at MRK-AEG0053082 (emphasis added).) Dr. Epstein, one of the authors of the Rott study, reconfirmed these limitations during his testimony (via deposition) at the *Barnett* trial. He testified:

> Q: So how long would you estimate three weeks of treatment in a mouse translates into treatment in humans?
>
> A: I wouldn't – I wouldn't – there's no way I could make that estimation.
>
> Q: Would it be improper to say that just because you see an effect on lesion size with MF-tricyclic after three weeks of treatment that that reflects that even in humans you would expect to see an increase in atherosclerosis in a short period of time if you use a Cox-2 inhibitor?
>
> A: I don't think that the results in this model can be so equivalently transferred to patients. It raises that as a question, but certainly our study doesn't definitively answer that.

(Aug. 5, 2006 *Barnett v. Merck* Tr. at 1220:22-1221:9; *see also id.* at 1185:18-24, 1191:2-1192:1, 1196:10-14.) Dr. Epstein also acknowledged that it would be improper to conclude, from the results of the Rott study, that Vioxx accelerates atherosclerosis or causes plaque rupture. (Aug. 10, 2006 *Barnett v. Merck* Tr. at 1235:24-1236:9.)

      **E.    The Board of Scientific Advisors Meeting Minutes Are Not A Merck Admission That Vioxx Accelerates Atherosclerosis Or Causes Plaque Rupture.**

Plaintiff quotes extensively from the minutes from a Merck Board of Scientific Advisors meeting in 1998 – prior to Vioxx going on the market. (Pl.'s Opp'n at 15-17.) Those meeting

minutes do not show that Merck acknowledged that Vioxx accelerates atherosclerosis or causes plaque rupture. Rather, the minutes reflect that the Board considered "potential . . . benefits [and] adverse consequences of selective COX-2 inhibition on coronary heart disease" and note the Board's conclusion that "it is appropriate to ask whether COX-2 expression in monocyte-macrophage-foam cell development regulates the progression of the atherosclerosis that accompanies dyslipidemias, *either positively or negatively*." (Pl.'s Opp'n, Ex. D at MRK-AE10002736-38 (emphasis added); *see also id.* at 15-16.) In other words, far from concluding that Vioxx accelerates atherosclerosis, the Board suggested consideration of whether COX-2s could accelerate *or slow* the progression of atherosclerosis.

Moreover, regardless of what Merck thought, plaintiff has the burden of presenting scientifically reliable evidence of causation. Plaintiff cannot meet that burden – as he has attempted to do here – by relying on Merck documents that do nothing more that acknowledge the existence of hypotheses.

**IV.   CONCLUSION.**

For the reasons stated above and in Merck's underlying motion and prior briefing on this subject, Merck respectfully requests that the Court grant Merck's Motion to Exclude Opinion Testimony by Plaintiff's Experts that Vioxx Accelerates Atherosclerosis or Causes Plaque Rupture.

833773v.1

Dated:  October 10, 2006    Respectfully submitted,

/s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Tarek Ismail
Shayna Cook
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:      312-494-4440

Brian Currey
Catalina J. Vergara
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:      213-430-6407

And

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:      202-434-5029

Attorneys for Merck & Co., Inc.

833773v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Reply Brief in Support of Motion to Exclude Opinion Testimony by Plaintiff's Experts that Vioxx Accelerates Atherosclerosis or Causes Plaque Rupture has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 10th day of October, 2006.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

833773v.1