UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | JUDGE FALLON |
| This document relates to<br>Case No. 06-0810 | * | |
| CHARLES L. MASON, | * | MAGISTRATE JUDGE<br>KNOWLES |
| Plaintiff, | * | |
| v. | * | |
| MERCK & CO., INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**REPLY IN SUPPORT OF MOTION OF MERCK & CO., INC. ("MERCK") TO PRECLUDE IMPROPER REFERENCE TO MERCK'S DEFENSE OF OTHER VIOXX®-RELATED LAWSUITS OR TO THE NUMBER OF <u>TIMES MERCK WITNESSES HAVE TESTIFIED PREVIOUSLY</u>**

**(MOTION IN *LIMINE* NO. 1)**

In his opposition, plaintiff agrees not to make any gratuitous reference to Merck's defense of other Vioxx®-related lawsuits.  Plaintiff also agrees not to make any reference during opening or closing statements to the number of times Merck witnesses have testified at trial.  Furthermore, plaintiff agrees that prior testimony may be used to impeach witnesses, although he neglects to concede that if this situation arises, there is absolutely no need to refer to the fact that the testimony was in a different lawsuit, as explained in Merck's initial motion.

Plaintiff, however, tries to compare apples with oranges by arguing that "if Merck questions Plaintiff's experts about the number of times they have testified for plaintiffs, Plaintiff should be entitled to question Merck's witnesses about the number of times they have testified

833926v.1

on behalf of Merck." (Pl.'s Opp'n. at 1.)  One does not justify the other.  The fact that Merck is allowed to question plaintiff's *experts* about the number of times they have testified goes to their bias, credibility, and financial motivation.  Such reasoning does not apply to Merck's *employees* who are neither paid nor cherry-picked for their opinions.  Questioning Merck's witnesses about the number of times they have testified is clearly an improper attempt to show the jury that other plaintiffs also claim to have suffered injury from Vioxx.  As explained in Merck's initial motion, Merck should not be penalized in this case by the fact that there are thousands of pending Vioxx lawsuits and that it may need to bring the same witnesses to testify at trial after trial, as necessitated by the circumstances.

Thus, pursuant to Federal Rules of Evidence 401 and 403, Merck respectfully requests that the Court preclude all reference to the fact that Merck's fact witnesses have testified in other Vioxx cases, irrespective of any reference to the number of times plaintiff's experts have testified on behalf of plaintiffs.

Dated:  October 10, 2006

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

2

833926v.1

Philip S. Beck
Tarek Ismail
Shayna Cook
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:     312-494-4440

Brian Currey
Catalina J. Vergara
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:     213-430-6407

And

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:     202-434-5029

Attorneys for Merck & Co., Inc.

833926v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Reply In Support Of Motion Of Merck & Co., Inc. ("Merck") To Preclude Improper Reference To Merck's Defense Of Other Vioxx®-Related Lawsuits Or To The Number Of Times Merck Witnesses Have Testified Previously has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 10th day of October 2006.

                                                */s/ Dorothy H. Wimberly*
                                                Dorothy H. Wimberly, 18509
                                                STONE PIGMAN WALTHER WITTMANN L.L.C.
                                                546 Carondelet Street
                                                New Orleans, Louisiana  70130
                                                Phone:  504-581-3200
                                                Fax:     504-581-3361
                                                dwimberly@stonepigman.com

                                                Defendants' Liaison Counsel

833926v.1