UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | JUDGE FALLON |
| This document relates to<br>Case No. 06-0810 | * | |
| CHARLES L. MASON, | * | MAGISTRATE JUDGE<br>KNOWLES |
| Plaintiff, | * | |
| v. | * | |
| MERCK & CO., INC., | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * *

**REPLY BRIEF IN SUPPORT OF MOTION OF MERCK & CO., INC. ("MERCK")
TO EXCLUDE IMPROPER PERSONAL OPINIONS OF DAVID GRAHAM
<u>REGARDING THE FOOD AND DRUG ADMINISTRATION</u>**

**(MOTION IN *LIMINE* NO. 2)**

In the portions of Dr. Graham's testimony highlighted in Merck's motion, Dr. Graham does little more than provide his personal views – unmoored from the facts of this case or the applicable law and regulations – about how and whether Vioxx® should have been approved and marketed.  (*See* Merck's Mot. at 2-3 (collecting testimony).)  Neither reliable methodology nor "first hand experience" informs this testimony, notwithstanding plaintiff's assertions to the contrary.  (Pl.'s Opp'n at 2.)  Dr. Graham's subjective, normative opinions criticizing the FDA would thus be of no assistance to the jury.  For the reasons articulated in Merck's underlying motion, this testimony should be excluded from evidence.

833928v.1

Plaintiff's opposition brief does not compel a different result. Plaintiff advances three arguments, none of which supports admission of Dr. Graham's personal opinions about the FDA:

***First***, plaintiff's argument that Dr. Graham, as an FDA employee, has "first hand experience" that "would be beneficial to the trier of fact" is wrong. (*Id.*; *see also id.* at 3-4.) Plaintiff states that "Dr. Graham's criticisms of the FDA and the regulatory process stem from his expertise and first hand experience as a representative of the FDA." (*Id.* at 3.) He suggests that Dr. Graham "may testify to his perceptions which must be rationally-based." (*Id.* at 4.) But nowhere does plaintiff connect Dr. Graham's supposedly "rationally-based" "perceptions" or "first hand experience" with the facts of this case.[1] As explained in Merck's underlying motion, Dr. Graham was not involved in the FDA's approval or labeling decisions regarding Vioxx, and has no expertise in either the drug approval or labeling process. His testimony is therefore not admissible under Rule 701.

***Second***, plaintiff is similarly incorrect in his assertion that Dr. Graham's opinions criticizing the FDA are admissible under Federal Rule of Evidence 106 or because Merck has opened the door. Testimony that the FDA approved Vioxx does not open the door to criticisms that the FDA does not serve the public. Rule 106 does not work this way, which is obvious from a plain reading of its text: "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." FED. R. EVID. 106. This "rule of completeness" is inapplicable here. Dr. Graham's personal

---

[1] Plaintiff cites *United States v. Polishan*, 336 F.3d 234, 242 (3d Cir. 2003) for the proposition that "[l]ay opinion may be based on the witness' own perceptions." That is precisely the problem here: Dr. Graham's personal views on the approval and regulation of Vioxx are not based on personal knowledge – and they do not qualify as expert testimony either, as explained in Merck's motion and essentially conceded by plaintiff.

2

opinions on the regulatory process are not admissible merely because Merck offers evidence that Vioxx was approved by the FDA as safe and effective during the time it was on the market.

***Third***, Dr. Graham's testimony does run afoul of *Buckman*, and is thus inadmissible under federal preemption principles and Rule 403.[2]  Congress has vested in the FDA the authority to approve and regulate prescription medications.  Allowing a jury to hold Merck liable based on Dr. Graham's opinions second-guessing the FDA's approval of Vioxx would therefore be incompatible with "the scheme established by Congress" to protect the public.  *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 353 (2001).  Moreover, admitting this testimony would confuse and distract the jury from the issues to be determined in this case.

\* \* \*

For the reasons stated above and in Merck's underlying motion, the Court should grant Merck's Motion to Exclude Improper Personal Opinions of David Graham Regarding the Food and Drug Administration.

Dated:  October 10, 2006                             Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

---

[2] Merck notes, in passing, that plaintiff does not address Merck's 403 argument in his opposition brief.  He does, however, make a 403 argument of his own, requesting that "the decisions of the FDA approving or rejecting a drug . . . be excluded from this trial at least under Rule 403 . . . ." (Pl.'s Opp'n at 2.)  Leaving aside whether plaintiff's position has any merit – which it does not – the Court should disregard plaintiff's request, which is not properly raised in opposition.

3

Philip S. Beck
Tarek Ismail
Shayna Cook
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:     312-494-4440

Brian Currey
Catalina J. Vergara
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:     213-430-6407

And

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:     202-434-5029

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Reply Brief in Support of Motion to Exclude Improper Personal Opinions of David Graham Regarding the Food and Drug Administration has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 10th day of October, 2006.

                                                  */s/ Dorothy H. Wimberly*  
Dorothy H. Wimberly, 18509  
STONE PIGMAN WALTHER WITTMANN L.L.C.  
546 Carondelet Street  
New Orleans, Louisiana  70130  
Phone:  504-581-3200  
Fax:     504-581-3361  
dwimberly@stonepigman.com

Defendants' Liaison Counsel

833928v.1