UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 06-0810 | * | |
| | * | MAGISTRATE JUDGE |
| CHARLES L. MASON, | * | KNOWLES |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * | | |

**REPLY BRIEF IN SUPPORT OF MOTION OF MERCK & CO., INC. ("MERCK") TO EXCLUDE EVIDENCE OR ARGUMENT ABOUT
DR. GRAHAM'S "EXCESS EVENTS" CALCULATION**

**(MOTION IN *LIMINE* NO. 3)**

Notwithstanding plaintiff's arguments to the contrary, Dr. Graham's "excess events" estimate is neither reliable nor relevant. Put simply, it is based on flawed methodology and is inconsistent with both the underlying data on which is based and the findings of Dr. Graham's own study. It also has no tendency to prove that Vioxx® caused or contributed to Mr. Mason's alleged injuries, meaning that it is irrelevant and would unduly prejudice Merck if admitted. For these reasons, explained further in Merck's underlying brief, the Court should exclude any evidence of, or reference to, Dr. Graham's "excess events" calculation.

833935v.1

Plaintiff's argument that Dr. Graham's "excess events" calculation is admissible fails on several grounds:

***First***, it is not true that the estimate is "derived from sound, well-founded methodology." (Pl.'s Opp'n at 3.)  Rather, with sleight of hand, Dr. Graham has manipulated the numbers to make two plus two equal five.  Dr. Graham's methodology – which allowed him to reach his opinion that Vioxx caused between 88,000 to 140,000 excess cardiac events in the U.S. population (with 44% leading to a fatal result) – is flawed for at least three reasons:

- The calculation is based on a comparator heart attack rate from non-Vioxx studies.  This is key because, as Dr. Graham admits, the comparator rate dictates the numbers.  (*See* Deposition of David Graham, M.D. ("Graham Dep.") at 429:24-430:3 (testifying that "at the end of the day, the background rate is what drives what that actual estimate of numbers is"), attached hereto as Exhibit A.)  Dr. Graham's decision to use non-Vioxx studies to derive the background rate of heart attacks is not scientifically justifiable.

- While Dr. Graham purports to find an excess number of heart attacks associated with Vioxx use, the underlying data that he relies on for this proposition show the exact *opposite* – namely, that Vioxx users had *fewer* heart attacks. (Graham Dep. at 428:13-19, 432:22-433:1 ("Q: And, again, the real life heart attack rate in both VIGOR and APPROVe was lower than what you say is the normal background rate for people who are not taking any medicine at all, right?  A:  That's correct.").)[1]

- Dr. Graham's "excess events" estimate is also at odds with the findings of his own study.[2]  The Kaiser Permanente data on which his study is based demonstrated no statistically significant increased risk of heart attacks or death associated with the use of 25 mg Vioxx.  (Graham Study at 4, Table 3.)

---

[1] Dr. Graham attempts to defend his methodologically flawed calculation on the ground that the VIGOR study supposedly excluded patients who were likely to develop coronary artery disease. (Graham Dep. at 425:1-14.)  According to Dr. Graham, the rate of heart attacks reported for Vioxx users in the VIGOR study thus underestimates the "true" rate in the general population. (*Id.*)  But this explanation is unavailing.  Dr. Graham conceded that the VIGOR study involved rheumatoid arthritis patients, who are at a *higher* risk of heart attacks than the general population.  (*Id.* at 430:16-431:11.)

[2] Interestingly, the peer reviewers of Dr. Graham's study urged him to take the "excess events" calculation out of his article.  (Graham Dep. at 410:1-23.)

Based on these facts, it is not surprising that Dr. Graham conceded that his "excess events" estimate may not reflect a real number. (Graham Dep. at 430:6-15 (testifying that "we put a number in our paper, and what we were more concerned with was the public health impact of Vioxx exposure than we were with what were the particular numbers").) Based on Dr. Graham's scientifically unsound methodology, this Court should find that Dr. Graham's calculation is unreliable, and should exclude any evidence or argument about it.

***Second***, Dr. Graham's "excess events" estimate is not "relevant to Merck's duty, level of conscious disregard for the safety of the consumer, [or] the unreasonableness and reprehensibility of Merck's conduct when presented with such data." (Pl.'s Opp'n at 3.) Nor is it "relevant to Plaintiff's claims that Merck had notice of the adverse risks associated with Vioxx and failed to adequately study and test the drug before selling it on the market." (*Id.* at 5.) Plaintiff's arguments assume that Merck had knowledge of this data, but that is demonstrably false. Dr. Graham's study was not published until February 2005, five months *after* Vioxx was withdrawn from the market. This Court should reject plaintiff's argument that this evidence is admissible to prove notice.

***Third***, allowing plaintiff to present evidence or argument about Dr. Graham's estimate would unduly prejudice Merck. Again as explained in Merck's underlying motion, if jurors are allowed to hear Dr. Graham's opinion that Vioxx resulted in tens of thousands of excess cases of heart attacks, many of them fatal, they might be inclined to believe – without regard to the specific facts of this case – that Mr. Mason's Vioxx use must have caused his heart attack. That would be a manifestly unfair result.

* * *

3

For the reasons stated above and in Merck's underlying motion, the Court should grant Merck's Motion to Exclude Evidence or Argument About Dr. Graham's "Excess Events" Calculation.

Dated:  October 10, 2006

Respectfully submitted,

/s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Tarek Ismail
Shayna Cook
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:     312-494-4440

Brian Currey
Catalina J. Vergara
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:     213-430-6407

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:     202-434-5029

Attorneys for Merck & Co., Inc.

4

833935v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Reply in Support of Motion to Exclude Evidence or Argument About Dr. Graham's "Excess Events" Calculation has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 10th day of October, 2006.

                                                                */s/ Dorothy H. Wimberly*
                                                                Dorothy H. Wimberly, 18509
                                                                STONE PIGMAN WALTHER
                                                                WITTMANN L.L.C.
                                                                546 Carondelet Street
                                                                New Orleans, Louisiana  70130
                                                                Phone:  504-581-3200
                                                                Fax:     504-581-3361
                                                               dwimberly@stonepigman.com

                                                               Defendants' Liaison Counsel

833935v.1