UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | JUDGE FALLON |
| This document relates to<br>Case No. 06-0810 | * | |
| | * | MAGISTRATE JUDGE<br>KNOWLES |
| CHARLES L. MASON, | * | |
| Plaintiff, | * | |
| v. | * | |
| MERCK & CO., INC., | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * *

**REPLY OF MERCK & CO., INC. ("MERCK") IN SUPPORT OF ITS OMNIBUS
MOTION FOR ORDER EXCLUDING EVIDENCE AND TESTIMONY
<u>RAISED BY MOTIONS PREVIOUSLY DENIED BY THE COURT</u>**

**(MOTION IN *LIMINE* NO. 7)**

Merck hereby submits this reply memorandum in support of its Omnibus Motion in *Limine* to exclude evidence and testimony addressed in motions in *limine* that have been previously presented to and denied or reserved by the Court.  Plaintiff's opposition adds nothing substantive to the analysis of these subjects.  For the reasons stated below and in Merck's prior briefing, the Court should exclude all of the following evidence: (i) all "Warning Letters" and other informal "Untitled Letters" (collectively "informal FDA letters") from the Food and Drug Administration ("FDA"); (ii) evidence relating to the *New England Journal of Medicine*'s ("*NEJM*'s") December 2005 "Expression of Concern;" (iii) marketing and promotional materials

833942v.1

that are unrelated to Mr. Mason or his prescribers; (iv) any evidence or argument suggesting Adverse Event Reports and case reports are sufficient to show causation or fault; (v) unreliable and irrelevant medical and scientific evidence; and (vi) the testimony of Eric J. Topol, M.D. Where the Court is not inclined to change its prior rulings, Merck reasserts these issues simply to preserve Merck's record for appeal.

I. **THE COURT SHOULD EXCLUDE ALL INFORMAL COMMUNICATIONS FROM THE FDA.**

Mr. Mason only opposes Merck's request to exclude informal FDA communications concerning Vioxx, and, in doing so, only asserts selected arguments made in Plaintiff's Opposition to Merck's Motion in *Limine* to Exclude Informal Communications from the FDA Concerning Promotional Materials in *Barnett*. In response, Merck hereby incorporates by reference its Reply Brief in Support of Merck's Motion for Order Excluding Informal Communications From the FDA Concerning Promotional Materials (Motion in *Limine* No. 2), filed in *Barnett v. Merck* on June 23, 2006 (Record Docket No. 5447), and reiterates that such communications from the FDA concerning Vioxx® are irrelevant, confusing, and unduly prejudicial.

Plaintiff has not opposed Merck's request to exclude all informal letters relating to *other* drugs manufactured by Merck, such as Plaintiff's Exhibit 1.2126. As explained in Merck's motion, such materials are particularly irrelevant, prejudicial, and confusing because this case is about Vioxx, not other drugs. Since plaintiff does not disagree, those documents should be excluded on that basis as well.

II. **THE COURT SHOULD EXCLUDE EVIDENCE RELATING TO THE *NEJM*'S DECEMBER 2005 "EXPRESSION OF CONCERN."**

In his opposition to Merck's motion, Mr. Mason concedes that the *NEJM* "Expression of Concern" should not be admitted. (Pl.'s Opp'n. at 6.) However, he contends that witness

testimony about its contents should be permitted. Merck reiterates that all testimony concerning the "Expression of Concern" should be excluded as irrelevant, unduly prejudicial, and inadmissible hearsay. Plaintiff contends that the article is relevant to Dr. Reicin's credibility concerning her work. (*Id*. at 8). In *Barnett*, the Court accepted this argument, holding that Dr. Reicin could be asked, during cross-examination, if she was aware of the document. (*See* Aug. 14, 2006 Tr. in *Barnett v. Merck* at 2389:9-2390:11.) Merck respectfully requests that the Court reconsider its prior decision and exclude testimony regarding the "Expression of Concern."

