

RECEIVED

2006 JAN -5 A 10: 48

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE VIOXX | * | MDL |
| PRODUCTS LIABILITY LITIGATION | * | DOCKET NO. 1657 |

| | |
|---|---|
| WILLIAM JEFFRIES, et al., | NORTHERN DISTRICT OF OHIO |
| Plaintiffs, | CASE NO. 1:05-CV-02547-DDD |
| vs. | |
| MERCK AND CO., INC., et al., | |
| Defendants. | |

## MOTION TO VACATE CONDITIONAL TRANSFER ORDER FOR "TAG ALONG ACTION"

Pursuant to Rule 7.4(d), J.P.M.L., Defendants Massillon Community Hospital, Lokendra B. Sahgal, M.D., and Rudy P. Zarate, M.D. ("Defendants Massillon, Sahgal and Zarate/moving Defendants") respectfully submit this Motion to Vacate, as to these moving Defendants, this Panel's December 6, 2005 Order conditionally transferring this action to the Eastern District of Louisiana with the *In re VIOXX Marketing, Sales Practices and Products Liability Litigation*



proceeding. Reasons in support of this Motion to Vacate are set forth more fully in the Memorandum in Support, filed contemporaneously herein.

Respectfully submitted,

_____
Stacy A. Ragon (0066923)
sragon@ralaw.com
Jennifer L. Souza (0070001)
jsouza@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH 44308
Telephone: 330.376.2700
Facsimile: 330.376.4577
ATTORNEYS FOR DEFENDANT,
RUDY P. ZARATE, M.D.


*Per authorization*_____
Marc W. Groedel, Esq.
Reminger & Reminger
1400 Midland Building
101 Prospect Avenue West
Cleveland, OH  44115-1093
1-216-687-1311
1-216-687-1841 (fax)
mgroedel@reminger.com
ATTORNEY FOR DEFENDANT,
LOKENDRA B. SAHGAL, M.D.

2

*Per authorization*
D. Cheryl Atwell, Esq.
Reminger & Reminger Co., LPA
200 Courtyard Square
80 South Summit Street
Akron, OH 44308
330-375-1311
330-375-9175 (fax)
catwell@reminger.com
ATTORNEY FOR DEFENDANT,
MASSILLON COMMUNITY HOSPITAL

**PANEL SERVICE LIST (EXCERPTED FROM CTO-34)**
**DOCKET NO. 1657**
**IN RE VIOXX MARKETING, SALES PRACTICES AND**
**PRODUCTS LIABILITY LITIGATION**

This will certify that a true copy of the foregoing was served upon the following parties via regular U.S. mail, postage prepaid, on the ___4th___ day of January, 2006:

D. Cheryl Atwell, Esq.
Reminger & Reminger, Co., LPA
200 Courtyard Square
80 South Summit Street
Akron, OH  44308

Alexandra V. Boone, Esq.
Morgan & Weisbrod, LLP
11551 Forest Central Drive
Suite 300
P.O. Box 821329
Dallas, TX  75382-1329

Marc W. Grodel, Esq.
Reminger & Reminger
1400 Midland Building
101 Prospect Avenue West
Cleveland, OH  44115-1093

Rus M. Herman, Esq.
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, LA  70113

Norman C. Kleinberg, Esq.
Hughes Hubbard & Reed, LLP
One Battery Park Plaza
12th Floor
New York, NY  10004-1482

John A. Lancione, Esq.
Lancione & Lancione
Suite 2945
200 Public Square
Cleveland, OH  44114

Rebecca C Sechrist, Esq.
Bunda, Stutz & DeWitt
One SeaGate
Suite 650
Toledo, OH 43604

Phillip A. Wittmann, Esq.
Stone, Pigman, Walther & Wittman, LLC
263 Third Street, 5th Floor
Baton Rouge, LA 70801

/s/ 
Stacy A. Ragon
Jennifer L. Souza

1314296.1.061739.0790

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE VIOXX | * | MDL |
| PRODUCTS LIABILITY LITIGATION | * | DOCKET NO. 1657 |

WILLIAM JEFFRIES, et al.,     NORTHERN DISTRICT OF OHIO

           Plaintiffs,     CASE NO. 1:05-CV-02547-DDD

vs.

MERCK AND CO., INC., et al.,

           Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER OF "TAG ALONG ACTION"

### Facts and Procedural History

Defendants Massillon Community Hospital, Lokendra B. Sahgal, M.D., and Rudy P. Zarate, M.D. ("Defendants Massillon, Sahgal and Zarate/moving Defendants"), all citizens of Ohio, are medical service providers licensed to render medical treatment in Ohio. These citizens of Ohio remain parties in federal VIOXX litigation over their objections and against the fundamental requirement of diversity of citizenship.

