UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx® | * | MDL Docket No. 1657 |
| | * | |
| **PRODUCTS LIABILITY** | * | **SECTION L** |
| **LITIGATION** | * | |
| | * | **JUDGE FALLON** |
| This document relates to: | * | |
| | * | **MAGISTRATE** |
| Linda M. Cable v. Merck & Co., Inc., | * | **JUDGE KNOWLES** |
| 05-cv-04759, And Only Regarding | * | |
| Sheila McCoy, Ann L. Ramsey | * | |
| representing the estate of Alisa Ann | * | |
| Thomas, and Robert K. Ford. | * | |
| | * | |
| Rueben Miranda Velez v. Merck & Co., | * | |
| Inc., 05-cv-04590, And Only Regarding | * | |
| Rosa Otero Soto, Teresa Oquendo | *. | |
| Rivera, and Maria M. Rosario Rivera. | * | |
| | * | |
| Antonia Acosta Cabrera v. Merck & Co., | * | |
| Inc., 05-cv-04589, And Only Regarding | * | |
| Minerva Torres Torres Individually and | * | |
| on behalf of the estate of Gilberto | * | |
| Candelario Figueroa, Pedro Castillo | * | |
| Torres, and Jose E. Collazo Serrano. | * | |
| | * | |
| Johnny E. Anderson v. Merck & Co., | * | |
| Inc., 05-cv-04762, And Only Regarding | * | |
| Carrie T. Dixon. | * | |
| | * | |

* * * * * * * * * * * * * * * * * *     *

## DEFENDANT MERCK & CO., INC.'S RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASES SHOULD NOT BE DISMISSED FOR PROVIDING A GROSSLY DEFICIENT PLAINTIFF PROFILE FORM IN CONTRAVENTION OF PRE-TRIAL ORDER NO. 18C

NOW INTO COURT, Defendant Merck & Co., Inc. ("Merck"), through its

undersigned counsel, moves the Court for entry of an Order requiring Plaintiffs in the above

captioned cases to show cause why their individual claims should not be dismissed with

prejudice for failing to provide a responsive Plaintiff Profile Form ("PPF") as required by Pre-Trial Order No. 18C ("PTO 18C"). A full list of these cases and Plaintiffs is included in Exhibit A of this Memorandum. As more fully set forth below in the accompanying memorandum and exhibits, Plaintiffs in these cases have provided PPFs that are wholly non-responsive and grossly deficient. After repeated written requests that Plaintiffs provide a complete and responsive PPF, as required by PTO 18C, these Plaintiffs have failed to furnish a responsive PPF or even respond to said requests.

## BACKGROUND

On June 23, 2006, the Court entered PTO 18C.[1]  PTO 18C governs, among other things, the service and production requirements for PPFs and PPF-related documents. (PTO 18C ¶ 1.) PTO 18C directs plaintiffs to produce "*complete and verified* PPFs, signed and dated Authorizations, and all responsive documents" by specific deadlines. (*Id.* ¶ 2.) (emphasis added) PTO 18C provides one twenty-day extension of time to plaintiffs who fail to provide fully responsive PPFs. (*Id.* ¶ 4.) It also mandates that "[n]o other extensions will be granted." (*Id.*)

Pursuant to Paragraph 4 of PTO 18C, Merck notified Abraham, Watkins, Nichols, Sorrels, Matthews & Friend ("Abraham Watkins"), attorneys for each of the above-referenced Plaintiffs, by individual letters via fax and mail, that these Plaintiffs had served grossly deficient PPFs lacking basic and essential information to support their claims. (*See* Ex A. & Exs. L-U. Each grossly deficient PPF is annexed hereto as Exs. B-K.) In accordance with Paragraph 4 of PTO 18C, each Plaintiff who submitted a grossly deficient PPF was provided a twenty-day extension to provide a complete and verified PPF. (*See* Exs. L-U.) After waiting more than two

---

[1] PTO 18C supersedes PTO 18, entered on August 4, 2005, PTO 18A, entered on August 16, 2005, and PTO 18B, entered on September 14, 2005.

834044v.1

·months for Plaintiffs' to cure their deficiencies and provide complete and verified PPFs, Merck again notified Abraham Watkins by letters via fax and mail that these PPFs continued to remain seriously deficient in contravention of PTO 18C. As a professional courtesy, Merck provided Plaintiffs' Counsel with an additional ten days to provide complete and responsive PPFs. (*See* Exs. V-EE.) Exhibit A attached hereto, identifies the names, case captions, and docket numbers of Abraham Watkins plaintiffs who provided grossly deficient PPFs. Exhibit A also lists the date each grossly deficient PPF was received and the dates that Merck provided Plaintiffs Counsel with notices that they were in violation of PTO 18C. Each notice also cautioned Abraham Watkins that if it did not serve a complete and responsive PPF within the time requested, Merck would seek dismissal of Plaintiffs' claims without further notice.

