UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX | MDL DOCKET NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| | JUDGE FALLON |
| This Document Relates To:<br>*William Jeffries, et al. v. Merck & Co., et al.*<br>2:06-CV-01987-EEF-DEK | MAG. JUDGE KNOWLES |

### DEFENDANT, RUDY P. ZARATE, M.D.'s MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION TO REMAND

Defendant, **Rudy P. Zarate, M.D**. ("Dr. Zarate"), through undersigned counsel, and pursuant to Fed.R.Civ.Proc. 12(b)(1), 28 U.S.C. §1332 and §1447, moves this Court to dismiss Plaintiffs' Complaint.  Dr. Zarate was fraudulently joined as a defendant for the sole purpose of preventing the adjudication of this lawsuit in federal court.  Alternatively, Dr. Zarate requests that this Court dismiss this matter for lack of subject matter jurisdiction since complete diversity of citizenship does not exist as required by 28 U.S.C. 1332.  Should this Court not dismiss this matter for lack of subject matter jurisdiction, then Dr. Zarate request that this Court remand this

1349257 v_01 \ 061739.0790

matter to the Court of Common Pleas, Cuyahoga County, Ohio, for the same reason.[1]  In support of this Motion, Defendant Rudy P. Zarate, M.D. avers as follows:

1. Plaintiffs, William Jeffries and Shirley Jeffries, initiated this action by filing their Complaint against Defendants Merck & Company, Massillon Community Hospital, Lokendra Sahgal, M.D. and Rudy Zarate, M.D. in the Court of Common Pleas, Cuyahoga County, Ohio, on September 28, 2005.  A true and correct copy of Plaintiffs' Complaint is attached hereto as Exhibit "A."

2. On October 31, 2005, Defendant Merck & Company ("Merck") filed a Notice of Removal, removing Plaintiffs' actions to the United States District Court, Northern District of Ohio, Eastern Division.  A true and correct copy of Merck's Notice of Removal is attached hereto as Exhibit "B."

3. Merck contended that its removal of Plaintiffs' Complaint from the Court of Common Pleas, Cuyahoga County, Ohio, was proper because:

   a. the amount in controversy exceeds the sums of $75,000 exclusive of costs and interest; and

   b. there is complete diversity of citizenship.

4. At the time of removal, Defendants Massillon Community Hospital, Lokendra Sahgal, M.D. and Rudy Zarate, M.D. were citizens of Ohio.

5. 28 U.S.C. §1441(b) provides:

   (b) Any civil action of which the district courts have original jurisdiction founded on a claim of right or arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship of the residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and

---

[1] While this matter was awaiting transfer to the MDL, the Cuyahoga County Court of Common Pleas transferred venue of this case to the Stark County Court of Common Pleas in Canton, Ohio.

>> served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. §1441(b) (emphasis added).

6. Under 28 U.S.C. 1441(b), actions in which the parties are citizens of different states "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Malliulien v. Executive Risk Indemnity*, 254 F.Supp.2d 521, 526 (2003).

7. To avoid the operation of 28 U.S.C. §1441(b), Merck contends that Defendants Massillon Community Hospital, Lokendra Sahgal, M.D. and Rudy Zarate, M.D. were all fraudulently joined. See, Exhibit "B.".

8. Where removal is sought in a case involving numerous defendants, there must be unanimous consent to removal on the part of the defendants.

9. Merck has not obtained Defendants' unanimous consent to removal.

10. For these reasons, this action should be dismissed, or alternatively, remanded to the Court of Common Pleas, Cuyahoga County, Ohio.

Respectfully submitted,

*/s/ Stacy A. Ragon*_____
Stacy A. Ragon (Ohio Bar No. 0066923)
sragon@ralaw.com
Jennifer L. Souza (Ohio Bar No. 0070001)
jsouza@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH 44308
Telephone: 330.376.2700
Facsimile: 330.376.4577

ATTORNEYS FOR DEFENDANT,
RUDY P. ZARATE, M.D.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX<br><br>PRODUCTS LIABILITY LITIGATION<br><br><br>This Document Relates To:<br>***William Jeffries, et al. v. Merck & Co., et al.***<br>2:06-CV-01987-EEF-DEK | MDL DOCKET NO. 1657<br><br>SECTION L<br><br>JUDGE FALLON<br><br>MAG. JUDGE KNOWLES |

### MEMORANDUM OF LAW IN SUPPORT DEFENDANT, RUDY P. ZARATE, M.D.'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION TO REMAND

### I.     PROCEDURAL BACKGROUND

Defendants Massillon Community Hospital, Lokendra B. Sahgal, M.D., and Rudy P. Zarate, M.D. ("the Healthcare Defendants"), all citizens of Ohio[2], are medical service providers licensed to render medical treatment in Ohio. These citizens of Ohio remain parties in federal VIOXX litigation over their objections and against the fundamental requirement of diversity of citizenship required by 28 U.S.C. 1332.

