ORIGINAL FILED

2005 OCT 31 PM 1: 18

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM JEFFRIES, et al., | ) | CASE NO. 1:05CV2547 |
| Plaintiffs, | ) | JUDGE JUDGE DOWD |
| v. | ) | **NOTICE OF REMOVAL OF DEFENDANT MERCK & CO., INC.** |
| MERCK & CO., INC., ET AL, | ) | Robert A. Bunda (0019775) |
| Defendants, | ) | Email: rabunda@bsd-law.com |
| | ) | Rebecca C. Sechrist (0036825) Email: sechrist@bsd-law.com |
| | ) | BUNDA STUTZ & DeWITT, PLL One SeaGate, Suite 650 |
| | ) | Toledo, Ohio 43604 Telephone: (419) 241-2777 |
| | ) | Telecopy: (419) 241-4697 |
| | ) | Counsel for Defendant Merck & Co., Inc. |
| | ) | |

Defendant Merck & Co., Inc. ("Merck"), by its undersigned counsel, hereby removes the above-captioned action from the Court of Common Pleas Cuyahoga County, Ohio to the United States District Court for the Northern District of Ohio, Eastern Division pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and respectfully files this Notice of Removal and states:

1. On or about September 28, 2005, William and Shirley Jeffries ("plaintiffs") commenced this action against Merck & Co., Inc. ("Merck") by filing a Complaint in the Court of Common Pleas, Cuyahoga County, Ohio bearing the Case No. CV05573500.

2. As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Merck has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441(a).

### I. MERCK HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

3. Merck was served with a copy of the plaintiffs' Complaint on October 4, 2005. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1441. A true and correct copy of the Summons and Complaint served on Merck is attached hereto as Exhibit A.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 115(a)(2) because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

5. No further proceedings have been had in the state court action.

6. No previous application has been made for the relief requested herein.

7. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs and a copy is being filed with the Clerk of the Common Pleas Court of Cuyahoga County.

## II. REMOVAL IS PROPER IN THIS CASE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest and is between citizens of different states.

### A. Complete Diversity Of Citizenship.

9. There is complete diversity as between Plaintiffs and Merck, the only properly named defendant to this action.

10. Plaintiffs are residents of Massillon, Stark County, Ohio. (Compl. ¶ 1.01) Plaintiffs do not allege any alternative state of residence. Accordingly, upon information and belief, Ohio is the state in which Plaintiffs are domiciled and, therefore, the state of which Plaintiffs are citizens for purposes of determining diversity.

11. Merck is, and was at the time Plaintiffs commenced this action, a corporation organized under the laws of the State of New Jersey with its principal place of business at One Merck Drive, White House Station, New Jersey and, therefore, is a citizen of New Jersey for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

12. For the reasons set forth below, the remaining named defendants – the Healthcare Defendants – are fraudulently joined. Therefore, their citizenship must be ignored for removal purposes. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (fraudulent joinder of a non-diverse defendant will not operate to defeat diversity jurisdiction).

### 1. Fraudulent Joinder – Applicable Law

13. Pursuant to the fraudulent joinder doctrine, a court should disregard the citizenship of in-state defendants where, as here, the plaintiff cannot establish a cause of action against the non-diverse defendants under state law. *Coyne*, 183 F.3d at 493. Importantly, the

removing party is not required to show that there is absolutely no basis for recovery. Rather, the "inquiry is based on a reasonableness standard." *Benincase v. Flight Systems Automotive Group, LLC*, 242 F. Supp. 2d 529, 535 (N.D. Ohio 2002). In order to meet this burden, "a defendant must show that the plaintiff has no reasonable basis for a claim against the non diverse defendant in state court based on the alleged facts." *Graphic Resources Group, Inc. v. Honeybaked Ham Co.*, 51 F. Supp. 2d 822, 825 (E.D. Mich. 1999); *Benincase*, 242 F. Supp. 2d at 535 ("the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involve"). *See also Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) ("The question, then, is whether there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved.").

### 2. Lokendra B. Sahgal, M.D./Massillon Community Hospital and Rudy P. Zarate, M.D. Are Fraudulently Joined.

14. The Complaint asserts claims against the Lokendra B. Sahgal, M.D./Massillon Community Hospital and Rudy P. Zarate, M.D. for medical negligence (Compl. ¶¶ 5.37-5.40), fraud (Compl. ¶¶ 5.41-5.44). Plaintiffs also assert a claim for Failure to Warn (Compl.¶¶ 5.05-5.10) against "Defendants" generally. All other substantive claims are explicitly directed against Merck alone.

15. Because there is no reasonable basis to predict that Plaintiffs can prevail on any of their allegations against the Likendra B. Sahgal, M.D./Massillon Community Hospital and Rudy P. Zarate, M.D., they were fraudulently joined and their citizenship should be ignored for purposes of determining jurisdiction.

