Complete Document on file in Clerk's Office, 28 pages



IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM JEFFRIES, et al | ) | Case No. **1:05CV2547** |
| Plaintiffs, | ) | Judge |
| v. | ) | **MOTION BY DEFENDANT MERCK & CO., INC. TO STAY ALL PROCEEDINGS PENDING TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** |
| MERCK & CO., INC., et al | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | Robert A. Bunda (0019775) |
| | | Email: rabunda@bsd-law.com |
| | | Rebecca C. Sechrist (0036825) |
| | ) | Email: sechrist@bsd-law.com |
| | ) | BUNDA STUTZ & DeWITT, PLL |
| | | One SeaGate, Suite 650 |
| | ) | Toledo, OH 43604 |
| | | Telephone: (419) 241-2777 |
| | ) | Telecopy: (419) 241-4697 |
| | ) | Counsel for Defendant |
| | | Merck & Co., Inc. |

## INTRODUCTION

Defendant Merck & Co., Inc. ("Merck") moves this Court to stay all proceedings in this action pending its likely transfer to *In re VIOXX Prods. Liab. Litig.*, MDL No. 1657, the



multidistrict litigation ("MDL") proceeding that has been established in the Eastern District of Louisiana to coordinate all federal product liability actions involving VIOXX® (the "VIOXX® product liability actions"). *In re VIOXX Prods. Liab. Litig.*, 360 F. Supp. 2d 1352 (J.P.M.L. 2005). Merck will shortly provide notice to the Judicial Panel on Multidistrict Litigation (the "MDL Panel" or "Panel") pursuant to Rule 7.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("R.P.J.P.M.L.") of the pendency of this "tag-along" action. Merck expects a conditional transfer order to be issued shortly thereafter.

## BACKGROUND

### A.   MDL-1657

On February 16, 2005 the Judicial Panel on Multidistrict Litigation (the "MDL Panel" or "Panel") issued a transfer order establishing MDL Proceeding No. 1657, titled, *In re VIOXX Products Liability Litigation*. The transfer order directed that the 148 actions that were the subject of the original motions for coordinated treatment pursuant to 28 U.S.C. § 1407 be transferred for coordinated pretrial proceedings in the U.S. District Court for the Eastern District of Louisiana before the Honorable Eldon E. Fallon. *In Re VIOXX Products Liability Litigation*, 360 F. Supp. 2d at 1352. In the Transfer Order, the Panel held:

> On the basis of the papers filed and hearing session held, the Panel finds that the cases in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Louisiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All cases focus on the alleged increased health risks (including heart attack and/or stroke) when taking Vioxx, an anti-inflammatory drug, and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

360 F. Supp. 2d at 1353-54. The MDL Panel also held that the "nearly 300 potentially related actions pending in multiple federal districts . . . will be treated as potential tag-along cases." 360 F. Supp. 2d at 1353 n. 1.

There is currently a process in place for effecting the transfer to Judge Fallon's court of related VIOXX® product liability actions quickly and efficiently. Merck's counsel, in a written submission known as a "tag-along letter," notifies the Panel twice a week of newly-filed related actions and developments in actions still under Panel consideration. The Panel has been issuing conditional transfer orders transferring actions to Judge Fallon's court based on the information contained in these tag-along letters. Since the first Transfer Order was issued on February 16, 2005, more than 2,500 cases have been transferred to or filed directly in the MDL proceedings.

### B. The Instant Action

On or about September 28, 2005, William Jeffries and Shirley Jeffries commenced this action against Merck by filing a Summons and Complaint in the Court of Common Pleas, Cuyahoga County, bearing Civil Action Number CV05573500. On October 31, 2005 Merck removed this action to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. There is no dispute that this action involves the same factual inquiries that the Panel noted were present in the VIOXX® product liability actions generally, thereby warranting coordinated pre-trial proceedings in the Eastern District of Louisiana. Specifically, it is clear from the face of the Complaint that this case, like the other VIOXX® product liability actions, focuses on the alleged increased health risks (including heart attack and stroke) when taking VIOXX®, an anti-inflammatory drug, and whether Merck knew of these alleged increased risks and failed to disclose them to the medical community and consumers. For example, Plaintiffs allege that "Due to the failure of Merck to warn and/or instruct Plaintiffs, both before and after marketing,

of the potentially serious and deadly side effects of VIOXX®, Plaintiffs have suffered serious physical injuries, substantial emotional distress and other damages." (Compl., ¶ 5.10).

Merck will shortly provide notice to the MDL Panel of this related action. Merck expects a conditional transfer order to be issued by the MDL Panel in this action within the next few weeks. Once the conditional transfer order is issued, Plaintiffs have fifteen days to object to transfer in accordance with R.P.J.P.M.L. 7.4(c).[1] Assuming that Plaintiffs do not object to the transfer order within this fifteen-day period, the transfer order will be filed in Judge Fallon's court shortly thereafter and jurisdiction over the case will be transferred to Judge Fallon's court.

