IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIAM JEFFRIES, et al., | CASE NO. 1:05-CV-02547-DDD |
| Plaintiffs, | JUDGE DAVID D. DOWD, JR. |
| vs. | |
| MERCK AND CO., INC., et al., | **JOINT MOTION TO LIFT STAY AND REQUEST FOR RULING ON JURISDICTIONAL MATTERS FOR EXPEDITED CONSIDERATION BEFORE TRANSFER OF MATTER TO MULTIDISTRICT LITIGATION PANEL** |
| Defendants. | |

Now come Defendants, Massillon Community Hospital, Lokendra B. Sahgal, M.D., and Rudy P. Zarate, M.D. ("Defendants Massillon, Sahgal and Zarate"), by and through their respective counsel, and hereby move this Court to lift the stay of these proceedings entered by this Court on November 2, 2005, for the limited purpose of ruling on pending jurisdictional matters. As set forth in the attached supporting memorandum, Plaintiffs and Defendants Massillon, Sahgal and Zarate are all citizens of the State of Ohio. Only Defendant Merck and Co., Inc. ("Merck") is a citizen of another state. Thus, currently there is not complete diversity of citizenship as required by 28 U.S.C. §1332, and this Court may lack subject matter jurisdiction.

Defendants, Massillon, Sahgal, and Zarate request that this Court lift the November 2, 2005 stay in this matter and decide the limited issue of whether there is complete diversity of citizenship of the parties. Defendants request an expedited ruling on this jurisdictional issue



before this matter is transferred to the Multidistrict Litigation Panel and potentially, to federal complicated and costly multidistrict VIOXX® litigation in the Eastern District of Louisiana. To require these non-diverse Defendants to participate in this federal multidistrict VIOXX® litigation is patently prejudicial and not supported by law.

Respectfully submitted,

/s/ Stacy A. Ragon
Stacy A. Ragon (0066923)
sragon@ralaw.com
Jennifer L. Souza (0070001)
jsouza@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH 44308
Telephone: 330.376.2700
Facsimile: 330.376.4577
ATTORNEYS FOR DEFENDANT,
RUDY P. ZARATE, M.D.

Per authorization
Marc W. Groedel, Esq.
Reminger & Reminger
1400 Midland Building
101 Prospect Avenue West
Cleveland, OH 44115-1093
1-216-687-1311
1-216-687-1841 (fax)
mgroedel@reminger.com
ATTORNEY FOR DEFENDANT,
LOKENDRA B. SAHGAL, M.D.

Per authorization
D. Cheryl Atwell, Esq.
Reminger & Reminger Co., LPA
200 Courtyard Square
80 South Summit Street
Akron, OH 44308
330-375-1311
330-375-9175 (fax)
catwell@reminger.com
ATTORNEY FOR DEFENDANT,
MASSILLON COMMUNITY HOSPITAL

## MEMORANDUM IN SUPPORT

### I. FACTUAL BACKGROUND

This case arises from the alleged use, distribution, and prescription of the brand-named prescription drug, VIOXX® (rofecoxib). See Complaint, generally.

On September 28, 2005, William Jeffries and his wife, filed their Complaint in the Court of Common Pleas, Cuyahoga County against four defendants: Merck, Massillon, Sahgal, and Zarate. The Complaint alleges a medical malpractice claim against Defendants Massillon, Sahgal, and Zarate, in which Plaintiffs allege these Defendants were negligent and/or committed fraud by prescribing VIOXX® to Plaintiff William Jeffries, despite knowing of the risks of doing so. Complaint, ¶¶5.37 to 6.01. However, the overwhelming majority of allegations in Plaintiffs' Complaint are against Merck and those allegations are apparently contradictory to those levied against these moving Defendants. According to the Complaint, Defendant Merck and Co., Inc. ("Merck") knew of an alleged increased risk associated with VIOXX® and failed to disclose these risks to the medical community and to consumers. Complaint, ¶¶4.01 to 5.36. As a result of the actions of all of the Defendants, Plaintiffs allege they suffered injuries.

