UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | * * * * * * * * * * * * | MDL No. 1657<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE<br>DANIEL E. KNOWLES, III |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO:** *Ernest J. and Patricia Gonzalez v. Merck & Co., Inc.,* **Case No. 05-5994.**

### ANSWER OF DEFENDANT MERCK & CO., INC. TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the Plaintiffs' Second Amended Complaint ("Second Amended Complaint") and repeats and realleges each and every response, admission, denial, averment, statement, and affirmative defense contained in its previously filed Answer to the Plaintiffs' Original Complaint and its previously filed Answer to the Plaintiffs' First Amended Complaint with the same force and effect as though set forth here in full.

## RESPONSE TO SECOND AMENDED COMPLAINT

### RESPONSE TO
### "I. PARTIES"

1. Denies each and every allegation contained in paragraph 2 of the Second Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

2. Denies each and every allegation contained in paragraph 3 of the Second Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

3. Denies each and every allegation contained in paragraph 4 of the Second Amended Complaint, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, manufactured, marketed, and distributed the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further admits that it may be served as allowed by applicable federal and/or state law and that Merck is authorized to do business in Texas.

### RESPONSE TO
### "II. JURISDICTION"

4. The allegations contained in paragraph 5 of the Second Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 5 of the Second Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiffs purport to state a claim in excess of $75,000, but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "III. FACTS"

5. Denies each and every allegation contained in paragraph 6 of the Second Amended Complaint and respectfully refers the Court to the relevant U.S. Food & Drug Administration ("FDA")-approved prescribing information and literature for Vioxx for its actual language and full text.

6. Denies each and every allegation contained in paragraph 7 of the Second Amended Complaint, except admits that Merck has employees, agents, and representatives.

7. Denies each and every allegation contained in paragraph 8 of the Second Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

8. Denies each and every allegation contained in paragraph 9 of the Second Amended Complaint.

9. Denies each and every allegation contained in paragraph 10 of the Second Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

10. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 11 of the Second Amended Complaint, and denies each and every allegation directed toward Merck in paragraph 11 of the Second Amended Complaint.

11. Denies each and every allegation contained in paragraph 12 of the Second Amended Complaint.

### RESPONSE TO
### "IV. THEORIES OF RECOVERY"

### RESPONSE TO
### "A. COUNT I: STRICT PRODUCTS LIABILITY"

12. With respect the allegations contained in paragraph 13 of the Second Amended Complaint repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth herein.

13. Denies each and every allegation contained in paragraph 14 of the Second Amended Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further avers that the FDA approved the prescription medicine Vioxx as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

14. Denies each and every allegation contained in the first sentence of paragraph 15 of the Second Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the second sentence of paragraph 15 of the Second Amended Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

15. Denies each and every allegation contained in paragraph 16 of the Second Amended Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

4

16. Denies each and every allegation contained in paragraph 17 of the Second Amended Complaint.

17. Denies each and every allegation contained in paragraph 18 of the Second Amended Complaint, including its subparts (1) through (3), except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

18. Denies each and every allegation contained in paragraph 19 of the Second Amended Complaint.

19. The allegations contained in the first sentence of paragraph 20 of the Second Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of paragraph 20 of the Second Amended Complaint. Merck denies each and every allegation contained in the second and third sentences of paragraph 20 of the Second Amended Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck denies each and every allegation contained in the fourth sentence of paragraph 20 of the Second Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

### RESPONSE TO
### "B. COUNT II: NEGLIGENCE"

20. With respect the allegations contained in paragraph 21 of the Second Amended Complaint repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth herein.

21. Denies each and every allegation contained in the first, second, third, fourth, and sixth sentences of paragraph 22 of the Second Amended Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text. The allegations contained in the fifth sentence of paragraph 22 of the Second Amended Complaint are legal conclusions as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the fifth sentence of paragraph 22 of the Second Amended Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

## RESPONSE TO
## "C. COUNT III: MISREPRESENTATION AND FRAUD"

22. With respect the allegations contained in paragraph 23 of the Second Amended Complaint repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth herein.

23. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck contained in the first and second sentences of paragraph 24 of the Second Amended Complaint, and denies each and every allegation directed toward Merck contained in the first and second sentences of paragraph 24 of the Second Amended Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information

and literature for its actual language and full text. Merck denies each and every allegation contained in the third sentence of paragraph 24 of the Second Amended Complaint, except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

24. Denies each and every allegation contained in paragraph 25 of the Second Amended Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

25. Denies each and every allegation contained in the first sentence of paragraph 26 of the Second Amended Complaint. The allegations contained in the second sentence of paragraph 26 of the Second Amended Complaint are legal conclusions as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of paragraph 26 of the Second Amended Complaint.

26. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 27 of the Second Amended Complaint, and denies each and every allegation directed toward Merck in paragraph 27 of the Second Amended Complaint, except admits that except admits that Plaintiffs purport to seek exemplary damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO
### "C. COUNT IV: CIVIL CONSPIRACY"

27. With respect the allegations contained in paragraph 28 of the Second Amended Complaint repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth herein.

28. The allegations contained in paragraph 29 of the Second Amended Complaint are legal conclusions as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 29 of the Second Amended Complaint.

