UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX | MDL Docket NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| This document relates to: | JUDGE FALLON |
| LENE ARNOLD | MAG. JUDGE KNOWLES |
| v. | |
| MERCK & CO., INC. | |
| Case No. 05-2627 | |
| and | |
| ALICIA GOMEZ | |
| v. | |
| MERCK & CO., INC. | |
| Case No. 05-1163 | |

**THIRD NOTICE OF SUPPLEMENTAL AUTHORITY
OF PLAINTIFFS LENE ARNOLD AND ALICIA GOMEZ**

Plaintiffs, Lene Arnold and Alicia Gomez, hereby submit as their third supplemental authority in opposition to Merck & Co.'s Motion for Summary Judgment, the opinion of the United States Court of Appeals for the Second Circuit in *Desiano v. Warner-Lambert & Co.*, 2006 WL2846454 (2nd Cir. Oct. 5, 2006)[attached hereto as Exhibit "A"], and the recent article of Furberg, et al., *The FDA and Drug Safety: A Proposal for Sweeping Changes*, 166 Arch. Intern. Med. 1938 (Oct. 9, 2006)[attached hereto as Exhibit "B"].

In *Desiano*, the court rejected implied conflict preemption of state court claims in a number of ways. First, it refuted any implication that *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001), had any bearing on implied conflict preemption in state common law claims. In this regard, the Second Circuit recognized:

> So long as a court or jury is *allowed to consider* evidence of fraud against the FDA in an ordinary common law tort suit, and so long as juries are likely to react to such evidence, there will be substantial inducements on the pharmaceutical industry to provide the federal agency with just the kind of information that troubled the *Buckman* and *Garcia* Courts. Requiring such evidence when a plaintiff seeks to counter a statutory defense from liability would not significantly alter that incentive. Only when Proof of fraud is by itself *sufficient* to impose liability–and indeed is the sole basis of liability (as it was in *Buckman*)– does the incentive to flood the FDA appreciably escalate.

*Id.* at *11 (emphasis supplied).

Focusing on the recent final rule promulgated by the FDA, the Second Circuit determined that the "recent pronouncement does not ultimately affect our analysis in this case." *Id.* at 11, fn. 9. Specifically, the Second Circuit held:

> But, whatever deference would be owed to an agency's view in contexts where a presumption against federal preemption does apply, an agency cannot supply, on Congress's behalf, the clear legislative statement of intent required to overcome the presumption against preemption. *Cf. Alexander v. Sandoval*, 532 U.S. 275, 291 (2001)("Agencies may play the sorcerer's apprentice but not the sorcerer himself."). Because we find that a presumption against preemption applies in the instant case, we are bound also to conclude that, absent a clear statement from Congress, the common law claims preserved by Michigan's immunity exception cannot be preempted by federal law. Accordingly, an FDA statement to the contrary–even if the one it issued could be treated as such–could not alter our conclusion that Congress did not intend to preempt Appellants' traditional and preexisting common law claims.

2

*Id.*

Dr. Furberg's article reinforces the recent report of the Institute of Medicine (submitted on September 28, 2006) and stresses the ineffectiveness of the Food & Drug Administration's ability to insure drug safety. Under these circumstances, preempting state law claims based on deference to a dysfunctional agency is unsound.

Plaintiffs respectfully request that this Court consider the *Desiano* Opinion and the Furberg article when ruling upon the instant motion.

Respectfully submitted,
**PLAINTIFFS' STEERING COMMITTEE**

Date: October 11, 2006                    By: _____
**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***Herman, Herman, Katz & Cotlar, L.L.P.***
Place St. Charles
201 St. Charles Avenue, Suite 4310
New Orleans, Louisiana 70170
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

**PLAINTIFFS' LIAISON COUNSEL**

Andy D. Birchfield, Jr., Esquire            Richard J. Arsenault, Esquire
Leigh O'Dell, Esquire                       NEBLETT, BEARD & ARSENAULT
BEASLEY, ALLEN, CROW, METHVIN,              2220 Bonaventure Court, P.O. Box 1190
PORTIS & MILES, P.C.                        Alexandria, LA 71301-1190
P.O. Box 4160                               (318) 487-9874 (telephone)
234 Commerce Street                         (318) 561-2591 (telecopier)
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)
**Co-Lead Counsel**

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
 MEUNIER & WARSHAUER, L.L.C.
Energy Centre
1100 Poydras Street, Ste. 2800
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
 BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
Shanin Specter, Esquire
David J. Caputo, Esquire
Lisa S. Dagostino, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street
19th Floor
Philadelphia, PA 19102

(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire **(on brief)**
Fred S. Longer, Esquire **(on brief)**
Daniel Levin, Esquire
Matthew C. Gaughan, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Shelly A. Sanford, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W., Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

**AND**

Andy D. Birchfield, Jr., Esquire
Leigh O'Dell, Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)

**Counsel for Plaintiff Arnold**

**AND**

| | |
|---|---|
| Kathryn A. Snapka, Esquire | Zollie C. Steakley |
| SNAPKA, TURMAN & WATERHOUSE LLP | TX State Bar No. 24029848 |
| 606 N. Carancahua, Suite 1511 | MS State Bar No. 100517 |
| P.O. Drawer 23017 | Attorney for Plaintiffs |
| Corpus Christi, TX 78403 | CAMPBELL~CHERRY~HARRISON~ |
| (361) 888-7676 (telephone) | DAVIS~DOVE, P.C. |
| (361) 884-8545 (telecopier) | P.O. Drawer 21387 |
| | Waco, Texas 76702 |
| | (254) 761-3300 (telephone) |
| | (254) 761-3301 (telecopier) |

**Counsel for Plaintiff Gomez**

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 11th day of October, 2006.

Leonard A. Davis (Bar No. 14190)
***Herman, Herman, Katz & Cotlar, LLP***
201 St. Charles Ave., Suite 4310
New Orleans, LA  70170
PH:   (504) 581-4892
FAX:  (504) 561-6024
ldavis@hhkc.com