**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | | |
|---|---|---|---|
| JOHN MATTHEWS, | § | | |
| | § | | |
| Plaintiff, | § | | |
| And | § | | |
| | § | | |
| WISCONSIN PHYSICIANS SERVICE | § | | |
| INSURANCE CORPORATION, | § | | |
| | § | | |
| Involuntary Plaintiff, | § | | |
| | | § | |
| vs. | § | | CASE NO. 2:06-cv-05606 |
| | | § | |
| MERCK & CO., INC. | § | | MDL No. 1657 |
| | | § | |
| Defendant. | § | | |

In re: Vioxx Products Liability Litigation

<u>**ANSWER AND JURY DEMAND OF DEFENDANT MERCK & CO. INC.**</u>

COMES NOW Defendant Merck & Co., Inc., ("Merck"), by and through its undersigned counsel, and presents the following Answer and Defenses to Plaintiff's Complaint as follows:

1.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations contained in paragraph 1 of the Complaint and therefore is unable to admit or deny same.

2.      Merck denies each and every allegation set forth in paragraph 2 of the Complaint, except admits that Plaintiff purports to seek relief in an amount in excess of the jurisdictional limit but denies that there is any factual or legal basis for such relief.

3.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations contained in paragraph 3 of the Complaint and therefore is unable to admit

or deny same.

4.    Merck denies each and every allegation set forth in paragraph 4 of the Complaint, except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, White House Station, New Jersey, and that Merck is authorized to do business in Wisconsin.

5.    The allegation set forth in paragraph 5 of the complaint is a legal conclusion to which no responsive pleading is required.  Should a response be deemed necessary, Merck admits that the parties are diverse and that plaintiff purports to put an amount in controversy exceeding $75,000.00, but denies that there is any factual or legal basis for such relief.

## RESPONSE TO "BACKGROUND"

6.    Denies each and every allegation set forth in paragraph 6 of the Complaint, except admits the Plaintiff purports to bring an action for personal injuries and damages, but denies there is any factual or legal basis for such relief.

7.    Denies each and every allegation set forth in paragraph 7 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Vioxx is the trade name for rofecoxib.

8.    Denies each and every allegation set forth in paragraph 8 of the Complaint, except admits that Vioxx is part of a class of medications known as NSAIDs and that Merck manufactured, marketed and distributed the prescription medicine Vioxx which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase2 ("COX-2").

834287v.1

9.    Denies each and every allegation set forth in paragraph 9 of the Complaint, except admits that the mechanism of action for Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.  Merck further avers that it is believed that the inhibition of cyclooxygenase 1 ("COX-1") has been associated with gastric damage and increased bleeding among patients taking non-selective NSAIDs.

10.    Denies each and every allegation set forth in paragraph 10 of the Complaint, except admits that Vioxx, like all prescription medications, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

11.    Denies each and every allegation set forth in paragraph 11 of the Complaint, except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx as safe and effective for certain indicated uses in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its indicated uses and full text.

12.    Denies each and every allegation set forth in paragraph 12 of the Complaint.

13.    Denies each and every allegation set forth in paragraph 13 of the Complaint, except admits that Plaintiff purports to quote portions of the referenced e-mail but avers that the quoted language is taken out of context.

14.    Denies each and every allegation contained in paragraph 14 of the Complaint, except admits that Merck scientists participated in the Vioxx Gastrointestinal Outcomes Research (VIGOR) study and respectfully refers the Court to the referenced study for its actual conclusions and full text.

3

15.     Denies each and every allegation set forth in paragraph 15 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

16.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations set forth in the first sentence of paragraph 16 of the Complaint and therefore is unable to admit or deny same.  Denies each and every allegation set forth in the second sentence of paragraph 16 of the Complaint.

17.     Denies each and every allegation set forth in sentence one of paragraph 17 of the Complaint and avers that prior to the VIGOR trial, Merck had put in place a cardiovascular standard operating procedure consisting of three external panels of experts, the purpose of which was to adjudicate investigator reported cardiovascular adverse events from clinical trials of Vioxx.  Merck admits that the article referenced in sentence two of paragraph 17 exists and that Plaintiff purports to quote from the referenced article, but respectfully refers the Court to said article for its actual language in full text.

