UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACOB LEWIS, ET AL | CIVIL ACTON NO. 05-6621 |
| PLAINTIFF | SECT. L   MAG. 3 |
| | JUDGE FALLON |
| VERSUS | MAGISTRATE KNOWLES |
| MERCK & CO., AND<br>DR. SOPHIA L. MORRIS | |
| DEFENDANTS | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN OPPOSITION TO DEFENDANTS'**
**MOTION TO DISMISS**

**NOW INTO COURT**, through undersigned counsel, come plaintiffs, Jacob Lewis, individually, and on behalf of his deceased, Hester Lewis, who opposes the Motion to Dismiss filed by the defendant, Dr. Sophia L. Morris, on the basis that Plaintiff contests, and properly so, that this court lacks jurisdiction over the parties and should remand this case back to state court. Still further, respondent adopts by reference its Motion to Remand and Memorandum in Support of the motion previously filed herein.

Faced with the same situation in the Rezulin litigation, each and every federal judge in this district felt that they did not have subject matter jurisdiction over a drug product liability case where a local treating physician was sued of medical malpractice. See, e.g. Robert Ritchie v. Warner-Lambert Co., et al., No. 01-1001 (E.D. La. 05/02/01) and attached as Exhibit "A" (initial opinion by Chief Judge McNamara which was subsequently followed

by every federal judge in the Eastern District, ruling that plaintiff's allegations against treating physician in prescription drug products liability case stated a viable cause of action against Louisiana defendant, sufficient to defeat any claims of "fraudulent joinder," and requiring remand).

The treating physician herein is asking a Court, without proper jurisdiction, to dismiss him from this case. This physician is well aware that this a "warn out" issue tried and set forth numerous times in the past. The fact that plaintiff's medical malpractice claims against the treating physician may be "procedurally" barred because the medical review panel has not convened, has been dealt with and decided in Doe v. Cutter Biological, 774 F. Supp. 1001 (E.D. La. 09/05/91); Doe v. Armour Pharmaceutical Co., 837 F. Supp. 178 (E.D. La. 09/21/93).

Plaintiff moves this Honorable Court to deny defendants' Motion to Dismiss and allow plaintiff to proceed with the above-entitled and numbered action.

> Respectfully submitted,
>
> ALLAN BERGER & ASSOCIATES, P.L.C.
>
> _____
> John D. Sileo (La. Bar No. 17797)
> **Allan Berger (La. Bar No. 2977)**
> 4173 Canal St.
> New Orleans, LA 70119-5972
> (504) 486-9481
> ***Attorneys for Plaintiffs***

-2-

-3-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been served upon all counsel of record by placing a copy in the United States mail, first class postage prepaid and properly addressed, and/or by facsimile transmission on this 11th day of October, 2006.

_____
Allan Berger