UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No.  05-2524 | * | |
| | * | MAGISTRATE |
| ANTHONY WAYNE DEDRICK, | * | JUDGE KNOWLES |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC, | * | |
| | * | |
| Defendant | * | |
| | * | |

* * * * * * * * * * * * * * * * * *

### MEMORANDUM IN SUPPORT OF MOTION OF MR. DAVID ANSTICE AND MERCK & CO., INC. ("MERCK") TO QUASH SUBPOENA

Mr. David Anstice and Merck move to quash plaintiff's subpoena purporting to compel Mr. Anstice to testify at trial.  Merck respectfully contends that this Court lacks jurisdiction to compel Mr. Anstice to travel from his home in Pennsylvania to New Orleans for trial.  The grounds for Merck's motion are identical to those set forth in the motion to quash filed in the *Barnett* case.  Rather than repeat those arguments, a copy of the *Barnett* motion and related papers is attached hereto as Exhibit A and incorporated by reference.

**I.  CHRONOLOGY OF EVENTS.**

In *Plunkett v. Merck*, the plaintiff purported to serve a trial subpoena on Mr. Anstice in November 2005 by delivering it to the offices of Merck's counsel in New Orleans, without obtaining any agreement concerning the validity of service.  (Motion of David Anstice and

1

Merck to Quash Subpoena, filed in *Plunkett v. Merck* on November 21, 2005 (Record Docket No. 1564).)  On November 21, 2005, Merck and Mr. Anstice moved to quash on the ground that Federal Rule of Civil Procedure 45(b)(2) limits the geographic reach of the district court's trial subpoena power to (i) 100 miles from the place of trial or (ii) anywhere within the state in which the district court is located, provided state law authorizes service of a state court subpoena throughout the state.  (*Id.*)  The Court granted Merck's motion but did not issue a written ruling explaining the basis for its decision.

On June 28, 2006, in *Barnett v. Merck*, the Court granted Mr. Barnett's motion to compel the appearance of Mr. Anstice, provided that Mr. Anstice was properly served with a subpoena, holding that "the PSC may choose to elicit Mr. Anstice's trial testimony" by:  (i) compelling Mr. Anstice to appear and testify at the *Barnett* trial; (ii) compelling Mr. Anstice to testify at trial from a remote location via contemporaneous video transmission; or (iii) presenting Mr. Anstice's former testimony from other Vioxx® trials.  (June 28, 2006 Order & Reasons at 8, attached hereto as Ex. B.)

On July 7, 2006, Mr. Barnett served a subpoena on Mr. Anstice's counsel listing two federal courts in the caption:  the Eastern District of Louisiana and the District of New Jersey.  (*See* Anstice Subpoena (*Barnett*), attached as Ex. C to the Motion and Incorporated Memorandum of Mr. David Anstice and Merck to Quash Subpoena, filed in *Barnett v. Merck* on July 12, 2006 (Record Docket Nos. 5758-1, 5758-2), attached hereto as Ex. A.)  By stipulation, the subpoena was deemed to have been served on Mr. Anstice at his home in Pennsylvania.

Five days later, Merck filed a motion to quash the subpoena.  (Ex. A.)  The Court denied Merck's motion.  (July 20, 2006 Order & Reasons, attached hereto as Ex. C.)   The parties subsequently reached an agreement under which portions of Mr. Anstice's prior deposition

2

834461v.1

testimony would be used at trial and his attendance at trial would not be required, thereby mooting the issue. The parties also adhered to this agreement in *Smith v. Merck*.

On October 5, 2006, Mr. Dedrick served a trial subpoena on Mr. Anstice that purports to compel him to appear at the *Dedrick* trial in New Orleans on November 27, 2006. (*See* Anstice Subpoena (*Dedrick*), attached hereto as Ex. D.) Like the subpoena in *Barnett*, this subpoena lists the Eastern District of Louisiana and the District of New Jersey in the caption. It was served on "David Anstice, c/o Douglas Marvin Williams & Connolly, LLP." (*Id.*) As in *Barnett*, the parties have agreed that electronic service on Mr. Anstice's counsel would have the same effect as if Mr. Anstice had been personally served at his Pennsylvania residence. (*See* Joint Stipulation Regarding Service on David Anstice (October 4, 2006), attached hereto as Ex. E; *see also* July 20, 2006 Order & Reasons at 2.) Unlike the *Barnett* and *Smith* cases, however, the parties have been unable to reach an agreement on the use of Mr. Anstice's deposition testimony in lieu of live trial testimony.

**II.     THE COURT SHOULD QUASH THE SUBPOENA.**

For the reasons described in the incorporated Motion of Mr. David Anstice and Merck to Quash Subpoena in the *Barnett* case, Merck and Mr. Anstice respectfully request that the Court quash Mr. Dedrick's trial subpoena of Mr. Anstice. The legal issues presented by this motion are the same as those presented in the *Barnett* case, and decided by the Court in its July 20, 2006 Order & Reasons.

Both parties would appreciate prompt resolution of this motion so that the non-prevailing party may seek any available remedies before trial.

3

834461v.1

Dated:  October 12, 2006	Respectfully submitted,


	*/s/ Dorothy H. Wimberly*
	Phillip A. Wittmann, 13625
	Dorothy H. Wimberly, 18509
	STONE PIGMAN WALTHER
	WITTMANN L.L.C.
	546 Carondelet Street
	New Orleans, Louisiana  70130
	Phone:  504-581-3200
	Fax:     504-581-3361

	Defendants' Liaison Counsel

	Philip S. Beck
	Tarek Ismail
	Shayna Cook
	BARTLIT BECK HERMAN PALENCHAR
	& SCOTT LLP
	54 West Hubbard Street, Suite 300
	Chicago, Illinois  60610
	Phone:  312-494-4400
	Fax:     312-494-4440

	Brian S. Currey
	A. Patricia Klemic
	O'MELVENY & MYERS LLP
	400 South Hope Street
	Los Angeles, CA 90071
	Phone:  213-430-6000
	Fax:     213-430-6407

	And

	Douglas R. Marvin
	WILLIAMS & CONNOLLY LLP
	725 Twelfth Street, N.W.
	Washington, D.C.  20005
	Phone:  202-434-5000
	Fax:     202-434-5029

	Attorneys for Merck & Co., Inc.

4

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum in Support of Motion of Mr. David Anstice and Merck & Co., Inc. ("Merck") to Quash Subpoena has been served on Liaison Counsel, Russ Herman, and on counsel for Mr. Dedrick, Andy Birchfield, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 13th day of October, 2006.

                                                       */s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

834461v.1