# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | JUDGE FALLON |
| This document relates to Case No. 08-485 | * | |
| GERALD BARNETT, | * | MAGISTRATE JUDGE KNOWLES |
| Plaintiff, | * | |
| vs. | * | |
| MERCK & CO., INC, | * | |
| Defendant | * | |

## MOTION AND INCORPORATED MEMORANDUM OF MR. DAVID ANSTICE AND MERCK & CO., INC. ("MERCK") TO QUASH SUBPOENA

Mr. David Anstice ("Mr. Anstice") and Merck respectfully move to quash plaintiff's subpoena compelling Mr. Anstice to testify at the *Barnett* trial. As set forth below, plaintiff's subpoena is invalid because: (a) the Court lacks the authority, under Rule 45(b)(2), to issue a subpoena from the Eastern District of Louisiana upon an out-of-state resident located more than 100 miles away; and (b) this Court lacks the authority to issue a trial subpoena from the District of New Jersey. Because the subpoena of Mr. Anstice exceeds the Court's jurisdictional limitations, the subpoena must be quashed.

1

## BACKGROUND

Mr. Anstice is a Merck employee who resides in Montgomery County, Pennsylvania. (Deposition of David Anstice at 894:19-895:10, attached hereto as Ex. A.) He is the President of Merck's Human Health Division for the Asia Pacific region. (*See* Merck Management Committee, David W. Anstice, *http://www.merck.com/about/management_committee/dwa.html* (last viewed July 12, 2006), attached hereto as Ex. B.) By virtue of his position, Mr. Anstice spends a great deal of his time traveling overseas, particularly in Asia. His office is located at the headquarters for Merck's Human Health Division, in Whitehouse Station, New Jersey.

On April 19, 2006 plaintiff's counsel filed a Generic Motion in *Limine* seeking, in part, to compel Mr. Anstice to appear and give testimony at the *Barnett* trial or to testify via live transmission from a remote location. During a May 18, 2006 status conference, the Court asked for further briefing on the issue, requesting the parties to address: (i) whether the MDL statute, 28 U.S.C. § 1407, expands Rule 45's jurisdictional limitations; and (ii) whether Rules 43 and 45 allow the Court to compel Mr. Anstice to testify via contemporaneous transmission. In it's May 31 briefing, Merck argued that the answer to both of these questions is no. On June 28, 2006, this Court granted plaintiff's motion to compel the appearance of Mr. Anstice, holding that "the PSC may choose to elicit Mr. Anstice's trial testimony" by: (a) compelling Mr. Anstice to appear and testify at the *Barnett* trial; (b) compelling Mr. Anstice to testify at trial from a remote location via contemporaneous video transmission; or (c) presenting Mr. Anstice's former testimony from other Vioxx trials. (June 28, 2006 Order & Reasons ("Order & Reasons") at 8.) According to the Court, "provided service is proper, Rule 45(c)(3)(A)(ii) allows the PSC to subpoena Mr. Anstice to personally attend at testify at trial." (Order & Reasons at 3.)

2

At a July 7, 2006 hearing, the Court ordered plaintiff to serve Mr. Anstice immediately with a subpoena for testimony – either live or via remote transmission – in order to allow Merck and Mr. Anstice to pursue any available relief as expeditiously as possible.[1] Plaintiff served a subpoena on July 7th, listing two federal courts in the caption: the Eastern District of Louisiana and the District of New Jersey. (*See* Anstice Subpoena, attached hereto as Ex. C.) The subpoena purports to compel Mr. Anstice to appear and testify live at the *Barnett* trial in New Orleans, Louisiana. (*See id.*) It was served on "David Anstice, through attorney Philip Beck via email, as per agreement" of the parties. (*Id.*)

## ARGUMENT

As this Court properly held in the *Plunkett* case, Mr. Anstice is beyond the Court's trial subpoena power and therefore may not be compelled to testify in this forum under Rule 45. *See In re Vioxx Prods. Liab. Litig. (Plunkett),* MDL No. 1657, Minute Entry (E.D. La. Nov. 21, 2005). Specifically, this Court lacks authority to compel Mr. Anstice to testify at the *Barnett* trial for two reasons. First, Rule 45(b)(2) only allows service of a trial subpoena within 100 miles of the place of trial. Second, because plaintiff's subpoena was issued for trial testimony rather than pre-trial purposes, this Court does not have expanded subpoena power under 28 U.S.C. § 1407 to issue the subpoena from the District of New Jersey.

