UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx® | * | MDL Docket No. 1657 |
| | * | |
| **PRODUCTS LIABILITY** | * | SECTION L |
| **LITIGATION** | * | |
| | * | JUDGE FALLON |
| **This document relates to:** | * | |
| | * | MAGISTRATE |
| Sylvia Castillo v. Merck & Co., Inc., No. | * | JUDGE KNOWLES |
| 05-2380, And Only Regarding Lorenzo | * | |
| Ortiz; Virginia Rodriguez; and Regino | * | |
| Urias. | * | |
| | * | |
| Nettie Patterson v. Merck & Co., Inc., | * | |
| No. 05-2378 | * | |
| | * | |
| Brenda Green Watkins v. Merck & Co., | * | |
| Inc., No. 05-2373, And Only Regarding | * | |
| Euialia Martinez, Martha Martinez, and | * | |
| Imogene Washington. | * | |
| | * | |
| * * * * * * * * * * * * * * * * | * | |

**DEFENDANT MERCK & CO., INC.'S REPLY MEMORANDUM IN FURTHER
SUPPORT OF ITS RULE TO SHOW CAUSE WHY PLAINTIFFS' COMPLAINTS
SHOULD NOT BE DISMISSED FOR FAILURE TO PROVIDE ANY RESPONSE TO
THE PLAINTIFF PROFILE FORM AS REQUIRED BY PRE-TRIAL ORDER NO. 18C**

Plaintiffs' claims should either be dismissed pursuant to Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b) for failing to provide a Plaintiff Profile Form ("PPF") pursuant to the mandates of Pretrial Order 18C ("PTO 18C") or Plaintiffs should be barred from claiming that they suffered an Myocardial Infarction ("MI"), ischemic stroke or death. As noted in Merck's initial Memorandum, "[a] district court has discretion to impose sanctions under Rule 37." McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1486 (5th Cir. 1990)

(citation omitted).  The dismissal of a party's claim is one sanction contemplated by the Rule. Id.; see also Fed. R. Civ. P. 37(b)(2)(C).  As more fully set forth below, either Plaintiffs' Complaints should be dismissed or Plaintiffs should be barred from later claiming that they suffered an MI, ischemic stroke, or death.

PTO 18C requires all plaintiffs in cardiovascular event cases to serve upon Merck a complete and verified PPF, Authorizations for Release of Records, and all responsive documentation.  (PTO 18C at 2.)  The PTO defines "cardiovascular event" as "a myocardial infarction, an ischemic stroke, or a death."  (PTO 18C at 1.)  The PTO sets strict due dates for the service of complete and verified PPFs, authorizations and responsive documents.  (PTO 18C ¶ 2.)  Plaintiffs' claim that they are "not required to serve a … PPF because they did not suffer a cardiovascular event as defined, and required by PTO 18C."  (Pls.' Mem. at 2).  As a result, Plaintiffs argue that they have not violated PTO 18C.  Plaintiffs' argument, however, appears inconsistent with their filed Complaints and the PPFs of other plaintiffs represented by the same law firm of Houssiere Durant & Houssiere, LLC ("Houssiere") who have made the same injury allegations in their complaints. [1]

The below table identifies each of the above seven Plaintiffs at issue, the case to which they belong, and each of their specific injury allegations as identified in their Complaints.

---

[1] Houssiere has also argued in its opposition that the dismissal of Rosa Ortiz, Katie Smith, Wesley Mayo is unwarranted because these Plaintiffs served their PPFs.  First, these PPFs were not served until after Merck filed its Rule to Show Cause.  Nevertheless, Plaintiffs' argument is moot in regards to two of these Plaintiffs as Merck voluntarily moved to withdraw its Rule to Show Cause for Rosa Ortiz and Katie Smith on October 6, 2006, two days before Counsel's Opposition was filed.  Merck also plans to file a withdrawal in regards to Wesley Mayo prior to the October 26, 2006 hearing date.

834644v.1

| PLAINTIFF | CASE | ALLEGATION OF INJURY |
|---|---|---|
| Nettie Patterson | Nettie Patterson v. Merck & Co., Inc. | "stroke" (Patterson Complaint ¶ 17.) (Attached hereto as Ex. A) |
| Imogene Washington | Brenda Green Watkins v. Merck & Co., Inc. | "cardiovascular illness including stroke" (Watkins Complaint ¶ 35.) (Attached hereto as Ex. B) |
| Eulaila Martinez | Brenda Green Watkins v. Merck & Co., Inc. | "cardiovascular illness" (Watkins Complaint ¶ 29.) |
| Martha Martinez | Brenda Green Watkins v. Merck & Co., Inc. | "cardiovascular illness" (Watkins Complaint ¶ 31.) |
| Lorenzo Ortiz | Sylvia Castillo v. Merck & Co., Inc. | "cardiovascular illness" (Castillo Complaint ¶ 36.) (Attached hereto as Ex. C) |
| Virginia Rodriguez | Sylvia Castillo v. Merck & Co., Inc. | "cardiovascular illness" (Castillo Complaint ¶ 40.) |
| Regino Urias | Sylvia Castillo v. Merck & Co., Inc. | "cardiovascular illness" (Castillo Complaint ¶ 42.) |

