U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   OCT 1 0 2006

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL DOCKET NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | JUDGE FALLON |
| This document relates to: | * | MAGISTRATE JUDGE KNOWLES |
| THOMAS BECK | * | |
| Plaintiff | * | |
| v. | * | |
| MERCK & CO., INC., et al. | * | |
| Defendants | * | |
| CIVIL ACTION NO. 2:06-CV-05540-EEF-DEK | * | |

*************

## ANSWER OF DEFENDANT CHARLESMEAD PHARMACY, INC.

Charlesmead Pharmacy, Inc., one of the defendants, by its undersigned counsel, for its Answer to the plaintiff's complaint says:

### FIRST DEFENSE

Responding to the allegations of the Complaint, the defendant says:

1. The defendant admits it is a Maryland corporation with its principal place of business in Baltimore City, Maryland. The defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations of paragraph 1.

___Fee_____
___Process_____
_X_ Dktd_____
___CtRmDep____
___Doc.No.____

2. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. Admitted that Vioxx was dispensed by prescription. The defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations contained in paragraph 6.

7. Paragraph 7 contains statements of law and not fact to which no response is required by this defendant.

8. Paragraph 8 contains statements of law and not fact to which no response is required by this defendant.

9. Paragraph 9 contains statements of law and not fact to which no response is required by this defendant.

10. Paragraph 10 contains statements of law and not fact to which no response is required by this defendant; to the extent a response is deemed required, this defendant denies the allegations of paragraph 10.

11. Paragraph 11 contains statements of law and not fact to which no response is required by this defendant.

12. Paragraph 12 contains statements of law and not fact to which no response is required by this defendant.

13. Paragraph 13 contains statements of law and not fact to which no response is required by this defendant; to the extent a response is deemed required, this defendant denies the allegations of paragraph 13.

14. Paragraph 14 contains statements of law and not fact to which no response is required by this defendant; to the extent a response is deemed required, this defendant denies the allegations of paragraph 14.

15. Paragraph 15 contains statements of law and not fact to which no response is required by this defendant; to the extent a response is deemed required, this defendant denies the allegations of paragraph 15.

16. Paragraph 16 contains statements of law and not fact to which no response is required by this defendant; to the extent a response is deemed required, this defendant denies the allegations of paragraph 16.

17. The allegations of paragraph 17 are not directed to this defendant and no response is required. To the extent a response is deemed necessary, the allegations are denied.

18. This defendant denies the allegations of paragraph 18.

19. The allegations of paragraph 19 are not directed to this defendant and no response is required. To the extent a response is deemed necessary, the allegations are denied.

20. The allegations of paragraph 20 are not directed to this defendant and no response is required. To the extent a response is deemed necessary, the allegations are denied.

21. The defendant adopts and incorporates herein its answer to all preceding paragraphs of the Complaint.

22. The allegations of paragraph 22 directed to this defendant are denied.

23. The defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24. The defendant adopts and incorporates herein its answer to paragraphs 1 through 23 of the Complaint.

25. This defendant denies the allegations of paragraph 25.

26. This defendant denies the allegations of paragraph 26.

27. This defendant denies the allegations of paragraph 27.

28. This defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29. This defendant adopts and incorporates herein its answer to paragraphs 1 through 28.

30. This defendant denies the allegations of paragraph 30.

31. This defendant is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32. The defendant adopts and incorporates herein its answers to paragraphs 1 through 31.

33. The allegations of paragraph 33 are not directed to this defendant and therefore no answer is required; to the extent an answer is deemed necessary, the allegations contained in paragraph 33 are denied.

34. The allegations of paragraph 34 are not directed to this defendant and therefore no answer is required; to the extent an answer is deemed necessary, the allegations contained in paragraph 34 are denied.

35. The allegations of paragraph 35 are not directed to this defendant and therefore no answer is required; to the extent an answer is deemed necessary, the allegations contained in paragraph 35 are denied.

## SECOND DEFENSE

The Complaint fails to state a claim against this defendant upon which relief can be granted.

## THIRD DEFENSE

The claims of the Plaintiff may be time barred in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely.

## FOURTH DEFENSE

The claims of the Plaintiff may be barred, in whole or in part, from recovery because they have made statements or taken actions that preclude them from asserting claims or constitute a waiver of their claims.

## FIFTH DEFENSE

The claims of the Plaintiff may be barred, in whole or in part, from recovery because of the *res judicata* effect of prior judgments.

## SIXTH DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## SEVENTH DEFENSE

If the Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## EIGHTH DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## NINTH DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

## TENTH DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

## ELEVENTH DEFENSE

To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Maryland law.

## TWELFTH DEFENSE

The claims of the Plaintiff are barred, in whole or in part, by their failure to mitigate damages.

## THIRTEENTH DEFENSE

The claims of the Plaintiff may be barred, in whole or in part, by the governing state laws.

## FOURTEENTH DEFENSE

Plaintiff has not sustained any injury or damages compensable at law.

## FIFTEENTH DEFENSE

Charlesmead Pharmacy, Inc. incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action. Charlesmead Pharmacy, Inc. will rely on all defenses that may become available during discovery or trial.

Respectfully submitted,

_____
John R. Penhallegon
Cornblatt, Bennett, Penhallegon &
 Roberson, P.A.
201 N. Charles Street, Suite 1800
Baltimore, Maryland 21201
(410) 752-7600
Attorneys for Charlesmead Pharmacy, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of October, 2006, a copy of the foregoing Answer of Defendant Charlesmead Pharmacy, Inc. was mailed, postage prepaid, to:

>Robert J. Lynott, Esquire
>Thomas & Libowitz, P.A.
>100 Light Street, Suite 1100
>Baltimore, Maryland 21202
>
>James C. Fraser, Esquire
>Venable, LLP
>1800 Mercantile Bank & Trust Building
>2 Hopkins Plaza
>Baltimore, Maryland 21201

_____
John R. Penhallegon