# Exhibit A

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
|  | : | |
|  | : | JUDGE FALLON |
|  | : | MAG. JUDGE |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. : | | KNOWLES |

## THIS DOCUMENT RELATES TO ALL CASES

## PRETRIAL ORDER NO. 18
### (Plaintiff Profile Form and Authorizations and Merck Profile Form)

This Order governs the form and schedule for service of a Plaintiff Profile Form ("PPF") and executed Authorizations for the release of records to be completed by plaintiffs - and  Merck Profile Form ("MPF") to be completed by Merck in all individual (that is, non-class action) cases in which plaintiffs claim to have sustained a myocardial infarction, an ischemic stroke, or a death ("cardiovascular event") that were:  (1) transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of February 16, 2005; (2) subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.4 of the Rules of Procedure of that Panel; and (3) originally filed in this Court or transferred or removed to this Court.

This Order neither applies to nor imposes any obligation on any Defendant in any individual action in MDL 1657 other than Merck.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

Plaintiff Profile Forms:

1.    Plaintiffs in all cardiovascular event cases shall each complete and serve upon Merck a PPF and Authorizations for Release of Records of all healthcare providers and other sources of information and records (*e.g.*, pharmacies, employers, etc.) in the form set forth in Attachment A.  Those plaintiffs shall also produce with their PPF all documents responsive to the document requests contained therein.

2.    Unless the parties agree otherwise or by order of the Court, complete and verified PPFs, signed and dated Authorizations, and all responsive documents shall be produced on the following schedule in all cardiovascular event cases that have been filed in or transferred to MDL 1657 as of the date of this Order:  for plaintiffs whose last names begin with the letters A through C, within sixty (60) days after the date of this Order; for plaintiffs whose last names begin with the letters D through G, within seventy-five (75) days after the date of this Order; and for plaintiffs whose last names begin with the letters H through L, within ninety (90) days after the date of this Order; for plaintiffs whose last names begin with the letters M through R, within one hundred five (105) days after the date of this Order; and for plaintiffs whose names begin with the letters S through Z, within one hundred twenty (120) days after the date of this Order.

3.    Plaintiffs in individual cardiovascular event cases that are filed in or transferred to this MDL proceeding after the date of this Order shall provide complete and verified PPFs, signed and dated Authorizations, and all responsive documents within seventy-five (75) days of their transfer order or the date on which they are filed in this

proceeding.

4. Plaintiffs who fail to provide complete and verified PPFs, signed and dated Authorizations, and all responsive documents requested in the PPF within the time periods set forth hereinabove shall be given notice by e-mail or fax from Defendants' Liaison Counsel and shall be given twenty (20) additional days to cure such deficiency. No other extensions will be granted.

5. Plaintiffs shall serve the DLC with the PPF responses, signed and dated Authorizations, and responsive documents by serving a hard copy on Defendants' Liaison Counsel, Phillip A. Wittmann at Stone Pigman Walther Wittmann L.L.C., 546 Carondelet Street, New Orleans, Louisiana 70130-3588, and by serving an electronic copy via LexisNexis File & Serve on Wilfred P. Coronato at Hughes Hubbard & Reed LLP, Zara Dzhavakov at Dechert LLP, and Richard C. Stanley at Stanley, Flanagan & Reuter LLC and firms representing any other defendants in that case within the time periods set forth herein. To ensure that only the intended recipients have access to the aforementioned documents, plaintiffs' counsel must upload said documents by selecting "Sealed, Electronic" in the "Access" field of the "Documents" tab under the "Filing & Service" option.

6. Authorizations shall be dated and signed "in blank" (*i.e.,* without setting forth the identity of the custodian of the records or provider of care). Merck may use the authorizations for all healthcare providers and other sources of information and records (e.g., pharmacies, employers, etc.) identified in the PPF, without further notice to plaintiff's counsel. The Defendants Steering Committee ("DSC") shall post the records

received pursuant to the authorizations on a secure website maintained by the DSC's vendor and notify claimant's attorney and Plaintiffs' Liaison Counsel by e-mail of the posting. Plaintiff's counsel in a particular case and Plaintiffs' Liaison Counsel may access that website to obtain copies of their clients' medical records at their cost.

7. If Merck wishes to use an authorization to obtain records from a source that is not identified in the PPF, Merck shall provide the plaintiff's counsel for that particular case with seven (7) days written notice (by telecopy or email) of the intent to use an authorization to obtain records from that source. If plaintiff's counsel fails to object to the request within seven (7) days, Merck may use the authorization to request the records from the source identified in the notice. If plaintiff's counsel objects to the use of the authorization to obtain records from the source identified in the notice within said seven (7) day period, plaintiff's counsel and Merck's counsel shall meet and confer in an attempt to resolve the objection. If counsel are unable to resolve the objection, plaintiff shall file a motion for a protective order within fourteen (14) days of the Merck's notice of intent to use the authorization.

8. Plaintiffs' responses to the PPF shall be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34 and shall be supplemented in accordance with Fed. R. Civ. P. 26.

9. Merck's use of the PPF and Authorizations shall be without prejudice to Merck's right to serve additional discovery.

Merck Profile Forms:

10.     Merck will serve upon plaintiffs' counsel of record, as identified in the PPF, a hard copy of a complete and verified MPF in the cardiovascular event cases in the form set forth in Attachment B. An electronic copy of the MPFs shall also be served on Plaintiffs' Liaison Counsel and Co-Lead Counsel, Chris Seeger and Andy Birchfield. To ensure that only the intended recipients have access to the MPFs, Merck shall upload them by selecting "Sealed Electronic" in the "Access" field of the "Documents" tab under the "Filing and Service" option.

11.     Merck shall provide a complete and verified MPF ninety (90) days after its receipt of a complete and verified PPF. A "complete" PPF includes all the information and materials contemplated by paragraph 4 of this Order and identifies the name and address of the plaintiff's prescribing physician. If Merck fails to provide a complete and verified MPF within that time, it shall be given notice by e-mail or fax from Plaintiffs' Liaison Counsel and shall be given twenty (20) additional days to cure the deficiency. No other extensions will be granted.

12.     Following service of the MPFs in the cardiovascular event cases, the PSC and DSC shall meet and confer regarding the current process and future schedule for service of MPFs in other cases not claiming a cardiovascular event. Should the PSC and DSC not be able to reach an agreement on the process or schedule for service of other MPFs, the PSC or the DSC may raise this issue with the Court. The parties are not obligated to serve additional Profile Forms other than those set forth above absent agreement of the PSC and DSC or Order of this Court.

13.     Merck's responses on an MPF shall be treated as answers to

-5-

interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34 and shall be supplemented in accordance with Fed. R. Civ. P. 26.

14.    Plaintiffs' use of the MPF shall be without prejudice to the right of the plaintiffs in a specific case to serve additional discovery.

15.    This Order shall be posted on the Court's website for MDL 1657 located at http://vioxx.laed.uscourts.gov.  Counsel unable to access the Court's website for MDL 1657 may contact the Clerk of Court for information on obtaining a copy of this Order.

New Orleans, Louisiana, this 4 day of August, 2005.

ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

Attachments

-6-

| IN RE: VIOXX® PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1657 |
|---|---|
| THIS RELATES TO:<br><br>Civil Action No: | Plaintiff: _____<br>               (name) |

## PLAINTIFF PROFILE FORM

Other than in Sections I, those questions using the term "You" should refer to the person who used VIOXX®. Please attach as many sheets of paper as necessary to fully answer these questions.

### I.    CASE INFORMATION

A. Name of person completing this form: _____

B. If you are completing this questionnaire in a representative capacity (e.g., on behalf of the estate of a deceased person or a minor), please complete the following:

   1. Social Security Number: _____

   2. Maiden Or Other Names Used or By Which You Have Been Known: _____

   3. Address: _____

   4. State which individual or estate you are representing, and in what capacity you are representing the individual or estate? _____

   5. If you were appointed as a representative by a court, state the:

      Court: _____   Date of Appointment: _____

   6. What is your relationship to deceased or represented person or person claimed to be injured? _____

   7. If you represent a decedent's estate, state the date of death of the decedent and the address of the place where the decedent died: _____

*Page 1 of 10*

ATTACHMENT A

774182v.1

C. Claim Information

    1. Are you claiming that you have or may develop bodily injury as a result of taking VIOXX®? Yes_____ No_____ *If "yes,"*

        a. What is your understanding of the bodily injury you claim resulted from your use of VIOXX®? _____
_____

        b. When do you claim this injury occurred?_____

        c. Who diagnosed the condition? _____

        d. Did you ever suffer this type of injury prior to the date set forth in answer to the prior question? Yes _____ No _____ *If "yes,"* when and who diagnosed the condition at that time? _____
_____
_____

        e. Do you claim that that your use of VIOXX® worsened a condition that you already had or had in the past? Yes _____ No _____ *If "yes,"* set forth the injury or condition; whether or not you had already recovered from that injury or condition before you took VIOXX®; and the date of recovery, if any. _____
_____

D. Are you claiming mental and/or emotional damages as a consequence of VIOXX®? Yes _____ No _____

*If "yes,"* for each provider (including but not limited to primary care physician, psychiatrist, psychologist, counselor) from whom have sought treatment for psychological, psychiatric or emotional problems during the last ten (10) years, state:

        a. Name and address of each person who treated you: _____
_____

        b. To your understanding, condition for which treated: _____
_____

        c. When treated: _____

        d. Medications prescribed or recommended by provider: _____

## II.    PERSONAL INFORMATION OF THE PERSON WHO USED VIOXX®

A. Name: _____

B. Maiden or other names used or by which you have been known: _____

C. Social Security Number: _____

D. Address: _____

774182v.1

E. Identify each address at which you have resided during the last ten (10) years, and list when you started and stopped living at each one:

| Address | Dates of Residence |
| --- | --- |
|  |  |
|  |  |

F. Driver's License Number and State Issuing License: _____

G. Date of Place and Birth: _____

H. Sex: Male _____   Female _____

I. Identify the highest level of education (high school, college, university or other educational institution) you have attended (even if not completed), the dates of attendance, courses of study pursued, and diplomas or degrees awarded:

| Institution | Dates Attended | Course of Study | Diplomas or Degrees |
| --- | --- | --- | --- |
|  |  |  |  |

J. Employment Information.

1. Current employer (if not currently employed, last employer):

| Name | Address | Dates of Employment | Occupation/Job Duties |
| --- | --- | --- | --- |
|  |  |  |  |

