| **MERCK'S MOTIONS IN LIMINE** | **GRANTED OR DENIED** |
|---|---|
| 1. **Reference to Merck's Defense of Other Vioxx-Related Lawsuits or to the Number of Times Merck Witnesses Have Testified Previously (Rec. Doc. 7444)** | Deferred - likely inadmissible unless witness is being impeached with prior testimony or if issue is made of Plaintiff's experts testifying in other cases |
| Merck has filed a Motion in Limine to exclude improper reference to Merck's defense of other Vioxx-related lawsuits or to the number of times Merck witnesses have testified previously. Merck argues that these references are irrelevant and prejudicial. | |
| 2. **Improper Personal Opinions of David Graham Regarding the Food and Drug Administration (Rec. Doc. 7456)** | Denied - for the reasons stated at the October 12, 2006 hearing |
| Merck has filed a Motion in Limine to exclude improper personal opinions of David Graham regarding the Food and Drug Administration. Merck argues that Dr. Graham's opinions concerning the rules of the FDA and that if more stringent standards were in place the FDA would never have approved Vioxx are irrelevant, misleading, prejudicial, and are not grounded in any established methodology as required by Rule 702. | |
| 3. **Dr. Graham's "Excess Events" Calculation (Rec. Doc. 7464)** | Denied as moot |
| Merck has withdrawn this motion. | |

| | | |
|---|---|---|
| 4. | Testimony or Argument that Merck (1) Could or Should Have Unilaterally Changed the Vioxx Label to Include the VIGOR Data; or (2) "Dragged Its Feet" to Prevent the VIGOR Data From Being Added to the Vioxx Label (Rec. Doc. 7451) | Denied |

Merck has filed a Motion in Limine to exclude testimony or argument that Merck (1) should or could have unilaterally changed the Vioxx label to include the VIGOR data; or (2) "Dragged Its Feet" to prevent the VIGOR data from being added to the Vioxx label. Merck argues that such evidence is irrelevant since Mr. Smith didn't start taking Vioxx until six months after the FDA approved a new Vioxx label incorporating the VIGOR data in April of 2002.

| | | |
|---|---|---|
| 5. | "All-Cause" Mortality Data From Alzheimer's Disease Clinical Trials (Rec. Doc. 7457 & Rec. Doc. 7463); | Denied as moot |

Merck has withdrawn this motion.

| | | |
|---|---|---|
| 6. | Omnibus Motion to Exclude Evidence and Testimony Addressed in Motions Previously Granted by the Court (Rec. Doc. 7458) | |

Merck has filed a Motion in Limine to exclude evidence and testimony on the following issues addressed in motions previously granted by the Court:

| | | |
|---|---|---|
| a. | Communications between Merck and the FDA in 2005 about the potential reintroduction of Vioxx to the market and/or any proposed black box warning. | Granted - 403/407 - might revisit if the issue of ability to reintroduce w/ black box comes up |

| | | |
|---|---|---|
| b. | The Fries Letter and related evidence. | Granted in part - the letter is inadmissible, but some related evidence may be admissible to show action or habit |
| c. | Evidence of Motive and Evidence Relating to the Assets and Profitability of Merck or to the Compensation and Financial Decisions of its Employees | Deferred - may be admissible to show motive |

7. **Omnibus Motion for Order Excluding Evidence and Testimony Raised by Motions Previously Denied by the Court (Rec. Doc. 7462)**

| | | |
|---|---|---|
| a. | Informal Communications from the FDA. | Denied |
| b. | Evidence relating to the "Expression of Concern" published in the *New England Journal of Medicine* in December 2005. | Deferred - probably admissible because of influence and effect of original article on giving treating physicians comfort in prescribing Vioxx |
| c. | Marketing and promotional materials unrelated to Mr. Mason or his prescribers. | Denied |
| d. | Use of adverse event reports and case reports to prove causation or culpability | Denied |
| e. | Unreliable and irrelevant medical and scientific evidence. | Deferred - too broad |
| f. | Testimony of Eric J. Topol, M.D. | Denied |