# EXHIBIT 1

09/27/06      15:12                                                      NO.058   ☐▱☐

# FULBRIGHT & JAWORSKI L.L.P.
### A REGISTERED LIMITED LIABILITY PARTNERSHIP
### 1301 MCKINNEY, SUITE 5100
### HOUSTON, TEXAS 77010-3095
### WWW.FULBRIGHT.COM

KJONES@FULBRIGHT.COM                                    TELEPHONE:    (713) 651-5151
DIRECT DIAL: (713) 651-5440                             FACSIMILE:    (713) 651-5246

September 27, 2006

Mr. Tommy Jacks                                 *Via Certified Mail/RRR*
Mr. Larry Wright                                *and Facsimile*
Mithoff & Jacks, L.L.P.
111 Congress Avenue, Suite 1010
Austin, Texas 78701

Re:   In re: VIOXX Product Liability litigation
      MDL No. 1657, Section L
      Judge Eldon E. Fallon; Magistrate Judge Daniel E. Knowles, III
      Documents related to: *Bauman, et al vs. Merck & Co., Inc.*, No. 05-0562,
      previously filed as 1:04-707; in the Western District of Texas

Dear Counsel:

Merck is hereby notifying you of the unintentional disclosure of a privileged document in its production of the electronically-scanned paper documents of custodian Susan Baumgartner. The document is Bates stamped AFI 0018133-18189.

Please destroy all copies of the inadvertently produced document and delete it from any litigation support or other database. Also, if you have provided copies of the document to any third parties, please make every effort to retrieve the document from such third parties and destroy it.

Please call me or Charlie Deacon (210/270-7133) if you have any questions or would like to discuss these matters further.

Very truly yours,

Kelli Chism Jones

KCJ/mm
cc:   Charlie Deacon (Firm – San Antonio)

31197539.1

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

LARRY LEE BAUMAN,                              §
LISA BAUMAN TOLBERTT,                           §
KELLY BAUMAN MINCHER,                           §
ERNEST CHARLES BAUMAN, III,                     §
MARY CARLA MOSES, and                           §
LESLIE LYNN BAUMAN CLAY,                        §
Individually and as Representatives of the     §      CIVIL ACTION NO. 1:04-CV-707 L Y
ESTATE OF ELSIE GENEVA BAUMAN,                  §
DECEASED                                        §
                                                §
v.                                              §
                                                §
MERCK & CO., INC.                               §

## AGREED PROTECTIVE ORDER

WHEREAS, certain documents and information have been and may be sought, produced or exhibited by and among the parties to the above-styled proceeding (the "proceeding") which relate to documents which defendant Merck & Co., Inc. asserts contain non-publicly available financial information, competitive information, personal information or other kinds of sensitive information which the party making the production deems Confidential; and

WHEREAS, it has been asserted by defendant Merck & Co., Inc., through their counsel, that a protective order preserving the confidentiality of certain documents and information should be entered by the United States District Court for the Western District of Texas, Austin Division, pursuant to Federal Rule of Civil Procedure 26(c); and plaintiffs and defendant Merck & Co., Inc., through counsel, agreeing to the terms herein;

IT HEREBY AGREED AND STIPULATED THAT:

1.      This Protective Order shall govern all documents, the information contained therein, and all other information produced or disclosed during this proceeding,

whether revealed in a document, deposition or other testimony, discovery response or otherwise, by any party to this proceeding (the "Supplying Party") to any other party (the "Receiving Party"), when same is designated in accordance with the procedures set forth herein ("Confidential" or "Confidential Information"). This Protective Order is binding upon the parties to the proceeding, including their respective corporate parents, subsidiaries and affiliates and their respective attorneys, agents, representatives, officers and employees and others as set forth in this Protective Order, including but not limited to those set forth in paragraph 5, *infra*.

2.     Any Supplying Party shall, through counsel, have the right to identify and designate as "Confidential" any document or information it produces or provides (whether pursuant to a discovery request, subpoena or by agreement), or any testimony that the Supplying Party believes in good faith constitutes, reflects, discloses or contains a trade secret, confidential research, personal, commercial, proprietary, or sensitive business information, internal accounting or financial data, or other nonpublic information. The parties can designate information as "Confidential" because it contains a trade secret, only if that information meets one (1) of the following accepted three (3) definitions of trade secret:

A.     The definition adopted by the United States Food and Drug Administration ("FDA"), 21 C.F.R. § 20.61:

> A trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives [one] an opportunity to obtain an advantage over competitors who do not know or use it.

