| | |
|---|---|
| In re: VIOXX       * | |
|       * | **MDL Docket No. 1657** |
| **MARKETING, SALES**      * | |
| **PRACTICES, AND PRODUCTS** * | **SECTION L** |
| **LIABILITY LITIGATION**     * | |
|       * | **JUDGE FALLON** |
|       * | |
| This document relates to: *Morrison v. Merck &*   * | **MAG. JUDGE** |
| *Co., Inc.*, (E.D. La. Index No. 06-4216)    * | **KNOWLES** |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through counsel, answers Plaintiff's Complaint as follows:

## PARTIES

1.   As to Paragraph 1 of the Complaint, Merck is without information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

2.   As to Paragraph 2 of the Complaint, Merck is without information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

3.   As to Paragraph 3 of the Complaint, Merck is without information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

4.   The allegations contained in Paragraph 4 of the Complaint are legal conclusions to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said Paragraph.

5.      As to Paragraph 5 of the Complaint, Merck admits the allegations of this Paragraph.

## JURISDICTION & VENUE

6.      The allegations contained in Paragraph 6 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in said Paragraph except admits that there is diversity between the parties and that plaintiff purports to put more than $75,000 in controversy, but denies there is any legal or factual basis for relief.

7.      The allegations contained in Paragraph 7 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in said Paragraph.

8.      The allegations contained in Paragraph 8 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in said Paragraph.

## GENERAL ALLEGATIONS

9.      As to Paragraph 9 of the Complaint, Merck is without information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

10.     As to Paragraph 10 of the Complaint, Merck denies each and every allegation contained therein.

11.     As to Paragraph 11 of the Complaint, Merck is without information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

12.     As to Paragraph 12 of the Complaint, Merck is without information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

13.     As to Paragraph 13 of the Complaint, Merck denies each and every allegation contained therein.

14.     As to Paragraph 14 of the Complaint, Merck denies each and every allegation contained therein.

15.     As to Paragraph 15 of the Complaint, Merck denies each and every allegation contained therein except admits Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the market on September 30, 2004.

16.     As to Paragraph 16, Merck denies each and every allegation contained therein except admits Vioxx is part of a class of drugs known as non-steroidal anti-inflammatory drugs (NSAIDs) and that Merck manufactured, marketed, and distributed the prescription medicine Vioxx which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxgenase-2 (Cox-2).

17.     As to Paragraph 17 of the Complaint, Merck denies each and every allegation contained therein except admits Vioxx is part of a class of drugs known as non-steroidal anti-inflammatory drugs (NSAIDs) and that Merck manufactured, marketed, and distributed the prescription medicine Vioxx which reduces pain and inflammation and that the mechanism of

action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxgenase-2 (Cox-2).

18.     As to Paragraph 18 of the Complaint, Merck denies each and every allegation contained therein except admits Vioxx is part of a class of drugs known as non-steroidal anti-inflammatory drugs (NSAIDs) and that Merck manufactured, marketed, and distributed the prescription medicine Vioxx which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxgenase-2 (Cox-2).

19.     As to Paragraph 19 of the Complaint, Merck denies each and every allegation contained therein except admits Vioxx is part of a class of drugs known as non-steroidal anti-inflammatory drugs (NSAIDs) and that Merck manufactured, marketed and distributed the prescription medicine Vioxx which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxgenase-2 (Cox-2).

20.     As to Paragraph 20 of the Complaint, Merck denies each and every allegation in this Paragraph except admits that Merck sought, and in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx subject to information contained in the FDA approved prescribing information for Vioxx, that the prescribing information speaks for itself, and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

21.    As to Paragraph 21 of the Complaint, Merck denies each and every allegation contained therein and Merck further avers that the FDA approved Vioxx as safe and effective for certain indicated uses subject to the information contained in the FDA approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

22.    As to Paragraph 22 of the Complaint, Merck denies each and every allegation contained therein and avers that in March 2000 Merck forwarded to the FDA the Vioxx Gastrointestinal Outcomes Research (VIGOR) study and subsequently, in June 2000, filed a supplemental New Drug Application (sNDA) that included the VIGOR study. Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.

23.    As to Paragraph 23 of the Complaint, Merck denies each and every allegation contained therein.

24.    As to Paragraph 24 of the Complaint, Merck denies each and every allegation contained therein.

25.    As to Paragraph 25 of the Complaint, Merck denies each and every allegation contained therein except admits that in 2000 Vioxx achieved worldwide sales of $2.2 billion and admits that the referenced 8-K filing exists and respectfully refers the Court to said filing for its actual language and full text.

