**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to:  Duain W. Hogue | * | JUDGE FALLON |
| v. Merck & Co., Inc., 06-8397 | * | |
| | * | MAG. JUDGE KNOWLES |
| | * | |
| * * * * * * * * * * * * * * * * * * * * | | JURY TRIAL DEMANDED |

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by its undersigned attorney, answers the plaintiff's Complaint ("Complaint") in each and every count thereof, separately and severally, as follows:

1.       Merck denies each and every allegation set forth in paragraph 1 of the Complaint, except admits that Plaintiff purports to bring claims for Strict Product Liability, Failure to Warn, Negligence, Fraud and Misrepresentation, violation of the Oklahoma Consumer Protection and Deceptive Trade Practices Acts, and Breach of Warranty, but denies that there is any legal or factual basis for any of the relief sought. Merck further admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and admits Vioxx is the brand name for rofecoxib.

## RESPONSE TO "JURISDICTION"

2.       With regard to the allegations set forth in paragraph 2 of the Complaint, Merck admits that diversity of citizenship exists and that Plaintiff's claims put more than $75,000.00 in controversy, but denies that there is any legal or factual basis for relief.

3.      The allegations set forth in the first sentence of paragraph 3 of the Complaint are legal conclusions to which no response is required.  Should a response be deemed required, Merck denies same and specifically denies that venue is proper in this case. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the second sentence of paragraph 3 of the Complaint concerning Plaintiff's citizenship. Merck denies each and every remaining allegation of the second sentence of paragraph 3, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and admits that Merck is authorized to do business in Oklahoma.

## RESPONSE TO "PARTIES"

4.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence of paragraph 4 of the Complaint.  Merck denies each and every allegation set forth in the second sentence of said paragraph, except admits that Plaintiff purports to bring a claim for personal injury, but denies that Plaintiff sustained any damages as a result of Vioxx and denies that there is any legal or factual basis for any of the relief sought.

5.      Merck denies each and every allegation set forth in paragraph 5 of the Complaint except admits that Merck is a New Jersey corporation with its principal place of business in New Jersey.

## RESPONSE TO "SUBSTANTIVE ALLEGATIONS"

6.      Merck denies each and every allegation set forth in the first sentence of paragraph 6 of the Complaint, except admits that Vioxx is part of a class of medicines known as non-steroidal anti-inflammatory medications ("NSAIDs"), that Vioxx reduces pain and inflammation, and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis

2

via inhibition of an enzyme known as cyclooxygenase-2 (COX-2). Merck denies each and every allegation set forth in the second sentence of said paragraph, except admits that Vioxx is a selective NSAID and that the inhibition of cyclooxygenase-1 (COX-1) in patients taking traditional non-selective NSAIDs such as naproxen is believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs. Merck denies each and every allegation set forth in the third and fourth sentences of paragraph 6 of the Complaint, except admits that the United States Food and Drug Administration ("FDA") approved Vioxx as safe and effective for certain indicated uses in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

7.      Merck denies each and every allegation set forth in paragraph 7 of the Complaint, except admits that, until Merck announced the voluntary withdrawal of Vioxx on September 30, 2004, it marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information in the FDA-approved prescribing information and admits that Vioxx was prescribed to millions of patients by health care providers.

8.      Merck denies each and every allegation set forth in the first sentence of paragraph 8 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and a so-called "Dear Doctor" letter, and respectfully refers the Court to the referenced prescribing information for Vioxx and the "Dear Doctor" letter for their actual language and full text. Merck denies all remaining allegations set forth in paragraph 8 of the Complaint, and avers that in March 2000 Merck forwarded to the FDA the Vioxx Gastrointestinal Outcomes Research (VIGOR) study and subsequently, in June 2000, filed a

supplemental New Drug Application (sNDA) that included the VIGOR study. Merck respectfully refers the Court to the referenced study and sNDA for their actual language and full text.

9.     Merck denies each and every allegation set forth in paragraph 9 of the Complaint.

10.    Merck denies each and every allegation contained in paragraph 10 of the Complaint except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

11.    Merck denies each and every allegation set forth in paragraph 11 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

12.    Merck denies each and every allegation set forth in paragraph 12 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

13.    Merck denies each and every allegation set forth in paragraph 13 of the Complaint, except admits that the referenced testimony exists and respectfully refers the Court to said testimony for its actual language and full text.

14.    Merck denies each and every allegation set forth in paragraph 14 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and admits Vioxx is the brand name for rofecoxib.

15.    Merck denies each and every allegation set forth in paragraph 15 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine

Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and admits that Merck is authorized to do business in Oklahoma.

16.     Merck denies each and every allegation set forth in paragraph 16 of the Complaint.

17.     Merck denies each and every allegation set forth in paragraph 17 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

18.     Merck denies each and every allegation set forth in paragraph 18 of the Complaint.

19.     Merck denies each and every allegation set forth in paragraph 19 of the Complaint.

20.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 20 of the Complaint.

21.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 21 of the Complaint.

22.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 22 of the Complaint.

23.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 23 of the Complaint.

## RESPONSE TO "COUNT I
## STRICT PRODUCT LIABILITY – DEFECTIVE DESIGN"

24.     With respect to the allegations set forth in paragraph 24 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in

paragraphs 1 through 23 of this Answer with the same force and effect as though set forth here in full.

25.     Merck states that the allegations set forth in paragraph 25 of the Complaint are legal conclusions to which no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in paragraph 24 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

26.     Merck denies each and every allegation set forth in paragraph 26 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

27.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 27 of the Complaint.

28.     Merck denies each and every allegation set forth in paragraph 28 of the Complaint, including subparts (a) through (e).

29.     Merck denies each and every allegation set forth in paragraph 29 of the Complaint.

30.     Merck denies that Plaintiff is entitled to the relief requested in paragraph 30 of the Complaint, except admits that Plaintiff is entitled to a trial by jury.

**RESPONSE TO "COUNT II
<u>FAILURE TO WARN"</u>**

31.     With respect to the allegations set forth in paragraph 31 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in

paragraphs 1 through 30 of this Answer with the same force and effect as though set forth here in full.

32.     Merck denies each and every allegation set forth in paragraph 32 of the Complaint.

33.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 33 of the Complaint.

34.     Merck denies each and every allegation set forth in paragraph 34 of the Complaint.

35.     Merck states that the allegations set forth in paragraph 35 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

36.     Merck denies each and every allegation set forth in paragraph 36 of the Complaint.

37.     Merck states that the allegations set forth in paragraph 37 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph, and specifically denies that Merck breached any duty to plaintiff.

38.     Merck denies each and every allegation set forth in paragraph 38 of the Complaint.

39.     Merck denies that Plaintiff is entitled to the relief requested in paragraph 39 of the Complaint, except admits that Plaintiff is entitled to a trial by jury.

**RESPONSE TO "COUNT III
NEGLIGENCE"**

40.     With respect to the allegations set forth in paragraph 40 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 39 of this Answer with the same force and effect as though set forth here in full.

41.     Merck denies each and every allegation set forth in paragraph 41 of the Complaint.

42.     Merck states that the allegations set forth in paragraph 42 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph, and specifically denies that Merck breached any duty to plaintiff.

43.     Merck denies each and every allegation set forth in paragraph 43 of the Complaint, including subparts (a) through (f).

44.     Merck denies each and every allegation set forth in paragraph 44 of the Complaint.

45.     Merck denies each and every allegation set forth in paragraph 45 of the Complaint.

46.     Merck denies that Plaintiff is entitled to the relief requested in paragraph 46 of the Complaint, except admits that Plaintiff is entitled to a trial by jury.

## RESPONSE TO "COUNT IV
## FRAUD AND MISREPRESENTATION"

47.     With respect to the allegations set forth in paragraph 47 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 46 of this Answer with the same force and effect as though set forth here in full.

48.     Merck denies each and every allegation set forth in paragraph 48 of the Complaint.

49.     Merck denies each and every allegation set forth in paragraph 49 of the Complaint.

50.     Merck denies each and every allegation set forth in paragraph 50 of the Complaint.

51.     Merck denies each and every allegation set forth in paragraph 51 of the Complaint.

52.     Merck denies each and every allegation set forth in paragraph 52 of the Complaint.

53.     Merck denies each and every allegation set forth in paragraph 53 of the Complaint, including subparts (a) through (d).

54.     Merck denies each and every allegation set forth in paragraph 54 of the Complaint.

55.     Merck denies each and every allegation set forth in paragraph 55 of the Complaint.

56.     Merck denies each and every allegation set forth in paragraph 56 of the Complaint.

57.     Merck states that the allegations set forth in paragraph 57 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph, and specifically denies that Merck breached any duty to plaintiff.

58.     Merck denies each and every allegation set forth in paragraph 58 of the Complaint.

59.     Merck denies each and every allegation set forth in paragraph 59 of the Complaint.

60.     Merck denies that Plaintiff is entitled to the relief requested in paragraph 60 of the Complaint, except admits that Plaintiff is entitled to a trial by jury.

## RESPONSE TO "COUNT V
## VIOLATIONS OF THE OKLAHOMA CONSUMER PROTECTION ACT"

61.     With respect to the allegations set forth in paragraph 61 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 60 of this Answer with the same force and effect as though set forth here in full.

62.     Merck denies each and every allegation set forth in paragraph 62 of the Complaint.

63.     Merck denies that Plaintiff is entitled to the relief requested in paragraph 63 of the Complaint.

## RESPONSE TO "COUNT VI
## VIOLATIONS OF THE OKLAHOMA DECEPTIVE TRADE PRACTICES ACT"

64.     With respect to the allegations set forth in paragraph 64 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 63 of this Answer with the same force and effect as though set forth here in full.

65.     Merck denies each and every allegation set forth in paragraph 65 of the Complaint.

66.     Merck denies that Plaintiff is entitled to the relief requested in paragraph 66 of the Complaint.

## RESPONSE TO "COUNT VII
## BREACH OF EXPRESS WARRANTY"

67.     With respect to the allegations set forth in paragraph 67 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 66 of this Answer with the same force and effect as though set forth here in full.

68.     Merck denies each and every allegation set forth in paragraph 68 of the Complaint.

69.     Merck denies each and every allegation set forth in paragraph 69 of the Complaint.

70.     Merck denies each and every allegation set forth in paragraph 70 of the Complaint.

71.     Merck denies that Plaintiff is entitled to the relief requested in paragraph 71 of the Complaint.

## RESPONSE TO "COUNT VIII
## BREACH OF IMPLIED WARRANTY"

72.     With respect to the allegations set forth in paragraph 72 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 71 of this Answer with the same force and effect as though set forth here in full.

73.    Merck states that the allegations set forth in paragraph 73 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

74.    Merck denies each and every allegation set forth in paragraph 74 of the Complaint.

75.    Merck denies that Plaintiff is entitled to the relief requested in paragraph 75 of the Complaint.

## RESPONSE TO "COUNT IX
## PUNITIVE DAMAGES"

76.    With respect to the allegations set forth in paragraph 76 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 75 of this Answer with the same force and effect as though set forth here in full.

77.    Merck denies each and every allegation set forth in paragraph 77 of the Complaint.

78.    Merck denies each and every allegation set forth in paragraph 78 of the Complaint and further denies that Plaintiff is entitled to the relief requested in paragraph 78 of the Complaint.

79.    Merck denies that Plaintiff is entitled to the relief requested in paragraph 79 of the Complaint.

## RESPONSE TO "PRAYER FOR RELIEF"

80.    Merck denies that Plaintiff is entitled to the relief requested in his Prayer for Relief, including subparts A through E.

## ADDITIONAL DEFENSES

81**.**    The claims of Plaintiff may be time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely.

82.    The Complaint fails to state a claim upon which relief can be granted.

83.    The claims of the Plaintiff may be barred, in whole or in part, from recovery because he has made statements or taken actions that preclude him from asserting claims or constitute a waiver of his claims.

84.    The claims of the Plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

85.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

86.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening and supervening cause or causes.

87.    To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

88.    To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

89.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure

to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

90.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

91.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately and/or solely caused by Plaintiff's misuse or abuse of Vioxx.

92.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

93.     To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

94.     To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under applicable law.

95.     Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity.

96.     Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

97.     Plaintiff's claims are barred in whole or in part by the First Amendment.

98.     Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

99.     There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

100.    This case is more appropriately brought in a different venue.

101.    Venue in this case is improper.

102.    The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, he has brought actions and have received judgments on parts of some or all claims asserted herein.

103.    The claims of Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

104.    The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to his claims.

105.    The claims of Plaintiff may be barred, in whole and in part, by the doctrine of laches.

106.    The claims of Plaintiff are barred, in whole or in part, by the failure to mitigate damages.

107.    To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

108.    The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

109.    The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

110.    Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

111.    Plaintiff has not sustained any injury or damages compensable at law.

112.    Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiff's failure to provide it with due process of law.

113.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

114.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

115.    Plaintiff's demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

116.   Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

117.   Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

118.   Plaintiff's claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts: Products Liability.

119.   Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

120.   If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of Plaintiff and/or the negligence of third parties over whom Merck had no control.

121.   Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence.

122.   To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

123.   Merck denies that it breached any warranties.

124.   Plaintiff has not suffered the damages alleged in his Complaint.

125.   Plaintiff is not entitled to relief under any of his claims.

126.   Plaintiff is not entitled to punitive damages under 23 Okla. Stat. § 9.1.

127.    Plaintiff is not entitled to interest, costs or attorneys' fees.

128.    Plaintiff's claim for strict liability is barred on the grounds that such claims are not cognizable against Merck.

129.    Merck specifically denies that there was a defect in any product when it left the control and possession of Merck.

130.    Plaintiff's claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

131.    Any warnings given by Merck were transmitted to the prescribing physicians and/or healthcare providers and, pursuant to the learned intermediary doctrine, Merck's only obligation is to warn the prescribing physician and/or healthcare providers and said obligation was fulfilled.

132.    Merck specifically denies that it breached any duty to Plaintiff.

133.    In the event the Plaintiff has suffered any damages, injuries, or losses, which is denied, there is no causal relationship between any actions on the part of Merck and the Plaintiff's alleged damages, injuries, and/or losses.

134.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were not directly caused by any alleged defect in the product which is the subject matter of the Complaint.

135.    The conduct and activities of Merck with respect to Vioxx did not involve any act, use or employment by any person of any deception, deceptive act or practice, fraud, false pretense, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of Vioxx.

136.    Merck's advertisements and labeling with respect to the product which is the subject matter of the Complaint were not false or misleading and, therefore, constitute protected commercial speech.

137.    The public interest and benefit and the availability of such product which is the subject matter of the Complaint preclude liability for risks, if any, resulting from such activities, which were unavoidable given the state of human knowledge at the time those activities were undertaken.  With respect to Plaintiff's claims, if it is determined there is a risk inherent in the product, then such risk, if any, is outweighed by the benefits of the product.

138.    At all times relevant herein, any product which is the subject matter of the Complaint processed and distributed by Merck in the State of Oklahoma or the United States was processed and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further was processed and distributed in accordance with and pursuant to all applicable regulations of the U.S. Food and Drug Administration.

139.    With respect to each and every purported cause of action, the acts of Merck were at all times done in good faith and without malice, evidenced by, among other things, Merck's immediate withdrawal from the market of the product which is the subject matter of this action.

140.    Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

141.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

142.     Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, having fully answered, Defendant Merck & Co., Inc. prays that Plaintiff take nothing by way of his Complaint and that Merck be granted its costs, including reasonable attorneys' fees, and all other relief this Court deems just and equitable.

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

        s/Dorothy H. Wimberly
        Phillip A. Whittmann, 13625
        Dorothy H. Wimberly, 18509
        Carmelite M. Bertaut, 3054
        Stone Pigman Walther Wittmann L.L.C.
        546 Carondelet Street
        New Orleans, LA  70130
        Telephone:     (504) 581-3200
        Facsimile:     (504) 581-3361

        Defendants' Liaison Counsel

        John A. Kenney, OBA #4976
        Sheryl N. Young, OBA #14183
        Brandon L. Buchanan, OBA #18661
        McAfee & Taft A Professional Corporation
        10th Floor, Two Leadership Square
        211 North Robinson
        Oklahoma City, OK  73102
        Telephone:     (405) 235-9621
        Facsimile:     (405) 235-0439

        Counsel for Merck & Co., Inc.

**Certificate of Service**

I hereby certify that the above and foregoing Answer has been served on Liason Counsel,

Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and

upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in

accordance with PreTrial Order No. 8B, and that the foregoing was electronically filed with the

Clerk of Court of the United States District Court for the Eastern District of Louisiana by using

the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures

established in MDL 1657 on this 2oth day of October, 2006.


                     s/Dorothy H. Wimberly
                     Phillip A. Wittmann, 13625
                     Dorothy H. Wimberly, 18509
                     Carmelite M. Bertaut, 3054
                     Stone Pigman Walther Wittmann L.L.C.
                     546 Carondelet Street
                     New Orleans, LA 70130
                     Telephone: (504) 581-3200
                     Facsimile: (504) 581-3361

                     Defendants' Liaison counsel