## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  VIOXX<br>Products Liability Litigation | MDL NO. 1657<br><br>SECTION: L<br><br>JUDGE ELDON E. FALLON |
| This document relates to **Shirley Worth**,<br>(E.D. La. Index No. 06-8356) | MAG. JUDGE KNOWLES |

### ANSWER AND JURY DEMAND OF DEFENDANT MERCK & CO.

COMES NOW Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, and presents the following Answer and Defenses to Plaintiff's Complaint as follows:

Merck acknowledges the information contained in the unnumbered paragraph preceding paragraph 1 indicating that Plaintiff demands a trial by jury.

### RESPONSE

1.      Merck denies each and every allegation contained in paragraph 1 of the Complaint, except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health. Merck further admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004 and avers that Vioxx is known as Ceoxx in many foreign countries.

DN: 302870

2.      Merck is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 2 of the Complaint, and denies each and every allegation directed at Merck in that paragraph.

3.      The allegations contained in paragraph 2a. of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck admits that the parties are diverse and that Plaintiff purports to place an amount in controversy exceeding $75,000, but denies that there is any legal of factual basis for the relief sought.

4.      The allegations contained in the first sentence of paragraph 2b. are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of said paragraph.  Merck denies each and every allegation contained in second sentence of paragraph 2b of the Complaint.  Merck denies each and every allegation contained in the third sentence of paragraph 2b, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx®, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck denies each and every allegation contained in the fourth and fifth sentences of paragraph 2b of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004 and that Merck is authorized to do business in the states of Oregon and Minnesota.

## RESPONSE TO "FACTUAL BACKGROUND"

5.      Denies each and every allegation contained in paragraph 3 of the Complaint except avers that Vioxx is the trade name for rofecoxib, a prescription medicine manufactured by Merck that is a selective cyclooxygenase-2 ("COX-2") inhibiter which was approved by the United Stated Food and Drug Administration ("FDA") as safe and effective for certain indicated uses in a manner consistent with the information in the relevant FDA-approved prescribing information.  Merck respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its indicated uses and full text.  Merck further avers that the mechanism of action for Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

6.      Denies each and every allegation contained in paragraph 4 of the Complaint.

7.      Merck denies each and every allegation contained in paragraph 5 of the Complaint, except admits that Plaintiff appears to have accurately quoted the referenced publication, that Merck published said publication, and respectfully refers the Court to the referenced publication for their actual language and full text.

8.      Merck denies each and every allegation contained in the first two sentences of paragraph 6 of the Complaint, except admits that Merck scientists conducted studies involving Vioxx, and respectfully refers the Court to those studies for their actual language and full text.  Merck denies each and every allegation contained in the third sentence of paragraph 6 of the Complaint, except admits that Plaintiff purports to quote

only a portion of the referenced memorandum and avers that the quoted language in taken out of context.

9.      Denies each and every allegation contained in paragraph 7 of the Complaint, except admits that Plaintiffs purport to quote portions of statements, but avers that said language is taken out of context.

10.     Denies each and every allegation contained in paragraph 8 of the Complaint, except admits that on November 23, 1998 Merck submitted a New Drug Application ("NDA") for Vioxx and respectfully refers the Court to said NDA for their actual language and full text.

11.     Denies each and every allegation contained in paragraph 9 of the Complaint, except admits that in May 1999 the FDA approved Vioxx as safe and effective for certain indicated uses in a manner consistent with the information contained in the relevant FDA-approved prescribing information and respectfully refers the Court to the referenced prescribing information for its full text and for Vioxx's indicated uses. Merck further admits that it manufactured, marketed and distributed Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

12.     Merck denies each and every allegation set forth in paragraph 10 of the Complaint, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

13.     Denies each and every allegation contained in the first sentence of paragraph 11 of the Complaint, and respectfully refers the Court to the referenced supplemental New Drug Application ("sNDA") for its actual language and full text.

Denies each and every allegation contained in the second sentence of paragraph 11 of the Complaint except admits that Merck scientists participated in the VIGOR study involving Vioxx and respectfully refers the Court to the referenced study for its actual language and full text.  Denies each and every allegation contained in the third sentence of paragraph 11 of the Complaint.

14.     Merck denies each and every allegation contained in paragraph 12 of the Complaint, except admits that the referenced study exists and avers that a primary objective of the VIGOR study was to assess whether Vioxx would be associated with a lower incidence of confirmed, clinically important upper gastrointestinal events than naproxen.  Merck respectfully refers the Court to the referenced study for its actual language and full text.

15.     Merck denies each and every allegation in paragraph 13 of the Complaint.

16.     Merck denies each and every allegation contained in paragraph 14 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the reference study for its actual conclusions and full text.

17.     Denies each and every allegation contained in paragraph 15 of the Complaint.

18.     Denies each and every allegation contained in the first sentence of paragraph 16 of the Complaint, except admits that Merck issues press releases involving Vioxx and respectfully refers the Court to the referenced press releases for their actual language and full text.  Denies each and every allegation contained in the second sentence of paragraph 16 of the Complaint, except admits that Plaintiff's allegation

appears to reference a February 1, 2001 Memorandum of Shari L. Targum, M.D. and respectfully refers the court to the February 1, 2001 Memorandum for its actual language and full text.  Denies each and every allegation contained in the third and fourth sentences of paragraph 16 of the Complaint, except admits the referenced journal and article published therein exist, and respectfully refers the Court to the referenced article for its actual language and full text.

19.    Denies each and every allegation contained in paragraph 17 of the Complaint except admits that the studies referenced in the first sentence of paragraph 17 and the article referenced in the third sentence of paragraph 17 exist, and respectfully refers the Court to said publications for their actual language and full text. Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

20.    Denies each and every allegation contained in paragraph 18 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

21.    Denies each and every allegation contained in paragraph 19 of the Complaint, except admits that in 2000 Vioxx achieved worldwide sales of $2.2 billion and admits that the referenced 8-K filing exists and respectfully refers the Court to said filing for its actual language and full text.

22.    Denies each and every allegation contained in the first two sentences of paragraph 20 of the Complaint, except admits that in February 2001, Merck and the FDA presented the VIGOR data at a public meeting of the Arthritis Advisory Committee.

Merck denies each and every allegation contained in the third and fourth sentences of paragraph 20 of the Complaint and respectfully refers the Court to the press release from which Plaintiff purports to quote for its actual language and full text.

23.     Denies each and every allegation contained in the first sentence paragraph 21 of the Complaint, except admits that Merck issued a press release on May 22, 2001 and respectfully refers the Court to the referenced press release for its actual language and full text.  Denies each and every allegation contained in the second sentence of paragraph 21 of the Complaint, except admits that in September 2001 Merck received a letter from Thomas W. Abrams of DDMAC, which Plaintiff appears to reference, and respectfully refers the Court to that letter for its actual language and full text.

24.     Denies each and every allegation contained in paragraph 22 of the Complaint, except admits that the referenced publication and article contained therein exist and respectfully refers the Court to the referenced documents for their actual language and full text.

25.     Merck denies each and every allegation contained in the first sentence of paragraph 23 of the Complaint, except admits the existence of the journal and the article contained therein and respectfully refers the Court to the referenced analysis for its actual language and full text.  Merck denies each and every allegation contained in the second and third sentences of paragraph 23 of the Complaint.

26.     Denies each and every allegation contained in paragraph 24 of the Complaint, except admits that the referenced journals and articles contained therein exist

and that Plaintiff purports to quote from the same and respectfully refers the Court to said studies for their actual conclusions and full context.

27.    Merck denies each and every allegation set forth in paragraph 25 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001, which Plaintiff purports to quote, and respectfully refers the Court to that letter for its actual language and full text.

28.    Merck denies each and every allegation set forth in paragraph 26 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001, which Plaintiff purports to quote,  and respectfully refers the Court to that letter for its actual language and full text.

29.    Merck denies each and every allegation contained in paragraph 27 of the Complaint except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information, a so-called "Dear Doctor" letter and a Patient Information sheet, and respectfully refers the Court to the referenced prescribing information for Vioxx, "Dear Doctor" letter and Patient Information sheet for their actual language and full text.

30.    Denies each and every allegation contained in paragraph 28 of the Complaint except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the relevant prescribing information for Vioxx for its actual language and full text. Merck further admits that Plaintiff purports to quote portions of a Merck press release regarding the changes approved by the FDA and

respectfully refers the Court to the referenced press release for its actual language and full context.

31.     Denies each and every allegation contained in paragraph 29 of the Complaint, except admits that in August 2004, Merck issued a press release and respectfully refers the Court to the referenced press release for its actual language and full text.

32.     Merck denies each and every allegation contained in paragraph 30 of the Complaint, except admits that worldwide Vioxx sales figures exceeded $2 billion in the years 2000, 2001, 2002 and 2003, and that worldwide sales of Vioxx for the first six months of 2004 were $1.3 billion.

33.     Merck denies each and every averment in paragraph 31 of the Complaint, except it admits that the study referenced in that paragraph exists, and it respectfully refers the Court to the study for its actual language and full text.

34.     Denies each and every allegation contained in paragraph 32 of the Complaint except admits that the presentation referenced in that paragraph exists, and respectfully refers the Court to the presentation for its actual language and full text.

35.     Denies each and every allegation contained in paragraph 33 of the Complaint, except admits that on September 23, 2004, Merck was informed that the External Safety Monitoring Board (ESMB) had recommended that the APPROVe study be stopped when preliminary results showed a small increased risk of confirmed cardiovascular events beginning after 18 months of continuous treatment with Vioxx.

36.     Merck denies each and every allegation in paragraph 34 of the Complaint except admits that Plaintiff purports to quote portions of a memorandum written by an epidemiologist at the FDA and respectfully refers the Court to the referenced memorandum for its actual language and full text.

37.     Denies each and every allegation contained in the paragraph 35 except admits that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of Vioxx and respectfully refers the Court to the referenced announcement for its actual language and full text.

38.     Denies each and every allegation contained in paragraph 36 of the Complaint.

39.     Denies each and every allegation contained in paragraph 37 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

<u>**RESPONSE TO "FIRST CLAIM FOR RELIEF**
**(Strict Product Liability)"**</u>

40.     With respect to the allegations contained in paragraph 38 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 37 of this Answer with the same force and effect as though set forth here in full.

41.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 39 of the Complaint.

42.     Denies each and every allegation contained in paragraph 40 of the Complaint.

43.     Denies each and every allegation contained in paragraph 41 of the Complaint, including subparagraphs a through c.

44.     Denies each and every allegation contained in paragraph 42 of the Complaint.

45.     Denies each and every allegation contained in paragraph 43 of the Complaint.

## RESPONSE TO "SECOND CLAIM FOR RELIEF (Negligence)"

46.     With respect to the allegations contained in paragraph 44of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 43 of this Answer with the same force and effect as though set forth here in full.

47.     Denies each and every allegation contained in paragraph 45 of the Complaint, including subparagraphs a through g.

48.     Denies each and every allegation contained in paragraph 46 of the Complaint.

49.     Denies each and every allegation contained in paragraph 47 of the Complaint.

50.     Denies each and every allegation contained in paragraph 48 of the Complaint.

## RESPONSE TO "THIRD CLAIM FOR RELIEF
### Breach of Implied Warranty"

51.     With respect to the allegations contained in paragraph 49 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 48 of this Answer with the same force and effect as though set forth here in full.

52.     The allegations contained in paragraph 50 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

53.     Denies each and every allegation contained in paragraph 51 of the Complaint.

54.     Denies each and every allegation contained in paragraph 52 of the Complaint.

55.     Denies each and every allegation contained in paragraph 53 of the Complaint.

56.     Denies each and every allegation contained in paragraph 54 of the Complaint.

## RESPONSE TO "FOURTH CLAIM FOR RELIEF
### Breach of Express Warranty"

57.     With respect to the allegations contained in paragraph 55 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through

58.    Denies each and every allegation contained in paragraph 56 of the Complaint.

59.    Denies each and every allegation contained in paragraph 57 of the Complaint.

60.    Denies each and every allegation contained in paragraph 58 of the Complaint.

61.    Denies each and every allegation contained in paragraph 59 of the Complaint.

62.    Denies each and every allegation contained in paragraph 60 of the Complaint.

## RESPONSE TO "FIFTH CLAIM FOR RELIEF (Unlawful Trade Practices Claim)"

63.    With respect to the allegations contained in paragraph 61 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 60 of this Answer with the same force and effect as though set forth here in full.

64.    The allegations contained in paragraph 62 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

65.    The allegations contained in paragraph 63 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

66.     Denies each and every allegation contained in paragraph 64 of the Complaint.

67.     Denies each and every allegation contained in paragraph 65 of the Complaint.

68.     The allegations contained in paragraph 66 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except admits Plaintiff purports to seek attorney fees, but denies there is any legal or factual basis for the relief sought.

69.     Denies each and every allegation contained in paragraph 67 of the Complaint.

The "WHEREFORE" paragraph following paragraph 67 of the Complaint is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, including subparagraphs a through e, except admits plaintiff purports to seek damages and other forms of relief, but denies there is any legal or factual basis for the relief sought.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

70.     The claims of Plaintiff may be time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

71.     The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

72.     The claims of the Plaintiff may be barred, in whole or in part, from recovery because Plaintiff has made statements or taken actions that preclude him from asserting claims or constitute a waiver of his claims.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

73.     The claims of the Plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

74.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

75.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A SEVENTH
## <u>DEFENSE, MERCK ALLEGES:</u>

76.    To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR AN EIGHTH
## <u>DEFENSE, MERCK ALLEGES:</u>

77.    To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR A NINTH
## <u>DEFENSE, MERCK ALLEGES:</u>

78.    Any warnings given by Merck were transmitted to the prescribing physicians and/or healthcare providers and, pursuant to the learned intermediary doctrine, Merck's only obligation is to warn the prescribing physician and/or healthcare providers and said obligation was fulfilled.

## AS FOR A TENTH
## <u>DEFENSE, MERCK ALLEGES:</u>

79.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

## AS FOR AN ELEVENTH
<u>DEFENSE, MERCK ALLEGES:</u>

80.     Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence as codified by Minn. Stat. § 604.02.

## AS FOR A TWELFTH
<u>DEFENSE, MERCK ALLEGES:</u>

81.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A THIRTEENTH
<u>DEFENSE, MERCK ALLEGES:</u>

82.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A FOURTEENTH
<u>DEFENSE, MERCK ALLEGES:</u>

83.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

## AS FOR A FIFTEENTH
## <u>DEFENSE, MERCK ALLEGES:</u>

84.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's preexisting and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

## AS FOR A SIXTEENTH
## <u>DEFENSE, MERCK ALLEGES:</u>

85.     To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A SEVENTEENTH
## <u>DEFENSE, MERCK ALLEGES:</u>

86.     To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Minn. Stat. § 548.36 and O.R.S. § 31.580.

## AS FOR AN EIGHTEENTH
## <u>DEFENSE, MERCK ALLEGES:</u>

87.     Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Fed. R. Civ. P. 9(b).

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

88.     Plaintiff's claims are barred, in whole or in part, under the applicable state

law because Vioxx and its labeling were subject to and received pre-market approval by

the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

89.     Plaintiff's claims are barred in whole or in part by the First Amendment.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

90.     Plaintiff's claims are barred in whole or in part because the product at issue

was made in accordance with the state of the art at the time it was manufactured.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

91.     There is no practical or technically feasible alternative design that would

have reduced the alleged risk without substantially impairing the reasonably anticipated

and intended function of Vioxx.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

92.     This case is more appropriately brought in a different venue.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

93.     Venue in this case is improper.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

94.     The claims of Plaintiff's may be barred, in whole or in part, from recovery because, in this or other courts, Plaintiff's has brought actions and has received judgments on parts of some or all claims asserted herein.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

95.     The claims of Plaintiff's may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

96.     The claims of Plaintiff's may be barred, in whole or in part, from recovery by release as to his claims.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

97.     The claims of Plaintiffs may be barred, in whole and in part, by the doctrine of laches.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

98.     The claims of Plaintiffs are barred, in whole or in part, by his failure to mitigate damages.

DN: 302870

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

99.     To the extent there were any risks associated with the use of the product

which is the subject matter of this action that Merck knew or should have known and

which gave rise to a duty to warn, Merck at all times discharged such duty through

appropriate and adequate warnings in accordance with federal and governing state laws.

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

100.    The claims of Plaintiff's may be barred, in whole or in part, from recovery, due to

spoliation of evidence.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

101.    The claims of Plaintiff's may be barred, in whole or in part, by the

governing state laws.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

102.    Any conduct allegedly causing liability on the part of Merck is not a

substantial cause or factor of any potential or actual injury or damage, if any.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

103.    Plaintiff's has not sustained any injury or damages compensable at law.

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

104.    Merck reserves its right to dismiss the Complaint and seek further relief for

Plaintiff's failure to provide it with due process of law.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

105.    This case is subject to dismissal or stay on the grounds of *forum non conveniens.*

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

106.    Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

107.    Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

108.    Plaintiff's claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

109.    Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

## AS FOR A FORTY-FIRST
## <u>DEFENSE, MERCK ALLEGES:</u>

110.   To the extent that Plaintiff's rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A FORTY-SECOND
## <u>DEFENSE, MERCK ALLEGES:</u>

111.   To the extent that Plaintiff's seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A FORTY-THIRD
## <u>DEFENSE, MERCK ALLEGES:</u>

112.   To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A FORTY-FOURTH
## <u>DEFENSE, MERCK ALLEGES</u>:

113.   Plaintiff's demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. §301.

## AS FOR A FORTY-FIFTH
## <u>DEFENSE, MERCK ALLEGES:</u>

114.   This matter is time-barred under Ore. Rev. S. § 30.905 (2001) and *Gladhart v. Oregon Vineyard Supply Co.*, 332 Or. 226, 26 P.3d 817 (2001).

## AS FOR A FORTY-SIXTH

**DEFENSE, MERCK ALLEGES:**

115.    Process was served on Merck, if at all, in a manner or form which failed to comply with the requirements of Fed. R. Civ .P. 4.

### AS FOR A FORTY-SEVENTH
**DEFENSE, MERCK ALLEGES:**

116.    Plaintiffs' failure to properly and/or timely serve Merck precludes Plaintiffs' reliance on the 60-day relation back period under Ore. Rev. S. § 12.020(2) for the purposes of determining whether Plaintiffs' action is time-barred.

### AS FOR A FORTY-EIGHTH
**DEFENSE, MERCK ALLEGES:**

117.    Merck's compliance with applicable FDA standards, coupled with the FDA's recognition of Vioxx as a safe and effective drug, precludes recovery for punitive damages under Ore. Rev. S. § 30.927.

### AS FOR A FORTY-NINTH
**DEFENSE, MERCK ALLEGES:**

118.    Plaintiff's damages, if any, may not exceed the limitations within Ore. Rev. S. § 31.710.

### AS FOR A FIFTIETH
**DEFENSE, MERCK ALLEGES:**

119.    Plaintiffs purport to state a claim under Oregon's Unfair Trade Practices Act, Ore. Rev. S. §§ 646.605 - 646.652.  Pursuant to Ore. Rev. S. § 646.638, defendant Merck is entitled to its reasonable attorney fees incurred in defense of this action.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and

equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

Merck incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action.  Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such other and further relief that the Court may deem just and proper.

## **<u>JURY DEMAND</u>**

Merck demands a trial by jury as to all issues so triable.

Dated: 23, 2005                    Respectfully submitted,


                                   By:s/ Dorothy H. Wimberly
                                   Phillip A. Wittmann, 13625
                                   Dorothy H. Wimberly, 18509
                                   Carmelite M. Bertaut, 3054
                                   Stone Pigman Walther Wittman L.L.C.
                                   546 Carondelet Street
                                   New Orleans, Louisiana  70130
                                   Phone: (504) 581-3200
                                   Fax:  (504) 581-3361

                                   Defendants' Liaison Counsel

                                   Scott A. Smith (Reg. No. 174026)
                                   Amanda M. Cialkowski (Reg. No. 306514)
                                   Jan R. McLean Bernier (Reg. No. 307853)
                                   U.S. Bank Center South, Suite 600
                                   220 South Sixth Street
                                   Minneapolis, MN 55402
                                   Phone: (612) 338-1838
                                   Fax: (612) 338-7858

                                   Counsel for Defendant Merck & Co., Inc.