Paul Simonson, Esq.
Alan Leibowitz, Esq.
SIMONSON, HESS & LEIBOWITZ, P.C.
One Exchange Place, 10th Floor
Jersey City, New Jersey 07302
Telephone  (201) 521-3190
Facsimile  (201) 309-0340

William A. Levin, Esq.
Jeffrey A. Kaiser, Esq.
Steven B. Stein, Esq.
LEVIN SIMES & KAISER LLP
One Bush Street, 14th Floor
San Francisco, California  94104
Telephone  (415) 646-7160
Facsimile  (415) 981-1270

Attorneys for Plaintiffs

**RECEIVED and**
**FILED**

**DEC 2 1 2005**

**ATLANTIC COUNTY**
**LAW DIVISION**

IN THE SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, ATLANTIC COUNTY

| | |
|---|---|
| ROBERT WILLIAMS, INDIVIDUALLY, AND AS EXECUTOR OF THE ESTATE OF NORMA BROWN, DECEASED; DORA DIXON, | ATL-L-8255-05-MT: |
| | VIOXX LITIGATION |
| Plaintiffs, | Case Code Number: 619 |
| v. | ABBREVIATED SHORT FORM COMPLAINT FOR VIOXX LITIGATION |
| MERCK & CO., INC., | |
| Defendant. | JURY TRIAL DEMANDED |

## ABBREVIATED INDIVIDUAL COMPLAINT FOR VIOXX LITIGATION AND ADOPTION BY REFERENCE

1.      Plaintiff for his/her claim against the Defendant states and alleges as

follows and incorporates by reference the relevant portions of the Master Complaint on

file entitled: In Re: Vioxx Litigation Case Code Number 619, now pending in the

Superior Court of New Jersey, Law Division, Atlantic County before the Honorable

Carol E. Higbee, J.S.C.

1

Plaintiff selects and indicates by checking off the appropriate boxes, those claims that are specific to his or her case. Where claims require, pursuant to New Jersey law, specific pleading or case specific facts and individual information, plaintiff shall and add and include them herein.

2.      Plaintiff, <u>Robert Williams</u>, Individually and as Administrator of the Estate of Norma Brown (hereinafter refered to as "Plaintiff"), is an individual who resides at <u>1612 W. Kettelle, Peoria</u>, in the State of <u>Illinois 61605</u>. Plaintiff Dora Dixon resided with and is the natural child of Decedent, Norma Jean Brown.

2A.      On or about <u>December 22, 2003</u> (date), Decedent, Norma Jean Brown, suffered the following injury(ies) as a result of ingesting Vioxx: <u>Pulmonary Embolism; death</u>.

2B.      Plaintiff brings this action:

   <u>   X   </u> on behalf of himself or herself

   <u>        </u> as the representative of <u>        </u>.

   <u>        </u> as the parent and natural guardian ad litem of <u>        </u>, a minor born on <u>        </u>.

   <u>   X   </u> as Executor of the Estate of Norma Jean Brown (hereinafter "Decedent", see Letters of Administration to be provided), who died on <u>December 22, 2003</u>.

2C.      Plaintiff claims damages as a result of:

<u>   X   </u>      Personal Injury to himself, herself or the person represented

<u>   X   </u>      Wrongful Death

<u>   X   </u>      Survival Action

<u>        </u>      Loss of Consortium (per quod)

2

_____   Loss of Services

___X___   Economic Loss

        3.      Decedent purchased and/or otherwise obtained Vioxx, which Decedent ingested from <u>October 16, 2003</u> through on or about <u>December 22, 2003</u>.

        4.      Decedent's spouse, _____, (hereinafter referred to as "Spouse") is an adult individual residing at _____, in the State of _____ and claims damages as a result of:

           ____ Loss of Consortium, date of marriage _____.

           ____ Wrongful Death, date of death _____.

        5.      The following claims asserted in the Master Complaint and the allegations with regard thereto in the Master Complaint are herein adopted by reference:

___X___      Count I:      Product Liability- Defective Design (New Jersey Products Liability Act – N.J.S.A. 2A:58C-1 et seq.)

___X___      Count II:     Product Liability – Failure to Warn (New Jersey Products Liability Act – N.J.S.A. 2A:58C-1 et seq.)

___X___      Count III:    NJ Consumer Fraud Act (N.J.S.A. 56:8-1 et seq.)

___X___      Count IV     Breach of Express Warranty

___X___      Count V:     Punitive Damages Under Common Law & Products Liability Act (N.J.S.A. 2A:C-1)

___X___      Count VI:    Wrongful Death

___X___      Count VII:   Survival Action

_____      Count VIII:  Loss of Consortium

Plaintiff asserts the following additional theories against Merck & Co., Inc.:

*If you include additional claims against entity(ies) other than Merck & Co., Inc., the facts supporting this count must be specifically pled by the plaintiff and the defendants against who they are alleged must be identified on a separate sheet of paper attached to the Complaint.

*If you have included any additional theories of recovery, to the extent they require specificity in pleadings, the specific facts and allegations supporting these theories must be pleaded by the plaintiff in a manner complying with the requirements of the New Jersey Rules of Court.

## DEMAND FOR JURY TRIAL

Demand is hereby made for a trial by jury.

Alan Leibowitz, Esq.
Attorneys for Plaintiffs

Dated: December 19 , 2005

## CERTIFICATION PURSUANT TO RULE 4:5-1

Plaintiff upon information and belief is not aware of any pending or contemplated action.  Further, upon information and belief, she/he is not aware of any other party who should be joined in this action.

Alan Leibowitz, Esq.
Attorneys for Plaintiffs

Dated: December 19, 2005

4

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Steven B. Stein, is hereby designated as trial

counsel in this matter.

Alan Leibowitz, Esq.
Attorneys for Plaintiffs

Dated: December 19, 2005

## CERTIFICATION OF NOTICE

Pursuant to N.J.S.A., 56:8-20, Plaintiff is mailing a copy of this

Complaint and Jury Demand to the Office of Attorney General, Cn-006,

Trenton, New Jersey, within (10) days of filing of this Complaint and Jury

Demand.

Alan Leibowitz, Esq.
Attorneys for Plaintiffs

Dated: December 19, 2005

# EXHIBIT A

122560

NO. 352,833

PROBATE COURT #3

ESTATE OF

IN THE PROBATE COURT

NORMA JEAN BROWN,

NO. 1

DECEASED

HARRIS COUNTY, TEXAS

ORDER GRANTING LETTERS OF ADMINISTRATION
PURSUANT TO SECTION 145(e)

On this day the Court heard the Application filed herein by Robert L. Williams ("Applicant"), in the Estate of Norma Jean Brown, deceased ("Decedent") for an independent administration and for letters of administration to Robert L. Williams in the Estate of Norma Jean Brown, Deceased, pursuant to Section 145(e) of the Texas Probate Code.

The Court, having heard the evidence and reviewed the documents filed herein, finds that the allegations contained in the Application are true; that notice and citation have been given in the manner and for the length of time required by law and that no one came to contest same; that Decedent died in Houston, Harris County, Texas on December 22, 2003,, that at the time of her death Decedent had a fixed place of residence in Houston, Harris County, Texas, that this Court has jurisdiction and venue of Decedent's Estate; that Decedent died intestate; that a necessity exists for administration of this estate; that it has been established by clear and convincing evidence that Dora Reed Brown Dixon (the "Distributee") is the sole heir and distributee of Decedent's Estate, that the Distributee has agreed on the advisability of having an independent administration and has designated Robert L. Williams as Independent Administrator of Decedent's Estate, that four years have not elapsed since the death of Decedent and the filing of said Application, and that a necessity exists for the administration of Decedent's Estate.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that an independent administration of the Estate of Norma Jean Brown, Deceased, is granted and that Robert L. Williams be, and is hereby appointed Independent Administrator of said Estate without bond.

A CERTIFIED COPY

JUN 2 9 2005

ATTEST:
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

LONYE GREEN            Deputy

IT IS FURTHER ORDERED by the Court that Letters of Administration in the Estate of Norma Jean Brown, Deceased, be and the same are hereby granted, that the clerk shall issue said letters of administration to Robert L. Williams as Independent Administrator, when qualified according to law, and that no other action be had in this Court other than the return of an Inventory, Appraisement, and List of Claims as required by law. Appraisers are waived.

Signed this _____ day of March, 2005.

_____
Judge Presiding

APPROVED AS TO FORM

_____
W. Roy Wright, III
Attorney for Applicant
4635 S.W. Fwy., Suite 510
Houston, Texas 77027
(713) 840-89230
FAX (713) 840-1370
TBA No. 22071300

FILED,
2005 MAR 21 PM 1:32
County Clerk
Harris County, Texas

RECORDER'S MEMORANDUM:
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts additions and changes were present at the time the instrument was filed and recorded.

A CERTIFIED COPY   JUN 2 9 2005

ATTEST: _____
BEVERLY B. KAUFMAN, County Clerk
Harris County, Texas

_____ Deputy
LONYE' GREEN

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division – Civil Part pleadings (not motions) under Rule 4:5-1.

**Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.**

| FOR USE BY CLERK'S OFFICE ONLY |
| --- |
| PAYMENT TYPE:   CK   CG   CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
| --- | --- | --- |
| Alan Leibowitz, Esq. | 201 , 521-3190 | Atlantic County |

**FIRM NAME (if applicable)**
SIMONSON, HESS & LEIBOWITZ, P.C.

**DOCKET NUMBER (When available)**
ATL-L- 8255 -05mt

**OFFICE ADDRESS**
One Exchange Place, 10th Floor
Jersey City, New Jersey 07302

**DOCUMENT TYPE**
Complaint

**JURY DEMAND**
✓ YES    NO

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
| --- | --- |
| Robert Williams, Individually and as Executor of the Estate of Norma Jean Brown; Norma Dixon, Plaintiffs | Williams v. Merck & Co., Inc. |

**CASE TYPE NUMBER**
(See reverse side for listing)   619

IS THIS A PROFESSIONAL MALPRACTICE CASE?   YES ✓ NO
IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

**RELATED CASES PENDING?** ✓ YES   NO

**IF YES, LIST DOCKET NUMBERS**
RE: New Jersey Vioxx Litigation

**DO YOU ANTICIPATE ADDING ANY PARTIES** (arising out of same transaction or occurrence)?   YES ✓ NO

**NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN**
NONE   ✓ UNKNOWN

---

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**A.  DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?**   YES ✓ NO

**IF YES, IS THAT RELATIONSHIP**   EMPLOYER-EMPLOYEE   FRIEND/NEIGHBOR   OTHER (explain) _____
FAMILIAL   BUSINESS

**B.  DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?**   YES ✓ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

**RECEIVED and FILED**

**DEC 2 1 2005**

**ATLANTIC COUNTY LAW DIVISION**

**DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?**   YES ✓ NO
IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: _____

**WILL AN INTERPRETER BE NEEDED?**   YES ✓ NO
IF YES, FOR WHAT LANGUAGE: _____

**ATTORNEY SIGNATURE**

Revised effective 4/1/05

**SIDE 2** 

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

## CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I — 150 days' discovery**
| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 589 | CONTRACT/COMMERCIAL TRANSACTION |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |

**Track II — 300 days' discovery**
| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 602 | ASSAULT AND BATTERY |
| 603 | AUTO NEGLIGENCE – PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE – PROPERTY DAMAGE |
| 699 | TORT – OTHER |

**Track III — 450 days' discovery**
| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

**Track IV — Active Case Management by Individual Judge / 450 days' discovery**
| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

**Mass Tort (Track IV)**
| | | | |
|---|---|---|---|
| 240 | REDUX/PHEN-FEN (formerly "DIET DRUG") | 601 | ASBESTOS |
| 248 | CIBA GEIGY | 619 | VIOXX |
| 264 | PPA | | |

999 OTHER (Briefly describe nature of action) _____

_____

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category:

☐ Verbal Threshold      ☐ Putative Class Action      ☐ Title 59

ATLANTIC COUNTY COURT HOUSE
SUPERIOR COURT LAW DIV
1201 BACHARACH BLVD
ATLANTIC CITY    NJ 08401

COURT TELEPHONE NO. (609) 345-6700          TRACK ASSIGNMENT NOTICE
COURT HOURS

                        DATE:    DECEMBER 23, 2005
                        RE:      WILLIAMS ROBERT ET ALS VS MERCK & CO INC
                        DOCKET:  ATL L -008255 05

THE ABOVE CASE HAS BEEN ASSIGNED TO:   TRACK 4.

DISCOVERY IS PRESUMPTIVELY 450 DAYS BUT MAY BE ENLARGED OR SHORTENED BY THE
JUDGE AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST
DEFENDANT, WHICHEVER COMES FIRST.

THE MANAGING JUDGE ASSIGNED IS:   HON CAROL E. HIGBEE

ACT:                              003
      (609) 343-2106.

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM

      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

                              ATTENTION:

                              ATT: STEVEN D. SERN
                              SIMONSON HESS & LEIBOWITZ PC
                              ONE EXCHANGE PLACE
                              10TH FLOOR
                              JERSEY CITY        NJ 07302

JUDSPAO

ATLANTIC COUNTY COURT HOUSE
SUPERIOR COURT LAW DIV
1201 BACHARACH BLVD
ATLANTIC CITY       NJ 08401

COURT TELEPHONE NO. (609) 345-6700
COURT HOURS

TRACK ASSIGNMENT NOTICE

DATE:       DECEMBER 23, 2005
RE:         WILLIAMS ROBERT EI ALG VS MERCK & CO INC
DOCKET:     ATL L -008255 05

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 4.

DISCOVERY IS PRESUMPTIVELY 450 DAYS BUT MAY BE ENLARGED OR SHORTENED BY THE
JUDGE AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST
DEFENDANT, WHICHEVER COMES FIRST.

THE MANAGING JUDGE ASSIGNED IS:  HON CAROL E. HIGBEE

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM       003
AT:
(609) 343-2304.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

ATTENTION:
                              ATT: STEVEN D. STEIN
                              ALAN B. LEIBOWITZ
                              SIMONSON MEES & LEIBOWITZ
                              1 EXCHANGE PL    SUITE 1000
                              JERSEY CITY      NJ 07302    10TH FL

JUDSPA0

Paul Simonson, Esq.
Alan Leibowitz, Esq.
**SIMONSON, HESS & LEIBOWITZ, P.C.**
One Exchange Place, 10th Floor
Jersey City, New Jersey 07302
Telephone (201) 521-3190
Facsimile (201) 309-0340

William A. Levin, Esq.
Jeffrey A. Kaiser, Esq.
Steven B. Stein, Esq.
**LEVIN SIMES & KAISER LLP**
One Bush Street, 14th Floor
San Francisco, California 94104
Telephone (415) 646-7160
Facsimile (415) 981-1270

Attorneys for Plaintiff(s)

**RECEIVED AND
FILED**

**JAN 3 1 2006**

**ATLANTIC COUNTY
LAW DIVISION**

| | |
|---|---|
| ROBERT WILLIAMS, INDIVIDUALLY, AND AS EXECUTOR OF THE ESTATE OF NORMA BROWN, DECEASED; DORA DIXON, <br><br> Plaintiff(s), <br><br> v. <br><br> MERCK & CO., INC., <br><br> Defendant. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, ATLANTIC COUNTY <br><br> Docket No.: ATL-L-8255-05-MT <br><br> **CIVIL ACTION** <br> **SUMMONS** |

The State of New Jersey, to the Above Named Defendant(s):

The plaintiffs, named above, have filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiffs' attorney whose name and address appear above, or to plaintiffs, if no attorney is named above. A telephone call will not protect your rights you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: __1/ _ /06__

/s/Donald F.Phelan
Clerk of the Superior Court, DONALD F. PHELAN

Name of Defendant to be Served:
Address of Defendant to be Served:

Merck & Co., Inc.
One Merck Drive
Whitehouse Station, New Jersey 08889-0100

| | | | |
|---|---|---|---|
| **ATLANTIC COUNTY:**<br>De     Clerk of the Superior Court<br>Ci    ision, Direct Filing<br>Atlantic County Civil Court Bldg.<br>First Floor<br>1201 Bacharach Boulevard<br>Atlantic City, NJ 08401<br>(609) 345-6700<br>LAWYER REFERRAL<br>(609)345-3444<br>LEGAL SERVICES<br>(609) 348-4200 | **CUMBERLAND COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Case Management Office<br>Cumberlag County Courthouse<br>Broad & Fayette Streets<br>P.O. Box 615<br>Bridgeton, NJ 08302<br>(856) 451-8000<br>LAWYER REFERRAL<br>(856) 692-6207<br>LEGAL SERVICES<br>(856) 451-0003 | **MERCER COUNTY:**<br>Deputy Clerk of the Superior Court<br>Local Filing Office, Courthouse<br>175 South Broad St., P.O. Box 8068<br>Trenton, NJ 08650<br>(609) 278-7986<br>LAWYER REFERRAL<br>(609) 585-6200<br>LEGAL SERVICES<br>(609) 695-6249 | **SALEM COUNTY:**<br>Deputy Clerk of the Superior Court<br>Salem County Courthouse<br>92 Market Street<br>P.O. Box 18<br>Salem, NJ 08079<br>(856) 935-7510<br>LAWYER REFERRAL<br>(856) 935-5628<br>LEGAL SERVICES<br>(856) 451-0003 |
| **BERGEN COUNTY:**<br>Deputy Clerk of the Superior Court<br>Case Processing Section, Room 119<br>Bergen County Justice Center<br>10 Main Street<br>Hackensack, NJ 07601-0769<br>(201) 646-2800<br>LAWYER REFERRAL<br>(201) 488-0044<br>LEGAL SERVICES<br>(201) 487-2166 | **ESSEX COUNTY:**<br>Deputy Clerk of the Superior Court<br>50 West Market Street, Room 131<br>Newark, NJ 07102<br>(973) 693-5700<br>LAWYER REFERRAL<br>(973) 622-6207<br>LEGAL SERVICES<br>(973) 624-4500 | **MIDDLESEX COUNTY:**<br>Deputy Clerk of the Superior Court<br>Middlesex Administration Building<br>3rd Floor<br>1 Kennedy Square, P.O. Box 2633<br>New Brunswick, NJ 08903-2633<br>(732) 981-3200<br>LAWYER REFERRAL<br>(732) 828-0053<br>LEGAL SERVICES<br>(732) 249-7600 | **SOMERSET COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Division Office<br>New Courthouse, 3rd Floor<br>P.O. Box 3000<br>Somerville, NJ 08876<br>(908) 231-7000<br>LEGAL SERVICES<br>(908) 231-0840 |
| **BURLINGTON COUNTY:**<br>Deputy Clerk of the Superior Court<br>Central Processing Office<br>Attn: Judicial Intake<br>Burlington County Court Facility<br>First Floor<br>49 Rancocas Road<br>Mount Holly, NJ 08060<br>(609) 518-2500<br>LAWYER REFERRAL<br>(609) 261-4862<br>LEGAL SERVICES<br>(609) 261-1088 | **GLOUCESTER COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Case Management Office<br>Attn: Intake<br>First Floor, Court House<br>1 North Broad Street, P.O. Box 129<br>Woodbury, NJ 08096<br>(856) 848-3200<br>LAWYER REFERRAL<br>(856) 848-4589<br>LEGAL SERVICES<br>(856) 848-5360 | **MONMOUTH COUNTY:**<br>Deputy Clerk of the Superior Court<br>Monmouth County Courthouse<br>71 Monument Park<br>P.O. Box 1260<br>Freehold, NJ 07728-1260<br>(732) 677-4210<br>LAWYER REFERRAL<br>(732) 431-5544<br>LEGAL SERVICES<br>(732) 866-0020 | **SUSSEX COUNTY:**<br>Deputy Clerk of the Superior Court<br>Sussex County Judicial Center<br>43-47 High Street<br>Newton, NJ 07860<br>(973) 579-0675<br>LAWYER REFERRAL<br>(973) 267-5882<br>LEGAL SERVICES<br>(973) 383-7400 |
| **CA   N COUNTY:**<br>De   lerk of the Superior Court<br>Civil Processing Office<br>First Floor, Hall of Records<br>101 South Fifth Street<br>Camden, NJ 08103<br>(856) 225-5000<br>LAWYER REFERRAL<br>(856) 964-4520<br>LEGAL SERVICES<br>(856) 964-2010 | **HUDSON COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Records Dept.<br>Brennan Courthouse, First Floor<br>583 Newark Avenue<br>Jersey City, NJ 07306<br>(201) 795-6000<br>LAWYER REFERRAL<br>(201) 798-2727<br>LEGAL SERVICES<br>(201) 792-6363 | **MORRIS COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Division<br>30 Schuyler Place, P.O. Box 910<br>Morristown, NJ 07960-0910<br>(973) 656-4110<br>LAWYER REFERRAL<br>(973) 267-5882<br>LEGAL SERVICES<br>(973) 285-6911 | **UNION COUNTY:**<br>Deputy Clerk of the Superior Court<br>Union County Courthouse<br>2 Broad Street, First Floor<br>Elizabeth, NJ 07207-5073<br>(908) 659-4100<br>LAWYER REFERRAL<br>(908) 353-4715<br>LEGAL SERVICES<br>(908) 354-4340 |
| **CAPE MAY COUNTY:**<br>Deputy Clerk of the Superior Court<br>Cape May County Courthouse<br>9 North Main Street<br>Box DN-209<br>Cape May Court House, NJ 08210<br>(609) 465-1000<br>LAWYER REFERRAL<br>(609) 463-0313<br>LEGAL SERVICES<br>(609) 465-3001 | **HUNTERDON COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Division<br>65 Park Avenue<br>Flemington, NJ 08822<br>(908) 788-1589<br>LAWYER REFERRAL<br>(908) 735-2611<br>LEGAL SERVICES<br>(908) 782-7979 | **OCEAN COUNTY:**<br>Deputy Clerk of the Superior Court<br>Courthouse, Room 119<br>118 Washington Street<br>Toms River, NJ 08756<br>(732) 244-2121<br>LAWYER REFERRAL<br>(732) 240-3666<br>LEGAL SERVICES<br>(732) 341-2727 | **WARREN COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Division Office<br>Warren County Courthouse<br>413 Second Street<br>Belvidere, NJ 07823-1500<br>(908) 475-6161<br>LAWYER REFERRAL<br>(908) 267-5882<br>LEGAL SERVICES<br>(908) 475-2010 |
| | | **PASSAIC COUNTY:**<br>Deputy Clerk of the Superior Court<br>Civil Division<br>Passaic County Court House<br>77 Hamilton, NJ 07505<br>(973) 247-8000<br>LAWYER REFERRAL<br>(973) 278-9223<br>LEGAL SERVICES<br>(973) 345-7171 | |

B 151— Affidavit of Service of Summons or Subpoena; Personal or Alternate
Methods. Corp. or Ind.: Military Service. 10 pt. type. 1-95
© 1985 JULIUS BLUMBERG, INC.,
PUBLISHER, NYC 10013

SUPERIOR     COURT   OF NEW JERSEY
COUNTY OF  ATLANTIC - LAW DIVISION

ROBERT WILLIAMS, INDIVIDUALLY, AND AS EXECUTOR OF THE
ESTATE OF NORMA BROWN, DECEASED; NORMA DIXON

*Plaintiff(s)*

*against*

MERCK & CO. INC.

*Defendant(s)*

*Index No.*  ATL-L-8255-05-MT

**AFFIDAVIT OF
SERVICE OF SUMMONS
(AND COMPLAINT)**

ABBREVIATED SHORT FORM COMPLAINT FOR VIOXX
LITIGATION, CIVIL CASE INFORMATION SHEET,
TRACK ASSIGNMENT SHEET

STATE OF NEW YORK, COUNTY OF  NEW YORK       SS:  The undersigned, being duly sworn, deposes and says; deponent is not a
party herein, is over 18 years of age and resides at  NORTH BRUNSWICK, NEW JERSEY

That on  1/17/06             at 10:15 AM., at 1 MERCK DRIVE, WHITEHOUSE STATION, NEW JERSEY (LOBBY)
deponent served the within summons, *and complaint* on                                         defendant therein named,
ABBREVIATED SHORT FORM COMPLAINT FOR
VIOXX LITIGATION, CIVIL CASE INFORMATION        MERCK & CO. INC.
SHEET, TRACK ASSIGNMENT SHEET

INDIVIDUAL
1. ☐
by delivering a true copy *of each* to said defendant personally; deponent knew the person so served to be the person described as
said defendant therein.

CORPORATION
2. ☒
a  DOMESTIC             corporation, by delivering thereat a true copy *of each* to   CONNIE BOYLE
personally, deponent knew said corporation so served to be the corporation described in said summons as said defendant and
knew said individual to be  MANAGING AGENT          thereof.

SUITABLE AGE PERSON
3. ☐
by delivering thereat a true copy *of each* to                                         a person of suitable age
and discretion. Said premises is defendant's—actual place of business—dwelling place—usual place of abode—within the state.

AFFIXING TO DOOR, ETC.
4. ☐
by affixing a true copy *of each* to the door of said premises, which is defendant's—actual place of business—dwelling place—
usual place of abode—within the state. Deponent was unable, with due diligence to find defendant or a person of suitable age
and discretion thereat, having called there

MAILING TO RESIDENCE
USE WITH 3 OR 4
5A. ☐
Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to
defendant at defendant's last known residence, at                                         and deposited
said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State.

MAILING TO BUSINESS
USE WITH 3 OR 4
5B. ☐
Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a first class post paid envelope properly
addressed to defendant at defendant's actual place of business, at
in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore
the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the
communication was from an attorney or concerned an action against the defendant.

DESCRIPTION
USE WITH
1, 2, OR 3
☒
| | | | | | |
|---|---|---|---|---|---|
| ☐ Male | ☒ White Skin | ☐ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☒ Female | ☐ Black Skin | ☒ Brown Hair | ☐ Balding | ☐ 21-35 Yrs. | ☐ 5'0"-5'3" | ☐ 100-130 Lbs. |
| | ☐ Yellow Skin | ☐ Blonde Hair | ☐ Mustache | ☐ 36-50 Yrs. | ☒ 5'4"-5'8" | ☒ 131-160 Lbs. |
| | ☐ Brown Skin | ☐ Gray Hair | ☐ Beard | ☒ 51-65 Yrs. | ☐ 5'9"-6'0" | ☐ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | ☐ Glasses | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

Other identifying features:

USE IN
NYC CIVIL CT.
☐
The words "CONSUMER CREDIT TRANSACTION" were prominently displayed at the top of the summons(es) and the additional
legend was printed in not less than 12 point bold upper case type on the summons(es) pursuant to 22 NYCRR §208.6(d) and (f).

MILITARY
SERVICE
☐
I asked the person spoken to whether recipient was in active military service of the United States or of the State of New York in any
capacity whatever and received a negative reply. Recipient *wore ordinary civilian clothes and no military uniform*. The source of
my information and the grounds of my belief are the conversations and observations above narrated. Upon information and
belief I aver that the recipient is not in military service of New York State or of the United States as that term is defined in either
the State or in the Federal statutes.

Sworn to before me on
1/19/06

JOHN DICANIO
Notary Public, State of New York
No. 01-DI4977768
Qualified in Westchester County
Commission Expires Feb. 11, 2007

PRINT NAME BENEATH SIGNATURE
ADRIANO GINES

License No.    845419

INSTRUCTIONS: Check appropriate boxes and fill in blanks. Delete inappropriate italicized language and military service allegation if not applicable.

**Attachment C**

**Tammie Marrs**

| | |
|---|---|
| **From:** | Price Ainsworth |
| **Sent:** | 09/14/2006 11:51 AM |
| **To:** | Tammie Marrs |
| **Subject:** | FW: RE: Vioxx - Brown - Ainsworth's MDL Case; E-mails to Hughes Hubbard |

fyi

---

**From:** Steve Stein [mailto:sbs@lskg-law.com]
**Sent:** Wednesday, September 13, 2006 7:47 PM
**To:** Price Ainsworth
**Cc:** John Pashby; J.C. Luske; Larry J. Gornick
**Subject:** FW: RE: Vioxx - Brown - Ainsworth's MDL Case; E-mails to Hughes Hubbard

Price,

This is the e-mail chain that reflects my efforts to convince Merck to allow you to drop the MDL case.

They never followed through.  I would attach them to your motion.

Steve

Steven B. Stein
Levin Simes Kaiser & Gornick
One Bush Street, 14th Floor
San Francisco, CA  94104
(415) 646-7171 (direct dial)
(415) 981-1095 (direct facsimile)
(415) 302-8832 (cell)
-----Original Message-----
**From:** John Pashby
**Sent:** Wednesday, September 13, 2006 11:22 AM
**To:** Steve Stein
**Subject:** RE: Vioxx - Brown - Ainsworth's MDL Case

Steve,

Below are the emails from March and April 2006 I was copied on regarding your discussions with Ainsworth and Cecily Williams of Hughes Hubbard & Reed about the Brown matter.

It appears that this all started when the probate attorney who Robert Williams (son of decedent) signed up with to handle the estate had a clause in his retainer agreement about prosecuting a Vioxx case, which the clients either didn't know about or understand.  It was referred by this probate attorney to Ainsworth, who then filed it in federal court without telling the clients.

John

-----Original Message-----
**From:** Steve Stein
**Sent:** Tuesday, April 25, 2006 2:52 PM
**To:** 'williamc@hugheshubbard.com'
**Cc:** 'price@ainsworth-law.com'; John Pashby; Larry J. Gornick
**Subject:** Re: Vioxx-Williams as Admin of the Estate of Brown

09/14/06

Cecily,

Thanks for speaking with me earlier today referable to the above action.

My understanding of the facts as to how Price Ainsworth's firm and our firm came to both file Vioxx cases, is that Price was asked to proceed on behalf of a probate attorney consulted by Robert Williams (for probate purposes). Apparently the probate attorney's retainer also included prosecution of a Vioxx case, but the clients did not understand that.

The clients instead retained our firm to represent them in their Vioxx claim pursuant to written retainer and we proceeded to file an action in the New Jersey state court.   That action is filed, served and moving forward.

The situation, simply stated, is that the clients did not understand that Price was going to file a case in Texas for them, did not (knowingly) authorize him to do so, and wish to proceed solely in New Jersey.

Assuming what I have written is accurate and is also confirmed by declaration from the client, I would find it very hard to believe that a Court would insist that the clients are required to proceed with a lawsuit and attorney that they at no time understood was acting in their behalf.

Perhaps we can meet and confer on this next week with your Texas colleagues and see what we can work out. Let me know.

Thank you.

Steve Stein

Steven B. Stein
Levin Simes Kaiser & Gornick
One Bush Street, 14th Floor
San Francisco, CA  94104
(415) 646-7171 (direct dial)
(415) 981-1095 (direct facsimile)
(415) 302-8832 (cell)

-----

-----Original Message-----
**From:** Steve Stein
**Sent:** Tuesday, March 21, 2006 8:14 PM
**To:** John Pashby
**Subject:** FW: Vioxx - Robert Williams for Estate of Brown [Scanned]

FYI.

Steve
-----Original Message-----
**From:** Steve Stein
**Sent:** Tuesday, March 21, 2006 8:13 PM
**To:** 'Price Ainsworth'
**Subject:** RE: Vioxx - Robert Williams for Estate of Brown [Scanned]

Price,

Do you have a written retainer from the clients, either in your name or the referring attorney's name?

Call me to go over this.

I think it can all work out.  My pitch to the Merck NY attorney was we need to show the MDL panel that the "meet and confer" process works, and your client should have a clear and direct declaration from the clients that they did not authorize your filing.

This new info will make it easy, but I do not want to make any factual mistakes.

Steve
-----Original Message-----
**From:** Price Ainsworth [mailto:Price@ainsworth-law.com]
**Sent:** Tuesday, March 21, 2006 7:58 PM
**To:** Steve Stein
**Subject:** RE: Vioxx - Robert Williams for Estate of Brown [Scanned]

The Plaintiffs were referred to me by the lawyer in Houston who set up the estate.

---

**From:** Steve Stein [mailto:sbs@lskg-law.com]
**Sent:** Tuesday, March 21, 2006 4:31 PM
**To:** Price Ainsworth
**Cc:** John Pashby
**Subject:** Re: Vioxx - Robert Williams for Estate of Brown

Price,

I spoke to Cecily Williams of Hughes Hubbard and explained the situation.  She is going to speak to Texas counsel for Merck.  I suggested the four of us confer.  I offered her a declaration from the clients to confirm they were "confused" and did not understand you were ever retained to represent them.

What the told my colleague, John Pashby, is they have no idea who you are and have no recollection of signing anything with your firm.  If they spoke to your staff they thought they were speaking to us.  They said they did do some internet inquiries, and that is their only possible contact.

Before I write a declaration from the clients I want to better understand how you ended up with the case.

Call me.

Steve

Steven B. Stein
Levin Simes & Kaiser
One Bush Street, 14th Floor
San Francisco, CA  94104
(415) 646-7171 (direct dial)
(415) 981-1095 (direct facsimile)
(415) 302-8832 (cell)

---

-----Original Message-----
**From:** Steve Stein

09/14/06

**Sent:** Tuesday, March 21, 2006 2:31 PM
**To:** 'price@ainsworth-law.com'
**Cc:** John Pashby
**Subject:** Re: Vioxx - Robert Williams for Estate of Brown

Price,

I spoke to Cecily Williams of Hughes Hubbard and explained the situation. She is going to speak to Texas counsel for Merck. I suggested the four of us confer. I offered her a declaration from the clients to confirm they were "confused" and did not understand you were ever retained to represent them.

What the told my colleague, John Pashby, is they have no idea who you are and have no recollection of signing anything with your firm. If they spoke to your staff they thought they were speaking to us. They said they did do some internet inquiries, and that is their only possible contact.

Before I write a declaration from the clients I want to better understand how you ended up with the case.

Call me.

Steve

Steven B. Stein
Levin Simes & Kaiser
One Bush Street, 14th Floor
San Francisco, CA 94104
(415) 646-7171 (direct dial)
(415) 981-1095 (direct facsimile)
(415) 302-8832 (cell)

09/14/06

Law Offices of

# Price Ainsworth

A PROFESSIONAL CORPORATION
48 EAST AVENUE
AUSTIN, TEXAS  78701-4320
(512) 474-6061
Fax (512) 474-1605
www.ainsworth-law.com

Email: price@ainsworth-law.com

**PRICE AINSWORTH**
Board Certified Personal Injury Trial Law
Texas Board of Legal Specialization

**GIBBS HENDERSON**
Attorney

**KEVIN McCOY, TBLS**
Board Certified Legal Assistant
Personal Injury Trial Law

**TAMMIE MARRS**
Paralegal\Bookkeeper

#3515-28C.009

September 28, 2006

<u>**VIA FACSIMILE – 201-536-0799**</u>
<u>**and e-mail through Lexis\Nexis**</u>
John Poulos, Esq.
Hughes Hubbard & Reed, L.L.P.
101 Hudson Street, Suite 3601
Jersey City, New Jersey 07302

Re:     In re Vioxx® Products Liability Litigation
           MDL No. 1657
           Robert L. Williams v. Merck & Co., Inc.
           Docket No. 2:06-cv-03155-EEF-DEK

Dear Mr. Poulos:

Thank you for your letter of September 12, 2006.

As you know from earlier correspondence, telephone logs, and e-mail exchanges with attorneys from your office, Mr. Williams has a state court action in New Jersey filed through other counsel as well as the federal action referenced above.

The purpose of this letter is provide one more opportunity (in furtherance of the "meet and confer" process) for your client to resolve the issue of where and in which Court the Brown claim should be prosecuted in this unusual situation.

Enclosed for your review is a copy of a motion that I intend to file on October 2, 2006 before Judge Fallon who is presiding over the Vioxx MDL. As you can see from the declaration of Steven B. Stein, Esq., attorney for the Brown family in the New Jersey Vioxx litigation, Mr. Williams does not wish for me to pursue his Vioxx claim. While I have done so thus far in good faith, he has directed me not to pursue the matter further. The claim has been actively pursued in New Jersey.

If your client will not agree to dismiss voluntarily the MDL claim, can we agree that there is no need for my office to prepare and file a Plaintiff Profile Form until the motion to dismiss has been decided by Judge Fallon? That agreement would avoid the need for my filing that portion of the motion which seeks a protective order on the Plaintiff Profile Form issue. As

September 28, 2006
Page 2

you know, Mr. Williams has filed a "Fact Sheet" in the New Jersey litigation that tracks the Plaintiff's Profile Form in federal court.

If I do not hear from you on or before Monday, October 2, 2006, I will file the motion and attach a copy of this letter so the Court is aware of our efforts to meet and confer.

Thank you for your attention to this matter.

Sincerely,

Price Ainsworth

PA:tm

cc:
Steven Stein \ Via Facsimile – 415-981-1270

**Attachment D**

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: ATLANTIC COUNTY

In Re: VIOXX® LITIGATION

Case Code No. 619

**FIRST REVISED AMENDED PLAINTIFF'S
FACT SHEET**

Plaintiff: Robert Williams
                                    (name)

This Amended Plaintiff's Fact Sheet and the attached List of Medical Providers and Other Sources of Information must be completed by each plaintiff who used VIOXX® or their personal representatives. Section VIII must be completed by loss of consortium plaintiffs. In filling out this form, please use the following definitions:

(1)     **"health care provider"** means any hospital, clinic, center, physician's office, infirmary, medical or diagnostic laboratory, or other facility that provides medical, dietary, psychiatric, mental, emotional or psychological care or advice, and any pharmacy, counselor, dentist, X-ray department, laboratory, physical therapist or physical therapy department, rehabilitation specialist, physician, psychiatrist, osteopath, homeopath, chiropractor, psychologist, therapist, nurse, herbalist, nutritionist, dietician or other persons or entities involved in the evaluation, diagnosis, care and/or treatment of you or your decedent;

(2)     **"document"** means any writing or record or any type, however produced and whatever the medium on which it was produced or reproduced, and includes, without limitation, the original and any non-identical copy (whether different from the original because of handwritten notes or underlying on the copy or otherwise) and all drafts of papers, letters, telegrams, telexes, notes, notations, memoranda of conversations or meeting, calendars, diaries, minutes of meetings, interoffice communications, electronic mail, message slips, notebooks, agreements, reports, articles, books, tables, charts, schedules, memoranda, medical records, X-rays, advertisements, pictures, photographs, films, accounting books or records, billings, credit card records, electrical or magnetic recordings or tapes, or any other writings, recordings, or pictures of any kind of description.

You may attach as many sheets of paper as necessary to fully answer these questions.

2

## I.   CASE INFORMATION

**A.**   Name of person completing this form: Robert Williams

**B.**   Please state the following for the civil action which you filed:

1.   Case Caption: Williams vs. Merck & Co., Inc.

2.   Case No.: ATL-L-8255-05-MT

3.   Please state the name, address, and telephone number of the principal attorney representing you:
William A. Levin, Esq.; Steven B. Stein, Esq.
Name
Levin Simes Kaiser & Gomick LLP
Firm
One Bush Street, 14th Floor, San Francisco, CA 94104
City, State, and Zip Code
(415) 646-7160
Telephone Number

**C.**   If you are completing this questionnaire in a representative capacity (e.g., on behalf of the estate of a deceased person or a minor), please complete the following:

1.   Robert L. Williams     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
Your name and Social Security Number

2.   n/a
Maiden or Other Names Used by Which You Have Been Known

3.   1612 West Kettelle
Street Address

4.   Peoria, IL  61605
City, State and Zip Code:

5.   If you are in a representative capacity, state which individual or estate you are representing, and in what capacity you are representing the individual or estate:
Norma J. Brown: Independent Administrator of Estate

6.   If you were appointed as a representative by a court, state the:
Probate #3 Harris County, TX    March 26, 2005
Court                              Date of Appointment

7.   Your relationship to deceased or represented person or person claimed to be injured:
Brother

8.   If you represent a decedent's estate or claim loss of consortium based on a decedent's death, state the date of death of the decedent and the address of the place where the decedent died:
n/a

3

*If you are completing this questionnaire in a representative capacity, please respond to the remaining questions with respect to the person who used VIOXX®, unless the question instructs you otherwise. Those questions using the term "You" refer to the person who used the VIOXX®, unless you are instructed otherwise. If the individual is deceased, please respond as of the time immediately prior to his or her death, unless a different time period is specified.*

D.   Claim Information

1.   What bodily injury do you claim resulted from your use of VIOXX®?
     Pulmonary embolism, death and all injuries related thereto

2.   When do you claim this injury occurred? On or about December 22, 2003

3.   Who diagnosed the condition? Dr. Peter Curtis

4.   Did you ever suffer this injury prior to the date set forth in answer to the prior question? If "yes," when and who diagnosed the condition at that time?
     No.

5.   Do you claim that that your use of VIOXX® worsened a condition that you already had or had in the past?
     Yes _____ No _X_
     If "yes," set forth the injury or condition; whether or not you had already recovered from that injury or condition before you took VIOXX®; and the date of recovery, if any. n/a

E.   Are you claiming damages for mental or emotional distress as a consequence of VIOXX®?
     Yes _____ No _X_

If "yes," describe the kind of injury you allege and when you allegedly suffered it, and list all individuals from whom you received treatment for such injury and the dates on which treatment was received.

_____

Also if "yes," state whether you have experienced or been treated for any psychological, psychiatric or emotional problem prior to the use of VIOXX®, including but not limited to panic attacks, anxiety, post traumatic stress disorder, depression, thoughts of hurting yourself or other people, schizophrenia, bipolar disorder, personality disorders (e.g., obsessive compulsive, paranoid, borderline, histrionic, other), generalized anxiety disorder, social phobia/anxiety disorder, post-traumatic stress disorder, depression, mania, poor sleep, poor concentration, suicidal thoughts/attempts, and drug abuse.

     Yes_____ No _X_

If "yes," state:
a.   Name and address of each person who treated you:

_____
Name

4.

b.    Address (if not otherwise provided)

b.    Condition for which treated: _____

c.    When treated: _____

d.    Medications prescribed for such condition: _____

**II.**    **VIOXX® PRESCRIPTION INFORMATION**

A.    Who prescribed VIOXX® for you? Dr. J. Lee

B.    On which dates did you begin to take, and stop taking, VIOXX®?
Started on October 16, 2003 and stopped on December 22, 2003

C.    For what condition were you prescribed VIOXX®? Arthritis

D.    Did you renew your prescription for VIOXX®? *If "yes"*, how many times?
Plaintiff renewed her Vioxx prescription twice.

E.    If you received any samples of VIOXX®, state who provided them, how much and
when they were provided: unknown

F.    Which form of VIOXX® did you take (check all that apply)?
12.5 mg Tablet (cream, round, MRK 74): _____
12.5 mg Oral Suspension: _____
25 mg Tablet (round, yellow, MRK 110) __X__
25mg Oral Suspension:_____
50 mg Tablet (round, orange, MRK 114):_____

G.    How many times per day did you take VIOXX®? Once daily

H.    Pharmacy information. If you received a prescription for VIOXX®, state for each
prescription the name and address of the pharmacy where it was filled, and the
number of times it was filled:
Walgreen's: 8300 Wilcrest Drive, Houston, TX 77072 : filled (3) times at this location.

I.    Have you reviewed any written, televised or internet-based advertising or labeling
material regarding VIOXX®?
        Yes _____ No __X__
If "yes", state which written, televised or internet-based advertising or labeling materials
you reviewed regarding VIOXX® and when you reviewed such materials.

J.    1.    Have you had discussions with any doctor about whether your claimed injury as

5

set forth in Section I (D), above, is related to the use of VIOXX®?
        Yes _____ No __X__

2.   Identify the doctor or doctors with whom you had such discussions:

_____
Name

_____

_____
Address (if not otherwise provided)
[If discussed with more than one doctor, please copy and complete Part 2 for each.]

K.   State whether you requested that any doctor or clinic provide you with VIOXX® or a prescription for VIOXX®:
        Yes_____ No __X__

L.   Were you given any written instructions or warnings regarding the use of VIOXX®?
        Yes _____ No __X__
     *If "yes"*, state:
     1) When the written instructions or warnings were given:

     _____

     2) A description of the written warnings or instructions (e.g., package insert, patient
     product information; pharmacy handout, etc.): _____

     3) Identify each person or entity from whom you received warnings or instructions:

     _____
     Approximate date you received the written instructions or warnings:_____
     Summary of instructions/warnings received:

     _____

     _____

M.   What other medications (including aspirin), if any, were you taking at the same time you were taking VIOXX®?
     Femhert; Macrobia

N.   1.   What other medications (including, but not limited to, aspirin, ibuprofen,
          naproxen, and Celebrex) have you taken for osteoarthritis, rheumatoid arthritis,
          or pain relief, and when did you take them?
           None known

          _____

     2.   Do you believe you have ever experienced gastrointestinal problems or other
          adverse side effects from any or all of these other medications? If yes, list the
          side effect, the medication you were taking and the date(s) on which you
          experienced the adverse side effect.  n/a

     3.   Did you believe you experienced any of the adverse side effects listed in your
          answer to the preceding question while taking VIOXX®? If yes, set forth which

6

adverse side effect you experienced, when, what treatment you received for the
adverse side effect, and who prescribed that treatment. n/a

O.   On what date, and in what city and state, did you first experience any symptoms you
believe are related to the injury alleged in your complaint and what were those symptoms?
December 22, 2003: Houston, TX, abdominal pain

P.   Were there any witnesses to the symptoms identified above? *If "yes"*, state their names,
addresses, phone numbers and relationships to you.
Witnesses include, but are not limited to:
Mary McKinsey, friend, Houston, TX, Tel (281)-752-9249

Q.   When did you first contact a doctor or healthcare professional concerning this injury?
Whom did you contact?
December 22, 2003: 911 phone call

R.   If you were taken to a doctor or health care facility for the injury alleged in your
complaint, state the name and address of the persons, police department, fire department,
emergency medical workers, or Ambulance Company that took you to the doctor or
health care facility.
Houston Fire Department: 601 Sawyer, Ste. 500, Houston, TX 77007

## III.   PERSONAL INFORMATION OF THE PERSON WHO USED VIOXX®

A.   Last Name: Brown

First Name: Norma

Middle Name or Initial: Jean

B.   Maiden or other names used or by which you have been known:  n/a

C.   Social Security Number: 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

D.   Present Street Address:
Deceased

| City | State | Zip Code |
|------|-------|----------|
|      |       |          |

E.   Identify each address at which you have resided during the last ten (10) years, and list
when you started and stopped living at each one:

| Address | From | to |
|---------|------|-----|
| 11314 Concho, Houston, TX 77072 | 1/1990 | 12/22/2003 |
| Address | From | to |
| Address | From | to |

7

| Address | From | to |

F.    Identify each high school, college, university or other educational institution (except grade school) you have attended, the dates of attendance, courses of study pursued, and diplomas or degrees awarded:

Peoria High School; Bradley University (details unknown)

_____

_____

_____

G.    Employment information:

     1.    Current employer (if not currently employed, last employer):

         Select Medical Services
_____
Name

         Houston, Texas (Exact address unknown)
_____
Address

         Unknown to 12/22/2003
_____
Dates of employment

         Registered nurse
_____
Occupation/Job Duties

     2.    List the following for each employer you have had in the last ten (10) years:

_____
Name

_____
Address

_____
Dates of employment

_____
Occupation/Job Duties

_____
Name

_____
Address

_____
Dates of employment

_____
Occupation/Job Duties

_____
Name

_____
Address

_____
Dates of employment

_____
Occupation/Job Duties

H.    Driver's License Number and State Issuing License:   Texas: TX11008547

8

I.    Date and Place of Birth: July 19, 1947: Peoria, IL

J.    Sex: Male _____ Female __X__

K.    Military Service Information

    1.    Have you ever served in any branch of the U.S. Military?
        Yes _____ No __X__

        If "yes", please state:
        I. What branch and the dates of service: _____

        2. Were you discharged for any reason relating to your physical, psychiatric or emotional condition?
        Yes _____ No _____

        If "yes", state what that condition was: _____

    2.    Have you ever been rejected from military service for any reason relating to your health or physical condition?
        Yes _____ No __X__

        If "yes", state what that condition was: _____

    3.    Have you ever served in the military overseas?
        Yes _____ No __X__
        If "yes", state location and dates: _____

L.    Insurance/Claim Information

    1.    Have you ever filed a worker's compensation claim?
        Yes _____ No __X__

    If "yes", please state:

      1.    Year claim was filed: _____

      2.    Court/State where claim was filed: _____

      3.    Claim/docket number, if applicable: _____

      4.    Nature of disability: _____

      5.    Period of disability: _____

      6.    Benefits received, if any: _____

[Attach additional sheets if necessary to describe more than one claim]

    2.    Have you ever filed a social security disability claim (SSI or SSD)?
        Yes _____ No __X__
        If yes, please state:

      1.    Year claim was filed: _____

      2.    Where claim was filed: _____

      3.    Nature of disability: _____

      4.    Period of disability: _____

[Attach additional sheets if necessary to describe more than one claim]

9

3.  Have you ever been denied life insurance or medical insurance for reasons relating to your medical or physical condition?
    Yes _____ No ___X___
    If "yes", state when, the name of the company and the company's stated reason for denial: _____

4.  *(Answer this question if you are claiming damages for mental or emotional distress.)* Have you ever been denied life insurance or medical insurance for reasons relating to your mental or emotional condition?
    Yes _____ No _____
    If "yes", state when, the name of the company and the company's stated reason for denial: _____

5.  Has any insurance or other company provided medical coverage to you (either directly or through including and employer of yours) or paid medical bills on your behalf at any time, beginning ten (10) years before your alleged injury through the present?
    Yes ___X___ No _____
    *If yes*, then as to each company, separately state:
    Name of the company:  Blue Shield _____

    Address of the company: unknown _____

    The account/policy number or designation: SBR353381723 _____

    Dates of coverage:  unknown _____

    When claim was made: unknown _____

6.  Have you ever been out of work for more than thirty (30) days for reasons related to your health? *If "yes"* set forth when and the reason.
    Yes _____ No ___X___
    When: _____

    Reason: _____

7.  Have you ever filed a lawsuit or made a claim, other than in the present suit, relating to any bodily injury?
    Yes _____ No ___X___
    If "yes", state the court in which such action was filed, the caption, case name and/or names of adverse parties, and the civil action or docket number assigned to each claim, action or suit, and a brief description for the claims asserted.
    _____
    _____

M.  Have you ever been convicted of a crime? If "yes", set forth where, when and the crime.
    Yes _____ No ___X___
    _____

10

**IV.   FAMILY INFORMATION**

A.   List for each marriage the name of your spouse; spouse's date of birth (for your current spouse only); spouse's occupation; date of marriage; date the marriage ended, if applicable; and how the marriage ended (e.g. divorce, annulment, death):
None

B.   Has your spouse filed a loss of consortium claim in this action?
Yes _____ No __X__

C.   Has any parent, grandparent, child, or sibling ever been diagnosed with a problem or condition relating to the same organ or organ system identified in your answer to section I (D)?

Yes _____ No __X__ Don't Know _____

*If "yes"*, identify each such person below and provide the information requested.

1.   Name: _____

Current Age (or Age at Death): _____

Type of Problem: _____

If Applicable, cause of Death: _____

2.   Name: _____

Current Age (or Age at Death): _____

Type of Problem: _____

If Applicable, cause of Death: _____

3.   Name: _____

Current Age (or Age at Death): _____

Type of Problem: _____

If Applicable, cause of Death: _____

D.   If applicable, for each of your children, list his/her name, age, occupation and address.
Dora Rene Dixon, disabled, 1612 W. Kettelle, Peoria, IL 61605.

E.   If you are claiming the wrongful death of a family member, list any and heirs of the decedent who have standing to assert a wrongful death claim. Dora Rene Dixon-Daughter
Robert Williams- brother and
independent Administrator of Deceased
Estate

F.   If you are bringing a survivor cause of action, state whether you have been appointed as the decedent's personal representative authorized to prosecute the decedent's claims, and when and by whom you were so appointed.  n/a

**V.   CURRENT MEDICAL CONDITION**

11

**A.**  Do you currently suffer from any physical injuries, illnesses or disabilities other than those you alleged are the result of your use if VIOXX® in section I(D)?

      Yes \_\_\_\_\_ No \_\_X\_\_

**B.**  If "**yes**", please state the following for each injury, illnesses or disability:

    1.    Identify the injury, illness, or disability, their symptoms and date of onset, injury, illness, or disability, and their symptoms:

Date of onset: _____

    2.    By whom first diagnosed:

Name _____    Address (If not otherwise provided) _____

Date of diagnosis _____

**VI.**  **MEDICAL BACKROUND**

**A.**  Height: <u>5'9"</u>

**B.**  Current Weight: <u>n/a</u>

    Weight at the time of the injury, illness, or disability described in section I(D): <u>235lbs</u>

**C.**  Prescription Medicines

    1.    List each prescription medicine you have taken regularly in the last ten (10) years, identifying the medication and the condition for which it was prescribed.

Vioxx
Medication

Pain
Condition for which prescribed

Cardizem
Medication

Unknown
Condition for which prescribed

HCTZ
Medication

Unknown
Condition for which prescribed

Protonix
Medication

Unknown
Condition for which prescribed

Femhert
Medication

Unknown
Condition for which prescribed

Macrobia
Medication

Unknown
Condition for which prescribed

12

2.   To the best of your knowledge, state whether you used any of the following from ten (10) years prior to the date of your injury you allege in Section I (D) through the present, circle all medications you have used, state the first and last dates you took the medication, and identify the doctor that prescribed the medication..

| Medication | Date First Taken | Date Last Taken | Prescribing Doctor | Reason for Prescription |
|---|---|---|---|---|
| Angiotension Converting Enzyme ("ACE") Inhibitors (Altace, Aceon, Accupril, Monopril, Lotensin, Capoten, Vasotec, Prinivil, Zestril, Univasc, Mavik, other_____) | n/a | | | High blood pressure, heart disease, cardiomyopathy, previous heart attack, enlarged heart, kidney problems, diabetes, other_____ |
| Angiotension II Receptor Antagonists ("ARBs") (Cozaar, Diovan, Avapro, Micardis, Atacand, other_____) | n/a | | | High blood pressure, heart disease, cardiomyopathy, previous heart attack, enlarged heart, kidney problems, diabetes, other_____ |
| Beta Blockers (Inderal, opresser,Toprol,Sectral, Corgard,Coreg,Tenormi n, Timoptic, Betoptic, Brevibloc, Betapace, Visken, other_____) | n/a | | | High blood pressure, heart problems, previous heart attack, recurrent chest pain, migraine headaches, eye problems, panic disorders, social phobias. other:_____ |
| Calcium Channel Blockers (Norvasc, Procardia, Calan, Cardizem, Plendil, Cardene, Sular, other_____) | Unknown | Unknown | Unknown | Recurrent chest pain, heart problems, Raynaud's phenomenon, migraine headaches, esophageal (throat) spasm, other unknown |

| Medication | Date First Taken | Date Last Taken | Prescribing Doctor | Reason for Prescription |
|---|---|---|---|---|
| Alpha Blockers (Cardura, Minipress, Hytrin, other _____) | n/a | | | High blood pressure, benign prostatic hypertrophy (BPH), hear problems, other _____ |
| Diuretics (Hydrodiuril, Hygroton, Microx, Lozol, Lasix, (furosemide), Demadex, Dyazide, Aldactazide, Moduretic, other HCTZ) | unknown | unknown | Dr. Anderson | High blood pressure, edema in legs (fluid), heart problems, other Unknown |
| Central Alpha Agonists (Catapres, Tenex, Aldomet, Wytensin, other _____) | n/a | | | High blood pressure, other _____ |
| Other (please list) (can include combination pills, or any other pill thought to be prescribed for high blood pressure) | n/a | | | |
| Heart Medications (other than ACE inhibitors, ARBs, or high blood pressure medications already listed above) (Digoxin (lanoxin), Amrinone, Primacor, other _____) | n/a | | | |

14

| Medication | Date First Taken | Date Last Taken | Prescribing Doctor | Reason for Prescription |
|---|---|---|---|---|
| Anticoagulants (Coumadin (warfin), Heparin or Low Molecular Weight Heparin, other _____ ) | n/a | | | Blood clot (DVT), atrial fibrillation, previous heart attack, prolonged hospitalization, suspected or proven pulmonary embolism (PE), heart valve problems, other |
| Aspirin (circle dose (81mg or 325 mg) and number of times taken each day: ___ ) | n/a | | | Prevention for heart attack, prevention for stroke and/or transient ischemic attack (TIA), rheumatoid arthritis, other pain syndromes, rheumatic fever, osteoarthritis, previous heart or other surgery, other |
| Anti-Platelet Medications (other than aspirin) (Plavix, Apo-Dipyridamole, Ticlid, other _____ ) | n/a | | | Heart surgery, heart attack, catherization, stenting, chest pain at rest, other |
| Cholesterol Lowering Drugs (Lipitor, Zocur, Pravachol, Lescol, Colestid, Niacin, Lopid, other _____ ) | n/a | | | |

15

| Medication | Date First Taken | Date Last Taken | Prescribing Doctor | Reason for Prescription |
|---|---|---|---|---|
| Pain Medications (Advil, Motrin, naproxen (can be sold as "Naprosyn"), Aleve, Tylenol (acetaminophen) Actron, Indocin (indomethacin), migraine medications (e.g., Imitrex), other _____ ) | n/a | | | |
| Hormone Replacement Therapy (Prepro, Premarin, other _____ ) | n/a | | | |
| Rifampin | n/a | | | |
| Theophylline | n/a | | | |
| Methotrexate | n/a | | | |
| Diet Drugs or Diet Supplements (Phen-Fen, other) | n/a | | | |
| Herbal Remedies or Supplements (Kava, Ginseng, Ginko Biloba, St. John's Wort, Sal Palmetto, other: _____ ) | n/a | | | |

**Psychiatric Medications** *(Only answer these questions if you are claiming damages for mental or emotional distress. If you are not claiming such damages, please go to Section D, below.)*

| Medication | Date First Taken | Date Last Taken | Prescribing Doctor | Reason for Prescription |
|---|---|---|---|---|
| Antidepressants Tricyclic Anti-Depressants (TCAs) (Amitril, Asendin, Anafranil, Adapin, Ludiomil, Vivactil, Surmontil, Elavil, Endep, Norpramin, Pertofrane, Imipramine, Janimine, Tofranil, Aventyl, Pamelor, other _____ ) | n/a | | | Depression, chronic fatigue syndrome, bipolar disorder, generalized anxiety disorder, poor concentration, suicidal thoughts or attempts, alcohol or drug abuse, personality disorders, schizophrenia, eating disorders, other _____ |
| Selective Serotonin Reuptake Inhibitors (SSRIs) (Prozac, Paxil, Zoloft, Celexa, Luvox, other _____ ) | n/a | | | |
| Monamine Oxidase Inhibiotrs (MAOIs) (Nardil, Parnate, other _____ ) | n/a | | | |

| Medication | Date First Taken | Date Last Taken | Prescribing Doctor | Reason for Prescription |
|---|---|---|---|---|
| Anti-Anxiety Medications Benzodiazcpines (Xanax, Librium, Klonopin, Tranxene, Valium, Dalmane, Paxipam, Ativan, Serex, Centrax, other _____ ) | n/a | | | Depression, chronic fatigue syndrome, bipolar disorder, generalized anxiety disorder, poor concentration, suicidal thoughts or attempts, alcohol or drug abuse, personality disorders, schizophrenia, eating disorders, other |
| Anti-Psychotic Medications (Haldol, Risperdal, Zyprexa, Clozaril, Leponex, Geodon, other _____ ) | n/a | | | Schizophrenia, other _____ |
| Anti-Convulsant Medications (Tegretol, Depakote, other _____ ) | n/a | | | Schizophrenia, seizure disorder, other _____ |
| Lithium | n/a | | | Bipolar disorder, other _____ |

D.    Smoking/Tobacco Use History:
*Check the answer and fill in the blank applicable to your history of smoking and/or tobacco use.*

_____    Never smoked cigarettes/cigars/pipe tobacco or used chewing tobacco/snuff.

__X__    Past smoker of **cigarettes**/cigars/pipe tobacco or used chewing tobacco/snuff.
Date on which smoking/tobacco use ceased: <u>unknown</u>
Amount smoked or used: <u>1 cigarette</u> per day for <u>20</u> years.

_____    Current smoker of cigarettes/cigars/pipe tobacco or user of chewing tobacco/snuff.
Amount smoked or used: _____ per day for _____ years.

E.    Drinking History:

1.    Do you now drink or have you in the past drunk alcohol (beer, wine, whiskey, etc.)?

Yes __X__ No _____

*If "no"*, go to Section F below.  If yes, check the following box which represents your greatest alcohol consumption over an extended (6 months or greater) period within the last 10 years:

____X____  1-5 drinks per week
_____  6-10 drinks per week
_____  11-14 drinks per week
_____  15 or more drinks per week
_____  Other (describe) _____

Check the following box which represents your weekly alcohol consumption for the month prior to the time that you sustained the injuries alleged in the complaint:

____X____  1-5 drinks per week
_____  6-10 drinks per week
_____  11-14 drinks per week
_____  15 or more drinks per week
_____  Other (describe) _____

F.    Caffeine History:

1.    Do you now or have you in the past consumed caffeinated beverages (coffee, tea, sodas, etc.)?

Yes _____ No __X__

*If "yes"*, check the following box which represents your greatest caffeine consumption over an extended (6 months or greater) period within the last 10 years:

_____ 1-5 drinks per week
_____ 6-10 drinks per week
_____ 11-14 drinks per week
_____ 15 or more drinks per week
_____ Other (describe) _____

Check the following box which represents your weekly caffeine consumption for the month prior to the time that you sustained the injuries alleged in the complaint:

_____ 1-5 drinks per week
_____ 6-10 drinks per week
_____ 11-14 drinks per week
_____ 15 or more drinks per week
_____ Other (describe) _____

G.    Illicit Drugs:

1.    a) Have you ever used (even one time) any illicit drugs of any kind within one (1) year before, or any time after, you first experienced your alleged VIOXX®-related injury?

Yes_____ No __X__

b) *If "yes"*, identify each substance and state when you first and last used it.

_____

H.  To the best of your knowledge, have you or your parents, grandparents, children or siblings ever experienced, or been told by a doctor or other healthcare professional, that you/they have, may have or had any of the following (circle all that apply)?

Abdominal aortic aneurysm (AAA disease)
Alcoholism (as to you only, if applicable)
Allergic reaction to medication
Amputations (as to you only, if applicable)
Aneurysm
Atherosclerosis (blocked or narrow arteries)
Bipolar Disorder (as to you only, if applicable)
Bleeding/clotting disorders (hemophilia, Von Willibrands disease, scurvy, other)
Blood in stool or dark/black stools
Cancer (lung, colon, liver, breast, other)
Carotid stenosis (neck arteries)
Chest pain/angina (at rest or with exertion)
Chronic Fatigue Syndrome
Chronic obstructive pulmonary disease/COPD
Congenital heart disease
Congestive heart failure
Cor pulmonale
Coronary heart disease
Deep vein thrombsis/DVT/blood clot in lower legs
Dermatomyositis
Diabetes
Eating disorders (anorexia, bulimia) (as to you only, if applicable)
Endocarditis
Esophagus problems (strictures, achalasia, Barrett's esophagus, difficulty Swallowing, other)
Eye hemorrhages
Fibromyalgia
Glaucoma
Gout
Heart attack/MI/myocardial infarction
Heart Murmur
Heart valve problems (pulmonary hypertension, mitral valve prolapse, aortic/mitral Valve regurgitation, aortic/mitral stenosis, bicuspid aortic valve, other)
Heartburn/reflux/esophageal reflux disease/GERD
Hernia (strangulated or incarcerated)
Herpes (as to you only, if applicable)
High blood pressure/hypertension
High total cholesterol, high LDLs (bad cholesterol), or low HDLs (good cholesterol)
High triglycerides
HIV/AIDS (as to you only, if applicable)
Hodgkins disease/non-hodgkin's lymphoma
Hypoxia (low oxygen saturation)
Intestinal obstruction (not including constipation)
Irregular heart rhythm (palipations, tachycardia, bradycardia, atrial fibrillation, skipped beats, other)
Kidney disease
Leukemia
Liver disease (hepatitis B/C, cirrhosis, cysts, other)

Lupus
Obesity (as to you only, if applicable)
Osteoarthritis
Pancreatitis
Panic Disorder
Peptic ulcer disease
Peripheral vascular disease
Pulmonary embolism/blood clot in the lung
Rheumatic fever (as to you only, if applicable)
Rheumatoid arthritis
Seizure disorder
Shortness of breath not associated with vigorous exercise
Sickle cell anemia/sickle cell trait
Silent MI
Sleep apnea
Stomach problems (ulcers, perforations, bleeding)
Stroke
Swelling/edema/fluid in legs ankles (other than in pregnancy)
Syphilis (as to you only, if applicable)
Thyroid disorder and/or goiter
Transient ischemic attack/TIA
Tuberculosis

I.  *If you respond "yes" to any of the above,* please identify/state the condition, the individual affected, the date of onset (as to you only, if applicable), any medication prescribed to treat the condition (as to you only, if applicable), and the name of the physician or other person who made the diagnosis or informed the individual of the condition and their address if not provided in the accompanying list (as to you only, if applicable).

1.  Condition: <u>None known</u>

   Patient's name: _____

   Onset date and medication: _____

   Name and address of physician or other person:

   _____

2.  Condition: _____

   Patient's name: _____

   Onset date and medication: _____

   Name and address of physician or other person:

   _____

3.  Condition: _____

   Patient's name: _____

   Onset date and medication: _____

   Name and address of physician or other person:

   _____

J.   Please indicate whether you have ever received any of the following treatments or diagnostic procedures:

1.   Surgeries (other than abortion), including but not limited to the following, and specify for what condition the surgery was performed: open heart/bypass surgery, pacemaker implantation, vascular surgery, IVC filter placement, carotid (neck artery) surgery, lung resection, intestinal surgery.

Surgery and condition for which it was performed:
None known

When:

Treating physician:

Hospital:

Hospital:

2.   Treatments/interventions for heart attack, angina (chest pain), or lung ailments, including but not limited to the following: cardiac catheterization, angioplasty (balloon), stenting, electroconversion.
Treatment/intervention:
None known

When:

Treating physician:

Hospital:

3.   Have you had any of the following test performed: chest X-ray, CT scan, MRI, angiogram, EKG, echocardiogram, TEE (tran-esophogeal echo), bleeding scan, endoscopy, lung bronchoscopy, carotid duplex/ultrasound, MRI/MRA of the head/neck, angiogram of the head/neck, CT scan of the head, echocardiogram, TEE (tran-esophogeal echo), bubble/microbubble study, EKG or Holter monitor. *If "yes,"* answer the following:
Diagnostic test:
Chest x-ray, EKG

When:
12/22/2003
Treating physician:
Dr. Curtis
Hospital:
West Houston Medical Center
Reason:
Chest pain

K.    Have you ever participated in any clinical trials or studies relating to any drugs or treatments for any medical conditions?

        Yes_____ No __X__

*If "yes"*, please identify:

Name of the trial or study: _____

Sponsor of trial or study: _____

Drug or treatment studied: _____

Purpose of the drug or treatment studied: _____

Name and address of the investigation in charge of your care and treatment in the trial or study: _____

The dates you participated in the trial or study: _____

## VII.    WAGE LOSS INFORMATION AND OTHER MONETARY LOSS CLAIMS

A.    Are you making a claim for loss of wages?

        Yes_____ No __X__

*If "no,"* then go to Section VII.(B).

    1.    State the total amount of time you have lost from work as a result of any condition that you claim or believe was caused by your use of VIOXX® and the amount of income that you lost.

        _____

    2.    State your total earned income (including salary, bonus, and benefits) for each of the last 10 years.

| Year | Income |
|------|--------|
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |

B.    Have you paid or incurred any medical expenses that are related to any condition that you claim or believe was caused by your use of VIOXX® and for which you seek recovery in the action you have filed?

        Yes __X__ No _____

*If "yes"*, state the total amount of such expenses at this time:

Plaintiff is currently in the process of investigating and calculating any and all medical expenses paid and/or incurred by Plaintiff as a result of Vioxx and will provide this information as soon as it becomes available. Amount of said expenses is currently unknown.

C.     Has your insurer, or any other entity or person, paid or incurred any medical expenses that are related to any condition that you claim or believe was caused by your use of VIOXX® and for which you seek recovery in the action you have filed?

                Yes __X__ No _____

*If "yes",* state the total amount of such expenses at this time:

Plaintiff is currently in the process of investigating and calculating any and all medical expenses paid and/or incurred by insurers and/or any other entity or person as a result of Vioxx and will provide this information as soon as it becomes available. Amount of said damages is currently unknown.

D.     Please provide an itemized statement of the nature and amount of damages you are claiming.

Plaintiff is seeking all economic and non-economic damages, past and future, to which Plaintiff is entitled to recover and that are permitted under the applicable law. These damages include, but are not limited to, past and future medical expenses and any related care necessitated by Plaintiff's injury, funeral and burial expenses, mental and emotional distress and loss of enjoyment of life, all in an amount to be determined at trial. Amount of said damages is currently unknown.

E.     Please identify all person who you believe posses information relevant to your claims in this matter and for each, state his or her name, address, telephone number and a description of the information you believe he or she possesses.

## VIII.   PERSONAL INFORMATION OF LOSS OF CONSORTIUM AND REPRESENTATIVE PLAINTIFFS

*If you are a representative or loss of consortium plaintiff, please provide your personal responses to these questions.*

A.     Last Name: Williams

        First Name: Robert

        Middle Name or Initial: L.

B.     Maiden or other names used or by which you have been known: n/a

C.     Social Security Number: 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

D.     Present Street Address:
        1612 W. Keitelle

| Peoria | IL | 61605 |
|--------|-----|-------|
| City | State | Zip Code |

24

E.   Identify each address at which you have resided during the last ten (10) years, and list when you started and stopped living at each one:

| 1612 W. Kettelle, Peoria, IL 61605 | 4/1999 | present |
|---|---|---|
| Address | From | to |
| 1304 S. Stanley, Peoria, IL 61605 | 12/1995 | 4/1999 |
| Address | From | to |
|  |  |  |
| Address | From | to |
|  |  |  |
| Address | From | to |

F.   Identify each high school, college, university or other educational institution (except grade school) you have attended, the dates of attendance, courses of study pursued, and diplomas or degrees awarded:

n/a
_____
_____

G.   Employment information:

1.   Current employer (if not currently employed, last employer):

n/a
_____
Name

_____
Address

_____
Dates of employment

_____
Occupation/Job Duties

3.   List the following for each employer you have had in the last ten (10) years:

_____
Name

_____
Address

_____
Dates of employment

_____
Occupation/Job Duties

_____
Name

_____
Address

_____
Dates of employment

_____
Occupation/Job Duties

_____
Name

-25-

Address _____

Dates of employment _____

Occupation/Job Duties _____

H. Driver's License Number and State Issuing License: IL: W452-7725-1316

I. Date and Place of Birth: Peoria, IL: October 6, 1951

J. Sex: Male __X__ Female _____

K. Date and place of marriage: n/a

L. Have you ever been convicted of a crime ?
     Yes _____   No __X__
     *If yes,* where and when: _____

## IX.  DOCUMENTS AND THINGS

Please indicate if any of the following documents and things are currently in your possession, custody, or control, or in the possession, custody, or control of your lawyers by checking *"yes"* or *"no."* Where you have indicated *"yes,"* please attach the documents and things to your responses to this fact sheet.

A. A copy of all prescriptions for VIOXX®, any unused VIOXX® you received as a result of such prescriptions, receipts, physician or office records, drug containers, packaging and other records that show the period during which you have taken VIOXX®, the dosage of VIOXX and the frequency with which you took VIOXX®.
     Yes __X__  No ___
     Previously provided. Plaintiff reserves the right to supplement his response to this request should any additional documents become available.

B. If you have been the claimant or subject of any worker's compensation, Social Security or other disability proceeding, all documents relating to such proceeding.
     Yes_____  No __X__

C. All diagnostic tests or test results related to your medical history as detailed in Section V.
     Yes __X__  No ___
     Previously provided. Plaintiff reserves the right to supplement his response to this request should any additional documents become available.

D. Copies of all documents from physicians or others relating to your medical history as detailed in Section VI.
     Yes __X__  No ___
     Previously provided. Plaintiff reserves the right to supplement his response to this request should any additional documents become available.

E.     All documents constituting, concerning or relating to product use instructions, product
       warnings, package inserts, pharmacy handouts or other materials distributed or provided
       to you when your prescriptions for VIOXX® were filled.
              Yes_____   No   X
       Plaintiff is currently not in possession of any documents responsive to this request, and
       reserves the right to supplement his response to this request when responsive documents
       become available.

F.     Copies of all advertisements or promotions for VIOXX® received or reviewed before
       filing this action.
              Yes_____   No   X
       Plaintiff is currently not in possession of any documents responsive to this request, and
       reserves the right to supplement his response to this request when responsive documents
       become available.

G.     Executed authorizations in the forms appended hereto, in the following manner:
       • If you are claiming damages for mental or emotional distress, and also are claiming
         damages for lost earnings or earning capacity, execute authorization forms #s 1-4;
       • If you are claiming damages for mental or emotional distress, but are not claiming
         damages for lost earnings or earning capacity, execute authorization forms #s 1-3 and
         #5
       • If you are not claiming damages for mental or emotional distress, but are claiming
         damages for lost earnings or earning capacity, execute authorization forms #1 and #4
       • If you are not claiming damages for mental or emotional distress, and are not
         claiming damages for lost earnings capacity, execute authorization forms #1 and #5

H.     If you claim you have suffered loss of earnings capacity, all documents that evidence
       your income/earnings for each of the last ten (10) years.
              Yes_____   No   X

I.     If you claim any loss from medical expenses, copies of all bills from any physician,
       hospital, pharmacy or other health care provider and statements and explanations of
       benefits from your health care insurer or plan.
              Yes_____   No   X
       Plaintiff is currently not in possession of any documents responsive to this request, and
       reserves the right to supplement his response to this request when responsive documents
       become available.

J.     Copy of all written communications, whether written or electronic (including
       communications as part of internet "chat rooms" or e-mail groups), with others not
       including your counsel, regarding VIOXX®, your injuries or this case.
              Yes_____   No   X
       Plaintiff is currently not in possession of any documents responsive to this request, and
       reserves the right to supplement his response to this request when responsive documents
       become available.

K.     Copies of letters testamentary, letters of administration, powers of attorney, guardianship

or guardian *ad litem* orders or other documents relating to your status as plaintiff if you are suing on behalf of another individual.

     Yes__X__   No_____

Previously provided. Plaintiff reserves the right to supplement his response to this request should any additional documents become available.

L.    Decedent's death certificate (if applicable).

     Yes__X__   No_____

Previously provided. Plaintiff reserves the right to supplement his response to this request should any additional documents become available.

M.    Report of autopsy of decedent (if applicable).

     Yes__X__   No_____

See attached. Plaintiff reserves the right to supplement his response to this request should any additional documents become available.

N.    All photographs, drawings, slides, movies, day-in-the-life films, or videotapes, edited and unedited taken by anyone, in your possession, the possession of your attorney or experts, or any other person acting on your behalf, relating to plaintiff's injuries, limitations or damages, and which are not privileged work product or otherwise not discoverable.

     Yes_____   No__X__

Plaintiff is currently not in possession of any documents responsive to this request, and reserves the right to supplement his response to this request when responsive documents become available.

O.    All documents relating to VIOXX® in plaintiff's possession or control that were generated, published or disseminated by or obtained from Merck, whether or not it originated at Merck, that were in plaintiff's possession prior to the date on which plaintiff filed his/her Complaint in this action.

     Yes_____   No__X__

Plaintiff is currently not in possession of any documents responsive to this request, and reserves the right to supplement his response to this request when responsive documents become available.

P.    All documents in plaintiff's possession or control, prior to the date on which plaintiff filed his/her Complaint in this action, discussing alleged risks of VIOXX® or any other COX-2 inhibitor drugs, or any alleged health impact, including but not limited to, newspaper articles, scientific studies, health and fitness publications, union or other organizational newsletters, bulletins, or brochures.

     Yes_____   No__X__

Plaintiff is currently not in possession of any documents responsive to this request, and reserves the right to supplement his response to this request when responsive documents become available.

Q.    All documents in plaintiff's possession or control, prior to the date on which plaintiff filed his/her Complaint in this action, concerning any guidelines, procedures, requirements, recommendations, protocols, instructions, warnings or precautions for the use of VIOXX® or any other COX-2 inhibitor drugs.

Yes_____ No __X__

Plaintiff is currently not in possession of any documents responsive to this request, and reserves the right to supplement his response to this request when responsive documents become available.

R.    All documents in plaintiff's possession or control, prior to the date on which plaintiff filed his/her Complaint in this action, relating to any support or information group, including internet sources, concerning VIOXX® or any other COX-2 inhibitor drugs, including but not limited to communications from you, or received by you from such groups concerning VIOXX® or any other COX-2 inhibitor drugs.

Yes_____ No __X__

Plaintiff is currently not in possession of any documents responsive to this request, and reserves the right to supplement his response to this request when responsive documents become available.

S.    All documents in plaintiff's possession or control, prior to the date on which plaintiff filed his/her Complaint in this action, concerning VIOXX® or any other COX-2 inhibitor drugs distributed by public or private organizations, including but without limitation, the American Nursing Association, the American Heart Association, the National Institutes of Health, the Occupational Safety and Health Administration, or NIOSH.

Yes_____ No __X__

Plaintiff is currently not in possession of any documents responsive to this request, and reserves the right to supplement his response to this request when responsive documents become available.

T.    Any videotape or sound recordings that have been broadcast on television or radio, or any newspaper, magazine or other published document wherein plaintiff has discussed VIOXX® or any aspect of the alleged incident or injury that forms the basis of this action.

Yes_____ No __X__

Plaintiff is currently not in possession of any documents responsive to this request, and reserves the right to supplement his response to this request when responsive documents become available.

U.    Any and all product insert data sheets, marketing materials, promotional materials, advertisements, packaging information, labels, bottles, boxes, samples, labeling fact sheets or informational sheets provided to plaintiff by any prescribing physician, pharmacy or other healthcare provider, or anyone else prior to the date on which plaintiff filed his/her Complaint in this action, and relating to VIOXX®, CELEBREX®, or BEXTRA®.

Yes_____ No __X__

Plaintiff is currently not in possession of any documents responsive to this request, and reserves the right to supplement his response to this request when responsive documents become available.

V.    Each and every document in plaintiff's possession or control, prior to the date on which Plaintiff filed his/her Complaint in this action, including but not limited to magazine or

newspaper articles, brochures, material from internet sites, videotapes (including videotapes of news or other television programs), or audiotapes (including tapes of news or other radio or television programs), that mentions, refers to or relates to VIOXX® and that was made available to plaintiff or reviewed by plaintiff prior to ingesting VIOXX®.

Yes_____ No__X__

Plaintiff is currently not in possession of any documents responsive to this request, and reserves the right to supplement his response to this request when responsive documents become available.

W.   All non-privileged documents reflecting communications between plaintiff and any other person or entity, prior to the date on which plaintiff filed his/her Complaint in this action, and relating to, referring to, or regarding the allegations of the Complaint, Merck, VIOXX® or any injury you claim resulted from plaintiff's use of or exposure to, VIOXX®.

Yes_____ No__X__

Plaintiff is currently not in possession of any documents responsive to this request, and reserves the right to supplement his response to this request when responsive documents become available.

X.   Each and every document that evidences any communication between plaintiff and any doctor, any employer, any defendant, any federal or state agency, or any other person (other than your attorney) regarding the incident made the basis of this suit or your claims in this lawsuit.

Yes_____ No__X__

Plaintiff is currently not in possession of any documents responsive to this request, and reserves the right to supplement his response to this request when responsive documents become available.

Y.   All entries in personal diaries, calendars, journals, logs, appointment books, date books, or similar materials plaintiff kept or continues to keep from January 1, 1995 to the present which relate or refer to plaintiff's medical care, medical condition, or employment and not prepared at the direction of your attorney.

Yes_____ No__X__

Plaintiff objects to this request as it calls for information protected by the attorney/client privilege. Subject to and without waiving such objection, Plaintiff is currently not in possession of any documents responsive to this request, and reserves the right to supplement his response to this request should any responsive documents become available.

Z.   Have you prepared personal diaries, calendars, journals, logs, appointment books, date books, or similar materials at the direction of your attorney(s)?

Yes_____ No__X__

Plaintiff objects to this request as it calls for information protected by the attorney/client privilege. Subject to and without waiving such objection, Plaintiff is currently not in possession of any documents responsive to this request, and reserves the right to supplement his response to this request should any responsive documents become available.

31

## CERTIFICATION

I certify under penalty of perjury that all of the information provided in this First Revised Fact Sheet is true and correct to the best of my knowledge, that I have completed the List of Medical Providers and Other Sources of Information appended hereto, which is true and correct to the best of my knowledge, that I have supplied all the documents requested in part IX of this declaration, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have supplied the authorizations attached to this declaration. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

ROBERT L. WILLIAMS
_____
Print Name

_____          7-10-06
Signature                                              Date

_____
Print Name
(Loss of Consortium Plaintiff)

_____          _____
Signature                                              Date

## LIST OF MEDICAL PROVIDERS
## AND OTHER SOURCES OF INFORMATION

EACH PLAINTIFF IS REQUIRED TO FULLY AND ACCURATELY COMPLETE THIS FORM LISTING MEDICAL CARE PROVIDERS AND OTHER SOURCES OF INFORMATION AS REQUESTED.

List the name and address of each of the following:

A.     Your current family and/or primary care physician:

Unknown
_____
Name

_____
Street Address

_____
City, State, Zip Code

B.     To the best of your ability, identify each of your primary care physicians for the last ten (10) years.

1.     Unknown
       _____
       Name                              Approximate Dates

       _____
       Last known address

       _____
       City, State, Zip Code

2.     _____
       Name                              Approximate Dates

       _____
       Last known address

       _____
       City, State, Zip Code

3.     _____
       Name                              Approximate Dates

       _____
       Last known address

       _____
       City, State, Zip Code

4.     _____
       Name                              Approximate Dates

       _____
       Last known address

       _____
       City, State, Zip Code

5.

| Name | Approximate Dates |
|------|-------------------|

Last known address

City, State, Zip Code

C.  Each hospital, clinic, or healthcare facility where you have received inpatient treatment during the last ten (10) years.

1.  West Houston Medical Center
    Name
    12141 Richmond ave
    Street Address

| Houston | TX | 77082 |
|---------|-----|-------|
| City | State | Zip Code |

12/22/2003
Dates of Admission
Abdominal pain
Reason for Admission

2.

Name

Street Address

| City | State | Zip Code |
|------|-------|----------|

Dates of Admission

Reason for Admission

3.

Name

Street Address

| City | State | Zip Code |
|------|-------|----------|

Dates of Admission

Reason for Admission

3

4.

    Name

    Street Address

    City                  State             Zip Code

    Dates of Admission

    Reason for Admission

5.

    Name

    Street Address

    City                  State             Zip Code

    Dates of Admission

    Reason for Admission

D.    Each hospital, clinic, or healthcare facility where you have received outpatient treatment (including treatment in an emergency room) during the last ten (10) years.

1.    n/a

    Name

    Street Address

    City                  State             Zip Code

    Dates of Admission

    Reason for Admission

2.

    Name

    Street Address

    City                  State             Zip Code

    Dates of Admission

    Reason for Admission

4

3.

    Name

    Street Address

| City | State | Zip Code |
|------|-------|----------|

    Dates of Admission

    Reason for Admission

4.

    Name

    Street Address

| City | State | Zip Code |
|------|-------|----------|

    Dates of Admission

    Reason for Admission

5.

    Name

    Street Address

| City | State | Zip Code |
|------|-------|----------|

    Dates of Admission

    Reason for Admission

E.    Each physician or healthcare provider from whom you have received treatment in the last ten (10) years.

1.        Dr. Jeffrey Lee Tel (713) 464-7212

        Name

        Internal medicine

        Specialty

        8945 Long point Rd., Ste. 212

        Street Address

| Houston | TX | 77055 |
|---------|-----|-------|
| City | State | Zip Code |

        Unknown

        Dates of Treatment

5

2.

| Dr. Peter Curtis | | |
| Name | | |
| Emergency care | | |
| Specialty | | |
| 12121 Richmond Ave #224 | | |
| Street Address | | |
| Houston | TX | 77082 |
| City | State | Zip Code |
| 12/22/2003 | | |
| Dates of Treatment | | |

3.

| Dr. T Anderson | | |
| Name | | |
| Unknown | | |
| Specialty | | |
| Unknown | | |
| Street Address | | |
| Houston | TX | |
| City | State | Zip Code |
| 2003 | | |
| Dates of Treatment | | |

4.

| | | |
| Name | | |
| | | |
| Specialty | | |
| | | |
| Street Address | | |
| | | |
| City | State | Zip Code |
| | | |
| Dates of Treatment | | |

5.

| | | |
| Name | | |
| | | |
| Specialty | | |
| | | |
| Street Address | | |
| | | |
| City | State | Zip Code |
| | | |
| Dates of Treatment | | |

6

6.

Name

Specialty

Street Address

City                                    State                    Zip Code

Dates of Treatment

7.

Name

Specialty

Street Address

City                                    State                    Zip Code

Dates of Treatment

8.

Name

Specialty

Street Address

City                                    State                    Zip Code

Dates of Treatment

9.

Name

Specialty

Street Address

City                                    State                    Zip Code

Dates of Treatment

7

10.

Name

Specialty

Street Address

| City | State | Zip Code |

Dates of Treatment

F.   Each pharmacy that has dispensed medication to you in the last ten (10) years.

1.   Walgreens
Name
8300 Wilcrest Drive
Street Address

| Houston | TX | 77072 |
| City | State | Zip Code |

2.

Name

Street Address

| City | State | Zip Code |

3.

Name

Street Address

| City | State | Zip Code |

4.

Name

Street Address

| City | State | Zip Code |

5.

Name

Street Address

| City | State | Zip Code |

8

G.   If you have submitted a claim for social security disability benefits in the last ten (10) years, state the name and address of the office which is most likely to have records concerning your claim.

n/a
_____
Name

_____
Street address

_____
City                          State              Zip Code

H.   If you have submitted a claim for worker's compensation, state the name and address of the entity which is most likely to have records concerning your claim.

n/a
_____
Name

_____
Street address

_____
City                          State              Zip Code

(ATTACH ADDITIONAL SHEETS, IF NECESSARY,
TO COMPLETE EACH SUBSECTION)

31

## CERTIFICATION

I certify under penalty of perjury that all of the information provided in this First Revised Fact Sheet is true and correct to the best of my knowledge, that I have completed the List of Medical Providers and Other Sources of Information appended hereto, which is true and correct to the best of my knowledge, that I have supplied all the documents requested in part IX of this declaration, to the extent that such documents are in my possession, custody, or control, or in the possession, custody, or control of my lawyers, and that I have supplied the authorizations attached to this declaration. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

ROBERT L. WILLIAMS
_____
Print Name

_Robert L Williams_
_____
Signature

7-10-06
_____
Date

_____
Print Name
(Loss of Consortium Plaintiff)

_____
Signature

_____
Date