U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED  OCT 1 6 2006
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LYNDA NORRIS on behalf | * | In re: VIOXX PRODUCTS |
| of the Wrongful Death Heirs of | * | LIABILITY LITIGATION |
| WILLIE G. NORRIS, deceased | * | MDL Docket No. 1657 |
| | * | |
| Plaintiffs, | * | |
| v. | * | CASE NO.: 06-6979 |
| | * | SECTION L - DIVISION 3 |
| MERCK & CO, INC. A Foreign | * | JUDGE FALLON |
| Corporation, | * | MAGISTRATE JUDGE KNOWLES |
| Defendant. | * | TRIAL BY JURY REQUESTED |

## AMENDED COMPLAINT

COMES NOW the Plaintiffs, Willie G. Norris, deceased, by and through his wife, Lynda Norris, by and through counsel, and files this Amended Complaint against Defendant, Merck & Co., Inc. and would show as follows:

### STATEMENT OF THE PARTIES

1.      Willie G. Norris, was over the age of twenty-one (21) years and was a resident of Lauderdale County, Mississippi at the time of her death. Plaintiff, Lynda Norris is over the age of twenty-one (21) years and is currently a resident of Lauderdale County, Mississippi. Lynda Norris brings this action on behalf of the wrongful death beneficiaries of Willie G. Norris, deceased.

2.      Defendant Merck & Co. Inc. is incorporated in the State of New Jersey and has its principal place of business in White House Station, New Jersey. At all times relevant hereto, Defendant Merck & Co. Inc. was in the business of designing, testing, manufacturing, labeling, advertising, marketing, promoting, selling and distributing pharmaceuticals and other products, including VIOXX® (rofecoxib). Merck & Co., Inc. does business by agents in Mississippi and, on information and belief, at all times relevant, advertised, marketed, promoted, sold and/or distributed

1

VIOXX® in Lauderdale County, Mississippi.

3. Notice to Defendant Merck & Co., Inc. can be made, pursuant to Pre-Trial Order No. 15, through its Corporate Headquarters at Merck & Co., Inc., One Merck Drive, Post Office Box 100, Whitehouse Station, New Jersey 08889-0100, as Defendant Merck has agreed to waive service of process for all VIOXX®-related individual cases filed in Federal Court.

4. When the word "Defendant" is used herein, it is meant to refer to Defendant Merck & Co. Inc. named in the style of this Amended Complaint, who is liable to Plaintiffs for injuries sustained.

**STATEMENT OF THE FACTS**

5. This is a civil action brought on behalf of the wrongful death beneficiaries of Willie G. Norris, who was prescribed and used the prescription medication VIOXX®, and as a result, suffered a heart attack.

6. The subject matter of this Amended Complaint is also the subject matter of multi-district litigation ("MDL") commenced pursuant to 28 U.S.C. § 1407 in MDL No. 1657 in the Eastern District of Louisiana. The presiding Judge is U.S. District Judge Eldon E. Fallon. Personal jurisdiction and subject matter jurisdiction are appropriate in this court as to Defendant, pursuant to Pre-Trial Order No. 11, as Defendant has availed itself of this jurisdiction and venue.

7. The Defendant has been, and/or is, currently engaged in business, directly or by an authorized agent, in Lauderdale County, Mississippi. Venue and jurisdiction are, therefore, proper as to these Plaintiffs, in the United States District Court for the Northen District of Mississippi and in the MDL No. 1657 in the Eastern District of Louisiana. The claims of the Plaintiffs herein satisfy the jurisdictional amount of this Court.

8. VIOXX® is a prescription drug designed to treat pain through reduced inflammation;

VIOXX® is a cox-2 selective non-steroidal anti-inflammatory agent ("NSAID"). Defendant did manufacture, design, package, market, sell and distribute this drug. The Defendant encouraged the use of this drug through an aggressive marketing campaign, including through its detail sales representatives and direct-to-consumers. Defendant misrepresented the safety and effectiveness of this drug and concealed or understated its dangerous side effects. Defendant's actions contributed to cause injuries to Plaintiff, Willie G. Norris, and damages to his wife, therefore, the Defendant is liable.

9. At all times relevant hereto, Defendant actually knew of the defective nature of their product as herein set forth, yet continued to design, manufacture, market, distribute, and sell their product so as to maximize sales and profits at the expense of the general public's health and safety in conscious disregard fo the forseeable harm caused by these products. Defendants conduct exhibits such an entire lack of care so as to establish that their actions were a result of fraud, ill will, recklessness, gross negligence or willful and intentional disregard to Plaintiffs' individual rights, and hence punitive damages are appropriate.

## COUNT I - STRICT LIABILITY

10. Plaintiffs allege all prior paragraphs of this Amended Complaint as if fully set out herein.

11. Merck, at all times relevant hereto, was engaged in the design, manufacture, marketing, promotion, distribution and/or sale of VIOXX®. Merck is strictly liable in tort to the Plaintiffs, pursuant to Miss.Code Ann. § 11-1-63, for the following reasons:

a) The pharmaceutical VIOXX® designed, manufactured, sold and/or supplied by Defendant, was placed into the stream of commerce in a defective and unreasonably

3

dangerous condition as designed, taking into account the utility of the product and the risk involved in its use.

b) The pharmaceutical VIOXX® designed, manufactured, sold and/or supplied by Defendant, was defective in its marketing due to inadequate warnings or instructions, independently and when coupled with its aggressive marketing campaign.

c) The pharmaceutical VIOXX® designed, manufactured, sold and/or supplied by Defendant, was defective due to inadequate testing.

d) Defendant failed to provide timely and adequate warnings or instructions after the manufacturer knew of the risk of injury from VIOXX®. The defective nature of this product was a contributing cause of the injuries sustained by Plaintiff, Willie G. Norris.

e) VIOXX® was defective, unsafe, and unreasonably dangerous for its intended and/or foreseeable uses.

f) The defective conditions, as described above, rendered VIOXX® unreasonably dangerous to Willie G. Norris.

12. As a direct and proximate result of the defective and unreasonably dangerous condition of VIOXX®, Willie G. Norris died.

## COUNT II- NEGLIGENCE AND GROSS NEGLIGENCE

13. Plaintiffs reallege all prior paragraphs of this Amended Complaint as if fully set out herein.

14. Merck is liable to Plaintiffs for negligence and gross negligence in one or more of the following particulars:

a) Merck was negligent for carelessly manufacturing, compounding, testing, inspecting, packaging, labeling, distributing, marketing, examining, selling, prescribing, and/or preparing VIOXX® in such a manner that it was likely to cause harm to Willie G. Norris.

b) Merck was negligent in manufacturing, compounding, testing, packaging, labeling, prescribing, and/or distributing VIOXX® in such a manner that the drug was unsafe when it reached the hands of the consuming public, including Willie G. Norris.

c) Merck was negligent in failing to warn Willie G. Norris's physician of the unreasonable dangerous defects associated with VIOXX® after Merck knew and/or should have known of such dangerous defects, thereby breaching Merck's duty to warn.

d) Merck was negligent in representing and/or misrepresenting the benefits and safety risks of VIOXX® and in failing to warn or adequately warn of the known risks.

e) VIOXX® was negligently designed in a defective manner in that it did not possess the safety aspect for which it was marketed.

f) Merck was negligent in placing VIOXX® on the market in May of 1999 in the face of overwhelming tests results which confirmed that VIOXX® did not possess the pharmacological characteristics for which it was marketed, and, in fact, posed a serious health risk to individuals taking the drug, such as Willie G. Norris.

g) Merck was negligent in failing to withdraw VIOXX® from the market, earlier than September 28, 2004, in the face of overwhelming evidence that VIOXX® did not possess the pharmacological characteristics for which it was marketed, and, in fact,

posed a serious health risk to individuals taking the drug, such as Willie G. Norris.

15. As a direct and proximate result of the negligence and gross negligence of Merck, as set forth above, Willie G. Norris died.

## COUNT III - FAILURE TO WARN

16. Plaintiffs reallege all prior paragraphs of this Amended Complaint as if fully set out herein.

17. Merck had a duty to adequately warn Willie G. Norris's prescribing physician of any known adverse effects which might result from Plaintiff's use of VIOXX®. In the exercise of this duty, Merck knew or should have known that as a medical expert, Willie G. Norris's prescribing physician would take into account representations made by Merck, in determining whether or not to prescribe the drug VIOXX® to Willie G. Norris at all, and/or in making a determination regarding dosage amount, and length of use. Because VIOXX® was administered as a prescription drug, Merck was required to warn Willie G. Norris's physician who was to act as a learned intermediary between Merck, and Willie G. Norris. In violation of this duty, Merck acted as follows:

   a) Merck made representations to Willie G. Norris's physician about VIOXX®, and it's effects, and side effects, which it knew and/or should have known were false, inaccurate, and/or misleading;

   b) Merck knew or should have known that the false, inaccurate, and/or misleading information which it provided to Willie G. Norris's physician regarding VIOXX® was material in nature;

   c) Merck knew or should have known that Willie G. Norris's physician would rely on

6

and act upon the false, inaccurate, and/or misleading information by prescribing the drug VIOXX® to Willie G. Norris, and those patients of Willie G. Norris's physician similarly situated;

d) Merck knew or should have known that Willie G. Norris's physician would rely on the false, inaccurate, and/or misleading representations made by Defendants when determining whether or not and/or how to prescribe the drug VIOXX® to Willie G. Norris, and other patients of Willie G. Norris's physician similarly situated;

e) Defendants knew and/or should have known that Willie G. Norris's physician had a right to rely on the representations made by Defendants regarding the propensities of the drug VIOXX® when determining whether or not to prescribe VIOXX® to Willie G. Norris, and other patients of Willie G. Norris's physician similarly situated; and

f) Defendants knew and/or should have known that Willie G. Norris, had a right to rely on the medical recommendations of his physician, and accept his advice to take the drug VIOXX® as treatment for his medical condition.

18. Merck, acted intentionally in making the false, inaccurate, and misleading representations, described more fully above, to Willie G. Norris's prescribing physician.

19. In the alternative, Merck, was negligent in that it should have known that representations, described more fully above, which they made to Willie G. Norris's physicians were false, inaccurate, and misleading.

20. As a direct and proximate result of the misrepresentations of Merck, described more fully above, Willie G. Norris has sustained injury and damages, as set forth fully herein.

## COUNT IV- BREACH OF EXPRESS WARRANTY

21. Plaintiffs reallege all prior paragraphs of this Amended Complaint as if fully set out herein.

22. Defendant made express representations to Willie G. Norris, relative to its product, VIOXX®

23. Defendant, through their detail sales representatives, made representations regarding the safety and efficacy of its product, VIOXX®.

24. VIOXX® does not conform to the express representations made to Willie G. Norris.

25. VIOXX® does not conform to the express representations made by the Defendant's agents/sales representatives.

26. Such representations by Merck constituted an express warranty and/or an express factual representation upon which Willie G. Norris, justifiably relied in ingesting VIOXX®.

27. Merck breached its warranties to Willie G. Norris described above because VIOXX® is not safe to prescribe or to ingest.

28. As a direct and proximate result of Defendants breach of warranties, as set forth herein above, Willie G. Norris sustained injuries and damages, as aforesaid.

## COUNT V- BREACH OF IMPLIED WARRANTY

29. Plaintiffs reallege all prior paragraphs of this Amended Complaint as if fully set out herein.

30. At the time Defendant marketed, sold and distributed VIOXX® for use by the general consuming public, including Willie G. Norris, the Defendant knew of the use for which VIOXX®

was intended and impliedly warranted the product to be of merchantable quality, and safe and fit for such use.

31. Willie G. Norris, reasonably relied upon the skill and judgment of the Defendant as to whether VIOXX® was of merchantable quality, and safe for its intended use.

32. Contrary to such implied warranty, VIOXX® was not of merchantable quality, or safe or fit for its intended use, because the product was and is unreasonably dangerous and unfit for the ordinary purposes for which they were intended and used as described above.

33. Defendant's conduct in this regard was a contributing cause of the injuries and damages to Plaintiffs.

## COUNT VI- FRAUD

34. Plaintiffs reallege all prior paragraphs of this Amended Complaint as if fully set out herein.

35. Defendant negligently, recklessly, intentionally and fraudulently made material misrepresentations that VIOXX® was safe and effective. Defendant represented VIOXX® as safe so that the general consuming public, including Willie G. Norris, would rely upon said representations when purchasing or consuming said product.

36. Prior to and following the introduction of VIOXX® into the market as a prescribable pharmaceutical medication, Defendant set in motion a campaign to market its product. Defendant made representations that VIOXX® was a safe and effective drug so that Willie G. Norris and the general consuming public would rely on said representations, and purchased and consumed the VIOXX®. Willie G. Norris relied on Defendant's representations in this regard.

9

37.     At the time Defendant made these representations, it was aware that these representations were false and/or made these representations with reckless disregard to their truth. As a result of Defendant's fraud and misrepresentation, Willie G. Norris has suffered injuries and damages.

38.     As a result of Merck's misrepresentations as above alleged, Willie G. Norris suffered the damages alleged in paragraphs above.

## COUNT VII -FRAUD BY OMISSION

39.     Plaintiffs reallege all prior paragraphs of this Amended Complaint as if fully set out herein. 40.     Merck was in a position of superior knowledge as to the information above alleged when compared with Willie G. Norris's physician. Merck knew that Willie G. Norris, and other members of the consuming public who were suffering from arthritis or other pain causing conditions, did not possess the knowledge and information necessary to enable them to appreciate the risks and dangers to which they were subjecting themselves by taking VIOXX® to relieve the symptoms of these conditions rather than taking other available effective products. As a result of the relationship between Merck and Willie G. Norris's treating physicians, Merck had a duty to inform physicians of these risks and dangers.

41.     Merck violated the duties owed to Willie G. Norris's physician by remaining silent or issuing misleading statements when they had a duty to warn.

42.     Willie G. Norris's physician reasonably relied upon these misleading statements as indicating that VIOXX® continued to be safe to use. Merck thereby obtained an advantage at the expense of Willie G. Norris as they continued to sell VIOXX ® as safe when it in fact was not.

43.     These failures to so advise, as herein alleged, constituted fraud by omission.

10

44.  As a direct and proximate result of Defendants remaining silent or issuing misleading information, as set forth herein above, Willie G. Norris has sustained injuries and damages, as aforesaid.

## COUNT VIII - LOSS OF CONSORTIUM

45.  Plaintiffs reallege all prior paragraphs of this Amended Complaint as if fully set out herein.

46.  Mississippi law recognizes a spouse's claim for loss of consortium where, due to injury or death, a spouse has been deprived of the services of the other spouse. Loss of consortium encompasses two basic elements of the marital relationship: loss of support and loss of society, which includes companionship. Mississippi law also recognizes a spouse's right to relief for damages occasioned by the death of a spouse. These actions are commonly referred to as survival actions.

47.  At the time of Plaintiff, Willie G. Norris' death, he was legally married to Plaintiff, Lynda Norris.

48.  Due to the injuries sustained by Plaintiff, Willie G. Norris, and because of the wrongful conduct of Defendant Merck, as more specifically described herein, the Plaintiff, Lynda Norris, has suffered and will continue to suffer the loss of services and consortium of her husband, Willie G. Norris. She has also incurred loss of income, has incurred related expenses, and has suffered extreme emotional and psychological harm.

49.  Defendant Merck's conduct rose to the level of conscious, wanton, reckless and intentional disregard for the rights and safety of others, including, Plaintiff, Lynda Norris.

## COUNT IX - DAMAGES

11

### A.

### Compensatory Damages

50. Upon the trial of this case, Plaintiffs will show that Plaintiffs were caused to sustain injuries and damages as a direct and proximate result of Defendant's conduct individually, separately, and in concert with others. Plaintiffs will respectfully request the Court and jury to determine the amount of loss Plaintiffs have suffered and incurred, in the past and in the future, not only from a financial standpoint, but also in terms of emotional distress, pain and suffering, loss of enjoyment of life, and loss of consortium, secondary to any physical injury and damages.

### B.

### Punitive damages

51. At all times relevant hereto, Defendant actually knew of the misrepresented and defective nature of their product as herein set forth, and continued to design, manufacture, market, distribute and sell their product so as to maximize sales and profits at the expense of the public health and safety in conscious disregard of the foreseeable harm caused by this product. Defendant's conduct exhibits such an entire lack of care as to establish that their actions were a result of fraud, ill-will, recklessness, gross negligence, or willful or intentional disregard of the Plaintiffs' individual rights. The Plaintiffs, therefore, are entitled to punitive damages from the corporate Defendant.

### **DEMAND FOR JURY TRIAL**

Plaintiffs hereby request a trial by jury on all issues in this case and hereby tenders the requisite jury fee simultaneously with this Amended Complaint.

### **AD DAMNUM**

WHEREFORE, Plaintiffs bring these actions against Merck and demands judgment of and

against said Defendant, in an amount sufficient to reasonably and fully compensate the Plaintiffs in an amount in excess of the jurisdictional limit of this court at trial and for punitive damages to serve as an example to those who so act in the future, pre- and post-judgment interest and all costs of court.

Respectfully submitted this ___13th___ day of October, 2006.

>DRUG LITIGATION LIABILITY GROUP, PLLC
>Comprised of:
>
>William H. Liston (MB 1277)
>Liston/Lancaster, PLLC
>Post Office Box 645
>Winona, MS 38967
>Phone: 662-283-2132
>Email: bliston@listonlancaster.com
>
>Douglas G. Mercier (MB 9510)
>David H. Nutt & Associates, P.C
>605 Crescent Blvd., Suite 200
>Ridgeland, MS 39157
>Phone: 601-898-7302
>Email: dmercier@davidnutt.com
>
>C. Victor Welsh, III (MB 7107)
>Pittman, Germany, Roberts & Welsh, L.L.P.
>Post Office Box 22985
>Jackson, MS 39225-2985
>Phone: (601)948-6200
>Email: cvw@pgrwlaw.com

By: _/s/ C. Victor Welsh, III_____
ATTORNEY FOR PLAINTIFFS - MS Bar # 7107