FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 OCT 19 PM 12: 34

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX<br>PRODUCTS LIABILITY LITIGATION | MDL No. 1657<br>SECTION: L<br><br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

**THIS DOCUMENT RELATES TO:**

| | | |
|---|---|---|
| GERALD MILLER, | * | SD CIV. 06-4126 |
| Plaintiff, | * | |
| vs. | * | SEPARATE ANSWER OF |
| MERCK & CO., INC. and<br>DR. EUGENE REGIER, | * | MERCK & CO., INC. |
| Defendants. | * | |

Comes now Defendant, Merck & Co., Inc. ("Merck"), by and through one of its attorneys of record, and for its separate answer to Plaintiff's Complaint, states and alleges:

1. Denies each and every allegation contained in the Complaint except those matters specifically admitted herein.

**RESPONSE TO "INTRODUCTION"**

2. Admits those portions of the allegations in paragraph 1 that indicate that this action is brought by Plaintiff but denies that the action has been properly brought and that Defendant Merck & Co., Inc., has been properly served. In addition, admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx® until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004 but is

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

without sufficient information upon which to admit any use by Plaintiff or any prescription by Dr. Regier and therefore denies those allegations and remits Plaintiff to his strict proof thereof.

3. Denies each and every allegation in paragraph 2 of the complaint except admits that Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

4. Denies each and every allegation contained in paragraph 3 of the complaint except admits that in 1999 Merck received FDA approval to market the prescription medicine Vioxx and that the prescription medicine Vioxx® reduces pain and inflammation. Further admits that Dorothy Hamill was featured in ad campaigns for Vioxx and she was a spokesperson for Vioxx.

5. Denies each and every allegation contained in paragraph 4 of the complaint except admits that Vioxx is part of a class of drugs known as NSAIDs and Merck manufactured, marketed and distributed the prescription medicine Vioxx, which reduces pain and inflammation. Merck further admits that that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of enzyme known as cyclooxygenase-2 (COX-2). It is also believed that Vioxx is a selective NSAID and that Vioxx has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen.

6. Denies each and every allegation contained in paragraph 5 of the complaint except admits that Vioxx is a selective NSAID and that the inhibition of cyclooxygenase-1 (COX-1) in patients taking traditional non-selective NSAIDs such as Naproxen is believed to be associated with gastric damage and increased bleeding among patients taking such

traditional non-selective NSAIDs and that Vioxx has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen.

7. Denies each and every allegation contained in paragraph 6 of the complaint.

8. Merck denies each and every allegation contained in paragraph 7 of the complaint except admits that Plaintiff does seek damages in this action but denies that there is any legal or factual basis for relief..

## RESPONSE TO "FACTUAL ALLEGATIONS"

9. Admits that Merck sought and, in May, 1999, received FDA approval to manufacture and market the prescription medicine Vioxx and further admits that the 2001 Vioxx worldwide sales figures exceeded $2 billion.

10. Denies each and every allegation set forth in paragraph 9 except admits that Merck marked the prescription medication Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

11. Denies each and every allegation contained in paragraph 10 except admits that osteoarthritis has been described in the medical literature as a chronic disorder of joint cartilage and surrounding tissues that is characterized by pain, stiffness, and loss of function.

12. Denies each and every allegation contained in paragraph 11 of the complaint and respectfully refers the Court to the relevant prescribing information for Vioxx for its actual language and full text.

13. Denies each and every allegation contained in paragraph 13 of the complaint.

3

14. Denies each and every allegation contained in paragraph 14 of the complaint except admits that Merck marketed Vioxx.

15. Denies each and every allegation contained in paragraph 15 of the complaint except admits that Merck received a letter from Spencer Salis of DDMAC dated December 16, 1999, and respectfully refers the Court to the referenced letter for its actual language and full text.

16. Denies each and every allegation contained in paragraph 16 of the complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

17. Denies each and every allegation contained in paragraph 17 of the complaint.

18. Denies each and every allegation contained in paragraph 18 of the complaint and is without specifics concerning the Plaintiff and remits Plaintiff to his strict thereof as to his medical condition.

19. Denies each and every allegation contained in paragraph 19 of the complaint.

20. Denies each and every allegation contaiend in paragraph 20 of the complaint.

21. Denies each and every allegation contained in paragraph 21 of the Complaint and respectfully refers the Court to the relevant FDA approved prescribing information for Vioxx for its actual language and full text.

22. The allegations contained in paragraph 22 of the complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation directed at Merck in the paragraph.

## RESPONSE TO "PARTIES"

23. Merck is without sufficient information upon which to admit or deny the allegations contained in the first sentence of paragraph 23 of the Complaint and remits Plaintiff to his strict proof thereof. Merck denies each and every allegation contained in the second sentence of paragraph 23 of the Complaint except is without sufficient information upon which to admit or deny the allegations as to whether Plaintiff took Vioxx and whether Dr. Regier prescribed Vioxx to Plaintiff and remits Plaintiff to strict proof thereof. Merck denies each and every allegation contained in the third sentence of paragraph 23 of the Complaint.

24. Merck denies each and every allegation contained in paragraph 24 of the complaint except admits that Merck is a New Jersey corporation and is authorized to do business in the State of South Dakota, and that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

25. Merck is without sufficient information upon which to admit or deny the allegations contained in paragraph 25 of the complaint and remits Plaintiff to his strict proof thereof.

## RESPONSE TO "JURISDICTION"

26. The allegations contained in paragraph 26 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that Plaintiff purports to put an amount in controversy that exceeds that minimum jurisdictional limits of this Court but denies that there is any legal or factual basis for such relief.

27. The allegations contained in paragraph 27 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck

denies each and every allegation contained in said paragraph except admits that there is diversity between the parties.

### RESPONSE TO "FIRST CLAIM FOR RELIEF STRICT PRODUCT LIABILITY (Failure to Warn)"

28. Relies upon and incorporates herein its specific responses to the preceding paragraphs.

29. Denies each and every allegation contained in paragraph 29 of the complaint.

30. Denies each and every allegation contained in paragraph 30 of the complaint.

31. Denies each and every allegation contained in paragraph 31 of the complaint.

32. Denies each and every allegation contained in paragraph 32 of the complaint.

### RESPONSES TO "SECOND CLAIM FOR RELIEF STRICT PRODUCT LIABILITY"

33. Relies upon and incorporates herein its specific responses to the preceding paragraphs.

34. Denies each and every allegation contained in paragraph 34 of the complaint.

35. Denies each and every allegation contained in paragraph 35 of the complaint.

36. Denies each and every allegation contained in paragraph 36 of the complaint.

37. Denies each and every allegation contained in paragraph 37 of the complaint.

### RESPONSES TO "THIRD CLAIM FOR RELIEF NEGLIGENCE"

38. Relies upon and incorporates herein its specific responses to the preceding paragraphs.

39. The allegations contained in paragraph 39 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

40. Denies each and every allegation contained in paragraph 40 of the complaint.

41. Denies each and every allegation contained in paragraph 41 of the complaint, including subparagraphs (a) through (f).

42. Denies each and every allegation contained in paragraph 42 of the complaint.

43. Denies each and every allegation contained in paragraph 43 of the complaint.

### RESPONSES TO "FOURTH CLAIM FOR RELIEF BREACH OF EXPRESS WARRANTY"

44. Relies upon and incorporates herein its specific responses to the preceding paragraphs.

45. Denies each and every allegation set forth in paragraph 45 of the complaint.

46. Denies each and every allegation contained in paragraph 46 of the complaint.

47. Denies each and every allegation contained in paragraph 47 of the complaint.

### RESPONSES TO "FIFTH CLAIM FOR RELIEF BREACH OF IMPLIED WARRANTY"

48. Relies upon and incorporates herein its specific responses to the preceding paragraphs.

49. The allegations contained in paragraph 49 of the complaint include legal conclusions as to which no responsive pleading is required and to the extent that it contains other allegations, or allegations for which a response is required, those allegations are denied.

50. Denies each and every allegation contained in paragraph 50 of the complaint.

51. Denies each and every allegation contained in paragraph 51 of the complaint.

52. Denies each and every allegation contained in paragraph 52 of the complaint.

### RESPONSES TO "SIXTH CLAIM FOR RELIEF MEDICAL MONITORING"

53. Relies upon and incorporates herein its specific responses to the preceding paragraphs.

54. Denies each and every allegation contained in paragraph 54 of the Complaint.

55. Denies each and every allegation contained in paragraph 55 of the Complaint.

56. The allegations contained in paragraph 56 of the complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required,

Merck denies each and every allegation contained in said paragraph and remits Plaintiff to his strict proof thereof.

57. The allegations contained in paragraph 57 of the complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and remits Plaintiff to his strict proof thereof.

### RESPONSES TO "SEVENTH CLAIM FOR RELIEF RECKLESS ENDANGERMENT"

58. Relies upon and incorporates herein its specific responses to the preceding paragraphs.

59. The allegations contained in paragraph 59 of the complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck is without sufficient information upon which to admit those allegations contained in paragraph 59 of the complaint that are directed towards Dr. Regier and therefore denies them and remits Plaintiff to his strict proof thereof and denies each and every allegation contained in paragraph 59 of the complaint that is directed towards Merck.

60. The allegations contained in paragraph 60 of the complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck is without sufficient information upon which to admit those allegations contained in paragraph 60 of the complaint that are directed towards Dr. Regier and therefore denies them and remits Plaintiff to his strict proof thereof and denies each and every allegation contained in paragraph 60 of the complaint that is directed towards Merck.

61. The allegations contained in paragraph 61 of the complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

62. The allegations contained in paragraph 62 of the complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

63. The allegations contained in paragraph 63 of the complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

## AFFIRMATIVE DEFENSES

64. Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

65. The Complaint fails to state a claim upon which relief can be granted.

66. Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

67. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

68. To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

69. To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

70. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence or other conduct of the allegedly injured Plaintiff.

71. In the alternative, any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative negligence.

72. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any losses or injury caused by any act, practice or omission alleged in the Complaint.

73. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

74. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, the proximate cause of such injuries or losses was use or consumption of Vioxx that was for a purpose, in a manner or in an activity other than that which was reasonably foreseeable or was contrary to express and adequate instructions or warnings appearing on or attached to Vioxx or on its original container or wrapping or otherwise provided and Plaintiff knew or with the exercise of reasonable and diligent care should have known of such instructions or warnings.

75. Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. §301.

76. Plaintiff's claims are barred in whole or in part by the First Amendment.

77. Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

78. Plaintiff's claims are barred, in whole or in part, because the designs, methods and techniques of manufacturing, inspecting, testing, warning and labeling Vioxx conformed with the state of the art at the time Vioxx was first sold by Merck pursuant to SDCL 20-9-10.1.

79. To the extent that Plaintiff's prayer for relief seeks recovery for punitive damages, such relief is not properly prayed for in the Complaint and, further, to permit a recovery of punitive damages against Merck would violate the constitutional rights and protections afforded to Merck under both the United States and South Dakota Constitutions and such recovery is not permitted under South Dakota law.

80. That any alleged acts or omissions of Merck are not of such a nature as to warrant recovery of punitive damages and therefore, no such award is permitted.

81. To the extent Plaintiff's prayer for relief seeks an award of punitive damages, such claim is barred because Vioxx and its labeling were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. §301.

82. To the extent Plaintiff seeks punitive damages, such claims are further barred because:

   a. Vioxx as manufactured and labeled in relevant and material respects was in accordance with the terms of an approval or license issued by the U.S. Food and Drug Administration under the Food, Drug and Cosmetic act (21 United States Code § 301, et seq.) or the Public Health Service act (42 United States Code § 201, et seq.);

  b. Vioxx is generally recognized as safe and effective pursuant to conditions established by the U.S. Food and Drug Administration and applicable regulations, including packaging and labeling regulations; and

  c. Merck did not, either before or after making Vioxx available for public use, knowingly, in violation of applicable U.S. Food and Drug Administration regulations, withhold from or misrepresent to the Administration information known to be material and relevant to the harm which the Plaintiff allegedly suffered.

83. Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

84. Plaintiff's claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

85. Plaintiff's claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Product Liability.

86. Plaintiff's claims are barred in whole or in part under comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

87. There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

88. Plaintiff's claims are barred in whole or in part by failure to mitigate damages.

89. Plaintiff's claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

90. With respect to each and every cause of action Plaintiff is not entitled to recover because if the product involved was unsafe, which Merck denies, then it was unavoidably unsafe as defined under Restatement (Second) of Torts. The apparent benefit of the product exceeded any apparent risk given the scientific knowledge available when the product was marketed.

91. Merck's advertisements and labeling with respect to the product which is the subject matter of the Complaint were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States and South Dakota Constitutions.

92. The public interest and benefit and the availability of such product which is the subject matter of the Complaint preclude liability for risks, if any, resulting from such activities, which were unavoidable given the state of human knowledge at the time those activities were undertaken. With respect to Plaintiff's claims, if it is determined there is a risk inherent in the product, then such risk, if any, is outweighed by the benefits of the product.

93. At all times relevant herein, any product which is the subject matter of the Complaint processed and distributed by Merck in the State of South Dakota or the United States was processed and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further was processed and distributed in accordance with and pursuant to all applicable regulations of the U.S. Food and Drug Administration.

94. With respect to each and every purported cause of action in the Complaint, Plaintiff is barred by the lack of privity with Merck.

95. To the extent there were any risks associated with the use of the product which is the subject matter of the Complaint which Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

96. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, idiosyncratic reaction subsequent medical conditions or natural courses of conditions for which this Defendant is not responsible.

97. To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

98. Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action. Merck will rely on all defenses that are included in the master answer to be filed in the multidistrict litigation proceeding before Judge Fallon of the Eastern District of Louisiana or that may become available during discovery or trial.

99. There has been insufficient service of process on the Defendant and the Court lacks personal jurisdiction.

WHEREFORE, Defendant Merck prays that the Complaint of the Plaintiff be dismissed upon the merits, with prejudice, and that Plaintiff recover nothing thereunder; and, further, Defendant Merck recover its costs and disbursements herein together with such other and further relief as the Court deems just and proper.

Dated at Sioux Falls, South Dakota, this 16th day of October, 2006.

DAVENPORT, EVANS, HURWITZ & SMITH, L.L.P.



*Michael L. Luce*
206 West 14th
P. O. Box 1030
Sioux Falls, SD 57101-1030
Telephone: (605) 336-2880
Facsimile: (605) 335-3639
*Attorneys for Defendant*

## DEMAND FOR JURY TRIAL

Defendant Merck & Co., Inc., demands trial by jury on all issues of fact.

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Defendant, hereby certifies that a true and correct copy of the foregoing *"Answer"* was served by mail upon:

Gerald Miller
P. O. Box 5911
Sioux Falls, SD 57117

on this 16th day of October, 2006.

