# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Vioxx<br>PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1657 |
| | Section L |
| THIS DOCUMENT RELATES TO:<br>Case No. 2:06cv810 | |
| | Judge Fallon |
| CHARLES LARON MASON v.<br>MERCK & CO., INC. | Mag. Judge Knowles |

## JURY INTERROGATORIES PROPOSED BY PLAINTIFF
## CHARLES LARON MASON

Plaintiff hereby submits the following proposed jury interrogatories.

Date: October 23, 2006

Respectfully submitted,

_/s/ H. Wheeler_
Edward Blizzard (TBN 02495000)
Scott Nabers (TBN 14769250)
Rebecca B. King (TBN 24027110)
Holly M. Wheeler (TBN 24006035)
BLIZZARD, MCCARTHY & NABERS, L.L.P.
440 Louisiana, Suite 1710
Houston, Texas 77002
(713) 844-3750
(713) 844-3755 (fax)

**ATTORNEYS FOR PLAINTIFF
CHARLES LARON MASON**

| Andy D. Birchfield, Esq.<br>P. O. Box 4160<br>234 Commerce Street<br>Montgomery, AL  36103-4160<br>PH:  (800) 898-2034<br>FAX:  (334) 954-7555 | Christopher Seeger, Esq.<br>One William Street<br>New York, NY  10004<br>PH:  (212) 584-0700<br>FAX:  (212) 584-0799 |
|---|---|
| Leonard Davis<br>Herman, Herman, Katz & Cotlar, LLP<br>820 O'Keefe Avenue<br>New Orleans, LA  70013<br>PH:  (504) 581-4892<br>FAX:  (504) 561-6024 | Russ M. Herman<br>Herman, Herman, Katz & Cotlar, LLP<br>820 O'Keefe Avenue<br>New Orleans, LA  70013<br>PH:  (504) 581-4892<br>FAX:  (504) 561-6024 |

**PLAINTIFFS' STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Proposed Jury Interrogatories has been served on Liaison Counsel Russ Herman and Phillip Wittmann, Shayna S. Cook and Richard Krumholz by U.S. Mail, facsimile and/or e-mail; and e-mail upon all parties by electronically uploading the same to Lexis-Nexis File and Serve Advanced, in accordance with Pretrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of the Court of the Untied States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 23rd day of October, 2006.

_____
Holly M. Wheeler

## JURY INTERROGATORIES

1. Do you find by a preponderance of the evidence that Merck & Co., Inc. was negligent in designing Vioxx, and that such negligence was a proximate cause of Charles Mason's heart attack and resulting injuries?

    YES _____          NO _____

(Please proceed to Question #2.)

2. Do you find by a preponderance of the evidence that Merck & Co., Inc. failed to adequately warn Charles Mason's CNP Olson-Fields of the risks associated with Vioxx that were known or reasonably scientifically knowable at the time, and that such failure to adequately warn was a proximate cause of Charles Mason's heart attack and resulting injuries?

    YES _____          NO _____

(Please proceed to Question #3.)

3. Do you find by a preponderance of the evidence that Merck & Co., Inc. was negligent in failing to adequately warn Charles Mason's CNP Olson-Fields of the risks associated with Vioxx that were known or reasonably scientifically knowable at the time, and that such failure to adequately warn was a proximate cause of Charles Mason's heart attack and resulting injuries?

    YES _____          NO _____

(Please proceed to Question #4.)

4. Do you find by clear and convincing evidence that Merck & Co., Inc. knowingly or intentionally committed deceptive acts or practices in connection with the sale or disposition of Vioxx, and that such acts or practices were a proximate cause of Charles Mason's heart attack and resulting injuries?

    YES _____          NO _____

(Please proceed to Question #5.)

5. Do you find by clear and convincing evidence that Merck & Co., Inc. knowingly or recklessly misrepresented a material fact to Charles Mason's CNP Olson-Fields, for the purpose of inducing CNP Olson-Fields to act upon it by prescribing Vioxx, that CNP Olson-Fields acted reasonably and in ignorance of its falsity, and that the misrepresentation was a proximate cause of Charles Mason's heart attack and resulting injuries?

    YES _____    NO _____

(Please proceed to Question #6.)

6. Do you find by clear and convincing evidence that Merck & Co., Inc. failed to disclose a material fact, which was known to Merck & Co., Inc., to Charles Mason's CNP Olson-Fields, and that the non-disclosure was a proximate cause of Charles Mason's heart attack and resulting injuries?

    YES _____    NO _____

(If you answered "no" to Questions #1 through #6, please skip all remaining questions, date and sign this verdict form, and inform the Marshall that a verdict has been reached. If you answered "yes" to any of these questions, please proceed to Question #7.)

7. Do you find by a preponderance of the evidence that there was negligence on the part of Charles Mason that was a proximate cause of his heart attack and resulting injuries?

    YES _____    NO _____

(Please proceed to Question #8.)

8. Do you find by a preponderance of the evidence that there was negligence on the part of CNP Olson-Fields that was a proximate cause of Charles Mason's heart attack and resulting injuries?

    YES _____    NO _____

(If you answered "no" to Questions #7 and #8, please skip Question #9 and proceed to Question #10. If you answered "yes" to either of these questions, please proceed to Question #9.)

9. What percentage of fault, if any, do you attribute by a preponderance of the evidence to Merck & Co., Inc., Charles Mason, and/or CNP Olson-Fields?

   Merck & Co., Inc.          _____%

   Charles Mason             _____%

   Karen Olson-Fields        _____%

(Please proceed to Question #10.)

10. What amount, if any, do you find by a preponderance of the evidence will fairly and adequately compensate Charles Mason for the compensatory damages suffered due to his heart attack and resulting injuries?

   $ _____

(Please date and sign the verdict form, inform the Marshall that a verdict has been reached, and return to the courtroom.)

New Orleans, Louisiana, this _____ day of _____, 2006.

                                            _____
                                                    JURY FOREPERSON