## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| In re:  VIOXX<br>Products Liability Litigation | MDL NO. 1657 |
|  | SECTION: L |
|  | JUDGE ELDON E. FALLON |
| This document relates to *Osmo K.*<br>*Larmi*, (E.D. La. Index No. 06-8358) | MAG. JUDGE KNOWLES |

### ANSWER AND JURY DEMAND OF DEFENDANT MERCK & CO.

COMES NOW Defendant Merck & Co., Inc. ("Merck"), by and through its

undersigned counsel, and presents the following Answer and Defenses to Plaintiff's

Complaint as follows:

### RESPONSE TO "PARTIES, JURISDICTION AND VENUE"

1.      Merck is without knowledge of information sufficient to form a belief as to

the truth or falsity of the allegations contained in paragraph 1 of the Complaint.

2.      Denies each and every allegation contained in paragraph 2 of the

Complaint, except admits that Merck is a New Jersey corporation with its principal place

of business at One Merck Drive, P.O. Box 100, Whitehouse Station, New Jersey.  Merck

further admits that Merck is a leading research-driven pharmaceutical products and

services company that researches, discovers, develops, manufactures and markets a broad

range of innovative pharmaceutical products to improve human health.  Merck further

admits that Merck manufactured, marketed, and distributed the prescription medicine

Vioxx®, until Merck voluntarily withdrew Vioxx from the world-wide market on September 30, 2004.

3.      The allegations contained in paragraph 3 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck admits that the parties to this action are diverse and the Plaintiff purports to place an amount in controversy exceeding $75,000.00, but denies that there is any legal or factual basis to the relief sought.

4.      The allegations contained in the first sentence of paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of paragraph 4 of the Complaint. Merck denies each and every allegation contained in second sentence of paragraph 4 of the Complaint.

5.      Paragraph 5 has been omitted from the Complaint and therefore no response is required.

## RESPONSE TO "FACTUAL ALLEGATIONS"

6.      Denies each and every allegation contained in the first sentence of paragraph 6 of the Complaint and avers that Vioxx is the brand name for rofecoxib. Merck denies each and every allegation contained in the second sentence of paragraph 6 of the Complaint and avers that Merck sought and received the approval of the United States Food and Drug Administration ("FDA") to manufacture and market the prescription medicine Vioxx and, until the voluntary withdrawal of Vioxx on September 30, 2004, did market Vioxx for the indicated uses set out in the relevant FDA

approved prescribing information. Merck respectfully refers the Court to the FDA prescribing information for Vioxx's indicated uses. Merck admits that Vioxx is a selective COX-2 inhibitor and that the mechanism of action of Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

7.      Denies each and every allegation contained in paragraph 7 of the Complaint, except Merck admits that in May 1999, Merck sought and received approval from the U.S. Food and Drug Administration ("FDA") to manufacture and market the prescription medicine Vioxx. Merck further admits that Vioxx is Merck's brand name for rofecoxib.

8.      Merck is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint, and in the alternative denies each and every allegation contained in said paragraph.

9.      Denies each and every allegation contained in the first sentence of paragraph 9 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Denies each and every allegation contained in the second sentence of paragraph 9 of the Complaint, except Merck admits that it sought and, in 1999, received FDA approval to manufacture and market the prescription medicine Vioxx.

10.     Denies each and every allegation contained in paragraph 10 of the Complaint.

11.     Denies each and every allegation contained in paragraph 11 of the Complaint.

12.     Denies each and every allegation contained in paragraph 12 of the Complaint.

13.     Denies each and every allegation contained in paragraph 13 of the Complaint except admits that the studies referenced in the first sentence of paragraph 13 and the article referenced in the second sentence of paragraph 13 exist, and respectfully refers the Court to said publications for their actual language and full text.  Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

14.     Denies each and every allegation contained in paragraph 14 of the Complaint, except admits that 2000 worldwide Vioxx sales figures exceeded $2 billion.

15.     Denies each and every allegation contained in paragraph 15 of the Complaint except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

16.     Denies each and every allegation contained in paragraph 16 of the Complaint except admits that the referenced publication and the article contained therein exist and respectfully refers the Court to the referenced document for its actual language and full text.

17.     Denies each and every allegation contained in paragraph 17 of the Complaint, except admits that the referenced journals and articles contained therein exist,

and that Plaintiff purports to quote from the same and respectfully refers the Court to said materials for their actual language and full context.

18.     Denies each and every allegation contained in paragraph 18 of the Complaint except admits that the referenced reviews, study and article exist and respectfully refers the Court to the reviews, study and article for their actual language and full text.

19.     Denies each and every allegation contained in paragraph 19 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of the FDA's Division of Drug Marketing and Communications ("DDMAC") in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

20.     Denies each and every allegation contained in paragraph 20 of the Complaint, except admits that, in April 2002, the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck employed professional representatives to have product discussions concerning Vioxx with health care professionals.

22.     Denies each and every allegation contained in paragraph 22 of the Complaint.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck employed professional representatives to have product discussions concerning Vioxx with health care professionals.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information until Merck voluntarily withdrew Vioxx from the Worldwide market on September 30, 2004, and that Merck employed professional representatives to have product discussions concerning Vioxx with health care professionals.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint.

## RESPONSE TO "COUNT I: NEGLIGENCE"

28.     With respect to the allegations contained in paragraph 28 of the Complaint, repeats and realleges each and every admission, denial, averment and statement contained

in paragraphs 1- 27 of this Answer with the same force and effect as though set forth in full.

29.     Denies each and every allegation contained in paragraph 29 of the Complaint.

30.     The allegations contained in paragraph 30 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies that it violated any applicable law, duty or standard of care in connection with Vioxx.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint, including subparagraphs a through i.

32.     Denies each and every allegation contained in paragraph 32 of the Complaint.

33.     Denies each and every allegation contained in the first and third sentences of paragraph 33 of the Complaint. The allegations contained in the second sentence of paragraph 33 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of paragraph 33 and respectfully refers the Court to the relevant law governing Plaintiff's negligence claims.

34.     Denies each and every allegation contained in paragraph 34 of the Complaint.

## RESPONSE TO "COUNT II: STRICT LIABILITY"

35.     With respect to the allegations contained in paragraph 35 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 34 of this Answer with the same force and effect as though set forth here in full.

36.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 36 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.  Denies each and every allegation contained in the second sentence of paragraph 36 of the Complaint.

37.     Denies each and every allegation contained in paragraph 37 of the Complaint, except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.

38.     Denies each and every allegation contained in the first and second sentences of paragraph 38 of the Complaint.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the third sentence of paragraph 38 of the Complaint.

39.     Denies each and every allegation contained in paragraph 39 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

40.     Denies each and every allegation contained in paragraph 40 of the Complaint.

41.     Denies each and every allegation contained in paragraph 41 of the Complaint.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint except admits that Plaintiff purports to invoke the doctrine of strict liability, but denies that there is any legal or factual basis for same.

43.     Denies each and every allegation contained in paragraph 43 contained in paragraph 43 of the Complaint.

44.     The allegations contained in the first sentence of paragraph 44 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of this paragraph and respectfully refers the Court to the relevant law governing Plaintiff's strict liability claim.  Denies each and every allegation contained in the second sentence of paragraph 44 of the Complaint.

45.     Denies each and every allegation contained in paragraph 45 of the Complaint.

46.     Denies each and every allegation contained in paragraph 46 of the Complaint.

47.     Denies each and every allegation contained in paragraph 47 of the Complaint.

## RESPONSE TO "COUNT III: MISREPRESENTATION AND SUPPRESSION OF DEFENDANT"

48.     With respect to the allegations contained in paragraph 48 of the Complaint,

repeats and realleges each and every admission, denial, averment, and statement

contained in paragraphs 1 through 47 of this Answer with the same force and effect as

though set forth here in full.

49.     Denies each and every allegation contained in paragraph 49 of the

Complaint.

50.     Denies each and every allegation contained in paragraph 50 of the

Complaint, including subparagraphs a through e.

51.     Denies each and every allegation contained in paragraph 51 of the

Complaint.

52.     Denies each and every allegation contained in paragraph 52 of the

Complaint.

53.     Denies each and every allegation contained in paragraph 53 of the

Complaint.

54.     Denies each and every allegation contained in paragraph 54 of the

Complaint.

55.     The allegations contained in paragraph 55 of the Complaint are legal

conclusions as to which no responsive pleading is required.  Should a response be

deemed required, Merck denies each and every allegation contained in said paragraph.

56.     The allegations contained in paragraph 56 of the Complaint are legal

conclusions as to which no responsive pleading is required.  Should a response be

deemed required, Merck denies each and every allegation contained in said paragraph.

57.      Denies each and every allegation contained in paragraph 57 of the Complaint.

58.      Denies each and every allegation contained in paragraph 58 of the Complaint.

## RESPONSE TO "COUNT IV: BREACH OF WARRANTY"

59.      With respect to the allegations contained in paragraph 59 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 58 of this Answer with the same force and effect as though set forth here in full.

60.      Denies each and every allegation contained in paragraph 60 of the Complaint.

61.      Denies each and every allegation contained in paragraph 61 of the Complaint.

62.      Denies each and every allegation contained in paragraph 62 of the Complaint.

63.      Denies each and every allegation contained in paragraph 63 of the Complaint.

## RESPONSE TO "COUNT V: FRAUD"

64.      With respect to the allegations contained in paragraph 64 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 63 of this Answer with the same force and effect as though set forth here in full.

65.     The allegations contained in paragraph 65 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

66.     Denies each and every allegation contained in paragraph 66 of the Complaint.

67.     The allegations contained in paragraph 67 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

68.     Denies each and every allegation contained in paragraph 68 of the plaintiff's Complaint.

Plaintiff's "Demand for Relief" section of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in the Demand for Relief section of Plaintiff's Complaint, including subparagraphs A through C, except admits that Plaintiff purports to seek damages and other relief, but denies there is any legal or factual basis for the relief sought.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

69.     The claims of Plaintiff may be time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

70.     The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

71.     The claims of the Plaintiff may be barred, in whole or in part, from

recovery because Plaintiff has made statements or taken actions that preclude him from

asserting claims or constitute a waiver of his claims.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

72.     The claims of the Plaintiff may be barred, in whole or in part, from

recovery because of the res judicata effect of prior judgments.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

73.     Each and every claim asserted or raised in the Complaint is barred by the

doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

74.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon

information and belief, such injuries or losses were caused in whole or in part through the

operation of nature or other intervening cause or causes.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

75.     To the extent that Plaintiff asserts claims based on Merck's adherence to

and compliance with applicable federal laws, regulations and rules, such claims are

preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

76.     To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

77.     Any warnings given by Merck were transmitted to the prescribing physicians and/or healthcare providers and, pursuant to the learned intermediary doctrine, Merck's only obligation is to warn the prescribing physician and/or healthcare providers and said obligation was fulfilled.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

78.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

79.     Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence as codified by Minn. Stat. § 604.02.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

80.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and

willfully assumed the risk of any injury as the result of the consumption of,

administration of, or exposure to any drug or pharmaceutical preparation manufactured or

distributed by Merck or other manufacturer.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

81.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon

information and belief, such injuries and losses were caused by the actions of persons not

having real or apparent authority to take said actions on behalf of Merck and over whom

Merck had no control and for whom Merck may not be held accountable.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

82.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon

information and belief, such injuries and losses were proximately caused by Plaintiff's

misuse or abuse of Vioxx.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

83.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such

injuries or losses resulted from Plaintiff's preexisting and/or unrelated medical, genetic

and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or

natural courses of conditions for which this defendant is not responsible.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

84.     To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

85.     To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Minn. Stat. § 548.36 and O.R.S. §31.580.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

86.     Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Fed. R. Civ. P. 9(b).

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

87.     Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx and its labeling were subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

88.     Plaintiff's claims are barred in whole or in part by the First Amendment.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

89.     Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

90.     There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

91.     This case is more appropriately brought in a different venue.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

92.     Venue in this case is improper.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

93.     The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, Plaintiff has brought actions and has received judgments on parts of some or all claims asserted herein.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

94.     The claims of Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

95.     The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to his claims.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

96.     The claims of Plaintiff may be barred, in whole and in part, by the doctrine of laches.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

97.     The claims of Plaintiff are barred, in whole or in part, by his failure to mitigate damages.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

98.     To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

99.     The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

100.    The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

## AS FOR A THIRTY-THIRD

**DEFENSE, MERCK ALLEGES:**

101.   Any conduct allegedly causing liability on the part of Merck is not a

substantial cause or factor of any potential or actual injury or damage, if any.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

102.   Plaintiff has not sustained any injury or damages compensable at law.

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

103.   Merck reserves its right to dismiss the Complaint and seek further relief for

Plaintiff's failure to provide it with due process of law.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

104.   This case is subject to dismissal or stay on the grounds of *forum non*

*conveniens*.

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

105.   Plaintiff's claims are barred in whole or in part under comment k to Section

402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

106.   Plaintiff's claims are barred in whole or in part because Merck provided

adequate "directions or warnings" as to the use of Vioxx and any other drug or

pharmaceutical preparation Plaintiff alleges to have taken within the meaning of

comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

107.   Plaintiff's claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts: Products Liability.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

108.   Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

## AS FOR A FORTY-FIRST
## DEFENSE, MERCK ALLEGES:

109.   To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

110.   To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A FORTY-THIRD
## DEFENSE, MERCK ALLEGES:

111.   To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A FORTY-FOURTH

**DEFENSE, MERCK ALLEGES:**

112.    Process was served on Merck, if at all, in a manner or form which failed to

comply with the requirements of Fed. R. Civ. P. 4.

### AS FOR A FORTY-FIFTH
### DEFENSE, MERCK ALLEGES:

113.    Plaintiff's failure to properly and/or timely serve Merck precludes

Plaintiff's reliance on the 60-day relation back period under Ore. Rev. S. § 12.020(2) for

the purposes of determining whether Plaintiff's action is time-barred.

### AS FOR A FORTY-SIXTH
### DEFENSE, MERCK ALLEGES:

114.    This matter is time-barred under Ore. Rev. S. § 30.905 (2001) and *Gladhart*

*v. Oregon Vineyard Supply Co.*, 332 Or. 226, 26 P.3d 817 (2001).

### AS FOR A FORTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

115.    Merck's compliance with applicable FDA standards, coupled with the

FDA's recognition of Vioxx as a safe and effective drug, precludes recovery for punitive

damages under Ore. Rev. S. § 30.927.

### AS FOR A FORTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

116.    Plaintiff's damages, if any, may exceed the limitations under Ore. Rev. S. §

31.710.

## AS FOR A FORTY-NINTH
## DEFENSE, MERCK ALLEGES:

117.   Plaintiff purports to state a claim under Oregon's Unfair Trade Practices
Act, Ore. Rev. S. §§ 646.605 – 646.652.  Pursuant to Ore. Rev. S. § 646.638, defendant
Merck is entitled to its reasonable attorney fees incurred in defense of this action.

Inasmuch as the Complaint does not describe the alleged underlying claims with
sufficient particularity to enable Merck to determine all of its legal, contractual and
equitable rights, Merck reserves the right to amend and/or supplement the averments of
its answer to assert any and all pertinent liability defenses ascertained through further
investigation and discovery in this action.

Merck incorporates any applicable affirmative defense or other defense asserted
by any other defendant in this action.  Merck will rely on all defenses that may become
available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's
Complaint with prejudice and awarding Merck its reasonable costs and disbursements,
together with such other and further relief that the Court may deem just and proper.

### JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Dated: 26, 2005                Respectfully submitted,

By: \_\_\_\_ s/Dorothy H. Wimberly \_\_\_
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: (504) 581-3200
Fax: (504) 581-3361

Defendants' Liaison Counsel

Scott A. Smith (Reg. No. 174026)
Amanda M. Cialkowski (Reg. No. 306514)
Jan R. McLean Bernier (Reg. No. 307853)
U.S. Bank Center South, Suite 600
220 South Sixth Street
Minneapolis, MN 55402
Phone: (612) 338-1838
Fax: (612) 338-7858

Counsel for Defendant Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer  has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 26th day of October, 2006.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

826474v.2