UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to all cases | * | |
| | * | MAGISTRATE |
| | * | JUDGE KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF MOTION OF MERCK & CO. INC. ("MERCK")
FOR A PROTECTIVE ORDER REGARDING THE
TRIAL PRESERVATION DEPOSITION OF JOHN W. FARQUHAR**

Merck moves for a protective order prohibiting the trial preservation deposition of plaintiffs' expert John Farquhar, M.D. from going forward in San Francisco, California on November 16th and 17th – dates on which Merck's lead trial counsel, Mr. Philip Beck, will be in New Orleans awaiting the verdict in *Mason v. Merck*. It is Merck's wish that Mr. Beck cross-examine Dr. Farquhar at his deposition, but he obviously cannot be in two places at one time. Merck thus requests that the deposition be scheduled at a time and in a place that is mutually convenient to the parties. Dr. Farquhar's testimony is of obvious importance to this litigation, given that it may be played at many MDL trials in the future. Moreover, plaintiff would not be unduly burdened were the date or location of the deposition to be moved. "Good cause" accordingly exists for Merck's requested relief. *See* FED. R. CIV. P. 26(c).

I. **FACTUAL BACKGROUND.**

Plaintiffs originally noticed the preservation deposition of Dr. Farquhar for November 8, 2006 – during the upcoming *Mason* trial. In light of the conflict with the date, Merck requested that the deposition be moved to any available date in October. Plaintiffs' counsel was unable to

accommodate the request. Merck then requested any date during the week of November 20, 2006, and was informed by plaintiffs' counsel that Dr. Farquhar would not be available during that time.

On October 9, 2006, plaintiffs noticed Dr. Farquhar's preservation deposition for November 16th and 17th in San Francisco. Merck agreed to the dates, thinking that *Mason* would be done in time for Mr. Beck to fly to the West Coast to attend the deposition. Earlier this week, as it became clear that the *Mason* trial would likely take up most if not all of the week of November 13th, Merck suggested to plaintiffs' counsel that Dr. Farquhar's deposition be moved to New Orleans.[1] Citing Dr. Farquhar's physical limitations and "the need for this deposition at the Diederick [*sic*] trial," plaintiffs refused Merck's request. (*See* Oct. 25, 2006 E-mail from C. Tisi to T. Ismail, attached hereto as Ex. A.) In so doing, counsel suggested that, should Mr. Beck be unavailable to travel to San Francisco on November 16th and 17th, "there are others who could do so." (*Id.*)

## II. GOOD CAUSE EXISTS FOR THE COURT TO ISSUE A PROTECTIVE ORDER PROHIBITING DR. FARQUHAR'S TRIAL PRESERVATION DEPOSITION FROM TAKING PLACE IN SAN FRANCISCO DURING THE *MASON* TRIAL.

Under the pre-trial orders that govern this MDL proceeding, Merck is entitled to have counsel of its choice conduct Dr. Farquhar's cross-examination. (*See* Pre-Trial Order No. 9 (Amended) at 3 ("Questioning should ordinarily be by only one attorney for all Plaintiffs and one attorney for all Defendants in MDL No. 1657, *designated by Lead Counsel or by Liaison Counsel for each side*." (emphasis added)).) Mr. Beck, Merck's lead trial counsel in the MDL, is the attorney Merck has designated for the task. To deprive Merck of its choice without

---

[1] (*See* Oct. 20, 2006 *Mason v. Merck* Minute Entry at 2 (estimating that the *Mason* trial will be submitted to the jury on Nov. 15, 2006).)

2

substantial justification would impose an "undue burden" on Merck – especially given the importance of this (and, indeed, any) trial preservation deposition. *See* FED. R. CIV. P. 26(c) (authorizing the Court to make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"). On the other hand, plaintiffs would not be prejudiced if the date and/or the location of the deposition were changed to permit Mr. Beck's participation. *See In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation*, 669 F.2d 620, 624 (10th Cir. 1982) (in a case upholding the lower court's protective order regarding a subpoena *duces tecum*, noting that "the appropriate balancing test" concerns "the burden imposed upon the responding party if a protective order is not granted as compared with the burden imposed upon the requesting party if a protective order imposing conditions is granted").

For example, the parties could postpone Dr. Farquhar's preservation deposition until early next year, when he will have recovered from his present health problems and all counsel are available.[2] Or, if Dr. Farquhar's testimony is critical to plaintiff's case in *Dedrick*, he could testify at that trial via satellite from a convenient location in San Francisco. *See* FED. R. CIV. P. 43(a) (permitting "presentation of testimony in open court by contemporaneous transmission from a different location"). Such an arrangement would be no more burdensome on Dr.

---

[2] Plaintiffs' counsel have so far insisted that Dr. Farquhar's preservation deposition must be completed in time for *Dedrick*. But, plaintiff in *Dedrick* has designated another epidemiologist, Dr. Donna Arnett, who can testify live in that case. Plaintiff has also designated testimony from the depositions of two other epidemiologists, Drs. Avorn and Graham. Dr. Farquhar's testimony would thus be cumulative and is unnecessary. Furthermore, given the hectic trial schedule over the next couple of months – with *Mason* and *Dedrick* now separated by only a week – plaintiffs' counsel cannot insist on having Dr. Farquhar's testimony for *Dedrick*, when they refuse to produce him during the week of November 20th and also refuse to bring him live. It bears noting that in at least one other case, *Barnett*, plaintiff brought Dr. Farquhar to New Orleans but decided at the last minute not to call him.

3

Farquhar than his currently-scheduled preservation deposition, and it would satisfy plaintiffs' apparent desire to present Dr. Farquhar's testimony at the *Dedrick* trial. Moreover, as this Court recognized in its June 29th and July 21st Orders regarding the testimony of Merck witness David Anstice, live testimony – even by contemporaneous transmission – is far superior to testimony presented by videotaped deposition:

> [L]ive, in-person testimony is optimal for trial testimony, *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 511 (1947), because "[t]he very ceremony of trial and the presence of the fact-finder may exert a powerful force for truthtelling. The opportunity to judge demeanor a witness face-to-face is accorded great value in our tradition." Rule 43(a) advisory committee's notes. On the other hand, the deposition is "a substitute, a second-best, not to be used when the original is at hand." *Napier v. Bossard*, 102 F.2d 467, 469 (2d Cir. 1939) (Learned Hand, J.). By allowing for contemporaneous transmission, the Court allows the jury to see the live witness along with "'his hesitation, his doubts, his variations of language, his confidence or precipitancy, his calmness or consideration,'" *Arnstein v. Porter*, 154 F.2d 464, 470 (2d Cir. 1946) (quoting Sir John Coleridge), and, thus, satisfies the goals of live, in-person testimony and avoids the short-comings of deposition testimony.

(June 29, 2006 Order & Reasons at 7; *see also* July 21, 2006 Order & Reasons at 8 ("To best fulfill its fact-finding duties, a jury should be engaged and highly sensitive to each witness. As this Court knows all too well, the deposition, whether read into the record or played by video, has the opposite effect. It is a sedative prone to slowly erode the jury's consciousness until the truth takes a back seat to apathy and boredom." (citation omitted)).) Following the *Dedrick* trial, if plaintiffs still want to preserve Dr. Farquhar's testimony for other MDL trials, the parties could schedule his deposition sometime after the new year.

IV.  **CONCLUSION.**

Given the alternatives available to the parties, there is no justification for plaintiffs' insistence that Dr. Farquhar's deposition take place during the *Mason* trial, over two-thousand miles from this courtroom. Merck thus respectfully requests that the Court grant its motion for a protective order regarding Dr. Farquhar's trial preservation deposition. Specifically, Merck

requests that the Court prohibit Dr. Farquhar's deposition from going forward on November 16th and 17th in San Francisco.

Dated: October 26, 2006                                    Respectfully submitted,

                                                   s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
Phone: 312-494-4400
Fax:    312-494-4440

Brian Currey
Catalina J. Vergara
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: 213-430-6000
Fax:    213-430-6407

And

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF COMPLIANCE WITH FED. R. CIV. P. 26(c)

I hereby certify that Merck has in good faith conferred with plaintiffs' counsel in an attempt to resolve, without the Court's involvement, the dispute at issue in this motion. (*See* Oct. 25, 2006 E-mail from T. Ismail to C. Tisi, attached hereto as Ex. B.)

s/ Dorothy H. Wimberly

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum in Support of Motion for a Protective Order Regarding the Trial Preservation Deposition of John W. Farquhar has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 26th day of October, 2006.

s/Dorothy H. Wimberly