# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL DOCKET No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L - DIVISION 3 |
| | * | |
| This document relates to | * | JUDGE FALLON |
| CASE NO. 2:05CV2524 | * | |
| | * | |
| ANTHONY WAYNE DEDRICK, | * | MAG. JUDGE KNOWLES |
| an Individual, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |

---

### Motion in Limine No. 9

### PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE MERCK EMPLOYEE AND FORMER EMPLOYEE WITNESSES FROM OFFERING OPINION TESTIMONY WHICH THEY ARE UNQUALIFIED TO OFFER, WHICH HAS NOT PREVIOUSLY BEEN DISCLOSED, AND WHICH LACKS APPROPRIATE SUPPORT UNDER *DAUBERT*

---

Plaintiff Anthony Dedrick, by and through his undersigned counsel, hereby moves this Court for an Order prohibiting Merck, its attorneys, representatives or witnesses from eliciting or attempting to elicit expert opinion testimony from individuals who were not disclosed or designated as experts by Merck in this case, including Merck employees, former employees and/or advisors.

This Court's Pretrial Order required Merck to identify expert witnesses and submit their reports by September 27, 2006.   Merck filed its witness list in accordance with the Court's Pretrial Order on October 2, 2006.  Merck's witness list states that:

> "Merck anticipates eliciting fact testimony from Merck employees and/or advisors as well as opinion testimony related to their duties (which do regularly involve giving expert testimony)."

After this statement is made, Merck lists many witnesses, including names of Merck employees, former employees and/or advisors from whom they may attempt to elicit expert opinion testimony during this trial.  Merck has disclosed and served expert reports on the following witnesses:  Dr. Nicholas Flavahan, Dr. Janet Arrowsmith-Lowe, Dr. KyungMann Kim, Dr. Paul Roach, and Dr. Craig Pratt.  Other than these designated experts, no expert reports have been filed on any of the individuals listed by Merck on their witness list.  Based on the Merck witness list, it is anticipated that Merck will attempt to elicit expert opinion testimony from some or all of their employees and/or advisors, including Dr. Briggs Morrison and Dr. Alise Reicin.  These persons have not been designated as experts in this trial.  Merck has not provided the necessary disclosures about the opinions that they intend to render as required by Federal Rules of Civil Procedure 26.

In the New Jersey trial of *Frederick Humeston v. Merck & Co., Inc.*, No. ATL-L-2272-03MT, Merck offered testimony from current Merck employee Dr. Morrison containing expert opinions and purported facts about Vioxx: 1) which Dr. Morrison, as an oncologist, was patently unqualified to offer; 2) which had not previously been disclosed to the plaintiff; and 3) about which Dr. Morrison lacked direct personal knowledge.  The most significant of these improper opinions related to Merck's purported understanding of the implications of selective inhibition of the enzyme cyclooxygenase-2 ("COX-2").  Dr. Morrison testified that Vioxx posed no cardiovascular risk because it does not inhibit prostacyclin production in blood vessels.  Dr. Morrison served no report detailing his opinion, he was

not deposed on the substance of the opinion, and no foundation for the testimony was laid during his direct examination.

The Honorable Carol E. Higbee conducted an inquiry into the nature and basis of Dr. Morrison's testimony and ordered it stricken from the records in its entirety. <u>See</u> Transcript of Humeston v. Merck & Co., Inc., October 7, 2005, at 3348 (Ex "A"). As support for its ruling, the court cited Merck's blatant disregard for New Jersey's rules and procedure and described how it had repeatedly been misled by counsel for Merck during the direct examination of Dr. Morrison. *Id.* at 3336-8. Dr. Morrison, a ***fact*** witness, offered opinions in pharmacology and vascular biology for which he lacked the requisite knowledge, skill, experience, training and education. Most critically, Dr. Morrison offered an ultimate opinion about the safety of Vioxx based on single animal study.

Merck's witness list is littered with company employees and former employees, some of whom possess medical and scientific credentials. But these witnesses should not be permitted to offer opinions outside their areas of expertise and should not be permitted to foist upon Plaintiff new, undisclosed opinion testimony for the first time at trial.

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order precluding Defendant Merck & Co., Inc., from eliciting expert testimony from employee or former employee witnesses, where they lack the necessary expertise, where these opinions have not previously been disclosed to Plaintiffs and where they lack adequate support under the Federal Rules of Evidence and appropriate case law.

Date:  October 27, 2006

Respectfully submitted,

By _P. Leigh O'Dell_____

Andy D. Birchfield, Jr.
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, Alabama  36103-4160
Telephone:  (334) 269-2343
Facsimile: (334) 954-7555

Counsel for Plaintiff

**Russ M. Herman** (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
**Plaintiffs' Liaison Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID, MEUNIER
& WARSHAUER, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (telecopier)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

**Christopher A. Seeger**, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Arnold Levin, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Shelley Sanford, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W.
Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

**PLAINTIFF'S STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Plaintiff's Motion in Limine to Preclude Merck

Employee and Former Employee Witnesses from offering opinion testimony which they are unqualified

to offer, which has not previously been disclosed, and which lacks appropriate support under *Daubert*

has been served on Liaison Counsel, Phillip A. Wittman and Russ Herman, by U.S. Mail and e-mail or

by hand delivery and e-mail, on Merck's Counsel, Douglas R. Marvin and Philip S. Beck,  by e-mail,

and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced, in

accordance with Pretrial Order No. 8A, and that the foregoing was electronically filed with the Clerk of

the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF

system which will send a Notice of Electronic Filing in accord with the procedures established in MDL

1657 on this ⟨27th⟩ day of October, 2006.

P. Leigh O'Dell
Attorney for Plaintiff
Beasley, Allen, Crow,
Methvin, Portis & Miles, P.C.

3313

SUPERIOR COURT OF NEW JERSEY
ATLANTIC COUNTY/CIVIL DIVISION
DOCKET NO. ATL-L-2272-03MT
-----------------------------x
FREDERICK HUMESTON, et al.,

     PLAINTIFFS,

   VS.       STENOGRAPHIC TRANSCRIPT
               OF:
MERCK & CO.,INC.,
             - TRIAL -
     DEFENDANT.
-----------------------------x
   PLACE:  ATLANTIC COUNTY CIVIL COURTHOUSE
      1201 BACHARACH BOULEVARD
      ATLANTIC CITY, NJ 08401

   DATE:  OCTOBER 7, 2005


B E F O R E:

   THE HONORABLE CAROL E. HIGBEE, P.J.Cv.

TRANSCRIPT ORDERED BY:
   DIANE P. SULLIVAN, ESQUIRE
   DAVID R. BUCHANAN, ESQUIRE

A P P E A R A N C E S:

   DAVID R. BUCHANAN, ESQUIRE
   CHRISTOPHER SEEGER, ESQUIRE
   SEEGER, WEISS, LLC
    ATTORNEYS FOR THE PLAINTIFFS

   DIANE P. SULLIVAN, ESQUIRE
   DECHERT, LLP
   STEPHEN D. RABER, ESQUIRE
   WILLIAMS AND CONNOLLY, LLP
   CHRISTY D. JONES, ESQUIRE
   BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
    ATTORNEYS FOR THE DEFENDANT


    *   *   *   *   *   *
      REGINA A. TELL, CSR-CRR-RPR
      OFFICIAL COURT REPORTER
      1201 BACHARACH BOULEVARD
      ATLANTIC CITY, NJ  08401



EXHIBIT

A

3348

Colloquy

1  a material witness, which this certainly is, intends to

2  deviate from his deposition testimony in a crucial way,

3  which this certainly was, the attorney has an ethical

4  obligation to convey that fact to his adversary.  New

5  Jersey's procedures for discovery are designed to

6  eliminate surprise at trial requiring a litigant to

7  disclose the fact upon which a cause of action or

8  defense is based.  The search for truth is paramount.

9  The outcome of litigation should depend on the merit --

10  on its merits in light of all the available facts, not

11  on the craftiness of the parties or the guideline of

12  their counsel.  An attorney is under a duty to apprise

13  his adversary where he obtains information upon the

14  basis of which he knows that his witness' prior dep was

15  incorrect or while it was correct will no longer be

16  true, and certainly where it is going to -- and it

17  basically talks about differing from what they were

18  going to say before.

19         I have considered the case law, I have

20  considered the transcript.  I have talked to counsel

21  for hours.  I have considered the new submissions, and

22  it is my ruling that the entire testimony of

23  Dr. Morrison will be stricken from the record, that the

24  jury will be advised that they cannot consider any of

25  his opinions and we'll proceed.  If you want to call

3336
Colloquy

1   reports.  There's very specific rules that are designed

2   for one purpose and one purpose only, and that is so

3   that everybody knows what everybody else is going to be

4   able to produce at trial, and there's no question that

5   that's basic.

6        In this case we have Dr. Morrison coming on

7   as the first witness.  And I have looked at the

8   information that was provided today by counsel.

9   Yesterday on the record counsel acknowledged that

10  there were -- plaintiffs' counsel said there was really

11  no expert that could address this issue.  Defense

12  counsel on the record said that they agreed that none

13  of their nine experts mentioned this issue.  This

14  morning they have shown me where one of their experts

15  did, in fact, refer to it, referred to an article about

16  it.  And that's in the volumes of stuff I got.

17       And in the millions of documents that were

18  produced these animal studies were produced along with

19  those other documents, and they were included on the

20  exhibit list with hundreds of other exhibits.  It has

21  been consistently through the case Dr. Scolnick

22  testified, plaintiffs played different people's

23  testimony, that there was a FitzGerald hypothesis, and

24  the plaintiffs and Dr. Lucchesi and their experts one

25  after another have basically said that that hypothesis

3337

Colloquy

1  came to fulfillment, and they have based their entire

2  case on that.

3       The defense has taken the position, it

4  appears to me, through everything I have seen over the

5  last year and a half, that it is just a hypothesis,

6  nothing is confirmed, that it was possible but not

7  necessarily -- it wasn't proven.  It was proven -- some

8  things prove it, some things don't prove it, and they

9  can't prove that this hypothesis is true.

10      Yesterday Dr. Morrison took the stand, and it

11  was never represented at any time that he was an expert

12  witness, and, in fact, counsel for the defense

13  repeatedly told me he wasn't an expert witness.  He was

14  a fact witness.  He was the project manager for VIOXX

15  up until 1999.  He was to testify about what Merck knew

16  and didn't know about the risks of VIOXX.  He was going

17  to testify about the e-mail that he wrote and what he

18  meant by it and what he said.  And, certainly, he had

19  the right to do those things.

20      But what he did was go way beyond that, and,

21  quite frankly, I felt sick yesterday afternoon, and I

22  felt sick last night when I looked over the transcript

23  and I talked about this with counsel, and I realized

24  how I had gotten sucked into this because my job as a

25  judge is to make sure that there's a fair field here.

3338
Colloquy

1   That's all I have to do.  I have to make sure that the

2   right evidence gets in and the witnesses that are

3   called to testify within the realm of evidence and

4   within the realm of what's fair under the Court rules,

5   and I feel that I was mislead repeatedly yesterday

6   during that testimony.  And because I was mislead

7   repeatedly I allowed in things that never should have

8   come in, and that really makes me -- it doesn't even

9   make me angry, it makes me sad.

10       A case where everybody supposedly wanted to

11  try this case on the science, everybody wanted to get

12  here and try this case on the facts.  Nobody, you know,

13  please, Judge, don't let in any evidence that shouldn't

14  come in, and I have been very scrupulous in trying to

15  keep out evidence that both sides wanted in, and I have

16  ruled on both sides.  I have kept out lots of things

17  that the plaintiffs wanted in, lots of things that the

18  defense wanted in that I thought weren't focused and

19  weren't on the evidence and weren't proper under the

20  rules for various reasons.  It is not a free for all.

21  You don't get to just throw in anything you want into

22  the pot.  You have to have given notice to the other

23  side, and you have to have informed the Court and your

24  adversary of what you're doing.

25       In the case of Summit Trust versus Baxt,