UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL DOCKET No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L - DIVISION 3 |
| | * | |
| This document relates to | * | JUDGE FALLON |
| CASE NO. 2:05CV2524 | * | |
| | * | |
| ANTHONY WAYNE DEDRICK, | * | MAG. JUDGE KNOWLES |
| an Individual, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |

### Motion in Limine No. 4

### PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OR DISCUSSION CONCERNING DEFENDANT'S REPUTATION AND/OR "GOOD ACTS"

Plaintiff Anthony Dedrick, by and through his undersigned counsel, hereby move the Court to exclude all evidence or discussion of Merck & Co.'s reputation and/or "good acts."

### INTRODUCTION

Plaintiff believes that Merck & Co., Inc. ("Merck") may attempt to introduce evidence or testimony, or discuss before the jury, its purported good reputation and/or other good acts. Such evidence is not relevant or material to the issues in this case, and the

1

introduction of such evidence would be unfairly prejudicial to Plaintiff, confuse the issues, and could potentially mislead the jury.

Plaintiff believes that such testimony may include but is not limited to:

1. Merck's Patient Assistance Program whereby uninsured individuals can obtain prescription medication at no cost to the patient or at a significantly reduced price;

2. That Plaintiff was a recipient of free drugs pursuant to Merck's Patient Assistance Program;

3. Merck's donation of millions of dollars in HIV vaccines to Africa while working with Bill Gates and the government of Botswana;

4. Merck's donation of medications to combat "River Blindness" — a disease that strikes rural villages in Africa —through the Mectizan program, in which Merck is partnered with Jimmy Carter and the Carter Foundation; and

5. The fact that Merck develops drugs that treat and cure disease. For these reasons outlined below, the Court should exclude any such evidence, testimony, or discussion before the jury.

## ARGUMENT

### I. EVIDENCE OR DISCUSSION OF MERCK'S GOOD ACTS OR REPUTATION IS IRRELEVANT

Any evidence or discussion that Merck is a "good company" and performs benevolent acts has no relevance to the claims asserted by Plaintiff and must be excluded under both the Tennessee and Federal Rules of Evidence. Fed. R. Evid. 401; Tenn. R. Evid. 401. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed R. Evid. 401; see also Rept. of the Advisory Comm. on Evidence Rules, Administrative Office of the U.S. Courts, Fed. R. Evid. Amendments to Rules 404, 408, 606, and 609.

After careful consideration over a number of years, the Evidence Rules Committee has concluded that character evidence should not be admitted to prove conduct in a civil case. The circumstantial use of character evidence is fraught with peril in any case, because it could lead to a trial of personality and could cause the jury to decide the case on improper grounds. The risks of character evidence historically have been considered worth the costs where a criminal defendant seeks to show his good character or the pertinent bad character of the victim. This so-called "rule of mercy" is thought necessary to provide a counterweight to the resources of the government, and is a recognition of the possibility that the accused, whose liberty is at stake, may have little to defend with other than his good name. But none of these considerations is operative in civil litigation. In civil cases, the substantial problems raised by character evidence were considered by the Committee to outweigh the dubious benefit that character evidence might provide.

In the instant case, whether Merck is a "good company," gives away prescriptions drugs, or makes drugs that cure disease has absolutely no bearing on Merck's knowledge of the dangers associated with Vioxx, the adequacy of Merck's warning label concerning Vioxx's propensity to cause thromboembolic cardiovascular events, and in particular, the causes of the heart attack suffered by Mr. Dedrick. Merck's character is not an element of any claim or defense. Such evidence is neither legally nor logically relevant to any fact that is of consequence in this matter, and must be excluded.

## II. Even If Evidence or discussion of merck's good acts and reputation were Relevant, It Should Be Excluded Under Rule 403

Should this Court determine that evidence or discussion of Merck's good acts and reputation is relevant — and Plaintiff respectfully submits that such a finding would be

3

erroneous — that does not end the inquiry. Rule 403 provides, "relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

As the probative value of proffered evidence becomes more marginal, the danger of unfair prejudice will more frequently compel the exclusion of the same under Rule 403. See *U.S. v. Huffine*, No. CR.A. 02-93, 2003 WL 122313, at *4 (E.D. La. Jan. 13, 2003). The evidence and discussion at issue falls squarely within Rule 403's ambit. Evidence of Merck's "good acts" or reputation is extremely attenuated from the issues in this case. Such testimony would only serve to confuse and mislead the jury. Moreover, such evidence would also serve to unduly prejudice Plaintiff by causing the jury to align itself with Merck based solely on these "good acts," and to ignore the evidence specific to Plaintiff's allegations. Rule 403 dictates that evidence of Merck's "good acts" or reputation, specifically the five areas listed in this motion, should be excluded from evidence.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant his motion and preclude Merck from making any reference, comment, inference, or otherwise, attempting to offer any evidence regarding the five areas of charitable contributions that are highlighted in this motion specifically as well as any other ways that Merck might attempt to highlight its character for "good acts" before the jury.

4

Date: October 27, 2006                                Respectfully submitted,

By ___*P. Leigh O'Dell*___
Andy D. Birchfield, Jr.
P. Leigh O'Dell
BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, Alabama 36103-4160
Telephone: (334) 269-2343
Facsimile: (334) 954-7555

Counsel for Plaintiffs

5

**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
**Plaintiffs' Liaison Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID, MEUNIER
& WARSHAUER, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (telecopier)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

**PLAINTIFF'S STEERING COMMITTEE**

**Christopher A. Seeger, Esquire**
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Arnold Levin, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Shelley Sanford, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W.
Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

6

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Plaintiff's Motion in Limine to Exclude Evidence or Discussion Concerning Defendant's Reputation and/or "Good Acts" has been served on Liaison Counsel, Phillip A. Wittman and Russ Herman, by U.S. Mail and e-mail or by hand delivery and e-mail, on Merck's Counsel, Douglas R. Marvin and Philip S. Beck, by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced, in accordance with Pretrial Order No. 8A, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 24th day of October, 2006.

／s／ P. Leigh O'Dell
P. Leigh O'Dell
Attorney for Plaintiff
Beasley, Allen, Crow,
Methvin, Portis & Miles, P.C.