UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 05-2524 | * | |
| | * | MAGISTRATE |
| ANTHONY WAYNE DEDRICK, | * | JUDGE KNOWLES |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * *

**MOTION IN LIMINE AND MEMORANDUM IN SUPPORT OF MOTION OF MERCK & CO., INC. ("MERCK") FOR ORDER EXCLUDING EVIDENCE AND TESTIMONY ADDRESSED IN MOTIONS PREVIOUSLY CONSIDERED BY THE COURT**

(MOTION *IN LIMINE*)

By way of this motion, Merck reasserts the six motions *in limine* it filed in *Mason v. Merck*. These briefs – Motions *in Limine* Nos. 1 through 5 and No. 7 in *Mason* – are incorporated by reference and are attached hereto as Exhibit A.

Specifically, Merck moves to exclude: (i) improper references to Merck's defense of other Vioxx®-related lawsuits or to the number of times Merck witnesses have testified previously; (ii) improper personal opinions of David J. Graham, M.D. regarding the Food and Drug Administration ("FDA"); (iii) evidence or argument pertaining to Dr. Graham's "excess events" calculation; (iv) testimony or argument that Merck (a) could have unilaterally changed

1

the Vioxx label; or (b) "dragged its feet" to prevent the VIGOR data from being added to the Vioxx label; (v) evidence or argument regarding "all-cause mortality" data form Alzheimer's disease clinical trials; (vi) all "Warning Letters" and other informal "Untitled Letters" (collectively "informal FDA letters") from the FDA; (vii) evidence relating to the *New England Journal of Medicine*'s ("*NEJM*'s") December 2005 "Expression of Concern"; (viii) marketing and promotional materials that are unrelated to plaintiff or his prescribers; (ix) any evidence or argument suggesting that Adverse Event Reports and case reports are sufficient to show causation or fault; (x) unreliable and irrelevant medical and scientific evidence; and (xi) the testimony of Eric J. Topol, M.D. Where the Court is not inclined to change its prior rulings, Merck reasserts these issues simply to preserve its record for appeal.

The Court's prior rulings on issues (i) through (v) above (covered by *Mason* Motions *in Limine* Nos. 1 through 5) are as follows:

***Mason* MIL No. 1:** Improper references to Merck's defense of other Vioxx-related lawsuits or to the number of times Merck witnesses have testified previously.

- *Mason* Ruling: NO RULING. As of the date of this filing, the Court has yet to rule on this motion in *Mason*.

- *Smith* Ruling: RESERVED. The Court reserved ruling on this motion in *Smith*, but indicated that it would preclude any such reference at trial unless used for impeachment or if Merck opened the door. (Aug. 31, 2006 *Smith v. Merck* Order re Motions *in limine* at 14; *see also* Aug. 31, 2006 *Smith v. Merck* Tr. at 23:18-24:2.) Plaintiff's counsel subsequently made improper reference to the number of times that one of Merck's witnesses had testified previously. (Sept. 11, 2006 *Smith v. Merck* Tr. at 115:2-4.) The Court told plaintiff's counsel that "this will not

continue" and explained that the fact that a witness had testified in other Merck cases is "not significant." (*Id.* at 115:22-23.)

- *Barnett* Ruling: NOT APPLICABLE. Merck did not file this motion in *Barnett*.

- *Plunkett* Ruling: NOT APPLICABLE. Merck did not file this motion in *Plunkett I* or *Plunkett II*.

**Mason MIL No. 2**:   Improper personal opinions of David J. Graham, M.D. regarding the FDA.

- *Mason* Ruling: DENIED AS MOOT. Here, too, the Court simply ruled on the parties' deposition designations. (*See* Oct. 12, 2006 *Mason v. Merck* Tr. at 4:25-6:5.)

- *Smith* Ruling: DENIED. (Aug. 31, 2006 *Smith v. Merck* Tr. at 20:12-21; Aug. 31, 2006 *Smith v. Merck* Order Re Motions *in Limine* at 12.)

- *Barnett* Ruling: DENIED AS MOOT. The Court denied this motion "as moot" and noted its rulings on the deposition designation transcripts. (July 29, 2006 *Barnett v. Merck* Order re Topol and Graham Motions.)

- *Plunkett* Ruling: NOT APPLICABLE. Dr. Graham's deposition had not yet been taken when *Plunkett I* and *II* were tried.

**Mason MIL No. 3**:   Evidence or argument pertaining to Dr. Graham's "excess events" calculation.

- *Mason* Ruling: MOOT. The parties agreed this motion was moot in light of the evidence designated by plaintiff.

- *Smith* Ruling: DENIED. (Aug. 31, 2006 *Smith v. Merck* Tr. at 20:12-21; Aug. 31, 2006 *Smith v. Merck* Order Re Motions *in Limine* at 12.)

- *Barnett* Ruling: DENIED AS MOOT. In *Barnett*, Merck addressed this issue in its

3

broader motion *in limine* on Dr. Graham's testimony. As noted above, the Court made its rulings in the context of the parties' deposition designations.

- *Plunkett* Ruling: RESERVED. (Nov. 20, 2005 *Plunkett v. Merck (Plunkett I)* Order re Merck's Motions *in Limine* at 4; Feb. 3, 2006 *Plunkett v. Merck (Plunkett II)* Order re Merck's Previously Filed Motions *in Limine* at 2.)

***Mason* MIL No. 4**: Testimony or argument that Merck (i) could have unilaterally changed the Vioxx label; or (ii) "dragged its feet" to prevent the VIGOR data from being added to the Vioxx label.

- *Mason* Ruling: NO RULING. As of the date of this filing, the Court has yet to rule on this motion in *Mason*.

- *Smith* Ruling: DENIED. The Court found this a "question of fact." (Aug. 31, 2006 *Smith v. Merck* Order Re Motions *in Limine* at 11.)

- *Barnett* Ruling: NOT APPLICABLE. *Barnett*, unlike *Dedrick*, was not a post-VIGOR label case. Therefore, Merck did not file this motion in the case.

- *Plunkett* Ruling: NOT APPLICABLE. *Plunkett* similarly was not a post-VIGOR label case. For that reason, Merck did not file this motion in *Plunkett I* or *Plunkett II*.

***Mason* MIL No. 5**: Evidence or argument regarding "all-cause mortality" data from Alzheimer's disease clinical trials.

- *Mason* Ruling: MOOT. The parties agreed that this motion was moot in light of the evidence designated by plaintiff in *Mason*.

- *Smith* Ruling: RESERVED. In *Smith*, Merck again addressed this issue in its broader motion on scientifically unreliable evidence. The Court reserved ruling.

4

(Aug. 31, 2006 *Smith v. Merck* Tr. at 22:9-10; Aug. 31, 2006 *Smith v. Merck* Order re Motions *in Limine* at 13.)

- *Barnett* Ruling: NOT APPLICABLE. Merck did not file this motion in *Barnett*.

- *Plunkett* Ruling: DENIED. In *Plunkett*, Merck addressed this issue in its broader motion on scientifically unreliable evidence. The Court denied the motion on vagueness grounds. (Nov. 20, 2005 *Plunkett v. Merck (Plunkett I)* Order re Merck's Motions *in Limine* at 4; Feb. 3, 2006 *Plunkett v. Merck (Plunkett II)* Order re Merck's Previously Filed Motions *in Limine* at 2.)

The Court's prior rulings on issues (vi) through (xi) above are as follows. These are issues covered by *Mason* Motion *in Limine* No. 7, the "Omnibus Motion for Order Excluding Evidence and Testimony Previously Denied by the Court." As of the date of this filing, the Court has yet to rule on Motion *in Limine* No. 7 in *Mason*.

***Mason* MIL No. 7**:   FDA Warning Letters and Informal FDA Communications.

- *Smith* Ruling: DENIED. Once again, only the September 2001 DDMAC letter pertaining to Vioxx was admitted. (Aug. 31, 2006 *Smith v. Merck* Order re Motions *in Limine* at 13.)

- *Barnett* Ruling: DENIED. At in *Plunkett*, only the September 2001 DDMAC letter pertaining to Vioxx was admitted. (June 28, 2006 *Barnett v. Merck* Order Re Merck's Motions *in Limine* at 9.)

- *Plunkett* Ruling: RESERVED. At trial, only the September 2001 DDMAC letter pertaining to Vioxx was admitted. (Nov. 20, 2005 *Plunkett v. Merck (Plunkett I)*

Order re Merck's Motions *in Limine* at 3; Feb. 3, 2006 *Plunkett v. Merck (Plunkett II)* Order re Merck's Previously Filed Motions *in Limine* at 2.)

***Mason* MIL No. 7**: The *New England Journal of Medicine* "Expression of Concern."

- *Smith* Ruling: RESERVED. In *Smith*, the Court reserved ruling on Merck's motion but once again excluded the editorial from evidence. (Aug. 31, 2006 *Smith v. Merck* Order re Motions *in Limine* at 14.)

- *Barnett* Ruling: RESERVED. In *Barnett*, the Court reserved ruling on Merck's motion but again excluded the editorial from evidence. (June 28, 2006 *Barnett v. Merck* Order re Merck's Motions *in Limine* at 10.)

- *Plunkett* Ruling: The "Expression of Concern" had not yet been published when Merck filed its *Plunkett I* motions *in Limine*. In *Plunkett II*, the Court denied Merck's motion but sustained its objection to plaintiff's designation of the portions of Dr. Curfman's testimony in which he attempted to read the "Expression of Concern" into the record.

***Mason* MIL No. 7**: Irrelevant Marketing and Promotional Materials.

- *Smith* Ruling: DENIED. (Aug. 31, 2006 *Smith v. Merck* Order re Motions *in Limine* at 12.)

- *Barnett* Ruling: NOT APPLICABLE. Merck did not file this motion in *Barnett*.

- *Plunkett* Ruling: RESERVED. (Nov. 20, 2005 *Plunkett v. Merck (Plunkett I)* Order re Merck's Motions *in Limine* at 2; Feb. 3, 2006 *Plunkett v. Merck (Plunkett II)* Order re Merck's Previously Filed Motions *in Limine* at 2.)

***Mason* MIL No. 7**: Adverse Event Reports and Case Reports.

- *Smith* Ruling: DENIED. (Aug. 31, 2006 *Smith v. Merck* Order Re Motions *in Limine* at 12.)

- *Barnett* Ruling: NOT APPLICABLE. Merck did not file this motion in *Barnett*.

- *Plunkett* Ruling: DENIED. (Nov. 20, 2005 *Plunkett v. Merck (Plunkett I)* Order re Merck's Motions *in Limine* at 5; Feb. 3, 2006 *Plunkett v. (Plunkett II) Merck* Order re Merck's Previously Filed Motions *in Limine* at 2.)

***Mason* MIL No. 7**: Unreliable and Irrelevant Scientific Evidence.

- *Smith* Ruling: RESERVED. (Aug. 31, 2006 Order re Motions *in Limine* at 13.)

- *Barnett* Ruling: NOT APPLICABLE. Merck did not file this motion in *Barnett*.

- *Plunkett* Ruling: DENIED. (Nov. 20, 2005 *Plunkett v. Merck (Plunkett I)* Order re Merck's Motions *in Limine* at 4; Feb. 3, 2006 *Plunkett v. Merck (Plunkett II)* Order re Merck's Previously Filed Motions *in Limine* at 2.)

***Mason* MIL No. 7**: The testimony of Eric J. Topol, M.D.

- *Smith* Ruling: DENIED. (Aug. 31, 2006 Order re Motions *in Limine* at 13.)

- *Barnett* Ruling: DENIED AS MOOT. The Court denied this motion "as moot" and noted its rulings on the deposition designation transcripts. (July 29, 2006 *Barnett v. Merck* Order re Topol and Graham Motions.)

- *Plunkett* Ruling: DENIED. (Nov. 29, 2005 *Plunkett v. Merck (Plunkett I)* Tr. at 12:6-7; Feb. 3, 2006 *Plunkett v. Merck (Plunkett II)* Order re Merck's Previously Filed Motions *in Limine* at 2.)

For the reasons set forth in the attached Motions *in Limine* Nos. 1 through 5 and 7, Merck respectfully asks the Court to exclude: (i) improper references to Merck's defense of other Vioxx-related lawsuits or to the number of times Merck witnesses have testified previously;

(ii) improper personal opinions of David J. Graham, M.D. regarding the FDA; (iii) evidence or argument pertaining to Dr. Graham's "excess events" calculation; (iv) testimony or argument that Merck (a) could have unilaterally changed the Vioxx label; or (b) "dragged its feet" to prevent the VIGOR data from being added to the Vioxx label; (v) evidence or argument regarding "all-cause mortality" data form Alzheimer's disease clinical trials; (vi) all informal FDA letters; (vii) evidence relating to the *NEJM*'s December 2005 "Expression of Concern"; (viii) marketing and promotional materials that are unrelated to Mr. Dedrick or his prescribers; (ix) any evidence or argument suggesting Adverse Event Reports and case reports are sufficient to show causation or fault; (x) unreliable and irrelevant medical and scientific evidence; and (xi) the testimony of Eric J. Topol, M.D.

Dated: October 27, 2006

Respectfully submitted,

S/Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Mark Ouweleen
Carrie Jablonski
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
Phone: 312-494-4400

Case 2:05-md-01657-EEF-DEK   Document 8326   Filed 10/27/06   Page 9 of 10
Fax: 312-494-4440

Douglas Marvin
Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax: 202-434-5029

And

Brian Currey
A. Patricia Klemic
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: 213-430-6000
Fax: 213-430-6407

Attorneys for Merck & Co., Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum In Support Of Motion Of Merck & Co., Inc. ("Merck") For Order Excluding Evidence And Testimony Addressed In Motions Previously Considered By The Court (Motion *in Limine*) has been served on Liaison Counsel, Russ Herman, and on counsel for Mr. Dedrick, Andy Birchfield, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 27th day of October, 2006.

S/Dorothy H. Wimberly