## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 06-0810 | * | |
| | * | MAGISTRATE JUDGE |
| CHARLES L. MASON, | * | KNOWLES |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * | | |

**MEMORANDUM IN SUPPORT OF OMNIBUS MOTION OF MERCK & CO., INC. ("MERCK") FOR ORDER EXCLUDING EVIDENCE AND TESTIMONY <u>RAISED BY MOTIONS PREVIOUSLY DENIED BY THE COURT</u>**

**(MOTION IN *LIMINE* NO. 7)**

By way of this motion, Merck moves to exclude evidence and testimony addressed in motions in *limine* that have been previously presented to and denied or reserved by the Court. Specifically, Merck moves to exclude: (i) all "Warning Letters" and other informal "Untitled Letters" (collectively "informal FDA letters") from the Food and Drug Administration ("FDA"); (ii) evidence relating to the *New England Journal of Medicine*'s ("*NEJM*'s") December 2005 "Expression of Concern;" (iii) marketing and promotional materials that are unrelated to Mr. Mason or his prescribers; (iv) any evidence or argument suggesting Adverse Event Reports and case reports are sufficient to show causation or fault; (v) unreliable and irrelevant medical and

scientific evidence; and (vi) the testimony of Eric J. Topol, M.D.  Where the Court is not inclined to change its prior rulings, Merck reasserts these issues simply to preserve Merck's record for appeal.

**I.    PRIOR RULINGS.**

The Court's prior rulings on each of these issues – citations to which are provided in the body of this brief – are as follows:

| Issue | *Plunkett* Ruling | *Barnett* Ruling | *Smith* Ruling |
|---|---|---|---|
| FDA Warning Letters and Informal FDA Communications | RESERVED<br><br>At trial, only the September 2001 DDMAC letter pertaining to Vioxx was admitted. | DENIED<br><br>At trial, only the September 2001 DDMAC letter pertaining to Vioxx was admitted. | DENIED<br><br>At trial, only the September 2001 DDMAC letter pertaining to Vioxx was admitted. |
| The *NEJM* "Expression of Concern" | DENIED; LATER EXCLUDED<br><br>The Court denied this motion, but later excluded the editorial from evidence. | RESERVED; LATER EXCLUDED<br><br>Here, too, the Court excluded the editorial from evidence. | RESERVED; LATER EXCLUDED<br><br>Here, too, the Court excluded the editorial from evidence. |
| Irrelevant Marketing and Promotional Materials | RESERVED | N/A | DENIED |
| Adverse Event Reports and Case Reports | DENIED | N/A | DENIED |
| Unreliable and Irrelevant Scientific Evidence | DENIED | N/A | RESERVED |
| Testimony of Eric J. Topol, M.D. | DENIED<br><br>The Court denied Merck's motion and ruled on the parties' designations of Dr. Topol's testimony. | DENIED<br><br>The Court denied Merck's motion and ruled on the parties' designations of Dr. Topol's testimony. | DENIED<br><br>The Court denied Merck's motion and ruled on the parties' designations of Dr. Topol's testimony. |

2

## II. THE COURT SHOULD REVISIT ITS PRIOR RULING ON THE EVIDENCE AT ISSUE IN THIS MOTION.

### A. The Court Should Exclude All Informal Communications From The FDA.

***Merck's Position***: Merck requests an order excluding all informal communications from the FDA, including: (i) any Warning Letters or informal FDA letters from the FDA relating to Vioxx, such as Plaintiff's Exhibit 1.0006; and (ii) any such letters relating to *other* drugs manufactured by Merck, such as Plaintiff's Exhibit 1.2126. These informal FDA communications – including the September 2001 letter – are irrelevant, and their admission would confuse the jury, unduly prejudice Merck, and waste judicial resources. The letters also constitute inadmissible hearsay. Informal communications from the FDA relating to drugs *other* than Vioxx are especially irrelevant, unduly prejudicial, and confusing given that this case is about Vioxx, not other drugs. None of these non-Vioxx letters has been admitted into evidence in any of the cases that have been tried in the MDL to date. The Court should continue to exclude these letters from evidence.

***Prior Rulings***: In *Plunkett v. Merck*, the Court admitted Plaintiff's Exhibit 1.0006 on the ground that it was relevant to plaintiff's contention that Merck allegedly rushed Vioxx to market. (*See* Dec. 5, 2005 *Plunkett v. Merck (Plunkett I)* Tr. at 1446:9-1450:1; Feb. 16, 2006 *Plunkett v. Merck (Plunkett II)* Tr. at 2073:8-2089:2.) In *Barnett v. Merck*, the Court denied Merck's motion in *limine* on the ground that Plaintiff's Exhibit 1.0006 was relevant to Merck's knowledge, advertisements, "Dear Doctor" letters, and "duty regarding its sales force." (*See* June 28, 2006 Order re Merck's Motions in *Limine* at 9.) The Court also denied Merck's motion in *limine* in *Smith v. Merck*. (*See* Sept. 6, 2006 Order re Motions in *Limine* at 13.) Merck respectfully disagrees with these prior rulings on Plaintiff's Exhibit 1.0006 and requests that the

3

Court revisit them. In addition, Merck requests that the Court continue to keep out any informal FDA communications relating to drugs other than Vioxx.

***Prior Briefing***: Merck hereby incorporates by reference its prior motions in *limine* on this issue as if fully set forth herein. (*See* Motion to Exclude FDA Warning Letters and Inadmissible Hearsay Statements Made By FDA Employees Regarding Vioxx (Motion in *Limine* No. 4), filed in *Plunkett v. Merck (Plunkett I)* on Nov. 4, 2005 and Jan. 30, 2006 (Record Docket Nos. 1269 and 3026); Motion for Order Excluding Informal Communications from the FDA Concerning Promotional Materials (Motion in *Limine* No. 2), filed in *Barnett v. Merck* on June 16, 2006 (Record Docket No. 5308); Omnibus Motion for Order Excluding Evidence and Testimony on Issues Previously Addressed by the Court (Motion in *Limine* No. 6), filed in *Smith v. Merck* on Aug. 7, 2006 (Record Docket No. 6125).)

    **B.**    **The Court Should Exclude Evidence Relating To The *NEJM*'s December 2005 "Expression Of Concern."**

***Merck's Position***: Merck moves to exclude from evidence the "Expression of Concern" published by the *New England Journal of Medicine* on December 8, 2005, as well as related opinion pieces such as the "Reaffirmation of the Expression of Concern" and related appendices. These documents are inadmissible for at least three independent reasons. First, the "Expression of Concern" has no probative value with respect to any of Mr. Mason's claims against Merck – especially given the fact that Mr. Mason's personal physician, Dr. Vogeler, testified that he knew Vioxx carried a cardiovascular risk five times greater than Naprosyn at the time Mr. Mason was taking Vioxx, and that this did not change his prescribing habits. (*See* Aug. 30, 2006 Deposition of Douglas M. Vogeler, M.D. ("Vogeler 8/30/06 Dep.") at 463:9-464:20, attached hereto as Ex. A.) In fact, Dr. Vogeler testified that he still believes Mr. Mason is an appropriate candidate for Vioxx, and that if it were on the market today he would prescribe it for his patients. (*See* July

4

26, 2006 Deposition of Douglas M. Vogeler, M.D. at 206:9-20, attached hereto as Ex. B; Vogeler 8/30/06 Dep. at 464:21-25.) Second, the "Expression of Concern" and related editorials constitute inadmissible hearsay to which no hearsay exception applies. Finally, admitting the editorials would unduly prejudice Merck and lead to juror confusion and a waste of judicial resources.[1]

***Prior Rulings*:** Although the Court has yet to grant Merck's motion in *limine* on the "Expression of Concern," it has always excluded the document from evidence. In *Plunkett v. Merck (Plunkett II)*, the Court sustained Merck's objection to plaintiff's designation of the portions of Dr. Curfman's testimony in which he attempted to read the "Expression of Concern" into the record. In *Barnett v. Merck* and *Smith v. Merck*, the Court reserved ruling on Merck's motion but again excluded the editorial from evidence. (*See* June 28, 2006 Order re Merck's Motions in *Limine* at 10; Sept. 6, 2006 Order re Motions in *Limine* at 14.) In light of the Court's prior rulings excluding the "Expression of Concern," Merck respectfully requests that the Court now grant Merck's motion to exclude the document and all related evidence.

***Prior Briefing*:** Merck hereby incorporates by reference its prior motions in *limine* on this issue as if fully set forth herein. (*See* Motion to Exclude Letters to the Editor and Non-

---

[1] Merck will object separately to those portions of Dr. Curfman's November 2005 deposition in which he makes criticisms of the VIGOR publication that have no connection to this case. To the extent the Court admits his testimony on the alleged shortcomings of VIGOR, Merck will seek to introduce its cross-examination of Dr. Curfman showing that the *NEJM*'s handling of the "Expression of Concern" demonstrates his bias. Dr. Curfman's adversarial stance in the editorial is relevant to show the lack of objectivity in the Journal's analysis. *See* FED. R. EVID. 401. Further, to the extent any purported experts testify about, reference, or rely upon inadmissible editorials such as the "Expression of Concern," the Court should permit Merck to cross-examine these experts on the bases for their opinions. Such cross-examination does not make the editorials themselves admissible evidence, since they are not the type of evidence reasonably relied on by an expert and clearly are not the type of materials contemplated by Rule 703 of the Rules of Evidence. *See* FED. R. EVID. 703; *see also Meschino v. No. Am. Drager, Inc.*, 841 F.2d
(*footnote continued next page*)

5

831906v.1

Scientific Editorials in Science Journals (Motion in *Limine* No. 13), filed in *Plunkett v. Merck (Plunkett I)* on Nov. 4, 2005 and Jan. 30, 2006 (Record Docket Nos. 1278 and 3035); Motion for Order Excluding Evidence Relating to the *New England Journal of Medicine*'s December, 2005 "Expression of Concern" (Motion in *Limine* No. 4), filed in *Barnett v. Merck* on June 16, 2006 (Record Docket No. 5310); Omnibus Motion for Order Excluding Evidence and Testimony on Issues Previously Addressed by the Court (Motion in *Limine* No. 6), filed in *Smith v. Merck* on Aug. 7, 2006 (Record Docket No. 6125).)

      **C.**    **The Court Should Exclude Evidence Of Marketing and Promotional Materials Unrelated To Mr. Mason Or His Prescribers.**

*Merck's Position*: Merck moves to exclude documents and testimony regarding marketing efforts that Mr. Mason's prescribers never saw and that had no impact on their decision to prescribe Vioxx to Mr. Mason. None of this evidence is relevant to Mr. Mason's case. Further, any marginal relevance is outweighed by the prejudicial effect and waste of time that would result from the documents' admission. Merck thus requests that the Court exclude the following categories of documents identified by plaintiff as potential trial exhibits, as well as any deposition testimony, trial testimony, or argument related to these documents[2]:

- Internal Merck marketing budgets, sales projections, and marketing research, including the marketing efforts reflected therein;

- Internal Merck communications concerning marketing strategies;

- Merck's marketing training materials;

---

429, 434 (1st Cir. 1988).

[2] Examples of documents reflecting inadmissible data in one or more of these categories include Plaintiff's Exhibits 1.0009, 1.0013, 1.0127, 1.0140, 1.0150, 1.0160, 1.0166, 1.0316, 1.0317, 1.0319, 1.0331, 1.0365, 1.0407, 1.0408, 1.0414, 1.0415, 1.1135, 1.1568, 1.1718, 1.1720, and 1.2631.

6

- Notes from meetings between Merck representatives and physicians who were not involved in Mr. Mason's treatment; and

- Any other materials not viewed by Mr. Mason's prescribers but offered to prove that Merck fraudulently misrepresented or concealed risks associated with Vioxx.

**_Prior Rulings_**: In *Plunkett,* the Court reserved ruling on these issues but recognized that Rule "403 will have to be considered if material is too voluminous or unrelated to instant case issues or defenses." (Nov. 20, 2005 Order re Merck's Motions in *Limine* at 2; *see also* Feb. 3, 2006 Order re Merck's Previously Filed Motions in *Limine* at 2.) The Court admitted a great deal of marketing evidence, even though the prescribing physician testified that no marketing materials or practices influenced his decision to prescribe Vioxx to Mr. Irvin. (Feb. 9, 2006 *Plunkett v. Merck (Plunkett II)* Tr. at 888:2-891:16 (Test. of Dr. Schirmer).) In *Smith*, the Court denied Merck's motion, noting that "this material has been used to show some trends" and that it "may have some relevance on that." (Aug. 31, 2006 *Smith v. Merck* Tr. at 20:8-11; *see also* Sept. 6, 2006 Order re Motions in *Limine* at 12.) Merck respectfully requests that the Court revisit these prior rulings and exclude all evidence of marketing and promotional materials unrelated to Mr. Mason or his prescribers.

**_Prior Briefing_**: Merck hereby incorporates by reference its prior motions in *limine* on this issue as if fully set forth herein. (*See* Motion to Exclude Evidence of, or Reference to, Marketing and Promotional Materials Unrelated to Mr. Irvin or His Prescribing Physician (Motion in *Limine* No. 1), filed in *Plunkett v. Merck (Plunkett I)* on Nov. 4, 2005 and Jan. 30, 2006 (Record Docket Nos. 1266 and 3023); Motion to Exclude Evidence of, or Reference to, Marketing and Promotional Materials Unrelated to Mr. Smith or His Prescribing Physician Dr. Michael Grefer, (Motion in *Limine* No. 3), filed in *Smith v. Merck* on Aug. 7, 2006 (Record Docket No. 6123).)

7

### D. The Court Should Preclude Plaintiff From Using Adverse Event Reports And Case Reports To Prove Causation Or Culpability.

*Merck's Position*: At trial, Mr. Mason may offer case reports, including spontaneous Adverse Event Reports ("AERs"), in an attempt to prove causation, negligence, and/or strict liability.[3] The Court should reject these efforts, especially in light of the fact that there are no relevant AERs that relate to the prescribers in this case. AERs are collected in an uncontrolled manner, are based on incomplete information, and consist of unreliable hearsay. They are irrelevant and can serve only to confuse the jury and unduly prejudice Merck. They also are not accurate indications of the incidence of drug-induced injuries. *See, e.g.*, *Black v. Food Lion, Inc.*, 171 F.3d 308, 312-13 n.2 (5th Cir. 1999) (approving conclusion that case reports do not establish causal relationship).

*Prior Rulings*: In *Plunkett v. Merck (Plunkett I)*, the Court denied Merck's motion in *limine* on this issue, finding it "too broad and vague." (*See* Nov. 20, 2005 Order re Merck's Motions in *Limine* at 5; *see also* Feb. 3, 2006 Order re Merck's Previously Filed Motions in *Limine* at 2.) Merck did not file a motion on the issue in *Barnett v. Merck*. In *Smith v. Merck*, the Court again denied Merck's motion in *limine* on AERs. (*See* Sept. 6, 2006 Order re Motions in *Limine* at 13.) Merck respectfully disagrees with the Court's *Plunkett* and *Smith* rulings and requests that the Court reconsider the matter.

*Prior Briefing*: Merck hereby incorporates by reference its prior motions in *limine* on this issue as if fully set forth herein. (*See* Motion to Exclude Adverse Event Reports and Case

---

[3] AERs are also sometimes called "Adverse Experience Reports," "Drug Experience Reports," "Adverse Drug Experience Reports," "Adverse Drug Event Reports," "Adverse Reaction Reports," or simply "Case Reports." Entries on plaintiff's exhibit list that are covered by this motion include, by way of example only, Plaintiff's Exhibits 1.0758, 1.0759, 1.1007, 1.1009, 1.0293, 1.0370, 1.0399, 1.0421, and 1.0505.

8

831906v.1

Case 2:05-md-01657-EEF-DEK Document 7462-2 Filed 09/27/2006 Page 9 of 13

Reports (Motion in *Limine* No. 11), filed in *Plunkett v. Merck (Plunkett I)* on Nov. 4, 2005 and Jan. 30 2006 (Record Docket Nos. 1276 and 3033); and Omnibus Motion for Order Excluding Evidence and Testimony on Issues Previously Addressed by the Court (Motion in *Limine* No. 6), filed in *Smith v. Merck* on Aug. 7, 2006 (Record Docket No. 6125).)

    **E.    The Court Should Exclude Unreliable And Irrelevant Medical And Scientific Evidence.**

*Merck's Position*: The Court should exclude all non-probative medical and scientific "evidence," which is unreliable, irrelevant, unduly prejudicial, and almost certain to confuse and mislead the jury. In particular, Merck moves to exclude the following categories of evidence[4]:

- Statistically Insignificant Data. To the extent that plaintiff's experts rely on scientific data that are not statistically significant to form their causation opinions, the Court should exclude all such data. Statistically insignificant data cannot establish causation. If experimental results do not reach a level of statistical significance, the possibility that the results were attributable to chance cannot reliably be excluded.

- Investigator-Reported Data. To the extent that plaintiff's experts rely on investigator-reported adverse-event data from clinical studies involving Vioxx to contradict adjudicated data from the same studies, the Court should exclude all evidence of or reference to the investigator-reported data. Where adjudicated data exist, investigator-reported data have no probative value, and their admission will cause undue delay, confusion and unfair prejudice to Merck.

For the reasons stated above and in Merck's prior briefing on this issue, the Court should exclude all of this unreliable scientific evidence, as well as any lay or expert testimony predicated on the evidence.

---

[4] Examples of documents reflecting inadmissible data in one or more of these categories include Plaintiff's Exhibits 1.0014, 1.0016, 1.0025, 1.0039, 1.0075, 1.0076, 1.0077, 1.0078, 1.0079, 1.0080, 1.0110, 1.0120, 1.0121, 1.0171, 1.0191, 1.0192, 1.0217, 1.0218, 1.0247, 1.0248, 1.0255, 1.0257, 1.0268, 1.0275, 1.0277, 1.0278, 1.0279, 1.0308, 1.0311, 1.0312, 1.0399, 1.0421, 1.0444, 1.0461, 1.0487, 1.0490., 1.0491, 1.0499, 1.0500, 1.0515, 1.0536, 1.0543, 1.0501, 1.0758, 1.0759, 1.0999, 1.1007, 1.1009, 1.1024, 1.1197, 1.1206, 1.1207, 1.1209, 1.1213, 1.1214, and 1.1235.

831906v.1

***Prior Rulings***:  In *Plunkett v. Merck (Plunkett I)*, the Court denied Merck's motion as "[t]oo vague and broad." (Nov. 20, 2005 Order re Merck's Motions in *Limine* at 4; Feb. 3, 2006 Order re Merck's Previously Filed Motions in *Limine* at 2.) Likewise, the Court denied Merck's motion in *limine* in *Smith v. Merck* as "too broad." (*See* Sept. 6, 2006 Order re Motions in *Limine* at 13.) Merck respectfully requests that the Court revisit these prior rulings.

***Prior Briefing***:  Merck hereby incorporates by reference its prior motions in *limine* on this issue as if fully set forth herein. (*See* Motion to Exclude Scientifically Unreliable and Irrelevant Medical and Scientific Evidence (Motion in *Limine* No. 6), filed in *Plunkett v. Merck (Plunkett I)* on Nov. 4, 2005 and Jan. 30, 2006 (Record Docket Nos. 1271 and 3028); and Omnibus Motion for Order Excluding Evidence and Testimony on Issues Previously Addressed by the Court (Motion in *Limine* No. 6), filed in *Smith v. Merck* on Aug. 7, 2006 (Record Docket No. 6125).)

### F.   The Court Should Exclude The Testimony Of Eric J. Topol, M.D.

***Merck's Position***:  Merck seeks to exclude Dr. Topol's testimony on two broad topics. First, the Court should exclude any testimony concerning events or documents created after July 25, 2003, the date of Mr. Mason's heart attack. As the Court noted in permitting Dr. Topol to testify in *Plunkett I*, his testimony is relevant only to the extent it addresses "what Merck knew and when they knew it." (Nov. 29, 2005 *Plunkett v. Merck (Plunkett I)* Tr. at 12:6-7.) Testimony about issues subsequent to Mr. Mason's injury is irrelevant to what Merck allegedly knew during the relevant time period. Second, the Court should preclude plaintiff from offering any testimony on subjects – such as labeling and marketing – that exceed the bounds of Dr. Topol's purported expertise. By his own admission, Dr. Topol is not an expert in labeling or regulatory issues. (Deposition of Eric Topol, M.D. at 542:9-15, attached hereto as Ex. C.) And nothing in his education or experience gives him the background necessary to opine on what he

10

suggests are Merck's improper marketing practices. (*Id.* at 27:4-28:4.) In addition, these are not topics on which his expert opinion was publicly known prior to his deposition, so Merck had no way of knowing he would offer these opinions and therefore could not prepare to cross-examine him on them.

***Prior Rulings***: In each case that has been tried to date, the Court has denied Merck's motion to exclude the testimony of Dr. Topol, and has overruled the majority of Merck's objections to the designated portions of his deposition testimony. (*See* Sept. 6, 2006 Order re Motions in *Limine* at 13.) Merck respectfully asks the Court to reconsider these prior rulings.

***Prior Briefing***: Merck hereby incorporates by reference its prior motions in *limine* on this issue as if fully set forth herein. (*See* Response to Plaintiff's Motion for Leave to Use Deposition Testimony of Dr. Eric Topol During Trial, filed in *Plunkett v. Merck (Plunkett I)* on Nov. 28, 2005 (Record Docket No. 1757); Motion to Exclude the Testimony of Dr. Eric J. Topol, M.D. (Motion in *Limine* No. 19), filed in *Plunkett v. Merck (Plunkett II)* on Jan. 30, 2006 (Record Docket No. 3040); Motion for Order Excluding the Testimony of Eric J. Topol, M.D. (Motion in *Limine* No. 5), filed in *Barnett v. Merck* on June 16, 2006 (Record Docket No. 5311); and Omnibus Motion for Order Excluding Evidence and Testimony on Issues Previously Addressed by the Court (Motion in *Limine* No. 6), filed in *Smith v. Merck* on Aug. 7, 2006 (Record Docket No. 6125).)

## III.  CONCLUSION.

For the reasons stated above and in Merck's prior briefing, Merck respectfully requests that the Court exclude: (i) all informal FDA letters; (ii) evidence relating to the *NEJM*'s December 2005 "Expression of Concern"; (iii) marketing and promotional materials that are unrelated to Mr. Mason or his prescribers; (iv) any evidence or argument suggesting AERs are

11

sufficient to show causation or fault; (v) unreliable and irrelevant medical and scientific evidence; and (vi) the testimony of Eric J. Topol, M.D.

Dated:  September 27, 2006                                  Respectfully submitted,

/s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Andrew Goldman
Carrie A. Jablonski
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:     312-494-4440

Brian Currey
Catalina J. Vergara
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:     213-430-6407

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:     202-434-5029

Attorneys for Merck & Co., Inc.

831906v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum in Support of Omnibus Motion for Order Excluding Evidence and Testimony Raised by Motions Previously Denied by the Court has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 27th day of September, 2006.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

13

831906v.1