## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re: VIOXX**<br><br>**PRODUCTS LIABILITY LITIGATION**<br><br>**This document relates to**<br>**Case No. 2:05CV2524**<br><br>**ANTHONY WAYNE DEDRICK,**<br><br>Plaintiff,<br><br>v.<br><br>**MERCK & CO., INC.,**<br><br>Defendant. | **MDL DOCKET NO. 1657**<br>**SECTION L**<br><br>**JUDGE FALLON**<br><br>**MAGISTRATE JUDGE KNOWLES**<br><br>**MERCK'S OBJECTIONS AND COUNTER-**<br>**DESIGNATIONS TO PLAINTIFF'S**<br>**AFFIRMATIVE DESIGNATIONS FOR**<br>**CASE-SPECIFIC WITNESSES** |

Merck hereby serves its Objections and Counter-Designations to plaintiff's affirmative designations for the case-specific depositions in *Dedrick*: Dr. William Coltharp, Dr. Esmeraldo Herrera, Dr. Mark Koenig, Melissa McAllister, and Dr. John McPherson.

Merck reserves the right to supplement or amend its Objections and Counter-Designations to Plaintiff's Deposition Designations based upon any ruling of the Court or any other court decisions that affect the scope of evidence in this trial, including rulings on its motions *in limine* or *Daubert* motions. Merck reserves the right to also counter designate any testimony designated by plaintiff in the event it is not offered by plaintiff. Merck also reserves the right to make additional completeness designations upon receipt of any Plaintiff's final designations or counter-designations. Merck does not waive its right to object to and/or move to exclude any documents or testimony that Plaintiff may offer at trial. Merck reserves all such rights.

By counter-designating testimony in response to Plaintiff's otherwise objectionable designations, Merck does not intend to waive any of its objections to deposition testimony, exhibits, or other evidence or argument.  If, objections by counsel are inadvertently designated, Merck reserves the right to remove them upon resolution of the objection.

## I.   WILLIAM COLTHARP

### Merck's Objections to Plaintiff's Affirmative Designations

| Start Page | Line | End Page | Line | Objections |
|---|---|---|---|---|
| 101 | 5 | 109 | 4 | 401, 402, 403.  An eight page graphic description of each step in a generic bypass operation is irrelevant to any issue in the case, a waste of time, and serves no purpose other than to attempt to shock the jury. |
| 112 | 19 | 116 | 19 | 401, 402, 403.  Same objection. |
| 118 | 4 | 123 | 13 | 401, 402, 403.  Same objection. |
| 123 | 14 | 132 | 18 | 401, 402, 403, 611(a).  Same objection,  Further, there is no way for jury to tell what Dr. Coltharp is referring to when he points to portions of a drawing: "I'm going to put it down here;" "make your . . . aortotomy holes here," etc. |
| 139 | 14 | 139 | 23 | 401, 402, 602.  Dr. does not remember what he knew about Vioxx in 2003.  Speculation about what he would have done if he had known hypothetical facts is not based on personal knowledge and is irrelevant. |
| 173 | 15 | 173 | 19 | 611(c).  Impermissible leading of a third party witness identified with the plaintiff. |
| 179 | 25 | 179 | 22 | 611(c).  Impermissible leading of a third party witness identified with the plaintiff. |
| 180 | 6 | 181 | 2 | 611(c).  Impermissible leading of a third party witness identified with the plaintiff. |

| Start Page | Line | End Page | Line | Objections |
|---|---|---|---|---|
| 181 | 10 | 182 | 13 | 611(c).  Impermissible leading of a third party witness identified with the plaintiff. |
| 183 | 17 | 184 | 2 | 401, 402, 602.  Dr. has testified he does not remember what he knew about Vioxx in 2003.  Speculation about what he would have done if he had known hypothetical facts about the risks of Vioxx is not based on personal knowledge and is irrelevant. |
| 186 | 7 | 186 | 13 | 403, 602, 802, 803.  Dr. has no personal knowledge of why Vioxx is not on the market, and is apparently reporting what he heard in the media (and reporting it incorrectly).  Further, there is no dispute that the FDA did not pull Vioxx, and this answer indicating the opposite will confuse the jury about a fact not in dispute. |
| 188 | 22 | 190 | 15 | 602, 401, 402.  Dr. has not offered an opinion on whether Vioxx played a role in the heart attack.  What he might think important to consider if he had formed an opinion is irrelevant and calls for speculation.  611(c).  Impermissible leading of a third party witness identified with the plaintiff. |
| 190 | 22 | 191 | 8 | 611(c).  Impermissible leading of a third party witness identified with the plaintiff. |

**Defendant's Counter Designations to Plaintiff's Affirmative Designations**

| Start Page | Line | End Page | Line |
|---|---|---|---|
| 133 | 9 | 133 | 14 |
| 137 | 21 | 138 | 2 |
| 144 | 10 | 144 | 17 |
| 172 | 14 | 173 | 4 |
| 174 | 8 | 174 | 8 |

## II.   ESMERALDO HERRERA

### Merck's Objections to Plaintiff's Affirmative Designations

| Start Page | Line | End Page | Line | Objections |
|---|---|---|---|---|
| 22 | 2 | 22 | 15 | 602.  Witness has testified he does not remember what he knew, and then is speculating about what he would have done if he did know about Vigor.  Answers are nonresponsive to questions. |
| 165 | 25 | 166 | 14 | 802.  Inadmissible hearsay about alleged conversations with anonymous representatives of Merck, impossible to test or verify because Merck representative are not identified |
| 175 | 14 | 176 | 9 | 611(c).  Impermissible leading of a third party witness identified with the plaintiff, with whom plaintiff's counsel met before the deposition. |
| 179 | 7 | 179 | 18 | 602.  Witness should not be permitted to testify about why Vioxx is not on the market because he has no personal knowledge.  802.  Witness's account of what t.v. or magazine stories have allegedly reported is inadmissible hearsay. |
| 181 | 19 | 181 | 20 | 602.  Witness has testified he does not remember what he knew about Vioxx.  His comments about what he would have done if he had known hypothetical facts is speculation, inadmissible because not based on personal knowledge. |
| 182 | 3 | 182 | 23 | 401, 402, 403.  Whether Mr. Dedrick's risk factors are under control now (after his heart attack) is irrelevant and likely to be confused with state of his risk factors before his heart attack.  611(c).  Impermissible leading of a third party witness identified with the plaintiff, with whom plaintiff's counsel met before the deposition. |

| Start Page | Line | End Page | Line | Objections |
|---|---|---|---|---|
| 183 | 4 | 183 | 19 | 401, 402.  Whether unidentified third parties have been able to quit smoking is irrelevant to any issue in this case.  802.  Doctor's report of statements his patients made is inadmissible hearsay. |
| 185 | 16 | 186 | 3 | 401, 402, 602.  Calls for speculation based on hypothetical; whether Dr. would prescribe cigarettes is irrelevant. |
| 186 | 4 | 186 | 24 | 802.  Inadmissible hearsay about alleged conversations with anonymous representatives of Merck, impossible to test or verify because Merck representative are not identified.  602.  Calls for impermissible speculation about whether hypothetical facts, if true, would have been important to know. |
| 188 | 2 | 188 | 14 | 611(c).  Impermissible leading of a third party witness identified with the plaintiff, with whom plaintiff's counsel met before the deposition. 602.  Counsel is explicitly not asking witness to testify based on personal knowledge, but instead is asking him to comment on what the document says. |
| 188 | 15 | 190 | 20 | 602, 701.  Witness is just being asked to identify, interpret, or comment on what it says in the label; not based on personal knowledge, nor does he have specialized knowledge about labeling that permit him to offer opinions.  611(c). Impermissible leading of a third party witness identified with the plaintiff, with whom plaintiff's counsel met before the deposition. |

| Start Page | Line | End Page | Line | Objections |
|---|---|---|---|---|
| 190 | 21 | 191 | 8 | 802.  Inadmissible hearsay about alleged conversations with anonymous representatives of Merck, impossible to test or verify because Merck representative are not identified.  611(c).  Impermissible leading of a third party witness identified with the plaintiff, with whom plaintiff's counsel met before the deposition. |
| 191 | 23 | 192 | 15 | 602.  Calls for impermissible speculation about whether hypothetical facts, if true, would have been important to know. |
| 196 | 9 | 196 | 17 | 602.  Calls for impermissible speculation about whether hypothetical facts, if true, would have changed witness's views. |
| 201 | 20 | 202 | 8 | 401, 402, 404.  Impermissible character evidence; whether Mr. Dedrick smiles or is a nice person is irrelevant, as is whether other patients cheat on their diets. |

## III.   MARK KOENIG

### Merck's Objections to Plaintiff's Affirmative Designations

| Start Page | Line | End Page | Line | Objections |
|---|---|---|---|---|
| 95 | 22 | 95 | 23 | Question with no answer. |
| 99 | 16 | 100 | 3 | 401, 402, 403.  Symptoms other people might have when having heart attacks are irrelevant.  Waste of time and confusion: there is no dispute as to whether Mr. Dedrick had a heart attack. |
| 100 | 4 | 101 | 1 | 401, 402, 403.  What heart attacks can do to other people is irrelevant and confusing: there is no evidence that Mr. Dedrick suffered from arrhythmia, congestive heart failure, or sudden cardiac death. |
| 103 | 1 | 103 | 11 | 611: Improper for plaintiff to lead witness who is not adverse or identified with defendant. |

| Start Page | Line | End Page | Line | Objections |
|:---:|:---:|:---:|:---:|:---|
| 105 | 2 | 105 | 7 | 611: Improper for plaintiff to lead witness who is not adverse or identified with defendant. |
| 105 | 9 | 105 | 10 | 611: Improper for plaintiff to lead witness who is not adverse or identified with defendant. |
| 105 | 23 | 106 | 6 | 401, 402, 403: Dr. Koenig already testified he was unfamiliar with Vioxx literature and was not offering opinions on whether Vioxx caused the heart attack.  Extent of his knowledge of Vioxx literature and mechanism is irrelevant and cumulative. |
| 106 | 7 | 106 | 10 | 602, 401, 402, 403: Dr. has testified he is not familiar with Vioxx literature and does not have opinion about Vioxx as a cause of heart attack.  This line of questioning improperly calls for irrelevant speculation about what opinions he might have formed if he had reviewed the literature and if the literature had established hypothetical facts about Vioxx. |
| 106 | 13 | 106 | 17 | 602, 401, 402, 403: Dr. has testified he is not familiar with Vioxx literature and does not have opinion about Vioxx as a cause of heart attack.  This line of questioning improperly calls for irrelevant speculation about what opinions he might have formed if he had reviewed the literature and if the literature had established hypothetical facts about Vioxx. |

| Start Page | Line | End Page | Line | Objections |
|---|---|---|---|---|
| 106 | 19 | 107 | 6 | 602, 401, 402, 403: Dr. has testified he is not familiar with Vioxx literature and does not have opinion about Vioxx as a cause of heart attack.  This line of questioning improperly calls for irrelevant speculation about what opinions he might have formed if he had reviewed the literature and if the literature had established hypothetical facts about Vioxx. |
| 107 | 9 | 107 | 9 | 602, 401, 402, 403: Dr. has testified he is not familiar with Vioxx literature and does not have opinion about Vioxx as a cause of heart attack.  This line of questioning improperly calls for irrelevant speculation about what opinions he might have formed if he had reviewed the literature and if the literature had established hypothetical facts about Vioxx. |
| 107 | 17 | 107 | 19 | 403: Mischaracterizes the witness's testimony. |
| 108 | 6 | 108 | 21 | 403: Ambiguous and confusing.  Question changes in the midst of answer, leaving it unclear whether witness is talking about all ways in which alcohol can affect heart, or only alcohol's effects through mechanism of blood pressure. |

| Start Page | Line | End Page | Line | Objections |
|---|---|---|---|---|
| 115 | 5 | 117 | 24 | 403, 611(a): Witness is commenting as he watches a video, pointing and indicating what he sees "here" and "there," referring to "this portion here" and "this dark area."  He stops play and starts play, changes views.  Even if the videotape is played for the jury, there is no way to sync it up with this testimony.  There is no way to know what he was playing when, what pointing to when. It is inadmissible under 403 because hopelessly ambiguous and confusing; under 611(a) because it is not a form of presentation of the evidence effective for the ascertainment of the truth. |
| 119 | 17 | 122 | 4 | 403, 611(a): Witness is commenting as he watches a video, pointing and indicating what he sees "here" and "there," referring to "this portion here" and "this dark area."  He stops play and starts play, changes views.  Even if the videotape is played for the jury, there is no way to sync it up with this testimony.  There is no way to know what he was playing when, what pointing to when. It is inadmissible under 403 because hopelessly ambiguous and confusing; under 611(a) because it is not a form of presentation of the evidence effective for the ascertainment of the truth. |

| Start Page | Line | End Page | Line | Objections |
|---|---|---|---|---|
| 122 | 11 | 122 | 22 | 403, 611(a): Witness is commenting as he watches a video, pointing and indicating what he sees "here" and "there," referring to "this portion here" and "this dark area."  He stops play and starts play, changes views. Even if the videotape is played for the jury, there is no way to sync it up with this testimony.  There is no way to know what he was playing when, what pointing to when. It is inadmissible under 403 because hopelessly ambiguous and confusing; under 611(a) because it is not a form of presentation of the evidence effective for the ascertainment of the truth. |
| 124 | 5 | 125 | 13 | 602: Witness lacks personal knowledge.  Witness did not perform the EKG, does not know but "presumes" it is Mr. Dedrick's, wishes he knew how it came to be in the file.  He should not be permitted to testify about it. |
| 129 | 15 | 130 | 2 | 602, 401, 402, 403:  Dr. has testified he is not familiar with Vioxx literature and does not have opinion about Vioxx as a cause of heart attack.  This line of questioning improperly calls for irrelevant speculation about what he would have done if he had been aware of hypothetical facts about Vioxx. |
| 130 | 5 | 130 | 8 | 602, 401, 402, 403:  Dr. has testified he is not familiar with Vioxx literature and does not have opinion about Vioxx as a cause of heart attack.  This line of questioning improperly calls for irrelevant speculation about what he would have done if he had been aware of hypothetical facts about Vioxx. |

**Defendant's Counter Designations to Plaintiff's Affirmative Designations**

| Start Page | Line | End Page | Line |
|---|---|---|---|
| 92 | 3 | 92 | 6 |
| 93 | 6 | 93 | 9 |
| 111 | 25 | 112 | 9 |

## IV.   MELISSA MCALLISTER

**Merck's Objections to Plaintiff's Affirmative Designations**

| Start Page | Line | End Page | Line | Objections |
|---|---|---|---|---|
| 9 | 8 | 9 | 16 | Calls for legal conclusion as to what responsibility Ms. McAllister has to a physician; lacks foundation and calls for expert testimony (sales reps are limited to discussing on-label information and witness is not in a position to opine on whether the info in the label is fair and balanced) |
| 9 | 18 | 10 | 1 | Same; also argumentative and asked and answered |
| 15 | 1 | 15 | 8 | Mischaracterizes prior testimony; witness did not testify that "day in and day out" she had discussions about Vioxx |
| 15 | 10 | 15 | 16 | Calls for expert testimony; assumes facts not in evidence; lacks foundation |
| 16 | 14 | 16 | 19 | Argumentative; calls for expert testimony; lacks foundation; asked and answered |
| 18 | 13 | 18 | 18 | Asked and answered |
| 19 | 8 | 19 | 21 | 403 ("selling"); Assumes facts not in evidence |
| 20 | 5 | 20 | 14 | Improper hypothetical; calls for speculation |
| 20 | 25 | 21 | 9 | Lacks foundation; calls for speculation |
| 21 | 11 | 21 | 17 | Lacks foundation; calls for speculation |
| 25 | 14 | 25 | 19 | Lacks foundation; improper hypothetical; calls for speculation |
| 25 | 20 | 25 | 23 | same; also asked and answered |

| Start Page | Line | End Page | Line | Objections |
|---|---|---|---|---|
| 25 | 24 | 27 | 3 | Improper hypothetical; lacks foundation and calls for speculation |
| 27 | 23 | 27 | 25 | Mischaracterizes prior testimony ("day in and day out") |
| 28 | 8 | 28 | 16 | Assumes facts not in evidence |
| 29 | 21 | 29 | 25 | Asked and answered (multiple times) |
| 30 | 10 | 31 | 8 | Argumentative; asked and answered; badgering |
| 32 | 2 | 32 | 8 | Lacks foundation; calls for expert testimony; vague with respect to "significant" |
| 35 | 16 | 37 | 3 | Relevance (witness testified CV card was not used with prescriber during relevant period) |
| 36 | 2 | 36 | 10 | Lacks foundation; calls for speculation |
| 40 | 23 | 47 | 15 | Relevance (witness testified CV card was not used with prescriber during relevant period) |
| 41 | 15 | 41 | 23 | Lacks foundation |
| 42 | 12 | 43 | 6 | Lacks foundation; calls for expert testimony |
| 44 | 10 | 45 | 4 | Lacks foundation |
| 45 | 20 | 45 | 24 | Lacks foundation |
| 46 | 5 | 46 | 9 | Lacks foundation; calls for expert testimony |
| 47 | 23 | 48 | 9 | Assumes facts not in evidence; lacks foundation; improper hypothetical |
| 48 | 11 | 48 | 23 | Improper hypothetical; assumes facts not in evidence |
| 48 | 25 | 49 | 16 | Lacks foundation; improper hypothetical; calls for expert testimony |
| 49 | 25 | 50 | 9 | Assumes facts not in evidence; vague |
| 53 | 6 | 54 | 18 | "Be the Power" video lacks relevance (witness testified that she did not recall whether she attended relevant meeting and does not remember seeing the video); lacks foundation; counsel testifying; assumes facts not in evidence (e.g., that video was ever played or that witness ever saw it) |
| 55 | 13 | 56 | 1 | Lacks foundation; vague |

| Start Page | Line | End Page | Line | Objections |
|---|---|---|---|---|
| 56 | 3 | 56 | 9 | Assumes facts not in evidence; vague with respect to "the heart attack" |
| 58 | 2 | 58 | 6 | Relevance |
| 59 | 7 | 59 | 21 | Relevance (witness testified that she did not recall whether she attended relevant meeting and does not remember seeing the video); lacks foundation; counsel testifying; calls for speculation; calls for narrative |
| 61 | 16 | 65 | 16 | Relevance (witness testified that she did not recall whether she attended relevant meeting and does not remember seeing the video); lacks foundation; counsel testifying |
| 62 | 3 | 62 | 23 | Vague ; |
| 63 | 4 | 63 | 7 | 403; Lacks foundation; counsel testifying |
| 63 | 15 | 64 | 4 | Lacks foundation; counsel testifying |
| 66 | 23 | 68 | 9 | Assumes facts not in evidence; lacks foundation; calls for speculation |
| 70 | 4 | 70 | 24 | Assumes facts not in evidence |
| 70 | 24 | 72 | 7 | Assumes facts not in evidence; asked and answered; argumentative; badgering |
| 72 | 23 | 74 | 3 | Relevance (witness testified that she did not recall whether she attended relevant meeting or whether she ever saw video); lacks foundation; counsel testifying |
| 73 | 2 | 73 | 9 | Counsel testifying; lacks foundation; mischaracterizes the evidence (actors did not "ke[ep] saying data") |
| 73 | 11 | 74 | 3 | Vague with respect to "that"; lacks foundation |
| 74 | 5 | 93 | 20 | Relevance (witness testified CV card was not used with prescriber during relevant period) |
| 74 | 5 | 74 | 13 | Lacks foundation; calls for speculation |
| 75 | 9 | 75 | 16 | Assumes facts not in evidence; lacks foundation; vague with respect to "the heart attack risk" |
| 76 | 8 | 78 | 21 | Lacks foundation; assumes facts not in evidence; calls for speculation |

| Start Page | Line | End Page | Line | Objections |
|---|---|---|---|---|
| 79 | 2 | 79 | 21 | Lacks foundation; calls for speculation; calls for expert testimony |
| 81 | 14 | 82 | 7 | Calls for speculation; assumes facts not in evidence |
| 85 | 1 | 85 | 5 | Assumes facts not in evidence; foundation |
| 85 | 7 | 85 | 15 | Lacks foundation; assumes facts not in evidence; calls for speculation |
| 86 | 15 | 87 | 23 | Lacks foundation; calls for expert testimony; vague |
| 88 | 13 | 89 | 12 | Assumes facts not in evidence |
| 93 | 9 | 93 | 19 | Lacks foundation; calls for expert testimony |
| 94 | 12 | 94 | 16 | Vague and incorrect. Counsel is presently showing witness the 2000 label, but has not made it clear that all other questions pertain to this particular label |
| 96 | 18 | 97 | 3 | Lacks foundation; calls for expert testimony |
| 99 | 17 | 100 | 23 | Relevance - the 2000 label was not in effect when Plaintiff was taking Vioxx; nor was the CV card used with the prescriber during the relevant period |
| 100 | 13 | 100 | 23 | Assumes facts not in evidence |
| 107 | 24 | 109 | 25 | Questions about a bulletin relating to a CV card that wasn't used with the prescriber not relevant |
| 109 | 3 | 109 | 9 | Lacks foundation; calls for speculation |
| 109 | 11 | 109 | 19 | Lacks foundation; calls for speculation |
| 112 | 18 | 114 | 9 | Lacks foundation; assumes facts not in evidence; improper hypothetical; asks multiple times |
| 114 | 11 | 114 | 19 | Argumentative; asked and answered; assumes facts not in evidence |
| 115 | 4 | 116 | 25 | Relevance (witness testified she did not recall if she had such discussions with prescriber); question asked 2x |
| 115 | 4 | 116 | 19 | Assumes facts not in evidence; lacks foundation |

| Start Page | Line | End Page | Line | Objections |
|---|---|---|---|---|
| 117 | 20 | 131 | 23 | Relevance and foundation (witness testified she never received Warning Letter; she is not connected to the Warning Letter at all); Calls for speculation on part of witness; Counsel uses witness as a prop to read in the Warning Letter; Hearsay |
| 122 | 25 | 123 | 6 | Vague; mischaracterizes the evidence; lacks foundation; hearsay |
| 124 | 21 | 125 | 4 | Asked and answered |
| 125 | 23 | 126 | 7 | Assumes facts not in evidence; foundation |
| 126 | 8 | 126 | 23 | Assumes facts not in evidence; hearsay; foundation; calls for expert opinion |
| 127 | 10 | 127 | 14 | Lacks foundation; calls for speculation |
| 128 | 23 | 129 | 6 | Lacks foundation; hearsay |
| 130 | 1 | 130 | 14 | Assumes facts not in evidence; misrepresents prior testimony |
| 131 | 20 | 131 | 23 | Vague; calls for speculation; 403 |
| 141 | 22 | 142 | 16 | Vague and overbroad (e.g., "different in any way to what we've talked about all morning") |
| 193 | 24 | 194 | 19 | Relevance (witness testified CV card was not used with prescriber during relevant period) |
| 251 | 6 | 251 | 9 | Question without an answer |
| 252 | 14 | 253 | 9 | Foundation |
| 253 | 10 | 253 | 16 | Lacks foundation; calls for speculation; vague; calls for expert testimony |
| 254 | 2 | 254 | 11 | Lacks foundation; calls for speculation; vague; calls for expert testimony |
| 254 | 21 | 255 | 4 | Repetitive; Lacks foundation; calls for speculation; vague; calls for expert testimony |
| 255 | 6 | 255 | 13 | Lacks foundation; calls for speculation; vague; calls for expert testimony |
| 255 | 15 | 256 | 7 | Same, also argumentative; asked and answered |

| Start Page | Line | End Page | Line | Objections |
|---|---|---|---|---|
| 257 | 1 | 257 | 5 | Lacks foundation; vague with respect to "suggesting it has anything to do with"; calls for expert testimony |
| 257 | 11 | 257 | 17 | Lacks foundation |
| 258 | 4 | 258 | 11 | Assumes facts not in evidence; lacks foundation |
| 259 | 13 | 259 | 19 | Lacks foundation; calls for speculation |
| 260 | 1 | 260 | 5 | Lacks foundation; calls for speculation |
| 261 | 19 | 264 | 14 | Lacks foundation; calls for expert testimony; counsel testifying |
| 262 | 22 | 263 | 1 | Assumes facts not in evidence; relevance |
| 263 | 3 | 264 | 14 | Assumes facts not in evidence; relevance |
| 265 | 20 | 266 | 1 | Lacks foundation; calls for expert testimony |
| 266 | 3 | 266 | 9 | Argumentative |
| 266 | 11 | 266 | 18 | Lacks foundation; calls for expert testimony |
| 266 | 20 | 267 | 16 | Lacks foundation; calls for speculation |
| 268 | 3 | 268 | 10 | Relevance; assumes facts not in evidence |
| 268 | 12 | 269 | 19 | Relevance (witness testified CV card was not used with prescriber during relevant period) |
| 269 | 5 | 269 | 12 | Lacks foundation |
| 269 | 14 | 269 | 19 | Lacks foundation; assumes facts not in evidence; mischaracterizes evidence |
| 272 | 1 | 275 | 8 | Questions about warning letter improper: lacks foundation; assumes facts not in evidence; relevance; mischaracterizes testimony |
| 273 | 19 | 273 | 23 | Counsel testifying |
| 279 | 21 | 280 | 21 | Lacks foundation; calls for speculation (witness did not issue or approve PIRs, nor was she required to read them) |
| 290 | 4 | 290 | 13 | Lacks foundation; counsel testifying |

**Defendant's Counter Designations to Plaintiff's Affirmative Designations**

| Start Page | Line | End Page | Line |
|---|---|---|---|
| 6 | 6 | 6 | 11 |
| 6 | 22 | 7 | 1 |
| 11 | 3 | 11 | 7 |
| 12 | 8 | 12 | 24 |
| 13 | 6 | 13 | 9 |
| 13 | 11 | 13 | 13 |
| 15 | 18 | 15 | 21 |
| 15 | 23 | 15 | 25 |
| 22 | 13 | 23 | 6 |
| 27 | 5 | 27 | 10 |
| 37 | 5 | 37 | 24 |
| 43 | 11 | 43 | 23 |
| 45 | 24 | 45 | 24 |
| 51 | 24 | 52 | 18 |
| 56 | 19 | 57 | 3 |
| 59 | 23 | 60 | 1 |
| 61 | 4 | 61 | 11 |
| 64 | 5 | 64 | 6 |
| 64 | 8 | 65 | 4 |
| 85 | 17 | 85 | 19 |
| 98 | 7 | 99 | 6 |
| 118 | 2 | 118 | 7 |
| 136 | 5 | 137 | 18 |
| 142 | 17 | 143 | 6 |
| 193 | 19 | 193 | 23 |
| 194 | 20 | 194 | 21 |
| 194 | 23 | 195 | 10 |
| 195 | 17 | 196 | 25 |
| 197 | 2 | 197 | 16 |
| 197 | 18 | 198 | 13 |
| 198 | 15 | 198 | 16 |
| 199 | 13 | 199 | 20 |
| 199 | 22 | 201 | 24 |
| 202 | 4 | 203 | 1 |
| 203 | 3 | 203 | 8 |
| 203 | 10 | 203 | 15 |
| 210 | 10 | 211 | 2 |
| 255 | 15 | 255 | 16 |
| 281 | 10 | 283 | 1 |
| 283 | 3 | 283 | 3 |
| 283 | 5 | 283 | 19 |
| 283 | 21 | 284 | 22 |

| Start Page | Line | End Page | Line |
|---|---|---|---|
| 284 | 24 | 285 | 2 |
| 285 | 4 | 287 | 15 |
| 287 | 17 | 287 | 22 |
| 288 | 1 | 288 | 14 |
| 288 | 16 | 288 | 23 |
| 291 | 1 | 291 | 2 |

## V.   JOHN McPHERSON

### Merck's Objections to Plaintiff's Affirmative Designations

| Start Page | Line | End Page | Line | Objections |
|---|---|---|---|---|
| 77 | 19 | 78 | 15 | 602.  Dr. McPherson did not perform the echocardiogram or author the document he is being asked about, and lacks personal knowledge. |
| 82 | 7 | 82 | 8 | Question without an answer. |
| 84 | 3 | 85 | 1 | 611(c).  Impermissible leading of a third party witness identified with the plaintiff. |
| 86 | 11 | 86 | 19 | 611(c).  Impermissible leading of a third party witness identified with the plaintiff.  ; 403.  Question is compound and confusing.  (Without the appositive phrase, the question reads, "an agent . . . would significantly increase the risk of heart attack, correct?") |
| 89 | 5 | 89 | 21 | 611(c).  Impermissible leading of a third party witness identified with the plaintiff.  Lawyer is testifying, while Dr. answers "I'm not sure" or "no." |

### Defendant's Counter Designations to Plaintiff's Affirmative Designations

| Start Page | Line | End Page | Line |
|---|---|---|---|
| 80 | 6 | 80 | 6 |

Dated:  October 27, 2006

Respectfully submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Mark S. Ouweleen
Carrie A. Jablonski
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:     312-494-4440

Attorneys for Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing MERCK'S OBJECTIONS AND COUNTER-DESIGNATIONS TO PLAINTIFF'S AFFIRMATIVE DESIGNATIONS FOR CASE SPECIFIC WITNESSES has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 27th day of October, 2006.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel