UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION: | | |
| | : | SECTION: L |
| | : | |
| THIS DOCUMENT RELATES TO ALL CASES: | | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |

**PLAINTIFFS' STEERING COMMITTEE'S OPPOSITION TO THE MOTION OF MERCK & CO ("MERCK") FOR A PROTECTIVE ORDER REGARDING THE TRIAL PRESERVATION DEPOSITION OF JOHN W. FARQUHAR**

In a display of professional discourtesy towards PSC counsel and disregard for the physical condition of one of the PSC's witnesses, John W. Farquhar, M.D., Merck has filed its "Motion of Merck & Co Inc. for a Protective Order Regarding the Trial Preservation Deposition of John W. Farquhar," to accommodate a potential (but not actual) conflict in the schedule of a single attorney from its impressive array of able trial counsel. Merck asks the Court to suspend the agreed-upon date of Dr. Farquhar's Trial Preservation deposition because the PSC would not agree to Merck's unreasonable demand to relocate the deposition from San Francisco to New Orleans. However, Merck's motion fails to mention that Dr. Farquhar is almost 80 years old, and that he has had two hospitalizations in the past three months, which have imposed significant limitations on his ability to travel.[1] Nor does Merck inform the Court that the PSC previously moved this deposition twice *and at Merck's request to dates that Merck itself insisted on* to accommodate scheduling concerns of *different* Merck lawyers.

---

[1] Ironically, the PSC just cancelled a trial deposition of one of its experts which was scheduled for October 24, 2006 in order to accommodate one of Merck's other lawyers, Andrew Goldman, who asked that the deposition be postponed not because of a health reason of his own but because of that of a family member. Without hesitation, the PSC agreed to accommodate Mr. Goldman even of it meant that the deposition would not be available for upcoming trials.

According to Merck's Motion, the PSC must either postpone the Trial Preservation deposition of Dr. Farquhar and forfeit its use at the <u>Dedrick</u> trial because Merck's preferred Counsel may be "awaiting a verdict" in the <u>Mason</u> case or have Dr. Farquhar compromise his health by traveling to New Orleans for the deposition. As set forth more fully below, this motion must be denied, and the preservation deposition of Dr. Farquhar should proceed at the time and place previously requested by Merck's counsel and agreed by the PSC.

I.   **FACTUAL BACKGROUND**

John Farquhar, MD, is a Professor Emeritus of Medicine at Stanford University School of Medicine in Palo Alto, California. He is an expert in, among other things cardiology, the epidemiology of cardiovascular diseases and the relative importance of cardiovascular risk factors to the development of cardiovascular diseases. As an expert retained by the PSC, he will not only give opinions of Vioxx's cardiovascular risk based on the *published* cardiovascular data, but also based on *unpublished* cardiovascular data that Merck has been unwilling to report to the medical and scientific community. Dr. Farquhar's background and the scope of the materials he has reviewed distinguish his testimony from that of other epidemiologists who have testified in the Vioxx litigation.

Dr. Farquhar's first expert report was issued in September 26, 2005. His first discovery deposition was taken by Merck counsel Bruce Parker, Esq. of the Firm of Venable Baedjer and Howard on October 10, 2005. Subsequent discovery depositions were taken on June 8, 2006 and July 19, 2006. Those depositions were ably taken by Adam Mortara, Esq. of the law firm of Merck's lead trial counsel Bartlet Beck. Neither Phillip Beck nor Tarek Ismael took part in these depositions.

Dr. Farquhar is over 79 years old. During the <u>Barnett</u> trial, in late July-early August, and again in September 2006, Dr. Farquhar was hospitalized on two separate occasions.[2] On the first occasion, he required electrocardioversion to restore normal heart rhythm. On the second occasion, in mid-September 2006, he had a thrombectomy (thrombus removal) and revascularization or bypass of the vessel in his left leg, followed by infectious complications of the bypass surgery. Dr. Farquhar was significantly deconditioned by these hospitalizations, which totaled approximately 10 days, and by the complications that ensued.[3] It should go without saying, although Merck requires that it be said, that recuperation from surgery is prolonged with advancing age, and that travel itself imposes a significant burden under these conditions. Indeed, Dr. Farquhar has not flown since his thrombectomy/bypass surgery, and he cancelled a trip to visit his new granddaughter in Minnesota because of such limitations.

Recognizing the need to preserve Dr. Farquhar's testimony in light of upcoming trials, and in light of Dr. Farquhar's age and health, PSC Counsel Christopher Tisi, Esq. contacted DSC members Theodore V.H. Mayer, Esq. and Charles Cohen, Esq., in September 2006 to arrange a time to take the deposition <u>before</u> any additional Federal or State trials were conducted. In an e-mail dated September 21, 2006 Mr. Tisi informed DSC counsel:

> "We would like to set up the Farquhar preservation deposition for October 12, 2006. Please let us know as soon as possible whether we should notice this deposition for that date."

[See, Exhibit 2]. Notably, the date proposed by Mr. Tisi was two weeks ***before*** Merck's counsel, Philip Beck, was scheduled to begin trial in the <u>Mason</u> case. Thus, there could not have

---

[2] In its motion, Merck cynically states that it "bears noting that in at least one other cases, <u>Barnett</u>, plaintiff brought Dr. Farquhar to New Orleans…" <u>See</u>, Merck Mot., Mem at 3, n.3. As Merck has been told, that was *before* Dr. Farquhar's most recent hospitalizations. <u>See</u>, E-Mail from Christopher V. Tisi, Esq. To Tarek Ismael, Esq., October 25, 2005 (*"In the past two months, [Dr. Farquhar] has been hospitalized twice for a total of ten days."*) [Attached as <u>Exhibit 1</u>]

[3] Because of Merck's request that this motion be heard expeditiously, the PSC has not yet confirmed the exact dates of Dr. Farquhar's hospitalizations. The PSC is attempting to gather that information and will supplement this Memorandum. This will be supplemented.

been a conflict between the Mason trial and the deposition of Dr. Farquhar in relation to Mr. Beck's schedule.

On the same date, September 21, 2006, Mr. Tisi received an e-mail from DSC member Mr. Mayer stating that the deposition could not occur in October. Rather, Mr. Mayer proposed that the preservation deposition occur in November *during the Mason trial*. Specifically, Mr. Mayer stated that "[t]this date [October 12] won't work for the lawyer participating on our side. *Could we do November 6, 7 or 8?"* [See, E-Mail String, Exhibit 3—E-mail from Mayer to Tisi, September 25, 2006]. Clearly, the Merck lawyer Mr. Mayer referred to in the September 25 e-mail *could not have been Mr. Beck,* because of his participation on the Mason trial, which has always been scheduled to begin on October 26, 2006.

*As an accommodation to Merck, the deposition was indeed moved to November 8, 2006.* [*See*, E-mail from Christopher Tisi, Esq. to Theodore V.H. Mayer, Esq. dated September 25, 2006—Exhibit 4]. As stated by Mr. Tisi:

> Ted:
>
> We can do the Farquhar deposition on November 8, so long as you do not have a timeliness objection to its use in the Dedrick trial. As you recall, this is the agreement that we reached with respect to the Gueriguian deposition which was also moved at [y]our request.
>
> Please let me know.
>
> Chris

[Id.]

Subsequent to agreeing to the November 8, 2006 *date proposed by Merck*, Mr. Tisi received yet another request from Merck to move the date—this time back to dates in October. Specifically, Mr. Mayer wrote in September 27, 2006: "As schedules shift, October 16 and 17 now work a lot better than November 8—is there any way one of those can be made to work?"

[See, E-mail String Attached as <u>Exhibit 5</u>"—E-Mail of T. Mayer September 27, 2006 at 10:57:15 A.M. Standard Mountain Time]. Mr. Tisi responded on October 3, 2006 that "I checked and the October dates were given up. We will have to stick with November 8 that you originally offered. I am sorry that I could not make the October dates work." [Id—E-mail of C. Tisi to T. Mayer, October 4, 2006 at 7:27 AM Mountain Standard Time]. Importantly, Mr. Mayer responded on October 3 that "I am going to put Tarek Ismael in touch with you on this. *Tarek will be handling the deposition for us* but will be on trial November 8." [ See, E-mail of T. Mayer to C. Tisi, October 3, 2006 at 7:34 AM Mountain Standard Time—<u>Exhibit 6</u>]

Subsequently, Mr. Tisi spoke to Mr. Ismael who, according to Mr. Mayer, would be "handling the deposition." At that time, Mr. Ismael asked that the deposition be moved *forward* from the date Merck previously requested—November 8—to a new date requested by Merck—either November 20 or 21. In a follow-up e-mail, Mr. Ismael wrote Mr. Tisi and said *"While you're at it, Can you ask him about the 16th and 17th (November)?"* [See, e-mail String, <u>Exhibit 7</u>—E-mail from Tarek Ismael to Chris Tisi, October 9, 2006 at 4:05:51 PM Mountain Standard Time].

At Merck's request and "with some effort" Mr. Tisi informed Mr. Ismael that the PSC would again change the date to the date Merck chose stating that: *"Dr. Farquhar will be available on November 16."* [See, E-mail String, <u>Exhibit 7</u>, E-mail from Chris Tisi to Tarek Ismael dated October 9, 2006 at 1:08 PM Mountain Standard Time]. Accordingly, the deposition was re-noted a second time at Merck's request; this time for November 16.

Two weeks later on October 24, 2006, Mr. Tisi received yet another e-mail from Mr. Ismael requesting yet another change. This time, Merck asked that "we would like to move the Farquhar deposition to take place in NOLA rather than S.F." [See, E-mail String, <u>Exhibit 8</u>—E-

mail from T. Ismael to C. Tisi, October 24, 2006 at 10:05:50 AM Mountain Standard Time]. Mr. Ismael did not say that he and Mr. Beck would be actively in the <u>Mason</u> Trial. Rather, he said that "we very easily could be waiting on a verdict [in <u>Mason</u>] that week." [Id.]   Mr. Tisi responded that he would check Dr. Farquhar's availability but that he doubted that Fr. Farquhar would be able to accommodate since him "just had a medical procedure and my [sic] not want to leave town." [ Id.—E-mail from Chris Tisi to Tarek Ismael, October 25, 3006 at 9:32:32 A.M. Mountain Standard Time]

On October 25, 2006, Mr. Tisi and Mr. Ismael again spoke. In that conversation, Mr. Tisi explained that Dr. Farquhar was physically unable to travel to New Orleans considering his two hospitalizations. He further explained that flights from San Francisco to New Orleans were not direct and that, for similar reasons, Dr. Farquhar had to cancel plans to visit a new granddaughter in Minnesota. This was followed by the following e-mail from Mr.; Tisi:

> Tarek
>
> This follows our call today regarding your request that we move the Farquhar deposition from San Francisco to New Orleans to accommodate Phil Beck and your schedules.
>
> As I said today, we have been more than willing to attempt to accommodate your trial team's schedule to the extent that we can. Indeed, as I pointed out, we recently canceled (at the last minute) the trial preservation deposition of one of our expert witnesses, John Gueriguian, to accommodate Andy Goldman who had a personal issue. (I might add that Dr. Gueriguian had already flown from France to the US for this deposition).
>
> Similarly, we already agreed reschedule Dr. Farquhar once already to accommodate yours and Phil's schedule. As you know, we originally noted this deposition for November 8 in San Francisco. At your request, it was changed to the 16th--a date you chose--with the full knowledge that this would be in San Francisco. The deposition notice has been outstanding for quite some time now.

> As I promised, we informed Dr. Farquhar of your new request to move the deposition from San Francisco to New Orleans. As I explained to you, his physical limitations cannot accommodate this request. As you know, Dr. Farquhar is almost 80 years old. In the past two months, he has been hospitalized twice for a total of ten days. Under any circumstance, travel is difficult for him. Given his current condition, it is virtually impossible. Moreover, travel to New Orleans is particularly burdensome for him as it takes a full day from San Francisco on each end, and requires a change of planes and walking around airports. Given his condition, Dr. Farquhar needs a full day to recover when he travels, which is rare these days. By way of example, he has already canceled travel this fall to see his new granddaughter in Minnesota due to his recovery from surgery. He simply cannot come to New Orleans at this time.
>
> Tarek, I think that we have shown a willingness to try and accommodate you and your team's schedule. We accommodated you once with respect to this very witness. We would have accommodated you again had Dr. Farquhar been able to do so. Unfortunately, given the need for this deposition at the Dedrick trial and the physical limitations of this witness, we simply cannot do more than we have already done. If you or Phil cannot cover this particular deposition, I am sure that there are others who could do so.
>
> I would trust that you would understand this and that you would not try and force this issue with the Court. However, if you intend to do so, please let me know.
>
> Regards,
> Chris

[See, Exhibit 1].

In a subsequent e-mail, Mr. Ismael acknowledged Dr. Farquhar's "medical reasons" for not traveling to New Orleans but, contrary to Merck's prior assertions that Mr. Ismael would take the deposition, stated that "Phil is lead counsel in the MDL and Phil is the attorney Merck wants doing the cross." [See, e-mail from T. Ismael to C. Tisi—October 25, 2006—Exhibit 9]. Therefore, he stated that Merck "will be seeking relief from the Court." [Id].

Reminding Mr. Ismael that the PSC "moved the original date at your request to a date you proposed and a place that you agreed to," Mr. Tisi suggested that he have "defense liaison

Counsel speak to Plaintiff's liaison counsel," as "Judge Fallon has preferred." [See, E-mail from Chris Tisi to Tarek Ismael, October 25, 2006 –Exhibit 10]. Instead, Merck filed the instant motion.

## II ARGUMENT

1. **THERE IS NO 'GOOD CAUSE' TO POSTPONE THE TRIAL PRESERVATION DEPOSITION OF DR. FARQUHAR, SINCE THE DEPOPSITION DATES WERE TWICE CHANGED AT THE REQUEST OF MERCK COUNSEL, AND DR. FARQUHAR SHOULD NOT BE REQUIRED TO TRAVEL TO NEW ORLEANS IN LIGHT OF HIS AGE AND HEALTH.**

There is no good cause to move the trial preservation deposition of John Farquhar for at least four (4) compelling reasons. *First*, and as set forth above, the PSC has twice changed the date from dates well before the Mason trial--both times to accommodate Merck Counsel. *Second*, Merck previously argued that lawyers other than its current "preferred" counsel, Phil Beck, cross-examine this witness and it has not offered any reason why other lawyers (including those who have already examined Dr. Farquhar) could not do so. *Third*, Dr. Farquhar, a 79 year old man who is recovering from two hospitalizations, cannot be expected to travel across country to accommodate a single lawyer (among many), who "may" be awaiting a verdict that others can take. *Finally*, the deposition cannot be further postponed because the Dedrick plaintiff's, whose trial is scheduled to begin after Thanksgiving, have indicated that they may wish to use this testimony—a condition that Merck had already agreed to when the deposition was deferred until after October 12, 2006, at Merck's request.

1. **The PSC has twice changed the Dates for This Deposition to Accommodate Merck**

As set forth above, the PSC originally proposed that this trial preservation deposition occur on October 12, 2006---before both Mason and Dedrick. [See, Exhibit 2] With some

effort—*and at the specific request of Merck*--- the PSC first moved this to November 8, a date during the Mason Trial. [See, Exhibit 3]. When again that date did not work for Merck, the PSC again accepted another date suggested by Merck, November 16, 2006. [See, Exhibit 5]. It is hard for Merck to argue that good cause exists for moving a deposition when it specifically declined dates that did not conflict with the Mason trial and specifically chose dates that did.

2. **Merck Has Numerous, Experienced Trial Attorneys Available to Examine Dr. Farquhar, and the Fact that One of Them "May be Receiving a Verdict" in *Mason* Neither Prohibits Others from Conducting The Deposition nor Suffices to Establish Good Cause for Its Postponement.**

As set forth above, Merck originally requested that Dr. Farquhar's deposition be moved to from October 12 to November 8, a date during the Mason trial, to accommodate the schedule of some unnamed lawyer who would obviously not be involved in that trial. [See, Exhibit- 4] Then, when November 8 was accepted, Merck wanted the PSC to accommodate another Merck lawyer, Tarek Ismael, "who would be handling the deposition for [Merck}." [Exhibit 6]. After a new date (November 16) date had been selected *as proposed by Mr. Ismael*, the PSC was told that the deposition had to be moved again to New Orleans accommodate another Merck lawyer, Mr. Beck who, along with Mr. Ismael, "very easily could" be receiving a verdict in the Mason case.

As a preliminary matter, Merck cannot explain why Mr. Beck's personal presence is instrumental to this particular deposition. He did not take Dr. Farquhar's first deposition. He did not take Dr. Farquhar's second or third depositions. Clearly, he has not been central to the issues relating to Dr. Farquhar, and his presence (or absence) should not be dispositive now.

In support of its position that Mr. Beck and, only Mr. Beck, can cover Dr. Farquhar's cross examination, Merck cites Pretrial Order Number 9 which sates that "questioning should

*ordinarily* be by one attorney….*designated by lead counsel or by liaison counsel for each side."* Merck Mot. at 2.(Emphasis supplied). This Order, however, was drafted to ensure the orderly conduct of discovery depositions and to avoid multiple questioners. It was <u>not</u> intended to permit one party to frustrate the trial preservation testimony of witnesses whose testimony would be used in upcoming trials---particularly one of the early trials that the Court has scheduled to test the strength of the parties' evidence—by insisting that one and only one lawyer is capable of taking a deposition.[4] Moreover, even if Pretrial order 9 was intended to cover the instant situation, it is clear that the parties do not have the absolute right to dictate who will take depositions, just that they "ordinarily" do, and it is equally clear that Merck "designated" counsel *other than Mr. Beck* to cross-examine Dr. Farquhar before its apparent change of heart.

Importantly, there is no claim that the Farquhar deposition will interfere with the active duties of Merck's two able trial counsel in presenting their defense in the <u>Mason</u> case. According to the Court, the <u>Mason</u> case will be submitted to the Jury on November 15 the day before the Farquhar deposition. See, Oct. 29, 2006 Minute Entry at 2. Merck had already agreed to take the deposition on the 16th and still agreed to do so--so long as the deposition occur for Mr. Beck's convenience in New Orleans  Assuming that Mr. Beck alone among Merck's arsenal of trial lawyers could cross-examine the witness, there is no reason why Mr. Beck cannot go to San Francisco to take the testimony while Mr. Ismael awaits the verdict in <u>Mason</u>. There is simply no need to have both lawyers take a verdict.

It should also be noted that the preservation deposition of Dr. Farquhar has been cross-noticed in the state court proceedings, and that the roster of experienced Merck trial counsel who

---

[4] In part, the current problem is a result of Merck's strategy to "try every case." If that is true, they cannot complain when there trial counsel is engaged in court.

could conduct the cross examination is multiplied when state court defense counsel are considered.

3. **No Good Cause Exists for the Relief Sought by Merck, Where Travel from San Francisco to New Orleans Would Impose a Significant Burden on an Elderly Witness with Substantial, Recent Health Concerns.**

Needless to say, it would be unfair to require Dr. Farquhar, a 79-year old man who has just undergone hospitalization for a thrombectomy and revascularization of his leg, followed by infectious complications, to travel to New Orleans for the convenience of defense counsel. Although Dr. Farquhar traveled to New Orleans in anticipation of possible testimony in the Barnett case in early August, he required a rest day following his flight, and the travel at that time preceded his more recent, lengthier, and more debilitating hospitalization. As noted above, it is for these reasons that Dr. Farquhar had to forgo a trip to Minnesota to visit his new grandchild. He should not be forced to travel for Mr. Beck's convenience.

Ironically, the PSC recently extended one of Mr. Beck's own colleagues the courtesy that it now seeks to deny to Dr. Farquhar. The PSC cancelled a trial preservation deposition of one of its regulatory experts, John Gueriguian, M.D., which could have been used to the Dedrick plaintiff's benefit. The PSC did so voluntarily, and without question, on that lawyer's word that his father was undergoing a medical procedure. Unfortunately, Merck would not extend Dr. Farquhar the same courtesy shown by the PSC.

4. **The Pendency of the *Dedrick* Case, and Dr. Farquhar's Potential Role in That Case, Compel That The Deposition not be Postponed.**

Recognizing that its position that Dr. Farquhar be forced to travel to New Orleans might be overreaching, Merck posits that perhaps "the parties could postpone Dr. Farquhar's preservation deposition until early next year, when he will have recovered from his present

health problems..." See, Merck Mot. at 3. This is simply not an acceptable solution, for a number of reasons.

*First*, the PSC has always maintained that they needed to have this testimony preserved for the Dedrick trial  That is a proposition that Merck always agreed to. As Mr. Tisi initially informed Merck  on September 25, 2006, after Merck rejected the October 12, 2006 date proposed by the PSC,  and before the instant controversy arose,"We can do the Farquhar deposition on November 8, ***so long as you do not have a timeliness objection to its use in the Dedrick trial.***" [Exhibit 3] (Emphasis added) . The PSC agreed to postpone this deposition twice at Merck's request based on that very premise—a premise that Merck itself fully agreed with. It is simply unfair for Merck to now argue that it cannot comply with its prior agreement.

*Second*, as one of the initial trials scheduled by this Court to be "representative" and "instructive," it is imperative that the parties be able to present the best evidence that they can. In the Dedrick trial team's opinion, the Farquhar testimony is potentially pivotal. They should not be deprived of it because Merck now belatedly demands that  the cross-examination be conducted by Mr. Beck, rather than Mr. Ismael (who was previously identified by Merck as the cross-examiner) or other able counsel who have tried Vioxx cases in the MDL or elsewhere.

*Third*, it is not fair to say that the plaintiff should have no witness at a trial because the witness can only appear via videotape. It is obvious, as Merck says that a live witness is better than a videotaped one. See, Merck Mot. at 2 (citing June 29, 2006 Order and Reasons). If that could have been accomplished with Dr. Farquhar's health, he might have appeared for Dedrick. However, a videotaped witness is often better than no witness at all---particularly when a party's own expert cannot for health reasons participate in case after case. This is particularly true in the

MDL context whether there are literally thousands of cases, and the need is more compelling where, as here, the witness is elderly and has been hospitalized.

### III    CONCLUSION

Given that *Merck itself* insisted that the deposition of John W. Farquhar take place during the Mason Trial in the first two weeks in November in San Francisco, the motion for a protective order should not be granted. This is particularly true in light of Dr. Farquhar's age and health, which argue strongly against requiring him to travel to New Orleans to accommodate a single one of the many able Merck trial counsel who could conduct the cross-examination.

Respectfully submitted,

*[signature]*

**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA  70113
PH:    (504) 581-4892
FAX:  (504) 561-6024

Temporary Office:

Place St. Charles, Suite 4310
New Orleans, LA  70170
**Plaintiffs' Liaison Counsel**

| | |
|---|---|
| Richard J. Arsenault, Esq.<br>P.O. Box 1190<br>2220 Bonaventure Court<br>Alexandria, LA  71309-1190<br>PH: (318) 487-9874<br>FAX: (318) 561-2591 | Gerald E. Meunier, Esq.<br>Energy Centre<br>1100 Poydras Street, Suite 2800<br>New Orleans, LA  70163-2800<br>PH: (504) 522-2304<br>FAX: (504) 528-9973 |

| | |
|---|---|
| Andy D. Birchfield, Esq. **(Co-Lead Counsel)**<br>P.O. Box 4160<br>234 Commerce Street<br>Montgomery, AL  36103-4160<br>PH:  (800) 898-2034<br>FAX: (334) 954-7555<br><br>Elizabeth Cabraser, Atty.<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Franciso, CA  94111-3339<br>PH: (415) 956-1000<br>FAX: (415-956-1008<br><br>Thomas Kline, Esq.<br>1525 Locust St.<br>19th Floor<br>Philadelphia, PA  19102<br>PH: (215) 772-1000<br>FAX: (215) 772-1371<br><br>Arnold Levin, Esq.<br>510 Walnut Street<br>Suite 500<br>Philadelphia, PA  19106-3875<br>PH: (215) 592-1500<br>FAX: (215) 592-4663<br><br>Shelly Sanford, Atty.<br>2200 Texaco Heritage Plaza<br>1111 Bagby<br>Houston, TX  77002<br>PH: (713) 650-0022<br>FAX: (713-650-1669 | Troy Rafferty, Esq.<br>316 S. Baylen Street, Suite 400<br>Pensacola, FL  32502<br>PH:  (850) 435-7000<br>FAX: (850) 497-7059<br><br>Drew Ranier, Esq.<br>1419 Ryan Street<br>Lake Charles, LA  70601<br>PH: (337) 494-7171<br>FAX: (337) 494-7218<br><br>Mark Robinson, Esq.<br>620 Newport Center Drive<br>7th Floor<br>Newport Beach, CA  92660<br>PH: (949) 720-1288<br>FAX: (949) 720-1292<br><br>Christopher Seeger, Esq. **(Co-Lead Counsel)**<br>One William Street<br>New York, NY  10004<br>PH: (212) 584-0700<br>FAX: (212) 584-0799<br><br>Christopher Vincent Tisi, Esq.<br>2000 L Street, NW<br>Suite 400<br>Washington, DC  20036-4914<br>PH: (202) 783-6400<br>FAX: (307) 733-0028 |

## **PLAINTIFFS' STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 30th day of October, 2006.

_____
Leonard A. Davis (Bar No. 14190)
*Herman, Herman, Katz & Cotlar, L.L.P.*
Place St. Charles
201 St. Charles Avenue, Suite 4310
New Orleans, Louisiana 70170
Telephone: (504) 581-4892
Facsimile: (504) 561-6024
ldavis@hhkc.com