UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No.  05-2524 | * | |
| | * | MAGISTRATE |
| ANTHONY WAYNE DEDRICK, | * | JUDGE KNOWLES |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF MOTION OF MERCK & CO., INC. ("MERCK")
FOR ORDER EXCLUDING TESTIMONY OF CORNELIA PECHMANN, PH.D.**

**(EXPERT CHALLENGE NO. 6)**

The Court has already imposed significant limitations on the testimony of plaintiff's marketing expert, Professor Cornelia Pechmann.  In *Smith v. Merck*, the Court ruled that Professor Pechmann, who is not a doctor and has no medical training, could not testify about whether a specific prescriber was misled or whether Merck's advertising was generally misleading:

> The challenge that Pechmann presents is that this is a person that is not a doctor, and it seems to me *it's difficult for her to say what a specific doctor did and why they did it and how they did it, so I don't see her testifying as to that*.  I see the thrust of her testimony mainly in the structure of [Merck's] campaign, the focus of the campaign, how the campaign or campaigns dealt with various information, various studies, and things of that sort.  I see it more as a general testimony than specifics, even perhaps how the advertising dealt with certain events and the

1

levels of the advertising, television, or various other levels of it getting the message out, so to speak, and dealing with the message. *I don't see her testifying as to this doctor was misled or even this advertising was misleading because it depends upon who's listening to it as to whether or not it's misleading.* I don't know whether something is generally misleading. I don't see that.

(Sept. 6, 2006 *Smith v. Merck* Tr. at 5:4-20 (emphasis added); *see also* Sept. 8, 2006 Order (Record Docket Number 6762) (adopting rulings from Sept. 6, 2006 hearing).)

In *Mason,* the Court reiterated its earlier rulings:

As I mentioned the last time, my problem with Pechmann is her testifying what doctors knew and what information – whether or not doctors were misled or not misled.

She's not a doctor so, from that standpoint, I restricted her last time to testifying about her expertise, which is in integrated marketing campaign, how it works, what its intent, how it's organized, even how much it costs. I think that that's significant. But when she gets into what doctors knew and whether or not they were misled, I think that's so fact-specific. Some doctors who know a greater amount about the drug than not are not misled. They know what the situation is. Other doctors if they are misled, they have an opportunity to look at the manual or look at the literature.

So I feel secure in doing what I did the last time: I'll grant the motion to the extent that it restricts Pechmann to testifying about her expertise: integrated marketing campaign, what it is, how it is, what the thrust of it is, maybe even cost of it. But restricting her from testifying as to what a doctor knew or whether or not a doctor was misled goes beyond her area.

As I say, she's not a doctor, so for her to say this misleads doctors is just a little bit far afield. But Merck wants me to go farther than that, and I'll deny that extent, but I will restrict her in the same way I did the last time.

(Oct. 12, 2006 *Mason v. Merck* Tr. at 6:7-7:5.)

Undaunted, Professor Pechmann seeks to offer in this case the same opinions that this Court has previously excluded. Her report remains virtually unchanged. Apart from the addition of case-specific opinions regarding the effect of Merck's marketing on Mr. Dedrick's prescriber, Dr. Herrera – exactly the sort of testimony the Court prohibited in *Smith* and *Mason* – Professor

Pechmann offers nothing new. Therefore, in accordance with this Court's prior rulings, the Court should rule that:

- Professor Pechmann may not testify that Dr. Herrera was misled by Merck's marketing. As this Court has already noted, Professor Pechmann is not a medical doctor and therefore lacks the qualifications necessary to determine whether information conveyed to Dr. Herrera by Merck was misleading. Additionally, to the extent that Professor Pechmann relies on her reading of Dr. Herrera's deposition to form her opinion that he was misled, this opinion must similarly be excluded. The jury will hear from Dr. Herrera about the information he received from Merck and thus does not need Professor Pechmann to echo this testimony. Additionally, to the extent that Professor Pechmann's opinions are based on her assumptions regarding the information received by Dr. Herrera, her speculations are unhelpful to the jury.

- As the Court has already ruled, Professor Pechmann cannot testify about what doctors and medical personnel *other than* plaintiff's prescriber thought or knew either. Plaintiff hopes to use Professor Pechmann to talk about otherwise inadmissible "marketing reports." These are surveys and reports about what certain doctors *other than Mr. Dedrick's prescribers* knew about cardiovascular risks and what they recalled about the information they received from Merck sales representatives. That information is irrelevant and highly prejudicial, because Professor Pechmann intends to persuade the jurors that they can ascribe the understandings and experiences of these *other* physicians to plaintiff's prescribers, no matter what they say under oath.

- Professor Pechmann may not testify about "what Merck knew or when Merck knew it," as these are issues for the jury. The Court has refused to let other experts do this, including those who – unlike Professor Pechmann – have scientific and medical training. In particular, Professor Pechmann should be precluded from opining, as she does in her report, that "Merck's marketing executives knew or should have known that Vioxx® posed a potential cardiovascular risk." (Expert Report of Cornelia Pechmann at 10, ¶18, attached hereto as Ex. A.) Because that opinion is the lynchpin for her opinion that Merck's marketing materials were misleading (because they did not disclose this risk that she claims Merck knew), the Court should follow its prior ruling and preclude her from offering the latter opinion as well.

Merck therefore respectfully requests that this Court adopt its prior rulings regarding the admissibility of Professor Pechmann's testimony, for the reasons stated by the Court and in Merck's prior briefing on this subject, which is incorporated herein by reference. (*See* Merck's

3

Motion to Exclude Cornelia Pechmann, Ph.D., filed on Sept. 25, 2006 (Record Docket No. 1347), attached hereto as Ex. B.)

In addition, the Court should preclude Professor Pechmann from testifying that Merck's marketing did not comply with FDA regulations. She is not qualified to render such an opinion. Dr. Pechmann has never worked for the FDA. (*See* Curriculum Vitae of Cornelia Pechmann, Ph.D., attached hereto as Ex. C.) Nor has she ever written on FDA regulations as they relate to pharmaceutical advertising. (May 26, 2006 Deposition of Cornelia Pechmann, Ph.D. at 160:21-24, attached hereto as Ex. D.) Professor Pechmann has never presented publicly on FDA regulations as they relate to pharmaceutical advertising. (*Id.* at 161:5-9.) In fact, her only experiences that implicate FDA regulations at all consist of consulting work on tobacco regulations, listening to FDA speakers at professional conferences, and reviewing papers that relate to the FDA. (*Id.* at 88:1-9, 88:23-89:8.) In short, Professor Pechmann simply has no relevant experience or training that would qualify her to opine on the FDA's regulation of the pharmaceutical industry.

Finally, although the Court indicated that it might permit Professor Pechmann to testify about the cost of Merck's integrated marketing campaign, it should not do so. Under Rule 403, any slight relevance of the cost of Merck's marketing campaign would be outweighed by the prejudice to Merck of bandying about large dollar figures. When evidence of the amount of money Merck spent on various aspects of its marketing has been admitted in other jurisdictions, plaintiff's counsel has attempted to use it to inflame the jury. Moreover, it would confuse the jury because it would not be accompanied by evidence of what Merck's competitors spend on their marketing campaigns. For the reasons stated above and in Merck's prior briefing, Merck

4

respectfully requests that the Court grant Merck's Motion to Exclude the Testimony of Cornelia Pechmann, Ph.D. in its entirety.

Dated:  October 30, 2006                              Respectfully submitted,


                                                     s/ Dorothy H. Wimberly
                                                     Phillip A. Wittmann, 13625
                                                     Dorothy H. Wimberly, 18509
                                                     STONE PIGMAN WALTHER
                                                     WITTMANN L.L.C.
                                                     546 Carondelet Street
                                                     New Orleans, Louisiana  70130
                                                     Phone:  504-581-3200
                                                     Fax:    504-581-3361

                                                     Defendants' Liaison Counsel

                                                     Philip S. Beck
                                                     Mark Ouweleen
                                                     Carrie Jablonski
                                                     BARTLIT BECK HERMAN PALENCHAR
                                                     & SCOTT LLP
                                                     54 West Hubbard Street, Suite 300
                                                     Chicago, Illinois  60610
                                                     Phone:  312-494-4400
                                                     Fax:    312-494-4440

                                                     Douglas Marvin
                                                     Elaine Horn
                                                     WILLIAMS & CONNOLLY LLP
                                                     725 Twelfth Street, N.W.
                                                     Washington, D.C.  20005
                                                     Phone:  202-434-5000
                                                     Fax:    202-434-5029

                                                     And

                                                     Brian Currey
                                                     A. Patricia Klemic
                                                     O'MELVENY & MYERS LLP
                                                     400 South Hope Street

Los Angeles, CA 90071
Phone:  213-430-6000
Fax:    213-430-6407

Attorneys for Merck & Co., Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum In Support of Motion of Merck & Co., Inc. For Order Excluding Testimony of Cornelia Pechman, Ph.D. has been served on Liaison Counsel, Russ Herman, and on counsel for Mr. Dedrick, Andy Birchfield, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 30th day of October, 2006.

                                                */s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel