UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | JUDGE FALLON |
| This document relates to<br>Case No.  05-2524 | * | |
| ANTHONY WAYNE DEDRICK, | * | MAGISTRATE<br>JUDGE KNOWLES |
| Plaintiff, | * | |
| v. | * | |
| MERCK & CO., INC, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF MOTION OF MERCK & CO., INC. ("MERCK")
FOR ORDER EXCLUDING CERTAIN TESTIMONY OF EGIL FOSSLIEN, M.D.**

**(EXPERT CHALLENGE NO. 9)**

Plaintiff proffers Dr. Egil Fosslien, a pathology professor, to testify on "the pathogenesis of adverse cardiovascular complications induced by rofecoxib." (*See* Expert Report of Egil Fosslien, M.D. ("Fosslien Rpt.") at 13, attached hereto as Ex. A.)  As explained in Merck's concurrently-filed Motion for Order Excluding Testimony of Colin Funk, Ph.D., there is no scientific support for that theory.  As a result, Dr. Fosslien's opinions in this regard are unreliable and should be excluded.

Moreover, as this Court recognized in *Barnett v. Merck*, Dr. Fosslien's opinions impermissibly reach far beyond general causation, and into a realm of matters plainly outside of Dr. Fosslien's expertise.  In addition to causation, Dr. Fosslien apparently intends to testify about

what he thinks Merck knew about the alleged risks of Vioxx and whether Merck complied with the labeling requirements of the Food and Drug Administration ("FDA). In *Barnett*, the Court recognized Dr. Fosslien's lack of qualifications in these areas, and precluded him from opining on Merck's state of mind or the adequacy of Merck's labeling.  More specifically, in granting Merck's motion to exclude Dr. Fosslien's opinions on these matters, the Court stated that while "Dr. Fosslien may testify as to what was known in the relevant medical/scientific community based upon the literature and studies available at the time and, based on this knowledge, what the Defendant should have known regarding the risks associated with Vioxx®," his testimony could not "go beyond this limit."  (*See* July 29, 2006 *Barnett v. Merck* Order re Motion to Exclude Testimony of Egil Fosslien, M.D. at 1-2.)  The Court should exclude this testimony here as well.

I.   LEGAL STANDARD.

The legal standard for the admission of expert testimony in federal court is set forth at pages 3-4 of Merck's Memorandum In Support of Motion For Order Excluding Testimony Of Ira J. Gelb, M.D., which has been filed concurrently herewith and is incorporated herein by reference.

II.  DR. FOSSLIEN MAY NOT TESTIFY ABOUT MERCK'S STATE OF MIND.

In addition to providing scientific testimony regarding the pathogenic mechanisms of Vioxx, Dr. Fosslien apparently plans to offer his views on Merck's state of mind.  He admitted in deposition that he intends to proffer his opinions on the "intent and thinking" of Merck's employees.  (Deposition of Egil Fosslien, M.D. ("Fosslien Dep.") at 100:3-10, attached hereto as Ex. B.)  Similarly, Dr. Fosslien states in his report that Merck was "aware of increased cardiovascular risks of rofecoxib use even during the early development and clinical marketing of the drug."  (Fosslien Rpt. at 31.)  He also opines that, as of March 2000, Merck was "concern[ed] about cardiotoxic effects of rofecoxib" despite its public statements.  (*Id.* at 19-20.)

2

Rule 702 allows for introduction of "scientific, technical, or other specialized knowledge" that will "assist the trier of fact." FED. R. EVID. 702. As this Court already recognized in *Barnett*, Dr. Fosslien does not have any qualifications or "specialized" expertise in divining corporate knowledge or state of mind. This is precisely the type of expert testimony that courts routinely exclude under Rule 702. *See, e.g.*, *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 546 (S.D.N.Y. 2004) (rejecting expert testimony "on the intent, motives or states of mind of corporations, regulatory agencies and others" because they "have no basis in any relevant body of knowledge or expertise"). This Court excluded Dr. Fosslien's opinions on such matters in *Barnett* and it should do so here as well.

## III. DR. FOSSLIEN MAY NOT TESTIFY REGARDING MERCK'S COMPLIANCE WITH FDA REGULATIONS OR THE ADEQUACY OF THE VIOXX LABEL.

In *Barnett*, this Court excluded Dr. Fosslien's opinions on labeling issues. (*See* July 26, 2006 Order.) In the event that plaintiff seeks to elicit these opinions at this trial, the Court should again prevent him from doing so.[1] Dr. Fosslien, by his own admission, is wholly unqualified to render an opinion on FDA issues, including the label for Vioxx. He admits that he is unfamiliar with the FDA regulations on the marketing of pharmaceuticals in the United States. (*Id.* at 99:5-8.) He has not even read the label for Vioxx. (*Id.* at 97:11-13.) Therefore, the Court should exclude (again) any testimony by Dr. Fosslien regarding Merck's compliance with FDA's marketing regulations or the adequacy of Vioxx's label.

---

[1] As in *Barnett*, it is unclear whether or not Dr. Fosslien intends to render regulatory or labeling opinions, because Dr. Fosslien provided conflicting testimony in this area during his deposition. For example, he testified that he would not offer an opinion on the appropriateness of Vioxx's approval. (*See* Fosslien Dep. at 95:13-16.) ("Q: Sir, are you offering an opinion on whether the original approval of the drug was correct or incorrect? A: No, I'm not.").) But he also stated that he had an opinion and would testify to his opinion if asked. (*Id.* at 92:23-93:4, 90:14-91:18.)

### IV.  DR. FOSSLIEN'S OPINION THAT VIOXX CAUSES OR ACCELERATES ATHEROGENESIS IS UNRELIABLE AND SHOULD BE EXCLUDED.

The major thrust of Dr. Fosslien's opinion is that Vioxx causes or accelerates atherosclerosis. (*See*, *e.g.*, Fosslien Rpt at 13-16.)  But as explained in Merck's concurrently filed Motion for Order Excluding Testimony of Colin Funk, Ph.D., no reliable scientific studies support this proposition.  Indeed, existing animal studies show that Vioxx actually *retards* the progression of atherosclerosis.  And Dr. Fosslien's Supplemental Expert Witness Disclosure, which he filed on September 16, 2006, adds nothing to the debate.  The supplemental disclosure discusses the findings from a 2006 article on the pro-oxidant activity of Vioxx on LDL (bad cholesterol).  To apply the results of *in vitro* studies to humans despite contrary results from animal studies, however, is scientifically improper.  REFERENCE MANUAL ON SCIENTIFIC EVIDENCE at 491, 494-95.  It is also legally insufficient.  The Fifth Circuit has held that animal studies generally provide no basis for opining about general causation.  *Allen v. Penn. Eng'g Corp.*, 102 F.3d 194, 197-98 & n.5 (5th Cir. 1996) (excluding expert opinion based in part on "inconclusive" and "unreliable" animal studies); *see also Richardson v. Richardson-Merrell, Inc.*, 857 F.2d 823, 830 (D.C. Cir. 1988).  Accordingly, Dr. Fosslien's testimony on causation must be excluded under Rule 702 and *Daubert*.

### V.  CONCLUSION.

For the reasons stated above and in Merck's concurrently-filed Motion for Order Excluding Testimony of Colin Funk, Ph.D., the Court should exclude Dr. Fosslien's testimony: (i) concerning Merck's knowledge or state of mind; (ii) regarding FDA issues, including Merck's marketing and the Vioxx label;  (iii) that Vioxx causes or accelerates atherosclerosis.

Dated:  October 30, 2006    Respectfully submitted,

s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Mark Ouweleen
Carrie Jablonski
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:     312-494-4440

Douglas Marvin
Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:     202-434-5029

And

Brian Currey
A. Patricia Klemic
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:     213-430-6407

Attorneys for Merck & Co., Inc.

5

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum In Support Of Motion Of Merck & Co., Inc. ("Merck") To Exclude Certain Testimony of Egil Fosslien, M.D. has been served on Liaison Counsel, Russ Herman, and on counsel for Mr. Dedrick, Andy Birchfield, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 30th day of October, 2006.

          /s/ Dorothy H. Wimberly
          Dorothy H. Wimberly, 18509
          STONE PIGMAN WALTHER
          WITTMANN L.L.C.
          546 Carondelet Street
          New Orleans, Louisiana  70130
          Phone:  504-581-3200
          Fax:     504-581-3361
          dwimberly@stonepigman.com

          Defendants' Liaison Counsel