UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to all cases | * | |
| | * | MAGISTRATE |
| | * | JUDGE KNOWLES |
| | * | |
| * * * * * * * * * * * * * * * * * * * | | |

**REPLY BRIEF IN SUPPORT OF MOTION OF MERCK & CO. INC. ("MERCK")
FOR A PROTECTIVE ORDER REGARDING THE
<u>TRIAL PRESERVATION DEPOSITION OF JOHN W. FARQUHAR</u>**

As plaintiffs themselves acknowledge, the preservation deposition of Dr. John Farquhar, one of plaintiffs' epidemiologists, is potentially of critical importance to thousands of upcoming MDL cases.[1]  This is no ordinary deposition.  It is akin to trial testimony, and should be treated as such.  By insisting that any one of Merck's "able counsel" cross-examine Dr. Farquhar, the PSC ignores that a trial preservation deposition serves an entirely different purpose than a discovery deposition, and deserves different treatment.  At a preservation deposition, "discovery is a matter of secondary concern, or not a concern at all."  *Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 355 (D. Colo. 2001) (citing *Charles v. F.W. Wade*, 665 F.2d 661, 664 (5th Cir. 1982)).  The focus is on preserving trial testimony – which, in this case, may be played at thousands of upcoming cases not only in this forum but in state courts as well.

---

[1] (*See* Pl.'s Opp'n at 2 ("Dr. Farquhar's background and the scope of the materials he has reviewed distinguish his testimony from that of other epidemiologists who have testified in the Vioxx litigation."); *id.* at 12 ("the Farquhar testimony is potentially pivotal" to *Dedrick*).)

Given this, it is irrelevant that other Merck attorneys have taken discovery depositions of Dr. Farquhar in the past. For obvious reasons, Merck is entitled to have its chosen counsel – Philip Beck, lead trial counsel in the MDL – cross-examine Dr. Farquhar at his preservation deposition. Mr. Beck has cross-examined all of the epidemiologists who have testified in the MDL to date. He has special expertise in this area. And, he is Merck's counsel of choice for all preservation depositions.[2]

Perhaps recognizing that Merck is, in fact, entitled to have Mr. Beck take Dr. Farquhar's trial deposition, plaintiffs suggest that "there is no reason why Mr. Beck cannot go to San Francisco to take the testimony while Mr. Ismail awaits the verdict in *Mason*." (Pl.'s Opp'n at 10.) To the contrary, there are a number of compelling reasons why this is not an option – not the least of which is the fact that, should the jury find in favor of the plaintiff in *Mason*, Mr. Beck will be required to defend Merck at the punitive damages phase of trial.

Plaintiffs also protest that Dr. Farquhar "cannot be expected to travel across country," given his health problems. (*Id.* at 8.) No one is suggesting he do so, if he is unable. Merck recognizes that Dr. Farquhar's medical condition may make it impractical for him to travel to New Orleans. That is precisely why Merck suggested that his testimony in *Dedrick* be transmitted live via remote telecast – which, as this Court has recognized, is preferable to a taped deposition in any event. Following *Dedrick*, Dr. Farquhar's trial preservation deposition can be conducted at a time and place convenient to him and all parties involved.

Plaintiffs never even acknowledge this suggestion, much less argue that it is unduly burdensome or unreasonable. Nor do plaintiffs acknowledge that the *Dedrick* lawyers have

---

[2] Mr. Beck represented Merck at the preservation depositions of Drs. Jerry Avorn and David Graham. The only reason he did not participate in the preservation deposition of Dr. Eric Topol
(*footnote continued on next page*)

listed another epidemiologist as a trial witness and have designated the testimony of two other epidemiologists, Drs. Avorn and Graham.  As evidenced by what happened in *Barnett* – when plaintiff's counsel designated both Dr. Farquhar and an alternative expert witness, flew Dr. Farquhar out to New Orleans, and then chose to go with the alternative – it is possible that Dr. Farquhar's testimony will not turn out to be so "pivotal" as plaintiffs now claim it is.

In short, the fairest solution for Dr. Farquhar and the parties is to proceed as Merck suggested and plaintiffs ignored: (i) present Dr Farquhar's testimony in *Dedrick*, if necessary, via live video feed from a remote location (which would be superior to a taped examination); and (ii) schedule a preservation deposition for use at other future trials sometime next year, when Dr. Farquhar is in better health and all counsel can attend.  Merck thus respectfully requests that the Court grant its motion for a protective order, and prohibit Dr. Farquhar's deposition from going forward on November 16th and 17th in San Francisco.[3]

Dated:  October 31, 2006

Respectfully submitted,

s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone: 504-581-3200
Fax:    504-581-3361

---

is because it was scheduled on the eve of the first *Plunkett* trial.

[3] Plaintiffs make much of the fact that the they have "twice changed" these dates at Merck's request.  (Pl.'s Opp'n at 8; *see also id.* at 1, 3-9, 12, 13.)  That does not in any way negate Merck's Rule 26(c) showing of the "good cause" to grant this motion.  As the Court is no doubt aware, both sides have had a number of depositions set and reset because of lawyer and witness scheduling problems.  That is simply a fact of life in complex litigation.

3

Defendants' Liaison Counsel

Philip S. Beck
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:     312-494-4440

Brian Currey
Catalina J. Vergara
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:     213-430-6407

And

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:     202-434-5029

Attorneys for Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Reply Brief in Support of Motion for a Protective Order Regarding the Trial Preservation Deposition of John W. Farquhar has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 31st day of October, 2006.

          ___s/ Dorothy H. Wimberly_____