# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| In re: VIOXX® | * * * | **MDL Docket No. 1657** |
| **PRODUCTS LIABILITY LITIGATION** | * * | **SECTION L** |
| **This document relates to:** | * | |
| *Stephanie Guy, et al. v. Merck & Co., Inc., et al.,* | * | **JUDGE FALLON** |
| (E.D. La. Index No. 06-8384) | * * | **MAG. JUDGE KNOWLES** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ANSWER AND JURY DEMAND OF DEFENDANTS WILLIAM G. BOWEN, WILLIAM N. KELLEY, M.D., LAWRENCE A. BOSSIDY, SAMUEL O. THIER, JOHNETTA B. COLE, RAYMOND V. GILMARTIN, WILLIAM B. HARRISON, JR., ANNE M. TATLOCK, HEIDI G. MILLER, THOMAS E. SHENK, WILLIAM M. DALEY, PETER C. WENDELL, WENDELL P. WEEKS, ROCHELLE LAZARUS, H. BREWSTER ATWATER, JR., DENNIS WEATHERSTONE, CHARLES E. EXLEY, JR., LLOYD C. ELAM, AND ERSKINE B. BOWLES

Defendants William G. Bowen, William N. Kelley, Lawrence A. Bossidy, Samuel O. Thier, Johnetta B. Cole, Raymond V. Gilmartin, William B. Harrison, Jr., Anne M. Tatlock, Heidi G. Miller, Thomas E. Shenk, William M. Daley, Peter C. Wendell, Wendell P. Weeks, Rochelle Lazarus, incorrectly named herein as Shelly Lazarus, H. Brewster Atwater, Jr., Dennis Weatherstone, Charles E. Exley, Jr., Lloyd C. Elam, and Erskine B. Bowles ("Directors") answer Plaintiffs' Complaint ("Complaint") herein as follows:

### RESPONSE TO "PARTIES"

1.     Upon information and belief admit the allegations contained in the first sentence of paragraph 1 of the Complaint.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of paragraph 1 of the

Complaint except admit that Plaintiffs purport to bring a claim for certain relief but denies that there is any legal or factual basis for the relief sought.

2.      Admit that Merck is a New Jersey Corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

3.      Deny each and every allegation contained in paragraph 3 of the Complaint except admit that Merck manufactured, marketed and distributed the prescription medicine Vioxx® and that Vioxx is the brand name for rofecoxib.

4.      William G. Bowen denies each and every allegation contained in the first sentence of paragraph 4 of the Complaint except admits that he has served on Merck's Board of Directors since 1986 and states that he has an office address at 140 East 62nd Street and that he is a citizen of New Jersey.  Mr. Bowen admits the allegations contained in the second sentence of said paragraph.  The remaining Directors deny each and every allegation contained in said paragraph of the Complaint except admit, upon information and belief, that Mr. Bowen served on Merck's Board of Directors since 1986 and the allegations contained in the second sentence of said paragraph. The remaining Directors state, upon information and belief, that Mr. Bowen has an office address at 140 East 62nd Street and that he is a citizen of New Jersey.

5.      William N. Kelly denies each and every allegation contained in the first sentence of paragraph 5 of the Complaint except admits that he has served on Merck's Board of Directors since 1992 and admits that he is a citizen of Pennsylvania.  Mr. Kelly admits the allegations contained in the second and third sentences of said paragraph. The remaining Directors deny each and every allegation contained in said paragraph except admit, upon information and belief, that Mr. Kelly has served on Merck's Board of Directors since 1992, that he is a citizen of Pennsylvania, and the allegations contained in the second and third sentences of said paragraph.

837262v.1

6.     Lawrence A. Bossidy denies each and every allegation contained in the first sentence of paragraph 6 of the Complaint except admits that he has served on Merck's Board of Directors since 1992 and admits that he is a resident of Connecticut.  Mr. Bossidy admits the allegations contained in the second sentence of said paragraph. The remaining Directors deny each and every allegation contained in said paragraph except admit, upon information and belief, that Mr. Bossidy served on Merck's Board of Directors since 1992, that he is a resident of Connecticut, and the allegations contained in the second sentence of said paragraph.

7.     Samuel O. Thier denies each and every allegation contained in the first sentence of paragraph 7 of the Complaint except admits that he has served on Merck's Board of Directors since 1994 and admits that he is a citizen of Massachusetts.  Mr. Thier denies each and every allegation contained in the second sentence of said paragraph except admits that he served on Merck's Audit Committee from 2000 to 2004, the Executive Committee in 2000 to 2004, the Committee on Corporate Governance from 2001 to 2004, the Committee on Public Policy and Social Responsibility from 2001 to 2004 and the Research Committee in 2004.  Mr. Thier admits the allegations contained in the third sentence of said paragraph. The remaining Directors deny each and every allegation contained in said paragraph except admit, upon information and belief, that Mr. Thier served on Merck's Board of Directors since 1994, that he is a citizen of Massachusetts, that he served on Merck's Audit Committee from 2000 to 2004, the Executive Committee in 2000 to 2004, the Committee on Corporate Governance from 2001 to 2004, the Committee on Public Policy and Social Responsibility from 2001 to 2004 and the Research Committee in 2004, and the allegations contained in the third sentence of said paragraph.

8.     Johnetta B. Cole denies each and every allegation contained in the first sentence of paragraph 8 of the Complaint except admits that she has served on Merck's Board of Directors

since 1994 and admits that she is a citizen of North Carolina.  Ms. Cole admits the allegations contained in the second sentence of said paragraph. The remaining Directors deny each and every allegation contained in said paragraph except admit, upon information and belief, that Ms. Cole served on Merck's Board of Directors since 1994, that she is a citizen of North Carolina, and the allegations contained in the second sentence of said paragraph.

9.     Raymond V. Gilmartin denies each and every allegation contained in the first sentence of paragraph 9 of the Complaint except admits that he served on Merck's Board of Directors from 1994 until May 5, 2005 and presently serves as a Special Advisor to the Executive Committee of Merck's Board of Directors, and avers that he is a citizen of Massachusetts.  Mr. Gilmartin admits the allegations contained in the second sentence of said paragraph. The remaining Directors deny each and every allegation contained in said paragraph except admit, upon information and belief, that Mr. Gilmartin served on Merck's Board of Directors from 1994 until May 5, 2005, that he presently serves as a Special Advisor to the Executive Committee of Merck's Board of Directors, that he is a citizen of Massachusetts and the allegations contained in the second sentence of said paragraph.

10.     William B. Harrison, Jr. denies each and every allegation contained in the first sentence of paragraph 10 of the Complaint except admits that he has served on Merck's Board of Directors since 1999 and states that he has an office address at 270 Park Avenue, New York, New York and that he is a citizen of Connecticut.  Mr. Harrison admits the allegations contained in the second sentence of said paragraph. The remaining Directors deny each and every allegation contained in said paragraph of the Complaint except admit, upon information and belief, that Mr. Harrison served on Merck's Board of Directors since 1999 and the allegations contained in the second sentence of said paragraph.  The remaining Directors state, upon

837262v.1

information and belief, that Mr. Harrison has an office address at 270 Park Avenue, New York, New York and that he is a citizen of Connecticut.

11.     Anne M. Tatlock denies each and every allegation contained in the first sentence of paragraph 11 of the Complaint except admits that she has served on Merck's Board of Directors since 2000 and admits she is a citizen of New York.  Ms. Tatlock admits the allegations contained in the second sentence of said paragraph. The remaining Directors deny each and every allegation contained in said paragraph except admit, upon information and belief, that Ms. Tatlock has served on Merck's Board of Directors since 2000, that she is a citizen of New York, and the allegations contained in the second sentence of said paragraph.

12.     Heidi G. Miller denies each and every allegation contained in the first sentence of paragraph 12 of the Complaint except admits that she served on Merck's Board of Directors from July 2000 until June 2004 and admits she is a citizen of Connecticut.  Ms. Miller admits the allegations contained in the second sentence of said paragraph. The remaining Directors deny each and every allegation contained in said paragraph except admit, upon information and belief, that Ms. Miller served on Merck's Board of Directors from July 2000 until June 2004, that she is a citizen of Connecticut, and the allegations contained in the second sentence of said paragraph.

13.     Thomas E. Shenk denies each and every allegation contained in the first sentence of paragraph 13 of the Complaint except admits that he has served on Merck's Board of Directors since 2001 and admits he is a citizen of New Jersey.  Mr. Shenk admits the allegations contained in the second and third sentences of said paragraph. The remaining Directors deny each and every allegation contained in said paragraph except admit, upon information and belief, that Mr. Shenk has served on Merck's Board of Directors since 2001, that he is a citizen of New Jersey, and the allegations contained in the second and third sentences of said paragraph.

837262v.1

14.     William Daley denies each and every allegation contained in the first sentence of paragraph 14 of the Complaint except admits that he served on Merck's Board of Directors from 2002 until June 2004 and admits he is a citizen of Illinois.  Mr. Daley admits the allegations contained in the second sentence of said paragraph. The remaining Directors deny each and every allegation contained in said paragraph except admit, upon information and belief, that Mr. Daley served on Merck's Board of Directors from 2002 until June 2004, that he is a citizen of Illinois, and the allegations contained in the second sentence of said paragraph.

15.     Peter C. Wendell denies each and every allegation contained in the first sentence of paragraph 15 of the Complaint except admits that he has served on Merck's Board of Directors since 2003 and that he is a citizen of California.  Mr. Wendell admits the allegations contained in the second sentence said paragraph. The remaining Directors deny each and every allegation contained in said paragraph except admit, upon information and belief, that Mr. Wendell served on Merck's Board of Directors since 2003, that he is a citizen of California, and the allegations contained in the second sentence of said paragraph.

16.     Wendell P. Weeks denies each and every allegation contained in the first sentence of paragraph 16 of the Complaint except admits that he has served on Merck's Board of Directors since 2004 and admits he is a citizen of New York.  Mr. Weeks admits the allegations contained in the second sentence of said paragraph. The remaining Directors deny each and every allegation contained in said paragraph except admit, upon information and belief, that Mr. Weeks has served on Merck's Board of Directors since 2004, that he is a citizen of New York and the allegations contained in the second sentence of said paragraph.

17.     Rochelle B. Lazarus denies each and every allegation contained in paragraph 17 of the Complaint except admits that she has served on Merck's Board of Directors since 2004

and is the CEO of Ogilvy & Mather Worldwide, and admits that she is a citizen of New York. The remaining Directors deny each and every allegation contained in said paragraph except admit, upon information and belief, that Ms. Lazarus has served on Merck's Board of Directors since 2004, that she is the CEO of Ogilfy & Mather Worldwide, and that she is a citizen of New York.

18.     The Directors deny each and every allegation contained in paragraph 18 of the Complaint except admit, upon information and belief, that Edward M. Scolnick served on Merck's Board of Directors from 1997 until December 2002, the allegations contained in the second sentence of said paragraph and state, upon information and belief, that Dr. Scolnick is a citizen of Massachusetts.

19.     H. Brewster Atwater denies each and every allegation contained in the first sentence of paragraph 19 of the Complaint except admits that he served on Merck's Board of Directors from 1988 until April 2001 and admits he is a citizen of Minnesota.  Mr. Atwater admits the allegations contained in the second sentence of said paragraph. The remaining Directors deny each and every allegation contained in said paragraph except admit, upon information and belief, that Mr. Atwater served on Merck's Board of Directors from 1988 until April 2001, that he is a citizen of Minnesota and the allegations contained in the second sentence of said paragraph.

20.     Dennis Weatherstone denies each and every allegation contained in the first sentence of paragraph 20 of the Complaint except admits that he served on Merck's Board of Directors from 1988 until April 2001 and admits he is a citizen of Connecticut.  Mr. Weatherstone admits the allegations contained in the second sentence of said paragraph. The remaining Directors deny each and every allegation contained in said paragraph except admit,

upon information and belief, that Mr. Weatherstone served on Merck's Board of Directors from 1988 until April 2001, that he is a citizen of Connecticut, and the allegations contained in the second sentence of said paragraph.

21.     Charles E. Exley, Jr. denies each and every allegation contained in the first sentence of paragraph 21 of the Complaint except admits that he served on Merck's Board of Directors from 1988 until April 2000 and admits he is a citizen of Michigan.  Mr. Exley admits the allegations contained in the second sentence of said paragraph. The remaining Directors deny each and every allegation contained in said paragraph except admit, upon information and belief, that Mr. Exley served on Merck's Board of Directors from 1988 until April 2000, that he is a citizen of Michigan, and the allegations contained in the second sentence of said paragraph.

22.     Lloyd C. Elam denies each and every allegation contained in the first sentence of paragraph 22 of the Complaint except admits that he served on Merck's Board of Directors from 1973 until April 2001 and admits he is a citizen of Tennessee.  Mr. Elam admits the allegations contained in the second sentence of said paragraph. The remaining Directors deny each and every allegation contained in said paragraph except admit, upon information and belief, that Mr. Elam served on Merck's Board of Directors from 1973 until April 2001, that he is a citizen of Tennessee, and the allegations contained in the second sentence of said paragraph.

23.     Erskine Bowles denies each and every allegation contained in paragraph 23 of the Complaint except admits that he served on Merck's Board of Directors from April 2001 until October 2001 and admits he is a citizen of North Carolina.  The remaining Directors deny each and every allegation contained in said paragraph except admit, upon information and belief, that Mr. Bowles served on Merck's Board of Directors from April 2001 until October 2001, that he is a citizen of North Carolina.

24. The allegations contained in paragraph 24 of the Complaint are legal conclusions, as to which no responsive pleading is required. Should a response be deemed required, the Directors deny each and every allegation contained in paragraph 24 of the Complaint, except admit that Plaintiffs purport to refer to Merck's Policies of the Board - Governing Principles and respectfully refer the Court to the Policies for the actual language and full text.

25. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Complaint.

28. Deny each and every allegation contained in paragraph 28 of the Complaint.

## RESPONSE TO "JURISDICTION, VENUE AND COORDINATION"

29. Upon information and belief, admit the allegations contained in paragraph 29 of the Complaint.

30. Deny each and every allegation contained in paragraph 30 of the Complaint except admit that Merck, manufactured, marketed and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004 and that Merck is authorized to do business in New York.

31. Deny each and every allegation contained in paragraph 31 of the Complaint except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to whether or where Plaintiff ingested Vioxx.

32.     Deny each and every allegation contained in paragraph 32 of the Complaint except admit that Plaintiffs commenced an action in New York Supreme Court seeking an amount of damages that exceeds the jurisdictional limits of lower New York courts, but deny that there is any legal or factual basis for the relief sought.

33.     The allegations contained in paragraph 33 of the Complaint are not directed toward the Directors and therefore no responsive pleading is required.  Should a response be deemed required, the Directors deny each and every allegation contained in said paragraph.

34.     The allegations contained in paragraph 34 of the Complaint are not directed toward the Directors and therefore no responsive pleading is required.  Should a response be deemed required, the Directors deny each and every allegation contained in said paragraph.

35.     The allegations contained in paragraph 35 of the Complaint are not directed toward the Directors and therefore no responsive pleading is required.  Should a response be deemed required, the Directors deny each and every allegation contained in said paragraph except admits that Plaintiffs are among plaintiffs represented by the Barnes Firm who have commenced actions against defendants.

## RESPONSE TO "SUBSTANTIVE ALLEGATIONS"

36.     Deny each and every allegation contained in paragraph 36 of the Complaint, except admit the class of medicines known as non-steroidal anti-inflammatory medicines ("NSAIDs"), which includes aspirin, ibuprofen and naproxen, is used to treat pain and inflammation, and that the Cox-2 inhibitor subclass of NSAIDs was introduced to the market in 1998.  The Directors further admit, upon information and belief, that published literature at the time of the introduction of Vioxx estimated that approximately 100,000 patients are hospitalized,

837262v.1

and 16,500 die every year in the United State as a result of NSAID-associated gastrointestinal (GI) events.

     37.     Deny each and every allegation contained in paragraph 37 of the Complaint except admit that the inhibition of cyclooxygenase 1 (COX 1) in patients taking traditional non-selective NSAIDs such as naproxen is believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

     38.     Deny each and every allegation contained in paragraph 38 of the Complaint except admit that Vioxx is part of a class of drugs known as NSAIDs and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2), and that the inhibition of cyclooxygenase 1 (COX-1) in patients taking traditional non-selective NSAIDs such as naproxen is believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

     39.     Deny each and every allegation contained in paragraph 39 of the Complaint except admit that Merck marketed the prescription medicine Vioxx in a manner consistent with the approved product label as required by FDA rules and regulations.

     40.     Deny each and every allegation contained in paragraph 40 of the Complaint.

     41.     Deny each and every allegation contained in paragraph 41 of the Complaint except admit that other therapies for treatment of osteoarthritis, pain, and rheumatoid arthritis exist and respectfully refer the Court to the referenced article for its actual language and full text.

     42.     Deny each and every allegation contained in paragraph 42 of the Complaint and respectfully refer the Court to the referenced report for its actual language and full text.

43.     Deny each and every allegation contained in paragraph 43 of the Complaint and respectfully refer the Court to the referenced article for its actual language and full text.

44.     Deny each and every allegation contained in paragraph 44 of the Complaint, including those allegations contained in subparagraphs a-e of said paragraph, except admit, upon information and belief, that worldwide Vioxx sales figures exceeded $2 billion in the years 2000, 2001, 2002 and 2003, and that worldwide sales of Vioxx for the first six months of 2004 were approximately $1.3 billion.

45.     Deny each and every allegation contained in paragraph 45 of the Complaint.

46.     Deny each and every allegation contained in paragraph 46 of the Complaint except admit that on November 23, 1998 Merck submitted a New Drug Application (NDA) for Vioxx 12.5 mg and Vioxx 25 mg tablets and respectfully refer the Court to the referenced NDAs for their actual language and full text.

47.     Deny each and every allegation contained in paragraph 47 of the Complaint except admit that on November 23, 1998 Merck submitted a New Drug Application (NDA) for Vioxx Oral Suspension and respectfully refer the Court to the referenced NDA for its actual language and full text.

48.     Deny each and every allegation contained in paragraph 48 of the Complaint except admit that in May 1999 Merck received FDA approval to manufacture and market the prescription medicine Vioxx for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refer the Court to the relevant prescribing information for its actual language and full text.

49.     Deny each and every allegation contained in paragraph 49 of the Complaint except admit that Merck sought and, in 1999, received FDA approval to manufacture and market

837262v.1

the prescription medicine Vioxx.  The Directors further admit that Vioxx is the brand name for rofecoxib.

50.     Deny each and every allegation contained in paragraph 50 of the Complaint except admit that Merck marketed Vioxx.

51.     Deny each and every allegation contained paragraph 51 of the Complaint and respectfully refer the Court to the referenced article for its actual language and full text.

52.     Merck deny each and every allegation contained in paragraph 52 of the Complaint and respectfully refer the Court to the referenced article for its actual language and full text.

53.     Deny each and every allegation contained in paragraph 53 of the Complaint and respectfully refer the Court to the referenced article for its actual language and full text.

54.     Deny each and every allegation contained in paragraph 54 of the Complaint and respectfully refer the Court to the referenced article for its actual language and full text.

55.     Deny each and every allegation contained in paragraph 55 of the Complaint and respectfully refer the Court to the complete statements referenced in the Complaint for their actual language and full text.

56.     Deny each and every allegation contained in paragraph 56 of the Complaint and respectfully refer the Court to the referenced press release for its actual language and full text.

57.     Deny each and every allegation contained in paragraph 57 of the Complaint except admit that Merck scientists have participated in studies involving Vioxx and respectfully refer the Court to the transcripts of the referenced broadcast and studies for their actual language and full text.

58.     Deny each and every allegation contained in paragraph 58 of the Complaint and respectfully refer the Court to the referenced article for its actual language and full text.

837262v.1

59. Deny each and every allegation contained in paragraph 59 of the Complaint and respectfully refer the Court to the complete statements referenced in the Complaint for their actual language and full text.

60. Deny each and every allegation contained in paragraph 60 of the Complaint.

61. The allegations contained in paragraph 61 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, the Directors deny each and every allegation contained in said paragraph and respectfully refer the Court to the referenced regulation for its actual language and full text.

62. Deny each and every allegation contained in paragraph 62 of the Complaint and respectfully refer the Court to the referenced FDA-approved prescribing information for its full text.

63. Deny each and every allegation contained in paragraph 63 of the Complaint and respectfully refer the Court to the referenced FDA-approved prescribing information for its full text.

64. Deny each and every allegation contained in paragraph 64 of the Complaint.

65. Deny each and every allegation contained in paragraph 65 of the Complaint and respectfully refer the Court to the referenced FDA-approved prescribing information for its full text.

66. Deny each and every allegation set forth in paragraph 66 of the Complaint.

67. Deny each and every allegation contained in paragraph 67 of the Complaint and respectfully refer the Court to the referenced letter from Spencer Salis of DDMACs dated December 16, 1999 for its actual language and full text.

837262v.1

68.     Deny each and every allegation contained in paragraph 68 of the Complaint and respectfully refer the Court to the referenced letter from Spencer Salis of DDMACs dated December 16, 1999 for its actual language and full text.

69.     Deny each and every allegation contained in paragraph 69 of the Complaint and respectfully refer the Court to the referenced letter from Spencer Salis of DDMACs dated December 16, 1999 for its actual language and full text.

70.     Deny each and every allegation contained in paragraph 70 of the Complaint and respectfully refer the Court to the referenced letter from Spencer Salis of DDMACs dated December 16, 1999 for its actual language and full text.

71.     Deny each and every allegation contained in paragraph 71 of the Complaint and respectfully refer the Court to the referenced letter from Spencer Salis of DDMACs dated December 16, 1999 for its actual language and full text.

72.     Deny each and every allegation contained in the first sentence of paragraph 72 of the Complaint and respectfully refer the Court to the referenced supplemental New Drug Application ("sNDA") for its actual language and full text.   Deny each and every allegation contained in the second sentence of paragraph 72 of the Complaint except admit that Merck scientists participated in the VIGOR study involving Vioxx and respectfully refer the Court to the referenced study for its actual conclusions and full text.

73.     Deny each and every allegation contained in paragraph 73 of the Complaint and respectfully refer the Court to the referenced article for its actual language and full text.

74.     Deny each and every allegation contained in paragraph 74 of the Complaint and respectfully refer the Court to the referenced study for its actual language and full text.

837262v.1

75.     Deny each and every allegation contained in paragraph 75 of the Complaint including subparagraphs (a)-(c) and respectfully refer the Court to the referenced FDA statements and to the VIGOR study for its actual language and full text.

76.     Deny each and every allegation contained in paragraph 76 of the Complaint and respectfully refer the Court to the complete statements referenced in the Complaint for their actual language and full text.

77.     Deny each and every allegation contained in paragraph 77 of the Complaint and respectfully refer the Court to the referenced deposition for its actual language and full context.

78.     Deny each and every allegation contained in paragraph 78 of the Complaint and respectfully refer the Court to the transcript of the referenced broadcast and the referenced studies for their actual language and full text.

79.     Deny each and every allegation contained in paragraph 79 of the Complaint and respectfully refer the Court to the referenced press release for its actual language and full text.

80.     Deny each and every allegation contained in paragraph 80 of the Complaint and respectfully refer the Court to the September 2001 from Thomas W. Abrams of DDMACs letter for its actual language and full text.

81.     Deny each and every allegation contained in paragraph 81 of the Complaint and respectfully refer the Court to the referenced training materials for their actual language and full text.

82.     Deny each and every allegation contained in paragraph 82 of the Complaint, except admit that the referenced complaint exists but deny the referenced allegations contained therein.

83.     Deny each and every allegation contained in paragraph 83 of the Complaint, except admit that the referenced complaint exists but deny the referenced allegations contained therein.

84.     Deny each and every allegation contained in paragraph 84 of the Complaint and respectfully refer the Court to the referenced briefing document for its actual language and full text.

85.     Deny each and every allegation contained in paragraph 85 of the Complaint and respectfully refer the Court to the referenced briefing document for its actual language and full text.

86.     Deny each and every allegation contained in paragraph 86 of the Complaint and respectfully refer the Court to the referenced memorandum for its actual language and full text.

87.     Deny each and every allegation contained in paragraph 87 of the Complaint.

88.     Deny each and every allegation contained in paragraph 88 of the Complaint and respectfully refer the Court to the referenced study for its actual conclusions and full text.

89.     Deny each and every allegation contained in paragraph 89 of the Complaint and respectfully refer the Court to the referenced study and article for their actual conclusions and full text.

90.     Deny each and every allegation contained in paragraph 90 of the Complaint and respectfully refer the Court to the referenced article and study for their actual language and full text.

91.     Deny each and every allegation contained in paragraph 91 of the Complaint and respectfully refer the Court to the referenced article for its actual language and full text.

837262v.1

92.     Deny each and every allegation contained in paragraph 92 of the Complaint and respectfully refer the Court to the referenced article for its actual language and full text.

93.     Deny each and every allegation contained in paragraph 93 of the Complaint and respectfully refer the Court to the referenced article for its actual language and full text.

94.     Deny each and every allegation contained in paragraph 94 of the Complaint and respectfully refer the Court to the referenced press release for its actual conclusions and full text.

95.     Deny each and every allegation contained in paragraph 95 of the Complaint.

96.     Deny each and every allegation contained in paragraph 96 of the Complaint except admit that Merck employs professional representatives and respectfully refer the Court to the referenced document for its actual language and full text.

97.     Deny each and every allegation contained in paragraph 97 of the Complaint and respectfully refer the Court to the referenced publication for its actual language and full text.

98.     Deny each and every allegation set forth in paragraph 98 of the Complaint except admit that Merck employs professional representatives and respectfully refer the Court to the referenced document for its actual language and full text.

99.     Deny each and every allegation contained in paragraph 99 of the Complaint and respectfully refer the Court to the September 2001 letter from Thomas W. Abrams of DDMACs for its actual language and full text.

100.     Deny each and every allegation contained in paragraph 100 of the Complaint and respectfully refer the Court to the referenced email for its actual language and full text.

101.     Deny each and every allegation contained in paragraph 101 of the Complaint and respectfully refer the Court to the referenced publications for their actual language and full text. The Directors admit, upon information and belief, that Merck is currently a member of the

837262v.1

European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

102.    Deny each and every allegation contained in paragraph 102 of the Complaint and respectfully refer the Court to the referenced publication for its actual language and full text. The Directors admit, upon information and belief, that Dr. Claire Bombardier was an author on the referenced publication and a co-chair of the steering committee for the VIGOR trial.

103.    Deny each and every allegation contained in paragraph 103 of the Complaint and respectfully refer the Court to the referenced article for its actual language and full text.

104.    Deny each and every allegation contained in paragraph 104 of the Complaint except admit, upon information and belief, that worldwide sales of Vioxx exceeded $2 billion in the year 2000.

105.    Deny each and every allegation contained in paragraph 105 of the Complaint and respectfully refer the Court to the referenced briefing document for its actual language and full text.

106.    Deny each and every allegation contained in paragraph 106 of the Complaint and respectfully refer the Court to the referenced FDA report for its actual language and full text.

107.    Deny each and every allegation contained in paragraph 107 of the Complaint.

108.    Deny each and every allegation contained in paragraph 108 of the Complaint except admit, upon information and belief, that the referenced marketing campaign existed.

109.    Deny each and every allegation contained in paragraph 109 of the Complaint and respectfully refer the Court to the referenced article and press release for their actual language and full text.

837262v.1

110.    Deny each and every allegation contained in paragraph 110 of the Complaint and respectfully refer the Court to the referenced bulletin for its actual language and full text.

111.    Deny each and every allegation contained in paragraph 111 of the Complaint and respectfully refer the Court to the referenced press release for its actual language and full text.

112.    Deny each and every allegation contained in paragraph 112 of the Complaint and respectfully refer the Court to the referenced press release for its actual language and full text.

113.    Deny each and every allegation contained in paragraph 113 of the Complaint and respectfully refer the Court to the referenced press release for its actual language and full text.

114.    Deny each and every allegation contained in paragraph 114 of the Complaint and respectfully refer the Court to the September 2001 letter from Thomas W. Abrams of DDMACs for its actual language and full text.

115.    Deny each and every allegation contained in paragraph 115 of the Complaint and respectfully refer the Court to the September 2001 letter from Thomas W. Abrams of DDMACs for its actual language and full text.

116.    Deny each and every allegation contained in paragraph 116 of the Complaint and respectfully refer the Court to the referenced journal and article for their actual language and full text.

117.    Deny each and every allegation contained in paragraph 117 of the Complaint and respectfully refer the Court to the referenced journal and articles for their actual language and full text.

118.    Deny each and every allegation contained in paragraph 118 of the Complaint and respectfully refer the Court to the referenced article for its actual language and full text.

119.    Deny each and every allegation contained in paragraph 119 of the Complaint and respectfully refer the Court to the referenced article for its actual language and full text.

120.    Deny each and every allegation contained in paragraph 120 of the Complaint and respectfully refer the Court to the referenced article for its actual language and full text.

121.    Deny each and every allegation contained in paragraph 121 of the Complaint and respectfully refer the Court to the referenced press release for its actual language and full text.

122.    Deny each and every allegation contained in paragraph 122 of the Complaint and respectfully refer the Court to the referenced letter for its actual language and full text.

123.    Deny each and every allegation contained in paragraph 123 of the Complaint.

124.    Deny each and every allegation contained in paragraph 124 of the Complaint and respectfully refer the Court to the September 2001 letter from Thomas W. Abrams of DDMACs for its actual language and full text.

125.    Deny each and every allegation contained in paragraph 125 of the Complaint and respectfully refer the Court to the September 2001 letter from Thomas W. Abrams of DDMACs for its actual language and full text.

126.    Deny each and every allegation contained in paragraph 126 of the Complaint and respectfully refer the Court to the September 2001 letter from Thomas W. Abrams of DDMACs for its actual language and full text.

127.    Deny each and every allegation contained in paragraph 127 of the Complaint except admit that Merck employs professional representatives and respectfully refer the Court to the referenced marketing materials for their actual language and full text.

128.    Deny each and every allegation contained in paragraph 128 of the Complaint and respectfully refer the Court to the referenced document for its actual language and full text.

837262v.1

129.     Deny each and every allegation contained in paragraph 129 of the Complaint except admit that Merck trains its professional representatives.

130.     Deny each and every allegation contained in paragraph 130 of the Complaint except admit that Merck trains its professional representatives and, upon information and belief, that Merck's professional representatives do refer certain questions to Merck's Medical Services department.

131.     Deny each and every allegation contained in paragraph 131 of the Complaint and respectfully refer the Court to the referenced article for its actual language and full text.

132.     Deny each and every allegation contained in paragraph 132 of the Complaint and respectfully refer the Court to the September 2001 letter from Thomas W. Abrams of DDMACs for its actual language and full text.

133.     Deny each and every allegation contained in paragraph 133 of the Complaint and respectfully refer the Court to the referenced article for its actual language and full text.

134.     Deny each and every allegation contained in paragraph 134 of the Complaint and respectfully refer the Court to the referenced article for its actual language and full text.

135.     Deny each and every allegation contained in paragraph 135 of the Complaint and respectfully refer the Court to the referenced prescribing information, so-called "Dear Doctor" letter and Patient Information sheet for their actual language and full text.

136.     Deny each and every allegation contained in paragraph 136 of the Complaint and respectfully refer the Court to the relevant prescribing information for Vioxx for its actual language and full text.

837262v.1

137.    Deny each and every allegation contained in paragraph 137 of the Complaint and respectfully refer the Court to the so-called "Dear Doctor" letter for its actual language and full text.

138.    Deny each and every allegation contained in paragraph 138 of the Complaint.

139.    Deny each and every allegation contained in paragraph 139 of the Complaint and respectfully refer the Court to the prescribing information for Vioxx for its actual language and full text.

140.    Deny each and every allegation contained in paragraph 140 of the Complaint, except admit that Merck trains its professional representatives.

141.    Deny each and every allegation contained in paragraph 141 of the Complaint, except admit that Merck employs and trains professional representatives.

142.    Deny each and every allegation contained in paragraph 142 of the Complaint, except admit that Merck trains its professional representatives.

143.    Deny each and every allegation contained in paragraph 143 of the Complaint, except admit that Merck trains its professional representatives.

144.    Deny each and every allegation contained in paragraph 144 of the Complaint.

145.    Deny each and every allegation contained in paragraph 145 of the Complaint.

146.    Deny each and every allegation contained in paragraph 146 of the Complaint.

147.    Deny each and every allegation contained in paragraph 147 of the Complaint.

148.    Deny each and every allegation contained in paragraph 148 of the Complaint except admit, upon information and belief, that a Merck subsidiary, MERCK SHARP & DOHME DE ESPAÑA, S.A. (MSD), commenced an action against Dr. Laporte and the Catalan Institute of Pharmacology.

837262v.1

149.    Deny each and every allegation contained in paragraph 149 of the Complaint except admit that the referenced campaign existed.

150.    Deny each and every allegation contained in paragraph 150 of the Complaint and to the extent Plaintiffs purports to refer to Merck documents, the Directors respectfully refer the Court to those documents for their actual language and full text.

151.    Deny each and every allegation contained in paragraph 151 of the Complaint and respectfully refer the Court to the referenced article for its actual language and full text.

152.    Deny each and every allegation contained in paragraph 152 of the Complaint.

153.    Deny each and every allegation contained in paragraph 153 of the Complaint and respectfully refer the Court to the referenced article for its actual language and full text.

154.    Deny each and every allegation contained in paragraph 154 of the Complaint.

155.    Deny each and every allegation contained in paragraph 155 of the Complaint, and respectfully refer the Court to the referenced advertisements for their actual language and full text.

156.    Deny each and every allegation contained in paragraph 156 of the Complaint and respectfully refer the Court to the referenced label for its actual language and full text.

157.    Deny each and every allegation contained in paragraph 157 of the Complaint and respectfully refer the Court to the referenced label for its actual language and full text.

158.    Deny each and every allegation contained in paragraph 158 of the Complaint and respectfully refer the Court to the referenced label for its actual language and full text.

159.    Deny each and every allegation contained in paragraph 159 of the Complaint, and respectfully refer the Court to the referenced presentation and study for their actual language and full text.

837262v.1

160.     Deny each and every allegation contained in paragraph 160 of the Complaint and respectfully refer the Court to the referenced study for its actual language and full text.

161.     Deny each and every allegation contained in paragraph 161 of the Complaint, and respectfully refer the Court to the referenced press release for its actual language and full text.

162.     Deny each and every allegation contained in paragraph 162 of the Complaint, except admit that on September 27, 2004 Merck contacted the FDA and advised the FDA that the APPROVe clinical trial had been halted.

163.     Deny each and every allegation contained in paragraph 163 of the Complaint except state that, on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interests of patients.

164.     Deny each and every allegation contained in paragraph 164 of the Complaint except admit that on September 28, 2004 Merck informed FDA officials of Merck's decision to voluntarily withdraw Vioxx from the worldwide market.

165.     Deny each and every allegation contained in paragraph 165 of the Complaint and respectfully refer the Court to the referenced letter for its actual language and full text.

166.     Deny each every allegation set forth in paragraph 166 of the Complaint except and respectfully refer the Court to the referenced broadcast for its actual language and full text.

167.     The allegations contained in paragraph 167 of the Complaint contain legal conclusions, and therefore no responsive pleading is required.  Should a response be deemed

required, the Directors deny each and every allegation in paragraph 167, except admit that Plaintiffs purport to quote from certain of Merck's SEC filings and that certain of the Directors signed those filings and respectfully refer the Court to those filings for their actual language and full text.

168.     Deny each and every allegation contained in paragraph 168 of the Complaint except admit that Plaintiffs purport to quote from certain of Merck's SEC filings and that certain of the Directors signed those filings and respectfully refer the Court to those filings for their actual language and full text.  The Directors further admit that Gilmartin, Bossidy, Bowen, Cole, Kelley, Miller, Tatlock and Thier signed Merck's 2000 Annual Report, that Gilmartin, Bossidy, Bowen, Cole, Henriques, Miller, Lewent, Shenk and Thier signed Merck's 2001 Annual Report, and that Gilmartin, Bossidy, Bowen, Cole, Henriques, Lewent, Miller, Shenk, Thier and Tatlock signed Merck's 2002 Annual Report.

169.     Deny each and every allegation contained in paragraph 169 of the Complaint except admit that Plaintiffs refer to a Merck SEC filing and respectfully refer the Court to that filing for its actual language and full text and admit that Gilmartin, Bossidy, Bowen, Cole, Daley, Harrison, Kelley, Miller, Shenk, Thier, Weeks and Wendell signed Merck's 2003 Annual Report.

170.     Deny each and every allegation contained in paragraph 170 of the Complaint, except admit that William N. Kelley, M.D. is a Professor of Medicine, Biochemistry and Biophysics at the University of Pennsylvania School of Medicine, Samuel O. Thier, M.D. is a Professor of Medicine and Professor of Health Care Policy at Harvard Medical School, Thomas E. Shenk, Ph.D. is Elkins Professor at Princeton University, and Edward M. Scolnick was President of Merck Research Laboratories and Executive Vice President of Science &

- 26 -

Technology from 1993 until 2002 and respectfully refer the Court to the September 2001 letter from Thomas W. Abrams of DDMACs to Raymond V. Gilmartin for its actual language and full text.

171.     Deny each and every allegation contained in paragraph 171 of the Complaint.

172.     Deny each and every allegation contained in paragraph 172 of the Complaint except admit that Vioxx was prescribed to millions of patients and respectfully refer the Court to the referenced article for its actual language and full text.

173.     Deny each and every allegation contained in paragraph 173 of the Complaint respectfully refer the Court to the referenced memorandum for its actual language and full text.

174.     Deny each and every allegation contained in paragraph 174 of the Complaint and respectfully refer the Court to the referenced memorandum for its actual language and full text.

175.     Deny each and every allegation contained in paragraph 175 of the Complaint and respectfully refer the Court to the referenced article for its actual language and full text.

176.     Deny each and every allegation contained in paragraph 176 of the Complaint.

177.     Deny each and every allegation contained in paragraph 177 of the Complaint.

178.     Deny each and every allegation contained in paragraph 178 of the Complaint.

179.     Deny each and every allegation contained in paragraph 179 of the Complaint.

180.     Deny each and every allegation contained in paragraph 180 of the Complaint.

## RESPONSE TO "FIRST CAUSE OF ACTION"

181.     With respect to the allegations contained in paragraph 181 of the Complaint, the Directors repeat and re-allege each and every admission, denial, averment, and statement contained in paragraphs 1 through 180 of this Answer with the same force and effect as though set forth here in full.

837262v.1

182.     The allegations contained in paragraph 182 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, the Directors deny each and every allegation contained in said paragraph except admit that Merck manufactured, marketed and distributed the prescription medicine Vioxx in a manner consistent with the FDA-approved prescribing information for Vioxx.

183.     The allegations contained in paragraph 183 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, the Directors deny that they or Merck violated any duty in the manufacture, marketing or distribution of the prescription medicine Vioxx.

184.     The allegations contained in paragraph 184 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, the Directors deny that they or Merck violated any duty in the manufacture, marketing or distribution of the prescription medicine Vioxx.

185.     Deny each and every allegation contained in paragraph 185 of the Complaint.

186.     Deny each and every allegation contained in paragraph 186 of the Complaint.

187.     Deny each and every allegation contained in paragraph 187 of the Complaint.

188.     Deny each and every allegation contained in paragraph 188 of the Complaint.

189.     Deny each and every allegation contained in paragraph 189 of the Complaint, including subparagraphs a through e.

190.     Deny each and every allegation contained in paragraph 190 of the Complaint.

191.     Deny each and every allegation contained in paragraph 191 of the Complaint.

192.     Deny each and every allegation contained in paragraph 192 of the Complaint.

193.     Deny each and every allegation contained in paragraph 193 of the Complaint.

**RESPONSE TO "SECOND CAUSE OF ACTION"**

194.    With respect to the allegations contained in paragraph 194 of the Complaint, the Directors repeat and re-allege each and every admission, denial, averment, and statement contained in paragraphs 1 through 193 of this Answer with the same force and effect as though set forth here in full.

195.    Deny each and every allegation contained in paragraph 195 of the Complaint except admit that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

196.    Deny each and every allegation contained in paragraph 196 of the Complaint.

197.    Deny each and every allegation contained in paragraph 197 of the Complaint.

198.    Deny each and every allegation contained in paragraph 198 of the Complaint.

199.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 199 of the Complaint.

200.    Deny each and every allegation contained in paragraph 200 of the Complaint.

201.    Deny each and every allegation contained in paragraph 201 of the Complaint.

**RESPONSE TO "THIRD CAUSE OF ACTION"**

202.    With respect to the allegations contained in paragraph 202 of the Complaint, the Directors repeat and re-allege each and every admission, denial, averment, and statement contained in paragraphs 1 through 201 of this Answer with the same force and effect as though set forth here in full.

203.    The allegations contained in paragraph 203 of the Complaint are legal conclusions as to which no responsive is required.  Should a response be deemed required, the Directors deny

837262v.1

that they or Merck violated any duty in the manufacture, marketing or distribution of the prescription medicine Vioxx.

204.    Deny each and every allegation contained in paragraph 204 of the Complaint.

205.    Deny each and every allegation contained in paragraph 205 of the Complaint except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the condition in which Vioxx reached Plaintiffs.

206.    Deny each and every allegation contained in paragraph 206 of the Complaint.

207.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 207 of the Complaint.

208.    Deny each and every allegation contained in paragraph 208 of the Complaint.

209.    Deny each and every allegation contained in paragraph 209 of the Complaint.

210.    Deny each and every allegation contained in paragraph 210 of the Complaint.

## RESPONSE TO "FOURTH CAUSE OF ACTION"

211.    With respect to the allegations contained in paragraph 211 of the Complaint, the Directors repeat and re-allege each and every admission, denial, averment, and statement contained in paragraphs 1 through 210 of this Answer with the same force and effect as though set forth here in full.

212.    Deny each and every allegation contained in paragraph 212 of the Complaint except admit that Merck manufactured, marketed and distributed Vioxx.

213.    Deny each and every allegation contained in paragraph 213 of the Complaint.

214.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 214 of the Complaint.

215.    Deny each and every allegation contained in paragraph 215 of the Complaint.

837262v.1

216.     Deny each and every allegation contained in paragraph 216 of the Complaint.

217.     Deny each and every allegation contained in paragraph 217 of the Complaint.

218.     Deny each and every allegation contained in paragraph 218 of the Complaint.

219.     Deny each and every allegation contained in paragraph 219 of the Complaint.

220.     Deny each and every allegation contained in paragraph 220 of the Complaint.

## RESPONSE TO "FIFTH CAUSE OF ACTION"

221.     With respect to the allegations contained in paragraph 221 of the Complaint, the Directors repeat and re-allege each and every admission, denial, averment, and statement contained in paragraphs 1 through 220 of this Answer with the same force and effect as though set forth here in full.

222.     Deny each and every allegation contained in paragraph 222 of the Complaint except admit that Merck manufactured, marketed and distributed the prescription medicine Vioxx in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refer the Court to the prescribing information for its actual language and full text.

223.     Deny each and every allegation contained in paragraph 223 of the Complaint except admit that Merck scientists participated in studies involving Vioxx.

224.     Deny each and every allegation contained in paragraph 224 of the Complaint.

225.     Deny each and every allegation contained in paragraph 225 of the Complaint.

226.     Deny each and every allegation contained in paragraph 226 of the Complaint.

227.     Deny each and every allegation contained in paragraph 227 of the Complaint.

228.     Deny each and every allegation contained in paragraph 228 of the Complaint.

229.     Deny each and every allegation contained in paragraph 229 of the Complaint.

837262v.1

230.    Deny each and every allegation contained in paragraph 230 of the Complaint.

231.    Deny each and every allegation contained in paragraph 231 of the Complaint.

**RESPONSE TO "SIXTH CAUSE OF ACTION"**

232.    With respect to the allegations contained in paragraph 232 of the Complaint, the Directors repeat and re-allege each and every admission, denial, averment, and statement contained in paragraphs 1 through 231 of this Answer with the same force and effect as though set forth here in full.

233.    Deny each and every allegation contained in paragraph 233 of the Complaint.

234.    Deny each and every allegation contained in paragraph 234 of the Complaint.

235.    Deny each and every allegation contained in paragraph 235 of the Complaint.

236.    Deny each and every allegation contained in paragraph 236 of the Complaint.

237.    Deny each and every allegation contained in paragraph 237 of the Complaint.

238.    Deny each and every allegation contained in paragraph 238 of the Complaint.

239.    Deny each and every allegation contained in paragraph 239 of the Complaint.

240.    Deny each and every allegation contained in paragraph 240 of the Complaint.

241.    Deny each and every allegation contained in paragraph 241 of the Complaint.

242.    Deny each and every allegation contained in paragraph 242 of the Complaint.

243.    Deny each and every allegation contained in paragraph 243 of the Complaint.

244.    Deny each and every allegation contained in paragraph 244 of the Complaint.

245.    Deny each and every allegation contained in paragraph 245 of the Complaint.

246.    Deny each and every allegation contained in paragraph 246 of the Complaint, including subparagraphs a through c.

247.    Deny each and every allegation contained in paragraph 247 of the Complaint.

837262v.1

248.    Deny each and every allegation contained in paragraph 248 of the Complaint.

249.    Deny each and every allegation contained in paragraph 249 of the Complaint.

250.    Deny each and every allegation contained in paragraph 250 of the Complaint.

251.    The allegations contained in paragraph 251 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, the Directors deny each and every allegation contained in said paragraph and respectfully refer the Court to the referenced statutes for their actual language and full text.

252.    Deny each and every allegation contained in paragraph 252 of the Complaint.

253.    Deny each and every allegation contained in paragraph 253 of the Complaint.

## RESPONSE TO "SEVENTH CAUSE OF ACTION"

254.    With respect to the allegations contained in paragraph 254 of the Complaint, the Directors repeat and re-allege each and every admission, denial, averment, and statement contained in paragraphs 1 through 253 of this Answer with the same force and effect as though set forth here in full.

255.    Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 255 of the Complaint.

256.     Deny each and every allegation contained in paragraph 256 of the Complaint.

## RESPONSE TO "EIGHTH CAUSE OF ACTION"

257.    With respect to the allegations contained in paragraph 257 of the Complaint, the Directors repeat and re-allege each and every admission, denial, averment, and statement contained in paragraphs 1 through 256 of this Answer with the same force and effect as though set forth here in full.

258.    Deny each and every allegation contained in paragraph 258 of the Complaint.

- 33 -

## RESPONSE TO "PRAYER FOR RELIEF"

259.     Plaintiffs' "Prayer For Relief" section of the Complaint is not an allegation of fact and therefore no responsive pleading is required.  Should a response be deemed required, the Directors deny each and every allegation in the "Prayer For Relief" section, including subparagraphs a through i, of Plaintiffs' Complaint and deny that Plaintiffs are entitled to the relief requested.

## RESPONSE TO "JURY TRIAL DEMANDED"

260.     Plaintiffs' "Jury Trial Demand" section of the Complaint is not an allegation of fact and therefore no responsive pleading is required.

## AS FOR A FIRST
## DEFENSE, THE DIRECTORS ALLEGE:

The claims of Plaintiffs may be time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely.

## AS FOR A SECOND
## DEFENSE, THE DIRECTORS ALLEGE:

The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD
## DEFENSE, THE DIRECTORS ALLEGE:

The claims of the Plaintiffs may be barred, in whole or in part, from recovery because Plaintiffs have made statements or taken actions that preclude them from asserting claims or constitute a waiver of their claims.

## AS FOR A FOURTH
## DEFENSE, THE DIRECTORS ALLEGE:

The claims of the Plaintiffs may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

837262v.1

## AS FOR A FIFTH
## DEFENSE, THE DIRECTORS ALLEGE:

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A SIXTH
## DEFENSE, THE DIRECTORS ALLEGE:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were cause in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A SEVENTH
## DEFENSE, THE DIRECTORS ALLEGE:

To the extent that Plaintiffs assert claims based on the Directors' adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR AN EIGHTH
## DEFENSE, THE DIRECTORS ALLEGE:

To the extent that Plaintiffs assert claims based upon an alleged failure by the Directors to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR A NINTH
## DEFENSE, THE DIRECTORS ALLEGE:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

837262v.1

## AS FOR A TENTH
## DEFENSE, THE DIRECTORS ALLEGE:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon

information and belief, such injuries and losses were caused by the actions of persons not having

real or apparent authority to take said actions on behalf of the Directors and over whom the

Directors had no control and for whom the Directors may not be held accountable.

## AS FOR AN ELEVENTH
## DEFENSE, THE DIRECTORS ALLEGE:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon

information and belief, such injuries and losses were proximately caused by Plaintiffs' misuse or

abuse of Vioxx.

## AS FOR A TWELFTH
## DEFENSE, THE DIRECTORS ALLEGE:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or

losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or

environmental conditions, diseases, or illnesses, subsequent medical conditions or natural

courses of conditions for which this defendant is not responsible.

## AS FOR A THIRTEENTH
## DEFENSE, THE DIRECTORS ALLEGE:

To the extent Plaintiffs have settled or will in the future settle with any person or entity

with respect to the injuries asserted in the Complaint, the Directors' liability, if any, should be

reduced accordingly.

837262v.1

## AS FOR A FOURTEENTH
## <u>DEFENSE, THE DIRECTORS ALLEGE</u>:

To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

## AS FOR A FIFTEENTH
## <u>DEFENSE, THE DIRECTORS ALLEGE</u>:

Plaintiffs' claims of fraud and misrepresentation are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud and misrepresentation with particularity, as required by Federal Rule of Civil Procedure 9(b) and Sections 3013 and 3016(b) of the New York Civil Practice Law and Rules.

## AS FOR A SIXTEENTH
## <u>DEFENSE, THE DIRECTORS ALLEGE</u>:

Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A SEVENTEENTH
## <u>DEFENSE, THE DIRECTORS ALLEGE</u>:

Plaintiffs' claims are barred in whole or in part by the First Amendment.

## AS FOR AN EIGHTEENTH
## <u>DEFENSE, THE DIRECTORS ALLEGE</u>:

Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

837262v.1

## AS FOR A NINETEENTH
## DEFENSE, THE DIRECTORS ALLEGE:

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

## AS FOR A TWENTIETH
## DEFENSE, THE DIRECTORS ALLEGE:

The claims of Plaintiffs may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

## AS FOR A TWENTY-FIRST
## DEFENSE, THE DIRECTORS ALLEGE:

The claims of Plaintiffs may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

## AS FOR A TWENTY-SECOND
## DEFENSE, THE DIRECTORS ALLEGE:

The claims of Plaintiffs may be barred, in whole or in part, from recovery by release as to their claims.

## AS FOR A TWENTY-THIRD
## DEFENSE, THE DIRECTORS ALLEGE:

The claims of Plaintiffs may be barred, in whole and in part, by the doctrine of laches.

## AS FOR A TWENTY-FOURTH
## DEFENSE, THE DIRECTORS ALLEGE:

The claims of Plaintiffs are barred, in whole or in part, by their failure to mitigate damages.

837262v.1

**AS FOR A TWENTY-FIFTH**
**DEFENSE, THE DIRECTORS ALLEGE:**

To the extent there were any risks associated with the use of the product which is the subject matter of this action that the Directors knew or should have known and which gave rise to a duty to warn, the Directors at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

**AS FOR A TWENTY-SIXTH**
**DEFENSE, THE DIRECTORS ALLEGE:**

The claims of Plaintiffs may be barred, in whole or in part, from recovery, due to spoliation of evidence.

**AS FOR A TWENTY-SEVENTH**
**DEFENSE, THE DIRECTORS ALLEGE:**

The claims of Plaintiffs may be barred, in whole or in part, by the governing state laws.

**AS FOR A TWENTY-EIGHTH**
**DEFENSE, THE DIRECTORS ALLEGE:**

Any conduct allegedly causing liability on the part of the Directors is not a substantial cause or factor of any potential or actual injury or damage, if any.

**AS FOR A TWENTY-NINTH**
**DEFENSE, THE DIRECTORS ALLEGE:**

Plaintiffs have not sustained any injury or damages compensable at law.

**AS FOR A THIRTIETH**
**DEFENSE, THE DIRECTORS ALLEGE:**

To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

837262v.1

**AS FOR A THIRTY-FIRST
DEFENSE, THE DIRECTORS ALLEGE:**

To the extent that Plaintiffs seek punitive damages for an alleged act or omission of

Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and,

therefore, any award of punitive damages is barred.

**AS FOR A THIRTY-SECOND
DEFENSE, THE DIRECTORS ALLEGE:**

Plaintiffs' demand for punitive damages is barred because Vioxx and its labeling was

subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

**AS FOR A THIRTY-THIRD
DEFENSE, THE DIRECTORS ALLEGE:**

Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the

Restatement (Second) of Torts.

**AS FOR A THIRTY-FOURTH
DEFENSE, THE DIRECTORS ALLEGE:**

Plaintiffs' claims are barred in whole or in part because Merck provided adequate

"directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation

Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the

Restatement (Second) of Torts.

**AS FOR A THIRTY-FIFTH
DEFENSE, THE DIRECTORS ALLEGE:**

Plaintiffs' claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts:

Products Liability.

837262v.1

## AS FOR A THIRTY-SIXTH
## DEFENSE, THE DIRECTORS ALLEGE:

Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

## AS FOR A THIRTY-SEVENTH
## DEFENSE, THE DIRECTORS ALLEGE:

Defendants are improperly joined in this action.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, THE DIRECTORS ALLEGE:

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack capacity and/or standing to bring such claims.

## AS FOR A THIRTY-NINTH
## DEFENSE, THE DIRECTORS ALLEGE:

Plaintiffs' claims under New York General Business Law Section 349 are barred by reason of Plaintiffs' failure to allege sufficient facts identifying any statement or misrepresentation alleged to constitute a deceptive act or practice and their failure to sufficiently plead causation or reliance.

## AS FOR A FORTIETH
## DEFENSE, THE DIRECTORS ALLEGE:

Plaintiffs' claims under New York General Business Law Section 350 are barred by reason of Plaintiffs' failure to allege sufficient facts identifying any statement or misrepresentation alleged to constitute false advertising and their failure to sufficiently plead causation or reliance.

837262v.1

## AS FOR A FORTY-FIRST
## DEFENSE, THE DIRECTORS ALLEGE:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence or other conduct of the allegedly injured Plaintiffs.

## AS FOR A FORTY-SECOND
## DEFENSE, THE DIRECTORS ALLEGE:

One or more of the Directors is not subject to personal jurisdiction in the State of New York.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable the Directors to determine all of their legal, contractual and equitable rights, the Directors reserve the right to amend and supplement the averments of their answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

The Directors will rely on all defenses that may become available during discovery or trial.

837262v.1

WHEREFORE, the Directors respectfully demand judgment dismissing Plaintiffs' Complaint with prejudice and awarding the Directors their reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

## JURY DEMAND

The Directors demand a trial by jury as to all issues so triable.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Camelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

*Defendants' Liaison Counsel*

Theodore V. H. Mayer
Vilia B. Hayes
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York  10004-1482
Phone: 212-837-6000
Fax:    212-422-4726

*Attorneys for Defendants William G. Bowen, William N. Kelley, Lawrence A. Bossidy, Samuel O. Thier, Johnetta B. Cole, Raymond V. Gilmartin, William B. Harrison, Jr., Anne M. Tatlock, Heidi G. Miller, Thomas E. Shenk, William M. Daley, Peter C. Wendell, Wendell P. Weeks, Rochelle Lazarus, H. Brewster Atwater, Jr., Dennis Weatherstone, Charles E. Exley, Jr., Lloyd C. Elam, and Erskine B. Bowles*

837262v.1

## <u>CERTIFICATE OF SERVICE</u>

I herby certify that the above and foregoing Answer and Jury Demand of Defendants William G. Bowen, William N. Kelley, M.D., Lawrence A. Bossidy, Samuel O. Their, Johnetta B. Cole, Raymond V. Gilmartin, William B. Harrison, Jr., Anne M. Tatlock, Heidi G. Miller, Thomas E. Shenk, William M. Daley, Peter C. Wendell, Wendell P. Weeks, Rochelle Lazarus, H. Brewster Atwater, Jr., Dennis Weatherstone, Charles E. Exley, Jr., Lloyd C. Elam, and Erskine B. have been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 31st day of October, 2006.

> _/s/ Dorothy H. Wimberly_____
> Dorothy H. Wimberly, 18509
> STONE PIGMAN WALTHER
> WITTMANN L.L.C.
> 546 Carondelet Street
> New Orleans, Louisiana 70130
> Phone: 504-581-3200
> Fax:    504-581-3361
> dwimberly@stonepigman.com
>
> Defendants' Liaison Counsel

837262v.1