UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | * MDL No. 1657<br>*<br>* SECTION L<br>*<br>* JUDGE ELDON E. FALLON<br>*<br>* MAGISTRATE JUDGE<br>* DANIEL E. KNOWLES, III<br>*<br>*<br>*<br>* |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Earl Labine v. Merck & Co., Inc.*, No. 06-7049.

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the Plaintiff's Original Complaint ("Complaint") as follows:

### RESPONSE TO COMPLAINT

#### RESPONSE TO "I. THE PARTIES"

1.01    Denies each and every allegation contained in paragraph 1.01 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

1.02    Denies each and every allegation contained in paragraph 1.02 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of

business at One Merck Drive, Whitehouse Station, New Jersey, may be served as allowed by applicable federal and/or state law, which in MDL No. 1657 includes the procedures outlined in Pre-Trial Order No. 15 issued by Judge Fallon on May 31, 2005.   Merck further admits it is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health and that it manufactured, marketed, and distributed the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

### RESPONSE TO
### "II.  JURISDICTION AND VENUE"

2.01   The allegations contained in paragraph 2.01 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in paragraph 2.01 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiff purports to state a claim in excess of $75,000 but denies that there is any legal or factual basis for such relief.

2.02   The allegations contained in paragraph 2.02 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in paragraph 2.02 of the Complaint, except admits that the MDL Court issued Pre-Trial Order No. 11 on May 18, 2005, and respectfully refers the Court to that Order for its actual content and full effect.

2

## RESPONSE TO
## "III. CAPACITY"

3.01    The allegations contained in paragraph 3.01 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 3.01 of the Complaint, including its subparts (1) through (5), except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## RESPONSE TO
## "IV. FACTUAL ALLEGATIONS"

4.01    Denies each and every allegation contained in paragraph 4.01 of the Complaint, except admits that Vioxx, which is the brand name for rofecoxib, is part of a class of drugs known as non-steroidal anti-inflammatory drugs ("NSAIDs") and is a selective COX-2 inhibitor.

4.02    Denies each and every allegation contained in paragraph 4.02 of the Complaint, except admits that Merck submitted a New Drug Application for Vioxx, which is the brand name for rofecoxib, on November 23, 1998.

4.03    Denies each and every allegation contained in paragraph 4.03 of the Complaint, except admits that Merck sought and, in May 1999, received U.S. Food & Drug Administration ("FDA") approval to manufacture and market the prescription medicine Vioxx, which is the brand name for rofecoxib, subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

3

4.04    Denies each and every allegation contained in paragraph 4.04 of the Complaint, except admits that Merck marketed the prescription medication Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

4.05    Denies each and every allegation contained in the first sentence of paragraph 4.05 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck denies each and every allegation contained in the second, third, and fourth sentences of paragraph 4.05 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

4.06    Denies each and every allegation contained in paragraph 4.06 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

4.07    Denies each and every allegation contained in paragraph 4.07 of the Complaint.

4.08    Denies each and every allegation contained in paragraph 4.08 of the Complaint, except admits that Vioxx, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

4.09    Denies each and every allegation contained in paragraph 4.09 of the Complaint and avers that in March 2000 Merck forwarded to the FDA the Vioxx Gastrointestinal

4

Outcomes Research ("VIGOR") study and subsequently, in June 2000, filed a supplemental New Drug Application ("sNDA") that included the VIGOR study. Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.

4.10   Denies each and every allegation contained in paragraph 4.10 of the Complaint.

4.11   Denies each and every allegation contained in paragraph 4.11 of the Complaint, except admits that the referenced publication exists and respectfully refers the Court to this publication for its actual language and full text. Merck further admits that Dr. Claire Bombardier was an author on the referenced publication and a co-chair of the steering committee for Vioxx.

4.12   Denies each and every allegation contained in paragraph 4.12 of the Complaint.

4.13   Denies each and every allegation contained in paragraph 4.13 of the Complaint, except admits that the studies referenced in the first sentence of paragraph 4.13 of the Complaint and the article referenced in the second sentence of paragraph 4.13 of the Complaint exist, and respectfully refers the Court to said publications for their actual language and full text. Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

4.14   Denies each and every allegation contained in paragraph 4.14 of the Complaint, except admits that Merck issued a press release on May 22, 2001 entitled "Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx" and respectfully refers the Court to the referenced press release for its actual language and full text. Merck further admits that in

September 2001 Merck received a letter from the DDMAC, from which Plaintiff purports to quote, and respectfully refers the Court to that letter for its actual language and full text.

4.15    Denies each and every allegation contained in paragraph 4.15 of the Complaint, except admits that Vioxx worldwide sales figures exceeded $ 2 billion in 2000.

4.16    Denies each and every allegation contained in paragraph 4.16 of the Complaint, except admits the existence of the referenced journal and the article contained therein and respectfully refers the Court to the referenced document for its actual language and full text.

4.17    Denies each and every allegation contained in paragraph 4.17 of the Complaint, except admits that the referenced studies exist and respectfully refers the Court to said studies for their actual language and full text.

4.18    Denies each and every allegation contained in paragraph 4.18 of the Complaint, except admits the existence of the referenced article and respectfully refers the Court to the referenced article for its actual language and full text.

4.19    Denies each and every allegation contained in paragraph 4.19 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

4.20    Denies each and every allegation contained in paragraph 4.20 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

4.21    Denies each and every allegation contained in paragraph 4.21 of the Complaint.

4.22    Denies each and every allegation contained in paragraph 4.22 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

4.23    Denies each and every allegation contained in paragraph 4.23 of the Complaint, except admits that the referenced presentation and study exist and respectfully refers the Court to said presentation and study for their actual language and full text.

4.24    Denies each and every allegation contained in paragraph 4.24 of the Complaint, except admits that the referenced press release exists and respectfully refers the Court to said press release for its actual language and full text.

4.25    Denies each and every allegation contained in paragraph 4.25 of the Complaint, except admits that on September 27, 2004, Merck contacted the FDA and advised the FDA that the APPROVe clinical trial had been halted.

4.26    Denies each and every allegation contained in paragraph 4.26 of the Complaint, except admits that that the APPROVe study exists and respectfully refers the Court to said study for its actual language and full text.

4.27    Denies each and every allegation contained in paragraph 4.27 of the Complaint, except admits that that the APPROVe study exists and respectfully refers the Court to said study for its actual language and full text.

4.28    Denies each and every allegation contained in paragraph 4.28 of the Complaint, except admits that on September 28, 2004 Merck informed FDA officials of Merck's decision to voluntarily withdraw Vioxx from the worldwide market.

4.29    Denies each and every allegation contained in paragraph 4.29 of the Complaint, except admits that on September 30, 2004 Merck announced the voluntary

7

worldwide withdrawal of Vioxx and respectfully refers the Court to the referenced announcement for its actual language and full text. Merck further avers that on September 30, 2004, the FDA "acknowledged" Merck's voluntary withdrawal of Vioxx and respectfully refers the Court to the FDA's September 30, 2004 announcement.

4.30    Denies each and every allegation contained in paragraph 4.30 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to the study for its actual language and full text.

4.31    Denies each and every allegation contained in paragraph 4.31 of the Complaint, except admits that the number of Vioxx users in the United States has been estimated at 20 million.

4.32    Denies each and every allegation contained in paragraph 4.32 of the Complaint.

4.33    Denies each and every allegation contained in paragraph 4.33 of the Complaint.

4.34    Denies each and every allegation contained in paragraph 4.34 of the Complaint.

4.35    Denies each and every allegation contained in paragraph 4.35 of the Complaint.

**RESPONSE TO**
**"V.  CLAIMS AGAINST DEFENDANT"**

**RESPONSE TO**
**"A.  NEGLIGENCE"**

5.01    With respect to the allegations contained in paragraph 5.01 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement

8

contained in paragraphs 1.01 through 4.35 of this Answer with the same force and effect as though set forth here in full.

       5.02    Denies each and every allegation contained in the first, second, fourth, and fifth sentences of paragraph 5.02 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text. The allegations contained in the third sentence of paragraph 5.02 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

       5.03    Denies each and every allegation contained in paragraph 5.03 of the Complaint, including its subparts a through j, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

       5.04    Denies each and every allegation contained in paragraph 5.04 of the Complaint.

## RESPONSE TO
## "B. RES IPSA LOQUITOR"

       5.05    With respect to the allegations contained in paragraph 5.05 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1.01 through 5.04 of this Answer with the same force and effect as though set forth here in full.

5.06     The allegations contained in the first sentence of paragraph 5.06 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx. Merck denies each and every allegation contained in the second, fourth, and fifth sentences of paragraph 5.06 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck denies each and every allegation contained in the third sentence of paragraph 5.06 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

### RESPONSE TO
### "C.  STRICT LIABILITY"

5.07     With respect to the allegations contained in paragraph 5.07 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1.01 through 5.06 of this Answer with the same force and effect as though set forth here in full.

5.08     The allegations contained in the first sentence of paragraph 5.08 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of paragraph 5.08 of the Complaint, except admits that Plaintiff purports to seek relief under the "theory of strict products liability" but denies that there is any factual or legal basis for such relief. Merck denies each and every allegation contained in the second, fourth, and fifth sentences of paragraph 5.08 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck denies each and every

allegation contained in the third sentence of paragraph 5.08 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

5.09    Denies each and every allegation contained in paragraph 5.09 of the Complaint.

5.10    Denies each and every allegation contained in paragraph 5.10 of the Complaint.

**RESPONSE TO**
**"D.  BREACH OF EXPRESS WARRANTY"**

5.11    With respect to the allegations contained in paragraph 5.11 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1.01 through 5.10 of this Answer with the same force and effect as though set forth here in full.

5.12    Denies each and every allegation contained in paragraph 5.12 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

5.13    Denies each and every allegation contained in paragraph 5.13 of the Complaint, including its subparts a through e.

5.14    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in paragraph 5.14 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 5.14 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which the FDA approved as safe and effective for certain indicated uses subject to the information contained in the FDA-

11

approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

   5.15 Denies each and every allegation contained in paragraph 5.15 of the Complaint.

**RESPONSE TO**
**"E. BREACH OF WARRANTY - MERCHANTABILITY"**

   5.16 With respect to the allegations contained in paragraph 5.16 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1.01 through 5.15 of this Answer with the same force and effect as though set forth here in full.

   5.17 Denies each and every allegation contained in the first, third, fourth and fifth sentences of paragraph 5.17 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. The allegations contained in the second sentence of paragraph 5.17 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of paragraph 5.17 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

   5.18 Denies each and every allegation contained in paragraph 5.18 of the Complaint.

12

**RESPONSE TO**
**"E.  BREACH OF WARRANTY –**
**FITNESS FOR A PARTICULAR PURPOSE"**

5.19    With respect to the allegations contained in paragraph 5.19 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1.01 through 5.18 of this Answer with the same force and effect as though set forth here in full.

5.20    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in paragraph 5.20 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 5.20 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

5.21    Denies each and every allegation contained in paragraph 5.21 of the Complaint.

**RESPONSE TO**
**"G.  NEGLIGENCE PER SE"**

5.22    With respect to the allegations contained in paragraph 5.22 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1.01 through 5.21 of this Answer with the same force and effect as though set forth here in full.

5.23    Denies each and every allegation contained in paragraph 5.23 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription

13

medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

5.24    Denies each and every allegation contained in the first, second, and third sentences of paragraph 5.24 of the Complaint and avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text. The allegations contained in the fourth sentence of paragraph 5.23 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the fourth sentence of paragraph 5.24 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

5.25    Denies each and every allegation contained in the first, second, and third sentences of paragraph 5.25 of the Complaint and avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text. The allegations contained in the fourth sentence of paragraph 5.25 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the fourth sentence of paragraph 5.25 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

### RESPONSE TO
### "H. FRAUD"

5.26    With respect to the allegations contained in paragraph 5.26 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement

14

contained in paragraphs 1.01 through 5.25 of this Answer with the same force and effect as though set forth here in full.

5.27    Denies each and every allegation contained in paragraph 5.27 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

5.28    Denies each and every allegation contained in the first paragraph 5.28 of the Complaint, including its subparts a through e.

5.29    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Merck in paragraph 5.29 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 5.29 of the Complaint.

5.30    The allegations contained in the first and second sentences of paragraph 5.30 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the first and second sentences of paragraph 5.30 of the Complaint, and further denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.  Merck denies each and every allegation contained in the third sentence of paragraph 5.30 of the Complaint.

5.31    Denies each and every allegation contained in paragraph 5.31 of the Complaint.

**RESPONSE TO**
**"I. EXEMPLARY DAMAGES"**

5.32    With respect to the allegations contained in paragraph 5.32 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement

15

contained in paragraphs 1.01 through 5.31 of this Answer with the same force and effect as though set forth here in full.

5.33    Denies each and every allegation contained in the first and second sentences of paragraph 5.33 of the Complaint. The allegations contained in the third and fourth sentences of paragraph 5.33 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the third and fourth sentences of paragraph 5.33 of the Complaint, except admits that Plaintiff purports to seek exemplary damages but denies that there is any legal or factual basis for such relief.

5.34    Denies each and every allegation contained in paragraph 5.34 of the Complaint.

**RESPONSE TO**
**"VI.  DAMAGES"**

6.01    Denies each and every allegation contained in paragraph 6.01 of the Complaint, including its subparts (1) through (13).

**RESPONSE TO**
**"VII.  DISCOVERY RULE"**

7.01    Denies each and every allegation contained in paragraph 7.01 of the Complaint.

**RESPONSE TO**
**"VIII.  PRAYER FOR RELIEF"**

8.01    The allegations contained in the unnumbered "Wherefore" paragraph under the heading "Prayer for Relief" and the subsequent unnumbered paragraph constitute a prayer for relief as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph

16

under the heading "Prayer for Relief" and the subsequent unnumbered paragraph, except admits

that Plaintiff purports to seek economic and other relief but denies there is any legal or factual

basis for such relief.

**RESPONSE TO**
**"JURY DEMAND"**

9.01    The allegations contained in the unnumbered paragraph under the heading

"Jury Demand" require no responsive pleading.

**AS FOR A FIRST**
**DEFENSE, MERCK ALLEGES:**

10.01   The Complaint fails to state a claim upon which relief can be granted.

**AS FOR A SECOND**
**DEFENSE, MERCK ALLEGES:**

10.02   The Plaintiff was careless and negligent in the matters alleged, thereby

causing and contributing to any alleged injuries, damages or losses to Plaintiff.

**AS FOR A THIRD**
**DEFENSE, MERCK ALLEGES:**

10.03   To the extent that Plaintiff asserts claims against Merck based on theories

of liability not provided for in the state products liability provisions applicable to this action,

those claims are barred.

**AS FOR A FOURTH**
**DEFENSE, MERCK ALLEGES:**

10.04   To the extent that Plaintiff asserts claims based on Merck's alleged

adherence or lack of adherence to and compliance with applicable state and/or federal laws,

regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of

the United States Constitution.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

10.05  The Plaintiff failed to exercise reasonable care to mitigate his alleged damages.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

10.06  Each and every claim asserted or raised in the Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

10.07  To the extent that Plaintiff asserts claims in the Complaint based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

10.08  The claims of the Plaintiff are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

10.09  The claims of the Plaintiff are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

10.10  The claims of the Plaintiff are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

10.11  The claims of the Plaintiff are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

10.12  The product conformed to the state-of-the-art for the design and manufacture of such, or similar, products.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

10.13  The claims of the Plaintiff are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

10.14  If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

10.15  If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real or apparent authority to

take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

10.16  To the extent that Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

10.17  If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiff or natural course of conditions for which this Defendant is not responsible.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

10.18  If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiff or abuse of Vioxx.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

10.19  The claims of Plaintiff are barred in whole or in part by the First Amendment of the Constitution of the United States of America and comparable state law provisions.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

10.20  To the extent that Plaintiff relies upon any theory of breach of warranty, Plaintiff did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

10.21  Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

10.22  Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

10.23  To the extent that Plaintiff seeks punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

10.24  To the extent Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

### AS FOR A TWENTY-FIFTH
### DEFENSE, MERCK ALLEGES:

10.25   The demand for punitive damages by the Plaintiff is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A TWENTY-SIXTH
### DEFENSE, MERCK ALLEGES:

10.26   To the extent that Plaintiff asserts claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to his claims, Plaintiff has failed to allege facts that would overcome the defenses available under that state products liability law.

### AS FOR A TWENTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

10.27   The claims of Plaintiff are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

### AS FOR A TWENTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

10.28   To the extent that Plaintiff asserts claims against Merck based on fraud and/or concealment, these claims are barred by reason of the failure of Plaintiff to allege the circumstances constituting fraud and/or concealment with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

### AS FOR A TWENTY-NINTH
### DEFENSE, MERCK ALLEGES:

10.29   Merck demands a trial by jury of all issues.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

10.30   Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

10.31   Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

10.32   The provisions of California Civil Code Section 1431.2 are applicable to the Complaint and each cause of action therein.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

10.33   Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure Sections 335.1 and 338 and former section 340(3), California Business and Professions Code Section 17208, and California Civil Code Section 1783.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

10.34  The subject pharmaceutical product manufactured or distributed by Merck has at all relevant times been available only upon the prescription of a licensed physician, and Plaintiff's prescribing physicians stood in the position of the learned intermediaries between Merck and Plaintiff.  To the extent that Plaintiff asserts claims based on an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of the subject pharmaceutical product manufactured or distributed by Merck, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physicians, under the learned intermediary doctrine.

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

10.35  Merck alleges that if Plaintiff has sustained injury or loss as alleged in the Complaint, such injury or loss may have been caused by parties other than Merck, or third persons not parties to this action, who may have been negligent, legally responsible, or otherwise at fault.  In the event of a finding of liability in favor of Plaintiff, a settlement, or a judgment against Merck, Merck requests an apportionment of fault among all parties and third persons as permitted by *Li v. Yellow Cab Company*, 532 P.2d 1226 (Cal. 1975), and *America Motorcycle Association v. Superior Court*, 578 P.2d  899 (Cal. 1978).  Merck also requests a judgment and declaration of partial indemnification and contribution against all other parties or third persons in accordance with the apportionment of fault.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

10.36  The Plaintiff's claims are barred in whole or in part by the First Amendment of the United States Constitution and similar provisions in the Constitution of the

State of California which protect, among other things, the Defendant's right to promote and advertise the subject pharmaceutical product.

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

10.37  To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was oppressive, fraudulent, or malicious, under California Civil Code Section 3294, and therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code Section 3294(b).

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

10.38  Plaintiff's claims under Business and Professions Code Sections 17200, et seq. and 17500, et seq. are barred in whole or in part because Merck's conduct and all activities with respect to the subject pharmaceutical product manufactured or distributed by Merck were lawful, fair, truthful, not misleading or deceptive, and were justified based on the state of medical and scientific knowledge available during the relevant time period.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

10.39  Plaintiff's claims under Business and Professions Code Sections 17200, et seq. and 17500, et seq. are barred in whole or in part because all of Merck's activities as alleged in the Complaint were in compliance with the applicable laws, regulations, and rules, and thus cannot be deemed unlawful, unfair, fraudulent, deceptive, untrue, or misleading.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

10.40  Plaintiff's claims under Business and Professions Code Sections 17200, et seq. and 17500, et seq. are barred in whole or in part because Plaintiff does not qualify as a

private attorney general, and for that reason and others, Plaintiff lacks standing to prosecute a claim for injunctive or monetary relief.

## AS FOR A FORTY-FIRST
### DEFENSE, MERCK ALLEGES:

10.41  Plaintiff's claims under Business and Professions Code Sections 17200, et seq. and 17500, et seq. are barred in whole or in part because there is no basis for injunctive relief in this action.

## AS FOR A FORTY-SECOND
### DEFENSE, MERCK ALLEGES:

10.42  Plaintiff's claims under Business and Professions Code Sections 17200, et seq. and 17500 et seq. are barred in whole or in part by the doctrine of primary jurisdiction in that the subject pharmaceutical product manufactured or distributed by Merck and any advertisement regarding such product are regulated by the Food and Drug Administration and as such, Merck requests that this Court, sitting in equity, abstain from hearing claims under Sections 17200 et seq. and 17500 et seq.

## AS FOR A FORTY-THIRD
### DEFENSE, MERCK ALLEGES:

10.43  Plaintiff is not entitled to relief under Business and Professions Code Sections 17200, et seq. and 17500 et seq. because Plaintiff has an adequate remedy at law.

## AS FOR A FORTY-FOURTH
### DEFENSE, MERCK ALLEGES:

10.44  Plaintiff's claims under Business and Professions Code Sections 17200, et seq. and 17500 et seq. are barred in whole or in part under principles of substantive and procedural due process.

## AS FOR A FORTY-FIFTH
## DEFENSE, MERCK ALLEGES:

10.45  Merck pleads all defenses available to it where applicable under the Arkansas Products Liability Act of 1979.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.     That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiff's Complaint with prejudice against Merck with costs assessed to Plaintiff;

2.     Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.     Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated:  October 31, 2006

Respectfully submitted,

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Melissa V. Beaugh, 28250
        Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Facsimile: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 581-3200
Facsimile: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL No. 1657, on this 31 day of October, 2006.

*Melissa V. Beaugh*