**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: VIOXX® | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| **This document relates to:  Helen L. Post** | * | **JUDGE FALLON** |
| **And Robert Post v. Merck & Co., Inc,** | * | |
| 06-8398 | * | **MAG. JUDGE KNOWLES** |
| | * | |
| * * * * * * * * * * * * * * * * * * * | * | **JURY TRIAL DEMANDED** |

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by its undersigned attorney, answers the Complaint in each and every count thereof, separately and severally, as follows:

### RESPONSE TO "PARTIES, JURISDICTION, AND VENUE"

1.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 1 of the Complaint.

2.     Merck denies each and every allegation set forth in paragraph 2 of the Complaint except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, and admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

3.     Merck states that the allegations set forth in paragraph 3 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph, except admits that diversity of citizenship exists, admits that Plaintiffs' claims put more than $75,000.00 in controversy, but there is no legal or factual basis for relief, and admits that Merck is a New Jersey corporation

with its principal place of business in New Jersey.  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph concerning Plaintiffs' citizenship.

4.      Merck states that the allegations set forth in paragraph 4 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and admits that Merck is authorized to do business in Oklahoma.

## RESPONSE TO "FACTUAL ALLEGATIONS REGARDING PLAINTIFF HELEN L. POST'S CLINICAL USE OF VIOXX, HER INJURIES, AND HER DAMAGES"

5.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 5 of the Complaint.

6.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 6 of the Complaint.

7.      Merck denies each and every allegation set forth in paragraph 7 of the Complaint.

8.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 8 of the Complaint.

9.      Merck denies each and every allegation set forth in paragraph 9 of the Complaint, including subparts A through F, except admits that Plaintiff purports to state a claim for damages, but there is no legal of factual basis for the relief sought.

**RESPONSE TO "FACTUAL ALLEGATIONS REGARDING PLAINTIFF ROBERT POST'S LOSS OF CONSORTIUM"**

10.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first and second sentence of paragraph 10 of the Complaint.  Merck denies each and every allegation set forth in the third sentence of said paragraph, except admits that Plaintiff Robert Post purports to state a claim for loss of spousal consortium, but denies that there is any legal or factual basis for the relief sought.

**RESPONSE TO "FACTUAL ALLEGATIONS REGARDING NATURE, DESIGN, TESTING, MANUFACTURE, MARKETING, PROMOTION, DISTRIBUTION, DELIVERY, AND SALE OF VIOXX"**

11.     Merck denies each and every allegation set forth in paragraph 11 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, admits that Vioxx is the brand name for rofecoxib, and admits that Merck is authorized to do business in Oklahoma.

12.     Merck denies each and every allegation set forth in paragraph 12 of the Petition except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx in a manner consistent with the information contained in the relevant FDA-approved prescribing information for Vioxx and, until the voluntary withdrawal of Vioxx from the worldwide market on September 30, 2004, did market Vioxx for the indicated uses set out in the relevant FDA-approved prescribing information, and admits that Merck is authorized to do business in Oklahoma.

13.     Merck denies each and every allegation set forth in paragraph 13 of the Complaint except admits that Merck sought and, in 1999, received FDA approval to manufacture and market the prescription medicine Vioxx.

14.     Merck denies each and every allegation set forth in paragraph 13 of the Complaint, except admits that, until Merck announced the voluntary withdrawal of Vioxx on September 30, 2004, it marketed and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information in the FDA-approved prescribing information.

15.     Merck denies each and every allegation set forth in paragraph 15 of the Petition except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

16.     Merck denies each and every allegation set forth in paragraph 16 of the Petition except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

17.     Merck denies each and every allegation set forth in paragraph 17 of the Complaint except admits that the studies referenced in sentence one of paragraph 17 and the article referenced in sentence two of paragraph 16 exist, and respectfully refers the Court to said publications for their actual language and full text.  Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

18.     Merck denies each and every allegation set forth in paragraph 18 of the Complaint, except admits that worldwide Vioxx sales figures exceeded $2 billion in the year 2000.

19.     Merck denies each and every allegation set forth in paragraph 19 of the Complaint except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

20.     Merck denies each and every allegation set forth in paragraph 20 of the Complaint except admits that the referenced publication and the article contained therein exist and that Plaintiff purports to quote from the same and respectfully refers the Court to the referenced document for its actual language and full text.

21.     Merck denies each and every allegation set forth in paragraph 21 of the Complaint except admits that the referenced journal and article exist and respectfully refers the Court to said article for its actual language and full context.

22.     Merck denies each and every allegation set forth in paragraph 22 of the Complaint except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

23.     Merck denies each and every allegation set forth in paragraph 23 of the Complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

24.     Merck denies each and every allegation set forth in paragraph 24 of the Complaint except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the relevant prescribing information for Vioxx for its actual language and full text.

25.     Merck denies each and every allegation set forth in paragraph 25 of the Complaint except admits that on September 30, 2004, Merck announced that in a prospective, randomized, placebo controlled clinical trial there was an increased relative risk for confirmed cardiovascular

events beginning after 18 months of treatment in patients taking Vioxx compared with those taking placebo and that, given the availability of alternative therapies and questions raided by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interest of patients.

26.     Merck denies each and every allegation set forth in paragraph 26 of the Complaint, except admits that, in 1999 Merck received FDA approval to market the prescription medicine Vioxx, and until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, Merck marketed and distributed the prescription medicine Vioxx, which was approved by the FDA in 1999 as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information.

27.     Merck denies each and every allegation set forth in paragraph 27 of the Complaint, except admits that Merck marketed the prescription medication Vioxx.

28.     Merck denies each and every allegation set forth in paragraph 28 of the Complaint.

29.     Merck denies each and every allegation set forth in paragraph 29 of the Complaint.

30.     Merck denies each and every allegation set forth in paragraph 30 of the Complaint.

31.     Merck denies each and every allegation set forth in paragraph 31 of the Complaint.

32.     Merck denies each and every allegation set forth in paragraph 32 of the Complaint.

33.     Merck denies each and every allegation set forth in paragraph 33 of the Complaint, except admits that Plaintiff purports to seek punitive damages, but there is no legal or factual basis for the relief sought.

### RESPONSE TO "COUNT ONE:  COMMON LAW NEGLIGENCE"

34.     With respect to the allegations set forth in paragraph 34 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 33 of this Answer with the same force and effect as though set forth here in full.

35.     Merck denies each and every allegation set forth in paragraph 35 of the Complaint.

36.     The allegations set forth in paragraph 36 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty or standard of care in connection with Vioxx and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

37.     Merck denies each and every allegation set forth in paragraph 37 of the Complaint, including subparts A through I.

38.     Merck denies each and every allegation set forth in paragraph 38 of the Complaint, except admits that Merck manufactured, marketed and distributed Vioxx.

39.     Merck denies each and every allegation set forth in paragraph 39 of the Complaint, except admits that Plaintiff Helen L. Post purports to seek damages for bodily injuries, but there is no legal or factual basis for the relief sought.

## RESPONSE TO "COUNT TWO:  NEGLIGENCE PER SE"

40.     With respect to the allegations set forth in paragraph 40 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 39 of this Answer with the same force and effect as though set forth here in full.

41.     Merck denies each and every allegation set forth in paragraph 41 of the Complaint.

42.     Merck denies each and every allegation set forth in paragraph 42 of the Complaint, except admits that Plaintiff Helen L. Post purports to seek damages for bodily injuries, but there is no legal or factual basis for the relief sought.

## RESPONSE TO "COUNT THREE:  STRICT LIABILITY (DEFECTIVE DESIGN)"

43.     With respect to the allegations set forth in paragraph 43 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 42 of this Answer with the same force and effect as though set forth here in full.

44.     Merck denies each and every allegation set forth in paragraph 44 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

45.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 45 of the Complaint.

46.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 46 of the Complaint.

47.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that are not directed at Merck in paragraph 47 of the Complaint.  Merck denies each and every allegation that is directed at Merck in said paragraph.

48.     Merck denies each and every allegation set forth in the first sentence of paragraph 48 of the Complaint.  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the second sentence of said paragraph.  Merck denies each and every allegation set forth in the third sentence of said paragraph.

49.     Merck denies each and every allegation set forth in paragraph 49 of the Complaint.

50.     Merck denies each and every allegation set forth in paragraph 50 of the Complaint.

51.     Merck denies each and every allegation set forth in paragraph 51 of the Complaint.

52.     Merck denies each and every allegation set forth in paragraph 52 of the Complaint.

53.     Merck denies each and every allegation set forth in paragraph 53 of the Complaint.

54.     Merck denies each and every allegation set forth in paragraph 54 of the Complaint, except admits that Plaintiff Helen L. Post purports to seek damages for bodily injuries, but there is no legal or factual basis for the relief sought.

### RESPOONSE TO "COUNT FOUR:  STRICT LIABLITY (FAILURE TO WARN)"

55.     With respect to the allegations set forth in paragraph 55 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in

paragraphs 1 through 54 of this Answer with the same force and effect as though set forth here in full.

56.     Merck denies each and every allegation set forth in paragraph 56 of the Complaint, except admits that Merck manufactured and distributed Vioxx.

57.     Merck denies each and every allegation set forth in paragraph 57 of the Complaint, except admits that Merck manufactured and distributed Vioxx.

58.     Merck denies each and every allegation set forth in paragraph 58 of the Complaint, except admits that Plaintiff Helen L. Post purports to seek damages for bodily injuries, but there is no legal or factual basis for the relief sought.

## RESPONSE TO "COUNT FIVE:  NEGLIGENT FAILURE TO WARN"

59.     With respect to the allegations set forth in paragraph 59 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 58 of this Answer with the same force and effect as though set forth here in full.

60.     Merck denies each and every allegation set forth in paragraph 60 of the Complaint.

61.     Merck denies each and every allegation set forth in paragraph 61 of the Complaint.

62.     Merck denies each and every allegation set forth in paragraph 62 of the Complaint, except admits that Plaintiff Helen L. Post purports to seek damages for bodily injuries, but there is no legal or factual basis for the relief sought.

## RESPONSE TO "COUNT SIX:  MISREPRESENTATION AND SUPPRESSION OF MEDICAL EVIDENCE"

63.     With respect to the allegations set forth in paragraph 63 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 62 of this Answer with the same force and effect as though set forth here in full.

64.     Merck denies each and every allegation set forth in paragraph 64 of the Complaint.

65.     Merck denies each and every allegation set forth in paragraph 65 of the Complaint.

66.     Merck denies each and every allegation set forth in paragraph 66 of the Complaint, including subparts A through D.

67.     Merck denies each and every allegation set forth in paragraph 67 of the Complaint.

68.     Merck denies each and every allegation set forth in paragraph 68 of the Complaint.

69.     Merck denies each and every allegation set forth in paragraph 69 of the Complaint.

70.     The allegations set forth in paragraph 70 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty or standard of care in connection with Vioxx and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

71.     Merck denies each and every allegation set forth in paragraph 71 of the Complaint.

72.     Merck denies each and every allegation set forth in paragraph 72 of the Complaint, except admits that Plaintiff Helen L. Post purports to seek damages for bodily injuries, but there is no legal or factual basis for the relief sought.

### RESPONSE TO "COUNT SEVEN:  BREACH OF WARRANTY"

73.     With respect to the allegations set forth in paragraph 73 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 72 of this Answer with the same force and effect as though set forth here in full.

74.     The allegations set forth in paragraph 74 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph, except admits that Merck manufactured, marketed and distributed prescription medicine Vioxx and avers that Merck marketed the prescription medicine Vioxx in a manner consistent with its FDA-approved prescribing information.

75.     Merck denies each and every allegation set forth in paragraph 75 of the Complaint.

76.     Merck denies each and every allegation set forth in paragraph 76 of the Compliant.

77.     Merck denies each and every allegation set forth in paragraph 77 of the Complaint.

78.     Merck denies each and every allegation set forth in paragraph 78 of the Complaint, except admits that Plaintiff Helen L. Post purports to seek damages for bodily injuries, but there is no legal or factual basis for the relief sought.

**RESPONSE TO "COUNT EIGHT:  BREACH OF EXPRESS WARRANTY"**

79.     With respect to the allegations set forth in paragraph 79 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 78 of this Answer with the same force and effect as though set forth here in full.

80.     Merck denies each and every allegation set forth in paragraph 80 of the Complaint and avers that Merck marketed the prescription medicine Vioxx in a manner consistent with its FDA-approved prescribing information.

81.     Merck denies each and every allegation set forth in paragraph 81 of the Complaint.

82.     Merck denies each and every allegation set forth in paragraph 82 of the Complaint, except admits that Plaintiff Helen J. Post purports to seek damages for bodily injuries, but there is no legal or factual basis for the relief sought.

**RESPONSE TO "COUNT NINE:  FRAUD"**

83.     With respect to the allegations set forth in paragraph 83 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 82 of this Answer with the same force and effect as though set forth here in full.

84.      Merck denies each and every allegation set forth in paragraph 84 of the Complaint.

85.     Merck denies each and every allegation set forth in paragraph 85 of the Complaint

86.     Merck denies each and every allegation set forth in paragraph 86 of the Complaint.

**RESPONSE TO "COUNT TEN:  UNJUST ENRICHMENT"**

87.     With respect to the allegations set forth in paragraph 87 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 86 of this Answer with the same force and effect as though set forth here in full.

88.     Merck denies each and every allegation set forth in paragraph 88 of the Complaint.

89.     Merck denies each and every allegation set forth in paragraph 89 of the Compliant.

**RESPONSE TO "PLAINTIFFS' PRAYER FOR RELIEF"**

90.     Merck denies that Plaintiff Helen J. Post is entitled to any of the relief requested in her prayer for relief, including subparts A through I.

91.     Merck denies that Plaintiff Robert Post is entitled to any of the relief requested in his prayer for relief, including subparts A through H.[1]

**RESPONSE TO "JURY DEMAND"**

92.     Merck admits that Plaintiffs are entitled to a trial by jury.

**ADDITIONAL DEFENSES**

93.     Plaintiffs have failed to state a claim upon which relief can be granted.

94.     Plaintiffs have not suffered the damages alleged in their Petition.

95.     Plaintiffs are not entitled to relief under any of their claims.

96.     Plaintiffs are not entitled to punitive damages under 23 Okla. Stat. § 9.1.

97.     Plaintiffs are not entitled to interest, costs or attorneys' fees.

---

[1] Plaintiff Robert Post's prayer for relief includes subparts A, B, C and H.

98.     Each and every claim asserted or raised in the Petition is barred by the applicable statute of limitations or statute of repose and is otherwise untimely.

99.     Plaintiffs' claims are barred in whole or in part because Plaintiffs have failed to mitigate their alleged damages.

100.     Each and every claim asserted or raised in the Petition is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

101.     Plaintiffs' claim for strict liability is barred on the grounds that such claims are not cognizable against Merck.

102.     Merck specifically denies that there was a defect in any product when it left the control and possession of Merck.

103.     Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

104.     Plaintiffs' claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

105.     To the extent that Plaintiffs asserts claims based upon an alleged failure to warn Plaintiffs, or either of them, directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

106.     To the extent there were any risks associated with the use of the product which is the subject matter of this action which Merck knew or should have known and which gave rise to a duty to warn, any such duty was at all times discharged through appropriate and adequate warnings in accordance with federal and state law.

107.    Any warnings given by Merck were transmitted to the prescribing physicians and/or healthcare providers and, pursuant to the learned intermediary doctrine, Merck's only obligation is to warn the prescribing physician and/or healthcare providers and said obligation was fulfilled.

108.    To the extent that Plaintiffs assert claims based on adherence to and compliance with applicable federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

109.    Merck specifically denies that it breached any duty to Plaintiffs.

110.    If Plaintiffs have sustained injuries or losses as alleged in the Petition, such injuries or losses were caused in whole or in part by the contributory negligence of Plaintiffs, or either of them, and/or the negligence of third parties over whom Merck had no control.

111.    Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence.

112.    If Plaintiffs have sustained injuries or losses as alleged in the Petition, such injuries or losses were only so sustained after Plaintiff Helen L. Post knowingly, voluntarily, and willfully assumed the risk of a known danger as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

113.    If Plaintiffs have sustained injuries or losses as alleged in the Petition, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

114.   If Plaintifsf have sustained injuries or losses as alleged in the Petition, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening and supervening cause or causes.

115.   If Plaintiffs have sustained injuries or losses as alleged in the Petition, upon information and belief, such injuries and losses were proximately and/or solely caused by Plaintiff Helen L. Post's misuse, abnormal use or abuse of Vioxx.

116.   If Plaintiffs have sustained injuries or losses as alleged in the Petition, such injuries or losses resulted from Plaintiff Helen L. Post's pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases, or illnesses, idiosyncratic reaction, subsequent medical conditions or natural courses of conditions for which Merck is not responsible.

117.   The claims of the Plaintiffs are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

118.   Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

119.   Plaintiffs' claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other Merck drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

120.   Plaintiffs' claims are barred under Section 4, et seq., of the Restatement (Third) of Torts:  Product Liability.

121.   Plaintiffs' claims are barred in whole or in part by the First Amendment.

122.    In the event the Plaintiffs have suffered any damages, injuries, or losses, which is denied, there is no causal relationship between any actions on the part of Merck and the Plaintiffs' alleged damages, injuries, and/or losses.

123.    Plaintiffs' claims are barred, in whole or in part, under applicable law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

124.    If Plaintiffs have sustained injuries or losses as alleged in the Petition, such injuries or losses were not directly caused by any alleged defect in the product which is the subject matter of the Petition.

125.    There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

126.    Venue in this case is improper.

127.    The claims of Plaintiffs may be barred, in whole or in part, from recovery because, in this or other courts, he has brought actions and have received judgments on parts of some or all claims asserted herein.

128.    The claims of Plaintiffs may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

129.    The claims of Plaintiffs may be barred, in whole and in part, by the doctrine of laches.

130.    The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

131.    The claims of Plaintiffs may be barred, in whole or in part, by the governing state laws.

132.    Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

133.    Merck reserves its right to dismiss the Petition and seek further relief for Plaintiffs' failure to provide it with due process of law.

134.    Plaintiffs' demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

135.    To the extent that Plaintiffs seek punitive damages for the conduct that allegedly caused damages asserted in the Petition, such an award would also, if granted, violate Merck's state and federal constitutional rights.

136.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

137.    The conduct and activities of Merck with respect to Vioxx did not involve any act, use or employment by any person of any deception, deceptive act or practice, fraud, false pretense, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of Vioxx.

138.    Merck's advertisements and labeling with respect to the product which is the subject matter of the Petition were not false or misleading and, therefore, constitute protected commercial speech.

139.    The public interest and benefit and the availability of such product which is the subject matter of the Petition preclude liability for risks, if any, resulting from such activities, which were unavoidable given the state of human knowledge at the time those activities were undertaken.  With respect to Plaintiffs' claims, if it is determined there is a risk inherent in the product, then such risk, if any, is outweighed by the benefits of the product.

140.    At all times relevant herein, any product which is the subject matter of the Petition processed and distributed by Merck in the State of Oklahoma or the United States was processed and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further was processed and distributed in accordance with and pursuant to all applicable regulations of the U.S. Food and Drug Administration.

141.    Plaintiffs' claim of fraud is barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity.

142.    With respect to each and every purported cause of action, the acts of Merck were at all times done in good faith and without malice, evidenced by, among other things, Merck's immediate withdrawal from the market of the product which is the subject matter of this action.

143.    Plaintiffs' claims are barred, in whole or in part, because plaintiffs lack capacity and/or standing to bring such claims.

144.    To the extent that Plaintiffs rely upon any theory of breach of warranty, express or implied, such claims are also barred for lack of timely notice of breach, lack of privity and because the alleged warranties were disclaimed.

145.    Merck specifically denies that it breached any warranty to Plaintiffs.

146.    Plaintiffs' claims for negligence per se are barred on the grounds that such claims are not cognizable against Merck in this action.

147.   Plaintiffs' claims for negligence per se are also barred because: 1) Plaintiffs in this action are not within the class of persons the statutes referenced in the Petition were enacted to protect; 2) the injuries complained of by Plaintiffs are not the type contemplated by the statutes referenced in the Petition; 3) defendant did not violate any of the statutes referenced in the Petition; 4) no action or omission on defendant's part proximately caused a violation of any of the statutes referenced in the Petition.

148.   The claims of the Plaintiffs may be barred, in whole or in part, from recovery because they, or either of them, has made statements or taken actions that preclude them from asserting claims or constitute a waiver of their claims.

149.   The claims of the Plaintiffs may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

150.   Inasmuch as the Petition does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of this answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

151.   To the extent Plaintiffs, or either of them, have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Petition, Merck's liability, if any, should be reduced accordingly.

152.   To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Petition, such benefits are not recoverable in this action.

153.    Merck incorporates any applicable affirmative defense or other defense that may be asserted by any other defendant named in and/or that may be added to this action and any other defendant in any action that may be consolidated with this action for purposes of pretrial and/or trial.

154.    Merck will rely on all defenses that are included in the master answer filed or to be filed in the multidistrict litigation proceeding before Judge Fallon of the Eastern District of Louisiana or that may become available during discovery or trial.

WHEREFORE, having fully answered, Defendant Merck & Co., Inc. prays that Plaintiffs take nothing by way of their Petition and that Merck be granted its costs, including reasonable attorneys' fees, and all other relief this Court deems just and equitable.

## **JURY DEMAND**

Merck demands a trial by jury as to all issues so triable.

<u>s/ Dorothy H. Wimberly</u>
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, LA  70130
Telephone:     (504) 581-3200
Facsimile:     (504) 581-3361

Defendants' Liaison Counsel

John A. Kenney, OBA #4976
Sheryl N. Young, OBA #14183
Brandon L. Buchanan, OBA #18661
McAfee & Taft A Professional Corporation
10th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK  73102
Telephone:     (405) 235-9621
Facsimile:     (405) 235-0439

Counsel for Merck & Co., Inc.

## Certificate of Service

I hereby certify that the above and foregoing Amended Answer has been served on Liason Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 31 day of October, 2006.

         ___ s/ Dorothy H. Wimberly___
         Phillip A. Wittmann, 13625
         Dorothy H. Wimberly, 18509
         Carmelite M. Bertaut, 3054
         Stone Pigman Walther Wittmann L.L.C.
         546 Carondelet Street
         New Orleans, LA  70130
         Telephone:   (504) 581-3200
         Facsimile:   (504) 581-3361

         Defendants' Liaison Counsel