UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 05-2524 | * | |
| | * | MAGISTRATE |
| ANTHONY WAYNE DEDRICK, | * | JUDGE KNOWLES |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF OMNIBUS MOTION OF MERCK & CO., INC. ("MERCK") FOR ORDER EXCLUDING EVIDENCE AND TESTIMONY ADDRESSED IN MOTIONS PREVIOUSLY GRANTED BY THE COURT**

**(MOTION *IN LIMINE* NO. 2)**

Merck moves to exclude evidence and testimony that the Court has excluded in previous Vioxx® trials. Specifically, Merck moves to exclude: (i) communications between Merck and the Food and Drug Administration ("FDA") in 2005 about the potential reintroduction of Vioxx to the market and/or any proposed black box warning; (ii) the Fries Letter and related evidence; and (iii) evidence relating to the assets and profitability of Merck or to the compensation and financial decisions of its employees. The Court has excluded this evidence in the past and should do so again, for the reasons stated below and in Merck's prior briefing.

I.  PRIOR RULINGS.

The Court's prior rulings on each of these issues – citations to which are provided in the body of this brief – are as follows:

| Issue | *Plunkett* Ruling | *Barnett* Ruling | *Smith* Ruling | *Mason* Ruling |
|---|---|---|---|---|
| Communications Between Merck and the FDA in 2005 and/or Any Proposed Black Box Warning | N/A | N/A | GRANTED<br><br>The Court excluded the evidence under Rules 403 and 407. | GRANTED<br><br>The Court excluded the evidence under Rules 403 and 407 but stated that it "might revisit if the issue of ability to reintroduce w/ black box comes up." |
| The Fries Letter and Related Evidence | RESERVED RULING; LATER EXCLUDED<br><br>Although the Court reserved ruling on Merck's motion *in limine*, it later excluded the Fries Letter from evidence. | GRANTED<br><br>The Court granted Merck's motion *in limine*, explaining that the Fries Letter "contains hearsay and hearsay within hearsay." | RESERVED RULING; LATER EXCLUDED<br><br>The Court reserved ruling at the pre-trial briefing stage, but again excluded the Fries Letter from evidence at trial. | GRANTED IN PART<br><br>The Court excluded the Letter but stated that "some related evidence may be admissible to show action or habit." |
| Evidence Relating to the Assets and Profitability of Merck or to the Compensation and Financial Decisions of its Employees | GRANTED<br><br>The Court granted this motion in *Plunkett I* and excluded evidence of motive at trial. It adopted its prior ruling in *Plunkett II*. | RESERVED RULING; NEVER OFFERED IN COMPENSATORY PHASE<br><br>In reserving ruling, the Court reasoned: "It may be relevant to explain Merck's actions or inactions. May also be relevant under cross if other motives are suggested." The evidence was not offered in the compensatory phase. The Court admitted some evidence in the punitive phase. | RESERVED RULING<br><br>At trial, Merck did not object to, and the Court admitted, operating plans and testimony about profit forecasts. | RESERVED RULING<br><br>The Court reserved ruling, stating that it "may be admissible to show motive." |

2

II. **THE COURT SHOULD AGAIN EXCLUDE THE EVIDENCE AT ISSUE IN THIS MOTION.**

The evidence covered by this motion has been excluded – whether at the pre-trial stage or at trial – in MDL cases that have been tried to date. For the reasons articulated by Merck in its prior briefing and summarized briefly below, the Court should again exclude the evidence here.

    A. **The Court Should Exclude Evidence Of Communications Between Merck And The FDA In 2005 About The Potential Reintroduction Of Vioxx To The Market And/Or Any Proposed Black Box Warning.**

*Merck's Position*: Merck requests an order excluding communications between Merck and the FDA in 2005 about the potential reintroduction of Vioxx to the market and/or any proposed black box warning. In particular, Merck seeks to exclude a "Type 'A' Meeting Background Package" that Merck prepared in early 2005 and presented to the FDA as a platform for discussing the potential reintroduction of Vioxx to the United States market (Pl.'s Exs. 1.1031, 1.1220) and FDA Meeting Minutes that reflect the discussions between Merck and the FDA about the possibility of reintroducing Vioxx to the market (Pl.'s Ex. 1.1219).

This evidence is inadmissible on at least three separate grounds. First, Merck's subsequent remedial measures do not constitute admissions and, under Rule of Evidence 407, cannot be used to prove negligence, culpable conduct, or that Vioxx should have contained a different warning. Second, none of this information was available during the time period relevant to plaintiff's case, so it cannot possibly prove Merck's knowledge at the time of plaintiff's injury. Finally, Merck's 2005 proposed black box warning does not prove that Merck could have unilaterally added such a warning to the Vioxx labeling prior to plaintiff's July 2003 injury. Because only the FDA can decide that a black box warning is appropriate, plaintiff should not be allowed to argue to the jury, in error, that Merck could have done something prohibited by FDA regulations.

3

***Prior Rulings***:  The Court granted this motion *in limine* in *Mason v. Merck* and *Smith v. Merck* and excluded the evidence under Rules 403 and 407.  In *Mason*, the Court stated that it might revisit the issue "if the issue of ability to reintroduce w/ black box comes up." (Oct. 13, 2006 Order re Defendant's Motions *in Limine* at 2 (Record Docket No. 7993-3); *see also* Aug. 31, 2006 Order re Motions *in Limine* at 11.)  The motion was not filed in *Plunkett v. Merck* or *Barnett v. Merck*.

Merck respectfully requests that the Court follow its *Mason* and *Smith* rulings excluding communications between Merck and the FDA in 2005 about the potential reintroduction of Vioxx to the market and/or any proposed black box warning.

***Prior Briefing***:  Merck hereby incorporates by reference its prior motions *in limine* on this issue as if fully set forth herein.  (*See* Motion to Exclude Communications Between Merck and the FDA in 2005 About the Potential Reintroduction of Vioxx to the Market and/or Any Proposed Black Box Warning (Motion *in Limine* No. 1), filed in *Smith v. Merck* on August 7, 2006 (Record Docket No. 6119); Omnibus Motion For Order Excluding Evidence and Testimony Addressed in Motions Previously Granted by the Court (Motion *in Limine* No. 6), filed in *Mason v. Merck* on September 27, 2006 (Record Docket No. 7458).)

### B.  The Court Should Exclude The Fries Letter And Related Evidence.

***Merck's Position***:  Merck seeks an order excluding evidence of or argument about the Fries Letter (Pl.'s Ex. 1.0176), which relates hearsay, irrelevant, and prejudicial charges that Merck employees "attacked" certain members of the scientific community.  These allegations have no conceivable relevance or connection to Mr. Dedrick or his prescribers.  As the Court has recognized on previous occasions, the Fries Letter contains hearsay and hearsay within hearsay. It has no probative value, and admitting it would unduly prejudice Merck and lead to juror

4

confusion and delay. The letter and any related evidence, including but not limited to Plaintiff's Exhibits 1.0299 and 1.1108, are inadmissible.

***Prior Rulings*****:** The Court granted this motion *in limine* in *Barnett v. Merck* and excluded the Fries Letter from evidence. (*See* June 28, 2006 Order re Merck's Motions *in Limine* at 9 ("This is a 4-page letter. It is a bit rambling. It contains hearsay and hearsay within hearsay.").)

In *Plunkett v. Merck*, where the letter was addressed as part of a broader motion on evidence with no nexus to the case, the Court reserved ruling at the pre-trial stage but later excluded the document from evidence. (*See* Nov. 20, 2005 Order re Merck's Motions *in Limine* at 2; Feb. 3, 2006 Order re Merck's Previously Filed Motions *in Limine* at 2.) The Court again reserved ruling on the motion in *Smith v. Merck* and excluded the document from evidence at trial. (*See* Aug. 31, 2006 Order re Merck's Previously Filed Motions *in Limine* at 13.) In *Mason v. Merck*, the Court again excluded the letter but stated that "some related evidence may be admissible to show action or habit." (Oct. 13, 2006 Order re Defendant's Motions *in Limine* at 3 (Record Docket No. 7993-3).

Merck respectfully requests that the Court follow its *Plunkett*, *Barnett*, *Smith,* and *Mason* rulings excluding the Fries Letter. Merck further requests that the Court exclude any related evidence as well.

**ced***Prior Briefing*****:** Merck hereby incorporates by reference its prior motions *in limine* on this issue as if fully set forth herein. (*See* Motion to Exclude Evidence or Argument Pertaining to Conduct with No Nexus to Issues Being Tried in This Case (Motion *in Limine* No. 3), filed in *Plunkett v. Merck* on Nov. 4, 2005 and Jan. 30, 2006 (Record Docket Nos. 1268 and 3025); Motion for Order Excluding the Fries Letter (Motion *in Limine* No. 3), filed in *Barnett v. Merck* on June 16, 2006 (Record Docket No. 5309); Omnibus Motion to Exclude Evidence and

5

Testimony on Issues Previously Addressed by the Court, filed in *Smith v. Merck* on August 7, 2006 (Record Docket No. 6125); and Omnibus Motion For Order Excluding Evidence and Testimony Addressed in Motions Previously Granted by the Court (Motion *in Limine* No. 6), filed in *Mason v. Merck* on September 27, 2006 (Record Docket No. 7458.)

      **C.**    **The Court Should Exclude Evidence Relating To The Assets And Profitability Of Merck Or To The Compensation And Financial Decisions Of Its Employees.**

*Merck's Position*: Finally, Merck requests an order excluding evidence relating to the assets and profitability of Merck or to the compensation and financial decisions of its employees. In particular, Merck seeks to exclude the following documents from the compensatory phase of this trial: (1) Pl.'s Ex. P1.1135, Merck's July 2001 Long-Range Operating Plan; and (2) Pl.'s Ex. P1.0166, Merck's July 2002 Long-Range Operating Plan; and similar documents containing Merck's projections or financial data. In *Plunkett*, this Court determined that "evidence of motive and evidence relating to the assets and profitability of Merck or to the compensation and financial decisions of its employees" *may* be relevant *if* punitive damages become an issue or "may also have . . . some relevance in cross-exam if defendant's witnesses introduce good motive in some fashion." (Nov. 20, 2005 Order re Merck's Motions *in Limine* at 2 (emphasis added).) Otherwise, the Court held that such evidence is irrelevant. Merck respectfully requests that the Court exclude these exhibits from the compensatory phase of this trial pursuant to Rule 403.

Evidence of Merck's financial condition is prejudicial because any minimal relevance it may have is far outweighed by the likelihood of the jury's being misled and induced to make a decision for improper reasons, such as antipathy to large corporations and their officers. *See United States v. Simkanin*, 420 F.3d 397, 412 (5th Cir. 2005) (evidence should be excluded when it would have a "tendency to confuse the jury"), *cert. denied*, 126 S. Ct. 1911 (2006). The jury

6

will know that Merck profited from Vioxx sales and that Merck employees were paid to do their jobs. Introducing evidence to show how much they were paid or how much profit Vioxx might have made for Merck is unnecessary, prejudicial, and improper. The jury does not need to know how much money Merck employees earned in order to evaluate their credibility.

***Prior Rulings***: In *Plunkett v. Merck*, the Court granted Merck's motion to exclude evidence of motive and assets, but noted that such evidence might be relevant at a possible punitive damages phase of trial. (Nov. 20, 2005 Order re Merck's Motions *in Limine* at 2.) At trial, the Court sustained Merck's objection to evidence of executive compensation and stock options. (Nov. 30, 2005 *Plunkett v. Merck* Tr. at 429:1-430:25.)

The Court reserved ruling on this issue in *Barnett v. Merck*, holding that evidence of motive "may be relevant to explain Merck's actions or inactions" or "under cross if other motives are suggested." (June 28, 2006 Order re Motions *in Limine* at 9.) The Court admitted some evidence in the punitive phase. In *Smith v. Merck*, the Court again reserved ruling, explaining that the evidence at issue might be admissible to show motive. (Aug. 31, 2006 *Smith v. Merck* Tr. at 21:6-12; Aug. 31, 2006 Order re Motions *in Limine* at 12.) At trial, the only objection Merck raised to the admission of its 2001 and 2002 long-range operating plans was on foundation grounds. (Sept. 21, 2006 *Smith v. Merck* Tr. at 2335:10-24 (admitting Pl.'s Ex. P1.0166 and P7.0200). Merck did not object to, and the Court admitted, testimony about differences in predicted profits under differing labeling scenarios. (*See, e.g.*, *id*. at 2333:2-2336:23.) In *Mason*, the Court reserved ruling, stating that the evidence "may be admissible to show motive." (Oct. 13, 2006 Order re Defendant's Motions *in Limine* at 3 (Record Docket No. 7993-3)).

Merck respectfully requests that the Court exclude evidence relating to Merck's wealth, profitability, assets, income, or net worth, as well as the compensation, stock holdings, or stock options of its officers and employees.

***Prior Briefing***:  Merck hereby incorporates by reference its prior motions *in limine* on this issue as if fully set forth herein.  (*See* Motion to Exclude (1) Evidence of Motive and (2) Evidence Relating to Assets and Profitability of Merck or to the Compensation and Financial Decisions of Its Employees (Motion *in Limine* No. 2), filed in *Plunkett v. Merck* on Nov. 4, 2005 and Jan. 30, 2006 (Record Docket Nos. 1267 and 3024); Motion to Exclude (1) Evidence of Motive and (2) Evidence Relating to Assets and Profitability of Merck or to the Compensation and Financial Decisions of Its Employees (Motion *in Limine* No. 1), filed in *Barnett v. Merck* on June 16, 2006 (Record Docket No. 5309); Motion to Exclude (1) Evidence Of Motive And (2) Evidence Relating to the Assets and Profitability of Merck or to the Compensation and Financial Decisions of its Employees (Motion *in Limine* No. 5), filed in *Smith v. Merck* on August 7, 2006 (Record Docket No. 6124); Omnibus Motion For Order Excluding Evidence and Testimony Addressed in Motions Previously Granted by the Court (Motion *in Limine* No. 6), filed in *Mason v. Merck* on September 27, 2006 (Record Docket No. 7458); and Reply in Support of Omnibus Motion For Order Excluding Evidence and Testimony Addressed in Motions Previously Granted by the Court (Motion *in Limine* No. 6), filed in *Mason v. Merck* on October 10, 2006 (Record Docket No. 7869.)

### III.  CONCLUSION.

For the reasons stated above and in Merck's prior briefing, Merck respectfully requests that the Court exclude: (i) communications between Merck and the FDA in 2005 and/or any proposed black box warning; (ii) the Fries Letter and related evidence; and (iii) evidence relating

8

to the assets and profitability of Merck or to the compensation and financial decisions of its employees.

Dated:  October 31, 2006

Respectfully submitted,

s/Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Mark Ouweleen
Carrie Jablonski
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:     312-494-4440

Douglas Marvin
Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:     202-434-5029

And

Brian Currey
A. Patricia Klemic
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071

Phone: 213-430-6000
Fax:   213-430-6407

Attorneys for Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing Memorandum in Support of Omnibus Motion for Order Excluding Evidence and Testimony Addressed in Motions Previously Granted by the Court has been served on Liaison Counsel, Russ Herman, and on counsel for Mr. Dedrick, Andy Birchfield, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 31st day of October, 2006.

                */s/ Dorothy H. Wimberly*
                Dorothy H. Wimberly, 18509
                STONE PIGMAN WALTHER
                WITTMANN L.L.C.
                546 Carondelet Street
                New Orleans, Louisiana  70130
                Phone:  504-581-3200
                Fax:  504-581-3361
                dwimberly@stonepigman.com

                Defendants' Liaison Counsel