UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## JOINT REPORT NO. 19 OF
## PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC")

submit this Joint Report No. 19.

I.   LEXIS/NEXIS FILE & SERVE

PLC and DLC continue to report to the Court on the status of docketing cases and

uploading those cases to Lexis/Nexis File & Serve.  Cases recently transferred to the Eastern

District of Louisiana continue to experience a brief delay between the docketing of the Final

Transfer Order on which the cases appear and the receipt of the records from the original

transferor courts.  Until such time as the record of a case is actually received by the Clerk of

Court in the Eastern District of Louisiana, the Clerk's office cannot officially docket the case in

the Eastern District of Louisiana and as a result there are delays in uploading to Lexis/Nexis File

831254v.1

& Serve.   Within several days of the actual docketing of a case in the Eastern District of Louisiana, the case is uploaded to Lexis/Nexis File & Serve and counsel are able to access the case.   Defense Liaison Counsel has requested that counsel for Plaintiffs continue to notify Dorothy Wimberly at dwimberly@stonepigman.com if a case is not available on Lexis/Nexis File & Serve.   Notice should include the case name and Eastern District of Louisiana case number.   PLC and DLC continue to provide Lexis/Nexis with a current service list of counsel in the Vioxx MDL.   Additionally, counsel are reminded that they should upload pleadings and other documents to their individual cases.   Pleadings and documents should not be uploaded to the "Master Case" unless the pleadings and documents relate to all cases.   The parties will be prepared to discuss this further at the monthly status conference on November 2, 2006.

II.     STATE COURT TRIAL SETTINGS

Previously, Defendants agreed to provide to PLC a comprehensive list of all trial settings (including the name of counsel, docket number and date of trial) through 2007.   The following is the updated current listing provided by Merck of state court cases set for trial through June 30, 2006:   The *Arrigale* and *Appell* cases are set for trial in the California Superior Court, Los Angeles County, beginning on October 31, 2006.   The *Albright* case is set for trial in Alabama Circuit Court, Jefferson County, on November 27, 2006.   The claims of a group of as yet undetermined plaintiffs will be tried in the New Jersey Superior Court, Atlantic County, beginning on January 16, 2007.   The *Schwaller* case is set for trial in Illinois Circuit Court, Madison County, on February 20, 2007.   The *McCool* case is set for trial in the Philadelphia Court of Common Pleas ("PCCP") on February 26, 2007 and the claim of an as yet identified plaintiff is set to be tried in the PCCP on May 21, 2007 and an additional case is to be set for trial sometime thereafter.   The *Gladding* case is set for trial in Nevada District Court, Washoe

County, on June 11, 2007.  Finally, for the first half of 2007, the *Slatton* case is set for trial in Alabama Circuit Court, Jefferson County, on June 18, 2007.

III.     SELECTION OF CASES FOR EARLY FEDERAL COURT TRIAL

        The parties are discussing convenient dates for a hearing on the Motion for New Trial in the *Irvin/Plunkett* case and will thereupon check with the Court to arrange a hearing date.

        On August 30, the Court ordered a new trial on the issue of damages only, in the *Barnett* case.  Merck's renewed motion for judgment as a matter of law and its alternative motion for new trial on all issues are currently pending before the Court.  Plaintiffs have requested and Defendants have consented until November 1, 2006 for responsive pleadings to be filed by Plaintiffs.  On October 30, 2006, the PSC filed a Motion for Order Allowing the Plaintiffs' Steering Committee to File an Amicus Brief in Connection with the Motion for New Trial in the *Barnett* case.  Merck filed a response on October 31, 2006.  The PSC requested an expedited hearing on this Motion and the Court has set the matter for hearing on November 2, 2006 at 9:00 o'clock a.m.  The parties will be prepared to discuss this further at the monthly status conference on November 2, 2006.

        The *Mason* trial commenced on October 30, 2006, and the *Dedrick* case is set for trial on November 27, 2006.  The parties will be prepared to discuss this further at the monthly status conference on November 2, 2006.

IV.     CLASS ACTIONS

        The Court has under advisement the PSC's Motion to Certify a Personal Injury Class and Defendants' Rule 12 Motions to Dismiss the Master Complaints for Medical Monitoring and Purchase Claims.  The parties will be prepared to discuss this further at the monthly status conference on November 2, 2006.

- 3 -

831254v.1

## V.   DISCOVERY DIRECTED TO MERCK

Merck advises that it will continue to make productions of documents, as identified by members of the PSC as priorities, on a rolling basis.

Following the May 25, 2006 ruling of the United States Court of Appeals for the Fifth Circuit, on June 5, 2006, regarding Merck's assertion of privilege to certain documents in connection with Merck's Privilege Log, DLC delivered to the Court documents for which it has asserted privilege for review by the Court and additional information.  The parties met with the Court on several occasions to discuss further actions to be taken as a result of the ruling from the Fifth Circuit.  The parties await ruling from the Court regarding the privilege claimed as to certain documents.  The parties will be prepared to discuss this further at the monthly status conference on November 2, 2006.

On September 21, 2006, the PSC served its Third Set of Interrogatories and Requests for Production of Documents Directed to Defendant, Merck & Co., Inc. Merck provided a Second Supplemental Response to the PSC's First Set of Interrogatories and an Amended and Supplemental Response and Objections to the PSC's First Request for Production of Documents on October 12, 2006.  The PSC has advised Merck that it is reviewing the responses.  The parties will be prepared to discuss this further at the monthly status conference on November 2, 2006.

831254v.1

VI.   DISCOVERY DIRECTED TO THE FDA

The FDA production of documents responsive to the PSC subpoena continues to occur in waves.

VII.   DISCOVERY DIRECTED TO THIRD PARTIES

PLC has advised the Court and DLC that the PSC continues to issue third-party notices of depositions for the production of documents.

With respect to the letter from the PSC dated March 16, 2006 requesting intervention by the Court on whether Merck should have the right to review documents produced by Ogilvy and DDB in response to discovery requests by the PSC, the Court has advised it will review the documents and make a determination as to whether the documents are privileged and whether Merck waived its privilege by providing the documents to Ogilvy and DDB. The parties await further rulings from the Court.

In accordance with the PLC's request, Merck advised at the September 28, 2006 status conference that it had begun production of third-party documents received by Merck and that it anticipated completing its production of such documents on a rolling basis so that all of the documents will be provided in advance of the next trial in the MDL. The PLC has requested acknowledgement as to the status of the rolling production or a certification from Merck that the rolling production is completed. Merck's counsel advised that it completed the re-production of documents in its possession previously produced by third parties, as promised, ten days prior to commencement of the *Smith* trial. The parties will be prepared to discuss this further at the monthly status conference on November 2, 2006.

831254v.1

## VIII.   DEPOSITION SCHEDULING

The parties continue to notice and cross-notice depositions in the MDL.  If and when any other issues arise regarding the scheduling of depositions, the Court will be advised and motions will be requested on an expedited basis.

On October 26, 2006, Merck filed a Motion for a Protective Order Regarding the Trial Preservation Deposition of John W. Farquhar and Merck's Trial Counsel, Philip Beck, has requested that the Court address this on an expedited basis.  The PSC has filed its response to the Motion.  The parties will be prepared to discuss this further at the monthly status conference on November 2, 2006.

## IX.   PLAINTIFF PROFILE FORM AND MERCK PROFILE FORM

On August 11, August 23, and September 7, 2006, Merck filed Rules to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Provide Any Response to the Plaintiff Profile Form as Required by Pre-Trial Order 18C.  The Rules came for hearing on October 26, 2006 and eight cases were dismissed with prejudice and others were amicably resolved.

On August 24, 2006, PSC filed a Motion to Compel the Production of Merck Profile Forms ("MPFs"), Supplemental MFPs and for an Order Compelling Merck to Cease and Desist Delaying the Production of MPFs Based on Unwarranted Grounds.  On September 12, Merck filed its opposition to PSC's motion to compel production of MPFs.  The matter was addressed by the Court at the September 28, 2006 status conference and again at a conference that occurred on October 11, 2006.  At the Court's instruction, the parties have had further discussions regarding the Motion and an attempt to resolve the Motion.  The parties will be prepared to discuss this further at the monthly status conference on November 2, 2006.

831254v.1

X.    STATE/FEDERAL COORDINATION -- STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications.   The parties will be prepared to discuss this further at the monthly status conference on November 2, 2006.

XI.    *PRO SE* CLAIMANTS

From time to time, as the Court issues additional Orders directing PLC to take appropriate action regarding filings made by various *pro se* individuals, PLC will continue to communicate with the various *pro se* claimants and advise them of attorneys in their respective states and other pertinent information regarding the MDL.   DLC will continue to discuss with PLC Merck's obligation to respond to complaints filed by *pro se* individuals in those instances where the complaints have not been served.

XII.    GENERIC TRIAL PERFORMANCE AND RULE 702 AND MOTIONS *IN LIMINE* ISSUES

On June 28, 2006 and July 6 and 7, 2006, the Court heard argument on the PSC's Generic Motion *in Limine*.  During the course of pre-trial motion conferences in MDL trials, the PSC intends on requesting that certain matters be addressed that will be "common" to all cases tried in the MDL. The parties will be prepared to discuss this further at the monthly status conference on November 2, 2006.

XIII.   IMS DATA

Merck advises that IMS data for plaintiffs' prescribing physicians in the *Mason*, and *Dedrick* cases have been produced to the PSC and plaintiffs' trial counsel.   Additional communications have taken place with IMS and the parties continue to discuss further

831254v.1

production of IMS Data.  The parties will be prepared to discuss this further at the monthly status conference on November 2, 2006.

## XIV.   MERCK'S MOTION FOR SUMMARY JUDGMENT

On July 5, 2006, Merck filed a Motion for Summary Judgment in the *Lene Arnold* and *Alicia Gomez* cases asserting that plaintiffs' claims are preempted by federal law.  Plaintiff's opposition brief was filed on September 15, 2006.  Merck's reply was filed on October 6, 2006. Plaintiffs have filed several notices of supplemental authority, to which Merck is preparing responses.  The Court has scheduled a hearing for November 17, 2006 at 9:00 a.m.

## XV.   TOLLING AGREEMENTS

On October 27, 2006, PLC communicated with DLC regarding Claimant Profile Forms submitted with Tolling Agreements and requested that a stipulation be worked out regarding Tolling Agreement claimants that have completed Claimant Profile Forms in filed cases so that refilling a Plaintiff Profile Form can be accomplished by a mere addendum.  DLC is considering the request and will be responding to PLC.

## XVI.   MOTION FOR CLARIFICATION OF PRE-TRIAL ORDER NO. 9

On September 28, 2006, the Court issued Pre-Trial Order No. 9 (Amended), which addresses issues relating to the cross-noticing of depositions and the obligation of plaintiff's counsel to contribute to the common benefit fund established to compensate the PSC pursuant to Pre-Trial Order No. 19.

On October 24, 2006, plaintiff's counsel in the Texas State Vioxx Litigation issued Cross-Notice of Depositions for the MDL depositions of Dr. Richard Kronmal, Dr. John Gueriguian and Dr. John Farquhar.  On October 25, 2006, PLC notified David P. Matthews,

831254v.1

counsel identified for plaintiffs in the Texas State Vioxx Litigation Cross-Notices that the PSC objected to the Texas Cross-Notices as a result of the failure to comply with Pre-Trial Order No. 9 (Amended) and the lack of coordination with the PSC pursuant to Pre-Trial Order No. 19. No reply was received from counsel in the Texas litigation. Therefore, on October 30, 2006, the PSC filed a Motion to Quash the Cross-Notices issued in the Texas State Vioxx Litigation. This Motion requested an expedited hearing. The PSC will be prepared to discuss this further at the monthly status conference on November 2, 2006.

## XVII.  VIOXX SUIT STATISTICS

Merck advises that as of October 9, Merck had been served or was aware that it had been named as a defendant in approximately 23,800 lawsuits filed on or before September 30, which include approximately 41,750 plaintiff groups alleging personal injuries resulting from the use of Vioxx, and in approximately 275 putative class actions alleging personal injuries and/or economic loss. Of these lawsuits, approximately 7,450 lawsuits representing approximately 21,950 plaintiff groups are or are slated to be in the federal MDL and approximately 16,350 lawsuits representing approximately 19,800 plaintiff groups have been filed in state courts. Merck advises that it defines a "plaintiff group" as one user of the product and any derivative claims emanating from that user (such as an executor, spouse, or other party). Further, Merck advises that there are more Plaintiffs identified than lawsuits because many lawsuits include multiple Plaintiffs in the caption. In addition, as of October 9, approximately 15,000 claimants had entered into tolling agreements with the Company on or before September 30.

831254v.1

XVIII. <u>MERCK INSURANCE</u>

By letter dated September 20, 2006, PLC requested an update from Merck on insurance coverage and a report on any arbitration/dispute resolution matters that may be relevant to Vioxx litigation.  Merck responded by providing a Second Supplemental Response to the PSC's First Set of Interrogatories and an Amended and Supplemental Response and Objections to the PSC's First Request for Production of Documents. The PSC has advised that it does not deem the supplemental responses sufficient and that it will be addressing this issue further. The PSC has issued a Notice of FRE 30(B)(6) Corporate Deposition to Merck & Co., Inc. regarding various insurance related issues.  The parties will be prepared to discuss this further at the monthly status conference on November 2, 2006.

XIX.   <u>FURTHER PROCEEDINGS</u>

Representatives of the PSC and Defendants have met and conferred regarding further proceedings in this MDL.  The parties will be prepared to discuss this further at the monthly status conference on November 2, 2006.

XX.   <u>MANDATORY ELECTRONIC FILING</u>

The United States District Court for the Eastern District of Louisiana has directed that, effective January 1, 2007, it is mandatory that all documents, subsequent to those initiating a new case, be filed electronically in accordance with the Administrative Procedures for Electronic Case Filing adopted pursuant to Local Rule 5.7.E.   All new complaints, notices of removal and criminal indictments, as well as sealed documents, shall continue to be filed on paper in the Clerk's office.   For more information, please visit the Court's website at http://www.laed.uscourts.gov/.

831254v.1

On June 6, 2006, an Order was issued setting forth directives that attorneys are to observe in the Vioxx Litigation when utilizing the ECF System.  Counsel are encouraged to comply and utilize the ECF system for Vioxx filings.

To comply with ECF certification provisions and the requirements of Pre-Trial Order No. 8A, it is recommended that all counsel using the ECF system use the following certificate of service on all e-filings:

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **[DOCUMENT]** has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. __, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this ___ day of _____, 200[6].

/s/ Attorney's Name___
Attoney's Name
Attorney's Bar Roll Number
Attorney for (Plaintiff/Defendant
Law Firm Name
Law Firm Address
Telephone Number
Fax Number
Attorney's E-Mail Address

All counsel who have not already registered for electronic filing, are advised to contact the Clerk and/or attend one of the training classes prior to January 1 so that counsel can be issued a user id and password for e-filing with the Eastern District of Louisiana.  The

831254v.1

registration forms and class schedules are available at http://www.laed.uscourts.gov/cgi-bin/registrar/registrar.pl.

## XXI.   MERCK'S STATUTE OF LIMITATIONS MOTION

On September 22, 2006, Merck filed a Motion for Summary Judgment in the *Edmonds*, *Stinson* and *Watson* cases asserting that plaintiffs' claims were time barred.   The Motion was amended on October 10, 2006.  No responsive pleadings have been filed yet.  Merck advises that it is preparing additional motions for summary judgment involving the prescription laws of other states, which it plans to file shortly.  The parties will be  discussing a schedule for completing briefing on these motions.  The parties will be prepared to discuss these matters more fully at the conference on November 2, 2006.

## **NEW ITEMS**

## XXII.   MERCK'S SECOND REQUEST FOR WRIT OF MANDAMUS

On October 20, 2006, Merck filed, together with David Anstice, a Petition for Writ of Mandamus and Motion for Expedited Consideration with the United States Court of Appeals for the Fifth Circuit seeking review of the Court's October 16, 2006 Order denying the Motion of Mr. Anstice and Merck to quash a trial subpoena in the *Dedrick* trial.   Plaintiffs response is due November 3, 2006.

## XXIII. *HARRISON V. MERCK*

*Pro Se* Claimant in the *Harrison v. Merck* case (1:06cv932) has requested an opportunity to address the Court regarding discovery needs, class issues and statute of limitation issues in the alleged bone/spine repair case(s).

- 12 -

831254v.1

## XXIV. NEXT STATUS CONFERENCE

PLC and DLC will be prepared to schedule the next status conference, on a date to be selected by the Court.

Respectfully submitted,

/s/ Leonard A. Davis
Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
**Herman, Herman, Katz & Cotlar, LLP**
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
FAX: (504) 561-6024

**Plaintiffs' Liaison Counsel**

**Temporary address:**

**201 St. Charles Avenue**
**Suite 4310**
**New Orleans, LA 70170**

/s/ Dorothy H. Wimberly
Phillip A. Wittmann (Bar No. 13625)
Dorothy H. Wimberly (Bar No. 18509)
Carmelite M. Bertaut (Bar No. 3054)
**Stone Pigman Walther Wittmann L.L.C.**
546 Carondelet Street
New Orleans, LA 70130-3588
PH:    (504) 581-3200
FAX:  (504) 581-3361
**Defendants' Liaison Counsel**

831254v.1

## CERTIFICATE

I hereby certify that the above and foregoing Joint Status Report No. 19 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 31st day of October, 2006.

/s/ Leonard A. Davis

**Leonard A. Davis** (Bar No. 14190)
*Herman, Herman, Katz & Cotlar, L.L.P.*
Place St. Charles
201 St. Charles Avenue, Suite 4310
New Orleans, Louisiana 70170
Telephone: (504) 581-4892
Facsimile: (504) 561-6024
ldavis@hhkc.com

- 14 -

831254v.1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MONTHLY STATUS CONFERENCE**
**NOVEMBER 2, 2006**
**SUGGESTED AGENDA**

I.      Lexis/Nexis File & Serve

II.     State Court Trial Settings

III.    Selection of Cases for Early Federal Court Trial

IV.     Class Actions

V.      Discovery Directed to Merck

VI.     Discovery Directed to the FDA

VII.    Discovery Directed to Third Parties

VIII.   Deposition Scheduling

IX.     Plaintiff Profile Form and Merck Profile Form

X.      State/Federal Coordination -- State Liaison Committee

XI.     *Pro Se* Claimants

831270v.1

XII.    Generic Trial Performance and Rule 702 and Motions *in Limine* Issues

XIII.   IMS Data

XIV.   Merck's Motion for Summary Judgment

XV.    Tolling Agreements

XVI.   Motion for Clarification of Pre-Trial Order No. 9

XVII.  Vioxx Suit Statistics

XVIII. Merck Insurance

XIX.   Further Proceedings

XX.    Mandatory Electronic Filing

XXI.   Merck's Statute of Limitations Motion

**<u>NEW ITEMS</u>**

XXII.  Merck's Second Request for Writ of Mandamus

XXIII. *Harrison v.* Merck

XXIV. Next Status Conference

831270v.1