## STONE PIGMAN WALTHER WITTMANN L.L.C.

COUNSELLORS AT LAW

546 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130-3588
(504) 581-3200
FAX (504) 581-3361
www.stonepigman.com

PHILLIP A. WITTMANN
DIRECT DIAL: (504) 593-0804
DIRECT FAX: (504) 596-0804
E-Mail: pwittmann@stonepigman.com

OUR FILE NUMBER

66,000

November 1, 2006

**BY HAND & BY EMAIL**
Honorable Eldon E. Fallon
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room C456
New Orleans, Louisiana 70130

Re:   **VIOXX PRODUCTS LITIGATION, MDL Docket No. 1657**

Dear Judge Fallon:

On August 23, 2006, the Plaintiffs' Steering Committee ("PSC") filed a motion to compel the production of Merck Profile Forms ("MPFs") on the basis that Merck & Co., Inc. ("Merck") was improperly using the core criteria to limit or delay the production of MPFs in the MDL. Merck filed its opposition to this motion on September 12, 2006, based on the record of Merck's production of literally *thousands* of MPFs in the MDL and the fact that there was simply no evidence to support the PSC's motion. In the interest of resolving this dispute, the Court convened an in-chambers conference on October 11, 2006 and – at the suggestion of Merck's counsel – directed the parties to meet and confer regarding preparation of a minute entry order that would provide further guidance to the parties.

On October 20, 2006, Merck's counsel sent Lenny Davis, on behalf of the PSC, a draft of a proposed order that would provide guidance to plaintiffs' counsel on how to complete a PPF to trigger Merck's obligation to process an MPF. *See* Merck's Initial Proposed Minute Entry attached hereto as Exhibit A. Merck's order represented a good faith attempt to find a "middle ground" between the respective positions of the parties such that these issues could be resolved and the MDL litigation might proceed without further disruption. On October 26, 2006, Mr. Davis provided Merck's counsel with the PSC's revision of Merck's proposed order. *See* PSC's Proposed Minute Entry attached hereto as Exhibit B. Unfortunately, the order proffered by the PSC was completely at odds with the October 11th conference: it reads as though the Court granted the PSC's motion to compel – which was certainly not the case – and simply recited every single argument set forth in its initial motion to compel. Not surprisingly, Merck cannot agree to those terms for all the reasons expressed at the conference before the Court.

The PSC's proposed order creates (without any attempt to meet and confer with Merck's counsel) an entirely new list of twenty-seven (27) injuries for which Merck would suddenly become obligated to process MPFs. In its proposed order, the PSC unilaterally seeks to expand the list of injuries for which an MPF is required beyond the previously agreed description of injuries set out in Pre-Trial Order No. 18C (*viz.*, "myocardial infarction, ischemic stroke or death"). For instance, the list in the PSC's proposed order includes "unstable angina," "angina," "congestive heart failure," "heart pain," "heart problem," and "TIA" (or "transient ischemic

attack"). The PSC's list further includes numerous medical procedures, which – alone and without any reference to the occurrence of a myocardial infarction, ischemic stroke or death – would trigger an obligation on the part of Merck to produce an MPF. Such procedures include "heart catheterization," "stent," and "angioplasty." The PSC's unilateral attempt to expand the scope of permissible injuries and procedures for which MPFs will be required is improper under this Court's orders and contrary to the spirit of these MDL proceedings.[1]

By adopting the PSC's proposed order, the Court would be effectively amending Pre-Trial Order No. 18C, which would have a tremendous effect on Merck's MPF obligations as well as implicate significant issues relating to tolling of claims.

In addition, the PSC's proposed order provides a series of illustrations of what constitutes sufficient responses to the core criteria in the PPF. The model responses set forth in the PSC's proposed order, however, only codify the PSC's own position in its motion to compel and obligate Merck to process MPFs in the very instances where Merck has repeatedly explained to the PSC that it cannot do so. These are but two examples of how the PSC's proposed order cannot reasonably be considered a good faith effort to meet and confer on this subject.

Despite this record, Merck's counsel revisited its initial proposed order in an attempt to comply with the Court's directive of October 11th and accommodate the needs of both the PSC and Merck. *See* Merck's Second Proposed Minute Entry attached hereto as Exhibit C. In this second attempt at a proposed order, Merck has adopted essentially the same headings and the restatement of the core criteria as set forth in the PSC's order, which seemed to be objectively helpful. Merck has also included language in its proposed order to encourage plaintiffs to respond in some manner to all questions of the core criteria (including questions that do no apply or can be answered in the negative), as such a response from plaintiffs is all that Merck requires to satisfy certain elements of the core criteria. Moreover, Merck has included a very significant concession in its proposed order whereby all it will require is written notification from plaintiffs that certain information is complete or otherwise unavailable, and Merck will begin processing an MPF for that case.

Merck's current proposed order rejects the PSC's litany of "non-exhaustive" hypothetical scenarios (many of which compound, rather than resolve, problems for reasons Merck has endlessly explained to the PSC) because Merck believes that an order from this Court should provide general guidelines for the completion of PPFs and not specific examples that raise more questions than they resolve. Further, Merck's proposed order can be read in conjunction with this Court's prior orders and does not restate or (worse) undermine the existing terms of Pre-Trial Order No. 18C – Merck's proposal only augments that order and provides practical guidance on the obligations of both parties. In addition, Merck's proposed order rejects

---

[1] Should the Court adopt Merck's proposal, as set forth in its letter dated October 31, 2006, to require a showing be made with respect to such non-cardiovascular cases in the upcoming months, the scope of PPF and MPF obligations should shift accordingly. However, the PSC's attempt to use its proposed order governing production of profile forms should not be the means to effect unilaterally a major shift in the focus of this MDL.

November 1, 2006

the "dispute resolution" provisions of the PSC's order because such provisions will only invite more motions and take up more of the Court's time than has already been spent on PPF/MPF issues.

It should be noted that Merck is only submitting this proposed order to the Court because the PSC made clear that it intended to submit two orders and does not wish to negotiate further on this issue. *See* E-Mail Correspondence attached hereto as Exhibit D. Indeed, only a few hours ago, the PSC submitted not only the proposed orders of both parties but filed a formal letter brief with the Court in which it tries to create the misimpression that the backlog of PPFs is somehow the responsibility of Merck. To be clear, to the extent there is a backlog of PPFs in the MDL for which MPFs have not yet been processed, the fault rests squarely with plaintiffs and their counsel who fail to provide this most basic core criteria in their PPF responses. Merck's production of almost 3,700 MPFs in the MDL alone (and over 5,600 in all jurisdictions) belies the PSC's claim that "technology is hampering Merck's ability to comply with its discovery obligations and placing upon Plaintiffs [the] burden of responding beyond what is required by the Federal Rules of Civil Procedure." The fact is that those lawyers representing plaintiffs who carefully fill out the forms have been receiving MPFs without delay, and it is only plaintiffs who skirt the requirements of the PPF whose MPFs are delayed because the necessary information has not been provided to Merck. Finally, the PSC's reliance on the Federal Rules for guidance on how and when Merck should be obligated to process MPFs is misplaced in that the Federal Rules do not contemplate the unprecedented discovery device of the Merck Profile Form, and the orders of this Court have been carefully crafted to accomplish precisely that objective.

For the foregoing reasons as well as those previously set forth in Merck's opposition to the PSC's motion to compel, Merck respectfully requests that the Court enter its proposed order on this subject.

Sincerely,

Phillip A. Wittmann

PAW/mab

cc: Doug R. Marvin, Esq.
    Chris A. Seeger, Esq.
    Russ M. Herman, Esq.
    Vioxx Key National