UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| THIS DOCUMENT RELATES TO ALL CASES | * | JUDGE FALLON |
| | * | |
| | * | MAG. JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * *

### (PROPOSED) MINUTE ENTRY

The Court met with the representatives of the PSC and counsel for Merck on October 11, 2006, following filing of the PSC's Motion to Compel Production of Merck Profile Forms and Merck's Opposition thereto. The purpose of the meeting was to try to resolve outstanding issues regarding the Plaintiff Profile Form ("PPF") and the Merck Profile Form ("MPF") under the terms of Pre-Trial Order No. 18C. Following presentations by counsel, the Court requested and hereby enters the following Order such that service of PPFs and MPFs can move forward in an efficient and timely manner. By entering this Order, the Court reiterates its directive to all counsel regarding the necessity of providing all the information required by both the PPF and, once triggered, the MPF. To further underscore the importance of providing this information for the timely service of profile forms, the Court issues this Order to clarify the obligations of the parties and counsel under Pre-Trial Order No. 18C.

Consistent with the terms of Pre-Trial Order No. 18C, Merck shall produce an MPF in cases where the injury alleged in the PPF is either myocardial infarction, ischemic stroke, or death under the definition of "cardiovascular injury." Merck has agreed to process MPFs in cases where the injury alleged in the PPF is identified exactly as one of the following: Heart

Attack, Myocardial Infarction, MI, Acute MI, Infarction, Cardiac Arrest, Silent Heart Attack, Cardiopulmonary arrest, Stroke, Ischemic Stroke, Mini stroke, CVA, (Multiple) Cerebral Vascular Accident(s), Cerebral Vascular Injury, Cerebrovascular accident, Ischemic attacks, Cardiothrombotic Event, Cerebrothrombotic Event, Intracranial hemorrhage, Intracerebral hemorrhage, or Death.

These injuries or events relate only to whether Merck will process an MPF in a given case and do not affect the status of cases in the context of tolling or otherwise.

Plaintiffs or plaintiffs' counsel are to provide complete responses to the questions in the PPF, including the month and year of each Vioxx injury alleged, the Vioxx user's full name (including any other names for both male and female users) and complete address (including street name), and the full name and complete address (including street name) of any physician who prescribed Vioxx or provided Vioxx samples to the plaintiffs. Failure to provide this information will render the PPF deficient for purposes of processing an MPF.

Plaintiffs or plaintiffs' counsel shall respond in some manner to all of the questions in the PPF (regardless of whether such questions are deemed applicable), and fields left blank will render the PPF deficient for purposes of processing an MPF. Moreover, references to medical records will render a PPF deficient.

If after reasonable investigation, plaintiffs or plaintiffs' counsel do not have sufficient information to complete the PPF, including all of the information set forth above, plaintiffs' counsel shall so represent in writing to Merck's counsel either in the PPF itself or in a separate letter to counsel. This requirement includes instances where plaintiffs can only provide initials instead of a physician's full first name, as required above. Failure to notify Merck's counsel in

writing of those items set forth above where plaintiffs do not have sufficient information to complete the PPF will render the PPF deficient. Upon receipt of such notification, counsel for Merck shall process a corresponding MPF under the terms of Pre-Trial Order No. 18C.

Consistent with Pre-Trial Order No. 18C, plaintiffs or plaintiffs' counsel shall serve PPFs, supplemental PPFs, and correspondence relating to PPFs on all counsel identified in Pre-Trial Order No. 18C, including Dechert LLP. Failure to comply with the service requirements will render the PPF deficient.

The PSC's Motion to Compel Production of Merck Profile Forms is **DENIED** as moot.

New Orleans, Louisiana, this _____ day of _____, 2006.

                                                **ELDON E. FALLON**
                                                **UNITED STATES DISTRICT JUDGE**