UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| THIS DOCUMENT RELATES TO ALL CASES | * | JUDGE FALLON |
| | * | |
| | * | MAG. JUDGE KNOWLES |
| * * * * * * * * * * * * * * * * * * | * | |

### ~~(PROPOSED)~~ MINUTE ENTRY RELATING TO PRE-TRIAL ORDER NO. 18(C)~~Y~~

The Court met with the representatives of the PSC and counsel for Merck on October 11, 2006, following filing of the PSC's Motion to Compel Production of Merck Profile Forms and Merck's Opposition thereto. The purpose of the meeting was to try to resolve outstanding issues regarding the Plaintiff Profile Form ("PPF") and the Merck Profile Form ("MPF") under the terms of Pre-Trial Order No. 18C. Following presentations by counsel, the Court requested and hereby enters the following Order to clarify and provide further guidance to the parties such that service of PPFs and MPFs can move forward in an efficient and timely manner. By entering this Order, the Court reiterates its directive to all counsel regarding the necessity of providing ~~all the~~ information required in the PPF and MPF pursuant to Fed.R.Civ.P. 33 and 34 and the supplemental requirements in accordance with Fed.R.Civ.P. 26 ~~required by both the PPF and, once triggered, the MPF~~. To further underscore the importance of providing this information for the timely service of profile forms, the Court issues this Order to clarify the obligations of the parties and counsel under Pre-Trial Order No. 18C.

Pretrial Order No. 18(c)(17) states:

Merck shall provide a complete and verified MPF ninety (90) days after its receipt of a PPF which contains the "core criteria." The core criteria includes:

    1. Type of injury (cardiovascular cases relating to ischemic stroke, myocardial infarction & death);

    2. Date (month and year) of Plaintiffs injury;

    3. Full name of person who used Vioxx;

    4. Maiden or other names of person who used Vioxx;

    5. Full address of person who used Vioxx;

    6. Full name and full address of prescriber (including suite number, if any); and

    7. Full name and full address of sample provider (including suite number, if any).

If Merck contends that any PPF does not satisfactorily include the "core criteria," then Merck shall, within twenty (20) days after its receipt of the PPF notify plaintiff of any alleged deficiency in the "core criteria" for processing an MPF. Failure to notify plaintiffs counsel within the twenty (20) days shall mean that Merck will provide a complete and verified MPF within ninety (90) days after its receipt of the PPF, but Merck shall reserve its rights to allege any and all deficiencies in a given PPF such that the information and materials contemplated by Paragraph 4 of this Order are provided. If Merck fails to provide a complete and verified MPF within ninety (90) days after its receipt of a complete and verified PPF, it shall be given notice by e-mail or fax from either plaintiffs counsel or Plaintiffs' Liaison Counsel and shall be given twenty (20) additional days to cure the deficiency. No other extensions will be granted. Any claim of alleged deficiency with an MPF shall be directed to Angela Catanach of Dechert LLP, Cira Centre, 2929 Arch Street, Philadelphia, PA 19104-2808, 215.655.2232 (fax), mpfcomplaints@,dechert.com (e-mail). No notices, e-mail communications or claims of deficiency shall be posted to LNFS and sets forth the rules that both parties must adhere to "Core Criteria" set forth in Plaintiff Profile Form.

This Order is intended to clarify Pretrial Order No. 18(c) and to provide guidance to the parties in the form of "Rules of Construction" for determining whether PPF responses are "deficient" or "sufficient" such that the parties shall not have delays in the production of PPFs and MPFs.

This Order is further intended to relieve the back-log of MPFs, the production of which has been alleged to have been delayed by Merck because of certain alleged "deficiencies."

Nothing in this Order shall require any Plaintiff that has already served a PPF on Merck to amend, if the PPF is in compliance with the Rules of Construction set forth herein.

**IT IS ORDERED**, that for those PPFs that Merck has already been properly served with but has not produced an MPF because of an alleged deficiency, Merck shall apply the "Rule of Construction" set forth herein and produce MPFs within 30 days in those cases where the PPF response is sufficient under this Order.

**IT IS FURTHER ORDERED,** that the following "Rules of Construction" shall be applied by Merck to PPFs hence forth. In all cases where a PPF is in compliance with this Order, Merck shall not delay the production of an MPF and shall produce an MPF in the time proscribed in PTO 18(c)(17).

### "TYPE OF INJURY"

1) The definition of a "cardiovascular case" includes, not only ischemic stroke, myocardial infarction and death but also any case where the Plaintiff has alleged an injury to the cardiovascular or cerberovascular system, which includes any injury to the heart or brain, or vascular system to/from the heart or brain or an injury that could be reasonably considered an injury to the same, including but not limited to:

    a.    any and all cardiovascular disorders including those defined in the *Merck Manual*, Seventeenth edition, Section 16, and,

    b.    any and all cerebrovascular disorders including those defined in the *Merck Manual*, Seventeenth edition, Section 17.

    2)    The following examples are not "deficient" and are sufficient to meet the definition:

    a.    Heart problems resulting in coronary artery bypass surgery x 5 and 5 stents
    b.    Mini strokes with blockage occurring in the leg.
    c.    Stroke, multiple ischemic attacks, heart attack, and congestive heart failure.
    d.    Arterial blockage, resulting in a stent placement, unstable angina.
    e.    Heart problems
    f.    Heart Pain
    g.    Heart blockage
    h.    Heart catheterization, angioplasty and stent placements
    i.    Angioplasty
    j.    Hearth catheterization
    k.    Stent
    l.    Unstable angina
    m.    Angina
    n.    Congestive Heart Failure
    o.    CHF
    p.    Multi-vessel blockage, ischemic changes resulting in quadruple bypass surgery.
    q.    Clot in heart
    r.    Stroke
    s.    Clotting Stroke
    t.    CVA
    u.    Cerebrovascular accident
    v.    Blockage in brain
    w.    TIA
    x.    Transischemic attack
    y.    Mini-Stroke
    z.    Brain Attack
    aa.    Brain Clot

    This list is not exhaustive and is intended to provide examples.

~~Consistent with the terms of Pre-Trial Order No. 18C, Merck shall produce an MPF in cases where the injury alleged in the PPF is either myocardial infarction, ischemic stroke, or death under the definition of "cardiovascular injury." Merck has agreed to process MPFs in cases where the injury alleged in the PPF is identified exactly as one of the following: Heart Attack, Myocardial Infarction, MI, Acute MI, Infarction, Cardiac Arrest, Silent Heart Attack, Cardiopulmonary arrest, Stroke, Ischemic Stroke, Mini stroke, CVA, (Multiple) Cerebral Vascular Accident(s), Cerebral Vascular Injury, Cerebrovascular accident, Ischemic attacks, Cardiothrombotic Event, Cerebrothrombotic Event, Intracranial hemorrhage, Intracerebral hemorrhage, or Death.~~

These injuries or events relate only to whether Merck will process an MPF in a given case and do not affect the status of cases in the context of tolling or otherwise.

~~Plaintiffs or plaintiffs' counsel are to provide complete responses to the questions in the PPF, including the month and year of each Vioxx injury alleged, the Vioxx user's full name (including any other names for both male and female users) and complete address (including street name), and the full name and complete address (including street name) of any physician who prescribed Vioxx or provided Vioxx samples to the plaintiffs.~~ Failure to provide this information will render the PPF deficient for purposes of processing an MPF.

~~Plaintiffs or plaintiffs' counsel shall respond in some manner to all of the questions in the PPF (regardless of whether such questions are deemed applicable), and fields left blank will render the PPF deficient for purposes of processing an MPF. Moreover, references to medical records will render a PPF deficient.~~

5

~~If after reasonable investigation, plaintiffs or plaintiffs' counsel do not have sufficient information to complete the PPF, including all of the information set forth above, plaintiffs' counsel shall so represent in writing to Merck's counsel either in the PPF itself or in a separate letter to counsel. This requirement includes instances where plaintiffs can only provide initials instead of a physician's full first name, as required above. Failure to notify Merck's counsel in writing of those items set forth above where plaintiffs do not have sufficient information to complete the PPF will render the PPF deficient. Upon receipt of such notification, counsel for Merck shall process a corresponding MPF under the terms of Pre-Trial Order No. 18C.~~

### "DATE OF INJURY"

<u>3)</u>     <u>Henceforth, Plaintiffs shall make every effort, consistent with their obligations under the Federal Rules of Civil Procedure, to provide the date of injury that includes a month, day, year for each alleged injury.</u>

<u>4)</u>     <u>However, if a Plaintiff provides, or has provided, any of the following as a date of injury such a response shall not be deemed "deficient" and Merck shall not delay the production of an MPF :</u>

<ul>
<li>a.     <u><i>Date ranges</i> ie. Beginning 6/00 and thereafter; Beginning 12/3/03 and continuing up to 9/14/04;"Approximately 04/1/00 through in or about 8/23/03."</u></li>
<li>b.     <u><i>Month/year</i> ie. 6/00; "TIA and Stroke" on "10/99, 9/9/03"</u></li>
<li>c.     <u><i>Year</i> ie. 2002;</u></li>
<li>d.     <u>Any combination of date ranges, i.e., "12/01-06/26/04," "2002-6/04;" "2002-2004";</u></li>
<li>e.     <u>A response such as "Unsure, but possibly 10 or 11/02."</u></li>
</ul>

<u>This list is not exhaustive and is intended to provide examples.</u>

5)       Henceforth, if a Plaintiff identifies, more than one injury ie. *Stroke and Heart Attack*, for each injury Plaintiff shall separately provide the date that corresponds to the injury, as defined in paragraph 1-2 above. For example, *"Stroke in or about 11/02; Heart Attack in or about 11/03"*.

6)       However, if a Plaintiff provides, or has provided, a single date when listing multiple injuries, Merck shall interpret that date, as the date for all listed injuries and shall not delay the production of an MPF. For example:

   a.   If the date of injury is *"approximately June 11, 2000"* for the injury *"Stroke, multiple ischemic attacks, heart attack, and congestive heart failure."* Merck shall interpret all listed injuries as having occurred on June 11, 2000 and shall process and produce an MPF accordingly without delay; and,

   b.   If the injury is *"TIA and Stroke"* and the date provided is *"10/99, 9/9/03,"* Merck shall interpret the TIA as having occurred 10/99 and the Stroke as having occurred on 9/9/03.

This list is not exhaustive and is intended to provide examples.

### "BLANK" RESPONSES

7)       If a Plaintiff has no maiden name or has not used another name or has no sample provider, he or she may leave "blank" the response to the question(s) asking for **"Maiden or other names used or by which you have been known"** and/or **"Sample Provider."**

8)       If a "blank" is left in response to the questions asking for **"Maiden or other names of person who used Vioxx,"** and/or **"Sample Provider"** it shall not be deemed "deficient" and Merck shall not delay the production of a MPF and Merck shall deem the answer to be "None" or "N/A" (Not Applicable) and shall process an MPF accordingly.

### "PHYSICIAN NAMES"

9) Henceforth, Plaintiffs shall make every effort, consistent with their obligations under the Federal Rules of Civil Procedure, to provide both the full first and last-name of their prescribing and sample-providing physicians, if known.

10) However, if a Plaintiff provides, or has provided, initials for the first-name of his or her prescribing and/or sample providing physician (ie. "Dr. C.D. Collins" or "R. Bruce Leppink" or "Dr. J. Mahoney" or "K. Yount, P.A."), such a response shall not be deemed "deficient" and Merck shall not delay the production of an MPF.

11) If a Plaintiff provides, or has provided, a prescribing and/or sample providing physician name, in the format set forth in paragraphs 10 and 11, along with another response, i.e., the name of the medical practice or clinic, or the physician's address, such a response shall not be deemed "deficient" and Merck shall not delay the production of an MPF on this basis.

12) The following are examples of prescribing or sample provider responses that are not deficient, and should not delay the production of an MPF:

    a. "Dr. John Hunter, MD (and others in the same practice group who plaintiff does not recall);"

        b. "Lisa Pepper, M.D., and numerous other physicians at Ninth Street Internal Medicine Associates;"

        c. "Received samples from several doctors including Todd Stokes, M.D., Daniel Whitley, M.D., Sam Kreis, M.D., and Pramod Reddy, M.D. She believes she first received samples from Daniel Whitley, M.D. in 1999, but does not recall any specific details;"

        d. "I recall receiving samples, but do not recall the specific dates or who gave them to me but it would have been someone at Jefferson Medical Associates."

        e. "I may have received samples by Dr. Millman;"

  f. "Dr. Hancock prescribed Vioxx and I renewed my prescription for and received samples";

  g. "I believe Dr. Carlson and/or Dr. Tiede gave me samples of Vioxx at some point, but I do not recall exactly when, how much or the dosage;"

  h. "I believe Amy Forrest, CFNP gave me about a one month supply of samples of Vioxx 25 mg in or about April 2002. I may have also received samples from the other providers who prescribed Vioxx for me, but I do not recall;"

  i. "I was given samples of 25 mg and perhaps 12.5 mg Vioxx by Kaiser Permanente Clinic - I don't recall the exact person who gave me samples. I was given samples throughout 2001 and 2002 but I could not pinpoint specific dates."

This list is not exhaustive and is intended to provide examples.

## ADDRESSES

13) Henceforth, Plaintiffs shall make every effort, consistent with their obligations under the Federal Rules of Civil Procedure, to provide the full street address of their prescribing and sample providing physicians including practice name, street name, number, suite or other number, state, and zip code, such that Merck can reasonably determine the location of the physician.

14) However, if a Plaintiff provides, or has provided, an address and does not know the practice name, or the street name or number and therefore has not provided it, such a response shall not be deemed "deficient" and Merck shall not delay the production of an MPF on this basis.

15) The following are examples of addresses that are not optimal but are not "deficient":

  a. "Professional Associates Building, Suite 200, Pikesville, KY 41502;"

b. "Samuel J. King, M.D. - Professional Associates Bldg, Suite 200, Pikesville, KY 41502;"

c. "R. Bruce Leppink, MinnHealth Family Physicians 3220 Bellaire Avenue, Suite 2, White Bear Lake, MN 55110;"

d. "Dr. J. Mahoney and other providers at VAMC. VA Medical Center, 1300 Douglas Circle, Key West, FL 33040;"

e. "Lida Oxnard, M.D. and Terry Thornsberry, ARNP, 809 Morton Avenue, Bartstown, KY 40004."

This list is not exhaustive and is intended to provide examples.

### REFERENCES TO MEDICAL AND OTHER RECORDS AND ATTACHMENTS

16) Henceforth, Plaintiffs shall make every effort, consistent with their obligations under the Federal Rules of Civil Procedure, to avoid referring to attachments in responding to PPF questions and to set forth a response on the face of the PPF.

17) Notwithstanding paragraph 16 herein, a PPF response that refers to documents or records, is a sufficient response, if, upon inspection of the documents or records, the response to the question is readily apparent and easily ascertained with reasonable effort. Such document references should not delay the production of an MPF by Merck.

### PPF ELECTRONIC SERVICE

18) Consistent with Pre-Trial Order No. 18C, plaintiffs or plaintiffs' counsel shall serve PPFs, supplemental PPFs, and correspondence relating to PPFs on all counsel identified in Pre-Trial Order No. 18C, including Dechert LLP. Failure to comply with the service requirements will render the PPF deficient.

### DISPUTE RESOLUTION

19) If, after applying the "Rules of Construction" as set forth herein, Merck contends that any PPF does not satisfactorily include the "core criteria," then Merck shall, within twenty (20) days after its receipt of the PPF notify plaintiff, by either Email or Fax (hereinafter "PPF deficiency letter"), of any alleged deficiency in the "core criteria" for processing an MPF.

20) Failure to notify plaintiffs counsel within the twenty (20) days, as set forth in paragraph 19, shall mean that Merck will provide a complete and verified MPF within ninety (90) days after its receipt of the PPF, but Merck shall reserve its rights to allege any and all deficiencies in a given PPF such that the information and materials contemplated by Paragraph 4 of Pre-Trial Order18(C) are provided.

    a. If after receiving a "PPA deficiency letter," plaintiff or plaintiffs' counsel disputes that the PPF is deficient in the "core criteria," plaintiff or plaintiffs' counsel shall notify Merck and Plaintiffs' Liaison Counsel by Email or Fax ("Plaintiff Deficiency Dispute Notice") **[MERCK NEEDS TO ADD IN HOW AND TO WHO THIS LETTER SHOULD GO – CATANCH?]**.

    b. Within 10 day of a "Plaintiff Deficiency Dispute Notice," the parties shall meet and confer and make a good-faith effort to resolve the dispute. If, the parties cannot resolve the dispute, plaintiffs may file a motion to compel. Plaintiffs do not have to wait until the expiration of the 90 day MPF Production time,

> if Merck has advised that the core criteria is deficient and no MPF will be forthcoming.
>
> 21) If Merck fails to provide a complete and verified MPF within ninety (90) days after its receipt of a complete and verified PPF, it shall be given notice by e-mail or fax from either plaintiffs counsel or Plaintiffs' Liaison Counsel and shall be given twenty (20) additional days to cure the deficiency. No other extensions will be granted. Any claim of alleged deficiency with an MPF shall be directed to Angela Catanach of Dechert LLP, Cira Centre, 2929 Arch Street, Philadelphia, PA 19104-2808, 215.655.2232 (fax), mpfcomplaints@dechert.com (e-mail). No notices, e-mail communications or claims of deficiency shall be posted to LNFS.

The PSC's Motion to Compel Production of Merck Profile Forms is **DENIED** as moot.

New Orleans, Louisiana, this _____ day of _____, 2006.

_____
**ELDON E. FALLON**
**UNITED STATES DISTRICT JUDGE**