# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx® | * | MDL Docket No. 1657 |
| | * | |
| **PRODUCTS LIABILITY** | * | SECTION L |
| **LITIGATION** | * | |
| | * | JUDGE FALLON |
| **This document relates to:** | * | |
| | * | MAGISTRATE |
| Andre C. Julien v. Merck & Co., Inc., | * | JUDGE KNOWLES |
| 05-01745 | * | |
| | * | |
| Mathilde Julien v. Merck & Co., Inc., | * | |
| 05-01751 | * | |
| | * | |
| Rosette Manasse v. Merck & Co., Inc., | * | |
| 05-01750 | * | |
| | * | |
| Philomene Oltine v. Merck & Co., Inc., | * | |
| 05-01744 | * | |
| | * | |
| Jeanne Petit Louis v. Merck & Co., Inc., | * | |
| 05-01742 | * | |
| | * | |
| Clamard Reveil v. Merck & Co., Inc., | * | |
| 05-01748 | * | |
| | * | |
| Charite Toussaint v. Merck & Co., Inc., | * | |
| 05-01752 | * | |
| | * | |
| Anne I. Chavannes v. Merck & Co., Inc., | * | |
| 05-01743 | * | |
| | * | |
| Cecilia Achille v. Merck & Co., Inc., | * | |
| 05-01749 | * | |
| * * * * * * * * * * * * * * * * | * | |


**DEFENDANT MERCK & CO., INC.'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS RULE TO SHOW CAUSE WHY PLAINTIFFS' COMPLAINTS SHOULD NOT BE DISMISSED FOR FAILURE TO PROVIDE ANY RESPONSE TO THE PLAINTIFF PROFILE FORM AS REQUIRED BY PRE-TRIAL ORDER NO. 18C AND APPLICATION TO STRIKE PLAINTIFFS' OPPOSITION**

Defendant Merck & Co., Inc. ("Merck") respectfully submits this Reply Brief In Further Support of Its Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice For Failure To Provide Any Response To The Plaintiff Profile Form as Required By Pre-Trial Order No. 18C and in support of its instant application to strike Plaintiffs' opposition.

**PRELIMINARY STATEMENT**

Plaintiffs' claims must be dismissed pursuant to Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b) because Plaintiffs have failed to comply with Pretrial Order 18C ("PTO 18C") and because they have stonewalled, and continue to stonewall discovery by failing to serve Plaintiff Profile Forms ("PPFs"). As more fully set forth below, more than eight months (and in one instance almost a year) has passed since the above Plaintiffs' PPFs were due. Merck has provided each of the above Plaintiffs with multiple notices that Plaintiffs' PPFs were overdue and that Merck would seek dismissal of Plaintiffs' claims if PPFs were not provided. Inexplicably, Plaintiffs allege in their Opposition that their Counsel received completed PPFs from Plaintiffs shortly after March 2006. (Pls.' Opp'n at 2.) To date, each Plaintiff has failed to file a PPF, not to mention provide Merck with a single phone call to discuss the instant matter. The record is clear that Plaintiffs' have wantonly disregarded Merck's notices as well as Pretrial Order 8B ("PTO 8B") and PTO 18C and Plaintiffs' claims must be dismissed with prejudice.

**ARGUMENT**

I.  **PLAINTIFFS HAVE NOT DEMONSTRATED THAT THEIR FAILURE TO PROVIDE PPFs WAS DUE TO EXCUSABLE CLERICAL ERROR AND THAT THEIR CASES SHOULD NOT BE DISMISSED**

Remer & Georges-Pierre P.A. ("Georges-Pierre") allege that their delay in providing the PPFs was not intentional, but due to an internal clerical error. They also allege that PPFs for the above referenced Plaintiffs "*had been completed and were pending mailing . . .*" shortly after March 2006. (Pls.' Opp'n at 2)(emphasis added). Plaintiffs' contentions are wholly without merit. Indeed, the full record of the above referenced cases shows a pattern of dilatoriness and noncompliance that cannot be absolved or explained by claiming clerical error or excusable delay.

| Plaintiff | Original PPF Due Date | 1st Warning Letter Sent | 1st Warning Letter Due Date | 2nd Warning Letter Sent | 2nd Warning Letter Due Date |
|---|---|---|---|---|---|
| Andrea Julien | 12/15/05 | 1/26/06 | 2/15/06 | 4/7/06 | 4/27/06 |
| Mathilde Julien | 12/15/05 | 1/26/06 | 2/15/06 | 4/7/06 | 4/27/06 |
| Rosette Manasse | 12/30/05 | 2/21/06 | 3/13/06 | 4/7/06 | 4/27/06 |
| Philomene Oltine | 12/30/05 | 2/21/06 | 3/13/06 | 4/7/06 | 4/27/06 |
| Jeanne Petit Louis | 12/30/05 | 2/21/06 | 3/13/06 | 4/7/06 | 4/27/06 |
| Clamard Reveil | 12/30/05 | 2/21/06 | 3/13/06 | 4/7/06 | 4/27/06 |
| Charite Toussaint | 1/14/06 | 2/21/06 | 3/13/06 | 4/7/06 | 4/27/06 |
| Anne Chavannes | 12/15/05 | 12/2/05 | 12/22/05 | 3/14/06 | 4/3/06 |
| Cecilia Achille | 11/15/05 | 12/8/05 | 12/28/05 | 2/7/06 | 2/27/06 |

As illustrated above, more than eight months (and in one instance almost a year) has passed since the above Plaintiffs PPFs were due and over a year and a half has passed since these cases were first transferred to the MDL.[1] Between December 2, 2005 and March 13, 2006, Merck notified Plaintiffs that they had failed to serve a PPF by the applicable deadlines imposed

---

[1] All the above referenced cases were transferred into the MDL on May 9, 2005 as part of CTO 6.

3

by PTO 18C.  Merck provided Plaintiffs with an additional twenty-days to provide complete and verified PPFs as mandated by PTO 18C.  Plaintiffs' counsel never responded to Merck's first notice.  Between February 7, 2006 and April 7, 2006, Merck again notified Plaintiffs that they had failed to provide PPFs and, as a professional courtesy, Merck provided Plaintiffs an additional ten-days to provide a PPF.  Once again, Plaintiffs' counsel never responded to Merck's second notice.  If Georges-Pierre can be believed, they had the completed PPFs from the Plaintiffs by or shortly after that time.

In light of Plaintiffs' counsel's silence, Merck moved to dismiss Plaintiffs' claims on August 28, 2006 by filing its Rule to Show Cause.  This Court entered the Rule to Show Cause on September 8, 2006 and ordered that all opposition papers be filed and served by October 6, 2006.  Rather than simply submitting the PPFs, which Georges-Pierre claims it had since Spring 2006, on Friday, October 6, 2006 at approximately 6:47 p.m., they served a Motion for Enlargement of Time to provide its Opposition by October 16, 2006.  Georges-Pierre failed to provide its Opposition by October 16, a self-imposed deadline.  This Court graciously granted Georges-Pierre's Motion for Enlargement of Time to provide its Opposition by October 26, 2006.  Plaintiffs' Counsel finally provided its Opposition but again failed to file and serve the Opposition pursuant to PTO 8B and provided Merck with an incomplete Opposition.  These Opposition papers, as more fully discussed below, were completely inadequate because they failed to include any of the referenced attachments and "Exhibit A".  Unquestionably, these actions demonstrate delay and a willfulness not to comply with PTO 18C and warrant dismissal. *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 641-43 (1976) (sanctions can be weighed in light of the full record in the case).

4

Assuming arguendo that Plaintiffs' counsel received completed and verified PPFs in or about March or April 2006, then it is inexplicable that Plaintiffs' counsel would not serve the completed PPFs or call Merck to discuss the instant matter. In its Opposition, Plaintiffs counsel does not offer any proof by Affidavit or courier receipt that it received completed PPFs from its clients or offer any proof that it complied with PTO 18C and 8B that it served and uploaded the PPFs via Lexis Nexis File and Serve, or offer any proof that it served completed PPFs upon Merck by way of courier receipt. It is even more inexplicable that Plaintiffs counsel would disregard this Court's Orders and not serve completed PPFs if it had received them over seven months ago.

Georges-Pierre further alleges in its Opposition that PPFs for the above-referenced Plaintiffs were attached as "Exhibit A" or as an attachment. However, neither "Exhibit A" nor any attachment was served or filed on either Merck or this Court. Originally believing this was a clerical error, Merck contacted Georges-Pierre numerous times requesting the immediate submission of "Exhibit A" and the other attachments. Once again, Plaintiffs' counsel never responded to Merck. (Attached hereto as Exhibit 1 is Merck's letter dated November 1, 2006 to Georges-Pierre Requesting "Exhibit A".) Without "Exhibit A" or any of the attachments referenced in its Opposition, it is difficult, if not impossible, for Merck to properly respond to Plaintiffs arguments. Indeed, Merck can only assume that completed PFFs for these plaintiffs do not exist.

II. **DISMISSAL OF PLAINTIFFS' CLAIMS IS APPROPRIATE AND WARRANTED IN LIGHT OF PLAINTIFFS' REPEATED DILATORINESS**

Georges-Pierre's repeated dilatory actions necessitate the dismissal of Plaintiffs' claims. Despite plaintiffs' claims that they have "remained active in prosecuting the case," the record clearly demonstrates Plaintiffs' repeated disregard for PTO 18C, PTO 8B, as well as this Court's

interest in preserving the integrity of its orders and deadlines.  Plaintiffs claim that there has been an "excusable delay in getting [these PPFs] formally filed."  (Pls.' Opp'n at 4.)  The nucleus of this argument is that these PPFs have been completed.  To date, however, no PPFs have been received from Georges-Pierre regarding the above-referenced Plaintiffs.  Furthermore, Georges-Pierre also contend that complete PPFs were received from Plaintiffs as early as March 2006, but were not forwarded to Merck because of "clerical error."  If this is indeed the fact, it is inexplicable that Merck was still waiting for the production of these PPFs five months after its notice letters first went out and two months after it filed its Rule to Show Cause.   Regardless of whether PPFs for these clients do exist, Plaintiffs' actions have and continue to run contrary to this Court's orders and frustrate the objectives of Multi-District Litigation ("MDL").  To accept Plaintiffs' argument would be to reward noncompliant plaintiffs for their misconduct while effectively bringing hundreds, if not thousands of these cases to a near-halt.

In light of the thousands of plaintiffs who have claims pending before this Court, imposing a sanction of dismissal for Plaintiffs' repeated disregard for its service and production requirements of PTO 18C and PTO 8B would help deter other plaintiffs from engaging in similar dilatory behavior.  Indeed, the Supreme Court has expressly acknowledged that dismissal as a sanction can be used both to "penalize those whose conduct may be deemed to warrant such sanction" and "to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League*, 427 U.S. at 643.

Accordingly, dismissal of Plaintiffs' claims is the only effective means of sanctioning Plaintiffs for their repeated disregard for this Court's pretrial orders.  *See Hickman v. Fox Television Station Inc.,* 231 F.R.D. 248, 253 (S.D. Tex. 2005).  Dismissal will discourage other

plaintiffs in this MDL from disregarding this Court's orders and will ensure that this type of obtrusive behavior will not frustrate the pace of litigation and the purpose behind PTO 18C.

### III.     A STAY IS NOT APPROPRIATE UNDER THE CICRUMSTANCES

It is inappropriate that after failing to provide Merck with PPFs, after receiving multiple notices to produce complete and responsive PPFs, and after having more than two months to investigate Plaintiff's claims after Merck filed its Rule to Show Cause, Plaintiffs only now assert that since March or April 2006, the time in which complete PPFs were allegedly received by Plaintiffs' counsel, they have been in "discussions regarding the substitution of counsel" and would like to stay these proceedings.  This is the first time Merck has received notice of Counsel's possible intentions to withdraw.

Merck has granted hundreds, if not thousands, of extensions and continues to work diligently with Plaintiffs on resolving issues without court intervention.  Georges-Pierre's failure to provide PPFs or contact Merck has made this impossible.  Plaintiffs' request for a stay is untenable in light of the mandatory language of the PTO 18C, which requires Plaintiffs to submit a PPF by a date certain.  (*See* PTO 18C ¶¶ 1-3.)  Georges-Pierre's possible substitution does not absolve these Plaintiffs from their responsibility to provide basic information about their claims.  Plaintiffs have had months and in some instances close to year to provide PFFs and have failed to provide a single PPF.  As this Court noted in *In re Propulsid Products Liability Litigation* "[d]efendants have a right to receive [basic] information from claimants and claimants have a duty to provide the information timely." 2003 WL 22383576, at *1 (E.D. La. Oct. 16, 2003).  Georges-Pierre has violated this duty and a stay would reward these plaintiffs' non-compliance.  It would be dangerous precedent for this Court to grant a stay at this stage of the litigation.

Granting Plaintiffs' request for stay would only encourage others to disregard this Court's orders regarding discovery and Merck's notices to comply with this Court's Orders.

### IV.     PLAINITFFS' OPPOSITION SHOULD BE STRICKEN

In light of the above and Plaintiffs' counsel's failure to provide "Exhibit A" and any of the intended attachments to its Opposition, it is respectfully requested that Plaintiff's Opposition be stricken or not considered. "Exhibit A" purportedly identifies Plaintiffs' counsel's requests to its clients to provide it with PPFs or purports to provide Merck and this Court with completed PPFs. As mentioned above and as indicated in Exhibit 1 attached hereto, Merck tried to contact Georges-Pierre numerous times to attempt to receive "Exhibit A" or any of the attachments to Plaintiffs' Opposition. Plaintiffs' Counsel never provided these documents nor contacted Merck's counsel.

**CONCLUSION**

For the foregoing reasons and the reasons set forth in Merck's initial Memorandum, Merck respectfully asks the Court dismiss Plaintiffs' claims with prejudice both for their failure to provide responsive and complete PPFs in compliance with PTO 18C and for their continued wanton and dilatory behavior.

DATED:  November 2, 2006

                                                     Respectfully submitted,

                                                   */s/ Dorothy H. Wimberly*
                                                   Phillip A. Wittmann, 13625
                                                 Dorothy H. Wimberly, 18509
                                                 Carmelite M. Bertaut, 3054
                                                 STONE PIGMAN WALTHER WITTMANN L.L.C.
                                                 546 Carondelet Street
                                                 New Orleans, Louisiana 70130
                                                 Phone: 504-581-3200
                                                 Fax:    504-581-3361

                                                 Defendants' Liaison Counsel

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing reply brief been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 2nd day of November, 2006.

      */s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel