UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | * * * * | MDL No. 1657 |
| | * | SECTION L |
| | * * | JUDGE ELDON E. FALLON |
| | * * * | MAGISTRATE JUDGE DANIEL E. KNOWLES, III |
| | * * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO:** *Thelma Bryant v. Merck & Co., Inc.*, **Case No. 06-6278.**

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the Plaintiff's Original Complaint ("Complaint") as follows:

## RESPONSE TO COMPLAINT

1.      Denies each and every allegation contained in the unnumbered introductory paragraph of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Plaintiff purports to seek damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "PARTIES"

2.  Denies each and every allegation contained in the first sentence of paragraph 1 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second sentence of paragraph 1 of the Complaint.

3.  Denies each and every allegation contained in paragraph 2 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, may be served as allowed by applicable federal and/or state law, which in multidistrict litigation ("MDL") No. 1657 includes the procedures outlined in Pre-Trial Order No. 15 issued by Judge Fallon on May 31, 2005. Merck further admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that it is authorized to do business in South Carolina.

## RESPONSE TO
## "JURISDICTION AND VENUE"

4.  The allegations contained in paragraph 3 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 3 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiff purports to state a claim in excess of $75,000 but denies that there is any legal or factual basis for such relief.

5.  The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed

2

required, Merck denies each and every allegation contained in paragraph 4 of the Complaint, except admits that there is a MDL related to the prescription medicine Vioxx, that the referenced Orders exist, and respectfully refers the Court to those Orders for their actual content and full effect.

**RESPONSE TO**
**"FRAUDULENT CONCEALMENT"**

6. The allegations contained in the first sentence of paragraph 5 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of paragraph 5 of the Complaint. Merck denies each and every allegation contained in the second, third, fourth, and fifth sentences of paragraph 5 of the Complaint.

**RESPONSE TO**
**"FACTS"**

7. Denies each and every allegation contained in paragraph 6 of the Complaint, except admits that Vioxx, which is the brand name for rofecoxib, is a selective COX-2 inhibitor. Merck further avers that the U.S. Food & Drug Administration ("FDA") approved Vioxx as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

8. Denies each and every allegation contained in paragraph 7 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

9. Denies each and every allegation contained in paragraph 8 of the Complaint, except admits that Merck has employees, agents, and representatives.

3

10.     Denies each and every allegation contained in paragraph 9 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

11.     Denies each and every allegation contained in paragraph 10 of the Complaint.

12.     Denies each and every allegation contained in the first and second sentences of paragraph 11 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the third sentence of paragraph 11 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

13.     Denies each and every allegation contained in paragraph 12 of the Complaint.

## RESPONSE TO "COUNT I:
## STRICT PRODUCTS LIABILITY – DEFECTIVE DESIGN"

14.     With respect to the allegations contained in paragraph 13 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

15.     Denies each and every allegation contained in paragraph 14 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

16.     Denies each and every allegation contained in paragraph 15 of the Complaint.

4

17.     Denies each and every allegation contained in paragraph 16 of the Complaint.

18.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 17 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 17 of the Complaint, and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

19.     Denies each and every allegation contained in paragraph 18 of the Complaint.

20.     Denies each and every allegation contained in paragraph 19 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

**RESPONSE TO "COUNT II:**
**STRICT PRODUCTS LIABILITY – FAILURE TO WARN"**

21.     With respect the allegations contained in paragraph 20 of the Complaint repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth herein.

22.     Denies each and every allegation contained in paragraph 21 of the Complaint.

23.     Denies each and every allegation contained in paragraph 22 of the Complaint.

24.     Denies each and every allegation contained in paragraph 23 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription

medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

25.     Denies each and every allegation contained in paragraph 24 of the Complaint.

26.     Denies each and every allegation contained in paragraph 25 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

27.     Denies each and every allegation contained in paragraph 26 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

28.     Denies each and every allegation contained in paragraph 27 of the Complaint.

29.     Denies each and every allegation contained in paragraph 28 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## RESPONSE TO
## "COUNT III: NEGLIGENT DESIGN"

30.     With respect the allegations contained in paragraph 29 of the Complaint repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth herein.

6

31.     Denies each and every allegation contained in paragraph 30 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

32.     Denies each and every allegation contained in paragraph 31 of the Complaint.

33.     Denies each and every allegation contained in paragraph 32 of the Complaint.

34.     Denies each and every allegation contained in paragraph 33 of the Complaint.

35.     Denies each and every allegation contained in paragraph 34 of the Complaint.

36.     Denies each and every allegation contained in paragraph 35 of the Complaint.

37.     Denies each and every allegation contained in paragraph 36 of the Complaint.

38.     Denies each and every allegation contained in paragraph 37 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## RESPONSE TO
## "COUNT IV:  NEGLIGENT FAILURE TO WARN"

39.     With respect the allegations contained in paragraph 38 of the Complaint repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth herein.

40.     The allegations contained in paragraph 39 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 39 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.  Merck further denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

41.     Denies each and every allegation contained in paragraph 40 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

42.     Denies each and every allegation contained in paragraph 41 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

43.     Denies each and every allegation contained in paragraph 42 of the Complaint.

44.     Denies each and every allegation contained in paragraph 43 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription

8

medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## RESPONSE TO
## "COUNT V:  FRAUDULENT MISREPRESENTATION"

45.    With respect the allegations contained in paragraph 44 of the Complaint repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth herein.

46.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 45 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 45 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.  Merck further admits that Plaintiff purports to seek damages but denies that there is any legal or factual basis for such relief

47.    Denies each and every allegation contained in paragraph 46 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

48.    Denies each and every allegation contained in the first sentence of paragraph 47 of the Complaint.   The allegations contained in the second sentence of paragraph 47 of the Complaint are legal conclusions as to which no response is required.  Should a response

be deemed required, Merck denies each and every allegation contained in the second sentence of paragraph 47 of the Complaint.

49.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 48 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 48 of the Complaint.

50.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 49 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 49 of the Complaint. Merck further denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

51.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 50 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 50 of the Complaint.

52.     Denies each and every allegation contained in paragraph 51 of the Complaint, except admits that Plaintiff purports to seek exemplary damages but denies that there is any legal or factual basis for such relief.

**RESPONSE TO**
**"COUNT VI:  GROSS NEGLIGENCE AND MALICE"**

53.     The allegations contained in paragraph 52 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 52 of the Complaint.

54.     The allegations contained in paragraph 53 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 53 of the Complaint.

55.     Denies each and every allegation contained in paragraph 54 of the Complaint, except admits that Plaintiff purports to seek exemplary damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "DAMAGES"

56.     Denies each and every allegation contained in paragraph 55 of the Complaint.   Merck further repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 55 of this Answer with the same force and effect as though set forth herein.

57.     Denies each and every allegation contained in paragraph 56 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

58.     Denies each and every allegation contained in paragraph 57 of the Complaint.

59.     Denies each and every allegation contained in paragraph 58 of the Complaint.

60.     Denies each and every allegation contained in paragraph 59 of the Complaint.

61.     Denies each and every allegation contained in paragraph 60 of the Complaint.

62.     Denies each and every allegation contained in paragraph 61 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

11

63.    Denies each and every allegation contained in paragraph 62 of the Complaint, except admits that Plaintiff purports to seek attorney's fees and costs but denies that there is any legal or factual basis for such relief.

64.    Denies each and every allegation contained in paragraph 63 of the Complaint, except admits that Plaintiff purports to seek exemplary and/or punitive damages but denies that there is any legal or factual basis for such relief.

65.    Denies each and every allegation contained in paragraph 64 of the Complaint, except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

66.    The allegations contained in paragraph 65 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 65 of the Complaint, except admits that Plaintiff purports to state a claim in excess of the Court's jurisdictional amount but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "JURY DEMAND"

67.    The allegations contained in paragraph 66 of the Complaint are legal conclusions as to which no responsive pleading is required.

68.    The allegations contained in the unnumbered "For These Reasons" paragraph after paragraph 66 of the Complaint constitute a prayer for relief as to which no response should be required.  Should a response be required, Merck denies each and every allegation contained in the unnumbered "For These Reasons" paragraph, including its subparts a through g, except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

12

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

69.     The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

70.     The Plaintiff was careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiff.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

71.     To the extent that Plaintiff asserts claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

72.     To the extent that Plaintiff asserts claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

73.     The Plaintiff failed to exercise reasonable care to mitigate her alleged damages.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

74.     Each and every claim asserted or raised in the Complaint is barred by prescription, preemption, and/or any other applicable federal or state statute of limitations.

13

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

75.     To the extent that Plaintiff asserts claims in the Complaint based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

76.     The claims of the Plaintiff are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

77.     The claims of the Plaintiff are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

78.     The claims of the Plaintiff are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

79.     The claims of the Plaintiff are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Products Liability.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

80.     The product conformed to the state-of-the-art for the design and manufacture of such, or similar, products.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

81.     The claims of the Plaintiff are barred, in whole or in part, under the
applicable state law because Vioxx was subject to and received pre-market approval by the Food
and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

82.     If Plaintiff has sustained injuries or losses as alleged in the Complaint,
such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully
assumed the risk of any injury as the result of the consumption of, administration of, or exposure
to any drug or pharmaceutical preparation manufactured or distributed by Merck or other
manufacturer.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

83.     If Plaintiff has sustained injuries or losses as alleged in the Complaint,
upon information and belief, such injuries and losses were directly and proximately caused by
the intervening or superseding act and conduct of persons not having real or apparent authority to
take said actions on behalf of Merck and over whom Merck had no control and for whom Merck
may not be held accountable.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

84.     To the extent that Plaintiff has settled or will in the future settle with any
person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any,
should be reduced accordingly.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

85.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiff or natural course of conditions for which this Defendant is not responsible.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

86.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiff or abuse of Vioxx.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

87.     The claims of Plaintiff are barred in whole or in part by the First Amendment of the Constitution of the United States of America and comparable state law provisions.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

88.     To the extent that Plaintiff relies upon any theory of breach of warranty, Plaintiff did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

89.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

16

**AS FOR A TWENTY-SECOND**
**DEFENSE, MERCK ALLEGES:**

90.     Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

**AS FOR A TWENTY-THIRD**
**DEFENSE, MERCK ALLEGES:**

91.     To the extent that Plaintiff seeks punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

**AS FOR A TWENTY-FOURTH**
**DEFENSE, MERCK ALLEGES:**

92.     To the extent Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

**AS FOR A TWENTY-FIFTH**
**DEFENSE, MERCK ALLEGES:**

93.     The demand for punitive damages by the Plaintiff is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

**AS FOR A TWENTY-SIXTH**
**DEFENSE, MERCK ALLEGES:**

94.     To the extent that Plaintiff asserts claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to her

17

claims, Plaintiff has failed to allege facts that would overcome the defenses available under that state products liability law.

### AS FOR A TWENTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

95.    The claims of Plaintiff are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

### AS FOR A TWENTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

96.    To the extent that Plaintiff asserts claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiff to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

### AS FOR A TWENTY-NINTH
### DEFENSE, MERCK ALLEGES:

97.    Merck demands a trial by jury of all issues.

### AS FOR A THIRTIETH
### DEFENSE, MERCK ALLEGES:

98.    Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

### AS FOR A THIRTY-FIRST
### DEFENSE, MERCK ALLEGES:

99.    Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of

the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert

any such defense.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

100.    Any liability that might otherwise be imposed upon this Defendant is

subject to reduction by the application of the doctrine of comparative negligence.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

101.    To the extent the Plaintiff is not a resident of South Carolina or the alleged

causes of action did not arise in South Carolina, the Plaintiff's claims are barred by South

Carolina Code Ann. § 15-5-150.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

102.    To the extent that Plaintiff seeks punitive damages, various provisions of

the United States Constitution and the South Carolina Constitution bar Plaintiff's claim for

punitive damages.  An award of punitive damages under South Carolina law violates the Fifth,

Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 3 of

the South Carolina Constitution in various ways, including the following:

      a.    the judiciary's ability to correct a punitive damage award only upon a finding of passion, prejudice, or caprice is inconsistent with the due process guarantees;

      b.    any award of punitive damages serving a compensatory function is inconsistent with due process guarantees;

      c.    any award of punitive damages based upon the wealth of the Defendant violates due process guarantees;

      d.    the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of meaningful standards and is inconsistent with due process guarantees;

e.   even if it could be argued that the standard governing the imposition of punitive damages exists, the standard is void for vagueness;

f.   the Plaintiff's claim for punitive damages violates the equal protection clause of the Fourteenth Amendment of the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of the Defendant; and

g.   the Plaintiff's claim for punitive damages violates the Defendant's right to access to the courts guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of unlimited punitive damages chills the Defendant's exercise of that right.

The Plaintiff's claim for punitive damages violates the federal doctrine of separation of powers and Article I, Section 8 of the South Carolina Constitution for the reason that punitive damages are a creation of the judicial branch of government which invades the province of the legislative branch of government. Additionally, Plaintiff's claim for punitive damages is barred by the proscription of the Eighth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, prohibiting the imposition of excessive fines. Finally, Plaintiff's claim for punitive damages is barred by the double jeopardy clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.   That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiff's Complaint with prejudice against Merck with costs assessed to Plaintiff;

2.   Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

20

3.      Providing for such other and further relief, including demand for jury trial,

as the Court may deem just and proper.

Dated: November 3, 2006.

Respectfully submitted,

_____
Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Melissa V. Beaugh, 28250
            Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
            Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. to

Plaintiff's Complaint has been served on Liaison Counsel, Russ Herman and Phillip Wittmann,

by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically

uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order

No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States

District Court for the Eastern District of Louisiana by using the CM/ECF system which will send

a Notice of Electronic Filing in accordance with the procedures established in MDL No. 1657,

on this __3__ day of November, 2006.

_____
Melissa V. Beaugh