# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| | * | |
| | * | MAG. JUDGE KNOWLES |
| This document relates to | * | |
| | * | |
| ROBERT G. SMITH | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| V. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |
| Civil Action No. 2:05cv04379 | * | |
| | * | |

* * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF
## MERCK'S MOTION FOR TAXATION OF COSTS

Merck submits this memorandum in support of its motion for taxation of costs.  For the reasons set forth below, the costs itemized in Merck's affidavit and supporting documentation should be taxed against Plaintiff.

## I.    COSTS SHOULD BE AWARDED TO MERCK AS PREVAILING PARTY PURSUANT TO FED. R. CIV. P. 54.

Costs recoverable by a prevailing party in a federal action are governed by Federal Rule of Civil Procedure 54, which states:  "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as

1

of course to the prevailing party unless the court otherwise directs[.]" Fed. R. Civ. P. 54(d)(1).

The Fifth Circuit's treatment of Rule 54(d) applies "a strong presumption that the prevailing

party will be awarded costs." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (citing

*Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981) (other citations omitted). Furthermore,

"it is incumbent upon the losing party to overcome that presumption." *Id.* (quoting *Walters v.*

*Roadway Express, Inc.*, 557 F.2d 521 (5th Cir. 1977). In this case, Merck is the prevailing party

by virtue of the judgment rendered in its favor and, therefore, Plaintiff bears the burden of

overcoming a strong presumption that Merck will be awarded costs.

## II.  COSTS PROPERLY TAXABLE AGAINST PLAINTIFF.

Costs properly taxable against the losing party are governed by 28 U.S.C. § 1920, which

allows this court to tax the following items as costs:

(1) clerk's fees and marshal's fees;

(2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) fees and disbursements for printing and witnesses;

(4) fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) docket fees pursuant to 28 U.S.C. § 1923; and

(6) compensation of court appointed experts, interpreters, and salaries, fees, expenses and costs of special interpretation services pursuant to 28 U.S.C. § 1828.

28 U.S.C. § 1920 (West 2006). Attached to this memorandum is an affidavit prepared by

counsel for Merck, along with supporting documentation, detailing the specific costs that should

be taxed against Plaintiff in this case. Each category is discussed below.

837898v.1

### A.  Deposition Transcripts

Prevailing parties "are entitled to recover the costs of original depositions and copies under 28 U.S.C. § 1920(2) and § 1920(4) respectively, provided they were 'necessarily obtained for use in the case.'"  *Fogleman v. ARAMCO*, 902 F.2d 278, 285 (5th Cir. 1991) (citing *United States v. Kolesar*, 313 F.2d 835, 838-840 (5th Cir.1963); and *West Wind Africa Line, Ltd. v. Corpus Christi Marine Services Co.*, 834 F.2d 1232, 1237-38 (5th Cir.1988).  The Fifth Circuit has articulated a test for what costs are "necessarily obtained":  "If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party."  *Id.* at 286 (citations omitted); see also *Nissho-Iwai Co. v. Occidental Crude Sales, Inc.*, 729 F.2d 1530, 1553 (5th Cir. 1984) (finding that depositions were properly taxed regardless of whether admitted at trial since they were used by counsel to structure questioning of witnesses).  Significantly, "great latitude" is accorded to the district court in the factual determination of "[w]hether a deposition or copy was necessarily obtained for use in the case."  *Id.* at 285-86 (citations omitted).

Costs incurred by Merck in obtaining the deposition transcripts listed in the attached affidavit were necessarily and reasonably obtained for use in the case.  The following individuals deposed were listed in the pretrial order by Plaintiff as "may call" witnesses:  Plaintiff Robert G. Smith, Dr. Gary Sander (Plaintiff's Expert), Dr. John Abramson, Dr. Michael Grefer, and Dr. Daniel Courtade.  Merck used the deposition of Dr. Gary Sander, who testified live at trial, for trial preparation.  Witnesses whose videotaped depositions were played at trial were treating physicians Dr. Michael Grefer and Dr. Daniel Courtade.  In addition, Plaintiff's deposition was necessarily and reasonably obtained in preparation for trial.  Finally, although Dr. John Abramson did not testify at trial and his deposition was not entered into evidence at trial, he

appeared on Plaintiff's "may call" list and it was necessary for Merck to obtain a transcript of his deposition to prepare for trial.  Significantly, Plaintiff's description of each witness' "anticipated testimony" referred exclusively to the witness' deposition and, when relevant, expert report.  *See* Pretrial Order 14-18, Aug. 29, 2006; Pl.'s Designation of Experts and Lay Witnesses 2-11. Accordingly, depositions for all of Plaintiff's "may call" witnesses were necessary for purposes of evidence presented at trial or trial preparation.

Merck also incurred deposition costs for Dr. Craig Pratt, a defense expert, who testified live at the trial for Merck's case.  Dr. Pratt's deposition was necessary to prepare for trial. Therefore, all depositions were necessarily and reasonably obtained for use in the case and, specifically, for purposes of evidence presented at trial or trial preparation.

### B.  Trial and Hearing Transcripts

Recovery of costs for a transcript of the proceedings at pre-trial hearings and at trial is governed by 28 U.S.C. § 1920(2).  Pursuant to § 1920(2), "the cost of daily transcripts may be awarded only if the copies were necessarily obtained for use in the case."  *Zapata Gulf Marine Corp. v. Puerto Rico Mar. Shipping Auth.*, 133 F.R.D. 481, 483 (E.D. La. 1990) (citing *J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 760 F.2d 613, 615-16 (5th Cir. 1987), modified on other grounds, 790 F.2d 1193 (5th Cir. 1985) (en banc), aff'd, 482 U.S. 437, 107 S.Ct. 2494 (1987); *Studiengesellschaft Kohle v. Eastman Kodak Co.*, 713 F.2d 128, 133 (5th Cir.1983)) (other citations omitted)).  Where obtaining daily transcripts was "necessary to [Defendant's] successful verdict from the jury," the Fifth Circuit has upheld taxing of transcript costs to the prevailing party.  *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994).  Furthermore, the issue of whether the costs hearings transcripts are taxable against the losing party "is a matter largely in the discretion of the trial court."  *Stacy v. Williams*, 50 F.R.D. 52, 56 (N.D. Miss.

837898v.1

1970) (finding costs of hearing transcripts recoverable when necessary for the proper and efficient conduct of the case) (citing *U. S. v. Kolesar*, 313 F.2d 835 (5 Cir. 1963)).

The following trial and hearing transcripts costs are detailed in the documents attached to the affidavit:  Trial Transcript 09/11/06-09/26/06; and Transcript of Trial 09/11/06-09/26/06, Motions 09/07/06, and Jury Strikes 08/31/06.

## II.    CONCLUSION

For reasons and authorities cited herein, the costs set forth in Merck's affidavit and supporting exhibits and documentation should be taxed against Plaintiff and his attorneys, payable to Merck as the prevailing party in this matter.

Dated:  November 3, 2006                    Respectfully submitted,


                                            */s/ Dorothy H. Wimberly*
                                            Phillip A. Wittman, 13625
                                            Dorothy H. Wimberly, 18509
                                            STONE PIGMAN WALTHER WITMAN, LLC
                                            546 Carondelet Street
                                            New Orleans, LA  701310
                                            Phone: 504-581-3200
                                            Fax:    504-581-3361

                                            Defendant's Liaison Counsel

                                            —and—

                                            Philip S. Beck
                                            Carrie A. Jablonski
                                            BARTLITT BECK HERMAN PALENCHAR
                                            & SCOTT LLP
                                            54 W. Hubbard Street, Suite 300
                                            Chicago, IL  60610

837898v.1

Douglas R. Marvin
Robert A. Van Kirk
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck & Co., Inc

837898v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Merck & Co., Inc.'s Memorandum in Support of its Motion for Taxation of Costs, and Declaration in Support of Bill of Costs with attached Exhibits has been served on Liaison Counsel, Russ Herman and Phillip Wittman, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 3rd day of November, 2006.

_/s/ Dorothy H. Wimberly_____
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER WITMAN, LLC
546 Carondelet Street
New Orleans, LA  701310
Phone: 504-581-3200
Fax:    504-581-3361
dwimberly@stonepigman.com

Defendant's Liaison Counsel

837898v.1