# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No.  05-2524 | * | |
| | * | MAGISTRATE |
| ANTHONY WAYNE DEDRICK, | * | JUDGE KNOWLES |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC, | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * *

### OPPOSITION OF MERCK & CO., INC. ("MERCK") TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OR DISCUSSION CONCERNING DEFENDANT'S REPUTATION AND/OR "GOOD ACTS"

### (PLAINTIFF'S MOTION *IN LIMINE* NO. 4)

Merck is a research-driven pharmaceutical company; it develops and markets medicines and vaccines that play a critical role in global health.  It is a for-profit corporation, and the ongoing success of its business depends on its continuing ability to develop safe and effective drugs that protect and improve human life.

By way of this motion, plaintiff seeks exclusion of, among other things, evidence that Merck "develops drugs that treat and cure disease."  (Pl.'s Mot. at 2.)  As such, the motion is so

broad that it would exclude evidence of the fundamental nature of Merck's business, hamstring the ability of Merck-affiliated witnesses to explain even their basic job functions, and prevent Merck from offering evidence that is relevant to its defense.  To that extent, plaintiff's overbroad motion should be denied.[1]   In other respects, as explained below, plaintiff's motion is unnecessary because Merck does not intend to offer, in the compensatory damages phase, evidence of the nature that plaintiff seeks to exclude.

Plaintiff identifies five examples of what he terms "reputation evidence" or evidence of "good acts."  (*Id.*)  The first four of these are: (i) Merck's Patient Assistance Program, whereby uninsured individuals can obtain prescription medication for free or at reduced cost; (ii) the fact that Mr. Dedrick was a recipient of free drugs pursuant to Merck's Patient Assistance Program; (iii) Merck's efforts in Botswana to distribute HIV medicines and vaccines; and (iv) Merck's donation of medications to rural villages in Africa to combat "River Blindness."  It is true that Merck sponsors and participates in many different public health initiatives all around the world, ranging from programs to donate vaccines in Africa, to HIV/AIDS programs in China, to patient assistance programs in North America that allow eligible patients to receive medicines at reduced cost. Merck is also at the forefront of medical research seeking a cure for newly discovered infectious diseases such as SARS.  But Merck does not intend to offer evidence of these programs, or other similar matters, in the compensatory damages phase of this trial[2] unless such evidence becomes relevant because it is necessary to counter evidence introduced by

---

[1] If the Court is inclined to grant plaintiff's motion, it should also exclude testimony or evidence concerning Merck's alleged bad character, as it did in *Plunkett v. Merck*.  (*See* Nov. 15, 2005 *Plunkett v. Merck* Tr. at 30:12-31:4 ("I don't see comments coming in about 'They didn't do this because they were trying to make a buck,' 'They didn't do this because they were trying to kill people,' 'They didn't do this because they are evil.'").)

[2] Merck does not concede that such evidence would be irrelevant in a punitive damages phase, if one occurs.

837913v.1

plaintiff.[3]  To that extent, therefore, plaintiff's motion is unnecessary, and Merck does not oppose it.

But plaintiff does not seek to exclude only evidence of Merck's humanitarian public health initiatives.  He also asks the Court to exclude a fourth category of evidence – "the fact that Merck develops drugs that treat and cure disease."  (Pl.'s Mot. at 2.)  In this respect, the motion is patently overbroad.  As a fundamental matter, Merck is entitled to explain at trial what it is and what it does.  Yet, taken as written, this motion would exclude discussion of Merck's core business – developing and marketing medicines and vaccines that protect and improve human life.  The evidentiary exclusion that plaintiff has requested would prevent Merck witnesses from discussing their job functions in even the most neutral way.  For example, a Merck witness's statement that "I work as a researcher in the rheumatology group" would fall within the scope of the motion because it is a statement that the employee seeks to "develop a medicine to cure a disease."

The basic nature of Merck's business is relevant to issues to be determined in this action.  Plaintiff claims that Merck failed to provide an adequate warning of allegedly known cardiovascular risks associated with Vioxx®.  Evidence that Merck's success depends on its continuing ability to provide safe and effective drugs and to provide accurate information about those medicines is relevant to counter that contention.  Such evidence would clearly be "probative of a matter that is in issue in the litigation," namely, the issue of whether Merck knowingly suppressed facts relating to alleged cardiovascular risks.  *See United States v. Hall*,

---

[3] Merck expressly reserves the right to offer evidence of good acts if necessary to rebut evidence introduced by plaintiff purportedly showing that Merck has a "bad reputation" or "bad corporate character" or that it has been solely concerned with profits.  Quite simply, plaintiff cannot have it both ways.  He should not be allowed to introduce evidence of alleged "bad acts" on the part of Merck that have no relationship to the injury alleged in this case.

653 F.2d 1002, 1005 (5th Cir. 1981); *see also N.J. Collins, Inc. v. Pacific Leasing, Inc.*, No. 97-2379, 1999 U.S. Dist. LEXIS 22301 (E.D. La. Aug. 31, 1999) ("[F]or evidence to be relevant, the proposition to be proved must be one that is of consequence to the determination of the action." (citations omitted)).   It tends to disprove the contention that Merck suppressed or concealed adverse information and thus is relevant within the meaning of Federal Rule of Evidence 401.

Moreover, plaintiff cannot seriously contend that undue prejudice would result from allowing Merck witnesses to address these plainly relevant issues.  To the contrary, it is Merck that would be unduly prejudiced if its witnesses were precluded from making any reference to the basic nature of Merck's business.  To make Merck witnesses contort their testimony with circumlocutions to avoid mentioning that Merck performs research or makes medicines and vaccines that have beneficial effects would be anomalous and unfair.  Therefore, there is no basis to exclude the evidence under Federal Rule of Evidence 403.  To the extent that plaintiff's motion *in limine* seeks to exclude evidence about the basic nature of Merck's business, the motion should be denied.

Dated:  November 3, 2006                             Respectfully submitted,


                                                     /s/ Dorothy H. Wimberly
                                                     Phillip A. Wittmann, 13625
                                                     Dorothy H. Wimberly, 18509
                                                     STONE PIGMAN WALTHER
                                                     WITTMANN L.L.C.
                                                     546 Carondelet Street
                                                     New Orleans, Louisiana  70130
                                                     Phone:  504-581-3200
                                                     Fax:     504-581-3361

                                                     Defendants' Liaison Counsel

Philip S. Beck
Mark Ouweleen
Carrie Jablonski
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:      312-494-4440

Douglas Marvin
Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:      202-434-5029

And

Brian S. Currey
A. Patricia Klemic
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:      213-430-6407

Attorneys for Merck & Co., Inc.

837913v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Opposition of Merck & Co., Inc. Regarding Plaintiff's Motion *in Limine* to Exclude Evidence or Discussion Concerning Defendant's Reputation and/or "Good Acts" has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 3rd day of November, 2006.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

6

837913v.1