UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No.  05-2524 | * | |
| | * | MAGISTRATE |
| ANTHONY WAYNE DEDRICK, | * | JUDGE KNOWLES |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * | | |

**OPPOSITION OF MERCK & CO. INC. ("MERCK") TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE MERCK FROM ARGUING THAT FDA REGULATIONS PROHIBITED THE COMPANY FROM MAKING LABEL CHANGES WITHOUT PRIOR AGENCY APPROVAL**

**(PLAINTIFF'S MOTION *IN LIMINE* NO. 6)**

Because plaintiff began taking Vioxx® three months after the VIGOR results were incorporated into Merck's FDA-approved Vioxx label in April 2002, the sufficiency of the Vioxx label before April 2002 is irrelevant to this case.[1]  Plaintiff nonetheless seeks to exclude

---

[1] *See* Merck's Motion For Order Excluding Evidence And Testimony Addressed In Motions Previously Considered By The Court (Motion *in Limine* No. 1), filed Oct. 27, 2006 (Record Docket No. 8326), attaching as Ex. D Merck's previously filed Motion to Exclude Testimony or Argument that Merck (1) Could or Should Have Unilaterally Changed the Vioxx Label to Include the VIGOR Data; or (2) "Dragged Its Feet" to Prevent the VIGOR Data from Being Added to the Vioxx Label (Motion in *Limine* No. 4), filed Sept. 27, 2006 in *Mason v. Merck* (Record Docket No. 7451).)  Merck hereby incorporates that motion by reference.

any argument or testimony from Merck that it could not have revised the Vioxx label – *prior to April 2002 and without FDA approval* – to add the VIGOR data.  Plaintiff's argument that "Merck was permitted to add a warning for cardiovascular risks to the Vioxx label *at any time after the results of the VIGOR study were known* without advance approval by the FDA" is a red herring, given the facts of this case.  (Pl.'s Mot. at 4 (emphasis in original).)  Neither the adequacy of prior Vioxx labels nor the issues leading up to adoption of the April 2002 label are relevant in a post-label change case such as this one.  The Court has consistently rejected this motion in prior cases.  In any event, plaintiff's argument is contrary to FDA regulations, the FDA's statements about its regulations, and the relevant case law, as explained in prior briefing.  Plaintiff's motion should therefore be denied.

**I.   WHETHER MERCK COULD HAVE UNILATERALLY ADDED THE VIGOR DATA TO THE VIOXX LABEL BEFORE APRIL 2002 IS IRRELEVANT IN THIS POST-LABEL CHANGE CASE.**

Plaintiff in this case did not start taking Vioxx until July 2002, three months *after* the VIGOR data was incorporated into Merck's FDA-approved label for Vioxx.  As the Court knows, Merck received the unblinded VIGOR data in March 2000 and filed a supplemental application to change the Vioxx label in June 2000.  The FDA denied Merck's request for expedited review.  Thereafter, the FDA spent approximately two years reviewing the data from other Vioxx studies to determine the significance of VIGOR and discussing the significance of VIGOR with Merck.  *See* FDA website, Sequence of Events with VIOXX, Since Opening of IND,   http://www.fda.gov/ohrms/dockets/ac/05/briefing/2005-4090B1_04_E-FDA-TAB-C.htm (last visited Nov. 1, 2006).

In April 2002, after nearly two years of discussion and data analysis, the FDA approved a label that added information about the possible cardiovascular risk associated with Vioxx.  *Id*.  Because plaintiff did not begin taking Vioxx until July 2002, three months *after* the FDA-

approved label was in circulation, the only label at issue in this case is the label that already incorporated the VIGOR data. Therefore, plaintiff's argument that "Merck was permitted to add a warning for cardiovascular risks to the Vioxx label *at any time after the results of the VIGOR study were known* without advance approval by the FDA" is wholly irrelevant to this case and cannot sustain plaintiff's request for exclusion. (Pl.'s Mot. at 4 (emphasis in original).)

II. **REGARDLESS, PLAINTIFF'S ARGUMENT THAT A PHARMACEUTICAL COMPANY CAN ALWAYS MAKE LABEL CHANGES WITHOUT FDA APPROVAL MISSTATES THE LAW.**

Even if plaintiff's arguments had any relevance in this case, the Court should still deny plaintiff's motion, as it has done before. (*See, e.g.*, Oct. 13, 2006 Order in *Mason v. Merck* at 7 (Record Docket No. 7993-2.)) Plaintiff's argument that "regulations explicitly permit a manufacturer to unilaterally strengthen a warning label at any time without regulatory approval" is wrong. (*See* Pl.'s Mot. at 2.) There is no basis for the Court to alter its prior rulings, particularly where, as here, the issue is not even implicated. To the extent the issue has any relevance, Merck incorporates by reference the arguments raised in its Opposition to Plaintiff's Motion *in Limine* to Preclude Merck from Arguing that FDA Regulations Prohibited the Company from Making Label Changes without Prior Agency Approval, filed June 19, 2006 (Record Docket No. 5329), and its Opposition to Plaintiff's Motion *in Limine* to Preclude Any Testimony or Discussion by Defendant that it Could not have Amended the Vioxx Label or Issued Strengthened Warnings without Prior FDA Approval, filed November 11, 2005 (Record Docket No. 1437). The discussions in this prior briefing demonstrate that plaintiff's arguments

3

are flatly inconsistent with the FDA's interpretation of its own regulations and the governing case law.[2]

IV.     CONCLUSION.

For the reasons stated above, Merck respectfully requests that the Court deny plaintiff's Motion *In Limine* To Preclude Merck From Arguing That FDA Regulations Prohibited The Company From Making Label Changes Without Prior Agency Approval.

Dated:  November 3, 2006                                Respectfully submitted,

/s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361

Defendants' Liaison Counsel

---

[2] The cases plaintiff cites here do not support a sweeping rule that safety information always may be added to a label without the permission of the FDA.  Most of the cases address whether the plaintiffs' claims should be preempted or otherwise decided as a matter of law.  *See Witczak v. Pfizer, Inc.*, 377 F. Supp. 2d 726, 727 (D.Minn. 2005) (deciding preemption issue); *Cartwright v. Pfizer, Inc.*, 369 F. Supp. 2d 876, 877 (E.D. Tex. 2005) (same); *Madden v. Wyeth*, 2005 WL 2278081 (N.D. Tex. Sept. 14, 2005), at *1 (denying defendant's motion for summary judgment).  In none of the cases was the court asked to preclude a company from presenting evidence regarding whether FDA regulations prohibited it from unilaterally changing its label.  *See id.; Ohler v. Purdue Pharma, L.P.*, 2002 WL 88945 (E.D. La. Jan. 22, 2002).  The court decisions cited by plaintiff, which analyze either whether entire claims are preempted or whether, in the specific facts of that case, a party could have changed a label without FDA approval, do not stand for the proposition that a prescription drug manufacturer can always unilaterally modify the label of its drug product.

4

837915v.1

Philip S. Beck
Mark Ouweleen
Carrie Jablonski
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:      312-494-4440

Douglas Marvin
Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:      202-434-5029

And

Brian S. Currey
A. Patricia Klemic
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:      213-430-6407


Attorneys for Merck & Co., Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Opposition to Motion *In Limine* To Preclude Merck From Arguing That FDA Regulations Prohibited The Company From Making Label Changes Without Prior Agency Approval has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 3rd day of November, 2006.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel