UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No.  05-2524 | * | |
| | * | MAGISTRATE |
| ANTHONY WAYNE DEDRICK, | * | JUDGE KNOWLES |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**OPPOSITION OF MERCK & CO., INC. ("MERCK") TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE MERCK EMPLOYEE AND FORMER EMPLOYEE WITNESSES FROM OFFERING OPINION TESTIMONY WHICH THEY ARE UNQUALIFIED TO OFFER, WHICH HAS NOT PREVIOUSLY BEEN DISCLOSED, AND WHICH LACKS APPROPRIATE SUPPORT UNDER *DAUBERT***

**(PLAINTIFF'S MOTION *IN LIMINE* NO. 9)**

Merck employees who will testify in this case are highly skilled doctors and researchers whose fact testimony may require them to explain scientific and technical concepts.  As the Court has noted in the past, certain key issues in these cases turn on what Merck's employees knew about complex scientific and medical issues, and when they knew it.  In order to explain that to the jury, Merck's employees will be required to explain – as they have in past trials – the state of the scientific evidence at relevant times and what that evidence means to them.  Moreover, because plaintiff has put Merck's reasonableness at issue through his negligence

1

claim, and Merck's intent at issue through his fraud claim, Merck's employees are entitled to express their understanding and interpretation of this evidence. The Court should reject any contrary rule as unworkable.

Contrary to plaintiff's claims, Merck does not intend to elicit testimony from employees "outside their area of expertise." (*See* Pl.'s Mot. at 3.) Instead, Merck expects that its employees will testify consistently with what this Court has permitted in the *Plunkett, Barnett,* and *Smith* trials. This testimony is fully consistent with Federal Rules of Evidence 701 and 702. *See, e.g., United States v. Carlock*, 806 F.2d 535, 551 (5th Cir. 1986) (allowing employee fact witnesses to offer an opinion on whether union referrals were given out fairly where the employee fact witnesses established that, in the course of their work, they had garnished personal knowledge of facts on which they based their opinion); *Soden v. Freightliner Corp.*, 714 F.2d 498, 511 (5th Cir. 1983) (allowing a non-expert to offer an opinion related to his fact testimony, and stating that "[i]f the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue."). The fact that a state court trial judge applying different evidentiary rules excluded certain testimony should not change this Court's practices. Moreover, these witnesses have been deposed repeatedly and some have testified at trial; plaintiff can hardly claim surprise.

For the reasons stated above, Merck respectfully requests that the Court deny Plaintiff's Motion *In Limine* To Preclude Merck Employee And Former Employee Witnesses From Offering Opinion Testimony Which They Are Unqualified To Offer, Which Has Not Previously Been Disclosed, And Which Lacks Appropriate Support Under *Daubert*.

837921v.1

Dated: November 3, 2006                              Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Mark Ouweleen
Carrie Jablonski
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone: 312-494-4400
Fax:     312-494-4440

Douglas Marvin
Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone: 202-434-5000
Fax:     202-434-5029

And

Brian S. Currey
A. Patricia Klemic
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: 213-430-6000
Fax:     213-430-6407

Attorneys for Merck & Co., Inc.

837921v.1

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Opposition to Plaintiff's Motion *In Limine* To Preclude Merck Employee And Former Employee Witnesses From Offering Opinion Testimony Which They Are Unqualified To Offer, Which Has Not Previously Been Disclosed, And Which Lacks Appropriate Support Under *Daubert* has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon Andy Birchfield by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 3rd day of November, 2006.

      /s/ Dorothy H. Wimberly
      Dorothy H. Wimberly, 18509
      STONE PIGMAN WALTHER WITTMANN L.L.C.
      546 Carondelet Street
      New Orleans, Louisiana 70130
      Phone: 504-581-3200
      Fax: 504-581-3361
      dwimberly@stonepigman.com

      Defendants' Liaison Counsel

837921v.1