IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>PRODUCTS LIABILITY LITIGATION<br>This document relates to<br>Case No. 2:05CV2524<br>ANTHONY WAYNE DEDRICK,<br>        Plaintiff,<br>v.<br>MERCK & CO., INC.,<br>        Defendant. | MDL DOCKET NO. 1657<br>SECTION L<br>JUDGE FALLON<br>MAGISTRATE JUDGE KNOWLES<br>**MERCK'S OBJECTIONS TO<br>PLAINTIFF'S COUNTER DESIGNATIONS<br>FOR CASE SPECIFIC WITNESSES** |

      Merck hereby files its objections to Plaintiff's counter-designations for case specific witnesses.

      Merck reserves the right to supplement or amend its objections based upon any ruling of the Court or any other court decisions that affect the scope of evidence in this trial, including rulings on its motions *in limine* or *Daubert* motions.  Merck also reserves the right to make additional completeness designations upon receipt of any Plaintiff's final designations or counter-designations.  Merck does not waive its right to object to and/or move to exclude any documents or testimony that Plaintiff may offer at trial.  Merck reserves all such rights.

      By counter-designating testimony in response to Plaintiff's otherwise objectionable designations, Merck does not intend to waive any of its objections to deposition testimony, exhibits, or other evidence or argument.

**Defendant's Objections to Plaintiff's Counter-Designations**
**Sherry Curtis (9/26/2006)**

| Page | Line | Page | Line | Objections |
|---|---|---|---|---|
| 19 | 23 | 20 | 4 | Answer non-responsive; beyond the scope of the question. |
| 22 | 25 | 23 | 4 | Irrelevant, R. 401 and 402. |
| 23 | 11 | 23 | 13 | Irrelevant, R. 401 and 402; lack of foundation. |
| 28 | 18 | 29 | 1 | Irrelevant, R. 401 and 402; non-responsive. |
| 50 | 22 | 51 | 14 | Answer at 51:1-2 is not responsive to the question. |

**Defendant's Objections to Plaintiff's Counter-Designations**
**Kenny Dedrick (9/26/2006)**

| Page | Line | Page | Line | Objections |
|---|---|---|---|---|
| 22 | 17 | 23 | 3 | Irrelevant, R. 401 and 402. |
| 24 | 7 | 24 | 15 | Lack of personal knowledge and speculation, R. 602. Also, no foundation. |
| 28 | 14 | 28 | 24 | Irrelevant, R. 401 and 402. |
| 40 | 5 | 40 | 10 | Cumulative (that she was sick before she died), and confusing (stomach problems), R. 403. |
| 46 | 4 | 46 | 21 | Whether witness believes Plaintiff stopped breathing for periods of time is non-responsive to the question of when Plaintiff complained of shortness of breath. Move to omit line 46:7 to 47:12. |
| 46 | 22 | 47 | 5 | "I guess" indicates lack of personal knowledge, R. 602. Furthermore, discussion of shortness of breath "usually" happening after a heart attack is improper opinion by a lay witness, R. 701. |
| 97 | 8 | 97 | 13 | Lack of personal knowledge and speculation, R. 602. Also, no foundation.<br><br>If overruled, defendant designates 97:14 – 98:12, 99:10 – 101:15 and 102:24 – 103:23. |
| 98 | 14 | 98 | 19 | Lack of personal knowledge, R. 602. If overruled, designate 97:14 – 98:12 and 99:10 – 101:15 (see previous objection and designation). |
| 103 | 24 | 104 | 7 | Lack of personal knowledge, R. 602. If overruled, designate 97:14 – 98:12 and 99:10 – 101:15 (see previous objection and designation). |

**Defendant's Objections to Plaintiff's Counter-Designations**
**Phil Dedrick (9/26/2006)**

| Page | Line | Page | Line | Objections |
|---|---|---|---|---|
| 26 | 9 | 27 | 6 | Irrelevant, lack of foundation; speculation R. 401 and |

2

|   |   |   |   | 402.<br><br>If overruled, objection to omission of "after he got out of prison." This is relevant to the time frame he lived with his mother. Also goes to his risk factors: the stress of imprisonment followed by the stress of caring for his mother. |
|---|---|---|---|---|
| 28 | 16 | 28 | 23 | Cumulative, R. 403. |

### Defendant's Objections to Plaintiff's Counter Designations
### Dr. Esmeraldo Herrera (9/14/2006)

| Page | Line | Page | Line | Defendant's Response |
|---|---|---|---|---|
| 29 | 3 | 29 | 6 | Non-responsive as there is no question pending; lack of predicate as the witness has already testified that he does not have the expertise about Vioxx to give opinions about whether Vioxx caused Plaintiff's heart attack – see testimony at 26:25 – 27:11, and witness has acknowledged that he would defer to cardiologists with respect to opinions concerning cardiovascular issues, cardiovascular health and heart attacks – see testimony at 46:14 – 47:7. |
| 37 | 24 | 38 | 5 | Non-responsive as the witness's answer refers to heart attacks and the question is about heart disease; R. 403 – testimony is confusing and prejudicial. |
| 72 | 6 | 73 | 3 | Object to the non-responsive portion of the answer after "Yes, sir I would prescribe the Celebrex." R. 403 – testimony is confusing; calls for speculation. |

### Defendant's Objections to Plaintiff's Counter Designations
### Dr. John McPherson (9/12/2006)

| Page | Line | Page | Line | Defendant's Response |
|---|---|---|---|---|
| 49 | 10 | 49 | 17 | Plaintiff objected to Merck's designation from lines 6 – 9 based on leading and lack of foundation. We responded by pointing out how well qualified the doctor is to give these opinions. I don't think we can object to this testimony. |

Dated:  November 3, 2006

                                       Respectfully submitted,

*/s/ Carrie A. Jablonski*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel


Philip S. Beck
Mark S. Ouweleen
Carrie A. Jablonski
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:     312-494-4440

Attorneys for Merck & Co., Inc.

4

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing MERCK'S OBJECTIONS TO PLAINTIFF'S COUNTER DESIGNATIONS FOR CASE SPECIFIC WITNESSES has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 3rd day of November, 2006.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel