UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | * * * * | MDL No. 1657 |
| | | SECTION L |
| | * * | JUDGE ELDON E. FALLON |
| | * * * | MAGISTRATE JUDGE DANIEL E. KNOWLES, III |
| | * * * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Michael Ozburn, as Administrator of the Estate of Frances Belle Ozburn, Deceased v. Merck & Co., Inc.*, **Case No. 06-3988.**

### ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the Plaintiff's Complaint and Verified Amended Complaint as follows:

### RESPONSE TO COMPLAINT

1.      The allegations contained in paragraph 1 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 1 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.  Merck further admits that Plaintiff purports to state a claim in excess of $75,000 but denies there is any legal or factual basis for such relief.

2.     Denies each and every allegation contained in paragraph 2 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

3.     Denies each and every allegation contained in paragraph 3 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, is authorized to do business in California and Louisiana.   Merck further admits that it is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.

## RESPONSE TO
## "AS FOR A FIRST CAUSE OF ACTION"

4.     With respect to the allegations contained in paragraph 4 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 3 of this Answer with the same force and effect as though set forth here in full.

5.     Denies each and every allegation directed towards Merck in paragraph 5 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

6.     Denies each and every allegation contained in paragraph 6 of the Complaint.

2

7.    Denies each and every allegation contained in paragraph 7 of the Complaint, except admits that Plaintiff purports to seek compensatory and punitive damages but denies there is any legal or factual basis for such relief.

**RESPONSE TO**
**"AS FOR A SECOND CAUSE OF ACTION"**

8.    With respect to the allegations contained in paragraph 8 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 7 of this Answer with the same force and effect as though set forth here in full.

9.    Denies each and every allegation contained in paragraph 9 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

10.   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 10 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 10 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

11.   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 11 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 11 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine

Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

      12.    Denies each and every allegation contained in paragraph 12 of the Complaint.

      13.    Denies each and every allegation contained in paragraph 13 of the Complaint, except admits that Plaintiff purports to seek compensatory and punitive damages but denies there is any legal or factual basis for such relief.

## RESPONSE TO
## "AS FOR A THIRD CAUSE OF ACTION"

      14.    With respect to the allegations contained in paragraph 14 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 13 of this Answer with the same force and effect as though set forth here in full.

      15.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in the first sentence of paragraph 15 of the Complaint, and denies each and every allegation directed towards Merck in the first sentence of paragraph 15 of the Complaint. The allegations contained in the second sentence of paragraph 15 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of paragraph 15 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

16.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 16 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 16 of the Complaint.

17.     Denies each and every allegation contained in paragraph 17 of the Complaint.

18.     Denies each and every allegation contained in paragraph 18 of the Complaint, except admits that Plaintiff purports to seek compensatory and punitive damages but denies there is any legal or factual basis for such relief.

## RESPONSE TO
## "AS FOR A FOURTH CAUSE OF ACTION"

19.     With respect to the allegations contained in paragraph 19 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 18 of this Answer with the same force and effect as though set forth here in full.

20.     Denies each and every allegation contained in paragraph 20 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further avers that the FDA approved Vioxx as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

21.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 21 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 21 of the Complaint.

22.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 22 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 22 of the Complaint.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint, except admits that Plaintiff purports to seek compensatory and punitive damages but denies there is any legal or factual basis for such relief.

### RESPONSE TO
### "AS FOR A FIFTH CAUSE OF ACTION"

24.     With respect to the allegations contained in paragraph 24 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 23 of this Answer with the same force and effect as though set forth here in full.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint, and avers that the FDA approved Vioxx as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

26.     The allegations contained in paragraph 26 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in paragraph 26 of the Complaint.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint.

28.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 28 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 28 of the Complaint.

29.     Denies each and every allegation contained in paragraph 29 of the Complaint.

30.     Denies each and every allegation contained in paragraph 30 of the Complaint, except admits that Plaintiff purports to seek compensatory and punitive damages but denies there is any legal or factual basis for such relief.

## RESPONSE TO
## "AS FOR A SIXTH CAUSE OF ACTION"

31.     With respect to the allegations contained in paragraph 31 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 30 of this Answer with the same force and effect as though set forth here in full.

32.     Denies each and every allegation contained in paragraph 32 of the Complaint.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint.

34.     Denies each and every allegation contained in paragraph 34 of the Complaint, except admits that Plaintiff purports to seek compensatory and punitive damages but denies there is any legal or factual basis for such relief.

## RESPONSE TO
## "AS FOR A SEVENTH CAUSE OF ACTION"

35.  With respect to the allegations contained in paragraph 35 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 34 of this Answer with the same force and effect as though set forth here in full.

36.  Denies each and every allegation contained in paragraph 36 of the Complaint, except admits that Plaintiff purports to seek punitive and exemplary damages but denies there is any legal or factual basis for such relief.

37.  Denies each and every allegation contained in paragraph 37 of the Complaint.

38.  Denies each and every allegation contained in paragraph 38 of the Complaint, except admits that Plaintiff purports to seek compensatory and punitive damages but denies there is any legal or factual basis for such relief.

## RESPONSE TO
## "AS FOR AN EIGHTH CAUSE OF ACTION"

39.  With respect to the allegations contained in paragraph 39 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 38 of this Answer with the same force and effect as though set forth here in full.

40.  Denies each and every allegation contained in paragraph 40 of the Complaint.

41.     Denies each and every allegation contained in the first paragraph 41 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint, except admits that Plaintiff purports to seek compensatory and punitive damages but denies there is any legal or factual basis for such relief.

43.     The allegations contained in the second paragraph 41 of the Complaint constitute a prayer for relief as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in the second paragraph 41 of the Complaint, including its subparts a through c, except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

44.     The allegations contained in the unnumbered paragraph after the second paragraph 41 of the Complaint are legal conclusions as to which no response is required.

## RESPONSE TO
## VERIFIED AMENDED COMPLAINT

45.     The allegations contained in paragraph 1 of the Verified Amended Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 1 of the Verified Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.  Merck further admits that Plaintiff purports to state a claim in excess of $75,000 but denies there is any legal or factual basis for such relief.

46.     The allegations contained in paragraph 2 of the Verified Amended Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 2 of the Verified Amended Complaint, except admits that there is a multidistrict litigation ("MDL") related to the prescription medicine Vioxx, and that the referenced Orders exist, and respectfully refers the Court to said Orders for their actual language and full text.

47.     Denies each and every allegation contained in paragraph 3 of the Verified Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

48.     Denies each and every allegation contained in paragraph 4 of the Verified Amended Complaint, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, is authorized to do business in California and Louisiana. Merck further admits that it is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.

### RESPONSE TO
### "AS FOR A FIRST CAUSE OF ACTION"

49.     With respect to the allegations contained in paragraph 5 of the Verified Amended Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 45 through 48 of this Answer with the same force and effect as though set forth here in full.

50.     Denies each and every allegation contained in paragraph 6 of the Verified Amended Complaint, except admits that Merck manufactured, marketed, and distributed the

prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

51.   Denies each and every allegation contained in paragraph 7 of the Verified Amended Complaint.

52.   Denies each and every allegation contained in paragraph 8 of the Verified Amended Complaint.

53.   Denies each and every allegation contained in paragraph 9 of the Verified Amended Complaint.

54.   Denies each and every allegation contained in paragraph 10 of the Verified Amended Complaint.

55.   Denies each and every allegation contained in paragraph 11 of the Verified Amended Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

56.   Denies each and every allegation contained in paragraph 12 of the Verified Amended Complaint, except admits that Plaintiff purports to seek compensatory and punitive damages but denies there is any legal or factual basis for such relief.

### RESPONSE TO
### "AS FOR A SECOND CAUSE OF ACTION"

57.   With respect to the allegations contained in paragraph 13 of the Verified Amended Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 45 through 56 of this Answer with the same force and effect as though set forth here in full.

58.     Denies each and every allegation contained in paragraph 14 of the Verified Amended Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

59.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 15 of the Verified Amended Complaint, and denies each and every allegation directed towards Merck in paragraph 15 of the Verified Amended Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

60.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 16 of the Verified Amended Complaint, and denies each and every allegation directed towards Merck in paragraph 16 of the Verified Amended Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

61.     Denies each and every allegation contained in paragraph 17 of the Verified Amended Complaint.

62.     Denies each and every allegation contained in paragraph 18 of the Verified Amended Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

63.     Denies each and every allegation contained in paragraph 19 of the Verified Amended Complaint, except admits that Plaintiff purports to seek compensatory and punitive damages but denies there is any legal or factual basis for such relief.

**RESPONSE TO**
**"AS FOR A THIRD CAUSE OF ACTION"**

64.     With respect to the allegations contained in paragraph 20 of the Verified Amended Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 45 through 63 of this Answer with the same force and effect as though set forth here in full.

65.     Denies each and every allegation contained in paragraph 21 of the Verified Amended Complaint.

66.     Denies each and every allegation contained in paragraph 22 of the Verified Amended Complaint.

67.     Denies each and every allegation contained in paragraph 23 of the Verified Amended Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

68.     Denies each and every allegation contained in paragraph 24 of the Verified Amended Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

69.     Denies each and every allegation contained in paragraph 25 of the Verified Amended Complaint.

70.     Denies each and every allegation contained in paragraph 26 of the Verified Amended Complaint.

71.     Denies each and every allegation contained in paragraph 27 of the Verified Amended Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

72.     Denies each and every allegation contained in paragraph 28 of the Verified Amended Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

73.     Denies each and every allegation contained in paragraph 29 of the Verified Amended Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

74.     Denies each and every allegation contained in paragraph 30 of the Verified Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

75.     Denies each and every allegation contained in paragraph 31 of the Verified Amended Complaint.

76.     Denies each and every allegation contained in paragraph 32 of the Verified Amended Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

77.     Denies each and every allegation contained in paragraph 33 of the Verified Amended Complaint, except admits that Plaintiff purports to seek compensatory and punitive damages but denies there is any legal or factual basis for such relief.

## RESPONSE TO
## "AS FOR A FOURTH CAUSE OF ACTION"

78.     With respect to the allegations contained in paragraph 34 of the Verified Amended Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 45 through 77 of this Answer with the same force and effect as though set forth here in full.

79.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in the first sentence of paragraph 35 of the Verified Amended Complaint, and denies each and every allegation directed towards Merck in the first sentence of paragraph 35 of the Verified Amended Complaint. The allegations contained in the second sentence of paragraph 35 of the Verified Amended Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of paragraph 35 of the Verified Amended Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

80.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 36 of the Verified Amended Complaint, and denies each and every allegation directed towards Merck in paragraph 36 of the Verified Amended Complaint.

81.   Denies each and every allegation contained in paragraph 37 of the Verified Amended Complaint.

82.   Denies each and every allegation contained in paragraph 38 of the Verified Amended Complaint, except admits that Plaintiff purports to seek compensatory and punitive damages but denies there is any legal or factual basis for such relief.

### RESPONSE TO
### "AS FOR A FIFTH CAUSE OF ACTION"

83.   With respect to the allegations contained in paragraph 39 of the Verified Amended Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 45 through 82 of this Answer with the same force and effect as though set forth here in full.

84.   Denies each and every allegation contained in paragraph 40 of the Verified Amended Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further avers that the FDA approved Vioxx as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

85.   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 41 of the Verified Amended Complaint, and denies each and every allegation directed towards Merck in paragraph 41 of the Verified Amended Complaint.

86.   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 42 of the Verified

Amended Complaint, and denies each and every allegation directed towards Merck in paragraph 42 of the Verified Amended Complaint.

87.     Denies each and every allegation contained in paragraph 43 of the Verified Amended Complaint, except admits that Plaintiff purports to seek compensatory and punitive damages but denies there is any legal or factual basis for such relief.

**RESPONSE TO**
**"AS FOR A SIXTH CAUSE OF ACTION"**

88.     With respect to the allegations contained in paragraph 44 of the Verified Amended Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 45 through 87 of this Answer with the same force and effect as though set forth here in full.

89.     Denies each and every allegation contained in paragraph 45 of the Verified Amended Complaint, and avers that the FDA approved Vioxx as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

90.     Denies each and every allegation contained in paragraph 46 of the Verified Amended Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004 and respectfully refers the Court to the studies referenced by Plaintiff for their actual conclusions and full text.

91.     The allegations contained in paragraph 47 of the Verified Amended Complaint are legal conclusions as to which no responsive pleading is required.   Should a

response be deemed required, Merck denies each and every allegation contained in paragraph 47 of the Verified Amended Complaint.

92.     Denies each and every allegation contained in paragraph 48 of the Verified Amended Complaint.

93.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 49 of the Verified Amended Complaint, and denies each and every allegation directed towards Merck in paragraph 49 of the Verified Amended Complaint.

94.     Denies each and every allegation contained in paragraph 50 of the Verified Amended Complaint.

95.     Denies each and every allegation contained in paragraph 51 of the Verified Amended Complaint.

96.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 52 of the Verified Amended Complaint, and denies each and every allegation directed towards Merck in paragraph 52 of the Verified Amended Complaint.

97.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 53 of the Verified Amended Complaint, and denies each and every allegation directed towards Merck in paragraph 53 of the Verified Amended Complaint.

98.     Denies each and every allegation contained in paragraph 54 of the Verified Amended Complaint, except admits that Plaintiff purports to seek compensatory and punitive damages but denies there is any legal or factual basis for such relief.

## RESPONSE TO
## "AS FOR A SEVENTH CAUSE OF ACTION"

99.     With respect to the allegations contained in paragraph 55 of the Verified Amended Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 45 through 98 of this Answer with the same force and effect as though set forth here in full.

100.    Denies each and every allegation contained in paragraph 56 of the Verified Amended Complaint.

101.    Denies each and every allegation contained in paragraph 57 of the Verified Amended Complaint.

102.    Denies each and every allegation contained in paragraph 58 of the Verified Amended Complaint, except admits that Plaintiff purports to seek compensatory and punitive damages but denies there is any legal or factual basis for such relief.

## RESPONSE TO
## "AS FOR AN EIGHTH CAUSE OF ACTION"

103.    With respect to the allegations contained in paragraph 59 of the Verified Amended Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 45 through 102 of this Answer with the same force and effect as though set forth here in full.

104.    Denies each and every allegation contained in paragraph 60 of the Verified Amended Complaint, except admits that Plaintiff purports to seek punitive and exemplary damages but denies there is any legal or factual basis for such relief.

105.    Denies each and every allegation contained in paragraph 61 of the Verified Amended Complaint.

106.    Denies each and every allegation contained in paragraph 62 of the Verified Amended Complaint, except admits that Plaintiff purports to seek compensatory and punitive damages but denies there is any legal or factual basis for such relief.

### RESPONSE TO
### "AS FOR A NINTH CAUSE OF ACTION"

107.    With respect to the allegations contained in paragraph 63 of the Verified Amended Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 45 through 106 of this Answer with the same force and effect as though set forth here in full.

108.    Denies each and every allegation contained in paragraph 64 of the Verified Amended Complaint.

109.    Denies each and every allegation contained in paragraph 65 of the Verified Amended Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

110.    Denies each and every allegation contained in paragraph 66 of the Verified Amended Complaint, except admits that Plaintiff purports to seek compensatory and punitive damages but denies there is any legal or factual basis for such relief.

111.    The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 66 of the Verified Amended Complaint constitute a prayer for relief as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph after paragraph 66 of the Verified Amended Complaint, including its subparts a through c, except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

112.    The allegations contained in the final, unnumbered paragraph of the Verified Amended Complaint are legal conclusions as to which no response is required.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

113.    The Complaint and Verified Amended Complaint fail to state a claim upon which relief can be granted.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

114.    The Plaintiff and/or Decedent was careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to and/or Decedent.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

115.    To the extent that Plaintiff asserts claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

116.    To the extent that Plaintiff asserts claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

117.    The Plaintiff and/or Decedent failed to exercise reasonable care to mitigate his or her alleged damages.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

118.    Each and every claim asserted or raised in the Complaint and Verified Amended Complaint is barred by prescription, preemption, and/or any other applicable federal or state statute of limitations.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

119.    To the extent that Plaintiff asserts claims in the Complaint and Verified Amended Complaint based upon an alleged failure by Merck to warn Plaintiff and/or Decedent directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

120.    The claims of the Plaintiff are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

121.    The claims of the Plaintiff are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

122.    The claims of the Plaintiff are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

123.    The claims of the Plaintiff are barred in whole or in part because Vioxx

"provides net benefits for a class of patients" within the meaning of comment f to Section 6 of

the Restatement (Third) of Torts: Products Liability.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

124.    The product conformed to the state-of-the-art for the design and

manufacture of such, or similar, products.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

125.    The claims of the Plaintiff are barred, in whole or in part, under the

applicable state law because Vioxx was subject to and received pre-market approval by the Food

and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

126.    If Plaintiff and/or Decedent has sustained injuries or losses as alleged in

the Complaint and Verified Amended Complaint, such injuries or losses were only so sustained

after Plaintiff and/or Decedent knowingly, voluntarily, and willfully assumed the risk of any

injury as the result of the consumption of, administration of, or exposure to any drug or

pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

127.    If Plaintiff and/or Decedent has sustained injuries or losses as alleged in

the Complaint and Verified Amended Complaint, upon information and belief, such injuries and

losses were directly and proximately caused by the intervening or superseding act and conduct of

persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

128.    To the extent that Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint and Verified Amended Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

129.    If Plaintiff and/or Decedent has sustained injuries or losses as alleged in the Complaint and Verified Amended Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiff and/or Decedent or natural course of conditions for which this Defendant is not responsible.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

130.    If Plaintiff and/or Decedent has sustained injuries or losses as alleged in the Complaint and Verified Amended Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiff and/or Decedent or abuse of Vioxx.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

131.    The claims of Plaintiff are barred in whole or in part by the First Amendment of the Constitution of the United States of America and comparable state law provisions.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

132.    To the extent that Plaintiff relies upon any theory of breach of warranty, Plaintiff and/or Decedent did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

133.    Each and every claim asserted or raised in the Complaint and Verified Amended Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

134.    Inasmuch as the Complaint and Verified Amended Complaint do not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

135.    To the extent that Plaintiff seeks punitive damages for the conduct that allegedly caused injuries asserted in the Complaint and Verified Amended Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

136.    To the extent Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

137.    The demand for punitive damages by the Plaintiff is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

138.    To the extent that Plaintiff asserts claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to his claims, Plaintiff has failed to allege facts that would overcome the defenses available under that state products liability law.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

139.    The claims of Plaintiff are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

140.    To the extent that Plaintiff asserts claims against Merck based on fraud and/or concealment, these claims are barred by reason of the failure of Plaintiff to allege the

circumstances constituting fraud and/or concealment with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

### AS FOR A TWENTY-NINTH
### DEFENSE, MERCK ALLEGES:

141.    Merck demands a trial by jury of all issues.

### AS FOR A THIRTIETH
### DEFENSE, MERCK ALLEGES:

142.    Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

### AS FOR A THIRTY-FIRST
### DEFENSE, MERCK ALLEGES:

143.    Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana. Merck hereby reserves the right to amend its answer to assert any such defense.

### AS FOR A THIRTY-SECOND
### DEFENSE, MERCK ALLEGES:

144.    The provisions of California Civil Code § 1431.2 are applicable to the Complaint and Verified Amended Complaint and each cause of action therein.

### AS FOR A THIRTY-THIRD
### DEFENSE, MERCK ALLEGES:

145.    Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure §§ 335.1 and 338

and former section 340(3), California Business and Professions Code § 17208, and California Civil Code § 1783.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

146.    The subject pharmaceutical product manufactured or distributed by Merck has at all relevant times been available only upon the prescription of a licensed physician, and Plaintiff's and/or Decedent's prescribing physicians stood in the position of the learned intermediaries between Merck and Plaintiff and/or Decedent. To the extent that Plaintiff asserts claims based on an alleged failure by Merck to warn Plaintiff and/or Decedent directly of alleged dangers associated with the use of the subject pharmaceutical product manufactured or distributed by Merck, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physicians, under the learned intermediary doctrine.

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

147.    Merck alleges that if Plaintiff and/or Decedent has sustained injury or loss as alleged in the Complaint and Verified Amended Complaint, such injury or loss may have been caused by parties other than Merck, or third persons not parties to this action, who may have been negligent, legally responsible, or otherwise at fault. In the event of a finding of liability in favor of Plaintiff, a settlement, or a judgment against Merck, Merck requests an apportionment of fault among all parties and third persons as permitted by *Li v. Yellow Cab Company*, 532 P.2d 1226 (Cal. 1975), and *America Motorcycle Association v. Superior Court*, 578 P.2d 899 (Cal. 1978). Merck also requests a judgment and declaration of partial indemnification and contribution against all other parties or third persons in accordance with the apportionment of fault.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

148.    The Plaintiff's claims are barred in whole or in part by the First Amendment of the United States Constitution and similar provisions in the Constitution of the State of California which protect, among other things, the Defendant's right to promote and advertise the subject pharmaceutical product.

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

149.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was oppressive, fraudulent, or malicious, under California Civil Code Section 3294, and therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code § 3294(b).

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

150.    Plaintiff's claims under Business and Professions Code §§ 17200, *et seq.* and 17500, *et seq.* are barred in whole or in part because Merck's conduct and all activities with respect to the subject pharmaceutical product manufactured or distributed by Merck were lawful, fair, truthful, not misleading or deceptive, and were justified based on the state of medical and scientific knowledge available during the relevant time period.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

151.    Plaintiff's claims under Business and Professions Code §§ 17200, *et seq.* and 17500, *et seq.* are barred in whole or in part because all of Merck's activities as alleged in the Complaint and Verified Amended Complaint were in compliance with the applicable laws,

regulations, and rules, and thus cannot be deemed unlawful, unfair, fraudulent, deceptive, untrue, or misleading.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

152.   Plaintiff's claims under Business and Professions Code §§ 17200, *et seq.* and 17500, *et seq.* are barred in whole or in part because Plaintiff does not qualify as a private attorney general, and for that reason and others, Plaintiff lacks standing to prosecute a claim for injunctive or monetary relief.

## AS FOR A FORTY-FIRST
## DEFENSE, MERCK ALLEGES:

153.   Plaintiff's claims under Business and Professions Code §§ 17200, *et seq.* and 17500, *et seq.* are barred in whole or in part because there is no basis for injunctive relief in this action.

## AS FOR A FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

154.   Plaintiff's claims under Business and Professions Code §§ 17200, *et seq.* and 17500 *et seq.* are barred in whole or in part by the doctrine of primary jurisdiction in that the subject pharmaceutical product manufactured or distributed by Merck and any advertisement regarding such product are regulated by the FDA and as such, Merck requests that this Court, sitting in equity, abstain from hearing claims under Sections 17200 *et seq.* and 17500 *et seq.*

## AS FOR A FORTY-THIRD
## DEFENSE, MERCK ALLEGES:

155.   Plaintiff is not entitled to relief under Business and Professions Code §§ 17200, et seq. and 17500 et seq. because Plaintiff has an adequate remedy at law.

## AS FOR A FORTY-FOURTH
## DEFENSE, MERCK ALLEGES:

156.    Plaintiff's claims under Business and Professions Code §§ 17200, *et seq.* and 17500 *et seq.* are barred in whole or in part under principles of substantive and procedural due process.

## AS FOR A FORTY-FIFTH
## DEFENSE, MERCK ALLEGES:

157.    To the extent that Plaintiff asserts claims against Merck based on theories of liability not provided for in the Louisiana Products Liability Act, those claims are barred.  La. Rev. Stat. § 9:2800.51, *et seq.*

## AS FOR A FORTY-SIXTH
## DEFENSE, MERCK ALLEGES:

158.    To the extent that Plaintiff asserts claims against Merck based on theories of liability or elements of damages provided in the Louisiana Products Liability Act, Plaintiff has failed to allege facts that would overcome the defenses available under the Louisiana Products Liability Act.  La. Rev. Stat. § 9:2800.59(A).

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.    That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiff's Complaint and Verified Amended Complaint with prejudice against Merck with costs assessed to Plaintiff;

2.    Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.    Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated: November __6__, 2006

Respectfully submitted,

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Melissa V. Beaugh, 28250
          Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
          Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. to Plaintiff's Complaint and Verified Amended Complaint has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL No. 1657, on this 6th day of November, 2006.