UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | * * * | MDL No. 1657 |
| | * | SECTION L |
| | * * | JUDGE ELDON E. FALLON |
| | * * * | MAGISTRATE JUDGE DANIEL E. KNOWLES, III |
| | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO:** *Joseph E. Heasley v. Merck & Co., Inc.*, **No. 06-6911.**

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the Plaintiff's Original Complaint ("Complaint") as follows:

### RESPONSE TO COMPLAINT

1.  Denies each and every allegation contained in the unnumbered introductory paragraph of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further admits that Plaintiff purports to seek damages but denies there is any legal or factual basis for such relief.

## RESPONSE TO
## "I. PARTIES"

2.      Denies each and every allegation contained in the first sentence of paragraph 1 of the Complaint, as it is without information or knowledge sufficient to justify a belief in the truth or falsity therein.  Merck denies each and every allegation contained in the second sentence of paragraph 1 of the Complaint.

3.      Denies each and every allegation contained in paragraph 2 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that it may be served as allowed by applicable federal and/or state law, which in MDL No. 1657 includes the procedures outlined in Pre-Trial Order No. 15 issued by Judge Fallon on May 31, 2005.

4.      Denies each and every allegation contained in paragraph 3 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck is authorized to do business in Washington.

5.      Denies each and every allegation contained in paragraph 4 of the Complaint, as it is without information or knowledge sufficient to justify a belief in the truth or falsity therein.

### RESPONSE TO
### "II. STATEMENT OF FACTS"

6.     Denies each and every allegation contained in paragraph 5 of the Complaint, except admits that Vioxx, which is the brand name for rofecoxib, reduces pain and inflammation and that the mechanism of action is believed to be due to the inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

7.     Denies each and every allegation contained in paragraph 6 of the Complaint, except admits that the mechanism of action for Vioxx is believed to be due to the inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

8.     Denies each and every allegation contained in paragraph 7 of the Complaint, except admits that on November 23, 1998 Merck submitted a New Drug Application ("NDA") for Vioxx 12.5 mg and Vioxx 25 mg tablets and respectfully refers the Court to said NDA for its actual language and full text.

9.     Denies each and every allegation contained in paragraph 8 of the Complaint, except admits that on November 23, 1998 Merck submitted an NDA for Vioxx Oral Suspension and respectfully refers the Court to said NDA for its actual language and full text.

10.     Denies each and every allegation contained in paragraph 9 of the Complaint, except admits that Merck sought and, in 1999, received U.S. Food & Drug Administration ("FDA") approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

11.     Denies each and every allegation contained in paragraph 10 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

12.     Denies each and every allegation contained in paragraph 11 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

13.     Denies each and every allegation contained in paragraph 12 of the Complaint, except admits that in March 2000 Merck forwarded to the FDA the Vioxx Gastrointestinal Outcomes Research ("VIGOR") study and subsequently, in June 2000, filed a supplemental New Drug Application ("sNDA") that included the VIGOR study.   Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.

14.     Denies each and every allegation contained in paragraph 13 of the Complaint, including its subparts (1) and (2), except admits that the referenced study exists and avers that a primary objective of the VIGOR study was to assess whether Vioxx would be associated with a lower incidence of confirmed, clinically important upper gastrointestinal events than naproxen.   Merck respectfully refers the Court to the referenced study for its actual language and full text.

15.     Denies each and every allegation contained in paragraph 14 of the Complaint, including its subparts (a) and (b), except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual language and full text.

16.     Denies each and every allegation contained in paragraph 15 of the Complaint, except admits that Merck has issued certain statements regarding Vioxx and

4

respectfully refers the Court to the statement referenced by Plaintiff for its actual language and full text.

17.     Denies each and every allegation contained in paragraph 16 of the Complaint, except admits that the studies referenced in the first sentence of paragraph 16 of the Complaint and the article referenced in the second sentence of paragraph 16 of the Complaint exist, and respectfully refers the Court to said publications for their actual language and full text. Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

18.     Denies each and every allegation contained in paragraph 17 of the Complaint, except admits that Vioxx worldwide sales figures exceeded $2 billion in 2000.

19.     Denies each and every allegation contained in paragraph 18 of the Complaint, except admits that the VIGOR study and the referenced publication exist, and respectfully refers the Court to the VIGOR study and said publication for their actual language and full text.

20.     Denies each and every allegation contained in paragraph 19 of the Complaint, except admits that the referenced 8-K filing exists and respectfully refers the Court to said filing for its actual language and full text.

21.     Denies each and every allegation contained in paragraph 20 of the Complaint, except admits that referenced briefing document exists and respectfully refers the Court to said document for its actual language and full text.

22.     Denies each and every allegation contained in paragraph 21 of the Complaint, except admits that Merck issued a press release on May 22, 2001, and respectfully refers the Court to the referenced press release for its actual language and full text.

23.    Denies each and every allegation contained in paragraph 22 of the Complaint, except admits the existence of the journal and the article contained therein, and respectfully refers the Court to the referenced document for its actual language and full text.

24.    Denies each and every allegation contained in paragraph 23 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

25.    Denies each and every allegation contained in paragraph 24 of the Complaint, except admits that the referenced press release exists and respectfully refers the Court to said press release for its actual language and full text.

26.    Denies each and every allegation contained in paragraph 25 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to the referenced letter for its actual language and full text.

27.    Denies each and every allegation contained in paragraph 26 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to the referenced letter for its actual language and full text.

28.    Denies each and every allegation contained in paragraph 27 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to the referenced letter for its actual language and full text.

29.    Denies each and every allegation contained in paragraph 28 of the Complaint, except admits that Vioxx, like all prescription drugs, has had certain reported adverse

events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

30. Denies each and every allegation contained in paragraph 29 of the Complaint, except admits that the referenced publication and article exist and respectfully refers the Court to said article for its actual language and full text.

31. Denies each and every allegation contained in paragraph 30 of the Complaint, except admits that, in April 2002, the FDA approved certain changes to the Vioxx prescribing information, a so-called "Dear Doctor" letter and a Patient Information sheet, and respectfully refers the Court to the referenced prescribing information for Vioxx, "Dear Doctor" letter and Patient Information sheet for their actual language and full text.

32. Denies each and every allegation contained in paragraph 31 of the Complaint, except admits that, in April 2002, the FDA approved certain changes to the Vioxx prescribing information, and respectfully refers the Court to the relevant prescribing information for Vioxx for its actual language and full text.

33. Denies each and every allegation contained in paragraph 32 of the Complaint, except admits that, in April 2002, the FDA approved certain changes to the Vioxx prescribing information and a so-called "Dear Doctor" letter, and respectfully refers the Court to the referenced prescribing information for Vioxx and "Dear Doctor" letter for their actual language and full text.

34. Denies each and every allegation contained in paragraph 33 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

35.     Denies each and every allegation contained in paragraph 34 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

36.     Denies each and every allegation contained in paragraph 35 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

37.     Denies each and every allegation contained in paragraph 36 of the Complaint.

38.     Denies each and every allegation contained in paragraph 37 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

39.     Denies each and every allegation contained in paragraph 38 of the Complaint, except admits that the referenced paper exists and respectfully refers the Court to said paper for its actual language and full text.

40.     Denies each and every allegation contained in paragraph 39 of the Complaint and avers that Merck disagreed with some of the language in the referenced published paper and therefore determined that it was not appropriate for a Merck author's name to appear on the published paper.

41.     Denies each and every allegation contained in paragraph 40 of the Complaint, except admits that Vioxx worldwide sales figures exceeded $2 billion in 2003.

42.    Denies each and every allegation contained in paragraph 41 of the Complaint, except admits that Dorothy Hamill was featured in ad campaigns for Vioxx and that Dorothy Hamill and Bruce Jenner were spokespersons for Vioxx.

43.    Denies each and every allegation contained in paragraph 42 of the Complaint.

44.    Denies each and every allegation contained in paragraph 43 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

45.    Denies each and every allegation contained in paragraph 44 of the Complaint, except admits that there was a study presented by Dr. Graham at a medical conference in August 2004, and respectfully refers the Court to said presentation and study for their actual language and full text.

46.    Denies each and every allegation contained in paragraph 45 of the Complaint, except admits that on August 26, 2004, Merck issued a press release regarding the conclusions of a study presented by Dr. Graham at a medical conference and respectfully refers the Court to that press release for its actual language and full text.

47.    Denies each and every allegation contained in paragraph 46 of the Complaint, except admits that on September 30, 2004, Merck announced the voluntary worldwide withdrawal of Vioxx and respectfully refers the Court to the referenced announcement for its actual language and full text.  Merck further avers that it announced on September 30, 2004 that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo and given the

availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary worldwide withdrawal of Vioxx best served the interests of patients.

48.     Denies each and every allegation contained in paragraph 47 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

49.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 48 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 48 of the Complaint.

50.     Denies each and every allegation contained in paragraph of 49 of the Complaint and avers that Vioxx reduces pain and inflammation and was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

51.     Denies each and every allegation contained in paragraph 50 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck is authorized to do business in Washington.

### RESPONSE TO
### "III. FRAUDULENT CONCEALMENT"

52.     The allegations contained in the first sentence of paragraph 51 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of paragraph 51 of the Complaint.  Merck denies each and every allegation contained in the second, third, fourth, and fifth sentences of paragraph 51 of the Complaint.

### RESPONSE TO
### "IV. JURISDICTION AND VENUE"

53.     The allegations contained in paragraph 52 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 52 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiff purports to state a claim in excess of $75,000 but denies that there is any legal or factual basis for such relief.

54.     The allegations contained in paragraph 53 of the Complaint are legal conclusions to which no responsive pleadings are required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 53 of the Complaint, except admits that there is a multidistrict litigation ("MDL") related to the prescription medicine Vioxx and that the MDL Court issued Pretrial Order No. 11 on May 18, 2005, and respectfully refers the Court to that Order for its actual content and full effect.

## RESPONSE TO "COUNT I – STRICT PRODUCTS
## LIABILITY – DEFECTIVE DESIGN AGAINST MERCK"

55.     With respect to the allegations contained in paragraph 54 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 54 of this Answer with the same force and effect as though set forth here in full.

56.     Denies each and every allegation contained in paragraph 55 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

57.     Denies each and every allegation contained in paragraph 56 of the Complaint.

58.     Denies each and every allegation contained in paragraph 57 of the Complaint.

59.     Denies each and every allegation contained in the first and third sentences of paragraph 58 of the Complaint, as it is without knowledge or information sufficient to justify a belief as to the truth therein.  Merck denies each and every allegation contained in the second sentence of paragraph 58 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

60.     Denies each and every allegation contained in paragraph 59 of the Complaint.

61.     Denies each and every allegation contained in paragraph 60 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription

medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

62.    The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 60 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph after paragraph 60 of the Complaint, including its subparts A through E, except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "COUNT II – STRICT PRODUCTS LIABILITY – FAILURE TO WARN AGAINST MERCK"

63.    With respect to the allegations contained in paragraph 61 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 62 of this Answer with the same force and effect as though set forth here in full.

64.    Denies each and every allegation contained in paragraph 62 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

65.    Denies each and every allegation contained in paragraph 63 of the Complaint.

66.    Denies each and every allegation contained in paragraph 64 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on

September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

67.     Denies each and every allegation contained in paragraph 65 of the Complaint.

68.     Denies each and every allegation contained in paragraph 66 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

69.     Denies each and every allegation contained in paragraph 67 of the Complaint, as it is without information or knowledge sufficient to justify a belief in the truth or falsity therein.

70.     Denies each and every allegation contained in paragraph 68 of the Complaint.

71.     Denies each and every allegation contained in paragraph 69 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

72.     The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 69 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph after paragraph 69 of the Complaint, including its subparts

14

A through E, except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT III – NEGLIGENT DESIGN AGAINST MERCK"

73.     With respect to the allegations contained in paragraph 70 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 72 of this Answer with the same force and effect as though set forth here in full.

74.     Denies each and every allegation contained in paragraph 71 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

75.     Denies each and every allegation contained in paragraph 72 of the Complaint.

76.     Denies each and every allegation contained in paragraph 73 of the Complaint.

77.     Denies each and every allegation contained in paragraph 74 of the Complaint.

78.     Denies each and every allegation contained in paragraph 75 of the Complaint, except admits that Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that the VIGOR study involving Vioxx exists, and respectfully refers the Court to said study for its actual conclusions and full text.

79.     Denies each and every allegation contained in paragraph 76 of the Complaint.

80.     Denies each and every allegation contained in paragraph 77 of the Complaint.

81.     Denies each and every allegation contained in paragraph 78 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

82.     The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 78 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph after paragraph 78 of the Complaint, including its subparts A through E, except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT IV – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT MERCK"

83.     With respect to the allegations contained in paragraph 79 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 82 of this Answer with the same force and effect as though set forth here in full.

84.     The allegations contained in paragraph 80 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 80 of the Complaint, and further denies that it violated any applicable law, duty or standard of care in connection with Vioxx.

85.     Denies each and every allegation contained in paragraph 81 of the Complaint, including its subparts a through f, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

86.     Denies each and every allegation contained in paragraph 82 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

87.     Denies each and every allegation contained in paragraph 83 of the Complaint.

88.     Denies each and every allegation contained in paragraph 84 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

89.     The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 84 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph after paragraph 84 of the Complaint, including its subparts A through E, except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT V – DECEPTIVE TRADE
## PRACTICES ACT – AGAINST DEFENDANT MERCK"

90.     With respect to the allegations contained in paragraph 85 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 89 of this Answer with the same force and effect as though set forth here in full.

91.     Denies each and every allegation contained in paragraph 86 of the Complaint, except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

92.     Denies each and every allegation contained in paragraph 87 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

93.     The allegations contained in paragraph 88 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 88 of the Complaint, except admits that Plaintiff purports to seek actual damages and other relief but denies that there is any legal or factual basis for such relief.

94.     Denies each and every allegation contained in paragraph 89 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

95.     The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 89 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph after paragraph 89 of the Complaint, including its subparts A through E, except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT VI – FRAUDULENT MISREPRESENTATION AGAINST DEFENDANT MERCK"

96.     With respect to the allegations contained in paragraph 90 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 95 of this Answer with the same force and effect as though set forth here in full.

97.     Denies each and every allegation contained in paragraph 91 of the Complaint.

98.     Denies each and every allegation contained in paragraph 92 of the Complaint.

99.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 93 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 93 of the Complaint.

100.    Denies each and every allegation contained in paragraph 94 of the Complaint.

101.    Denies each and every allegation contained in paragraph 95 of the Complaint.

102.   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 96 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 96 of the Complaint.

103.   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 97 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 97 of the Complaint.

104.   Denies each and every allegation contained in paragraph 98 of the Complaint, except admits that Plaintiff purports to seek damages but denies that there is any legal or factual basis for such relief.

105.   Denies each and every allegation contained in paragraph 99 of the Complaint.

106.   The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 99 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph after paragraph 99 of the Complaint, including its subparts A through E, except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT VII – FRAUDULENT OMISSION/CONCEALMENT AGAINST DEFENDANT MERCK"

107.   With respect to the allegations contained in paragraph 100 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 106 of this Answer with the same force and effect as though set forth here in full.

108. Denies each and every allegation contained in paragraph 101 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

109. Denies each and every allegation contained in paragraph 102 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

110. Denies each and every allegation contained in paragraph 103 of the Complaint.

111. Denies each and every allegation contained in paragraph 104 of the Complaint, except admits that Merck trains its professional representatives.

112. The allegations contained in the first sentence of paragraph 105 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of paragraph 105 of the Complaint. Merck denies each and every allegation contained in the second sentence of paragraph 105 of the Complaint.

113. Denies each and every allegation contained in paragraph 106 of the Complaint.

114. Denies each and every allegation contained in paragraph 107 of the Complaint, as it is without sufficient information or knowledge to justify a belief in the truth or falsity therein.

115. Denies each and every allegation contained in paragraph 108 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

116.    Denies each and every allegation contained in paragraph 109 of the Complaint.

117.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 110 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 110 of the Complaint.

118.    Denies each and every allegation contained in paragraph 111 of the Complaint.

119.    Denies each and every allegation contained in paragraph 112 of the Complaint, except admits that Plaintiff purports to seek damages but denies that there is any legal or factual basis for such relief.

120.    Denies each and every allegation contained in paragraph 113 of the Complaint.

121.    The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 113 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph after paragraph 113 of the Complaint, including its subparts A through E, except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

### RESPONSE TO
### "JURY DEMAND"

122.    The allegations contained in paragraph 114 are legal conclusions as to which no responsive pleading is required.

### AS FOR A FIRST
### DEFENSE, MERCK ALLEGES:

123.    The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

124.    The Plaintiff was careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiff.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

125.    To the extent that Plaintiff asserts claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

126.    To the extent that Plaintiff asserts claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

127.    The Plaintiff failed to exercise reasonable care to mitigate his alleged damages.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

128.    Each and every claim asserted or raised in the Complaint is barred by prescription, preemption, and/or any other applicable federal or state statute of limitations.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

129.    To the extent that Plaintiff asserts claims in the Complaint based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of

Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

130.    The claims of the Plaintiff are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

131.    The claims of the Plaintiff are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

132.    The claims of the Plaintiff are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

133.    The claims of the Plaintiff are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

134.    The product conformed to the state-of-the-art for the design and manufacture of such, or similar, products.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

135.    The claims of the Plaintiff are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

136.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

137.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

138.    To the extent that Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

139.   If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiff or natural course of conditions for which this Defendant is not responsible.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

140.   If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the Plaintiff's misuse or abuse of Vioxx, failure to use Vioxx properly, and/or alteration or negligent use of the product.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

141.   The claims of Plaintiff are barred in whole or in part by the First Amendment of the Constitution of the United States of America and comparable state constitution provisions.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

142.   To the extent that Plaintiff relies upon any theory of breach of warranty, Plaintiff did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

143.   Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

144.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

145.    To the extent that Plaintiff seeks punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

146.    To the extent Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

147.    The demand for punitive damages by the Plaintiff is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

148.    To the extent that Plaintiff asserts claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to his

claims, Plaintiff has failed to allege facts that would overcome the defenses available under that state products liability law.

### AS FOR A TWENTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

149.    The claims of Plaintiff are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

### AS FOR A TWENTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

150.    To the extent that Plaintiff asserts claims against Merck based on fraud and/or concealment, these claims are barred by reason of the failure of Plaintiff to allege the circumstances constituting fraud and/or concealment with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

### AS FOR A TWENTY-NINTH
### DEFENSE, MERCK ALLEGES:

151.    Merck demands a trial by jury of all issues.

### AS FOR A THIRTIETH
### DEFENSE, MERCK ALLEGES:

152.    Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

### AS FOR A THIRTY-FIRST
### DEFENSE, MERCK ALLEGES:

153.    Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of

the Eastern District of Louisiana. Merck hereby reserves the right to amend its answer to assert any such defense.

   **WHEREFORE**, defendant, Merck, prays for judgment as follows:

   1. That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiff's Complaint with prejudice against Merck with costs assessed to Plaintiff;

   2. Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

   3. Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated: November _____, 2006

          Respectfully submitted,

          _Melissa V. Beaugh_

          Richard C. Stanley, 8487
          Bryan C. Reuter, 23910
          Thomas P. Owen, Jr., 28181
          Melissa V. Beaugh, 28250
             Of
          STANLEY, FLANAGAN & REUTER, L.L.C.
          909 Poydras Street, Ste. 2500
          New Orleans, LA 70112
          Telephone: (504) 523–1580
          Telecopier: (504) 524–0069

          Phillip A. Wittmann, 13625
          Dorothy H. Wimberly, 18509
          Carmelite M. Bertaut, 3054
             Of
          STONE PIGMAN WALTHER WITTMANN, L.L.C.
          546 Carondelet Street
          New Orleans, LA 70130
          Telephone: (504) 581-3200
          Telecopier: (504) 581-3361

          Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL No. 1657, on this 6 day of November, 2006.

Melissa V. Beaugh