UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX® | § | MDL Docket No. 1657 |
| | § | |
| PRODUCTS LIABILITY LITIGATION | § | SECTION L |
| | § | |
| This document relates to: Owen D. Wallace | § | |
|  And Carol Wallace v. Merck & Co., Inc. | § | JURY DEMAND |
| | § | |
| No. 2:06-cv-06008-EEF-DEK | § | |

**MERCK & CO., INC.'S ORIGINAL ANSWER**

Merck & Co., Inc. ("Merck") files this answer to Plaintiffs' Original Complaint (the "Complaint") as follows:

**I.  RESPONSE TO "STATEMENT OF THE PARTIES"**

1.      Merck lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint.

2.      Merck denies each and every allegation contained in paragraph 2 of the Complaint except admits that it is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey and that it is authorized to do business in the state of Arkansas.  Merck also admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

3.      With respect to the allegations contained in paragraph 3 of the Complaint, Merck admits that its registered agent for service in Arkansas is The Corporation Company.

**II.  RESPONSE TO "STATEMENT OF JURISDICTION AND VENUE"**

4.      Merck states that the allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required,

Merck admits that Plaintiffs' claims put more than $75,000.00 in controversy, but there is no legal or factual basis for any of the relief sought.

5.     The allegations contained in paragraph 5 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 5 of the Complaint.

6.     With respect to the allegations in paragraph 6 of the Complaint, Merck admits that a multidistrict litigation proceeding entitled In re Vioxx Products Liability Litigation, MDL No. 1657, has been established in the Eastern District of Louisiana before the Honorable Eldon E. Fallon, and that the subject matter of that litigation is similar to the subject matter set forth in this Complaint.

## III.  RESPONSE TO "STATEMENT OF THE FACTS"

7.     Merck denies each and every allegation contained in paragraph 7 of the Complaint, except admits that Plaintiffs purport to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

8.     Merck denies each and every allegation contained in paragraph 8 of the Complaint, except admits that Vioxx is part of a class of drugs known as NSAIDs which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of the enzyme known as cyclooxygenase-2 ("COX-2"), and admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until it announced the voluntary worldwide withdrawal of Vioxx on September 30, 2004.

9.     Merck denies each and every allegation contained in paragraph 9 of the Complaint.

IV.     **RESPONSE TO "COUNT I—STRICT LIABILITY, PRODUCT LIABILITY,
AND/OR FAILURE TO WARN"**

10.     With respect to the allegations contained in paragraph 10 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

11.     Merck denies each and every allegation contained in paragraph 11 of the Complaint.

12.     Merck denies each and every allegation contained in paragraph 12 of the Complaint.

13.     Merck denies each and every allegation contained in paragraph 13 of the Complaint.

14.     Merck denies each and every allegation contained in paragraph 14 of the Complaint.

15.     Merck denies each and every allegation contained in paragraph 15 of the Complaint.  Merck further denies each and every allegation in the unnumbered sentence following paragraph 15 of the Complaint, except admits that Plaintiffs purport to bring an action for damages and other relief, but denies any legal or factual basis for the relief sought.

V.   **RESPONSE TO "COUNT II—NEGLIGENCE"**

16.     With respect to the allegations contained in paragraph 16 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

17.     The allegations contained in the first sentence of paragraph 17 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of

paragraph 17 of the Complaint and respectfully refers the court to the relevant law governing Plaintiff's negligence claims.  Merck denies each and every remaining allegation contained in said paragraph.

18.   Merck denies each and every allegation contained in paragraph 18 of the Complaint.

19.   Merck denies each and every allegation contained in paragraph 19 of the Complaint.

20.   Merck denies each and every allegation contained in paragraph 20 of the Complaint.  Merck further denies each and every allegation in the unnumbered sentence following paragraph 20 of the Complaint, except admits that Plaintiffs purport to bring an action for damages and other relief, but denies any legal or factual basis for the relief sought.

**VI.  RESPONSE TO "COUNT III—BREACH OF EXPRESS WARRANTY"**

21.   With respect to the allegations contained in paragraph 21 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

22.   Merck denies each and every allegation contained in paragraph 22 of the Complaint.

23.   Merck denies each and every allegation in paragraph 23 of the Complaint, except admits that Merck professional representatives had discussions with health care professionals regarding the prescription medicine Vioxx.

24.   Merck denies each and every allegation contained in paragraph 24 of the Complaint.

25.   Merck denies each and every allegation contained in paragraph 25 of the Complaint.

26.     Merck denies each and every allegation contained in paragraph 26 of the Complaint.   Merck further denies each and every allegation in the unnumbered sentence following paragraph 26 of the Complaint, except admits that Plaintiffs purport to bring an action for damages and other relief, but denies any legal or factual basis for the relief sought.

## VII.  RESPONSE TO "COUNT IV—BREACH OF IMPLIED WARRANTY"

27.     With respect to the allegations contained in paragraph 27 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

28.     The allegations contained in paragraph 28 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation in said paragraph.

29.     Merck denies each and every allegation in paragraph 29 of the Complaint.

30.     Merck denies each and every allegation contained in paragraph 30 of the Complaint.

31.     Merck denies each and every allegation contained in paragraph 31 of the Complaint.   Merck further denies each and every allegation in the unnumbered sentence following paragraph 31 of the Complaint, except admits that Plaintiffs purport to bring an action for damages and other relief, but denies any legal or factual basis for the relief sought.

## VIII.  RESPONSE TO "COUNT V—FRAUD"

32.     With respect to the allegations contained in paragraph 32 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

33.     Merck denies each and every allegation contained in paragraph 33 of the Complaint.

34.     Merck denies each and every allegation contained in paragraph 34 of the Complaint.

35.     Merck denies each and every allegation contained in paragraph 35 of the Complaint.

36.     Merck denies each and every allegation contained in paragraph 36 of the Complaint.

37.     Merck denies each and every allegation contained in paragraph 37 of the Complaint.

38.     Merck denies each and every allegation contained in paragraph 38 of the Complaint.

39.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in the first sentence of paragraph 39 of the Complaint, and denies each and every allegation directed toward Merck contained in said sentence.  Merck denies each and every allegation contained in the second sentence of paragraph 39 of the Complaint.   Merck further denies each and every allegation in the unnumbered paragraphs following paragraph 39 of the Complaint, except admits that Plaintiffs purport to bring an action for damages and other relief, but denies any legal or factual basis for the relief sought.

## IX.  RESPONSE TO "LOSS OF CONSORTIUM"

40.     With respect to the allegations contained in paragraph 40 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

41.     The allegations contained in paragraph 41 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph.

42.     Merck lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 42 of the Complaint.

43.     Merck denies each and every allegation contained in paragraph 43 of the Complaint.

44.     Merck denies each and every allegation contained in paragraph 44 of the Complaint.  Merck further denies each and every allegation in the unnumbered paragraphs following paragraph 44 of the Complaint, except admits that Plaintiffs purport to bring an action for damages and other relief, but denies any legal or factual basis for the relief sought.

## X.  RESPONSE TO "DEMAND FOR JURY TRIAL"

45.     Merck admits that Plaintiffs purport to request a trial by jury.

## DEFENSES AND AFFIRMATIVE DEFENSES

### AS FOR A FIRST DEFENSE, MERCK ALLEGES:

1.      The claims of Plaintiffs may be time-barred, in whole or in part, under applicable statute of limitations, statutes of repose, or otherwise untimely.

### AS FOR A SECOND DEFENSE, MERCK ALLEGES:

2.      The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A THIRD DEFENSE, MERCK ALLEGES:

3.      The claims of the Plaintiffs may be barred, in whole or in part, from recovery because they have made statements or taken actions that preclude them from asserting claims or constitute a waiver of their claims.

### AS FOR A FOURTH DEFENSE, MERCK ALLEGES:

4.      The claims of the Plaintiffs may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

### AS FOR A FIFTH DEFENSE, MERCK ALLEGES:

5.      Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### AS FOR A SIXTH DEFENSE, MERCK ALLEGES:

6.      If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were cause in whole or in part through the operation of nature or other intervening cause or causes.

### AS FOR A SEVENTH DEFENSE, MERCK ALLEGES:

7.      To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### AS FOR AN EIGHTH DEFENSE, MERCK ALLEGES:

8.      To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

### AS FOR A NINTH DEFENSE, MERCK ALLEGES:

9.      If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure

to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### AS FOR A TENTH DEFENSE, MERCK ALLEGES:

10.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### AS FOR AN ELEVENTH DEFENSE, MERCK ALLEGES:

11.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' misuse or abuse of Vioxx.

### AS FOR A TWELFTH DEFENSE, MERCK ALLEGES:

12.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

### AS FOR A THIRTEENTH DEFENSE, MERCK ALLEGES:

13.     To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

### AS FOR A FOURTEENTH DEFENSE, MERCK ALLEGES:

14.     To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Arkansas law.

### AS FOR A FIFTEENTH DEFENSE, MERCK ALLEGES:

15.    Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Arkansas Rule of Civil Procedure 9(b).

### AS FOR A SIXTEENTH DEFENSE, MERCK ALLEGES:

16.    Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A SEVENTEENTH DEFENSE, MERCK ALLEGES:

17.    Plaintiffs' claims are barred in whole or in part by the First Amendment.

### AS FOR AN EIGHTEENTH DEFENSE, MERCK ALLEGES:

18.    Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

### AS FOR A NINETEENTH DEFENSE, MERCK ALLEGES:

19.    There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

### AS FOR A TWENTIETH DEFENSE, MERCK ALLEGES:

20.    This case is more appropriately brought in a different venue.

### AS FOR A TWENTY-FIRST DEFENSE, MERCK ALLEGES:

21.    Venue in this case is improper.

### AS FOR A TWENTY-SECOND DEFENSE, MERCK ALLEGES:

22.     The claims of Plaintiffs may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

### AS FOR A TWENTY-THIRD DEFENSE, MERCK ALLEGES:

23.     The claims of Plaintiffs may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

### AS FOR A TWENTY-FOURTH DEFENSE, MERCK ALLEGES:

24.     The claims of Plaintiffs may be barred, in whole or in part, from recovery by release as to their claims.

### AS FOR A TWENTY-FIFTH DEFENSE, MERCK ALLEGES:

25.     The claims of Plaintiffs may be barred, in whole and in part, by the doctrine of laches.

### AS FOR A TWENTY-SIXTH DEFENSE, MERCK ALLEGES:

26.     The claims of the Plaintiffs are barred, in whole or in part, by their failure to mitigate damages.

### AS FOR A TWENTY-SEVENTH DEFENSE, MERCK ALLEGES:

27.     To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

### AS FOR A TWENTY-EIGHTH DEFENSE, MERCK ALLEGES:

28.    The claims of Plaintiffs may be barred, in whole or in part, from recovery, due to spoliation of evidence.

### AS FOR A TWENTY-NINTH DEFENSE, MERCK ALLEGES:

29.    The claims of Plaintiffs may be barred, in whole or in part, by the governing state laws.

### AS FOR A THIRTIETH DEFENSE, MERCK ALLEGES:

30.    Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

### AS FOR A THIRTY-FIRST DEFENSE, MERCK ALLEGES:

31.    Plaintiffs have not sustained any injury or damages compensable at law.

### AS FOR A THIRTY-SECOND DEFENSE, MERCK ALLEGES:

32.    Merck reserves its right to dismiss the Complaint and seeks further relief for Plaintiffs' failure to provide it with due process of law.

### AS FOR A THIRTY-THIRD DEFENSE, MERCK ALLEGES:

33.    To the extent that Plaintiffs seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### AS FOR A THIRTY-FOURTH DEFENSE, MERCK ALLEGES:

34.    To the extent that Plaintiffs seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

### AS FOR A THIRTY-FIFTH DEFENSE, MERCK ALLEGES:

35.     Plaintiffs' demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. §301.

### AS FOR A THIRTY-SIXTH DEFENSE, MERCK ALLEGES:

36.     Merck pleads all defenses available to it where applicable under the Arkansas Products Liability Act of 1979.

### AS FOR A THIRTY-SEVENTH DEFENSE, MERCK ALLEGES:

37.     Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts).

### AS FOR A THIRTY-EIGHTH DEFENSE, MERCK ALLEGES:

38.     Plaintiffs' claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### AS FOR A THIRTY-NINTH DEFENSE, MERCK ALLEGES:

39.     Plaintiffs' claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts: Products Liability.

### AS FOR A FORTIETH DEFENSE, MERCK ALLEGES:

40.     Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

## AS FOR A FORTY-FIRST DEFENSE, MERCK ALLEGES:

41.     To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A FORTY-SECOND DEFENSE, MERCK ALLEGES:

42.     Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A FORTY-THIRD DEFENSE, MERCK ALLEGES:

43.     Merck incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action. Merck will rely on all defenses that may become available during discovery or trial.

## AS FOR A FORTY-FOURTH DEFENSE, MERCK ALLEGES:

44.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured plaintiff.

## AS FOR A FORTY-FIFTH DEFENSE, MERCK ALLEGES:

45.     Any liability that might otherwise be imposed upon Merck is subject to reduction by the application of the doctrine of comparative negligence

## JURY DEMAND

Merck hereby demands trial by jury on all issues.

Respectfully submitted,


By:/s/ Jennifer Haltom Doan_____
Jennifer Haltom Doan
Arkansas Bar No. 96063
Kristie A. Wright
Arkansas Bar No. 2005012
HALTOM & DOAN, LLP
6500 N. Summerhill Road, Suite 1A
P. O. Box 6227
Texarkana, TX 75503
903-255-1000
903-255-0800 (FAX)
jdoan@haltomdoan.com


Dorothy H. Wimberly
Phillip Wittmann
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361


ATTORNEYS FOR MERCK & CO., INC.


## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 7th day of November, 2006.

/s/ Jennifer Haltom Doan_____
Jennifer Haltom Doan