UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX® | § | MDL Docket No. 1657 |
| | § | |
| PRODUCTS LIABILITY LITIGATION | § | SECTION L |
| | § | |
| This document relates to: John J. O'Neill | § | |
|  v. Merck & Co., Inc. | § | JURY DEMAND |
| | § | |
| No. 2:06-cv-08311-EEF-DER | § | |

## MERCK & CO., INC.'S ORIGINAL ANSWER

Merck & Co., Inc. ("Merck") files this answer to Plaintiff's Original Complaint (the "Complaint") as follows:

### I.  RESPONSE TO PARAGRAPH 1

1. Merck denies each and every allegation contained in paragraph 1 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004 and that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.  Merck further admits that Vioxx is the brand name for rofecoxib.

### II.  RESPONSE TO "JURISDICTION"

2. Merck states that the allegations contained in paragraph 2 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck admits that Plaintiff's claims put more than $75,000.00 in controversy, but there is no legal or factual basis for any of the relief sought.

3. The allegations contained in paragraph 3 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck

denies each and every allegation contained in paragraph 3 of the Complaint.

### III.  RESPONSE TO "PARTIES"

4.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 4 of the Complaint.  Merck denies each and every allegation contained in the second sentence of paragraph 4 of the Complaint, except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

5.      Merck denies each and every allegation contained in paragraph 5 of the Complaint except admits that it is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

### IV.  RESPONSE TO "SUBSTANTIVE ALLEGATIONS"

6.      Merck denies each and every allegation contained in the first sentence of paragraph 6 of the Complaint except admits that the prescription medicine Vioxx is part of a class of drugs known as NSAIDS and that the prescription medicine Vioxx reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").  Merck further denies each and every allegation contained in the second sentence of paragraph 6 of the Complaint except avers that the FDA approved Vioxx as safe and effective for certain indicated uses in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.  Merck further denies each and every allegation contained in the third and fourth sentences of paragraph 6 of the Complaint except admits that in April 2002 the FDA approved Vioxx as safe and effective for use as recommended in the FDA-

approved prescribing information for, among other indicated uses, the treatment of the signs and symptoms of rheumatoid arthritis in adults.

7.     Merck denies each and every allegation contained in the first three sentences of paragraph 7 of the Complaint except admits that Merck sought and received the approval of the United States Food and Drug Administration ("FDA") to manufacture and market the prescription medicine Vioxx and, until the voluntary worldwide withdrawal of Vioxx on September 30, 2004, did market Vioxx for the indicated uses set out in the relevant FDA approved prescribing informationand respectfully refers the Court to the FDA prescribing information for Vioxx's indicated uses.   Merck further denies each and every allegation contained in the fourth sentence of paragraph 7 of the Complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.   Merck denies each and every allegation contained in the fifth sentence of paragraph 7 of the Complaint.

8.     Merck denies each and every allegation contained in the first and second sentences of paragraph 8 of the Complaint except admits that the referenced letter exists, and respectfully refers the Court to said letter for its actual language and full text.   Merck denies each and every allegation contained in the third sentence of said paragraph, except admits that the referenced study exists and was published in 2000, and respectfully refers to the Court to said study for its actual language and full text.   Merck denies each and every allegation contained in the fourth sentence of said paragraph, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses in a manner consistent with the information contained in the relevant FDA-approved prescribing information and respectfully refers the Court to the relevant FDA-approved prescribing

information for Vioxx for its indicated uses and full text.  Merck further admits that Merck employed professional representatives to have product discussions concerning Vioxx with health care professionals.

9.      Merck denies each and every allegation contained in paragraph 9 of the Complaint.

10.      Merck denies each and every allegation contained in paragraph 10 of the Complaint except admits that the referenced journal and editorial exist and respectfully refers the Court to said editorial for its actual language and full text.

11.      Merck denies each and every allegation contained in paragraph 11 of the Complaint except admits that the APPROVe study exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

12.      Merck denies each and every allegation contained in paragraph 12 of the Complaint except admits that the APPROVe study exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

13.      Merck denies each and every allegation contained in paragraph 13 of the Complaint and respectfully refers the Court to the transcript of the referenced hearing for Dr. Graham's actual language and conclusions.

14.      Merck denies each and every allegation contained in paragraph 14 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Vioxx is the trade name for rofecoxib.

15.      Merck denies each and every allegation contained in paragraph 15 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription

medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

16.    Merck denies each and every allegation contained in paragraph 16 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

17.    Merck denies each and every allegation contained in paragraph 17 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

18.    Merck denies each and every allegation contained in paragraph 18 of the Complaint.

19.    Merck denies each and every allegation contained in paragraph 19 of the Complaint.

20.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint.

21.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint.

22.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Complaint.

23.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Complaint.

24.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Complaint.

25.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Complaint.

## V.   RESPONSE TO "COUNT I - STRICT PRODUCT LIABILITY - DEFECTIVE DESIGN"

26.     With respect to the allegations contained in paragraph 26 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

27.     Merck denies each and every allegation contained in paragraph 27 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

28.     Merck denies each and every allegation contained in paragraph 28 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

29.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Complaint.

30.     Merck denies each and every allegation contained in paragraph 30, including subparagraphs a-e, of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

 ANSWER – Page 6

31.     Merck denies each and every allegation contained in paragraph 31 of the Complaint.

32.     Merck denies each and every allegation contained in paragraph 32 of the Complaint except admits that Plaintiff purports to bring an action for damages and other relief, but denies any legal or factual basis for the relief sought.

## VI.  RESPONSE TO "COUNT II - FAILURE TO WARN"

33.     With respect to the allegations contained in paragraph 33 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

34.     Merck denies each and every allegation contained in paragraph 34 of the Complaint.

35.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of the Complaint.

36.     Merck denies each and every allegation contained in paragraph 36 of the Complaint.

37.     Merck denies each and every allegation contained in paragraph 37 of the Complaint.

38.     Merck denies each and every allegation contained in paragraph 38 of the Complaint.

39.     The allegations made in paragraph 39 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph and respectfully refers the court to the relevant legal standard, including any conflict of laws rules.

40.     Merck denies each and every allegation contained in paragraph 40 of the Complaint.

41.     Merck denies each and every allegation contained in paragraph 41 of the Complaint except admits that Plaintiff purports to bring an action for damages and other relief, but denies any legal or factual basis for the relief sought.

## VII.  RESPONSE TO "COUNT III - NEGLIGENCE"

42.     With respect to the allegations contained in paragraph 42 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

43.     Merck denies each and every allegation contained in paragraph 43 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

44.      The allegations made in paragraph 44 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph and respectfully refers the court to the relevant law governing Plaintiff's negligence claims.

45.     Merck denies each and every allegation contained in paragraph 45, including subparagraphs a-f, of the Complaint.

46.     Merck denies each and every allegation contained in paragraph 46 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

47.     Merck further denies each and every allegation contained in paragraph 47 of the Complaint.

48.     Merck denies each and every allegation contained in paragraph 48 of the Complaint, except admits that Plaintiff purports to bring an action for damages and other relief, but denies any legal or factual basis for the relief sought.

### VIII.  RESPONSE TO "COUNT IV - FRAUD AND MISREPRESENTATION"

49.     With respect to the allegations contained in paragraph 49 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

50.     Merck denies each and every allegation contained in paragraph 50 of the Complaint.

51.     Merck denies each and every allegation contained in paragraph 51 of the Complaint.

52.     Merck denies each and every allegation contained in paragraph 52 of the Complaint.

53.     Merck denies each and every allegation contained in paragraph 53 of the Complaint.

54.     Merck denies each and every allegation contained in paragraph 54 of the Complaint.

55.     Merck denies each and every allegation contained in paragraph 55, including subparagraphs a-d, of the Complaint.

56.     Merck denies each and every allegation contained in paragraph 56 of the Complaint.

57.    The allegations contained in paragraph 57 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

58.    Merck denies each and every allegation contained in paragraph 58 of the Complaint.

59.    The allegations contained in paragraph 59 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the court to the relevant legal standard, including any conflict of laws rules.

60.    Merck denies each and every allegation contained in paragraph 60 of the Complaint.

61.    Merck denies each and every allegation contained in paragraph 61 of the Complaint.

62.    Merck denies each and every allegation contained in paragraph 62 of the Complaint, except admits that Plaintiff purports to bring an action for damages and other relief, but denies any legal or factual basis for the relief sought.

## IX.   RESPONSE TO "COUNT V - VIOLATIONS OF THE ARKANSAS DECEPTIVE TRADE PRACTICES ACT"

63.    With respect to the allegations contained in paragraph 63 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

64.    The allegations contained in paragraph 64 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

65.     Merck denies each and every allegation contained in paragraph 65 of the Complaint, except admits that Plaintiff purports to bring an action for damages and other relief, but denies any legal or factual basis for the relief sought.

X.      **RESPONSE TO "COUNT VI - BREACH OF EXPRESS WARRANTY"**

66.     With respect to the allegations contained in paragraph 66 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

67.     Merck denies each and every allegation contained in paragraph 67 of the Complaint.

68.     Merck denies each and every allegation contained in paragraph 68 of the Complaint.

69.     Merck denies each and every allegation contained in paragraph 69 of the Complaint.

70.     Merck denies each and every allegation contained in paragraph 70 of the Complaint, except admits that Plaintiff purports to bring an action for damages and other relief, but denies any legal or factual basis for the relief sought.

XI.     **RESPONSE TO "COUNT VII - BREACH OF IMPLIED WARRANTY"**

71.     With respect to the allegations contained in paragraph 71 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

72.     The allegations contained in paragraph 72 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 72 of the Complaint.

73.     Merck denies each and every allegation contained in paragraph 73 of the Complaint.

74.     Merck denies each and every allegation contained in paragraph 74 of the Complaint, except admits that Plaintiff purports to bring an action for damages and other relief, but denies any legal or factual basis for the relief sought.

## XII.   RESPONSE TO "COUNT VIII - PUNITIVE DAMAGES"

75.     With respect to the allegations contained in paragraph 75 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

76.     Merck denies each and every allegation contained in paragraph 76 of the Complaint.

77.     Merck denies each and every allegation contained in paragraph 77 of the Complaint.

78.     Merck denies each and every allegation contained in paragraph 78 of the Complaint, except admits that Plaintiff purports to bring an action for damages and other relief, but denies any legal or factual basis for the relief sought.

## XIII.  RESPONSE TO "PRAYER FOR RELIEF"

79.     Paragraphs A-E of the Complaint are not allegations and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in said paragraphs, except admits that Plaintiff purports to demand judgment and certain forms of relief, but denies there is any legal or factual basis for awarding same.

## XIV.  RESPONSE TO "JURY DEMAND"

80.     Merck admits that Plaintiff purports to request a trial by jury.

## XV.  RESPONSE TO "ATTORNEY'S LIEN CLAIMED"

81.     Merck admits that Plaintiff purports to claim an Attorney's Lien, but denies any legal or factual basis for the relief sought.

## DEFENSES AND AFFIRMATIVE DEFENSES

### AS FOR A FIRST DEFENSE, MERCK ALLEGES:

1.     The claims of Plaintiff may be time-barred, in whole or in part, under applicable statute of limitations, statutes of repose, or otherwise untimely.

### AS FOR A SECOND DEFENSE, MERCK ALLEGES:

2.     The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A THIRD DEFENSE, MERCK ALLEGES:

3.     The claims of the Plaintiff may be barred, in whole or in part, from recovery because he has made statements or taken actions that preclude him from asserting claims or constitute a waiver of his claims.

### AS FOR A FOURTH DEFENSE, MERCK ALLEGES:

4.     The claims of the Plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

### AS FOR A FIFTH DEFENSE, MERCK ALLEGES:

5.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### AS FOR A SIXTH DEFENSE, MERCK ALLEGES:

6.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were cause in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A SEVENTH DEFENSE, MERCK ALLEGES:

7.      To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR AN EIGHTH DEFENSE, MERCK ALLEGES:

8.      To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR A NINTH DEFENSE, MERCK ALLEGES:

9.      If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A TENTH DEFENSE, MERCK ALLEGES:

10.      If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR AN ELEVENTH DEFENSE, MERCK ALLEGES:

11.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

## AS FOR A TWELFTH DEFENSE, MERCK ALLEGES:

12.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

## AS FOR A THIRTEENTH DEFENSE, MERCK ALLEGES:

13.     To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A FOURTEENTH DEFENSE, MERCK ALLEGES:

14.     To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Arkansas law.

## AS FOR A FIFTEENTH DEFENSE, MERCK ALLEGES:

15.     Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Arkansas Rule of Civil Procedure 9(b).

### AS FOR A SIXTEENTH DEFENSE, MERCK ALLEGES:

16.      Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A SEVENTEENTH DEFENSE, MERCK ALLEGES:

17.      Plaintiff's claims are barred in whole or in part by the First Amendment.

### AS FOR AN EIGHTEENTH DEFENSE, MERCK ALLEGES:

18.      Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

### AS FOR A NINETEENTH DEFENSE, MERCK ALLEGES:

19.      There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

### AS FOR A TWENTIETH DEFENSE, MERCK ALLEGES:

20.      This case is more appropriately brought in a different venue.

### AS FOR A TWENTY-FIRST DEFENSE, MERCK ALLEGES:

21.      Venue in this case is improper.

### AS FOR A TWENTY-SECOND DEFENSE, MERCK ALLEGES:

22.      The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, he has brought actions and has received judgments on parts of some or all claims asserted herein.

### AS FOR A TWENTY-THIRD DEFENSE, MERCK ALLEGES:

23.    The claims of Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

### AS FOR A TWENTY-FOURTH DEFENSE, MERCK ALLEGES:

24.    The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to his claims.

### AS FOR A TWENTY-FIFTH DEFENSE, MERCK ALLEGES:

25.    The claims of Plaintiff may be barred, in whole and in part, by the doctrine of laches.

### AS FOR A TWENTY-SIXTH DEFENSE, MERCK ALLEGES:

26.    The claims of the Plaintiff are barred, in whole or in part, by his failure to mitigate damages.

### AS FOR A TWENTY-SEVENTH DEFENSE, MERCK ALLEGES:

27.    To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

### AS FOR A TWENTY-EIGHTH DEFENSE, MERCK ALLEGES:

28.    The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

**AS FOR A TWENTY-NINTH DEFENSE, MERCK ALLEGES:**

29.     The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

**AS FOR A THIRTIETH DEFENSE, MERCK ALLEGES:**

30.     Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

**AS FOR A THIRTY-FIRST DEFENSE, MERCK ALLEGES:**

31.     Plaintiff has not sustained any injury or damages compensable at law.

**AS FOR A THIRTY-SECOND DEFENSE, MERCK ALLEGES:**

32.     Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiffs' failure to provide it with due process of law.

**AS FOR A THIRTY-THIRD DEFENSE, MERCK ALLEGES:**

33.     To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

**AS FOR A THIRTY-FOURTH DEFENSE, MERCK ALLEGES:**

34.     To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

**AS FOR A THIRTY-FIFTH DEFENSE, MERCK ALLEGES:**

35.     Plaintiff's demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. §301.

## AS FOR A THIRTY-SIXTH DEFENSE, MERCK ALLEGES:

36.    Merck pleads all defenses available to it where applicable under the Arkansas Products Liability Act of 1979.

## AS FOR A THIRTY-SEVENTH DEFENSE, MERCK ALLEGES:

37.    Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts).

## AS FOR A THIRTY-EIGHTH DEFENSE, MERCK ALLEGES:

38.    Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-NINTH DEFENSE, MERCK ALLEGES:

39.    Plaintiff's claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

## AS FOR A FORTIETH DEFENSE, MERCK ALLEGES:

40.    Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

## AS FOR A FORTY-FIRST DEFENSE, MERCK ALLEGES:

41.    To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A FORTY-SECOND DEFENSE, MERCK ALLEGES:

42.     Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A FORTY-THIRD DEFENSE, MERCK ALLEGES:

43.     Merck incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action. Merck will rely on all defenses that may become available during discovery or trial.

## AS FOR A FORTY-FOURTH DEFENSE, MERCK ALLEGES:

44.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

## AS FOR A FORTY-FIFTH DEFENSE, MERCK ALLEGES:

45.     Any liability that might otherwise be imposed upon Merck is subject to reduction by the application of the doctrine of comparative negligence

## JURY DEMAND

46.     Merck hereby demands trial by jury on all issues.

Respectfully submitted,


By:/s/ Jennifer Haltom Doan_____
Jennifer Haltom Doan
Arkansas Bar No. 96063
Kristie A. Wright
Arkansas Bar No. 2005012
HALTOM & DOAN, LLP
6500 N. Summerhill Road, Suite 1A
P. O. Box 6227
Texarkana, TX 75503
903-255-1000
903-255-0800 (FAX)
jdoan@haltomdoan.com

Dorothy H. Wimberly
Phillip Wittmann
STONE PIGMAN
WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361

ATTORNEYS FOR MERCK & CO., INC.


## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 7th day of November, 2006.

_/s/ Jennifer Haltom Doan_____
Jennifer Haltom Doan