UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 06-0810 | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| CHARLES L. MASON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * *

**OPPOSITION OF MERCK & CO. INC. ("MERCK") TO PLAINTIFF'S MOTION
TO EXCLUDE THE TESTIMONY OF DR. JANET ARROWSMITH-LOWE**

**(EXPERT CHALLENGE NO. 3)**

Plaintiff has moved to exclude the testimony of Dr. Janet Arrowsmith-Lowe, whom Merck has designated as an expert on the FDA's regulatory procedures. In *Plunkett v. Merck (Plunkett I)*, this Court denied a similar motion to exclude Dr. Janet Arrowsmith-Lowe's testimony. *Plunkett v. Merck & Co. (In re Vioxx Prods. Liab. Litig.)*, 401 F. Supp. 2d 565, 577-79 (E.D. La. 2005).[1] This Court has accepted Dr. Arrowsmith-Lowe as qualified to testify as an expert in two trials. Plaintiff here offers no adequate reason to justify his request that the Court reconsider its prior ruling. (*See* Pl.'s Mot. at 1-2 n.1.) He exerts a great deal of time and energy

---

[1] In *Smith v. Merck*, plaintiff did not seek to exclude Dr. Arrowsmith-Lowe, who testified at trial. (*See* Sept. 21, 2006 *Smith v. Merck* Tr. at 2524:11-2566:8.)

attacking Dr. Arrowsmith-Lowe's training and expertise in subjects on which Merck has not sought to offer her as an expert – epidemiology, cardiology, and gastroenterology – because he knows she is well-qualified in the subjects on which she *has* been tendered and previously accepted – the FDA regulation process and labeling. (February 16, 2006 *Plunkett v. Merck* Tr. at 2194:1-2.) For the reasons stated below, Merck respectfully requests that the Court follow its prior ruling in *Plunkett I* and deny plaintiff's motion.

I.  **THIS COURT HAS ALREADY FOUND THAT DR. ARROWSMITH-LOWE IS QUALIFIED TO TESTIFY AS AN EXPERT CONCERNING RELEVANT SUBJECTS ON WHICH HER TESTIMONY IS BOTH RELIABLE AND HELPFUL TO THE JURY.**

As in *Plunkett* and *Smith*, Dr. Arrowsmith-Lowe will offer her expert opinions on Merck's interactions with the FDA with respect to Vioxx® as well as the adequacy of Merck's disclosure of cardiovascular and other data to the FDA and the medical community. (Expert Report of Janet Arrowsmith-Lowe, M.D., F.A.C.P. ("Arrowsmith-Lowe Rpt.") at 1, attached hereto as Ex. A.) She has based this opinion on her years of experience in the field of pharmaceutical regulation (which include a 12-year career at the FDA) and her expertise in evaluating prescription drug safety and labeling. (*Id.* at 15.) Indeed, she is both well qualified and has adequate support to explain persuasively *why* Merck's conduct was reasonable in light of the pertinent regulatory framework. She can further opine on the significance of the FDA's decisions and actions.

There is no question – and the plaintiff raises none – concerning either the relevance of Dr. Arrowsmith-Lowe's testimony or the fact that expert testimony in those areas will assist the jury in making its decisions. Given plaintiff's concessions concerning the relevance and helpfulness of Dr. Arrowsmith-Lowe's testimony, the only issues remaining for purposes of the present motion are: (i) whether she is qualified to offer her opinions; and (ii) whether her

2

testimony is based on sufficient facts or data, is the product of reliable principles and methods, and has been properly applied to the facts of the case. *See* FED. R. EVID. 702.

In *Plunkett v. Merck*, this Court answered both of these questions in the affirmative. *See Plunkett*, 401 F. Supp. 2d at 578-79. The Court also accepted Dr. Arrowsmith-Lowe as an expert in *Smith*. (September 21, 2006 *Smith v. Merck* Tr. at 2532:11-18.) Dr. Arrowsmith-Lowe has been accepted by other courts as an FDA expert. (*See* Arrowsmith-Lowe Rpt. at Ex. B (listing over thirty cases in which Dr. Arrowsmith-Lowe has testified as an expert at trial or by deposition since May 2002).) She is a medical doctor who is board-certified in Internal Medicine and who worked at the FDA for over a decade. (Arrowsmith-Lowe Rpt. at 2.) During her time at the FDA, she was both a medical review officer and the Acting Director of the Office of Surveillance and Biometrics, Center for Devices and Radiologic Health. (*Id.*) She has authored or co-authored over a dozen articles, including articles in peer-reviewed journals, and has frequently testified as an expert in various courts. (*Id.* at Ex. A at 4, Ex. B at 1-3.) Due to her medical and other training, publications, and experience at the FDA, Dr. Arrowsmith-Lowe has expertise concerning: (i) the regulations governing the approval, labeling, advertising and marketing of pharmaceutical products; (ii) the processes by which the FDA determines the efficacy and safety of new drugs; and (iii) the issues the FDA considers in the development of product labeling – exactly the areas on which she will offer opinions at trial. (*Id.* at 2.)

Not only is Dr. Arrowsmith-Lowe adequately qualified to offer her opinions to the jury, but her testimony meets the other requirements of Rule 702 as well. In particular, her testimony is based upon sufficient facts or data, is the product of reliable principles and methods, and has been applied reliably to the facts of the case. *See* FED. R. EVID. 702. In preparing to testify, Dr. Arrowsmith-Lowe has reviewed, among other things, Merck's submissions to the FDA,

M009905661

including its IND, NDA, and sNDAs; protocols and data from clinical studies; minutes from the FDA Advisory Committee Meetings; and the FDA's April 6, 2005 Decision Memorandum. (Arrowsmith-Lowe Rpt. at 3.)

In sum, Dr. Arrowsmith-Lowe's testimony is both relevant to the claims plaintiff makes in this case and reliable. The Court should thus deny plaintiff's motion, as it did in *Plunkett I*.

## II. PLAINTIFF ATTEMPTS TO DISTRACT THE COURT BY ATTACKING DR. ARROWSMITH-LOWE'S QUALIFICATIONS IN AREAS IN WHICH SHE HAS NOT BEEN DESIGNATED AS AN EXPERT.

### A. Contrary To Plaintiff's Claim, Dr. Arrowsmith-Lowe Need Not Be A Cardiologist, Gastroenterologist, Or Epidemiologist To Testify About Regulatory Matters.

Instead of attacking Dr. Arrowsmith-Lowe's qualifications as an expert in regulatory matters – which are unassailable – the plaintiff has targeted her expertise in areas in which Merck has not designated her to testify. He argues that, because Dr. Arrowsmith-Lowe is neither a cardiologist nor a gastroenterologist, she is unqualified to testify about the reaction by Merck and the FDA to clinical studies involving cardiovascular or gastrointestinal data. (Pl.'s Mot. at 2-6). Plaintiff further casts aspersions on Dr. Arrowsmith-Lowe's "claim[]" to be an epidemiologist (*Id.* at 3), as if she were merely an impostor during her employment as an FDA staff epidemiologist. These arguments are specious. The Court is already familiar with Dr. Arrowsmith-Lowe's *curriculum vitae*, which lists her academic training in epidemiology as well as her work as a staff epidemiologist for the FDA. (Arrowsmith-Lowe Rpt. Ex. A at 2, 18.) In its *Plunkett I* ruling, the Court noted Dr. Arrowsmith-Lowe's tenure as an FDA epidemiologist, as well as her employment there as a medical review officer and acting director of the Office of Surveillance and Biometrics. *Plunkett I,* 401 F. Supp. 2d at 578. The Court also found that Dr. Arrowsmith-Lowe has "substantial" experience reviewing new drug applications and supplemental new drug applications. *Id.* It is this experience that serves as the foundation for

M009905662

Dr. Arrowsmith-Lowe's opinions about Merck and the FDA's response to the Vioxx studies. Thus, any alleged deficiencies in Dr. Arrowsmith-Lowe's expertise in epidemiology, cardiology, or gastroenterology are irrelevant to her qualifications as an expert. Contrary to the plaintiff's view, it is not necessary for an expert to have personally designed and supervised a study such as VIGOR or APPROVe before that expert may testify about the FDA's reaction to such a study. The expertise necessary for such testimony is precisely that which Dr. Arrowsmith-Lowe has. She understands and can explain to the jury: (i) the FDA's rigorous requirements and review processes; (ii) the customary practices of pharmaceutical companies in submitting data in connection with INDs, NDAs, and sNDAs; and (iii) the actions the FDA can (and does) take if it perceives those submissions to be inadequate.

### B. Dr. Arrowsmith-Lowe's Evaluation Of The FDA's And Merck's Actions Is Not "Cheerleading," As Plaintiff Claims.

Finally, plaintiff repeats the argument made (and rejected) in *Plunkett I* that Dr. Arrowsmith-Lowe's opinions of the propriety of Merck's and the FDA's handling of the Vioxx situation are little more than vouching for the work of others. (Pl.'s Mot. at 5-6.) As this Court found in *Plunkett I*, Dr. Arrowsmith-Lowe's opinions are based on "reliable methodology" and satisfy the Rule 702 standard. *Plunkett I*, 401 F. Supp. 2d at 578. Accordingly, plaintiff's motion should again be denied.

### III. CONCLUSION.

For the foregoing reasons, the Court should deny the plaintiff's Motion to Exclude Opinion Testimony of Dr. Janet Arrowsmith-Lowe.

M009905663

Dated: October 3, 2006                           Respectfully submitted,

/s/ *Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Andrew Goldman
Carrie A. Jablonski
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois 60610
Phone: 312-494-4400
Fax:     312-494-4440

Brian Currey
Catalina J. Vergara
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: 213-430-6000
Fax:     213-430-6407

And

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:     202-434-5029

Attorneys for Merck & Co., Inc.

M009905664

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Opposition to Plaintiff's Motion to Exclude the Testimony of Dr. Janet Arrowsmith-Lowe has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 3rd day of October, 2006.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel