UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No. 06-0810 | * | |
| | * | MAGISTRATE JUDGE |
| CHARLES L. MASON, | * | KNOWLES |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * *

**SUPPLEMENTAL BRIEF OF MERCK & CO., INC ("MERCK")
ON THE APPLICABILITY OF UTAH CODE § 78-18-2
TO PLAINTIFF'S PUNITIVE DAMAGES CLAIM**

Under Utah Code § 78-18-2, punitive damages "may not be awarded" in this case because Vioxx "received premarket approval or licensure" by the FDA:

(1) Punitive damages may not be awarded if a drug causing the claimant's harm:

(a) received premarket approval or licensure by the Federal Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. Section 301 et seq. or the Public Health Service Act, 42 U.S.C. Section 201 et seq.;

(b) is generally recognized as safe and effective under conditions established by the Federal Food and Drug Administration and applicable regulations, including packaging and labeling regulations.

The Utah legislature has provided only a single narrow exception: proof of fraud on the FDA.  See UTAH CODE ANN. § 78-18-2(2) (2006).  Specifically, the limitation on liability for punitive damages" set forth above "does not apply if "it is shown by *clear and convincing*

*evidence* that the drug manufacturer *knowingly withheld or misrepresented information* required to be submitted to the [FDA] under its regulations, which information *was material and relevant to the plaintiff's harm.*" *Id.*

The statute bars punitive damages in this case for three reasons: (i) Vioxx received premarket approval from the FDA; (ii) as applied to this case, the statutory exception is preempted by federal law under *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001), because it requires a showing of fraud on the FDA that the FDA has itself not found[1]; and (iii) even if the statutory exception were not preempted, plaintiffs have not – and cannot – provide clear and convincing evidence from which a reasonable jury could conclude that Merck knowingly withheld from or misrepresented to the FDA material information relevant to plaintiff's alleged harm. To the contrary, the evidence shows that Merck provided the FDA with all required information about the clinical testing of Vioxx and all other information required by the Food, Drug, and Cosmetic Act, 21 U.S.C. § 301, *et seq.*, and its implementing regulations (collectively "FDCA"). Accordingly, the Court should enter judgment as a matter of law in Merck's favor on plaintiff's claim for punitive damages pursuant to Merck's concurrently-filed motion. This should be done immediately – or, in the alternative, after considering an offer of proof by plaintiff. In any event, the Court should rule on the issue before deciding whether to proceed with a punitive damages phase.

---

[1] This brief is not a facial challenge to the statute. *Buckman* makes clear that fraud-on-the-FDA claims under state law are not preempted if they rely on a finding of fraud by the FDA itself. 531 U.S. at 352-3; *see also id.* at 354 (Stevens, J., concurring) ("This would be a different case if, prior to the instant litigation, the FDA had determined that petitioner had committed fraud . . . .") The statutory exception for punitive damages is valid as applied to such cases, but not where, as here, the FDA itself has made no such finding.

**I.     PLAINTIFF'S PUNITIVE DAMAGES CLAIM IS BARRED BECAUSE VIOXX RECEIVED FDA PREMARKET APPROVAL.**

As noted above, Section 78-18-2(1) prevents awards of punitive damages against drug manufacturers if a "drug causing the claimant's harm: (a) received premarket approval or licensure by the [FDA]; (b) is generally recognized as safe and effective under conditions established by the [FDA] regulations."[2] UTAH CODE ANN. § 78-18-2(1) (2006). In passing § 78-18-2, the Utah Legislature "recognized the value of the FDA approval process and the public interest in the availability and affordability of prescription drugs by restricting the extent of liability for injuries resulting from the use of those drugs." *Grundberg v. Upjohn Co.*, 813 P.2d 89, 97 (Utah 1991). The rule, "designed to avoid discouraging manufacturers from marketing FDA-approved drugs, applies even to drugs marketed with inadequate warnings." *Id.*

It is undisputed that Vioxx was approved by the FDA prior to being marketed and sold by Merck. *See* Pretrial Order at 7 (FDA first approved Vioxx as "safe and effective" in May 1999). Because, as shown below, plaintiff cannot avail himself of the fraud-on-the-FDA exception of § 78-18-2(2), Merck is immune from punitive damages as a matter of Utah law.

---

[2] Sections (a) and (b) of § 78-18-2(1) are separated by a semicolon, but there is no conjunction, such as "and" or "or." Because a drug must be considered "safe and effective" under conditions required by the FDA in order to receive premarket approval, the inadvertently omitted conjunction must be "or." Substantially similar statutes in other states employ the disjunctive "or" in this location. *See, e.g.,* N.J. ANN. § 2A:58C-5 (2006); *see also* 2B Norman J. Singer, *Sutherland Statutory Construction* § 52:3 (6th ed. 2000) ("Where the meaning of a statute is in doubt, reference to legislation in other states and jurisdictions which pertains to the same subject matter, persons, things, or relations, may be a helpful source of interpretive guidance."). Thus, the Court should interpret § 78-18-2(1) by implying the conjunction "or" between sections (a) and (b). *See Morrison-Merril & Co. v. Industrial Commission of Utah*, 18 P.2d 295, 298 (Utah 1933) ("When it is obvious that there is a mistake or omission in a statute and the intention of the Legislature can be collected from the whole statute, courts will deem the proper word substituted or supplied.").

## II.     PLAINTIFF CANNOT PROVE THE FRAUD-ON-THE-FDA EXCEPTION.

### A.     The Statutory Exception Is Preempted In This Case By Federal Law.

In order to satisfy the exception to a drug manufacturer's statutory immunity under § 78-18-2(1), plaintiff is required to prove Merck "knowingly withheld or misrepresented information required to be submitted to the [FDA] under its regulations, which information was material and relevant to the plaintiff's harm." UTAH CODE ANN. § 78-18-2(2).  Plaintiff cannot rely on this exception, however, because any claim that Merck either misrepresented or knowingly did not provide the FDA with required information about Vioxx is preempted by the FDCA, unless the FDA itself has found that such fraud occurred.

In *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341, 355 (2001), the Supreme Court held that state-law "fraud-on-the-FDA" claims are preempted by the FDCA and its implementing regulations, because the FDCA provides that "*all* . . . proceedings for the enforcement, or to restrain violations, of this Act, shall be by and in the name of the United States." 21 U.S.C. § 337(a) (emphasis added).[3]  The Court explained that, in order to achieve the desired and delicate balance of the various goals of the FDCA, Congress "amply empower[ed] the FDA to punish and deter fraud against the Agency." *Buckman*, 531 U.S. at 348.  Permitting state courts to police the same conduct would "skew[]" that balance.  *Id.*  Pharmaceutical companies, the Court reasoned, would "fear that their disclosures to the FDA, although deemed appropriate by the Agency, will later be judged insufficient in state court." *Id.* at 351.  Such fear would encourage pharmaceutical companies to submit mountains of additional information,

---

[3] *Buckman* applies to drugs as well as medical devices.  *See* 21 U.S.C. § 337(a); *Garcia v. Wyeth-Ayerst Labs.*, 385 F.3d 961 (6th Cir. 2004) (finding implied preemption under *Buckman* in fraud-on-the-FDA products liability case against defendant manufacturer of Duract®, a non-steroidal anti-inflammatory drug).

thereby placing additional burdens on the FDA and delaying approval of beneficial drugs or indications. *See id.* Accordingly, the *Buckman* Court held that a claim is preempted if it "exist[s] solely by virtue of the FDCA disclosure requirements." *Id.* at 353. This includes state-law causes of action where "the existence of these federal enactments is a critical element in [plaintiff's] case." *Id.*

Courts that have faced the question following *Buckman* have similarly concluded that state products liability claims requiring a finding of fraud on the FDA are preempted. These courts have recognized that state statutes permitting recovery against a drug manufacturer *only* upon proof of misrepresentations to or concealment of information from the FDA are preempted by federal law under *Buckman*. In *Garcia v. Wyeth-Ayerst Labs.*, for instance, the Sixth Circuit analyzed a Michigan statute similar to § 78-18-2(2) and found that the plaintiff's claim under the statute was preempted. *See* 385 F.3d 961 (6th Cir. 2004). Like the Utah exception, the Michigan statute immunizes drug manufacturers from liability for defective or unreasonably dangerous drugs if the drug and its label were approved by the FDA. *See id.* at 963-64. The only exception to this immunity arises where the manufacturer "intentionally withheld or misrepresented material information concerning the drug that is required to be submitted under the Food and Drug Cosmetics Act . . . ." *Id.* at 964 (citing MICH. COMP. LAWS § 600.2946(5)(a) & (b)). The court found that plaintiff's attempt to satisfy the exception was preempted: "*Buckman* prohibits a plaintiff from invoking the exceptions on the basis of *state court* findings of fraud on the FDA [because] [s]uch a state court proceeding would raise the same inter-branch meddling concerns that animated *Buckman*." *Id.* at 966 (emphasis in original). On the other hand, "the same concerns do not arise when the *FDA itself* determines that a fraud has been committed on the agency during the regulatory process." *Id.* at 966 (emphasis in original).

Likewise, in *Kobar v. Novartis Corp.*, another court analyzed a similar state statute and found that the plaintiff's claim was preempted. 378 F. Supp. 2d 1166 (D. Ariz. 2005). *Kobar* involved an Arizona statute that immunizes drug manufacturers from punitive damages if the drug was manufactured and labeled with the approval of the FDA, unless the plaintiff proves that the defendant "knowingly, in violation of applicable federal food and drug administration regulations, withheld from or misrepresented to the administration information known to be material and relevant to the harm which the plaintiff allegedly suffered." *Id.* at 1168. This provision is identical in substance to the Utah exception. The *Kobar* court recognized that:

> Both a common law fraud-on-the-FDA claim and an immunity statute that requires a plaintiff to prove fraud on the FDA in order to collect punitive damages place state courts, as finders of fact, in the uncomfortable and difficult position of having to answer the question of what role, if any, the allegedly withheld information would have played in the FDA's complicated approval process.

*Id.* at 1173. The court concluded that this portion of the Arizona statute "require[d] proof of fraud on the FDA" and was preempted under *Buckman* because it created a conflict with federal law. *Id.* at 1174. Other courts have reached similar conclusions with regard to similar statutory provisions. *See, e.g., In re Rezulin*, MDL No. 1348-Civ. No. 2843, Tr. at 42-43 (S.D.N.Y. Feb. 24, 2005) (applying *Buckman* to hold that "fraud-on-the-FDA" exception in the Michigan FDA immunity statute is available only where the plaintiff relies on a finding of fraud by the FDA); *Henderson v. Merck & Co., Inc.*, 2005 U.S. Dist. LEXIS 29915, at *4 (E.D. Pa. Oct. 31, 2005) (holding that fraud-on-the-FDA exception is preempted, absent an FDA finding of fraud).

Thus, most courts that have addressed this precise question – whether claims requiring proof of fraud on the FDA were preempted – have reached the same conclusion.[4]  Like the

---

[4] One court, the Second Circuit in *Desiano v. Warner-Lambert & Co.*, found that *Buckman* did not preempt fraud-on-the-court claims brought under traditional tort theories of liability. Even if the *Desiano* court's opinion is not irretrievably flawed (as Merck believes it is), the arguments

(*footnoted continued next page*)

Michigan and Arizona statutes, the Utah punitive damages exception requires a showing of fraud on the FDA to overcome the general prohibition of punitive damages awards against pharmaceutical manufacturers. Absent a finding by the FDA itself that Merck deliberately withheld material information – something the FDA has never intimated – plaintiff's punitive damages claim is preempted and Merck is entitled to judgment.

There would also be no risk that the Court's finding regarding preemption of § 78-18-2(2) interferes with application of the general immunity granted to Merck by § 78-18-1(1), for two reasons. First, as noted above, Merck does not challenge § 78-18-2(2) on its face. Rather, Merck argues that, in cases in which the FDA has not itself concluded that it has been the victim of fraud, a private plaintiff cannot purport to make that showing on behalf of the FDA without undermining federal law. As such, there is no facially invalid provision of the statute that requires a decision about whether it can permissibly be extracted from the remaining provisions of the statute; to the contrary, Merck's preemption argument does not require any severability analysis at all. Because Merck does not contend there is "no set of circumstances in which the [subsection (b)(1)] would be valid," *United States v. Salerno*, 481 U.S. 739, 745 (1989), there is no occasion to consider the severability issue.

Even if the Court were to look beyond Merck's assertion that no analysis of severability must be made, there is no question that § 78-18-1(1) would remain applicable to plaintiff's

---

presented therein dealt only with the Michigan statute as it related to liability under products-liability statutes, not in relation to punitive damages. Therefore, *Desiano* is inapposite with regards to the argument here, which is that *Buckman* preempts claims of fraud on the FDA in causes of action where plaintiff's claim "exist[s] solely by virtue of the FDCA disclosure requirements," and not as a result of traditional tort theories of liability. Here, plaintiff can only assert a claim for punitive damages based on evidence that Merck violated the FDCA disclosure requirements, and his claim is preempted as a result. *Buckman,* 531 U.S. at 353.

punitive damages claim. "When reviewing the construction of statutes, the general rule is that statutes, where possible, are to be construed so as to sustain their constitutionality. Accordingly, if a portion of the statute might be saved by severing the part that is unconstitutional, such should be done." *Midvale City Corp. v. Haltom*, 73 P.3d 334, 346 (Utah 2003) (citations omitted).

"In determining whether an unconstitutional portion is severable, we look to legislative intent." *Id.* The legislative intent as it relates to § 78-18-2(2) is clearly stated at Laws 1989, ch. 237, § 3, which provides that if any provision of the act, or the application of any provision to any person or circumstance, is held invalid, the remainder of the act is to be given effect without the invalid provision or application. *See* UTAH CODE ANN. § 78-18-2. Therefore, the Utah legislature clearly intended for the sections to be treated as severable. Additionally, "[i]f the remainder of the statute is operable and still furthers the intended legislative purpose, the statute will be allowed to stand." *Haltom*, 73 P.3d at 346. The remainder of § 78-18-2, after the exception is preempted as to this plaintiff, is operable in prohibiting awards of punitive damages awards against drug manufacturers. Thus, despite a finding of preemption barring plaintiff from utilizing § 78-18-2(2), the Court must apply § 78-18-2(1) to enter judgment for Merck on plaintiff's punitive damages claim as a matter of law.

### B. Plaintiff Has Failed To Produce Clear And Convincing Evidence That Merck Defrauded The FDA.

Even if the Court were to find that plaintiff's claim for punitive damages were not preempted under *Buckman*, plaintiff's punitive damages claim must fail as a matter of law because plaintiff has not offered clear and convincing evidence that Merck "knowingly withheld or misrepresented information required to be submitted to the [FDA] under its regulations, which information was material and relevant to claimant's harm." UTAH CODE ANN. § 78-18-2(2). This narrow exception requires that plaintiff prove the information in question must have

been: (i) knowingly withheld or misrepresented; (ii) required to be submitted under FDA regulations; and (iii) relevant and material to Mr. Mason's harm. *Id.* Plaintiff has not and cannot meet this heavy burden. Plaintiff has no evidence, and certainly no clear and convincing evidence, that Merck failed to submit or misrepresented any required information to the FDA, much less that Merck did so *knowingly* or with respect to information material and relevant to Mr. Mason's claim. The Court therefore should enter judgment as a matter of law in favor of Merck, either immediately or after considering an offer of proof by plaintiff concerning evidence, if any, of relevant and material information that he alleges was knowingly withheld or misrepresented by Merck. Merck requests an opportunity to respond to any such offer of proof, if and when made by plaintiff.

### III. CONCLUSION.

For these reasons, Merck requests that the Court either immediately enter judgment as a matter of law in Merck's favor on plaintiff's claim for punitive damages, or do so after considering an offer of proof from plaintiff and Merck's response thereto.

Dated:  November 7, 2006                                              Respectfully submitted,

                                                                       s/ Dorothy H. Wimberly
                                                                       Phillip A. Wittmann, 13625
                                                                       Dorothy H. Wimberly, 18509
                                                                       STONE PIGMAN WALTHER
                                                                       WITTMANN L.L.C.
                                                                       546 Carondelet Street
                                                                       New Orleans, Louisiana  70130
                                                                       Phone:  504-581-3200
                                                                       Fax:     504-581-3361

                                                                       Defendants' Liaison Counsel

                                                                       Philip S. Beck
                                                                       Tarek Ismail

Shayna Cook
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:     312-494-4440

Brian Currey
Catalina J. Vergara
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:     213-430-6407

And

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:     202-434-5029


Attorneys for Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Supplemental Brief on the Applicability of Utah Code § 78-18-2 to Plaintiff's Punitive Damages Claim has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 7th day of November, 2006.

s/ Dorothy H. Wimberly