# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2006 OCT 30  AM 8:01
LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| In re: Vioxx | / | MDL Docket No. 1657 |
| **PRODUCTS LIABILITY LITIGATION** | / | SECTION L |
| | / | JUDGE FALLON |
| **This document relates to:** | / | MAGISTRATE JUDGE KNOWLES |
| Andre C. Julien v. Merck & Co., Inc., 05-01745 | / | |
| Mathilde Julien v. Merck & Co., Inc., 05-01751 | / | |
| Rosette Manasse v. Merck & Co., Inc., 05-01750 | / | |
| Philomene Oltine v. Merck & Co., Inc., 05-01744 | / | |
| Jeanne Petit Louis v. Merck & Co., Indc., 05-01742 | / | |
| Clamard Reveil v. Merck & Co., Inc. 05-01748 | / | |
| Charite Toussaint v. Merck & Co., Inc., 05-01752 | / | |
| Anne I. Chavannes v. Merck & Co., Inc., 05-01743 | / | |
| Cecelia Achille v. Merck & Co., Inc., 05-01749 | / | |

////////////////////////////////////////////

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

## PLAINTIFFS' RESPONSE TO DEFENDANT'S REQUEST FOR PLAINTIFF TO SHOW CAUSE WHY CASES SHOULD NOT BE DISMISSED WITH PREJUDICE AND REQUEST TO STAY PROCEEDINGS

Plaintiffs, ANDRE C. JULIEN; MATHILDE JULIEN; ROSETTE MANASSE; PHILOMENE OLTINE; JEANNE PETIT LOUIS; CLAMARD REVEIL; CHARITE TOUSSAINT; ANNE I. CHAVANNES; CECILIA ACHILLE (hereinafter "PLAINTIFFS"), by and through undersigned counsel, hereby files Plaintiffs' Response to DEFENDANT'S REQUEST FOR PLAINTIFF TO SHOW CAUSE WHY CASES SHOULD NOT BE DISMISSED WITH PREJUDICE. The Plaintiff states as follows:

### BACKGROUND[1]

On June 23, 2006, the Court entered PTO 18C. Along with other provisions, Pre-Trial Order No. 18C ("PTO 18C") governs the service and production requirements for Plaintiff Profile Forms ("PPF") and other PPF-related documents. PTO 18C directs the plaintiffs to produce verified PPFs.

Plaintiffs acknowledged the mandates of the order and initiated compliance by sending out requests for completed PPFs from the Plaintiffs in and around March 2006 (See Exhibit "A"). Requests for the PPFs were marked urgent and completed PPFs were received from Plaintiffs soon after. (See attachment)

### ARGUMENT

Plaintiff's Complaint must not be dismissed under Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b). Plaintiffs can show just cause as to why Plaintiff cases should not be dismissed with prejudice.

---

[1] For efficiency purposes, Plaintiffs re-state portions of Defendant's background information they deem as undisputed.

**A.) Plaintiff's delay in complying with Court order was due to excusable clerical error.**

It has been well established within this jurisdiction that the criteria level for demanding a dismissal of a complaint is high and the level of flagrant conduct that is required to be proven is substantial. Dismissal with prejudice "is an extreme sanction that deprives the litigant of the opportunity of pursue his claim." *Gayden v. Galveston County*, 178 F.R.D. 134, 135-36 (S.D.Tex.1998), (citing *Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir.1985) (other citation and internal quotations omitted). It is appropriate only in those egregious cases in which there is a "failure to comply with [a] court order [and the failure] was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir.1996). *See also Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990).

As the background history shows, the Plaintiffs' delay was not intentional, and was due to an internal clerical error. Plaintiffs' tardiness in responding was a result of bad faith or intentional dilatory tactics. Rather, profiles had been completed and were pending mailing. Transitions in the undersigned counsel's staffing caused a complication in project procedures and allocation.

**B.) Plaintiffs' excusable delay does not rise to the level to necessitate a dismissal.**

Courts within this jurisdiction have determined that dismissals under circumstances similar to the present case have been improper. Generally, where a plaintiff has failed only to comply with a few court orders or rules, [the 5th Circuit] [has] held that the district court abused its discretion in dismissing the suit with prejudice. *See,*

e.g., *Morris v. Ocean Systems*, 730 F.2d 248, 252 (5th Cir.1984) (no clear record of delay or contumacious conduct where counsel failed twice to comply with court-imposed deadlines requiring counsel to notify court of plaintiff's rejection of settlement offers), *Burden v. Yates*, 644 F.2d 503, 504-05 (5th Cir.1981) (no clear record of delay or contumacious conduct where counsel failed to file three documents on time).

The key here is "contumacious" – where the delay resulted in a magnitude of delays that would have manifested into a clear flagrant disregard of court orders. However, in this case, such contumacious behavior has not occurred. The Plaintiffs had remained active in prosecuting the case, as evidenced by the request and reception of the PPFs, albeit an excusable delay in getting them formally filed. Moreover, before deciding upon a Motion to Dismiss, the record must also show that the district court expressly considered whether a less drastic sanction would suffice. *S.E.C. v. First Houston Capital Resources Fund, Inc.*, 979 F.2d 380, 382-83 (5th Cir.1992). There is nothing in the record that suggests the court has engaged in such discussions.

## C. Plaintiffs respectfully request that the case be stayed pending substitution of new counsel.

The pending PPF documents were being processed concurrently with attorney discussions regarding the substitution of counsel. To date, new counsel is still being sought for these plaintiffs and to accommodate this, Plaintiffs respectfully request the court to grant a stay in the proceeding so that new counsel can be sought. The ability to stay proceedings "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for the litigants." *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct.

163, 81 L.Ed. 153 (1936). The Defendant will not be unduly prejudiced if proceedings in this Court, are stayed pending the assignment of new counsel.

WHEREFORE, Plaintiffs respectfully requests this honorable court deny Defendant's motion to dismiss.

## CONCLUSION

Despite Defendant's perseverance of multiple arguments, they simply are not sufficient enough to warrant dismissal of Plaintiff's complaint with or without prejudice. Plaintiffs have remained active in prosecuting this case and are hereby submitting to the court the required documents as requested by Court order.

Respectfully submitted,

**REMER & GEORGES-PIERRE, P.A.**
100 N. Biscayne Boulevard
Suite 2800
Miami, Florida 33132
Tel. (305) 416-5000
Fax: (305) 416-5005

By: _____
Anthony M. Georges-Pierre, Esq.
Florida Bar Number: 0533637

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via U.S. Mail and facsimile this 26 day of October, 2006 to:

Dorothy H. Wimberly, Esq.
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Facsimile: 504-581-3361

By: _____
Anthony M. Georges-Pierre, Esq.
Florida Bar Number: 0533637