UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX <br>     Products Liability Litigation <br><br> This Document Relates to: <br>     LENE ARNOLD <br><br> versus <br><br> MERCK & CO., INC. <br>     Defendant <br><br> Case No. 05-2627 <br><br> & <br><br> ALICIA GOMEZ <br><br> versus <br><br> MERCK & CO., INC. <br>     Defendant <br><br> Case No.  SA 05 CA0016 FB | * <br> * <br> * <br> * MDL No. 1657 <br> * <br> * SECTION L <br> * <br> * JUDGE ELDON E. FALLON <br> * <br> * MAGISTRATE JUDGE <br> * KNOWLES <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MERCK'S RESPONSE TO PLAINTIFFS' SUBMISSION OF SUPPLEMENTAL AUTHORITY

Merck & Co., Inc. ("Merck") submits this response to plaintiffs' submission of recent decisions in *Desiano v. Warner-Lambert & Co.*, 2006 WL 2846454 (2d Cir. Oct. 5, 2006); *Perry v. Novartis Pharmaceutical Corp.*, 2006 WL 2979388 (E.D. Pa. Oct. 16, 2006); and *Levine v. Wyeth*, 2006 WL 3041078 (Vt. 2006), in connection with the pending motion for summary judgment in the above-captioned cases. For the reasons explained herein, the authorities submitted by plaintiffs should not alter the Court's preemption analysis in these cases.

1. In *Desiano*, the Second Circuit took issue with the Sixth Circuit's preemption analysis in *Garcia v. Wyeth-Ayerst Labs.*, 385 F.3d 961, 966 (6th Cir. 2004), holding that the exemption

in Michigan's FDA immunity statute for claims involving fraud on the FDA is *not* preempted under *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001). In a gratuitous footnote irrelevant to its analysis of *Buckman* and *Garcia*, the *Desiano* opinion suggests that no deference is owed to the FDA's preemption statement because "an agency cannot supply, on Congress's behalf, the clear legislative statement of intent required to overcome the presumption against preemption." 2006 WL 2846454, at *11. This dictum is flatly contrary to a line of Supreme Court precedents dating back almost 50 years (*see* Merck Reply Br. 9 n.3), including most significantly *New York v. FERC*, 535 U.S. 1 (2002), which squarely holds that where an agency expressly acts to preempt state law, the analysis "*does not involve* a 'presumption against preemption.'" *Id.* at 18 (emphasis added). Rather, the sole question is whether the agency's action is "within the scope of its congressionally delegated authority," which a court must answer "*without any presumption one way or the other*." *Id.* (emphasis added).

The *Desiano* opinion's discussion of *Buckman* and *Garcia* and preemption claims implicating "fraud on the FDA" also provides no support to plaintiffs' position here. As explained in Merck's reply brief (Def.'s Reply at 23-24), plaintiffs in these cases have not challenged the adequacy of Merck's disclosures to the FDA; rather, they have asserted that those disclosures required more warnings than the FDA deemed appropriate. Further, *Desiano* would not help plaintiffs even if they could now challenge the post-VIGOR label on the ground that Merck's disclosures to the FDA were improper. *Desiano* holds that the Michigan statute is not preempted under *Buckman* because it creates a statutory defense to common-law liability for FDA-approved drugs, whereas *Buckman* itself involved a state-law claim requiring proof of fraud on the FDA as an element of the plaintiff's case. *Desiano*, 2006 WL 2846454, at *11. Merck disagrees with that analysis, but it is irrelevant here in any event. These cases do not

2

involve a special statutory defense to liability. Rather, if plaintiffs actually sought to challenge the adequacy of the post-VIGOR label by asserting that Merck defrauded the FDA in the approval process, plaintiffs obviously would bear the burden of proving such fraud as a prerequisite to liability. *See, e.g., In re Bextra & Celebrex Mktg. Sales & Practices & Prod. Liab. Litig.*, 2006 WL 2374742, at *10 (N.D. Cal. 2006).

2. The decision in *Perry* is even less helpful to plaintiffs here. *Perry* holds that a claim challenging an approved label on the basis of *new* risk information *not* reviewed by the FDA is not preempted by FDA regulations. 2006 WL 2979388, at *1-2. As Merck has explained, the Court need not address whether *Perry* is correct on this score because that is not the situation in the instant cases, which specifically challenge an approved label based on information the FDA *did* review. If anything, *Perry* supports Merck's position in these cases. According to the *Perry* court, where "the FDA has made a conclusive determination, positive or negative, as to the existence of a link between the drug at issue and some adverse health consequence, ***state law cannot mandate that a manufacturer include additional warnings beyond those that the FDA has determined to be appropriate to the risk.***" *Id.* at *6 (emphasis added). That is exactly the situation here. The FDA reviewed the VIGOR data and other information then available, and made a conclusive determination as to what warnings would be "appropriate to the risk." Under such circumstances, *Perry* correctly observes, "state law cannot mandate . . . additional warnings." *Id.*; *see id.* at *5 (specific determination by FDA that warning is "not warranted" is "dispositive" of state-law claim asserting that additional warning should have been provided).

3. Finally, the divided decision in *Levine* actually conflicts with *Perry* and misconstrues the FDCA statute and the operation of FDA regulations. Contrary to *Perry*, the majority opinion in *Levine* holds that state tort law *may* require manufacturers to add label warnings specifically

3

considered and rejected by the FDA. 2006 WL 3041078 ¶ 13. *Levine* also misreads the uncodified provision in the 1962 amendments to the FDCA, which provided that ***those amendments in particular*** did not preempt state law "unless there is a positive and direct conflict between such amendments and such provisions of State law." Pub. L. No. 87-781, Tit. II, § 202, 76 Stat. 780, 783 (1962). *Levine* incorrectly reads the "positive and direct" phrase as foreclosing any preemption argument except one asserting that compliance with federal and state law is a literal impossibility. 2006 WL 3041078 ¶¶ 27, 32, 34. As Merck has already explained, the phrase "positive and direct" conflict connotes not only literal impossibility conflicts, but also conflicts involving frustration of purpose under the circumstances present here, as the very case first applying the phrase makes clear. *See Sinnot v. Davenport*, 63 U.S. 227, 243 (1859) (finding "direct and positive conflict" where state law imposed requirements beyond existing federal requirements). *Levine* ignores *Sinnot* and the many other cases similarly defining "direct and positive conflict" for purposes of preemption doctrine. (*See* Def.'s Mem. In Supp. of Summ. Judg. at 26-27) (citing cases). Finally, *Levine* interprets 21 C.F.R. ¶ 314.70(c) as allowing a manufacturer to add a label warning ***even in the absence of new information about drug risks***. 2006 WL 3041078 ¶ 16. As the Chief Justice's dissent notes, however, ¶ 314.70(c) solely addresses "newly-discovered risks," which were "previously unknown and unanalyzed" when the FDA approved the existing label. *Id.* ¶ 52 (Reiber, C.J, dissenting). Paragraph 314.70(c) thus "does not allow manufacturers to simply reassess and draw different conclusions regarding ***the same risks and benefits*** already balanced by the FDA." *Id.* (emphasis added).[1]

More generally, it is not the *Levine* majority opinion, but Chief Justice Reiber's dissent,

---

[1] Chief Justice Reiber also notes that even under ¶ 314.70(c), new warnings "must ultimately be supported by scientific research that meets the FDA's standards." 2006 WL 3041078 ¶ 52. As explained above, this Court need not reach that question here, because plaintiffs' claims in the two cases at issue in this motion do *not* address risks "newly discovered" after approval of the post-VIGOR label.

4

that correctly analyzes the essentially inherent conflict between the FDA's judgments about labeling and the *post hoc* judgments made by lay juries:

> In the specific context of warnings on drug labels, the FDA considers not only what information to include, but also what information to exclude. . . . No drug is without risks. The FDA balances the risks of a drug against its benefits to maximize the availability of beneficial treatments. The FDA's decision in approving a drug, its uses and labeling reflect consideration of these and other policy factors. While a state-court jury presumably shares the FDA's concern that drugs on the market be reasonably safe, the jury does not assess reasonableness in the context of public health and the associated risk-benefit analysis. A jury does not engage in a measured and multi-faceted policy analysis. Rather, a jury views the safety of the drug through the lens of a single patient who has already been catastrophically injured. Such an approach is virtually guaranteed to provide different conclusions in different courts about what is "reasonably safe" than the balancing approach taken by the FDA.

*Id.* ¶¶ 62-63. That reasoning is unassailable.

833559v.1

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Response has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 7th day of November , 2006.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone: 504-581-3200
Fax:    504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

804313v.1