**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **In re: VIOXX PRODUCTS LIABILITY LITIGATION** | **MDL No. 1657** |
| | **Section L** |
| | **Judge Eldon E. Fallon** |
| | **Magistrate Judge Daniel E. Knowles, III** |

**THIS DOCUMENT RELATES TO:**
*Robert G. Smith v. Merck & Co., Inc.*, Case No. 2:05-CV-04379

_____

**OPPOSITION AND OBJECTIONS TO MERCK'S**
**MOTION FOR TAXATION OF COSTS**

Plaintiff, R. Garry Smith, files this Opposition and Objections to Merck's Motion for Taxation of Costs, filed November 3, 2006.

It is inequitable for Mr. Smith, an individual with very limited means, to have to pay ***any*** costs incurred in a complex, bellwether case, in which his counsel has already split thousands of dollars in costs of non-taxable items with Merck.  In the event the Court does award any costs here, however, it should not be those sought by Merck to which Plaintiff Smith objects.  Merck has, for example, sought those costs of daily trial transcripts for its counsel's personal use, expedited items and others which are not taxable under the circumstances here.  For all of these reasons, all or most of the costs Merck seeks should be denied.

**I.     OBJECTIONS TO TAXATION OF TRANSCRIPTION FEES**

**A.     Cost of Daily Transcripts**

All of the costs Merck seeks here consist of transcription fees paid to court reporters.  *See* Merck's purported Bill of Costs, attached as an exhibit to Merck's Motion for Taxation of Costs.

1

Of the $35,667.57 in transcription fees Merck seeks, $21,196.72 are for the costs of expedited daily transcripts of the trial and pre-trial hearings for use by Merck's counsel.  *See* Exh. B to Merck's Motion for Taxation of Costs.  Merck has provided this Court with no legal or factual reason to tax such ordinarily non-taxable costs here.

In seeking such costs, Merck conveniently neglects to inform the Court that counsel for Plaintiff had agreed to and did in fact share the costs of obtaining expedited daily transcripts during trial.  Under such circumstances, the federal courts have held that it is proper to ***exclude*** from taxable costs the charges incurred for such joint daily transcripts.[1]

Moreover, "It is the rule in the Fifth Circuit that a copy of a transcript of the trial evidence obtained by counsel for use during the trial is ***not a taxable item***."[2]  Thus, "the Court may not award transcript fees when used merely for attorney convenience."[3]  As the court, in *Zapata Gulf Marine Corp. v. Puerto Rico Maritime Shipping Authority*, 133 F.R.D. 481, 484 (E. D. La. 1990), a case cited by Merck in alleged support of its motion, explained:

> Daily transcripts of trial proceedings are ***not customary***. In this case, the parties infrequently referred to the daily transcripts during testimony.  Considering that the trial lasted eight weeks, it is likely that the lawyers personally used the daily transcripts to refresh their memories of past testimony.  Any one of the lawyers sitting

---

[1] *See Thomas v. Duralite Co., Inc.*, 524 F.2d 577, 590 (3rd. Cir. 1975); *Datapoint Corp. v. PictureTel Corp.*, 1998 U.S. Dist. LEXIS 10897, 1998 WL 401630, (N.D. Tex.  Jul. 9, 1998) *aff'd,* 1998 U.S. Dist. LEXIS 14773, 1998 WL 641807 (N.D. Tex. Sept. 11, 1998).

[2] *See Hiller v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 60 F.R.D. 87, 89 (N.D. Ga. 1973) (emphasis supplied); *United States v. Lynd*, 334 F.2d 13 (5th Cir. 1964); *Carmichael v. Allen*, 267 F. Supp. 985 (N.D. Ga.1965);  *Department of Highways v. McWilliams Dredging Co.*, 10 F.R.D. 107 (W.D. La.1951), *aff'd*, 187 F.2d 61 (5th Cir. 1951). Merck cites *Holmes ex rel. Estate of Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994), in support of its motion but neglects to tell the Court that the party opposing the award of costs in that case ***did not challenge the factual basis of the court's finding of necessity*** in that case as Plaintiff does here.

[3] *Bats, Inc. v. Vector Pipeline LP*, 222 F.R.D. 356, 359 (D. Ind. 2004); *see Brumley Estate v. Iowa Beef Processors, Inc.,* 704 F.2d 1362, 1363 (5th Cir. 1983).

with trial counsel could have taken notes for that purpose.  Both trial attorneys in this case are partners in large law firms with extensive staff support.  Accordingly, the court finds that the daily transcripts were obtained primarily for the convenience of the lawyers and were not necessarily obtained for use in the case.[4]

Even courts in this judicial district agree that

Daily transcripts are not routinely prepared.  In this case, there was little occasion for the Court or the jury to make use of the daily transcripts, and post-trial findings of fact were not necessary.  The Court finds that the ***daily transcripts were a luxury item obtained primarily for the convenience of counsel*** and were not necessarily obtained for use in the case.  Accordingly, $45,435.90 will be deducted from the costs taxed to the plaintiffs.[5]

Although Merck's lawyers have made self-serving and wholly conclusory statements in their purported verifications [to which Plaintiff therefore objects] about the alleged "necessity" of such transcripts, it has offered no factual explanation at all for why that is allegedly the case.  On that basis alone, Merck's motion should be rejected.  To have any basis on which to award the cost of daily transcripts under any circumstances, the Fifth Circuit has required that this Court find both that such transcripts were "not obtained primarily for the convenience" of the parties but were "necessarily obtained for use in this case."[6]  A finding of necessity is a factual finding,[7] on which

---

[4](Emphasis supplied).  *See Farmer v. Arabian Am. Oil Co.,* 379 U.S. 227, 235, 85 S. Ct. 411, 13 L. Ed. 2d 248, 254 (1964); *Brumley Estate,* 704 F.2d at 1363; *In re Nissan Antitrust Litigation,* 577 F.2d 910, 918 (5th Cir. 1978), *cert. denied, sub nom; P.D.Q., Inc. of Miami v. Nissan Motor Corporation in U.S.A.,* 439 U.S. 1072, 99 S. Ct. 843, 59 L. Ed.2d 38 (1979)*; Harris Corp. v. Sanyo N. Am. Corp*., 2002 U.S. Dist. LEXIS 3608 (N.D. Tex., Mar. 4, 2002).

[5]*Industrial Risk Insurers v. New Orleans Public Service, Inc.*, 1991 U.S. Dist. LEXIS 259 (E.D. La. 1991).

[6]*Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991);  *Bolton v. Tesoro Petroleum Corp*., 871 F.2d 1266, 1278 (5th Cir. 1989);  *Studiengesellschaft Kohle v. Eastman Kodak Co.*, 713 F.2d 128, 133 (5th Cir. 1983).

[7]*Studiengesellschaft*,  713 F.2d at 133.

3

Merck bears the burden of proof.[8]  Thus, Merck was required to come forward with "***affirmative proof that without the daily transcripts, the presentation of [its] case would have been adversely affected***."[9]  It has made no attempt to do so.  Instead, as the court, in *Fogelman*, explained: "ARAMCO offers no explanation . . . why it was necessary to obtain a copy of Fogleman's deposition at a "semi-expedited" rate.  We have previously held that the extra cost of obtaining a trial transcript on an expedited basis is not taxable ***unless prior court approval of expedition has been obtained or the special character of the litigation necessitates expedited receipt of the transcript."***[10]  As Merck has made no attempt to satisfy any of these requirements or to explain why such expedited transcripts were otherwise necessary [as opposed to convenient], its motion to tax the costs of daily transcripts should be summarily denied.[11]

---

[8]*Fogleman,* 920 F.2d at 286; *Datapoint,* 1998 U.S. Dist. LEXIS 10897.

[9]*Datapoint,* 1998 U.S. Dist. LEXIS 10897 (emphasis added).

[10]*Fogleman,* 920 F.2d at 286 (emphasis supplied); *J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 760 F.2d 613, 615-16 (5th Cir. 1985), *reinstated in relevant part en banc*, 790 F.2d 1193 (1986), *aff'd* 482 U.S. 437, 107 S. Ct. 2494, 96 L. Ed.2d 385 (1987); *Studiengesellschaft,* 713 F.2d at 133;  *Brumley Estate*, 704 F.2d at 1363; *In re Nissan,* 577 F.2d at 918; *see also Harris,* 2002 U.S. Dist. LEXIS 3608 ("the Court concludes that daily trial transcripts were for the convenience for counsel and not necessary in the sense contemplated by 28 U.S.C. § 1920").

[11]The fact that Plaintiff's counsel agreed to share the costs of daily transcripts is no evidence supporting a finding of necessity.  As one court explained:

> PictureTel seeks an award of costs for daily trial transcripts. . . . PictureTel argues that the daily transcripts were necessarily obtained for use in this case, but provides the Court with no factual basis to support the necessity.  PictureTel argues that because the transcripts were used during trial and because Datapoint agreed to share the costs of daily transcription, they were necessary. . .  ***the fact that Datapoint agreed to share the cost of the daily transcription does not support a finding that the daily transcripts were necessary***.  Datapoint may have paid the additional cost for its own convenience or, as Datapoint contends, so as not to allow PictureTel a tactical advantage at trial, not because of necessity.  The Court does not deny that daily trial transcripts may be necessary in some cases, however, PictureTel has made no showing of necessity in this case.

*Datapoint,*  1998 U.S. Dist. LEXIS 10897 (emphasis supplied).

4

## B.    Cost of Video Depositions

While Merck characterizes its requests for remaining costs as those for "deposition transcripts," in fact, the costs sought include $2, 755.00 for videotaping instead.[12]   The Fifth Circuit has been crystal clear that videotaping costs are ***not*** taxable because its strict interpretation of 28 U.S.C. § 1920(2) does not include them.[13]   As the result, neither Merck nor this Court should include such costs here.

## C.    Costs for Expedited Delivery and Surcharges

Merck also seeks $1,467.95 in costs for the expedited deposition transcript of Daniel Courtade without specifying what part reflects the expedited delivery of such transcript.  As the Fifth Circuit court explained in *Fogleman,* 920 F.2d at 286 (emphasis supplied): "We have previously held that the extra cost of obtaining a trial transcript on an expedited basis is not taxable [absent circumstances not present in this case] . . . ***The same reasoning applies to a copy of a deposition obtained on an expedited basis.*** " *See United States v. Lynd*, 334 F.2d 13 (5th Cir. 1964).  Merck has made no effort to show why a deposition taken in June for a trial scheduled in the fall needed to be expedited.  And, having failed to deduct such costs, the cost of the entire deposition

---

[12]This amount includes $760.00 charged for video of witness Courtade; $1,805.00 for video of Plaintiff Smith; and $190 for video-synchronization of the video of witness Grefer.

[13]*See Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 530 (5th Cir. 2001);  *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1049 (5th Cir. 1998);  *Coats v. Penrod Drilling Corp*., 5 F.3d 877, 891 (5th Cir. 1993); *U-Stor/Bissonnet Houston L.L.C. v. James*, 2006 U.S. Dist. LEXIS 37782 (S.D. Tex., June 8, 2006) ("there is no provision [in § 1920] for videotapes of depositions"); *Canion v. United States*, 2005 U.S. Dist. LEXIS 21265 (W.D. Tex., Sept. 9, 2005); *Capital Metro. Transp. Auth. v. Gillig Corp*., 2005 U.S. Dist. LEXIS 9988, 9-10 (W.D. Tex., May 11, 2005) ("the Fifth Circuit has held that it is error to tax the cost of videotaped depositions.  Accordingly, the Court will not permit these expenses as costs and will reduce the amount of Gillig's allowable deposition costs by $1,325.50"); *Mills v. Smith County,* 120 Fed. Appx. 551, 552 (5th Cir. 2005) (modified award to exclude costs of videotaping); *Waggoner v. Trans Union, LLC,* 2003 U.S. Dist. LEXIS 21491, 9-10 (N.D. Tex., Nov. 24, 2003) ("the Fifth Circuit does not interpret § 1920(2) to include videotape depositions"); *see also Datapoint,* 1998 U.S. Dist. LEXIS 10897; *Scribner v. Waffle House*, 1998 U.S. Dist. LEXIS 1411 (N.D. Tex., Feb. 2, 1998).

should be disallowed.

Similarly, Merck has also sought $1,699.25 in "rough ascii surcharges,"[14] which are, in effect an early, rough electronic draft of the later deposition transcript. The Fifth Circuit does not permit such "double taxation." *Id.* at 18. As the Court explained:

> It would seem inequitable and unjust to subject respondent to what would, in effect, here amount to double taxation, insofar as this extra cost of reproducing part of the transcript twice is concerned, -- once on an expedited basis and again when the entire transcript was later furnished, -- particularly since petitioner was at its own instance and for reasons of its own convenience thereafter relieved of any initial necessity for incurring any such surcharge or overpayment.

*Id.* These amount should, therefore, be excluded as well.

## II.    OPPOSITION TO TAXATION OF COSTS

It is improper to penalize an individual plaintiff by assessing tens of thousands of dollars in costs against him in a "defense pick," bellwether, multi-district case. As an initial matter, denial of costs is proper in a cases that are "close and difficult" as in a complex pharmaceutical case where the court has ruled in favor of the losing party on numerous expert issues. *White & White, Inc. v. American Hosp. Sup. Corp.,* 786 F.2d 728, 730 (6th Cir. 1986).

Second, Merck was not forced to trial in this case. To the contrary, it sought and has treated this as a bellwether case to aid it and the Court in determining the scope of its liability and in proving to plaintiffs that it is taking a scorched earth approach to Vioxx litigation. As such, it is inequitable to assess the cost of a pharmaceutical giant like Merck's "tuition" or PR campaign against an individual who Merck *itself* singled out to crush.

Finally, a court may deny or reduce costs based upon the losing party's inability to pay the

---

[14]These charges reflect $414.00 for the deposition of Plaintiff Smith; $106.50 for that of witness Grefer; $452.50 for witness Abramson; $476.25 for witness Sander; and $250.00 for witness Pratt.

full measure of costs. *Weeks v. Samsung Heavy Indus. Co.,* 126 F.3d 926, 945 (7th Cir. 1997). As the evidence of Mr. Smith's earnings and income at trial adequately demonstrated, effectively fining Mr. Smith ten of thousands in dollars in costs would seriously impair his financial condition if not force him into serious debt or bankruptcy. There is no requirement that Mr. Smith be an indigent for this Court to deny costs on this ground. *Cherry v. Champion Int'l,* 186 F.3d 442, 447 (4th Cir. 1999).

## III.    CONCLUSION AND PRAYER FOR RELIEF

For all the reasons stated, it would be most appropriate in this case for this Court to assess costs against the parties that incurred them and in accordance with the agreements worked out between counsel to share certain of these costs. In the alternative, the Court should grant Plaintiff's objections to such costs and reduce them by at least $27,118.92. In either event, this Court should grant to Plaintiff such other and further relief as to which the Court finds him entitled.

Dated: November 8, 2006

Respectfully submitted,

Drew Ranier
Louisiana Bar No. 8320
**RANIER, GAYLE & ELLIOT LLC**
1419 Ryan Street
Lake Charles, Louisiana 70601
(337) 494-7171; fax (337) 494-7218

/s/ Grant Kaiser
Grant Kaiser
Texas Bar No. 11078900
**THE KAISER FIRM LLP**
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
(713) 223-0000; fax (713) 223-0440

Walter Umphrey
Texas Bar No. 20380000
**PROVOST UMPHREY LAW FIRM LLP**
490 Park Street
Beaumont, Texas 77701

(409) 835-6000; fax (409) 838-8888

7

Mikal Watts
Texas Bar No. 20981820
**THE WATTS LAW FIRM LLP**
Tower II Building, 14th Floor
555 North Carancahua Street
Corpus Christi, Texas 78478
(361) 887-0500; fax (361) 887-0055

James L. "Larry" Wright
Texas Bar No. 22038500
**THE WATTS LAW FIRM LLP**
111 Congress Avenue, Suite 1010
Austin, Texas 78701
(512) 479-0500; fax (512) 473-0328

John Eddie Williams, Jr.
Texas Bar No. 21600300
Jim Doyle
Texas Bar No.6094450
Collyn A. Peddie
Texas Bar No. 15707300
**WILLIAMS BAILEY LAW FIRM LLP**
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
(713) 230-2200; fax (713) 643-6226

ATTORNEYS FOR PLAINTIFF ROBERT G. SMITH

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that the above and foregoing document has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 8th day of November, 2006.

/s/ Grant Kaiser
Grant Kaiser
**THE KAISER FIRM LLP**
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
(713) 230-0000; fax (713) 230-0440
gkaiser@thekaiserfirm.com

cc      By email only:

      Robert Van Kirk       rvankirk@wc.com
      **Williams & Connolly LLP**
      725 Twelfth Street Northwest
      Washington, D.C.  20005
      (202) 434-5000; fax (202) 434-5029

      Carrie A. Jablonski      carrie.jablonski@bartlit-beck.com
      **Bartlit, Beck, Herman, Palenchar & Scott LLP**
      54 West Hubbard Street, Suite 300
      Chicago, Illinois 60610
      (312) 494-4400; fax (312) 494-4440