UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No.  05-2524 | * | |
| | * | MAGISTRATE |
| ANTHONY WAYNE DEDRICK, | * | JUDGE KNOWLES |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC, | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * *

**REPLY IN SUPPORT OF OMNIBUS MOTION OF MERCK & CO., INC. ("MERCK")
FOR ORDER EXCLUDING EVIDENCE AND TESTIMONY
<u>ADDRESSED IN MOTIONS PREVIOUSLY GRANTED BY THE COURT</u>**

**(MOTION *IN LIMINE* NO. 2)**

Merck hereby submits this reply memorandum in support of its Omnibus Motion *in Limine* regarding evidence and testimony that has been excluded by the Court in previous Vioxx® trials.  Plaintiff's opposition on the substantive issues adds nothing new to the analysis of these issues.  For the reasons stated below and in Merck's prior briefing, the Court should again exclude all of the following evidence: (i) communications between Merck and the Food and Drug Administration ("FDA") in 2005 about the potential reintroduction of Vioxx to the market and/or any proposed black box warning; (ii) the Fries Letter and related evidence; and (iii) evidence of motive and evidence relating to the assets and profitability of Merck or to the

1

compensation and financial decisions of its employees. The Court has excluded this evidence in the past, and should do so again.

I. **THE COURT SHOULD EXCLUDE EVIDENCE OF COMMUNICATIONS BETWEEN MERCK AND THE FDA IN 2005 ABOUT THE POTENTIAL REINTRODUCTION OF VIOXX TO THE MARKET AND/OR ANY PROPOSED BLACK BOX WARNING.**

Plaintiff claims that the "Type A Meeting Background Package," which Merck prepared and submitted to the FDA in 2005 and which included a draft label with a black box warning, does not qualify as a "subsequent remedial measure" because it was not actually adopted as a label and that, in any event, it should be admitted under the "impeachment" exception. Plaintiff's positions are without merit. Federal Rule of Evidence 407, which excludes subsequent remedial measures, cannot be read so narrowly because to do so would be directly contrary to the purpose of the rule, which is to "encourag[e] people to take, or at least not discourag[e] them from taking, steps in furtherance of added safety." *See* FED. R. EVID. 407, advisory committee's note. Merck engaged in discussions with the FDA about the possibility of bringing Vioxx back on the market with a black box warning. This is exactly the sort of activity protected by Rule 407. It has no conceivable impeachment use. Thus, as it has in previous cases, this Court should find that Merck's 2005 draft label constitutes a "subsequent remedial measure" under Rule 407.

The Court should also exclude the evidence under Rule 403. Introduction of a hypothetical black box label prepared in 2005 – after the APPROVe data were unblinded in 2004 – runs the risk of confusing the jury on the issue of what was appropriate when in July 2003, when Mr. Mason's injury occurred. It would also consume undue amounts of time.

II. **THE COURT SHOULD EXCLUDE THE FRIES LETTER AND RELATED EVIDENCE.**

In opposing Merck's motion to exclude the Fries Letter, plaintiff ignores this Court's

2

previous rulings excluding the letter, and does not offer new argument.  Admitting the letter would result in undue prejudice and would lead to jury confusion and delay.  As the Court noted in *Barnett*, it is a "rambling" letter that contains "hearsay and hearsay within hearsay."  (*See* June 28, 2006 Order re Motions *in Limine*.)  Accordingly, the Court should once again exclude the Fries Letter, as it did in the *Plunkett, Barnett, Smith* and *Mason* cases.

**III.    THE COURT SHOULD EXCLUDE EVIDENCE OF MOTIVE AND EVIDENCE RELATING TO THE ASSETS AND PROFITABILITY OF MERCK OR TO THE COMPENSATION AND FINANCIAL DECISIONS OF ITS EMPLOYEES.**

In its opening motion and prior briefing (which was incorporated by reference), Merck made clear that evidence of financial condition is prejudicial because any minimal relevance it may have is far outweighed by the likelihood of the jury's being misled and induced to make a decision for improper reasons, such as antipathy to large corporations and their officers.  (*See*, *e.g.*, Motion to Exclude (1) Evidence Of Motive And (2) Evidence Relating to the Assets and Profitability of Merck or to the Compensation and Financial Decisions of its Employees (Motion in Limine No. 5) at 7-8, filed in *Smith v. Merck* on August 7, 2006 (Record Docket No. 6124).)  In his opposition, plaintiff argues that "the personal financial incentives of Merck employees as they made critical safety and marketing decisions, evidence of the profit incentive for the company as it chose between safety studies, and evidence of the financial pressures Merck faced during the time is made these critical decisions" is "critical to the jury's assessment of Merck's credibility."  (Pl.'s Opp'n. at 10-11.)  This contention is baseless.  Plaintiff has no desire to use this evidence in context, but rather has hand-picked a few documents in an attempt to inflame the jury.  The jury will know that Merck profited from Vioxx sales and that Merck employees were paid to do their jobs.  Introducing evidence to show how much they were paid or how much profit Vioxx might have made for Merck is unnecessary, prejudicial, and improper.  The jury

does not need to know how much money Merck employees earned in order to evaluate their credibility.

## IV.   CONCLUSION.

For the reasons stated above and in Merck's prior briefing, Merck respectfully requests that the Court exclude: (i) communications between Merck and the FDA in 2005 and/or any proposed black box warning; (ii) the Fries Letter and related evidence; and (iii) evidence of motive and evidence relating to the assets and profitability of Merck or to the compensation and financial decisions of its employees.

Dated:  November 9, 2006                                       Respectfully submitted,

                                        s/ Dorothy H. Wimberly
                                        Phillip A. Wittmann, 13625
                                        Dorothy H. Wimberly, 18509
                                        STONE PIGMAN WALTHER
                                        WITTMANN L.L.C.
                                        546 Carondelet Street
                                        New Orleans, Louisiana  70130
                                        Phone:  504-581-3200
                                        Fax:    504-581-3361

                                        Defendants' Liaison Counsel

                                        Philip S. Beck
                                        Mark Ouweleen
                                        Carrie Jablonski
                                        BARTLIT BECK HERMAN PALENCHAR
                                        & SCOTT LLP
                                        54 West Hubbard Street, Suite 300
                                        Chicago, Illinois  60610
                                        Phone:  312-494-4400
                                        Fax:    312-494-4440

                                        Douglas Marvin
                                        Elaine Horn
                                        WILLIAMS & CONNOLLY LLP
                                        725 Twelfth Street, N.W.

4

Washington, D.C. 20005
Phone: 202-434-5000
Fax: 202-434-5029

And

Brian S. Currey
A. Patricia Klemic
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: 213-430-6000
Fax: 213-430-6407

Attorneys for Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing Reply In Support in Support of Omnibus Motion for Order Excluding Evidence and Testimony Addressed in Motions Previously Granted by the Court has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon counsel for Mr. Dedrick, Andy Birchfield, by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 9th day of November, 2006.

                                                    */s/ Dorothy H. Wimberly*
                                                  Dorothy H. Wimberly, 18509
                                                  STONE PIGMAN WALTHER WITTMANN L.L.C.
                                                  546 Carondelet Street
                                                  New Orleans, Louisiana  70130
                                                  Phone:  504-581-3200
                                                  Fax:     504-581-3361
                                                  dwimberly@stonepigman.com

                                                  Defendants' Liaison Counsel