**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In re:  VIOXX** | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| | * | **JUDGE FALLON** |
| **This document relates to** | * | |
| **Case No.  05-2524** | * | |
| | * | **MAGISTRATE** |
| **ANTHONY WAYNE DEDRICK,** | * | **JUDGE KNOWLES** |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| **MERCK & CO., INC,** | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * *

**REPLY IN SUPPORT OF MOTION OF MERCK & CO., INC. ("MERCK") TO
EXCLUDE EVIDENCE OR ARGUMENT REGARDING "ALL-CAUSE" MORTALITY
DATA FROM ALZHEIMER'S DISEASE CLINICAL TRIALS**

**(MOTION *IN LIMINE* NO.  5)**

Plaintiff does not even try to argue that the "all-cause" mortality data from the Alzheimer's trials shows that Vioxx® actually increased the risk of death.  He cannot.  The evidence plainly shows that the "excess" deaths in the Vioxx arms of those studies were due to causes wholly unrelated to Vioxx.  Instead, plaintiff erroneously relies on this Court's previous rulings on motions concerning Dr. Avorn, motions that did not deal with the relevance of the "all-cause" mortality data.  Because plaintiff has failed to explain how the data are relevant and admits it is likely to invoke the sympathy of the jury, the Court should exclude the "all-cause" mortality data from use at trial.

## I.     THE COURT'S PREVIOUS RULINGS ON DR. AVORN ARE IRRELEVANT TO THIS MOTION.

Plaintiff cites this Court's previous rulings allowing Dr. Avorn to testify and incorporates his opposition to Merck's motion to exclude Dr. Avorn's testimony in this case.  (Pl.'s Opp'n. at 2-3.)  The previous motions seeking to limit Dr. Avorn's testimony, however, did not address this particular issue.  Rather, in *Smith v. Merck* the "all-cause" mortality data was addressed as part of a broader motion *in limine* on unreliable scientific evidence, and the Court reserved ruling on the motion.  (Aug. 31, 2006 *Smith v. Merck* Hearing Tr. at 22:9-10; Aug. 31, 2006 *Smith v. Merck* Order re Motions *in Limine* at 13.)  Having heard the "all-cause" mortality evidence in that case – and having had the opportunity to recognize its irrelevance – the Court should now rule on Merck's motion and should exclude the "all-cause" mortality data from the *Dedrick* trial. Regardless of the admission of some of their other opinions, plaintiff's experts, including Dr. Avorn, must be precluded from basing opinions that Vioxx is "unsafe" on the entirely irrelevant "all-cause" mortality data.  *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993).

## II.    THE "ALL-CAUSE" MORTALITY DATA INCLUDES IRRELEVANT EVENTS THAT CANNOT BE DESCRIBED AS "SIMILAR OCCURRENCES."

The "all-cause" mortality data includes events entirely irrelevant to this case – including deaths by electrocution, car accident, and accidental ingestion of a pool-cleaning chemical.  (*See, e.g.*, Sept. 13, 2006 *Smith v. Merck* Tr. at 514:11-15 (Test. of Dr. Avorn); Sept. 16, 2006 *Smith v. Merck* Tr. at 1523:18-1524:17 (testimony of Dr. Moye); L.J. Thal et al., *A Randomized, Double-Blind Study of Rofecoxib in Patients with Mild Cognitive Impairment*, NEUROPSYCHOPHARMACOLOGY  (2005) 30:1212.)  In response to this problem, plaintiff cites Federal Rule of Evidence 401, which directs that evidence of occurrences "similar" to that alleged by a plaintiff "might be relevant."  (Pl.'s Opp'n. at 3.)  The reference is absurd – the data

Merck seeks to exclude include occurrences not "similar" at all to plaintiff's heart attack, and these events have no bearing on the causation questions to be determined by the jury in this case: whether Mr. Dedrick's use of Vioxx at the 25-mg dose for six months *could have* and *did* cause his heart attack.

III.   **PLAINTIFF FAILS TO SHOW HOW THE "ALL-CAUSE" MORTALITY DATA'S PURPORTED PROBATIVE VALUE OUTWEIGHS ITS PREJUDICIAL EFFECT.**

Plaintiff claims that Merck's argument that the "all-cause" mortality data is "calculated to appeal to juries' sympathies" is without merit.  (Pl.'s Opp'n. at 3.)  Plaintiff bases this position on his sanctimonious proclamations that the Alzheimer's study mortality data "is essential to provide the jury with an overall picture of what Merck knew about the risks shown to be associated with Vioxx," and "[t]he Court has held time and time again that such information is relevant to what Merck knew." (*Id*.)  Plaintiff does not, however, even attempt to explain how death by car accident is a relevant "risk shown to be associated with Vioxx."  By including irrelevant events, the "all-cause" mortality data obscures, rather than reveals, what Merck knew about the cardiovascular risks associated with Vioxx.

Plaintiff could cite the *relevant* figures from the Alzheimer's studies – data pertaining to the alleged cardiovascular risks associated with Vioxx.  But it is obvious why plaintiff prefers the irrelevant data – the relevant figures discredit plaintiff's theory.  As Dr. Avorn has admitted on the stand, "there was no difference [in cardiovascular events] between Vioxx and placebo in the Alzheimer's trials." (Sept. 13, 2006 *Smith v. Merck* Tr. at 518:18-21 (Test. of Dr. Avorn)).

Moreover, by misleadingly implying that Vioxx caused excess deaths in the Alzheimer's studies, plaintiff seeks to introduce evidence that "'appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish,' or otherwise 'may cause a jury to base its

3

decision on something other than the established propositions in the case.'"  *Carter v. Hewitt*, 617 F.2d 961, 972 (3d Cir. 1980) (quoting 1 J. Weinstein & M. Berger, WEINSTEIN'S EVIDENCE 403(03), at 403-15 to 403-17 (1978)).  In other words, as explained in the moving papers, the "all-cause" mortality evidence is calculated to appeal to the jurors' sympathies and cause the jury to base its decision on "something other than the established propositions in the case."  *Carter*, 617 F.2d at 972.

## IV.   CONCLUSION.

For the reasons stated above and in Merck's moving papers, Merck respectfully requests that the Court exclude all evidence of and reference to "all-cause" mortality data from Alzheimer's disease clinical trials.

Dated:  November 9, 2006                                    Respectfully submitted,


<u>s/ Dorothy H. Wimberly</u>
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Mark Ouweleen
Carrie Jablonski
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:      312-494-4440

Douglas Marvin
Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:      202-434-5029

And

Brian S. Currey
A. Patricia Klemic
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:      213-430-6407

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Reply In Support Of Motion Of Merck & Co., Inc. ("Merck") To Exclude Evidence Or Argument Regarding "All-Cause" Mortality Data From Alzheimer's Disease Clinical Trials has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon counsel for Mr. Dedrick, Andy Birchfield, by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 9th day of November, 2006.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel