## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re:  VIOXX** | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| | * | **JUDGE FALLON** |
| **This document relates to** | * | |
| **Case No. 06-0810** | * | |
| | * | **MAGISTRATE JUDGE** |
| **CHARLES L. MASON**, | * | **KNOWLES** |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| **MERCK & CO., INC.**, | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * *

## PROPOSED JURY CHARGE AND JURY INTERROGATORIES FOR PHASE II OF TRIAL SUBMITTED BY MERCK & CO., INC. ("MERCK")

As explained in Merck's Supplemental Brief on the Applicability of Utah Code § 78-18-2 to Plaintiff's Punitive Damages Claim, filed November 7, 2006, it is Merck's position that Utah law bars the recovery of punitive damages in this case.  In the event the Court disagrees and a second phase of trial becomes necessary, Merck submits the attached proposed jury charge and proposed jury interrogatories.

Merck reserves the right to add, delete, or revise  these proposals depending on the evidence presented at trial or further legal analysis.

Dated:  November 13, 2006                         Respectfully submitted,


                         */s/ Dorothy H. Wimberly*
                         Phillip A. Wittmann, 13625
                         Dorothy H. Wimberly, 18509
                         STONE PIGMAN WALTHER
                         WITTMANN L.L.C.
                         546 Carondelet Street
                         New Orleans, Louisiana  70130
                         Phone:  504-581-3200
                         Fax:     504-581-3361

                         Defendants' Liaison Counsel

                         Philip S. Beck
                         Tarek Ismail
                         Shayna Cook
                         BARTLIT BECK HERMAN PALENCHAR
                         & SCOTT LLP
                         54 West Hubbard Street, Suite 300
                         Chicago, Illinois  60610
                         Phone:  312-494-4400
                         Fax:     312-494-4440

                         Brian S. Currey
                         Catalina J. Vergara
                         O'MELVENY & MYERS LLP
                         400 South Hope Street
                         Los Angeles, CA 90071
                         Phone:  213-430-6000
                         Fax:     213-430-6407

                         And

                         Douglas Marvin
                         WILLIAMS & CONNOLLY LLP
                         725 Twelfth Street, N.W.
                         Washington, D.C.  20005
                         Phone:  202-434-5000
                         Fax:     202-434-5029

                         Attorneys for Merck & Co., Inc.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |
|---|---|
| | **:   MDL NO. 1657** |
| **IN RE:  VIOXX** | **:** |
| **PRODUCTS LIABILITY LITIGATION** | **:   SECTION:  L** |
| | **:** |
| | **:   JUDGE FALLON** |
| | **:   MAG. JUDGE KNOWLES** |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. **:**

**THIS DOCUMENT RELATES TO**
  *Mason v. Merck & Co., Inc., 06-0810*

**JURY CHARGE**

Members of the Jury:

You must now decide whether Merck's conduct justifies an award of punitive damages.  The fact that you are being asked to decide this question is not an indication, one way or the other, that you should award punitive damages.

In addition to the actual damages the Plaintiff alleges to have sustained, he also seeks to recover punitive damages against Merck.  Punitive damages may be awarded only in exceptional cases.  They are not intended as additional compensation to a plaintiff.  You should presume that your award of compensatory damages makes the Plaintiff whole for his injuries.

Punitive damages may be imposed only if you determine that Merck's conduct, after having paid compensatory damages, is so shocking and reprehensible that it warrants further punishment or deterrence.  You may award punitive damages only if you find by clear and convincing evidence that Merck's acts or omissions were the result of willful and malicious or intentionally fraudulent

1

conduct, or conduct that manifested a knowing and reckless indifference toward, and a disregard of, the rights of the Plaintiff.  You may not impose punitive damages based solely on a finding that Merck's conduct constituted ordinary negligence.

"Clear and convincing" evidence is evidence that produces in your mind a firm belief about the matter at issue.  This involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard; however, proof beyond a reasonable doubt is not required. For evidence to be clear and convincing, it must at least have reached the point where there remains no substantial doubt about the truth or correctness of the conclusion based on the evidence.

Even if you find that you may award punitive damages, you do not have to do so.  The decision to make such an award remains in your discretion.

There is, however, an important limitation on your ability to award punitive damages.  You may not award punitive damages if Vioxx either:

    (a)  received premarket approval or licensure by the FDA; or

    (b)  was at the time it was prescribed to the Plaintiff generally recognized as "safe and effective" if used as directed under conditions established by the FDA and its regulations, including labeling regulations.

[INSERT "RIDER A," IF APPLICABLE]

Merck may only be punished for the conduct that harmed the Plaintiff, not for harm that it may or may not have caused to other people.  Also, you may consider only Merck's wrongful conduct that occurred within the state of Utah.  You may not award any punitive damages for the purpose of punishing Merck concerning the sale of Vioxx to persons other than Mr. Mason, or in other states, or for the purpose of punishing or deterring Merck's conduct outside the state of Utah.

If you find that punitive damages are proper in this case, you may award such sum as, in your judgment, would be reasonable and proper for the purpose of punishing Merck for its misconduct toward Mr. Mason and deterring it and others from engaging in similar conduct in the

future.  The fact that Merck is a corporation, or your perception of the amount of Merck's assets or

profits, should not influence your decision to award punitive damages or the amount of any such

award.

Punitive damages must never be either awarded, or fixed in amount, because of any

sympathy, or bias, or prejudice with respect to any party to the case.

*Authority*:  Pattern Jury Instructions: Fifth Circuit, Civil Cases, § 15.13 ("Punitive Damages");
MUJI 27.20 ("Punitive Damages"); MUJI 2.19 ("Clear and Convincing Evidence"); UTAH CODE
ANN. §§ 78-18-1, 78-18-2 (2006); *Behrens v. Raleigh Hills Hospital, Inc.*, 675 P.2d 1179, 1186
(Utah 1983) ("punitive damages may be awarded only in exceptional cases" and "are not intended
as additional compensation to a plaintiff"); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S.
408, 422-23 (2003) (explaining that punitive damages may not be based on conduct that occurs
outside of the forum state or conduct that bears no relation to the plaintiff's harm); *Campbell v.
State Farm Mut. Auto. Ins. Co.*, 98 P.3d 409, 413 (Utah 2004) (applying *State Farm*); *Smith v.
Fairfax Realty Inc.*, 82 P.3d 1064, 1071 (Utah 2003) ("simple negligence" is not enough to support
an award of punitive damages; such damages are available only upon clear and convincing proof of
"willful and malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and
reckless indifference toward, and disregard of, the rights of others" (citing UTAH CODE ANN. § 78-
18-1)); *Diversified Holdings, L.C. v. Turner*, 63 P.3d 686, 699 (Utah 2002) (same).

"RIDER A"

[This language should be included in the charge only in the event that the Court disagrees with Merck's position that UTAH CODE ANN. § 78-18-2(2) is preempted as a matter of law.]

However, even if you find that one or both of these conditions is met, you may award punitive damages if plaintiff establishes, by clear and convincing evidence, that Merck knowingly withheld or misrepresented information required to be submitted to the FDA under its regulations, which information was material and relevant to the Plaintiff's harm.

To "knowingly" withhold information means, in this case, that Merck made a deliberate decision to withhold information that it knew it was required to submit to the FDA. A knowing misrepresentation is one that the defendant knew to be false or misleading at the time it made the representation, and that relates to information it knew it was required to submit to the FDA.

Information is "material" and "relevant" if it relates directly to the Plaintiff's alleged harm in this case – in other words, if it relates to the Plaintiff's heart attack.

In determining whether Merck knowingly withheld material information, you may not consider whether Merck submitted interim data or "meta-analyses" of multiple clinical trials to the FDA. FDA regulations do not require drug manufacturers to conduct or submit such data to the agency. If you find that Merck otherwise knowingly withheld material and relevant information that it knew was required to submit to the FDA, you may, but are not required to, award punitive damages.

*Authority*: UTAH CODE ANN. § 78-18-2(2) (2006); MUJI 17.2 ("Intentional or Reckless Misrepresentation"); MUJI 17.6 ("Material Fact").

4

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

|                                          |   |                      |
|------------------------------------------|---|----------------------|
|                                          | : | **MDL NO. 1657**     |
| **IN RE:  VIOXX**                        | : |                      |
| **PRODUCTS LIABILITY LITIGATION**        | : | **SECTION:  L**      |
|                                          | : |                      |
|                                          | : | **JUDGE FALLON**     |
|                                          | : | **MAG. JUDGE KNOWLES** |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. : 

**THIS DOCUMENT RELATES TO**
   *Mason v. Merck & Co., Inc., 06-0810*

### JURY INTERROGATORIES

1.     Do you find by a preponderance of the evidence that Vioxx either: (a) received premarket approval by the FDA, or (b) was, at the time it was prescribed to the Plaintiff, generally recognized as "safe and effective" if used under conditions established by the FDA and its regulations, including labeling regulations?

   YES  _____            NO  _____

(If you answered "yes" to Question #1, please proceed to Question #2.  If you answered "no" to Question #1, please proceed to Question #3.)

2.     Do you find by clear and convincing evidence that Merck knowingly withheld or misrepresented material and relevant information required to be submitted to the FDA under its regulations?

   YES  _____            NO  _____

1

(If you answered "no" to Question #2, please skip all remaining questions, date and sign this verdict form, and inform the Marshal that a verdict has been reached.  If you answered "yes" to Question #2, please proceed to Question #3.)

3.      Do you find by clear and convincing evidence that Merck's acts or omissions were the result of willful and malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of others?

    YES  _____            NO  _____

(If you answered "no" to Question #3, please skip all remaining questions, date and sign this verdict form, and inform the Marshal that a verdict has been reached.  If you answered "yes" to Question #3, please proceed to Question #4.)

4.      What amount, if any, do you find in your judgment would be reasonable and proper for the purpose of punishing Merck for any conduct that harmed Mr. Mason?

    $ _____

(Please date and sign the verdict form, inform the Marshal that a verdict has been reached, and return to the courtroom.)

New Orleans, Louisiana, this \_\_\_\_ day of _____, 2006.

                             _____
                                JURY FOREPERSON

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Proposed Jury Charge and Proposed Jury Interrogatories for Phase II of Trial Submitted by Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 13th day of November, 2006.

*/s/ Dorothy H. Wimberly*