# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL DOCKET No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L – DIVISION 3 |
| This document relates to<br>CASE NO. 2:05CV2524 | * | JUDGE FALLON |
| ANTHONY WAYNE DEDRICK,<br>an Individual, | * | MAG. JUDGE KNOWLES |
| Plaintiff, | * | |
| v. | * | |
| MERCK & CO., INC., | * | |
| Defendant. | * | |

## RESPONSES AND OBJECTIONS OF MERCK & CO., INC. TO PLAINTIFF'S SECOND AMENDED NOTICE OF TAKING VIDEO-TAPED DEPOSITION OF DARRELL BAKER

Merck & Co., Inc. ("Merck"), by and through its attorneys, hereby responds and objects to the document requests contained in Plaintiff's Second Amended Notice of Taking Videotaped Deposition of Darrell Baker (the "Requests"). These responses and objections are made only to the Request for Production of Documents; all objections to testimony are reserved.

## GENERAL OBJECTIONS

1.     Merck objects to these Requests to the extent they are vague, ambiguous, argumentative, unreasonably cumulative or duplicative, overly broad, unduly burdensome or oppressive, or seek information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Merck further objects to these Requests to the extent they seek information or documents, or otherwise purport to impose obligations upon Merck, beyond those permitted by the Federal Rules of Civil Procedure and/or court orders entered in this case.

2. Merck objects to these Requests to the extent they seek information or documents that are protected from discovery by the attorney-client privilege, the work product doctrine, or that are otherwise immune or protected from disclosure. Merck does not intend to waive any applicable protections or privileges through the supplying of information or production of documents in response to these Requests. On the contrary, Merck specifically intends to preserve any and all applicable protections or privileges.

3. Inadvertent production of any document shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such document or any other document, or with respect to the subject matter thereof or the information contained therein; nor shall such inadvertent production waive Merck's right to demand that such documents be returned or to object to the use of the document or the information contained therein during this or any other proceeding.

4. Merck objects to these Requests to the extent they seek information or documents generated in the course of the defense of this action or any other action regarding Vioxx®. Merck will not produce such information or documents.

5. Merck objects to these Requests as overly broad and unduly burdensome to the extent they call for the identification of "all" documents or "any and all" documents when all relevant facts can be obtained from fewer than "all" documents or "any and all" documents. Merck objects further to these Requests to the extent they seek documents other than those that can be located upon a search of files where such documents reasonably can be expected to be found. Merck does not consider as Vioxx documents and does not generally produce those documents that primarily relate to another Merck drug, that describe general Merck operating procedures and practices, or that are company-wide or divisional budgets, forecasts, departmental evaluations and documents setting forth departmental goals, human resource allocations, and the like, although the documents may have Vioxx references.

6. Merck objects to these Requests as overly broad, unduly burdensome and oppressive, and as seeking information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence, to the extent they seek information or documents:

    a. Pertaining to Merck products other than Vioxx (by whatever name it is known, including L-748,731 and MK-966), the product allegedly ingested (however, this objection does not apply to information about another drug that is necessary to understand something about Vioxx, such as where the other drug is being used as a comparator in a Vioxx study or to documents regarding a competing NSAID manufactured by another company or to documents that discuss NSAIDs generally); or

    b. Pertaining to alleged adverse experiences associated with Vioxx other than those claimed; or

      c.      Pertaining to promotion or advertising other than that allegedly relied upon.

Except where otherwise indicated, Merck will not produce such information or documents.

      7.      Merck objects to these Requests to the extent they seek Merck's chemistry and manufacturing control information on the grounds that such information is highly confidential and proprietary, consists of trade secrets and is not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Merck will not produce such information.

      8.      Merck objects to these Requests to the extent they seek any other confidential or proprietary information or trade secrets. Merck will only produce such other confidential or proprietary information or trade secrets, if relevant, subject to and in reliance upon the protective order in this case, and in some cases, only with additional confidentiality protections. In accordance with this objection, Merck notes that for a limited number of high-level documents, such as Board and certain committee minutes, and for certain members of senior management, Merck redacts as irrelevant any information that is not Vioxx-specific.

      9.      Merck objects to these Requests as overly broad and unduly burdensome to the extent they purport to seek information or documents without regard to a specific timeframe or date cut-off. The production of such information or documents shall be subject to and without waiver of any of the objections stated herein, and shall not be deemed to be an admission on the part of Merck that such information or documents are either relevant or admissible. Indeed, Merck specifically notes that information or documents generated after the last alleged ingestion of Vioxx are unlikely to be relevant or admissible at the trial of this matter.

      10.      Merck objects to these Requests as improper to the extent they seek the production of documents and/or data exceeding the scope of the Court's prior rulings concerning foreign Vioxx information. Specifically Merck objects to any Request that calls for information or documents relating to Merck's business or practices outside of the fifty United States and the District of Columbia, such as the sale, marketing, competitive landscape, or regulation of Vioxx in foreign countries, including regulatory submissions to foreign agencies. Except where otherwise indicated, Merck's responses will be limited to information and documents about its business or practices in the fifty United States and the District of Columbia. This objection does not include: (1) documents (other than submissions to foreign agencies and correspondence about those submissions) that contain Vioxx science or report on scientific studies, regardless of where in the world the studies were conducted; (2) documents concerning scientific presentations about Vioxx made at medical conferences held outside the United States, such as EULAR; (3) information about adverse experiences reported to have occurred outside the United States; or (4) foreign regulatory documents if Merck also submitted them to the FDA, such as the periodic safety update reports. Additionally, Merck will not redact foreign information relating to Vioxx from the documents it is producing, except where necessary to protect trade secrets or to preserve other objections. Merck objects to producing documents other than as forth above.

11. Merck objects to these Requests to the extent they seek personnel files, self-evaluations, evaluations by others, documents regarding promotions, financial disclosures or other information such as social security numbers, computer passwords, home telephone numbers and other private information, on the grounds that disclosure would invade the privacy rights of the individuals affected and would be irrelevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Merck will not produce such documents or information. Merck further objects to these Requests to the extent they purport to require Merck to disclose the identity of any individual who allegedly experienced an adverse reaction to Vioxx or who reported such a reaction on the ground that such disclosure would violate the patient or reporter's right to confidentiality under federal law. Pursuant to 21 C.F.R. §§ 312.130, 314.430(e) and 20.63(f), Merck will redact from any document produced in this litigation names and any information that would identify the person using the product and names and any information that would identify any third party involved with the report, such as a physician, hospital or other institution.

12. Merck objects to these Requests to the extent they call for information or documents regarding adverse experiences allegedly caused by Vioxx. Pursuant to 21 C.F.R. §§ 312.32 and 314.80, Merck collects information on adverse experiences that are temporally associated with a patient's treatment with Vioxx and reports those adverse experiences to the FDA without regard to whether Vioxx causes such adverse experiences. The reporting of an adverse experience does not reflect a conclusion by Merck or the FDA that Vioxx caused or contributed to the experience.

13. Merck objects to these Requests to the extent they purport to require Merck to provide a compilation, abstract, audit, and/or other document summary that does not currently exist.

14. Merck objects to these Requests to the extent they call for information or documents that are outside of Merck's possession, custody or control; in the possession of third parties; and/or in the public domain or otherwise obtainable from some other source that is more convenient, less burdensome or less expensive.

15. Merck is responding to these Requests without waiving or intending to waive, but on the contrary, preserving and intending to preserve: (a) the right to object, on the grounds of competency, privilege, relevance, or materiality, or any other proper grounds, to the use of such documents or information for any purpose, in whole or in part, in any subsequent proceedings, in this action or in any other action; (b) the right to object on all grounds, at any time, to document requests, interrogatories, or other discovery procedures involving or relating to the subject of these Requests to which Merck has responded herein; and (c) the right at any time to revise, correct, add to or clarify any of the answers made herein.

16. Merck objects to these Requests to the extent they seek documents or information related to ARCOXIA®. Productions of Arcoxia-related documents in this matter have been the subject of negotiated order subsequently entered by the Court, and Merck will not produce such

documents except as called for by that order. Merck also objects to any request for the production of information regarding current, planned, or future studies, on the grounds that such discovery could impair Merck's ability to conduct such studies and cause injury to Merck's business interests, particularly where final decisions have yet to be made. Merck objects generally to any request for studies not limited to relevant Vioxx-related clinical or pre-clinical studies.

17.     Because of the overly broad nature of these Requests, it is not possible for Merck to anticipate all possible grounds for objection with respect to the particular request set forth herein. Merck reserves the right to supplement or correct these responses and to raise any additional objections deemed necessary and appropriate in light of the results of any further review.

## PRODUCTION OF DOCUMENTS

Subject to and in reliance on the protective order in this case, and in some cases, additional confidentiality protections, Merck will produce any responsive, non-objectionable documents on CD-ROMs, portable hard drive or other electronic format as ".tiff" images, together with an associated IPRO "load" file. Merck reserves the right to seek reimbursement for costs associated with the production of documents.

The documents Merck is producing from an individual's files consist of those non-objectionable Vioxx documents located upon a search of that individual's (1) paper files likely to contain Vioxx documents, (2) e-mail, and (3) electronic documents from the individual's desktop computers and network "home" drives, but not other shared drives or databases to which the individual may have access. With respect to categories (2) and (3), Merck has collected electronic documents from the individual's files or folders reasonably believed to contain Vioxx documents and those electronic documents from the individual's other files or folders found in a search designed to select Vioxx documents. Merck collects and converts to .tiff format electronic documents in any of over 490 file types of graphics, PDF, presentation, projects, spreadsheet, text, web page, and word processing documents. These include the most common file types, such as Adobe Acrobat and Microsoft Word, Excel, and PowerPoint files as well as many lesser-known file types. However, Merck cannot convert to .tiff format certain electronic file types such as database files, including Microsoft Access and certain SAS files, Microsoft Outlook calendars, and embedded documents within Microsoft Word files. Merck excludes from production or redacts certain categories of documents as outside the scope of permissible discovery as described in its general and specific objections.

Merck also redacts information generated by an automatically updating field, such as an auto-date, because the information that would appear on the printed page is unrelated to anything the owner of the document would have ever seen.

## RESPONSES TO INDIVIDUAL REQUESTS FOR PRODUCTION

Merck incorporates its General Objections into each of the responses that follow. Any specific objections set forth in the responses are in addition to those objections and, unless otherwise specified, Merck's responses are limited in accordance with each of its objections. To the extent Merck offers to produce confidential information or documents, Merck will only do so subject to and in reliance upon the protective order in this case.

### REQUEST FOR PRODUCTION NO. 1:

**Any and all documents and tangible things relating to the witnesses' employment and/or agency with Defendant Merck & Co., Inc., including but not limited to:**

   a.   **Contract(s) of employment and all other documents that may describe the terms and conditions of the witness' work for Defendant in the representation, detailing, and/or sales of Vioxx, including but not limited to the manner in which the witnesses' compensation was calculated.**

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Merck objects to this Request on the grounds that it is argumentative, particularly with regard to the term "detailing," and vague and ambiguous, particularly with regard to the phrase "may describe." Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information not relevant to the claims or defenses of any party or to the subject matter involved in this action nor reasonably calculated to lead to the discovery of admissible evidence. Merck objects further to this Request on the grounds that it seeks personnel information, the disclosure of which would invade Mr. Baker's privacy. Based on these objections, Merck will not produce documents in response to this Request.

### REQUEST FOR PRODUCTION NO. 2:

**All training materials and product information received from Defendant relating to Vioxx, including, but not limited to, any seminar or product launch materials.**

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly

with regard to the terms "training materials" and "product information." Merck objects further to this Request on the grounds that it is overly broad and unduly burdensome.

Subject to and without waiving its objections, Merck states that responsive, non-objectionable documents, if any, from the custodial file of Mr. Baker have been produced to Plaintiff in this case. Further responding, Merck states that it has produced, in the Coordinated Proceeding of which this case is a part, non-objectionable documents containing information responsive to this Request, including but not limited to sales training materials for Vioxx.

**REQUEST FOR PRODUCTION NO. 3:**

**All visual aids, "toolbox" materials, production information handouts received from Defendant relating to the[sic] Vioxx and the presentations intended for physicians.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with regard to the terms "'toolbox' materials" and "production information handouts." Merck objects further to this Request on the grounds that it is overly broad and unduly burdensome.

Subject to and without waiving its objections, Merck states that responsive, non-objectionable documents, if any, from the custodial file of Mr. Baker have been produced to Plaintiff in this case.

**REQUEST FOR PRODUCTION NO. 4:**

**All correspondence received from Defendant relating in any manner to Vioxx, including copies or print-outs of any/all e-mail transmissions and their attachments.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with regard to the term "all correspondence" and the phrase "relating in any manner." Merck objects further to this Request on the grounds that it is overly broad and unduly burdensome and

seeks information that is not relevant to the claims or defenses of any party or to the subject matter involved in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Merck states that responsive, non-objectionable documents, if any, from the custodial file of Mr. Baker have been produced to Plaintiff in this case  Further responding, Merck states that it has produced, in the Coordinated Proceeding of which this case is a part, non-objectionable documents containing information responsive to this Request, including but not limited to sales training materials for Vioxx.

**REQUEST FOR PRODUCTION NO. 5:**

**Records of all communications received by the witness from any physician or other healthcare provider regarding Vioxx, including but not limited to notes and memoranda of telephone conversations, e-mail inquiries and responses, written correspondence, etc.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Merck objects to this Request on the grounds that it is vague and ambiguous. Merck objects further to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information not relevant to the claims or defenses of any party or to the subject matter involved in this action nor reasonably calculated to lead to the discovery of admissible evidence insofar as it is not limited to Plaintiff's prescribing physician(s) with respect to Vioxx, , and not limited to the relevant time period.

Subject to and without waiving its objections, Merck states that responsive, non-objectionable documents, if any, from the custodial file of Mr. Baker have beenproduced to Plaintiff in this case.

**REQUEST FOR PRODUCTION NO. 6:**

      Records of all communications made by the witness to any physician or other healthcare provider regarding Vioxx, including but not limited to notes and memoranda of telephone conversations, e-mail inquiries and responses, written correspondence, etc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

      Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with regard to the term "healthcare provider." Merck objects further to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information not relevant to the claims or defenses of any party or to the subject matter involved in this action nor reasonably calculated to lead to the discovery of admissible evidence insofar as it is not limited to Plaintiff's prescribing physician(s) with respect to Vioxx, and not limited to the relevant time period.

      Subject to and without waiving its objections, Merck states that responsive, non-objectionable documents, if any, from the custodial file of Mr. Baker have been produced to Plaintiff in this case.

**REQUEST FOR PRODUCTION NO. 7:**

      All records, including diaries, appointment calendars, expense records or the like, that will show the calls made upon physicians or other health care providers by the witness to detail or otherwise represent Vioxx to the physician or other healthcare provider.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

      Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with regard to the terms "records," "diaries," "appointment calendars," and "expense records." Merck objects further to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information not relevant to the claims or defenses of any party or to the subject matter involved in this action nor reasonably calculated to lead to the discovery of admissible evidence insofar as it is not limited to Plaintiff's prescribing physician(s) with respect

to Vioxx and not limited to the relevant time period. Merck objects further to this Request on the grounds that it seeks personnel information, the disclosure of which would invade Mr. Baker's privacy.

Subject to and without waiving its objections, Merck states that responsive, non-objectionable documents, if any, from the custodial file of Mr. Baker have been produced to Plaintiff in this case.

### REQUEST FOR PRODUCTION NO. 8:

**All materials received by the witness from Defendants or any other source relating to the label changes to Vioxx.**

### RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with regard to the phrase "any other source." Merck objects further to this Request on the grounds that it is overly broad and unduly burdensome and seeks information that is not relevant to the claims or defenses of any party or to the subject matter involved in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Merck states that responsive, non-objectionable documents, if any, from the custodial file of Mr. Baker have been produced to Plaintiff in this case. Further responding, Merck states that it has produced, in the Coordinated Proceeding of which this case is a part, non-objectionable documents containing information responsive to this Request.

### REQUEST FOR PRODUCTION NO. 9:

**Any/all tangible things in the witness' possession relating to the indemnity agreement that Defendant offered to prescribing physicians relating to Vioxx.**

### RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with regard to the phrase "any/all tangible things in the witness' possession." Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the claims or defenses of any party or to the subject matter involved in this action nor reasonably calculated to lead to the discovery of admissible evidence, particularly insofar as it is not limited to documents not related to Plaintiff's prescribing physician(s) with respect to Vioxx during the relevant time period. Based on its objections, Merck will not produce documents in response to this Request.

### REQUEST FOR PRODUCTION NO. 10:

**Any/all indemnity agreements entered into between the witness and one or more of the Defendant or other parties relating to the activities of witness with respect to Vioxx or any other pharmaceutical product made or marketed by Defendant.**

### RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with regard to the phrases "one or more of the Defendant or other parties," "activities of witness," "any other pharmaceutical product." Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the claims or defenses of any party or to the subject matter involved in this action nor reasonably calculated to lead to the discovery of admissible evidence. Based on these objections, Merck will not produce documents in response to this Request.

### REQUEST FOR PRODUCTION NO. 11:

**Copies of all call records, activity reports, expense reports, sales records, order or canceled orders for Vioxx related materials, including but not limited to samples, product information, and patient information packets.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with regard to the terms "call records," "activity reports," "expense reports" and "orders or canceled orders." Merck objects further to this Request on the grounds that it is overly broad, unduly burdensome and seeks information that is not relevant to the claims or defenses of any party or to the subject matter involved in this action nor reasonably calculated to lead to the discovery of admissible evidence insofar as it is not limited to documents related to Mr. Baker or to Plaintiff's prescribing physician(s) with respect to Vioxx during the relevant time period. Merck objects further to this Request on the ground that it fails to identify the documents sought with reasonable particularity.

Subject to and without waiving its objections, Merck states that responsive, non-objectionable documents, if any, from the custodial file of Mr. Baker have been produced to Plaintiff in this case.

## REQUEST FOR PRODUCTION NO. 12:

**All correspondence, including but not limited to print-outs of any e-mail transmissions and their attachments, relating to the withdrawal of Vioxx from the market.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

Merck objects to this Request on the grounds that it is vague and ambiguous, overly broad, unduly burdensome and seeks information that is not relevant to the claims or defenses of any party or to the subject matter involved in this action nor reasonably calculated to lead to the discovery of admissible evidence. Merck objects further to this Request on the ground that it

fails to identify the documents sought with reasonable particularity.

Subject to and without waiving its objections, Merck states that responsive, non-objectionable documents, if any, from the custodial file of Mr. Baker have been produced to Plaintiff in this case.

### REQUEST FOR PRODUCTION NO. 13:

**All documents, videos, tapes, e-mails or any information in witnesses' possession pertaining to Vioxx.**

### RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with regard to the phrase "any information." Merck objects further to this Request on the grounds that it is overly broad and unduly burdensome.

Subject to and without waiving its objections, Merck states that responsive, non-objectionable documents, if any, from the custodial file of Mr. Baker have been produced to Plaintiff in this case.

Respectfully submitted,

s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

838255v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Responses and Objections have been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 13th day of November, 2006.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel