UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® PRODUCTS LIABILITY LITIGATION | * * | MDL Docket No. 1657 |
| | * * | |
| THIS DOCUMENT RELATES TO 06-CV-1951 | * * | Judge Eldon Fallon Magistrate Judge Knowles |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANTS, G. RANDOLPH SCHRODT, JR., M.D. AND INTEGRATIVE PSYCHIATRY, LLC'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendants, G. Randolph Schrodt, Jr., M.D. and Integrative Psychiatry, LLC ("Dr. Schrodt"), by counsel, for their Memorandum in Support of Motion for Summary Judgment, state:

### I. ISSUE

This motion presents one simple issue:

Kentucky Revised Statute ("KRS") 411.130 requires that a cause of action on behalf of a decedent's estate shall be commenced by the estate's personal representative. KRS 413.180 requires that the representative shall commence such action within one year after qualification. The decedent died on May 1, 2003. A representative was qualified on May 12, 2003. The action was not filed until September 28, 2005. Does KRS 413.180 preclude this action?

Unequivocally, this issue must be answered in the affirmative.

### II. UNDISPUTED FACTS

This is an alleged medical malpractice action as to Dr. Schrodt. In order to grant Dr. Schrodt's motion, the Court need only consider these facts. Each is undisputed.

- This action arose out of the death of Sarah G. Nichols ("Decedent") on May 1, 2003.

- On May 12, 2003, the Shelby County (Kentucky) District Court qualified a personal representative of Plaintiff's decedent's estate.

- Sarah E. Nichols ("Ms. Nichols"), Decedent's daughter, presently serves as the personal representative of Decedent's Estate. Ms. Nichols, as personal representative of that estate, is the plaintiff in this action.

- Pursuant to Kentucky Revised Statute 413.180(1), plaintiff had until May 12, 2004 to file this action.

- Plaintiff did not file her action on or before May 12, 2004. Plaintiff filed this action on September 28, 2005. Accordingly, this action is time-barred.

### III.  PROCEDURAL AND FACTUAL BACKGROUND

Dr. Schrodt is a psychiatrist. In October 2001, Decedent began treating at Dr. Schrodt's office, Integrative Psychiatry, LLC, in Louisville, Kentucky for depression, and other physical and emotional conditions.[1] Decedent treated at Dr. Schrodt's office from that time through April 2003. During his care and treatment of Decedent, Dr. Schrodt prescribed her Vioxx®, an anti-inflammatory medication, for arthritis pain.

On May 1, 2003, Decedent died. According to the final autopsy report dated July 2, 2003, Decedent's death was "due to pulmonary thrombo-emboli."[2]

On May 12, 2003, pursuant to Decedent's Last Will and Testament, the Shelby District Court appointed Hilliard Lyons Asset Management ("Hilliard Lyons") the executor of her estate. An authenticated copy of the May 12, 2003 Certificate of Qualification appointing Hilliard Lyons the executor of Decedent's estate is attached hereto as "Exhibit A."

---

[1] Medical Records of G. Randolph Schrodt, Jr., M.D. In the interest of privacy, Dr. Schrodt is not attaching Decedent's medical records and autopsy as Exhibits. Respectfully, it is not expected that the statements referenced in this footnote or the following are in dispute.

[2] Medical records from the Commonwealth of Kentucky Justice Cabinet, Office of the Chief Medical Examiner.

2

On September 9, 2005, the Shelby District Court substituted Ms. Nichols for Hilliard Lyons as Decedent's personal representative for the purpose of filing this lawsuit. Attached collectively hereto as "Exhibit B" is the Shelby District Court's September 9, 2005 Order, and its September 9, 2005 Certificate of Qualification of Ms. Nichols as personal representative.

This wrongful death action was not commenced, however, until September 28, 2005, which was more than two years after the Shelby District Court qualified Hilliard Lyons as Decedent's personal representative.

Ms. Nichols originally filed her Complaint in the Jefferson County (Kentucky) Circuit Court. In her Complaint, Ms. Nichols alleged that Dr. Schrodt was negligent, and that consequently, Decedent "was caused to sustain severe injuries resulting in her death."[3] A copy of Ms. Nichols' Complaint is attached hereto as "Exhibit C."

On October 20, 2005, pursuant to co-defendant, Merck & Co.'s Notice of Removal, this case was transferred to the United States District Court, Western District of Kentucky from the Jefferson Circuit Court. After Removal, Dr. Schrodt filed his Answer, a copy of which is attached hereto as "Exhibit D", in which he denied all allegations against him. Furthermore, on December 22, 2005, pursuant to Conditional Transfer Order No. 34, this case was transferred to the Vioxx® Product Liability Multidistrict Litigation in the United States District Court, Eastern District of Louisiana.

Dr. Schrodt continues to deny Ms. Nichols' allegations that he was negligent, or that Decedent died as a result of negligence or malpractice on his part. But separate from the substantive issue of Dr. Schrodt's professional negligence, Ms. Nichols' action is time-barred as to Dr. Schrodt. The timing of the appointment of Hilliard Lyons as Decedent's estate's personal

---

[3] Plaintiff's Complaint, ¶ 168, ¶ 176.

representative, and the attached Exhibits, all of which are undisputed, demonstrate unequivocally that Ms. Nichols failed to timely file this action.

## IV.  LAW AND ARGUMENT

1. **The Summary Judgment Standard.**

In ruling on a Motion for Summary Judgment, a federal court exercising diversity jurisdiction shall apply the standards of Fed. R. Civ. P. 56.[4] Under Federal Rule of Civil Procedure 56, summary judgment is appropriate "if the pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[5] Rule 56 mandates summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[6]

The "party moving for summary judgment bears the initial burden and need not support its motion with affidavits or other materials 'negating' the opponent's claim."[7] The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case."[8] The plaintiff must present more than a mere scintilla of evidence to support his position. Rather, he must present evidence on which the trier of fact could find for him.[9] Mere speculation will not suffice to defeat a motion for summary judgment: "[t]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A

---

[4] Gafford v. General Electric Co., 997 F.2d 150, 165 (6th Cir.1993).
[5] Fed. R. Civ. P. 56(c); see, also, Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
[6] Celotex Corp. v. Catrett, 477 U.S. 317, 332, 106 S.Ct. 2548, 255X, 91 L.Ed.2d 265 (1986).
[7] Moore v. Philip Morris Companies, Inc., 8 F.3d 335, 339 (6th Cir.1993) (citing Celotex, supra, at 325, 106 S.Ct. at 2553, 31 L.Ed.2d 265; Adcock v. Firestone Tire & Rubber Co., 822 F.2d 623, 626 (6th Cir.1987)).
[8] Street v. Bradford & Co., 886 F.2d 1472, 1477 (6th Cir.1989).
[9] See, Id. (citing Anderson v. Liberty Lobby, 477 U.S. 242, 251-52 (1986)).

genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate."[10]

2. **Plaintiff's Failure to File Suit Within One Year of the Date of the Personal Representative's Appointment Bars This Suit.**

Unlike the Summary Judgment standard, the statute of limitations defense is considered substantive in nature. Accordingly, because Dr. Schrodt and Ms. Nichols reside in Kentucky (where Ms. Nichols originally filed her action), Kentucky substantive law applies to this case pursuant to Erie Railroad v. Tompkins.[11]

Kentucky Revised Statute ("KRS") 411.130, Kentucky's "wrongful death" statute, provides that "whenever the death of a person results from an injury inflicted by the negligence or wrongful act of another, damages may be recovered for the death from the person who caused it, or whose agent or servant caused it."[12] Under that statute, a wrongful death action "shall be prosecuted by the personal representative of the deceased."[13]

KRS 413.140(1)(e) governs the statute of limitation for professional negligence claims. This statute provides that "an action against a physician, surgeon, dentist, or hospital licensed pursuant to KRS Chapter 216, for negligence or malpractice" must be brought within one year from the time the cause of action accrued. If, however, a person entitled to bring a medical malpractice action "dies before the expiration of the time limited for its commencement and the cause of action survives," then the statute of limitation is governed by a different statute, KRS 413.180(1). That statute provides that an "action may be brought by [Decedent's] personal

---

[10] Monette v. Electronical Data Systems Corp., 90 F.3d 1173, 1177 (6th Cir.1996).
[11] 304 U.S. 64 (1938).
[12] KRS 411.130(1).
[13] Id.

5

representative after the expiration of that time, if commenced within one year after the qualification of the representative."[14]

On May 12, 2003, the Shelby District Court appointed Hilliard Lyons the personal representative of Decedent's estate. Thus, as a matter of law, unequivocally, May 12, 2004 was the last possible date on which Ms. Nichols could have commenced this wrongful death action.[15] It is undisputed that Ms. Nichols did not file this lawsuit until September 28, 2005, more than twenty-eight (28) months after the Shelby District Court appointed Hilliard Lyons as Decedent's personal representative, and sixteen (16) months after the statute of limitations had expired. Because Ms. Nichols failed to file this action within one year of Hilliard Lyons' appointment as Decedent's estate's personal representative, her Complaint must be dismissed as a matter of law.

### 3. Ms. Nichols' Complaint is also Time-Barred Because She Filed Suit More Than Two Years After Decedent's Date of Death.

For the sake of argument only, Ms. Nichols might claim that her cause of action is not time-barred, because she filed suit shortly after being appointed successor to Hilliard Lyons as personal representative. That argument, if it is made, must be rejected. This is due to the fact that she filed this wrongful death suit more than two years after the date of Decedent's death, which is an absolute deadline that governs situations where it may take longer than one year to appoint a personal representative.

In Connor v. George W. Whitesides Co., the Kentucky Supreme Court expressly stated that "KRS 413.140(1)(e) and its predecessors have been recognized for over 100 years as

---

[14] KRS 413.180(1).
[15] Id.

6

establishing a one year statute of limitations for wrongful death claims."[16] The Connor court, however, held:

> KRS 413.180(2) provides that if the personal representative is not appointed within a year after death but is appointed after that time, the one year anniversary of death is considered the date of appointment, and the personal representative has one year from the one year anniversary of death to commence a cause of action. <u>The net effect of this statute in this case is to provide two years from the date of death to appoint a personal representative and commence a cause of action for wrongful death.</u>[17]

Furthermore, in Everly v. Wright, the Kentucky Court of Appeals rejected as untimely the plaintiff's attempt to be appointed the decedent's estate's personal representative more than two years post-death. The Court characterized the attempt as a "manipulation" of the dates in order to avoid having her cause of action dismissed.[18]

In our case, Ms. Nichols might argue that she filed this suit within about three weeks of being qualified as the personal representative of Decedent's estate. But even so, the dispositive fact always remains that Ms. Nichols filed this action more than two years after Decedent's death. Ms. Nichols may not extend the statute of limitation in such a way as to permit the lawsuit to be filed 28 months after Decedent's passing. Such an attempt to be appointed successor to Hilliard Lyons as personal representative and then file suit a few weeks later -- at that late date -- would be a "manipulation" of the dates to prevent her cause of action's dismissal. Such would be contrary to both Connor, Everly, *supra*, KRS 413.180(1), and Kentucky law generally. Thus, Ms. Nichols' cause of action must be dismissed as a matter of law.

## V.    CONCLUSION

There can be no genuine issue of material fact regarding Ms. Nichols' failure to comply with KRS 413.180(1). It is indisputable that the Shelby District Court appointed Hilliard Lyons

---

[16] 834 S.W.2d 652, 653-54 (citing Carden v. Louisville & N. R. Co., 101 Ky. 113, 39 S.W. 1027 (Ky. 1897)).
[17] Id. (emphasis added).
[18] Id. S.W.2d 95, 96-97 (Ky.App.1993).

the administrator of Decedent's estate on May 12, 2003. Ms. Nichols, however, did not file this wrongful death suit until September 2005, more than two years after Hilliard Lyons had been appointed the administrator of Decedent's estate. Because this suit was not filed on or before May 12, 2004, as required by KRS 413.180, it is time-barred. Accordingly, Defendants, G. Randolph Schrodt, Jr., M.D. and Integrative Psychiatry, LLC are entitled to Judgment as a matter of law.

        Respectfully submitted,

        *[signature]*
        Stephen C. Hall (Bar No. 84409)
        Seth A. Gladstein (Bar No. 90938)
        *Counsel for Defendants, G. Randolph Schrodt, Jr.,*
        *M.D. and Integrative Psychiatry, LLC*
        **STOLL KEENON OGDEN PLLC**
        2000 PNC Plaza
        500 West Jefferson Street
        Louisville, Kentucky 40202
        Telephone: (502) 333-6000
        Facsimile: (502) 333-6099
        Steve.Hall@skofirm.com
        Seth.Gladstein@skofirm.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing served on the Clerk of Court via regular U.S. mail, postage prepaid, this 31st day of October 2006.

I further certify that the foregoing was served on the following counsel via e-mail or U.S. mail, postage prepaid and properly addressed this 31st day of October, 2006:

> Susan Pope, Esq.
> Counsel for Defendant, Merck & Co.
> Frost Brown Todd, LLC
> Lexington Financial Center
> 250 West Main
> Suite 2700
> Lexington, Kentucky 40507-1749
>
> Brian Rattliff, Esq.
> Counsel for Plaintiff
> Bubalo & Hiestand PLC
> 401 South Fourth Street
> Suite 800
> Louisville Kentucky 40202

/s/ Seth Gladstein
Stephen C. Hall (Bar No. 84409)
Seth A. Gladstein (Bar No. 90938)
*Counsel for Defendants, G. Randolph Schrodt, Jr., M.D. and Integrative Psychiatry, LLC*
**STOLL KEENON OGDEN PLLC**
2000 PNC Plaza
500 West Jefferson Street
Louisville, Kentucky 40202
Telephone: (502) 333-6000
Facsimile: (502) 333-6099
Steve.Hall@skofirm.com
Seth.Gladstein@skofirm.com

LOUISVILLE 449236v.4