FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2006 NOV -8  AM 10/12
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX  
PRODUCTS LIABILITY LITIGATION

MDL NO. 1657
SECTION: L

JUDGE FALLON
MAG. JUDGE KNOWLES

THIS DOCUMENT RELATES TO:  
Frank Pescatello v. Merck & Co., Inc,  
05-1255

November 2, 2006

## MOTION FOR RELIEF FROM DISMISSAL AND MOTION TO VACATE DISMISSAL

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, the Plaintiff, Frank Pescatello, respectfully requests that this Honorable Court vacate the dismissal with prejudice entered on October 26, 2006 and grant the Plaintiff relief by reinstating the case to the docket.

As fully set forth herein, the Plaintiff and his counsel were unaware of the Defendant's motion requesting that the case be dismissed.. The sole basis for the dismissal was the failure to file the Plaintiff's Profile Form ("Form"). While Plaintiff's counsel received the Form and forwarded it to his client, he never received notice that a deadline for dismissal was requested or pending, most likely due to an electronic mail problem. Furthermore, the reason for delay in completing and filing the Form is that the Plaintiff is elderly, infirm, and with dementia. The Plaintiff's dementia, which has gotten worse in the last several months, caused him to forget about the Form that his attorney sent to him several months ago. As indicated in the attached affidavit of Plaintiff's counsel, Plaintiff's attorney repeatedly contacted his

\_\_ Fee_____
\_\_ Process_____
X  Dktd_____
\_\_ CtRmDep_____
\_\_ Doc. No_____

1

client to inquire about the Form but did not press Plaintiff because of problems with Plaintiff's lucidity. Plaintiff is legally blind and in ill health and has been unable to provide answers to the Form. After receiving the court's notice of dismissal and understanding the urgency to return the Form forthwith, Plaintiff's counsel insisted on sitting down with Plaintiff and his family and prepared the answers that are attached hereto as Exhibit A .

I.  **Facts**

This case was filed in February 2005, just 20 months ago. It was filed in the United States District for the District of Connecticut and thereafter transferred to this Honorable Court pursuant to the multi-district litigation rules. Since that time, lead counsel was appointed for the Plaintiffs and, as the court is well aware, they have handled the vast majority of the legal issues.

The undersigned counsel has appeared for the Plaintiff, Frank Pescatello, and has received some but not all of the electronic filings. See Affidavit of Ralph J. Monaco, attached hereto. For some inexplicable reason, Plaintiff's counsel never received Merck's Proposed Order to Show Cause Why Cases Should not be dismissed, nor did he receive Pretrial Order 18c. Therefore, Plaintiff was unaware that he needed to show cause as to his difficulty in providing answers to the Form. Moreover, the Plaintiff is elderly and with multiple medical problems including being legally blind and with dementia. Plaintiff's counsel provided Plaintiff with the Form, but Plaintiff has until now been unable to answer it due to his health.

Furthermore, Plaintiff's counsel is unfamiliar with the ECF/pacer system and had little prior experience with the system.

## II. Argument
### a. Standards for Ruling on a Rule 60(b) Motion

Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part:

> Upon motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;. . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Courts have ruled that this Rule should be liberally construed. Klapprott v. United States, 335 U.S. 601, 615, 69 S.Ct. 384, 93 L.Ed. 266, modified, 336 U.S. 942, 69 S.Ct. 398, 93 L.Ed. 1099 (1949); Other courts have held that this rule provides a "'grand reservoir of equitable power to do justice in a particular case'". Radack v. Norwegian America Line Agency Inc., 318 F.2d 538 (2d. Cir. 1963). A motion under Rule 60(b) "is addressed to the sound discretion of the district court." Nemaizer v. Baker, 793 F.2d 58, 61-62 (2d Cir.1986). "The granting of such motions should be considered only where lack of notice has operated to prejudice a substantial right or remedy that would otherwise have been available." Radack v. Norwegian America Line Agency, Inc., 318 F.2d 538, 542 (2d. Cir. 1963)

### b. The Plaintiff's Failure to File the Plaintiff Profile Form Was Based on "Mistake, Inadvertence, Surprise or Excusable Neglect"

Rule 60 (b)(1) permits the court to vacate an order of dismissal based upon one or more of the enumerated factors to wit "mistake, inadvertence, surprise or excusable neglect." The Plaintiff is elderly and has multiple

3

medical problems including having dementia and being legally blind. Given the Plaintiff's poor health condition, it is understandable that he has been unable to complete his Plaintiff Profile Form. Had his counsel, who is an experienced personal injury attorney, been aware of the impending deadline for submission and possibility for dismissal, counsel certainly would have filed a motion for extension of time or ensured that answers were provided. After receiving the order of dismissal by mail on November 1, 2006, counsel for the Plaintiff immediately worked with the Plaintiff and his family to compile the answers attached hereto. Plaintiff's counsel recently learned that Plaintiff's dementia has gotten significantly worse in the last several months.

Any failure to provide a more timely response is certainly due to mistake, inadvertence, surprise or excusable neglect, all of which describe the reasons for the failure to submit a completed Form. It cannot be overstated that Plaintiff and his counsel never received Merck & Co's Proposed Order to Show Cause Why Cases Should Not Be Dismissed. This is most likely due to an electronic mail problem as noted in the attached affidavit. If Plaintiff was aware of it, he certainly would have sought an extension of time due to Plaintiff's health condition.

Courts have ruled that this Rule should be liberally construed. <u>Klapprott</u>, supra. Other courts have held that this rule provides a "'grand reservoir of equitable power to do justice in a particular case'". <u>Radack</u>, supra. "The granting of such motions should be considered only where lack of notice has operated to prejudice a

4

substantial right or remedy that would otherwise have been available." <u>Radack v. Norwegian America Line Agency, Inc.</u>, 318 F.2d 538, 542 (2d. Cir. 1963).

<u>Fidelity and Deposit Company of Maryland v. USAFORM Hail Pool, Inc</u>, 523 F.2d 744 (5th Cir. 1975) is illustrative of the application of the Rule 60 principles to a case where a party did not receive notice. In <u>Fidelity and Deposit Company of Maryland</u>, the court entered an order of dismissal on the merits with prejudice. The clerk entered the judgment on the docket but never notified the parties of the judgment. The Circuit Court affirmed the district court's decision to vacate the judgment. The Fifth Circuit stated that "the policy of finality must on occasion give way to unusual circumstances." It further stated that setting aside a dismissal where the party did not receive notice is "in full accord with the spirit of the rule and with the more general precept that we must construe the Federal Rules of Civil Procedure liberally so as to promote rather than thwart the ends of justice." <u>Id</u>. at 750. Notably, the case at bar does not involve the absence of notice of judgment, but instead the absence of a proposed order to show cause. The court in <u>Fidelity and Deposit Company of Maryland</u> also stated Rule 60(b)(6) "'vests power in courts adequate to enable them to vacate a judgment whenever such action is appropriate to accomplish justice.'" <u>Id</u>.

In <u>Radack v. Norwegian America Line Agency Inc.</u>, 318 F.2d 538 (2d. Cir. 1963), the district court dismissed the case at a Special Review Calendar for lack of prosecution. Some 15 months later, the plaintiff's moved to vacate the order of dismissal and the motion was granted. The court found that there was inconclusive evidence that the plaintiffs received notice of the Review

5

Calendar. The Second Circuit held that Rule 60(b)(6) gives the district court a "'grand reservoir of equitable power to do justice in a particular case'". Id. at 54. Citing the Supreme Court's decision in Klapprott, infra, the court stated that "the rule should be liberally construed when substantial justice will thus be served.'" Id. It also stated the "Rule 60(b) relief acts as a corrective remedy, mitigating the harsh impact of calendar rules when a litigant's action is dismissed as a result of his counsel's neglect, Link v. Wabash Railroad Co., 370 U.S. 626, 632, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), and we hold that it is available in a case such as this." Id. In addition, the Second Circuit rejected the argument that the plaintiff's should have seen the notice in a Law Journal. "The granting of such motions should be considered only where lack of notice has operated to prejudice a substantial right or remedy that would otherwise have been available." Id. at 543.

Applying these principles to the case at bar, the Plaintiff respectfully submits that the dismissal should be set aside because his failure to submit the Form was based on "mistake, inadvertence, surprise or excusable neglect." As indicated in the attached affidavit, Plaintiff's counsel has not received all of the electronic filings, most likely due to an electronic mail problem. Plaintiff's counsel made a search for such electronic communications and confirmed that he did not receive Merck & Company's Proposed Order nor did he receive the pretrial order. Because of Plaintiff's poor health, dementia, and the fact that Plaintiff had not received all of the notices, Plaintiff mistakenly believed that he could take additional time in filing

6

his form. Plaintiff's counsel repeatedly contacted the Plaintiff, but due to Plaintiff's dementia, counsel questioned Plaintiff's lucidity and was hoping Plaintiff's lucidity would improve.

Moreover, to say that his counsel was "surprised" by the Court's order is a severe understatement. Upon receiving said order, Plaintiff's counsel set aside all other legal work, changed his schedule, and worked tirelessly to prepare this motion and answers to the forms. Any neglect on the part of Plaintiff or his counsel is "excusable" in view of the aforesaid factors, and considering that the electronic filing system is completely new to Plaintiff's counsel. Notably, Plaintiff's counsel had problems recently in a federal case in Connecticut because he was not receiving notices, and had to file the motion that is attached hereto as Exhibit B (<u>Cochrane</u> case), requesting to be excused from electronic filing.

In addition to the forgoing, the Defendant is not unfairly prejudiced by the delay in filing the Form. This case was only filed in 2005, it is not scheduled for trial, and no discovery has been conducted. Additionally, the Connecticut three-year statute of limitations has not run on Plaintiff's claim, and therefore Plaintiff could re-file the case at any time. In view of this, it is impractical and unnecessary to deny the Plaintiff relief from the order of dismissal under Rule 60.

Plaintiff's counsel assures the court that he will take efforts to correct any problems with his email address or with the computer servers through which his email is filtered.

7

Finally, there is a strong policy in our law preferring that cases be decided on their merits with a full and fair opportunity for both sides to present their evidence.

For these reasons, the Plaintiff respectfully submits that he has met the requirements for relief from the order of dismissal under Rule 60(b)(1).

### c. The Factors Set Forth Herein Demonstrate Plaintiff's Case Should Also Be Reinstated under Rule 60 (b)(6) so as to Prevent An Unfair Result and Accomplish Justice By Giving Plaintiff An Opportunity for a Decision on The Merits

The court's "discretion is especially broad under subdivision (6)[of Rule 60(b)], because relief under it is to be granted when "appropriate to accomplish justice," Klapprott v. United States, 335 U.S. 601, 615, 69 S.Ct. 384, 93 L.Ed. 266 (plurality opinion of Black). This catch-all clause in Rule 60 [i.e. subsection 6] gives the district court a 'grand reservoir of equitable power to do justice in a particular case.' 7 Moore, Federal Practice at p. 308 (1950 ed.); Pierre v. Bernuth, Lembcke Co., 20 F.R.D. 116, 117 (S.D.N.Y.1956). Though not a substitute for appeal, Wagner v. United States, 316 F.2d 871 (2d Cir., April 25, 1963); Huddleston v. McComas, 277 F.2d 677 (6th Cir. 1960), and subject to the one-year time limitation when the grounds urged for relief fall within clauses (1), (2) or (3), the rule should be liberally construed when substantial justice will thus be served. Klapprott v. United States, 335 U.S. 601, 615, 69 S.Ct. 384, 93 L.Ed. 266, modified, 336 U.S. 942, 69 S.Ct. 398, 93 L.Ed. 1099 (1949); Bridoux v. Eastern Air Lines, Inc., 214 F.2d 207 (D.C.Cir.), cert. denied, 348 U.S. 821, 75 S.Ct. 33, 99 L.Ed. 647 (1954); Tozer v. Charles A.

Krause Milling Co., 189 F.2d 242 (3d Cir. 1951); Estate of Cremidas, 14 F.R.D. 15 (D. Alaska 1953).J.)." Radack v. Norwegian America Line Agency, Inc., 318 F. 2d 538, 542 (2d. Cir. 1963)

The United States Supreme Court has stated that Rule 60 is properly invoked where there are extraordinary circumstances. Ackermann v. United States, 340 U.S. 193, 199, 71 S.CT. 209, 212, 95 L.Ed. 207 (1950).

Electronic filing is not an ordinary circumstance. It is relatively new and it certainly has problems, such as the problem with the filings reaching all parties who are supposed to receive it. Dismissal of a case where the party did not receive notice of the Proposed Order to Show Cause or court's ruling regarding deadlines is an extraordinary circumstance for which Rule 60(b) was designed. Courts have been particularly sensitive to situations where a party's right is finally adjudicated where the party did not have proper notice. See Fidelity Deposit Company of Maryland, supra, and Radack, supra. This is because the policy of the law is to give parties a full and fair opportunity to have the case decided on the merits. As evidenced by the fact that Plaintiff has quickly responded to the order of dismissal, which was sent to him by regular mail, the Plaintiff and his counsel are very serious about this matter and do respond quickly when they receive proper notice. If Plaintiff's counsel was aware of the Proposed Order to Show Cause or Pretrial Order, counsel would have sought either an extension of time based on Plaintiff's lack of lucidity or pressed his client for answers if Plaintiff's lucidity was adequate.

For these reasons, the Plaintiff respectfully submits that the facts established herein meet the liberal requirement of Rule 60 (b)(6), permitting relief from an order "for any other reason justifying relief from the operation of the judgment."

### III.     Conclusion

The Plaintiff respectfully submits that the facts and circumstances described herein justify relief from the dismissal order. Plaintiff's serous health problems, including dementia and legal blindness, prevented him from completing the Form in a more timely fashion. Moreover, Plaintiff's counsel has not received all electronic communications and never received Merck & Co's Proposed Order to Show Cause or the pretrial order. It would be highly unfair to deny the Plaintiff an opportunity for a decision on the merits based on these facts. Finally, it is impractical to require the Plaintiff to re-file his case, which he can do because the statute of limitation has not run. Such a step would waste precious judicial resources. Rule 60 (b) of the Rules of Civil Procedure is designed use in the situation described herein.

For these reasons, Plaintiff respectfully requests that this Honorable Court vacate the dismissal entered on October 26, 2006 and grant the Plaintiff relief by reinstating the case to the docket.

Respectfully submitted,
THE PLAINTIFF

By: _____
Ralph J. Monaco, Esq.
CT 13306
Conway & Londregan, P.C.
38 Huntington St., P.O. Box 1351
New London, CT  06320-1351
Phone 860-447-3171
Fax 860-444-6103