IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY | * | |
| LITIGATION | * | Section L |
| | * | |
| | * | Judge Fallon |
| | * | Mag. Judge Knowles |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*This document relates to ALL CASES*

## MEMORANDUM IN SUPPORT OF
## MOTION TO COMPEL RESPONSES TO
## PLAINTIFFS' STEERING COMMITTEE'S
## THIRD SET OF INTERROGATORIES AND
## THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
## DIRECTED TO MERCK & CO., INC.

**MAY IT PLEASE THE COURT:**

This memorandum is being submitted on behalf of the Plaintiffs' Steering Committee ("PSC") in support of its Motion to Compel Responses to its Third Set of Interrogatories and Third Set of Requests for Production of Documents Directed to Merck & Co., Inc. ("Merck"). Copies of the discovery requests and responses are attached as Exhibit "A", in globo.

The PSC moves to compel the production of responses to the Third Set of Interrogatories and various Requests for Production of Documents pursuant to FRCP 37 and for the reasons more fully set forth in Plaintiffs' Memorandum of Law in Opposition of Merck & Co., Inc.'s Motion for a Protective Order Prohibiting Discovery of Attorney Work Product Relating to the Martin Report and Plaintiffs' Surreply in Opposition to Merck & Co., Inc.'s Motion for a Protective Order Prohibiting Discovery of Attorney Work Product Relating to the Martin Report (see Document Nos. 8415 and 8612), which are incorporated herein as if copied *in extenso*.

Furthermore, Merck has failed to provide any privilege log whatsoever with respect to

documents that it claims a privilege and which may be responsive to the particular discovery requests.

The Martin report explicitly disavows that litigation was the primary purpose behind its creation. The two-fold explanation of the purpose of the Martin Report contained therein was to 1) determine whether senior management of the company acted with throughout the period that Vioxx was developed and marketed to the public (not whether bases existed to consider and pursue a derivative claim against management) and 2) to release the report to shareholders and the public. *See* Martin Report at 16-18. The second purpose was described as "perhaps more important" than the first. In other words, Merck publicly exculpating management of wrongdoing was actually the primary purpose of the report. That dual purpose (if not primary purpose) intimates that the work-product privilege can not be extended to the Martin report. Where such a dual purpose exists, the privilege does not follow.

> Respectfully submitted,
>
> /s/ Leonard A. Davis
> **Russ M. Herman (Bar No. 6819)**
> Leonard A. Davis (Bar No. 14190)
> Stephen J. Herman (Bar No. 23129)
> *Herman, Herman, Katz & Cotlar, LLP*
> 820 O'Keefe Avenue
> New Orleans, LA 70113
> PH:   (504) 581-4892
> FAX: (504) 561-6024
>
> Temporary office:
>
> Place St. Charles, 201 St. Charles Avenue
> Suite 4310, New Orleans, LA 70170
> **Plaintiffs' Liaison Counsel**

2

| | |
|---|---|
| Richard J. Arsenault, Esq.<br>P.O. Box 1190<br>2220 Bonaventure Court<br>Alexandria, LA 71309-1190<br>PH: (318) 487-9874<br>FAX: (318) 561-2591<br><br>Andy D. Birchfield, Esq. (**Co-Lead Counsel**)<br>P.O. Box 4160<br>234 Commerce Street<br>Montgomery, AL 36103-4160<br>PH: (800) 898-2034<br>FAX: (334) 954-7555<br><br>Elizabeth Cabraser, Atty.<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Franciso, CA 94111-3339<br>PH: (415) 956-1000<br>FAX: (415-956-1008<br><br>Thomas Kline, Esq.<br>1525 Locust St.<br>19th Floor<br>Philadelphia, PA 19102<br>PH: (215) 772-1000<br>FAX: (215) 772-1371<br><br>Arnold Levin, Esq.<br>510 Walnut Street<br>Suite 500<br>Philadelphia, PA 19106-3875<br>PH: (215) 592-1500<br>FAX: (215) 592-4663<br><br>Shelly Sanford, Atty.<br>2200 Texaco Heritage Plaza<br>1111 Bagby<br>Houston, TX 77002<br>PH: (713) 650-0022<br>FAX: (713-650-1669 | Gerald E. Meunier, Esq.<br>Energy Centre<br>1100 Poydras Street, Suite 2800<br>New Orleans, LA 70163-2800<br>PH: (504) 522-2304<br>FAX: (504) 528-9973<br><br>Troy Rafferty, Esq.<br>316 S. Baylen Street, Suite 400<br>Pensacola, FL 32502<br>PH: (850) 435-7000<br>FAX: (850) 497-7059<br><br>Drew Ranier, Esq.<br>1419 Ryan Street<br>Lake Charles, LA 70601<br>PH: (337) 494-7171<br>FAX: (337) 494-7218<br><br>Mark Robinson, Esq.<br>620 Newport Center Drive<br>7th Floor<br>Newport Beach, CA 92660<br>PH: (949) 720-1288<br>FAX: (949) 720-1292<br><br>Christopher Seeger, Esq. (**Co-Lead Counsel**)<br>One William Street<br>New York, NY 10004<br>PH: (212) 584-0700<br>FAX: (212) 584-0799<br><br>Christopher Vincent Tisi, Esq.<br>2000 L Street, NW<br>Suite 400<br>Washington, DC 20036-4914<br>PH: (202) 783-6400<br>FAX: (307) 733-0028 |

**PLAINTIFFS' STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 13th day of November, 2006.

/s/ Leonard A. Davis
Leonard A. Davis (Bar No. 14190)
*Herman, Herman, Katz & Cotlar, LLP*
201 St. Charles Ave., Suite 4310
New Orleans, LA 70170
PH:   (504) 581-4892
FAX:  (504) 561-6024
ldavis@hhkc.com