# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

———————————————————— x
           :        MDL NO. 1657
           :

IN RE: VIOXX           :        SECTION: L
      PRODUCTS LIABILITY LITIGATION   :
           :        JUDGE FALLON
           :
           :        MAG. JUDGE KNOWLES

———————————————————— x
THIS DOCUMENT RELATES TO ALL CASES  :
———————————————————— x

## MERCK AND CO., INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF STEERING COMMITTEE'S THIRD SET OF INTERROGATORIES

      Merck & Co., Inc. ("Merck"), by and through its attorneys, responds and objects to Plaintiff Steering Committee's Third Set of Interrogatories (the "Interrogatories") as follows:

## GENERAL OBJECTIONS

      1.      Merck objects to these Interrogatories to the extent they are vague, ambiguous, argumentative, duplicative, overly broad, unduly burdensome or oppressive, or seek information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action. Merck further objects to these Interrogatories to the extent they seek information or documents, or otherwise purport to impose obligations upon Merck, beyond those permitted by the Federal Rules of Civil Procedure and/or court orders entered in this case.

      2.      Merck objects to these Interrogatories to the extent they seek information or documents protected from discovery by the attorney-client privilege, the work product doctrine, or that are otherwise immune or protected from disclosure. Merck does not intend to waive any applicable protections or privileges through the supplying of information or production of documents in response to these Interrogatories. On the contrary, Merck specifically intends to preserve any and all applicable protections or privileges.

      3.      Inadvertent production of any document shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such document or any other document, or with respect to the subject matter thereof or the information contained therein; nor shall such inadvertent production waive Merck's right to demand that such documents be returned or to object to the use of the document or the information contained therein during this or any other proceeding.

4.      Merck objects to these Interrogatories to the extent they seek information or documents generated in the course of the defense of this action or any other action regarding Vioxx®.  Merck will not produce such information or documents.

5.      Merck objects to these Interrogatories as overly broad and unduly burdensome to the extent they call for the identification of "all" documents or "any and all" documents when all relevant facts can be obtained from fewer than "all" documents or "any and all" documents. Merck objects further to these Interrogatories  to the extent they seek documents other than those that can be located upon a search of files where such documents reasonably can be expected to be found.  Merck does not consider as Vioxx documents and does not generally produce those documents that primarily relate to another Merck drug, that describe general Merck operating procedures and practices, or that are company-wide or divisional budgets, forecasts, departmental evaluations and documents setting forth departmental goals, human resource allocations, and the like, although the documents may have Vioxx references.

6.      Merck objects to these Interrogatories as overly broad, unduly burdensome and oppressive, and as seeking information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action to the extent they seek information or documents:

  a.      Pertaining to Merck products other than Vioxx (by whatever name it is known, including L-748,731 and MK-966), the product allegedly ingested (however, this objection does not apply to information about another drug that is necessary to understand something about Vioxx, such as where the other drug is being used as a comparator in a Vioxx study or to documents regarding a competing NSAID manufactured by another company or to documents that discuss NSAIDs generally); or

  b.      Pertaining to alleged adverse experiences associated with Vioxx other than those claimed; or

  c.      Pertaining to promotion or advertising other than that allegedly relied upon.

Except where otherwise indicated, Merck will not produce such information or documents.

7.      Merck objects to these Interrogatories to the extent they seek Merck's chemistry and manufacturing control information on the grounds that such information is highly confidential and proprietary, consists of trade secrets, and is not relevant to the claims or defenses of any party or to the subject matter involved in this action.  Merck will not produce such information.

8.      Merck objects to these Interrogatories to the extent they seek any other confidential or proprietary information or trade secrets.  Merck will only produce such other confidential or proprietary information or trade secrets, if relevant, subject to and in reliance upon the protective order, and in some cases, only with additional confidentiality protections.  In

accordance with this objection, Merck notes that for a limited number of high-level documents, such as Board and certain committee minutes, and for certain members of senior management, Merck redacts as irrelevant any information that is not Vioxx-specific.

9.      Merck objects to these Interrogatories as overly broad and unduly burdensome to the extent they purport to seek information or documents without regard to a specific timeframe or date cut-off. Where not otherwise specified in response to a specific request, Merck will produce information or documents generated up to and including the date set by the Court. The production of such information or documents shall be subject to and without waiver of any of the objections stated herein, and shall not be deemed to be an admission on the part of Merck that such information or documents are either relevant or admissible. Indeed, Merck specifically notes that information or documents generated after the last alleged ingestion of Vioxx are unlikely to be relevant or admissible at the trial of this matter.

10.      Merck objects to these Interrogatories to the extent they call for information or documents relating to Merck's business or practices outside of the fifty United States and the District of Columbia, such as the sale, marketing, competitive landscape, or regulation of Vioxx in foreign countries, including regulatory submissions to foreign agencies. Except where otherwise indicated, Merck's responses will be limited to information and documents about its business or practices in the fifty United States and the District of Columbia. This objection does not include: (1) documents (other than submissions to foreign agencies and correspondence about those submissions) that contain Vioxx science or report on scientific studies, regardless of where in the world the studies were conducted; (2) documents concerning scientific presentations about Vioxx made at medical conferences held outside the United States, such as EULAR; (3) information about adverse experiences reported to have occurred outside the United States; or (4) foreign regulatory documents if Merck also submitted them to the FDA, such as the periodic safety update reports. Additionally, Merck will not redact foreign information relating to Vioxx from the documents it is producing, except where necessary to protect trade secrets or to preserve other objections.

11.      Merck objects to these Interrogatories to the extent they seek personnel files, self-evaluations, evaluations by others, documents regarding promotions, financial disclosures or other information such as social security numbers, computer passwords, home telephone numbers and other private information, on the grounds that disclosure would invade the privacy rights of the individuals affected and would be irrelevant to the claims or defenses of any party or to the subject matter involved in this action. Merck will not produce such documents or information. Merck further objects to these Interrogatories to the extent they purport to require Merck to disclose the identity of any individual who allegedly experienced an adverse reaction to Vioxx or who reported such a reaction on the ground that such disclosure would violate the patient or reporter's right to confidentiality under federal law. Pursuant to 21 C.F.R. §§ 312.130, 314.430(e) and 20.63(f), Merck will redact from any document produced in this litigation names and any information that would identify the person using the product and names and any information that would identify any third party involved with the report, such as a physician, hospital or other institution.

12.     Merck objects to these Interrogatories to the extent they call for information or documents regarding adverse experiences allegedly caused by Vioxx.  Pursuant to 21 C.F.R. §§ 312.32 and 314.80, Merck collects information on adverse experiences that are temporally associated with a patient's treatment with Vioxx and reports those adverse experiences to the FDA without regard to whether Vioxx causes such adverse experiences.  The reporting of an adverse experience does not reflect a conclusion by Merck or the FDA that Vioxx caused or contributed to the experience.

13.     Merck objects to these Interrogatories to the extent they purport to require Merck to provide a compilation, abstract, audit, and/or other document summary that does not currently exist.

14.     Merck objects to these Interrogatories to the extent they call for information or documents that are unreasonably cumulative or duplicative; outside of Merck's possession, custody or control; or obtainable from some other source that is more convenient, less burdensome or less expensive.

15.     Merck is responding to these Interrogatories without waiving or intending to waive, but on the contrary, preserving and intending to preserve: (a) the right to object, on the grounds of competency, privilege, relevance, or materiality, or any other proper grounds, to the use of such documents or information for any purpose, in whole or in part, in any subsequent proceedings, in this action or in any other action; (b) the right to object on all grounds, at any time, to document requests, interrogatories, or other discovery procedures involving or relating to the subject of these Interrogatories to which Merck has responded herein; and (c) the right at any time to revise, correct, add to or clarify any of the answers made herein.

16.     Because of the overly broad nature of these Interrogatories, it is not possible for Merck to anticipate all possible grounds for objection with respect to the particular requests set forth herein.  Merck reserves the right to supplement or correct these responses and to raise any additional objections deemed necessary and appropriate in light of the results of any further review.

## RESPONSES TO INDIVIDUAL INTERROGATORIES

Merck incorporates its General Objections into each of the responses that follow.  Any specific objections set forth in the responses are in addition to those objections and, unless otherwise specified, Merck's responses are limited in accordance with each of its objections.  To the extent Merck offers to produce confidential information or documents, Merck will only do so subject to and in reliance upon the protective order in this case.

## INTERROGATORY NO. 59:

Please state whether you have retained any Documents and Recordings (including witness statements, interviews or memoranda), referring or relating to the following interviews which were conducted by Debevoise and/or John Martin in connection with the investigation that culminated in the Martin Report:

a)   Any and all present any all Merck employees interviewed as identified in the attached "Exhibit 2".

b)   Any and all Former Merck employees denoted in "Exhibit 2" with a "*" next to their names. These witnesses include Marcia Avedon, Gregory Bell, M.D, David Blois, M.D, J. Martin Carroll, Brian Daniels, M.D., Wendy Dixon, M.D, Elliot Ehrich, M.D., Gregory Geba, M.D., Raymond Gilmartin, Bonnie Goldman, M.D., Douglas Greene, M.D., Michael Gresser, M.D., Peter Gruer, M.D., Kevin Horgan, M.D., Jennifer Ng, M.D., Steven Nichtberger, Alan Neis, M.D., Leonard Oppenheimer, M.D., Roger Perlmutter, M.D., Hui Quan, M.D., Scott Reines, M.D., Edward Scolnick, M.D., Elizabeth Seidenberg, M.D., Louis Sherwood, M.D., Steven Snappin, M.D., Reynold Spector, M.D., Kenneth Truitt, M.D., Ellen Westrick, George Williams, M.D., and John Yates, M.D.

c.)   Any and All persons identified in the Martin report as an Outside Consultants to Merck and Merck Directors that were interviewed and who are denoted in "Exhibit 2" with a "t" next to their names including: John Baron, M.D., David Bjorkman, MD, Lawrence Bossidy, William G. Bowen, M.D., Robert Bresalier, M.D., Desmond Fitzgerald, M.D., Garret FitzGerald, M.D., William N. Kelly, M.D., Marvin Konstam, M.D., John Oates, M.D., Carlo Patrono, M.D., Robert Sandler, M.D., Samuel Their, M.D., Michael Weinblatt, M.D, Scott Zeger, M.D.

## RESPONSE TO INTERROGATORY NO. 59:

Merck objects to this Interrogatory on the grounds that it seeks information protected by the attorney-client privilege and information relating to documents prepared by Merck's retained counsel in connection with their investigation protected by the attorney work product doctrine and/or the attorney-client privilege.  Merck objects further to this Interrogatory on the grounds that it seeks information that is neither relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Merck states that, to the extent that such

documents or information exist, it is producing responsive, non-objectionable, non-privileged

documents containing information responsive to this Interrogatory in response to Plaintiffs'

Request for Production No. 163, and Merck refers Plaintiffs to that Response and to any

documents produced pursuant thereto.

**INTERROGATORY NO. 60:**

For each of the interviews referred to in Interrogatory Number 1 (a), (b) and (c), please state the following:

a.)   The date(s) upon which each person was interviewed;

b.)   All persons present, their titles and their relationship (if any) to Merck;

c.)   The Subject matter of the statement(s);

d.)   A description of the document or recording which purports to summarize, describe or otherwise record the interview.

**RESPONSE TO INTERROGATORY NO. 60:**

Merck objects to this Interrogatory on the grounds that it seeks information protected by

the attorney-client privilege and information relating to documents prepared by Merck's retained

counsel in connection with their investigation protected by the attorney work product doctrine

and/or the attorney-client privilege.  Merck objects further to this Interrogatory on the grounds

that it seeks information that is neither relevant to the claims or defenses of any party or to the

subject matter involved in this action, nor reasonably calculated to lead to the discovery of

admissible evidence.

Subject to and without waiving its objections, Merck states that, to the extent that such

documents or information exist, it is producing responsive, non-objectionable, non-privileged

documents containing information responsive to this Interrogatory in response to Plaintiffs'

Request for Production No. 163, and Merck refers Plaintiffs to that Response and to any

documents produced pursuant thereto.

### INTERROGATORY NO. 61:

Please identify all Documents and Recordings (including witness statements, interviews or memoranda or letters), referring or relating to contacts or communications between Merck and/ or Devevoise[sic] and/or John S. Martin, Jr., and any of the following persons (or their agents or attorneys) who, it is stated on page 16 of the Martin report "were not willing to take the time" to talk to John S. Martin or Debevoise, including:

       a.)     Carolyn Cannusio, M.D;

       b.)     Laura Demopolous, M.D;

       c.)     Peter DiBattiste;

       d.)     Karen Grosser;

       e.)     Eve Slater;

       f.)     Rhonda Sperling.

### RESPONSE TO INTERROGATORY NO. 61:

Merck objects to this Interrogatory on the grounds that it seeks information protected by

the attorney-client privilege and information relating to documents prepared by Merck's retained

counsel in connection with their investigation protected by the attorney work product doctrine

and/or the attorney-client privilege.  Merck objects further to this Interrogatory on the grounds

that it seeks information that is neither relevant to the claims or defenses of any party or to the

subject matter involved in this action, nor reasonably calculated to lead to the discovery of

admissible evidence.

Subject to and without waiving its objections, Merck states that, to the extent that such documents or information exist, it is producing responsive, non-objectionable, non-privileged documents containing information responsive to this Interrogatory in response to Plaintiffs' Request for Production No. 164, and Merck refers Plaintiffs to that Response and to any documents produced pursuant thereto.

## INTERROGATORY NO. 62:

For every communications between Merck and/or Debevoise (including John Martin) and the "special counsel" whom the Special Committee retained to review documents that Merck alleges are protected by the attorney-client or work-product privileges as referred to in "footnote 6" to the Martin Report, please state or describe the following:

a.) The date(s) of the communications;

b.) The subject matter of the communications

c.) The person(s) who were privy to the communications, including their relationship, if any, to Merck;

d.) Any and all documents and recordings that were shared with or made available to the special committee.

## RESPONSE TO INTERROGATORY NO. 62:

Merck objects to this Interrogatory on the grounds that it seeks information protected by the attorney-client privilege and information relating to documents prepared by Merck's retained counsel in connection with their investigation protected by the attorney work product doctrine and/or the attorney-client privilege. Merck objects further to this Interrogatory on the grounds that it seeks information that is neither relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Merck states that, to the extent that such documents or information exist, it is producing responsive, non-objectionable, non-privileged documents containing information responsive to this Interrogatory in response to Plaintiffs' Request for Production No. 165, and Merck refers Plaintiffs to that Response and to any documents produced pursuant thereto.

**INTERROGATORY NO. 63:**

Please describe any and all communications with or communications between Merck (and its attorneys, including Kenneth Frazier and/or Theodore V.H. Mayer) and/or Debevoise and any public relations or other similar agency (Including Ogelvy, Burson-Marstellar and DDB and the Media Relations or Public Relations or Affairs department(s) at Merck) concerning the publication of the Martin Report..[sic] Please include in your answer the following:

a.) The dates of the communications;

b.) All persons who participated in, or were present at, the communications;

c.) The subject matter of the communication;

d.) The result of the communication

**RESPONSE TO INTERROGATORY NO. 63:**

Merck objects to this Interrogatory on the grounds that it seeks information protected by the attorney-client privilege and information relating to documents prepared by Merck's retained counsel in connection with their investigation and/or Merck's other counsel that are protected by the attorney work product doctrine and/or the attorney-client privilege. Merck objects further to this Interrogatory on the grounds that it seeks information that is neither relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Merck states that, to the extent that such documents or information exist, it is producing responsive, non-objectionable, non-privileged documents containing information responsive to this Interrogatory in response to Plaintiffs' Request for Production No. 165, and Merck refers Plaintiffs to that Response and to any documents produced pursuant thereto.

## INTERROGATORY NO. 64:

Please describe any and all communications with[sic] between Merck (including its attorneys) and any reporter or member of the press concerning the Martin Report. Please include in your answer the following:

   a.)   The dates of the communications;

   b.)   All persons who participated in, or who were present at, the communications;

   c.)   The subject matter of the communication;

   d.)   The result of the communication.

## RESPONSE TO INTERROGATORY NO. 64:

Merck objects further to this Interrogatory on the grounds that it seeks information that is neither relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Merck states that, to the extent that such documents or information exist, it is producing responsive, non-objectionable, non-privileged documents containing information responsive to this Interrogatory in response to Plaintiffs' Request for Production No. 168, and Merck refers Plaintiffs to that Response and to any documents produced pursuant thereto.

## INTERROGATORY NO. 65:

Please describe any communications which discusses the impact, if any, of the timing of the release of the Martin Report on the conduct of the case entitled *Robert G. Smith v. Merck, Inc* case No 05 CV 4379-L (E.D.La.)(Fallon, J.). Please include in your answer the following:

    a.)    The dates of the communications;

    b.)    All persons who participated in, or were present at, the communications;

    c.)    The subject matter of the communication;

    d.)    The result of the communication

## RESPONSE TO INTERROGATORY NO. 65:

Merck objects to this Interrogatory on the grounds that it seeks information protected by the attorney-client privilege and information relating to documents prepared by Merck's retained counsel in connection with their investigation and/or Merck's other counsel that are protected by the attorney work product doctrine and/or the attorney-client privilege. Merck objects further to this Interrogatory on the grounds that it seeks information that is neither relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Merck states that, to the extent that such documents or information exist, it is producing responsive, non-objectionable, non-privileged documents containing information responsive to this Interrogatory in response to Plaintiffs' Request for Production No. 169, and Merck refers Plaintiffs to that Response and to any documents produced pursuant thereto.

## INTERROGATORY NO. 66:

Please describe any informal meetings or communications between Debevoise and the Merck Special Committee or the Merck Board of Directors or any member thereof..[sic] Please include in your answer the following:

      a.)     The dates of the meeting or communications;

      b.)     All persons who participated in, or who were present at, the meeting or communications;

      c.)     The subject matter of the meeting or communication;

      d.)     The result of the meeting or communication

## RESPONSE TO INTERROGATORY NO. 66:

Merck objects to this Interrogatory on the grounds that it seeks information protected by the attorney-client privilege and information relating to documents prepared by Merck's retained counsel in connection with their investigation protected by the attorney work product doctrine and/or the attorney-client privilege. Merck objects further to this Interrogatory on the grounds that it seeks information that is neither relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Merck states that, to the extent that such documents or information exist, it is producing responsive, non-objectionable, non-privileged documents containing information responsive to this Interrogatory in response to Plaintiffs' Request for Production No. 173, and Merck refers Plaintiffs to that Response and to any documents produced pursuant thereto.

## INTERROGATORY NO. 67:

Please describe the "23 formal meetings" between Debevoise and the Special Committee as identified in the document entitled "Vioxx Investigation: Outline of Investigative Process" (attached hereto as "Exhibit 1") under the subsection entitled "Reporting." Please include in your answer the following:

a.)     The dates of the "formal meeting";

b.)     All persons who participated in each meeting;

c.)     The subject matter of each meeting;

d.)     The result of the communication

## RESPONSE TO INTERROGATORY NO. 67:

Merck objects to this Interrogatory on the grounds that it seeks information protected by the attorney-client privilege and information relating to documents prepared by Merck's retained counsel in connection with their investigation protected by the attorney work product doctrine and/or the attorney-client privilege.  Merck objects further to this Interrogatory on the grounds that it seeks information that is neither relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Merck states that, to the extent that such documents or information exist, it is producing responsive, non-objectionable, non-privileged documents containing information responsive to this Interrogatory in response to Plaintiffs' Request for Production No. 174, and Merck refers Plaintiffs to that Response and to any documents produced pursuant thereto.

## INTERROGATORY NO. 68:

Please describe the "frequent" meetings between Debevoise and "Dr. Bowen, Chairman of the Special Committee" as identified in the document entitled "Vioxx Investigation: Outline of Investigative Process" (attached hereto as "Exhibit 1") under the subsection entitled "Reporting." Please include in your answer the following:

a.) The dates of the meting[sic];

b.) All persons who participated in, or were present at, the meeting;

c.) The subject matter of the meeting;

d.) The result of the meeting

## RESPONSE TO INTERROGATORY NO. 68:

Merck objects to this Interrogatory on the grounds that it seeks information protected by the attorney-client privilege and information relating to documents prepared by Merck's retained counsel in connection with their investigation protected by the attorney work product doctrine and/or the attorney-client privilege. Merck objects further to this Interrogatory on the grounds that it seeks information that is neither relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Merck states that, to the extent that such documents or information exist, it is producing responsive, non-objectionable, non-privileged documents containing information responsive to this Interrogatory in response to Plaintiffs' Request for Production No. 175, and Merck refers Plaintiffs to that Response and to any documents produced pursuant thereto.

**INTERROGATORY NO. 69:**

Please describe all "periodic" meetings between Debevoise and Drs. Their and Kelly as identified in the document entitled "Vioxx Investigation: Outline of Investigative Process" (attached hereto as "Exhibit 1") under the subsection entitled "Reporting." Please include in your answer the following:

    a.)    The dates of the meetings;

    b.)    All persons who participated in, or were present at, the meeting;

    c.)    The subject matter of the meeting;

    d.)    The result of the meeting

**RESPONSE TO INTERROGATORY NO. 69:**

Merck objects to this Interrogatory on the grounds that it seeks information protected by the attorney-client privilege and information relating to documents prepared by Merck's retained counsel in connection with their investigation protected by the attorney work product doctrine and/or the attorney-client privilege. Merck objects further to this Interrogatory on the grounds that it seeks information that is neither relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Merck states that, to the extent that such documents or information exist, it is producing responsive, non-objectionable, non-privileged documents containing information responsive to this Interrogatory in response to Plaintiffs' Request for Production No. 176, and Merck refers Plaintiffs to that Response and to any documents produced pursuant thereto.

## INTERROGATORY NO. 70:

Please state the total amount of money billed by Debevoise for work or services related to the Martin Report.

## RESPONSE TO INTERROGATORY NO. 70:

Merck objects to this Interrogatory on the grounds that it seeks information protected by the attorney-client privilege and information relating to documents prepared by Merck's retained counsel in connection with their investigation protected by the attorney work product doctrine and/or the attorney-client privilege. Merck objects further to this Interrogatory on the grounds that it seeks information that is neither relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Based on its objections, Merck will not respond further to this Interrogatory.

## INTERROGATORY NO. 71:

Please describe all communications between Kenneth Frazier and John S. Martin since 2004. Please include in your answer the following:

a.)   The dates of the communications;

b.)   All persons who participated in, or were present at, the communications;

c.)   The subject matter of the communication;

d.)   The result of the communication

## RESPONSE TO INTERROGATORY NO. 71:

Merck objects to this Interrogatory on the grounds that it seeks information protected by the attorney-client privilege and information relating to documents prepared by Merck's retained counsel in connection with their investigation protected by the attorney work product doctrine

and/or the attorney-client privilege. Merck objects further to this Interrogatory on the grounds

that it seeks information that is neither relevant to the claims or defenses of any party or to the

subject matter involved in this action, nor reasonably calculated to lead to the discovery of

admissible evidence. Based on its objections, Merck will not respond further to this

Interrogatory.

**INTERROGATORY NO. 72:**

Please describe any communications between Theodore V.H. Mayer and John Martin and/or Debevoise since 2004. Please include in your answer the following:

a.) The dates of the communications;

b.) All persons who participated in, or were present at, the communications;

c.) The subject matter of the communication;

d.) The result of the communication

**RESPONSE TO INTERROGATORY NO. 72:**

Merck objects to this Interrogatory on the grounds that it seeks information protected by

the attorney-client privilege and information relating to documents prepared by Merck's retained

counsel in connection with their investigation protected by the attorney work product doctrine

and/or the attorney-client privilege. Merck objects further to this Interrogatory on the grounds

that it seeks information that is neither relevant to the claims or defenses of any party or to the

subject matter involved in this action, nor reasonably calculated to lead to the discovery of

admissible evidence. Based on its objections, Merck will not respond further to this

Interrogatory.

Respectfully submitted,


s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN
L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

838255v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Responses and Objections has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B on this 6th day of November, 2006.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

804313v.1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

```
------------------------------------------------ x
                                                 :      MDL NO. 1657
                                                 :
                                                 :
IN RE: VIOXX                                     :      SECTION: L
        PRODUCTS LIABILITY LITIGATION            :
                                                 :      JUDGE FALLON
                                                 :
                                                 :      MAG. JUDGE KNOWLES
------------------------------------------------ x
THIS DOCUMENT RELATES TO ALL CASES               :
------------------------------------------------ x
```

## VERIFICATION OF ROBERT E. SILVERMAN

Dr. Robert Silverman, being first duly sworn, deposes and says:

1.     I am Executive Director, Worldwide Regulatory Affairs, Merck Research Laboratories, Merck & Co., Inc. ("Merck").

2.     I hereby sign Merck & Co., Inc.'s Responses and Objections to Plaintiff Steering Committee's Third Set of Interrogatories ("Responses") for and on behalf of Merck.

3.     The information set forth in Merck's Responses was gathered and collected by persons regularly in the employ of Merck and by its attorneys from various sources of information, including records and files kept by Merck in the regular and ordinary course of its business.

4.     The persons who have gathered and correlated this material have reported to me that the Response truly and correctly reflect the information gathered in the contents of the records with respect to the subject matter of the Responses.

Wherefore, I state that the Responses are true and correct according to the records and the information transmitted to me as described herein.

By: _____

Robert E. Silverman

Sworn to and subscribed before me this
6th day of November, 2006

_____
Notary Public

My Commission Expires: _4-29-2008_

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JENNIFER JOY Notary Public
Whitpain Twp. Montgomery County
My Commission Expires April 29, 2008

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ------------------------------------------------------------- | x | |
| | : | MDL NO. 1657 |
| | : | |
| IN RE: VIOXX | : | SECTION: L |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | JUDGE FALLON |
| | : | |
| | : | MAG. JUDGE KNOWLES |
| ------------------------------------------------------------- | x | |
| THIS DOCUMENT RELATES TO ALL CASES | : | |
| ------------------------------------------------------------- | x | |

## MERCK & CO., INC.'S RESPONSES AND OBJECTIONS TO
## PLAINTIFF STEERING COMMITTEE'S THIRD REQUEST FOR PRODUCTION

Merck & Co., Inc. ("Merck"), by and through its attorneys, responds and objects to

Plaintiff's Second Request for Production (the "Requests") as follows:

## GENERAL OBJECTIONS

1.      Merck objects to these Requests to the extent they are vague, ambiguous,

argumentative, unreasonably cumulative or duplicative, overly broad, unduly burdensome or

oppressive, or seek information or documents that are not relevant to the claims or defenses of

any party or to the subject matter involved in this action, nor reasonably calculated to lead to the

discovery of admissible evidence.  Merck further objects to these Requests to the extent they

seek information or documents, or otherwise purport to impose obligations upon Merck, beyond

those permitted by the Federal Rules of Civil Procedure and/or court orders entered in this case.

2.      Merck objects to these Requests to the extent they seek information or documents

that are protected from discovery by the attorney-client privilege, the work product doctrine, or

that are otherwise immune or protected from disclosure.  Merck does not intend to waive any applicable protections or privileges through the supplying of information or production of documents in response to these Requests.  On the contrary, Merck specifically intends to preserve any and all applicable protections or privileges.

3.      Inadvertent production of any document shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such document or any other document, or with respect to the subject matter thereof or the information contained therein; nor shall such inadvertent production waive Merck's right to demand that such documents be returned or to object to the use of the document or the information contained therein during this or any other proceeding.

4.      Merck objects to these Requests to the extent they seek information or documents generated in the course of the defense of this action or any other action regarding Vioxx®.  Merck will not produce such information or documents.

5.      Merck objects to these Requests as overly broad and unduly burdensome to the extent they call for the identification of "all" documents or "any and all" documents when all relevant facts can be obtained from fewer than "all" documents or "any and all" documents.  Merck objects further to these Requests to the extent they seek documents other than those that can be located upon a search of files where such documents reasonably can be expected to be found.  Merck does not consider as Vioxx documents and does not generally produce those documents that primarily relate to another Merck drug, that describe general Merck operating procedures and practices, or that are company-wide or divisional budgets, forecasts,

838086v 1

departmental evaluations and documents setting forth departmental goals, human resource allocations, and the like, although the documents may have Vioxx references.

6.      Merck objects to these Requests as overly broad, unduly burdensome and oppressive, and as seeking information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence, to the extent they seek information or documents:

a.      Pertaining to Merck products other than Vioxx (by whatever name it is known, including L-748,731 and MK-966), the product allegedly ingested (however, this objection does not apply to information about another drug that is necessary to understand something about Vioxx, such as where the other drug is being used as a comparator in a Vioxx study or to documents regarding a competing NSAID manufactured by another company or to documents that discuss NSAIDs generally); or

b.      Pertaining to alleged adverse experiences associated with Vioxx other than those claimed; or

c.      Pertaining to promotion or advertising other than that allegedly relied upon.

Except where otherwise indicated, Merck will not produce such information or documents.

7.      Merck objects to these Requests to the extent they seek Merck's chemistry and manufacturing control information on the grounds that such information is highly confidential and proprietary, consists of trade secrets and is not relevant to the claims or defenses of any party

- 3 -

or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Merck will not produce such information.

8.     Merck objects to these Requests to the extent they seek any other confidential or proprietary information or trade secrets.  Merck will only produce such other confidential or proprietary information or trade secrets, if relevant, subject to and in reliance upon the protective order in this case, and in some cases, only with additional confidentiality protections.  In accordance with this objection, Merck notes that for a limited number of high-level documents, such as Board and certain committee minutes, and for certain members of senior management, Merck redacts as irrelevant any information that is not Vioxx-specific.

9.     Merck objects to these Requests as overly broad and unduly burdensome to the extent they purport to seek information or documents without regard to a specific timeframe or date cut-off.  The production of such information or documents shall be subject to and without waiver of any of the objections stated herein, and shall not be deemed to be an admission on the part of Merck that such information or documents are either relevant or admissible.  Indeed, Merck specifically notes that information or documents generated after the last alleged ingestion of Vioxx are unlikely to be relevant or admissible at the trial of this matter.

10.    Merck objects to these Requests as improper to the extent they seek the production of documents and/or data exceeding the scope of the Court's prior rulings concerning foreign Vioxx information.  Specifically Merck objects to any Request that calls for information or documents relating to Merck's business or practices outside of the fifty United States and the District of Columbia, such as the sale, marketing, competitive landscape, or regulation of Vioxx in foreign countries, including regulatory submissions to foreign agencies.  Except where

838086v.1

otherwise indicated, Merck's responses will be limited to information and documents about its business or practices in the fifty United States and the District of Columbia. This objection does not include: (1) documents (other than submissions to foreign agencies and correspondence about those submissions) that contain Vioxx science or report on scientific studies, regardless of where in the world the studies were conducted; (2) documents concerning scientific presentations about Vioxx made at medical conferences held outside the United States, such as EULAR; (3) information about adverse experiences reported to have occurred outside the United States; or (4) foreign regulatory documents if Merck also submitted them to the FDA, such as the periodic safety update reports. Additionally, Merck will not redact foreign information relating to Vioxx from the documents it is producing, except where necessary to protect trade secrets or to preserve other objections. Merck objects to producing documents other than as forth above.

11.     Merck objects to these Requests to the extent they seek personnel files, self-evaluations, evaluations by others, documents regarding promotions, financial disclosures or other information such as social security numbers, computer passwords, home telephone numbers and other private information, on the grounds that disclosure would invade the privacy rights of the individuals affected and would be irrelevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Merck will not produce such documents or information. Merck further objects to these Requests to the extent they purport to require Merck to disclose the identity of any individual who allegedly experienced an adverse reaction to Vioxx or who reported such a reaction on the ground that such disclosure would violate the patient or reporter's right to confidentiality under federal law. Pursuant to 21 C.F.R. §§ 312.130, 314.430(e) and 20.63(f), Merck will redact from any document produced in this litigation names and any information that

- 5 -

would identify the person using the product and names and any information that would identify any third party involved with the report, such as a physician, hospital or other institution.

12.    Merck objects to these Requests to the extent they call for information or documents regarding adverse experiences allegedly caused by Vioxx. Pursuant to 21 C.F.R. §§ 312.32 and 314.80, Merck collects information on adverse experiences that are temporally associated with a patient's treatment with Vioxx and reports those adverse experiences to the FDA without regard to whether Vioxx causes such adverse experiences. The reporting of an adverse experience does not reflect a conclusion by Merck or the FDA that Vioxx caused or contributed to the experience.

13.    Merck objects to these Requests to the extent they purport to require Merck to provide a compilation, abstract, audit, and/or other document summary that does not currently exist.

14.    Merck objects to these Requests to the extent they call for information or documents that are outside of Merck's possession, custody or control; in the possession of third parties; and/or in the public domain or otherwise obtainable from some other source that is more convenient, less burdensome or less expensive.

15.    Merck is responding to these Requests without waiving or intending to waive, but on the contrary, preserving and intending to preserve: (a) the right to object, on the grounds of competency, privilege, relevance, or materiality, or any other proper grounds, to the use of such documents or information for any purpose, in whole or in part, in any subsequent proceedings, in this action or in any other action; (b) the right to object on all grounds, at any time, to document requests, interrogatories, or other discovery procedures involving or relating to the subject of

- 6 -

these Requests to which Merck has responded herein; and (c) the right at any time to revise, correct, add to or clarify any of the answers made herein.

16.     Merck objects to these Requests to the extent they seek documents or information related to ARCOXIA®.  Productions of Arcoxia-related documents in this matter have been the subject of negotiated order subsequently entered by the Court, and Merck will not produce such documents except as called for by that order.  Merck also objects to any request for the production of information regarding current, planned, or future studies, on the grounds that such discovery could impair Merck's ability to conduct such studies and cause injury to Merck's business interests, particularly where final decisions have yet to be made.  Merck objects generally to any request for studies not limited to relevant Vioxx-related clinical or pre-clinical studies.

17.     Because of the overly broad nature of these Requests, it is not possible for Merck to anticipate all possible grounds for objection with respect to the particular request set forth herein.  Merck reserves the right to supplement or correct these responses and to raise any additional objections deemed necessary and appropriate in light of the results of any further review.

## PRODUCTION OF DOCUMENTS

Subject to and in reliance on the protective order in this case, and in some cases, additional confidentiality protections, Merck will produce any responsive, non-objectionable documents on CD-ROMs, portable hard drive or other electronic format as ".tiff" images, together with an associated IPRO "load" file.  Merck reserves the right to seek reimbursement for costs associated with the production of documents.

- 7 -

The documents Merck is producing from an individual's files consist of those non-objectionable Vioxx documents located upon a search of that individual's (1) paper files likely to contain Vioxx documents, (2) e-mail, and (3) electronic documents from the individual's desktop computers and network "home" drives, but not other shared drives or databases to which the individual may have access. With respect to categories (2) and (3), Merck has collected electronic documents from the individual's files or folders reasonably believed to contain Vioxx documents and those electronic documents from the individual's other files or folders found in a search designed to select Vioxx documents. Merck collects and converts to .tiff format electronic documents in any of over 490 file types of graphics, PDF, presentation, projects, spreadsheet, text, web page, and word processing documents. These include the most common file types, such as Adobe Acrobat and Microsoft Word, Excel, and PowerPoint files as well as many lesser-known file types. However, Merck cannot convert to .tiff format certain electronic file types such as database files, including Microsoft Access and certain SAS files, Microsoft Outlook calendars, and embedded documents within Microsoft Word files. Merck excludes from production or redacts certain categories of documents as outside the scope of permissible discovery as described in its general and specific objections.

Merck also redacts information generated by an automatically updating field, such as an auto-date, because the information that would appear on the printed page is unrelated to anything the owner of the document would have ever seen.

## RESPONSES TO INDIVIDUAL REQUESTS FOR PRODUCTION

Merck incorporates its General Objections into each of the responses that follow. Any specific objections set forth in the responses are in addition to those objections and, unless otherwise specified, Merck's responses are limited in accordance with each of its objections. To

- 8 -

the extent Merck offers to produce confidential information or documents, Merck will only do so

subject to and in reliance upon the protective order in this case.

## REQUEST FOR PRODUCTION NO. 163:

**Please produce all Documents and Recordings (including witness statements, interviews or memoranda), referring or relating to the following interviews which were conducted by Debevoise and/or John Martin in connection with the investigation that culminated in the Martin Report:**

a) **Any and all present any all[sic] Merck employees interviewed as identified in the attached "Exhibit 1".**

b) **Any and all Former Merck employees denoted in "Exhibit 2" with a "***" next to their names. These witnesses include Marcia Avedon, Gregory Bell, M.D, David Blois, M.D, J. Martin Carroll, Brian Daniels, M.D., Wendy Dixon, M.D, Elliot Ehrich, M.D., Gregory Geba, M.D., Raymond Gilmartin, Bonnie Goldman, M.D., Douglas Greene, M.D., Michael Gresser, M.D., Peter Gruer, M.D., Kevin Horgan, M.D., Jennifer Ng, M.D., Steven Nichtberger, Alan Neis, M.D., Leonard Oppenheimer, M.D., Roger Perlmutter, M.D., Hui Quan, M.D., Scott Reines, M.D., Edward Scolnick, M.D., Elizabeth Seidenberg, M.D., Louis Sherwood, M.D., Steven Snappin, M.D., Reynold Spector, M.D., Kenneth Truitt, M.D., Ellen Westrick, George Williams, M.D., and John Yates, M.D.**

c.) **Any and All persons identified in the Martin report as an Outside Consultants to Merck and Merck Directors that were interviewed and who are denoted in "Exhibit 2" with a "t" next to their names including: John Baron, M.D., David Bjorkman, MD, Lawrence Bossidy, William G. Bowen, M.D., Robert Bresalier, M.D., Desmond Fitzgerald, M.D., Garret FitzGerald, M.D., William N. Kelly, M.D., Marvin Konstam, M.D., John Oates, M.D., Carlo Patrono, M.D., Robert Sandler, M.D., Samuel Their, M.D., Michael Weinblatt, M.D, Scott Zeger, M.D.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 163:

Merck objects to this Request on the grounds that it seeks documents protected by the

attorney-client privilege and documents prepared by Merck's retained counsel in connection with

their investigation protected by the attorney work product doctrine and/or the attorney-client

privilege. Merck objects further to this Request on the grounds that it seeks documents or

information that are neither relevant to the claims or defenses of any party or to the subject

- 9 -

matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, to the extent that there are any responsive, non-objectionable, non-privileged documents, Merck will produce them.  Merck will produce a log of documents withheld on attorney-client privilege and/or attorney work product grounds.

### REQUEST FOR PRODUCTION NO. 164:

**Please produce all Documents and Recordings (including witness statements, interviews or memoranda or letters), referring or relating to contacts or communications between Merck and/or Devevoise[sic] and/or John S. Martin, Jr., and any of the following persons (or their agents or attorneys) who, it is stated on page 16 of the Martin report "were not willing to take the time" to talk to John S. Martin or Debevoise, including:**

        **a.)**    **Carolyn Cannusio, M.D.;**

        **b.)**    **Laura Demopolous, M.D;**

        **c.)**    **Peter DiBattiste;**

        **d.)**    **Karen Grosser;**

        **e.)**    **Eve Slater;**

        **f.)**    **Rhonda Sperling.**

### RESPONSE TO REQUEST FOR PRODUCTION NO. 164:

Merck objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege and documents prepared by Merck's retained counsel in connection with their investigation protected by the attorney work product doctrine and/or the attorney-client privilege.  Merck objects further to this Request on the grounds that it seeks documents or information that are neither relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

- 10 -

Subject to and without waiving its objections, to the extent that there are any responsive, non-objectionable, non-privileged documents, Merck will produce them. Merck will produce a log of documents withheld on attorney-client privilege and/or attorney work product grounds.

## REQUEST FOR PRODUCTION NO. 165:

**Any and all documents or recordings referencing communications with or Communications between Merck and/or Debevoise (including John Martin) and the "special counsel" whom the Special Committee retained to review documents that Merck alleges are protected by the attorney-client or work-product privileges as referred to in "footnote 6" to the Martin Report.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 165:

Merck objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege and documents prepared by Merck's retained counsel in connection with their investigation protected by the attorney work product doctrine and/or the attorney-client privilege. Merck objects further to this Request on the grounds that it seeks documents or information that are neither relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, to the extent that there are any responsive, non-objectionable, non-privileged documents, Merck will produce them. Merck will produce a log of documents withheld on attorney-client privilege and/or attorney work product grounds.

## REQUEST FOR PRODUCTION NO. 166:

**Any and all documents that Merck identified as being protected by the attorney-client privilege or work-product privilege that was identified in footnote 6 of the Martin Report as having been reviewed by the "special counsel." (For any documents that Merck still claims privilege, you may produce a privilege log that comports with the requirements of the United States Court of Appeals for the Fifth Circuit and the United States District Court for the Eastern District of Louisiana)[sic]**

- 11 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 166:**

Merck objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege and documents prepared by Merck's retained counsel in connection with their investigation protected by the attorney work product doctrine and/or the attorney-client privilege. Merck objects further to this Request on the grounds that it seeks documents or information that are neither relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, to the extent that there are any responsive, non-objectionable, non-privileged documents, Merck will produce them. Merck will produce a log of documents withheld on attorney-client privilege and/or attorney work product grounds.

**REQUEST FOR PRODUCTION NO. 167:**

**Any and all documents or recordings referencing communications with or Communications between Merck (and its attorneys, including Kenneth Frazier and/or Theodore V.H. Mayer) and/or Debevoise and any public relations or other similar agency (Including Ogelvy, Burson-Marstellar and DDB and the Media Relations or Public Relations or Affairs department(s) at Merck) concerning the publication of the Martin Report.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 167:**

Merck objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege and documents prepared by Merck's retained counsel in connection with their investigation and/or Merck's other counsel that are protected by the attorney work product doctrine and/or the attorney-client privilege. Merck objects further to this Request on the grounds that it seeks documents or information that are neither relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

- 12 -

Subject to and without waiving its objections, to the extent that there are any responsive, non-objectionable, non-privileged documents, Merck will produce them.  Merck will produce a log of documents withheld on attorney-client privilege and/or attorney work product grounds.

## REQUEST FOR PRODUCTION NO. 168:

**Any and all documents or recordings referencing communications with between Merck (including its attorneys) and any reporter or member of the press concerning the Martin Report.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 168:

Merck objects further to this Request on the grounds that it seeks documents or information that are neither relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, to the extent that there are any responsive, non-objectionable documents, Merck will produce them.

## REQUEST FOR PRODUCTION NO. 169:

**Any document or recording which discusses the impact, if any, of the timing of the release of the Martin Report on the conduct of the case entitled *Robert G. Smith v. Merck, Inc* case No 05 CV 4379-L (E.D.La.)(Fallon, J).**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 169:

Merck objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege and documents prepared by Merck's retained counsel in connection with their investigation and/or Merck's other counsel that are protected by the attorney work product doctrine and/or the attorney-client privilege.  Merck objects further to this Request on the grounds that it seeks documents or information that are neither relevant to the claims or defenses

- 13 -

of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, to the extent that there are any responsive, non-objectionable, non-privileged documents, Merck will produce them. Merck will produce a log of documents withheld on attorney-client privilege and/or attorney work product grounds.

## REQUEST FOR PRODUCTION NO. 170:

**Any document or recording which refers or relates to the timing of the release of the Martin Report.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 170:

Merck objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege and documents prepared by Merck's retained counsel in connection with their investigation and/or Merck's other counsel that are protected by the attorney work product doctrine and/or the attorney-client privilege. Merck objects further to this Request on the grounds that it seeks documents or information that are neither relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, to the extent that there are any responsive, non-objectionable, non-privileged documents, Merck will produce them. Merck will produce a log of documents withheld on attorney-client privilege and/or attorney work product grounds.

## REQUEST FOR PRODUCTION NO. 171:

**Any and all drafts, edits, reviews, commentaries of the draft Martin report, including any comments or suggestions made by Merck, The Merck Board or directors or Merck's attorneys[sic]**

- 14 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 171:**

Merck objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege and documents prepared by Merck's retained counsel in connection with their investigation and/or Merck's other counsel that are protected by the attorney work product doctrine and/or the attorney-client privilege. Merck objects further to this Request on the grounds that it seeks documents or information that are neither relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, to the extent that there are any responsive, non-objectionable, non-privileged documents, Merck will produce them. Merck will produce a log of documents withheld on attorney-client privilege and/or attorney work product grounds.

**REQUEST FOR PRODUCTION NO. 172:**

**Any and all documents or recordings referring to the retention of Debevoise and/or John S. Martin, Jr. for the Conduct of the investigation leading to the publication of the Martin Report.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 172:**

Merck objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege and documents prepared by Merck's retained counsel in connection with their investigation and/or Merck's other counsel that are protected by the attorney work product doctrine and/or the attorney-client privilege. Merck objects further to this Request on the grounds that it seeks documents or information that are neither relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

- 15 -

Subject to and without waiving its objections, to the extent that there are any responsive, non-objectionable, non-privileged documents, Merck will produce them.  Merck will produce a log of documents withheld on attorney-client privilege and/or attorney work product grounds.

### REQUEST FOR PRODUCTION NO. 173:

Any and all documents or recordings referring to or relating to any informal meetings or communications between Debevoise and the Merck Special Committee or the Merck Board of Directors or any member thereof.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 173:

Merck objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege and documents prepared by Merck's retained counsel in connection with their investigation protected by the attorney work product doctrine and/or the attorney-client privilege.  Merck objects further to this Request on the grounds that it seeks documents or information that are neither relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, to the extent that there are any responsive, non-objectionable, non-privileged documents, Merck will produce them.  Merck will produce a log of documents withheld on attorney-client privilege and/or attorney work product grounds.

### REQUEST FOR PRODUCTION NO. 174:

Any and all documents or recordings referring to or relating to the 23 formal meetings or between Debevoise and the Special Committee as identified in the document entitled "Vioxx Investigation: Outline of Investigative Process" (attached hereto as Exhibit 1) under the subsection entitled "Reporting".

**RESPONSE TO REQUEST FOR PRODUCTION NO. 174:**

Merck objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege and documents prepared by Merck's retained counsel in connection with their investigation protected by the attorney work product doctrine and/or the attorney-client privilege. Merck objects further to this Request on the grounds that it seeks documents or information that are neither relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, to the extent that there are any responsive, non-objectionable, non-privileged documents, Merck will produce them. Merck will produce a log of documents withheld on attorney-client privilege and/or attorney work product grounds.

**REQUEST FOR PRODUCTION NO. 175:**

**Any and all documents or recordings referring to or relating to the "frequent" meetings between Debevoise and "Dr. Bowen, Chairman of the Special Committee" as identified in the document entitled "Vioxx Investigation: Outline of Investigative Process" (attached hereto as "Exhibit 1") under the subsection entitled "Reporting."**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 175:**

Merck objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege and documents prepared by Merck's retained counsel in connection with their investigation protected by the attorney work product doctrine and/or the attorney-client privilege. Merck objects further to this Request on the grounds that it seeks documents or information that are neither relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

- 17 -

Subject to and without waiving its objections, to the extent that there are any responsive, non-objectionable, non-privileged documents, Merck will produce them.  Merck will produce a log of documents withheld on attorney-client privilege and/or attorney work product grounds.

**REQUEST FOR PRODUCTION NO. 176:**

Any and all documents or recordings referring to or relating to the "periodic" meetings between Debevoise and Drs. Their and Kelly as identified in the document entitled "Vioxx Investigation: Outline of Investigative Process" (attached hereto as "Exhibit 1") under the subsection entitled "Reporting."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 176:**

Merck objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege and documents prepared by Merck's retained counsel in connection with their investigation protected by the attorney work product doctrine and/or the attorney-client privilege.  Merck objects further to this Request on the grounds that it seeks documents or information that are neither relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, to the extent that there are any responsive, non-objectionable, non-privileged documents, Merck will produce them.  Merck will produce a log of documents withheld on attorney-client privilege and/or attorney work product grounds.

**REQUEST FOR PRODUCTION NO. 177:**

Any and all billing statements submitted by Debevoise to Merck and payments made by Merck to Debevoise for any and all work performed on the Martin Investigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 177:**

Merck objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege and documents prepared by Merck's retained counsel in connection with

838086v 1

their investigation protected by the attorney work product doctrine and/or the attorney-client privilege. Merck objects further to this Request on the grounds that it seeks documents or information that are neither relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Based on its objections, Merck states that it will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 178:**

**Any and all documents pertaining to the retention of Debevoise by Merck for any reason for the past ten (10) years, including the retention agreement relating to the Martin report.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 178:**

Merck objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege and documents prepared by Merck's retained counsel in connection with their investigation and/or Merck's other counsel that are protected by the attorney work product doctrine and/or the attorney-client privilege. Merck objects further to this Request on the grounds that it seeks documents or information that are neither relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, to the extent that there are any responsive, non-objectionable, non-privileged documents, Merck will produce them. Merck will produce a log of documents withheld on attorney-client privilege and/or attorney work product grounds.

**REQUEST FOR PRODUCTION NO. 179:**

**Any and all documents or recordings relating to communications between Debevoise and any consultant or proposed consultant, including R. Wayne Alexander, MD, Nancy L. Buc, Esq., Ralph B. D'Augustino, M.D. and Michael Pencina, M.D.**

- 19 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 179:**

Merck objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege and documents prepared by Merck's retained counsel in connection with their investigation protected by the attorney work product doctrine and/or the attorney-client privilege. Merck objects further to this Request on the grounds that it seeks documents or information that are neither relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, to the extent that there are any responsive, non-objectionable, non-privileged documents, Merck will produce them. Merck will produce a log of documents withheld on attorney-client privilege and/or attorney work product grounds.

**REQUEST FOR PRODUCTION NO. 180:**

**Any and all documents or recordings relating to or referring to the "investigations by the SEC, The DOJ, the FDA and three Congressional Committees" as identified on page 12 of the Martin report. (Note: You may exclude from production all transcripts of hearings and documents referred to in those hearings).**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 180:**

Merck objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege and documents prepared by Merck's retained counsel in connection with their investigation protected by the attorney work product doctrine and/or the attorney-client privilege. Merck objects further to this Request on the grounds that it seeks documents or information that are neither relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

838086v.1

Subject to and without waiving its objections, to the extent that there are any responsive, non-objectionable, non-privileged documents, Merck will produce them. Merck will produce a log of documents withheld on attorney-client privilege and/or attorney work product grounds.

## REQUEST FOR PRODUCTION NO. 181:

**Any document or recording produced to you in connection with "Government and Congressional subpoenas" that have not been produced in response to requests by civil plaintiffs as referred to on page 12 of the Martin Report.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 181:

Merck believes that this Request was intended to seek documents produced <u>by</u> Merck, as opposed to documents produced <u>to</u> Merck, in connection with Government and Congressional subpoenas, and, thus Merck will respond to this Request accordingly. Merck objects to this Request on the grounds that it seeks documents or information that are neither relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Specifically, Merck objects to the production of certain documents produced to the SEC, including internal, non-public reports, financial analyses, and projections provided to Board of Director and other non-public documents relating to financial performance from the files of senior executives, and documents pertaining to Merck's financial performance on a company-wide or divisional basis, on the grounds that such documents are not relevant in that they do not relate specifically to Vioxx. Merck objects further to this Request on the grounds that it improperly seeks production of documents produced pursuant to a government subpoena in that such could reveal the nature and conduct of an ongoing criminal investigation. Merck objects further to this Request to the extent that it seeks documents protected by the attorney-client privilege and documents prepared by

838086v.1

Merck's retained counsel protected by the attorney work product doctrine and/or attorney-client privilege.

Subject to and without waiving its objections, Merck states that it will produce responsive, non-objectionable, non-privileged documents.  Merck further states that it has produced to plaintiffs documents that Merck provided to Debevoise that Merck had previously produced to Congress.

**REQUEST FOR PRODUCTION NO. 182:**

**Any and all documents and records regarding the decision to release the Martin Report to the Shareholders and the Public.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 182:**

Merck objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege and documents prepared by Merck's retained counsel in connection with their investigation protected by the attorney work product doctrine and/or the attorney-client privilege.  Merck objects further to this Request on the grounds that it seeks documents or information that are neither relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, to the extent that there are any responsive, non-objectionable, non-privileged documents, Merck will produce them.  Merck will produce a log of documents withheld on attorney-client privilege and/or attorney work product grounds.

**REQUEST FOR PRODUCTION NO. 183:**

**Any and all documents or recordings which refer or related to each of the 27 "allegations" contained in the Martin Report, including any preliminary legal opinions concerning these allegations[sic]**

- 22 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 183:**

Merck objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege and documents prepared by Merck's retained counsel protected by the attorney work product doctrine and/or attorney-client privilege. Merck will produce a log of documents withheld on attorney-client privilege and/or attorney work product grounds. Based on its objections, Merck states that it will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 184:**

**Any and all documents or recordings which refer or relate to any communications between Kenneth Frazier and John S. Martin since 2004.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 184:**

Merck objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege and documents prepared by Merck's retained counsel in connection with their investigation protected by the attorney work product doctrine and/or the attorney-client privilege. Merck objects further to this Request on the grounds that it seeks documents or information that are neither relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Based on its objections, Merck states that it will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 185:**

**And all documents or recordings which refer or relate to any communication between Theodore V.H. Mayer and John Martin and/or Debevoise since 2004.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 185:**

Merck objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege and documents prepared by Merck's retained counsel in connection with

- 23 -

their investigation protected by the attorney work product doctrine and/or the attorney-client privilege. Merck objects further to this Request on the grounds that it seeks documents or information that are neither relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Based on its objections, Merck states that it will not produce documents in response to this Request.

Defendant Merck & Co., Inc. hereby reserves its right to amend and/or supplement these responses.

Respectfully submitted,

/s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361

Defendants' Liaison Counsel

- 24 -

838086v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Merck & Co., Inc.'s Responses and Objections to Plaintiff Steering Committee's Third Request for Production has been served on Liaison Counsel, Russ Herman and Phillip Wittmann by U.S. Mail and e-mail, upon plaintiff's counsel Grant Kaiser and Drew Ranier by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, on this 6th day of November, 2006.

*/s/ Dorothy H. Wimberly*

- 25 -

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

```
------------------------------------------------  x
                                                   :        MDL NO. 1657
                                                   :
IN RE: VIOXX                                       :        SECTION: L
        PRODUCTS LIABILITY LITIGATION              :
                                                   :        JUDGE FALLON
                                                   :
                                                   :        MAG. JUDGE KNOWLES
------------------------------------------------  x
THIS DOCUMENT RELATES TO ALL CASES                 x
------------------------------------------------  x
```

## VERIFICATION OF ROBERT E. SILVERMAN

Dr. Robert Silverman, being first duly sworn, deposes and says:

1.      I am Executive Director, Worldwide Regulatory Affairs, Merck Research Laboratories, Merck & Co., Inc. ("Merck").

2.      I hereby sign Merck & Co., Inc.'s Responses and Objections to Plaintiff Steering Committee's Third Set of Interrogatories ("Responses") for and on behalf of Merck.

3.      The information set forth in Merck's Responses was gathered and collected by persons regularly in the employ of Merck and by its attorneys from various sources of information, including records and files kept by Merck in the regular and ordinary course of its business.

4.      The persons who have gathered and correlated this material have reported to me that the Response truly and correctly reflect the information gathered in the contents of the records with respect to the subject matter of the Responses.

Wherefore, I state that the Responses are true and correct according to the records and the information transmitted to me as described herein.

By: _____
                              Robert E. Silverman

Sworn to and subscribed before me this
6th day of November, 2006

_____
        Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JENNIFER JOY Notary Public
Whitpain Twp. Montgomery County
My Commission Expires April 29, 2008

My Commission Expires: 4-29-2008