UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | * * * * * * * * * * * * | MDL No. 1657<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE DANIEL E. KNOWLES, III |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Woodrow M. Brimberry, et al. v. Merck & Co., Inc.,*
**Case No. 06-6802.**

### ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel,

answers the Plaintiffs' Complaint as follows:

### RESPONSE TO COMPLAINT

### RESPONSE TO
### "PRELIMINARY STATEMENT"

1.      Denies each and every allegation contained in the first sentence of

paragraph I of the Complaint.  Merck denies each and every allegation contained in the second

sentence of paragraph I of the Complaint, except admits that there is a multidistrict litigation

("MDL") related to the prescription medicine Vioxx® ("Vioxx"), and that it has responded to

discovery in that MDL, and respectfully refers the Court to its discovery responses for its actual

language and full text.  Merck denies each and every allegation contained in the third sentence of

paragraph I of the Complaint, except admits that various class actions related to the prescription medicine Vioxx have been filed and are pending but denies that there is any legal or factual basis for class action relief. The allegations contained in the fourth, fifth, and sixth sentences of paragraph I of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the fourth, fifth, and sixth sentences of paragraph I of the Complaint.

**RESPONSE TO
"PARTIES"**

2.     Denies each and every allegation contained in paragraph II of the Complaint, including its subparts 1 through 9, as it is without knowledge or information sufficient to form a belief as to the truth therein.

3.     Denies each and every allegation contained in paragraph III of the Complaint, except admits that Merck, a New Jersey corporation, manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck is authorized to do business in Texas, Mississippi, and Georgia.

**RESPONSE TO
"JURISDICTION"**

4.     The allegations contained in paragraph IV of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph IV of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiffs purport to state a claim in excess of $75,000 but denies that there is any legal or factual basis for such relief.

2

5.     The allegations contained in paragraph V of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph V of the Complaint.

## RESPONSE TO
## "VENUE"

6.     The allegations contained in paragraph VI of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph VI of the Complaint, except admits that there is a MDL related to the prescription medicine Vioxx and that the MDL Court has issued Pretrial Orders relating to venue, and respectfully refers the Court to the referenced Orders for their actual content and full effect.

## RESPONSE TO "GENERAL BACKGROUND
## AND OVERVIEW OF FACTS COMMON TO ALL CLAIMS"

7.     Denies each and every allegation contained in paragraph VII of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that admits that Plaintiffs purport to seek damages and other relief but denies that there is any legal or factual basis for such relief.

8.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph VIII of the Complaint, and denies each and every allegation directed toward Merck in paragraph VIII of the Complaint, except admits that Plaintiffs purport to state a claim for economic and other relief in excess of $75,000 but denies that there is any legal or factual basis for such relief.

3

9.    Denies each and every allegation contained in paragraph IX of the Complaint and avers that the U.S. Food & Drug Administration ("FDA") approved Vioxx as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

10.    Denies each and every allegation contained in paragraph X of the Complaint.

11.    Denies each and every allegation contained in paragraph XI of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

12.    Denies each and every allegation contained in paragraph XII of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, a selective COX-2 inhibitor, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

13.    Denies each and every allegation contained in paragraph XIII of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

14.    Denies each and every allegation contained in paragraph XIV of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

15.    Denies each and every allegation contained in paragraph XV of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck

4

voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

16. Denies each and every allegation contained in paragraph XVI of the Complaint.

17. Denies each and every allegation contained in paragraph XVII of the Complaint, including its subparts 1 through 3, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

18. Denies each and every allegation contained in paragraph XVIII of the Complaint.

19. Denies each and every allegation contained in paragraph XIX of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

## RESPONSE TO
## "COUNT ONE – STRICT PRODUCT LIABILITY"

20. With respect to the allegations contained in paragraph XX of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 19 of this Answer with the same force and effect as though set forth here in full.

21. Denies each and every allegation contained in paragraph XXI of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription

medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

22.    Denies each and every allegation contained in paragraph XXII of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

23.    Denies each and every allegation contained in paragraph XXIII of the Complaint.

24.    Denies each and every allegation contained in paragraph XXIV of the Complaint.

25.    Denies each and every allegation contained in paragraph XXV of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

26.    Denies each and every allegation contained in paragraph XXVI of the Complaint.

27.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph XXVII of the Complaint, and denies each and every allegation directed toward Merck in paragraph XXVII of the Complaint.

## RESPONSE TO
## "COUNT TWO – NEGLIGENCE"

28.     With respect to the allegations contained in paragraph XXVIII of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 27 of this Answer with the same force and effect as though set forth here in full.

29.     Denies each and every allegation contained in paragraph XXIX of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

30.     Denies each and every allegation contained in paragraph XXX of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

31.     Denies each and every allegation contained in paragraph XXXI of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

32.     Denies each and every allegation contained in paragraph XXXII of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

7

33.     Denies each and every allegation contained in paragraph XXXIII of the Complaint.

34.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph XXXIV of the Complaint, and denies each and every allegation directed toward Merck in paragraph XXXIV of the Complaint.

## RESPONSE TO "COUNT THREE - BREACH OF EXPRESS WARRANTY"

35.     With respect to the allegations contained in paragraph XXXV of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 34 of this Answer with the same force and effect as though set forth here in full.

36.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph XXXVI of the Complaint, and denies each and every allegation directed toward Merck in paragraph XXXVI of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

37.     Denies each and every allegation contained in paragraph XXXVII of the Complaint.

38.     Denies each and every allegation contained in paragraph XXXVIII of the Complaint.

8

## RESPONSE TO "COUNT FOUR -
## BREACH OF IMPLIED WARRANTY"

39.     With respect to the allegations contained in paragraph XXXIX of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 38 of this Answer with the same force and effect as though set forth here in full.

40.     The allegations contained in paragraph XL of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph XL of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

41.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph XLI of the Complaint, and denies each and every allegation directed toward Merck in paragraph XLI of the Complaint.

42.     Denies each and every allegation contained in paragraph XLII of the Complaint.

## RESPONSE TO
## "COUNT FIVE"

43.     With respect to the allegations contained in paragraph XLIII of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 42 of this Answer with the same force and effect as though set forth here in full.

44.     The allegations contained in the first sentence of paragraph XLIV of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.  Merck denies each and every allegation contained in the second sentence of paragraph of XLIV of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medication Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

45.     Denies each and every allegation contained in paragraph XLV of the Complaint, including its subparts 1 through 6, except admits that Merck manufactured, marketed and distributed the prescription medication Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

46.     Denies each and every allegation contained in paragraph XLVI of the Complaint, except admits that Merck marketed the prescription medication Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

47.     Denies each and every allegation contained in paragraph XLVII of the Complaint.

## RESPONSE TO
## "DAMAGES"

48.     Denies each and every allegation contained in paragraph XLVIII of the Complaint, including its subparts A through R.

49.    Denies each and every allegation contained in paragraph XLIX of the Complaint, except admits that Plaintiffs purport to seek exemplary or punitive damages but denies that there is any legal or factual basis for such relief.

50.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph L of the Complaint, and denies each and every allegation directed toward Merck in paragraph L of the Complaint, except admits that Plaintiffs purport to seek medical monitoring relief but denies that there is any legal or factual basis for such relief.

51.    Denies each and every allegation contained in paragraph LI of the Complaint, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

52.    The allegations contained in the final, unnumbered "Wherefore" paragraph after paragraph LI of the Complaint constitute a prayer for relief as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

### AS FOR A FIRST
### DEFENSE, MERCK ALLEGES:

53.    The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A SECOND
### DEFENSE, MERCK ALLEGES:

54.    The Plaintiffs were careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiffs.

11

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

55.    To the extent that Plaintiffs assert claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

56.    To the extent that Plaintiffs assert claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

57.    The Plaintiffs failed to exercise reasonable care to mitigate their alleged damages.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

58.    Each and every claim asserted or raised in the Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

59.    To the extent that Plaintiffs assert claims in the Complaint based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

60.     The claims of the Plaintiffs are barred in whole or in part under comment

k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

61.     The claims of the Plaintiffs are barred in whole or in part under comment j

to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

62.     The claims of the Plaintiffs are barred under Section 4, et seq., of the

Restatement (Third) of Torts: Products Liability.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

63.     The claims of the Plaintiffs are barred in whole or in part because Vioxx

"provides net benefits for a class of patients" within the meaning of comment f to Section 6 of

the Restatement (Third) of Torts: Products Liability.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

64.     The product conformed to the state-of-the-art for the design and

manufacture of such, or similar, products.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

65.     The claims of the Plaintiffs are barred, in whole or in part, under the

applicable state law because Vioxx was subject to and received pre-market approval by the Food

and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

66.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

67.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

68.     To the extent that Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

69.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiffs or natural course of conditions for which this Defendant is not responsible.

14

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

70.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiffs or abuse of Vioxx.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

71.     The claims of Plaintiffs are barred in whole or in part by the First Amendment of the Constitution of the United States of America and comparable state law provisions.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

72.     To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

73.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

74.     Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

15

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

75.     To the extent that Plaintiffs seek punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

76.     To the extent Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

77.     The demand for punitive damages by the Plaintiffs is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

78.     To the extent that Plaintiffs assert claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to her claims, Plaintiffs have failed to allege facts that would overcome the defenses available under that state products liability law.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

79.     The claims of Plaintiffs are barred, in whole or in part, because one or more Plaintiffs lack capacity and/or standing to bring such claims.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

80.     To the extent that Plaintiffs assert claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiffs to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of Federal Rules of Civil Procedure and comparable state law provisions.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

81.     Merck further states that any warnings which were given were transmitted to the prescribing health care provider, and that under Texas law, Merck's only obligation is to warn the prescribing health care provider and said obligation was fulfilled.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

82.     Merck denies that Plaintiffs used any product manufactured by Merck as alleged in Plaintiffs' Complaint.

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

83.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

84.     If Plaintiffs have sustained the injuries and damages alleged in the Complaint, such injuries resulted, in whole or in part, from the culpable conduct and negligence of Plaintiffs and/or of third parties, not from any negligence or breach of duty by Merck.  If judgment is rendered in Plaintiffs' favor, the amount of such judgment must be reduced pursuant

to the Proportionate Responsibility Statute § 33.001, *et seq.* of the Texas Civil Practice & Remedies Code.

### AS FOR A THIRTY-THIRD
### DEFENSE, MERCK ALLEGES:

85.    Merck is unaware at this time of any settlements by any alleged joint tortfeasor.  In the event any settlement is or has been made by any alleged joint tortfeasor, however, then Merck is entitled to a full credit, offset, pro rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling party, person, or other entity herein, and Merck makes known to the other parties and to the court that it will avail itself of its rights under §§ 33.012 *et seq.* of the Texas Civil Practice & Remedies Code.

### AS FOR A THIRTY-FOURTH
### DEFENSE, MERCK ALLEGES:

86.    Merck would show that the occurrences and injuries alleged by Plaintiffs resulted from an intervening cause or a new and independent cause which was the proximate and/or producing cause and/or the sole proximate and/or sole cause of the occurrences and injuries alleged by Plaintiffs.  Moreover, the occurrences and injuries were caused by separate and independent events or agencies not reasonably foreseeable.  Such separate and independent events or agencies destroy the causal connection, if any, between any alleged breach of legal duty on the part of Merck and the occurrences and injuries alleged by Plaintiffs, and thereby become the immediate and/or sole cause and/or sole proximate cause of such occurrences and injuries, relieving Merck of liability to Plaintiffs or any other parties.

### AS FOR A THIRTY-FIFTH
### DEFENSE, MERCK ALLEGES:

87.    If Plaintiffs have sustained the injuries or incurred the expenses alleged, the same may have been caused, in whole or in part, by operation of nature or act of God.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

88.    If Plaintiffs have sustained the injuries or incurred the expenses alleged, the same may have been caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of Merck.

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

89.    Merck states that the benefits of the product at issue outweigh the risks, if any, which may be attendant to its use.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

90.    Merck fully asserts § 82.001 and § 82.007 of the Texas Civil Practice and Remedies Code and states that all of Plaintiffs' claims are barred under those sections.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

91.    To the extent Plaintiffs seek recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

92.    Any claims for exemplary damages are limited by Section 41.008 of the Texas Civil Practice and Remedies Code to two times the amount of actual damages or $200,000, whichever is greater.  Merck asserts all other defenses and limitations on punitive damages contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

## AS FOR A FORTY-FIRST
## DEFENSE, MERCK ALLEGES:

93.     Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate Merck's rights under Amendments IV, V, VI and XIV of the United States Constitution and under Sections 9, 10, 14 and 19 of Article I of the Texas Constitution.

## AS FOR A FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

94.     Unless Merck's liability for punitive damages and the appropriate amount of punitive damages are each required to be established by clear and convincing evidence under Texas law, any awards of punitive damages would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## AS FOR A FORTY-THIRD
## DEFENSE, MERCK ALLEGES:

95.     Any claims for punitive damages against Merck cannot be sustained, because any award of punitive damages under Texas law without bifurcating the trial as to all punitive damages issues would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## AS FOR A FORTY-FOURTH
## DEFENSE, MERCK ALLEGES:

96.     Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law subject to no pre-determined limit, either a maximum multiple of compensatory damages or a maximum amount, on the amount of

punitive damages that a jury may impose would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## AS FOR A FORTY-FIFTH
## DEFENSE, MERCK ALLEGES:

97.     Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law by a jury that (1) is not provided any standard of sufficient clarity for determining the appropriateness, or the appropriate size of any punitive damages award, (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## AS FOR A FORTY-SIXTH
## DEFENSE, MERCK ALLEGES:

98.     Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law for the purpose of compensating Plaintiffs for elements of damages not otherwise recognized by Texas law would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

21

## AS FOR A FORTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

99.     Merck asserts that the determination of the amount of punitive damages, if

any, shall be bifurcated from the remaining issues pursuant to *Transportation Ins. Co. v. Moriel*,

879 S.W.2d 10 (Tex. 1994).

## AS FOR A FORTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

100.    Vioxx is a prescription pharmaceutical that was available only upon the

prescription of a licensed physician, and persons other than Merck, including Plaintiffs' treating

physicians and health care personnel and institutions, stood in the position of learned

intermediaries between Merck and Plaintiffs. Any claims against Merck accordingly are barred

in whole or in part by the learned intermediary doctrine.

## AS FOR A FORTY-NINTH
## DEFENSE, MERCK ALLEGES:

101.    Plaintiffs' claims are barred as a matter of law pursuant to Restatement

(Third) of Torts §§ 2, 4, and 6.

## AS FOR A FIFTIETH
## DEFENSE, MERCK ALLEGES:

102.    Plaintiffs' claims relating to alleged communications with regulatory

agencies of the United States government are barred in whole or in part by operation of

applicable law, including First Amendment rights to petition the government.

## AS FOR A FIFTY-FIRST
## DEFENSE, MERCK ALLEGES:

103.    Imposition of punitive or exemplary damages violates the Sixth

Amendment of the United States Constitution because Merck is not informed of the nature and

cause of the accusation against it; thus, the allegations are void for vagueness.

## AS FOR A FIFTY-SECOND
## DEFENSE, MERCK ALLEGES:

104.    The imposition of punitive damages violates the open courts provision of the Texas Constitution.

## AS FOR A FIFTY-THIRD
## DEFENSE, MERCK ALLEGES:

105.    Plaintiffs' claim for non-economic damages are subject to and limited by Mississippi Code § 11-1-60 (1) (a) through  (c) (1972), as amended by Miss. Laws 2004, 1st Ex. Sess., Ch. 1 § 2, effective September 1, 2004.

## AS FOR A FIFTY-FOURTH
## DEFENSE, MERCK ALLEGES:

106.    To the extent that the Plaintiffs' claims are based upon any theory of product liability, they are barred or limited by Mississippi's Product Liability Act, Mississippi Code § 11-1-63 (1972), as amended by Miss. Laws 2004, 1st Ex. Sess., Ch. 1 § 3, effective September 1, 2004.

## AS FOR A FIFTY-FIFTH
## DEFENSE, MERCK ALLEGES:

107.    Plaintiffs' claim for punitive damages against Merck fails under Mississippi Code § 11-1-65 (1972), as amended by Miss. Laws 2004, 1st Ex. Sess., Ch. 1 § 4, effective September 1, 2004.

## AS FOR A FIFTY-SIXTH
## DEFENSE, MERCK ALLEGES:

108.    Merck affirmatively pleads Mississippi Code § 85-5-7 (1972), as amended by Miss. Laws 2003, 3rd Ex. Sess., Ch. 2 § 4, effective January 1, 2003.

## AS FOR A FIFTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

109.     Some or all of the damages alleged by Plaintiffs are barred by Mississippi

Code §§ 75-2-714, 715 (1972).

## AS FOR A FIFTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

110.     Plaintiffs' claims for punitive damages are in contravention of Merck's

rights under the Due Process Clause of the Fifth and Fourteenth Amendments of the United

States Constitution; the Excessive Fines Clause of the Eighth Amendment of the United States

Constitution; the Double Jeopardy Clause in the Fifth Amendment to the Constitution of the

United States, similar provisions in the Constitution of Mississippi and/or the common law and

public policies of Mississippi, and/or applicable statutes and court rules, in the circumstances of

this litigation, including, but not limited to:

(a)     imposition of punitive damages by a jury which

  (1)     is not provided with standards of sufficient clarity for determining the

appropriateness, and the appropriate size, of a punitive damages award;

  (2)     is not adequately and clearly instructed on the limits on punitive damages

imposed by the principles of deterrence and punishment;

  (3)     is not expressly prohibited from awarding punitive damages, or

determining the amount of an award thereof, in whole or in part, on the

basis of invidiously discriminatory characteristics, including the corporate

status, wealth, or state of residence of Merck;

  (4)     is permitted to award punitive damages under a standard for determining

liability for such damages which is vague and arbitrary and does not

define with sufficient clarity the conduct or mental state which makes punitive damages permissible; and

(5)    is not subject to trial court and appellate judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards;

(b)    imposition of such punitive damages, and determination of the amount of an award thereof, where applicable state law is impermissibly vague, imprecise, or inconsistent;

(c)    imposition of such punitive damages, and determination of the amount of an award thereof, without bifurcating the trial and trying all punitive damages issues only if and after the liability of defendants has been found on the merits;

(d)    imposition of such punitive damages, and determination of the amount of an award thereof, based on anything other than Merck's conduct in connection with the sale of the product alleged in this litigation, or in any other way subjecting Merck to impermissible multiple punishment for the same alleged wrong.

## AS FOR A FIFTY-NINTH
## DEFENSE, MERCK ALLEGES:

111.    Any alleged injury or damage sustained by Plaintiffs was caused by Plaintiffs' own negligence, which negligence under the doctrines of contributory and/or comparative negligence, is a complete bar to Plaintiffs' recovery, or which diminishes their recovery by an amount equal to Plaintiffs' negligence, all such negligence being denied.

## AS FOR A SIXTIETH
## DEFENSE, MERCK ALLEGES:

112.    Some or all of the claims asserted in the Complaint are the direct and proximate result of Plaintiffs' own conduct and cannot be recovered against Merck.

25

## AS FOR A SIXTY-FIRST
## DEFENSE, MERCK ALLEGES:

113.     Some or all of the claims asserted in the Complaint are barred by the doctrine of contributory negligence.

## AS FOR A SIXTY-SECOND
## DEFENSE, MERCK ALLEGES:

114.     Any liability that might otherwise be imposed upon Merck is subject to reduction by the application of the doctrine of comparative negligence.

## AS FOR A SIXTY-THIRD
## DEFENSE, MERCK ALLEGES:

115.     Plaintiffs' alleged injuries and damages, if any, are the result of Plaintiffs' own fault and/or assumption of the risk.

## AS FOR A SIXTY-FOURTH
## DEFENSE, MERCK ALLEGES:

116.     Plaintiffs' claims are barred by reason that any alleged dangerous condition complained of was open and obvious and there was no duty on the part of Merck to warn of any such open and obvious condition.

## AS FOR A SIXTY-FIFTH
## DEFENSE, MERCK ALLEGES:

117.     Plaintiffs' alleged injuries were directly and proximately caused by and contributed to by the actions of other persons, who caused changes and alterations to be made to the products involved and said changes and alterations proximately caused or contributed to the injuries alleged by Plaintiffs and voided any and all alleged warranties, express and/or implied.

## AS FOR A SIXTY-SIXTH
## DEFENSE, MERCK ALLEGES:

118.     Plaintiffs' claims for failure to instruct or warn are barred by the sophisticated user doctrine.

## AS FOR A SIXTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

119. Plaintiffs' negligence claims are barred in whole or in part by the economic loss rule.

## AS FOR A SIXTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

120. The Georgia statute respecting award of punitive damages, particularly O.C.G.A. § 51-12-5.1, subsection (e)(1) as contrasted to subsections (f) and (g) thereof, whereby no limitation is provided respecting actions involving products, but there is a limitation for other actions than products violates the Constitution of the United States, particularly in that it affords products manufacturers, such as Merck, equal protection of the laws.

## AS FOR A SIXTY-NINTH
## DEFENSE, MERCK ALLEGES:

121. Pursuant to O.C.G.A. § 51-12-5.1, only one award of punitive damages may be recovered in the State of Georgia from Merck arising from product liability of a single product.

## AS FOR A SEVENTIETH
## DEFENSE, MERCK ALLEGES:

122. Merck asserts all defenses available to it pursuant to the New Jersey Product Liability Act, New Jersey Stat. Ann. 2A:58C-1, *et seq.*

## AS FOR A SEVENTY-FIRST
## DEFENSE, MERCK ALLEGES:

123. Plaintiffs are barred from recovery and/or Plaintiffs' recovery is limited pursuant to the Comparative Negligence Act, New Jersey Stat. Ann. 2A:15-5.1, *et seq.*

## AS FOR A SEVENTY-SECOND
## DEFENSE, MERCK ALLEGES:

124.    Merck denies any liability on its part, but if Merck is ultimately found

liable to Plaintiffs, then it shall only be liable for its equitable share of Plaintiffs' recovery since

any liability which would be found against it will be insufficient to impose joint liability.  In the

alternative, the liability, if any, of Merck is limited by and pursuant to the New Jersey Joint

Tortfeasor Contribution Act, New Jersey Stat. Ann. 2A:53A-1, *et seq*.

## AS FOR A SEVENTY-THIRD
## DEFENSE, MERCK ALLEGES:

125.    Merck demands a trial by jury of all issues.

## AS FOR A SEVENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

126.    Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck

reserves its rights regarding transfer of this matter, upon the completion of all pre-trial

proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C.

1404(a) & 1406(a).

## AS FOR A SEVENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

127.    Merck hereby gives notice that it intends to rely upon such other defenses

as may become available or appear during discovery proceeding in this case or that are included

in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of

the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert

any such defense.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1. That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' Complaint with prejudice against Merck with costs assessed to Plaintiffs;

2. Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3. Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated: November 14, 2006

Respectfully submitted,

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Melissa V. Beaugh
        Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Facsimile: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 581-3200
Facsimile: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL No. 1657, on this _14_ day of November, 2006.

_Melissa V. Beaugh_