UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No.  05-2524 | * | |
| | * | MAGISTRATE |
| ANTHONY WAYNE DEDRICK, | * | JUDGE KNOWLES |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**REPLY BRIEF IN SUPPORT OF MOTION OF MERCK & CO., INC.
("MERCK") FOR ORDER EXCLUDING TESTIMONY OF
<u>CORNELIA PECHMANN, PH.D.</u>**

**(EXPERT CHALLENGE NO. 6)**

Despite this Court's prior rulings that Professor Pechmann may not testify regarding Merck's state of mind or how medical doctors interpreted Merck's marketing, plaintiff seeks to offer Professor Pechmann's testimony on these previously excluded subjects.  Specifically, plaintiff argues that Professor Pechmann should be allowed to testify that: (1) as a result of Merck's marketing, doctors had a "misunderstanding" regarding Vioxx®'s cardiovascular risks; and (2) Merck was aware of the potential cardiovascular risk posed by Vioxx. This Court has already ruled, however, that Professor Pechmann lacks the qualifications necessary to opine on whether Merck's marketing was misleading and that Merck's state of mind is not an appropriate

topic of expert testimony.  The Court should uphold its earlier rulings and prevent Professor Pechmann from testifying regarding previously excluded subjects.

Also, because Professor Pechmann lacks any qualifications concerning FDA regulation of pharmaceutical marketing, she should not be permitted to testify on that topic.

I. **PROFESSOR PECHMANN MAY NOT OFFER OPINIONS THAT MERCK'S MARKETING WAS GENERALLY MISLEADING.**

Plaintiff attempts to circumvent another of this Court's prior rulings: that Professor Pechmann, who is not a doctor, is not qualified to testify that Merck's marketing was generally misleading to the medical profession.  Plaintiff argues that Professor Pechmann should be permitted to opine that as a result of Merck's marketing "doctors had a *misunderstanding* about the cardiovascular risks associated with Vioxx."  (Pl.'s Opp'n at 7 (emphasis added).)  Plaintiff however should not be allowed to avoid this Court's prior rulings by substituting the word "misunderstanding" for the word "misleading."  As discussed more fully in Merck's prior briefing, this Court has properly ruled that Professor Pechmann, who is not a medical professional, is not qualified to determine how doctors interpreted Merck's marketing. Similarly, Professor Pechmann should not be allowed to offer such opinions here.

II. **PROFESSOR PECHMANN MAY NOT TESTIFY AS TO MERCK'S STATE OF MIND.**

This Court has previously ruled that what Merck knew and when it knew it are issues for the jury and are not proper subjects of expert testimony.  Despite this ruling, plaintiff seeks to offer Professor Pechmann's opinions that "Merck was aware of a potential cardiovascular risk associated with Vioxx." (Pl.'s Opp'n at 12.)  This Court has refused to let other experts offer such opinions and should follow its prior rulings by again precluding Professor Pechmann's similar opinions.

1

### III. PROFESSOR PECHMANN IS UNQUALIFIED TO OFFER OPINIONS REGARDING THE FDA AND ITS REGULATIONS.

Again as discussed in Merck's prior briefing, Professor Pechmann is unqualified to offer any opinions regarding the FDA or its regulations. Plaintiff's counterargument is that "much marketing" is governed by regulations. (Pl.'s Opp'n at 13.)  That is not enough to allow Professor Pechmann to offer opinions related to the complex regulatory scheme that governs the testing, approval, and marketing of prescription pharmaceuticals in the United States.  The fact that Professor Pechmann is prepared to opine that Merck's direct-to-consumer marketing was misleading – advertising that was sent to the DDMAC for review prior to it being aired – highlights her complete lack of understanding of the regulatory system governing pharmaceutical advertising.  Allowing Professor Pechmann to testify on these topics would not offer any additional assistance to the jury.

### IV. CONCLUSION

For the reasons state above and in Merck's underlying motion, Merck respectfully requests that the Court abide by its earlier rulings limiting Professor Pechmann's testimony, or exclude it in its entirety.

Dated:  November 14, 2006                              Respectfully submitted,

        s/ Dorothy H. Wimberly
        Phillip A. Wittmann, 13625
        Dorothy H. Wimberly, 18509
        STONE PIGMAN WALTHER
        WITTMANN L.L.C.
        546 Carondelet Street
        New Orleans, Louisiana  70130
        Phone:  504-581-3200
        Fax:     504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Mark Ouweleen
Carrie Jablonski
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:     312-494-4440

Douglas Marvin
Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:     202-434-5029

And

Brian Currey
A. Patricia Klemic
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:     213-430-6407

Attorneys for Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Reply Brief In Support of Motion Of Merck & Co., Inc. ("Merck") For Order Excluding Testimony of Cornelia Pechman, Ph.D. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon counsel for Mr. Dedrick, Andy Birchfield, by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 14th day of November, 2006.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel