UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No.  05-2524 | * | |
| | * | MAGISTRATE |
| ANTHONY WAYNE DEDRICK, | * | JUDGE KNOWLES |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * *

**REPLY BRIEF IN SUPPORT OF MOTION OF MERCK & CO., INC. ("MERCK")
FOR ORDER EXCLUDING TESTIMONY OF EGIL FOSSLIEN, M.D.**

**(EXPERT CHALLENGE NO. 9)**

Plaintiff's opposition to Merck's motion to exclude the testimony of Egil Fosslien, M.D. misses the point of Merck's motion.  Plaintiff's rhetoric does not obscure the fact that, as the Court found in *Barnett v. Merck*, Dr. Fosslien lacks the experience and qualifications to render certain opinions, and lacks a reliable scientific basis to render others.  Merck's motion properly seeks to exclude these inadmissible opinions.  Specifically, while plaintiff claims otherwise, Dr. Fosslien is neither qualified nor entitled to testify about what Merck knew or intended.  In addition, Dr. Fosslien lacks the expertise to opine on Merck's compliance with FDA regulations or the adequacy of the Vioxx® labeling – a fact plaintiff implicitly concedes by stating that he

does not intend to elicit such testimony from Dr. Fosslien. Therefore, the Court should grant Merck's motion to exclude the testimony of Dr. Fosslien.

I.     DR. FOSSLIEN MAY NOT TESTIFY ABOUT MERCK'S STATE OF MIND.

Dr. Fosslien has no basis on which to opine about Merck's state of mind. As discussed in Merck's underlying motion, courts routinely exclude these kinds of opinions, and in fact, this Court precluded Dr. Fosslien from testifying on this very subject in *Barnett*. Rule 702 allows for introduction of "scientific, technical, or other specialized knowledge" that will "assist the trier of fact." FED. R. EVID. 702. Dr. Fosslien's speculative opinions concerning Merck's state of mind, which are based on a small subset of Merck internal documents, are not a proper subject for expert testimony under Rule 702, as they will not assist the jury. Not only is the jury perfectly able to read and interpret internal Merck documents without Dr. Fosslien's assistance, but they will also see far more of them during the trial than Dr. Fosslien did in rendering his opinion. The jury is thus better able than Dr. Fosslien to place these documents in their appropriate context.

Moreover, plaintiff's claim that Dr. Fosslien can testify as to what Merck should have known about the potential for Vioxx to cause cardiovascular risks is untrue. (Pl.'s Opp'n at 4.) Dr. Fosslien's own testimony concerning the evolving state of scientific knowledge demonstrates that fact. For example, Dr. Fosslien admits that, as late as 2004, the scientific community hoped that coxibs would actually reduce the risk of cardiovascular events.

> As inhibition of COX-2 reduces inflammation, it was hoped that COX-2-selective inhibitors, when used to reduce pain and inflammation in joint disease, might also inhibit atherogenesis and reduce the rates of myocardial infarction.

(*Id.* at 9 (citing Niederberger et al., *Effects of the selective COX-2 inhibitors celecoxib and rofecoxib on human vascular cells*, BIOCHEM PHARMACOL. 2004 Jul 15;68(2):341-50); *see also* Deposition of Egil Fosslien, M.D. ("Fosslien Dep.") at 228:10-23, attached hereto as Ex. A.) Yet, Dr. Fosslien purports, based on an admittedly limited and incomplete set of internal

1

documents, to understand what Merck knew or should have known years earlier when he and the rest of the scientific community did not know.  (*See* Pl.'s Opp'n at 3; Expert Report of Egil Fosslien, M.D. at 39, attached hereto as Ex. B.)  This simply does not meet the Rule 702 threshold requirements, and to permit such unfounded and inappropriate testimony would be prejudicial to Merck under Rule 403.

Plaintiff requests that the Court put off any decision regarding the scope and admissibility of Dr. Fosslien's state of mind opinions until trial.  (Pl.'s Opp'n at 5.)  There is no need or basis to do so.  Neither the parties nor the Court would be well-served by deferring a decision on the topic.  Delaying the ruling would merely inject uncertainty, confusion, and delay into the trial.  Plaintiff has offered no reason why the Court should change its ruling in *Barnett* excluding Dr. Fosslien's opinion on these matters.  The testimony should be excluded again here.

### II. DR. FOSSLIEN IS NOT QUALIFIED TO TESTIFY REGARDING MERCK'S COMPLIANCE WITH FDA REGULATIONS OR THE ADEQUACY OF THE VIOXX LABEL.

Plaintiff states that he does not intend to offer expert testimony from Dr. Foslisen about Merck's compliance with FDA regulations.  (Pl.'s Opp'n at 2.)  Thus, plaintiff should not take issue with the order Merck requests here.  Dr. Fosslien is unfamiliar with the FDA regulations on the marketing of pharmaceuticals in the United States, and he has not even read the label for Vioxx.  (*See* Fosslien Dep. at 99:5-8, 97:11-13.)  Thus, an order excluding any FDA or labeling opinions or testimony from Dr. Fosslien is warranted.

### III. CONCLUSION

For the reasons stated above and in Merck's underlying motion, the Court should exclude Dr. Fosslien's testimony about:  (i) Merck's knowledge, intent, or state of mind; and (ii) FDA issues, including Merck's marketing and the Vioxx label.

Dated:  November 14, 2006                              Respectfully submitted,


                                                     s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Mark Ouweleen
Carrie Jablonski
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone: 312-494-4400
Fax:     312-494-4440

Douglas Marvin
Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone: 202-434-5000
Fax:     202-434-5029

And

Brian S. Currey
A. Patricia Klemic
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone: 213-430-6000
Fax:     213-430-6407

Attorneys for Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing Reply Brief in Support of Merck's Motion for Order Excluding Testimony of Egil Fosslien, M.D. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon counsel for Mr. Dedrick, Andy Birchfield, by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 14th day of November, 2006.

                                                     */s/ Dorothy H. Wimberly*
                                                     Dorothy H. Wimberly, 18509
                                                     STONE PIGMAN WALTHER WITTMANN L.L.C.
                                                     546 Carondelet Street
                                                     New Orleans, Louisiana  70130
                                                     Phone:  504-581-3200
                                                     Fax:    504-581-3361
                                                     dwimberly@stonepigman.com

                                                     Defendants' Liaison Counsel