11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of CUTPA.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.  As a result of the defendants' deceptive acts, the plaintiff has been caused to suffer a heart attack and the other damages alleged above in paragraph 10.

## COUNT NINETEEN – HERBERT BOLDE – PRODUCTS LIABILITY

1.  At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.  The defendant MERCK is a Product Seller.

3.  Sylvia Bolde is the administratrix of the estate of Herbert Bolde.

4.  On and for some time before November 25, 2002, the plaintiff's decedent Herbert Bolde had been prescribed VIOXX by his doctor. Per his doctor's orders, Herbert Bolde regularly consumed VIOXX.

5.    The VIOXX consumed by Herbert Bolde was designed,

manufactured, tested and/or sold by the defendant MERCK.

6.    As a result of Herbert Bolde's consumption of the drug VIOXX, he

was caused to suffer a heart attack and sudden death on or about November 25,

2002.

7.    At the time of its sale or distribution and continuing through his date

of death, VIOXX was in a defective condition unreasonably dangerous to Herbert

Bolde and others in one or more of the following ways:

   a)    it was not accompanied by proper warnings regarding all possible
         adverse side effects regarding its use;

   b)    adequate testing was not performed that would have shown
         that VIOXX possessed serious potential side effects with
         respect to which full warnings were necessary;

   c)    there was no adequate post-marketing warning and instruction;

   d)    the foreseeable risks of the use of VIOXX significantly exceeded
         the benefits associated with its design and formulation;

   e)    there were inadequate clinical trials, testing and study which would
         have uncovered serious risks associated with the product; and

   f)    consumers were unaware that for a small reduction in pain, they
         were risking sudden death, heart attacks, and stroke from the use
         of VIOXX.

8.    One or more of the defects described above was a substantial

factor in causing the death of Herbert Bolde.

9.    The subject VIOXX designed and sold by MERCK was expected to

and did reach the consumer without substantial change in condition.

10.     The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by Herbert Bolde.

11.     The defendant breached these express warranties.

12.     The breach of these express warranties by the defendants was a substantial factor in causing the death of Herbert Bolde as described in this complaint.

13.     The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

14.     The defendant breached this implied warranty of merchantability.

15.     The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the death of Herbert Bolde as described in this complaint.

16.     The defendant was negligent in one or more of the following ways:

a)     it failed to include adequate warnings with the medication that would alert the plaintiff's decedent and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)     it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)     it failed to adequately and properly test VIOXX before and after placing it on the market;

d)     it failed to conduct sufficient testing on VIOXX;

e)     it failed to warn of the risk of heart attack, stroke, and sudden death;

f)     it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)      it failed to warn that VIOXX should not be used in conjunction with
other risk factors such as family history of heart disease

17.     The negligence of the defendants was a substantial factor in
causing the death of Herbert Bolde as described in this complaint.

18.     As a result of the defective and unreasonably dangerous condition
of VIOXX and/or the failure to warn of the defective and unreasonably dangerous
nature of VIOXX and/or the breach of express and/or implied warranties and/or
the defendant's negligence, Herbert Bolde suffered a heart attack and sudden
death.

19.     As a further result, the plaintiff's decedent was caused to suffer a
complete destruction of his earning capacity and his capacity to carry on and
enjoy all of life's other activities as well as ante mortem pain and suffering. In
addition the plaintiff lost her husband and means of financial support, love and
affection.

## COUNT TWENTY – BOLDE - PUNITIVE DAMAGES

1- 7.  Paragraphs 1. through 7. of Count Nineteen are hereby incorporated
and realleged as paragraphs 1. through 7. of this Count Twenty.

8.      The defendant MERCK acted with reckless disregard for the safety
of users of its product, VIOXX in one or more of the following ways:

a)      the product was not accompanied by proper warnings regarding all
possible adverse side effects regarding its use despite the fact the
MERCK and its agents, servants, and employees were aware of
those risks

b) they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c) they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d) they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e) they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f) they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

9. The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

10. As a result of the defendants' reckless disregard of product users, the plaintiff's decedent, Herbert Bolde has been caused to suffer a heart attack and sudden death.

11. As a further result, the plaintiff's decedent was caused to suffer a complete destruction of his earning capacity and his capacity to carry on and enjoy all of life's other activities as well as ante mortem pain and suffering. In addition the plaintiff lost her husband and means of financial support, love and affection.

## COUNT TWENTY ONE – BOLDE -CUTPA

1. - 11. The allegations of paragraphs 1. - 11. of Count Twenty are hereby incorporated and realleged as paragraphs 1. - 11. of this Count Twenty One.

12. The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of CUTPA.

13. The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 8 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

14. As a result of the defendants' deceptive acts, the plaintiff's decendent has been caused to suffer a heart attack and sudden death and the other damages alleged above in paragraph 11.

## COUNT TWENTY TWO – SYLVIA BOLDE – LOSS OF CONSORTIUM

1. Counts 19-21 are incorporated herein.

2. Sylvia Bolde is the wife of the plaintiff and as a result of his injuries she has been caused a loss of consortium and companionship, and has also provided household and nursing services to him.

## COUNT TWENTY THREE – YAGLOWSKI - PRODUCTS LIABILITY

1. At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the

manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.    The defendant MERCK is a Product Seller.

3.    John Yaglowski is the Executor of the Estate of Helen Yaglowski.

4.    On and for some time before August 2004, the plaintiff's decedent, Helen Yaglowski had been prescribed VIOXX by her doctor. Per her doctor's orders, Helen Yaglowski regularly consumed VIOXX.

5.    The VIOXX consumed by the plaintiff's decedent was designed, manufactured, tested and/or sold by the defendant MERCK.

6.    As a result of the plaintiff's consumption of the drug VIOXX, she was caused to suffer a heart attack, stroke and sudden death pursuant to General Statutes §52-555.

7.    At the time of its sale or distribution and continuing through the date of her heart attack and stroke, VIOXX was in a defective condition unreasonably dangerous to the plaintiff's decedent and others in one or more of the following ways:

   a)    it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

   b)    adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

   c)    there was no adequate post-marketing warning and instruction;

   d)    the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

   e)    there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

      f)     consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

      8.     One or more of the defects described above was a substantial

factor in causing the injuries to the plaintiff's decedent.

      9.     The subject VIOXX designed and sold by MERCK was expected to

and did reach the consumer without substantial change in condition.

      10.     The defendant expressly warranted that the subject VIOXX was

safe for its intended uses, including the uses to which it was put by the plaintiff's

decedent.

      11.     The defendant breached these express warranties.

      12     The breach of these express warranties by the defendants was a

substantial factor in causing the injuries to the plaintiff's decedent as described in

this complaint.

      12.     The defendant impliedly warranted that the subject VIOXX was of

merchantable quality.

      13.     The defendant breached this implied warranty of merchantability.

      14.     The breach of this implied warranty of merchantability by the

defendant was a substantial factor in causing the injuries to the plaintiff's

decedent as described in this complaint.

      15.     The defendant was negligent in one or more of the following ways:

      a)     it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)  it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)  it failed to adequately and properly test VIOXX before and after placing it on the market;

d)  it failed to conduct sufficient testing on VIOXX;

e)  it failed to warn of the risk of heart attack, stroke, and sudden death;

f)  it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)  it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

16.  The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff's decedent as described in this complaint.

17.  As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered a heart attack and stoke.

18.  As a further result, the plaintiff's decedent was caused to suffer an impairment to carry on and enjoy all of life's other activities, medical expenses past and future, and pain and suffering

## COUNT TWENTY FOUR – YAGLOWSKI - PUNITIVE DAMAGES

1. - 6.  Paragraphs 1. through 7. of Count Twenty Three are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Twenty Four.

7.    The defendant MERCK acted with reckless disregard for the safety

of users of its product, VIOXX in one or more of the following ways:

a)    the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact the MERCK and its agents, servants, and employees were aware of those risks;

b)    they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)    they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)    they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)    they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)    they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.    The subject VIOXX was expected to and did reach the consumer

without substantial change in condition.

9.    As a result of the defendants' reckless disregard of product users,

the plaintiff's decedent was caused to suffer a heart attack, stroke and sudden

death pursuant to General Statutes §52-555.

10.    As a further result, the plaintiff's decedent was caused to suffer an

impairment of her capacity to carry on and enjoy all of life's other activities,

medical expenses past and future, and pain and suffering

**COUNT TWENTY FIVE –YAGLOWSKI - CUTPA**

1. - 10.  The allegations of paragraphs 1. - 10. of Count Twenty Four are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Twenty Five.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of CUTPA.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.     As a result of the defendants' deceptive acts, the plaintiff's decedent has been caused to suffer a heart attack, stoke and sudden death pursuant to General Statutes §52-555 and the other damages alleged above in paragraph 10.

**COUNT TWENTY SIX – JOHN YAGLOWSKI – LOSS OF CONSORTIUM**

1.     Counts 23-25 are incorporated herein

2.     John Yaglowski is the husband of Helen Yaglowski and as a result of Helen's death has been caused a loss of consortium and companionship.

## COUNT TWENTY SEVEN – CHERYL CUTLER - PRODUCTS LIABILITY

1.     At all times mentioned herein, the defendant MERCK & CO., INC.

("MERCK") was and is a foreign corporations and or entity engaged in the

manufacture and sale of drug products, including VIOXX, within the State of

Connecticut.

2.     The defendant MERCK is a Product Seller.

3.     On and for some time before October 2004 the plaintiff Cheryl Cutler had

been prescribed VIOXX by her doctor. Per her doctor's orders, Cheryl Cutler

regularly consumed VIOXX.

4.     The VIOXX consumed by the plaintiff was designed, manufactured,

tested and/or sold by the defendant MERCK.

5.     As a result of the plaintiff's consumption of the drug VIOXX, she

was caused to suffer a heart attack.

6.     At the time of its sale or distribution and continuing through the date

of her heart attack, VIOXX was in a defective condition unreasonably dangerous

to the plaintiff and others in one or more of the following ways:

   a)     it was not accompanied by proper warnings regarding all possible
          adverse side effects regarding its use;

   b)     adequate testing was not performed that would have shown
          that VIOXX possessed serious potential side effects with
          respect to which full warnings were necessary;

   c)     there was no adequate post-marketing warning and instruction;

   d)     the foreseeable risks of the use of VIOXX significantly exceeded
          the benefits associated with its design and formulation;

e)    there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)    consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

7.    One or more of the defects described above was a substantial

factor in causing the injuries to the plaintiff.

8.    The subject VIOXX designed and sold by MERCK was expected to

and did reach the consumer without substantial change in condition.

9.    The defendant expressly warranted that the subject VIOXX was

safe for its intended uses, including the uses to which it was put by the plaintiff.

10.    The defendant breached these express warranties.

11.    The breach of these express warranties by the defendants was a

substantial factor in causing the injuries to the plaintiff as described in this

complaint.

12.    The defendant impliedly warranted that the subject VIOXX was of

merchantable quality.

13.    The defendant breached this implied warranty of merchantability.

14.    The breach of this implied warranty of merchantability by the

defendant was a substantial factor in causing the injuries to the plaintiff as

described in this complaint.

15.    The defendant was negligent in one or more of the following ways:

a)    it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)    it failed to include adequate information or warnings with the
      medication that would alert plaintiff to refrain from use of VIOXX
      without first attempting traditional NSAIDs.

c)    it failed to adequately and properly test VIOXX before and after
      placing it on the market;

d)    it failed to conduct sufficient testing on VIOXX;

e)    it failed to warn of the risk of heart attack, stroke, and sudden
      death;

f)    it failed to provide adequate post marketing instructions regarding
      the risks of VIOXX use; and

g)    it failed to warn that VIOXX should not be used in conjunction with
      other risk factors such as family history of heart disease

16.   The negligence of the defendants was a substantial factor in

causing the injuries to the plaintiff as described in this complaint.

17.   As a result of the defective and unreasonably dangerous condition

of VIOXX and/or the failure to warn of the defective and unreasonably dangerous

nature of VIOXX and/or the breach of express and/or implied warranties and/or

the defendant's negligence, the plaintiff suffered a heart attack.

18.    As a further result, the plaintiff was caused to suffer an impairment

of her earning capacity, an impairment of her capacity to carry on and enjoy all of

life's other activities, medical expenses past and future, and pain and suffering

## COUNT TWENTY EIGHT  – CUTLER - PUNITIVE DAMAGES

1. - 6.  Paragraphs 1. through 6. of Count Twenty Seven are hereby

incorporated and realleged as paragraphs 1. through 6. of this Count Twenty

Eight.

7.     The defendant MERCK acted with reckless disregard for the safety

of users of its product, VIOXX in one or more of the following ways:

a)     the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact the MERCK and its agents, servants, and employees were aware of those risks;

b)     they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)     they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)     they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)     they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)     they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.     The subject VIOXX was expected to and did reach the consumer

without substantial change in condition.

9.     As a result of the defendants' reckless disregard of product users,

the plaintiff has been caused to suffer a heart attack.

10.     As a further result, the plaintiff was caused to suffer an impairment

of her earning capacity, an impairment of her capacity to carry on and enjoy all of

life's other activities, medical expenses past and future, and pain and suffering

## COUNT TWENTY NINE –CUTLER - CUTPA

1. - 10.  The allegations of paragraphs 1. - 10. of Count Twenty Eight are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Twenty Nine

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of CUTPA.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.   As a result of the defendants' deceptive acts, the plaintiff has been caused to suffer a heart attack and the other damages alleged above in paragraph 10.

## COUNT THIRTY – SARA PANTOJA - PRODUCTS LIABILITY

1.   At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.    The defendant MERCK is a Product Seller.

3.    On and for some time before December 2003, the plaintiff Sara

Pantoja had been prescribed VIOXX by her doctor. Per her doctor's orders, Sara

Pantoja regularly consumed VIOXX.

4.    The VIOXX consumed by the plaintiff was designed, manufactured,

tested and/or sold by the defendant MERCK.

5.    As a result of the plaintiff's consumption of the drug VIOXX, she

was caused to suffer a heart attack.

6.    At the time of its sale or distribution and continuing through the date

of her heart attack, VIOXX was in a defective condition unreasonably dangerous

to the plaintiff and others in one or more of the following ways:

a)    it was not accompanied by proper warnings regarding all possible
adverse side effects regarding its use;

b)    adequate testing was not performed that would have shown
that VIOXX possessed serious potential side effects with
respect to which full warnings were necessary;

c)    there was no adequate post-marketing warning and instruction;

d)    the foreseeable risks of the use of VIOXX significantly exceeded
the benefits associated with its design and formulation;

e)    there were inadequate clinical trials, testing and study which would
have uncovered serious risks associated with the product; and

f)    consumers were unaware that for a small reduction in pain, they
were risking sudden death, heart attacks, and stroke from the use
of VIOXX.

7.    One or more of the defects described above was a substantial

factor in causing the injuries to the plaintiff.

8.    The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

9.    The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

10.    The defendant breached these express warranties.

11.    The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

12.    The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

13.    The defendant breached this implied warranty of merchantability.

14.    The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

15.    The defendant was negligent in one or more of the following ways:

a)    it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)    it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)    it failed to adequately and properly test VIOXX before and after placing it on the market;

d)    it failed to conduct sufficient testing on VIOXX;

e)    it failed to warn of the risk of heart attack, stroke, and sudden death;

f)      it failed to provide adequate post marketing instructions regarding
        the risks of VIOXX use; and

g)      it failed to warn that VIOXX should not be used in conjunction with
        other risk factors such as family history of heart disease

16.     The negligence of the defendants was a substantial factor in

causing the injuries to the plaintiff as described in this complaint.

17.     As a result of the defective and unreasonably dangerous condition

of VIOXX and/or the failure to warn of the defective and unreasonably dangerous

nature of VIOXX and/or the breach of express and/or implied warranties and/or

the defendant's negligence, the plaintiff suffered a heart attack.

18.     As a further result, the plaintiff was caused to suffer an impairment

of her capacity to carry on and enjoy all of life's other activities, medical

expenses past and future, and pain and suffering


**COUNT THIRTY-ONE – PANTOJA - PUNITIVE DAMAGES**

1. - 6.  Paragraphs 1. through 6. of Count Thirty are hereby incorporated

and realleged as paragraphs 1. through 6. of this Count Thirty-One.

7.      The defendant MERCK acted with reckless disregard for the safety

of users of its product, VIOXX in one or more of the following ways:

a)      the product was not accompanied by proper warnings regarding all
        possible adverse side effects regarding its use despite the fact the
        MERCK and its agents, servants, and employees were aware of
        those risks;

b)      they refused to perform testing that they suspected would
        have shown that VIOXX possessed serious potential side
        effects with respect to which full warnings were necessary;

c)     they refused to provide adequate post-marketing warning and
       instruction despite spending tens of millions of dollars on a direct to
       consumer marketing campaign;

d)     they misled the public into believing that the foreseeable risks of the
       use of VIOXX were de minimus in relation to the benefits
       associated with its' design and formulation;

e)     they failed to perform adequate clinical trials, testing and study
       which would have uncovered enormous risks associated with the
       product; and

f)     they kept consumers ignorant of the fact that for a small reduction
       in pain, they were risking sudden death, heart attacks, and stroke
       from the use of VIOXX.

8.     The subject VIOXX was expected to and did reach the consumer

without substantial change in condition.

9.     As a result of the defendants' reckless disregard of product users,

the plaintiff has been caused to suffer a heart attack.

10.    As a further result, the plaintiff was caused to suffer an impairment

of her capacity to carry on and enjoy all of life's other activities, medical

expenses past and future, and pain and suffering

## COUNT THIRTY TWO --PANTOJA - CUTPA

1. - 10.  The allegations of paragraphs 1. - 10. of Count Thirty-One are

hereby incorporated and realleged as paragraphs 1. - 10. of this Count Thirty

Two.

11.  The defendants engaged in unfair methods of competition and/or

unfair or deceptive acts or practices in the conduct of its trade or commerce in

violation of CUTPA.

12. The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13. As a result of the defendants' deceptive acts, the plaintiff has been caused to suffer a heart attack and the other damages alleged above in paragraph 10.

## COUNT THIRTY THREE – CHARLES DUKES – PRODUCTS LIABILITY

1. At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2. The defendant MERCK is a Product Seller.

3. On and for some time before May 2004 the plaintiff Charles Dukes had been prescribed VIOXX by his doctor. Per his doctor's orders, Charles Dukes regularly consumed VIOXX.

4. The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

5. As a result of the plaintiff's consumption of the drug VIOXX, he was caused to suffer a stroke.

6.     At the time of its sale or distribution and continuing through the date

of his stoke, VIOXX was in a defective condition unreasonably dangerous to the

plaintiff and others in one or more of the following ways:

a)     it was not accompanied by proper warnings regarding all possible
       adverse side effects regarding its use;

b)     adequate testing was not performed that would have shown
       that VIOXX possessed serious potential side effects with
       respect to which full warnings were necessary;

c)     there was no adequate post-marketing warning and instruction;

d)     the foreseeable risks of the use of VIOXX significantly exceeded
       the benefits associated with its design and formulation;

e)     there were inadequate clinical trials, testing and study which would
       have uncovered serious risks associated with the product; and

f)     consumers were unaware that for a small reduction in pain, they
       were risking sudden death, heart attacks, and stroke from the use
       of VIOXX.

7.     One or more of the defects described above was a substantial

factor in causing the injuries to the plaintiff.

8.     The subject VIOXX designed and sold by MERCK was expected to

and did reach the consumer without substantial change in condition.

9.     The defendant expressly warranted that the subject VIOXX was

safe for its intended uses, including the uses to which it was put by the plaintiff.

10.    The defendant breached these express warranties.

11.    The breach of these express warranties by the defendants was a

substantial factor in causing the injuries to the plaintiff as described in this

complaint.

12.    The defendant impliedly warranted that the subject VIOXX was of

merchantable quality.

13.    The defendant breached this implied warranty of merchantability.

14.    The breach of this implied warranty of merchantability by the

defendant was a substantial factor in causing the injuries to the plaintiff as

described in this complaint.

15.    The defendant was negligent in one or more of the following ways:

a)    it failed to include adequate warnings with the medication that
      would alert the plaintiff and other consumers to the potential risks
      and serious side effects of VIOXX ingestion;

b)    it failed to include adequate information or warnings with the
      medication that would alert plaintiff to refrain from use of VIOXX
      without first attempting traditional NSAIDs.

c)    it failed to adequately and properly test VIOXX before and after
      placing it on the market;

d)    it failed to conduct sufficient testing on VIOXX;

e)    it failed to warn of the risk of heart attack, stroke, and sudden
      death;

f)    it failed to provide adequate post marketing instructions regarding
      the risks of VIOXX use; and

g)    it failed to warn that VIOXX should not be used in conjunction with
      other risk factors such as family history of heart disease

16.    The negligence of the defendants was a substantial factor in

causing the injuries to the plaintiff as described in this complaint.

17.    As a result of the defective and unreasonably dangerous condition

of VIOXX and/or the failure to warn of the defective and unreasonably dangerous

nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered a stroke.

18. As a further result, the plaintiff was caused to suffer an impairment of his capacity to carry on and enjoy all of life's other activities, medical expenses past and future, and pain and suffering

## COUNT THIRTY FOUR – DUKES - PUNITIVE DAMAGES

1. - 6. Paragraphs 1. through 6. of Count Thirty Three are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Thirty Four.

7. The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

a) the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact the MERCK and its agents, servants, and employees were aware of those risks;

b) they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c) they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d) they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e) they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f) they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.     The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.     As a result of the defendants' reckless disregard of product users, the plaintiff has been caused to suffer a stroke.

10.     As a further result, the plaintiff was caused to suffer an impairment of his capacity to carry on and enjoy all of life's other activities, medical expenses past and future, and pain and suffering

## COUNT THIRTY FIVE –DUKES - CUTPA

1. - 10.  The allegations of paragraphs 1. - 10. of Count Thirty Four are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Thirty Five.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of CUTPA.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.     As a result of the defendants' deceptive acts, the plaintiff has been caused to suffer a stroke and the other damages alleged above in paragraph 10.

**COUNT THIRTY SIX – JO-ANN PINTER – PRODUCTS LIABILITY**

1.      At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.      The defendant MERCK is a Product Seller.

3.      On and for some time before March 2002 the plaintiff Jo-Ann Pinter had been prescribed VIOXX by her doctor. Per her doctor's orders, Jo-Ann Pinter regularly consumed VIOXX.

4.      The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

5.      As a result of the plaintiff's consumption of the drug VIOXX, she was caused to suffer a heart attack.

6.      At the time of its sale or distribution and continuing through the date of her heart attack, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

    a)      it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

    b)      adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

    c)      there was no adequate post-marketing warning and instruction;

      d)      the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

      e)      there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

      f)      consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

7.      One or more of the defects described above was a substantial factor in causing the injuries to the plaintiff.

8.      The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

9.      The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

10.      The defendant breached these express warranties.

11.      The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

12.      The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

13.      The defendant breached this implied warranty of merchantability.

14.      The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

15.      The defendant was negligent in one or more of the following ways:

a)   it failed to include adequate warnings with the medication that
     would alert the plaintiff and other consumers to the potential risks
     and serious side effects of VIOXX ingestion;

b)   it failed to include adequate information or warnings with the
     medication that would alert plaintiff to refrain from use of VIOXX
     without first attempting traditional NSAIDs.

c)   it failed to adequately and properly test VIOXX before and after
     placing it on the market;

d)   it failed to conduct sufficient testing on VIOXX;

e)   it failed to warn of the risk of heart attack, stroke, and sudden
     death;

f)   it failed to provide adequate post marketing instructions regarding
     the risks of VIOXX use; and

g)   it failed to warn that VIOXX should not be used in conjunction with
     other risk factors such as family history of heart disease

16.   The negligence of the defendants was a substantial factor in

causing the injuries to the plaintiff as described in this complaint.

17.   As a result of the defective and unreasonably dangerous condition

of VIOXX and/or the failure to warn of the defective and unreasonably dangerous

nature of VIOXX and/or the breach of express and/or implied warranties and/or

the defendant's negligence, the plaintiff suffered a heart attack.

18.   As a further result, the plaintiff was caused to suffer an impairment

of her capacity to carry on and enjoy all of life's other activities, medical

expenses past and future, and pain and suffering

## COUNT THIRTY SEVEN – PINTER - PUNITIVE DAMAGES

1. - 6.  Paragraphs 1. through 6. of Count Thirty Six are hereby

incorporated and realleged as paragraphs 1. through 6. of this Count Thirty

Seven.

    7.     The defendant MERCK acted with reckless disregard for the safety

of users of its product, VIOXX in one or more of the following ways:

    a)    the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact the MERCK and its agents, servants, and employees were aware of those risks;

    b)    they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

    c)    they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

    d)    they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

    e)    they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

    f)    they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

    8.     The subject VIOXX was expected to and did reach the consumer

without substantial change in condition.

    9.     As a result of the defendants' reckless disregard of product users,

the plaintiff has been caused to suffer a heart attack.

10.     As a further result, the plaintiff was caused to suffer an impairment of her capacity to carry on and enjoy all of life's other activities, medical expenses past and future, and pain and suffering

## COUNT THIRTY EIGHT –PINTER - CUTPA

1. - 10.  The allegations of paragraphs 1. - 10. of Count Thirty Seven are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Thirty Eight.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of CUTPA.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.     As a result of the defendants' deceptive acts, the plaintiff has been caused to suffer a heart attack and the other damages alleged above in paragraph 10.

**WHEREFORE**, PLAINTIFFS CLAIM DAMAGES IN EXCESS OF FIFTEEN
THOUSAND ($15,000.00) DOLLARS, AS WELL AS PUNITIVE DAMAGES
PURSUANT TO GENERAL STATUTES §§ 42-110g(a) & 52-240a AND
ATTORNEYS FEES PURSUANT TO GENERAL STATUTES § 42-110g(d), AND
THIS MATTER IS WITHIN THE JURISDICTION OF THIS COURT.

THE PLAINTIFFS,

BY:_____

MICHAEL A. STRATTON
STRATTON FAXON
59 ELM STREET
NEW HAVEN, CT 06510
TEL: (203) 624-9500
JURIS NO. CT08166