UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | * * * * * * * * * * * * | MDL No. 1657<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE<br>DANIEL E. KNOWLES, III |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO:** *Patricia A. Creel, et al. v. Merck & Co., Inc.*, **06-6411.**

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel,

answers the Plaintiffs' Complaint as follows:

### RESPONSE TO COMPLAINT

### RESPONSE TO "NATURE OF THE ACTION"

1.     Denies each and every allegation contained in paragraph 1 of the

Complaint, except admits that Merck manufactured, marketed, and distributed the prescription

medicine Vioxx® ("Vioxx") until it voluntarily withdrew Vioxx from the worldwide market on

September 30, 2004.   Merck further admits that Plaintiffs purport to seek damages but denies

that there is any legal or factual basis for such relief.

## RESPONSE TO
## "PARTIES"

2.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 2 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 2 of the Complaint, except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

3.      Admits the allegations contained in paragraph 3 of the Complaint that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

4.      Denies each and every allegation contained in paragraph 4 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## RESPONSE TO
## "JURISDICTION AND VENUE"

5.      The allegations contained in paragraph 5 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 5 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiffs purport to state a claim in excess of $75,000 but denies that there is any legal or factual basis for such relief.

6.      The allegations contained in paragraph 6 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed

required, Merck denies each and every allegation contained in paragraph 6 of the Complaint, except admits that there is a multidistrict litigation ("MDL") related to the prescription medicine Vioxx and that the MDL Court has issued Orders relating to venue, and respectfully refers the Court to those Orders for their actual content and full effect.

## RESPONSE TO
## "FACTUAL BACKGROUND – MERCK'S MARKETING OF VIOXX"

7.      Denies each and every allegation contained in paragraph 7 of the Complaint, except admits that Vioxx reduces pain and inflammation and that the mechanism of action for Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2"). Merck further admits that Vioxx is the brand name for rofecoxib,

8.      Denies each and every allegation contained in paragraph 8 of the Complaint and avers that Vioxx was approved by the U.S. Food & Drug Administration ("FDA") as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

9.      Denies each and every allegation contained in paragraph 9 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

10.     Denies each and every allegation contained in paragraph 10 of the Complaint.

11.     Denies each and every allegation contained in paragraph 11 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

12.     Denies each and every allegation contained in paragraph 12 of the Complaint.

13.     Denies each and every allegation contained in paragraph 13 of the Complaint.

14.     Denies each and every allegation contained in paragraph 14 of the Complaint.

15.     Denies each and every allegation contained in paragraph 15 of the Complaint.

16.     Denies each and every allegation contained in paragraph 16 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

17.     Denies each and every allegation contained in paragraph 17 of the Complaint, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

18.     The allegations contained in the first sentence of paragraph 18 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx. Merck denies each and every allegation contained in the second sentence of paragraph 18 of the Complaint.

19.     Denies each and every allegation contained in paragraph 19 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

20.     Denies each and every allegation contained in paragraph 20 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

22.     Denies each and every allegation contained in paragraph 22 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

29.     Denies each and every allegation contained in paragraph 29 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

30.     Denies each and every allegation contained in paragraph 30 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

32.     Denies each and every allegation contained in paragraph 32 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

34.     Denies each and every allegation contained in paragraph 34 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

35.     Denies each and every allegation contained in paragraph 35 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

36.     Denies each and every allegation contained in paragraph 36 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

37.     Denies each and every allegation contained in paragraph 37 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

38.     Denies each and every allegation contained in paragraph 38 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

39.     Denies each and every allegation contained in paragraph 39 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

40.     Denies each and every allegation contained in paragraph 40 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

41.     Denies each and every allegation contained in paragraph 41 of the Complaint.

**RESPONSE TO**
**"CAUSES OF ACTION"**

**RESPONSE TO**
**"COUNT I (STRICT PRODUCTS LIABILITY)"**

42. With respect to the allegations contained in paragraph 42 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 41 of this Answer with the same force and effect as though set forth here in full.

43. Denies each and every allegation contained in paragraph 43 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

44. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 44 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 44 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

45. Denies each and every allegation contained in paragraph 45 of the Complaint, including its subparts a though d, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

46.   Denies each and every allegation contained in paragraph 46 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the market on September 20, 2004.

47.   Denies each and every allegation contained in paragraph 47 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

48.   Denies each and every allegation contained in paragraph 48 of the Complaint.

49.   Denies each and every allegation contained in paragraph 49 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

50.   Denies each and every allegation contained in paragraph 50 of the Complaint.

51.   Denies each and every allegation contained in paragraph 51 of the Complaint.

52.   Denies each and every allegation contained in paragraph 52 of the Complaint.

53.   The allegations contained in paragraph 53 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in paragraph 53 of the Complaint.

## RESPONSE TO "COUNT II - (BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY)"

54.   With respect to the allegations contained in paragraph 54 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement

contained in paragraphs 1 through 53 of this Answer with the same force and effect as though set forth here in full.

     55.    The allegations contained in paragraph 55 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 55 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

     56.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 56 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 56 of the Complaint.

     57.    Denies each and every allegation contained in paragraph 57 of the Complaint.

     58.    Denies each and every allegation contained in paragraph 58 of the Complaint.

     59.    Denies each and every allegation contained in paragraph 59 of the Complaint.

     60.    The allegations contained in paragraph 60 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 60 of the Complaint.

## RESPONSE TO
## "COUNT III (NEGLIGENCE)"

61.     With respect to the allegations contained in paragraph 61 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 60 of this Answer with the same force and effect as though set forth here in full.

62.     Denies each and every allegation contained in paragraph 62 of the Complaint, including its subparts a through d, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the market on September 20, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

63.     Denies each and every allegation contained in paragraph 63 of the Complaint.

64.     Denies each and every allegation contained in paragraph 64 of the Complaint.

65.     The allegations contained in paragraph 65 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 65 of the Complaint.

## RESPONSE TO
## "COUNT IV (MALICIOUS CONDUCT)"

66.     With respect to the allegations contained in paragraph 66 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 65 of this Answer with the same force and effect as though set forth here in full.

67.     Denies each and every allegation contained in paragraph 67 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

68.     Denies each and every allegation contained in paragraph 68 of the Complaint, including its subparts a through c, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

69.     Denies each and every allegation contained in paragraph 69 of the Complaint.

70.     Denies each and every allegation contained in paragraph 70 of the Complaint.

71.     Denies each and every allegation contained in paragraph 71 of the Complaint.

72.     The allegations contained in paragraph 72 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 72 of the Complaint.

**RESPONSE TO**
**"COUNT V (FRAUD, MISREPRESENTATION AND SUPPRESSION)"**

73.     With respect to the allegations contained in paragraph 73 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 72 of this Answer with the same force and effect as though set forth here in full.

74.     The allegations contained in paragraph 74 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed

required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

75.    Denies each and every allegation contained in paragraph 75 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

76.    Denies each and every allegation contained in paragraph 76 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

77.    Denies each and every allegation contained in paragraph 77 of the Complaint.

78.    Denies each and every allegation contained in paragraph 78 of the Complaint.

79.    Denies each and every allegation contained in paragraph 79 of the Complaint.

80.    Denies each and every allegation contained in paragraph 80 of the Complaint.

81.    Denies each and every allegation contained in paragraph 81 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

82.     Denies each and every allegation contained in paragraph 82 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

83.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 83 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 83 of the Complaint.

84.     Denies each and every allegation contained in paragraph 84 of the Complaint.

85.     The allegations contained in paragraph 85 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

86.     Denies each and every allegation contained in paragraph 86 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

87.     Denies each and every allegation contained in paragraph 87 of the Complaint.

88.     Denies each and every allegation contained in paragraph 88 of the Complaint.

89.     The allegations contained in paragraph 89 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 89 of the Complaint.

## RESPONSE TO
## "COUNT VI (PUNITIVE DAMAGES)"

90.     With respect to the allegations contained in paragraph 90 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 89 of this Answer with the same force and effect as though set forth here in full.

91.     Denies each and every allegation contained in paragraph 91 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

92.     Denies each and every allegation contained in paragraph 92 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

93.     Denies each and every allegation contained in paragraph 93 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

94.     Denies each and every allegation contained in paragraph 94 of the Complaint.

95.     The allegations contained in paragraph 95 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 95 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "COUNT VII (WRONGFUL DEATH)"

96.     With respect to the allegations contained in paragraph 96 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 95 of this Answer with the same force and effect as though set forth here in full.

97.     Denies each and every allegation contained in paragraph 97 of the Complaint.

98.     Denies each and every allegation contained in paragraph 98 of the Complaint.

99.     The allegations contained in paragraph 99 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 99 of the Complaint, except admits that Plaintiff Mary Jackson purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

100.     The allegations contained in paragraph 100 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 100 of the Complaint, except admits that Plaintiff Mary Jackson purports to seek damages but denies that there is any legal or factual basis for such relief.

101.     The allegations contained in paragraph 101 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 101 of the Complaint,

except admits that Plaintiff Mary Jackson purports to seek damages and punitive damages but denies that there is any legal or factual basis for such relief.

**RESPONSE TO**
**"COUNT VIII (LOSS OF CONSORTIUM)"**

102.   With respect to the allegations contained in paragraph 102 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 101 of this Answer with the same force and effect as though set forth here in full.

103.   Denies each and every allegation contained in paragraph 103 of the Complaint.

104.   The allegations contained in paragraph 104 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in paragraph 104 of the Complaint, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

**RESPONSE TO**
**"COUNT IX (SURVIVAL ACTION)"**

105.   With respect to the allegations contained in paragraph 105 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 111 of this Answer with the same force and effect as though set forth here in full.

106.   Denies each and every allegation contained in paragraph 106 of the Complaint.

107.    Denies each and every allegation contained in paragraph 107 of the Complaint.

108.    The allegations contained in paragraph 108 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 108 of the Complaint, except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

109.    The allegations contained in paragraph 109 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 109 of the Complaint, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

### RESPONSE TO
### "RELIEF REQUESTED"

110.    The allegations contained in the unnumbered "Wherefore" paragraph of the Complaint under the heading "Relief Requested" constitute a prayer for relief as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph, including its subparts A through E, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "JURY TRIAL DEMANDED"

111.    The allegations contained in the final, unnumbered paragraph of the Complaint under the heading "Jury Trial Demanded" are legal conclusions as to which no responsive pleading is required.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

112.    The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

113.    The Plaintiffs and/or Decedents were careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiffs and/or Decedents.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

114.    To the extent that Plaintiffs assert claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

115.    To the extent that Plaintiffs assert claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

116.   The Plaintiffs and/or Decedents failed to exercise reasonable care to mitigate their alleged damages.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

117.   Each and every claim asserted or raised in the Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

118.   To the extent that Plaintiffs assert claims in the Complaint based upon an alleged failure by Merck to warn Plaintiffs and/or Decedents directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

119.   The claims of the Plaintiffs are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

120.   The claims of the Plaintiffs are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

121.   The claims of the Plaintiffs are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

122. The claims of the Plaintiffs are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

123. The product conformed to the state-of-the-art for the design and manufacture of such, or similar, products.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

124. The claims of the Plaintiffs are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

125. If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs and/or Decedents knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

126. If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real

or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

127.   To the extent that Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

128.   If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiffs and/or Decedents or natural course of conditions for which this Defendant is not responsible.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

129.   If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiffs and/or Decedents or abuse of Vioxx.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

130.   The claims of Plaintiffs are barred in whole or in part by the First Amendment of the Constitution of the United States of America and comparable state law provisions.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

131.    To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs and/or Decedents did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

132.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

133.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

134.    To the extent that Plaintiffs seek punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

135.    To the extent Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

### AS FOR A TWENTY-FIFTH
### DEFENSE, MERCK ALLEGES:

136.    The demand for punitive damages by the Plaintiffs is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A TWENTY-SIXTH
### DEFENSE, MERCK ALLEGES:

137.    To the extent that Plaintiffs assert claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to their claims, Plaintiffs have failed to allege facts that would overcome the defenses available under that state products liability law.

### AS FOR A TWENTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

138.    The claims of Plaintiffs are barred, in whole or in part, because one or more Plaintiffs lack capacity and/or standing to bring such claims.

### AS FOR A TWENTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

139.    To the extent that Plaintiffs assert claims against Merck based on fraud and/or concealment, these claims are barred by reason of the failure of Plaintiffs to allege the circumstances constituting fraud and concealment with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

### AS FOR A TWENTY-NINTH
### DEFENSE, MERCK ALLEGES:

140.    Merck further states that any warnings which were given were transmitted to the prescribing health care provider, and that under Texas law, Merck's only obligation is to warn the prescribing health care provider and said obligation was fulfilled.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

141.   Merck denies that Plaintiffs and/or Decedents used any product manufactured by Merck as alleged in Plaintiffs' Complaint.

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

142.   If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs and/or Decedents.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

143.   If Plaintiffs and/or Decedents have sustained the injuries and damages alleged in the Complaint, such injuries resulted, in whole or in part, from the culpable conduct and negligence of Plaintiffs and/or Decedents and/or of third parties, not from any negligence or breach of duty by Merck.  If judgment is rendered in Plaintiffs' favor, the amount of such judgment must be reduced pursuant to the Proportionate Responsibility Statute § 33.001, *et seq.* of the Texas Civil Practice & Remedies Code.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

144.   Merck is unaware at this time of any settlements by any alleged joint tortfeasor.  In the event any settlement is or has been made by any alleged joint tortfeasor, however, then Merck is entitled to a full credit, offset, pro rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling party, person, or other entity herein, and Merck makes known to the other parties and to the court that it will avail itself of its rights under §§ 33.012 *et seq.* of the Texas Civil Practice & Remedies Code.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

145.    Merck would show that the occurrences and injuries alleged by Plaintiffs resulted from an intervening cause or a new and independent cause which was the proximate and/or producing cause and/or the sole proximate and/or sole cause of the occurrences and injuries alleged by Plaintiffs.  Moreover, the occurrences and injuries were caused by separate and independent events or agencies not reasonably foreseeable.  Such separate and independent events or agencies destroy the causal connection, if any, between any alleged breach of legal duty on the part of Merck and the occurrences and injuries alleged by Plaintiffs, and thereby become the immediate and/or sole cause and/or sole proximate cause of such occurrences and injuries, relieving Merck of liability to Plaintiffs or any other parties.

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

146.    If Plaintiffs and/or Decedents have sustained the injuries or incurred the expenses alleged, the same may have been caused, in whole or in part, by operation of nature or act of God.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

147.    If Plaintiffs and/or Decedents have sustained the injuries or incurred the expenses alleged, the same may have been caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of Merck.

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

148.    Merck states that the benefits of the product at issue outweigh the risks, if any, which may be attendant to its use.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

149.    Merck fully asserts § 82.001 and § 82.007 of the Texas Civil Practice and

Remedies Code and states that all of Plaintiffs' claims are barred under those sections.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

150.    To the extent Plaintiffs seek recovery for benefits entitled to be received or

actually received from any other source for injuries alleged in the Complaint, such benefits are

not recoverable in this action.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

151.    Any claims for exemplary damages are limited by Section 41.008 of the

Texas Civil Practice and Remedies Code to two times the amount of actual damages or

$200,000, whichever is greater.   Merck asserts all other defenses and limitations on punitive

damages contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

## AS FOR A FORTY-FIRST
## DEFENSE, MERCK ALLEGES:

152.    Any claim for punitive damages against Merck cannot be sustained,

because an award of punitive damages under Texas law without proof of every element beyond a

reasonable doubt would violate Merck's rights under Amendments IV, V, VI and XIV of the

United States Constitution and under Sections 9, 10, 14 and 19 of Article I of the Texas

Constitution.

## AS FOR A FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

153.    Unless Merck's liability for punitive damages and the appropriate amount

of punitive damages are each required to be established by clear and convincing evidence under

Texas law, any awards of punitive damages would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

### AS FOR A FORTY-THIRD
### DEFENSE, MERCK ALLEGES:

154. Any claims for punitive damages against Merck cannot be sustained, because any award of punitive damages under Texas law without bifurcating the trial as to all punitive damages issues would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

### AS FOR A FORTY-FOURTH
### DEFENSE, MERCK ALLEGES:

155. Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law subject to no pre-determined limit, either a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

### AS FOR A FORTY-FIFTH
### DEFENSE, MERCK ALLEGES:

156. Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law by a jury that (1) is not provided any standard of sufficient clarity for determining the appropriateness, or the appropriate size of any punitive damages award, (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from

awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

### AS FOR A FORTY-SIXTH
### DEFENSE, MERCK ALLEGES:

157.   Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law for the purpose of compensating Plaintiffs for elements of damages not otherwise recognized by Texas law would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

### AS FOR A FORTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

158.   Merck asserts that the determination of the amount of punitive damages, if any, shall be bifurcated from the remaining issues pursuant to *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

### AS FOR A FORTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

159.   Vioxx is a prescription pharmaceutical that was available only upon the prescription of a licensed physician, and persons other than Merck, including Plaintiffs' and/or Decedents' treating physicians and health care personnel and institutions, stood in the position of

learned intermediaries between Merck and Plaintiffs and/or Decedents.   Any claims against

Merck accordingly are barred in whole or in part by the learned intermediary doctrine.

## AS FOR A FORTY-NINTH
## DEFENSE, MERCK ALLEGES:

160.   Plaintiffs' claims are barred as a matter of law pursuant to Restatement

(Third) of Torts §§ 2, 4, and 6.

## AS FOR A FIFTIETH
## DEFENSE, MERCK ALLEGES:

161.   Plaintiffs' claims relating to alleged communications with regulatory

agencies of the United States government are barred in whole or in part by operation of

applicable law, including First Amendment rights to petition the government.

## AS FOR A FIFTY-FIRST
## DEFENSE, MERCK ALLEGES:

162.   Imposition of punitive or exemplary damages violates the Sixth

Amendment of the United States Constitution because Merck is not informed of the nature and

cause of the accusation against it; thus, the allegations are void for vagueness.

## AS FOR A FIFTY-SECOND
## DEFENSE, MERCK ALLEGES:

163.   The imposition of punitive damages violates the open courts provision of

the Texas Constitution.

## AS FOR A FIFTY-THIRD
## DEFENSE, MERCK ALLEGES:

164.   The provisions of California Civil Code § 1431.2 are applicable to the

Complaint and each cause of action therein.

## AS FOR A FIFTY-FOURTH
## DEFENSE, MERCK ALLEGES:

165.    Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), California Business and Professions Code § 17208, and California Civil Code § 1783.

## AS FOR A FIFTY-FIFTH
## DEFENSE, MERCK ALLEGES:

166.    Merck alleges that if Plaintiffs and/or Decedents have sustained injury or loss as alleged in the Complaint, such injury or loss may have been caused by parties other than Merck, or third persons not parties to this action, who may have been negligent, legally responsible, or otherwise at fault.  In the event of a finding of liability in favor of Plaintiffs, a settlement, or a judgment against Merck, Merck requests an apportionment of fault among all parties and third persons as permitted by *Li v. Yellow Cab Company*, 532 P.2d 1226 (Cal. 1975), and *America Motorcycle Association v. Superior Court*, 578 P.2d 899 (Cal. 1978).  Merck also requests a judgment and declaration of partial indemnification and contribution against all other parties or third persons in accordance with the apportionment of fault.

## AS FOR A FIFTY-SIXTH
## DEFENSE, MERCK ALLEGES:

167.    The Plaintiffs' claims are barred in whole or in part by the First Amendment of the United States Constitution and similar provisions in the Constitution of the State of California which protect, among other things, the Defendant's right to promote and advertise the subject pharmaceutical product.

## AS FOR A FIFTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

168.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was oppressive, fraudulent, or malicious, under California Civil Code § 3294, and therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code § 3294(b).

## AS FOR A FIFTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

169.    Plaintiffs' claims under Business and Professions Code §§ 17200, et seq. and 17500, et seq. are barred in whole or in part because Merck's conduct and all activities with respect to the subject pharmaceutical product manufactured or distributed by Merck were lawful, fair, truthful, not misleading or deceptive, and were justified based on the state of medical and scientific knowledge available during the relevant time period.

## AS FOR A FIFTY-NINTH
## DEFENSE, MERCK ALLEGES:

170.    Plaintiffs' claims under Business and Professions Code §§ 17200, et seq. and 17500, et seq. are barred in whole or in part because all of Merck's activities as alleged in the Complaint were in compliance with the applicable laws, regulations, and rules, and thus cannot be deemed unlawful, unfair, fraudulent, deceptive, untrue, or misleading.

## AS FOR A SIXTIETH
## DEFENSE, MERCK ALLEGES:

171.    Plaintiffs' claims under Business and Professions Code §§ 17200, et seq. and 17500, et seq. are barred in whole or in part because Plaintiffs do not qualify as a private attorney general, and for that reason and others, Plaintiffs lack standing to prosecute a claim for injunctive or monetary relief.

## AS FOR A SIXTY-FIRST
## DEFENSE, MERCK ALLEGES:

172.    Plaintiffs' claims under Business and Professions Code §§ 17200, et seq. and 17500, et seq. are barred in whole or in part because there is no basis for injunctive relief in this action.

## AS FOR A SIXTY-SECOND
## DEFENSE, MERCK ALLEGES:

173.    Plaintiffs' claims under Business and Professions Code §§ 17200, et seq. and 17500 et seq. are barred in whole or in part by the doctrine of primary jurisdiction in that the subject pharmaceutical product manufactured or distributed by Merck and any advertisement regarding such product are regulated by the FDA and as such, Merck requests that this Court, sitting in equity, abstain from hearing claims under Sections 17200 et seq. and 17500 et seq.

## AS FOR A SIXTY-THIRD
## DEFENSE, MERCK ALLEGES:

174.    Plaintiffs are not entitled to relief under Business and Professions Code §§ 17200, et seq. and 17500 et seq. because Plaintiffs have an adequate remedy at law.

## AS FOR A SIXTY-FOURTH
## DEFENSE, MERCK ALLEGES:

175.    Plaintiffs' claims under Business and Professions Code §§ 17200, et seq. and 17500 et seq. are barred in whole or in part under principles of substantive and procedural due process.

## AS FOR A SIXTY-FIFTH
## DEFENSE, MERCK ALLEGES:

176.    Merck demands a trial by jury of all issues.

## AS FOR A SIXTY-SIXTH
## DEFENSE, MERCK ALLEGES:

177.    Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

## AS FOR A SIXTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

178.    Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.      That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' Complaint with prejudice against Merck with costs assessed to Plaintiffs;

2.      Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.      Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated: November 16, 2006

Respectfully submitted,

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Melissa V. Beaugh, 28250
      Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
      Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has

been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or

by hand delivery and e-mail and upon all parties by electronically uploading the same to

LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the

foregoing was electronically filed with the Clerk of Court of the United States District Court for

the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of

Electronic Filing in accordance with the procedures established in MDL No. 1657, on this 15

day of November, 2006.

Melissa V. Reaup