UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® PRODUCTS LIABILITY LITIGATION | * * * * | MDL Docket No. 1657 SECTION L |
| This document relates to | * * | JUDGE FALLON |
| ANTHONY WAYNE DEDRICK | * * | MAGISTRATE JUDGE KNOWLES |
| Plaintiff, | * * | |
| V. | * * | **MERCK'S COVER MEMORANDUM FOR** |
| MERCK & CO., INC., | * * | **DR. WILLIAM COLTHARP** |
| Defendant. | * * | |
| Civil Action No. 2:05cv2524 | * | |
| * * * * * * * * * * * * * * * * * * * * * * * | * | |

    Merck calls the Court's attention to three specific categories of Merck's objections to Plaintiff's designations for Dr. William Coltharp.

    Dr. Coltharp is a cardiovascular surgeon who performed a coronary artery bypass surgery on Mr. Dedrick on January 13, 2003, shortly after his myocardial infarction. Dr. Coltharp did not prescribe Vioxx for Mr. Dedrick.

    **1. Questions calling for speculation and expert testimony.**

    Plaintiff's counsel posed several questions to Dr. Coltharp asking him to speculate about topics about which he has no personal knowledge, topics on which he is not qualified to offer expert testimony, and topics where his testimony is irrelevant.

- First, Dr. Coltharp's (inaccurate) testimony regarding why Vioxx is not on the market is not based on personal knowledge and should be excluded. (*See* Coltharp Dep. at 186:7 – 186:13 (erroneously stating that FDA pulled Vioxx).)

- Second, questions asking Dr. Coltharp what he *might think important* to consider in

forming an opinion about whether Vioxx played a role in Mr. Dedrick's heart attack are irrelevant and call for speculation. Dr. Coltharp has not offered opinions about whether Vioxx increases the risk of heart attacks, and not appropriate to ask him about what someone else who might have an opinion on this would want to know. *See* 188:22 – 189:5 (below); *see also* at 189:6 – 190:15.

> Q. In making or in -- in making a determination as to whether or not Vioxx played a role in Mr. Dedrick's heart attack or in the development of coronary artery disease, would it be important for you to have an understanding as to whether or not Vioxx increased the risk of heart attack?
>
> A. Sure.

- Third, Dr. Coltharp's testimony about what he *might* have told Mr. Dedrick post-surgery about his Vioxx usage if he had known hypothetical facts about Vioxx calls for speculation and is irrelevant, particularly because Dr. Coltharp *did not prescribe Vioxx for Mr. Dedrick*. (*See, e.g.*, 139:14 – 139:23; 183:17 – 184:2; 188:22 – 190:15.)

**2. Graphic description of steps involved in Dedrick's bypass operation.**

Plaintiff's counsel asked Dr. Coltharp to describe the procedures that would have been used in Mr. Dedrick's bypass operation in step-by-step graphic detail. For example:

> Q. You say that you harvested a vein from his leg. Tell us and tell the jury precisely what you did to harvest that vein.
>
> A. I think that this was before we -- we now use a less invasive technique, but we made -- probably we made multiple small incisions, short incisions and followed his -- identified his saphenous vein in his ankle and followed it up and harvested it, removed it from his leg so that we had enough conduit or enough vein to bypass the blockages that we needed it for.

(Deposition of William Coltharp ("Coltharp Dep.") Dep. at 101:22 – 102:7.) This unnecessarily gory testimony, which continues for pages, has no probative value. Presentation of such evidence is a waste of time and serves no purpose other than to attempt to shock the jury. (*See, e.g.*, Coltharp Dep. at 101:5 – 109:4; 112:19 – 116:19; 118:4 – 123:13; and 123:14 – 132:18.)

**3. Leading questions.**

Dr. Coltharp, plaintiff's cardiovascular surgeon, is not a hostile witness to the plaintiff and, therefore, leading questions by plaintiff's counsel are impermissible. Despite timely objections from Merck's counsel, plaintiff asked numerous leading questions throughout the deposition. (*See, e.g.*, 173:15 – 173:19; 178:25 – 179:22; 180:6 – 181:2; 181:10 – 182:13; 188:22 – 190:15; and 190:22 – 191:8.)

Dated:  November 15, 2006

Respectfully submitted,

*/s/ Carrie A. Jablonski*

Phillip A. Wittman, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER WITTMAN L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

-- and –

Philip S. Beck
Mark S. Ouweleen
Carrie A. Jablonski
BARLIT BECK MERMAN PALENCHAR  & SCOTT LLP
54 W. Hubbard Street, Suite 300
Chicago, IL 60610
Phone:  312-494-4400
Fax:     312-494-4440

3

Douglas R. Marvin
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone:  202-434-5000
Fax:     202-434-5029

Attorneys for Merck & Co., Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and forgoing Merck & Co.'s COVER MEMORANDUM FOR DR. WILLIAM COLTHARP has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, on Plaintiff's counsel Andy Birchfield, Jr. by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 15th day of November, 2006.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Dorothy H. Wimberly

　　　　　　　　　　　　　　　　　　　　　　　　Dorothy H. Wimberly, 18509
　　　　　　　　　　　　　　　　　　　　　　　　STONE PIGMAN WALTHER
　　　　　　　　　　　　　　　　　　　　　　　　WITTMANN L.L.C.
　　　　　　　　　　　　　　　　　　　　　　　　546 Carondelet Street
　　　　　　　　　　　　　　　　　　　　　　　　New Orleans, Louisiana  70130
　　　　　　　　　　　　　　　　　　　　　　　　Phone:  504-581-3200
　　　　　　　　　　　　　　　　　　　　　　　　Fax:     504-581-3361
　　　　　　　　　　　　　　　　　　　　　　　　dwimberly@stonepigman.com

　　　　　　　　　　　　　　　　　　　　　　　　Defendants' Liaison Counsel