UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® PRODUCTS LIABILITY LITIGATION | * * * * | MDL Docket No. 1657 SECTION L |
| This document relates to | * * | JUDGE FALLON |
| ANTHONY WAYNE DEDRICK | * * | MAGISTRATE JUDGE KNOWLES |
| Plaintiff, | * * | |
| V. | * * | **MERCK'S COVER MEMORANDUM FOR DR. ESMERALDO HERRERA** |
| MERCK & CO., INC., | * * | |
| Defendant. | * * | |
| Civil Action No. 2:05cv2524 | * * | |
| * * * * * * * * * * * * * * * * * * * * * * * | * | |

Merck calls the Court's attention to three specific categories of Merck's objections to Plaintiff's designations for Dr. Esmeraldo Herrera.

Dr. Herrera has been Mr. Dedrick's treating physician since January 1977. Dr. Herrera prescribed Vioxx 25 milligrams once a day to Mr. Dedrick beginning July 2002 – April 2003.

**1. Hearsay.**

Some of plaintiff's questions to Dr. Herrera call for impermissible hearsay:

- Dr. Herrera's account of what television and magazine stories have allegedly reported is inadmissible hearsay. (*See*, *e.g.*, Herrera Dep. at 179:7 – 179:18.).

- Dr. Herrera's statements regarding alleged conversations with anonymous representatives of Merck should be excluded as inadmissible hearsay because such statements are impossible to test or verify when Merck representatives are not identified. (*See, e.g.*, Herrera Dep. at 165:25 – 166:14; 186:4 – 186:24; and 190:21 – 191:8.)

- Finally, Dr. Herrera's reports of statements his unnamed patients made about their

inability to stop smoking is inadmissible hearsay.  (*See* 183:4 – 183:19.)

All such statements are inadmissible hearsay under Fed. R. Evid. 801 and 802.

**2. Questions calling for speculation.**

Dr. Herrera testified that he does not have the expertise about Vioxx to give opinions about whether Vioxx caused plaintiff's heart attack.  Therefore, statements he made implying that Vioxx caused Mr. Dedrick's heart attack are purely speculative and should be excluded. *See*, *e.g.*, 29:3 – 29:6.

In addition, questions and statements calling for speculation about whether hypothetical facts, if true, would have been important to know are irrelevant and impermissible.

> Q: If Merck scientists had concerns about Vioxx causing plaque buildup, would that be something that's important for you to know as a prescribing doctor?

(Herrera Dep. at 191:23-192:1.)  (S*ee also* 22:2 – 22:15; 72:6 – 73:3; 181:19 – 181:20; 183:17 – 184:2; 185:16 – 186:3; 186:4 – 186:24; and 196:9 – 196:17.)[1]

Despite the fact that Dr. Herrera is one of Mr. Dedrick's treating physicians, it is not proper for counsel to ask him to draw conclusions from hypothetical, unsupported assertions. *See, e.g.*, *United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005) ("the ability to answer hypothetical questions is 'the essential difference' between expert and lay witnesses"); *United States v. Ranney*, 719 F.2d 1183, 1189 n.11 (1st Cir. 1983)).

---

[1] In *Barnett* this court sustained Merck's objections to these "what if" questions that called for speculation. (*See, e.g.*, Rulings on McCaffrey Dep. Objections at 175 (sustaining objections based on speculation where "Counsel ask[ed] Dr. McCaffrey what he would have done had something that never occurred . . . actually occurred").  As in *Barnett*, the questions here about whether Dr. Herrera would have behaved differently if he had been aware of certain facts, especially after Dr. Herrera testified he did not remember what he knew about Vioxx, call for speculation based on incomplete hypothetical situations.

**3.  Leading questions.**

Dr. Herrera, plaintiff's prescribing physician, is not a hostile witness to the plaintiff. Plaintiff's counsel had *ex parte* communications with Dr. Herrera prior to his deposition. Leading questions by plaintiff's counsel are impermissible under these circumstances.  Despite timely objections from Merck's counsel, plaintiff asked numerous leading questions throughout the deposition.  For example:

> Q:  It is a busy practice, and you depend on the sales reps to provide you important information?"

(Herrera Dep. at  176:2 – 176:4)  (S*ee also* 175:14 – 176:9; 182:3 – 182:23; 188:2 – 188:14; 188:15 – 190:20; and 190:21 – 191:8.)

Dated:  November 15, 2006

Respectfully submitted,

/s/ Carrie A. Jablonski
_____

Phillip A. Wittman, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER WITTMAN L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

-- and –

Philip S. Beck
Mark S. Ouweleen
Carrie A. Jablonski
BARLIT BECK MERMAN PALENCHAR  & SCOTT LLP
54 W. Hubbard Street, Suite 300
Chicago, IL 60610
Phone:  312-494-4400

3

Fax: 312-494-4440

Douglas R. Marvin
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:   202-434-5029

Attorneys for Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and forgoing Merck & Co.'s COVER MEMORANDUM FOR DR. ESMERALDO HERRERA has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, on Plaintiff's counsel Andy Birchfield, Jr. by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 15th day of November, 2006.

/s/ Dorothy H. Wimberly

Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel