## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® PRODUCTS LIABILITY LITIGATION | * * * * | MDL Docket No. 1657 SECTION L |
| This document relates to | * * | JUDGE FALLON |
| ANTHONY WAYNE DEDRICK | * * | MAGISTRATE JUDGE KNOWLES |
| Plaintiff, | * * | |
| V. | * * | **MERCK'S COVER MEMORANDUM FOR** |
| MERCK & CO., INC., | * * * | **DR. MARK KOENIG** |
| Defendant. | * * | |
| Civil Action No. 2:05cv2524 | * * | |

* * * * * * * * * * * * * * * * * * * * * * *

Merck calls the Court's attention to five specific categories of Merck's objections to Plaintiff's designations for Dr. Mark Koenig.

Dr. Koenig is an interventional cardiologist who performed a diagnostic cardiac catheterization on Mr. Dedrick on January 10, 2003. Dr. Koenig did not prescribe Vioxx for Mr. Dedrick.

### 1. Testimony concerning Dr. Koenig's views about Vioxx causing heart attacks or what he would have instructed Mr. Dedrick concerning Vioxx.

Plaintiff's counsel asked Dr. Koenig several categories of questions that call for expert testimony and are entirely irrelevant to his role in treating Mr. Dedrick.

Specifically, Dr. Koenig's statements regarding (i) Vioxx literature and (ii) his opinions about whether Vioxx is a cause of heart attacks should be excluded as improper expert testimony and irrelevant. Dr. Koenig is not an expert in Vioxx or in COX-2 inhibitors. (*See, e.g.*,

Deposition of Mark Koenig ("Koenig Dep.") at 86:3 – 86:7 ("Q. I assume you have not studied all the literature carefully in that area --  A. No.  Q. -- to render such an opinion?  A. No, sir."). Nor did Dr. Koenig prescribe Vioxx for Mr. Dedrick.

Further, speculation about what Dr. Koenig would have done if he had known hypothetical facts about the risks of Vioxx should also be excluded.

> Q. And if the literature and the scientific community established that Vioxx accelerated plaque buildup, would you agree -- would you have the opinion that it was a contributing factor in Tony Dedrick's heart attack?
>
>  A. Yes.

(Koenig Dep. at 107:2 – 107:9.)  Also:

> Q.  And you were asked if you would advise Tony Dedrick to stop smoking. If you had known that Vioxx substantially increased the risk of heart attack, would you likewise have instructed him to stop taking Vioxx?
>
> A. Yes, sir.

(Koenig Dep. at 129:23 – 130:5.)  Such statements should be excluded especially in light of Dr. Koenig's testimony that he is not familiar with Vioxx literature and has no opinion whether Vioxx causes heart attacks.  (*See, e.g.*, 105:23 – 106:6; 106:7 – 106:10; 106:13 – 106:17; 106:19 – 107:6; 107:9; 129:15 – 130:2; and 130:5 – 130:8.)

**2.   Testimony regarding an EKG that Dr. Koenig did not perform.**

Finally, Dr. Koenig lacks personal knowledge about an EKG that he did not perform but presumes is Mr. Dedrick's.  Dr. Koenig's statement, "I wish I knew," regarding how the EKG strip became part of his file shows a lack of personal knowledge sufficient to exclude his testimony regarding the EKG.  (*See, e.g.*, Koenig Dep. at 124:5 – 125:13.)

**3. Testimony about *other people's* heart attacks.**

Testimony regarding symptoms that *others* might experience when having a heart attack is irrelevant a waste of time, and confusing for the jury. (*See, e.g.*, 99:16 – 100:3.)

Further, testimony regarding potential effects from a heart attack *that Mr. Dedrick did not experience* are irrelevant and confusing. There is no evidence that Mr. Dedrick suffered from arrhythmia, congestive heart failure, or sudden cardiac death. (*See, e.g.*, 100:4 – 101:1.)

**4. Cardiac catheterization video.**

Dr. Koenig's testimony as he watches a video, pointing and indicating what he sees "here" and "there," referring to "this portion here" and "this dark area," stopping and starting play, and changing views is inadmissible because it is ambiguous and confusing, and it is not a form of presentation effective for proper evaluation of the evidence at hand. This testimony is also impossible to synchronize with a videotape because there is no way to know what part of the tape Dr. Koenig was playing or what he was pointing to at any particular moment. (*See, e.g.*, 115:5 – 117:24; 119:17 – 122:4; and 122:11 – 122:22.)

**5. Leading questions.**

Dr. Koenig, plaintiff's cardiologist, is not a hostile witness to the plaintiff and, therefore, leading questions by plaintiff's counsel are impermissible. Despite timely objections from Merck's counsel, plaintiff asked numerous leading questions throughout the deposition:

> Q. And so -- so any agent that you can identify that would cause -- cause vessel constriction or spasms, that could cause plaque buildup or the progression of atherosclerosis or could cause a plaque to become prone to rupture, any agent that caused that is something that you would -- you would want to remove from a cardiac patient; is that correct?
>
> A. Yes, sir.

(Koenig Dep. at 103:1 – 103:11.) (*See, also*, 105:2 – 105:7; and 105:9 – 105:10.)

3

Dated:  November 15, 2006

                              Respectfully submitted,

*/s/ Carrie A. Jablonski*

_____

Phillip A. Wittman, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER WITTMAN L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

-- and –

Philip S. Beck
Mark S. Ouweleen
Carrie A. Jablonski
BARLIT BECK MERMAN PALENCHAR & SCOTT LLP
54 W. Hubbard Street, Suite 300
Chicago, IL 60610
Phone:  312-494-4400
Fax:     312-494-4440

Douglas R. Marvin
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone:  202-434-5000
Fax:     202-434-5029

Attorneys for Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and forgoing Merck & Co.'s COVER MEMORANDUM FOR DR. MARK KOENIG has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, on Plaintiff's counsel Andy Birchfield, Jr. by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 15th day of November, 2006.

/s/ Dorothy H. Wimberly

Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel