UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX® PRODUCTS LIABILITY LITIGATION | * * * * | MDL Docket No. 1657 SECTION L |
| This document relates to | * * | JUDGE FALLON |
| ANTHONY WAYNE DEDRICK | * * | MAGISTRATE JUDGE KNOWLES |
| Plaintiff, | * * | |
| V. | * * | **MERCK'S COVER MEMORANDUM FOR MELISSA McALLISTER** |
| MERCK & CO., INC., | * * * | |
| Defendant. | * * | |
| Civil Action No. 2:05cv2524 | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Merck calls the Court's attention to three specific categories of Merck's objections to plaintiff's designations for Ms. Melissa McAllister.

Ms. McAllister was a Merck professional representative who detailed Vioxx to plaintiff's prescribing physician during the relevant time period.

1. **No Foundation and Irrelevant Documents/ Video.**

   - **Warning Letter**: Ms. McAllister testified she did not receive the Warning Letter and does not remember ever seeing a copy of it.  Further, the allegations in the Warning letter have nothing to do with this witness.  She has no personal knowledge of the Warning Letter.  Counsel simply uses her as a prop to put the warning letter in front of the jury.  (*See, e.g.*, 117:20 – 131:23; and 272:1 – 275:8.)

   - **"Be the Power Video"**: Ms. McAllister testified she does not remember seeing the video and does not recall whether she attended a relevant meeting. (*See, e.g.*, 53:6 – 54:18; 59:7 – 59:21; 61:16 – 65:16; and 72:23 – 74:3.)

   - **CV Card**: Plaintiff's counsel posed irrelevant questions concerning the CV card. The CV card was not used with the prescriber during the relevant period, which post-dates April 2002.  Further, Ms. McAllister has no recollection of *ever* using the

>CV card with the prescriber at any time.  (*See* 195:3-6.)  Questions and statements regarding the CV card should therefore be excluded.  (*See, e.g.*, at 35:16 – 37:3; 40:23 – 47:15; 74:5 – 93:20; 99:17 – 100:23; 107:24 – 109:25; 193:24 – 194:19; and 268:12 – 269:19.)

2. **Questions calling for expert testimony.**

Plaintiff's counsel posed numerous improper questions calling for expert testimony by Ms. McAllister, a fact witness.

>Q. So then it's safe to say that there is nothing in those product labels, in any of those product labels, that suggest that Vioxx increases the risk of heart attacks; correct?
>
>THE WITNESS: Say that again. I'm sorry.

(McAllister Dep. at 46:5 – 46:9.)  Also:

>Q. There's nothing in the VIGOR article that suggests that Vioxx increases risk of heart attacks?
>
>THE WITNESS: No. The information that's presented in the VIGOR study -- I mean, obviously, it's looking at the GI safety but it also has the cardiovascular events.

(McAllister Dep. at 266:11 – 266:18.)  As a lay witness, Ms. McAllister may not testify as to specialized knowledge she does not have and, therefore, improper questions calling for such testimony and statements made in response to such improper questions should be excluded. (*See, e.g.*, 15:10 – 15:16; 16:14 – 16:19; 32:2 – 32:8; 42:12 – 43:6; 48:25 – 49:16; 79:2 – 79:21; 86:15 – 87:23; 93:9 – 93:19; 96:18 – 97:3; 126:8 – 126:23; 253:10 – 253:16; 254:2 – 254:11; 254:21 – 255:4; 255:6 – 255:13; 257:1 – 257:5; 261:19 – 264:14; and 265:20 – 266:1.)

3. **Questions calling for speculation.**

Plaintiff's counsel posed numerous questions about topics on which she has no personal knowledge.  The questions call for speculation, among other topics, physicians' individual beliefs and the intent of authors of scientific articles.  For example:

>Q. And doctors do trust you, don't they?
>
>A: I think doctors understand that I'm a truthful person and I present the information regarding my product as far as the features and the -- or the benefits and the limitations. (21:11 – 22:17)
>
>* * *
>
>Q. So the authors of this study are concluding that the difference in heart attack risk are explained by the cardio protective effect of naproxen; correct?
>
>A: I think it says not risk but it states cardiovascular rates.

(McAllister Dep. at 259:13 – 259:19.) (*See also* 20:25 – 21:9; 36:2 – 36:10; 59:7 – 59:21; 66:23 – 68:9; 74:5 – 74:13; 85:7 – 85:15; 109:3 – 109:9; 109:11 – 109:19; 127:10 – 127:14; 131:20 – 131:23; 253:10 – 253:16; 254:2 – 254:11; 254:21 – 255:4; 255:6 – 255:13; 260:1 – 260:5; 266:20 – 267:16; and 279:21 – 280:21.).

Counsel also asked Ms. McAllister hypothetical questions facts about what others may have done, both concerning Vioxx as well as a hypothetical drug.

>Q. If Ed Scolnick said in writing that in the VIGOR study, the CV events are clearly there and that they are mechanism based and as we worried it was, would that disturb you?
>
>A: Again, I never saw any communication like that. I don't know the context of what that was all said or written. You know, I don't know -- I don't know anything about that.

(McAllister Dep. at 112:22 - 113:6.) (*See also* 20:5 – 20:14; 25:14 – 25:19; 25:20 – 25:23; 25:24 – 27:3; 47:23 – 48:9; 48:11 – 48:23; 48:25 – 49:16; and 112:18 – 114:9.)

All such speculative testimony should be excluded.

Dated:  November 15, 2006

Respectfully submitted,

*Carrie A. Jablonski*
_____

Phillip A. Wittman, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMAN L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

-- and –

Philip S. Beck
Mark S. Ouweleen
Carrie A. Jablonski
BARLIT BECK MERMAN PALENCHAR  &
SCOTT LLP
54 W. Hubbard Street, Suite 300
Chicago, IL 60610
Phone:  312-494-4400
Fax:     312-494-4440

Douglas R. Marvin
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone:  202-434-5000
Fax:     202-434-5029

Attorneys for Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and forgoing Merck & Co.'s COVER MEMORANDUM FOR MELISSA McALLISTER has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, on Plaintiff's counsel Andy Birchfield, Jr. by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 15th day of November, 2006.

        */s/ Dorothy H. Wimberly*
        Dorothy H. Wimberly, 18509
        STONE PIGMAN WALTHER
        WITTMANN L.L.C.
        546 Carondelet Street
        New Orleans, Louisiana  70130
        Phone:  504-581-3200
        Fax:     504-581-3361
        dwimberly@stonepigman.com

        Defendants' Liaison Counsel