UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX® PRODUCTS LIABILITY LITIGATION | * * * * | MDL Docket No. 1657<br><br>SECTION L |
| This document relates to | * * | JUDGE FALLON |
| ANTHONY WAYNE DEDRICK | * * | MAGISTRATE JUDGE KNOWLES |
| Plaintiff, | * * | |
| V. | * * | **MERCK'S COVER MEMORANDUM FOR DR. JOHN McPHERSON** |
| MERCK & CO., INC., | * * * | |
| Defendant. | * * | |
| Civil Action No. 2:05cv2524 | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Merck calls the Court's attention to three specific categories of Merck's objections to Plaintiff's designations for Dr. John McPherson.

Dr. McPherson is an interventional cardiologist who treated Mr. Dedrick on January 9, 2003, shortly after his myocardial infarction.  He did not prescribe Vioxx for Mr. Dedrick.

**1.  Questioning about an echocardiogram unrelated to Dr. McPherson.**

Dr. McPherson lacks personal knowledge regarding an echocardiogram he did not perform and an echocardiogram report he did not author.  Testimony related to both the echocardiogram and the report should be excluded.  (*See* Deposition of John McPherson ("McPherson Dep.") at 77:19 – 78:15.)

**2. Compound and confusing questioning.**

Plaintiff's counsel posed a compound, confusing and leading question such that the question and the testimony elicited should be excluded.

> Q. And the -- an agent, whether it's smoking or a medication that causes vasoconstriction and causes an acceleration of atherosclerosis and causes a prothrombotic or hypercoagulable state, would significantly increase the risk of heart attack, correct?
>
> A. Yes.

(McPherson Dep. at 86:11 – 86:19.)

**3. Leading questions.**

Dr. McPherson, plaintiff's cardiologist, is not a hostile witness to the plaintiff and, therefore, leading questions by plaintiff's counsel are impermissible. Despite timely objections from Merck's counsel, plaintiff asked numerous leading questions throughout the deposition. (*See, e.g.*, McPherson Dep. at 84:3 – 85:1; 86:11 – 86:19; and 89:5 – 89:21.)

Dated:  November 15, 2006

Respectfully submitted,

*Carrie A Jablonski*

Phillip A. Wittman, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMAN L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Phone:  504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

2

-- and –

Philip S. Beck
Mark S. Ouweleen
Carrie A. Jablonski
BARLIT BECK MERMAN PALENCHAR &
SCOTT LLP
54 W. Hubbard Street, Suite 300
Chicago, IL 60610
Phone: 312-494-4400
Fax:     312-494-4440

Douglas R. Marvin
M. Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:     202-434-5029

Attorneys for Merck & Co., Inc.

3

**CERTIFICATE OF SERVICE**

I hereby certify that the above and forgoing Merck & Co.'s COVER MEMORANDUM FOR DR. JOHN McPHERSON has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, on Plaintiff's counsel Andy Birchfield, Jr. by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 15th day of November, 2006.

/s/ Dorothy H. Wimberly

Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel