# EXHIBIT B

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  VIOXX | : | MDL NO. 1657 |
|     PRODUCTS LIABILITY LITIGATION | : | |
| | : | SECTION: L |
| | : | |
| THIS DOCUMENT RELATES TO ALL CASES | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |

## RESPONSES AND OBJECTIONS OF MERCK & CO., INC. TO THE DOCUMENT REQUESTS CONTAINED IN PLAINTIFFS' NOTICE OF FRE[sic] 30(B)(6) CORPORATE DEPOSITION (ORAL AND VIDEOTAPED)

Merck & Co., Inc. ("Merck"), by and through its attorneys, hereby responds and objects to the document requests contained in Plaintiffs' Notice of FRE[sic] 30(B)(6) Corporate Deposition (Oral and Videotaped) (the "Requests").  These responses and objections are made only to the Request for Production of Documents; all objections to testimony are reserved.

## GENERAL OBJECTIONS

1.      Merck objects to these Requests to the extent they are vague, ambiguous, argumentative, unreasonably cumulative or duplicative, overly broad, unduly burdensome or oppressive, or seek information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Merck further objects to these Requests to the extent they seek information or documents beyond those permitted by the Federal Rules of Civil Procedure or any applicable Order of this Court.

2.      Merck objects to these Requests to the extent they seek information or documents protected from discovery by the attorney-client privilege, the work product doctrine, or otherwise

839860v.1

immune or protected from disclosure.  Merck does not intend to waive any applicable protections or privileges through the supplying of information or production of documents in response to these Requests.  On the contrary, Merck specifically intends to preserve any and all applicable protections or privileges.

3.     Inadvertent production of any document shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such document or any other document, or with respect to the subject matter thereof or the information contained therein; nor shall such inadvertent production waive Merck's right to demand that such documents be returned or to object to the use of the document or the information contained therein during this or any other proceeding.

4.     Merck objects to these Requests to the extent they seek information or documents generated in the course of the defense of this action or any other action regarding Vioxx®.  Merck will not produce such information or documents.

5.     Merck objects to these Requests as overly broad and unduly burdensome to the extent they call for the identification of "all" documents or "any and all" documents when all relevant facts can be obtained from fewer than "all" documents or "any and all" documents.  Merck objects further to these Requests to the extent they seek documents other than those that can be located upon a search of files where such documents reasonably can be expected to be found.  Merck does not consider as Vioxx documents and does not generally produce those documents that primarily relate to another Merck drug, that describe general Merck operating procedures and practices, or that are company-wide or divisional budgets, forecasts,

- 2 -

departmental evaluations and documents setting forth departmental goals, human resource allocations, and the like, although the documents may have Vioxx references.

6.      Merck objects to these Requests as overly broad, unduly burdensome and oppressive, and as seeking information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence, to the extent they seek information or documents:

      a.      Pertaining to Merck products other than Vioxx (by whatever name it is known, including L-748,731 and MK-966), the product that any plaintiff or plaintiff's decedent allegedly ingested (however, this objection does not apply to information about another drug that is necessary to understand something about Vioxx, such as where the other drug is being used as a comparator in a Vioxx study or to documents regarding a competing NSAID manufactured by another company or to documents that discuss NSAIDs generally); or

      b.      Pertaining to alleged adverse experiences associated with Vioxx other than the adverse experiences any plaintiff claims Vioxx caused; or

      c.      Pertaining to promotion or advertising other than what any plaintiff, plaintiff's decedent, and/or plaintiff's prescribing physician claims to have relied upon.

Except where otherwise indicated, Merck will not produce such information or documents.

7.      Merck objects to these Requests to the extent they seek Merck's chemistry and manufacturing control information on the grounds that such information is highly confidential

and proprietary, consists of trade secrets and is not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Merck will not produce such information.

8.      Merck objects to the Requests to the extent they seek any other confidential or proprietary information or trade secrets.  Merck will only produce such other confidential or proprietary information or trade secrets, if relevant, subject to and in reliance on the protective order in this case (i.e., Pre-Trial Order No. 13), and in some cases, only with additional confidentiality protections.  In accordance with this objection, Merck notes that for a limited number of high-level documents, such as Board and certain committee minutes, and for certain members of senior management, Merck redacts as irrelevant any information that is not Vioxx-specific.

9.      Merck objects to these Requests as overly broad and unduly burdensome to the extent they purport to seek information or documents without regard to a specific timeframe or date cut-off.  Where not otherwise specified in response to a specific request, Merck will produce information or documents generated up to and including the date set by the Court.  The production of such information or documents shall be subject to and without waiver of any of the objections stated herein, and shall not be deemed to be an admission on the part of Merck that such information or documents are either relevant or admissible.  Indeed, Merck specifically notes that information or documents generated after any plaintiff last ingested Vioxx are unlikely to be relevant or admissible at the trial of this matter.

10.     Merck objects to these Requests as improper to the extent they seek the production of documents and/or data exceeding the scope of Pre-Trial Order No. 22 concerning foreign Vioxx information.  Specifically Merck objects to any Request that calls for information or documents relating to Merck's business or practices outside of the fifty United States and the District of Columbia, such as the sale, marketing, competitive landscape, or regulation of Vioxx in foreign countries, including regulatory submissions to foreign agencies.  Merck will not produce such documents other than the Vioxx-related foreign regulatory and clinical materials Merck has previously produced as part of a negotiated production and, except where otherwise indicated, Merck's responses will be limited to information and documents about its business or practices in the fifty United States and the District of Columbia.  This objection does not include: (1) documents (other than submissions to foreign agencies and correspondence about those submissions) that contain Vioxx science or report on scientific studies, regardless of where in the world the studies were conducted; (2) documents concerning scientific presentations about Vioxx made at medical conferences held outside the United States, such as EULAR; (3) information about adverse experiences reported to have occurred outside the United States; or (4) foreign regulatory documents if Merck also submitted them to the FDA, such as the periodic safety update reports.  Additionally, Merck will not redact foreign information relating to Vioxx from the documents it is producing, except where necessary to protect trade secrets or to preserve other objections.  Merck states that the purposes of, and standards used by, foreign governments and their respective judicial systems can materially differ from the rules of procedure and evidence, as well as the substantive law, applicable in private products liability actions pending in the United States.  Merck objects to producing documents other than as set forth above.

839860v.1

11.     Merck objects to these Requests to the extent they seek personnel files, self-evaluations, evaluations by others, documents regarding promotions, financial disclosures or other information such as social security numbers, computer passwords, home telephone numbers and other private information, on the grounds that disclosure would invade the privacy rights of the individuals affected and are not relevant to the claims or defenses of any party or to the subject matter involved in this action, nor reasonably calculated to lead to the discovery of admissible evidence.  Merck will not produce such documents or information.  Merck further objects to these Requests to the extent they purport to require Merck to disclose the identity of any individual who allegedly experienced an adverse reaction to Vioxx or who reported such a reaction on the ground that such disclosure would violate the patient or reporter's right to confidentiality under federal law.  Pursuant to 21 C.F.R. §§ 312.130, 314.430(e) and 20.63(f), Merck will redact from any document produced in this litigation names and any information that would identify the person using the product and names and any information that would identify any third party involved with the report, such as a physician, hospital or other institution.

12.     Merck objects to these Requests to the extent they call for information or documents regarding adverse experiences allegedly caused by Vioxx.  Pursuant to 21 C.F.R. §§ 312.32 and 314.80, Merck collects information on adverse experiences that are temporally associated with a patient's treatment with Vioxx and reports those adverse experiences to the FDA without regard to whether Vioxx causes such adverse experiences.  The reporting of an adverse experience does not reflect a conclusion by Merck or the FDA that Vioxx caused or contributed to the experience.

13.     Merck objects to these Requests to the extent they purport to require Merck to provide a compilation, abstract, audit, and/or other document summary that does not currently exist.

14.     Merck objects to these Requests to the extent they call for information or documents that are outside of Merck's possession, custody or control, in the possession of third parties, and/or in the public domain or otherwise obtainable from another source that is more convenient, less burdensome or less expensive.

15.     Merck is responding to these Requests without waiving or intending to waive, but on the contrary, preserving and intending to preserve: (a) the right to object, on the grounds of competency, privilege, relevance, or materiality, or any other proper grounds, to the use of such documents or information for any purpose, in whole or in part, in any subsequent proceedings, in this action or in any other action; (b) the right to object on all grounds, at any time, to document requests, interrogatories, or other discovery procedures involving or relating to the subject of the requests to which Merck has responded herein; and (c) the right at any time to revise, correct, add to or clarify any of the answers made herein.

16.     Merck objects to these Requests to the extent they seek documents or information or related to ARCOXIA®.  Productions of Arcoxia-related documents in this matter have been the subject of negotiated order subsequently entered by the Court, and Merck will not produce such documents except as called for by that order.  Merck also objects to any request for the production of information regarding current, planned, or future studies, on the grounds that such discovery could impair Merck's ability to conduct such studies and cause injury to Merck's

839860v.1

business interests, particularly where final decisions have yet to be made.  Merck objects generally to any request for studies not limited to relevant Vioxx-related clinical or pre-clinical studies.

17.     Because of the overly broad nature of these Requests, it is not possible for Merck to anticipate all possible grounds for objection with respect to the particular requests set forth herein.  Merck reserves the right to supplement or correct these responses and to raise any additional objections deemed necessary and appropriate in light of the results of any further review.

## PRODUCTION OF DOCUMENTS

Subject to and in reliance upon the protective order entered in this case, and in some cases, additional confidentiality protections, Merck will produce any responsive, non-objectionable documents on CD-ROMs, portable hard drive or other electronic format as ".tiff" images, together with an associated IPRO "load" file.  Merck reserves the right to seek reimbursement for costs associated with the production of documents.

The documents Merck is producing from an individual's files consist of those non-objectionable Vioxx documents located upon a search of that individual's (1) paper files likely to contain Vioxx documents, (2) e-mail, and (3) electronic documents from the individual's desktop computers and network "home" drives, but not other shared drives or databases to which the individual may have access.  With respect to categories (2) and (3), Merck has collected electronic documents from the individual's files or folders reasonably believed to contain Vioxx

839860v.1

documents and those electronic documents from the individual's other files or folders found in a search designed to select Vioxx documents. Merck collects and converts to .tiff format electronic documents in any of over 490 file types of graphics, PDF, presentation, projects, spreadsheet, text, web page, and word processing documents. These include the most common file types, such as Adobe Acrobat and Microsoft Word, Excel, and PowerPoint files as well as many lesser-known file types. However, Merck cannot convert to .tiff format certain electronic file types, such as database files, including Microsoft Access certain SAS files, Microsoft Outlook calendars, and embedded documents within Microsoft Word files. Merck excludes from production or redacts certain categories of documents as outside the scope of permissible discovery as described in its general and specific objections.

Merck also redacts information generated by an automatically updating field, such as an auto-date, because the information that would appear on the printed page is unrelated to anything the owner of the document would have ever seen.

## RESPONSES TO INDIVIDUAL REQUESTS FOR PRODUCTION

Merck incorporates its General Objections into each of the responses that follow. Any specific objections set forth in the responses are in addition to those objections and, unless otherwise specified, Merck's responses are limited in accordance with each of its objections. To the extent Merck offers to produce confidential information or documents, Merck will only do so subject to and in reliance upon the protective order in this case.

839860v.1

**REQUEST FOR PRODUCTION NO. 1:**

All policies of insurance issued to Merck and/or Merck subsidiaries, or as to which Merck and/or Merck subsidiaries are named as an insured or additional named insured(s) from the year 1990 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Merck objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and seeks information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request on the grounds that it seeks discovery beyond that contemplated by Federal Rule of Civil Procedure 26 regarding insurance coverage insofar as it seeks documents or information beyond the existence and contents of policies that may be applied to satisfy a judgment in this matter.

Subject to and without waiving its objections, Merck respectfully refers Plaintiffs' Steering Committee (the "PSC") to its prior production of relevant insurance policies and declaration pages.

**REQUEST FOR PRODUCTION NO. 2:**

All polices of insurance that may afford Merck coverage for Vioxx related claims from the year 1990 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Merck objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and seeks information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request on the grounds that it seeks discovery beyond that contemplated by Federal Rule of Civil

839860v.1

Procedure 26 regarding insurance coverage insofar as it seeks documents or information beyond

the existence and contents of policies that may be applied to satisfy a judgment in this matter.

Subject to and without waiving its objections, Merck respectfully refers the PSC to its

prior production of relevant insurance policies and declaration pages.  Further responding, Merck

states that it presently has two arbitrations pending against various of its insurers in London,

England, relating to its demands for insurance coverage for Vioxx-related claims.  The insurers

in both proceedings deny that they have coverage obligations to Merck for these claims.  There

have been no rulings on the merits.  The first arbitration is scheduled for a merits hearing at the

end of 2006, and the second is scheduled for a merits hearing at the end of 2007.  Merck states

further that these arbitration proceedings are governed by confidentiality orders, pursuant to

which the parties to the arbitration are not at liberty to disclose information about the arbitration

proceedings, including any documents related thereto.

**REQUEST FOR PRODUCTION NO. 3:**

**All documents, including but not limited to organizational charts, identifying your corporate officers, managers, claims handling personnel, or any other personnel, either directly employed by Merck or acting on your behalf, who were and are responsible for handling any and all insurance claims relating to Vioxx, including their titles, duties and dates of such responsibility from the year 1990 to the present.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Merck objects to this Request on the grounds that it is vague and ambiguous, overly

broad and unduly burdensome, and seeks information or documents that are not relevant to the

claims or defenses of any party or to the subject matter involved in this action nor reasonably

calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request

on the grounds that it seeks discovery beyond that contemplated by Federal Rule of Civil

839860v.1

Procedure 26 regarding insurance coverage insofar as it seeks documents or information beyond

the existence and contents of policies that may be applied to satisfy a judgment in this matter.

Based on these objections, Merck will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

**All documents regarding notification(s) of claims, tender of defenses, and/or requests/claims for indemnity, by Merck, its subsidiaries, and/or anyone acting on behalf of Merck and/or its subsidiaries, with respect to any and all insurance matters relating to Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Merck objects to this Request on the grounds that it is vague and ambiguous, overly

broad and unduly burdensome, and seeks information or documents that are not relevant to the

claims or defenses of any party or to the subject matter involved in this action nor reasonably

calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request

on the grounds that it seeks discovery beyond that contemplated by Federal Rule of Civil

Procedure 26 regarding insurance coverage insofar as it seeks documents or information beyond

the existence and contents of policies that may be applied to satisfy a judgment in this matter.

Subject to and without waiving its objections, Merck respectfully refers the PSC to its

response to Request No. 2, *supra*.

**REQUEST FOR PRODUCTION NO. 5:**

**All documents regarding any investigation by Merck or anyone acting on your behalf into any insurance matters relating to Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Merck objects to this Request on the grounds that it is vague and ambiguous, overly

broad and unduly burdensome, and seeks information or documents that are not relevant to the

claims or defenses of any party or to the subject matter involved in this action nor reasonably

calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request

on the grounds that it seeks discovery beyond that contemplated by Federal Rule of Civil

Procedure 26 regarding insurance coverage insofar as it seeks documents or information beyond

the existence and contents of policies that may be applied to satisfy a judgment in this matter.

Subject to and without waiving its objections, Merck respectfully refers the PSC to its

response to Request No. 2, *supra*.

## REQUEST FOR PRODUCTION NO. 6:

**All materials reviewed by Merck and/or anyone acting on Merck's behalf in connection with any investigation into insurance matters relating to Vioxx.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Merck objects to this Request on the grounds that it is vague and ambiguous, overly

broad and unduly burdensome, and seeks information or documents that are not relevant to the

claims or defenses of any party or to the subject matter involved in this action nor reasonably

calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request

on the grounds that it seeks discovery beyond that contemplated by Federal Rule of Civil

Procedure 26 regarding insurance coverage insofar as it seeks documents or information beyond

the existence and contents of policies that may be applied to satisfy a judgment in this matter.

Subject to and without waiving its objections, Merck respectfully refers the PSC to its

response to Request No. 2, *supra*.

## REQUEST FOR PRODUCTION NO. 7:

**All documents, including without limitation reports, memoranda, and/or correspondence reflecting any coverage determinations with respect to claims against Merck relating to Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Merck objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and seeks information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request on the grounds that it seeks discovery beyond that contemplated by Federal Rule of Civil Procedure 26 regarding insurance coverage insofar as it seeks documents or information beyond the existence and contents of policies that may be applied to satisfy a judgment in this matter.

Subject to and without waiving its objections, Merck respectfully refers the PSC to its response to Request No. 2, *supra*.

**REQUEST FOR PRODUCTION NO. 8:**

**All documents which reflect the factual bases for any coverage defenses asserted by any insurance carrier with respect to claims made against or by Merck relating to Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Merck objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and seeks information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request on the grounds that it seeks discovery beyond that contemplated by Federal Rule of Civil Procedure 26 regarding insurance coverage insofar as it seeks documents or information beyond the existence and contents of policies that may be applied to satisfy a judgment in this matter.

Subject to and without waiving its objections, Merck respectfully refers the PSC to its response to Request No. 2, *supra*.

839860v.1

**REQUEST FOR PRODUCTION NO. 9:**

All documents reflecting correspondence between any insurer and/or anyone acting on an insurer's behalf and Merck, its subsidiaries, and/or anyone acting on behalf of Merck and/or its subsidiaries with respect to the availability of coverage under any policies of insurance for claims relating to Vioxx.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Merck objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and seeks information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request on the grounds that it seeks discovery beyond that contemplated by Federal Rule of Civil Procedure 26 regarding insurance coverage insofar as it seeks documents or information beyond the existence and contents of policies that may be applied to satisfy a judgment in this matter.

Subject to and without waiving its objections, Merck respectfully refers the PSC to its response to Request No. 2, *supra*.

**REQUEST FOR PRODUCTION NO. 10:**

Any documents identifying any insurance agents and/or brokers (including intermediate or third party brokers) involved in the placement of any policies of insurance for Merck and/or its subsidiaries or as to which Merck and/or its subsidiaries appear as additional named insured(s) and which applies to Vioxx claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Merck objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and seeks information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request on the grounds that it seeks discovery beyond that contemplated by Federal Rule of Civil

839860v.1

Procedure 26 regarding insurance coverage insofar as it seeks documents or information beyond the existence and contents of policies that may be applied to satisfy a judgment in this matter.

Subject to and without waiving its objections, Merck respectfully refers the PSC to its response to Request No. 1, *supra*.

## REQUEST FOR PRODUCTION NO. 11:

**All documents reflecting scope of coverage offered by any insurance policy issued to Merck and/or its subsidiaries or as to which Merck and/or its subsidiaries appear as additional named insured(s), whether such communications occurred before, at the time of, or after placement of any such policies and which relates to any Vioxx claim.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

Merck objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and seeks information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request on the grounds that it seeks discovery beyond that contemplated by Federal Rule of Civil Procedure 26 regarding insurance coverage insofar as it seeks documents or information beyond the existence and contents of policies that may be applied to satisfy a judgment in this matter.

Subject to and without waiving its objections, Merck respectfully refers the PSC to its response to Request Nos. 1 and 2, *supra*.

## REQUEST FOR PRODUCTION NO. 12:

**All claims files pertaining to insurance claims relating to Vioxx.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

Merck objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and seeks information or documents that are not relevant to the

839860v.1

claims or defenses of any party or to the subject matter involved in this action nor reasonably calculated to lead to the discovery of admissible evidence. Merck objects further to this Request on the grounds that it seeks discovery beyond that contemplated by Federal Rule of Civil Procedure 26 regarding insurance coverage insofar as it seeks documents or information beyond the existence and contents of policies that may be applied to satisfy a judgment in this matter.

Subject to and without waiving its objections, Merck respectfully refers the PSC to its response to Request No. 2, *supra*.

## REQUEST FOR PRODUCTION NO. 13:

**All documents relating to loss control investigations, site visits, inspections, including any loss control or site inspection reports, conducted in connection with the issuance of policies of insurance to Merck, its subsidiaries, and/or any entity insured under a policy as to which Merck and/or its subsidiaries appear as an additional named insured, particularly as related to the development, research, sale, distribution, advertisement, and/or marketing of pharmaceutical products, including but not limited to Vioxx. Excluded from this request for production are any such documents relating to loss control efforts in connection with protection of Merck employees from hazards associated with the operations of Merck and/or its subsidiaries (e.g. premises liability, manufacturing hazards, shipping hazards, etc.). Expressly included in the scope of this document request, however, are any documents pertaining to any such information as it relates to conduct of research studies and protection of human research subjects.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

Merck objects to this Request on the grounds that it is vague and ambiguous, particularly with respect to the phrases "loss control investigations" and "conduct of research studies and protection of human research subjects." Merck objects further to this Request on the grounds that it is overly broad and unduly burdensome, and seeks information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action nor reasonably calculated to lead to the discovery of admissible evidence. Merck objects further to this Request on the grounds that it seeks discovery beyond that contemplated by Federal Rule of

839860v.1

Civil Procedure 26 regarding insurance coverage insofar as it seeks documents or information

beyond the existence and contents of policies that may be applied to satisfy a judgment in this

matter.

Subject to and without waiving its objections, Merck respectfully refers the PSC to its

response to Request No. 1, *supra*.

## REQUEST FOR PRODUCTION NO. 14:

**Any documents reflecting communications between Merck and any state insurance commissioner, state attorney general, and/or any other state insurance regulatory body regarding any policy term(s) for insurance that may provide coverage relating to Vioxx.**

## RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

Merck objects to this Request on the grounds that it is vague and ambiguous, overly

broad and unduly burdensome, and seeks information or documents that are not relevant to the

claims or defenses of any party or to the subject matter involved in this action nor reasonably

calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request

on the grounds that it seeks discovery beyond that contemplated by Federal Rule of Civil

Procedure 26 regarding insurance coverage insofar as it seeks documents or information beyond

the existence and contents of policies that may be applied to satisfy a judgment in this matter.

Subject to and without waiving its objections, Merck respectfully refers the PSC to its

response to Request No. 1, *supra*.

## REQUEST FOR PRODUCTION NO. 15:

**All documents relating in any way to reservations of rights from any insurance carrier issued to Merck regarding Vioxx related claims.**

839860v.1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Merck objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and seeks information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request on the grounds that it seeks discovery beyond that contemplated by Federal Rule of Civil Procedure 26 regarding insurance coverage insofar as it seeks documents or information beyond the existence and contents of policies that may be applied to satisfy a judgment in this matter.

Subject to and without waiving its objections, Merck respectfully refers the PSC to its response to Request No. 2, *supra*.

**REQUEST FOR PRODUCTION NO. 16:**

**All insurance arbitration materials and documents relating to Vioxx.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Merck objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and seeks information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request on the grounds that it seeks discovery beyond that contemplated by Federal Rule of Civil Procedure 26 regarding insurance coverage insofar as it seeks documents or information beyond the existence and contents of policies that may be applied to satisfy a judgment in this matter.

Subject to and without waiving its objections, Merck respectfully refers the PSC to its response to Request No. 2, *supra*.

**REQUEST FOR PRODUCTION NO. 17:**

All materials and documents responsive to any and all subpoenas received by Merck from the United States Department Of Justice relating in any way to Vioxx.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Merck objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action nor reasonably calculated to lead to the discovery of admissible evidence; in that regard, Merck specifically states that the purposes of, and standards used by, a governmental agency can materially differ from the procedures and evidentiary rules used in privately-brought civil products liability actions.  Merck objects further to this Request on the grounds that it seeks information or documents protected by the attorney-client privilege, the work product doctrine, or otherwise immune or protected from disclosure. Merck objects further to this Request to the extent it seeks information or documents that are in the possession of third parties or otherwise outside of Merck's possession, custody or control. Based on its objections, Merck will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

All materials and documents relating to any and all investigations of Merck by the United States Securities and Exchange Commission.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Merck objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action nor reasonably calculated to lead to the discovery of admissible evidence; in that regard, Merck specifically states that the purposes of, and standards used by, a governmental agency in an "investigation" can materially differ from the

839860v.1

procedures and evidentiary rules used in privately-brought civil products liability actions. Merck

objects further to this Request on the grounds that it seeks information or documents protected

by the attorney-client privilege, the work product doctrine, or otherwise immune or protected

from disclosure. Merck objects further to this Request to the extent it seeks information or

documents that are in the possession of third parties or otherwise outside of Merck's possession,

custody or control. Based on its objections, Merck will not produce documents in response to

this Request.

**REQUEST FOR PRODUCTION NO. 19:**

**All documents which identify Risk Managers and/or claims handling personnel for Merck relating to Vioxx from 1990 to present.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Merck objects to this Request on the grounds that it is vague and ambiguous, overly

broad and unduly burdensome, and seeks information or documents that are not relevant to the

claims or defenses of any party or to the subject matter involved in this action nor reasonably

calculated to lead to the discovery of admissible evidence. Merck objects further to this Request

on the grounds that it seeks discovery beyond that contemplated by Federal Rule of Civil

Procedure 26 regarding insurance coverage insofar as it seeks documents or information beyond

the existence and contents of policies that may be applied to satisfy a judgment in this matter.

Subject to and without waiving its objections, Merck respectfully refers the PSC to its

response to Request No. 1, *supra*.

**REQUEST FOR PRODUCTION NO. 20:**

**All documents in the possession of Merck's Risk Manager and/or Risk Management Department and/or claims handling personnel relating to Vioxx from 1990 to present.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Merck objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and seeks information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request on the grounds that it seeks discovery beyond that contemplated by Federal Rule of Civil Procedure 26 regarding insurance coverage insofar as it seeks documents or information beyond the existence and contents of policies that may be applied to satisfy a judgment in this matter.

Subject to and without waiving its objections, Merck respectfully refers the PSC to its response to Request No. 1, *supra*.

**REQUEST FOR PRODUCTION NO. 21:**

**All documents which identify insurers that provide or may provide insurance to cover claims made against Merck relating to Vioxx from 1990 to present.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Merck objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and seeks information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request on the grounds that it seeks discovery beyond that contemplated by Federal Rule of Civil Procedure 26 regarding insurance coverage insofar as it seeks documents or information beyond the existence and contents of policies that may be applied to satisfy a judgment in this matter.

Subject to and without waiving its objections, Merck respectfully refers the PSC to its response to Request Nos. 1 and 2, *supra*.

839860v.1

**REQUEST FOR PRODUCTION NO. 22:**

**All documents which relate, in any way, to arbitrations, including the results of such arbitrations, between Merck and any of its insurers relating in any way to Vioxx related claims.**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Merck objects to this Request on the grounds that it is vague and ambiguous, overly broad and unduly burdensome, and seeks information or documents that are not relevant to the claims or defenses of any party or to the subject matter involved in this action nor reasonably calculated to lead to the discovery of admissible evidence.  Merck objects further to this Request on the grounds that it seeks discovery beyond that contemplated by Federal Rule of Civil Procedure 26 regarding insurance coverage insofar as it seeks documents or information beyond the existence and contents of policies that may be applied to satisfy a judgment in this matter.

Subject to and without waiving its objections, Merck respectfully refers the PSC to its response to Request No. 2, *supra*.

Defendant Merck & Co., Inc. hereby reserves its right to amend and/or supplement these responses.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone:  504-581-3200
Fax:  504-581-3361

Defendants' Liaison Counsel

839860v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Responses and Objections of Merck & Co., Inc. to the Document Request Contained in Plaintiffs' Notice of FRE[sic] 30(B)(6) Corporate Deposition (Oral and Videotaped) has been served on Liaison Counsel, Russ Herman and Phillip Wittmann by U.S. Mail and e-mail, upon plaintiff's counsel Grant Kaiser and Drew Ranier by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, on this 16th day of November, 2006.

*/s/ Dorothy H. Wimberly* _____