# EXHIBIT C

IN THE MATTER OF AN ARBITRATION
BETWEEN:

SR International Business Insurance Company,
American Alternative Insurance Company,
Federal Insurance Company,
Gerling Konzern,
North Rock Insurance Company,
Steadfast Insurance Company, and
XL Insurance Switzerland,

Claimants,

and

Merck & Co., Inc.,

Respondent.

## CONFIDENTIALITY ORDER

WHEREAS, Merck & Co., Inc. ("Merck") and all of the insurers listed in the caption of this Confidentiality Order ("Insurers") are parties (each a "Party" and together the "Parties" to this arbitration entered into pursuant to Article 21 of the General Terms and Conditions of the Multiline Multiyear Catastrophe Excess Lines Insurance Agreement Incepting July 30, 1998 ("Catastrophe Policy");

WHEREAS, all of the Insurers are Co-Insurers of the Catastrophe Policy;

WHEREAS, there is a dispute between Merck and XL Insurance (Bermuda) Ltd. ("XL Bermuda") about whether or not XL Bermuda is a party to this arbitration but all of the other Insurers agree that they are parties to this arbitration;

DC: 1849709-1

- 2 -

WHEREAS, Merck and the Insurers have a common interest in preventing the disclosure of information and documents that could jeopardize the defense and resolution of underlying claims against Merck;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The arbitral proceedings and all related documents including any rulings or award shall be maintained in confidence by the Parties and the members of the Board of Arbitration. This includes but is not limited to the notice of arbitration, pleadings, communications with the arbitrators, documents produced by the Parties during the course of disclosure (other than documents produced which are in the public domain), statements of fact and expert witnesses, exhibits, memoranda, and hearing transcripts. All such information is "Confidential Information."

2. Except as expressly permitted by this Order, the Parties may use Confidential Information only for the purposes of this arbitration and may disclose such information only to a) employees of or counsel for Parties and their parents or affiliates; or b) reinsurers of Insurers; or c) prospective or actual fact and expert witnesses; or d) non-testifying expert consultants; or e) the Board of Arbitration; or f) XL Bermuda until such time as it is determined -- by an agreement between Merck and XL Bermuda or an order of the High Court of England and Wales -- that XL Bermuda is not a party to this arbitration. To the extent that any Party discloses Confidential Information to a prospective fact or expert witness or non-testifying expert consultant, such Party shall be obligated to obtain a commitment from such prospective witness or consultant to preserve its confidentiality in accordance with the terms of this Order.

3. Confidential Information may be disclosed to the extent necessary for enforcement, challenge or recognition of the award and to the extent necessary to obtain rulings

- 3 -

about the preclusive effects (res judicata or collateral estoppel) of the award, if any, for related disputes under other insurance policies issued to Merck by the Insurers or to Insurers by the reinsurers of the Insurers. In connection with such efforts, the Parties shall cooperate in good faith in an effort to minimize public disclosure of Confidential Information by seeking entry of an appropriate confidentiality order by any court or other tribunal that is involved.

4. Nothing in this Order shall prohibit a Party from disclosing Confidential Information to the extent that such disclosure is required by court order or other applicable law.

5. In the event that a third party serves a subpoena or a document request on a Party that calls for the production of Confidential Information obtained from other Parties, the Party shall provide prompt notice to such other Parties and shall reasonably cooperate with such other Parties in resisting such request by appropriate means.

6. Nothing in this Order shall prevent a Party from disclosing its own information or information that it has lawfully obtained or received from persons other than another Party or its attorneys.

7. Nothing in this Order shall prevent disclosure with the written consent of the Party from whom Confidential Information was obtained or pursuant to an order of the Board of Arbitration for good cause shown. After the conclusion of the arbitration, such application may be made to Mr. David Williams, Q.C., or -- in the event of his unwillingness or inability to rule on such an application -- to the High Court of England and Wales.

8. Prior to the time that this arbitration is finally concluded, the Board of Arbitration shall have exclusive jurisdiction to impose appropriate sanctions for violations of this Order or to vary the provisions of this Order, upon application by the Parties. Sanctions may include, without limitation, compensatory damages, an award of attorneys' fees and costs to the

- 4 -

Party that establishes that there has been a breach of this Order, and such other and further relief as the Board of Arbitration concludes is just and proper under the circumstances.

9. This Order shall survive and remain in full force and effect after termination of this arbitration. After termination of this arbitration, this Order including the provisions of paragraph 7 above may be enforced by proceedings in the High Court of England and Wales or in any other court of competent jurisdiction.

SO ORDERED,

David R. Williams, Q.C.
Chairman of the Board of Arbitration

Date: July 11, 2005