UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | * * * * * * * * * * * * | MDL No. 1657 |
| | | SECTION L |
| | | JUDGE ELDON E. FALLON |
| | | MAGISTRATE JUDGE DANIEL E. KNOWLES, III |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Marvin Adler, et al. v. Merck & Co., Inc., also d/b/a Merck, Sharp and Dohme and d/b/a MSD Sharp & Dohme GmbH*, Civ. A. No. 05-7082.

<u>**ANSWER OF DEFENDANT MERCK & CO., INC.**</u>

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel,

answers the Plaintiffs' Original Complaint ("Complaint") as follows:

<u>**RESPONSE TO COMPLAINT**</u>

**RESPONSE TO
"A.  THE PARTIES"**

1.      Denies each and every allegation contained in paragraph 1 of the

Complaint, including its subparts A through HH, as it is without knowledge or information

sufficient to form a belief as to the truth therein.

2.      Denies each and every allegation contained in paragraph 2 of the

Complaint, except admits that Merck, a New Jersey corporation with its principal place of

business at One Merck Drive, Whitehouse Station, New Jersey, is authorized to do business in Louisiana and may be served as allowed by applicable state and/or federal law.  Merck further admits that it manufactured, marketed, and distributed the prescription medicine Vioxx® ("Vioxx"), which is the trade name for rofecoxib, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the product literature, package inserts, and prescribing information for Vioxx for its mechanism of action and indicated uses.

**RESPONSE TO
"B.  JURISDICTION AND VENUE"**

3.     The allegations contained in paragraph 3 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 3 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiffs purport to state a claim in excess of $75,000 but denies there is any legal or factual basis for such relief.

4.     The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 4 of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck is authorized to do business in Louisiana.

**RESPONSE TO**
**"C.  INTRODUCTION"**

5.      Denies each and every allegation contained in paragraph 5 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which is the trade name for rofecoxib, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

6.      Denies each and every allegation contained in paragraph 6 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

7.      Denies each and every allegation contained in paragraph 7 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

8.      Denies each and every allegation contained in paragraph 8 of the Complaint, except admits that Vioxx is part of a class of drugs known as known as Non-Steroidal Anti-Inflammatory Drugs ("NSAIDs") and that the mechanism of action for Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").   Merck further admits that it manufactured, marketed and distributed the prescription medicine Vioxx, which the U.S. Food & Drug Administration ("FDA") approved as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text

9.     Denies each and every allegation contained in paragraph 9 of the Complaint, except admits that Merck sought and, in 1999, received FDA approval to manufacture and market the prescription medicine Vioxx, which Merck marketed until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further avers that the FDA approved Vioxx as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

10.     Denies each and every allegation contained in the first and second sentences of paragraph 10 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the third sentence of paragraph 10 of the Complaint.

11.     Denies each and every allegation contained in paragraph 11 of the Complaint.

12.     Denies each and every allegation contained in the first and second sentences of paragraph 12 of the Complaint.  The allegations contained in the third sentence of paragraph 12 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the third sentence of paragraph 12 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies there is any legal or factual basis for such relief.

### RESPONSE TO
### "D.  FACTS - VIOXX'S PRE-APPROVAL"

13.     Denies each and every allegation contained in paragraph 13 of the Complaint.

14.    Denies each and every allegation contained in paragraph 14 of the Complaint, except admits that Plaintiffs purport to quote only a portion of the referenced memorandum and e-mail and avers that the quoted language is taken out of context.

15.    Denies each and every allegation contained in paragraph 15 of the Complaint, except admits that Plaintiffs purport to quote only a portion of the referenced e-mail and avers that the quoted language is taken out of context.

16.    Denies each and every allegation contained in paragraph 16 of the Complaint.

**RESPONSE TO
"E.  FACTS - VIOXX'S POST-APPROVAL"**

17.    Denies each and every allegation contained in paragraph 17 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

18.    Denies each and every allegation contained in paragraph 18 of the Complaint, except admits that the Vioxx Gastrointestinal Outcomes Research ("VIGOR") study exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

19.    Denies each and every allegation contained in paragraph 19 of the Complaint, except admits that Plaintiffs purport to quote only a portion of the referenced e-mail and avers that the quoted language is taken out of context.

20.    Denies each and every allegation contained in paragraph 20 of the Complaint, except admits that Merck has issued certain statements regarding Vioxx and respectfully refers the Court to the statement referenced by Plaintiffs for its actual language and full text.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint.

22.     Denies each and every allegation contained in paragraph 22 of the Complaint, except admits that the studies referenced in the first sentence of paragraph 22 of the Complaint and the article referenced in the second sentence of paragraph 22 of the Complaint exist, and respectfully refers the Court to said publications for their actual language and full text. Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint, except admits that Vioxx worldwide sales figures exceeded $ 2 billion in 2000.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

25.     Denies each and every allegation contained in the first and second sentences of paragraph 25 of the Complaint, except admits that Plaintiffs purport to quote only a portion of the referenced letter and avers that the quoted language is taken out of context.  Merck denies each and every allegation contained in the third and fourth sentences of paragraph 25 of the Complaint, except admits that Merck received a letter from Dr. Fries regarding Vioxx and that Plaintiffs purport to quote portions of that letter, but Merck avers that any quoted language is taken out of context.

26.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 26 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 26 of the Complaint.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint, except admits the existence of the referenced journal and the article contained therein and respectfully refers the Court to said publication for its actual language and full text.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint, except admits that in 2001 Vioxx achieved sales of $2.6 billion.

29.     Denies each and every allegation contained in paragraph 29 of the Complaint, except admits that in April 2002, the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

30.     Denies each and every allegation contained in paragraph 30 of the Complaint, except admits the existence of the referenced journal and the article contained therein, and respectfully refers the Court to the referenced publication for its actual language and full text.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint, except admits that the referenced studies exist and respectfully refers the Court to said studies for their actual language and full text.

32.     Denies each and every allegation contained in paragraph 32 of the Complaint.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in

September 2001 and respectfully refers the Court to that letter for its actual language and full text.

34.     Denies each and every allegation contained in paragraph 34 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

35.     Denies each and every allegation contained in paragraph 35 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

36.     Denies each and every allegation contained in paragraph 36 of the Complaint, except admits that Merck trains its professional representatives and that *Plaintiffs* purports to quote the referenced documents but avers that said quotations are taken out of context.

37.     Denies each and every allegation contained in the first and second sentences of paragraph 37 of the Complaint, except admits that in April 2002, the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.  The allegations contained in the third and fourth sentences of paragraph 37 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the third and fourth sentences of paragraph 37 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

38.     Denies each and every allegation contained in paragraph 38 of the Complaint, except admits that the VALOR study was proposed as one of several options and that in a March 13, 2002 email the proposal was put on hold to explore other alternatives.

39.     Denies each and every allegation contained in paragraph 39 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.  Merck further admits that it commenced an action against Dr. Laporte and the Catalan Institute of Pharmacology, and respectfully refers the Court to the referenced decision for its actual language and full context.

40.     Denies each and every allegation contained in paragraph 40 of the Complaint, except admits the existence of the referenced journal and the article contained therein and respectfully refers the Court to the referenced publication for its actual language and full text.

41.     Denies each and every allegation contained in paragraph 41 of the Complaint, except admits that there was a study presented by Dr. Graham at a medical conference in August 2004 and respectfully refers the Court to the referenced study and presentation for their actual language and full text.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint, except admits that on August 26, 2004, Merck issued a press release regarding the conclusions of a study presented by Dr. Graham at a medical conference and respectfully refers the Court to that press release for its actual language and full text.

43.     Denies each and every allegation contained in paragraph 43 of the Complaint, except admits that on September 23, 2004, Merck was informed that the External Safety Monitoring Board ("ESMB") had recommended that the APPROVe study be stopped

when preliminary results showed a small increased risk of confirmed cardiovascular events beginning after 18 months of continuous treatment with Vioxx.

44.     Denies each and every allegation contained in paragraph 44 of the Complaint, except admits that, on September 30, 2004, Merck announced the voluntary worldwide withdrawal of Vioxx and respectfully refers the Court to the referenced announcement for its actual language and full text.  Merck further avers that, on September 30, 2004, Merck announced that, in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebos and that, given the availability of alternate therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interest of patients.  Merck further admits that Vioxx was prescribed to millions of patients by health care providers.

## RESPONSE TO
## "F.  SUMMARY"

45.     Denies each and every allegation contained in paragraph 45 of the Complaint.

46.     Denies each and every allegation contained in paragraph 46 of the Complaint.

47.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 47 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 47 of the Complaint.

48.     Denies each and every allegation contained in paragraph 48 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medication Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on

September 30, 2004.  Merck further avers that the FDA approved Vioxx as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

49.    Denies each and every allegation contained in paragraph 49 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

50.    Denies each and every allegation contained in paragraph 50 of the Complaint, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "G.  COUNT 1 – NEGLIGENCE AND GROSS NEGLIGENCE"

51.    With respect to the allegations contained in paragraph 51 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 50 of this Answer with the same force and effect as though set forth here in full.

52.    Denies each and every allegation contained in the first sentence of paragraph 52 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  The allegations contained in the second sentence of paragraph 52 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of paragraph 52 of the Complaint, except admits that Plaintiffs

purport to seek relief under the "doctrine of *res ipsa loquitor*," but denies there is any legal or factual basis for such relief.

53.     The allegations contained in the first sentence of paragraph 53 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty or standard of care in connection with Vioxx.  Merck denies each and every allegation contained in the second sentence of paragraph 53 of the Complaint, including its subparts a through p, except admits that it manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

54.     Denies each and every allegation contained in paragraph 54 of the Complaint.

## RESPONSE TO "H.  COUNT 2 – NEGLIGENCE – SALE OF PRODUCT"

55.     With respect to the allegations contained in paragraph 55 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 54 of this Answer with the same force and effect as though set forth here in full.

56.     Denies each and every allegation contained in paragraph 56 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

57.     Denies each and every allegation contained in paragraph 57 of the Complaint.

58.     The allegations contained in paragraph 58 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

59.     The allegations contained in paragraph 59 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 59 of the Complaint, including its subparts a through f, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.  Merck further denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

60.     Denies each and every allegation contained in paragraph 60 of the Complaint.

61.     Denies each and every allegation contained in paragraph 61 of the Complaint.

62.     Denies each and every allegation contained in paragraph 62 of the Complaint.

## RESPONSE TO "I.  COUNT 3 – COMMON LAW FRAUD – FAILURE TO DISCLOSE (NEGLIGENT MISREPRESENTATION)"

63.     With respect to the allegations contained in paragraph 63 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 62 of this Answer with the same force and effect as though set forth here in full.

64.     The allegations contained in paragraph 64 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 64 of the Complaint.

65.     The allegations contained in paragraph 65 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty or standard of care in connection with Vioxx.

66.     Denies each and every allegation contained in paragraph 66 of the Complaint.

67.     Denies each and every allegation contained in paragraph 67 of the Complaint.

68.     Denies each and every allegation contained in paragraph 68 of the Complaint.

69.     Denies each and every allegation contained in paragraph 69 of the Complaint.

### RESPONSE TO "J.  COUNT 4 – PRODUCTS LIABILITY: DEFECTIVE DESIGN AND FAILURE TO WARN (INCLUDING STRICT LIABILITY, LA. R.S. 9:2800:56-57 AND/OR N.J.S.A. 2A:58C-2, *ET SEQ.*)"

70.     With respect to the allegation contained in the first sentence of paragraph 70 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 69 of this Answer with the same force and effect as though set forth here in full.  The allegations contained in the second and third sentences of paragraph 70 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation

contained in the second and third sentences of paragraph 70 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck denies each and every allegation contained in the fourth, fifth, sixth, and eighth sentences of paragraph 70 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.  Merck denies each and every allegation contained in the seventh sentence of paragraph 70 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

71. The allegations contained in the first and second sentences of paragraph 71 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the first and second sentences of paragraph 71 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.  Merck denies each and every allegation contained in the third and fourth sentences of paragraph 71 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

72.     The allegations contained in the first sentence of paragraph 72 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of paragraph 72 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.  Merck denies each and every allegation contained in the second sentence of paragraph 72 of the Complaint.

73.     Denies each and every allegation contained in paragraph 73 of the Complaint, except admits that Plaintiffs purport to seek exemplary damages but denies that there is any legal or factual basis for such relief.

**RESPONSE TO " K.  COUNT 5 –
BREACH OF WARRANTIES (EXPRESS AND IMPLIED)"**

74.     With respect to the allegations contained in paragraph 74 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 73 of this Answer with the same force and effect as though set forth here in full.

75.     Denies each and every allegation contained in paragraph 75 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

76.     The allegations contained in paragraph 76 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 76 of the Complaint, including its subparts a through f, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

77.     The allegations contained in paragraph 77 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 77 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

78.     The allegations contained in paragraph 78 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 78 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

79.     Denies each and every allegation contained in paragraph 79 of the Complaint.

80.     Denies each and every allegation contained in paragraph 80 of the Complaint and avers that the FDA approved Vioxx as safe and effective for certain indicated

uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full tex.

81.     Denies each and every allegation contained in paragraph 81 of the Complaint, including its subparts a through c, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

82.     Denies each and every allegation contained in paragraph 82 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

83.     Denies each and every allegation contained in paragraph 83 of the Complaint.

### RESPONSE TO
### "L.  NEGLIGENCE PER SE"

84.     With respect to the allegations contained in paragraph 84 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 83 of this Answer with the same force and effect as though set forth here in full.

85.     The allegations contained in paragraph 85 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty or standard of care in connection with Vioxx.

86.     Denies each and every allegation contained in paragraph 86 of the Complaint.

87.     The allegations contained in paragraph 87 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 87 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

88.     The allegations contained in paragraph 88 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 88 of the Complaint, except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

89.     The allegations contained in paragraph 89 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 89 of the Complaint, including its subparts A through E, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

90.     Denies each and every allegation contained in paragraph 90 of the Complaint.

## RESPONSE TO
## "M.  UNJUST ENRICHMENT"

91.     With respect to the allegations contained in paragraph 91 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement

contained in paragraphs 1 through 90 of this Answer with the same force and effect as though set forth here in full.

92.     Denies each and every allegation contained in paragraph 92 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

93.     Denies each and every allegation contained in paragraph 93 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

94.     Denies each and every allegation contained in paragraph 94 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

95.     Denies each and every allegation contained in paragraph 95 of the Complaint.

96.     The allegations contained in paragraph 96 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 96 of the Complaint.

### RESPONSE TO
### "N.  DAMAGES"

97.     Denies each and every allegation contained in the unnumbered paragraph of the Complaint under the heading "Damages", including its subparts A through R, except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

98.     Denies each and every allegation contained in paragraph 97 of the Complaint, except admits that Plaintiffs purport to seek exemplary or punitive damages but denies that there is any legal or factual basis for such relief.

99.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 98 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 98 of the Complaint, except admits that Plaintiffs purport to seek medical monitoring relief but denies that there is any legal or factual basis for such relief.

100.    Denies each and every allegation contained in paragraph 99 of the Complaint, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "O.  TOLLING OF<br>APPLICABLE STATUTES OF LIMITATION, IF ANY"

101.    The allegations contained in paragraph 100 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 100 of the Complaint.

102.    The allegations contained in paragraph 101 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 101 of the Complaint.

103.    The allegations contained in paragraph 102 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 102 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws

rules.  Merck further denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

104.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 103 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 103 of the Complaint.

**RESPONSE TO**
**"P.  PRAYER FOR RELIEF"**

105.    The allegations contained in the unnumbered "Wherefore" paragraph of the Complaint under the heading "Prayer for Relief" constitute a prayer for relief as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph, including its subparts a through g, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

**RESPONSE TO**
**"O.  JURY DEMAND"**

106.    The allegations contained in the final, unnumbered paragraph of the Complaint under the heading "Jury Demand" are legal conclusions as to which no response is required.

**AS FOR A FIRST**
**DEFENSE, MERCK ALLEGES:**

107.    The Complaint fails to state a claim upon which relief can be granted.

**AS FOR A SECOND**
**DEFENSE, MERCK ALLEGES:**

108.    The Plaintiffs were careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiffs.

**AS FOR A THIRD**
**DEFENSE, MERCK ALLEGES:**

109.    To the extent that Plaintiffs assert claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

**AS FOR A FOURTH**
**DEFENSE, MERCK ALLEGES:**

110.    To the extent that Plaintiffs assert claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

**AS FOR A FIFTH**
**DEFENSE, MERCK ALLEGES:**

111.    The Plaintiffs failed to exercise reasonable care to mitigate their alleged damages.

**AS FOR A SIXTH**
**DEFENSE, MERCK ALLEGES:**

112.    Each and every claim asserted or raised in the Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations.

**AS FOR A SEVENTH**
**DEFENSE, MERCK ALLEGES:**

113.    To the extent that Plaintiffs assert claims in the Complaint based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

114.   The claims of the Plaintiffs are barred in whole or in part under comment

k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

115.   The claims of the Plaintiffs are barred in whole or in part under comment j

to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

116.   The claims of the Plaintiffs are barred under Section 4, et seq., of the

Restatement (Third) of Torts: Products Liability.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

117.   The claims of the Plaintiffs are barred in whole or in part because Vioxx

"provides net benefits for a class of patients" within the meaning of comment f to Section 6 of

the Restatement (Third) of Torts:  Products Liability.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

118.   The product conformed to the state-of-the-art for the design and

manufacture of such, or similar, products.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

119.   The claims of the Plaintiffs are barred, in whole or in part, under the

applicable state law because Vioxx was subject to and received pre-market approval by the Food

and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**AS FOR A FOURTEENTH**
**DEFENSE, MERCK ALLEGES:**

120.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

**AS FOR A FIFTEENTH**
**DEFENSE, MERCK ALLEGES:**

121.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

**AS FOR A SIXTEENTH**
**DEFENSE, MERCK ALLEGES:**

122.    To the extent that Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

**AS FOR A SEVENTEENTH**
**DEFENSE, MERCK ALLEGES:**

123.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiffs or natural course of conditions for which this Defendant is not responsible.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

124.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiffs or abuse of Vioxx.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

125.    The claims of Plaintiffs are barred in whole or in part by the First Amendment of the Constitution of the United States of America and comparable state law provisions.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

126.    To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

127.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

128.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

129.   To the extent that Plaintiffs seek punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

130.   To the extent Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

131.   The demand for punitive damages by the Plaintiffs is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

132.   To the extent that Plaintiffs assert claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to their claims, Plaintiffs have failed to allege facts that would overcome the defenses available under that state products liability law.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

133.   The claims of Plaintiffs are barred, in whole or in part, because one or more Plaintiffs lack capacity and/or standing to bring such claims.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

134.   To the extent that Plaintiffs assert claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiffs to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

135.   Merck demands a trial by jury of all issues.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

136.   Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

137.   Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

138.   To the extent Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such

claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn the prescribing physician.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

139.    Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative negligence.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

140.    Damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would, if granted, violate Merck's state constitutional rights and are not permitted by Idaho law.

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

141.    Plaintiffs' damages in this action, if any, are subject to the limitations set forth in Idaho Code § 6-1603 (non-economic damages) and Idaho Code § 6-1604 (punitive damages).

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

142.    Plaintiffs have suffered no damage to business or property and therefore cannot state a Consumer Protection Act claim.

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

143.    Plaintiffs' claims are barred in whole or in part because Merck's conduct was in compliance with industry custom.

### AS FOR A THIRTY-EIGHTH
### <u>DEFENSE, MERCK ALLEGES:</u>

144.    With respect to every cause of action, Plaintiffs are not entitled to recover for breach of warranty to the extent that any warranty claims have been subsumed by the Idaho Products Liability Reform Act.

### AS FOR A THIRTY-NINTH
### <u>DEFENSE, MERCK ALLEGES:</u>

145.    Merck's advertisements and labeling with respect to the product that is the subject matter of this action were not false or misleading and, therefore, constitute protected commercial speech under the United States Constitution and comparable state law provisions.

### AS FOR A FORTIETH
### <u>DEFENSE, MERCK ALLEGES:</u>

146.    To the extent Plaintiffs might seek to amend the Complaint to allege punitive damages, Plaintiffs' claims for punitive damages violate the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States, on the following grounds:  (a) it is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases; (b) the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution; (c) the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution; (d) the procedures pursuant to which punitive damages are awarded

result in the imposition of different penalties for the same or similar acts and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and (e) the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

## AS FOR A FORTY-FIRST
## DEFENSE, MERCK ALLEGES:

147.    To the extent Plaintiffs seek recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

## AS FOR A FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

148.    Merck further states that any warnings which were given were transmitted to the prescribing health care provider, and that under the applicable state law, Merck's only obligation is to warn the prescribing health care provider and said obligation was fulfilled.

## AS FOR A FORTY-THIRD
## DEFENSE, MERCK ALLEGES:

149.    Merck denies that Plaintiffs used any product manufactured by Merck as alleged in Plaintiffs' Complaint.

## AS FOR A FORTY-FOURTH
## DEFENSE, MERCK ALLEGES:

150.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the Plaintiffs and/or negligence of third parties over whom Merck had no control.

## AS FOR A FORTY-FIFTH
## DEFENSE, MERCK ALLEGES:

151.    If Plaintiffs have sustained the injuries and damages alleged in the Complaint, such injuries resulted, in whole or in part, from the culpable conduct and negligence of Plaintiffs and/or of third parties, not from any negligence or breach of duty by Merck.  If judgment is rendered in Plaintiffs' favor, the amount of such judgment must be reduced pursuant to the Proportionate Responsibility Statute § 33.001, *et seq.* of the Texas Civil Practice & Remedies Code.

## AS FOR A FORTY-SIXTH
## DEFENSE, MERCK ALLEGES:

152.    Merck is unaware at this time of any settlements by any alleged joint tortfeasor.  In the event any settlement is or has been made by any alleged joint tortfeasor, however, then Merck is entitled to a full credit, offset, pro rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling party, person, or other entity herein, and Merck makes known to the other parties and to the court that it will avail itself of its rights under §§ 33.012 *et seq.* of the Texas Civil Practice & Remedies Code.

## AS FOR A FORTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

153.    Merck would show that the occurrences and injuries alleged by Plaintiffs resulted from an intervening cause or a new and independent cause which was the proximate and/or producing cause and/or the sole proximate and/or sole cause of the occurrences and injuries alleged by Plaintiffs.  Moreover, the occurrences and injuries were caused by separate and independent events or agencies not reasonably foreseeable.  Such separate and independent events or agencies destroy the causal connection, if any, between any alleged breach of legal duty on the part of Merck and the occurrences and injuries alleged by Plaintiffs, and thereby

become the immediate and/or sole cause and/or sole proximate cause of such occurrences and injuries, relieving Merck of liability to Plaintiffs or any other parties.

### AS FOR A FORTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

154.     If Plaintiffs have sustained the injuries or incurred the expenses alleged, the same may have been caused, in whole or in part, by operation of nature or act of God.

### AS FOR A FORTY-NINTH
### DEFENSE, MERCK ALLEGES:

155.     If Plaintiffs have sustained the injuries or incurred the expenses alleged, the same may have been caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of Merck.

### AS FOR A FIFTIETH
### DEFENSE, MERCK ALLEGES:

156.     The benefits of the product at issue outweigh the risks, if any, which may be attendant to its use.

### AS FOR A FIFTY-FIRST
### DEFENSE, MERCK ALLEGES:

157.     Merck fully asserts § 82.001 and § 82.007 of the Texas Civil Practice and Remedies Code and states that all of Plaintiffs' claims are barred under those sections.

### AS FOR A FIFTY-SECOND
### DEFENSE, MERCK ALLEGES:

158.     Any claims for exemplary damages are limited by Section 41.008 of the Texas Civil Practice and Remedies Code to two times the amount of actual damages or $200,000, whichever is greater.  Merck asserts all other defenses and limitations on punitive damages contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

## AS FOR A FIFTY-THIRD
## DEFENSE, MERCK ALLEGES:

159.    Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate Merck's rights under Amendments IV, V, VI and XIV of the United States Constitution and under Sections 9, 10, 14 and 19 of Article I of the Texas Constitution.

## AS FOR A FIFTY-FOURTH
## DEFENSE, MERCK ALLEGES:

160.    Unless Merck's liability for punitive damages and the appropriate amount of punitive damages are each required to be established by clear and convincing evidence under Texas law, any awards of punitive damages would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## AS FOR A FIFTY-FIFTH
## DEFENSE, MERCK ALLEGES:

161.    Any claims for punitive damages against Merck cannot be sustained, because any award of punitive damages under Texas law without bifurcating the trial as to all punitive damages issues would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## AS FOR A FIFTY-SIXTH
## DEFENSE, MERCK ALLEGES:

162.    Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law subject to no pre-determined limit, either a maximum multiple of compensatory damages or a maximum amount, on the amount of

punitive damages that a jury may impose would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

**AS FOR A FIFTY-SEVENTH
DEFENSE, MERCK ALLEGES:**

163.   Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law by a jury that (1) is not provided any standard of sufficient clarity for determining the appropriateness, or the appropriate size of any punitive damages award, (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

**AS FOR A FIFTY-EIGHTH
DEFENSE, MERCK ALLEGES:**

164.   Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law for the purpose of compensating Plaintiffs for elements of damages not otherwise recognized by Texas law would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

**AS FOR A FIFTY-NINTH
DEFENSE, MERCK ALLEGES:**

165.    Merck asserts that the determination of the amount of punitive damages, if any, shall be bifurcated from the remaining issues pursuant to *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

**AS FOR A SIXTIETH
DEFENSE, MERCK ALLEGES:**

166.    Plaintiffs' claims are barred as a matter of law pursuant to Restatement (Third) of Torts §§ 2, 4, and 6.

**AS FOR A SIXTY-FIRST
DEFENSE, MERCK ALLEGES:**

167.    Plaintiffs' claims relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First Amendment rights to petition the government.

**AS FOR A SIXTY-SECOND
DEFENSE, MERCK ALLEGES:**

168.    Imposition of punitive or exemplary damages violates the Sixth Amendment of the United States Constitution because Merck is not informed of the nature and cause of the accusation against it; thus, the allegations are void for vagueness.

**AS FOR A SIXTY-THIRD
DEFENSE, MERCK ALLEGES:**

169.    The imposition of punitive damages violates the open courts provision of the Texas Constitution.

**AS FOR A SIXTY-FOURTH
DEFENSE, MERCK ALLEGES:**

170.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, the proximate cause of such injuries or losses was use or

consumption of Vioxx that was for a purpose, in a manner or in an activity other than that which was reasonably foreseeable or was contrary to express and adequate instructions or warnings appearing on or attached to Vioxx or on its original container or wrapping or otherwise provided, and Plaintiffs knew or with the exercise of reasonable and diligent care should have known of such instructions or warnings.

**AS FOR A SIXTY-FIFTH
DEFENSE, MERCK ALLEGES:**

171.   Plaintiffs' claims are barred, in whole or in part, because the designs, methods and techniques of manufacturing, inspecting, testing and labeling Vioxx conformed with the state of the art at the time Vioxx was first sold by Merck.

**AS FOR A SIXTY-SIXTH
DEFENSE, MERCK ALLEGES:**

172.   To the extent Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would, if granted, violate Merck's constitutional rights under the United States and Arizona Constitutions and are not permitted by Arizona law.

**AS FOR A SIXTY-SEVENTH
DEFENSE, MERCK ALLEGES:**

173.   To the extent Plaintiffs seek punitive damages for an alleged act or omission of Merck, no such act or omission was of a nature to warrant punitive damages and, therefore, any award of punitive damages is barred.

**AS FOR A SIXTY-EIGHTH
DEFENSE, MERCK ALLEGES:**

174.   To the extent Plaintiffs seek punitive damages, such claim is barred because Vioxx and its labeling were subject to and received pre-market approval by the FDA

under 52 Stat. 1040, 21 U.S.C. § 301.  Further, Arizona Rev. Stat. § 12-701 further bars punitive damages.

## AS FOR A SIXTY-NINTH
## DEFENSE, MERCK ALLEGES:

175.    To the extent Plaintiffs seek punitive damages, Merck specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive damage awards that arose in the decision of *BMW of North America v. Gore*, 517 U.S. 559, 116 S. Ct. 1589 (1996), and pursuant to statute in the State of Arizona.

## AS FOR A SEVENTIETH
## DEFENSE, MERCK ALLEGES:

176.    Plaintiffs cannot state a claim under the Arizona Consumer Fraud Act because they have not relied on any representations by Merck and/or have not suffered any consequent and proximate injury.

## AS FOR A SEVENTY-FIRST
## DEFENSE, MERCK ALLEGES:

177.    All activities of Merck as alleged in the Complaint were expressly authorized and/or regulated by a government agency.  Therefore, Plaintiffs' claims pertaining to unfair or deceptive practices are barred.

## AS FOR A SEVENTY-SECOND
## DEFENSE, MERCK ALLEGES:

178.    The conduct and activities of Merck with respect to Vioxx did not involve any act, use or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of Vioxx.

## AS FOR A SEVENTY-THIRD
## DEFENSE, MERCK ALLEGES:

179.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, Plaintiffs' claims for damages for such injuries or losses are barred to the extent they were proximately caused by Plaintiffs' use of Vioxx which was contrary to the express and adequate instructions or warnings delivered with the product.

## AS FOR A SEVENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

180.    There is no safer, practical or technically feasible, or otherwise reasonable alternative design or formulation that would have reduced the alleged risk without substantially impairing the usefulness, practicality, desirability, or reasonably anticipated and intended function of Vioxx.

## AS FOR A SEVENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

181.    Plaintiffs failed to provide Defendant with timely notice of any alleged breach of warranty as required by Utah Code Ann. § 70A-2-607(3).

## AS FOR A SEVENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

182.    Plaintiffs' claims are subject to and limited by the provisions of Utah Code Ann. §§ 78-27-38 and 78-27-40.

## AS FOR A SEVENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

183.    Plaintiffs' claim under the Utah Consumer Sales Practices Act fails pursuant to Utah Code Ann. § 13-11-22(1)(a) because the alleged acts or practices complained of are required or specifically permitted by or under federal law, or by or under state law.

### AS FOR A SEVENTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

184.    One or more Plaintiffs lack standing to assert claims under the Illinois Merchandising Practices Act or any Illinois consumer protection statute

### AS FOR A SEVENTY-NINTH
### DEFENSE, MERCK ALLEGES:

185.    Plaintiffs are not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of the due process clause of the Fourteenth Amendment of the United States Constitution and the Illinois and Missouri Constitutions as set forth in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 123 S.Ct. 1513 (2003).

### AS FOR AN EIGHTIETH
### DEFENSE, MERCK ALLEGES:

186.    Plaintiffs are not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of Merck's constitutional protection and the prohibitions against double jeopardy set forth in the Fifth Amendment and the due process clause of the Fourteenth Amendment of the United States Constitution and comparable provisions of the Illinois and Missouri Constitutions.

### AS FOR AN EIGHTY-FIRST
### DEFENSE, MERCK ALLEGES:

187.    Plaintiffs are not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in an unconstitutionally excessive fine in violation of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution and comparable provisions of the Illinois and Missouri Constitutions.

## AS FOR AN EIGHTY-SECOND
## DEFENSE, MERCK ALLEGES:

188.    Plaintiffs are not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of the prohibition against ex post facto laws and laws impairing the obligations of contracts contained in Sections 9 and 10 of Article I of the United States Constitution and comparable provisions of the Illinois and Missouri Constitutions.

## AS FOR AN EIGHTY-THIRD
## DEFENSE, MERCK ALLEGES:

189.    Plaintiffs are not entitled to recover exemplary or punitive damages because Plaintiffs' claim for exemplary or punitive damages is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Illinois and Missouri Constitutions because there are not realistic standards or limits imposed on the amount of punitive damages which may be awarded, and no required relationship between the actual damages sustained and the amount of punitive damages which may be awarded.

## AS FOR AN EIGHTY-FOURTH
## DEFENSE, MERCK ALLEGES:

190.    Plaintiffs are not entitled to recover exemplary or punitive damages because Plaintiffs' claim for exemplary or punitive damages is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitutions and comparable provisions of the Illinois and Missouri Constitutions because the vague standards employed in punitive damage cases results in extremely disparate results among similar defendants accused of similar conduct.

## AS FOR AN EIGHTY-FIFTH
## DEFENSE, MERCK ALLEGES:

191.    Plaintiffs are not entitled to recover exemplary or punitive damages because Plaintiffs' claim for exemplary or punitive damages is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Illinois and Missouri Constitutions because the purpose of punitive damages is punishment and deterrence, and there is not adequate procedural safeguards in place to protect Merck's right against self-incrimination, right to proof beyond a reasonable doubt, and right to be free  from unreasonable searches and seizures in this case.

## AS FOR AN EIGHTY-SIXTH
## DEFENSE, MERCK ALLEGES:

192.    Plaintiffs are not entitled to recover exemplary or punitive damages because Plaintiffs' claim for exemplary or punitive damages is in violation of the First Amendment to the United States Constitution and comparable provisions of the Illinois and Missouri Constitutions.

## AS FOR AN EIGHTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

193.    Plaintiffs are not entitled to recover exemplary or punitive damages because the standards and instructions regarding exemplary/punitive damages are inadequate, vague, and ambiguous, further violating the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Illinois and Missouri Constitutions.

## AS FOR AN EIGHTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

194.    The correct standard for submitting the burden of proof for exemplary and/or punitive damages is "clear and convincing" evidence.  Any lesser standard is a violation

of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Illinois and Missouri Constitutions.

## AS FOR AN EIGHTY-NINTH
## DEFENSE, MERCK ALLEGES:

195.    Plaintiffs are not entitled to recover exemplary or punitive damages because the imposition of exemplary or punitive damages in this case based upon evidence of Merck's wealth or financial status would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Illinois and Missouri Constitutions.

## AS FOR A NINETIETH
## DEFENSE, MERCK ALLEGES:

196.    Section 10b(1) of the Illinois Consumer Fraud Act provides that the Consumer Fraud Act does not apply to "[a]ctions or transactions specifically authorized by laws administered by any regulatory body or officer acting under statutory authority of this State or the United States." (Ill.Rev.Stat.1981, ch. 121 1/2, par. 270b(1).) Under this provision, conduct which is authorized by Federal statutes and regulations is exempt from liability under the Consumer Fraud Act. *Lanier v. Associates Finance, Inc.*, 114 Ill.2d 1, 17, 499 N.E.2d 440, 447, 101 Ill.Dec. 852, 859 (Ill. 1986).

## AS FOR A NINETY-FIRST
## DEFENSE, MERCK ALLEGES:

197.    Plaintiffs may be barred from bringing an action pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act because the actions or transactions at issue were authorized by laws administered by a regulatory body or officer acting under statutory authority of the United States.  815 ILCS 505/10b(1).

## AS FOR A NINETY-SECOND
## DEFENSE, MERCK ALLEGES:

198.   If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were not directly caused by any alleged defect in the product that is subject matter of the Complaint.

## AS FOR A NINETY-THIRD
## DEFENSE, MERCK ALLEGES:

199.   If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A NINETY-FOURTH
## DEFENSE, MERCK ALLEGES:

200.   Merck's compliance with applicable FDA standards, coupled with the FDA's recognition of Vioxx as a safe and effective drug, precludes recovery for punitive damages under Oregon Rev. Stat. § 30.927.

## AS FOR A NINETY-FIFTH
## DEFENSE, MERCK ALLEGES:

201.   If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses resulted from Plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, idiosyncratic reaction, subsequent medical conditions or natural courses of conditions for which this Defendant is not responsible.

## AS FOR A NINETY-SIXTH
## DEFENSE, MERCK ALLEGES:

202.   To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award is not permitted by Oregon

law and would, if granted, violate Merck's state constitutional rights.  Plaintiffs' claims for punitive damages would further violate the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution, on the following grounds:

    (a)    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    (b)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

    (c)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

    (d)    The procedures pursuant to which punitive damages are awarded results in the imposition of different penalties for the same or similar acts and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

    (e)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the

Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

## AS FOR A NINETY-SEVENTH DEFENSE, MERCK ALLEGES:

203.    There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonable anticipated and intended function of Vioxx.

## AS FOR A NINETY-EIGHTH DEFENSE, MERCK ALLEGES:

204.    Plaintiffs' claims are barred in whole or in part because Merck's conduct was in compliance with industry custom.

## AS FOR A NINETY-NINTH DEFENSE, MERCK ALLEGES:

205.    Plaintiffs' claims are barred in whole or in part because Merck's conduct conformed with medical knowledge.

## AS FOR A ONE HUNDREDTH DEFENSE, MERCK ALLEGES:

206.    With respect to each and every cause of action, Plaintiffs cannot state claims founded in strict liability because, among other things, comments j and k to Section 402(A) of the Restatement (Second) of Torts relegate Plaintiffs to a negligence cause of action.

## AS FOR A ONE HUNDRED FIRST DEFENSE, MERCK ALLEGES:

207.    With respect to each and every cause of action, Plaintiffs are not entitled to recover because, if the products involved were unsafe, which Merck denies, then they were unavoidably unsafe as defined in Restatement of Torts.  The apparent benefits of the products

exceeded any apparent risk given the scientific knowledge available when the products were marketed.

## AS FOR A ONE HUNDRED SECOND
## DEFENSE, MERCK ALLEGES:

208.    The public interest and benefit of the availability of the products which are the subject matter of this action preclude liability for risks, if any, resulting from such activities, which were unavoidable given the state of human knowledge at the time those activities were undertaken.  With respect to Plaintiffs' claims, if it is determined there is a risk inherent in any of the products which are the subject matter of this action, then such risk, if any, is outweighed by the benefit of the product(s).

## AS FOR A ONE HUNDRED THIRD
## DEFENSE, MERCK ALLEGES:

209.    At all times relevant herein, the products which are the subject matter of this action processed and distributed by Merck in the State of Oregon or the United States were processed and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further were processed and distributed in accordance with and pursuant to all applicable regulations of the FDA.

## AS FOR A ONE HUNDRED FOURTH
## DEFENSE, MERCK ALLEGES:

210.    With respect to each and every purported cause of action, the acts of Merck were at all times in good faith and without malice, evidenced by, among other things, Merck's immediate withdrawal from the market of the product which is the subject matter of this action.

## AS FOR A ONE HUNDRED FIFTH
## DEFENSE, MERCK ALLEGES:

211.    Plaintiffs' damages, if any may not exceed the limitations within Oregon

Rev. Stat. § 31.710.

## AS FOR A ONE HUNDRED SIXTH
## DEFENSE, MERCK ALLEGES:

212.    Plaintiffs' failure to properly and/or timely serve Merck precludes

Plaintiffs' reliance on the 60-day relation back period under Oregon Rev. Stat. § 12.020(2) for

the purposes of determining whether Plaintiffs' action is time-barred.

## AS FOR A ONE HUNDRED SEVENTH
## DEFENSE, MERCK ALLEGES:

213.    To the extent Plaintiffs purport to state a claim under Oregon's Unfair

Trade Practices Act, Oregon Rev. Stat. §§ 646.605 – 646.652, Merck is entitled to its reasonable

attorney's fees incurred in defense of this action pursuant to Oregon Rev. Stat. § 646.638.

## AS FOR A ONE HUNDRED EIGHTH
## DEFENSE, MERCK ALLEGES:

214.    Plaintiffs' claims are barred pursuant to the provisions of Michigan Comp.

Laws § 600.2946(5).

## AS FOR A ONE HUNDRED NINTH
## DEFENSE, MERCK ALLEGES:

215.    Plaintiffs' claims are barred, at least in part, by the limitation on damages

established by Michigan Comp. Laws § 600.2946a(1).

## AS FOR A ONE HUNDRED TENTH
## DEFENSE, MERCK ALLEGES:

216.    Merck will show upon trial of this action, and hereby gives notice

pursuant to Michigan Comp. Laws Ann. § 600.2957, that the negligence of persons or entities,

currently not parties to this litigation, is the sole proximate cause, or at least a contributing cause,

of the damages and/or injuries complained of by Plaintiffs and that notice as required pursuant to the applicable court rule will be given with respect to the fault of such non-parties, identifying same to the extent possible.

**AS FOR A ONE HUNDRED ELEVENTH
DEFENSE, MERCK ALLEGES:**

217.    Plaintiffs' claims are barred, in whole or at least in part, by PA 495 of the Public Acts of 1978 (Michigan Comp. Laws Ann. § 600.2945 et seq.), commonly known as the Products Liability Statute.

**AS FOR A ONE HUNDRED TWELFTH
DEFENSE, MERCK ALLEGES:**

218.    To the extent that Plaintiffs seek punitive damages, Michigan law does not recognize Plaintiffs' claim for punitive damages.

**AS FOR A ONE HUNDRED THIRTEENTH
DEFENSE, MERCK ALLEGES:**

219.    Plaintiffs' claims may be barred, in whole or in part, by the doctrine of comparative fault.  If other persons or entities were negligent, legally responsible, or otherwise at fault for the damages alleged in the Complaint, this percentage of fault must be reduced against any assessed against Merck pursuant to Colorado Rev. Stat. § 13-21-111, § 13-21-111.5 and § 13-21-406 or other applicable law.

**AS FOR A ONE HUNDRED FOURTEENTH
DEFENSE, MERCK ALLEGES:**

220.    Merck is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute in the State of Colorado, or any other law found applicable in this action.

**AS FOR A ONE HUNDRED FIFTEENTH**
**DEFENSE, MERCK ALLEGES:**

221.    Merck incorporates all of the defenses set forth under the Colorado Consumer Protection Act, Colorado Rev. Stat.§ 6-1-101, et seq.

**AS FOR A ONE HUNDRED SIXTEENTH**
**DEFENSE, MERCK ALLEGES:**

222.    The injuries or damages allegedly sustained by Plaintiffs can be attributed to several causes and accordingly should be apportioned among the various causes according to the respective contribution of each such cause to the harm sustained, if any.  If any liability is found against Merck, then said liability will constitute 50 percent or less of the total liability assigned to all persons liable, and as such, the liability of Merck for non-economic loss shall be limited, and shall not exceed Merck's equitable share.

**AS FOR A ONE HUNDRED SEVENTEENTH**
**DEFENSE, MERCK ALLEGES:**

223.    Any verdict or judgment rendered against Merck is subject to the requirements of Colorado Rev. Stat. § 13-21-111.6 and must be reduced by those amounts that have been, or will, with reasonable certainty, replace or indemnify Plaintiffs, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, worker's compensation or employee benefit programs.

**AS FOR A ONE HUNDRED EIGHTEENTH**
**DEFENSE, MERCK ALLEGES:**

224.    Plaintiffs' damages are limited by the provisions of Colorado Rev. Stat. § 13-21-102.5.

## AS FOR A ONE HUNDRED NINETEENTH
## DEFENSE, MERCK ALLEGES:

225.    Plaintiffs' claims are barred, in whole or in part, by the Colorado Product Liability Act, § 13-21-401, et seq., including the presumptions contained in Colorado Rev. Stat. § 13-21-403.

## AS FOR A ONE HUNDRED TWENTIETH
## DEFENSE, MERCK ALLEGES:

226.    To the extent any part of Plaintiffs' Complaint may be construed as alleging or seeking recovery of punitive, multiple or exemplary damages against Merck, such damages are limited or barred, in whole or in part, by the provisions of Colorado Rev. Stat. § 13-21-102.

## AS FOR A ONE HUNDRED TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

227.    Plaintiffs' claims are barred or limited, in whole or in part, by the provisions of Colorado Rev. Stat. § 13-21-203.

## AS FOR A ONE HUNDRED TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

228.    Plaintiffs' claims under New York General Business Law § 349 are barred by reason of Plaintiffs' failure to allege sufficient facts identifying any statement or misrepresentation alleged to constitute a deceptive act or practice and her failure to sufficiently plead causation or reliance.

## AS FOR A ONE HUNDRED TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

229.    To the extent Plaintiffs' claims under New York General Business Law § 349 are based on conduct that took place outside the state of New York, the claims are barred.

**AS FOR A ONE HUNDRED TWENTY-FOURTH**
**DEFENSE, MERCK ALLEGES:**

230.    Plaintiffs' claims under New York General Business Law § 350 are barred by reason of Plaintiffs' failure to allege sufficient facts identifying any statement or misrepresentation alleged to constitute false advertising and their failure to sufficiently plead causation or reliance.

**AS FOR A ONE HUNDRED TWENTY-FIFTH**
**DEFENSE, MERCK ALLEGES:**

231.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission manifested a flagrant disregard of the safety of persons who might be harmed by the product in question, as required by Ohio Rev. Code § 2307.80.

**AS FOR A ONE HUNDRED TWENTY-SIXTH**
**DEFENSE, MERCK ALLEGES:**

232.    Merck invokes each and every defense available to it under New Mexico's Law on Product Liability, as detailed in Restatement 2d of Torts and Restatement 3d of Torts as adopted in New Mexico, in New Mexico Civil Jury Instruction Rule 13-1401, et seq., N.M.R.A. 2003 and in relevant decisions by New Mexico courts.

**AS FOR A ONE HUNDRED TWENTY-SEVENTH**
**DEFENSE, MERCK ALLEGES:**

233.    An award of punitive damages cannot be sustained against Merck because under New Mexico law an award of punitive damages by a jury does not

(1)    provide a standard of sufficient clarity for determining the appropriateness of the award or the appropriateness of the size of the award;

(2)    instruct the jury on the limits on punitive damages imposed by the applicable principles of deterrence and punishment;

(3)     expressly prohibit an award of punitive damages in whole or in part on the basis of invidiously discriminatory characteristics, including the corporate status of Merck, its foreign origin, and other characteristics peculiar to Merck;

(4)     provide for a standard for determining punitive damages that is not vague or arbitrary;

(5)     define with sufficient clarity the mental state of mind, conduct or intent that makes an award of punitive damages permissible; and

(6)     subject to judicial review, on the basis of objective standards, an award of punitive damages both as to the amount of the award and the appropriateness of the award.

Accordingly, an award of punitive damages would violate Merck's constitutional rights, including but not limited to the rights to due process of law, equal protection of the law, not to be twice put in jeopardy for the same offense, and the right to be free of excessive fines under the Fifth, Ninth and Fourteenth Amendment of the United States Constitution, and similar rights under the provisions of the Constitution of the State of New Mexico, including but not limited to Article II, Sections 1, 4, 10, 12, 13, 14, 15, 18 and 19 of the New Mexico Constitution.

## AS FOR A ONE HUNDRED TWENTY-EIGHTH DEFENSE, MERCK ALLEGES:

234.     The imposition of punitive damages in this action would violate the Commerce Clause of the United States Constitution and would exceed the judicial and legislative power of the State of New Mexico to the extent that such award punishes conduct allegedly occurring solely outside the State of New Mexico.

## AS FOR A ONE HUNDRED TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

235.   A finding of liability under current Missouri law and procedure would violate Merck's constitutional rights, both facially and as applied, under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 22(a) (right to a trial by jury), in that:

a.   Missouri law, by virtue of Missouri Approved Instructions 25.04 and 25.05, fails to submit to the jury one or more specific alleged defects upon which the jury must base its finding that the product is unreasonably dangerous.

   i.   This gives the jury a roving commission with no constraints whatsoever to find the product unreasonably dangerous; and

   ii.   Fails to limit the jury's consideration to those defects specified and supported by substantial evidence; and

   iii.   This also denies Merck any meaningful review by the trial court of the submissibility of Plaintiffs' claims as to certain defects, and

   iv.   This permits the jury to render a verdict against the defendant based upon the vote of less than a majority of the jury, with each of the minimum of nine jurors required to vote for a verdict against the defendant basing that vote on a defect never alleged in the pleadings, a different allegation of defect, a defect for which Plaintiffs do not have substantial evidence, a defect never claimed by Plaintiffs' experts or a defect never mentioned in the evidence at the trial.

b.   Missouri law by virtue of Missouri Approved Instructions 25.04 and 25.05 allows the jury a roving commission with no constraints whatsoever in that no factors or

objective standards to consider in deciding whether a product is unreasonably dangerous are given the jury; and

c.     Missouri allows the jury a roving commission with no constraints whatsoever because no factors are given the trial court to meaningfully review the submissibility of a case or to review meaningfully a jury's verdict, both as to liability and as to the amount of damages awarded.

## AS FOR A ONE HUNDRED THIRTIETH
## DEFENSE, MERCK ALLEGES:

236.    Section 537.675, Mo.Rev.Stat. violates Article 1, Section 13 against *ex post facto* laws to the extent that it permits the jury to consider any conduct or omission by the defendant which occurred before the passage of that statute.

## AS FOR A ONE HUNDRED THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

237.    Section 537.675, Mo.Rev.Stat., which takes half of any punitive damage award for the State of Missouri, making the award of punitive damages a fine imposed and collected by the State, both facially and as applied, violates the double jeopardy clauses of the 5th Amendment of the United States Constitution and Article I, Section 19 of the Missouri Constitution, because it allows multiple punitive damage awards for the same conduct.

## AS FOR A ONE HUNDRED THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

238.    Missouri, by virtue of Section 537.675, which requires half of any punitive damage award to be paid to the State of Missouri, has made every award of punitive damages a criminal fine without adequate guidelines giving notice as to the conduct or state of mind that could result in a punitive damage award and as to the procedures for imposing punitive damages, including without limitation, a failure to require a unanimous jury to award punitive damages.

### AS FOR A ONE HUNDRED THIRTY-THIRD
### DEFENSE, MERCK ALLEGES:

239.    Missouri standards for finding a defendant liable for punitive damages are so vague, uncertain and ill-defined that Section 537.675, Mo.Rev.Stat. violates the Fifth Amendment to the United States Constitution and Article I, Section 18(a) of the Missouri Constitution, because it permits the imposition of a state fine without the defendant ever being told the nature and cause of the offense with which the defendant was charged.

### AS FOR A ONE HUNDRED THIRTY-FOURTH
### DEFENSE, MERCK ALLEGES:

240.    Section 537.675, Mo.Rev.Stat. violates Article 1, Section 31, by delegating to a jury the authority to set fines.

### AS FOR A ONE HUNDRED THIRTY-FIFTH
### DEFENSE, MERCK ALLEGES:

241.    Section 537.675, Mo.Rev.Stat. violates Article 1, Section 22(a) in that it allows a less than unanimous jury to impose the criminal penalty of punitive damages and permits verdicts which are not truly supported by the vote of nine jurors.  Missouri law allows a group of nine jurors to impose and set the amount of punitive damages, which group is different from the group of nine that originally found the prerequisite liability for compensatory damages, so that no group of nine may have agreed on the entire verdict upon which judgment is entered.

### AS FOR A ONE HUNDRED THIRTY-SIXTH
### DEFENSE, MERCK ALLEGES:

242.    Missouri's scheme for punitive damages, including without limitation, the Missouri Approved Instructions on punitive damages and Sections 510.263 and 537.675, violate, both facially and as applied, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Constitution of Missouri, and the

Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Article I, Sections 21 and 22(a) (right to a trial by jury) of the Missouri Constitution, because:

    a.    Missouri law fails to provide adequate guidance to the jury in setting the amount of any punitive damage award and instead leaves this decision to the unbridled discretion of the jury;

    b.    Missouri law provides no objective limitations or standards concerning a proper amount of punitive damages;

    c.    Missouri law does not require that an award of punitive damages bear a reasonable relationship to the actual injury involved;

    d.    Missouri law does not require that an award of punitive damages bear a reasonable relationship to the compensatory damages awarded by the jury;

    e.    Missouri law does not require that an award of punitive damages bear a reasonable relationship to the defendant's mental state and the degree of malice with which the jury finds the defendant acted;

    f.    Missouri law has no fixed limit on the amount of punitive damages that can be awarded in connection with an incident or with a product involved in more than one incident;

    g.    Missouri law allows multiple punitive damage awards for the same conduct;

    h.    Missouri law does not require the judge presiding over a trial in which punitive damages have been awarded to review the punitive damages award in light of the amount of punitive damages awarded in other, comparable cases;

    i.    Missouri law does not require the jury to consider mitigating circumstances in determining whether punitive damages should be awarded;

j.   Missouri law does not require that an award of punitive damages must not be based upon any bias, passion, or prejudice against the defendant;

k.   Missouri's guidelines, standards, procedures and jury instructions for the award of punitive damages are ambiguous, indefinite, vague, uncertain, conflicting, purely subjective, unreasonable and fundamentally unfair, so as to deprive defendant of adequate notice of the type of conduct that could result in the imposition of punitive damages;

l.   Missouri law directs a jury to consider the net worth of the defendant in setting the amount of any punitive damage award and, therefore, discriminates unfairly on the basis of economic status bearing no relationship to the incident, the damages sustained by the Plaintiffs, the mental state of the defendant or to other awards of punitive damages under comparable facts;

m.   Missouri law does not require that the amount of any punitive damage award must not be based upon any desire or belief to redistribute income or wealth from those the jury believes have wealth to those the jury believes have less or no wealth;

n.   Missouri law allows an award of punitive damages to be based entirely on conduct occurring outside the state of Missouri; and

o.   Missouri law allows a less than unanimous jury to impose the penalty of punitive damages and allows one group of nine jurors to find the prerequisite liability for compensatory damages and another group of nine to impose and set the amount of punitive damages, so that no group of nine jurors agrees on the verdict upon which judgment is entered.

### AS FOR A ONE HUNDRED THIRTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

243.    Missouri law requiring proof of punitive damages by clear and convincing evidence violates the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Missouri Constitution, as interpreted by the Courts to require proof beyond a reasonable doubt in all criminal cases, because Section 537.675 has criminalized punitive damages, so that a charge of punitive damages should be proven beyond a reasonable doubt to a unanimous jury.

### AS FOR A ONE HUNDRED THIRTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

244.    Any Plaintiff who purchased Vioxx outside of Missouri has no claim under the Missouri Merchandising Practices Act because that Act does not apply to transactions that occur wholly outside of Missouri.

### AS FOR A ONE HUNDRED THIRTY-NINTH
### DEFENSE, MERCK ALLEGES:

245.    One or more Plaintiffs lack standing to assert claims under Missouri Merchandising Practices Act or any Missouri consumer protection statute.

### AS FOR A ONE HUNDRED FORTIETH
### DEFENSE, MERCK ALLEGES:

246.    The Complaint and the causes of action contained therein is barred in whole or in part by the United States and Missouri Constitution which prohibit the extra-territorial application of state law.

**AS FOR A ONE HUNDRED FORTY-FIRST**
**DEFENSE, MERCK ALLEGES:**

247.    Merck's fault, if any, must be compared to the fault of Plaintiffs and others

pursuant to Mo. Rev. Stat. 537.765 and the principles of comparative fault announced in

*Gustafson v. Benda*, 661 S.W.2d 11 (Mo. banc 1983).

**AS FOR A ONE HUNDRED FORTY-SECOND**
**DEFENSE, MERCK ALLEGES:**

248.    To the extent that Plaintiffs seek economic losses as a result of purchasing

Vioxx, such claims are barred under Missouri law because a buyer of allegedly defective goods

cannot recover in tort for economic losses.

**AS FOR A ONE HUNDRED FORTY-THIRD**
**DEFENSE, MERCK ALLEGES:**

249.    On information and belief, Plaintiffs are not among the class of persons

entitled to assert a claim for punitive damages under Nevada Rev. Stat. § 598.09777.

**AS FOR A ONE HUNDRED FORTY-FOURTH**
**DEFENSE, MERCK ALLEGES:**

250.    To the extent that Plaintiffs seek punitive damages for the conduct which

allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate

Merck's state and federal constitutional rights under the Due Process, Equal Protection, Double

Jeopardy, Contract, and Excessive Fines Clauses of the United States Constitution, as well as

other provisions therein, and the cognate provisions of the Nevada Constitution, to wit:  Article

1, sections 8 and 15.  Furthermore, Nevada Rev. Stat. § 42.005(2) impermissibly singles out and

exempts products liability cases from the limits otherwise imposed on the recovery of punitive

damages, leaving their assessment to the standardless discretion of the finder of fact.  Further, the

statute and Nevada cases decided under it do not comply with the minimum standards

established by the United States Supreme Court in this evolving area of the law, and they improperly permit multiple awards of punitive damages for the same alleged act or acts.

## AS FOR A ONE HUNDRED FORTY-FIFTH
## DEFENSE, MERCK ALLEGES:

251.    Plaintiffs impermissibly seek to impose liability on conduct protected from liability by the First Amendment to the United States Constitution and by Article 1 of the Wisconsin Constitution.

## AS FOR A ONE HUNDRED FORTY-SIXTH
## DEFENSE, MERCK ALLEGES:

252.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, be subject to the limitations of Indiana Code § 34-51-3-1 et seq.

## AS FOR A ONE HUNDRED FORTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

253.    Plaintiffs' claims under the Indiana Deceptive Consumer Sales Act are barred or limited pursuant to the limitations set forth in Indiana Code § 24-5-0.5-5.

## AS FOR A ONE HUNDRED FORTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

254.    To the extent Plaintiffs seek recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in the action under New Jersey Stat. Ann. 2A:15-97.

## AS FOR A ONE HUNDRED FORTY-NINTH
## DEFENSE, MERCK ALLEGES:

255.    Merck asserts all defenses available to it pursuant to the New Jersey Product Liability Act, New Jersey Stat. Ann. 2A:58C-1, *et seq.*

### AS FOR A ONE HUNDRED FIFTIETH
### DEFENSE, MERCK ALLEGES:

256.    Plaintiffs are barred from recovery and/or Plaintiffs' recovery is limited

pursuant to the Comparative Negligence Act, New Jersey Stat. Ann. 2A:15-5.1, *et seq*.

### AS FOR A ONE HUNDRED FIFTY-FIRST
### DEFENSE, MERCK ALLEGES:

257.    Merck denies any liability on its part, but if Merck is ultimately found

liable to Plaintiffs, then it shall only be liable for its equitable share of Plaintiffs' recovery since

any liability which would be found against it will be insufficient to impose joint liability.  In the

alternative, the liability, if any, of Merck is limited by and pursuant to the New Jersey Joint

Tortfeasor Contribution Act, New Jersey Stat. Ann. 2A:53A-1, *et seq*.

### AS FOR A ONE HUNDRED FIFTY-SECOND
### DEFENSE, MERCK ALLEGES:

258.    To the extent that Plaintiffs assert claims against Merck based on theories

of liability not provided for in the Louisiana Products Liability Act, those claims are barred.  La.

Rev. Stat. § 9:2800.51, et seq.

### AS FOR A ONE HUNDRED FIFTY-THIRD
### DEFENSE, MERCK ALLEGES:

259.    To the extent that Plaintiffs assert claims against Merck based on theories

of liability or elements of damages provided in the Louisiana Products Liability Act, Plaintiffs

have failed to allege facts that would overcome the defenses available under the Louisiana

Products Liability Act.  La. Rev. Stat. § 9:2800.59(A).

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.     That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' Complaint with prejudice against Merck with costs assessed to Plaintiffs;

2.     Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.     Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated:  November 17, 2006

Respectfully submitted,

  s/ Melissa V. Beaugh
Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Melissa V. Beaugh, 28250
        Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
        Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL No. 1657, on this 17th day of November, 2006.

_s/ Melissa V. Beaugh_____