# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

FILED NOV 14 2006
LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| In re: VIOXX | * | MDL DOCKET No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L - DIVISION 3 |
| | * | |
| This document relates to<br>CASE NO. 2:05CV2524 | * | JUDGE FALLON |
| | * | |
| ANTHONY WAYNE DEDRICK,<br>an Individual, | * | MAG. JUDGE KNOWLES |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |

**Plaintiff's Reply in Support of His Motion *in Limine* to Preclude Merck From Arguing That FDA Regulations Prohibited the Company From Making Label Changes Without Prior Agency Approval**

*(Plaintiff's Motion in Limine No. 6)*

  Plaintiff Anthony Dedrick urges the Court to preclude Merck & Co. from offering testimony and argument at trial that it could not have changed the Vioxx label to include warnings of cardiovascular risks without prior approval of the FDA.

  Plaintiff recognizes that the Court has denied similar motions in previous MDL cases, but encourages the Court to reconsider its position. Such testimony or argument is both false and misleading and should therefore be precluded. Though subject to FDA oversight, Merck was responsible for ensuring that adequate warnings appeared in the Vioxx label at all times.

1

Fee_____
Process_____
X /Dktd_____
✓ CtRmDep_____
___ Doc. No_____

This is a matter of law, not a question of fact. Plaintiff respectfully requests entry of an order prohibiting Merck from eliciting such testimony or argument.

In its opposition, Merck argues that "the sufficiency of the Vioxx label before April 2002 is irrelevant to this case." See Defendant's Opp. at 1. Merck further argues that it was prevented from changing the label without FDA approval.

The law is quite clear. 21 C.F.R. § 201.57(e) states: "labeling shall be revised to include a warning as soon as there is reasonable evidence of an association of a serious hazard with a drug; a causal relationship need not have been proved. (emphasis added). See also Motus v. Pfizer, Inc., 127 F.Supp.2d 1085, 1095 (C.D. Ca. 2000). Section 201.57(e) imposes an affirmative duty on a drug company to warn of a serious hazard associated with a drug as soon as possible. Furthermore, 21 C.F.R. § 314.70(c) provides a necessary mechanism for a manufacturer to add a warning: labeling changes to "add or strengthen a contraindication, warning, precaution, or adverse reaction" do not require FDA's prior approval. See 21 C.F.R. § 314.70(c)(6)(I)(A). Working in concert, these two regulations ensure that a drug company – as the entity that knows the most about the safety profile of a drug – warn physicians and patients of any serious hazards caused by a drug as quickly as possible.

Sections 201.57(e) and 314.70(c), through their clear and unambiguous language, empower a drug company to add a warning as soon as it becomes aware of a serious hazard associated with the use of its drug. In this circumstance, after receiving the results of VIGOR, Merck had reasonable evidence that using Vioxx caused a serious hazard – i.e., increased ones risk of having a heart attack by 5 times over those using naproxen. Upon receiving this data, Merck had an affirmative duty to warn physicians and the millions of patients taking Vioxx on

2

a daily basis (many of them already at risk for an adverse cardiovascular event). *See* 30 Fed. Reg. 993 (Jan. 30, 1965).

Merck had a duty to add a warning to the Vioxx label and to alert physicians and patients of the increased risk of cardiovascular events when taking Vioxx. Judge Higbee was correct in instructing the jury in *Cona/McDarby* that Merck was clearly empowered to change the Vioxx label and to warn Vioxx users of an increased risk of adverse cardiovascular events. Merck's failure to do so was a clear violation of its duty under 21 C.F.R. § 201.57(e). This issue is a matter of law.

Rather than add a warning to the label, Merck delayed for 2 years after learning the VIGOR results. During this time, Dr. Herrera, Plaintiff's prescribing physician, was being detailed in accordance with pre-April 2002 labels approximately once per week. In other words, Merck and its sales representatives failed to warn Dr. Herrera of the serious cardiovascular risks associated with Vioxx for two years while he prescribed Vioxx to his patients. Though he did not prescribe Vioxx to Mr. Dedrick prior to April 2002, it was only shortly – three months – after the label change that Dr. Herrera prescribed the drug to Mr. Dedrick. The information and more importantly, the absence of appropriate warnings, were part of Dr. Herrera knowledge base prior to the label change, making the pre-April 2002 labels and the information given to him by and through Merck sales representatives relevant to Plaintiff's failure to warn claim.

Moreover, the April 2002 label does not warn of the cardiovascular risks associated with the use of the drug. Nothing contained in the April 2002 label would have alerted Dr. Herrera that the drug would significantly increase Mr. Dedrick's risk of a heart attack.

Plaintiff respectfully urges the Court to grant his motion and enter an order precluding Merck from arguing or offering testimony that it could not amend the Vioxx label to include warnings or precautions concerning cardiovascular risks without prior FDA approval. Such testimony or argument would be false, contrary to well-settled law, and misleading to a jury. Respectfully submitted this 10th day of November, 2006.

*/s/ P. Leigh O'Dell*
**ANDY BIRCHFIELD**
P. LEIGH O'DELL
Attorney for Plaintiff
***BEASLEY, ALLEN, CROW,***
***METHVIN, PORTIS & MILES, P.C.***
234 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103
(334) 269-2343 telephone
(334) 954-7555 facsimile

**Russ M. Herman** (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
**Plaintiffs' Liaison Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID, MEUNIER
& WARSHAUER, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (telecopier)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

**PLAINTIFF'S STEERING COMMITTEE**

**Christopher A. Seeger**, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Arnold Levin, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Shelley Sanford, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W.
Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Plaintiff's Reply in Support of His Motion *in Limine* to Preclude Merck From Arguing That FDA Regulations Prohibited the Company From Making Label Changes Without Prior Agency Approval has been served on Liaison Counsel, Phillip A. Wittman and Russ Herman, by U.S. Mail and e-mail or by hand delivery and e-mail, on Merck's Counsel, Douglas R. Marvin and Philip S. Beck, by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced, in accordance with Pretrial Order No. 8A, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this <u>10th</u> day of November, 2006.

_____
P. Leigh O'Dell
Attorney for Plaintiff
Beasley, Allen, Crow,
Methvin, Portis & Miles, P.C.