UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL DOCKET No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L - DIVISION 3 |
| | * | |
| This document relates to | * | JUDGE FALLON |
| CASE NO. 2:05CV2524 | * | |
| | * | |
| ANTHONY WAYNE DEDRICK, | * | MAG. JUDGE KNOWLES |
| an Individual, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |

**PLAINTIFF'S REPLY TO OPPOSITION OF MERCK TO MOTION TO EXCLUDE EVIDENCE REGARDING THE NUMBER OF HEART ATTACKS IN THE UNITED STATES**

*(Plaintiff's Motion in Limine No 7)*

COMES NOW, Plaintiff Anthony Wayne Dedrick, by and through his undersigned counsel, and hereby urges the Court to exclude evidence regarding the number of heart attacks occurring in the United States of America.

Merck argues that it should be permitted to offer "general evidence regarding the frequency and occurrence of heart attacks," contending that "evidence of this sort is directly relevant to the issue of whether Vioxx, as opposed to something else, was the most likely cause of Mr. Dedrick's

1

injuries." Merck also contends that because Mr. Dedrick suffered from heart disease prior to his heart attack in January of 2003, and that because heart disease is the leading cause of heart attacks "evidence of this fact demonstrates to the jury the seriousness of Mr. Dedrick's pre-existing conditions," and that "[i]t also demonstrates the relevance and importance of whether alternative causes of Mr. Dedrick's alleged injuries have been ruled out."

Evidence regarding the number of heart attacks in the United States does not demonstrate alternative causes of Mr. Dedrick's injuries, nor the seriousness of his pre-existing conditions, any more than evidence regarding the number of automobile accidents in the United States each year demonstrates the cause of a particular automobile collision, or the predisposition of the driver involved to be in a collision.

The cause of Mr. Dedrick's heart attack and his pre-existing medical condition are medical questions which will be answered based upon medical and scientific evidence. They cannot be answered by reference to unreliable gross estimates of the number of heart attacks in the United States. As previously stated, the number of heart attacks arbitrarily recorded by or reported to various entities and amassed into random groups of data is immaterial to the claims raised by the Plaintiff. The real issue is "did Vioxx cause Mr. Dedrick's heart attack?" Unreliable statistics, from random sources, compiled into a comparative survey do not prove or disprove any material fact at issue here and do not prove whether alternative causes of Mr. Dedrick's injuries have been ruled out, nor reflect in any way upon Mr. Dedrick's medical condition prior to taking Vioxx or prior to his heart attack.

Merck states that whether it will attempt to introduce comparative evidence of the number of heart attacks occurring before, versus during, the period in which Vioxx was sold turns on whether

Plaintiff is permitted to rely upon Dr. Graham's study. Just as it unsuccessfully argued in *Plunkett*, as well as in *Barnett*, Merck contends that if the study is admitted into evidence, Merck must be able to rebut Dr. Graham's estimate "by introducing evidence the Vioxx did not cause 144,000 excess heart attacks." Merck contends that comparison of the number of pre-Vioxx heart attacks with the number of heart attacks occurring while Vioxx was on the market would be highly relevant. (Merck only recently filed a memorandum in support of its separate motion to exclude testimony from Dr. Graham on this subject. Plaintiff will not be able to file his opposition to that motion until next week.)

However, Merck's point here is a non sequitur, as there is no logical connection between Dr. Graham's estimate of the additional heart attacks caused by Vioxx, and estimates by others of the total number of heart attacks each year. The two are unrelated. Dr. Graham's estimates are of the number of heart attacks caused by Vioxx among users of Vioxx, and are based upon the number of prescriptions sold and information derived from clinical trials, not upon the small percentage of heart attacks from any cause which may be reported or recorded.

The absence of a rise in the total number of heart attacks does not disprove Dr. Graham's estimate. First of all, there is no way to determine whether a gross estimate of total heart attacks, even if a reasonably accurate number could be estimated, has been reduced from one year to the next by myriad outside factors which affect the occurrence of heart attacks.

Additionally, in terms of reliability, there is a vast difference between Dr. Graham's estimates regarding the increased numbers of heart attacks caused by Vioxx, and the estimates of heart attacks annually in the U.S. Dr. Graham and others estimated that Vioxx was responsible for 40,000 deaths and an additional 88-139,000 heart attacks over the period from 1999 to 2004. Their estimates were

3

based upon the number of rofecoxib prescriptions dispensed in the United States, as well as two Merck-sponsored randomized clinical trials, using the background rate for acute myocardial infarction among control groups from studies of cardiovascular risk in NSAID users. See David J. Graham, et al., "Risk of acute myocardial infarction and sudden cardiac death in patients treated with cyclo-oxygenase 2 selective and no-selective non-steroidal anti-inflammatory drugs: nested case-control study,"*Feb.5, 2005 at 481.*

The estimates in the article are based on Merck's clinical trials and they are published in peer-reviewed literature. Dr. David Graham has been subject to Merck's cross-examination regarding his estimates. Unlike Dr. Graham's numbers, estimates of the total number of heart attacks in the United States each year vary dramatically from one source to another. *See e.g.*:

> "Each year, about 1.1 million Americans suffer a heart attack."
> *http://www.nhlbi.nih.gov/actintime/aha/aha.htm*
>
> "It is estimated that better than 1 million Americans will have a new or recurrent coronary attack and about one-third of them will die."
> *http://www.health.state.ny.us/nysdoh/heart/aboutchd.htm*
>
> "About 1.5 million Americans suffer a heart attack each year (that's 1 heart attack every 20 seconds)."
> *http://www.emedicinehealth.com/heart_attack/article_em.htm*
>
> "According to the National Institutes of Health (NIH) more than 1.2 million heart attacks occur each year in the United States..."
> *http://www.cardiologychannel.com/heartattack/*
>
> "1.5 million heart attacks occur in the United States each year with 500,000 deaths."
> *http://www.womensheartfoundation.org/content/HeartAttack/heart_a ttack_facts.asp*
>
> "Every year over 1.4 million Americans have a sudden interruption in blood supply to their heart muscle and about half of them die within an hour."
> *http://www.aeha.org/A%20Heart-Felt%20Challenge%20to%20 America's%20Medical%20Community%20-%20Association*

%20for%20Eradication%20of%20Heart%20Attacks.htm

"In the United States, 900,000 people a year have a heart attack."
*http://www.yourheartmadesimple.com/chapters/ch1/page1.cfm*

These estimates all vary by more than the lower boundary of additional heart attacks predicted by Graham et al., and overall, by more than *4 times* the higher number. It is apparent from the disparity in numbers that there is no recognized number, nor any reliable means of accurately estimating the number of heart attacks annually in the United States. The range -- anywhere from 900,000 to 1,500,000 -- in and of itself demonstrates the difficulty in estimating the number of such events, as well as the unreliability of the resulting numbers.

Moreover, even if Merck could establish that any particular estimate is reliable, as pointed out in Plaintiff's motion, any one of a number of factors which come into play in reducing the actual number- including the introduction of statins, increased public awareness, changes dieting habits, improvements in medical care, efforts in the medical community to reduce the number of heart attacks, and others- could have caused a reduction in the total estimate for the period Vioxx was on the market, thereby artificially lowering the total. One could not reasonably draw the inference that a decrease, or the absence of an increase, somehow proves that there was no increase attributable to Vioxx.

Finally, in *Plunkett,* as well as in *Barnett,* the Court granted this same motion. The Court's written order indicates "irrelevant," "misleading," and "opens door the hearsay and matters which could confuse and consume trial." See Order of November 18, 2005; see also Order of June 28, 2006 (Barnett). For the same and the foregoing reasons, Plaintiff urges the court to grant Plaintiff's motion to exclude evidence regarding the number of heart attacks occurring in the United States during the time period that Vioxx was being marketed.

5

Respectfully submitted this 10th day of November, 2006.

*signature: P. Leigh O'Dell*

**ANDY BIRCHFIELD**
P. LEIGH O'DELL
Attorney for Plaintiff
***BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.***
234 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103
(334) 269-2343 telephone
(334) 954-7555 facsimile

**Russ M. Herman** (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
**Plaintiffs' Liaison Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID, MEUNIER
& WARSHAUER, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (telecopier)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

**PLAINTIFF'S STEERING COMMITTEE**

**Christopher A. Seeger**, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Arnold Levin, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Shelley Sanford, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W.
Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing PLAINTIFF'S REPLY TO OPPOSITION OF MERCK TO MOTION TO EXCLUDE EVIDENCE REGARDING THE NUMBER OF HEART ATTACKS IN THE UNITED STATES has been served on Liaison Counsel, Phillip A. Wittman and Russ Herman, by U.S. Mail and e-mail or by hand delivery and e-mail, on Merck's Counsel, Douglas R. Marvin and Philip S. Beck, by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced, in accordance with Pretrial Order No. 8A, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 10th day of November, 2006.

_P. Leigh O'Dell_
P. Leigh O'Dell
Attorney for Plaintiff
Beasley, Allen, Crow,
Methvin, Portis & Miles, P.C.