# UNITED STATES DISTRICT COURT

# ) EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL DOCKET No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L - DIVISION 3 |
| | * | |
| This document relates to | * | JUDGE FALLON |
| CASE NO. 2:05CV2524 | * | |
| | * | |
| ANTHONY WAYNE DEDRICK, | * | MAG. JUDGE KNOWLES |
| an Individual, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |

---

## PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION *IN LIMINE* TO EXCLUDE EVIDENCE, TESTIMONY, OR ARGUMENT THAT VIOXX IS A POTENTIAL CURE FOR CANCER

### *(Plaintiff's Motion in Limine No. 10)*

---

Plaintiff has moved to preclude any testimony by Dr. Briggs Morrison that Vioxx is, may be, or was thought to be a potential cure for cancer.  During *Irvin 2*, Dr. Morrison testified that, while at Merck, he focused his energies on determining whether COX-2s could "prevent or treat cancer[,]" *Irvin 2 v. Merck & Co.,* Tr. at 1605-1607 (Feb. 14, 2006); *see also Id.* at 1517-1520, and that he was ultimately not able to answer that question because "the VICTOR trial was stopped early when [VIOXX] was taken off the market."  *Id.* at 1607:2-13. Dr. Morrison has offered similar testimony in every MDL trial.



To the extent that the question of fact Merck is presenting to the jury, either directly or by suggestion or implication via Dr. Morrison is whether or not the drug might have been a cure for cancer, his testimony runs afoul of this Court's ruling in *Irvin 1*. There, pursuant to Federal Rule of Evidence 401, this Court granted plaintiff's motion in limine to exclude any reference that verdict for the plaintiff will adversely affect the ability of any member of the jury to purchase or have available medications in the future...." *Irvin 1 v. Merck,* Order on Pl's Motions *in Limine* (Nov.18, 2005). To the extent Dr. Morrison's testimony implies that the withdrawal of Vioxx prevented him and other scientists from preventing or finding a cure for cancer, the testimony is irrelevant and should be excluded.

Even if the testimony were relevant, however, it would not be admissible from Dr. Morrison. Dr. Morrison has not been offered as an expert witness, he has not passed *Daubert* muster – nor could he here – and Merck has not offered expert support for this proposition in any other form. Consequently, it must be excluded under Federal Rule of Evidence 703.

Aware of this defect, Merck does not now argue that it has offered Dr. Morrison's testimony to support its contention that Vioxx is or might have been a cure for cancer. In response to Plaintiff's motion, Merck explains that the subject testimony was relevant in that it "helped explain Dr. Morrison's part in the development of Vioxx. It also helped explain to the jury the many phases of testing involved in the drug approval process, including the fact that Phase II through Phase V studies continue long after a drug receives initial approval. Def.'s Opp. at 2. The question of fact for the jury which this testimony supports, as Merck now purports to recast it, is whether Dr. Morrison hoped Vioxx might cure cancer.

Dr. Morrison's background and experience in oncology and his efforts to find a cure

for cancer are not relevant, however, to whether Vioxx causes an increased cardiovascular risk, nor will that information shed any light on whether Vioxx caused or did not cause Mr. Dedrick's injuries in the instant case.   To the extent that Merck wishes to discuss Dr. Morrison's qualifications and dedication to his profession, it may do so without referring to his hope that Vioxx provide a cure for cancer.

Even if Dr. Morrison's testimony regarding Vioxx and cancer were even marginally relevant, it must be excluded under Federal Rule of Evidence 403.   Merck fails to establish that the "cancer" testimony is any more pertinent to this case than this Court's assessment of it during *Irvin 2*:  "It is somewhat irrelevant in this situation.   So let's not spend a lot of time on it."   In fact, the better course, under Rule 403, is to spend no time whatsoever on it, for reasons that Merck's opposition brief makes all too clear.   Merck persists in surrounding the cancer reference with the very innuendos that condemn the testimony as confusing, prejudicial and proper for exclusion from this case.   The prejudicial power of cancer is the salient point of *United States v. Brooke*, 4 F.3d 1480 (9th Cir. 1993).   Merck attempts to deny such power here, in order to invoke it at trial.   Testimony implying that withdrawal of the drug stopped Merck from finding a cure for cancer is unavoidably inflammatory and prejudicial, while providing no probative value on the issue Vioxx' causation of cardiovascular injury, and therefore should be excluded.

Merck argues that, because several Vioxx studies had colon polyp endpoints, "the Vioxx story simply cannot be told accurately by excising all references to cancer."  *Id*. at 3. This statement begs the question: "why not?"  Merck has not articulated why the fact that these studies sought data on pre-cancerous polyps is relevant to the question of cardiovascular

risk, the efficacy of Vioxx to prevent pain, or that Vioxx caused Mr. Dedrick's heart attack. Consequently, the Court should exclude testimony regarding any COX-2s' impact, potential or otherwise, on cancer.  Merck has, however, articulated exactly the point it hopes the jury will absorb, while claiming that Dr. Morrison is not testifying that "plaintiffs should be blamed for taking a potential cancer cure off the market." Def.'s Opp. at 3.  Such a prejudicial, albeit subliminal, suggestion is precisely what Merck intends, and what Rule 403 forbids.

For these reasons and those outlined in Plaintiff's original motion, Plaintiff urges the Court to grant his motion and issue an order precluding Defendant Merck & Co. from offering evidence, testimony or argument that Vioxx is a potential cure for cancer.

Respectfully submitted this 10th day of November, 2006.

ANDY BIRCHFIELD
P. LEIGH O'DELL
Attorney for Plaintiff
*BEASLEY, ALLEN, CROW,*
*METHVIN, PORTIS & MILES, P.C.*
234 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103
(334) 269-2343 telephone
(334) 954-7555 facsimile

**Russ M. Herman** (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
 **Plaintiffs' Liaison Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID, MEUNIER
& WARSHAUER, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (telecopier)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

**Christopher A. Seeger**, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Arnold Levin, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Shelley Sanford, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W.
Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

**PLAINTIFF'S STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION *IN LIMINE* TO EXCLUDE EVIDENCE, TESTIMONY, OR ARGUMENT THAT VIOXX IS A POTENTIAL CURE FOR CANCER has been served on Liaison Counsel, Phillip A. Wittman and Russ Herman, by U.S. Mail and e-mail or by hand delivery and e-mail, on Merck's Counsel, Douglas R. Marvin and Philip S. Beck,  by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced, in accordance with Pretrial Order No. 8A, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 10th day of November, 2006.

P. Leigh O'Dell
Attorney for Plaintiff
Beasley, Allen, Crow,
Methvin, Portis & Miles, P.C.

-6-