UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL DOCKET No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L - DIVISION 3 |
| | * | |
| This document relates to | * | JUDGE FALLON |
| CASE NO. 2:05CV2524 | * | |
| | * | |
| ANTHONY WAYNE DEDRICK, | * | MAG. JUDGE KNOWLES |
| an Individual, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |

Motion in Limine No. 13

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION IN LIMINE REGARDING THE APRIL 6, 2005 FDA STAFF MEMORANDUM ADDRESSING ANALYSIS AND RECOMMENDATIONS FOR AGENCY ACTION**

Plaintiff recognizes that the Court has denied motions related to the FDA Staff Memorandum in previous MDL cases, but urges the Court to consider the arguments put forth by Plaintiff and reconsider its prior rulings.

In opposition to Plaintiff's Motion regarding the April 6, 2005 FDA Staff Memorandum, Merck incorporates by reference its response in the *Mason* case, stating that the "few additional point raised in Mr. Dedrick's motion go to the weight, rather than the admissibility, of this evidence." See Defendant's Opposition at 2.

1

Plaintiff's motion and the one filed by plaintiff in *Mason* are markedly different. Plaintiff asserts new arguments that to date have not been asserted in *In re Vioxx Product Liability Litigation* proceedings. Essentially, Merck's opposition does not respond in any meaningful way to Plaintiff's arguments.

First, Plaintiff asserts that the Memorandum does not constitute the FDA's official position on NSAIDs but rather it represents the views and recommendations of two FDA staff physicians. Merck's counsel continually refers to the Staff Memorandum as meaning the FDA itself has concluded whatever information he chooses it to have included. An example of Merck counsel's unfounded statements from the *Smith* trial was included in Plaintiff's initial motion. The Staff Memorandum does not express the official position of the FDA.

Second, specific documents upon which the FDA Staff physicians relied when writing the Memorandum have been withdrawn or disproved, making the document unreliable and outdated. The authors cite VIGOR and APPROVe, Merck clinical trials, as supportive of their comments. Both VIGOR and APPROVe were the subject of the later published Expression of Concern (VIGOR) and correction of statistical errors (APPROVe). See Ex. "B" and "C", attached to Plaintiff's Motion. The stated premise for which the FDA Staff Memorandum cites these studies was called into question or refuted.

Thirdly, in prior trials, Merck's counsel has inferred that the FDA disagreed with its consultant, Dr. Garrett Fitzgerald, and the Fitzgerald Hypothesis, which sets out the primary mechanism of action for the increased cardiovascular risks associated with Vioxx and the very mechanism allowed by this Court in testimony. However, this FDA Staff Memorandum does not disagree with Dr. Fitzgerald or refute the Fitzgerald Hypothesis.

Fourth, the FDA Staff Memorandum does not state that the FDA has concluded there is a class effect of increased cardiovascular risk for all NSAIDs. Instead, it contains preliminary and conditional opinions and recommendations, offered during a time period when the FDA was (and continues to be) under intense public and government scrutiny and was being widely criticized for failing to be diligent in its evaluations of the safety of Vioxx and the accuracy of its label and promotional materials. Further, it explicitly acknowledges that the FDA lacks data to draw final conclusions regarding the cardiovascular risks of NSAIDs. Rather than wait, however, until more conclusive data is available, the FDA chose to err on the side of caution and offer preliminary opinions that might be beneficial to public safety. As a result, the "conclusions" lack the scientific certainty and reliability which might be presumed by the jury to attach to information coming from the FDA.

The FDA has not scientifically "concluded" anything in this Staff Memorandum. In fact, the bulleted points making recommendations to FDA based upon the authors' review only suggest in each point what FDA "should" consider. See *FDA Memorandum,* at 2. Merck, however, would seek to take the FDA's precautionary statements and use them for argument, inferences, or bolstering the opinions of its own representatives and experts to transform this ongoing litigation from a controversy about Merck's conduct with respect to Vioxx, into a controversy about all NSAIDs. For these reasons – the lack of relevancy, the substantial danger of unfair prejudice, the likelihood of confusion to a jury, and the lack of scientific reliability related to the "conclusions" in the FDA's memorandum, the Honorable Judge Higbee in the *Humeston v. Merck & Co.* case ruled that evidence and/or testimony related to the FDA's memorandum is inadmissible. Judge Higbee followed her previous ruling during the *McDarby/Cona* trial. This Court should do the same.

Fifth, the FDA Staff Memorandum is irrelevant and unreliable. Any suggestion that the FDA has made FDA conclusions about the Coxibs and NSAIDs is not supported by the Memorandum and is misleading and confusing to the jury. As noted above, the FDA has not reached any such conclusion. The "conclusions" reflected in the memorandum are, by the authors' own acknowledgment, based on incomplete data, precautionary speculation, and a list of recommendations for agency action. They are further based upon bad or incomplete data.

The FDA is widely perceived by the public to be an authority on such issues and, thus, the danger of unfair prejudice is magnified. If the FDA's April 6, 2005 Memorandum is admitted into evidence and testimony regarding its contents is allowed, there is a substantial danger that the jury will attach disproportionate significance to this evidence -- even with its dubious reliability or marginal relevance -- and give less weight to the scientific evidence presented by Plaintiff that has qualified for admission into evidence by passing through *Daubert's* gates.

Further, the prejudice to Plaintiff is heightened by the fact that the authors of the FDA memorandum will likely not be testifying at trial. Plaintiff has not had opportunity to verify or ascertain the basis of the authors' conclusions. Moreover, Plaintiff will likely not have opportunity to cross-examine the authors of the FDA memorandum concerning their opinions prior to the upcoming trials. If Defendant is permitted to introduce evidence or argument that the FDA has concluded whatever it wants to say FDA concluded, then Merck, in essence, will have the unfair advantage of bolstering the opinions of its representatives and experts without Plaintiff having the opportunity to cross-examine the authors of the memorandum.

Without question, the probative value of this memorandum is substantially outweighed

by its prejudicial effect. Its admission at this trial only serves to confuse and mislead the jury and therefore, the memorandum should be excluded under Rule 403.

Plaintiff urges the Court to reverse its position and find that the FDA's April 6, 2005 Staff Memorandum is not admissible in this trial, and exclude all evidence and/or argument thereon.

Respectfully submitted this <u>10th</u> day of November, 2006.

*P. Leigh O'Dell*
**ANDY BIRCHFIELD**
P. LEIGH O'DELL
Attorney for Plaintiff
***BEASLEY, ALLEN, CROW,***
***METHVIN, PORTIS & MILES, P.C.***
234 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103
(334) 269-2343 telephone
(334) 954-7555 facsimile

5

**Russ M. Herman** (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
**Plaintiffs' Liaison Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID, MEUNIER
& WARSHAUER, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (telecopier)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

**PLAINTIFF'S STEERING COMMITTEE**

**Christopher A. Seeger**, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Arnold Levin, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Shelley Sanford, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W.
Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing PLAINTIFF'S REPLY IN SUPPORT OF MOTION IN LIMINE REGARDING THE APRIL 6, 2005 FDA STAFF MEMORANDUM ADDRESSING ANALYSIS AND RECOMMENDATIONS FOR AGENCY ACTION has been served on Liaison Counsel, Phillip A. Wittman and Russ Herman, by U.S. Mail and e-mail or by hand delivery and e-mail, on Merck's Counsel, Douglas R. Marvin and Philip S. Beck, by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced, in accordance with Pretrial Order No. 8A, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 10th day of November, 2006.

_P. Leigh O'Dell_
P. Leigh O'Dell
Attorney for Plaintiff
Beasley, Allen, Crow,
Methvin, Portis & Miles, P.C.