UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, SALES | * | MDL No. 1657 |
| PRACTICES AND PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |
| | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Valerie Rockingham, et al. v. Merck & Co., Inc.*, **Case No. 06-7115.**

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel,

answers the Plaintiffs' Original Complaint ("Complaint") as follows:

### RESPONSE TO COMPLAINT

### RESPONSE TO
### "JURISDICTION AND VENUE"

1.1    The allegations contained in paragraph 1.1 of the Complaint are legal

conclusions as to which no responsive pleading is required.  Should a response be deemed

required, Merck denies each and every allegation contained in paragraph 1.1 of the Complaint, as

it is without knowledge or information sufficient to form a belief as to the truth therein, except

admits that Plaintiffs purport to state a claim in excess of $75,000, but denies that there is any legal or factual basis for such relief.

   1.2 The allegations contained in paragraph 1.2 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 1.2 of the Complaint, except admits that there is a multidistrict litigation ("MDL") related to the prescription medicine Vioxx® ("Vioxx"), and that the MDL Court issued Pretrial Order No. 11 on May 18, 2005, and respectfully refers the Court to that Order for its actual content and full effect.

## RESPONSE TO
## "PARTIES"

   2.1 Denies each and every allegation contained in paragraph 2.1 of the Complaint, including its subparts 1 through 124, as it is without knowledge or information sufficient to form a belief as to the truth therein.

   2.2 Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 2.2 of the Complaint, including its subparts 1 through 19, and denies each and every allegation directed towards Merck in paragraph 2.2 of the Complaint, including its subparts 1 through 19.

   2.3 Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 2.3 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 2.3 of the Complaint.

   2.4 Denies each and every allegation contained in paragraph 2.4 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, manufactured, marketed, and

distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## RESPONSE TO
## "BACKGROUND FACTS"

3.1     Denies each and every allegation contained in paragraph 3.1 of the Complaint, except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health and that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

3.2     Denies each and every allegation contained in paragraph 3.2 of the Complaint, except admits that Vioxx, which is the brand name for rofecoxib, reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

3.3     Denies each and every allegation contained in paragraph 3.3 of the Complaint, except admits that Vioxx is a selective COX-2 inhibitor and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

3.4     Denies each and every allegation contained in paragraph 3.4 of the Complaint, except admits that Merck submitted a New Drug Application ("NDA") for Vioxx 12.5 mg and Vioxx 25 mg tablets and respectfully refers the Court to said NDA for its actual language and full text.

3.5     Denies each and every allegation contained in paragraph 3.5 of the Complaint, except admits that Merck submitted a NDA for Vioxx Oral Suspension and respectfully refers the Court to said NDA for its actual language and full text.

3.6     Denies each and every allegation contained in paragraph 3.6 of the Complaint, except admits that Merck sought and, in May 1999, received U.S. Food & Drug Administration ("FDA") approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

3.7     Denies each and every allegation contained in paragraph 3.7 of the Complaint, except admits that Merck received a letter from a regulatory review officer in December 1999 and respectfully refers the Court to that letter for its actual language and full text.

3.8     Denies each and every allegation contained in paragraph 3.8 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

3.9     Denies each and every allegation contained in paragraph 3.9 of the Complaint, including its subparts (a) and (b), except admits that the Vioxx Gastrointestinal Outcomes Research ("VIGOR") study exists, and respectfully refers the Court to the referenced study for its actual language and full text.

3.10     Denies each and every allegation contained in paragraph 3.10 of the Complaint, except admits that Merck issued a press release dated March 27, 2000 and respectfully refers the Court to the referenced press release for its actual language and full text.

3.11   Denies each and every allegation contained in paragraph 3.11 of the Complaint, except admits that the referenced studies exist and respectfully refers the Court to said studies for their actual language and full text.  Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

3.12   Denies each and every allegation contained in paragraph 3.12 of the Complaint, except admits that the referenced studies and publication exist and respectfully refers the Court to said studies and publication for their actual language and full text.

3.13   Denies each and every allegation contained in paragraph 3.13 of the Complaint, except admits that Merck has issued certain statements regarding Vioxx and respectfully refers the Court to the statements referenced by Plaintiffs for their actual language and full text.

3.14   Denies each and every allegation contained in paragraph 3.14 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that worldwide sales figures for Vioxx exceeded $2 billion in 2000.

3.15   Denies each and every allegation contained in paragraph 3.15 of the Complaint, except admits that the referenced publication and study exist and respectfully refers the Court to said publication and study for their actual language and full text.

3.16   Denies each and every allegation contained in paragraph 3.16 of the Complaint.

3.17    Denies each and every allegation contained in paragraph 3.17 of the Complaint, except admits that the referenced briefing document and memorandum exist and respectfully refers the Court to said documents for their actual language and full text.

3.18    The allegations contained in the first sentence of paragraph 3.18 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of paragraph 3.18 of the Complaint, except admits that Public Citizen has made certain statements regarding Vioxx and respectfully refers the Court to the referenced statement for its actual language and full text.  Merck denies each and every allegation contained in the second sentence of paragraph 3.18 of the Complaint.

3.19    Denies each and every allegation contained in paragraph 3.19 of the Complaint except admits that Merck issued a press release on May 22, 2001 and respectfully refers the Court to the referenced press release for its actual language and full text.

3.20    Denies each and every allegation contained in paragraph 3.20 of the Complaint, except admits the existence of the journal and the article contained therein, and respectfully refers the Court to the referenced document for its actual language and full text.

3.21    Denies each and every allegation contained in paragraph 3.21 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual language and full text.

3.22    Denies each and every allegation contained in paragraph 3.22 of the Complaint, except admits that the referenced press release exists and respectfully refers the Court to the referenced press release for its actual language and full text.

3.23    Denies each and every allegation contained in paragraph 3.23 of the Complaint, except admits that Merck received a letter from a regulatory review officer in September 2001, and respectfully refers the Court to that letter for its actual language and full text.

3.24    Denies each and every allegation contained in paragraph 3.24 of the Complaint, except admits that worldwide sales figures for Vioxx exceeded $1.5 billion in 2000 and $2.5 billion in 2003.

3.25    Denies each and every allegation contained in paragraph 3.25 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

3.26    Denies each and every allegation contained in paragraph 3.26 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

3.27    Denies each and every allegation contained in paragraph 3.27 of the Complaint, except admits the existence of the journal and the study contained therein and respectfully refers the Court to the referenced publication for its actual language and full text.

3.28    Denies each and every allegation contained in paragraph 3.28 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

3.29     Denies each and every allegation contained in paragraph 3.29 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

3.30     Denies each and every allegation contained in paragraph 3.30 of the Complaint, except admits that the referenced article and study exist and respectfully refers the Court to said article and study for their actual language and full text.

3.31     Denies each and every allegation contained in paragraph 3.31 of the Complaint, except admits that the referenced system for adverse event reporting exists although the reports on the system are not necessarily accurate, and various cardiovascular adverse events associated with Vioxx have been reported to the AERS system and respectfully refers the Court to the AERS for complete data on particular reported events.  Merck further avers that adverse events are reported without regard to causality and do not reflect a conclusion by the reporter of the adverse event or the FDA that the event was caused by the drug.

3.32     Denies each and every allegation contained in paragraph 3.32 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual language and full text.

3.33     Denies each and every allegation contained in paragraph 3.33 of the Complaint, and avers that Merck disagreed with some of the language in the referenced published paper and therefore determined that it was not appropriate for a Merck author's name to appear on the published paper.

3.34    Denies each and every allegation contained in paragraph 3.34 of the Complaint, except admits the existence of the referenced journal and the study and respectfully refers the Court to the referenced publication and study for their actual language and full text.

3.35    Denies each and every allegation contained in paragraph 3.35 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual language and full text.

3.36    Denies each and every allegation contained in paragraph 3.36 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual language and full text.

3.37    Denies each and every allegation contained in paragraph 3.37 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual language and full text.

3.38    Denies each and every allegation contained in paragraph 3.38 of the Complaint, except admits that on August 26, 2004, Merck issued a press release and respectfully refers the Court to that press release for its actual language and full text.

3.39    Denies each and every allegation contained in paragraph 3.39 of the Complaint, except admits the existence of the referenced e-mail and respectfully refers the Court to the referenced e-mail for its actual language and full text.

3.40    Denies each and every allegation contained in paragraph 3.40 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

3.41    Denies each and every allegation contained in paragraph 3.41 of the Complaint.

3.42    Denies each and every allegation contained in paragraph 3.42 of the Complaint.

3.43    Denies each and every allegation contained in paragraph 3.43 of the Complaint, except admits that on September 23, 2004, Merck was informed that the External Safety Monitoring Board ("ESMB") had recommended that the APPROVe study be stopped when preliminary results showed a small increased risk of confirmed cardiovascular events beginning after 18 months of continuous treatment with Vioxx. Merck further admits that a teleconference with Dr. Neaton and other ESMB members occurred on September 17, 2004.

3.44    Denies each and every allegation contained in paragraph 3.44 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that on September 23, 2004, Merck was informed that the ESMB had recommended that the APPROVe study be stopped when preliminary results showed a small increased risk of confirmed cardiovascular events beginning after 18 months of continuous treatment with Vioxx.

3.45    Denies each and every allegation contained in paragraph 3.45 of the Complaint, except admits that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of Vioxx and respectfully refers the Court to the referenced announcement for its actual language and full text.  Merck further avers that it announced on September 30, 2004 that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary worldwide withdrawal of Vioxx best served the interests of patients.

3.46    Denies each and every allegation contained in paragraph 3.46 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

3.47    Denies each and every allegation contained in paragraph 3.47 of the Complaint, except admits the existence of the journal and the article contained therein and respectfully refers the Court to the referenced article for its actual language and full text.

3.48    Denies each and every allegation contained in paragraph 3.48 of the Complaint, except admits that on September 30, 2004, Merck issued a statement regarding Vioxx and respectfully refers the Court to the statement for its actual language and full text.

3.49    Denies each and every allegation contained in paragraph 3.49 of the Complaint, except admits that Merck has employees, agents, and representatives.

## RESPONSE TO
## "STRICT PRODUCTS LIABILITY"

4.1    With respect to the allegations contained in paragraph 4.1 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

4.2    Denies each and every allegation contained in the first sentence of paragraph 4.2 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck is authorized to do business in Texas. The allegations contained in the second sentence of paragraph 4.2 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of paragraph 4.2 of the Complaint, except admits that Plaintiffs purport to seek economic and other relief

11

based upon "the doctrine of Strict Products Liability," but denies that there is any legal or factual basis for such relief.

4.3     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 4.3 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 4.3 of the Complaint.

4.4     Denies each and every allegation contained in paragraph 4.4 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

4.5     Denies each and every allegation contained in paragraph 4.5 of the Complaint.

4.6     Denies each and every allegation contained in paragraph 4.6 of the Complaint, including its subparts (1) through (3), except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

4.7     Denies each and every allegation contained in paragraph 4.7 of the Complaint.

4.8     The allegations contained in paragraph 4.8 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 4.8 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 4.8 of the Complaint,

except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## RESPONSE TO
## "NEGLIGENCE"

5.1     With respect to the allegations contained in paragraph 5.1 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

5.2     Denies each and every allegation contained in first, second, third, fourth and sixth sentences of paragraph 5.2 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.  The allegations contained in the fifth sentence of paragraph 5.2 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in the fifth sentence of paragraph 5.2 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

## RESPONSE TO
## "MISREPRESENTATION AND FRAUD"

6.1     With respect to the allegations contained in paragraph 6.1 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

6.2     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 6.2 of the Complaint,

and denies each and every allegation directed towards Merck in paragraph 6.2 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.  Merck further admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

6.3     Denies each and every allegation contained in paragraph 6.3 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.  Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 3.1 through 3.49 of this Answer with the same force and effect as though set forth here in full.

6.4     Denies each and every allegation contained in paragraph 6.4 of the Complaint.

6.5     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 6.5 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 6.5 of the Complaint, except admits that Plaintiffs purport to seek exemplary damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "BREACH OF THE
## IMPLIED WARRANTY OF MERCHANTABILITY"

7.1    With respect to the allegations contained in paragraph 7.1 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

7.2    Denies each and every allegation contained in paragraph 7.2 of the Complaint.

7.3    The allegations contained in paragraph 7.3 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 7.3 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 7.3 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

7.4    Denies each and every allegation contained in paragraph 7.4 of the Complaint.

## RESPONSE TO "BREACH OF THE IMPLIED
## WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE"

8.1    With respect to the allegations contained in paragraph 8.1 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

8.2     Denies each and every allegation contained in paragraph 8.2 of the Complaint.

8.3     Denies each and every allegation contained in paragraph 8.3 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx, and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

8.4     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 8.4 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 8.4 of the Complaint.

8.5     Denies each and every allegation contained in paragraph 8.5 of the Complaint.

**RESPONSE TO
"BREACH OF EXPRESS WARRANTY"**

9.1     With respect to the allegations contained in paragraph 9.1 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

9.2     Denies each and every allegation contained in paragraph 9.2 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

## RESPONSE TO
## "GROSS NEGLIGENCE/MALICE"

10.1    The allegations contained in paragraph 10.1 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 10.1 of the Complaint, except admits that Plaintiffs purport to seek exemplary damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "AGENCY"

11.1    Denies each and every allegation contained in paragraph 11.1 of the Complaint, except admits that Plaintiffs purport to define terms within this Complaint.

## RESPONSE TO "ALLEGATIONS AND
## CAUSES OF ACTION IN THE ALTERNATIVE"

12.1    Denies each and every allegation contained in paragraph 12.1 of the Complaint, except admits that Plaintiffs purport to allege factual allegations and/or causes of action in the alternative.

## RESPONSE TO
## "CAUSATION"

13.1    Denies each and every allegation contained in paragraph 13.1 of the Complaint.

## RESPONSE TO
## "TOLLING OF LIMITATIONS"

14.1    The allegations contained in paragraph 14.1 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 14.1 of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx,

which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

14.2   The allegations contained in paragraph 14.2 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in paragraph 14.2 of the Complaint, except admits that there are class actions pending in MDL No. 1657 related to the prescription medicine Vioxx.

**RESPONSE TO
"AGENCY"**

15.1   With respect to the allegations contained in paragraph 15.1 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1.1 through 14.2 of this Answer with the same force and effect as though set forth here in full.

15.2   Denies each and every allegation contained in paragraph 15.2 of the Complaint, except admits that Plaintiffs purport to define terms within this Complaint.

**RESPONSE TO
"DAMAGES"**

16.1   Denies each and every allegation contained in paragraph 16.1 of the Complaint, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

16.2   Denies each and every allegation contained in paragraph 16.2 of the Complaint, including its subparts A through C, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

16.3   Denies each and every allegation contained in paragraph 16.3 of the Complaint, including its subparts A through F, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

16.4   Denies each and every allegation contained in paragraph 16.4 of the Complaint, including its subparts A through E, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

**RESPONSE TO**
**"JURY DEMAND"**

17.1   The allegations contained in paragraph 17.1 of the Complaint are legal conclusions as to which no responsive pleading is required.

**RESPONSE TO**
**"PRAYER"**

18.1   The allegations contained in the unnumbered "Wherefore" paragraph under the heading "Prayer" in the Complaint constitute a prayer for relief as to which no response is required.   Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph, including its subparts 1 through 6, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

**AS FOR A FIRST**
**DEFENSE, MERCK ALLEGES:**

19.1   The Complaint fails to state a claim upon which relief can be granted.

**AS FOR A SECOND**
**DEFENSE, MERCK ALLEGES:**

19.2   The Plaintiffs and/or Decedents were careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiffs and/or Decedents.

19

**AS FOR A THIRD**
**DEFENSE, MERCK ALLEGES:**

19.3    To the extent that Plaintiffs assert claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

**AS FOR A FOURTH**
**DEFENSE, MERCK ALLEGES:**

19.4    To the extent that Plaintiffs assert claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

**AS FOR A FIFTH**
**DEFENSE, MERCK ALLEGES:**

19.5    The Plaintiffs and/or Decedents failed to exercise reasonable care to mitigate their alleged damages.

**AS FOR A SIXTH**
**DEFENSE, MERCK ALLEGES:**

19.6    Each and every claim asserted or raised in the Complaint is barred by prescription, preemption, and/or any other applicable federal or state statute of limitations.

**AS FOR A SEVENTH**
**DEFENSE, MERCK ALLEGES:**

19.7    To the extent that Plaintiffs assert claims in the Complaint based upon an alleged failure by Merck to warn Plaintiffs and/or Decedents directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

19.8     The claims of the Plaintiffs are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

19.9     The claims of the Plaintiffs are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

19.10   The claims of the Plaintiffs are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

19.11   The claims of the Plaintiffs are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Products Liability.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

19.12   The product conformed to the state-of-the-art for the design and manufacture of such, or similar, products.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

19.13   The claims of the Plaintiffs are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**AS FOR A FOURTEENTH
DEFENSE, MERCK ALLEGES:**

19.14  If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs and/or Decedents knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

**AS FOR A FIFTEENTH
DEFENSE, MERCK ALLEGES:**

19.15  If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

**AS FOR A SIXTEENTH
DEFENSE, MERCK ALLEGES:**

19.16  To the extent that Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

**AS FOR A SEVENTEENTH
DEFENSE, MERCK ALLEGES:**

19.17  If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiffs and/or Decedents or natural course of conditions for which this Defendant is not responsible.

22

**AS FOR AN EIGHTEENTH**
**DEFENSE, MERCK ALLEGES:**

19.18   If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the Plaintiffs' and/or Decedents' misuse, modification, alteration or abuse of Vioxx.

**AS FOR A NINETEENTH**
**DEFENSE, MERCK ALLEGES:**

19.19   The claims of Plaintiffs are barred in whole or in part by the First Amendment of the Constitution of the United States of America and comparable state law provisions.

**AS FOR A TWENTIETH**
**DEFENSE, MERCK ALLEGES:**

19.20   To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs and/or Decedents did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

**AS FOR A TWENTY-FIRST**
**DEFENSE, MERCK ALLEGES:**

19.21   Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

**AS FOR A TWENTY-SECOND**
**DEFENSE, MERCK ALLEGES:**

19.22   Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

19.23  To the extent that Plaintiffs seek punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

19.24  To the extent Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

19.25  The demand for punitive damages by the Plaintiffs is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

19.26  To the extent that Plaintiffs assert claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to their claims, Plaintiffs have failed to allege facts that would overcome the defenses available under that state products liability law.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

19.27  The claims of Plaintiffs are barred, in whole or in part, because one or more Plaintiffs lack capacity and/or standing to bring such claims.

### AS FOR A TWENTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

19.28   To the extent that Plaintiffs assert claims against Merck based on fraud and/or concealment, these claims are barred by reason of the failure of Plaintiffs to allege the circumstances constituting fraud and concealment with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

### AS FOR A TWENTY-NINTH
### DEFENSE, MERCK ALLEGES:

19.29   Merck demands a trial by jury of all issues.

### AS FOR A THIRTIETH
### DEFENSE, MERCK ALLEGES:

19.30   Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

### AS FOR A THIRTY-FIRST
### DEFENSE, MERCK ALLEGES:

19.31   Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

### AS FOR A THIRTY-SECOND
### DEFENSE, MERCK ALLEGES:

19.32   To the extent Plaintiffs make a claim for punitive damages, Merck asserts that such Plaintiffs have not complied with statutory requirements to recover punitive damages.

## AS FOR A THIRTY-THIRD
## <u>DEFENSE, MERCK ALLEGES:</u>

19.33  To the extent Plaintiffs' claims invoke punitive damages, such claims violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a)  It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon Plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)  The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)  The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *See Pacific Mut. Life Ins. Co. v. Haslip*, 111 S. Ct. 1032, 113 L. Ed. 2d 1.

(d)  The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)  The procedures pursuant to which punitive damages are awarded result in the

imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(g)    The retroactive application of punitive damages violates the contracts clause of the United States Constitution, Article I, Section 10.

(h)    Plaintiffs' claims for punitive damages violate the due process clause of Article I, Section 13 of the Constitution of Alabama, on the following grounds:

(1)    It is a violation of the due process clause to impose punitive damages which are penal in nature, upon a civil defendant upon Plaintiffs satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(2)    The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against these defendants;

(3)    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(4)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

(5)     The award of the punitive damages in this case constituted a deprivation of property without due process of law.

(i)     Plaintiffs' attempt to impose punitive or extra-contractual damages on this Defendant, on the basis of vicarious liability for the conduct of others, violates the Fifth and Fourteenth Amendments of the United States Constitution.

(j)     The award of punitive damages to the Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

(k)     The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

(l)     The award of punitive damages against these defendants in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

(m)     The procedures pursuant to which punitive damages are awarded are vague and unpredictable such that they violate the defendant's right to defend himself pursuant to Article I, Section 10 of the Constitution of Alabama.

(n)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Ala. Code, Section 27-1-17 (1975) in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Constitution of Alabama.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

19.34  Plaintiffs' Complaint seeks to make Merck liable for punitive damages. The United States Supreme Court has reversed the Alabama Supreme Court in the case styled *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589 (1996) on the issue of punitive damages. Merck adopts by reference the defenses, criteria, limitations, and standards mandated by the United States Supreme Court decision in that case and in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), and any subsequent applicable decisions.

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

19.35  Any punitive damages that the Plaintiffs may recover in this case should be capped in keeping with Alabama Code § 6-11-21, as amended in 1999 (Act. No. 99-358) and in the spirit of the Alabama Supreme Court's decision in *Oliver v. Towns*, 738 So. 2d 798 (Ala. 1999).

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

19.36  The demand for punitive damages in the instant case is subject to the limitations established by the Alabama legislature and set forth in Alabama Code § 6-11-21 (1975).  Merck adopts by reference the defenses, criteria, limitations, and standards mandated by this Alabama statute.  The Alabama Supreme Court's action in abolishing the legislatively created cap on punitive damages was unconstitutional and is without effect.  Under the Constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through this judicial decision.  *See Honda Motor Co., Ltd. v. Oberg*, 512 U.S. 415, 114 S. Ct. 2331, 2340 n.9 (1994).

### AS FOR A THIRTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

19.37 The punitive damage cap set out in Alabama Code § 6-11-21 (1975) applies to the instant case. *See Horton Homes, Inc. v. Brooks*, 832 So. 2d 44 (Ala. 2001).

### AS FOR A THIRTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

19.38 Any punitive damages award is subject to limitation based on harm that has occurred and harm that is likely to occur. *See TXO Prod. Corp. v. Alliance Resources Corp.*, 113 S. Ct. 2711 (1993).

### AS FOR A THIRTY-NINTH
### DEFENSE, MERCK ALLEGES:

19.39 The method of imposing punitive damages violates Amendment 328, Section 6.11 of the Constitution of Alabama, which prohibits the use of a procedural rule to abridge, enlarge, or modify the substantive right of any party. *See Leonard v. Terminix Int'l Co.*, 854 So. 2d 529 (Ala. 2002).

### AS FOR A FORTIETH
### DEFENSE, MERCK ALLEGES:

19.40 The imposition of punitive damages is an act of policy making on the part of the judiciary, in violation of Article III, Section 43 of the Constitution of Alabama.

### AS FOR A FORTY-FIRST
### DEFENSE, MERCK ALLEGES:

19.41 Merck adopts the terms of any applicable legislative act or Alabama Supreme Court decision which now or hereafter precludes punitive damages or limits the amount of punitive damages that can be recovered in an action at law in Alabama.

## AS FOR A FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

19.42   There is no private right of action for a violation of Alabama Code §§ 20-1-26 and 20-1-27.

## AS FOR A FORTY-THIRD
## DEFENSE, MERCK ALLEGES:

19.43   Merck denies that its product was misbranded within the meaning of Alabama Code §§ 20-1-26 and 20-1-27.

## AS FOR A FORTY-FOURH
## DEFENSE, MERCK ALLEGES:

19.44   Plaintiffs cannot recover for the claims asserted because Plaintiffs have failed to comply with the conditions precedent necessary to bring this action.

## AS FOR A FORTY-FIFTH
## DEFENSE, MERCK ALLEGES:

19.45   By asserting a claim under the Alabama Deceptive Trade Practices Act, Plaintiffs have elected remedies under the Act and waived other rights and remedies available at common law and by statute.

## AS FOR A FORTY-SIXTH
## DEFENSE, MERCK ALLEGES:

19.46   To the extent this action purports to hold one defendant liable for the acts of another, such violates the Due Process clause of the United States Constitution and the Alabama Constitution.

## AS FOR A FORTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

19.47   If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs and/or Decedents.

## AS FOR A FORTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

19.48   Merck denies that Vioxx was unreasonably dangerous, defective, or that Vioxx created any liability under the Alabama Extended Manufacturer's Liability Doctrine.

## AS FOR A FORTY-NINTH
## DEFENSE, MERCK ALLEGES:

19.49   Plaintiffs' claims based on breach of warranty and negligence are subsumed by the Alabama Extended Manufacturer's Liability Doctrine.

## AS FOR A FIFTIETH
## DEFENSE, MERCK ALLEGES:

19.50   Merck pleads the general issue and denies that it was liable or responsible for any alleged damages to Plaintiffs and/or Decedents.

## AS FOR A FIFTY-FIRST
## DEFENSE, MERCK ALLEGES:

19.51   Plaintiffs' claims are barred by Alabama Code § 6-5-462.

## AS FOR A FIFTY-SECOND
## DEFENSE, MERCK ALLEGES:

19.52   Alabama's wrongful death act, Alabama Code § 6-5-410, which allows for the recovery of only punitive damages, fails to provide a proportionate relationship between the amount of punitive damages awarded and the amount of harm to the Plaintiffs and/or Decedents,

in contravention of the holding in *State Farm Mutual Automobile Insurance Co. v. Campbell*,

538 U.S. 408 (2003).

**AS FOR A FIFTY-THIRD
DEFENSE, MERCK ALLEGES:**

19.53   Any liability that might otherwise be imposed upon Merck is subject to

reduction by the application of the doctrine of comparative negligence.

**AS FOR A FIFTY-FOURTH
DEFENSE, MERCK ALLEGES:**

19.54   If Plaintiffs and/or Decedents have sustained injuries or losses as alleged

in the Complaint, upon information and belief, the proximate cause of such injuries or losses was

use or consumption of Vioxx that was for a purpose, in a manner or in an activity other than that

which was reasonably foreseeable or was contrary to express and adequate instructions or

warnings appearing on or attached to Vioxx or on its original container or wrapping or otherwise

provided, and Plaintiffs and/or Decedents knew or with the exercise of reasonable and diligent

care should have known of such instructions or warnings.

**AS FOR A FIFTY-FIFTH
DEFENSE, MERCK ALLEGES:**

19.55   Plaintiffs' claims are barred, in whole or in part, because the designs,

methods and techniques of manufacturing, inspecting, testing and labeling Vioxx conformed

with the state of the art at the time Vioxx was first sold by Merck.

**AS FOR A FIFTY-SIXTH
DEFENSE, MERCK ALLEGES:**

19.56   To the extent Plaintiffs seek punitive damages for the conduct which

allegedly caused injuries asserted in the Complaint, such an award would, if granted, violate

Merck's constitutional rights under the United States and Arizona Constitutions and are not permitted by Arizona law.

**AS FOR A FIFTY-SEVENTH
DEFENSE, MERCK ALLEGES:**

19.57  To the extent Plaintiffs seek punitive damages for an alleged act or omission of Merck, no such act or omission was of a nature to warrant punitive damages and, therefore, any award of punitive damages is barred.

**AS FOR A FIFTY-EIGHTH
DEFENSE, MERCK ALLEGES:**

19.58  To the extent Plaintiffs seek punitive damages, such claim is barred because Vioxx and its labeling were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.  Further, Arizona Rev. Stat. § 12-701 further bars punitive damages.

**AS FOR A FIFTY-NINTH
DEFENSE, MERCK ALLEGES:**

19.59  To the extent Plaintiffs seek punitive damages, Merck specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive damage awards that arose in the decision of *BMW of North America v. Gore*, 517 U.S. 559, 116 S. Ct. 1589 (1996), and pursuant to statute in the State of Arizona.

**AS FOR A SIXTIETH
DEFENSE, MERCK ALLEGES:**

19.60  Plaintiffs cannot state a claim under the Arizona Consumer Fraud Act because Plaintiffs and/or Decedents have not relied on any representations by Merck and/or have not suffered any consequent and proximate injury.

**AS FOR A SIXTY-FIRST
DEFENSE, MERCK ALLEGES:**

19.61   All activities of Merck as alleged in the Complaint were expressly authorized and/or regulated by a government agency.   Therefore, Plaintiffs' claims pertaining to unfair or deceptive practices are barred.

**AS FOR A SIXTY-SECOND
DEFENSE, MERCK ALLEGES:**

19.62   The conduct and activities of Merck with respect to Vioxx did not involve any act, use or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of Vioxx.

**AS FOR A SIXTY-THIRD
DEFENSE, MERCK ALLEGES:**

19.63.Merck's advertisements and labeling with respect to the product which is the subject matter of the Complaint were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States and Arizona Constitutions.

**AS FOR A SIXTY-FOURTH
DEFENSE, MERCK ALLEGES:**

19.64   Merck pleads all defenses available to it where applicable under the Arkansas Products Liability Act of 1979.

**AS FOR A SIXTY-FIFTH
DEFENSE, MERCK ALLEGES:**

19.65   The provisions of California Civil Code § 1431.2 are applicable to the Complaint and each cause of action therein.

## AS FOR A SIXTY-SIXTH
## DEFENSE, MERCK ALLEGES:

19.66   Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), California Business and Professions Code § 17208, and California Civil Code § 1783.

## AS FOR A SIXTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

19.67   The subject pharmaceutical product manufactured or distributed by Merck has at all relevant times been available only upon the prescription of a licensed physician, and Plaintiffs' and/or Decedents' prescribing physicians stood in the position of the learned intermediaries between Merck and Plaintiffs and/or Decedents.   To the extent that Plaintiffs assert claims based on an alleged failure by Merck to warn Plaintiffs and/or Decedents directly of alleged dangers associated with the use of the subject pharmaceutical product manufactured or distributed by Merck, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physicians, under the learned intermediary doctrine.

## AS FOR A SIXTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

19.68   Merck alleges that if Plaintiffs and/or Decedents have sustained injury or loss as alleged in the Complaint, such injury or loss may have been caused by parties other than Merck, or third persons not parties to this action, who may have been negligent, legally responsible, or otherwise at fault.   In the event of a finding of liability in favor of Plaintiffs, a settlement, or a judgment against Merck, Merck requests an apportionment of fault among all parties and third persons as permitted by *Li v. Yellow Cab Company*, 532 P.2d 1226 (Cal. 1975), and *America Motorcycle Association v. Superior Court*, 578 P.2d  899 (Cal. 1978).   Merck also

requests a judgment and declaration of partial indemnification and contribution against all other parties or third persons in accordance with the apportionment of fault.

### AS FOR A SIXTY-NINTH
### DEFENSE, MERCK ALLEGES:

19.69  The Plaintiffs' claims are barred in whole or in part by the First Amendment of the United States Constitution and similar provisions in the Constitution of the State of California which protect, among other things, the Defendant's right to promote and advertise the subject pharmaceutical product.

### AS FOR A SEVENTIETH
### DEFENSE, MERCK ALLEGES:

19.70  To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was oppressive, fraudulent, or malicious, under California Civil Code § 3294, and therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code § 3294(b).

### AS FOR A SEVENTY-FIRST
### DEFENSE, MERCK ALLEGES:

19.71  Plaintiffs' claims under Business and Professions Code §§ 17200, et seq. and 17500, et seq. are barred in whole or in part because Merck's conduct and all activities with respect to the subject pharmaceutical product manufactured or distributed by Merck were lawful, fair, truthful, not misleading or deceptive, and were justified based on the state of medical and scientific knowledge available during the relevant time period.

### AS FOR A SEVENTY-SECOND
### DEFENSE, MERCK ALLEGES:

19.72  Plaintiffs' claims under Business and Professions Code §§ 17200, et seq. and 17500, et seq. are barred in whole or in part because all of Merck's activities as alleged in

the Complaint were in compliance with the applicable laws, regulations, and rules, and thus cannot be deemed unlawful, unfair, fraudulent, deceptive, untrue, or misleading.

## AS FOR A SEVENTY-THIRD
## DEFENSE, MERCK ALLEGES:

19.73   Plaintiffs' claims under Business and Professions Code §§ 17200, et seq. and 17500, et seq. are barred in whole or in part because Plaintiffs do not qualify as a private attorney general, and for that reason and others, Plaintiffs lack standing to prosecute a claim for injunctive or monetary relief.

## AS FOR A SEVENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

19.74   Plaintiffs' claims under Business and Professions Code §§ 17200, et seq. and 17500, et seq. are barred in whole or in part because there is no basis for injunctive relief in this action.

## AS FOR A SEVENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

19.75   Plaintiffs' claims under Business and Professions Code §§ 17200, et seq. and 17500 et seq. are barred in whole or in part by the doctrine of primary jurisdiction in that the subject pharmaceutical product manufactured or distributed by Merck and any advertisement regarding such product are regulated by the FDA and as such, Merck requests that this Court, sitting in equity, abstain from hearing claims under Sections 17200 et seq. and 17500 et seq.

## AS FOR A SEVENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

19.76   Plaintiffs are not entitled to relief under Business and Professions Code §§ 17200, et seq. and 17500 et seq. because Plaintiffs have an adequate remedy at law.

## AS FOR A SEVENTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

19.77  Plaintiffs' claims under Business and Professions Code §§ 17200, et seq. and 17500 et seq. are barred in whole or in part under principles of substantive and procedural due process.

## AS FOR A SEVENTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

19.78  Plaintiffs' claims may be barred, in whole or in part, by the doctrine of comparative fault.  If other persons or entities were negligent, legally responsible, or otherwise at fault for the damages alleged in the Complaint, this percentage of fault must be reduced against any assessed against Merck pursuant to Colorado Rev. Stat. § 13-21-111, § 13-21-111.5 and § 13-21-406 or other applicable law.

## AS FOR A SEVENTY-NINTH
### DEFENSE, MERCK ALLEGES:

19.79  Merck is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute in the State of Colorado, or any other law found applicable in this action.

## AS FOR AN EIGHTIETH
### DEFENSE, MERCK ALLEGES:

19.80  Merck incorporates all of the defenses set forth under the Colorado Consumer Protection Act, Colorado Rev. Stat.§ 6-1-101, et seq.

## AS FOR AN EIGHTY-FIRST
### DEFENSE, MERCK ALLEGES:

19.81  The injuries or damages allegedly sustained by Plaintiffs and/or Decedents can be attributed to several causes and accordingly should be apportioned among the various causes according to the respective contribution of each such cause to the harm sustained, if any.

If any liability is found against Merck, then said liability will constitute 50 percent or less of the total liability assigned to all persons liable, and as such, the liability of Merck for non-economic loss shall be limited, and shall not exceed Merck's equitable share.

### AS FOR AN EIGHTY-SECOND
### DEFENSE, MERCK ALLEGES:

19.82   Any verdict or judgment rendered against Merck is subject to the requirements of Colorado Rev. Stat. § 13-21-111.6 and must be reduced by those amounts that have been, or will, with reasonable certainty, replace or indemnify Plaintiffs, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, worker's compensation or employee benefit programs.

### AS FOR AN EIGHTY-THIRD
### DEFENSE, MERCK ALLEGES:

19.83   Plaintiffs' and/or Decedents' damages are limited by the provisions of Colorado Rev. Stat. § 13-21-102.5.

### AS FOR AN EIGHTY-FOURTH
### DEFENSE, MERCK ALLEGES:

19.84   Plaintiffs' claims are barred, in whole or in part, by the Colorado Product Liability Act, § 13-21-401, et seq., including the presumptions contained in Colorado Rev. Stat. § 13-21-403.

### AS FOR AN EIGHTY-FIFTH
### DEFENSE, MERCK ALLEGES:

19.85   To the extent any part of Plaintiffs' Complaint may be construed as alleging or seeking recovery of punitive, multiple or exemplary damages against Merck, such damages are limited or barred, in whole or in part, by the provisions of Colorado Rev. Stat. § 13-21-102.

## AS FOR AN EIGHTY-SIXTH
## DEFENSE, MERCK ALLEGES:

19.86  Plaintiffs' claims are barred or limited, in whole or in part, by the provisions of Colorado Rev. Stat. § 13-21-203.

## AS FOR AN EIGHTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

19.87  Merck has complied with requirements promulgated by and under federal law, and the product at issue, Vioxx, was approved pursuant to the applicable federal statutes and regulations.  Such federal regulations and statutes preempt the Plaintiffs' claims under state law, and, pursuant to Fla. Stat. § 768.1256 creates a statutory presumption that Vioxx is not defective or unreasonably dangerous and that Merck is not liable.

## AS FOR AN EIGHTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

19.88  Any alleged injury or damage sustained by Plaintiffs and/or Decedents was caused by Plaintiffs' and/or Decedents' own negligence, which negligence under the doctrines of contributory and/or comparative negligence, is a complete bar to Plaintiffs' recovery, or which diminishes their recovery by an amount equal to Plaintiffs' and/or Decedents' negligence, all such negligence being denied.

## AS FOR AN EIGHTY-NINTH
## DEFENSE, MERCK ALLEGES:

19.89  Some or all of the claims asserted in the Complaint are the direct and proximate result of Plaintiffs' and/or Decedents' own conduct and cannot be recovered against Merck.

## AS FOR A NINETIETH
## DEFENSE, MERCK ALLEGES:

19.90   Some or all of the claims asserted in the Complaint are barred by the doctrine of contributory negligence.

## AS FOR A NINETY-FIRST
## DEFENSE, MERCK ALLEGES:

19.91   Plaintiffs' and/or Decedents' alleged injuries and damages, if any, are the result of Plaintiffs' and/or Decedents' own fault and/or assumption of the risk.

## AS FOR A NINETY-SECOND
## DEFENSE, MERCK ALLEGES:

19.92   Plaintiffs' claims are barred by reason that any alleged dangerous condition complained of was open and obvious and there was no duty on the part of Merck to warn of any such open and obvious condition.

## AS FOR A NINETY-THIRD
## DEFENSE, MERCK ALLEGES:

19.93   Plaintiffs' and/or Decedents' alleged injuries were directly and proximately caused by and contributed to by the actions of other persons, who caused changes and alterations to be made to the products involved and said changes and alterations proximately caused or contributed to the injuries alleged by Plaintiffs and voided any and all alleged warranties, express and/or implied.

## AS FOR A NINETY-FOURTH
## DEFENSE, MERCK ALLEGES:

19.94   Plaintiffs' claims for failure to instruct or warn are barred by the sophisticated user doctrine.

## AS FOR A NINETY-FIFTH
## DEFENSE, MERCK ALLEGES:

19.95   Plaintiffs' negligence claims are barred in whole or in part by the economic loss rule.

## AS FOR A NINETY-SIXTH
## DEFENSE, MERCK ALLEGES:

19.96   The Georgia statute respecting award of punitive damages, particularly O.C.G.A. § 51-12-5.1, subsection (e)(1) as contrasted to subsections (f) and (g) thereof, whereby no limitation is provided respecting actions involving products, but there is a limitation for other actions than products violates the Constitution of the United States, particularly in that it affords products manufacturers, such as Merck, equal protection of the laws.

## AS FOR A NINETY-SEVENTH
## DEFENSE, MERCK ALLEGES:

19.97   Pursuant to O.C.G.A. § 51-12-5.1, only one award of punitive damages may be recovered in the State of Georgia from Merck arising from product liability of a single product.

## AS FOR A NINETY-EIGHTH
## DEFENSE, MERCK ALLEGES:

19.98   One or more Plaintiffs lack standing to assert claims under the Illinois Merchandising Practices Act or any Illinois consumer protection statute

## AS FOR A NINETY-NINTH
## DEFENSE, MERCK ALLEGES:

19.99   Plaintiffs are not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of the due process clause of the Fourteenth Amendment of the United States Constitution and the Illinois

Constitution as set forth in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 123 S.Ct. 1513 (2003)**.**

### AS FOR A ONE HUNDREDTH
### DEFENSE, MERCK ALLEGES:

19.100 Plaintiffs are not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of Merck's constitutional protection and the prohibitions against double jeopardy set forth in the Fifth Amendment and the due process clause of the Fourteenth Amendment of the United States Constitution and comparable provisions of the Illinois Constitution.

### AS FOR A ONE HUNDRED FIRST
### DEFENSE, MERCK ALLEGES:

19.101 Plaintiffs are not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in an unconstitutionally excessive fine in violation of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution and comparable provisions of the Illinois Constitution.

### AS FOR A ONE HUNDRED SECOND
### DEFENSE, MERCK ALLEGES:

19.102 Plaintiffs are not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of the prohibition against ex post facto laws and laws impairing the obligations of contracts contained in Sections 9 and 10 of Article I of the United States Constitution and comparable provisions of the Illinois Constitution.

### AS FOR A ONE HUNDRED THIRD
### DEFENSE, MERCK ALLEGES:

19.103 Plaintiffs are not entitled to recover exemplary or punitive damages because Plaintiffs' claim for exemplary or punitive damages is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Illinois Constitution because there are not realistic standards or limits imposed on the amount of punitive damages which may be awarded, and no required relationship between the actual damages sustained and the amount of punitive damages which may be awarded.

### AS FOR A ONE HUNDRED FOURTH
### DEFENSE, MERCK ALLEGES:

19.104 Plaintiffs are not entitled to recover exemplary or punitive damages because Plaintiffs' claim for exemplary or punitive damages is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitutions and comparable provisions of the Illinois Constitution because the vague standards employed in punitive damage cases results in extremely disparate results among similar defendants accused of similar conduct.

### AS FOR A ONE HUNDRED FIFTH
### DEFENSE, MERCK ALLEGES:

19.105 Plaintiffs are not entitled to recover exemplary or punitive damages because Plaintiffs' claim for exemplary or punitive damages is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Illinois Constitution because the purpose of punitive damages is punishment and deterrence, and there is not adequate procedural safeguards in place to protect

Merck's right against self-incrimination, right to proof beyond a reasonable doubt, and right to be free from unreasonable searches and seizures in this case.

## AS FOR A ONE HUNDRED SIXTH
## DEFENSE, MERCK ALLEGES:

19.106 Plaintiffs are not entitled to recover exemplary or punitive damages because Plaintiffs' claim for exemplary or punitive damages is in violation of the First Amendment to the United States Constitution and comparable provisions of the Illinois Constitution.

## AS FOR A ONE HUNDRED SEVENTH
## DEFENSE, MERCK ALLEGES:

19.107 Plaintiffs are not entitled to recover exemplary or punitive damages because the standards and instructions regarding exemplary/punitive damages are inadequate, vague, and ambiguous, further violating the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Illinois Constitution.

## AS FOR A ONE HUNDRED EIGHTH
## DEFENSE, MERCK ALLEGES:

19.108 The correct standard for submitting the burden of proof for exemplary and/or punitive damages is "clear and convincing" evidence. Any lesser standard is a violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Illinois Constitution.

## AS FOR A ONE HUNDRED NINTH
## DEFENSE, MERCK ALLEGES:

19.109 Plaintiffs are not entitled to recover exemplary or punitive damages because the imposition of exemplary or punitive damages in this case based upon evidence of Merck's wealth or financial status would violate the due process clauses of the Fifth and

Fourteenth Amendments to the United States Constitution and comparable provisions of the Illinois Constitution.

### AS FOR A ONE HUNDRED TENTH DEFENSE, MERCK ALLEGES:

19.110 Section 10b(1) of the Illinois Consumer Fraud Act provides that the Consumer Fraud Act does not apply to "[a]ctions or transactions specifically authorized by laws administered by any regulatory body or officer acting under statutory authority of this State or the United States." (Ill.Rev.Stat.1981, ch. 121 1/2, par. 270b(1).) Under this provision, conduct which is authorized by Federal statutes and regulations is exempt from liability under the Consumer Fraud Act. *Lanier v. Associates Finance, Inc.*, 114 Ill.2d 1, 17, 499 N.E.2d 440, 447, 101 Ill.Dec. 852, 859 (Ill. 1986).

### AS FOR A ONE HUNDRED ELEVENTH DEFENSE, MERCK ALLEGES:

19.111 Plaintiffs may be barred from bringing an action pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act because the actions or transactions at issue were authorized by laws administered by a regulatory body or officer acting under statutory authority of the United States.  815 ILCS 505/10b(1).

### AS FOR A ONE HUNDRED TWELFTH DEFENSE, MERCK ALLEGES:

19.112 To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, be subject to the limitations of Indiana Code § 34-51-3-1 et seq.

**AS FOR A ONE HUNDRED THIRTEENTH**
**DEFENSE, MERCK ALLEGES:**

19.113 Plaintiffs' claims under the Indiana Deceptive Consumer Sales Act are barred or limited pursuant to the limitations set forth in Indiana Code § 24-5-0.5-5.

**AS FOR A ONE HUNDRED FOURTEENTH**
**DEFENSE, MERCK ALLEGES:**

19.114 If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the fault—including contributory negligence and failure to mitigate damages—of the allegedly injured Plaintiffs and/or Decedents, and Plaintiffs' recovery should be precluded or reduced accordingly, pursuant to chapter 668, Code of Iowa.

**AS FOR A ONE HUNDRED FIFTEENTH**
**DEFENSE, MERCK ALLEGES:**

19.115 To the extent that Plaintiffs assert claims against Merck based on theories of liability not provided for in the Louisiana Products Liability Act, those claims are barred.  La. Rev. Stat. § 9:2800.51, et seq.

**AS FOR A ONE HUNDRED SIXTEENTH**
**DEFENSE, MERCK ALLEGES:**

19.116 To the extent that Plaintiffs asserts claim against Merck based on theories of liability or elements of damages provided in the Louisiana Products Liability Act, Plaintiffs have failed to allege facts that would overcome the defenses available under the Louisiana Products Liability Act.  La. Rev. Stat. § 9:2800.59(A).

**AS FOR A ONE HUNDRED SEVENTEENTH**
**DEFENSE, MERCK ALLEGES:**

19.117 The Plaintiffs are not entitled to recover exemplary or punitive damages under Massachusetts law.  Mass. Gen. Laws ch. 229, § 2.

## AS FOR A ONE HUNDRED EIGHTEENTH
### DEFENSE, MERCK ALLEGES:

19.118 The Plaintiffs' claims under Chapter 93A of the Massachusetts General Laws are barred because the Plaintiffs and/or Decedents did not provide Merck with written notice of their claims and because the conduct of Merck, selling a prescription drug approved by the FDA and accompanied by FDA-approved labeling and warnings, cannot constitute a violation of Chapter 93A.

## AS FOR A ONE HUNDRED NINETEENTH
### DEFENSE, MERCK ALLEGES:

19.119 Any warnings that Merck gave were transmitted to the prescribing physicians and/or health care providers, and under the applicable state law Merck's only obligation is to warn the prescribing physician and/or health care providers and said obligation was fulfilled.

## AS FOR A ONE HUNDRED TWENTIETH
### DEFENSE, MERCK ALLEGES:

19.120 The Plaintiffs' claims under Chapter 93A of the Massachusetts General Laws are barred because the acts in question did not occur primarily and substantially within the Commonwealth of Massachusetts.

## AS FOR A ONE HUNDRED TWENTY-FIRST
### DEFENSE, MERCK ALLEGES:

19.121 The Plaintiffs are not entitled to recover exemplary or punitive damages under the Massachusetts wrongful death statute, Mass. Gen. Laws ch. 229, § 2, because Merck did not act maliciously, willfully, wantonly, or recklessly, or with gross negligence.

## AS FOR A ONE HUNDRED TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

19.122 Plaintiffs' claims are barred pursuant to the provisions of Michigan Comp.

Laws § 600.2946(5).

## AS FOR A ONE HUNDRED TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

19.123 Plaintiffs' claims are barred, at least in part, by the limitation on damages

established by Michigan Comp. Laws § 600.2946a(1).

## AS FOR A ONE HUNDRED TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

19.124 Merck will show upon trial of this action, and hereby gives notice

pursuant to Michigan Comp. Laws Ann. § 600.2957, that the negligence of persons or entities,

currently not parties to this litigation, is the sole proximate cause, or at least a contributing cause,

of the damages and/or injuries complained of by Plaintiffs and that notice as required pursuant to

the applicable court rule will be given with respect to the fault of such non-parties, identifying

same to the extent possible.

## AS FOR A ONE HUNDRED TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

19.125 Plaintiffs' claims are barred, in whole or at least in part, by PA 495 of the

Public Acts of 1978 (Michigan Comp. Laws Ann. § 600.2945 et seq.), commonly known as the

Products Liability Statute.

## AS FOR A ONE HUNDRED TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

19.126 To the extent that Plaintiffs seek punitive damages, Michigan law does not

recognize Plaintiffs' claim for punitive damages.

**AS FOR A ONE HUNDRED TWENTY-SEVENTH
DEFENSE, MERCK ALLEGES:**

19.127 Plaintiffs' claim for non-economic damages are subject to and limited by Mississippi Code § 11-1-60 (1) (a) through (c) (1972), as amended by Miss. Laws 2004, 1st Ex. Sess., Ch. 1 § 2, effective September 1, 2004.

**AS FOR A ONE HUNDRED TWENTY-EIGHTH
DEFENSE, MERCK ALLEGES:**

19.128 To the extent that the Plaintiffs' claims are based upon any theory of product liability, they are barred or limited by Mississippi's Product Liability Act, Mississippi Code § 11-1-63 (1972), as amended by Miss. Laws 2004, 1st Ex. Sess., Ch. 1 § 3, effective September 1, 2004.

**AS FOR A ONE HUNDRED TWENTY-NINTH
DEFENSE, MERCK ALLEGES:**

19.129 Plaintiffs' claim for punitive damages against Merck fails under Mississippi Code § 11-1-65 (1972), as amended by Miss. Laws 2004, 1st Ex. Sess., Ch. 1 § 4, effective September 1, 2004.

**AS FOR A ONE HUNDRED THIRTIETH
DEFENSE, MERCK ALLEGES:**

19.130 Merck affirmatively pleads Mississippi Code § 85-5-7 (1972), as amended by Miss. Laws 2003, 3rd Ex. Sess., Ch. 2 § 4, effective January 1, 2003.

**AS FOR A ONE HUNDRED THIRTY-FIRST
DEFENSE, MERCK ALLEGES:**

19.131 Some or all of the damages alleged by Plaintiffs are barred by Mississippi Code §§ 75-2-714, 715 (1972).

**AS FOR A ONE HUNDRED THIRTY-SECOND
DEFENSE, MERCK ALLEGES:**

19.132 Plaintiffs' claims for punitive damages are in contravention of Merck's rights under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution; the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; the Double Jeopardy Clause in the Fifth Amendment to the Constitution of the United States, similar provisions in the Constitution of Mississippi and/or the common law and public policies of Mississippi, and/or applicable statutes and court rules, in the circumstances of this litigation, including, but not limited to:

(a)     imposition of punitive damages by a jury which

 (1)     is not provided with standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award;

 (2)     is not adequately and clearly instructed on the limits on punitive damages imposed by the principles of deterrence and punishment;

 (3)     is not expressly prohibited from awarding punitive damages, or determining the amount of an award thereof, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status, wealth, or state of residence of Merck;

 (4)     is permitted to award punitive damages under a standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes punitive damages permissible; and

(5)    is not subject to trial court and appellate judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards;

(b)    imposition of such punitive damages, and determination of the amount of an award thereof, where applicable state law is impermissibly vague, imprecise, or inconsistent;

(c)    imposition of such punitive damages, and determination of the amount of an award thereof, without bifurcating the trial and trying all punitive damages issues only if and after the liability of defendants has been found on the merits;

(d)    imposition of such punitive damages, and determination of the amount of an award thereof, based on anything other than Merck's conduct in connection with the sale of the product alleged in this litigation, or in any other way subjecting Merck to impermissible multiple punishment for the same alleged wrong.

## AS FOR A ONE HUNDRED THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

19.133 Merck's advertisements and labeling with respect to the product that is the subject matter of this action were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States and Montana Constitution.

## AS FOR A ONE HUNDRED THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

19.134 On information and belief, Plaintiffs are not among the class of persons entitled to assert a claim for punitive damages under Nevada Rev. Stat. § 598.09777.

## AS FOR A ONE HUNDRED THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

19.135 To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights under the Due Process, Equal Protection, Double Jeopardy, Contract, and Excessive Fines Clauses of the United States Constitution, as well as other provisions therein, and the cognate provisions of the Nevada Constitution, to wit:  Article 1, sections 8 and 15.  Furthermore, Nev. Rev. Stat. § 42.005(2) impermissibly singles out and exempts products liability cases from the limits otherwise imposed on the recovery of punitive damages, leaving their assessment to the standardless discretion of the finder of fact.  Further, the statute and Nevada cases decided under it do not comply with the minimum standards established by the United States Supreme Court in this evolving area of the law, and they improperly permit multiple awards of punitive damages for the same alleged act or acts.

## AS FOR A ONE HUNDRED THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

19.136 Plaintiffs' claims under New York General Business Law § 349 are barred by reason of Plaintiffs' failure to allege sufficient facts identifying any statement or misrepresentation alleged to constitute a deceptive act or practice and their failure to sufficiently plead causation or reliance.

## AS FOR A ONE HUNDRED THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

19.137 To the extent Plaintiffs' claims under New York General Business Law § 349 are based on conduct that took place outside the state of New York, the claims are barred.

## AS FOR A ONE HUNDRED THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

19.138 Plaintiffs' claims under New York General Business Law § 350 are barred by reason of Plaintiffs' failure to allege sufficient facts identifying any statement or misrepresentation alleged to constitute false advertising and their failure to sufficiently plead causation or reliance.

## AS FOR A ONE HUNDRED THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

19.139 Plaintiffs' claim for punitive damages contravenes Nebraska Constitution Article VII § 5 and are, therefore, not recoverable in this action. *Miller v. Kingsley*, 194 Neb. 123, 230 N.W.2d 472 (1975).

## AS FOR A ONE HUNDRED FORTIETH
## DEFENSE, MERCK ALLEGES:

19.140 Plaintiffs' claim for attorney's fees is barred as there is no Nebraska statute authorizing such an award.

## AS FOR A ONE HUNDRED FORTY-FIRST
## DEFENSE, MERCK ALLEGES:

19.141 Plaintiffs' claims under the Nebraska Deceptive Trade Practices Act are barred in whole or in part because Merck's conduct and all activities with respect to the subject pharmaceutical product manufactured or distributed by Merck were lawful, fair, truthful, not misleading or deceptive, and were justified based on the state of medical and scientific knowledge available during the relevant time period.

## AS FOR A ONE HUNDRED FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

19.142 Plaintiffs' claims under the Nebraska Deceptive Trade Practices Act are barred in whole or in part because all of Merck's activities as alleged in the Complaint were in

compliance with the applicable laws, regulations, and rules, and thus cannot be deemed unlawful, unfair, fraudulent, deceptive, untrue, or misleading.

## AS FOR A ONE HUNDRED FORTY-THIRD
### DEFENSE, MERCK ALLEGES:

19.143 Plaintiffs' claims under the Nebraska Deceptive Trade Practices Act are barred in whole or in part because Plaintiffs do not qualify as a private attorney general, and for that reason and others, Plaintiffs lack standing to prosecute a claim for injunctive or monetary relief.

## AS FOR A ONE HUNDRED FORTY-FOURTH
### DEFENSE, MERCK ALLEGES:

19.144 Plaintiffs' claims under the Nebraska Deceptive Trade Practices Act are barred in whole or in part because there is no basis for injunctive relief in this action.

## AS FOR A ONE HUNDRED FORTY-FIFTH
### DEFENSE, MERCK ALLEGES:

19.145 Plaintiffs' claims under the Nebraska Deceptive Trade Practices Act are barred in whole or in part by the doctrine of primary jurisdiction in that the subject pharmaceutical product manufactured or distributed by Merck and any advertisement regarding such product are regulated by the Food and Drug Administration and as such, Merck requests that this Court, sitting in equity, abstain from hearing claims under the Nebraska Deceptive Trade Practices Act.

## AS FOR A ONE HUNDRED FORTY-SIXTH
### DEFENSE, MERCK ALLEGES:

19.146 Plaintiffs are not entitled to relief under the Nebraska Deceptive Trade Practices Act because Plaintiffs have an adequate remedy at law.

## AS FOR A ONE HUNDRED FORTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

19.147 Plaintiffs' claims under the Nebraska Deceptive Trade Practices Act are barred in whole or in part under principles of substantive and procedural due process.

## AS FOR A ONE HUNDRED FORTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

19.148 If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, Plaintiffs' claims for damages for such injuries or losses are barred to the extent they were proximately caused by Plaintiffs' and/or Decedents' use of Vioxx which was contrary to the express and adequate instructions or warnings delivered with the product.

## AS FOR A ONE HUNDRED FORTY-NINTH
## DEFENSE, MERCK ALLEGES:

19.149 There is no safer, practical or technically feasible, or otherwise reasonable alternative design or formulation that would have reduced the alleged risk without substantially impairing the usefulness, practicality, desirability, or reasonably anticipated and intended function of Vioxx.

## AS FOR A ONE HUNDRED FIFTIETH
## DEFENSE, MERCK ALLEGES:

19.150 Plaintiffs' wrongful death claims are expressly barred by the provisions of N.C. Gen. Stat. § 1-53(4) as this action has been commenced more than two years after the alleged date of the decedent's death.

## AS FOR A ONE HUNDRED FIFTY-FIRST
## DEFENSE, MERCK ALLEGES:

19.151 To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission manifested a flagrant disregard of the safety of persons who might be harmed by the product in question, as required by Ohio Rev. Code § 2307.80.

**AS FOR A ONE HUNDRED FIFTY- SECOND
DEFENSE, MERCK ALLEGES:**

19.152 If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

**AS FOR A ONE HUNDRED FIFTY-THIRD
DEFENSE, MERCK ALLEGES:**

19.153 Merck's compliance with applicable FDA standards, coupled with the FDA's recognition of Vioxx as a safe and effective drug, precludes recovery for punitive damages under Oregon Rev. Stat. § 30.927.

**AS FOR A ONE HUNDRED FIFTY-FOURTH
DEFENSE, MERCK ALLEGES:**

19.154 If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses resulted from Plaintiffs' and/or Decedents' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, idiosyncratic reaction, subsequent medical conditions or natural courses of conditions for which this Defendant is not responsible.

**AS FOR A ONE HUNDRED FIFTY-FIFTH
DEFENSE, MERCK ALLEGES:**

19.155 To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award is not permitted by Oregon law and would, if granted, violate Merck's state constitutional rights. Plaintiffs' claims for punitive damages would further violate the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution, on the following grounds:

(a)     It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which

are penal in nature, against a civil defendant upon the Plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)     The procedures pursuant to which punitive damages are awarded results in the imposition of different penalties for the same or similar acts and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(e)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

### AS FOR A ONE HUNDRED FIFTY-SIXTH
### DEFENSE, MERCK ALLEGES:

19.156 There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonable anticipated and intended function of Vioxx.

### AS FOR A ONE HUNDRED FIFTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

19.157 Plaintiffs' claims are barred in whole or in part because Merck's conduct was in compliance with industry custom.

### AS FOR A ONE HUNDRED FIFTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

19.158 Plaintiffs' claims are barred in whole or in part because Merck's conduct conformed with medical knowledge.

### AS FOR A ONE HUNDRED FIFTY-NINTH
### DEFENSE, MERCK ALLEGES:

19.159 With respect to each and every cause of action, Plaintiffs cannot state claims founded in strict liability because, among other things, comments j and k to Section 402(A) of the Restatement (Second) of Torts relegate Plaintiffs to a negligence cause of action.

### AS FOR A ONE HUNDRED SIXTIETH
### DEFENSE, MERCK ALLEGES:

19.160 With respect to each and every cause of action, Plaintiffs are not entitled to recover because, if the products involved were unsafe, which Merck denies, then they were unavoidably unsafe as defined in Restatement of Torts.  The apparent benefits of the products exceeded any apparent risk given the scientific knowledge available when the products were marketed.

## AS FOR A ONE HUNDRED SIXTY-FIRST
### DEFENSE, MERCK ALLEGES:

19.161 Merck's advertisements and labeling with respect to the products which are the subject matter of this action were not false or misleading and therefore constitute protected commercial speech under the applicable provisions of the United States and Oregon Constitutions.

## AS FOR A ONE HUNDRED SIXTY-SECOND
### DEFENSE, MERCK ALLEGES:

19.162 The public interest and benefit of the availability of the products which are the subject matter of this action preclude liability for risks, if any, resulting from such activities, which were unavoidable given the state of human knowledge at the time those activities were undertaken.  With respect to Plaintiffs' claims, if it is determined there is a risk inherent in any of the products which are the subject matter of this action, then such risk, if any, is outweighed by the benefit of the product(s).

## AS FOR A ONE HUNDRED SIXTY-THIRD
### DEFENSE, MERCK ALLEGES:

19.163 At all times relevant herein, the products which are the subject matter of this action processed and distributed by Merck in the State of Oregon or the United States were processed and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further were processed and distributed in accordance with and pursuant to all applicable regulations of the FDA.

## AS FOR A ONE HUNDRED SIXTY-FOURTH
### DEFENSE, MERCK ALLEGES:

19.164 With respect to each and every purported cause of action, the acts of Merck were at all times in good faith and without malice, evidenced by, among other things,

Merck's immediate withdrawal from the market of the product which is the subject matter of this action.

**AS FOR A ONE HUNDRED SIXTY-FIFTH
DEFENSE, MERCK ALLEGES:**

19.165 Plaintiffs' and/or Decedents' damages, if any may not exceed the limitations within Oregon Rev. Stat. § 31.710.

**AS FOR A ONE HUNDRED SIXTY-SIXTH
DEFENSE, MERCK ALLEGES:**

19.166 Plaintiffs' failure to properly and/or timely serve Merck precludes Plaintiffs' reliance on the 60-day relation back period under Oregon Rev. Stat. § 12.020(2) for the purposes of determining whether Plaintiffs' action is time-barred.

**AS FOR A ONE HUNDRED SIXTY-SEVENTH
DEFENSE, MERCK ALLEGES:**

19.167 To the extent Plaintiffs purport to state a claim under Oregon's Unfair Trade Practices Act, Oregon Rev. Stat. §§ 646.605 – 646.652, Merck is entitled to its reasonable attorney's fees incurred in defense of this action pursuant to Oregon Rev. Stat. § 646.638.

**AS FOR A ONE HUNDRED SIXTY-EIGHTH
DEFENSE, MERCK ALLEGES:**

19.168 If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, such injuries or losses were not directly caused by any alleged defect in the product that is subject matter of the Complaint.

**AS FOR A ONE HUNDRED SIXTY-NINTH
DEFENSE, MERCK ALLEGES:**

19.169 To the extent that Plaintiffs purport to seek damages under the Oklahoma Deceptive Trade Practices Act, Merck avers that Plaintiffs lack standing to pursue the requested relief.

## AS FOR A ONE HUNDRED SEVENTIETH
## DEFENSE, MERCK ALLEGES:

19.170 To the extent the Plaintiffs and/or Decedents are not residents of South Carolina or the alleged causes of action did not arise in South Carolina, the Plaintiffs' claims are barred by South Carolina Code Ann. § 15-5-150.

## AS FOR A ONE HUNDRED SEVENTY-FIRST
## DEFENSE, MERCK ALLEGES:

19.171 To the extent that Plaintiffs seek punitive damages, various provisions of the United States Constitution and the South Carolina Constitution bar Plaintiffs' claim for punitive damages.  An award of punitive damages under South Carolina law violates the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 3 of the South Carolina Constitution in various ways, including the following:

a.   the judiciary's ability to correct a punitive damage award only upon a finding of passion, prejudice, or caprice is inconsistent with the due process guarantees;

b.   any award of punitive damages serving a compensatory function is inconsistent with due process guarantees;

c.   any award of punitive damages based upon the wealth of the Defendant violates due process guarantees;

d.   the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of meaningful standards and is inconsistent with due process guarantees;

e.   even if it could be argued that the standard governing the imposition of punitive damages exists, the standard is void for vagueness;

f.   the Plaintiffs' claim for punitive damages violates the equal protection clause of the Fourteenth Amendment of the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of the Defendant; and

g.   the Plaintiffs' claim for punitive damages violates the Defendant's right to access to the courts guaranteed by the Seventh and Fourteenth

Amendments because the threat of an award of unlimited punitive damages chills the Defendant's exercise of that right.

The Plaintiffs' claim for punitive damages violates the federal doctrine of separation of powers and Article I, Section 8 of the South Carolina Constitution for the reason that punitive damages are a creation of the judicial branch of government which invades the province of the legislative branch of government. Additionally, Plaintiffs' claim for punitive damages is barred by the proscription of the Eighth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, prohibiting the imposition of excessive fines. Finally, Plaintiffs' claim for punitive damages is barred by the double jeopardy clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

## AS FOR A ONE HUNDRED SEVENTY-SECOND DEFENSE, MERCK ALLEGES:

19.172 To the extent Plaintiffs seek recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under the applicable state law.

## AS FOR A ONE HUNDRED SEVENTY-THIRD DEFENSE, MERCK ALLEGES:

19.173 Plaintiffs' claims are barred because Vioxx was not defective nor unreasonably dangerous in its design, manufacture or marketing and was at times reasonably safe and reasonably fit for its intended use, thereby barring Plaintiffs' recovery pursuant to the Tennessee Product Liability Act, Tennessee Code Ann. § 29-28-101 *et seq*. The warnings and instructions accompanying the product at issue at the time of the occurrence or injuries alleged by Plaintiffs and/or Decedents were legally adequate warnings and instructions.

## AS FOR A ONE HUNDRED SEVENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

19.174 Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured, barring Plaintiffs' recovery pursuant to the Tennessee Product Liability Act, Tennessee Code Ann. § 29-28-101 *et seq.*

## AS FOR A ONE HUNDRED SEVENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

19.175 If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' and/or Decedents' misuse or abuse of Vioxx, failure to use the product properly, and/or alteration or negligent use of the product, thereby barring recovery pursuant to the Tennessee Product Liability Act, Tennessee Code Ann. § 29-28-101 *et seq.*

## AS FOR A ONE HUNDRED SEVENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

19.176 To the extent the Plaintiffs' claims are based upon any theory of product liability, said claims are barred or limited by Tennessee's Product Liability Act, Tennessee Code Ann. §29-28-101 *et seq.*, and Merck affirmatively asserts all defenses available therein.

## AS FOR A ONE HUNDRED SEVENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

19.177 The Complaint fails to state an amount for which Plaintiffs sue as required by the Tennessee Product Liability Act of 1978, Tennessee Code Ann. § 29-11-101 *et seq.*, thereby barring Plaintiffs' recovery.

**AS FOR A ONE HUNDRED SEVENTY-EIGHTH**
**DEFENSE, MERCK ALLEGES:**

19.178 The conduct and activities of Merck with respect to the product which is the subject matter of this action were fair and truthful based upon the state of the knowledge existing at the relevant time alleged in the Plaintiffs' Complaint, and therefore, Plaintiffs' claims under the Tennessee Consumer Protection Act, Tennessee Code Ann. § 47-18-101, *et seq*. ("TCPA") are barred.

**AS FOR A ONE HUNDRED SEVENTY-NINTH**
**DEFENSE, MERCK ALLEGES:**

19.179 Plaintiffs' claims under the TCPA are frivolous, without legal or factual merit, and/or have been brought solely for the purpose of harassment, and under Tennessee Code Ann. § 47-18-109, Merck is entitled to indemnification for its resulting damages, including reasonable attorney's fees and costs.

**AS FOR A ONE HUNDRED EIGHTIETH**
**DEFENSE, MERCK ALLEGES:**

19.180 Plaintiffs' Complaint fails to state a claim for unlawful conduct under the TCPA, because Merck completely complied with applicable law in the marketing and sale of Vioxx.

**AS FOR A ONE HUNDRED EIGHTY-FIRST**
**DEFENSE, MERCK ALLEGES:**

19.181 Merck denies that Plaintiffs and/or Decedents used any product manufactured by Merck as alleged in Plaintiffs' Complaint.

**AS FOR A ONE HUNDRED EIGHTY-SECOND**
**DEFENSE, MERCK ALLEGES:**

19.182 If Plaintiffs and/or Decedents have sustained the injuries and damages alleged in the Complaint, such injuries resulted, in whole or in part, from the culpable conduct

and negligence of Plaintiffs and/or Decedents and/or of third parties, not from any negligence or breach of duty by Merck.  If judgment is rendered in Plaintiffs' favor, the amount of such judgment must be reduced pursuant to the Proportionate Responsibility Statute § 33.001, *et seq.* of the Texas Civil Practice & Remedies Code.

### AS FOR A ONE HUNDRED EIGHTY-THIRD
### DEFENSE, MERCK ALLEGES:

19.183 Merck is unaware at this time of any settlements by any alleged joint tortfeasor.  In the event any settlement is or has been made by any alleged joint tortfeasor, however, then Merck is entitled to a full credit, offset, pro rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling party, person, or other entity herein, and Merck makes known to the other parties and to the court that it will avail itself of its rights under §§ 33.012 *et seq.* of the Texas Civil Practice & Remedies Code.

### AS FOR A ONE HUNDRED EIGHTY-FOURTH
### DEFENSE, MERCK ALLEGES:

19.184 Merck would show that the occurrences and injuries alleged by Plaintiffs resulted from an intervening cause or a new and independent cause which was the proximate and/or producing cause and/or the sole proximate and/or sole cause of the occurrences and injuries alleged by Plaintiffs.  Moreover, the occurrences and injuries were caused by separate and independent events or agencies not reasonably foreseeable.  Such separate and independent events or agencies destroy the causal connection, if any, between any alleged breach of legal duty on the part of Merck and the occurrences and injuries alleged by Plaintiffs, and thereby become the immediate and/or sole cause and/or sole proximate cause of such occurrences and injuries, relieving Merck of liability to Plaintiffs or any other parties.

### AS FOR A ONE HUNDRED EIGHTY-FIFTH
### DEFENSE, MERCK ALLEGES:

19.185 If Plaintiffs and/or Decedents have sustained the injuries or incurred the expenses alleged, the same may have been caused, in whole or in part, by operation of nature or act of God.

### AS FOR A ONE HUNDRED EIGHTY-SIXTH
### DEFENSE, MERCK ALLEGES:

19.186 If Plaintiffs and/or Decedents have sustained the injuries or incurred the expenses alleged, the same may have been caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of Merck.

### AS FOR A ONE HUNDRED EIGHTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

19.187 Merck states that the benefits of the product at issue outweigh the risks, if any, which may be attendant to its use.

### AS FOR A ONE HUNDRED EIGHTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

19.188 Merck fully asserts § 82.001 and § 82.007 of the Texas Civil Practice and Remedies Code and states that all of Plaintiffs' claims are barred under those sections.

### AS FOR A ONE HUNDRED EIGHTY-NINTH
### DEFENSE, MERCK ALLEGES:

19.189 Any claims for exemplary damages are limited by Section 41.008 of the Texas Civil Practice and Remedies Code to two times the amount of actual damages or $200,000, whichever is greater.  Merck asserts all other defenses and limitations on punitive damages contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

## AS FOR A ONE HUNDRED NINETIETH
## DEFENSE, MERCK ALLEGES:

19.190 Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate Merck's rights under Amendments IV, V, VI and XIV of the United States Constitution and under Sections 9, 10, 14 and 19 of Article I of the Texas Constitution.

## AS FOR A ONE HUNDRED NINETY-FIRST
## DEFENSE, MERCK ALLEGES:

19.191 Unless Merck's liability for punitive damages and the appropriate amount of punitive damages are each required to be established by clear and convincing evidence under Texas law, any awards of punitive damages would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## AS FOR A ONE HUNDRED NINETY-SECOND
## DEFENSE, MERCK ALLEGES:

19.192 Any claims for punitive damages against Merck cannot be sustained, because any award of punitive damages under Texas law without bifurcating the trial as to all punitive damages issues would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## AS FOR A ONE HUNDRED NINETY-THIRD
## DEFENSE, MERCK ALLEGES:

19.193 Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law subject to no pre-determined limit, either a maximum multiple of compensatory damages or a maximum amount, on the amount of

punitive damages that a jury may impose would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

### AS FOR A ONE HUNDRED NINETY-FOURTH
### DEFENSE, MERCK ALLEGES:

19.194 Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law by a jury that (1) is not provided any standard of sufficient clarity for determining the appropriateness, or the appropriate size of any punitive damages award, (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

### AS FOR A ONE HUNDRED NINETY-FIFTH
### DEFENSE, MERCK ALLEGES:

19.195 Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law for the purpose of compensating Plaintiffs for elements of damages not otherwise recognized by Texas law would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

### AS FOR A ONE HUNDRED NINETY-SIXTH
### DEFENSE, MERCK ALLEGES:

19.196 Merck asserts that the determination of the amount of punitive damages, if any, shall be bifurcated from the remaining issues pursuant to *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

### AS FOR A ONE HUNDRED NINETY-SEVENTH
### DEFENSE, MERCK ALLEGES:

19.197 Plaintiffs' claims are barred as a matter of law pursuant to Restatement (Third) of Torts §§ 2, 4, and 6.

### AS FOR A ONE HUNDRED NINETY-EIGHTH
### DEFENSE, MERCK ALLEGES:

19.198 Plaintiffs' claims relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First Amendment rights to petition the government.

### AS FOR A ONE HUNDRED NINETY-NINTH
### DEFENSE, MERCK ALLEGES:

19.199 Imposition of punitive or exemplary damages violates the Sixth Amendment of the United States Constitution because Merck is not informed of the nature and cause of the accusation against it; thus, the allegations are void for vagueness.

### AS FOR A TWO HUNDREDTH
### DEFENSE, MERCK ALLEGES:

19.200 The imposition of punitive damages violates the open courts provision of the Texas Constitution.

**AS FOR A TWO HUNDRED FIRST
DEFENSE, MERCK ALLEGES:**

19.201 To the extent that Plaintiffs and/or Decedents' representatives seek relief for any cause of action other than wrongful death, those claims are barred because Virginia's wrongful death statute provides the sole remedy.

**AS FOR A TWO HUNDRED SECOND
DEFENSE, MERCK ALLEGES:**

19.202 If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence or comparative fault, including comparative negligence and comparative assumption of the risk, of the allegedly injured Plaintiffs and/or Decedents.

**AS FOR A TWO HUNDRED THIRD
DEFENSE, MERCK ALLEGES:**

19.203 Any claim by Plaintiffs for punitive damages may not be sustained because West Virginia may not impose economic sanctions on an alleged tortfeasor in a manner inconsistent with the United States Supreme Court's holding in *BMW of North America, Inc., v. Gore*, 517 U.S. 559 (1996) and *State Farm Mutual Automobile Insurance Company v. Campbell*, 537 U.S. 1102 (2003).

**AS FOR A TWO HUNDRED FOURTH
DEFENSE, MERCK ALLEGES:**

19.204 West Virginia does not recognize a cause of action for "market share," "shared risk" or "alternative shared liability" and the application of such theories to Merck would violate its state and federal constitutional rights.

## AS FOR A TWO HUNDRED FIFTH
## DEFENSE, MERCK ALLEGES:

19.205 Plaintiffs impermissibly seek to impose liability on conduct protected from liability by the First Amendment to the United States Constitution and by Article 1 of the Wisconsin Constitution.

## AS FOR A TWO HUNDRED SIXTH
## DEFENSE, MERCK ALLEGES:

19.206 Merck seeks attorney's fees pursuant to Connecticut Gen. Stat. § 52-240a.

## AS FOR A TWO HUNDRED SEVENTH
## DEFENSE, MERCK ALLEGES:

19.207 Plaintiffs' claims under the Connecticut Unfair Trade Practices Act are precluded by the exclusivity provision contained in Connecticut Gen. Stat. § 52-572n (a) of the Connecticut Products Liability Act, § 52-572m, et. seq.

## AS FOR A TWO HUNDRED EIGHTH
## DEFENSE, MERCK ALLEGES:

19.208 To the extent that Plaintiffs seek economic losses as a result of purchasing Vioxx, such claims are barred under Kansas law because a buyer of allegedly defective goods cannot recover in tort for economic losses.

## AS FOR A TWO HUNDRED NINTH
## DEFENSE, MERCK ALLEGES:

19.209 Merck's negligence, if any, must be compared to the negligence of all entities, whether joined as a party or not, even if recovery against a particular entity is barred.

## AS FOR A TWO HUNDRED TENTH
## DEFENSE, MERCK ALLEGES:

19.210 Plaintiffs have asserted a claim in their Complaint for punitive damages in violation of Minnesota Statute § 549.191, and said claim should therefore be stricken.

## AS FOR A TWO HUNDRED ELEVENTH
## DEFENSE, MERCK ALLEGES:

19.211 Merck asserts all defenses available to it pursuant to the New Jersey Product Liability Act, New Jersey Stat. Ann. 2A:58C-1, *et seq*.

## AS FOR A TWO HUNDRED TWELFTH
## DEFENSE, MERCK ALLEGES:

19.212 Plaintiffs are barred from recovery and/or Plaintiffs' recovery is limited pursuant to the Comparative Negligence Act, New Jersey Stat. Ann. 2A:15-5.1, *et seq*.

## AS FOR A TWO HUNDRED THIRTEENTH
## DEFENSE, MERCK ALLEGES:

19.213 Merck denies any liability on its part, but if Merck is ultimately found liable to Plaintiffs, then it shall only be liable for its equitable share of Plaintiffs' recovery since any liability which would be found against it will be insufficient to impose joint liability.  In the alternative, the liability, if any, of Merck is limited by and pursuant to the New Jersey Joint Tortfeasor Contribution Act, New Jersey Stat. Ann. 2A:53A-1, *et seq*.

## AS FOR A TWO HUNDRED FOURTEENTH
## DEFENSE, MERCK ALLEGES:

19.214 Merck invokes each and every defense available to it under New Mexico's Law on Product Liability, as detailed in Restatement 2d of Torts and Restatement 3d of Torts as adopted in New Mexico, in New Mexico Civil Jury Instruction Rule 13-1401, et seq., N.M.R.A. 2003 and in relevant decisions by New Mexico courts.

## AS FOR A TWO HUNDRED FIFTEENTH
## DEFENSE, MERCK ALLEGES:

19.215 An award of punitive damages cannot be sustained against Merck because under New Mexico law an award of punitive damages by a jury does not

(1)     provide a standard of sufficient clarity for determining the appropriateness of the award or the appropriateness of the size of the award;

(2)     instruct the jury on the limits on punitive damages imposed by the applicable principles of deterrence and punishment;

(3)     expressly prohibit an award of punitive damages in whole or in part on the basis of invidiously discriminatory characteristics, including the corporate status of Merck, its foreign origin, and other characteristics peculiar to Merck;

(4)     provide for a standard for determining punitive damages that is not vague or arbitrary;

(5)     define with sufficient clarity the mental state of mind, conduct or intent that makes an award of punitive damages permissible; and

(6)     subject to judicial review, on the basis of objective standards, an award of punitive damages both as to the amount of the award and the appropriateness of the award.

Accordingly, an award of punitive damages would violate Merck's constitutional rights, including but not limited to the rights to due process of law, equal protection of the law, not to be twice put in jeopardy for the same offense, and the right to be free of excessive fines under the Fifth, Ninth and Fourteenth Amendment of the United States Constitution, and similar rights under the provisions of the Constitution of the State of New Mexico, including but not limited to Article II, Sections 1, 4, 10, 12, 13, 14, 15, 18 and 19 of the New Mexico Constitution.

### AS FOR A TWO HUNDRED SIXTEENTH
### DEFENSE, MERCK ALLEGES:

19.216 The imposition of punitive damages in this action would violate the Commerce Clause of the United States Constitution and would exceed the judicial and legislative

power of the State of New Mexico to the extent that such award punishes conduct allegedly occurring solely outside the State of New Mexico.

## AS FOR A TWO HUNDRED SEVENTEENTH DEFENSE, MERCK ALLEGES:

19.217 Any claim for punitive or exemplary damages is subject to the provisions of North Dakota Cent. Code Chapter 32-03.2-11(1).

## AS FOR A TWO HUNDRED EIGHTEENTH DEFENSE, MERCK ALLEGES:

19.218 Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of modified comparative fault under North Dakota Cent. Code Chapter 32-03.2.

## AS FOR A TWO HUNDRED NINETEENTH DEFENSE, MERCK ALLEGES:

19.219 Plaintiffs' claims are barred in whole or in part because Merck's conduct was in compliance with industry custom as defined under the North Dakota Cent. Code.  With respect to every cause of action, Merck asserts all defenses under North Dakota Cent. Code Chapter 28-01.1-09, including but not limited to industry custom, technological feasibility, and compliance with standards and regulations.

## AS FOR A TWO HUNDRED TWENTIETH DEFENSE, MERCK ALLEGES:

19.220 Plaintiffs' claims for negligence per se are barred on the grounds that such claims are not cognizable against Merck in this action.

## AS FOR A TWO HUNDRED TWENTY-FIRST DEFENSE, MERCK ALLEGES:

19.221 Advertising and labeling, with respect to the products, which are the subject matter of this action, were not false or misleading and, therefore, constitute protected

commercial speech under the applicable provisions of the United States and North Dakota State Constitutions.

### AS FOR A TWO HUNDRED TWENTY-SECOND DEFENSE, MERCK ALLEGES:

19.222 The plans, designs, warnings, or instructions for the products, which are the subject matter of this action, and any methods and techniques of manufacturing, inspecting, and testing the product were in conformity with government standards established for that industry and, where no government standards exist, with applicable industry standards, which are in existence at the time the plans, designs, warnings, or instructions for the products, which are the subject matter of this action, or the methods and techniques of manufacturing, inspecting, and testing the product were adopted.

### AS FOR A TWO HUNDRED TWENTY-THIRD DEFENSE, MERCK ALLEGES:

19.223 Plaintiffs' claims are barred in whole or in part because defendant's conduct was in compliance with industry custom as defined under the N.D.C.C.  With respect to every cause of action, defendant asserts all defenses under N.D.C.C. §28-01.3-9, including but not limited to industry custom, technological feasibility, and compliance with standards and regulations.

### AS FOR A TWO HUNDRED TWENTY-FOURTH DEFENSE, MERCK ALLEGES:

19.224 Any claim for equitable relief is barred because there is an adequate remedy at law.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.    That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' Complaint with prejudice against Merck with costs assessed to Plaintiffs;

2.    Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.    Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated:  November 20, 2006

Respectfully submitted,


  s/ Melissa V. Beaugh
Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Melissa V. Beaugh, 28250
          Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Facsimile: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 581-3200
Facsimile: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL No. 1657, on this 20TH day of November, 2006.

 s/ Melissa V. Beaugh