UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  VIOXX                                         : | |
| : | MDL Docket NO. 1657 |
| PRODUCTS LIABILITY LITIGATION       : | |
| : | SECTION L |
| : | |
| This document relates to:                        : | JUDGE FALLON |
| : | MAG. JUDGE KNOWLES |
| LENE ARNOLD                                     : | |
| : | |
| v.                                   : | |
| : | |
| MERCK & CO., INC.                              : | |
| : | |
| Case No. 05-2627                                : | |
| : | |
| and                                  : | |
| : | |
| ALICIA GOMEZ                                    : | |
| : | |
| v.                                   : | |
| : | |
| MERCK & CO., INC.                              : | |
| : | |
| Case No. 05-1163                                : | |
| _____: | |

**REPLY BRIEF OF PLAINTIFFS LENE ARNOLD AND
ALICIA GOMEZ REGARDING SUPPLEMENTAL AUTHORITY**

The PSC submits this reply to Merck's Response to Plaintiffs' submission of supplemental authority.  Merck engages in legal gymnastics in its attempt to distinguish the supplemental legal authority presented to the Court since the PSC's responsive brief was filed.  Merck's efforts do nothing to diminish the ineluctable conclusion that the FDA's Preamble does not justify the broad preemption it seeks. *Desiano v. Warner-Lambert & Co.*, 2006 WL 2846454 (2d Cir. Oct. 5, 2006);

1

*Perry v. Novartis Pharmaceutical Corp.*, 2006 WL 2979388 (E.D. Pa. Oct. 16, 2006); and *Levine v. Wyeth*, 2006 WL 3041078 (Vt. 2006), all confirm that preemption is not justified in this case.

Merck can only try to distinguish *Desiano* on the grounds that the Second Circuit's discussion regarding the lack of deference owed to the FDA's interpretation of its preemptive authority in the recent Final Rule's Preamble was dicta and "gratuitous." Merck Brf. at 2. Arguably, the court's analysis of the preemptive effect of Michigan's FDA immunity statute in light of *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001), necessarily included the FDA's recent analysis of preemption in the Preamble, and, therefore, was not dicta. Even if dicta, the analysis of a unanimous panel of the Second Circuit regarding the deference owed to the FDA's Preamble is persuasive reasoning. *See generally McCalla v. Royal MacCabees Life Ins. Co.*, 369 F.3d 1128, 1132 (9th Cir. 2004) ("We do not treat considered dicta from the Supreme Court lightly. Rather, we treat such dicta with due deference, as it serves as a prophecy of what that Court might hold."). Proof of the persuasiveness of the Second Circuit's reasoning is the fact that it was adopted by Judge Dalzell in the *Perry* case, a case that Merck contends is persuasive. *See Perry*, 2006 WL 2979388, *3 ("Where, however, the agency attempts to 'supply, on Congress's behalf, the clear legislative statement of intent required to overcome the presumption against preemption,' no deference is warranted."), *quoting, Desiano, supra*.

Merck's second effort to contradict the Second Circuit's reasoning references cases like *New York v. FERC*, 535 U.S. 1 (2002), to suggest that the presumption against preemption has no application to this case. Merck's argument is seriously misplaced on this point. In *FERC*, for example, the Supreme Court spoke to the limits of an agency's ability to attempt to define the scope of its preemption authority only in the context of positive enactments of state law. *Id.* at 18 ("a

2

federal agency may preempt state law only when and if it is acting within the scope of its authority[,] . . . [for] an agency literally has no power to act, let alone pre-empt <u>the validly enacted legislation of a sovereign State</u>, unless and until Congress confers power upon it."), *quoting, Louisiana Pub. Serv. Comm'n v. FCC*, 476 U.S. 355, 374 (1986)(emphasis added). Here, Merck and the agency are improperly seeking to expand the preemptive scope of the FDA far beyond unidentified, conflicting "validly enacted legislation," and are attempting to preempt common law claims as well. This effort is also being attempted without any express statutory authority conferred upon the agency authorizing it to act in such a fashion. *Compare* Medical Device Amendments of 1976, 90 Stat. 539 (providing for express preemption). Under these circumstances, the presumption against preemption is in full force and effect. *See Medtronic, Inc. v. Lohr*, 518 U.S. 470, 487 (1996); *Silkwood v. Kerr-McGee Corp.*, 464 U.S. 238, 251 (1984); *Bates v Dow Agrosciences LLC*, 544 U.S. 431, 449 (2005).

The *Perry* case does not lend any support for Merck's position either. To be sure, Judge Dalzell ruled that where a new warning (not a new risk) has yet to have been considered by the FDA, then a claim is not preempted and a manufacturer can be held liable for not seeking FDA approval of a new label to include that warning. *Perry*, 2006 WL 2979388, *6. The court also found that preemption was appropriate for instances, unlike the situation here, where "a specific determination by the FDA that a warning is *not* warranted is dispositive." *Id.* at *5 (emphasis added).[1] Judge Dalzell's reasoning was premised upon the situation where the manufacturer made available to the FDA all of the relevant information to the agency's specific determination, *Id.* at *5, n. 11, and, as in the case of *Colaccico v. Apotex, Inc.*, 432 F.Supp.2d 514 (E.D.Pa. 2006), *appeal pending*, No. 06-

---

[1] The PSC disagrees that preemption is warranted under any circumstances for the reasons stated in their responsive brief, but even if that conclusion is not adopted, the reasoning of Judge Dalzell does not apply here.

3

3107 (3d Cir.), it was the manufacturer that sought an increased warning and the FDA "specifically and repeatedly rejected" that increased warning for lack of "credible evidence to support the link" with that adverse health risk. *Id.* at *6.

The dispositive condition necessary to Judge Dalzell's finding of preemption is inapposite to the situation involving Vioxx – there was no sponsor-driven additional warning requested of the FDA and a finding by the agency that such warning was not warranted. In contrast, with respect to Merck's Vioxx label, the agency determined that an additional CV warning was warranted and that sufficient evidence existed to support that warning. It was Merck that opposed the additional warning, calling FDA officials "bastards," among its many epithets and criticisms of FDA's reasoning in Merck's quest to avoid any CV warning. In this light, the holding in *Perry* reflects this sponsor-driven condition precedent to the analysis of preemption:

> Where, however, the FDA has made a conclusive determination, positive or negative, as to the existence of a link between the drug at issue and some adverse health consequence, state law cannot mandate that a manufacturer include additional warnings beyond those that the FDA has determined to be appropriate to the risk.

*Id.* at *6.

As the FDA has determined that additional warnings beyond those in the approved Vioxx label were credible, the FDA's mere approval of the Vioxx label fails to rise to the conclusive rejections of warnings that were present in the context of the SSRI medications discussed in *Colaccico*. Merck's watered-down, negotiated label does not reflect "a conclusive determination" by FDA of the CV risks associated with Vioxx. *See* Plaintiffs' Response to Merck's Statement of Material Facts as to Which There is No Genuine Issue to be Tried and Plaintiffs' Counter-Statement of Material Facts as to Which There is No Genuine Issue to be Tried ¶¶72-114. Understood

properly, *Perry* supports the conclusion that preemption is not warranted here.

Lastly, Merck's preference for the dissenting opinion in *Levine, supra*, can not skirt the fact that the majority of the Vermont Supreme Court reached the contrary opinion. In other words, "there is no conflict between state and federal law that requires preemption of plaintiff's claim." *Levine*, 2006 WL 3041078, *1. Indeed, amplifying the reasoning of the *Perry* court, the court in *Levine* recognized that where, "the FDA has not indicated that a stronger warning would be misleading," the reasoning of courts finding for preemption "appears inapplicable to this case." *Id.* at ¶16.

The spate of recent cases to have issued since the submission of our responsive brief indicate that preemption of state law claims is an unwarranted encroachment on the sovereignty of the states to afford remedies to their citizens that are injured by drugs accompanied by inadequate warnings.

All of the above cases attain this conclusion in some fashion. This Court should abide by their wisdom and reject any finding of preemption given the factual circumstances presented by the instant motion for summary judgment.

Merck's motion should be denied.

                                        Respectfully submitted,

                                        PLAINTIFFS' STEERING COMMITTEE

Date: November 15, 2006                By: _____
                                        Russ M. Herman (Bar No. 6819)
                                        Leonard A. Davis (Bar No. 14190)
                                        Stephen J. Herman (Bar No. 23129)
                                        Herman, Herman, Katz & Cotlar, L.L.P.
                                        Place St. Charles
                                        201 St. Charles Avenue, Suite 4310
                                        New Orleans, Louisiana 70170
                                        Telephone: (504) 581-4892
                                        Facsimile: (504) 561-6024

                                        PLAINTIFFS' LIAISON COUNSEL

| | |
|---|---|
| Andy D. Birchfield, Jr., Esquire | Co-Lead Counsel |
| Leigh O'Dell, Esquire | |
| Beasley, Allen, Crow, Methvin, | Gerald E. Meunier, Esquire |
| Portis & Miles, P.C. | Gainsburgh, Benjamin, David, |
| P.O. Box 4160 |   Meunier & Warshauer, L.L.C. |
| 234 Commerce Street | Energy Centre |
| Montgomery, AL 36103-4160 | 1100 Poydras Street, Ste. 2800 |
| (800) 898-2034 (telephone) | New Orleans, LA 70163 |
| (334) 954-7555 (telecopier) | (504) 522-2304 (telephone) |
| Co-Lead Counsel | (504) 528-9973 (fax) |
| | |
| Richard J. Arsenault, Esquire | Troy Rafferty, Esquire |
| Neblett, Beard & Arsenault | Levin, Papantonio, Thomas, Mitchell, |
| 2220 Bonaventure Court, P.O. Box 1190 | Echsner & Proctor, Pa |
| Alexandria, LA 71301-1190 | 316 S. Baylen Street, Suite 400 |
| (318) 487-9874 (telephone) | Pensacola, FL 32502 |
| (318) 561-2591 (telecopier) | (850) 435-7000 (telephone) |
| | (850) 497-7059 (telecopier) |
| Christopher A. Seeger, Esquire | |
| Seeger Weiss | |
| One William Street | |
| New York, NY 10004 | |
| (212) 584-0700 (telephone) | |
| (212) 584-0799 (telecopier) | |

Elizabeth J. Cabraser, Esquire
Lieff, Cabraser, Heimann &
   Bernstein, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
Shanin Specter, Esquire
David J. Caputo, Esquire
Lisa S. Dagostino, Esquire
Kline & Specter, P.C.
1525 Locust Street
19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire (on brief)
Fred S. Longer, Esquire (on brief)
Daniel Levin, Esquire
Matthew C. Gaughan, Esquire
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Shelly A. Sanford, Esquire
Goforth, Lewis, Sanford LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
Ranier, Gayle & Elliot, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337) 494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
Robinson, Calcagnie & Robinson
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
Ashcraft & Gerel
2000 L Street, N.W., Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

AND

Andy D. Birchfield, Jr., Esquire
Leigh O'Dell, Esquire
Beasley, Allen, Crow, Methvin,
Portis & Miles, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier

Counsel for Plaintiff Arnold

AND

| | |
|---|---|
| Kathryn A. Snapka, Esquire<br>Snapka, Turman & Waterhouse LLP<br>606 N. Carancahua, Suite 1511<br>P.O. Drawer 23017<br>Corpus Christi, TX  78403<br>(361) 888-7676 (telephone)<br>(361) 884-8545 (telecopier) | Zollie C. Steakley<br>TX State Bar No. 24029848<br>MS State Bar No. 100517<br>Attorney for Plaintiffs<br>Campbell~Cherry~Harrison~<br> Davis~Dove, P.C.<br>P.O. Drawer 21387<br>Waco, Texas 76702<br>(254) 761-3300 (telephone)<br>(254) 761-3301 (telecopier) |

Counsel for Plaintiff Gomez

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 15th day of November, 2006.

Leonard A. Davis (Bar No. 14190)
Herman, Herman, Katz & Cotlar, LLP
201 St. Charles Ave., Suite 4310
New Orleans, LA 70170
PH:  (504) 581-4892
FAX: (504) 561-6024
ldavis@hhkc.com