UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EDITH SOKOLOFF, VALERIE TUMULIS,      :      CIVIL ACTION NO.
NADINE PERRY, LINDA MORGAN, AS                2:05-cv-06107-EEF-DEK
EXECUTRIX OF THE ESTATE OF
ROBERT MARKHAM, WILLIE COBB,
CAROL MALKOWSKI, SYLVIA BOLDE,
AS ADMINISTRATRIX OF THE ESTATE
OF HERBERT BOLDE, AND SYLVIA
BOLDE, JOHN YAGLOWSKI, EXECUTOR
OF THE ESTATE OF HELEN YAGLOWSKI,
AND JOHN YAGLOWSKI, INDIVIDUALLY
CHERYL CUTLER, SARA PANTOJA,
CHARLES DUKES, and JO-ANN PINTER

V.

MERCK & CO., INCORPORATED

## AMENDED COMPLAINT

## COUNT ONE – EDITH SOKOLOFF - PRODUCTS LIABILITY

1.      At all times mentioned herein, the defendant MERCK & CO., INC.

("MERCK") was and is a foreign corporations and or entity engaged in the

manufacture and sale of drug products, including VIOXX, within the State of

Connecticut.

2.      The defendant MERCK is a Product Seller.

3.      On and for some time before October 10, 2000 the plaintiff Edith

Sokoloff had been prescribed VIOXX by her doctor. Per her doctor's orders,

Edith Sokoloff regularly consumed VIOXX.

4.      The VIOXX consumed by the plaintiff was designed, manufactured,

tested and/or sold by the defendant MERCK.

5.    As a result of the plaintiff's consumption of the drug VIOXX, she

was caused to suffer a series of heart attacks.

6.    At the time of its sale or distribution and continuing through the date

of her heart attacks, VIOXX was in a defective condition unreasonably dangerous

to the plaintiff and others in one or more of the following ways:

a)    it was not accompanied by proper warnings regarding all possible
      adverse side effects regarding its use;

b)    adequate testing was not performed that would have shown
      that VIOXX possessed serious potential side effects with
      respect to which full warnings were necessary;

c)    there was no adequate post-marketing warning and instruction;

d)    the foreseeable risks of the use of VIOXX significantly exceeded
      the benefits associated with its design and formulation;

e)    there were inadequate clinical trials, testing and study which would
      have uncovered serious risks associated with the product; and

f)    consumers were unaware that for a small reduction in pain, they
      were risking sudden death, heart attacks, and stroke from the use
      of VIOXX.

7.    One or more of the defects described above was a substantial

factor in causing the injuries to the plaintiff.

8.    The subject VIOXX designed and sold by MERCK was expected to

and did reach the consumer without substantial change in condition.

9.    The defendant expressly warranted that the subject VIOXX was

safe for its intended uses, including the uses to which it was put by the plaintiff.

10.    The defendant breached these express warranties.

11.     The breach of these express warranties by the defendants was a

substantial factor in causing the injuries to the plaintiff as described in this

complaint.

12.     The defendant impliedly warranted that the subject VIOXX was of

merchantable quality.

13.     The defendant breached this implied warranty of merchantability.

14.     The breach of this implied warranty of merchantability by the

defendant was a substantial factor in causing the injuries to the plaintiff as

described in this complaint.

15.     The defendant was negligent in one or more of the following ways:

a)     it failed to include adequate warnings with the medication that
       would alert the plaintiff and other consumers to the potential risks
       and serious side effects of VIOXX ingestion;

b)     it failed to include adequate information or warnings with the
       medication that would alert plaintiff to refrain from use of VIOXX
       without first attempting traditional NSAIDs.

c)     it failed to adequately and properly test VIOXX before and after
       placing it on the market;

d)     it failed to conduct sufficient testing on VIOXX;

e)     it failed to warn of the risk of heart attack, stroke, and sudden
       death;

f)     it failed to provide adequate post marketing instructions regarding
       the risks of VIOXX use; and

g)     it failed to warn that VIOXX should not be used in conjunction with
       other risk factors such as family history of heart disease

16.     The negligence of the defendants was a substantial factor in

causing the injuries to the plaintiff as described in this complaint.

17.    As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered a series of heart attacks.

18.    As a further result, the plaintiff was caused to suffer an impairment of her capacity to carry on and enjoy all of life's other activities, medical expenses past and future, and pain and suffering

## COUNT TWO – SOKOLOFF - PUNITIVE DAMAGES

1. - 6.  Paragraphs 1. through 6. of Count One are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Two.

7.    The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

a)    the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact the MERCK and its agents, servants, and employees were aware of those risks;

b)    they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)    they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)    they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)    they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)    they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.    The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.    As a result of the defendants' reckless disregard of product users, the plaintiff has been caused to suffer a series of heart attacks.

10.   As a further result, the plaintiff was caused to suffer an impairment of her capacity to carry on and enjoy all of life's other activities, medical expenses past and future, and pain and suffering

## COUNT THREE –SOKOLOFF - CUTPA

1. - 10.  The allegations of paragraphs 1. - 10. of Count Two are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Three.

11.   The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of CUTPA.

12.   The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.    As a result of the defendants' deceptive acts, the plaintiff has been caused to suffer a series of heart attacks and the other damages alleged above in paragraph 10.

## COUNT FOUR – TUMULIS - PRODUCTS LIABILITY

1.    At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.    The defendant MERCK is a Product Seller.

3.    On and for some time before April 2002, the plaintiff Valerie Tumulis had been prescribed VIOXX by her doctor. Per her doctor's orders, she regularly consumed VIOXX.

4.    The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

5.    As a result of the plaintiff's consumption of the drug VIOXX, she was caused to suffer a series of heart attacks.

6.    At the time of its sale or distribution and continuing through the date of her heart attacks, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

   a)    it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

   b)    adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)    there was no adequate post-marketing warning and instruction;

d)    the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)    there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)    consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

7.    One or more of the defects described above was a substantial factor in causing the injuries to the plaintiff.

8.    The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

9.    The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

10.    The defendant breached these express warranties.

11.    The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

12.    The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

13.    The defendant breached this implied warranty of merchantability.

14.    The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

15.    The defendant was negligent in one or more of the following ways:

a)  it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)  it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)  it failed to adequately and properly test VIOXX before and after placing it on the market;

d)  it failed to conduct sufficient testing on VIOXX;

e)  it failed to warn of the risk of heart attack, stroke, and sudden death;

f)  it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)  it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

16.  The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

17.  As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered a series of heart attacks.

18.  As a further result, the plaintiff was caused to suffer an impairment of her capacity to carry on and enjoy all of life's other activities, medical expenses past and future, and pain and suffering

## COUNT FIVE – TUMULIS - PUNITIVE DAMAGES

1. - 6. Paragraphs 1. through 6. of Count Four are hereby incorporated

and realleged as paragraphs 1. through 6. of this Count Five.

7. The defendant MERCK acted with reckless disregard for the safety

of users of its product, VIOXX in one or more of the following ways:

a) the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact the MERCK and its agents, servants, and employees were aware of those risks;

b) they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c) they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d) they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e) they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f) they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8. The subject VIOXX was expected to and did reach the consumer

without substantial change in condition.

9. As a result of the defendants' reckless disregard of product users,

the plaintiff has been caused to suffer a series of heart attacks.

10.     As a further result, the plaintiff was caused to suffer an impairment of her capacity to carry on and enjoy all of life's other activities, medical expenses past and future, and pain and suffering

## COUNT SIX –TUMULIS - CUTPA

1. - 10.  The allegations of paragraphs 1. - 10. of Count Five are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Six.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of CUTPA.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.     As a result of the defendants' deceptive acts, the plaintiff has been caused to suffer a series of heart attacks and the other damages alleged above in paragraph 10.

## COUNT SEVEN – NADINE PERRY - PRODUCTS LIABILITY

1.      At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the

manufacture and sale of drug products, including VIOXX, within the State of
Connecticut.

2. The defendant MERCK is a Product Seller.

3. On and for some time before March 6, 2004 the plaintiff Nadine
Perry had been prescribed VIOXX by her doctor. Per her doctor's orders, Nadine
Perry regularly consumed VIOXX.

4. The VIOXX consumed by the plaintiff was designed, manufactured,
tested and/or sold by the defendant MERCK.

5. As a result of the plaintiff's consumption of the drug VIOXX, she
was caused to suffer a massive heart attack.

6. At the time of its sale or distribution and continuing through the date
of her heart attack, VIOXX was in a defective condition unreasonably dangerous
to the plaintiff and others in one or more of the following ways:

a) it was not accompanied by proper warnings regarding all possible
adverse side effects regarding its use;

b) adequate testing was not performed that would have shown
that VIOXX possessed serious potential side effects with
respect to which full warnings were necessary;

c) there was no adequate post-marketing warning and instruction;

d) the foreseeable risks of the use of VIOXX significantly exceeded
the benefits associated with its design and formulation;

e) there were inadequate clinical trials, testing and study which would
have uncovered serious risks associated with the product; and

f) consumers were unaware that for a small reduction in pain, they
were risking sudden death, heart attacks, and stroke from the use
of VIOXX.

7.     One or more of the defects described above was a substantial factor in causing the injuries to the plaintiff.

8.     The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

9.     The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

10.    The defendant breached these express warranties.

11.    The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

12.    The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

13.    The defendant breached this implied warranty of merchantability.

14.    The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

15.    The defendant was negligent in one or more of the following ways:

a)     it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)     it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)     it failed to adequately and properly test VIOXX before and after placing it on the market;

d)     it failed to conduct sufficient testing on VIOXX;

e)    it failed to warn of the risk of heart attack, stroke, and sudden death;

f)    it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)    it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

16.    The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

17.    As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered a massive heart attack.

18.    As a further result, the plaintiff was caused to suffer an impairment of her earning capacity, an impairment of her capacity to carry on and enjoy all of life's other activities, medical expenses past and future, and pain and suffering

## COUNT EIGHT – PERRY - PUNITIVE DAMAGES

1. - 6.   Paragraphs 1. through 6. of Count Seven are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Eight.

7.    The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

a)    the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact the MERCK and its agents, servants, and employees were aware of those risks;

b) they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c) they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d) they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e) they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f) they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8. The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9. As a result of the defendants' reckless disregard of product users, the plaintiff has been caused to suffer a massive heart attack.

10. As a further result, the plaintiff was caused to suffer an impairment of her earning capacity, an impairment of her capacity to carry on and enjoy all of life's other activities, medical expenses past and future, and pain and suffering

**COUNT NINE –PERRY - CUTPA**

1. - 10. The allegations of paragraphs 1. - 10. of Count Eight are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Nine.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of CUTPA.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.     As a result of the defendants' deceptive acts, the plaintiff has been caused to suffer a massive heart attack and the other damages alleged above in paragraph 10.

## COUNT TEN – MARKHAM- PRODUCTS LIABILITY

1.     At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.     The defendant MERCK is a Product Seller.

3.     Linda Morgan is the administratrix of the estate of Robert Markham.

4.     On and for some time before December 5, 2001, the plaintiff's decedent Robert Markham had been prescribed VIOXX by his doctor. Per his doctor's orders, Robert Markham regularly consumed VIOXX.

5.     The VIOXX consumed by Robert Markham was designed,

manufactured, tested and/or sold by the defendant MERCK.

6.     As a result of Robert Markham's consumption of the drug VIOXX,

he was caused to suffer a heart attack and sudden death on or about December

5, 2001.

7.     At the time of its sale or distribution and continuing through his date

of death, VIOXX was in a defective condition unreasonably dangerous to Robert

Markham and others in one or more of the following ways:

a)     it was not accompanied by proper warnings regarding all possible
       adverse side effects regarding its use;

b)     adequate testing was not performed that would have shown
       that VIOXX possessed serious potential side effects with
       respect to which full warnings were necessary;

c)     there was no adequate post-marketing warning and instruction;

d)     the foreseeable risks of the use of VIOXX significantly exceeded
       the benefits associated with its design and formulation;

e)     there were inadequate clinical trials, testing and study which would
       have uncovered serious risks associated with the product; and

f)     consumers were unaware that for a small reduction in pain, they
       were risking sudden death, heart attacks, and stroke from the use
       of VIOXX.

8.     One or more of the defects described above was a substantial

factor in causing the death of Robert Markham.

9.     The subject VIOXX designed and sold by MERCK was expected to

and did reach the consumer without substantial change in condition.

10.     The defendant expressly warranted that the subject VIOXX was

safe for its intended uses, including the uses to which it was put by Robert

Markham.

11.     The defendant breached these express warranties.

12.     The breach of these express warranties by the defendants was a

substantial factor in causing the death of Robert Markham as described in this

complaint.

13.     The defendant impliedly warranted that the subject VIOXX was of

merchantable quality.

14.     The defendant breached this implied warranty of merchantability.

15.     The breach of this implied warranty of merchantability by the

defendant was a substantial factor in causing the death of Robert Markham as

described in this complaint.

16.     The defendant was negligent in one or more of the following ways:

a)     it failed to include adequate warnings with the medication that
       would alert the plaintiff's decedent and other consumers to the
       potential risks and serious side effects of VIOXX ingestion;

b)     it failed to include adequate information or warnings with the
       medication that would alert plaintiff to refrain from use of VIOXX
       without first attempting traditional NSAIDs.

c)     it failed to adequately and properly test VIOXX before and after
       placing it on the market;

d)     it failed to conduct sufficient testing on VIOXX;

e)     it failed to warn of the risk of heart attack, stroke, and sudden
       death;

f)     it failed to provide adequate post marketing instructions regarding
       the risks of VIOXX use; and

g)     it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

17.     The negligence of the defendants was a substantial factor in causing the death of Robert Markham as described in this complaint.

18.     As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, Robert Markham suffered a heart attack and sudden death.

19.     As a further result, the plaintiff's decedent was caused to suffer a complete destruction of his earning capacity and his capacity to carry on and enjoy all of life's other activities as well as ante mortem pain and suffering.

## COUNT ELEVEN – MARKHAM - PUNITIVE DAMAGES

1. - 7.  Paragraphs 1. through 7. of Count Ten are hereby incorporated and realleged as paragraphs 1. through 7. of this Count Eleven.

8.     The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

a)     the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact the MERCK and its agents, servants, and employees were aware of those risks;

b)     they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)　　they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)　　they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)　　they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)　　they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

9.　　The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

10.　　As a result of the defendants' reckless disregard of product users, the plaintiff's decedent, Robert Markham has been caused to suffer a heart attack and sudden death.

11.　　As a further result, the plaintiff's decedent was caused to suffer a complete destruction of his earning capacity and his capacity to carry on and enjoy all of life's other activities as well as ante mortem pain and suffering.

## COUNT TWELVE – MARKHAM -CUTPA

1. - 11.　The allegations of paragraphs 1. - 11. of Count Eleven are hereby incorporated and realleged as paragraphs 1. - 11. of this Count Twelve

.　　12.　The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of CUTPA.

13.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 8 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

14.    As a result of the defendants' deceptive acts, the plaintiff's decendent has been caused to suffer a heart attack and sudden death and the other damages alleged above in paragraph 11.

## COUNT THIRTEEN – WILLIE COBB- PRODUCTS LIABILITY

1.    At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.    The defendant MERCK is a Product Seller.

3.    On and for some time before November 2001, the plaintiff Willie Cobb had been prescribed VIOXX by his doctor. Per her doctor's orders, he regularly consumed VIOXX.

4.    The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

5.    As a result of the plaintiff's consumption of the drug VIOXX he was caused to suffer a stroke.

6.      At the time of its sale or distribution and continuing through the date
of his stroke, VIOXX was in a defective condition unreasonably dangerous to the
plaintiff and others in one or more of the following ways:

a)      it was not accompanied by proper warnings regarding all possible
        adverse side effects regarding its use;

b)      adequate testing was not performed that would have shown
        that VIOXX possessed serious potential side effects with
        respect to which full warnings were necessary;

c)      there was no adequate post-marketing warning and instruction;

d)      the foreseeable risks of the use of VIOXX significantly exceeded
        the benefits associated with its design and formulation;

e)      there were inadequate clinical trials, testing and study which would
        have uncovered serious risks associated with the product; and

f)      consumers were unaware that for a small reduction in pain, they
        were risking sudden death, heart attacks, and stroke from the use
        of VIOXX.

7.      One or more of the defects described above was a substantial
factor in causing the injuries to the plaintiff.

8.      The subject VIOXX designed and sold by MERCK was expected to
and did reach the consumer without substantial change in condition.

9.      The defendant expressly warranted that the subject VIOXX was
safe for its intended uses, including the uses to which it was put by the plaintiff.

10.     The defendant breached these express warranties.

11.     The breach of these express warranties by the defendants was a
substantial factor in causing the injuries to the plaintiff as described in this
complaint.

12.     The defendant impliedly warranted that the subject VIOXX was of

merchantable quality.

13.     The defendant breached this implied warranty of merchantability.

14.     The breach of this implied warranty of merchantability by the

defendant was a substantial factor in causing the injuries to the plaintiff as

described in this complaint.

15.     The defendant was negligent in one or more of the following ways:

a)      it failed to include adequate warnings with the medication that
        would alert the plaintiff and other consumers to the potential risks
        and serious side effects of VIOXX ingestion;

b)      it failed to include adequate information or warnings with the
        medication that would alert plaintiff to refrain from use of VIOXX
        without first attempting traditional NSAIDs.

c)      it failed to adequately and properly test VIOXX before and after
        placing it on the market;

d)      it failed to conduct sufficient testing on VIOXX;

e)      it failed to warn of the risk of heart attack, stroke, and sudden
        death;

f)      it failed to provide adequate post marketing instructions regarding
        the risks of VIOXX use; and

g)      it failed to warn that VIOXX should not be used in conjunction with
        other risk factors such as family history of heart disease

16.     The negligence of the defendants was a substantial factor in

causing the injuries to the plaintiff as described in this complaint.

17.     As a result of the defective and unreasonably dangerous condition

of VIOXX and/or the failure to warn of the defective and unreasonably dangerous

nature of VIOXX and/or the breach of express and/or implied warranties and/or

the defendant's negligence, the plaintiff suffered a stroke.

18.     As a further result, the plaintiff was caused to suffer an impairment

of his earning capacity, an impairment of his capacity to carry on and enjoy all of

life's other activities, medical expenses past and future, and pain and suffering

## COUNT FOURTEEN – COBB - PUNITIVE DAMAGES

1. - 6.  Paragraphs 1. through 6. of Count Thirteen are hereby

incorporated and realleged as paragraphs 1. through 6. of this Count Fourteen.

7.     The defendant MERCK acted with reckless disregard for the safety

of users of its product, VIOXX in one or more of the following ways:

a)     the product was not accompanied by proper warnings regarding all
possible adverse side effects regarding its use despite the fact the
MERCK and its agents, servants, and employees were aware of
those risks;

b)     they refused to perform testing that they suspected would
have shown that VIOXX possessed serious potential side
effects with respect to which full warnings were necessary;

c)     they refused to provide adequate post-marketing warning and
instruction despite spending tens of millions of dollars on a direct to
consumer marketing campaign;

d)     they misled the public into believing that the foreseeable risks of the
use of VIOXX were de minimus in relation to the benefits
associated with its' design and formulation;

e)     they failed to perform adequate clinical trials, testing and study
which would have uncovered enormous risks associated with the
product; and

f)     they kept consumers ignorant of the fact that for a small reduction
in pain, they were risking sudden death, heart attacks, and stroke
from the use of VIOXX.

8.     The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.     As a result of the defendants' reckless disregard of product users, the plaintiff has been caused to suffer a stroke.

10.     As a further result, the plaintiff was caused to suffer an impairment of his earning capacity, an impairment of his capacity to carry on and enjoy all of life's other activities, medical expenses past and future, and pain and suffering

## COUNT FIFTEEN –COBB - CUTPA

1. - 10.  The allegations of paragraphs 1. - 10. of Count Fourteen are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Fifteen.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of CUTPA.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.     As a result of the defendants' deceptive acts, the plaintiff has been caused to suffer a stroke and the other damages alleged above in paragraph 10.

## COUNT SIXTEEN – CAROL MALKOWSKI -PRODUCTS LIABILITY

1.     At all times mentioned herein, the defendant MERCK & CO., INC.

("MERCK") was and is a foreign corporations and or entity engaged in the

manufacture and sale of drug products, including VIOXX, within the State of

Connecticut.

2.     The defendant MERCK is a Product Seller.

3.     On and for some time before October 15, 2002, the plaintiff Carol

Malkowski had been prescribed VIOXX by his doctor. Per his doctor's orders,

she regularly consumed VIOXX.

4.     The VIOXX consumed by the plaintiff was designed, manufactured,

tested and/or sold by the defendant MERCK.

5.     As a result of the plaintiff's consumption of the drug VIOXX, she

was caused to suffer a heart attack.

6.     At the time of its sale or distribution and continuing through the date

of her heart attack, VIOXX was in a defective condition unreasonably dangerous

to the plaintiff and others in one or more of the following ways:

   a)     it was not accompanied by proper warnings regarding all possible
          adverse side effects regarding its use;

   b)     adequate testing was not performed that would have shown
          that VIOXX possessed serious potential side effects with
          respect to which full warnings were necessary;

   c)     there was no adequate post-marketing warning and instruction;

   d)     the foreseeable risks of the use of VIOXX significantly exceeded
          the benefits associated with its design and formulation;

   e)     there were inadequate clinical trials, testing and study which would
          have uncovered serious risks associated with the product; and

f)      consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

7.      One or more of the defects described above was a substantial factor in causing the injuries to the plaintiff.

8.      The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

9.      The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

10.     The defendant breached these express warranties.

11.     The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

12.     The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

13.     The defendant breached this implied warranty of merchantability.

14.     The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

15.     The defendant was negligent in one or more of the following ways:

a)      it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)      it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)   it failed to adequately and properly test VIOXX before and after placing it on the market;

d)   it failed to conduct sufficient testing on VIOXX;

e)   it failed to warn of the risk of heart attack, stroke, and sudden death;

f)   it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)   it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

16.   The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

17.   As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered a heart attack.

18.   As a further result, the plaintiff was caused to suffer an impairment of her earning capacity, an impairment of her capacity to carry on and enjoy all of life's other activities, medical expenses past and future, and pain and suffering

## COUNT SEVENTEEN – MALKOWSKI - PUNITIVE DAMAGES

1. - 6.   Paragraphs 1. through 6. of Count Sixteen are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Seventeen.

7.   The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

a)    the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact the MERCK and its agents, servants, and employees were aware of those risks;

b)    they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)    they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)    they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)    they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)    they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.    The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.    As a result of the defendants' reckless disregard of product users, the plaintiff has been caused to suffer a heart attack.

10.    As a further result, the plaintiff was caused to suffer an impairment of her earning capacity, an impairment of her capacity to carry on and enjoy all of life's other activities, medical expenses past and future, and pain and suffering

## COUNT EIGHTEEN – MALKOWSKI - CUTPA

1. - 10.  The allegations of paragraphs 1. - 10. of Count Seventeen are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Eighteen.