UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| This document relates to | * | JUDGE FALLON |
| ROBERT G. SMITH | * | MAG. JUDGE KNOWLES |
| Plaintiff, | * | |
| V. | * | |
| MERCK & CO., INC., | * | |
| Defendant. | * | |
| Civil Action No. 2:05cv04379 | * | |

* * * * * * * * * * * * * * * * * *

## MERCK'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR COSTS

Plaintiff has not overcome the Fifth Circuit's standard applying "a strong presumption that the prevailing party will be awarded costs." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985). All costs for which Merck is seeking recovery were incurred specifically for use at trial as evidence, in preparation for trial, or both. For the reasons set forth below, the costs itemized in Merck's affidavit and supporting documentation should be assessed with the exception of $4,222.95 in costs which are being withdrawn.

### I.    DEPOSITION COSTS

**A.  Deposition Transcript Costs**

Plaintiff does not challenge specifically the award of costs for deposition transcripts for the depositions of anyone other than Dr. Courtade (addressed below). Accordingly, the costs associated with all of those depositions should be assessed.

### B. Additional Costs for Expedited Transcript

Plaintiff challenges the costs associated with the deposition transcript of Dr. Courtade because that transcript was expedited. *See* Plaintiff's Opposition ("Pl. Opp.") at 5. The requested costs are entirely proper under the circumstances of this case. Dr. Courtade, plaintiff's treating cardiologist, was deposed on June 22, 2006. Under the applicable scheduling order, defendant's expert reports were due on July 18, 2006. Thus, an expedited transcript of this key witness was necessary in order to complete expert discovery in an expeditious manner. Moreover, Dr. Courtade's deposition was taken with the intent that it would be played at trial in lieu of his live testimony. An expedited review was necessary to preparing not only for trial but also for the depositions and examinations of other key fact witnesses. Therefore, the entire costs of the transcript should be assessed, including the charge for expedited delivery.

### C. Withdrawn Requests

Plaintiff challenges $1,699.25 in "rough ascii surcharges" (Pl. Opp. at 6), and .$2,755.00 associated with the videotaping of depositions (Pl. Opp. at 5). Merck withdraws these portions of its request for costs.

## II. TRIAL AND HEARING TRANSCRIPTS

Finally, Plaintiff challenges $21,196.72 in costs associated with daily trial and hearing transcripts. *See* Pl. Opp. at 2-4. This Court should award Merck the costs incurred for trial and hearing transcripts because such transcripts were necessarily obtained for use at trial. The fast-paced nature of this trial demanded the use of daily transcripts for preparing for the examinations of live witnesses, jury charge and jury instructions, motions, and closing arguments. Merck's counsel used the daily transcripts, as well as the expedited hearing transcript, for precisely these necessary purposes.

Despite Plaintiff's arguments to the contrary, Fifth Circuit law is clear that costs of daily transcripts may be awarded if the copies were necessarily obtained for use in the case. Before awarding the cost of daily transcripts, "the court must find that they were 'not obtained primarily for the convenience' of the parties but were 'necessarily obtained for use in this case.'" *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994) (upholding award of transcript costs to prevailing party when "necessary to [Defendant's] successful verdict from the jury) (citing *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991)) (other citations omitted). Whether the party in *Holmes* challenged the factual basis of necessity, as Plaintiff points out, is irrelevant to the Fifth Circuit's standard for awarding costs and how this standard applies to this case. Merck's counsel did not obtain daily transcripts for "convenience," but instead relied heavily on the transcripts to prepare jury charge and jury instructions, examinations of live witnesses, motions, and closing arguments. Indeed, it is precisely the "special character of the litigation" in this case that "necessitates expedited receipt of the transcript." *Compare Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991) (analogizing expedited deposition transcript costs to expedited trial transcript costs, and denying award of deposition transcript costs where they were incurred by a party who had *two years* to take the deposition).

### III.  CONCLUSION

For reasons and authorities cited herein, the costs set forth in Merck's Motion for Taxation of Costs (as modified) should be assessed in the amount of $31,444.62.

Dated:  November 21, 2006               Respectfully submitted,


                                        */s/ Dorothy H. Wimberly*
                                        Phillip A. Wittmann, 13625
                                        Dorothy H. Wimberly, 18509
                                        STONE PIGMAN WALTHER WITMAN, LLC
                                        546 Carondelet Street
                                        New Orleans, LA  701310
                                        Phone: 504-581-3200
                                        Fax:    504-581-3361

                                        Defendant's Liaison Counsel

                                        —and—

                                        Philip S. Beck
                                        Carrie A. Jablonski
                                        BARTLITT BECK HERMAN PALENCHAR
                                        & SCOTT LLP
                                        54 W. Hubbard Street, Suite 300
                                        Chicago, IL  60610


                                        Douglas R. Marvin
                                        Robert A. Van Kirk
                                        M. Elaine Horn
                                        WILLIAMS & CONNOLLY LLP
                                        725 Twelfth Street, N.W.
                                        Washington, D.C.  20005
                                        Phone: 202-434-5000
                                        Fax:    202-434-5029

                                        Attorneys for Merck & Co., Inc

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Merck & Co., Inc.'s Reply Memorandum in Support of its Motion for Costs has been served on Liaison Counsel, Russ Herman and Phillip Wittman, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 21st day of November, 2006.

/s/ Dorothy H. Wimberly  
Dorothy H. Wimberly, 18509  
STONE PIGMAN WALTHER WITMAN, LLC  
546 Carondelet Street  
New Orleans, LA  701310  
Phone: 504-581-3200  
Fax:    504-581-3361  
dwimberly@stonepigman.com  

Defendant's Liaison Counsel