UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | VIOXX | : MDL NO. 1657 |
| | PRODUCTS LIABILITY LITIGATION | : SECTION: L |
| | | : |
| | | : JUDGE FALLON |
| | | : MAG. JUDGE KNOWLES |
| THIS DOCUMENT RELATES TO ALL CASES | | : |
| | | : |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..

## NOTICE OF 30(B)(6) DEPOSITION AND DUCES TECUM

PLEASE TAKE NOTICE that pursuant to Rules 26 and 30(B)(6) of the Federal Rules of Civil Procedure, plaintiffs, by and through their undersigned attorneys, the Plaintiffs Steering Committee in the MDL, will take the deposition of the following on the date and time and location indicated below, or at another location mutually agreed upon by the parties. Pursuant to the Federal Rules of Civil Procedure Rule 30(B)(6), you shall designate and produce a designated representative or representatives to testify on the topics identified in the attached Exhibit "A."

Statement of Deposition Procedures - The deposition shall be taken pursuant to Pre-Trial Order No. 9 entered April 15, 2005. The terms of such order are incorporated into this Notice. The deposition will be taken before a person authorized by law to administer oaths, pursuant to Fed. R. Civ. P. 28, and will continue from day-to-day, excluding Sundays and court-recognized holidays, until the examination is completed.

Deponent: American Alternative Insurance Company
Date: December 22, 2006
Time: 2:00 P.M.
Location: Herman, Herman, Katz & Cotlar, LLP
201 St. Charles Avenue, Suite 4310
New Orleans, Louisiana 70170
Primary Examiner: A member of the PSC or its designee
Videotaped: Yes

1

Call-In Number: **(866) 261-4013, I.D. Number 2728103**

Further, pursuant to Fed R. Civ. Pro. 45, the deponent is commanded to produce and permit inspection and copying the documents requested in the attached Exhibit "A" and in the Subpoena for deposition and documents served contemporaneously with this notice

Respectfully submitted:

_____
**RUSS M. HERMAN, T.A. (La. Bar #6819)**
LEONARD A. DAVIS, #14190
HERMAN, HERMAN, KATZ AND COTLAR, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax:    (504) 561-6024

Temporary Address:

Place St. Charles
201 St. Charles Avenue
Suite 4310
New Orleans, LA 70170

**PLAINTIFFS' LIAISON COUNSEL**

| | |
|---|---|
| Richard J. Arsenault, Esq.<br>P.O. Box 1190<br>2220 Bonaventure Court<br>Alexandria, LA 71309-1190<br>PH: (318) 487-9874<br>FAX: (318) 561-2591 | Gerald E. Meunier, Esq.<br>Energy Centre<br>1100 Poydras Street, Suite 2800<br>New Orleans, LA 70163-2800<br>PH: (504) 522-2304<br>FAX: (504) 528-9973 |
| Andy D. Birchfield, Esq. **(Co-Lead Counsel)**<br>P.O. Box 4160<br>234 Commerce Street<br>Montgomery, AL 36103-4160<br>PH: (800) 898-2034<br>FAX: (334) 954-7555 | Troy Rafferty, Esq.<br>316 S. Baylen Street, Suite 400<br>Pensacola, FL 32502<br>PH: (850) 435-7000<br>FAX: (850) 497-7059 |
| Elizabeth Cabraser, Atty.<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Franciso, CA 94111-3339<br>PH: (415) 956-1000<br>FAX: (415-956-1008 | Drew Ranier, Esq.<br>1419 Ryan Street<br>Lake Charles, LA 70601<br>PH: (337) 494-7171<br>FAX: (337) 494-7218 |

| | |
|---|---|
| Thomas Kline, Esq.<br>1525 Locust St.<br>19th Floor<br>Philadelphia, PA 19102<br>PH: (215) 772-1000<br>FAX: (215) 772-1371<br><br>Arnold Levin, Esq.<br>510 Walnut Street<br>Suite 500<br>Philadelphia, PA 19106-3875<br>PH: (215) 592-1500<br>FAX: (215) 592-4663<br><br>Shelly Sanford, Atty.<br>2200 Texaco Heritage Plaza<br>1111 Bagby<br>Houston, TX 77002<br>PH: (713) 650-0022<br>FAX: (713-650-1669 | Mark Robinson, Esq.<br>620 Newport Center Drive<br>7th Floor<br>Newport Beach, CA 92660<br>PH: (949) 720-1288<br>FAX: (949) 720-1292<br><br>Christopher Seeger, Esq. (**Co-Lead Counsel**)<br>One William Street<br>New York, NY 10004<br>PH: (212) 584-0700<br>FAX: (212) 584-0799<br><br>Christopher Vincent Tisi, Esq.<br>2000 L Street, NW<br>Suite 400<br>Washington, DC 20036-4914<br>PH: (202) 783-6400<br>FAX: (307) 733-0028 |

## PLAINTIFFS' STEERING COMMITTEE

## CERTIFICATE OF SERVICE

  I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 22nd day of November, 2006.

Leonard A. Davis (Bar No. 14190)
***Herman, Herman, Katz & Cotlar, LLP***
201 St. Charles Ave., Suite 4310
New Orleans, LA 70170
PH: (504) 581-4892
FAX: (504) 561-6024
ldavis@hhkc.com

## CERTIFICATE OF AUTHENTICITY

BEFORE ME, the Undersigned Notary, personally came and appeared:

_____, after being duly sworn did depose and state the following under oath:

(1) That I am _____, the records Custodian for American Alternative Insurance Company;

(2) I have personal knowledge of the records maintained by American Alternative Insurance Company;

(3) I submit this Certificate of Authenticity verifying that American Alternative Insurance Company, has produced all documents in his possession responsive to the subpoena *duces tecum* propounded by the Plaintiff's Steering Committee in the matter of In re: Vioxx Products Liability Litigation, MDL 1657 (E.D.La.);

(4) I submit that the documents produced in connection with the subpoena *duces tecum* propounded on American Alternative Insurance Company, by the Plaintiff's Steering Committee in the matter of In re: Vioxx Products Liability Litigation, MDL 1657 (E.D.La) are true, accurate and complete copies of all documents maintained by American Alternative Insurance Company;

(5) I submit that the documents produced in connection with the subpoena *duces tecum* propounded on American Alternative Insurance Company, by the Plaintiff's Steering Committee in the matter of In re: Vioxx Products Liability Litigation, MDL 1657 (E.D.La) have been maintained by American Alternative Insurance Company, in the normal course of business;

(6) I submit that American Alternative Insurance Company, has no further documents that are responsive to the subpoena *duces tecum* served by the Plaintiff's Steering Committee on American Alternative Insurance Company, in the matter of In re: Vioxx Products Liability Litigation, MDL 1657 (E.D. La.).

_____
SIGNATURE
Custodian of Records

_____
(Please Print Name)

Sworn to and subscribed before me this _____ day of _____, 2006.

_____
Notary Public

[Notary Seal]

1

2

My Commission Expires: _____

## EXHIBIT "A"

## DEFINITIONS

The following definitions are deemed to be incorporated into each subject and request for documents listed below:

1. "Identify" or "identity" with respect to persons, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

2. "American Alternative" means American Alternative Insurance Company and any of its subsidiaries, affiliates, officers, agents, attorneys, employees, representatives, or others acting on its behalf.

3. "Person" means natural person, as well as corporate and/or governmental entity.

4. "Vioxx" means a nonsteroidal anti-inflammatory drug (NSAID) (whether in the form of rofecoxib tablets or in oral suspension) which belongs to the class of COX-2 inhibitors (rofecoxib), is described chemically as 4-[4-(methylsulfonyl)phenyl]-3-phenyl-2(5H)-furanone, and exhibits anti-inflammatory, analgesic, and antipyretic properties.

5. "Relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "with regard to," "concerning," or "concern" shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these demands, including documents attached to or used in the preparation of or concerning the preparation of the documents.

6. "Or" and "and" will be used interchangeably.

1

7. Unless otherwise indicated, the relevant time period for the information sought is 1995 to present.

8. "Merck" means Merck & Co., Inc. or any of Merck's subsidiaries, affiliates, officers, agents, attorneys, employees, representatives, or others acting on its behalf, including their titles, duties and dates of such responsibility

9. "Claims relating to Vioxx" and/or "vioxx related claims" means any claim for damages, including economic damages (regardless of whether accompanied by physical injury), physical injury, personal injury, wrongful death, and/or medical monitoring, under theory of legal liability, whether consumer protection, products liability, negligence, fraud, or equity, which any claimant has asserted was caused by or is otherwise attributable to the marketing, sale, development, research, and/or ingestion of Vioxx.

10. "Insurance" also means "re-insurance" and/or policies of "re-insurance" and "Insurer" also means "re-insurer."

## Deposition Subject Matter

Pursuant to Rule 30(b)(6), American Alternative shall designate and produce for deposition one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf concerning the following subject matters:

1. The identity of Continental's corporate officers, managers, underwriters, sales personnel, or any other personnel who were and are responsible for the sale and/or underwriting of policies of insurance to Merck, Merck's subsidiaries, and/or other entity with respect to whose policies of insurance Merck and/or Merck subsidiaries appears as an additional named insured, including their titles, duties and dates of such responsibility.

2. Any and all policies of insurance issued by American Alternative to Merck and/or Merck subsidiaries, or as to which Merck and/or Merck subsidiaries are named as additional named insured(s), including:

2

  a. The dates of issue and effective dates of any such policies;

  b. The types of policies (e.g. Commercial General Liability (CGL), Completed Products Hazards, Professional Liability, etc.);

  c. The limits of insurance provided under any such policies;

  d. Any modifications and/or endorsements to any such policies during the policy period;

  e. The time and place of delivery of any such policies.

 3. The identify of Continental's corporate officers, managers, claims handling personnel, or any other personnel, either directly employed by American Alternative or acting on its behalf, who were and are responsible for handling any and all claims relating to Vioxx, including their titles, duties and dates of such responsibility.

 4. Any notification(s) of claims, tender of defenses, and/or requests/claims for indemnity, by Merck, its subsidiaries, and/or anyone acting on behalf of Merck and/or its subsidiaries, to American Alternative with respect to any and all claims relating to Vioxx, including:

  a. the time, place, and manner of notification;

  b. the person(s) providing the notice on behalf of Merck;

  c. any and all ongoing procedures for notifying American Alternative of any such claims after notice of the first such claim;

  d. the identity of any person or person(s) acting on behalf of American Alternative responsible for receiving notice of claims relating to the ingestion of Vioxx.

 5. Any investigation by you or anyone acting on your behalf into any claims relating to Vioxx, including the extent of the investigation; any materials reviewed in the course of any such investigation; the identities of any persons conducting any such investigation; any and all conclusions drawn as a result of any such investigation, including but not limited to any

3

determinations as the availability of coverage.

6. Any determinations on the part of American Alternative and/or anyone acting on behalf of American Alternative with respect to the availability of coverage under any policy issued by American Alternative for any claims relating to Vioxx, including the factual basis for any such determination; the identities of persons employed by you or acting on your behalf who made any such determination; and any communications with Merck its subsidiaries and/or anyone acting on their behalf with respect to any such determination.

7. Any coverage defenses asserted by American Alternative and/or anyone acting on insurer's behalf which American Alternative contends precludes or limits coverage for claims arising from ingestion of Vioxx under any policies issued by American Alternative to Merck and/or its subsidiaries or on which Merck and/or its subsidiaries appear as additional named insured(s), including:

    a. any coverage exclusions and/or endorsements to any such policy which American Alternative asserts acts to bar any such coverage;

    b. any assertion that Merck, its subsidiaries and/or any entity insured under a policy as to which Merck and/or its subsidiaries appears as an additional named insured breached any obligation under the policy, which breach American Alternative contends precludes and/or limits coverage for claims relating to Vioxx;

    c. any assertion that any claims relating to Vioxx do not fall within the scope of coverage afforded by any policy of insurance issued by [insured] to Merck and/or its subsidiaries or as to which Merck and/or its subsidiaries appear as additional named insured(s);

    d. The factual bases for any of the foregoing assertions.

8. The drafting of any and all correspondence between American Alternative and anyone acting on Continental's behalf and Merck, its subsidiaries, and/or anyone acting on

4

behalf of Merck and/or its subsidiaries with respect to the availability of coverage under any policies issued by American Alternative for claims relating to Vioxx, including any "reservation of rights" letters.

9. The identities of any insurance agents and/or brokers (including intermediate or third party brokers) involved in the placement of any policies of insurance issued by American Alternative to Merck and/or its subsidiaries or as to which Merck and/or its subsidiaries appear as additional named insured(s).

10. Any and all communications between American Alternative and/or anyone acting on insurer's behalf and Merck, its subsidiaries, or anyone acting on their behalf with respect to the scope of coverage offered by any policy issued by American Alternative to Merck and/or its subsidiaries or as to which Merck and/or its subsidiaries appear as additional named insured(s), whether such communications occurred before, at the time of, or after placement of any such policies.

11. The identities of any personnel employed by Merck and/or its subsidiaries or acting on their behalf with whom any personnel employed by American Alternative and/or acting on its behalf has dealt or is currently dealing with respect to:

    a. The placement of insurance policies insuring Merck and/or its subsidiaries or as to which Merck and/or its subsidiaries appear as additional named insured(s);

    b. Claims handling with respect to any claims relating to Vioxx;

    c. marketing of policies of insurance, regardless of whether any such policies were actually placed.

12. Any marketing materials, sales brochures, advertisements, and/or sales or marketing manuals issued by American Alternative and/or anyone acting on your behalf with respect to any policies of insurance sold and/or offered for sale to Merck and/or its subsidiaries or any entity insured under policies issued by American Alternative as to which Merck and/or its

5

subsidiaries appear as additional named insured(s).

13. Any and all loss control investigations, site visits, inspections, and/or reports conducted and/or prepared in connection with the issuance of policies of insurance to Merck, its subsidiaries, and/or any entity insured under a policy as to which Merck and/or its subsidiaries appear as an additional named insured, particularly as related to the development, research, sale, distribution, advertisement, and/or marketing of pharmaceutical products, including but not limited to Vioxx. Excluded from this deposition topic are any loss control measures relating to protection of Merck employees from hazards associated with the operations of Merck and/or its subsidiaries (e.g. premises liability, manufacturing hazards, shipping hazards, etc.) Expressly included in the scope of this deposition topic, however, is any such information as it relates to conduct of research studies and protection of human research subjects.

14. Any communications between American Alternative and any state insurance commissioner, state attorney general, and/or any other state insurance regulatory body regarding any policy term(s) which American Alternative contends act to bar and/or limit coverage for claims relating to Vioxx.

15. Insurance coverage which may cover any personal injury claim against Defendant, Merck & Co., Inc. for Vioxx related claims.

16. All polices that may afford Merck coverage for Vioxx related claims.

17. All Vioxx related claims made by or against Merck.

18. All reservation of rights issued in connection with claims made by or against Merck regarding all Vioxx related claims.

19. All insurance arbitrations relating to insurance coverage for any Vioxx related claims.

20. All insurance arbitrations relating to insurance coverage for any Vioxx related settlements.

6

21.   All subpoenas received from the United States Department of Justice for documents relating to Vioxx.

22.   All investigations of Merck by the United States Securities and Exchange Commission.

23.   All investigations by risk management and/or claims handling personnel for American Alternative and/or Merck relating to Vioxx from 1990 to present.

### Request for Production of Documents

Pursuant to Rule 30 & 45 of the American Alternative Rules of Civil Procedure, plaintiffs request that American Alternative produce each of the documents and other things, including writings, drawings, graphs, charts, photographs, electronically created data, and other compilations of data from which information can be obtained, set forth in the attached Schedule of Documents and Other Things. The documents and other things shall be produced for inspection and copying at the office of Herman, Herman, Katz & Cotlar, L.L.P., 201 St. Charles Ave., Suite 4310, New Orleans, LA  70170, at the time and place noted above or as mutually agreed upon or as ordered by the Court.

### Instructions

1.   Each Request refers to documents in the custody, control, and possession of Continental, or known to Continental, as well as in the custody, control, and possession of or known to Continental's counsel, representatives, agents, servants, investigators, and consultants, and unless otherwise privileged, their counsel, employees, representatives, agents, servants, investigators and consultants.

7

2. If any requested document is unavailable, because it was lost or destroyed by American Alternative or its agents, or for any other reason, American Alternative shall, after fully identifying the document, state:

(a) When and where it was destroyed, or why it is otherwise unavailable;

(b) The name and address of each person who destroyed it;

(c) The name and address of each person who directed, approved, or knew of its destruction; and,

(d) The name and address of each person who has knowledge of such document.

3. If there is a claim of privilege with respect to any document requested, the American Alternative shall:

(a) Identify in its Answer each document for which a privilege is claimed;

(b) A description of the document;

(c) The date of the document;

(d) The names of the addressees and addressors;

(e) The identity and address of every person to whom a copy was given or communicated;

(f) The general subject matter of the document;

(g) A statement of the facts constituting the basis for any claim of privilege; and,

(h) The specific basis on which the privilege is claimed.

4. If you cannot produce documents for any other reason, respond to the extent possible, stating your reasons for your inability to respond in full.

5. These Requests shall be deemed continuing, to the full extent required or permitted under the American Alternative Rules of Civil Procedure, so as to require supplementary production when American Alternative obtains access, custody, possession or control of any document not previously produced, which is responsive to any of these Requests.

8

6.  The headings used herein are for guidance and clarity only, and should not be deemed to restrict the scope of any request.

7.  Unless otherwise set forth the relevant time is from the beginning of time until the present.

## Schedule of Documents & Other Things to Be Produced

1.  Any and all policies of insurance issued by American Alternative to Merck and/or Merck subsidiaries, or as to which Merck and/or Merck subsidiaries are named as additional named insured(s) from the year 1990 to the present.

2.  Any and all documents, including but not limited to organizational charts, identifying the person(s) employed by American Alternative or acting on Continental's behalf with responsibility for the sale and/or underwriting of policies of insurance to Merck, Merck's subsidiaries, and/or other entity with respect to whose policies of insurance Merck and/or Merck subsidiaries appears as an additional named insured, including their titles, duties and dates of such responsibility.

3.  Any and all documents, including but not limited to organizational charts, identifying Continental's corporate officers, managers, claims handling personnel, or any other personnel, either directly employed by American Alternative or acting on its behalf, who were and are responsible for handling any and all claims relating to Vioxx, including their titles, duties and dates of such responsibility.

4.  Any and all documents maintained by American Alternative and/or anyone acting on behalf of American Alternative relating to Vioxx.

5.  Any and all documents regarding notification(s) of claims, tender of defenses, and/or requests/claims for indemnity, by Merck, its subsidiaries, and/or anyone acting on behalf

9

of Merck and/or its subsidiaries, to American Alternative with respect to any and all claims relating to Vioxx.

6. Any and all documents regarding any investigation by you or anyone acting on your behalf into any claims relating to Vioxx.

7. Any and all materials reviewed by you and/or anyone acting on your behalf in connection with any investigation into claims relating to Vioxx.

8. Any and all materials considered and/or relied upon by you and/or anyone acting on your behalf in reaching any determination with respect to coverage for claims relating to Vioxx.

9. Any and all documents, including but not limited to reports, memoranda, and/or correspondence reflecting any coverage determinations made by your and/or anyone acting on your behalf with respect to claims relating to Vioxx.

10. Any and all documents which reflect the factual basis for any coverage defenses you intend to assert with respect to claims relating to Vioxx.

11. Any and all documents reflecting correspondence between American Alternative and anyone acting on Continental's behalf and Merck, its subsidiaries, and/or anyone acting on behalf of Merck and/or its subsidiaries with respect to the availability of coverage under any policies issued by American Alternative for claims relating to Vioxx, including any "reservation of rights" letters.

12. Any documents, including organizational charts, relating to the identities of any insurance agents and/or brokers (including intermediate or third party brokers) involved in the placement of any policies of insurance issued by American Alternative to Merck and/or its subsidiaries or as to which Merck and/or its subsidiaries appear as additional named insured(s).

13. Any and all documents reflecting communications between American Alternative and/or anyone acting on Continental's behalf and Merck, its subsidiaries, or anyone acting on

10

their behalf with respect to the scope of coverage offered by any policy issued by American Alternative to Merck and/or its subsidiaries or as to which Merck and/or its subsidiaries appear as additional named insured(s), whether such communications occurred before, at the time of, or after placement of any such policies.

14. Any marketing materials, sales brochures, advertisements, and/or sales or marketing manuals issued by American Alternative and/or anyone acting on your behalf with respect to any policies of insurance sold and/or offered for sale to Merck and/or its subsidiaries or any entity insured under policies issued by American Alternative as to which Merck and/or its subsidiaries appear as additional named insured(s).

15. Any and all underwriting files pertaining to Merck and/or its subsidiaries.

16. Any and all claims files pertaining to claims relating to Vioxx.

17. Any and all marketing files pertaining to the sale of and/or marketing of insurance products to Merck and/or its subsidiaries.

18. Any and all documents pertaining to loss control investigations, site visits, inspections, including any loss control or site inspection reports, conducted in connection with the issuance of policies of insurance to Merck, its subsidiaries, and/or any entity insured under a policy as to which Merck and/or its subsidiaries appear as an additional named insured, particularly as related to the development, research, sale, distribution, advertisement, and/or marketing of pharmaceutical products, including but not limited to Vioxx. Excluded from this request for production are any such documents relating to loss control efforts in connection with protection of Merck employees from hazards associated with the operations of Merck and/or its subsidiaries (e.g. premises liability, manufacturing hazards, shipping hazards, etc.). Expressly included in the scope of this document request, however, are any documents pertaining to any such information as it relates to conduct of research studies and protection of human research subjects.

11

19. Any documents reflecting communications between American Alternative and any state insurance commissioner, state attorney general, and/or any other state insurance regulatory body regarding any policy term(s) which American Alternative contends act to bar and/or limit coverage for claims relating to Vioxx.

20. A curriculum vitae, personal history or other similar document showing positions held by the witness within American Alternative and elsewhere, together with corresponding dates, locations, and responsibilities;

21. All polices that may afford Merck coverage for Vioxx related claims;

22. All Vioxx related claims made by and/or against Merck; and

23. All reservations of rights issued by American Alternative to Merck regarding Vioxx related claims.

24. All materials and documents relating to all insurance arbitrations relating to insurance coverage for any Vioxx related claims.

25. All materials and documents relating to all insurance arbitrations relating to insurance coverage for any Vioxx related settlements.

26. All materials and documents responsive to any and all subpoenas received by American Alternative and/or Merck from the United States Department of Justice for documents relating to Vioxx.

27. All materials and documents relating to any and all investigations of Merck by the United States Securities and Exchange Commission.

28. All documents which identify Risk Managers and/or claims handling personnel for American Alternative and/or Merck relating to Vioxx from 1990 to present.

29. All documents in the possession of Continental's Risk Manager and/or Risk Management Department and/or claims handling personnel relating to Vioxx from 1990 to present.

30. All documents which identify insurers that provide or may provide insurance to cover claims made against Merck relating to Vioxx from 1990 to present.

31. All documents which relate, in any way, to arbitrations, including the results of such arbitrations, between Merck and American Alternative relating in any way to Vioxx related claims.