# EXHIBIT 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                    :   MDL No. 1657

IN RE:  VIOXX PRODUCTS                          (Case Pending in the Eastern District of
        LIABILITY LITIGATION            :   Louisiana)

                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### RESPONSE OF NON-PARTIES JOHN S. MARTIN, JR., MARTIN FREDERIC EVANS AND DEBEVOISE & PLIMPTON LLP TO PLAINTIFFS' SUBPOENA DUCES TECUM

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, John S. Martin, Jr., Martin Frederic Evans and Debevoise & Plimpton LLP (collectively, "Debevoise") respond as follows to the subpoenas duces tecum served upon them on September 15, 2006 (the "Subpoenas").

### GENERAL OBJECTIONS

1.     Debevoise objects to the Subpoenas to the extent that they seeks documents and/or deposition testimony reflecting communications between and among Debevoise and the Board of Directors of Merck & Co., Inc., the Special Committee of the Board of Directors of Merck & Co., Inc., and current and former employees of Merck & Co., Inc. (collectively, "Merck") and/or their respective agents or attorneys on the ground that such communications and documents are protected by the attorney-client privilege.

2.     Debevoise objects to the Subpoenas to the extent that they seek documents and/or deposition testimony relating to work performed or information gathered in the

1

course of its investigation on the ground that such documents are protected by the work product doctrine.

3.  Debevoise objects to the Subpoenas to the extent that they contains requests that are overly broad, unduly burdensome, not reasonably related to the subject matter of the litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

4.  Debevoise objects to the Subpoenas to the extent that the Definitions and Instructions are vague and ambiguous and/or call for conclusions of law. Debevoise further objects to the Instructions the extent that they purport to impose obligations beyond those imposed by Rule 45 of the Federal Rules of Civil Procedure and/or impose obligations that are unreasonable, oppressive, and/or unduly burdensome.

5.  Debevoise further objects to the Subpoenas to the extent that they require production of documents created after September 6, 2006, the date that the final Martin Report was publicly released, on the ground that any such documents are not relevant to the subject matter of the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

6.  Debevoise hereby incorporates the foregoing General Objections into each of its Specific Objections set forth below as though they were set forth fully therein. Each Specific Objection below pertains to the referenced requests in both of the Subpoenas.

## SPECIFIC OBJECTIONS

### Plaintiffs' Request No. 1

1.) Please produce all Documents and Recordings (including witness statements, interviews or memoranda), referring or relating to contacts or communications between Debevoise or John S. Martin, Jr., and any of the following:

   a.) The Merck Board of Directors or its agents employees (including attorneys);

   b.) The Special Committee, including its agents and attorneys;

   b.) Any and all present Merck employees interviewed as identified in the attached Exhibit 3.

   c.) Any and all Former Merck employees denoted in "Exhibit 3" with a "**" next to their names. These witnesses include Marcia Avedon, Gregory Bell, M.D, David Blois, M.D, J. Martin Carroll, Brian Daniels, M.D., Wendy Dixon, M.D, Elliot Ehrich, M.D., Gregory Geba, M.D., Raymond Gilmartin, Bonnie Goldman, M.D., Douglas Greene, M.D., Michael Gresser, M.D., Peter Gruer, M.D., Kevin Horgan, M.D., Jennifer Ng, M.D., Steven Nichtberger, Alan Neis, M.D., Leonard Oppenheimer, M.D., Roger Perlmutter, M.D., Hui Quan, M.D., Scott Reines, M.D., Edward Scholnick, M.D., Elizabeth Seidenberg, M.D., Louis Sherwood, M.D., Steven Snappin, M.D., Reynold Spector, M.D., Kenneth Truitt, M.D., Ellen Westrick, George Willaims, M.D., and John Yates, M.D.

   d.) Any and All persons identified in the Martin Report as an Outside Consultants to Merck and Merck directors that were interviewed and who are denoted in "Exhibit 2" with a "t" next to their names including: John Baron, M.D., David Bjorkman, MD, Lawrence Bossidy, William G. Bowen, M.D., Robert Bresalier, M.D., Desmond Fitzgerald, M.D., Garret FitzGerald, M.D., William N. Kelly, M.D., Marvin Konstam, M.D., John Oates, M.D., Carlo Patrono, M.D., Robert Sandler, M.D., Samuel Their, M.D., Michael Weinblatt, M.D, Scott Zeger, M.D.

   e.) Kenneth Frazier;

3

   f.) Theodore V. H. Mayer or any employee of Hughes Hubbard and Reed.

### Response to Request No. 1

In addition to the General Objections set forth above, Debevoise specifically objects to Request No. 1 to the extent that it requests documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, Debevoise will produce any responsive documents that are not protected by either the attorney-client privilege or work product doctrine.

### Plaintiffs' Request No. 2

2.) Please produce all Documents and Recordings (including witness statements, interviews or memoranda or letters), referring or relating to contacts or communications between Debevoise or John S. Martin, Jr., and any of the following persons (or their agents or attorneys) who you state on page 16 of the Martin report "were not willing to take the time" to talk to John S. Martin or Debevoise, including:

   a.) Carolyn Cannusio, M.D;

   b.) Laura Demopolous, M.D;

   c.) Peter DiBattiste;

   d.) Karen Grosser;

   e.) Eve Slater;

   f.) Rhonda Sperling.

### Response to Request No. 2

In addition to the General Objections set forth above, Debevoise specifically objects to Request No. 2 to the extent that it requests documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections,

4

Debevoise will produce any responsive documents that are not protected by either the attorney-client privilege or work product doctrine.

### Plaintiffs' Request No. 3

3.) Please produce all Documents and Recordings (including witness statements, interviews or memoranda or letters), referring or relating to contacts or communications between Debevoise or John S. Martin, Jr., and any other person about the subject matter of the Martin investigation, including but not limited to any of the following:

   a.) Jerry Avorn, M.D.

   b.) Daniel Solomon, M.D

   c.) Wayne Ray, M.D.

   d.) Theodore MacDonald, M.D.

   e.) David Graham, M.D.

   f.) David Campen, M.D

   g.) James Fries, M.D.

   h.) Andrew Whelton, M.D.

   i.) Peter Juni, M.D.

   j.) Lee Simon, M.D.

   k.) Steven Nissen, MD

   l.) Eric Topol, M.D.

### Response to Request No. 3

In addition to the General Objections set forth above, Debevoise specifically objects to Request No. 3 to the extent that it requests documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections,

5

Debevoise will produce any responsive documents that are not protected by either the attorney-client privilege or work product doctrine.

### Plaintiffs' Request No. 4

4.) Any and all documents or recordings referencing communications with or Communications between Debevoise and the "special counsel" whom the Special Committee retained to review documents that Merck claims are protected by the attorney-client or work-product privilege as referred to in "footnote 6" to the Martin Report.

### Response to Request No. 4

In addition to the General Objections set forth above, Debevoise specifically objects to Request No. 4 to the extent that it requests documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, Debevoise will produce any responsive documents that are not protected by either the attorney-client privilege or work product doctrine.

### Plaintiffs' Request No. 5

5.) Any and all documents or recordings referencing communications with or Communications between Debevoise and any public relations or other similar agency (Including Ogilvy and DDB, and the Media Relations, Public Relations or Affairs department(s) at Merck) concerning the publication of the Martin Report, Vioxx or Merck.

### Response to Request No. 5

In addition to the General Objections set forth above, Debevoise specifically objects to Request No. 5 to the extent that it requests documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections,

6

Debevoise will produce any responsive documents that are not protected by either the attorney-client privilege or work product doctrine.

### Plaintiffs' Request No. 6

6.) Any and all documents or recordings referencing communications with, Communications between Debevoise and any reporter or member of the press concerning Merck, Vioxx or the Martin Repot.

### Response to Request No. 6

In addition to the General Objections set forth above, Debevoise specifically objects to Request No. 6 to the extent that it requests documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, Debevoise will produce any responsive documents that are not protected by either the attorney-client privilege or work product doctrine.

### Plaintiffs' Request No. 7

7.) Any document or recording referring to or relating to the trial beginning on September 11, 2006 entitled *Robert G. Smith v. Merck, Inc* case No 05 CV 4379-L (E.D.La) (Fallon, J), including but not limited to any document which discusses the impact, if any, of the timing of the release of the Martin Report on the conduct of the *Smith* Trial.

### Response to Request No. 7

In addition to the General Objections set forth above, Debevoise specifically objects to Request No. 7 to the extent that it requests documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections,

7

Debevoise will produce any responsive documents that are not protected by either the attorney-client privilege or work product doctrine.

### Plaintiffs' Request No. 8

8.) Any document or recording which refers or relates to the timing of the release of the Martin Report.

### Response to Request No. 8

In addition to the General Objections set forth above, Debevoise specifically objects to Request No. 8 to the extent that it requests documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, Debevoise will produce any responsive documents that are not protected by either the attorney-client privilege or work product doctrine.

### Plaintiffs' Request No. 9

9.) Any and all drafts, edits, reviews, commentaries of the draft Martin report, including any comments or suggestions made by Merck, the Merck Board or directors or Merck's attorneys

### Response to Request No. 9

In addition to the General Objections set forth above, Debevoise specifically objects to Request No. 9 to the extent that it requests documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, Debevoise will produce any responsive documents that are not protected by either the attorney-client privilege or work product doctrine.

### Plaintiffs' Request No. 10

10.) Any and all documents or recordings referring to the retention of Debevoise and/or John S. Martin, Jr. for the Conduct of the investigation leading to the publication of the Martin Report.

### Response to Request No. 10

In addition to the General Objections set forth above, Debevoise specifically objects to Request No. 10 to the extent that it requests documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, Debevoise will produce any responsive documents that are not protected by either the attorney-client privilege or work product doctrine.

### Plaintiffs' Request No. 11

11.) Any and all documents or recordings referring to or relating to any informal meetings or communications between Debevoise and the Special Committee or the Board or any member thereof.

### Response to Request No. 11

In addition to the General Objections set forth above, Debevoise specifically objects to Request No. 11 to the extent that it requests documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, Debevoise will produce any responsive documents that are not protected by either the attorney-client privilege or work product doctrine.

### Plaintiffs' Request No. 12

12.) Any and all documents or recordings referring to or relating to the 23 formal meetings or between Debevoise and the Special Committee as identified in the document entitled "Vioxx Investigation: Outline of Investigative Process" (attached hereto as Exhibit 1) under the subsection entitled "Reporting".

### Response to Request No. 12

In addition to the General Objections set forth above, Debevoise specifically objects to Request No. 12 to the extent that it requests documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, Debevoise will produce any responsive documents that are not protected by either the attorney-client privilege or work product doctrine.

### Plaintiff's Request No. 13

13.) Any and all documents or recordings referring to or relating to the "frequent" meetings between Debevoise and "Dr. Bowen, Chairman of the Special Committee" as identified in the document entitled "Vioxx Investigation: Outline of Investigative Process" (attached hereto as Exhibit 1) under the subsection entitled "Reporting."

### Response to Request No. 13

In addition to the General Objections set forth above, Debevoise specifically objects to Request No. 13 to the extent that it requests documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, Debevoise will produce any responsive documents that are not protected by either the attorney-client privilege or work product doctrine.

### Plaintiffs' Request No. 14

14.) Any and all documents or recordings referring to or relating to the "periodic []" meetings between Debevoise and Drs. Thier and Kelley as identified in the document entitled "Vioxx Investigation: Outline of Investigative Process" (attached hereto as Exhibit 1) under the subsection entitled "Reporting."

### Response to Request No. 14

In addition to the General Objections set forth above, Debevoise specifically objects to Request No. 14 to the extent that it requests documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, Debevoise will produce any responsive documents that are not protected by either the attorney-client privilege or work product doctrine.

### Plaintiffs' Request No. 15

15.) Any and all billing statements submitted by Debevoise to Merck and payments made by Merck to Debevoise for any and all work performed on the Martin Investigation.

### Response to Request No. 15

In addition to the General Objections set forth above, Debevoise specifically objects to Request No. 15 to the extent that it requests documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, Debevoise will produce any responsive documents that are not protected by either the attorney-client privilege or work product doctrine.

11

### Plaintiffs' Request No. 16

16.) Any and all reports of any conflicts-of-interest checks between Debevoise and Merck.

### Response to Request No. 16

In addition to the General Objections set forth above, Debevoise specifically objects to Request No. 16 to the extent that it requests documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, Debevoise will produce any responsive documents that are not protected by either the attorney-client privilege or work product doctrine.

### Plaintiffs' Request No. 17

17.) Any and all documents pertaining to the retention of Debevoise by Merck for any reason for the past ten (10) years, including the retention agreement relating to the Martin report.

### Response to Request No. 17

In addition to the General Objections set forth above, Debevoise specifically objects to Request No. 17 to the extent that it requests documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, Debevoise will produce any responsive documents that are not protected by either the attorney-client privilege or work product doctrine.

### Plaintiffs' Request No. 18

18.) Any and all documents or recordings relating to communications between Debevoise and any consultant or proposed consultant, including R. Wayne Alexander, MD, Nancy L. Buc, Esq., Ralph B. D'Agostino, M.D. and Michael Pencina, MD. concerning the Vioxx investigation.

Response to Request No. 18

In addition to the General Objections set forth above, Debevoise specifically objects to Request No. 18 to the extent that it requests documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, Debevoise will produce any responsive documents that are not protected by either the attorney-client privilege or work product doctrine.

Plaintiffs' Request No. 19

19.) Any and all documents or recordings relating to or referring to the "investigations by the SEC, The DOJ, the FDA and three Congressional Committees" as identified on page 12 of the Martin report. (Note: You may exclude from production all above transcripts of hearings and public documents referred to in those hearings).

Response to Request No. 19

In addition to the General Objections set forth above, Debevoise specifically objects to Request No. 19 to the extent that it requests documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, Debevoise will produce any responsive documents that are not protected by either the attorney-client privilege or work product doctrine.

Plaintiffs' Request No. 20

20.) Any document or recording produced to you in connection with "Government and Congressional subpoenas" that have not been produced in response to requests by civil plaintiffs as referred to on page 12 of the Martin Report.

### Response to Request No. 20

We understand from counsel to Merck that Merck has produced or will be producing to plaintiffs documents that it produced in response to Congressional subpoenas. We further understand that counsel to Merck and plaintiffs' counsel are in the process of addressing plaintiffs' entitlement to other document productions and Debevoise will await the outcome of those discussions before responding.

### Plaintiffs' Request No. 21

21.) Any and all documents and recordings regarding the decision to release the Martin Report to the Shareholders and the Public.

### Response to Request No. 21

In addition to the General Objections set forth above, Debevoise specifically objects to Request No. 21 to the extent that it requests documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections, Debevoise will produce any responsive documents that are not protected by either the attorney-client privilege or work product doctrine.

### Plaintiffs' Request No. 22

22.) Any and all documents or recordings which refer or relate to each of the 27 "allegations" contained in the Martin Report, including any preliminary legal opinions concerning these allegations.

### Response to Request No. 22

In addition to the General Objections set forth above, Debevoise specifically objects to Request No. 22 to the extent that it requests documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding these objections,

Debevoise will produce any responsive documents that are not protected by either the attorney-client privilege or work product doctrine.

*   *   *