# EXHIBIT 9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX PRODUCTS LIABILITY LITIGATION | ) MDL NO. 1657 ) ) SECTION: L ) |
| THIS DOCUMENT RELATES TO ALL CASES | ) JUDGE FALLON ) MAG. JUDGE KNOWLES |

## DECLARATION OF DR. WILLIAM G. BOWEN IN SUPPORT OF MERCK & CO, INC.'S MOTION FOR PROTECTIVE ORDER PROHIBITING DISCOVERY OF ATTORNEY WORK PRODUCT AND PRIVILEGED COMMUNICATIONS RELATED TO THE MARTIN REPORT

WILLIAM G. BOWEN, hereby declares and states as follows:

1. I am a member of the Board of Directors of Merck & Co., Inc. and am Chairman of the Special Committee of the Board of Directors of Merck & Co., Inc. (the "Special Committee") that was established by the Board of Directors in November, 2004 to investigate the conduct of senior management concerning the development and marketing of Vioxx.

2. I submit this Declaration in support of Merck's motion for a protective order and to address, in particular, the Board of Directors' motivation in establishing the Special Committee as well as the mandate of the Special Committee.

3. On October 29, 2004, shortly after Merck voluntarily withdrew Vioxx from the market, the Company received a shareholder demand letter asking the Board to

take legal action against members of senior management involved in the development and marketing of Vioxx.

4. In addition, in the fall of 2004, the Securities and Exchange Commission announced that it was initiating an investigation of Merck's conduct with respect to Vioxx, as did the United States Department of Justice. At the same time, Merck received subpoenas to produce documents and provide testimony in three separate Congressional inquiries.

5. It became clear to me and to the entire Board that in light of the threatened shareholder litigation, pending investigations by regulators and Congress, and the public criticism of management that had given rise to those investigations, the Board needed to investigate the conduct of senior management. It was imperative to me and my colleagues on the Board that the corporate executives responsible for running the Company had acted with integrity and, if they had not, that the Board evaluate whether it should initiate litigation against any members of senior management.

6. At a regularly scheduled meeting of the Merck Board of Directors on November 23, 2004, the Board resolved to form a Special Committee to investigate the allegations made in the shareholder demand letter and the integrity of senior management in connection with the development and marketing of Vioxx.

7. The Special Committee is composed of six outside directors and I serve as Chairman.

8. In December 2004, the Special Committee, on my recommendation, retained The Honorable John S. Martin, Jr. of Debevoise & Plimpton LLP to conduct an

independent and comprehensive investigation of the conduct of senior management concerning the development and marketing of Vioxx, to report to the Special Committee regularly and candidly about their findings, and to provide legal advice to the Special Committee concerning threatened shareholder litigation and on-going regulatory investigations.

9.   Judge Martin's investigation spanned 20 months and he submitted a final report of his conclusions and factual findings to the Special Committee, which the Special Committee, with the full support of the entire Board, publicly released on September 6, 2006.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 13, 2006

*WILLIAM G. BOWEN*

3