UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to all cases | * | |
| | * | MAGISTRATE |
| | * | JUDGE KNOWLES |
| | * | |
| * * * * * * * * * * * * * * * * * * * | | |

**MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER
REGARDING THE TRIAL PRESERVATION DEPOSITION OF DR. STEVEN NISSEN**

Defendant Merck & Co., Inc. ("Merck") respectfully moves for a protective order prohibiting the trial preservation deposition of plaintiffs' expert Steven Nissen, M.D. from going forward in Cleveland, Ohio on December 12, 2006 – a date on which Merck's lead trial counsel, Mr. Philip Beck, will be in New Orleans, serving as the company's lead counsel in the *Dedrick v. Merck* trial. Although Merck has explained to the PSC that it would like Mr. Beck to cross-examine Dr. Nissen at his deposition, plaintiffs have refused to provide another date for the deposition.

Dr. Nissen's testimony is of obvious importance to this litigation, given that it may be played at many MDL trials in the future. Moreover, plaintiff would not be unduly burdened were the date of the deposition to be moved. Because Mr. Beck cannot be in two places at one time, "good cause" exists for the Court to order plaintiffs to schedule the deposition at a time that is mutually convenient to the parties.

840664v.1

**FACTUAL BACKGROUND**

On October 12, 2006, the PSC orally informed Merck's counsel that it intended to depose Dr. Steven Nissen, one of plaintiffs' expert witnesses, on December 12, 2006.  In response, Merck informed plaintiffs that Mr. Beck intended to cross-examine Dr. Nissen at his deposition but would not be able to attend an December 12 in light of the *Dedrick* trial.  (*See* Oct. 13, 2006 E-mail from T. Mayer to C. Tisi (attached as Ex. A).)  At that time, Merck requested that the deposition be postponed to a mutually agreeable date after the likely end of the *Dedrick* trial.  (*Id*.)  However, plaintiffs' counsel indicated that they were unable to accommodate Merck's request because of Dr. Nissen's schedule.  (*See* Oct. 13, 2006 E-mail from C. Tisi to T. Mayer (attached as Ex. B).)  Plaintiffs further stated that the only alternative date on which Dr. Nissan would be available is December 4th, which would also coincide with the *Dedrick* trial.  (*Id*.)  According to the PSC, Dr. Nissen would not be available for deposition on any other dates until April 2007.  (*Id*.)

On October 31, 2006, plaintiffs formally noticed Dr. Nissen's preservation deposition for December 12th in Cleveland, Ohio.  After receiving this notice, Merck again informed plaintiffs' counsel that December 12th was unworkable in light of the *Dedrick* trial.  (*See* Nov. 13, 2006 E-mail from T. Mayer to C. Tisi (attached as Ex. C).)  At that time, plaintiffs' counsel reiterated that, aside from December 4th and December 12th, Dr. Nissen would not be available for deposition until April 2007 and that plaintiffs were "unwilling to wait that long."  (*See* Nov. 13, 2006 E-mail from C. Tisi to T. Mayer (attached as Ex. D).)  Merck respectfully requests that the Court intercede and require plaintiffs to provide a date for this deposition that is convenient for both parties.

**ARGUMENT**

Under the pre-trial orders that govern this MDL proceeding, Merck is entitled to have counsel of its choice conduct Dr. Nissen's cross-examination. (*See* Pre-Trial Order No. 9 (Amended) at 3 ("Questioning should ordinarily be by only one attorney for all Plaintiffs and one attorney for all Defendants in MDL No. 1657, ***designated by Lead Counsel or by Liaison Counsel for each side***." (emphasis added)).) Mr. Beck, who has served as Merck's lead trial counsel in all MDL trials to date, is the attorney Merck has designated for the task of cross-examining Dr. Nissen at his deposition. To deprive Merck of its choice of examining attorney without substantial justification would impose an "undue burden" on Merck – especially given the importance of this (and, indeed, any) trial preservation deposition. *See* FED. R. CIV. P. 26(c) (authorizing the Court to make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"). On the other hand, plaintiffs would not be prejudiced if the date of the deposition were changed to permit Mr. Beck's participation. *See In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation*, 669 F.2d 620, 624 (10th Cir. 1982) (in a case upholding the lower court's protective order regarding a subpoena *duces tecum*, noting that "the appropriate balancing test" concerns "the burden imposed upon the responding party if a protective order is not granted as compared with the burden imposed upon the requesting party if a protective order imposing conditions is granted").

As an initial matter, plaintiffs' counsel has offered no evidence that there truly is no other date between the end of the *Dedrick* trial and April 2007 on which Dr. Nissen would be available to sit for a deposition in Cleveland, the city where he lives and works. Moreover, even if there really is no other available date in the next few months, the parties could postpone Dr. Nissen's

preservation deposition until April of next year, when Dr. Nissen and all counsel have stated that they are available. While plaintiffs have argued that they are "unwilling to wait that long," they have stated no reason why such a delay would be prejudicial. Because there are no cases other than *Dedrick* scheduled for trial in the MDL before April 2007, postponing Dr. Nissen's deposition until that time would not prejudice plaintiffs' ability to present their case at trial.

## CONCLUSION

Plaintiffs have offered no legitimate justification for their insistence that Dr. Nissen's deposition take place during the *Dedrick* trial and that Merck's lead MDL trial counsel be deprived the opportunity to represent Merck at that deposition and examine the deponent. For the foregoing reasons, Merck respectfully requests that the Court grant its motion for a protective order and require the PSC to reschedule the deposition on a mutually convenient date.

Dated: November 22, 2006                                     Respectfully submitted,


*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Tarek Ismail
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:      312-494-4440

John Beisner
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, DC 20006
Phone: 202-383-5300
Fax:    202-383-5414

And

Douglas Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Phone: 202-434-5000
Fax:    202-434-5029

Attorneys for Merck & Co., Inc.

840664v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum in Support of Motion for a Protective Order Regarding the Trial Preservation Deposition of Dr. Steven Nissen has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 22nd day of November, 2006.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

840664v.1