IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2006 NOV 17 AM 10: 11
LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| JOHN OCHOA, | § | |
| Plaintiff | § | |
| | § | 2:05-md-01657-EEF-DEK |
| v. | § | 2:06-cv-01048-EEF-DEK |
| | § | |
| MERCK & CO., INC., *et al.*, | § | |
| Defendants | § | |

## DEFENDANT ANKUR SARKAR, M.D.'S
## MOTION TO DISMISS WITH PREJUDICE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Ankur Sarkar, M.D., one of the defendants in this case, and files this motion to dismiss with prejudice plaintiff's claims and causes of action against him, for plaintiff's failure to comply with Tex. Civ. Prac. & Rem. Code §74.351, and in support thereof would respectfully show unto this Honorable court as follows:

**I.**

1. Plaintiff filed this action against defendants alleging personal injuries and damages from plaintiff's ingestion of VIOXX. Plaintiff alleged that defendant Merck designed, manufactured, marketed, distributed, sold or otherwise placed VIOXX into the stream of commerce, and that Dr. Sarkar prescribed the medication to him. Plaintiff's claim against Dr. Sarkar is a "health care liability claim," as defined under Tex. Civ. Prac. & Rem. Code §74.001(a)(13).

**II.**

2. Section 74.351 of the Texas Civil Practices & Remedies Code provides that "a claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

claim is asserted." Plaintiff filed his petition on October 21, 2005, and his expert report, then, became due on or before February 20, 2006.

3. In late December 2005, defendant Merck removed this case to the United States District Court for the Southern District of Texas. On February 3, 2006, the Honorable Nancy F. Atlas issued a stay of all proceedings pending a transfer decision by the judicial panel on multidistrict litigation. Therefore, to the extent that this stay interrupted the running of plaintiff's deadline for complying with the provisions of the Medical Liability Act, then eighteen days remained in such period. Per the terms of Judge Atlas' order, the stay and administrative closing of the file was effective until the case's transfer into the MDL.

4. This Honorable judicial panel has transferred this case into this MDL. Per the terms of this transfer order, it became effective upon its filing in the office of the Clerk of the United States District Court for the Eastern District of Louisiana, which such filing occurred on February 27, 2006. Therefore, to the extent that eighteen days remained in the running of plaintiff's deadline to file his expert report, such deadline then expired on March 17, 2006. To this date, plaintiff has not complied with §74.351 by filing or serving an expert report regarding Dr. Sarkar, nor has plaintiff received (nor requested) an extension of the deadline, as allowed by §74.351(a). Further, plaintiff is not entitled to an extension under §74.351(c), because no report has been filed at all. *See Valley Baptist Medical Center v. Acia*, 198 S.W.3d 810 (Tex. App. – Corpus Christi 2006, no pet. history).

5. Section 74.351(b) provides that "if, as to a defendant physician or health care provider, an expert report has not been served within the period specified by subsection (a), the court, on the motion of the affected physician or health care provider, shall . . . enter an order that: (1) awards to the affected physician or health care provider reasonable attorneys' fees and costs of court incurred by the physician or health care provider; and (2) dismisses the claim with respect

to the physician or health care provider, with prejudice to the refiling of the claim. Plaintiff's deadline to serve this expert report has expired, and defendant Ankur Sarkar, M.D. herein seeks the dismissal required by the Texas' substantive law.

WHEREFORE, PREMISES CONSIDERED, defendant, Ankur Sarkar, M.D., respectfully requests that his Honorable court grant this motion to dismiss, that this court order that plaintiff's claims and causes of action against defendant, Ankur Sarkar, M.D. be dismissed with prejudice, and for such other and further relief to which Dr. Sarkar may show himself to be justly entitled.

Respectfully submitted,

KAROTKIN & ASSOCIATES

By: _____
Philip A. Sellers
State Bar No. 18015400
Fed ID No. 21116
3555 Timmons Lane, Suite 850
Houston, Texas 77027
Tel: (713) 963-0533
Fax: (713) 963-0544

**ATTORNEY-IN-CHARGE FOR DEFENDANT, ANKUR SARKAR, M.D.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this __13__ day of November, 2006.

_____
Philip A. Sellers