UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | * * * * * * * * * * * | MDL No. 1657<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE DANIEL E. KNOWLES, III |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Terry Cook, et al. v. Merck & Co., Inc.*, Case No. 06-6643.

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), improperly identified in the Complaint as "Merck & Company, Inc.," by and through its undersigned counsel, answers the Plaintiffs' Original Complaint ("Complaint") as follows:

## RESPONSE TO COMPLAINT

### RESPONSE TO
### PARTIES – PLAINTIFF"

1.      Denies each and every allegation contained in the first, second, fourth, and sixth sentences of paragraph 1 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the third and fifth sentences of paragraph 1 of the Complaint.

2.      Denies each and every allegation contained in the first, second, fourth, and sixth sentences of paragraph 2 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the third and fifth sentences of paragraph 2 of the Complaint.

3.      Denies each and every allegation contained in the first, second, fourth, and sixth sentences of paragraph 3 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the third and fifth sentences of paragraph 3 of the Complaint.

4.      Denies each and every allegation contained in the first, second, fourth, and sixth sentences of paragraph 4 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the third and fifth sentences of paragraph 4 of the Complaint.

5.      Denies each and every allegation contained in the first and third sentences of paragraph 5 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second sentence of paragraph 5 of the Complaint.

6.      Denies each and every allegation contained in the first, second, fourth, and sixth sentences of paragraph 6 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the third and fifth sentences of paragraph 6 of the Complaint.

## RESPONSE TO
## "PARTIES – DEFENDANT"

7.      Denies each and every allegation contained in paragraph 7 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of

business at One Merck Drive, Whitehouse Station, New Jersey, is authorized to do business in Texas, Arkansas, and Missouri.

8.      Denies each and every allegation contained in paragraph 8 of the Complaint, except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health, and that Merck manufactured, marketed and distributed the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

9.      The allegations contained in paragraph 9 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 9 of the Complaint, except admits that there is a multidistrict litigation ("MDL") related to the prescription medicine Vioxx, and that the MDL Court has issued Orders relating to consolidation and venue, and respectfully refers the Court to the referenced Orders for their actual content and full effect.

10.     Admits the allegation contained in paragraph 10 of the Complaint that the MDL related to the prescription medicine Vioxx is entitled *In Re: Vioxx Products Liability Litigation*, MDL No. 1657.

11.     Denies each and every allegation contained in paragraph 11 of the Complaint, except admits that Merck may be served as allowed by applicable federal and/or state law, which in MDL No. 1657 includes the procedures outlined in Pre-Trial Order No. 15 issued by Judge Fallon on May 31, 2005, and respectfully refers the Court to that Order for its actual content and full effect.

**RESPONSE TO**
**"JURISDICTION AND VENUE"**

12.     The allegations contained in paragraph 12 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 12 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

13.     Admits the allegation contained in paragraph 13 of the Complaint that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

14.     Denies each and every allegation contained in paragraph 14 of the Complaint, except admits that Merck is authorized to do business in Texas, Arkansas, and Missouri.

15.     Denies each and every allegation contained in paragraph 15 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck is authorized to do business in Texas, Arkansas, and Missouri.

16.     The allegations contained in paragraph 16 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 16 of the Complaint, except admits that the MDL Court issued Pretrial Order No. 11 on May 18, 2005, and respectfully refers the Court to that Order for its actual content and full effect.

17.     Denies each and every allegation contained in paragraph 17 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

18.     Denies each and every allegation contained in paragraph 18 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

19.     Denies each and every allegation contained in paragraph 19 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

20.     Denies each and every allegation contained in paragraph 20 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

22.     Denies each and every allegation contained in paragraph 22 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

28.     The allegations contained in paragraph 28 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 28 of the Complaint, except admits that Plaintiffs purport to state a claim in excess of $75,000 but denies that there is any legal or factual basis for such relief.

### RESPONSE TO
### "COMMON FACTUAL ALLEGATIONS"

29.     Denies each and every allegation contained in paragraph 29 of the Complaint, except admits that Vioxx is part of a class of drugs known as non-steroidal anti-inflammatory medications ("NSAIDs"), and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").  Merck further admits that Vioxx is the brand name for rofecoxib.

30.     Denies each and every allegation contained in paragraph 30 of the Complaint, except admits that on November 23, 1998 Merck submitted a New Drug Application ("NDA") for Vioxx 12.5 mg. and Vioxx 25 mg. tablets and respectfully refers the Court to said NDA for its actual language and full text.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint, except admits that on November 23, 1998 Merck submitted a NDA for Vioxx Oral Suspension and respectfully refers the Court to said NDA for its actual language and full text.

32.     Denies each and every allegation contained in paragraph 32 of the Complaint, except admits that in May 1999 Merck received U.S. Food & Drug Administration ("FDA") approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to said prescribing information for its actual language and full text.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx worldwide sales in 2003 exceeded $2 billion.

34.     Denies each and every allegation contained in paragraph 34 of the Complaint, except admits that in March 2000 Merck forwarded to the FDA the Vioxx Gastrointestinal Outcomes Research ("VIGOR") study and subsequently, in June 2000, filed a supplemental New Drug Application ("sNDA") that included the VIGOR study.   Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.

35.     Denies each and every allegation contained in paragraph 35 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers

the Court to the referenced study for its actual language and full text.  Merck further admits that, as required by the FDA when they approved the design of the VIGOR study, patients in the Vioxx arm of said study were administered a dosage of 50 mg daily, and that patients who were being treated with aspirin were excluded from the study.

36.    Denies each and every allegation contained in paragraph 36 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual language and full text.

37.    Denies each and every allegation contained in paragraph 37 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual language and full text.

38.    Denies each and every allegation contained in paragraph 38 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to said study for its actual conclusions and full text.  Merck further avers that patients administered rofecoxib (Vioxx) in the referenced study experienced significantly reduced pain at night compared to patients administered celecoxib and acetaminophen (Tylenol).

39.    Denies each and every allegation contained in paragraph 39 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to said study for its actual conclusions and full text.

40.    Denies each and every allegation contained in paragraph 40 of the Complaint, except admits the referenced study exists, that Plaintiffs appear to have accurately quoted Dr. Whelton, and respectfully refers the Court to the referenced study and presentation for their actual language and full text.

41.     Denies each and every allegation contained in paragraph 41 of the Complaint, except admits that the referenced study and publication exist and respectfully refers the Court to said study and publication for their actual language and full text.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint, except admits that Peter Holt conducted certain audio conferences pertaining to Vioxx.

43.     Denies each and every allegation contained in paragraph 43 of the Complaint, except admits that Merck received a letter dated December 16, 1999 from Spencer Salis of DDMAC and respectfully refers the Court to the referenced letter for its actual language and full text.

44.     Denies each and every allegation contained in paragraph 44 of the Complaint.

45.     Denies each and every allegation contained in paragraph 45 of the Complaint, except admits that audio conferences regarding Vioxx took place in June 2000. Merck further admits that it received a letter from Thomas W. Abrams of DDMAC in September 2001, from which Plaintiffs appear to quote, and respectfully refers the Court to said letter for its actual language and full context.

46.     Denies each and every allegation contained in paragraph 46 of the Complaint, except admits that on December 12, 2000 Merck received a letter from an FDA regulatory officer and respectfully refers the Court to that letter for its actual language and full text.

47.     Denies each and every allegation contained in paragraph 47 of the Complaint, except admits that on January 5, 2001 Merck sent a letter to the FDA and respectfully refers the Court to that letter for its actual language and full text.

48.     Denies each and every allegation contained in paragraph 48 of the Complaint, except admits the existence of the referenced memorandum dated February 1, 2001, and respectfully refers the Court to said memorandum for its actual language and full text.

49.     Denies each and every allegation contained in paragraph 49 of the Complaint, except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.  Merck further admits Dr. Claire Bombardier was an author on the referenced publication and a co-chair of the steering committee for Vioxx.

50.     Denies each and every allegation contained in paragraph 50 of the Complaint.

51.     Denies each and every allegation contained in paragraph 51 of the Complaint.

52.     Denies each and every allegation contained in paragraph 52 of the Complaint, except admits that Merck issued a press release on May 22, 2001 and respectfully refers the Court to the referenced press release for its actual language and full text.  Merck further admits that in September 2001 Merck received a letter from the DDMAC, from which Plaintiffs purport to quote, and respectfully refers the Court to that letter for its actual language and full text.

53.     Denies each and every allegation contained in paragraph 53 of the Complaint, except admits the existence of the referenced publication and the article contained

therein and respectfully refers the Court to the referenced publication for its actual language and full text.

54.     Denies each and every allegation contained in paragraph 54 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

55.     Denies each and every allegation contained in paragraph 55 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to said study for its actual conclusions and full text.

56.     Denies each and every allegation contained in paragraph 56 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

57.     Denies each and every allegation contained in paragraph 57 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

58.     Denies each and every allegation contained in paragraph 58 of the Complaint, except admits the existence of the referenced journal and the article contained therein, and respectfully refers the Court to the referenced publication for its actual language and full text.

59.     Denies each and every allegation contained in paragraph 59 of the Complaint, except admits the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

60.     Denies each and every allegation contained in paragraph 60 of the Complaint, except admits the existence of the referenced journal and the article contained therein, and respectfully refers the Court to the referenced publication for its actual language and full text.

61.     Denies each and every allegation contained in paragraph 61 of the Complaint, except admits the existence of the referenced journal and the article contained therein, and respectfully refers the Court to the referenced publication for its actual language and full text.

62.     Denies each and every allegation contained in paragraph 62 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

63.     Denies each and every allegation contained in paragraph 63 of the Complaint, except admits the existence of the referenced journal and the article contained therein, and respectfully refers the Court to the referenced publication for its actual language and full text.

64.     Denies each and every allegation contained in paragraph 64 of the Complaint, except admits the existence of the referenced journal and the article contained therein, and respectfully refers the Court to the referenced publication for its actual language and full text.

65.     Denies each and every allegation contained in paragraph 65 of the Complaint, except admits that the referenced presentation and study exist and respectfully refers the Court to said presentation and study for their actual language and full text.

66.     Denies each and every allegation contained in paragraph 66 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to said study for its actual conclusions and full text.

67.     Denies each and every allegation contained in paragraph 67 of the Complaint, except admits that the referenced press release exists and respectfully refers the Court to said press release for its actual language and full text.

68.     Denies each and every allegation contained in paragraph 68 of the Complaint, except admits that on September 27, 2004 Merck contacted the FDA and advised the FDA that the APPROVe clinical trial had been halted.

69.     Denies each and every allegation contained in paragraph 69 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to said study for its actual conclusions and full text.

70.     Denies each and every allegation contained in paragraph 70 of the Complaint, except admits that in a prospective, randomized, placebo controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in patients taking Vioxx compared with those taking placebo and that, given the availability of alternative therapies and questions raided by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interest of patients.

71.     Denies each and every allegation contained in paragraph 71 of the Complaint, except admits that on September 28, 2004 Merck informed FDA officials of Merck's decision to voluntarily withdraw Vioxx from the worldwide market.

72.     Denies each and every allegation contained in paragraph 72 of the Complaint, except admits that on September 30, 2004 Merck announced the voluntary

worldwide withdrawal of Vioxx and respectfully refers the Court to the referenced announcement for its actual language and full text. Merck further avers that on September 30, 2004, the FDA "acknowledged" Merck's voluntary withdrawal of Vioxx and respectfully refers the Court to the FDA's September 30, 2004 announcement.

73.     Denies each and every allegation contained in paragraph 73 of the Complaint and respectfully refers the Court to the transcript of the referenced hearing for Dr. Graham's actual language and conclusions.

74.     Denies each and every allegation contained in paragraph 74 of the Complaint.

**RESPONSE TO
"COUNT ONE:  NEGLIGENCE"**

75.     With respect to the allegations contained in paragraph 75 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 74 of this Answer with the same force and effect as though set forth here in full.

76.     Denies each and every allegation contained in paragraph 76 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

77.     The allegations contained in paragraph 77 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

78.    Denies each and every allegation contained in paragraph 78 of the Complaint, including its subparts a through i, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

79.    Denies each and every allegation contained in paragraph 79 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

80.    Denies each and every allegation contained in the first sentence of paragraph 80 of the Complaint.  The allegations contained in the second, third, and fourth sentences of paragraph 80 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the second, third, and fourth sentences of paragraph 80 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.  Merck further denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

### RESPONSE TO
### "COUNT TWO:  NEGLIGENCE *PER SE*"

81.    With respect to the allegations contained in paragraph 81 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 80 of this Answer with the same force and effect as though set forth here in full.

82.    The allegations contained in paragraph 82 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 82 of the Complaint.

83.     The allegations contained in paragraph 83 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 83 of the Complaint.

84.     The allegations contained in the first sentence of paragraph 84 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of paragraph 84 of the Complaint.  Merck denies each and every allegation contained in the second sentence of paragraph 84 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

85.     The allegations contained in the first sentence of paragraph 85 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of paragraph 85 of the Complaint.  Merck denies each and every allegation contained in the second sentence of paragraph 85 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

86.     The allegations contained in the first sentence of paragraph 86 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of paragraph 86 of the Complaint.  Merck denies each and every allegation contained in the second sentence of paragraph 86 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

87.     Denies each and every allegation contained in paragraph 87 of the Complaint, except admits that Plaintiffs purport to seek compensatory and punitive damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "COUNT THREE:
### STRICT PRODUCT LIABILITY – DEFECTIVE PRODUCT"

88.     With respect to the allegations contained in paragraph 88 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 87 of this Answer with the same force and effect as though set forth here in full.

89.     The allegations contained in the first sentence of paragraph 89 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of paragraph 89 of the Complaint.  Merck denies each and every allegation contained in the second sentence of paragraph 89 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

90.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 90 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 90 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

91.     Denies each and every allegation contained in paragraph 91 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

92.     The allegations contained in paragraph 92 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 92 of the Complaint.

93.     Denies each and every allegation contained in paragraph 93 of the Complaint, including its subparts a through f, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further avers that the FDA approved Vioxx as safe and effective for certain indicated uses subject to the information provided in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

94.     The allegations contained in the first sentence of paragraph 94 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of paragraph 94 of the Complaint.  Merck denies each and every allegation contained in the second and third sentences of paragraph 94 of the Complaint.

95.     Denies each and every allegation contained in paragraph 95 of the Complaint, except admits that Plaintiffs purport to seek compensatory and punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT FOUR:
## STRICT PRODUCTS LIABILITY – FAILURE TO WARN"

96.     With respect to the allegations contained in paragraph 96 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 95 of this Answer with the same force and effect as though set forth here in full.

97.     Denies each and every allegation contained in paragraph 97 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.   Merck further repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 96 of this Answer with the same force and effect as though set forth here in full.

98.     Denies each and every allegation contained in the first and second sentences of paragraph 98 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.   Merck denies each and every allegation contained in the third sentence of paragraph 98 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

99.     Denies each and every allegation contained in paragraph 99 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on

September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

100.    Denies each and every allegation contained in paragraph 100 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

101.    Denies each and every allegation contained in paragraph 101 of the Complaint.

102.    The allegations contained in the first sentence of paragraph 102 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of paragraph 102 of the Complaint.  Merck denies each and every allegation contained in the second and third sentences of paragraph 102 of the Complaint.

103.    The allegations contained in paragraph 103 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 103 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 103 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information provided in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

104.    Denies each and every allegation contained in paragraph 104 of the Complaint, except admits that Plaintiffs purport to seek compensatory and punitive damages but denies that there is any legal or factual basis for such relief.

**RESPONSE TO**
**"COUNT FIVE:  BREACH OF EXPRESS WARRANTY"**

105.    With respect to the allegations contained in paragraph 105 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 104 of this Answer with the same force and effect as though set forth here in full.

106.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 106 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 106 of the Complaint.

107.    Denies each and every allegation contained in paragraph 107 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information provided in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

108.    Denies each and every allegation contained in paragraph 108 of the Complaint, except admits that Plaintiffs purport to seek compensatory and punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "COUNT SIX:  BREACH OF IMPLIED WARRANTIES"

109.   With respect to the allegations contained in paragraph 109 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 108 of this Answer with the same force and effect as though set forth here in full.

110.   The allegations contained in the first sentence of paragraph 110 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of paragraph 110 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information provided in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.  Merck denies each and every allegation contained in the second sentence of paragraph 110 of the Complaint.

111.   Denies each and every allegation contained in paragraph 111 of the Complaint, except admits that Plaintiffs purport to seek compensatory and punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT SEVEN:
## MISREPRESENTATION AND SUPPRESSION BY DEFENDANT"

112.   With respect to the allegations contained in paragraph 112 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 111 of this Answer with the same force and effect as though set forth here in full.

113.    Denies each and every allegation contained in paragraph 113 of the Complaint, except admits that Merck marketed Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information provided in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

114.    Denies each and every allegation contained in paragraph 114 of the Complaint, including its subparts a through f.

115.    Denies each and every allegation contained in paragraph 115 of the Complaint.

116.    Denies each and every allegation contained in paragraph 116 of the Complaint.

117.    Denies each and every allegation contained in paragraph 117 of the Complaint.

118.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 118 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 118 of the Complaint.

119.    Denies each and every allegation contained in paragraph 119 of the Complaint.

120.    The allegations contained in paragraph 120 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

121.    The allegations contained in paragraph 121 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 121 of the Complaint.

122.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 122 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 122 of the Complaint.

123.    Denies each and every allegation contained in paragraph 123 of the Complaint, except admits that Plaintiffs purport to seek compensatory and punitive damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "COUNT EIGHT: NEGLIGENT MISREPRESENTATION BY DEFENDANT"

124.    With respect to the allegations contained in paragraph 124 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 123 of this Answer with the same force and effect as though set forth here in full.

125.    Denies each and every allegation contained in paragraph 125 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information provided in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

126.    The allegations contained in paragraph 126 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed

required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

127.    Denies each and every allegation contained in paragraph 127 of the Complaint.

128.    Denies each and every allegation contained in paragraph 128 of the Complaint, except admits that Plaintiffs purport to seek compensatory punitive damages but denies that there is any legal or factual basis for such relief.

**RESPONSE TO**
**"COUNT NINE:  ACTUAL AND CONSTRUCTIVE FRAUD"**

129.    With respect to the allegations contained in paragraph 129 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 128 of this Answer with the same force and effect as though set forth here in full.

130.    The allegations contained in paragraph 130 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 130 of the Complaint. Merck further repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 112 through 123 of this Answer with the same force and effect as though set forth here in full.

131.    Denies each and every allegation contained in paragraph 131 of the Complaint.

132.    Denies each and every allegation contained in paragraph 132 of the Complaint, and further repeats and realleges each and every admission, denial, averment, and

statement contained in paragraphs 112 through 123 of this Answer with the same force and effect as though set forth here in full.

133.    The allegations contained in paragraph 133 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 133 of the Complaint.

134.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 134 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 134 of the Complaint.

135.    The allegations contained in paragraph 135 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 135 of the Complaint, and further denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

136.    The allegations contained in paragraph 136 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 136 of the Complaint.

137.    Denies each and every allegation contained in paragraph 137 of the Complaint, except admits that Plaintiffs purport to seek compensatory and punitive damages but denies that there is any legal or factual basis for such relief.

**RESPONSE TO**
**"COUNT TEN:  BATTERY"**

138.    With respect to the allegations contained in paragraph 138 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement

contained in paragraphs 1 through 137 of this Answer with the same force and effect as though set forth here in full.

139.    Denies each and every allegation contained in the first and second sentences of paragraph 139 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in the third sentence of paragraph 139 of the Complaint, and denies each and every allegation directed towards Merck in the third sentence of paragraph 139 of the Complaint.

140.    Denies each and every allegation contained in paragraph 140 of the Complaint, except admits that Plaintiffs purport to seek compensatory and punitive damages but denies that there is any legal or factual basis for such relief.

<b>RESPONSE TO "COUNT ELEVEN:<br><u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS"</u></b>

141.    With respect to the allegations contained in paragraph 141 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 140 of this Answer with the same force and effect as though set forth here in full.

142.    Denies each and every allegation contained in paragraph 142 of the Complaint, and further repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 140 of this Answer with the same force and effect as though set forth here in full.

143.    Denies each and every allegation contained in paragraph 143 of the Complaint, except admits that Plaintiffs purport to seek compensatory and punitive damages but

denies that there is any legal or factual basis for such relief.  Merck further repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 75 through 140 of this Answer with the same force and effect as though set forth here in full.

### RESPONSE TO
### "COUNT TWELVE:  LOSS OF CONSORTIUM"

144.    With respect to the allegations contained in paragraph 144 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 143 of this Answer with the same force and effect as though set forth here in full.

145.    Denies each and every allegation contained paragraph 145 of the Complaint.

146.    Denies each and every allegation contained in paragraph 146 of the Complaint, except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "COUNT THIRTEEN: TEXAS DECEPTIVE
### TRADE PRACTICES ACT (DTPA) VIOLATIONS (TEXAS PLAINTIFFS)"

147.    With respect to the allegations contained in paragraph 147 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 146 of this Answer with the same force and effect as though set forth here in full.

148.    The allegations contained in paragraph 148 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 148 of the Complaint,

including its unnumbered subparts, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

149.    The allegations contained in paragraph 149 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 149 of the Complaint, including its unnumbered subparts, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

150.    Denies each and every allegation contained in paragraph 150 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

151.    Denies each and every allegation contained in paragraph 151 of the Complaint.

152.    Denies each and every allegation contained in paragraph 152 of the Complaint, including its unnumbered subparts, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "COUNT FOURTEEN:  VIOLATION OF ARKANSAS DECEPTIVE TRADE PRACTICES ACT (PLAINTIFF ANDERSON)"

153.    With respect to the allegations contained in paragraph 153 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 152 of this Answer with the same force and effect as though set forth here in full.

154.    The allegations contained in paragraph 154 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed

required, Merck denies that each and every allegation contained in paragraph 154 of the Complaint, except admits that Plaintiff Alice Anderson purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

**RESPONSE TO "COUNT FIFTEEN: VIOLATION OF**
**MISSOURI MERCHANDISING PRACTICES ACT (PLAINTIFF HAMILTON)"**

155.    With respect to the allegations contained in paragraph 155 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 154 of this Answer with the same force and effect as though set forth here in full.

156.    The allegations contained in paragraph 156 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 156 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 156 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

157.    The allegations contained in paragraph 157 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 157 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

158.    Denies each and every allegation contained in paragraph 158 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information

provided in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

159.    Denies each and every allegation contained in paragraph 159 of the Complaint, except admits that Merck trains its professional representatives.

160.    Denies each and every allegation contained in paragraph 160 of the Complaint, except admits that Plaintiff Thomas Hamilton purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

**RESPONSE TO**
**"COUNT SIXTEEN:  GROSS NEGLIGENCE"**

161.    With respect to the allegations contained in paragraph 161 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 160 of this Answer with the same force and effect as though set forth here in full.

162.    The allegations contained in paragraph 162 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 162 of the Complaint, including its unnumbered subparts, except admits that Plaintiffs purport to seek exemplary damages but denies that there is any legal or factual basis for such relief.

163.    Denies each and every allegation of the first and third sentences of paragraph 163 of the Complaint, except admits that Plaintiffs purport to seek exemplary damages but denies that there is any legal or factual basis for such relief.  The allegations contained in the second sentence of paragraph 163 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of paragraph 163 of the Complaint.

**RESPONSE TO**
**"APPLICATION OF THE DISCOVERY RULE"**

164. The allegations contained in the first, second, and fifth sentences of paragraph 164 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the first, second, and fifth sentences of paragraph 164 of the Complaint. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in the third and fourth sentences of paragraph 164 of the Complaint, and denies each and every allegation directed towards Merck in the third and fourth sentences of paragraph 164 of the Complaint.

165. Denies each and every allegation contained in the first and second sentences of paragraph 165 of the Complaint, except admits that Plaintiffs purport to invoke the discovery rule to prevent their claims from being time barred but denies that there is any legal or factual basis for the same. The allegations contained in the third sentence of paragraph 165 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the third sentence of paragraph 165 of the Complaint.

**RESPONSE TO**
**"FRAUDULENT CONCEALMENT"**

166. The allegations contained in the first sentence of paragraph 166 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of paragraph 166 of the Complaint. Merck denies each and every allegation contained in the second, third, fourth, and fifth sentences of paragraph 166 of the Complaint.

## RESPONSE TO
## "NO FDA PRESUMPTION"

167.    The allegations contained in paragraph 167 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 167 of the Complaint.

168.    Denies each and every allegation contained in paragraph 168 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

169.    Denies each and every allegation contained in paragraph 169 of the Complaint.

170.    Denies each and every allegation contained paragraph 170 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information provided in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

171.    The allegations contained in paragraph 171 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 171 of the Complaint.

## RESPONSE TO
## "PRAYER FOR RELIEF"

172.    The allegations contained in paragraph 172 of the Complaint constitute a prayer for relief as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 172 of the Complaint, including

its unnumbered subparts, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

173.     The allegations contained in paragraph 173 of the Complaint constitute a prayer for relief as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 173 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

174.     The allegations contained in paragraph 174 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation of paragraph 174 of the Complaint, including its subparts a through c, except admits that Plaintiffs purport to seek punitive or exemplary damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "JURY DEMAND"

175.     The allegations contained in paragraph 175 of the Complaint are legal conclusions as to which no responsive pleading is required.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

176.     The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

177.     The Plaintiffs were careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiffs.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

178.    To the extent that Plaintiffs assert claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

179.    To the extent that Plaintiffs assert claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

180.    The Plaintiffs failed to exercise reasonable care to mitigate their alleged damages.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

181.    Each and every claim asserted or raised in the Complaint is barred by prescription, peremption and/or any other applicable federal or state statute of limitations.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

182.    To the extent that Plaintiffs assert claims in the Complaint based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

**AS FOR AN EIGHTH
DEFENSE, MERCK ALLEGES:**

183.    The claims of the Plaintiffs are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

**AS FOR A NINTH
DEFENSE, MERCK ALLEGES:**

184.    The claims of the Plaintiffs are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

**AS FOR A TENTH
DEFENSE, MERCK ALLEGES:**

185.    The claims of the Plaintiffs are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

**AS FOR AN ELEVENTH
DEFENSE, MERCK ALLEGES:**

186.    The claims of the Plaintiffs are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Products Liability.

**AS FOR A TWELFTH
DEFENSE, MERCK ALLEGES:**

187.    The product conformed to the state-of-the-art for the design and manufacture of such, or similar, products.

**AS FOR A THIRTEENTH
DEFENSE, MERCK ALLEGES:**

188.    The claims of the Plaintiffs are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

189.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

190.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

191.    To the extent that Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

192.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiffs or natural course of conditions for which this Defendant is not responsible.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

193.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiffs or abuse of Vioxx.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

194.    The claims of Plaintiffs are barred in whole or in part by the First Amendment of the Constitution of the United States of America and comparable state law provisions.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

195.    To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

196.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

197.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

198.    To the extent that Plaintiffs seek punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

199.    To the extent Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

200.    The demand for punitive damages by the Plaintiffs is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

201.    To the extent that Plaintiffs assert claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to their claims, Plaintiffs have failed to allege facts that would overcome the defenses available under that state products liability law.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

202.    The claims of Plaintiffs are barred, in whole or in part, because one or more Plaintiffs lack capacity and/or standing to bring such claims.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

203.    To the extent that Plaintiffs assert claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiffs to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

204.    Merck further states that any warnings which were given were transmitted to the prescribing health care provider, and that under Texas law, Merck's only obligation is to warn the prescribing health care provider and said obligation was fulfilled.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

205.    Merck denies that Plaintiffs used any product manufactured by Merck as alleged in Plaintiffs' Complaint.

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

206.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

207.    If Plaintiffs have sustained the injuries and damages alleged in the Complaint, such injuries resulted, in whole or in part, from the culpable conduct and negligence of Plaintiffs and/or of third parties, not from any negligence or breach of duty by Merck.  If judgment is rendered in Plaintiffs' favor, the amount of such judgment must be reduced pursuant

to the Proportionate Responsibility Statute § 33.001, *et seq*. of the Texas Civil Practice & Remedies Code.

### AS FOR A THIRTY-THIRD
### DEFENSE, MERCK ALLEGES:

208.   Merck is unaware at this time of any settlements by any alleged joint tortfeasor.   In the event any settlement is or has been made by any alleged joint tortfeasor, however, then Merck is entitled to a full credit, offset, pro rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling party, person, or other entity herein, and Merck makes known to the other parties and to the court that it will avail itself of its rights under §§ 33.012 *et seq*. of the Texas Civil Practice & Remedies Code.

### AS FOR A THIRTY-FOURTH
### DEFENSE, MERCK ALLEGES:

209.   Merck would show that the occurrences and injuries alleged by Plaintiffs resulted from an intervening cause or a new and independent cause which was the proximate and/or producing cause and/or the sole proximate and/or sole cause of the occurrences and injuries alleged by Plaintiffs.   Moreover, the occurrences and injuries were caused by separate and independent events or agencies not reasonably foreseeable.   Such separate and independent events or agencies destroy the causal connection, if any, between any alleged breach of legal duty on the part of Merck and the occurrences and injuries alleged by Plaintiffs, and thereby become the immediate and/or sole cause and/or sole proximate cause of such occurrences and injuries, relieving Merck of liability to Plaintiffs or any other parties.

### AS FOR A THIRTY-FIFTH
### DEFENSE, MERCK ALLEGES:

210.   If Plaintiffs have sustained the injuries or incurred the expenses alleged, the same may have been caused, in whole or in part, by operation of nature or act of God.

### AS FOR A THIRTY-SIXTH
### DEFENSE, MERCK ALLEGES:

211.    If Plaintiffs have sustained the injuries or incurred the expenses alleged, the same may have been caused by an idiosyncratic reaction, without any negligence, defect, or failure on the part of Merck.

### AS FOR A THIRTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

212.    Merck states that the benefits of the product at issue outweigh the risks, if any, which may be attendant to its use.

### AS FOR A THIRTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

213.    Merck fully asserts § 82.001 and § 82.007 of the Texas Civil Practice and Remedies Code and states that all of Plaintiffs' claims are barred under those sections.

### AS FOR A THIRTY-NINTH
### DEFENSE, MERCK ALLEGES:

214.    To the extent Plaintiffs seek recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

### AS FOR A FORTIETH
### DEFENSE, MERCK ALLEGES:

215.    Any claims for exemplary damages are limited by Section 41.008 of the Texas Civil Practice and Remedies Code to two times the amount of actual damages or $200,000, whichever is greater.  Merck asserts all other defenses and limitations on punitive damages contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

## AS FOR A FORTY-FIRST
## DEFENSE, MERCK ALLEGES:

216.   Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate Merck's rights under Amendments IV, V, VI and XIV of the United States Constitution and under Sections 9, 10, 14 and 19 of Article I of the Texas Constitution.

## AS FOR A FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

217.   Unless Merck's liability for punitive damages and the appropriate amount of punitive damages are each required to be established by clear and convincing evidence under Texas law, any awards of punitive damages would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## AS FOR A FORTY-THIRD
## DEFENSE, MERCK ALLEGES:

218.   Any claims for punitive damages against Merck cannot be sustained, because any award of punitive damages under Texas law without bifurcating the trial as to all punitive damages issues would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## AS FOR A FORTY-FOURTH
## DEFENSE, MERCK ALLEGES:

219.   Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law subject to no pre-determined limit, either a maximum multiple of compensatory damages or a maximum amount, on the amount of

punitive damages that a jury may impose would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

### AS FOR A FORTY-FIFTH
### DEFENSE, MERCK ALLEGES:

220.   Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law by a jury that (1) is not provided any standard of sufficient clarity for determining the appropriateness, or the appropriate size of any punitive damages award, (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

### AS FOR A FORTY-SIXTH
### DEFENSE, MERCK ALLEGES:

221.   Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law for the purpose of compensating Plaintiffs for elements of damages not otherwise recognized by Texas law would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## AS FOR A FORTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

222.    Merck asserts that the determination of the amount of punitive damages, if any, shall be bifurcated from the remaining issues pursuant to *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

## AS FOR A FORTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

223.    Vioxx is a prescription pharmaceutical that was available only upon the prescription of a licensed physician, and persons other than Merck, including Plaintiffs' treating physicians and health care personnel and institutions, stood in the position of learned intermediaries between Merck and Plaintiffs.  Any claims against Merck accordingly are barred in whole or in part by the learned intermediary doctrine.

## AS FOR A FORTY-NINTH
## DEFENSE, MERCK ALLEGES:

224.    Plaintiffs' claims are barred as a matter of law pursuant to Restatement (Third) of Torts §§ 2, 4, and 6.

## AS FOR A FIFTIETH
## DEFENSE, MERCK ALLEGES:

225.    Plaintiffs' claims relating to alleged communications with regulatory agencies of the United States government are barred in whole or in part by operation of applicable law, including First Amendment rights to petition the government.

## AS FOR A FIFTY-FIRST
## DEFENSE, MERCK ALLEGES:

226.    Imposition of punitive or exemplary damages violates the Sixth Amendment of the United States Constitution because Merck is not informed of the nature and cause of the accusation against it; thus, the allegations are void for vagueness.

## AS FOR A FIFTY-SECOND
## DEFENSE, MERCK ALLEGES:

227.    The imposition of punitive damages violates the open courts provision of the Texas Constitution.

## AS FOR A FIFTY-THIRD
## DEFENSE, MERCK ALLEGES:

228.    Merck pleads all defenses available to it where applicable under the Arkansas Products Liability Act of 1979.

## AS FOR A FIFTY-FOURTH
## DEFENSE, MERCK ALLEGES:

229.    Any warnings which Merck gave were transmitted to the prescribing physicians and/or health care providers and that, under Missouri law, Merck's only obligation is to warn the prescribing physician and/or health care providers and said obligation was fulfilled.

## AS FOR A FIFTY-FIFTH
## DEFENSE, MERCK ALLEGES:

230.    A finding of liability under current Missouri law and procedure would violate Merck's constitutional rights, both facially and as applied, under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 22(a) (right to a trial by jury), in that:

a.    Missouri law, by virtue of Missouri Approved Instructions 25.04 and 25.05, fails to submit to the jury one or more specific alleged defects upon which the jury must base its finding that the product is unreasonably dangerous.

i.    This gives the jury a roving commission with no constraints whatsoever to find the product unreasonably dangerous; and

ii.    Fails to limit the jury's consideration to those defects specified and supported by substantial evidence; and

46

iii.    This also denies Merck any meaningful review by the trial court of the submissibility of Plaintiffs' claims as to certain defects, and

iv.    This permits the jury to render a verdict against the defendant based upon the vote of less than a majority of the jury, with each of the minimum of nine jurors required to vote for a verdict against the defendant basing that vote on a defect never alleged in the pleadings, a different allegation of defect, a defect for which Plaintiffs do not have substantial evidence, a defect never claimed by Plaintiffs' experts or a defect never mentioned in the evidence at the trial.

b.    Missouri law by virtue of Missouri Approved Instructions 25.04 and 25.05 allows the jury a roving commission with no constraints whatsoever in that no factors or objective standards to consider in deciding whether a product is unreasonably dangerous are given the jury; and

c.    Missouri allows the jury a roving commission with no constraints whatsoever because no factors are given the trial court to meaningfully review the submissibility of a case or to review meaningfully a jury's verdict, both as to liability and as to the amount of damages awarded.

**AS FOR A FIFTY-SIXTH**
**<u>DEFENSE, MERCK ALLEGES:</u>**

231.    Section 537.675, Mo.Rev.Stat. violates Article 1, Section 13 against *ex post facto* laws to the extent that it permits the jury to consider any conduct or omission by the defendant which occurred before the passage of that statute.

## AS FOR A FIFTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

232.     Section 537.675, Mo.Rev.Stat., which takes half of any punitive damage award for the State of Missouri, making the award of punitive damages a fine imposed and collected by the State, both facially and as applied, violates the double jeopardy clauses of the 5th Amendment of the United States Constitution and Article I, Section 19 of the Missouri Constitution, because it allows multiple punitive damage awards for the same conduct.

## AS FOR A FIFTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

233.     Missouri, by virtue of Section 537.675, which requires half of any punitive damage award to be paid to the State of Missouri, has made every award of punitive damages a criminal fine without adequate guidelines giving notice as to the conduct or state of mind that could result in a punitive damage award and as to the procedures for imposing punitive damages, including without limitation, a failure to require a unanimous jury to award punitive damages.

## AS FOR A FIFTY-NINTH
## DEFENSE, MERCK ALLEGES:

234.     Missouri standards for finding a defendant liable for punitive damages are so vague, uncertain and ill-defined that Section 537.675, Mo.Rev.Stat. violates the Fifth Amendment to the United States Constitution and Article I, Section 18(a) of the Missouri Constitution, because it permits the imposition of a state fine without the defendant ever being told the nature and cause of the offense with which the defendant was charged.

## AS FOR A SIXTIETH
## DEFENSE, MERCK ALLEGES:

235.     Section 537.675, Mo.Rev.Stat. violates Article 1, Section 31, by delegating to a jury the authority to set fines.

**AS FOR A SIXTY-FIRST
DEFENSE, MERCK ALLEGES:**

236.    Section 537.675, Mo.Rev.Stat. violates Article 1, Section 22(a) in that it allows a less than unanimous jury to impose the criminal penalty of punitive damages and permits verdicts which are not truly supported by the vote of nine jurors.  Missouri law allows a group of nine jurors to impose and set the amount of punitive damages, which group is different from the group of nine that originally found the prerequisite liability for compensatory damages, so that no group of nine may have agreed on the entire verdict upon which judgment is entered.

**AS FOR A SIXTY-SECOND
DEFENSE, MERCK ALLEGES:**

237.    Missouri's scheme for punitive damages, including without limitation, the Missouri Approved Instructions on punitive damages and Sections 510.263 and 537.675, violate, both facially and as applied, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Constitution of Missouri, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Article I, Sections 21 and 22(a) (right to a trial by jury) of the Missouri Constitution, because:

   a.   Missouri law fails to provide adequate guidance to the jury in setting the amount of any punitive damage award and instead leaves this decision to the unbridled discretion of the jury;

   b.   Missouri law provides no objective limitations or standards concerning a proper amount of punitive damages;

   c.   Missouri law does not require that an award of punitive damages bear a reasonable relationship to the actual injury involved;

d.    Missouri law does not require that an award of punitive damages bear a reasonable relationship to the compensatory damages awarded by the jury;

e.    Missouri law does not require that an award of punitive damages bear a reasonable relationship to the defendant's mental state and the degree of malice with which the jury finds the defendant acted;

f.    Missouri law has no fixed limit on the amount of punitive damages that can be awarded in connection with an incident or with a product involved in more than one incident;

g.    Missouri law allows multiple punitive damage awards for the same conduct;

h.    Missouri law does not require the judge presiding over a trial in which punitive damages have been awarded to review the punitive damages award in light of the amount of punitive damages awarded in other, comparable cases;

i.    Missouri law does not require the jury to consider mitigating circumstances in determining whether punitive damages should be awarded;

j.    Missouri law does not require that an award of punitive damages must not be based upon any bias, passion, or prejudice against the defendant;

k.    Missouri's guidelines, standards, procedures and jury instructions for the award of punitive damages are ambiguous, indefinite, vague, uncertain, conflicting, purely subjective, unreasonable and fundamentally unfair, so as to deprive defendant of adequate notice of the type of conduct that could result in the imposition of punitive damages;

l.    Missouri law directs a jury to consider the net worth of the defendant in setting the amount of any punitive damage award and, therefore, discriminates unfairly

on the basis of economic status bearing no relationship to the incident, the damages sustained by the Plaintiffs, the mental state of the defendant or to other awards of punitive damages under comparable facts;

m.      Missouri law does not require that the amount of any punitive damage award must not be based upon any desire or belief to redistribute income or wealth from those the jury believes have wealth to those the jury believes have less or no wealth;

n.      Missouri law allows an award of punitive damages to be based entirely on conduct occurring outside the state of Missouri; and

o.      Missouri law allows a less than unanimous jury to impose the penalty of punitive damages and allows one group of nine jurors to find the prerequisite liability for compensatory damages and another group of nine to impose and set the amount of punitive damages, so that no group of nine jurors agrees on the verdict upon which judgment is entered.

## AS FOR A SIXTY-THIRD
## DEFENSE, MERCK ALLEGES:

238.      Missouri law requiring proof of punitive damages by clear and convincing evidence violates the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Missouri Constitution, as interpreted by the Courts to require proof beyond a reasonable doubt in all criminal cases, because Section 537.675 has criminalized punitive damages, so that a charge of punitive damages should be proven beyond a reasonable doubt to a unanimous jury.

**AS FOR A SIXTY-FOURTH**
**DEFENSE, MERCK ALLEGES:**

239.    Any Plaintiff who purchased Vioxx outside of Missouri has no claim under the Missouri Merchandising Practices Act because that Act does not apply to transactions that occur wholly outside of Missouri.

**AS FOR A SIXTY-FIFTH**
**DEFENSE, MERCK ALLEGES:**

240.    One or more Plaintiffs lack standing to assert claims under Missouri Merchandising Practices Act or any Missouri consumer protection statute.

**AS FOR A SIXTY-SIXTH**
**DEFENSE, MERCK ALLEGES:**

241.    Plaintiffs are not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of the due process clause of the Fourteenth Amendment of the United States Constitution and the Missouri Constitution as set forth in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 123 S.Ct. 1513 (2003).

**AS FOR A SIXTY-SEVENTH**
**DEFENSE, MERCK ALLEGES:**

242.    Plaintiffs are not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of Merck's constitutional protection and the prohibitions against double jeopardy set forth in the Fifth Amendment and the due process clause of the Fourteenth Amendment of the United States Constitution and comparable provisions of the Missouri Constitution.

## AS FOR A SIXTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

243.    Plaintiffs are not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in an unconstitutionally excessive fine in violation of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution and comparable provisions of the Missouri Constitution.

## AS FOR A SIXTY-NINTH
## DEFENSE, MERCK ALLEGES:

244.    Plaintiffs are not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of the prohibition against ex post facto laws and laws impairing the obligations of contracts contained in Sections 9 and 10 of Article I of the United States Constitution and comparable provisions of the Missouri Constitution.

## AS FOR A SEVENTIETH
## DEFENSE, MERCK ALLEGES:

245.    Plaintiffs are not entitled to recover exemplary or punitive damages because Plaintiffs' claim for exemplary or punitive damages is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Missouri Constitution because there are not realistic standards or limits imposed on the amount of punitive damages which may be awarded, and no required relationship between the actual damages sustained and the amount of punitive damages which may be awarded.

## AS FOR A SEVENTY-FIRST
## <u>DEFENSE, MERCK ALLEGES:</u>

246.    Plaintiffs are not entitled to recover exemplary or punitive damages because Plaintiffs' claim for exemplary or punitive damages is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitutions and comparable provisions of the Missouri Constitution because the vague standards employed in punitive damage cases results in extremely disparate results among similar defendants accused of similar conduct.

## AS FOR A SEVENTY-SECOND
## <u>DEFENSE, MERCK ALLEGES:</u>

247.    Plaintiffs are not entitled to recover exemplary or punitive damages because Plaintiffs' claim for exemplary or punitive damages is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Missouri Constitution because the purpose of punitive damages is punishment and deterrence, and there is not adequate procedural safeguards in place to protect Merck's right against self-incrimination, right to proof beyond a reasonable doubt, and right to be free  from unreasonable searches and seizures in this case.

## AS FOR A SEVENTY-THIRD
## <u>DEFENSE, MERCK ALLEGES:</u>

248.    Plaintiffs are not entitled to recover exemplary or punitive damages because Plaintiffs' claim for exemplary or punitive damages is in violation of the First Amendment to the United States Constitution and comparable provisions of the Missouri Constitution.

**AS FOR A SEVENTY-FOURTH
DEFENSE, MERCK ALLEGES:**

249.    Plaintiffs are not entitled to recover exemplary or punitive damages because the standards and instructions regarding exemplary/punitive damages are inadequate, vague, and ambiguous, further violating the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Missouri Constitution.

**AS FOR A SEVENTY-FIFTH
DEFENSE, MERCK ALLEGES:**

250.    The correct standard for submitting the burden of proof for exemplary and/or punitive damages is "clear and convincing" evidence.  Any lesser standard is a violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Missouri Constitution.

**AS FOR A SEVENTY-SIXTH
DEFENSE, MERCK ALLEGES:**

251.    Plaintiffs are not entitled to recover exemplary or punitive damages because the imposition of exemplary or punitive damages in this case based upon evidence of Merck's wealth or financial status would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Missouri Constitution.

**AS FOR A SEVENTY-SEVENTH
DEFENSE, MERCK ALLEGES:**

252.    The Complaint and the causes of action contained therein is barred in whole or in part by the United States and Missouri Constitution which prohibit the extra-territorial application of state law.

## AS FOR A SEVENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

253.   Merck's fault, if any, must be compared to the fault of Plaintiffs and others pursuant to Mo. Rev. Stat. 537.765 and the principles of comparative fault announced in *Gustafson v. Benda*, 661 S.W.2d 11 (Mo. banc 1983).

## AS FOR A SEVENTY-NINTH
## DEFENSE, MERCK ALLEGES:

254.   To the extent that Plaintiffs seek economic losses as a result of purchasing Vioxx, such claims are barred under Missouri law because a buyer of allegedly defective goods cannot recover in tort for economic losses.

## AS FOR AN EIGHTIETH
## DEFENSE, MERCK ALLEGES:

255.   Merck demands a trial by jury of all issues.

## AS FOR AN EIGHTY-FIRST
## DEFENSE, MERCK ALLEGES:

256.   Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

## AS FOR AN EIGHTY-SECOND
## DEFENSE, MERCK ALLEGES:

257.   Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1. That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' Complaint with prejudice against Merck with costs assessed to Plaintiffs;

2. Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3. Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated:  November 27, 2006

Respectfully submitted,

 s/ Melissa V. Beaugh
Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Melissa V. Beaugh, 28250
        Of
STANLEY,  FLANAGAN  &  REUTER,
L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Facsimile: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 581-3200
Facsimile: (504) 581-3361

Attorneys for Merck & Co., Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL No. 1657, on this 27th day of November, 2006.

_s/ Melissa V. Beaugh_____