IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | § | |
| PRODUCTS LIABILITY LITIGATION | § | |
| | § | |
| This document relates to | § | |
| Case No. 2006-CV-09415 | § | |
| | § | MDL DOCKET NO. 1657 |
| | § | |
| LOUIE W. KEE, JR., and | § | SECTION L |
| GERTRUDE C. KEE, | § | |
| | § | JUDGE FALLON |
| Plaintiffs, | § | |
| | § | |
| VS. | § | |
| | § | |
| MERCK & CO., INC., | § | |
| | § | |
| Defendant. | § | |

**MERCK'S ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT**

Defendant Merck & Co., Inc. ("Merck") answers Plaintiffs' Original Complaint ("Complaint") as follows:

## I.    RESPONSE TO "STATEMENT OF JURISDICTION"

1.    The allegations contained in the introductory statement of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except admits that Plaintiffs purport to state a claim in excess of $75,000, but denies that there is any legal or factual basis for said relief.

## II.    RESPONSE TO "PARTIES"

2.    The allegations contained in paragraph 1 of the Complaint are not directed at Merck, and therefore no responsive pleading is required. Should a response be deemed required,

Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in said paragraph.

3.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in paragraph 2 of the Complaint.

4.     Merck denies each and every allegation contained in paragraph 3 of the Complaint, except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health. Merck further admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, and that Merck is authorized to do business in the State of Texas. Merck further admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

### III.     RESPONSE TO "FACTS"

5.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full. In addition, Merck denies each and every allegation contained in paragraph 4 of the Complaint and avers that Vioxx was the brand name for rofecoxib, that Vioxx was part of a class of nonsteroidal anti-inflammatory drugs known as selective Cox-2 inhibitors, and respectfully refers the Court to the United States Food and Drug Administration's ("FDA") approved prescribing information for Vioxx for Vioxx's indicated uses.

6.     Merck denies each and every allegation contained in paragraph 5 of the Complaint, except admits that in May 1999 Merck sought and received FDA approval to market

the prescription medicine Vioxx and that the FDA approved Vioxx as safe and effective for certain indicated uses in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx.  Merck respectfully refers the Court to the FDA prescribing information for its actual language and full text.

7.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in paragraph 6 of the Complaint.

8.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in paragraph 7 of the Complaint.

9.     Merck denies each and every allegation contained in paragraph 8 of the Complaint, except admits that on November 23, 1998 Merck submitted a New Drug Application (NDA) for Vioxx 12.5 mg. and Vioxx 25 mg. tablets and respectfully refers the Court to said NDA for its actual language and full text.

10.    Merck denies each and every allegation contained in paragraph 9 of the Complaint, except admits that the FDA approved Vioxx as safe and effective for certain indicated uses in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx.  Merck respectfully refers the Court to the relevant FDA prescribing information for its actual language and full text.

11.    Merck denies each and every allegation contained in paragraph 10 of the Complaint.

12.    Merck denies each and every allegation contained in paragraph 11 of the Complaint, except admits that Vioxx, like all prescription medicines, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

13.     Merck denies each and every allegation contained in paragraph 12 of the Complaint except admits that the studies referenced in sentence one of paragraph 12 exist, and respectfully refers the Court to said publications for their actual language and full text. Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR"), and that it has been a sponsor of EULAR since 1999.

14.     Merck denies each and every allegation contained in paragraph 13 of the Complaint except admits that 2000 Vioxx sales figures exceeded $2 billion.

15.     Merck denies each and every allegation contained in paragraph 14 of the Complaint, except admits that the referenced publication exists and respectfully refers the Court to the referenced publication for its actual language and full text.

16.     Merck denies each and every allegation contained in paragraph 15 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to the referenced letter for its actual language and full text.

17.     Merck denies each and every allegation contained in paragraph 16 of the Complaint.

18.     Merck denies each and every allegation contained in paragraph 17 of the Complaint.

19.     Merck denies each and every allegation contained in paragraph 18 of the Complaint.

20.     Merck denies each and every allegation contained in paragraph 19 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and

that Merck employed professional representatives to have product discussions concerning Vioxx with health care professionals.

21.     Merck denies each and every allegation contained in paragraph 20 of the Complaint except that Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## IV. RESPONSE TO "COUNT ONE: Strict Liability"

22.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

23.     Merck admits that in paragraph 21 of the Complaint Plaintiffs purport to incorporate by reference all other paragraphs of the Complaint as fully set forth herein.

24.     Merck denies each and every allegation contained in paragraph 22 of the Complaint, except admits Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

25.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the information contained in paragraph 23 of the Complaint.

26.     Merck denies each and every allegation contained in paragraph 24 of the Complaint, including subparts (a)-(f), and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

27.     Merck denies each and every allegation contained in paragraph 25 of the Complaint.

28.     Merck denies each and every allegation contained in paragraph 26 of the Complaint, and the subsequent, unnumbered "Wherefore" paragraph, except admits that

Plaintiffs purport to state a claim for compensatory and punitive damages, but denies that there is any legal or factual basis for said relief.

## V. RESPONSE TO "COUNT TWO:  Failure To Warn"

29.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

30.     Merck admits that in paragraph 27 of the Complaint Plaintiffs purport to incorporate by reference all other paragraphs of the Complaint as fully set forth herein.

31.     Merck denies each and every allegation contained in paragraph 28 of the Complaint.

32.     The allegations contained in paragraph 29 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 29 of the Complaint.

33.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 30 of the Complaint, and denies each and every allegation directed at Merck in said paragraph, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

34.     The allegations contained in paragraph 31 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 31 of the Complaint, including subparts (a)–(d), denies that it violated any applicable law, duty or standard of care in connection with Vioxx, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

6

35.     Merck denies each and every allegation contained in paragraph 32 of the Complaint and the subsequent, unnumbered "Wherefore" paragraph, except admits that Plaintiffs purport to state a claim for compensatory and punitive damages, but denies that there is any legal or factual basis for said relief.

## VI.  RESPONSE TO "COUNT THREE:  Breach of Warranty of Merchantability"

36.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

37.     Merck admits that in paragraph 33 of the Complaint Plaintiffs purport to incorporate by reference all other paragraphs of the Complaint as fully set forth herein.

38.     The allegations contained in paragraph 34 are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 34 of the Complaint.

39.     Merck denies each and every allegation contained in paragraph 35 of the Complaint.

40.     Merck denies each and every allegation contained in paragraph 36 of the Complaint.

41.     Merck denies each and every allegation contained in paragraph 37 of the Complaint and the subsequent, unnumbered "Wherefore" paragraph, except admits that Plaintiffs purport to state a claim for compensatory damages, but denies that there is any legal or factual basis for said relief.

## VII.  RESPONSE TO "COUNT FOUR: Negligence"

42.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

43.     Merck admits that in paragraph 38 of the Complaint Plaintiffs purport to incorporate by reference all other paragraphs of the Complaint as fully set forth herein.

44.     Merck denies each and every allegation contained in paragraph 39 of the Complaint.

45.     The allegations contained in paragraph 40 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the Court to the relevant prescribing information for its actual language and full text.  Merck further denies that it violated any applicable law, duty or standard of care in connection with Vioxx.

46.     Merck denies each and every allegation contained in paragraph 41 of the Complaint, including subparts (a)-(d) and respectfully refers the Court to the relevant prescribing information for its actual language and full text.  Merck further denies that it violated any applicable law, duty or standard of care in connection with Vioxx.

47.     Merck denies each and every allegation contained in paragraph 42 of the Complaint.

48.     Merck denies each and every allegation contained in paragraph 43 of the Complaint and the subsequent, unnumbered "Wherefore" paragraph, except admits that Plaintiffs purport to state a claim for compensatory damages, but denies that there is any legal or factual basis for said relief.

## VIII.  RESPONSE TO "COUNT FIVE: Wantonness"

49.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

50.     Merck admits that in paragraph 44 of the Complaint Plaintiffs purport to incorporate by reference all other paragraphs of the Complaint as fully set forth herein.

51.     Merck denies each and every allegation contained in paragraph 45 of the Complaint.

52.     The allegations contained in paragraph 46 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the Court to the relevant prescribing information for its actual language and full text.  Merck further denies that it violated any applicable law, duty or standard of care in connection with Vioxx.

53.     Merck denies each and every allegation contained in paragraph 47 of the Complaint, including subparts (a)-(d), and respectfully refers the Court to the relevant prescribing information for its actual language and full text.  Merck further denies that it violated any applicable law, duty or standard of care in connection with Vioxx.

54.     Merck denies each and every allegation contained in paragraph 48 of the Complaint.

55.     Merck denies each and every allegation contained in paragraph 49 of the Complaint and the subsequent, unnumbered "Wherefore" paragraph, except admits that Plaintiffs purport to state a claim for compensatory and punitive damages, but denies that there is any legal or factual basis for said relief.

## IX.  RESPONSE TO COUNT SIX: "Fraud, Misrepresentation, and Suppression"

56.     With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

57.     Merck admits that in paragraph 50 of the Complaint Plaintiffs purport to incorporate by reference all other paragraphs of the Complaint as fully set forth herein.

58.     Merck denies each and every allegation contained in paragraph 51 of the Complaint, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

59.     Merck denies each and every allegation contained in paragraph 52 of the Complaint, including subparts (a) through (e), and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

60.     Merck denies each and every allegation contained in paragraph 53 of the Complaint.

61.     Merck denies each and every allegation directed at Merck that is contained in Paragraph 54 of the Complaint, and Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 54 of the Complaint.

62.     Merck denies each and every allegation directed at Merck that is contained in Paragraph 55 of the Complaint, and Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 55 of the Complaint.

63.     Merck denies each and every allegation contained in paragraph 56 of the Complaint.

64.     The allegations contained in paragraph 57 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph. Merck further denies that it violated any applicable law, duty or standard of care in connection with Vioxx, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

65.     The allegations contained in paragraph 58 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph. Merck further denies that it violated any applicable law, duty or standard of care in connection with Vioxx.

66.     Merck denies each and every allegation contained in paragraph 59 of the Complaint and the subsequent, unnumbered "Wherefore" paragraph, except admits that Plaintiffs purport to state a claim for compensatory and punitive damages, but denies that there is any legal or factual basis for said relief.

## X.  RESPONSE TO "CLAIM FOR DAMAGES"

67.     This unnumbered paragraph of the Complaint is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph including subparts (a) through (h). Merck admits that Plaintiffs purport to seek a variety of damages, but denies that there is any factual or legal basis for such relief.

## XI.  RESPONSE TO "PLAINTIFFS' DEMAND FOR A JURY

68.     Merck agrees to the demand for trial by jury.

## XII.  AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiffs' claims may be time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely.

3.    Plaintiffs' claims may be barred, in whole or in part, from recovery because they have made statements or taken actions that preclude them from asserting claims or constitute a waiver of their claims.

4.    Plaintiffs' claims may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

5.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

6.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were cause in whole or in part through the operation of nature or other intervening cause or causes.

7.    To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

8.    To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

9.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

10.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

11.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' misuse or abuse of Vioxx.

12.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

13.     To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

14.     To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Texas law.

15.     Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of The Federal Rules of Civil Procedure.

16.     Plaintiffs' claims are barred, in whole or in part, under Texas law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

17.     Plaintiffs' claims are barred in whole or in part by the First Amendment.

18.     Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

19.     There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

20.     This case is more appropriately brought in a different venue.

21.     Venue in this case is improper.

22.     The claims of Plaintiffs may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

23.     The claims of Plaintiffs may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

24.     The claims of Plaintiffs may be barred, in whole or in part, from recovery by release as to their claims.

25.     The claims of Plaintiffs may be barred, in whole and in part, by the doctrine of laches.

26.     The claims of Plaintiffs are barred, in whole or in part, by their failure to mitigate damages.

27.     To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

28.     The claims of Plaintiffs may be barred, in whole or in part, from recovery, due to spoliation of evidence.

29.     The claims of Plaintiffs may be barred, in whole or in part, by the governing state laws.

30.     Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

31.     Plaintiffs have not sustained any injury or damages compensable at law.

32.     Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiffs' failure to provide it with due process of law.

33.     Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

34.     Plaintiffs' claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

35.     Plaintiffs' claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts:  Products Liability.

36.     Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

37.     To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

38.     To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

39.     Plaintiffs' demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

40.     Merck further states that any warnings which were given were transmitted to the prescribing health care provider, and that under Texas law, Merck's only obligation is to warn the prescribing health care provider and said obligation was fulfilled.

41.     If Plaintiffs sustained the injuries and damages alleged in the Complaint, such injuries resulted, in whole or in part, from the culpable conduct and negligence of Plaintiffs and/or of third parties, not from any negligence or breach of duty by Merck.  If judgment is rendered in Plaintiffs' favor, the amount of such judgment must be reduced pursuant to the Proportionate Responsibility Statute § 33.001, et seq. of the Texas Civil Practice & Remedies Code.

42.     Merck is unaware at this time of any settlements by any alleged joint tortfeasor. In the event any settlement is or has been made by any alleged joint tortfeasor, however, then Merck is entitled to a full credit, offset, pro rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling party, person, or other entity herein, and Merck makes known to the other parties and to the court that it will avail itself of its rights under §§ 33.012 et seq. of the Texas Civil Practice & Remedies Code.

43.     Merck fully asserts § 82.001 and § 82.007 of the Texas Civil Practice and Remedies Code and states that all of Plaintiffs' claims are barred under those sections.

44.     Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate Merck's rights under Amendments IV, V, VI and XIV of the United States Constitution and under Sections 9, 10, 14 and 19 of Article I of the Texas Constitution.

45.     Unless Merck's liability for punitive damages and the appropriate amount of punitive damages are each required to be established by clear and convincing evidence under Texas law, any awards of punitive damages would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

46.     Any claims for punitive damages against Merck cannot be sustained, because any award of punitive damages under Texas law without bifurcating the trial as to all punitive damages issues would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

47.     Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law subject to no pre-determined limit, either a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

48.     Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law for the purpose of compensating Plaintiffs for elements of damages not otherwise recognized by Texas law would violate Merck's due process

rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

49.     Merck asserts that the determination of the amount of punitive damages, if any, shall be bifurcated from the remaining issues pursuant to *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

50.     The imposition of punitive damages violates the open courts provision of the Texas Constitution.

51.     To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

52.     Plaintiffs' claims for negligence per se are barred on the grounds that such claims are not cognizable against Merck in this action.

53.     Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend and/or supplement this answer to assert any such defense at a future time and in conformity with the Federal Rules of Civil Procedure.

## XIV.   JURY DEMAND

54.     Merck hereby demands a trial by jury on all of Plaintiffs' claims.

## XV.   PRAYER

55.     WHEREFORE, PREMISES CONSIDERED, Defendant Merck & Co., Inc. prays that Plaintiffs takes nothing by their Original Complaint, and that Merck be awarded its costs of

court herein expended, and that Merck have such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,

_s/ Richard L Josephson_

Richard L. Josephson
State Bar No. 11031500
Federal ID No. 04614
910 Louisiana
Houston, Texas 77002
Telephone: (713) 229-1234
Telecopy: (713) 229-1522

ATTORNEY-IN-CHARGE FOR
MERCK & CO., INC.

OF COUNSEL:

Travis J. Sales
State Bar No. 17532080
Federal ID No. 09173
Maryanne Lyons
State Bar No. 00787937
Federal I.D. No. 17547
W. Zachary Hughes
State Bar No. 24032441
Federal I.D. No. 30097
BAKER BOTTS L.L.P.
910 Louisiana
Houston, Texas 77002
Telephone: (713) 229-1234
Telecopy: (713) 229-1522

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Jury Demand of

Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip

Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by

electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-

Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the

United States District Court for the Eastern District of Louisiana by using the CM/ECF system

which will send a Notice of Electronic Filing in accord with the procedures established in MDL

1657, on this 27th day of November, 2006.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

826474v.2