IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX<br>PRODUCTS LIABILITY LITIGATION | § § § | |
| This document relates to<br>Case No. 2006-CV-09823 | § § § | MDL DOCKET NO. 1657<br><br>SECTION L |
| SHEILA DORMAN,<br>    Plaintiff, | § § § | JUDGE FALLON |
| v. | § § | |
| MERCK & CO., INC.,<br>    Defendant. | § § § | |

### MERCK & CO., INC.'S ANSWER AND DEFENSES TO
### PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Merck & Co., Inc. ("Merck") answers Plaintiff's Original Complaint ("Complaint") as follows:

### I.  RESPONSE TO "Parties"

1. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint, including the information pertaining to Plaintiff's citizenship and place of residence.

2. Merck denies each and every allegation contained in paragraph 2 of the Complaint, except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health. Merck further admits that it is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, and that Merck has designated CT Corporation Systems as its designated agent for service of process in Texas.

## II.    RESPONSE TO "Jurisdiction and Venue"

3.    The allegations contained in paragraph 3 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except admits that Plaintiff purports to state a claim in excess of $75,000, but denies that there is any legal or factual basis for said relief.

4.    The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except Merck admits that it is authorized to do business in the State of Texas.

## III.    RESPONSE TO "Facts"

5.    Merck denies each and every allegation contained in paragraph 5 of the Complaint, except Merck admits that it manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant United States Food and Drug Administration ("FDA") approved prescribing information for Vioxx's indicated uses. Merck further admits that Vioxx is the brand name for rofecoxib.

6.    Merck denies each and every allegation contained in paragraph 6 of the Complaint, except Merck admits that it sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx, and that Merck manufactured, marketed, and distributed Vioxx until Merck voluntarily withdrew Vioxx from the world-wide market on September 30, 2004. Merck further admits that it employed professional representatives to have product discussions concerning Vioxx with health care professionals.

7. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint.

8. Merck denies each and every allegation contained in paragraph 8 of the Complaint, except Merck admits that it sought and, in May 1999, received FDA approval to market Vioxx as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx, and Merck respectfully refers the Court to the relevant prescribing information for its actual language and full text.

9. Merck denies each and every allegation contained in paragraph 9 of the Complaint.

10. Merck denies each and every allegation contained in paragraph 10 of the Complaint, except admits that the FDA approved Vioxx as safe and effective for certain indicated uses in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx. Merck respectfully refers the Court to the relevant FDA prescribing information for its actual language and full text.

11. Merck denies each and every allegation contained in paragraph 11 of the Complaint.

12. Merck denies each and every allegation contained in paragraph 12 of the Complaint.

13. Merck denies each and every allegation contained in paragraph 13 of the Complaint, except admits that 2000 worldwide Vioxx sales exceeded $2 billion.

14. Merck denies each and every allegation contained in paragraph 14 of the Complaint, except Merck admits that the referenced publication exists, and respectfully refers the Court to said publication for its actual language and full text.

15. Merck denies each and every allegation contained in paragraph 15 of the Complaint, except admits that the referenced publication and the article contained therein exist and respectfully refers the Court to the referenced document for its actual language and full text.

16. Merck denies each and every allegation contained in the first two sentences of paragraph 16 of the Complaint, except admits that the referenced journals and articles contained therein exist, and that Plaintiff purports to quote from the same and respectfully refers the Court to said studies for their actual language and full context.

17. Merck denies each and every allegation contained in paragraph 17 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

18. Merck denies each and every allegation contained in paragraph 18 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

19. Merck denies each and every allegation contained in paragraph 19 of the Complaint.

20. Merck denies each and every allegation contained in paragraph 20 of the Complaint.

21. Merck denies each and every allegation contained in paragraph 21 of the Complaint.

22. Merck denies each and every allegation contained in paragraph 22 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information

until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck employed professional representatives to have product discussions concerning Vioxx with health care professionals.

## IV.     RESPONSE TO "Count 1 - Negligence"

23.    With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full. Merck admits that in paragraph 23 of the Complaint, Plaintiff purports to incorporate the foregoing paragraphs by reference.

24.    Merck denies each and every allegation contained in paragraph 24 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and further admits that Merck is authorized to do business in the State of Texas.

25.    The allegations contained in paragraph 25 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, and respectfully refers the Court to the relevant state law standards, including choice of law. Merck further denies that it violated any applicable law, duty or standard of care in connection with Vioxx.

26.    Merck denies each and every allegation contained in paragraph 26 of the Complaint, including subparts (a) through (i), and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

27.    Merck denies each and every allegation contained in paragraph 27 of the Complaint.

28. Merck denies each and every allegation contained in the first sentence of paragraph 28 of the Complaint. The allegations contained in the second and third sentences of paragraph 28 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said sentences, and further denies that it violated any applicable law, duty or standard of care in connection with Vioxx. Merck denies each and every allegation contained in the fourth sentence of paragraph 28 of the Complaint.

### V.   RESPONSE TO "Count II - Strict Liability"

29. With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full. Merck admits that in paragraph 29 of the Complaint, Plaintiff purports to plead in the alternative and incorporate the foregoing paragraphs by reference.

30. Merck denies each and every allegation contained in paragraph 30 of the Complaint, except Merck admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

31. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 31 of the Complaint. Merck denies each and every allegation directed at Merck in paragraph 31 of the Complaint, except Merck admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

32. Merck denies each and every allegation contained in the first two sentences of paragraph 32 of the Complaint. Merck lacks knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations contained in the third sentence of paragraph 32 of the Complaint.

33. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 33 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the world-wide market on September 30, 2004. Merck denies each and every allegation contained in the second sentence of paragraph 33 of the Complaint, except Merck admits that it sought, and in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx, and Merck respectfully refers the Court to the relevant prescribing information for its actual language and full text.

34. The allegations contained in paragraph 34 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

35. Merck denies each and every allegation contained in paragraph 35 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

36. The allegations contained in paragraph 36 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except admits that Plaintiff purports to invoke the doctrine of strict liability, but denies there is any legal or factual basis for same.

37. Merck denies each and every allegation contained in paragraph 37 of the Complaint.

38. The allegations contained in the first sentence of paragraph 38 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said sentence and further denies that it violated any applicable law, duty or standard of care in connection with Vioxx. Merck denies each and every allegation contained in the second sentence of paragraph 38 of the Complaint.

39. The allegations contained in paragraph 39 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

## VI. RESPONSE TO "Count III - Gross Negligence"

40. With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full. Merck admits that in paragraph 40 of the Complaint, Plaintiff purports to plead in the alternative and incorporate the foregoing paragraphs by reference.

41. The allegations contained in paragraph 41 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except admits that Plaintiff purports to state a claim for exemplary damages, but denies that there is any legal or factual basis for said relief.

## VII. RESPONSE TO "Count IV - Misrepresentation and Suppression by Merck"

42. With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full. Merck admits that in paragraph 42 of the Complaint, Plaintiff purports to plead in the alternative and incorporate the foregoing paragraphs by reference.

43. Merck denies each and every allegation contained in paragraph 43 of the Complaint.

44. Merck denies each and every allegation contained in paragraph 44 of the Complaint, including subparts a. though e.

45. Merck denies each and every allegation contained in paragraph 45 of the Complaint.

46. Merck denies each and every allegation contained in paragraph 46 of the Complaint.

47. Merck denies each and every allegation contained in paragraph 47 of the Complaint.

48. Merck denies each and every allegation contained in paragraph 48 of the Complaint.

49. The allegations contained in paragraph 49 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and further denies that it violated any applicable law, duty or standard of care in connection with Vioxx.

50. Merck denies each and every allegation contained in paragraph 50 of the Complaint.

51. Merck denies each and every allegation contained in paragraph 51 of the Complaint.

52. Merck denies each and every allegation contained in paragraph 52 of the Complaint.

### VIII. RESPONSE TO "Count V - Breach of Warranty of Merck"

53. With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full. Merck admits that in paragraph 53 of the Complaint, Plaintiff purports to plead in the alternative and incorporate the foregoing paragraphs by reference.

54. Merck denies each and every allegation contained in paragraph 54 of the Complaint.

55. Merck denies each and every allegation contained in paragraph 55 of the Complaint.

56. Merck denies each and every allegation contained in paragraph 56 of the Complaint.

57. Merck denies each and every allegation contained in paragraph 57 of the Complaint.

### IX. RESPONSE TO "Count VI - Actual and Constructive Fraud"

58. With respect to the allegations contained in this section of the Complaint, Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full. Merck admits that in paragraph 58 of the Complaint, Plaintiff purports to plead in the alternative and incorporate the foregoing paragraphs by reference.

59. Merck denies each and every allegation contained in paragraph 59 of the Complaint.

60. The allegations contained in paragraph 60 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 60 of the Complaint.

61. The allegations contained in paragraph 61 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 61 of the Complaint.

62. The allegations contained in paragraph 62 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except admits that Plaintiff purports to state a claim for exemplary damages, but denies that there is any legal or factual basis for said relief.

63. The final, un-numbered paragraph in this section of the Complaint is not an allegation and no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except admits that Plaintiff purports to state a claim for compensatory, punitive, and exemplary damages, but Merck denies that there is any legal or factual basis for such relief.

## X.  RESPONSE TO "Prayer"

64. The first un-numbered paragraph in this section of the Complaint is not an allegation and no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, including subparts a. through i., except admits that Plaintiff purports to state a claim for compensatory, punitive, and exemplary damages, but Merck denies that there is any legal or factual basis for such relief.

65. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second un-numbered paragraph in this section of the Complaint, and therefore, Merck denies each and every allegation contained in said paragraph.

### XI. RESPONSE TO "Plaintiff's Demand for Jury Trial"

66. Merck admits that Plaintiff has demanded a trial by jury.

### XII. AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims may be time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely.

3. Plaintiff's claims may be barred, in whole or in part, from recovery because they have made statements or taken actions that preclude them from asserting claims or constitute a waiver of their claims.

4. Plaintiff's claims may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

5. Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

6. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were cause in whole or in part through the operation of nature or other intervening cause or causes.

7. To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

8. To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are

barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

9. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

10. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

11. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

12. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

13. To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

14. To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Texas law.

15. Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by The Federal Rules of Civil Procedure.

16. Plaintiff's claims are barred, in whole or in part, under Texas law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

17. Plaintiff's claims are barred in whole or in part by the First Amendment.

18. Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

19. There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

20. This case is more appropriately brought in a different venue.

21. Venue in this case is improper.

22. The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

23. The claims of Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

24. The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to their claims.

25. The claims of Plaintiff may be barred, in whole and in part, by the doctrine of laches.

26. The claims of Plaintiff are barred, in whole or in part, by their failure to mitigate damages.

27. To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

28. The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

29. The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

30. Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

31. Plaintiff has not sustained any injury or damages compensable at law.

32. Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiff's failure to provide it with due process of law.

33. Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

34. Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation

Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

35. Plaintiff's claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts: Products Liability.

36. To the extent that Plaintiff seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

37. To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

38. Plaintiff's demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

39. Merck further states that any warnings which were given were transmitted to the prescribing health care provider, and that under Texas law, Merck's only obligation is to warn the prescribing health care provider and said obligation was fulfilled.

40. If Plaintiff sustained the injuries and damages alleged in the Complaint, such injuries resulted, in whole or in part, from the culpable conduct and negligence of Plaintiff and/or of third parties, not from any negligence or breach of duty by Merck. If judgment is rendered in Plaintiff's favor, the amount of such judgment must be reduced pursuant to the Proportionate Responsibility Statute § 33.001, et seq. of the Texas Civil Practice & Remedies Code.

41. Merck is unaware at this time of any settlements by any alleged joint tortfeasor. In the event any settlement is or has been made by any alleged joint tortfeasor, however, then

Merck is entitled to a full credit, offset, pro rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling party, person, or other entity herein, and Merck makes known to the other parties and to the court that it will avail itself of its rights under §§ 33.012 et seq. of the Texas Civil Practice & Remedies Code.

42.     Merck fully asserts § 82.001 and § 82.007 of the Texas Civil Practice and Remedies Code and states that all of Plaintiff's claims are barred under those sections.

43.     Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate Merck's rights under Amendments IV, V, VI and XIV of the United States Constitution and under Sections 9, 10, 14 and 19 of Article I of the Texas Constitution.

44.     Unless Merck's liability for punitive damages and the appropriate amount of punitive damages are each required to be established by clear and convincing evidence under Texas law, any awards of punitive damages would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

45.     Any claims for punitive damages against Merck cannot be sustained, because any award of punitive damages under Texas law without bifurcating the trial as to all punitive damages issues would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

46.     Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law subject to no pre-determined limit, either a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive

damages that a jury may impose would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

47. Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law for the purpose of compensating Plaintiff for elements of damages not otherwise recognized by Texas law would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

48. Merck asserts that the determination of the amount of punitive damages, if any, shall be bifurcated from the remaining issues pursuant to Transportation Ins. Co. v. Moriel, 879 S.W.2d 10 (Tex. 1994).

49. Any claims for exemplary damages are limited by Section 41.008 of the Texas Civil Practice and Remedies Code to two times the amount of actual damages or $200,000, whichever is greater. Merck asserts all other defenses and limitations on punitive damages contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

50. The imposition of punitive damages violates the open courts provision of the Texas Constitution.

51. Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana. Merck hereby reserves the right to amend and/or supplement this answer to assert any such defense at a future time and in conformity with the Federal Rules of Civil Procedure.

## XIII. JURY DEMAND

1. Merck hereby demands a trial by jury on all of Plaintiff's claims.

## XIV. PRAYER

2. WHEREFORE, PREMISES CONSIDERED, Defendant Merck & CO., Inc. prays that Plaintiff takes nothing by her Original Complaint, and that Merck be awarded its costs of court herein expended, and that Merck have such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,
s/ Richard L. Josephson


Richard L. Josephson
State Bar No. 11031500
Federal ID No. 04614
910 Louisiana
Houston, Texas 77002
(713) 229-1460
(713) 229-1522

ATTORNEY-IN-CHARGE FOR
MERCK & CO., INC.

OF COUNSEL

Travis J. Sales
State Bar No. 17532080
Federal ID No. 09173
Maryanne Lyons
State Bar No. 00787937
Federal I.D. No. 17547
W. Zachary Hughes
State Bar No. 24032441
Federal I.D. No. 30097
BAKER BOTTS L.L.P.
910 Louisiana
Houston, Texas 77002
Telephone: (713) 229-1234
Telecopy: (713) 229-1522

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Jury Demand of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 27th day of November, 2006.

/s/ *Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

826474v.2