UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION: | | |
| | : | SECTION: L |
| | : | |
| THIS DOCUMENT RELATES TO ALL CASES: | | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |

**PLAINTIFF'S OPPOSITION TO MERCK'S MOTION FOR A PROTECTIVE ORDER REGARDING THE TRIAL PRESERVATION DEPOSITION OF STEVEN NISSEN, MD.**

Once again, Merck proposes that this Court, the PSC and any plaintiff whose upcoming trial cases have been coordinated with the MDL be held hostage the schedule of one man. In its Motion for a Protective Order Regarding the Trial Preservation Deposition of Dr. Steven Nissen filed on November 22, 2006, Merck proposes that only one attorney in the entire Merck arsenal of attorneys—Phillip Beck—can cover a deposition that has been exceedingly difficult to schedule, and was scheduled on this date to suit the schedule of the one person who is indispensable--the witness.

As the Court is well aware, this is not the first time that the PSC has been put in a position of having its trial preparation hinge on the schedule of Mr. Beck. Most recently, this issue was recently addressed by the Court with respect to the trial preservation deposition of John Farquhar, MD. Ironically, after forcefully urging this Court that the Mr. Beck--and Mr. Beck alone--could handle Dr. Farquhar's deposition, and after the deposition was rescheduled to accommodate Mr. Beck, Merck assigned one of Mr. Beck's able partners, Donald Scott, Esq, to take that deposition. See, Exhibit 14.

1

Merck's motion for protective order should be denied. As set forth more fully below, the PSC has been attempting to schedule the deposition of Dr. Nissen since August 2006. Until he offered the current date of December 12, 2006, the PSC was told that the only full dates that Dr. Nissen had was in the spring of 2007. As the Court is aware, the Court has instructed the PSC to coordinate, where possible, with the various state courts that have Vioxx trials. In this regard, there are several coordinated state court trials proceeding in the first quarter of 2007, including trials in New Jersey (involving PSC firms Seeger Weiss and Ashcraft & Gerel) and Philadelphia (involving PSC firm Kline and Specter). In each of those cases, plaintiffs have expressed a desire to use the PSC MDL work product, and in particular, the deposition testimony of Dr. Steven Nissen. Accordingly, because Dr. Nissen's counsel has represented that December 12, 2006 is the only date that Dr. Nissen is available for a deposition prior to the commencement of the aforementioned trials, plaintiffs noticed his deposition for that date. The plaintiffs in these state proceedings should not be denied the ability to have Dr. Nissen's deposition testimony available to him because the date happens to be inconvenient for Mr. Beck. This is particularly true where, as here, Merck has multiple law firms and scores of trial lawyers who can cover this deposition

## FACTUAL BACKGROUND

Steven Nissen, M.D., is Chairman of the Department of Cardiovascular Medicine at Cleveland Clinic and President of the American College of Cardiology. He assumed his current position at the Cleveland Clinic on an interim basis (from his colleague Eric Topol, MD) in February 2006, and was appointed Chair of the Department in August 2006. Among other things, Dr. Nissen was a Member of the FDA Advisory Committee which considered Vioxx issues in 2001 and 2005, has worked with Merck, and has written on the safety of COX-2 inhibitors.

The scheduling of Dr. Nissen's deposition has been, to say the least, very difficult for the PSC, Dr. Nissen and his employer, the Cleveland Clinic. It is fair to say that scheduling this deposition has taken months. On August 7, 2006, PSC member Christopher Tisi, Esq. contacted the Cleveland Clinic Counsel, Victoria Vance, Esq. to request the deposition. In that e-mail, Mr. Tisi stated that "[the PSC] has held off till now because of [Dr. Nissen's] new duties but would like to revisit the issue at this time." See, Exhibit 1. On August 14, 2006, and September 7, 2006, Mr. Tisi followed up requesting dates which would make Dr. Nissen available for both the Mason and Detrick trials as well as for various state court trials whose lawyers have agreed to coordinate their discovery with the discovery proceeding in the MDL. See, Exhibits 2 and 3. In a September 7 e-mail, Mr. Tisi indicated that the PSC would like to schedule the deposition for "one day rather than spread it out over several" and offered to be flexible on a Saturday if that would suit Dr. Nissen and the Clinic. See, Exhibit 3.

On September 7, 2006, Ms. Vance responded stating that "we're looking at the schedule now. Getting one day may be months away. I'm asking for the first available full day, or back to back days, and will offer you the options." See, Exhibit 3. On September 13, 2006, Ms. Vance sent Mr. Tisi the following e-mail:

> Chris—*as expected, Dr. Nissen does not have a full day to offer until well into next year: April 2, April 5, or April 9.* His calendar is committed to hospital [American College of Cardiology], patients, committee work, etc. If you want back-to-back dates, he can give up time on February 26 and Feb 27, 2007. ***These are the first available dates.***

See, E-mail of September 13, 2006 (Exhibit 4) (Emphasis added). The same date, Mr. Tisi replied to Ms. Vance:

> Vicky:
>
> Thanks for getting back to me. *As you know, there are several trials this fall through January through both state and Federal*

3

> *Court.* Therefore, it appears that we cannot get this done in the timeframe that would permit the back-to-back dates that we requested. Accordingly, would you kindly seek dates that are not back-to back but preferably the same week? Please check for dates in the near term.
>
> ***You should know that we are attempting to do this in a manner that would require his appearance at one time so any assistance you can provide will be helpful to both the PSC and the Clinic. Dates for early next year make that virtually impossible***
>
> Chris

Exhibit 5. (Emphasis supplied)

On September 18, 2006, Ms Vance responded with additional dates---still in 2007. In her e-mail she wrote that

> I just spoke with Dr. Nissen's office. Even when his secretary expands his search to other days---not necessarily back to back---when he could be available for a block of 3-4 hours for depo, we are not going to do any better than February 2007. I can now offer 2/5, 2/6: 2/19/2/20
>
> The fall is completely booked with national and international meetings. February is (relatively) good month. By March 2007 he's back into prep and presentation cycle for anther major round of meetings, summits and conferences. The sooner you can pick one of those dates, the better. He cannot hold any dates for very long.

Exhibit 6.

In response, Mr. Tisi again implored Ms. Vance for dates in 2006. In an e-mail dated September 18, 2006, Mr. Tisi wrote:

> Respectfully, there must be something else we can do. If I tell the Judge this (as well as the litigants), he is going to suggest that we simply subpoena him. That, of course, is something that I do not wish to do. As I said previously, we would be very flexible with our own scheduling ad could do this after hours or on weekends if that would work better for the doctor.

Exhibit 7.

4

After much effort on the part of the PSC and on the part of Dr. Nissen and the Cleveland clinic, two dates in 2006 were finally identified. In an e-mail dated September 22, 2006, Ms. Vance informed Mr. Tisi:

> Chris---As promised, I have tried again to secure different dates on Dr. Nissen's calendar for the deposition. With substantial effort, he can rearrange some commitments and authorized me to offer you a choice of two dates: Dec 4 or Dec 12. He would be available on the date for the taking and completion of the deposition---up to seven hours, per the court's standing order. I will need to have confirmation of the date as soon as possible, in order to hold those dates. I trust that this will satisfy the parties' and the court's scheduling preferences

Exhibit 8.

Shortly thereafter, Mr. Tisi contacted Merck counsel Ted Mayer to inform him that the only full dates for deposition before April 2007 was December 12 and December 4, 2006. As has been the case recently, Mr. Mayer wrote back saying that "December 12 does not work for Phil Beck, because the Dedrick trial will still be in." Exhibit 9.[1] In response, Mr Tisi said:

> I tried to get as many dates as I could. The only dates before April 2006 [sic] were December 4 and Dec. 12. I chose the 12th because I thought that was most convenient given the Dedrick trial, I cannot get any additional dates and unwilling to postpone till April. If you want me to go back and look at the 4th, I could do so."

Exhibit 10.

Having heard nothing from Mr. Mayer, the PSC noticed the Deposition for December 12. See, Letter of November 3, 3006. (Exhibit 11). In the Cover letter to Ms. Vance, Mr Tisi said:

> We do understand that Dr. Nissen's schedule is tight and that his and your preference would have been to take this deposition in the Spring of 2007. We do appreciate that, with substantial effort on your part, he was able to make time for us on December 12, 2006

---

[1] As set forth more fully below, this is not the first time that the PSC has been forced to wait on the deposition of this one person. The PSC had to postpone the deposition of Dr. Avorn to accommodate Mr. Beck. Most recently, the PSC had to postpone the deposition of John Farquhar to accommodate Mr. Beck only to find out that Mr. Beck did not intend to take the deposition anyway. See, Exhibit 14.

Id.

Ten days later, on November 13, 2006, Mr. Mayer wrote that he acknowledge receipt of the Notice of Deposition and stated that he understood that the PSC has "rejected our request to move this to a mutually agreeable date so that Phil Beck can participate." (Exhibit 12). He further informed the PSC that Merck would again be approaching this Court "seeking appropriate relief from Judge Fallon so that Phil can be present when this deposition goes forward." (Id.) On the same date, Mr Tisi wrote back to make clear the issue was not the PSC's reluctance but the schedule of the witness:

> Ted:
>
> Its not that I have rejected your request. Rather, as I explained in my October 13 e-mail to you, I have been asking for dates from Dr. Nissen since August. While we obviously would have liked this deposition much earlier sometime this fall. Unfortunately, the only full dates that Dr. Nissen and his counsel could give us, other than December 4 and 12, were in April 2007. As I further explained in my e-mail I am unwilling to wait that long.
>
> In my October e-mail I did offer to move it up to December 4 but, having heard nothing back from you, I noted it for December 12.
>
> Chris

Exhibit 13.

On November 22, Merck filed the instant motion. Notably, the instant Motion is nearly identical motion to the Motion it filed with respect to Dr. Farquhar. In it, Merck seeks to delay this deposition ***for at least 5 months*** stating that "Mr. Beck...is the attorney that Merck has designated for the task of cross examining Dr, Nissen at his deposition." Merck Mot for Protective Order at 3.

## ARGUMENT

I.  **PTO 9 DOES NOT GIVE ETHER PARTY—THE PSC OR MERCK—THE RIGHT TO DELAY THE DEVELOPMENT OF THE TRIAL EVIDENCE SIMPLY BECAUSE OF ONE MAN'S SCHEDULE**

In support of its position that Mr. Beck and, only Mr. Beck, can cover Dr. Nissen's cross examination, Merck cites Pretrial Order Number 9 which states that "questioning should *ordinarily* be by one attorney….*designated by lead counsel or by liaison counsel for each side.*" Merck Mot. at 2.(Emphasis supplied). PTO 9, however, was drafted to ensure the orderly conduct of discovery depositions and to avoid multiple questioners. It was <u>not</u> intended to permit one party to frustrate the trial preservation testimony of witnesses whose testimony would be used in upcoming trials by insisting that one and only one lawyer is capable of taking a deposition.[2]

Moreover, even if Pretrial Order 9 was intended to cover the instant situation, it is clear that the parties do not have the absolute right to dictate who will take depositions, just that they "ordinarily" do. In this case, multiple persons on the Merck trial team could cover this deposition. For example, Merck designated Mr. Beck's partner, Andrew Goldman, Esq. to cover the deposition of Dr. Nissen's colleague, Eric Topol. Similarly, it designated Robert Patrick, Esq, to take the deposition of Gregory Curfman, Editor of the New England Journal of Medicine. Finally, it designated Donald Scott, Esq. one of Mr. Beck's partners, to take the deposition of Dr. Farquhar (after urging the court that Mr. Beck---and only Mr. Beck---could take that deposition).

PTO 9 does not support Merck's proposition.

---

[2] In part, the current problem is a result of Merck's strategy to "try every case." If that is true, they cannot complain when there trial counsel is engaged in court.

7

II. **THERE IS TRULY NO OTHER FULL DATES FOR THIS TRIAL DEPOSITION BEFORE APRIL 2007, AND THEY MAY BE GONE.**

In its motion, Merck has said that there is no evidence that there is no other date before April 2007 to get this deposition done. As set forth above, this is simply not true. As plaintiff has always told Merck, the only full dates the PSC could secure--other than the current December 2006 date--were in April of 2007. And those dates were offered three months ago. At that time, the Cleveland clinic counsel informed the PSC that "By March 2007 he's back into prep and presentation cycle for anther major round of meetings, summits and conferences…he cannot hold any dates for very long." (Exhibit 7).

It is simply not the case that the PSC has not sought multiple dates.

III. **PLAINTIFFS SHOULD NOT HAVE TO WAIT TO COMPLETE THEIR TRIAL PACKAGE--WHICH IS IN USE ALL OVER THE COUNTRY--BECAUSE OF THE TRIAL SCHEDULE OF ONE PERSON, PARTICULARLY WHERE THERE ARE OTHERS WHO CAN COVER THIS DEPOSITION.**

This Court has previously made clear that the collective experience of the Federal and State Courts—not just the Federal trials--are both instructive and important to this Court. In this regard, this Court has played a crucial coordinating role, where possible, the various venues that are active in Vioxx litigation. For example, this Court—and Merck itself-- has asked the PSC to play an important coordinating role for the discovery. The PSC has endeavored to carry out the task of developing evidence that can be used in all trails—both Federal and State. Thus, the PSC has actively coordinated the deposition of Merck's corporate witnesses for use in both the State and Federal Courts. Similarly, the PSC has taken some of the most important third-party depositions in this case, including Drs Graham, Topol, Fries and Avorn. As envisioned by the Court, the PSC work product has become important evidence which has been used in most of the Federal and State Court trials.

While there are no federal trials scheduled in this Court for the first half of 2007, there are numerous coordinated State Court Trials which are proceeding. In January, two PSC firms, Seeger Weiss and Ashcraft and Gerel, LLP, have trials scheduled in New Jersey. Similarly, In February, 2007, PSC firm Kline and Specter has a trial in Philadelphia, Pennsylvania where the MDL work product will be prominently displayed. In addition, the PSC will be finalizing the MDL trial package for cases that will be remanded from this Court in 2007.

The short of it is that the PSC should not be hampered in preparing its evidence for use in all courts because Merck has one—and only one—person that it thinks can do a competent cross examination.

Respectfully submitted,

/s/ Leonard A. Davis
**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA  70113
PH:    (504) 581-4892
FAX:  (504) 561-6024

Temporary Address:

Place St. Charles
201 St. Charles Ave.
Suite 4310
New Orleans, LA  70170
**Plaintiffs' Liaison Counsel**

| Richard J. Arsenault, Esq.<br>P.O. Box 1190<br>2220 Bonaventure Court<br>Alexandria, LA  71309-1190<br>PH: (318) 487-9874<br>FAX: (318) 561-2591 | Gerald E. Meunier, Esq.<br>Energy Centre<br>1100 Poydras Street, Suite 2800<br>New Orleans, LA  70163-2800<br>PH: (504) 522-2304<br>FAX: (504) 528-9973 |
|---|---|

| | |
|---|---|
| Andy D. Birchfield, Esq. **(Co-Lead Counsel)**<br>P.O. Box 4160<br>234 Commerce Street<br>Montgomery, AL 36103-4160<br>PH: (800) 898-2034<br>FAX: (334) 954-7555<br><br>Elizabeth Cabraser, Atty.<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Franciso, CA 94111-3339<br>PH: (415) 956-1000<br>FAX: (415-956-1008<br><br>Thomas Kline, Esq.<br>1525 Locust St.<br>19th Floor<br>Philadelphia, PA 19102<br>PH: (215) 772-1000<br>FAX: (215) 772-1371<br><br>Arnold Levin, Esq.<br>510 Walnut Street<br>Suite 500<br>Philadelphia, PA 19106-3875<br>PH: (215) 592-1500<br>FAX: (215) 592-4663<br><br>Shelly Sanford, Atty.<br>2200 Texaco Heritage Plaza<br>1111 Bagby<br>Houston, TX 77002<br>PH: (713) 650-0022<br>FAX: (713-650-1669 | Troy Rafferty, Esq.<br>316 S. Baylen Street, Suite 400<br>Pensacola, FL 32502<br>PH: (850) 435-7000<br>FAX: (850) 497-7059<br><br>Drew Ranier, Esq.<br>1419 Ryan Street<br>Lake Charles, LA 70601<br>PH: (337) 494-7171<br>FAX: (337) 494-7218<br><br>Mark Robinson, Esq.<br>620 Newport Center Drive<br>7th Floor<br>Newport Beach, CA 92660<br>PH: (949) 720-1288<br>FAX: (949) 720-1292<br><br>Christopher Seeger, Esq. **(Co-Lead Counsel)**<br>One William Street<br>New York, NY 10004<br>PH: (212) 584-0700<br>FAX: (212) 584-0799<br><br>Christopher Vincent Tisi, Esq.<br>2000 L Street, NW<br>Suite 400<br>Washington, DC 20036-4914<br>PH: (202) 783-6400<br>FAX: (307) 733-0028 |

**PLAINTIFFS' STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B) and upon the below listed party via U.S. Mail, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 29th day of November, 2006.

Victoria L. Vance, Esq.
The Cleveland Clinic Foundation
1950 Richmond Road
Lyndhurst, OH  44124

/s/ Leonard A. Davis
Leonard A. Davis (Bar No. 14190)
**Herman, Herman, Katz & Cotlar, LLP**
201 St. Charles Ave., Suite 4310
New Orleans, LA  70170
PH:   (504) 581-4892
FAX:  (504) 561-6024
ldavis@hhkc.com