UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | * * * * * * * * * * * | MDL No. 1657 <br><br> SECTION L <br><br> JUDGE ELDON E. FALLON <br><br> MAGISTRATE JUDGE DANIEL E. KNOWLES, III |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Curtis Hill and Nettie Hill v. Merck & Co., Inc.*, **No. 06-6309.**

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the Plaintiffs' Original Complaint ("Complaint") as follows:

### RESPONSE TO COMPLAINT

#### RESPONSE TO "I. INTRODUCTION AND PARTIES"

1.1     Denies each and every allegation contained in paragraph 1.1 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx® ("Vioxx"), which is the brand name for rofecoxib, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for said relief.

1.2   Denies each and every allegation contained in paragraph 1.2 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

1.3   Denies each and every allegation contained in paragraph 1.3 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

1.4   Denies each and every allegation contained in paragraph 1.4 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health.

1.5   Denies each and every allegation contained in paragraph 1.5 of the Complaint, except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health, and that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx, which is the brand name for rofecoxib, from the worldwide market on September 30, 2004.

## RESPONSE TO
## "II. JURISDICTION"

2.1   The allegations contained in paragraph 2.1 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 2.1 of the Complaint, as

it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiffs purport to state a claim in excess of $75,000 but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "III. CONDITIONS PRECEDENT"

3.1     The allegations contained in paragraph 3.1 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 3.1 of the Complaint.

## RESPONSE TO
## "BACKGROUND FACTS"

4.1     Denies each and every allegation contained in paragraph 4.1 of the Complaint, except admits that Merck has employees, agents, and representatives.

4.2     Denies each and every allegation contained in paragraph 4.2 of the Complaint and avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

4.3     Denies each and every allegation contained in paragraph 4.3 of the Complaint, except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health, and that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx, which is the brand name for rofecoxib, from the worldwide market on September 30, 2004.

4.4    Denies each and every allegation contained in paragraph 4.4 of the Complaint, except admits that Vioxx, which is the brand name for rofecoxib, reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

4.5    Denies each and every allegation contained in paragraph 4.5 of the Complaint, except admits that Vioxx is a selective COX-2 inhibitor and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

4.6    Denies each and every allegation contained in paragraph 4.6 of the Complaint, except admits that Merck submitted a New Drug Application ("NDA") for Vioxx 12.5 mg and Vioxx 25 mg tablets and respectfully refers the Court to said NDA for its actual language and full text.

4.7    Denies each and every allegation contained in paragraph 4.7 of the Complaint, except admits that Merck submitted a NDA for Vioxx Oral Suspension and respectfully refers the Court to said NDA for its actual language and full text.

4.8    Denies each and every allegation in paragraph 4.8 of the Complaint, except admits that Merck sought and, in May 1999, received U.S. Food & Drug Administration ("FDA") approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

4.9    Denies each and every allegation contained in paragraph 4.9 of the Complaint, except admits that Merck received a letter from a regulatory review officer in

December 1999 and respectfully refers the Court to that letter for its actual language and full text.

4.10    Denies each and every allegation contained in paragraph 4.10 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

4.11    Denies each and every allegation contained in paragraph 4.11 of the Complaint, including its subparts (a) and (b), except admits that the Vioxx Gastrointestinal Outcomes Research ("VIGOR") study exists, and respectfully refers the Court to the referenced study for its actual language and full text.

4.12    Denies each and every allegation contained in paragraph 4.12 of the Complaint, except admits that Merck issued a press release dated March 27, 2000 and respectfully refers the Court to the referenced press release for its actual language and full text.

4.13    Denies each and every allegation contained in paragraph 4.13 of the Complaint, except admits that the studies referenced in paragraph 4.13 of the Complaint exist, and respectfully refers the Court to said studies for their actual language and full text.  Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

4.14    Denies each and every allegation contained in paragraph 4.14 of the Complaint, except admits that the referenced studies exist, and respectfully refers the Court to those studies for their actual language and full text.

4.15    Denies each and every allegation contained in paragraph 4.15 of the Complaint, except admits that Merck has issued certain statements regarding Vioxx and

respectfully refers the Court to the statements referenced by Plaintiffs for their actual language and full text.

4.16    Denies each and every allegation contained in paragraph 4.16 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that worldwide sales figures for Vioxx exceeded $2 billion in 2000.

4.17    Denies each and every allegation contained in paragraph 4.17 of the Complaint, except admits that the referenced publication and study exist and respectfully refers the Court to said publication and study for their actual language and full text.

4.18    Denies each and every allegation contained in paragraph 4.18 of the Complaint.

4.19    Denies each and every allegation contained in paragraph 4.19 of the Complaint, except admits that the referenced briefing document and memorandum exist and respectfully refers the Court to said documents for their actual language and full text.

4.20    The allegations contained in the first sentence of paragraph 4.20 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of paragraph 4.20 of the Complaint, except admits that Public Citizen has made certain statements regarding Vioxx and respectfully refers the Court to the referenced statement for its actual language and full text. Merck denies each and every allegation contained in the second sentence of paragraph 4.20 of the Complaint.

4.21    Denies each and every allegation contained in paragraph 4.21 of the Complaint except admits that Merck issued a press release on May 22, 2001 and respectfully refers the Court to the referenced press release for its actual language and full text.

4.22    Denies each and every allegation contained in paragraph 4.22 of the Complaint, except admits the existence of the journal and the article contained therein, and respectfully refers the Court to the referenced document for its actual language and full text.

4.23    Denies each and every allegation contained in paragraph 4.23 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual language and full text.

4.24    Denies each and every allegation contained in paragraph 4.24 of the Complaint, except admits that the referenced press release exists and respectfully refers the Court to the referenced press release for its actual language and full text.

4.25    Merck denies each and every allegation contained in paragraph 4.25 of the Complaint, except admits that Merck received a letter from a regulatory review officer in September 2001, and respectfully refers the Court to that letter for its actual language and full text.

4.26    Denies each and every allegation contained in paragraph 4.26 of the Complaint, except admits that worldwide sales figures for Vioxx exceeded $1.5 billion in 2000 and $2.5 billion in 2003.

4.27    Denies each and every allegation contained in paragraph 4.27 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

4.28    Denies each and every allegation contained in paragraph 4.28 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

4.29    Denies each and every allegation contained in paragraph 4.29 of the Complaint, except admits the existence of the journal and the study contained therein and respectfully refers the Court to the referenced publication for its actual language and full text.

4.30    Denies each and every allegation contained in paragraph 4.30 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

4.31    Denies each and every allegation contained in paragraph 4.31 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

4.32    Denies each and every allegation contained in paragraph 4.32 of the Complaint, except admits that the referenced article and study exist and respectfully refers the Court to said article and study for their actual language and full text.

4.33    Denies each and every allegation contained in paragraph 4.33 of the Complaint, except admits that the referenced system for adverse event reporting exists although the reports on the system are not necessarily accurate, and various cardiovascular adverse events

associated with Vioxx have been reported to the AERS system and respectfully refers the Court to the AERS for complete data on particular reported events. Merck further avers that adverse events are reported without regard to causality and do not reflect a conclusion by the reporter of the adverse event or the FDA that the event was caused by the drug.

4.34    Denies each and every allegation contained in paragraph 4.34 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual language and full text.

4.35    Denies each and every allegation contained in paragraph 4.35 of the Complaint, and avers that Merck disagreed with some of the language in the referenced published paper and therefore determined that it was not appropriate for a Merck author's name to appear on the published paper.

4.36    Denies each and every allegation contained in paragraph 4.36 of the Complaint, except admits that worldwide sales figures for Vioxx exceeded $2.5 billion in 2003.

4.37    Denies each and every allegation contained in paragraph 4.37 of the Complaint, except admits that Dorothy Hamill and Bruce Jenner were spokespersons for Vioxx.

4.38    Denies each and every allegation contained in paragraph 4.38 of the Complaint.

4.39    Denies each and every allegation contained in paragraph 4.39 of the Complaint, except admits the existence of the journal and the study and respectfully refers the Court to the referenced publication and study for their actual language and full text.

4.40    Denies each and every allegation contained in paragraph 4.40 of the Complaint, except admits that the referenced presentation and study exist and respectfully refers the Court to said presentation and study for their actual language and full text.

4.41    Denies each and every allegation contained in paragraph 4.41 of the Complaint, except admits the existence of the referenced study and respectfully refers the Court to the referenced study for its actual language and full text.

4.42    Denies each and every allegation contained in paragraph 4.42 of the Complaint, except admits the existence of the referenced study and respectfully refers the Court to the referenced study for its actual language and full text.

4.43    Denies each and every allegation contained in paragraph 4.43 of the Complaint, except admits that on August 26, 2004, Merck issued a press release and respectfully refers the Court to that press release for its actual language and full text.

4.44    Denies each and every allegation contained in paragraph 4.44 of the Complaint, except admits the existence of the referenced e-mail and respectfully refers the Court to the referenced e-mail for its actual language and full text.

4.45    Denies each and every allegation contained in paragraph 4.45 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

4.46    Denies each and every allegation contained in paragraph 4.46 of the Complaint.

4.47    Denies each and every allegation contained in paragraph 4.47 of the Complaint.

4.48    Denies each and every allegation contained in paragraph 4.48 of the Complaint, except admits that on September 23, 2004, Merck was informed that the External Safety Monitoring Board ("ESMB") had recommended that the APPROVe study be stopped when preliminary results showed a small increased risk of confirmed cardiovascular events

beginning after 18 months of continuous treatment with Vioxx. Merck further admits that a teleconference with Dr. Neaton and other ESMB members occurred on September 17, 2004.

4.49   Denies each and every allegation contained in paragraph 4.49 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that on September 23, 2004, Merck was informed that the ESMB had recommended that the APPROVe study be stopped when preliminary results showed a small increased risk of confirmed cardiovascular events beginning after 18 months of continuous treatment with Vioxx.

4.50   Denies each and every allegation contained in paragraph 4.50 of the Complaint, except admits that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of Vioxx and respectfully refers the Court to the referenced announcement for its actual language and full text.  Merck further avers that it announced on September 30, 2004 that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary worldwide withdrawal of Vioxx best served the interests of patients.

4.51   Denies each and every allegation contained in paragraph 4.51 of the Complaint, except admits that it has estimated that there were approximately 105 million prescription for Vioxx written in the United States from May 1999 through August 2004 and that, based on this estimate, Merck has estimated that the number of patients who have taken Vioxx in the United States since May 1999 is approximately 20 million.  Merck avers that these

figures are approximate numbers based on information received from various sources outside of Merck.

4.52    Denies each and every allegation contained in paragraph 4.52 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

4.53    Denies each and every allegation contained in paragraph 4.53 of the Complaint, except admits the existence of the journal and the article contained therein and respectfully refers the Court to the referenced article for its actual language and full text.

4.54    Denies each and every allegation contained in paragraph 4.54 of the Complaint, except admits the referenced articles exist and respectfully refers the Court to said articles for their actual language and full text.

4.55    Denies each and every allegation contained in paragraph 4.55 of the Complaint, except admits the referenced statement exists and respectfully refers the Court to said statement for its actual language and full text.

4.56    Denies each and every allegation contained in paragraph 4.56 of the Complaint, except admits that on September 30, 2004, Merck issued a statement regarding Vioxx and respectfully refers the Court to the statement for its actual language and full text.

4.57    Denies each and every allegation contained in paragraph 4.57 of the Complaint, except admits the referenced statement exists and respectfully refers the Court to said statement for its actual language and full text.

## RESPONSE TO:
## "FACTS"

5.1    Denies each and every allegation contained in paragraph 5.1 of the Complaint and avers that Vioxx was approved by the FDA as safe and effective for certain

indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

5.2     Denies each and every allegation contained in paragraph 5.2 of the Complaint, except admits that Merck has employees, agents, and representatives.

5.3     Denies each and every allegation contained in paragraph 5.3 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

5.4     Denies each and every allegation contained in paragraph 5.4 of the Complaint.

5.5     Denies each and every allegation contained in paragraph 5.5 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

5.6     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 5.6 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 5.6 of the Complaint, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

5.7     Denies each and every allegation contained in paragraph 5.7 of the Complaint.

## RESPONSE TO
## "COUNT 1 - STRICT LIABILITY – DESIGN DEFECT"

6.1     With respect to the allegations contained in paragraph 6.1 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

6.2     The allegations contained in the first sentence of paragraph 6.2 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx. Merck denies each and every allegation contained in the second sentence of paragraph 6.2 of the Complaint.

6.3     The allegations contained in paragraph 6.3 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 6.3 of the Complaint, except admits that Plaintiffs purport to plead the doctrine of strict liability but denies that there is any legal or factual basis for relief under this doctrine.

6.4     Denies each and every allegation contained in paragraph 6.4 of the Complaint.

6.5     Denies each and every allegation contained in paragraph 6.5 of the Complaint.

## RESPONSE TO
## "COUNT 2 - STRICT LIABILITY – MARKETING DEFECT"

7.1     With respect to the allegations contained in paragraph 7.1 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

7.2     The allegations contained in the first sentence of paragraph 7.2 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text. Merck denies each and every allegation contained in the second sentence of paragraph 7.2 of the Complaint.

7.3     The allegations contained in paragraph 7.3 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 7.3 of the Complaint, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

7.4     Denies each and every allegation contained in paragraph 7.4 of the Complaint.

**RESPONSE TO**
**"COUNT 3 - STRICT LIABILITY – MISREPRESENTATION"**

8.1     With respect to the allegations contained in paragraph 8.1 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

8.2     The allegations contained in the first sentence of paragraph 8.2 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx. Merck denies each and every allegation contained in the second sentence of paragraph 8.2 of the Complaint.

8.3     The allegations contained in paragraph 8.3 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 8.3 of the Complaint, and avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

8.4     Denies each and every allegation contained in paragraph 8.4 of the Complaint.

### RESPONSE TO
### "COUNT 4 - NEGLIGENCE"

9.1     With respect to the allegations contained in paragraph 9.1 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

9.2     The allegations contained in the first sentence of paragraph 9.2 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx. Merck denies each and every allegation contained in the second sentence of paragraph 9.2 of the Complaint, including its subparts a through w, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004 and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

9.3     Denies each and every allegation contained in paragraph 9.3 of the Complaint.

## RESPONSE TO
## "COUNT 5 - FRAUD"

10.1    With respect to the allegations contained in paragraph 10.1 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

10.2    The allegations contained in paragraph 10.2 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 10.2 of the Complaint. Merck further denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

10.3    Denies each and every allegation contained in paragraph 10.3 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

10.4    Denies each and every allegation contained in paragraph 10.4 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

10.5    Denies each and every allegation contained in paragraph 10.5 of the Complaint.

10.6     Denies each and every allegation contained in paragraph 10.6 of the Complaint.

10.7     Denies each and every allegation contained in paragraph 10.7 of the Complaint.

10.8     Denies each and every allegation contained in paragraph 10.8 of the Complaint.

10.9     The allegations contained in paragraph 10.9 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 10.9 of the Complaint

10.10   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 10.10 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 10.10 of the Complaint.

**RESPONSE TO**
**"COUNT 6 – CIVIL CONSPIRACY AND COMMERCIAL BRIBERY"**

11.1     With respect to the allegations contained in paragraph 11.1 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

11.2     The allegations contained in paragraph 11.2 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 11.2 of the Complaint.

## RESPONSE TO
## "COUNT 7 – BREACH OF IMPLIED WARRANTIES"

12.1    With respect to the allegations contained in paragraph 12.1 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

12.2    The allegations contained in the first sentence of paragraph 12.2 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx. Merck denies each and every allegation contained in the second sentence of paragraph 12.2 of the Complaint.

12.3    The allegations contained in paragraph 12.3 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 12.3 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

12.4    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 12.4 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 12.4 of the Complaint.

12.5    Denies each and every allegation contained in paragraph 12.5 of the Complaint.

12.6    Denies each and every allegation contained in paragraph 12.6 of the Complaint.

## RESPONSE TO
## "COUNT 8 – BREACH OF EXPRESS WARRANTY"

13.1    With respect to the allegations contained in paragraph 13.1 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

13.2    Denies each and every allegation contained in paragraph 13.2 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

13.3    Denies each and every allegation contained in paragraph 13.3 of the Complaint, including its subparts a through f, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

13.4    Denies each and every allegation contained in paragraph 13.4 of the Complaint.

13.5    Denies each and every allegation contained in paragraph 13.5 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

13.6    Denies each and every allegation contained in paragraph 13.6 of the Complaint.

13.7    Denies each and every allegation contained in paragraph 13.7 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

13.8    Denies each and every allegation contained in paragraph 13.8 of the Complaint, including its subparts a through c, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

13.9    Denies each and every allegation contained in paragraph 13.9 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

13.10   Denies each and every allegation contained in paragraph 13.10 of the Complaint.

## RESPONSE TO
## "COUNT 9 – LOSS OF CONSORTIUM"

14.1    With respect to the allegations contained in paragraph 14.1 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

14.2    Denies each and every allegation contained in paragraph 14.2 of the Complaint, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "COUNT 10 – EXEMPLARY DAMAGES"

15.1    With respect to the allegations contained in paragraph 15.1 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

15.2    Denies each and every allegation contained in paragraph 15.2 of the Complaint, except admits that Plaintiffs purport to seek exemplary damages but denies that there is any legal or factual basis for such relief.

15.3    The allegations contained in paragraph 15.3 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 15.3 of the Complaint.

15.4    Denies each and every allegation contained in paragraph 15.4 of the Complaint.

15.5    Denies each and every allegation contained in paragraph 15.5 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further avers that the prescription medicine Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

15.6    Denies each and every allegation contained in paragraph 15.6 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

15.7   Denies each and every allegation contained in paragraph 15.7 of the Complaint, except admits that Plaintiffs purport to seek exemplary damages but denies that there is any legal or factual basis for such relief.

15.8   The allegations contained in paragraph 15.8 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in paragraph 15.8 of the Complaint.

**RESPONSE TO**
**"AGENCY"**

16.1   Denies each and every allegation contained in paragraph 16.1 of the Complaint, except admits that Plaintiffs purport to define terms within this Complaint.

**RESPONSE TO**
**"ALLEGATIONS AND CAUSES OF ACTION IN THE ALTERNATIVE"**

17.1   Denies each and every allegation contained in paragraph 17.1 of the Complaint, except admits that Plaintiffs purport to allege factual allegations and/or causes of action in the alternative.

**RESPONSE TO**
**"CAUSATION"**

18.1   Denies each and every allegation contained in paragraph 18.1 of the Complaint.

**RESPONSE TO**
**"NO LIMITATIONS BAR"**

19.1   Denies each and every allegation contained in paragraph 19.1 of the Complaint, except admits that Merck has raised statute of limitations defenses regarding Vioxx where appropriate.

19.2    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 19.2 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 19.2 of the Complaint, except admits that Plaintiffs purport to plead the discovery rule but denies that there is any legal or factual basis for relief under such rule.

19.3    The allegations contained in paragraph 19.3 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 19.3 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 19.3 of the Complaint

19.4    The allegations contained in paragraph 19.4 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 19.4 of the Complaint.

19.5    The allegations contained in paragraph 19.5 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 19.5 of the Complaint. Merck further denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

19.6    The allegations contained in paragraph 19.6 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 19.6 of the Complaint, except admits that there are class actions pending in the MDL No. 1657 related to the prescription medicine Vioxx.

## RESPONSE TO
## "JURY DEMAND"

20.1    The statements contained in paragraph 20.1 of the Complaint are legal conclusions as to which no responsive pleading is required.

## RESPONSE TO
## "PRAYER"

21.1    The allegations contained in the unnumbered "Wherefore" paragraph of the Complaint under the heading "Prayer" constitute a prayer for relief as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph, including its subparts a through l, except admits that Plaintiffs purport to seek economic and other relief, but denies that there is any legal or factual basis for such relief.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

22.1    The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

22.2    The Plaintiffs were careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiffs.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

22.3    To the extent that Plaintiffs assert claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

22.4   To the extent that Plaintiffs assert claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

22.5   The Plaintiffs failed to exercise reasonable care to mitigate their alleged damages.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

22.6   Each and every claim asserted or raised in the Complaint is barred by prescription, preemption, and/or any other applicable federal or state statute of limitations.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

22.7   To the extent that Plaintiffs assert claims in the Complaint based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

22.8   The claims of the Plaintiffs are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

**AS FOR A NINTH**
**DEFENSE, MERCK ALLEGES:**

22.9    The claims of the Plaintiffs are barred in whole or in part under comment j

to Section 402A of the Restatement (Second) of Torts.

**AS FOR A TENTH**
**DEFENSE, MERCK ALLEGES:**

22.10   The claims of the Plaintiffs are barred under Section 4, *et seq.*, of the

Restatement (Third) of Torts: Products Liability.

**AS FOR AN ELEVENTH**
**DEFENSE, MERCK ALLEGES:**

22.11   The claims of the Plaintiffs are barred in whole or in part because Vioxx

"provides net benefits for a class of patients" within the meaning of comment f to Section 6 of

the Restatement (Third) of Torts:  Products Liability.

**AS FOR A TWELFTH**
**DEFENSE, MERCK ALLEGES:**

22.12   The  product  conformed  to  the  state-of-the-art  for  the  design  and

manufacture of such, or similar, products.

**AS FOR A THIRTEENTH**
**DEFENSE, MERCK ALLEGES:**

22.13   The claims of the Plaintiffs are barred, in whole or in part, under the

applicable state law because Vioxx was subject to and received pre-market approval by the Food

and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**AS FOR A FOURTEENTH**
**DEFENSE, MERCK ALLEGES:**

22.14   If Plaintiffs have sustained injuries or losses as alleged in the Complaint,

such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and

willfully assumed the risk of any injury as the result of the consumption of, administration of, or

exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### AS FOR A FIFTEENTH
### DEFENSE, MERCK ALLEGES:

22.15  If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### AS FOR A SIXTEENTH
### DEFENSE, MERCK ALLEGES:

22.16  To the extent that Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

### AS FOR A SEVENTEENTH
### DEFENSE, MERCK ALLEGES:

22.17  If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiffs or natural course of conditions for which this Defendant is not responsible.

### AS FOR AN EIGHTEENTH
### DEFENSE, MERCK ALLEGES:

22.18  If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiffs or abuse of Vioxx.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

22.19   The claims of Plaintiffs are barred in whole or in part by the First Amendment of the Constitution of the United States of America and comparable state law provisions.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

22.20   To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity, and/or because the alleged warranties were disclaimed.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

22.21   Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

22.22   Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights.   Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

22.23   To the extent that Plaintiffs seek punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

22.24  To the extent Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

22.25  The demand for punitive damages by the Plaintiffs is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

22.26  To the extent that Plaintiffs assert claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to their claims, Plaintiffs have failed to allege facts that would overcome the defenses available under that state products liability law.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

22.27  The claims of Plaintiffs are barred, in whole or in part, because one or more Plaintiffs lack capacity and/or standing to bring such claims.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

22.28  To the extent that Plaintiffs assert claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiffs to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

22.29   Merck demands a trial by jury of all issues.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

22.30   Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

22.31   Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

22.32   To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, be subject to the limitations of Indiana Code § 34-51-3-1 *et seq.*

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

22.33   Any liability that might otherwise be imposed upon this Defendant is subject to reduction or elimination by the application of the doctrine of comparative fault as codified at Indiana Code § 34-51-2-1 *et seq.*

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

22.34  Plaintiffs' claims under the Indiana Deceptive Consumer Sales Act are barred or limited pursuant to the limitations set forth in Indiana Code § 24-5-0.5-5.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.    That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' Complaint with prejudice against Merck with costs assessed to Plaintiffs;

2.    Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.    Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated: November 29 , 2006

Respectfully submitted,

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
          Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has

been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or

by hand delivery and e-mail and upon all parties by electronically uploading the same to

LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the

foregoing was electronically filed with the Clerk of Court of the United States District Court for

the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of

Electronic Filing in accordance with the procedures established in MDL No. 1657, on this 29th

day of November, 2006.