IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL<br>CASES | ) MDL NO. 1657<br>)<br>) SECTION: L<br>)<br>) JUDGE FALLON<br>) MAG. JUDGE KNOWLES |

## MERCK'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL RESPONSES TO PLAINTIFFS' STEERING COMMITTEE'S THIRD SET OF INTERROGATORIES AND THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO MERCK & CO., INC.

Merck & Co., Inc. ("Merck") respectfully submits this memorandum in opposition to plaintiffs' Motion to Compel more complete responses to its third set of interrogatories and requests for production.

As set forth in Merck's Motion For A Protective Order Prohibiting Discovery of Attorney Work Product And Privileged Communications Related to the Martin Report and Merck's Reply Memorandum In Support of Motion For A Protective Order, both of which are incorporated herein, plaintiffs seek interview notes, memoranda and other documents created by the Honorable John S. Martin Jr. and other attorneys at Debevoise & Plimpton LLP retained by Merck's Special Committee in direct response to threatened shareholder litigation and on-going federal investigations. Because these documents were created in anticipation of shareholder litigation and regulatory action, they fall within the scope of attorney work product. Moreover, because plaintiffs are unable to demonstrate that: (1) they have a substantial need for these documents and cannot without undue hardship obtain them from a less intrusive source, or (2) Merck has waived work-product protection under federal law, Merck need not produce these

materials.

In addition, plaintiffs seek documents and interrogatory responses that reveal the substance of retained counsel's communications with Merck employees, executives, officers and directors, all of which were made for the purpose of obtaining legal advice and are therefore subject to protection as privileged attorney-client communications for all the reasons set forth in Merck's prior briefing. Because plaintiffs are unable to establish a basis for vitiating the attorney-client privilege under New Jersey law, Merck need not disclose the information and materials requested for this reason as well.

Finally, plaintiffs complain that Merck has not yet produced a privilege log for the Martin Report materials. At this time, Merck is in the process of preparing a privilege log setting forth its privilege claims for each document responsive to plaintiff's third request. However, due to the breadth of plaintiffs' document requests, it is a highly time-consuming process. Should plaintiffs formally agree, as they previously indicated they would, to limit the scope of their requests to exclude all internal Debevoise communications regarding the preparation of the Martin Report, it would substantially expedite completion of the privilege log.

Accordingly, for the reasons stated above, and for all of the additional reasons set forth in Merck's prior briefing, the Court should deny plaintiffs' Motion to Compel and instead grant Merck's Motion for a Protective Order prohibiting discovery of attorney work-product and privileged communications materials underlying the Martin Report.

Dated: December 1, 2006

2

Respectfully submitted,

s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN
L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Opposition of Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 1st day of December, 2006.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:   504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

826474v.2