UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to all cases | * | |
| | * | MAGISTRATE |
| | * | JUDGE KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * * * *

## MERCK & CO. INC.'S ("MERCK'S") REPLY IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER REGARDING THE TRIAL PRESERVATION DEPOSITION OF DR. STEVEN NISSEN

Plaintiffs' opposition to Merck's motion for a protective order to prevent the trial preservation deposition of Dr. Steven Nissen from going forward on December 12 – when Merck's selected counsel, Phil Beck, will be unavailable due to the *Dedrick* trial – makes clear that the difficulties plaintiffs have encountered in scheduling Dr. Nissen's deposition are of their own making. In their brief, plaintiffs point to a number of communications, dating back to August, between plaintiffs' counsel and Dr. Nissen's employers regarding potential dates for Dr. Nissen's testimony. (*See* Pls.' Opp. at 3-5.) Rather than involving Merck in these discussions so that the parties could find a mutually agreeable date or dates to conduct Dr. Nissen's deposition, as this Court has repeatedly asked the parties to do, plaintiffs instead decided to cut Merck out of the scheduling decision altogether.

Moreover, plaintiffs imposed their own strict conditions on Dr. Nissen's deposition, thereby limiting the number of available dates. For example, despite Dr. Nissen's limited availability, plaintiffs insisted, without any justification, that the deposition be conducted on "one day rather than spread[ing] it out over several." (*See* September 7 E-mail from Christopre

1

Tisi to Victoria Vance, attached to Pls.' Opp. as Ex. 3.) As a result, plaintiffs rejected Dr. Nissen's offer to sit for a deposition in two installments on February 26 and February 27, 2007. (*See* September 13 E-mail from Victoria Vance to Christopher Tisi, attached to Pls.' Opp. as Ex. 4; September 13 E-mail from Christopher Tisi to Victoria Vance, attached to Pls.' Opp. as Ex. 5.) For this same reason, plaintiffs also rejected Dr. Nissen's proposal that the deposition be taken in 3-4 hour blocks on February 5 & 6 or February 19 & 20. (*See* September 18 E-mail from Victoria Vance to Christopher Tisi, attached to Pls.' Opp. as Ex. 6; September 18 E-mail from Christopher Tisi to Victoria Vance, attached to Pls.' Opp. as Ex. 7.) Thus, plaintiffs' continued assertion that December 12 is the only date they were able to secure before April 2007 is simply untrue.

There is no reason to believe that plaintiffs would be prejudiced by having to conduct Dr. Nissen's deposition over the course of two or more days. By contrast, Merck will be undeniably prejudiced should it be forced to defend a trial preservation deposition without the aid of its selected counsel. While plaintiffs claim that Mr. Beck is not essential to Merck's defense because "multiple persons on the Merck team could cover this deposition," (Pls.' Opp. at 7), there is simply no reason why Merck should be restricted from having its lead counsel cross-examine an expert witness whose testimony may be played in numerous federal and state trials across the country.

Plaintiffs' only real argument that Merck will not be prejudiced should Mr. Beck be prevented from participating in Dr. Nissen's deposition is based on Mr. Beck's decision to designate one of his partners to defend the deposition of Dr. Farquhar, another expert witness, after the date of the deposition was changed to allow Mr. Beck to attend. However, plaintiffs fail to mention that the Farquhar deposition was rescheduled during the week of Thanksgiving on

two of the five business days between the verdict in the *Mason* trial and the start of the *Dedrick* trial. In addition, plaintiffs ignore that a pretrial conference in *Dedrick* was scheduled for one of the days plaintiffs selected for Dr. Farquhar's deposition. Moreover, plaintiffs also fail to mention that, despite arguing at length that Dr. Farquhar's testimony was essential to the litigation and could not be rescheduled or relocated to accommodate Mr. Beck's trial obligations, ***plaintiffs cancelled Dr. Farquhar's deposition hours after learning that Mr. Beck would not be able to participate*** – apparently concluding that it was not so essential after all. (*See* November 15 E-mail from Donald Arbitblit to Lester Houtz, attached to Pls.' Opp. as Ex. 14.)

In short, the simple and fair solution is for Dr. Nissen and the parties to confer and reach a mutually agreeable date for Dr. Nissen's deposition in February 2006, when Dr. Nissen has stated that he will be available to give testimony in several-hour blocks over the course of two or more days. Mr. Beck is available to participate in Dr. Nissen's deposition on any of the February 2007 dates proposed by the Cleveland Clinic in their above-referenced communications with plaintiffs' counsel. Merck thus respectfully requests that the Court grant its motion for a protective order, and prohibit Dr. Nissen's deposition from going forward on December 12.

Dated: December 4th 2006                    Respectfully submitted,

                                                         s/ Dorothy H. Wimberly
                                                         Phillip A. Wittmann, 13625
                                                         Dorothy H. Wimberly, 18509
                                                         STONE PIGMAN WALTHER
                                                         WITTMANN L.L.C.
                                                         546 Carondelet Street
                                                         New Orleans, Louisiana 70130
                                                         Phone: 504-581-3200
                                                         Fax:   504-581-3361

3

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Reply of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 4th day of December, 2006.

/s/ *Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel