UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx® | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY** | * | **SECTION L** |
| **LITIGATION** | * | |
| | * | **JUDGE FALLON** |
| This document relates to: | * | |
| | * | **MAGISTRATE** |
| **Frank Pescatello v. Merck & Co., Inc.,** | * | **JUDGE KNOWLES** |
| **05-cv-01255** | * | |
| | * | |
| * * * * * * * * * * * * * * * * * | * | |

## DEFENDANT MERCK & CO., INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE DISMISSAL

Defendant Merck & Co., Inc. ("Merck") respectfully submits this Memorandum in

opposition to *Plaintiff's Motion for Relief from Dismissal and Motion to Vacate Dismissal*

("Motion to Vacate") because Plaintiff fails to satisfy the requirements of Fed. R. Civ. P.

60(b)(1) and there is no basis in law or fact for Plaintiff's Motion. Moreover, the relief sought

by Plaintiff Counsel under Fed. R. Civ. P. 60(b)(6) is not permitted and therefore this Motion to

Vacate must be denied.

### PRELIMINARY STATEMENT

Despite more than adequate notice and sufficient due process, Ralph Monaco, Esq.,

counsel for the above-referenced Plaintiff, failed to respond to this Court's Rule to Show Cause

and failed to respond to Merck's repeated notice letters requesting a complete and verified

Plaintiff Profile Form ("PPF") for Plaintiff Frank Pescatello. Moreover, Plaintiff's counsel

disregarded the mandates enumerated in Pretrial Order No. 8B ("PTO 8B") and Pretrial Order

No. 18C ("PTO 18C") by not serving a PPF for Plaintiff that was due almost a year ago. Each of the foregoing warranted dismissal of Plaintiff's action with prejudice.

In the instant Motion to Vacate, Mr. Monaco is now attempting, through misstatement of the record and speculative and legally unsupported arguments, to manufacture issues in an effort to vacate this Court's judgment dismissing the above-referenced case with prejudice. This Court, however, should not reward Plaintiff counsel's dilatory conduct in the administration of Plaintiff's case and complete disregard for this Court's Orders. This Motion to Vacate must, therefore, be denied.

## BACKGROUND

Plaintiff alleges that his delay in providing a PPF was not intentional or in bad faith but rather due to mistake, inadvertence, surprise or excusable neglect in that "he never received notice that a deadline for dismissal was requested or pending, *most likely* due to an electronic mail problem." (Pl.'s Mot. to Vacate. at 1.) (emphasis added). These contentions are wholly without merit. Indeed, the full record of the above-referenced case demonstrates a pattern of dilatoriness and negligence on Plaintiff's counsel's part that cannot be absolved by this Court.

Almost a year has passed since Plaintiff's PPF was due and over a year and a half has passed since this case was transferred to this MDL.[1]  On February 14, 2006, Merck first notified Mr. Monaco by letter, sent by facsimile and regular mail, that Plaintiff had failed to serve a PPF by the applicable deadline imposed by PTO 18C. Merck's Notice Letter (February 14, 2006) (attached hereto as Exhibit A). At this time, Merck provided Plaintiff with an additional twenty-days to provide a complete and verified PPF as mandated by PTO 18C. Plaintiff's counsel never

---

[1] Mr. Pescatello's case was transferred into the Vioxx Multi-District Litigation ("MDL") on April 1, 2005 and his PPF was originally due on December 30, 2005.

responded to Merck's first notice. On April 4, 2006, Merck again notified Mr. Monaco by letter, sent by facsimile and regular mail, of his obligation under PTO 18C to provide a PPF and, as a professional courtesy, provided Plaintiff with an additional ten-days to provide a PPF. Merck's Notice Letter (April 4, 2006) (attached hereto as Exhibit B). Once again, Plaintiff's counsel never responded.

In light of Plaintiff's silence, on September 7, 2006, Merck moved to dismiss Plaintiff's claims by filing its Motion for a Rule to Show Cause, and pursuant to PTO 8B, Merck served its Rule to Show Cause upon Plaintiff's counsel via LexisNexis File & Serve ("LNFS") at 3:05 PM CDT.[2] This Court entered the Rule to Show Cause on September 8, 2006 and set a hearing date for October 26, 2006. The Court ordered that all opposition papers be filed and served by October 6, 2006 ("the Order"). On September 11, 2006, the Order was filed by United States District Court Eastern District of Louisiana Clerk's office and served via LNFS on Plaintiff's counsel on September 12, 2006 (again, an electronic e-mail of the Order as well as all other previous filings in this case was electronically placed in Plaintiff's general litigation file on LNFS). On September 17, 2006, Plaintiff's Liaison Counsel also contacted Mr. Monaco directly regarding the upcoming hearing and his Court-ordered discovery obligations. (Rule to Show Cause Hr'g Tr. at 6 lines 12-18, October 26, 2006). On October 26, 2006, this Court held its Rule to Show Cause hearing and Plaintiff's counsel neither submitted opposing papers nor attended nor provided a PPF for his client. As this Court noted at the October 26 hearing,

---

[2] By serving this document through LNFS, a copy of Merck's Rule to Show Cause was not only sent to Mr. Monaco's private email address, rmonaco.C-L@snet.net, the one Mr. Monaco provided to LNFS when he registered, but a copy of Merck's Rule to Show Cause was also placed in the general electronic case file for this particular case on the LNFS website. By logging in to the LNFS website, any counsel's case file can be accessed and reviewed at any time. Furthermore, it is clear that Mr. Monaco is knowledgeable with LNFS because he recently used LNFS to file his Motion to Vacate.

3

Plaintiff has been provided "every opportunity to respond" and had not done so. (*Id.* at 11 lines 5-8). In light of Plaintiff's failure to respond, this case was dismissed with prejudice.[3]

## ARGUMENT

Plaintiff's Motion to Vacate must be denied because Plaintiff has failed to meet the minimum standards necessary for this Court to exercise its discretion and vacate its original judgment dismissing Plaintiff's claims with prejudice. Specifically, Plaintiff fails to satisfy the requirements of Rule 60(b)(1) and Plaintiff's request for relief pursuant to Rule 60(b)(6) is unwarranted. Finally, this Court should deny this motion in order to insure; (i) the pace of this massive MDL litigation, (ii) the authority of this Court's orders, and (iii) that Merck is not further prejudiced by similar frivolous motions and arguments.

## I. PLAINTIFF HAS NOT SATISFIED THE REQUIREMENTS FOR RELIEF UNDER RULE 60(B)(1) AND THEREFORE PLAINTIFF'S MOTION TO VACATE SHOULD BE DENIED.

The Fifth Circuit has consistently held that granting relief under Rule 60(b)(1) is regarded as an "extraordinary remedy [and that] '[t]he desire for a judicial process that is predictable mandates caution in reopening judgments.' " *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998) (citation omitted). To merit relief, a party must demonstrate that its failure to respond to deadlines or otherwise submit timely opposition resulted from justifiable or excusable neglect. *Fed. Sav. & Loan Ins. Corp. v. Kroenke*, 858 F.2d 1067, 1069 (5th Cir. 1988). In determining excusable neglect, courts must not only examine "the length of the delay" and its "impact on [the] judicial proceedings", but they must also carefully examine "the reason for the delay",

---

[3] On November 11, 2003, after this Courts dismissal of Plaintiff's action with prejudice, Plaintiff's counsel without right filed a duplicate complaint in the District of Connecticut. On November 13 and 14, Merck filed notice of appearances and on November 22, 2006, Merck filed its Answer, incurring additional litigation costs in defending itself for an action that has already been dismissed with prejudice by this, Your Honor. (Duplicative case docket sheet is attached hereto as Exhibit C).

4

especially if "it was within the reasonable control of the movant", and "whether the movant acted in good faith" in seeking such relief. *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Moreover, "the greater the negligence involved, or the more willful the conduct, the less 'excusable' it is." *Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076, 1083 (5th Cir. 1984). In the instant case, Plaintiff has failed to demonstrate that his failure to meet this Court's imposed deadlines or to file an opposition to Merck's Rule to Show Cause was either justifiable or excusable.

The Fifth Circuit is clear and undifferentiated regarding the standards set forth under Rule 60(b)(1). Neither gross carelessness, ignorance of the rules, nor ignorance of the law are proper grounds for relief under Rule 60(b)(1). *Edward H. Bohlin Co. v. Banning Co., Inc.*, 6 F.3d 350, 356-57 (5th Cir. 1993); *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985) (quoting 11 Wright & Miller, Federal Practice and Procedure § 2858 at 170); *United States v. One 1978 Piper Navajo PA-31 Aircraft*, 748 F.2d 316, 319 (5th Cir. 1984). An attorney's negligence, mistake, or lack of due care, such as missing deadlines and failing to review the docket, simply do not constitute excusable neglect under 60(b)(1). *See Bohlin,* 6 F.3d at 356; *see also In re Anderson,* 330 B.R. 180, 189 (Bankr. S.D. Tex. 2005) (noting that it is "well-settled that failure to receive notice of ... [an] order is not an excuse for an untimely appeal because it is the party's affirmative duty to monitor the dockets") (citation omitted).

In fact, it may be an abuse of discretion if this Court were to reopen the above-referenced case under Rule 60(b)(1) when the sole reason asserted for justifying relief is one attributable solely to Plaintiff's counsel's carelessness with the applicable rules of court. *Knapp v. Dow Corning Corp.,* 941 F.2d 1336, 1338 (5th Cir.1991). Indeed, the extraordinary relief afforded by Rule 60(b) requires that the moving party "make a showing of unusual or unique circumstances

5

justifying such relief". *Pryo,* 769 F.2d at 286. The type of unusual circumstances that permit the
finding of "excusable neglect" must be circumstances beyond the control of the movant, such as
an act of God. *Pioneer,* 507 U.S. at 394. As such, Plaintiff has failed to meet this stringent
burden.

The record in this case is clear. On February 14, 2006 and again on April 4, 2006, Merck
served Plaintiff's counsel a letter by both facsimile and regular mail of Plaintiff's obligation
under PTO 18C to produce a PFF and of Merck's intention to seek dismissal of this case for
failing to provide a PPF.[4] At the January 3, 2006 case management conference held before this
Court, well before these notice letters were served on Plaintiff's counsel, Merck had notified this
Court and Plaintiffs of its intentions to begin moving to dismiss Plaintiffs' cases for failure to
provide discovery pursuant to PTO 18C. In fact, Plaintiff's counsel concedes in his Certification
that he received Merck's notice on February 14, 2006 informing him that Plaintiff's PPF was
overdue.[5] Plaintiff's counsel argues, however, that Mr. Pescatello's dementia "caused him to
forget about the [PPF]." (Pl.'s Mot. to Vacate. at 1.) This too is unavailing. Mr. Monaco knew
of Plaintiff's condition and even concedes that Plaintiff's condition has only worsened since
receiving Merck's notice letters. *Id.* This made it even more vital on Plaintiff's counsel to
ensure that his client complete and serve the PPF. He did not do so.

After waiting more than half a year for Plaintiff to file a PPF, contact Merck and / or
provide a reply of any kind, Merck filed its Notice to Show Cause on September 7, 2006.

---

[4] Not only did Plaintiff's counsel have an affirmative duty to keep himself aware of this Court's pretrial and other
orders, to which he has access online, both of these notices expressly informed him that plaintiff had fail to serve a
PPF by the applicable deadline imposed by PTO 18C. Despite this duty and knowledge that his client had failed
to file a PPF, Plaintiff's counsel willfully flouted this Court's imposed obligations and did not file a PPF or
otherwise respond to these notices.

[5] Plaintiff's counsel concedes that he received Merck notice on February 14 but fails to mention that he also received
Merck's second notice on April 4, 2006. The transmission receipt confirms delivery of this facsimile.

Pursuant to this Court's instructions and PTOs, Merck's Rule to Show Cause was served on Mr.
Monaco via LNFS. The attached LNFS receipt confirms service. (LNFS receipt is attached
hereto as Exhibit D.) These facts are undisputed. Mr. Monaco now, however, claims that, notice
of this electronic filing as well as any of the Court's subsequent notices were not received by him
because his spam-filter may have blocked his receipt of notice. Despite this allegation, Mr.
Monaco offers no evidence, other than his own affidavit, to support this "maybe" claim.

Furthermore, even if Mr. Monaco's "maybe" claim were to be believed, by his own
admission, he has already been on notice that his email system or spam-filter was problematic, as
demonstrated by the *Motion for Exemption from Electronic Filing* he filed in *Cohrane v. Liedtka
Tricking, Inc.*, Civ No. 04-01721, and which was attached as an exhibit to Plaintiff's Motion to
Vacate. (Pl.'s Mot. to Vacate Exhibit B.) It is worth noting that the Court in *Cohrane* denied
Mr. Monaco's motion for exemption and Mr. Monaco continued to file documents in that case
electronically. (*Cohrane* docket sheet is attached hereto as Exhibit E.) This course of action
clearly demonstrates gross carelessness, as Mr. Monaco was well aware a potential problem at
his office existed regarding his spam-filter and for six months, he undertook no action to remedy
this problem. When faced with a similar argument as the one at bar, the United States
Bankruptcy Court aptly noted:

> It is incumbent upon attorneys to adopt internal office procedures
> that ensure the court's notices and orders are brought to their
> attention once they have been received. This is just as true in these
> days of electronic noticing as it was when things were sent by first
> class mail. To rely on procedures that treat the court's electronic
> notices as the functional equivalent of junk mail is not acceptable.
> *In re Philbert*, 340 B.R. 886, 890-891 (N.D. Ind. 2006) (internal
> citations omitted).

The evidence in this case and Plaintiff's actions clearly do not rise to the levels of excusable neglect, nor has plaintiff demonstrated the type of unusual circumstances necessary to warrant relief. Plaintiff's argument, that his spam-filter may have blocked his receipt of notice, is hollow and unsupported. In cases involving spam-filters and electronic service, courts have almost universally rejected claims similar to those used by Plaintiff's counsel. The D.C. Circuit, for example, in *Fox v. American Airlines, Inc.*, found the excuse that counsel did not receive notice of an electronic filing to be "nothing but an updated version of the classic 'my dog ate my homework' line." 389 F.3d 1291, 1294 (D.C. Cir. 2004). In that case, as here, the plaintiff's counsel claimed that he did not receive notice of electronic court filings, and therefore was unable to file timely responses. The court in *Fox* noted that technology cannot be used as a scapegoat for prompt filings, as "ignorance of [the] court's docket 'is nothing but negligence,' which does not justify untimely action." *Id*; *see also Moore v. United States*, 2005 WL 1984745 at \*3-5 (E.D. Cal. Aug. 17, 2005) (denying plaintiffs' motion for reconsideration and relief from judgment where plaintiffs' counsel's spam/junk mail blocker had blocked all e-mail from the court's domain); *In re Philbert*, 340 B.R. at 890-891. This Court cannot award relief under Rule 60(b)(1) when the sole reason asserted in justifying relief, as in the case at bar, is one attributable only to counsel's carelessness. *Knapp*, 941 F.2d at 1338.

## II.   PLAINTIFF'S APPEAL FOR RELIEF UNDER RULE 60(B)(6) IS INAPPROPRIATE UNDER THE CIRCUMSTANCES.

It is well-settled in the Fifth Circuit that the catchall clause of Rule 60(b)(6) cannot be invoked when relief is also sought under one of the other grounds enumerated in Rule 60. *Hess v. Cockrell*, 281 F. 3d 212, 215 (5th Cir. 2002); *Bailey v. Ryan Stevedoring Co., Inc.*, 894 F.2d 157, 160 (5th Cir. 1990); *Transit Casualty Co. v. Security Trust Co.*, 441 F.2d 788 (5th Cir. 1971). In the instant case, Plaintiff has already attempted to seek relief under Rule 60(b)(1) and

therefore his attempt to seek relief under Rule 60(b)(6) is inappropriate and must be rejected. Even if Plaintiff could rely on Rule 60(b)(6), he has failed to satisfy the standard enumerated under that rule to warrant relief. Relief under Rule 60(b)(6) may only be granted if extraordinary circumstances are present. *Ackermann v. United States*, 340 U.S. 193, 202 (1950). The Firth Circuit has defined extraordinary circumstances to mean cases where there were "unforeseen contingencies." *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 605 (5th Cir. 1986).

Plaintiff has clearly failed to demonstrate exceptional circumstances, or unforeseen contingencies warranting relief. Mr. Monaco surprisingly asserts that electronic filing is "not an ordinary circumstance." (Pl.'s Mot. to Vacate at 9.) Nothing could be further from the truth. Electronic filing and service is a routine part of modern litigation practice. As of December 2006, electronic filing is used in 98% of the federal courts, including the United State's District Court of Connecticut, which went live on October 14, 2003.[6] *See* Administrative Office of the U.S. Courts, *About CM/ECF, available at* http://www.uscourts.gov/cmecf/cmecf_about.html (last visited Dec. 4, 2006); District Court of Connecticut Court Information Page, *available at* https://ecf-train.ctd.uscourts.gov/cgi-bin/CourtInfo.pl (last visited Dec. 4, 2006). It should also be noted that almost 28 million cases docketed on the CM/ECF system and more that 250,000 attorneys, including Mr. Monaco, have filed and received litigation documents electronically. Despite this, Plaintiff's counsel states in his Affidavit to the Motion to Vacate that he has had "very little experience with the CM/ECF system because the majority of [his] practice is in state court, where [his] cases are not electronically filed." (Monaco Aff. ¶ 12.) Contrary to this assertion, Mr. Monaco's law firm holds him out to the public at large as an attorney with

---

[6] Connecticut is Mr. Monaco's home state and he currently has other active cases in the District Court of Connecticut where he presumably received notice of electronic filings and files court documents electronically.

9

"extensive experience with jury and court trials in . . . federal court . . ." Attorney Profile of Ralph J. Monaco, *available at* http://www.conwaylondregan.com (last visited Dec. 4, 2006) (attached hereto as Exhibit F). Indeed, a review of filings in the District Court of Connecticut shows multiple filings by Mr. Monaco. Mr. Monaco not only had a duty to monitor all general electronic filings in this MDL, such as pretrial orders, monthly case management meeting minutes, etc., but he also had the duty to monitor Plaintiff's case as well as the Court's docket regarding this MDL. *Bohlin,* 6 F.3d at 356. Contrary to Mr. Monaco's assertion, filing and receiving litigation documents electronically is an ordinary and common procedure in federal legal practice. Moreover, failure to receive these notices due to careless office practices is not the type of extraordinary situation contemplated by Rule 60(b)(6).

Plaintiff also asserts that he was quick to respond when he received "proper notice via mail" to this Courts Dismissal with Prejudice and that this somehow demonstrates his commitment to this litigation. (Pl.'s Mot. to Vacate at 9.) This assertion is unavailing and disingenuous. As stated above, Merck provided Plaintiff's counsel with two separate notices via facsimile and regular mail that Plaintiff's PPF was overdue. Mr. Monaco not only failed to respond to these notices quickly, but he failed to respond at all. This type of behavior does not demonstrate a commitment to this litigation. Indeed, as noted earlier, Mr. Monaco did receive proper notice electronically. In fact, he also concedes that he received proper notice by Merck on February 14, 2006 and if this notice was received, then it should be presumed that he also received Merck's April 7, 2006 notice. By not responding to these notices, Mr. Monaco failed to demonstrate any commitment to this litigation.

Finally, it is important to note that "[Rule 60(b)'s] purpose is not to give relief to the client who does not choose the best lawyer for the job." *Crutcher v. Aetna Life Insurance Co.,*

10

746 F.2d 1076, 1083 (5th Cir. 1984). As the Supreme Court noted in *Link v. Wabash Railroad Co.* "if an attorney's conduct falls substantially below what is reasonable under [the] circumstances, the client's remedy is against the attorney in a suit for malpractice." 370 U.S. 626, 634 n.10 (1962). Plaintiff has clearly failed to prove any type of "exceptional circumstances" for not responding to Merck's notice letters, this Court's Rule to Show Cause or following this Court's PTOs. Therefore, this Motion must be denied.

## III.   VACATING PLAINTIFF'S DISMISSAL WILL FRUSTRATE THE OBJECTIVES OF THIS MULTI-DISTRICT LITIGATION AND PREJUDICE MERCK

Mr. Monaco's actions have consistently run contrary to this Court's orders and have frustrated the objectives of this MDL. The record in this case unquestionably supported dismissal of Plaintiff's claims and demonstrates Mr. Monaco's failure to comply with PTO 18C, PTO 8C, and this Court's orders. *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 641-43 (1976) (sanctions can be weighed in light of the full record in the case). Plaintiff's Motion to Vacate has done nothing to alleviate Plaintiff's record of noncompliance. To accept Plaintiffs' argument would be to reward dilatory plaintiffs for their misconduct while effectively bringing hundreds of these cases to a near-halt because of fact-discovery compliance issues.

Currently, there are several thousand Vioxx plaintiff groups pending before this Court. Vacating Plaintiff's dismissal would encourage other plaintiffs to engage in similar dilatory behavior, ultimately crippling the efficiency of this Court's processes. Vacating this case would encourage every dismissed litigant to come back to this court and make "my spam-filter ate my notice" type of claims. It is exactly because of these type of situations that the Supreme Court has expressly acknowledged that dismissal as a sanction can be used both to "penalize those

whose conduct may be deemed to warrant such sanction" and "to deter those who might be

tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League,* 427 U.S. at

643.

## CONCLUSION

For the foregoing reasons Merck respectfully requests the Court to deny Plaintiff's

Motion to Vacate Dismissal.

DATED: December 5, 2006                 Respectfully submitted,

                                        */s/ Dorothy H. Wimberly*
                                        Phillip A. Wittmann, 13625
                                        Dorothy H. Wimberly, 18509
                                        Carmelite M. Bertaut, 3054
                                        STONE PIGMAN WALTHER
                                        WITTMANN L.L.C.
                                        546 Carondelet Street
                                        New Orleans, Louisiana 70130
                                        Phone: 504-581-3200
                                        Fax:    504-581-3361

                                        Defendants' Liaison Counsel

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing opposition has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 5th day of December, 2006.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

13