UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>    Products Liability Litigation | *<br>*<br>* |
| This Document Relates to:<br>    LENE ARNOLD | *   MDL No. 1657<br>*<br>*   SECTION L |
| versus | * |
| MERCK & CO., INC.<br>    Defendant | *   JUDGE ELDON E. FALLON<br>*<br>*   MAGISTRATE JUDGE |
| Case No. 05-2627 | *   KNOWLES<br>* |
| & | *<br>* |
| ALICIA GOMEZ | *<br>* |
| versus | *<br>* |
| MERCK & CO., INC.<br>    Defendant | * |
| Case No. 05-1163 | |

* * * * * * * * * * * * * * * * * * * * * * * * *

## MERCK'S RESPONSE TO PLAINTIFFS' SUBMISSION OF SIXTH SUPPLEMENTAL AUTHORITY

Defendant Merck & Co., Inc. ("Merck") submits this response to plaintiffs' Sixth Notice of Supplemental Authority, filed in opposition to Merck's pending motion for summary judgment in the above-captioned cases. For the reasons explained herein, the decisions in *Weiss v. Fujisawa Pharmaceutical Co.*, 2006 WL 3422688 (E.D. Ky. Nov. 28, 2006), and *In re Medtronic, Inc., Implantable Defibrillators Litigation*, 2006 WL 3420285 (D. Minn. Nov. 28, 2006), should not alter the Court's preemption analysis in *Arnold* and *Gomez*.

1.  *Weiss* holds that a claim challenging an approved label on the basis of *new* risk information *not* reviewed by the FDA is not preempted by FDA regulations. 2006 WL 3422688,

at *7. As Merck has explained, that issue is not presented in *Arnold* and *Gomez*, which specifically challenge an approved label based on information the FDA *did* review.

Indeed, *Weiss* actually supports Merck's position in these cases. *Weiss* concludes that the "FDA's position is persuasive insofar as it rejects failure-to-warn claims (1) based on conduct that allegedly occurred prior to and during the labeling approval process and (2) based on proposed warnings that FDA has specifically considered and rejected as scientifically unsubstantiated." 2006 WL 3422688, at *6. Thus, the *Weiss* court concluded, "prescription drug failure-to-warn claims '*premised on the adequacy of the warnings approved and reviewed by the FDA*' would be preempted." *Id.* at *7 (emphasis added). That is precisely the situation here. The FDA reviewed the VIGOR data and approved the label plaintiffs now challenge as inadequate. Accordingly, plaintiffs' claims are preempted under *Weiss*.

2. *Medtronic* is to the same effect. Like *Weiss*, *Medtronic* holds that claims premised on information never presented to FDA are not preempted. 2006 WL 3420285, at *9. But also like *Weiss* – and more pertinent to this case – *Medtronic* further holds that "[i]n situations where the *FDA is aware of a certain risk, and has approved a particular warning concerning that risk*, any claim of inadequate warning which might require a label differing from the FDA-prescribed language is preempted." *Id.* at *8 (emphasis added). As just explained, that is the situation here – plaintiffs' claims challenge the label approved by the FDA after it considered the risk information presented by the VIGOR data. Under *Medtronic* as well, the claims in *Arnold* and *Gomez* are preempted.

2

Respectfully submitted,

s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN
L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:   504-581-3361

Defendants' Liaison Counsel

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Response has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 5th day of December, 2006.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel