IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL No 1657 |
| Products Liability Litigation | * | |
| | * | SECTION:  L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |
| | * | |

* * * *************************************

**THIS DOCUMENT RELATES TO:**  *Carolyn Burk v. Merck & Co., Inc.*, No 06-10316, previously filed as 2:06cv00817 in the District of Utah, Central Division.

<u>**ANSWER OF DEFENDANT MERCK & CO., INC.**</u>

Defendant Merck & Co., Inc. ("Merck"), by its undersigned counsel, answers Plaintiff's Complaint ("Complaint") as follows:

**RESPONSE TO PARTIES, JURISDICTION AND VENUE**

1.     Merck lacks information and knowledge sufficient to either admit or deny the allegations contained in paragraph 1 of the Complaint.

2.     Merck denies each and every allegation contained in paragraph 2 of the Complaint except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health. Merck further admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

3.     Merck denies each and every allegation in paragraph 3 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until

its voluntarily withdrawal of Vioxx from the worldwide market on September 30, 2004. Merck further admits that Vioxx is the brand name for rofecoxib.

4. Merck denies each and every allegation in paragraph 4 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until its voluntarily withdrawal of Vioxx from the worldwide market on September 30, 2004. Merck further admits that it is authorized to do business within the State of Utah.

5. The allegations set forth in paragraph 5 of the Complaint call for a legal conclusion to which no response is required. To the extent any response is required, Merck admits that the parties are diverse and that Plaintiff purports to put more than $75,000 in controversy but denies that there is any legal or factual basis for relief.

6. The allegations set forth in paragraph 6 of the Complaint call for a legal conclusion to which no response is required. To the extent any response is required, Merck denies the allegations set forth in paragraph 6 of the Complaint.

7. The allegations in paragraph 7 of the Complaint call for a legal conclusion to which no response is required. To the extent any response is required, Merck denies each and every allegation contained in said paragraph.

## RESPONSE TO FACTUAL ALLEGATIONS

8. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint and on that basis, denies the same.

9.     Merck denies each and every allegation in paragraph 9 of the Complaint except admits that Merck sought and, in 1999, received FDA approval to manufacture and market the prescription medicine Vioxx. Merck further admits that Vioxx is the brand name for rofecoxib.

10.    Merck denies each and every allegation contained in paragraph 10 of the Complaint except admits that, prior to its voluntary withdrawal of Vioxx in September 2004, Merck marketed the prescription medicine Vioxx for certain indicated uses in a manner consistent with the information contained in the relevant FDA-approved prescribing information for Vioxx.

11.    Merck denies each and every allegation contained in paragraph 11 of the Complaint.

12.    Merck denies each and every allegation contained in paragraph 12 of the Complaint except admits that Vioxx is part of a class of drugs known as non-steroidal anti-inflammatory drugs or "NSAIDs" and that the mechanism of action of Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

13.    The allegations contained in paragraph 13 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

14.    Merck denies each and every allegation contained in paragraph 14 of the Complaint except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to that study for its actual conclusions and full text.

15. Merck denies each and every allegation contained in paragraph 15 of the Complaint except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to that study for its actual conclusions and full text.

16. Merck denies each and every allegation contained in paragraph 16 of the Complaint.

17. Merck denies each and every allegation contained in paragraph 17 of the Complaint.

18. Merck denies each and every allegation contained in paragraph 18 of the Complaint.

19. Merck denies each and every allegation contained in paragraph 19 of the Complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001, and respectfully refers the Court to the referenced letter for its actual language and full text.

20. Merck denies each and every allegation contained in paragraph 20 of the Complaint except admit that the referenced letter exists, from which Plaintiff purports to quote, and respectfully refers the Court to that letter for its actual language and full text.

21. Merck denies each and every allegation contained in paragraph 21 of the Complaint.

22. Merck denies each and every allegation contained in paragraph 22 of the Complaint except admits that Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## CLAIMS FOR RELIEF

### RESPONSE TO FIRST CAUSE OF ACTION
### (Strict Liability)

23.     With respect to the allegations contained in paragraph 23 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 22 of this Answer with the same force and effect as though set forth here in full.

24.     Merck denies each and every allegation contained in paragraph 24 of the Complaint.

25.     Merck lacks information and knowledge sufficient to either admit or deny the allegations contained in the first sentence of paragraph 25 of the Complaint and on that basis, denies the same.  Merck denies each and every allegation contained in the second and third sentences of paragraph 25 of the Complaint.

26.     The allegations contained in paragraph 26 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

27.     Merck denies each and every allegation contained in paragraph 27 of the Complaint.

### RESPONSE TO SECOND CAUSE OF ACTION
### (Negligence)

28.     The allegations contained in paragraph 28 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck

denies each and every allegation contained in said paragraph, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

29.  Merck denies each and every allegation contained in paragraph 30 of the Complaint.

30.  Merck denies each and every allegation contained in paragraph 31 of the Complaint including subparts a through e.

31.  Merck denies each and every allegation contained in paragraph 31 of the Complaint.

32.  Merck denies each and every allegation contained in paragraph 32 of the Complaint.

### RESPONSE TO THIRD CAUSE OF ACTION
### (Breach of Implied Warranty)

33.  The allegations contained in paragraph 33 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 33 of the Complaint.

34.  Merck denies each and every allegation contained in paragraph 34 of the Complaint except lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to Plaintiff's "skill".

35.  Merck denies each and every allegation contained in paragraph 35 of the Complaint.

36.  Merck denies each and every allegation contained in paragraph 36 of the Complaint.

## RESPONSE TO FOURTH CAUSE OF ACTION
### (Breach of Express Warranty)

37.     Merck denies each and every allegation contained in paragraph 37 of the Complaint.

38.     Merck denies each and every allegation contained in paragraph 38 of the Complaint except lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to Plaintiff's "skill".

39.     Merck denies each and every allegation contained in paragraph 39 of the Complaint.

40.     Merck denies that plaintiff is entitled to any of the relief specified in paragraph 40 of the Complaint or anywhere else in plaintiff's Complaint.

41.     All allegations not specifically admitted herein are specifically denied by Merck.

## MERCK'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## SECOND AFFIRMATIVE DEFENSE

Merck incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action. Merck will rely on all defenses that may become available during discovery or trial.

## THIRD AFFIRMATIVE DEFENSE

The claims of Plaintiff may be time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely, including Utah Code Ann. § 78-15-3 and/or § 78-12-25.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff may be barred, in whole or in part, from recovery because she has made statements or taken actions that preclude her from asserting claims or constitute a waiver of her claims.

## SIXTH AFFIRMATIVE DEFENSE

The claims of the Plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

## SEVENTH AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### EIGHTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

### NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

### ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### TWELFTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or

apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### THIRTEENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

### FOURTEENTH AFFIRMATIVE DEFENSE

If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

### FIFTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under the collateral source rule.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Utah R. Civ. P. 9(b) and Fed R. Civ. P. 9(b).

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the First Amendment.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

This case is more appropriately brought in a different venue.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Venue in this case is improper.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The claims of Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to her claims.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff may be barred, in whole and in part, by the doctrine of laches.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The claims of Plaintiff are barred, in whole or in part, by her failure to mitigate damages.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

### THIRTIETH AFFIRMATIVE DEFENSE

The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff has not sustained any injury or damages compensable at law.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiff's failure to provide it with due process of law.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred. Plaintiff's claim for punitive damages is further controlled by the terms of Utah Code Annotated, § 78-18-1 (2002).

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### FORTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts: Products Liability.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

### FORTY-SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach as required by Utah Code. Ann. § 70A-2-607(3) and/or lack of privity and/or because the alleged warranties were disclaimed.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's conspiracy claim is barred because Merck did not enter into any agreement with any other defendant or third party to further any alleged unlawful act by allegedly unlawful means.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for negligence per se are barred on the grounds that such claims are not cognizable against Merck in this action.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to and limited by the provisions of Utah Code Ann. §§ 78-27-38 and 78-27-40.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

WHEREFORE, Merck respectfully demands judgment dismissing plaintiff's Complaint with prejudice and awarding Merck its reasonable attorney's fees, together with such other and further relief that the Court may deem just and proper.

Dated this 6th day of December, 2006		Respectfully submitted

>	*/s/ Dorothy H. Wimberly*
>	Phillip A. Wittmann, 13625
>	Dorothy H. Wimberly, 18509
>	Carmelite M. Bertaut, 3054
>	Stone Pigman Walther Wittman L.L.C.
>	546 Carondelet Street
>	New Orleans, Louisiana 70130
>	Phone: (504)581-3200
>	Fax:    (504)581-3361
>
>	*Defendants' Liaison Counsel*
>
>	Rick L. Rose (Utah State Bar No. 5140)
>	Kristine M. Larsen (Utah State Bar No. 9228)
>	RAY QUINNEY & NEBEKER
>	36 South State Street, Suite 1400
>	P.O. Box 45385
>	Salt Lake City, Utah 84145-0385
>	Telephone:    (801) 532-1500
>	Telecopier:    (801)532-7543
>
>	**ATTORNEYS FOR MERCK & CO., INC.**

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Answer and Jury Demand has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 6th day of December, 2006.

      */s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel