UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx | * | MDL Docket No. 1657 |
| | * | |
| PRODUCT LIABILITY LITIGATION | * | SECTION L/3 |
| | * | |
| This Document relates to: *Jordan Aqui v. Merck & Co., Inc.* (E.D. La. Index No. 06-10095) | * * * * | JUDGE FALLON |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Merck & Co., Inc. ("Merck"), by its undersigned attorneys, answers the Complaint and submits its Jury Demand as follows:

### RESPONSE TO "NATURE OF CLAIM"

1.  Merck denies each and every allegation set forth in paragraph 1 of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx in a manner consistent with the relevant United States Food and Drug Administration ("FDA")-approved prescribing information for Vioxx, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck admits that it is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey 08889.

### RESPONSE TO "JURISDICTIONAL ALLEGATION"

2.  The allegations contained in paragraph 2 of the Complaint are legal conclusions as to which no responsive pleading is required.

3. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint, except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey 08889.

4. The allegations contained in the first sentence of paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of paragraph 4 of the Complaint. Merck denies each and every allegation set forth in the third sentence of paragraph 4 of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information for Vioxx, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## RESPONSE TO "FACTUAL ALLEGATIONS"

5. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint.

6. Merck denies each and every allegation set forth in paragraph 6 of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information for Vioxx, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

7. The allegations contained in paragraph 7 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except admits that Vioxx is part of

a class of drugs known as non-steroidal anti-inflammatory drugs ("NSAIDs") and that Vioxx reduces pain and inflammation and respectfully refers the Court to the FDA prescribing information for Vioxx's indicated uses.

8. The allegations contained in paragraph 8 of the Complaint are not directed at Merck and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except admits that Vioxx is part of a class of drugs known as non-steroidal anti-inflammatory drugs ("NSAIDs"), that Vioxx is a selective NSAID, and that the mechanism of action for Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

9. Merck denies each and every allegation set forth in paragraph 9 of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information for Vioxx, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

10. Merck denies each and every allegation set forth in paragraph 10 of the Complaint.

11. Merck denies each and every allegation set forth in paragraph 11 of the Complaint.

12. Merck denies each and every allegation set forth in paragraph 12 of the Complaint.

13. Merck denies each and every allegation set forth in paragraph 13 of the Complaint.

14. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint.

15.   Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint.

16.   Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint.

17.   Merck denies each and every allegation set forth in paragraph 17 of the Complaint.

18.   Merck denies each and every allegation set forth in paragraph 18 of the Complaint.

19.   Merck denies each and every allegation set forth in paragraph 19 of the Complaint.

20.   Merck denies each and every allegation set forth in paragraph 20 of the Complaint.

21.   Merck denies each and every allegation set forth in paragraph 21 of the Complaint.

### RESPONSE TO "COUNT I: BREACH OF IMPLIED WARRANTIES"

22.   With respect to the allegations contained in paragraph 22 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 21 of this Answer with the same force and effect as though set forth here in full.

23.   Merck denies each and every allegation set forth in paragraph 23 of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information for Vioxx, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

24. Merck denies each and every allegation set forth in paragraph 24 of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information for Vioxx, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

25. Merck denies each and every allegation set forth in paragraph 25 of the Complaint.

### RESPONSE TO "COUNT II: BREACH OF EXPRESS WARRANTY"

26. With respect to the allegations contained in paragraph 26 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 25 of this Answer with the same force and effect as though set forth here in full.

27. Merck denies each and every allegation set forth in paragraph 27 of the Complaint.

28. Merck denies each and every allegation set forth in paragraph 28 of the Complaint.

29. Merck denies each and every allegation set forth in paragraph 29 of the Complaint.

### RESPONSE TO "COUNT III: STRICT LIABILITY"

30. With respect to the allegations contained in paragraph 30 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 29 of this Answer with the same force and effect as though set forth here in full.

31. Merck denies each and every allegation set forth in paragraph 31 of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx in

a manner consistent with the relevant FDA-approved prescribing information for Vioxx, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

32. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the Complaint.

33. Merck denies each and every allegation set forth in paragraph 33 of the Complaint.

34. Merck denies each and every allegation set forth in paragraph 34 of the Complaint.

35. Merck denies each and every allegation set forth in paragraph 35 of the Complaint, including subparagraphs (a) through (e) of paragraph 35 of the Complaint.

### RESPONSE TO "COUNT IV: NEGLIGENCE"

36. With respect to the allegations contained in paragraph 36 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 35 of this Answer with the same force and effect as though set forth here in full.

37. Merck denies each and every allegation set forth in paragraph 37 of the Complaint.

38. The allegations directed at Merck in paragraph 38 of the Complaint are legal conclusions to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation set forth in paragraph 38 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

39.     The allegations directed at Merck in paragraph 39 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in paragraph 39 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

40.     Merck denies each and every allegation set forth in paragraph 40 of the Complaint.

41.     Merck denies each and every allegation set forth in paragraph 41 of the Complaint.

42.     Merck denies each and every allegation set forth in paragraph 42 of the Complaint.

43.     Merck denies each and every allegation set forth in paragraph 43 of the Complaint, except admits plaintiff's action purports to demand judgment and certain forms of relief, but denies there is any legal or factual basis for awarding same.

## RESPONSE TO "COUNT V: FRAUD"

44.     With respect to the allegations contained in paragraph 44 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 43 of this Answer with the same force and effect as though set forth here in full.

45.     Merck denies each and every allegation set forth in paragraph 45 of the Complaint.

46.     Merck denies each and every allegation set forth in paragraph 46 of the Complaint.

47.     Merck denies each and every allegation set forth in paragraph 47 of the Complaint.

48. Merck denies each and every allegation set forth in paragraph 48 of the Complaint.

49. Merck denies each and every allegation set forth in paragraph 49 of the Complaint.

50. Merck denies each and every allegation set forth in paragraph 50 of the Complaint.

51. Merck denies each and every allegation set forth in paragraph 51 of the Complaint.

52. Merck denies each and every allegation set forth in paragraph 52 of the Complaint.

53. Merck denies each and every allegation set forth in paragraph 53 of the Complaint.

54. Merck denies each and every allegation set forth in paragraph 54 of the Complaint, except admits plaintiff's action purports to demand judgment and certain forms of relief, but denies there is any legal or factual basis for awarding same.

### RESPONSE TO "COUNT VIII: OBSTINATE AND TEMERARIOUS DENIAL"

55. Merck denies each and every allegation set forth in paragraph 55 of the Complaint, except admits plaintiff's action purports to demand judgment and certain forms of relief, but denies there is any legal or factual basis for awarding same.

### RESPONSE TO "DEMAND FOR RELIEF"

56. Merck denies that plaintiff is entitled to any of the relief requested in paragraph 1 of Plaintiff's Relief Requested, or to any relief whatsoever.

- 9 -

57. Merck denies that plaintiff is entitled to any of the relief requested in paragraph 2 of Plaintiff's Relief Requested, or to any relief whatsoever.

58. Merck denies that plaintiff is entitled to any of the relief requested in paragraph 3 of Plaintiff's Relief Requested, or to any relief whatsoever.

59. Merck denies that plaintiff is entitled to any of the relief requested in paragraph 4 of Plaintiff's Relief Requested, or to any relief whatsoever.

60. Merck denies that plaintiff is entitled to any of the relief requested in paragraph 5 of Plaintiff's Relief Requested, or to any relief whatsoever.

## **AFFIRMATIVE AND OTHER DEFENSES**

For its affirmative and other defenses, Merck alleges as follows:

61. Plaintiff's claims may be time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely.

62. The Complaint fails to state a claim upon which relief can be granted.

63. Plaintiff's claims may be barred, in whole or in part, from recovery because they have made statements or taken actions that preclude them from asserting claims or constitute a waiver of their claims.

64. Plaintiff's claims may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

65. Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

66. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

67. To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

68. To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

69. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

70. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

71. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

72. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

73. To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

74. To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under California law.

75. Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

76. Plaintiff's claims are barred in whole or in part by the First Amendment.

77. Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

78. There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

79. This case is more appropriately brought in a different venue.

80. Venue in this case is improper.

81. Plaintiff's claims may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

82. Plaintiff's claims may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

83. Plaintiff's claims may be barred, in whole or in part, from recovery by release as to their claims.

84. Plaintiff's claims may be barred, in whole and in part, by the doctrine of laches.

85. Plaintiff's claims are barred, in whole or in part, by their failure to mitigate damages.

86. To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a

duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

87. Plaintiff's claims may be barred, in whole or in part, from recovery, due to spoliation of evidence.

88. Plaintiff's claims may be barred, in whole or in part, by the governing state laws.

89. Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

90. Plaintiff has not sustained any injury or damages compensable at law.

91. Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiff's failure to provide it with due process of law.

92. To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

93. To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

94. Plaintiff's demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

95. Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

96. Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

97. Plaintiff's claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts: Products Liability.

98. Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

99. To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

100. Plaintiff's claim of fraud is barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity.

101. To the extent Plaintiff seeks to recover only economic loss in tort, his claims are barred by the economic loss doctrine.

## MERCK'S JURY DEMAND

102. Pursuant to Rule 38, Federal Rules of Civil Procedure, Merck hereby requests a jury by trial.

WHEREFORE, having fully answered the Complaint, Merck hereby requests the Court to:

A. Dismiss the Complaint with prejudice, the plaintiff taking nothing thereby;

B. Award Merck its cost of suit and attorneys' fees, under any applicable statute; and

C. Grant such other and further relief as this Court deems just and equitable.

Respectfully Submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Anthony M. DiLeo, 4942
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendant's Liaison Counsel

Michael K. Brown
Thomas J. Yoo
Reed Smith LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Phone: 213-457-8000
Fax:    213-457-8080

Counsel for Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

       I hereby certify that the above and foregoing Answer and Jury Demand has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 6th day of December, 2006.

       */s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel