UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: VIOXX PRODUCTS LIABILITY LITIGATION | § | MDL DOCKET NO. 1657 |
| | § | |
| This Document Relates To: | § | SECTION L |
| | § | |
| *William Jeffries, et al. v.* | § | |
| *Merck & Co., et al.* | § | JUDGE FALLON |
| | § | |
| 2:06-CV-01987-EEF-DEK | § | MAG. JUDGE KNOWLES |

# PLAINTIFFS' MEMORANDUM OF LAW IN RESPONSE TO AND PARTIAL AGREEMENT WITH DEFENDANT, RUDY P. ZARATE, M.D.'S MOTION TO DISMISS/ALTERNATIVE, MOTION TO REMAND

MILLER CURTIS & WEISBROD, L.L.P.

By: /s/ Alexandra J. Boone

LES WEISBROD
Texas State Bar No. 21104900
ALEXANDRA V. BOONE
Texas State Bar No. 00795259
11551 Forest Central Drive
Suite 300
Dallas, Texas 75243
Phone: (214) 987-0005
Fax: (214) 739-4732

**ATTORNEYS FOR THE PLAINTIFFS**

# **TABLE OF CONTENTS**

I.   BACKGROUND ANALYSIS..........................................................................................1

II.  ARGUMENT AND AUTHORITY ................................................................................4

      A.  Remand is Only Relief Available ............................................................4

      B.  Merck Fails to Carry its Heavy Burden on Removal................................5

      C.  There is No Fraudulent Joinder..................................................................6

      D.  Plaintiffs' Claims Arise Out of Same Transaction and Occurrence........10

III. CONCLUSION...............................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Alexander v. Electronic Data Systems Corp.* 13 F.3d 940, *949 (6th Cir. 1994) ............................ 8
*American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 19, 71 S.Ct. 534, 542 (1951) ................................. 5
*Aznar v. Cooperativa De Seguros Multiples De Puerto Rico, Inc.*, Dkt 6:06-CV-578-19-DAB, 2006 WL 1540340, 3 (M.D.Fla., Jun 05, 2006) ........................................................................ 5
*Babcock & Wilcox Co. v. Parsons Corp.* 430 F.2d 531, 536 (8th Cir. 1970) .................................. 5
*Boladian v. UMG Recordings, Inc.*, 123 Fed.Appx. 165, 168 (6th Cir. 2005) ................................ 9
*Brinkley v. Univ. Health Serv., Inc.*, 194 F.Supp.2d 597 (S.D. Tex. 2002) .................................... 7
*Brown v. Francis*, 75 F.3d 860, 864-65 (3rd Cir. 1996) ................................................................. 7
*Bruni v. Tatsumi*, 46 Ohio St.2d 127, 75 O.O.2d 184, 346 N.E.2d 673 (1976) ............................. 4
*Denny v. Merck & Co., Inc., et al.*, No. 9:03-CV-269 (E.D. Tex.) .................................................. 2
*Diaz v. Shepard*, 85 F.3d 1502, 1505 (11th Cir. 1996) ................................................................... 7
*Duncan v. Stretzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) ................................................................. 7
*Eller, et al. v. Merck & Co., Inc., et al.*, No. C-04-096 (S.D. Tex.) ............................................... 3
*Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000). ................................................................ 6
*In re Diet Drugs*, 220 F.Supp.2d 414, 424 (E.D.Pa. 2002) .......................................................... 10
*In re Rezulin Products Liability Litigation*, 133 F.Supp.2d 272, 294 -295 (S.D.N.Y., 2001) ...... 10
*In re Rezulin Products Liability Litigation*, Dkt. MDL 1348, 00 CIV. 2843 (LAK), 2003 WL 21276425, *1 (S.D.N.Y., 2003) ............................................................................................. 11
*Independent Enterprises Inc. v. Pittsburgh Water and Sewer Authority*, 103 F.3d 1165, 1175 (3rd Cir. 1997) ........................................................................................................................... 5
*Jochim v. Wyeth-Ayerst Laboratories Div. on American Home Products Corp.*, Dkt. CIV.A. 01-2304-CM., 2001 WL 950785, *2 (D.Kan., July 13, 2001) ................................................. 8, 12
*Montano v. Allstate Indemnity*, 211 F.3d 1278 (Table), 2000 WL 525592, *1 (10th Cir. 2000) (unpublished) ............................................................................................................................ 8
*Smallwood v. Illinois Central R.R.*, 385 F.3d 568 (5th Cir. Sept. 10, 2004) ................................... 9
*Starkey v. St. Rita's Med. Ctr.*, 117 Ohio App.3d 164, 690 N.E.2d 57 (1997) .............................. 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: VIOXX PRODUCTS LIABILITY LITIGATION | § | MDL DOCKET NO. 1657 |
| | § | |
| This Document Relates To: | § | SECTION L |
| | § | |
| *William Jeffries, et al. v.* | § | |
| *Merck & Co., et al.* | § | JUDGE FALLON |
| | § | |
| 2:06-CV-01987-EEF-DEK | § | MAG. JUDGE KNOWLES |

**PLAINTIFFS' MEMORANDUM OF LAW IN RESPONSE TO AND PARTIAL AGREEMENT WITH DEFENDANT, RUDY P. ZARATE, M.D.'S MOTION TO DISMISS/ALTERNATIVE, MOTION TO REMAND**

TO THE HONORABLE COURT:

Plaintiffs now respond to and partly agree with Defendant, Rudy P. Zarate, M.D.'s "Motion To Dismiss, Or, In The Alternative, Motion To Remand." Defendant Zatare's Motion to Remand is well founded. But remand, and not dismissal, is the only relief available to him.

**I.**

**BACKGROUND ANALYSIS**

Plaintiffs do not quarrel with the general recitation of the background facts leading to the present procedural question, contained in Zarate's Memorandum in Support, ¶ I., "PROCEDURAL BACKGROUND." However, Defendant is incorrect that the *apparent* incongruence of pleading his negligence for prescribing VIOXX along side the lengthy pleading

of Merck's liability for failing to adequately warn of its risk is either fatally contradictory or of any procedural significance on motion to remand. Other courts in VIOXX and similar litigations have had no difficulty finding that claims that the doctor or other provider had negligently prescribed the medication is not so vitiated by the failure-to-warn claim against the manufacturer so as to raise an issue of fraudulent joinder. One such case involving suit against a local doctor as well as the drug-manufacturer defendant is *Jochim v. Wyeth-Ayerst Laboratories Div. on American Home Products Corp.*, Dkt. CIV.A. 01-2304-CM., 2001 WL 950785, *2 (D.Kan., July 13, 2001). In that case, the plaintiffs alleged:

> . . . that Dr. Walters prescribed the drug to Carol Jochim and that Ms. Forlenza was a sales representative for the drug's manufacturer who made sales calls upon Dr. Walters. Plaintiffs then state that they anticipate asserting claims against "the Respondents," which include Ms. Forlenza and Dr. Walters, for strict liability--product defect, strict liability--failure to warn, negligence, fraud, negligent misrepresentation, breach of expressed warranties, breach of implied warranties of fitness for consumption and merchantability, and civil conspiracy. Resolving all disputed questions of fact and all ambiguities in the controlling law in favor of plaintiffs, the court cannot find, at this point in the litigation, that plaintiffs have failed to state a cause of action against Ms. Forlenza and Dr. Walters.

*Id.* Accordingly, the Kansas District Court held that "defendants have failed to show that joinder of Ms. Forlenza and Dr. Walters is improper at this stage of the litigation. Accordingly, the court finds that complete diversity does not exist, and the case should be remanded to state court." *Id.* See also *Denny v. Merck & Co., Inc., et al.*, No. 9:03-CV-269 (E.D. Tex.). A true and correct copy of the Memorandum Opinion and Order granting remand is attached hereto as Exhibit "A." There, despite Merck's claims of insufficient factual pleadings, the court found that the plaintiffs alleged that the treating physicians "undertook to provide services for others and therefore owed [plaintiff] a duty to use reasonable care . . . and that their negligence in assumption of these duties proximately caused [plaintiffs'] injuries and damages." *See* Ex. A, at p. 3. The court

further found allegations that the physicians "failed to adequately warn Plaintiff." *Id.* at p. 4. These allegations were sufficient to warrant remand to the state court.

Similar issues are discussed in the Order of Remand in *Eller, et al. v. Merck & Co., Inc., et al.*, No. C-04-096 (S.D. Tex.), a true and correct copy of which is attached hereto as Exhibit "B." There, the court notes that "Plaintiffs specifically allege that 'Defendant ... prescribed [Vioxx] to Plaintiff. Defendant ... failed to warn and/or negligently prescribed the medication [Vioxx] to Plaintiff.'" *See* Ex. B at p. 9. The court explains that these acts create duties on the part of the physician by law. *Id.* Further, the court states that "by its very definition a claim of negligence is a claim that the defendant did not exercise the required level of care." (citation omitted). *Id.* at p. 10. Finally, the court indicates that plaintiffs properly pleaded that "Decedent's injuries and eventual death were caused by the Vioxx prescribed by Defendant [doctor]." *Id.* This, the court concludes, adequately pleads a medical malpractice claim against the in-state defendant. *Id.* The case was thereafter remanded to state court, as should the case at bar.

The Plaintiffs are permitted to plead the negligence of the doctor along with the liability of the manufacturer as the plaintiffs did here. In Ohio, as in the above jurisdictions, pleading of medical negligence requires that three elements must be proven in order to maintain a medical malpractice or professional negligence cause of action. A plaintiff must establish the applicable standard of care recognized by the medical community, usually through expert testimony. Second, a plaintiff must show a negligent failure on the part of the physician or hospital to meet the standard of care or render treatment conforming to this standard. Finally, a direct causal connection must be demonstrated between the medically negligent act and the injury. *Starkey v. St. Rita's Med. Ctr.*, 117 Ohio App.3d 164, 690 N.E.2d 57 (1997); *Bruni v. Tatsumi*, 46 Ohio

---

St.2d 127, 75 O.O.2d 184, 346 N.E.2d 673 (1976). That Merck might be liable for the same harm in no way limits the physician liability. The two theories are separate.

## II.

## ARGUMENT AND AUTHORITY

### A. Remand Is Only Relief Available

Defendant Zarate misunderstands the jurisdictional arguments here. While it is true that the Court is charged with verifying that it has jurisdiction throughout the litigation, where jurisdiction has been putatively established by a defendant's removal, the sole remedy is remand, not dismissal. Section 1441 establishes a defendant's right to remove from state court where the District Court would have jurisdiction. 28 U.S.C.A. § 1441(a). But Section 1447 determines the relief where jurisdiction was improperly invoked by removal. Section 1447(c):

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded.*

Italic emphasis added. Indeed, should it appear that the Court lacks jurisdiction on a removed case, *it must remand* even post judgment and even where the removing defendant later decides removal was improper and asks for the remand. *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 19, 71 S.Ct. 534, 542 (1951). Mere dismissal for lack of jurisdiction in a removed case is not an option. It is not an option because the matter remains at issue in the state court where it was filed. The matter resumes at the state level when terminated at the federal. But an order of remand, not dismissal, is needed to accomplish that.

And Plaintiffs agree that the federal court lacks jurisdiction and that the matter must be remanded.

**B.    Merck Fails to Carry its Heavy Burden on Removal**

As explained above, Plaintiffs set forth sufficiently specific allegations supporting all of their claims. Plaintiffs have pleaded all the necessary elements of their medical negligence claim. Even if the two theories of liability were inconsistent, which they are not, such pleading is permitted and does not destroy jurisdiction. It is within Plaintiffs' rights to plead inconsistent theories.[1]

Indeed, the separate theories are demarcated by the 2002 letter Merck finally did send to doctors, however ineffective it ultimately turned out to be. In their initial state complaint, the Plaintiffs alleged negligence against Zarate at ¶¶ 5.38 -5.40:

> 5.38    Defendants Lokendra B. Sahgal, M.D., individually and as an employee of Massillon Community Hospital, and Rudy P. Zarate, M.D. owed a duty to Plaintiffs to exercise reasonable care in the distribution and prescription of Vioxx. Defendants failed to exercise reasonable care in distributing and prescribing a chronic daily dose of 50 mg of Vioxx after April of 2002 because as prescribed, it was capable of causing serious personal injuries and damages such as those suffered by Plaintiffs during foreseeable use. Defendants were warned of the risk of harm not only directly from Merck, but also from readily available medical literature and Defendants Sahgal, Massillon and Zarate failed to understand the inherent danger of prescribing Vioxx for such a prolonged period of time as such a high dose.
>
> 5.39    Defendants Lokendra B. Sahgal, M.D., Massillon Community Hospital and Rudy P. Zarate were negligent in their actions, misrepresentations and omissions toward Plaintiffs in that Defendants:
>
> > a.    Prescribed daily doses of 50 mg of Vioxx after Merck's April 2002 letter;

---

[1] "Specificity is no longer a requirement for a complaint filed pursuant to the rules, and clearly the third count satisfied the requirements of Rule 8(a)(2)." *Babcock & Wilcox Co. v. Parsons Corp.* 430 F.2d 531, 536 (8th Cir. 1970); *Independent Enterprises Inc. v. Pittsburgh Water and Sewer Authority*, 103 F.3d 1165 , 1175 (3rd Cir. 1997); *Aznar v. Cooperativa De Seguros Multiples De Puerto Rico, Inc.*, Dkt 6:06-CV-578-19-DAB, 2006 WL 1540340, 3 (M.D.Fla., Jun 05, 2006) ("At the motion to dismiss stage, a plaintiff is entitled to make as many separate claims as she has regardless of consistency and regardless of whether they are based on legal, equitable, or maritime grounds.")

        b.      Failed to disclose and warn Plaintiff William Jeffries that Vioxx should not be used in doses over 25 mg for long periods;

        c.      Failed to disclose and warn Plaintiff William Jeffries that use of Vioxx carried a risk of cardiovascular thrombotic events and death.

5.40    Defendants' failure to exercise reasonable care in the distribution and prescription of Vioxx was a proximate cause of Plaintiffs' injuries and damages.

## C.    There is No Fraudulent Joinder

In its initial removal Merck misstated the standard by which joinder is judged on motion to remand.

Where a party alleges improper or fraudulent joinder, the party so moving bears the burden of proving that plaintiff fraudulently joined the non-diverse defendant. *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000). The burden is a heavy one, and the moving party carries it only by proving: (1) that there is no possibility that plaintiff would be able to establish a cause of action in state court or (2) outright fraud in the pleading of jurisdictional facts. *Hart v. Bayer Corp.*, 199 F.3d 239, 247 (5th Cir. 2000). Furthermore, the courts strictly construe the removal statutes in favor of remand and against removal. *Diaz v. Shepard*, 85 F.3d 1502, 1505 (11th Cir. 1996); *Brown v. Francis*, 75 F.3d 860, 864-65 (3rd Cir. 1996). *See also Duncan v. Stretzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Brinkley v. Univ. Health Serv., Inc.*, 194 F.Supp.2d 597 (S.D. Tex. 2002).

Merck has made no allegation of fraud in the pleading of jurisdictional facts; thus, Merck must prove that there is *no possibility* that Plaintiffs would be able to establish a cause of action in state court against Zarate, Saghal or Massillon Community Hospital. In meeting this burden, Merck must overcome significant presumptions in Plaintiffs' favor. "To prove their allegation of fraudulent joinder [removing parties] must demonstrate that there is no possibility that [plaintiff]

would be able to establish a cause of action against them in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party. *We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned."* Hart v. Bayer Corp. 199 F.3d 239, 246 (5th Cir. 2000), (italic and brackets in original), quoted at length in *Montano v. Allstate Indemnity,* 211 F.3d 1278 (Table), 2000 WL 525592, *1 (10th Cir. 2000) (unpublished) and *Jochim v. Wyeth-Ayerst Laboratories Div. on American Home Products Corp.*, Dkt. CIV.A. 01-2304-CM., 2001 WL 950785, *2 (D.Kan., July 13, 2001). (memorandum opinion).

The court must thus resolve all ambiguities in the controlling state law in the plaintiff's favor. *Id.* If the plaintiff has *any possibility* of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law. *Id.* The court does not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but looks only for the possibility that the plaintiff might do so. Merck says the standard is that there must be a "reasonable basis to predict that the Plaintiff will prevail ... ." The Sixth Circuit has indeed framed the test in that language. *See Alexander v. Electronic Data Systems Corp.* 13 F.3d 940, *949 (6th Cir. 1994) ("the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability...."). But the Sixth Circuit relies for that formulation on older Fifth Circuit cases. The more recent Fifth Circuit language, as quoted above, is that, "We are then to determine whether that party has *any possibility* of recovery against the party whose joinder is questioned." *Hart v. Bayer Corp.* 199 F.3d 239, 246 (5th Cir. 2000). Emphasis added. The Sixth Circuit itself has moved in the same direction. Its most recent formulation, "the removing party must present sufficient evidence that a plaintiff *could*

*not have established a cause of action...*" under state law is found at *Boladian v. UMG Recordings, Inc.*, 123 Fed.Appx. 165, 168 (6th Cir. 2005) (italic added).

Where neither party includes any evidence such as affidavits or deposition transcripts to support their positions, the court must review the allegations in the complaint to determine if the non-diverse defendants could be subject to individual liability. *Hart v. Bayer Corp.*, 199 F.3d 239, 247 (5th Cir. 2000) (see above). That same court recently explained that there is rarely, if ever, the need for courts to conduct full scale evidentiary hearings in *Smallwood v. Illinois Central R.R.*, 385 F.3d 568 (5th Cir. Sept. 10, 2004), stating "[i]ndeed, the inability to make a requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." Generally, the court's review is limited to a 12(b)(6) type review of the pleadings. *Id.* at 573. "Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into resolution on the merits..." *Id.* In this review, the court must resolve all issues of fact in favor of the non-removing party. *Id.* Thus, uncertainties as to the propriety of removal are resolved in favor of the plaintiffs.

Among the few published opinions Merck cites is *In re Rezulin Products Liability Litigation*, 133 F.Supp.2d 272, 294 -295 (S.D.N.Y., 2001).[2] In that case, the court found that the plaintiffs had fraudulently joined a physician, Jose Oblena. But that Mr. Oblena is even a physician is impossible to determine from the face of the complaint, which simply lists him as a "resident of Calhoun County, Alabama, and over the age of nineteen years." *Id.* Indeed Oblena was not mentioned in the complaint, other than in the introduction. "He simply was included in all of the allegations against "defendants" in general." *Id.* Further, the plaintiffs did "not come

---

[2] Merck also cites the same case, in unpublished form, on rehearing, *In re Rezulin Products Liability Litigation*, Dkt. 00 CIV. 2843 , 2002 WL 31852826, (S.D.N.Y. Dec 18, 2002). But it adds nothing to the analysis, saying only that in the context of the primary claim against the drug company, claims against the physician were "an entirely conclusory allegation that the physicians failed to warn of the risks of Rezulin [and are] insufficient."

close to alleging that Oblena proximately caused their injuries or that he knew or should have known of the risks of Rezulin." *Id.* The plaintiff in that case had obviously only listed a local doctor for jurisdiction and hade made *no attempt* to set out any theory or cause against him. Here Plaintiffs set out a theory that the physicians and hospital were themselves negligent according to their own standards of care, independent of Merck's failure to warn *them*.

The other published opinion is even less helpful. It concerns a local pharmacy sued for jurisdiction. But by this time, diet-drug plaintiffs had established "a pattern of pharmacies being named in complaints, but never pursued to judgment, typically being voluntarily dismissed at some point after the defendants' ability to remove the case has expired...." *In re Diet Drugs*, 220 F.Supp.2d 414, 424 (E.D.Pa. 2002). In fact, one defendant was a lone pharmacy in Fayette, Mississippi. "As the only pharmacy in Jefferson County, Mississippi, the store is named in hundreds of lawsuits involving the sale of allegedly defective drugs, including fen-phen." *Id.* It was constantly mired in litigation from which it was routinely dismissed. The tactic became a subject of congressional investigation. *Id.* Relying on this history and *In re Rezulin*, above, the court found that the defendant was a sham. But these Defendants are not the used-by-everybody excuse for jurisdiction. Plaintiffs have viable claims against them. When one does look at like cases, however, district courts have agreed that Merck's arguments are without merit and remanded the cases back to the state courts. See *Jochim v. Wyeth-Ayerst Laboratories Div. on American Home Products Corp.*,; *Denny v. Merck & Co., Inc., et al; Eller, et al. v. Merck & Co., Inc., et al.*, above.

### D. Plaintiffs' Claims Arise Out of Same Transaction and Occurrence

Finally, as a last-ditch effort to claim Plaintiffs have no case against Defendants Sahgal, Massillon Community Hospital and Zarate, Merck asserts that the claims are misjoined. Again, Merck is simply wrong. It relies for sole authority on the unpublished version of *In Re Rezulin*, above. But Merck grossly misstates that case's facts. The actual holding was:

> The malpractice claim here is based in substance on the physician's failure to diagnose plaintiff's alleged liver dysfunction. The breach of warranty and other claims go principally to the safety and efficacy of the drug and have little if anything to do with the malpractice claim.

*In re Rezulin Products Liability Litigation*, Dkt. MDL 1348, 00 CIV. 2843 (LAK), 2003 WL 21276425, *1 (S.D.N.Y., 2003). The doctor was sued solely for failing to discover the subsequent harm, not the prescription of the drug. Here, Plaintiffs would hold the doctors and hospital liable for failing to understand and pass on the dangers associated with this drug, the same dangers Merck sought to conceal. When this issue *was considered*, the court agreed that the doctor was a proper party for remand. *Jochim v. Wyeth-Ayerst Laboratories Div. on American Home Products Corp.*, Dkt. CIV.A. 01-2304-CM., 2001 WL 950785, *2 (D.Kan., July 13, 2001).

### IV.

### CONCLUSION

WHEREFORE, Plaintiffs in this case respectfully pray that the Motion to Remand be granted and that this Court remand this case to the Court of Common Pleas, Civil Division, Cuyahoga County, Ohio, for trial on the merits. Plaintiffs further pray for such further and other relief to which they may show themselves justly entitled.

MILLER CURTIS & WEISBROD, L.L.P.

By: *Alexandra V. Boone*
LES WEISBROD
Texas State Bar No. 21104900
ALEXANDRA V. BOONE
Texas State Bar No. 00795259
11551 Forest Central Drive
Suite 300
Dallas, Texas 75243
Phone: (214) 987-0005
Fax: (214) 739-4732

**ATTORNEYS FOR THE PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing document has been served upon all counsel of record by electronically uploading the same to LexisNexis File & Serve on this 6th day of December, 2006.

*Alexandra V. Boone*
ALEXANDRA V. BOONE