IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br><br>PRODUCTS LIABILITY LITIGATION<br><br>This document relates to<br>Case No. 06cv9738<br><br>CHARLES F. STALNAKER, LOREN E. NAVEL, and MILDRED N. GRISKO,<br><br>Plaintiffs,<br><br>v.<br><br>MERCK & CO., INC.,<br><br>Defendant. | MDL DOCKET NO. 1657<br><br>SECTION L<br><br>JUDGE FALLON<br><br>MAGISTRATE JUDGE KNOWLES<br><br><br>JURY TRIAL DEMANDED ON ALL COUNTS |

## MOTION TO SEVER

COMES NOW Defendant Merck & Co., Inc. ("Merck") and hereby moves this Court to sever the plaintiffs in this case because they were improperly joined under Federal Rule of Civil Procedure 20. In support of its motion, Merck states as follows:

1. Plaintiffs have sought to improperly join in one lawsuit the claims of three different people who allege that they suffered personal injuries from taking Vioxx®.

2. Federal Rule of Civil Procedure 20(a) imposes two specific requirements for joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) some common question of law or fact must be present with respect to all parties in the action. *See Intercon Research Associates, LTD v. Dresser Industries, Inc.*, 696

F.2d 53 (7th Cir. 1982); Fed. R. Civ. P. 20(a). Joinder is proper only if both requirements of Rule 20 are satisfied. In this case, the plaintiffs have not satisfied the first requirement in Rule 20 and therefore their claims cannot be joined in one action. *See also*, Fed. R. Civ. P. 21 (Even if Rule 20 is satisfied, "[p]arties may be dropped or added by order of the court ... on such terms as are just. Any claim against a party may be severed and proceeded with separately").

3. As discussed more fully in Merck's Memorandum in Support of its Motion to Sever, numerous courts have recognized that in product liability cases brought against pharmaceutical manufacturers where the plaintiffs allege only that they took the same drug and suffered injuries, plaintiffs do not meet the "same transaction or occurrence" requirement for joinder because of the highly individualized circumstances that characterize each plaintiff's claims.

4. Here, plaintiffs' complaint suggests only two things that all plaintiffs have in common: they each took Vioxx and they each allegedly suffered some injury. But there is much more that the plaintiffs do not have in common, and those disparate facts are central to resolution of their claims.

5. The plaintiffs have not alleged that they were prescribed Vioxx by the same doctor for the same purpose. The plaintiffs do not allege that they each purchased Vioxx at the same pharmacy. The plaintiffs do not allege that they took the same, or even similar, dosages of Vioxx. The plaintiffs do not allege that they have similar medical histories. In addition, the plaintiffs do not allege that they took Vioxx for the same period of time. Finally, plaintiffs have allegedly suffered a wide variety of injuries.

6. Each of these differences will be highly relevant to resolution of the plaintiffs' claims. Because the plaintiffs do not allege claims arising out of the same transaction,

occurrence, or series of transaction or occurrences, the ten plaintiffs in this case were improperly joined and their claims should be severed under Fed. R. Civ. P. 20; Fed. R. Civ. P. 21.

7.   In support of Defendant's motion, it files contemporaneously herewith and incorporates herein, its Memorandum of Law in Support of its Motion to Sever.

WHEREFORE, Merck respectfully requests that this Court, pursuant to Federal Rules of Civil Procedure 20 and 21, sever plaintiffs, so that each plaintiff's claims proceed in a separate lawsuit.

Respectfully submitted,

BRYAN CAVE LLP

By:   /s/ Stephen G. Strauss
        Dan H. Ball
        Robert T. Ebert, Jr.
        Stephen G. Strauss
        211 North Broadway, Suite 3600
        St. Louis, MO 63102-2750
        Telephone: (314) 259-2000
        Facsimile: (314) 259-2020

Attorneys for Merck & Co., Inc.

—and—

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 7th day of December, 2006.

/s/ *Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

826474v.2