IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br><br>**PRODUCTS LIABILITY LITIGATION**<br><br>This document relates to<br>Case No. 06cv9738<br><br>**CHARLES F. STALNAKER, LOREN E. NAVEL, and MILDRED N. GRISKO,**<br><br>Plaintiffs,<br><br>v.<br><br>**MERCK & CO., INC.,**<br><br>Defendant. | MDL DOCKET NO. 1657<br><br>SECTION L<br><br>JUDGE FALLON<br><br>MAGISTRATE JUDGE KNOWLES<br><br><br><br>JURY TRIAL DEMANDED ON ALL COUNTS |

## MEMORANDUM IN SUPPORT OF MERCK'S MOTION TO SEVER

Defendant Merck & Co, Inc. ("Merck") submits the following Memorandum in Support of its Motion to Sever Plaintiffs Due to Improper Joinder. Merck respectfully moves the Court pursuant to Fed. R. Civ. P. 20 and 21 to sever the claims of all plaintiffs who have been improperly joined in this action, so that each plaintiff's claims proceed in a separate lawsuit.

### Background

Plaintiffs have sought to improperly join in one lawsuit the claims of three different people who each allege that they suffered personal injuries from taking Vioxx®. Notably, plaintiffs have not alleged that they were prescribed Vioxx by the same doctor or for the same purpose. Plaintiffs do not allege that they purchased Vioxx at the same pharmacy. Plaintiffs do not allege that they took Vioxx during the same period of time. Plaintiffs have different medical backgrounds and different medical histories. And plaintiffs allege injuries that vary in nature.

2491007

Without question, each separate alleged injury will turn on its own unique facts. As numerous courts have recognized, claims such as these do not arise out of the same transaction or occurrence under Fed. R. Civ. P. 20 and thus cannot be joined in one suit. Accordingly, the Court should sever plaintiffs' claims.

## ARGUMENT

Federal Rule of Civil Procedure 20(a) imposes two specific requirements for joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) some common question of law or fact must be present with respect to all parties in the action. *See Intercon Research Associates, LTD v. Dresser Industries, Inc.*, 696 F.2d 53 (7th Cir. 1982); Fed. R. Civ. P. 20(a). Where plaintiffs fail to satisfy *both* requirements of Rule 20, joinder is improper and their claims cannot proceed as one action. Fed. R. Civ. P. 20(a). *See also*, Fed. R. Civ. P. 21 (Even if Rule 20(a) is satisfied, "[p]arties may be dropped or added by order of the court ... on such terms as are just. Any claim against a party may be severed and proceeded with separately"). In this case, the plaintiffs do not satisfy the first requirement for joinder under Fed. R. Civ. P. 20.

### The Plaintiffs Fail to Satisfy Rule 20.

Numerous courts have recognized that in product liability cases brought against pharmaceutical manufacturers plaintiffs who simply allege that they took the same drug do not meet the "same transaction or occurrence" requirement for joinder because of the highly individualized circumstances that characterize each plaintiff's claims. *See, e.g., Simmons v. Wyeth Labs.*, Nos. CIV.A.96-CV-6631, -6686, -6728, and -6730, 1996 WL 617492, at *3 (E.D. Pa. Oct. 24, 1996); *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 145-46 (S.D.N.Y.

2001); *Graziose v. American Home Prods. Corp.*, 202 F.R.D. 638, 640 (D. Nev. 2001); *In re Diet Drugs*, No. CIV.A.98-20478, 1999 WL 554584, at *4 (E.D. Pa. July 16, 1999); *In re Baycol Prods. Liab. Litig.*, MDL No. 1431, 2002 WL 32155269, at *2 (D. Minn. July 5, 2002); *Janssen Pharmaceutica, Inc. v. Armond*, 866 So. 2d 1092, 1096 (Miss. 2004); *see also In re Orthopedic Bone Screw Prods. Liab. Litig.*, MDL No. 1341, 1995 WL 428683, at *6 (E.D. Pa. July 15, 1995). The reason for this rule is self-evident: when *different* people with *different* medical histories separately take *different* dosages of the same drug prescribed by *different* physicians under *different* circumstances, for *different* periods of time, and at *different* points in time, their claims facially involve *different* transactions or occurrences.

Rule 20 is not merely formalistic; rather, it is based on fundamental due process concerns regarding the right to a fair trial. As one district court aptly explained, "The joinder of several plaintiffs who have no connection to each other in no way promotes trial convenience or expedites the adjudication of the asserted claims. Rather, the joinder of such unconnected, geographically diverse plaintiffs that present individual circumstances material to the final outcome of their respective claims would obstruct and delay the adjudication process." *In re Diet Drugs*, 1999 WL 554584, at *3; *see also In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d at 146 (same); *Armond*, 866 So.2d at 1101 (joinder is prejudicial because "the potential is that the collective evidence will be applied to all defendants"); *In re Ethyl Corp.*, 975 S.W.2d 606, 610 (Tex. 1998) ("A trial court has no discretion to deny separate trials when an injustice will result").

Recently, a federal court in New York found that joinder of Vioxx claims – like those asserted here – would be improper for these very reasons. *See McNaughton v. Merck & Co., Inc.*, 04CIV8297(LAP), Slip. Op. 3-6 (S.D.N.Y. Dec. 17, 2004) (attached as Exhibit A). In that

case, the court noted that "[t]he mere existence of common questions of law or fact does not satisfy the same transaction or occurrence requirement." *Id.* at 3; *see also id.* at 3-4 (allegations of "a similar injury allegedly caused by the same drug" does not show the same transaction or occurrence). The court then found that plaintiffs' allegations that they "took VIOXX," "were improperly warned of the alleged dangers," and "suffered serious medical ills as a result" were insufficient to establish that their claims arose from the same transaction or occurrence. *Id.* at 3. The court also noted that "variables such as exposure to the drug and the patient's physical state at the time of ingestion were issues relating to each specific individual." *Id.* at 4 n.2. Finally, the court recognized that the vast majority of case law supports the view that joinder is improper in a prescription drug case where the plaintiffs allege only that they all took the same drug and suffered an injury. *Id.* at 3-5.

Similarly, in *Janssen Pharmaceutica, Inc. v. Armond*, 866 So. 2d at 1096, the Mississippi Supreme Court held that 56 plaintiffs who alleged injuries after taking the prescription drug Propulsid improperly joined their claims. In that case, the plaintiffs "ha[d] different medical histories; allege[d] different injuries at different times; ingested different amounts of Propulsid over different periods of time; [and] received different advice from 42 different doctors who, in turn, received different information about the risks associated with the medication via six different warning labels utilized during the time covered by the lawsuit, and who each had his or her own reasons to prescribe Propulsid for the patients." *Id.* at 1096. Those differences meant that "a joint trial would require 56 different fact situations, 56 sets of medical histories, and 56 sets of witnesses and testimony, all in addition to addressing the myriad causation and other products liability issues. Instead of fostering efficiency, such a trial would unavoidably confuse the jury and irretrievably prejudice the defendants." *Id.* at 1098.

The concerns discussed above preclude joinder of plaintiffs' claims here. Plaintiffs' complaint suggests only two things that all plaintiffs have in common: they each took Vioxx and they each allegedly suffered some injury. (Complaint ¶¶ 1-3). But there is much more that the plaintiffs do not have in common, and those disparate facts are central to resolution of their claims. The plaintiffs do not allege that they were prescribed Vioxx by the same doctor for the same purpose. The plaintiffs do not allege that they all purchased Vioxx at the same pharmacy. The plaintiffs do not allege that they took the same, or even similar, dosages of Vioxx. The plaintiffs do not allege that they have similar medical histories. The plaintiffs do not allege that they took Vioxx over the same period of time.

Each of these differences will be highly relevant to resolution of the plaintiffs' claims. For example, the fact that the plaintiffs likely were each prescribed Vioxx by different doctors means that they were likely told different things about the drug and its potential side effects. *See Armond*, 886 So. 2d at 1101. The fact that plaintiffs took Vioxx during different time periods will affect each plaintiff's failure-to-warn claim against Merck. And the differences in plaintiffs medical histories, diets, and alleged injuries and the fact that they each took different dosages of Vioxx for different lengths of time will mean that each plaintiff will offer different evidence on causation issues. *See In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d at 146.

In short, the plaintiffs' claims were improperly joined because they "allege a defect . . . which may have caused different results – not just different injuries – in patients, depending on such variables as exposure to the drug, the patient's physical state at the time of taking the drug, and a host of other known and unknown factors that must be considered at trial with respect to each individual plaintiff." *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d at 146. As a result, "[l]iability, causation, and damages will . . . be different with each individual plaintiff." *Armond*,

866 So. 2d at 1096.

Because the plaintiffs do not allege claims arising out of the same transaction, occurrence, or series of transaction or occurrences, the three plaintiffs in this case were improperly joined and their claims should be severed under Fed. R. Civ. P. 20(a). *See, e.g., Graziose*, 202 F.R.D. at 641 ("This case should be six separate cases. They will each involve separate discovery, separate claims, separate damages, separate defendants, separate medicine, separate physical conditions and history, and . . . separate witnesses. The Court will sever the claims"); *see also, e.g., In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d at 148; *Simmons*, 1996 WL 617492, at *2, 5.

## Conclusion

The plaintiffs' complaint joins three plaintiffs whose only commonality is the fact that each plaintiff took Vioxx and allegedly suffered injuries as a result. The clear weight of authority indicates that the plaintiffs' claims are improperly joined under Federal Rule of Civil Procedure 20(a) because they did not arise from the same transaction, occurrence, or series of transactions and occurrences. Accordingly, this Court should sever the plaintiffs' claims pursuant to Federal Rules of Civil Procedure 20 and 21.

Respectfully submitted,

BRYAN CAVE LLP

By: /s/ Stephen G. Strauss
 Dan H. Ball
 Robert T. Ebert, Jr.
 Stephen G. Strauss
 211 North Broadway, Suite 3600
 St. Louis, MO 63102-2750
 Telephone: (314) 259-2000
 Facsimile: (314) 259-2020

       Attorneys for Merck & Co., Inc.

    —and—

          Phillip A. Wittmann, 13625
          Dorothy H. Wimberly, 18509
          STONE PIGMAN WALTHER
          WITTMANN L.L.C.
          546 Carondelet Street
          New Orleans, Louisiana 70130
          Phone: 504-581-3200
          Fax:   504-581-3361

Defendants' Liaison Counsel

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Support has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 7th day of December, 2006.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

826474v.2