## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF LOUISIANA

In re: VIOXX

**PRODUCTS LIABILITY LITIGATION**

**This document relates to**
**Case No. 06cv9738**

**CHARLES F. STALNAKER, LOREN E.**
**NAVEL, and MILDRED N. GRISKO,**

Plaintiffs,

v.

**MERCK & CO., INC.,**

Defendant.

**MDL DOCKET NO. 1657**
 **SECTION L**

**JUDGE FALLON**

**MAGISTRATE JUDGE KNOWLES**

**JURY TRIAL DEMANDED ON ALL**
**COUNTS**

### MERCK & CO., INC.'S ANSWER AND DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT

COMES NOW Defendant Merck & Co., Inc. ("Merck"), by and through its counsel, and presents the following Answer and Defenses to plaintiffs' Amended Complaint ("Complaint") as follows:

### RESPONSE TO "THE PARTIES"

1.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 1 of the Complaint and demands strict proof thereof. Denies each and every allegation contained in the second sentence of paragraph 1 of the Complaint except admits that plaintiff purports to bring an action for certain personal injuries but denies that there is any legal or factual basis for same.

2.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 2 of the Complaint and demands strict proof thereof. Denies each and every allegation contained in the second sentence of paragraph 2 of the Complaint except admits that plaintiff purports to bring an action for certain personal injuries but denies that there is any legal or factual basis for same.

3.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 3 of the Complaint and demands strict proof thereof. Denies each and every allegation contained in the second sentence of paragraph 3 of the Complaint except admits that plaintiff purports to bring an action for certain personal injuries but denies that there is any legal or factual basis for same.

4.     Denies each and every allegation contained in paragraph 4 of the Complaint except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

## RESPONSE TO "JURISDICTION"

5.     The allegations in paragraph 5 of the Complaint are legal conclusions as to which no response is required.

## RESPONSE TO "GENERAL ALLEGATIONS"

6.     Denies each and every allegation contained in paragraph 6 of the Complaint except admits that Vioxx is part of a class of drugs known as NSAIDs and that Merck manufactured, marketed, and distributed the prescription medicine Vioxx which reduces pain and inflammation and that the mechanism of action is believed to be due to

2481558                                                                 2

inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

7.      Denies each and every allegation contained in paragraph 7 of the Complaint.

8.      Denies each and every allegation contained in paragraph 8 of the Complaint.

9.      Denies each and every allegation contained in paragraph 9 of the Complaint.

10.     Denies each and every allegation in paragraph 10 of the Complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

11.     Denies each and every allegation contained in paragraph 11 of the Complaint.

12.     Denies each and every allegation contained in paragraph 12 of the Complaint.

13.     Denies each and every allegation contained in paragraph 13 of the Complaint.

14.     Denies each and every allegation contained in paragraph 14 of the Complaint.

15.     Denies each and every allegation contained in paragraph 15 of the Complaint.

16.    Denies each and every allegation contained in paragraph 16 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further avers that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo. Merck further avers that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx from the worldwide market best served the interests of patients.

17.    Denies each and every allegation contained in paragraph 17 of the Complaint.

## RESPONSE TO "COUNT I – NEGLIGENCE"

18.    With respect to the allegations contained in paragraph 18 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

19.    Denies each and every allegation contained in paragraph 19, including subparagraphs (a) – (c), of the Complaint.

20.    Denies each and every allegation contained in paragraph 20 of the Complaint.

21.     As for the unnumbered prayer for relief under paragraph 20, no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in this unnumbered prayer for relief.

## RESPONSE TO "COUNT II – NEGLIGENT FAILURE TO ADEQUATELY WARN"

22.     With respect to the allegations contained in paragraph 21 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

23.     Denies each and every allegation contained in paragraph 22 of the Complaint.

24.     Denies each and every allegation contained in paragraph 23 of the Complaint.

25.     Denies each and every allegation contained in paragraph 24 of the Complaint.

26.     As for the unnumbered prayer for relief under paragraph 24, no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in this unnumbered prayer for relief.

## RESPONSE TO "COUNT III – BREACH OF EXPRESS WARRANTY"

27.     With respect to the allegations contained in paragraph 25 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

28.     Denies each and every allegation contained in paragraph 26 of the
Complaint.

29.     Denies each and every allegation contained in paragraph 27 of the
Complaint.

30.     Denies each and every allegation contained in paragraph 28 of the
Complaint.

31.     Denies each and every allegation contained in paragraph 29 of the
Complaint.

32.     Denies each and every allegation contained in paragraph 30 of the
Complaint.

33.     As for the unnumbered prayer for relief under paragraph 30, no responsive
pleading is required.  Should a response be deemed required, Merck denies each and
every allegation contained in this unnumbered prayer for relief.

### RESPONSE TO "COUNT IV – BREACH OF IMPLIED WARRANTY"

34.     With respect to the allegations contained in paragraph 31 of the
Complaint, repeats and re-alleges each and every admission, denial, averment, and
statement contained in the preceding paragraphs of this Answer with the same force and
effect as though set forth here in full.

35.     Denies each and every allegation contained in paragraph 32 of the
Complaint.

36.     Denies each and every allegation contained in paragraph 33 of the
Complaint.

6

37.     Denies each and every allegation contained in paragraph 34 of the

Complaint.

38.     As for the unnumbered prayer for relief under paragraph 34, no responsive

pleading is required.  Should a response be deemed required, Merck denies each and

every allegation contained in this unnumbered prayer for relief.

## RESPONSE TO "COUNT V – STRICT LIABILITY – FAILURE TO ADEQUATELY DESIGN"

39.     With respect to the allegations contained in paragraph 35 of the

Complaint, repeats and re-alleges each and every admission, denial, averment, and

statement contained in the preceding paragraphs of this Answer with the same force and

effect as though set forth here in full.

40.     Denies each and every allegation contained in paragraph 36 of the

Complaint.

42.     Lacks knowledge of the allegations contained in paragraph 37 of the

Complaint and demands strict proof thereof, and in the alternative denies the same.

43.     Denies each and every allegation contained in paragraph 38 of the

Complaint.

44.     As for the unnumbered prayer for relief under paragraph 38, no responsive

pleading is required.  Should a response be deemed required, Merck denies each and

every allegation contained in this unnumbered prayer for relief.

## RESPONSE TO "COUNT VI – STRICT LIABILITY – FAILURE TO WARN"

45.     With respect to the allegations contained in paragraph 39 of the

Complaint, repeats and re-alleges each and every admission, denial, averment, and

statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

46. Denies each and every allegation contained in paragraph 40 of the Complaint.

47. Denies each and every allegation contained in paragraph 41 of the Complaint.

48. Denies each and every allegation contained in paragraph 42 of the Complaint.

49. Lacks knowledge of the allegations contained in paragraph 43 of the Complaint and demands strict proof thereof, and in the alternative denies the same.

50. Denies each and every allegation contained in paragraph 44 of the Complaint.

51. As for the unnumbered prayer for relief under paragraph 44, no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in this unnumbered prayer for relief.

## RESPONSE TO "COUNT VII – FRAUD"

52. With respect to the allegations contained in paragraph 45 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

53. Denies each and every allegation contained in paragraph 46 of the Complaint.

54. Denies each and every allegation contained in paragraph 47 of the Complaint.

55. Denies each and every allegation contained in paragraph 48 of the Complaint.

56. Denies each and every allegation contained in paragraph 49 of the Complaint.

57. Denies each and every allegation contained in paragraph 50 of the Complaint.

58. Denies each and every allegation contained in paragraph 51 of the Complaint.

59. As for the unnumbered prayer for relief under paragraph 51, no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in this unnumbered prayer for relief.

## RESPONSE TO "COUNT VIII – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT"

60. With respect to the allegations contained in paragraph 52 of the Complaint, repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

61. The allegations contained in paragraph 53 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that plaintiffs purport to reference and characterize 815 ILCS 505/1 and respectfully refers the Court to the statute for its actual language and full text.

62.    Denies each and every allegation contained in paragraph 54 of the

Complaint.

63.    Denies each and every allegation contained in paragraph 55 of the

Complaint.

64.    As for the unnumbered prayer for relief under paragraph 56, no responsive

pleading is required.  Should a response be deemed required, Merck denies each and

every allegation contained in this unnumbered prayer for relief.

## RESPONSE TO "COUNT IX – WILLFUL AND WANTON MISCONDUCT"

65.    With respect to the allegations contained in paragraph 56 of the

Complaint, repeats and re-alleges each and every admission, denial, averment, and

statement contained in the preceding paragraphs of this Answer with the same force and

effect as though set forth here in full.

66.    Denies each and every allegation contained in paragraph 57 of the

Complaint.

67.    Denies each and every allegation contained in paragraph 58 of the

Complaint.

68.    Denies each and every allegation contained in paragraph 59 of the

Complaint.

69.    Denies each and every allegation contained in paragraph 60 of the

Complaint.

70.    Denies each and every allegation contained in paragraph 61 of the

Complaint.

71.    Denies each and every allegation contained in paragraph 62 of the

Complaint.

72.    As for the unnumbered prayer for relief under paragraph 62, no responsive

pleading is required.  Should a response be deemed required, Merck denies each and

every allegation contained in this unnumbered prayer for relief.

## JURY DEMAND

Merck hereby requests a trial by jury.

## DEFENSES

For its defenses to plaintiffs' Complaint, Defendant Merck & Co., Inc.
states as follows:

### AS FOR A FIRST DEFENSE,
### MERCK ALLEGES:

73.    Each and every claim asserted or raised in the Complaint is barred by the

applicable statutes of limitations and is otherwise untimely.

### AS FOR A SECOND DEFENSE,
### MERCK ALLEGES:

74.    The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A THIRD DEFENSE,
### MERCK ALLEGES:

75.    The claims of the plaintiffs may be barred, in whole or in part, from

recovery because they have made statements or taken actions that preclude them from

asserting claims or constitute a waiver of their claims.

### AS FOR A FOURTH DEFENSE,
### MERCK ALLEGES:

76.    The claims of the plaintiffs may be barred, in whole or in part, from

recovery because of the res judicata effect of prior judgments.

### AS FOR A FIFTH DEFENSE,
### MERCK ALLEGES:

77.     Each and every claim asserted or raised in the Complaint is barred by the

doctrines of estoppel, waiver or statutory and regulatory compliance.

### AS FOR A SIXTH DEFENSE,
### MERCK ALLEGES:

78.     If plaintiffs have sustained injuries or losses as alleged in the Complaint,

upon information and belief, such injuries or losses were cause in whole or in part

through the operation of nature or other intervening cause or causes.

### AS FOR A SEVENTH DEFENSE,
### MERCK ALLEGES:

79.     To the extent that plaintiffs assert claims based on Merck's adherence to

and compliance with applicable federal laws, regulations and rules, such claims are

preempted by federal law under the Supremacy Clause of the United States Constitution.

### AS FOR AN EIGHTH DEFENSE,
### MERCK ALLEGES:

80.     To the extent that plaintiffs assert claims based upon an alleged failure by

Merck to warn plaintiffs directly of alleged dangers associated with the use of Vioxx,

such claims are barred under the learned intermediary doctrine because Merck has

discharged its duty to warn in its warnings to the prescribing physician.

### AS FOR A NINTH DEFENSE,
### MERCK ALLEGES:

81.     Any warnings given by Merck were transmitted to the prescribing

physicians and/or healthcare providers and, pursuant to the learned intermediary doctrine,

Merck's only obligation is to warn the prescribing physician and/or healthcare providers

and said obligation was fulfilled.

### AS FOR A TENTH DEFENSE,
### MERCK ALLEGES:

82.    If plaintiffs have sustained injuries or losses as alleged in the Complaint,

such injuries or losses were caused in whole or in part by the contributory negligence of

the allegedly injured plaintiffs.

### AS FOR A ELEVENTH DEFENSE,
### MERCK ALLEGES:

83.    Any liability that might otherwise be imposed upon this defendant is

subject to reduction by the application of the doctrine of comparative negligence.

### AS FOR A TWELFTH DEFENSE,
### MERCK ALLEGES:

84.    If plaintiffs have sustained injuries or losses as alleged in the Complaint,

such injuries or losses were only so sustained after plaintiffs knowingly, voluntarily, and

willfully assumed the risk of any injury as the result of the consumption of,

administration of, or exposure to any drug or pharmaceutical preparation manufactured or

distributed by Merck or other manufacturer.

### AS FOR AN THIRTEENTH DEFENSE,
### MERCK ALLEGES:

85.    If plaintiffs have sustained injuries or losses as alleged in the Complaint,

upon information and belief, such injuries and losses were caused by the actions of

persons not having real or apparent authority to take said actions on behalf of Merck and

over whom Merck had no control and for whom Merck may not be held accountable.

### AS FOR A FOURTEENTH DEFENSE,
### MERCK ALLEGES:

86.    If plaintiffs have sustained injuries or losses as alleged in the Complaint,

upon information and belief, such injuries and losses were proximately caused by

plaintiffs' misuse or abuse of Vioxx.

## AS FOR A FIFTEENTH DEFENSE,
## MERCK ALLEGES:

87.    If plaintiffs have sustained injuries or losses as alleged in the Complaint,

such injuries or losses resulted from plaintiffs' pre-existing and/or unrelated medical,

genetic and/or environmental conditions, diseases, or illnesses, subsequent medical

conditions or natural courses of conditions for which this defendant is not responsible.

## AS FOR A SIXTEENTH DEFENSE,
## MERCK ALLEGES:

88.    To the extent plaintiffs have settled or will in the future settle with any

person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if

any, should be reduced accordingly.

## AS FOR A SEVENTEENTH DEFENSE,
## MERCK ALLEGES:

89.    To the extent plaintiffs are seeking recovery for benefits entitled to be

received or actually received from any other source for injuries alleged in the Complaint,

such benefits are not recoverable in this action.

## AS FOR AN EIGHTEENTH DEFENSE,
## MERCK ALLEGES:

90.    Plaintiffs' claims of fraud are barred by reason of plaintiffs' failure to

allege the circumstances constituting fraud with particularity, as required by Federal Rule

of Civil Procedure 9(b).

## AS FOR A NINETEENTH DEFENSE,
## MERCK ALLEGES:

91.    Plaintiffs' claims are barred, in whole or in part, under the applicable state

law because Vioxx was subject to and received pre-market approval by the Food and

Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A TWENTIETH DEFENSE, MERCK ALLEGES:

92.    Plaintiffs' claims are barred in whole or in part by the First Amendment.

### AS FOR A TWENTY-FIRST DEFENSE, MERCK ALLEGES:

93.    Plaintiffs' claims are barred in whole or in part because the product at

issue was made in accordance with the state of the art at the time it was manufactured.

### AS FOR A TWENTY-SECOND DEFENSE, MERCK ALLEGES:

94.    There is no practical or technically feasible alternative design that would

have reduced the alleged risk without substantially impairing the reasonably anticipated

and intended function of Vioxx.

### AS FOR A TWENTY- THIRD DEFENSE, MERCK ALLEGES:

95.    This case is more appropriately brought in a different venue.

### AS FOR A TWENTY- FOURTH DEFENSE, MERCK ALLEGES:

96.    Venue in this case is improper.

### AS FOR A TWENTY- FIFTH DEFENSE, MERCK ALLEGES:

97.     The claims of plaintiffs may be barred, in whole or in part, from recovery

because, in this or other courts, they have brought actions and have received judgments

on parts of some or all claims asserted herein.

### AS FOR A TWENTY- SIXTH DEFENSE,
### MERCK ALLEGES:

98.     The claims of plaintiffs may be barred, in whole or in part, from recovery,

on the ground that the claims asserted herein have been submitted to arbitration, and a

binding decision has been rendered.

### AS FOR A TWENTY- SEVENTH DEFENSE,
### MERCK ALLEGES:

99.     The claims of plaintiffs may be barred, in whole or in part, from recovery

by release as to their claims.

### AS FOR A TWENTY- EIGHTH DEFENSE,
### MERCK ALLEGES:

100.    The claims of plaintiffs may be barred, in whole and in part, pursuant to

the doctrine of accord and satisfaction.

### AS FOR A TWENTY-NINTH DEFENSE,
### MERCK ALLEGES:

101.    The claims of plaintiffs may be barred, in whole and in part, by the

doctrine of laches.

### AS FOR A THIRTIETH DEFENSE,
### MERCK ALLEGES:

102.    The claims of plaintiffs are barred, in whole or in part, by their failure to

mitigate damages.

### AS FOR A THIRTY-FIRST DEFENSE,
### MERCK ALLEGES:

103.    To the extent there were any risks associated with the use of the product

which is the subject matter of this action that Merck knew or should have known and

which gave rise to a duty to warn, Merck at all times discharged such duty through

appropriate and adequate warnings in accordance with federal and governing state laws.

### AS FOR A THIRTY-SECOND DEFENSE,
### MERCK ALLEGES:

104.    The claims of plaintiffs may be time-barred, in whole or in part, under

applicable statutes of limitations or statutes of repose.

### AS FOR A THIRTY-THIRD DEFENSE,
### MERCK ALLEGES:

105.    The claims of plaintiffs may be barred, in whole or in part, from recovery,

due to spoliation of evidence.

### AS FOR A THIRTY-FOURTH DEFENSE,
### MERCK ALLEGES:

106.    The claims of plaintiffs may be barred, in whole or in part, by the

governing state laws.

### AS FOR A THIRTY-FIFTH DEFENSE,
### MERCK ALLEGES:

107.    Any conduct allegedly causing liability on the part of Merck is not a

substantial cause or factor of any potential or actual injury or damage, if any.

### AS FOR A THIRTY-SIXTH DEFENSE,
### MERCK ALLEGES:

108.    Plaintiffs have not sustained any injury or damages compensable at law.

### AS FOR A THIRTY-SEVENTH DEFENSE,
### MERCK ALLEGES:

109.    Merck reserves its right to dismiss the Complaint and seek further relief

for plaintiffs' failure to provide it with due process of law.

### AS FOR A THIRTY-EIGHTH DEFENSE, MERCK ALLEGES:

110.    Plaintiffs claims are barred in whole or in part under comment k to Section

402A of the Restatement (Second) of Torts.

### AS FOR A THIRTY-NINTH DEFENSE, MERCK ALLEGES:

111.    Plaintiffs' claims are barred in whole or in part because Merck provided

adequate "directions or warnings" as to the use of Vioxx and any other drug or

pharmaceutical preparation Plaintiffs allege to have taken within the meaning of

comment j to Section 402A of the Restatement (Second) of Torts.

### AS FOR A FORTIETH DEFENSE, MERCK ALLEGES:

112.    Plaintiffs' claims are barred under Section 4, et. seq., of the Restatement

(Third) of Torts: Products Liability.

### AS FOR A FORTY-FIRST DEFENSE, MERCK ALLEGES:

113.    Plaintiffs' claims are barred in whole or in part because Vioxx "provides

net benefits for a class of patients" within the meaning of comment f to Section 6 of the

Restatement (Third) of Torts: Product Liability.

### AS FOR A FORTY-SECOND DEFENSE, MERCK ALLEGES:

114.    Inasmuch as the Complaint does not describe the alleged underlying

claims with sufficient particularity to enable Merck to determine all of its legal,

contractual and equitable rights, Merck reserves the right to amend and/or supplement the

averments of its answer to assert any and all pertinent liability defenses ascertained

through further investigation and discovery in this action.

## AS FOR A FORTY-THIRD DEFENSE,
## MERCK ALLEGES:

115.    If plaintiffs sustained the injuries or incurred the expenses alleged, the

same were caused, in whole or in part, by operation of nature or an act of God.

## AS FOR A FORTY-FOURTH DEFENSE,
## MERCK ALLEGES:

116.    If plaintiffs sustained the injuries or incurred the expenses alleged, the

same were caused by an idiosyncratic reaction, without any negligence, defect, or failure

on the part of Merck.

## AS FOR A FORTY-FIFTH DEFENSE,
## MERCK ALLEGES:

117.    The injuries and damages alleged in plaintiffs' Complaint were the result

of unavoidable circumstances that could not have been prevented by anyone, including

Merck.

## AS FOR A FORTY-SIXTH DEFENSE,
## MERCK ALLEGES:

118.    The benefits of the product or products at issue outweigh the risks, if any,

which may be attendant to their use.

## AS FOR A FORTY-SEVENTH DEFENSE,
## MERCK ALLEGES:

119.    Merck has complied with all requirements of the Food and Drug

Administration of the United States Department of Health and Human Services, and the

product or products at issue were approved pursuant to the applicable statutes and regulations. Pursuant to such, the product or products at issue could only be used pursuant to the prescription of a licensed prescriber. The package insert for the product or products at issue was also approved by the Food and Drug Administration, and the marketing was conducted in conformity with the regulations of the Food and Drug Administration. Therefore, plaintiffs' claims are preempted.

## AS FOR A FORTY-EIGHTH DEFENSE, MERCK ALLEGES:

120. The extent of any risk associated with the use of Merck's product, the existence of which is not admitted, was, at the time of the distribution of the product by Merck, unknown and could not have been known by the use of ordinary care by Merck.

## AS FOR A FORTY-NINTH DEFENSE, MERCK ALLEGES:

121. Merck made no express or implied representations or warranties of any kind to plaintiffs, nor did plaintiffs rely on any representations or warranties made by Merck. To the extent plaintiffs relied upon any representations or warranties, such reliance was unjustified.

## AS FOR A FIFTIETH DEFENSE, MERCK ALLEGES:

122. Merck did not breach any duty of care to plaintiffs.

## AS FOR A FIFTY-FIRST DEFENSE, MERCK ALLEGES:

123. Plaintiffs have failed to join all necessary and indispensable parties.

## AS FOR A FIFTY-SECOND DEFENSE,

20

## MERCK ALLEGES:

124. Merck did not violate any state or federal statute, regulation or ordinance to cause plaintiffs' alleged injuries.

## AS FOR A FIFTY-THIRD DEFENSE,
## MERCK ALLEGES:

125. A plaintiff who experienced no manifestation of the alleged defect has no claim against defendant upon which relief may be granted.

## AS FOR A FIFTY-FOURTH DEFENSE,
## MERCK ALLEGES:

126. To the extent that plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A FIFTY-FIFTH DEFENSE,
## MERCK ALLEGES:

127. To the extent that plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A FIFTY-SIXTH DEFENSE,
## MERCK ALLEGES:

128. Plaintiffs' demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FIFTY-SEVENTH DEFENSE,
## MERCK ALLEGES:

129.    Plaintiffs fail to allege facts from which it can reasonably inferred to the level of clear and convincing proof that defendant acted with complete indifference to or conscious disregard for the safety of others.

## AS FOR A FIFTY-EIGHTH DEFENSE,
## MERCK ALLEGES:

130.    Plaintiffs should not be afforded the right to a jury trial on their claim for punitive damages.

## AS FOR A FIFTY-NINTH DEFENSE,
## MERCK ALLEGES:

131.    Plaintiffs are not entitled to recover exemplary or punitive damages because the standards and procedures for determining and reviewing such awards under applicable law do not sufficiently ensure a meaningful individualized assessment of appropriate deterrence and retribution.

## AS FOR A SIXTIETH DEFENSE,
## MERCK ALLEGES:

132.    Plaintiffs are not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of the due process clause of the Fourteenth Amendment of the United States Constitution and the Illinois Constitution as set forth in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 123 S.Ct. 1513 (2003).

## AS FOR A SIXTY-FIRST DEFENSE,
## MERCK ALLEGES:

133.    Plaintiffs are not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of Merck's constitutional protection and the prohibitions against double jeopardy set forth in the

Fifth Amendment and the due process clause of the Fourteenth Amendment of the United
States Constitution and comparable provisions of the Illinois Constitution.

### AS FOR A SIXTY-SECOND DEFENSE,
### MERCK ALLEGES:

134.    Plaintiffs are not entitled to recover exemplary or punitive damages
because exemplary or punitive damages in this case would result in an unconstitutionally
excessive fine in violation of the Eighth Amendment and the Due Process Clause of the
Fourteenth Amendment of the United States Constitution and comparable provisions of
the Illinois Constitution.

### AS FOR A SIXTY-THIRD DEFENSE,
### MERCK ALLEGES:

135.    Plaintiffs are not entitled to recover exemplary or punitive damages
because exemplary or punitive damages in this case would result in a violation of the
prohibition against ex post facto laws and laws impairing the obligations of contracts
contained in Sections 9 and 10 of Article I of the United States Constitution and
comparable provisions of the Illinois Constitution.

### AS FOR A SIXTY-FOURTH DEFENSE,
### MERCK ALLEGES:

136.    Plaintiffs are not entitled to recover exemplary or punitive damages
because plaintiffs' claim for exemplary or punitive damages is in violation of the due
process clauses of the Fifth and Fourteenth Amendments to the United States
Constitution and comparable provisions of the Illinois Constitution because there are not
realistic standards or limits imposed on the amount of punitive damages which may be
awarded, and no required relationship between the actual damages sustained and the
amount of punitive damages which may be awarded.

## AS FOR A SIXTY-FIFTH DEFENSE, MERCK ALLEGES:

137. Plaintiffs are not entitled to recover exemplary or punitive damages because plaintiffs' claim for exemplary or punitive damages is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Illinois Constitution because the vague standards employed in punitive damage cases results in extremely disparate results among similar defendants accused of similar conduct.

## AS FOR A SIXTY-SIXTH DEFENSE, MERCK ALLEGES:

138. Plaintiffs are not entitled to recover exemplary or punitive damages because plaintiffs' claim for exemplary or punitive damages is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Illinois Constitution because the purpose of punitive damages is punishment and deterrence, and there is not adequate procedural safeguards in place to protect Merck's right against self-incrimination, right to proof beyond a reasonable doubt, and right to be free from unreasonable searches and seizures in this case.

## AS FOR A SIXTY-SEVENTH DEFENSE, MERCK ALLEGES:

139. Plaintiffs are not entitled to recover exemplary or punitive damages because plaintiffs' claim for exemplary or punitive damages is in violation of the First Amendment to the United States Constitution and comparable provisions of the Illinois Constitution.

## AS FOR A SIXTY-EIGHTH DEFENSE,

## MERCK ALLEGES:

140.    Plaintiffs are not entitled to recover exemplary or punitive damages because the standards and instructions regarding exemplary/punitive damages are inadequate, vague, and ambiguous, further violating the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Illinois Constitution.

### AS FOR A SIXTY-NINTH DEFENSE, MERCK ALLEGES:

141.    Merck avers that any award of punitive damages to the plaintiffs in this case will be violative of the procedural safeguards provided to defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and, consequently, Merck is entitled to the same procedural safeguards accorded to criminal defendants.

### AS FOR A SEVENTIETH DEFENSE, MERCK ALLEGES:

142.    The correct standard for submitting the burden of proof for exemplary and/or punitive damages is "clear and convincing" evidence. Any lesser standard is a violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Illinois Constitution.

### AS FOR A SEVENTY-FIRST DEFENSE, MERCK ALLEGES:

143.    Plaintiffs are not entitled to recover exemplary or punitive damages because the imposition of exemplary or punitive damages in this case based upon evidence of Merck's wealth or financial status would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Illinois Constitution.

## AS FOR A SEVENTY-SECOND DEFENSE,
## MERCK ALLEGES:

144.    Merck lacked the requisite scienter and did not consciously or deliberately

engage in or perpetuate any fraud with respect to the plaintiffs.

## AS FOR A SEVENTY-THIRD DEFENSE,
## MERCK ALLEGES:

145.    Plaintiffs lack standing to assert claims under the Illinois Consumer Fraud

and Deceptive Business Practices Act or any Illinois consumer protection statute.

## AS FOR A SEVENTY-FOURTH DEFENSE,
## MERCK ALLEGES:

146.    Section 10b(1) of the Consumer Fraud Act provides that the Consumer

Fraud Act does not apply to "[a]ctions or transactions specifically authorized by laws

administered by any regulatory body or officer acting under statutory authority of this

State or the United States." (Ill.Rev.Stat.1981, ch. 121 1/2, par. 270b(1).) Under this

provision, conduct which is authorized by Federal statutes and regulations is exempt from

liability under the Consumer Fraud Act.  Lanier v. Associates Finance, Inc., 114 Ill.2d 1,

*17, 499 N.E.2d 440, **447, 101 Ill.Dec. 852, ***859 (Ill.,1986).

## AS FOR A SEVENTY-FIFTH DEFENSE,
## MERCK ALLEGES:

147.    Plaintiffs may be barred from bringing an action pursuant to the Illinois

Consumer Fraud and Deceptive Business Practices Act because the actions or

transactions at issue were authorized by laws administered by a regulatory body or officer

acting under statutory authority of the United States.  815 ILCS 505/10b(1).

## AS FOR A SEVENTY-SIXTH DEFENSE,
## MERCK ALLEGES:

148.    Plaintiffs' claims are not suitable for joinder.

## AS FOR A SEVENTY-SEVENTH DEFENSE,
## MERCK ALLEGES:

149.    If plaintiffs have sustained injuries or losses as alleged in the Complaint,

such injuries or losses were caused in whole or in part by the contributory negligence of

the allegedly injured plaintiffs.

## AS FOR A SEVENTY-EIGHTH DEFENSE,
## MERCK ALLEGES:

150.    Any liability that might otherwise be imposed upon this defendant is

subject to reduction by the application of the doctrine of comparative negligence.

## AS FOR A SEVENTY-NINTH DEFENSE,
## MERCK ALLEGES:

151.    To the extent that plaintiffs rely upon any theory of breach of warranty,

such claims are also barred for lack of timely notice of breach and/or lack of privity

and/or because the alleged warranties were disclaimed.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant Merck & Co., Inc.

respectfully requests that plaintiffs take nothing in this suit, that it recover its costs of

court and expenses and such other relief to which it may show itself justly entitled.

Respectfully submitted,

BRYAN CAVE LLP

By: /s/ Stephen G. Strauss

Dan H. Ball
Robert T. Ebert, Jr.
Stephen G. Strauss
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
Telephone: (314) 259-2000
Facsimile: (314) 259-2020

Attorneys for Merck & Co., Inc.

—and—

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 7th day of December, 2006.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel