UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, | * | MDL NO. 1657 |
| SALES PRACTICES, and | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |

*************************************

THIS DOCUMENT RELATES TO: Blaine Kiech, on behalf of the Estate of Harlowe Kiech II, Deceased v. Merck & Co., Inc., a foreign corporation, No. 06-2601

## PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff, Blaine Kiech, pursuant to Fed. R. Civ. P.15, and LR 7.3E and LR 7.4.1W, files this unopposed motion for leave of Court to file an Amended Complaint for the purpose of changing the identity of the Plaintiff to "Blaine Kiech, Sole Surviving Child and as Personal Representative of the Estate of Harlowe Kiech II, Deceased, " and by amending the Complaint to appropriately state causes of action against the Defendant Merck & Co., Inc., on behalf of the Estate of Harlowe Kiech II, deceased, and on behalf of the survivors of Harlowe Kiech II, as entitled to recover under Arkansas law. In further support of this motion, Blaine Kiech states as follows:

### I.

### FACTUAL AND PROCEDURAL HISTORY

1. On May 18, 2006, Plaintiff Blaine Kiech, filed an Original Complaint against Defendant Merck & Co., Inc. ("Defendant") seeking a claim on behalf of his deceased father, Harlowe Kiech II. Blaine Kiech, the sole surviving child, was,

       however, appointed personal representative of the Estate of Harlowe Kiech II, deceased, since the 23rd day of August, 2006.

2. This is both a survival action, brought pursuant to Arkansas Code Annotated §16-62-101, and a wrongful death action, brought pursuant to Arkansas Code Annotated §16-62-102, filed as a result of the acts and/or omissions that occurred in Craighead County, Arkansas and which caused the death of Harlowe Kiech III.

3. Harlowe Kiech II died of a sudden heart attack on August 23, 2003. Approximately 30 months prior to his death, Harlowe Kiech II's physician prescribed him VIOXX®, which he took as directed by his physician. Harlowe Kiech II was healthy and active leading up to his death. His ingestion of VIOXX® caused or significantly contributed to his heart attack and death.

4. Defendant Merck filed its answer to the complaint on or about July 24, 2006.

5. Counsel for Plaintiff contacted counsel for Defendant Merck on November 15, 2006. Defendant Merck consented to the filing of this Motion for Leave to File Amended Complaint.

## II.

### LEAVE SHOULD BE GRANTED FOR THE FOLLOWING REASONS

6. Pursuant to Fed. R. Civ. P. 15, a motion for leave to amend a complaint, "shall be freely given when justice so requires." Courts generally have accepted amended complaints unless the amended change is prejudicial to the opposing party. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct.227, 230 (1962).

7. Furthermore, if the amendment is not submitted for the purposes of undue delay, bad faith, or undue prejudice, "the leave sought should, as the rules require, be 'given freely.'" *Foman v. Davi*, 371 U.S. 178, 182, 83 S.Ct.227, 230 (1962).

8. Pursuant to Arkansas law, all surviving heirs of a decedent or the personal representative of the estate of a decedent is entitled to bring the cause of action on behalf of the deceased person and all legal heirs who are entitled to recover.

9. The amendment submitted by Plaintiff is offered in good faith. The original complaint did not correctly name the Plaintiff in this claim. The original complaint did not include the survival action claim pursuant to Arkansas Code Annotated §16-62-101. The amended complaint filed herewith more completely and correctly sets forth the proper identity of the Plaintiff and sets forth the claims recoverable under Arkansas law as a result of the injuries caused to and the death of Harlowe Kiech II, resulting from his ingestion of Vioxx® (Rofecoxib), and more completely and correctly sets forth the claims of the sole survivor, Blaine Kiech.

10. This Leave to File Amended Complaint is unopposed by counsel for Merck pursuant to LR 7.4.1W.

## III.

## CONCLUSION

11. For these reasons, Plaintiff prays that this Court grant leave to file Plaintiff's Amended Complaint to include all parties in this claim, and for such other and further relief to which Plaintiff may show himself entitled.

Respectfully submitted this 6th day of December, 2006.

/s/ Benjamin L. Locklar
Andy D. Birchfield, Jr.
Benjamin L. Locklar
Beasley, Allen, Crow, Methvin, Portis
 & Miles, P.C.
Post Office Box 4160
Montgomery, Alabama 36103
(334) 269-2343
(334) 954-7555 - Fax
Attorneys for the Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Plaintiff's Unopposed Motion for Leave to File Amended Compliant with Pre-Trial Order 8B has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM-EFC system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this ____ day of December 2006.

/s/ Benjamin L. Locklar
Andy D. Birchfield, Jr.
Benjamin L. Locklar
Beasley, Allen, Crow, Methvin, Portis
 & Miles, P.C.
Post Office Box 4160
Montgomery, Alabama 36103
(334) 269-2343
(334) 954-7555 - Fax
Attorneys for the Plaintiff