IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| *This document relates to call cases* | * | JUDGE FALLON |
| | * | |
| | * | MAG. JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' STEERING COMMITTEE'S MOTION FOR A PROTECTIVE ORDER RELATIVE TO THE PERPETUATION DEPOSITION OF DR. ELIAV BARR AND THE DISCOVERY DEPOSITION OF ROBERT SILVERMAN AND FOR EXPEDITED RE-REVIEW AND/OR RELEASE OF CERTAIN DOCUMENTS PREVIOUSLY FOUND NOT TO BE PRIVILEGED

**I.   BACKGROUND**

Defendant noticed the *de bene esse* (perpetuation) deposition of its employee, Dr. Eliav Barr, to take place on December 13, 2006.[1] In essence, defendant will be taking the deposition of Dr. Eliav Barr so that his testimony can forever be preserved and used in any future Vioxx trial. Accordingly, the proposed perpetuation deposition of Dr. Eliav Barr has the ability and/or possibility of affecting subsequent Vioxx trials. Noting the importance of the deposition at issue, the Plaintiffs' Steering Committee ("PSC") has asked defendant's attorneys not to proceed until Merck produces and the PSC receives all of the documents pertinent to Dr. Eliav Barr. Specifically, the PSC has yet to receive over fifty documents (Exhibit "A") relative to Dr. Eliav Barr which this Honorable Court has previously ordered to be produced to Plaintiffs and determined not to be privileged.[2] The Barr

---

[1] As a result, the Plaintiffs' Steering Committee ("PSC") requests an expedited hearing on its Motion for Protective Order relative to this deposition.

[2] As this Court upheld Merck's privilege claim on only 491 of the 31,846 documents at issue, the PSC believes that most or all of these documents are not privileged.

documents at issue include e-mails, memos, agendas and other documents which span over a critical two year period. It is the PSC's position that these documents are necessary and crucial to an effective cross examination of Dr. Eliav Barr.

Additionally, the PSC has been forced to cancel the deposition of Merck employee Robert Silverman for similar reasons. However, the number of documents which the PSC has yet to receive relative to Robert Silverman exceeds five hundred (Exhibit "B"). The Silverman documents at issue involve e-mails, memos, manuscripts and other documents relative to critical preemption issues and span over a six year period. It is the PSC's position that these documents are a necessary part of Mr. Silverman's deposition.

The present issue involves the PSC's need for approximately 600 of the 31,355 documents previously determined by this Honorable Court not to be privileged. These documents are necessary for the two depositions at issue to proceed without significant prejudice to the PSC. The vast majority of these documents fall outside the scope of the 2,000 documents which Merck has put at issue for re-review. With this in mind, the PSC draws attention to the 5th Circuit's statement relative to any documents previously found by this Court not to be privileged which are not included in the 2,000 that Merck has put at issue for re-review:

> Specifically, we do not decide the extent of any further document examination beyond the 2,000 documents Merck would put at issue. The district court will have the benefit of that effort and is best situated to make that decision. In short, whether examination in camera should extend beyond the 2,000 documents will reside in his good judgment. (5th Circuit Per Curiam Order of May 25, 2006 at p. 9.)

The PSC respectfully requests that this Court rule that the documents identified on Exhibits A and B have already been determined not to be privileged and that defendant produce them forthwith so that depositions can continue without further delay. Alternatively, the PSC requests

that this Court issue a Protective Order respective to the depositions as outlined below.

## II. LAW AND ARGUMENT

F.R.C.P. 26(c) Protective Orders - states in pertinent part that:

Upon motion by a party or by the person from whom discovery is sought...on matters relating to a deposition, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
(1) that the disclosure or discovery not be had;
(2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place; ...

F.R.C.P 26(c) (2000).

### A. Dr. Eliav Barr's Perpetuation Deposition

Defendant wishes to take the *de bene esse* (perpetuation) deposition of its employee, Dr. Eliav Barr in order to forever perpetuate Dr. Barr's testimony and allow for its use in any future Vioxx trial. Obviously, such a deposition is of major importance to the entire Vioxx litigation. With this said, the PSC is without the benefit of more than fifty significant documents (significant enough that defendant withheld them from production) relative to Dr. Eliav Barr.

This issue at hand begs the question: Should defendant be able to conduct a *de bene esse* (perpetuation) deposition of its own employee (over whom it has control) which will forever preserve the witness' testimony while the PSC is without pertinent and significant documents which it should otherwise have? The PSC respectfully suggests that defendant should not be able to do so and requests this Court to issue a Protective Order relative to same. First, the PSC will be greatly prejudiced if it is forced to cross examine Dr. Barr without the benefit of the more than fifty relevant and important documents at issue. Second, the defendant will not be prejudiced at all since Dr. Barr is a current employee of the defendant (over whom the defendant has control) and, as such, the

defendant can perpetuate his testimony at any time or bring him live to trial. Third, because this is a perpetuation deposition at issue, it has the potential to (and likely will) affect every Vioxx trial from this point forward.

The PSC requests that at this time the court order that the *de bene esse* deposition of Dr. Barr not go forward unless and until the non-privileged documents from Dr. Barr's file are produced to the PSC, and the PSC has adequate time to review the documents in order to prepare for their trial preservation cross examination. It is simply unfair and unduly burdensome for the PSC to be required to prepare for and then take trial preservation testimony of a witness for whom the PSC does not yet have the documents necessary to do a full cross examination.

**B.      Robert Silverman's Discovery Deposition**

The PSC previously hoped to take the deposition of defendant's employee, Robert Silverman, in order to discover information pertinent to the preemption issue. It is the PSC's position that this discovery, beginning with the deposition of Robert Silverman, is relevant to the issue of preemption. Accordingly, the Silverman and the others relative to the preemption issue, are of major importance to the entire Vioxx litigation. However, the PSC was forced to cancel the Silverman deposition as it is without the benefit of more than five hundred significant documents (significant enough that defendant withheld them from production) relative to Mr. Silverman.

This issue at hand begs a similar but different question than the previous one: Should the PSC have to take the deposition of a key witness regarding a critical issue in the litigation without pertinent and significant documents which it should otherwise have? The PSC respectfully suggests that it should not have to and requests this Court to issue a Protective Order relative to same. Simply put, the PSC will be greatly prejudiced if it is has to examine Mr. Silverman without the benefit of

the more than five hundred relevant documents at issue.

The PSC requests that at this time the court order that the deposition of Mr. Silverman is not to go forward unless and until the non-privileged documents from Mr. Silverman's custodial file are produced to the PSC, and the PSC has adequate time to review the documents in order to prepare for his discovery deposition. Moreover, the PSC requests an expedited re-review and/or production of the attached list of Silverman documents which have previously been found not to be privileged. It is simply unfair and unduly burdensome for the PSC to have to take Mr. Silverman's deposition (and proceed with the preemption discovery), unless and until the non-privileged documents relative to Mr. Silverman are made available.

## III.   THE PSC'S MDL TRIAL PACKAGE

The PSC has been working on and continues to work on preparing a "trial package" for all plaintiff attorneys involved in the Vioxx litigation. This trial package will be of critical importance and value to plaintiff attorneys in future Vioxx trials. The present issue involving the PSC's need for some of the 31,355 documents previously determined by this Honorable Court not to be privileged, bears greatly upon these two individuals and the PSC's desire to have their testimony possibly included in a trial package. It is essential that the PSC have an opportunity to fully examine and cross examine these two defendant employees with documents that have been found not to be privileged and should now be produced. The PSC is mindful that the Court is in the process of conducting its re-review of the documents which it previously determined not to be privileged. The PSC is also greatly appreciative and respectful of the herculean task already taken by the Court on this issue, and is further mindful of this Court's heavy word load. Accordingly, at this time, the PSC is asking for expedited "re-review" of only the attached lists of documents relative to these two

witnesses. Moreover, the PSC points out that if any of the documents at issue on the attached lists fall outside the scope of the 2,000 documents which Merck has put at issue, this Court is fully within its right to re-review all, some or none of the documents and/or release them as it deems appropriate.[3]

### Certification

In accordance with F.R.C.P. Rule 26(c), members of the PSC have conferred with the Defendant's Steering Committee ("DSC") in order to resolve the dispute without court action. The PSC and DSC were unable to agree upon a suitable resolution and, thus, the PSC is asking the court for expedited relief.

Respectfully submitted,

/s/ Leonard A. Davis
**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
PH:  (504) 581-4892
FAX:  (504) 561-6024

Temporary Address:
201 St. Charles Ave.
Suite 4310
New Orleans, LA 70170

**Plaintiffs' Liaison Counsel**

---

[3] "In Short, whether examination in camera should extend beyond the 2,000 documents will reside in [the District Court's] good judgment." *See* 05/25/06 Per Curiam at p. 9.

| | |
|---|---|
| Richard J. Arsenault, Esq.<br>P.O. Box 1190<br>2220 Bonaventure Court<br>Alexandria, LA 71309-1190<br>PH: (318) 487-9874<br>FAX: (318) 561-2591<br><br>Andy D. Birchfield, Esq. (**Co-Lead Counsel**)<br>P.O. Box 4160<br>234 Commerce Street<br>Montgomery, AL 36103-4160<br>PH: (800) 898-2034<br>FAX: (334) 954-7555<br><br>Elizabeth Cabraser, Atty.<br>Embarcadero Center West<br>275 Battery Street, 30th Floor<br>San Franciso, CA 94111-3339<br>PH: (415) 956-1000<br>FAX: (415-956-1008<br><br>Thomas Kline, Esq.<br>1525 Locust St.<br>19th Floor<br>Philadelphia, PA 19102<br>PH: (215) 772-1000<br>FAX: (215) 772-1371<br><br>Arnold Levin, Esq.<br>510 Walnut Street<br>Suite 500<br>Philadelphia, PA 19106-3875<br>PH: (215) 592-1500<br>FAX: (215) 592-4663<br><br>Shelly Sanford, Atty.<br>2200 Texaco Heritage Plaza<br>1111 Bagby<br>Houston, TX 77002<br>PH: (713) 650-0022<br>FAX: (713) 650-1669 | Gerald E. Meunier, Esq.<br>Energy Centre<br>1100 Poydras Street, Suite 2800<br>New Orleans, LA 70163-2800<br>PH: (504) 522-2304<br>FAX: (504) 528-9973<br><br>Troy Rafferty, Esq.<br>316 S. Baylen Street, Suite 400<br>Pensacola, FL 32502<br>PH: (850) 435-7000<br>FAX: (850) 497-7059<br><br>Drew Ranier, Esq.<br>1419 Ryan Street<br>Lake Charles, LA 70601<br>PH: (337) 494-7171<br>FAX: (337) 494-7218<br><br>Mark Robinson, Esq.<br>620 Newport Center Drive<br>7th Floor<br>Newport Beach, CA 92660<br>PH: (949) 720-1288<br>FAX: (949) 720-1292<br><br>Christopher Seeger, Esq. (**Co-Lead Counsel**)<br>One William Street<br>New York, NY 10004<br>PH: (212) 584-0700<br>FAX: (212) 584-0799<br><br>Christopher Vincent Tisi, Esq.<br>2000 L Street, NW<br>Suite 400<br>Washington, DC 20036-4914<br>PH: (202) 783-6400<br>FAX: (307) 733-0028 |

**<u>PLAINTIFFS' STEERING COMMITTEE</u>**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 8th day of December, 2006.

/s/ Leonard A. Davis
Leonard A. Davis (Bar No. 14190)
**Herman, Herman, Katz & Cotlar, LLP**
201 St. Charles Ave., Suite 4310
New Orleans, LA 70170
PH:  (504) 581-4892
FAX: (504) 561-6024
ldavis@hhkc.com