# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:   VIOXX® | * | MDL No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION: L |
| | * | |
| This document relates to: | * | JUDGE FALLON |
| *Sokoloff, et al v. Merck & Co., Inc.* | * | MAG. JUDGE KNOWLES |
| (E.D. La. 2:05-cv-06107-EEF-DEK) | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AMENDED ANSWER AND JURY DEMAND OF
## DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck") by its undersigned attorney, answers the Amended Complaint ("Complaint") and submits its Jury Demand herein as follows:

### RESPONSE TO "COUNT ONE - EDITH SOKOLOFF - PRODUCTS LIABILITY"

1.    Denies each and every allegation contained in paragraph 1 of Count One of the Complaint except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that it manufactured, marketed and distributed the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, and that Merck is authorized to do business in the state of Connecticut.

2.      The allegations contained in paragraph 2 of Count One of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of Count One of the Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of Count One of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

5.      Denies each and every allegation contained in paragraph 5 of Count One of the Complaint.

6.      Denies each and every allegation contained in paragraph 6 of Count One of the Complaint, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

7.      Denies each and every allegation contained in paragraph 7 of Count One of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of Count One of the Complaint.

9.      Denies each and every allegation contained in paragraph 9 of Count One of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

2

10. Denies each and every allegation contained in paragraph 10 of Count One of the Complaint.

11. Denies each and every allegation contained in paragraph 11 of Count One of the Complaint.

12. The allegations contained in paragraph 12 of Count One of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in paragraph 12 of Count One of the Complaint.

13. Denies each and every allegation contained in paragraph 13 of Count One of the Complaint.

14. Denies each and every allegation contained in paragraph 14 of Count One of the Complaint.

15. Denies each and every allegation contained in paragraph 15 of Count One of the Complaint, including subparagraphs (a) through (g), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

16. Denies each and every allegation contained in paragraph 16 of Count One of the Complaint.

17. Denies each and every allegation contained in paragraph 17 of Count One of the Complaint.

18. Denies each and every allegation contained in paragraph 18 of Count One of the Complaint.


## RESPONSE TO "COUNT TWO - SOKOLOFF - PUNITIVE DAMAGES"

1-6.     Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count One with the same force and effect as though set forth here in full.

7.     Denies each and every allegation contained in paragraph 7 of Count Two of the Complaint, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of Count Two of the Complaint.

9.     Denies each and every allegation contained in paragraph 9 of Count Two of the Complaint.

10.     Denies each and every allegation contained in paragraph 10 of Count Two of the Complaint.

## RESPONSE TO "COUNT THREE – SOKOLOFF - CUTPA"

1-10.     Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Two with the same force and effect as though set forth here in full.

11.     Denies each and every allegation contained in paragraph 11 of Count Three of the Complaint.

12.     Denies each and every allegation contained in paragraph 12 of Count Three of the Complaint.  Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 7 of Count Two.

13.     Denies each and every allegation contained in paragraph 13 of Count Three of the Complaint.  Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 10 of Count Two.

## RESPONSE TO "COUNT FOUR – TUMULIS – PRODUCTS LIABILITY"

1.     Denies each and every allegation contained in paragraph 1 of Count Four of the Complaint except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that it manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, and that Merck is authorized to do business in the state of Connecticut.

2.     The allegations contained in paragraph 2 of Count Four of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of Count Four of the Complaint.

4.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of Count Four of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

5.      Denies each and every allegation contained in paragraph 5 of Count Four of the Complaint.

6.      Denies each and every allegation contained in paragraph 6 of Count Four of the Complaint, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

7.      Denies each and every allegation contained in paragraph 7 of Count Four of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of Count Four of the Complaint.

9.      Denies each and every allegation contained in paragraph 9 of Count Four of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

10.     Denies each and every allegation contained in paragraph 10 of Count Four of the Complaint.

11.     Denies each and every allegation contained in paragraph 11 of Count Four of the Complaint.

12.     The allegations contained in paragraph 12 of Count Four of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 12 of Count Four of the Complaint.

13.     Denies each and every allegation contained in paragraph 13 of Count Four of the Complaint.

14.     Denies each and every allegation contained in paragraph 14 of Count Four of the Complaint.

15.     Denies each and every allegation contained in paragraph 15 of Count Four of the Complaint, including subparagraphs (a) through (g), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

16.     Denies each and every allegation contained in paragraph 16 of Count Four of the Complaint.

17.     Denies each and every allegation contained in paragraph 17 of Count Four of the Complaint.

18.     Denies each and every allegation contained in paragraph 18 of Count Four of the Complaint.


## RESPONSE TO "COUNT FIVE – TUMULIS - PUNITIVE DAMAGES"

1-6.     Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Four with the same force and effect as though set forth here in full.

7.     Denies each and every allegation contained in paragraph 7 of Count Five of the Complaint, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of Count Five of the Complaint.

9.      Denies each and every allegation contained in paragraph 9 of Count Five of the Complaint.

10.      Denies each and every allegation contained in paragraph 10 of Count Five of the Complaint.

## RESPONSE TO "COUNT SIX – TUMULIS - CUTPA"

1-10.   Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Five with the same force and effect as though set forth here in full.

11.      Denies each and every allegation contained in paragraph 11 of Count Six of the Complaint.

12.      Denies each and every allegation contained in paragraph 12 of Count Six of the Complaint. Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 7 of Count Five.

13.      Denies each and every allegation contained in paragraph 13 of Count Six of the Complaint. Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 10 of Count Five.

## RESPONSE TO "COUNT SEVEN - NADINE PERRY - PRODUCTS LIABILITY"

1.      Denies each and every allegation contained in paragraph 1 of Count Seven of the Complaint except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that it

manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, and that Merck is authorized to do business in the state of Connecticut.

2.      The allegations contained in paragraph 2 of Count Seven of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of Count Seven of the Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of Count Seven of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

5.      Denies each and every allegation contained in paragraph 5 of Count Seven of the Complaint.

6.      Denies each and every allegation contained in paragraph 6 of Count Seven of the Complaint, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

7.      Denies each and every allegation contained in paragraph 7 of Count Seven of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of Count Seven of the Complaint.

9.      Denies each and every allegation contained in paragraph 9 of Count Seven of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

10.      Denies each and every allegation contained in paragraph 10 of Count Seven of the Complaint.

11.      Denies each and every allegation contained in paragraph 11 of Count Seven of the Complaint.

12.      The allegations contained in paragraph 12 of Count Seven of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 12 of Count Seven of the Complaint.

13.      Denies each and every allegation contained in paragraph 13 of Count Seven of the Complaint.

14.      Denies each and every allegation contained in paragraph 14 of Count Seven of the Complaint.

15.      Denies each and every allegation contained in paragraph 15 of Count Seven of the Complaint, including subparagraphs (a) through (g), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

16.      Denies each and every allegation contained in paragraph 16 of Count Seven of the Complaint.

17.     Denies each and every allegation contained in paragraph 17 of Count Seven of the Complaint.

18.     Denies each and every allegation contained in paragraph 18 of Count Seven of the Complaint.

### RESPONSE TO "COUNT EIGHT - PERRY - PUNITIVE DAMAGES"

1-6.     Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Seven with the same force and effect as though set forth here in full.

7.     Denies each and every allegation contained in paragraph 7 of Count Eight of the Complaint, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of Count Eight of the Complaint.

9.     Denies each and every allegation contained in paragraph 9 of Count Eight of the Complaint.

10.     Denies each and every allegation contained in paragraph 10 of Count Eight of the Complaint.

### RESPONSE TO "COUNT NINE – PERRY - CUTPA"

1-10.     Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Eight with the same force and effect as though set forth here in full.

11.    Denies each and every allegation contained in paragraph 11 of Count Nine of the Complaint.

12.    Denies each and every allegation contained in paragraph 12 of Count Nine of the Complaint. Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 7 of Count Eight.

13.    Denies each and every allegation contained in paragraph 13 of Count Nine of the Complaint.  Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 10 of Count Eight.

## RESPONSE TO "COUNT TEN – MARKHAM – PRODUCTS LIABILITY"

1.    Denies each and every allegation contained in paragraph 1 of Count Ten of the Complaint except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that it manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, and that Merck is authorized to do business in the state of Connecticut.

2.    The allegations contained in paragraph 2 of Count Ten of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of Count Ten of the Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of Count Ten of the Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of Count Ten of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

6.      Denies each and every allegation contained in paragraph 6 of Count Ten of the Complaint.

7.      Denies each and every allegation contained in paragraph 7 of Count Ten of the Complaint, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.      Denies each and every allegation contained in paragraph 8 of Count Ten of the Complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of Count Ten of the Complaint.

10.     Denies each and every allegation contained in paragraph 10 of Count Ten of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

11.     Denies each and every allegation contained in paragraph 11 of Count Ten of the Complaint.

12.     Denies each and every allegation contained in paragraph 12 of Count Ten of the Complaint.

13.     The allegations contained in paragraph 13 of Count Ten of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 13 of Count Ten of the Complaint.

14.     Denies each and every allegation contained in paragraph 14 of Count Ten of the Complaint.

15.     Denies each and every allegation contained in paragraph 15 of Count Ten of the Complaint.

16.     Denies each and every allegation contained in paragraph 16 of Count Ten of the Complaint, including subparagraphs (a) through (g), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

17.     Denies each and every allegation contained in paragraph 17 of Count Ten of the Complaint.

18.     Denies each and every allegation contained in paragraph 18 of Count Ten of the Complaint.

19.     Denies each and every allegation contained in paragraph 19 of Count Ten of the Complaint.


## RESPONSE TO "COUNT ELEVEN – MARKHAM - PUNITIVE DAMAGES"

1-7.    Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 7 of its response to Count Ten with the same force and effect as though set forth here in full.

8.    Denies each and every allegation contained in paragraph 8 of Count Eleven of the Complaint, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

9.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of Count Eleven of the Complaint.

10.    Denies each and every allegation contained in paragraph 10 of Count Eleven of the Complaint.

11.    Denies each and every allegation contained in paragraph 11 of Count Eleven of the Complaint.

## RESPONSE TO "COUNT TWELVE – MARKHAM - CUTPA"

1-11.    Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 11 of its response to Count Eleven with the same force and effect as though set forth here in full.

12.    Denies each and every allegation contained in paragraph 12 of Count Twelve of the Complaint.

13.    Denies each and every allegation contained in paragraph 13 of Count Twelve of the Complaint. Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 8 of Count Eleven.

14.     Denies each and every allegation contained in paragraph 14 of Count Twelve of the Complaint.  Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 11 of Count Eleven.

## RESPONSE TO "COUNT THIRTEEN - WILLIE COBB - PRODUCTS LIABILITY"

1.     Denies each and every allegation contained in paragraph 1 of Count Thirteen of the Complaint except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that it manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, and that Merck is authorized to do business in the state of Connecticut.

2.     The allegations contained in paragraph 2 of Count Thirteen of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of Count Thirteen of the Complaint.

4.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of Count Thirteen of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

5.     Denies each and every allegation contained in paragraph 5 of Count Thirteen of the Complaint.

6.      Denies each and every allegation contained in paragraph 6 of Count Thirteen of the Complaint, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

7.      Denies each and every allegation contained in paragraph 7 of Count Thirteen of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of Count Thirteen of the Complaint.

9.      Denies each and every allegation contained in paragraph 9 of Count Thirteen of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

10.     Denies each and every allegation contained in paragraph 10 of Count Thirteen of the Complaint.

11.     Denies each and every allegation contained in paragraph 11 of Count Thirteen of the Complaint.

12.     The allegations contained in paragraph 12 of Count Thirteen of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 12 of Count Thirteen of the Complaint.

13.     Denies each and every allegation contained in paragraph 13 of Count Thirteen of the Complaint.

14. Denies each and every allegation contained in paragraph 14 of Count Thirteen of the Complaint.

15. Denies each and every allegation contained in paragraph 15 of Count Thirteen of the Complaint, including subparagraphs (a) through (g), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

16. Denies each and every allegation contained in paragraph 16 of Count Thirteen of the Complaint.

17. Denies each and every allegation contained in paragraph 17 of Count Thirteen of the Complaint.

18. Denies each and every allegation contained in paragraph 18 of Count Thirteen of the Complaint.


## RESPONSE TO "COUNT FOURTEEN – COBB - PUNITIVE DAMAGES"

1-6. Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Thirteen with the same force and effect as though set forth here in full.

7. Denies each and every allegation contained in paragraph 7 of Count Fourteen of the Complaint, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of Count Fourteen of the Complaint.

9. Denies each and every allegation contained in paragraph 9 of Count Fourteen of the Complaint.

10.     Denies each and every allegation contained in paragraph 10 of Count Fourteen of the Complaint.

## RESPONSE TO "COUNT FIFTEEN – COBB - CUTPA"

1-10.   Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Fourteen with the same force and effect as though set forth here in full.

11.     Denies each and every allegation contained in paragraph 11 of Count Fifteen of the Complaint.

12.     Denies each and every allegation contained in paragraph 12 of Count Fifteen of the Complaint.  Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 7 of Count Fourteen.

13.     Denies each and every allegation contained in paragraph 13 of Count Fifteen of the Complaint.  Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 10 of Count Fourteen.

## RESPONSE TO "COUNT SIXTEEN – CAROL MALKOWSKI – PRODUCTS LIABILITY"

1.     Denies each and every allegation contained in paragraph 1 of Count Sixteen of the Complaint except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that it manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, that Merck is a New Jersey

corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, and that Merck is authorized to do business in the state of Connecticut.

2.     The allegations contained in paragraph 2 of Count Sixteen of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of Count Sixteen of the Complaint.

4.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of Count Sixteen of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

5.     Denies each and every allegation contained in paragraph 5 of Count Sixteen of the Complaint.

6.     Denies each and every allegation contained in paragraph 6 of Count Sixteen of the Complaint, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

7.     Denies each and every allegation contained in paragraph 7 of Count Sixteen of the Complaint.

8.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of Count Sixteen of the Complaint.

9.     Denies each and every allegation contained in paragraph 9 of Count Sixteen of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully

refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

10.    Denies each and every allegation contained in paragraph 10 of Count Sixteen of the Complaint.

11.    Denies each and every allegation contained in paragraph 11 of Count Sixteen of the Complaint.

12.    The allegations contained in paragraph 12 of Count Sixteen of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 12 of Count Sixteen of the Complaint.

13.    Denies each and every allegation contained in paragraph 13 of Count Sixteen of the Complaint.

14.    Denies each and every allegation contained in paragraph 14 of Count Sixteen of the Complaint.

15.    Denies each and every allegation contained in paragraph 15 of Count Sixteen of the Complaint, including subparagraphs (a) through (g), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

16.    Denies each and every allegation contained in paragraph 16 of Count Sixteen of the Complaint.

17.    Denies each and every allegation contained in paragraph 17 of Count Sixteen of the Complaint.

18.    Denies each and every allegation contained in paragraph 18 of Count Sixteen of the Complaint.

### RESPONSE TO "COUNT SEVENTEEN – MALKOWSKI - PUNITIVE DAMAGES"

1-6.     Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Sixteen with the same force and effect as though set forth here in full.

7.     Denies each and every allegation contained in paragraph 7 of Count Seventeen of the Complaint, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of Count Seventeen of the Complaint.

9.     Denies each and every allegation contained in paragraph 9 of Count Seventeen of the Complaint.

10.     Denies each and every allegation contained in paragraph 10 of Count Seventeen of the Complaint.

### RESPONSE TO "COUNT EIGHTEEN – MALKOWSKI - CUTPA"

1-10.     Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Seventeen with the same force and effect as though set forth here in full.

11.     Denies each and every allegation contained in paragraph 11 of Count Eighteen of the Complaint.

12.     Denies each and every allegation contained in paragraph 12 of Count Eighteen of the Complaint.  Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 7 of Count Seventeen.

22

13.      Denies each and every allegation contained in paragraph 13 of Count Eighteen of the Complaint.  Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 10 of Count Seventeen.

## RESPONSE TO "COUNT NINETEEN - HERBERT BOLDE - PRODUCTS LIABILITY"

1.      Denies each and every allegation contained in paragraph 1 of Count Nineteen of the Complaint except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that it manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, and that Merck is authorized to do business in the state of Connecticut.

2.      The allegations contained in paragraph 2 of Count Nineteen of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of Count Nineteen of the Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of Count Nineteen of the Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of Count Nineteen of the Complaint except

admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

6.      Denies each and every allegation contained in paragraph 6 of Count Nineteen of the Complaint.

7.      Denies each and every allegation contained in paragraph 7 of Count Nineteen of the Complaint, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.      Denies each and every allegation contained in paragraph 8 of Count Nineteen of the Complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of Count Nineteen of the Complaint.

10.     Denies each and every allegation contained in paragraph 10 of Count Nineteen of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

11.     Denies each and every allegation contained in paragraph 11 of Count Nineteen of the Complaint.

12.     Denies each and every allegation contained in paragraph 12 of Count Nineteen of the Complaint.

13.     The allegations contained in paragraph 13 of Count Nineteen of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed

required, Merck denies each and every allegation in paragraph 13 of Count Nineteen of the Complaint.

14.     Denies each and every allegation contained in paragraph 14 of Count Nineteen of the Complaint.

15.     Denies each and every allegation contained in paragraph 15 of Count Nineteen of the Complaint.

16.     Denies each and every allegation contained in paragraph 16 of Count Nineteen of the Complaint, including subparagraphs (a) through (g), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

17.     Denies each and every allegation contained in paragraph 17 of Count Nineteen of the Complaint.

18.     Denies each and every allegation contained in paragraph 18 of Count Nineteen of the Complaint.

19.     Denies each and every allegation contained in paragraph 19 of Count Nineteen of the Complaint.


### RESPONSE TO "COUNT TWENTY – BOLDE - PUNITIVE DAMAGES"

1-7.     Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 7 of its response to Count Nineteen with the same force and effect as though set forth here in full.

8.     Denies each and every allegation contained in paragraph 8 of Count Twenty of the Complaint, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

9.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of Count Twenty of the Complaint.

10.    Denies each and every allegation contained in paragraph 10 of Count Twenty of the Complaint.

11.    Denies each and every allegation contained in paragraph 11 of Count Twenty of the Complaint.

### RESPONSE TO "COUNT TWENTY ONE – BOLDE - CUTPA"

1-11.   Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 11 of its response to Count Twenty with the same force and effect as though set forth here in full.

12.    Denies each and every allegation contained in paragraph 12 of Count Twenty One of the Complaint.

13.    Denies each and every allegation contained in paragraph 13 of Count Twenty One of the Complaint.  Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 8 of Count Twenty.

14.    Denies each and every allegation contained in paragraph 14 of Count Twenty One of the Complaint.  Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 11 of Count Twenty.

### RESPONSE TO "COUNT TWENTY TWO – SYLVIA BOLDE – LOSS OF CONSORTIUM"

1.     Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in Counts 19 through 21 with the same force and effect as though set forth here in full.

2.     Merck denies each and every allegation contained in paragraph 2 of Count Twenty Two of the Complaint.

## RESPONSE TO "COUNT TWENTY THREE –YAGLOWSKI – PRODUCTS LIABILITY"

1.     Denies each and every allegation contained in paragraph 1 of Count Twenty Three of the Complaint except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that it manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, and that Merck is authorized to do business in the state of Connecticut.

2.     The allegations contained in paragraph 2 of Count Twenty Three of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of Count Twenty Three of the Complaint.

4.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of Count Twenty Three of the Complaint.

5.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of Count Twenty Three of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine

Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

6.      Denies each and every allegation contained in paragraph 6 of Count Twenty Three of the Complaint.

7.      Denies each and every allegation contained in paragraph 7 of Count Twenty Three of the Complaint, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.      Denies each and every allegation contained in paragraph 8 of Count Twenty Three of the Complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of Count Twenty Three of the Complaint.

10.     Denies each and every allegation contained in paragraph 10 of Count Twenty Three of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

11.     Denies each and every allegation contained in paragraph 11 of Count Twenty Three of the Complaint.

12.     Denies each and every allegation contained in the first numbered paragraph 12 of Count Twenty-Three of the Complaint.

12.[1]    The allegations contained in the second numbered paragraph 12 of Count Twenty-Three of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in paragraph 12 of Count Twenty Three of the Complaint.

13.    Denies each and every allegation contained in paragraph 13 of Count Twenty Three of the Complaint.

14.    Denies each and every allegation contained in paragraph 14 of Count Twenty Three of the Complaint.

15.    Denies each and every allegation contained in paragraph 15 of Count Twenty Three of the Complaint, including subparagraphs (a) through (g), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

16.    Denies each and every allegation contained in paragraph 16 of Count Twenty Three of the Complaint.

17.    Denies each and every allegation contained in paragraph 17 of Count Twenty Three of the Complaint.

18.    Denies each and every allegation contained in paragraph 18 of Count Twenty Three of the Complaint.


## RESPONSE TO "COUNT TWENTY FOUR – YAGLOWSKI - PUNITIVE DAMAGES"

---

[1] Plaintiffs have misnumbered the complaint by inserting two number 12 paragraphs in Count 23. Defendant's answer will use Plaintiffs' incorrect numbering scheme.

1-6.[2]   Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 7 of its response to Count Twenty Three with the same force and effect as though set forth here in full.

7.   Denies each and every allegation contained in paragraph 7 of Count Twenty Four of the Complaint, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.   Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of Count Twenty Four of the Complaint.

9.   Denies each and every allegation contained in paragraph 9 of Count Twenty Four of the Complaint.

10.   Denies each and every allegation contained in paragraph 10 of Count Twenty Four of the Complaint.

### RESPONSE TO "COUNT TWENTY FIVE – YAGLOWSKI - CUTPA"

1-10.   Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Twenty Four with the same force and effect as though set forth here in full.

11.   Denies each and every allegation contained in paragraph 11 of Count Twenty Five of the Complaint.

12.   Denies each and every allegation contained in paragraph 12 of Count Twenty Five of the Complaint.  Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 7 of Count Twenty Four.

---

[2] Plaintiffs have numbered this paragraph 1-6, but have realleged paragraphs 1-7 of Count Twenty Three as paragraphs 1-6 of Count Twenty Four.  The numbering of this paragraph is therefore inconsistent with the paragraphs that Plaintiffs realleged.

13.     Denies each and every allegation contained in paragraph 13 of Count Twenty Five of the Complaint.  Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 10 of Count Twenty Four.


## RESPONSE TO "COUNT TWENTY SIX – JOHN YAGLOWSKI – LOSS OF CONSORTIUM"

1.     Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in Counts 23 through 25 with the same force and effect as though set forth here in full.

2.     Merck denies each and every allegation contained in paragraph 2 of Count Twenty Six  of the Complaint.


## RESPONSE TO "COUNT TWENTY SEVEN – CHERYL CUTLER – PRODUCTS LIABILITY"

1.     Denies each and every allegation contained in paragraph 1 of Count Twenty Seven of the Complaint except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that it manufactured, marketed and distributed the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, and that Merck is authorized to do business in the state of Connecticut.

2.      The allegations contained in paragraph 2 of Count Twenty Seven of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of Count Twenty Seven of the Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of Count Twenty Seven of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

5.      Denies each and every allegation contained in paragraph 5 of Count Twenty Seven of the Complaint.

6.      Denies each and every allegation contained in paragraph 6 of Count Twenty Seven of the Complaint, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

7.      Denies each and every allegation contained in paragraph 7 of Count Twenty Seven of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of Count Twenty Seven of the Complaint.

9.      Denies each and every allegation contained in paragraph 9 of Count Twenty Seven of the Complaint, except admits that Merck marketed the prescription medicine Vioxx

32

until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

10.     Denies each and every allegation contained in paragraph 10 of Count Twenty Seven of the Complaint.

11.     Denies each and every allegation contained in paragraph 11 of Count Twenty Seven of the Complaint.

12.     The allegations contained in paragraph 12 of Count Twenty Seven of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 12 of Count Twenty Seven of the Complaint.

13.     Denies each and every allegation contained in paragraph 13 of Count Twenty Seven of the Complaint.

14.     Denies each and every allegation contained in paragraph 14 of Count Twenty Seven of the Complaint.

15.     Denies each and every allegation contained in paragraph 1 of Count Twenty Seven of the Complaint 5, including subparagraphs (a) through (g), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

16.     Denies each and every allegation contained in paragraph 16 of Count Twenty Seven of the Complaint.

17.     Denies each and every allegation contained in paragraph 17 of Count Twenty Seven of the Complaint.

18.     Denies each and every allegation contained in paragraph 18 of Count Twenty Seven of the Complaint.

## RESPONSE TO "COUNT TWENTY EIGHT – CUTLER - PUNITIVE DAMAGES"

1-6.    Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Twenty Seven with the same force and effect as though set forth here in full.

7.      Denies each and every allegation contained in paragraph 7 of Count Twenty Eight of the Complaint, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of Count Twenty Eight of the Complaint.

9.      Denies each and every allegation contained in paragraph 9 of Count Twenty Eight of the Complaint.

10.     Denies each and every allegation contained in paragraph 10 of Count Twenty Eight of the Complaint.

## RESPONSE TO "COUNT TWENTY NINE – CUTLER - CUTPA"

1-10.   Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Twenty Eight with the same force and effect as though set forth here in full.

11.     Denies each and every allegation contained in paragraph 11 of Count Twenty Nine of the Complaint.

12.     Denies each and every allegation contained in paragraph 12 of Count Twenty Nine of the Complaint.  Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 7 of Count Twenty Eight.

13.     Denies each and every allegation contained in paragraph 13 of Count Twenty Nine of the Complaint.  Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 10 of Count Twenty Eight.

## RESPONSE TO "COUNT THIRTY – SARA PANTOJA – PRODUCTS LIABILITY"

1.     Denies each and every allegation contained in paragraph 1 of Count Thirty of the Complaint except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that it manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, and that Merck is authorized to do business in the state of Connecticut.

2.     The allegations contained in paragraph 2 of Count Thirty of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of Count Thirty of the Complaint.

4.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of Count Thirty of the Complaint except

35

admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

5.      Denies each and every allegation contained in paragraph 5 of Count Thirty of the Complaint.

6.      Denies each and every allegation contained in paragraph 6 of Count Thirty of the Complaint, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

7.      Denies each and every allegation contained in paragraph 7 of Count Thirty of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of Count Thirty of the Complaint.

9.      Denies each and every allegation contained in paragraph 9 of Count Thirty of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

10.      Denies each and every allegation contained in paragraph 10 of Count Thirty of the Complaint.

11.      Denies each and every allegation contained in paragraph 11 of Count Thirty of the Complaint.

12.      The allegations contained in paragraph 12 of Count Thirty of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed

required, Merck denies each and every allegation in paragraph 12 of Count Thirty of the Complaint.

13.     Denies each and every allegation contained in paragraph 13 of Count Thirty of the Complaint.

14.     Denies each and every allegation contained in paragraph 14 of Count Thirty of the Complaint.

15.     Denies each and every allegation contained in paragraph 15 of Count Thirty of the Complaint, including subparagraphs (a) through (g), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

16.     Denies each and every allegation contained in paragraph 16 of Count Thirty of the Complaint.

17.     Denies each and every allegation contained in paragraph 17 of Count Thirty of the Complaint.

18.     Denies each and every allegation contained in paragraph 18 of Count Thirty of the Complaint.

### RESPONSE TO "COUNT THIRTY-ONE– PANTOJA – PUNITIVE DAMAGES"

1-6.     Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Thirty with the same force and effect as though set forth here in full.

7.     Denies each and every allegation contained in paragraph 7 of Count Thirty One of the Complaint, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of Count Thirty One of the Complaint.

9.      Denies each and every allegation contained in paragraph 9 of Count Thirty One of the Complaint.

10.     Denies each and every allegation contained in paragraph 10 of Count Thirty One of the Complaint.

## RESPONSE TO "COUNT THIRTY TWO – PANTOJA - CUTPA"

1-10.   Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Thirty One with the same force and effect as though set forth here in full.

11.     Denies each and every allegation contained in paragraph 11 of Count Thirty Two of the Complaint.

12.     Denies each and every allegation contained in paragraph 12 of Count Thirty Two of the Complaint.  Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 7 of Count Thirty One.

13.     Denies each and every allegation contained in paragraph 13 of Count Thirty Two of the Complaint.  Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 10 of Count Thirty One.

## RESPONSE TO "COUNT THIRTY THREE – CHARLES DUKES – PRODUCTS LIABILITY"

1.      Denies each and every allegation contained in paragraph 1 of Count Thirty Three of the Complaint except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad

range of innovative pharmaceutical products to improve human health. Merck further admits that it manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, and that Merck is authorized to do business in the state of Connecticut.

2.      The allegations contained in paragraph 2 of Count Thirty Three of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of Count Thirty Three of the Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of Count Thirty Three of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

5.      Denies each and every allegation contained in paragraph 5 of Count Thirty Three of the Complaint.

6.      Denies each and every allegation contained in paragraph 6 of Count Thirty Three of the Complaint, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

7.      Denies each and every allegation contained in paragraph 7 of Count Thirty Three of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of Count Thirty Three of the Complaint.

9.     Denies each and every allegation contained in paragraph 9 of Count Thirty Three of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

10.     Denies each and every allegation contained in paragraph 10 of Count Thirty Three of the Complaint.

11.     Denies each and every allegation contained in paragraph 11 of Count Thirty Three of the Complaint.

12.     The allegations contained in paragraph 12 of Count Thirty Three of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 12 of Count Thirty Three of the Complaint.

13.     Denies each and every allegation contained in paragraph 13 of Count Thirty Three of the Complaint.

14.     Denies each and every allegation contained in paragraph 14 of Count Thirty Three of the Complaint.

15.     Denies each and every allegation contained in paragraph 15 of Count Thirty Three of the Complaint, including subparagraphs (a) through (g), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

16.     Denies each and every allegation contained in paragraph 16 of Count Thirty Three of the Complaint.

17.    Denies each and every allegation contained in paragraph 17 of Count Thirty Three of the Complaint.

18.    Denies each and every allegation contained in paragraph 18 of Count Thirty Three of the Complaint.

## RESPONSE TO "COUNT THIRTY FOUR – DUKES - PUNITIVE DAMAGES"

1-6.    Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Thirty Three with the same force and effect as though set forth here in full.

7.    Denies each and every allegation contained in paragraph 7 of Count Thirty Four of the Complaint, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of Count Thirty Four of the Complaint.

9.    Denies each and every allegation contained in paragraph 9 of Count Thirty Four of the Complaint.

10.    Denies each and every allegation contained in paragraph 10 of Count Thirty Four of the Complaint.

## RESPONSE TO "COUNT THIRTY FIVE – DUKES - CUTPA"

1-10.    Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Thirty Four with the same force and effect as though set forth here in full.

11.     Denies each and every allegation contained in paragraph 11 of Count Thirty Five of the Complaint.

12.     Denies each and every allegation contained in paragraph 12 of Count Thirty Five of the Complaint. Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 7 of Count Thirty Four.

13.     Denies each and every allegation contained in paragraph 13 of Count Thirty Five of the Complaint. Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 10 of Count Thirty Four.

## RESPONSE TO "COUNT THIRTY SIX – JO-ANN PINTER – PRODUCTS LIABILITY"

1.     Denies each and every allegation contained in paragraph 1 of Count Thirty Six of the Complaint except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health. Merck further admits that it manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, and that Merck is authorized to do business in the state of Connecticut.

2.     The allegations contained in paragraph 2 of Count Thirty Six of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

3.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of Count Thirty Six of the Complaint.

4.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of Count Thirty Six of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

5.     Denies each and every allegation contained in paragraph 5 of Count Thirty Six of the Complaint.

6.     Denies each and every allegation contained in paragraph 6 of Count Thirty Six of the Complaint, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

7.     Denies each and every allegation contained in paragraph 7 of Count Thirty Six of the Complaint.

8.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of Count Thirty Six of the Complaint.

9.     Denies each and every allegation contained in paragraph 9 of Count Thirty Six of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

10.    Denies each and every allegation contained in paragraph 10 of Count Thirty Six of the Complaint.

11.    Denies each and every allegation contained in paragraph 11 of Count Thirty Six of the Complaint.

12.     The allegations contained in paragraph 12 of Count Thirty Six of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 12 of Count Thirty Six of the Complaint.

13.     Denies each and every allegation contained in paragraph 13 of Count Thirty Six of the Complaint.

14.     Denies each and every allegation contained in paragraph 14 of Count Thirty Six of the Complaint.

15.     Denies each and every allegation contained in paragraph 15 of Count Thirty Six of the Complaint, including subparagraphs (a) through (g), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

16.     Denies each and every allegation contained in paragraph 16 of Count Thirty Six of the Complaint.

17.     Denies each and every allegation contained in paragraph 17 of Count Thirty Six of the Complaint.

18.     Denies each and every allegation contained in paragraph 18 of Count Thirty Six of the Complaint.

### RESPONSE TO "COUNT THIRTY SEVEN – PINTER - PUNITIVE DAMAGES"

1-6.     Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 6 of its response to Count Thirty Six with the same force and effect as though set forth here in full.

7.    Denies each and every allegation contained in paragraph 7 of Count Thirty Seven of the Complaint, including subparagraphs (a) through (f), and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

8.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of Count Thirty Seven of the Complaint.

9.    Denies each and every allegation contained in paragraph 9 of Count Thirty Seven of the Complaint.

10.   Denies each and every allegation contained in paragraph 10 of Count Thirty Seven of the Complaint.

## RESPONSE TO "COUNT THIRTY EIGHT – PINTER - CUTPA"

1-10.   Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 10 of its response to Count Thirty Seven with the same force and effect as though set forth here in full.

11.   Denies each and every allegation contained in paragraph 11 of Count Thirty Eight of the Complaint.

12.   Denies each and every allegation contained in paragraph 12 of Count Thirty Eight of the Complaint. Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 7 of Count Thirty Seven.

13.   Denies each and every allegation contained in paragraph 13 of Count Thirty Eight of the Complaint. Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in its response to paragraph 10 of Count Thirty Seven.

45

Plaintiffs' Prayer for Relief section of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in the Prayer for Relief of Plaintiffs' Complaint, except admits that Plaintiffs purport to state a claim for damages and other relief, but denies any legal or factual basis for the relief sought.

## AFFIRMATIVE DEFENSES

Further answering and by way of affirmative defenses, Merck alleges as follows:

### AS FOR A FIRST
### DEFENSE, MERCK ALLEGES:

The claims of Plaintiffs may be time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely.

### AS FOR A SECOND
### DEFENSE, MERCK ALLEGES:

The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A THIRD
### DEFENSE, MERCK ALLEGES:

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### AS FOR A FOURTH
### DEFENSE, MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

### AS FOR A FIFTH
### DEFENSE, MERCK ALLEGES:

To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative negligence, Conn. Gen. Stat § 52-572o.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' misuse or abuse of Vioxx.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this Defendant is not responsible.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part by the First Amendment.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred in whole or in part because Merck provided legally adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred under Section 4, *et. seq.*, of the Restatement (Third) of Torts: Products Liability.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

This case is more appropriately brought in a different venue.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Connecticut law.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

The claims of Plaintiffs are barred, in whole or in part, by their failure to mitigate damages.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

Merck seeks attorney's fees pursuant to Conn. Gen. Stat. § 52-240a.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

### AS FOR A TWENTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

Plaintiffs' demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A TWENTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### AS FOR A TWENTY-NINTH
### DEFENSE, MERCK ALLEGES:

Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Fed. R. Civ. P. 9(b).

### AS FOR A THIRTIETH
### DEFENSE, MERCK ALLEGES:

Plaintiffs' claims under "CUTPA" are precluded by the exclusivity provision contained in Conn. Gen. Stat. § 52-572n (a) of the Connecticut Products Liability Act, § 52-572m, et. seq.

### AS FOR A THIRTY-FIRST
### DEFENSE, MERCK ALLEGES:

The claims of the Plaintiffs may be barred, in whole or in part, from recovery because they have made statements or taken actions that preclude them from asserting claims or constitute a waiver of their claims.

## AS FOR A THIRTY-SECOND
### DEFENSE, MERCK ALLEGES:

The claims of the Plaintiffs may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

## AS FOR A THIRTY-THIRD
### DEFENSE, MERCK ALLEGES:

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

## AS FOR A THIRTY-FOURTH
### DEFENSE, MERCK ALLEGES:

Venue in this case is improper.

## AS FOR A THIRTY-FIFTH
### DEFENSE, MERCK ALLEGES:

The claims of the Plaintiffs may be barred, in whole or in part, from recovery by release as to their claims.

## AS FOR A THIRTY-SIXTH
### DEFENSE, MERCK ALLEGES:

The claims of the Plaintiffs may be barred, in whole or in part, by the doctrine of laches.

## AS FOR A THIRTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

The claims of the Plaintiffs may be barred, in whole or in part, from recovery, due to spoliation of evidence.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

The claims of the Plaintiffs may be barred, in whole or in part, by the governing state laws.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

## AS FOR A FORTY-FIRST
## DEFENSE, MERCK ALLEGES:

Plaintiffs have not sustained any injury or damages compensable at law.

## AS FOR A FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiffs' failure to provide it with due process of law.

## AS FOR A FORTY-THIRD
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are not suitable for joinder.

## AS FOR A FORTY-FORTH
## DEFENSE, MERCK ALLEGES:

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack capacity and/or standing to bring such claims.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana or that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Respectfully submitted,

By: _Dorothy H. Wimberly_
Phillip A. Whittmann (13625)
~~Anthony M. DiLeo (1942)~~
Dorothy H. Wimberly (18509)
Carmelite M. Bertaut (3054)
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Tel.: (504) 581-3200
Fax: (504) 581-3361

*Defendant's Liaison Counsel*

By: _____
Alan G. Schwartz (CT 05891)
Wiggin and Dana LLP
One Century Tower
P.O. Box 1832
New Haven, CT  06508-1832
Tel.: (203) 498-4400
Fax: (203) 782-2889
aschwartz@wiggin.com
ramankulor@wiggin.com

*Attorney for Defendant Merck & Co. Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **Amended Answer** has been served on Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in the MDL1657, on this _8th_ day of _December_ 2006.

_Dorothy H. Wimberly_

\17467\22\624814.2

56