**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

|  |  |  |
|---|---|---|
| | **:** | **MDL NO. 1657** |
| **IN RE:  VIOXX** | **:** | |
| **PRODUCTS LIABILITY LITIGATION** | **:** | **SECTION: L** |
| | **:** | |
| | **:** | **JUDGE FALLON** |
| | **:** | **MAG. JUDGE KNOWLES** |

................................................................... **:**

**THIS DOCUMENT RELATES TO**
     *Dedrick v. Merck & Co., Inc.,* **06-485**

---

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS
AND INTERROGATORIES**

---

Plaintiff Anthony Dedrick hereby proposes the following modifications to the Court's drafted jury instructions.  Plaintiff has inserted changes to the Court's draft jury instructions in a "track changes" format which is attached as Exhibit "A."

Plaintiff seeks to have the Court instruct the jury as to each of his three claims separately-- strict liability failure to warn, negligent failure to warn and fraud.  Therefore, Plaintiff has inserted the charge given by the Court in *Barnett v. Merck & Co.*  Under Tennessee law, strict liability failure to warn and negligent failure to warn are distinct claims.  Plaintiff has inserted comments noting applicable Tennessee Pattern Jury Instructions as well as applicable case law.  Plaintiff notes all changes made.

Secondly, Plaintiff attaches as Exhibit "B" proposed jury interrogatories.  The language tracks the interrogatories used in *Mason v. Merck & Co.* with the exception that

Plaintiff seeks to have the questions of failure to warn and the question of fraud presented

separately from causation.

Respectfully submitted this **10**<sup>th</sup> day of December, 2006.


  /s/ P. Leigh O'Dell
**ANDY BIRCHFIELD**
P. LEIGH O'DELL
Attorney for Plaintiff
***BEASLEY, ALLEN, CROW,***
***METHVIN, PORTIS & MILES, P.C.***
234 Commerce Street
Post Office Box 4160
Montgomery, Alabama 36103
(334) 269-2343 telephone
(334) 954-7555 facsimile

**Russ M. Herman** (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
 **Plaintiffs' Liaison Counsel**

**Christopher A. Seeger**, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Arnold Levin, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID, MEUNIER
& WARSHAUER, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (telecopier)

Shelley Sanford, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Thomas R. Kline, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W.
Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

**PLAINTIFF'S STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Plaintiff's Proposed Jury Instructions and Jury Interrogatories has been served on Liaison Counsel, Phillip A. Wittman and Russ Herman, by U.S. Mail and e-mail or by hand delivery and e-mail, on Merck's Counsel, Douglas R. Marvin and Philip S. Beck,  by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced, in accordance with Pretrial Order No. 8A, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this **10th** day of December, 2006.

   /s/ P. Leigh O'Dell_____
P. Leigh O'Dell
Attorney for Plaintiff
Beasley, Allen, Crow,
Methvin, Portis & Miles, P.C.

# Exhibit A

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ANTHONY WAYNE DEDRICK,** | \* | **MDL DOCKET No. 1657** |
| an Individual, | \* | |
| | \* | **SECTION L - DIVISION 3** |
| **Plaintiff,** | \* | |
| | \* | **JUDGE FALLON** |
| v. | \* | |
| | \* | **MAG. JUDGE KNOWLES** |
| **MERCK & CO., INC.,** | \* | |
| | \* | |
| **Defendant.** | \* | **CASE NO. 2:05CV2524** |

## JURY CHARGE

Members of the Jury:

You have now heard all the evidence in this case as well as the final argument.

It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in this case.

In any jury trial, there are, in effect, two judges. I am one of the judges; the other is you the jury. It is my duty to preside over the trial and to determine what testimony and other evidence is admissible under the law for your consideration. It is also my duty at the end of the trial to instruct you on the law applicable to the case.

You, as jurors, are the judges of the facts. But in determining what actually happened in this case--that is, in reaching your decision as to the facts--it is your sworn duty to follow the law I am now in the process of defining for you and you must follow my instructions as a whole. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. That is, you must not

1

substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I give it to you, regardless of the consequences.

By the same token, it is also your duty to base your verdict solely upon the testimony and other evidence in the case without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  All persons and corporations or public entities stand equal before the law and are to be dealt with as equals in the court of justice.

As I stated earlier, it is your duty to determine the facts, and in so doing, you must consider only the evidence I have admitted in the case.  The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted into the record.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case.  The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that they are particularly concerned that you recall.  In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in this case.  What the lawyers say is not binding upon you.

Also, during the course of trial, I have occasionally made comments to the lawyers, or asked a question of a witness, or admonished a witness concerning the manner in which he should respond to the questions of counsel.  Do not assume from anything I may have said that I have any opinion concerning any of the facts in this case.  In arriving at your own findings as

to the facts, you should disregard anything I may have said during the trial, except for my instructions to you on the law.

The law of the United States permits the judge to comment on evidence presented during a case.  I do not believe that I have made any comments on the evidence in this case.  If you could possibly construe any remarks which I have made during the course of t his trial, however, as a comment on the evidence, then I instruct you that any such comment on my part is only an expression of my opinion as the facts, and you, the jury, may disregard such comment or comments entirely since you, as jurors, are the sole judges of the facts in this case.

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and the exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in this case.

You may consider either direct or circumstantial evidence.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating a fact to be proved.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.

In deciding this case, you are expected to use your good sense.  Give the evidence and the testimony of the witnesses a reasonable and fair interpretation in the light of your knowledge of the natural tendencies of human beings.

In weighing the testimony and in determining the credibility of any witness you may consider the conduct of the witness, his or her bearing on the witness stand, his or her personal

3

feelings as demonstrated by his or her testimony and his or her actions, any interest he or she may have in the outcome of the case, any prejudice or bias he or she may have shown, and any partiality he or she may have demonstrated.

If a witness is shown to have testified falsely concerning any material matter, you have a right to distrust such witness; testimony on other matters and you may distrust all of the testimony of that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field may be called as an expert witness and is permitted to state his opinion on those technical matters.  Such witnesses have testified in this case.  You are not, however, required to accept that opinion.  As with any other witness, it is up to you to decide whether to rely upon it.

If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the facts the expert relied upon are

4

incorrect, that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has economic, philosophical, or any other interest in the outcome of the case.

Certain testimony has been presented to you through a video deposition. A deposition is the sworn, recorded answers to questions asked to a witness in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness; testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned the witness under oath. A court reporter was present and recorded the testimony. The questions and answers were presented by video to you. This deposition testimony is entitled to the same consideration, is to be judged by you as to credibility, and weighed and otherwise considered by you insofar as possible in the same way as of the witness had been present and had testified from the witness stand in the court.

During the course of trial, you will have heard objections to evidence. Sometimes these have been argued out of the hearing of the jury.

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not draw any inference against or show any prejudice against a lawyer or his client because of the making of an objection.

Upon allowing testimony or other evidence to be introduced over the objections of an attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or

effect of such evidence.  As stated before, you, the jury, are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

When the Court ahs sustained an objection to a question addressed to a witness, the jury must disregard the question entirely and may draw no inference from the wording of it or speculate as to what the witness would have said if permitted to answer the question.

During the course of trial, I have occasionally asked a question of a witness in order to bring out facts not then fully covered in the testimony.  Do not assume that I hold any opinion on the facts to which my question or questions may have related.  Remember at all times, you, as jurors, are the sole judges of the facts.

Any notes that you have taken during this trial are only aids to your memory.  If your memory differs from your notes, you should rely on your memory and not on the notes.  The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

This lawsuit arises out of Anthony Wayne Dedrick's use of Vioxx.  Merck manufactured Vioxx.  The Plaintiff, Anthony Wayne Dedrick, contends that he suffered a heart attack as a result of his use of Vioxx.  The Plaintiff seeks compensatory damages proximately caused by his injury.  He seeks recovery under any of several separate theories of recovery.

First, the Plaintiff alleges that Merck should be held strictly liable for his injuries because Merck placed Vioxx on the market with inadequate warnings, making it unreasonably dangerous to consumers. Second, Plaintiff alleges that Merck negligently placed Vioxx on the

**Comment [PLO1]:** Language was taken from Barnett v. Merck jury charge.

6

market with adequate warnings, and that this negligence was a legal cause of his injuries. Lastly, Plaintiff alleges that Merck is liable for fraud because it recklessly or knowingly misrepresented or knowingly failed to disclose known risks associated with Vioxx to Anthony Dedrick's treating physician.

Merck contends that its warning to Anthony Dedrick's prescribing physician was adequate and complied with the rules of the FDA. Merck also asserts that it acted reasonably and that it disclosed to the FDA and the medical community all relevant Vioxx safety data and risk information available at the time Anthony Dedrick's physician prescribed Vioxx to him. Finally, Merck contends that Vioxx did not cause or contribute to Anthony Dedrick's injuries.

Although the Plaintiff's claims for recovery have been tried together, each is separate from the other, and each party is entitled to have you separately consider each claim. Therefore, in your deliberations, you should consider the evidence as it relates to each claim separately, as you would have if each claim had been tried before you separately.   The Plaintiff is not required to prove both of these theories in order to recover.  Proof of his claims under any one of these theories would enable you to find that he is entitled to a verdict in his favor.

> **Comment [PLO2]:** Language was included in charge for Barnett v. Merck. If the following paragraph is included, Plaintiff asserts that this sentence should also be included.

The mere fact that the Plaintiff may have been injured, standing alone, does not permit you, the jury, to draw any inference that such injuries were caused by Merck.

Let me now discuss the law applicable to each of the Plaintiff's theories of recovery.

## STRICT LIABILITY FAILURE TO WARN & NEGLIGENT FAILURE TO WARN

I will now discuss with you the law governing the Plaintiff's strict liability failure to warn and negligent failure to warn claims.

> **Deleted:** .

The burden of proof is on the plaintiff in a civil action, such as this one, to prove every essential element of this claim by a "preponderance of evidence."  A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely t rue than not true.  In other words, t o establish a claim by a "preponderance of the evidence" means to prove that the claim is more likely so than not so.

In determining whether any fact ahs been proved by a "preponderance of the evidence" in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and al exhibits received in evidence, regardless of who may have produced them.  If the proof should fail to establish any essential element of the Plaintiff's claim by a preponderance of the evidence, you, the jury, should find for the Defendant as to that claim.  The Plaintiff need not produce every possible witness, and he need not prove his claim beyond a reasonable doubt, as is necessary in a criminal prosecution.  But speculation or mere possibility and even unsupported probability is not sufficient to support a judgment in his favor.

**<u>Strict Liability Failure to Warn</u>**

I will now discuss with you the law governing the Plaintiff's strict liability claim for failure to warn.

In order to decide this claim, you must determine whether Vioxx was defective and unreasonably dangerous by reason of an inadequate warning and, if so, whether the use of Vioxx and absence of an adequate warning was a legal cause of the injuries sustained by Anthony Dedrick.

> **Comment [PLO3]:** Unless otherwise noted, Plaintiff proposes the strict liability charge used in Barnett v. Merck. This charge previously given by the Court is consistent with the Tennessee Pattern Jury Instructions 10.01, 10.02, and 3.20.

8

Prescription drugs often cause unwanted side effects despite the fact that they have been carefully designed and properly manufactured.  Such products are deemed "unavoidably unsafe" but are not defective or unreasonably dangerous if they include adequate warnings of potential side effects.  A product, however, is defective to inadequate warning if the manufacturer fails to give a reasonably prudent physician adequate warning of a particular risk that was known or knowable to the manufacturer in light of the generally recognized and prevailing best scientific and medical knowledge available at the time of manufacture and distribution.  A prescription drug manufacturer's duty to warn of the potential risks of its products is directed only to the reasonably prudent physician and not the consumer.  However, the manufacturer is directly liable to the patient for breach of such duty.

If a product has known or knowable harmful consequences which come from the very nature of the product itself, the manufacturer has a duty to take reasonable precautions to provide adequate warning that would place prescribing physicians on guard against the harmful consequences that might result from the product.  To provide an adequate warning, the manufacturer must disclose the known or knowable harmful consequences of the product so that a reasonably prudent physician can act in line with the potential danger.  Under Tennessee law, "an adequate warning is defined as one calculated to bring home to a reasonably prudent user the nature and extent of the danger involved in using the product."

> **Comment [PLO4]:** Language added. <u>See</u> Harwell v. American Med. Systems, 803 F. Supp. 1287, 1297 (M.D. Tenn. 1992).

Under the law applicable to this case, a manufacturer has no duty to warn of potential risks or dangers inherent in a product if the product is distributed to what the law calls a "learned intermediary" such as a physician who is in a position to understand and assess the risk involved and to inform the ultimate user of the risks.  However, the learned intermediary

9

rule does not shield a drug manufacturer from liability for inadequate warnings to a physician who is reasonably unaware of the risks.

The duty to warn includes the duty to warn with a degree of intensity that would cause a reasonable prescribing physician to exercise the caution commensurate with the potential danger. In determining the scope of a manufacturer's duty to warn of dangers associated with the use of its product, the manufacturer is held to the knowledge and skill of an expert in its field. The manufacturer must keep up with scientific knowledge, discoveries, and advances and is presumed to know what could be learned by doing so.

In order to prove his failure to warn claim, the Plaintiff must not only show that Merck's warnings regarding Vioxx were inadequate, but also that such inadequacy affected the decision of his prescribing physician to prescribe or not prescribe Vioxx. In other words, the Plaintiff must show that his doctors would not have prescribed Vioxx to him if Merck had provided an adequate warning. An adequate warning to the profession may be eroded or even nullified by over-promotion of the drug through a vigorous sales program which may have the effect of persuading prescribers to disregard the warnings given.

A manufacturer may prevent a product from being unreasonably dangerous because of a failure to warn if it places an adequate warning on the product regarding its use. When an adequate warning is given, the manufacturer may assume it will be heeded by the prescriber or the product user. If the prescriber or user ignores the warning, the manufacturer is not liable for any injuries caused by the use of the produce. Further, if the users or his treating physician is aware of the danger and nevertheless proceeds unreasonably to make use of the product and the user is injured by it, the user may not recover from the manufacturer any damages caused by its use.

**Comment [PLO5]:** See *Salmon v. Parke Davis & Co.*, 520 F.2d 1359, 1363 (4th Cir.1975); *Hill v. Searle Laboratories, Inc.*, 884 F.2d 1064, 1071 (8th Cir.1989); *Tinnerholm v. Parke, Davis & Co.*, 285 F. Supp. 432, 451 (S.D.N.Y.1968); *Stevens v. Parke, Davis & Company*, 9 Cal.3d 51, 65, 107 Cal.Rptr. 45, 53, 507 P.2d 653, 661 (1973); *Stanger v. Smith & Nephew, Inc.*, 401 F.Supp.2d 974, 984 (E.D.Mo. 2005); *McEwen v. Ortho Pharm. Corp.*, 270 Or. 375, 528 P.2d 522, 529 (1974)); *Nobles v. Astrazeneca Pharmaceuticals*, 48 Conn.Supp. 134, 832 A.2d 1241, 1242-1243 (Conn. Super. 2003); *Whitley v.Cubberly*, 24 N.C.App. 204, 210 S.E.2d 289 (1974).

10

    If the greater weight of the evidence does not support the claim of the Plaintiff, your verdict should be for Merck.  If the greater weight of the evidence, however, does support the claim of Plaintiff, then your verdict should be for the Plaintiff.


**Negligent Failure to Warn**

    I will now discuss with you the law governing the Plaintiff's negligent failure to warn claim.   In this claim, Plaintiff alleges that Merck was negligent in failing to warn Mr. Dedrick's physician, Dr. Esmeraldo Herrera, of a dangerous condition in Vioxx and that such negligence was a legal cause of his injuries.

    To establish Merck's liability for negligent failure to warn, the Plaintiff must prove the following three elements:

    1.    Merck failure to use reasonable care in designing and testing Vioxx;

    2.    Mr. Dedrick suffered injuries from his use of Vioxx; and

    3.    Merck's negligence was the proximate cause of his injuries.

    Negligence is the failure to use reasonable care.  In this case, reasonable care is that degree of care which a reasonably prudent pharmaceutical company would use under like circumstances.  Negligence may consist either in doing something that a reasonably prudent pharmaceutical company would not do under like circumstances or in failing to do something that a reasonably prudent pharmaceutical company would do under like circumstances.

    Usually, the degree of care required depends upon the risk of harm flowing from normal use of the product or is proportionate to the seriousness of the consequences reasonably anticipated.  While an extraordinary duty of care is not required of a manufacturer, the duty on the part of the manufacturer to exercise due care is not required of a manufacturer,

**Comment [PLO6]:** Unless otherwise noted, Plaintiff proposes the negligent failure to warn charge used in Barnett v. Merck.  This charge previously given by the Court is consistent with the Tennessee Pattern Jury Instructions 10.10, 10.12, and 3.20.

**Comment [PLO7]:** See Tenn. Pattern Jury Instructions § 10.10

11

the duty on the part of the manufacturer to exercise due care must be commensurate with the risk of danger involved.

Moreover, in determining whether the legal standard of care has been satisfied, a manufacturer is held to the skill of an expert in its business and to an expert's knowledge of the materials and processes in its industry.  A manufacturer owes a duty to conduct adequate tests and inspection of its products such as will reveal latent defects or defects that are not apparent upon a reasonable inspection.  The failure to exercise reasonable care in fulfilling any of these duties constitutes negligence.

If the greater weight of the evidence does not support the claim of the Plaintiff, your verdict should be for Merck.  If the greater weight of the evidence, however, does support the claim of Plaintiff, then your verdict should be for the Plaintiff.

**FRAUD**

I will now discuss with you the law governing the Plaintiff's third claim, his fraud claim.

To establish this claim, the Plaintiff must show that Merck made a misrepresentation concerning the cardiovascular safety of Vioxx which was false, and which Merck knew to be false or made recklessly knowing that it had insufficient knowledge upon which to base such representation, for the purpose of inducing Dr. Herrera to act upon it by prescribing Vioxx to Anthony Dedrick.  The Plaintiff must further show that Dr. Herrera acted reasonably and in ignorance of its falsity, that she relied on the misrepresentation, and that Dr. Herrera was thereby injured and damaged.

12

**Comment [PLO8]:** The following is the charge regarding fraud that was given in Mason v. Merck.

**Comment [PLO9]:** The burden of proof for fraud in Tennessee is preponderance of the evidence not clear and convincing evidence. See Capital Management Partners v. Eggleston, No. W2004-01207-COA-R3-CV, 2005 WL 1606066 (Tenn. Ct. App. 2005).

**Deleted:** Unlike the Plaintiff's first claim which must only be proven by a preponderance of the evidence, the Plaintiff must prove each element of his fraud claim by clear and convincing evidence.  Clear and convincing evidence is an elevated standard of proof, which lies between the lesser standard of "preponderance of the evidence," and the higher standard of "beyond a reasonable doubt," which is required in criminal cases.  Clear and convincing evidence is that degree of proof which will produce in your mind a firm belief as to the allegations sought to be established.¶

The Plaintiff may also establish his fraud claim by showing that Merck knowingly failed to disclose to his treating doctor a risk created by Vioxx that was known at the time, and that Merck's non-disclosure was a proximate cause of his heart attack and resulting injuries.

Non-disclosure, or silence, becomes fraudulent when it is the duty of the party having knowledge of the facts to reveal them and that party fails to do so. Where material facts are accessible to the manufacturer only and the manufacturer knows that they are not within the reach of the diligent attention, observation, and judgment of the purchaser's prescriber, the manufacturer is bound to disclose such facts and make them known to the purchaser's prescriber. In such a situation, the manufacturer's non-disclosure of these facts is equivalent to fraud.

To be fraudulent, the manufacturer must misrepresent or fail to disclose a matter of fact, rather than an opinion. The distinction between a fact and an opinion is generally characterized by what is susceptible of exact knowledge when the misrepresentation or omission is made.

The misrepresentation or non-disclosure must also be material. If an objective, reasonable physician would have viewed the omitted fact as sufficiently important and significant that it would have played a role in his or her decision to prescribe Vioxx, then the non-disclosure may be deemed material. To say it another way, the matter is material if a reasonable physician or nurse practitioner would attach importance to its existence or non existence in determining whether or not to prescribe Vioxx.

To recover for fraud in a pharmaceutical case, the Plaintiff's physician must have relied on the alleged misrepresentation or non-disclosure. If the Plaintiff's physician was aware of the omitted facts, the Plaintiff cannot recover under this theory because his physician

13

could not have relied on the misrepresentation or omission.  A victim of fraud has a right to rely on the information provided so long as her reliance is not reckless or grossly negligent. The right to rely must be determined in light of the duty of the Plaintiff's physician to use reasonable prudence and diligence under the circumstances in ascertaining the truth with respect to the representations or omissions made to him.  The legitimacy of the physician's reliance on the misrepresentation or omission is an issue to be decided by you, the jury.

## **CAUSATION**

In order for the Plaintiff to prevail on any of his claims, he must establish that Vioxx was a proximate cause of his alleged injuries.  To prove his failure-to-warn claim, the Plaintiff must prove proximate causation by a preponderance of the evidence.  To prove his fraud claim, the Plaintiff must prove proximate causation by clear and convincing evidence.

Proximate cause means the efficient cause or direct cause.  The law defines proximate cause as something that produces a natural chain of events which, in the end, bring about the injury.  In other words, proximate cause is the cause without which the injury would not have occurred.  Proximate cause requires proof of both causation-in-fact and legal cause.

Causation-in-fact is proved by establishing that the Plaintiff's injury would not have occurred "but for" the Defendant's actions.  In order to prove cause-in-fact in this case, the Plaintiff must show to a reasonable degree of medical certainty both that Vioxx can cause heart attacks and that it was a cause of his heart attack.

Legal cause is proved by establishing foreseeability.  The test of foreseeability is whether some injury to another is the natural and probable consequence of the complained of conduct.  The law requires only reasonable foresight.  It is not necessary for the Plaintiff to demonstrate that the Defendant should have foreseen the particular event which occurred, but

**Deleted:** either

14

merely that the Defendant should have foreseen that its actions would probably cause injury to someone.  The Plaintiff proves legal cause by establishing that the injury in question occurred as a natural and probable consequence of the Defendant's actions.

Proximate cause does not mean the sole cause.  The Defendant's conduct can be a proximate cause if it was at least one of the direct, concurring causes of the alleged injury. However, the Plaintiff must show that the conduct of the Defendant was a substantial factor in bringing about the result.  Moreover, the Plaintiff must proffer a competent medical expert to testify to a reasonable degree of medical probability that Vioxx was proximate cause of his injuries.

Furthermore, a Defendant may be liable when the Defendant's fault operates upon a concealed physical condition, such as a latent disease, to produce consequences which the Defendant could not reasonably anticipate.  Defendant may be held liable for the injury or harm actually caused by or which the natural consequence of its actions, whether the Plaintiff was "weak or strong, healthy or sick."

> **Comment [PLO10]:** See McMurry v. Metropolitan Govt. of London, No. M2000-02902-COA-R3-CV, 2003 WL: 535918 (Tenn. Ct. App. Feb. 26, 2003),

## APPORTIONMENT OF FAULT

> **Comment [PLO11]:** The following charge is consistent with Tennessee Pattern Jury Instructions 3.50.

If you find that more than one person is at fault in this case, you must decide each person's percentage of fault.  This allocation of fault must be done on a percentage basis and must total 100%.  Each person's percentage should be based upon how much that person's fault contributed to the harm.  If you decide that Anthony Dedrick was at fault and that his fault was 50% or greater, under the law applicable to this case he will recover nothing.  Do not reduce any award of damages to reflect these percentages of fault, however, I will make that calculation at a later time if appropriate.

15

## VOLUNTARY WITHDRAWAL OF VIOXX

You have heard testimony about Merck's voluntary withdrawal of Vioxx from the market in September 2004.  you may not consider that fact as evidence that Vioxx was defective or defectively designed or that Merck was negligent or acted culpably.  You may also not consider that fact as evidence that Merck did not adequately warn of the risks associated with taking Vioxx or as evidence that Vioxx can cause injuries such as those alleged by Anthony Dedrick.  You may, however, consider this withdrawal for other purposes, such as proving ownership, control, or feasibility of precautionary measures.

## FDA CERTIFICATION

Compliance with an FDA regulation may establish that the manufacturer met the appropriate minimum standards of due care, but compliance does not necessarily absolve the manufacturer of all liability, nor does it establish that the warnings at issue were adequate. Even if you find that the Defendant Merck met all government regulations and requirements, such compliance is not a defense if a reasonable and prudent manufacturer would have taken added precautions or if you find that Merck failed to apprise prescribing physicians of risks that became known or should have become known after the FDA approved the Vioxx label.

**Comment [PLO12]:** Plaintiff proposes the FDA Certification instruction that was given in *Mason v. Merck*.

## DAMAGES

Now let me speak with you about damages.  "Damages" in this compensatory phase of the case is the term in dollars and cents which expresses the injuries sustained by the Plaintiff. If the Plaintiff has proven one or more of his claims against Merck, you must determine the amount of compensatory damages to which the Plaintiff is entitled.  You should not interpret the fact that I give you instructions about the Plaintiff's damages as an indication in any way

16

that I believe that the Plaintiff should, or should not, win this case.  It is your task first to decide whether Merck is liable.  I am instructing you on damages only so that you will have guidance in the event that you decide Merck is liable and the Plaintiff is entitled to recover money from Merck.

The Plaintiff claims that he has suffered a heart attack as a result of his use of Vioxx. He is entitled to recover the compensatory damages he sustained if he has proven either of the above theories of recovery.  Compensatory damages are not allowed as a punishment against a party.  Whether or not punishment is warranted in his case may be determined at a later time, for now you must only consider the issue of compensatory damages and not punitive damages.

Compensatory damages cannot be based on speculation, for it is only actual damages that are recoverable.  However, compensatory damages are not restricted to actual loss of time or money; they include both the mental and physical aspects of the injury, tangible and intangible.  They are an attempt to make the Plaintiff whole, or to restore him to the position he would have been in if the injury had not happened

You should consider the following elements of damages to the extent you find that the Plaintiff has established such damages by a preponderance of the evidence:  past, present, or future physical pain and suffering, including physical disability, impairment, and inconvenience, and the effect of the Plaintiff's injuries and inconvenience on the normal pursuits and pleasures of life; past, present, or future mental anguish and feelings of insecurity caused by disability; and the reasonable value, not exceeding actual cost to the Plaintiff, of medical care that you find from the evidence will be reasonably certain to be required in the future as a proximate result of the injury in question.

**Deleted:** past loss of earnings;

**Deleted:** medical expenses;

17

Some of these damages, such as mental or physical pain and suffering, are intangible things about which no evidence of value is required.  In awarding these damages, you are not determining value, but you should award an amount that will fairly compensate the Plaintiff for his injuries.

In the event you find that the Plaintiff is entitled to receive an award for mental and/or physical disability, or mental and/or physical pain and suffering, past, present, or future, I instruct you that such as award is not subject to income tax; neither the state nor federal government will tax it.  Therefore, you should determine the amount that the Plaintiff is entitled to receive without considering the effect of taxes upon it.

Also, if you find that there is a reasonable likelihood that Anthony Dedrick may suffer future harm as a direct result of his injuries, you may include in your award a reasonable enhancement for the increased risk of such future harm.  If you award damages for an increased risk of future harm, the amount of such enhancement should reflect your assessment of the percentage by which Anthony Dedrick's risk of such future harm is greater than it was before he took Vioxx.

If you make any award for future medical expenses, you should adjust or discount the award to present value by considering what return would be realized on a relatively risk free investment if it were invested over the period of time in which the medical expenses were likely to occur.

However, you must not make any adjustment to present value for any damages you may award for future pain and suffering or future mental anguish.

Suggestions as to the amount of damages that should be awarded are mere arguments of counsel.  You may consider them and use them only as guidelines to whatever extent they

18

may aid you in arriving at a reasonable and just award in view of the evidence.  But you are in no way bound by, nor should you use, any rigid mathematical formula.  The determination of damages is solely your function and must be based on competent evidence.

Again, the mere fact that I have given you instructions on the law of damages does not in any way suggest that I believe that any damages are due in this case.  Whether or not the Plaintiff is entitled to recover and whether or not any damages are due is for you to decide.

**CONCLUDING INSTRUCTIONS**

It is your duty sworn as jurors to discuss the case with one another in an effort to reach a unanimous agreement, if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong.  Do not, however, give up your honest beliefs solely because the others think differently or merely to finish the case.

Remember that in a very real way you are the judges – judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

**VERDICT FORM**

I have prepared a special verdict form for your convenience and to aid you in reaching a unanimous decision.  You will take the form with you to the jury room.  The verdict must represent the considered judgment of each juror.

You will note that the form contains several interrogatories or questions.  The answer to each question must be the unanimous answer of the jury.  In the space provided below each

question, you will find directions which instruct you either to answer the next question, to answer some other question, or to stop and return to the courtroom with your verdict.  You must carefully follow these directions as you complete the form.

[READ THE VERDICT FORM]

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence.  First, select your foreperson and then conduct your deliberations.  If you recess during your deliberations, follow all of the instructions that the Court has given about your conduct during the trial. After you have reached your unanimous verdict, your foreperson is to fill in on the form your answers to the questions.  Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.  You must never disclose to anyone, not even to me, any numerical division on any question.

If you want to communicate with me at any time, please give a signed written message or question to the Marshal, who will bring it to me.  I will then respond as promptly as possible, either in writing or by having you brought into the courtroom so that I can address you orally.  I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.  You may now retire to the jury room to conduct your deliberations.

# Exhibit B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |  |
|---|---|---|
|  | **:** | **MDL NO. 1657** |
| **IN RE:  VIOXX** | **:** |  |
| **PRODUCTS LIABILITY LITIGATION** | **:** | **SECTION: L** |
|  | **:** |  |
|  | **:** | **JUDGE FALLON** |
|  | **:** | **MAG. JUDGE KNOWLES** |

..................................................................... **:**

**THIS DOCUMENT RELATES TO**
        *Dedrick v. Merck & Co., Inc.,* **06-485**


**JURY INTERROGATORIES**

**Please answer all questions according to a preponderance of the evidence.**


1.      **Do you find that Merck & Co., Inc. failed to adequately warn Dr.**
        **Esmeraldo Herrera, Anthony Dedrick's treating physician, of a known or**
        **reasonably scientifically or medically knowable risk associated with**
        **Vioxx?**

        **YES _____          NO _____**


        **Was such failure to adequately warn was a substantial contributing cause**
        **of an injury to Anthony Dedrick?**

        **YES _____          NO _____**


        **(Please proceed to Question #2)**

2.   Do you find that Merck & Co., Inc. was negligent in failing to adequately warn Dr. Esmeraldo Herrera, Anthony Dedrick's treating physician, of a known or reasonably scientifically or medically knowable risk associated with Vioxx ?

YES _____          NO _____

Was such negligence a substantial contributing cause of an injury to Anthony Dedrick?

YES _____          NO _____

(Please proceed to Question #3.)

3.   Do you find that Merck & Co., Inc. knowingly misrepresented or failed to disclose a material fact to Dr. Esmeraldo Herrera, Anthony Dedrick's treating physician, in a circumstance where it was required to do so, that Anthony Dedrick's treating physician was entitled to and did rely on that misrepresentation or non-disclosure?

YES _____          NO _____

Was the misrepresentation or non-disclosure a substantial contributing cause of an injury to Anthony Dedrick?

YES _____          NO _____

(If you answered "no" to Questions #1, #2, and #3, please skip all remaining questions, date and sign this verdict form, and inform the Marshall that a verdict has been reached.  If you answered "yes" to any of these questions, please proceed to Question #4.)

4.   Do you find that there was negligence on the part of Anthony Dedrick that was a substantial contributing cause of his injury?

YES _____          NO _____

(Please proceed to Question #5.)

5.    Do you find that there was negligence on the part of Dr. Esmeraldo
      Herrera that was a legal cause of Anthony Dedrick's injury?


      YES _____          NO _____


      (Please proceed to Questions #6.)


6.    What percentage of fault, if any, do you attribute to Merck & Co., Inc.,
      Anthony Dedrick and Dr. Esmeraldo Herrera?

      Merck & Co., Inc.                        _____%

      Anthony Dedrick                          _____%

      Dr. Esmeraldo Herrera                    _____%

      (If and only if you have found Merck & Co., Inc. liable in whole or in
      part, please proceed to Question #7.  If you have not found Merck & Co.,
      Inc. liable, please skip the remaining question, date and sign this verdict
      form, and inform the Marshal that a verdict has been reached.)


7.    What amount, if any, do you find fairly and adequately compensate
      Anthony Dedrick for damages suffered due to his use of Vioxx?

      $_____

      (Please date and sign the verdict form, inform the Marshal that a verdict
      has been reached, and return to the courtroom.)



      New Orleans, Louisiana, this _____ day of _____, 2006.



                          _____
                               JURY FOREPERSON