# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL CASES | ) MDL NO. 1657<br>)<br>) SECTION: L<br>)<br>) JUDGE FALLON<br>) MAG. JUDGE KNOWLES |

<u>DECLARATION OF DR. WILLIAM G. BOWEN IN SUPPORT OF
MERCK & CO., INC'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
COMPLIANCE WITH THIRD PARTY SUBPOENAS AND IN FURTHER SUPPORT
OF MERCK'S MOTION FOR PROTECTIVE ORDER PROHIBITING DISCOVERY
OF ATTORNEY WORK PRODUCT AND PRIVILEGED COMMUNICATIONS
RELATED TO THE MARTIN REPORT</u>

WILLIAM G. BOWEN, hereby declares and states as follows:

1.  I am a member of the Board of Directors of Merck & Co., Inc. and am Chairman of the Special Committee of the Board of Directors of Merck & Co., Inc. (the "Special Committee") that was established by the Board of Directors in November, 2004 to investigate the conduct of senior management concerning the development and marketing of Vioxx.

2.  I submit this Declaration in support of Merck's opposition to plaintiffs' motion to compel compliance with third party subpoenas and in further support of Merck's motion for protective order.

22346218v1

Independence of Investigation.

3. The Board of Directors of Merck & Co., Inc. commissioned a thorough and completely independent investigation and a candid assessment of whether members of senior management had acted with integrity, or breached their fiduciary duties to the Company in connection with the development and marketing of Vioxx. The Board and the Special Committee of the Board that was convened to oversee the investigation understood that independence was essential in order to satisfy our responsibilities to shareholders and the consuming public and for the investigation to have credibility.

4. The fact that Merck paid the bills submitted to me by Debevoise & Plimpton LLP ("Debevoise") in connection with the investigation in no way influenced the manner in which the investigation was conducted. The Board of Directors instructed Merck management to cooperate fully with Judge Martin and Debevoise in terms of making witnesses available, which was the extent of Merck management's involvement until the investigation was complete.

Timing of Release of Martin Report

5. It was important to me and to the Board that Judge Martin's investigation and Report be completed as soon as was practicable without compromising the thoroughness of either. Completion of the investigation was important to us for a number of reasons, including the fact that in order to consider the pending shareholder demands, the Board needed to review all the facts concerning the conduct of senior management throughout the relevant period. In addition, Special Committee members felt strongly

22346218v1

that the Report – whatever its conclusions – should be made available to the public promptly after its completion.

6. Debevoise completed investigation of the issues concerning the conduct of senior management throughout the development and marketing of Vioxx in early May 2006 and the Special Committee was preparing to present the Martin Report to the full Board at that time.

7. During those preparations, however, the Board of Directors was advised about an error Merck discovered in an article that had been published about the APPROVe Trial. The Board extended the mandate of the Special Committee to investigate issues concerning the post-withdrawal reporting and analysis of cardiovascular data from the APPROVe Trial, and the Special Committee, in turn, directed Debevoise to continue its investigation.

8. Debevoise completed the investigation of post-withdrawal conduct concerning the APPROVe Trial cardiovascular data in August 2006, and on Wednesday, August 30, 2006, the Special Committee adopted the Martin Report and Appendices.

9. We selected the following Wednesday, September 6, 2006, as the date to release the Martin Report to the public for two reasons. First, as I stated above, we wanted to release the Report as soon as was practicable after its completion and adoption by the Special Committee and Board of Directors. Due to the September 4, 2006 Labor Day holiday, September 6, 2006 was the first business day that public release could be effected.

10. <u>Second</u>, Judge Martin and I both had out of town commitments later that week. I had been scheduled for some months to speak at two conferences in North Carolina on September 7 and 11, 2006, and Judge Martin was out of the country from September 8 through September 20, 2006.

11. The timing of the release of the Martin Report was not influenced in any respect by Merck's products liability litigation schedule.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 8, 2006

_WILLIAM G. BOWEN_

4

22346218v1