# EXHIBIT 8

ENG. VM.

# DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel 212 909 6000
www.debevoise.com

Mark P. Goodman
Partner
Tel 212 909 7259
Fax 212 909 6836
mpgoodman@debevoise.com

April 13, 2006

ATTORNEY WORK PRODUCT
PRIVILEGED AND CONFIDENTIAL

BY ELECTRONIC MAIL

Mr. Howard G. Paster
Executive Vice President
WPP
125 Park Avenue, 4th Floor
New York, New York 10017-5529

<u>Merck-Vioxx Investigation</u>

Dear Howard:

  Thank you for agreeing to act as an advisor to us in connection with our internal investigation of Merck with respect to Vioxx. This letter will confirm our agreement concerning the scope and terms of our engagement of you and WPP (collectively "you").

  As you know, Debevoise & Plimpton LLP ("Debevoise") was retained by a Special Committee of the Board of Directors of Merck ("Special Committee") to investigate senior management's knowledge and conduct in connection with the testing, development, and marketing of Vioxx. At this point, we have substantially completed our Report and the purpose of this engagement is for you to serve as an advisor to us on strategic communications issues.

  Debevoise will be your client for purposes of this engagement, and all work performed by you in connection with this engagement will be done at our request and under our direction. We understand and expect that you will, at all times, exercise independent, expert judgment in rendering service to, and performing services for, us in this matter.

  Debevoise agrees to compensate you and other WPP personnel at a flat rate of $10,000 per month. We understand that you will bill us promptly on a monthly basis.

Mr. Howard G. Paster            -2-            April 13, 2006

      In order to protect the interests of our client and to fulfill our ethical obligations as lawyers concerning confidentiality, I ask that all communications between Debevoise and you, both oral and written, be confidential. People who act as our consultants are considered to be "agents" of our firm, which has a professional obligation to preserve the confidences and communications of our clients. Consistent with the nature of our relationship with our client, we expect that any confidential communications between you and us is protected both as work product and as an attorney-client communication. Accordingly, we ask that any materials or information we provide be used by you solely to assist you in advising us about this case. We also ask that any conclusions you may reach be provided solely to us as counsel for our client, and to no one else.

      To ensure that your assistance to us is fully protected from disclosure, please do not prepare any written materials unless you have first discussed doing so with one of my colleagues at Debevoise or me in advance. Any materials that you do prepare, after consulting with us, should be labeled "PRIVILEGED AND CONFIDENTIAL—ATTORNEY WORK PRODUCT."

      The obligation to maintain confidentiality—of our engagement of you, the matters communicated to you as our agent in a privileged setting, and any conclusions you may reach—will continue after your engagement has been concluded. If access to or disclosure of any of the materials in your possession relating to this engagement is sought by a third party, you agree promptly to notify us, tender to us responsibility for responding to such a request and cooperate with us concerning our response.

      We understand that you are aware of no possible conflicts of interest or any other circumstances that would impair your ability to provide the services that are the subject of this engagement. Specifically, you represent that you have not been retained to advise any party in any capacity in connection with Vioxx. If any possible conflict of interest relating to this engagement does come to your attention during the course of this engagement, please promptly notify us of that fact.

Mr. Howard G. Paster                    -3-                         April 13, 2006

    If you agree to the terms of this letter, please sign the enclosed copy of this letter and return it to me. Thank you.

Sincerely,

Mark P. Goodman

AGREED AND CONSENTED:

Dated: April 13, 2006

Howard G. Paster
WPP

22170518v1