# EXHIBIT 9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL<br>CASES | ) <br>) MDL NO. 1657<br>)<br>) SECTION: L<br>)<br>) JUDGE FALLON<br>) MAG. JUDGE KNOWLES |

### DECLARATION OF MR. HOWARD G. PASTER IN SUPPORT OF MERCK & CO., INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH THIRD PARTY SUBPOENAS

HOWARD G. PASTER, hereby declares and states as follows:

1.  I am currently Executive Vice President for Public Relations/Public Affairs of WPP, a global media communications company and the parent company of many media, public relations, marketing and communications firms, including wholly owned subsidiary, Burson-Marsteller. In this capacity, I am often engaged to advise law firms concerning strategic public relations issues that their clients may face.

2.  I submit this Declaration in support of Merck's opposition to plaintiffs' motion to compel compliance with third party subpoenas.

3.  I was engaged by the Special Committee of the Board of Directors of Merck & Co., Inc. (the "Special Committee") in January 2006 to advise Special Committee members on communications matters arising from the Vioxx matter. From

January 2006 through mid-April 2006 I had limited conversations with Dr. William G. Bowen, Chairman of the Special Committee.

4. In mid-April 2006 as the investigation by Judge John S. Martin, Jr. and Debevoise & Plimpton LLP (collectively, "Debevoise") concerning the conduct of senior management in the development and marketing of Vioxx was nearing completion, it became clear that my advice would be used in connection with Debevoise's legal advice to the Special Committee.

5. Thus, on April 13, 2006 I was retained by Debevoise to act as their agent and advisor in connection with their internal investigation. My retainer agreement with Debevoise is attached as Exhibit A.

6. All of my substantive work from April 2006 up to and including the public release of the Martin Report in September 2006, was performed under the direction and at the request of Debevoise.

7. I provided attorneys at Debevoise with advice concerning the form of the Martin Report and other publication considerations, including probable public reaction to relevant information so that Debevoise could provide legal advice to the Special Committee of the Board of Directors of Merck & Co., Inc.

8. In connection with my engagement by Debevoise, I called upon employees of Burson-Marsteller, a WPP company, as necessary to provide support. Consistent with my usual practice, when involving Burson-Marsteller employees, I

2

assumed the responsibility to make certain they understood the confidentiality that attaches to my engagement and that they adhered to necessary procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 8, 2006

_____
HOWARD G. PASTER