## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX® | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCT LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| **This Document relates to:** | * | **JUDGE FALLON** |
| *Fletcher v. Merck & Co., Inc.* | * | |
| **(E.D. La. Index No.06-6183)** | * | **MAG. JUDGE KNOWLES** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT MERCK & CO., INC'S ANSWER TO PLAINTIFF'S COMPLAINT AND REQUEST FOR JURY TRIAL

### RESPONSE TO "COMPLAINT

### STATEMENT OF JURISDICTION"

The allegations contained in the "Statement of Jurisdiction" are legal conclusions to which no responsive pleading is required.

### RESPONSE TO "PARTIES"

1.      Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint.

2.      Merck admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey 08889.  Merck further admits that Vioxx® is the brand name for rofecoxib and that Merck manufactured, marketed, and distributed

the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the market on
September 30, 2004.

## RESPONSE TO "FACTS"

3.      Merck denies each and every allegation contained in paragraph 3 of the
Complaint and respectfully refers the Court to the relevant FDA-approved prescribing
information for Vioxx for its indicated uses and full text.

4.      Merck denies each and every allegation contained in paragraph 4 of the
Complaint, except admits that Merck sought and, in 1999, received FDA approval to
manufacture and market the prescription medicine Vioxx.  Merck further admits that Vioxx is
the brand name for rofecoxib.

5.      Merck denies knowledge or information sufficient to form a belief as to the truth
or falsity of the allegations contained in paragraph 5 of the Complaint.

6.      Merck denies each and every allegation contained in paragraph 6 of the
Complaint.

7.      Merck denies each and every allegation contained in paragraph 7 of the
Complaint, except admits that Merck sought and, in 1999, received FDA approval to
manufacture and market the prescription medicine Vioxx as safe and effective for certain
indicated uses in a manner consistent with the relevant FDA-approved prescribing information.
Merck respectfully refers the Court to the relevant FDA-approved prescribing information for
Vioxx for its indicated uses and full text.

8.     Merck denies each and every allegation contained in paragraph 8 of the Complaint.

9.     Merck denies each and every allegation contained in paragraph 9 of the Complaint.

10.    Merck denies each and every allegation contained in paragraph 10 of the Complaint except admits that Vioxx, like all prescription medications, has had certain reported adverse events associated with its use, which were described in the relevant FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for Vioxx for its actual language and full text.

11.    Merck denies each and every allegation contained in paragraph 11 of the Complaint except admits that the studies referenced in sentence one of paragraph 11 and the article referenced in sentence two of paragraph 11 exist, and respectfully refers the Court to said publications for their actual language and full text. Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

12.    Merck denies each and every allegation contained in paragraph 12 of the Complaint, except admits that 2000 worldwide Vioxx sales figures exceeded $2 billion.

13.    Merck denies each and every allegation contained in paragraph 13 of the Complaint except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

14.     Merck denies each and every allegation contained in paragraph 14 of the
Complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC in
September 2001 and respectfully refers the Court to that letter for its actual language and full
text.

15.     Merck denies each and every allegation contained in paragraph 15 of the
Complaint.

16.     Merck denies each and every allegation contained in paragraph 16 of the
Complaint.

17.     Merck denies each and every allegation contained in paragraph 17 of the
Complaint.

18.     Merck denies each and every allegation contained in paragraph 18 of the
Complaint except admits that Merck manufactured, marketed and distributed the prescription
medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information
until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and
that Merck employed professional representatives to have product discussions concerning Vioxx
with health care professionals.

19.     Merck denies each and every allegation contained in paragraph 19 of the
Complaint except admits that Merck voluntarily withdrew Vioxx from the worldwide market on
September 30, 2004.

## RESPONSE TO "COUNT ONE

### Strict Liability"

20.     With respect to the allegations contained in paragraph 20 of the Complaint,
Merck repeats and realleges each and every admission, denial, averment and statement in
paragraphs 1 through 19 of this Answer with the same force and effect as though set forth here in
full.

21.     Merck denies each and every allegation contained in paragraph 21 of the
Complaint except admits that Merck manufactured, marketed and distributed the prescription
medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information
until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

22.     Merck lacks knowledge or information sufficient to form a belief as to the truth
or falsity of the allegations contained paragraph 22 of the Complaint.

23.     Merck denies each and every allegation contained in paragraph 23 of the
Complaint, including those allegations contained in subparagraphs a-f of said paragraph.

24.     Merck denies each and every allegation contained in paragraph 24 of the
Complaint.

25.     Merck denies each and every allegation contained in paragraph 25 of the
Complaint, except admits plaintiffs' action seeks damages but denies there is any legal or factual
basis for same.

## RESPONSE TO "COUNT TWO

### Failure to Warn"

26.     With respect to the allegations contained in paragraph 26 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 25 of this Answer with the same force and effect as though set forth here in full.

27.     Merck denies each and every allegation contained in paragraph 27 of the Complaint.                    .

28.     The allegations contained in paragraph 28 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation in paragraph 28 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

29.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 29 of the Complaint, and denies each and every allegation directed at Merck in paragraph 29 of the Complaint and respectfully refers the Court to the FDA-approved prescribing information for its actual language and full text.

30.     Merck denies each and every allegation contained in paragraph 30 of the Complaint, including those allegations contained in subparagraphs a-d of said paragraph.

31.     Merck denies each and every allegation contained in paragraph 31 of the
Complaint, except admits plaintiffs' action seeks damages but denies there is any legal or factual
basis for same.

## RESPONSE TO "COUNT THREE
### Breach of Warranty of Merchantability"

32.     With respect to the allegations contained in paragraph 32 of the Complaint,
Merck repeats and realleges each and every admission, denial, averment and statement in
paragraphs 1 through 31 of this Answer with the same force and effect as though set forth here in
full.

33.     Merck denies each and every allegation contained in paragraph 33 of the
Complaint except admits that Merck sought and, in 1999, received FDA approval to manufacture
and market the prescription medicine Vioxx as safe and effective for certain indicated uses in a
manner consistent with the relevant FDA-approved prescribing information.  Merck respectfully
refers the Court to the relevant FDA-approved prescribing information for Vioxx for its indicated
uses and full text.

34.     Merck denies each and every allegation contained in paragraph 34 of the
Complaint except admits that Merck sought and, in 1999, received FDA approval to manufacture
and market the prescription medicine Vioxx as safe and effective for certain indicated uses in a
manner consistent with the relevant FDA-approved prescribing information.  Merck respectfully
refers the Court to the relevant FDA-approved prescribing information for Vioxx for its indicated
uses and full text.

35.     Merck denies each and every allegation contained in paragraph 35 of the Complaint.

36.     Merck denies each and every allegation contained in paragraph 36 of the Complaint, except admits plaintiffs' action seeks damages but denies there is any legal or factual basis for same.

## RESPONSE TO "COUNT FOUR

### Negligence"

37.     With respect to the allegations contained in paragraph 37 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 36 of this Answer with the same force and effect as though set forth here in full.

38.     Merck denies each and every allegation contained in paragraph 38 of the Complaint.

39.     The allegations contained in paragraph 39 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in paragraph 39 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

40.     Merck denies each and every allegation contained in paragraph 40 of the Complaint, including those allegations contained in subparagraphs a-d of said paragraph.

- 8 -

41.     Merck denies each and every allegation contained in paragraph 41 of the
Complaint.

42.     Merck denies each and every allegation contained in paragraph 42 of the
Complaint, except admits plaintiffs' action seeks damages but denies there is any legal or factual
basis for same.

## RESPONSE TO "COUNT FIVE
### Wantonness"

43.     With respect to the allegations contained in paragraph 43 of the Complaint,
Merck repeats and realleges each and every admission, denial, averment and statement in
paragraphs 1 through 42 of this Answer with the same force and effect as though set forth here in
full.

44.     Merck denies each and every allegation contained in paragraph 44 of the
Complaint.

45.     The allegations contained in paragraph 45 of the Complaint are legal
conclusions as to which no responsive pleading is required.  Should a response be deemed
required, Merck denies each and every allegation in paragraph 45 of the Complaint, and
respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

46.     Merck denies each and every allegation contained in paragraph 46 of the
Complaint, including those allegations contained in subparagraphs a-d of said paragraph.

- 9 -

47.     Merck denies each and every allegation contained in paragraph 47 of the
Complaint.

48.     Merck denies each and every allegation contained in paragraph 48 of the
Complaint, except admits plaintiffs' action seeks damages but denies there is any legal or factual
basis for same.

## RESPONSE TO "COUNT SIX

### Fraud, Misrepresentation and Suppression"

49.     With respect to the allegations contained in paragraph 49 of the Complaint,
Merck repeats and realleges each and every admission, denial, averment and statement in
paragraphs 1 through 48 of this Answer with the same force and effect as though set forth here in
full.

50.     Merck denies each and every allegation contained in paragraph 50 of the
Complaint.

51.     Merck denies each and every allegation contained in paragraph 51 of the
Complaint, including those allegations contained in subparagraphs a-e of said paragraph and
avers that it manufactured, marketed and distributed Vioxx in a manner consistent with the FDA-
approved prescribing information for Vioxx and respectfully refers the Court to the relevant
FDA-approved prescribing information for Vioxx for its actual language and full text.

52.     Merck denies each and every allegation contained in paragraph 52 of the
Complaint.

53.     Merck denies each and every allegation contained in paragraph 53 of the Complaint.

54.     Merck denies each and every allegation contained in paragraph 54 of the Complaint.

55.     Merck denies each and every allegation contained in paragraph 55 of the Complaint.

56.     The allegations contained in the first sentence of paragraph 56 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in the first sentence of paragraph 56 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules. Merck denies each and every allegation contained in the second sentence of paragraph 56 of the Complaint.

57.     The allegations contained in the first sentence of paragraph 57 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in the first sentence of paragraph 57 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules. Should a response be required, Merck denies each and every allegation contained in paragraph 57 of the Complaint.

58.     Merck denies each and every allegation contained in paragraph 58 of the Complaint, except admits plaintiffs' action seeks damages but denies there is any legal or factual basis for same.

## RESPONSE TO "CLAIM FOR DAMAGES"

59.     Merck denies that plaintiffs are entitled to any of the relief requested in paragraph "a" of the Claim for Damages, or to any relief whatsoever.

60.     Merck denies that plaintiffs are entitled to any of the relief requested in paragraph "b" of the Claim for Damages, or to any relief whatsoever.

61.     Merck denies that plaintiffs are entitled to any of the relief requested in paragraph "c" of the Claim for Damages, or to any relief whatsoever.

62.     Merck denies that plaintiffs are entitled to any of the relief requested in paragraph "d" of the Claim for Damages, or to any relief whatsoever.

63.     Merck denies that plaintiffs are entitled to any of the relief requested in paragraph "e" of the Claim for Damages, or to any relief whatsoever.

64.     Merck denies that plaintiffs are entitled to any of the relief requested in paragraph "f" of the Claim for Damages, or to any relief whatsoever.

65.     Merck denies that plaintiffs are entitled to any of the relief requested in paragraph "g" of the Claim for Damages, or to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

For its affirmative and other defenses, Merck alleges as follows:

- 12 -

66.     Plaintiffs' claims may be time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely.

67.     The Complaint fails to state a claim upon which relief can be granted.

68.     Plaintiffs' claims may be barred, in whole or in part, from recovery because she has made statements or taken actions that preclude her from asserting claims or constitute a waiver of their claims.

69.     Plaintiffs' claims may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

70.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

71.     If plaintiffs or decedent sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

72.     To the extent that plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

73.     To the extent that plaintiffs assert claims based upon an alleged failure by Merck to warn decedent directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

- 13 -

74.     If plaintiffs or decedent sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after plaintiffs or decedent knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

75.     If plaintiffs or decedent sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

76.     If plaintiffs or decedent sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by plaintiffs' or decedent's misuse or abuse of Vioxx.

77.     If plaintiffs or decedent sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from decedent's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

78.     To the extent plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

79.     To the extent plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under California law.

- 14 -

80.    Plaintiffs' claims of fraud are barred by reason of plaintiffs' failure to allege the circumstances constituting fraud with particularity as required by Federal Rule of Civil Procedure 9(b).

81.    Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

82.    Plaintiffs' claims are barred in whole or in part by the First Amendment.

83.    Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

84.    There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

85.    This case is more appropriately brought in a different venue.

86.    Venue in this case is improper.

87.    Plaintiffs' claims may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

88.     Plaintiffs' claims may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

89.     Plaintiffs' claims may be barred, in whole or in part, from recovery by release as to their claims.

90.     Plaintiffs' claims may be barred, in whole and in part, by the doctrine of laches.

91.     Plaintiffs' claims are barred, in whole or in part, by her failure to mitigate damages.

92.     To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

93.     Plaintiffs' claims may be barred, in whole or in part, from recovery, due to spoliation of evidence.

94.     Plaintiffs' claims may be barred, in whole or in part, by the governing state laws.

95.     Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

96.     Plaintiffs or decedent have not sustained any injury or damages compensable at law.

97.     Merck reserves its right to dismiss the Complaint and seek further relief for plaintiffs' failure to provide it with due process of law.

98.     To the extent that plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

99.     To the extent that plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

100.    Plaintiffs' demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

101.    Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

102.    Plaintiffs' claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

- 17 -

103.    Plaintiffs' claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts: Products Liability.

104.    Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

105.    To the extent that plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

106.    Plaintiffs' claims for negligence per se are barred on the grounds that such claims are not cognizable against Merck in this action.

107.    Plaintiffs' claims for injunctive relief are barred by the doctrine of primary jurisdiction.

108.    To the extent plaintiff seeks to recover only economic loss in tort, her claims are barred by the economic loss doctrine.

## MERCK'S JURY DEMAND

109.    Pursuant to Rule 38, Federal Rules of Civil Procedure, Merck hereby requests a jury by trial.

WHEREFORE, having fully answered the Complaint, Merck hereby requests the Court to:

A.    Dismiss the Complaint with prejudice, the plaintiff taking nothing thereby;

B.    Award Merck its cost of suit and attorneys' fees, under any applicable statute; and

C.    Grant such other and further relief as this Court deems just and equitable.


                                    Respectfully Submitted,

                                    Phillip A. Wittmann, 13625
                                    Dorothy H. Wimberly, 18509
                                    Carmelite M. Bertaut, 3054
                                    Stone Pigman Walther Wittmann L.L.C.
                                    546 Carondelet Street
                                    New Orleans, Louisana 70130
                                    Phone: 504-581-3200
                                    Fax:   504-581-3361

                                    Defendant's Liaison Counsel

                                    Michael K. Brown
                                    Thomas J. Yoo
                                    Reed Smith LLP
                                    355 South Grand Avenue, Suite 2900
                                    Los Angeles, CA 90071
                                    Phone: 213-457-8000
                                    Fax:   213-457-8080

                                    Counsel for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 11th day of December, 2006.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

826474v.2