UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: VIOXX®** | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCT LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| **This Document relates to:** | * | **JUDGE FALLON** |
| *Jackson v. Merck & Co., Inc.* | * | |
| **(E.D. La. Index No. 06-6264)** | * | **MAG. JUDGE KNOWLES** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

## DEFENDANT MERCK & CO., INC'S ANSWER TO PLAINTIFF'S COMPLAINT AND REQUEST FOR JURY TRIAL

### RESPONSE TO "JURISDICTION & PARTIES"

1.　　The allegations contained in the first sentence of paragraph 1 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be required, Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint.

2.　　Merck admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey 08889.

3.　　Merck admits that it is authorized to do business in the state of California.

4.　　Merck denies each and every allegation contained in paragraph 4 of the Complaint, except admits that it is authorized to do business in the state of California.  Merck further admits that Merck is a leading research-driven pharmaceutical products and services

company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.

5.     The allegations contained in paragraph 5 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck admits that plaintiffs state their claims are in excess of $75,000 exclusive of interest and costs but denies that there is any legal or factual basis for same.

## RESPONSE TO "SUMMARY"

6.     Merck admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the market on September 30, 2004. Merck further admits that Vioxx is the brand name for rofecoxib.

7.     Merck denies each and every allegation contained in paragraph 7 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the market on September 30, 2004 and respectfully refers the Court to the FDA-approved prescribing information for Vioxx's indicated uses.

8.     Merck denies each and every allegation contained in paragraph 8 of the Complaint.

9.     Merck denies each and every allegation contained in paragraph 9 of the Complaint.

- 2 -

10.     Merck denies each and every allegation contained in paragraph 10 of the Complaint.

11.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained paragraph 11 of the Complaint, except that Merck specifically denies that decedent suffered any injury attributable to any conduct, act, or omission of Merck.

12.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained paragraph 12 of the Complaint.

13.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained paragraph 13 of the Complaint.

14.     Merck denies each and every allegation contained in paragraph 14 of the Complaint, except admits that Merck voluntarily withdrew the prescription medicine Vioxx from the worldwide market on September 30, 2004.

15.     Merck denies each and every allegation contained in paragraph 15 of the Complaint.

## RESPONSE TO "FACTS"

16.     Merck denies each and every allegation contained in paragraph 16 of the Complaint except admits that Vioxx is a selective COX-2 inhibitor, that Vioxx is part of a class of drugs known as NSAIDs, and that Vioxx reduces pain and inflammation and that the

- 3 -

mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

17.     Merck denies each and every allegation contained in paragraph 17 of the Complaint except avers that traditional NSAIDs block both the Cox-1 and COX-2 enzymes.

18.     Merck denies each and every allegation contained in paragraph 18 of the Complaint except admits that Vioxx is a selective NSAID and that the inhibition of cyclooxygenase-1 (COX-1) in patients taking traditional non-selective NSAIDs such as naproxen is believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

19.     Merck denies each and every allegation contained in paragraph 19 of the Complaint except admits that Vioxx is a selective NSAID and that the inhibition of cyclooxygenase-1 (COX-1) in patients taking traditional non-selective NSAIDs such as naproxen is believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

20.     Merck denies each and every allegation contained in paragraph 20 of the Complaint.

21.     Merck denies each and every allegation contained in paragraph 21 of the Complaint.

22.     The allegations contained in paragraph 22 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that Vioxx is

- 4 -

a selective NSAID and that the inhibition of cyclooxygenase-1 (COX-1) in patients taking traditional non-selective NSAIDs such as naproxen is believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

23.     The allegations contained in paragraph 23 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph except admits that Vioxx is a selective NSAID and that the inhibition of cyclooxygenase-1 (COX-1) in patients taking traditional non-selective NSAIDs such as naproxen is believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

24.     Merck denies each and every allegation contained in paragraph 24 of the Complaint.

25.     Merck denies each and every allegation contained in paragraph 25 of the Complaint.

26.     Merck denies each and every allegation contained in paragraph 26 of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx and that Vioxx is a selective COX-2 inhibitor, that Vioxx is part of a class of medications known as NSAIDs, that Vioxx reduces pain and inflammation, and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

27.     Merck denies each and every allegation contained in paragraph 27 of the Complaint except admits that in 1992 Merck became aware of research and development work related to selective COX-2 inhibitors. Merck further avers that employees of Merck Frosst

- 5 -

Canada & Co., a company organized under law in Canada, performed research and development work related to Vioxx in Canada.

28.    Merck denies each and every allegation contained in paragraph 28 of the Complaint except admits that in December 1994 Merck submitted an IND Application for Vioxx and respectfully refers the Court to the referenced IND for its actual language and full text.

29.    Merck denies each and every allegation contained in paragraph 29 of the Complaint except admits that Vioxx is a selective COX-2 inhibitor and is referred to internally as MK-966.

30.    Merck denies each and every allegation contained in paragraph 30 of the Complaint.

31.    Merck denies each and every allegation contained in paragraph 31 of the Complaint, except admits the VIGOR study involving Vioxx exists, and respectfully refers the Court to the referenced study for its actual language and full text.

32.    Merck denies each and every allegation contained in paragraph 32 of the Complaint.

32.1.    Merck denies each and every allegation contained in paragraph 32.1 of the Complaint, except admits that Merck scientists have participated in studies involving Vioxx and respectfully refers the Court to such studies for their actual conclusions and full context.

- 6 -

32.2.    Merck denies each and every allegation in paragraph 32.2 of the Complaint except admits that Plaintiffs purports to quote only a portion of the referenced memorandum and avers that the quoted language is taken out of context.

32.3.    Merck denies each and every allegation contained in paragraph 32.3 of the Complaint except admits that Plaintiffs purport to quote the referenced email, but Merck avers that said quote is taken out of context.

32.4.    Merck denies each and every allegation contained in paragraph 32.4 of the Complaint except admits that Plaintiffs purport to quote the referenced email, but Merck avers that said quote is taken out of context.

32.5.    Merck denies each and every allegation contained in paragraph 32.5 of the Complaint except admits that Plaintiffs purport to quote the referenced email, but Merck avers that said quote is taken out of context.

33.    Merck each and every allegation contained in paragraph 33 of the Complaint, except admits the VIGOR study involving Vioxx exists, and respectfully refers the Court to the referenced study for its actual language and full text.

34.    Merck denies each and every allegation contained in paragraph 34 of the Complaint except admits that Plaintiffs purport to quote portions of statements but avers that said statements are taken out of context.

35.    Merck denies each and every allegation contained in paragraph 35 of the Complaint.

36.     Merck denies each and every allegation contained in paragraph 36 of the Complaint.

37.     Merck denies each and every allegation contained in paragraph 37 of the Complaint.

38.     Merck denies each and every allegation contained in paragraph 38 of the Complaint except admits that Merck submitted a New Drug Application for Vioxx on November 23, 1998.

39.     Merck denies each and every allegation contained in paragraph 39 of the Complaint.

40.     Merck denies each and every allegation contained in paragraph 40 of the Complaint except admits that in 1999, when Merck received FDA approval to market the prescription medicine Vioxx, the FDA-approved prescribing information for Vioxx included a gastrointestinal warning. Merck respectfully refers the Court to the relevant prescribing information for its actual language and full text.

41.     Merck denies each and every allegation contained in paragraph 41 of the Complaint, except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

42.     Merck denies each and every allegation contained in paragraph 42 of the Complaint.

- 8 -

43.     Merck denies each and every allegation set forth in paragraph 41 of the Complaint.

44.     Merck denies each and every allegation in paragraph 44 of the Complaint except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text. Merck further admits that Vioxx has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen.

45.     Merck denies each and every allegation contained in paragraph 45 of the Complaint except admits that Plaintiffs purport to quote the referenced email, but Merck avers that said quotes are taken out of context.

46.     Merck denies each and every allegation contained in paragraph 46 of the Complaint except admits that Plaintiff purports to quote certain portions of statements, but avers that any such statements are taken out of context.

47.     Merck denies each and every allegation contained in paragraph 47 of the Complaint except admits that Plaintiffs purport to quote certain portions of statements, but avers that any such statements are taken out of context.

48.     Merck denies each and every allegation contained in the first sentence of paragraph 48 of the Complaint except admits that Merck issued a press release on May 22, 2001 and respectfully refers the Court to the referenced press release for its actual language and full text.

## RESPONSE TO "Merck Developed A Uniform Marketing Strategy To Conceal The Cardiovascular Risk Of Vioxx Risks From Doctors And Consumers"

49.     Merck denies each and every allegation contained in paragraph 49 of the Complaint.

50.     Merck denies each and every allegation set forth in paragraph 50 of the Complaint.

51.     Merck denies each and every allegation contained in paragraph 51 of the Complaint.

52.     Merck denies each and every allegation contained in paragraph 52 of the Complaint.

53.     Merck denies each and every allegation contained in paragraph 53 of the Complaint.

54.     Merck denies each and every allegation contained in paragraph 54 of the Complaint.

55.     Merck denies each and every allegation contained in paragraph 55 of the Complaint and admits that Plaintiffs purport to quote the referenced memorandum but avers that said quotations are taken out of context.

56.     Merck denies each and every allegation contained in paragraph 56 of the Complaint except admits that Plaintiffs purport to quote the referenced document but avers that said quotations are taken out of context.

57.     Merck denies each and every allegation in paragraph 57 of the Complaint, except Merck admits that Merck has issued certain statements regarding Vioxx and respectfully refers the Court to the statement referenced by Plaintiffs for its actual language and full text.

58.     Merck denies each and every allegation contained in paragraph 58 of the Complaint.

59.     Merck denies each and every allegation contained in paragraph 59 of the Complaint except admits that the referenced publication exists and respectfully refers the Court to this publication for its actual language and full text.

60.     Merck denies each and every allegation contained in paragraph 60 of the Complaint.

61.     Merck denies each and every allegation contained in paragraph 61 of the Complaint and respectfully refers the Court to the press release that Plaintiffs purport to quote from for its actual language and full text.

62.     Merck denies each and every allegation set forth in paragraph 62 of the Complaint, except admits that Plaintiffs purport to quote from a report written by a medical officer employed by the FDA and respectfully refers the Court to the referenced document for its actual language and full text.

63. Merck denies each and every allegation contained in paragraph 63 of the Complaint and respectfully refers the Court to the press release that Plaintiffs purport to quote from for its actual language and full text.

64. Merck denies each and every allegation contained in paragraph 64 of the Complaint.

65. Merck denies each and every allegation contained in paragraph 65 of the Complaint and respectfully refers the Court to the press release that Plaintiffs purport to quote from for its actual language and full text.

66. Merck denies each and every allegation contained in paragraph 66 of the Complaint.

67. Merck denies each and every allegation contained in paragraph 67 of the Complaint.

68. Merck denies each and every allegation contained in paragraph 68 of the Complaint and respectfully refers the Court to the press release that Plaintiffs purport to quote from for its actual language and full text.

69. Merck denies each and every allegation contained in paragraph 69 of the Complaint.

70. Merck denies each and every allegation set forth in paragraph 70 of the Complaint except admits that Plaintiffs appear to be quoting a portion of a piece of

correspondence that Merck received from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

71.    Merck denies each and every allegation contained in paragraph 71 of the Complaint.

72.    Merck denies each and every allegation contained in paragraph 72 of the Complaint except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the relevant prescribing information for Vioxx for its actual language and full text. Merck further admits that Plaintiffs purport to quote portions of a Merck press release regarding the changes approved by the FDA and respectfully refers the Court to the referenced press release for its actual language and full context.

## RESPONSE TO "Doubts Arise Over Merck Attacks"

73.    Merck denies each and every allegation contained in paragraph 73 of the Complaint and respectfully refers the Court to the referenced publication for its actual language and full text.

74.    The allegations contained in paragraph 74 of the Complaint are not directed at Merck and therefore no response is required. Should a response be deemed required, Merck denies knowledge and information of allegations directed at others and denies each and every allegation directed at Merck in said paragraph.

75.    Merck denies each and every allegation contained in paragraph 75 of the Complaint.

76. Merck denies each and every allegation contained in paragraph 76 of the Complaint except admits that Merck and the FDA presented the VIGOR data in February 2001 at a public meeting of the Arthritis Advisory Committee and Merck further avers that Vioxx has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen.

77. Merck denies each and every allegation contained in paragraph 77 of the Complaint except Merck admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

78. Merck denies each and every allegation set forth in paragraph 78 of the Complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

79. Merck denies each and every allegation contained in paragraph 79 of the Complaint except admits that Plaintiffs purport to quote the referenced memorandum but avers that said quotations are taken out of context.

80. Merck denies each and every allegation contained in paragraph 80 of the Complaint except admits that Plaintiffs purport to quote the referenced document but avers that said quotations are taken out of context.

81. Merck denies each and every allegation directed at Merck in paragraph 81 of the Complaint. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in said paragraph.

- 14 -

82.     Merck denies each and every allegation contained in paragraph 82 of the Complaint, except admits that some presentations by Dr. Singh were cancelled. Merck further admits that Plaintiffs purport to quote portions of the letter referenced in said paragraph, but Merck avers that such quotes are taken out of context.

83.     Merck denies each and every allegation contained in paragraph 83 of the Complaint, except admits that Plaintiffs purport to quote portions of the letter referenced in said paragraph, but Merck avers that such quotes are taken out of context.

84.     Merck denies each and every allegation contained in the first and second sentences of paragraph 84 of the Complaint except admits that, upon receipt of the letter from Dr. Fries, Merck conducted a prompt investigation, and sent a reply to Dr. Fries on January 23, 2001, underscoring Merck's commitment to free and open scientific debate. Merck further admits that Plaintiff appears to have accurately quoted a portion of the referenced letter but respectfully refers the Court to the referenced letter for its actual language and full text. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the third sentence of paragraph 84 of the Complaint.

85.     Merck denies each and every allegation directed at Merck contained in paragraph 85 of the Complaint. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in said paragraph.

86.     The allegations contained in paragraph 86 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response by deemed required, Merck denies each and every allegation contained in said paragraph.

- 15 -

87.     Merck denies each and every allegation directed at Merck contained in paragraph 87 of the Complaint except admits that the referenced article exists, but respectfully refers the Court to the referenced article for its actual language and full text.

88.     Merck denies each and every allegation set forth in the first three sentences of paragraph 88 of the Complaint except admits the existence of the referenced article and respectfully refers the Court to said article for its actual language and full text.  Merck denies each and every allegation set forth in the fourth sentence of paragraph 88 of the Complaint and avers that the referenced action against Dr. Laporte and the Catalan Institute of Pharmacology was commenced by a Merck subsidiary, MERCK SHARP & DOHME DE ESPA, S.A. (MSD).

89.     Merck denies each and every allegation in paragraph 89 of the Complaint and respectfully refers the Court to the referenced decision for its actual language and full context.

90.     Merck denies each and every allegation in paragraph 90 of the Complaint.

## RESPONSE TO "The Withdrawal of Vioxx"

91.     Merck denies each and every allegation in paragraph 91 of the Complaint except admits that Plaintiff purports to quote portions of a memorandum written by an epidemiologist at the FDA and respectfully refers the Court to the referenced memorandum for its actual language and full text.

92.     Merck denies each and every allegation contained in the first sentence of paragraph 92 of the Complaint and avers that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking

Vioxx compared with those taking placebo. Merck further avers that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interests of patients. Merck denies each and every allegation set forth in the second sentence of paragraph 92 of the Complaint. Merck admits that the study referenced in the third sentence of paragraph 92 of the Complaint exists and respectfully refers the Court to said study for its actual language and full text. Merck admits that plaintiffs purport to quote from the referenced article and journal in the fourth sentence of paragraph 92 of the Complaint and respectfully refers the Court to said article and journal for their actual language and full text. Merck denies each and every allegation contained in the fifth sentence of paragraph 92 of the Complaint.

93. Merck denies each and every allegation contained in paragraph 93 of the Complaint except admits that the referenced article exists and that plaintiffs purport to quote portions of said article, but respectfully refers the Court to the referenced article for its actual language and full text.

94. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 94 of the Complaint.

95. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 95 of the Complaint.

96. Merck denies each and every allegation contained in paragraph 96 of the Complaint.

97. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 97 of the Complaint. Should a response be

deemed required, Merck denies each and every allegation contained in paragraph 97 of the Complaint.

98.     Merck denies each and every allegation contained in paragraph 98 of the Complaint.

99.     Merck denies each and every allegation contained in paragraph 99 of the Complaint.

100.    Merck denies each and every allegation contained in paragraph 100 of the Complaint.

101.    The allegations contained in paragraph 101 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

102.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 102 of the Complaint.

102.1   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 102.1 of the Complaint.

102.2   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 102.2 of the Complaint.

102.3   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 102.3 of the Complaint.

103.    Merck denies each and every allegation contained in paragraph 103 of the
Complaint.

## RESPONSE TO "COUNT I: NEGLIGENCE"

104.    With respect to the allegations contained in paragraph 104 of the Complaint,
Merck repeats and realleges each and every admission, denial, averment and statement in
paragraphs 1 through 103 of this Answer with the same force and effect as though set forth here
in full.

105.    The allegations contained in paragraph 105 of the Complaint are legal
conclusions as to which no responsive pleading is required.  Should a response be deemed
required, Merck denies each and every allegation contained in said paragraph.

106.    Merck denies each and every allegation contained in paragraph 106 of the
Complaint.

106.1.   Merck denies each and every allegation contained in paragraph 106.1 of the
Complaint.

106.2.   Merck denies each and every allegation contained in paragraph 106.2 of the
Complaint.

106.3.   Merck denies each and every allegation contained in paragraph 106.3 of the
Complaint.

106.4. Merck denies each and every allegation contained in paragraph 106.4 of the Complaint.

106.5. Merck denies each and every allegation contained in paragraph 106.5 of the Complaint.

106.6. Merck denies each and every allegation contained in paragraph 106.6 of the Complaint.

107. Merck denies each and every allegation contained in paragraph 107 of the Complaint.

108. Merck denies each and every allegation contained in paragraph 108 of the Complaint, except admits plaintiffs' action seeks damages, costs and attorney's fees but denies there is any legal or factual basis for same.

## RESPONSE TO "COUNT 2: STRICT LIABILITY DEFECTIVE DESIGN"

109. With respect to the allegations contained in paragraph 109 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 108 of this Answer with the same force and effect as though set forth here in full.

110. Merck denies each and every allegation contained in paragraph 110 of the Complaint except admits that Vioxx is the trade name for rofecoxib and that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

- 20 -

111. Merck denies each and every allegation contained in paragraph 111 of the Complaint except admits that Vioxx is the trade name for rofecoxib and that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

112. Merck denies each and every allegation contained in paragraph 112 of the Complaint except admits that Vioxx is the trade name for rofecoxib and that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

113. Merck denies each and every allegation contained in paragraph 113 of the Complaint.

113.1. Merck denies each and every allegation contained in paragraph 113.1 of the Complaint.

113.2. Merck denies each and every allegation contained in paragraph 113.2 of the Complaint.

113.3. Merck denies each and every allegation contained in paragraph 113.3 of the Complaint.

113.4. Merck denies each and every allegation contained in paragraph 113.4 of the Complaint.

114. Merck denies each and every allegation contained in paragraph 114 of the Complaint, except admits plaintiffs' action seeks damages, costs and attorney's fees but denies there is any legal or factual basis for same.

## RESPONSE TO "COUNT 3: STRICT LIABILITY FAILURE TO WARN"

115.    With respect to the allegations contained in paragraph 115 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 114 of this Answer with the same force and effect as though set forth here in full.

116.    Merck denies each and every allegation contained in paragraph 116 of the Complaint.

117.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained paragraph 117 of the Complaint.

118.    Merck denies each and every allegation contained in paragraph 118 of the Complaint.

119.    The allegations contained in paragraph 119 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

120.    Merck denies each and every allegation contained in paragraph 120 of the Complaint.

121.    The allegations contained in paragraph 121 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

122.     Merck denies each and every allegation contained in paragraph 122 of the Complaint, except admits plaintiffs' action seeks damages, costs and attorney's fees but denies there is any legal or factual basis for same.

## RESPONSE TO "COUNT 4: BREACH OF EXPRESS WARRANTY"

123.     With respect to the allegations contained in paragraph 123 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 122 of this Answer with the same force and effect as though set forth here in full.

124.     Merck denies each and every allegation contained in paragraph 124 of the Complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

125.     Merck denies each and every allegation contained in paragraph 125 of the Complaint.

126.     Merck denies each and every allegation contained in paragraph 126 of the Complaint.

127.     Merck denies each and every allegation contained in paragraph 127 of the Complaint.

128.     Merck denies each and every allegation contained in paragraph 128 of the
Complaint, except admits plaintiffs' action seeks damages, costs and attorney's fees but denies
there is any legal or factual basis for same.

## RESPONSE TO "COUNT 5: BREACH OF IMPLIED WARRANTY"

129.     With respect to the allegations contained in paragraph 129 of the Complaint,
Merck repeats and realleges each and every admission, denial, averment and statement in
paragraphs 1 through 128 of this Answer with the same force and effect as though set forth here
in full.

130.     Merck admits that Merck manufactured, marketed and distributed the
prescription medicine Vioxx.

131.     The allegations contained in paragraph 131 of the Complaint are legal
conclusions as to which no responsive pleading is required.  Should a response be deemed
required, Merck denies each and every allegation contained in said paragraph.

132.     Merck denies each and every allegation contained in paragraph 132 of the
Complaint and avers that Merck marketed Vioxx in a manner consistent with the relevant FDA-
approved prescribing information until Merck voluntarily withdrew Vioxx from the worldwide
market on September 30, 2004.

133.     The allegations contained in paragraph 133 of the Complaint are legal
conclusions as to which no responsive pleading is required.  Should a response be deemed
required, Merck denies each and every allegation contained in said paragraph and avers that
Merck marketed Vioxx in a manner consistent with the relevant FDA-approved prescribing

information until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

134.     Merck denies each and every allegation contained in paragraph 134 of the Complaint.

135.     The allegations contained in paragraph 135 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

136.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 136 of the Complaint.

137.     Merck denies each and every allegation contained in paragraph 137 of the Complaint, except admits plaintiffs' action seeks damages, costs and attorney's fees but denies there is any legal or factual basis for same.

## RESPONSE TO "COUNT 6: FRAUDULENT MISPREPRESENTATION"

138.     With respect to the allegations contained in paragraph 138 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 137 of this Answer with the same force and effect as though set forth here in full.

139.     Merck denies each and every allegation contained in paragraph 139 of the Complaint.

140. Merck denies each and every allegation contained in paragraph 140 of the Complaint.

141. Merck denies each and every allegation contained in paragraph 141 of the Complaint.

142. Merck denies each and every allegation contained in paragraph 142 of the Complaint.

143. Merck denies each and every allegation contained in paragraph 143 of the Complaint.

144. Merck denies each and every allegation contained in paragraph 144 of the Complaint.

144.1. Merck denies each and every allegation contained in paragraph 144.1 of the Complaint.

144.2. Merck denies each and every allegation contained in paragraph 144.2 of the Complaint.

144.3. Merck denies each and every allegation contained in paragraph 144.3 of the Complaint.

144.4. Merck denies each and every allegation contained in paragraph 144.4 of the Complaint.

144.5. Merck denies each and every allegation contained in paragraph 144.5 of the Complaint.

144.6. Merck denies each and every allegation contained in paragraph 144.6 of the Complaint.

144.7. The allegations contained in paragraph 144.7 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

145. Merck denies each and every allegation contained in paragraph 145 of the Complaint.

146. The allegations contained in paragraph 146 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

147. Merck denies each and every allegation contained in paragraph 147 of the Complaint.

148. Merck denies each and every allegation contained in paragraph 148 of the Complaint.

149. Merck denies each and every allegation contained in paragraph 149 of the Complaint.

150.     Merck denies each and every allegation contained in paragraph 150 of the Complaint.

151.     Merck denies each and every allegation contained in paragraph 151 of the Complaint, except admits plaintiffs' action seeks damages, costs and attorney's fees but denies there is any legal or factual basis for same.

## RESPONSE TO "COUNT 6: FRAUDULENT CONCEALMENT"

152.     With respect to the allegations contained in paragraph 152 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement in paragraphs 1 through 151 of this Answer with the same force and effect as though set forth here in full.

153.     Merck denies each and every allegation contained in paragraph 153 of the Complaint.

153.1.     Merck denies each and every allegation contained in paragraph 153.1 of the Complaint and avers that Merck marketed Vioxx in a manner consistent with the relevant FDA-approved prescribing information until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

153.2.     Merck denies each and every allegation contained in paragraph 153.2 of the Complaint and avers that Merck marketed Vioxx in a manner consistent with the relevant FDA-approved prescribing information until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

154.    Merck denies each and every allegation contained in paragraph 154 of the
Complaint.

155.    Merck denies each and every allegation contained in paragraph 155 of the
Complaint.

156.    Merck denies each and every allegation contained in paragraph 156 of the
Complaint.

157.    Merck denies each and every allegation contained in paragraph 157 of the
Complaint.

158.    Merck denies each and every allegation contained in paragraph 158 of the
Complaint, except admits plaintiffs' action seeks damages, costs and attorney's fees but denies
there is any legal or factual basis for same.

## RESPONSE TO "PRAYER FOR RELIEF"

159.    Merck denies that plaintiff is entitled to any of the relief requested in paragraph
1 of the Prayer for Relief, or to any relief whatsoever.

160.    Merck denies that plaintiff is entitled to any of the relief requested in paragraph
2 of the Prayer for Relief, or to any relief whatsoever.

161.    Merck denies that plaintiff is entitled to any of the relief requested in paragraph
3 of the Prayer for Relief, or to any relief whatsoever.

162. Merck denies that plaintiff is entitled to any of the relief requested in paragraph 4 of the Prayer for Relief, or to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

For its affirmative and other defenses, Merck alleges as follows:

180. Plaintiffs' claims may be time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely.

181. The Complaint fails to state a claim upon which relief can be granted.

182. Plaintiffs' claims may be barred, in whole or in part, from recovery because she has made statements or taken actions that preclude her from asserting claims or constitute a waiver of their claims.

183. Plaintiffs' claims may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

184. Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

185. If plaintiff or decedent sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

186.     To the extent that plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

187.     To the extent that plaintiff asserts claims based upon an alleged failure by Merck to warn decedent directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

188.     If plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after decedent knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

189.     If plaintiff or decedent sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

190.     If plaintiff or decedent sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by decedent's misuse or abuse of Vioxx.

191.     If plaintiff or decedent sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from decedent's pre-existing and/or unrelated medical, genetic

and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

192.    To the extent plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

193.    To the extent plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under California law.

194.    Plaintiffs' claims of fraud are barred by reason of plaintiffs' failure to allege the circumstances constituting fraud with particularity as required by Federal Rule of Civil Procedure 9(b).

195.    Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

196.    Plaintiffs' claims are barred in whole or in part by the First Amendment.

197.    Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

198.    There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

- 32 -

199.    This case is more appropriately brought in a different venue.

200.    Venue in this case is improper.

201.    Plaintiffs' claims may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

202.    Plaintiffs' claims may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

203.    Plaintiffs' claims may be barred, in whole or in part, from recovery by release as to their claims.

204.    Plaintiffs' claims may be barred, in whole and in part, by the doctrine of laches.

205.    Plaintiffs' claims are barred, in whole or in part, by her failure to mitigate damages.

206.    To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

207.    Plaintiffs' claims may be barred, in whole or in part, from recovery, due to spoliation of evidence.

208.     Plaintiffs' claims may be barred, in whole or in part, by the governing state laws.

209.     Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

210.     Plaintiffs or decedent have not sustained any injury or damages compensable at law.

211.     Merck reserves its right to dismiss the Complaint and seek further relief for plaintiffs' failure to provide it with due process of law.

212.     To the extent that plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

213.     To the extent that plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

214.     Plaintiffs' demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

215.     Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

216.    Plaintiffs' claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

217.    Plaintiffs' claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts: Products Liability.

218.    Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

219.    To the extent that plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

220.    Plaintiffs' claims for negligence per se are barred on the grounds that such claims are not cognizable against Merck in this action.

221.    Plaintiffs' claims for injunctive relief are barred by the doctrine of primary jurisdiction.

163.    To the extent plaintiff seeks to recover only economic loss in tort, her claims are barred by the economic loss doctrine.

## MERCK'S JURY DEMAND

164.    Pursuant to Rule 38, Federal Rules of Civil Procedure, Merck hereby requests a jury by trial.

WHEREFORE, having fully answered the Complaint, Merck hereby requests the Court to:

A.    Dismiss the Complaint with prejudice, the plaintiff taking nothing thereby;

B.    Award Merck its cost of suit and attorneys' fees, under any applicable statute; and

C.    Grant such other and further relief as this Court deems just and equitable.

Respectfully Submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisana  70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendant's Liaison Counsel

Michael K. Brown
Thomas J. Yoo
Reed Smith LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Phone: 213-457-8000
Fax:    213-457-8080

Counsel for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer has been served on Liaison

Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-

mail and upon all parties by electronically uploading the same to LexisNexis File & Serve

Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically

filed with the Clerk of Court of the United States District Court for the Eastern District of

Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord

with the procedures established in MDL 1657, on this 11th day of December, 2006.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel