UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | § | MDL Docket No. 1657 |
| | § | |
| PRODUCTS LIABILITY LITIGATION | § | SECTION L |
| | § | |
| This document relates to: Patrick Woodridge v. Merck & Co., Inc. | § § | JURY DEMAND |
| | § | |
| No. 2:06-cv-10082-EEF-DER | § | |

## MERCK & CO., INC.'S ORIGINAL ANSWER

Merck & Co., Inc. ("Merck") files this answer to Plaintiff's Original Complaint (the "Complaint") as follows:

### I. RESPONSE TO "INTRODUCTION AND PARTIES"

1. Merck denies each and every allegation contained in paragraph 1 of the Complaint, except admits that plaintiff purports to bring a civil action but denies that there is any legal or factual basis for same. Merck further admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx® and that Vioxx is the trade name for rofecoxib.

2. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint. Should a response be deemed required, Merck denies each and every allegation is said paragraph.

3. Merck denies each and every allegation contained in the first two sentences of paragraph 3 of the Complaint except admits that it is a New Jersey corporation and a foreign corporation licensed to do business in Arkansas. With respect to the allegations in the third sentence of Paragraph 3 of the Complaint, Merck admits that a multidistrict litigation proceeding entitled In re Vioxx Products Liability Litigation, MDL No. 1657, has been established in the Eastern District of Louisiana, New Orleans Division, and that the subject matter of that litigation

is similar to the subject matter set forth in this Complaint. Merck admits the allegations made in the fourth sentence of paragraph 3 of the Complaint. Merck denies each and every allegation contained in the fifth sentence of paragraph 3 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

4. Merck denies each and every allegation contained in the paragraph 4 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

## II.  RESPONSE TO "JURISDICION"

5. The allegations contained in paragraph 5 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except admits that Plaintiff purports to state a claim in excess of $75,000, but denies that there is any legal or factual basis for said relief.

## III.  RESPONSE TO "CONDITIONS PRECEDENT"

6. The allegations contained in paragraph 6 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

## IV.  RESPONSE TO "FACTUAL BACKGROUND"

7. Merck denies each and every allegation contained in the first two sentences of paragraph 7 of the Complaint except admits that Vioxx is part of a class of drugs known as NSAIDs and that Merck manufactured, marketed, and distributed the prescription medicine Vioxx which reduces pain and inflammation and that the mechanism of action is believed to be

due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2). Merck denies each and every allegation contained in the third and fourth sentences of paragraph 7 except admits that in 1999 Merck received FDA approval to market the prescription medicine Vioxx and that the prescription medicine Vioxx reduces pain and inflammation. Merck further avers that in 1999 the FDA approved Vioxx as safe and effective for certain indicated uses in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and in 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the relevant prescribing information for Vioxx for its indicated uses and full text.

8.   Merck denies each and every allegation contained in the first three sentences of paragraph 8 of the Complaint except admits that Merck sought and, in 1999, received FDA approval to manufacture and market the prescription medicine Vioxx as safe and effective for certain indicated uses in a manner consistent with the relevant FDA-approved prescribing information. Merck respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its indicated uses and full text. Merck further admits that Vioxx is the trade name for rofecoxib and that Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck denies each and every allegation contained in the fourth and fifth sentences of paragraph 8 of the Complaint, except admits that Vioxx, like all prescription drug medications, has had certain reported adverse events associated with its use, which were described in the relevant FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for Vioxx for its actual language and full text.

9.      Merck denies each and every allegation contained in the first and second sentences of paragraph 9 of the Complaint except admits that the referenced letter exists, and respectfully refers the Court to said letter for its actual language and full text. Merck denies each and every allegation contained in the third sentence of said paragraph, except admits that the referenced study exists and was published in 2000, and respectfully refers to the Court to said study for its actual language and full text. Merck denies each and every allegation contained in the fourth sentence of said paragraph, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses in a manner consistent with the information contained in the relevant FDA-approved prescribing information and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its indicated uses and full text. Merck further admits that Merck employed professional representatives to have product discussions concerning Vioxx with health care professionals.

10.     Merck denies each and every allegation contained in the first sentence of paragraph 10 of the Complaint.  Merck denies each and every allegation directed at Merck in the second sentence of paragraph 10 of the Complaint. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in said sentence, which are therefore denied.  The allegations contained in the third sentence of paragraph 10 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said sentence.

11.     The allegations contained in paragraph 11 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

## V.  RESPONSE TO "ALLEGATIONS"

12.     The allegations contained in the first sentence of paragraph 11 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said sentence. Merck denies each and every allegation contained in the second sentence of paragraph 12 of the Complaint.

13.     Merck denies each and every allegation contained in paragraph 13 of the Complaint.

14.     Merck denies each and every allegation contained in paragraph 14 of the Complaint.

15.     Merck denies each and every allegation contained in paragraph 15 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

16.     Merck denies each and every allegation contained in paragraph 16 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

17.     Merck denies each and every allegation contained in paragraph 17 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription

medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## VI.  RESPONSE TO "STRICT PRODUCTS LIABILITY"

18. With respect to the allegations contained in paragraph 18 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

19. Merck denies each and every allegation contained in paragraph 19 of the Complaint.

20. Merck denies each and every allegation contained in paragraph 20 of the Complaint.

21. Merck denies each and every allegation contained in paragraph 21 of the Complaint.

## VII.  RESPONSE TO "DESIGN AND MARKETING DEFECT"

22. With respect to the allegations contained in paragraph 22 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

23. Merck denies each and every allegation directed at Merck in paragraph 23 of the Complaint. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in said paragraph, which are therefore denied.

24. Merck denies each and every allegation contained in paragraph 24 of the Complaint.

25. Merck denies each and every allegation contained in paragraph 25 of the Complaint.

26. Merck denies each and every allegation contained in paragraph 26 of the Complaint.

## VIII. RESPONSE TO "INADEQUATE AND IMPROPER WARNINGS"

27. With respect to the allegations contained in paragraph 27 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

28. Merck denies each and every allegation contained in the first five sentences of paragraph 28 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx. The allegations contained in the sixth sentence of paragraph 28 of the Complaint are legal conclusions to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation set forth in that paragraph, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules. Merck respectfully refers the Court to the relevant FDA-approved prescribing information for its actual language and full text.

29. Merck denies each and every allegation contained in paragraph 29 of the Complaint.

## IX. RESPONSE TO "FRAUD"

30. With respect to the allegations contained in paragraph 30 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

31.     Merck denies each and every allegation contained in paragraph 31 of the Complaint.

## X.  RESPONSE TO "NEGLIGENCE"

32.     With respect to the allegations contained in paragraph 32 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

33.     Merck denies each and every allegation contained in the first, third, and fourth sentences of paragraph 33 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.  The allegations contained in the second sentence of paragraph 33 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said sentence.

34.     Merck denies each and every allegation contained in paragraph 34 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

35.     Merck denies each and every allegation contained in the first and third sentences of paragraph 35 of the Complaint.  The allegations contained in the second sentence of paragraph 35 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said sentence.

## XI.   RESPONSE TO "NEGLIGENT MISREPRESENTATION"

36. With respect to the allegations contained in paragraph 36 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

37. Merck denies each and every allegation contained in paragraph 37 of the Complaint.

38. With respect to the allegations contained in paragraph 38, including subparagraphs a-e, of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.  Merck further denies each and every allegation contained in paragraph 38 of the Complaint, including subparagraphs a-e.

## XII.   RESPONSE TO "EXPRESSED WARRANTY FOR GOODS"

39. With respect to the allegations contained in paragraph 39 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

40. Merck denies each and every allegation contained in the first, second, third and fifth sentences of paragraph 40 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.  The allegations contained in the fourth sentence of paragraph 40 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said sentence.

### XIII. RESPONSE TO "IMPLIED WARRANTY—WARRANTY OF MERCHANTABILITY"

41. With respect to the allegations contained in paragraph 41 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

42. The allegations contained in the first sentence of paragraph 42 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said sentence. Merck Denies each and every allegation contained in the remaining sentences of paragraph 42 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

### XIV. RESPONSE TO "WARRANTY OF FITNESS"

43. With respect to the allegations contained in paragraph 43 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

44. The allegations contained in the first sentence of paragraph 44 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said sentence. Merck Denies each and every allegation contained in the remaining sentences of paragraph 44 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

### XV. RESPONSE TO "DAMAGES"

45. Paragraph 45 of the Complaint is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every

allegation in paragraph 45, except admits that Plaintiff purports to demand judgment and certain forms of relief, but denies there is any legal or factual basis for awarding same.

## XVI.   RESPONSE TO "PUNITIVE DAMAGES"

46.   Merck Denies each and every allegation contained in paragraph 46 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.  Merck further admits that Plaintiff purports to demand judgment and certain forms of relief, but denies there is any legal or factual basis for awarding same.

## XVII.   RESPONSE TO "JURY DEMAND"

47.   Merck admits that plaintiff purports to request a trial by jury.

## XVIII.   RESPONSE TO "PRAYER"

48.   The unnumbered paragraph entitled "XV. PRAYER", including subparagraphs 1-8, of the Complaint does not contain allegations and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in said paragraph, including subparagraphs 1-8, except admits that Plaintiff purports to demand judgment and certain forms of relief, but denies there is any legal or factual basis for awarding same.

## DEFENSES AND AFFIRMATIVE DEFENSES

## AS FOR A FIRST DEFENSE, MERCK ALLEGES:

1.   The claims of Plaintiff may be time-barred, in whole or in part, under applicable statute of limitations, statutes of repose, or otherwise untimely.

## AS FOR A SECOND DEFENSE, MERCK ALLEGES:

2.   The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A THIRD DEFENSE, MERCK ALLEGES:

3. The claims of the Plaintiff may be barred, in whole or in part, from recovery because he has made statements or taken actions that preclude him from asserting claims or constitute a waiver of his claims.

### AS FOR A FOURTH DEFENSE, MERCK ALLEGES:

4. The claims of the Plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

### AS FOR A FIFTH DEFENSE, MERCK ALLEGES:

5. Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### AS FOR A SIXTH DEFENSE, MERCK ALLEGES:

6. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

### AS FOR A SEVENTH DEFENSE, MERCK ALLEGES:

7. To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### AS FOR AN EIGHTH DEFENSE, MERCK ALLEGES:

8. To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

### AS FOR A NINTH DEFENSE, MERCK ALLEGES:

9. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### AS FOR A TENTH DEFENSE, MERCK ALLEGES:

10. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### AS FOR AN ELEVENTH DEFENSE, MERCK ALLEGES:

11. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

### AS FOR A TWELFTH DEFENSE, MERCK ALLEGES:

12. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

### AS FOR A THIRTEENTH DEFENSE, MERCK ALLEGES:

13. To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

### AS FOR A FOURTEENTH DEFENSE, MERCK ALLEGES:

14. To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Arkansas law.

### AS FOR A FIFTEENTH DEFENSE, MERCK ALLEGES:

15. Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Arkansas Rule of Civil Procedure 9(b).

### AS FOR A SIXTEENTH DEFENSE, MERCK ALLEGES:

16. Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A SEVENTEENTH DEFENSE, MERCK ALLEGES:

17. Plaintiff's claims are barred in whole or in part by the First Amendment.

### AS FOR AN EIGHTEENTH DEFENSE, MERCK ALLEGES:

18. Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

**AS FOR A NINETEENTH DEFENSE, MERCK ALLEGES:**

19.    There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

**AS FOR A TWENTIETH DEFENSE, MERCK ALLEGES:**

20.    This case is more appropriately brought in a different venue.

**AS FOR A TWENTY-FIRST DEFENSE, MERCK ALLEGES:**

21.    Venue in this case is improper.

**AS FOR A TWENTY-SECOND DEFENSE, MERCK ALLEGES:**

22.    The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, he has brought actions and has received judgments on parts of some or all claims asserted herein.

**AS FOR A TWENTY-THIRD DEFENSE, MERCK ALLEGES:**

23.    The claims of Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

**AS FOR A TWENTY-FOURTH DEFENSE, MERCK ALLEGES:**

24.    The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to his claims.

**AS FOR A TWENTY-FIFTH DEFENSE, MERCK ALLEGES:**

25.    The claims of Plaintiff may be barred, in whole and in part, by the doctrine of laches.

**AS FOR A TWENTY-SIXTH DEFENSE, MERCK ALLEGES:**

26. The claims of the Plaintiff are barred, in whole or in part, by his failure to mitigate damages.

**AS FOR A TWENTY-SEVENTH DEFENSE, MERCK ALLEGES:**

27. To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

**AS FOR A TWENTY-EIGHTH DEFENSE, MERCK ALLEGES:**

28. The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

**AS FOR A TWENTY-NINTH DEFENSE, MERCK ALLEGES:**

29. The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

**AS FOR A THIRTIETH DEFENSE, MERCK ALLEGES:**

30. Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

**AS FOR A THIRTY-FIRST DEFENSE, MERCK ALLEGES:**

31. Plaintiff has not sustained any injury or damages compensable at law.

**AS FOR A THIRTY-SECOND DEFENSE, MERCK ALLEGES:**

32. Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiffs' failure to provide it with due process of law.

### AS FOR A THIRTY-THIRD DEFENSE, MERCK ALLEGES:

33.     To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### AS FOR A THIRTY-FOURTH DEFENSE, MERCK ALLEGES:

34.     To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

### AS FOR A THIRTY-FIFTH DEFENSE, MERCK ALLEGES:

35.     Plaintiff's demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. §301.

### AS FOR A THIRTY-SIXTH DEFENSE, MERCK ALLEGES:

36.     Merck pleads all defenses available to it where applicable under the Arkansas Products Liability Act of 1979.

### AS FOR A THIRTY-SEVENTH DEFENSE, MERCK ALLEGES:

37.     Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts).

### AS FOR A THIRTY-EIGHTH DEFENSE, MERCK ALLEGES:

38.     Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

**AS FOR A THIRTY-NINTH DEFENSE, MERCK ALLEGES:**

39.   Plaintiff's claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

**AS FOR A FORTIETH DEFENSE, MERCK ALLEGES:**

40.   Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

**AS FOR A FORTY-FIRST DEFENSE, MERCK ALLEGES:**

41.   To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

**AS FOR A FORTY-SECOND DEFENSE, MERCK ALLEGES:**

42.   Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

**AS FOR A FORTY-THIRD DEFENSE, MERCK ALLEGES:**

43.   Merck incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action. Merck will rely on all defenses that may become available during discovery or trial.

**AS FOR A FORTY-FOURTH DEFENSE, MERCK ALLEGES:**

44. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured plaintiff.

**AS FOR A FORTY-FIFTH DEFENSE, MERCK ALLEGES:**

45. Any liability that might otherwise be imposed upon Merck is subject to reduction by the application of the doctrine of comparative negligence

**JURY DEMAND**

Merck hereby demands trial by jury on all issues.

                              Respectfully submitted,

                              By: /s/ Jennifer Haltom Doan
                              Jennifer Haltom Doan
                              Arkansas Bar No. 96063
                              Kristie A. Wright
                              Arkansas Bar No. 2005012
                              HALTOM & DOAN
                              6500 N. Summerhill Road, Suite 1A
                              P. O. Box 6227
                              Texarkana, TX 75503
                              903-255-1000
                              903-255-0800 (FAX)
                              jdoan@haltomdoan.com
                              kwright@haltomdoan.com

                              Dorothy H. Wimberly
                              Phillip Wittmann
                              STONE PIGMAN
                              WALTHER WITTMANN L.L.C.
                              546 Carondelet Street
                              New Orleans, Louisiana  70130
                              Phone:  504-581-3200
                              Fax:     504-581-3361

                              ATTORNEYS FOR MERCK & CO., INC.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 12th day of December, 2006.

*/s/ Dorothy H. Wimberly*