IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF LOUISIANA

In re: VIOXX

PRODUCTS LIABILITY LITIGATION

This document relates to
Case No. 2:05-CV-04379

ROBERT G. SMITH,

Plaintiff,

v.

MERCK & CO., INC.,

Defendant.

MDL DOCKET NO. 1657

SECTION L

JUDGE FALLON

MAGISTRATE JUDGE KNOWLES

MERCK & CO., INC.'S OBJECTIONS TO
PLAINTIFF'S PRE-ADMISSIBLE
EXHIBIT LIST

TO:   Drew Ranier
      Ranier Gayle & Elliot L.L.C.
      1419 Ryan Street
      P.O. Box 1890
      Lake Charles, LA  70602-1890

      Grant Kaiser
      The Kaiser Firm LLP
      8441 Gulf Freeway
      Houston, TX  77017-5051

      Russ Herman
      Herman, Herman, Katz & Cotlar
      Place St. Charles
      201 St. Charles Avenue, Office 4310
      New Orleans, LA  70170

Defendant Merck & Co., Inc. ("Merck") hereby serves its Objections to Plaintiff's First

Amended Pre-Admissible Exhibit List (attached as Exhibit A).



On August 22, 2006, Plaintiff provided Merck with a Pre-Admissible Exhibit List,
accompanied by electronic images of the corresponding documents. On August 24, 2006, Plaintiff
filed on Lexis File & Serve a First Amended Pre-Admissible Exhibit List, which added 119 exhibits
to the previously provided Pre-Admissible Exhibit List. However, Plaintiff did not provide Merck
with electronic images of those additional exhibits. Therefore, Merck is unable to object to those
additional exhibits at this time, and hereby reserves the right to file objections to those and any other
exhibits not appearing on Plaintiff's original Pre-Admissible Exhibit List at a later date, after
Plaintiff has provided electronic images.

Merck also reserves the right to add additional objections, withdraw any objections, and
supplement any objections based on the Court's rulings on motions in *limine*. Merck further
reserves all rights to object to the use of any of the documents on Plaintiff's First Amended Pre-
Admissible Exhibit List (including exhibits Merck did not object to) with a specific witness.

Exhibit A reflects Merck's objections for purposes of the *Smith* trial only. Merck
includes for the Court's convenience the rulings, if any, on Merck's objections made to
Plaintiff's Pre-Admissible Exhibit List in the *Barnett* trial. However, these rulings should not
necessarily guide the Court's rulings in the *Smith* trial because unlike Mr. Barnett, Mr. Smith
used Vioxx only after the April 2002 label change.

Dated: August 28, 2006

Respectfully submitted,

By: /s/ Dorothy H. Wimberly
Phillip A. Whitmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Philip S. Beck
Andrew L. Goldman
Hamilton H. Hill
Carrie A. Jablonski
BARTLIT BECK HERMAN PALENCHAR &
SCOTT LLP
54 W. Hubbard Street, Suite 300
Chicago, IL 60610
Phone: 312-494-4400
Fax:    312-494-4440

And

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone: (202) 434-5000
Fax: (202) 434-5029

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing **Merck & Co., Inc.'s Objections to Plaintiff's Pre-Admissible Exhibit List** has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 28th day of August, 2006.

_/s/ Dorothy H. Wimberly_

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

Merck includes for the Court's convenience the rulings, if any, on Merck's objections made to Plaintiff's Pre-Admissible Exhibit List in the *Barnett* trial.
However, these rulings should not necessarily guide the Court's rulings in the *Smith* trial because unlike Mr. Barnett, Mr. Smith used Vioxx only after the April 2002 label change.

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 1.0001 | MRK-ACT0018064 | MRK-ACT0018064 | 02/08/2001 | Email from Harry A. Guess to Douglas J. Watson Re: Advisory Committee Meeting | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Smith's prescriber. Takes statement out of context and confuses jury. Any probative value is substantially outweighed by prejudicial effect. | Admissible. 401 re: what Merck did and why. Relevance to admissibility outweighs 403. |
| 1.0002 | MRK-ABW0004799 | MRK-ABW0004799 | 10/18/2001 | Email from Edward Scolnick to David Anstice Re: Reactions to Revised Label | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Smith's prescriber. Any probative value is substantially outweighed by prejudicial effect. | Admissible. 401 to show what known and when. |
| 1.0003 | MRK-ACR0014514 | MRK-ACR0014514 | 04/08/2001 | Email from Scolnick to Greene in re Approvable letter | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Smith's prescriber. Any probative value is substantially outweighed by prejudicial effect. | |
| 1.0004 | MRK-NJ0315892 | MRK-NJ0315894 | 02/26/1997 | "Email from Brian F. Daniels to Thomas Simon, et al. Re: GI Outcomes Trial Protocol" | None | Admissible. |
| 1.0005 | MRK-ABX0016509 | MRK-ABX0016510 | 11/26/2001 | Email from D. Anstice FW: Three Items | None | |
| 1.0006 | MRK-ABA0003277 | MRK-ABA0003284 | 09/17/2001 | Warning letter from Thomas Abrams to Raymond Gilmartin | 401, 402, 403, 801, 802. All events at issue pre-dated Smith's use of Vioxx. There is no evidence that Smith's prescriber was exposed to any of these materials. Smith's prescriber testified in deposition that Warning Letter would not have changed his prescribing decision. Any probative value is substantially outweighed by prejudicial effect. The letter also contains hearsay statements by non-Merck individuals. | Admissible. 401 goes to what and when known and relevant to pre- and post-warning letter actions of Merck. |
| 1.0007 | MRK-AAR0019773 | MRK-AAR0019786 | | Vioxx Dodgeball | Incomplete, 401, 402, 403. Any probative value is substantially outweighed by prejudicial effect. Also irrelevant because the prescribing physician testified that no Merck sales rep avoided any of his questions. The exhibit is also incomplete because it does not include the rules of the training exercise. | Admissible. 401 to show state of mind and explain or prove actions. |

Page 1

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 1.0008 | MRK-AAR0019055 | MRK-AAR0019060 | | CV Card | 401, 402, 403. This is irrelevant because there is no evidence Smith's prescriber or anyone else in this case ever saw the CV Card. Any probative value is substantially outweighed by prejudicial effect. Even if Smith's prescriber had seen the CV Card, use of the CV Card by Merck sales reps was discontinued upon approval of the April 2002 label, and the information in the CV Card was superceded by the information in that label, which Smith's prescriber relied upon prior to prescribing Vioxx to Smith. | Admissible. |
| 1.0009 | MRK-AAO0000073 | MRK-AAO0000118 | 09/01/2000 | 2001 Profit Plan for Vioxx | 401, 402, 403. Sales data are irrelevant and unfairly prejudicial, especially in compensatory phase. Also inadmissible under Kentucky law. | Admissible. But as in other documents this is not self-explanatory so must be used with witness who knows something about it or on cross. Note: There are some 403 problems here, but they are out-weighed by significance of proving, rebutting, questioning, supporting, etc. Merck's economic interest as explanation for actions. |
| 1.0010 | MRK-ABH0014114 | MRK-ABH0014118 | 06/01/1998 | Email from Edward Scolnick to Errol McKinney Re: Celebrex submission within 2 months - Schroders | 401, 402, 403, 801, 802. Stock analyst report is hearsay. Financial forecasts are irrelevant and unfairly prejudicial, especially in compensatory phase. Also inadmissible under Kentucky law. | Admissible. |
| 1.0011 | MRK-ABS0194661 | MRK-ABS0194664 | 10/20/1998 | Email from Scolnick: Research Notes "MRK: Poor Composition to QP3 EPS; Downgrade to Neutral | 401, 402, 403, 801, 802. Stock analyst report is hearsay. Financial forecasts are irrelevant and unfairly prejudicial, especially in compensatory phase. Also inadmissible under Kentucky law. | |
| 1.0012 | MRK-ABK0302077 | MRK-ABK0302077 | 04/03/2000 | Email from Patrono to Laurenzi– preliminary VIGOR data | Incomplete, 801, 802. The email is inadmissible hearsay. The exhibit is also incomplete because it contains only the first page of a multiple page email. | |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 1.0013 | MRK-AFI0201416 | MRK-AFI0201442 | 07/23/1999 | List of physicians to neutralize | 401, 402, 403, 801, 802. No evidence any of the physicians mentioned ever had any contact with anyone in this case. Any probative value is substantially outweighed by prejudicial effect. Document contains hearsay statements. | Admissible. |
| 1.0014 | MRK-AFK0190650 | MRK-AFK0190650 | 02/01/2005 | J. Ng email re: Preliminary VICTOR CV counts | Incomplete, 401, 402, 403. Document provides preliminary data now superceded by final data. The jurors should not be confused with preliminary data when more complete data is available. Any probative value is substantially outweighed by prejudicial effect. Document is incomplete. | |
| 1.0015 | MRK-AFK0190651 | MRK-AFK0190651 | 02/01/2005 | VICTOR KM Plot of Time to Confirmed Thrombolic CV events for Protocol 145 | Incomplete, 401, 402, 403. Document provides preliminary data now superceded by final data. The jurors should not be confused with preliminary data when more complete data is available. Any probative value is substantially outweighed by prejudicial effect. Document is incomplete. | |
| 1.0016 | MRK-AFK0190652 | MRK-AFK0190652 | 02/01/2005 | VICTOR KM Plot of Time to APTC SAEs for Protocol 145 | Incomplete, 401, 402, 403. Document provides preliminary data now superceded by final data. The jurors should not be confused with preliminary data when more complete data is available. Any probative value is substantially outweighed by prejudicial effect. Document is incomplete. | |
| 1.0017 | MRK-NJ0070364 | MRK-NJ0070416 | 10/18/2000 | Vioxx Preliminary Cardiovascular Meta-Analysis Slide Set by Deborah Shapiro | None | Admissible. |
| 1.0019 | MRK-NJ0152620 | MRK-NJ0152623 | 10/27/1997 | Letter from John Oates to Alan Nies Re: Effect of Vioxx on Prostacyclin Biosynthesis | None | Admissible. |
| 1.0020 | MRK-NJ0000862 | MRK-NJ0000869 | 09/12/1996 | Memo from Terri Randall to Vioxx Project Team Members Re: Project team minutes of 9-4-96 | None | Admissible. |

Page 3

Smith v. Merck

Ex. A to Merck's Objections to Plaintiffs First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 1.0021 | MRK-01420099060 | MRK-01420099061 | 04/11/2001 | FDA-MRL Meeting NDA 21-042/S-007: VIGOR Re: Protocol 069 Minutes | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Smith's prescriber. Any probative value is substantially outweighed by prejudicial effect. | |
| 1.0022 | MRK-01420101964 | MRK-01420101967 | 04/17/2001 | "April 17, 2001 ""approvable"" letter from Jonca Bull of the FDA to R. Silverman" | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Smith's prescriber. Any probative value is substantially outweighed by prejudicial effect. | |
| 1.0029 | MRK-AAB0108912 | MRK-AAB0108931 | | Analyses of Unadjudicated and Adjudicated Tehmoembololic Advers Experiences | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. | |
| 1.0033 | MRK-AAD0329040 | MRK-AAD0329043 | 07/31/2003 | Standby Statement: Trials Of Vioxx (rofecoxib) in Alzheimer's disease | None | |
| 1.0042 | MRK-AAI0000124 | MRK-AAI0000124 | 12/31/1999 | Merck 1999 Annual Report - "Vioxx: Our biggest, fastest, and best launch ever" | None | |
| 1.0060 | MRK-AAR0073258 | MRK-AAR0073258 | | VIDEtte Power 2501 | 401, 402, 403. Irrelevant because there is no evidence Smith's prescriber or anyone else in this case ever saw this video. Any probative value is substantially outweighed by prejudicial effect. | |
| 1.0061 | MRK-AAR0007240 | MRK-AAR0007248 | 05/23/2001 | Bulletin for Vioxx Action Required: Response to New York Times Article | None | Admissible. |
| 1.0062 | MRK-AAR0007383 | MRK-AAR0007384 | 04/28/2000 | Bulletin for Vioxx: New Resource: Cardiovascular Card | 401, 402, 403. Irrelevant because there is no evidence that Smith's prescriber or anyone else in this case ever saw this document or the CV card. This is also a draft CV card that was never shown to any doctors, much less any doctor in this case. Any probative value is substantially outweighed by the danger of unfair prejudice. Even if Smith's prescriber had seen the CV Card, use of the CV Card by Merck sales reps was discontinued upon approval of the April 2002 label, and the information in the CV Card was superceded by the information in that label, which Smith's prescriber relied upon prior to prescribing Vioxx to Smith. | |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiffs First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 1.0063 | MRK-AAR0007570 | MRK-AAR0007699 | 01/01/2000 | Memo from Market Integration Team for Vioxx Re: Top Ten Obstacle Handles and Obstacle Response Guide Vioxx | 401, 402, 403. Irrelevant because there is no evidence that any case-specific sales reps saw or used these. Any probative value is substantially outweighed by prejudicial effect. | |
| 1.0064 | MRK-AAR0010111 | MRK-AAR0010126 | | Obstacle Jeopardy | 401, 402, 403. Any probative value is substantially outweighed by prejudicial effect. Irrelevant because there is no evidence that anyone in this case ever saw this document. Also irrelevant because the prescribing physician testified that no Merck sales rep avoided any of his questions. | Admissible. |
| 1.0068 | MRK-AAR0021103 | MRK-AAR0021108 | 08/21/2001 | "Bulletin for Vioxx: Action Required: Response to JAMA, '"Risk of Cardiovascular Events Associated with Selective COX-2 Inhibitors'"" | None | Admissible. |
| 1.0069 | MRK-AAR0021110 | MRK-AAR0021110 | 08/30/2001 | Letter from Lewis Sherwood to Healthcare Provider | None | Admissible. |
| 1.0074 | MRK-AAX0000597 | MRK-AAX0000600 | 08/21/2001 | "Merck News Release '"Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx'"" | None | |
| 1.0076 | MRK-AAX0000696 | MRK-AAX0000705 | | "Deaths in MK-0966 Studies 078, 091, 125" | Incomplete, 401, 402, 403. Incomplete document. Irrelevant because document concerns mortality and all-cause mortality, neither of which are at issue in this case. Any probative value is substantially outweighed by prejudicial effect. | |
| 1.0077 | MRK-AAX0000710 | MRK-AAX0000724 | 04/08/2001 | Memo from J. Chen to R. Bain re: MK-0966 protocol 078 prevention trial / summary of the interim mortality analyses | 401, 402, 403. Irrelevant because document concerns mortality and all-cause mortality, neither of which are at issue in this case. Any probative value is substantially outweighed by prejudicial effect. | |
| 1.0078 | MRK-AAX0000725 | MRK-AAX0000751 | 04/04/2001 | "Memo from J. Chen to R. Bain re: MK-0966 protocol 091 first AD treatment trial / summary of the mortality analysis" | 401, 402, 403. Irrelevant because document concerns mortality and all-cause mortality, neither of which are at issue in this case. Any probative value is substantially outweighed by prejudicial effect. | |

Page 5

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 1.0079 | MRK-AAX0000792 | MRK-AAX0000776 | 04/08/2001 | Memo from Joshua Chen to Raymond Bain RE: Combined Mortality Analysis Protocol 091 + Protocol 078 | 401, 402, 403. Irrelevant because document concerns mortality and all-cause mortality, neither of which are at issue in this case. Any probative value is substantially outweighed by prejudicial effect. | Admissible. |
| 1.0082 | MRK-AAX0002413 | MRK-AAX0002420 | 11/21/1996 | "Memo from Thomas Musliner to B. Friedman, A. Niles and R. Spector; Subject: Anticipated consequences of NSAID Antiplatlet effects of cardiovascular events and effects of excluding low-dose aspirin use in the Cox-2 GI Outcomes Megatrial" | None | |
| 1.0084 | MRK-AAX0002759 | MRK-AAX0002759 | 12/20/1999 | Letters between Michael Weinblatt & Alise Reicin Re: VIGOR Trial | None | Admissible. |
| 1.0085 | MRK-AAX0002760 | MRK-AAX0002760 | 01/24/2000 | Letter to Alise Reicin from Michael Weinblatt Re: Merck Management's Position on Serious Thrombotic and Embolic Cardiovascular Adverse Events | 801, 802. This is hearsay -- out of court statement by non-Merck witness offered for its truth. | |
| 1.0086 | MRK-AAX0002761 | MRK-0002766 | 02/07/2000 | "Letter from Alise Reicin to Michael Weinblatt, MD re: Merck's for analyzing Adverse experiences in VIGOR" | None | |
| 1.0087 | MRK-AAX0002768 | MRK-AAX0002850 | 03/02/2000 | "Statistical Data Analysis Plan Amendment No. 1 for VIGOR by Deborah Shapiro, et al." | None | |
| 1.0088 | MRK-AAX0002894 | MRK-AAX0002895 | 01/24/2000 | "Email from Thomas Capizzi to Alise Reicin, et al. Re: VIGOR CV Events Analysis" | None | |
| 1.0089 | MRK-AAX0002908 | MRK-AAX0002911 | 01/17/2000 | "Email from Thomas Capizzi to Alise Reicin, et al. Re: VIGOR CV Events Analysis" | None | |
| 1.0091 | MRK-AAX0008561 | MRK-AAX0008581 | 10/15/2001 | Draft VIOXX Label | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Smith's prescriber. Any probative value is substantially outweighed by prejudicial effect. | Admissible. |
| 1.0092 | MRK-AAZ0001608 | MRK-AAZ0001609 | 05/08/2001 | Email from Edward Scolnick to Laura Demopoulos Re: Topol Idea | None | |
| 1.0093 | MRK-AAZ0002085 | MRK-AAZ0002086 | 08/20/2001 | E. Scolnick email RE: Canine thrombosis paper | None | |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 1.0095 | MRK-ABA0003490 | MRK-ABA0003491 | 02/04/2002 | Letter from Carlos Patrono to Dr. Braunwald Re: VALOR-TIMI 30 protocol | 801, 802. The document is hearsay and should not be admitted. | |
| 1.0098 | MRK-ABA0009600 | MRK-ABA0009600 | 06/12/2001 | "Email from L. Demopoulos to Douglas Greene, et al. Re: Topol Manuscript" | None | |
| 1.0102 | MRK-ABC0050063 | MRK-ABC 0050063 | 01/03/2002 | "Email from Edward Scolnick to Douglas Greene, et al. Re: CV Outcomes Studies with Vioxx" | None | |
| 1.0106 | MRK-ABC0002150 | MRK-ABC0002150 | 11/17/1997 | Letter from John Oates to Barry Gertz re: origin of beta-oxidation metabolite of prostacyclin | None | Admissible. |
| 1.0107 | MRK-ABC0002198 | MRK-ABC0002198 | 09/28/1998 | Memo from Martino Laurenzi to Alan Nies Re: Proposal of Prof. Patrono in the fields of CV and Renal Physiopathology | None | |
| 1.0108 | MRK-ABC0002199 | MRK-ABC0002200 | 09/09/1998 | Letter from Carlos Patrono to Martino Laurenzi Re: Vivo Prostacyclin Biosynthesis | None | Admissible. |
| 1.0109 | MRK-ABC0003401 | MRK-ABC0003401 | 02/08/1996 | Scolnick memo: beating Searle to market | None | |
| 1.0115 | MRK-ABC0017484 | MRK-ABC0017484 | 08/13/1997 | "Memo from Alan Nies and Alise Reicin to Jim Bolognese, et al. MK-0966 GI Outcomes Study" | None | Admissible. |
| 1.0116 | MRK-ABC0022825 | MRK-ABC0022878 | 04/27/2000 | Alan Nies' Presentation to the Board of Advisors Re: VIGOR Preliminary Result | None | |
| 1.0118 | MRK-ABC0033809 | MRK-ABC0033809 | 04/12/2000 | "Email from Alise S. Reicin to Edward M. Scolnick, et al. Re: RA and CV Mortality" | None | Admissible. |
| 1.0120 | MRK-ABC0035654 | MRK-ABC0035657 | 11/20/2001 | Memo on protocol 136 results | None | |
| 1.0122 | MRK-ABC0048699 | MRK-ABC0048706 | 10/10/1996 | Research Management Committee No. 96-10 – Blue Bell | None | Admissible. |
| 1.0124 | MRK-ABD0002346 | MRK-ABD0002347 | 01/28/2001 | Email from Edward Scolnick to Eve Slate Re: OPDRA Report vs. FOI | 401, 402, 403. Irrelevant, and any probative value is substantially outweighed by prejudicial effect. Also should be excluded if Fries letter (PX 1.0176) is excluded. | |
| 1.0125 | MRK-ABG0001226 | MRK-ABG0001243 | 04/11/2002 | VIOXX Label Change Questions and Answers | None | |

Page 7

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 1.0128 | MRK-ABH0002230 | MRK-ABH0002231 | 11/28/2001 | "PHA(MO), MRK(RL) COX-2 Conference Call Review - Goldman, Sachs Review" | 401, 402, 403, 801, 802. Stock analyst report is hearsay. Financial forecasts are irrelevant and unfairly prejudicial, especially in compensatory phase. Also inadmissible under Kentucky law. | |
| 1.0130 | MRK-ABH0014002 | MRK-ABH0014002 | 01/13/1998 | Email from A. Ford-Hutchinson to E. Scolnick RE: Tylenol and cox 2 | None | |
| 1.0131 | MRK-ABH0015578 | MRK-ABH0015578 | 05/14/1999 | "Email from Edward Scolnick to David W. Blois, et al. Re: VIOXX US Circular" | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Smith's prescriber. Any probative value is substantially outweighed by prejudicial effect. | |
| 1.0132 | MRK-ABH0016219 | MRK-ABH0016219 | 03/09/2000 | Email from Edward Scolnick to Deborah Shapiro et al; Subject: Vigor | 401, 402, 403. Irrelevant, and any probative value is substantially outweighed by prejudicial effect. Concerns preliminary analysis of data which was subsequently revised. | |
| 1.0133 | MRK-ABH0017386 | MRK-ABH0017386 | 03/13/2000 | Email from Alise Reicin to Edward Scolnick Re: An Additional Article Stating the Potential Cardioprotective Effects of an NSAID. | None | |
| 1.0136 | MRK-ABH0017846 | MRK-ABH0017847 | 04/03/2000 | "Email from Alise Reicin to Deborah Shapiro, et al. Re: Update to thromboembolic CVD cases VIGOR" | Incomplete, 401, 402, 403. Document provides preliminary data now superceded by final data. The jurors should not be confused with preliminary data when more complete data is available. Any probative value is substantially outweighed by prejudicial effect. Document is incomplete. | |
| 1.0138 | MRK-ABI0000515 | MRK-ABI0000515 | 04/16/1999 | Email from Jan Nissen to Marty Carroll Re: VIOXX Launch Meeting Theme Party | 401, 402, 403. Irrelevant and any probative value is substantially outweighed by prejudicial effect, especially in compensatory phase. | Admissible. |
| 1.0140 | MRK-ABI0001556 | MRK-ABI0001556 | 02/23/1998 | "Memo from David Anstice to J. Carroll, et al. Re: Pfizer and the promotion of Celebrex - we CANNOT LOSE" | 401, 402, 403. Irrelevant, and unfairly prejudicial, especially in compensatory phase. | Admissible. 401 and 402. |
| 1.0142 | MRK-ABI0001857 | MRK-ABI0001898 | 5/17/2000 | HHPAC Presentation-Key Marketing Messages | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. | |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 1.0143 | MRK-ABL0000921 | MRK-ABL0000937 | 05/17/2000 | HHPAC Presentation-Key Marketing Messages | 401, 402, 403. Irrelevant, and unfairly prejudicial, especially in compensatory phase. | |
| 1.0145 | MRK-ABI0002126 | MRK-ABI0002128 | 05/08/2000 | Email from Dixon to Edward Scolnick Re: Renal and CV Issues for Vioxx | 401, 402, 403. Irrelevant because there is no evidence that Smith's prescriber or anyone else in this case was exposed to any of the detail pieces discussed in document. Any probative value is substantially outweighed by prejudicial effect. | |
| 1.0149 | MRK-ABI0002784 | MRK-ABI0002784 | 10/19/2000 | "Email from Leonard Tacconi to David Anstice, et al. Re: Vioxx DTC Campaign" | 401, 402, 403. Irrelevant because there is no evidence that Mr. Smith started taking Vioxx as a result of direct-to-consumer advertising. Any probative value is substantially outweighed by prejudicial effect. | |
| 1.0151 | MRK-ABI0003148 | MRK-ABI0003155 | 10/01/2001 | Letter from David Anstice to Thomas Abrams Re: Response to DDMAC's 9-17-01 Warning Letter | Conditional: 401, 402, 403. No objection if Warning Letter is admitted. If the warning letter is excluded, object to this exhibit because it would be prejudicial. | |
| 1.0152 | MRK-ABI0003228 | MRK-ABI0003230 | 05/22/2001 | Press Release - Merck confirms favorable CV safety profile of Vioxx | None | Admissible. |
| 1.0154 | MRK-ABI0003291 | MRK-ABI0003293 | 12/16/1999 | Letter from Spencer Salis to Ellen R. Westrick Re: Homemade Promotional Pieces | 401, 402, 403. Concerns homemade marketing pieces that have nothing to do with this case. The letter is overly prejudicial, especially since it has no probative value. | |
| 1.0155 | MRK-ABI0004488 | MRK-ABI0004499 | 05/24/1999 | VIOXX Launch Meeting - Remarks of Anstice - Remarks to Representatives | 401, 402, 403. Irrelevant, and unfairly prejudicial. It is simply Anstice remarks at a Vioxx launch meeting. None of the doctors in this case attended this meeting. | |
| 1.0156 | MRK-ABI0005078 | MRK-ABI0005078 | 02/25/1999 | "Vioxx Product Release Meeting, Ray Gilmartin Dinner Speech, Mar 4, Talking Points" | None | Admissible. |
| 1.0158 | MRK-ABI0005912 | MRK-ABI0005915 | 12/06/2001 | Email from David W. Anstice to Edward M. Scolnick Re: FW: Analyst Report on VIOXX | 401, 402, 403, 801, 802. The analyst report is hearsay. Irrelevant, and any probative value is substantially outweighed by prejudicial effect. | |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 1.0160 | MRK-ABI0007170 | MRK-ABI0007173 | 01/23/2001 | Memo from Sherwood to Anstice Re: Academic Interactions | 401, 402, 403, 801, 802. Irrelevant since it relates to doctors that have nothing to do with Mr. Smith or his doctors. Any probative value is substantially outweighed by prejudicial effect. Also contains hearsay from non-Merck personnel. | |
| 1.0165 | MRK-ABI0011027 | MRK-ABI0011081 | 07/15/2002 | Long Range Operating Plan: 2002-2007 for Vioxx & Arcoxia | 401, 402, 403. Sales data are irrelevant and unfairly prejudicial, especially in compensatory phase. Also inadmissible under Kentucky law. | Admissible. |
| 1.0167 | MRK-ABK0311068 | MRK-ABK0311068 | 09/29/1998 | Nies Handwritten Memo Re: Carlo Patrono | None | Admissible. |
| 1.0173 | MRK-ABO0000070 | MRK-ABO0000071 | | Dear Dr. Schafer from Louis Sherwood-Placing VIOXX news reports in context | 401, 402, 403. Irrelevant because there is no evidence that Mr. Smith's prescribing physician or anyone else in this case ever saw this document. Any probative value is substantially outweighed by prejudicial effect. | |
| 1.0175 | MRK-ABO0000220 | MRK-ABO0000220 | 08/28/2001 | Letter from Kenneth Sperber to the JAMA Editor Re: Letter from Louis Sherwood ("spin of medical literature") | 401, 402, 403, 801, 802. Irrelevant because there is no evidence that Mr. Smith's prescribing physician or anyone else in this case ever saw the letter referenced in this document. Any probative value is substantially outweighed by prejudicial effect. Entire document consists of hearsay statements by non-Merck personnel. | |
| 1.0176 | MRK-ABO0000250 | MRK-ABO0000253 | 01/09/2001 | Letter from James Fries to Raymond Gilmartin Re: Dr. Sherwood's Complaints about Dr. Gurkipal Singh ("Merck Damage Control by Intimidation") | 401, 402, 403, 502, 801, 802.  No evidence that anyone in this case had any contact with any of the doctors discussed in the letter. Any probative value is substantially outweighed by the risk of unfair prejudice. Document contains hearsay statements by non-Merck personnel. | Excluded due to Motion in Limine. |
| 1.0177 | MRK-ABO0000257 | MRK-ABO0000263 | 03/27/2001 | "Memo from Tracy Mills & Susan Baumgartner to Wendy Dixon, et al. Re: Scientific Communication Plan for VIOXX" | 401, 402, 403. Irrelevant because no evidence anyone in this case was exposed to these particular marketing messages. Any probative value is substantially outweighed by the risk of unfair prejudice. Document is also incomplete and is missing Attachment #4. | |

Page 10

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 1.0184 | MRK-ABC0002864 | MRK-ABO0002865 | 11/08/2000 | Email from Marilyn Krahe to David Abrahamson, et al. Re: Meeting Dr. Gurkirpal Singh | 401, 402, 403, 801, 802. The email is full of hearsay and double hearsay. The email is also irrelevant because it relates to the comments of a California doctor who has no connection to Mr. Smith's use of Vioxx. | |
| 1.0192 | MRK-ABP0016650 | MRK-ABP0016677 | | Vioxx AD Program Slide Set | None | |
| 1.0198 | MRK-ABS0037036 | MRK-ABS0037048 | 12/30/1997 | Plan to Evaluate the Incidence of Cardiovascular SAEs in the Phase IIb/III Vioxx (MK-0966) Osteoarthritis Clinical Trials | None | |
| 1.0200 | MRK-ABS0066396 | MRK-ABS0067019 | 10/26/1998 | Vioxx NDA Clinical Efficacy Clinical Safety - E. Clinical Safety - MK-0966 Clinical Documentation | None | |
| 1.0206 | MRK-ABS0212130 | MRK-ABS0212132 | 09/15/1999 | Email from Eric Mortensen to Cynthia Arnold et al re: FW: John Baron's Feedback | None | |
| 1.0220 | MRK-ABT0022637 | MRK-ABT0022638 | 01/09/2000 | "Emails between Nancy Santanello, Douglas Watson, Allse Reicin, et al. Re: Stroke Outcomes" | None | |
| 1.0221 | MRK-ABT0022650 | MRK-ABT0022657 | 01/18/2000 | "Email from Douglas Watson to Thomas Capizzi, et al. Re VIGOR CV Events Analysis" | None | |
| 1.0225 | MRK-ABV0003690 | MRK-ABW0003690 | 11/09/2001 | Email from Paul Fonleyene to Thomas Cannell RE Dorothy Hamill Campaign Quantitative Results | None | |
| 1.0226 | MRK-ABW0005623 | MRK-ABW0005625 | 09/13/2001 | Email from Steven A. Nichtberger to Wendy L. Dixon Re: Conducting a CV Study | None | Admissible. |
| 1.0227 | MRK-ABW0010182 | MRK-ABW0010184 | 08/25/2001 | "Email from Kenneth Sperling to Alan Nies, et al. Re: Urgent decision on CV meta-analysis journal selection" | None | |
| 1.0229 | MRK-ABW0011956 | MRK-ABW0011957 | 09/28/2001 | Email from David Anstice to Wendy Dixon RE: Vioxx CV Outcomes Trial Press Release | None | Admissible. |
| 1.0231 | MRK-ABW0014720 | MRK-ABW0014722 | 10/26/2001 | Email from Steven Vigneu to Wendy Dixon Re: New crop of arthritis drugs under safety cloud | 401, 402, 403, 801, 802. The email attaches a newspaper article that is hearsay. The email at the top of page 1 is irrelevant to any of the issues in this case. | |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 1.0234 | MRK-ABX0002309 | MRK-ABX0002332 | | Original Label Submission For VIGOR | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Smith's prescriber. Any probative value is substantially outweighed by prejudicial effect. | Admissible. |
| 1.0235 | MRK-ABX0002367 | MRK-ABX0002404 | 02/01/2001 | "Memo from Shari L. Targum to Sandra Cook, et al. Re: Consultation NDA 21-042, S-007 Review of Cardiovascular Safety Database" | None | |
| 1.0239 | MRKABX0042064 | MRKABX0042064 | 6/9/2002 | Email from Edward Scolnick to Peter S. Kim re: RA Study of Celebrex vs. Naproxen. | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. | |
| 1.0240 | MRK-ABX0050244 | MRK-ABX0050253 | | Pharmaceutical Research and Manufacturers of America's Code on Interactions with Healthcare Professionals | 401, 402, 403. Irrelevant and unfairly prejudicial. | |
| 1.0255 | MRK-ABY0030000 | MRK-ABY0030030 | 05/01/2001 | "Memo from Joshua Chen to Raymond Bain Re: MK-0966 AD Program Mortality Analysis for Protocol 091, 078, & 126" | 401, 402, 403. Irrelevant because document concerns mortality and all-cause mortality, neither of which are at issue in this case. Any probative value is substantially outweighed by prejudicial effect. | |
| 1.0265 | MRK-ACD0068340 | MRK-ACD0068344 | | FDA's VIGOR Label | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Smith's prescriber. Any probative value is substantially outweighed by prejudicial effect. | |
| 1.0278 | MRK-ACF0004015 | MRK-ACF0004016 | 01/27/2001 | "Email from Eliav Barr to Deborah Shapiro, et al. Re: All death, MI and CVA in VIGOR and Alzheimer Disease" | 401, 402, 403. Irrelevant because document concerns mortality and all-cause mortality, neither of which are at issue in this case. Any probative value is substantially outweighed by prejudicial effect. | Admissible. |
| 1.0281 | MRK-ACF0005697 | MRK-ACF0005699 | 08/15/2001 | "Email from Briggs Morrison to Rhoda Sperling, et al. Re: Konstam JAMA Article" | None | |
| 1.0283 | MRK-ACG0000828 | MRK-ACG0000839 | 01/21/1999 | DiCesare memo re: Clinical development oversight committee meeting / January 6 1999 | None | |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiffs' First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 1.0287 | MRK-ACI0013234 | MRK-ACI0013240 | 11/19/2001 | Dear Healthcare Provider - Correction of Drug Information - Holt audio conference - FDA mandates possibility that Vioxx increases MI risk - but compare with marketing material | Conditional: 401, 402, 403. Merck does not object if the Warning Letter is admitted. If the Warning Letter is not admitted, this document is irrelevant because no evidence anyone in this case saw this letter or participated in the referenced audioconference. Also, any probative value is substantially outweighed by prejudicial effect. | |
| 1.0288 | MRK-ACI0013241 | MRK-ACI0013246 | 11/19/2001 | Attachments to Casola to Abrams letter | Conditional: 401, 402, 403. Merck does not object if the Warning Letter is admitted. If the Warning Letter is not admitted, this document is irrelevant because no evidence anyone in this case saw this letter or attended the referenced conferences. Also, any probative value is substantially outweighed by prejudicial effect. | |
| 1.0291 | MRK-ACL0010142 | MRK-ACL0010142 | | Informed Consent Addendum Non-RA Studies | Incomplete, compound exhibit, 401, 402, 403. Document is undated and appears to be incomplete. Exhibit combines two unrelated documents (see objections to PX 1.0299, incorporated herein). Irrelevant because document is a preliminary draft, not a final version. Any probative value is substantially outweighed by prejudicial effect. | |
| 1.0298 | MRK-ACR0008985 | MRK-ACR0008985 | 01/31/2001 | "Email from Edward Scolnick to Raymond Gilmartin, et al. Re: Monday MC" | Reference to Dr. Fries should be excluded if Fries letter (PX 1.0176) is excluded. | Admissible. |
| 1.0299 | MRK-ACR0009066 | MRK-ACR0009066 | 02/11/2001 | Email from Edward Scolnick to Douglas Greene Re: Fries Letter Followup | 401, 402, 403. Irrelevant because document has nothing to do with any of the doctors in this case. Any probative value is substantially outweighed by prejudicial effect. Also should be excluded if Fries letter (PX 1.0176) is excluded. | |
| 1.0300 | MRK-ACR0009151 | MRK-ACR0009152 | 04/06/2001 | Email from Edward Scolnick to Douglas Greene Re: VIGOR Approval Letter | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Smith's prescriber. Any probative value is substantially outweighed by prejudicial effect. | |

Page 13

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 1.0302 | MRK-ACR0009277 | MRK-ACR0009277 | 10/04/2001 | Email from Scolnick to Greene: vioxx VIGOR label status (and pushing FDA on timing) | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Smith's prescriber. Any probative value is substantially outweighed by prejudicial effect. | |
| 1.0304 | MRK-ACR0009295 | MRK-ACR0009296 | 11/19/2001 | E. Scolnick email to Gilmartin, D. Greene, et al re: ASA use predicted PUB rate / Low dose aspirin endo study | None | |
| 1.0305 | MRK-ACR0009297 | MRK-ACR0009297 | 02/25/2002 | Email from Edward Scolnick to Bonnie J. Goldmann Re: VIOXX Label: "do you believe in miracles?" | None | Admissible. |
| 1.0309 | MRK-ACR0014502 | MRK-ACR0014503 | 03/21/2001 | Email from Gilbert Block to Edward Scolnick et al Re: Vioxx AD  Safety Data - Imbalance in the number of deaths. | 401, 402, 403.  Irrelevant because document concerns mortality and all-cause mortality, neither of which are at issue in this case. Any probative value is substantially outweighed by prejudicial effect. | |
| 1.0311 | MRK-ACR0040000 | MRK-ACR0040024 | 04/08/2001 | Report prepared by Joshua Chen to Raymond Bain Regarding a Summary of MK-0966 Combined Mortality Analysis | 401, 402, 403.  Irrelevant because document concerns mortality and all-cause mortality, neither of which are at issue in this case. Any probative value is substantially outweighed by prejudicial effect. | |
| 1.0328 | MRK-ACX0005041 | MRK-ACX0005041 | | National Advocates - Call in Next 10 Business Days | None | |
| 1.0329 | MRK-ACX0005129 | MRK-ACX0005132 | 10/04/2000 | Memo from Susan Baumgartner to Lou Sherwood Re Interactions with Gurkipal Singh | 401, 402, 403, 801, 802.  The document contains numerous hearsay statements by non-Merck persons.  The document is also irrelevant because it relates to presentations that none of the doctors in this case attended. Any probative value is substantially outweighed by prejudicial effect. | |
| 1.0331 | MRK-ACX0007803 | MRK-ACX0007805 | 10/18/2000 | DTC Spending for Vioxx Memo | 401, 402, 403.  Irrelevant because there is no evidence that Mr. Smith began taking Vioxx due to direct-to-consumer advertising. Financial data are irrelevant in the compensatory phase, and inadmissible under Kentucky law. Any probative value is substantially outweighed by prejudicial effect. | |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 1.0339 | MRK-ADB0009039 | MRK-ADB0009042 | | A Roadmap to the CV Card (addressing physician's questions about CV effects VIOXX) | 401, 402, 403. CV card issues are irrelevant to this case because there is no evidence that Mr. Smith's doctors saw the CV card. Also, any probative value is substantially outweighed by prejudicial effect. Even if Smith's prescriber had seen the CV Card, use of the CV Card by Merck sales reps was discontinued upon approval of the April 2002 label, and the information in the CV Card was superceded by the information in that label, which Smith's prescriber relied upon prior to prescribing Vioxx to Smith. | |
| 1.0340 | MRK-ADB0046424 | MRK-ADB0046427 | 04/21/2004 | Bulletin for Vioxx / Background and obstacle responses on retrospective observational analysis - / Solomon article No. COX 04-023 | 401, 402, 403. Irrelevant because there is no evidence Mr. Smith's doctors discussed referenced study with Merck sales reps. Any probative value is substantially outweighed by prejudicial effect. | |
| 1.0352 | MRK-ADG0035340 | MRK-ADG0035340 | 11/22/2001 | "Email from Adam Schechter to Thomas Cannell, et al. Re: CV Study Design" | None | |
| 1.0353 | MRK-ADI0005375 | MRK-ADI0005502 | 05/19/1999 | FDA Medical Officer NDA Review of Vioxx | None | Admissible. |
| 1.0354 | MRK-ADI0007971 | MRK-ADI0007972 | 06/04/1999 | Email correspondence between Scolnick and Weiner (Vioxx off to slow start in first 6 days on market) | 801, 802. The document is hearsay. | |
| 1.0355 | MRK-ADI0007973 | MRK-ADI0007974 | 06/04/1999 | Email correspondence between Scolnick and Weiner (Vioxx off to slow start in first 7 days on market) | 401, 402, 403, 801, 802. The document is hearsay. Financial estimates are irrelevant in compensatory phase, and are inadmissible under Kentucky law. Any probative value is substantially outweighed by prejudicial effect. | |
| 1.0356 | MRK-ADI0007975 | MRK-ADI0007975 | 06/04/1999 | Email correspondence between Scolnick and Weiner re: prescriptions for Vioxx | 401, 402, 403. Reference to original label is irrelevant because label pre-dates Mr. Smith's Vioxx use and April 2002 label relied upon by Mr. Smith's prescribing physician. Any probative value is substantially outweighed by prejudicial effect. | |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiffs First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 1.0357 | MRK-ADI0024344 | MRK-ADI0024346 | 03/22/1999 | "Email from Rebecca Higbee to Kyra Lindemann, et al. Re: Advantage Ideas" | 401, 402, 403. Irrelevant because no evidence anyone in this case was exposed to ADVANTAGE study PR messages. Any probative value is substantially outweighed by the risk of unfair prejudice. | |
| 1.0359 | MRK-ADJ0042906 | MRK-ADJ0042909 | 06/25/2002 | "Press Release - Cardiovascular Event Rates In Analysis of Combined Studies of Nearly 2,900 Elderly Patients Taking Vioxx or Placebo" | None | |
| 1.0362 | MRK-ADL0082197 | MRK-ADL0082197 | 06/20/2000 | "Email from Martino Laurenzi to Brian Daniels, et al. Re: Patrono - Eular" | 403, 602, 801, 802. The statements attributed to Patrono are hearsay. No evidence that anyone involved in this case attended the presentation. Any probative value is substantially outweighed by prejudicial effect. | |
| 1.0364 | MRK-ADO0040848 | MRK-ADO0040848 | 04/12/2001 | Email from Thomas Cannell to Jim Dunn Re: Whelton Q&A | None | |
| 1.0367 | MRK-ADT0000170 | MRK-ADT0000183 | 12/03/1998 | Presentation: Standard Operating Procedures for the Surveillance Monitoring and Adjudication of Acute Thrombotic Embolic Vascular Events in Clinical Trials of COX-2 Specific Agents | None | |
| 1.0368 | MRK-ADY0006668 | MRK-ADY0006668 | 02/07/2004 | "British Medical Journal - ""Spanish drug editor wins case brought by Merck, Sharp & Dohme"" by L. Gibson - p. 307, volume 328" | Compound exhibit, 401, 402, 403, 801, 802. News article is inadmissible hearsay, and is all irrelevant. Any probative value is substantially outweighed by prejudicial effect. Exhibit combines two unrelated documents. | |
| 1.0374 | MRK-AEF0000653 | MRK-AEF0000653 | 03/04/2002 | Email from James Yergey to Tom Baillie-Subject Prostanoid assays | None | |
| 1.0383 | MRK-AEG0037638 | MRK-AEG0037639 | 09/12/2002 | Email from mervyn Turner to Joan Lasota RE: NitroMed | None | |
| 1.0384 | MRK-AEG0048904 | MRK-AEG0048905 | 10/25/2000 | Email from Metters to Nicholson | None | |
| 1.0386 | MRK-AEI0002734 | MRK-AEI0002746 | 05/06/1998 | "Scientific Advisors' Meeting May 3 - May 6, 1998 Programmatic Review Vioxx Program" | None | Admissible. |
| 1.0396 | MRK-AFF0000318 | MRK-AFF0000352 | 05/09/2002 | Hul Quan Memo re: Safety Update for APPROVe | None | |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 1.0400 | MRK-AFI0000001 | MRK-AFI0000197 | 02/07/2001 | Baumgartner Diary: 01/01/2001 to 09/27/2001 | None | Admissible. |
| 1.0401 | MRK-AFI0010255 | MRK-AFI0010255 | 01/31/2001 | National Thought Leader Summary VIGOR Study | 602, 801, 802. Witness lacks personal knowledge. Document contains hearsay statements of non-Merck personnel. | Admissible. Relevant to what and when known. 401 and 402. |
| 1.0402 | MRK-AFI0010400 | MRK-AFI0010401 | 04/18/2001 | USHH 2001-2009 Outlook for Vioxx (Vioxx Sales Data) | 401, 402, 403. Financial data are irrelevant and unfairly prejudicial in compensatory phase, and are inadmissible under Kentucky law. | |
| 1.0406 | MRK-AFI0043342 | MRK-AFI0043349 | | "Memo from Omskov Flemming to Leo Mendez, et al. Re: Challenging MD customers in their NERBG (rheumatologist)" | 401, 402, 403, 801, 802. Irrelevant because document does not relate to any of the doctors in this case. Any probative value is substantially outweighed by prejudicial effect. Document contains hearsay statements by non-Merck persons. | |
| 1.0408 | MRK-AFI0044662 | MRK-AFI0044665 | 07/26/1999 | Email from Bruce Freundlich to Susan Baumgartner RE Physicians to neutralize | 401, 402, 403, 801, 802. Irrelevant because document does not relate to any of the doctors in this case. Any probative value is substantially outweighed by prejudicial effect. Document contains hearsay statements by non-Merck persons. | |
| 1.0409 | MRK-AFI0045236 | MRK-AFI0045236 | 09/09/1999 | Email from Caroline Yarbrough to Susan L Baumgartner Re: Background on Dr. Andrew Welton | 401, 402, 403. Irrelevant because not related to any of the doctors in this case. Any probative value is substantially outweighed by prejudicial effect. | |
| 1.0411 | MRK-AFI0045966 | MRK-AFI0045967 | 11/09/1999 | Email from Thomas McCready to Susan L. Baumgartner Re: Nov. 3rd Appointment with Dr. James McMillen | 401, 402, 403, 801, 802. Irrelevant because no evidence that it relates to any of the doctors in this case. Also unfairly prejudicial. Also contains hearsay statements regarding non-Merck personnel. | |

Page 17

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 1.0413 | MRK-AFI0135524 | MRK-AFI0135524 | 08/22/2001 | Email from Linda Coppola to Russell Koslorek Re: CV Card (1 Year) Revalidation for use in Promotion | 401, 402, 403. CV card issues are irrelevant to this case because there is no evidence that Mr. Smith's doctors saw the CV card. Also, any probative value is substantially outweighed by prejudicial effect. Even if Smith's prescriber had seen the CV Card, use of the CV Card by Merck sales reps was discontinued upon approval of the April 2002 label, and the information in the CV Card was superceded by the information in that label, which Smith's prescriber relied upon prior to prescribing Vioxx to Smith. | |
| 1.0414 | MRK-AFI0174637 | MRK-AFI0174637 | 04/29/1999 | "Email from Leonardo Mendez to Susan Baumgartner, et al. Re: Physicians to neutralize" | 401, 402, 403. Irrelevant because this does not relate to any of Mr. Smith's doctors. Any probative value is substantially outweighed by prejudicial effect. | |
| 1.0415 | MRK-AFI0182292 | MRK-AFI0182293 | 07/01/1999 | "Memo from Susan Baumgartner to Charlotte McKines, et al. Re: Advocate Development Opportunity: Physicians to Neutralize" | 401, 402, 403. Irrelevant because this does not relate to any of Mr. Smith's doctors. Any probative value is substantially outweighed by prejudicial effect. | Admissible. |
| 1.0419 | MRK-AFI0200437 | MRK-AFI0200466 | 06/22/2000 | Advocate Development Plan 2000 Vioxx | 401, 402, 403. Financial data are irrelevant and unfairly prejudicial in compensatory phase, and are inadmissible under Kentucky law. | |
| 1.0423 | MRK-AFJ0000520 | MRK-AFJ0000520 | 02/03/2002 | Email from Edward Scolnick to Peter Kim; Subject: coxib task force | None | |
| 1.0424 | MRK-AFJ0000576 | MRK-AFJ0000576 | 03/09/2002 | "Email from Peter M. DiBattiste to Barry J. Gertz, et al. Re: RMC Options for CV Outcome Trials" | Incomplete document | |
| 1.0425 | MRK-AFJ0003506 | MRK-AFJ0003510 | 04/30/2003 | "Email from Barry J. Gertz to Peter S. Kim, et al. Re: Review of the Manuscript on the Relationship Between Selective COX-2 Inhibitors and Acute Myocardial Infarction" | None | |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 1.0426 | MRK-AF-J0008381 | MRK-AF-J0008382 | 08/27/2004 | Email from Drs. Richard and Jane Dybas to Peter S. Kim Re: Merck's Stock Retreats over VIOXX concerns | 401, 402, 403, 801, 802. The document consists of an email from a non-Merck individual followed by a hearsay press report. Document is irrelevant and any probative value is substantially outweighed by prejudicial effect. | |
| 1.0427 | MRK-AF-J0009715 | MRK-AF-J0009716 | 10/02/2004 | Email from Edward Scolnick to Peter S. Kim Re: VIOXX Withdrawal | 401, 402, 403, 801, 802. These are post-withdrawal comments by a former Merck employee, so they are hearsay. Also irrelevant and any probative value is substantially outweighed by the prejudicial effect. | |
| 1.0441 | MRKAFO0000260 | MRKAFO0000263 | 1/1/2001 | J Bolognese email to E. Scolnick re: ASA use predicted pub rate | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document. | |
| 1.0442 | MRK-AFO0023534 | MRK-AFO0023536 | 05/20/1998 | "Memo from Doug Watson to J. Anderson, et al. Re: 5-15-98 COX-2 CV SAE surveillance task force meeting minutes" | None | Admissible. |
| 1.0445 | MRK-AFT0005926 | MRK-AFT0005927 | 04/19/2004 | "Email from Susanne Eddowes to Raymond Bain, et al. Re: The Need to Set Up External DSMB for ongoing Vioxx AD Prevention Trial" | 602. There is no foundation as to handwriting. | |
| 1.0460 | MRK-I2690007833 | MRK-I2690008224 | 11/26/2003 | MRL Clinical Study Report for Protocol 078 | None | |
| 1.0463 | MRK-LBL0000035 | MRK-LBL0000038 | 11/01/1999 | Vioxx Label (package insert) Nov. '99 | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Smith's prescriber. Any probative value is substantially outweighed by prejudicial effect. | |
| 1.0464 | MRK-LBL0000047 | MRK-LBL0000050 | 07/01/2000 | Vioxx Label (package insert) July 2000 | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Smith's prescriber. Any probative value is substantially outweighed by prejudicial effect. | |
| 1.0465 | MRK-LBL0000059 | MRK-LBL0000062 | 07/01/2001 | Vioxx Label (package insert) July 2001 | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Smith's prescriber. Any probative value is substantially outweighed by prejudicial effect. | |
| 1.0466 | MRK-LBL0000063 | MRK-LBL0000066 | 04/01/2002 | Vioxx Label (package insert) April 2002 | None | |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiff's First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 1.0467 | MRK-LBL0000248 | MRK-LBL0000251 | 03/01/2004 | Vioxx Label (package insert) March 2004 | None | |
| 1.0470 | MRK-NJ0000827 | MRK-NJ00000835 | 09/26/1996 | Draft Memo from Terri Randall re: MK-0966 Project Team Minutes | None | |
| 1.0473 | MRK-NJ0017825 | MRK-NJ0017853 | 02/17/1998 | Letter from Catella-Lawson and Garret FitzGerald to Briggs Morrison Re: MK 966 in the elderly | 801, 802. Hearsay – out of court statement from non-Merck personnel followed by inadmissible draft article. | |
| 1.0477 | MRK-NJ0051533 | MRK-NJ051534 | 10/24/1997 | Email from Garrett Fitzgerald to Alan Nies et al; Subject: FW: cox2 pgl phenomenon investigation | None | Admissible. |
| 1.0479 | MRK-NJ0066297 | MRK-NJ0066301 | | Charts re: VIGOR: Myocardial Infarctions Over Time | None | |
| 1.0487 | MRK-NJ0106699 | MRK-NJ0106722 | 10/13/2000 | Shapiro Meta-Analysis | None | |
| 1.0489 | MRK-NJ0120246 | MRK-NJ0120248 | 12/21/1999 | Changes to the VIGOR Data Analysis Plan 12-1-99 | None | |
| 1.0502 | MRK-NJ0124427 | MRK-NJ0124428 | 11/08/2000 | Email from E. Barr RE to A. Reicin: Hypertensive Heart Disease Patient (could be persuaded to say COD "unknown") | None | |
| 1.0505 | MRK-NJ0130083 | MRK-NJ0130087 | 02/11/2000 | Email from Edward Scolnick to Deborah Shapiro Re: Searle Recapturing Momentum in COX-2 Inhibitor Market | 401, 402, 403, 801, 802. Stock analyst report is hearsay. Financial data are irrelevant and unfairly prejudicial, especially in compensatory phase, and are also inadmissible under Kentucky law. | Admissible. |
| 1.0510 | MRK-NJ0155912 | MRK-NJ0155916 | 08/13/1999 | Letter from John Oates to Edward Scolnick Re: Thrombotic Complications Occurring in Patients with Antiphospholipid Syndrome | 801, 802. Hearsay – out of court statement by non-Merck employee. | |
| 1.0511 | MRK-NJ0162361 | MRK-NJ0162371 | 04/13/1998 | "Attachment #1, Dr. Alan Nies' writeup for meeting of Board of Scientific Advisors on" | None | |
| 1.0513 | MRK-NJ0170152 | MRK-NJ0170274 | 06/15/2000 | MRL Clinical Study Report: Protocol 90 | Incomplete document | |
| 1.0514 | MRK-NJ0183397 | MRK-NJ0183402 | 11/06/2001 | Draft letter to Jonca Bull re: Amendment to the Supplemental New Drug Application | 401, 402, 403. Pre-dates Smith's use of Vioxx, and pre-dates the April 2002 label relied upon by Smith's prescriber. Any probative value is substantially outweighed by prejudicial effect. | |
| 1.0516 | MRK-NJ0189508 | MRK-NJ0189509 | 03/28/2000 | Email from Alan Nies to Barry Gertz R: Patrono on VIGOR | None | Admissible. |

Smith v. Merck

Ex. A to Merck's Objections to Plaintiffs' First Amended Pre-Admit List

| Exhibit No. | Beginning Bates | Ending Bates | Date | Description | Merck Objections | Barnett Ruling |
|---|---|---|---|---|---|---|
| 1.0518 | MRK-NJ0209299 | MRK-NJ0209301 | 10/15/2001 | Email from Douglas Greene to Barry Gertz Re: William Harvey Research Conference | 401, 402, 403, 801, 802. Irrelevant and highly prejudicial. Document contains hearsay statements by non-Merck persons. | |
| 1.0520 | MRK-NJ0210654 | MRK-NJ0210659 | 10/22/2001 | 906 Preliminary Analysis | None | |
| 1.0522 | MRK-NJ0214739 | MRK-NJ0214742 | 11/19/2001 | Memo from T. Simon and H. Quan to S. Reines and R. Bain subject Preliminary Interim Results for the Vioxx Low-Dose Asplrin Endoscopy Study (Protocol 136) | None | |
| 1.0529 | MRK-NJ0259144 | MRK-NJ0259187 | 12/08/1997 | Memo re: MK-0966 (COX-2) project team minutes for November 17 1997 | None | |
| 1.0530 | MRK-NJ0260895 | MRK-NJ0260979 | 06/29/2000 | Vioxx sNDA (VIGOR Report) to FDA | Incomplete document | |
| 1.0531 | MRK-NJ0267715 | MRK-NJ0267777 | 01/08/2001 | "Letter from Robert Silverman to Jonca Bull Attaching IND 46,894: VIOXX (rofecoxib)" | None | Admissible. |
| 1.0532 | MRK-NJ0272249 | MRK-NJ0272272 | 02/02/1998 | MRL Epidemiology Department Technical Report No. EP07006.005.98 Final Results of an Analysis of the Incidence of Cardiovascular SAEs in the Phase IIb/III VIOXX Osteoarthritis Clinical Trials | None | Admissible. |
| 1.0539 | MRK-NJ0317338 | MRK-NJ0317341 | 08/14/1997 | Email from Kyra Lindermann to Beth Seidenberg et al Re: MK9666 GI Outcomes Standby | None | |
| 1.0541 | MRK-NJ0320174 | MRK-NJ0320177 | 05/25/2000 | Email from Margie McGlynn to Alise Reidh | 401, 402, 403, 602, 801, 802. Analyst reports are inadmissible hearsay. Financial data are irrelevant and highly prejudicial, particularly at the compensatory stage, and are inadmissible under Kentucky law. | |
| 1.0542 | MRK-NJ0333225 | MRK-NJ0333235 | 03/21/2001 | Memo Re: MK-0966 AD Progression Trail (Protocol #091) Imbalance in the Number of Deaths | 401, 402, 403. Irrelevant because document concerns mortality and all-cause mortality, neither of which are at issue in this case. Any probative value is substantially outweighed by prejudicial effect. | |

Page 21