## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re: VIOXX** | |
| **PRODUCTS LIABILITY LITIGATION** | **MDL DOCKET NO. 1657** |
| **This document relates to** **Case No. 2:06-CV-00810** | **SECTION L** |
| | **JUDGE FALLON** |
| **CHARLES MASON,** | |
| Plaintiff, | **MAGISTRATE JUDGE KNOWLES** |
| **v.** | **MERCK'S OBJECTIONS TO PLAINTIFF'S PRE-ADMISSIBLE EXHIBIT LIST** |
| **MERCK & CO., INC.,** | |
| Defendant. | |

TO:    Edward F. Blizzard
       J. Scott Nabers
       Rebecca B. King
       BLIZZARD, MCCARTHY & NABERS, LLP
       440 Louisiana, Suite 1710
       Houston, Texas 77002

Defendant Merck & Co., Inc. ("Merck") hereby serves its Objections to Plaintiff's

Pre-Admissible Exhibit List (attached as Exhibit A).  Merck reserves the right to add

additional objections, withdraw any objections, and supplement any changes based on the

Court's rulings on motions in *limine*.  Merck also reserves all right to object to the use of any

of the documents on Plaintiff's Pre-Admissible Exhibit List (including exhibits Merck did

not object to) with a specific witness.

Exhibit A reflects Merck's objections for purposes of the *Mason* trial only.  It also

includes the Court's ruling, if any, from the *Smith* case.



Dated:  October 5, 2006

Respectfully submitted,

*/s/ Dorothy H. Wimberly*

Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361

*Defendant's Liaison Counsel*

Philip S. Beck, 147168
Tarek Ismail, 6225226
Shayna S. Cook, 6285959
BARTLIT BECK HERMAN
PALENCHAR & SCOTT LLP
Courthouse Place
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Telephone:          (312) 494-4400
Telecopier:         (312) 494-4440

*Attorneys for Merck & Co., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Merck's Objections to

Plaintiff's Pre-Admissible Exhibit List has been served on Liaison Counsel, Russ Herman

and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon

all parties by electronically uploading the same to LexisNexis File & Serve Advanced in

accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed

with the Clerk of Court of the United States District Court for the Eastern District of

Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in

accord with the procedures established in MDL 1657, on this 5th day of October, 2006.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:  504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

| Exhibit No. | Beginning Bates | Ending Bates | Document Date | Description | Defendant's Objection | Ruling in Smith |
|---|---|---|---|---|---|---|
| 1.0029 | MRK-AABO108912 | MRK-AABO108931 | | Analyses of Unadjudicated and Adjudicated Tehmemboloic Advers Experiences | None | Reserve ruling. |
| 1.0043 | | | | VID: Merck video "In a study of Vioxx published in the NEJM, Vioxx sigifnicunty reduced the risk of serious gastrointestinal side effects by half compared to naproxen. TV news feed: DWJ Television". | Defendant has not yet received a copy of this exhibit and does not know what it refers to. The exhibit referenced is different than the same-numbered exhibit on Plaintiff's Master Exhibit List. | |
| 1.0142 | MRK-ABI0001857 | MRK-ABI0001898 | 5/17/2000 | HHPAC Presentation-Key Marketing Messages | 401, 402, 403. Unidentified handwriting on first page. Irrelevant, and unfairly prejudicial, especially in compensatory phase. | Reserve ruling. |
| 1.0239 | MRKABX0042064 | MRKABX0042064 | 6/9/2002 | Email from Edward Scolnick to Peter S. Kim re: RA Study of Celebrex vs. Naproxen | None | Reserve ruling. |
| 1.0441 | MRKAFO0000260 | MRKAFO0000263 | 1/1/2001 | J Bolognese email to E. Scolnick re: ASA use predicted pub rate | None | Reserve ruling. |
| 1.1087 | | | | Excerpts from the Merck Manual - 16th edition | 801, 802: Hearsay | Admissible. |
| 1.1091 | | | | Excerpts from the Merck Manual - 17th Edition | 801, 802: Hearsay | |
| 1.1395 | MRK-N00243718 | MRK-N00243720 | | Listing of VIGOR Cardiovascular Adverse Experiences Eligible for Adjudication | None | Reserve ruling |
| 1.1582 | MRK-AJF0000235 | MRK-AJF0000236 | 6/20/2001 | Email to Carroll from Hinckley re: 4 main components of Vioxx message. Nothing regarding CV risk. | 401, 402, 403. No connection to sales reps or prescribers involved in this case. | Reserve ruling. |
| 1.2590 | MRK-GUE0051686 | MRK-GUE0051773 | 7/31/1998 | Merck's plans for VIGOR: Naproxen 500 bid chosen because it's most commonly used dose for RA | 901. Document appears to be several documents stuck together. | Reserve ruling. |
| 1.2637 | MRK-ABW000062 | | | Anstice phone message to US Sales force for Vioxx | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Admissible with appropriate witness. |
| 1.2639 | MRKGUE0019150 | MRKGUE0019198 | | VIGOR Final results slides: what the NEJM article should have contained | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |

| Exhibit No. | Beginning Bates | Ending Bates | Document Date | Description | Defendant's Objection | Ruling in Smith |
|---|---|---|---|---|---|---|
| 1.2640 | MRK-GUE0002837 | MRK-GUE0002838 | 1/17/2000 | Email from Harry Guess showing that February 10 "prespecified" cutoff date for CV events had not been specified | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |
| 1.2651 | MRKnax0002761 | | 1/24/2000 | Memo re: Merck Management Requests to VIGOR Data and Monitoring Board | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |
| 1.2652 | MRK-AFI0045966 | MRK-AFI00045840 | 1/28/2004 | Memo from Lourdes Villalba to Brian Harvey regarding response to FDA request for information for Studies 078 and 091 (Alzheimer Studies) | 901. No Bates number and unclear how exhibit (which appears to be an FDA document) was obtained. Also 401, 402, 403. Discusses potential label change after Mr. Mason stopped taking Vioxx. | Reserve ruling. |
| 1.2653 | MRK-AAX0002760 | | 1/24/2000 | Curfman Letter with attachments | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |
| 1.2654 | MRK0AB0001934 | | 3/27/2000 | PIR about VIGOR - states difference in CV events (not included in NEJM), says ADVANTAGE shows no CV problem (doesn't mention significantly more deaths) | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |
| 1.2661 | MRK-LAU0034404 | MRK-LAU0034565 | 3/20/2001 | Merck VIOXX HHPAC STAGE IV - REVIEW MEETING 3-20-01 Marketing Strategy including naproxen | 401, 402, 403. Financial data are irrelevant and highly prejudicial, especially in compensatory phase. | Reserve ruling. |
| 1.2662 | MRK-ABI0001899 | MRK-ABI0001915 | | HHPAC Key Marketing Messages | 401, 402, 403. Financial data are irrelevant and highly prejudicial, especially in compensatory phase. | Reserve ruling. |
| 1.2667 | MRK-ABX0071232 | MRK-ABX0071233 | 00/00/2003 | Merck Dear Doctor 2003 in response to observational study | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |
| 1.2670 | MRK-H10STM001118 | MRK-H10STM001191 | | Project OFFENSE MEETING AGENDA 7 CONTENT and CV obstance response | 401, 402, 403. Prejudice outweighs any probative value because no demonstrable connection to this case. | Reserve ruling. |

| Exhibit No. | Beginning Bates | Ending Bates | Document Date | Description | Defendant's Objection | Ruling in Smith |
|---|---|---|---|---|---|---|
| 1.2671 | MRK-H3STM001173 | MRK-H3STM001177 | 2/9/2001 | Bulletin for Vioxx FDA Artritis Advisory Committee Meeting 2/9/01 | 401, 402, 403. Prejudice outweighs any probative value because no demonstrable connection to this case. | Reserve ruling. |
| 1.2685 | MRK-NJ0272447 | MRK-NJ02723458 | 7/5/2000 | Merck 7/5/00 meeting with 3 additional Mfs | None | Reserve ruling. |
| 2.0167 | | | 2/15/2005 | "Cardiovascular Events Associated with Rofecoxib in a Colorectal Adenoma Chemoprevention Trial by Robert Besalier, et al., The New England Journal of Medicine, Page 1-22" | Hearsay; learned treatises are not admissible. | Reserve ruling. |
| 2.0183 | MRK-ABA0001301 | MRK-ABA0001309 | 11/23/2000 | "Comparison of Upper Gastrointestinal Toxicirt of Rofecoxib and Naproxen in Patients with Rheumatoid Arthritis by Claire Bombardier, et al., The New England Journal of Medicine, 343, Pg. 1520-1528" | Hearsay; learned treatises are not admissible. | Reserve ruling. |
| 4.0001 | | | | Plaintiff's Bottle of Vioxx | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon visual inspection of the exhibit. | |
| 4.0002 | MAS-BOT-001 | MAS-BOT-007 | | Defendant's production of photographs of Plaintiff's bottled of Vioxx | None | |
| 4.0003 | | | | Alta View Hospital - Medical Records (82 pages of records) | None | |
| 4.0004 | | | 6/21/2006 | Alta View Hospital - Billing Records (6 pages of records) | None | |
| 4.0006 | | | 7/17/2006 | BBB Dentistry - Dental Records (8 pages of records) | None | |
| 4.0007 | | | 4/21/2006 | Cottonwood Hospital - Medical Records (146 pages) | None | |
| 4.0008 | | | 8/21/2006 | Cottonwood Hospital - Cardiac Rehab Records (158 pages) | None | |
| 4.0009 | | | 9/8/2006 | Cottonwood Hospital - Billing Records | None | |
| 5.0011 | | | | Any and all documents available from the FDA Website regarding Vioxx | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |
| 5.0012 | | | | Any and all documents available from the Waxman website regarding Vioxx | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |

| Exhibit No. | Beginning Bates | Ending Bates | Document Date | Description | Defendant's Objection | Ruling in Smith |
|---|---|---|---|---|---|---|
| 5.0013 | | | | Any and all documents available from the Senate Health, Education, Labor and Pensions Website regarding Vioxx | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |
| 5.0014 | | | | Any and all documents available from the Senate Finance Committee Website regarding Vioxx | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |
| 5.0015 | | | | Any and all exhibits attached to all Plaintiff's expert depositions and expert reports as well as document they cite in their report | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |
| 5.0016 | | | | Any and all exhibits attached to all Defendant's expert depositions and expert reports as well as document they cite in their report | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |
| 5.0017 | | | | Any and all clinical trial information including reports, CSR, adverse events, summaries and memorandum | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |
| 5.0018 | | | | Blow ups of any exhibits already listed | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |
| 5.0019 | | | | Any document or material necessary for demonstrative purposes | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |
| 5.0020 | | | | Any animation to be used for demonstrative purposes | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |
| 5.0021 | | | | Plaintiffs reserves the right to use all video tapes of depositions | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |
| 5.0022 | | | | Plaintiff reserves the right to use any exhibit listed by Defendant | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |

| Exhibit No. | Beginning Bates | Ending Bates | Document Date | Description | Defendant's Objection | Ruling in Smith |
|---|---|---|---|---|---|---|
| 5.0023 | | | | Plaintiff reserves the right to use any exhibit necessary for cross examination | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |
| 5.0024 | | | | Plaintiff reserves the right to use any exhibit necessary for rebuttal | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |
| 5.0025 | | | | Plaintiff reserves the right to use any exhibit found through outstanding discovery | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |
| 5.0026 | | | | Plaintiff reserves the right to use any exhibit found through any discovery requested but not yet produced | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |
| 5.0027 | | | | Plaintiff reserves the right to use any all depositions and any exhibits attached hereto taken in this matter | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |
| 5.0028 | | | | Plaintiff reserves the right to use all depositions and any exhibits attached thereto for any future depositions taken in this matter | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |
| 5.0035 | | | | Any and all documents available from the Senate Health, Education, Labor and Pensions Website regarding Vioxx | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |
| 5.0036 | | | | Any and all clinical trial information including reports, CSR, adverse events, summaries and memorandum | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |
| 5.5028 | | | | Declaration of Terry R. Jacklin. | 401, 402, 403, 801, 802. Irrelevant and any probative value is substantially outweighed by prejudicial effect. Hearsay. | Reserve ruling. |
| 5.5034 | | | | Any and all exhibits from the deposition of Raymond Gilmartin | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |

| Exhibit No. | Beginning Bates | Ending Bates | Document Date | Description | Defendant's Objection | Ruling in Smith |
|---|---|---|---|---|---|---|
| 5.5035 | | | | Any and all exhibits from the deposition of Stephen Epstein | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |
| 5.5036 | | | | Any and all exhibits from the deposition of Jan Weiner | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |
| 5.5037 | | | | Any and all exhibits from the deposition of Eric Topol | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |
| 5.5038 | | | | Any and all exhibits from the deposition of Ned S. Braunstein, MD | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |
| 5.5041 | | | | Any and all exhibits to the deposition of Mary E. Blake. | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |
| 5.5042 | | | | Any and all exhibits to the deposition of David Anstice. | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |
| 5.5043 | | | | Any and all exhibits to the deposition of James Dunn. | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |
| 5.5044 | | | | Any and all exhibits to the deposition(s) of Wendy Dixon. | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |
| 5.5045 | | | | Any and all exhibits to the deposition of Tom Cannell. | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |
| 5.5047 | | | | Any and all exhibits to the deposition of David Graham. | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |

| Exhibit No. | Beginning Bates | Ending Bates | Document Date | Description | Defendant's Objection | Ruling in Smith |
|---|---|---|---|---|---|---|
| 5.5053 | | | | Any and all exhibits to the deposition of Alan Nies. | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |
| 5.5055 | | | | Any and all exhibits to the deposition of Carolyn Cannuscio. | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |
| 5.5058 | | | | Any and all exhibits to the deposition of Gregory Curfman. | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |
| 5.5059 | | | | Any and all exhibits to the deposition of Susan Baumgartner. | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |
| 5.5060 | | | | Any and all exhibits to the deposition of J. Martin Carroll. | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |
| | | | | Any and all exhibits from the deposition(s) of Edward Scolnick, M.D. | Plaintiff has not provided Merck with the proposed exhibit. Merck reserves right to object upon receipt of the document | Reserve ruling. |
| 1.0001 | MRK-ACT0018064 | MRK-ACT0018064 | 02/08/2001 | Email from Harry A. Guess to Douglas J. Watson Re: Advisory Committee Meeting | 401, 402, 403. Pre-dates Mason's use of Vioxx, and pre-dates the April 2002 label in place at the time of Mason's prescription. Takes statement out of context and confuses jury. Any probative value is substantially outweighed by prejudicial effect. | Admissible. |
| 1.0002 | MRK-ABW0004799 | MRK-ABW0004799 | 10/18/2001 | Email from Edward Scolnick to David Anstice Re: Reactions to Revised Label | 401, 402, 403. Pre-dates Mason's use of Vioxx, and pre-dates the April 2002 label in place at the time of Mason's prescription. Any probative value is substantially outweighed by prejudicial effect. | Admissible. |

| Exhibit No. | Beginning Bates | Ending Bates | Document Date | Description | Defendant's Objection | Ruling in Smith |
|---|---|---|---|---|---|---|
| 1.0003 | MRK-ACR0014514 | MRK-ACR0014514 | 04/06/2001 | Email from Scolnick to Greene in re Approvable letter | 401, 402, 403. Pre-dates Mason's use of Vioxx, and pre-dates the April 2002 label in place at the time of Mason's prescription. Takes statement out of context and confuses jury. Any probative value is substantially outweighed by prejudicial effect. | Admissible. |
| 1.0004 | MRK-NJ0315892 | MRK-NJ0315894 | 03/26/1997 | "Email from Brian F. Daniels to Thomas Simon, et al. Re: GI Outcomes Trial Protocol" | None | Admissible. |
| 1.0005 | MRK-ABX0016509 | MRK-ABX0016510 | 11/26/2001 | Email from D. Anstice FW: Three Items | None | Admissible. |
| 1.0006 | MRK-ABA0003277 | MRK-ABA0003284 | 09/17/2001 | Warning letter from Thomas Abrams to Raymond Gilmartin | 401, 402, 403, 801, 802. All events at issue pre-dated Mason's use of Vioxx. Any probative value is substantially outweighed by prejudicial effect. The letter also contains hearsay statements by non-Merck individuals. | Admissible. |
| 1.0007 | MRK-AAR0019773 | MRK-AAR0019786 | | Vioxx Dodgeball | Incomplete, 401, 402, 403. No connection to this case. Any probative value is substantially outweighed by prejudicial effect. The exhibit is also incomplete because it does not include the rules of the training exercise. | Admissible. |
| 1.0008 | MRK-AAR0019055 | MRK-AAR0019060 | | CV Card | 401, 402, 403. Any probative value is substantially outweighed by prejudicial effect. Even if Mason's prescriber had seen the CV Card, use of the CV Card by Merck sales reps was discontinued upon approval of the April 2002 label, and the information in the CV Card was superceded by the information in that label. | Admissible. |

| Exhibit No. | Beginning Bates | Ending Bates | Document Date | Description | Defendant's Objection | Ruling in Smith |
|---|---|---|---|---|---|---|
| 1.0009 | MRK-AAO0000073 | MRK-AAO0000118 | 09/01/2000 | 2001 Profit Plan for Vioxx | 401, 402, 403. Sales data are irrelevant and unfairly prejudicial, especially in compensatory phase. | Admissible. But as in other documents this is not self-explanatory so must be used with witness who knows something about it or on cross. Note: There are some 403 problems here, but they are out-weighed by significance of proving, rebuffing, questioning, supporting, etc. Merck's economic interest as explanation for actions. |
| 1.0010 | MRK-ABH0014114 | MRK-ABH0014118 | 06/01/1998 | Email from Edward Scolnick to Errol McKinney Re: Celebrax submission within 2 months – Schroders | 401, 402, 403, 801, 802.  Stock analyst report is hearsay.  Financial forecasts are irrelevant and unfairly prejudicial, especially in compensatory phase. | Admissible. |
| 1.0011 | MRK-ABS0194661 | MRK-ABS0194664 | 10/20/1998 | Email from Scolnick: Research Notes "MRK: Poor Composition to QP3 EPS; Downgrade to Neutral | 401, 402, 403, 801, 802.  Stock analyst report is hearsay.  Financial forecasts are irrelevant and unfairly prejudicial, especially in compensatory phase. | Reserve ruling. |
| 1.0012 | MRK-ABK0302077 | MRK-ABK0302077 | 04/03/2000 | Email from Patrono to Laurenzi–preliminnary VIGOR data | Incomplete, 801, 802.  The email is inadmissible hearsay.  The exhibit is also incomplete because it contains only the first page of a multiple page email. | Only with participants or those copied. |
| 1.0013 | MRK-AFI0201416 | MRK-AFI0201442 | 07/23/1999 | List of physicians to neutralize | 401, 402, 403, 801, 802.  No evidence any of the physicians mentioned ever had any contact with anyone in this case.  Any probative value is substantially outweighed by prejudicial effect. Document contains hearsay statements. | Reserve ruling. |

| Exhibit No. | Beginning Bates | Ending Bates | Document Date | Description | Defendant's Objection | Ruling in Smith |
|---|---|---|---|---|---|---|
| 1.0014 | MRK-AFK0190650 | MRK-AFK0190650 | 02/01/2005 | J. Ng email re: Preliminary VICTOR CV counts | Incomplete, 401, 402, 403. Document should not be confused with preliminary data. The jurors provides preliminary data now superceded by final data. The jurors data when more complete data is available. Any probative value is substantially outweighed by prejudicial effect. Document is incomplete. | Reserve ruling. |
| 1.0015 | MRK-AFK0190651 | MRK-AFK0190651 | 02/01/2005 | VICTOR KM Plot of Time to Confirmed Thrombotic CV events for Protocol 145 | Incomplete, 401, 402, 403. Document provides preliminary data now superceded by final data. The jurors should not be confused with preliminary data when more complete data is available. Any probative value is substantially outweighed by prejudicial effect. Document is incomplete. | Reserve ruling. |
| 1.0016 | MRK-AFK0190652 | MRK-AFK0190652 | 02/01/2005 | VICTOR KM Plot of Time to APTC SAEs for Protocol 145 | Incomplete, 401, 402, 403. Document provides preliminary data now superceded by final data. The jurors should not be confused with preliminary data when more complete data is available. Any probative value is substantially outweighed by prejudicial effect. Document is incomplete. | Reserve ruling. |
| 1.0017 | MRK-NJ0070364 | MRK-NJ0070416 | 10/18/2000 | Vioxx Preliminary Cardiovascular Meta-Analysis Slide Set by Deborah Shapiro | None | Admissible. |
| 1.0019 | MRK-NJ0152620 | MRK-NJ0152623 | 10/27/1997 | Letter from John Oates to Alan Nies Re: Effect of Vioxx on Prostacyclin Biosynthesis | None | Admissible. |
| 1.0020 | MRK-NJ0000862 | MRK-NJ0000869 | 09/12/1996 | Memo from Terri Randall to Vioxx Project Team Members Re: Project team minutes of 9-4-96 | None | Admissible. |
| 1.0021 | MRK-01420099060 | MRK-01420099061 | 04/11/2001 | FDA-MRL Meeting NDA 21-042/S-007: VIGOR Re: Protocol 069 Minutes | 401, 402, 403. Pre-dates Mason's use of Vioxx and the April 2002 label. Any probative value is substantially outweighed by prejudicial effect. | Admissible. |

| Exhibit No. | Beginning Bates | Ending Bates | Document Date | Description | Defendant's Objection | Ruling in Smith |
|---|---|---|---|---|---|---|
| 1.0022 | MRK-01420101964 | MRK-01420101967 | 04/17/2001 | "April 17, 2001 ""approvable"" letter from Jonca Bull of the FDA to R. Silverman" | 401, 402, 403.  Pre-dates Mason's use of Vioxx and the April 2002 label.  Any probative value is substantially outweighed by prejudicial effect. | Admissible. |
| 1.0033 | MRK-AAD0329040 | MRK-AAD0329043 | 07/31/2003 | Standby Statement: Trials Of Vioxx (rofecoxib) in Alzheimer's disease | None | None. |
| 1.0042 | MRK-AA10000061 | MRK-AA10000124 | 12/31/1999 | Merck 1999 Annual Report – "Vioxx: Our biggest, fastest, and best launch ever" | None | None. |
| 1.0060 | MRK-AAR0073258 | MRK-AAR0073258 | | VID:Be the Power 2S01 | 401, 402, 403.  Irrelevant because there is no evidence Mason's prescriber or anyone else connected to this case ever saw this video.  Any probative value is substantially outweighed by prejudicial effect. | Reserve ruling. |
| 1.0061 | MRK-AAR0007240 | MRK-AAR0007248 | 05/23/2001 | Bulletin for Vioxx Action Required: Response to New York Times Article | None | Admissible. |
| 1.0062 | MRK-AAR0007383 | MRK-AAR0007384 | 04/28/2000 | Bulletin for Vioxx: New Resource: Cardiovascular Card | 401, 402, 403.  Any probative value is substantially outweighed by the danger of unfair prejudice.  Even if Mason's prescriber had seen the CV Card, use of the CV Card by Merck sales reps was discontinued upon approval of the April 2002 label, and the information in the CV Card was superceded by the information in that label. | Admissible. |
| 1.0063 | MRK-AAR0007570 | MRK-AAR0007699 | 01/01/2000 | Memo from Market Integration Team for Vioxx Re: Top Ten Obstacle Handlers and Obstacle Response Guide Vioxx | 401, 402, 403.  Irrelevant because there is no evidence that any case-specific sales reps saw or used these.  Any probative value is substantially outweighed by prejudicial effect. | Admissible. |
| 1.0064 | MRK-AAR0010111 | MRK-AAR0010126 | | Obstacle Jeopardy | 401, 402, 403.  Any probative value is substantially outweighed by prejudicial effect.  Irrelevant because there is no evidence that anyone in this case ever saw this document. | Admissible. |
| 1.0068 | MRK-AAR0021103 | MRK-AAR0021108 | 08/21/2001 | "Bulletin for Vioxx: Action Required: Response to JAMA, ""Risk of Cardiovascular Events Associated with Selective COX-2 Inhibitors""" | None | Admissible. |

| Exhibit No. | Beginning Bates | Ending Bates | Document Date | Description | Defendant's Objection | Ruling in Smith |
|---|---|---|---|---|---|---|
| 1.0069 | MRK-AAR0021110 | MRK-AAR0021110 | 08/30/2001 | Letter from Lewis Sherwood to Healthcare Provider | None | Admissible. |
| 1.0074 | MRK-AAX0000597 | MRK-AAX0000600 | 08/21/2001 | "Merck News Release ""Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx""" | None | None. |
| 1.0076 | MRK-AAX0000696 | MRK-AAX0000705 | | "Deaths in MK-0966 Studies 078, 091, 126" | Incomplete, 401, 402, 403. Incomplete document. Irrelevant because document concerns mortality and all-cause mortality, neither of which are at issue in this case. Any probative value is substantially outweighed by prejudicial effect. | Admissible. |
| 1.0077 | MRK-AAX0000710 | MRK-AAX000724 | 04/08/2001 | Memo from J. Chen to R. Bain re: MK-0966 protocol 078 prevention trial / summary of the interim mortality analyses | 401, 402, 403. Irrelevant because document concerns mortality and all-cause mortality, neither of which are at issue in this case. Any probative value is substantially outweighed by prejudicial effect. | Admissible with witness who knows something about it. |
| 1.0078 | MRK-AAX0000725 | MRK-AAX0000751 | 04/04/2001 | "Memo from J. Chen to R. Bain re: MK-0966 protocol 091 first AD treatment trial / summary of the mortality analysis" | 401, 402, 403. Irrelevant because document concerns mortality and all-cause mortality, neither of which are at issue in this case. Any probative value is substantially outweighed by prejudicial effect. | Admissible with appropriate person. |
| 1.0079 | MRK-AAX0000752 | MRK-AAX0000776 | 04/08/2001 | Memo from Joshua Chen to Raymond Bain RE: Combined Mortality Analysis Protocol 091 + Protocol 078 | 401, 402, 403. Irrelevant because document concerns mortality and all-cause mortality, neither of which are at issue in this case. Any probative value is substantially outweighed by prejudicial effect. | Admissible. |
| 1.0082 | MRK-AAX0002413 | MRK-AAX0002420 | 11/21/1996 | "Memo from Thomas Musliner to B. Friedman, A. Nies and R. Specter; Subject: Anticipated consequences of NSAID Antiplatelet effects of cardiovascular events and effects of excluding low-dose aspirin use in the Cox-2 GI Outcomes Megatrial" | None | None. |
| 1.0084 | MRK-AAX0002759 | MRK-AAX0002759 | 12/20/1999 | Letters between Michael Weinblatt & Alise Reicin Re: VIGOR Trial | None | Admissible. |

| Exhibit No. | Beginning Bates | Ending Bates | Document Date | Description | Defendant's Objection | Ruling in Smith |
|---|---|---|---|---|---|---|
| 1.0085 | MRK-AAX0002760 | MRK-AAX0002760 | 01/24/2000 | Letter to Alise Reicin from Michael Weinblatt Re: Merck Management's Position on Serious Thrombotic and Embolic Cardiovascular Adverse Events | 801, 802. This is hearsay -- out of court statement by non-Merck witness offered for its truth. | Admissible with appropriate person. |
| 1.0086 | MRK-AAX0002761 | MRK-AAX0002766 | 02/07/2000 | "Letter from Alise Reicin to Michael Weinblatt, MD re: Merck's for analyzing Adverse experiences in VIGOR" | None | None. |
| 1.0087 | MRK-AAX0002768 | MRK-AAX0002850 | 03/02/2000 | "Statistical Data Analysis Plan Amendment No. 1 for VIGOR by Deborah Shapiro, et al." | None | None. |
| 1.0088 | MRK-AAX0002894 | MRK-AAX0002895 | 01/24/2000 | "Email from Thomas Capizzi to Alise Reicin, et al. Re: VIGOR CV Events Analysis" | None | None. |
| 1.0089 | MRK-AAX0002908 | MRK-AAX0002911 | 01/17/2000 | "Email from Thomas Capizzi to Alise Reicin, et al. Re: VIGOR CV Events Analysis" | None | None. |
| 1.0091 | MRK-AAX0008561 | MRK-AAX0008581 | 10/15/2001 | Draft VIOXX Label | 401, 402, 403. Pre-dates Mason's use of Vioxx and the April 2002 label. Any probative value is substantially outweighed by prejudicial effect. | Admissible. |
| 1.0092 | MRK-AAZ0001608 | MRK-AAZ0001609 | 05/08/2001 | Email from Edward Scolnick to Laura Demopoulos Re: Topol Idea | None | None. |
| 1.0093 | MRK-AAZ0002085 | MRK-AAZ0002086 | 08/20/2001 | E. Scolnick email RE: Canine thrombosis paper | None | None. |
| 1.0095 | MRK-ABA0003490 | MRK-ABA0003491 | 02/04/2002 | Letter from Carlos Patrono to Dr. Braunwald Re: VALOR-TIMI 30 protocol | 801, 802. The document is hearsay and should not be admitted. | Admissible with writer or receiver. |
| 1.0098 | MRK-ABA0009600 | MRK-ABA0009600 | 06/12/2001 | "Email from L. Demopulos to Douglas Greene, et al. Re: Topol Manuscript" | None | None. |
| 1.0102 | MRK-ABC0050063 | MRK-ABC 0050063 | 01/03/2002 | "Email from Edward Scolnick to Douglas Greene, et al. Re: CV Outcomes Studies with Vioxx" | None | None. |
| 1.0106 | MRK-ABC0002150 | MRK-ABC0002150 | 11/17/1997 | Letter from John Oates to Barry Gertz re: origin of beta-oxidation metabolite of prostacyclin | None | Admissible. |
| 1.0107 | MRK-ABC0002198 | MRK-ABC0002198 | 09/28/1998 | Memo from Martino Laurenzi to Alan Nies Re: Proposal of Prof. Patrono in the fields of CV and Renal Physiopathology | None | None. |
| 1.0108 | MRK-ABC0002199 | MRK-ABC0002200 | 09/09/1998 | Letter from Carlos Patrono to Martino Laurenzi Re: Viva Prostacyclin Biosynthesis | None | Admissible. |
| 1.0109 | MRK-ABC0003401 | MRK-ABC0003401 | 02/08/1996 | Scolnick memo: beating Searle to market | None | None. |
| 1.0115 | MRK-ABC0017484 | MRK-ABC0017484 | 08/13/1997 | "Memo from Alan Nies and Alise Reicin to Jim Bolognese, et al. MK-0966 GI Outcomes Study" | None | Admissible. |

| Exhibit No. | Beginning Bates | Ending Bates | Document Date | Description | Defendant's Objection | Ruling in Smith |
|---|---|---|---|---|---|---|
| 1.0116 | MRK-ABC0022825 | MRK-ABC0022878 | 04/27/2000 | Alan Nies' Presentation in the Board of Advisors Re: VIGOR Preliminary Result | None | None. |
| 1.0118 | MRK-ABC0033809 | MRK-ABC0033809 | 04/12/2000 | "Email from Alise S. Reicin to Edward M. Scolnick, et al. Re: RA and CV Mortality" | None | Admissible. |
| 1.0120 | MRK-ABC0035654 | MRK-ABC0035657 | 11/20/2001 | Memo on protocol 136 results | None | None. |
| 1.0122 | MRK-ABC0048699 | MRK-ABC0048706 | 10/10/1996 | Research Management Committee No. 96-10 – Blue Bell | None | Admissible. |
| 1.0124 | MRK-ABD0002346 | MRK-ABD0002347 | 01/28/2001 | Email from Edward Scolnick to Eve Slate Re: OPDRA Report vs. FOI | 401, 402, 403. Irrelevant, and any probative value is substantially outweighed by prejudicial effect. Also should be excluded if Fries letter (PX 1.0176) is excluded. | Admissible with writer or receiver. |
| 1.0125 | MRK-ABG0001226 | MRK-ABG0001243 | 04/11/2002 | VIOXX Label Change Questions and Answers | None | None. |
| 1.0128 | MRK-ABH0002230 | MRK-ABH0002231 | 11/28/2001 | "PHA(MO), MRK(RL) COX-2 Conference Call Review - Goldman, Sachs Review" | 401, 402, 403, 801, 802. Stock analyst report is hearsay. Financial forecasts are irrelevant and unfairly prejudicial, especially in compensatory phase. | Reserve ruling. |
| 1.0130 | MRK-ABH0014002 | MRK-ABH0014002 | 01/13/1998 | Email from A. Ford-Hutchinson to E. Scolnick RE: Tylenol and cox 2 | None | None. |
| 1.0131 | MRK-ABH0015578 | MRK-ABH0015578 | 05/14/1999 | "Email from Edward Scolnick to David W. Blois, et al. Re: VIOXX US Circular" | 401, 402, 403. Pre-dates Mason's use of Vioxx, and pre-dates the April 2002 label. Any probative value is substantially outweighed by prejudicial effect. | Admissible with writer or receiver. |
| 1.0132 | MRK-ABH0016219 | MRK-ABH0016219 | 03/09/2000 | Email from Edward Scolnick to Deborah Shapiro et al; Subject: vigor | 401, 402, 403. Irrelevant, and any probative value is substantially outweighed by prejudicial effect. Concerns preliminary analysis of data which was subsequently revised. | Admissible with writer or receiver. |
| 1.0133 | MRK-ABH0017386 | MRK-ABH0017386 | 03/13/2000 | Email from Alise Reicin to Edward Scolnick Re: An Additional Article Stating the Potential Cardioprotective Effects of an NSAID. | None | None. |

| Exhibit No. | Beginning Bates | Ending Bates | Document Date | Description | Defendant's Objection | Ruling in Smith |
|---|---|---|---|---|---|---|
| 1.0136 | MRK-ABH0017846 | MRK-ABH0017847 | 04/03/2000 | "Email from Alise Reicin to Deborah Shapiro, et al. Re: Update to thromboembolic CVD cases VIGOR" | Incomplete, 401, 402, 403. Document provides preliminary data now superceded by final data. The jurors should not be confused with preliminary data when more complete data is available. Any probative value is substantially outweighed by prejudicial effect. Document is incomplete. | Admissible with writer or receiver. |
| 1.0138 | MRK-ABI0000515 | MRK-ABI0000515 | 04/16/1999 | Email from Jan Nissen to Marty Carroll Re: VIOXX Launch Meeting Theme Party | 401, 402, 403. Irrelevant and any probative value is substantially outweighed by prejudicial effect, especially in compensatory phase. | Admissible. |
| 1.0140 | MRK-ABI0001556 | MRK-ABI0001556 | 02/23/1998 | "Memo from David Anstice to J. Carroll, et al. Re: Pfizer and the promotion of Celebrex - we CANNOT LOSE" | 401, 402, 403. Irrelevant, and unfairly prejudicial, especially in compensatory phase. | Admissible. |
| 1.0143 | MRK-ABI0000921 | MRK-ABI0000937 | 05/17/2000 | HHPAC Presentation-Key Marketing Messages | 401, 402, 403. Irrelevant, and unfairly prejudicial, especially in compensatory phase. | Admissible. |
| 1.0145 | MRK-ABI0002126 | MRK-ABI0002128 | 05/08/2000 | Email from Dixon to Edward Scolnick Re: Renal and CV Issues for Vioxx | 401, 402, 403. Any probative value is substantially outweighed by prejudicial effect. | Reserve ruling. |
| 1.0149 | MRK-ABI0002784 | MRK-ABI0002784 | 10/19/2000 | "Email from Leonard Tacconi to David Anstice, et al. Re: Vioxx DTC Campaign" | 401, 402, 403. Irrelevant because there is no evidence that Mr. Mason started taking Vioxx as a result of direct-to-consumer advertising. Any probative value is substantially outweighed by prejudicial effect. | Reserve ruling. |
| 1.0151 | MRK-ABI0003148 | MRK-ABI0003155 | 10/01/2001 | Letter from David Anstice to Thomas Abrams Re: Response to DDMAC's 9-17-01 Warning Letter | Conditional: 401, 402, 403. No objection if Warning Letter is admitted. If the warning letter is excluded, object to this exhibit because it would be prejudicial. | Admissible with warning letter. |
| 1.0152 | MRK-ABI0003228 | MRK-ABI0003230 | 05/22/2001 | Press Release - Merck confirms favorable CV safety profile of Vioxx | None | Admissible. |
| 1.0154 | MRK-ABI0003291 | MRK-ABI0003293 | 12/16/1999 | Letter from Spencer Salis to Ellen R. Westrick Re: Homemade Promotional Pieces | 401, 402, 403. Concerns homemade marketing pieces that have nothing to do with this case. The letter is overly prejudicial, especially since it has no probative value. | Admissible. |

| Exhibit No. | Beginning Bates | Ending Bates | Document Date | Description | Defendant's Objection | Ruling in Smith |
|---|---|---|---|---|---|---|
| 1.0155 | MRK-ABI0004488 | MRK-ABI0004499 | 05/24/1999 | VIOXX Launch Meeting - Remarks of Anstice - Remarks to Representatives | 401, 402, 403. Irrelevant, and unfairly prejudicial. | Admissible. |
| 1.0156 | MRK-ABI0005078 | MRK-ABI0005078 | 02/25/1999 | "Vioxx Product Release Meeting, Ray Gilmartin Dinner Speech, Mar 4, Talking Points" | None | Admissible. |
| 1.0158 | MRK-ABI0005912 | MRK-ABI0005915 | 12/06/2001 | Email from David W. Anstice to Edward M. Scolnick Re: FW: Analyst Report on VIOXX | 401, 402, 403, 801, 802. The analyst report is hearsay. Irrelevant, and any probative value is substantially outweighed by prejudicial effect. | Admissible with receiver or sender. |
| 1.0160 | MRK-ABI0007170 | MRK-ABI0007173 | 01/23/2001 | Memo from Sherwood to Anstice Re: Academic Interactions | 401, 402, 403, 801, 802. Irrelevant since it relates to doctors that have nothing to do with this case. Any probative value is substantially outweighed by prejudicial effect. Also contains hearsay from non-Merck personnel. | Admissible. |
| 1.0166 | MRK-ABI0011027 | MRK-ABI0011081 | 07/15/2002 | Long Range Operating Plan: 2002-2007 for Vioxx & Arcoxia | 401, 402, 403. Sales data are irrelevant and unfairly prejudicial, especially in compensatory phase. | Reserve ruling. |
| 1.0167 | MRK-ABK0311068 | MRK-ABK0311068 | 09/29/1998 | Nies Handwritten Memo Re: Carlo Patrono | None | Admissible. |
| 1.0173 | MRK-ABO0000070 | MRK-ABO0000071 | | Dear Dr. Schafer from Louis Sherwood-Placing VIOXX news reports in context | 401, 402, 403. No connection to this case. Any probative value is substantially outweighed by prejudicial effect. | Admissible. |
| 1.0175 | MRK-ABO0000220 | MRK-ABO0000220 | 08/28/2001 | Letter from Kenneth Sprcher to the JAMA Editor Re: Letter from Louis Sherwood ("spin of medical literature") | 401, 402, 403, 801, 802. Irrelevant because there is no evidence that Mason's prescribing physician or anyone else in this case ever saw the letter referenced in this document. Any probative value is substantially outweighed by prejudicial effect. Entire document consists of hearsay statements by non-Merck personnel. | Admissible. |

| Exhibit No. | Beginning Bates | Ending Bates | Document Date | Description | Defendant's Objection | Ruling in Smith |
|---|---|---|---|---|---|---|
| 1.0176 | MRK-ABO0000250 | MRK-ABO0000253 | 01/09/2001 | Letter from James Fries to Raymond Gilmartin Re: Dr. Sherwood's Complaints about Dr. Gurkipal Singh ("Merck Damage Control by Intimidation") | 401, 402, 403, 602, 801, 802. No evidence that anyone in this case had discussed in the letter. Any probative value is substantially outweighed by the risk of unfair prejudice. Any contact with any of the doctors Document contains hearsay statements by non-Merck personnel. | Reserve ruling. |
| 1.0177 | MRK-ABO0000257 | MRK-ABO0000263 | 03/27/2001 | "Memo from Tracy Mills & Susan Baumgartner to Wendy Dixon, et al. Re: Scientific Communication Plan for VIOXX" | 401, 402, 403. Irrelevant because no evidence anyone in this case was exposed to these particular marketing messages. Any probative value is substantially outweighed by the risk of unfair prejudice. Document is also incomplete and is missing Attachment #4. | Admissible. |
| 1.0184 | MRK-ABO0002864 | MRK-ABO0002865 | 11/08/2000 | Email from Marilyn Krule to David Abrahamson, et al. Re: Meeting Dr. Gurkipal Singh | 401, 402, 403, 801, 802. The email is full of hearsay and double hearsay. The email is also irrelevant because it relates to the comments of a California doctor who has no connection to Mr. Mason's use of Vioxx. | Reserve ruling. |
| 1.0192 | MRK-ABP0016650 | MRK-ABP0016677 | | Vioxx AD Program Slide Set | None | None. |
| 1.0198 | MRK-ABS0037036 | MRK-ABS0037048 | 12/30/1997 | Plan to Evaluate the Incidence of Cardiovascular SAEs in the Phase IIb/III Vioxx (MK-0966) Osteoarthritis Clinical Trials | None | None. |
| 1.0200 | MRK-ABS0066396 | MRK-ABS0067019 | 10/26/1998 | Vioxx NDA Clinical Efficacy Clinical Safety - E. Clinical Safety - MK-0966 Clinical Documentation | None | None. |
| 1.0206 | MRK-ABS0212130 | MRK-ABS0212132 | 09/15/1999 | Email from Eric Mortensen to Cynthia Arnold et al re: FW: John Baron's Feedback | None | None. |
| 1.0211 | MRK-ABS0344100 | MRK-ABS0344100 | 01/03/2002 | Email from Lawson to Reines; in re NSAID plus aspirin | None | |
| 1.0220 | MRK-ABT0022637 | MRK-ABT0022638 | 01/09/2000 | "Emails between Nancy Santanello, Douglas Watson, Alise Reicin, et al. Re: Stroke Outcomes" | None | None. |
| 1.0221 | MRK-ABT0022650 | MRK-ABT0022657 | 01/18/2000 | "Email from Douglas Watson to Thomas Capizzi, et al. Re VIGOR CV Events Analysis" | None | None. |

| Exhibit No. | Beginning Bates | Ending Bates | Document Date | Description | Defendant's Objection | Ruling in Smith |
|---|---|---|---|---|---|---|
| 1.0225 | MRK-ABW0003690 | MRK-ABW0003690 | 11/09/2001 | Email from Paul Fonteyne to Thomas Cannell RE Dorothy Hamill Campaign Quantitative Results | None | None. |
| 1.0226 | MRK-ABW0005623 | MRK-ABW0005625 | 09/13/2001 | Email from Steven A. Nichtberger to Wendy L. Dixon Re: Conducting a CV Study | None | Admissible. |
| 1.0227 | MRK-ABW0010182 | MRK-ABW0010184 | 08/25/2001 | "Email from Kenneth Sperling to Alan Nies, et al. Re: Urgent decision on CV meta-analysis journal selection" | None | None. |
| 1.0229 | MRK-ABW0011956 | MRK-ABW0011957 | 09/28/2001 | Email from David Anstice to Wendy Dixon RE: Vioxx CV Outcomes Trial Press Release | None | Admissible. |
| 1.0234 | MRK-ABX0002309 | MRK-ABX0002332 | | Original Label Submission For VIGOR | 401, 402, 403. Pre-dates Mason's use of Vioxx and the April 2002 label. Any probative value is substantially outweighed by prejudicial effect. | Admissible. |
| 1.0235 | MRK-ABX0002367 | MRK-ABX0002404 | 02/01/2001 | "Memo from Shari L. Targum to Sandra Cook, et al. Re: Consultation NDA 21-042, S-007 Review of Cardiovascular Safety Database" | None | None. |
| 1.0240 | MRK-ABX0050244 | MRK-ABX0050253 | | Pharmaceutical Research and Manufacturers of America's Code on Interactions with Healthcare Professionals | 401, 402, 403. Irrelevant and unfairly prejudicial. Also is hearsay - 3rd party document. | Reserve ruling. |
| 1.0255 | MRK-ABY0030000 | MRK-ABY0030030 | 05/01/2001 | "Memo from Joshua Chen to Raymond Bain Re: MK-0966 AD Program Mortality Analysis for Protocol 091, 078, & 126" | 401, 402, 403. Irrelevant because document concerns mortality and all-cause mortality, neither of which are at issue in this case. Any probative value is substantially outweighed by prejudicial effect. | Admissible. |
| 1.0265 | MRK-ACD0068340 | MRK-ACD0068344 | | FDA's VIGOR Label | 401, 402, 403. Pre-dates Mason's use of Vioxx, and pre-dates the April 2002 label. Any probative value is substantially outweighed by prejudicial effect. | Admissible. |
| 1.0268 | MRK-ACD0089944 | MRK-ACD0089944 | 12/05/2001 | FDA Information Request--Alzheimer's CV mortality (ethics of continuing the study in light of mortality data) | 401, 402, 403. Irrelevant because document concerns mortality and all-cause mortality, neither of which are at issue in this case. Any probative value is substantially outweighed by prejudicial effect. | |

| Exhibit No. | Beginning Bates | Ending Bates | Document Date | Description | Defendant's Objection | Ruling in Smith |
|---|---|---|---|---|---|---|
| 1.0278 | MRK-ACF0004015 | MRK-ACF0004016 | 01/27/2001 | "Email from Eliav Barr to Deborah Shapiro, et al. Re: All death, MI and CVA in VIGOR and Alzheimer Disease" | 401, 402, 403. Irrelevant because document concerns mortality and all-cause mortality, neither of which are at issue in this case. Any probative value is substantially outweighed by prejudicial effect. | Admissible. |
| 1.0281 | MRK-ACF0005697 | MRK-ACF0005699 | 08/15/2001 | "Email from Briggs Morrison to Rhoda Sperling, et al. Re: Konstam JAMA Article" | None | None. |
| 1.0283 | MRK-ACG0000828 | MRK-ACG0000839 | 01/21/1999 | DiCesine memo re: Clinical development oversight committee meeting / January 6 1999 | None | None. |
| 1.0287 | MRK-ACI0013234 | MRK-ACI0013240 | 11/19/2001 | Dear Healthcare Provider - Correction of Drug Information - Holt audio conference - FDA mandates possibility that Vioxx increases MI risk - but compare with marketing material | Conditional: 401, 402, 403. Merck does not object if the Warning Letter is admitted. If the Warning Letter is not admitted, this document is irrelevant because no evidence anyone in this case saw this letter or participated in the referenced audioconference. Also, any probative value is substantially outweighed by prejudicial effect. | Admitted with warning letter. |
| 1.0288 | MRK-ACI0013241 | MRK-ACI0013246 | 11/19/2001 | Attachments to Casola to Abrams letter | Conditional: 401, 402, 403. Merck does not object if the Warning Letter is admitted. If the Warning Letter is not admitted, this document is irrelevant because no evidence anyone in this case saw this letter or attended the referenced conferences. Also, any probative value is substantially outweighed by prejudicial effect. | Admitted with warning letter. |
| 1.0298 | MRK-ACR0008985 | MRK-ACR0008985 | 01/31/2001 | "Email from Edward Scolnick to Raymond Gilmartin, et al. Re: Monday MC" | Reference to Dr. Fries should be excluded if Fries letter (PX 1.0176) is excluded. | Admissible with sender or receiver. |
| 1.0299 | MRK-ACR0009066 | MRK-ACR0009066 | 02/11/2001 | Email from Edward Scolnick to Douglas Greene Re: Fries Letter Followup | 401, 402, 403. Irrelevant because document has nothing to do with any of the doctors in this case. Any probative value is substantially outweighed by prejudicial effect. Also should be excluded if Fries letter (PX 1.0176) is excluded. | Admissible with sender or receiver. |

| Exhibit No. | Beginning Bates | Ending Bates | Document Date | Description | Defendant's Objection | Ruling in Smith |
|---|---|---|---|---|---|---|
| 1.0300 | MRK-ACR0009151 | MRK-ACR0009152 | 04/06/2001 | Email from Edward Scolnick to Douglas Greene Re: VIGOR Approval Letter | 401, 402, 403. Pre-dates Mason's use of Vioxx and the April 2002 label. Any probative value is substantially outweighed by prejudicial effect. | Admissible with sender or receiver. |
| 1.0302 | MRK-ACR0009277 | MRK-ACR0009277 | 10/04/2001 | Email from Scolnick to Greene: vioxx VIGOR label status (and pushing FDA on timing) | 401, 402, 403. Pre-dates Mason's use of Vioxx and the April 2002 label. Any probative value is substantially outweighed by prejudicial effect. | Admissible. |
| 1.0304 | MRK-ACR0009295 | MRK-ACR0009296 | 11/19/2001 | E. Scolnick email to Gilmartin, D. Greene, et al re: ASA use predicted PUB rate / Low dose aspirin endo study | None | None. |
| 1.0305 | MRK-ACR0009297 | MRK-ACR0009297 | 02/25/2002 | Email from Edward Scolnick to Bonnie J. Goldmann Re: VIOXX Label: "do you believe in miracles?" | None | Admissible. |
| 1.0309 | MRK-ACR0014502 | MRK-ACR0014503 | 03/21/2001 | Email from Gilbert Block to Edward Scolnick et al Re: Vioxx AD Safety Data - Imbalance in the number of deaths. | 401, 402, 403. Irrelevant because document concerns mortality and all-cause mortality, neither of which are at issue in this case. Any probative value is substantially outweighed by prejudicial effect. | Admissible. |
| 1.0311 | MRK-ACR0040000 | MRK-ACR0040024 | 04/08/2001 | Report prepared by Joshua Chen to Raymond Bain Regarding a Summary of MK-0966 Combined Mortality Analysis | 401, 402, 403. Irrelevant because document concerns mortality and all-cause mortality, neither of which are at issue in this case. Any probative value is substantially outweighed by prejudicial effect. | Reserve ruling. |
| 1.0328 | MRK-ACX0005041 | MRK-ACX0005041 | | National Advocates - Call in Next 10 Business Days | None | None. |
| 1.0329 | MRK-ACX0005129 | MRK-ACX0005132 | 10/04/2000 | Memo from Susan Baumgartner to Lou Sherwood Re Interactions with Gurkipal Singh | 401, 402, 403, 801, 802. The document contains numerous hearsay statements by non-Merck persons. The document is also irrelevant because it relates to this case attended. Any probative value is substantially outweighed by prejudicial effect. presentations that none of the doctors in | Reserve ruling. |

| Exhibit No. | Beginning Bates | Ending Bates | Document Date | Description | Defendant's Objection | Ruling in Smith |
|---|---|---|---|---|---|---|
| 1.0331 | MRK-ACX0007803 | MRK-ACX0007805 | 10/18/2000 | DTC Spending for Vioxx Memo | 401, 402, 403. Irrelevant because there is no evidence that Mr. Mason began taking Vioxx due to direct-to-consumer advertising. Financial data are irrelevant in the compensatory phase. | Admissible. |
| 1.0339 | MRK-ADB0009039 | MRK-ADB0009042 | | A Roadmap to the CV Card (addressing physician's questions about CV effects VIOXX) | 401, 402, 403. Even if Mason's prescriber had seen the CV Card, use of the CV Card by Merck sales reps was discontinued upon approval of the April 2002 label, and the information in the CV Card was superceded by the information in that label. | Admissible. |
| 1.0340 | MRK-ADB0046424 | MRK-ADB0046427 | 04/21/2004 | Bulletin for Vioxx / Background and obstacle responses on retrospective observational analysis -/ Solomon article No. COX 04-023 | 401, 402, 403. Irrelevant because there is no evidence Mr. Mason's doctors discussed referenced study with Merck sales reps. Any probative value is substantially outweighed by prejudicial effect. | Admissible. |
| 1.0352 | MRK-ADG0035340 | MRK-ADG0035340 | 11/22/2001 | "Email from Adam Schechter to Thomas Cannell, et al. Re: CV Study Design" | None | None. |
| 1.0353 | MRK-ADI0005375 | MRK-ADI0005502 | 05/19/1999 | FDA Medical Officer NDA Review of Vioxx | None | Admissible. |
| 1.0354 | MRK-ADI0007971 | MRK-ADI0007972 | 06/04/1999 | Email correspondence between Scolnick and Weiner (Vioxx off to slow start in first 6 days on market) | 801, 802. The document is hearsay. | Admissible with sender or receiver. |
| 1.0355 | MRK-ADI0007973 | MRK-ADI0007974 | 06/04/1999 | Email correspondence between Scolnick and Weiner (Vioxx off to slow start in first 7 days on market) | 401, 402, 403, 801, 802. The document is hearsay. Financial estimates are irrelevant in compensatory phase. Any probative value is substantially outweighed by prejudicial effect. | Reserve ruling. |
| 1.0356 | MRK-ADI0007975 | MRK-ADI0007975 | 06/04/1999 | Email correspondence between Scolnick and Weiner re: prescriptions for Vioxx | 401, 402, 403. Reference to original label is irrelevant because label pre-dates Mr. Mason's Vioxx use and April 2002 label. Any probative value is substantially outweighed by prejudicial effect. | Admissible. |