UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| | * | |
| | * | |
| * * * * * * * * * * * * * * * * * | * | |

JOINT REPORT NO. 20 OF
PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC")

submit this Joint Report No. 20.

I.      LEXIS/NEXIS FILE & SERVE

PLC and DLC continue to report to the Court on the status of docketing cases and

uploading those cases to Lexis/Nexis File & Serve.  Cases recently transferred to the Eastern

District of Louisiana continue to experience a brief delay between the docketing of the Final

Transfer Order on which the cases appear and the receipt of the records from the original

transferor courts.  Until such time as the record of a case is actually received by the Clerk of

Court in the Eastern District of Louisiana, the Clerk's office cannot officially docket the case in

the Eastern District of Louisiana and as a result there are delays in uploading to Lexis/Nexis File

841289v.1

& Serve. Within several days of the actual docketing of a case in the Eastern District of Louisiana, the case is uploaded to Lexis/Nexis File & Serve and counsel are able to access the case. Defense Liaison Counsel has requested that counsel for Plaintiffs continue to notify Dorothy Wimberly at dwimberly@stonepigman.com if a case is not available on Lexis/Nexis File & Serve. Notice should include the case name and Eastern District of Louisiana case number. PLC and DLC continue to provide Lexis/Nexis with a current service list of counsel in the Vioxx MDL. Additionally, counsel are reminded that they should upload pleadings and other documents to their individual cases. Pleadings and documents should not be uploaded to the "Master Case" unless the pleadings and documents relate to all cases. The parties will be prepared to discuss this further at the monthly status conference on December 14, 2006.

II.    STATE COURT TRIAL SETTINGS

The following is the updated current listing provided by Merck of state court cases set for trial through August 31, 2007: The claims of four plaintiffs (Carver, Hermans, Kieley and Humeston) will be tried in the New Jersey Superior Court, Atlantic County, beginning on January 16, 2007. The *Schwaller* case is set for trial in Illinois Circuit Court, Madison County, on February 20, 2007. The *McCool* case is set for trial in the Philadelphia Court of Common Pleas ("PCCP") on February 26, 2007 and the *Schramm* case is set to be tried in the PCCP on May 21, 2007. The *Gladding* case is set for trial in Nevada District Court, Washoe County, on June 11, 2007. The *Slatton* case is set for trial in Alabama Circuit Court, Jefferson County, on June 18, 2007.

III.    SELECTION OF CASES FOR EARLY FEDERAL COURT TRIAL

The parties are discussing convenient dates for a hearing on the Motion for New Trial in the *Irvin/Plunkett* case and will thereupon check with the Court to arrange a hearing date.

- 2 -

On August 30, the Court ordered a new trial on the issue of damages only, in the *Barnett* case.  Merck's renewed motion for judgment as a matter of law and its alternative motion for new trial on all issues are currently pending before the Court.  Plaintiff and the PSC have filed responsive pleadings.  Retrial of the case is set for October 29, 2007.

The *Dedrick* trial commenced on November 27, 2006 and is ongoing.  The parties will be prepared to discuss this further at the monthly status conference on December 14, 2006.

## IV.   CLASS ACTIONS

On November 22, 2006, the Court denied the PSC's Motion to Certify a Nationwide Personal Injury and Wrongful Death Class.  The Court has under advisement Defendants' Rule 12 Motions to Dismiss the Master Complaints for Medical Monitoring and Purchase Claims. The parties will be prepared to discuss this further at the monthly status conference on December 14, 2006.

## V.   DISCOVERY DIRECTED TO MERCK

Merck advises that it will continue to make productions of documents, as identified by members of the PSC as priorities, on a rolling basis.

Following the May 25, 2006 ruling of the United States Court of Appeals for the Fifth Circuit, on June 5, 2006, regarding Merck's assertion of privilege to certain documents in connection with Merck's Privilege Log, DLC delivered to the Court documents for which it has asserted privilege for review by the Court and additional information.  The parties met with the Court on several occasions to discuss further actions to be taken as a result of the ruling from the Fifth Circuit.  The parties await ruling from the Court regarding the privilege claimed as to certain documents.  The parties will be prepared to discuss this further at the monthly status conference on December 14, 2006.

841289v.1

On September 21, 2006, the PSC served its Third Set of Interrogatories and Requests for Production of Documents Directed to Defendant, Merck & Co., Inc. Merck provided a Second Supplemental Response to the PSC's First Set of Interrogatories and an Amended and Supplemental Response and Objections to the PSC's First Request for Production of Documents on October 12, 2006.   The PSC has advised Merck that it has reviewed the responses and that it believes the responses relating to insurance matters, arbitration, and the Martin Report are inadequate.   The parties continue to address these issues and will be prepared to discuss this further at the monthly status conference on December 14, 2006.

VI.     DISCOVERY DIRECTED TO THE FDA

The FDA production of documents responsive to the PSC subpoena continues to occur in waves.

VII.    DISCOVERY DIRECTED TO THIRD PARTIES

PLC has advised the Court and DLC that the PSC continues to issue third-party notices of depositions for the production of documents.

With respect to the letter from the PSC dated March 16, 2006 requesting intervention by the Court on whether Merck should have the right to review documents produced by Ogilvy and DDB in response to discovery requests by the PSC, the Court has advised it will review the documents and make a determination as to whether the documents are privileged and whether Merck waived its privilege by providing the documents to Ogilvy and DDB.  The parties await further rulings from the Court.

VIII.   DEPOSITION SCHEDULING

The parties continue to notice and cross-notice depositions in the MDL.  If and when any other issues arise regarding the scheduling of depositions, the Court will be advised and motions will be requested on an expedited basis.

On December 8, 2006, the PSC filed a Motion for Protective Order Relative to the Perpetuation Deposition of Dr. Eliav Barr and the Discovery Deposition of Robert Silverman and for Expedited Re-Review and/or Release of Certain Documents Previously Found Not to Be Privileged.  On December 11, 2006, the Court granted an Order postponing the perpetuation deposition of Dr. Eliav Barr and the discovery deposition of Robert Silverman pending a ruling on the PSC's motion.  The motion seeks to have access to the documents alleged to be privilege by Merck prior to the taking of the depositions.  The parties will be prepared to discuss this further at the monthly status conference on December 14, 2006.

IX.   PLAINTIFF PROFILE FORM AND MERCK PROFILE FORM

On August 11, August 23, and September 7, 2006, Merck filed Rules to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Provide Any Response to the Plaintiff Profile Form as Required by Pre-Trial Order 18C.  Two of the Rules came for hearing on October 26, 2006 and eight cases were dismissed with prejudice and others were amicably resolved.  Regarding the third rule, on December 4, Judge Fallon dismissed all nine cases with prejudice.  Plaintiff's counsel in the *Frank Pescatello* case moved to vacate plaintiff's dismissal with Prejudice.  Judge Fallon advised the parties that on December 14, he would rule on this motion from the bench.  Merck filed its opposition on December 4.

Merck advises it has deferred filing similar Rules against Louisiana, *pro se* and all remaining plaintiffs who have failed to submit PPFs, but that the time is approaching where it

- 5 -

will need to file such motions.  The PSC will oppose the request for dismissals.  The parties will be prepared to discuss this further at the monthly status conference on December 14, 2006.

On August 24, 2006, PSC filed a Motion to Compel the Production of Merck Profile Forms ("MPFs"), Supplemental MFPs and for an Order Compelling Merck to Cease and Desist Delaying the Production of MPFs Based on Unwarranted Grounds.  On September 12, Merck filed its opposition to PSC's motion to compel production of MPFs.  The matter was addressed by the Court at the September 28, 2006 status conference and again at a conference that occurred on October 11, 2006.  On November 1, 2006, the PSC and Merck submitted additional briefing, along with proposed orders.  On November 2, 2006, the Court indicated that the Court would resolve the issue based upon the record before the Court.  The parties will be prepared to discuss this further at the monthly status conference on December 14, 2006.

## X.    STATE/FEDERAL COORDINATION -- STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications.  The parties will be prepared to discuss this further at the monthly status conference on December 14, 2006.

## XI.    *PRO SE* CLAIMANTS

From time to time, as the Court issues additional Orders directing PLC to take appropriate action regarding filings made by various *pro se* individuals, PLC will continue to communicate with the various *pro se* claimants and advise them of attorneys in their respective states and other pertinent information regarding the MDL.  DLC will continue to discuss with PLC Merck's obligation to respond to complaints filed by *pro se* individuals in those instances where the complaints have not been served.

841289v.1

XII.   IMS DATA

Merck advises that IMS data for plaintiffs' prescribing physicians in the *Mason*, and *Dedrick* cases were produced to the PSC and plaintiffs' trial counsel.   Additional communications have taken place with IMS and the parties continue to discuss further production of IMS Data.  The parties will be prepared to discuss this further at the monthly status conference on December 14, 2006.

XIII.  MERCK'S MOTION FOR SUMMARY JUDGMENT

On July 5, 2006, Merck filed a Motion for Summary Judgment in the *Lene Arnold* and *Alicia Gomez* cases asserting that plaintiffs' claims are preempted by federal law.  Plaintiff's opposition brief was filed on September 15, 2006.  Merck's reply was filed on October 6, 2006. Plaintiffs have filed several notices of supplemental authority, to which Merck has prepared responses.  The motion was argued on November 17, 2006 and the parties await a ruling.

XIV.  TOLLING AGREEMENTS

On October 27, 2006, PLC communicated with DLC regarding Claimant Profile Forms submitted with Tolling Agreements and requested that a stipulation be worked out regarding Tolling Agreement claimants that have completed Claimant Profile Forms in filed cases so that refilling a Plaintiff Profile Form can be accomplished by a mere addendum.  DLC is considering the request and will be responding to PLC.

XV.   ISSUES RELATING TO PRE-TRIAL ORDER NO. 9

On October 24, 2006, plaintiff's counsel in the Texas State Vioxx Litigation issued Cross-Notice of Depositions for the MDL depositions of Dr. Richard Kronmal, Dr. John Gueriguian and Dr. John Farquhar.  On October 25, 2006, PLC notified David P. Matthews,

841289v.1

counsel identified for plaintiffs in the Texas State Vioxx Litigation Cross-Notices that the PSC objected to the Texas Cross-Notices as a result of the failure to comply with Pre-Trial Order No. 9 (Amended) and the lack of coordination with the PSC pursuant to Pre-Trial Order No. 19.  On October 30, 2006, the PSC filed a Motion to Quash the Cross-Notices issued in the Texas State Vioxx Litigation.   The PSC has been in communication with Texas counsel to discuss the motion.  The PSC will be prepared to discuss this further at the monthly status conference on December 14, 2006.

XVI.   <u>VIOXX SUIT STATISTICS</u>

Merck advises that as of October 9, Merck had been served or was aware that it had been named as a defendant in approximately 23,800 lawsuits filed on or before September 30, which include approximately 41,750 plaintiff groups alleging personal injuries resulting from the use of Vioxx, and in approximately 275 putative class actions alleging personal injuries and/or economic loss.  Of these lawsuits, approximately 7,450 lawsuits representing approximately 21,950 plaintiff groups are or are slated to be in the federal MDL and approximately 16,350 lawsuits representing approximately 19,800 plaintiff groups have been filed in state courts.  Merck advises that it defines a "plaintiff group" as one user of the product and any derivative claims emanating from that user (such as an executor, spouse, or other party).  Further, Merck advises that there are more Plaintiffs identified than lawsuits because many lawsuits include multiple Plaintiffs in the caption.  In addition, as of October 9, approximately 15,000 claimants had entered into tolling agreements with the Company on or before September 30.  Merck will update these statistics at the monthly status conference on December 14, 2006.

841289v.1

XVII.   MERCK INSURANCE

By letter dated September 20, 2006, PLC requested an update from Merck on insurance coverage and a report on any arbitration/dispute resolution matters that may be relevant to Vioxx litigation.  Merck responded by providing a Second Supplemental Response to the PSC's First Set of Interrogatories and an Amended and Supplemental Response and Objections to the PSC's First Request for Production of Documents. The PSC has advised that it does not deem the supplemental responses sufficient and that it will be addressing this issue further. The PSC has issued a Notice of FRE 30(B)(6) Corporate Deposition to Merck & Co., Inc. regarding various insurance related issues.  Merck filed a Protective Order to quash the deposition and discovery requests.  The parties plan on meeting later in December 2006 to confer on these discovery requests.

In addition, the PSC has issued discovery requests to a number of Merck insurance carriers.  PLC and counsel for several of the insurance carriers have been in discussion regarding the responses to be filed.  PLC and Merck will be prepared to discuss this matter at the monthly status conference on December 14, 2006.

XVIII. FURTHER PROCEEDINGS

Representatives of the PSC and Defendants have met and conferred regarding further proceedings in this MDL.  The parties will be prepared to discuss this further at the monthly status conference on December 14, 2006.

XIX.   MANDATORY ELECTRONIC FILING

The United States District Court for the Eastern District of Louisiana has directed that, effective January 1, 2007, it is mandatory that all documents, subsequent to those initiating a new case, be filed electronically in accordance with the Administrative Procedures for

841289v.1

Electronic Case Filing adopted pursuant to Local Rule 5.7.E.   All new complaints, notices of removal and criminal indictments, as well as sealed documents, shall continue to be filed on paper in the Clerk's office.   For more information, please visit the Court's website at http://www.laed.uscourts.gov/.

On June 6, 2006, an Order was issued setting forth directives that attorneys are to observe in the Vioxx Litigation when utilizing the ECF System.   Counsel are encouraged to comply and utilize the ECF system for Vioxx filings.

To comply with ECF certification provisions and the requirements of Pre-Trial Order No. 8A, it is recommended that all counsel using the ECF system use the following certificate of service on all e-filings:

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing **[DOCUMENT]** has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. __, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this ___ day of _____, 200[6].

/s/ Attorney's Name____
Attoney's Name
Attorney's Bar Roll Number
Attorney for (Plaintiff/Defendant
Law Firm Name
Law Firm Address
Telephone Number
Fax Number
Attorney's E-Mail Address

841289v.1

All counsel who have not already registered for electronic filing, are advised to contact the Clerk and/or attend one of the training classes prior to January 1 so that counsel can be issued a user id and password for e-filing with the Eastern District of Louisiana. The registration forms and class schedules are available at http://www.laed.uscourts.gov/cgi-bin/registrar/registrar.pl.

XX.    MERCK'S STATUTE OF LIMITATIONS MOTION

On September 22, 2006, Merck filed a Motion for Summary Judgment in the *Edmonds*, *Stinson* and *Watson* cases asserting that plaintiffs' claims were time barred. The Motion was amended on October 10, 2006. No responsive pleadings have been filed yet. Merck advises that it is preparing additional motions for summary judgment involving the prescription laws of other states, which it plans to file shortly. The parties will be discussing a schedule for completing briefing on these motions. The parties will be prepared to discuss these matters more fully at the conference on December 14, 2006.

XXI.    MERCK'S SECOND REQUEST FOR WRIT OF MANDAMUS

On October 20, 2006, Merck filed, together with David Anstice, a Petition for Writ of Mandamus and Motion for Expedited Consideration with the United States Court of Appeals for the Fifth Circuit seeking review of the Court's October 16, 2006 Order denying the Motion of Mr. Anstice and Merck to quash a trial subpoena in the *Dedrick* trial. The Court of Appeals denied Merck's Writ of Mandamus on November 17, 2006.

- 11 -

841289v.1

**NEW ITEMS**

XXII.  *HARRISON V. MERCK*

   *Pro Se* Claimant in the *Harrison v. Merck* case (1:06cv932) has requested an opportunity to address the Court regarding discovery needs, class issues and statute of limitation issues in the alleged bone/spine repair case(s).

XXIII. DISCOVERY ISSUED BY MERCK TO PLAINTIFFS

   Merck has issued discovery to certain Plaintiffs in individual cases that are not set for trial.  PLC wrote DLC on November 28, 2006 and requested information including each case in which Merck has issued discovery.  It was also requested that DLC advise PLC for each case the caption of the case (claimants and individual case docket number), plaintiff's counsel contact information and a description of what discovery has been issued and when it was issued (for instance, if depositions have been noticed, Interrogatories or Requests for Production issued and if any third-party discovery has been issued and to identify who the discovery is directed to).  PLC awaits a response.  On October 19, 2006, the Defendants sent a letter to the PLC identifying two cases in which it was seeking discovery and will apprise the PLC of the discovery it has sought in each case.  The parties will be prepared to discuss this further at the monthly status conference on December 14, 2006.

841289v.1

XXIV. <u>NEXT STATUS CONFERENCE</u>

        PLC and DLC will be prepared to schedule the next status conference, on a date to be selected by the Court.

        Respectfully submitted,


*/s/ Leonard A. Davis*
Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024

**Plaintiffs' Liaison Counsel**

**Temporary address:**

**201 St. Charles Avenue**
**Suite 4310**
**New Orleans, LA  70170**

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann (Bar No. 13625)
Dorothy H. Wimberly (Bar No. 18509)
Carmelite M. Bertaut (Bar No. 3054)
***Stone Pigman Walther Wittmann L.L.C.***
546 Carondelet Street
New Orleans, LA  70130-3588
PH:    (504) 581-3200
FAX:  (504) 581-3361

**Defendants' Liaison Counsel**

841289v.1

## CERTIFICATE

I hereby certify that the above and foregoing Joint Status Report No. 19 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 12th day of December, 2006.

<i>/s/ Dorothy H. Wimberly</i><br>
Dorothy H. Wimberly, 18509<br>
STONE PIGMAN WALTHER<br>
WITTMANN L.L.C.<br>
546 Carondelet Street<br>
New Orleans, Louisiana  70130<br>
Phone:  504-581-3200<br>
Fax:     504-581-3361<br>
dwimberly@stonepigman.com<br>
<br>
Defendants' Liaison Counsel

841289v.1