FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 DEC 11  PM 4:06

LORETTA G. WHYTE
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX<br>PRODUCTS LIABILITY LITIGATION | )<br>)<br>) |
| This Document Relates To<br>05-00670-ERW | )  MDL Docket No. 1657<br>)<br>)  Section L |
| WALTER DOCHSTEINER, *et al.*, | )<br>)  JUDGE FALLON |
| Plaintiffs, | )<br>)  MAGISTRATE JUDGE KNOWLES |
| vs. | )<br>) |
| MERCK & COMPANY, INC., *et al.*, | )<br>) |
| Defendants. | ) |

**MOTION TO DISMISS PLAINTIFFS' CLAIMS
WITHOUT PREJUDICE TOGETHER WITH MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT STEPHENS PHARMACY'S MOTION TO DISMISS
PURSUANT TO §538.225 RSMO FOR FAILURE TO FILE A HEALTHCARE
AFFIDAVIT; FOR FAILURE TO STATE A CLAIM PURSUANT TO §538.300 RSMO;
AND FAILURE TO STATE A CLAIM PURSUANT TO §537.762 RSMO; AND FOR
FAILURE TO PLEAD FRAUD WITH SUFFICIENT PARTICULARITY**

COMES NOW, Defendant Stephens Pharmacy, Inc. (hereinafter "Stephens Pharmacy" or "Defendant"), by and through its counsel, and moves this Court to enter an Order dismissing all counts of Plaintiff's Petition without prejudice and entering judgment in its favor due to Plaintiffs (1) failure to file a health care affidavit, (2) failure to state a proper claim against a health care provider under Missouri law, (3) improperly listing Stephens Pharmacy as a defendant in a products liability case when it was merely a seller in the stream of commerce, and (4) failure to plead fraud with sufficient specificity. In support of its motion, defendant states the following:

**SUGGESTIONS IN SUPPORT OF MOTIONS TO DISMISS**

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No_____

{2567/0321: 00112849.DOC.}

## I. STATEMENT OF FACTS

Plaintiffs (hereinafter "Plaintiffs") filed their Petition for damages in the Circuit Court of the City of St. Louis, Missouri on or about March 25, 2005, alleging a cause of action against Merck & Company, Inc. for products liability claims relating to Vioxx. *See*, Plaintiffs' Petition. Plaintiffs also brought claims against Stephens Pharmacy for selling Vioxx to Plaintiffs; alleging that Vioxx was defective and Stephens Pharmacy failed to warn Plaintiffs of Vioxx dangers. *Id.*

The underlying case was transferred from the Circuit Court of the City of St. Louis, Missouri to the United Stated District Court in the Eastern District of Missouri pursuant to diversity jurisdiction. Subsequent to the removal, this cause of action was transferred to this Court to proceed with the Multidistrict Litigation Docket No. 1657.

## II. APPLICABLE LAW

A. **The court should apply Missouri's substantive law because Missouri has the "most significant contacts" with the claims and parties in question**

(1)   The court should apply the Restatement (Second) of Conflict of Laws as interpreted under Missouri law

In federal multidistrict proceedings, the transferee court applies the substantive law of the transferor courts. *See, e.g., In re San Juan Dupont Plaza Hotel Fire Litigation*, 745 F.Supp. 79, 81 (D.P.R. 1990) (quoting *Ferens v. John Deere Co.*, 494 U.S. 516 (1990)); Manual for Complex Litigation, Second § 31.122 n. 25 (1985). And when a federal court encounters a tort question regarding a conflict of laws, it generally examines the tort conflict of laws rule of the forum. *See, In re General American Life Ins. Co. Sales Practices Litigation*, 391 F.3d 907, 911 (C.A.8 (Mo.), 2004)(citation omitted), *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1215-1216 (C.A.8th 1973), citing *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487 (1941); *Griffin v. McCoach*, 313 U.S. 498 (1941)(parallel citations omitted). However, in a MDL case, when considering issues of state law, "the transferee court <u>must</u> apply the state law that would have applied had the cases not been transferred for consolidation." *In re General American Life Ins. Co. Sales Practices Litigation*, 391 F.3d 907, at 915. Likewise, when a change of venue has been issued pursuant to 28 U.S.C. § 1404(a), the courts apply the conflict of law provisions of

the state where the underlying cases were filed. *Cunningham v. PFL Life Ins. Co.*, 42 F.Supp.2d 872, 880-881 (N.D. Iowa 1999) (citations omitted).

Missouri and federal common law have adopted the Restatement (Second) of Conflict of Laws. *Piamba Cortes v. American Airlines, Inc.* 177 F.3d 1272, 1296, FN. 19 ((C.A.11 (Fla.), 1999) (noting that Florida and federal common law are the same because both have adopted the Restatement (Second) of Conflict of Laws); *see also, Pony Computer, Inc. v. Equus Computer Systems of Missouri, Inc.*, 162 F.3d 991, 995 (C.A.8th 1998) (providing an example where Missouri has adopted specific Restatement provisions). Accordingly, in this case, the court should examine Missouri courts' interpretations of the Restatement (Second) of Conflict of Laws pertaining to torts. *See General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d at 1215-1216.

 (2) The "most significant contacts rule" expressed in Section 145 of the Restatement (Second) of Conflict of Laws mandates the application of Missouri's substantive law

In *Kennedy v. Dixon*, 439 S.W.2d 173 (Mo. banc 1969), the Missouri Supreme Court suggested that the rule of *lex loci delicti*, previously followed in Missouri, which applies the substantive law of the state where the tort occurred, should be abandoned in favor of the "most significant contacts" rule. *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1216 (C.A.8th 1973), citing *Kennedy*, 439 S.W.2d at 184. Thus, when applying Missouri's conflict of laws statutes for tort actions, the "most significant contacts" rule applies. *See id.*

The Supreme Court of Missouri also specifically adopted the principal contacts rule of section 145 of the Restatement (Second) of Conflict of Laws (1971) for choice of law problems in tort actions. *Pony Computer, Inc. v. Equus Computer Systems of Missouri, Inc.*, 162 F.3d 991, 995 (C.A.8th 1998), citing, *Kennedy*, 439 S.W.2d at 184; *D.L.C. v. Walsh*, 908 S.W.2d 791, 794 (Mo.Ct.App.1995).

Section 145 of the Restatement (Second) provides:

> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
>  (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
> (a) the place where the injury occurred,
> (b) the place where the conduct causing the injury occurred,
> (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

*Pony Computer, Inc.*, 162 F.3d at 995, citing Restatement (Second) Conflict of Laws § 145.

In this case, all of the factors point to the application of Missouri law. First, the alleged injuries happed in Missouri. Second, Stephens Pharmacy allegedly sold Vioxx in Missouri. Stephens Pharmacy conducts business in Missouri and the plaintiff or plaintiffs to whom Vioxx was allegedly sold are likely Missouri residents. Thus, Missouri substantive law should apply because all of the contacts and relationships occurred in Missouri.

(3)  <u>Applying Missouri substantive law in this case is also consistent with forum shopping principles relating to transfer of venue mandated by the United States Supreme Court</u>

Applying Missouri substantive law to this case is also consistent with the underlying policies outlined in the United States Supreme Court decision *Ferens v. John Deere Co.*, 494 U.S. 516 (1990). In deciding a case where a plaintiff chose to file suit in Mississippi, rather than in Pennsylvania, the *Ferens* Court held:

> The policies underlying *Van Dusen*, [*Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805 (1964)] as well as other considerations, require a transferee forum to apply the law of the transferor court, regardless of who initiated the transfer. Pp. 1279-1284.
> (a) The *Van Dusen* policy that § 1404(a) should not deprive parties of state-law advantages that exist absent diversity jurisdiction *is* not violated by applying that case's rule to transfers initiated by plaintiffs. Applying the transferor law will not deprive plaintiffs of any state-law advantages. Moreover, although a defendant may lose a nonlegal advantage if the transferor law controls- *e.g.,* Deere would lose whatever advantage inheres in forcing petitioners to litigate in Mississippi or not at all-that loss is slight, since a plaintiff always can sue in the favorable state court or in diversity and not seek a transfer. Section 1404(a) exists to eliminate inconvenience without altering permissible choices under the federal venue statutes, and it is not its purpose to protect a party's ability to use inconvenience as a *shield* to discourage or hinder litigation otherwise proper. Applying the transferor law in these circumstances is in full accord with the rule in *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, whereas applying the transferee law would seriously undermine *Erie*, since it would mean that initiating a § 1404(a) transfer changes the

> state law applicable in a diversity case, a result disapproved generally by this Court. See *Van Dusen, supra,* 376 U.S., at 636-637, 84 S.Ct., at 819.   Pp.   1280-1282.
>
> (b) Applying the transferor State's law with respect to plaintiff-initiated § 1404(a) transfers does not contravene *Van Dusen's* policy against forum shopping, since, even without § 1404(a), <u>a plaintiff already has the option of shopping for a forum with the most favorable law</u>. Applying the transferee law, by contrast, might create opportunities for forum shopping in an indirect way, since such application, to the extent that it discourages plaintiff-initiated transfers, might give States incentives to enact laws similar to Mississippi's long tort statute of limitations in order to bring in out-of-state business that would not be moved at the instance of the plaintiff. P. 1282.

*Ferens v. John Deere Co.,* 494 U.S. 516, 516-517 (1990) (emphasis added).

Here, the plaintiff could have filed his action in the state where Vioxx was distributed or manufactured. Instead, they chose to file suit in the City of St. Louis, Missouri; availing themselves of the benefits and subjecting themselves to the detriments of the laws in Missouri. The mere fact that the action has since been removed and transferred to Louisiana should have no bearing on the applicability of Missouri's substantive law. Consequently, the court should also follow the precedent set forth in *Ferens v. John Deere Co.,* 494 U.S. 516 (1990) and apply Missouri substantive law to the case at bar.

  (4) <u>When interpreting Missouri substantive law this court must follow Missouri Supreme Court precedent and should also adopt its appellate court decisions</u>

The decisions of the Missouri Supreme Court as to state law are binding on this court. *B.B. v. Continental Insurance Co.,* 8 F.3d 1288, 1291 (8th Cir. 1993), *citing, Garnac Grain Co. v. Blackley,* 932 F.2d 1563, 1570 (8th Cir. 1991). If the Missouri Supreme Court has not addressed the issue before this court, then the court "must determine what the highest state court would probably hold were it called upon to decide the issue." See *B.B.,* 8 F.3d at 1291, *citing, Gilstrap v. Amtrak,* 998 F.2d 559, 560 (8th Cir. 1993). In making this determination, a federal court may consider relevant state precedents, analogous decisions, considered dicta, scholarly works, and any other reliable data tending convincingly to show how the highest court in the state would decide the issue. *Id.* (citation omitted) (internal quotes omitted in original). While decisions of

Missouri's intermediate appellate courts are not binding on this court, they are persuasive authority, and this court must follow them when they are the best evidence of Missouri law. *See id., citing, Aetna Casualty & Sur. Co. v. General Dynamics Corp.*, 968 F.2d 707, 712-13 (8th Cir. 1992).

### III. ARGUMENT

A.  **Plaintiffs have failed to file a healthcare affidavit required by Section 538.225.**

In any action against a health care provider, Section 538.225.1, RSMo., requires that plaintiff or the plaintiff's attorney *shall file* an *affidavit* with the court stating that he has obtained the *written opinion* of a legally qualified health care provider. *Id.* (emphasis added). If an affidavit is required, it must be filed no later than ninety days after the petition or complaint is filed, and a separate affidavit must be filed for each defendant. *See*, Sections 538.225.4 and 538.225.5, MO. REV. STATS. The health care affidavit is required if (1) the relationship of the parties is that of health care provider and recipient and (2) if the "true claim" relates only to the provision of health care services. *See*, *Mello v. Giliberto*, 73 S.W.3d 669, 679 (Mo.App.E.D.2002) (citations omitted).

(1) <u>According to the allegations set forth in Plaintiff's Petition, Defendant and Plaintiffs are in health care provider/recipient relationship.</u>

Defendant Stephens Pharmacy provides services as a "pharmacist" as listed under the definition of a "health care provider." Section 538.205(4) MO. REV. STATS. Defendant Stephens Pharmacy provides healthcare to patients by and under the license of the pharmacists that it employs. Therefore, Stephens Pharmacy is a health care provider, in that it fits the definition of "any other person or entity that provides health care services under authority of a license or certificate." *See*, Section 538.205(4) MO. REV. STATS. Plaintiffs allege in the petition that they were the recipients of Vioxx prescriptions provided by Stephens Pharmacy. *See*, Plaintiff's Petition. Thus, the first prong is satisfied.

  (2) <u>Filling prescriptions for patients is commonplace for Stephens Pharmacy and would certainly occur in the ordinary course of Defendant's profession.</u>

"Health care services" are "any services that a health care provider renders to a patient in the ordinary course of the health care provider's profession," and professional services "<u>shall include</u>, but are not limited to, transfer to a patient of *goods **or** services incidental or pursuant to the practice of the health care provider's profession* ... ." Section 538.205(5) Mo. Rev. Stats. (emphasis added). Here, Plaintiffs allege that Stephens Pharmacy improperly sold a prescribed drug Vioxx. *See,* Plaintiff's Petition. Since the plaintiff's claims relate to a pharmacist's primary care function (i.e. filling prescriptions) for the patients and items incidental to the treatment of the plaintiff, (i.e., prescriptions provided to a patient by a pharmacist to treat medical conditions) then plaintiffs are subject to Section 538.225 Mo. Rev. Stat. *See, Budding v. SSM Healthcare Sys.*, 19 S.W.3d 678, 680 (Mo. banc 2000) (noting that §538.225 applies to negligence and/or products liability claims, and to services and/or transfers of goods).

  (3) <u>The healthcare affidavit satisfies public policy concerns of protecting pharmacists in Missouri from frivolous lawsuits by forcing each plaintiff to support their claims with medical evidence</u>

It is readily understood from the history and text of *Chapter 538* that the enactment is a legislative response to the public concern over the increased cost of health care and the continued integrity of that system of essential services. *Mahoney v. Doerhoff Surgical Services, Inc.*, 807 S.W.2d 503, 507 (Mo. banc 1991). The effect intended for § 538.225 within that scheme is to cull at an early stage of litigation suits for negligence damages against health care providers that lack even color of merit, and so to protect the public and litigants from the cost of ungrounded medical malpractice claims. *Id.* The plaintiff cannot dispute that his allegations of negligence against Stephens Pharmacy are of the kind that requires the aid of expert medical testimony to

prove the acceptable standard of professional care. *See e.g., Id.* In the absence of such expert opinion, the issue of malpractice from the breach of that standard of care simply cannot be made out. It will not go to the jury. *Mahoney,* 807 S.W.2d 503, at 507, citing *Swope v. Printz,* 468 S.W.2d 34, 39 (Mo.1971); *Yoos v. Jewish Hosp. of St. Louis,* 645 S.W.2d 177, 183 (Mo.App.1982).

A petition on file for ninety days, but without possibility of *prima facie* proof of malpractice for want of expert medical testimony also will not go to the jury. *Mahoney,* 807 S.W.2d, at 508. Such a petition has no chance of success under the Missouri precedents and is subject to summary disposition. *Mahoney,* 807 S.W.2d, at 508, citing *Morley v. Ward,* 726 S.W.2d 799, 802 (Mo.App.1987). It lacks even color of merit and is frivolous under Missouri law. *Id.* Thus, it is not the "screening" procedure of § 538.225 that impedes the progression of the plaintiff's petition, but their failure to meet a requirement of substantive law. *Id.*

The affidavit condition of § 538.225 is a reasonable means to hinder a plaintiff whose medical malpractice petition is groundless from misuse of the judicial process in order to wrest a settlement from the adversary by the threat of the exaggerated cost of defense this species of litigation entails. *Mahoney,* 807 S.W.2d, at 508.

(4) <u>Missouri courts broadly apply Section 538.225 to suits involving health care providers and strictly apply the statutory language</u>

The Missouri Supreme Court has specifically held that "nothing in Section 538.225 exempts a plaintiff from filing an affidavit who shows that the medical malpractice is of 'that untypical kind that does not require proof of standard of care by expert opinion.' " *Mello v. Giliberto,* 73 S.W.3d 669, 679 (Mo.App. E.D.,2002), quoting *Budding v. SSM Healthcare Sys.,* 19 S.W.3d 678, 680-81 n. 4 (Mo. banc 2000) (rejecting *dicta* to the contrary in *Mahoney v. Doerhoff Surgical Servs., Inc.,* 807 S.W.2d 503, 508 (Mo. banc 1991)).

When other Missouri courts have interpreted Section 538.225, they have strictly applied the statutory language to the facts of the case. In *Mello v. Giliberto*, 73 S.W.3d 669, 679 (Mo.App. E.D.,2002), the court rejected the plaintiff's claim that there were "common sense errors which violated standards of care set out in Missouri regulations and could be proved without expert testimony." *Mello v. Giliberto*, 73 S.W.3d 669, 679 (Mo.App. E.D.,2002) Noting that the statute does not allow such an exception. *Id.*

The *Mello* court also rejected the plaintiff's claim that she had substantially complied with the statute by obtaining an oral opinion. *Mello v. Giliberto*, 73 S.W.3d 669, 679-80 (Mo.App. E.D.,2002). The court noted that the statute specifically requires that "*plaintiff or his attorney* shall file an *affidavit* with the court stating that he has obtained the *written opinion* of a legally qualified health care provider." Mello v. Giliberto, 73 S.W.3d 669, 679-80 (Mo.App. E.D.,2002), quoting Section 538.225.1(emphasis added in original). Ultimately, the court found that Plaintiff's claim that she obtained a verbal opinion from medical personnel failed to satisfy the statute. *See, Mello v. Giliberto*, 73 S.W.3d 669, 679-80 (Mo.App. E.D.,2002).

(5) <u>Proper remedy is to dismiss the Plaintiffs' claims without prejudice</u>

Missouri has clearly established the state's public policy against frivolous lawsuits against physicians and pharmacists, yet the plaintiff has not obtained a healthcare affidavit. Plaintiff has not filed the requisite affidavit against Stephens Pharmacy within ninety (90) days of filing this lawsuit. The proper sanction for failure to file the affidavit is dismissal without prejudice. *See, Mello*, 73 S.W.3d at 679, *citing,* Section 538.225.5; *see also, Fields v. Curators of the University of Missouri*, 848 S.W.2d 589 (Mo. App. W.D.1993); *Mahoney v. Doerhoff Surgical Services, Inc.*, 807 S.W.2d 503 (Mo. 1991). As a result of the plaintiff's non-compliance with the affidavit requirements set forth in Section 538.225, RSMo. *et seq.*, the plaintiffs' cases should be dismissed as to Stephens Pharmacy.

B. **Plaintiff's complaint fails to state a claim against Stephens Pharmacy because health care providers are _not subject to strict products liability pursuant to Section_ 538.300, RSMo.**

The statutory exception set forth in Section 538.300, RSMo., reflects that strict liability is not applicable to health care providers. *Id.* Specifically, Section 538.300, RSMo. provides that the provisions of Section 537.760 to Section 537.765, sections relating to products liability actions, are not to be applied to actions against health care providers. *See, Budding,* 19 S.W.3d at 681.

In *Budding v. SSM Healthcare System,* 19 S.W.3d 678, 681-682 (Mo. banc 2000), a patient sued a hospital for using allegedly defectively designed temporomandibular joint implants. *Budding,* 19 S.W.3d at 681-682. In explaining its ruling, the court explained that the legislature clearly expressed its intent to eliminate liability of health care providers for products liability. *Id.* at 682. A plaintiff simply cannot bring a claim against a health care provider for strict liability under current Missouri law. *See id.; see also, B.B. v. Continental Insurance Co.,* 8 F.3d 1288, 1291 (8th Cir. 1993) (indicating that the decisions of the Missouri Supreme Court as to state law are binding on this court).

In this case, the plaintiff has alleged claims against Stephens Pharmacy that are firmly rooted in strict liability for the selling of an alleged defective and dangerous drug – namely, Vioxx. *See,* Plaintiffs Petition. As stated above, Defendant Stephens Pharmacy provides services as a "pharmacist" as listed under the definition of a "health care provider," Section 538.205(4) Mo. Rev. Stats. Defendant Stephens Pharmacy provides healthcare to patients by and under the license of the pharmacists that it employs. Hence, it, too, is a health care provider, in that it fits the definition of "any other person or entity that provides health care services under authority of a license or certificate." *See,* Section 538.205(4) Mo. Rev. Stats. Since Defendants are

health care providers in the State of Missouri it follows that it cannot be held to strict liability claims. *See, Budding,* 19 S.W.3d at 681-82. Therefore, Plaintiffs' product liability claims should be dismissed as to Stephens Pharmacy.

C. **Even if Plaintiffs' petition stated a claim against Stephens Pharmacy, regardless of its status as a health care provider, the petition should be dismissed pursuant to Section 537.762 in that Stephens Pharmacy was only a seller in the stream of commerce.**

A defendant whose liability is based solely on his status as a seller in the stream of commerce may be dismissed from a plaintiff's products liability claim in which another defendant, including the manufacturer, is properly before the court and from whom total recovery may be had for plaintiff's claim. *See,* Section 537.762, MO. REV. STATS.

Each of the claims asserted against Defendant in Counts I, II, III, VI and XI of the Petition in this action constitutes a "products liability claim," as that term is defined in § 537.760, RSMo 2000.[1] Furthermore, according to the Petition, any liability that might be imposed on Defendant, under the Petition, would be based solely on Defendant's status as a seller in the stream of commerce (with respect to the product or products referred to in the Petition). Also, according to the Petition, the manufacturer of such product or products (co-defendant Merck & Co. Inc., which has filed its Answer to the Petition herein) is properly before this Court. In addition, total recovery may be had from co-defendant Merck & Co. Inc., on each of such claims set forth in the Petition. Attached hereto is an Affidavit, demonstrating that Defendant is also aware of no facts or circumstances upon which a verdict might be reached in this action, with respect to Counts I, II, III, VI and XI, other than based upon Defendant's status

---

[1] Although Counts I and II are not nominally asserted against Defendant, substantive allegations contained in each of these counts referred to the "defendants" without further qualification. Therefore, for the purposes of this motion, it is being assumed that each of these counts is also asserted against Defendant.

{2567/0321: 00112849.DOC.}                                11

as a seller in the stream of commerce, with respect to the product or products referred to in the Petition.

Therefore, under § 537.762, RSMo 2000, Defendant is entitled to dismissal of Counts I, II, III, VI and XI of the Petition herein, as to Defendant, without prejudice.

**D.     Counts VII, VIII, IX, X, XII, XIII and XIV of plaintiff's petition should be dismissed without prejudice for failure to plead fraud with sufficient particularity pursuant to Rule 9 of the Federal Rules of Civil Procedure.**

Each of the claims set forth in Counts VII, VIII, IX, X, XII, XIII and XIV of the Petition in this action, as to defendant Stephens Pharmacy, Inc. (hereinafter, "Defendant") attempts to assert a right to recover, on the basis of "fraud," as that term is used in Rule 9 of the Federal Rules of Civil Procedure.[2] Furthermore, and more importantly, each of Counts VII, VIII, IX, X, XII, XIII and XIV is based upon averments of "fraud," as that term is used in Rule 9. Under that rule, all such averments "shall be stated with particularity." *Id.*  The essential elements of fraud are:  (1) a false, material representation; (2) the speaker's knowledge of its falsity or his ignorance of its truth; (3) the speaker's intent that it should be acted upon by the hearer in the manner reasonably contemplated; (4) the hearer's ignorance of the falsity of the representation; (5) the hearer's reliance on its truth; (6) the hearer's right to rely thereon; and (7) the hearer's consequent and proximately caused injury. *Arnold v. Erkmann,* 934 S.W.2d 621, 626 (Mo. App. 1996). No such particularity is contained in the averments of Counts VII, VIII, IX, X, XII, XIII and XIV. As a result, each of such counts must be dismissed, as to Stephens Pharmacy.

### IV. CONCLUSION

Plaintiffs' claims against Defendants should be dismissed without prejudice because they violate Missouri statutory requirements, fail to state a claims for relief under Missouri law and/or

---

[2] Although Counts VII, VIII, IX, X and XII are not nominally asserted against Defendant, substantive allegations contained in each of these counts refer to the "defendants," without further qualification. Therefore, for the purposes of this motion, it is being assumed that each of these Counts is also asserted against Defendant.

{2567/0321: 00112849.DOC.}                                                    12

fail to sufficiently plead fraud with particularity.

WHEREFORE, Defendants pray for judgment in his/its favor, for the fees and expenses incurred in the defense of this action, and for such other and further relief as this Court deems just and equitable under the circumstances.

Respectfully submitted,

SHAFFER LOMBARDO SHURIN

By: /s/ Jason R. Ballard
   Richard F. Lombardo        #29478
   Charles H. Stitt            #30390
   Jason R. Ballard           #53186
   911 Main Street; Ste. 2000
   Kansas City, Missouri 64105-5331
   (816) 931-0500
   (816) 931-5775 (Fax)
   rlombardo@sls-law.com
   hstitt@sls-law.com
   jballard@sls-law.com
   ATTORNEYS FOR DEFENDANT
   STEPHENS PHARMACY, INC.

## CERTIFICATE OF MAILING

I hereby certify that the above and foregoing MOTION TO DISMISS PLAINTIFFS' CLAIMS WITHOUT PREJUDICE TOGETHER WITH MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO §538.225 RSMO FOR FAILURE TO FILE A HEALTHCARE AFFIDAVIT; FOR FAILURE TO STATE A CLAIM PURSUANT TO §538.300 RSMO; AND FAILURE TO STATE A CLAIM PURSUANT TO §537.762 RSMO; AND FOR FAILURE TO PLEAD FRAUD WITH SUFFICIENT PARTICULARITY has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8A on this 15th day of November, 2006, and additionally mailing a copy of same to the following:

Jeffrey J. Lowe
Francis J. Flynn
JEFFREY J. LOWE, PC
8235 Forsyth Boulevard, Suite 1100
St. Louis, Missouri 63105
ATTORNEYS FOR PLAINTIFFS

Randy J. Soriano
Steven G. Strauss
BRYAN CAVE, LLP
One Metropolitan Square
211 N Broadway, Suite 3600
St. Louis, Missouri 63102-2750
ATTORNEYS FOR DEFENDANTS
MERCK & COMPANY, INC.,
AMY SEPKO, and
SHERRY ALBERTS

Kevin J. Adrian
BROWN & JAMES
1010 Market Street, 20th Floor
St. Louis, Missouri 63101
ATTORNEYS FOR DEFENDANT
WALGREEN CO.

Bryant M. Struble
THOMPSON & COBURN
One U.S. Bank Plaza
St. Louis, Missouri 63101
ATTORNEYS FOR DEFENDANT
WALGREEN CO.

Martin J. Buckley
BUCKLEY & BUCKLEY
1139 Olive Street, Suite 800
St. Louis, Missouri 63101-1928
ATTORNEYS FOR DEFENDANT
ELLIOTT PHARMACY, INC.

David A. Dick
Kelly E. Simon
THOMPSON & COBURN
One Firstar Plaza, Suite 3500
St. Louis, Missouri 63101-9702
ATTORNEYS FOR DEFENDANTS
WAL-MART STORES EAST, INC. and
WAL-MART STORES EAST, LP

James E. Whaley
BROWN & JAMES, PC
1010 Market Street, 20th Floor
St. Louis, Missouri 63101
ATTORNEYS FOR DEFENDANTS
WAL-MART STORES EAST, INC. and
WAL-MART STORES EAST, LP

/s/ Jason R. Ballard
ATTORNEY FOR DEFENDANT
STEPHENS PHARMACY, INC.

{2567/0321: 00112849.DOC.}                    15