**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to | * | |
| Case No.  05-2524 | * | |
| | * | MAGISTRATE |
| ANTHONY WAYNE DEDRICK, | * | JUDGE KNOWLES |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MERCK & CO., INC.'S SUPPLEMENTAL PREEMPTION INSTRUCTIONS

In order to preserve its record, Merck submits the following supplemental preemption instructions.  These have already been refused by the Court.

1.   Role of the FDA

Before a prescription drug can be sold to patients, the drug must be approved as "safe" and "effective" by the FDA.  The FDA may not approve a drug unless it finds that the manufacturer has conducted adequate tests by all methods reasonably available showing that the drug is safe for use under the labeling.  The FDA must determine that the drug will be "safe" and "effective" under the conditions prescribed, recommended, or suggested in the proposed labeling.

The FDA must also find that the drug is safe and effective under its approved labeling each time it approves a new use for a drug.  In deciding whether a drug is safe and effective, the

FDA takes into account the fact that a drug may have some risks, including some unknown risks, and balances that fact against the beneficial uses to which a drug may be put.

2.      Pure *Buckman*

Plaintiff cannot maintain a [fraud or] failure to warn claim based on the premise that the FDA would not have approved VIOXX or its labels had Merck provided additional information to the FDA.

3.      Primacy of the FDA

As a matter of law, you cannot find the FDA acted inappropriately in approving Vioxx or any of its labels.

4.      Fraud on the FDA

As a matter of law, you cannot find that Merck misled the FDA or acted inappropriately in its dealings with the FDA. The FDA has policies in force whereby it polices pharmaceutical companies.  The FDA has never found that Merck failed to disclose data nor has it stated that it would have acted differently based on the data Merck provided.  Therefore, your decision as to whether Merck is liable cannot be based on a belief that Merck failed to disclose data to the FDA or that the FDA would have acted differently had Merck provided the FDA with different information.

4a.     Fraud on the FDA (Alternate Version)

As a matter of law, you cannot find that Merck misled the FDA or acted inappropriately in its dealings with the FDA. Your decision as to whether Merck is liable cannot be based on a belief that Merck failed to disclose data to the FDA or that the FDA would have acted differently had Merck provided the FDA with different information.

5.     <u>FDA Approved Label for VIOXX (Proposed Instruction and Alternate Instructions)</u>

    The FDA is the expert federal public health agency charged by Congress with ensuring that drugs are safe and effective and that their labeling adequately informs physicians of risks and benefits of the product and is truthful and not misleading.  The FDA carefully controls the content of labeling for a prescription drug because labeling is the FDA's principal tool for educating healthcare professionals about the risks and benefits of the approved product to help ensure safe and effective use.  If you find that Merck's labels for Vioxx were approved by the FDA, you must presume that Merck's warnings were adequate.

5a.     <u>FDA Approved Label for VIOXX (Alternative Instruction)</u>

    The FDA is the expert federal public health agency charged by Congress with ensuring that drugs are safe and effective and that their labeling adequately informs physicians of risks and benefits of the product and is truthful and not misleading.  The FDA carefully controls the content of labeling for a prescription drug because labeling is the FDA's principal tool for educating healthcare professionals about the risks and benefits of the approved product to help ensure safe and effective use.  If you find that Merck's labels for Vioxx were approved by the FDA, you must return a verdict for Merck on all claims.

5b.     <u>FDA Approved Label for VIOXX (Alternative Instruction)</u>

    The FDA is the expert federal public health agency charged by Congress with ensuring that drugs are safe and effective and that their labeling adequately informs physicians of risks and benefits of the product and is truthful and not misleading.  The FDA carefully controls the content of labeling for a prescription drug because labeling is the FDA's principal tool for educating healthcare professionals about the risks and benefits of the approved product to help ensure safe and effective use.  The FDA re-approved VIOXX as safe and effective under its

approved label on April 11, 2002.  You may only find Merck liable for failure to warn [or fraud]if you find that Merck failed to disclose a heart attack risk that first became known or knowable after April 11, 2002, and if plaintiff otherwise has proven every element of his claims.

Authority:  *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 353 (2001) (permitting state-court juries to impose their judgments on the adequacy of the drug approval process under state-law standards "would exert an extraneous pull on the scheme established by Congress" to protect the public); *NVE Inc. v. Dep't of Health & Human Servs.*, 436 F.3d 182, 196 (3d Cir. 2006) (overturning trial court's refusal to give "normal" deference to the "legal and factual determinations the FDA made during rulemaking"); *Colacicco v. Apotex, Inc.*, 432 F. Supp. 2d 514, 538 (E.D. Pa. 2006) (plaintiff's state-law failure to warn claims were preempted because the drug approval "process required that the labeling be the same as that approved for the innovator drug" and "the FDA would have deemed any post-approval enhancements 'false or misleading'"); *Enlow v. St. Jude Med., Inc.*, 171 F. Supp. 2d 684 (W.D. Ky. 2001), amended by 210 F. Supp. 2d 853 (W.D. Ky. 2001) (negligence, strict liability, and breach of warranty claims for failure of mechanical heart valve preempted by federal law as the FDA required its approval of any modifications or additions to the valve's labeling); 71 Fed. Reg. 3922, 3923-35 (Jan. 24, 2006) ("Consistent with its court submissions and existing preemption principles, FDA believes that [claims that a drug sponsor breached an obligation to warn] would be preempted by its regulation of prescription drug labeling . . . ."); 21 C.F.R. § 10.85(d)(1) and (e).

Dated:  December 13, 2006                    Respectfully submitted,


                                              s/ Dorothy H. Wimberly

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361

Defendants' Liaison Counsel

Philip S. Beck
Mark Ouweleen
Carrie Jablonski
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois  60610
Phone:  312-494-4400
Fax:      312-494-4440

Douglas Marvin
Elaine Horn
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  202-434-5000
Fax:      202-434-5029

And

Brian S. Currey
A. Patricia Klemic
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071
Phone:  213-430-6000
Fax:      213-430-6407

Attorneys for Merck & Co., Inc.

5

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Merck & Co., Inc.'s Supplemental Preemption Instructions has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail, upon counsel for Mr. Dedrick, Andy Birchfield, by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 13th day of December, 2006.

_/s/ Dorothy H. Wimberly_
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel