UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® PRODUCTS LIABILITY LITIGATION | * * * * | MDL Docket No. 1657 |
| THIS DOCUMENT RELATES TO 06-CV-1951 | * * * | Judge Eldon Fallon Magistrate Judge Knowles |

\* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

Defendants, G. Randolph Schrodt, Jr., M.D. and Integrative Psychiatry, LLC ("Dr. Schrodt"), by counsel, state in Reply:

**A. Introduction**.

This is a wrongful death action.[1] On May 1, 2003, the Decedent's passing was caused by pulmonary emboli. The personal representative filed this action only after Kentucky's limitations period for wrongful death actions had expired. Plaintiff's attempts to "muddy the waters" aside, the issue of when the cause of action accrued for the Nichols Estate is a simple one. Kentucky courts follow the rule that, for wrongful death cases, death is the ultimate injury, and accrual occurs at death. An affirmative act of concealment -- committed by the particular defendant who asserts the limitations defense -- is the sole exception to this rule. This exception, however, creates no genuine issue of material fact as to Dr. Schrodt. Accordingly, Dr. Schrodt is entitled to Summary Judgment.

---

[1] Plaintiff's theory against Dr. Schrodt is alleged medical malpractice.

**B.  Under Kentucky law, Plaintiff's cause of action accrued when the Decedent passed, and her limitations period expired one year after the personal representative was qualified**.

Because this is a wrongful death action, to determine when it accrued this Court should rely upon Kentucky cases involving wrongful death actions.  <u>Farmers Bank and Trust Co. of Bardstown v. Rice</u>, a Kentucky Supreme Court case, held that in Kentucky, like the "considerable majority" of states:

> the statute of limitation for wrongful death actions runs from the death of the decedent, even though there was no viable action for personal injury or medical negligence or malpractice at the time of death.[2]

<u>McCollum v. Sisters of Charity of Nazareth Health Corp.</u>, another Kentucky Supreme Court case, involved the deaths of five different people at a hospital.[3]  The Kentucky Supreme Court held that the claims of the estates were time-barred, reasoning that:

> [i]n these five cases, it is clear the appellants' [decedent's estates] cause of action accrued, and the statute began to run, at the date of death....  Clearly, then, the one-year statute has run on appellants, unless it was tolled by the conduct of the appellee hospital in fraudulently concealing the true circumstances surrounding the deaths, or otherwise misleading the appellants.[4]

In <u>Conner v. George W. Whitesides Co.</u>, Kentucky's Supreme Court recognized that a wrongful death action accrues at death, quoting the rule:

> if a personal representative is appointed within one year of the date of death, he then is granted one year from the date of his appointment to file suit. If no suit is filed within that time, the action for wrongful death dies.[5]

None of these Kentucky Supreme Court applied to the wrongful death actions the discovery rule that Plaintiff urges upon this Court.  The cases that Plaintiff quotes in support of applying a more liberal "discovery rule" are distinguishable from our case.

---

[2] 674 S.W.2d 510, 512 Ky. 1984).
[3] 799 S.W.2d 15 (Ky. 1990).
[4] <u>Id</u>. at 19 (citations omitted); see also <u>Gray v. Commonwealth, Transp. Cab. Dept. of Highways</u>, 973 S.W.2d 61, 63 (Ky.App. 1997), overruled on other grounds by <u>Gaither v. Commonwealth</u>, 161 S.W.3d 345 (Ky.App. 2004).
[5] 834 S.W.2d 652, 654 (Ky. 1992).

In <u>Louisville Trust Co. v. Johns-Mansville Prods. Corp.</u> a former asbestos worker died of lung cancer several years after exposure to asbestos fibers on the job.[6] The administrator filed the action only six months after the worker died, so the limitation period over the wrongful death action was not an issue. Instead, the court had to resolve the issue of when does a personal injury action accrue in cases of latent injury following exposure to harmful chemicals. Conversely, in our case, Decedent's injury (death) was not latent, but was actually readily apparent. "[T]he cause of action accrues when the fact of injury is known; the decedent's death provides the notice to investigate."[7]

Likewise, the other cases cited by Plaintiff are also inherently different from our case. <u>Imes v. Touma</u> was a personal injury action sounding in medical negligence -- not a wrongful death case.[8] Similarly, <u>Johnson v. Sandoz Pharmaceuticals Corp</u>. was a personal injury action sounding in product liability -- not a wrongful death case.[9] <u>Perkins v. Northeastern Log Homes</u> was also a personal injury action sounding in product liability, which that ruled upon the constitutionality of Kentucky's then-statute of repose.[10] It was not a wrongful death case.

A wrongful death case is an entirely different action than other kinds of personal injury cases. The differences are crucial to determining when an action accrued. The right to maintain a wrongful death action exists by statute, specifically KRS 411.130. One's right to maintain a personal injury action, on the other hand, exists by virtue of the common law.[11] The authorities cited herein and in Dr. Schrodt's original Memorandum in Support of Summary Judgment show

---

[6] 580 S.W.2d 497 (Ky. 1979).
[7] <u>McCollum</u>, *supra*, at 19; <u>Gray</u>, *supra*, at 63.
[8] 784 F.2d 756 (6th Cir. 1986).
[9] Fed.Appx. 533 (6th Cir. 2001).
[10] 808 S.W.2d 809 (Ky. 1991).
[11] <u>Rice</u>, *supra*, 674 S.W.2d at 511.

that wrongful death actions and personal injury cases are subject to different rules concerning accrual and limitations, and each is treated differently under the discovery rule.

Kentucky law finds accord with other jurisdictions on this point. For example, the West Virginia Supreme Court distinguished the two kinds of claims, by observing that "unlike personal injury claims, the discovery rule does not operate to toll the two-year filing period for wrongful death claims."[12] It also held:

> The two-year period which limits the time in which a decedent's representative can file suit is extended only when evidence of fraud, misrepresentation, or concealment of materials facts surrounding the death is presented . . . "It is not sufficient for a plaintiff to complain that he didn't understand what he was told, or that he did not know enough to do research. If situations such as those were allowed to extend the two-year filing period, then virtually every layperson could claim fraud, misrepresentation, or concealment."[13]

New Jersey provides another example, in which the court noted that wrongful death statutes of limitation are the province of the legislature.[14] In holding that the discovery rule did not toll the statute of limitation, the court reasoned:

> The court may not strain on policy grounds to manufacture a signification of the statutory language to achieve a result obviously not intended by the Legislature and in direct conflict with the unequivocal proscription in [the statute of limitation]. Any reconciliation of the anomaly complained of by plaintiff is for the attention of the Legislature.[15]

Likewise, Kentucky's Legislature has proscribed a limitations period of one year from qualification of the personal representative in which to file a wrongful death action. Kentucky courts have never departed from that limitation period, in such cases. Dr. Schrodt respectfully requests this Court to apply Kentucky's unambiguous law concerning the accrual date (death) and limitations period (one year from qualification) for wrongful death actions. Using this

---

[12] See, Harrison v. Davis, 197 W.Va. 651, 478 S.E.2d 104, 113 (W.Va. 1996).
[13] Id. (internal citations omitted).
[14] Presslaff v. Robins, 403 A.2d 939 (N.J.Super 1979).
[15] Id. at 941-42.

proper analysis, the personal representative of the estate was qualified on May 12, 2003. The representative had until May 12, 2004 to initiate this wrongful death action. Suit was not filed until September 28, 2005. These facts are undisputed. Plaintiff's action is time-barred under KRS 413.180.

**C.  Dr. Schrodt did not conceal information from Plaintiff**.

Under McCollum v. Sisters of Charity of Nazareth Health Corp., *supra*, Plaintiff's action accrued when the Decedent died, unless Dr. Schrodt affirmatively concealed from the Plaintiff the true circumstances of her mother's death.[16] Kentucky law defines concealment as "some act or conduct which in point of fact misleads or deceives the plaintiff and obstructs or prevents him from instituting his suit while he may do so . . . There must be an affirmative act by the party charged."[17]

The five deaths at issue in McCollum, *supra*, occurred in 1970 and 1971. More than sixteen years after the deaths, a former hospital employee confessed to murdering the five patients. The hospital sought dismissal based upon the relevant limitations period. The court, however, held that Plaintiff successfully raised a genuine issue of fact that the hospital had misled the families concerning the murders.

In our case, however, the Plaintiff attempts to raise a fact issue about concealment as to Dr. Schrodt, by referring to her allegations against Merck.

> The circumstances under which Merck distributed, marketed and promoted VIOXX also create several sub-issues of fact that really bear upon the central factual dispute that precludes summary judgment – *i.e.* when Ms. Nichols' knew or should have known that defendants' negligence was a substantial factor in the death of her mother, thereby beginning the limitations period. These factual issues center upon the reality that the adverse effects of VIOXX were never disclosed to the public, thus prohibiting consumers from ever realizing that a cause of action might exist. Kentucky law is clear that such misleading conduct

---

[16] 799 S.W.2d, at 19.
[17] Gailor v. Alsabi, 990 S.W.2d 597, 603 (Ky. 1999) (internal citation omitted).

will toll the applicable limitations period until the truth is discovered.  <u>Clearly Merck engaged in this type of conduct</u>.[18]

Although she has accused of Merck of fraudulent concealment, Plaintiff merely argues that Dr. Schrodt "knew or should have known that VIOXX posed substantial threat" to Decedent. Dr. Schrodt vehemently disputes that allegation.  But more important to this Motion, no case has ever recognized that negligent concealment tolls the limitations period.  Plaintiff has not identified any affirmative act by Dr. Schrodt which she claims concealed or obstructed her from learning the true circumstances of Decedent's death.  Moreover, Dr. Schrodt has "had no communications with Plaintiff of any kind, neither written nor verbal, neither initiated by me nor initiated by her, regarding the autopsy performed on Decedent and its related reports, regarding factors that may (or may not) have caused or contributed to Decedent's death, regarding pulmonary emboli, nor regarding VIOXX."[19]  Plaintiff's Affidavit filed with her Response does not allege any affirmative act of concealment by Dr. Schrodt.  It is simply not possible for Plaintiff to make such an allegation.

Further, Dr. Schrodt cannot be affected by any alleged concealment that Plaintiff might accuse Merck of committing.  No Kentucky case has ever held that a third party's concealment tolled the statute of limitation as to another party who concealed nothing.

In fact, the West Virginia case, <u>Harrison</u>, *supra*, squarely addressed this point and decided the issue in Dr. Schrodt's favor.[20]  <u>Harrison</u> involved the death of a one-day old baby.  The pediatricians who had cared for that baby told the mother that the death was caused by underdeveloped lungs.  The mother learned years later, though, that the hospital chart listed meconium aspiration as the cause of death.  She then sued the obstetricians, claiming that the

---

[18] Plaintiff's Response and Opposition to Defendant's Motion for Summary Judgment, p. 13 (emphasis added).
[19] Declaration of G. Randolph Schrodt, M.D., Exhibit "A".
[20] 478 S.E.2d, at 113-14.

pediatricians' misstatements prevented her from learning the true facts of her baby's death. (The pediatricians were not named defendants.) The court rejected the argument that the pediatricians' misrepresentations might somehow toll the limitations period against the obstetricians. It held that "[b]are assertions that third parties misrepresented the decedent's cause of death, coupled with conclusory allegations that the named defendants may or may not have indirectly contributed to those misrepresentations," were not affirmative acts of concealment by the obstetricians.[21]

**D. This Court has jurisdiction to decide Dr. Schrodt's Motion.**

Plaintiff also argued that jurisdictional issues prevent this Court from deciding Dr. Schrodt's Motion.[22] Upon information and belief, this Court has already entertained and heard arguments concerning other defendants' Motions for Summary Judgment, in cases which are part of this Multidistrict Litigation. Similarly, deciding Dr. Schrodt's Motion at this time will certainly foster judicial economy.[23] Plaintiff's jurisdictional argument fails because the Court has discretion to decide this Motion, and deferring the ruling is not necessary.

### CONCLUSION

Kentucky law unambiguously states that wrongful death actions accrue at death, the sole exception being those cases when the particular defendant has concealed from Plaintiff the true circumstances. Because there can be no such finding as to Dr. Schrodt, the applicable limitations period is 1-year from the day the personal representative of Decedent's estate was qualified. Even in those cases where the personal representative is appointed late, KRS 413.180(1) sets the absolute deadline for filing a wrongful death action at two years from the date of death. Thus, the Plaintiff did not file her action within the required limitations period as to Dr. Schrodt.

---

[21] Id. at 114.
[22] Plaintiff's Response and Opposition to Defendant's Motion for Summary Judgment, pp. 1-2.
[23] See Bd. of Trs. of Teachers' Ret. Sys. of Ill. v. Worldcom, Inc., 244 F.Supp.2d 900 (N.D.Ill. 2002).

Accordingly, Defendants, G. Randolph Schrodt, Jr., M.D. and Integrative Psychiatry, LLC are entitled to Judgment as a matter of law.

Respectfully submitted,

s/ Stephen C. Hall_____
Stephen C. Hall (Bar No. 84409)
Seth A. Gladstein (Bar No. 90938)
*Counsel for Defendants, G. Randolph Schrodt, Jr.,*
*M.D. and Integrative Psychiatry, LLC*
**STOLL KEENON OGDEN PLLC**
2000 PNC Plaza
500 West Jefferson Street
Louisville, Kentucky 40202
Telephone: (502) 333-6000
Facsimile: (502) 333-6099
Steve.Hall@skofirm.com
Seth.Gladstein@skofirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Reply to Plaintiff's Response and Opposition to Motion for Summary Judgment has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(b), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 13th day of December, 2006.

I further certify that the foregoing was served on the following counsel via e-mail or U.S. mail, postage prepaid and properly addressed this 13th day of December, 2006:

Susan Pope, Esq.
Counsel for Defendant, Merck & Co.
Frost Brown Todd, LLC
Lexington Financial Center
250 West Main
Suite 2700
Lexington, Kentucky 40507-1749

Brian Rattliff, Esq.
Counsel for Plaintiff
Bubalo & Hiestand PLC
401 South Fourth Street
Suite 800
Louisville Kentucky 40202

s/ Stephen C. Hall
Stephen C. Hall (Bar No. 84409)
Seth A. Gladstein (Bar No. 90938)
*Counsel for Defendants, G. Randolph Schrodt, Jr., M.D. and Integrative Psychiatry, LLC*
**STOLL KEENON OGDEN PLLC**
2000 PNC Plaza
500 West Jefferson Street
Louisville, Kentucky 40202
Telephone: (502) 333-6000
Facsimile: (502) 333-6099
Steve.Hall@skofirm.com
Seth.Gladstein@skofirm.com