UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | * * * * * * * * * * * | MDL No. 1657 SECTION L JUDGE ELDON E. FALLON MAGISTRATE JUDGE DANIEL E. KNOWLES, III |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO:** *Wanda Welch v. Merck & Co., Inc.*, **Case No. 06-7087.**

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel,

answers the Plaintiff's Complaint as follows:

### RESPONSE TO COMPLAINT

### RESPONSE TO
### "STATEMENT OF THE PARTIES"

1.      Denies each and every allegation contained in paragraph 1 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

2.      Denies each and every allegation contained in paragraph 2 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of

business at One Merck Drive, Whitehouse Station, New Jersey, is authorized to do business in Mississippi. Merck further admits that it is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health, and that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx® ("Vioxx") from the worldwide market on September 30, 2004.

3.     Denies each and every allegation contained in paragraph 3 of the Complaint, except admits that Merck may be served as allowed by applicable state and/or federal law, which for individual actions in *In Re: Vioxx Products Liability Litigation*, MDL No. 1657, includes the procedures outlined in Pretrial Order No. 15 issued by Judge Eldon E. Fallon on May 31, 2005.

4.     Denies each and every allegation contained in paragraph 4 of the Complaint, except admits that Plaintiff purports to define the term "Defendant" for purposes of this Complaint.

## RESPONSE TO
## "STATEMENT OF THE FACTS"

5.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 5 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 5 of the Complaint.

6.     The allegations contained in paragraph 6 of the Complaint are legal conclusions to which no responsive pleadings are required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 6 of the Complaint, except admits that there is a multidistrict litigation ("MDL") related to the prescription medicine Vioxx over which Judge Eldon E. Fallon is the presiding judge, and that the MDL Court issued

2

Pretrial Order No. 11 on May 18, 2005, and respectfully refers the Court to that Order for its actual content and full effect.

7.    Denies each and every allegation contained in the first sentence of paragraph 7 of the Complaint, except admits that Merck is authorized to do business in Mississippi. The allegations contained in the second and third sentences of paragraph 7 of the Complaint are legal conclusions to which no responsive pleadings are required. Should a response be deemed required, Merck denies each and every allegation contained in the second and third sentences of paragraph 7 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiff purports to state a claim in excess of the Court's jurisdictional amount but denies that there is any legal or factual basis for such relief.

8.    Denies each and every allegation contained in paragraph 8 of the Complaint, except admits that Vioxx reduces pain and inflammation, that Vioxx is part of a class of drugs known as non-steroidal anti-inflammatory drugs ("NSAIDs"), and that the mechanism of action is believed to be due to the inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2"). Merck further admits that it manufactured, marketed, and distributed the prescription medicine Vioxx, which the U.S. Food & Drug Administration ("FDA") approved as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

9.    Denies each and every allegation contained in paragraph 9 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on

3

September 30, 2004. Merck further admits that Plaintiff purports to seek punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "COUNT I – STRICT LIABILITY"

10.     With respect to the allegations contained in paragraph 10 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 9 of this Answer with the same force and effect as though set forth here in full.

11.     Denies each and every allegation contained in the first sentence of paragraph 11 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. The allegations contained in the second sentence of paragraph 11 of the Complaint are legal conclusions to which no responsive pleadings are required. Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of paragraph 11 of the Complaint, including its subparts a through f, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

12.     Denies each and every allegation contained in paragraph 12 of the Complaint.

4

## RESPONSE TO "COUNT II -
## NEGLIGENCE AND GROSS NEGLIGENCE"

13.     With respect to the allegations contained in paragraph 13 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 12 of this Answer with the same force and effect as though set forth here in full.

14.     The allegations contained in paragraph 14 of the Complaint are legal conclusions to which no responsive pleadings are required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 14 of the Complaint, including its subparts a through g, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

15.     Denies each and every allegation contained in paragraph 15 of the Complaint.

## RESPONSE TO
## "COUNT III – FAILURE TO WARN"

16.     With respect to the allegations contained in paragraph 16 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 15 of this Answer with the same force and effect as though set forth here in full.

17.    The allegations contained in the first and third sentences of paragraph 17 of the Complaint are legal conclusions to which no responsive pleadings are required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in the second and fourth sentences of paragraph 17 of the Complaint, and denies each and every allegation directed toward Merck in the second and fourth sentences of paragraph 17 of the Complaint, including its subparts a through f, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

18.    Denies each and every allegation contained in paragraph 18 of the Complaint.

19.    Denies each and every allegation contained in paragraph 19 of the Complaint.

20.    Denies each and every allegation contained in paragraph 20 of the Complaint.

### RESPONSE TO
### "COUNT IV – BREACH OF EXPRESS WARRANTY"

21.    With respect to the allegations contained in paragraph 21 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 20 of this Answer with the same force and effect as though set forth here in full.

6

22.     Denies each and every allegation contained in paragraph 22 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint.

26.     The allegations contained in paragraph 26 of the Complaint are legal conclusions to which no responsive pleadings are required.  Should a response be deemed required, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 26 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 26 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

7

27.     Denies each and every allegation contained in paragraph 27 of the Complaint.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint.

### RESPONSE TO
### "COUNT V – BREACH OF IMPLIED WARRANTY"

29.     With respect to the allegations contained in paragraph 29 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 28 of this Answer with the same force and effect as though set forth herein.

30.     The allegations contained in paragraph 30 of the Complaint are legal conclusions to which no responsive pleadings are required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 30 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

31.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 31 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 31 of the Complaint.

32.     Denies each and every allegation contained in paragraph 32 of the Complaint.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint.

8

## RESPONSE TO
## "COUNT VI – FRAUD"

34.     With respect to the allegations contained in paragraph 34 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 33 of this Answer with the same force and effect as though set forth herein.

35.     Denies each and every allegation contained in paragraph 35 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

36.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 36 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 36 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

37.     Denies each and every allegation contained in paragraph 37 of the Complaint.

38.     Denies each and every allegation contained in paragraph 38 of the Complaint.

## RESPONSE TO
## "COUNT VII – FRAUD BY OMISSION"

39.     With respect to the allegations contained in paragraph 39 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 38 of this Answer with the same force and effect as though set forth herein.

40.     Denies each and every allegation contained in the first and second sentences of paragraph 40 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text. The allegations contained in the third sentence of paragraph 40 of the Complaint are legal conclusions as to which no response is required. Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

41.     Denies each and every allegation contained in paragraph 41 of the Complaint.

42.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 42 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 42 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

43.     The allegations contained in paragraph 43 of the Complaint are legal conclusions as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 43 of the Complaint.

44.     Denies each and every allegation contained in paragraph 44 of the Complaint.

## RESPONSE TO
## "COUNT VIII – MEDICAL MONITORING"

45.     With respect to the allegations contained in paragraph 45 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 44 of this Answer with the same force and effect as though set forth herein.

46.     Denies each and every allegation contained in paragraph 46 of the Complaint.

47.     Denies each and every allegation contained in paragraph 47 of the Complaint, except admits that Plaintiff purports to seek injunctive relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "COUNT IX – DAMAGES:
## A. COMPENSATORY DAMAGES"

48.     Denies each and every allegation contained in paragraph 53 of the Complaint, except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "B. PUNITIVE DAMAGES"

49.     Denies each and every allegation contained in paragraph 54 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on

September 30, 2004. Merck further admits that Plaintiff purports to seek punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "DEMAND FOR JURY TRIAL"

50.     The allegations contained in the unnumbered paragraph of the Complaint under the heading "Demand for Jury Trial" are legal conclusions as to which no responsive pleading is required.

## RESPONSE TO
## "AD DAMNUM"

51.     The allegations contained in the unnumbered "Wherefore" paragraph of the Complaint under the heading "Ad Damnum" constitute a prayer for relief as to which no response should be required. Should a response be required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph, except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

52.     The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

53.     The Plaintiff was careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiff.

12

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

54.     To the extent that Plaintiff asserts claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

55.     To the extent that Plaintiff asserts claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

56.     The Plaintiff failed to exercise reasonable care to mitigate her alleged damages.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

57.     Each and every claim asserted or raised in the Complaint is barred by prescription, preemption, and/or any other applicable federal or state statute of limitations.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

58.     To the extent that Plaintiff asserts claims in the Complaint based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

13

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

59.   The claims of the Plaintiff are barred in whole or in part under comment k

to Section 402A of the Restatement (Second) of Torts.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

60.   The claims of the Plaintiff are barred in whole or in part under comment j

to Section 402A of the Restatement (Second) of Torts.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

61.   The claims of the Plaintiff are barred under Section 4, *et seq.*, of the

Restatement (Third) of Torts: Products Liability.

## AS FOR AN ELEVENTH
## DEFENSE, MERCK ALLEGES:

62.   The claims of the Plaintiff are barred in whole or in part because Vioxx

"provides net benefits for a class of patients" within the meaning of comment f to Section 6 of

the Restatement (Third) of Torts: Products Liability.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

63.   The product conformed to the state-of-the-art for the design and

manufacture of such, or similar, products.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

64.   The claims of the Plaintiff are barred, in whole or in part, under the

applicable state law because Vioxx was subject to and received pre-market approval by the Food

and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

14

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

65.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

66.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

67.     To the extent that Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

68.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiff or natural course of conditions for which this Defendant is not responsible.

15

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

69.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiff or abuse of Vioxx.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

70.     The claims of Plaintiff are barred in whole or in part by the First Amendment of the Constitution of the United States of America and comparable state law provisions.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

71.     To the extent that Plaintiff relies upon any theory of breach of warranty, Plaintiff did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

72.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

73.     Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

74.    To the extent that Plaintiff seeks punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

75.    To the extent Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

76.    The demand for punitive damages by the Plaintiff is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

77.    To the extent that Plaintiff asserts claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to her claims, Plaintiff has failed to allege facts that would overcome the defenses available under that state products liability law.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

78.    The claims of Plaintiff are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

79.     To the extent that Plaintiff asserts claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiff to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

80.     Merck demands a trial by jury of all issues.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

81.     Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

82.     Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana. Merck hereby reserves the right to amend its answer to assert any such defense.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

83.     Plaintiff's claim for non-economic damages are subject to and limited by Mississippi Code § 11-1-60 (1) (a) through  (c) (1972), as amended by Miss. Laws 2004, 1st Ex. Sess., Ch. 1 § 2, effective September 1, 2004.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

84.     To the extent that the Plaintiff's claims are based upon any theory of product liability, they are barred or limited by Mississippi's Product Liability Act, Mississippi Code § 11-1-63 (1972), as amended by Miss. Laws 2004, 1st Ex. Sess., Ch. 1 § 3, effective September 1, 2004.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

85.     Plaintiff's claim for punitive damages against Merck fails under Mississippi Code § 11-1-65 (1972), as amended by Miss. Laws 2004, 1st Ex. Sess., Ch. 1 § 4, effective September 1, 2004.

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

86.     Merck affirmatively pleads Mississippi Code § 85-5-7 (1972), as amended by Miss. Laws 2003, 3rd Ex. Sess., Ch. 2 § 4, effective January 1, 2003.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

87.     Some or all of the damages alleged by Plaintiff are barred by Mississippi Code §§ 75-2-714, 715 (1972).

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

88.    Plaintiff's claims for punitive damages are in contravention of Merck's rights under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution; the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; the Double Jeopardy Clause in the Fifth Amendment to the Constitution of the United States, similar provisions in the Constitution of Mississippi and/or the common law and public policies of Mississippi, and/or applicable statutes and court rules, in the circumstances of this litigation, including, but not limited to:

(a)    imposition of punitive damages by a jury which

(1)    is not provided with standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award;

(2)    is not adequately and clearly instructed on the limits on punitive damages imposed by the principles of deterrence and punishment;

(3)    is not expressly prohibited from awarding punitive damages, or determining the amount of an award thereof, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status, wealth, or state of residence of Merck;

(4)    is permitted to award punitive damages under a standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes punitive damages permissible; and

(5)    is not subject to trial court and appellate judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards;

(b)    imposition of such punitive damages, and determination of the amount of an award thereof, where applicable state law is impermissibly vague, imprecise, or inconsistent;

(c)    imposition of such punitive damages, and determination of the amount of an award thereof, without bifurcating the trial and trying all punitive damages issues only if and after the liability of defendants has been found on the merits;

(d)    imposition of such punitive damages, and determination of the amount of an award thereof, based on anything other than Merck's conduct in connection with the sale of the product alleged in this litigation, or in any other way subjecting Merck to impermissible multiple punishment for the same alleged wrong.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.    That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiff's Complaint with prejudice against Merck with costs assessed to Plaintiff;

2.    Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.    Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated:  December  18  , 2006.

Respectfully submitted,

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Melissa V. Beaugh, 28250
       Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
       Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. to Plaintiff's Complaint has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL No. 1657, on this ⟨8ᵗʰ⟩ day of December, 2006.

