Mark A. Berman, Esq.
Susan L. Nardone, Esq./69286
**GIBBONS, DEL DEO, DOLAN,**
**GRIFFINGER & VECCHIONE**
**A Professional Corporation**
One Riverfront Plaza
Newark, New Jersey 07102-5496
(973) 596-4500
*Attorneys for Defendant*
*Louis M. Sherwood, M.D.*

| | |
|---|---|
| **In re:  VIOXX®** | **MDL Docket No. 1657** |
| **PRODUCTS LIABILITY LITIGATION** | **SECTION L** |
| This document relates to:<br>*HENRY BELL, et al. v. Merck & Co., et al.* | **JUDGE FALLON** |
| (E.D. LA No. 06-8409) | **MAGISTRATE JUDGE KNOWLES** |

### ANSWER AND JURY DEMAND OF DEFENDANT LOUIS M. SHERWOOD, M .D.

Defendant Louis M. Sherwood, M.D. ("Dr. Sherwood"),
by and through his undersigned counsel, responds to
Plaintiffs' Complaint ("Complaint") herein as follows:

#### RESPONSE TO "PARTIES - PLAINTIFFS"

1.    Dr. Sherwood denies knowledge or information
sufficient to form a belief as to the truth or falsity of the
allegations contained in said paragraph of the Complaint.

2.    Dr. Sherwood denies knowledge or information
sufficient to form a belief as to the truth or falsity of the
allegations contained in said paragraph of the Complaint.

3.    Dr. Sherwood denies knowledge or information
sufficient to form a belief as to the truth or falsity of the
allegations contained in said paragraph of the Complaint.

4. Dr. Sherwood denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph of the Complaint.

5. Dr. Sherwood denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph of the Complaint.

6. Dr. Sherwood denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph of the Complaint.

7. Dr. Sherwood denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph of the Complaint.

8. Dr. Sherwood denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph of the Complaint.

9. Dr. Sherwood denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph of the Complaint.

10. Dr. Sherwood denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph of the Complaint.

11. Dr. Sherwood denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph of the Complaint.

- 2 -

12. Dr. Sherwood denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph of the Complaint.

13. Dr. Sherwood denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph of the Complaint.

### RESPONSE TO "PARTIES DEFENDANTS"

14. The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

15. The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

16. The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

17. The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

18. The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

19. The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

20. The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

21. The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

22. The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

23. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint, except he admits that he was the former Senior Vice President, Medical and Scientific Affairs in the U.S. Human Health Division of Merck ("U.S. MEDSA"). Dr. Sherwood is a citizen of Florida and permanently resides at 7598 Playa Rienta Way, Delray Beach, Florida.

24. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint, except he admits that he was the former Senior Vice President of U.S. MEDSA, which is composed of the following five groups: Medical Services, Academic and Professional Affairs, Clinical Development, Outcomes Research & Management and Regional Medical Directors.

25. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint, except he

- 4 -

admits that he was the former Senior Vice President of U.S. MEDSA, which is composed of the following five groups: Medical Services, Academic and Professional Affairs, Clinical Development, Outcomes Research & Management and Regional Medical Directors.

26. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

27. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

28. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

29. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

30. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

31. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

32. The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

33. The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

34. The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

35. The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

36. The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

37. The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

38. The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

39. The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

40. The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

41. The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

42.   The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

43.   The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

44.   The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required.

45.   The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph except admits that he has been named a Defendant in this action.

### RESPONSE TO "JURISDICTIONAL STATEMENT"

46.   The allegations contained in said paragraph of the Complaint are legal conclusions and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph.

## RESPONSE TO "BACKGROUND"

47.   The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®, which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2"). Dr. Sherwood further admits that VIOXX® is Merck's trade name for rofecoxib.

48.   The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in the first sentence of said paragraph of the Complaint except admits that VIOXX® is a selective COX-2 inhibitor. Dr. Sherwood denies each and every allegation directed at him in the second and third sentences of said paragraph.

49.   The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed

- 8 -

required, Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint..

50.  The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood admits the allegations contained in said paragraph of the Complaint that Merck submitted an Application to Market a New Drug for Human Use for VIOXX® (the "Application") to the Food and Drug Administration ("FDA") and respectfully refers the Court to the Application for its actual language and full text.

51.  The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood admits the allegations contained in said paragraph of the Complaint that Merck submitted an Application to Market a New Drug for Human Use for VIOXX® (the "Application") to the Food and Drug Administration ("FDA") and respectfully refers the Court to the Application for its actual language and full text.

52.  The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint except

- 9 -

admits that Merck sought and received FDA approval to manufacture and market the prescription medicine VIOXX® and respectfully refers the Court to the prescribing information for VIOXX® for its indicated uses.

53.   The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint except admits that Merck scientists participated in the VIGOR study involving VIOXX® and respectfully refers the Court to the referenced study for its actual conclusions and full text.

54.   The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood admits that in said paragraph of the Complaint Plaintiffs purports to quote the document referenced in said paragraph and respectfully refers the Court to the referenced document for its actual language and full text.

55.   The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint and avers that in March 2000 Merck forwarded to the FDA the VIOXX®

- 10 -

Gastrointestinal Outcomes Research (VIGOR) study. Dr. Sherwood respectfully refers the Court to the referenced study for its actual language and full text.

56.   The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint except admits that Merck received in September 2001 a letter from a regulatory review officer of the FDA regarding VIOXX® and respectfully refers the Court to the referenced letter for its actual language and full text.

57.   The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint except admits that Merck received in September 2001 a letter from a regulatory review officer of the FDA regarding VIOXX® and respectfully refers the Court to the referenced letter for its actual language and full text.

58.   The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed

required, Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

59. The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

60. The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

61. The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

62. The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint except admits that Plaintiffs purport to quote from the Merck 2001 Annual Report and respectfully refers the Court to the referenced report for its actual language and full text.

63.   The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint except admits that Plaintiffs purport to quote from an 8-K Securities and Exchange Commission filing and respectfully refers the Court to the referenced document for its actual language and full text.

64.   The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint except admits the existence of the journal and the article contained therein and respectfully refers the Court to the referenced document for its actual language and full text.

65.   The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint except admits the existence of the referenced study and respectfully refers the Court to the referenced study for its actual language and full text.

- 13 -

66.   The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint except admits the existence of the referenced article and respectfully refers the Court to said article for its actual language and full text.

67.   Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

68.   Dr. Sherwood denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph of the Complaint.

69.   The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

70.   Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint, including subparts a - l.

71.   The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed

required, Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

### RESPONSE TO "COUNT I - NEGLIGENCE"

72. With respect to the allegations contained in said paragraph of the Complaint, Dr. Sherwood repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

73. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

74. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

75. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint, including subparagraphs a-f.

76. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

77. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

78. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

As for the "Wherefore" section under said paragraph, no responsive pleading is required. Should a response be required, Dr. Sherwood denies each and every allegation directed at him in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

### RESPONSE TO "COUNT II - BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY"

79. With respect to the allegations contained in said paragraph of the Complaint, Dr. Sherwood repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

80. Dr. Sherwood denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

81. Dr. Sherwood denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph of the Complaint.

82. The allegations contained in said paragraph of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph.

83. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

84. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

85. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

86. The allegations contained in said paragraph of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

87. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

88. The allegations contained in said paragraph of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required,

Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint, except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

89.   Dr.   Sherwood   denies   each   and   every   allegation directed at him in said paragraph of the Complaint except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

90.   Dr.   Sherwood   denies   each   and   every   allegation directed at him in said paragraph of the Complaint except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

As for the "Wherefore" section under said paragraph , no responsive   pleading   is   required.   Should   a   response   be required,   Dr.   Sherwood   denies   each   and   every   allegation directed at him in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

### RESPONSE TO "COUNT III - BREACH OF EXPRESS WARRANTY"

91.   With respect to the allegations contained in said paragraph   of the Complaint, Dr. Sherwood repeats and re-alleges   each   and   every   admission,   denial,   averment,   and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

92. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

93. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

94. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

95. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

96. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

97. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

98. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

99. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

100. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

101. The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed

- 19 -

required, Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

102. The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

103. The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

104. The allegations contained in said paragraph of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint, except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

105. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

As for the "Wherefore" section under said paragraph, no responsive pleading is required. Should a response be

- 20 -

required, Dr. Sherwood denies each and every allegation directed at him in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

### RESPONSE TO "COUNT IV - FRAUD AND MISREPRESENTATION"

106. With respect to the allegations contained in said paragraph of the Complaint, Dr. Sherwood repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

107. The allegations contained in said paragraph of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph except admits that Merck manufactured, marketed, and distributed the prescription medicine VIOXX®.

108. The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint except admits that Merck marketed the prescription medicine VIOXX®.

109. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

110. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

111. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

112. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

113. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

114. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

115. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

As for the "Wherefore" section under said paragraph, no responsive pleading is required. Should a response be required, Dr. Sherwood denies each and every allegation directed at him in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

## RESPONSE TO "COUNT V - VIOLATION OF CONSUMER PROTECTION LAWS"

116. With respect to the allegations contained in said paragraph of the Complaint, Dr. Sherwood repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer

with the same force and effect as though set forth here in full.

117. Dr. Sherwood denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph and in the alternative denies each and every allegation contained in said paragraph.

118. The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

119. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint, including subparagraphs a-c.

120. The allegations contained in said paragraph of the Complaint are legal conclusions and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

121. The allegations contained in said paragraph of the Complaint are not directed at Dr. Sherwood and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

132. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

132. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

As for the "Wherefore" section under said paragraph, no responsive pleading is required. Should a response be required, Dr. Sherwood denies each and every allegation directed at him in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

## RESPONSE TO "COUNT VI - PUNITIVE DAMAGES"

132. With respect to the allegations contained in said paragraph of the Complaint, Dr. Sherwood repeats and re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

132. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

132. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

127. The allegations contained in said paragraph of the Complaint are legal conclusions and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

128. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

129. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

130. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

131. The allegations contained in said paragraph of the Complaint are legal conclusions and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

As for the "Wherefore" section under said paragraph, no responsive pleading is required. Should a response be required, Dr. Sherwood denies each and every allegation directed at him in this "Wherefore" section except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

### RESPONSE TO "COUNT VI - LOSS OF CONSORTIUM"

132. With respect to the allegations contained in said paragraph of the Complaint, Dr. Sherwood repeats and

re-alleges each and every admission, denial, averment, and statement contained in the preceding paragraphs of this Answer with the same force and effect as though set forth here in full.

133. Dr. Sherwood denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph of the Complaint.

134. Dr. Sherwood denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph of the Complaint.

135. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

136. The allegations contained in said paragraph of the Complaint are legal conclusions and therefore no responsive pleading is required. Should a response be deemed required, Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

137. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

138. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint.

139. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint except

admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

140. Dr. Sherwood denies each and every allegation directed at him in said paragraph of the Complaint except admits that Plaintiffs purport to claim certain damages but denies there is any legal or factual basis for same.

## AFFIRMATIVE DEFENSES

141. Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

142. The Complaint fails to state a claim upon which relief can be granted.

143. Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

144. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

145. To the extent that Plaintiffs assert claims based on Dr. Sherwood's and/or Dr. Sherwood's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

146. To the extent that Plaintiffs assert claims based upon an alleged failure by Dr. Sherwood and/or Dr. Sherwood to warn Plaintiffs directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned intermediary doctrine because Dr. Sherwood has discharged its duty to warn in its warnings to the prescribing physician.

147. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured plaintiffs.

148. Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence.

149. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Dr. Sherwood or other manufacturer.

150. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Dr. Sherwood and/or Dr. Sherwood and over whom Dr.

Sherwood and/or Dr. Sherwood had no control and for whom Dr. Sherwood may not be held accountable.

151. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of VIOXX®.

152. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

153. To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

154. Plaintiffs' claims are barred, in whole or in part under the applicable state law because VIOXX® was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

155. Plaintiffs' claims are barred in whole or in part by the First Amendment.

156. Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

157. Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

158. Plaintiffs' claims are barred in whole or in part because Dr. Sherwood provided legally adequate "directions or warnings" as to the use of VIOXX® and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

159. Plaintiffs claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts: Products Liability.

160. This case is more appropriately brought in a different venue.

161. To the extent Plaintiffs settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Dr. Sherwood's liability, if any, should be reduced accordingly.

162. To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

163. Plaintiffs claims are barred in whole or in part because Plaintiffs have failed to mitigate the alleged damages.

164. Plaintiffs' claims of fraud are barred by reason of Plaintiffs failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).

165. Plaintiffs claims are barred in whole or in part because VIOXX® "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

166. To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Dr. Sherwood or Dr. Sherwood, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

167. Plaintiffs' demand for punitive damages is barred because VIOXX® and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

168. To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Dr. Sherwood's state and federal constitutional rights.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Dr. Sherwood to determine all of his legal, contractual and equitable rights, Dr. Sherwood reserves the right to amend and

supplement the averments of his answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Dr. Sherwood will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Dr. Sherwood respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Dr. Sherwood his reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

## JURY DEMAND

Dr. Sherwood demands a trial by jury as to all issues so triable.

Dated:   December 19, 2006                    Respectfully submitted,

                                             _____
                                             Mark A. Berman, Esq.
                                             Susan L. Nardone, Esq./69286
                                             **GIBBONS, DEL DEO, DOLAN,
                                             GRIFFINGER & VECCHIONE**
                                             **A Professional Corporation**
                                             One Riverfront Plaza
                                             Newark, NJ 07102-5496
                                             (973) 596-4500

                                             **Attorneys for Defendant,
                                             Louis M. Sherwood, M.D.**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Louis M. Sherwood has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 19th day of December, 2006.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

826474v.2