MINUTE ENTRY
FALLON, J.
DECEMBER 15, 2006

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | * | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | |
| | * | SECTION: L(3) |
| | * | |
| | * | JUDGE FALLON |
| | * | MAG. JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO ALL CASES**

### MINUTE ENTRY REGARDING PRE-TRIAL ORDER NO. 18C

The Court met with the representatives of the Plaintiffs' Steering Committee ("PSC") and counsel for Merck on October 11, 2006, following filing of the PSC's Motion to Compel the Production of Merck Profile Forms (Rec. Doc. 6491) and Merck's Opposition thereto. The purpose of the meeting was to try to resolve outstanding issues regarding the Plaintiff Profile Form ("PPF") and the Merck Profile Form ("MPF") under the terms of Pre-Trial Order No. 18C. Following presentations by counsel, the Court requested and hereby enters this Minute Entry such that service of PPFs and MPFs can move forward in an efficient and timely manner. By entering this Minute Entry, the court reiterates its directive to all counsel regarding the necessity of providing all the information required by both the PPF and, once triggered, the MPF. To further underscore the importance of providing this information for the timely service of profile forms, the Court issues this Minute Entry to clarify the obligations of the parties and counsel under Pre-Trial Order No. 18C.

1

JS10(00:10)

## THE CORE CRITERIA

Pre-Trial Order No. 18C sets forth the core criteria in a PPF that Merck requires to be completed in full in order to process an MPF. Paragraph 17 of Pre-Trial Order No. 18C identifies this core criteria as follows:

1. Type of injury (cardiovascular cases relating to ischemic stroke, myocardial infarction & death);

2. Date (month and year) of Plaintiff's injury;

3. Full name of person who used Vioxx;

4. Maiden or other names of person who used Vioxx;

5. Full address of person who used Vioxx;

6. Full name and full address of prescriber (including suite number, if any); and

7. Full name and full address of sample provider (including suite number, if any).

Plaintiff or plaintiff's counsel shall provide complete answers in the PPF relating to the above-referenced core criteria as a condition for Merck to process an MPF in plaintiff's case. Failure to provide this information will render the PPF deficient. To the extent that, after reasonable and diligent investigation, plaintiff or plaintiff's counsel is unable to provide complete answers in the PPF relating to the above-referenced core criteria, the Court provides the following additional guidance for the completion of profile forms in this litigation.

## TYPE OF INJURY

Consistent with the terms of Pre-Trial Order No. 18C, Merck shall produce an MPF in cases where the injury alleged in the PPF is either myocardial infarction, ischemic stroke, or death under the definition of "cardiovascular injury." Merck has agreed to process MPF's in

cases where the injury alleged in the PPF is identified exactly as one of the following: Heart Attack, Myocardial Infarction, MI, Acute MI, Infarction, Cardiac Arrest, Silent Heart Attack, Cardiopulmonary arrest, Stroke, Ischemic Stroke, Mini stroke, CVA, (Multiple) Cerebral Vascular Accident(s), Cerebral Vascular Injury, Cerebrovascular accident, Ischemic attacks, Cardiothrombotic Event, Cerebrothrombotic Event, Intracranial hemorrhage, Intracerebral hemorrhage, or Death.  Although this list of alleged injuries is fixed, Merck has advised that it will consider processing MPFs for additional injuries and will meet and confer with Plaintiffs' Liaison Counsel ("PLC") in this regard.

These injuries or events relate only to whether Merck will process an MPF in a given case and do not affect the status of cases in the context of tolling or otherwise.

## INJURY DATE, NAMES AND ADDRESSES

Plaintiffs or plaintiffs' counsel are to provide complete responses to the questions in the PPF, including the month and year of each Vioxx injury alleged, the Vioxx user's full name (including any other names for both male and female users) and complete address (including street name), and the full name and complete address (including street name) of any physician who prescribed Vioxx or provided Vioxx samples to the plaintiffs.  Referring to or attaching medical records or other documentation is not permitted.

## "BLANK" RESPONSES

Plaintiffs or plaintiffs' counsel shall respond in some manner to all of the questions in the PPF, including those phrased in the subjunctive tense (namely, those beginning with an "If . . .") and those they believe to be inapplicable.  An answer of "Not applicable" or "None" will be sufficient to satisfy this obligation.

**WRITTEN NOTIFICATION**

If after reasonable investigation, plaintiffs or plaintiffs' counsel do not have sufficient information to complete the PPF, including all of the information set forth above, plaintiffs' counsel shall so represent in writing to Merck's counsel either in the PPF itself or in a separate letter to counsel.  This requirement includes instances where plaintiffs can only provide initials instead of a physician's full first name, or a partial or incomplete address instead of a complete address, as required above.  Failure to provide written notification to Merck's counsel will render the PPF deficient.  Upon receipt of such written notification, counsel for Merck shall process a corresponding MPF under the terms of Pre-Trial Order No. 18C.

**ELECTRONIC SERVICE OF PPF**

Consistent with Pre-Trial Order No. 18C, plaintiffs or plaintiffs' counsel shall serve via Lexis-Nexis File & Serve ("LNFS") PPFs, supplemental PPFs, and correspondence relating to PPFs on all counsel identified in Pre-Trial Order No. 18C, including Dechert LLP.  To the extent plaintiff's counsel is not registered with LNFS, counsel is instructed to contact Dorothy Wimberly at dwimberly@stonepigman.com for assistance.  Failure to comply with the service requirements will render the PPF deficient.

Accordingly, IT IS ORDERED that the PSC's Motion to Compel the Production of Merck Profile Forms (Rec. Doc. 6491) is DENIED AS MOOT.

New Orleans, Louisiana, this 15th day of December, 2006.

_____
**ELDON E. FALLON**
**UNITED STATES DISTRICT JUDGE**