UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
|  | : |  |
|  | : | JUDGE FALLON |
|  | : | MAG. JUDGE KNOWLES |

**THIS DOCUMENT RELATES TO:**
   *Pescatello v. Merck & Co., Inc.*, 05-1255

**ORDER**

Before the Court are Frank Pescatello's ("Plaintiff") Motion for Relief from Dismissal and Motion to Vacate Dismissal (Rec. Doc. 8691) and Motion for Enlargement of Time to Appeal (Rec. Doc. 8767).

On September 7, 2006, Merck & Co., Inc. ("Merck") moved to dismiss the Plaintiff's claims in light of his failure to provide a Plaintiff Profile Form in a timely fashion pursuant to Pre-Trial Order 18C.  The Court ordered that the Plaintiff file opposition papers by October 6, 2006 and appear and show cause on October 26, 2006 why his case should not be dismissed. The Plaintiff did not file an opposition, nor did he appear at the show-cause hearing. Accordingly, the Plaintiff's claims were dismissed with prejudice on October 26, 2006.  *See* Rec. Doc. 8274 and reasons stated on the record.

In the present motion, the Plaintiff asks the Court to vacate its order of dismissal and reinstate his case.  First, Plaintiff's counsel attests that he did not receive various electronic

1

communications from the Court with respect to Merck's motion and that he first learned of the motion when he received the Court's order of dismissal via United States mail.  Second, the Plaintiff argues that his dementia and blindness explain the delay in completing and filing a Plaintiff Profile Form.

Under Rule 60(b) of the *Federal Rules of Civil Procedure*, a district court may reconsider an earlier order for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or other misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief.  Fed. R. Civ. Proc. 60(b); *see Fed. Sav. & Loan Ins. Corp. v. Kroenke*, 858 F.2d 1067, 1069 (5th Cir. 1988).

The Court cannot condone counsel's failure to monitor the Court's electronic docket.  *See Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004) (finding counsel's excuse that he did not receive notice of electronic filings "nothing but an updated version of the classic 'my dog ate my homework' line"); *see also In re Philbert*, 340 B.R. 886, 890-91 (Bankr. N.D. Ind. 2006); *Moore v. United States*, No. 04-423, 2005 WL 1984745, at *3-5 (E.D. Cal. Aug. 17, 2005).  However, the Court finds that counsel's neglect is excusable in this case given the severe medical condition of the Plaintiff himself.  Had the Court been aware of the Plaintiff's condition and the difficulties he was experiencing with respect to completing a Plaintiff Profile Form, the Court would not have dismissed his case.  Therefore, the Court will relieve this infirm Plaintiff

of the harsh impact of dismissal occasioned by his counsel's neglect.

Accordingly, IT IS ORDERED that the Plaintiff's Motion for Relief from Dismissal and Motion to Vacate Dismissal (Rec. Doc. 8691) is GRANTED and that the Court's October 26, 2006 order of dismissal is hereby VACATED with respect to this case.  IT IS FURTHER ORDERED that the Plaintiff shall submit a Plaintiff Profile Form in accordance with Pre-Trial Order No. 18C within 120 days.

IT IS FURTHER ORDERED that the Plaintiff's Motion for Enlargement of Time to Appeal (Rec. Doc. 8767) is DENIED AS MOOT.

New Orleans, Louisiana, this __15th__ day of December, 2006.

_____
UNITED STATES DISTRICT JUDGE