## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: VIOXX®** | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| This document relates to: | * | **JUDGE FALLON** |
| *Linda Matrulla v. Merck & Co., Inc., et al.,* | * | |
| (E.D. La. Index No. CA- 06- 5505-L) | * | **MAG. JUDGE KNOWLES** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ANSWER AND JURY DEMAND OF DEFENDANT RANDI PARRISH

Defendant, Randi Parrish ("Ms. Parrish"), through undersigned counsel, answers

the Amended Complaint ("Complaint") herein as follows:

### RESPONSE TO "GENERAL ALLEGATIONS"

1.    Denies each and every allegation contained in paragraph 1 of the

Complaint except admits that Plaintiff purports to seek damages in excess of $15,000, but

denies that there is any legal or factual basis for such relief.

2.    Lacks knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in paragraph 2 of the Complaint.

3.    Lacks knowledge or information sufficient to form a basis as to the truth

or falsity of the allegations contained in paragraph 3 of the Complaint.

4.    Denies each and every allegation contained in paragraph 4 of the

Complaint directed toward Ms. Parrish.  Ms. Parrish is not required to respond to

allegations directed toward the other Defendants.  If a response is required, Ms. Parrish

denies each and every allegation in paragraph 4 of the Complaint.

5. The allegations contained in paragraph 5 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 5 of the Complaint except admits that Defendant Merck & Co., Inc. ("Merck") manufactured the prescription medicine Vioxx® ("Vioxx").

6. The allegations contained in paragraph 6 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 6 of the Complaint except admits, upon information and belief, that Merck is a New Jersey corporation with its principal place of business in New Jersey.

7. The allegations contained in paragraph 7 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish denies each and every allegation in paragraph 7 of the Complaint except admits, upon information and belief, that Merck is authorized to do business in the State of Florida.

8. The allegations contained in paragraph 8 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish denies each and every allegation in paragraph 8 of the Complaint except admits, upon information and belief, that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market in September 2004. Ms. Parrish further admits, upon information and belief, that Merck is authorized to do business in the State of Florida.

9.      Denies each and every allegation contained in paragraph 9 of the

Complaint directed toward Ms. Parrish except admits that she is currently employed by

Merck in the State of Florida. Ms. Parrish is not required to respond to the allegations

directed toward the other Defendants named in paragraph 9 of the Complaint. If a

response is required, Ms. Parrish lacks knowledge or information sufficient to form a

belief as to the employment or residency status of the other named Defendants.

10.     Denies each and every allegation in paragraph 10 of the Complaint except

admits, upon information and belief, that the prescription medicine Vioxx reduces pain

and inflammation and that the mechanism of the action is believed to be due to inhibition

of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2

("COX-2").

11.     The allegations contained in paragraph 11 of the Complaint are not

directed toward Ms. Parrish and therefore no response is required. If a response is

required, Ms. Parrish lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in paragraph 11 of the Complaint.

12.     The allegations contained in paragraph 12 of the Complaint are not

directed toward Ms. Parrish and therefore no response is required. If a response is

required, Ms. Parrish lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in paragraph 12 of the Complaint.

13.     The allegations contained in paragraph 13 of the Complaint are not

directed toward Ms. Parrish and therefore no response is required. If a response is

required, Ms. Parrish lacks knowledge or information sufficient to form a belief as to the

3

truth or falsity of the allegations contained in paragraph 13 of the Complaint except admits, upon information and belief, that Vioxx is a selective NSAID.

14.     The allegations contained in paragraph 14 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint.

15.     The allegations contained in paragraph 15 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 15 of the Complaint.

16.     The allegations contained in paragraph 16 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 16 of the Complaint.

17.     The allegations contained in paragraph 17 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Complaint.

18.     The allegations contained in paragraph 18 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 18 of the Complaint.

4

19. The allegations contained in paragraph 19 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the Complaint.

20. The allegations contained in paragraph 20 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint except admits that Plaintiff purports to refer to a particular application and to the extent the referenced application is in writing, the actual contents of the application constitute the best evidence of its terms and Ms. Parrish denies all allegations inconsistent with those contents.

21. The allegations contained in paragraph 21 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint.

22. The allegations contained in paragraph 22 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Complaint except admits that Plaintiff purports to refer to particular studies and to the extent the referenced

5

studies are in writing, the actual contents of the studies constitute the best evidence of their terms and Ms. Parrish denies all allegations inconsistent with those contents.

23.     The allegations contained in paragraph 23 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Complaint.

24.     The allegations contained in paragraph 24 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Complaint.

25.     The allegations contained in paragraph 25 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Complaint.

26.     The allegations contained in paragraph 26 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint except admits that Plaintiff purports to refer to a particular study and to the extent the referenced study is in writing, the actual contents of the study constitute the best evidence of its terms and Ms. Parrish denies all allegations inconsistent with those contents.

6

27.     The allegations contained in paragraph 27 of the Complaint are not
directed toward Ms. Parrish and therefore no response is required. If a response is
required, Ms. Parrish lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the allegations contained in paragraph 27 of the Complaint.

28.     The allegations contained in paragraph 28 of the Complaint are not
directed toward Ms. Parrish and therefore no response is required. If a response is
required, Ms. Parrish denies each and every allegation contained in paragraph 28 of the
Complaint.

29.     The allegations contained in paragraph 29 of the Complaint are not
directed toward Ms. Parrish and therefore no response is required. If a response is
required, Ms. Parrish lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the allegations contained in paragraph 29 of the Complaint except
admits that Plaintiff purports to refer to a particular application and to the extent the
referenced application is in writing, the actual contents of the application constitute the
best evidence of its terms and Ms. Parrish denies all allegations inconsistent with those
contents.

30.     The allegations contained in paragraph 30 of the Complaint are not
directed toward Ms. Parrish and therefore no response is required. If a response is
required, Ms. Parrish lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the allegations contained in paragraph 30 of the Complaint except
admits that Plaintiff purports to refer to a particular application and to the extent the
referenced application is in writing, the actual contents of the application constitute the

7

best evidence of its terms and Ms. Parrish denies all allegations inconsistent with those contents.

31.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Complaint except admits that Plaintiff purports to refer to the FDA's approval of "NDA 21-042 and NDA 21-052" and to the extent the referenced approval is in writing, the actual contents of the approval constitute the best evidence of its terms and Ms. Parrish denies all allegations inconsistent with those contents.

32.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the Complaint except admits that Plaintiff purports to refer to the FDA's labeling for rofecoxib and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

33.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the Complaint except admits that Plaintiff purports to refer to the "Warnings" section of the labeling for rofecoxib and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

34.     The allegations contained in paragraph 34 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34 of the Complaint except

8

admits that Plaintiff purports to refer to a particular application and to the VIGOR study and to the extent the referenced application and the VIGOR study are in writing, the actual contents of the application and study constitute the best evidence of their terms and Ms. Parrish denies all allegations inconsistent with those contents.

35. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of the Complaint except admits that Plaintiff purports to refer to the VIGOR study and to the extent the VIGOR study is in writing, the actual contents of the study constitute the best evidence of its terms and Ms. Parrish denies all allegations inconsistent with those contents.

36. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 36 of the Complaint except admits that Plaintiff purports to refer to the VIGOR study and to the extent the VIGOR study is in writing, the actual contents of the study constitute the best evidence of its terms and Ms. Parrish denies all allegations inconsistent with those contents.

37. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of the Complaint except admits that Plaintiff purports to refer to the VIGOR study and to the extent the VIGOR study is in writing, the actual contents of the study constitute the best evidence of its terms and Ms. Parrish denies all allegations inconsistent with those contents.

38. The allegations contained in paragraph 38 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is

9

required, Ms. Parrish denies each and every allegation contained in paragraph 38 of the Complaint.

39.    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 39 of the Complaint except admits that Plaintiff purports to refer to the VIGOR study and to the extent the VIGOR study is in writing, the actual contents of the study constitute the best evidence of its terms and Ms. Parrish denies all allegations inconsistent with those contents.

40.    The allegations contained in paragraph 40 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 40 of the Complaint.

41.    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of the Complaint except admits that Plaintiff purports to refer to a memorandum and respectfully refers the Court to the referenced memorandum for its actual language and full text.

42.    The allegations contained in paragraph 42 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 42 of the Complaint except admits that Plaintiff purports to refer to the referenced e-mail and respectfully refers the Court to the referenced e-mail for its actual language and full text.

10

43.     The allegations contained in paragraph 43 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 43 of the Complaint.

44.     The allegations contained in paragraph 44 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 44 of the Complaint.

45.     The allegations contained in paragraph 45 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 45 of the Complaint except admits that Plaintiff purports to refer to "industry-sponsored studies" and a "publication" and respectfully refers the Court to the referenced studies and publication for their actual language and full text.

46.     The allegations contained in paragraph 46 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 46 of the Complaint.

47.     The allegations contained in paragraph 47 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is

11

required, Ms. Parrish denies each and every allegation contained in paragraph 47 of the Complaint.

48.     The allegations contained in paragraph 48 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 48 of the Complaint except admits that Plaintiff purports to refer to a particular letter and respectfully refers the Court to the referenced letter for its actual language and full text.

49.     The allegations contained in paragraph 49 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 49 of the Complaint except admits that Plaintiff purports to refer to a particular contract and to the extent the referenced contract is in writing, the actual contents of the contract constitute the best evidence of its terms and Ms. Parrish denies all allegations inconsistent with those contents.

50.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 50 of the Complaint except admits that Plaintiff purports to refer to an 8-K Securities and Exchange Commission filing and respectfully refers the Court to the referenced filing for its actual language and full text.

51.     The allegations contained in paragraph 51 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is

12

required, Ms. Parrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 51 of the Complaint except admits that Plaintiff purports to refer to a particular press release and to the extent the referenced press release is in writing, the actual contents of the press release constitute the best evidence of its terms and Ms. Parrish denies all allegations inconsistent with those contents.

52. The allegations contained in paragraph 52 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 52 of the Complaint.

53. The allegations contained in paragraph 53 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 53 of the Complaint except admits that Plaintiff purports to refer to a particular study and to the extent the referenced study is in writing, the actual contents of the study constitute the best evidence of its terms and Ms. Parrish denies all allegations inconsistent with those contents.

54. The allegations contained in paragraph 54 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 54 of the Complaint except admits that Plaintiff purports to refer to a particular study and to the extent the referenced

13

study is in writing, the actual contents of the study constitute the best evidence of its terms and Ms. Parrish denies all allegations inconsistent with those contents.

55.     The allegations contained in paragraph 55 of the Complaint are not directed toward Ms. Parrish and therefore no response is required.  If a response is required, Ms. Parrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 55 of the Complaint except admits that Plaintiff purports to refer to a particular letter and respectfully refers the Court to the referenced letter for its actual language and full text.

56.     The allegations contained in paragraph 56 of the Complaint are not directed toward Ms. Parrish and therefore no response is required.  If a response is required, Ms. Parrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 56 of the Complaint except admits that Plaintiff purports to refer to a particular letter and respectfully refers the Court to the referenced letter for its actual language and full text.

57.     Denies each and every allegation contained in paragraph 57 of the Complaint directed toward Ms. Parrish except admits that Plaintiff purports to refer to a particular letter and respectfully refers the Court to the referenced letter for its actual language and full text.  Ms. Parrish is not required to respond to allegations directed toward the other Defendants.  If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 57 of the Complaint except admits that Plaintiff purports to refer to a particular letter and respectfully refers the Court to the referenced letter for its actual language and full text.

14

58.     The allegations contained in paragraph 58 of the Complaint are not

directed toward Ms. Parrish and therefore no response is required. If a response is

required, Ms. Parrish denies each and every allegation contained in paragraph 58 of the

Complaint except admits that Plaintiff purports to refer to a particular report and to the

extent the referenced report is in writing, the actual contents of the report constitute the

best evidence of its terms and Ms. Parrish denies all allegations inconsistent with those

contents.

59.     The allegations contained in paragraph 59 of the Complaint are not

directed toward Ms. Parrish and therefore no response is required. If a response is

required, Ms. Parrish denies each and every allegation contained in paragraph 59 of the

Complaint except admits that Plaintiff purports to refer to reviews "authored and

sponsored" by Merck and a particular study and article and to the extent the referenced

reviews, study and article are in writing, the actual contents of the reviews, study and

article constitute the best evidence of their terms and Ms. Parrish denies all allegations

inconsistent with those contents.

60.     The allegations contained in paragraph 60 of the Complaint are not

directed toward Ms. Parrish and therefore no response is required. If a response is

required, Ms. Parrish denies each and every allegation contained in paragraph 60 of the

Complaint except admits that Plaintiff purports to refer to a particular article and

respectfully refers the Court to the referenced article for its actual language and full text.

61.     The allegations contained in paragraph 61 of the Complaint are not

directed toward Ms. Parrish and therefore no response is required. If a response is

15

required, Ms. Parrish denies each and every allegation contained in paragraph 61 of the Complaint.

62.     The allegations contained in paragraph 62 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 62 of the Complaint except admits that Plaintiff purports to refer to certain labeling and respectfully refers the Court to the referenced labeling for its actual language and full text.

63.     The allegations contained in paragraph 63 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 63 of the Complaint except admits that Plaintiff purports to refer to a particular article and to the extent the referenced article is in writing, the actual contents of the article constitute the best evidence of its terms and Ms. Parrish denies all allegations inconsistent with those contents.

64.     The allegations contained in paragraph 64 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 64 of the Complaint except admits that Plaintiff purports to refer to a particular article and to the extent the referenced article is in writing, the actual contents of the article constitute the best

16

evidence of its terms and Ms. Parrish denies all allegations inconsistent with those contents.

65. The allegations contained in paragraph 65 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 65 of the Complaint except admits that Plaintiff purports to refer to a particular presentation and to the extent the referenced presentation is in writing, the actual contents of the presentation constitute the best evidence of its terms and Ms. Parrish denies all allegations inconsistent with those contents.

66. The allegations contained in paragraph 66 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 66 of the Complaint except admits that Plaintiff purports to refer to a particular press release and respectfully refers the Court to the referenced press release for its actual language and full text.

67. The allegations contained in paragraph 67 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 67 of the Complaint except admits that Plaintiff purports to refer to the APPROVe study and to the extent the APPROVe study is in writing, the actual contents of the study constitute the best

17

evidence of its terms and Ms. Parrish denies all allegations inconsistent with those contents.

68.     The allegations contained in paragraph 68 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 68 of the Complaint except admits that Plaintiff purports to refer to the APPROVe study and to the extent the APPROVe study is in writing, the actual contents of the study constitute the best evidence of its terms and Ms. Parrish denies all allegations inconsistent with those contents.

69.     The allegations contained in paragraph 69 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 69 of the Complaint except admits that Plaintiff purports to refer to the APPROVe study and to the extent the APPROVe study is in writing, the actual contents of the study constitute the best evidence of its terms and Ms. Parrish denies all allegations inconsistent with those contents.

70.     The allegations contained in paragraph 70 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 70 of the Complaint except

18

admits that Plaintiff purports to refer to a particular communication between Merck and the FDA and to the extent the referenced communication is in writing, the actual contents of the communication constitute the best evidence of its terms and Ms. Parrish denies all allegations inconsistent with those contents.

71.     The allegations contained in paragraph 71 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish admits that Plaintiff purports to refer to particular announcements and to the extent the referenced announcements are in writing, the actual contents of the announcements constitute the best evidence of their terms and Ms. Parrish denies all allegations inconsistent with those contents.

72.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 72 of the Complaint except admits that Plaintiff purports to refer to a particular analysis and to the extent the referenced analysis is in writing, the actual contents of the analysis constitute the best evidence of its terms and Ms. Parrish denies all allegations inconsistent with those contents.

73.     Denies each and every allegation contained in paragraph 73 of the Complaint directed toward Ms. Parrish. Ms. Parrish is not required to respond to allegations directed toward the other Defendants. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 73 of the Complaint.

74.     Denies each and every allegation contained in the first and second sentences of paragraph 74 of the Complaint directed toward Ms. Parrish. The allegations contained in the third sentence of paragraph 74 of the Complaint are legal conclusions to

19

which no response is required. If a response is required, Ms. Parrish denies each and every allegation contained therein. Ms. Parrish is not required to respond to allegations directed toward the other Defendants. If a response is required, Ms. Parrish denies each and every allegation contained in the first and second sentences of paragraph 74 of the Complaint except admits that Merck employed sales representatives. The allegations contained in the third sentence of paragraph 74 of the Complaint are legal conclusions to which no response is required. If a further response is required, Ms. Parrish denies each and every allegation contained therein.

75.    The allegations contained in paragraph 75 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 75 of the Complaint.

76.    The allegations contained in paragraph 76 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 76 of the Complaint.

77.    The allegations contained in paragraph 77 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 77 of the Complaint except, upon information and belief, admits that Merck manufactured the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market in September 2004.

20

78.     The allegations contained in paragraph 78 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 78 of the Complaint.

79.     The allegations contained in paragraph 79 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 79 of the Complaint.

80.     The allegations contained in paragraph 80 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 80 of the Complaint.

81.     The allegations contained in paragraph 81 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 81 of the Complaint.

82.     The allegations contained in paragraph 82 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 82 of the Complaint.

83.     The allegations contained in paragraph 83 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is

21

required, Ms. Parrish denies each and every allegation contained in paragraph 83 of the Complaint.

84.    Denies each and every allegation contained in paragraph 84 of the Complaint directed toward Ms. Parrish. Ms. Parrish is not required to respond to allegations directed toward the other Defendants. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 84 of the Complaint.

85.    Denies each and every allegation contained in paragraph 85 of the Complaint directed toward Ms. Parrish. Ms. Parrish is not required to respond to allegations directed toward the other Defendants. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 85 of the Complaint.

## RESPONSE TO "COUNT I STRICT LIABILITY (AS TO DEFENDANT MERCK ONLY)"

With respect to the un-numbered introductory paragraph of Count I, Ms. Parrish hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 85 of this Answer with the same force and effect as though set forth here in full.

86.    The allegations contained in paragraph 86 of the Complaint, including subparts a - f, are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 86 of the Complaint, including subparts a - f.

87.    The allegations contained in paragraph 87 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is

22

required, Ms. Parrish lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 87 of the Complaint.

88.     The allegations contained in paragraph 88 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, the allegations contained in paragraph 88 of the Complaint are legal conclusions to which no response is required. If a further response is required, Ms. Parrish denies each and every allegation contained in paragraph 88 of the Complaint.

89.     The allegations contained in paragraph 89 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 89 of the Complaint.

90.     The allegations contained in paragraph 90 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, Ms. Parrish denies each and every allegation contained in denies each and every allegation contained in paragraph 90 of the Complaint.

91.     The allegations contained in paragraph 91 of the Complaint are not directed toward Ms. Parrish and therefore no response is required. If a response is required, the allegations contained in paragraph 91 of the Complaint are legal conclusions to which no response is required. If a further response is required, Ms. Parrish denies each and every allegation contained in paragraph 91 of the Complaint.

92.     Denies each and every allegation contained in paragraph 92 of the Complaint directed toward Ms. Parrish. Ms. Parrish is not required to respond to the

23

allegations directed toward the other Defendants. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 92 of the Complaint.

93.     Denies each and every allegation contained in paragraph 93 of the Complaint directed toward Ms. Parrish. Ms. Parrish is not required to respond to the allegations directed toward the other Defendants. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 93 of the Complaint.

## RESPONSE TO DEMANDS SET FORTH IN
## AD DAMNUM CLAUSE FOR COUNT I

Plaintiff's ad damnum clause for Count I of the Complaint is not an allegation and therefore no response is required. If a response is required, Ms. Parrish denies each and every allegation contained therein except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO "COUNT II NEGLIGENCE (AS TO ALL DEFENDANTS)"

With respect to the un-numbered introductory paragraph of Count II of the Complaint, Ms. Parrish hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraph 1 through 85 of this Answer with the same force and effect as though fully set forth here in full.

94.     The allegations contained in paragraph 94 of the Complaint are legal conclusions to which no response is required. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 94 of the Complaint directed toward Ms. Parrish. Ms. Parrish is not required to respond to the allegations directed toward the other Defendants. If a further response is required, Ms. Parrish denies each and every allegation contained in paragraph 94 of the Complaint.

24

95.     Denies each and every allegation contained in paragraph 95, including subparts a - f, of the Complaint directed toward Ms. Parrish. Ms. Parrish is not required to respond to the allegations directed toward the other Defendants. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 95 of the Complaint, including subparts a - f.

96.     Denies each and every allegation contained in paragraph 96 of the Complaint directed toward Ms. Parrish. Ms. Parrish is not required to respond to the allegations directed toward the other Defendants. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 96 the Complaint.

97.     Denies each and every allegation contained in paragraph 97 of the Complaint directed toward Ms. Parrish except admits that Plaintiff purports to seek certain damages, but denies that there is any legal or factual basis for the relief requested. Ms. Parrish is not required to respond to the allegations directed toward the other Defendants. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 97 of the Complaint except admits that Plaintiff purports to seek certain damages, but denies that there is any legal or factual basis for the relief requested.

## RESPONSE TO DEMANDS SET FORTH IN
## AD DAMNUM CLAUSE FOR COUNT II

Plaintiff's ad damnum clause for Count II of the Complaint is not an allegation and therefore no response is required. If a response is required, Ms. Parrish denies each and every allegation contained therein except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO "COUNT III NEGLIGENT
## MISREPRESENTATION (AS TO ALL DEFENDANTS)"

With respect to the un-numbered introductory paragraph of Count III of the
Complaint, Ms. Parrish hereby repeats and realleges each and every admission, denial,
averment and statement contained in paragraph 1 through 85 of this Answer with the
same force and effect as though fully set forth here in full.

98.     Denies each and every allegation contained in paragraph 98 of the
Complaint directed toward Ms. Parrish. Ms. Parrish is not required to respond to
allegations directed toward the other Defendants. If a response is required, Ms. Parrish
denies each and every allegation contained in paragraph 98 of the Complaint.

99.     Denies each and every allegation contained in paragraph 99 of the
Complaint directed toward Ms. Parrish. Ms. Parrish is not required to respond to
allegations directed toward the other Defendants. If a response is required, Ms. Parrish
denies each and every allegation contained in paragraph 99 of the Complaint.

100.    Denies each and every allegation contained in paragraph 100 of the
Complaint directed toward Ms. Parrish. Ms. Parrish is not required to respond to
allegations directed toward the other Defendants. If a response is required, Ms. Parrish
denies each and every allegation contained in paragraph 100 of the Complaint.

101.    Denies each and every allegation contained in paragraph 101 of the
Complaint directed toward Ms. Parrish. Ms. Parrish is not required to respond to
allegations directed toward the other Defendants. If a response is required, Ms. Parrish
denies each and every allegation contained in paragraph 101 of the Complaint.

102.    Denies each and every allegation contained in paragraph 102 of the Complaint directed toward Ms. Parrish. Ms. Parrish is not required to respond to allegations directed toward the other Defendants. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 102 of the Complaint.

103.    Denies each and every allegation contained in paragraph 103 of the Complaint directed toward Ms. Parrish. Ms. Parrish is not required to respond to allegations directed toward the other Defendants. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 103 of the Complaint.

104.    The allegations contained in paragraph 104 of the Complaint are legal conclusions to which no response is required. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 104 of the Complaint directed toward Ms. Parrish. Ms. Parrish is not required to respond to allegations directed toward the other Defendants. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 104 of the Complaint.

105.    Denies each and every allegation contained in paragraph 105 of the Complaint directed toward Ms. Parrish. Ms. Parrish is not required to respond to allegations directed toward the other Defendants. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 105 of the Complaint.

106.    The allegations contained in paragraph 106 of the Complaint are legal conclusions to which no response is required. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 106 of the Complaint directed toward Ms. Parrish. Ms. Parrish is not required to respond to allegations directed toward

27

the other Defendants. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 106 of the Complaint.

107.   Denies each and every allegation contained in paragraph 107 of the Complaint directed toward Ms. Parrish. Ms. Parrish is not required to respond to allegations directed toward the other Defendants. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 107 of the Complaint.

108.   Denies each and every allegation contained in paragraph 108 of the Complaint directed toward Ms. Parrish. Ms. Parrish is not required to respond to allegations directed toward the other Defendants. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 108 of the Complaint.

109.   Denies each and every allegation contained in paragraph 109 of the Complaint directed toward Ms. Parrish. Ms. Parrish is not required to respond to allegations directed toward the other Defendants. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 109 of the Complaint.

## RESPONSE TO DEMANDS SET FORTH
## IN AD DAMNUM CLAUSE FOR COUNT III

Plaintiff's ad damnum clause for Count III of the Complaint is not an allegation and therefore no response is required. If a response is required, Ms. Parrish denies each and every allegation contained therein except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO "COUNT IV FRAUD (AS TO ALL DEFENDANTS)"

With respect to the un-numbered introductory paragraph of Count IV of the Complaint, Ms. Parrish hereby repeats and realleges each and every admission, denial,

28

averment and statement contained in paragraph 1 through 85 of this Answer with the same force and effect as though fully set forth here in full.

110. Denies each and every allegation contained in paragraph 110 of the Complaint directed toward Ms. Parrish. Ms. Parrish is not required to respond to allegations directed toward the other Defendants. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 110 of the Complaint.

111. Denies each and every allegation contained in paragraph 111 of the Complaint directed toward Ms. Parrish. Ms. Parrish is not required to respond to allegations directed toward the other Defendants. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 111 of the Complaint.

112. Denies each and every allegation contained in paragraph 112 of the Complaint directed toward Ms. Parrish. Ms. Parrish is not required to respond to allegations directed toward the other Defendants. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 112 of the Complaint.

113. Denies each and every allegation contained in paragraph 113 of the Complaint directed toward Ms. Parrish. Ms. Parrish is not required to respond to allegations directed toward the other Defendants. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 113 of the Complaint.

114. Denies each and every allegation contained in paragraph 114 of the Complaint directed toward Ms. Parrish. Ms. Parrish is not required to respond to allegations directed toward the other Defendants. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 114 of the Complaint.

115.    Denies each and every allegation contained in paragraph 115, including

subparts a - c, of the Complaint directed toward Ms. Parrish.  Ms. Parrish is not required

to respond to allegations directed toward the other Defendants.  If a response is required,

Ms. Parrish denies each and every allegation contained in paragraph 115 of the

Complaint, including subparts a - c.

116.    Denies each and every allegation contained in paragraph 116 of the

Complaint directed toward Ms. Parrish.  Ms. Parrish is not required to respond to

allegations directed toward the other Defendants.  If a response is required, Ms. Parrish

denies each and every allegation contained in paragraph 116 of the Complaint.

117.    The allegations contained in paragraph 117 of the Complaint are legal

conclusions to which no response is required.  If a response is required, Ms. Parrish

denies each and every allegation contained in paragraph 117 of the Complaint directed

toward her.  Ms. Parrish is not required to respond to allegations directed toward the

other Defendants.  If a response is required, Ms. Parrish denies each and every allegation

contained in paragraph 117 of the Complaint.

118.    Denies each and every allegation contained in paragraph 118 of the

Complaint directed toward Ms. Parrish.  Ms. Parrish is not required to respond to

allegations directed toward the other Defendants.  If a response is required, Ms. Parrish

denies each and every allegation contained in paragraph 118 of the Complaint.

119.    The allegations contained in paragraph 119 of the Complaint are legal

conclusions to which no response is required.  If a response is required, Ms. Parrish

denies each and every allegation contained in paragraph 119 of the Complaint directed

30

toward her. Ms. Parrish is not required to respond to allegations directed toward the other Defendants. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 119 of the Complaint.

120.   Denies each and every allegation contained in paragraph 120 of the Complaint directed toward Ms. Parrish. Ms. Parrish is not required to respond to allegations directed toward the other Defendants. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 120 of the Complaint.

121.   Denies each and every allegation contained in paragraph 121 of the Complaint directed toward Ms. Parrish. Ms. Parrish is not required to respond to allegations directed toward the other Defendants. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 121 of the Complaint.

122.   Denies each and every allegation contained in paragraph 122 of the Complaint directed toward Ms. Parrish. Ms. Parrish is not required to respond to allegations directed toward the other Defendants. If a response is required, Ms. Parrish denies each and every allegation contained in paragraph 122 of the Complaint.

### RESPONSE TO DEMANDS SET FORTH IN
### AD DAMNUM CLAUSE FOR COUNT IV

Plaintiff's ad damnum clause for Count IV of the Complaint is not an allegation and therefore no response is required. If a response is required, Ms. Parrish denies each and every allegation contained therein except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

31

### AS FOR A FIRST DEFENSE, MS. PARRISH ALLEGES:

123.    Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations or is otherwise untimely.

### AS FOR A SECOND DEFENSE, MS. PARRISH ALLEGES:

124.    The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A THIRD DEFENSE, MS. PARRISH ALLEGES:

125.    The claims of Plaintiff are barred, in whole or in part, from recovery because she has made statements or took actions that preclude her from asserting claims or constitute a waiver of her claims.

### AS FOR A FOURTH DEFENSE, MS. PARRISH ALLEGES:

126.    The claims of Plaintiff may be barred, in whole or in part, from recovery because of the *res judicata* effect of prior judgments.

### AS FOR A FIFTH DEFENSE, MS. PARRISH ALLEGES:

127.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### AS FOR A SIXTH DEFENSE, MS. PARRISH ALLEGES:

128.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

### AS FOR A SEVENTH DEFENSE, MS. PARRISH ALLEGES:

129.    To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR AN EIGHTH DEFENSE, MS. PARRISH ALLEGES:

130.    To the extent Plaintiff asserts claims based upon an alleged failure by this
Defendant to warn Plaintiff directly of alleged dangers associated with the use of Vioxx,
such claims are barred under the learned intermediary doctrine because Merck and/or this
Defendant has discharged their duty to warn in their warnings to the prescribing
physician.

## AS FOR A NINTH DEFENSE, MS. PARRISH ALLEGES:

131.    If Plaintiff has sustained injuries or losses as alleged in the Complaint,
such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily and
willfully assumed the risk of any injury as the result of the consumption of,
administration of, or exposure to any drug or pharmaceutical preparation manufactured or
distributed by Merck or other manufacturer.

## AS FOR A TENTH DEFENSE, MS. PARRISH ALLEGES:

132.    If Plaintiff has sustained injuries or losses as alleged in the Complaint,
upon information and belief, such injuries and losses were caused by the actions of
persons not having real or apparent authority to take such actions on behalf of this
Defendant and over whom this Defendant had no control and for whom this Defendant
may not be held accountable.

## AS FOR AN ELEVENTH DEFENSE, MS. PARRISH ALLEGES:

133.    If Plaintiff has sustained injuries or losses as alleged in the Complaint,
upon information and belief, such injuries and losses were proximately caused by
Plaintiff's misuse or abuse of Vioxx.

33

## AS FOR A TWELFTH DEFENSE, MS. PARRISH ALLEGES:

134.     If Plaintiff has sustained injuries or losses as alleged in the Complaint,
such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical,
genetic and/or environmental conditions, diseases or illnesses, subsequent medical
conditions or natural course of conditions for which this Defendant is not responsible.

## AS FOR A THIRTEENTH DEFENSE, MS. PARRISH ALLEGES:

135.     To the extent Plaintiff has settled or will in the future settle with any
person or entity with respect to the injuries asserted in the Complaint, this Defendant's
liability, if any, should be reduced accordingly.

## AS FOR A FOURTEENTH DEFENSE, MS. PARRISH ALLEGES:

136.     To the extent Plaintiff is seeking recovery for benefits entitled to be
received or actually received from any other source for injuries alleged in the Complaint,
such benefits are not recoverable in this action under Florida law.

## AS FOR A FIFTEENTH DEFENSE, MS. PARRISH ALLEGES:

137.     Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to
allege the circumstances constituting fraud with particularity, as required by Florida Rule
of Civil Procedure 1.120(b) and Federal Rule of Civil Procedure 9(b).

## AS FOR A SIXTEENTH DEFENSE, MS. PARRISH ALLEGES:

138.     Plaintiff's claims are barred, in whole or in part, under the applicable state
law because Vioxx was subject to and received pre-market approval by the Food and
Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A SEVENTEENTH DEFENSE, MS. PARRISH ALLEGES:

139.     Plaintiff's claims are barred, in whole or in part, by the First Amendment.

### AS FOR AN EIGHTEENTH DEFENSE, MS. PARRISH ALLEGES:

140.    Plaintiff's claims are barred, in whole or in part, because the product at issue was made in accordance with the state of the art at the time it was manufactured.

### AS FOR A NINETEENTH DEFENSE, MS. PARRISH ALLEGES:

141.    There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

### AS FOR A TWENTIETH DEFENSE, MS. PARRISH ALLEGES:

142.    This case is more appropriately brought in a different venue.

### AS FOR A TWENTY-FIRST DEFENSE, MS. PARRISH ALLEGES:

143.    Venue in this case is improper.

### AS FOR A TWENTY-SECOND DEFENSE, MS. PARRISH ALLEGES:

144.    The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, she has brought actions and has received judgments on parts of some or all claims asserted herein.

### AS FOR A TWENTY-THIRD DEFENSE, MS. PARRISH ALLEGES:

145.    The claims of Plaintiff may be barred, in whole or in part, from recovery on the ground that the claims asserted herein have been submitted to arbitration and a binding decision has been rendered.

### AS FOR A TWENTY-FOURTH DEFENSE, MS. PARRISH ALLEGES:

146.    The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to her claims.

### AS FOR A TWENTY-FIFTH DEFENSE, MS. PARRISH ALLEGES:

147.    The claims of Plaintiff may be barred, in whole or in part, by the doctrine of laches.

### AS FOR A TWENTY-SIXTH DEFENSE, MS. PARRISH ALLEGES:

148.    Plaintiff's claims are barred, in whole or in part, by her failure to mitigate damages.

### AS FOR A TWENTY-SEVENTH DEFENSE, MS. PARRISH ALLEGES:

149.    To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck or this Defendant knew or should have known and which gave rise to a duty to warn, Merck or this Defendant at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

### AS FOR A TWENTY-EIGHTH DEFENSE, MS. PARRISH ALLEGES:

150.    The claims of Plaintiff may be barred, in whole or in part, from recovery due to spoliation of evidence.

### AS FOR A TWENTY-NINTH DEFENSE, MS. PARRISH ALLEGES:

151.    The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

### AS FOR A THIRTIETH DEFENSE, MS. PARRISH ALLEGES:

152.    Any conduct allegedly causing liability on the part of this Defendant is not a substantial cause or factor of any potential or actual injury or damage, if any.

### AS FOR A THIRTY-FIRST DEFENSE, MS. PARRISH ALLEGES:

153.    Plaintiff has not sustained any injury or damages compensable at law.

### AS FOR A THIRTY-SECOND DEFENSE, MS. PARRISH ALLEGES:

154. This Defendant reserves its right to dismiss the Complaint and seek further relief for Plaintiff's failure to provide her with due process of law.

### AS FOR A THIRTY-THIRD DEFENSE, MS. PARRISH ALLEGES:

155. Plaintiff's claims are barred, in whole or in part, under comment k to Section 402A of the Restatement (Second) of Torts.

### AS FOR A THIRTY-FOURTH DEFENSE, MS. PARRISH ALLEGES:

156. Plaintiff's claims are barred, in whole or in part, because Merck and/or this Defendant provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### AS FOR A THIRTY-FIFTH DEFENSE, MS. PARRISH ALLEGES:

157. Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

### AS FOR A THIRTY-SIXTH DEFENSE, MS. PARRISH ALLEGES:

158. Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

### AS FOR A THIRTY-SEVENTH DEFENSE, MS. PARRISH ALLEGES:

159. Defendant Parrish is improperly joined.

### AS FOR A THIRTY-EIGHTH DEFENSE, MS. PARRISH ALLEGES:

160. Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative negligence.

## AS FOR A THIRTY-NINTH DEFENSE, MS. PARRISH ALLEGES:

161. This Defendant is not guilty of negligence and violated no duty owing to Plaintiff.

## AS FOR A FORTIETH DEFENSE, MS. PARRISH ALLEGES:

162. Merck has complied with requirements promulgated by and under federal law. The product at issue, Vioxx, was approved pursuant to the applicable federal statutes and regulations. Such federal regulations and statutes preempt Plaintiff's claims under state law and pursuant to Fla. Stat. § 768.1256 creates a statutory presumption that Vioxx is not defective or unreasonably dangerous and that Merck is not liable.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Ms. Parrish to determine all of her legal, contractual and equitable rights, she reserves the right to amend and/or supplement the averments of her answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Ms. Parrish incorporates any applicable defenses asserted by any other Defendant in this action. Ms. Parrish will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Ms. Parrish respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Ms. Parrish her reasonable costs and disbursements, together with such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Ms. Parrish demands a trial by jury as to all issues so triable.

Dated: December 21, 2006.

Respectfully submitted,

*Dorothy H. Wimberly*

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendant's Liaison Counsel

Patricia E. Lowry
John B. T. Murray, Jr.
Dori K. Stibolt
SQUIRE, SANDERS & DEMPSEY L.L.P.
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Phone: 561-650-7200
Fax:    561-655-1509

*Attorneys for Defendant Randi Parrish*

39

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 21st day of December, 2006.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

826474v.2