# Exhibit "B"



**JCJ**

$250.00

**FILED**
MAR 0 9 2006
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK HENNELLY and STEPHANIE HENNELLY, <br><br> Plaintiffs, <br><br> v. <br><br> MERCK & CO., INC., <br><br> Defendant. | **06    1040** <br><br> CIVIL ACTION NO. <br><br> **Jury Trial Demanded** |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendant Merck & Co., Inc. ("Merck") hereby removes this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 from the Court of Common Pleas, Philadelphia County, to the United States District Court for the Eastern District of Pennsylvania and respectfully states to this Court the following:

1. This action involves allegations regarding the prescription drug Vioxx®. On February 16, 2005, the Judicial Panel on Multidistrict Litigation issued an order transferring 148 Vioxx products liability cases to the United States District Court for the Eastern District of Louisiana (Fallon, J.) for coordinated pretrial proceedings under 28 U.S.C. § 1407. Merck intends to seek the transfer of this action to that Multidistrict Litigation, *In re VIOXX Products Liability Litigation*, MDL No. 1657, and will shortly provide the MDL Panel notice of this action pursuant to the "tag-along" procedure contained in the MDL Rules.

2. On or about February 6, 2006, plaintiffs Mark and Stephanie Hennelly ("Plaintiffs") commenced this civil action against Merck by filing a Short Form Complaint in the Philadelphia County Court of Common Pleas.

3. On or about February 9, 2006, Merck was served with a copy of Plaintiffs' Short Form Complaint. True and correct copies of all papers served on Merck are attached hereto as Exhibit A.

4. As more fully set out below, this Court has jurisdiction over the state court action pursuant to 28 U.S.C. § 1332 because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and it is between citizens of different states.

## I. MERCK HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

5. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty days of service of both a Summons and Complaint on Merck, the only defendant in this action. Merck was served with the Short Form Complaint on or about February 9, 2006 and this removal is timely filed within thirty days of service.[1]

6. Venue is proper in this Court pursuant to 28 U.S.C. § 118(a) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7. No previous application has been made for the relief requested herein.

---

[1] All Vioxx-related personal injury cases filed in the Philadelphia Court of Common Pleas are subject to coordination. See Order, dated March 31, 2005 (attached as Exhibit B). Pursuant to Case Management Order No. 1, all Vioxx cases are deemed to have filed the Master Long Form Complaint. See Case Management Order No. 1 (attached as Exhibit C); Master Long Form Complaint (attached as Exhibit D). According to the docket for this case, it is listed as a Mass Tort-Vioxx case, see Docket, *Hennelly v. Merck & Co., Inc., et al.*, February Term 2006, No. 000046 (attached as Exhibit E), and, therefore, is deemed to have adopted the Master Long Form Complaint in this case. However, the Master Long Form Complaint does not raise allegations sufficient to determine whether the amount in controversy exceeds $75,000.

2

8.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs, and a copy is being filed with the Prothonotary's Office for the Philadelphia County Court of Common Pleas.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

9.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

### A. The Amount In Controversy Requirement Is Satisfied.

10. It is apparent from the face of the Short Form Complaint that Plaintiffs seek recovery of an amount in excess of $75,000, exclusive of costs and interest. "[T]he amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142 (3d Cir. 1993). Plaintiffs' Short Form Complaint alleges that Plaintiff, Mark Hennelly, suffered a myocardial infarction as the result of ingesting Vioxx. Short Form Compl. ¶¶ 4-5. Plaintiffs further seek punitive damages. Short Form Compl. ¶ 7. Plaintiffs' claims can reasonably be read as exceeding $75,000 in value.

11. Moreover, federal courts around the country have ruled that federal diversity jurisdiction exists in similar actions alleging personal injuries caused by Vioxx. *See, e.g., Morgan v. Merck & Co., Inc.*, No. 3:03cv435WS (S.D. Miss. Mar. 29, 2004); *Benavidez v. Merck & Co., Inc.*, No. L-03-134 (S.D. Tex. Apr. 6, 2004); *Stubblefield v. Merck & Co., Inc.*, Civ. No. H-02-3139 (S.D. Tex. Oct. 8, 2002); *Zeedyk v. Merck & Co., Inc.*, No. 02-C-4203 (N.D. Ill. August 30, 2002); *Abrusley v. Merck & Co., Inc.*, No. 02-0196 (W.D. La. June 18, 2002);

3

*Jones v. Merck & Co., Inc.*, Civ. No. 02-00186 (D. Haw. June 5, 2002) (collectively attached as Exhibit F.) These courts were all presented with complaints seeking actual damages for injuries allegedly caused by Vioxx and all found, either explicitly or implicitly, that the requirements for federal diversity jurisdiction, including the amount in controversy, were satisfied.

12. Thus, Plaintiffs' claims satisfy the jurisdictional threshold for diversity jurisdiction.

**B.  There Is Complete Diversity Of Citizenship.**

13. There is complete diversity as between Plaintiffs and Merck, the only defendant.

14. According to Plaintiffs' Short Form Complaint, Plaintiff, Mark Hennelly, is and was at the time he commenced the action, a resident of the state of Pennsylvania. Short Form Compl. ¶ 1. Plaintiff lists no alternative state of residence for himself or wife-Plaintiff. Accordingly, upon information and belief, Pennsylvania is the state in which Plaintiffs are domiciled and, therefore, the state of which they are citizens. *See* 28 U.S.C. § 1332(a).

15. Merck is, and was at the time Plaintiffs commenced this action, a corporation organized under the laws of the State of New Jersey with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey and, therefore, is a citizen of New Jersey for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

16. WHEREFORE, Defendant Merck respectfully removes this action from the Philadelphia County Court of Common Pleas, bearing the case number February Term 2006, Civil Action No. 000046, to this Court pursuant to 28 U.S.C. § 1441.

4

Dated: March 9, 2006

Respectfully submitted,

Fred T. Magaziner
Joseph K. Hetrick
Joshua G. Schiller
A. Elizabeth Balakhani
**Dechert LLP**
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
Phone: (215) 994-4000
Fax: (215) 994-2222

**Attorneys for Defendant
Merck & Co., Inc.**

**FILED**

MAR 0 9 2006

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## CERTIFICATE OF SERVICE

I, Michelle H. Kirsch, hereby certify that on March 9, 2005, I caused a true and correct copy of the foregoing Notice of Removal and Rule 7.1 Statement to be served via First Class Mail, postage pre-paid, upon the following:

>Richard M. Golomb, Esquire
>GOLOMB & HONIK
>121 South Broad Street
>9th Floor
>Philadelphia, PA 19107
>**Attorney for Plaintiffs**

_Michelle H. Kirsch_
Michelle H. Kirsch