UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | * * * * * * * * * * * | MDL No. 1657 <br> SECTION L <br> JUDGE ELDON E. FALLON <br> MAGISTRATE JUDGE <br> DANIEL E. KNOWLES, III |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO:** *Digusma Baca, et al. v. Merck & Co., Inc.*, No. 06-5997.

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the Plaintiffs' Complaint (Product Liability – Wrongful Death) ("Complaint") as follows:

### RESPONSE TO COMPLAINT

1.      Denies each and every allegation contained in the unnumbered introductory paragraph of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "I. PARTIES (PLAINTIFFS)"

2.      Denies each and every allegation contained in the first sentence of paragraph 1 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second sentence of paragraph 1 of the Complaint.

3.      Denies each and every allegation contained in the first sentence of paragraph 2 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second sentence of paragraph 2 of the Complaint.

4.      Denies each and every allegation contained in the first sentence of paragraph 3 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second sentence of paragraph 3 of the Complaint.

5.      Denies each and every allegation contained in the first sentence of paragraph 4 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second sentence of paragraph 4 of the Complaint.

6.      Denies each and every allegation contained in the first sentence of paragraph 5 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second sentence of paragraph 5 of the Complaint.

7.      Denies each and every allegation contained in the first sentence of paragraph 6 of the Complaint, as it is without knowledge or information sufficient to form a

belief as to the truth therein.  Merck denies each and every allegation contained in the second sentence of paragraph 6 of the Complaint.

8.      Denies each and every allegation contained in the first sentence of paragraph 7 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second sentence of paragraph 7 of the Complaint.

9.      Denies each and every allegation contained in the first sentence of paragraph 8 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second sentence of paragraph 8 of the Complaint.

10.      Denies each and every allegation contained in the first sentence of paragraph 9 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second sentence of paragraph 9 of the Complaint.

11.      Denies each and every allegation contained in the first sentence of paragraph 10 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second sentence of paragraph 10 of the Complaint.

12.      Denies each and every allegation contained in the first sentence of paragraph 11 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second sentence of paragraph 11 of the Complaint.

13.     Denies each and every allegation contained in the first sentence of paragraph 12 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the second sentence of paragraph 12 of the Complaint.

14.     Denies each and every allegation contained in the first sentence of paragraph 13 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the second sentence of paragraph 13 of the Complaint.

15.     Denies each and every allegation contained in the first sentence of paragraph 14 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the second sentence of paragraph 14 of the Complaint.

16.     Denies each and every allegation contained in the first sentence of paragraph 15 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the second sentence of paragraph 15 of the Complaint.

17.     Denies each and every allegation contained in the first sentence of paragraph 16 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the second sentence of paragraph 16 of the Complaint.

18.     Denies each and every allegation contained in the first sentence of paragraph 17 of the Complaint, as it is without knowledge or information sufficient to form a

belief as to the truth therein.  Merck denies each and every allegation contained in the second sentence of paragraph 17 of the Complaint.

19.     Denies each and every allegation contained in the first sentence of paragraph 18 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second sentence of paragraph 18 of the Complaint.

20.     Denies each and every allegation contained in the first sentence of paragraph 19 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second sentence of paragraph 19 of the Complaint.

21.     Denies each and every allegation contained in the first sentence of paragraph 20 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second sentence of paragraph 20 of the Complaint.

22.     Denies each and every allegation contained in the first sentence of paragraph 21 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second sentence of paragraph 21 of the Complaint.

23.     Denies each and every allegation contained in the first sentence of paragraph 22 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second sentence of paragraph 22 of the Complaint.

24. Denies each and every allegation contained in the first sentence of paragraph 23 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the second sentence of paragraph 23 of the Complaint.

25. Denies each and every allegation contained in paragraph 24 of the Complaint, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief. Merck further avers that Vioxx was approved by the U.S. Food & Drug Administration ("FDA") as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

### RESPONSE TO
### "(DEFENDANT)"

26. Denies each and every allegation contained in paragraph 25 of the Complaint, except admits that that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, may be served as allowed by applicable federal and/or state law, which for individual actions in *In Re: Vioxx Products Liability Litigation*, MDL No. 1657, includes the procedures outlined in Pretrial Order No. 15 issued by Judge Eldon E. Fallon on May 31, 2005.

27. Denies each and every allegation contained in paragraph 26 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## RESPONSE TO
## "II. JURISDICTION AND VENUE"

28.    The allegations contained in paragraph 27 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 27 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiffs purport to state a claim in excess of $75,000 but denies that there is any legal or factual basis for such relief.

29.    The allegations contained in paragraph 28 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 28 of the Complaint, except admits that there is a multidistrict litigation ("MDL") related to the prescription medicine Vioxx, and that the MDL Court issued Pre-Trial Order No. 11 on May 18, 2005, and respectfully refers the Court to that Order for its actual content and full effect.

## RESPONSE TO
## "III. FACTS COMMON TO ALL COUNTS"

30.    Denies each and every allegation contained in paragraph 29 of the Complaint, except admits that Vioxx, which is the brand name for rofecoxib, reduces pain and inflammation and that the mechanism of action for Vioxx is believed to be due to the inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

31.    Denies each and every allegation contained in paragraph 30 of the Complaint, except admits that the mechanism of action for Vioxx is believed to be due to the inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

32.     Denies each and every allegation contained in paragraph 31 of the Complaint, except admits that on November 23, 1998 Merck submitted a New Drug Application ("NDA") for Vioxx 12.5 mg and Vioxx 25 mg tablets and respectfully refers the Court to said NDA for its actual language and full text.

33.     Denies each and every allegation contained in paragraph 32 of the Complaint, except admits that on November 23, 1998 Merck submitted a NDA for Vioxx Oral Suspension and respectfully refers the Court to said NDA for its actual language and full text.

34.     Denies each and every allegation contained in paragraph 33 of the Complaint, except admits that Merck sought and, in 1999, received FDA approval to manufacture and market the prescription medicine Vioxx consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

35.     Denies each and every allegation contained in paragraph 34 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

36.     Denies each and every allegation contained in paragraph 35 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

37.     Denies each and every allegation contained in paragraph 36 of the Complaint, except admits that in March 2000 Merck forwarded to the FDA the Vioxx Gastrointestinal Outcomes Research ("VIGOR") study and subsequently, in June 2000, filed a supplemental New Drug Application ("sNDA") that included the VIGOR study.   Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.

38.     Denies each and every allegation contained in paragraph 37 of the Complaint, including its subparts (1) and (2), except admits that the referenced study exists and avers that a primary objective of the VIGOR study was to assess whether Vioxx would be associated with a lower incidence of confirmed, clinically important upper gastrointestinal events than naproxen.   Merck respectfully refers the Court to the referenced study for its actual language and full text.

39.     Denies each and every allegation contained in paragraph 38 of the Complaint, except admits that the studies referenced in the first sentence of paragraph 38 of the Complaint and the article referenced in the second sentence of paragraph 38 of the Complaint exist, and respectfully refers the Court to said publications for their actual language and full text. Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

40.     Denies each and every allegation contained in paragraph 39 of the Complaint, except admits that 2000 worldwide Vioxx sales figures exceeded $2 billion.

41.     Denies each and every allegation contained in paragraph 40 of the Complaint, except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

42.     Denies each and every allegation contained in paragraph 41 of the Complaint, except admits the existence of the referenced publication and the article contained therein and respectfully refers the Court to the referenced document for its actual language and full text.

43. Denies each and every allegation contained in paragraph 42 of the Complaint, except admits that the referenced studies exist and respectfully refers the Court to said studies for their actual language and full text.

44. Denies each and every allegation contained in paragraph 43 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

45. Denies each and every allegation contained in paragraph 44 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

46. Denies each and every allegation contained in paragraph 45 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

47. Denies each and every allegation contained in paragraph 46 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information, a so-called "Dear Doctor" letter, and a Patient Information sheet, and respectfully refers the Court to the referenced prescribing information for Vioxx, "Dear Doctor" letter, and Patient Information sheet for their actual language and full text.

48. Denies each and every allegation contained in paragraph 47 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx

prescribing information and respectfully refers the Court to the referenced prescribing information for Vioxx for its actual language and full text.

49. Denies each and every allegation contained in paragraph 48 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and a so-called "Dear Doctor" letter, and respectfully refers the Court to the referenced prescribing information for Vioxx and "Dear Doctor" letter for their actual language and full text.

50. Denies each and every allegation contained in paragraph 49 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx Patient Information sheet, and respectfully refers the Court to the referenced Patient Information sheet for its actual language and full text.

51. Denies each and every allegation contained in paragraph 50 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

52. Denies each and every allegation contained in paragraph 51 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and text.

53. Denies each and every allegation contained in paragraph 52 of the Complaint, except admits that Plaintiffs purport to quote from Merck's 2001 Annual Report and respectfully refers the Court to said publication for its actual language and full text.

54. Denies each and every allegation contained in paragraph 53 of the Complaint, except admits that the referenced 8-K filing exists and respectfully refers the Court to said filing for its actual language and full text.

55.    Denies each and every allegation contained in paragraph 54 of the Complaint, except admits that Merck marketed the prescription medication Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

### RESPONSE TO
### "IV.  FRAUDULENT CONCEALMENT"

56.    The allegations contained in the first sentence of paragraph 55 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of paragraph 55 of the Complaint. Merck denies each and every allegation contained in the second, third, fourth, and fifth sentences of paragraph 55 of the Complaint.

### RESPONSE TO "COUNT I:
### STRICT PRODUCTS LIABILITY – DEFECTIVE DESIGN AGAINST MERCK"

57.    With respect to the allegations contained in paragraph 56 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 56 of this Answer with the same force and effect as though set forth here in full.

58.    Denies each and every allegation contained in paragraph 57 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

59.     Denies each and every allegation contained in paragraph 58 of the Complaint.

60.     Denies each and every allegation contained in paragraph 59 of the Complaint.

61.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 60 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 60 of the Complaint.

62.     Denies each and every allegation contained in paragraph 61 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, and avers that the prescription medicine Vioxx was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

63.     Denies each and every allegation contained in paragraph 62 of the Complaint.

64.     Denies each and every allegation contained in the first sentence of paragraph 63 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. The allegations contained in the second sentence of paragraph 63 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of paragraph 63 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

65.     The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 63 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph after paragraph 63 of the Complaint, including its subparts A through E, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT II:
## STRICT PRODUCTS LIABILITY – FAILURE TO WARN AGAINST MERCK"

66.     With respect to the allegations contained in paragraph 64 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 65 of this Answer with the same force and effect as though set forth here in full.

67.     Denies each and every allegation contained in paragraph 65 of the Complaint.

68.     Denies each and every allegation contained in paragraph 66 of the Complaint.

69.     Denies each and every allegation contained in paragraph 67 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

70.     Denies each and every allegation contained in paragraph 68 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

71.    Denies each and every allegation contained in paragraph 69 of the Complaint.

72.    Denies each and every allegation contained in paragraph 70 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

73.    Denies each and every allegation contained in paragraph 71 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, and avers that the prescription medicine Vioxx was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

74.    Denies each and every allegation contained in paragraph 72 of the Complaint.

75.    Denies each and every allegation contained in the first sentence of paragraph 73 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. The allegations contained in the second sentence of paragraph 73 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of paragraph 73 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

76.     The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 73 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph after paragraph 73 of the Complaint, including its subparts A through E, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

### RESPONSE TO "COUNT III:
### NEGLIGENT DESIGN AGAINST MERCK"

77.     With respect to the allegations contained in paragraph 74 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 76 of this Answer with the same force and effect as though set forth here in full.

78.     Denies each and every allegation contained in paragraph 75 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

79.     Denies each and every allegation contained in paragraph 76 of the Complaint.

80.     Denies each and every allegation contained in paragraph 77 of the Complaint.

81.     Denies each and every allegation contained in paragraph 78 of the Complaint.

82.     Denies each and every allegation contained in paragraph 79 of the Complaint.

83.     Denies each and every allegation contained in paragraph 80 of the Complaint.

84.     Denies each and every allegation contained in paragraph 81 of the Complaint.

85.     Denies each and every allegation contained in the first sentence of paragraph 82 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. The allegations contained in the second sentence of paragraph 82 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of paragraph 82 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

86.     The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 82 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph after paragraph 82 of the Complaint, including its subparts A through E, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT IV: NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT MERCK"

87.     With respect to the allegations contained in paragraph 83 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 86 of this Answer with the same force and effect as though set forth here in full.

88.     The allegations contained in paragraph 84 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 84 of the Complaint, and further denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

89.     Denies each and every allegation contained in paragraph 85 of the Complaint, including its subparts a through f, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

90.     Denies each and every allegation contained in paragraph 86 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

91.     Denies each and every allegation contained in paragraph 87 of the Complaint.

92.     Denies each and every allegation contained in the first sentence of paragraph 88 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. The allegations contained in the second sentence of paragraph 88 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of paragraph 88 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

93.     The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 88 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph after paragraph 88 of the Complaint, including its subparts A through E, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

**RESPONSE TO**
**"COUNT V:  NEGLIGENCE PER SE"**

94.     With respect to the allegations contained in paragraph 89 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 93 of this Answer with the same force and effect as though set forth here in full.

95.     The allegations contained in paragraph 90 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

96.     Denies each and every allegation contained in paragraph 91 of the Complaint.

97.     The allegations contained in paragraph 92 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 92 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

98.    The allegations contained in paragraph 93 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 93 of the Complaint, except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

99.    The allegations contained in paragraph 94 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 94 of the Complaint, including its subparts (1) through (5), and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

100.    Denies each and every allegation contained in paragraph 95 of the Complaint.

101.    The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 95 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph after paragraph 95 of the Complaint, including its subparts A through E, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT V:
## DECEPTIVE TRADE PRACTICES ACT – AGAINST DEFENDANT MERCK"

102.    With respect to the allegations contained in paragraph 96 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 101 of this Answer with the same force and effect as though set forth here in full.

103.    The allegations contained in paragraph 97 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 97 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

104.    Denies each and every allegation contained in paragraph 98 of the Complaint.

105.    Denies each and every allegation contained in paragraph 99 of the Complaint.

<strong>RESPONSE TO "COUNT VI:<br>FRAUDULENT MISREPRESENTATION AGAINST DEFENDANT MERCK"</strong>

106.    With respect to the allegations contained in paragraph 100 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 105 of this Answer with the same force and effect as though set forth here in full.

107.    Denies each and every allegation contained in paragraph 101 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

108.    Denies each and every allegation contained in paragraph 102 of the Complaint.

109.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 103 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 103 of the Complaint.

110.    Denies each and every allegation contained in paragraph 104 of the Complaint.

111.    Denies each and every allegation contained in paragraph 105 of the Complaint.

112.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 106 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 106 of the Complaint.

113.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 107 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 107 of the Complaint.

114.    Denies each and every allegation contained in paragraph 108 of the Complaint.

115.    Denies each and every allegation contained in paragraph 109 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

116.    The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 109 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph after paragraph 109 of the Complaint, including its subparts

A through E, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT VII:
FRAUDULENT OMISSION/CONCEALMENT AGAINST DEFENDANT MERCK"

117.  With respect to the allegations contained in paragraph 110 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 116 of this Answer with the same force and effect as though set forth here in full.

118.  Denies each and every allegation contained in paragraph 111 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

119.  Denies each and every allegation contained in paragraph 112 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

120.  Denies each and every allegation contained in paragraph 113 of the Complaint.

121.  Denies each and every allegation contained in paragraph 114 of the Complaint, except admits that Vioxx, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

122.  The allegations contained in the first sentence of paragraph 115 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the first

sentence of paragraph 115 of the Complaint. Merck denies each and every allegation contained in the second sentence of paragraph 115 of the Complaint.

123.    Denies each and every allegation contained in paragraph 116 of the Complaint.

124.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 117 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 117 of the Complaint.

125.    Denies each and every allegation contained in paragraph 118 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

126.    Denies each and every allegation contained in paragraph 119 of the Complaint.

127.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 120 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 120 of the Complaint.

128.    Denies each and every allegation contained in paragraph 121 of the Complaint.

129.    Denies each and every allegation contained in paragraph 122 of the Complaint.

130.    Denies each and every allegation contained in paragraph 123 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

131.    The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 123 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph after paragraph 123 of the Complaint, including its subparts A through E, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

**RESPONSE TO**
**"JURY DEMAND"**

132.    The allegations contained in the final, unnumbered paragraph under the heading "Jury Demand" of the Complaint are legal conclusions as to which no responsive pleading is required.

**AS FOR A FIRST**
**DEFENSE, MERCK ALLEGES:**

133.    The Complaint fails to state a claim upon which relief can be granted.

**AS FOR A SECOND**
**DEFENSE, MERCK ALLEGES:**

134.    The Plaintiffs were careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages or losses to Plaintiffs.

**AS FOR A THIRD**
**DEFENSE, MERCK ALLEGES:**

135.    To the extent that Plaintiffs assert claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

136.    To the extent that Plaintiffs assert claims based on Merck's alleged adherence or lack of adherence to and compliance with applicable state and/or federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

137.    The Plaintiffs failed to exercise reasonable care to mitigate their alleged damages.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

138.    Each and every claim asserted or raised in the Complaint is barred by prescription, preemption, and/or any other applicable federal or state statute of limitations.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

139.    To the extent that Plaintiffs assert claims in the Complaint based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

140.    The claims of the Plaintiffs are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

**AS FOR A NINTH
DEFENSE, MERCK ALLEGES:**

141. The claims of the Plaintiffs are barred in whole or in part under comment j to Section 402A of the Restatement (Second) of Torts.

**AS FOR A TENTH
DEFENSE, MERCK ALLEGES:**

142. The claims of the Plaintiffs are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

**AS FOR AN ELEVENTH
DEFENSE, MERCK ALLEGES:**

143. The claims of the Plaintiffs are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

**AS FOR A TWELFTH
DEFENSE, MERCK ALLEGES:**

144. The product conformed to the state-of-the-art for the design and manufacture of such, or similar, products.

**AS FOR A THIRTEENTH
DEFENSE, MERCK ALLEGES:**

145. The claims of the Plaintiffs are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**AS FOR A FOURTEENTH
DEFENSE, MERCK ALLEGES:**

146. If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or

exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

147.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were directly and proximately caused by the intervening or superseding act and conduct of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

148.    To the extent that Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

149.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions of Plaintiffs or natural course of conditions for which this Defendant is not responsible.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

150.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the misuse of Plaintiffs or abuse of Vioxx.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

151.    The claims of Plaintiffs are barred in whole or in part by the First Amendment of the Constitution of the United States of America and comparable state law provisions.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

152.    To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

153.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, and/or statutory and regulatory compliance.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

154.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

155.    To the extent that Plaintiffs seek punitive damages for the conduct that allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

156.    To the extent Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

157.    The demand for punitive damages by the Plaintiffs is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

158.    To the extent that Plaintiffs assert claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to their claims, Plaintiffs have failed to allege facts that would overcome the defenses available under that state products liability law.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

159.    The claims of Plaintiffs are barred, in whole or in part, because one or more Plaintiffs lack capacity and/or standing to bring such claims.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

160.    To the extent that Plaintiffs assert claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiffs to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

161.   Merck demands a trial by jury of all issues.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

162.   Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

163.   Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

164.   Merck invokes each and every defense available to it under New Mexico's Law on Product Liability, as detailed in Restatement 2d of Torts and Restatement 3d of Torts as adopted in New Mexico, in New Mexico Civil Jury Instruction Rule 13-1401, et seq., N.M.R.A. 2003 and in relevant decisions by New Mexico courts.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

165.    To the extent Plaintiffs seek recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under the applicable state law.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

166.    An award of punitive damages cannot be sustained against Merck because under New Mexico law an award of punitive damages by a jury does not

(1)    provide a standard of sufficient clarity for determining the appropriateness of the award or the appropriateness of the size of the award;

(2)    instruct the jury on the limits on punitive damages imposed by the applicable principles of deterrence and punishment;

(3)    expressly prohibit an award of punitive damages in whole or in part on the basis of invidiously discriminatory characteristics, including the corporate status of Merck, its foreign origin, and other characteristics peculiar to Merck;

(4)    provide for a standard for determining punitive damages that is not vague or arbitrary;

(5)    define with sufficient clarity the mental state of mind, conduct or intent that makes an award of punitive damages permissible; and

(6)    subject to judicial review, on the basis of objective standards, an award of punitive damages both as to the amount of the award and the appropriateness of the award.

Accordingly, an award of punitive damages would violate Merck's constitutional rights, including but not limited to the rights to due process of law, equal protection of the law, not to be

twice put in jeopardy for the same offense, and the right to be free of excessive fines under the Fifth, Ninth and Fourteenth Amendment of the United States Constitution, and similar rights under the provisions of the Constitution of the State of New Mexico, including but not limited to Article II, Sections 1, 4, 10, 12, 13, 14, 15, 18 and 19 of the New Mexico Constitution.

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

167.    The imposition of punitive damages in this action would violate the Commerce Clause of the United States Constitution and would exceed the judicial and legislative power of the State of New Mexico to the extent that such award punishes conduct allegedly occurring solely outside the State of New Mexico.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

168.    On information and belief, Plaintiffs are not among the class of persons entitled to assert a claim for punitive damages under Nevada Rev. Stat. § 598.09777.

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

169.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights under the Due Process, Equal Protection, Double Jeopardy, Contract, and Excessive Fines Clauses of the United States Constitution, as well as other provisions therein, and the cognate provisions of the Nevada Constitution, to wit: Article 1, sections 8 and 15. Furthermore, Nev. Rev. Stat. § 42.005(2) impermissibly singles out and exempts products liability cases from the limits otherwise imposed on the recovery of punitive damages, leaving their assessment to the standardless discretion of the finder of fact. Further, the statute and Nevada cases decided under it do not comply with the minimum standards

established by the United States Supreme Court in this evolving area of the law, and they improperly permit multiple awards of punitive damages for the same alleged act or acts.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

170.    Merck asserts all defenses available to it pursuant to the New Jersey Product Liability Act, New Jersey Stat. Ann. 2A:58C-1, *et seq*.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

171.    Plaintiffs are barred from recovery and/or Plaintiffs' recovery is limited pursuant to the Comparative Negligence Act, New Jersey Stat. Ann. 2A:15-5.1, *et seq*.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

172.    Merck denies any liability on its part, but if Merck is ultimately found liable to Plaintiffs, then it shall only be liable for its equitable share of Plaintiffs' recovery since any liability which would be found against it will be insufficient to impose joint liability. In the alternative, the liability, if any, of Merck is limited by and pursuant to the New Jersey Joint Tortfeasor Contribution Act, New Jersey Stat. Ann. 2A:53A-1, *et seq*.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.    That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' Complaint with prejudice against Merck with costs assessed to Plaintiffs;

2.    Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.    Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated: December 27, 2006

Respectfully submitted,

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Melissa V. Beaugh, 28250
        Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
        Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has

been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or

by hand delivery and e-mail and upon all parties by electronically uploading the same to

LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the

foregoing was electronically filed with the Clerk of Court of the United States District Court for

the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of

Electronic Filing in accordance with the procedures established in MDL No. 1657, on this 27

day of December, 2006.

_Melissa V. Beagle_