UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LESLIE E. ADAMS, SR., | * | IN RE VIOXX PRODUCTS |
| | * | LIABILITY |
| Plaintiff, | * | |
| | * | MDL NO. 1657 |
| v. | * | |
| | * | JUDGE ELDON E. FALLON |
| MERCK & CO., INC., | * | |
| JOHN DOES 1-2 and | * | MAGISTRATE JUDGE KNOWLES |
| JOHN DOES 3-50, | * | |
| | * | |
| Defendants. | * | |
| | * | |
| EDLA NO. 06-9429 | * | |
| | * | |

* * * * * * * * * * * * * * * *

<u>ANSWER, DEFENSES AND JURY DEMAND OF MERCK & CO., INC.</u>

Now comes defendant, Merck & Co., Inc. ("Merck") by its counsel, and makes its answer, defenses and jury demand herein.

**ANSWER**

In response to the unnumbered paragraph preceding paragraph 1 of the complaint, Merck admits plaintiff purports to bring an action for damages and other relief, but denies any legal or factual basis for the relief sought.

In response to the numbered allegations of the complaint, Merck states as follows:

**RESPONSE TO "PARTIES"**

1.     Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1.

2.     Merck denies each and every allegation contained in paragraph 2, except admits that Merck is a New Jersey corporation with its principal place of business at One

Merck Drive, Whitehouse Station, New Jersey. Merck further admits that it is authorized to do business in West Virginia.

3. The allegations contained in paragraph 3 are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in this paragraph.

4. The allegations contained in paragraph 4 are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in this paragraph.

## RESPONSE TO "CONDITIONS PRECEDENT"

5. The allegations contained in paragraph 5 are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

## RESPONSE TO "FACTS"

6. Merck denies each and every allegation in paragraph 6 except admits that in May 1999 Merck received FDA approval to manufacture and market the prescription medicine Vioxx in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to said prescribing information for its actual language and full text.

7. Merck denies each and every allegation contained in paragraph 7 except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

8. Merck denies each and every allegation contained in the first sentence of paragraph 8 except admits that Vioxx is the brand name for rofecoxib and that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.  Merck denies each and every allegation contained in the second sentence of paragraph 8 except admits that Vioxx is part of a class of drugs known as non-steroidal anti-inflammatory medications ("NSAIDs"), that Vioxx reduces pain and inflammation, and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2).

9. Merck denies each and every allegation set forth in paragraph 9 except admits that Peter Holt conducted certain audio conferences pertaining to Vioxx.

10. Merck denies each and every allegation contained in paragraph 10 except admits Merck marketed Vioxx.

11. Merck denies each and every allegation contained in paragraph 11.

12. Merck denies each and every allegation set forth in paragraph 12 except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

13. Merck denies each and every allegation contained in paragraph 13 except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

846011v.1

14. Merck denies each and every allegation contained in paragraph 14.

15. Merck denies each and every allegation contained in paragraph 15.

16. Merck denies each and every allegation contained in paragraph 16 including sub-parts (a) – (e).

17. Merck denies each and every allegation contained in paragraph 17.

18. Merck denies each and every allegation contained in paragraph 18.

### RESPONSE TO "COUNT 1 – NEGLIGENCE"

19. Merck incorporates by reference its responses to the preceding allegations.

20. Merck denies each and every allegation contained in paragraph 20.

### RESPONSE TO "COUNT 2 – PRODUCTS LIABILITY"

21. Merck incorporates by reference its responses to the preceding allegations.

22. Merck denies each and every allegation contained in paragraph 22 except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

23. The allegations of paragraph 23 are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in said paragraph.

### RESPONSE TO "COUNT 3 – BREACH OF EXPRESSED AND IMPLIED WARRANTIES"

24. Merck incorporates by reference its responses to the preceding allegations.

25. Merck denies each and every allegation contained in paragraph 25.

846011v.1

## RESPONSE TO "COUNT 4 - FRAUD"

26. Merck incorporates by reference its responses to the preceding allegations.

27. Merck denies each and every allegation contained in paragraph 27.

28. Merck denies each and every allegation contained in paragraph 28.

## RESPONSE TO "DAMAGES"

29. Merck incorporates by reference its responses to the preceding allegations.

30. Merck denies each and every allegation contained in paragraph 30 including sub-parts (a) – (g).

## RESPONSE TO "PUNITIVE DAMAGES"

31. Merck incorporates by reference its responses to the preceding allegations.

32. Merck denies each and every allegation contained in paragraph 32.

## RESPONSE TO "PRAYER"

33. Paragraph 33 does not contain allegations and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except admits that Plaintiff purports to seek damages and other relief, but denies there is any legal or factual basis for the relief sought.

## RESPONSE TO "REQUEST FOR JURY TRIAL"

34. Paragraph 34 does not contain allegations and therefore no responsive pleading is required. Should a response be deemed required, Merck admits that plaintiff purports to request a trial by jury.

Merck denies each and every allegation of the complaint not specifically and expressly admitted above.

846011v.1

**DEFENSES**

1.  Merck asserts the defenses of lack of personal jurisdiction, lack of venue, insufficiency of process and insufficiency of service of process.

2.  If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence or comparative fault, including comparative negligence and comparative assumption of the risk, of the allegedly injured plaintiff.

3.  Any claim by Plaintiff for punitive damages may not be sustained because West Virginia may not impose economic sanctions on an alleged tortfeasor in a manner inconsistent with the United States Supreme Court's holding in *BMW of North America, Inc., v. Gore*, 517 U.S. 559 (1996) and *State Farm Mutual Automobile Insurance Company v. Campbell*, 537 U.S. 1102, 123 S.Ct. 953, 154 L.Ed.2d 770 (2003).

4.  West Virginia does not recognize a cause of action for "market share," "shared risk" or "alternative shared liability" and the application of such theories to Merck would violate its state and federal constitutional rights

5.  One or more counts of Plaintiff's Complaint fail to state a claim for which punitive damages may be awarded.

6.  One or more counts of Plaintiff's Complaint fail to state a claim for which attorneys' fees may be awarded.

7.  Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained

through further investigation and discovery of this action. Merck will rely on all defenses that may become available during discovery or trial.

8. Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana. Merck hereby reserves the right to amend its answer to assert any such defense.

9. The claims of Plaintiff may be time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely.

10. The Complaint fails to state a claim upon which relief can be granted.

11. The claims of the Plaintiff may be barred, in whole or in part, from recovery because he has made statements or taken actions that preclude him from asserting claims or constitute a waiver of his claims.

12. The claims of the Plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

13. Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

14. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

15. To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

16. To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

17. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

18. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

19. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

20. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

21. To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

22. To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under West Virginia law.

23. Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

24. Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

25. Plaintiff's claims are barred in whole or in part by the First Amendment.

26. Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

27. There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

28. This case is more appropriately brought in a different venue.

29. Venue in this case is improper.

30. The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, he has brought actions and have received judgments on parts of some or all claims asserted herein.

31. The claims of Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

846011v.1

32. The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to their claims.

33. The claims of Plaintiff may be barred, in whole and in part, by the doctrine of laches.

34. The claims of Plaintiff are barred, in whole or in part, by the failure to mitigate damages.

35. To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

36. The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

37. The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

38. Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

39. Plaintiff has not sustained any injury or damages compensable at law.

40. Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiff's failure to provide it with due process of law.

41. To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

846011v.1

42. To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

43. Plaintiff's demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

44. Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

45. Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

46. Plaintiff's claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts: Products Liability.

47. Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

48. To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

846011v.1

**JURY DEMAND**

Merck demands a trial by jury as to all issues so triable.

Dated: January 2, 2007.            Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendant's Liaison Counsel

JEFFREY A. HOLMSTRAND
McDermott & Bonenberger, PLLC
53 Washington Avenue
Wheeling, West Virginia  26003
(304) 242-3220

Counsel for Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

       I hereby certify that the above and foregoing Answer and Jury Demand of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 2nd day of January, 2007.

                                                              */s/ Dorothy H. Wimberly*
                                                              Dorothy H. Wimberly, 18509
                                                              STONE PIGMAN WALTHER WITTMANN L.L.C.
                                                             546 Carondelet Street
                                                             New Orleans, Louisiana  70130
                                                             Phone:  504-581-3200
                                                             Fax:     504-581-3361
                                                             dwimberly@stonepigman.com

                                                            Defendants' Liaison Counsel

846011v.1