UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARK HENNELLY AND STEPHANIE HENNELLY, H/W | : | MDL NO. 1657 |
| | : | SECTION L |
| Plaintiffs | : | |
| vs. | : | JUDGE ELDON E. FALLON |
| | : | |
| MERCK AND COMPANY | : | |
| Defendant | : | MAGISTRATE JUDGE KNOWLES |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
<u>MOTION TO DISMISS THEIR COMPLAINT</u>**

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiffs, Mark Hennelly and Stephanie Hennelly respectfully move this Court for dismissal of their claims in the above-captioned case. For the reasons set forth herein, their Motion should be granted.

**I.    FACTS**

On February 6, 2006, Plaintiffs, Pennsylvania residents, filed an action in the Philadelphia Court of Common Pleas in that Court's Vioxx Mass Tort Program caption, <u>In Re Vioxx Litigation</u>, February Term 2006, No. 46 (the "MDL Action"). A true and correct copy of Plaintiffs' Complaint is attached hereto as Exhibit "A." On March 9,

1

2006, Merck and Company, Inc. ("Merck") removed that action to the United States District Court for the Eastern District of Pennsylvania, based on diversity. A true and correct copy of the Notice of Removal is attached hereto as Exhibit "B." On May 3, 2006, that matter was transferred to the Vioxx MDL Program before the United States District Court for the Eastern District of Louisiana. A true and correct copy of the Transfer order is attached hereto as Exhibit "C." On July 19, 2006, Plaintiffs filed an separate action alleging claims against Merck, <u>Mark Hennelly and Stephanie Hennelly v. Merck & Company, Inc.</u>, Superior Court of New Jersey, Atlantic County, No. 7239-06 (the "New Jersey Action"), within that Court's Vioxx Mass Tort Program. A true and correct copy of the New Jersey Action is attached hereto as Exhibit "D." Plaintiffs now move to dismiss the action pending in the MDL while they pursue the action pending in New Jersey state court. Merck has refused to stipulate to this request for voluntary dismissal.

## II.  **ARGUMENT**

### A.  **Standard**

Federal Rule of Civil Procedure 41(a)(2) provides this Court with the authority and discretion to dismiss claims upon a Plaintiff's motion:

> (2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the

2

order, a dismissal under this paragraph is without prejudice."
F.R.Civ.P. 41(a)(2).

"Voluntary dismissal under Rule 41(a)(2) is a matter within the sound discretion of the district court, and the district court's decision on this issue is reviewed only for abuse of discretion." Templeton v. Nedlloyd Lines, 901 F.2d 1273, 1275 (1990), citing LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir.1976).

### B.    Plaintiffs should be allowed to withdraw their claims

"Rule 41(a)(2) of the Federal Rules of Civil Procedure allows plaintiffs to freely dismiss their suits, subject to court approval, provided the dismissal does not prejudice any party." Id., at 1275.

In the MDL Action, Plaintiffs are prosecuting against Merck claims identical to those pending in the New Jersey Action.  Merck is headquartered in New Jersey, less than two hours from Atlantic County, the vincinage out of which New Jersey's Vioxx Mass Tort Program is administered.  That program, managed by the Honorable Carol Higbee - is one of the most active Vioxx mass tort programs in the country, having already conducted trials in numerous Vioxx actions.

It is anticipated that Merck will contest this application, and argue that the New Jersey Action should be dismissed and the MDL Action move forward.  However, to meet the standard for denial Merck must show "plain legal prejudice." Merck has taken no specific steps or incurred any costs to specifically defend the MDL Action, which was just transferred to the MDL in May of this year.  Nor can Merck assert that the presence of the New Jersey Action somehow prejudices it, as

3

that argument does not constitute "plain legal prejudice" under FRCP 41(a)(2). See U.S. ex rel. Boundy v. Dolenz, 87 Fed.Appx. 992, at 1 (5th Cir. 2004), *citing* Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 317 (5th Cir. 2002) ("A motion for voluntary dismissal should be granted 'unless the nonmoving party will suffer some plain legal prejudice *other than the mere prospect of a second lawsuit*.'") Merck cannot meet the standard for denial of this Motion. The Motion should be granted.

### CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' Motion.

Respectfully submitted,

/s/ Randall A. Smith
RANDALL A. SMITH, ESQ. - 2117
J. GEOFFREY ORMSBY, ESQ. - 24183
   Of
SMITH & FAWER, LLC
201 St. Charles Avenue, Suite 3702
New Orleans, Louisiana 70170
Telephone: (504) 525-2200
rasmith@smithfawer.com

- and -

RICHARD M. GOLOMB, ESQUIRE
RYAN J. DURKIN, ESQUIRE
Golomb & Honik
121 South Broad Street, 9th Floor
Philadelphia, PA 19107
Phone: 215-985-9177
Fax:    215-985-4169
rgolomb@golombhonik.com
rdurkin@golombhonik.com

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum of Law in Support of Plaintiffs' Motion to Dismiss has been served on below counsel, via U.S. Mail, and that the foregoing was filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana, on this 22nd day of December, 2006.

Dorothy A. Wittmann, Esquire
Stone, Pigman, Walther
   Wittmann, LLC
546 Carondelet Street
New Orleans, Louisiana 70130

Eric Blumenfeld, Esquire
Hughes Hubbard & Reed, LLP
1010 Hudson Street
Suite 3601
Jersey City, NJ 07302

Fred T. Magaziner, Esquire
Dechert, LLP
4000 Bell Atlantic Tower
2929 Arch Street
Philadelphia, PA 19103

     /s/ Randall A. Smith
**RANDALL A. SMITH, ESQ. - 2117**
**J. GEOFFREY ORMSBY, ESQ. - 24183**
    **Of**
**SMITH & FAWER, LLC**
201 St. Charles Avenue, Suite 3702
New Orleans, Louisiana 70170
Telephone: (504) 525-2200
rasmith@smithfawer.com

5