# EXHIBIT E

FILED
NOV 12 2004
AT COVINGTON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON, KENTUCKY

04-CV-235

DANIEL K. WILLIAMS                                      PLAINTIFF
P.O. Box 52
Union, Kentucky 41091

vs.

MERCK & CO., INC.                                       DEFENDANT

Agent for Service of Process:

    C.T. Corporation System
    Kentucky Home Life Building
    Room 1102
    Louisville, KY 40202

(Serve Kentucky Secretary of State)

## COMPLAINT AND JURY DEMAND (CLASS ACTION STATUS REQUESTED)

Comes now the Plaintiff, by and through counsel, and for her complaint states as follows:

### Jurisdiction

1. This Court has jurisdiction pursuant to 28 United States Code Section 1332, in that Daniel K. Williams is a citizen of a State which is different from the State where Defendants are incorporated and where their principal place of business is located and the amount in controversy exceeds Seventy-Five Thousand dollars ($75,000.00).

2. Merck & Co., Inc., DBA Merck, is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Whitehouse Station, New Jersey.

### Factual Background

3. At all relevant times, Defendant was in the business of and did create, design, manufacture, test, formulate, advertise, market, promote, sell, and/or distribute the drug Vioxx. Defendant knew and was aware, or should have known, that Vioxx had been insufficiently tested;

that it had not been sufficiently tested upon humans; and was marketed with a lack of adequate warnings. Nevertheless, Defendant endeavored to obtain FDA approval and brought Vioxx to the market, thereby enabling them to market a drug causing harmful results to users.

4. The Defendant has made certain claims and representations relative to the safety of Vioxx.

5. The Defendant has made certain claims which were distributed and circulated to the medical profession and to the general public through advertising, literature, detail men, brochures and other materials stating the Vioxx was a safe and efficacious drug for the treatment of depression.

6. At the time, Defendant knew or should have known that Vioxx and its components had the potential to become harmful to users.

7. Upon information and believe, Defendant secured FDA approval; brought Vioxx to the market where it was produced by Defendant with the same content and same potential for harm; and distributed and marketed Vioxx to the public so as to induce its use in the manner in which it was used by Daniel K. Williams.

8. Upon information and belief, Defendant misrepresented the risks inherent in the use of Vioxx in their applications to the FDA and to other governmental persons and/or agencies.

9. Defendant knew, or should have known, of the above-mentioned risks based upon the state of knowledge as it existed at that time and upon generally accepted engineering, medical and research standards and principles.

10. The Defendant, their agents, servants and/or employees, manufactured, produced, promoted, formulated, created or designed Vioxx without testing it properly, without making proper and sufficient tests to determine the dangers and contra-indications thereof, and without

warning the public and the medical profession of the dangers and contra-indications thereof, and without warning the public and the medical profession of the dangers and contra-indication and side effects inherent in the aforesaid drug. The Defendant also negligently advertised and recommended the use of Vioxx without sufficient knowledge as to its dangerous propensities; represented that the said drug was safe for use for its intended purpose, when, in fact, it was unsafe; and failed to conduct sufficient testing programs to determine whether or not the aforesaid drug was safe for use. Defendant knew or should have known that said drug was unsafe and unfit for use by reason of the dangerous effects, contra-indications and dangers to the public. Defendant, their agent, servants and/or employees improperly obtained the approval of the FDA to market the drug by misrepresenting the risks of the drug to the FDA; knew that it was a substance which could cause injury and was otherwise negligent.

11. Defendant, by their agents, servants and/or employees were careless and negligent in the manufacturing, selling, distribution, merchandising, advertising, promotion, compounding, packaging, fabrication, analyzing, marketing, and recommendation of said drug Vioxx without making proper and sufficient tests to determine the dangers thereof.

12. Plaintiff, took Vioxx by prescription, said Vioxx which was marketed by Defendant.

13. By reason of the foregoing, those exposed to Vioxx have developed, or are at extremely high risk for experiencing, cardiac damage, as well as other serious injuries; and Daniel K. Williams herein sustained severe, serious, permanent and personal injuries; required hospitalization and medical care; was incapacitated from his normal functioning and was unable to pursue normal lifestyle; was precluded from having a normal life, physically, intellectually, vocationally, emotionally, and psychologically; and was otherwise grossly damaged.

Furthermore, all of this based upon a reasonable degree of medical probability was caused by his exposure to Vioxx.

14. In 1998, Earlene Barker, a registered nurse practioner, prescribed Vioxx to Daniel K. Williams.

15. In 2001, Daniel K. Williams suffered a heart attack and cardiac damage.

### First Claim for Relief (Strict Products Liability)

16. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the paragraphs numbered "1" through "15", inclusive, with the same force and effect as if hereinafter set forth in length.

17. At all times herein mentioned, the Defendant, manufactured, compounded, portrayed, distributed, recommended, merchandised, advertised, promoted, sold, purchased, prescribed, and administered the aforesaid Vioxx as his herein above described and prior to the time that Daniel K. Williams used said drug.

18. The said drug product, more particularly known as Vioxx, was expected to and did reach the usual consumers, handlers, and persons coming into contact with said product without substantial change in the condition in which it was produced, manufactured, sold, distributed, and marketed by the Defendant.

19. At those times, the said drug product Vioxx, was in an unsafe, defective, and inherently dangerous condition, which was dangerous to users, the general public and, in particular, Daniel K. Williams.

20. Defendant, while regularly engaged in the business activities aforementioned, did design, develop, manufacture, produce, test, sell, market and/or distribute a certain product, more particularly known as Vioxx, which was ingested by Daniel K. Williams.

-4-

21. At all times herein mentioned, the said drug product Vioxx was in a defective condition and unsafe and Defendant, knew or had reason to know that said product was defective and unsafe.

22. The said drug product Vioxx was inherently dangerous.

23. At the time of the occurrence and ingestion by Daniel K. Williams, the said drug product Vioxx, was being used for the purposes and a manner normally intended.

24. Daniel K. Williams could not, by the exercise of reasonable care, have discovered the defects herein mentioned and/or perceived their danger.

25. As a direct and proximate result of the defective condition of Vioxx manufactured and supplied by Defendant, Daniel K. Williams was caused to sustain severe and grievous personal injuries, as described herein.

26. By reason of the foregoing, the Defendant has become strictly liable in tort to the Plaintiff for the marketing of a defective product.

27. By reason of the foregoing, Plaintiff has been damaged as against the Defendant in compensatory damages and punitive damages in excess of jurisdictional limits of this Court.

### Second Claim for Relief (Negligence)

28. Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint contained in paragraphs numbered "1" through "27", inclusive, with the same force and effect as if more fully set forth herein.

The negligence of the Defendant, their agents, servants, and/or employees, included but was not limited to the following acts or omissions:

    (a) manufacturing, producing, promoting, formulating, creating, and/or designing Vioxx without proper testing;

-5-

(b) selling Vioxx without making proper and sufficient tests to determine the danger and contra-indications thereof;

(c) negligently failing to adequate and correctly warn the public and the medical profession of the dangers and contra-indications and side effects inherent in the aforesaid drug and failing to provide adequate instructions regarding safety precautions to be observed by users, handlers, and persons who would reasonably and foreseeable come into contact with said product.

(d) negligently advertising and recommending the use of the aforesaid drug without sufficient knowledge as to its dangerous propensities;

(e) negligently representing that the said drug was safe for use for its intended purpose, when, in fact, it was unsafe;

(f) not conducting sufficient testing programs to determine whether or not the aforesaid drug was safe for use; in that Defendant herein knew or should have known that said drug was unsafe and unfit for use by reason of the dangerous effects, contra-indications and dangers to the public; and

(g) improperly obtaining the approval of the FDA to market the drug by misrepresenting the risks of the drug to the FDA.

29. As a direct and proximate result of the aforementioned negligence on the part of the Defendant, Daniel K. Williams was caused to sustain severe and grievous personal injuries, as set forth herein.

30. By reason of the foregoing, Plaintiffs have been damaged as against the Defendant in compensatory and punitive damages in a sum exceeding the jurisdictional limits of this Court.

### Third Claim for Relief (Breach of Express Warranty)

31. Plaintiffs repeat, reiterate and reallege each and every allegation of this Complaint

-6-

contained in paragraphs numbered "1" through "30", inclusive, with the same force and effect as if more fully set forth herein in length.

32. Defendant, expressly represented to the user and their physicians that said drug Vioxx was safe and fit for use for the purposes intended, that it was of merchantable quality, and that it did not produce and side effects dangerous to life, and that it was adequately tested and fit for its intended use.

33. Members of the medical community relied upon the representations and warranties of the Defendant for use and ingestion of said drug Vioxx in prescribing, recommending and/or dispensing same.

34. Defendant knew or should have known that, in fact, said representations and warranties were false, misleading and untrue in that said drug Vioxx was not safe and fit for the use intended, and, in fact, produces serious injuries to the user.

35. As a result of the aforementioned breach of warranties by Defendant, Daniel K. Williams was caused to sustain severe and grievous personal injuries, as set forth herein.

36. By reason of the foregoing, Plaintiff has been damaged as against each defendant in compensatory and in punitive damages exceeding the jurisdictional limits of this Court.

### Fourth Claim for Relief (Breach of Implied Warranty)

37. Plaintiff repeats, reiterates and realleges each and every allegation of this Complaint contained in paragraphs numbered "1" through "36", inclusive, with the same force and effect as if more fully set forth herein.

38. At all times herein mentioned, the Defendant, manufactured, compounded, portrayed, distributed, recommended, merchandised, advertised, promoted, sold, purchased, prescribed, and administered the aforesaid Vioxx as described above and prior to the time that

Daniel K. Williams, used said product.

39. The Defendant, impliedly represented and warranted to the users and their physicians that the aforementioned drug product, more particularly known as Vioxx, was safe and merchantable quality and fit for the ordinary purpose for which said product was to be used.

40. The said representations and warranties aforementioned were false, misleading, and inaccurate in that said drug product Vioxx, was unsafe, unreasonably dangerous, improper, not of merchantable quality, and defective.

41. Vioxx products were injected into the stream of commerce by the Defendant in a defective, unsafe, and inherently dangerous condition and the products and materials were expected to and did reach users, handlers, and persons coming into contact with said products without substantial change in the condition in which they were sold.

42. As a result of the aforementioned breach of warranties by Defendant, Daniel K. Williams was caused to sustain severe and grievous personal injuries, as set forth herein.

43. By reason of Defendant's actions as aforementioned, Defendant's are liable to Plaintiff.

44. By reason of the foregoing, Plaintiff has been damaged as against the Defendant in compensatory damages and in punitive damages in excess of the jurisdictional limits of this Court.

### Fifth Claim for Relief (Fraudulent Misrepresentation)

45. Plaintiff repeats reiterates and realleges each and every allegation to this Complaint contained in paragraphs numbered "1" through "44", inclusive, with the same force and effect as if more fully set forth herein.

46. The Defendant falsely and fraudulently represented to the medical community and to the public in general that said drug Vioxx was a drug that had been tested and found to be safe

-8-

and effective. The representations made by said Defendant was, in fact, false.

47. When said representations were made by Defendant, Defendant, severally, knew those representations to be false, willfully, wantonly and recklessly disregarded whether the representations were true, and these representations were made by said Defendant with the intent of defrauding and deceiving the public in general, and the medical community in particular, and with the intent of inducing the public in general, and the medical community in particular, to prescribe, dispense and purchase said drug Vioxx all of which evinced a callous reckless, willful, depraved indifference to the health, safety and welfare of Daniel K. Williams.

48. As a result of the fraudulent misrepresentations of the Defendant set forth herein above, said Defendant knew and was aware or should have known that the drug had been insufficiently tested, that it had not been tested or sufficiently tested upon humans, or lacked adequate warnings, and Defendant cooperated with others to obtain FDA approval of the drug in that form and otherwise assisted other persons to bring Vioxx to market a drug involving harmful results to users, thereby breaching their duty to such users and aiding and assisting other persons marketing Vioxx to do the same.

49. At this time, Defendant in order to bring Vioxx to the market and secure approval thereof, knew or should known the Vioxx, its components and in combination, had a potential to, could, and would cause severe and grievous injury to the user and that the drug was inherently dangerous.

50. Defendant secured FDA approval, brought Effexor to the market where it was produced by Defendant with the same content and the same potential for harm, and Defendant conferred and assisted in promoting and advertising, and said Defendant acted fraudulently, wantonly and maliciously to the detriment of the Plaintiff.

-9-

51. As a result of Defendant's fraudulent and deceitful conduct and representations, Daniel K. Williams was caused to sustain severe and grievous personal injuries, as set forth herein.

52. By reason of Defendant's actions as aforementioned, Defendant is liable to Plaintiff.

53. By reason of the foregoing, Plaintiff has been damaged as against Defendant in compensatory damages and in punitive damages in excess of the jurisdictional limits of the Court.

### Sixth Claim (Class Action)

54. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff requests this matter be certified as a class action for all those similarly situated as Plaintiff in the United States of America and/or the State of Kentucky. Numerous individuals have been contacting the undersigned counsel and counsel is confident numerous other attorneys are receiving similar calls from individuals in the class.

### Prayer for Relief

**WHEREFORE,** Plaintiffs collectively demand judgment against each Defendant on each cause of action with interest together with the costs and disbursements of this action. Plaintiff requests all compensatory and punitive damages.

ERIC C. DETERS, ESQ. (#81812)
Eric C. Deters & Associates, P.S.C.
300 Buttermilk Pike, Suite 322
Ft. Mitchell, Kentucky 41017
(859) 426-5300
Attorney for Plaintiff

## Jury Demand

The Plaintiff hereby demands a trial by jury on all issues.

_____
Eric C. Deters

Q:\MD\D-Williams\complaint.wpd