UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  VIOXX : | |
| : | MDL Docket NO. 1657 |
| PRODUCTS LIABILITY LITIGATION : | |
| : | SECTION L |
| : | |
| *This document relates to ALL CASES* : | JUDGE FALLON |
| : | MAG. JUDGE KNOWLES |

**THE PLAINTIFFS' STEERING COMMITTEE'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

The Plaintiffs' Steering Committee hereby submits as supplemental authority in opposition to Merck's motion for protective order prohibiting discovery related to the Martin Report,[1] and in support of its motion to compel compliance with third-party subpoenas,[2] *Boumediene v. Bush*, No. 05-5062 (D.C.Cir. Dec. 29, 2006)[attached hereto as Exhibit "A"].

The PSC has asserted over Merck's objections that the use of the term "Judge Martin" when referring to Mr. Martin in the text of the Martin Report, in press releases related to the report, and in other publicly available materials is improper and prejudicial to plaintiffs in this litigation.  While Merck defends this practice as "customary", it is clear that Merck and Mr. Martin are using this title

---

[1] On October 13, 2006, Merck filed a motion for a protective order after being served with discovery requests relating to the creation, preparation and publication of the widely publicized Martin Report.  The PSC filed an opposition on November 1, 2006, and Merck filed a reply on November 3, 2006.  The PSC subsequently filed a surreply on November 7, 2006.

[2] On September 13, 2006, the PSC served several third parties with notices of depositions and discovery requests related to the Martin Report.  When these parties refused to comply, the PSC filed a motion to compel compliance with third party subpoenas on November 22, 2006.  Merck filed its opposition thereto on December 11, 2006, and the PSC subsequently filed a reply on December 27, 2006.

1

in order to lend false credibility to the Martin Report. In addressing similar considerations, the Court of Appeals for the District of Columbia denied an unopposed motion of retired federal jurists for leave to file a brief amici curiae in *Boumediene*. In its order denying the unopposed motion, the court disapproved of former jurists using their past titles to lend credence to their work:

> **ORDERED** that the motion for leave to file be denied. *See* Advisory Opinion No. 72, Committee on Codes of Conduct, Judicial Conference of the United States ("Judges should insure that the title 'Judge' is not used in the courtroom or in papers involved in litigation before them to designate a former judge, unless the designation is necessary to describe accurately a person's status at a time pertinent to the lawsuit.").

*Boumediene*, 05-5062, * 2-3.

*Boumediene* reinforces the PSC's assertion that Merck's reference to Mr. Martin as "Judge Martin" was improper. Indeed, Advisory Opinion No. 72 also supports this position. *See* Advisory Opinion No. 72, Committee on Codes of Conduct, Judicial Conference of the United States [attached hereto as Exhibit "B"]. Advisory Opinion No. 72 explains that the use of the term "Judge" when referring to a practicing attorney who is a retired federal judge "tend[s] to demean the court as an institution" and leads to a loss of "confidence in the integrity and impartiality of the judiciary." *Id*.

Here, it is significant that Merck has widely publicized the Martin Report and has consistently used the term "Judge Martin" when referring to its retired federal judge author. Members of the public are naturally confused by the improper use of this title since it suggests that Mr. Martin is autonomous and an active member of the judiciary. Merck's practice also lends false credibility to the Martin Report since it misleadingly elevates its author to the position of a federal district court judge. In so doing, Merck and Mr. Martin have demeaned the courts and have caused a loss of confidence in the judiciary. While Mr. Martin may have once enjoyed the prestige

associated with being a federal district court judge, he is now retired from this position and it is inappropriate for him to continue using his former title in private practice for purposes of advancing his client's litigation and publicity objectives.

      The PSC respectfully request the Court's consideration of *Boumediene*.

      Respectfully submitted,

**PLAINTIFFS' STEERING COMMITTEE**

Date: January 5, 2007      By: /s/ Leonard A. Davis
      **Russ M. Herman (Bar No. 6819)**
      Leonard A. Davis (Bar No. 14190)
      Stephen J. Herman (Bar No. 23129)
      ***Herman, Herman, Katz & Cotlar, L.L.P.***
      Place St. Charles
      201 St. Charles Avenue, Suite 4310
      New Orleans, Louisiana 70170
      Telephone: (504) 581-4892
      Facsimile: (504) 561-6024

**PLAINTIFFS' LIAISON COUNSEL**

Andy D. Birchfield, Jr., Esquire
Leigh O'Dell, Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)
**Co-Lead Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA  71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
 MEUNIER & WARSHAUER, L.L.C.
Energy Centre
1100 Poydras Street, Ste. 2800
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL  32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
 BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008  (telecopier)

Thomas R. Kline, Esquire
Shanin Specter, Esquire
David J. Caputo, Esquire
Lisa S. Dagostino, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street
19th Floor
Philadelphia, PA  19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire **(on brief)**
Fred S. Longer, Esquire **(on brief)**
Daniel Levin, Esquire
Matthew C. Gaughan, Esquire **(on brief)**
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA  19106
(215) 592-1500 (telephone)
(215) 592-4663  (telecopier)

Shelly A. Sanford, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX  77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA  70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

| | |
|---|---|
| Mark Robinson, Esquire<br>ROBINSON, CALCAGNIE & ROBINSON<br>620 Newport Center Drive<br>7th Floor<br>Newport Beach, CA  92660<br>(949) 720-1288 (telephone)<br>(949) 720-1292 (telecopier) | Christopher V. Tisi, Esquire<br>ASHCRAFT & GEREL<br>2000 L Street, N.W., Suite 400<br>Washington, DC  20036-4914<br>(202) 783-6400 (telephone)<br>(307) 733-0028  (telecopier) |

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 5th day of January, 2007.

/s/ Leonard A. Davis
Leonard A. Davis (Bar No. 14190)
***Herman, Herman, Katz & Cotlar, LLP***
201 St. Charles Ave., Suite 4310
New Orleans, LA  70170
PH:     (504) 581-4892
FAX:   (504) 561-6024
ldavis@hhkc.com