**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: VIOXX® | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| **This document relates to: Trixy Strickland** | * | |
| **v. Merck & Co., Inc., 06-9950** | * | **MAG. JUDGE KNOWLES** |
| | * | |
| * * * * * * * * * * * * * * * * * * * | | **JURY TRIAL DEMANDED** |

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by its undersigned attorney, answers the Complaint in each and every count thereof, separately and severally, as follows:

1.      Merck denies each and every allegation set forth in paragraph 1 of the Complaint that is directed at Merck, except admits that Plaintiff purports to bring a claim for defective design, failure to warn, strict liability, fraud, breach of express and implied warranties and negligence, but there is no legal or factual basis for recovery.  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph that are not directed at Merck.

2.      The allegations set forth in paragraph 2 of the Complaint are legal conclusions for which no response is required.  Should a response be deemed required, Merck admits that the United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, but denies that the United States District Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 3 of the Complaint.

4.      Merck denies each and every allegation set forth in paragraph 4 of the Complaint except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

5.      The allegations set forth in paragraph 5 of the Complaint are not directed at Merck, and therefore no responsive pleading is required.    Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph.

6.      The allegations set forth in paragraph 6 of the Complaint are not directed at Merck, and therefore no responsive pleading is required.    Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph.

7.      The allegations set forth in paragraph 7 of the Complaint are not directed at Merck, and therefore no responsive pleading is required.    Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph.

8.      The allegations set forth in the first sentence of paragraph 8 of the Complaint concerning Celebrex are not directed at Merck, and therefore no response is required to such allegations.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations that are not directed at Merck.  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in said sentence.  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the second sentence of paragraph 8 of the Complaint.

## RESPONSE TO "CAUSES OF ACTION RELATING TO MERCK"

9.      Merck denies each and every allegation set forth in paragraph 9 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the market on September 30, 2004.

10.     Merck denies each and every allegation set forth in paragraph 10 of the Complaint except admits that Merck voluntarily withdrew the prescription medicine Vioxx from the worldwide market on September 30, 2004.  Merck denies each and every allegation set forth in the unnumbered paragraph following paragraph 10 of the Complaint and further avers that, until Merck announced the voluntary withdrawal of Vioxx on September 30, 2004, it marketed the prescription medicine Vioxx, which was approved by the United States Food and Drug Administration as safe and effective for certain indicated uses subject to the information in the FDA-approved prescribing information.

## RESPONSE TO "COUNT I
## STRICT LIABILITY – DEFECTIVE DESIGN"

11.     With respect to the allegations set forth in paragraph 11 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in the preceding and subsequent paragraphs of this Answer with the same force and effect as though set forth here in full.

12.     Merck denies each and every allegation set forth in paragraph 12 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the market on September 30, 2004.

13.     Merck denies each and every allegation set forth in paragraph 13 of the Complaint.

14.     Merck denies each and every allegation set forth in the first sentence of paragraph 14 of the Complaint.  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the second sentence of paragraph 14 of the Complaint.

15.     Merck denies each and every allegation set forth in the first and second sentences of paragraph 15 of the Complaint.  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the third sentence of paragraph 15 of the Complaint.  Merck denies each and every allegation set forth in the fourth sentence of paragraph 15 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information.

16.     Merck denies each and every allegation set forth in paragraph 16 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the market on September 30, 2004.

17.     Merck denies each and every allegation set forth in paragraph 17 of the Complaint.

18.     Merck denies each and every allegation set forth in paragraph 18 of the Complaint.  Merck denies that Plaintiff is entitled to the relief requested in the unnumbered paragraph following paragraph 18 of the Complaint.

## RESPONSE TO "COUNT II STRICT LIABILITY – FAILURE TO WARN"

19.     With respect to the allegations set forth in paragraph 19 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in the

preceding and subsequent paragraphs of this Answer with the same force and effect as though set forth here in full.

20.     Merck states that the allegations set forth in paragraph 20 of the Complaint concerning the existence of a duty are legal conclusions as to which no response is required. Should a response be deemed required, Merck each and every such allegation and specifically denies that it breached any duty to Plaintiff.  Merck denies each and every remaining allegation set forth in said paragraph, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the market on September 30, 2004.

21.     Merck denies each and every allegation set forth in paragraph 21 of the Complaint.

22.     Merck denies each and every allegation in paragraph 22 of the Complaint that is directed at Merck.  Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph that are not directed at Merck. Should a response be deemed required, Merck denies each and every allegation in said paragraph that is not directed at Merck.

23.     Merck denies each and every allegation set forth in paragraph 23 of the Complaint.

24.     Merck denies each and every allegation set forth in paragraph 24 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the market on September 30, 2004.

25.     Merck denies each and every allegation set forth in paragraph 25 of the Complaint.   Merck denies that Plaintiff is entitled to the relief requested in the unnumbered paragraph following paragraph 25 of the Complaint.

## RESPONSE TO "COUNT III
## FRAUDULENT MISREPRESENTATION"

26.     With respect to the allegations set forth in paragraph 26 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in the preceding and subsequent paragraphs of this Answer with the same force and effect as though set forth here in full.

27.     Merck denies each and every allegation set forth in paragraph 27 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the market on September 30, 2004.

28.     Merck denies each and every allegation set forth in paragraph 28 of the Complaint.

29.     Merck denies each and every allegation set forth in paragraph 29 of the Complaint.

30.     Merck denies each and every allegation set forth in paragraph 30 of the Complaint.

31.     Merck denies each and every allegation set forth in paragraph 31 of the Complaint.

32.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 32 of the Complaint concerning whether

Plaintiff's physician prescribed and/or otherwise provided Plaintiff with Vioxx and whether Plaintiff consumed Vioxx.  Merck denies each and every remaining allegation in said paragraph.

33.     Merck denies each and every allegation set forth in paragraph 33 of the Complaint.

34.     Merck denies each and every allegation set forth in paragraph 34 of the Complaint.

35.     Merck denies each and every allegation set forth in paragraph 35 of the Complaint.

36.     Merck denies each and every allegation set forth in paragraph 36 of the Complaint.

37.     The allegations set forth in paragraph 37 of the Complaint concerning the existence of a duty are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every such allegation and specifically denies that it breached any duty with regard to Vioxx.  Merck denies each and every remaining allegation in said paragraph.

38.     Merck denies each and every allegation set forth in paragraph 38 of the Complaint.

39.     Merck denies each and every allegation set forth in paragraph 39 of the Complaint.

40.     Merck denies each and every allegation set forth in paragraph 40 of the Complaint.

41.     Merck denies each and every allegation set forth in paragraph 41 of the Complaint.  Merck denies that Plaintiff is entitled to the relief requested in the unnumbered paragraph following paragraph 41 of the Complaint.

## RESPONSE TO "COUNT IV
## FRAUDULENT CONCEALMENT"

42.     With respect to the allegations set forth in paragraph 42 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in the preceding and subsequent paragraphs of this Answer with the same force and effect as though set forth here in full.

43.     Merck denies each and every allegation set forth in paragraph 43 of the Complaint, including subparts a and b.

44.     Merck denies each and every allegation set forth in paragraph 44 of the Complaint.

45.     Merck denies each and every allegation set forth in paragraph 45 of the Complaint.

46.     Merck denies each and every allegation set forth in paragraph 46 of the Complaint.

47.     Merck denies each and every allegation set forth in paragraph 47 of the Complaint.

48.     Merck denies each and every allegation set forth in paragraph 48 of the Complaint.

## RESPONSE TO "COUNT V
## BREACH OF EXPRESS AND IMPLIED WARRANTIES"

49.     With respect to the allegations set forth in paragraph 49 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in the preceding and subsequent paragraphs of this Answer with the same force and effect as though set forth here in full.

50.     Merck denies each and every allegation set forth in paragraph 50 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the market on September 30, 2004.

51.     The allegations set forth in paragraph 51 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation in said paragraph, including subparts a through c, and specifically denies that Merck breached any duty with regard to Vioxx.

52.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 52 of the Complaint that are not directed at Merck and denies each and every allegation directed at Merck in said paragraph.

53.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 53 of the Complaint that are not directed at Merck and denies each and every allegation directed at Merck in said paragraph, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the market on September 30, 2004.  Merck denies each and every allegation set forth in the unnumbered paragraph following paragraph 53 of the Complaint.

54.     The allegations set forth in the first sentence of paragraph 54 of the Complaint concerning the existence of a duty are legal conclusions as to which no response is required. Should a response be deemed required, Merck denies each and every such allegation and specifically denies that it breached any duty with regard to Vioxx.  Merck denies each and every remaining allegation in said sentence.  Merck denies each and every allegation set forth in the second sentence of paragraph 54 of the Complaint.

55.     Merck denies each and every allegation set forth in paragraph 55 of the Complaint.

56.     Merck denies each and every allegation set forth in paragraph 56 of the Complaint.

57.     The allegations set forth in paragraph 57 of the Complaint concerning an implied warranty are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every such allegation.  Merck denies each and every remaining allegation set forth in paragraph 57 of the Complaint.

58.     Merck denies each and every allegation set forth in paragraph 59 of the Complaint.  Merck denies that Plaintiff is entitled to the relief requested in the unnumbered paragraph following paragraph 58 of the Complaint.

## RESPONSE TO "COUNT VI NEGLIGENCE"

59.     Merck states that the allegations set forth in paragraph 59 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck each and every such allegation and specifically denies that it breached any duty to Plaintiff.

60.     Merck denies each and every allegation set forth in paragraph 60 of the Complaint, including subparts a through f, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the market on September 30, 2004.

61.     Merck denies each and every allegation set forth in paragraph 61 of the Complaint.

### RESPONSE TO"CAUSES OF ACTION RELATING TO PFIZER, PHARMACIA AND SEARLE"

62.     The allegations set forth in paragraph 62 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph, except admits Plaintiff purports to refer to Defendants Pfizer, Pharmacia and Searle collectively as "Pfizer."

63.     The allegations set forth in paragraph 63 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph.

64.     The allegations set forth in paragraph 64 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph.

## RESPONSE TO "COUNT I
## STRICT LIABILITY – DEFECTIVE DESIGN"

65.     With respect to the allegations set forth in paragraph 65 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in the preceding and subsequent paragraphs of this Answer with the same force and effect as though set forth here in full.

66.     The allegations set forth in paragraph 66 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph.

67.     The allegations set forth in paragraph 67 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph.

68.     The allegations set forth in paragraph 68 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph.

69.     The allegations set forth in paragraph 69 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph.

70.     The allegations set forth in paragraph 70 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck

states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph.

71.    The allegations set forth in paragraph 71 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph.

72.    The allegations set forth in paragraph 72 of the Complaint and the unnumbered paragraph following paragraph 72 are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraphs.

## RESPONSE TO "COUNT II
## STRICT LIABILITY – FAILURE TO WARN"

73.    With respect to the allegations set forth in paragraph 73 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in the preceding and subsequent paragraphs of this Answer with the same force and effect as though set forth here in full.

74.    The allegations set forth in paragraph 74 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph.

75.    The allegations set forth in paragraph 75 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck

states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph.

76.     The allegations set forth in paragraph 76 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph.

77.     The allegations set forth in paragraph 77 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph.

78.     The allegations set forth in paragraph 78 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph.

79.     The allegations set forth in paragraph 79 of the Complaint and the unnumbered paragraph following paragraph 79 are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraphs.

### RESPONSE TO "COUNT III
### FRAUDULENT MISREPRESENTATION"

80.     With respect to the allegations set forth in paragraph 80 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in the

preceding and subsequent paragraphs of this Answer with the same force and effect as though set forth here in full.

81.    The allegations set forth in paragraph 81 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph.

82.    The allegations set forth in paragraph 82 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph.

83.    The allegations set forth in paragraph 83 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph.

84.    The allegations set forth in paragraph 84 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph.

85.    The allegations set forth in paragraph 85 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph.

86.    The allegations set forth in paragraph 86 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph.

87.    The allegations set forth in paragraph 87 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph.

88.    The allegations set forth in paragraph 88 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph.

89.    The allegations set forth in paragraph 89 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph.

90.    The allegations set forth in paragraph 90 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph.

91.    The allegations set forth in paragraph 91 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that the allegations in said paragraph concerning the existence of a duty are legal

conclusions as to which no response is required.  Should a response be required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in said paragraph.

92.     The allegations set forth in paragraph 92 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph.

93.     The allegations set forth in paragraph 93 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph.

94.     The allegations set forth in paragraph 94 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph.

95.     The allegations set forth in paragraph 95 of the Complaint and the unnumbered paragraph following paragraph 95 are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraphs.

**RESPONSE TO "COUNT IV**
**FRAUDULENT CONCEALMENT"**

96.     With respect to the allegations set forth in paragraph 96 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in the preceding and subsequent paragraphs of this Answer with the same force and effect as though set forth here in full.

97.     The allegations set forth in paragraph 94 of the Complaint, including subparts a and b, are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph, including subparts a and b.

98.     The allegations set forth in paragraph 98 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph.

99.     The allegations set forth in paragraph 99 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph.

100.     The allegations set forth in paragraph 100 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph.

101.     The allegations set forth in paragraph 101 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck

states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph.

102.   The allegations set forth in paragraph 102 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph.

**RESPONSE TO "COUNT V**
**BREACH OF EXPRESS AND IMPLIED WARRANTIES"**

103.   With respect to the allegations set forth in paragraph 103 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in the preceding and subsequent paragraphs of this Answer with the same force and effect as though set forth here in full.

104.   The allegations set forth in paragraph 104 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph.

105.   The allegations set forth in paragraph 105 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that the allegations in said paragraph concerning the existence of a duty, including subparts a through c, are legal conclusions as to which no response is required.  Should a response be required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in said paragraph.

106.    The allegations set forth in paragraph 106 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph.

107.    The allegations set forth in paragraph 107 of the Complaint and in the unnumbered paragraph following paragraph 107 are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraphs.

108.    The allegations set forth in the first sentence paragraph 108 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that the allegations in said sentence concerning the existence of a duty are legal conclusions as to which no response is required.  Should a response be required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in said sentence.  The allegations set forth in the second sentence of paragraph 108 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said sentence.

109.    The allegations set forth in paragraph 109 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck

states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph.

110.    The allegations set forth in paragraph 110 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph.

111.    The allegations set forth in paragraph 111 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that the allegations in said paragraph concerning the existence of an implied warranty are legal conclusions as to which no response is required.  Should a response be required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in said paragraph.

112.    The allegations set forth in paragraph 112 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph.

113.    The allegations set forth in paragraph 113 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that the allegations in said paragraph are legal conclusions as to which no response is required.  Should a response be required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph.

114.    The allegations set forth in paragraph 114 of the Complaint are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph, including subparts a through f.

115.    The allegations set forth in paragraph 115 of the Complaint and the unnumbered paragraph following paragraph 115 are not directed at Merck, and therefore no response is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraphs.

## RESPONSE TO "CLAIM FOR PERSONAL INJURIES"

116.    Merck denies each and every allegation contained in paragraph 116 of the Petition that is directed at Merck.  The remaining allegations in paragraph 116 of the Petition are not directed at Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph that are not directed at Merck.

117.    Merck denies each and every allegation contained in paragraph 117 of the Petition that is directed at Merck.  The remaining allegations in paragraph 117 of the Petition are not directed at Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said paragraph that are not directed at Merck.

118.    Merck denies that Plaintiff is entitled to the relief requested against Merck in her prayer for relief, including subparts a through e.  No response is required for the Plaintiff's request for relief against Defendants other than Merck.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in said prayer for relief that are not directed at Merck.

## RESPONSE TO "DEMAND FOR JURY TRIAL"

119.    Merck admits that Plaintiff is entitled to a jury trial for her claims against Merck. No response is required to Plaintiff's demand for a jury trial against Defendants other than Merck.  Should a response be deemed required, Merck states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Demand for Jury Trial that are not directed at Merck, except states that Plaintiff's claims against other Defendants are improperly joined with Plaintiff's claims against Merck.

## ADDITIONAL DEFENSES

120.    Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and/or statute of repose, and is otherwise untimely.

121.    The Complaint fails to state a claim upon which relief can be granted.

123.    The claims of the Plaintiff may be barred, in whole or in part, from recovery because she has made statements or taken actions that preclude her from asserting claims or constitute a waiver of her claims.

124.    The claims of the Plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

125.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

126.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening and supervening cause or causes.

127.    To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

128.    To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

129.    Any warnings given by Merck were transmitted to the prescribing physicians and/or healthcare providers and, pursuant to the learned intermediary doctrine, Merck's only obligation is to warn the prescribing physician and/or healthcare providers and said obligation was fulfilled.

130.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of Plaintiff and/or the negligence of third parties over whom Merck had no control.

131.    Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence.

132.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure

to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

133.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

134.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately and/or solely caused by Plaintiff's misuse or abuse of Vioxx.

135.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

136.    To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

137.    To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under applicable law.

138.    Plaintiff's claims for fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity.

139.     Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

140.     Plaintiff's claims are barred in whole or in part by the First Amendment.

141.     Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

142.     There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

143.     This case is more appropriately brought in a different venue.

144.     Venue in this case is improper.

145.     The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, she has brought actions and have received judgments on parts of some or all claims asserted herein.

146.     The claims of Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

147.     The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to her claims.

148.     The claims of Plaintiff may be barred, in whole and in part, by the doctrine of laches.

149.     The claims of Plaintiff are barred, in whole or in part, by the failure to mitigate damages.

150.    To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

151.    The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

152.    The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

153.    Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

154.    Plaintiff has not sustained any injury or damages compensable at law.

155.    Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiff's failure to provide it with due process of law.

156.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

157.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

158.    Plaintiff's demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

159.    Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

160.    Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

161.    Plaintiff's claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts: Products Liability.

162.    Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

163.    Plaintiff's claims for breach of warranty are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

164.    Merck denies that it breached any warranties.

165.    Plaintiff has not suffered the damages alleged in her Complaint.

166.    Plaintiff is not entitled to relief under any of her claims.

167.    Plaintiff is not entitled to punitive damages under 23 Okla. Stat. § 9.1.

168.    Plaintiff is not entitled to interest, costs or attorneys' fees.

169.    Plaintiff's claim for strict liability is barred on the grounds that such claims are not cognizable against Merck.

170.    Merck specifically denies that there was a defect in any product when it left the control and possession of Merck.

171.    Plaintiff's claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

172.    Merck specifically denies that it breached any duty to Plaintiff.

173.    In the event the Plaintiff has suffered any damages, injuries, or losses, which is denied, there is no causal relationship between any actions on the part of Merck and the Plaintiff's alleged damages, injuries, and/or losses.

174.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were not directly caused by any alleged defect in the product which is the subject matter of the Complaint.

175.    The conduct and activities of Merck with respect to Vioxx did not involve any act, use or employment by any person of any deception, deceptive act or practice, fraud, false pretense, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of Vioxx.

176.    Merck's advertisements and labeling with respect to the product which is the subject matter of the Complaint were not false or misleading and, therefore, constitute protected commercial speech.

177.    The public interest and benefit and the availability of such product which is the subject matter of the Complaint preclude liability for risks, if any, resulting from such activities, which were unavoidable given the state of human knowledge at the time those activities were undertaken.  With respect to Plaintiff's claims, if it is determined there is a risk inherent in the product, then such risk, if any, is outweighed by the benefits of the product.

178.   At all times relevant herein, any product which is the subject matter of the Complaint processed and distributed by Merck in the State of Oklahoma or the United States was processed and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further was processed and distributed in accordance with and pursuant to all applicable regulations of the U.S. Food and Drug Administration.

179.   With respect to each and every purported cause of action, the acts of Merck were at all times done in good faith and without malice, evidenced by, among other things, Merck's immediate withdrawal from the market of the product which is the subject matter of this action.

180.   Defendants Pfizer, Inc., Pharmacia, Inc. and G.D. Searle, Inc. are improperly joined.

181.   Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

182.   Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, having fully answered, Defendant Merck & Co., Inc. prays that Plaintiff take nothing by way of her Complaint and that Merck be granted its costs, including reasonable attorneys' fees, and all other relief this Court deems just and equitable.

**JURY DEMAND**

Merck demands a trial by jury as to all issues so triable.

   s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, LA  70130
Telephone:   (504) 581-3200
Facsimile:   (504) 581-3361

Defendants' Liaison Counsel

John A. Kenney, OBA #4976
Sheryl N. Young, OBA #14183
Brandon L. Buchanan, OBA #18661
McAfee & Taft A Professional Corporation
10th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK  73102
Telephone:  (405) 235-9621
 Facsimile:  (405) 235-0439

 Counsel for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer has been served on Liaison

Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-

mail and upon all parties by electronically uploading the same to LexisNexis File & Serve

Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was electronically

filed with the Clerk of Court of the United States District Court for the Eastern District of

Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord

with the procedures established in MDL 1657 on this 5th day of January, 2007.


s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Facsimile: (504) 581-3361

Defendants' Liaison Counsel