UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, SALES | * | MDL No. 1657 |
| PRACTICES AND PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |
| | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO:** *Harold Anderson et al. v. Merck & Co., Inc.*, **Case No. 05-4428.**

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel,

answers the Plaintiffs' Complaint (with Demand for Jury) ("Complaint") as follows:

### RESPONSE TO COMPLAINT

#### RESPONSE TO
#### "PRELIMINARY STATEMENT"

1.      Denies each and every allegation contained in the first sentence of

paragraph 1 of the Complaint. Merck denies each and every allegation contained in the second

sentence of paragraph 1 of the Complaint, except admits that there is a multidistrict litigation

("MDL") related to the prescription medicine Vioxx® ("Vioxx"), and that it has responded to

discovery in that MDL, and respectfully refers the Court to its discovery responses for its actual

language and full text. Merck denies each and every allegation contained in the third sentence of paragraph I of the Complaint, except admits that various class actions related to the prescription medicine Vioxx have been filed and are pending but denies that there is any legal or factual basis for class action relief. The allegations contained in the fourth, fifth, and sixth sentences of paragraph I of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the fourth, fifth, and sixth sentences of paragraph I of the Complaint.

### RESPONSE TO
### "PARTIES"

2.     Denies each and every allegation contained in paragraph II of the Complaint, including its subparts paragraphs 1-63, as it is without knowledge or information sufficient to form a belief as to the truth therein.

3.     Admits the allegation contained in paragraph III of the Complaint that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

### RESPONSE TO
### "JURISDICTION"

4.     The allegations contained in paragraph IV of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph IV of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiffs purport to state a claim in excess of $75,000, but denies that there is any legal or factual basis for such relief.

2

5.     The allegations contained in paragraph V of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph V of the Complaint.

**RESPONSE TO**
**"VENUE"**

6.     The allegations contained in paragraph VI of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph VI of the Complaint, except Merck admits that there is a MDL related to the prescription medicine Vioxx, and that the MDL Court has issued Pretrial Orders, and respectfully refers the Court to those Orders for their actual content and full effect.

**RESPONSE TO "GENERAL BACKGROUND AND OVERVIEW OF FACTS**
**COMMON TO ALL CLAIMS"**

7.     Denies each and every allegation contained in paragraph VII of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

8.     Denies each and every allegation in paragraph VIII of the Complaint, except admits that the U.S. Food & Drug Administration ("FDA") approved Vioxx as safe and effective for certain indicated uses subject to information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

3

9.      Admits the allegation contained in the first paragraph IX of the Complaint that Vioxx is a part of a class of drugs known as non-steroidal anti-inflammatory drugs ("NSAIDs").

10.      Denies each and every allegation contained in the first paragraph X of the Complaint, except admits that Vioxx is the brand name for rofecoxib and that the mechanism of action for Vioxx is believed to be due to the inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

11.      Denies each and every allegation contained in the first paragraph XI of the Complaint, except admits that the mechanism of action for Vioxx is believed to be due to the inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

12.      Denies each and every allegation contained in the first paragraph XII of the Complaint, except admits Vioxx reduces pain and inflammation and that that Vioxx has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen, which is a non-selective NSAID.

13.      Denies each and every allegation contained in the first paragraph XIII of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

14.      Denies each and every allegation contained in the second paragraph IX of the Complaint.

15.      Denies each and every allegation contained in the second paragraph X of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, manufactured, marketed, and

distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

16.    Denies each and every allegation contained in the second paragraph XI of the Complaint.

17.    Denies each and every allegation contained in the second paragraph XII of the Complaint, except admits that on September 30, 2004, Merck announced the voluntary worldwide withdrawal of Vioxx and respectfully refers the Court to the referenced announcement for its actual language and full text. Merck further avers that it announced on September 30, 2004 that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared to those taking placebo and that Merck concluded that given the availability of alternative therapies and questions raised from the data from that trial, Merck concluded that a voluntary worldwide withdrawal of Vioxx best served the interests of patients.

18.    Denies each and every allegation contained in the second paragraph XIII of the Complaint.

19.    The allegations contained in paragraph XIV of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph XIV of the Complaint.

20.    Denies each and every allegation contained in the first and second sentences of paragraph XV of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the third and fourth sentences of paragraph XV of the Complaint, and respectfully refers the Court to

5

the relevant FDA-approved prescribing information for Vioxx for its actual language and full text. Merck denies each and every allegation contained in the fifth, sixth, seventh, eighth, and ninth sentences of paragraph XV of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiffs purport to seek economic and other relief in excess of $75,000 but denies that there is any legal or factual basis for such relief.

21.     Denies each and every allegation contained in paragraph XVI of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

22.     Denies each and every allegation contained in paragraph XVII of the Complaint.

23.     Denies each and every allegation contained in paragraph XVIII of the Complaint.

24.     Denies each and every allegation contained in paragraph XIX of the Complaint.

25.     Denies each and every allegation contained in paragraph XX of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

26.     Denies each and every allegation contained in paragraph XXI of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

27.     Denies each and every allegation contained in paragraph XXII of the Complaint.

28.     Denies each and every allegation contained in paragraph XXIII of the Complaint, and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

### RESPONSE TO "DETAILED ALLEGATIONS REGARDING MERCK AND ITS DEVELOPMENT AND PROMOTION OF VIOXX"

29.     Denies each and every allegation in paragraph XXIV of the Complaint, except admits that Merck submitted a New Drug Application ("NDA") for Vioxx 12.5 mg and Vioxx 25 mg tablets on November 23, 1998 and respectfully refers the Court to said NDA for its actual language and full text.

30.     Denies each and every allegation in paragraph XXV of the Complaint, except admits that Merck submitted a NDA for Vioxx Oral Suspension on November 23, 1998 and respectfully refers the Court to said NDA for its actual language and full text.

31.     Denies each and every allegation contained in paragraph XXVI of the Complaint, except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and text.

32.     Denies each and every allegation contained in paragraph XXVII of the Complaint, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

7

33.    Denies each and every allegation contained in paragraph XXVIII of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

34.    Denies each and every allegation contained in paragraph XXIX of the Complaint, except admits that in March 2000 Merck forwarded to the FDA the Vioxx Gastrointestinal Outcomes Research ("VIGOR") study and subsequently, in June 2000, filed a supplemental New Drug Application ("sNDA") that included the VIGOR study.    Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.

35.    Denies each and every allegation contained in paragraph XXX of the Complaint, except admits that the referenced study exists and avers that a primary objective of the VIGOR study was to assess whether Vioxx would be associated with a lower incidence of confirmed, clinically important upper gastrointestinal events than naproxen. Merck respectfully refers the Court to the referenced study for its actual language and full text.

36.    Denies each and every allegation contained in paragraph XXXI of the Complaint, except admits that the studies referenced in the first sentence of paragraph XXXI of the Complaint and the article referenced in the second sentence of paragraph XXXI of the Complaint exist, and respectfully refers the Court to said publications for their actual language and full text. Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

37.    Denies each and every allegation contained in paragraph XXXII of the Complaint, except admits that Vioxx worldwide sales figures exceeded $2 billion in 2000.

8

38.     Denies each and every allegation contained in paragraph XXXIII of the Complaint, except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

39.     Denies each and every allegation contained in paragraph XXXIV of the Complaint, except admits the existence of the journal and the article contained therein, and respectfully refers the Court to the referenced document for its actual language and full text.

40.     Denies each and every allegation contained in paragraph XXXV of the Complaint, except admits that the studies referenced in paragraph XXXV of the Complaint exist, and respectfully refers the Court to said studies for their actual language and full text.

41.     Denies each and every allegation contained in paragraph XXXVI of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

42.     Denies each and every allegation contained in paragraph XXXVII of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

43.     Denies each and every allegation contained in paragraph XXXVIII of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

44.     Denies each and every allegation contained in paragraph XXXIX of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx

9

prescribing information, a so-called "Dear Doctor" letter and a Patient Information sheet, and respectfully refers the Court to the referenced prescribing information for Vioxx, "Dear Doctor" letter and Patient Information sheet for their actual language and full text.

45.     Denies each and every allegation contained in paragraph XL of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information, and respectfully refers the Court to the relevant prescribing information for Vioxx for its actual language and full text.

46.     Denies each and every allegation contained in paragraph XLI of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and a so-called "Dear Doctor" letter, and respectfully refers the Court to the referenced prescribing information for Vioxx and "Dear Doctor" letter for their actual language and full text.

47.     Denies each and every allegation contained in paragraph XLII of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and a Patient Information sheet, and respectfully refers the Court to the referenced prescribing information for Vioxx and Patient Information sheet for their actual language and full text.

48.     Denies each and every allegation contained in paragraph XLIII of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

49.     Denies each and every allegation contained in paragraph XLIV of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

10

50.     Denies each and every allegation contained in paragraph XLV of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

51.     Denies each and every allegation contained in paragraph XLVI of the Complaint, except admits that Plaintiffs purport to quote from Merck's 2001 Annual Report and respectfully refers the Court to said publication for its actual language and full text.

52.     Denies each and every allegation contained in paragraph XLVII of the Complaint, except admits that the referenced 8-K filing exists and respectfully refers the Court to said filing for its actual language and full text.

53.     Denies each and every allegation contained in paragraph XLVIII of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

### RESPONSE TO "COUNT I: PRODUCT LIABILITY: DEFECTIVE DESIGN (INCLUDING STRICT LIABILITY, L.A. R.S. 9:2800.56 AND/OR NJSA 2A:58C-2 ET SEQ.)"

54.     With respect the allegations contained in paragraph XLIX of the Complaint repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 53 of this Answer with the same force and effect as though set forth herein.

55.     Denies each and every allegation contained in paragraph L of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription

11

medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

56.   Denies each and every allegation contained in paragraph LI of the Complaint.

57.   Denies each and every allegation contained in paragraph LII of the Complaint.

58.   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph LIII of the Complaint, and denies each and every allegation directed toward Merck in paragraph LIII of the Complaint.

59.   Denies each and every allegation contained in paragraph LIV of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

60.   Denies each and every allegation contained in paragraph LV of the Complaint.

61.   Denies each and every allegation contained in paragraph LVI of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

62.   Denies each and every allegation contained in paragraph LVII of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

63.     The allegations contained in paragraph LVIII of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be required, Merck denies each and every allegation contained in paragraph LVIII of the Complaint.

64.     Denies each and every allegation contained in paragraph LIX of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

65.     Denies each and every allegation contained in paragraph LX of the Complaint.

### RESPONSE TO COUNT II: PRODUCT LIABILITY: FAILURE TO WARN (INCLUDING STRICT LIABILITY, LA. R.S. 9:2800.57 AND/OR NJSA 2A:58C-2 ET SEQ.)"

66.     With respect the allegations contained in paragraph LXI of the Complaint repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 65 of this Answer with the same force and effect as though set forth herein.

67.     The allegations contained in paragraph LXII of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be required, Merck denies each and every allegation contained in paragraph LXII of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers to the relevant legal standard, including any conflict of laws rules.  Merck further denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

68.     The allegations contained in paragraph LXIII of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be required, Merck denies each and every allegation contained in paragraph LXIII of the Complaint, and respectfully refers to the relevant legal standard, including any conflict of laws rules.

69.     Denies each and every allegation contained in paragraph LXIV of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

70.     Denies each and every allegation contained in paragraph LXV of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

71.     Denies each and every allegation contained in paragraph LXVI of the Complaint.

72.     Denies each and every allegation contained in paragraph LXVII of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

73.     Denies each and every allegation contained in paragraph LXVIII of the Complaint.

## RESPONSE TO "COUNT III: BREACH OF IMPLIED WARRANTY; REDHIBITION"

74.     With respect the allegations contained in paragraph LXIX of the Complaint repeats and realleges each and every admission, denial, averment, and statement

contained in paragraphs 1 through 73 of this Answer with the same force and effect as though set forth herein.

75.     Denies each and every allegation contained in paragraph LXX of the Complaint.

76.     The allegations contained in paragraph LXXI of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be required, Merck denies each and every allegation contained in paragraph LXXI of the Complaint, and respectfully refers to the relevant legal standard, including any conflict of laws rules.

77.     Denies each and every allegation contained in paragraph LXXII of the Complaint.

78.     Denies each and every allegation contained in paragraph LXXIII of the Complaint.

79.     Denies each and every allegation contained in paragraph LXXIV of the Complaint.

80.     The allegations contained in paragraph LXXV of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be required, Merck denies each and every allegation contained in paragraph LXXV of the Complaint.

81.     Denies each and every allegation contained in paragraph LXXVI of the Complaint, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO "COUNT IV: NEW JERSEY CONSUMER FRAUD ACT (N.J.S.A. 56:8-2 ET SEQ.) (AND/OR OTHER APPLICABLE STATUTORY REMEDIES)"

82.     With respect the allegations contained in paragraph LXXVII of the Complaint repeats and realleges each and every admission, denial, averment, and statement

contained in paragraphs 1 through 81 of this Answer with the same force and effect as though set forth herein.

83.     The allegations contained in paragraph LXXVIII are legal conclusions as to which no responsive pleading is required.  Should a responsive pleading be required, Merck denies each and every allegation contained in paragraph LXXVIII of the Complaint, and respectfully refers to the relevant legal standard, including any conflict of laws rules.

84.     Denies each and every allegation contained in paragraph LXXIX of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

85.     The allegations contained in paragraph LXXX are legal conclusions as to which no responsive pleading is required.  Should a responsive pleading be required, Merck denies each and every allegation contained in paragraph LXXX of the Complaint, and respectfully refers to the relevant legal standard, including any conflict of laws rules.

86.     Denies each and every allegation contained in paragraph LXXXI of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

87.     Denies each and every allegation contained in paragraph LXXXII of the Complaint.

88.     Denies each and every allegation contained in paragraph LXXXIII of the Complaint.

89.     Denies each and every allegation contained in paragraph LXXXIV of the Complaint.

16

90.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph LXXXV of the Complaint, and denies each and every allegation directed toward Merck in paragraph LXXXV of the Complaint.

91.     The allegations contained in paragraph LXXXVI are legal conclusions as to which no responsive pleading is required.  Should a responsive pleading be required, Merck denies each and every allegation contained in paragraph LXXXVI of the Complaint.

92.     Denies each and every allegation contained in paragraph LXXXVII of the Complaint.

93.     Denies each and every allegation contained in paragraph LXXXVIII of the Complaint.

94.     Denies each and every allegation contained in paragraph LXXXIX of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

95.     Denies each and every allegation contained in paragraph XC of the Complaint.

96.     Denies each and every allegation contained in paragraph XCI of the Complaint.

97.     The allegations contained in paragraph XCII are legal conclusions as to which no responsive pleading is required.  Should a responsive pleading be required, Merck denies each and every allegation contained in paragraph XCII of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

17

98.     Denies each and every allegation contained in paragraph XCIII of the Complaint.

99.     Denies each and every allegation contained in paragraph XCIV of the Complaint.

100.    Denies each and every allegation contained in paragraph XCV of the Complaint, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "COUNT V: NEGLIGENCE"

101.    With respect the allegations contained in paragraph XCVI of the Complaint repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 100 of this Answer with the same force and effect as though set forth herein.

102.    The allegations contained in paragraph XCVII are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

103.    Denies each and every allegation contained in paragraph XCVIII of the Complaint, including its subparts (a) through (p), except admits that Merck manufactured, marketed, and distributed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

104.    Denies each and every allegation contained in paragraph XCIX of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

105.    Denies each and every allegation contained in paragraph C of the Complaint.

106.    Denies each and every allegation contained in paragraph CI of the Complaint.

107.    Denies each and every allegation contained in paragraph CII of the Complaint.

108.    Denies each and every allegation contained in paragraph CIII of the Complaint.

### RESPONSE TO
### "DAMAGES"

109.    Denies each and every allegation contained in paragraph CIV of the Complaint, including its subparts A through R.

110.    Denies each and every allegation contained in paragraph CV of the Complaint, except admits that Plaintiffs purport to seek exemplary and punitive damages but denies that there is any legal or factual basis for such relief.

111.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph CVI of the Complaint, and denies each and every allegation directed toward Merck in paragraph CVI of the Complaint.except admits that Plaintiffs purport to seek medical monitoring relief but denies that there is any legal or factual basis for such relief.

112. Denies each and every allegation contained in paragraph CVII of the Complaint, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "JURY DEMAND"

113. The allegations contained in the unnumbered paragraph under the heading "Jury Demand" are legal conclusions to which no responsive pleading is required.

## RESPONSE TO
## "PRAYER FOR RELIEF"

114. The allegations contained in the unnumbered "Wherefore" paragraph under the heading "Prayer for Relief" constitutes a prayer for relief as to which no response should be required. Should a response be required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

115. The claims of Plaintiffs may be time-barred, in whole or in part, under prescription, peremption, statutes of repose, applicable federal or state statute of limitations, or are otherwise untimely.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

116. The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

117.   The claims of the Plaintiffs may be barred, in whole or in part, from recovery because they have made statements or taken actions that preclude them from asserting claims or constitute a waiver of their claims.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

118.   The claims of the Plaintiffs may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

119.   Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

120.   If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were cause in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

121.   To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

122.    To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs and/or Decedents directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

123.    If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs and/or Decedents knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

124.    If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A ELEVENTH
## DEFENSE, MERCK ALLEGES:

125.    If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' and/or Decedents' misuse or abuse of Vioxx.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

126. If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' and/or Decedents' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

127. To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

128. To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under applicable state law.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

129. To the extent that Plaintiffs assert claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiffs to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

130.    Plaintiffs' claims are barred, in whole or in part, under the applicable state

law because Vioxx was subject to and received pre-market approval by the Food and Drug

Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

131.    The claims of Plaintiffs are barred in whole or in part by the First

Amendment of the Constitution of the United States of America and comparable state law

provisions.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

132.    Plaintiffs' claims are barred in whole or in part because the product at

issue conformed to the state-of-the-art for the design and manufacture of such, or similar,

products at the time it was manufactured.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

133.    There is no practical or technically feasible alternative design that would

have reduced the alleged risk without substantially impairing the reasonably anticipated and

intended function of Vioxx.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

134.    This case is more appropriately brought in a different venue.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

135.    Venue in this case is improper.

24

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

136.    The claims of Plaintiffs may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

137.    The claims of Plaintiffs may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

138.    The claims of Plaintiffs may be barred, in whole or in part, from recovery by release as to their claims.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

139.    The claims of Plaintiffs may be barred, in whole and in part, by the doctrine of laches.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

140.    The claims of Plaintiffs are barred, in whole or in part, by their failure to mitigate damages.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

141.    To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave

rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

### AS FOR A TWENTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

142.  The claims of Plaintiffs may be barred, in whole or in part, from recovery, due to spoliation of evidence.

### AS FOR A THIRTY-NINTH
### DEFENSE, MERCK ALLEGES:

143.  The claims of Plaintiffs may be barred, in whole or in part, by the governing state laws.

### AS FOR A THIRTIETH
### DEFENSE, MERCK ALLEGES:

144.  Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

### AS FOR A THIRTY-FIRST
### DEFENSE, MERCK ALLEGES:

145.  Plaintiffs have not sustained any injury or damages compensable at law.

### AS FOR A THIRTY-SECOND
### DEFENSE, MERCK ALLEGES:

146.  Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiffs' failure to provide it with due process of law.

### AS FOR A THIRTY-THIRD
### DEFENSE, MERCK ALLEGES:

147.  Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

148.    Plaintiffs' claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

149.    Plaintiffs' claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

150.    Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

151.    To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

152.    The Plaintiffs and/or Decedents were careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages, or losses to Plaintiffs and/or Decedents.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

153.    To the extent that Plaintiffs assert claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

154.    To the extent that Plaintiffs assert claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to their claims, Plaintiffs have failed to allege facts that would overcome the defenses available under that state products liability law.

## AS FOR A FORTY-FIRST
## DEFENSE, MERCK ALLEGES:

155.    To the extent that Plaintiffs allege a conspiracy claim, that claim is barred because Merck did not enter into any agreement with any other defendant or third party to further any alleged unlawful act by allegedly unlawful means.

## AS FOR A FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

156.    To the extent that Plaintiffs allege a negligence per se claim, that claim is barred on the grounds that such claims are not cognizable against Merck in this action.

## AS FOR A FORTY-THIRD
## DEFENSE, MERCK ALLEGES:

157.    To the extent that Plaintiffs seek injunctive relief, that claim is barred by the doctrine of primary jurisdiction.

## AS FOR A FORTY-FOURTH
## DEFENSE, MERCK ALLEGES:

158.    To the extent Plaintiffs seek to recover only economic loss in tort, their claims are barred by the economic loss doctrine.

## AS FOR A FORTY-FIFTH
## DEFENSE, MERCK ALLEGES:

159.    Plaintiffs' claims are barred, in whole or in part, because one or more Plaintiffs lack capacity and/or standing to bring such claims.

## AS FOR A FORTY-SIXTH
## DEFENSE, MERCK ALLEGES:

160.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A FORTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

161.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A FORTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

162.    To the extent that Plaintiffs seek punitive damages, that demand is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FORTY-NINTH
## DEFENSE, MERCK ALLEGES:

163.    Merck demands a trial by jury of all issues.

## AS FOR A FIFTIETH
## DEFENSE, MERCK ALLEGES:

164.    Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

## AS FOR A FIFTY-FIRST
## DEFENSE, MERCK ALLEGES:

165.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A FIFTY-SECOND
## DEFENSE, MERCK ALLEGES:

166.    Merck incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action.  Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding or trial in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

## AS FOR A FIFTY-THIRD
## DEFENSE, MERCK ALLEGES:

167.    Plaintiffs' claims are not suitable for joinder.

## AS FOR A FIFTY-FOURTH
## DEFENSE, MERCK ALLEGES:

168.    To the extent that Plaintiffs assert claims against Merck based on theories of liability not provided for in the Louisiana Products Liability Act, those claims are barred.  La. Rev. Stat. § 9:2800.51, et seq.

## AS FOR A FIFTY-FIFTH
## DEFENSE, MERCK ALLEGES:

169.    To the extent that Plaintiffs assert claims against Merck based on theories of liability or elements of damages provided in the Louisiana Products Liability Act, Plaintiffs have failed to allege facts that would overcome the defenses available under the Louisiana Products Liability Act.  La. Rev. Stat. § 9:2800.59(A).

## AS FOR A FIFTY-SIXTH
## DEFENSE, MERCK ALLEGES:

170.    To the extent Plaintiffs seek recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in the action under New Jersey Stat. Ann. 2A:15-97.

## AS FOR A FIFTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

171.    Merck asserts all defenses available to it pursuant to the New Jersey Product Liability Act, New Jersey Stat. Ann. 2A:58C-1, *et seq.*

## AS FOR A FIFTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

172.    Plaintiffs are barred from recovery and/or Plaintiffs' recovery is limited pursuant to the Comparative Negligence Act, New Jersey Stat. Ann. 2A:15-5.1, *et seq.*

## AS FOR A FIFTY-NINTH
## DEFENSE, MERCK ALLEGES:

173.   Merck denies any liability on its part, but if Merck is ultimately found liable to Plaintiff, then it shall only be liable for its equitable share of Plaintiffs' recovery since any liability which would be found against it will be insufficient to impose joint liability.  In the alternative, the liability, if any, of Merck is limited by and pursuant to the New Jersey Joint Tortfeasor Contribution Act, New Jersey Stat. Ann. 2A:53A-1, *et seq*.

## AS FOR A SIXTIETH
## DEFENSE, MERCK ALLEGES:

174.   Merck has complied with requirements promulgated by and under federal law, and the product at issue, Vioxx, was approved pursuant to the applicable federal statutes and regulations.  Such federal regulations and statutes preempt the Plaintiff's claims under state law, and, pursuant to Fla. Stat. § 768.1256 creates a statutory presumption that Vioxx is not defective or unreasonably dangerous and that Merck is not liable.

## AS FOR A SIXTY-FIRST
## DEFENSE, MERCK ALLEGES:

175.   Plaintiffs' Complaint fails to state a claim for unlawful conduct under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 *et seq*. ("DUTPA"), because the Florida DUTPA does not apply to a claim for personal injury or death.

## AS FOR A SIXTY-SECOND
## DEFENSE, MERCK ALLEGES:

176.   Merck pleads all defenses available to it where applicable under the Arkansas Products Liability Act of 1979.

## AS FOR A SIXTY-THIRD
## DEFENSE, MERCK ALLEGES:

177.    Merck further states that any warnings which were given were transmitted to the prescribing health care provider, and that under Texas law, Merck's only obligation is to warn the prescribing health care provider and said obligation was fulfilled.

## AS FOR A SIXTY-FOURTH
## DEFENSE, MERCK ALLEGES:

178.    If Plaintiffs and/or Decedents sustained the injuries and damages alleged in the Petition, such injuries resulted, in whole or in part, from the culpable conduct and negligence of Plaintiffs, Decedents, and/or of third parties, not from any negligence or breach of duty by Merck.  If judgment is rendered in Plaintiffs' favor, the amount of such judgment must be reduced pursuant to the Proportionate Responsibility Statute § 33.001, *et seq.* of the Texas Civil Practice & Remedies Code.

## AS FOR A SIXTY-FIFTH
## DEFENSE, MERCK ALLEGES:

179.    Merck is unaware at this time of any settlements by any alleged joint tortfeasor.  In the event any settlement is or has been made by any alleged joint tortfeasor, however, then Merck is entitled to a full credit, offset, pro rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling party, person, or other entity herein, and Merck makes known to the other parties and to the court that it will avail itself of its rights under §§ 33.012 *et seq.* of the Texas Civil Practice & Remedies Code.

33

## AS FOR A SIXTY-SIXTH
## DEFENSE, MERCK ALLEGES:

180.    Merck fully asserts § 82.001 and § 82.007 of the Texas Civil Practice and Remedies Code and states that all of Plaintiffs' claims are barred under those sections.

## AS FOR A SIXTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

181.    Any claims for exemplary damages are limited by Section 41.008 of the Texas Civil Practice and Remedies Code to two times the amount of actual damages or $200,000, whichever is greater.  Merck asserts all other defenses and limitations on punitive damages contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

## AS FOR A SIXTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

182.    Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate Merck's rights under Amendments IV, V, VI and XIV of the United States Constitution and under Sections 9, 10, 14 and 19 of Article I of the Texas Constitution.

## AS FOR A SIXTY-NINTH
## DEFENSE, MERCK ALLEGES:

183.    Unless Merck's liability for punitive damages and the appropriate amount of punitive damages are each required to be established by clear and convincing evidence under Texas law, any awards of punitive damages would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## AS FOR A SEVENTIETH
## DEFENSE, MERCK ALLEGES:

184.    Any claims for punitive damages against Merck cannot be sustained, because any award of punitive damages under Texas law without bifurcating the trial as to all punitive damages issues would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## AS FOR A SEVENTY-FIRST
## DEFENSE, MERCK ALLEGES:

185.    Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law subject to no pre-determined limit, either a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## AS FOR A SEVENTY-SECOND
## DEFENSE, MERCK ALLEGES:

186.    Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law by a jury that:

(1)    is not provided any standard of sufficient clarity for determining the appropriateness, or the appropriate size of any punitive damages award;

(2)    is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment;

35

(3)     is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics;

(4)     is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and

(5)     is not subject to judicial review on the basis of objective standards, would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## AS FOR A SEVENTY-THIRD
## DEFENSE, MERCK ALLEGES:

187.     Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law for the purpose of compensating Plaintiffs for elements of damages not otherwise recognized by Texas law would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## AS FOR A SEVENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

188.     Merck asserts that the determination of the amount of punitive damages, if any, shall be bifurcated from the remaining issues pursuant to *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

## AS FOR A SEVENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

189.    Vioxx is a prescription pharmaceutical that was available only upon the prescription of a licensed physician, and persons other than Merck, including Plaintiffs' and/or Decedents' treating physicians and health care personnel and institutions, stood in the position of learned intermediaries between Merck and Plaintiffs and/or Decedents.   Any claims against Merck accordingly are barred in whole or in part by the learned intermediary doctrine.

## AS FOR A SEVENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

190.    The imposition of punitive damages violates the open courts provision of the Texas Constitution.

## AS FOR A SEVENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

191.    Plaintiffs' claims under New York General Business Law § 349 are barred by reason of Plaintiffs' failure to allege sufficient facts identifying any statement or misrepresentation alleged to constitute a deceptive act or practice and their failure to sufficiently plead causation or reliance.

## AS FOR A SEVENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

192.    To the extent Plaintiffs' claims under New York General Business Law § 349 are based on conduct that took place outside the state of New York, the claims are barred.

## AS FOR A SEVENTY-NINTH
## DEFENSE, MERCK ALLEGES:

193.    Plaintiffs' claims under New York General Business Law § 350 are barred by reason of Plaintiffs' failure to allege sufficient facts identifying any statement or

misrepresentation alleged to constitute false advertising and their failure to sufficiently plead causation or reliance.

## AS FOR AN EIGHTIETH
## DEFENSE, MERCK ALLEGES:

194.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission manifested a flagrant disregard of the safety of persons who might be harmed by the product in question, as required by Ohio Rev. Code § 2307.80.

## AS FOR AN EIGHTY-FIRST
## DEFENSE, MERCK ALLEGES:

195.    If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, Plaintiff's claims for damages for such injuries or losses are barred to the extent they were proximately caused by Plaintiffs' and/or Decedents' use of Vioxx which was contrary to the express and adequate instructions or warnings delivered with the product.

## AS FOR AN EIGHTY-SECOND
## DEFENSE, MERCK ALLEGES:

196.    There is no safer, practical or technically feasible, or otherwise reasonable alternative design or formulation that would have reduced the alleged risk without substantially impairing the usefulness, practicality, desirability, or reasonably anticipated and intended function of Vioxx.

## AS FOR AN EIGHTY-THIRD
## DEFENSE, MERCK ALLEGES:

197.    Plaintiffs' wrongful death claims are expressly barred by the provisions of N.C. Gen. Stat. § 1-53(4) as this action has been commenced more than two years after the alleged date of the decedent's death.

## AS FOR AN EIGHTY-FOURTH
## DEFENSE, MERCK ALLEGES:

198. If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of allegedly injured Plaintiffs and/or Decedents to a sufficient degree to bar any recovery.

## AS FOR AN EIGHTY-FIFTH
## DEFENSE, MERCK ALLEGES:

199. Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative negligence.

## AS FOR AN EIGHTY-SIXTH
## DEFENSE, MERCK ALLEGES:

200. Plaintiffs' claim for punitive damages contravenes Nebraska Constitution Article VII § 5 and are, therefore, not recoverable in this action. *Miller v. Kingsley*, 194 Neb. 123, 230 N.W.2d 472 (1975).

## AS FOR AN EIGHTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

201. Plaintiffs' claim for attorney's fees is barred as there is no Nebraska statute authorizing such an award.

## AS FOR AN EIGHTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

202. Plaintiffs' claims under the Nebraska Deceptive Trade Practices Act are barred in whole or in part because Merck's conduct and all activities with respect to the subject pharmaceutical product manufactured or distributed by Merck were lawful, fair, truthful, not misleading or deceptive, and were justified based on the state of medical and scientific knowledge available during the relevant time period.

**AS FOR AN EIGHTY-NINTH**
**DEFENSE, MERCK ALLEGES:**

203.    Plaintiffs' claims under the Nebraska Deceptive Trade Practices Act are barred in whole or in part because all of Merck's activities as alleged in the Complaint were in compliance with the applicable laws, regulations, and rules, and thus cannot be deemed unlawful, unfair, fraudulent, deceptive, untrue, or misleading.

**AS FOR A NINETIETH**
**DEFENSE, MERCK ALLEGES:**

204.    Plaintiffs' claims under the Nebraska Deceptive Trade Practices Act are barred in whole or in part because no Plaintiff qualifies as a private attorney general, and for that reason and others, Plaintiffs lack standing to prosecute a claim for injunctive or monetary relief.

**AS FOR A NINETY-FIRST**
**DEFENSE, MERCK ALLEGES:**

205.    Plaintiffs' claims under the Nebraska Deceptive Trade Practices Act are barred, in whole or in part, because there is no basis for injunctive relief in this action.

**AS FOR A NINETY-SECOND**
**DEFENSE, MERCK ALLEGES:**

206.    Plaintiffs' claims under the Nebraska Deceptive Trade Practices Act are barred, in whole or in part, by the doctrine of primary jurisdiction in that the subject pharmaceutical product manufactured or distributed by Merck and any advertisement regarding such product are regulated by the Food and Drug Administration and as such, Merck requests that this Court, sitting in equity, abstain from hearing claims under the Nebraska Deceptive Trade Practices Act.

## AS FOR A NINETY-THIRD
## DEFENSE, MERCK ALLEGES:

207.     Plaintiffs are not entitled to relief under the Nebraska Deceptive Trade

Practices Act because Plaintiffs have an adequate remedy at law.

## AS FOR A NINETY-FOURTH
## DEFENSE, MERCK ALLEGES:

208.     Plaintiffs' claims under the Nebraska Deceptive Trade Practices Act are

barred, in whole or in part, under principles of substantive and procedural due process.

## AS FOR A NINETY-FIFTH
## DEFENSE, MERCK ALLEGES:

209.     The provisions of California Civil Code § 1431.2 are applicable to the

Complaint and each cause of action therein.

## AS FOR A NINETY-SIXTH
## DEFENSE, MERCK ALLEGES:

210.     Plaintiffs' claims are barred in whole or in part by the applicable statutes

of limitations, including but not limited to California Code of Civil Procedure §§ 335.1 and 338

and former § 340(3), California Business and Professions Code § 17208, and California Civil

Code § 1783.

## AS FOR A NINETY-SEVENTH
## DEFENSE, MERCK ALLEGES:

211.     The subject pharmaceutical product manufactured or distributed by Merck

has at all relevant times been available only upon the prescription of a licensed physician, and

Plaintiffs' and/or Decedents' prescribing physicians stood in the position of the learned

intermediaries between Merck and Plaintiffs and/or Decedents.  To the extent that Plaintiffs

assert claims based on an alleged failure by Merck to warn Plaintiffs and/or Decedents directly

of alleged dangers associated with the use of the subject pharmaceutical product manufactured or

41

distributed by Merck, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physicians, under the learned intermediary doctrine.

**AS FOR A NINETY-EIGHTH
DEFENSE, MERCK ALLEGES:**

212.   Merck alleges that if Plaintiffs and/or Decedents have sustained injury or loss as alleged in the Complaint, such injury or loss may have been caused by parties other than Merck, or third persons not parties to this action, who may have been negligent, legally responsible, or otherwise at fault.  In the event of a finding of liability in favor of Plaintiffs, a settlement, or a judgment against Merck, Merck requests an apportionment of fault among all parties and third persons as permitted by *Li v. Yellow Cab Company*, 532 P.2d 1226 (Cal. 1975), and *America Motorcycle Association v. Superior Court*, 578 P.2d 899 (Cal. 1978).  Merck also requests a judgment and declaration of partial indemnification and contribution against all other parties or third persons in accordance with the apportionment of fault.

**AS FOR A NINETY-NINTH
DEFENSE, MERCK ALLEGES:**

213.   The Plaintiffs' claims are barred in whole or in part by the First Amendment of the United States Constitution and similar provisions in the Constitution of the State of California which protect, among other things, the Defendant's right to promote and advertise the subject pharmaceutical product.

**AS FOR A HUNDREDTH
DEFENSE, MERCK ALLEGES:**

214.   To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was oppressive, fraudulent, or malicious, under California Civil Code § 3294, and therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code § 3294(b).

42

## AS FOR A HUNDRED AND FIRST
## DEFENSE, MERCK ALLEGES:

215.   Plaintiffs' claims under Business and Professions Code §§ 17200, *et seq.*
and 17500, *et seq.* are barred in whole or in part because Merck's conduct and all activities with
respect to the subject pharmaceutical product manufactured or distributed by Merck were lawful,
fair, truthful, not misleading or deceptive, and were justified based on the state of medical and
scientific knowledge available during the relevant time period.

## AS FOR A HUNDRED AND SECOND
## DEFENSE, MERCK ALLEGES:

216.   Plaintiffs' claims under Business and Professions Code §§ 17200, *et seq.*
and 17500, *et seq.* are barred in whole or in part because all of Merck's activities as alleged in
the Complaint were in compliance with the applicable laws, regulations, and rules, and thus
cannot be deemed unlawful, unfair, fraudulent, deceptive, untrue, or misleading.

## AS FOR A HUNDRED AND THIRD
## DEFENSE, MERCK ALLEGES:

217.   Plaintiffs' claims under Business and Professions Code §§ 17200, *et seq.*
and 17500, *et seq.* are barred in whole or in part because Plaintiff does not qualify as a private
attorney general, and for that reason and others, Plaintiff lacks standing to prosecute a claim for
injunctive or monetary relief.

## AS FOR A HUNDRED AND FOURTH
## DEFENSE, MERCK ALLEGES:

218.   Plaintiffs' claims under Business and Professions Code §§ 17200, *et seq.*
and 17500, *et seq.* are barred in whole or in part because there is no basis for injunctive relief in
this action.

## AS FOR A HUNDRED AND FIFTH
## DEFENSE, MERCK ALLEGES:

219.    Plaintiffs' claims under Business and Professions Code §§ 17200, *et seq.*
and 17500, *et seq.* are barred in whole or in part by the doctrine of primary jurisdiction in that the
subject pharmaceutical product manufactured or distributed by Merck and any advertisement
regarding such product are regulated by the FDA and as such, Merck requests that this Court,
sitting in equity, abstain from hearing claims under Sections 17200 *et seq.* and 17500 *et seq.*

## AS FOR A HUNDRED AND SIXTH
## DEFENSE, MERCK ALLEGES:

220.    Plaintiffs are not entitled to relief under Business and Professions Code §§
17200, *et seq.* and 17500 *et seq.* because Plaintiffs have an adequate remedy at law.

## AS FOR A HUNDRED AND SEVENTH
## DEFENSE, MERCK ALLEGES:

221.    Plaintiffs' claims under Business and Professions Code §§ 17200, *et seq.*
and 17500, *et seq.* are barred in whole or in part under principles of substantive and procedural
due process.

## AS FOR A HUNDRED AND EIGHTH
## DEFENSE, MERCK ALLEGES:

222.    To the extent Plaintiff seeks recovery for benefits entitled to be received or
actually received from any other source for injuries alleged in the Complaint, such benefits are
not recoverable in this action under Tennessee law.

## AS FOR A HUNDRED AND NINTH
## DEFENSE, MERCK ALLEGES:

223.    Plaintiffs' claims are barred because Vioxx was not defective nor
unreasonably dangerous in its design, manufacture or marketing and was at times reasonably safe
and reasonably fit for its intended use, thereby barring Plaintiffs' recovery pursuant to the

Tennessee Product Liability Act, Tennessee Code Ann. § 29-28-101 *et seq.*  The warnings and instructions accompanying the product at issue at the time of the occurrence or injuries alleged by Plaintiffs were legally adequate warnings and instructions.

## AS FOR A HUNDRED AND TENTH
## DEFENSE, MERCK ALLEGES:

224.  Any warnings that Merck gave were transmitted to the prescribing physicians and/or health-care providers and, under Tennessee law, Merck's only obligation is to warn the prescribing physician and/or health-care providers and said obligation was fulfilled.

## AS FOR A HUNDRED AND ELEVENTH
## DEFENSE, MERCK ALLEGES:

225.  Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured, barring Plaintiffs' recovery pursuant to the Tennessee Product Liability Act, Tennessee Code Ann. § 29-28-101 *et seq.*

## AS FOR A HUNDRED AND TWELFTH
## DEFENSE, MERCK ALLEGES:

226.  If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' and/or Decedents' misuse or abuse of Vioxx, failure to use the product properly, and/or alteration or negligent use of the product, thereby barring recovery pursuant to the Tennessee Product Liability Act, Tennessee Code Ann. § 29-28-101 *et seq.*

## AS FOR A HUNDRED AND THIRTEENTH
## DEFENSE, MERCK ALLEGES:

227.    To the extent the Plaintiffs' claims are based upon any theory of product liability, said claims are barred or limited by Tennessee's Product Liability Act, Tennessee Code Ann. §29-28-101 *et seq.*, and Merck affirmatively asserts all defenses available therein.

## AS FOR A HUNDRED AND FOURTEENTH
## DEFENSE, MERCK ALLEGES:

228.    The Complaint fails to state an amount for which Plaintiffs sue as required by the Tennessee Product Liability Act of 1978, Tennessee Code Ann. § 29-11-101 *et seq.*, thereby barring Plaintiffs' recovery.

## AS FOR A HUNDRED AND FIFTEENTH
## DEFENSE, MERCK ALLEGES:

229.    The conduct and activities of Merck with respect to the product which is the subject matter of this action were fair and truthful based upon the state of the knowledge existing at the relevant time alleged in the Plaintiffs' Complaint, and therefore, Plaintiffs' claims under the Tennessee Consumer Protection Act, Tennessee Code Ann. § 47-18-101, *et seq.* ("TCPA") are barred.

## AS FOR A HUNDRED AND SIXTEENTH
## DEFENSE, MERCK ALLEGES:

230.    Plaintiffs' claims under the TCPA are frivolous, without legal or factual merit, and/or have been brought solely for the purpose of harassment, and under Tennessee Code Ann. § 47-18-109, Merck is entitled to indemnification for its resulting damages, including reasonable attorney's fees and costs.

## AS FOR A HUNDRED AND SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

231.   Plaintiffs' Complaint fails to state a claim for unlawful conduct under the TCPA, because Merck completely complied with applicable law in the marketing and sale of Vioxx.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.   That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' Complaint with prejudice against Merck with costs assessed to Plaintiffs;

2.   Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.   Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated: January 8 , 2007.

Respectfully submitted,

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
             Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
     Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

    I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL No. 1657, on this 4th day of January, 2007.