IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

In re:  VIOXX       *   MDL No 1657
    Products Liability Litigation   *
            *    SECTION:  L
            *
            *    JUDGE ELDON E. FALLON
            *
            *    MAGISTRATE JUDGE
            *    DANIEL E. KNOWLES, III
            *

* * * ***********************************

**THIS DOCUMENT RELATES TO:**  *Leonard S. Robb et al v. Merck & Co., Inc.*, No 06-10314, previously filed as 1:06cv00121 in the District of Utah, Central Division.

<u>**AMENDED ANSWER OF DEFENDANT MERCK & CO., INC.**</u>

   Defendant Merck & Co., Inc. ("Merck"), by its undersigned counsel, hereby files its First Amended Answer to Plaintiffs' complaint ("Complaint") as follows:

**RESPONSE TO INTRODUCTION**

   Merck denies each and every allegation set forth in the introduction of the Complaint and avers that Merck sought and received the approval of the United States Food and Drug Administration ("FDA") to manufacture and market the prescription medicine Vioxx and, until the voluntary withdrawal of Vioxx from the worldwide market on September 30, 2004, did market Vioxx for the indicated uses set out in the relevant FDA approved prescribing information and that Merck manufactured, marketed and distributed the prescription medicine Vioxx.  Merck respectfully refers the Court to the relevant FDA approved prescribing information for Vioxx for its indicated uses and full text.

**RESPONSE TO GENERAL ALLEGATIONS**

1.      Merck lacks information and knowledge sufficient to either admit or deny the allegations set forth in paragraph 1 of the Complaint except admits that plaintiffs purport to bring an action against Merck seeking certain relief but denies that there is any legal or factual basis for the same and further denies that plaintiffs are entitled to the relief sought.

2.      Merck denies each and every allegation set forth in paragraph 2 of the Complaint.

**RESPONSE TO VENUE AND JURISDICTION**

3.      The allegations in paragraph 3 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is deemed required, Merck denies each and every allegation in paragraph 3 of the Complaint.

4.      The allegations in paragraph 4 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is deemed required, Merck denies each and every allegation in paragraph 4 of the Complaint.

5.      The allegations in paragraph 5 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is deemed required, Merck denies each and every allegation in paragraph 5 of the Complaint.

6.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 6 of the Complaint and on that basis, denies the same.

7.      Merck denies each and every allegation set forth in paragraph 7 of the Complaint.

8.      Merck denies each and every allegation set forth in paragraph 8 of the Complaint except admits that plaintiffs purport to bring an action against Merck seeking certain relief but

846877v.1

denies that there is any legal or factual basis for the same and further denies that plaintiffs are entitled to the relief sought.

9.      Merck denies each and every allegation in paragraph 9 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further lacks knowledge or information sufficient to form a belief as to the truth or falsity of whether Plaintiffs ingested Vioxx and on that basis, denies the same.

10.      Merck denies each and every allegation in paragraph 10 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

11.      Merck denies each and every allegation in paragraph 11 of the Complaint except admits that its principal place of business is at One Merck Drive, Whitehouse Station, New Jersey and avers that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health and that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until its voluntarily withdrawal of Vioxx from the worldwide market on September 30, 2004.

**RESPONSE TO FACTUAL ALLEGATIONS**

12.      Merck denies each and every allegation set forth in paragraph 12 of the Complaint except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

846877v.1

13.     Merck denies each and every allegation in paragraph 13 of the Complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

14.     Merck denies each and every allegation set forth in the first sentence of paragraph 15 of the Complaint except admits that Vioxx is the brand name for rofecoxib.  Merck denies each and every allegation set forth in the second sentence of paragraph 14 of the Complaint except admits Vioxx is part of a class of drugs known as NSAIDs which reduce pain and inflammation.  Merck denies each and every allegation set forth in the third sentence of paragraph 14 of the Complaint except admits that Merck marketed the prescription medication Vioxx which was approved by the FDA as safe and effective for certain indicated uses in a manner consistent with the information set forth in the relevant FDA-approved prescribing information until its voluntarily withdrawal of Vioxx from the worldwide market on September 30, 2004.

15.     Merck denies each and every allegation set forth in paragraph 15 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx which reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cycooxygenase-2 (COX-2).

16.     Merck denies each and every allegation set forth in paragraph 16 of the Complaint except admits that Merck marketed the prescription medication Vioxx.

17.     The allegations set forth in the first, second and third sentences of paragraph 17 of the Complaint are not directed toward Merck and therefore no responsive pleading is required. Merck denies each and every allegation set forth in the fourth and fifth sentences of paragraph 17 of the Complaint except admits that Merck sought and received FDA approval to manufacture and market Vioxx.

18.     Merck denies each and every allegation set forth in paragraph 18 of the Complaint.

19.     Merck denies each and every allegation set forth in paragraph 19 of the Complaint.

20.     Merck denies each and every allegation contained in paragraph 20 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck employed professional representatives to have product discussions concerning Vioxx with health care professionals.

21.     Merck denies each and every allegation set forth in paragraph 21 of the Complaint.

22.     Merck denies each and every allegation set forth in paragraph 22 of the Complaint.

23.     Merck denies each and every allegation contained in paragraph 23 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription

medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

24.     Merck admits the allegations in paragraph 24 of the Complaint.

25.     Merck denies each and every allegation set forth in paragraph 25 of the Complaint.

26.     Merck denies each and every allegation set forth in paragraph 26 of the Complaint.

27.     Merck denies each and every allegation set forth in paragraph 27 of the Complaint.

28.     Merck denies each and every allegation set forth in paragraph 28 of the Complaint.

29.     Merck denies each and every allegation set forth in paragraph 29 of the Complaint except admits that Plaintiffs purport to quote the referenced email, but Merck avers that said quote is taken out of context.

30.     Merck denies each and every allegation set forth in paragraph 30 of the Complaint except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

31.     Merck denies each and every allegation contained in paragraph 31 of the Complaint except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

32.     Merck denies each and every allegation set forth in paragraph 32 of the Complaint.

33.     Merck denies each and every allegation set forth in paragraph 33 of the Complaint.

34.     Merck denies each and every allegation set forth in paragraph 34 of the Complaint.

35.     Merck denies each and every allegation contained in paragraph 35 of the Complaint except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

36.     Merck denies each and every allegation set forth in paragraph 36 of the Complaint except admits that in September 2001 Merck received a letter from Thomas W. Abrams of DDMAC, from which plaintiffs purport to quote, and respectfully refers the Court to that letter for its actual language and full text.

37.     Merck denies each and every allegation contained in paragraph 37 of the Complaint except admits the existence of the journal, the article contained therein, and that the plaintiffs appear to have accurately quoted the document referenced in said paragraph, and respectfully refers the Court to the referenced document for its actual langue and full text.

38.     Merck denies each and every allegation set forth in paragraph 38 of the Complaint except admits that the referenced article exists and that plaintiffs purport to quote from the referenced article, but respectfully refers the Court to the referenced article for its actual language and full text.

39.     Merck denies each and every allegation set forth in paragraph 39 of the Complaint except admits that referenced article exists and the plaintiffs purport to quote from the referenced

846877v.1

article, but respectfully refers the Court to the referenced article for its actual conclusions and full text.

40.    Merck denies each and every allegation set forth in paragraph 40 of the Complaint except admits that the referenced briefing document exists and respectfully refers the Court to said document for its actual language and full text.

41.    Merck denies each and every allegation in paragraph 41 of the Complaint except admits that the referenced statement exists and respectfully refers the Court to said statement for its actual language and full text.

42.    Merck denies each and every allegation set forth in paragraph 42 of the Complaint.

43.    Merck denies each and every allegation contained in the first sentence of paragraph 44 of the Complaint and avers that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo.  Merck further avers that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx from the worldwide market best served the interests of patients. Merck denies each and every allegation contained in the second sentence of paragraph 43 of the Complaint except admits that Vioxx was prescribed to millions of patients by health care providers world wide and that sales figures exceeded $2 billion in 2003.  Merck denies each and every allegation contained in the third sentence of paragraph 43 of the Complaint except admits that Dorothy Hamill was featured in ad campaigns for Vioxx and that Dorothy Hamill and Bruce

846877v.1

Jenner were spokespersons for Vioxx.  Merck denies each and every remaining allegation contained in paragraph 43 of the Complaint including subparts a through p except admits that in 1999 Merck received FDA approval to market the prescription medicine Vioxx.  Merck further admits that the VIGOR study exists and respectfully refers the Court to the VIGOR study for its actual conclusions and full text.  Merck further avers that on September 28, 2004, Merck informed FDA officials of Merck's decision to voluntarily withdraw Vioxx from the worldwide market.  Merck respectfully refers the Court to the documents referenced in subparts a through p for their actual language and full context.

### RESPONSE TO FIRST CAUSE OF ACTION
### (Strict Liability – Failure to Warn)

44.     With respect to the allegations set forth in paragraph 44 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 43 of this Answer with the same force and effect as though set forth here in full.

45.     Merck denies each and every allegation set forth in paragraph 45 of the Complaint.

46.     Merck denies each and every allegation set forth in paragraph 46 of the Complaint.

47.     Merck denies each and every allegation set forth in paragraph 47 of the Complaint.

846877v.1

## RESPONSE TO SECOND CAUSE OF ACTION
### (Negligence)

48.     With respect to the allegations set forth in paragraph 48 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 47 of this Answer with the same force and effect as though set forth here in full.

49.     The allegations set forth in paragraph 49 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph, and respectfully refers the Court to the relevant legal standard, including any conflict of law rules.

50.     Merck denies each and every allegation set forth in paragraph 50 of the Complaint.

51.     Merck denies each and every allegation set forth in paragraph 51 of the Complaint.

## RESPONSE TO THIRD CAUSE OF ACTION
### (Violation of Law)

52.     With respect to the allegations contained in paragraph 52 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 51 of this Answer with the same force and effect as though set forth here in full.

53.     The allegations contained in paragraph 53 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck

10

denies each and every allegation contained in said paragraph, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

54. Merck denies each and every allegation contained in paragraph 54 of the Complaint.

55. The allegations contained in paragraph 55 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

56. Merck denies each and every allegation contained in paragraph 56 of the Complaint including subparts a through g.

57. Merck denies each and every allegation contained in paragraph 57 of the Complaint.

### RESPONSE TO FOURTH CAUSE OF ACTION
### (Breach of Implied Warranty)

58. With respect to the allegations set forth in paragraph 58 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 57 of this Answer with the same force and effect as though set forth here in full.

59. The allegations set forth in paragraph 59 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation set forth in paragraph 59 of the Complaint and respectfully refers the Court to the relevant legal standard, including any conflict of law rules.

60.     Merck denies each and every allegation set forth in paragraph 60 of the Complaint except lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to plaintiffs' skill and on that basis, Merck denies the same.

61.     Merck denies each and every allegation set forth in paragraph 61 of the Complaint.

62.     Merck denies each and every allegation set forth in paragraph 62 of the Complaint.

### RESPONSE TO FIFTH CAUSE OF ACTION
### (Breach of Express Warranty)

63.     With respect to the allegations set forth in paragraph 63 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 62 of this Answer with the same force and effect as though set forth here in full.

64.     Merck denies each and every allegation set forth in paragraph 64 of the Complaint.

65.     Merck denies each and every allegation set forth in paragraph 65 of the Complaint.

66.     Merck denies each and every allegation set forth in paragraph 66 of the Complaint.

### RESPONSE TO SIXTH CAUSE OF ACTION
### (Negligent Misrepresentation)

67.     With respect to the allegations set forth in paragraph 67 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in

846877v.1

paragraphs 1 through 66 of this Answer with the same force and effect as though set forth here in full.

68.    Merck denies each and every allegation set forth in paragraph 68 of the Complaint.

69.    Merck denies each and every allegation set forth in paragraph 69 of the Complaint.

70.    Merck denies each and every allegation set forth in paragraph 70 of the Complaint.

71.    Merck denies each and every allegation set forth in paragraph 71 of the Complaint.

72.    Merck denies each and every allegation set forth in paragraph 72 of the Complaint.

73.    Merck denies each and every allegation set forth in paragraph 73 of the Complaint.

## RESPONSE TO SEVENTH CAUSE OF ACTION
### (Fraud and Deceit)

74.    With respect to the allegations set forth in paragraph 74 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 73 of this Answer with the same force and effect as though set forth here in full.

75.    Merck denies each and every allegation set forth in paragraph 75 of the Complaint.

846877v.1

76.     Merck denies each and every allegation set forth in paragraph 76 of the Complaint except admits that Merck received a letter from Spencer Salis of DDMAC dated December 16, 1999, and respectfully refers the Court to the referenced letter for its actual language and full text.

77.     Merck denies each and every allegation set forth in paragraph 77 of the Complaint.

78.     Merck denies each and every allegation set forth in paragraph 78 of the Complaint.

79.     Merck denies each and every allegation set forth in paragraph 79 of the Complaint.

80.     Merck denies each and every allegation set forth in paragraph 80 of the Complaint, including subparts a through c.

81.     Merck denies each and every allegation set forth in paragraph 81 of the Complaint.

82.     The allegations set forth in paragraph 82 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation set forth in paragraph 82 of the Complaint and respectfully refers the Court to the relevant legal standard, including any conflict of law rules.

83.     Merck denies each and every allegation set forth in paragraph 83 of the Complaint.

84.     The allegations set forth in paragraph 84 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck

14

denies each and every allegation set forth in paragraph 84 of the Complaint and respectfully refers the Court to the relevant legal standard, including any conflict of law rules.

85.     Merck denies each and every allegation set forth in paragraph 85 of the Complaint.

86.     Merck denies each and every allegation set forth in paragraph 86 of the Complaint.

87.     Merck denies each and every allegation set forth in paragraph 87 of the Complaint.

88.     Merck denies each and every allegation set forth in paragraph 88 of the Complaint.

## RESPONSE TO EIGHTH CAUSE OF ACTION
### (Violation of Utah Consumer Sales Practice Act)

89.     With respect to the allegations set forth in paragraph 89 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 88 of this Answer with the same force and effect as though set forth here in full.

90.     Merck denies each and every allegation set forth in paragraph 90 of the Complaint except admits that plaintiffs purport to bring this cause of action pursuant to the Utah Consumer Sales Practices Act, but denies that there is any legal or factual basis for such claims.

91.     Merck denies each and every allegation set forth in paragraph 91 of the Complaint except admits that the plaintiffs purport to quote from certain provisions of the Utah Consumer Sales Practices Act, but denies that there is any legal or factual basis for such claims and respectfully refers the Court to the referenced statute for its actual language and full text.

846877v.1

92.     Merck denies each and every allegation set forth in paragraph 92 of the Complaint including subparts a through d.

93.     Merck denies each and every allegation set forth in paragraph 93 of the Complaint.

94.     Merck denies each and every allegation set forth in paragraph 94 of the Complaint, except admits that plaintiffs purport to seek the specified forms of relief, but denies that there is any legal or factual basis to award the relief sought.

## RESPONSE TO NINTH CAUSE OF ACTION

95.     With respect to the allegations set forth in paragraph 95 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 94 of this Answer with the same force and effect as though set forth here in full.

96.     Merck denies each and every allegation set forth in paragraph 96 of the Complaint including subparts a through l.

97.     Merck denies each and every allegation set forth in paragraph 97 of the Complaint.

98.     Merck denies that plaintiffs are entitled to any of the relief specified in the Request for Relief, Prayer, or anywhere else in plaintiffs' Complaint.

99.     All allegations not specifically admitted herein are specifically denied by Merck.

846877v.1

## MERCK'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

### SECOND AFFIRMATIVE DEFENSE

Merck incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action. Merck will rely on all defenses that may become available during discovery or trial.

### THIRD AFFIRMATIVE DEFENSE

The claims of Plaintiffs may be time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely, including Utah Code Ann. § 78-15-3 and/or § 78-12-25.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

The claims of the Plaintiffs may be barred, in whole or in part, from recovery because they have made statements or taken actions that preclude them from asserting claims or constitute a waiver of their claims.

17

## SIXTH AFFIRMATIVE DEFENSE

The claims of the Plaintiffs may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

## SEVENTH AFFIRMATIVE DEFENSE

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## EIGHTH AFFIRMATIVE DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

### ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

### TWELFTH AFFIRMATIVE DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

### THIRTEENTH AFFIRMATIVE DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

### FOURTEENTH AFFIRMATIVE DEFENSE

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

846877v.1

### FIFTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

### SIXTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under the collateral source rule.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Utah R. Civ. P. 9(b) and Fed R. Civ. P. 9(b).

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the First Amendment.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

846877v.1

### TWENTY-FIRST AFFIRMATIVE DEFENSE

There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

This case is more appropriately brought in a different venue.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Venue in this case is improper.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs may be barred, in whole or in part, from recovery by release as to their claims.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs may be barred, in whole and in part, by the doctrine of laches.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs are barred, in whole or in part, by his failure to mitigate damages.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

### THIRTIETH AFFIRMATIVE DEFENSE

The claims of Plaintiffs may be barred, in whole or in part, from recovery, due to spoliation of evidence.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

The claims of Plaintiffs may be barred, in whole or in part, by the governing state laws.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs have not sustained any injury or damages compensable at law.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiffs' failure to provide it with due process of law.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.  Plaintiffs' claim for punitive damages is further controlled by the terms of Utah Code Annotated, § 78-18-1 (2002).

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

846877v.1

### FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts: Products Liability.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

### FORTY-SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach as required by Utah Code Ann. § 70A-2-607(3) and/or lack of privity and/or because the alleged warranties were disclaimed.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' conspiracy claim is barred because Merck did not enter into any agreement with any other defendant or third party to further any alleged unlawful act by allegedly unlawful means.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for negligence per se are barred on the grounds that such claims are not cognizable against Merck in this action.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are subject to and limited by the provisions of Utah Code Ann. §§ 78-27-38 and 78-27-40.

846877v.1

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack capacity and/or standing to bring such claims.

WHEREFORE, Merck respectfully demands judgment dismissing plaintiffs' Complaint with prejudice and awarding Merck its reasonable attorney's fees, together with such other and further relief that the Court may deem just and proper.

Dated this 8th day of January, 2007

Respectfully submitted

*/s/ Dorothy H. Wimberly*
Phillip A. Wittman, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittman L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: (504)581-3200
Fax:    (504)581-3361

*Defendants' Liaison Counsel*

Rick L. Rose (Utah State Bar No. 5140)
Kristine M. Larsen (Utah State Bar No. 9228)
RAY QUINNEY & NEBEKER
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone:    (801) 532-1500
Telecopier:    (801)532-7543

*Attorneys for Merck & Co., Inc.*

846877v.1

## CERTIFICATE OF MAILING

I hereby certify that the above and foregoing Amended Answer of Defendant Merck & Co, Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 8th day of January, 2007.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel