U. S. DISTRICT COURT
Eastern District of Louisiana

FILED   DEC 29 2006

LORETTA G. WHYTE
         Clerk

In The United States District Court

For The Eastern District Of Louisiana

Homer Jones,

        Plaintiff,

Vs.                                           Case No. CIV-06-9803 L (3)

Merck & Co., Inc.

        Defendants.

## Motion For Appointment Of Counsel With Memorandum Of Law And Brief In Support

Comes Now the Plaintiff, **Homer Jones**, acting pro se, and under the protection and liberal consideration afforded to him in accordance with the United States Supreme Court decision in **Hains v. Kerner**, 404 U.S. 519, at 520 (1972).

Pursuant to **§1915**, the Plaintiff request this Honorable Court to appoint Counsel to represent him in this case for the following reasons:

1. The Plaintiff is currently incarcerated and unable to afford counsel.

2. The issues involved in this case are complex.

3. The Plaintiff is a mentally handicaped person as defined under **42 U.S.C. §12102 (2)(A) (ADA) 1992**

4. The Plaintiff is also a layman in the law with no

___ Fee _____
___ Process _____
_X_ Dktd _____
_X_ CtRmDep _____
___ Doc No. _____

knowledge thereof.[1]

5. The Plaintiff is currently taking psychotropic medications which **survirly** impair Plaintiff's physical and mental stability in functioning.

## Statement Of The Case

Plaintiff presents this motion in good faith, and through the assistance of Inmate Research Assistants who cannot assist in the future, and Plaintiff is filing this motion in conjuction with his civil rights case under 42 U.S.C. §1983, by a state prisoner, and asserting claims for the Unconstitutional prescription of a drug which resulted in the Plaintiff suffering a (major heart attack) (And heart surgery). The Plaintiff does seek damages in his complaint.

## Statement Of Facts

The complaint alleges that as a result of the drug known as Vioxx, which the Plaintiff was taking for a period of approximately two years or more, the Plaintiff suffered a severe heart attack, That resulted in triple By Pass heart surgery and other major medical condictions.

## Argument And Authorities

In deciding whether to appoint Counsel for an Indigent litigant, the Court should consider "The Factual Comples Of The Case; The Ability Of The Indigent To Investigate The Facts; The Existance of Conflicting Testimony; The Ability Of The Indigent To Present His Claim And The Complex Of Legal Issues". **Abdullah v.**

---

[1] The Plaintiff is currently being assisted by an Inmate Research Assistant who is no longer able to assist the Plaintiff.

Gunter, 949 F. 2d 1032, 1035 (8th Cir. 1991)(citation omitted) cert. denied, 112 S. Ct. 1995 (192). In addition, the Courts have suggested that the most important factor is whether the case appears to have merit. Cooper v. Sargenti, Inc, 877 F. 2d 170, 173 (2d Cir. 1989). Each of those factors weigh in favor of appointing counsel in this case.

The Plaintiff is mentall ill ( Id 12102 (2)(A)and suffers from severe medical problems associated with his recent heart attack, surgery, and likewise qualified under 42 U.S.C. §12101, et seq as a "american with `serious disabilities'.

In addition, this case will require considerable discovery concerning sources outside this facility, to include reports and statements from the Defendants, etc.

## Conflicting Testimony

The Plaintiff is an indigent prisoner with no legal training, a factor that supports the appointment of counsel. Whisenment v. Yuam, 739 F. 2d 160, 163 (4th Cir. 1984). In addition, he is confined to a twenty-three (23) lock down facility with access to very limited materials. Rayes v. Johnson, 969 F. 2d 700, 703-04 (8th Cir. 1992)(citing lack of ready access to a law library as a factor supporting appointment of counsel).

## Conclusion

For the reasons set forth herein, and in the interest of justice, the Plaintiff respectfully moves this Honorable Court to appoint counsel to represent him in this matter. Also Plaintiff wants this Honorable Court to see the Definate merritt to his Claim, That Vioxx Did Cause his heart attack - heart surgery, Due to the fact' that the Plaintiff Did not have no heart or Blood pressure problem prior to the start of taking Vioxx, These fact' are re-cord-ed in his Suitt.

Respectfully Submitted,

*Homer Jones*

**Homer Jones, #143946**

Oklahoma State Penitentiary

Post Office Box No. 97

McAlester, Oklahoma 74502-0097



Oklahoma Department Of Corrections
Name  Homer Jones
DOC Number  #143946
House Unit  D-2-37
Box Number  P.O. Box 97
City, State, Zip  McAlester, Okla., 74502

This correspondence is from an inmate under the custody of the Oklahoma Department of Corrections. The Department of Corrections is not responsible for the substance or content. Objectionable material may be returned to the Warden.

OFFICE OF THE CLERK
United States District Court,
Eastern District Of Louisiana
ATTN. Dinna GuilBeau
500 Poydras Street
New Orleans, Louisiana, 70130

70130+33315-99 C024