BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  VIOXX | ) | |
| PRODUCTS LIABILITY LITIGATION | ) | |
| | ) | MDL NO. 1657 |
| | ) | |
| | ) | SECTION:  L |
| THIS DOCUMENT RELATES TO: | ) | |
| PATRICIA SANDERS #05-6198 | ) | |

## REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT ST. LOUIS CONNECTCARE'S MOTION TO DISMISS

COMES NOW Defendant Saint Louis ConnectCare for its Reply to Plaintiff's Response to Defendant Saint Louis ConnectCare's Motion to Dismiss, states as follows:

Plaintiff has misconstrued Missouri law and has improperly stated Saint Louis ConnectCare's role as a healthcare provider to Plaintiff Patricia Sanders.  Specifically, Saint Louis ConnectCare was a healthcare provider providing healthcare services pursuant to Chapter 538 R.S.Mo.  Because Plaintiff has failed to state a proper claim against Saint Louis ConnectCare as a healthcare provider and failed to properly file a healthcare affidavit, Saint Louis ConnectCare's Motion should be granted.

## I. ARGUMENT

### A.   Chapter 538 of RSMo Is Controlling Law on Plaintiff's Claims Against Saint Louis ConnectCare.

In Plaintiff's response to Defendant Saint Louis ConnectCare's Motion to Dismiss, Plaintiff misconstrues both the relationship between Saint Louis ConnectCare and Plaintiff and Missouri law in order to give the appearance that Chapter 538 R.S.Mo does not apply in this case.  However, Chapter 538 R.S.Mo does apply because Saint Louis ConnectCare is considered a health care provider pursuant to the statute.

Specifically, Plaintiff indicates that she only interacted with Saint Louis ConnectCare during the sale of Vioxx. However, based upon Plaintiff's own admissions in her Plaintiff Profile Form filed with this Court, the relationship between Saint Louis ConnectCare and Plaintiff was much broader. Plaintiff admits that she was provided care and treatment by her primary care physician, Dr. Sandeep Sen, at the facility, not just the sale of Vioxx. As such, Saint Louis ConnectCare served as a health care provider to Plaintiff.

However, even assuming it is true that Saint Louis ConnectCare's only interaction with Ms. Sanders as a patient was in its pharmacy, it would still be considered a healthcare provider under Chapter 538, R.S.Mo. Under Chapter 538.205(4) R.S.Mo., a healthcare provider is defined as "any physician, hospital, health maintenance organization, ambulatory surgical center, long term care facility including those licensed under Chapter 198, R.S.Mo., dentist, registered or licensed practical nurse, optometrist, podiatrist, **pharmacist,** chiropractor, professional physical therapist, psychologist, physician-in-training, and any other person or entity that provides healthcare services under the authority of a license or certificate." A pharmacist is specifically cited in the definition of healthcare provider under §538.205(4). Additionally, a pharmacy is also defined as a healthcare provider under Missouri common law. Beuke v. Pharmacia & Upjohn Company, 2000 W.L. 34430453 at * 2 (E.D. Mo. 2000). See also P.S. v. Psychiatric Coverage, Ltd., 887 S.W.2d 622, 627 (Mo. App. E.D. 1994) (holding that Chapter 538 R.S.Mo. includes professional corporations which provide healthcare services by licensed practitioners). As such, Saint Louis ConnectCare is considered a healthcare provider under Chapter 538 and, therefore, the provisions of Chapter 538 would apply to any tort actions arising out of the provision of healthcare services filed against it. Therefore, Chapter 538, R.S.Mo. governs Plaintiff's claims against Saint Louis ConnectCare.

**B.**     **The Claim Regarding the Missouri "DTPA" and All Claims Regarding Strict Liability Against Saint Louis ConnectCare Should Be Stricken Pursuant to Section 538.300 RSMo.**

Plaintiff has alleged three counts against Saint Louis ConnectCare, which include strict liability, failure to warn, and failure to comply with Missouri "DTPA." Plaintiff claims that Saint Louis ConnectCare violated the Missouri "DTPA" in her petition under Count I. As previously discussed in the initial Motion, Missouri does not have such a named statute nor has Plaintiff provided any insight to Defendant with respect to the section it claims Defendants violated. However, in Plaintiff's Response to Defendant Saint Louis ConnectCare's Motion to Dismiss for Failure to State a Claim, she fails to discuss this claim or even refer to this alleged statute. As such, Defendant respectfully requests that the Court strike the allegations against Saint Louis ConnectCare contained in Count I since Saint Louis ConnectCare cannot be found liable for failing to comply with a statute that does not exist in its State.

Plaintiff's allegations made in Counts F, G, and H all claim that Defendant Saint Louis ConnectCare did not provide adequate warnings to Plaintiff when selling her Vioxx. These claims recite the same details and make the same general allegations, even though they may be titled differently. These claims either are designated as strict liability or give the appearance of a strict liability claim. None of these claims rise to the level necessary to make a claim of negligence against Defendant Saint Louis ConnectCare pursuant to a standard recognized by Missouri law. As previously indicated, Section 538.300 R.S.Mo and Budding v. SSM Healthcare Systems, 19 S.W.3d 678 (Mo. banc 2000), specifically prohibit claims of strict liability against health care providers. Since it has been established that Saint Louis ConnectCare is a health care provider under Chapter 538, these claims are barred and must be dismissed pursuant to Missouri law.

3

**C.**  **All Claims Should Be Dismissed Because Plaintiff Failed to File An Affidavit Pursuant to § 538.225 RSMo.**

The Plaintiff indicates in her Response that since Plaintiff's allegations are not couched in terms of medical malpractice, Section 538.225 does not apply.  However, nothing in the statute requires an action to be one for medical malpractice for Chapter 538, R.S.Mo. to apply.  Specifically, Section 538.225 states "in *any action against a healthcare provider for damages for personal injury or death on account of the rendering or failure to render healthcare services, the plaintiff shall file an affidavit...*"  Thus, by its plain language, the statute applies to the instant cause of action.

Missouri courts interpreting Section 538.225, R.S.Mo. have held likewise.  A healthcare affidavit is required under Section 538.225 (1) if the relationship of the parties is that of a healthcare provider and recipient and (2) if the true claim relates only to the provision of healthcare services.  Mello v. Giliberto, 73 S.W.3d 669, 679 (Mo. App. E.D. 2002); Vitale v. Sandow, 912 S.W.2d 121, 122 (Mo. App. W.D. 1995); St. John's Regional Health Center v. Windler, 847 S.W.2d 168, 171 (Mo. App. S.D. 1993).  Healthcare services are statutorily defined as "any services that a healthcare provider renders to a patient in the ordinary course of the healthcare provider's profession or, if the healthcare provider is an institution, in the ordinary course of furthering the purpose for which the institution is organized.  Professional services shall include, but are not limited to, transfer to a patient of goods or services or pursuant to the practice of the healthcare providers profession or in furtherance of the purpose for which the institutional healthcare provider is organized."  Section 538.205(5).

As Plaintiff has explained, Ms. Sanders came to Saint Louis ConnectCare as a pharmacy to receive prescription drugs.   The role of Saint Louis ConnectCare in providing the drugs was as healthcare provider, i.e. pharmacy.  Under Chapter 538, R.S.Mo., a healthcare provider may

be a pharmacist or a pharmacy.  As such, the relationship between Saint Louis ConnectCare and Plaintiff was that of a health care provider and recipient of healthcare goods and services. Additionally, there is no other claim that could be any more "true" as the provision of healthcare for a pharmacy than to have a lawsuit against it regarding the drugs it provided to a patient.  As such, this case falls squarely within Section 538.225 pursuant to the test set forth in <u>Mello</u>, supra, and a health care affidavit is required.

Plaintiff also indicated that if a case does not require expert testimony to prove failure of a duty by Defendant, it does not need to provide such an affidavit.  Defendant Saint Louis ConnectCare finds it highly unlikely that Plaintiff has no intention of bringing forward any expert opinions with respect to its allegations against Saint Louis ConnectCare.  Secondly, Plaintiff's reliance on <u>Mahoney v. Doerhoff Surgical Services, Inc.</u>, 807 S.W.2d 503, 508 (Mo. banc 1991), to state that since some kinds of malpractice are so obvious that expert opinion is not needed, and therefore, no affidavit is needed is misguided.  Specifically, in <u>Budding v. SSM Healthcare System</u>, 19 S.W.3d at 680, the Missouri Supreme Court states that, contrary to the dicta in <u>Mahoney</u>, nothing in § 538.225 exempts a plaintiff from filing an affidavit who shows that the malpractice does not require proof of standard of care by an expert opinion.  As such, merely because Plaintiff claims that she is not intending on using expert witnesses, does not exempt her from filing a health care affidavit.

Plaintiff relies upon <u>Morrison v. St. Luke's Healthcare</u>, 929 S.W.2d 898 (Mo. App. E.D. 1996) to claim that this case regarding a pharmacy selling prescription drugs is comparative to a brief case that some one trips over at a facility.  Nothing could be further from the truth.  This is not a simple case of premises liability as discussed in <u>Morrison v. St. Luke's Healthcare</u>, 929 S.W.2d 898 (Mo. App. E.D. 1996).  <u>Morrison</u> did not involve health care services provided by

the facility, but rather discusses a patient who trips over a briefcase that was placed on the floor by another invitee to the facility. Because the "true" claim did not relate to the services provided by the facility, the court ruled that an affidavit was not required. However, the case at bar is much more involved and will require testimony from multiple witnesses regarding the studies performed on Vioxx and the risks that were found from these studies. The complexity of this cause of action is further demonstrated by its presence in multi-district litigation and the vast amount of discovery being conducted by the parties.

In St. John's Regional Health Center, Inc. v. Windler, the court found that a healthcare affidavit was required in a case involving a claim for false imprisonment since the true claim for the basis of this false imprisonment was the incorrect medical determination that the plaintiff needed to be confined. St. John's Regional Health Center, Inc. v. Windler, 847 S.W.2d 168, 171 (Mo. App. S.D. 1993). As such, it believed that the claim was against the hospital in its capacity as a healthcare provider. Id. Similarly, in Jacobs v. Wolff, 829 S.W.2d 470 (Mo.App.E.D. 1992), plaintiff brought a suit against the medical director of a laboratory and a registered nurse for tortious interference with a contract. The court held that the cause of action arose from the physician and the nurse's alleged breaches of duty to the plaintiff in rendering him rehabilitation after a cardiac bypass. Id. at 473. See also Vitale v. Sandow, 912 S.W.2d 121, 122 (Mo.App. 1995) (holding that patient's libel claim against physicians required an affidavit since the central issue was the doctors' diagnosis). This case is similarly situated to Jacobs, St. John's Regional Health Center, Inc., and Vitale, rather than Morrison, because the "true" claim relates to the relationship of a pharmacy and its patient and its performance of providing her prescriptions, which is among the healthcare services Saint Louis ConnectCare provided to Ms. Sanders. This cause of action solely arises as a result of their alleged tortious conduct by Saint Louis

ConnectCare in providing healthcare.   Therefore, a healthcare affidavit is required under Missouri law.  As such, if this Court determines that Plaintiff has sufficiently stated a cause of action against Saint Louis ConnectCare, the case still should be dismissed due to Plaintiff's failure to provide a healthcare affidavit as required within 90 days of bringing forth a lawsuit in the State of Missouri pursuant to § 538.225.

## II.  CONCLUSION

Plaintiff Patricia Sander's claims against Defendant Saint Louis ConnectCare should be immediately dismissed by this Court because they violate Missouri statutory requirements and fail to adequately state a cause of action against Defendant.  Specifically, Plaintiff has not filed an affidavit against Defendant Saint Louis ConnectCare within the ninety day statutory requirement.  Additionally, all claims against Defendant grounded in strict liability should be stricken pursuant to Missouri statute because Defendant is a healthcare provider.  Because there is no legal basis for these claims against Saint Louis ConnectCare, this cause of action should be immediately dismissed against Defendant Saint Louis ConnectCare.

/s/ Tricia J. Mueller
Michael J. Smith            #56862
Tricia J. Mueller           #498719
LASHLY & BAER, P.C.
714 Locust Street
St. Louis, Missouri 63101
Telephone:  (314) 621-2939
Facsimile:  (314) 621-6844
msmith@lashlybaer.com
tmueller@lashlybaer.com

Attorneys for Defendant
Saint Louis ConnectCare

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served electronically this 26th day of June, 2006 to:

Kara Lindsay Rakers
Keith D.  Short
Robert D. Rowland
Goldenberg, Miller, Heller & Antognoli, P.C.
2227 South State Route 157
P.O. Box 959
Edwardsville, IL  62025
*Attorneys for Plaintiff*

Grant Kaiser
The Kaiser Firm, LLP
8441 Gulf Freeway, Ste. 600
Houston, TX  77017-5001
*Attorneys for Plaintiff*

Dan H. Ball
Bryan Cave, LLP
211 North Broadway, Ste. 3600
St. Louis, MO  63102-2750
*Attorneys for Merck & Co., Inc.*

I hereby certify that the above and foregoing *Reply to Plaintiff's Response to Defendant Saint Louis ConnectCare's Motion to Dismiss* has been served on Liaision Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8A, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 26th day of June, 2006.

/s/ Tricia J. Mueller

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  VIOXX       )
 PRODUCTS LIABILITY LITIGATION )
            )  MDL NO. 1657
            )
            )  SECTION:  L
            )
THIS DOCUMENT RELATES TO:  )  Judge Eldon E. Fallon
PATRICIA SANDERS #05-6198   )

## ORDER GRANTING DEFENDANT SAINT LOUIS CONNECTCARE'S MOTION TO DISMISS PURSUANT TO § 538.225 RSMO AND FOR FAILURE TO STATE A CLAIM

On this day, the Court considered Defendant Saint Louis ConnectCare's Motion to

Dismiss Pursuant to § 538.225 R.S.Mo. and for Failure to State a Claim, and after reviewing said

Motion and Response and hearing arguments of counsel, is of the opinion that said Motion shall

be GRANTED.

SIGNED AND ENTERED on this _____ day of _____, 2006.

_____
Presiding Judge