IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  VIOXX PRODUCTS ) | |
| LIABILITY LITIGATION ) | MDL NO. 1657 |
| ) | |
| ) | SECTION L |
| ) | |
| This document relates to: ) | JUDGE ELDON E. FALLON |
| ) | |
| Mark Hennelly and Stephanie Hennelly, ) | |
| H/W v. Merck & Co., Inc. ) | MAG. JUDGE KNOWLES |
| Civil Action No. 06-2249 ) | |

**DEFENDANT MERCK & CO., INC.'S OPPOSITION
TO PLAINTIFFS' MOTION TO DISMISS**

Defendant Merck & Co., Inc. ("Merck") respectfully submits this Opposition to Plaintiffs' Motion to Dismiss. Plaintiffs seek voluntary dismissal without prejudice in this forum in order to proceed with their subsequently filed case in New Jersey state court. The Court should deny plaintiffs' motion outright or condition it upon plaintiffs' stipulating that they will seek dismissal of their New Jersey state court action and refile it directly in MDL 1657, or at the very least, in federal court. Such conditions would alleviate some of the prejudice that would result from plaintiffs' dismissal of an action previously transferred to the Vioxx MDL.

**BACKGROUND**

On February 6, 2006, plaintiffs, residents of Pennsylvania, filed an action in the Philadelphia Court of Common Pleas in that court's Vioxx Mass Tort Program caption, *In Re Vioxx Litigation*, February Term 2006, No. 46. On March 9, 2006, Merck removed the action to

federal court in the Eastern District of Pennsylvania on the grounds that there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  On May 3, 2006, the Judicial Panel on Multidistrict Litigation transferred plaintiffs' case to MDL 1657.  (*See* Conditional Transfer Order 46 (attached as Ex. A).)  Subsequent to such transfer, on July 19, 2006, plaintiffs filed a separate action against Merck in the Superior Court of New Jersey within that court's Vioxx Mass Tort Program.  (*See Mark Hennelly and Stephanie Hennelly v. Merck & Company, Inc.*, No. 7239-06 (attached as Ex. B).)  Plaintiffs have now moved to voluntarily dismiss the action pending in the MDL in order to pursue the action pending in New Jersey state court.  Merck opposes this request for voluntary dismissal.

## ARGUMENT

This Court should deny plaintiffs' motion because its sole purpose is to undermine the MDL proceeding.  Allowing plaintiffs to circumvent this MDL – and federal court jurisdiction as a whole – by filing a second state court action and dismissing the transferred action would encourage other plaintiffs to adopt the same tactic.  For this reason, and because Merck would be prejudiced by losing the efficiency and consistency resulting from the MDL coordinated proceedings, the motion should be denied.  If the Court does grant dismissal, however, it should be conditioned on "such terms and conditions as the court deems proper," Fed. R. Civ. P. 41(a)(2) – *i.e.*, plaintiffs' agreement to move to dismiss their subsequently-filed New Jersey state court action and refile any new case directly in the MDL 1657 or in federal court.

In considering a motion for dismissal under Rule 41(a)(2), the Court must be mindful of protecting the defendant's interests.  *See Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 177 (5th Cir. 1990) (noting that the primary purpose of Rule 41(a)(2) "is to protect the nonmovant from unfair treatment"); *see also Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir.

1987) (in considering Rule 41(a)(2) motions, the "court must focus primarily on protecting the interests of the defendant").  Several factors weigh into this analysis, including avoiding inefficiency, the effort and expense incurred by the defendant, potential prejudice suffered to the defendant, and the sufficiency of the plaintiffs' reasons for the requested dismissal.  *See Ikospentakis*, 915 F.2d at 180 (vacating district court's order dismissing the action without prejudice because of prejudice to defendant); *see also Dean v. WLR Foods, Inc.*, 204 F.R.D. 75, 77 (W.D. Va. 2001) ("[t]he test of what constitutes substantial prejudice [to the defendant] will have to take into consideration the relevant facts of any given case"); *Zagano v. Fordham University*, 900 F.2d 12, 14 (2d Cir. 1990) (affirming denial of motion for voluntary dismissal because of inefficiency and prejudice to defendant); *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996) (affirming denial of Rule 41(a)(2) motion where summary judgment was pending and plaintiff offered insufficient reason for dismissal); *Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc.*, 187 F.3d 941, 951 (8th Cir. 1999) (affirming denial of motion for voluntary dismissal where plaintiff's only justification for the request was to replead in a more favorable forum because granting it would waste judicial resources and prejudice the defendant).  As the court noted in *Phillips*, "[t]he rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." 77 F.3d at 357 (internal citations omitted).

Application of these factors to this case mandates denial of plaintiffs' motion because plaintiffs' attempt at dismissal is a clear effort to evade the MDL proceedings.  Merck expended effort and expense in removing the initial Pennsylvania action, preparing and filing an Answer, and securing the transfer of plaintiffs' initial case to this Court.  Thus, if rewarded, plaintiffs' effort to dismiss this case and plead and file a second case in a manner that is intended to avoid

the MDL would result in the very types of inefficiencies that MDL proceedings are intended to prevent – duplicative discovery, the potential for inconsistent rulings, and waste of judicial resources. *In re Vioxx Prods. Liab. Litig.*, 360 F.Supp.2d 1352, 1354 (J.P.M.L. 2005) ("Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.").

Contrary to plaintiffs' assertion, the prejudice to Merck is not merely the threat of a subsequent action, or the possibility that plaintiff will gain some sort of tactical advantage by dismissing the case. (*See* Pls' Mem. at 3-4.) Rather, if plaintiffs are permitted to use Rule 41(a)(2) to avoid participating in the MDL proceeding, Merck will lose the efficiencies and consistency that is a the crux of the MDL proceeding. *See Dean*, 204 F.R.D. at 77 (evaluating prejudice to the defendant "will have to take into consideration the relevant facts of any given case"). Moreover, allowing plaintiffs to dismiss their action would effectively send a message to all attorneys that they can evade the MDL process simply by dismissing cases that were initially filed in federal court and repleading in a way that seeks to avoid federal jurisdiction. *See Hamm*, 187 F.3d at 951 (affirming denial of motion for voluntary dismissal where plaintiff's only justification for the request was to replead in a more favorable forum because granting it would waste judicial resources and prejudice the defendant). This "opening the door" has the potential to result in a breakdown of the MDL proceedings.

Further, plaintiffs have not offered any persuasive reason that dismissal should be granted in this instance. Plaintiffs cite only the fact that they have an action pending in New Jersey state court, and that such court is "one of the most active Vioxx mass tort programs in the country, having already conducted trials in numerous Vioxx actions." (*See* Pls' Mem. at 3.) Plaintiffs

848119v.1

provide no explanation as to why this should entitle them to dismissal, especially in light of the fact that the MDL is obviously very "active" in Vioxx actions as well.

For these reasons, if the Court determines that plaintiffs should be permitted to dismiss this case without prejudice, dismissal should be conditioned upon the requirement that plaintiffs dismiss the New Jersey state case as well and refile any subsequent case in or federal court. *See* Fed. R. Civ. P. 41(a)(2) (permitting dismissal without prejudice "upon such terms and conditions as the court deems proper"); *Ikospentakis*, 915 F.2d at 180 n.4 (noting that the "district court was authorized to attach conditions to [plaintiff's] dismissal for the defendants' protection"); *Davis*, 819 F.2d at 1273 (district court may "impose conditions on voluntary dismissal to obviate any prejudice to the defendants which may otherwise result from dismissal without prejudice").

Courts have routinely imposed similar conditions on voluntary dismissals without prejudice. For example, in *RMD Concessions, LLC v. Westfield Corp.*, 194 F.R.D. 241 (E.D. Va. 2000), the plaintiff filed a motion for voluntary dismissal after defendant successfully obtained transfer of the case from federal court in the District of Columbia to the federal court in Alexandria, Virginia. The court conditioned the dismissal without prejudice on the plaintiff refiling the case in Virginia in order to avoid any prejudice to the defendant. *Id.* at 243. Likewise, in *Williams. v. Laboratory Corp. of America*, No. Civ. A. 301CV0514-R, 2001 WL 896922 (N.D. Tex. Aug. 3, 2001), the court granted plaintiff's motion to dismiss without prejudice, but conditioned such dismissal on requiring any refiling by the plaintiff to be in federal court, so that the defendant "will not be faced with the expense of an additional removal petition." *Id.* at *2. The same condition was imposed on the plaintiffs in *Pittsburgh Jaycees v. United States Jaycees,* 89 F.R.D. 166 (W.D. Pa. 1981). There, the court granted the plaintiffs' motion for voluntary dismissal on the condition that any future proceedings between the parties

be "refiled in [the same] court to avoid the necessity of going through the same procedural steps in any subsequent litigation" because it would "eliminate duplicitous work." *Id.* at 168. *Cf. Bentz v. Reed Elsevier, Inc.*, No. C-3-00-350, 2000 U.S. Dist. LEXIS 20370, at *8 (S.D. Ohio Dec. 5, 2000) (requiring subsequent litigation to be filed in the same court because "[d]efendants should not have to fight that battle [for change of venue] again"). Similar conditions are appropriate here. As noted above, defendants undertook the effort and expense of removing the initial Pennsylvania action, preparing and filing an Answer, and securing the transfer of plaintiffs' initial case to this Court. Accordingly, if the Court allows dismissal, plaintiffs should be required to stipulate that they will move to dismiss their state court action and refile it directly in MDL 1657 or in federal court.

Plaintiffs' arguments and authorities do not lead to a different conclusion. The only two cases plaintiffs rely on – *U.S. ex re. Boundy v. Dolenz*, 87 Fed. Appx. 992, at *1 (5th Cir. 2004) and *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) – stand for the proposition that the prospect of having to respond to a possible second lawsuit does not constitute plain legal prejudice. As Merck has discussed, *supra*, however, the prejudice it will suffer if plaintiffs are allowed to dismiss goes well beyond the additional legal work necessary to respond to a second lawsuit. Here, the integrity of the MDL process is at stake, and plaintiffs' cases are thus inapposite.

## CONCLUSION

For all of the foregoing reasons, the Court should deny plaintiffs' motion to dismiss outright or require a stipulation that they will dismiss their New Jersey case as well and refile any new case in federal court.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

848119v.1

- 8 -

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing Defendant Merck & Co., Inc.'s Opposition to Plaintiffs' Motion to Dismiss has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 10th day of January, 2007.

        */s/ Dorothy H. Wimberly*
        Dorothy H. Wimberly, 18509
        STONE PIGMAN WALTHER
        WITTMANN L.L.C.
        546 Carondelet Street
        New Orleans, Louisiana  70130
        Phone:  504-581-3200
        Fax:     504-581-3361
        dwimberly@stonepigman.com

        Defendants' Liaison Counsel

848119v.1