UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to: | * | JUDGE FALLON |
| *Willow P. DeWitt v. Merck & Co., Inc., et al.,* | * | |
| (E.D. La. Index No. CA- 06-11288-L) | * | MAG. JUDGE KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

### ANSWER AND JURY DEMAND OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), through undersigned counsel answers

the Complaint herein as follows:

### RESPONSE TO "STATEMENT OF JURISDICTION"

The allegations set forth in the unnumbered "Statement of Jurisdiction" paragraph

are legal conclusions to which no response is required. If a response is required, Merck

denies each and every allegation set forth in the unnumbered paragraph, except admits

that Plaintiff purports to state a claim in excess of $75,000, but denies that there is any

legal or factual basis for the relief.

### RESPONSE TO "PARTIES"

1.      Lacks knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in the first sentence of paragraph 1 of the

Complaint except that Merck is informed and believes that the Plaintiff is a resident of

Jacksonville, Duval County, Florida. Lacks knowledge or information sufficient to form

a belief as to the truth or falsity of the information contained in the second sentence of

paragraph 1 of the Complaint except that, to the extent Plaintiff alleges any causal

relationship between the prescription medicine Vioxx® ("Vioxx") and any injury to the Plaintiff, Merck denies those allegations.

2.    Denies each and every allegation contained in paragraph 2 of the Complaint except that it admits that it is a New Jersey Corporation with its principal place of business in New Jersey and that it is authorized to do business in the State of Florida. Merck further admits that it manufactured, marketed and distributed the prescription medicine Vioxx, which is the brand name for rofecoxib, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## RESPONSE TO "FACTS"

3.    Denies each and every allegation contained in paragraph 3 of the Complaint except admits that Vioxx is the brand name for rofecoxib. Merck respectfully refers the Court to the United States Food and Drug Administration ("FDA")-approved prescribing information for Vioxx for its indicated uses.

4.    Denies each and every allegation contained in paragraph 4 of the Complaint except admits that it sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text. Merck also admits that Vioxx is the brand name for rofecoxib.

5.    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint.

6.    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint except that, to the

2

extent Plaintiff alleges any causal relationship between the prescription medicine Vioxx and any injury to the Plaintiff, Merck denies those allegations.

7.      Denies each and every allegation contained in paragraph 7 of the Complaint except that it admits that Merck sought and, in 1999, received FDA approval to manufacture and market the prescription medicine Vioxx.

8.      Denies each and every allegation contained in paragraph 8 of the Complaint except that it admits that it marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, which was approved by the FDA, as safe and effective for certain indicated uses in a manner consistent with the information in the relevant FDA-approved prescribing information, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

9.      Denies each and every allegation contained in paragraph 9 of the Complaint.

10.     Denies each and every allegation contained in paragraph 10 of the Complaint except that it admits that Vioxx, like all prescription drugs, has had certain adverse events associated with its use, which were described in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information for Vioxx for its actual language and full text.

11.     Denies each and every allegation contained in paragraph 11 of the Complaint except that it admits that the studies and article referenced in  paragraph 11 of the Complaint exist, and respectfully refers the Court to the referenced publications for their actual language and full text.  Merck further admits that it is currently a member of

3

the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

12.     Denies each and every allegation contained in paragraph 12 of the Complaint except that it admits 2000 worldwide Vioxx sales figures exceeded $2 billion.

13.     Denies each and every allegation contained in paragraph 13 of the Complaint except that it admits that the referenced publication exists and respectfully refers the Court to the referenced publication for its actual language and full text.

14.     Denies each and every allegation contained in paragraph 14 of the Complaint except that it admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

15.     Denies each and every allegation contained in paragraph 15 of the Complaint except admits that Merck employs professional representatives.

16.     Denies each and every allegation contained in paragraph 16 of the Complaint.

17.     Denies each and every allegation contained in paragraph 17 of the Complaint.

18.     Denies each and every allegation contained in paragraph 18 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck employed professional representatives to have product discussions concerning Vioxx with health care professionals.

19.     Denies each and every allegation contained in paragraph 19 of the Complaint and avers that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo. Merck further avers that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interests of patients.

### RESPONSE TO "COUNT ONE STRICT LIABILITY"

20.     With respect to the allegations contained in paragraph 20 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement contained in the above paragraphs of this Answer with the same force and effect as thought contained here in full.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint except that it admits that it manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

22.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Complaint.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint, including subparts a-f.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint.

## RESPONSE TO DEMANDS SET FORTH IN
## AD DAMNUM CLAUSE FOR COUNT ONE

Plaintiff's ad damnum clause for Count One of the Complaint is not an allegation and therefore no response is required. If a response is required, Merck denies each and every allegation contained therein except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO "COUNT TWO FAILURE TO WARN"

26.     With respect to the allegations contained in paragraph 26 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement contained in the above paragraphs of this Answer with the same force and effect as though contained here in full.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint.

29.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Merck in paragraph 29 of the Complaint and denies each and every allegation directed at Merck in paragraph 29 of the Complaint.

30.     The allegations contained in paragraph 30 of the Complaint, including subparts a-d, are legal conclusions to which no response is required. If a response is required, Merck denies each and every allegation contained in paragraph 30 of the Complaint, including subparts a-d.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint.

6

## RESPONSE TO DEMANDS SET FORTH IN
## AD DAMNUM CLAUSE FOR COUNT TWO

Plaintiff's ad damnum clause for Count Two of the Complaint is not an allegation
and therefore no response is required. If a response is required, Merck denies each and
every allegation contained therein except admits that Plaintiff purports to seek certain
relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO "COUNT THREE
## BREACH OF WARRANTY OF MERCHANTABILITY"

32. With respect to the allegations contained in paragraph 32 of the
Complaint, Merck repeats and realleges each and every admission, denial, averment and
statement contained in the above paragraphs of this Answer with the same force and
effect as though set forth here in full.

33. Denies each and every allegation contained in paragraph 33 of the
Complaint.

34. Denies each and every allegation contained in paragraph 34 of the
Complaint.

35. Denies each and every allegation contained in paragraph 35 of the
Complaint.

36. Denies each and every allegation contained in paragraph 36 of the
Complaint.

## RESPONSE TO DEMANDS SET FORTH IN
## AD DAMNUM CLAUSE FOR COUNT THREE

Plaintiff's ad damnum clause for Count Three of the Complaint is not an
allegation and therefore no response is required. If a response is required, Merck denies
each and every allegation contained therein except admits that Plaintiff purports to seek

7

certain relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO "COUNT FOUR NEGLIGENCE"

37.     With respect to the allegations contained in paragraph 37 of the

Complaint, Merck repeats and realleges each and every admission, denial, averment and

statement contained in the above paragraphs.

38.     Denies each and every allegation contained in paragraph 38 of the

Complaint.

39.     The allegations contained in paragraph 39 of the Complaint are legal

conclusions to which no response is required. If a response is required, Merck denies

each and every allegation contained in paragraph 39 of the Complaint.

40.     Denies each and every allegation contained in paragraph 40 of the

Complaint, including subparts a-d.

41.     Denies each and every allegation contained in paragraph 41 of the

Complaint.

42.     Denies each and every allegation contained in paragraph 42 of the

Complaint.

## RESPONSE TO DEMANDS SET FORTH IN
## AD DAMNUM CLAUSE FOR COUNT FOUR

Plaintiff's ad damnum clause for Count Four of the Complaint is not an allegation

and therefore no response is required. If a response is required, Merck denies each and

every allegation contained therein except admits that Plaintiff purports to seek certain

relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO "COUNT FIVE WANTONESS"

43.     With respect to the allegations contained in paragraph 43 of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement set forth in the above paragraphs of this Answer with the same force and effect as though set forth here in full.

44.     Denies each and every allegation contained in paragraph 44 of the Complaint.

45.     The allegations contained in paragraph 45 of the Complaint are legal conclusions to which no response is required. If a response is required, Merck denies each and every allegation contained in paragraph 45 of the Complaint.

46.     Denies each and every allegation contained in paragraph 46 of the Complaint, including subparts a-d.

47.     Denies each and every allegation contained in paragraph 47 of the Complaint.

48.     Denies each and every allegation contained in paragraph 48 of the Complaint.

## RESPONSE TO DEMANDS SET FORTH IN
## AD DAMNUM CLAUSE FOR COUNT FIVE

Plaintiff's ad damnum clause for Count Five of the Complaint is not an allegation and therefore no response is required. If a response is required, Merck denies each and every allegation contained therein except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO "COUNT SIX
## FRAUD, MISREPRESENTATION AND SUPPRESSION"

49.     With respect to the allegations contained in paragraph 49 of the

Complaint, Merck repeats and realleges each and every admission, denial, averment, and

statement contained in the above paragraphs of this Answer with the same force and

effect as though set forth here in full.

50.     Denies each and every allegation contained in paragraph 50 of the

Complaint.

51.     Denies each and every allegation contained in paragraph 51 of the

Complaint, including subparts a-e.

52.     Denies each and every allegation contained in paragraph 52 of the

Complaint.

53.     Denies each and every allegation contained in paragraph 53 of the

Complaint.

54.     Lacks knowledge or information sufficient to form a belief as to the truth

or falsity of each and every allegation not directed at Merck contained in paragraph 54 of

the Complaint and denies each and every allegation directed at Merck in paragraph 54 of

the Complaint.

55.     Denies each and every allegation contained in paragraph 55 of the

Complaint.

56.     The allegations contained in the first sentence of paragraph 56 of the

Complaint are legal conclusions to which no response is required. If a response is

required, Merck denies each and every allegation contained in the first sentence of

10

paragraph 56 of the Complaint. Merck denies each and every remaining allegation contained in the second sentence of paragraph 56 of the Complaint.

57.     The allegations contained in paragraph 57 of the Complaint are legal conclusions to which no response is required. If a response is required, Merck denies each and every allegation contained in paragraph 57 of the Complaint.

58.     Denies each and every allegation contained in paragraph 58 of the Complaint.

## RESPONSE TO DEMANDS SET FORTH IN AD DAMNUM CLAUSE FOR COUNT SIX

Plaintiff's ad damnum clause for Count Six of the Complaint is not an allegation and therefore no response is required. If a response is required, Merck denies each and every allegation contained therein except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO "CLAIM FOR DAMAGES"

In response to Plaintiff's unnumbered "Claim for Damages," Merck denies each and every allegation contained in this paragraph, including subparts a-h, except that it admits that Plaintiff purports to state a claim for damages, but Merck denies there is any legal or factual basis for said relief.

## AS FOR A FIRST DEFENSE, MERCK ALLEGES:

59.     Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations or is otherwise untimely.

## AS FOR A SECOND DEFENSE, MERCK ALLEGES:

60.     The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD DEFENSE, MERCK ALLEGES:

61.     The claims of Plaintiff are barred, in whole or in part, from recovery because she has made statements or took actions that preclude her from asserting claims or constitute a waiver of her claims.

## AS FOR A FOURTH DEFENSE, MERCK ALLEGES:

62.     The claims of Plaintiff may be barred, in whole or in part, from recovery because of the *res judicata* effect of prior judgments.

## AS FOR A FIFTH DEFENSE, MERCK ALLEGES:

63.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A SIXTH DEFENSE, MERCK ALLEGES:

64.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A SEVENTH DEFENSE, MERCK ALLEGES:

65.     To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR AN EIGHTH DEFENSE, MERCK ALLEGES:

66.     To the extent Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR A NINTH DEFENSE, MERCK ALLEGES:

67.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A TENTH DEFENSE, MERCK ALLEGES:

68.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take such actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR AN ELEVENTH DEFENSE, MERCK ALLEGES:

69.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

## AS FOR A TWELFTH DEFENSE, MERCK ALLEGES:

70.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which Merck is not responsible.

## AS FOR A THIRTEENTH DEFENSE, MERCK ALLEGES:

71.     To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

### AS FOR A FOURTEENTH DEFENSE, MERCK ALLEGES:

72.     To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Florida law.

### AS FOR A FIFTEENTH DEFENSE, MERCK ALLEGES:

73.     Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Florida Rule of Civil Procedure 1.120(b) and Federal Rule of Civil Procedure 9(b).

### AS FOR A SIXTEENTH DEFENSE, MERCK ALLEGES:

74.     Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A SEVENTEENTH DEFENSE, MERCK ALLEGES:

75.     Plaintiff's claims are barred, in whole or in part, by the First Amendment.

### AS FOR AN EIGHTEENTH DEFENSE, MERCK ALLEGES:

76.     Plaintiff's claims are barred, in whole or in part, because the product at issue was made in accordance with the state of the art at the time it was manufactured.

### AS FOR A NINETEENTH DEFENSE, MERCK ALLEGES:

77.     There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

### AS FOR A TWENTIETH DEFENSE, MERCK ALLEGES:

78.     This case is more appropriately brought in a different venue.

**AS FOR A TWENTY-FIRST DEFENSE, MERCK ALLEGES:**

79.    Venue in this case is improper.

**AS FOR A TWENTY-SECOND DEFENSE, MERCK ALLEGES:**

80.    The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, she has brought actions and has received judgments on parts of some or all claims asserted herein.

**AS FOR A TWENTY-THIRD DEFENSE, MERCK ALLEGES:**

81.    The claims of Plaintiff may be barred, in whole or in part, from recovery on the ground that the claims asserted herein have been submitted to arbitration and a binding decision has been rendered.

**AS FOR A TWENTY-FOURTH DEFENSE, MERCK ALLEGES:**

82.    The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to her claims.

**AS FOR A TWENTY-FIFTH DEFENSE, MERCK ALLEGES:**

83.    The claims of Plaintiff may be barred, in whole or in part, by the doctrine of laches.

**AS FOR A TWENTY-SIXTH DEFENSE, MERCK ALLEGES:**

84.    Plaintiff's claims are barred, in whole or in part, by her failure to mitigate damages.

**AS FOR A TWENTY-SEVENTH DEFENSE, MERCK ALLEGES:**

85.    To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

15

### AS FOR A TWENTY-EIGHTH DEFENSE, MERCK ALLEGES:

86.    The claims of Plaintiff may be barred, in whole or in part, from recovery due to spoliation of evidence.

### AS FOR A TWENTY-NINTH DEFENSE, MERCK ALLEGES:

87.    The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

### AS FOR A THIRTIETH DEFENSE, MERCK ALLEGES:

88.    Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

### AS FOR A THIRTY-FIRST DEFENSE, MERCK ALLEGES:

89.    Plaintiff has not sustained any injury or damages compensable at law.

### AS FOR A THIRTY-SECOND DEFENSE, MERCK ALLEGES:

90.    Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiff's failure to provide it with due process of law.

### AS FOR A THIRTY-THIRD DEFENSE, MERCK ALLEGES:

91.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### AS FOR A THIRTY-FOURTH DEFENSE, MERCK ALLEGES:

92.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

### AS FOR A THIRTY-FIFTH DEFENSE, MERCK ALLEGES:

93.     Plaintiff's demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A THIRTY-SIXTH DEFENSE, MERCK ALLEGES:

94.     Plaintiff's claims are barred, in whole or in part, under comment k to Section 402A of the Restatement (Second) of Torts.

### AS FOR A THIRTY-SEVENTH DEFENSE, MERCK ALLEGES:

95.     Plaintiff's claims are barred, in whole or in part, because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### AS FOR A THIRTY-EIGHTH DEFENSE, MERCK ALLEGES:

96.     Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts:  Products Liability.

### AS FOR A THIRTY-NINTH DEFENSE, MERCK ALLEGES:

97.     Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Products Liability.

### AS FOR A FORTIETH DEFENSE, MERCK ALLEGES:

98.     To the extent Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A FORTY-FIRST DEFENSE, MERCK ALLEGES:

99. Any liability that might otherwise be imposed upon Merck is subject to reduction by the application of the doctrine of comparative negligence.

## AS FOR A FORTY-SECOND DEFENSE, MERCK ALLEGES:

100. Merck is not guilty of negligence and violated no duty owing to Plaintiff.

## AS FOR A FORTY-THIRD DEFENSE, MERCK ALLEGES:

101. Merck has complied with requirements promulgated by and under federal law. The product at issue, Vioxx, was approved pursuant to the applicable federal statutes and regulations. Such federal regulations and statutes preempt Plaintiff's claims under state law and pursuant to Fla. Stat. § 768.1256 creates a statutory presumption that Vioxx is not defective or unreasonably dangerous and that Merck is not liable.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such other and further relief that the Court may deem just and proper.

### JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Dated: January 11, 2007.

Respectfully submitted,

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:   504-581-3361

Defendant's Liaison Counsel

Patricia E. Lowry
John B. T. Murray, Jr.
Dori K. Stibolt
SQUIRE, SANDERS & DEMPSEY L.L.P.
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Phone: 561-650-7200
Fax:   561-655-1509

*Attorneys for Defendant Merck & Co., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer has been served on Liaison

Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand

delivery and e-mail and upon all parties by electronically uploading the same to

LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that

the foregoing was electronically filed with the Clerk of Court of the United States District

Court for the Eastern District of Louisiana by using the CM/ECF system which will send

a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on

this 11th day of January, 2007.

s/ Dorothy H. Wimberly