# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re:  VIOXX®** | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| | * | **JUDGE FALLON** |
| | * | |
| | * | **MAG. JUDGE KNOWLES** |
| **This document relates to** | * | |
| | * | |
| **ANTHONY WAYNE DEDRICK** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| **V.** | * | |
| | * | |
| **MERCK & CO., INC.,** | * | |
| | * | |
| Defendant. | * | |
| | * | |
| **Civil Action No. 2:05cv2524** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF
## <u>MERCK'S MOTION FOR TAXATION OF COSTS</u>

This Court entered judgment in this matter in favor of Merck on December 15, 2006, and dismissed Plaintiff's complaint "with prejudice *and costs*." *Anthony Wayne Dedrick v. Merck & Co., Inc.*, No. 05-2524, "Judgment" (E.D. La. Dec. 18, 2006) (emphasis added).  Thus, pursuant to this Court's prior order, as well as Rule 54(d) of the Federal Rules of Civil Procedure,[1] the costs detailed below should be taxed against Plaintiff Dedrick.

---

[1]   The Fifth Circuit's treatment of Rule 54(d) applies "a strong presumption that the prevailing party will be awarded costs." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981) (other citations omitted).  Furthermore, "it is incumbent upon the losing party to overcome that presumption." *Id.* (quoting *Walters v. Roadway Express, Inc.*, 557 F.2d 521 (5th Cir. 1977).

849432v.1

Costs properly taxable against the losing party are governed by 28 U.S.C. § 1920, which allows this court to tax the following items as costs:

(1) clerk's fees and marshal's fees;

(2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) fees and disbursements for printing and witnesses;

(4) fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) docket fees pursuant to 28 U.S.C. § 1923; and

(6) compensation of court appointed experts, interpreters, and salaries, fees, expenses and costs of special interpretation services pursuant to 28 U.S.C. § 1828.

28 U.S.C. § 1920 (West 2006).  Accompanying this memorandum, Merck submits  an affidavit prepared by its counsel, along with supporting documentation, detailing the specific costs that should be taxed against Plaintiff in this case.  The relevant categories are  discussed below.

### A.  Fees of the Court Reporter for Deposition Transcripts

Prevailing parties "are entitled to recover the costs of original depositions and copies under 28 U.S.C. § 1920(2) and § 1920(4) respectively, provided they were 'necessarily obtained for use in the case.'"  *Fogleman v. ARAMCO*, 902 F.2d 278, 285 (5th Cir. 1991) (citing *United States v. Kolesar*, 313 F.2d 835, 838-840 (5th Cir.1963); and *West Wind Africa Line, Ltd. v. Corpus Christi Marine Services Co.*, 834 F.2d 1232, 1237-38 (5th Cir.1988).  The Fifth Circuit has articulated a test for what costs are "necessarily obtained":  "If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party."  *Id.* at 286 (citations omitted).  Indeed, "it is not required that a deposition actually be introduced in evidence for it to be necessary for a case--as long as there is a reasonable expectation that the deposition may be used

for trial preparation, it may be included in costs." *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999) (citing *Fogleman*, 313 F.2d at 285). Significantly, "great latitude" is accorded to the district court in the factual determination of "[w]hether a deposition or copy was necessarily obtained for use in the case." *Fogleman*, 313 F.2d at 285-86 (citations omitted).

Costs incurred by Merck in obtaining the deposition transcripts listed in the attached affidavit were necessarily and reasonably obtained for use in the case. Merck seeks transcript costs for the depositions of the following witnesses: Plaintiff Anthony Wayne Dedrick, Sherry Curtis, Kenny Dedrick, Phil Dedrick, Melissa McAllister, Dr. William Coltharp, Dr. Mark Koenig, Dr. John McPherson, Dr. Esmeraldo Herrera, Dr. Colin Funk, Darrell Baker, Dr. Donna K. Arnett, Dr. Paul Roach, Dr. Craig Pratt, Anita Glover, Dr. Saji Jacob and Dr. Alfred Stanley.

All of these transcripts were necessary to prepare for and/or conduct the trial of this case. Notably, Plaintiff Dedrick, Dr. Herrera, Dr. Arnett, Cr. Roach and Dr. Pratt all testified live at trial. Furthermore, the videotaped depositions of treating physicians Dr. William Coltharp and Dr. Mark Koenig, and Merck sales representative Melissa McAllister were actually played at trial. Finally, although the testimony of Dr. John McPherson, Dr. Colin Funk, Darrell Baker, Sherry Curtis, Kenny Dedrick and Phil Dedrick was not actually entered into evidence at trial, all of these witnesses appeared on Plaintiff's "may call" list and it was necessary for Merck to obtain a transcript of their depositions to prepare for trial. These transcripts were also necessary to prepare for expert witness examinations, and for potential cross-examinations of other witnesses. Likewise, the deposition transcripts of witnesses Anita Glover, Dr. Saji Jacob and Dr. Alfred Stanley (individuals involved in certain post-litigation testing of Mr. Dedrick) were necessary to prepare for the examinations of fact and expert witnesses who testified at trial. .

849432v.1

In sum, all depositions were necessarily and reasonably obtained for use in the case and, specifically, for purposes of evidence presented at trial or trial preparation.

**B. Fees of the Court Reporter for Trial Transcripts**

Recovery of costs for a transcript of the trial proceedings is governed by 28 U.S.C. § 1920(2). Fifth Circuit law is clear that costs of daily transcripts may be awarded if the copies were necessarily obtained for use in the case. "To award the cost of daily transcripts, the court must find that they were 'not obtained primarily for the convenience' of the parties but were 'necessarily obtained for use in this case.'" *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994) (upholding award of transcript costs to prevailing party when "necessary to [Defendant's] successful verdict from the jury") (citing *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991)).

A district court in this circuit has recently awarded the cost of daily transcripts in a "complicated" case involving "much technical and specialized testimony by expert witnesses." *See Tellus Operating Group, LLC v. R&D Pipe Co.*, No. 2:04cv418-KS-MTP, 2006 U.S. Dist. LEXIS 90204, at *8 (S.D. Miss. Dec. 13, 2006). The *Tellus* court further found where "both parties agreed that daily transcripts would be beneficial" and to split the costs, "it was an overt admission that daily transcripts were needed and advisable." *Tellus*, 2006 U.S. Dist. LEXIS 90204, at *8.

In this case, evidence presented to the jury was complicated, the trial involved substantial technical and specialized testimony by expert witnesses, and both parties agreed to split the costs of daily transcripts. The fast-paced nature of this trial demanded the use of daily transcripts for preparing for the examinations of live witnesses, jury charge and jury instructions, motions, and

4

closing arguments.  Merck's counsel used the expedited trial and hearing transcripts for precisely these necessary purposes.

## CONCLUSION.

For reasons and authorities cited herein, the costs set forth in Merck's affidavit and supporting exhibits and documentation should be taxed against Plaintiff and his attorneys.

Dated:  January 16, 2007                        Respectfully submitted,


                                                /s/ Dorothy H. Wimberly
                                                Phillip A. Wittmann, 13625
                                                Dorothy H. Wimberly, 18509
                                                STONE PIGMAN WALTHER WITTMANN, LLC
                                                546 Carondelet Street
                                                New Orleans, LA  701310
                                                Phone: 504-581-3200
                                                Fax:    504-581-3361

                                                Defendant's Liaison Counsel

                                                —and—

                                                Philip S. Beck
                                                Mark S. Ouweleen
                                                Carrie A. Jablonski
                                                BARLIT BECK MERMAN PALENCHAR  &
                                                SCOTT LLP
                                                54 W. Hubbard Street, Suite 300
                                                Chicago, IL 60610
                                                Phone:  312-494-4400
                                                Fax:    312-494-4440

                                                Douglas R. Marvin
                                                M. Elaine Horn
                                                WILLIAMS & CONNOLLY LLP
                                                725 Twelfth Street, N.W.
                                                Washington, D.C.  20005
                                                Phone: 202-434-5000
                                                Fax:    202-434-5029

                                                Attorneys for Merck & Co., Inc.

849432v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Merck & Co., Inc.'s Memorandum in Support of its Motion for Taxation of Costs, and Declaration in Support of Bill of Costs with attached Exhibits has been served on Liaison Counsel, Russ Herman and Phillip Wittman, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 16th day of January, 2007.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER WITTMANN, LLC
546 Carondelet Street
New Orleans, LA  701310
Phone: 504-581-3200
Fax:    504-581-3361
dwimberly@stonepigman.com

Defendant's Liaison Counsel

6

849432v.1