# Exhibit L

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**IN RE:   VIOXX
PRODUCTS LIABILITY LITIGATION**

**MDL NO. 1657**

**SECTION: L**

**JUDGE FALLON
MAG. JUDGE KNOWLES**

**JOINT OBJECTIONS AND RESPONSES TO
PLAINTIFFS STEERING COMMITTEE'S NOTICES
OF 30(B)(6) DEPOSITIONS**

## JOINT OBJECTIONS AND RESPONSES OF MERCK & CO., INC.'S INSURERS TO PLAINTIFFS' SUBPOENAS AND NOTICES OF 30(B)(6) DEPOSITIONS

Non-Parties, American Alternative Insurance Company, CNA Casualty of California, Columbia Casualty Company, Continental Casualty Company, Continental Insurance Company, Federal Insurance Company, Lexington Insurance Company, North Rock Insurance Company, Ltd.[1] and Steadfast Insurance Company (collectively "The Insurers"), by and through their attorneys, hereby make the following General and Specific Objections to Plaintiffs' Steering Committee ("PSC") Subpoenas and Notices of 30(B)(6) Depositions dated November 20, 2006 (the "Deposition Notice"). To minimize repetitive objections, The Insurers file this collective response to the Subpoenas and Deposition Notices. This joint submission is intended to respond to all Subpoenas and Deposition Notices served on each insurer.

---

[1]   North Rock Insurance Company Limited ("North Rock") does not believe that it has been properly served with any Subpoena or Deposition Notice by Plaintiffs' Steering Committee but submits these responses as a protective matter in the event it has been served. North Rock, however, and any other Insurer that has not been properly served, reserves the right to take the position that it has no obligation to respond to any non-party discovery in this action unless and until it is properly served

## GENERAL OBJECTIONS

Each deposition topic is responded to subject to the General Objections set forth herein. Thus the General Objections are part of the response to each deposition topic. In addition, by responding to or asserting specific objections to any deposition topic, The Insurers in no way intend to waive any of their General Objections. The Insurers have not designated any witnesses to testify pending a court order; however, they reserve their rights to raise additional objections during any deposition.

1.    The Insurers object to the Deposition Notice to the extent it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense privilege, or any other rule, privilege, protection, or confidentiality. To the extent any information subject to a privilege or other protection from disclosure is inadvertently produced in response to the Deposition Notice, such production is not to be construed as a waiver of such privilege or protection.

2.    The Insurers object to the Deposition Notice to the extent it is overly broad, unduly burdensome, harassing, and vexatious.

3.    The Insurers object to the Deposition Notice to the extent the PSC has failed to comply with Fed. R. Civ. P.45(c)(1) and has not taken reasonable steps to avoid the undue burden and/or expense the Deposition Notice imposes on The Insurers.

4.    The Insurers object to the Deposition Notice to the extent it seeks disclosure of information that is not relevant to any claim, issue, or defense that is pleaded in the action captioned In Re: Vioxx Product Liability Litigation, MDL 1657 (E.D.La.) (the "MDL Litigation") nor reasonably calculated to lead to the discovery of admissible evidence.

5.     The Insurers object to the Deposition Notice to the extent it seeks disclosure of opinions, mental impressions, conclusions or legal theories of The Insurers, their counsel or other representatives.

6.     The Insurers object to the Deposition Notice as unduly burdensome and oppressive insofar as it seeks information already in the possession or control of PSC or PSC's agents or representatives, information to which PSC has equal access, or information which is available from a more convenient source.

7.     The Insurers object to the Deposition Notice to the extent it seeks information that has already been provided to PSC by Merck.

8.     The Insurers object to the Deposition Notice to the extent it seeks information relating to reserves that may have been established by The Insurers, on the following grounds:

        (i)     such deposition topics are overly broad, unduly burdensome, oppressive, and vexatious;

        (ii)    such deposition topics invade the privacy of other insureds;

        (iii)   such deposition topics seek confidential information, and/or trade secrets and/or information protected by the attorney-client privilege or work product doctrine;

        (iv)    such deposition topics seek information neither relevant to any claim, issue, or defense that is pleaded in the MDL Litigation nor reasonably calculated to lead to the discovery of admissible evidence; and

        (v)     the disclosure of such information is adverse to public policy.

9.     The Insurers object to the Deposition Notice to the extent it seeks information relating to The Insurers' reinsurance arrangements or communications with reinsurers upon the following grounds:

        (i)     such deposition topics are overly broad, unduly burdensome, oppressive, and vexatious;

3

(ii)     such deposition topics are invasive to the privacy of other
        insureds and The Insurers should not be forced to disclose
        such privileged, proprietary and/or confidential information to
        the detriment of its other insureds;

(iii)    such deposition topics seek confidential information, and/or
        trade secrets;

(iv)    such deposition topics seek information neither relevant to
        any claim, issue, or defense that is pleaded in the MDL
        Litigation nor reasonably calculated to lead to the discovery
        of admissible evidence; and

(v)     to the extent that The Insurers communicated with its
        reinsurers in the anticipation of litigation, any such
        information is protected from discovery by the applicable
        Federal Rules of Civil Procedure and privileged under the
        attorney-client privilege or work product doctrine.

10.     The Insurers object to the Deposition Notice to the extent it seeks

information pertaining to insurance policies issued by insurers other than the insurer to

whom the Deposition Notice is directed as overly broad, unduly burdensome,

oppressive and not reasonably calculated to lead to the discovery of admissible

evidence. Further, The Insurers object to the Deposition Notice to the extent it was

served on companies that have never insured Merck. The use of the term "Insurers"

herein should not be understood to mean that the recipients of the Deposition Notice

actually issued policies to Merck.

11.     The Insurers object to the Deposition Notice to the extent it seeks

information not in the possession, custody, or control of The Insurers.

12.     The Insurers object to the Deposition Notice to the extent it is not limited to

the time relevant to the MDL Litigation on the grounds that such deposition topics seek

information that is neither relevant to any claim, issue, or defense that is pleaded in the

MDL Litigation nor likely to lead to the discovery of admissible evidence. The Insurers

further object to such deposition topics as being overly broad and unduly burdensome.

4

13.     The Insurers object to the Deposition Notice to the extent it seeks disclosure of information that constitutes confidential business information, trade secrets, proprietary information, or other confidential information or material of The Insurers.

14.     The Insurers object to the Deposition Notice to the extent it seeks disclosure of information that constitute or contain confidential business information, trade secrets, proprietary information, or other confidential information or material of Merck, or any of their other insureds.

15.     The Insurers object to the Deposition Notice to the extent it seeks disclosure of an individual's health related information, and/or seeks information that would violate any confidentiality/privacy expectation a medical patient has in his/her medical record.

16.     The Insurers object to the Deposition Notice to the extent it seeks information that would violate any constitutional, statutory, common law, or other privacy interest of any current or former employee, representative, or insured of The Insurers.

17.     The Insurers object to the Deposition Notice to the extent it seeks disclosure of information related to any other insured of The Insurers on the grounds that it is overly broad, unduly burdensome, oppressive, harassing and vexatious, seeks information that is neither relevant to any claim, issue, or defense that is pleaded in the MDL Litigation nor reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is confidential or otherwise proprietary and they are bound by law, custom, or expectations of third parties to maintain as confidential.

18.     The Insurers object to the Deposition Notice to the extent it seeks information relating to the drafting history, negotiation, and/or prior interpretations of the

policies they issued Merck, if any, on the grounds that the language of such policies is clear and unambiguous and the terms and conditions speak for themselves. Furthermore, to the extent the Deposition Notice seeks information relating to the drafting history and prior interpretations of policies other than the liability policies The Insurers issued to Merck for the relevant period, it is overly broad and seeks information which is not relevant to any claim, issue, or defense that is pleaded in the MDL Litigation and as to which it would be unduly burdensome to locate and identify knowledgeable witnesses.

19.   The Insurers object to the Deposition Notice to the extent it is unduly burdensome and oppressive, and the burden of producing a witness on the topic far outweighs any benefit to the PSC with respect to the issues in the MDL Litigation, especially with respect to such information which may be obtained by PSC from other sources.

20.   The Insurers object to the Deposition Notice to the extent it is vague and ambiguous in that The Insurers are unable to determine what information is sought.

21.   The Insurers object to the Deposition Notice to the extent it seeks information subject to a Confidentiality Order, including but not limited to the Confidentiality Order issued in the arbitration captioned *SR International Business Insurance, LTD., et. al. v. Merck & Co., Inc.*, and/or the confidentiality restrictions imposed by English law upon such arbitration materials or information.

22.   The Insurers object to the Definitions contained in the Deposition Notice as vague, ambiguous, overly broad, and unduly burdensome. The Insurers further object to the Definitions contained in the Deposition Notice to the extent that they impose obligations upon The Insurers inconsistent with those imposed by the Federal Rules of Civil Procedure or applicable case law.

6

23.    The Insurers object to the Deposition Notice to the extent that they seek information related to, and appear to be directed at an entity denominated as "Continental," and as such the Deposition Notice is unintelligible.  For purposes of the Deposition Notice, The Insurers construe the references to Continental to mean The Insurers.

24.    The Insurers object to the definition of the terms "Identify" and "Identity" and each deposition topic incorporating these terms on the grounds that they are vague, ambiguous, overly broad, seek irrelevant information, seek to impose undue burden and expense, and are not reasonably calculated to lead to the discovery of admissible evidence.

25.    The Insurers object to the definition of the term "Person" and forms thereof and each deposition topic that incorporates this term on the grounds that they are vague, ambiguous, overly broad, require an unduly burdensome search of The Insurers' records, cover persons and business entities that are not relevant to the subject matter of the MDL Litigation, and purport to require The Insurers to supply information that is not available to them and/or within their possession, custody or control.

26.    The Insurers object to the definition of the term "Insurance" and each deposition topic which incorporates this term to the extent it seeks information pertaining to insurance policies other than liability policies The Insurers issued to Merck and which are subject to Merck's claim for coverage for Vioxx products liability liabilities, on the grounds that they are overly broad, unduly burdensome, oppressive, harassing and vexatious and seek information that is neither relevant to any claim, issue, or defense that is pleaded in the MDL Litigation nor reasonably calculated to lead to the discovery of admissible evidence.

7

27. The Insurers object to the definition of the phrase "Relate To" and forms thereof and each deposition topic which incorporates these terms, on the grounds that they are vague and ambiguous and do not describe the information sought with sufficient particularity. The Insurers further object to each deposition topic containing this phrase or a form thereof on the grounds that it is overly broad, unduly burdensome, oppressive, harassing and vexatious, and seek information that is neither relevant to any claim, issue, or defense that is pleaded in the MDL Litigation nor reasonably calculated to lead to the discovery of admissible evidence. For purposes of the Deposition Notice, The Insurers construe these terms to encompass information which reasonably can be determined to refer to the MDL litigation.

## SPECIFIC OBJECTIONS TO DEPOSITION TOPICS CONTAINED IN THE DEPOSITION NOTICE

1. The identity of Continental's corporate officers, managers, underwriters, sales personnel, or any other personnel who were and are responsible for the sale and/or underwriting of policies of insurance to Merck, Merck's subsidiaries, and/or other entity with respect to whose policies of insurance Merck and/or Merck subsidiaries appears as an additional named insured, including their titles, duties and dates of such responsibility.

**The Insurers object to the deposition topic on the grounds that it is overly broad and unduly burdensome. The Insurers object to the deposition topic on the grounds that it is vague and ambiguous. The Insurers object to the deposition topic on the grounds that it seeks information that is beyond the scope of insurance information discoverable under Rule 26 of the Federal Rules of Civil Procedure, is not relevant to any claim, issue, or defense that is pleaded in the MDL Litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. The Insurers further object to the deposition topic to the extent that it seeks information related to an insurer other than the insurer to whom the deposition topic is directed. But see General Objection 23.**

2. Any and all policies of insurance issued by [The Insurers] to Merck and/or Merck subsidiaries, or as to which Merck and/or Merck subsidiaries are named as additional named insured(s), including:

8

a.      The dates of issue and effective dates of any such policies;

b.      The types of policies (e.g. Commercial General Liability (CGL), Completed Products Hazards, Professional Liability, etc.);

c.      The limits of insurance provided under any such policies;

d.      Any modifications and/or endorsements to any such policies during the policy period;

e.      The time and place of delivery of any such policies.

**The Insurers object to the deposition topic on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome. The Insurers object to the deposition topic to the extent that it seeks information that is not relevant to any claim, issue or defense that is pleaded in the MDL litigation, and it is not reasonably calculated to lead to the discovery of admissible evidence. The Insurers further object to the deposition topic on the grounds that it seeks information beyond the scope of Rule 26 of the Federal Rules of Civil Procedure relating to insurance coverage to the extent it seeks information related to insurance policies that would not respond to or indemnify Merck with respect to any judgment that may be entered against Merck in this litigation. The Insurers further object to this deposition topic because they understand that Merck has already produced copies of the policies issued by The Insurers, if any, that are subject to Merck's claim for coverage for Vioxx products liability liabilities.**

3.      The identity of Continental's corporate officers, managers, claims handling personnel, or any other personnel, either directly employed by [The Insurers] or acting on its behalf, who were and are responsible for handling any and all claims relating to Vioxx, including their titles, duties and dates of such responsibility.

**The Insurers object to this deposition topic on the grounds that it is vague, ambiguous and confusing, overly burdensome and seeks information that is beyond the scope of Rule 26 of the Federal Rules of Civil Procedure as to insurance information that is discoverable. The Insurers object to the deposition topic on the grounds that it seeks information that is not relevant to any claim, issue, or defense that is pleaded in the MDL Litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. The Insurers further object to the deposition topic to the extent that it seeks information related to an insurer other than the insurer to whom the deposition topic is directed. But see General Objection 23.**

4.     Any notification(s) of claims, tender of defenses, and/or requests/claims for indemnity, by Merck, its subsidiaries, and/or anyone acting on behalf of Merck and/or its subsidiaries, to [The Insurers] with respect to any and all claims relating to Vioxx, including:

      a.     the time, place, and manner of notification;

      b      the person(s) providing the notice on behalf of Merck;

      c.     any and all ongoing procedures for notifying [The Insurers] of any such claims after notice of the first such claim;

      d.     the identity of any person or person(s) acting on behalf of [The Insurers] responsible for receiving notice of claims relating to the ingestion of Vioxx.

**The Insurers object to the deposition topic on the grounds that it is overly broad and unduly burdensome. The Insurers object to the deposition topic on the grounds that it is beyond the scope insurance information discoverable under Rule 26 of the Federal Rules of Civil Procedure, it seeks information that is not relevant to any claim, issue, or defense that is pleaded in the MDL Litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. The Insurers further object to the deposition topic on the grounds that the information sought, to the extent discoverable, can be obtained by PSC from a party to this litigation without imposing a burden upon non-parties**

5.     Any investigation by you or anyone acting on your behalf into any claims relating to Vioxx, including the extent of the investigation; any materials reviewed in the course of any such investigation; the identities of any persons conducting any such investigation; any and all conclusions drawn as a result of any such investigation, including but not limited to any determinations as to the availability of coverage.

**The Insurers object to the deposition topic on the grounds that it is overly broad and unduly burdensome. The Insurers object to the deposition topic on the grounds that it is vague and ambiguous. The Insurers object to the deposition topic to the extent it seeks information that is beyond the scope of insurance information that is discoverable under Rule 26 of the Federal Rules of Civil procedure, is not relevant to any claim, issue, or defense that is pleaded in the MDL Litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. The Insurers object to the deposition topic to the extent it seeks confidential, private and/or proprietary business information of The Insurers, Merck or a third party. The Insurers further object to the deposition topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the work-product doctrine.**

10

6.     Any determinations on the part of [The Insurers] and/or anyone acting on behalf of [The Insurers] with respect to the availability of coverage under any policy issued by [The Insurers] for any claims relating to Vioxx, including the factual basis for any such determination; the identities of persons employed by you or acting on your behalf who made any such determination; and any communications with Merck its subsidiaries and/or anyone acting on their behalf with respect to any such determination.

**The Insurers object to the deposition topic on the grounds that it is overly broad and unduly burdensome, vague and ambiguous. The Insurers object to the deposition topic on the grounds that it seeks information that is beyond the scope of insurance information discoverable under Rule 26 of the Federal Rules of Civil Procedure, is not relevant to any claim, issue, or defense that is pleaded in the MDL Litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. The Insurers object to the deposition topic to the extent it seeks confidential, private and/or proprietary business information of The Insurers, Merck or a third party. The Insurers further object to the deposition topic to the extent it seeks information protected from disclosure by the attorney-client privilege and/or work-product doctrine.**

7.     Any coverage defenses asserted by [The Insurers] and/or anyone acting on the insurer's behalf which [The Insurers] contends precludes or limits coverage for claims arising from ingestion of Vioxx under any policies issued by [The Insurers] to Merck and/or its subsidiaries or on which Merck and/or its subsidiaries appear as additional named insured(s), including:

        a.    any coverage exclusions and/or endorsements to any such policy which [The Insurers] asserts acts to bar any such coverage;

        b.    any assertion that Merck, its subsidiaries and/or any entity insured under a policy as to which Merck and/or its subsidiaries appears as an additional named insured breached any obligation under the policy, which breach [The Insurers] contends precludes and/or limits coverage for claims relating to Vioxx;

        c.    any assertion that any claims relating to Vioxx do not fall within the scope of coverage afforded by any policy of insurance issued by [insured] to Merck and/or its subsidiaries or as to which Merck and/or its subsidiaries appear as additional named insured(s);

        d.    The factual bases for any of the foregoing assertions.

11

The Insurers object to the deposition topic on the grounds that it is
overly broad and unduly burdensome, vague and ambiguous. The
Insurers object to the deposition topic on the grounds that it seeks
information that is beyond the scope of insurance information
discoverable under Rule 26 of the Federal Rules of Civil Procedure,
is not relevant to any claim, issue, or defense that is pleaded in the
MDL Litigation, and is not reasonably calculated to lead to the
discovery of admissible evidence. The Insurers further object to the
deposition topic to the extent it seeks information protected from
disclosure by the attorney-client privilege and/or the work product
doctrine.

8.     The drafting of any and all correspondence between [The Insurers] and
anyone acting on Continental's behalf and Merck, its subsidiaries, and/or anyone acting
on behalf of Merck and/or its subsidiaries with respect to the availability of coverage
under any policies issued by [The Insurers] for claims relating to Vioxx, including any
"reservation of rights" letters.

The Insurers object to the deposition topic on the grounds that it is
overly broad and unduly burdensome. The Insurers object to the
deposition topic on the grounds that it seeks information that is
beyond the scope of insurance information discoverable under Rule
26 of the Federal Rules of Civil Procedure, is not relevant to any
claim, issue, or defense that is pleaded in the MDL Litigation, and is
not reasonably calculated to lead to the discovery of admissible
evidence. The Insurers object to the deposition topic to the extent it
seeks confidential, private and/or proprietary business information
of The Insurers, Merck or a third party. The Insurers further object to
the deposition topic to the extent that it seeks information related to
an insurer other than the insurer to whom the deposition topic is
directed. But see General Objection 23.

9.     The identities of any insurance agents and/or brokers (including
intermediate or third party brokers) involved in the placement of any policies of
insurance issued by [The Insurers] to Merck and/or its subsidiaries or as to which Merck
and/or its subsidiaries appear as additional named insured(s).

The Insurers object to the deposition topic on the grounds that it is
overly broad and unduly burdensome. The Insurers further object to
the deposition topic on the grounds that it seeks information that is
beyond the scope of insurance information discoverable under Rule
26 of the Federal Rules of Civil Procedure, is not relevant to any
claim, issue, or defense that is pleaded in the MDL Litigation, and is
not reasonably calculated to lead to the discovery of admissible
evidence. The Insurers further object to this request on the grounds
that the information sought, to the extent discoverable, can be
obtained by the PSC from a party to this litigation without imposing a
burden upon the non-party Insurers.

12

10.     Any and all communications between [The Insurers] and/or anyone acting on insurer's behalf and Merck, its subsidiaries, or anyone acting on their behalf with respect to the scope of coverage offered by any policy issued by [The Insurers] to Merck and/or its subsidiaries or as to which Merck and/or its subsidiaries appear as additional named insured(s), whether such communications occurred before, at the time of, or after placement of any such policies.

**The Insurers object to the deposition topic on the grounds that it is overly broad and unduly burdensome. The Insurers further object to the deposition topic on the grounds that it seeks information that is beyond the scope of insurance information discoverable under Rule 26 of the Federal Rules of Civil Procedure, is not relevant to any claim, issue, or defense that is pleaded in the MDL Litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. The Insurers further object to this request on the grounds that the information sought, to the extent discoverable, can be obtained by the PSC from a party to this litigation without imposing a burden upon the non-party Insurers.**

11.     The identities of any personnel employed by Merck and/or its subsidiaries or those acting on their behalf with whom any personnel employed by [The Insurers] and/or those acting on its behalf has dealt or is currently dealing with respect to:

> a.     The placement of insurance policies insuring Merck and/or its subsidiaries or as to which Merck and/or its subsidiaries appear as additional named insured(s);
>
> b.     Claims handling with respect to any claims relating to Vioxx;
>
> c.     marketing of policies of insurance, regardless of whether any such policies were actually placed.

**The Insurers object to the deposition topic on the grounds that it is overly broad and unduly burdensome. The further object to the deposition topic on the grounds that it seeks information that is beyond the scope of  insurance information discoverable under Rule 26 of the Federal Rules of Civil Procedure, is not relevant to any claim, issue, or defense that is pleaded in the MDL Litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. The Insurers further object to this request on the grounds that the information sought, to the extent discoverable, can be obtained by the PSC from a party to this litigation without imposing a burden upon the non-party Insurers.**

12.     Any marketing materials, sales brochures, advertisements, and/or sales or marketing manuals issued by [The Insurers] and/or anyone acting on your behalf with respect to any policies of insurance sold and/or offered for sale to Merck and/or its

13

subsidiaries or any entity insured under policies issued by [The Insurers] as to which Merck and/or its subsidiaries appear as additional named insured(s).

> **The Insurers object to the deposition topic on the grounds that it is overly broad in time and scope, and unduly burdensome. The Insurers object to the deposition topic on the grounds that it is vague and ambiguous. The Insurers further object to the deposition topic on the grounds that it seeks information that is beyond the scope of insurance information discoverable under Rule 26 of the Federal Rules of Civil Procedure, is not relevant to any claim, issue, or defense that is pleaded in the MDL Litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.**

13.   Any and all loss control investigations, site visits, inspections, and/or reports conducted and/or prepared in connection with the issuance of policies of insurance to Merck, its subsidiaries, and/or any entity insured under a policy as to which Merck and/or its subsidiaries appear as an additional named insured, particularly as related to the development, research, sale, distribution, advertisement, and/or marketing of pharmaceutical products, including but not limited to Vioxx. Excluded from this deposition topic are any loss control measures relating to protection of Merck employees from hazards associated with the operations of Merck and/or its subsidiaries (e.g. premises liability, manufacturing hazards, shipping hazards, etc.). Expressly included in the scope of this deposition topic, however, is any such information as it relates to conduct of research studies and protection of human research subjects.

> **The Insurers object to the deposition topic on the grounds that it is overly broad and unduly burdensome. The Insurers object to the deposition topic on the grounds it seeks information that is beyond the scope of insurance information discoverable under Rule 26 of the Federal Rules of Civil Procedure, is not relevant to any claim, issue, or defense that is pleaded in the MDL Litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. The Insurers object to the deposition topic on the grounds that the terminology "loss control investigations" is not defined, vague and ambiguous and The Insurers are unable to determine what information is sought, and it is likely to lead to confusing, misleading, inaccurate, or incomplete testimony.**

14.   Any communications between [The Insurers] and any state insurance commissioner, state attorney general, and/or any other state insurance regulatory body regarding any policy term(s) which [The Insurers] contends act to bar and/or limit coverage for claims relating to Vioxx.

> **The Insurers object to the deposition topic on the grounds it is overly broad and unduly burdensome. The Insurers object to the deposition topic on the grounds it seeks information that is beyond the scope of insurance information discoverable under Rule 26 of**

the Federal Rules of Civil Procedure, is not relevant to any claim,
issue, or defense that is pleaded in the MDL Litigation, and is not
reasonably calculated to lead to the discovery of admissible
evidence. The Insurers object to the deposition topic to the extent it
seeks confidential, private and/or proprietary business information
of The Insurers, Merck or a third party. The Insurers object to this
Request to the extent an Insurer has not adopted a final position with
respect to coverage for any Vioxx related claims. The Insurers
further object to the deposition topic as it is unclear whether the it
seeks information relating specifically to claims involving Vioxx, or
generally to the same terms, conditions, definitions and exclusions
that may be applicable to Vioxx claims but are contained in many
other policies.

15.     Insurance coverage which may cover any personal injury claim against
Defendant, Merck & Co., Inc. for Vioxx related claims.

The Insurers object to the deposition topic on the grounds that it
is vague, ambiguous, overly broad, and unduly burdensome. The
Insurers object to the deposition topic to the extent that it seeks
information that is not relevant to any claim, issue or defense that
is pleaded in the MDL litigation, and it is not reasonably
calculated to lead to the discovery of admissible evidence. The
Insurers object to the deposition topic on the grounds that it
seeks information beyond the scope of Rule 26 of the Federal
Rules of Civil Procedure relating to insurance coverage to the
extent insurance policies are sought that would not respond to or
indemnify Merck with respect to any judgment that may be entered
against Merck in this litigation. The Insurers object to this
deposition topic because they understand that Merck has already
produced copies of the policies issued by the Insurers, if any, that
are subject to Merck's claim for coverage for Vioxx products
liability liabilities. The Insurers further object to the deposition
topic to the extent it seeks to require each of The Insurers to
testify with respect to policies issued by other insurers.

16.     All polices that may afford Merck coverage for Vioxx related claims.

The Insurers object to the deposition topic on the grounds that it
is vague, ambiguous, overly broad, and unduly burdensome. The
Insurers object to the deposition topic to the extent that it seeks
information that is not relevant to any claim, issue or defense that
is pleaded in the MDL litigation, and it is not reasonably
calculated to lead to the discovery of admissible evidence. The
Insurers object to the deposition topic on the grounds that it
seeks information beyond the scope of Rule 26 of the Federal
Rules of Civil Procedure relating to insurance coverage to the
extent insurance policies are sought that would not respond to or

indemnify Merck with respect to any judgment that may be entered against Merck in this litigation.  The Insurers object to this deposition topic because they understand that Merck has already produced copies of the policies issued by the Insurers, if any, that are subject to Merck's claim for coverage for Vioxx products liability liabilities.  The Insurers further object to the deposition topic to the extent it seeks to require each of The Insurers to testify with respect to policies issued by other insurers.

17.    All Vioxx related claims made by or against Merck.

The Insurers object to the deposition topic on the grounds it is overly broad and unduly burdensome.  The Insurers object to the deposition topic on the grounds that it is vague and ambiguous.  The Insurers object to the deposition topic on the grounds that it seeks information that is beyond the scope of insurance information discoverable under Rule 26 of the Federal Rules of Civil Procedure, is not relevant to any claim, issue, or defense that is pleaded in the MDL Litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  The Insurers object to the deposition topic to the extent it seeks confidential, private and/or proprietary business information of The Insurers, Merck or a third party.  The Insurers object to the deposition topic to the extent it seeks information available from a party to the MDL litigation.

18.    All reservation of rights issued in connection with claims made by or against Merck regarding all Vioxx related claims.

The Insurers object to the deposition topic on the grounds that it is overly broad and unduly burdensome.  The Insurers object to the deposition topic on the grounds that it seeks information that is beyond the scope of insurance information discoverable under Rule 26 of the Federal Rules of Civil Procedure, is not relevant to any claim, issue, or defense that is pleaded in the MDL Litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.  The Insurers object to the deposition topic to the extent that it is duplicative of deposition topic 8, and The Insurers, in response to deposition topic 18, repeat and reiterate herein each objection to deposition topic 8.

19.    All insurance arbitrations relating to insurance coverage for any Vioxx related claims.

The Insurers object to the deposition topic on the grounds that it is overly broad and unduly burdensome.  The Insurers object to the deposition topic on the grounds it seeks information that is beyond the scope of information discoverable under Rule 26 of the Federal Rules of Civil Procedure, is not relevant to any claim, issue, or

defense that is pleaded in the MDL Litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. The Insurers object to the deposition topic to the extent that it seeks information subject to one or more Confidentiality Orders. The Insurers who are not parties to any such arbitrations object on the ground that they have no substantive, relevant knowledge about such proceedings

20.    All insurance arbitrations relating to insurance coverage for any Vioxx related settlements.

The Insurers object to this request on the grounds that it is duplicative of deposition topic 19 and, therefore, The Insurers incorporate their response to deposition topic 19 herein.

21.    All subpoenas received from the United States Department of Justice for documents relating to Vioxx.

The Insurers object to the deposition topic on the grounds that it is overly broad and unduly burdensome. The Insurers object to the deposition topic on the grounds it seeks information that is beyond the scope of insurance information discoverable under Rule 26 of the Federal Rules of Civil Procedure, is not relevant to any claim, issue, or defense that is pleaded in the MDL Litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. The Insurers further object to the deposition topic to the extent it seeks information protected by a Confidentiality Order. Subject to and without waiving their objections, The Insurers respond that they never received any subpoenas from the United States Department of Justice for documents relating to Vioxx.

22.    All investigations of Merck by the United States Securities and Exchange Commission.

The Insurers object to the deposition topic on the grounds that it is overly broad and unduly burdensome. The Insurers object to the deposition topic on the grounds it seeks information that is beyond the scope of information discoverable under Rule 26 of the Federal Rules of Civil Procedure, is not relevant to any claim, issue, or defense that is pleaded in the MDL Litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. The Insurers further object to the deposition topic to the extent it seeks information protected by a Confidentiality Order.

23.    All investigations by risk management and/or claims handling personnel for [The Insurers] and/or Merck relating to Vioxx from 1990 to present.

The Insurers object to the deposition topic on the grounds that it is overly broad in time frame and unduly burdensome, and in part seeks information that may be obtained from a party to the litigation without placing a burden on the non-party Insurers. The Insurers object to the deposition topic on the grounds that it is vague and ambiguous. The Insurers further object to the deposition topic on the grounds that it seeks information that is beyond the scope of the information discoverable under Rule 26 of the Federal Rules of Civil Procedure, is not relevant to any claim, issue, or defense that is pleaded in the MDL Litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. The Insurers object to the extent this deposition topic seeks information concerning the knowledge or activities of Merck's agents, employees or representatives and, further, such information concerning Merck's activities, to the extent discoverable, can be obtained from a party to the litigation without imposing a burden upon the non-party Insurers.

Dated:   January 10, 2007

American Alternative Insurance Company

By: _____

William E. McGrath, Jr.
William E. Quackenboss
Smith, Stratton, Wise, Heher & Brennan, LP
2 Research Way
Princeton, NJ 08540
609-924-6000

Continental Casualty Company
Columbia Casualty Company
CNA Casualty Company of California
Continental Insurance Company
North Rock Insurance Company Limited

By: _____

Patrick T. Nash
Zubair Khan
Grippo & Elden LLC

18

110 South Wacker Drive
Chicago, IL 60606-5076
312-704-7711

Carl E. Hellmers III
Friiot Partridge, LC
1100 Poydras Street, Suite 3600
New Orleans, LA 70163
504-599-8000

Federal Insurance Company

By: _____
        Paul N. Farquharson
        Semmes, Bowen & Semmes
        250 West Pratt Street
        Baltimore, MD 21201
        410-576-4742

Steadfast Insurance Company

By: _____
        Antonia B. Ianniello
        Molly Poag
        Steptoe & Johnson LLP
        1330 Connecticut Ave., NW
        Washington, DC 20038-1795
        202-429-3000

        Glen E. Mercer (#21752)
        Salley, Hite, Rivera & Mercer, LLC
        365 Canal Street, Suite 1710
        New Orleans, LA 70130
        504-566-880

19

Steadfast Insurance Company

By: _____
      Antonia B. Ianniello
      Molly Poag
      Steptoe & Johnson LLP
      1330 Connecticut Ave., NW
      Washington, DC  20036-1795
      202-429-3000

      Glen E. Mercer (#21752)
      Salley, Hite, Rivera & Mercer, LLC
      365 Canal Street, Suite 1710
      New Orleans, LA  70130
      504-566-880

Lexington Insurance Company

By: _____
      Marlene Monteleone
      Bivona & Cohen, PC
      Wall Street Plaza, 88 Wall Street
      New York, NY  10005-1886
      212-363-3100

      Charles E. Leche (08218)
      Deutsch, Kerrigan & Stiles, L.O.P.
      755 Magazine Street
      New Orleans, LA  71030-3672
      504-593-0790

23

Steadfast Insurance Company

By: _____

      Antonia B. Ianniello
      Molly Poag
      Steptoe & Johnson LLP
      1330 Connecticut Ave., NW
      Washington, DC 20038-1795
      202-429-3000

      Glen E. Mercer (#21752)
      Salley, Hite, Rivera & Mercer, LLC
      365 Canal Street, Suite 1710
      New Orleans, LA 70130
      504-566-880

Lexington Insurance Company

By: _____

      Marlene Monteleone
      Bivona & Cohen, PC
      Wall Street Plaza
      New York, NY 10005-1886
      212-363-3100

      Charles E. Leche (08218)
      Deutsch, Kerrigan & Stiles, L.L.P.
      755 Magazine Street
      New Orleans, LA 71030-3672
      504-593-0790

11ª South Wacker Drive
Chicago, IL  60606-5076
312-704-7711

Carl E. Hellmers III
Frilot Partridge, LC
1100 Poydras Street, Suite 3600
New Orleans, LA  70163
504-599-8000


Federal Insurance Company

By: _____

Paul N. Farquharson
Semmes, Bowen & Semmes
250 West Pratt Street
Baltimore, MD  21201
410-576-4742


Steadfast Insurance Company


By: _____

Antonia B. Ianniello
Molly Poag
Steptoe & Johnson LLP
1330 Connecticut Ave., NW
Washington, DC  20038-1795
202-429-3000

Glen E. Mercer (#21752)
Salley, Hite, Rivera & Mercer, LLC
365 Canal Street, Suite 1710
New Orleans, LA  70130
504-566-880

19

Lexington Insurance Company

By: _____

    Marlene Monteleone
    Bivona & Cohen, PC
    Wall Street Plaza
    New York, NY  10005-1886
    212-363-3100

    Charles E. Leche (08218)
    Deutsch, Kerrigan & Stiles, L.L.P.
    755 Magazine Street
    New Orleans, LA  71030-3672
    504-593-0790