UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**IN RE:**   **VIOXX**
     **PRODUCTS LIABILITY LITIGATION**

**MDL NO. 1657**

**SECTION: L**

**JUDGE FALLON**
**MAG. JUDGE KNOWLES**

**JOINT OBJECTIONS AND RESPONSES TO**
**PLAINTIFFS STEERING COMMITTEE'S DOCUMENT**
**REQUESTS**

## JOINT OBJECTIONS AND RESPONSES OF MERCK & CO., INC.'S INSURERS TO PLAINTIFFS' SUBPOENAS FOR PRODUCTION OF DOCUMENTS

Non-Parties, American Alternative Insurance Company, CNA Casualty of

California, Columbia Casualty Company, Continental Casualty Company, Continental

Insurance Company, Federal Insurance Company, Lexington Insurance Company,

North Rock Insurance Company, Ltd.[1] and Steadfast Insurance Company (collectively

"The Insurers"), by and through their attorneys, pursuant to Rule 45(c)(2)(B) of the

Federal Rules of Civil Procedure, hereby make the following General and Specific

Objections to each and every Request for Production of Documents, and every subpart

thereof, together with the accompanying Subpoenas for Production of Documents

prepared by or on behalf of the Plaintiffs' Steering Committee (the "Subpoenas"), to

which said Request for Production of Documents is attached as Exhibit A (the

---

[1]      North Rock Insurance Company Limited ("North Rock") does not believe that it has been properly served with any Document Request Subpoenas or Deposition Notices by Plaintiffs' Steering Committee but submits these responses as a protective matter in the event it has been served. North Rock, however, and any other Insurer that has not been properly served, reserves the right to take the position that it has no obligation to respond to any third-party discovery in this action unless and until it is properly served.

"Document Requests"). To minimize repetitive objections, the Insurers file this collective response to the Subpoenas and Document Requests. This joint submission is intended to respond to all Subpoenas and Document Requests served on each insurer.

## GENERAL OBJECTIONS

Each document request is responded to subject to the General Objections set forth herein. Thus the General Objections are part of the response to each document request. In addition, by responding to or asserting specific objections to any document request, The Insurers in no way intend to waive any of their General Objections.

1. The Insurers object to the Document Requests to the extent they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense privilege, or any other rule, privilege, protection, or confidentiality. To the extent any information subject to a privilege or other protection from disclosure is inadvertently produced in response to the Document Requests, such production is not to be construed as a waiver of such privilege or protection.

2. The Insurers object to the Document Requests to the extent they are overly broad, unduly burdensome, harassing, and vexatious.

3. The Insurers object to the Document Requests to the extent the Plaintiffs' Steering Committee ("PSC") has failed to comply with Fed. R. Civ. P.45(c)(1) and has not taken reasonable steps to avoid the undue burden and/or expense the Document Requests impose on The Insurers.

4. The Insurers object to the Document Requests to the extent they seek disclosure of information that is not relevant to any claim, issue, or defense that is pleaded in the action captioned In Re: Vioxx Product Liability Litigation, MDL 1657 (E.D.La.) (the "MDL Litigation") nor reasonably calculated to lead to the discovery of admissible evidence.

5. The Insurers object to the Document Requests to the extent they seek disclosure of opinions, mental impressions, conclusions or legal theories of The Insurers, their counsel or other representatives.

3

6.      The Insurers object to the Document Requests as unduly burdensome
and oppressive insofar as they seek information already in the possession or control of
PSC or PSC's agents or representatives, information to which PSC has equal access,
or information which is available from a more convenient source.

7.      The Insurers object to the Document Requests to the extent they seek
documents that have already been produced to PSC by Merck.

8.      The Insurers object to the Document Requests to the extent they seek
information relating to reserves that may have been established by The Insurers, on the
following grounds:

> (i)      such document requests are overly broad, unduly
> burdensome, oppressive, and vexatious;
>
> (ii)     such document requests invade the privacy of other
> insureds;
>
> (iii)    such document requests seek confidential information,
> and/or trade secrets and/or information protected by the
> attorney-client privilege or work product doctrine;
>
> (iv)     such document requests seek information neither relevant to
> any claim, issue, or defense that is pleaded in the MDL
> Litigation nor reasonably calculated to lead to the discovery
> of admissible evidence; and
>
> (v)      the production of such information is adverse to public
> policy.

9.      The Insurers object to the Document Requests to the extent they seek
information relating to The Insurers' reinsurance arrangements or communications with
reinsurers upon the following grounds:

> (i)      such document requests are overly broad, unduly
> burdensome, oppressive, and vexatious;
>
> (ii)     such document requests are invasive to the privacy of other
> insureds and The Insurers should not be forced to disclose
> such privileged, proprietary and/or confidential information to
> the detriment of its other insureds;

4

      (iii)    such document requests seek confidential information, and/or trade secrets;

      (iv)    such document requests seek information neither relevant to any claim, issue, or defense that is pleaded in the MDL Litigation nor reasonably calculated to lead to the discovery of admissible evidence; and

      (v)    to the extent that The Insurers communicated with its reinsurers in the anticipation of litigation, any such information and/or documents are protected from discovery by the applicable Federal Rules of Civil Procedure and privileged under the attorney-client privilege or work product doctrine.

10.    The Insurers object to the Document Requests to the extent they seek information pertaining to insurance policies issued by insurers other than the insurer to whom the Document Requests are directed as overly broad, unduly burdensome, oppressive and not reasonably calculated to lead to the discovery of admissible evidence. Further, the Insurers object to the Document Requests to the extent they were served on companies that have never insured Merck. The use of the term "Insurers" herein should not be understood to mean that the recipients of the Subpoenas and Document Requests actually issued policies to Merck.

11.    The Insurers object to the Document Requests to the extent they seek information and/or documents not in the possession, custody, or control of The Insurers.

12.    The Insurers object to the Document Requests to the extent they are not limited to the time relevant to the MDL Litigation on the grounds that such document requests seek information and/or documents that are neither relevant to any claim, issue, or defense that is pleaded in the MDL Litigation nor likely to lead to the discovery of admissible evidence. The Insurers further object to such document requests as being overly broad and unduly burdensome.

13.     The Insurers object to the Document Requests to the extent they seek disclosure of information and/or documents that constitute or contain confidential business information, trade secrets, proprietary information, or other confidential information or material of The Insurers.

14.     The Insurers object to the Document Requests to the extent they seek disclosure of information and/or documents that constitute or contain confidential business information, trade secrets, proprietary information, or other confidential information or material of Merck, or any of their other insureds.

15.     The Insurers object to the Document Requests to the extent they seek disclosure of an individual's medical records, and/or seek information and/or documents that would violate any confidentiality/privacy expectation a medical patient has in his/her medical records.

16.     The Insurers object to the Document Requests to the extent they seek information and/or documents that would violate any constitutional, statutory, common law, or other privacy interest of any current or former employee, representative, or insured of The Insurers.

17.     The Insurers object to the Document Requests to the extent they seek disclosure of information and/or documents regarding any other insured of The Insurers on the grounds that they are overly broad, unduly burdensome, oppressive, harassing and vexatious, seek information that is neither relevant to any claim, issue, or defense that is pleaded in the MDL Litigation nor reasonably calculated to lead to the discovery of admissible evidence, and seek documents that are confidential or otherwise proprietary and they are bound by law, custom, or expectations of third parties to maintain as confidential.

18.     The Insurers object to the Document Requests to the extent they seek documents relating to the drafting history, negotiation, and/or prior interpretations of the policies they issued Merck, if any, on the grounds that the language of such policies is clear and unambiguous and the terms and conditions speak for themselves. Furthermore, to the extent the Document Requests seek documents relating to the drafting history and prior interpretations of policies other than the liability policies The Insurers issued Merck, they are overly broad and seek information which is not relevant to any claim, issue, or defense that is pleaded in the MDL Litigation and which would be unduly burdensome to produce.

19.     The Insurers object to the Document Requests to the extent they are unduly burdensome and oppressive, in that the assembly and preparation of a response to the Document Requests would require a search for information and/or documents which are of little or no benefit with respect to the issues in the MDL Litigation, so that the value of its production would be far outweighed by the burden of producing it, especially with respect to such information and/or documents which may be obtained by PSC from other sources.

20.     The Insurers object to the Document Requests to the extent they are vague and ambiguous in that The Insurers are unable to determine what documents are sought, and thus likely to lead to confusing, misleading, inaccurate, or incomplete responses.

21.     The Insurers object to the Document Requests to the extent they seek documents subject to a Confidentiality Order, including but not limited to the Confidentiality Order issued in the arbitration captioned *SR International Business Insurance, LTD., et. al. v. Merck & Co., Inc.*, and/or the confidentiality restrictions imposed by English law upon such arbitration materials or information.

7

22. The Insurers object to the Definitions and Instructions contained in the Document Requests as vague, ambiguous, overly broad, and unduly burdensome. The Insurers further object to the Definitions and Instructions contained in the Document Requests to the extent that they impose obligations upon The Insurers inconsistent with those imposed by the Federal Rules of Civil Procedure or applicable case law.

23. The Insurers object to the Document Requests and Instructions to the extent that they ask The Insurers to produce documents in the possession of an entity denominated as "Continental," and as such the Document Requests are unintelligible. For purposes of the Document Requests, The Insurers construe the references to Continental to mean The Insurers.

24. The Insurers object to the definition of the terms "Identify" and "Identity" and each document request incorporating these terms on the grounds that they are vague, ambiguous, overly broad, seek irrelevant information, seek to impose undue burden and expense, and are not reasonably calculated to lead to the discovery of admissible evidence.

25. The Insurers object to the definition of the term "Person" and forms thereof and each document request that incorporates this term on the grounds that they are vague, ambiguous, overly broad, require an unduly burdensome search of The Insurers' records, cover persons and business entities that are not relevant to the subject matter of the MDL Litigation, and purport to require The Insurers to supply information that is not available to them and/or within their possession, custody or control.

26. The Insurers object to the definition of the term "Insurance" and each document request which incorporates this term to the extent they seek information pertaining to policies other than the liability policies The Insurers issued to Merck and

8

which are subject to Merck's claim for coverage for Vioxx products liability liabilities, on
the grounds that they are overly broad, unduly burdensome, oppressive, harassing and
vexatious and seek information that is neither relevant to any claim, issue, or defense
that is pleaded in the MDL Litigation nor reasonably calculated to lead to the discovery
of admissible evidence.

27.     The Insurers object to the definition of the phrase "Relate To" and forms
thereof and each document request which incorporates these terms, on the grounds
that they are vague and ambiguous and do not describe the information sought with
sufficient particularity.  The Insurers further object to each document request containing
this phrase or a form thereof on the grounds that they are overly broad, unduly
burdensome, oppressive, harassing and vexatious, and seek information that is neither
relevant to any claim, issue, or defense that is pleaded in the MDL Litigation nor
reasonably calculated to lead to the discovery of admissible evidence.  For purposes of
the Document Requests, The Insurers construe these terms to encompass information
which reasonably can be determined to refer to the MDL litigation.

## SPECIFIC OBJECTIONS AND RESPONSES

1.     Any and all policies of insurance issued by [The Insurers] to Merck and/or
Merck subsidiaries, or as to which Merck and/or Merck subsidiaries are named as
additional named insured(s) from the year 1990 to the present.[2]

**The Insurers object to the document request on the grounds that
it is vague, ambiguous, overly broad, and unduly burdensome.
The Insurers object to the document request to the extent that it
seeks information that is not relevant to any claim, issue or
defense that is pleaded in the MDL litigation, and it is not
reasonably calculated to lead to the discovery of admissible
evidence.  The Insurers further object to the document request on
the grounds that it seeks information beyond the scope of Rule 26
of the Federal Rules of Civil Procedure relating to insurance
coverage to the extent insurance policies are sought that would**

---

[2]     For ease of reference, each Request has been modified to reflect that it is jointly made to The
Insurers rather than to each Insurer, individually.  See also General Objection No. 23.

not respond to or indemnify Merck with respect to any judgment that may be entered against Merck in this litigation. The Insurers further object to this document request because they understand that Merck has already produced copies of the policies issued by the Insurers, if any, that are subject to Merck's claim for coverage for Vioxx products liability liabilities.

2. Any and all documents, including but not limited to organizational charts, identifying the person(s) employed by [The Insurers] or acting on Continental's behalf with responsibility for the sale and/or underwriting of policies of insurance to Merck, Merck's subsidiaries, and/or other entity with respect to whose policies of insurance Merck and/or Merck subsidiaries appears as an additional named insured, including their titles, duties and dates of such responsibility.

The Insurers object to the document request on the grounds that it is overly broad and unduly burdensome. The Insurers object to the document request on the grounds that it is vague and ambiguous. The Insurers object to the document request on the grounds that it seeks information that is not relevant to any claim, issue, or defense that is pleaded in the MDL Litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. The Insurers further object to the document request to the extent that it seeks information related to an insurer other than the insurer to whom the document request is directed. But see General Objection 23.

3. Any and all documents, including but not limited to organizational charts, identifying Continental's corporate officers, managers, claims handling personnel, or any other personnel, either directly employed by [The Insurers] or acting on its behalf, who were and are responsible for handling any and all claims relating to Vioxx, including their titles, duties and dates of such responsibility.

The Insurers object to the document request on the grounds that it is unintelligible because it appears to assume that "Continental's" corporate officers, managers and claims handling personnel are employed by or act on behalf of insurers other than Continental. But see General Objection 23. The Insurers object to this document request on the grounds that it is vague, ambiguous and confusing, overly burdensome and seeks information that is beyond the scope of Rule 26 of the Federal Rules of Civil Procedure as to insurance information that is discoverable. The Insurers object to the document request on the grounds that it seeks information that is not relevant to any claim, issue, or defense that is pleaded in the MDL Litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. The Insurers further object to the document request to the extent it calls for documents that do not exist or are not maintained in their regular course of business.

10

4.     Any and all documents maintained by [The Insurers] and/or anyone acting on behalf of The Insurers relating to Vioxx.

> The Insurers object to the document request on the grounds that it is overly broad, unduly burdensome and duplicative of other document requests. The Insurers object to the document request to the extent that it seeks information that is not relevant to any claim, issue, or defense that is pleaded in the MDL Litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. The Insurers object to the document request to the extent it would require them to conduct an extensive search of their files without any showing by PSC that any documents produced would not be duplicative of documents already in the possession of PSC or obtainable through public sources or a party to the litigation. The Insurers object to the document request on the grounds that it requires them to conduct an extensive search of files within and outside the United States, to the extent documents of certain insurers may be located outside of the United States, without any showing by PSC that any documents produced would not be duplicative of documents already obtained by PSC or obtainable through public sources or a party to the litigation. The Insurers further object to the document request to the extent it seeks information protected from disclosure by the attorney-client privilege and the work-product doctrine.

5.     Any and all documents regarding notification(s) of claims, tender of defenses, and/or requests/claims for indemnity, by Merck, its subsidiaries, and/or anyone acting on behalf of Merck and/or its subsidiaries, to [The Insurers] with respect to any and all claims relating to Vioxx.

> The Insurers object to the document request on the grounds that it is overly broad and unduly burdensome. The Insurers object to the document request on the grounds that it seeks information that is not relevant to any claim, issue, or defense that is pleaded in the MDL Litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. The Insurers further object to the document request on the grounds that the documents sought, to the extent discoverable, can be obtained by PSC from a party to this litigation without imposing a burden upon non-parties.

6.     Any and all documents regarding any investigation by you or anyone acting on your behalf into any claims relating to Vioxx.

> The Insurers object to the document request on the grounds that it is overly broad and unduly burdensome. The Insurers object to the document request on the grounds that it is vague and ambiguous. The Insurers object to the document request to the extent that it seeks information that is not relevant to any claim, issue, or defense

that is pleaded in the MDL Litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. The Insurers object to the document request to the extent it seeks confidential, private and/or proprietary business information of The Insurers, Merck or a third party. The Insurers further object to the document request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

7.     Any and all materials reviewed by you and/or anyone acting on your behalf in connection with any investigation into claims relating to Vioxx.

The Insurers object to the document request on the grounds that it is overly broad and unduly burdensome. The Insurers object to the document request on the grounds that it is vague and ambiguous. The Insurers object to the document request on the grounds that it seeks information that is not relevant to any claim, issue, or defense that is pleaded in the MDL Litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. The Insurers object to the document request to the extent it seeks information protected from disclosure by the attorney-client privilege and the work-product doctrine. The Insurers further object to the document request to the extent that it seeks documents subject to a Confidentiality Order.

8.     Any and all materials considered and/or relied upon by you and/or anyone acting on your behalf in reaching any determination with respect to coverage for claims relating to Vioxx.

The Insurers object to the document request on the grounds that it is overly broad and unduly burdensome, vague and ambiguous. The Insurers object to the document request on the grounds that it seeks information that is beyond the scope of insurance information discoverable under Rule 26 of the Federal Rules of Civil Procedure, is not relevant to any claim, issue, or defense that is pleaded in the MDL Litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. The Insurers object to the document request to the extent it seeks confidential, private and/or proprietary business information of The Insurers, Merck or a third party. The Insurers further object to the document request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the work product doctrine.

9.     Any and all documents, including but not limited to reports, memoranda, and/or correspondence reflecting any coverage determinations made by your and/or anyone acting on your behalf with respect to claims relating to Vioxx.

The Insurers object to the document request on the grounds that it is overly broad and unduly burdensome, vague and ambiguous. The Insurers object to the document request on the grounds that it seeks information that is beyond the scope of insurance information discoverable under Rule 26 of the Federal Rules of Civil Procedure, is not relevant to any claim, issue, or defense that is pleaded in the MDL Litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. The Insurers further object to the document request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the work product doctrine.

10.     Any and all documents which reflect the factual basis for any coverage defenses you intend to assert with respect to claims relating to Vioxx.

The Insurers object to the document request on the grounds that it is overly broad and unduly burdensome. The Insurers object to the document request on the grounds that it is vague and ambiguous. The Insurers object to the document request on the grounds that it seeks information that is beyond the scope of insurance information discoverable under Rule 26 of the Federal Rules of Civil Procedure, is not relevant to any claim, issue, or defense that is pleaded in the MDL Litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. The Insurers object to this request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege or the work-product doctrine. The Insurers further object to the document request to the extent it calls for production of documents in support of any legal position that has not been asserted by The Insurers.

11.     Any and all documents reflecting correspondence between [The Insurers] and anyone acting on Continental's behalf and Merck, its subsidiaries, and/or anyone acting on behalf of Merck and/or its subsidiaries with respect to the availability of coverage under any policies issued by The Insurers for claims relating to Vioxx, including any "reservation of rights" letters.

The Insurers object to the document request on the grounds that it is overly broad and unduly burdensome. The Insurers object to the document request on the grounds that it seeks information that is beyond the scope of insurance information discoverable under Rule 26 of the Federal Rules of Civil Procedure, is not relevant to any claim, issue, or defense that is pleaded in the MDL Litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. The Insurers object to the document request to the extent it seeks confidential, private and/or proprietary business information of The Insurers, Merck or a third party. The Insurers object to the document request to the extent the documents and information sought can be obtained by the PSC from a party to the litigation

without imposing a burden upon the non-party Insurers. The Insurers further object to the document request to the extent that it seeks information related to an insurer other than the insurer to whom the document request is directed. But see General Objection 23.

12. Any documents, including organizational charts, relating to the identities of any insurance agents and/or brokers (including intermediate or third party brokers) involved in the placement of any policies of insurance issued by [The Insurers] to Merck and/or its subsidiaries or as to which Merck and/or its subsidiaries appear as additional named insured(s).

The Insurers object to the document request on the grounds that it is overly broad and unduly burdensome. The Insurers further object to the document request on the grounds that it seeks information that is beyond the scope of insurance information discoverable under Rule 26 of the Federal Rules of Civil Procedure, is not relevant to any claim, issue, or defense that is pleaded in the MDL Litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. The Insurers further object to this request on the grounds that the documents or information sought, to the extent discoverable, can be obtained by the PSC from a party to this litigation without imposing a burden upon the non-party Insurers.

13. Any and all documents reflecting communications between [The Insurers] and/or anyone acting on Continental's behalf and Merck, its subsidiaries, or anyone acting on their behalf with respect to the scope of coverage offered by any policy issued by [The Insurers] to Merck and/or its subsidiaries or as to which Merck and/or its subsidiaries appear as additional named insured(s), whether such communications occurred before, at the time of, or after placement of any such policies.

The Insurers object to the document request on the grounds that it is overly broad, duplicative of other document requests, unduly burdensome, vague, ambiguous and confusing. The Insurers object to the document request on the grounds that it seeks information that is not relevant to any claim, issue, or defense that is pleaded in the MDL Litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. The Insurers object to the document request to the extent the documents and information sought can be obtained by the PSC from a party to the litigation without imposing a burden upon the non-party Insurers. The Insurers further object to the document request to the extent it seeks information related to an insurer other than the insurer to whom the document request is directed. But see General Objection 23.

14. Any marketing materials, sales brochures, advertisements, and/or sales or marketing manuals issued by [The Insurers] and/or anyone acting on your behalf with respect to any policies of insurance sold and/or offered for sale to Merck and/or its

subsidiaries or any entity insured under policies issued by [The Insurers] as to which Merck and/or its subsidiaries appear as additional named insured(s).

> The Insurers object to the document request on the grounds that it is overly broad in time and scope, and unduly burdensome. The Insurers object to the document request on the grounds that it is vague and ambiguous. The Insurers further object to the document request on the grounds that it seeks information that is beyond the scope of insurance information discoverable under Rule 26 of the Federal Rules of Civil Procedure, is not relevant to any claim, issue, or defense that is pleaded in the MDL Litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

15. Any and all underwriting files pertaining to Merck and/or its subsidiaries.

> The Insurers object to the document request on the grounds that it is overly broad and unduly burdensome, and vague and ambiguous as to what constitutes an "underwriting file." The Insurers object to the document request to the extent it seeks confidential, private and/or proprietary business information of The Insurers, Merck or a third party. The Insurers further object to the document request on the grounds it seeks information that is beyond the scope of insurance information discoverable under Rule 26 of the Federal Rules of Civil Procedure, is not relevant to any claim, issue, or defense that is pleaded in the MDL Litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. The Insurers further object to the document request to the extent that the placement and underwriting of certain of The Insurers' policies issued to Merck occurred in England, and documents relating to the underwriting of those policies may be in England.

16. Any and all claims files pertaining to claims relating to Vioxx.

> The Insurers object to the document request on the grounds that it is overly broad and unduly burdensome, oppressive, and vague and ambiguous as to what constitutes a "claims file." The Insurers object to the document request on the grounds that it seeks information that is beyond the scope of insurance information discoverable under Rule 26 of the Federal Rules of Civil Procedure, is not relevant to any claim, issue, or defense that is pleaded in the MDL Litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. The Insurers object to the document request to the extent it seeks confidential, private and/or protected information of a third party. The Insurers object to the document request to the extent it seeks documents protected from disclosure by the attorney-client privilege and/or the work-product doctrine. The Insurers object to the document request to the extent

the documents sought contain confidential matters both as to Merck
and the allegedly injured persons who expect their health and related
information to remain confidential. Furthermore, to the extent any
portion of this document request is discoverable, PSC can obtain
such documents from a party to this litigation without burdening the
non-party Insurers

17.     Any and all marketing files pertaining to the sale of and/or marketing of
insurance products to Merck and/or its subsidiaries.

The Insurers object to the document request on the grounds that it is
overly broad in time and scope and unduly burdensome. The
Insurers object to the document request on the grounds that it is
vague and ambiguous. The Insurers object to the document request
on the grounds that it seeks information that is beyond the scope of
insurance information discoverable under Rule 26 of the Federal
Rules of Civil Procedure, is not relevant to any claim, issue, or
defense that is pleaded in the MDL Litigation, and is not reasonably
calculated to lead to the discovery of admissible evidence. The
Insurers further object to the document request to the extent it
assumes The Insurers "marketed" insurance coverage to Merck.

18.     Any and all documents pertaining to loss control investigations, site visits,
inspections, including any loss control or site inspection reports, conducted in
connection with the issuance of policies of insurance to Merck, its subsidiaries, and/or
any entity insured under a policy as to which Merck and/or its subsidiaries appear as an
additional named insured, particularly as related to the development, research, sale,
distribution, advertisement, and/or marketing of pharmaceutical products, including but
not limited to Vioxx. Excluded from this request for production are any such documents
relating to loss control efforts in connection with protection of Merck employees from
hazards associated with the operations of Merck and/or its subsidiaries (e.g. premises
liability, manufacturing hazards, shipping hazards, etc.). Expressly included in the
scope of this document request, however, are any documents pertaining to any such
information as it relates to conduct of research studies and protection of human
research subjects.

The Insurers object to the document request on the grounds that it is
overly broad and unduly burdensome. The Insurers object to the
document request on the grounds it seeks information that is
beyond the scope of insurance information discoverable under Rule
26 of the Federal Rules of Civil Procedure, is not relevant to any
claim, issue, or defense that is pleaded in the MDL Litigation, and is
not reasonably calculated to lead to the discovery of admissible
evidence. The Insurers object to the document request on the
grounds that the terminology "loss control investigations" is not
defined, vague and ambiguous and The Insurers are unable to
determine what documents are sought, and it is likely to lead to
confusing, misleading, inaccurate, or incomplete responses. The

> **Insurers further object to this document request on the basis that any documents of the general type sought by this document request that may be generated in connection with the issuance of an insurance policy are likely maintained with underwriting documents which, with respect one or more of the policies at issue, may be outside of the United States.**

19.     Any documents reflecting communications between [The Insurers] and any state insurance commissioner, state attorney general, and/or any other state insurance regulatory body regarding any policy term(s) which [The Insurers] contend act to bar and/or limit coverage for claims relating to Vioxx.

> **The Insurers object to the document request on the grounds it is overly broad and unduly burdensome. The Insurers object to the document request on the grounds it seeks information that is beyond the scope of insurance information discoverable under Rule 26 of the Federal Rules of Civil Procedure, is not relevant to any claim, issue, or defense that is pleaded in the MDL Litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. The Insurers object to the document request to the extent it seeks confidential, private and/or proprietary business information of The Insurers, Merck or a third party. The Insurers object to this Request to the extent an Insurer has not adopted a final position with respect to coverage for any Vioxx related claims. The Insurers further object to the document request as it is unclear whether it seeks documents relating specifically to claims involving Vioxx, or generally to the same terms, conditions, definitions and exclusions that may be applicable to Vioxx claims but are contained in many other policies.**

20.     A curriculum vitae, personal history or other similar document showing positions held by the witness within The Insurers and elsewhere, together with corresponding dates, locations, and responsibilities;

> **The Insurers object to the document request on the grounds it seeks  documents that are not created or maintained in The Insurers' regular course of business. The Insurers object to the document request on the grounds that they objected to the Subpoenas and no witnesses have been designated by The Insurers to appear and testify pending a court order. The Insurers further object to the document request on the grounds that it does not seek documents that are relevant to any claim, issue, or defense that is pleaded in the MDL Litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.**

21.     All polices that may afford Merck coverage for Vioxx related claims;

The Insurers object to the document request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome. The Insurers object to the document request to the extent that it seeks information that is not relevant to any claim, issue or defense that is pleaded in the MDL litigation, and it is not reasonably calculated to lead to the discovery of admissible evidence. The Insurers further object to the document request on the grounds that it seeks information beyond the scope of Rule 26 of the Federal Rules of Civil Procedure relating to insurance coverage to the extent insurance policies are sought that would not respond to or indemnify Merck with respect to any judgment that may be entered against Merck in this litigation. The Insurers further object to this document request because they understand that Merck has already produced copies of the policies issued by the Insurers, if any, that are subject to Merck's claim for coverage for Vioxx products liability liabilities. The Insurers further object to the document request to the extent it seeks to required each of The Insurers to produce policies issued by other insurers.

22.    All Vioxx related claims made by and/or against Merck; and

The Insurers object to the document request on the grounds it is overly broad and unduly burdensome. The Insurers object to the document request on the grounds that it is vague and ambiguous. The Insurers object to the document request on the grounds that it seeks information that is not relevant to any claim, issue, or defense that is pleaded in the MDL Litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. The Insurers object to the document request to the extent it seeks confidential, private and/or proprietary business information of The Insurers, Merck or a third party. The Insurers object to the document request to the extent it seeks documents are available from a party to the MDL litigation. The Insurers further object to the document request to the extent it is duplicative of other document requests, particularly document requests 4, 5, 6, 7, 8, 9,11, 13 and 16. In response to document request 22, The Insurers repeat and reiterate each objection contained in the aforementioned duplicative requests.

23.    All reservations of rights issued by [The Insurers] to Merck regarding Vioxx related claims.

The Insurers object to the document request on the grounds that it is overly broad and unduly burdensome. The Insurers object to the document request on the grounds that it seeks information that is beyond the scope of insurance information discoverable under Rule 26 of the Federal Rules of Civil Procedure, is not relevant to any claim, issue, or defense that is pleaded in the MDL Litigation, and is not reasonably calculated to lead to the discovery of admissible

evidence.  The Insurers object to the document request to the extent
that it is duplicative of document request 11, and The Insurers, in
response to document request 23, repeat and reiterate herein each
objection to document request 11.  The Insurers further object to the
document request on the grounds that the documents sought, to the
extent they exist, are available from a party to the litigation and the
PSC should not be permitted to place the burden of production upon
the non-party Insurers.

24.     All materials and documents relating to all insurance arbitrations relating
to insurance coverage for any Vioxx related claims.

The Insurers object to the document request on the grounds that it is
overly broad and unduly burdensome.  The Insurers object to the
document request on the grounds it seeks information that is
beyond the scope of information discoverable under Rule 26 of the
Federal Rules of Civil Procedure, is not relevant to any claim, issue,
or defense that is pleaded in the MDL Litigation, and is not
reasonably calculated to lead to the discovery of admissible
evidence.  The Insurers object to the document request on the
grounds that it seeks documents subject to one or more
Confidentiality Orders.  Without waiving any general or specific
objections to this document request, The Insurers that are not
parties to the arbitrations with Merck state that they have no
knowledge of the documents relating to such arbitrations between
Merck and other Insurers, other than Confidentiality Orders dated
July 11, 2005 and March 20, 2006, both of which have been provided
to the PSC by Merck.

25.     All materials and documents relating to all insurance arbitrations relating
to insurance coverage for any Vioxx related settlements.

The Insurers object to this request on the grounds that it is duplicative of
document request 24 and, therefore, The Insurers incorporate their
response to document request 24 herein.

26.     All materials and documents responsive to any and all subpoenas
received by [The Insurers] and/or Merck from the United States Department of Justice
for documents relating to Vioxx.

The Insurers object to the document request on the grounds that it is
overly broad and unduly burdensome.  The Insurers object to the
document request on the grounds it seeks information that is
beyond the scope of insurance information discoverable under Rule
26 of the Federal Rules of Civil Procedure, is not relevant to any
claim, issue, or defense that is pleaded in the MDL Litigation, and is
not reasonably calculated to lead to the discovery of admissible
evidence.  The Insurers further object to the document request to the

extent it seeks documents subject to a Confidentiality Order.
Subject to and without waiving its objections, The Insurers respond
that they never received any subpoenas from the United States
Department of Justice for documents relating to Vioxx.

27.    All materials and documents relating to any and all investigations of Merck
by the United States Securities and Exchange Commission.

The Insurers object to the document request on the grounds that it is
overly broad and unduly burdensome.  The Insurers object to the
document request on the grounds it seeks information that is
beyond the scope of information discoverable under Rule 26 of the
Federal Rules of Civil Procedure, is not relevant to any claim, issue,
or defense that is pleaded in the MDL Litigation, and is not
reasonably calculated to lead to the discovery of admissible
evidence.  The Insurers object to the document request to the extent
it seeks documents subject to a Confidentiality Order. Without
waiving their objections, The Insurers state that they have no
documents that are, to their knowledge, materials relating to any
investigation of Merck by the United States Securities and
Exchange Commission.

28.    All documents which identify Risk Managers and/or claims handling
personnel for [The Insurers] and/or Merck relating to Vioxx from 1990 to present.

The Insurers object to the document request on the grounds that it is
overly broad in time frame and unduly burdensome, and in part
seeks information that may be obtained from a party to the litigation
without placing a burden on the non-party Insurers.  The Insurers
further object to the document request on the grounds that it seeks
information that is beyond the scope of the documents discoverable
under Rule 26 of the Federal Rules of Civil Procedure, is not relevant
to any claim, issue, or defense that is pleaded in the MDL Litigation,
and is not reasonably calculated to lead to the discovery of
admissible evidence.

29.    All documents in the possession of Continental's Risk Managers and/or
Risk Management Departments and/or claims handling personnel relating to Vioxx from
1990 to present.

The Insurers object to the document request on the grounds that it is
overly broad in time frame and unduly burdensome.  The Insurers
object to the document request on the grounds that it is vague and
ambiguous.  The Insurers object to the document request on the
grounds that it seeks information that is beyond the scope of
insurance information that is discoverable under Rule 26 of the
Federal Rules of Civil Procedure, is not relevant to any claim, issue,
or defense that is pleaded in the MDL Litigation, and is not

reasonably calculated to lead to the discovery of admissible evidence. Each of The Insurers further objects to the document request to the extent that it seeks information related to an insurer other than the insurer to whom the document request is directed. But see General Objection 23.

30.   All documents which identify insurers that provide or may provide insurance to cover claims made against Merck relating to Vioxx from 1990 to present.

The Insurers object to the document request on the grounds that it is overly broad and unduly burdensome in scope and time frame. The Insurers object to the document request on the grounds that it seeks information that is beyond the scope of Rule 26 of the Federal Rules of Civil Procedure relating to insurance coverage, is not relevant to any claim, issue, or defense that is pleaded in the MDL Litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. The Insurers further object to the document request on the grounds that the documents and information sought by it are available to PSC from a party to this litigation without placing a burden upon a non-party insurer.

31.   All documents which relate, in any way, to arbitrations, including the results of such arbitrations, between Merck and [The Insurers] relating in any way to Vioxx related claims.

The Insurers object to the document request to the extent it is duplicative of other document requests, particularly document requests 24 and 25. The Insurers object to the document request on the grounds that it is overly broad and unduly burdensome. The Insurers object to the document request on the grounds that it seeks information that is beyond the scope of insurance information discoverable under Rule 26 of the Federal Rules of Civil Procedure, is not relevant to any claim, issue, or defense that is pleaded in the MDL Litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. The Insurers further object to the document request on the grounds that it seeks documents subject to one or more Confidentiality Orders. Without waiving their objections to this document request, the Insurers that are not parties to the arbitrations with Merck state that they have no knowledge of the documents relating to such arbitrations between Merck and other Insurers, other than Confidentiality Orders dated July 11, 2005 and March 20, 2006, both of which have been provided to the PSC by Merck.

Dated:   January 10, 2007

American Alternative Insurance Company

By: _William E. Q_____

    William E. McGrath, Jr.
    William E. Quackenboss
    Smith, Stratton, Wise, Heher & Brennan, LP
    2 Research Way
    Princeton, NJ 08540
    609-924-6000

Continental Casualty Company
Columbia Casualty Company
CNA Casualty Company of California
Continental Insurance Company
North Rock Insurance Company Limited

By: _____

    Patrick T. Nash
    Zubair Khan
    Grippo & Elden LLC
    111 South Wacker Drive
    Chicago, IL 60606-5076
    312-704-7711

    Carl E. Hellmers III
    Frilot Partridge, LC
    1100 Poydras Street, Suite 3600
    New Orleans, LA 70163
    504-599-8000

Federal Insurance Company

By: _____

    Paul N. Farquharson
    Semmes, Bowen & Semmes
    250 West Pratt Street
    Baltimore, MD 21201
    410-576-4742

American Alternative Insurance Company

By: _____

     William E. McGrath, Jr.
     William E. Quackenboss
     Smith, Stratton, Wise, Heher & Brennan, LP
     2 Research Way
     Princeton, NJ  08540
     609-924-6000

Continental Casualty Company
Columbia Casualty Company
CNA Casualty Company of California
Continental Insurance Company
North Rock Insurance Company Limited

By: _____

     Patrick T. Nash
     Zubair Khan
     Grippo & Elden LLC
     110 South Wacker Drive
     Chicago, IL  60606-5076
     312-704-7711

     Carl E. Hellmers III
     Frilot Partridge, LC
     1100 Poydras Street, Suite 3600
     New Orleans, LA  70163
     504-599-8000

Federal Insurance Company

By: _____

     Paul N. Farquharson
     Semmes, Bowen & Semmes
     250 West Pratt Street
     Baltimore, MD  21201
     410-576-4742