UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to: | * | JUDGE FALLON |
| *Charles M. Petro and Terisa Ann Petro* | * | |
| (E.D. La. Index No. 06- 10402) | * | MAG. JUDGE KNOWLES |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**ANSWER, DEFENSES AND JURY DEMAND OF MERCK & CO., INC.**

Now comes defendant, Merck & Co., Inc. ("Merck") by its counsel, and makes its answer, defenses and jury demand herein.

**ANSWER**

In response to the unnumbered sentence preceding paragraph 1 of the complaint, Merck admits plaintiffs purport to bring an action for damages and other relief, but denies any legal or factual basis for the relief sought.

In response to the numbered allegations of the complaint, Merck states as follows:

**RESPONSE TO "STATEMENT OF THE PARTIES"**

1.  Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1.

2.  Merck denies each and every allegation contained in paragraph 2 except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of

849561v.1

innovative pharmaceutical products to improve human health. Merck further admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey. Merck further admits that Vioxx is the brand name for rofecoxib; that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004; and that Merck is authorized to do business in, among other places, West Virginia.

3. Merck admits the allegations contained in paragraph 3.

**RESPONSE TO "STATEMENT OF JURISDICTION AND VENUE"**

4. The allegations contained in paragraph 4 are legal conclusions to which no responsive pleading is required.

5. The allegations contained in paragraph 5 are legal conclusions to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

6. With respect to the allegations in Paragraph 6 of the Complaint, Merck admits that a multidistrict litigation proceeding entitled *In re Vioxx Marketing, Sales Practices & Products Liability Litigation*, MDL No. 1657, MDL No. 1657, has been established in the Eastern District of Louisiana before the Honorable Eldon E. Fallon, and that the subject matter of that litigation is similar to the subject matter set forth in this Complaint

**RESPONSE TO "STATEMENT OF THE FACTS"**

7. Merck denies each and every allegation contained in paragraph 7 except admits that plaintiffs purport to bring a civil action but denies that there is any legal or

factual basis for same. Merck further denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 as to the prescription and use of the prescription medication Vioxx by plaintiff Charles M. Petro.

8. Merck denies each and every allegation contained in the first two sentences of paragraph 8 except admits that Vioxx is part of a class of medicines known as non-steroidal anti-inflammatory medications ("NSAIDs"); that Vioxx reduces pain and inflammation; and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2"). Merck denies each and every allegation contained in the third sentence of paragraph 8 except admits it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck denies each and every allegation contained in the fourth sentence of paragraph 8 except admits that Merck professional representatives had discussions with health care professionals regarding the prescription medicine Vioxx. Merck denies each and every allegation contained in the fifth sentence of paragraph 8.

9. Merck denies each and every allegation contained in paragraph 9 except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

### RESPONSE TO "COUNT I – STRICT LIABILITY, PRODUCT LIABILITY, AND/OR FAILURE TO WARN"

10. Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 9 of this Answer with the same force and effect as though set forth here in full.

11.     Merck denies each and every allegation contained in paragraph 11 except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

12.     Merck denies each and every allegation contained in paragraph 12.

13.     Merck denies each and every allegation contained in paragraph 13.

14.     Merck denies each and every allegation contained in paragraph 14.

15.     Merck denies each and every allegation contained in paragraph 15.

The unnumbered "WHEREFORE" paragraph following paragraph 15 does not contain allegations and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except admits that Plaintiffs purport to seek damages and other relief, but denies there is any legal or factual basis for the relief sought.

## RESPONSE TO "COUNT II – NEGLIGENCE"

16.     Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 15 of this Answer with the same force and effect as though set forth here in full.

17.     The allegations contained in the first sentence of paragraph 17 are legal conclusions to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of paragraph 17 and respectfully refers the court to the relevant law governing Plaintiffs' negligence claims. Merck denies each and every allegation contained in the remaining sentences of paragraph 17.

18.     Merck denies each and every allegation contained in paragraph 18.

19.     Merck denies each and every allegation contained in paragraph 19.

20.     Merck denies each and every allegation contained in paragraph 20.

The unnumbered "WHEREFORE" paragraph following paragraph 20 does not contain allegations and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except admits that Plaintiffs purport to seek damages and other relief, but denies there is any legal or factual basis for the relief sought.

### RESPONSE TO "COUNT III – BREACH OF EXPRESS WARRANTY"

21.     Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 20 of this Answer with the same force and effect as though set forth here in full.

22.     Merck denies each and every allegation contained in paragraph 22.

23.     Merck denies each and every allegation contained in paragraph 23 except admits that Merck professional representatives had discussions with health care professionals regarding the prescription medicine Vioxx.

24.     Merck denies each and every allegation contained in paragraph 24.

25.     Merck denies each and every allegation contained in paragraph 25.

26.     Merck denies each and every allegation contained in paragraph 26.

The unnumbered "WHEREFORE" paragraph following paragraph 26 does not contain allegations and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except admits that Plaintiffs purport to seek damages and other relief, but denies there is

any legal or factual basis for the relief sought.

### RESPONSE TO "COUNT IV – BREACH OF IMPLIED WARRANTY"

27. Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 26 of this Answer with the same force and effect as though set forth here in full.

28. The allegations contained in paragraph 28 are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

29. Merck lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 29 that are not directed at Merck and denies each and every allegation directed at Merck in said paragraph.

30. Merck denies each and every allegation contained in paragraph 30.

31. Merck denies each and every allegation contained in paragraph 31.

The unnumbered "WHEREFORE" paragraph following paragraph 31 does not contain allegations and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except admits that Plaintiffs purport to seek damages and other relief, but denies there is any legal or factual basis for the relief sought.

### RESPONSE TO "COUNT V – FRAUD"

32. Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 31 of this Answer with the same force and effect as though set forth here in full.

33. Merck denies each and every allegation contained in paragraph 33.

34. Merck denied each and every allegation contained in the first two sentences of paragraph 34 except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses, in a manner consistent with the information contained in the FDA-approved prescribing information. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the third sentence of paragraph 34.

35. Merck denies each and every allegation contained in paragraph 35.

36. Merck denies each and every allegation contained in paragraph 36.

37. Merck denies each and every allegation contained in paragraph 37.

38. Merck denies each and every allegation contained in paragraph 38.

39. Merck denies each and every allegation contained in paragraph 39.

The unnumbered "WHEREFORE" paragraph following paragraph 39 does not contain allegations and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except admits that Plaintiffs purport to seek damages and other relief, but denies there is any legal or factual basis for the relief sought.

### RESPONSE TO "COUNT VI – LOSS OF CONSORTIUM"

40. Merck repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 39 of this Answer with the same force and effect as though set forth here in full.

41. The allegations of paragraph 41 are legal conclusions to which no responsive pleading is required. Should a response be deemed required, Merck

respectfully refers the court to the relevant law governing Plaintiff Terisa Ann Petro's claims.

42. Merck denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 42.

43. Merck denies each and every allegation contained in paragraph 43.

44. Merck denies each and every allegation contained in paragraph 44.

The first unnumbered "WHEREFORE" paragraph following paragraph 44 does not contain allegations and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except admits that Plaintiffs purport to seek damages and other relief, but denies there is any legal or factual basis for the relief sought.

The second unnumbered "WHEREFORE" paragraph following paragraph 44 does not contain allegations and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except admits that Plaintiffs purport to seek damages and other relief, but denies there is any legal or factual basis for the relief sought.

Merck denies each and every allegation contained in the Complaint not specifically and expressly admitted above.

## DEFENSES

1. Merck asserts the defenses of lack of personal jurisdiction, lack of venue, insufficiency of process and insufficiency of service of process.

2. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence or

comparative fault, including comparative negligence and comparative assumption of the risk, of the allegedly injured plaintiff.

3. Any claim by Plaintiff for punitive damages may not be sustained because West Virginia may not impose economic sanctions on an alleged tortfeasor in a manner inconsistent with the United States Supreme Court's holding in *BMW of North America, Inc., v. Gore*, 517 U.S. 559 (1996) and *State Farm Mutual Automobile Insurance Company v. Campbell*, 537 U.S. 1102, 123 S.Ct. 953, 154 L.Ed.2d 770 (2003).

4. West Virginia does not recognize a cause of action for "market share," "shared risk" or "alternative shared liability" and the application of such theories to Merck would violate its state and federal constitutional rights

5. One or more counts of Plaintiff's Complaint fail to state a claim for which punitive damages may be awarded.

6. One or more counts of Plaintiff's Complaint fail to state a claim for which attorneys' fees may be awarded.

7. Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action. Merck will rely on all defenses that may become available during discovery or trial.

8. Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before

Judge Fallon of the Eastern District of Louisiana. Merck hereby reserves the right to amend its answer to assert any such defense.

9. The claims of Plaintiff may be time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely.

10. The Complaint fails to state a claim upon which relief can be granted.

11. The claims of the Plaintiff may be barred, in whole or in part, from recovery because she has made statements or taken actions that preclude her from asserting claims or constitute a waiver of her claims.

12. The claims of Plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

13. Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

14. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

15. To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

16. To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

17. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

18. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

19. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

20. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

21. To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

22. To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under West Virginia law.

849561v.1

23. Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure.

24. Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

25. Plaintiff's claims are barred in whole or in part by the First Amendment.

26. Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

27. There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

28. This case is more appropriately brought in a different venue.

29. Venue in this case is improper.

30. The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, she has brought actions and have received judgments on parts of some or all claims asserted herein.

31. The claims of Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

32. The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to her claims.

849561v.1

33. The claims of Plaintiff may be barred, in whole and in part, by the doctrine of laches.

34. The claims of Plaintiff are barred, in whole or in part, by the failure to mitigate damages.

35. To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

36. The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

37. The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

38. Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

39. Plaintiff has not sustained any injury or damages compensable at law.

40. Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiff's failure to provide it with due process of law.

41. To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

42. To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

43. Plaintiff's demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

44. Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

45. Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

46. Plaintiff's claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts: Products Liability.

47. Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

48. To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

49. Plaintiff's claims for injunctive relief are barred by the doctrine of primary jurisdiction.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

849561v.1

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Dated: January 17, 2007.                    Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendant's Liaison Counsel

JEFFREY A. HOLMSTRAND
McDermott & Bonenberger, PLLC
53 Washington Avenue
Wheeling, West Virginia  26003
(304) 242-3220

*Attorneys for Defendant Merck & Co., Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Answer, Defenses, and Jury Demand of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 17th day of January, 2007.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel