## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: VIOXX®** | * | **MDL Docket No. 1657** |
| | * | |
| **PRODUCTS LIABILITY LITIGATION** | * | **SECTION L** |
| | * | |
| **This document relates to: Barbara Kupcha v.** | * | |
| **Merck & Co., Inc., 06-10242** | * | **MAG. JUDGE KNOWLES** |
| | * | |
| * * * * * * * * * * * * * * * * * * * * | * | **JURY TRIAL DEMANDED** |

### ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by its undersigned attorney, answers the Complaint in each and every count thereof, separately and severally, as follows:

### RESPONSE TO "I. INTRODUCTION"

Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first, second, third, fourth, fifth, sixth, seventh and eight sentences of the unnumbered paragraph of Section I of the Complaint. Merck denies each and every allegation set forth in the ninth sentence of said paragraph, except admits that Plaintiff purports to bring claims against Merck for failure to warn and fraud, but denies that there is any legal or factual basis for any of the relief sought.

### RESPONSE TO "II. PARTIES. A. Plaintiffs"

1.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 1 of the Complaint.

2.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first and second sentences of paragraph 2 of the Complaint. Merck denies each and every allegation set forth in the third sentence of said paragraph.

## RESPONSE TO "II. PARTIES. B. Defendant"

3.      Merck denies each and every allegation set forth in paragraph 3 of the Complaint, except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, and that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

4.      Merck denies each and every allegation set forth in paragraph 4 of the Complaint.

5.      The allegations set forth in the first sentence of paragraph 5 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, such allegations are denied. Merck denies all remaining allegations set forth in the second, third and fourth sentences of paragraph 5 of the Complaint.

## RESPONSE TO "III. JURISDICTION"

6.      With regard to the allegations set forth in paragraph 6 of the Complaint, Merck admits that diversity of citizenship exists and that Plaintiff's claims put more than $75,000.00 in controversy, but denies that there is any legal or factual basis for relief.

7.      Merck denies each and every allegation set forth in the first sentence of paragraph 7 of the Complaint, except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, and that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and further admits that Merck is authorized to do business in Oklahoma.   The allegations set forth in the second sentence of paragraph 7 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, such allegations are denied.

8.      The allegations set forth in paragraph 8 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Merck denies each and every allegation set forth in paragraph 8 of the Complaint.

## RESPONSE TO "IV. FACTUAL BACKGROUND OF VIOXX"

9.      Merck denies each and every allegation set forth in paragraph 9 of the Complaint, except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, and that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004 and admits that Vioxx is the brand name for rofecoxib.

10.     Merck denies each and every allegation set forth in paragraph 10 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

11.     Merck denies each and every allegation set forth in the first sentence of paragraph 11 of the Complaint, except admits that Vioxx is part of a class of medicines known as non-steroidal anti-inflammatory medications ("NSAIDs"), that Vioxx reduces pain and inflammation, and that Vioxx is the brand name for rofecoxib. Merck denies each and every allegation set forth in the second sentence of said paragraph, except admits that the United States Food and Drug Administration ("FDA") approved Vioxx as safe and effective for certain indicated uses in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text. The allegations set forth in the third sentence of said paragraph are not

directed at Merck and therefore, no response is required. To the extent a response is deemed required, such allegations are denied.

12.     Merck denies each and every allegation set forth in the first and second sentences of said paragraph, except admits that Vioxx is a selective NSAID and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 (COX-2). Merck denies each and every allegation set forth in the third sentence of said paragraph, except admits that Plaintiff appears to have accurately quoted the referenced publication and that Merck published said publication, and respectfully refers the Court to the referenced publication for its actual language and full text.

13.     Merck denies each and every allegation set forth in paragraph 13 of the Complaint, except admits that Plaintiff appears to have accurately quoted the referenced publication and that Merck published said publication, and respectfully refers the Court to the referenced publications for their actual language and full text.

14.     Merck denies each and every allegation set forth in paragraph 14 of the Complaint, except admits that Merck scientists have participated in studies involving Vioxx and respectfully refers the Court to such studies for their actual conclusions and full context.

15.     Merck denies each and every allegation set forth in paragraph 15 of the Complaint except admits that in May 1999 Merck received FDA approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to said prescribing information for its actual language and full text.

16.     Merck denies each and every allegation set forth in paragraph 16 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

17.     Merck denies each and every allegation set forth in paragraph 17 of the Complaint, except admits that Merck issued a press release on March 27, 2000, and respectfully refers the Court to the referenced document for its actual language and full text.

18.     Merck denies each and every allegation set forth in paragraph 18 of the Complaint, except admits that the referenced studies and article exist, and respectfully refers the Court to said publications for their actual language and full text.  Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

19.     Merck denies each and every allegation set forth in the first and second sentences of paragraph 19 of the Complaint, except admits that the referenced publication exists, and respectfully refers the Court to said publication for its actual language and full text. Merck denies each and every allegation contained in the third sentence of said paragraph, except admits that the referenced 8-K filing exists and respectfully refers the Court to said filing for its actual language and full text.

20.     Merck denies each and every allegation set forth in the first and second sentences of paragraph 20 of the Complaint, except admits that the Advisory Panel made certain recommendations and respectfully refers the Court to the minutes produced at the referenced meeting for their actual language and full text. Merck denies each and every allegation set forth in the third sentence of said paragraph except admits that Merck has released certain statements

and respectfully refers the Court to the press release referenced by Plaintiff for its actual language and full text.

21.     Merck denies each and every allegation set forth in paragraph 21 of the Complaint, except admits that the referenced study and article exist and respectfully refers the Court to said publications for their actual language and full text.

22.     Merck denies each and every allegation set forth in paragraph 22 of the Complaint, except admits that the referenced article, statement and press release exist and respectfully refers the Court to said publications for their actual language and full text.

23.     Merck denies each and every allegation set forth in paragraph 23 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and that Plaintiff purports to quote from said letter, and respectfully refers the Court to that letter for its actual language and full text.

24.     Merck denies each and every allegation set forth in paragraph 24 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and that Plaintiff purports to quote from said letter, and respectfully refers the Court to that letter for its actual language and full text.

25.     Merck denies each and every allegation set forth in paragraph 25 of the Complaint.

26.     Merck denies each and every allegation set forth in paragraph 26 of the Complaint, except admits that the Wall Street Journal article exists, and respectfully refers the Court to said article for its actual language and full text.

27.     Merck denies each and every allegation set forth in paragraph 27 of the Complaint, and avers that Merck disagreed with some of the language in the referenced

published paper and therefore determined that it was not appropriate for a Merck author's name to appear on the published paper.

28.     Merck denies each and every allegation set forth in paragraph 28 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to said publication for its actual language and full text.

29.     Merck denies each and every allegation set forth in paragraph 29 of the Complaint, except admits that on or about August 11, 2004 Dr. Graham published an abstract and Merck respectfully refers the court to Dr. Graham's abstract for its actual language and full context.

30.     Merck denies each and every allegation set forth in paragraph 30 of the Complaint, except admits that Merck issued certain press releases and respectfully refers the Court to said press releases for their actual language and full text.

31.     Merck denies each and every allegation set forth in paragraph 31 of the Complaint, except admits that Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

32.     Merck denies each and every allegation set forth in paragraph 32 of the Complaint.

33.     Merck denies each and every allegation set forth in paragraph 33 of the Complaint.

## RESPONSE TO "V. GENERAL ALLEGATIONS"

34.     Merck denies each and every allegation set forth in paragraph 34 of the Complaint.

35.     Merck denies each and every allegation set forth in paragraph 35 of the Complaint, except admits that Merck marketed Vioxx and admits that Merck is authorized to do business in Oklahoma.

36.     Merck denies each and every allegation set forth in paragraph 36 of the Complaint, except admits that Merck marketed Vioxx.

37.     Merck denies each and every allegation set forth in paragraph 37 of the Complaint, except admits that Merck marketed Vioxx.

38.     Merck denies each and every allegation set forth in paragraph 38 of the Complaint, except admits that marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## RESPONSE TO "VI. CLAIMS FOR RELIEF COUNT I STRICT PRODUCT LIABILITY PURSUANT TO §402A OF THE RESTATEMENT (SECOND) OF TORTS (DEFECTIVE DESIGN AND FAILURE TO WARN"

39.     With respect to the allegations set forth in paragraph 39 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 38 of this Answer with the same force and effect as though set forth here in full.

40.     Merck denies each and every allegation set forth in paragraph 40 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004 and admits that Merck is authorized to do business in Oklahoma.

41.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 41 of the Complaint.

42.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 42 of the Complaint.

43.     Merck denies each and every allegation set forth in paragraph 43 of the Complaint.

44.     Merck denies each and every allegation set forth in paragraph 44 of the Complaint.

45.     Merck denies each and every allegation set forth in paragraph 45 of the Complaint.

46.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence of paragraph 46 of the Complaint. Merck denies each and every allegation set forth in the second sentence of paragraph 46 of the Complaint.

47.     Merck denies each and every allegation set forth in paragraph 47 of the Complaint.

48.     The allegations set forth in the first sentence of paragraph 48 of the Complaint are legal conclusions to which no response is required.  Should a response be deemed required, Merck denies each and every allegation in said sentence.  Merck denies each and every allegation set forth in the second and third sentences of said paragraph, and denies that Plaintiff is entitled to the relief requested.

## RESPONSE TO "COUNT II NEGLIGENCE" AND/OR WANTONNESS"

49.     With respect to the allegations set forth in paragraph 49 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in

paragraphs 1 through 48 of this Answer with the same force and effect as though set forth here in full.

50.    Merck denies each and every allegation set forth in paragraph 50 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

51.    The allegations set forth in paragraph 51 of the Complaint are legal conclusions to which no response is required. Should a response be deemed required, Merck denies that it breached any duty relating to Vioxx.

52.    Merck denies each and every allegation set forth in paragraph 52 of the Complaint, including subparts (A) through (J).

53.    Merck denies each and every allegation set forth in paragraph 53 of the Complaint.

54.    Merck denies each and every allegation set forth in paragraph 54 of the Complaint.

## RESPONSE TO "COUNT III
## BREACH OF EXPRESS WARRANTY"

55.    With respect to the allegations set forth in paragraph 55 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 54 of this Answer with the same force and effect as though set forth here in full.

56.    Merck denies each and every allegation set forth in paragraph 56 of the Complaint and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

57.     Merck denies each and every allegation set forth in paragraph 57 of the Complaint.

58.     Merck denies each and every allegation set forth in paragraph 58 of the Complaint.

## RESPONSE TO "COUNT IV
## BREACH OF IMPLIED WARRANTY"

59.     With respect to the allegations set forth in paragraph 59 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 58 of this Answer with the same force and effect as though set forth here in full.

60.     The allegations set forth in paragraph 60 of the Complaint are legal conclusions to which no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

61.     The allegations set forth in paragraph 61 of the Complaint concerning implied warranty are legal conclusions to which no response is required.  Should a response be deemed required, Merck denies each and every such allegation.  Merck denies each and every remaining allegation set forth in paragraph 61 of the Complaint.

62.     Merck denies each and every allegation set forth in paragraph 62 of the Complaint.

63.     Merck denies each and every allegation set forth in paragraph 63 of the Complaint.

## RESPONSE TO "COUNT V
## FRAUDULENT MISREPRESENTATION"

64.     With respect to the allegations set forth in paragraph 64 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 63 of this Answer with the same force and effect as though set forth here in full.

65.     Merck denies each and every allegation set forth in paragraph 65 of the Complaint.

66.     Merck denies each and every allegation set forth in paragraph 66 of the Complaint.

67.     Merck denies each and every allegation set forth in paragraph 67 of the Complaint.

68.     Merck denies each and every allegation set forth in paragraph 68 of the Complaint.

69.     Merck denies each and every allegation set forth in paragraph 69 of the Complaint.

## RESPONSE TO "COUNT VI
## FRAUDULENT OMISSION/SUPPRESSION"

70.     With respect to the allegations set forth in paragraph 70 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 69 of this Answer with the same force and effect as though set forth here in full.

71.     Merck denies each and every allegation set forth in paragraph 71 of the Complaint.

72.     Merck denies each and every allegation set forth in paragraph 72 of the Complaint, including subparts (A) through (C).

73.     Merck denies each and every allegation set forth in paragraph 73 of the Complaint.

74.     Merck denies each and every allegation set forth in paragraph 74 of the Complaint.

75.     Merck denies each and every allegation set forth in paragraph 75 of the Complaint.

76.     Merck denies each and every allegation set forth in paragraph 76 of the Complaint.

77.     Merck denies each and every allegation set forth in paragraph 77 of the Complaint.

78.     Merck denies each and every allegation set forth in paragraph 78 of the Complaint.

### RESPONSE TO "COUNT VII
### VIOLATIONS OF THE OKLAHOMA
### CONSUMER PROTECTION ACT"

79.     With respect to the allegations set forth in paragraph 79 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 78 of this Answer with the same force and effect as though set forth here in full.

80.     Merck denies each and every allegation set forth in paragraph 80 of the Complaint.

81.     Merck denies each and every allegation set forth in paragraph 81 of the Complaint and denies that Plaintiff is entitled to the relief requested in paragraph 81 of the Complaint.

### RESPONSE TO "COUNT VIII

## VIOLATIONS OF THE OKLAHOMA
## DECEPTIVE TRADE PRACTICES ACT"

82. With respect to the allegations set forth in paragraph 82 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 81 of this Answer with the same force and effect as though set forth here in full.

83. Merck denies each and every allegation set forth in paragraph 83 of the Complaint.

84. Merck denies each and every allegation set forth in paragraph 84 of the Compliant and denies that Plaintiff is entitled to the relief requested in paragraph 84 of the Complaint.

## RESPONSE TO "COUNT XI (sic)
## LOSS OF CONSORTIUM"

85. With respect to the allegations set forth in paragraph 85 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 84 of this Answer with the same force and effect as though set forth here in full.

86. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 86 of the Complaint.

87. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 87 of the Complaint.

88. Merck denies each and every allegation set forth in paragraph 88 of the Complaint.

89. Merck denies each and every allegation set forth in paragraph 89 of the Complaint.

## RESPONSE TO "COUNT X
## PUNITIVE DAMAGES"

90.     With respect to the allegations set forth in paragraph 90 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 89 of this Answer with the same force and effect as though set forth here in full.

91.     Merck denies each and every allegation set forth in paragraph 91 of the Complaint.

92.     Merck denies each and every allegation set forth in paragraph 92 of the Complaint and further denies that Plaintiff is entitled to the relief requested in paragraph 92 of the Complaint.

## RESPONSE TO "COUNT IX (sic)
## PRAYER FOR RELIEF"

93.     Merck denies that Plaintiff is entitled to the relief requested in her Prayer for Relief, including subparts A through F.

## ADDITIONAL DEFENSES

94.     Each and every claim asserted or raised in the Complaint is barred by the applicable statutes of limitations, statutes of repose, and is otherwise untimely.

95.     The Complaint fails to state a claim upon which relief can be granted.

96.     The claims of the Plaintiff may be barred, in whole or in part, from recovery because she and/or Plaintiff's decedent has made statements or taken actions that preclude her from asserting claims or constitute a waiver of her claims.

97.     The claims of the Plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

98.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

99.     If Plaintiff and/or Plaintiff's decedent has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening and supervening cause or causes.

100.    To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

101.    To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff and/or Plaintiff's decedent directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

102.    If Plaintiff and/or Plaintiff's decedent has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff's decedent knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

103.    If Plaintiff and/or Plaintiff's decedent has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

104.    If Plaintiff and/or Plaintiff's decedent has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately and/or solely caused by Plaintiff's decedent's misuse or abuse of Vioxx.

105.    If Plaintiff and/or Plaintiff's decedent has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's decedent's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

106.    To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

107.    To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under applicable law.

108.    Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity.

109.    Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

110.    Plaintiff's claims are barred in whole or in part by the First Amendment.

111.    Plaintiff's claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

112.     There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

113.     This case is more appropriately brought in a different venue.

114.     Venue in this case is improper.

115.     The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, she has brought actions and have received judgments on parts of some or all claims asserted herein.

116.     The claims of Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

117.     The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to her claims.

118.     The claims of Plaintiff may be barred, in whole and in part, by the doctrine of laches.

119.     The claims of Plaintiff are barred, in whole or in part, by the failure to mitigate damages.

120.     To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

121.     The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

122.   The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

123.   Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

124.   Plaintiff has not sustained any injury or damages compensable at law.

125.   Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiff's failure to provide it with due process of law.

126.   To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

127.   To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

128.   Plaintiff's demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

129.   Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

130.   Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

131.     Plaintiff's claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts: Products Liability.

132.     Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

133.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of Plaintiff and/or Plaintiff's decedent and/or the negligence of third parties over whom Merck had no control.

134.     Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence.

135.     To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

136.     Plaintiff has not suffered the damages alleged in her Complaint.

137.     Plaintiff is not entitled to relief under any of her claims.

138.     Plaintiff is not entitled to punitive damages under 23 Okla. Stat. § 9.1.

139.     Plaintiff is not entitled to interest, costs or attorneys' fees.

140.     Plaintiff's claim for strict liability is barred on the grounds that such claims are not cognizable against Merck.

141.     Merck specifically denies that there was a defect in any product when it left the control and possession of Merck.

142.    Plaintiff's claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

143.    Any warnings given by Merck were transmitted to the prescribing physicians and/or healthcare providers and, pursuant to the learned intermediary doctrine, Merck's only obligation is to warn the prescribing physician and/or healthcare providers and said obligation was fulfilled.

144.    Merck specifically denies that it breached any duty to Plaintiff or Plaintiff's decedent.

145.    In the event the Plaintiff and/or Plaintiff's decedent has suffered any damages, injuries, or losses, which is denied, there is no causal relationship between any actions on the part of Merck and the Plaintiff's and/or Plaintiff's decedent's alleged damages, injuries, and/or losses.

146.    If Plaintiff and/or Plaintiff's decedent has sustained injuries or losses as alleged in the Complaint, such injuries or losses were not directly caused by any alleged defect in the product which is the subject matter of the Complaint.

147.    The conduct and activities of Merck with respect to Vioxx did not involve any act, use or employment by any person of any deception, deceptive act or practice, fraud, false pretense, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of Vioxx.

148.    Merck's advertisements and labeling with respect to the product which is the subject matter of the Complaint were not false or misleading and, therefore, constitute protected commercial speech.

149.   The public interest and benefit and the availability of such product which is the subject matter of the Complaint preclude liability for risks, if any, resulting from such activities, which were unavoidable given the state of human knowledge at the time those activities were undertaken.  With respect to Plaintiff's claims, if it is determined there is a risk inherent in the product, then such risk, if any, is outweighed by the benefits of the product.

150.   At all times relevant herein, any product which is the subject matter of the Complaint processed and distributed by Merck in the State of Oklahoma or the United States was processed and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further was processed and distributed in accordance with and pursuant to all applicable regulations of the U.S. Food and Drug Administration.

151.   With respect to each and every purported cause of action, the acts of Merck were at all times done in good faith and without malice, evidenced by, among other things, Merck's immediate withdrawal from the market of the product which is the subject matter of this action.

152.   Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

153.   There is no private right of action for a consumer under the Oklahoma Deceptive Trade Practices Act.

154.   Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

155.    Merck incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action. Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, having fully answered, Defendant Merck & Co., Inc. prays that Plaintiff take nothing by way of her Complaint and that Merck be granted its costs, including reasonable attorneys' fees, and all other relief this Court deems just and equitable.

### JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Facsimile: (504) 581-3361

Defendants' Liaison Counsel


John A. Kenney, OBA #4976
Sheryl N. Young, OBA #14183
Brandon L. Buchanan, OBA #18661
McAfee & Taft A Professional Corporation
10th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102
Telephone: (405) 235-9621
Facsimile: (405) 235-0439

Counsel for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer has been served on Liaison

Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-

mail and upon all parties by electronically uploading the same to LexisNexis File & Serve

Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was electronically

filed with the Clerk of Court of the United States District Court for the Eastern District of

Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord

with the procedures established in MDL 1657 on this ____18th____ day of ___January___, 2007.

Phillip A. Wittmann, 18625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Facsimile: (504) 581-3361

Defendants' Liaison Counsel

NY 2042003_1.DOC