information regarding the increased risks of hypertension, stroke and/or myocardial infarctions because MERCK knew that if such increased risks were adequately disclosed, consumers would not purchase Vioxx, but instead would purchase other cheaper and safer NSAID drugs.

83.     Defendants misrepresented the safety and effectiveness of Vioxx to prescribing physicians, Plaintiffs, scientific journals, and the consuming public, and concealed or understated the dangerous side effects associated with ingestion of Vioxx. Defendants also engaged in such aggressive, improper, and dishonest promotion to certain physicians such that the prescribing physicians were no longer able to make independent decisions as a learned intermediary on behalf of their patients.

84.     As a proximate result of Decedent's untimely death caused by the tortious acts of Defendants and the defective condition of Defendants' prescription drug Vioxx that was ingested by Thomas Greenlee, Plaintiff ESTHER GREENLEE, individually, as the surviving spouse of Decedent, has suffered loss of Decedent's companionship, society, services, and protection since October 15, 2006, and will continue to suffer the loss of companionship, society, services, consortium, and protection that Plaintiff ESTHER GREENLEE could have reasonably expected to receive from Decedent during Decedent's lifetime had he lived. In addition, Plaintiff ESTHER GREENLEE has also endured mental pain and suffering and will continue to endure such mental pain, suffering, and anguish for the rest of her lifetime.

85.     In addition, as a direct and legal result of the tortious acts of Defendants and the defective condition of Defendants' prescription drug Vioxx that was ingested by Thomas Greenlee, Plaintiff RALPH GREENLEE, as Personal Representative on behalf of the Estate of Thomas Greenlee, has incurred medical expenses, funeral expenses, loss of net accumulations, and other damages and losses due to Decedent's wrongful death.

## COUNT I

## STRICT LIABILITY

Plaintiffs adopt by reference all of the General Allegations contained in Paragraphs 1 through **85** above, each inclusive, as though fully set forth herein, pursuant to Rule 1.130(b), Florida Rules of Civil Procedure.

86.     The Vioxx ingested by Plaintiff THOMAS GREENLEE was defective and unreasonably dangerous when it left the possession of the MERCK in that:

a.      When placed in the stream of commerce, Vioxx contained unreasonably dangerous design defects and were not reasonably safe as intended to be used, subjecting Plaintiff THOMAS GREENLEE to risks which exceeded the benefits of the drug;

b.      When placed in the stream of commerce, Vioxx was defective in design and formulation, making use of the drug more dangerous than an ordinary consumer would expect and more dangerous than other risks associated with Plaintiff THOMAS GREENLEE's ailment;

c.      Vioxx contained insufficient warnings to alert Plaintiffs, consumers, and prescribing physicians of severe and life threatening complications and side effects including, but not limited to arterial thrombus;

d.      There was misleading advertising and promotion concerning the benefits of using Vioxx;

e.      There were inadequate post-marketing warnings or instructions for Vioxx because, after MERCK knew or should have known of the significant risks associated with the use of Vioxx, MERCK failed to provide adequate warnings to Plaintiffs, consumers, and prescribing physicians, and continued to aggressively promote and advertise direct-to-consumers the sale and use of Vioxx; and

f.      The Vioxx ingested by Plaintiff THOMAS GREENLEE had not been materially altered or modified prior to use.

87.     Plaintiff THOMAS GREENLEE used the drug for its intended purpose of pain management.

88.     MERCK, as a manufacturer of a prescription drug, is held to the level of knowledge of an expert in the field.

89.     Plaintiff THOMAS GREENLEE's prescribing physician did not have substantially the same knowledge as MERCK, or that would have been gleaned from an adequate warning from MERCK.

90.     The warnings that were given by MERCK to prescribing physicians, consumers, and Plaintiff THOMAS GREENLEE were not accurate, clear, and/or unambiguous.

91.     MERCK had a continuing duty to warn THOMAS GREENLEE, consumers and prescribing physicians of the dangerous risks and reactions associated with Vioxx.

92.     Plaintiff THOMAS GREENLEE could not have discovered any defect in the product through the exercise of care.

93.     As a direct and proximate result of THOMAS GREENLEE'S ingestion of Vioxx, Mr. Greenlee died on October 15, 2006, as a result of complications of a Vioxx-induced stroke that he suffered on September 13, 2003.   Plaintiff, RALPH GREENLEE, on behalf of Decedent's estate and his survivors, seeks all damages allowed under the law.

WHEREFORE, Plaintiffs demand judgment against MERCK for damages, as well as costs of this action and a trial by jury of all issues to be tried.

## COUNT II

### NEGLIGENCE

Plaintiffs adopt by reference all the General Allegations contained in Paragraphs 1 through 85 above, each inclusive, as though fully set forth, pursuant to Rule 1.130 (b), Florida Rules of Civil Procedure.

94.     At all times material hereto, Defendants had a duty to Plaintiffs to exercise reasonable care in the design, manufacture, testing, processing, advertising, marketing, labeling, assembling, packaging, distribution and sale of Vioxx.

95.     Defendants were negligent in its actions, misrepresentations, and omissions toward Plaintiffs and Plaintiff THOMAS GREENLEE's prescribing physician in the following ways:

a.     They failed to include adequate warnings with the drug that would have alerted consumers and physicians to the potential risks and serious side effects of Vioxx;

b.     Failed to adequately and properly test Vioxx before placing the drug on the market;

c.     Failed to provide adequate post-marketing warnings or instructions after the Defendants knew of the significant risks of personal injury and death as identified herein among other serious side effects from the use of Vioxx;

d.     Failed to adequately warn Plaintiffs that Vioxx should not be used by patients with any risk factors for these adverse effects such as family history of ischemic heart disease, or risk factors for ischemic cardiovascular disease;

e.     Failed to adequately disclose and warn Plaintiffs that Plaintiff THOMAS GREENLEE undertook the risk of adverse events and death by ingesting Vioxx; and

f.     Failed to adequately and timely inform the health care industry of the risks of serious personal injury and death resulting from Vioxx ingestion as described therein.

96.     Defendants knew or should have known that Vioxx caused unreasonably dangerous risks and serious side effects of which Plaintiffs were unaware.   Defendants nevertheless aggressively advertised, marketed, sold and distributed Vioxx knowing that there were safer products and options for treatment of pain due to inflammation.

97.   As a direct and proximate result of Thomas Greenlee's ingestion of Vioxx, Mr. Greenlee died on October 15, 2006, as a result of complications of a Vioxx-induced stroke that he suffered on September 13, 2003.  Plaintiff, RALPH GREENLEE, on behalf of Decedent's estate and his survivors, seeks all damages allowed under the law.

WHEREFORE, Plaintiffs demand judgment against Defendants for damages, as well as costs of this action and a trial by jury of all issues to be tried.

## COUNT III

## NEGLIGENT MISREPRESENTATION

Plaintiffs adopt by reference all of the General Allegations contained Paragraphs 1 through 85 above, each inclusive, as though fully set forth, pursuant to Rule 1.130 (b), Florida Rules of Civil Procedure.

98.   Defendants negligently misrepresented to Plaintiff THOMAS GREENLEE's and his prescribing physician the safety and effectiveness of Vioxx and/or negligently misrepresented material information regarding Vioxx and/or negligently misrepresented adverse information regarding the safety and effectiveness of the drug Vioxx.

99.   Defendants negligent misrepresentations were communicated to Plaintiff THOMAS GREENLEE's prescribing physician with the intent that they reach the Plaintiff, and that the effect of such representations would be that prescriptions would be written for Vioxx for the consuming public, including Plaintiff THOMAS GREENLEE.

100.   Defendants misrepresented safety information regarding Vioxx with the intention and specific desire that Plaintiffs, Plaintiff THOMAS GREENLEE's prescribing physician, other dispensing entities, and the consuming public would rely on such information in selecting, requesting, or prescribing treatment.

101.    Defendants misrepresented material, adverse information regarding the safety and effectiveness of Vioxx.

102.    Defendants made these misrepresentations and actively concealed adverse information at a time when the Defendants knew, or should have known, that Vioxx had defects, dangers, and characteristics that were other than what the Defendants had represented to prescribing doctors, other dispensing entities, the FDA and the consuming public, including the Plaintiff herein.

103.    The misrepresentations of the Defendants were perpetuated directly and/or indirectly by the Defendants' employees, agents and/or other detail persons.

104.    The misrepresentations of the Defendants constitute a continuing tort.

105.    Through the Vioxx product inserts, advertising, detailing, promotional materials, and aggressive marketing, Defendants continued to misrepresent the potential risks and benefits associated with Vioxx both before and after Plaintiff THOMAS GREENLEE's ingestion of the drug.

106.    Defendants had a post-sale duty to warn Plaintiffs, the consuming public, and prescribing physicians about the potential risks and complications associated with Vioxx in a timely manner.

107.    Defendants misrepresented the safety and efficacy of Vioxx in their labeling, advertising, product inserts, promotional materials, or other marketing efforts.

108.    Plaintiff THOMAS GREENLEE, his prescribing physician, and other dispensing entities justifiably relied on and/or were induced by the misrepresentations of Defendants to Plaintiffs' detriment.

109.   As a direct and proximate result of Thomas Greenlee's ingestion of Vioxx, Mr. Greenlee died on October 15, 2006, as a result of complications of a Vioxx-induced stroke that he suffered on September 13, 2003.  Plaintiff, RALPH GREENLEE, on behalf of Decedent's estate and his survivors, seeks all damages allowed under the law.

WHEREFORE, Plaintiffs demand judgment against Defendants for damages, as well as all costs of this action and a trial by jury of all issues to be tried.

## COUNT IV

## **FRAUD**

Plaintiffs adopt by reference all of the General Allegations contained Paragraphs 1 through 85 above, each inclusive, as though fully set forth, pursuant to Rule 1.130 (b), Florida Rules of Civil Procedure.

110.   Defendants fraudulently or intentionally misrepresented to Plaintiff THOMAS GREENLEE and his prescribing physician the safety and effectiveness of Vioxx and/or fraudulently or intentionally concealed material information regarding the drug and/or fraudulently or intentionally misrepresented adverse information regarding the safety and effectiveness of Vioxx.

111.   Defendants fraudulent or intentional misrepresentations were communicated to Plaintiff THOMAS GREENLEE's prescribing physician with the intent that they reach the Plaintiff.

112.   Defendants knew that their representations were false.

113.   Defendants made the fraudulent or intentional misrepresentations and/or actively concealed information about the risks and efficacy of Vioxx with the intention and specific desire that the Plaintiffs, the Plaintiff THOMAS GREENLEE's prescribing physician, dispensing