entities and the consuming public would rely on such false information in selecting treatment for pain and inflammation.

114.  Defendants intentionally concealed material, adverse information regarding the safety and effectiveness of their products.

115.  Defendants made these fraudulent or intentional misrepresentations and actively concealed adverse information at a time when the Defendants knew that Vioxx had defects, dangers, and characteristics that were other than what the Defendants had represented to the prescribing doctors or other dispensing entities, the FDA and the consuming public, including the Plaintiff herein. Specifically, the Defendants fraudulently or intentionally misrepresented to and/or actively concealed from Plaintiffs, Plaintiff THOMAS GREENLEE's prescribing physician, other dispensing entities, the FDA and the consuming public the following adverse information regarding the Vioxx ingested by the Plaintiff:

- a. Failed to advise Plaintiffs, Plaintiff THOMAS GREENLEE's prescribing physician, and others that Vioxx carried risks of serious adverse effects;

- b. Failed to advise Plaintiff, Plaintiff THOMAS GREENLEE's prescribing physician, and others that there were serious risks of thrombotic events associated with Vioxx, and, instead, Defendants aggressively marketed, promoted, advertised directly to consumers, and/or sold Vioxx as if there was no risk; and

- c. Failed to advise Plaintiffs, Plaintiff THOMAS GREENLEE's prescribing physician, and others that prior studies, research, reports and/or testing had been conducted linking Vioxx to serious adverse actions.

116.  The fraudulent or intentional misrepresentations and/or active concealment by the Defendants were perpetuated directly and/or indirectly by the Defendant and their employees, agents and/or other detail persons.

117.  The fraudulent or intentional misrepresentations and/or concealment by the Defendants constitute a continuing tort.

118. Through the Defendants' product insert, advertising, detailing, promotional materials, and aggressive marketing efforts, Defendants continued to fraudulently or intentionally misrepresent the potential risks associated with Vioxx.

119. Defendants had a post-sale duty to warn Plaintiffs, consumers, and prescribing physicians of the risks of Vioxx in their labeling, advertising, product inserts, promotional materials, detailing, and other marketing efforts.

120. Defendants fraudulently or intentionally misrepresented the safety and efficacy of Vioxx in their labeling, advertising, product insert, promotional materials, detailing, or other marketing efforts.

121. Plaintiffs, Plaintiff THOMAS GREENLEE's prescribing physician, and other dispensing entities justifiably relied on and/or were induced by the fraudulent or intentional misrepresentations and/or active concealment of Defendants to Plaintiffs' detriment.

122. As a direct and proximate result of Thomas Greenlee's ingestion of Vioxx, Mr. Greenlee died on October 15, 2006, as a result of complications of a Vioxx-induced stroke that he suffered on September 13, 2003. Plaintiff, RALPH GREENLEE, on behalf of Decedent's estate and his survivors, seeks all damages allowed under the law.

WHEREFORE, Plaintiffs demand judgment against Defendants for damages, as well as all costs of this action and a trial by jury of all issues to be tried.

**JURY TRIAL DEMANDED ON ALL ISSUES**

Dated this 16th day of Jan., 2006.

By: /s/ Brenda S. Fulmer
BRENDA S. FULMER, Esq.
Fla. Bar No. 999891
ALLEY, CLARK, GREIWE & FULMER
701 E. Washington Street
P.O. Box 3127
Tampa, FL 33601-3127
Tele: (813) 222-0977
Fax: (813) 224-0373
*bfulmer@tampatriallawyers.com*
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Plaintiff's Unopposed Motion to Amend Complaint has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 16th day of Jan., 2006.

By: /s/ Brenda S. Fulmer
BRENDA S. FULMER, Esq.
Fla. Bar No. 999891
ALLEY, CLARK, GREIWE & FULMER
701 E. Washington Street
P.O. Box 3127
Tampa, FL 33601-3127
Tele: (813) 222-0977
Fax: (813) 224-0373
Attorneys for Plaintiff
*bfulmer@tampatriallawyers.com*

31

## SERVICE LIST

**Wilfred P. Coronato, Esq.**
Hughes, Hubbard & Reed, LLP
101 Hudson Street, Suite 3601
Jersey City, NJ 07302-3918
Tele: (201) 946-5700
Fax: (201) 536-0799
*Email: Coronato@hugheshubbard.com*

**Phillip A. Wittmann, Esquire**
Stone, Pigman, Walther, Wittmann, LLC
546 Carondelet St.
New Orleans, LA 71030
Tele: (504) 581-3200
Fax: (504) 581-3361
*Email: pwittmann@stonepigman.com*
Defendant's Liaison Counsel

**Aretha Delight Davis, Esquire**
Dechert LLP
2929 Arch Street
Philadelphia, PA 19104
Tele: (215) 994-2423
Fax: (215) 994-2222
*Email: Aretha.davis@dechert.com*

**Susan Giamportone, Esq.**
Womble, Carlyle, Sandridge & Rice
2530 Meridian Parkway, Suite 400
Durham, NC 27713
Tele: (919) 316-4243
Fax: (919) 484-2061
*Email: SGiamportone@wcsr.com*

**Barbara Bolton Litten, Esquire**
**Patricia E. Lowry, Esquire**
**John B.T. Murray, Jr., Esquire**
**Dori K. Stibolt, Esquire**
Squire, Sanders & Dempsey
1900 Phillips Point West
777 S. Flagler Drive
West Palm Beach, FL 33401
Tele: (561) 650-7200

Fax: (561) 655-1509
*Email: blitten@ssd.com*
*Email: plowry@ssd.com*
*Email: jbmurray@ssd.com*
*Email: dstibolt@ssd.com*
Local Counsel for Merck

**Russ Herman, Esquire**
Herman, Herman, Katz & Cotlar, LLP
201 St. Charles Ave., Suite 4310
New Orleans, LA 70170
Tele: (504) 581-4892
Fax: (504) 561-6024
*Email: VIOXX@hhkc.com*
Plaintiff's Liaison Counsel