IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX ) | MDL NO. 1657 |
| ) | |
| PRODUCTS LIABILITY LITIGATION ) | SECTION: L |
| ) | |
| ) | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: ) | |
| ) | |
| ALL MEDICAL MONITORING ) | |
| CLASS ACTION COMPLAINTS ) | MAGISTRATE JUDGE KNOWLES |
| PENDING OR SUBJECT TO ) | |
| TRANSFER TO MDL 1657 ) | |

NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF
MERCK'S MOTION TO DISMISS PLAINTIFFS' MEDICAL
MONITORING MASTER CLASS ACTION COMPLAINT

Defendant Merck & Co., Inc. ("Merck") respectfully submits the attached decision in *Paz v. Brush Engineered Materials, Inc.*, No. 2006-FC-00771-SCT, 2007 Miss. LEXIS 3 (Miss. Jan. 4, 2007), as a supplement to Merck's pending Motion to Dismiss Plaintiffs' Medical Monitoring Master Class Action Complaint.

In *Paz*, issued earlier this month, the Mississippi Supreme Court definitively held that Mississippi does ***not*** recognize claims for medical monitoring absent a present physical injury. *Id.* at *20. In so holding, the Court found that creating a medical monitoring cause of action where plaintiffs have not suffered physical injury would be contrary to Mississippi common law, which does not allow recovery for negligence without showing an identifiable injury. *Id.* at *4-5. In an opinion authored by Chief Justice Smith, the Court went on to explain that under Mississippi law, exposure to a potentially harmful substance does not in itself constitute a

personal injury; thus, medical monitoring claims are inappropriate absent current physical injury from such exposure.  *Id.* at *12.  In the Court's words:

> The possibility of a future injury is insufficient to maintain a tort claim.  Recognizing a medical monitoring cause of action would be akin to recognizing a cause of action for fear of future illness.  Each bases its claim for damages on the possibility of incurring an illness with no present manifest injury.  There is no tort cause of action in Mississippi without some identifiable injury, either physical or emotional.

*Id.* at *10-11.

The *Paz* case is directly binding as to named plaintiff Dora Prince, who purports to represent Mississippi class members.  Under *Paz*, plaintiff Prince has no claim under Mississippi law because she has not alleged any present injury from Vioxx.  For this reason and those set forth in Merck's prior briefing, plaintiff Prince's claim should be dismissed.

Dated:  January 19, 2007                                            Respectfully submitted,


/s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

850787v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Notice of Supplemental Authority has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 19th day of January, 2007.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

850787v.1