IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  VIOXX | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION: L |
| | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | |
| ALL MEDICAL MONITORING CLASS ACTION COMPLAINTS PENDING OR SUBJECT TO TRANSFER TO MDL 1657 | MAGISTRATE JUDGE KNOWLES |

**DEFENDANT'S RESPONSE TO PLAINTIFFS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Merck & Co., Inc. ("Merck") submits this brief response to plaintiffs' Supplemental Notice of Authority, attaching the New Jersey Appellate Division's ruling in *Sinclair v. Merck & Co., Inc.*, No. A-5661-0425 ("Slip Op.") (N.J.A.D. Jan. 16, 2007), which reversed Judge Higbee's order dismissing plaintiffs' medical monitoring claims on the ground that New Jersey law bars product liability claims for medical monitoring absent a present injury. The Appellate Division's reversal of the dismissal of plaintiffs' complaint in *Sinclair* does not, as plaintiffs imply, undermine Merck's arguments that uninjured Vioxx plaintiffs may not sustain medical monitoring claims under New Jersey law for several reasons.

As an initial matter, the Appellate Division's decision to reverse the dismissal of plaintiffs' medical monitoring claims was not based on – and made no judgment as to – the viability of uninjured Vioxx plaintiffs' medical monitoring claims. In fact, the appellate court itself questioned the validity of plaintiffs' claims under the New Jersey Product Liability Act,

1

agreeing with Merck that plaintiffs cannot state a claim under that act if they do not claim to be presently injured. Specifically, the Appellate Division noted that given the Product Liability Act's requirement of "personal physical illness, injury or death," that "requirement alone may prove fatal to plaintiffs' claims." (Slip Op. at 25.) Rather, the Appellate Division reversed Judge Higbee's order merely because it believed that the decision was "premature" and that the court "lack[ed] a factual foundation for making a determination as to what, if any, relief is reasonable and necessary in the circumstances, bearing in mind that the remedy sought by plaintiffs cannot be 'easily invoked.'" (*Id* at 24.)

In any event, to the extent that the Appellate Division disagreed with Judge Higbee's holding that Vioxx plaintiffs may not assert medical monitoring claims absent a claim of present injury, the Appellate Division's decision is contrary to New Jersey Supreme Court precedent (and for that reason, Merck intends to seek certification to appeal to that Court). Specifically, the decision is at odds with the Supreme Court's ruling in *Theer v. Philip Carey*, 133 N.J. 610 (1993), which held that medical monitoring was not available to a plaintiff who been indirectly exposed to asbestos and had not sustained any present injury. In that case, the New Jersey Supreme Court explicitly held that medical monitoring is only available to plaintiffs who have "[1] suffered increased risk of [injury] when directly exposed to a defective or hazardous product . . .[2] ***when they have already suffered a manifest injury or condition caused by that exposure,*** and [3] whose risk of [disease] is attributable to the exposure." *Id.* at 627 (emphasis added). As Judge Higbee correctly recognized in her dismissal of plaintiffs' medical monitoring claims, the *Theer* decision "clearly indicated that medical monitoring was a difficult remedy to invoke and should only be applied to a product-liability context in very limited circumstances," *Sinclair v.*

2

*Merck & Co., Inc.*, No. ATL-L-3771-04-MT, 2005 WL 1278364, at *5 (N.J. Super. May 19, 2005) (Higbee, J.) – *i.e.*, circumstances where the plaintiff manifests a present injury.

Because named plaintiff David Scott, who purports to represent New Jersey class members, does ***not*** allege a "manifest injury," his medical monitoring claim is barred notwithstanding the recent Appellate Division ruling. For this reason and those set forth in Merck's prior briefing, plaintiff Scott's claim should be dismissed.

Dated: January 19, 2007                                             Respectfully submitted,

                                                */s/ Dorothy H. Wimberly*
                                                Phillip A. Wittmann, 13625
                                                Dorothy H. Wimberly, 18509
                                                Carmelite M. Bertaut, 3054
                                                STONE PIGMAN WALTHER
                                                WITTMANN L.L.C.
                                                546 Carondelet Street
                                                New Orleans, Louisiana 70130
                                                Phone: 504-581-3200
                                                Fax:   504-581-3361

                                                Defendants' Liaison Counsel

850947v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Response has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 19th day of January, 2007.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel