UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX PRODUCTS LIABILITY | * | MDL No. 1657 |
| | * | |
| LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:**  *Eunice Alvarado, et al. v. Merck & Co., Inc., EDLA Civil Action No. 06-5599.*

---

**DEFENDANT MERCK & CO., INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**

---

Defendant Merck & Co., Inc. ("Merck") answers Plaintiffs' Complaint ("Complaint") as follows:

## I.    RESPONSE TO "INTRODUCTION AND PARTIES"

1.      Merck denies each and every allegation contained in paragraph 1. of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis  for such relief.

2.      Merck denies each and every allegation contained in paragraph 2., including subparts a. through n., of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

851384v.1

3.      Merck denies each and every allegation contained in paragraph 3. of the Complaint, and avers that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health, that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey and that Merck is authorized to do business in Texas.  Merck further admits that it may be served with process by serving its registered agent, CT Corporation Systems, 350 North St. Paul Street, Dallas, Texas 75201.  Merck further admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

4.      Merck denies each and every allegation contained in paragraph 4. of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## II.   RESPONSE TO "JURISDICTION"

5.      The allegations contained in paragraph 5. of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 5. of the Complaint, except admits that the parties are diverse and that plaintiffs purport to place an amount in controversy in excess of $75,000.00, but denies there is any legal or factual basis for the relief sought..

## III.   RESPONSE TO "CONDITIONS PRECEDENT"

6.      The allegations contained in paragraph 6. of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck

851384v.1

denies each and every allegation contained in paragraph 6. of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

## IV.  RESPONSE TO "FACTUAL BACKGROUND"

7.      Merck denies each and every allegation contained in the first and second sentences of paragraph 7. of the Complaint, except admits that Vioxx is part of a class of medicines known as Non-Steroidal Anti-Inflammatory medications ("NSAIDs") and admits that Vioxx, a selective cyclooxygenase-2 ("COX-2") inhibitor, has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen, which is a non-selective NSAID.  Merck denies each and every allegation contained in the third and fourth sentences of paragraph 7. of the Complaint, except admits that Merck sought and in May 1999 received U.S. Food and Drug Administration ("FDA") approval to manufactuer and market the prescription medicine Vioxx for certain indicated uses in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

8.      Merck denies each and every allegation contained in paragraph 8. of the Complaint, except admits that health care providers prescribed Vioxx to millions of patients in the United States.  Merck further admits that Merck marketed the prescription medication Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004 and avers that Merck marketed Vioxx as safe and effective for certain indicated uses in a manner consistent with the information contained in the relevant FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

9.      Merck denies each and every allegation contained in the first and second sentences of paragraph 9. of the Complaint, except admits that the referenced letter exists, and

851384v.1

respectfully refers the Court to said letter for its actual language and full text.  Merck denies each and every allegation contained in the third sentence of said paragraph, except admits that the referenced study exists and was published in 2000, and respectfully refers to the Court to said study for its actual language and full text.  Merck denies each and every allegation contained in the fourth sentence of said paragraph, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses in a manner consistent with the information contained in the relevant FDA-approved prescribing information and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its indicated uses and full text. Merck further admits that Merck employed professional representatives to have product discussions concerning Vioxx with health care professionals.

10.     Merck denies each and every allegation contained in paragraph 10. of the Complaint.

11.     Merck denies each and every allegation contained in paragraph 11., including subparts a-n, of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

### V.   RESPONSE TO "ALLEGATIONS"

12.     Merck denies each and every allegation contained in paragraph 12. of the Complaint.

13.     Merck denies each and every allegation contained in paragraph 13. of the Complaint.

14.     Merck denies each and every allegation contained in paragraph 14. of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for its actual language and full text.

851384v.1

15.     Merck denies each and every allegation contained in paragraph 15. of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

16.     Merck denies each and every allegation contained in paragraph 16. of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

17.     Merck denies each and every allegation contained in paragraph 17. of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## VI.  RESPONSE TO "STRICT PRODUCTS LIABILITY"

18.     With respect to the allegations contained in paragraph 18. of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 17 of this Answer with the same force and effect as though set forth here in full.

19.     Merck denies each and every allegation contained in paragraph 19. of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

20.     Merck denies each and every allegation contained in paragraph 20. of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on

851384v.1

September 30, 2004.  Merck also respectfully refers the Court to the relevant FDA-approved prescribing information for its actual language and full text.

21.     Merck denies each and every allegation contained in paragraph 21. of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

A.     **RESPONSE TO  "DESIGN AND MARKETING DEFECT"**

22.     With respect to the allegations contained in paragraph 22. of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 21 of this Answer with the same force and effect as though set forth here in full.

23.     Merck denies each and every allegation contained in paragraph 23. of the Complaint.

24.     Merck denies each and every allegation contained in paragraph 24. of the Complaint.

25.     Merck denies each and every allegation contained in paragraph 25. of the Complaint.

26.     Merck denies each and every allegation contained in paragraph 26. of the Complaint, including its subparts (1) through (3).

B.     **RESPONSE TO "INADEQUATE AND IMPROPER WARNINGS"**

27.      With respect to the allegations contained in paragraph 27. of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement contained

851384v.1

in paragraphs 1 through 26 of this Answer with the same force and effect as though set forth here in full.

28.      Merck denies each and every allegation contained in paragraph 28. of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx as safe and effective for certain indicted uses in a manner consistent with the information contained in the relevant FDA-approved prescribing information until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.   Merck respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

29.      Merck denies each and every allegation contained in paragraph 29. of the Complaint.

## VII. RESPONSE TO "FRAUD"

30.      With respect to the allegations contained in paragraph 30. of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 29 of this Answer with the same force and effect as though set forth here in full.

31.      Merck denies each and every allegation contained in paragraph 31 of the Complaint.

## VIII.   RESPONSE TO "NEGLIGENCE"

32.      With respect to the allegations contained in paragraph 32. of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 31 of this Answer with the same force and effect as though set forth here in full.

851384v.1

33.     Merck denies each and every allegation contained in the first, third, and fourth sentences of paragraph 33. of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  The allegations of the second sentence of paragraph 33. of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denied that it violated any applicable law in the manufacture, sale and design of Vioxx, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

34.     Merck denies each and every allegation contained in paragraph 34. of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

35.     Merck denies each and every allegation contained in the first and third sentences of paragraph 35 of the Complaint.  The allegations contained in the second sentence of paragraph 35 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of paragraph 35 of the Complaint, and Merck respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

### IX.  RESPONSE TO "NEGLIGENT MISREPRESENTATIONS"

36.     With respect to the allegations contained in paragraph 36. of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 35 of this Answer with the same force and effect as though set forth here in full.

851384v.1

37.      Merck denies each and every allegation contained in paragraph 37. of the Complaint, except admits that Merck marketed the prescription medication Vioxx as safe and effective for certain indicated uses in a manner consistent with the information contained in the relevant FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

38.      Merck denies each and every allegation contained in paragraph 38. of the Complaint, including its subparts (a) through (f), except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.  With respect to the allegations contained in paragraph 38(a) of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 37 of this Answer with the same force and effect as though set forth here in full.

## X.   RESPONSE TO "EXPRESSED WARRANTY FOR GOODS"

39.      With respect to the allegations contained in paragraph 39. of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 38 of this Answer with the same force and effect as though set forth here in full.

40.      Merck denies each and every allegation contained in the first sentence of paragraph 40 of the Complaint.  The allegations contained in the second and third sentences of paragraph 40. of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the second and third sentences of paragraph 40. of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further denies that it violated any applicable law in the manufacture, sale and design of Vioxx, and

851384v.1

Merck respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.  Merck denies each and every allegation contained in the fourth sentence of paragraph 40 of the Complaint.

## XI.  RESPONSE TO "IMPLIED WARRANTY"

### A.      RESPONSE TO "WARRANTY OF MERCHANTIBILITY"

41.    With respect to the allegations contained in paragraph 41. of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 40 of this Answer with the same force and effect as though set forth here in full.

42.    Merck denies each and every allegation contained in paragraph 42. of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx as safe and effective for certain indicated uses in a manner consistent with the information contained in the relevant FDA-approved prescribing information until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.   Merck respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

### B.      RESPONSE TO "WARRANTY OF FITNESS"

43.    With respect to the allegations contained in paragraph 43. of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 42 of this Answer with the same force and effect as though set forth here in full.

44.    Merck denies each and every allegation contained in paragraph 44. of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx as safe and effective for certain indicated uses in a manner consistent with the

851384v.1

information contained in the relevant FDA-approved prescribing information and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for its actual language and full text.

## XII. RESPONSE TO "LOSS OF CONSORTIUM

45.     With respect to the allegations contained in paragraph 45. of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 44 of this Answer with the same force and effect as though set forth here in full.

46.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 46. of the Complaint, including subparts a through the second subpart h, Merck and denies each and every allegation directed towards Merck in paragraph 46. of the Complaint, including subparts a through the second subpart h.

47.     Merck denies each and every allegation contained in paragraph 47. of the Complaint.

## XIII.   RESPONSE TO "SURVIVAL ACTION"

48.     With respect to the allegations contained in paragraph 48. of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 47 of this Answer with the same force and effect as though set forth here in full.

49.     Merck denies each and every allegation contained in paragraph 49. of the Complaint, except admits plaintiffs purport to seek special damages and punitive damages, but denies there is any legal or factual basis for such relief.

851384v.1

### XIV.   RESPONSE TO "WRONGFUL DEATH"

50.     With respect to the allegations contained in paragraph 50. of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 49 of this Answer with the same force and effect as though set forth here in full.

51.     The allegations contained in paragraph 51. of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 51. of the Complaint, except admits plaintiffs purport to seek economic and non-economic damages, but denies there is any legal or factual basis for such relief.

52.     Merck denies each and every allegation contained in paragraph 52. of the Complaint.

53.     Merck denies each and every allegation contained in paragraph 53. of the Complaint, except admits plaintiffs purport to seek punitive damages, but denies there is any legal or factual basis for such relief.

### XV. RESPONSE TO "DAMAGES"

54.     Merck denies each and every allegation contained in paragraph 54. of the Complaint, except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

### XVI.   RESPONSE TO "PUNITIVE DAMAGES"

55.     Merck denies each and every allegation contained in paragraph 55. of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on

851384v.1

September 30, 2004, and that Plaintiff purports to seek punitive damages but denies that there is any legal or factual basis for such relief.

## XVII.  RESPONSE TO "JURY DEMAND"

56.    Merck admits that Plaintiffs purport to request a trial by jury.

## XVIII. RESPONSE TO "PRAYER"

57.    The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 56. of the  Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph, including its subparts 1 through 9, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## XIX.   AFFIRMATIVE DEFENSES

58.    The claims of Plaintiffs may be time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely.

59.    The Complaint fails to state a claim upon which relief can be granted.

60.    The claims of the Plaintiffs may be barred, in whole or in part, from recovery because they have made statements or taken actions that preclude them from asserting claims or constitute a waiver of their claims.

61.    The claims of the Plaintiffs may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

62.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

851384v.1

63.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were cause in whole or in part through the operation of nature or other intervening cause or causes.

64.     To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

65.     To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

66.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

67.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

68.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' misuse or abuse of Vioxx.

851384v.1

69.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

70.     To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

71.     To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

72.     Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by both state and federal rules.

73.     Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

74.     Plaintiffs' claims are barred in whole or in part by the First Amendment.

75.     Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

76.     There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

77.     This case is more appropriately brought in a different venue.

78.     Venue in this case is improper.

851384v.1

79.    The claims of Plaintiffs may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

80.    The claims of Plaintiffs may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

81.    The claims of Plaintiffs may be barred, in whole or in part, from recovery by release as to their claims.

82.    The claims of Plaintiffs may be barred, in whole and in part, by the doctrine of laches.

83.    The claims of Plaintiffs are barred, in whole or in part, by their failure to mitigate damages.

84.    To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

85.    The claims of Plaintiffs may be barred, in whole or in part, from recovery, due to spoliation of evidence.

86.    The claims of Plaintiffs may be barred, in whole or in part, by the governing state laws.

87.    Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

88.    Plaintiffs have not sustained any injury or damages compensable at law.

851384v.1

89.     Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiffs' failure to provide it with due process of law.

90.     Merck further states that any warnings that were given were transmitted to the prescribing health care provider, and that under Texas law, Merck's only obligation is to warn the prescribing health care provider, and that obligation was fulfilled.

91.     If Plaintiffs sustained the injuries and damages alleged in the Petition, such injuries resulted, in whole or in part, from the culpable conduct and negligence of Plaintiffs and/or of third parties, not from any negligence or breach of duty by Merck.  If judgment is rendered in Plaintiffs' favor, the amount of such judgment must be reduced pursuant to the Proportionate Responsibility Statute § 33.001, et seq. of the Texas Civil Practice & Remedies Code.

92.     Merck is unaware at this time of any settlements by any alleged joint tortfeasor. In the event any settlement is or has been made by any alleged joint tortfeasor, however, then Merck is entitled to a full credit, offset, pro rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling party, person, or other entity herein, and Merck makes known to the other parties and to the court that it will avail itself of its rights under Texas Civil Practice & Remedies Code §§ 33.014 and 33.015.

93.     Plaintiffs' claims are not suitable for joinder.

94.     Merck asserts that Plaintiffs' claims are barred and Merck is entitled to a presumption of no liability under Texas Civil Practice & Remedies Code §§ 82.001 & 82.007.

95.     To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

851384v.1

96.     To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

97.     Plaintiffs' demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

98.     Any claims for exemplary damages are limited under Texas Civil Practice & Remedies Code § 41.008.  Merck asserts all other defenses and limitations on punitive damages contained in Texas Civil Practice & Remedies Code Chapter 41.

99.     Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate Merck's rights under Amendments IV, V, VI and XIV of the United States Constitution and under Sections 9, 10, 14 and 19 of Article I of the Texas Constitution.

100.     Unless Merck's liability for punitive damages and the appropriate amount of punitive damages are each required to be established by clear and convincing evidence under Texas law, any awards of punitive damages would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

101.     Any claims for punitive damages against Merck cannot be sustained because any award of punitive damages under Texas law without bifurcating the trial as to all punitive damages issues would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

851384v.1

102.    Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law subject to no pre-determined limit, either a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

103.    Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law by a jury that:  (1) is not provided any standard of sufficient clarity for determining the appropriateness, or the appropriate size, of any punitive damages award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (5) is not subject to judicial review on the basis of objective standards, would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

104.    Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law for the purpose of compensating Plaintiffs for elements of damages not otherwise recognized by Texas law would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

105.    Merck asserts that the determination of the amount of punitive damages, if any, shall be bifurcated from the remaining issues pursuant to *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

106.    The imposition of punitive damages violates the open courts provision of the Texas Constitution.

107.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of her legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of her Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

108.    Merck incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action.  Merck will rely on all defenses that may become available during discovery or trial.

## XX. JURY DEMAND

Merck hereby demands a trial by jury on all of Plaintiffs' claims.

Respectfully submitted,


*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN
L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendant's Liaison Counsel

- 20 -

851384v.1

Gerry Lowry
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246

*Attorneys for Defendant Merck & Co., Inc.*

*Of Counsel:*

John Sullivan
Julie Hardin
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Telephone:  713/651-5151
Telecopier:  713/651-5246

851384v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Defendant Merck & Co., Inc.'s Answer to Plaintiffs' Complaint has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 23rd day of January, 2007.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

851384v.1