UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## JOINT REPORT NO. 21 OF
## PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") submit this Joint Report No. 21.

I.  STATE COURT TRIAL SETTINGS

The following is the updated current listing provided by Merck of state court cases set for trial through August 31, 2007: The trial of two plaintiffs, Hermans and Humeston, commenced on January 22, 2007 in Atlantic County, New Jersey. The *Schwaller* case is set for trial in Illinois Circuit Court, Madison County, on February 20, 2007. The *Schramm* case is set to be tried in the Philadelphia Court of Common Pleas ("PCCP") on May 21, 2007. The *Slatton* case is set for trial in Alabama Circuit Court, Jefferson County, on June 18, 2007.

On January 19, 2007, the judge in the California Superior Court case involving plaintiffs Lawrence Appell and Rudolph Arrigale declared a mistrial due to a hung jury verdict.

## II.    SELECTION OF CASES FOR EARLY FEDERAL COURT TRIAL

The parties are discussing convenient dates for a hearing on the Motion for New Trial in the *Irvin/Plunkett* case and will thereupon check with the Court to arrange a hearing date.

On August 30, the Court ordered a new trial on the issue of damages only, in the *Barnett* case. Merck's renewed motion for judgment as a matter of law and its alternative motion for new trial on all issues are currently pending before the Court. Plaintiff and the PSC have filed responsive pleadings. Retrial of the case is set for October 29, 2007.

## III.   CLASS ACTIONS

The Court has under advisement Defendants' Rule 12 Motions to Dismiss the Master Complaints for Medical Monitoring and Purchase Claims. The parties will be prepared to discuss this further at the monthly status conference on January 25, 2007.

## IV.    DISCOVERY DIRECTED TO MERCK

Merck advises that it will continue to make productions of documents, as identified by members of the PSC as priorities, on a rolling basis.

Following the May 25, 2006 ruling of the United States Court of Appeals for the Fifth Circuit, on June 5, 2006, regarding Merck's assertion of privilege to certain documents in connection with Merck's Privilege Log, DLC delivered to the Court documents for which it has asserted privilege for review by the Court and additional information. The parties met with the Court on several occasions to discuss further actions to be taken as a result of the ruling from the Fifth Circuit. The parties await ruling from the Court regarding the privilege claimed as to

certain documents. The parties will be prepared to discuss this further at the monthly status conference on January 25, 2007.

V.      DISCOVERY DIRECTED TO THIRD PARTIES

PLC has advised the Court and DLC that the PSC continues to issue third-party notices of depositions for the production of documents.

With respect to the letter from the PSC dated March 16, 2006 requesting intervention by the Court on whether Merck should have the right to review documents produced by Ogilvy and DDB in response to discovery requests by the PSC, the Court has advised it will review the documents and make a determination as to whether the documents are privileged and whether Merck waived its privilege by providing the documents to Ogilvy and DDB. The parties await further rulings from the Court.

VI.     DEPOSITION SCHEDULING

The parties continue to notice and cross-notice depositions in the MDL. If and when any other issues arise regarding the scheduling of depositions, the Court will be advised and motions will be requested on an expedited basis.

The parties continue to discuss the scheduling of depositions. Several of the individuals sought to be deposed are related to documents that Merck alleges to be privileged and which are the subject of *in camera* review by the Court. The PSC has requested previously expedited re-review and/or release of certain documents previously found not to be privileged and the same issues that were addressed in the Motion for Protective Order filed on December 8, 2006 relative to Dr. Eliav Barr and Robert Silverman continue to be at issue. The parties will be prepared to discuss this further at the monthly status conference on January 25, 2007.

841289v.1
851324v.1

VII. PLAINTIFF PROFILE FORM AND MERCK PROFILE FORM

On December 15, 2006, the Court entered a Minute Entry providing counsel with guidance concerning application of Pre-Trial Order No. 18C.

On January 17, 2007, Merck filed an additional Rule to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Provide Any Response to the Plaintiff Profile Form as Required by Pre-Trial Order No. 18C. This motion requests a briefing schedule prior to a hearing date and requested that the Court set a hearing date. The parties will be prepared to discuss this further at the monthly status conference on January 25, 2007.

On January 22, 2007, Merck advised the PSC that it is seeking its concurrence with respect to two requests for orders from the Court. The first would set a deadline for submission of PPFs by Louisiana residents affected by Hurricane Katrina to avoid the possible loss or disappearance of evidence relevant to the claims. The second would relieve administrative burdens that both parties are facing with respect to authorization for records that some providers deem expired, even though the authorizations do not expire by their terms. PLC has advised DLC that the PSC will consider the request and communicate further with Defendants.

VIII. STATE/FEDERAL COORDINATION -- STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications. The parties will be prepared to discuss this further at the monthly status conference on January 25, 2007.

IX. *PRO SE* CLAIMANTS

From time to time, as the Court issues additional Orders directing PLC to take appropriate action regarding filings made by various *pro se* individuals, PLC will continue to

841289v.1
851324v.1

communicate with the various *pro se* claimants and advise them of attorneys in their respective states and other pertinent information regarding the MDL. DLC will continue to discuss with PLC Merck's obligation to respond to complaints filed by *pro se* individuals in those instances where the complaints have not been served.

X.  IMS DATA

Counsel for IMS and the parties continue to discuss further production of IMS Data. The parties will be prepared to discuss this further at the monthly status conference on January 25, 2007.

XI.  MERCK'S MOTION FOR SUMMARY JUDGMENT

On July 5, 2006, Merck filed a Motion for Summary Judgment in the *Lene Arnold* and *Alicia Gomez* cases asserting that plaintiffs' claims are preempted by federal law. Plaintiff's opposition brief was filed on September 15, 2006. Merck's reply was filed on October 6, 2006. Plaintiffs have filed several notices of supplemental authority, to which Merck has prepared responses. The motion was argued on November 17, 2006 and the parties await a ruling.

XII.  TOLLING AGREEMENTS

On October 27, 2006, PLC communicated with DLC regarding Claimant Profile Forms submitted with Tolling Agreements and requested that a stipulation be worked out regarding Tolling Agreement claimants that have completed Claimant Profile Forms in filed cases so that refiling a Plaintiff Profile Form can be accomplished by a mere addendum. DLC is considering the request and will be responding to PLC.

XIII.  ISSUES RELATING TO PRE-TRIAL ORDER NO. 9

On October 24, 2006, plaintiff's counsel in the Texas State Vioxx Litigation issued Cross-Notice of Depositions for the MDL depositions of Dr. Richard Kronmal, Dr. John Gueriguian and Dr. John Farquhar. On October 25, 2006, PLC notified David P. Matthews, counsel identified for plaintiffs in the Texas State Vioxx Litigation Cross-Notices that the PSC objected to the Texas Cross-Notices as a result of the failure to comply with Pre-Trial Order No. 9 (Amended) and the lack of coordination with the PSC pursuant to Pre-Trial Order No. 19. On October 30, 2006, the PSC filed a Motion to Quash the Cross-Notices issued in the Texas State Vioxx Litigation. The PSC has been in communication with Texas counsel to discuss the motion. The PSC will be prepared to discuss this further at the monthly status conference on January 25, 2007.

XIV.  VIOXX SUIT STATISTICS

Merck advises that as of November 30, Merck had been served or was aware that it had been named as a defendant in approximately 27,200 lawsuits, which include approximately 45,900 plaintiff groups alleging personal injuries resulting from the use of Vioxx, and in approximately 265 putative class actions alleging personal injuries and/or economic loss. Of these lawsuits, approximately 8,250 lawsuits representing approximately 23,600 plaintiff groups are or are slated to be in the federal MDL and approximately 18,950 lawsuits representing approximately 22,300 plaintiff groups have been filed in state courts. Merck advises that it defines a "plaintiff group" as one user of the product and any derivative claims emanating from that user (such as an executor, spouse, or other party). Further, Merck advises that there are more Plaintiffs identified than lawsuits because many lawsuits include multiple Plaintiffs in the

841289v.1
851324v.1

caption. In addition, as of November 30, approximately 14,100 claimants had entered into tolling agreements with the Company.

XV.  MERCK INSURANCE

By letter dated September 20, 2006, PLC requested an update from Merck on insurance coverage and a report on any arbitration/dispute resolution matters that may be relevant to Vioxx litigation. Merck responded by providing a Second Supplemental Response to the PSC's First Set of Interrogatories and an Amended and Supplemental Response and Objections to the PSC's First Request for Production of Documents. The PSC advised that it did not deem the supplemental responses sufficient. The PSC also issued a Notice of FRE 30(B)(6) Corporate Deposition to Merck & Co., Inc. regarding various insurance related issues. Additional FRE 30(B)(6) Corporate Deposition Notices were issued to Merck's insurers. On December 22, 2006, the parties met and conferred to discuss further the various discovery requests issued by the PSC to Merck relating to Merck's insurance issues. The parties discussed this matter further with the Court on January 10, 2007, and on January 16, 2007 a Joint Motion by Merck and its insurers (an Omnibus motion by Merck and its insurers) was filed seeking to quash and/or for protective order preventing the PSC insurance related discovery from going forward. The PSC's response was filed on January 22, 2007 and Merck will be submitting a reply. The matter was set originally for hearing on January 25, 2007. Merck has requested that the hearing on this motion be continued. The PSC opposes any continuance.

XVI.  FURTHER PROCEEDINGS

Representatives of the PSC and Defendants have met and conferred regarding further proceedings in this MDL. The parties will be prepared to discuss this further at the monthly status conference on January 25, 2007.

841289v.1
851324v.1

XVII. MERCK'S STATUTE OF LIMITATIONS MOTION

On September 22, 2006, Merck filed a Motion for Summary Judgment in the *Edmonds*, *Stinson* and *Watson* cases asserting that plaintiffs' claims were time barred. The Motion was amended on October 10, 2006. The PSC has filed its response, and Merck has filed its reply memorandum. At the January 25, 2007 conference, the parties will be prepared to discuss the scheduling of a date for oral argument on the motions.

XVIII. *HARRISON V. MERCK*

*Pro Se* Claimant in the *Harrison v. Merck* case (1:06cv932) continues to communicate with PLC regarding discovery needs, class issues and statute of limitation issues in the alleged bone/spine repair case(s). Mr. Harrison has advised PLC that he intends on participating in the conference via telephone. The parties will be prepared to further discuss this case at the monthly status conference on January 25, 2007.

XIX. DISCOVERY RELATING TO THE MARTIN REPORT

On October 13, 2006, Merck filed a Motion for Protective Order prohibiting discovery of attorney work product and privileged communications relating to the Martin Report. On November 1, 2006, the PSC filed its opposition.

On November 13, 2006, the PSC filed a Motion to Compel Responses to the PSC's Third Set of Interrogatories and Third Set of Requests for Production of Documents directed to Merck. On December 1, 2006, Merck filed its opposition.

On November 22, 2006, the PSC filed a Motion to Compel Compliance With Third Party Subpoenas seeking to compel John S. Martin, Jr., Esq., of counsel; Debevoise and Plimpton, LLP; Martin Frederic Evans, presiding partner or custodian of records, Debevoise; Records Custodian, Burson-Marsteller, LLP; and Marcia Silverman, CEO, Ogilvy Public

Relations Worldwide, Inc. to comply with notices of depositions and subpoenas for documents and testimony. On December 11, 2006, Merck filed its opposition.

All of these motions were set for hearing at the January 25, 2007 conference. Merck requested that the hearing be temporarily continued and the PSC has consented. The parties will be prepared to discuss the scheduling of these motions for hearing.

XX.   NEXT STATUS CONFERENCE

PLC and DLC will be prepared to schedule the next status conference, on a date to be selected by the Court.

Respectfully submitted,

/s/ Leonard A. Davis
Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
**Herman, Herman, Katz & Cotlar, LLP**
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024

**Plaintiffs' Liaison Counsel**

**Temporary address:**

**201 St. Charles Avenue
Suite 4310
New Orleans, LA  70170**

/s/ Dorothy H. Wimberly
Phillip A. Wittmann (Bar No. 13625)
Dorothy H. Wimberly (Bar No. 18509)
Carmelite M. Bertaut (Bar No. 3054)
**Stone Pigman Walther Wittmann L.L.C.**
546 Carondelet Street
New Orleans, LA  70130-3588
PH:    (504) 581-3200
FAX:  (504) 581-3361
**Defendants' Liaison Counsel**

841289v.1
851324v.1

## **CERTIFICATE**

I hereby certify that the above and foregoing Joint Status Report No. 21 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 23rd day of January, 2007.

/s/ Leonard A. Davis
Leonard A. Davis (#14190)
Herman, Herman, Katz & Cotlar, LLP
201 St. Charles Ave.
Suite 4310
New Orleans, LA 70170
PH: (504) 581-4892
FAX: (504) 561-6024
ldavis@hhkc.com
Plaintiffs' Liaison Counsel

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * *

## MONTHLY STATUS CONFERENCE
## JANUARY 25, 2007
## SUGGESTED AGENDA

I. State Court Trial Settings

II. Selection of Cases for Early Federal Court Trial

III. Class Actions

IV. Discovery Directed to Merck

V. Discovery Directed to Third Parties

VI. Deposition Scheduling

VII. Plaintiff Profile Form and Merck Profile Form

VIII. State/Federal Coordination -- State Liaison Committee

IX. *Pro Se* Claimants

831270v.1

X. IMS Data

XI. Merck's Motion for Summary Judgment

XII. Tolling Agreements

XIII. Issues Relating to Pre-Trial Order No. 9

XIV. Vioxx Suit Statistics

XV. Merck Insurance

XVI. Further Proceedings

XVII. Merck's Statute of Limitations Motion

XVIII. *Harrison v. Merck*

XIX. Discovery Relating to the Martin Report

XX. Next Status Conference