UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARK HENNELLY AND STEPHANIE HENNELLY, H/W | : : : | MDL NO. 1657 SECTION L |
| **Plaintiffs** vs. | : : : | JUDGE ELDON E. FALLON |
| MERCK AND COMPANY **Defendant** | : : : | MAGISTRATE JUDGE KNOWLES |

### PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO VOLUNTARILY DISMISS

Plaintiffs have moved to voluntarily dismiss this action so as to proceed with an identical action in state court in New Jersey, where Defendant Merck is headquartered. The New Jersey action is docketed at # No. 7239-06, Superior Court of New Jersey, Atlantic County, and was filed on July 19, 2006. Defendant Merck opposes this motion, and presently argues that (I) Plaintiffs are improperly trying to circumvent the MDL process; and (ii) it will be prejudiced if the motion is granted. The first argument is not a valid argument, and the second argument is simply not true. Accordingly, Plaintiffs respectfully submit that their Motion should be granted.

First, Defendants argue that Plaintiffs' motion is an improper attempt to "circumvent" the MDL process and that granting the instant motion would "effectively send a message to all attorneys that they can evade the MDL process simply by dismissing cases that were initially filed in federal

1

court and re-pleading in a way that seeks to avoid federal jurisdiction." *See*, Def. Memo at 4. This argument ignores the fact that Plaintiffs *did not* "initially file" in Federal Court, and never intended for this action to proceed in Federal Court. Rather, Plaintiffs filed in a State Court mass tort program located approximately ninety minutes from Defendant's headquarters, and sixty minutes from Plaintiffs' residence. It was *Defendant* who "secur[ed] the transfer of the initial case to this Court." Def. Memo at 3.

Defendant's insistence that this action must stay in the forum of *its* choosing is not supported by any authority. Indeed, to the contrary, "a plaintiff's choice of forum is usually accorded deference." *In re Vioxx Prods. Liab. Litig.*, 448 F. Supp. 2d 741 (E.D. La. 2006)(Fallon, J.). *See, also Schexnider v. McDermott Int'l*, 817 F.2d 1159, 1163 (5th Cir. 1987)("there is ordinarily a strong presumption in favor of the plaintiff's choice of forum that may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum"); *Roussel v. Boren*, 1978 U.S. Dist. LEXIS 14515, *40 (E.D.La. 1978)(in passing on a forum non conveniens transfer motion, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed"). Given these well settled principles, there is nothing sinister about Plaintiffs' desire to litigate their case in a local forum in New Jersey, which will, in a practical sense, be more convenient for them, their witnesses, and Defendant. Thus, Defendant's assertion that the "integrity of the MDL process is at stake" is flat wrong.

Second, Defendant will not suffer prejudice if it is required to defend the State Court action. As a threshold issue, it belies common sense for Defendant to argue that it will be prejudiced by having to litigate a case in its home locale, which has developed its own active Vioxx mass tort program, and which is actively proceeding with discovery and trying cases in an orderly fashion.

2

In any event, Defendant's complaint of prejudice must be assessed in the context of the "effort" it has expanded thus far. Defendant has spent the entirety of its time with procedural matters without addressing the merits at all to date. In fact, Defendant has only filed an Answer to the initial complaint; no doubt the same answer it has filed in virtually all of the other Vioxx cases it is litigating, and no doubt the identical answer it can easily re-file in New Jersey State Court. Thus, to the extent that Defendant asks this Court to deny Plaintiffs' motion based on the "efforts" it has expended thus far (*See,* Def. Memo at 3-4), such a request ought not be afforded much weight. *See, Grynberg Prod. Corp. v British Gas, P.L.C.,* 149 FRD 1986 (mere filing of answer or motion for summary judgment could not, without more, be basis for refusing to dismiss without prejudice); *Piedmont Resolution, L.L.C. v Johnston, Rivlin & Foley,* 178 FRD 328 (D.C. 1998)(fact that defendants may have incurred substantial expense prior to FRCP 41(a)(2) dismissal does not amount to legal prejudice); *Ritchey v. Ledoux,* 164 F.R.D. 186 (E.D. La. 1995)(voluntary dismissal granted even though case had been pending for fifteen months and trial date had been set).[1]

Equally baseless is Defendant's suggestion that granting the instant motion will somehow result in the "inefficiencies" that the MDL is designed to prevent, such as duplicative discovery, the potential for inconsistent rulings and waste of judicial resources. The opposite is true- by dismissing the action pending in this Court and allowing the parties to proceed in a local forum, there is no possibility for these things to occur, as only one action will be litigated. Moreover, Defendant's complaint that it will lose the "efficiencies" of the MDL process is specious, as it has already defended numerous actions in the Vioxx mass tort program in New Jersey State Court and will

---

[1] In this respect, none of the cases that Defendant cites are on point, as in each of them, the litigation had advanced substantially further than it has in the instant action.

3

receive the benefit of the same "efficiencies" there that it would in this Court.

Finally, Defendant's request that this Court force Plaintiffs to dismiss their State Court action and re-file directly in federal court should be denied. Here again, Defendant offers no support for the proposition that victims of wrongdoing must bring suit in the forum of the wrongdoer's choosing. Such a result is not contemplated by the Rules of Civil Procedure or the case-law. *See, e.g. Wiesen v. AstraZeneca Pharms.*, L.P., 2006 U.S. Dist. LEXIS 66367 (N.D. Ca. 2006)(under identical circumstances present here, court granted plaintiff's request to dismiss MDL proceedings so that plaintiffs could pursue second, identical action in state court); *Johnson v Pharmacia & Upjohn Co.* 192 F.R.D. 226 (W.D. Mich. 1999)(FRCP 41(a)(2) motion for voluntary dismissal should not be denied solely on basis that federal jurisdiction will be destroyed, because loss of defendant's chosen forum does not amount to plain legal prejudice); *Miller v Trans World Airlines, Inc.*103 FRD 20 (E.D. Pa 1986)(mere fact that plaintiff intends to renew action in state court is not sufficient reason to deny plaintiffs motion to dismiss without prejudice pursuant to Rule 41(a)).

Accordingly, Plaintiffs respectfully request that this Court grant their Motion to Voluntarily Dismiss the Complaint pending before this Court and allow their New Jersey State Court action to proceed.

Respectfully submitted,

*/s/ RANDALL A. SMITH*

RANDALL A. SMITH (# 2117)
J. GEOFFREY ORMSBY (#24183)
Of
SMITH & FAWER, L.L.C.
201 St. Charles Avenue, Suite 3702
New Orleans, Louisiana 70170
Telephone: (504) 525-2200
Facsimile: (504) 525-2205
rasmith@smithfawer.com

And

RICHARD M. GOLOMB, T.A.
TODD M. MOSSER
Golomb & Honik
121 South Broad Street, 9th Floor
Philadelphia, PA 19107
Telephone: (215) 985-9177
Facsimile:   (215) 985-4169
rgolomb@golombhonik.com
tmosser@golombhonik.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Plaintiffs' Motion for Leave of Court to File Supplemental Memorandum in Support of Motion to Voluntarily Dismiss, proposed Order and Plaintiffs' Memorandum in Support of Motion for Leave of Court to File Supplemental Memorandum in Support of Motion to Voluntarily Dismiss, as well as an attached Supplemental Memorandum in Support of Motion to Voluntarily Dismiss, have been served on Liaison Counsel, Dorothy H. Wimberly, by e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 23rd day of January, 2007.

/s/ *RANDALL A. SMITH*