UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

In re: VIOXX MARKETING, SALES     *   MDL No. 1657
PRACTICES AND PRODUCTS LIABILITY   *
LITIGATION                             *   SECTION L
                                          *
                                          *   JUDGE ELDON E. FALLON
                                          *
                                          *   MAGISTRATE JUDGE
                                          *   DANIEL E. KNOWLES, III
                                          *
                                          *
                                          *

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** *Etta Mae Catto, et al  v. Merck & Co.*, **Case No. 06-1660.**

## ANSWER OF DEFENDANT MERCK & CO., INC.

       Defendant Merck & Co., Inc. ("Merck"), incorrectly identified as "Merck & Co.",

by and through its undersigned counsel, answers the Plaintiffs' Original Complaint: Jury Trial

Demanded ("Complaint") as follows:

### RESPONSE TO COMPLAINT

### RESPONSE TO
### "THE PARTIES"

       1.1     Merck lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations not directed toward Merck in paragraph 1.1 of the Complaint,

and denies each and every allegation directed toward Merck in paragraph 1.1 of the Complaint,

except admits that Merck manufactured, marketed, and distributed the prescription medicine

Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

      1.2     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.2 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.2 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

      1.3     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.3 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.3 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

      1.4     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.4 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.4 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

      1.5     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.5 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.5 of the Complaint,

except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.6     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.6 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.6 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.7     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.7 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.7 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.8     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.8 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.8 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.9     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.9 of the Complaint,

and denies each and every allegation directed toward Merck in paragraph 1.9 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

       1.10    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.10 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.10 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

       1.11    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.11 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.11 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

       1.12    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.12 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.12 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.13     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.13 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.13 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.14     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.14 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.14 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.15     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.15 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.15 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.16     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.16 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.16 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine

Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.17    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.17 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.17 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.18    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.18 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.18 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.19    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.19 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.19 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.20    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.20 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.20 of the Complaint,

except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

      1.21    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.21 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.21 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

      1.22    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.22 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.22 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

      1.23    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.23 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.23 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

      1.24    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.24 of the Complaint,

and denies each and every allegation directed toward Merck in paragraph 1.24 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

      1.25    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.25 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.25 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

      1.26    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.26 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.26 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

      1.27    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.27 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.27 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.28     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.28 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.28 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.29     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.29 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.29 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.30     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.30 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.30 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.31     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.31 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.31 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine

Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

   1.32 Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.32 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.32 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

   1.33 Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.33 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.33 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

   1.34 Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.34 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.34 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

   1.35 Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.35 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.35 of the Complaint,

except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.36     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.36 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.36 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.37     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.37 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.37 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.38     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.38 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.38 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.39     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.39 of the Complaint,

and denies each and every allegation directed toward Merck in paragraph 1.39 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.40    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.40 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.40 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.41    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.41 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.41 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.42    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.42 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.42 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.43   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.43 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.43 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.44   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.44 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.44 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.45   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.45 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.45 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.46   Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.46 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.46 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine

Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.47    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.47 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.47 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.48    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.48 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.48 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.49    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.49 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.49 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.50    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.50 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.50 of the Complaint,

except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.51    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.51 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.51 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.52    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.52 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.52 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.53    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.53 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.53 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.54    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.54 of the Complaint,

and denies each and every allegation directed toward Merck in paragraph 1.54 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

       1.55    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.55 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.55 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

       1.56    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.56 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.56 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

       1.57    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.57 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.57 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.58    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.58 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.58 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.59    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.59 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.59 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.60    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.60 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.60 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.61    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.61 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.61 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine

Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

      1.62    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.62 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.62 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

      1.63    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.63 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.63 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

      1.64    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.64 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.64 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

      1.65    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.65 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.65 of the Complaint,

except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.66    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.66 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.66 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.67    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.67 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.67 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.68    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.68 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.68 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.69    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.69 of the Complaint,

and denies each and every allegation directed toward Merck in paragraph 1.69 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

   1.70 Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.70 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.70 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

   1.71 Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.71 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.71 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

   1.72 Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.72 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.72 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.73    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.73 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.73 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.74    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.74 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.74 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.75    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.75 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.75 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.76    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.76 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.76 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine

Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

       1.77    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.77 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.77 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

       1.78    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.78 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.78 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

       1.79    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.79 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.79 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

       1.80    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.80 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.80 of the Complaint,

except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.81    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.81 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.81 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

1.82    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 1.82 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 1.82 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

2.    Denies each and every allegation contained in paragraph 2 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, is authorized to do business in Alabama and may be served as allowed by applicable state and/or federal law.  Merck further admits that it manufactured, marketed, and distributed the prescription medicine Vioxx, which is the brand name for rofecoxib, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the product literature, package inserts, and prescribing information for Vioxx for its mechanism and indicated uses.

**RESPONSE TO**
**"JURISDICTION AND VENUE"**

3.      The allegations contained in paragraph 3 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 3 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiffs purport to state a claim in excess of $75,000, but denies there is any legal or factual basis for such relief.

4.      The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 4 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except Merck admits that there is a multidistrict litigation ("MDL") related to Vioxx, and that the MDL Court issued Pretrial Order No. 11 and respectfully refers the Court to that Order for its actual content and full effect.

**RESPONSE TO**
**"INTRODUCTION"**

5.      Denies each and every allegation contained in the first and second sentences of paragraph 5 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which is the brand name for rofecoxib, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.  Merck denies each and every allegation contained in the third

sentence of paragraph 5 of the Complaint, except admits that Vioxx, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

6.      Denies each and every allegation contained in paragraph 6 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

7.      Denies each and every allegation contained in paragraph 7 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

8.      Denies each and every allegation contained in paragraph 8 of the Complaint, except admits that Vioxx is part of a class of drugs known as non-steroidal anti-inflammatory drugs ("NSAIDs") and that the mechanism of action is believed to be due to the inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").  Merck further admits that it manufactured, marketed and distributed the prescription medicine Vioxx, which the U.S. Food & Drug Administration ("FDA") approved as safe and effective for certain indicated uses subject to information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.  Merck further avers that Vioxx has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen.

9.      Denies each and every allegation contained in paragraph 9 of the Complaint, except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.  Merck further admits that it marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004

10.     Denies each and every allegation contained in the first sentence of paragraph 10 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth contained therein.  Merck denies each and every allegation contained in the second and third sentences of paragraph 10 of the Complaint.

11.     Denies each and every allegation contained in paragraph 11 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

12.     Denies each and every allegation contained in the first and second sentences of paragraph 12 of the Complaint.  The allegations contained in the third sentence of paragraph 12 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the third sentence of paragraph 12 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "FACTS-VIOXX'S PRE-APPROVAL"

13.     Denies each and every allegation contained in paragraph 13 of the Complaint, except admits that in 1996 Merck proposed a study to investigate potential gastro-

intestinal benefits of Vioxx over comparator drugs, but avers that the referenced study was cancelled in 1997.

14.     Denies each and every allegation contained in paragraph 14 of the Complaint, except admits that Plaintiffs purport to quote only a portion of the referenced memorandum and e-mail and avers that the quoted language is taken out of context.

15.     Denies each and every allegation contained in paragraph 15 of the Complaint, except admits that Plaintiffs purport to quote a portion of a document, but Merck avers that said quoted language is taken out of context.

16.     Denies each and every allegation contained in paragraph 16 of the Complaint.

### RESPONSE TO
### "FACTS-VIOXX'S POST-APPROVAL"

17.     Denies each and every allegation contained in paragraph 17 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

18.     Denies each and every allegation contained in paragraph 18 of the Complaint, except admits that Merck issued a press release on April 28, 2000 entitled: "Merck Confirms Favorable Cardiovascular Profile of VIOXX" and respectfully refers the Court to the referenced press release for its actual language and full text.

19.     Denies each and every allegation contained in paragraph 19 of the Complaint, except admits that on August 26, 2004, Merck issued a press release regarding the

conclusions of a study presented at the 20th International Conference of Pharmacoepideminology & Therapeutic Risk Management and respectfully refers the Court to that press release for its actual language and full text

20.     Denies each and every allegation contained in paragraph 20 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to that study for its actual language and full effect.  Merck further admits that on September 23, 2004, Merck was informed that the External Safety Monitoring Board ("ESMB") had recommended that the APPROVe study be stopped when preliminary results showed a small increased risk of confirmed cardiovascular events beginning after 18 months of continuous treatment with Vioxx.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint, except admits that, on September 30, 2004, Merck announced the voluntary worldwide withdrawal of Vioxx and respectfully refers the Court to the referenced announcement for its actual language and full text.  Merck further avers that, on September 30, 2004, Merck announced that, in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebos and that, given the availability of alternate therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interest of patients.  Merck further admits that Vioxx was prescribed to millions of patients by health care providers.

**RESPONSE TO**
**"SUMMARY"**

22.     Denies each and every allegation contained in paragraph 22 of the Complaint.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medication Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further avers that the FDA approved Vioxx as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medication Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

**RESPONSE TO
"COUNT 1-NEGLIGENCE AND GROSS NEGLIGENCE"**

28.     With respect the allegations contained in paragraph 28 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 27 of this Answer with the same force and effect as though set forth herein.

29.     Denies each and every allegation contained in the first sentence of paragraph 29 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medication Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  The allegations contained in the second sentence of paragraph 29 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denied each and every allegation contained in the second sentence of paragraph 29 of the Complaint, except admits that Plaintiffs purport to seek relief under the "doctrine of *res ipsa loquitor*" but denies that there is any legal or factual basis for such relief.

30.     The allegations contained in the first sentence of paragraph 30 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.  Merck denies each and every allegation contained in the second sentence of paragraph 30 of the Complaint, including its subparts a through o, except admits that it manufactured, marketed, and distributed the prescription medication Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint.

## RESPONSE TO
## "COUNT 2-NEGLIGENCE-SALE OF PRODUCT"

32.    With respect the allegations contained in paragraph 32 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 31 of this Answer with the same force and effect as though set forth herein.

33.    Denies each and every allegation contained in the paragraph 33 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

34.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 34 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 34 of the Complaint.

35.    The allegations contained in paragraph 35 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

36.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 36 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 36 of the Complaint.

37.    The allegations contained in paragraph 37 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

38.      Denies each and every allegation contained in paragraph 38 of the Complaint.

39.      Denies each and every allegation contained in paragraph 39 of the Complaint.

## RESPONSE TO
## "COUNT 3-COMMON LAW FRAUD-FAILURE TO DISCLOSE"

40.      With respect the allegations contained in paragraph 40 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 39 of this Answer with the same force and effect as though set forth herein.

41.      The allegations contained in paragraph 41 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 41 of the Complaint.

42.      The allegations contained in paragraph 42 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

43.      Denies each and every allegation contained in paragraph 43 of the Complaint.

44.      Denies each and every allegation contained in paragraph 44 of the Complaint.

45.      Denies each and every allegation contained in paragraph 45 of the Complaint.

46.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 46 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 46 of the Complaint.

**RESPONSE TO**
**"COUNT 4-PRODUCTS LIABILTY"**

47.     With respect the allegations contained in the first sentence of paragraph 47 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 46 of this Answer with the same force and effect as though set forth herein.   The allegations contained in the second and fourth sentences of paragraph 47 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in the second and fourth sentences of paragraph 47 of the Complaint.   Merck denies each and every allegation contained in the third, fifth, and sixth sentences of paragraph 47 of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

48.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 48 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 48 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

49.     Denies each and every allegation contained in paragraph 49 of the Complaint, except admits that Plaintiffs purport to seek exemplary damages, but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "COUNT- 5- BREACH OF WARRANTIES (EXPRESS AND IMPLIED)"

50.     With respect the allegations contained in paragraph 50 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 49 of this Answer with the same force and effect as though set forth herein.

51.     Denies each and every allegation contained in paragraph 51 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

52.     Denies each and every allegation contained in paragraph 52 of the Complaint, including its subparts a through f, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant information and literature for its actual language and full text.

53.     Denies each and every allegation contained in paragraph 53 of the Complaint.

54.     Denies each and every allegation contained in paragraph 54 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the

information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant information and literature for its actual language and full text.

55.     Denies each and every allegation contained in paragraph 55 of the Complaint.

56.     Denies each and every allegation contained in paragraph 56 of the Complaint.

57.     Denies each and every allegation contained in paragraph 57 of the Complaint, including its subparts a through c, except admits that Merck manufactured, marketed, and distributed the prescription medication Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx  for its actual language and full text.

58.     Denies each and every allegation contained in paragraph 58 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

59.     Denies each and every allegation contained in paragraph 59 of the Complaint.

**RESPONSE TO
"COUNT- 6- ACTUAL DAMAGES"**

60.     Denies each and every allegation contained in paragraph 60 of the Complaint, except admits that Plaintiffs purport to seek damages and other relief but denies that there is any legal or factual basis for such relief.

**RESPONSE TO**
**"COUNT- 7- PUNITIVE DAMAGES"**

61.     With respect the allegations contained in paragraph 61 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 60 of this Answer with the same force and effect as though set forth herein.

62.     Denies each and every allegation contained in paragraph 62 of the Complaint, except admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

**RESPONSE TO**
**"TOLLING OF THE APPLICABLE STATUTES OF LIMITATION, IF ANY"**

63.     The allegations contained in paragraph 63 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 63 of the Complaint.

64.     The allegations contained in paragraph 64 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 64 of the Complaint.

65.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 65 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 65 of the Complaint.

**RESPONSE TO**
**"PRAYER FOR RELIEF"**

66.     The allegations contained in the unnumbered "Wherefore" paragraph of the Complaint under the heading "Prayer for Relief" constitute a prayer for relief as to which no response should be required.  Should a response be required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph, including its subparts a through

f, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "JURY DEMAND"

67.     The allegations contained in the unnumbered paragraph of the Complaint under the heading "Jury Demand" are legal conclusions as to which no response is required.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

68.     The claims of Plaintiffs may be time-barred, in whole or in part, under prescription, peremption, statutes of repose, applicable federal or state statute of limitations, or are otherwise untimely.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

69.     The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

70.     The claims of the Plaintiffs may be barred, in whole or in part, from recovery because they have made statements or taken actions that preclude them from asserting claims or constitute a waiver of their claims.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

71.     The claims of the Plaintiffs may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

**AS FOR A FIFTH**
**DEFENSE, MERCK ALLEGES:**

72.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

**AS FOR A SIXTH**
**DEFENSE, MERCK ALLEGES:**

73.     If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were cause in whole or in part through the operation of nature or other intervening cause or causes.

**AS FOR A SEVENTH**
**DEFENSE, MERCK ALLEGES:**

74.     To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

**AS FOR AN EIGHTH**
**DEFENSE, MERCK ALLEGES:**

75.     To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs and/or Decedents directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

**AS FOR A NINTH**
**DEFENSE, MERCK ALLEGES:**

76.     If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs and/or Decedents knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the

consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

77.     If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A ELEVENTH
## DEFENSE, MERCK ALLEGES:

78.     If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' and/or Decedents' misuse or abuse of Vioxx.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

79.     If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' and/or Decedents' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

80.     To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

81.     To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under applicable state law.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

82.     To the extent that Plaintiffs assert claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiffs to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

83.     Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

84.     The claims of Plaintiffs are barred in whole or in part by the First Amendment of the Constitution of the United States of America and comparable state law provisions.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

85.     Plaintiffs' claims are barred in whole or in part because the product at issue conformed to the state-of-the-art for the design and manufacture of such, or similar, products at the time it was manufactured.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

86.     There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

87.     This case is more appropriately brought in a different venue.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

88.     Venue in this case is improper.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

89.     The claims of Plaintiffs may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

90.     The claims of Plaintiffs may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

91.     The claims of Plaintiffs may be barred, in whole or in part, from recovery by release as to their claims.

**AS FOR A TWENTY-FIFTH
DEFENSE, MERCK ALLEGES:**

92.     The claims of Plaintiffs may be barred, in whole and in part, by the doctrine of laches.

**AS FOR A TWENTY-SIXTH
DEFENSE, MERCK ALLEGES:**

93.     The claims of Plaintiffs are barred, in whole or in part, by their failure to mitigate damages.

**AS FOR A TWENTY-SEVENTH
DEFENSE, MERCK ALLEGES:**

94.     To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

**AS FOR A TWENTY-EIGHTH
DEFENSE, MERCK ALLEGES:**

95.     The claims of Plaintiffs may be barred, in whole or in part, from recovery, due to spoliation of evidence.

**AS FOR A THIRTY-NINTH
DEFENSE, MERCK ALLEGES:**

96.     The claims of Plaintiffs may be barred, in whole or in part, by the governing state laws.

**AS FOR A THIRTIETH
DEFENSE, MERCK ALLEGES:**

97.     Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

98.     Plaintiffs have not sustained any injury or damages compensable at law.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

99.     Merck reserves its right to dismiss the Complaint and seek further relief

for Plaintiffs' failure to provide it with due process of law.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

100.    Plaintiffs' claims are barred in whole or in part under comment k to

Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

101.    Plaintiffs' claims are barred in whole or in part because Merck provided

adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical

preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of

the Restatement (Second) of Torts.

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

102.    Plaintiffs' claims are barred under Section 4, *et seq*., of the Restatement

(Third) of Torts: Products Liability.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

103.    Plaintiffs' claims are barred in whole or in part because Vioxx "provides

net benefits for a class of patients" within the meaning of comment f to Section 6 of the

Restatement (Third) of Torts: Product Liability.

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

104.    To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

105.    The Plaintiffs and/or Decedents were careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages, or losses to Plaintiffs and/or Decedents.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

106.    To the extent that Plaintiffs assert claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

107.    To the extent that Plaintiffs assert claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to their claims, Plaintiffs have failed to allege facts that would overcome the defenses available under that state products liability law.

## AS FOR A FORTY-FIRST
## DEFENSE, MERCK ALLEGES:

108.    To the extent that Plaintiffs allege a conspiracy claim, that claim is barred because Merck did not enter into any agreement with any other defendant or third party to further any alleged unlawful act by allegedly unlawful means.

## AS FOR A FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

109.    To the extent that Plaintiffs allege a negligence per se claim, that claim is

barred on the grounds that such claims are not cognizable against Merck in this action.

## AS FOR A FORTY-THIRD
## DEFENSE, MERCK ALLEGES:

110.    To the extent that Plaintiffs seek injunctive relief, that claim is barred by

the doctrine of primary jurisdiction.

## AS FOR A FORTY-FOURTH
## DEFENSE, MERCK ALLEGES:

111.    To the extent Plaintiffs seek to recover only economic loss in tort, their

claims are barred by the economic loss doctrine.

## AS FOR A FORTY-FIFTH
## DEFENSE, MERCK ALLEGES:

112.    Plaintiffs' claims are barred, in whole or in part, because one or more

Plaintiffs lack capacity and/or standing to bring such claims.

## AS FOR A FORTY-SIXTH
## DEFENSE, MERCK ALLEGES:

113.    To the extent that Plaintiffs seek punitive damages for the conduct which

allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate

Merck's state and federal constitutional rights.

## AS FOR A FORTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

114.    To the extent that Plaintiffs seek punitive damages for an alleged act or

omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly

negligent and, therefore, any award of punitive damages is barred.

## AS FOR A FORTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

115.   To the extent that Plaintiffs seek punitive damages, that demand is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FORTY-NINTH
## DEFENSE, MERCK ALLEGES:

116.   Merck demands a trial by jury of all issues.

## AS FOR A FIFTIETH
## DEFENSE, MERCK ALLEGES:

117.   Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

## AS FOR A FIFTY-FIRST
## DEFENSE, MERCK ALLEGES:

118.   Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A FIFTY-SECOND
## DEFENSE, MERCK ALLEGES:

119.   Merck incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action.  Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding or trial

in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

### AS FOR A FIFTY-THIRD
### DEFENSE, MERCK ALLEGES:

120.    Plaintiffs' claims are not suitable for joinder.

### AS FOR A FIFTY-FOURTH
### DEFENSE, MERCK ALLEGES:

121.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs.

### AS FOR A FIFTY-FIFTH
### DEFENSE, MERCK ALLEGES:

122.    To the extent Plaintiffs make a claim for punitive damages, Merck asserts that Plaintiffs have not complied with statutory requirements to recover punitive damages

### AS FOR A FIFTY-SIXTH
### DEFENSE, MERCK ALLEGES:

123.    Any alleged injury or damage sustained by Plaintiffs was caused by Plaintiffs' own negligence, which negligence under the doctrines of contributory and/or comparative negligence, is a complete bar to Plaintiffs' recovery, or which diminishes their recovery by an amount equal to Plaintiffs' negligence, all such negligence being denied.

### AS FOR A FIFTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

124.    Some or all of the claims asserted in the Complaint are the direct and proximate result of Plaintiffs' own conduct and cannot be recovered against Merck.

### AS FOR A FIFTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

125.     Some or all of the claims asserted in the Complaint are barred by the doctrine of contributory negligence.

### AS FOR A FIFTY-NINTH
### DEFENSE, MERCK ALLEGES:

126.     Any liability that might otherwise be imposed upon Merck is subject to reduction by the application of the doctrine of comparative negligence.

### AS FOR A SIXTIETH
### DEFENSE, MERCK ALLEGES:

127.     Plaintiffs' alleged injuries and damages, if any, are the result of Plaintiffs' own fault and/or assumption of the risk.

### AS FOR A SIXTY-FIRST
### DEFENSE, MERCK ALLEGES:

128.     Plaintiffs' claims are barred by reason that any alleged dangerous condition complained of was open and obvious and there was no duty on the part of Merck to warn of any such open and obvious condition.

### AS FOR A SIXTY-SECOND
### DEFENSE, MERCK ALLEGES:

129.     Plaintiffs' alleged injuries were directly and proximately caused by and contributed to by the actions of other persons, who caused changes and alterations to be made to the products involved and said changes and alterations proximately caused or contributed to the injuries alleged by Plaintiffs and voided any and all alleged warranties, express and/or implied.

### AS FOR A SIXTY-THIRD
### DEFENSE, MERCK ALLEGES:

130.     Plaintiffs' claims for failure to instruct or warn are barred by the sophisticated user and/or learned intermediary doctrine.

### AS FOR A SIXTY-FOURTH
### DEFENSE, MERCK ALLEGES:

131.   Plaintiffs' negligence claims are barred in whole or in part by the economic loss rule.

### AS FOR A SIXTY-FIFTH
### DEFENSE, MERCK ALLEGES:

132.   The Georgia statute respecting award of punitive damages, particularly O.C.G.A. § 51-12-5.1, subsection (e)(1) as contrasted to subsections (f) and (g) thereof, whereby no limitation is provided respecting actions involving products, but there is a limitation for other actions than products violates the Constitution of the United States, particularly in that it affords products manufacturers, such as Merck, equal protection of the laws.

### AS FOR A SIXTY-SIXTH
### DEFENSE, MERCK ALLEGES:

133.   Pursuant to O.C.G.A. § 51-12-5.1, only one award of punitive damages may be recovered in the State of Georgia from Merck arising from product liability of a single product.

### AS FOR A SIXTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

134.   To the extent Plaintiffs' claims invoke punitive damages, such claims violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a)   It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon plaintiffs satisfying a burden of

proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *See Pacific Mut. Life Ins. Co. v. Haslip*, 111 S. Ct. 1032, 113 L. Ed. 2d 1.

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the

Fourteenth Amendment of the United States Constitution; and

(g)     The retroactive application of punitive damages violates the contracts clause of the United States Constitution, Article I, Section 10.

(h)     Plaintiffs' claims for punitive damages violate the due process clause of Article I, Section 13 of the Constitution of Alabama, on the following grounds:

    (1)     It is a violation of the due process clause to impose punitive damages which are penal in nature, upon a civil defendant upon plaintiffs satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

    (2)     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against these defendants;

    (3)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

    (4)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

    (5)     The award of the punitive damages in this case constituted a deprivation of property without due process of law.

(i)     Plaintiffs' attempt to impose punitive or extra-contractual damages on these defendants, on the basis of vicarious liability for the conduct of others, violates the Fifth and Fourteenth Amendments of the United States Constitution.

(j)     The award of punitive damages to the Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and

Fourteenth Amendments of the United States Constitution.

(k)     The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

(l)     The award of punitive damages against these defendants in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

(m)     The procedures pursuant to which punitive damages are awarded are vague and unpredictable such that they violate the defendant's right to defend himself pursuant to Article I, Section 10 of the Constitution of Alabama.

(n)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Ala. Code, Section 27-1-17 (1975) in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Constitution of Alabama.

## AS FOR A SIXTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

135.     Plaintiffs' Complaint seeks to make Merck liable for punitive damages. The United States Supreme Court has reversed the Alabama Supreme Court in the case styled *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589 (1996) on the issue of punitive damages. Merck adopts by reference the defenses, criteria, limitations, and standards mandated by the United States Supreme Court decision in that case and in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), and any subsequent applicable decisions.

**AS FOR A SIXTY-NINTH**
**DEFENSE, MERCK ALLEGES:**

136.   Any punitive damages that the Plaintiffs may recover in this case should be capped in keeping with Alabama Code Section 6-11-21, as amended in 1999 (Act. No. 99-358) and in the spirit of the Alabama Supreme Court's decision in *Oliver v. Towns*, 738 So. 2d 798 (Ala. 1999).

**AS FOR A SEVENTIETH**
**DEFENSE, MERCK ALLEGES:**

137.   The demand for punitive damages in the instant case is subject to the limitations established by the Alabama legislature and set forth in Ala. Code § 6-11-21 (1975). Merck adopts by reference the defenses, criteria, limitations, and standards mandated by this Alabama statute.   The Alabama Supreme Court's action in abolishing the legislatively created cap on punitive damages was unconstitutional and is without effect.   Under the Constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through this judicial decision.   *See Honda Motor Co., Ltd. v. Oberg*, 512 U.S. 415, 114 S. Ct. 2331, 2340 n.9 (1994).

**AS FOR A SEVENTY-FIRST**
**DEFENSE, MERCK ALLEGES:**

138.   The punitive damage cap set out in Ala. Code § 6-11-21 (1975) applies to the instant case.   *See Horton Homes, Inc. v. Brooks*, 832 So. 2d 44 (Ala. 2001).

**AS FOR A SEVENTY-SECOND**
**DEFENSE, MERCK ALLEGES:**

139.   Any punitive damages award is subject to limitation based on harm that has occurred and harm that is likely to occur.   *See TXO Prod. Corp. v. Alliance Resources Corp.*, 113 S. Ct. 2711 (1993).

**AS FOR A SEVENTY-THIRD
DEFENSE, MERCK ALLEGES:**

140.    The method of imposing punitive damages violates Amendment 328, Section 6.11 of the Constitution of Alabama, which prohibits the use of a procedural rule to abridge, enlarge, or modify the substantive right of any party.  *See Leonard v. Terminix Int'l Co.*, 854 So. 2d 529 (Ala. 2002).

**AS FOR A SEVENTY-FOURTH
DEFENSE, MERCK ALLEGES:**

141.    The imposition of punitive damages is an act of policy making on the part of the judiciary, in violation of Article III, Section 43 of the Constitution of Alabama.

**AS FOR A SEVENTY-FIFTH
DEFENSE, MERCK ALLEGES:**

142.    Merck adopts the terms of any applicable legislative act or Alabama Supreme Court decision which now or hereafter precludes punitive damages or limits the amount of punitive damages that can be recovered in an action at law in Alabama.

**AS FOR A SEVENTY-SIXTH
DEFENSE, MERCK ALLEGES:**

143.    There is no private right of action for a violation of Alabama Code Sections 20-1-26 and 20-1-27.

**AS FOR A SEVENTY-SEVENTH
DEFENSE, MERCK ALLEGES:**

144.    Merck denies that its product was misbranded within the meaning of Alabama Code Sections 20-1-26 and 20-1-27.

### AS FOR A SEVENTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

145.   Plaintiffs cannot recover for the claims asserted because Plaintiffs have failed to comply with the conditions precedent necessary to bring this action.

### AS FOR A SEVENTY-NINTH
### DEFENSE, MERCK ALLEGES:

146.   To the extent the Plaintiffs have asserted a claim under the Alabama Deceptive Trade Practices Act, Plaintiffs have elected remedies under the Act and waived other rights and remedies available at common law and by statute.

### AS FOR AN EIGHTIETH
### DEFENSE, MERCK ALLEGES:

147.   To the extent this action purports to hold one defendant liable for the acts of another, such violates the Due Process clause of the United States Constitution and the Alabama Constitution.

### AS FOR AN EIGHTY-FIRST
### DEFENSE, MERCK ALLEGES:

148.   Merck denies that Vioxx was unreasonably dangerous, defective, or that Vioxx created any liability under the Alabama Extended Manufacturer's Liability Doctrine.

### AS FOR AN EIGHTY-SECOND
### DEFENSE, MERCK ALLEGES:

149.   Plaintiffs' claims based on breach of warranty and negligence are subsumed by the Alabama Extended Manufacturer's Liability Doctrine.

### AS FOR AN EIGHTY-THIRD
### DEFENSE, MERCK ALLEGES:

150.   Merck pleads the general issue and denies that it was liable or responsible for any alleged damages to Plaintiffs.

## AS FOR AN EIGHTY-FOURTH
## DEFENSE, MERCK ALLEGES:

151.    Plaintiffs' claims are barred by Alabama Code Section 6-5-462.

## AS FOR AN EIGHTY-FIFTH
## DEFENSE, MERCK ALLEGES:

152.    Alabama's wrongful death act, Alabama Code Section 6-5-410, which allows for the recovery of only punitive damages, fails to provide a proportionate relationship between the amount of punitive damages awarded and the amount of harm to the plaintiffs/decedents, in contravention of the holding in State Farm Mutual Automobile Insurance Co. v. Campbell, 538 U.S. 408 (2003).

## AS FOR AN EIGHTY-SIXTH
## DEFENSE, MERCK ALLEGES:

153.    Plaintiffs' claim for non-economic damages are subject to and limited by Miss. Code § 11-1-60 (1) (a) through  (c) (1972), as amended by Miss. Laws  2004, 1st Ex. Sess., Ch. 1 § 2, effective September 1, 2004.

## AS FOR AN EIGHTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

154.    To the extent that the Plaintiffs' claims are based upon any theory of product liability, they are barred or limited by Mississippi's Product Liability Act, Miss. Code § 11-1-63 (1972), as amended by Miss. Laws 2004, 1st Ex. Sess., Ch. 1 § 3, effective September 1, 2004.

## AS FOR AN EIGHTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

155.    Plaintiffs' claim for punitive damages against Merck fails under Miss. Code § 11-1-65 (1972), as amended by Miss. Laws 2004, 1st Ex. Sess., Ch. 1 § 4, effective September 1, 2004.

## AS FOR AN EIGHTY-NINTH
## DEFENSE, MERCK ALLEGES:

156.    Merck affirmatively pleads Miss. Code § 85-5-7 (1972), as amended by
Miss. Laws 2003, 3rd Ex. Sess., Ch. 2 § 4, effective January 1, 2003.

## AS FOR A NINETIETH
## DEFENSE, MERCK ALLEGES:

157.    Some or all of the damages alleged by Plaintiffs are barred by Miss. Code
§§ 75-2-714, 715 (1972).

## AS FOR A NINETY-FIRST
## DEFENSE, MERCK ALLEGES:

158.    Plaintiffs' claims for punitive damages are in contravention of Merck's
rights under the Due Process Clause of the Fifth and Fourteenth Amendments of the United
States Constitution; the Excessive Fines Clause of the Eighth Amendment of the United States
Constitution; the Double Jeopardy Clause in the Fifth Amendment to the Constitution of the
United States, similar provisions in the Constitution of Mississippi and/or the common law and
public policies of Mississippi, and/or applicable statutes and court rules, in the circumstances of
this litigation, including, but not limited to:.

(a)    imposition of punitive damages by a jury which

    (1)    is not provided with standards of sufficient clarity for determining the
    appropriateness, and the appropriate size, of a punitive damages award;

    (2)    is not adequately and clearly instructed on the limits on punitive damages
    imposed by the principles of deterrence and punishment;

    (3)    is not expressly prohibited from awarding punitive damages, or
    determining the amount of an award thereof, in whole or in part, on the

basis of invidiously discriminatory characteristics, including the corporate status, wealth, or state of residence of Merck;

(4)     is permitted to award punitive damages under a standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes punitive damages permissible; and

(5)     is not subject to trial court and appellate judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards;

(b)     imposition of such punitive damages, and determination of the amount of an award thereof, where applicable state law is impermissibly vague, imprecise, or inconsistent;

(c)     imposition of such punitive damages, and determination of the amount of an award thereof, without bifurcating the trial and trying all punitive damages issues only if and after the liability of defendants has been found on the merits;

(d)     imposition of such punitive damages, and determination of the amount of an award thereof, based on anything other than Merck's conduct in connection with the sale of the product alleged in this litigation, or in any other way subjecting Merck to impermissible multiple punishment for the same alleged wrong.

### AS FOR A NINETY-SECOND DEFENSE, MERCK ALLEGES:

159.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, be subject to the limitations of Indiana Code § 34-51-3-1 et seq.

### AS FOR A NINETY-THIRD
### DEFENSE, MERCK ALLEGES:

160.    Any liability that might otherwise be imposed upon this Defendant is subject to reduction or elimination by the application of the doctrine of comparative fault as codified at Indiana Code § 34-51-2-1 et seq.

### AS FOR A NINETY-FOURTH
### DEFENSE, MERCK ALLEGES:

161.    The class allegations are barred in that if this action is certified as a class action, Merck's rights under the Fifth and Seventh Amendments of the United States Constitution and comparable provisions of the Indiana Constitution would be violated.

### AS FOR A NINETY-FIFTH
### DEFENSE, MERCK ALLEGES:

162.    Plaintiffs' claims under the Indiana Deceptive Consumer Sales Act are barred or limited pursuant to the limitations set forth in Indiana Code § 24-5-0.5-5.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.    That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' Complaint with prejudice against Merck with costs assessed to Plaintiffs;

2.    Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.    Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated:  January 24, 2007

Respectfully submitted,

/s/ Thomas P. Owen, Jr.
Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Melissa V. Beaugh, 28250
      Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
      Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL No. 1657, on this 24th day of January, 2007.

/s/ Thomas P. Owen, Jr.