UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX<br>　　PRODUCTS LIABILITY LITIGATION | * * * * * | MDL No. 1657<br><br>SECTION: L |
| **THIS DOCUMENT RELATES TO** *Louis Kraus v. Merck & Co., Inc.,* **No. 2:06-cv-11072-EEF-DEK, previously filed as 3:06-cv-0849, S.D. Ill.** | * * * * | <br>Judge Fallon<br>Magistrate Judge Knowles |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANT WALGREEN CO.'S
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Walgreen Co. ("Walgreen"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, and states as follows:

1.　　Plaintiff has brought suit under multiple theories seeking damages for personal injuries as a result of his alleged use of the prescription pharmaceutical product VIOXX®, manufactured by Merck & Co., Inc. ("Merck") and prescribed by his doctor. Plaintiff alleges that he is a resident of Illinois.

2.　　Plaintiff asserts three counts against Walgreen – strict product liability (Count 8), negligent failure to warn (Count 9), and breach of warranty (Count 10). As set forth in Walgreen's accompanying Memorandum, filed contemporaneously herewith and incorporated by reference, each of these counts fails to state a claim as a matter of law, and Walgreen should therefore be dismissed with prejudice.

3.　　Plaintiff's Count 8 strict liability claim fails as a matter of law. The claim fails to state a claim under Illinois law because a pharmacy, such as Walgreen is alleged to be in the

3506882

Complaint, is not subject to liability under a theory of strict liability. *Leesley v. West*, 518 N.E.2d 758 (Ill. App. Ct. 1988). Alternatively, Walgreen may be dismissed pursuant to 735 ILCS 5/2-621 because any potential liability against Walgreen is based solely on its alleged status as a seller in the stream of commerce. Attached as Exhibit A is an affidavit from Sheila Bennett which verifies that Walgreen is an innocent seller here.

4. Plaintiff's Count 10 breach of warranty claim fails as a matter of law because filling a prescription as alleged by Plaintiff here is a service, not the sale of goods. 225 ILCS 85/3(d). Moreover, Illinois law does not impose warranty liability on pharmacies for claims arising out of the properties of prescription drugs. *See Brandt v. Boston Scientific Corp.*, 792 N.E.2d 296 (Ill. 2003); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 292 (S.D.N.Y. 2001).

5. The Count 9 negligent failure to warn claim also fails as a matter of law because Illinois law does not impose on a pharmacy a legal duty to warn of risks and side effects of a prescription drug under the facts Plaintiff has alleged in the Complaint. *Leesley v. West*, 518 N.E.2d 758 (Ill. App. Ct. 1988).

6. Alternatively, Plaintiff failed to bring his claims within the statute of limitations. Under Illinois law, all actions against pharmacists must be brought within two years from the date of occurrence of the act of neglect complained of. *See* 735 ILCS 5/13-213; 735 ILCS 5/13-202. Here, Plaintiff does not allege that any of the VIOXX® allegedly sold by Walgreen to him was sold within two years preceding the filing of this action on September 27, 2006. *See* Compl. Additionally, the allegations of fraudulent concealment, purportedly tolling the statute of limitations, are all directed at Merck, and not Walgreen. Therefore, Plaintiff has failed to allege a cause of action that falls within the statute of limitations under Illinois law.

- 3 -

WHEREFORE, for the foregoing reasons and for those set forth in the accompanying Memorandum, Walgreen Co. respectfully requests that this Court enter its Order dismissing Plaintiff's Complaint against it with prejudice, and for such further relief as this Court deems just and appropriate.

        Respectfully submitted,

        THOMPSON COBURN LLP

        By  /s/ David A. Dick
           David A. Dick
           B. Matthew Struble
           One US Bank Plaza
           St. Louis, Missouri  63101
           314-552-6000
           FAX 314-552-7000

        Attorneys for Defendant Walgreen Co.

CERTIFICATE OF SERVICE

       I hereby certify that the above and foregoing Defendant Walgreen Co.'s Motion to Dismiss Plaintiff's Complaint has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of the Court of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 25th day of January, 2007.

Russ M. Herman
Herman, Herman, Katz & Cotlar, LLP
201 St. Charles Ave., Suite 4310
New Orleans, LA 70170
Email:  rherman@hhkc.com
*Liaison Counsel for Plaintiffs*

Phillip A. Wittmann
Stone Pigman Walther Wittmann, LLC
546 Carondelet St.
New Orleans, LA 70130
Email:  pwittmann@stonepigman.com
*Liaison Counsel for Defendants*

                              /s/ David A. Dick