UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | * | MDL No. 1657 |
|     PRODUCTS LIABILITY LITIGATION | * | |
| | * | |
| | * | SECTION: L |
| | * | |
| **THIS DOCUMENT RELATES TO** *Louis Kraus* | * | |
| ***v. Merck & Co., Inc.,* No. 2:06-cv-11072-EEF-DEK,** | * | |
| **previously filed as 3:06-cv-0849, S.D. Ill.** | * | Judge Fallon |
| | * | Magistrate Judge Knowles |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT WALGREEN CO.'S MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS**

Plaintiff seeks damages for personal injuries as a result of his alleged use of the prescription pharmaceutical product VIOXX®, manufactured by Merck & Co., Inc. ("Merck") and prescribed by his doctor. The bulk of the Complaint alleges that manufacturer Merck hid the dangers of VIOXX® from the world and uses those allegations to make numerous claims against Merck. At the same time, Plaintiff attempts to allege that a pharmacy that correctly filled a doctor's prescription should be liable for doing so. Plaintiff alleges that he is a resident of Illinois. Under Illinois law, the circumstances under which a pharmacy can be held liable for filling a prescription are extremely limited. Plaintiff fails as a matter of law to state any claim against Walgreen Co. ("Walgreen"), because Illinois law does not recognize the claims alleged against pharmacies based on the simple filling of a prescription. Because the Complaint fails to state an actionable claim as a matter of law, the Court must dismiss all claims against Walgreen with prejudice.

3506894

**Argument**

Plaintiff asserts three causes of action against Walgreen– strict product liability (Count 8), negligent failure to warn (Count 9), and breach of warranty (Count 10).  Pursuant to Rule 12(b)(6), a motion to dismiss is warranted when the pleadings fail to state a claim upon which relief may be granted.  A Rule 12(b)(6) motion tests the sufficiency of the facts and legal theories alleged in the complaint, because "[a]t a minimum, a complaint must contain facts sufficient to state a claim as a matter of law."  *Hickey v. O'Bannon*, 287 F.3d 656, 657 (7th Cir. 2002).  In evaluating the sufficiency of a complaint upon a Rule 12(b)(6) motion, the Court should not "accept as true legal conclusions or unsupported conclusions of fact."  *Id.* at 659.  The Complaint fails to allege facts which support an actionable claim under the theories invoked in the Complaint.

The requirement that a plaintiff allege facts and not merely conclusions is critical here. The facts alleged show that the only basis of Plaintiff's claims against Walgreen is Walgreen's alleged status as a pharmacy seller of a prescription medication prescribed by a doctor.  Plaintiff does not allege that Walgreen mistakenly filled or mislabeled his prescription or did anything other than fill his doctor's prescription.  Accordingly, the established Illinois case law requires dismissal of all claims against Walgreen.

**I.     The Count 8 Strict Liability Claim Against Walgreen Must Be Dismissed For Two Separate Reasons.**

**A.     Under Illinois Law, Pharmacies Cannot Be Sued In Strict Liability.**

Plaintiff's strict liability claim against Walgreen is precluded by well-established Illinois law. Illinois courts have expressly held that the learned intermediary doctrine bars strict liability claims against a pharmacy – and Plaintiff alleges Walgreen filled his VIOXX® prescription.  *See Leesley v. West*, 518 N.E.2d 758 (Ill. App. Ct. 1988).  In *Leesley*, plaintiff brought suit against

Pfizer and a pharmacy for damages resulting from bleeding caused by a prescription drug. *Id.* at 759. The plaintiff brought strict liability, negligence, and warranty claims against the pharmacy. The court rejected the plaintiff's claims, holding that in order to find a pharmacy liable under a strict liability theory, it "would have to conclude that the product somehow became unreasonably dangerous in [the pharmacy's] hands." *Id.* at 761-62. The court found that "[s]uch a conclusion would obviously be unreasonable." *Id.* at 762. The court further held that because, under the learned intermediary doctrine, a manufacturer is not required to provide warnings to the consumer, it would be "illogical and inequitable under a strict liability theory to impose a duty on the pharmacist with respect to a prescription drug that is not imposed on the drug's manufacturer." *Id.* (internal citations omitted). *See also Kirk v. Michael Reese Hosp. & Med. Ctr*, 513 N.E.2d 387, 395 (Ill. 1987) (finding that a hospital could not be held strictly liable for distributing to a patient medication prescribed by the patient's physician; the marketing of prescription drugs is unique because the physician is in the best position to decide when and how to inform a patient of the risks and benefits pertaining to a drug). For this reason alone, the Count 8 strict liability claim against Walgreen fails to state a claim under Illinois law and must be dismissed.

      **B.**    **Count 8 Should Also Be Dismissed Because Plaintiff Has Sued Merck.**

Alternatively, Count 8 should also be dismissed pursuant to 735 ILCS 5/2-621, the Illinois "seller's exception" statute. Section 5/2-621 provides that in a product liability action commenced against any defendant other than the manufacturer, the court shall dismiss the non-manufacturer defendant once that party certifies the identity of the manufacturer, and the manufacturer is required to answer or otherwise respond to the complaint. Walgreen certifies that Merck is the manufacturer of VIOXX®, and Merck has answered the complaint. *See*

Exhibit A.  Furthermore, as alleged by Plaintiff, Merck had worldwide sales of $2.5 billion of VIOXX® in 2004.  Compl. ¶ 54.  Plaintiff could therefore obtain total recovery from Merck if he were to prevail on his strict liability claim.  Thus, Section 5/2-621 provides yet another reason for this Court to dismiss Plaintiff's strict liability claim against Walgreen.

## II.     Plaintiff Cannot State A Claim Against Walgreen For Breach Of Warranty.

Plaintiff's breach of warranty claim against Walgreen (Count 10) is also insufficient as a matter of law.  Breach of warranty claims only apply to the sale of goods.  *See* 810 ILCS 5/2-102.  Plaintiff's claims against Walgreen are based on it filling prescriptions.  Under Illinois law, the act of filling a prescription as instructed by a physician constitutes a service – not the sale of goods.

Warranty obligations do not apply to sales of services or professional practice.  Illinois law, 225 ILCS 85/3(d), defines the "practice of pharmacy" as the "*provision of pharmaceutical care to patients* . . . in the following areas . . . (6) dispensing of drugs . . . ."  (emphasis added).  Thus, by Illinois statute, the "dispensing of drugs" or filling a prescription is a "practice" or service.  This statute precludes any warranty claim.

Case law from the Illinois Supreme Court also recognizes the distinction between goods and services, and makes clear that the act of filling a prescription is a service.  In *Brandt v. Boston Scientific Corp.*, the Illinois Supreme Court ruled that the sale of medical products in connection with a surgery is *not* a sale of goods, and, thus, that a breach of warranty claim could not be brought against a hospital for the provision of a defective medical product.  792 N.E.2d 296 (Ill. 2003) (*overruling Garcia v. Edgewater Hosp.*, 613 N.E.2d 1243 (Ill. App. Ct. 1993)); *see also Leesley*, 518 N.E.2d at 758 (affirming, without comment, summary judgment granted to

pharmacist on warranty claims).  Because Illinois follows the "predominant purpose" test under the UCC (*Brandt*, 792 N.E.2d at 302), the same principle clearly applies to filling prescriptions.

Notably, other state appellate courts that follow a similar approach have reached this precise conclusion.  As one court put it:

> [J]ust as there is no basis for finding consumer reliance on pharmacists, so too there is no basis for adopting the view that a pharmacist is a retail merchant like any other with respect to the sale of prescription drugs.  A pharmacist's sales of prescription drugs are not attributable to his or her marketing the properties of the drugs.  They are attributable to physicians' prescriptions.  In this sense, a pharmacist provides 'a service to the doctor and [acts] as an extension of the doctor in the same sense as a technician who takes an x-ray or analyzes a blood sample on a doctor's order.'  In light of the special circumstances of pharmacy sales, 'it is purely hyperbole to suggest . . . that the role of the pharmacist is similar to that of a clerk in an ordinary retail store.'

*In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 292 (S.D.N.Y. 2001).  Accordingly, Plaintiff's breach of warranty claim against Walgreen must be dismissed.

In addition, even if filling a prescription would be considered a sale of goods, "almost every state that has considered the issue has declined to find pharmacists liable for breach of either implied or express warranty with respect to properties of prescription drugs," because a patient purchasing drugs relies on the judgment of the prescribing doctor – not the pharmacy. *Rezulin*, 133 F. Supp. 2d at 292.  *See, e.g.*, *In re New York Diet Drug Litig.*, 691 N.Y.S.2d 501, 502 (N.Y. App. Div. 1999) (because plaintiffs failed to allege that the pharmacy did not fill their prescriptions as directed by the manufacturers and physicians, "there is no basis to hold the pharmacist liable under theories of . . . breach of warranty"); *McLeod v. W.S. Merrell Co.*, 174 So.2d 736, 739 (Fla. 1965) (holding that transaction in which pharmacist sells prescription drug to customer "is not one out of which a warranty, even under most modern standards, would be implied"); *Presto v. Sandoz Pharm. Corp.*, 487 S.E.2d 70, 75 (Ga. Ct. App. 1997) ("implied warranties do not apply to the dispensing of medication by a pharmacist"); *Bichler v. Willing*, 58

A.D.2d 331, 333-34 (N.Y. App. Div. 1977) (no cause of action for breach of any implied warranties where a pharmacist properly fills a prescription with an unadulterated drug); *Batiste v. Am. Home Prods. Corp.*, 231 S.E.2d 269, 276 (N.C. Ct. App. 1977) (court was "not willing to extend the applicability of implied warranties of fitness and merchantability" to sale of prescription drug by pharmacy); *Makripodis v. Merrell-Dow Pharm., Inc.*, 523 A.2d 374, 377 (Pa. Super. Ct. 1987) (pharmacist who dispenses prescription drugs pursuant to a prescription from a licensed physician cannot be held liable for breach of warranties of merchantability and fitness).

In determining that a pharmacist cannot be held liable for breach of warranty from the sale of a prescription drug, the courts have reasoned that:

> [I]mplied warranties are conditioned on the buyer's reliance upon the skill and judgment of the seller but when a consumer asks a druggist to fill a prescription, thus enabling him to obtain a drug which is not otherwise available to the public, he does not rely on the druggist's judgment as to whether that particular drug is inherently fit for its intended purpose but rather he places that confidence and reliance in the physician who prescribed the remedy.

*Bichler*, 58 A.D.2d at 333-34; *see also McLeod*, 174 So.2d at 739 ("Obviously, the patient-purchaser did not rely upon the judgment of the retail druggist in assuming that the drug would be fit for its intended purpose. This confidence had been placed in the physician who prescribed the remedy"); *Batiste*, 231 S.E.2d at 276 (same).

Here, Plaintiff did not purchase VIOXX® at the suggestion of Walgreen. Rather, he was prescribed VIOXX® by his physician and Walgreen allegedly filled his prescription. As explained above, Illinois law does not allow a breach of warranty claim in these circumstances. Accordingly, the Court must dismiss Plaintiff's Count 10 breach of warranty claim.

### III. Count 9 Must Be Dismissed Because Illinois Law And The Learned Intermediary Doctrine Do Not Impose A Legal Duty To Warn.

Plaintiff's negligent failure to warn claim (Count 9) fails as matter of law because Illinois law does not impose a duty on a pharmacy such as Walgreen to warn of the alleged risks of VIOXX®. In seeking to recover from Walgreen on this negligence theory, Plaintiff does not allege that Walgreen failed to fill his prescription according to his physician's instructions, or failed to label the bottle accurately. Rather, Plaintiff simply accuses Walgreen of negligently failing to warn of the full extent of VIOXX®'s possible side effects. Such a claim is not cognizable under Illinois law.

In Illinois, "[m]anufacturers of . . . drugs [are not] required to warn individual patients of the dangers inherent in their use. That is the proper province of the prescribing physician, not the drug manufacturer, who has a duty only to warn the physician." *Happel v. Wal-Mart Stores*, 766 N.E.2d 1118 (Ill. 2002). The same rule holds true for pharmacists: "[P]lacing on the pharmacist a duty to warn either the physician or the customer would 'compel the pharmacist to second guess every prescription a doctor orders in an attempt to escape liability.'" *Leesley v. West*, 518 N.E.2d 758, 762 (Ill. App. Ct. 1988) (*quoting Jones v. Irvin*, 602 F. Supp. 399, 402 (S.D. Ill. 1985) *and citing Kirk v. Michael Reese Hosp. & Med. Ctr*, 513 N.E.2d 389 (Ill. 1987)). *See also Jones*, 602 F. Supp. at 402 (it is not the duty of the pharmacist, but rather "the duty of the prescribing physician . . . to warn the patient of any dangers associated with taking the drug").[1]

---

[1] Similarly holding are *Frye v. Medicare-Glaser Corp.*, 605 N.E.2d 557, 561 (Ill. 1992) ("In our opinion, consumers should principally look to their prescribing physician to convey the appropriate warnings regarding drugs, and it is the prescribing physician's duty to convey these warnings to patients."); *Kasin v. Osco Drug, Inc.*, 728 N.E.2d 77, 79 (Ill. App. Ct. 2000) (noting that the learned intermediary doctrine has been applied by Illinois courts to "exempt pharmacies and pharmacists from giving warnings to patients."); *Fakhouri v. Taylor*, 618 N.E.2d 518, 520 (Ill. App. Ct. 1993) (plaintiff failed to state a claim against pharmacy for negligent failure to warn when he alleged only that the pharmacy "did nothing more than fill the prescriptions as ordered by the physician."); and *Eldridge v. Eli Lilly & Co.*, 485 N.E.2d 551, 552 (Ill. App. Ct. 1985) ("placing these duties to warn on the

Illinois law is in accord with the overwhelming majority of case law on this issue. Indeed, it is well-recognized that "pharmacies generally have no common-law or statutory duty to warn customers of the risks associated with the drugs they purchase." *Kohl v. American Home Prods. Corp.*, 78 F. Supp. 2d 885, 893 (W.D. Ark. 1999). *See also Walls v. Alpharma USPD, Inc.*, 887 So.2d 881 (Ala. 2004); *Cottam v. CVS Pharmacy*, 764 N.E.2d 814 (Mass. 2002); *Morgan v. Wal-Mart Stores, Inc.*, 30 S.W.3d 455 (Tex. App. 2000); *Walker v. Jack Eckerd Corp.*, 434 S.E.2d 63 (Ga. Ct. App. 1993); *McKee v. American Home Prods. Corp.*, 782 P.2d 1045 (Wash. 1989); *Ealy v. Richardson-Merrell, Inc.*, No. 83-3504, 1987 WL 159970 at *3 (D.D.C. 1987); *Pysz v. Henry's Drug Store*, 457 So.2d 561 (Fla. Dist. Ct. App. 1984).

Illinois courts have recognized two narrow circumstances where a pharmacy may have a duty to warn, but neither of those circumstances applies here despite Plaintiff's oblique references to Walgreen's knowledge of his "health history." Compl. ¶ 112. On its face, the allegations of the Complaint do not fit either set of circumstances where a duty might possibly exist under Illinois law.

First, the Illinois Supreme Court has held that "a narrow duty to warn exists where . . . a pharmacy has patient-specific information about drug <u>allergies</u>, and knows that a drug being prescribed is contraindicated for the individual patient." *Happel*, 766 N.E.2d at 1129 (emphasis added). Plaintiff has not asserted any allegations in the Complaint that fit within this narrow exception. In *Happel*, the pharmacy clearly knew of the well-established danger of the drug at issue (Toradol) and the patient's <u>allergy</u> to that very medication, and the known danger was flagged by the defendant's automatic computerized "drug interaction warning," which the

pharmacist would only serve to compel the pharmacist to second guess every prescription a doctor orders in an attempt to escape liability.").

defendant pharmacist manually overrode via computer (and therefore ignored) in order to fill the prescription.  *Id*. at 1120-22.

In contrast to *Happel*, Plaintiff here does not allege a specific allergy to VIOXX®, but instead, in an unavailing attempt to bring his claims within the *Happel* exception, only makes vague reference to his "health history" and the inadvisability of VIOXX® given that "health history."  However, Plaintiff never states in any way whatsoever what any alleged "health history" was, or why it in any way made the taking of VIOXX® inappropriate.  Thus, unlike in *Happel*, where the plaintiff claimed a specific drug allergy, as a result of which she clearly should not have been taking the drug prescribed for any reason, here Plaintiff fails to assert any specific circumstance which on its face should have caused Walgreen to question his doctor's prescription of VIOXX®.  As the Illinois Court of Appeals noted in *Leesley*, pharmacists should not be compelled "to second guess every prescription a doctor orders in an attempt to escape liability."  518 N.E.2d at 762 (*quoting Jones v. Irvin*, 602 F. Supp. 399 (S.D. Ill. 1985)).  *See also Eldridge v. Eli Lilly & Co.*, 485 N.E. 2d 551 (Ill. App. Ct. 1985) (pharmacist had no duty to warn a physician who prescribed drugs for a patient in excessive quantities).  As further explained in *Fakhouri v Taylor*, "[d]etermining which medication is to be utilized in any given case requires an individualized medical judgment, which, in our opinion, only the patient's physician can provide." 618 N.E.2d 518 (Ill. App. Ct. 1993).  Quite simply, Plaintiff attempts to state the *Happel* exception in his Complaint without asserting a single fact as to any alleged "health history" which actually supports the application of the exception.  Absent allegations that Walgreen was aware that Plaintiff should not be taking VIOXX® under any circumstances (and no such allegations are made), the *Happel* exception does not apply and Plaintiff cannot state a claim for failure to warn.

The only other circumstance recognized by Illinois law where a pharmacy can owe a duty to warn occurs where a pharmacy has voluntarily undertaken to provide a customer with information or warnings about a prescription drug; in such a case, the pharmacy assumes a duty of care limited to the extent of its undertaking. *See Frye*, 605 N.E.2d at 560; *Kasin*, 728 N.E.2d at 79. Furthermore, Illinois law is clear that providing warnings as to <u>some</u> of the possible side effects does not mean that a pharmacy has assumed a duty to warn about <u>all</u> possible side effects of the drug. *See Frye*, 605 N.E.2d at 560-61 (pharmacy's undertaking to warn plaintiff that drug may cause drowsiness did not require it to warn plaintiff of all potential side effects of drug); *Kasin*, 728 N.E.2d at 81 ("By voluntarily undertaking to list some of the drug's side effects, [the pharmacy] did not assume a duty to list all possible side effects"). The Complaint here does not and cannot allege that Walgreen gave incorrect information, but instead, all of Plaintiff's allegations in this regard simply suggest that Walgreen's warning did not mention all potential side effects. Compl. ¶ 118. Plaintiff is not alleging that Walgreen's warnings were <u>wrong</u>, instead he is alleging that they were <u>incomplete</u>. Plaintiff thus makes no factual allegations under which the potential duty recognized in *Kasin* could apply, and it therefore does not. Simply put, a pharmacy is not required to and should not be second-guessing doctors on whether VIOXX® should be prescribed or what discussion of side effects needs to take place.

Courts around the country have reached this precise conclusion in similar pharmaceutical litigation. For example, in *Kohl*, the court recognized that a pharmacy must use reasonable care "to fill prescriptions as prescribed and properly label the prescriptions," but this limited duty did not impose a broader duty to warn on pharmacies. 78 F. Supp. 2d at 893. The court stated that, "we do not believe this duty [of due care] encompasses a general duty to warn customers of potential drug side effects or to give advice on the efficacy of the drug . . . ." *Id*. at 892. The

*Kohl* court also recognized that imposing a duty to warn on pharmacists would make no practical sense for prescription drugs, and would inappropriately interfere with the doctor-patient relationship:

> Physicians exercising sound medical judgment act as intermediaries in the chain of distribution, preempting, as it were, the exercise of discretion by the supplier-pharmacist . . . . [W]e see no sound reason for imposing on pharmacists the duty to supply information about the risks of drugs that have already been prescribed. On the contrary, such a rule would have the effect of undermining the physician-patient relationship by engendering fear, doubt, and second-guessing.

*Id.* at 893 (quoting *Coyle v. Richardson-Merrell, Inc.*, 584 A.2d 1383 (Pa. 1991)); *see also McKee v. American Home Prods. Corp.*, 782 P.2d 1045 (Wash. 1989); *Moore v. Memorial Hospital of Gulfport*, 825 So.2d 658, 664 (Miss. 2002); *Adkins v. Mong*, 425 N.W.2d 151, 152 (Mich. Ct. App. 1988); *Ferguson v. Williams*, 399 S.E.2d 389, 393 (N.C. Ct. App. 1991); *Moran v. Wal-Mart Stores, Inc.*, 30 S.W.3d 455, 469 (Tex. App. 2000).

Because a pharmacy has no duty to warn of risks and side effects of a prescription drug under the type of circumstances alleged in the Complaint, Count 9 fails as a matter of law to state a negligence claim against Walgreen under Illinois law.[2]

## Conclusion

For the foregoing reasons, Walgreen Co. respectfully requests that this Court enter an Order dismissing Plaintiff's Complaint against Walgreen with prejudice, and for such other and further relief as this Court deems just and necessary.

---

[2] Alternatively, Plaintiff's claims may be dismissed for failure to plead any dates that fall within the two-year statute of limitations. 735 ILCS 5/13-213; 735 ILCS 5/13-202. *See* Compl. Additionally, the allegations of fraudulent concealment, purportedly tolling the statute of limitations, are all directed at Merck, and not Walgreen.

        Respectfully submitted,

        THOMPSON COBURN LLP

        By  /s/ David A. Dick
           David A. Dick
           B. Matthew Struble
           One US Bank Plaza
           St. Louis, Missouri  63101
           314-552-6000
           FAX 314-552-7000

        Attorneys for Defendant Walgreen Co.

### CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing Defendant Walgreen Co.'s Memorandum in Support of Its Motion to Dismiss has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of the Court of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 25th day of January, 2007.

Russ M. Herman
Herman, Herman, Katz & Cotlar, LLP
201 St. Charles Ave., Suite 4310
New Orleans, LA 70170
Email:  rherman@hhkc.com
*Liaison Counsel for Plaintiffs*

Phillip A. Wittmann
Stone Pigman Walther Wittmann, LLC
546 Carondelet St.
New Orleans, LA 70130
Email:  pwittmann@stonepigman.com
*Liaison Counsel for Defendants*

        /s/ David A. Dick