UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | * * * * * * * * * * * * | MDL No. 1657<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE<br>DANIEL E. KNOWLES, III |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO: *Chamitra Adams, for the Estate of James C. Robinson, et al. v. Merck & Co., Inc., and John Does 1-25*, Case No. 06-6243.**

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel,

answers the Plaintiffs' Complaint for Damages ("Complaint") as follows:

## RESPONSE TO COMPLAINT

### RESPONSE TO
### "THE PARTIES"

1.     Denies each and every allegation contained in paragraph 1 of the

Complaint, as it is without knowledge or information sufficient to form a belief as to the truth

therein.

2.      Denies each and every allegation contained in paragraph 2 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

3.      Denies each and every allegation contained in paragraph 3 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

4.      Denies each and every allegation contained in paragraph 4 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

5.      Denies each and every allegation contained in paragraph 5 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

6.      Denies each and every allegation contained in paragraph 6 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

7.      Denies each and every allegation contained in paragraph 7 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

8.      Denies each and every allegation contained in paragraph 8 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

9.      Denies each and every allegation contained in paragraph 9 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

10.     Denies each and every allegation contained in paragraph 10 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

11.     Denies each and every allegation contained in paragraph 11 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

12.     Denies each and every allegation contained in paragraph 12 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

13.     Denies each and every allegation contained in paragraph 13 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

14.     Denies each and every allegation contained in paragraph 14 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

15.     Denies each and every allegation contained in paragraph 15 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

16.     Denies each and every allegation contained in paragraph 16 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

17.     Denies each and every allegation contained in paragraph 17 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

18.     Denies each and every allegation contained in paragraph 18 of the Complaint, except admits that Plaintiffs purport to define the term "Plaintiffs" for purposes of this Complaint.

19.     Denies each and every allegation contained in paragraph 19 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health.   Merck further admits that it manufactured, marketed, and distributed the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that it is authorized to do business in California.

20.     The allegations contained in paragraph 20 of the Complaint are not directed towards Merck and therefore no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in paragraph 20 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

4

## RESPONSE TO
## "JURISDICTION AND VENUE"

21.     The allegations contained in paragraph 21 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 21 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

22.     The allegations contained in paragraph 22 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 22 of the Complaint, except admits that Plaintiffs purport to state a claim in excess of $75,000 but denies that there is any legal or factual basis for such relief.

23.     The allegations contained in paragraph 23 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 23 of the Complaint, except admits that Merck is authorized to do business in California, Texas, and Missouri.

24.     The allegations contained in paragraph 24 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 24 of the Complaint, except admits that there is a multidistrict litigation ("MDL") related to the prescription medicine Vioxx, and that Judge Eldon Fallon issued a Minute Entry on September 7, 2005, and respectfully refers the Court to that Minute Entry for its actual content and full effect.

### RESPONSE TO
### "FACTUAL ALLEGATIONS"

25.     Denies each and every allegation contained in paragraph 25 of the Complaint, except admits that in 1992 Merck became aware of research and development work relative to selective COX-2 inhibitors.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint, except admits that in 1992 Merck became aware of research and development work relative to selective COX-2 inhibitors.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint, except admits that Merck sought, and, in 1999, received U.S. Food & Drug Administration ("FDA") approval to manufacture and market the prescription medicine Vioxx for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to said prescribing information for its actual language and full text.  Merck further admits that Vioxx is the brand name for rofecoxib.

29.     Denies each and every allegation contained in paragraph 29 of the Complaint.

30.     Denies each and every allegation contained in paragraph 30 of the Complaint.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint, except admits that on September 30, 2004, Merck announced the voluntary withdrawal of Vioxx from the worldwide market and respectfully refers the Court to the

referenced announcement for its actual language and full text. Merck further avers that it announced on September 30, 2004 that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo and given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary worldwide withdrawal of Vioxx best served the interests of patients.

32.     Denies each and every allegation contained in paragraph 32 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Vioxx, which is the brand name for rofecoxib, was approved by the FDA for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to said prescribing information for its actual language and full text.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Merck sought, and, in 1999, received FDA approval to manufacture and market the prescription medicine Vioxx for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to said prescribing information for its actual language and full text. Merck further admits that it manufactured, marketed, and distributed the prescription medicine Vioxx, which is the brand name for rofecoxib, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

34.     Denies each and every allegation contained in paragraph 34 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein

35.     Denies each and every allegation contained in paragraph 35 of the Complaint, except admits that Merck sought, and, in 1999, received FDA approval to manufacture and market the prescription medicine Vioxx, and that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

36.     Denies each and every allegation contained in paragraph 36 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to said prescribing information for its actual language and full text.

37.     Denies each and every allegation contained in paragraph 37 of the Complaint.

38.     Denies each and every allegation contained in paragraph 38 of the Complaint, except admits that Vioxx, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to said prescribing information for its actual language and full text.

39.     Denies each and every allegation contained in paragraph 39 of the Complaint, except admits that the studies referenced in the first sentence of paragraph 39 of the Complaint and the article referenced in the second sentence of paragraph 39 of the Complaint

exist, and respectfully refers the Court to said publications for their actual language and full text. Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

40.     Denies each and every allegation contained in paragraph 40 of the Complaint, except admits that 2000 worldwide Vioxx sales figures exceeded \$2 billion.

41.     Denies each and every allegation contained in paragraph 41 of the Complaint, except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint, except admits the existence of the referenced publication and the article contained therein and respectfully refers the Court to the referenced document for its actual language and full text.

43.     Denies each and every allegation contained in paragraph 43 of the Complaint, except admits that the referenced studies and publications exist and respectfully refers the Court to said studies and publications for their actual language and full text.

44.     Denies each and every allegation contained in paragraph 44 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

45.     Denies each and every allegation contained in paragraph 45 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

46.     Denies each and every allegation contained in paragraph 46 of the Complaint, except admits that on September 30, 2004, both Merck and the FDA issued statements regarding Vioxx and respectfully refers the Court to those statements for their actual language and full text.

47.     Denies each and every allegation contained in paragraph 47 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

48.     Denies each and every allegation contained in paragraph 48 of the Complaint.

49.     Denies each and every allegation contained in paragraph 49 of the Complaint.

50.     The allegations contained in paragraph 50 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 50 of the Complaint.

51.     Denies each and every allegation contained in paragraph 51 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

52.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 52 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 52 of the Complaint.

## RESPONSE TO "COUNT I:  STRICT LIABILITY
## PURSUANT TO 402(A) OF THE RESTATEMENT (SECOND) OF TORTS"

53.     With respect to the allegations contained in paragraph 53 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement

10

contained in paragraphs 1 through 52 of this Answer with the same force and effect as though set forth here in full.

54.     Denies each and every allegation contained in paragraph 54 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

55.     Denies each and every allegation contained in paragraph 55 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

56.     Denies each and every allegation contained in paragraph 56 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

57.     Denies each and every allegation contained in paragraph 57 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

58.     Denies each and every allegation contained in paragraph 58 of the Complaint.

59.     Denies each and every allegation contained in paragraph 59 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Plaintiffs purport to seek compensatory and punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "COUNT II: NEGLIGENCE"

60.    With respect to the allegations contained in paragraph 60 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 59 of this Answer with the same force and effect as though set forth here in full.

61.    The allegations contained in paragraph 61 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

62.    Denies each and every allegation contained in paragraph 62 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further avers that Vioxx was approved by the FDA for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to said prescribing information for its actual language and full text.

63.    Denies each and every allegation contained in paragraph 63 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further admits that Plaintiffs purport to seek compensatory and punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "COUNT III: GROSS NEGLIGENCE"

64.    With respect to the allegations contained in paragraph 64 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 63 of this Answer with the same force and effect as though set forth here in full.

65.    Denies each and every allegation contained in paragraph 65 of the Complaint, except admits that Plaintiffs purport to seek exemplary damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "COUNT IV: NEGLIGENT MISREPRESENTATION"

66.    With respect to the allegations contained in paragraph 66 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 65 of this Answer with the same force and effect as though set forth here in full.

67.    The allegations contained in paragraph 67 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 67 of the Complaint, except admits Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

68.    Denies each and every allegation contained in paragraph 68 of the Complaint, including its subparts a through f.

13

69.     Denies each and every allegation contained in paragraph 69 of the Complaint.

70.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in the first and second sentences of paragraph 70 of the Complaint, and denies each and every allegation directed toward Merck in the first and second sentences of paragraph 70 of the Complaint. The allegations contained in the third sentence of paragraph 70 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the third sentence of paragraph 70 of the Complaint.

### RESPONSE TO
### "COUNT V:  BREACH OF IMPLIED WARRANTY"

71.     With respect to the allegations contained in paragraph 71 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 70 of this Answer with the same force and effect as though set forth here in full.

72.     Denies each and every allegation contained in paragraph 72 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

73.     The allegations contained in paragraph 73 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 73 of the Complaint, except admits Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in

14

the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

74. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 74 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 74 of the Complaint.

75. Denies each and every allegation contained in paragraph 75 of the Complaint.

76. Denies each and every allegation contained in paragraph 76 of the Complaint, except admits that Plaintiffs purport to seek compensatory and punitive damages but denies that there is any legal or factual basis for such relief.

77. Denies each and every allegation contained in paragraph 77 of the Complaint.

**RESPONSE TO**
**"COUNT VI: WRONGFUL DEATH"**

78. With respect to the allegations contained in paragraph 78 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 77 of this Answer with the same force and effect as though set forth here in full.

79. The allegations contained in paragraph 79 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 79 of the Complaint, except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

15

## RESPONSE TO
## "COUNT VII:  LOSS OF CONSORTIUM"

80.    With respect to the allegations contained in paragraph 80 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 79 of this Answer with the same force and effect as though set forth here in full.

81.    Denies each and every allegation contained in paragraph 81 of the Complaint, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "DAMAGES"

82.    With respect to the allegations contained in paragraph 82 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 81 of this Answer with the same force and effect as though set forth here in full.

83.    Denies each and every allegation contained in paragraph 83 of the Complaint, except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

84.    Denies each and every allegation contained in paragraph 84 of the Complaint, including its subparts a through d, except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

85.    Denies each and every allegation contained in paragraph 85 of the Complaint, except admits that Plaintiffs purport to seek damages and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "PRAYER"

86.     The allegations contained in paragraph 86 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 86 of the Complaint, including its subparts a through e, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "JURY DEMAND"

87.     The allegations contained in the unnumbered paragraph under the heading "Jury Demand" of the Complaint are legal conclusions as to which no responsive pleading is required.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

88.     The claims of Plaintiffs may be time-barred, in whole or in part, under prescription, peremption, statutes of repose, applicable federal or state statute of limitations, or are otherwise untimely.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

89.     The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

90.     The claims of the Plaintiffs may be barred, in whole or in part, from recovery because they have made statements or taken actions that preclude them from asserting claims or constitute a waiver of their claims.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

91.     The claims of the Plaintiffs may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

92.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

93.     If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused, in whole or in part, through the operation of nature or other intervening cause or causes.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

94.     To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

95.     To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs and/or Decedents directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

96.     If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs and/or Decedents knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

97.     If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A ELEVENTH
## DEFENSE, MERCK ALLEGES:

98.     If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' and/or Decedents' misuse or abuse of Vioxx.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

99.     If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' and/or Decedents' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

**AS FOR A THIRTEENTH**
**DEFENSE, MERCK ALLEGES:**

100. To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

**AS FOR A FOURTEENTH**
**DEFENSE, MERCK ALLEGES:**

101. To the extent Plaintiffs seek recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under applicable state law.

**AS FOR A FIFTEENTH**
**DEFENSE, MERCK ALLEGES:**

102. To the extent that Plaintiffs assert claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiffs to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

**AS FOR A SIXTEENTH**
**DEFENSE, MERCK ALLEGES:**

103. Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**AS FOR A SEVENTEENTH**
**DEFENSE, MERCK ALLEGES:**

104. The claims of Plaintiffs are barred in whole or in part by the First Amendment of the Constitution of the United States of America and comparable state law provisions.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

105.    Plaintiffs' claims are barred in whole or in part because the product at issue conformed to the state-of-the-art for the design and manufacture of such, or similar, products at the time it was manufactured.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

106.    There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

107.    This case is more appropriately brought in a different venue.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

108.    Venue in this case is improper.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

109.    The claims of Plaintiffs may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

110.    The claims of Plaintiffs may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

111.    The claims of Plaintiffs may be barred, in whole or in part, from recovery

by release as to their claims.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

112.    The claims of Plaintiffs may be barred, in whole and in part, by the

doctrine of laches.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

113.    The claims of Plaintiffs are barred, in whole or in part, by Plaintiffs'

and/or Decedents' failure to mitigate damages.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

114.    To the extent there were any risks associated with the use of the product

which is the subject matter of this action that Merck knew or should have known and which gave

rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate

warnings in accordance with federal and governing state laws.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

115.    The claims of Plaintiffs may be barred, in whole or in part, from recovery,

due to spoliation of evidence.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

116.    The claims of Plaintiffs may be barred, in whole or in part, by the

governing state laws.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

117.    Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

118.    Plaintiffs and/or Decedents have not sustained any injury or damages compensable at law.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

119.    Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiffs' failure to provide it with due process of law.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

120.    Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

121.    Plaintiffs' claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

122.    Plaintiffs' claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

123.    Plaintiffs' claims are barred in whole or in part because Vioxx "provides

net benefits for a class of patients" within the meaning of comment f to Section 6 of the

Restatement (Third) of Torts: Product Liability.

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

124.    To the extent that Plaintiffs rely upon any theory of breach of warranty,

such claims are also barred for lack of timely notice of breach and/or lack of privity and/or

because the alleged warranties were disclaimed.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

125.    The Plaintiffs and/or Decedents were careless and negligent in the matters

alleged, thereby causing and contributing to any alleged injuries, damages, or losses to Plaintiffs

and/or Decedents.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

126.    To the extent that Plaintiffs assert claims against Merck based on theories

of liability not provided for in the state products liability provisions applicable to this action,

those claims are barred.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

127.    To the extent that Plaintiffs assert claims against Merck based on theories

of liability or elements of damages provided in the state products liability law applicable to their

claims, Plaintiffs have failed to allege facts that would overcome the defenses available under

that state products liability law.

## AS FOR A FORTY-FIRST
## DEFENSE, MERCK ALLEGES:

128. To the extent that Plaintiffs allege a conspiracy claim, that claim is barred because Merck did not enter into any agreement with any other defendant or third party to further any alleged unlawful act by allegedly unlawful means.

## AS FOR A FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

129. To the extent that Plaintiffs allege a negligence per se claim, that claim is barred on the grounds that such claims are not cognizable against Merck in this action.

## AS FOR A FORTY-THIRD
## DEFENSE, MERCK ALLEGES:

130. To the extent that Plaintiffs seek injunctive relief, that claim is barred by the doctrine of primary jurisdiction.

## AS FOR A FORTY-FOURTH
## DEFENSE, MERCK ALLEGES:

131. To the extent Plaintiffs seek to recover only economic loss in tort, their claims are barred by the economic loss doctrine.

## AS FOR A FORTY-FIFTH
## DEFENSE, MERCK ALLEGES:

132. Plaintiffs' claims are barred, in whole or in part, because one or more Plaintiffs lack capacity and/or standing to bring such claims.

## AS FOR A FORTY-SIXTH
## DEFENSE, MERCK ALLEGES:

133. To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A FORTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

134.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A FORTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

135.    To the extent that Plaintiffs seek punitive damages, that demand is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FORTY-NINTH
## DEFENSE, MERCK ALLEGES:

136.    Merck demands a trial by jury of all issues.

## AS FOR A FIFTIETH
## DEFENSE, MERCK ALLEGES:

137.    Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

## AS FOR A FIFTY-FIRST
## DEFENSE, MERCK ALLEGES:

138.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A FIFTY-SECOND
## DEFENSE, MERCK ALLEGES:

139.   Merck incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action.  Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding or trial in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

## AS FOR A FIFTY-THIRD
## DEFENSE, MERCK ALLEGES:

140.   Defendants "John Does 1-25" are improperly joined.

## AS FOR A FIFTY-FOURTH
## DEFENSE, MERCK ALLEGES:

141.   Plaintiffs' claims are not suitable for joinder.

## AS FOR A FIFTY-FIFTH
## DEFENSE, MERCK ALLEGES:

142.   The provisions of California Civil Code § 1431.2 are applicable to the Complaint and each cause of action therein.

## AS FOR A FIFTY-SIXTH
## DEFENSE, MERCK ALLEGES:

143.   Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), California Business and Professions Code § 17208, and California Civil Code § 1783.

## AS FOR A FIFTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

144.   If Plaintiffs and/or Decedents have sustained injury or loss as alleged in the Complaint, such injury or loss may have been caused by parties other than Merck, or third persons not parties to this action, who may have been negligent, legally responsible, or otherwise at fault.  In the event of a finding of liability in favor of Plaintiffs, a settlement, or a judgment against Merck, Merck requests an apportionment of fault among all parties and third persons as permitted by *Li v. Yellow Cab Company*, 532 P.2d 1226 (Cal. 1975), and *America Motorcycle Association v. Superior Court*, 578 P.2d 899 (Cal. 1978).  Merck also requests a judgment and declaration of partial indemnification and contribution against all other parties or third persons in accordance with the apportionment of fault.

## AS FOR A FIFTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

145.   The Plaintiffs' claims are barred in whole or in part by the First Amendment of the United States Constitution and similar provisions in the Constitution of the State of California which protect, among other things, the Defendant's right to promote and advertise the subject pharmaceutical product.

## AS FOR A FIFTY-NINTH
## DEFENSE, MERCK ALLEGES:

146.   To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was oppressive, fraudulent, or malicious, under California Civil Code § 3294, and therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code § 3294(b).

## AS FOR A SIXTIETH
## DEFENSE, MERCK ALLEGES:

147.   Plaintiffs' claims under Business and Professions Code §§ 17200, et seq. and 17500, et seq. are barred in whole or in part because Merck's conduct and all activities with respect to the subject pharmaceutical product manufactured or distributed by Merck were lawful, fair, truthful, not misleading or deceptive, and were justified based on the state of medical and scientific knowledge available during the relevant time period.

## AS FOR A SIXTY-FIRST
## DEFENSE, MERCK ALLEGES:

148.   Plaintiffs' claims under Business and Professions Code §§ 17200, et seq. and 17500, et seq. are barred in whole or in part because all of Merck's activities as alleged in the Complaint were in compliance with the applicable laws, regulations, and rules, and thus cannot be deemed unlawful, unfair, fraudulent, deceptive, untrue, or misleading.

## AS FOR A SIXTY-SECOND
## DEFENSE, MERCK ALLEGES:

149.   Plaintiffs' claims under Business and Professions Code §§ 17200, et seq. and 17500, et seq. are barred in whole or in part because one or more Plaintiffs do not qualify as a private attorney general, and for that reason and others, one or more Plaintiffs lack standing to prosecute a claim for injunctive or monetary relief.

## AS FOR A SIXTY-THIRD
## DEFENSE, MERCK ALLEGES:

150.   Plaintiffs' claims under Business and Professions Code §§ 17200, et seq. and 17500, et seq. are barred in whole or in part because there is no basis for injunctive relief in this action.

## AS FOR A SIXTY-FOURTH
## DEFENSE, MERCK ALLEGES:

151.    Plaintiffs' claims under Business and Professions Code §§ 17200, et seq. and 17500 et seq. are barred in whole or in part by the doctrine of primary jurisdiction in that the subject pharmaceutical product manufactured or distributed by Merck and any advertisement regarding such product are regulated by the FDA and as such, Merck requests that this Court, sitting in equity, abstain from hearing claims under Sections 17200 et seq. and 17500 et seq.

## AS FOR A SIXTY-FIFTH
## DEFENSE, MERCK ALLEGES:

152.    Plaintiffs are not entitled to relief under Business and Professions Code §§ 17200, et seq. and 17500 et seq. because Plaintiffs have an adequate remedy at law.

## AS FOR A SIXTY-SIXTH
## DEFENSE, MERCK ALLEGES:

153.    Plaintiffs' claims under Business and Professions Code §§ 17200, et seq. and 17500 et seq. are barred in whole or in part under principles of substantive and procedural due process.

## AS FOR A SIXTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

154.    Any warnings which were given were transmitted to the prescribing health care provider, and that under the applicable state law, Merck's only obligation is to warn the prescribing health care provider and said obligation was fulfilled.

## AS FOR A SIXTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

155.    If Plaintiffs and/or Decedents have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs and/or Decedents.

## AS FOR A SIXTY-NINTH
## DEFENSE, MERCK ALLEGES:

156. If Plaintiffs and/or Decedents have sustained the injuries and damages alleged in the Complaint, such injuries resulted, in whole or in part, from the culpable conduct and negligence of Plaintiffs and/or Decedents and/or of third parties, not from any negligence or breach of duty by Merck. If judgment is rendered in Plaintiffs' favor, the amount of such judgment must be reduced pursuant to the Proportionate Responsibility Statute § 33.001, *et seq.* of the Texas Civil Practice & Remedies Code.

## AS FOR A SEVENTIETH
## DEFENSE, MERCK ALLEGES:

157. Merck is unaware at this time of any settlements by any alleged joint tortfeasor. In the event any settlement is or has been made by any alleged joint tortfeasor, however, then Merck is entitled to a full credit, offset, pro rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling party, person, or other entity herein, and Merck makes known to the other parties and to the court that it will avail itself of its rights under §§ 33.012 *et seq.* of the Texas Civil Practice & Remedies Code.

## AS FOR A SEVENTY-FIRST
## DEFENSE, MERCK ALLEGES:

158. Merck fully asserts § 82.001 and § 82.007 of the Texas Civil Practice and Remedies Code and states that all of Plaintiffs' claims are barred under those sections.

## AS FOR A SEVENTY-SECOND
## DEFENSE, MERCK ALLEGES:

159. Any claims for exemplary damages are limited by Section 41.008 of the Texas Civil Practice and Remedies Code to two times the amount of actual damages or $200,000, whichever is greater. Merck asserts all other defenses and limitations on punitive damages contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

**AS FOR A SEVENTY-THIRD
DEFENSE, MERCK ALLEGES:**

160.   Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate Merck's rights under Amendments IV, V, VI and XIV of the United States Constitution and under Sections 9, 10, 14 and 19 of Article I of the Texas Constitution.

**AS FOR A SEVENTY-FOURTH
DEFENSE, MERCK ALLEGES:**

161.   Unless Merck's liability for punitive damages and the appropriate amount of punitive damages are each required to be established by clear and convincing evidence under Texas law, any awards of punitive damages would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

**AS FOR A SEVENTY-FIFTH
DEFENSE, MERCK ALLEGES:**

162.   Any claims for punitive damages against Merck cannot be sustained, because any award of punitive damages under Texas law without bifurcating the trial as to all punitive damages issues would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

**AS FOR A SEVENTY-SIXTH
DEFENSE, MERCK ALLEGES:**

163.   Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law subject to no pre-determined limit, either a maximum multiple of compensatory damages or a maximum amount, on the amount of

punitive damages that a jury may impose would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## AS FOR A SEVENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

164.   Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law by a jury that (1) is not provided any standard of sufficient clarity for determining the appropriateness, or the appropriate size of any punitive damages award, (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## AS FOR A SEVENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

165.   Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law for the purpose of compensating Plaintiffs for elements of damages not otherwise recognized by Texas law would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

**AS FOR A SEVENTY-NINTH**
**DEFENSE, MERCK ALLEGES:**

166.     Merck asserts that the determination of the amount of punitive damages, if any, shall be bifurcated from the remaining issues pursuant to *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

**AS FOR AN EIGHTIETH**
**DEFENSE, MERCK ALLEGES:**

167.     The imposition of punitive damages violates the open courts provision of the Texas Constitution.

**AS FOR AN EIGHTY-FIRST**
**DEFENSE, MERCK ALLEGES:**

168.     A finding of liability under current Missouri law and procedure would violate Merck's constitutional rights, both facially and as applied, under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 22(a) (right to a trial by jury), in that:

a.     Missouri law, by virtue of Missouri Approved Instructions 25.04 and 25.05, fails to submit to the jury one or more specific alleged defects upon which the jury must base its finding that the product is unreasonably dangerous.

   i.     This gives the jury a roving commission with no constraints whatsoever to find the product unreasonably dangerous; and

   ii.     Fails to limit the jury's consideration to those defects specified and supported by substantial evidence; and

   iii.     This also denies Merck any meaningful review by the trial court of the submissibility of Plaintiffs' claims as to certain defects, and

iv.   This permits the jury to render a verdict against the defendant based upon the vote of less than a majority of the jury, with each of the minimum of nine jurors required to vote for a verdict against the defendant basing that vote on a defect never alleged in the pleadings, a different allegation of defect, a defect for which Plaintiffs do not have substantial evidence, a defect never claimed by Plaintiffs' experts or a defect never mentioned in the evidence at the trial.

b.   Missouri law by virtue of Missouri Approved Instructions 25.04 and 25.05 allows the jury a roving commission with no constraints whatsoever in that no factors or objective standards to consider in deciding whether a product is unreasonably dangerous are given the jury; and

c.   Missouri allows the jury a roving commission with no constraints whatsoever because no factors are given the trial court to meaningfully review the submissibility of a case or to review meaningfully a jury's verdict, both as to liability and as to the amount of damages awarded.

## AS FOR AN EIGHTY-SECOND
## DEFENSE, MERCK ALLEGES:

169.   Section 537.675, Mo.Rev.Stat. violates Article 1, Section 13 against *ex post facto* laws to the extent that it permits the jury to consider any conduct or omission by the defendant which occurred before the passage of that statute.

35

### AS FOR AN EIGHTY-THIRD
### DEFENSE, MERCK ALLEGES:

170.    Section 537.675, Mo.Rev.Stat., which takes half of any punitive damage award for the State of Missouri, making the award of punitive damages a fine imposed and collected by the State, both facially and as applied, violates the double jeopardy clauses of the 5th Amendment of the United States Constitution and Article I, Section 19 of the Missouri Constitution, because it allows multiple punitive damage awards for the same conduct.

### AS FOR AN EIGHTY-FOURTH
### DEFENSE, MERCK ALLEGES:

171.    Missouri, by virtue of Section 537.675, which requires half of any punitive damage award to be paid to the State of Missouri, has made every award of punitive damages a criminal fine without adequate guidelines giving notice as to the conduct or state of mind that could result in a punitive damage award and as to the procedures for imposing punitive damages, including without limitation, a failure to require a unanimous jury to award punitive damages.

### AS FOR AN EIGHTY-FIFTH
### DEFENSE, MERCK ALLEGES:

172.    Missouri standards for finding a defendant liable for punitive damages are so vague, uncertain and ill-defined that Section 537.675, Mo.Rev.Stat. violates the Fifth Amendment to the United States Constitution and Article I, Section 18(a) of the Missouri Constitution, because it permits the imposition of a state fine without the defendant ever being told the nature and cause of the offense with which the defendant was charged.

### AS FOR AN EIGHTY-SIXTH
### DEFENSE, MERCK ALLEGES:

173.    Section 537.675, Mo.Rev.Stat. violates Article 1, Section 31, by delegating to a jury the authority to set fines.

## AS FOR AN EIGHTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

174.     Section 537.675, Mo.Rev.Stat. violates Article 1, Section 22(a) in that it allows a less than unanimous jury to impose the criminal penalty of punitive damages and permits verdicts which are not truly supported by the vote of nine jurors. Missouri law allows a group of nine jurors to impose and set the amount of punitive damages, which group is different from the group of nine that originally found the prerequisite liability for compensatory damages, so that no group of nine may have agreed on the entire verdict upon which judgment is entered.

## AS FOR AN EIGHTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

175.     Missouri's scheme for punitive damages, including without limitation, the Missouri Approved Instructions on punitive damages and Sections 510.263 and 537.675, violate, both facially and as applied, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Constitution of Missouri, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Article I, Sections 21 and 22(a) (right to a trial by jury) of the Missouri Constitution, because:

a.     Missouri law fails to provide adequate guidance to the jury in setting the amount of any punitive damage award and instead leaves this decision to the unbridled discretion of the jury;

b.     Missouri law provides no objective limitations or standards concerning a proper amount of punitive damages;

c.     Missouri law does not require that an award of punitive damages bear a reasonable relationship to the actual injury involved;

37

d.  Missouri law does not require that an award of punitive damages bear a reasonable relationship to the compensatory damages awarded by the jury;

e.  Missouri law does not require that an award of punitive damages bear a reasonable relationship to the defendant's mental state and the degree of malice with which the jury finds the defendant acted;

f.  Missouri law has no fixed limit on the amount of punitive damages that can be awarded in connection with an incident or with a product involved in more than one incident;

g.  Missouri law allows multiple punitive damage awards for the same conduct;

h.  Missouri law does not require the judge presiding over a trial in which punitive damages have been awarded to review the punitive damages award in light of the amount of punitive damages awarded in other, comparable cases;

i.  Missouri law does not require the jury to consider mitigating circumstances in determining whether punitive damages should be awarded;

j.  Missouri law does not require that an award of punitive damages must not be based upon any bias, passion, or prejudice against the defendant;

k.  Missouri's guidelines, standards, procedures and jury instructions for the award of punitive damages are ambiguous, indefinite, vague, uncertain, conflicting, purely subjective, unreasonable and fundamentally unfair, so as to deprive defendant of adequate notice of the type of conduct that could result in the imposition of punitive damages;

l.  Missouri law directs a jury to consider the net worth of the defendant in setting the amount of any punitive damage award and, therefore, discriminates unfairly

on the basis of economic status bearing no relationship to the incident, the damages sustained by the Plaintiffs and/or Decedents, the mental state of the defendant or to other awards of punitive damages under comparable facts;

m. Missouri law does not require that the amount of any punitive damage award must not be based upon any desire or belief to redistribute income or wealth from those the jury believes have wealth to those the jury believes have less or no wealth;

n. Missouri law allows an award of punitive damages to be based entirely on conduct occurring outside the state of Missouri; and

o. Missouri law allows a less than unanimous jury to impose the penalty of punitive damages and allows one group of nine jurors to find the prerequisite liability for compensatory damages and another group of nine to impose and set the amount of punitive damages, so that no group of nine jurors agrees on the verdict upon which judgment is entered.

## AS FOR AN EIGHTY-NINTH DEFENSE, MERCK ALLEGES:

176.    Missouri law requiring proof of punitive damages by clear and convincing evidence violates the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Missouri Constitution, as interpreted by the Courts to require proof beyond a reasonable doubt in all criminal cases, because Section 537.675 has criminalized punitive damages, so that a charge of punitive damages should be proven beyond a reasonable doubt to a unanimous jury.

## AS FOR A NINETIETH
## DEFENSE, MERCK ALLEGES:

177.   Any Plaintiff and/or Decedent who purchased Vioxx outside of Missouri has no claim under the Missouri Merchandising Practices Act because that Act does not apply to transactions that occur wholly outside of Missouri.

## AS FOR A NINETY-FIRST
## DEFENSE, MERCK ALLEGES:

178.   One or more Plaintiffs lack standing to assert claims under Missouri Merchandising Practices Act or any Missouri consumer protection statute.

## AS FOR A NINETY-SECOND
## DEFENSE, MERCK ALLEGES:

179.   Plaintiffs are not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of the due process clause of the Fourteenth Amendment of the United States Constitution and the Missouri Constitution as set forth in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 123 S.Ct. 1513 (2003).

## AS FOR A NINETY-THIRD
## DEFENSE, MERCK ALLEGES:

180.   Plaintiffs are not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of Merck's constitutional protection and the prohibitions against double jeopardy set forth in the Fifth Amendment and the due process clause of the Fourteenth Amendment of the United States Constitution and comparable provisions of the Missouri Constitution.

## AS FOR A NINETY-FOURTH
## DEFENSE, MERCK ALLEGES:

181.    Plaintiffs are not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in an unconstitutionally excessive fine in violation of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution and comparable provisions of the Missouri Constitution.

## AS FOR A NINETY-FIFTH
## DEFENSE, MERCK ALLEGES:

182.    Plaintiffs are not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of the prohibition against ex post facto laws and laws impairing the obligations of contracts contained in Sections 9 and 10 of Article I of the United States Constitution and comparable provisions of the Missouri Constitution.

## AS FOR A NINETY-SIXTH
## DEFENSE, MERCK ALLEGES:

183.    Plaintiffs are not entitled to recover exemplary or punitive damages because Plaintiffs' claim for exemplary or punitive damages is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Missouri Constitution because there are not realistic standards or limits imposed on the amount of punitive damages which may be awarded, and no required relationship between the actual damages sustained and the amount of punitive damages which may be awarded.

41

## AS FOR A NINETY-SEVENTH
## DEFENSE, MERCK ALLEGES:

184.   Plaintiffs are not entitled to recover exemplary or punitive damages because Plaintiffs' claim for exemplary or punitive damages is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitutions and comparable provisions of the Missouri Constitution because the vague standards employed in punitive damage cases results in extremely disparate results among similar defendants accused of similar conduct.

## AS FOR A NINETY-EIGHTH
## DEFENSE, MERCK ALLEGES:

185.   Plaintiffs are not entitled to recover exemplary or punitive damages because Plaintiffs' claim for exemplary or punitive damages is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Missouri Constitution because the purpose of punitive damages is punishment and deterrence, and there is not adequate procedural safeguards in place to protect Merck's right against self-incrimination, right to proof beyond a reasonable doubt, and right to be free from unreasonable searches and seizures in this case.

## AS FOR A NINETY-NINTH
## DEFENSE, MERCK ALLEGES:

186.   Plaintiffs are not entitled to recover exemplary or punitive damages because Plaintiffs' claim for exemplary or punitive damages is in violation of the First Amendment to the United States Constitution and comparable provisions of the Missouri Constitution.

### AS FOR A ONE HUNDREDTH
### DEFENSE, MERCK ALLEGES:

187.     Plaintiffs are not entitled to recover exemplary or punitive damages because the standards and instructions regarding exemplary/punitive damages are inadequate, vague, and ambiguous, further violating the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Missouri Constitution.

### AS FOR A ONE HUNDRED FIRST
### DEFENSE, MERCK ALLEGES:

188.     The correct standard for submitting the burden of proof for exemplary and/or punitive damages is "clear and convincing" evidence.  Any lesser standard is a violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Missouri Constitution.

### AS FOR A ONE HUNDRED SECOND
### DEFENSE, MERCK ALLEGES:

189.     Plaintiffs are not entitled to recover exemplary or punitive damages because the imposition of exemplary or punitive damages in this case based upon evidence of Merck's wealth or financial status would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Missouri Constitution.

### AS FOR A ONE HUNDRED THIRD
### DEFENSE, MERCK ALLEGES:

190.     The Complaint and the causes of action contained therein is barred in whole or in part by the United States and Missouri Constitution which prohibit the extra-territorial application of state law.

43

## AS FOR A ONE HUNDRED FOURTH
### DEFENSE, MERCK ALLEGES:

191.    Merck's fault, if any, must be compared to the fault of Plaintiffs and/or

Decedents and others pursuant to Mo. Rev. Stat. 537.765 and the principles of comparative fault

announced in *Gustafson v. Benda*, 661 S.W.2d 11 (Mo. banc 1983).

## AS FOR A ONE HUNDRED FIFTH
### DEFENSE, MERCK ALLEGES:

192.    To the extent that Plaintiffs seek economic losses as a result of purchasing

Vioxx, such claims are barred under Missouri law because a buyer of allegedly defective goods

cannot recover in tort for economic losses.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.    That its Answer be deemed sufficient and that after due proceedings there

be judgment dismissing Plaintiffs' Complaint with prejudice against Merck with costs assessed

to Plaintiffs;

2.    Awarding Merck the cost and disbursements it incurred or may incur in

connection with this action, including attorney's fees; and

3.    Providing for such other and further relief, including demand for jury trial,

as the Court may deem just and proper.

44

Dated: January 26, 2007

Respectfully submitted,

*Melissa V. Beaugh*

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Melissa V. Beaugh, 28250
Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of

Electronic Filing in accordance with the procedures established in MDL No. 1657, on this 26

day of January, 2007.

_____ Melissa V. Beaugh