UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1657<br>SECTION L |
| Relates to: | JUDGE FALLON |
| ALL PERSONAL INJURY AND<br>WRONGFUL DEATH CLASS ACTION<br>COMPLAINTS PENDING OR SUBJECT<br>TO TRANSFER TO MDL 1657 | MAGISTRATE JUDGE KNOWLES |

**MEMORANDUM OF LAW IN SUPPORT OF THE PSC'S MOTION TO AMEND THE MASTER CLASS ACTION COMPLAINT (PERSONAL INJURY AND WRONGFUL DEATH) TO ADD BY INTERLINEATION PLAINTIFF REPRESENTATIVES**

I.  **INTRODUCTION**

The Plaintiffs' Steering Committee ("PSC") has moved this Honorable Court for an Order to amend the Second Amended Master Class Action Complaint (Personal Injury and Wrongful Death) filed with this Court on January 26, 2006. This motion is brought pursuant to Fed. R. Civ. P. 15(a). The PSC seeks to amend the Master Class Action Complaint (Personal Injury and Wrongful Death), a "administrative vehicle" or a "procedural device," to add by interlineation plaintiff class representatives from Iowa. This Honorable Court should grant leave to amend because amendments should be "freely given" and since there is no undue delay, bad faith or dilatory motive on the part of the PSC in seeking this amendment nor would Merck be unduly prejudiced.

## II.   PROCEDURAL HISTORY AND STATEMENT OF THE FACTS

On June 2, 2005, Case Management Order No. 16 ("CMO 16") was entered by this Honorable Court. CMO 16 specifically ordered that:

> the PSC on or before August 1, 2005 file in this Court a Master Complaint with respect to each type of Class Action Case. The Master Complaint shall apply to all pending Class Action cases, and to those subsequently filed, removed or transferred, to this Court as part of this proceeding.

CMO 16 at IV(A).

CMO 16 specifically applied to:

> This Order shall govern all class action cases (1) transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of February 16, 2005; (2) any tag-along actions subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.4 of the Rules of Procedure of that Panel; and (3) all related class action cases originally filed in this Court or transferred or removed to this Court (collectively, "Class Action Cases").

CMO 16 at I.

On August 2, 2005, the PSC filed a Master Class Action Complaint (Personal Injury and Wrongful Death)(hereinafter "PI-Master Complaint"). As set forth in paragraph 1 of the PI-Master Complaint, it was filed for "administrative purposes pursuant to the Court's direction as set forth in the Court's Case Management Order."

As of the date of filing of the PI-Master Complaint, personal injury and wrongful death class actions suits from the following states had been transferred to this Honorable Court: Alabama, California, Connecticut, Delaware, Florida, Idaho, Illinois, Indiana, Kentucky, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Missouri, Nebraska, New Jersey, New York, North Dakota, Ohio, Rhode Island, Washington, West Virginia, and Wisconsin.

The PI-Master Complaint stated "intentionally left blank" for each of the following states: Alaska, Arizona, Arkansas, Colorado, District of Columbia, Georgia, Hawaii, Iowa, Kansas, Maine, Mississippi, Montana, Nevada, New Hampshire, New Mexico, North Carolina, Oklahoma, Oregon, Pennsylvania, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont, Virginia, and Wyoming. The PI-Master Complaint explained that "[u]ntil such time that a representative plaintiff presents himself/herself to represent the headless class, for the purpose of pleading, the space is being left intentionally blank." Furthermore, the PI-Master Complaint explained that:

> class actions lawsuits from other states and territories continue to be transferred to this Honorable Court, and plaintiffs anticipate that eventually class actions from most of the fifty states will be pending before this Court. Until such time, plaintiffs intend to move for certification of state classes in states as to which class actions are currently pending, reserving the right to seek state class certification as to other states as class actions from those states are transferred to this Court, or to seek certification on behalf of state classes, conditioned on the anticipated transfer of state class actions to this Court and/or the identification of adequate representatives from those states.

On September 28, 2005, the PSC filed a motion similar to this, seeking to add by interlineation additional class action plaintiffs with the First Master Class Action Complaint (Personal Injury and Wrongful Death). This Court in a Second Amended Pretrial Order No. 16 granted the PSC's prior motion to amend the Personal Injury and Wrongful Death complaints, deeming the First Amended Complaints for each class action as filed. Furthermore, according to Second Amended Pretrial Order No. 16 "[a]ny additional motions to amend any of the existing three class action master complaints shall be filed with the Court on or before January 23, 2006." *Id*. Thereafter, on January 23, 2006, Plaintiffs filed a motion pursuant to the Second Amended Pretrial Order No. 16 seeking to add two additional class representatives from Pennsylvania and Indiana,

which was granted by Order dated January 26, 2006, *i.e.*, Order approving the Second Amended Master Class Action Complaint.

With respect to the Second Amended Pretrial Order No. 16, the PSC is compelled to move to amend the Second Amended Master Class Action Complaint (Personal Injury and Wrongful Death) to add by interlineation class representatives from Iowa in the action of *Smith v. Merck & Co., Inc.*, Case No. 05-158 (S.D.Iowa).[1] James B. Smith filed an individual personal injury complaint on behalf of his deceased wife against Merck on or about March 18, 2005. On or about December 16, 2005, Mr. Smith filed a motion to amend the complaint to include class action allegations in the MDL. That motion was granted by Order entered by this Court on January 4, 2006. The complaint was again amended following the death of James B. Smith to substitute the co-executors of his estate, Victoria L. Smith, Robin Saudt Smith, Elizabeth Q. Smith and Emily J. Smith ("co-executors"), as plaintiffs. *See* Order Approving Third Amended Complaint in *Smith v. Merck & Co., Inc.*, Civil Action No. 2:05-cv-2911 (E.D. La. July 17, 2006).[2] The PSC only recently became aware that these plaintiffs seek to pursue the claim on a representative basis for all persons similarly situated in Iowa, which necessitates this motion.

III.  **LEGAL ARGUMENT**

   **LEAVE TO AMEND SHOULD BE GRANTED SINCE AMENDMENTS SHOULD BE "FREELY GIVEN" AND SINCE THERE IS NO UNDUE DELAY, BAD FAITH OR DILATORY MOTIVE ON THE PART OF THE PSC IN SEEKING THIS AMENDMENT NOR WOULD MERCK BE UNDULY PREJUDICED**

---

[1]   The MDL docket number of the *Smith* case is 2:05-cv-2911.

[2]   The co-executors are also the successor administrators of the estate of Marilyn E. Smith.

In determining whether to grant leave to amend a pleading, it is appropriate for a court to consider judicial economy and the most expeditious way to dispose of the merits of the litigation. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594 (5th Cir. 1991). This Honorable Court has recognized that a Master Complaint is an "administrative vehicle" or a "procedural device" used to promote judicial efficiency and economy and to streamline the litigation process. *In re Propulsid Products Liability Litigation,* 208 F.R.D. 133, 141, 142 (E.D. La. 2002)(citing Diana E. Murphy, Unified and Consolidated Complaints in Multidistrict Litigation, 132 F.R.D. 597 (1997); Arnold Levin, *MDL/Class Actions in Mass Tort, Pharmaceutical, and Toxic Litigation*, Ann. 2001 ATLA-CLE 2793 (2001). CMO 16 anticipated that Class Action Master Complaints would be amended to incorporate class plaintiff representatives from other states, as the PSC seeks to accomplish with this motion. Specifically, CMO 16 stated that "The Master Complaint shall apply to all pending Class Action cases, **and to those subsequently filed, removed or transferred, to this Court as part of this proceeding**." Based on CMO 16, the PSC included "place-holders" in each version of the Master Class Action Complaint intending to file amended complaints as other applicable class action were identified, filed or transferred to this Court.[3]

Courts should grant leave to amend a complaint "freely" and "when justice so requires". *Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15(a) of the *Federal Rules of Civil Procedure* are in accord and require that when leave of court is sought to file an amended complaint it should be "freely given." *Fed.R.Civ. P.* 15(a). "Unless there is a substantial reason to deny leave to amend,

---

[3] For instance, the Second Amended Master Class Action Complaint "intentionally left blank" the identity of the plaintiff class representative for 24 states explaining that "[u]ntil such time that a representative plaintiff presents himself/herself to represent the headless class, for the purpose of pleading, the space is being left intentionally blank."

5

the discretion of the district court is not broad enough to permit denial." *Farias v. Bexar County Bd. of Trustees for Mental Health Retardation Serv.'s,* 925 F.2d 866, 874 (5th Cir.1991). In deciding whether to allow a party to amend pleadings, courts may consider factors such as undue delay, dilatory motive, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *See Matter of Southmark Corp.*, 88 F.3d 311, 315 (5th Cir.1996)(citing *Foman supra.*); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir.1993)). Applying these factors, leave to amend is appropriate in this case.

      **A.**    **There Was No Undue Delay in Seeking the Instant Amendment**

At the time the *Smith* case was transferred to the MDL on July 27, 2005, the complaint did not make class action allegations and the plaintiff/administrator did not express a willingness to serve as a class representative for Iowa plaintiffs. Although the *Smith* complaint was amended to include class action allegations on the eve of this Court's deadline for amendments to the Master Class Action Complaint, the PSC was unaware that he was willing to serve as a class representative for Iowa personal injury plaintiffs. The co-executors and plaintiffs currently administering this claim have since expressed a desire to serve as class representatives. As the PSC only recently learned of the prospect of having the co-executors serve as class representatives there is no undue delay in seeking the instant amendment.

Upon learning that the co-executors were willing to serve as representatives for Iowa Vioxx personal injury claimants, plaintiffs forwarded to Merck a proposed Stipulation to amend the Master Class Action Complaint to include the four co-executors as the Iowa personal injury class representative plaintiffs. Merck has declined plaintiffs' offer to resolve this matter via a stipulation.

*See* Letter dated January 22, 2007 from John Beisner to Fred S. Longer, attached hereto as Exhibit "A". The PSC promptly filed the instant motion upon learning that Merck would not so stipulate.

### B. The PSC Has Not Acted in Bad-Faith in Seeking This Amendment

The PSC is not seeking the amendment to delay these proceedings,[4] to harass Merck, nor did it intentionally refrain from filing this motion in a timely manner. On the contrary, the PSC promptly acted as set forth above upon learning that the co-executors were willing to serve as representatives for Iowa Vioxx personal injury claimants.

### C. Merck Will Not Be Prejudiced by the Amendment

An opposing party who has had notice of the general nature of the claim or matters asserted in the supplemental pleading from the beginning of the action will not be prejudiced by the granting of leave to file a supplemental pleading. *See Altman v. General Elec. Co.*, 32 F.R.D. 245 (E.D. Pa. 1962). The Second Amended Master Class Action Complaint "intentionally left blank" the identity of the plaintiff class representative for 24 states explaining that "[u]ntil such time that a representative plaintiff presents himself/herself to represent the headless class, for the purpose of pleading, the space is being left intentionally blank." Moreover, Merck was served long ago with the Personal Injury and Wrongful Death Complaint of the class plaintiffs that are being added by

---

[4] *Compare, Wimm v. Jack Eckerd Corp.*, 3 F.3d 137 (5th Cir. 1993) (where plaintiffs sought to amend the complaint nine months after action was commenced and after defendant had filed motion for summary judgment, plaintiffs' delay in asserting additional claims, even though they were aware of underlying facts supporting claims at outset of action, supported District Court's finding of bad faith and dilatory motive, and therefore denial of motion to file second amended complaint was proper; *Little v. Liquid Air Corp.*, 952 F.2d 841 (5th Cir. 1992) (where plaintiffs sought to file amendment which would have radically altered the nature of the action well over a year after it was instituted, several months after discovery had effectively terminated, and after the defendant had moved for summary judgment, and further, plaintiffs offered no evidence that the delay was excusable or the result of a mere oversight, District Court's denial of motion was not an abuse of discretion), reh'g en banc granted, (Jan. 28, 1992) and on reh'g en banc, 37 F.3d 1069(5th Cir. 1994).

interlineation. For these reasons, Merck is not prejudiced by the proposed amendment to the Second Amended Master Class Action Complaint.

Nor is Merck affected by this amendment given this Court's Order dated November 22, 2006 denying class certification. *See In re Vioxx Prods. Liab. Litig.*, 2006 WL 3391432 (E.D.La. 2006). In that opinion, the Court specifically reserved any class determination for any individual state class action. *Id*. at Fn. 5. Simply adding an additional representative plaintiff to the roster of potential state classes is not mooted by the Court's order, nor prejudicial to Merck since the Order denying class certification in no may impacts the class action proceeding initiated by Mr. Smith. Briefing on individual state classes has not yet taken place leaving Merck with no potential prejudice.

### IV.    CONCLUSION

For the foregoing reasons, the PSC respectfully requests leave to amend the Second Amended Master Class Action Complaint (Personal Injury and Wrongful Death) to add by interlineation plaintiff class representatives from Iowa.

Respectfully submitted,

**PLAINTIFFS' STEERING COMMITTEE**

Date: January 29, 2007               By:/s/ Leonard A. Davis
**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***Herman, Herman, Katz & Cotlar, L.L.P.***
Place St. Charles
201 St. Charles Avenue, Suite 4310
New Orleans, Louisiana 70170
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

**PLAINTIFFS' LIAISON COUNSEL**

Andy D. Birchfield, Jr., Esquire
Leigh O'Dell, Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)
**Co-Lead Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA  71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
 MEUNIER & WARSHAUER, L.L.C.
Energy Centre
1100 Poydras Street, Ste. 2800
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL  32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
 BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008  (telecopier)

Thomas R. Kline, Esquire
Shanin Specter, Esquire
David J. Caputo, Esquire
Lisa S. Dagostino, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street
19th Floor
Philadelphia, PA  19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA  92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Arnold Levin, Esquire
Fred S. Longer, Esquire
Daniel Levin, Esquire
Matthew C. Gaughan, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA  19106
(215) 592-1500 (telephone)
(215) 592-4663  (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W., Suite 400
Washington, DC  20036-4914
(202) 783-6400 (telephone)
(307) 733-0028  (telecopier)

Shelly A. Sanford, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX  77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA  70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 29th day of January, 2007.

/s/ Leonard A. Davis
Leonard A. Davis (Bar No. 14190)
***Herman, Herman, Katz & Cotlar, LLP***
201 St. Charles Ave., Suite 4310
New Orleans, LA  70170
PH:     (504) 581-4892
FAX:   (504) 561-6024
ldavis@hhkc.com