# EXHIBIT "A"



# O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING | 1625 Eye Street, NW | NEWPORT BEACH |
| BRUSSELS | Washington, D.C. 20006-4001 | NEW YORK |
| CENTURY CITY | | SAN FRANCISCO |
| HONG KONG | TELEPHONE (202) 383-5300 | SHANGHAI |
| LONDON | FACSIMILE (202) 383-5414 | SILICON VALLEY |
| LOS ANGELES | www.omm.com | TOKYO |

January 22, 2007

OUR FILE NUMBER
0574760-90

**VIA E-MAIL AND U.S. MAIL**

WRITER'S DIRECT DIAL
(202) 383-5370

Fred S. Longer
Levin, Fishbein, Sedran & Berman
510 Walnut Street
Suite 500
Philadelphia, PA 19106-3697

WRITER'S E-MAIL ADDRESS
jbeisner@omm.com

Dear Fred:

    I am writing to respond to your letter dated January 11, 2007 regarding the proposed Stipulation to amend the Master Class Action Complaint in this litigation to include the four co-executors of the Estate of Marilyn Smith as the Iowa personal injury class representative plaintiffs.

    If the purpose of this request is to address concerns that the co-executors of the Estate of Marilyn Smith may be foreclosed from prosecuting their claims on an individual basis due to their inadvertent omission from the Master Class Action Complaint, we have no problem agreeing to an amendment that would address that concern. However, if the purpose of the amendment is to enable this claimant to serve as a representative of Iowa Vioxx personal injury claimants in seeking certification of an Iowa Vioxx personal injury class, we cannot agree. Given Judge Fallon's November 22, 2006 decision to deny class certification of personal injury claims, *see In re Vioxx Prods. Liab. Litig.*, 2006 WL 3391432 (E.D. La. 2006), we believe that such a request is moot. While the class certification ruling technically applies to the nationwide class action proposal, it is clear that the Court's order would bar single-state certification as well.

    According to the Court, class certification is inappropriate in Vioxx personal injury cases because, *inter alia*, each plaintiff's claims turn on "what Merck knew about the risks of the alleged injury when the patient was prescribed Vioxx, what Merck told physicians and consumers about those risks in the Vioxx label and other media, what the plaintiffs' physicians knew about these risks from other sources, and whether the plaintiffs' physicians would still have prescribed Vioxx had stronger warnings been given." 2006 WL 3391432 at 10. Moreover, because "during the approximately five years that Merck marketed Vioxx, the package insert changed several times," the Court concluded that "there is no uniform body of representations to which all physicians and putative class members were exposed." *Id.* Thus, the Court's ruling

O'MELVENY & MYERS LLP
Fred S. Longer, January 22, 2007 - Page 2

makes clear that a classwide finding on the issue of Merck's negligence is impossible, regardless of whether the proposed class involves plaintiffs across the country or within a single state.

For these reasons, we do not think it would be appropriate to add named plaintiffs to the Master Class Action Complaint for the purpose of serving as class representatives. However, as noted previously, if the only purpose here is to ensure non-foreclosure of a claim to be prosecuted on an individual basis, I am sure that we can work out an arrangement in that regard.

Please let me know if you have any questions or would like to discuss this matter further.

Sincerely,

John Beisner