MINUTE ENTRY
FALLON, J.
JANUARY 25, 2007

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO ALL CASES**

The monthly pretrial conference was held on this date in the Courtroom of Judge Eldon E. Fallon. The Court first met with members of the Plaintiffs' Steering Committee ("PSC") and the Defendants' Steering Committee ("DSC") to discuss agenda items for the pretrial conference. At the pretrial conference, counsel reported to the Court on the topics set forth in Joint Report No. 21 of Plaintiffs' and Defendant's Liaison Counsel. This conference was transcribed by Toni Tusa, Official Court Reporter. Counsel may contact Ms. Tusa at (504) 589-7778 to request a copy of the transcript. A summary of the monthly pretrial conference follows.

I. STATE COURT TRIAL SETTINGS

The following is the updated current listing provided by Merck of state court cases set for trial through August 31, 2007. The trial of two plaintiffs, Hermans and Humeston, commenced

JS10(01:00)

on January 22, 2007 in Atlantic County, New Jersey. The *Schwaller* case is set for trial in Illinois Circuit Court, Madison County, on February 20, 2007. The *Schramm* case is set to be tried in the Philadelphia Court of Common Pleas on May 21, 2007. The *Slatton* case is set for trial in Alabama Circuit Court, Jefferson County, on June 18, 2007.

On January 19, 2007, the judge in the California Superior Court case involving plaintiffs Lawrence Appell and Rudolph Arrigale declared a mistrial due to a hung jury verdict. The parties informed the Court that a trial may be set in the Texas State Vioxx Litigation for sometime in May.

## II.  SELECTION OF CASES FOR EARLY FEDERAL COURT TRIAL

The parties are discussing convenient dates for a hearing on the Motion for New Trial in the *Irvin/Plunkett* case and will thereupon check with the Court to arrange a hearing date.

On August 30, 2006, the Court ordered a new trial on the issue of damages only, in the *Barnett* case. Merck's renewed motion for judgment as a matter of law and its alternative motion for new trial on all issues are currently pending before the Court. Plaintiff and the PSC have filed responsive pleadings. Retrial of the case is set for October 29, 2007.

The Court directed the parties to confer and select a date on which both of these matters can be heard, and report to the Court by Thursday, February 1, 2007.

## III.  CLASS ACTIONS

On November 22, 2006, the Court denied the PSC's Motion to Certify a Nationwide Personal Injury and Wrongful Death Class. The Court has under advisement Defendants' Rule 12 Motions to Dismiss the Master Complaints for Medical Monitoring and Purchase Claims.

IV.	DISCOVERY DIRECTED TO MERCK

Merck advises that it will continue to make productions of documents, as identified by members of the PSC as priorities, on a rolling basis.

Following the May 25, 2006 ruling of the United States Court of Appeals for the Fifth Circuit regarding Merck's assertion of privilege to certain documents in connection with Merck's Privilege Log, on June 5, 2006 DLC delivered to the Court documents for which it has asserted privilege for review by the Court and additional information.  The parties met with the Court on several occasions to discuss further actions to be taken as a result of the ruling from the Fifth Circuit.

V.	DISCOVERY DIRECTED TO THIRD PARTIES

PLC has advised the Court and DLC that the PSC continues to issue third-party notices of depositions for the production of documents.

With respect to the letter from the PSC dated March 16, 2006 requesting intervention by the Court on whether Merck should have the right to review documents produced by Ogilvy and DDB in response to discovery requests by the PSC, the Court has advised it will review the documents and make a determination as to whether the documents are privileged and whether Merck waived its privilege by providing the documents to Ogilvy and DDB.

VI.   DEPOSITION SCHEDULING

The parties continue to notice and cross-notice depositions in the MDL.  If and when any other issues arise regarding the scheduling of depositions, the Court will be advised and motions will be requested on an expedited basis.

The parties continue to discuss the scheduling of depositions.  Several of the individuals sought to be deposed are related to documents that Merck alleges to be privileged and which are the subject of *in camera* review by the Court.  The PSC has requested previously expedited re-review and/or release of certain documents previously found not to be privileged and the same issues that were addressed in the Motion for Protective Order filed on December 8, 2006, relative to Dr. Eliav Barr and Robert Silverman continue to be at issue.

VII.   PLAINTIFF PROFILE FORM AND MERCK PROFILE FORM

On December 15, 2006, the Court entered a Minute Entry providing counsel with guidance concerning application of Pre-Trial Order No. 18C.

On January 17, 2007, Merck filed an additional Rule to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Provide Any Response to the Plaintiff Profile Form as Required by Pre-Trial Order No. 18C.  The Court will set a briefing schedule for this Rule in a separate order.

On January 22, 2007, Merck advised the PSC that it is seeking its concurrence with respect to two requests for orders from the Court.  The first would set a deadline for submission of PPFs by Louisiana residents affected by Hurricane Katrina to avoid the possible loss or disappearance of evidence relevant to the claims.  The second would relieve administrative burdens that both parties are facing with respect to authorization for records that some providers

deem expired, even though the authorizations do not expire by their terms. PLC has advised DLC that the PSC will consider the request and communicate further with Defendants. The Court directed the parties to confer and submit proposed orders on both issues by March 1, 2007.

VIII.   STATE/FEDERAL COORDINATION —STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications. The State Liaison Committee informed the Court that it receives daily inquiries regarding motions to remand and asked the Court to focus on these issues.

The Court also asked the State Liaison Committee to assist in working out the issues relating to Pre-Trial Order No. 9, discussed in Section XIII of this Minute Entry, and to report to the Court within ten (10) days on this issue.

IX.   *PRO SE* CLAIMANTS

From time to time, as the Court issues additional Orders directing PLC to take appropriate action regarding filings made by various *pro se* individuals, PLC will continue to communicate with the various *pro se* claimants and advise them of attorneys in their respective states and other pertinent information regarding the MDL. DLC will continue to discuss with PLC Merck's obligation to respond to complaints filed by *pro se* individuals in those instances where the complaints have not been served.

X.   IMS DATA

Counsel for IMS and the parties continue to discuss further production of IMS Data.

XI.    MERCK'S MOTION FOR SUMMARY JUDGMENT

On July 5, 2006, Merck filed a Motion for Summary Judgment in the *Lene Arnold* and *Alicia Gomez* cases asserting that plaintiffs' claims are preempted by federal law.  Plaintiff's opposition brief was filed on September 15, 2006.  Merck's reply was filed on October 6, 2006.  The plaintiffs have filed several notices of supplemental authority, to which Merck is preparing responses.  The motion was argued on November 17, 2006 and is under advisement.  The parties informed the Court that additional briefing may be necessary on this issue.

XII.   TOLLING AGREEMENTS

On October 27, 2006, PLC communicated with DLC regarding Claimant Profile Forms submitted with Tolling Agreements and requested that a stipulation be worked out regarding Tolling Agreement claimants that have completed Claimant Profile Forms in filed cases so that refiling a Plaintiff Profile Form can be accomplished by a mere addendum.  DLC is considering the request and will be responding to PLC.

XIII.  ISSUES RELATING TO PRE-TRIAL ORDER NO. 9

On September 28, 2006, the Court issued Pre-Trial Order No. 9 (Amended), which addresses issues relating to the cross-noticing of depositions and the obligation of plaintiff's counsel to contribute to the common benefit fund established to compensate the PSC pursuant to Pre-Trial Order No. 19.

On October 24, 2006, plaintiff's counsel in the Texas State Vioxx Litigation issued Cross-Notice of Depositions for the MDL depositions of Dr. Richard Kronmal, Dr. John Gueriguian, and Dr. John Farquhar.  On October 25, 2006, PLC notified David P. Matthews, counsel identified for plaintiffs in the Texas State Vioxx Litigation Cross-Notices that the PSC

objected to the Texas Cross-Notices as a result of the failure to comply with Pre-Trial Order No. 9 (Amended) and the lack of coordination with the PSC pursuant to Pre-Trial Order No. 19. On October 30, 2006, the PSC filed a Motion to Quash the Cross-Notices issued in the Texas State Vioxx Litigation. The PSC has been in communication with Texas counsel to discuss the motion.

As noted above, the Court asked the State Liaison Committee to assist in working out the issues relating to Pre-Trial Order No. 9 and to report to the Court within ten (10) days on this issue.

## XIV. VIOXX SUIT STATISTICS

Merck advises that as of November 30, 2006, Merck had been served or was aware that it had been named as a defendant in approximately 27,200 lawsuits filed on or before September 30, 2006, which include approximately 45,900 plaintiff groups alleging personal injuries resulting from the use of Vioxx, and in approximately 265 putative class actions alleging personal injuries and/or economic loss. Of these lawsuits, approximately 8,250 lawsuits representing approximately 23,600 plaintiff groups are or are slated to be in the federal MDL and approximately 18,950 lawsuits representing approximately 22,300 plaintiff groups have been filed in state courts. Merck advises that it defines a "plaintiff group" as one user of the product and any derivative claims emanating from that user (such as an executor, spouse, or other party). Further, Merck advises that there are more Plaintiffs identified than lawsuits because many lawsuits include multiple Plaintiffs in the caption. In addition, as of November 30, 2006, approximately 14,100 claimants had entered into tolling agreements with the Company on or before September 30, 2006.

XV.     MERCK INSURANCE

By letter dated September 20, 2006, PLC requested an update from Merck on insurance coverage and a report on any arbitration/dispute resolution matters that may be relevant to Vioxx litigation.  Merck responded by providing a Second Supplemental Response to the PSC's First Set of Interrogatories and an Amended and Supplemental Response and Objections to the PSC's First Request for Production of Documents.  The PSC has advised that it does not deem the supplemental responses sufficient.  The PSC also issued a Notice of FRE 30(B)(6) Corporate Deposition to Merck & Co., Inc. regarding various insurance related issues.  Additional FRE 30(B)(6) Corporate Deposition Notices were issued to Merck's insurers.  On December 22, 2006, the parties met and conferred to discuss further the various discovery requests issued by the PSC to Merck relating to Merck's insurances issues.  The parties discussed this matter further with the Court on January 10, 2007, and on January 16, 2007 a Joint Motion by Merck and its insurers (an Omnibus motion by Merck and its insurers) was filed seeking to quash and/or for protective order preventing the PSC insurance related discovery from going forward.  The PSC's response was filed on January 22, 2007.  The matter was originally set for hearing following today's monthly status conference, however, Merck has requested an opportunity to file a reply.  Accordingly, IT IS ORDERED that Merck's shall have until Thursday, February 1, 2007 to file a reply.  IT IS FURTHER ORDERED that the PSC shall have until Thursday, February 8, 2007 to file a surreply, should it be deemed necessary.  IT IS FURTHER ORDERED that the Court will hear oral argument on this matter on March 1, 2007 following the next monthly status conference.

XVI.    FURTHER PROCEEDINGS

Representatives of the PSC and Defendants have met and conferred regarding further proceedings in this MDL. The Court is also considering further proceedings in 2007 and will try to coordinate with the state court litigation to avoid logistical problems.

## XVII. MERCK'S STATUTE OF LIMITATIONS MOTION

On September 22, 2006, Merck filed a motion for summary judgment in the *Edmonds*, *Stinson*, and *Watson* cases asserting that plaintiffs' claims were time barred. The Motion was amended on October 10, 2006. The PSC has filed its response, and Merck has filed its reply memorandum. Accordingly, IT IS ORDERED that the Court will hear oral argument on this matter on February 28, 2007, at 3:00 p.m.

## XVIII. *HARRISON V. MERCK*

*Pro se* Claimant in the *Harrison v. Merck* case (No. 06-932) continues to communicate with PLC regarding discovery needs, class issues and statute of limitation issues in the alleged bone/spine repair case(s). Mr. Harrison participated in today's conference via telephone. At the conference, the PSC informed the Court that they will give Mr. Harrison access to their document depository. The Court directed Mr. Harrison to call PLC on Monday, January 29, 2007 to work out the details of this arrangement. Should any issues arise, the parties are directed to contact the Court.

Mr. Harrison also informed the Court that while the materials he submitted at the last monthly status conference were entered as an attachment to last month's minute entry on the Court's electronic docket, they were not posted on the Court's public website. Accordingly, the Court has updated its website so that the attachment to last month's minute entry is now available. The Court's website is located at http://vioxx.laed.uscourts.gov.

XIX.	DISCOVERY RELATING TO THE MARTIN REPORT

On October 13, 2006, Merck filed a Motion for Protective Order prohibiting discovery of attorney work product and privileged communications relating to the Martin Report. On November 1, 2006, the PSC filed its opposition.

On November 13, 2006, the PSC field a Motion to Compel Responses to the PSC's Third Set of Interrogatories and Third Set of Requests for Production of Documents Directed to Merck. On December 1, 2006, Merck filed its opposition.

On November 22, 2006, the PSC filed a Motion to Compel Compliance With Third Party Subpoenas seeking to compel John S. Martin, Jr., Esq., of counsel; Debevoise and Plimpton, LLP; Martin Frederic Evans, presiding partner or custodian of records, Debevoise; Records Custodian, Burson-Marsteller, LLP; and Marcia Silverman, CEO, Ogilvy Public Relations Worldwide, Inc. to comply with notices of depositions and subpoenas for documents and testimony. On December 11, 2006, Merck filed its opposition.

All of these motions were set for hearing following today's monthly status conference. However, the parties requested that the hearing be continued. Accordingly, IT IS ORDERED that October 12, 2006, Merck provided a Second Supplemental Response to the PSC's First Set of Interrogatories and an Amended and Supplemental Response and Objections to the PSC's First Request for Production of Documents. The PSC has advised Merck that it has reviewed the responses and that it believes the responses relating to insurance matters, arbitration, and the Martin Report are inadequate.

At the conference, the parties discussed convenient hearing dates for the various motions dealing with the Martin Report. Accordingly, IT IS ORDERED that the Court will hear oral argument on this matter on February 28, 2007, at 3:00 p.m.

XX.     NEXT STATUS CONFERENCE

The next monthly pretrial conference will be held on March 1, 2007 at 9:00 a.m. Counsel unable to attend in person may participate by telephone at 1-866-213-7163. The access code will be 7575599 and the Chairperson will be Judge Fallon.

