UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, SALES | * | MDL No. 1657 |
| PRACTICES AND PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |
| | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO:** *Lillian Andrews, et al. v. Merck & Co., Inc., and John Does 1-25*, **Case No. 06-6443.**

### ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel,

answers the Plaintiffs' Complaint for Damages ("Complaint") as follows:

### RESPONSE TO COMPLAINT

#### RESPONSE TO
#### "THE PARTIES"

1.      Denies each and every allegation contained in paragraph 1 of the

Complaint, as it is without knowledge or information sufficient to form a belief as to the truth

therein.

2.      Denies each and every allegation contained in paragraph 2 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

3.      Denies each and every allegation contained in paragraph 3 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

4.      Denies each and every allegation contained in paragraph 4 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

5.      Denies each and every allegation contained in paragraph 5 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

6.      Denies each and every allegation contained in paragraph 6 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

7.      Denies each and every allegation contained in paragraph 7 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

8.      Denies each and every allegation contained in paragraph 8 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

2

9. Denies each and every allegation contained in paragraph 9 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

10. Denies each and every allegation contained in paragraph 10 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

11. Denies each and every allegation contained in paragraph 11 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

12. Denies each and every allegation contained in paragraph 12 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

13. Denies each and every allegation contained in paragraph 13 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

14. Denies each and every allegation contained in paragraph 14 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

15. Denies each and every allegation contained in paragraph 15 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

16.     Denies each and every allegation contained in paragraph 16 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

17.     Denies each and every allegation contained in paragraph 17 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

18.     Denies each and every allegation contained in paragraph 18 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

19.     Denies each and every allegation contained in paragraph 19 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

20.     Denies each and every allegation contained in paragraph 20 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

22.     Denies each and every allegation contained in paragraph 22 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

4

23.     Denies each and every allegation contained in paragraph 23 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

29.     Denies each and every allegation contained in paragraph 29 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

30. Denies each and every allegation contained in paragraph 30 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

31. Denies each and every allegation contained in paragraph 31 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

32. Denies each and every allegation contained in paragraph 32 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

33. Denies each and every allegation contained in paragraph 33 of the Complaint, except admits that Plaintiffs purport to define the term "Plaintiffs" for purposes of this Complaint.

34. Denies each and every allegation contained in paragraph 34 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health. Merck further admits that it manufactured, marketed, and distributed the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that it is authorized to do business in California.

35. The allegations contained in paragraph 35 of the Complaint are not directed towards Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 35 of the

6

Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

## RESPONSE TO
## "JURISDICTION AND VENUE"

36.     The allegations contained in paragraph 36 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 36 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

37.     The allegations contained in paragraph 37 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 37 of the Complaint, except admits that Plaintiffs purport to state a claim in excess of $75,000 but denies that there is any legal or factual basis for such relief.

38.     The allegations contained in paragraph 38 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 38 of the Complaint, except admits that Merck is authorized to do business in California.

39.     The allegations contained in paragraph 39 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 39 of the Complaint, except admits that there is a multidistrict litigation ("MDL") related to the prescription medicine

Vioxx, and that Judge Eldon Fallon issued a Minute Entry on September 7, 2005, and respectfully refers the Court to that Minute Entry for its actual content and full effect.

## RESPONSE TO
## "FACTUAL ALLEGATIONS"

40. Denies each and every allegation contained in paragraph 40 of the Complaint, except admits that in 1992 Merck became aware of research and development work relative to selective COX-2 inhibitors.

41. Denies each and every allegation contained in paragraph 41 of the Complaint, except admits that in 1992 Merck became aware of research and development work relative to selective COX-2 inhibitors.

42. Denies each and every allegation contained in paragraph 42 of the Complaint.

43. Denies each and every allegation contained in paragraph 43 of the Complaint, except admits that Merck sought, and, in 1999, received U.S. Food & Drug Administration ("FDA") approval to manufacture and market the prescription medicine Vioxx for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to said prescribing information for its actual language and full text. Merck further admits that Vioxx is the brand name for rofecoxib.

44. Denies each and every allegation contained in paragraph 44 of the Complaint.

45. Denies each and every allegation contained in paragraph 45 of the Complaint.

46.     Denies each and every allegation contained in paragraph 46 of the Complaint, except admits that on September 30, 2004, Merck announced the voluntary withdrawal of Vioxx from the worldwide market and respectfully refers the Court to the referenced announcement for its actual language and full text.  Merck further avers that it announced on September 30, 2004 that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo and given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary worldwide withdrawal of Vioxx best served the interests of patients.

47.     Denies each and every allegation contained in paragraph 47 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Vioxx, which is the brand name for rofecoxib, was approved by the FDA for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to said prescribing information for its actual language and full text.

48.     Denies each and every allegation contained in paragraph 48 of the Complaint, except admits that Merck sought, and, in 1999, received FDA approval to manufacture and market the prescription medicine Vioxx for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to said prescribing information for its actual language and full text. Merck further admits that it manufactured, marketed, and distributed the prescription medicine Vioxx, which is the brand name for rofecoxib, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

49.     Denies each and every allegation contained in paragraph 49 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein

50.     Denies each and every allegation contained in paragraph 50 of the Complaint, except admits that Merck sought, and, in 1999, received FDA approval to manufacture and market the prescription medicine Vioxx, and that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

51.     Denies each and every allegation contained in paragraph 51 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to said prescribing information for its actual language and full text.

52.     Denies each and every allegation contained in paragraph 52 of the Complaint.

53.     Denies each and every allegation contained in paragraph 53 of the Complaint, except admits that Vioxx, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to said prescribing information for its actual language and full text.

54.     Denies each and every allegation contained in paragraph 54 of the Complaint, except admits that the studies referenced in the first sentence of paragraph 54 of the Complaint and the article referenced in the second sentence of paragraph 54 of the Complaint

10

exist, and respectfully refers the Court to said publications for their actual language and full text. Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

55.    Denies each and every allegation contained in paragraph 55 of the Complaint, except admits that 2000 worldwide Vioxx sales figures exceeded $2 billion.

56.    Denies each and every allegation contained in paragraph 56 of the Complaint, except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

57.    Denies each and every allegation contained in paragraph 57 of the Complaint, except admits the existence of the referenced publication and the article contained therein and respectfully refers the Court to the referenced document for its actual language and full text.

58.    Denies each and every allegation contained in paragraph 58 of the Complaint, except admits that the referenced studies and publications exist and respectfully refers the Court to said studies and publications for their actual language and full text.

59.    Denies each and every allegation contained in paragraph 59 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

60.    Denies each and every allegation contained in paragraph 60 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

11

61.     Denies each and every allegation contained in paragraph 61 of the Complaint, except admits that on September 30, 2004, both Merck and the FDA issued statements regarding Vioxx and respectfully refers the Court to those statements for their actual language and full text.

62.     Denies each and every allegation contained in paragraph 62 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

63.     Denies each and every allegation contained in paragraph 63 of the Complaint.

64.     Denies each and every allegation contained in paragraph 64 of the Complaint.

65.     The allegations contained in paragraph 65 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 65 of the Complaint.

66.     Denies each and every allegation contained in paragraph 66 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

67.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 67 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 67 of the Complaint.

### RESPONSE TO "COUNT I:  STRICT LIABILITY PURSUANT TO 402(A) OF THE RESTATEMENT (SECOND) OF TORTS"

68.     With respect to the allegations contained in paragraph 68 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement

contained in paragraphs 1 through 67 of this Answer with the same force and effect as though set forth here in full.

69.     Denies each and every allegation contained in paragraph 69 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

70.     Denies each and every allegation contained in paragraph 70 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

71.     Denies each and every allegation contained in paragraph 71 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

72.     Denies each and every allegation contained in paragraph 72 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

73.     Denies each and every allegation contained in paragraph 73 of the Complaint.

74.     Denies each and every allegation contained in paragraph 74 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Plaintiffs purport to seek compensatory and punitive damages but denies that there is any legal or factual basis for such relief.

13

## RESPONSE TO
## "COUNT II: NEGLIGENCE"

75.     With respect to the allegations contained in paragraph 75 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 74 of this Answer with the same force and effect as though set forth here in full.

76.     The allegations contained in paragraph 76 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

77.     Denies each and every allegation contained in paragraph 77 of the Complaint, including its subparts a through j, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further avers that Vioxx was approved by the FDA for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to said prescribing information for its actual language and full text.

78.     Denies each and every allegation contained in paragraph 78 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Plaintiffs purport to seek compensatory and punitive damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "COUNT III: GROSS NEGLIGENCE"

79.     With respect to the allegations contained in paragraph 79 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 78 of this Answer with the same force and effect as though set forth here in full.

80.     Denies each and every allegation contained in paragraph 80 of the Complaint, except admits that Plaintiffs purport to seek exemplary damages but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "COUNT IV: NEGLIGENT MISREPRESENTATION"

81.     With respect to the allegations contained in paragraph 81 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 80 of this Answer with the same force and effect as though set forth here in full.

82.     The allegations contained in paragraph 82 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 82 of the Complaint, except admits Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

83.     Denies each and every allegation contained in paragraph 83 of the Complaint, including its subparts a through f.

15

84.     Denies each and every allegation contained in paragraph 84 of the Complaint.

85.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in the first and second sentences of paragraph 85 of the Complaint, and denies each and every allegation directed toward Merck in the first and second sentences of paragraph 85 of the Complaint. The allegations contained in the third sentence of paragraph 85 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the third sentence of paragraph 85 of the Complaint.

### RESPONSE TO
### "COUNT V: BREACH OF IMPLIED WARRANTY"

86.     With respect to the allegations contained in paragraph 86 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 85 of this Answer with the same force and effect as though set forth here in full.

87.     Denies each and every allegation contained in paragraph 87 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

88.     The allegations contained in paragraph 88 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 88 of the Complaint, except admits Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in

16

the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

89.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 89 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 89 of the Complaint.

90.     Denies each and every allegation contained in paragraph 90 of the Complaint.

91.     Denies each and every allegation contained in paragraph 91 of the Complaint, except admits that Plaintiffs purport to seek compensatory and punitive damages but denies that there is any legal or factual basis for such relief.

92.     Denies each and every allegation contained in paragraph 92 of the Complaint.

## RESPONSE TO
## "COUNT VI: WRONGFUL DEATH"

93.     With respect to the allegations contained in paragraph 93 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 92 of this Answer with the same force and effect as though set forth here in full.

94.     The allegations contained in paragraph 94 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 94 of the Complaint, except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

17

## RESPONSE TO
## "COUNT VII: LOSS OF CONSORTIUM"

95.     With respect to the allegations contained in paragraph 95 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 94 of this Answer with the same force and effect as though set forth here in full.

96.     Denies each and every allegation contained in paragraph 96 of the Complaint, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "DAMAGES"

97.     With respect to the allegations contained in paragraph 97 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 96 of this Answer with the same force and effect as though set forth here in full.

98.     Denies each and every allegation contained in paragraph 98 of the Complaint, except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

99.     Denies each and every allegation contained in paragraph 99 of the Complaint, including its subparts a through d, except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

100.    Denies each and every allegation contained in paragraph 100 of the Complaint, except admits that Plaintiffs purport to seek damages and other relief but denies that there is any legal or factual basis for such relief.

18

## RESPONSE TO
## "PRAYER"

101.    The allegations contained in paragraph 101 of the Complaint constitute a prayer for relief as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 101 of the Complaint, including its subparts a through e, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "JURY DEMAND JURY DEMAND"

102.    The allegations contained in the unnumbered paragraph under the heading "Jury Demand Jury Demand" of the Complaint are legal conclusions as to which no responsive pleading is required.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

103.    The claims of Plaintiffs may be time-barred, in whole or in part, under prescription, peremption, statutes of repose, applicable federal or state statute of limitations, or are otherwise untimely.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

104.    The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

105.    The claims of the Plaintiffs may be barred, in whole or in part, from recovery because they have made statements or taken actions that preclude them from asserting claims or constitute a waiver of their claims.

**AS FOR A FOURTH**
**DEFENSE, MERCK ALLEGES:**

106.    The claims of the Plaintiffs may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

**AS FOR A FIFTH**
**DEFENSE, MERCK ALLEGES:**

107.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

**AS FOR A SIXTH**
**DEFENSE, MERCK ALLEGES:**

108.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused, in whole or in part, through the operation of nature or other intervening cause or causes.

**AS FOR A SEVENTH**
**DEFENSE, MERCK ALLEGES:**

109.    To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

**AS FOR AN EIGHTH**
**DEFENSE, MERCK ALLEGES:**

110.    To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

111.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

112.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A ELEVENTH
## DEFENSE, MERCK ALLEGES:

113.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' misuse or abuse of Vioxx.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

114.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

115. To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

116. To the extent Plaintiffs seek recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under applicable state law.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

117. To the extent that Plaintiffs assert claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiffs to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

118. Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

119. The claims of Plaintiffs are barred in whole or in part by the First Amendment of the Constitution of the United States of America and comparable state law provisions.

### AS FOR AN EIGHTEENTH
### DEFENSE, MERCK ALLEGES:

120.    Plaintiffs' claims are barred in whole or in part because the product at issue conformed to the state-of-the-art for the design and manufacture of such, or similar, products at the time it was manufactured.

### AS FOR A NINETEENTH
### DEFENSE, MERCK ALLEGES:

121.    There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

### AS FOR A TWENTIETH
### DEFENSE, MERCK ALLEGES:

122.    This case is more appropriately brought in a different venue.

### AS FOR A TWENTY-FIRST
### DEFENSE, MERCK ALLEGES:

123.    Venue in this case is improper.

### AS FOR A TWENTY-SECOND
### DEFENSE, MERCK ALLEGES:

124.    The claims of Plaintiffs may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

### AS FOR A TWENTY-THIRD
### DEFENSE, MERCK ALLEGES:

125.    The claims of Plaintiffs may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

126.   The claims of Plaintiffs may be barred, in whole or in part, from recovery by release as to their claims.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

127.   The claims of Plaintiffs may be barred, in whole and in part, by the doctrine of laches.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

128.   The claims of Plaintiffs are barred, in whole or in part, by Plaintiffs' failure to mitigate damages.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

129.   To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

130.   The claims of Plaintiffs may be barred, in whole or in part, from recovery, due to spoliation of evidence.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

131.   The claims of Plaintiffs may be barred, in whole or in part, by the governing state laws.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

132.    Any conduct allegedly causing liability on the part of Merck is not a

substantial cause or factor of any potential or actual injury or damage, if any.

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

133.    Plaintiffs have not sustained any injury or damages compensable at law.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

134.    Merck reserves its right to dismiss the Complaint and seek further relief

for Plaintiffs' failure to provide it with due process of law.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

135.    Plaintiffs' claims are barred in whole or in part under comment k to

Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

136.    Plaintiffs' claims are barred in whole or in part because Merck provided

adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical

preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of

the Restatement (Second) of Torts.

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

137.    Plaintiffs' claims are barred under Section 4, *et seq.*, of the Restatement

(Third) of Torts: Products Liability.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

138.    Plaintiffs' claims are barred in whole or in part because Vioxx "provides

net benefits for a class of patients" within the meaning of comment f to Section 6 of the

Restatement (Third) of Torts: Product Liability.

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

139.    To the extent that Plaintiffs rely upon any theory of breach of warranty,

such claims are also barred for lack of timely notice of breach and/or lack of privity and/or

because the alleged warranties were disclaimed.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

140.    The Plaintiffs were careless and negligent in the matters alleged, thereby

causing and contributing to any alleged injuries, damages, or losses to Plaintiffs.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

141.    To the extent that Plaintiffs assert claims against Merck based on theories

of liability not provided for in the state products liability provisions applicable to this action,

those claims are barred.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

142.    To the extent that Plaintiffs assert claims against Merck based on theories

of liability or elements of damages provided in the state products liability law applicable to their

claims, Plaintiffs have failed to allege facts that would overcome the defenses available under

that state products liability law.

## AS FOR A FORTY-FIRST
## DEFENSE, MERCK ALLEGES:

143.    To the extent that Plaintiffs allege a conspiracy claim, that claim is barred because Merck did not enter into any agreement with any other defendant or third party to further any alleged unlawful act by allegedly unlawful means.

## AS FOR A FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

144.    To the extent that Plaintiffs allege a negligence per se claim, that claim is barred on the grounds that such claims are not cognizable against Merck in this action.

## AS FOR A FORTY-THIRD
## DEFENSE, MERCK ALLEGES:

145.    To the extent that Plaintiffs seek injunctive relief, that claim is barred by the doctrine of primary jurisdiction.

## AS FOR A FORTY-FOURTH
## DEFENSE, MERCK ALLEGES:

146.    To the extent Plaintiffs seek to recover only economic loss in tort, their claims are barred by the economic loss doctrine.

## AS FOR A FORTY-FIFTH
## DEFENSE, MERCK ALLEGES:

147.    Plaintiffs' claims are barred, in whole or in part, because one or more Plaintiffs lack capacity and/or standing to bring such claims.

## AS FOR A FORTY-SIXTH
## DEFENSE, MERCK ALLEGES:

148.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A FORTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

149.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A FORTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

150.    To the extent that Plaintiffs seek punitive damages, that demand is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FORTY-NINTH
## DEFENSE, MERCK ALLEGES:

151.    Merck demands a trial by jury of all issues.

## AS FOR A FIFTIETH
## DEFENSE, MERCK ALLEGES:

152.    Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

## AS FOR A FIFTY-FIRST
## DEFENSE, MERCK ALLEGES:

153.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A FIFTY-SECOND
## DEFENSE, MERCK ALLEGES:

154.    Merck incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action.  Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding or trial in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

## AS FOR A FIFTY-THIRD
## DEFENSE, MERCK ALLEGES:

155.    Defendants "John Does 1-25" are improperly joined.

## AS FOR A FIFTY-FOURTH
## DEFENSE, MERCK ALLEGES:

156.    Plaintiffs' claims are not suitable for joinder.

## AS FOR A FIFTY-FIFTH
## DEFENSE, MERCK ALLEGES:

157.    The provisions of California Civil Code § 1431.2 are applicable to the Complaint and each cause of action therein.

## AS FOR A FIFTY-SIXTH
## DEFENSE, MERCK ALLEGES:

158.    Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), California Business and Professions Code § 17208, and California Civil Code § 1783.

## AS FOR A FIFTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

159.    The subject pharmaceutical product manufactured or distributed by Merck has at all relevant times been available only upon the prescription of a licensed physician, and Plaintiffs' prescribing physicians stood in the position of the learned intermediaries between Merck and Plaintiffs. To the extent that Plaintiffs assert claims based on an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of the subject pharmaceutical product manufactured or distributed by Merck, such claims are barred because Merck has discharged its duty to warn in its warnings to the prescribing physicians, under the learned intermediary doctrine.

## AS FOR A FIFTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

160.    If Plaintiffs have sustained injury or loss as alleged in the Complaint, such injury or loss may have been caused by parties other than Merck, or third persons not parties to this action, who may have been negligent, legally responsible, or otherwise at fault. In the event of a finding of liability in favor of Plaintiffs, a settlement, or a judgment against Merck, Merck requests an apportionment of fault among all parties and third persons as permitted by *Li v. Yellow Cab Company*, 532 P.2d 1226 (Cal. 1975), and *America Motorcycle Association v. Superior Court*, 578 P.2d 899 (Cal. 1978). Merck also requests a judgment and declaration of partial indemnification and contribution against all other parties or third persons in accordance with the apportionment of fault.

## AS FOR A FIFTY-NINTH
## DEFENSE, MERCK ALLEGES:

161.    The Plaintiffs' claims are barred in whole or in part by the First Amendment of the United States Constitution and similar provisions in the Constitution of the

30

State of California which protect, among other things, the Defendant's right to promote and advertise the subject pharmaceutical product.

### AS FOR A SIXTIETH
### DEFENSE, MERCK ALLEGES:

162.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was oppressive, fraudulent, or malicious, under California Civil Code § 3294, and therefore, any award of punitive damages is barred. Any claim for punitive damages is also barred under California Civil Code § 3294(b).

### AS FOR A SIXTY-FIRST
### DEFENSE, MERCK ALLEGES:

163.    Plaintiffs' claims under Business and Professions Code §§ 17200, et seq. and 17500, et seq. are barred in whole or in part because Merck's conduct and all activities with respect to the subject pharmaceutical product manufactured or distributed by Merck were lawful, fair, truthful, not misleading or deceptive, and were justified based on the state of medical and scientific knowledge available during the relevant time period.

### AS FOR A SIXTY-SECOND
### DEFENSE, MERCK ALLEGES:

164.    Plaintiffs' claims under Business and Professions Code §§ 17200, et seq. and 17500, et seq. are barred in whole or in part because all of Merck's activities as alleged in the Complaint were in compliance with the applicable laws, regulations, and rules, and thus cannot be deemed unlawful, unfair, fraudulent, deceptive, untrue, or misleading.

### AS FOR A SIXTY-THIRD
### DEFENSE, MERCK ALLEGES:

165.    Plaintiffs' claims under Business and Professions Code §§ 17200, et seq. and 17500, et seq. are barred in whole or in part because Plaintiffs do not qualify as a private

attorney general, and for that reason and others, one or more Plaintiffs lack standing to prosecute a claim for injunctive or monetary relief.

### AS FOR A SIXTY-FOURTH
### DEFENSE, MERCK ALLEGES:

166.    Plaintiffs' claims under Business and Professions Code §§ 17200, et seq. and 17500, et seq. are barred in whole or in part because there is no basis for injunctive relief in this action.

### AS FOR A SIXTY-FIFTH
### DEFENSE, MERCK ALLEGES:

167.    Plaintiffs' claims under Business and Professions Code §§ 17200, et seq. and 17500 et seq. are barred in whole or in part by the doctrine of primary jurisdiction in that the subject pharmaceutical product manufactured or distributed by Merck and any advertisement regarding such product are regulated by the FDA and as such, Merck requests that this Court, sitting in equity, abstain from hearing claims under Sections 17200 et seq. and 17500 et seq.

### AS FOR A SIXTY-SIXTH
### DEFENSE, MERCK ALLEGES:

168.    Plaintiffs are not entitled to relief under Business and Professions Code §§ 17200, et seq. and 17500 et seq. because Plaintiffs have an adequate remedy at law.

### AS FOR A SIXTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

169.    Plaintiffs' claims under Business and Professions Code §§ 17200, et seq. and 17500 et seq. are barred in whole or in part under principles of substantive and procedural due process.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.    That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' Complaint with prejudice against Merck with costs assessed to Plaintiffs;

2.    Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.    Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated:  February  5 , 2007

Respectfully submitted,

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Melissa V. Beaugh, 28250
          Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
          Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

33

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL No. 1657, on this 5 day of February, 2007.

_Melissa V. Bagh_