# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX® | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L/3 |
| This document relates to *Henry C. Givens* | * | JUDGE FALLON |
| *v. Merck & Co.*, *Inc.*, *et al.*, | * | |
| (E.D. La. Index No. 06-11060) | * | MAG. JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * * * * * * * * *

## ANSWER AND JURY DEMAND OF DEFENDANT LYNN RICHARDS

Defendant, Lynn Richards ("Ms. Richards"), through undersigned counsel, answers the

Complaint herein as follows:

## RESPONSE TO "GENERAL ALLEGATIONS"

1.      Denies each and every allegation contained in paragraph 1 of the Complaint

except admits that Plaintiff purports to seek damages in excess of $15,000, but denies that there

is any legal or factual basis for such relief.

2.      Lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations contained in paragraph 2 of the Complaint.

3.      Denies each and every allegation contained in paragraph 3 of the Complaint.

4.      Denies each and every allegation contained in paragraph 4 of the Complaint

directed toward Ms. Richards.  Ms. Richards is not required to respond to allegations directed

toward the other Defendants.  If a response is required, Ms. Richards denies each and every

allegation in paragraph 4 of the Complaint.

5.      The allegations contained in paragraph 5 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 5 of the Complaint except admits that Defendant Merck & Co., Inc. ("Merck") manufactured the prescription medicine Vioxx® ("Vioxx").

6.      The allegations contained in paragraph 6 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 6 of the Complaint except admits that Merck is a New Jersey corporation with its principal place of business in New Jersey.

7.      The allegations contained in paragraph 7 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards denies each and every allegation in paragraph 7 of the Complaint except admits that Merck is authorized to do business in the State of Florida.

8.      The allegations contained in paragraph 8 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards denies each and every allegation in paragraph 8 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Ms. Richards further admits that Merck is authorized to do business in the State of Florida.

9.      Denies each and every allegation contained in paragraph 9 of the Complaint directed toward Ms. Richards except admits that she was formerly employed by Merck.  Ms. Richards is not required to respond to the allegations directed toward the other Defendants

named in paragraph 9 of the Complaint.  If a response is required, Ms. Richards lacks knowledge or information sufficient to form a belief as to the employment or residency status of the other named Defendants.

10.     Denies each and every allegation contained in the first sentence of paragraph 10 of the Complaint except admits that the prescription medicine Vioxx reduces pain and inflammation and admits that Vioxx is part of a class of drugs known as non-steroidal and anti-infammatory drugs ("NSAIDs").  The allegations contained in the second sentence of paragraph 10 of the Complaint are not directed toward Ms. Richards and therefore no response is required. If a response is required, Ms. Richards admits that the class of medicines known as non-steroidal anti-inflammatory medicines ("NSAIDs") includes aspirin, ibuprofen and naproxen.

11.     The allegations contained in paragraph 11 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards admits Vioxx reduces pain and inflammation and that the mechanism of action is believed to be due to the inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

12.     The allegations contained in paragraph 12 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint.

13.     The allegations contained in paragraph 13 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms.

3

Richards lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint.

14.     The allegations contained in paragraph 14 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint.

15.     The allegations contained in paragraph 15 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 15 of the Complaint.

16.     The allegations contained in paragraph 16 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint.

17.     The allegations contained in paragraph 17 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Complaint.

18.     The allegations contained in paragraph 18 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint.

854747v.1

19.     The allegations contained in paragraph 19 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the Complaint.

20.     The allegations contained in paragraph 20 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint except admits that Plaintiff purports to refer to an application and to the extent the referenced application is in writing, the actual contents of the application constitute the best evidence of its terms and Ms. Richards denies all allegations inconsistent with those contents.

21.     The allegations contained in paragraph 21 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint.

22.     The allegations contained in paragraph 22 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22 of the Complaint except admits that Plaintiff purports to refer to studies involving Vioxx and respectfully refers the Court to such studies for their actual conclusions and full context.

854747v.1

23.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Complaint except admits that Plaintiff purports to quote portions of the referenced statement and respectfully refers the Court to the referenced statement for its actual language and full text.

24.     The allegations contained in paragraph 24 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Complaint except admits that Plaintiff purports to refer to quote a portion of a document and respectfully refers the Court to the referenced document for its actual language and full text.

25.     The allegations contained in paragraph 25 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Complaint except admits that Plaintiff purports to quote from a document and respectfully refers the Court to the referenced document for its actual language and full text.

26.     The allegations contained in paragraph 26 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26.

27.     The allegations contained in paragraph 27 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms.

Richards lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27.

28.     The allegations contained in paragraph 28 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Complaint except admits that Plaintiff purports to quote from a document and respectfully refers the Court to the referenced document for its actual language and full text.

29.     The allegations contained in paragraph 29 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Complaint except admits that Plaintiff purports to refer to a particular application and respectfully refers the Court to the referenced application for its actual language and full text.

30.     The allegations contained in paragraph 30 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Complaint except admits that Plaintiff purports to refer to a particular application and respectfully refers the Court to the referenced application for its actual language and full text.

31.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Complaint except admits that Plaintiff

purports to refer to the FDA-approved prescribing information for Vioxx, Merck's trade name for rofecoxib, and respectfully refers the Court to the relevant prescribing information for Vioxx for its indicated uses and full text.

32.    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 32 of the Complaint except admits that Plaintiff purports to refer to the FDA's labeling for Vioxx, Merck's trade name for rofecoxib, and certain "studies" and respectfully refers the Court to the referenced labeling and studies for their actual language and full text.

33.    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the Complaint except admits that Plaintiff purports to refer to the "Warnings" section of the labeling for Vioxx, Merck's trade name for rofecoxib, and respectfully refers the Court to the referenced labeling for its actual language and full text.

34.    The allegations contained in paragraph 34 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 34 of the Complaint except admits that Plaintiff purports to refer to a supplemental New Drug Application ("sNDA") that included the Vioxx Gastrointestinal Outcomes Research ('VIGOR") study and respectfully refers the Court to the referenced sNDA for its actual language and full text.

35.    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 35 of the Complaint except admits that Plaintiff

8

purports to refer to the VIGOR study and respectfully refers the Court to the referenced study for its actual language and full text.

36.    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 36 of the Complaint except admits that Plaintiff purports to refer to the VIGOR study and respectfully refers the Court to the referenced study for its actual language and full text.

37.    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 37 of the Complaint except admits that Plaintiff purports to refer to the VIGOR study and respectfully refers the Court to the referenced study for its actual language and full text.

38.    The allegations contained in paragraph 38 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38 of the Complaint except admits that Plaintiff purports to refer to a particular report and respectfully refers the Court to the referenced report for its actual language and full text.

39.    The allegations contained in paragraph 39 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 39 of the Complaint except admits that Plaintiff purports to refer to the VIGOR study and respectfully refers the Court to the referenced study for its actual language and full text.

854747v.1

40.     The allegations contained in paragraph 40 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 40 of the Complaint.

41.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of the Complaint.

42.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 42 of the Complaint except admits that Plaintiff purports to refer to a particular statement and respectfully refers the Court to the referenced statement for its actual language and full text.

43.     The allegations contained in paragraph 43 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 43.

44.     The allegations contained in paragraph 44 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 44 of the Complaint.

45.     The allegations contained in paragraph 45 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 45 of the Complaint except admits that Plaintiff purports

10

to reference certain publications and respectfully refers the Court to the referenced publications for their actual language and full text.

46.     The allegations contained in paragraph 46 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards denies each and every allegation contained in the first sentence of paragraph 46 of the Complaint.  Ms. Richards lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of paragraph 46 of the Complaint.

47.     The allegations contained in paragraph 47 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 47 of the Complaint.

48.     The allegations contained in paragraph 48 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 48 of the Complaint except admits that Plaintiff purports to refer to a particular letter and respectfully refers the Court to the referenced letter for its actual language and full text.

49.     The allegations contained in paragraph 49 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 49 of the Complaint except admits that Plaintiff purports

to refer to a particular letter and respectfully refers the Court to the referenced letter for its actual language and full context.

50.     The allegations contained in paragraph 50 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 50 of the Complaint except admits that Plaintiff purports to refer to an 8-K filing and respectfully refers the Court to the referenced filing for its actual language and full text.

51.     The allegations contained in paragraph 51 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 51 of the Complaint except admits that Plaintiff purports to refer to a particular press release and letter and  respectfully refers the Court to the referenced press release and letter for their actual language and full text.

52.     The allegations contained in paragraph 52 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards denies each and every allegation contained paragraph 52 of the Complaint except admits that Plaintiff purports to refer to "the publication of a study in the New England Journal of Medicine" and respectfully refers the Court to the referenced publication for its actual language and full text.

53.     The allegations contained in paragraph 53 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms.

12

Richards lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 53 of the Complaint except admits that Plaintiff purports to refer to a particular study and respectfully refers the Court to the referenced study for its actual language and full text.

54.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 54 of the Complaint except admits that Plaintiff purports to selectively quote a particular study and respectfully refers the Court to the referenced study for its actual language and full text.

55.     The allegations contained in paragraph 55 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 55 of the Complaint except admits that Plaintiff purports to refer to a particular letter and respectfully refers the Court to that letter for its actual language and full text.

56.     The allegations contained in paragraph 56 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 56 of the Complaint except admits that Plaintiff purports to refer to a particular letter and respectfully refers the Court to that letter for its actual language and full text.

57.     The allegations contained in paragraph 57 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms.

13

Richards lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 57 of the Complaint except admits that Plaintiff purports to refer to a particular letter and respectfully refers the Court to that letter for its actual language and full text.

58.     The allegations contained in paragraph 58 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 58 of the Complaint except admits that Plaintiff purports to selectively quote Merck's 2001 annual report and respectfully refers the Court to the referenced report for its actual language and full text.

59.     The allegations contained in paragraph 59 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 59 of the Complaint except admits that Plaintiff purports to refer to a particular article and respectfully refers the Court to the referenced article for its actual language and full text.

60.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 60 of the Complaint except admits that Plaintiff purports to refer to a particular article and respectfully refers the Court to the referenced article for its actual language and full text.

61.     The allegations contained in paragraph 61 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 61 of the Complaint.

854747v.1

62.     The allegations contained in paragraph 62 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 62 of the Complaint except admits that Plaintiff purports to refer to Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

63.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 63 of the Complaint except admits that Plaintiff purports to selectively quote a particular article and respectfully refers the Court to the referenced article for its actual language and full text.

64.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 64 of the Complaint except admits that Plaintiff purports to selectively quote a particular article and respectfully refers the Court to the referenced article for its actual language and full text.

65.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 65 of the Complaint except admits that Plaintiff purports to refer to a particular presentation and respectfully refers the Court to the referenced article for its actual language and full text.

66.     The allegations contained in paragraph 66 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 66 of the Complaint except admits that Plaintiff purports

15

to refer to a particular press release and respectfully refers the Court to the referenced press release for its actual language and full text.

67.     The allegations contained in paragraph 67 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 67 of the Complaint except admits that Plaintiff purports to refer to the APPROVe study and to the extent the referenced study is in writing, the actual contents of the study constitute the best evidence of its terms and Ms. Richards denies all allegations inconsistent with those contents.

68.     The allegations contained in paragraph 68 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 68 of the Complaint except admits that Plaintiff purports to refer to the APPROVe study and to the extent the referenced study is in writing, the actual contents of the study constitute the best evidence of its terms and Ms. Richards denies all allegations inconsistent with those contents.

69.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 69 of the Complaint except admits that Plaintiff purports to refer to the APPROVe study and to the extent the referenced study is in writing, the actual contents of the study constitute the best evidence of its terms and Ms. Richards denies all allegations inconsistent with those contents.

16

70.     The allegations contained in paragraph 70 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 70 of the Complaint except admits that in September 2004, Merck voluntarily withdrew the prescription medicine Vioxx from the worldwide market.

71.     The allegations contained in paragraph 71 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 71 of the Complaint except admits that Merck announced the voluntary worldwide withdrawal of Vioxx on September 30, 2004.

72.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 72 of the Complaint except admits that Plaintiff purports to refer to a study and respectfully refers the Court to the referenced study for its actual language and full text.

73.     The allegations contained in paragraph 73 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 73 of the Complaint except admits that Vioxx was prescribed to millions of patients in the United States.

74.     Denies each and every allegation contained in the first and second sentences of paragraph 74 of the Complaint that is directed toward Ms. Richards except admits that Merck employed professional representatives to have product discussions concerning Vioxx with health care professionals.  The allegations contained in the third sentence of paragraph 74 of the

17

Complaint are legal conclusions to which no response is required.  If a response is required, Ms. Richards denies each and every allegation contained therein.  Ms. Richards is not required to respond to allegations directed toward the other Defendants.  If a response is required,  Ms. Richards denies each and every allegation contained in the first and second sentences of paragraph 74 of the Complaint except admits that Merck employed professional representatives to have product discussions concerning Vioxx with health care professionals.  The allegations contained in the third sentence of paragraph 74 of the Complaint are legal conclusions to which no response is required.  If a response is required, Ms. Richards denies each and every allegation contained therein.

75.     The allegations contained in paragraph 75 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 75 of the Complaint except admits that Merck manufactured the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

76.     The allegations contained in paragraph 76 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 76 of the Complaint.

77.     The allegations contained in paragraph 77 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 77 of the Complaint.

854747v.1

78.     The allegations contained in paragraph 78 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 78 of the Complaint.

79.     The allegations contained in paragraph 79 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 79 of the Complaint.

80.     The allegations contained in paragraph 80 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 80 of the Complaint.

81.     The allegations contained in paragraph 81 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 81 of the Complaint.

82.     The allegations contained in paragraph 82 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 82 of the Complaint.

83.     The allegations contained in paragraph 83 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 83 of the Complaint.

84.     Denies each and every allegation contained in paragraph 84 of the Complaint directed toward Ms. Richards.  Ms. Richards is not required to respond to the allegations directed toward the other Defendants.  If a response is required, Merck denies each and every allegation contained in paragraph 84 of the Complaint.

19

85.     Denies each and every allegation contained in paragraph 85 of the Complaint directed toward Ms. Richards.  Ms. Richards is not required to respond to the allegations directed toward the other Defendants.  If a response is required, Merck denies each and every allegation contained in paragraph 85 of the Complaint.

<b>RESPONSE TO "COUNT I STRICT LIABILITY<br>(AS TO DEFENDANT MERCK ONLY)"</b>

With respect to the un-numbered introductory paragraph of Count I, Ms. Richards hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 85 of this Answer with the same force and effect as though set forth here in full.

86.     The allegations contained in paragraph 86 of the Complaint, including subparts a – f, are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 86 of the Complaint, including subparts a – f.

87.     The allegations contained in paragraph 87 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 87 of the Complaint.

88.     The allegations contained in paragraph 88 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  Further, the allegations contained in paragraph 88 of the Complaint are legal conclusions to which no response is required.  If a

20

response is required, Ms. Richards denies each and every allegation contained in paragraph 88 of the Complaint.

89.     The allegations contained in paragraph 89 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 89 of the Complaint.

90.     The allegations contained in paragraph 90 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 90 of the Complaint.

91.     The allegations contained in paragraph 91 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  Further, the allegations contained in paragraph 91 are legal conclusions to which no response is required.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 91 of the Complaint.

92.     The allegations contained in paragraph 92 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 92 of the Complaint.

93.     The allegations contained in paragraph 93 of the Complaint are not directed toward Ms. Richards and therefore no response is required.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 93 of the Complaint.except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

### RESPONSE TO DEMANDS SET FORTH IN
### AD DAMNUM CLAUSE FOR COUNT I

Plaintiff's ad damnum clause for Count I of the Complaint is not an allegation and therefore no response is required.  If a response is required, Ms. Richards denies each and every allegation contained therein except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

### RESPONSE TO "COUNT II NEGLIGENCE (AS TO ALL DEFENDANTS)"

With respect to the un-numbered introductory paragraph of Count II of the Complaint, Ms. Richards repeats and realleges each and every admission, denial, averment and statement contained in paragraph 1 through 85 of this Answer with the same force and effect as though fully set forth here in full.

94.     The allegations contained in paragraph 94 of the Complaint are legal conclusions to which no response is required.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 94 of the Complaint directed toward Ms. Richards.  Ms. Richards is not required to respond to the allegations directed toward the other Defendants.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 94 of the Complaint.

95.     Denies each and every allegation contained in paragraph 95, including subparts a - f, of the Complaint directed toward Ms. Richards.  Ms. Richards is not required to respond to the allegations directed toward the other Defendants.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 95 of the Complaint, including subparts a - f.

854747v.1

96.     Denies each and every allegation contained in paragraph 96 of the Complaint directed toward Ms. Richards.  Ms. Richards is not required to respond to the allegations directed toward the other Defendants.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 96 of the Complaint.

97.     Denies each and every allegation contained in paragraph 97 of the Complaint directed toward Ms. Richards except admits that Plaintiff purports to seek certain damages, but denies that there is any legal or factual basis for the relief requested.  Ms. Richards is not required to respond to the allegations directed toward the other Defendants.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 97 of the Complaint except admits that Plaintiff purports to seek certain damages, but denies that there is any legal or factual basis for the relief requested.

### RESPONSE TO DEMANDS SET FORTH IN
### AD DAMNUM CLAUSE FOR COUNT II

Plaintiff's ad damnum clause for Count II of the Complaint is not an allegation and therefore no response is required.  If a response is required, Ms. Richards denies each and every allegation contained therein except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

### RESPONSE TO "COUNT III
### NEGLIGENT MISREPRESENTATION (AS TO ALL DEFENDANTS)"

With respect to the un-numbered introductory paragraph of Count III of the Complaint, Ms. Richards hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraph 1 through 85 of this Answer with the same force and effect as though fully set forth here in full.

23

98.     Denies each and every allegation contained in paragraph 98 of the Complaint directed toward Ms. Richards.  Ms. Richards is not required to respond to allegations directed toward the other Defendants.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 98 of the Complaint.

99.     Denies each and every allegation contained in paragraph 99 of the Complaint directed toward Ms. Richards.  Ms. Richards is not required to respond to allegations directed toward the other Defendants.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 99 of the Complaint.

100.     Denies each and every allegation contained in paragraph 100 of the Complaint directed toward Ms. Richards.  Ms. Richards is not required to respond to allegations directed toward the other Defendants.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 100 of the Complaint.

101.     Denies each and every allegation contained in paragraph 101 of the Complaint directed toward Ms. Richards.  Ms. Richards is not required to respond to allegations directed toward the other Defendants.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 101 of the Complaint.

102.     Denies each and every allegation contained in paragraph 102 of the Complaint directed toward Ms. Richards.  Ms. Richards is not required to respond to allegations directed toward the other Defendants.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 102 of the Complaint.

103.     Denies each and every allegation contained in paragraph 103 of the Complaint directed toward Ms. Richards.  Ms. Richards is not required to respond to allegations directed

24

854747v.1

toward the other Defendants.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 103 of the Complaint.

104.    The allegations contained in paragraph 104 of the Complaint are legal conclusions to which no response is required.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 104 of the Complaint directed toward Ms. Richards.  Ms. Richards is not required to respond to allegations directed toward the other Defendants.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 104 of the Complaint.

105.    Denies each and every allegation contained in paragraph 105 of the Complaint directed toward Ms. Richards.  Ms. Richards is not required to respond to allegations directed toward the other Defendants.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 105 of the Complaint.

106.    The allegations contained in paragraph 106 of the Complaint are legal conclusions to which no response is required.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 106 of the Complaint directed toward Ms. Richards.  Ms. Richards is not required to respond to allegations directed toward the other Defendants.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 106 of the Complaint.

107.    Denies each and every allegation contained in paragraph 107 of the Complaint directed toward Ms. Richards.  Ms. Richards is not required to respond to allegations directed toward the other Defendants.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 107 of the Complaint.

25

108.    Denies each and every allegation contained in paragraph 108 of the Complaint directed toward Ms. Richards.  Ms. Richards is not required to respond to allegations directed toward the other Defendants.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 108 of the Complaint.

109.    Denies each and every allegation contained in paragraph 109 of the Complaint directed toward Ms. Richards except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.  Ms. Richards is not required to respond to allegations directed toward the other Defendants.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 109 of the Complaint except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

**RESPONSE TO DEMANDS SET FORTH IN
AD DAMNUM CLAUSE FOR COUNT III**

Plaintiff's ad damnum clause for Count III of the Complaint is not an allegation and therefore no response is required.  If a response is required, Ms. Richards denies each and every allegation contained therein except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

**RESPONSE TO "COUNT IV FRAUD (AS TO ALL DEFENDANTS)"**

With respect to the un-numbered introductory paragraph of Count IV of the Complaint, Ms. Richards hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraph 1 through 85 of this Answer with the same force and effect as though fully set forth here in full.

26

110.     Denies each and every allegation contained in paragraph 110 of the Complaint directed toward Ms. Richards.  Ms. Richards is not required to respond to allegations directed toward the other Defendants.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 110 of the Complaint.

111.     Denies each and every allegation contained in paragraph 111 of the Complaint directed toward Ms. Richards.  Ms. Richards is not required to respond to allegations directed toward the other Defendants.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 111 of the Complaint.

112.     Denies each and every allegation contained in paragraph 112 of the Complaint directed toward Ms. Richards.  Ms. Richards is not required to respond to allegations directed toward the other Defendants.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 112 of the Complaint.

113.     Denies each and every allegation contained in paragraph 113 of the Complaint directed toward Ms. Richards.  Ms. Richards is not required to respond to allegations directed toward the other Defendants.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 113 of the Complaint.

114.     Denies each and every allegation contained in paragraph 114 of the Complaint directed toward Ms. Richards.  Ms. Richards is not required to respond to allegations directed toward the other Defendants.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 114 of the Complaint.

115.     Denies each and every allegation contained in paragraph 115, including subparts a - c, of the Complaint directed toward Ms. Richards.  Ms. Richards is not required to respond to

allegations directed toward the other Defendants.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 115 of the Complaint, including subparts a - c.

116.    Denies each and every allegation contained in paragraph 116 of the Complaint directed toward Ms. Richards.  Ms. Richards is not required to respond to allegations directed toward the other Defendants.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 116 of the Complaint.

117.    The allegations contained in paragraph 117 of the Complaint are legal conclusions to which no response is required.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 117 of the Complaint directed toward Ms. Richards.  Ms. Richards is not required to respond to allegations directed toward the other Defendants.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 117 of the Complaint.

118.    Denies each and every allegation contained in paragraph 118 of the Complaint directed toward Ms. Richards.  Ms. Richards is not required to respond to allegations directed toward the other Defendants.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 118 of the Complaint.

119.    The allegations contained in paragraph 119 of the Complaint are legal conclusions to which no response is required.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 119 of the Complaint directed toward Ms. Richards.  Ms. Richards is not required to respond to allegations directed toward the other Defendants.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 119 of the Complaint.

28

854747v.1

120.    Denies each and every allegation contained in paragraph 120 of the Complaint directed toward Ms. Richards.  Ms. Richards is not required to respond to allegations directed toward the other Defendants.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 120 of the Complaint.

121.    Denies each and every allegation contained in paragraph 121 of the Complaint directed toward Ms. Richards.  Ms. Richards is not required to respond to allegations directed toward the other Defendants.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 121 of the Complaint.

122.    Denies each and every allegation contained in paragraph 122 of the Complaint directed toward Ms. Richards except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.  Ms. Richards is not required to respond to allegations directed toward the other Defendants.  If a response is required, Ms. Richards denies each and every allegation contained in paragraph 122 of the Complaint except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO DEMANDS SET FORTH IN
## AD DAMNUM CLAUSE FOR COUNT IV

Plaintiff's ad damnum clause for Count IV of the Complaint is not an allegation and therefore no response is required.  If a response is required, Ms. Richards denies each and every allegation contained therein except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

29

**AS FOR A FIRST DEFENSE, MS. RICHARDS ALLEGES:**

123.     Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

**AS FOR A SECOND DEFENSE, MS. RICHARDS ALLEGES:**

124.     The Complaint fails to state a claim upon which relief can be granted.

**AS FOR A THIRD DEFENSE, MS. RICHARDS ALLEGES:**

125.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

**AS FOR A FOURTH DEFENSE, MS. RICHARDS ALLEGES:**

126.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

**AS FOR A FIFTH DEFENSE, MS. RICHARDS ALLEGES:**

127.     To the extent that Plaintiff asserts claims based on this Defendant's or Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

**AS FOR A SIXTH DEFENSE, MS. RICHARDS ALLEGES:**

128.     Plaintiff's claims are barred, in whole or in part, by the First Amendment.

**AS FOR A SEVENTH DEFENSE, MS. RICHARDS ALLEGES:**

129.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure

30

to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR AN EIGHTH DEFENSE, MS. RICHARDS ALLEGES:

130.    Plaintiff's claims are barred by the failure to prevent or mitigate the damages claimed.

## AS FOR A NINTH DEFENSE, MS. RICHARDS ALLEGES:

131.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of this Defendant and over whom this Defendant had no control and for whom this Defendant may not be held accountable.

## AS FOR A TENTH DEFENSE, MS. RICHARDS ALLEGES:

132.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

## AS FOR AN ELEVENTH DEFENSE, MS. RICHARDS ALLEGES:

133.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which this Defendant is not responsible.

## AS FOR A TWELFTH DEFENSE, MS. RICHARDS ALLEGES:

134.    To the extent that Plaintiff's reactions to the subject product were idiosyncratic reactions, this Defendant denies any liability.

854747v.1

## AS FOR A THIRTEENTH DEFENSE, MS. RICHARDS ALLEGES:

135.    To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, this Defendant's liability, if any, should be reduced accordingly.

## AS FOR A FOURTEENTH DEFENSE, MS. RICHARDS ALLEGES:

136.    To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

## AS FOR A FIFTEENTH DEFENSE, MS. RICHARDS ALLEGES:

137.    Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A SIXTEENTH DEFENSE, MS. RICHARDS ALLEGES:

138.    To the extent that Plaintiff asserts claims based upon an alleged failure by this Defendant to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred because this Defendant has discharged her duty to warn in her warnings to prescribing physicians.

## AS FOR A SEVENTEENTH DEFENSE, MS. RICHARDS ALLEGES:

139.    The product conformed to the state-of-the-art for the design and manufacture of such, or similar, product.

854747v.1

### AS FOR AN EIGHTEENTH DEFENSE, MS. RICHARDS ALLEGES:

140.     Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

### AS FOR A NINETEENTH DEFENSE, MS. RICHARDS ALLEGES:

141.     Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### AS FOR A TWENTIETH DEFENSE, MS. RICHARDS ALLEGES:

142.     Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts:  Products Liability.

### AS FOR A TWENTY-FIRST DEFENSE, MS. RICHARDS ALLEGES:

143.     Plaintiff's claims are barred in whole or in part under comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

### AS FOR A TWENTY-SECOND DEFENSE, MS. RICHARDS ALLEGES:

144.     This case is more appropriately brought in a different venue.

### AS FOR A TWENTY-THIRD DEFENSE, MS. RICHARDS ALLEGES:

145.     At no time material hereto was any product referred to in the Complaint defective or unreasonably dangerous.

### AS FOR A TWENTY-FOURTH DEFENSE, MS. RICHARDS ALLEGES:

146.     This case is subject to dismissal or stay on the grounds of *forum non conveniens*.

33

### AS FOR A TWENTY-FIFTH DEFENSE, MS. RICHARDS ALLEGES:

147.    Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative negligence.

### AS FOR A TWENTY-SIXTH DEFENSE, MS. RICHARDS ALLEGES:

148.    To the extent that Plaintiff relies upon any theory of fraud, such claims are barred for failure to set forth the allegations of fraud with the particularity required by Federal Rule of Civil Procedure 9(b).

### AS FOR A TWENTY-SEVENTH DEFENSE, MS. RICHARDS ALLEGES:

149.    To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

### AS FOR A TWENTY-EIGHTH DEFENSE, MS. RICHARDS ALLEGES:

150.    There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

### AS FOR A TWENTY-NINTH DEFENSE, MS. RICHARDS ALLEGES:

151.    This Defendant is not guilty of negligence and violated no duty owing to Plaintiff.

### AS FOR A THIRTIETH DEFENSE, MS. RICHARDS ALLEGES:

152.    Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity or standing to bring such claims.

34

### AS FOR A THIRTY-FIRST DEFENSE, MS. RICHARDS ALLEGES:

153.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate this Defendant's state and federal constitutional rights.

### AS FOR A THIRTY-SECOND DEFENSE, MS. RICHARDS ALLEGES:

154.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of this Defendant, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, an award of punitive damages is barred.

### AS FOR A THIRTY-THIRD DEFENSE, MS. RICHARDS ALLEGES:

155.    To the extent that Plaintiff seeks punitive damages, such damages are barred because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A THIRTY-FOURTH DEFENSE, MS. RICHARDS ALLEGES:

156.    Merck has complied with requirements promulgated by and under federal law. The product at issue, Vioxx, was approved pursuant to the applicable federal statutes and regulations.  Such federal regulations and statutes preempt Plaintiff's claims under state law and pursuant to Fla. Stat. § 768.1256 creates a statutory presumption that Vioxx is not defective or unreasonably dangerous and that this Defendant is not liable.

### AS FOR A THIRTY-FIFTH DEFENSE, MS. RICHARDS ALLEGES:

157.    Defendant Richards is fraudulently joined.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Ms. Richards to determine all of her legal, contractual and

854747v.1

equitable rights, Ms. Richards reserves the right to amend and/or supplement the averments of

her answer to assert any and all pertinent liability defenses ascertained through further

investigation and discovery of this action.

Ms. Richards will rely on all defenses that may become available during discovery or

trial.

WHEREFORE, Ms. Richards respectfully demands judgment dismissing Plaintiff's

Complaint with prejudice and awarding Ms. Richards her reasonable costs and disbursements,

together with such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Ms. Richards demands a trial by jury as to all issues so triable.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

Patricia E. Lowry
Barbara Bolton Litten
Catherine Whitfield
Squire Sanders & Dempsey L.L.P.
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Phone: 561-650-7200
Fax:    561-655-1509
Counsel for Defendant

36

854747v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Jury Demand of Lynn Richards has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louiisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this ____ day of February, 2007.

/s/ Dorothy H. Wimberly _____
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

37