UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX<br>PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>05-3798<br><br><br>**WAYNE VIGIL and GERALDINE VIGIL, as husband and wife vs. MERCK & CO., INC.; GENA ORTEGA, an individual, JOHN E. JACK KILKELLY, an individual, and MEMORIAL FAMILY PHARMACY, INC.** | MDL NO.: 1657<br>SECTION: "L"<br><br><br><br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

## ANSWER OF MEMORIAL FAMILY PHARMACY, INC.

COMES NOW, MEMORIAL FAMILY PHARMACY, INC., who answers the allegations of the Plaintiffs' Complaint and says:

1. Admitted for jurisdictional purposes only.

2. Defendant is without knowledge of the allegations of this paragraph and therefore denies them.

3. Defendant is without knowledge of the allegations of this paragraph and therefore denies them.

4. Defendant is without knowledge of the allegations of this paragraph and therefore denies them.

5. Admitted.

6. Admitted that at certain times in the past Defendant sold prescription and nonprescription medications in Tampa, Florida. Defendant is without knowledge of the remaining allegations of this paragraph and therefore denies them.

7. Defendant is without knowledge of the allegations of this paragraph and therefore denies them.

8. Denied.

9. Defendant is without knowledge of the allegations of this paragraph and therefore denies them.

10. Denied.

11. Defendant is without knowledge of the allegations of this paragraph and therefore denies them.

12. Defendant is without knowledge of the allegations of this paragraph and therefore denies them.

13. Defendant is without knowledge of the allegations of this paragraph and therefore denies them.

14. Defendant is without knowledge of the allegations of this paragraph and therefore denies them.

15. Defendant is without knowledge of the allegations of this paragraph and therefore denies them.

16. Defendant is without knowledge of the allegations of this paragraph and therefore denies them.

17. Defendant is without knowledge of the allegations of this paragraph and therefore denies them.

18. Defendant is without knowledge of the allegations of this paragraph and therefore denies them.

19. Defendant is without knowledge of the allegations of this paragraph and therefore denies them.

20. Defendant is without knowledge of the allegations of this paragraph and therefore denies them.

21. Defendant is without knowledge of the allegations of this paragraph and therefore denies them.

22. Defendant is without knowledge of the allegations of this paragraph and therefore denies them.

23. Defendant is without knowledge of the allegations of this paragraph and therefore denies them.

24. Defendant is without knowledge of the allegations of this paragraph and therefore denies them.

25. Defendant is without knowledge of the allegations of this paragraph and therefore denies them.

26. Denied that the product was defective. Defendant is without knowledge of the remaining allegations of this paragraph and therefore denies them.

27. Defendant is without knowledge of the allegations of this paragraph and therefore denies them.

28. Defendant is without knowledge of the allegations of this paragraph and therefore denies them.

29. Defendant is without knowledge of the allegations of this paragraph and therefore denies them.

30. Defendant is without knowledge of the allegations of this paragraph and therefore denies them.

31. Defendant is without knowledge of the allegations of this paragraph and therefore denies them.

32. Defendant is without knowledge of the allegations of this paragraph and therefore denies them.

### COUNT ONE: STRICT LIABILITY

33. Defendant realleges its answers to paragraphs 1 through 32 above and incorporates same by reference herein.

34. Denied, including all subparts.

35. Defendant is without knowledge of the allegations of this paragraph and therefore denies them.

36. Defendant is without knowledge of the allegations of this paragraph and therefore denies them.

37. Defendant is without knowledge of the allegations of this paragraph and therefore denies them.

38. Defendant is without knowledge of the allegations of this paragraph and therefore denies them.

39. Defendant is without knowledge of the allegations of this paragraph and therefore denies them.

40. Denied that there was any defect in the product. Admitted that Defendant at various times filled prescriptions for Vioxx through the pharmacy named in conformance with the requirements of the Federal law and the law of Florida.

41. Defendant is without knowledge of the allegations of this paragraph and therefore denies them.

42. Denied.

43. Denied.

44. Denied that the product was defective. Defendant is without knowledge of the remaining allegations of this paragraph and therefore denies them.

45. Denied.

### COUNT TWO: NEGLIGENCE

46. Defendant realleges its answers to paragraphs 1 through 32 above.

47. Defendant is without knowledge of the allegations of this paragraph and therefore denies them.

48. Denied that the product was defective. The remainder of this paragraph is denied.

49. Defendant is without knowledge of the allegations of this paragraph and therefore denies them.

50. Denied, including all subparts.

51. Defendant is without knowledge of the allegations of this paragraph and therefore denies them.

52. Defendant is without knowledge of the allegations of this paragraph and therefore denies them.

53. Denied that there is any causal relationship between ingestion of the product and any injury to the plaintiff. Defendant is without knowledge of the remaining allegations of this paragraph and therefore denies them.

54. Denied.

### COUNT III: NEGLIGENT MISREPRESENTATION

The allegations of this Count do not pertain to this Defendant and thus require no answer.

### COUNT IV: FRAUD

The allegations of this Count do not pertain to this Defendant and thus require no answer.

### COUNT V: UNFAIR AND DECEPTIVE TRADE PRACTICES

The allegations of this Count do not pertain to this Defendant and thus require no answer.

### COUNT VI: LOSS OF CONSORTIUM

89. Defendant realleges its answers to paragraphs 1-32 above.

90. Defendant is without knowledge of the allegations of this paragraph and therefore denies them.

91. Denied.

### AFFIRMATIVE DEFENSES

1. The Complaint, in whole or in part, fails to state a cause of action.

2. Discovery may show that the plaintiff's claims are barred by prescription, the applicable statute of limitations such as F.S. 95.11, statutes of repose such as F.S. 95.031(b), and/or the passage of time.

3. Plaintiff's claims are barred in whole or in part by the doctrine(s) contained in Restatement (Second) of Torts 402A, Comment k.

4. Plaintiff's claims are barred, in whole or in part, by the doctrines contained in Restatement (Third) of Torts, Product Liability.

5. Discovery may show that plaintiff's claims are barred, in whole or in part, by misuse or abnormal use of the medications in questions, or the failure to follow product instructions.

6. Plaintiff's claims are bared in whole or in part, because the plaintiff, by electing to ingest Vioxx, assumed the risks apparent or disclosed on the applicable labels, and plaintiff waived and/or is estopped from asserting any claim related to such risks.

7. Defendant is entitled to the protections of F.S. 768.1257. Plaintiff's claims are barred in whole or in part because the medication in question was designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge at that time.

8. Plaintiff's losses, if any, are subject to an offset in the amount of any reimbursement received by plaintiff as the result of any insurance or other health benefits plan, or any amount paid for by any insurance or other health benefits plan.

9. Defendant is entitled to the protections of F.S. 768.81 and plaintiff's claims are barred, in whole or in part because the injuries damages and losses alleged in the Complaint, none being admitted, were caused in whole, in part, and/or proximately by the fault or negligence of plaintiff or others.

10. Plaintiff's claims are barred in whole or in part because plaintiff's injuries, if any, were the result of conduct by plaintiff, independent third parties, or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, and intervening and superseding causes of the alleged injuries including but not limited to plaintiff's preexisting medical conditions.

11. Discovery may show that plaintiff's claims are barred by the "learned intermediary" or "informed intermediary" doctrines.

12. Any alleged negligent or culpable conduct of Defendant, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

13. Plaintiff's claims against Defendant are barred because plaintiff's injuries, if caused by Vioxx, which is denied, were the result of his own idiosyncratic or allergic reactions.

14. Discovery may show the plaintiff's damages, if any, are limited in whole or in part by the plaintiff's failure to mitigate.

15. Defendant is entitled to the protections of F.S. 768.1256. Plaintiff's claims are barred in whole or in part because Defendant complies with all federal and state statutes as well as administrative regulations.

16. Plaintiff's claims are barred in whole or in part because Vioxx is comprehensively regulated by the United States Food and Drug Administration pursuant to the federal Food, Drug and Cosmetic Act, 21 U.S.C. 301, et.seq., and regulations and orders promulgated thereunder. Accordingly, plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, Clause 2, and the laws of the United States.

17. Plaintiff did not reasonably rely upon any oral or written representations by Defendant.

18. Defendant is entitled to the protections afforded by F.S. 768.725 and 768.73.

19. Defendant gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves the right to amend this list to assert such defenses.

20. That Plaintiff was himself negligent in failing to take reasonable care for his own safety and health under the circumstances with this negligence being a legal cause of all or part of the injuries or damages claimed, if any, sufficient to reduce or eliminate any recovery in accord with the doctrine of comparative negligence.

21. That the Defendant's duties to Plaintiff as a filling pharmacist are strictly and exclusively defined by Florida law and that Defendant complied with and fulfilled each and every duty to the Plaintiff if it did fill one or more prescriptions for him, the act of which is furthermore denied by Defendant.

Respectfully Submitted,

s/Millard L. Fretland
MILLARD L. FRETLAND, ESQ.
Conroy, Simberg, Ganon, Krevans, Abel,
Lurvey, Morrow & Schefer, P.A.
125 West Romana Street, Suite 150
Pensacola, Florida 32502
850-436-6605
850-436-2102
Florida Bar No. 371671

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Memorial Family Pharmacy, Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced, in accordance with PreTrial Order No. 8, on the 17th day of August, 2006. I further certify that the foregoing was electronically filed with the Clerk of the Court of the United States District for the Eastern District of Louisiana by using the CM/ECF system which will send a notice of electronic filing in accord with the procedures established in MDL 1657 on this the 7th day of February, 2007.

Respectfully Submitted,
s/Millard L. Fretland
MILLARD L. FRETLAND, ESQ.
Conroy, Simberg, Ganon, Krevans, Abel,
Lurvey, Morrow & Schefer, P.A.
125 West Romana Street, Suite 150
Pensacola, Florida 32502
850-436-6605
850-436-2102
Florida Bar No. 371671
Attorneys for Memorial Family Pharmacy, Inc.