**FILED**
**SEP 28 2006**
VERNON W KAYS JR
MCHENRY CTY. CIR. CLK

IN THE CIRCUIT COURT OF MCHENRY COUNTY, ILLINOIS
COUNTY DEPARTMENT, CIVIL DIVISION

DAVID STUART, )
)
Plaintiff, )
) No. 06LA307
v. )
)
DAVID BRUAH, M.D., ) PLAINTIFF DEMANDS
and MERCK & CO., INC., ) A TRIAL BY JURY
)
Defendants. )

## COMPLAINT AT LAW

NOW COME Plaintiffs DAVID STUART, by and through his attorneys, ROMANUCCI & BLANDIN, L.L.C., and complaining of Defendants, DAVID BRUAH, M.D., and MERCK CO. INC., pleading hypothetically and in the alternative, states as follows:

### COUNT I
### DAVID BRUAH, M.D.
### NEGLIGENCE

1. At all times relevant herein, DAVID BRUAH, M.D., was a physician duly licensed in the practice of his profession in the County of McHenry, State of Illinois.

2. At all times relevant herein, DAVID STUART was living in the City of Harvard, in the County of McHenry, State of Illinois.

3. That Plaintiff, DAVID STUART, was under the continuous care and treatment of the Defendant, DAVID BRUAH, M.D., from October 15, 1999, and prior thereto, to May 27, 2002, and subsequent thereto.

4. That it then and there became the duty of Defendant DAVID BRUAH, M.D., to render medical services consistent with the medical needs of Plaintiff, DAVID STUART.

NOTICE
NOTICE PURSUANT TO ADMINISTRATIVE ORDER 94-9
THIS CASE IS HEREBY SET FOR SCHEDULING
CONFERENCE IN COURTROOM C320 ON
2-8 20 07, AT 9 AM PM
FAILURE TO APPEAR MAY RESULT IN THE CASE
BEING DISMISSED OR AN ORDER OF
DEFAULT BEING ENTERED.

EXHIBIT A

1

5. That there was a duty on the part of the Defendant, DAVID BRUAH, M.D., to treat Plaintiff, DAVID STUART, in accordance with accepted standards of prevailing medical practices and opinion.

6. On October 15, 1999, Plaintiff, DAVID STUART, was prescribed VIOXX by defendant DAVID BRUAH, M.D.

7. On or about October 15, 1999, and continuing up to and including May 27, 2002, and subsequent thereto, Plaintiff, DAVID STUART, was under the care of Defendant DAVID BRUAH, M.D.

8. On or about October 15, 1999, and prior thereto, and continuing up to and including May 27, 2002, Plaintiff, DAVID STUART, was continuously prescribed VIOXX by Defendant, DAVID BRUAH, M.D., and consumed VIOXX pursuant to his instructions.

9. That the Defendant, DAVID BRUAH, M.D., knew and/or should have known that VIOXX was contraindicated for Plaintiff, DAVID STUART, and created a risk of the occurrence of serious cardiovascular events.

10 After assuming the care of Plaintiff, DAVID STUART, the Defendant, DAVID BRUAH, M.D., committed one or more of the following acts and/or omissions:

   a. Improperly prescribed VIOXX to Plaintiff knowing that it was contraindicated for DAVID STUART;

   b. Improperly prescribed VIOXX to Plaintiff knowing that he was at risk for future cardiac problems;

   c. Improperly prescribed VIOXX to Plaintiff knowing that he had a history of cardiac problems;

   d. Failed to warn the plaintiff that VIOXX should not be used in patients with a history of cardiac problems;

2

    e.    Failed to warn the plaintiff of the risks associated with the use of VIOXX in individuals with a history of cardiac problems;

    f.    Improperly prescribed VIOXX by phone without regard for Plaintiff's medical history.

11.    On or about May 27, 2002, Plaintiff, DAVID STUART, suffered a cerebrovascular accident due to, or as a consequence of, VIOXX.

12.    That Plaintiff, DAVID STUART's, injuries were a direct and proximate result of one or more of the foregoing acts and/or omissions of Defendant, DAVID BRUAH, M.D.

13.    That as a direct and proximate result of one of the foregoing acts and/or omissions, Plaintiff, DAVID STUART sustained injuries and damages including pain, suffering, disability, disfigurement, loss of normal life, and obligations to pay for hospital, physician and medical services, all of which are permanent in nature.

14.    On or about September 30, 2004, Defendant MERCK withdrew VIOXX from the market.

15.    Plaintiff, DAVID STUART, did not know, and could not have known, of the potential relationship between VIOXX and his cardiovascular injuries before September 30, 2004.

WHEREFORE, Plaintiff, DAVID STUART, prays judgment against defendant DAVID BRUAH, M.D., in an amount in excess of the minimal jurisdictional requirements for the Civil Division of the Circuit Court of McHenry County, plus costs.

**COUNT II**
**MERCK & CO., INC.**
**NEGLIGENCE**

3

1. At all times relevant herein, Plaintiff, DAVID STUART, was a resident of the City of Harvard, in the County of McHenry, State of Illinois.

2. At all times relevant herein, MERCK was incorporated in the State of New Jersey with its principal place of business in State of New Jersey.

3. At all times relevant herein, MERCK was transacting business in the County of McHenry, in the State of Illinois.

4. At all times relevant herein, MERCK researched a pharmaceutical known as VIOXX.

5. At all times relevant herein, MERCK developed a pharmaceutical known as VIOXX.

6. At all times relevant herein, MERCK formulated a pharmaceutical known as VIOXX.

7. At all times relevant herein, MERCK manufactured a pharmaceutical known as VIOXX.

8. At all times relevant herein, MERCK produced a pharmaceutical known as VIOXX.

9. At all times relevant herein, MERCK marketed a pharmaceutical drug known as VIOXX.

10. At all times relevant herein, MERCK sold a pharmaceutical known as VIOXX.

11. On and about October 15, 1999, and prior thereto, Plaintiff, DAVID STUART, was prescribed VIOXX.

4

12. Plaintiff, DAVID STUART, was prescribed and consumed VIOXX from on or about October 15, 1999, or prior thereto, until May 27, 2002.

13. On or about May 27, 2002, DAVID STUART suffered a cerebrovasuclar accident due to, or as a consequence of, VIOXX.

14. At all times material, MERCK was committed one or more of the following acts and/or omissions:

    a. Formulated VIOXX in a manner which increased the risk of cardiovascular problems at a higher rate than those individuals taking other similar drugs; or

    b. Failed to properly address and/or investigate the issue of cardiovascular risks through controlled clinical trials;

    c. Failed to properly warn doctors of the increased cardiovascular risks of VIOXX; or

    d. Failed to properly warn the public of the increased cardiovascular risks resulting from VIOXX; or

    e. Failed to properly warn doctors of known potentially dangerous interactions that VIOXX would have with other prescriptions medications; or

    f. Failed to properly warn the general public of the known potentially dangerous interactions that VIOXX would have with other prescription medications; or

    g. Misrepresented the safety of VIOXX to the public at large and minimized the significant cardiovascular risks presented by the drug; or

15. As a direct and proximate result of one or more of the foregoing negligent acts or omissions committed by Defendant MERCK, Plaintiff DAVID STUART sustained injuries and damages including pain, suffering, disability, disfigurement, loss of normal life, and

obligations to pay for hospital, physician and medical services, all of which are permanent in nature.

16. On or about September 30, 2004, Defendant MERCK withdrew VIOXX from the market.

17. Plaintiff, DAVID STUART, did not know, and could not have known, of the potential relationship between VIOXX and his cardiovascular injuries before September 30, 2004.

WHEREFORE Plaintiff, DAVID STUART, prays for judgment against Defendant MERCK, in an amount in excess of the minimal jurisdictional requirements for the Civil Division of the Circuit Court of McHenry County, plus costs.

## COUNT III
## MERCK & CO., INC.
## PRODUCTS LIABILITY

1-12. Plaintiff incorporates paragraphs 1-12 of Count II as paragraphs 1-12 of Count III as though full set forth herein.

13. At all times stated herein, Plaintiff, DAVID STUART, consumed VIOXX in the manner in which it was intended to be used.

14. At all times stated herein, Plaintiff, DAVID STUART consumed VIOXX in the same condition as when it left the control of MERCK.

15. At all times stated herein, Plaintiff, DAVID STUART, suffered a cerebrovascular accident due to, or as a consequence of, VIOXX.

16. On or before May 27, 2002, and at all times material, VIOXX was unreasonably dangerous in one or more of the following respects:

6

a. Its consumers were at a greater risk for cardiovascular problems, as compared to individuals taking other similar drugs;

b. Its cardiovascular risks were not properly investigated through controlled clinical trials;

c. It was not labeled with a warning sufficient to alert doctors of the increased cardiovascular risks of VIOXX;

d. It was not labeled with a warning sufficient to alert the public of the increased cardiovascular risks resulting from VIOXX;

e. It was not labeled with a warning sufficient to alert doctors of known potentially dangerous interactions that VIOXX would have with other prescription medications;

f. It was not labeled with a warning sufficient to alert the general public of the known potentially dangerous interactions that VIOXX would have with other prescription medications;

g. It was labeled and marketed in a way that misrepresented it as safe to the public at large and minimized the cardiovascular risks it posed to consumers;

17. As a direct and proximate result of one or more of the aforementioned acts or omissions, Plaintiff, DAVID STUART sustained injuries of a personal and pecuniary nature.

18. As a direct and proximate result of one or more of the aforementioned acts or omissions, Plaintiff DAVID STUART sustained injuries and damages including pain, suffering, disability, disfigurement, loss of normal life, and obligations to pay for hospital, physician, and medical services, all of which are permanent in nature.

19. On or about September 30, 2004, Defendant MERCK withdrew VIOXX from the market.

7

20. Plaintiff, DAVID STUART, did not know, and could not have known, of the potential relationship between VIOXX and his cardiovascular injuries before September 30, 2004.

WHEREFORE, Plaintiff, DAVID STUART, PRAYS judgment against Defendant, MERCK & CO., INC., in an amount in excess of the minimal jurisdictional requirements for the Civil Division of the Circuit Court of McHenry County, plus costs.

Respectfully Submitted,

One of Plaintiffs' Attorneys

Antonio M. Romanucci, Esq.
ROMANUCCI & BLANDIN
33 North LaSalle Street
Suite 2000
Chicago, Illinois 60602
312-458-1000
312-458-1004 Fax
Attorney No.: 35875

8

## IN THE CIRCUIT COURT OF MCHENRY COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CIVIL DIVISION

| | |
|---|---|
| DAVID STUART, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. |
| DAVID BRUAH, M.D., and MERCK & CO., INC., | ) ) ) ) |
| Defendants. | ) ) |

### AFFIDAVIT

I, ANTONIO M. ROMANUCCI, as attorney for the Plaintiff and pursuant to Section 2-622 of the Illinois Code of Civil Procedure, state as follows:

1. That I was unable to obtain a consultation with a licensed health care professional required by Paragraph 1 of Section 2-622 of the Illinois Code of Civil Procedure because the statute of limitations would impair the action and the consultation could not be obtained before the expiration of the statute of limitations.

FURTHER AFFIANT SAYETH NAUGHT

_____
Antonio M. Romanucci

SUBSCRIBED AND SWORN
to before me this ___ day of _____, 2006

_____
NOTARY PUBLIC

Antonio M. Romanucci
ROMANUCCI & BLANDIN
33 North LaSalle Street
Suite 2000
Chicago, Illinois 60602
312/458-1000
Firm ID# 35875

## IN THE CIRCUIT COURT OF MCHENRY COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CIVIL DIVISION

| | |
|---|---|
| DAVID STUART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| DAVID BRUAH, M.D., and ) | |
| MERCK & CO., INC., ) | |
| ) | |
| Defendants. ) | |

### AFFIDAVIT REGARDING DAMAGES SOUGHT

ANTONIO M. ROMANUCCI, being first duly sworn under oath, states as follows:

1. That your affiant is one of the attorneys of record for the party in this matter.

2. That the total money damages sought in this civil action exceeds $50,000.

FURTHER AFFIANT SAYETH NOT.

_____
Antonio M. Romanucci

**ROMANUCCI & BLANDIN**
33 North LaSalle Street
Suite 2000
Chicago, Illinois 60602
312-458-1000
312-458-1004 Fax
Atty. No.: 35875