UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  VIOXX<br>          Products Liability Litigation<br><br>This Document Relates to:<br>          06-11292 | MDL No. 1657<br><br>Section:  L<br><br>Judge Fallon<br>Magistrate Judge Knowles |

**DEFENDANT DAVID BRUAH, M.D.'S
MEMORANDUM OF LAW IN SUPPORT OF HIS
MOTION TO DISMISS PLAINTIFF'S COMPLAINT AT LAW**

NOW COMES the Defendant, DAVID BRUAH, M.D., by and through his attorneys, GUMMERSON & RAUSCH, LLC, and for his Memorandum of Law in support of his Motion to Dismiss Count I of the Plaintiff's Complaint at Law pursuant to Federal Rule of Civil Procedure 12(b)(6), states as follows:

**FACTUAL BACKGROUND**

On or about September 28, 2006, the Plaintiff filed his Complaint at Law in this case in the Circuit Court of McHenry County, Illinois.  Count I of the Plaintiff's Complaint at Law contains allegations of medical negligence against Dr. David Bruah.  Counts II and III are allegations directed against Merck.  Defendant Merck removed the case to the United States District Court for the Northern District of Illinois alleging federal jurisdiction based on diversity of citizenship, and asserting that Dr. Bruah, an Illinois citizen, was fraudulently joined as a Defendant.

The Plaintiff alleges in Count I of his Complaint at Law that Dr. Bruah was negligent in the following ways:

    a.    Improperly prescribed Vioxx to Plaintiff knowing that it was contraindicated for David Stuart;

    b.    Improperly prescribed Vioxx to Plaintiff knowing that he was at risk for future cardiac problems;

    c.    Improperly prescribed Vioxx to Plaintiff knowing that he had a history of cardiac problems;

    d.    Failed to warn the Plaintiff that Vioxx should not be used in patients with a history of cardiac problems;

    e.    Failed to warn the Plaintiff of the risks associated with the use of Vioxx in individuals with a history of cardiac problems;

    f.    Improperly prescribed Vioxx by phone without regard for Plaintiff's medical history.

The Plaintiff alleges in Count I of his Complaint at Law that Dr. Bruah prescribed Vioxx for him starting on or about October 15, 1999, and that Dr. Bruah continued to prescribe Vioxx for him up to and including May 27, 2002.

The allegations in the Complaint at Law establish that the medical negligence claims brought by the Plaintiff are time barred under the Illinois statute of repose applicable to medical negligence actions. Therefore, this Court should dismiss Count I of the Plaintiff's Complaint at L:aw with prejudice.

## **ARGUMENT**

A federal court sitting in diversity must follow the statute of limitations that the state in which it is sitting would use. Thomas v. Guardsmark, Inc., 381 F.3d 701, 707 (7th Cir. 2004). Section 13-212(a) of the Illinois Code of Civil Procedure provides as follows:

2

>§13.212. Physician or hospital. (a) Except as provided in Section 13-215 of this Act, no action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which the act or omission or occurrence alleged in such action to have been the cause of such injury or death.

Section 13-212(a) is bifurcated, providing both a statute of limitations and a statute of repose. Kanne v. Buckley, 306 Ill.App.3d 1036, 1040, 715 N.E.2d 784, 787, 240 Ill. Dec. 97, 100 (Ill. App. 1 Dist. 1999). The limitations period incorporates the discovery rule and clearly provides that a plaintiff has two years to bring an action from the date he or she knows or should know of the injury at issue. Id. The second part of the statute, the period of repose, places a legislatively mandated limit on when a lawsuit may be filed after the occurrence alleged to have caused the injury. Id. The repose period starts to run on the last date of negligent treatment, and is intended to terminate the possibility of liability after a defined period of time, regardless of a potential plaintiff's lack of knowledge of his cause of action. Id. The statute clearly states that the four-year period of repose begins to run from the alleged act or omission that causes the plaintiff's injury. 306 Ill.App.3d at 1041, 715 N.E.2d at 787, 240 Ill. Dec. at 100.

The Plaintiff has alleged that Dr. Bruah was negligent in prescribing Vioxx for him. The Plaintiff has alleged that the prescriptions for Vioxx started on October 15, 1999. The Plaintiff has alleged that the Vioxx was prescribed by Dr. Bruah until May 27, 2002.

Pursuant to the repose period as set forth in Section 13-212(a), the Plaintiff had until May 27, 2006, to file his claim for medical negligence against Dr. Bruah.  Since the Plaintiff's Complaint at Law was not filed until September 28, 2006, it was not filed in a timely manner, and it should be dismissed with prejudice.

WHEREFORE, the Defendant, DAVID BRUAH, M.D., respectfully requests that this Honorable Court dismiss Count I of the Plaintiff's Complaint at Law with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), and for such other relief as this Court deems just.

                    DAVID BRUAH, M.D., Defendant

                    By:  /s/ Tom E. Rausch
                        One of his Attorneys

Tom E. Rausch (#2290820)
GUMMERSON & RAUSCH, LLC
101 S. Benton Street, Suite 201
Woodstock, IL 60098
815-337-7700

STATE OF ILLINOIS )
) ss.
COUNTY OF McHENRY )

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing <u>Defendant David Bruah, M.D.'s Memorandum of Law in Support of His Motion to Dismiss Plaintiff's Complaint at Law</u> has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 9th day of February, 2007.

    /s/ Tom E. Rausch
Tom E. Rausch, #2290820
Attorneys for Defendant David Bruah, M.D.
Gummerson & Rausch, LLC
101 S. Benton Street, Suite 201
Woodstock, IL 60098
(815) 337-7700
(815) 337-7990 (facsimile)
trausch@lawgr.com