**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In Re: VIOXX ) | |
| ) | MDL DOCKET NO. 1657 |
| PRODUCTS LIABILITY LITIGATION ) | |
| ) | SECTION L |
| ) | |
| ) | JUDGE FALLON |
| This Document Relates To: ) | |
| Thelma Cates, v. Merck & Co., Inc., and ) | MAG. JUDGE KNOWLES |
| Dr. Richard Valbuena, M.D., ) | |
| 2:06-CV-10212-EEF-DEK ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT,**
**DR. RICHARD VALBUENA, M.D.'S, MOTION TO DISMISS,**
**OR IN THE ALTERNATIVE, MOTION TO REMAND**

### I.     PROCEDURAL BACKGROUND

Defendant Dr. Ricardo Valbuena, M.D., is a citizen of Oklahoma where he is also a licensed medical practitioner. Over his objection and against the fundamental requirement of diversity of citizenship required by 28 U.S.C § 1332, Dr. Valbuena is a defendant in the federal MDL Vioxx litigation.

On September 5, 2006, Thelma Cates filed her Petition in the District Court for Pittsburg County, State of Oklahoma, against the Defendants, Merck & Co., Inc. and Dr. Ricardo Valbuena, M.D. (Plaintiff's Original Petition, attached as Exhibit "A.") At all times material, Plaintiff was a resident of the State of Oklahoma. (¶ 1, Exhibit "A.") Further, at all times material, Dr. Valbuena was and remains a citizen of the State of Oklahoma. (¶ 3, Exhibit "A.")

Every allegation of wrong doing contained in the Petition is made against or solely involves the Defendant Merck & Co., Inc. The only allegation involving Dr. Valbuena is contained in ¶ 3 which states in full: "Defendant Ricardo Valbuena, M.D., is a licensed practitioner in the State of Oklahoma with his principal place of business at 1107 W. Main

Street, Wilburton, OK 74578." Plaintiff used the plural "Defendants" in ¶ 6 alleging only the jurisdictional requirement that "Defendants are subject to in personam jurisdiction…." All other allegations in the petition solely regard Defendant Merck & Co., Inc., including the singular use of "Defendant." Not until Plaintiff's prayer for damages, ¶¶ 31 and 34, is the plural "Defendants" generically used again. Plaintiff's Petition is simply one against the Defendant Merck & Co., Inc., with a single reference thrown in regarding the fact that the Dr. Valbuena is a resident of the State of Oklahoma.

On September 21, 2006, Defendant Merck & Co., Inc., removed this action to the United States District Court for the Eastern District of Oklahoma and simultaneously filed a Motion to Stay All Proceedings Pending Transfer by the Judicial Panel on Multidistrict Litigation. (Notice of Removal, attached as Exhibit "B.") Merck & Co., Inc.'s, Notice of Removal alleged the federal court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because (1) the amount in controversy exceeds the sum of $75,000.00 exclusive of costs and interest and (2) there is complete diversity of citizenship, despite the inclusion of the non-diverse Defendant, Dr. Valbuena. Merck & Co., Inc.'s Notice of Removal alleged that Plaintiff's "fraudulently joined" the non-diverse Defendant, Dr. Valbuena, and Dr. Valbuena joins in this proposition. On October 11, 2006, this matter was stayed pending the transfer decision by the Judicial Panel on Multidistrict Litigation.

On November, 17 2006, the Multidistrict Litigation Panel entered its Conditional Transfer Order (CTO-71) conditionally transferring this matter as a "tag along action" to this Court. On December 13, 2006, this matter was finally transferred to this Court.

## II.    ARGUMENT

### A.    DR. VALBUENA WAS FRAUDULENTLY JOINED IN THIS ACTION AND SHOULD BE DISMISSED

A simple reading of Plaintiff's Petition (Exhibit "A.") reveals a complete lack of any allegation of any wrongdoing on the part of Dr. Valbuena. Merck & Co., Inc.'s Notice of Removal is based on the proposition that the "medical negligence/malpractice claims against Dr. Valbuena are conclusory and insufficient." (Exhibit "B.") Merck & Co., Inc. argued "there is no reasonable basis to predict that Plaintiff will prevail on her claim…against the physician defendant" and that Plaintiff only "makes conclusionary allegations of the foreseeability of Plaintiff's injury." *Id*. Merck & Co., Inc.'s, arguments assume Plaintiff's singular allegations of wrongdoing by "the Defendant" include both Defendants. Dr. Valbuena does not join in this assumption and asserts the *only* allegations of wrongdoing are against Merck & Co., Inc. In either case, the allegations are insufficient and evidence the fraudulent joinder of Dr. Valbuena.

The Multidistrict Litigation Panel which oversees much of the prescription drug litigation, previously held that the joinder of parties like Dr. Valbuena can "only be characterized as a sham, at the unfair expense not only of the [prescription drug manufacturer], but of many individuals and small enterprises that are being dragged into court simply to prevent the adjudication of lawsuits against [the prescription drug manufacturer], the real target, in a federal forum." Anderson v. Am. Home Products Corp., 220 F.Supp.2d 414, 425 (E.D. Pa. 2002). Indeed there are dozens of district court decisions finding that plaintiffs fraudulently joined physicians to defeat federal diversity jurisdiction. See, e.g., *In re Rezulin Prods. Liab. Litig.*, 133 F.Supp.2d 272 (S.D.N.Y. 2001); *In re Baycol Prods. Litig.*, (*Spier v. Bayer Corp.*), 2003 WL 21223842, at *2 (D.Minn 2003) (Conclusory allegation doctor knew or should have known of Baycol's risks absent supporting factual assertions will not defeat fraudulent joinder.")

Wherefore, Dr. Valbuena respectfully request this Court Order that because Plaintiff fraudulent joined Dr. Valbuena, he should be dismissed from this litigation.

### B.  ALTERNATIVELY, SINCE COMPLETE DIVERSITY DOES NOT EXIST AS REQUIRED BY 28 U.S.C. 1332, THIS MATTER SHOULD BE DISMISSED OR REMANDED TO STATE COURT

Should this Court elect not to dismiss Dr. Valbuena from this litigation due to his fraudulent joinder, then this matter should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1) or remanded to the District Court of Pittsburg County, State of Oklahoma, pursuant to 28 U.S.C. 1332 for lack of federal subject matter jurisdiction since complete diversity between the parties does not exist. In its Notice of Removal, Merck & Co., Inc., does not dispute that Defendant Dr. Valbuena is an Oklahoma resident but instead, makes the assertion that Dr. Valbuena was fraudulently joined and his citizenship should be ignored for purposes of determining federal court jurisdiction. Contrary to Merck & Co., Inc.'s assertions, this Court does not have diversity jurisdiction over this case under 28 U.S.C. §1332 since there are Dr. Valbuena was an Oklahoma resident when Plaintiff filed their Petition. Regardless of the merits of this assertion and whether or not this Court determined that Plaintiff fraudulently joined Dr. Valbuena, the non-diverse Defendant, Dr. Valbuena, still remains a defendant and active participant in federal court litigation where he does not belong.

### 1.  This Case Should Be Dismissed For Lack of Federal Subject Matter Pursuant to Fed.R.Civ.P. 12(b)(1)

A motion to dismiss filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the subject matter of the federal district court. See, Fed.R.Civ.P.12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home builders Ass'n of Miss, Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension*

*Fund,* 81 F.3d 1182, 1187 (2nd Cir. 1996); see *John Corp. V. City of Houston,* 214 F.3d 573, 576 (5th Cir. 2000). Federal courts are courts of limited jurisdiction and, absent jurisdiction conferred by statute or the Constitution, lack the power to adjudicate claims. See *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), *Howery v. Allstate Ins. Co.,* 243 F.3d 812, 916 (5th Cir.) *cert. denied,* 534 U.S. 993, 122 S.Ct. 459, 151 L.Ed.2d 377 (2001); *Stockman v. Federal Election Comm'n,* 138 F.3d 144, 151 (5th Cir. 1998). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery,* 243 F.3d at 919.

The burden of establishing federal jurisdiction rests on the party seeking to invoke it. See *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied,* 536 U.S. 960, 122 S.Ct. 2665, 153 L.Ed.2d 839 (2002); *Howery,* 243 F.3d at 916; *Estate of Martineau v. ARCO Chem. Co.,* 203 F.3d 904, 910 (5th Cir. 2000); *Stockman*, 138 F.3d at 151; *St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998); *Frank v. Bear Stearns & Co.,* 128 F.3d 919, 921-22 (5th Cir. 1997). Indeed, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot,* 85 F.3d 244, 248 (5th Cir. 1996) (citing *Strain v. Harrelson Rubber Co.,* 742 F.2d 888, 889 (5th Cir. 1984)); *accord Howery,* 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377, 114 S.Ct. 1673).

"In ruling on a motion to dismiss for lack of subject matter jurisdiction, a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac V.O.F.,* 241 F.3d 420, 424 (5th Cir. 2001), *cert. denied,* 534 U.S. 1127, 122 S.Ct. 1059, 151 L.Ed.2d 967 (2002) (citing *Barrera-Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir. 1996)); *accord Ramming,* 281 F.3d at 161; *Robinson v. TCI/US West Communications, Inc.*, 117 F.3d 900, 904 (5th Cir. 1997).

Nevertheless, all uncontroverted allegations in the complaint must be accepted as true. *See Den Norske Stats Oljeselskap As,* 241 F.3d at 424; *Williamson v. Tucker,* 645 F.2d 404, 412 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981); *Cloud v. United States,* 126 F.Supp.2d 1012, 1017 (S.D.Tex.2000), *aff'd,* 281 F.3d 158 (5th Cir. 2001), *cert. denied,* 536 U.S. 960, 122 S.Ct. 2665, 153 L.Ed.2d 839 (2002). Thus, when examining a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), unlike a motion to dismiss under Rule 12(b)(6), the district court is entitled to consider disputed facts as well as undisputed facts in the record. *See, Ramming,* 281 F.3d at 161; *Clark v. Tarrant County,* 798 F.2d 736, 741 (5th Cir. 1986); *Williamson,* 645 F.2d at 413; *Cloud,* 126 F.Supp.2d at 1017. The court must always be mindful, however, of "the first principle of federal jurisdiction," which requires a federal court to dismiss an action whenever it appears that subject matter jurisdiction is lacking. *Stockman*, 138 F.3d at 151 (quoting *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994) (quoting Hart & Wechsler, The Federal Courts and the Federal System 835 (2d ed. 1973))).

As set forth in the Petition, Plaintiff Thelma Cates is a citizens of the State of Oklahoma. Consequently, complete diversity of citizenship does not exist. Since Plaintiff's Petition does not allege a federal question, then, without diversity, there can be no federal subject matter jurisdiction. In the absence of federal jurisdiction, this Court lacks jurisdiction to adjudicate the claims between the parties in this matter. Consequently, this Court should dismiss this matter due to lack of federal subject matter jurisdiction.

2. **This Case Should be Remanded to State Court Because the Parties Lacked Diversity of Citizenship and Removal to Federal Court Was Improper**

If this Court elects not to dismiss this case for lack of federal subject matter jurisdiction, then, because the parties lack complete diversity of citizenship and there is still no federal subject

matter jurisdiction, this Court must remand this case to state court in Oklahoma. Since complete diversity between the parties did not exist at the time of Merck & Co., Inc.'s removal, there is no federal court jurisdiction and this matter must be remanded.

Civil actions not involving a federal question, such as this case, are removable to a federal district court *only* where there is a complete diversity of citizenship between the parties. 28 U.S.C. §1332(a)(1); 28 U.S.C. §1441(b). Section 1332 requires that there be complete diversity; that is, each plaintiff's citizenship must be diverse as to each defendants. *Id.* The burden of proof falls on the party seeking to invoke federal diversity jurisdiction to present "competent proof" that the requirements of § 1332 have been met. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 179, 56 S.Ct. 780 (1936); *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978) (holding that "diversity jurisdiction does not exist unless each defendant is a citizen of a different state from each plaintiff."); see also, *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 919 (C.A. 5 2005); *Strawbridge v. Curtiss,* 7 U.S. 267 (1806). Upon removal, the court should remand the case to state court if it determines that it lacks subject matter jurisdiction. See, 28 U.S.C. 1441(c). Removal jurisdiction is to be strictly construed with all doubts as to its propriety to be resolved in favor of remand.

Plaintiff Thelma Cates is a citizen of the State of Oklahoma. Consequently, complete diversity does not exist. Since Plaintiff's Petition does not allege a federal question, there is no federal jurisdiction. In the absence of federal jurisdiction, the removal of this matter to federal court was improper pursuant to 28 U.S.C. §1441(b). Therefore, Dr. Valbuena requests that this Court remand this case to the District Court of Pittsburg County, State of Oklahoma.

## CONCLUSION

For all of the reasons discussed herein, since there is no diversity between the parties, Defendant Dr. Ricardo Valbuena, M.D., requests that this matter be dismissed for lack of federal subject matter jurisdiction and/or because Dr. Valbuena is fraudulently joined. Alternatively, Defendant Dr. Ricardo Valbuena, M.D., requests that this Court remand this case to the District Court of Pittsburg County, State of Oklahoma.

Respectfully Submitted,

**SECREST, HILL & BUTLER**


   /s/ DON W. DANZ
JAMES K. SECREST, II, Oklahoma Bar No. #8049
jsecrest@secresthill.com
DON W. DANZ, Oklahoma Bar No. #14607
ddanz@secresthill.com
7134 South Yale, Suite 900
Tulsa, OK 74136
(918) 494-5905
(918) 494-2847 fax

*ATTORNEYS FOR DEFENDANT*
*DR. RICHARD VALBUENA, M.D.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing DEFENDANT, DR. RICHARD VALBUENA, M.D.'S, MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO REMAND has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send

a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 12th day of February, 2007.

   /s/ DON W. DANZ
DON W. DANZ, Oklahoma Bar No. #14607
Attorney for Defendant Dr. Richard Valbuena, MD
Secrest, Hill & Butler
7134 South Yale, Suite 900
Tulsa, OK 74136
Telephone: (918) 494-5905
Facsimile: (918) 494-2847
ddanz@secresthill.com

001/06055 Cates/Plds/MTD Brief