CM 8.00
SEP 0 6 2006

WCS&R
SEP 0 7 2006
RECEIVED

IN THE DISTRICT COURT IN AND FOR PITTSBURG COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| THELMA CATES, | |
| Plaintiff, | Case No. C-06-835 |
| vs. | |
| MERCK & CO., Inc., A New Jersey corporation, and DR. RICARDO VALBUENA, M.D., | |
| Defendant. | |

2006 SEP 15 P 2: 39

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, THELMA CATES hereinafter referred to as Plaintiff, and for her causes of action against Defendants, would respectfully show this Court as follows:

### A. PARTIES

1. Thelma Cates is a resident of McAlester, Pittsburg County, Oklahoma.

2. Defendant MERCK & CO., INC., was and is, an American pharmaceutical company incorporated under the laws of the State of New Jersey with its principal place of business at One Merck Drive, P.O. Box 100, Whitehouse Station, New Jersey. Defendant is authorized to do business in the State of Oklahoma, and may be served with process by serving its registered agent, The Corporation Company, 735 1st National Building, Oklahoma City, Oklahoma 73102.

3. Defendant Richardo Valbuena, M.D., is a licensed practitioner in the State of Oklahoma with his principal place of business at 1107 W. Main Street, Wilburton, OK 74578.

M009E06151

### B. JURISDICTION

4. Plaintiff's claims are brought solely under Oklahoma law, and Plaintiff states that she does not bring any claims and disclaims any and all claims under any federal laws, statutes, or regulations.

5. The damages suffered and sought to be recovered herein are in excess of the minimum jurisdictional limits of this Court.

6. Defendants are subject to the *in personam* jurisdiction of the Court by virtue of the fact that they did and are doing business within the State of Oklahoma and committed a tort in whole or in part in this state against the Plaintiff, as more fully set forth herein.

### C. VENUE

7. This Court has venue of this action in that Plaintiff took the prescribed medication in the Pittsburg County, Oklahoma; and, sustained injury as a result thereof in the Pittsburg County, Oklahoma.

### D. FACTS

8. The Plaintiff was initially prescribed Vioxx by the Defendant, Ricardo Valbuena, M.D., a licensed practitioner in the State of Oklahoma. Defendant, MERCK & CO., INC. obtained United States Food and Drug Administration (FDA) approval for VIOXX in May 1999 and began distributing the product throughout the United States that year. The FDA approval of VIOXX was based upon representations made by Defendant, Merck & Co., Inc. Defendant, Merck & Co., Inc., prior to, that time and for years following approval concealed serious cardiovascular and cerebrovascular risks associated with VIOXX.

2

M009E06152

9. Defendant, Merck & Co., Inc. from the beginning of manufacturing, marketing and distributing its products, VIOXX, made false and misleading statements concerning the safety profile and superiority of VIOXX.

10. VIOXX, (generic name rofecoxib), was initially approved for osteoarthritis, rheumatoid arthritis, juvenile rheumatoid arthritis, pain and migraine attacks, menstrual pain and for the management of acute pain in adults. Defendant, Merck & Co., Inc. represented that VIOXX, a Cox-2 inhibitor, caused less GI tract complications than some alternative medicines.

11. Defendant, Merck & Co., Inc. instigated promotional live and audio conferences by a Peter Holt, M.D. and others to persuade health care professionals of the claimed benefit and safety of VIOXX.

12. Defendant, Merck & Co., Inc. financed a worldwide, direct-to-consumer, advertising campaign to convince lay people to ask their healthcare professionals to prescribe VIOXX for their pain and inflammation.

13. Studies before and after the product was originally released indicated a significant increase in a risk of cardiovascular and cerebrovascular events by taking VIOXX, yet Merck ignored this evidence and campaigned aggressively to suppress this information to avoid any regulation requiring additional warnings or instructions, or a reversal of approval by the FDA. The net result for Defendant, Merck & Co., Inc., as result of this overt campaign was a profit of billions of dollars in sales of VIOXX.

M009E06153

14. The FDA became concerned with the Defendant, Merck & Co., Inc.'s continued subversion of the truth concerning risk of its product and communicated its concerns on several occasions. On September 17, 2001, the FDA sent a warning letter stating, in part, that the Defendants promotional activity and material. . . "was lacking in pure balance, or otherwise misleading in violation of the Food Drug and Cosmetic Act." The FDA was specifically concerned about the Defendant, Merck & Co., Inc.'s campaign to minimize findings of potentially serious cardiovascular and cerebrovascular risks from a VIOXX study, and its misrepresentation of VIOXX's "safety profile."

15. On April 2002 Merck was finally required by the FDA to include cardiovascular and cerebrovascular warnings on the VIOXX labeling.

16. From the date that VIOXX was first distributed until September of 2004, when VIOXX was removed from the world market as a result of pressure from the FDA and the findings of numerous scientific studies, the Defendant, Merck & Co., Inc. continued to engage in a scheme of marketing, distributing, and selling VIOXX under the guise that it was safe for persons such as Plaintiff.

17. Defendant, Merck & Co., Inc. misrepresented to Plaintiff and to the healthcare industry the safety and effectiveness of VIOXX and concealed material information necessary to intelligently determine the dangers of Merck's product.

18. More specifically, the Defendant, Merck & Co., Inc. failed to disclose and actively suppressed information that:

4

M009E06154

 (a) VIOXX caused statistically significant increases in cardiovascular and cerebrovascular medical conditions including thrombosis, myocardial infarction, stroke, and sudden cardiac death;

 (b) There had been insufficient or biased studies regarding the safety of VIOXX before it was first distributed;

 (c) VIOXX was not fully and adequately tested for cardiovascular and cerebrovascular side effects;

 (d) Other testing studies showed there were serious adverse effects, including disability and death, and a greatly increased risk of such cardiovascular and cerebrovascular events;

 (e) A mechanism by which these thrombotic, cardiovascular and cerebrovascular events occurred was discovered and scientifically confirmed.

19. These misrepresentations and active concealments were perpetrated, directly and indirectly, by the Defendant, Merck & Co., Inc. and to the detriment of Plaintiff, foreseeably causing Plaintiff to suffer medical conditions that otherwise should not have been suffered.

20. As a result of the cover up and misrepresentations of Defendant, Merck & Co., Inc., Plaintiff took VIOXX and has suffered foreseeable health consequences of its use.

### E. COUNT 1 - NEGLIGENCE

21. Plaintiff incorporates paragraphs #7-20.

22. The Defendant failed to use ordinary care, that is, failed to do that which a person of ordinary prudence would have done under the same or similar circumstances, foreseeably causing disease and injury to Plaintiff.

M009E06155

### F. COUNT 2 - PRODUCTS LIABILITY

23. Plaintiff incorporates paragraphs #7-22.

24. Defendant, Merck & Co., Inc., manufactured and distributed VIOXX, which was defective when it left its possession, and was a producing cause of medical conditions suffered by Plaintiff. It was defective in the manner it was manufactured and designed as well as defective in the manner it was distributed and marketed, with inadequate or nonexistent warnings and instructions. These defects have caused the product to be unreasonably dangerous giving rise to causes of action of negligence and product liability. Defendant failed to comply with the U.S. Food Drug and Cosmetic Act, U.S. Code 21 USC 301 et seq. And regulations promulgated there under, as well as 21 CFR 330.10(a)(4)(v); CFR 369.10; 21 CFR 201.56 and 201.57(d), (c) and (f); 21 CFR 1.21(a); and 21 CFR 600.80; 21 CFR 314.50.

### G. COUNT 3 - BREACH OF EXPRESSED AND IMPLIED WARRANTIES

25. Plaintiff incorporates paragraphs #7-24.

26. Defendant, Merck & Co., Inc. breached expressed warranties promulgated by virtue of its language on its packaging, instructions, and advertising. Further, Defendant, Merck & Co., Inc. breached implied warranty of merchantability.

### H. COUNT 4 - FRAUD AND INTENTIONAL PART

27. Plaintiff incorporates paragraphs #7-26.

28. Defendant, Merck & Co., Inc. concealed and continues to conceal past and present facts from regulatory agencies, healthcare providers and the consuming public, including Plaintiff, that directly relate to the safety of its product VIOXX.

M009E06156

29. These concealed facts are material and directly linked to the medical condition of the Plaintiff.

### J. DAMAGES

30. Plaintiff incorporates paragraphs #7-29.

31. As a direct and proximate result of Defendants' conduct aforementioned, Plaintiffs suffered cerebrovascular events including stroke and/or cardiovascular events including heart attack, causing the following injuries and damages.

    (a) Medical expenses in the past and future;

    (b) Physical pain and mental anguish in the past and future;

    (c) Physical impairment in the past and future;

    (d) Lost earnings in the past; and

    (e) Loss of future earning capacity.

### K. PUNITIVE DAMAGES

32. Plaintiff incorporates paragraphs #7-33.

33. Defendant, Merck & Co., Inc.'s conduct rises to the level of fraud, malice, and wilful and wanton conduct. Its actions were done heedlessly and recklessly and without regard to the rights and safety of others, including Plaintiff.

### L. PRAYER

34. For these reasons, Plaintiff asks for judgment against Defendants in an amount in excess of $10,000.00 as well as all other relief this court deems appropriate.

7

M009E06157

Respectfully submitted,

STIPE, HARPER LAW FIRM

By: _____
TIM MAXCEY, OBA #13567
STIPE, HARPER LAW FIRM
P.O. Box 1369
McAlester, OK 74502-1369
(918) 423-0421
(918) 423-0266 Facsimile
ATTORNEY FOR PLAINTIFF

ATTORNEY'S LIEN CLAIMED.

8

M009E06158

IN THE DISTRICT COURT IN AND FOR PITTSBURG COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| THELMA CATES, | } |
| | } |
| Plaintiff, | } |
| | } Case No. C-06-P35 |
| vs. | } |
| | } |
| MERCK & CO., Inc., | } |
| A New Jersey corporation, and | } |
| DR. RICARDO VALBUENA, M.D., | } |
| | } |
| Defendant. | } |

SUMMONS

TO THE ABOVE-NAMED DEFENDANT:     MERCK & CO., INC.

YOU have been sued by the above named plaintiff, and you are directed to file a written answer to the attached petition in the court at the above address within (20) days after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff.

Unless you answer the petition within the time stated, judgment will be rendered against you with costs of the action.

ISSUED this 5th day of Sept, 2006.

_Cindy Eller_, Court Clerk

By: _[signature]_
    Deputy

Attorney for Plaintiff:
TIM MAXCEY, OBA #13567
STIPE, HARPER LAW FIRM
P.O. Box 1369
McAlester, OK 74502-1369
(918) 423-0421
(918) 423-0266 (Facsimile)

YOU MAY SEEK THE ADVICE OF ANY ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR ANY ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.

M009E06159

THIS SUMMONS WAS SERVED ON_____
             (Date of Mailing)


_____
(Signature of person serving summons)

  I certify that I mailed copies of the foregoing summons with a copy of the petition attached to the following named defendant at the address shown by certified mail, addressee only, return receipt requested, on the _____ day of _____, 20____, and receipt thereof on the dates shown:

**Defendant**      **Address Where Served**    **Date Receipted**

_____

_____

_____