*W04-110. To*
*P[?]al. P[?]d[?]*

**FILED**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**NOV 1 4 2006**

ARLEN B. COYLE, CLERK

By_____
                    Deputy

| | |
|---|---|
| V. J. ROBINSON and<br>FAYE ROBINSON,  ) | |
| ) | |
| ) | |
| **Plaintiffs,**  ) | |
| ) | Case No.: 1:06CV313-DD |
| **vs.**  ) | |
| ) | |
| MERCK & CO., INC.,  ) | **JURY TRIAL DEMAND** |
| DARLENE ROBERSON, and  ) | |
| DOES 1-5,  ) | |
| ) | |
| **Defendants.**  ) | |

## NOTICE OF REMOVAL

TO: The United States District Court for the Northern District of Mississippi:

PLEASE TAKE NOTICE that Defendant Merck & Co., Inc. ("Merck") hereby removes

this action pursuant to 28 U.S.C. § 1441 from the Circuit Court of Oktibbeha County,

Mississippi, to the United States District Court for the Northern District of Mississippi, and

respectfully states to this Court as follows:

    1.    This is one of numerous personal injury cases that have been filed recently

in both federal and state courts around the country concerning the pharmaceutical Vioxx®

("Vioxx"). On February 16, 2005 the Judicial Panel on Multidistrict Litigation (the "Panel")

issued a transfer order, establishing MDL Proceeding No. 1657, *In re VIOXX Products Liability*

*Litigation.* The Transfer Order directed that 148 cases subject to original motions be transferred

and coordinated for pretrial proceedings in the United States District Court for the Eastern

District of Louisiana, before the Honorable Eldon E. Fallon.   The 148 cases subject to the

Transfer Order, while involving different and distinct facts, raise certain overlapping factual

issues and allege similar legal theories. On March 4, 2005, the Panel issued Conditional Transfer

**EXHIBIT**

**4**

Order No. 1 transferring additional federal district court cases, including nine pending in Mississippi, to the United States District Court for the Eastern District of Louisiana, pending opposition from any party. Merck intends to provide notice to the Panel, pursuant to J.P.M.L. Rule 7.5, of the pendency of this "tag-along" action.

2.      On or about June 30, 2006, V.J. Robinson and Faye Robinson ("Plaintiffs") commenced a civil action by filing a Complaint, bearing cause number 2006-0255-CV, in the Circuit Court of Oktibbeha County, Mississippi. Merck now timely removes this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

3.      For the reasons described below, removal of this action is proper because (1) Merck has satisfied the procedural requirements for removal and (2) this Court has jurisdiction over the State Court action pursuant to 28 U.S.C. § 1332.

## I.      MERCK HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

4.      Merck was served with the Complaint on October 12, 2006. This Notice of Removal, filed within 30 days of service on Merck, is timely pursuant to 28 U.S.C § 1446(b).

5.      Upon information and belief, no further proceedings have been had in the State Court Action. A copy of the state court complaint is attached hereto as Exhibit 1.

6.      The United States District Court for the Northern District of Mississippi, Eastern Division embraces the county in which the state court action is now pending. Therefore, removal to this Court is proper pursuant to 28 U.S.C. § 104(b)(1) & 1441(a).

7.      Merck is the only properly joined defendant and therefore no other consent to this removal is required[1].

8.      No previous application has been made for the relief requested herein.

9.      Pursuant to 28 U.S.C. § 1446(d), defendant Merck is filing written notice of this removal with the Clerk of the State Court in which the action is currently pending. Copies of the Notice of Filing Notice of Removal, together with this Notice of Removal, are being served upon plaintiffs' counsel pursuant to 28 U.S.C. § 1446(d).

## II.     REMOVAL IS PROPER IN THIS CASE BASED ON DIVERSITY JURISDICTION.

10.     As set forth below, this Court has subject matter jurisdiction over the State Court action pursuant to 28 U.S.C. §§ 1332 and 1441 because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and there is complete diversity between plaintiffs and the only properly joined defendant, Merck.

### A.      The Amount In Controversy Exceeds $75,000.

11.     It is apparent on the face of the Complaint that plaintiffs seek recovery of an amount in excess of $75,000, exclusive of costs and interest.  Plaintiffs seek compensatory and punitive damages. Complaint at ¶¶ 79, 82, Count VI.  Courts considering similar alleged injuries arising of the plaintiffs' alleged use of the same drug – Vioxx - have found the amount in controversy requirement of 28 U.S.C. § 1332 (diversity jurisdiction) to be satisfied and thus denied motions to remand. *See, e.g., Morgan v. Merck & Co.,* No. 3:03cv435WS, Order Denying Plaintiffs' Motion To Remand And Granting Defendants' Pending Motions (S.D. Miss.

---

[1] 28 U.S.C. § 1441(b) does not bar removal.  It is well settled that co-defendants who are fraudulently joined need not consent to removal. *See Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir. 1993); *Getty Oil Corp. v. Insurance Co, of N. Am.,* 841 F.2d 1254, 1261 n.9 (5th Cir. 1988). The only other named defendant, Roberson, is fraudulently joined, infra ¶¶ 16-20, and therefore, his consent is not required.

May 29, 2004); *Omobude v. Merck & Co.*, No. 3:03CV528LN, Memorandum and Order at 3 (S.D. Miss. Oct. 3, 2003); *Porter v. Merck & Co.*, No. 4:03CV12LN, Memorandum and Order at 2 (S.D. Miss. June 17, 2003).[2]

**B.      There Is Complete Diversity Between Plaintiffs And The Only Arguably Properly Joined Defendant-Merck.**

12.      Upon information and belief, plaintiffs were, at the time this suit was filed, citizens of the State of Mississippi.[3]  Complaint at ¶ 1.

13.      Merck is, and was at the time of the filing of this lawsuit, a corporation organized under the laws of the State of New Jersey with its principal place of business in New Jersey.   Complaint at ¶ 2. Therefore, Merck is a citizen of New Jersey for purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

14.      Defendants John Does 1-5 have been sued under fictitious names. Complaint at ¶ 4. Accordingly, the citizenship of John Does 1-5 "shall be disregarded" for purposes of removal.  28 U.S.C. § 1141(a).

15.      For the reasons set forth below, the remaining defendant, Darlene Roberson ("Roberson"), is fraudulently joined. Therefore, her citizenship must be ignored for removal purposes. *See Heritage Bank v. Redcom Labs, Inc.,* 250 F.3d 319, 323 (5th Cir. 2001) (fraudulent joinder of a non-diverse defendant will not operate to defeat diversity jurisdiction).

---

[2] Copies of the unpublished decisions in *Morgan, Omobude,* and *Porter,* along with their respective complaints, are attached hereto as Exhibits 2, 3, and 4, respectively.
[3] Plaintiffs allege that they are adult resident citizens of Oktibbeha County, Mississippi. Complaint at ¶ 1. Plaintiffs allege no other alternative state of residence.  Accordingly, Mississippi is the state in which Plaintiffs are domiciled and, therefore, the state of which they are citizens for purposes of determining diversity.

**C.      Defendant Darlene Roberson is Fraudulently Joined.**

16.      For the reasons set forth below, the remaining defendant, Roberson, identified as a Mississippi resident and Merck professional representative, is improperly joined.[4] *See Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir. 2001) (fraudulent joinder of a non-diverse defendant will not operate to defeat diversity jurisdiction). Pursuant to the fraudulent joinder doctrine, a court should disregard the citizenship of in-state defendants where, as here, "there is no reasonable basis for predicting that plaintiffs might establish liability . . . against the in-state defendants." *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 393 (5th Cir. 2000). There is no reasonable basis to predict that plaintiffs could prevail on their claims against Roberson for the following reasons.

17.      There is no reasonable basis to predict that plaintiffs could prevail on the claims against Roberson and Roberson is fraudulently joined because plaintiffs have not alleged even a minimally sufficient factual basis for the claims asserted against Roberson. *See, e.g., Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999) (finding in-state defendant fraudulently joined where plaintiff refers to the in-state defendant only in passing and directs specific allegations towards the diverse defendants); *Strong v. First Family Fin. Services, Inc.*, 202 F. Supp. 2d 536, 545 (S.D. Miss. 2002) (denying remand; non-diverse defendant fraudulently joined where plaintiff asserted mere conclusory allegations "unaccompanied by any factual allegation); *Howard v. CitiFinancial, Inc.*, 195 F. Supp. 2d 811, 818 (S.D. Miss. 2002)

---

[4] The United States Court Of Appeals For The Fifth Circuit has recently adopted the term "improper joinder" in place of "fraudulent joinder." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 571 (5th Cir. 2004).

(denying remand where complaint contained only "conclusory or generic allegations of wrongdoing on the part of non-diverse defendant").

18.     Here, plaintiffs attempt to allege that Roberson is liable for strict liability in tort, intentional/negligent misrepresentation to a learned intermediary, fraud, breach of warranty, common law fraud, fraud by omission, and aiding and abetting by Darlene Roberson and John Does 1-5.  Complaint at Counts I, III, IV, V, VI, VII, IX.  Each of these causes of action requires that Roberson actually have made a representation or omission of fact to the plaintiffs on which the plaintiffs subsequently reasonably relied.  *See Skemetta v. Baywatch Yacht Club, Inc*, 806 So. 2d 1120, 1124 (Miss. 2002) (defining the elements of negligent misrepresentation to include a misrepresentation or omission of fact by the defendant that the plaintiff reasonably relied on); *Johnson v. Black Brothers, Inc.*, 879 So. 2d 525, 529 (Miss. Ct. App. 2004) (defining fraudulent misrepresentation as a false representation by the defendant with the intent that the "hearer" act on in reliance of its truth).  Here, plaintiffs do not allege that Roberson made any representations directly to plaintiffs, but rather, made representations to plaintiffs' physician.   Complaint at ¶ 56 ("sales representatives represented to the treating physicians, the population of Vioxx consumers, and to the public at large and thus to Mr. Roberson and his doctors that Vioxx was safe to prescribe and ingest").  Moreover, plaintiffs' cause of action against Roberson for "Fraud by Omission" is void of any allegation of reliance on anything Roberson said or omitted.  Complaint at ¶¶ 66-71.  As there are no allegations that Roberson made any representations to plaintiffs, plaintiffs have failed to allege even a minimally sufficient factual basis for the claims asserted against Roberson.  Thus, Roberson is improperly joined.  *See, e.g., Griggs*, 181 F.3d at 699.

6

19.     Plaintiffs' claims based on strict liability must fail because under Mississippi Products Liability Act, a seller is not liable to the plaintiff unless plaintiff proves that "the seller exercised substantial control over the aspect of the design, testing, manufacture, packaging or labeling of the product that caused the harm … ; the seller altered or modified the product, and the altercation or modification was a substantial factor in causing the harm …; the seller had actual knowledge of the defective condition of the product at the time he supplied same; or the seller made a factual representation about the aspect of the product which caused the harm." *See* Miss. Code. Ann. § 11-1-63.  Plaintiffs' general allegations do not provide a reasonable basis to proceed against the innocent sellers.  *See Williams v. Bennett*, 921 So. 2d 1269 (Miss. 2006) (granting summary judgment to defendant seller finding that plaintiff failed to advance a sufficient defective design claim).

20.     Plaintiffs' misrepresentation and fraud claims are deficient for the additional reason that plaintiffs have not pleaded fraud with particularity as required by Mississippi law. *See* Fed. R. Civ. P. 9.  Nowhere in the Complaint do plaintiffs identify with the requisite particularity material misrepresentations of past or present fact made by Roberson.  To the contrary, the claims against Roberson do not even meet basic pleading standards, much less the heightened standard for pleading fraud.  Plaintiffs do not make any specific allegations as to what Roberson said, or to whom, and does not even identify his prescribing physician(s).  Accordingly, there is no reasonable basis to predict that plaintiffs could prevail on their misrepresentation and fraud claims against Roberson.

21.     Plaintiffs fail to assert sufficient allegations to establish claims of breach of warranties against the professional representatives for the following reasons.  First, the professional representatives are not "warrantors" of Vioxx, but instead the seller of the product is

7

the manufacturer, Merck.  Additionally, plaintiffs fail to allege that their physicians purchased or even received Vioxx from the named professional representatives. Therefore, plaintiffs' allegations against the professional representatives for breach of implied and express warranties fail. *See Johnson v. Parke-Davis*, 114 F. Supp. 2d 522, 525 (S.D. Miss. 2000).

22.     Lastly, Roberson is improperly joined for the further reason that, to the extent plaintiffs' claims rely on a duty of Roberson to warn the plaintiffs directly, no such duty exists. *Gulotta v. GE Capital Modular Space*, No. Civ.A. 03-1669, 2003 WL 21991717, at *2 (E.D. La. Aug. 19, 2003) (denying remand where non-diverse employee/agent defendant had "no personal duty of care" to plaintiff and was fraudulently joined) attached hereto as exhibit 5; *Walker v. Medtronic, Inc.*, No. 1:03CV74-D-D, 2003 WL 21517997, at *3-*4 (N.D. Miss. June 4, 2003) (denying remand and dismissing claims against sales representative because under Mississippi law a sales representative has no duty to warn (applying learned intermediary doctrine) and there were "no specific factual allegations" of fraudulent misrepresentation against these non-diverse defendants) attached hereto as exhibit 6; *Hardy v. Ducote*, No. 02-1520 (Section "A"), 2003 U.S. Dist. LEXIS 2940, at *6-*9 (W.D. La. Jan. 20, 2003) (denying remand where employer had not "delegated" to the non-diverse employee-defendant a duty of care owed to the plaintiff; finding fraudulent joinder) attached hereto as exhibit 7.

WHEREFORE, Defendant Merck respectfully removes this action from the Circuit Court of the State of Mississippi for Oktibbeha County, bearing cause number 2006-0255-CV, to this Court, pursuant to 28 U.S.C. § 1441.

DATED this 10th day of November, 2006.

8

Respectfully submitted,

BUTLER, SNOW, O'MARA, STEVENS &
CANNADA, PLLC

CHRISTY D. JONES (MB #3192)
CHARLES C. HARRELL (MB #3135)
ANITA MODAK-TRURAN (MB #99422)
J. KENNEDY TURNER, III (MS #8140)
ALYSON B. JONES (MB # 101456)

BUTLER, SNOW, O'MARA,
STEVENS & CANNADA, PLLC
17th FLOOR, AMSOUTH PLAZA
210 EAST CAPITOL STREET
PO BOX 22567
JACKSON, MS 39225
Telephone:  (601) 948-5711
Facsimile:  (601) 985-4500

Counsel for Defendant Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via

1st-Class U.S. Mail, postage prepaid, upon the following counsel of record:

Drug Litigation Liability Group, PLLC
Comprised of:

Liston/Lancaster, PLLC
P.O. Box 645
Winona, MS 38967-0645

David H. Nutt & Associates, P.C.
605 Cresent Blvd., Suite 200
Ridgeland, MS 39157

Pittman, Germany, Roberts & Welsh, L.L.P.
P.O. Box 22985
Jackson, MS 39225-2985

## ATTORNEYS FOR THE PLAINTIFFS

SO CERTIFIED this $\underline{10}^{th}$ day of November, 2006.

_____
ALYSON B. JONES

Jackson 1686768v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JANET SUE MORGAN, ET AL.                                          PLAINTIFFS

VS.

                                        CIVIL ACTION NO.3:03cv435WS

MERCK & CO., INC., ET AL.                                         DEFENDANTS

### ORDER DENYING PLAINTIFFS' MOTION TO REMAND AND GRANTING DEFENDANTS' PENDING MOTIONS

THIS CAUSE came before the Court on:

1. Plaintiffs' Motion to Remand (#6);

2. Defendant Dr. Randall Smith's Motion for Summary Judgment (#19);

3. Defendant Merck & Co., Inc.'s ("Merck") Motion to Reconsider the Court's Order Granting Plaintiffs' Leave to File First Amended Complaint (#23);

4. Merck's Motion to Stay Order Granting Plaintiffs Leave to File Amended Complaint (#24);

5. Plaintiffs' Motion For Leave To File First Amended Complaint (#14).

Having reviewed the Motions, briefs, supplemental submissions, exhibits and legal authorities submitted by the parties, having heard the argument of counsel and having otherwise fully considered the above-referenced Motions, the Court is of the opinion that the Defendants' Motions are well-taken and should be granted and that Plaintiffs' Motion to Remand and Plaintiffs' Motion For Leave To File First Amended Complaint are not well-taken and should be denied.



IT IS HEREBY ORDERED that:

1.    Plaintiffs' Motion to Remand (#6) is denied, because Dr. Randall Smith is fraudulently joined. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship as between Plaintiffs and Merck, the only properly joined defendant, and the amount in controversy for each plaintiff exceeds $75,000, exclusive of interest and costs.

2.    Dr. Randall Smith's Motion for Summary Judgment (#19) is granted. Judgment is hereby entered in favor of Dr. Smith.

3.    Dr. Smith and Fictitious Defendants A, B, C and D are dismissed with prejudice from this lawsuit.

4.    Merck's Motion to Reconsider the Court's Order Granting Plaintiffs Leave to File First Amended Complaint (#23) and Merck's Motion to Stay Order Granting Plaintiffs Leave to File Amended Complaint (#24) are granted. Accordingly, the Court's Order granting Plaintiffs' Motion For Leave To File First Amended Complaint (#17) is vacated, Plaintiffs' Motion For Leave To File First Amended Complaint (#14) is denied, and Plaintiffs' First Amended Complaint (#13) is stricken and dismissed.

5.    The Stay Order entered on the Rule 16.1 Case Management Conference (#9) is lifted. The parties shall submit a Case Management Order to the Court by 5:00 p.m. on Friday, February 27, 2004.

SO ORDERED this the _____ day of _____ 2004.

_____
UNITED STATES DISTRICT JUDGE

2

Approved as to form:

_Dave Miceli_ (SIT w/ permission)
Counsel for Plaintiffs

_[signature]_
Counsel for Defendant Merck & Co., Inc.

_Michael Coleman_ (ANTHY permission)
Counsel for Defendant Randall Smith, M.D.

JACKSON 859879v1

3

IN THE CIRCUIT COURT OF
SMITH COUNTY, MISSISSIPPI

Janet Sue Morgan, an Individual,
and the individuals listed on Exhibit "A", §
§
    PLAINTIFF,               §
§
VS.                      §      CIVIL ACTION NO. 2002-561
§
MERCK AND CO. (hereinafter "Merck"); §
RANDALL SMITH, M.D.,           §
a Mississippi resident; and fictitious §
Defendants A, B, C and D being those §
persons, firms or corporations whose §
actions, inactions, fraudulent suppression, §
fraud, scheme to defraud and/or other §
wrongful conduct caused or contributed to §
the Plaintiff's injuries and damages, and §
whose true names and identities are §
presently unknown to the Plaintiff but will §
be substituted by amendment when §
ascertained,                 §
§
    DEFENDANTS.       §

## COMPLAINT

Trial By Jury is Requested

1.    This is a civil action brought on behalf of Plaintiff, Janet Sue Morgan, who was prescribed and used the prescription medication VIOXX (Rofecoxib). This action seeks monetary damages for personal injuries and or death pursuant to MS Code Ann. Sec. 11-7-13, and damages caused by the drugs named herein and ingested by Plaintiffs.

2.    Plaintiff, Janet Sue Morgan, is an adult resident of Smith County, Mississippi.

3.    The individuals listed on the attached Exhibit "A", are additional Mississippi resident Plaintiffs joined under Rule 20 of the Mississippi Rules Of Civil Procedure. Exhibit "A", is a one page document containing an alphabetized list of the names of twenty-nine (29)

FILED

DEC 3 1 2002

Plaintiffs, beginning with Eddie William Adams, on behalf of Janet Adams, Deceased and ending with Rosie C. Wheaton.

4.      When the word "Plaintiffs" is used herein, it is meant to refer to all Plaintiffs mentioned in Exhibit "A" and the Plaintiffs named in the style of this Complaint, except as to Count VI, which relates solely to Defendant Randell Smith, M.D.

5.      Defendant, Merck & Co., Inc., (hereinafter "Merck") is a New Jersey corporation. At all times relevant hereto, Merck was in the business of manufacturing, marketing, selling and distributing the pharmaceutical product Vioxx (Rofecoxib). Defendant Merck may be served through its registered agent: CT Corporation System; 631 Lakeland East Drive; Flowood, Mississippi, 39208.

6.      Defendant Randell Smith, M.D. is a physician licensed by the State of Mississippi with his residence and principal place of business in Forrest County, Mississippi and can be served at 415 S 28th Avenue, Hattiesburg, Mississippi 39401. Venue is proper in Smith County, Mississippi as one or more of the Defendants do business in Smith County, Mississippi, one or more of the Plaintiffs reside in Smith County, Mississippi; and one or more of the Plaintiffs' actions occurred in Smith County.

7.      Personal jurisdiction and subject matter jurisdiction are appropriate in this court as to all Defendants, as all Defendants have done business in Smith County, either directly or by agent, and have thus availed themselves of this jurisdiction.

8.      The Plaintiffs' claims accrued in whole or in part in this judicial district and one or more of the Plaintiffs resides in this judicial circuit. Defendant Merck is a foreign corporation which has been and is currently engaged in business, directly or by authorized agent, in this

2

judicial district. Venue and jurisdiction are therefore proper. The claims of Plaintiff herein satisfy the jurisdictional amount of this court.

9.     Vioxx is a pharmaceutical treatment for musculoskeletal joint pain associated with osteoarthritis, among other maladies. Defendant Merck did manufacture, design, package, market and distribute this drug. Defendant Merck encouraged the use of this drug in improper patients, misrepresented the safety and effectiveness of this drug and concealed or understated its dangerous side effects. Merck aggressively marketed this drug directly to the consuming public, although only available through prescription, through the use of various marketing mediums, including, but not limited to, print and television advertisements. Merck did this to increase sales and profits.

10.     At all times relevant hereto, Merck actually knew of the defective nature of their product as herein set forth, yet continued to design, manufacture, market, distribute and sell their product so as to maximize sales and profits at the expense of the general public's health and safety in conscious disregard of the foreseeable harm caused by this product. Merck's conduct exhibits such an entire want of care as to establish that its actions were a result of fraud, ill will, recklessness, gross negligence or willful and intentional disregard to the Plaintiff's individual rights, and hence punitive damages are appropriate.

## COUNT I

11.     Plaintiff alleges all prior paragraphs of this complaint as if fully set out herein.

12.     The pharmaceutical Vioxx (Rofecoxib) designed, manufactured, sold and/or supplied by Defendant Merck, was placed into the stream of commerce in a defective and unreasonably dangerous condition as designed, taking into account the utility of the product and the risk involved in its use.

3



13.     Further, the pharmaceutical Vioxx designed, manufactured, marketed, sold and/or supplied by Merck was defective in its marketing due to inadequate warnings or instructions, both independently and when coupled with the aggressive marketing campaign that Merck initiated in relation to this product, both directly to the consuming public and indirectly to the physicians through drug sales representatives.

14.     Vioxx was defective due to inadequate testing and inadequate warnings.

15.     Additionally, Merck failed to provide timely and adequate post-marketing warnings or instructions after it knew or learned of the risk of injury from Vioxx via post-marketing data.  The defective nature of this product is a contributing cause of Plaintiff's injury and damages.

WHEREFORE, this Plaintiff demands judgment against Merck in such an amount of compensatory and punitive damages as a jury deems reasonable, plus cost.

## COUNT II

16.     Plaintiff realleges all prior paragraphs of the Complaint as if set out herein.

17.     Defendant Merck had a duty to exercise reasonable care in the design, manufacture, marketing, sale, testing and/or distribution of Vioxx (Rofecoxib) into the stream of commerce.  Merck failed to exercise ordinary care in the design, manufacture, sale, testing and/or distribution of Vioxx into the stream of commerce.

18.     Merck knew or should have known that Vioxx created an unreasonable risk of bodily harm, including the risk of death.

19.     Despite the fact that Defendant Merck knew or should have known that Vioxx caused unreasonably, dangerous side effects which many users would be unable to remedy by any means, Merck continued to market, and continue to market to this day, Vioxx to the

4

consuming public, when there were and are adequate and safer alternative methods of treatment,

or opportunities for more meaningful warnings.

20.   Defendant Merck knew or should have known that consumers such as Plaintiff

would foreseeably suffer injury or death as a result of its failure to exercise ordinary care as

described above. Defendant's negligence was a contributing cause of Plaintiff's injuries.

WHEREFORE, this Plaintiff demands judgment against Merck in such an amount of

compensatory and punitive damages as a jury deems reasonable, plus cost.

## COUNT III

21.   Plaintiff realleges all prior paragraphs of this complaint as if fully set out herein.

22.   Defendant Merck made express representations to the consuming public at large

through their aggressive marketing and advertising campaigns relative to its product, Vioxx.

23.   Defendant Merck through their detail sales representatives, made representations

of the safety and efficacy of the product, Vioxx.

24.   Vioxx does not conform to the express representations made through Merck's

advertising and marketing efforts.

25.   Vioxx does not conform to the express representations made by Merck's

agents/sales representatives.

26.   Merck's conduct in this matter was a contributing cause of injuries and damages

suffered by Plaintiff.

WHEREFORE, this Plaintiff demands judgment against Merck in such an amount of

compensatory and punitive damages as a jury deems reasonable, plus cost.

## COUNT IV

27.   Plaintiff realleges all prior paragraphs of the Complaint as if fully set out herein.

28. At the time Merck marketed, sold and distributed Vioxx for use by the general consuming public, including Plaintiff, Merck knew of the use for which Vioxx was intended and implicitly warranted the product to be of merchantable quality, and safe and fit for such use.

29. Plaintiff reasonably relied upon the skill and judgment of Merck as to whether Vioxx was of merchantable quality and safe and fit for its intended use.

30. Contrary to such implied warranty, Vioxx was not of merchantable quality, or safe or fit for its intended use, because the product was and is unreasonably dangerous and unfit for the ordinary purposes for which it was intended and used as described above.

31. Merck's conduct in this regard was a contributing cause of Plaintiff's injuries and damage.

WHEREFORE, this Plaintiff demands judgment against Merck in such an amount of compensatory and punitive damages as a jury deems reasonable, plus cost.

## COUNT V

32. Plaintiff realleges all prior paragraphs of the Complaint as if fully set out herein.

33. Defendant Merck negligently, recklessly, intentionally and fraudulently made material misrepresentations that Vioxx was safe and effective. Merck represented Vioxx as safe so that the general consuming public, including Plaintiffs, in particular, would rely upon said representations when purchasing said product.

34. Prior to and following the introduction of Vioxx into the market as a prescribable pharmaceutical medication, Defendant Merck set in motion a public relations and advertising/marketing campaign to market their product to the general consuming public by way of press releases, print advertisement, mass mail out advertisements and TV advertising. Defendant's representations made concerning Vioxx as a safe and effective drug were made so

6

that Plaintiffs and the general consuming public would rely on said representations and seek prescriptions for this drug from their treating physicians. In fact, Plaintiff did rely on Defendant Merck's representations.

35.    At the time Defendant Merck made these representations, it was aware that these representations were false and/or made these representations with a reckless disregard to their truth. As a result of Defendants' fraud and misrepresentation, Plaintiffs suffered various injuries and damages.

WHEREFORE, this Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable, plus cost.

## COUNT VI

36.    Plaintiff realleges all prior paragraphs of the Complaint as if fully set out herein.

37.    Plaintiff Janet Sue Morgan sought the care and treatment of Defendant Randell Smith, M.D. (hereafter "Smith") for various ailments and maladies.

38.    In relation to said care and treatment, Defendant Smith prescribed Vioxx to Plaintiff.

39.    Defendant Smith knew, or should have known, of the dangerous side effects of selectively inhibiting the COX-2 enzyme, and his prescribing said medication in light of such knowledge presents a deviation from the standard of care generally exercised by physicians under like or similar circumstances and rises to the level of medical negligence.

40.    Defendant Smith's medical negligence was a direct and proximate cause of the Plaintiff's injuries

WHEREFORE, this Plaintiff demands judgment against Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable, plus cost.

7



## DAMAGES

41.     Upon the trial of this case, it will be shown that Plaintiffs were caused to sustain injuries and damages as a direct and proximate result of Defendant's conduct and Plaintiffs will respectfully request the Court and jury to determine the amount of loss Plaintiffs have suffered and incurred, in the past and in the future, not only from a financial standpoint, but also in terms of good faith, freedom from pain, and worry.

42.     At all times relevant hereto, Defendant Merck actually knew of the defective nature of their product as herein set forth and continued to design, manufacture, market, distribute and sell their product so as to maximize sales and profits at the expense of the public health and safety in conscious disregard of the foreseeable harm caused by this product. Merck's conduct exhibits such a entire want of care as to establish that its actions were a result of fraud, ill-will, recklessness, gross negligence, or willful or intentional disregard of the Plaintiffs' individual rights. The Plaintiffs, therefore, are entitled to punitive damages from Merck.

43.     Plaintiffs hereby request a trial by jury on all issues in this case and hereby tenders the requisite jury fee simultaneously with this Complaint.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that the Defendant be cited to appear and answer herein; that upon final trial herein, Plaintiff recovers damages as set forth above from Defendant, including cost of Court, pre-judgment and post-judgment interest at the legal rates, and that Plaintiffs have such other and further relief, both general and special, at law and in equity, to which she may be justly entitled under the facts and attending circumstances.

8

JOHN RAYMOND TULLOS (MSN8303)

**TULLOS & TULLOS**
Post Office Box 74
Raleigh, Mississippi 39153
Phone (601) 782-4242
Fax   (601) 782-4439

ROMAN SHAUL (MSN99873)
ANDY D. BIRCHFIELD, JR.
DAVID F. MICELI
Attorneys for Plaintiff

<u>OF COUNSEL:</u>
BEASLEY, ALLEN, CROW, METHVIN,
   PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone (334) 269-2343
Fax    (334) 223-1236

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES**

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

OCT 0 3 2003

J.T. NOBLIN, CLERK
BY_____ DEPUTY

FRANK OMOBUDE, INDIVIDUALLY AND
ON BEHALF OF THE WRONGFUL DEATH
BENEFICIARIES OF JOSEPHINE
OMOBUDE, DECEASED

PLAINTIFF

VS.

CIVIL ACTION NO. 3:03CV528LN

MERCK & CO., INC. AND
ROBERT M. EVANS, M.D.

DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of plaintiff Frank Omobude, individually and on behalf of the wrongful death beneficiaries of Josephine Omobude, to remand pursuant to 28 U.S.C. § 1447. Defendant Merck & Co., Inc. has responded to the motion and the court, having considered the memoranda of authorities submitted by the parties, concludes that the motion is not well taken and should be denied.

Plaintiff, a citizen of Mississippi, brought this suit in the Circuit Court of Hinds County, Mississippi seeking to recover damages for the alleged wrongful death of his mother, Josephine Omobude, which he alleges resulted from her use of the prescription drug Vioxx. Plaintiff sued Merck, the non-resident corporation that manufactured and distributed Vioxx, and also named as a defendant Robert M. Evans, M.D., the local physician who is alleged to have prescribed Vioxx to Josephine Omobude. Merck timely removed the case on the basis of diversity



jurisdiction under 28 U.S.C. § 1332,[1] contending, based on the
allegations of plaintiff's complaint, that the requirement of an
amount in controversy in excess of $75,000 is clearly satisfied,[2]
and contending further that there is complete diversity of
citizenship since Dr. Evans, though a Mississippi resident, has
been fraudulently joined to defeat diversity.  See Heritage Bank
v. Redcom Labs., Inc., 250 F.3d 319, 323 (5th Cir. 2001)
(fraudulent joinder of non-diverse will not defeat diversity
jurisdiction).

The premise of Merck's fraudulent joinder argument, as
gleaned from its notice of removal and its response to plaintiff's
motion to remand, is that plaintiff's complaint does not allege a
sufficient factual basis for his putative claim against Dr. Evans.
In particular, Merck notes that throughout his complaint,
plaintiff repeatedly and consistently asserts that Merck
encouraged the use of Vioxx in "improper customers;" that it
"misrepresented the safety and effectiveness of this drug and
concealed or understated its dangerous side effects;" that despite
knowledge of the defective nature of its product and for the
purpose of increasing its sales and profits at the expense of the

---

[1]    That statute provides, in pertinent part, as follows:
(a) The district courts shall have original jurisdiction
of all civil actions where the matter in controversy
exceeds the sum or value of $75,000, exclusive of
interest and costs, and is between (1) citizens of
different states.

[2]    The court notes that plaintiff has not disputed that the
amount in controversy exceeds $75,000.

general public's health and safety, Merck aggressively marketed
Vioxx both directly to the consuming public and indirectly to
physicians through drug sales representatives as effective and
safe and with inadequate warnings and instructions; and that Merck
failed to provide timely and adequate post-marketing warnings or
instructions after the manufacturer knew of the risk of injury
from Vioxx.  On the basis of these allegations, plaintiff alleges
claims against Merck for strict liability, negligence, breach of
express and implied warranties and fraudulent misrepresentation.
Merck argues that in light of plaintiff's repeated allegations
that Merck misrepresented the safety and efficacy of its product
and consistently concealed the known risks and dangers not only
from the consuming public but also from physicians, plaintiff's
charge of medical negligence against Dr. Evans based on nothing
more than a conclusory allegation, wholly unaccompanied by any
factual support, that Dr. Evans "knew, or should have known, of
the dangerous side effects of these medications," and that "his
prescribing such medications in light of such knowledge presents a
deviation from the standard of care," is manifestly insufficient
to state a cognizable claim.

    In similar cases, this court has held that conclusory and
contradictory allegations of knowledge, which were belied by the
factual allegations of the complaint, demonstrated that the
resident defendants against whom such allegations of knowledge
were made, had been fraudulently joined.  See Brown v. Bristol
Myers Squibb Co., Civ. Action No. 4:02CV301LN, slip op. at 11-12

3

(S.D. Miss. Dec. 2, 2002) (resident physician fraudulently joined
where claim was asserted in conclusory terms and contradicted by
allegations of the pharmaceutical manufacturer's concealment or
misrepresentation of information); Louis v. Wyeth-Ayerst
Pharmaceuticals, Inc., Civ. Action No. 5:02CV102LN (S.D. Miss.
Sept. 25, 2000) (same with respect to resident pharmacy
defendant); see also In re Rezulin Prods. Liab. Litig., No. 00
Civ. 2843, 2003 WL 31852826, at *2 (S.D.N.Y. Dec. 18, 2002)
(physician defendant fraudulently joined based on conclusory
allegations).  In the court's opinion, the same conclusion is in
order here.

     In so concluding, the court is aware of plaintiff's argument
that "[a] party may plead alternative and inconsistent facts or
remedies against several parties without being barred." Guy James
Constr. Co. v. Trinity Indus., Inc., 644 52S, 530 (5th Cir. 1981).
While this may be true generally, the court's point here is that
the plaintiff has not pled inconsistent facts, but rather has pled
consistent facts that are inconsistent with the conclusion he
pleads as to Dr. Evans. Every factual allegation this plaintiff
has made is to the effect that Merck withheld and concealed and
misrepresented the true facts regarding Vioxx; and yet, without
alleging any factual basis for the charge, plaintiff concludes
that Dr. Evans "knew or should have known" the truth about Vioxx
that Merck had misrepresented and concealed.

     The court does not suggest that a "knew or should have known"
allegation" will necessarily always be conclusory and hence

4

insufficient to state a cognizable claim simply because it is not attended by a specific factual allegation as to the source of such knowledge.  However, in cases like this, where a plaintiff has specifically alleged facts from which one would necessarily infer that the defendant in question would not have known information otherwise alleged to have been misrepresented or concealed from him, then in the court's opinion, in that limited circumstance, to sustain his pleading burden, the plaintiff would have to plead at least some facts tending to show why or how the defendant knew or should have known of the information that has been misrepresented to or concealed from him.  Otherwise, the court would be in the untenable position of assuming that a factual basis exists for a conclusory allegation that is entirely inconsistent with every factual allegation in the complaint.  No precedent of which this court is aware suggests that this would be proper.[3]  The caselaw,

<hr/>

[3]      Plaintiff has cited a number of cases from this district in which claims against physician and pharmacy defendants have been found sufficient to state a claim, but in the court's opinion, these cases are readily distinguishable.  Henderson v. GlaxoSmithKline, No. 5:01CV159BrS (S.D. Miss. March 21, 2000), involved a question of fraudulent misjoinder, which is not an issue here.  In Hancock v. Bayer Corp., No. 3:03CV67WS (S.D. Miss. Apr. 18, 2003), plaintiff alleged that the physicians in question had committed numerous acts of negligence other than merely prescribing an allegedly defective drug, such as failing to timely recognize the plaintiffs' adverse drug reactions, failing to monitor the plaintiffs, and prescribing the drug in the wrong dosage and in a manner inconsistent with the product labeling and contraindicated usages.  Womack v. Bayer Corp., No. 3:03CV157WS (S.D. Miss. Apr. 18, 2003), involved specific allegations of alleged negligence by the defendant doctor, including that the physicians should have known of the risks in light of warnings actually issued to physicians by Bayer.  No such claims were pled here.  Likewise in the several Bayer cases remanded by Judge Pickering and cited by plaintiff, including Easterling v. Bayer

in fact, is to the contrary.  See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 313 (5th Cir. 2002) (stating that the court will not "accept as true conclusory allegations or unwarranted deductions of fact"); Sago v. Wal-Mart Stores, Inc., 2003 WL 22076954, at *2 (S.D. Miss. 2003) (holding that "conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not fraudulently joined") (citing Badon v. RJR Nabisco, Inc., 224 F.3d 382, 392-93 (5th Cir. 2000); cf. Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1996) ("When considering a motion to dismiss for failure to state a claim, the district court must take the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff.  However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); Ross v. Citifinancial, Inc., 2003 WL 22026346, at *3 (5th Cir. 2003) (noting court's recognition of "the similarity between standards for Federal Rule of Civil Procedure 12(b)(6) (failure to state claim) and fraudulent

_____

Corp., No. 2:03CV37PG (S.D. Miss. Apr. 24, 2003), Dearman v. Bayer Corp., No. 2:03CV38PG (S.D. Miss. Apr. 24, 2003), Jones v. Bayer Corp., No. 2:03CV53PG (S.D. Miss. Apr. 24, 2003), Keys v. Bayer Corp., No. 2:03CV39PG (S.D. Miss. Apr. 24, 2003), and Sumrall v. Bayer, No. 2:03CV52PG (S.D. Miss. Apr. 24, 2003), the court found that the plaintiffs had made specific allegations of negligence against the resident doctors "for failing to properly monitor and test each of the Plaintiffs according to the defendant drug companies' recommendations."  No such allegations were made in plaintiff's complaint in the case at bar.  See infra note 4.