UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX PRODUCTS
LIABILITY LITIGATION

MDL No.: 1657

SECTION: L

This document relates to:

Civil Action No. 2:07-CV-372

VICTOR RODRIGUEZ ROJAS,
    Plaintiff,

vs.

JUDGE FALLON
MAG. JUDGE KNOWLES

MERCK & CO., INC., JENNIFER
FAVATA GARCIA, JESSE HOLLINGSWORTH,
DEBORAH HUNT, ANTON J. LAK, SR.,
CHERI McLEOD, AMY MOORE,
GENA E. ORTEGA, RICARDO ORTEGA,
DOUGLAS PAUL, DANIEL RING,
TEQUILLA TAYLOR, and
KELLY TOULSON DELLAPORTA
               Defendants.        /

## NOTICE OF FILING AFFIDAVIT OF SERVICE

Plaintiff, VICTOR RODRIGUEZ ROJAS, by and through his undersigned counsel, hereby files the original Waiver of Service of Summons evidencing service upon Defendant, ANTON LAK on December 5, 2006.

Dated this 16th day of February, 2007.

                      By:    /s/ Brenda S. Fulmer
                            BRENDA S. FULMER, Esq.
                            Fla. Bar No. 999891
                            ALLEY, CLARK, GREIWE & FULMER
                            701 E. Washington Street
                            P.O. Box 3127
                            Tampa, FL 33601-3127
                            Tele: (813) 222-0977
                            Fax: (813) 224-0373
                            *bfulmer@tampatriallawyers.com*
                            Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Notice of Filing Affidavit of Service has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 16th day of February, 2007.

By: /s/ Brenda S. Fulmer
BRENDA S. FULMER, Esq.
Fla. Bar No. 999891
ALLEY, CLARK, GREIWE & FULMER
701 E. Washington Street
P.O. Box 3127
Tampa, FL 33601-3127
Tele: (813) 222-0977
Fax: (813) 224-0373
Attorneys for Plaintiff
bfulmer@tampatriallawyers.com

## SERVICE LIST

**Wilfred P. Coronato, Esq.**
Hughes, Hubbard & Reed, LLP
101 Hudson Street, Suite 3601
Jersey City, NJ 07302-3918
Tele: (201) 946-5700
Fax: (201) 536-0799
*Email: Coronato@hugheshubbard.com*

**Phillip A. Wittmann, Esquire**
Stone, Pigman, Walther, Wittmann, LLC
546 Carondelet St.
New Orleans, LA 71030
Tele: (504) 581-3200
Fax: (504) 581-3361
*Email: pwittmann@stonepigman.com*
Defendant's Liaison Counsel

**Aretha Delight Davis, Esquire**
Dechert LLP
2929 Arch Street
Philadelphia, PA 19104
Tele: (215) 994-2423
Fax: (215) 994-2222
*Email: Aretha.davis@dechert.com*

**Susan Giamportone, Esq.**
Womble, Carlyle, Sandridge & Rice
2530 Meridian Parkway, Suite 400
Durham, NC  27713
Tele: (919) 316-4243
Fax: (919) 484-2061
*Email: SGiamportone@wcsr.com*

**Barbara Bolton Litten, Esquire**
**Patricia E. Lowry, Esquire**
**John B.T. Murray, Jr., Esquire**
**Dori K. Stibolt, Esquire**
Squire, Sanders & Dempsey
1900 Phillips Point West
777 S. Flagler Drive
West Palm Beach, FL 33401
Tele: (561) 650-7200
Fax: (561) 655-1509
*Email: blitten@ssd.com*
*Email: plowry@ssd.com*
*Email: jbmurray@ssd.com*
*Email: dstibolt@ssd.com*
Local Counsel for Merck

**Russ Herman, Esquire**
Herman, Herman, Katz & Cotlar, LLP
201 St. Charles Ave., Suite 4310
New Orleans, LA 70170
Tele: (504) 581-4892
Fax: (504) 561-6024
*Email: VIOXX@hhkc.com*
Plaintiff's Liaison Counsel

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VICTOR RODRIGUEZ ROJAS,

    Plaintiff,

Case No.: 8:06-CV-2195

vs.

MERCK & CO., INC., JENNIFER FAVATA GARCIA,
JESSE HOLLINGSWORTH, DEBORAH HUNT,
ANTON J. LAK, SR., CHERI McLEOD, AMY MOORE,
GENA E. ORTEGA, RICARDO ORTEGA, DOUGLAS PAUL,
DANIEL RING, TEQUILLA TAYLOR, and
KELLY TOULSON DELLAPORTA

    Defendants.

_____/

### WAIVER OF SERVICE OF SUMMONS

TO:   **Brenda S. Fulmer**
**Alley, Clark, Greiwe & Fulmer**
**P.O. Box 3127**
**Tampa, FL 33601-3127**

    I, **Anton J. Lak, Sr.**, acknowledge receipt of your request that it waive service of summons in the action of **VICTOR RODRIGUEZ ROJAS v. MERCK & CO., INC.**, et al. which has been assigned case number 8:06-cv-2195 in the United States District Court for the Middle District of Florida, Tampa Division.

    I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after

November 28, 2006, or within 90 days after that date if the request was sent outside the United States.

Date: 12-5-06

Signature: *[signature]*
Print/Type Name: ANTON J. LAK SR.

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.