IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  VIOXX<br>PRODUCTS LIABILITY LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL CASES | )<br>) MDL NO. 1657<br>)<br>) SECTION: L<br>)<br>) JUDGE FALLON<br>)<br>) |

### MERCK & CO., INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO AMEND THE MASTER CLASS ACTION COMPLAINT TO ADD BY INTERLINEATION A PLAINTIFF REPRESENTATIVE

Defendant Merck & Co., Inc. ("Merck"), by and through its counsel, respectfully submits this opposition to plaintiffs' motion for leave to amend the Personal Injury and Wrongful Death Second Amended Master Class Action Complaint to add a plaintiff class representative from Iowa.  For the reasons set forth in this Court's November 21, 2006 Order denying nationwide class certification, plaintiffs' proposed statewide classes are also not appropriate for class certification.  Thus, the addition of a new named plaintiff to the Complaint to serve as a class representative would be futile and should not be permitted.

### ARGUMENT

Although Fed. R. Civ. P. 15(a) states that leave to amend "shall be freely granted when justice so requires," the law is clear that courts can and should deny motions to amend if the proposed amendment would be futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Soliz v. Bennett*, 150 Fed. Appx. 282, 285 (5th Cir. 2005) (motion to amend should be denied if the proposed amendment would be frivolous or futile); *Ricciardi v. Kone, Inc.*, 215 F.R.D. 455, 456 (E.D.N.Y. 2003) (refusing to grant motion to amend to add another plaintiff where such

857372v.1

amendment would be futile); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1326-27 (11th Cir. 2001), *cert. denied*, 535 U.S. 976 (2002) (district court did not abuse its discretion in denying motion to amend as futile where plaintiff failed to bring forth any new facts that might have formed basis for stating successful claim).

This Court's November 22, 2006 decision to deny class certification of personal injury claims, *In re Vioxx Prods. Liab. Litig.*, MDL 1657, 2006 WL 3391432 (E.D. La. 2006), renders plaintiffs' proposed amendment futile. While the class certification ruling technically applies only to the nationwide class action proposal, the language in the Court's order makes clear that certification of any single-state class is similarly not viable. According to the Court, class certification is inappropriate in Vioxx personal injury cases because, *inter alia*, each plaintiff's claims turn on a variety of individualized factual determinations, including:

> what Merck knew about the risks of the alleged injury when the patient was prescribed Vioxx, what Merck told physicians and consumers about those risks in the Vioxx label and other media, what the plaintiffs' physicians knew about these risks from other sources, and whether the plaintiffs' physicians would still have prescribed Vioxx had stronger warnings been given.

*Id.* at *9. Moreover, because "during the approximately five years that Merck marketed Vioxx, the package insert changed several times," the Court concluded that "there is no uniform body of representations to which all physicians and putative class members were exposed." *Id.* at *10.

Further, as this Court correctly noted in its certification order, "courts have almost invariably found that common questions of fact do not predominate in pharmaceutical cases." *Id.* at *9. In fact, courts around the country – including most notably, the U.S. Court of Appeals for the Fifth Circuit – have agreed that classwide treatment is simply not appropriate in product liability cases, such as this one, where plaintiffs allege failure-to-warn claims. For example, in *Castano v. American Tobacco Co.*, 84 F.3d 734, 743 (5th Cir. 1996), the U.S. Court of Appeals

2

for the Fifth Circuit reversed certification of a tobacco class because, *inter alia*, "class members were exposed to nicotine through different products, for different amounts of time, and over different time periods," and "[e]ach class member's knowledge about the effects of smoking differs, and each plaintiff began smoking for different reasons."  *Id*.  Because "[e]ach of these factual differences impacts the application of legal rules such as causation, reliance, comparative fault, and other affirmative defenses," *id*., class treatment was deemed inappropriate.  *See also In re Baycol Prods. Liab. Litig.*, 218 F.R.D. 197, 208 (D. Minn. 2003) (denying class certification because plaintiffs' failure-to-warn claims "depend on individual facts – whether there is a breach of duty or the foreseeability of harm will depend on what Defendants knew or should have known at the time Baycol was prescribed and whether Defendants acted reasonably based on the knowledge it had at that time"); *In re Prempro Prods. Liab. Litig.*, 230 F.R.D. 555, 570 (E.D. Ark. 2005) (refusing to certify class based on a failure-to-warn theory in part because a "finding of negligence is inextricably intertwined with individual issues, which would undermine the cohesion of the medical monitoring subclasses"); *Perez v. Metabolife Intern., Inc.*, 218 F.R.D. 262, 271 (S.D. Fla. 2003) (denying certification of medical monitoring class because "proof of negligence by the Defendant, may depend largely on individualized issues related to what warning labels the particular class member received"); *In re American Medical Sys.*, 75 F.3d 1069, 1081 (6th Cir. 1996) (denying certification of product liability class involving penile implants where plaintiffs' "claims of strict liability, fraudulent misrepresentation to both the FDA and the medical community, negligent testing, design and manufacture, and failure to warn will differ depending upon the model and the year it was issued").

As these cases and this Court's own certification order make clear, a classwide finding on the question of Merck's negligence is impossible, regardless of whether the proposed class

857372v.1

involves plaintiffs across the country or within a single state.  As a result, the addition of an Iowa state personal injury class representative to plaintiffs' Master Complaint would be futile, and plaintiffs' motion should be denied.

## **CONCLUSION**

For the foregoing reasons, the Court should deny plaintiffs' Motion to Amend.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130

Defendants' Liaison Counsel

And

John H. Beisner
Jessica Davidson Miller
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, DC 20005

Attorneys for Merck & Co., Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Merck & Co., Inc.'s Opposition to Plaintiffs' Motion to Amend the Master Class Action Complaint to Add By Interlineation a Plaintiff Representative has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 16th day of February, 2007.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

857372v.1