IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX® | ) MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | ) Section L |
| This document relates to:<br>*Batiz, et al. v. Merck & Co., Inc., et al.*<br>(Index No. 07-901) | ) Judge Fallon<br>) Mag. Judge Knowles |

## OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL RE: LOCATION OF DEFENDANTS FOR PURPOSE OF SERVICE OF PROCESS

### I. INTRODUCTION

The Court should deny plaintiffs' "Motion to Compel." There is no legal basis requiring that Merck produce these fraudulently joined defendants' residential address to plaintiffs to allow plaintiffs to perfect service of process. The basis cited by plaintiffs—Fed. R. Civ. P. 26 initial disclosures—does not apply to this case since, prior to transfer to this MDL proceeding, discovery was stayed by the transferor Court, *see* Order Granting Motion to Stay (D. Nev. Docket Nos. 41, 43), and Rule 26 disclosures are waived in this MDL proceeding, relieving Merck & Co., Inc. ("Merck") and any other party of the duty of making a Rule 26(a)(1) disclosure.

Moreover, until plaintiffs reveal something of the nature of their claims—where each lives, when she or he took Vioxx®, who prescribed it and when—Merck cannot know what case specific witnesses, if any, would be part of its affirmative disclosures. It is sheer speculation to assume, as plaintiffs do, that any of the named but unserved professional representative defendants, who were fraudulently joined as defendants merely to defeat diversity jurisdiction,

are relevant to plaintiffs' cases and that Merck would include any of them in any initial disclosures.

Plaintiffs' other requests, for this Court to deem these defendants served based on their purported appearance in this action (there was no such appearance) or for an extension to serve these defendants should likewise be denied. There is simply no factual or legal basis for the former request. As to the latter request—an extension to complete service—plaintiffs are not entitled to such relief here because they have not been diligent in seeking to locate and serve these defendants. In fact, plaintiffs' only effort to serve these individuals was to deliver a defective summons (unsigned and unsealed by the District of Nevada Court Clerk) to three individuals that merely share the same name as these defendants (two of whom were in the wrong state even though Merck had already informed plaintiffs of each professional representative defendants' state of residency). Since being notified that they served the wrong individuals, plaintiffs have done *nothing* to locate the correct defendants, secure a properly issued summons, or serve them. The 120 days allowed by Fed. R. Civ. P. 4(m) to serve these individuals defendants has now passed, and they can and should be dismissed.

## II.   ARGUMENT

### A.   Merck's Initial Disclosures Have Not Come Due, and Will Not Come Due Because Transfer of this Case to the Vioxx MDL Proceedings is Imminent.

Merck should not be compelled to produce the home addresses of the three professional representatives pursuant to Fed. R. Civ. P. 26 because this Court has expressly waived the requirements of Rule 26. Pretrial Order 17, § II(A) ("the parties in all cases in this proceeding are relieved from complying with the requirements of Fed. R. Civ. P. 26(a)"). Moreover, discovery was stayed by the United States District Court for the District of Nevada while transfer of

2

this case was being considered by the MDL Panel. Order Granting Motion to Stay (D. Nev. Docket Nos. 41, 43). Merck thus neither had nor has any duty to make any Rule 26 disclosures to plaintiffs.[1]

Even if the District Court's stay order were ignored and Merck was required to make initial disclosures, Merck would *not* be required to disclose these professional representatives as Rule 26(a)(1) witnesses simply because plaintiffs opportunistically named them as jurisdictionally-spoiling defendants without any showing that these individuals have any pertinent connection to their case. Plaintiffs cannot define who Merck must disclose as a Rule 26(a)(1) witness. *See Surles v. Air France*, 2001 WL 815522, at *3 (S.D.N.Y. July 19, 2001) (disclosing party has no need to provide information about individuals that disclosing party does not intend to use as part of its case; opposing party cannot require initial disclosure of witnesses *opposing party* thinks are relevant).

There is nothing of record in this case to suggest that these unserved defendants have *any* nexus to these plaintiffs' consumption of Vioxx or that they were joined as defendants for any reason except to defeat diversity jurisdiction (especially given that these same fourteen professional representatives are named as defendants in nearly every Nevada Vioxx cases without regard to whether they ever promoted Vioxx to a particular plaintiffs' Vioxx-prescribing physician). Absent evidence or allegation that the three sales representatives dealt with any plaintiff's prescribing physician, Merck has no possible initial disclosure obligations respecting them. *See* 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2053 (2d ed. 1994) ("[T]here is no doubt that . . . failure to give sufficient notice about what is alleged should relieve the opposing party of any disclosure obligation."); Fed. R. Civ. P. 26(a) advisory committee's notes (1993) ("[b]road, vague, and conclusory

---

[1] Plaintiffs implicitly agree as they have not made their own Rule 26 disclosures. *See* Reply to Opp'n to Mot. to Remand, p. 10 (D. Nev. Docket No. 20).

3

allegations sometimes tolerated in notice pleading . . . should not impose upon responding parties the obligation at that point to search for and identify all persons possibly involved" with the product at issue). Plaintiffs thus cannot compel the disclosure of these defendants' home addresses by motion. *See* Fed. R. Civ. P. 37(a)(2)(A) (limiting motions to compel to "disclosures required by Rule 26(a)").

B. **Defendants Are Not Required to Disclose the Addresses of Unserved Defendants Having No Apparent Connection to Plaintiffs' Claims for the Purpose of Allowing Plaintiffs to Perfect Service of Process.**

Plaintiffs' motion to compel should also be denied because plaintiffs cannot use the initial disclosure process as a weapon to obtain addresses of defendants for purposes of perfecting service. *Caraveo v. Nielsen Media Research, Inc.*, 2003 WL 1986926, at * 1 (S.D.N.Y. Apr. 24, 2003) (denying plaintiffs' motion to compel defendants to provide addresses of codefendants to service of process; characterizing it as "an improper use of [Rule 26]"). Instead, the proper purpose of Rule 26 "is to 'assist other parties in deciding what depositions will actually be needed.' " *Id.* (citing Fed. R. Civ. P. 26(a)(1)(A) advisory committee's notes (1993)).

C. **The Professional Representative Defendants Have Not Waived Proper Service of the Complaint.**

Plaintiffs' motion also asks the Court to deem service accomplished on these three professional representative defendants because they purportedly have "made their appearance in this action" and have "constructive . . . knowledge of the claims made against them." *See* Mot. at 6:16-21. This statement is demonstrably untrue.

Plaintiffs' request is based on the false premise that "Merck's attorneys opposed the Motion [to Remand] on behalf of Merck and *all of Defendant sales representatives*." Mot. at 6:25-26. But the briefing shows that the

4

opposition to plaintiffs' motion to remand was filed by Merck only. *See* Opp'n to Mot. to Remand (D. Nev. Docket No. 17). In fact, when Merck opposed plaintiffs' motion to remand (in early December 2006) not a single professional representative defendant had been served or had yet appeared in this case. *See* D. Nev. Docket Nos. 21-33, 35-37, 39, 42, 46 (summonses on professional representative defendants were served starting on December 18, 2006; professional representatives first appeared and answered on January 8, 2007). This is a far cry from a waiver of service and a "general appearance." *See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 689 (9th Cir. 1988) ("Normally, an appearance in an action 'involves some presentation or submission to the court.' ") (citing 10 C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 2683 (2d ed. 1983)); *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) ("Jurisdiction attaches if a defendant makes a voluntary general appearance, as by *filing an answer* through an attorney.").[2]

Nor does a defendant's purported "constructive knowledge" of the complaint relieve plaintiffs of the need to complete service of process—plaintiffs must accomplish actual service pursuant to Fed. R. Civ. P. 4 regardless of whether the defendant has notice of the claim. *Direct Mail Specialists*, 840 F.2d at 688 ("without substantial compliance with Rule 4 neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction") (citations omitted); *Mateo v. M/S KISO*, 805 F. Supp. 792, 794 (N.D. Cal. 1992) ("Without substantial compliance with Rule 4, it is irrelevant whether a

---

[2] In addition to being factually incorrect, plaintiffs' argument fails because the doctrine of special/general appearance—and the effectiveness of the decades-old cases relied on by plaintiffs—was abandoned with the amendment of Fed. R. Civ. P. 12. *S.E.C. v. Wencke*, 783 F.2d 829, 832 n. 3 (9th Cir. 1986) (Fed. R. Civ. P. 12 "abolished the distinction between general and special appearances"); *see also Hansen v. Eighth Judicial Dist. Court.*, 116 Nev. 650, 656, 6 P.3d 982, 985 (2000) ("we now abrogate the doctrine of special/general appearances . . . the doctrine has no remaining vitality in Nevada").

defendant has notice of a plaintiff's claims.") (citing *Direct Mail Specialists*), *abrogated on other grounds by* 361 F.3d 1222 (9th Cir. 2004).³

### D. Plaintiffs Have Failed to Establish Any "Good Cause" For An Extension to Serve the Unserved Professional Representatives.

The alternate relief sought by plaintiffs—an extension of time to serve these three defendants—should also be denied. Fed. R. Civ. P. 4(m) requires that a case be dismissed without prejudice against any defendant who is not served within 120 days after the filing of the complaint, absent a showing of "good cause" for the plaintiffs' failure to complete service of process. The burden rests on plaintiffs to show good cause for their failure to complete service within that time frame. *Ruley v. Nelson*, 106 F.R.D. 514, 517 (D. Nev. 1985) ("if service is not effected within 120 days after the filing of the complaint, the plaintiff has the burden of establishing good cause for the delay").

Plaintiffs have neither met nor even tried to meet that burden here. Their "effort" to show good cause is limited to an unsubstantiated claim that they conducted an "investigation" to locate these three defendants for service. This "investigation" is neither delineated or described. Plaintiffs' motion is conspicuously devoid of an affidavit from a process server or investigator to substantiate this claim and allow this Court (and defendants) to assess whether it evidences "good cause." If plaintiffs' unsubstantiated claim of an undescribed investigation is given any weight in this case and on this record, that claim would have to be credited in every case service of process failed. But all the

---

³ Plaintiffs erroneously cite and rely on Nevada law to support their motion. But service of process is a federal procedural issue that is governed by the Federal Rules of Civil Procedure after removal. *Henderson v. U.S.*, 517 U.S. 654, 656 (1996) ("the manner and timing of serving process are generally nonjurisdictional matters of procedure controlled by the Federal Rules") (citations omitted). Nevertheless, the same result obtains under Nevada law. *See, e.g., C.H.A. Venture v. G.C. Wallace Consulting Eng'rs, Inc.*, 106 Nev. 381, 384, 794 P.2d 707, 709 (1990) ("[N]otice is not a substitute for service of process ... Personal service or a legally provided substitute must still occur in order to obtain jurisdiction over a party.").

record shows is that plaintiffs' counsel, for unspecified reasons after unspecified "investigation," served the wrong Fred Auzenne, Lisa Davis, and Deborah Lee, and that Auzenne and Davis actually live in Arizona. This information, however, came from Merck, not from an "investigation" by the plaintiffs. *See* Not. of Removal (D. Nev. Docket No. 1), ¶ 12; Statement Concerning Removal (D. Nev. Docket No. 10), § 2 (notifying plaintiffs of defendants' state of residence and correcting spelling of these defendants' names). Plaintiffs, however, completely ignored this information and, several months after this case was removed to the District of Nevada, attempted to serve individuals sharing these same names in Nevada. The result was that plaintiffs served the wrong people.[4]

Plaintiffs' efforts were, at best, feeble, and certainly do not meet the required "good cause" needed to merit an extension for service. For example, plaintiffs did not even attempt to begin service until late December 2006—two months after this case was removed. The summonses they provided to the process server were also defective—they were not signed and sealed by the District of Nevada Court Clerk as required by Fed. R. Civ. P. 4. *See* Exs. 1-3 to Pls.' Mot. to Compel; D. Nev. Docket Nos. 21-33, 35-36, 39, 42 (summonses attached to returns of service are neither signed nor sealed). Finally, plaintiffs completely ignored the information concerning these defendants' residency that Merck provided in its initial pleadings. Such careless disregard is the antithesis of good cause, and warrants denying plaintiffs' request for an extension to complete service. *Ruley v. Nelson*, 106 F.R.D. 514, 518 (D. Nev. 1985) (defining inadvertence of counsel as carelessness, lack of attention, or negligence on the part of plaintiffs' attorney) (citations omitted); *accord Salow v. Circus-Circus Hotels, Inc.*, 108 F.R.D. 394, 395 (D. Nev. 1985) ("This Court has ruled that dismissal

---

[4] After that service was made, Merck's counsel notified plaintiffs' counsel that he had served the wrong individuals. Exs. A-1 – A-2, Letters from Robert McCoy to Robert Cottle.

7

under [former version of Rule 4(m)] is appropriate in those cases in which non-service was the result of mere inadvertence or heedless non-service.") (citing *Arroyo v. Wheat*, 102 F.R.D. 516, 518 (D. Nev. 1984)).

In fact, plaintiffs' omissions go well beyond mere inadvertence or carelessness and amount to flagrant omissions that other courts, confronted with like facts, have refused to tolerate or excuse. *Gianna Enterprises v. Miss World (Jersey) Ltd.*, 551 F. Supp. 1348, 1358 (S.D.N.Y. 1982) (quashing service of an unsigned and unsealed summons; characterizing such service as a "serious infraction" that "may demonstrate a flagrant disregard for the rules"). Such improper service is the equivalent of no attempt at service at all, and the result should be that these defendants, whom Merck maintains have been opportunistically included only as hoped-for jurisdictional spoilers, are dismissed. *Khorozian v. McCullough*, 186 F.R.D. 325, 328-29 (D.N.J. 1999) (dismissing complaint and denying plaintiffs' motion for extension to serve where only minimal attempts to serve defendants were made with summonses that were not signed and sealed by the Court Clerk); *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569-70 (3d Cir. 1996) (affirming District Court's order dismissing defendants served with summonses that were not signed and sealed by the Court Clerk).

Despite all this demonstrable evidence that plaintiffs have failed to meet their Fed. R. Civ. 4 obligations, plaintiffs accuse these defendants—*with no supporting evidence*—of avoiding service of process. *See, e.g.*, Mot. at 7:5-6; 8:20-21. These scandalous and unsubstantiated allegations do not make up for the glaring absence of evidence to support them. Moreover, they are severely undercut by the fact that Merck forthrightly disclosed these defendants' residency at the outset of this case. Plaintiffs' attempt to shift blame for their own neglect does not amount to "good cause" sufficient to justify an extension under Fed. R. Civ. P.

4(m). *Hearst v. West*, 2002 WL 460131, at *2 (9th Cir. Feb. 15, 2002) (rejecting plaintiffs' "bare allegation" that defendant was avoiding service because plaintiff not provide an affidavit or other evidence to substantiate the allegation).

In sum, there is no "good cause," or any cause at all, to excuse plaintiffs' failure to serve these defendants, especially since more than 120 days have passed since this case was removed on October 18, 2006.[5] Plaintiffs' claims against these three individuals should be dismissed pursuant to Fed. R. Civ. P. 4(m) for failure to complete service. *See Ruley*, 106 F.R.D. at 518 (dismissing complaint under predecessor to Rule 4(m) where service was made 155 days after the complaint was filed).

---

[5] *See Remy v. HDR Engineering, Inc.*, 2005 WL 1925902, at *2 (E.D. Cal. Aug. 8, 2005) ("[t]he 120-day time period set out in Rule 4(m) starts to run upon removal to the federal district court") (citing *Vasquez v. N. County Transit Dist.*, 292 F.3d 1049, 1053 (9th Cir.2002)).

## III. CONCLUSION

For the foregoing reasons, the Court should deny plaintiffs' motion, and should instead dismiss defendants Auzenne, Davis, and Lee pursuant to Fed. R. Civ. P. 4(m).

Respectfully submitted,

*Dorothy H. Wimberly*

Phillip A. Wittmann, 13625
~~Anthony M. DiLeo, 4942~~
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittman L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel


Kristina Pickering, No. 992
Denise Barton, No. 5579
Robert R. McCoy, No. 9121
Morris Pickering & Peterson
900 Bank of America Plaza
300 South Fourth Street
Las Vegas, Nevada 89101
Phone: 702-474-9400
Fax:    702-474-9422

Counsel for Merck & Co., Inc., Gerald Shaw, Serge Brunet, Tina Damore, Kerry Edwards, Neeraj Gulati, Nancy Moredock, Karen Shouse, Ladon Silva, Julie Wurch, Misty Kuperman and Mary Tracey Philippi

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Opposition to Plaintiffs Motion to Compel has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 21st day of February, 2007.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

826474v.2