UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L/3 |
| This document relates to *Estate of Josephine Frias, etc., et al. v. Merck & Co., Inc., et al.*, | * | JUDGE FALLON |
| (E.D. La. Index No. 06-8823) | * | MAG. JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * * * * * * * *

## ANSWER AND JURY DEMAND OF DEFENDANT MERCK & CO., INC.

Defendant, Merck & Co., Inc. ("Merck"), though undersigned counsel, answers

the handwritten Complaint & Demand for Jury Trial ("Complaint") herein as follows:

1.     Denies each and every allegation contained in paragraph 1 of the

Complaint directed toward Merck.  Merck is not required to respond to allegations

directed toward the other defendant.  If a response is required, Merck denies each and

every allegation contained in paragraph 1.

2.     Lacks knowledge or information sufficient to form a belief as to the truth

or falsity of the allegations contained in the first clause of the first sentence of paragraph

2 of the Complaint, that "Plaintiff's decedent, survivors, and personal representatives are

citizens of Florida."  Denies each and every allegation contained in the second clause of

the first sentence of paragraph 2 except admits that Merck is a New Jersey corporation

with its principal place of business in the State of New Jersey.  The allegations contained

in the second sentence of paragraph 2 are legal conclusions to which no response is

required.  If a response is required, Merck denies every allegation contained in the second

sentence of paragraph 2 except admits that Plaintiff seeks damages in excess of $75,000, exclusive of interests and costs, but denies that there is any legal or factual basis for the relief sought. The allegations contained in the third sentence of paragraph 2 are not directed toward Merck and therefore no response is required. If a response is required, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the third sentence of paragraph 2.

3.    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first clause of paragraph 3 of the Complaint, that "Plaintiff's decedent, survivors, and personal representatives, at all times relevant hereto, resided within the Southern District of Florida (Miami Division) wherein the death sued upon occurred." Denies each and every allegation contained in the second clause of paragraph 3 except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

4.    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint.

5.    Denies each and every allegation contained in the first sentence of paragraph 5 of the Complaint except admits that Merck is a New Jersey Corporation and that Merck is authorized to do business in the State of Florida. The allegations contained in the second sentence of paragraph 5 are not directed toward Merck and therefore no response is required. If a response is required, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of paragraph 5, that "Pfizer did likewise."

2

6.     The allegations contained in paragraph 6 of the Complaint are legal conclusions to which no response is required. If a response is required, Merck denies each and every allegation contained in paragraph 6 directed toward Merck except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck is authorized to do business in the State of Florida. Merck is not required to respond to allegations directed toward the other defendant. If a response is required, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 that pertain to Celebrex.

## RESPONSE TO "GENERAL ALLEGATIONS"

7.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 7 of the Complaint directed toward Merck. Denies each and every allegation contained in the second sentence of paragraph 7 directed toward Merck. Merck is not required to respond to allegations directed toward the other defendant. If a response is required, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 7. Merck denies each and every allegation contained in the second sentence of paragraph 7.

8.     Denies each and every allegation contained in paragraph 8 of the Complaint directed toward Merck. Merck is not required to respond to allegations directed toward the other defendants. If a response is required, Merck denies each and every allegation contained in paragraph 8.

3

9.      Denies each and every allegation contained in paragraph 9 of the Complaint.

10.     Denies each and every allegation contained in paragraph 10 of the Complaint.

11.     Denies each and every allegation contained in paragraph 11 of the Complaint except admits that Merck received a letter from Spencer Salis of DDMAC in December 1999 and respectfully refers the Court to that letter for its actual language and full text.

12.     Denies each and every allegation contained in paragraph 12 of the Complaint except admits that Plaintiff purports to refer to a particular study and respectfully refers the Court to that study for its actual language and full text.

13.     Denies each and every allegation contained in paragraph 13 of the Complaint except admits that Plaintiff purports to refer to a particular article and respectfully refers the Court to that article for its actual language and full text.

14.     Denies each and every allegation contained in paragraph 14 of the Complaint except admits that the referenced trial was halted in September 2005. Merck further avers that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo. Merck further avers that given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interests of patients.

4

15.     Denies each and every allegation contained in paragraph 15 of the Complaint.

16.     Denies each and every allegation contained in paragraph 16 of the Complaint except admits that in 2001 Vioxx achieved sales of $2.6 billion and that Vioxx was prescribed to millions of patients.

17.     Denies each and every allegation contained in paragraph 17 of the Complaint except admits that Merck marketed the prescription medicine Vioxx for the indicated uses set out in the relevant United States Food and Drug Administration ("FDA") approved prescribing information and respectfully refers the Court to the prescribing information for its actual language and full text.

18.     Denies each and every allegation contained in paragraph 18 of the Complaint except admits that Vioxx reduces pain and inflammation and that the mechanism of the action is believed to be due to the inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2"). Merck further admits that Vioxx is part of a class of drugs known as non-steroidal anti-inflammatory drugs ('NSAIDs") and that NSAIDs include apirin, ibuprofen and naproxen.

19.     Denies each and every allegation contained in paragraph 19 of the Complaint except admits that Plaintiff purports to refer to a study and respectfully refers the Court to the referenced study for its actual language and full text.

20.     Denies each and every allegation contained in paragraph 20 of the Complaint.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint.

22.     Denies each and every allegation contained in paragraph 22 of the Complaint.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint.

26.     The allegations contained in paragraph 26 of the Complaint are legal conclusions to which no response is required. If a response is required, Merck denies each and every allegation contained in paragraph 26 directed toward Merck. Merck is not required to respond to allegations directed toward the other defendant. If a further response is required, Merck denies each and every allegation contained in paragraph 26.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint directed toward Merck except admits that Merck manufactured, marketed and distribution the prescription medicine Vioxx, its brand name for rofecoxib, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further admits that it is authorized to do business in the State of Florida. Merck is not required to respond to allegations directed toward the other defendant. If a response is required, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Celebrex contained in paragraph 27.

28.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Complaint.

## RESPONSE TO "COUNT I – STRICT LIABILITY"

29.     With respect to paragraph 29 of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 28 of this Answer with the same force and effect as though set forth here in full.

30.     Denies each and every allegation contained in paragraph 30 of the Complaint directed toward Merck except admits that Merck manufactured, marketed and distribution the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck is not required to respond to allegations directed toward the other defendant. If a response is required, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Celebrex contained in paragraph 30.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint directed toward Merck. Merck is not required to respond to allegations directed toward the other defendants. If a response is required, Merck denies each and every allegation contained in paragraph 31.

32.     Denies each and every allegation contained in paragraph 32 of the Complaint directed toward Merck except lacks knowledge or information sufficient to form a belief as to whether Plaintiff's decedent used and ingested Vioxx. Merck is not required to respond to allegations directed toward the other defendant. If a response is required, Merck denies each and every allegation contained in paragraph 32 of the Complaint except lacks knowledge or information sufficient to form a belief as to whether Plaintiff's decedent used and ingested Celebrex.

7

33.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of the Complaint directed toward Merck. Merck is not required to respond to allegations directed toward the other defendant. If a response is required, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33.

34.     Denies each and every allegation contained in paragraph 34 of the Complaint directed toward Merck. Merck is not required to respond to allegations directed toward the other defendant. If a response is required, Merck denies each and every allegation contained in paragraph 34.

35.     Denies each and every allegation contained in paragraph 35 of the Complaint directed toward Merck. Merck is not required to respond to allegations directed toward the other defendant. If a response is required, Merck denies each and every allegation contained in paragraph 35.

36.     Denies each and every allegation contained in paragraph 36 of the Complaint directed toward Merck. Merck is not required to respond to allegations directed toward the other defendant. If a response is required, Merck denies each and every allegation contained in paragraph 36.

37.     Denies each and every allegation contained in paragraph 37 of the Complaint directed toward Merck. Merck is not required to respond to allegations directed toward the other defendant. If a response is required, Merck denies each and every allegation contained in paragraph 37.

38.     Denies each and every allegation contained in paragraph 38 of the Complaint directed toward Merck. Merck is not required to respond to allegations

directed toward the other defendant. If a response is required, Merck denies each and every allegation contained in paragraph 38.

39.    Denies each and every allegation contained in paragraph 39 of the Complaint directed toward Merck. Merck is not required to respond to allegations directed toward the other defendant. If a response is required, Merck denies each and every allegation contained in paragraph 39.

40.    Denies each and every allegation contained in paragraph 40 of the Complaint directed toward Merck. Merck is not required to respond to allegations directed toward the other defendant. If a response is required, Merck denies each and every allegation contained in paragraph 40.

41.    Denies each and every allegation contained in paragraph 41 of the Complaint directed toward Merck. Merck is not required to respond to allegations directed toward the other defendant. If a response is required, Merck denies each and every allegation contained in paragraph 41.

## RESPONSE TO DEMANDS SENT FORTH IN AD DAMNUM CLAUSE FOR COUNT I

Plaintiff's ad damnum clause for Count I of the Complaint is not an allegation and therefore no response is required. If a response is required, Merck denies each and every allegation contained therein except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO "COUNT II – NEGLIGENCE"

42.    With respect to paragraph 42 of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment and statement contained in

9

paragraphs 1 through 28 of this Answer with the same force and effect as thought set forth here in full.

43.     The allegations contained in paragraph 43 of the Complaint, including subparts a – l, are legal conclusions to which no response is required. If a response is required, Merck denies each and every allegation contained in paragraph 43, including subparts a – l, directed toward Merck. Merck avers that it has not violated any duty in the manufacture, marketing or distribution of the prescription medicine Vioxx and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules. Merck is not required to response to allegations directed toward the other defendant. If a further response is required, Merck denies each and every allegation contained in paragraph 43, including subparts a – l., and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

44.     Denies each and every allegation contained in paragraph 44 of the Complaint directed toward Merck. Merck is not required to respond to allegations directed toward the other defendant. If a response is required, Merck denies each and every allegation contained in paragraph 44.

45.     Denies each and every allegation contained in paragraph 45 of the Complaint directed toward Merck. Merck is not required to respond to allegations directed toward the other defendant. If a response is required, Merck denies each and every allegation contained in paragraph 45.

46.     Denies each and every allegation contained in paragraph 46 of the Complaint directed toward Merck. Merck is not required to respond to allegations

10

directed toward the other defendant.  If a response is required, Merck denies each and every allegation contained in paragraph 46.

## RESPONSE TO DEMANDS SENT FORTH
## IN AD DAMNUM CLAUSE FOR COUNT II

Plaintiff's ad damnum clause for Count II of the Complaint is not an allegation and therefore no response is required.  If a response is required, Merck denies each and every allegation contained therein except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO "COUNT III – PUNITIVE DAMAGES/GROSS
## NEGLIGENCE/OUTRAGE/DELIBERATE INDIFFERENCE"

47.     With respect to paragraph 47 of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 28 of this Answer with the same force and effect as thought set forth here in full.

48.     The allegations contained in paragraph 48 of the Complaint are legal conclusions to which no response is required.  If a response is required, Merck denies each and every allegation contained in paragraph 48 directed toward Merck.  Merck avers that it has not violated any duty in the manufacture, marketing or distribution of the prescription medicine Vioxx and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules. Merck is not required to response to allegations directed toward the other defendant.  If a further response is required, Merck denies each and every allegation contained in paragraph 48 and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

11

49.     Denies each and every allegation contained in paragraph 49 of the Complaint directed toward Merck. Merck is not required to respond to allegations directed toward the other defendant. If a response is required, Merck denies each and every allegation contained in paragraph 49.

50.     Denies each and every allegation contained in paragraph 50 of the Complaint directed toward Merck. Merck is not required to respond to allegations directed toward the other defendant. If a response is required, Merck denies each and every allegation contained in paragraph 50.

51.     Denies each and every allegation contained in paragraph 51 of the Complaint directed toward Merck. Merck is not required to respond to allegations directed toward the other defendant. If a response is required, Merck denies each and every allegation contained in paragraph 51.

### RESPONSE TO DEMANDS SENT FORTH
### IN AD DAMNUM CLAUSE FOR COUNT III

Plaintiff's ad damnum clause for Count III of the Complaint is not an allegation and therefore no response is required. If a response is required, Merck denies each and every allegation contained therein except admits that Plaintiff purports to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

### RESPONSE TO "COUNT IV -"

52.     With respect to paragraph 52 of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 28 of this Answer with the same force and effect as thought set forth here in full.

12

53.    Lacks knowledge or information sufficient to form a belief as to the truth
or falsity of the allegations contained in paragraph 53 of the Complaint that the persons
named therein are the surviving children of Josephine Frias, but admits that Plaintiff
purports to seek certain relief under the Florida Wrongful Death Act. Merck denies that
there is any legal or factual basis for the relief sought.

54.    Denies each and every allegation contained in paragraph 54 of the
Complaint directed toward Merck. Merck is not required to respond to allegations
directed toward the other defendant. If a response is required, Merck denies each and
every allegation contained in paragraph 54.

## AS FOR A FIRST DEFENSE, MERCK ALLEGES:

55.    The claims of Plaintiff may be time-barred, in whole or in part, under
applicable statutes of limitations, statutes of repose, or are otherwise untimely.

## AS FOR A SECOND DEFENSE, MERCK ALLEGES:

56.    The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD DEFENSE, MERCK ALLEGES:

57.    The claims of Plaintiff may be barred, in whole or in part, from recovery
because she has made statements or taken actions that preclude her from asserting claims
or constitute a waiver of her claims.

## AS FOR A FOURTH DEFENSE, MERCK ALLEGES:

58.    The claims of Plaintiff may be barred, in whole or in part, from recovery
because of the *res judicata* effect of prior judgments.

## AS FOR A FIFTH DEFENSE, MERCK ALLEGES:

59.    Each and every claim asserted or raised in the Complaint is barred by the
doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A SIXTH DEFENSE, MERCK ALLEGES:

60. If Plaintiff's decedent sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A SEVENTH DEFENSE, MERCK ALLEGES:

61. To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR AN EIGHTH DEFENSE, MERCK ALLEGES:

62. To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff's decedent directly of the alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR A NINTH DEFENSE, MERCK ALLEGES:

63. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff's decedent knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A TENTH DEFENSE, MERCK ALLEGES:

64. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

14

## AS FOR AN ELEVENTH DEFENSE, MERCK ALLEGES:

65.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's decedent's misuse or abuse of Vioxx.

## AS FOR A TWELFTH DEFENSE, MERCK ALLEGES:

66.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's decedent's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

## AS FOR A THIRTEENTH DEFENSE, MERCK ALLEGES:

67.     To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A FOURTEENTH DEFENSE, MERCK ALLEGES:

68.     To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Florida law.

## AS FOR A FIFTEENTH DEFENSE, MERCK ALLEGES:

69.     Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).

15

### AS FOR A SIXTEENTH DEFENSE, MERCK ALLEGES:

70.     Plaintiff's claims are barred, in whole or in part, under the applicable state

law because Vioxx was subject to and received pre-market approval by the Food and

Drug Administration under 52Stat. 1040, 21 U.S.C. § 301.

### AS FOR A SEVENTEENTH DEFENSE, MERCK ALLEGES:

71.     Plaintiff's claims are barred, in whole or in part, by the First Amendment.

### AS FOR AN EIGHTEENTH DEFENSE, MERCK ALLEGES:

72.     Plaintiff's claims are barred, in whole or in part, because the product at

issue was made in accordance with the state of the art at the time it was manufactured.

### AS FOR A NINETEENTH DEFENSE, MERCK ALLEGES:

73.     There is no practical or technically feasible alternative design that would

have reduced the alleged risk without substantially impairing the reasonably anticipated

and intended function of Vioxx.

### AS FOR A TWENTIETH DEFENSE, MERCK ALLEGES:

74.     This case is more appropriately brought in a different venue.

### AS FOR A TWENTY-FIRST DEFENSE, MERCK ALLEGES:

75.     Venue in this case is improper.

### AS FOR A TWENTY-SECOND DEFENSE, MERCK ALLEGES:

76.     The claims of Plaintiff may be barred, in whole or in part, from recovery

because, in this or other courts, she has brought actions and have received judgments on

parts of some or all claims asserted herein.

16

### AS FOR A TWENTY-THIRD DEFENSE, MERCK ALLEGES:

77.     The claims of Plaintiff may be barred, in whole or in part, from recovery on the ground that the claims asserted herein have been submitted to arbitration and a binding decision has been rendered.

### AS FOR A TWENTY-FOURTH DEFENSE, MERCK ALLEGES:

78.     The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to her claims.

### AS FOR A TWENTY-FIFTH DEFENSE, MERCK ALLEGES:

79.     The claims of Plaintiff may be barred, in whole or in part, by the doctrine of laches.

### AS FOR A TWENTY-SIXTH DEFENSE, MERCK ALLEGES:

80.     The claims of Plaintiff are barred, in whole or in part, by her failure to mitigate damages.

### AS FOR A TWENTY-SEVENTH DEFENSE, MERCK ALLEGES:

81.     To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

### AS FOR A TWENTY-EIGHTH DEFENSE, MERCK ALLEGES:

82.     The claims of Plaintiff may be barred, in whole or in part, from recovery due to spoliation of evidence.

### AS FOR A TWENTY-NINTH DEFENSE, MERCK ALLEGES:

83.     The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

### AS FOR A THIRTIETH DEFENSE, MERCK ALLEGES:

84.     Any conduct allegedly causing liability on the part of Merck is not a

substantial cause or factor of any potential or actual injury or damage, if any.

### AS FOR A THIRTY-FIRST DEFENSE, MERCK ALLEGES:

85.     Plaintiff has not sustained any injury or damages compensable at law.

### AS FOR A THIRTY-SECOND DEFENSE, MERCK ALLEGES:

86.     Merck reserves its right to dismiss the Complaint and seek further relief

for Plaintiff's failure to provide it with due process of law.

### AS FOR A THIRTY-THIRD DEFENSE, MERCK ALLEGES:

87.     Any liability that might otherwise be imposed upon Merck is subject to

reduction by the application of the doctrine of comparative negligence.

### AS FOR A THIRTY-FOURTH DEFENSE, MERCK ALLEGES:

88.     Defendant is not guilty of negligence and violated no duty owing to

Plaintiff.

### AS FOR A THIRTY-FIFTH DEFENSE, MERCK ALLEGES:

89.     Merck has complied with requirements promulgated by and under federal

law.  The product at issue, Vioxx, was approved pursuant to the applicable federal

statutes and regulations.  Such federal regulations and statutes preempt Plaintiff's claims

under state law and pursuant to Fla. Stat. § 768.1256 creates a statutory presumption that

Vioxx is not defective or unreasonably dangerous and that Merck is not liable.

### AS FOR A THIRTY-SIXTH DEFENSE, MERCK ALLEGES:

90.     To the extent that Plaintiff seeks punitive damages for the conduct which

allegedly caused injuries asserted in the Complaint, such an award would also, if granted,

violate Merck's state and federal constitutional rights.

## AS FOR A THIRTY-SEVENTH DEFENSE, MERCK ALLEGES:

91. To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any ward of punitive damages is barred.

## AS FOR A THIRTY-EIGHTH DEFENSE, MERCK ALLEGES:

92. Plaintiff's demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A THIRTY-NINTH DEFENSE, MERCK ALLEGES:

93. Plaintiff's claims are barred, in whole or in part, under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A FORTIETH DEFENSE, MERCK ALLEGES:

94. Plaintiff's claims are barred, in whole or in part, because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A FORTY-FIRST DEFENSE, MERCK ALLEGES:

95. Plaintiff's claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

## AS FOR A FORTY-SECOND DEFENSE, MERCK ALLEGES:

96. Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

19

## AS FOR A FORTY-THIRD DEFENSE, MERCK ALLEGES:

97.     To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual, and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demand judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Respectfully submitted,

s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN
L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Jury Demand of

Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and

Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all

parties by electronically uploading the same to LexisNexis File & Serve Advanced in

accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed

with the Clerk of Court of the United States District Court for the Eastern District of

Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in

accord with the procedures established in MDL 1657, on this 21st day of February, 2007.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax: 504-581-3361
dwimberly@stonepigman.com