IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX ) | MDL NO. 1657 | |
| PRODUCTS LIABILITY LITIGATION ) | SECTION: L | |
| ) | JUDGE FALLON | |
| THIS DOCUMENT RELATES ) TO ALL CASES ) | | |
| ) | MAGISTRATE JUDGE KNOWLES | |

### NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MERCK'S MOTION FOR A PROTECTIVE ORDER PROHIBITING DISCOVERY OF ATTORNEY WORK PRODUCT AND PRIVILEGED COMMUNICATIONS RELATED TO THE MARTIN REPORT

Defendant Merck & Co., Inc. ("Merck") respectfully submits the attached decision in *In re Cardinal Health, Inc. Sec. Litig.*, No. C2 04 575 ALM, 2007 WL 495150 (S.D.N.Y. Jan. 26, 2007), as a supplement to Merck's pending Motion for a Protective Order to prohibit discovery related to the Martin Report.

In *Cardinal Health*, issued late last month, the Southern District of New York held that materials created by Kramer Levin, a law firm retained by a company to conduct an independent investigation of executive conduct in response to ongoing regulatory investigations, were created "in anticipation of litigation" and therefore immune from discovery. In that case, much like this one, a committee of defendant Cardinal Health Inc. ("Cardinal") retained outside counsel to investigate potential employee misconduct after the SEC began an investigation into the company's accounting practices. During the course of the law firm's investigation, it conducted hundreds of interviews with company employees and eventually prepared presentation binders

1

summarizing its findings for the committee. The law firm also retained an independent forensic accounting company to aid in the investigation. After presenting its findings to the Cardinal committee, Kramer Levin was authorized to share its presentation materials and findings with both the Securities Exchange Commission ("SEC") and the United States Attorney's Office under a confidentiality agreement. However, when civil plaintiffs sought to discover these materials in connection with securities litigation, the company refused to produce the documents on the ground that they were protected attorney work-product. The court agreed, finding that all of the law firm's investigatory materials (including interview notes and memoranda), materials created by the law firm's accounting consultants, and the contents of the firm's presentation to the committee were subject to work-product protection.

In an opinion authored by District Judge Robert P. Patterson, the court explained that all of the materials prepared by the law firm during its investigation of executive conduct were clearly created "in anticipation of litigation" because the firm was hired by the company's Audit Committee *after* the SEC had begun an investigation of the company's accounting practices. *Id.* at *5. According to the court, the company retained the firm with full "knowledge of the SEC's investigation and aware[ness] that Cardinal employees might have engaged in false and misleading accounting practices." *Id.* Because "the work product doctrine applies when outside counsel is retained to determine the vulnerability of [a] corporation in general to criminal and civil sanctions" the court found that "the factual situation leading to the retention of Kramer Levin [shows that] the documents can be fairly said to have been prepared or obtained *because of* the prospect of litigation." *Id.* (emphasis in original).

The *Cardinal Health* case is highly analogous to the circumstances surrounding the Martin Report. Just as in *Cardinal Health*, the Special Committee of Merck's Board of Directors

2

retained a law firm, Debevoise & Plimpton ("Debevoise"), to conduct an investigation after both the SEC and the Department of Justice initiated their own investigations related to Vioxx. Moreover, Debevoise's investigation of executive conduct – much like the investigation at issue in *Cardinal Health* – was intended to determine the company's vulnerability to future litigation, as well as the company's fiduciary duty to initiate litigation against its executives if any wrongdoing had in fact occurred. As a result, under the reasoning set forth in *Cardinal Health*, Debevoise was clearly hired "because of the prospect of litigation." *Id.* at *5.

For this reason and all the additional reasons set forth in Merck's prior briefing, Merck's motion for a protective order prohibiting discovery of materials underlying the Martin Report should be granted.

Dated:  February 21, 2007                     Respectfully submitted,


                                              s/Dorothy H. Wimberly

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Notice of Supplemental Authority has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 22nd day of February, 2007.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

826474v.2