### III. THE COURT SHOULD EXCLUDE EVIDENCE OF MARKETING AND PROMOTIONAL MATERIALS UNRELATED TO MR. MASON OR HIS PRESCRIBERS.

Merck moves to exclude five categories of documents and testimony regarding marketing efforts that Mr. Mason's nurse practitioner and physician never saw and that had no impact on the decision to prescribe Vioxx to Mr. Mason.[1] Even if any of these exhibits are marginally relevant – which they are clearly not – such relevance is substantially outweighed by the prejudicial effect and waste of time that would result from the documents' admission. Plaintiff has identified no new grounds on which to oppose this motion. Merck respectfully asks the Court to exclude them.

### IV. THE COURT SHOULD PRECLUDE PLAINTIFF FROM USING ADVERSE EVENT REPORTS AND CASE REPORTS TO PROVE CAUSATION OR CULPABILITY.

Plaintiff makes precisely the same arguments made in the Opposition to Merck's Motion in *Limine* to Exclude the Use of Adverse Event Reports (AERs) in the *Plunkett* and *Smith* cases. Accordingly, Merck respectfully relies on the present record and asks the Court to exclude

---

[1] The five categories are: (1) Internal Merck marketing budgets, sales projections, and marketing research, including the marketing efforts reflected therein; (2) Internal Merck communications concerning marketing strategies; (3) Merck's marketing training materials; (4) Notes from meetings between Merck representatives and physicians who were not involved in Mr. Mason's treatment and; (5) Any other materials not viewed by Nurse Olson-Fields or Dr.

(*footnote continued next page*)

833942v.1

evidence of AERs as irrelevant, unreliable, and unduly prejudicial.

## V.  THE COURT SHOULD EXCLUDE UNRELIABLE AND IRRELEVANT MEDICAL AND SCIENTIFIC EVIDENCE.

Plaintiff offers no new arguments in response to Merck's motion. As illustrated in Merck's opening motion, non-probative medical and scientific "evidence," such as statistically insignificant data and investigator-reported data, is unreliable, irrelevant, unduly prejudicial, and almost certain to confuse and mislead the jury. The Court should exclude all of these data and reports, as well as any lay or expert testimony predicated on such evidence.

## VI.  THE COURT SHOULD EXCLUDE THE TESTIMONY OF ERIC J. TOPOL, M.D.

Plaintiff does nothing more than incorporate by reference the oppositions filed by the plaintiffs in *Barnett* and *Smith*. Accordingly, Merck hereby incorporates by reference its Reply Brief in Support of Merck's Motion for Order Excluding the Testimony of Eric J. Topol, M.D. (Motion in *Limine* No. 5), filed in *Barnett v. Merck* on June 30, 2006 (Record Docket No. 5639) and reiterates that any testimony from Dr. Topol that either post-dates Mr. Mason's injury or goes beyond the scope of Dr. Topol's expertise should be excluded.

## VII.  CONCLUSION.

For the reasons stated above and in Merck's prior briefing, Merck respectfully requests that the Court exclude: (i) all informal FDA letters; (ii) evidence relating to the *NEJM*'s December 2005 "Expression of Concern"; (iii) marketing and promotional materials that are unrelated to Mr. Mason or his prescribers; (iv) any evidence or argument suggesting AERs are sufficient to show causation or fault; (v) unreliable and irrelevant medical and scientific evidence; and (vi) the testimony of Eric J. Topol, M.D.

---

Vogeler but offered to prove that Merck fraudulently misrepresented or concealed risks associated with Vioxx.

Dated: October 10, 2006

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Tarek Ismail
Shayna Cook
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
Phone: 312-494-4400
Fax: 312-494-4440

Brian Currey
Catalina J. Vergara
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: 213-430-6000
Fax: 213-430-6407

And

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax: 202-434-5029

Attorneys for Merck & Co., Inc.

5

833942v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Reply Of Merck & Co., Inc. ("Merck") In Support Of Its Omnibus Motion For Order Excluding Evidence And Testimony Raised By Motions Previously Denied By The Court has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 10th day of October, 2006.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

833942v.1