On September 28, 2005, William Jeffries and his wife, citizens of the State of Ohio, filed their Complaint in state court in Ohio against Defendants Massillon, Saghal and Zarate, citizens and entities of the State of Ohio, and also against Defendant Merck. The Complaint alleges medical malpractice claims against Defendants Massillon, Sahgal, and Zarate, and alleges Defendants Massillon, Saghal and Zarate were negligent and/or committed fraud by prescribing VIOXX® to Plaintiff William Jeffries, despite knowing of the risks of doing so. Complaint, ¶¶5.37 to 6.01.

The Complaint also contains allegations against Merck which are apparently contradictory to those levied against these moving Defendants. The Complaint alleges that Defendant Merck and Co., Inc. ("Merck") knew of an alleged increased risk associated with VIOXX® and failed to disclose these risks to the medical community, including the moving Defendants, and to consumers. Complaint, ¶¶4.01 to 5.36.

On October 31, 2005, Defendant Merck removed this action to the United States District Court in the Northern District of Ohio and simultaneously filed a Motion to Stay Proceeding Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation. Merck's Notice of Removal alleged that the federal court had subject matter jurisdiction pursuant to 28 U.S.C. §1332 because (1) the amount in controversy exceeds the sum of $75,000 exclusive of costs and interest and (2) there is complete diversity of citizenship, despite the inclusion of three non-diverse Defendants. Merck alleged that Plaintiffs "fraudulently joined" these moving, nondiverse Defendants, a position with which these Defendants agree. Merck further alleged that the citizenship of these Defendants should

2

be ignored for purposes of determining federal jurisdiction due to their fraudulent joinder.[1] Three days after Merck filed its Notice of Removal and Motion to Stay, Northern District of Ohio Judge Dowd granted Merck's Motion to Stay.

On November 30, 2005, these moving nondiverse Defendants requested that Judge Dowd lift the stay and decide whether complete diversity of citizenship and thus, federal jurisdiction, existed.[2] Moving Defendants reasoned that so long as they remain parties to this action, there is no federal jurisdiction. Defendant Merck opposed this request and argued that Judge Dowd should reinstitute the stay and allow Judge Fallon in the MDL Court to decide the fundamental jurisdictional issue of whether diversity exists between the parties to this action.[3] Judge Dowd, by his Order of December 9, 2005, reinstituted the Stay and deferred resolution of the jurisdictional issue to this Panel.[4]

Merck seeks consolidation of this action with the *In re Vioxx Marketing, Sales Practices and Products Liability Litigation,* MDL-1657. These moving Defendants are not parties in any other case consolidated by this Panel as part of the *In re Vioxx Marketing, Sales Practices and Products Liability Litigation,* MDL-1657.

This Panel's Conditional Transfer Order, CTO-34, filed December 6, 2005, conditionally transferred this action as a "tag along action" to the Eastern District of

---

[1] Fraudulent joinder is a term of art. *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318 (9th Cir.1998), quoting *McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir.1987) "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Alexander v. Electronic Date Systems Corp.,* 13 F.3d 940; 949 (6th Cir.1994). As explained in Merck's Notice of Removal, to prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. See *Alexander,* 13 F.3d at 949.
[2] See Joint Motion to Lift Stay and Request Ruling on Jurisdictional Matters.
[3] For reasons unknown, Plaintiffs remain silent and have not expressed their position on this issue at any time, despite many opportunities.
[4] See December 9, 2005 Order.

Louisiana and assigned it to Judge Fallon. All three moving Defendants filed Notices of Opposition to this Conditional Transfer Order.

These moving Defendants request that this Panel either vacate its Conditional Transfer Order, CTO-34 and order their dismissal. This action should not be transferred to another federal court unless and until federal subject matter jurisdiction is first established by the required and necessary dismissal of these moving, nondiverse Defendants. Alternatively, these moving Defendants request that this Panel vacate its Conditional Transfer Order-34 and remand this action to Northern District of Ohio so that Judge Dowd may decide whether federal jurisdiction exists.

### There is No Federal Subject Matter Jurisdiction

Complete diversity is an absolute requirement for federal jurisdiction. 28 U.S.C. §1332(a)(1). If there is no complete diversity, there is no federal jurisdiction. Jurisdiction is the power to declare the law and when it ceases to exist, the only function remaining to the court is that of announcing that fact and dismissing the cause. *Ex Parte McCardle*, 74 U.S. Jurisdiction is a concept of fundamental concern. When the question of subject matter jurisdiction is raised, a court must resolve it as a preliminary matter before taking any other action in the case. *Steel Company v. Citizens for a Better Environment*, 523 U.S. 83, 101-02, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). In fact, jurisdiction is a "first and fundamental question" that a court is "bound to ask and answer for itself." *Id.* (citations omitted).

4

These moving Defendants now ask this Panel to answer this first and fundamental question before taking any action to transfer this case to another federal court. The simple fact is, while these three Defendants remain parties to this action, there can be no federal jurisdiction. Without federal jurisdiction, this action cannot be transferred to the federal MDL Court in Louisiana. The United States Court of Appeals for the Sixth Circuit, where this action is still pending, stated in no uncertain terms that, no matter how desirable consolidation may be, such a transfer cannot be made unless the district court properly has jurisdiction of the subject matter of the case. *BancOhio Corp. v. Fox*, 516 F.2d 29 (C.A.6 1975). Therefore, before any other action can occur, including the transfer of this matter to the Eastern District of Louisiana, this Panel should determine the fundamental jurisdiction issue: whether there is complete diversity of citizenship between the parties.

For federal jurisdiction to exist, this Panel must order the dismissal of these moving Defendants and end their involvement in continuing federal litigation. Alternatively, this Panel should order the remand of this matter to the Northern District of Ohio so that Judge Dowd can determine whether diversity of citizenship exists in this action. Judge Dowd, as the transferor judge should decide this issue and it is within his authority to do so. *Brock v. Stolt-Nielsen*, 2004 WL 1837934 (N.D.Cal. August 17, 2004),

WHEREFORE, for all of the reasons discussed in this Memorandum, Defendants Massillon, Saghal and Zarate respectfully request that the Panel vacate its December 6, 2005 Order conditionally transferring this action to the United States District Court in the

5

Eastern District of Louisiana and dismiss these moving Defendants. In the alternative, Defendants respectfully request that the Panel vacate its conditional transfer order and remand the matter to the Northern District of Ohio.

Respectfully submitted,

*[signature]*

Stacy A. Ragon (0066923)
sragon@ralaw.com
Jennifer L. Souza (0070001)
jsouza@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH 44308
Telephone: 330.376.2700
Facsimile: 330.376.4577
ATTORNEYS FOR DEFENDANT,
RUDY P. ZARATE, M.D.


*Per authorization*
Marc W. Groedel, Esq.
Reminger & Reminger
1400 Midland Building
101 Prospect Avenue West
Cleveland, OH  44115-1093
1-216-687-1311
1-216-687-1841 (fax)
mgroedel@reminger.com
ATTORNEY FOR DEFENDANT,
LOKENDRA B. SAHGAL, M.D.

6

<u>Per authorization</u>
D. Cheryl Atwell, Esq.
Reminger & Reminger Co., LPA
200 Courtyard Square
80 South Summit Street
Akron, OH  44308
330-375-1311
330-375-9175 (fax)
catwell@reminger.com
ATTORNEY FOR DEFENDANT,
MASSILLON COMMUNITY HOSPITAL

PANEL SERVICE LIST (EXCERPTED FROM CTO-34)
DOCKET NO. 1657
IN RE VIOXX MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION

This will certify that a true copy of the foregoing was served upon the following parties via regular U.S. mail, postage prepaid, on the 4th day of January, 2006:

D. Cheryl Atwell, Esq.
Reminger & Reminger, Co., LPA
200 Courtyard Square
80 South Summit Street
Akron, OH 44308

Alexandra V. Boone, Esq.
Morgan & Weisbrod, LLP
11551 Forest Central Drive
Suite 300
P.O. Box 821329
Dallas, TX 75382-1329

Marc W. Grodel, Esq.
Reminger & Reminger
1400 Midland Building
101 Prospect Avenue West
Cleveland, OH 44115-1093

Rus M. Herman, Esq.
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, LA 70113

Norman C. Kleinberg, Esq.
Hughes Hubbard & Reed, LLP
One Battery Park Plaza
12th Floor
New York, NY 10004-1482

John A. Lancione, Esq.
Lancione & Lancione
Suite 2945
200 Public Square
Cleveland, OH 44114

8

Rebecca C Sechrist, Esq.
Bunda, Stutz & DeWitt
One SeaGate
Suite 650
Toledo, OH 43604

Phillip A. Wittmann, Esq.
Stone, Pigman, Walther & Wittman, LLC
263 Third Street, 5th Floor
Baton Rouge, LA 70801

_____
Stacy A. Ragon
Jennifer L. Souza

1314294.1.061739.0790

9