More than a month has now elapsed since Merck's second notice letters, and Plaintiffs' Counsel has neither produced a complete and responsive PPF for these plaintiffs nor even responded to any of Merck's notices. Indeed, more than *six* months have now passed since Plaintiffs' PPFs, authorizations and responsive documents were originally due. While four plaintiffs provided the necessary medical authorizations that are required by PTO 18C, these authorizations were either incomplete, i.e. unsigned and/or undated, or ostensibly useless because the PPFs provided lacked critical information such as the names or addresses of the plaintiffs' medical providers and/or doctors for Merck to begin record collection.[2] Accordingly,

---

[2] Out of the 10 plaintiffs listed above, only four plaintiffs (Rosa Otero Soto, Jose E. Collazo Serrano, Minerva Torres Torres Individually and on behalf of the estate of Gilberto Candelario Figueroa, and Pedro Castillo Torres) attached signed medical authorizations when they submitted their PPFs. Moreover, two of these plaintiffs failed to date their authorizations. Additionally, only three of the plaintiffs provided medical records as required by Section VI of the PPF. Two of these plaintiffs, Alisa Ann Thomas and Jose E. Collazo Serrano, have only provided one page each of records and the third plaintiff, Sheila McCoy, only 19 pages (Ms. McCoy's PPF, however, failed to provide any information regarding the names or addresses of plaintiff's medical providers in Section VII).

3

Merck now moves, pursuant to Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b), to dismiss the claims of the Plaintiffs listed above because they have failed to comply with PTO 18C.

## ARGUMENT

This Court should dismiss each of these Plaintiffs' claims with prejudice, pursuant to Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b), because Plaintiffs have failed to comply with PTO 18C and because they have stonewalled discovery by serving grossly deficient PPFs. The language of PTO 18C is mandatory in that:

> Plaintiffs who fail to provide *complete and verified* PPFs ... within the time periods set forth hereinabove shall be given notice by e-mail or fax from Defendants' Liaison Counsel or his designee and shall be given twenty (20) additional days to cure such deficiency. *No other extensions will be granted.*

(PTO 18C ¶ 4) (emphasis added).  Pursuant to this paragraph, Merck notified Abraham Watkins on two separate occasions that Plaintiffs had failed to serve complete and verified PPFs. (*See* Exs. L-EE.)  Furthermore, as early as January 3, 2006 Merck notified this Court and the Plaintiffs' Steering Committee ("PSC") that it intended to move "to dismiss the complaints of those plaintiffs who fail[ed] to cure deficiencies after due notice." (Joint Report No. 10, at 8.) Despite receiving multiple chances to cure their deficiencies, the above-specified Plaintiffs continue to fail to fulfill their mandatory discovery obligations.

By providing grossly deficient PPFs and by failing to provide signed and dated medical authorizations, Plaintiffs have failed to comply with the discovery obligations outlined in PTO 18C.  Under such circumstances, Rules 16(f), 37(b)(2)(c), and 41(b) provide for the dismissal of a party's claims as an appropriate sanction for failing to comply with a court order. *See* Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b); *see also Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (affirming District Court's dismissal of plaintiff's

4

complaint for plaintiff's failure to timely respond to interrogatories).  Likewise, in *Acuna v.*

*Brown & Root, Inc.*, 200 F.3d 335 (5th Cir. 2000), *cert. denied*, 530 U.S. 1229, the Fifth Circuit

Court of Appeals recognized the District Court's power to dismiss cases for plaintiffs' failure to

provide basic information about their claims.  The Court noted that in so-called "mass tort"

cases, plaintiffs may be required to provide basic information about their claims by way of

pretrial order:

> The scheduling orders issued below essentially required that
> information which plaintiffs should have had before filing their
> claims pursuant to Fed. R. Civ.P. 11(b)(3).  Each plaintiff should
> have had at least some information regarding the nature of his
> injuries, the circumstances under which he could have been
> exposed to harmful substances, and the basis for believing that the
> named defendants were responsible for his injuries.

*Id.* at 340.  The Fifth Circuit therefore affirmed the District Court's dismissal of the claims of

1,600 plaintiffs for their failure to provide this basic information.

> The affidavits supplied by the plaintiffs did not provide this
> information.  The district court did not commit clear error or an
> abuse of discretion in refusing to allow discovery to proceed
> without better definition of plaintiffs' claims.

*Id.* at 340-41.  In the present case, Plaintiffs have not only failed to provide basic and essential

information regarding their claims, but they have failed to cure these omissions after repeated

notices.  Thus, as in *Acuna*, this Court should dismiss Plaintiffs' claims for failing to comply

with the Court's pretrial order regarding initial discovery.

In addition to Plaintiffs' failure to comply with this Court's orders, Plaintiffs'

claims should also be dismissed for the resulting harm that their silence causes Defendant.  *See*

*Hickman v. Fox Television Station Inc.*, 231 F.R.D. 248, 253 (S.D. Tex. 2005).  In the PPFs

provided by Plaintiffs, basic information, such as the nature of their injuries, Vioxx use dates,

medical background, and the names and addresses of their prescribing physicians and medical

5

834044v.1

providers were not provided. (*See* Exs. B-K.) Rule 37 states that an "evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3). Moreover, a plaintiff's memory, even if imperfect, is not a sufficient excuse for refusing to answer discovery. *See Bryant v. United States ex rel. U.S. Post Office*, 2006 WL 305661, at *3-4 (6th Cir. Feb. 9, 2006) (affirming district court's dismissal of plaintiff's complaint under Rule 37 for plaintiff's alleged bad memory with regard to her medical history). Without a complete PPF, signed medical authorizations, or plaintiff's medical records, Merck lacks critical information about Plaintiff's claims. Furthermore, without the proper authorizations Merck cannot investigate plaintiff's claims or gather the information needed to properly defend itself. As time passes without complete and responsive answers and signed medical authorizations, Merck is prejudiced as memories fade, medical records are destroyed or misplaced, and witnesses cannot be found or die.

Plaintiffs cannot demonstrate that their failure to comply with PTO 18C was due to inadvertence or an honest misunderstanding and, therefore, their cases should be dismissed with prejudice. Not only does PTO 18C require plaintiffs to serve on Merck a complete and verified PPF, authorizations for release of medical records, and responsive documents by a specified date, but it also cautions plaintiffs that they will only be permitted one twenty-day extension to cure deficient PPFs. As noted above, Merck provided Abraham Watkins not only with a twenty-day extension, but also with an additional ten-day extension. Several months have now gone by since Merck's first notice letter and over a month has gone by since Merck's second warning letter and still Plaintiffs have not complied nor responded to any of Merck's notices. It is especially appropriate to dismiss actions with prejudice for failure to produce a complete PPF where plaintiffs, such as here, have already received express warnings that such

6

834044v.1

violations would result in dismissal with prejudice. In *In re Propulsid Prod. Liab. Litig.*, MDL 1355, this Court dismissed various plaintiffs' claims with prejudice for failing to comply with the applicable deadlines for providing profile forms in that proceeding. 2003 WL 22383576, at *1 (E.D. La. Oct. 16, 2003). Here, Merck notified Abraham Watkins on more than one occasion that it intended to seek the dismissal of Plaintiffs' claims if they failed to provide responsive PPFs as required by PTO 18C. By not responding, Plaintiffs have flouted both PTO 18C and Merck's warning letters. Accordingly, this Court should dismiss Plaintiffs' claims with prejudice.

Finally, by failing to provide a complete and responsive PPFs and signed medical authorizations, Plaintiffs are postponing the litigation and consequently encouraging other plaintiffs to do the same. The Supreme Court has held that deterrence is one important purpose of Rule 37 sanctions:

> [A]s in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.

*Nat'l Hockey League*, 427 U.S. at 643. In light of plaintiffs' total disregard for the mandatory requirements of PTO 18C, Merck urges this Court to enforce the order as written and dismiss Plaintiffs' cases with prejudice.

7

## CONCLUSION

For the foregoing reason, Defendant respectfully asks the Court to order Abraham Watkins to appear before this Court and show cause why these plaintiffs' claims should not be dismissed with prejudice for failure to provide a responsive and complete Plaintiff Profile Form ("PPF") as required by Pre-Trial Order No. 18C

DATED:  October 11, 2006

Respectfully submitted,

/s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

834044v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Rule to Show Cause has been served

on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand

delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File

& Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was

electronically filed with the Clerk of Court of the United States District Court for the Eastern

District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing

in accord with the procedures established in MDL 1657, on this 11th day of October, 2006.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

834044v.1