---

[2] At the time of the filing of Plaintiffs' Complaint. Diversity of citizenship is gauged by the parties' citizenship at the time the complaint was filed. *DeSoto v. Pride Enterprises*, E.D. La. Case No. Civ.A. 03-1868, 2004 WL 414958 (E.D.La. 2004), citing *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir.1974).

1349257 v_01 \ 061739.0790

On September 28, 2005, William Jeffries and his wife filed their Complaint in the Court of Common Pleas, Cuyahoga County, Ohio, against four defendants: Merck & Co., Massillon Community Hospital, Lokendra Sahgal, M.D., and Rudy Zarate, M.D.  A true and correct copy of this Complaint is attached hereto as Exhibit "A".  At all times material, Plaintiffs were resident citizens of the State of Ohio.  (Exhibit "A", ¶1.01).  Further, at all times material, Dr. Zarate, Dr. Saghal and Massillon Community Hospital ("the Healthcare Defendants") were citizens of the State of Ohio.  (Exhibit "A", ¶¶1.03 to 1.05).

The Complaint alleges two apparently contradictory sets of allegations against the four Defendants.  The Complaint first alleges a medical malpractice claim against Defendants Massillon, Sahgal, and Zarate under Ohio law.  Specifically, Plaintiffs allege these Defendants were negligent and/or committed fraud by prescribing VIOXX® to Plaintiff William Jeffries, despite knowing of the risks of doing so. (Exhibit "A", ¶¶5.37 to 6.01).

The overwhelming majority of allegations in Plaintiffs' Complaint, however, are against Merck and those allegations are contradictory to those levied against the Healthcare Defendants.  According to the Complaint, Defendant Merck and Co., Inc. ("Merck") knew of an alleged increased risk associated with VIOXX® and failed to disclose these risks to the medical community and to consumers.  (Exhibit A, ¶¶4.01 to 5.36).  As a result of the actions of all of the Defendants, Plaintiffs allege they suffered injuries.

On October 31, 2005, Defendant Merck removed this action to the United States District Court for the Northern District of Ohio, Eastern Division, and simultaneously filed a Motion to Stay Proceeding Pending Transfer Decision by the Judicial Panel on Multidistrict Litigation. (True and correct copies Merck's Notice of Removal and Motion to Stay are attached hereto as

Exhibits "B" and "C" respectively).[3] Merck's Notice of Removal alleged that the federal court had subject matter jurisdiction pursuant to 28 U.S.C. §1332 because (1) the amount in controversy exceeds the sum of $75,000 exclusive of costs and interest and (2) there is complete diversity of citizenship, despite the inclusion of three non-diverse Defendants, including Dr. Zarate.  Dr. Zarate did not join or consent to the removal of this action from the Court of Common Pleas, Cuyahoga County, Ohio.  Merck's Notice of Removal alleged that Plaintiffs "fraudulently joined" the non-diverse Defendants, a position with which Dr. Zarate agrees. Merck further alleged that the citizenship of these non-diverse Defendants should be ignored for purposes of determining federal jurisdiction due to their fraudulent joinder.[4]  Three days after Merck filed its Notice of Removal and Motion to Stay, Northern District of Ohio Judge David Dowd granted Merck's Motion to Stay.

On November 30, 2005, the Healthcare Defendants requested that Judge Dowd lift the stay and decide whether complete diversity of citizenship and thus, federal jurisdiction, existed. (A true and correct copy of this Joint Motion to Lift Stay is attached hereto as Exhibit "E"). Defendants reasoned that so long as they remained parties to this action, there could be no federal jurisdiction.  Judge Dowd granted this Motion, lifted the Stay and ordered Merck to respond to Defendants' arguments.  In response, Merck argued that Judge Dowd should reinstitute the stay and allow this Court to decide the fundamental jurisdictional issue of whether

---

[3] On its Civil Cover Sheet, Exhibit "D", Merck did not list the citizenships for Dr. Zarate, Dr. Saghal or Massillon Community Hospital.

[4] Fraudulent joinder is a term of art.  *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318 (9th Cir.1998), quoting *McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir.1987) "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Alexander v. Electronic Date Systems Corp.,* 13 F.3d 940, 949 (6th Cir.1994). As explained in Merck's Notice of Removal, to prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. See *Alexander,* 13 F.3d at 949.

diversity exists between the parties to this action.[5]  Judge Dowd, by his Order of December 9, 2005, reinstituted the Stay and deferred resolution of the jurisdictional issue to the Multidistrict Litigation Panel ("the MDL Panel").[6]

On December 5, 2005, the Multidistrict Litigation Panel conditionally transferred this matter as a "tag along action" to this Court.  On January 5, 2006, 2006, Dr. Zarate, Dr. Saghal and Massillon Community Hospital filed a Joint Motion to Vacate the Conditional Transfer Order. (A true and correct copy of this Motion and Memorandum is attached hereto as Exhibit "G"). In this Motion, the Healthcare Defendants requested that the MDL Panel vacate its December 6, 2005 Order conditionally transferring this action to the United States District Court in the Eastern District of Louisiana and dismiss them from this action.  In the alternative, the Healthcare Defendants requested that the MDL Panel vacate its conditional transfer order and remand the matter to the Northern District of Ohio to determine whether there is any viable ground on which to exercise federal court jurisdiction.

On April 11, 2006, the MDL Panel issued an Order transferring this case to this Honorable Court. (A true and correct copy of the MDL Panel's Transfer Order is attached hereto as Exhibit "H").

## II.    ARGUMENT

### A.    DR. ZARATE WAS FRAUDULENTLY JOINED AND SHOULD BE DISMISSED.

In its Notice of Removal, Merck argued that Drs. Zarate and Saghal, and Massillon Community Hospital were fraudulently joined as defendants in this lawsuit to defeat diversity jurisdiction.  According to Merck's Notice of Removal "[b]ecause there is no reasonable basis to

---

[5] For reasons unknown, Plaintiffs remain silent and have not expressed their position on this issue at any time, despite many opportunities.
[6] See December 9, 2005 Order, a true and correct copy of which is attached as Exhibit "F".

predict that Plaintiffs can prevail on any of their allegations against the [sic] Likendra [sic] B. Saghal, M.D./Massillon Community Hospital and Rudy P. Zarate, M.D., they are fraudulently joined and their citizenship should be ignored for purposes of determining jurisdiction." (Exhibit "B", ¶15). The Notice of Removal further states that "plaintiffs' complaint fails to offer any 'reasonable basis for a claim' against Likendra [sic] B. Saghal, M.D./Massillon Community Hospital and Rudy P. Zarate, M.D. for medical malpractice. (Exhibit "B", ¶16). Moreover, the Notice of Removal claims that the Healthcare Defendants are fraudulently joined since the allegations in Plaintiffs' Complaint are "conclusory" and "are contradicted by specific allegations that the manufacturer-defendant concealed information from the general public, including healthcare providers." (Exhibit "B", ¶16).

Additionally, the Multidistrict Litigation Panel, which oversees much of the prescription drug litigation, previously held that the joinder of parties like Dr. Zarate can "only be characterized as a sham, at the unfair expense not only of the [prescription drug manufacturer], but of many individuals and small enterprises that are being dragged into court simply to prevent the adjudication of lawsuits against [the prescription drug manufacturer], the real target, in a federal forum. *Anderson v. Am. Home Products Corp.*, 220 F.Supp.2d 414, 425 (E.D. Pa. 2002). Indeed, there are dozens of district court decisions finding that plaintiffs fraudulently joined physicians and sales representatives to defeat federal diversity jurisdiction. See, e.g. *In re Rezulin Prods. Liab. Litig.*, 133 F.Supp.2d 272 (S.D.N.Y. 2001); *Spier v. Bayer Corp.*; *In re Baycol Prods. Litig.*, 2003 WL 21223842, at *2 (D. Minn. May 27, 2003) (Allegation that physician "knew or should have known" of drug's risks was insufficient to defeat a finding of fraudulent joinder, where the "main thrust" of the action was that the drug manufacturer defendants had misrepresented the drug's risks and failed to adequately warn of such risks).

Wherefore, Dr. Zarate respectfully requests that this Court Order that because Plaintiffs fraudulently joined Dr. Zarate, he should be dismissed from this litigation.

### B. ALTERNATIVELY, SINCE COMPLETE DIVERSITY DOES NOT EXISTS AS REQUIRED BY 28 U.S.C. 1332, THIS MATTER SHOULD BE DISMISSED OR REMANDED TO STATE COURT.

Should this Court elect not to dismiss Dr. Zarate from this litigation due to his fraudulent joinder, then this matter should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) or remanded to the Court of Common Pleas, Cuyahoga County, Ohio pursuant to 28 U.S.C. 1332 for lack of federal subject matter jurisdiction since compete diversity between the parties does not exist. In its Notice of Removal, Merck does not dispute that Defendants Massillon, Sahgal, and Zarate are all Ohio residents but instead, makes the assertion that these defendants were fraudulently joined and their citizenship should be ignored for purposes of determining federal court jurisdiction. Contrary to Merck's assertions, this Court does not have diversity jurisdiction over this case under 28 U.S.C. §1332 since there are numerous Defendants who were Ohio residents when Plaintiffs' filed their Complaint.  Regardless of the merits of this assertion and whether or not this Court determined that Plaintiffs fraudulently joined Dr. Zarate, these non-diverse Defendants, Massillon, Sahgal, and Zarate, still remain defendants and active participants in federal court litigation where they do not belong.

### 1. This Case Should Be Dismissed For Lack of Federal Subject Matter Pursuant to Fed.R.Civ.P. 12(b)(1)

A motion to dismiss filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the subject matter of the federal district court. See, Fed.R.Civ.P.12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss, Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir.1998) (quoting *Nowak v. Ironworkers Local 6 Pension*

*Fund*, 81 F.3d 1182, 1187 (2nd Cir.1996); *see John Corp. v. City of Houston*, 214 F.3d 573, 576 (5th Cir.2000). Federal courts are courts of limited jurisdiction and, absent jurisdiction conferred by statute or the Constitution, lack the power to adjudicate claims. *See Kokkonen v. Guardian Life Ins.Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), *Howery v. Allstate Ins. Co.*, 243 F.3d 812, 916 (5th Cir) *cert. denied,* 534 U.S. 993, 122 S.Ct.459, 151 L.ed.2d 377 (2001); *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cit.1998). "[S]ubject-matter jurisdiction cannot be created by waiver or consent. *Howery,* 243 F.3d at 919.

The burden of establishing federal jurisdiction rests on the party seeking to invoke it. *See Ramming v. United States,* 281 F.3d 158, 161 (5th Cir.2001), *cert. denied,* 536 U.S. 960, 122 S.Ct. 2665, 153 L.Ed.2d 839 (2002); *Howery,* 243 F.3d at 916; *Estate of Martineau v. ARCO Chem. Co.,* 203 F.3d 904, 910 (5th Cir.2000); *Stockman,* 138 F.3d at 151; *St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998); *Frank v. Bear Stearns & Co.,* 128 F.3d 919, 921-22 (5th Cir.1997). Indeed, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot,* 85 F.3d 244, 248 (5th Cir.1996) (citing *Strain v. Harrelson Rubber Co.,* 742 F.2d 888, 889 (5th Cir.1984)); *accord Howery,* 243 F.3d at 916 (citing *Kokkonen,* 511 U.S. at 377, 114 S.Ct. 1673).

"In ruling on a motion to dismiss for lack of subject matter jurisdiction, a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac V.O.F.,* 241 F.3d 420, 424 (5th Cir.2001), *cert. denied,* 534 U.S. 1127, 122 S.Ct. 1059, 151 L.Ed.2d 967 (2002) (citing *Barrera-Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir.1996)); *accord Ramming,* 281 F.3d at 161; *Robinson v. TCI/US West Communications Inc.,* 117 F.3d 900, 904 (5th Cir.1997).

Nevertheless, all uncontroverted allegations in the complaint must be accepted as true. *See Den Norske Stats Oljeselskap As,* 241 F.3d at 424; *Williamson v. Tucker,* 645 F.2d 404, 412 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981); *Cloud v. United States,* 126 F.Supp.2d 1012, 1017 (S.D.Tex.2000), *aff'd,* 281 F.3d 158 (5th Cir.2001), *cert. denied,* 536 U.S. 960, 122 S.Ct. 2665, 153 L.Ed.2d 839 (2002). Thus, when examining a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), unlike a motion to dismiss under Rule 12(b)(6), the district court is entitled to consider disputed facts as well as undisputed facts in the record. *See Ramming,* 281 F.3d at 161; *Clark v. Tarrant County,* 798 F.2d 736, 741 (5th Cir.1986); *Williamson,* 645 F.2d at 413; *Cloud,* 126 F.Supp.2d at 1017. The court must always be mindful, however, of " ' "the first principle of federal jurisdiction," ' " which requires a federal court to dismiss an action whenever it appears that subject matter jurisdiction is lacking. *Stockman,* 138 F.3d at 151 (quoting *Veldhoen v. United States Coast Guard,* 35 F.3d 222, 225 (5th Cir.1994) (quoting HART & WECHSLER, THE FEDERAL COURTS AND THE FEDERAL SYSTEM 835 (2d ed.1973))).

As set forth in the Complaint, Plaintiffs William and Shirley Jeffries and Defendants Massillon Community Hospital, and Drs. Sahgal and Zarate are all citizens of the State of Ohio. Consequently, complete diversity of citizenship does not exist. Since Plaintiffs' Complaint does not allege a federal question, then, without diversity, there can be no federal subject matter jurisdiction. In the absence of federal jurisdiction, this Court lacks jurisdiction to adjudicate the claims between the parties in this matter. Consequently, this Court should dismiss this matter due to lack of federal subject matter jurisdiction.

### 2. This Case Should Be Remanded To State Court Because the Parties Lacked Diversity of Citizenship and Removal to Federal Court Was Improper Removal

If this Court elects not to dismiss this case for lack of federal subject matter jurisdiction, then, because the parties lack complete diversity of citizenship and there is still no federal subject matter jurisdiction, this Court must remand this case to state court in Ohio.  Since complete diversity between the parties did not exist at the time of Merck's removal, there is no federal court jurisdiction and this matter must be remanded.

Civil actions not involving a federal question, such as this case, are removable to a federal district court <u>only</u> where there is complete diversity of citizenship between the parties. 28 U.S.C. §1332(a)(1); 28 U.S.C. §1441(b).  Section 1332 requires that there be complete diversity; that is, each plaintiff's citizenship must be diverse as to each defendants. *Id*.  The burden of proof falls on the party seeking to invoke federal diversity jurisdiction to present "competent proof" that the requirements of §1332 have been met. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 179, 56 S.Ct. 780 (1936); *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (holding that "diversity jurisdiction does not exist unless each defendant is a citizen of a different state from each plaintiff."); see also, *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (C.A.5 2005);  *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). Upon removal, the court should remand the case to state court if it determines that it lacks subject matter jurisdiction.  See, 28 U.S.C. 1441(c).  Removal jurisdiction is to be strictly construed with all doubts as to its propriety to be resolved in favor of remand.

Plaintiffs William and Shirley Jeffries and Defendants Massillon Community Hospital, and Drs. Sahgal and Zarate are all citizens of the State of Ohio.  Consequently, complete diversity does not exist.  Since Plaintiffs' Complaint does not allege a federal question, there is

no federal jurisdiction. In the absence of federal jurisdiction, the removal of this matter to federal court was improper pursuant to 28 U.S.C. §1441(b). Therefore, Dr. Zarate requests that this Court remand this case to the Court of Common Pleas, Cuyahoga County, Ohio.

## III.  CONCLUSION

For all of the reasons discussed herein, since there is no diversity between the parties, Defendant Rudy P. Zarate, M.D. requests that this matter be dismissed for lack of federal subject matter jurisdiction and/or because Dr. Zarate is fraudulently joined. Alternatively, Defendant Rudy P. Zarate, M.D. request that this Court remand this case to the Court of Common Pleas, Cuyahoga County, Ohio.

Respectfully submitted,

*/s/ Stacy A. Ragon*_____
Stacy A. Ragon (Ohio Bar No. 0066923)
sragon@ralaw.com
Jennifer L. Souza (Ohio Bar No. 0070001)
jsouza@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH 44308
Telephone: 330.376.2700
Facsimile: 330.376.4577

ATTORNEYS FOR DEFENDANT,
RUDY P. ZARATE, M.D.

## CERTIFICATE OF SERVICE

     I hereby certify that the above and foregoing **DEFENDANT, RUDY P. ZARATE, M.D.'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION TO REMAND** has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8A, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 11th day of October, 2006.

                                                        */s/ Stacy A. Ragon*
                                                        Stacy A. Ragon
                                                        Jennifer L. Souza