16. First, plaintiffs' complaint fails to offer any "reasonable basis for a claim" against Likendra B. Sahgal, M.D./Massillon Community Hospital and Rudy P. Zarate, M.D. for medical malpractice because plaintiffs' claim is time-barred on the face of the Complaint. Under

4

Ohio law, all claims against medical professionals arising out of their provision of medical care have a one year statute of limitations, *See* R.C. § 2305.113. Plaintiffs specifically allege that on or about January 25, 2003, William Jeffries suffered a myocardial infarction and was forced to undergo a triple bypass surgery. (Compl. 4.23) Accordingly, because plaintiffs did not bring this action until September 28, 2005, plaintiffs claims against Likendra B. Sahgal, M.D./Massillon Community Hospital and Rudy P. Zarate, M.D. are clearly barred and, thus, plaintiffs have no possible basis for any claim against Likendra B. Sahgal, M.D./Massillon Community Hospital and Rudy P. Zarate, M.D. For this reason alone, Likendra B. Sahgal, M.D./Massillon Community Hospital and Rudy P. Zarate, M.D. are fraudulently joined and their citizenship is due to be disregarded for purposes of determining diversity.

Second, in the context of prescription drugs, a healthcare proveder, whether a physician or pharmacist, is fraudulently joined where conclusory allegations of the provider's knowledte are contradicted by the specific allegations in the complaint that the manufacturer-defendant concealed information from the general public, including healthcare providers. *See, e.g., Ruzulin, I,* 133 F. Supp. 2d at 295 (physician fraudulently joined when minimal conclusory allegations of the physician's knowledge were contradicted by specific allegations that the pharmaceutical manufacturer concealed and/or misrepresented information); *In re Rezulin Prods. Liab. Litig.,* 2002 WL 31852826, at *2 (S.D.N.Y. Dec. 18, 2002) ("*Rezulin II*") (non-diverse physician defendant fraudulently joined where "main tenor of plaintiffs' complaint is that [drug] was an unsafe drug and that the manufacturers concealed its risks from the public, physicians, and others,") *Louis v. Wyeth-Ayerst Pharms., Inc.* No. 5:000-CV-101-LN, slip op. at 2 (S. D. Miss. Sept. 25, 2001) (attached as Exhibit B) (pharmacy fraudulently joined where allegations of defendant's knowledge were contradicted by specific allegations that the pharmaceutical

manufacturer concealed and/or misrepresented information); *In re Diet Drugs,* 220 F. Supp. 2d 414, 424 (E.D. Pa. 2002) (same).

Like plaintiffs in *Ruzulin I and II, Louis* and *Diet Drugs,* the plaintiffs here make only minimal and conclusory allegations regarding Lokendra B. Sahgal, M.D./Massillon Community Hospital and Rudy P. Zarate, M.D.'s knowledge of the health risks allegedly associated with VIOXX®. In fact, plaintiffs merely allege that these Healthcare Providers "in treatment of plaintiff William Jeffries pain, prescribed VIOXX®" (*See* Compl. ¶ 4.05) and that Dr. Sahgal and Dr. Zarate "continued to prescribe VIOXX® to William Jeffries." (*Id.* ¶4.23.)

Any allegations against Lokendra B. Sahgal, M.D./Massillon Community Hospital and Rudy P. Zarate, M.D. regarding VIOXX® is contradicted by the more abundant allegations in the Complaint that Merck concealed and/or misrepresented information to prescribing physicians and the general public. (*See, e.g.* Compl. ¶4.06-4.07) (plaintiffs allege that "Merck concealed the serious cardiovascular risks associated with VIOXX®" and that Merck withheld and /or misrepresented critical information from the **health care industry in general.** (emphasis added).).Thus, any claim that Lokendra B. Sahgal, M.D./Massillon Community Hospital and Rudy P. Zarage, M.D. negligently prescribed VIOXX® is wholly inconsistent with the gravamen of plaintiffs' Complaint – that Merck allegedly misled the public and physicians regarding the safety of VIOXX®. (*Id.*) Notably, even the Plaintiffs' Steering Commmittee in the VIOXX® MDL has recognized that joinder of physicians as defendants is generally improper in cases such as this where the claims against Merck are "by and large incompatible with a claim that the doctor is at fault." (*See In re VIOXX® MDL,* Pls. Mem. In Supp. Of Mot. To Modify Order of June 6, 2005 Regarding Physicians Contacts, at 3 (attached as Exh. C.).) A number of courts have agreed. *Omobude v. Merck,* No. 3:03CV528LN, slip op. at 3-5 (S.D. Miss. Oct. 3,

6

2003) (finding fraudulent misjoinder of a physician in a suit against Merck for injuries allegedly caused by VIOXX®: [W]here a plaintiff has specifically alleged facts from which one would necessarily infer that the defendant in question would not have known information otherwise alleged to have been misrepresented or concealed from [the plaintiff], then ... to sustain his pleading burden, the plaintiff would have to plead at least some facts tending to show why or how the defendant knew or should have known of the information"). For this reason, too, Lokendra B. Sahgal, M.D./Massillon Community Hospital and Rudy P. Zarate, M.D. are fraudulently joined.

17. Lastly, to the extent plaintiffs' claims against Lokendra B. Sahgal, M.D./Massillon Community Hospital and Rudy P. Zarate, M.D. involve conduct separate and apart from the mere prescription of VIOXX®, those claims are fraudulently misjoined with the claims against Merck. *See In re: Rezulin Prod. Liab. Litig.*, 00 Civ. 2843, Pretrial Order No. 150, 2003 WL 21276425 at *1-2 (LAK) ("*Rezulin III*") (S.D.N.Y. June 22003) (non-diverse physician fraudulently misjoined with claims against drut manufacturer where basis of claim against physician was failure to diagnose alleged liver dysfunction, while basis of claim against manufacturer went "principally to the safety and efficacy of the drug and ha[d] little if anything to do with the malpractice claim").

18. In short, plaintiffs cannot establish a cause of action against Lokendra B. Sahgal, M.D./Massillon Community Hospital and Rudy P. Zarate, M.D under any grounds asserted in the Complaint, and they were thus fraudulently joined.

**B.      The Amount In Controversy Requirement Is Satisfied.**

19.    Plaintiffs' allegations clearly meet the amount-in-controversy threshold. Plaintiffs allege that William Jeffries suffered a "myocardial infarction and was forced to undergo a triple bypass surgery." (Complaint, paragraph 4.23) They also allege that "due to the defective condition of VIOXX®, the Plaintiffs have suffered serious physical injuries, substantial emotional distress and other damages." (Complaint, paragraphs 5.04, 5.10, 5.14, 5.19, 5.22, 5.25, 5.28, 5.34, 5.47). The Complaint seeks compensatory and punitive damages for this alleged misconduct. (Complaint at p. 28, "Prayer for Relief".) It is well established that the amount-in-controversy requirement is easily satisfied in cases alleging personal injury. *See, e.g., In re Rezulin Products Liability Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (amount in controversy requirement satisfied in case alleging personal injury where "[t]he complaint . . . does not preclude recovery in excess of $75,000"); *Cygielman v. Cunard Line Ltd.*, 890 F. Supp. 305, 306-07 (S.D.N.Y. 1995) (in personal injury action, finding amount in controversy requirement satisfied where it did not appear to legal certainty that claim was for less than jurisdictional amount).

20.    Federal courts around the country have ruled that the amount-in-controversy threshold was met in similar actions alleging personal injuries caused by VIOXX®. *See, e.g., Stubblefield v. Merck & Co., Inc.*, Civ. No. H-02-3139 (S.D. Tex. Oct. 8, 2002)[2]; *Zeedyk v. Merck & Co., Inc.*, No. 02-C-4203 (N.D. Ill. August 30, 2002); *Abrusley v. Merck & Co., Inc.*, No. 02-0196 (W.D. La. June 18, 2002); *Jones v. Merck & Co., Inc.*, Civ. No. 02-00186

---

[2]     True and correct copies of the complaints and orders in each of the cited VIOXX® cases are attached hereto as Exhibit D.

(D. Haw. June 5, 2002). These courts were all presented with complaints seeking actual damages for injuries caused by VIOXX® and all found, either explicitly or implicitly, that the requirements for federal diversity jurisdiction, including the amount in controversy, were satisfied.

WHEREFORE, Defendant Merck respectfully removes this action from the Court of Common Pleas of Cuyahoga County, bearing Case Number CV05573500 to this Court pursuant to 28 U.S.C. § 1441.

Dated October 31, 2005

Respectfully submitted,

Robert A. Bunda (0019775)
Rebecca C. Sechrist (0036825)

BUNDA STUTZ & DeWITT, PLL
One SeaGate, Suite 650
Toledo, Ohio 43604
Telephone: (419) 241-2777
Telecopy:  (419) 241-4697

Attorney for Defendant
Merck & Co., Inc.

## CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing was served via ordinary U. S. Mail this \_\_\_\_\_31st\_\_\_ day of October 2005 upon John A Lancione, Esq., Lancione & Lancione, PLL, 200 Public Square, Suite 2945, Cleveland, OH 44114, and Les Weisbrod, Esq. and Alexandra V. Boone, Esq., Morgan & Weisbrod, LLP, 11551 Forest Central Drive, Suite 300, Dallas, Texas 75243, counsel for Plaintiffs.

_____
Attorney for Defendant
Merck & Co., Inc.