## ARGUMENT

The Court should exercise its discretion to stay all further proceedings in this action pending its likely transfer to MDL-1657. The authority of a federal court to stay proceedings is well-established. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *accord Denny v. Merck & Co., Inc.*, No. 04 Civ. 0526, slip op. (S.D. Tex. Dec. 6, 2004) ("[t]he power to stay all proceedings is well established."). Courts analyze three factors when determining whether to issue a stay of proceedings pending the MDL Panel's decision on transfer, namely: (1) the judicial resources that would be saved by avoiding

---

[1] In the event Plaintiffs choose to object to transfer to MDL-1657, there is a separate procedure for filing objections to the transfer with the MDL Panel. The issue of whether the case should be transferred would be set for the next available Panel hearing session. Given the overlapping factual issues this case appears to have with those already in the MDL proceedings, any opposition would almost certainly be futile. In fact, to date, the Panel has rejected each and every motion to vacate a conditional transfer order that it has taken under consideration. The Panel, in three separate Transfer Orders since the inception of MDL-1657, has considered and rejected a wide range of arguments made by plaintiffs who opposed Conditional Transfer Orders No. 1, 2, 5, 6, 8 and 9 and rejected them all. (*See* June 20, 2005 Transfer Order (attached hereto as Exhibit A)) (rejecting the arguments of plaintiffs who opposed Conditional Transfer Orders No. 1 and 2); (August 11, 2005 Transfer Order (attached hereto as Exhibit B)) (rejecting the arguments of plaintiffs who opposed Conditional Transfer Orders No. 5, 6, and 9); (September 13, 2005 Transfer Order (attached hereto as Exhibit C)) (rejecting the argument of plaintiff who opposed Conditional Transfer Order No. 8.).

4

duplicative litigation if the cases are in fact coordinated; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party. *Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

Federal courts throughout the country with pending VIOXX® product liability actions have analyzed the above-referenced factors in determining whether a stay of proceedings pending the MDL Panel's decision as to transfer is appropriate. To date, an overwhelming majority of these courts have issued stays. *See, e.g., Hatch v. Merck & Co., Inc.*, No. 05 Civ. 1252, 2005 WL 2436716, at *2 (W.D. Tenn. Oct. 3, 2005) (granting Merck's stay holding that " having the . . . issues decided in one proceeding will promote judicial economy and conserve judicial resources"); *see also Euell v. Merck & Co., Inc.*, 05 Civ. 1497, 2005 WL 2348487, at * 1 (E.D. Mo. Sept. 26, 2005) ("The Court finds Defendant Merck's judicial economy argument persuasive and concludes that . . . Merck's Motion will be granted."); *Falick v. Merck & Co., Inc.*, No. 04 Civ. 3006, (E.D. La. Jan. 3, 2005), slip op. at 2 ("Considering the multitude of cases currently stayed due to the pending MDL coordination, the Court finds that staying proceedings will serve the interests of judicial economy."); *Gaffney v. Merck & Co., Inc,*, No. 05 Civ. 1183, 2005 WL 1700772, at *1 (W.D. Tenn. July 19, 2005) (same); *Walker v. Merck & Co., Inc.*, 05 Civ. 360, 2005 WL 1565839, at *2 (S.D. Ill. June 22, 2005) (same).

### I.   **JUDICIAL ECONOMY MANDATES A STAY.**

Granting a stay of proceedings here will promote judicial economy. The purpose of multidistrict litigation is to coordinate the pretrial management of actions sharing common facts in a just and efficient manner. *See* 28 U.S.C. 1407(a). Where, as here, the MDL Panel has already coordinated VIOXX® product liability actions before Judge Fallon in the Eastern District of Louisiana, there is no question that a stay of these proceedings will promote judicial economy. *See Euell*, 2005 WL 2348487, at * 1 ("This case involves the same factual inquiries that are present in the other hundreds of VIOXX cases . .

. the Court . . . concludes that judicial economy weighs in favor of granting the requested stay."); *see also Mathern v. Wyeth*, No. 04 Civ. 2116, 2004 WL 1922028, at *1 (E.D. La. August 25, 2004); *Knearem v. Bayer Corp.*, 02 Civ. 2096, 2002 WL 1173551, at *1 (D. Kan. May 7, 2002).

It is well settled that a district court is best served not expending resources "familiarizing itself with the intricacies of an action that will be coordinated for pretrial management before a transferee judge." *Rivers,* 980 F. Supp. at 1360 (C.D. Cal. 1997); *see also Gorea v. Gillette Co.*, No. 05 Civ. 2425, 2005 WL 2373440, at * 1 (W.D. Tenn. Sept. 26, 2005) ("a stay is warranted in this case . . . the court would have to use judicial resources in making rulings . . . in a case over which it might ultimately lose jurisdiction."). Granting a stay of this action pending its inevitable transfer to MDL-1657 will conserve the resources of this court and prevent duplicative discovery and pretrial management efforts. *See Rivers,* 980 F. Supp. at 1360 ("any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge assigned to handle the consolidated litigation."); *see also, U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.*, No. 02 Civ. 853, 2002 WL 31114069, at * 2 (N.D. Tex. Sept. 23, 2002) ("if the MDL motion is granted, all of the Court's time, energy, and acquired knowledge regarding the action and its pretrial procedures will be wasted.").

## II.     MERCK WILL BE PREJUDICED ABSENT A STAY.

The prejudice to Merck absent a stay far outweighs any perceived or potential prejudice to Plaintiffs if a stay is granted. *See American Seafood, Inc. v. Magnolia Processing*, Nos. 92 Civ. 1030, 92 Civ. 1086, 1992 WL 102762, at * 2 (E. D. Pa. May 7, 1992) ("The duplicative motion practice and discovery proceedings demonstrate that . . . prejudice to the defendants weigh heavily in favor of a stay."). There are currently over 2,500 VIOXX® actions being coordinated in MDL-1657. If individual district courts allowed cases to proceed in the short window between the time cases were filed in or removed to individual federal district courts and they were transferred to Judge Fallon, Merck would

6

face death by a thousand cuts. Plaintiffs would be free to pursue a strategy of aggressively litigating, and getting discovery in, hundreds of individual cases for the period of weeks it takes for cases that inarguably meet the §1407 transfer standard to be transferred to Judge Fallon's court. Judge Fallon has established detailed protocols to manage the litigation through the disposition motion phase. Merck should not be forced to engage in unnecessary and duplicative discovery and motion practice. *See Wilbanks v. Merck & Co., Inc.*, No. 05-Civ. 1241, 2005 WL 2234071, at * 1 (W.D. Tenn. Sept 13, 2005) (granting a stay holding that "in the absence of a stay, the risk to Merck of duplicative motions and discovery is significant."); *see also Gorea*, 2005 WL 2372440, at * 1 ("whereas without a stay [pending transfer to the MDL court], the burden on Gillette of having to . . . engage in limited discovery . . . would be significant.").

The potential prejudice to Plaintiffs if the action is stayed is non-existent. Plaintiffs have expended limited resources to date; this action is still in its infancy and discovery has not yet begun. Whatever limited discovery could take place in the next several weeks will be wholly subsumed and superseded by the discovery that will take place in the MDL. Thus, Plaintiffs will not suffer prejudice as a result of a stay.

## CONCLUSION

For the foregoing reasons, Merck respectfully requests that this Court grant its motion to stay all proceedings in this case pending transfer to the MDL proceeding that has been established in the Eastern District of Louisiana.

7

face death by a thousand cuts. Plaintiffs would be free to pursue a strategy of aggressively litigating, and getting discovery in, hundreds of individual cases for the period of weeks it takes for cases that inarguably meet the §1407 transfer standard to be transferred to Judge Fallon's court. Judge Fallon has established detailed protocols to manage the litigation through the disposition motion phase. Merck should not be forced to engage in unnecessary and duplicative discovery and motion practice. *See Wilbanks v. Merck & Co., Inc.*, No. 05-Civ. 1241, 2005 WL 2234071, at * 1 (W.D. Tenn. Sept 13, 2005) (granting a stay holding that "in the absence of a stay, the risk to Merck of duplicative motions and discovery is significant."); *see also Gorea*, 2005 WL 2372440, at * 1 ("whereas without a stay [pending transfer to the MDL court], the burden on Gillette of having to . . . engage in limited discovery . . . would be significant.").

The potential prejudice to Plaintiffs if the action is stayed is non-existent. Plaintiffs have expended limited resources to date; this action is still in its infancy and discovery has not yet begun. Whatever limited discovery could take place in the next several weeks will be wholly subsumed and superseded by the discovery that will take place in the MDL. Thus, Plaintiffs will not suffer prejudice as a result of a stay.

## CONCLUSION

For the foregoing reasons, Merck respectfully requests that this Court grant its motion to stay all proceedings in this case pending transfer to the MDL proceeding that has been established in the Eastern District of Louisiana.

Date: October 31, 2005.                    Respectfully submitted,

_____
Robert A. Bunda (001977
Rebecca C. Sechrist (0036825)

BUNDA STUTZ & DEWITT, PLL
One SeaGate, Suite 650 Toledo, Ohio 43604
Telephone: (419) 241-2777
Telecopy: (419) 241-4697

Attorneys for Defendant
MERCK & CO., INC.

## CERTIFICATE OF SERVICE

This will certify that a copy of the foregoing was served via ordinary U. S. Mail this _____31st_____ day of October 2005 upon John A Lancione, Esq., Lancione & Lancione, PLL, 200 Public Square, Suite 2945, Cleveland, OH 44114; Les Weisbrod, Esq. and Alexandra V. Boone, Esq., Morgan & Weisbrod, LLP, 11551 Forest Central Drive, Suite 300, Dallas, Texas 75243, counsel for Plaintiffs; Lokendra B. Sahgal, M.D., 3223 Edinburg Avenue NW, Canton, OH 44708-1160, Massillon Community Hospital, 875 8th Street NE, Massillon, OH 44646, and Rudy P. Zarate, M.D., 2037 Wales Avenue NW 130, Massillon, OH 44646. Defendants.

_____
Attorney for Defendant
Merck & Co., Inc.