On October 31, 2005, Defendant Merck filed its Notice of Removal pursuant to 28 U.S.C. §1332, 1441 and 1446, removing the litigation to this Court. The Notice of Removal alleged that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because (1) the amount in controversy exceeds the sum of $75,000 exclusive of costs and interest and (2) there is complete diversity of citizenship, despite the inclusion of three non-diverse Defendants. Merck alleged that Plaintiffs "fraudulently joined" Defendants Massillon, Sahgal, and Zarate, a position with which these Defendants agree, and thus, their citizenship should be ignored for

purposes of determining federal jurisdiction.[1] As of the date of this Joint Motion, there has been no affirmative decision from this or any other Court on whether there is complete diversity of citizenship for purposes of federal court jurisdiction.

On the same date it filed its Notice of Removal, Merck simultaneously filed its Motion to Stay all Proceedings Pending Transfer Decisions by the Judicial Panel in Multidistrict Litigation pursuant to 28 U.S.C. §1407. In its Motion to Stay, Merck requested that this Court stay all proceedings in this action pending its alleged "likely transfer to *In re VIOXX Prods. Liab. Litig*, MDL No. 1657," the multidistrict litigation proceeding established in the Eastern District of Louisiana to coordinate all federal product liability actions involving VIOXX®. In essence, Merck requested that this Court stay this entire litigation and all parties, including the non-diverse Defendants, pending its transfer to the federal Multidistrict Litigation Panel.

By order dated November 2, 2005, only three days after Merck filed its Notice of Removal and Motion to Stay, this Court granted Merck's Motion to Stay. Importantly, this Court's order granting Merck's Motion to Stay assumes that federal jurisdiction has been established and is proper, which has not been established or determined. Defendants Massillon, Sahgal, and Zarate move for an immediate lifting of this stay to allow this Court decide the singular and fundamental issue of whether federal jurisdiction exists and whether they should remain parties to this case.

## II. LAW AND ARGUMENT

Merck does not dispute that Defendants Massillon, Sahgal, and Zarate are all Ohio residents but instead, makes the assertion that these defendants were fraudulently joined and their

---

[1] Fraudulent joinder is a term of art. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir.1998), quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987) "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Alexander v. Electronic Date Systems Corp.*, 13 F.3d 940, 949 (6th Cir.1994). As explained in Merck's Notice of Removal, to prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. See *Alexander*, 13 F.3d at 949.

5

citizenship should be ignored for purposes of determining federal court jurisdiction. Regardless of the merits of this assertion, these non-diverse Defendants, Massillon, Sahgal, and Zarate, still remain defendants and active participants in federal court litigation where they do not belong. Before this matter proceeds any further, the law requires that this fundamental jurisdictional issue be decided.

### This Court Must First Determine That Complete Diversity Exists

Civil actions not involving a federal questions are removable to a federal district court only where there is complete diversity of citizenship between the parties. 28 U.S.C. §1332(a)(1). Section 1332 requires that there be complete diversity; that is, each plaintiff's citizenship must be diverse as to each defendants. *Id.* The burden of proof falls on the party seeking to invoke federal diversity jurisdiction to present "competent proof" that the requirements of §1332 have been met. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 179, 56 S.Ct. 780 (1936). Until this required diversity of citizenship is established, a federal court wholly lacks subject matter jurisdiction.

As discussed by the United States Supreme Court, when the question of subject matter jurisdiction is raised, a court must resolve it as a preliminary matter before taking any other action in the case. *Steel Company v. Citizens for a Better Environmnet*, 523 U.S. 83, 101-02, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). In fact, jurisdiction is a "first and fundamental question" that a court is "bound to ask and answer for itself." *Id.* (citations omitted).

Federal courts, including the Sixth Circuit Court of Appeals, consistently recognize that deciding the fundamental question of whether federal court jurisdiction exists is a preliminary issue that should be resolved at the outset of all litigation. *Smith v. Mail Boxes, Etc. USA, Inc.*, 191 F.Supp.2d 1155 (E.D.Cal.2002). The Sixth Circuit has warned that a district court's first obligation is to determine whether the Court has subject matter jurisdiction because without such

jurisdiction, there is no action to transfer to a Multidistrict Litigation Panel. *BancOhio Corp. v. Fox,* 516 F.2d 29, 31-32 (6th Cir.1975). Moreover "[n]o matter how desirable [the defendant] feel[s] it may be to consolidate . . . all litigation" in a single forum, "[s]uch a transfer cannot be made unless the district court properly has jurisdiction of the subject matter of the case. *Id.* at 32. This question must be determined before any transfer can be made to the Multidistrict Litigation Panel. *Id.* If federal jurisdiction does not exist, then it is axiomatic that there is no case to transfer to the Multidistrict Litigation Panel.

Controlling law dictates that this Court first decide whether it has subject matter jurisdiction in this case. In other words, before any other action can occur, including the transfer of this matter to the Multidistrict Litigation Panel, this Court should determine the fundamental jurisdiction issue: whether there is complete diversity of citizenship between the parties. To properly decide this issue, this Court should lift its November 2, 2005 stay of proceedings and determine whether complete diversity exists. Until this jurisdictional issue is decided, the transfer of this case to the Multidistrict Litigation Panel should be delayed.

### III. CONCLUSION

Defendants Massillon Community Hospital, Lokendra B. Sahgal, M.D., and Rudy P. Zarate, M.D. seek this Court's Order, upon expedited consideration, lifting its November 2, 2005 stay of proceedings pending transfer decision by the Judicial Panel on Multidistrict Litigation. Once the stay is lifted, Defendants request that this Court determine the singular yet critical jurisdictional issue of whether there is complete diversity of citizenship of the parties. Furthermore, until this jurisdictional issue is decided, Defendants request that this Court delay transfer of this case to the Multidistrict Litigation Panel.

Respectfully submitted,

*/s/ Stacy A. Ragon*
Stacy A. Ragon (0066923)
sragon@ralaw.com
Jennifer L. Souza (0070001)
jsouza@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH 44308
Telephone: 330.376.2700
Facsimile: 330.376.4577
ATTORNEYS FOR DEFENDANT,
RUDY P. ZARATE, M.D.

*Per authorization*
Marc W. Groedel, Esq.
Reminger & Reminger
1400 Midland Building
101 Prospect Avenue West
Cleveland, OH 44115-1093
1-216-687-1311
1-216-687-1841 (fax)
mgroedel@reminger.com
ATTORNEY FOR DEFENDANT,
LOKENDRA B. SAHGAL, M.D.

*Per authorization*
D. Cheryl Atwell, Esq.
Reminger & Reminger Co., LPA
200 Courtyard Square
80 South Summit Street
Akron, OH 44308
330-375-1311
330-375-9175 (fax)
catwell@reminger.com
ATTORNEY FOR DEFENDANT,
MASSILLON COMMUNITY HOSPITAL

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November, 2005, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

John A. Lancione, Esq.
Lancione & Lancione, PLL
200 Public Square, Suite 2945
Cleveland, OH  44114

and

Les Weisbrod, Esq.
Alexandra V. Boone, Esq.
Morgan & Weisbrod, LLP
11551 Forest Central Drive, Suite 300
Dallas, TX  75243
Attorneys for Plaintiffs

Marc W. Groedel, Esq.
Reminger & Reminger
1400 Midland Building
101 Prospect Avenue West
Cleveland, OH  44115-1093
Attorney for Defendant,
Lokendra B. Sahgal, M.D.

D. Cheryl Atwell, Esq.
Reminger & Reminger Co., LPA
200 Courtyard Square
80 South Summit Street
Akron, OH  44308
Attorney for Defendant,
Massillon Community Hospital

Robert A. Bunda, Esq.
Rebecca C. Sechrist, Esq.
Bunda Stutz & DeWitt, PLL
One seaGate, Suite 650
Toledo, OH  43604
Attorneys for Defendant,
Merck and Co., Inc.

/s/ Stacy A. Ragon
Stacy A. Ragon
Jennifer L. Souza

1307281.1.061739.0790