### RESPONSE TO "D. COUNT V: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY"

29. With respect the allegations contained in paragraph 30 of the Second Amended Complaint repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth herein.

30. Denies each and every allegation contained in paragraph 31 of the Second Amended Complaint.

31. The allegations contained in paragraph 32 of the Second Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 32 of the Second Amended Complaint, and denies each and every allegation directed toward Merck in paragraph 32 of the Second Amended Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

32. Denies each and every allegation contained in paragraph 33 of the Second Amended Complaint.

## RESPONSE TO
## "E. COUNT VI: BREACH OF THE IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE"

33. With respect the allegations contained in paragraph 34 of the Second Amended Complaint repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth herein.

34. Denies each and every allegation contained in paragraph 35 of the Second Amended Complaint.

35. Denies each and every allegation contained in paragraph 36 of the Second Amended Complaint, except admits that the FDA approved Vioxx as safe and effective for certain indicated uses subject to information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

36. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 37 of the Second Amended Complaint, and denies each and every allegation directed toward Merck in paragraph 37 of the Second Amended Complaint.

37. Denies each and every allegation contained in paragraph 38 of the Second Amended Complaint.

## RESPONSE TO
## "F. COUNT VII: BREACH OF EXPRESS WARRANTY"

38. With respect the allegations contained in paragraph 39 of the Second Amended Complaint repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth herein.

39. Denies each and every allegation contained in paragraph 40 of the Second Amended Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

### RESPONSE TO
### "G. COUNT VIII: GROSS NEGLIGENCE/MALICE"

40. The allegations contained in paragraph 41 of the Second Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 41 of the Second Amended Complaint, except admits that Plaintiffs are seeking an award of exemplary damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO
### "V. AGENCY"

41. Denies each and every allegation contained in paragraph 42 of the Second Amended Complaint, except admits that Plaintiffs purport to define the scope of allegations within the Second Amended Complaint.

### RESPONSE TO
### "VI. ALLEGATIONS AND CAUSES OF ACTION IN THE ALTERNATIVE"

42. Denies each and every allegation contained in paragraph 43 of the Second Amended Complaint, except that Plaintiffs purport to plead all factual allegations and/or causes in the alternative.

## RESPONSE TO
## "VII. CAUSATION"

43. Denies each and every allegation contained in paragraph 44 of the Second Amended Complaint.

## RESPONSE TO
## "VIII. DAMAGES"

44. Denies each and every allegation contained in paragraph 45 of the Second Amended Complaint.

45. Denies each and every allegation contained in paragraph 46 of the Second Amended Complaint.

46. Denies each and every allegation contained in paragraph 47 of the Second Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

47. Denies each and every allegation contained in paragraph 48 of the Second Amended Complaint.

48. Denies each and every allegation contained in paragraph 49 of the Second Amended Complaint.

49. Denies each and every allegation contained in paragraph 50 of the Second Amended Complaint.

50. Denies each and every allegation contained in paragraph 51 of the Second Amended Complaint.

51. Denies each and every allegation contained in paragraph 52 of the Second Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

52. Denies each and every allegation contained in paragraph 53 of the Second Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

53. The allegations contained in paragraph 54 of the Second Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 54 of the Second Amended Complaint, except admits that Plaintiffs purport to state a claim in excess of the jurisdictional amount but denies that there is any legal or factual basis for said relief.

54. Denies each and every allegation contained in paragraph 55 of the Second Amended Complaint, except admits that Plaintiffs purport to seek attorney's fees and costs but denies that there is any legal or factual basis for such relief.

55. Denies each and every allegation contained in paragraph 56 of the Second Amended Complaint, except admits that Plaintiffs purport to seek exemplary and/or punitive damages but denies that there is any legal or factual basis for such relief.

56. Denies each and every allegation contained in paragraph 57 of the Second Amended Complaint, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "IX. LOSS OF CONSORTIUM"

57. With respect the allegations contained in paragraph 58 of the Second Amended Complaint repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth herein.

58. Denies each and every allegation contained in paragraph 59 of the Second Amended Complaint.

59. The allegations contained in paragraph 60 of the Second Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 60 of the Second Amended Complaint.

### RESPONSE TO
### "IX. JURY DEMAND"

60. The allegations contained in paragraph 61 of the Second Amended Complaint are legal conclusions as to which no responsive pleading is required.

61. The allegations contained in the unnumbered "For These Reasons" paragraph after paragraph 61 of the Second Amended Complaint constitute a prayer for relief as to which no response should be required. Should a response be required, Merck denies each and every allegation contained in the unnumbered "For These Reasons" paragraph, including its subparts a through g, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1. That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' Original Complaint, First Amended Complaint, and Second Amended Complaint with prejudice against Merck with costs assessed to Plaintiffs;

2. Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3. Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

13

Dated: October 11, 2006.

        Respectfully submitted,

*/s/ Melissa V. Beaugh*
Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Melissa V. Beaugh, 28250
    Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
    Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. to Plaintiffs' Second Amended Complaint has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system

14

which will send a Notice of Electronic Filing in accordance with the procedures established in MDL No. 1657, on this _11_ day of October, 2006.

_Melissa V. Beaugh_