18.     Denies each and every allegation set forth in paragraph 18 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

19.     Denies each and every allegation set forth in paragraph 19 of the Complaint.

20.     Denies each and every allegation set forth in paragraph 20 of the Complaint, except Merck admits that it marketed the prescription medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information and with state and federal law.

21.     Denies each and every allegation set forth in paragraph 21 of the Complaint and

834287v.1

respectfully refers the Court to the minutes produced at the November 18, 1999 meeting of the Data Safety and Monitoring Board for its actual language and full text.

22.     Denies each and every allegation set forth in paragraph 22 of the Complaint, except admits that Merck received a letter from Spencer Salis of DDMAC in December 1999, and respectfully refers the Court to the referenced letter for its actual language and full text.

23.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 23 of the Complaint and therefore is unable to admit or deny same.

24.     Merck denies each and every allegation set forth in paragraph 24 of the Complaint, including subparagraphs a - c, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.  Merck further admits that Vioxx has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to Naproxen.

25.     Denies each and every allegation set forth in paragraph 25 of the Complaint and avers that in March 2000 Merck forwarded to the FDA the VIGOR study and subsequently, in June 2000, filed a supplemental New Drug Application (sNDA) that included the VIGOR study.  Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.

26.     Denies each and every allegation set forth in paragraph 26 of the Complaint, except admits that Merck is currently a member and, since 1999, has been a sponsor of the European United League Against Rheumatism ("EULAR") and that the studies referenced in sentence one of paragraph 26 exist, and respectfully refers the Court to said studies for their actual language and full text.

27.     Denies each and every allegation set forth in paragraph 27 of the Complaint,

834287v.1

except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

28.     Denies each and every allegation set forth in paragraph 28 of the Complaint, except admits that worldwide Vioxx sales figures in 2000 exceeded $2 billion.

29.     Denies each and every allegation set forth in paragraph 29 of the Complaint, except admits that on February 8, 2001, the Arthritis Advisory Committee met and discussed, among other things, the VIGOR data, and that the referenced briefing document and memorandum exist and respectfully refers the Court to said documents for their actual language and full text.

30.     Denies each and every allegation set forth in paragraph 30 of the Complaint, except admits that Merck issued a press release on May 22, 2001 entitled "Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx" and respectfully refers the Court to the referenced press release for its actual language and full text.

31.     Denies each and every allegation set forth in paragraph 31 of the Complaint but avers that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

32.     Denies each and every allegation set forth in paragraph 32 of the Complaint except admits the existence of the journal, the article contained therein, and respectfully refers the Court to the referenced article for its actual language and full text.

33.     Denies each and every allegation set forth in the first sentence of paragraph 33 of the Complaint, except admits that Plaintiff purports to quote a statement issued by Merck but avers that said statement is taken out of context.  Merck denies each and every allegation set forth in the second sentence of paragraph 33 of the Complaint, except admits that Plaintiff purports to

6

quote a portion of a press release issued by made by Merck and respectfully refers the court to the referenced press release for its actual language and full text.

34.     Denies each and every allegation set forth in paragraph 34 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001, from which plaintiff purports to quote, and respectfully refers the Court to that letter for its actual language and full text.

35.     Denies each and every allegation set forth in paragraph 35 of the Complaint and avers that Merck marketed the prescription medicine Vioxx in a manner consistent with its relevant FDA-approved prescribing information.  Merck further admits that in 2001 Vioxx achieved worldwide sales of $2.6 billion and that Vioxx was prescribed to millions of patients.

36.     Denies each and every allegation set forth in paragraph 36 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

37.     Denies each and every allegation set forth in paragraph 37 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

38.     Denies each and every allegation set forth in paragraph 38 of the Complaint, except admits that the studies referenced in the first sentence of paragraph 38 and the article referenced in the second sentence of paragraph 38 exist and respectfully refers the Court to the referenced studies and article for their actual language and full text.

39.     Denies each and every allegation set forth in paragraph 39 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the relevant FDA-approved prescribing

834287v.1

information for Vioxx for its actual language and full text.

40.     Denies each and every allegation set forth in paragraph 40 of the Complaint.

41.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations set forth in paragraph 41 of the Complaint and therefore is unable to admit or deny same.

42.     Denies each and every allegation set forth in paragraph 42 of the Complaint, except admits that the *Reuters* article referenced exists and that Plaintiff purports to quote from the referenced article, but respectfully refers the Court to said article for its actual language and full text.

43.     Denies each and every allegation set forth in paragraph 43 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

44.     Denies each and every allegation set forth in paragraph 44 of the Complaint, except admits that the referenced Adverse Event Reporting System ("AERS") exists, although the reports on the system are not necessarily accurate.  Merck further avers that adverse events are reported without regard to causality and do not reflect a conclusion by the reporter of the adverse event or the Food and Drug Administration that the event was caused by the medication.  Merck further admits various cardiovascular adverse events associated with Vioxx have been reported to the AERS system and respectfully refers the Court to the AERS for complete data on particular reported events.

45.     Denies each and every allegation set forth in paragraph 45 of the Complaint.

46.     Denies each and every allegation set forth in paragraph 46 to the Complaint, except admits that the referenced study exists and respectfully refers the Court to said study for its actual conclusions and full text.

47.     Denies each and every allegation set forth in paragraph 47 of the Complaint, except

834287v.1

admits that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking a placebo and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx from the worldwide market best served the interests of patients.

48.     Denies each and every allegation set forth in paragraph 48 of the Complaint.

49.     Denies each and every allegation set forth in paragraph 49 of the Complaint.

50.     Denies each and every allegation set forth in paragraph 50 of the Complaint.

51.     Denies each and every allegation set forth in paragraph 51 of the Complaint.

52.     Denies each and every allegation set forth in paragraph 52 of the Complaint.

53.     Denies each and every allegation set forth in paragraph 53 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

54.     Denies each and every allegation set forth in paragraph 54 of the Complaint.

55.     Denies each and every allegation set forth in paragraph 55 of the Complaint.

56.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations set forth in paragraph 56 of the Complaint and therefore is unable to admit or deny same.

57.     Denies each and every allegation set forth in paragraph 57 of the Complaint.

58.     Denies each and every allegation set forth in paragraph 58 of the Complaint.

834287v.1

59.     Denies each and every allegation set forth in paragraph 59 of the Complaint.


## RESPONSE TO
## FIRST CLAIM FOR RELIEF - STRICT PRODUCTS LIABILITY


60.     With respect to the allegations set forth in paragraph 60 of the Complaint, Merck repeats and realleges each and every admission, denial, acknowledgement and statement contained in paragraphs 1 through 59 of this Answer with the same force and effect as though set forth here in full.

61.     Denies each and every allegation set forth in paragraph 61 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

62.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations set forth in paragraph 62 of the Complaint and therefore is unable to admit or deny same.

63.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations set forth in paragraph 63 of the Complaint and therefore is unable to admit or deny same.

64.     Denies each and every allegation set forth in paragraph 64 of the Complaint.

65.     Denies each and every allegation set forth in paragraph 65 of the Complaint.

834287v.1

## RESPONSE TO
## SECOND CLAIM FOR RELIEF - NEGLIGENCE

66.     With respect to the allegations set forth in paragraph 66 of the Complaint, Merck

repeats and realleges each and every admission, denial, acknowledgement and statement contained in

paragraphs 1 through 65 of this Answer with the same force and effect as though set forth here in full.

67.     The allegations set forth in paragraph 67 of the Complaint are legal conclusions as to

which no responsive pleading is required.  Should a response be deemed required, Merck denies each

and every allegation set forth in said paragraph and respectfully refers the Court to the relevant legal

standard, including any applicable conflicts of law rules.

68.     Denies each and every allegation set forth in paragraph 68 of the Complaint, including

subparagraphs a through f.

69.     Denies each and every allegation set forth in paragraph 69 of the Complaint,

except admits that Plaintiff purports to seek damages but denies that there is any legal or factual

basis for such relief.

## RESPONSE TO
## THIRD CLAIM FOR RELIEF - NEGLIGENCE PER SE

70.     With respect to the allegations set forth in paragraph 70 of the Complaint, repeats and

realleges each and every admission, denial, averment and statement contained in paragraphs 1 –

69 of this Answer with the same force and effect as though set forth here in full.

71.     The allegations set forth in paragraph 71 of the Complaint are legal conclusions as to

which no responsive pleading is required.  Should a response be deemed required, Merck denies each

and every allegation set forth in said paragraph and respectfully refers the court to the relevant legal

standard, including any applicable conflicts of law rules.

11

72.     Denies each and every allegation set forth in paragraph 72 of the Complaint.

73.     The allegations set forth in paragraph 73 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph and respectfully refers the court to the relevant legal standard, including any applicable conflicts of law rules.

74.     Denies each and every allegation set forth in paragraph 74 of the Complaint.

75.     Denies each and every allegation set forth in paragraph 75 of the Complaint, except admits that Plaintiff purports to seek damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## FOURTH CLAIM FOR RELIEF - MISREPRESENTATION

76.     With respect to the allegations set forth in paragraph 76 of the Complaint, repeats and re-alleges each and every admission, denial, averment and statement contained in paragraphs 1 – 75 of this Answer with the same force and effect as though set forth here in full.

77.     Denies each and every allegation set forth in paragraph 77 of the Complaint.

78.     Denies each and every allegation set forth in paragraph 78 of the Complaint.

79.     Denies each and every allegation set forth in paragraph 79 of the Complaint.

80.     Denies each and every allegation set forth in paragraph 80 of the Complaint, except admits that Plaintiff purports to seek damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## FIFTH CLAIM FOR RELIEF - FRAUD

81.     With respect to the allegations set forth in paragraph 81 of the Complaint, repeats

12

and re-alleges each and every admission, denial, averment and statement contained in paragraphs 1 – 80 of this Answer with the same force and effect as though set forth here in full.

82.     Denies each and every allegation set forth in paragraph 82 of the Complaint, including subparagraphs a through f.

83.     Denies each and every allegation set forth in paragraph 83 of the Complaint.

84.     Denies each and every allegation set forth in paragraph 84 of the Complaint.

85.     Denies each and every allegation set forth in paragraph 85 of the Complaint, except admits that Plaintiff purports to seek damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO
### SIXTH CLAIM FOR RELIEF - UNJUST ENRICHMENT

86.     With respect to the allegations set forth in paragraph 86 of the Complaint, repeats and re-alleges each and every admission, denial, averment and statement contained in paragraphs 1 – 85 of this Answer with the same force and effect as though set forth here in full.

87.     Denies each and every allegation set forth in paragraph 87 of the Complaint.

88.     Denies each and every allegation set forth in paragraph 88 of the Complaint.

89.     Denies each and every allegation set forth in paragraph 89 of the Complaint.

### RESPONSE TO
### SEVENTH CLAIM FOR RELIEF - PUNITIVE DAMAGES

90.     With respect to the allegations set forth in paragraph 90 of the Complaint, repeats and re-alleges each and every admission, denial, averment and statement contained in paragraphs 1 – 89 of this Answer with the same force and effect as though set forth here in full.

91.     Denies each and every allegation set forth in paragraph 91 of the Complaint.

834287v.1

92.    Denies each and every allegation set forth in paragraph 92 of the Complaint, except admits that Plaintiff purports to seek punitive damages but denies that there is any legal or factual basis for such relief.

## RELIEF SOUGHT

1 -10.   The emunerated paragraphs 1 through 10 of this section of the Complaint are not allegations and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in said paragraphs, except admits that Plaintiff purports to demand judgment and certain forms of relief, but denies there is any legal or factual basis for awarding same.

## AFFIRMATIVE DEFENSES

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

1.    The claims of Plaintiff may be time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

2.    The Complaint fails to state a claim upon which relief can be granted.

834287v.1

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

3.      The claims of the Plaintiff may be barred, in whole or in part, from recovery because he has made statements or taken actions that preclude him from asserting claims or constitute a waiver of his claims.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

4.      The claims of the Plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

5.      Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

6.      If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

7.      To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

834287v.1

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

8.      To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

9.      Any warnings given by Merck were transmitted to the prescribing physicians and/or healthcare providers and, pursuant to the learned intermediary doctrine, Merck's only obligation is to warn the prescribing physician and/or healthcare providers and said obligation was fulfilled.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

10.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

11.     Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence as codified by Wis Stats. § 895.045.

834287v.1

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

12.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

13.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom  Merck had no control and for whom Merck may not be held accountable.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

14.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

15.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses  of conditions for which this defendant is not responsible.

834287v.1

### AS FOR A SIXTEENTH
### DEFENSE, MERCK ALLEGES:

16.     To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

### AS FOR AN SEVENTEENTH
### DEFENSE, MERCK ALLEGES:

17.     Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Fed. R. Civ. P. 9(b).

### AS FOR A EIGHTEENTH
### DEFENSE, MERCK ALLEGES:

18.     Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx and its labeling were subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A NINETEENTH
### DEFENSE, MERCK ALLEGES:

19.      Plaintiffs claims are barred in whole or in part by the First Amendment.

### AS FOR A TWENTIETH
### DEFENSE, MERCK ALLEGES:

20.     Plaintiffs claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

### AS FOR A TWENTY-FIRST
### DEFENSE, MERCK ALLEGES:

21.     There is no practical or technically feasible alternative design that would have reduced

834287v.1

the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

## AS FOR A TWENTY-SECOND DEFENSE, MERCK ALLEGES:

22.     This case is more appropriately brought in a different venue.

## AS FOR A TWENTY-THIRD DEFENSE, MERCK ALLEGES:

23.     Venue in this case is improper.

## AS FOR A TWENTY-FOURTH DEFENSE, MERCK ALLEGES:

24.     The claims of Plaintiff may be barred, in whole or in part, from recovery  because, in this or other courts, he has brought actions and has received judgments on  parts of some or all claims asserted herein.

## AS FOR A TWENTY-FIFTH DEFENSE, MERCK ALLEGES:

25.     The claims of Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

## AS FOR A TWENTY-SIXTH DEFENSE, MERCK ALLEGES:

26.     The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to his claims.

834287v.1

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

27.    The claims of Plaintiff may be barred, in whole and in part, by the doctrine of laches.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

28.    The claims of Plaintiff are barred, in whole or in part, by his failure to mitigate damages.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

29.    To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

30.    The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

31.    The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

32.    Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

834287v.1

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

33.     Plaintiff has not sustained any injury or damages compensable at law.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

34. Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiff's

failure to provide it with due process of law.

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

35.     This case is subject to dismissal or stay on the grounds of forum non conveniens.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

36.     Plaintiff's claims are barred in whole or in part under comment k to Section 402A of

the Restatement (Second) of Torts.

## AS FOR A THIRTY-SEVENTH
## DEFENSE MERCK ALLEGES:

37.     Plaintiff's claims are barred in whole or in part because Merck provided adequate

"directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation

Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement

(Second) of Torts.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

38.     Plaintiffs claims are barred under Section 4, et seq., of the Restatement (Third) of

Torts: Products Liability.

834287v.1

### AS FOR A THIRTY-NINTH
### DEFENSE, MERCK ALLEGES:

39.    Plaintiffs claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

### AS FOR A FORTIETH
### DEFENSE, MERCK ALLEGES:

40.    To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

### AS FOR A FORTY-FIRST
### DEFENSE, MERCK ALLEGES:

41.    To the extent that plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### AS FOR A FORTY-SECOND
### DEFENSE, MERCK ALLEGES:

42.    To the extent that plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

### AS FOR A FORTY-THIRD
### DEFENSE, MERCK ALLEGES:

43.    Plaintiffs' demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A FORTY-FOURTH
### DEFENSE, MERCK ALLEGES:

44.     Plaintiff's claim for punitive damages must fail as the Complaint fails to meet the criteria established in Wis. Stats. § 895.85.

### AS FOR A FORTY-FIFTH
### DEFENSE, MERCK ALLEGES:

45.     Plaintiff's claims are barred, in whole or in part, because Plaintiffs lack capacity and/or standing to bring such claims.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

Merck incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action. Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such other and further relief that the Court may deem just and proper.

834287v.1

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.


Dated: October 12, 2006                    Respectfully submitted,



*/s/ Dorothy H. Wimberly*                                     
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone:  504 / 581 3200
Fax:  504 / 581 3361

Defendants' Liaison Counsel

Todd M. Weir,  SBN 101442
Jennifer A. Slater Carlson, SBN 1026790
700 N. Water Street, Suite 800
Milwaukee, WI  53202
Phone:  414 / 271 7271
Fax:  414 / 271 7272

Attorneys for Merck & Co., Inc.

834287v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Jury Demand of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 12th day of October, 2006.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

834287v.1