---

[1] Merck's counsel, Philip Beck, agreed to accept service on Mr. Anstice's behalf. In discussions with plaintiff's counsel before accepting service, Mr. Beck explained that he would do so only to expedite the resolution of this issue. He indicated that he would accept the subpoena on behalf of Mr. Anstice as an out-of-state resident and that therefore service was, for all legal purposes, effectuated on Mr. Anstice at his home in Pennsylvania. Mr. Beck also explicitly stated that his acceptance of the subpoena did not waive any of Merck's Rule 45 objections to the subpoena. Pursuant to this agreement, plaintiff's counsel served Mr. Beck in Chicago on July 7th via email.

3

I. **THE COURT LACKS THE AUTHORITY UNDER RULE 45 TO ISSUE A SUBPOENA FROM THE EASTERN DISTRICT OF LOUISIANA TO COMPEL THE ATTENDANCE OF AN OUT-OF-STATE WITNESS LOCATED MORE THAN 100 MILES FROM THE PLACE OF TRIAL.**

Federal Rule 45, which governs the scope of a court's authority to issue trial subpoenas, precludes this Court from issuing a subpoena to Mr. Anstice from the Eastern District of Louisiana because: (a) the jurisdictional limitations on service set forth in Rule 45(b)(2) restrict this Court from enforcing the subpoena served on Mr. Anstice, an out-of-state resident located more than 100 miles from the place of the *Barnett* trial; and (b) the text of Rule 45(c)(3)(2) does not in any way extend the geographical limits of the Court's subpoena power set forth in Rule 45(b)(2).

    A. **Mr. Anstice Is Beyond the Reach of This Court's Subpoena Power Under Rule 45(b)(2).**

Rule 45(b)(2) sets the jurisdictional limits on where a subpoena "may be served." FED. R. CIV. P. 45(b)(2). It provides, in pertinent part:

> Subject to the provisions of clause (ii) of subparagraph (c)(3)(A) of this rule, a subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the deposition, hearing, trial, production, or inspection specified in the subpoena or at any place within the state where a state statute or rule of court permits service of a subpoena issued by a state court of general jurisdiction sitting in the place of the deposition, hearing, trial, production, or inspection specified in the subpoena.

FED. R. CIV. P. 45(b)(2); *See In re Air Crash Disaster at Detroit Metropolitan Airport on August 16, 1987*, 130 F.R.D. 647, 648 (E.D. Mich. 1989) (construing former section 45(e)(1), moved to section 45(b)(2) by the 1991 amendments to Rule 45).

The plain language of Rule 45 thus defines the outermost boundaries of a district court's trial subpoena power as: (a) within 100 miles of the place of trial; or (b) anywhere within the state in which the district court is located, provided a state rule would authorize service of a state

4

court subpoena. Because Mr. Anstice is neither within 100 miles of New Orleans – the location of the trial – nor within the state of Louisiana, he falls outside this Court's Rule 45 jurisdictional reach. *See Lindloff v. Schenectady Int'l*, 950 F. Supp. 183, 185 (E.D. Tex. 1996) ("Federal Rule of Civil Procedure 45(b)(2) sets a 100-mile limit on the court's subpoena power over witnesses outside the district. Consequently, any of Defendant's officers or employees who are outside the [federal] District and who might be unwilling to appear at trial would have to be within a 100 mile radius of the . . . federal courthouse in order to be compelled to appear."); *Johnson v. Land O'Lakes, Inc.*, 181 F.R.D. 388, 396-97 (N.D. Iowa 1998) (officer of defendant was beyond the subpoena power of Rule 45(b)(2) because he lived and worked beyond a 100-mile radius of the location of the trial); *see also* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2461 (2d ed. 2005) ("The 100-mile limit applies to a party as well as to an ordinary witness.").

### B. Rule 45(c)(3)(A) Does Not Extend The Geographical Limits of This Court's Subpoena Power.

Contrary to this Court's June 28 Order, Rule 45(c)(3)(A) does not expand the Court's jurisdiction for proper service of a subpoena as to Mr. Anstice. Instead, Rule 45(c)(3)(A) merely lists those circumstances in which a court "shall quash or modify a subpoena" that has been properly served. It states:

> On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
>
> (i) fails to allow reasonable time for compliance;
>
> (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed, or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

5

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

FED. R. CIV. P. 45(c)(3)(A). Rule 45(c)(3)(A) does not address where, whether, or how proper service should be effectuated.

When read in the context of the entire rule, it is clear that section (c)(3)(A) *limits* rather than supplements section (b)(2). Under Rule 45(c)(3)(A)(ii), a court must quash or modify a subpoena that requires a non-party witness to travel more than 100 miles – even if service is proper under Rule 45(b)(2). Mr. Anstice is not in Louisiana, nor is he within 100 miles of the courthouse. Therefore plaintiff cannot properly serve him under rule 45(b)(2). Section (c)(3)(A)(ii) does not change this result. *See Johnson*, 181 F.R.D. at 396-97 (officer of party is beyond the subpoena power of Rule 45(b)(2) if located more than 100 miles from place of trial). As noted in a recent case from the Northern District of Illinois, "[n]othing in the history or adoption of Rule 45(c)(3)(A) suggests that it was intended to alter the longstanding geographic limitations on the reach of a district court's subpoena power." *Jamsports and Entm't, LLC v. Paradama Prods., Inc.*, No. 02 C2298, 2005 WL 14917, at *1 (N.D. Ill. Jan. 3, 2005) ("Rule 45(c)(3)(A) does not confer authority for service of a subpoena; it confers authority to quash or modify a subpoena. It provides an exception to Rule 45(b)(2), not an addition to that Rule."). Therefore, this Court lacks jurisdiction to compel Mr. Anstice to appear and give testimony at the *Barnett* trial under Rule 45.

II.     **THIS COURT MAY NOT ISSUE A SUBPOENA COMPELLING THE ATTENDANCE OF MR. ANSTICE FROM THE DISTRICT OF NEW JERSEY BECAUSE THE EXPANDED DISCOVERY POWERS OF AN MDL COURT DO NOT APPLY TO TRIAL SUBPOENAS.**

While plaintiff's subpoena compelling Mr. Anstice to testify at the *Barnett* trial purports to be issued by both the Eastern District of Louisiana and the District of New Jersey, this Court

6

lacks the authority to invoke the powers of the New Jersey district court to issue trial subpoenas. Pursuant to Rule 45, a "subpoena commanding attendance at a trial or hearing shall issue from the court for the district in which the hearing or trial is to be held." FED. R. CIV. P. 45(a)(2). And while MDL courts have expanded subpoena power for pretrial matters, that expanded authority does not apply to trial subpoenas.

Under 28 U.S.C. § 1407, an MDL judge has "the powers of a district judge in any district *for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings*." 28 U.S.C. § 1407(b) (emphasis added). This expanded power does not apply to *trial* subpoenas. *See In re Air Crash Disaster at Detroit Metropolitan Airport on August 16, 1987*, 130 F.R.D. 647, 648 (E.D. Mich. 1989) (MDL court did not have power to compel the trial testimony of defendant's employees who were located outside of the trial court's jurisdiction).

Moreover, the legislative history of §1407 confirms that the MDL statute is directed to pre-trial proceedings only. "The proposed statute affects only the pretrial stages in multidistrict litigation." H.R. REP. No. 1130, 90th Cong., 2d Sess., p. 3-4 (1968); *see also Lexecon Inc. et al., v. Milberg Weiss Bershad Hynes & Lerach et al.*, 523 U.S. 26, 39-40 (1998) (quoting H.R. REP. No. 1130). Where Congress has decided that nationwide service is appropriate, Congress has provided for such service. *See, e.g.*, 15 U.S.C. § 23 (authorizing nationwide service of subpoenas in antitrust suits brought by the United States). No such statute provides additional trial subpoena powers for an MDL court when it is acting within its authority to conduct a trial, as opposed to coordinating pre-trial procedures. For this reason, the Court lacks the authority to invoke the power of the District of New Jersey to compel Mr. Anstice to testify at trial in New Orleans.

7

## CONCLUSION

For the foregoing reasons, Merck and Mr. Anstice respectfully request that the Court quash plaintiff's trial subpoena of Mr. Anstice.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Andrew Goldman
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
Phone: 312-494-4400
Fax: 312-494-4440

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax: 202-434-5029

Brian Currey
Catalina J. Vergara
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: 213-430-6000
Fax: 213-430-6407

Attorneys for Merck & Co., Inc.

8

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion to Quash Subpoena has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 12th day of July, 2006.

/s/ Dorothy H. Wimberly_____