As the above table illustrates, at least two plaintiffs (Nettie Patterson and Imogene Washington) explicitly allege "stroke" in their complaint. The others allege "cardiovascular illness". "Stroke" can include "ischemic stroke", which, in turn, would require plaintiff to serve a PPF pursuant to PTO 18C. Similarly, "cardiovascular illness", a vague term, could include MI, ischemic stroke or death. The complaint and PPF of Rosa Ortiz in the Silvia Castillo case illustrate both of these points. In her complaint, Rosa Ortiz claims "cardiovascular illness". (Castillo Complaint at ¶ 38). Despite this allegation, Plaintiff Rosa Ortiz did in fact provide a PPF in which she set for her injury as "stroke". (See Rosa Ortiz's PPF at 2, Attached hereto as Ex. D). Thus, plaintiff Ortiz apparently interprets "cardiovascular illness" and "stroke" to mean ischemic stroke. In light of this interpretation by at least one Houssiere plaintiff, it is not unreasonable for Merck to expect PPFs from other Houssiere plaintiffs alleging "cardiovascular illness" or "stroke".

3

If plaintiffs Eulaila Martinez, Martha Martinez, Lorenzo Ortiz, Virginia Rodriques, and Regino Urias claim that their use of "cardiovascular illness" does not mean MI, ischemic stroke or death, it is respectfully submitted that this Court should enter an order barring these plaintiffs from later claiming that they suffered an MI, ischemic stroke, or death.  In light of the vagueness of the term "cardiovascular illness" and the varying interpretations among Houssiere Plaintiffs, these Plaintiffs should also be required to more specifically identify their injuries.  Similarly, if plaintiffs Nettie Patterson and Imogene Washington claim that their use of "stroke" in their Complaints do not trigger the obligation to provide a PPF, then they too should be barred from later claiming that they suffered an ischemic stroke.  Consequently, they should also be required to specifically state what type of stroke they claim to have suffered and, if they are not alleging a stroke at all, should be required to amend their Complaints accordingly.  On the other hand, if any of these seven plaintiffs are in fact claiming an MI, ischemic stroke or death, then their Complaints should be dismissed for failing to provide a timely PPF.  Plaintiffs cannot have it both ways.  These Plaintiffs cannot claim that "cardiovascular illness" does not trigger the responsibility to provide a PPF and later claim that they suffered an MI, ischemic stroke or death as their injury.

If Plaintiffs are allowed to continue to use vague injury allegations and conceal their specific injuries, then they will delay the service of their PPFs, thereby prejudicing Merck.  Plaintiffs' Counsel has had more than sufficient time to investigate and determine the precise nature of Plaintiffs' injuries and should not now be allowed to avoid producing PPFs for their

clients because of the vague injury allegation in Plaintiffs' Complaints.[2]  It is prejudicial to Merck to allow the Houssiere firm to claim that their Plaintiffs' have not suffered a cardiovascular event only to provide PPFs at later dates making such claims.  This type of behavior obstructs discovery, the pace of litigation and frustrates the purpose behind PTO 18C. (Tr. 1/3/06 Status Conference at 25-26.)

---

[2] Indeed Houssiere has already prejudiced Merck by not responding to Merck's two letters seeking PPFs and affirmatively stating that Plaintiffs were not claiming a cardiovascular event as defined by PTO 18C.  Because Plaintiffs did not respond to these letters Merck was forced to file this motion.

834644v.1

**CONCLUSION**

For the foregoing reasons and the reasons set forth in Merck's initial Memorandum, Merck respectfully asks the Court to order the specified Plaintiffs to appear before this Court and show cause (1) why their claims should not be dismissed with prejudice for failure to provide a responsive and complete PPF incompliance with PTO 18C or (2) why an order should not be entered barring them from claiming that they suffered from a myocardial infarction, ischemic stroke, or death and requiring them to more specifically identify their injury.

DATED:  October 13, 2006

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

834644v.1

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Reply Memorandum has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 13th day of October, 2006.

      */s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

834644v.1