2. List the following for each employer you have had in the last ten (10) years:

| Name | Address | Dates of Employment | Occupation/Job Duties |
| --- | --- | --- | --- |
|  |  |  |  |
|  |  |  |  |

3. Are you making a wage loss claim for either your present or previous employment? Yes _____ No _____

   *If "yes,"* state your annual income at the time of the injury alleged in Section I(C): _____

K. Military Service Information: Have you ever served in the military, including the military reserve or national guard? Yes _____ No _____

   *If "yes,"* were you ever rejected or discharged from military service for any reason relating to your physical, psychiatric or emotional condition? Yes _____ No _____

774182v.1

L. Insurance / Claim Information:

  1. Have you ever filed a worker's compensation and/or social security disability (SSI or SSD) claim?  Yes _____  No _____  *If "yes,"* to the best of your knowledge please state:

    a. Year claim was filed: _____

    b. Nature of disability: _____

    c. Approximate period of disability: _____

  2. Have you ever been out of work for more than thirty (30) days for reasons related to your health (other than pregnancy)?  Yes _____  No _____  *If "yes,"* set forth when and the reason. _____
  _____
  _____

  3. Have you ever filed a lawsuit or made a claim, other than in the present suit, relating to any bodily injury?  Yes _____  No _____  *If "yes,"* state to the best of your knowledge the court in which such action was filed, case name and/or names of adverse parties, and a brief description for the claims asserted._____
  _____
  _____

M. As an adult, have you been convicted of, or plead guilty to, a felony and/or crime of fraud or dishonesty?  Yes _____  No _____  *If "yes,"* set forth where, when and the felony and/or crime. _____
_____

### III.  **FAMILY INFORMATION**

A. List for each marriage the name of your spouse; spouse's date of birth (for your current spouse only); spouse's occupation; date of marriage; date the marriage ended, if applicable; and how the marriage ended (e.g., divorce, annulment, death): _____
_____
_____

B. Has your spouse filed a loss of consortium claim in this action?  Yes _____  No _____

774182v.1

C. To the best of your knowledge did any child, parent, sibling, or grandparent of yours suffer from any type of cardiovascular disease including but not limited to: heart attack, abnormal rhythm, arteriosclerosis (hardening or the arteries), murmur, coronary artery disease, congestive heart failure, enlarged heart, leaking valves or prolapse, heart block, congenital heart abnormality, Scarlet Fever, Rheumatic Fever, atrial fibrillation, stroke?   Yes \_\_\_\_   No \_\_\_\_   Don't Know _____   *If "yes,"* identify each such person below and provide the information requested.

Name: _____

Current Age (or Age at Death): _____

Type of Problem: _____

If Applicable, Cause of Death: _____

D. If applicable, for each of your children, list his/her name, age and address: _____
_____

E. If you are claiming the wrongful death of a family member, list any and all heirs of the decedent. _____
_____

## IV.   VIOXX® PRESCRIPTION INFORMATION

A. Who prescribed VIOXX® for you? _____

B. On which dates did you begin to take, and stop taking, VIOXX®? _____

C. Did you take VIOXX® continuously during that period?
Yes \_\_\_\_\_   No \_\_\_\_\_   Don't Recall \_\_\_\_\_

D. To your understanding, for what condition were you prescribed VIOXX®? _____
_____

E. Did you renew your prescription for VIOXX®? Yes \_\_\_\_   No \_\_\_\_   Don't Recall _____

F. If you received any samples of VIOXX®, state who provided them, what dosage, how much and when they were provided: _____
_____

G. Which form of VIOXX® did you take (check all that apply)?
\_\_\_\_\_ 12.5 mg Tablet (round, cream, MRK 74)
\_\_\_\_\_ 12.5 mg Oral Suspension
\_\_\_\_\_ 25 mg Tablet (round, yellow, MRK 110)
\_\_\_\_\_ 25 mg Oral Suspension
\_\_\_\_\_ 50 mg Tablet (round, orange, MRK 114)

H. How many times per day did you take VIOXX®?
_____

774182v.1

I.  Did you request that any doctor or clinic provide you with VIOXX® or a prescription for VIOXX®? Yes _____ No _____ Don't Recall __

J.  Instructions or Warnings:

    1.  Did you receive any written or oral information about VIOXX® before you took it? Yes __ No _____ Don't Recall _____

    2.  Did you receive any written or oral information about VIOXX® while you took it? Yes _____ No _____ Don't Recall _____

    3.  *If "yes,"*

        a.  When did you receive that information?_____

        b.  From whom did you receive it?_____

        c.  What information did you receive? _____
        _____

K.  What over-the-counter pain relief medications, if any, were you taking at the same time you were taking VIOXX®? _____
_____

## V.  MEDICAL BACKGROUND

A.  Height: _____

B.  Current Weight: _____
Weight at the time of the injury, illness, or disability described in Section I(C):
_____

C.  Smoking/Tobacco Use History: *Check the answer and fill in the blanks applicable to your history of smoking and/or tobacco use.*
    ___ Never smoked cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.
    ___ Past smoker of cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.
        a.  Date on which smoking/tobacco use ceased: _____
        b.  Amount smoked or used: on average_____ per day for _____ years.
    ___ Current smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff.
        a.  Amount smoked or used: on average _____ per day for _____ years.
    ___ Smoked different amounts at different times.

774182v.1

D. Drinking History. Do you now drink or have you in the past drank alcohol (beer, wine, whiskey, etc.)? Yes _____ No _____ *If "yes," fill in the appropriate blank* with the number of drinks that represents your average alcohol consumption during the period you were taking VIOXX® up to the time that you sustained the injuries alleged in the complaint:

_____ drinks per week,

_____ drinks per month,

_____ drinks per year, *or*

Other (describe): _____

E. Illicit Drugs. Have you ever used (even one time) any illicit drugs of any kind within one (1) year before, or any time after, you first experienced your alleged VIOXX®-related injury?" Yes _____ No _____ Don't Recall _____

*If "yes"*, identify each substance and state when you first and last used it. _____
_____

F. Please indicate to the best of your knowledge whether you have ever received any of the following treatments or diagnostic procedures:

1. Cardiovascular surgeries, including, but not limited to, the following, and specify for what condition the surgery was performed: open heart/bypass surgery, pacemaker implantation, vascular surgery, IVC filter placement, carotid (neck artery) surgery, lung resection, intestinal surgery:

| Surgery | Condition | When | Treating Physician | Hospital |
|---------|-----------|------|--------------------|----------|
|         |           |      |                    |          |
|         |           |      |                    |          |

2. Treatments/interventions for heart attack, angina (chest pain), or lung ailments:

| Treatment/Intervention | When | Treating Physician | Hospital |
|------------------------|------|--------------------|----------|
|                        |      |                    |          |
|                        |      |                    |          |

3. To your knowledge, have you had any of the following tests performed: chest X-ray, CT scan, MRI, angiogram, EKG, echocardiogram, TEE (trans-esophageal echo), bleeding scan, endoscopy, lung bronchoscopy, carotid duplex/ultrasound, MRI/MRA of the head/neck, angiogram of the head/neck, CT scan of the head, bubble/microbubble study, or Holter monitor?
Yes _____ No _____ Don't Recall _____ *If "yes,"* answer the following:

| Diagnostic Test | When | Treating Physician | Hospital | Reason |
|-----------------|------|--------------------|----------|--------|
|                 |      |                    |          |        |
|                 |      |                    |          |        |

774182v.1

## VI.   DOCUMENTS

Please indicate if any of the following documents and things are currently in your possession, custody, or control, or in the possession, custody, or control of your lawyers by checking *"yes"* or *"no."* Where you have indicated *"yes,"* please attach the documents and things to your responses to this profile form.

A.  Records of physicians, hospitals, pharmacies, and other healthcare providers identified in response to this profile form. Yes _____   No _____

B.  Decedent's death certificate (if applicable). Yes _____   No _____

C.  Report of autopsy of decedent (if applicable). Yes _____   No _____

## VII.   LIST OF MEDICAL PROVIDERS AND OTHER SOURCES OF INFORMATION

*List the name and address of each of the following:*

A.   Your current family and/or primary care physician:

| Name | Address |
|------|---------|
|      |         |

B. To the best of your ability, identify each of your primary care physicians for the last ten (10) years.

| Name | Address | Approximate Dates |
|------|---------|-------------------|
|      |         |                   |
|      |         |                   |
|      |         |                   |

C. Each hospital, clinic, or healthcare facility where you have received inpatient treatment or been admitted as a patient during the last ten (10) years.

| Name | Address | Admission Dates | Reason for Admission |
|------|---------|-----------------|----------------------|
|      |         |                 |                      |
|      |         |                 |                      |
|      |         |                 |                      |

774182v.1

D. Each hospital, clinic, or healthcare facility where you have received outpatient treatment (including treatment in an emergency room) during the last ten (10) years.

| Name | Address | Admission Dates | Reason for Admission |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

E. Each physician or healthcare provider from whom you have received treatment in the last ten (10) years.

| Name | Address | Dates of Treatment |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

F. Each pharmacy that has dispensed medication to you in the last ten (10) years.

| Name | Address |
|---|---|
|  |  |
|  |  |
|  |  |

G. If you have submitted a claim for social security disability benefits in the last ten (10) years, state the name and address of the office that is most likely to have records concerning your claim.

| Name | Address |
|---|---|
|  |  |
|  |  |
|  |  |

H. If you have submitted a claim for worker's compensation, state the name and address of the entity that is most likely to have records concerning your claim.

| Name | Address |
|---|---|
|  |  |
|  |  |

774182v.1

## CERTIFICATION

I declare under penalty of perjury subject to 28 U.S.C. § 1746 that all of the information provided in this Profile Form is true and correct to the best of my knowledge, that I have completed the List of Medical Providers and Other Sources of Information appended hereto, which is true and correct to the best of my knowledge, that I have supplied all the documents requested in part VI of this declaration, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have supplied the authorizations attached to this declaration.

| | | |
|---|---|---|
| _____ | _____ | _____ |
| Signature | Print Name | Date |

774182v.1

**In Re: Vioxx Product Liability Litigation**

**MDL No. 1657**

**DEFENDANT MERCK CASE PROFILE FORM**

        For each case, Defendant Merck must complete this Case Profile Form. This Case Profile Form must be completed and served on all counsel in the action identified in Section I below. This must be answered and served **90 days** after the date that the Plaintiff's Profile Form has been served on Defendant Merck & Co.

        You should attach additional sheets of paper if that is necessary to completely answer the following questions.

**I.**    **CASE INFORMATION**

This defendant fact sheet pertains to the following case:

Case caption: _____

Civil Action No.: _____

**Court in which action was originally filed:** _____

Name and Address of all person(s) who provided information responsive to the questions posed in this fact sheet:

A: _____

      **(Name)**

      _____

      **(Address)**

**II.**    **CONTACTS WITH DISPENSING HEALTH CARE PROVIDER**

        In Section IV(A.) of Plaintiffs Profile Form, plaintiff identified persons or entities who prescribed or dispensed Vioxx to plaintiff (hereinafter "Prescribing Health Care Provider"). For each prescribing health care provider identified, please state and, where requested, provide the following:

- 1 -

ATTACHMENT B

A.   Dear Doctor or Dear Healthcare Provider Letters:

1.   For each "Dear Doctor" or "Dear Healthcare Provider" letter that you contend was *actually sent* to plaintiffs prescribing health care provider, please: a.) identify the letter sent; b.) state the date that each letter was actually sent to plaintiffs dispensing health care provider; c.) state the person to whom each letter was actually sent, d.) state the address where it was sent, e.) identify the database or documents that demonstrate these facts and, f.) identify the persons who provided information responsive to this request.

---

*NOTE: Please attach hereto a copy of each letter allegedly sent to plaintiff's dispensing health care provider.*

2.   In addition, Merck will identify any Professional Information Request letters that Merck contends or believes were actually sent to the Plaintiffs Prescribing Health Care Provider identified in Section IV.A of Plaintiff s Profile Form within the relevant time period set forth above. Merck will also identify: (a) the date that each letter was sent to Plaintiffs Prescribing Health Care Provider; and (b) the address where each letter was sent.

B.   OTHER CONTACTS

1.   For each prescribing health care provider identified, please identify all contacts between Merck sales representatives and that provider please produce the following information:

| Plaintiffs Dispensing Health Care Provider | Identity and last known address and telephone number Merck representative | The current relationship, if any, between Merck and the sales representative | Date(s) of Contact |
|---|---|---|---|
|  |  |  |  |

2.   For each prescribing health care provider, please state whether Merck or its representatives ever provided him or her (or anyone in their practice) Vioxx samples. If the answer is "yes," please state:

A)   The number or sample packets provided and the dosages provided;

- 2 -

B)      The dates that they were shipped and/ or provided;

C)      The lot numbers for the samples provided on each date identified;

D)      The identity of the person or persons who provided the samples.

3.      Please identify the person or persons who provided information responsive to Section II or any of its subparts.

C.      <u>Consulting With Plaintiff's Dispensing Health Care Provider</u>

1.      In Section IV(A) of Plaintiff's Profile Form, plaintiff identified his/her prescribing health care provider(s) . If you have ever retained any of plaintiff's prescribing health care providers as a "thought leader," a member of Merck's Speaker Program, a Merck Clinical Investigator, or a consultant in any other capacity on the subject of pain medications (including Vioxx, Celebrex, Bextra or any other NSAID) or cardiovascular risk, please state

A)      The identity of the heath care provider consultant:

_____

B)      The dates they were affiliated with Merck:

_____

C)      The amount of money Merck paid in expenses, honoraria and fees, per calendar year.

_____

D)      Please identify or produce all consulting agreements and contracts.

_____

2.      For each of plaintiff's prescribing healthcare providers identified in section III(A) above, please state whether they were ever invited to attend and/or did in fact attend any Merck sponsored conferences or events. If your answer is "yes," please state:

A)      The identity of the heath care provider consultant:

_____

- 3 -

B)      **The title, location and date of the speaker's program attended:**

_____

C)      The topic of the speaker's program:

_____

D)      All speakers at the speaker's program:

_____

E)      Please provide or identify the agenda/brochure for the conference or program.

_____

3.      Has plaintiff's Prescribing healthcare provider ever contacted you to request information concerning Vioxx, its indications, its effects and/or its risks?

     ‾‾‾‾‾‾‾‾‾      ‾‾‾‾‾‾‾‾‾

      Yes           No

If your answer is "yes," please identify and attach any document which refers to your communication with plaintiffs Prescribing healthcare provider.

4.      Please identify the person or persons who provided information responsive to Section III or any of its subparts, giving their name, address, telephone number indicating whether said person is currently an employee of Merck and the dates of employment.

## III.   PLAINTIFF'S PRESCRIBING HEALTH CARE PROVIDER'S PRESCRIBING PRACTICES

In Section IV(A) of plaintiffs fact sheet, plaintiff identified his/her Prescribing health care provider(s). For each listed provider, please state and produce the following:

1.      Do you have or have you had access to any database or information which purports to track any of plaintiffs Prescribing healthcare provider's prescribing practices with respect to Vioxx prescribed, the number or prescriptions, the number of refills and the time frame when these products were prescribed or (re) filled)

     ‾‾‾‾‾‾‾‾‾      ‾‾‾‾‾‾‾‾‾

      Yes           No

- 4 -

780835_1.DOC



If your answer is "yes," please produce or identify the database or document which captures that information.

## IV.   PLAINTIFF'S MEDICAL CONDITION

1.    Have you been contacted by Plaintiff, any of his/her physicians, or anyone on behalf of plaintiff concerning plaintiff?

       Yes          No

If your answer is "yes", please a.) state the name of the person(s) who contacted you, b.) state the person(s) who were contacted including their name, address and telephone number and, .c.) produce or identify any and all documents which reflect any communication between any person and you concerning plaintiff.

2.    Please produce a copy of any MedWatch form which refers or relates to plaintiff, including back-up documentation concerning plaintiff and any evaluation you did concerning the plaintiff.

3.    Please identify the person or persons who provided information responsive to Section IV or any of its subparts.

## V.   ADVERTISING

1.    Did you advertise Vioxx in the Media Market that plaintiff lived at the time that he/she took Vioxx?

       Yes          No

2.    If your answer to the preceding question is "yes," please identify the identity of the media outlet, and the dates that the advertisements ran.

780835_1.DOC

| Identity of the Advertisement and intended media marketplace | Nature of media (print of television) | Identity of the media outlet | Dates that advertisements ran |
|---|---|---|---|
|  |  |  |  |

*Please provide or identify true and accurate copies of any advertisement identified above*

3.    Did you advertise Vioxx in the Media Market that plaintiffs prescribing healthcare provider's office was located at the time that plaintiff took Vioxx?

        _____      _____

           Yes                 No

4.    If your answer to the preceding question is "yes," please identify the identity of the media outlet and the dates that the advertisements ran.

| Identity of the Advertisement and intended media marketplace | Nature of media (print of television) | Identity of the media outlet | Dates that advertisements ran |
|---|---|---|---|
|  |  |  |  |

*Please provide copies of true and accurate copies of any advertisement identified above*

## VI.   <u>DOCUMENTS</u>

To the extent you have not already done so, please produce a copy of all documents and things that fall into the categories listed below. These include documents in the possession of any of your present and former employees, including information provided to your attorneys:

1.    Any document which relates to or refers to plaintiff.

2.    Any document sent to or received from any of plaintiff s prescribing physicians.

- 6 -

780835_1.DOC

3.    Any document reflecting any actual communication between you and plaintiff's prescribing physician's concerning the risks cardiovascular risks associated with Vioxx.

4.    Any document which purports to describe the prescribing practices of any of plaintiff's prescribing physicians.

## **CERTIFICATION**

I declare under penalty of perjury subject to 28 U.S.C. § 1746 that all of the information provided in this Profile Form is true and correct to the best of my knowledge and that I have supplied all requested documents to the extent that such documents are in my possession, custody and control (including the custody and control of my lawyers).

_____     _____     _____
Signature                       Print Name                      Date

780835_1.DOC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In re: VIOXX®                          *     MDL Docket No. 1657
                                       *
PRODUCTS LIABILITY LITIGATION          *     SECTION L
                                       *
                                       *     JUDGE FALLON
                                       *
                                       *     MAG. JUDGE KNOWLES
* * * * * * * * * * * * * * * * * * *   *


**THIS DOCUMENT RELATES TO ALL CASES**

## PRETRIAL ORDER NO. 18B
### (Plaintiff Profile Form, Authorizations, and Merck Profile Form)

This Order amends and supersedes PreTrial Order Nos. 18 and 18A and

governs the form and schedule for service of a Plaintiff Profile Form ("PPF") and

executed Authorizations for the release of records to be completed by plaintiffs, and

Merck Profile Form ("MPF") to be completed by Merck in all individual (that is, non-

class action) cases in which plaintiffs claim to have sustained a myocardial infarction, an

ischemic stroke, or a death ("cardiovascular event") that were: (1) transferred to this

Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of February

16, 2005; (2) subsequently transferred to this Court by the Judicial Panel on Multidistrict

Litigation pursuant to Rule 7.4 of the Rules of Procedure of that Panel; and (3) originally

filed in this Court or transferred or removed to this Court. This amendment is necessary

to extend the time limits established in Pretrial Order 18A due to the disruption caused by

Hurricane Katrina.

This Order neither applies to nor imposes any obligation on any Defendant in any individual action in MDL 1657 other than Merck.

<u>Plaintiff Profile Forms</u>:

1.    Plaintiffs in all cardiovascular event cases shall each complete and serve upon Merck a PPF and Authorizations for Release of Records of all healthcare providers and other sources of information and records (*e.g.*, pharmacies, employers, etc.) in the form set forth in Attachment A. Those plaintiffs shall also produce with their PPF all documents responsive to the document requests contained therein.

2.    Unless the parties agree otherwise or by order of the Court, complete and verified PPFs, signed and dated Authorizations, and all responsive documents shall be produced on the following schedule in all cardiovascular event cases that have been filed in or transferred to MDL 1657 as of September 1, 2005:   for plaintiffs whose last names begin with the letters A through C, on or before November 15, 2005; for plaintiffs whose last names begin with the letters D through G, on or before November 30, 2005; for plaintiffs whose last names begin with the letters H through L, on or before December 15, 2005; for plaintiffs whose last names begin with the letters M through R, on or before December 30, 2005; and for plaintiffs whose names begin with the letters S through Z, on or before January 14, 2006.

3.    Plaintiffs in individual cardiovascular event cases that are filed in or transferred to this MDL proceeding after September 1, 2005 shall provide complete and verified PPFs, signed and dated Authorizations, and all responsive documents within seventy-five (75) days of their transfer order or the date on which they are filed in this

proceeding.

4.      Plaintiffs who fail to provide complete and verified PPFs, signed and dated Authorizations, and all responsive documents requested in the PPF within the time periods set forth hereinabove shall be given notice by e-mail or fax from Defendants' Liaison Counsel or his designee and shall be given twenty (20) additional days to cure such deficiency. No other extensions will be granted.

5.      Plaintiffs shall serve the DLC with the PPF responses, signed and dated Authorizations, and responsive documents by serving a hard copy on Wilfred P. Coronato at Hughes Hubbard & Reed LLP, 101 Hudson Street, Suite 3601, Jersey City, New Jersey 07302-3918, and by serving an electronic copy via LexisNexis File & Serve on Wilfred P. Coronato at Hughes Hubbard & Reed LLP, Phillip A. Wittmann at Stone Pigman Walther Wittmann L.L.C., Aretha Delight Davis at Dechert LLP, and Susan Giamportone at Womble Carlyle Sandridge & Rice, PLLC and firms representing any other defendants in that case within the time periods set forth herein. To ensure that only the intended recipients have access to the aforementioned documents on LNFS, plaintiffs' counsel must upload said documents by selecting "Sealed, Electronic" in the "Access" field of the "Documents" tab under the "Filing & Service" option.

6.      Authorizations shall be dated and signed "in blank" (*i.e.*, without setting forth the identity of the custodian of the records or provider of care). Merck may use the authorizations for all healthcare providers and other sources of information and records (e.g., pharmacies, employers, etc.) identified in the PPF, without further notice to plaintiff's counsel. The Defendants Steering Committee ("DSC") shall post the records received pursuant to the authorizations on a secure website maintained by the DSC's

vendor and notify claimant's attorney and Plaintiffs' Liaison Counsel by e-mail of the posting.   Plaintiffs counsel in a particular case and Plaintiffs' Liaison Counsel may access that website to obtain copies of their clients' medical records at their cost.

7.   If Merck wishes to use an authorization to obtain records from a source that is not identified in the PPF, Merck shall provide the plaintiffs counsel for that particular case with seven (7) days written notice (by telecopy or email) of the intent to use an authorization to obtain records from that source.  If plaintiff's counsel fails to object to the request within seven (7) days, Merck may use the authorization to request the records from the source identified in the notice.  If plaintiff's counsel objects to the use of the authorization to obtain records from the source identified in the notice within said seven (7) day period, plaintiff's counsel and Merck's counsel shall meet and confer in an attempt to resolve the objection.  If counsel are unable to resolve the objection, plaintiff shall file a motion for a protective order within fourteen (14) days of the Merck's notice of intent to use the authorization.

8.   Plaintiffs' responses to the PPF shall be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34 and shall be supplemented in accordance with Fed. R. Civ. P. 26.

9.   Merck's use of the PPF and Authorizations shall be without prejudice to Merck's right to serve additional discovery.

Merck Profile Forms:

10.   Merck will serve upon plaintiffs' counsel of record, as identified in the PPF, a hard copy of a complete and verified MPF in the cardiovascular event cases in

the form set forth in Attachment B.  An electronic copy of the MPFs shall also be served

on Plaintiffs' Liaison Counsel and Co-Lead Counsel, Chris Seeger and Andy Birchfield.

To ensure that only the intended recipients have access to the MPFs, Merck shall upload

them by selecting "Sealed Electronic" in the "Access" field of the "Documents" tab under

the "Filing and Service" option.

      11.    Merck shall provide a complete and verified MPF ninety (90) days

after its receipt of a complete and verified PPF.  A "complete" PPF includes all the

information and materials contemplated by paragraph 4 of this Order and identifies the

name and address of the plaintiff's prescribing physician.  If Merck fails to provide a

complete and verified MPF within that time, it shall be given notice by e-mail or fax

from Plaintiffs' Liaison Counsel and shall be given twenty (20) additional days to cure

the deficiency.  No other extensions will be granted.

      12.    Following service of the MPFs in the cardiovascular event cases,

the PSC and DSC shall meet and confer regarding the current process and future schedule

for service of MPFs in other cases not claiming a cardiovascular event.  Should the PSC

and DSC not be able to reach an agreement on the process or schedule for service of

other MPFs, the PSC or the DSC may raise this issue with the Court.  The parties are not

obligated to serve additional Profile Forms other than those set forth above absent

agreement of the PSC and DSC or Order of this Court.

      13.    Merck's responses on an MPF shall be treated as answers to

interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of

documents under Fed. R. Civ. P. 34 and shall be supplemented in accordance with

Fed. R. Civ. P. 26.

14.    Plaintiffs' use of the MPF shall be without prejudice to the right of the plaintiffs in a specific case to serve additional discovery.

15.    This Order and the Attachments shall be posted on the Court's website for MDL 1657 located at http://vioxx.laed.uscourts.gov.   Counsel unable to access the Court's website for MDL 1657 may contact the Clerk of Court for information on obtaining a copy of this Order.   The telephone number and address of the Clerk of Court for the Eastern District of Louisiana can be accessed by referring to the Eastern District of Louisiana's website which is located at www.laed.uscourts.gov.

Houston, Texas, this __14th__ day of ___September___ , 2005.

ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT C
EASTERN DISTRIC

2006 JUN 30   PM 2:51

LORETTA G. WHYTE
CLERK

11698736

Jul 5 2006 9:50AM

IN RE: VIOXX
    PRODUCTS LIABILITY LITIGATION

\*    MDL NO. 1657

\*    SECTION: L(3)

\*

\*    JUDGE FALLON

\*    MAG. JUDGE KNOWLES

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

THIS DOCUMENT RELATES TO:
    *ALL CASES*

### ORDER

    IT IS ORDERED that the attached medical authorization forms shall replace those

attached to Pretrial Order No. 18C.

    New Orleans, Louisiana, this ___29th___ day of __June__, 2006.

UNITED STATES DISTRICT JUDGE

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: VIOXX®** | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| | * | **JUDGE FALLON** |
| | * | |
| | * | **MAG. JUDGE KNOWLES** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO ALL CASES**

### PRETRIAL ORDER NO. 18C
#### (Plaintiff Profile Form, Authorizations, and Merck Profile Form)

This Order amends and supersedes Pre-Trial Order Nos. 18, 18A and 18B and governs the form and schedule for service of a Plaintiff Profile Form ("PPF") and executed Authorizations for the release of records to be completed by plaintiffs, and Merck Profile Form ("MPF") to be completed by Merck in all individual (that is, non-class action) cases in which plaintiffs claim to have sustained a myocardial infarction, an ischemic stroke, or a death ("cardiovascular event") that were: (1) transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of February 16, 2005; (2) subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.4 of the Rules of Procedure of that Panel; and (3) originally filed in this Court or transferred or removed to this Court. The amendments in this Order relate to the service of PPFs, MPFs, their related attachments, and modification of the MPF form itself.

This Order neither applies to nor imposes any obligation on any Defendant in any individual action in MDL 1657 other than Merck.

<u>Plaintiff Profile Forms</u>:

      1.    Plaintiffs in all cardiovascular event cases shall each complete and serve upon Merck a PPF and Authorizations for Release of Records of all healthcare providers and other sources of information and records (*e.g.*, pharmacies, employers, etc.) in the form set forth in Attachment A. Those plaintiffs shall also produce with their PPF all documents responsive to the document requests contained therein.

      2.    Unless the parties agree otherwise or by order of the Court, complete and verified PPFs, signed and dated Authorizations, and all responsive documents shall be produced on the following schedule in all cardiovascular event cases that have been filed in or transferred to MDL 1657 as of September 1, 2005:  for plaintiffs whose last names begin with the letters A through C, on or before November 15, 2005; for plaintiffs whose last names begin with the letters D through G, on or before November 30, 2005; for plaintiffs whose last names begin with the letters H through L, on or before December 15, 2005; for plaintiffs whose last names begin with the letters M through R, on or before December 30, 2005; and for plaintiffs whose names begin with the letters S through Z, on or before January 14, 2006.

      3.    Plaintiffs in individual cardiovascular event cases that are filed in or transferred to this MDL proceeding after September 1, 2005 shall provide complete and verified PPFs, signed and dated Authorizations, and all responsive documents within seventy-five (75) days of their transfer order or the date on which they are filed in this proceeding.

      4.    Plaintiffs who fail to provide complete and verified PPFs, signed and dated Authorizations, and all responsive documents requested in the PPF within the time periods set forth hereinabove shall be given notice by e-mail or fax from Defendants' Liaison Counsel or

his designee and shall be given twenty (20) additional days to cure such deficiency.  No other extensions will be granted.

5.      Plaintiffs shall serve the DLC with the PPF responses, including amended and supplemental responses (hereinafter collectively referred to as "PPF responses") and signed and dated Authorizations by serving a hard copy on Wilfred P. Coronato at Hughes Hubbard & Reed LLP, 101 Hudson Street, Suite 3601, Jersey City, New Jersey  07302-3918, and by serving an electronic copy via LexisNexis File & Serve on Wilfred P. Coronato at Hughes Hubbard & Reed LLP, Phillip A. Wittmann at Stone Pigman Walther Wittmann L.L.C., Dimitrios Mavroudis at Dechert LLP, and Susan Giamportone at Womble Carlyle Sandridge & Rice, PLLC and firms representing any other defendants in that case within the time periods set forth herein.  To ensure that only the intended recipients have access to the aforementioned documents on LNFS, plaintiffs' counsel must upload said documents by selecting "Sealed, Electronic" in the "Access" field of the "Documents" tab under the "Filing & Service" option.

6.      When plaintiffs upload a PPF response to LNFS, it shall clearly be labeled "Plaintiff Profile Form" and, in multi-plaintiff cases, it shall indicate the name of the plaintiff on whose behalf the PPF response is being served.  (E.g., "Plaintiff Profile Form of John Doe").  Plaintiffs shall also choose the "Plaintiff Profile Form" document type available on LNFS.  Plaintiffs shall upload their PPF under their case-specific docket number on LNFS and shall not upload it under the general "In Re Vioxx Products Liability Litigation" file.

7.      When serving healthcare or other records (hereinafter "medical records") produced as a result of this pretrial order, plaintiffs shall either (a) upload their medical records to LNFS along with the PPF response and signed Authorizations or (b) serve their medical records on CD or DVD in accordance with the requirements of paragraph 9.  Plaintiffs shall

provide medical records in only one of the two methods described above and shall not serve their records in hard copy (paper) form.

   8. Regardless of the method chosen to serve medical records (i.e., upload to LNFS or CD/DVD), plaintiffs must (a) attach a list to their PPF response setting forth the names of the sources of the records (e.g. General Hospital, Marcus Welby, M.D., SVC Pharmacy, etc.) produced with the PPF response or clearly indicate in Section VII of the PPF entitled List of Medical Providers and Other Sources of Information whether the records of the sources identified therein have been produced with the PPF response and (b) reasonably identify the records by including a cover sheet that begins each record or in some reasonable way clearly indicate the name of the source or medical provider of that record.

   9. When plaintiffs opt to provide their medical records on CD or DVD in lieu of posting them to LNFS, plaintiffs shall also comply with the following conditions:

     a. Plaintiffs' counsel shall provide a certification with the PPF response stating (i) the date of service; (ii) the manner of service; (iii) that the medical records have been served on CD or DVD along with the original, signed PPF and original, signed authorizations, on Wilfred P. Coronato, Esq., Hughes Hubbard & Reed LLP, 101 Hudson Street, Suite 3601, Jersey City, New Jersey 07302-3918; (iv) that the PPF and authorizations have also been posted to LNFS and the date they were posted.  This certification shall be attached to the copy of the PPF response and Authorizations posted to LNFS and the original PPF response and Authorizations served on Wilfred P. Coronato, Esq.

- 4 -

b.    Each CD or DVD shall contain the records of only one plaintiff or alleged Vioxx® user.

c.    Each file on the CD or DVD shall contain the medical records of only one provider.

d.    Each file shall be in either pdf, multi-page, or single page TIF format. No other file format will be accepted. To the extent feasible, Defendant strongly prefers single-page or multi-page TIF images.

e.    The CD or DVD shall have a legible label securely affixed to the CD or DVD itself setting forth the case name, case-specific docket number, name of the person to whom the medical records pertain (e.g., "Medical Records of John Doe"), and the name, address and telephone number of the Plaintiff's counsel of record transmitting the CD or DVD.

f.    Each CD or DVD shall be accompanied in the same envelope with the original, signed and dated PPF response and Authorizations.

10.    Authorizations shall be dated and signed "in blank" (*i.e.*, without setting forth the identity of the custodian of the records or provider of care). Merck may use the authorizations for all healthcare providers and other sources of information and records (e.g., pharmacies, employers, etc.) identified in the PPF, without further notice to plaintiff's counsel. The Defendants Steering Committee ("DSC") shall post the records received pursuant to the authorizations on a secure website maintained by the DSC's vendor and notify claimant's attorney and Plaintiffs' Liaison Counsel by e-mail of the posting. Plaintiff's counsel in a

particular case and Plaintiffs' Liaison Counsel may access that website to obtain copies of their clients' medical records at their cost.

11.     If Merck wishes to use an authorization to obtain records from a source that is not identified in the PPF, Merck shall provide the plaintiff's counsel for that particular case with seven (7) days written notice (by telecopy or email) of the intent to use an authorization to obtain records from that source. If plaintiff's counsel fails to object to the request within seven (7) days, Merck may use the authorization to request the records from the source identified in the notice. If plaintiff's counsel objects to the use of the authorization to obtain records from the source identified in the notice within said seven (7) day period, plaintiff's counsel and Merck's counsel shall meet and confer in an attempt to resolve the objection. If counsel are unable to resolve the objection, plaintiff shall file a motion for a protective order within fourteen (14) days of the Merck's notice of intent to use the authorization.

12.     Plaintiffs' responses to the PPF shall be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34 and shall be supplemented in accordance with Fed. R. Civ. P. 26.

13.     Merck's use of the PPF and Authorizations shall be without prejudice to Merck's right to serve additional discovery as ordered by the Court.

Merck Profile Forms:

14. Merck will serve upon plaintiffs' counsel of record, as identified in the PPF, and Plaintiffs' Liaison Counsel a hard copy of a complete and verified MPF form and the documents and data accompanying the MPF (hereinafter "data package") in the cardiovascular event cases in the form set forth in Attachment B, which has been modified by agreement of counsel subsequent to Pretrial Order No. 18B. An electronic copy of only the MPF form itself

- 6 -

shall also be served via LNFS on all plaintiffs' counsel of record associated with an individual case as identified on LNFS, assuming counsel has registered with LNFS, Plaintiffs' Liaison Counsel, and Co-Lead Counsel, Chris Seeger and Andy Birchfield.  To ensure that only the intended recipients have access to the MPFs, Merck shall upload them by selecting "Sealed Electronic" in the "Access" field of the "Documents" tab under the "Filing and Service" option. In the event plaintiffs' counsel of record is not registered with LNFS, a hard copy of the complete MPF shall be served on plaintiff's counsel of record and Plaintiffs' Liaison Counsel via Federal Express or certified mail.

15. When Merck uploads an MPF response to LNFS, Merck shall clearly label it as such and, in multi-plaintiff cases, it shall indicate the name of the plaintiff to whom the MPF response applies.  (E.g., "Merck Profile Form Relating to Plaintiff John Doe").  Merck shall also choose the "Merck Profile Form" document type available on LNFS.  Merck shall upload its MPF under the relevant case-specific file on LNFS and shall not upload it under the general "In Re Vioxx Products Liability Litigation" file.

16. The MPF form and data package shall be served on CD or DVD on plaintiff's counsel of record and Plaintiff's Liaison Counsel and shall comply with the following conditions:

a.      Merck's counsel shall provide a certification with the MPF response stating (i) the date of service; (ii) the manner of service; (iii) that the data package has been served on CD or DVD along with the original, signed MPF on plaintiff's counsel of record and a duplicate also served on Plaintiff's Liaison Counsel, Place St. Charles, 201 St. Charles Avenue, Suite 4310, New Orleans, Louisiana  70170; (iv) that the MPF has also been posted to LNFS and

the date it was posted.  This certification shall be attached to the copy of the MPF response posted to LNFS and the hard copy served on plaintiff's counsel of record and Plaintiff's Liaison Counsel.

      b.    Each CD or DVD sent to plaintiff's counsel of record shall relate to only one plaintiff.  To the extent that a CD or DVD sent to Plaintiffs' Liaison Counsel includes MPFs relating to more than one plaintiff, the CD or DVD will be labeled to identify it to each plaintiff, organized in a coherent fashion and include an index clearly identifying each MPF for each plaintiff and the contents that relate to each plaintiff.

      c.    Each file shall be produced in PDF format.  No other file format will be accepted.

      d.    Each CD or DVD sent to plaintiff's counsel of record shall have a legible label securely affixed to the CD or DVD itself setting forth the case name, case-specific docket number, name of the plaintiff or Vioxx user to whom the MPF applies, and the name and address of the defense attorney or firm serving the CD or DVD.

      e.    Each CD or DVD shall be accompanied in the same envelope with the hard copy MPF served on plaintiff's counsel of record and Plaintiff's Liaison Counsel.

      f.    If any documents to be produced in an MPF are claimed to be privileged, Merck shall produce a valid privilege log contemporaneously with the MPF.

      17. Merck shall provide a complete and verified MPF ninety (90) days after its receipt of a PPF which contains the "core criteria."  The core criteria includes:

1.  Type of injury (cardiovascular cases relating to ischemic stroke, myocardial infarction & death);

2.  Date (month and year) of Plaintiff's injury;

3.  Full name of person who used Vioxx;

4.  Maiden or other names of person who used Vioxx;

5.  Full address of person who used Vioxx;

6.  Full name and full address of prescriber (including suite number, if any); and

7.  Full name and full address of sample provider (including suite number, if any).

If Merck contends that any PPF does not satisfactorily include the "core criteria," then Merck shall, within twenty (20) days after its receipt of the PPF notify plaintiff of any alleged deficiency in the "core criteria" for processing an MPF. Failure to notify plaintiff's counsel within the twenty (20) days shall mean that Merck will provide a complete and verified MPF within ninety (90) days after its receipt of the PPF, but Merck shall reserve its rights to allege any and all deficiencies in a given PPF such that the information and materials contemplated by Paragraph 4 of this Order are provided. If Merck fails to provide a complete and verified MPF within ninety (90) days after its receipt of a complete and verified PPF, it shall be given notice by e-mail or fax from either plaintiff's counsel or Plaintiffs' Liaison Counsel and shall be given twenty (20) additional days to cure the deficiency. No other extensions will be granted. Any claim of alleged deficiency with an MPF shall be directed to Angela Catanach of Dechert LLP, Cira Centre, 2929 Arch Street, Philadelphia, PA 19104-2808, 215.655.2232 (fax), mpfcomplaints@dechert.com (e-mail). No notices, e-mail communications or claims of deficiency shall be posted to LNFS.

18. Following service of the MPFs in the cardiovascular event cases, the PSC and DSC shall meet and confer regarding the current process and future schedule for service of MPFs in other cases not claiming a cardiovascular event.  Should the PSC and DSC not be able to reach an agreement on the process or schedule for service of other MPFs, the PSC or the DSC may raise this issue with the Court.  The parties are not obligated to serve additional Profile Forms other than those set forth above absent agreement of the PSC and DSC or Order of this Court.

19. Merck's responses on an MPF shall be treated as answers to interrogatories under Fed. R. Civ. P. 33 and responses to requests for production of documents under Fed. R. Civ. P. 34 and shall be supplemented in accordance with Fed. R. Civ. P. 26.

20. Plaintiffs' use of the MPF shall be without prejudice to the right of the plaintiffs in a specific case to serve additional discovery as ordered by the Court.

21. This Order and the Attachments shall be posted on the Court's website for MDL 1657 located at http://vioxx.laed.uscourts.gov.  Counsel unable to access the Court's website for MDL 1657 may contact the Clerk of Court for information on obtaining a copy of this Order.

New Orleans, Louisiana, this _____ day of _____, 2006.


_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

**IN RE: VIOXX® PRODUCTS LIABILITY LITIGATION**

**MDL Docket No. 1657**

**THIS RELATES TO:**

**Civil Action No:**

Plaintiff: _____
                          (name)

## PLAINTIFF PROFILE FORM

Other than in Sections I, those questions using the term "You" should refer to the person who used VIOXX®. Please attach as many sheets of paper as necessary to fully answer these questions.

## I. CASE INFORMATION

A. Name of person completing this form: _____

B. If you are completing this questionnaire in a representative capacity (e.g., on behalf of the estate of a deceased person or a minor), please complete the following:

   1. Social Security Number: _____

   2. Maiden Or Other Names Used or By Which You Have Been Known: _____

   3. Address: _____

   4. State which individual or estate you are representing, and in what capacity you are representing the individual or estate? _____

   5. If you were appointed as a representative by a court, state the:

      Court: _____        Date of Appointment: _____

   6. What is your relationship to deceased or represented person or person claimed to be injured? _____

   7. If you represent a decedent's estate, state the date of death of the decedent and the address of the place where the decedent died: _____

C. Claim Information

1. Are you claiming that you have or may develop bodily injury as a result of taking VIOXX®? Yes_____ No_____  *If "yes,"*

   a. What is your understanding of the bodily injury you claim resulted from your use of VIOXX®? _____ _____
   _____

   b. When do you claim this injury occurred?_____

   c. Who diagnosed the condition? _____

   d. Did you ever suffer this type of injury prior to the date set forth in answer to the prior question? Yes _____ No _____  *If "yes,"* when and who diagnosed the condition at that time? _____
   _____
   _____

   e. Do you claim that that your use of VIOXX® worsened a condition that you already had or had in the past? Yes _____ No _____  *If "yes,"* set forth the injury or condition; whether or not you had already recovered from that injury or condition before you took VIOXX®; and the date of recovery, if any. _____
   _____

D. Are you claiming mental and/or emotional damages as a consequence of VIOXX®? Yes _____ No _____

   *If "yes,"* for each provider (including but not limited to primary care physician, psychiatrist, psychologist, counselor) from whom have sought treatment for psychological, psychiatric or emotional problems during the last ten (10) years, state:

   a. Name and address of each person who treated you: _____
   _____

   b. To your understanding, condition for which treated: _____
   _____

   c. When treated: _____

   d. Medications prescribed or recommended by provider: _____

## II. PERSONAL INFORMATION OF THE PERSON WHO USED VIOXX®

A. Name: _____

B. Maiden or other names used or by which you have been known: _____

C. Social Security Number: _____

D. Address: _____

E.  Identify each address at which you have resided during the last ten (10) years, and list when you started and stopped living at each one:

| Address | Dates of Residence |
|---------|--------------------|
|         |                    |
|         |                    |

F.  Driver's License Number and State Issuing License: _____

G.  Date of Place and Birth: _____

H.  Sex:  Male _____   Female _____

I.  Identify the highest level of education (high school, college, university or other educational institution) you have attended (even if not completed), the dates of attendance, courses of study pursued, and diplomas or degrees awarded:

| Institution | Dates Attended | Course of Study | Diplomas or Degrees |
|-------------|----------------|-----------------|---------------------|
|             |                |                 |                     |

J.  Employment Information.

1.  Current employer (if not currently employed, last employer):

| Name | Address | Dates of Employment | Occupation/Job Duties |
|------|---------|---------------------|-----------------------|
|      |         |                     |                       |

2.  List the following for each employer you have had in the last ten (10) years:

| Name | Address | Dates of Employment | Occupation/Job Duties |
|------|---------|---------------------|-----------------------|
|      |         |                     |                       |
|      |         |                     |                       |

3.  Are you making a wage loss claim for either your present or previous employment?  Yes _____   No _____

*If "yes,"* state your annual income at the time of the injury alleged in Section I(C):_____

K.  Military Service Information:  Have you ever served in the military, including the military reserve or national guard?  Yes _____   No _____

*If "yes,"* were you ever rejected or discharged from military service for any reason relating to your physical, psychiatric or emotional condition?  Yes _____   No _____

L.  Insurance / Claim Information:

   1.  Have you ever filed a worker's compensation and/or social security disability (SSI or SSD) claim?   Yes _____   No _____   *If "yes,"* to the best of your knowledge please state:

      a.  Year claim was filed: _____

      b.  Nature of disability: _____

      c.  Approximate period of disability: _____

   2.  Have you ever been out of work for more than thirty (30) days for reasons related to your health (other than pregnancy)?   Yes _____   No _____   *If "yes,"* set forth when and the reason. _____
_____
_____

   3.  Have you ever filed a lawsuit or made a claim, other than in the present suit, relating to any bodily injury?   Yes _____   No _____   *If "yes,"* state to the best of your knowledge the court in which such action was filed, case name and/or names of adverse parties, and a brief description for the claims asserted. _____
_____
_____

M.  As an adult, have you been convicted of, or plead guilty to, a felony and/or crime of fraud or dishonesty?   Yes _____   No _____   *If "yes,"* set forth where, when and the felony and/or crime. _____

### III. FAMILY INFORMATION

A.  List for each marriage the name of your spouse; spouse's date of birth (for your current spouse only); spouse's occupation; date of marriage; date the marriage ended, if applicable; and how the marriage ended (e.g., divorce, annulment, death): _____

B.  Has your spouse filed a loss of consortium claim in this action?   Yes _____   No _____

C.  To the best of your knowledge did any child, parent, sibling, or grandparent of yours suffer from any type of cardiovascular disease including but not limited to: heart attack, abnormal rhythm, arteriosclerosis (hardening or the arteries), murmur, coronary artery disease, congestive heart failure, enlarged heart, leaking valves or prolapse, heart block, congenital heart abnormality, Scarlet Fever, Rheumatic Fever, atrial fibrillation, stroke? Yes _____ No _____ Don't Know _____ *If "yes,"* identify each such person below and provide the information requested.

Name: _____

Current Age (or Age at Death): _____

Type of Problem: _____

If Applicable, Cause of Death: _____

D.  If applicable, for each of your children, list his/her name, age and address: _____

E.  If you are claiming the wrongful death of a family member, list any and all heirs of the decedent. _____

## IV. <u>VIOXX® PRESCRIPTION INFORMATION</u>

A.  Who prescribed VIOXX® for you? _____

B.  On which dates did you begin to take, and stop taking, VIOXX®? _____

C.  Did you take VIOXX® continuously during that period?
Yes _____ No _____ Don't Recall _____

D.  To your understanding, for what condition were you prescribed VIOXX®? _____

E.  Did you renew your prescription for VIOXX®? Yes _____ No _____ Don't Recall _____

F.  If you received any samples of VIOXX®, state who provided them, what dosage, how much and when they were provided: _____

G.  Which form of VIOXX® did you take (check all that apply)?
_____ 12.5 mg Tablet (round, cream, MRK 74)
_____ 12.5 mg Oral Suspension
_____ 25 mg Tablet (round, yellow, MRK 110)
_____ 25 mg Oral Suspension
_____ 50 mg Tablet (round, orange, MRK 114)

H.  How many times per day did you take VIOXX®?
_____

I.  Did you request that any doctor or clinic provide you with VIOXX® or a prescription for VIOXX®? Yes _____ No _____ Don't Recall _____

J.  Instructions or Warnings:

    1.  Did you receive any written or oral information about VIOXX® before you took it?  Yes __ No _____ Don't Recall _____

    2.  Did you receive any written or oral information about VIOXX® while you took it?  Yes ___ No _____ Don't Recall _____

    3.  *If "yes,"*

        a.  When did you receive that information?_____

        b.  From whom did you receive it?_____

        c.  What information did you receive? _____
        _____

K.  What over-the-counter pain relief medications, if any, were you taking at the same time you were taking VIOXX®? _____
_____

## V. MEDICAL BACKGROUND

A.  Height: _____

B.  Current Weight: _____
Weight at the time of the injury, illness, or disability described in Section I(C): _____

C.  Smoking/Tobacco Use History: *Check the answer and fill in the blanks applicable to your history of smoking and/or tobacco use.*

    ____  Never smoked cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

    ____  Past smoker of cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

        a.  Date on which smoking/tobacco use ceased: _____

        b.  Amount smoked or used: on average_____ per day for _____ years.

    ____  Current smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff.

        a.  Amount smoked or used: on average _____ per day for _____ years.

    ____  Smoked different amounts at different times.

D.  Drinking History.  Do you now drink or have you in the past drank alcohol (beer, wine, whiskey, etc.)?  Yes _____ No _____  *If "yes," fill in the appropriate blank* with the number of drinks that represents your average alcohol consumption during the period you were taking VIOXX® up to the time that you sustained the injuries alleged in the complaint:

    _____ drinks per week,

    _____ drinks per month,

    _____ drinks per year, *or*

    Other (describe): _____

E.  Illicit Drugs.  Have you ever used (even one time) any illicit drugs of any kind within one (1) year before, or any time after, you first experienced your alleged VIOXX®-related injury?"  Yes _____  No _____  Don't Recall _____

    *If "yes"*, identify each substance and state when you first and last used it. _____
    _____

F.  Please indicate to the best of your knowledge whether you have ever received any of the following treatments or diagnostic procedures:

1.  Cardiovascular surgeries, including, but not limited to, the following, and specify for what condition the surgery was performed:  open heart/bypass surgery, pacemaker implantation, vascular surgery, IVC filter placement, carotid (neck artery) surgery, lung resection, intestinal surgery:

| Surgery | Condition | When | Treating Physician | Hospital |
|---------|-----------|------|--------------------|----------|
|         |           |      |                    |          |
|         |           |      |                    |          |

2.  Treatments/interventions for heart attack, angina (chest pain), or lung ailments:

| Treatment/Intervention | When | Treating Physician | Hospital |
|------------------------|------|--------------------|----------|
|                        |      |                    |          |
|                        |      |                    |          |

3.  To your knowledge, have you had any of the following tests performed:  chest X-ray, CT scan, MRI, angiogram, EKG, echocardiogram, TEE (trans-esophageal echo), bleeding scan, endoscopy, lung bronchoscopy, carotid duplex/ultrasound, MRI/MRA of the head/neck, angiogram of the head/neck, CT scan of the head, bubble/microbubble study, or Holter monitor?
    Yes _____ No _____ Don't Recall _____  *If "yes,"* answer the following:

| Diagnostic Test | When | Treating Physician | Hospital | Reason |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

## VI. DOCUMENTS

Please indicate if any of the following documents and things are currently in your possession, custody, or control, or in the possession, custody, or control of your lawyers by checking *"yes"* or *"no."* Where you have indicated *"yes,"* please attach the documents and things to your responses to this profile form.

A. Records of physicians, hospitals, pharmacies, and other healthcare providers identified in response to this profile form.  Yes _____   No _____

B. Decedent's death certificate (if applicable).  Yes _____   No _____

C. Report of autopsy of decedent (if applicable).  Yes _____   No _____

## VII.   LIST OF MEDICAL PROVIDERS AND OTHER SOURCES OF INFORMATION

*List the name and address of each of the following:*

A.      Your current family and/or primary care physician:

| Name | Address |
|---|---|
|  |  |

B. To the best of your ability, identify each of your primary care physicians for the last ten (10) years.

| Name | Address | Approximate Dates |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

C. Each hospital, clinic, or healthcare facility where you have received inpatient treatment or been admitted as a patient during the last ten (10) years.

| Name | Address | Admission Dates | Reason for Admission |
|------|---------|-----------------|---------------------|
|      |         |                 |                     |
|      |         |                 |                     |

D.  Each hospital, clinic, or healthcare facility where you have received outpatient treatment (including treatment in an emergency room) during the last ten (10) years.

| Name | Address | Admission Dates | Reason for Admission |
|------|---------|-----------------|---------------------|
|      |         |                 |                     |
|      |         |                 |                     |

E.  Each physician or healthcare provider from whom you have received treatment in the last ten (10) years.

| Name | Address | Dates of Treatment |
|------|---------|--------------------|
|      |         |                    |
|      |         |                    |
|      |         |                    |

F.  Each pharmacy that has dispensed medication to you in the last ten (10) years.

| Name | Address |
|------|---------|
|      |         |
|      |         |
|      |         |

G.  If you have submitted a claim for social security disability benefits in the last ten (10) years, state the name and address of the office that is most likely to have records concerning your claim.

| Name | Address |
|------|---------|
|      |         |
|      |         |
|      |         |

H.  If you have submitted a claim for worker's compensation, state the name and address of the entity that is most likely to have records concerning your claim.

| Name | Address |
|------|---------|
|      |         |
|      |         |

## __CERTIFICATION__

I declare under penalty of perjury subject to 28 U.S.C. § 1746 that all of the information provided in this Profile Form is true and correct to the best of my knowledge, that I have completed the List of Medical Providers and Other Sources of Information appended hereto, which is true and correct to the best of my knowledge, that I have supplied all the documents requested in part VI of this declaration, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have supplied the authorizations attached to this declaration.

_____        _____        _____
Signature                                        Print Name                                        Date

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: VIOXX® PRODUCTS
LIABILITY LITIGATION

MDL No. 1657

**AUTHORIZATION FOR RELEASE OF
MEDICAL RECORDS PURSUANT TO
45 C.F.R. § 164.508 (HIPAA)**

Name:_____

Date of Birth:_____

Social Security Number:_____

     I hereby authorize _____ to release
all existing medical records regarding the above-named person's medical care, treatment,
physical condition, and/or medical expenses to the law firm of **HUGHES HUBBARD & REED
LLP, 101 Hudson Street, Suite 3601, Jersey City, New Jersey 07302, and/or to the law firm
of_____ and/or their
designated agents ("Receiving Parties").**  These records shall be used or disclosed solely in
connection with the currently pending VIOXX® litigation involving the person named above.
This authorization shall cease to be effective as of the date on which the above-named person's
VIOXX® litigation concludes.  The Receiving Parties shall return or destroy the protected health
information (including all copies made) at the end of the above-named person's litigation or
proceeding.

     I understand that the health information being used/disclosed may include information
relating to the diagnosis and treatment of Human Immunodeficiency Virus (HIV), Acquired
Immune Deficiency Syndrome (AIDS), sexually transmitted disease and drug and alcohol
disorders.

     This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs,
EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms,
admission and discharge records, operation records, doctor and nurses notes (excluding
psychotherapy notes maintained separately from the individual's medical record that document or
analyze the contents of conversation during a private counseling session or a group, joint, or
family counseling session by referring to something other than medication prescription and
monitoring, counseling session start and stop times, the modalities and frequencies of treatment
furnished, results of clinical tests, and any summary of the following items: diagnosis, functional
status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills,
invoices, histories, diagnoses, narratives, and any correspondence/memoranda and billing
information.  It also includes, to the extent such records currently exist and are in your
possession, insurance records, including Medicare/Medicaid and other public assistance claims,
applications, statements, eligibility material, claims or claim disputes, resolutions and payments,

medical records provided as evidence of services provided, and any other documents or things pertaining to services furnished under Title XVII of the Social Security Act or other forms of public assistance (federal, state, local, etc.).  This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation.  I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition of obtaining insurance coverage.  I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization.  I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.  I further reserve the right to request the return or redaction of sensitive or embarrassing information, not germane to the litigation, that is disclosed to the Receiving Parties.

Any photostatic copy of this document shall have the same authority as the original, and may be substituted in its place.  Copies of these materials are to be provided at the expense of Hughes Hubbard & Reed LLP or _____.

Dated this __ day of _____, 200__

_____
*[PLAINTIFF OR REPRESENTATIVE]*

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

**AUTHORIZATION #1**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  | MDL No. 1657 |
|---|---|
| In re: VIOXX® PRODUCTS LIABILITY LITIGATION | **AUTHORIZATION FOR RELEASE OF PSYCHOLOGICAL/PSYCHIATRIC RECORDS PURSUANT TO 45 C.F.R. § 164.508 (HIPAA)** |

Name:_____

Date of Birth:_____

Social Security Number:_____

    I hereby authorize _____ to release all existing records regarding the above-named person's psychological or psychiatric care, treatment, condition, and/or expenses to the law firm of **HUGHES HUBBARD & REED LLP, 101 Hudson Street, Suite 3601, Jersey City, New Jersey 07302, and/or to the law firm of _____ and/or their designated agents ("Receiving Parties").** These records shall be used or disclosed solely in connection with the currently pending VIOXX® litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's VIOXX® litigation concludes. The Receiving Parties shall return or destroy the protected health information (including all copies made) at the end of the above-named person's litigation or proceeding.

    I understand that this authorization includes information regarding the diagnosis and treatment of psychiatric and psychological disorders, and that the health information being used/disclosed may include information relating to the diagnosis and treatment of Human Immunodeficiency Virus (HIV), Acquired Immune Deficiency Syndrome (AIDS), sexually transmitted disease and drug and alcohol disorders.

    This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs, EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms, admission and discharge records, operation records, doctor and nurses notes (excluding psychotherapy notes maintained separately from the individual's medical record that document or analyze the contents of conversation during a private counseling session or a group, joint, or family counseling session by referring to something other than medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills, invoices, histories, diagnoses, psychiatric treatment and counseling records, psychological treatment and counseling records, narratives, and any correspondence/memoranda and billing

information.  It also includes, to the extent such records currently exist and are in your possession, insurance records, including Medicare/Medicaid and other public assistance claims, applications, statements, eligibility material, claims or claim disputes, resolutions and payments, medical records provided as evidence of services provided, and any other documents or things pertaining to services furnished under Title XVII of the Social Security Act or other forms of public assistance (federal, state, local, etc.).  This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation.  I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition of obtaining insurance coverage.  I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization.  I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.  I further reserve the right to request the return or redaction of sensitive or embarrassing information, not germane to the litigation, that is disclosed to the Receiving Parties.

Any photostatic copy of this document shall have the same authority as the original, and may be substituted in its place.  Copies of these materials are to be provided at the expense of Hughes Hubbard & Reed LLP or _____.

Dated this ___ day of _____, 200___

_____
[*PLAINTIFF OR REPRESENTATIVE*]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf: _____

AUTHORIZATION #2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MDL No. 1657

In re: VIOXX® PRODUCT
LIABILITY LITIGATION

**AUTHORIZATION FOR RELEASE OF
PSYCHOTHERAPY NOTES PURSUANT
TO 45 C.F.R. § 164.508 (HIPAA)**

Name:_____

Date of Birth:_____

Social Security Number:_____

     I hereby authorize _____ to release all existing psychotherapy notes regarding the above-named person's medical care, treatment, physical/mental condition, and/or medical expenses to law firm of **HUGHES HUBBARD & REED LLP, 101 Hudson Street, Suite 3601, Jersey City, New Jersey 07302, and/or to the law firm of _____ and/or their designated agents ("Receiving Parties").** These records shall be used or disclosed solely in connection with the currently pending VIOXX® litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's VIOXX® litigation concludes. The Receiving Parties shall return or destroy the protected health information (including all copies made) at the end of the above-named person's litigation or proceeding.

     I understand that this authorization includes all psychotherapy notes maintained separately from the above-named person's medical record that document or analyze the contents of conversation during a private counseling session or a group, joint, or family counseling session by referring to something other than medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis and progress.

     I understand that the health information being disclosed by these psychotherapy notes may include information relating to the diagnosis and treatment of Human Immunodeficiency Virus (HIV), Acquired Immune Deficiency Syndrome (AIDS), sexually transmitted disease and drug and alcohol disorders.

     This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation. I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this

authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA. I further reserve the right to request the return or redaction of sensitive or embarrassing information, not germane to the litigation, that is disclosed to the Receiving Parties.

Any photostatic copy of this document shall have the same authority as the original, and may be substituted in its place. Copies of these materials are to be provided at the expense of Hughes Hubbard & Reed LLP or _____.

Dated this __ day of _____, 200__

_____
*[PLAINTIFF OR REPRESENTATIVE]*

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

**AUTHORIZATION #3**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MDL No. 1657

In re: VIOXX® PRODUCTS
LIABILITY LITIGATION

**AUTHORIZATION FOR RELEASE OF RECORDS (To be signed by plaintiffs making a claim for lost wages, earnings or earning capacity.)**

Name:_____

Date of Birth:_____

Social Security Number:_____

I hereby authorize _____ to release all existing records and information in its possession regarding the above-named person's employment, income and education to the law firm of **HUGHES HUBBARD & REED LLP, 101 Hudson Street, Suite 3601, Jersey City, New Jersey 07302, and/or to the law firm of _____ and/or their designated agents ("Receiving Parties").**  These records shall be used or disclosed solely in connection with the currently pending VIOXX® litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's VIOXX® litigation concludes.

I understand that this authorization includes the above-named person's complete employment personnel file (including attendance reports, performance reports, W-4 forms, W-2 forms, medical reports, workers' compensation claims), and also includes all other records relating to employment, past and present, all records related to claims for disability, and all educational records (including those relating to courses taken, degrees obtained, and attendance records).  This listing is not meant to be exclusive.

Any photostatic copy of this document shall have the same authority as the original, and may be substituted in its place.  Copies of these materials are to be provided at the expense of Hughes Hubbard & Reed LLP or _____.

Dated this __ day of _____, 200__

_____
*[PLAINTIFF OR REPRESENTATIVE]*

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

**AUTHORIZATION #4**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

Case No. 1657

In re:  VIOXX® PRODUCTS
LIABILITY LITIGATION

**AUTHORIZATION FOR RELEASE OF
RECORDS (To be signed by plaintiffs *not*
making a claim for lost wages or earnings or
earning capacity.)**

Name:_____

Date of Birth:_____

Social Security Number:_____

I hereby authorize _____ to release all existing records and information in its possession regarding the above-named person's employment and education (with the exception of W-4 and W-2 forms) to the law firm of **HUGHES HUBBARD & REED LLP, 101 Hudson Street, Suite 3601, Jersey City, New Jersey 07302, and/or to the law firm of** _____ **and/or their designated agents ("Receiving Parties").** These records shall be used or disclosed solely in connection with the currently pending VIOXX® litigation involving the person named above.  This authorization shall cease to be effective as of the date on which the above-named person's VIOXX® litigation concludes.

I understand that this authorization includes the above-named person's complete employment personnel file with the exception of W-4 and W-2 forms (including attendance reports, performance reports, medical reports, workers' compensation claims), and also includes all other records relating to employment, past and present, all records related to claims for disability, and all educational records (including those relating to courses taken, degrees obtained, and attendance records).  This listing is not meant to be exclusive.

Any photostatic copy of this document shall have the same authority as the original, and may be substituted in its place.  Copies of these materials are to be provided at the expense of Hughes Hubbard & Reed LLP or _____.

Dated this \_\_ day of _____, 200\_\_

_____
*[PLAINTIFF OR REPRESENTATIVE]*

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

**AUTHORIZATION #5**

**In Re: Vioxx Product Liability Litigation**

**MDL No. 1657**

**DEFENDANT MERCK CASE PROFILE FORM**

For each case, Defendant Merck must complete this Case Profile Form and identify or provide, as set forth below, documents and/or data relating to Plaintiff and Plaintiff's Prescribing Healthcare Provider where the names can be reasonably identified. This Case Profile Form must be completed and served on all counsel representing Plaintiff in the action identified in Section I below. This must be answered and served 90 days after the date that the Plaintiff's Profile Form has been served on Defendant Merck & Co.

You should attach additional sheets of paper if that is necessary to completely answer the following questions.

**I.      CASE INFORMATION**

This defendant fact sheet pertains to the following case:

Case caption: _____

Civil Action No.: _____

Court in which action was originally filed: _____

Name and Address of all person(s) who provided information responsive to the questions posed in this fact sheet:

A: _____

(Name)

_____

(Address)

**II.     CONTACTS WITH DISPENSING HEALTH CARE PROVIDER**

In Section IV(A.) of Plaintiff's Profile Form, plaintiff identified those who prescribed or dispensed Vioxx to plaintiff (hereinafter "Prescribing Health Care Provider"). For each prescribing health care provider identified, please state and, where requested, provide the following:

- 1 -

A.    <u>Dear Doctor or Dear Healthcare Provider Letters:</u>

1.    For each "Dear Doctor" or "Dear Healthcare Provider" letter that you contend was *actually sent* to plaintiffs prescribing health care provider, please: a.) identify by Bates range and attach template of the letter sent; b.) state date that each letter was actually sent to plaintiff's dispensing health care provider; c.) state the person to whom each letter was actually sent, d.) state the address where it was sent, e.) identify the database or documents that demonstrate these facts and, f.) identify the persons who provided information responsive to this request.

> *NOTE: Please attach hereto a copy of each letter allegedly sent to plaintiff's dispensing health care provider.*

2.    In addition, Merck will identify any Professional Information Request letters that Merck contends or believes were actually sent to the Plaintiff's Prescribing Health Care Provider identified in Section IV.A of Plaintiff's Profile Form within the relevant time period set forth above. Merck will also identify: (a) the date that each letter was sent to Plaintiff's Prescribing Health Care Provider; and (b) the address where each letter was sent.

> *NOTE: Please attach hereto a copy of each letter allegedly sent to plaintiff's dispensing health care provider.*

B.    <u>OTHER CONTACTS</u>

1.    For each prescribing health care provider identified, please identify all contacts between Merck sales representatives and that provider please produce the following information:

| Plaintiffs Dispensing Health Care Provider | Identity and last known address and telephone number Merck representative | The current relationship, if any, between Merck and the sales representative | Date(s) of Contact |
|---|---|---|---|
|  |  |  |  |

2.     For each prescribing health care provider, please state whether Merck or its representatives ever provided him or her (or anyone in their practice) Vioxx samples. If the answer is "yes," please state:

    A)     The number or sample packets provided and the dosages provided;

    B)     The dates that they were shipped and/ or provided;

    C)     The lot numbers for the samples provided on each date identified;

    D)     The identity of the person or persons who provided the samples.

3.     Please identify the person or persons who provided information responsive to Section II or any of its subparts.

C.    <u>Consulting With Plaintiffs Dispensing Health Care Provider</u>

1.     In Section IV(A) of Plaintiff's Profile Form, plaintiff identified his/her prescribing health care provider(s). If you have ever retained any of plaintiff's prescribing health care providers as a member of Merck's Speaker Program, a Merck Clinical Investigator, or a consultant in any other capacity on the subject of pain medications (including Vioxx, Celebrex, Bextra or any other NSAID) or cardiovascular risk, please state

    A)     The identity of the heath care provider consultant:

    _____

    B)     The dates they were affiliated with Merck:

    _____

    C)     The amount of money Merck paid Prescriber and the affiliated entity in which Prescriber practices in expenses, honoraria and fees, per calendar year.

    _____

    D)     Please produce all consulting agreements and contracts.

    E)     Please identify if Prescriber has been designated by Merck as a "thought leader":

       _____       _____

         Yes          No

2.     For each of plaintiff's prescribing healthcare providers identified in section III(A) above, please state whether they were ever invited to attend and/or did in fact attend any Merck sponsored conferences or events. If your answer is "yes," to the extent such information exists, please state:

     A)     The identity of the heath care provider consultant:

_____

     B)     The title, location and date of the speaker's program attended:

_____

     C)     The topic of the speaker's program:

_____

     D)     All speakers at the speaker's program:

_____

     E)     Please provide or identify the agenda/brochure for the conference or program.

_____

3.     Has plaintiffs Prescribing healthcare provider ever contacted you to request information concerning Vioxx, its indications, its effects and/or its risks?

     _____     _____
         Yes              No

If your answer is "yes," please identify by Bates range and attach any document which refers to your communication with plaintiffs Prescribing healthcare provider.

4.     Please identify the person or persons who provided information responsive to Section III or any of its subparts, giving their name, address, telephone number indicating whether said person is currently an employee of Merck and the dates of employment.

## III.    PLAINTIFF'S PRESCRIBING HEALTH CARE PROVIDER'S PRESCRIBING PRACTICES

In Section IV(A) of plaintiff's fact sheet, plaintiff identified his/her Prescribing health care provider(s). For each listed provider, please state and produce the following:

1.    Do you have or have you had access to any database or information which purports to track any of plaintiffs Prescribing healthcare provider's prescribing practices with respect to Vioxx prescribed, the number or prescriptions, the number of refills and the time frame when these products were prescribed or (re) filled)

_____        _____
         Yes                          No

If your answer is "yes," please produce the database or document which captures that information.

## IV.    PLAINTIFF'S MEDICAL CONDITION

1.    Have you been contacted by Plaintiff, any of his/her physicians, or anyone on behalf of plaintiff concerning plaintiff?

_____        _____
         Yes                          No

If your answer is "yes," please a.) state the name of the person(s) who contacted you, b.) state the person(s) who were contacted including their name, address and telephone number and, c.) produce or identify any and all documents which reflect any communication between any person and you concerning plaintiff.

2.    Please produce a copy of any MedWatch form (or electronic E2B-formatted document), which refers or relates to plaintiff, including back-up documentation concerning plaintiff and any evaluation you did concerning the plaintiff.

3.    Please identify the person or persons who provided information responsive to Section IV or any of its subparts.

- 5 -

## V.   **ADVERTISING**

1.   Did you advertise Vioxx in the Media Market that plaintiff lived at the time that he/she took Vioxx?

　　　　　_____　　　　_____
　　　　　　　Yes　　　　　　　No

2.   If your answer to the preceding question is "yes," please identify the identity of the media outlet, and the dates that the advertisements ran.

| Identity of the Advertisement and intended media marketplace | Nature of media (print of television) | Identity of the media outlet | Dates that advertisements ran |
|---|---|---|---|
|  |  |  |  |

*Please provide or identify by Bates range true and accurate copies of any advertisement identified above*

3.   Did you advertise Vioxx in the Media Market that plaintiffs prescribing healthcare provider's office was located at the time that plaintiff took Vioxx?

　　　　　_____　　　　_____
　　　　　　　Yes　　　　　　　No

4.   If your answer to the preceding question is "yes," please identify the identity of the media outlet and the dates that the advertisements ran.

| Identity of the Advertisement and intended media marketplace | Nature of media (print of television) | Identity of the media outlet | Dates that advertisements ran |
|---|---|---|---|
|  |  |  |  |

*Please provide or identify by Bates range true and accurate*
*copies of any advertisement identified above*

## VI.    **DOCUMENTS**

To the extent you have not already done so, please produce a copy of all documents and things that fall into the categories listed below. These include documents in the possession of any of your present and former employees, including information provided to your attorneys:

1.    Any document which relates to or refers to plaintiff.

2.    Any document sent to or received from any of plaintiff's prescribing physicians.

3.    Any document reflecting any actual communication between you and plaintiff's prescribing physician's concerning the risks cardiovascular risks associated with Vioxx.

4.    Any document which purports to describe the prescribing practices of any of plaintiff's prescribing physicians.

5.    Data relating to plaintiff's prescribing physicians from the "call notes" table of the FACTS database.

## **CERTIFICATION**

      I declare under penalty of perjury subject to 28 U.S.C. § 1746 that all of the information provided in this Profile Form is true and correct to the best of my knowledge and that I have supplied all requested documents to the extent that such documents are in my possession, custody and control (including the custody and control of my lawyers).

_____   _____   _____

         Signature                      Print Name                 Date