B.     The definition contained in the 4 Restatement (First) of Torts § 757 comment b (1939) which Texas has adopted:

> Definition of trade secret. A trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.

> It may be a formula for a chemical compound, a process of
> manufacturing, treating or preserving materials, a pattern for a
> machine or other device, or a list of customers . . .

or

    C.     The definition contained in the Restatement of Unfair Competition, § 39

(1995):

> A trade secret is any information that can be used in the operation
> of a business or other enterprise and that is sufficiently valuable
> and secret to afford an actual or potential economic advantage over
> others.

The parties can also designate as "Confidential" documents and information

containing confidential research, personal, commercial, proprietary, or sensitive business

information, internal accounting or financial data, or other nonpublic information, including

information that falls in one of the following categories:

    A.     Information protected from disclosure by FDA regulations including, but

not limited to, 21 C.F.R. § 20.63 and 21 C.F.R. § 314.430;

    B.     Information provided to the Supplying Party by third parties with the

expectation that the Supplying Party would keep such information confidential or pursuant to

contracts that expressly require the Supplying Party to maintain the Confidentiality of the

information or that is otherwise protected from disclosure by statute.  3 Roger M. Milgrim,

Milgrim on Trade Secrets § 14.02[4][g][ii][A];

    C.     Names and other identifying information of patients in clinical studies or

adverse event reports as well as the physicians who reported to the Supplying Party adverse

events concerning one of their patients.  21 C.F.R. § 314.430(e)(4) and 21 C.F.R. § 20.63(f);

    D.     Confidential client lists;

E.     Information that is not generally available to the public that relates to consumer purchasing habits, pricing information, sales techniques, or sales volumes that has been compiled by or exclusively for the benefit of the Supplying Party;

F.     Information concerning communications with government agencies or regulatory bodies that the relevant governing agency or body deems Confidential by statute or codified regulation or rule.

Such designation shall be made at the time the information or documents are produced or copied by another party to this action by stamping the legend **"Confidential-Subject to Protective Order;"** provided, however, in the event that a party provides voluminous documents for inspection only, no stamping need be made by the party in advance of the initial inspection; and the following procedure shall apply:  The providing party shall not be considered to have waived the confidential status of documents made available during such an initial inspection, but not chosen by the inspecting party for copying.  Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall, within twenty-one (21) days and prior to providing copies of the selected documents to the requesting party, stamp each page of any document that may contain Confidential Information with the **"Confidential-Subject to Protective Order"** designation.

3.     Any party may request that a document designated as Confidential may be redesignated on a page by page basis.

4.     Information disclosed at a deposition taken in connection with this proceeding may be designated as "Confidential" by:

A.     A Supplying Party designating testimony as "Confidential" on the record during the taking of the deposition, provided that the Supplying Party states on the record the basis for the designation of information as "Confidential"; or

B.     A Supplying Party notifying all other parties in writing, and with specificity as to grounds for claiming Confidentiality, within twenty (20) days of receipt of the transcript of a deposition of specific pages and lines of the transcript which are designated as Confidential, whereupon each party shall attach a copy of such written designation to the face of the transcript and each copy thereof in the party's possession, custody or control.  In the event the Supplying Party designates testimony as Confidential on the record pursuant to subparagraph (A) above, the stenographic employee or court reporter recording or transcribing such testimony will be directed to bind any transcript pages containing Confidential Information separately and apart from the transcript pages containing no such Confidential Information.

5.     Confidential Information shall be disclosed by the Receiving Party only to the following persons:

A.     Outside counsel employed by the Receiving Party or other parties to the proceeding to assist in the proceeding; the attorneys, paralegals and stenographic and clerical employees of such outside counsel; independent contractors who are working on the proceeding and under the direction of such outside counsel and to whom it is necessary that the materials be disclosed for purposes of the proceeding;

B.     In-house counsel employed by the Receiving Party with the responsibility for the proceeding; the attorneys, paralegals and stenographic and clerical employees of such in-house counsel;

C.      Any outside consultant or expert who is assisting a party to the proceeding, or outside counsel to such a party, to whom it is necessary to disclose Confidential Information for the purpose of assisting in, or consulting with respect to the preparation of this proceeding except that document designated as Confidential by plaintiff may be shown to employees of a defendant solely for the purpose of consultation with respect to the litigation;

D.      The Court and any members of its staff to whom it is necessary to disclose Confidential Information for the purpose of assisting the Court in this proceeding; and

E.      Stenographic employees or court reporters recording or transcribing the testimony for the proceeding.

6.      Persons having knowledge of Confidential Information by virtue of their participation in the conduct of the proceeding shall use that Confidential Information only in connection with the prosecution or appeal of the proceeding, and shall neither use such Confidential Information for any other purpose nor disclose such Confidential Information to any person who is not listed in paragraph 5 of this Protective Order.

7.      Disclosure of Confidential Information beyond the terms of this Protective Order may be made only if the Supplying Party consents in writing to such disclosure, or if the Court, after reasonable written notice to all affected parties, orders such disclosure.

8.      Any party which is served with a subpoena or other notice compelling the production of any Confidential Information produced by another party must immediately give written notice of such subpoena or other notice to the original Supplying Party. Upon receiving such notice, the original Supplying Party shall bear the burden to oppose, if it deems appropriate, the subpoena on grounds of confidentiality.

9.    Counsel shall take all reasonable steps to assure the security of any Confidential Information and will limit access to Confidential Information to those persons listed in paragraphs 5 of this Protective Order.

10.    Prior to the disclosure of any Confidential Information to any person identified in paragraph 5, such person shall be provided with a copy of the Protective Order, which he or she shall read and upon reading shall sign a certification, in the form annexed hereto as Exhibit A, acknowledging that he or she has read the Protective Order and shall abide by its terms.  A file of all written acknowledgments by persons who have read this Protective Order and agreed in writing to its terms, or the terms of such "other Court's Order," in the form annexed hereto as Exhibit A, to be bound by its terms, or subject to the terms of another Order governing this subject matter shall be maintained by counsel for the party obtaining them and shall be made available, upon motion to the Court for good cause shown, for inspection by the Court *in camera*.  Persons who come into contact with Confidential Information for clerical or administrative purposes, and who do not retain copies or extracts thereof, are not required to execute acknowledgments.

11.    Any Supplying Party may either make a Confidential Information designation or withdraw a Confidential Information designation from any material that it has produced ("Redesignated Material"); provided, however, that such redesignation shall be effective only as of the date of such redesignation.  Such redesignation shall be accomplished by notifying counsel for each party in writing of such redesignation.  Upon receipt of any such written redesignation, counsel of record shall (i) not make any further disclosure or communication of such Redesignated Material except as provided for in this Protective Order; (ii) take reasonable steps to notify any persons known to have possession of any Redesignated

Material of the treatment of such material required under this Protective Order of such redesignation under this Protective Order; and (iii) promptly endeavor to procure all copies of such Redesignated Material from any persons known to have possession of any such Redesignated Material who are not entitled to receipt under paragraph 5. No redesignation of material produced at least one hundred and twenty (120) days prior to trial shall be allowed in ninety (90) days immediately prior to trial, except by order of the Court. Any party may move for an emergency hearing to contest any redesignation, and it shall be the burden of the party seeking redesignation to prove the Confidential nature of the information, and why the prior disclosure does not operate as a waiver of the Confidential status of the information previously produced. Further, the use of non-"Confidential" designation material by the public media through open access to court records shall prevent any redesignation of any document or information.

12.     Any party may request at any time permission to disclose Confidential Information to a person other than those permitted under paragraph 5, or to use such information in a manner prohibited by this Protective Order, by serving a written request upon the Supplying Party's counsel. Any such request shall state the material the party wishes to disclose, to whom it wishes to make disclosure, and the reasons why the party wishes to disclose the information. The Supplying Party or its counsel shall thereafter respond to the request in writing (by hand delivery, courier or facsimile transmission with confirmation of successful transmission) within ten (10) calendar days of its receipt of such request; and if consent is withheld, it shall state the reasons why consent is being withheld. A failure so to respond within such ten-day (10) period shall constitute consent to the request. If, where consent is withheld, the Requesting Party and the Supplying Party are subsequently unable to agree on the terms and conditions of disclosure,

disclosure may only be made in accordance with the Supplying Party's designation of the material unless and until different treatment is directed pursuant to an Order of the Court.

13.    Any party may object to the propriety of the designation (or redesignation) of specific material as Confidential by serving a written objection upon the Supplying Party's counsel. The Supplying Party or its counsel shall thereafter, within ten (10) calendar days after receipt of the objection, respond (by hand delivery, courier or facsimile transmission with confirmation of successful transmission) to such objection in writing by either (i) agreeing to remove the designation; or (ii) stating the reasons for such designation. If the Objecting Party and the Supplying Party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the Objecting Party shall be free to move the Court for an Order removing or modifying the disputed designation. On such a motion it will be the burden of the party imposing a limitation on circulation of discovery materials to justify that limitation. Pending the resolution of the motion, the material(s) in issue shall continue to be treated in the manner as designated by the Supplying Party until the Court orders otherwise.

14.    Notwithstanding any other provisions herein, nothing in the foregoing shall restrict any party's counsel from rendering advice to its clients with respect to this proceeding and, in the course thereof, relying upon Confidential Information, provided that in rendering such advice, counsel shall not disclose any other party's Confidential Information other than in the manner provided for by this Protective Order.

15.    Inadvertent production of any privileged materials or other materials exempt from production by any party making production of materials in this proceeding shall not be deemed a waiver or impairment of any claim of privilege or exemption (including under the attorney-client privilege or Word Product Doctrine) concerning any such materials or the subject

matter thereof. Each such party reserves the right to redesignate as privileged or exempt any materials that it produced or has already produced. Upon receiving written notice, parties who have received materials redesignated as privileged shall return all copies of such materials and shall attempt to obtain all copies of materials redesignated as privileged which were transmitted to other persons, firms or entities. Notwithstanding the above, a party may retain its copies of such materials during the pendency of any motion challenging the redesignation as long as the motion is made within five (5) days of receipt of notice of redesignation.

16.     Except as agreed in writing by counsel of record, to the extent that any Confidential Information is, in whole or in part, contained in, incorporated in, reflected in, described in or attached to any pleading, motion, memorandum, appendix or other judicial filing, counsel shall file that submission under seal and that document shall be designated and treated as a "Sealed Document." Disclosure of any portion of the transcript of a deposition which reflects or contains Confidential Information shall be subject to the terms of this Protective Order, and if filed with the Court, such portion containing Confidential Information shall be filed as a Sealed Document. All Sealed Documents, filed under seal pursuant to this Protective Order, shall be filed in a sealed envelope and shall remain under seal until such time as this Court, or any Court of competent jurisdiction, orders otherwise. Such Sealed Documents shall be identified with the caption of this action and a general description of the sealed contents and shall bear the following statement which shall also appear on the sealed envelope:

CONFIDENTIAL

Contents herein are Confidential and are subject to an order of the
United States District Court for the Western District of Texas,
Austin Division, governing the use and dissemination of such
contents.

The front page of each document to which this paragraph applies shall bear the words "FILED

AS A SEALED DOCUMENT," in all capital letters, and conspicuously placed under the Civil

Action File Number.

17.     Confidential Information shall not lose its Confidential or restricted status

through such use, and counsel shall exercise their best efforts and take all steps reasonably

required to protect its Confidentiality and restricted status during such use.

18.     Nothing herein shall be construed to affect in any manner the admissibility

at trial of any document, testimony or other evidence.

19.     Upon the conclusion of this proceeding, including any appeals related

thereto, at the written request and option of the Supplying Party, all Confidential Information and

any and all copies, summaries, notes, compilations (electronic or otherwise) and memoranda

related thereto, shall be returned within sixty (60) calendar days to the Supplying Party,

provided, however, that counsel may retain their Work Product and all Court-filed documents,

including exhibits, even though they contain Confidential Information, but such retained Work

Product and court-filed documents shall remain subject to the terms of this Protective Order,

unless otherwise ordered by the Court. At the written request of the Supplying Party, any person

or entity having custody or control of recordings, notes, memoranda, summaries or other written

materials, and all copies thereof, relating to or containing Confidential Information shall deliver

to the Supplying Party an affidavit certifying that reasonable efforts have been made to assure

that all such Confidential Information and any copies thereof, any and all records, notes,

memoranda, summaries or other written material regarding the Confidential Information (except for attorney Work Product, consulting expert Work Product, and Court-filed documents as stated above), have been delivered in accordance with the terms of this Protective Order.

20.    If Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall immediately upon learning of such disclosure inform the Supplying Party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

21.    In the event of a proven violation of this Protective Order by any of the parties in this action or others designated in Paragraph 5 hereof, all parties acknowledge that the offending party or persons may be subject to sanctions determined in the discretion of this Court.

22.    The parties and each person signing the certification attached as Exhibit A submit to the personal jurisdiction of this Court for the purposes of enforcement of this Order, either prior to or following the completion of this action.  Jurisdiction of this action is to be retained by this Court after final determination for purposes of enabling any party or persons affected by this Order to apply to this Court at any time for such direction or further decree as may be appropriate for the construction or enforcement of this Order or for such additional relief as may become appropriate.

23.    Counsel for a party may show documents designated as Confidential to a deponent who is a party or who has previously executed, or contemporaneously executes, this Protective Order or Certification acknowledging the existence of the Protective Order and obligation to maintain confidentiality.   If a Receiving Party desires to use Confidential Information produced by a Supplying Party in the examination of a Non-Supplying Party or its

representatives, the Receiving Party shall give the Supplying Party five (5) business days notice of the intent to use such information. Where Confidential Information is shown to a deponent during a deposition, such document(s) or information will remain Confidential and any portions of the deposition transcript involving such Confidential Information will be designated as Confidential. Any party objecting to the designation of a document as Confidential may apply to the Court for a ruling that the document is not entitled to protection under this Order. Pending a ruling by the Court on the motion, the terms of this Protective Order shall remain in effect.

24.     Subject to the Federal Rules of Evidence, Confidential Information may be offered into evidence at trial or any Court hearing, but the parties reserve their right to seek a Court Order protecting against disclosure of Confidential documents. Such a motion must be made at a time prior to the anticipated use of any such document, and only with regard to documents which have previously been designated as "Confidential." Any party may move the Court for an Order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such Confidential Information at trial.

25.     Nothing contained in this Protective Order shall preclude any party from using its own Confidential Information in any manner it sees fit, without prior consent of any party or the Court.

26.     Supplying Parties producing documents containing the names and other identifying information of patients in clinical studies or adverse event reports as well as information that 21 C.F.R. § 20.63(f) forbids the Supplying Party from producing shall redact

such information.  The Supplying Party agrees to give notice of type of information it redacted either by producing a log of such redacted documents or by other written disclosure.

29.     It is expressly understood by and among the parties that in producing Confidential Information in this litigation, the parties shall be relying upon the terms and conditions of this Order.

28.     By written agreement of the parties, or upon motion and Order of the Court, the terms of this Protective Order may be amended or modified.  This Protective Order shall continue in force until amended or superseded by express Order of the Court, and shall survive any final judgment or settlement in this proceeding.

29.     The entry of this Protective Order does not prevent any party from seeking a further Order of this Court pursuant to Rules 26(c) of the Federal Rules of Civil Procedure.


IT IS SO ORDERED.


SIGNED on this _____ day of _____, 2005.

_____
UNITED STATES DISTRICT JUDGE

STIPULATED AND AGREED:


*Richard L. Josephson /m*

Richard L. Josephson
State Bar No. 11031500
Travis J. Sales
State Bar No. 17532080
Maryanne Lyons
State Bar No. 00787937
BAKER BOTTS L.L.P.
910 Louisiana
Houston, Texas 77002
Telephone: (713) 229-1234
Telecopy: (713) 229-1522

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004
(212) 837-6000

ATTORNEYS FOR MERCK & CO., INC.

STIPULATED AND AGREED:


Tommy Jacks
State Bar No. 10452000
Larry Wright
State Bar No. 22038500
Mithoff & Jacks, L.L.P.
111 Congress Avenue, Suite 1010
Austin, Texas 78701
Telephone: (512) 478-4422
Fax: (512) 478-5015

ATTORNEYS FOR PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

LARRY LEE BAUMAN,                          §
LISA BAUMAN TOLBERTT,                       §
KELLY BAUMAN MINCHER,                       §
ERNEST CHARLES BAUMAN, III,                 §
MARY CARLA MOSES, and                       §
LESLIE LYNN BAUMAN CLAY,                    §      CIVIL ACTION NO. 1:04-CV-707 L Y
Individually and as Representatives of the  §
ESTATE OF ELSIE GENEVA BAUMAN,              §
DECEASED                                    §
                                            §
v.                                          §
                                            §
MERCK & CO., INC.                           §                    *

## EXHIBIT A

I, the undersigned, have read the Protective Order and agree to be bound by its Terms. I

understand that any unauthorized disclosure of information designated "CONFIDENTIAL"

constitutes a violation of this Order and consent to the exercise of personal jurisdiction by this

Court with respect to such violation and acknowledge that the Court has the authority to impose

appropriate sanctions, including monetary sanctions, for violation of this Order.


_____
Signature


_____
Printed Name


_____
Date

# EXHIBIT 3 TO PLAINTIFFS' MOTION CHALLENGING DEFENDANTS' SEPTEMBER 27, 2006 REDESIGNATION OF DOCUMENTS AS "PRIVILEGED"

## <u>SEALED</u>