26.    As to Paragraph 26 of the Complaint, Merck denies each and every allegation except admits that an audio conference regarding Vioxx took place on June 21, 2000, and that

the referenced articles exist and respectfully refers the Court to those articles for their actual language and full text.

27.     As to Paragraph 27 of the Complaint, Merck denies each and every allegation contained therein except admits that the referenced article exists and respectfully refers the Court to the referenced document for its actual language and full text.

28.     As to Paragraph 28 of the Complaint, Merck denies each and every allegation contained therein except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

29.     As to Paragraph 29 of the Complaint, Merck denies each and every allegation contained therein except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

30.     As to Paragraph 30 of the Complaint, Merck denies each and every allegation contained therein except admits the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

31.     As to Paragraph 31 of the Complaint, Merck denies each and every allegation contained therein except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

32.     As to Paragraph 32 of the Complaint, Merck denies each and every allegation contained therein.

33.     As to Paragraph 33 of the Complaint, Merck denies each and every allegation contained therein.

34.     As to Paragraph 34 of the Complaint, Merck denies each and every allegation contained therein except admits that on September 27, 2004, Merck contacted the FDA and advised the FDA that the approved clinical trial had been halted. Merck further admits that on September 28, 2004, Merck informed FDA officials of Merck's decision to voluntarily withdraw Vioxx from the worldwide market.

35.     As to Paragraph 35 of the Complaint, Merck denies each every allegation contained therein.

36.     As to Paragraph 36 of the Complaint, Merck denies each every allegation contained therein.

37.     As to Paragraph 37 of the Complaint, Merck denies each every allegation contained therein.

38.     As to Paragraph 38 of the Complaint, Merck denies each every allegation contained therein.

39.     As to Paragraph 39 of the Complaint, Merck denies each every allegation contained therein.

40.     As to Paragraph 40 of the Complaint, Merck denies each every allegation contained therein.

41.     As to Paragraph 41 of the Complaint, Merck denies each every allegation contained therein.

42.     As to Paragraph 42 of the Complaint, Merck denies each every allegation contained therein.

43.     As to Paragraph 43 of the Complaint, Merck denies each every allegation contained therein.

44.     As to Paragraph 44 of the Complaint, Merck denies each every allegation contained therein.

45.     As to Paragraph 45 of the Complaint, Merck denies each every allegation contained therein.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### (PRODUCTS LIABILITY – DESIGN)

46.     As to Paragraph 46 of the Complaint, Merck incorporates by reference its answers to the preceding paragraphs of the Complaint 1 through 45.

47.     As to Paragraph 47 of the Complaint, Merck denies each and every allegation contained therein.

48.     As to Paragraph 48 of the Complaint, Merck denies each and every allegation contained therein.

49.     As to Paragraph 49 of the Complaint, Merck denies each and every allegation contained therein.

## SECOND CLAIM FOR RELIEF

## (PRODUCTS LIABILITY – MANUFACTURE)

50.     As to Paragraph 50 of the Complaint, Merck incorporates by reference its answers to the preceding paragraphs of the Complaint 1 through 49.

51.     As to Paragraph 51 of the Complaint, Merck denies each and every allegation contained therein.

52.     As to Paragraph 52 of the Complaint, Merck denies each and every allegation contained therein.

53.     As to Paragraph 53 of the Complaint, Merck denies each and every allegation contained therein.

## THIRD CLAIM FOR RELIEF

## (PRODUCTS LIABILITY – FAILURE TO WARN)

54.     As to Paragraph 54 of the Complaint, Merck incorporates by reference its answers to the preceding paragraphs of the Complaint 1 through 53.

55.     As to Paragraph 55 of the Complaint, Merck denies each and every allegation contained therein.

56.     As to Paragraph 56 of the Complaint, Merck denies each and every allegation contained therein.

57.     As to Paragraph 57 of the Complaint, Merck denies each and every allegation contained therein.

## FOURTH CLAIM FOR RELIEF

### (NEGLIGENCE)

58.     As to Paragraph 58 of the Complaint, Merck incorporates by reference its answers to the preceding paragraphs of the Complaint 1 through 57.

59.     As to Paragraph 59 of the Complaint, the allegations contained therein call for a legal conclusion and do not require a responsive pleading from Merck. To the extent the allegations in this paragraph require a responsive pleading from Merck, those allegations are denied.

60.     As to Paragraph 60 of the Complaint, Merck denies each and every allegation contained therein.

61.     As to Paragraph 61 of the Complaint, Merck denies each and every allegation contained therein.

## FIFTH CLAIM FOR RELIEF

### (NEGLIGENCE *PER SE*)

62.     As to Paragraph 62 of the Complaint, Merck incorporates by reference its answers to the preceding paragraphs of the Complaint 1 through 61.

63.     As to Paragraph 63 of the Complaint, the allegations contained therein call for a legal conclusion and do not require a responsive pleading from Merck. To the extent the allegations in this paragraph require a responsive pleading from Merck, those allegations are denied.

64.    As to Paragraph 64 of the Complaint, Merck denies each and every allegation contained therein.

65.    As to Paragraph 65 of the Complaint, Merck denies each and every allegation contained therein.

66.    As to Paragraph 66 of the Complaint, Merck denies each and every allegation contained therein.

## SIXTH CLAIM FOR RELIEF

### (NEGLIGENT MISREPRESENTATION)

67.    As to Paragraph 67 of the Complaint, Merck incorporates by reference its answers to the preceding paragraphs of the Complaint 1 through 66.

68.    As to Paragraph 68 of the Complaint, Merck denies each and every allegation contained therein.

69.    As to Paragraph 69 of the Complaint, Merck denies each and every allegation contained therein.

70.    As to Paragraph 70 of the Complaint, Merck denies each and every allegation contained therein.

71.    As to Paragraph 71 of the Complaint, Merck denies each and every allegation contained therein.

72.    As to Paragraph 72 of the Complaint, Merck denies each and every allegation contained therein.

## SEVENTH CLAIM FOR RELIEF

## (BREACH OF IMPLIED WARRANTY)

73.     As to Paragraph 73 of the Complaint, Merck incorporates by reference its answers to the preceding paragraphs of the Complaint 1 through 72.

74.     As to Paragraph 74 of the Complaint, Merck denies each and every allegation contained therein.

75.     As to Paragraph 75 of the Complaint, the allegations contained therein call for a legal conclusion and do not require a responsive pleading from Merck.  To the extent the allegations contained in this paragraph require a responsive pleading by Merck, those allegations are denied.

76.     As to Paragraph 76 of the Complaint, Merck denies each and every allegation contained therein.

77.     As to Paragraph 77 of the Complaint, Merck denies each and every allegation contained therein.

78.     As to Paragraph 78 of the Complaint, Merck denies each and every allegation contained therein.

## EIGHTH CLAIM FOR RELIEF

## (BREACH OF EXPRESS WARRANTY)

79.     As to Paragraph 79 of the Complaint, Merck incorporates by reference its answers to the preceding paragraphs of the Complaint 1 through 78.

80.     As to Paragraph 80 of the Complaint, Merck denies each and every allegation contained therein.

81.     As to Paragraph 81 of the Complaint, Merck denies each and every allegation contained therein.

82.     As to Paragraph 82 of the Complaint, Merck denies each and every allegation contained therein.

83.     As to Paragraph 83 of the Complaint, Merck denies each and every allegation contained therein.

84.     As to Paragraph 84 of the Complaint, Merck denies each and every allegation contained therein.

## NINTH CLAIM FOR RELIEF

### (FRAUD)

85.     As to Paragraph 85 of the Complaint, Merck incorporates by reference its answers to the preceding paragraphs of the Complaint 1 through 84.

86.     As to Paragraph 86 of the Complaint, Merck denies each and every allegation contained therein.

87.     As to Paragraph 87 of the Complaint, Merck denies each and every allegation contained therein.

88.     As to Paragraph 88 of the Complaint, Merck denies each and every allegation contained therein.

89.     As to Paragraph 89 of the Complaint, Merck denies each and every allegation contained therein.

90.     As to Paragraph 90 of the Complaint, Merck denies each and every allegation contained therein.

### TENTH CLAIM FOR RELIEF

### (FRAUDULENT CONCEALMENT)

91.     As to Paragraph 91 of the Complaint, Merck incorporates by reference its answers to the preceding paragraphs of the Complaint 1 through 90.

92.     As to Paragraph 92 of the Complaint, Merck denies each and every allegation contained therein.

93.     As to Paragraph 93 of the Complaint, Merck denies each and every allegation contained therein.

94.     As to Paragraph 94 of the Complaint, Merck denies each and every allegation contained therein.

95.     As to Paragraph 95 of the Complaint, the allegations contained therein call for a legal conclusion and do not require a responsive pleading from Merck.  To the extent the allegations contained in this paragraph require a responsive pleading by Merck, those allegations are denied.

96.     As to Paragraph 96 of the Complaint, Merck denies each and every allegation contained therein.

97.     As to Paragraph 97 of the Complaint, Merck denies each and every allegation contained therein.

98.     As to Paragraph 98 of the Complaint, Merck denies each and every allegation contained therein.

### ELEVENTH CLAIM FOR RELIEF

### (WYOMING CONSUMER PROTECTION ACT

### W.S. §42-12-101 ET SEQ.)

99.     As to Paragraph 99 of the Complaint, Merck incorporates by reference its answers to the preceding paragraphs of the Complaint 1 through 98.

100.     As to Paragraph 100 of the Complaint, the allegations contained therein call for a legal conclusion and do not require a responsive pleading from Merck.  To the extent the allegations contained in this paragraph require a responsive pleading by Merck, those allegations are denied.

101.     As to Paragraph 101 of the Complaint, the allegations contained therein call for a legal conclusion and do not require a responsive pleading from Merck.  To the extent the allegations contained in this paragraph require a responsive pleading by Merck, those allegations are denied.

102.     As to Paragraph 102 of the Complaint, the allegations contained therein call for a legal conclusion and do not require a responsive pleading from Merck.  To the extent the allegations contained in this paragraph require a responsive pleading by Merck, those allegations are denied.

103.    As to Paragraph 103 of the Complaint, the allegations contained therein call for a legal conclusion and do not require a responsive pleading from Merck. To the extent the allegations contained in this paragraph require a responsive pleading by Merck, those allegations are denied and further deny Merck's actions constitute a Deceptive Trade Practice under the Act.

104.    As to Paragraph 104 of the Complaint, Merck denies each and every allegation contained therein.

105.    As to Paragraph 105 of the Complaint, the allegations contained therein call for a legal conclusion and do not require a responsive pleading from Merck. To the extent the allegations contained in this paragraph require a responsive pleading by Merck, those allegations are denied and further deny Merck's actions constitute a Deceptive Trade Practice under the Act.

106.    As to Paragraph 106 of the Complaint, Merck denies each and every allegation contained therein.

107.    As to Paragraph 107 of the Complaint, Merck denies each and every allegation contained therein.

108.    As to Paragraph 108 of the Complaint, Merck denies each and every allegation contained therein.

## TWELFTH CLAIM FOR RELIEF

### (OUTRAGEOUS CONDUCT)

109.    As to Paragraph 109 of the Complaint, Merck incorporates by reference its answers to the preceding paragraphs of the Complaint 1 through 108.

110.     As to Paragraph 110 of the Complaint, Merck denies each and every allegation contained therein.

111.     As to Paragraph 111 of the Complaint, Merck denies each and every allegation contained therein.

112.     As to Paragraph 112 of the Complaint, Merck denies each and every allegation contained therein.

### THIRTEENTH CLAIM FOR RELIEF

### (WRONGFUL DEATH (W.S. § 1-38-101 ET SEQ.))

113.     As to Paragraph 113 of the Complaint, Merck incorporates by reference its answers to the preceding paragraphs of the Complaint 1 through 112.

114.     As to Paragraph 114 of the Complaint, Merck denies each and every allegation contained therein.

115.     As to Paragraph 115 of the Complaint, Merck is without information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

116.     As to Paragraph 116 of the Complaint, Merck is without information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

117.     As to Paragraph 117 of the Complaint, Merck denies each and every allegation contained therein.

### GENERAL DENIAL

Merck denies any and all allegations contained in Plaintiff's Complaint that are not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Further answering and by way of affirmative defenses, Merck alleges as follows:

118.     Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

119.     The Complaint fails to state a claim upon which relief can be granted.

120.     Each and every claim asserted or raised in the Complaint is barred by the doctrine of estoppel, waiver, or statutory and regulatory compliance.

121.     If plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

122.     To the extent that plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United State Constitution.

123.     To the extent that plaintiff asserts claims based upon an alleged failure by Merck to warn plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

124.     If plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured plaintiff or the Decedent.

125.    Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence.

126.    If plaintiff sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Decedent or plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

127.    If plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

128.    If plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately cause by Decedent's misuse or abuse of Vioxx.

129.    If plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries and losses resulted from Decedent's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, idiosyncratic reaction, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

130.    To the extent that plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because

the alleged warranties were disclaimed or have been subsumed by the Wyoming Uniform Commercial Code §34-1-2-313 (WS) et seq.

131.     Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. §301.

132.     Plaintiff's claims are barred in whole or in part by the First Amendment.

133.     Plaintiff's claims are barred in whole or in part because plaintiff lacks capacity and/or standing to bring such claims.

134.     Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

135.     To the extent that plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would, if granted, violate Merck's state and federal constitutional rights and are not permitted by Wyoming law.

136.     To the extent that plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

137.     Plaintiff's demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. §301.

138.     Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

139.     Plaintiff's claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation plaintiff alleges Decedent to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

140.     Plaintiff's claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

141.     Plaintiff's claims are barred in whole or in part under comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

142.     This case is more appropriately brought in a different venue.

143.     Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).

144.     There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

145.     Plaintiff has suffered no damage to business or property and therefore cannot state a Wyoming Consumer Protection Act claim and plaintiff's claim is barred by the failure to provide timely and/or proper notice required under the Act and by the failure to comply with the statute of limitations established in the Act.

146.     Plaintiff's claims are barred in whole or in part by failure to mitigate damages.

147.    Plaintiff's claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

148.    All activities of Merck as alleged in the complaint were expressly authorized and/or regulated by a government agency. Therefore, plaintiff's claims pertaining to unfair or deceptive practices are barred, including those related to the Wyoming Consumer Protection Act in accordance with §40-12-110 (WS).

149.    With respect to every cause of action, plaintiff is not entitled to recover for breach of warranty because warranty claims have been subsumed by the Wyoming Uniform Commercial Code §34.1-2-313 (WS) et seq.

150.    With respect to each and every cause of action, plaintiff is not entitled to recover because if the products involved were unsafe, which Merck denies, then they were unavoidably unsafe as defined in Restatement of Torts. The apparent benefits of the products exceeded any apparent risk given the scientific knowledge available when the products were marketed.

151.    The conduct and activities of Merck with respect to the products which are the subject matter of this action were fair and truthful based upon the state of the knowledge and existing at the relevant time alleged in the plaintiff's complaint, and therefore, plaintiff's claims under the Wyoming Consumer Protection Act are barred.

152.    Merck's advertisements and labeling with respect to the products which are the subject matter of this action were not false or misleading and, therefore, constitute protected

commercial speech under the applicable provisions of the United States and Wyoming Constitution.

153.    The public interest and benefit and the availability of such products which are the subject matter of this action preclude liability for risks, if any, resulting from such activities, which were unavoidable given the state of human knowledge at the time those activities were undertaken. With respect to plaintiff's claims, if it is determined there is a risk inherent in any of the products which are the subject matter of this action, then such risk, if any, is outweighed by the benefit of the product(s).

154.    At all times relevant herein, any product(s) which are the subject matter of this action processed and distributed by Merck in the State of Wyoming or the United States were processed and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further were processed and distributed in accordance with and pursuant to all applicable regulations of the federal Food and Drug Administration.

155.    With respect to each and every purported cause of action in plaintiff's complaint, plaintiff is barred by lack of privity with Merck.

156.    With respect to each and every purported cause of action, the acts of Merck were at all times done in good faith and without malice, evidenced by, among other things, Merck's immediate withdrawal from the market of the product which is the subject matter of this action.

157.    To the extent there were any risks associated with the use of product which is the subject matter of this action which Merck knew or should have known and which gave rise to

a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

158.     The injuries, damages and/or loss claimed by plaintiff, if any, were caused in whole or in part by the acts or omissions of persons other than Merck, over whom Merck had no control. Any recovery by plaintiff should be apportioned in direct proportion to such fault in accordance with applicable law.

Merck hereby gives notice that it intends to rely upon such other defenses that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana or that may become available or appear during discovery or trial in this case. Merck hereby reserves the right to amend its answer to assert any such defenses.

WHEREFORE, Merck prays that Plaintiff take nothing by way of her Complaint.

DATED:  October ___, 2006

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361

*Defendant's Liaison Counsel*

Paula A. Fleck
HOLLAND & HART LLP
Suite 200
25 South Willow Street
Jackson Hole, Wyoming  83001
Mailing Address
P.O. Box 68
Jackson Hole, Wyoming  83001
Phone: (307) 739-9741
Fax: (307) 739-9744

*Attorney for Merck & Co., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 20th day of October, 2006.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel