UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | * * * * * * * * * * * | MDL No. 1657<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE DANIEL E. KNOWLES, III |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO:** *Steve Whitehead as the personal representative/ administrator for Alan Whitehead v. Merck & Co., Inc., et al.*, No. 06-10838.

<u>**ANSWER OF DEFENDANT MERCK & CO., INC.**</u>

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the Plaintiff's Complaint as follows:

<u>**RESPONSE TO COMPLAINT**</u>

1.      Denies each and every allegation directed towards Merck in paragraph 1 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Plaintiff purports to seek damages against Merck but denies that there is any legal or factual basis for such relief.

2.      Denies each and every allegation contained in the first paragraph 2 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth

therein, except admits that Plaintiff purports to seek damages against Merck but denies that there is any legal or factual basis for such relief.

   3. Merck denies each and every allegation contained in the first sentence of the first paragraph 4 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation directed towards Merck contained in the second and third sentences of the first paragraph 4 of the Complaint.

**RESPONSE TO**
**"JURISDICTION AND VENUE"**

   4. The allegations contained in the second paragraph 2 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained the second paragraph 2 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that the Plaintiff purports to state a claim in excess of $75,000 but denies that there is any legal or factual basis for such relief.

   5. The allegations contained in paragraph 3 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 3 of the Complaint, except admits that there is a multidistrict litigation ("MDL") related to the prescription medicine Vioxx, and the MDL Court issued Pre-Trial Order No. 11 on May 18, 2005, and respectfully refers the Court to that Order for its actual content and full effect.

   6. The allegations contained in the second paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the second paragraph 4 of the Complaint.

**RESPONSE TO**
**"PARTIES-VIOXX"**

7.      Admits the allegation contained in paragraph 5 of the Complaint that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

8.      Denies each and every allegation contained in paragraph 6 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

9.      Denies each and every allegation contained in paragraph 7 of the Complaint and avers that Vioxx was approved by the U.S. Food & Drug Administration ("FDA") as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

**RESPONSE TO**
**"FACTUAL BACKGROUND-VIOXX"**

10.      Denies each and every allegation contained in paragraph 8 of the Complaint, except admits that Vioxx, which is Merck's brand name for rofecoxib, reduces pain and inflammation and that the mechanism of action for Vioxx is believed to be due to the inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

11.      Denies each and every allegation contained in paragraph 9 of the Complaint, except admits that the mechanism of action for Vioxx is believed to be due to the inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

12.    Denies each and every allegation contained in paragraph 10 of the Complaint, except admits that on November 23, 1998 Merck submitted a New Drug Application ("NDA") for Vioxx 12.5 mg and Vioxx 25 mg tablets and respectfully refers the Court to said NDA for its actual language and full text.

13.    Denies each and every allegation contained in paragraph 11 of the Complaint, except admits that on November 23, 1998 Merck submitted a NDA for Vioxx Oral Suspension and respectfully refers the Court to said NDA for its actual language and full text.

14.    Denies each and every allegation contained in paragraph 12 of the Complaint, except admits that Merck sought and, in 1999, received FDA approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

15.    Denies each and every allegation contained in paragraph 13 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

16.    Denies each and every allegation contained in paragraph 14 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

17.    Denies each and every allegation contained in paragraph 15 of the Complaint, except admits that in March 2000 Merck forwarded to the FDA the Vioxx Gastrointestinal Outcomes Research ("VIGOR") study and subsequently, in June 2000, filed a supplemental New Drug Application ("sNDA") that included the VIGOR study.  Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.

18.     Denies each and every allegation contained in paragraph 16 of the Complaint, including its subparts (1) and (2), except admits that the referenced study exists and avers that a primary objective of the VIGOR study was to assess whether Vioxx would be associated with a lower incidence of confirmed, clinically important upper gastrointestinal events than naproxen.   Merck respectfully refers the Court to the referenced study for its actual language and full text.

19.     Denies each and every allegation contained in paragraph 17 of the Complaint except admits that the studies referenced in the first sentence of paragraph 17 of the Complaint and the article referenced in the second sentence of paragraph 17 of the Complaint exist, and respectfully refers the Court to said publications for their actual language and full text. Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

20.     Denies each and every allegation contained in paragraph 18 of the Complaint, except admits that 2000 worldwide Vioxx sales figures exceeded $2 billion.

21.     Denies each and every allegation contained in paragraph 19 of the Complaint, except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

22.     Denies each and every allegation contained in paragraph 20 of the Complaint, except admits that the referenced publication and the article contained therein exist and respectfully refers the Court to the referenced document for its actual language and full text.

23.     Denies each and every allegation contained in paragraph 21 of the Complaint, except admits that the referenced studies exist and respectfully refers the Court to said studies for their actual language and full text.

24.     Denies each and every allegation contained in paragraph 22 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

25.     Denies each and every allegation contained in paragraph 23 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

26.     Denies each and every allegation contained in paragraph 24 of the Complaint, except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

27.     Denies each and every allegation contained in paragraph 25 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information, a so-called "Dear Doctor" letter, and a Patient Information sheet, and respectfully refers the Court to the referenced prescribing information for Vioxx, "Dear Doctor" letter, and Patient Information sheet for their actual language and full text.

28.     Denies each and every allegation contained in paragraph 26 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and a so-called "Dear Doctor" letter, and respectfully refers the Court to the referenced prescribing information for Vioxx and "Dear Doctor" letter for their actual language and full text.

29.     Denies each and every allegation contained in paragraph 27 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx Patient Information sheet, and respectfully refers the Court to the referenced Patient Information sheet for its actual language and full text.

30.     Denies each and every allegation contained in paragraph 28 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

31.     Denies each and every allegation contained in paragraph 29 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and text.

32.     Denies each and every allegation contained in paragraph 30 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Plaintiff purports to quote from Merck's 2001 Annual Report and respectfully refers the Court to said publication for its actual language and full text.

33.     Denies each and every allegation contained in paragraph 31 of the Complaint, except admits that the referenced 8-K filing exists and respectfully refers the Court to the referenced document for its actual language and full text.

34.     Denies each and every allegation contained in paragraph 32 of the Complaint, except admits that Merck marketed the prescription medication Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and

respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

35.     Denies each and every allegation contained in paragraph 33 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and text.

36.     Denies each and every allegation contained in the first sentence of paragraph 34 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.  Merck denies each and every allegation contained in the second sentence of paragraph 34 of the Complaint.

37.     Denies each and every allegation contained in paragraph 35 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medication Vioxx, which  reduces pain and inflammation and was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

38.     Denies each and every allegation contained in paragraph 36 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that it manufactured, marketed, and distributed the prescription medicine Vioxx, which is the brand name for rofecoxib, until Merck voluntarily

withdrew Vioxx from the worldwide market on September 30, 2004, and that it is authorized to conduct business in Missouri.

### RESPONSE TO "COUNT I:
### STRICT PRODUCTS LIABILITY/DEFECTIVE DESIGN—AGAINST MERCK"

39. With respect to the allegations contained in paragraph 37 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 38 of this Answer with the same force and effect as though set forth here in full.

40. Denies each and every allegation contained in paragraph 38 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

41. Denies each and every allegation contained in paragraph 39 of the Complaint.

42. Denies each and every allegation contained in paragraph 40 of the Complaint.

43. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 41 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 41 of the Complaint.

44. Denies each and every allegation contained in paragraph 42 of the Complaint.

45. Denies each and every allegation contained in paragraph 43 of the Complaint, except admits that Plaintiff purports to seek punitive damages but denies that there is any legal or factual basis for such relief.

**RESPONSE TO "COUNT II:**
**STRICT PRODUCTS LIABILITY/FAILURE TO WARN—AGAINST MERCK"**

46.     With respect to the allegations contained in paragraph 44 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 45 of this Answer with the same force and effect as though set forth here in full.

47.     Denies each and every allegation contained in paragraph 45 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

48.     Denies each and every allegation contained in paragraph 46 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

49.     Denies each and every allegation contained in paragraph 47 of the Complaint.

50.     Denies each and every allegation contained in paragraph 48 of the Complaint.

51.     Denies each and every allegation contained in paragraph 49 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully

refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

52.     Denies each and every allegation contained in paragraph 50 of the Complaint.

53.     Denies each and every allegation contained in paragraph 51 of the Complaint, except admits that Plaintiff purports to seek punitive damages but denies that there is any legal or factual basis for such relief.

**RESPONSE TO "COUNT III:**
**NEGLIGENT DESIGN—AGAINST MERCK"**

54.     With respect to the allegations contained in paragraph 52 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 53 of this Answer with the same force and effect as though set forth here in full.

55.     Denies each and every allegation contained in paragraph 53 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

56.     Denies each and every allegation contained in paragraph 54 of the Complaint.

57.     Denies each and every allegation contained in paragraph 55 of the Complaint.

58.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 56 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 56 of the Complaint.

59.     Denies each and every allegation contained in paragraph 57 of the Complaint.

60.     Denies each and every allegation contained in paragraph 58 of the Complaint.

61.     Denies each and every allegation contained in paragraph 59 of the Complaint, except admits that Plaintiff purports to seek punitive damages but denies that there is any legal or factual basis for such relief.

**RESPONSE TO "COUNT IV:
<u>NEGLIGENCE, FAILURE TO WARN—AGAINST DEFENDANT MERCK"</u>**

62.     With respect to the allegations contained in paragraph 60 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 61 of this Answer with the same force and effect as though set forth here in full.

63.     The allegations contained in paragraph 61 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

64.     Denies each and every allegation contained in paragraph 62 of the Complaint, including its subparts a through e, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text

65.     Denies each and every allegation contained in paragraph 63 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

66.     Denies each and every allegation contained in paragraph 64 of the Complaint.

## RESPONSE TO "COUNT V:
## DECEPTIVE TRADE PRACTICES ACTS—AGAINST MERCK"

67.     With respect to the allegations contained in paragraph 65 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 66 of this Answer with the same force and effect as though set forth here in full.

68.     Denies each and every allegation contained in paragraph 66 of the Complaint, except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

69.     The allegations contained in paragraph 67 of the Complaint are not directed towards Merck and thus no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 67 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

70.     Denies each and every allegation contained in paragraph 68 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

71.     Denies each and every allegation contained in paragraph 69 of the Complaint, except admits that Merck trains its professional representatives.

72.     The allegations contained in paragraph 70 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed

required, Merck denies each and every allegation contained in paragraph 70 of the Complaint, except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

**RESPONSE TO "COUNT VI:**
**<u>NEGLIGENT MISREPRESENTATION —AGAINST DEFENDANT MERCK"</u>**

73.     With respect to the allegations contained in paragraph 71 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 72 of this Answer with the same force and effect as though set forth here in full.

74.     Denies each and every allegation contained in paragraph 72 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

75.     Denies each and every allegation contained in paragraph 73 of the Complaint.

76.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 74 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 74 of the Complaint.

77.     Denies each and every allegation contained in paragraph 75 of the Complaint.

78.     Denies each and every allegation contained in paragraph 76 of the Complaint.

79.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 77 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 77 of the Complaint.

80.     Denies each and every allegation contained in paragraph 78 of the Complaint.

## RESPONSE TO "COUNT VII:
## FRAUDULENT OMISSION/CONCEALMENT —AGAINST DEFENDANT MERCK"

81.     With respect to the allegations contained in paragraph 79 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 80 of this Answer with the same force and effect as though set forth here in full.

82.     Denies each and every allegation contained in paragraph 80 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

83.     Denies each and every allegation contained in paragraph 81 of the Complaint.

84.     Denies each and every allegation contained in paragraph 82 of the Complaint, except admits that Merck trains its professional representatives, and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

85.     The allegations contained in paragraph 83 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 83 of the Complaint.

86.     The allegations contained in paragraph 84 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed

required, Merck denies each and every allegation contained in paragraph 84 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

87.    Denies each and every allegation contained in paragraph 85 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

88.    Denies each and every allegation contained in paragraph 86 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

89.    Denies each and every allegation contained in paragraph 87 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

90.    Denies each and every allegation contained in paragraph 88 of the Complaint.

91.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 89 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 89 of the Complaint.

92.    Denies each and every allegation contained in paragraph 90 of the Complaint.

93.    Denies each and every allegation contained in paragraph 91 of the Complaint, except admits that Plaintiff purports to seek punitive damages but denies that there is any legal or factual basis for such relief.

**RESPONSE TO "COUNT VIII:**
**COMMON LAW FRAUD —AGAINST MERCK"**

94.     With respect to the allegations contained in paragraph 92 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 93 of this Answer with the same force and effect as though set forth here in full.

95.     Denies each and every allegation contained in paragraph 93 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information, and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

96.     Denies each and every allegation contained in paragraph 94 of the Complaint.

97.     Denies each and every allegation contained in paragraph 95 of the Complaint.

98.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 96 of the Complaint, and denies each and every allegation directed toward Merck in paragraph 96 of the Complaint.

99.     Denies each and every allegation contained in paragraph 97 of the Complaint.

100.     Denies each and every allegation contained in paragraph 98 of the Complaint, except admits that Plaintiff purports to seek punitive damages but denies that there is any legal or factual basis for such relief.

**RESPONSE TO
"PARTIES—BEXTRA"**

101.    The allegations contained in paragraph 99 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 99 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

102.    The allegations contained in paragraph 100 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 100 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

103.    The allegations contained in paragraph 101 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 101 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

104.    The allegations contained in paragraph 102 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 102 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

105.    The allegations contained in paragraph 103 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be

deemed required, Merck denies each and every allegation contained in paragraph 103 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

## RESPONSE TO
## "BACKGROUND-BEXTRA"

106.    The allegations contained in paragraph 104 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 104 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

107.    The allegations contained in paragraph 105 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 105 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiff purports to seek damages against Merck but denies that there is any legal or factual basis for such relief.

108.    The allegations contained in paragraph 106 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 106 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

109.    The allegations contained in paragraph 107 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 107 of the

Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

**RESPONSE TO "COUNT IX:**
**STRICT PRODUCTS LIABILITY/DEFECTIVE DESIGN"**

110.   With respect to the allegations contained in paragraph 108 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 109 of this Answer with the same force and effect as though set forth here in full.

111.   The allegations contained in paragraph 109 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 109 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

112.   The allegations contained in paragraph 110 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 110 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

113.   The allegations contained in paragraph 111 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 111 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

114.    The allegations contained in paragraph 112 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 112 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

115.    The allegations contained in paragraph 113 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 113 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

116.    The allegations contained in paragraph 114 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 114 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

117.    The allegations contained in paragraph 115 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 115 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

**RESPONSE TO "COUNT X:
STRICT PRODUCTS LIABILITY/FAILURE TO WARN"**

118.    With respect to the allegations contained in paragraph 116 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement

contained in paragraphs 1 through 117 of this Answer with the same force and effect as though set forth here in full.

119.    The allegations contained in paragraph 117 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 117 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

120.    The allegations contained in paragraph 118 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 118 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

121.    The allegations contained in paragraph 119 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 119 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

122.    The allegations contained in paragraph 120 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 120 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

123.    The allegations contained in paragraph 121 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 121 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

124.    The allegations contained in paragraph 122 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 122 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

125.    The allegations contained in paragraph 123 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 123 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

126.    The allegations contained in paragraph 124 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 124 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

127.    The allegations contained in paragraph 125 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 125 of the

Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

**RESPONSE TO**
**"COUNT XI:  NEGLIGENT DESIGN"**

128.    With respect to the allegations contained in paragraph 126 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 127 of this Answer with the same force and effect as though set forth here in full.

129.    The allegations contained in paragraph 127 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 127 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

130.    The allegations contained in paragraph 128 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 128 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

131.    The allegations contained in paragraph 129 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 129 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

132.    The allegations contained in paragraph 130 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 130 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

133.    The allegations contained in paragraph 131 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 131 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

134.    The allegations contained in paragraph 132 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 132 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

135.    The allegations contained in paragraph 133 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 133 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

### RESPONSE TO "COUNT XII:
### NEGLIGENT FAILURE TO WARN"

136.    With respect to the allegations contained in paragraph 134 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement

contained in paragraphs 1 through 135 of this Answer with the same force and effect as though set forth here in full.

137.    The allegations contained in paragraph 135 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 135 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

138.    The allegations contained in paragraph 136 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 136 of the Complaint, including its subparts a through e, as it is without knowledge or information sufficient to form a belief as to the truth therein.

139.    The allegations contained in paragraph 137 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 137 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

140.    The allegations contained in paragraph 138 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 138 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

**RESPONSE TO**
**"COUNT XIII:  FRAUDULENT CONCEALMENT"**

141.   With respect to the allegations contained in paragraph 139 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 140 of this Answer with the same force and effect as though set forth here in full.

142.   The allegations contained in paragraph 140 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 140 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

143.   The allegations contained in paragraph 141 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 141 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

144.   The allegations contained in paragraph 142 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 142 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

145.   The allegations contained in paragraph 143 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 143 of the

Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

146.    The allegations contained in paragraph 144 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 144 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

147.    The allegations contained in paragraph 145 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 145 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

148.    The allegations contained in paragraph 146 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 146 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

149.    The allegations contained in paragraph 147 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 147 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

150.    The allegations contained in paragraph 148 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 148 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

151.    The allegations contained in paragraph 149 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 149 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

152.    The allegations contained in paragraph 150 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 150 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

153.    The allegations contained in paragraph 151 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 151 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

### RESPONSE TO
### "COUNT XIV:  COMMON LAW FRAUD"

154.    With respect to the allegations contained in paragraph 152 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement

contained in paragraphs 1 through 153 of this Answer with the same force and effect as though set forth here in full.

155.    The allegations contained in paragraph 153 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 153 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

156.    The allegations contained in paragraph 154 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 154 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

157.    The allegations contained in paragraph 155 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 155 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

158.    The allegations contained in paragraph 156 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 156 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

159.    The allegations contained in paragraph 157 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 157 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

## RESPONSE TO "COUNT XV:
## BREACH OF IMPLIED WARRANTY"

160.    With respect to the allegations contained in paragraph 158 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 159 of this Answer with the same force and effect as though set forth here in full.

161.    The allegations contained in paragraph 159 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 159 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

162.    The allegations contained in paragraph 160 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 160 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

163.    The allegations contained in paragraph 161 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 161 of the

Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

164.   The allegations contained in paragraph 162 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 162 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

165.   The allegations contained in paragraph 163 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 163 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

## RESPONSE TO "COUNT XVI:
## BREACH OF EXPRESS WARRANTY"

166.   With respect to the allegations contained in paragraph 164 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 165 of this Answer with the same force and effect as though set forth here in full.

167.   The allegations contained in paragraph 165 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 165 of the Complaint, including its subparts a and b, as it is without knowledge or information sufficient to form a belief as to the truth therein.

168.    The allegations contained in paragraph 166 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 166 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

169.    The allegations contained in paragraph 167 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 167 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

170.    The allegations contained in paragraph 168 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 168 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

171.    The allegations contained in paragraph 169 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 169 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

### RESPONSE TO "COUNT XVII: NEGLIGENT MISREPRESENTATION"

172.    With respect to the allegations contained in paragraph 170 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement

contained in paragraphs 1 through 171 of this Answer with the same force and effect as though set forth here in full.

173.    The allegations contained in paragraph 171 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 171 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

174.    The allegations contained in paragraph 172 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 172 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

175.    The allegations contained in paragraph 173 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 173 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

176.    The allegations contained in paragraph 174 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 174 of the Complaint, including its subparts a through e, as it is without knowledge or information sufficient to form a belief as to the truth therein.

177.    The allegations contained in paragraph 175 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 175 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

178.    The allegations contained in paragraph 176 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 176 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

179.    The allegations contained in paragraph 177 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 177 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

180.    The allegations contained in paragraph 178 of the Complaint are not directed towards Merck, and therefore no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 178 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

181.    The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 178 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation directed towards

Merck contained in the unnumbered "Wherefore" paragraph, including its subparts A through E, except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

### AS FOR A FIRST
### DEFENSE, MERCK ALLEGES:

182.    The claims of Plaintiff may be time-barred, in whole or in part, under prescription, peremption, statutes of repose, applicable federal or state statute of limitations, or are otherwise untimely.

### AS FOR A SECOND
### DEFENSE, MERCK ALLEGES:

183.    The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A THIRD
### DEFENSE, MERCK ALLEGES:

184.    The claims of the Plaintiff may be barred, in whole or in part, from recovery because Plaintiff and/or Decedent has made statements or taken actions that preclude Plaintiff from asserting claims or constitute a waiver of their claims.

### AS FOR A FOURTH
### DEFENSE, MERCK ALLEGES:

185.    The claims of the Plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

### AS FOR A FIFTH
### DEFENSE, MERCK ALLEGES:

186.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

187.    If Plaintiff and/or Decedent has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

188.    To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

189.    To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff and/or Decedent directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

190.    If Plaintiff and/or Decedent has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff and/or Decedent knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

191.    If Plaintiff and/or Decedent has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A ELEVENTH
## DEFENSE, MERCK ALLEGES:

192.    If Plaintiff and/or Decedent has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's and/or Decedent's misuse or abuse of Vioxx.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

193.    If Plaintiff and/or Decedent has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's and/or Decedent's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

194.    To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

195.    To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under applicable state law.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

196.    To the extent that Plaintiff asserts claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiff to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

197.    Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

198.    The claims of Plaintiff are barred in whole or in part by the First Amendment of the Constitution of the United States of America and comparable state law provisions.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

199.    Plaintiff's claims are barred in whole or in part because the product at issue conformed to the state-of-the-art for the design and manufacture of such, or similar, products at the time it was manufactured.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

200.    There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

201.    This case is more appropriately brought in a different venue.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

202.    Venue in this case is improper.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

203.    The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, Plaintiff and/or Decedent has brought actions and has received judgments on parts of some or all claims asserted herein.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

204.    The claims of Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

205.    The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to their claims.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

206.    The claims of Plaintiff may be barred, in whole and in part, by the doctrine

of laches.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

207.    The claims of Plaintiff are barred, in whole or in part, by Plaintiff's and/or

Decedent's failure to mitigate damages.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

208.    To the extent there were any risks associated with the use of the product

which is the subject matter of this action that Merck knew or should have known and which gave

rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate

warnings in accordance with federal and governing state laws.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

209.    The claims of Plaintiff may be barred, in whole or in part, from recovery,

due to spoliation of evidence.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

210.    The claims of Plaintiff may be barred, in whole or in part, by the

governing state laws.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

211.    Any conduct allegedly causing liability on the part of Merck is not a

substantial cause or factor of any potential or actual injury or damage, if any.

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

212.    Plaintiff and/or Decedent has not sustained any injury or damages compensable at law.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

213.    Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiff's failure to provide it with due process of law.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

214.    Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

215.    Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges Plaintiff and/or Decedent has taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

216.    Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

217.    Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

218.    To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

219.    The Plaintiff and/or Decedent was careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages, or losses to Plaintiff and/or Decedent.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

220.    To the extent that Plaintiff asserts claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

221.    To the extent that Plaintiff asserts claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to their claims, Plaintiff has failed to allege facts that would overcome the defenses available under that state products liability law.

## AS FOR A FORTY-FIRST
## DEFENSE, MERCK ALLEGES:

222.   To the extent that Plaintiff alleges a conspiracy claim, that claim is barred because Merck did not enter into any agreement with any other defendant or third party to further any alleged unlawful act by allegedly unlawful means.

## AS FOR A FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

223.   To the extent that Plaintiff alleges a negligence per se claim, that claim is barred on the grounds that such claims are not cognizable against Merck in this action.

## AS FOR A FORTY-THIRD
## DEFENSE, MERCK ALLEGES:

224.   To the extent that Plaintiff seeks injunctive relief, that claim is barred by the doctrine of primary jurisdiction.

## AS FOR A FORTY-FOURTH
## DEFENSE, MERCK ALLEGES:

225.   To the extent Plaintiff seeks to recover only economic loss in tort, their claims are barred by the economic loss doctrine.

## AS FOR A FORTY-FIFTH
## DEFENSE, MERCK ALLEGES:

226.   Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

## AS FOR A FORTY-SIXTH
## DEFENSE, MERCK ALLEGES:

227.   To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A FORTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

228.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A FORTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

229.    To the extent that Plaintiff seeks punitive damages, that demand is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FORTY-NINTH
## DEFENSE, MERCK ALLEGES:

230.    Merck demands a trial by jury of all issues.

## AS FOR A FIFTIETH
## DEFENSE, MERCK ALLEGES:

231.    Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

## AS FOR A FIFTY-FIRST
## DEFENSE, MERCK ALLEGES:

232.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A FIFTY-SECOND
## DEFENSE, MERCK ALLEGES:

233.    Merck incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action.  Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding or trial in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana.  Merck hereby reserves the right to amend its answer to assert any such defense.

## AS FOR A FIFTY-THIRD
## DEFENSE, MERCK ALLEGES:

234.    Defendants Pfizer Inc., Monsanto Company, and Pharmacia Corporation are improperly joined.

## AS FOR A FIFTY-FOURTH
## DEFENSE, MERCK ALLEGES:

235.    Plaintiff lacks standing to assert claims under the Illinois Merchandising Practices Act or any Illinois consumer protection statute

## AS FOR A FIFTY-FIFTH
## DEFENSE, MERCK ALLEGES:

236.    Plaintiff is not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of the due process clause of the Fourteenth Amendment of the United States Constitution and the Illinois and Missouri Constitutions as set forth in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 123 S.Ct. 1513 (2003).

## AS FOR A FIFTY-SIXTH
## DEFENSE, MERCK ALLEGES:

237.     Plaintiff is not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of Merck's constitutional protection and the prohibitions against double jeopardy set forth in the Fifth Amendment and the due process clause of the Fourteenth Amendment of the United States Constitution and comparable provisions of the Illinois and Missouri Constitutions.

## AS FOR A FIFTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

238.     Plaintiff is not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in an unconstitutionally excessive fine in violation of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution and comparable provisions of the Illinois and Missouri Constitutions.

## AS FOR A FIFTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

239.     Plaintiff is not entitled to recover exemplary or punitive damages because exemplary or punitive damages in this case would result in a violation of the prohibition against ex post facto laws and laws impairing the obligations of contracts contained in Sections 9 and 10 of Article I of the United States Constitution and comparable provisions of the Illinois and Missouri Constitutions.

## AS FOR A FIFTY-NINTH
## DEFENSE, MERCK ALLEGES:

240.     Plaintiff is not entitled to recover exemplary or punitive damages because Plaintiff's claim for exemplary or punitive damages is in violation of the due process clauses of

the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Illinois and Missouri Constitutions because there are not realistic standards or limits imposed on the amount of punitive damages which may be awarded, and no required relationship between the actual damages sustained and the amount of punitive damages which may be awarded.

## AS FOR A SIXTIETH
## DEFENSE, MERCK ALLEGES:

241.    Plaintiff is not entitled to recover exemplary or punitive damages because Plaintiff's claim for exemplary or punitive damages is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitutions and comparable provisions of the Illinois and Missouri Constitutions because the vague standards employed in punitive damage cases results in extremely disparate results among similar defendants accused of similar conduct.

## AS FOR A SIXTY-FIRST
## DEFENSE, MERCK ALLEGES:

242.    Plaintiff is not entitled to recover exemplary or punitive damages because Plaintiff's claim for exemplary or punitive damages is in violation of the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Illinois and Missouri Constitutions because the purpose of punitive damages is punishment and deterrence, and there is not adequate procedural safeguards in place to protect Merck's right against self-incrimination, right to proof beyond a reasonable doubt, and right to be free from unreasonable searches and seizures in this case.

**AS FOR A SIXTY-SECOND**
**DEFENSE, MERCK ALLEGES:**

243.    Plaintiff is not entitled to recover exemplary or punitive damages because Plaintiff's claim for exemplary or punitive damages is in violation of the First Amendment to the United States Constitution and comparable provisions of the Illinois and Missouri Constitutions.

**AS FOR A SIXTY-THIRD**
**DEFENSE, MERCK ALLEGES:**

244.    Plaintiff is not entitled to recover exemplary or punitive damages because the standards and instructions regarding exemplary/punitive damages are inadequate, vague, and ambiguous, further violating the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Illinois and Missouri Constitutions.

**AS FOR A SIXTY-FOURTH**
**DEFENSE, MERCK ALLEGES:**

245.    The correct standard for submitting the burden of proof for exemplary and/or punitive damages is "clear and convincing" evidence.  Any lesser standard is a violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Illinois and Missouri Constitutions.

**AS FOR A SIXTY-FIFTH**
**DEFENSE, MERCK ALLEGES:**

246.    Plaintiff is not entitled to recover exemplary or punitive damages because the imposition of exemplary or punitive damages in this case based upon evidence of Merck's wealth or financial status would violate the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Illinois and Missouri Constitutions.

## AS FOR A SIXTY-SIXTH
## DEFENSE, MERCK ALLEGES:

247.   Section 10b(1) of the Illinois Consumer Fraud Act provides that the Consumer Fraud Act does not apply to "[a]ctions or transactions specifically authorized by laws administered by any regulatory body or officer acting under statutory authority of this State or the United States." (Ill.Rev.Stat.1981, ch. 121 1/2, par. 270b(1).) Under this provision, conduct which is authorized by Federal statutes and regulations is exempt from liability under the Consumer Fraud Act. *Lanier v. Associates Finance, Inc.*, 114 Ill.2d 1, 17, 499 N.E.2d 440, 447, 101 Ill.Dec. 852, 859 (Ill. 1986).

## AS FOR A SIXTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

248.   Plaintiff may be barred from bringing an action pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act because the actions or transactions at issue were authorized by laws administered by a regulatory body or officer acting under statutory authority of the United States.  815 ILCS 505/10b(1).

## AS FOR A SIXTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

249.   Any warnings which Merck gave were transmitted to the prescribing physicians and/or health care providers and that, under Missouri law, Merck's only obligation is to warn the prescribing physician and/or health care providers and said obligation was fulfilled.

## AS FOR A SIXTY-NINTH
## DEFENSE, MERCK ALLEGES:

250.   A finding of liability under current Missouri law and procedure would violate Merck's constitutional rights, both facially and as applied, under the due process clauses

of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 22(a) (right to a trial by jury), in that:

a.   Missouri law, by virtue of Missouri Approved Instructions 25.04 and 25.05, fails to submit to the jury one or more specific alleged defects upon which the jury must base its finding that the product is unreasonably dangerous.

   i.   This gives the jury a roving commission with no constraints whatsoever to find the product unreasonably dangerous; and

   ii.   Fails to limit the jury's consideration to those defects specified and supported by substantial evidence; and

   iii.   This also denies Merck any meaningful review by the trial court of the submissibility of Plaintiff's claims as to certain defects, and

   iv.   This permits the jury to render a verdict against the defendant based upon the vote of less than a majority of the jury, with each of the minimum of nine jurors required to vote for a verdict against the defendant basing that vote on a defect never alleged in the pleadings, a different allegation of defect, a defect for which Plaintiff does not have substantial evidence, a defect never claimed by Plaintiff's experts or a defect never mentioned in the evidence at the trial.

b.   Missouri law by virtue of Missouri Approved Instructions 25.04 and 25.05 allows the jury a roving commission with no constraints whatsoever in that no factors or objective standards to consider in deciding whether a product is unreasonably dangerous are given the jury; and

c.    Missouri allows the jury a roving commission with no constraints whatsoever because no factors are given the trial court to meaningfully review the submissibility of a case or to review meaningfully a jury's verdict, both as to liability and as to the amount of damages awarded.

## AS FOR A SEVENTIETH
## DEFENSE, MERCK ALLEGES:

251.    Section 537.675, Mo.Rev.Stat. violates Article 1, Section 13 against *ex post facto* laws to the extent that it permits the jury to consider any conduct or omission by the defendant which occurred before the passage of that statute.

## AS FOR A SEVENTY-FIRST
## DEFENSE, MERCK ALLEGES:

252.    Section 537.675, Mo.Rev.Stat., which takes half of any punitive damage award for the State of Missouri, making the award of punitive damages a fine imposed and collected by the State, both facially and as applied, violates the double jeopardy clauses of the 5th Amendment of the United States Constitution and Article I, Section 19 of the Missouri Constitution, because it allows multiple punitive damage awards for the same conduct.

## AS FOR A SEVENTY-SECOND
## DEFENSE, MERCK ALLEGES:

253.    Missouri, by virtue of Section 537.675, which requires half of any punitive damage award to be paid to the State of Missouri, has made every award of punitive damages a criminal fine without adequate guidelines giving notice as to the conduct or state of mind that could result in a punitive damage award and as to the procedures for imposing punitive damages, including without limitation, a failure to require a unanimous jury to award punitive damages.

## AS FOR A SEVENTY-THIRD
## DEFENSE, MERCK ALLEGES:

254.    Missouri standards for finding a defendant liable for punitive damages are so vague, uncertain and ill-defined that Section 537.675, Mo.Rev.Stat. violates the Fifth Amendment to the United States Constitution and Article I, Section 18(a) of the Missouri Constitution, because it permits the imposition of a state fine without the defendant ever being told the nature and cause of the offense with which the defendant was charged.

## AS FOR A SEVENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

255.    Section 537.675, Mo.Rev.Stat. violates Article 1, Section 31, by delegating to a jury the authority to set fines.

## AS FOR A SEVENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

256.    Section 537.675, Mo.Rev.Stat. violates Article 1, Section 22(a) in that it allows a less than unanimous jury to impose the criminal penalty of punitive damages and permits verdicts which are not truly supported by the vote of nine jurors.  Missouri law allows a group of nine jurors to impose and set the amount of punitive damages, which group is different from the group of nine that originally found the prerequisite liability for compensatory damages, so that no group of nine may have agreed on the entire verdict upon which judgment is entered.

## AS FOR A SEVENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

257.    Missouri's scheme for punitive damages, including without limitation, the Missouri Approved Instructions on punitive damages and Sections 510.263 and 537.675, violate, both facially and as applied, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Constitution of Missouri, and the

Excessive Fines Clause of the Eighth Amendment to the United States Constitution and Article I, Sections 21 and 22(a) (right to a trial by jury) of the Missouri Constitution, because:

 a. Missouri law fails to provide adequate guidance to the jury in setting the amount of any punitive damage award and instead leaves this decision to the unbridled discretion of the jury;

 b. Missouri law provides no objective limitations or standards concerning a proper amount of punitive damages;

 c. Missouri law does not require that an award of punitive damages bear a reasonable relationship to the actual injury involved;

 d. Missouri law does not require that an award of punitive damages bear a reasonable relationship to the compensatory damages awarded by the jury;

 e. Missouri law does not require that an award of punitive damages bear a reasonable relationship to the defendant's mental state and the degree of malice with which the jury finds the defendant acted;

 f. Missouri law has no fixed limit on the amount of punitive damages that can be awarded in connection with an incident or with a product involved in more than one incident;

 g. Missouri law allows multiple punitive damage awards for the same conduct;

 h. Missouri law does not require the judge presiding over a trial in which punitive damages have been awarded to review the punitive damages award in light of the amount of punitive damages awarded in other, comparable cases;

 i. Missouri law does not require the jury to consider mitigating circumstances in determining whether punitive damages should be awarded;

j.   Missouri law does not require that an award of punitive damages must not be based upon any bias, passion, or prejudice against the defendant;

k.   Missouri's guidelines, standards, procedures and jury instructions for the award of punitive damages are ambiguous, indefinite, vague, uncertain, conflicting, purely subjective, unreasonable and fundamentally unfair, so as to deprive defendant of adequate notice of the type of conduct that could result in the imposition of punitive damages;

l.   Missouri law directs a jury to consider the net worth of the defendant in setting the amount of any punitive damage award and, therefore, discriminates unfairly on the basis of economic status bearing no relationship to the incident, the damages sustained by the plaintiff, the mental state of the defendant or to other awards of punitive damages under comparable facts;

m.   Missouri law does not require that the amount of any punitive damage award must not be based upon any desire or belief to redistribute income or wealth from those the jury believes have wealth to those the jury believes have less or no wealth;

n.   Missouri law allows an award of punitive damages to be based entirely on conduct occurring outside the state of Missouri; and

o.   Missouri law allows a less than unanimous jury to impose the penalty of punitive damages and allows one group of nine jurors to find the prerequisite liability for compensatory damages and another group of nine to impose and set the amount of punitive damages, so that no group of nine jurors agrees on the verdict upon which judgment is entered.

**AS FOR A SEVENTY-SEVENTH**
**DEFENSE, MERCK ALLEGES:**

258.   Missouri law requiring proof of punitive damages by clear and convincing evidence violates the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Missouri Constitution, as interpreted by the Courts to require proof beyond a reasonable doubt in all criminal cases, because Section 537.675 has criminalized punitive damages, so that a charge of punitive damages should be proven beyond a reasonable doubt to a unanimous jury.

**AS FOR A SEVENTY-EIGHTH**
**DEFENSE, MERCK ALLEGES:**

259.   Any plaintiff who purchased Vioxx outside of Missouri has no claim under the Missouri Merchandising Practices Act because that Act does not apply to transactions that occur wholly outside of Missouri.

**AS FOR A SEVENTY-NINTH**
**DEFENSE, MERCK ALLEGES:**

260.   Plaintiff lacks standing to assert claims under Missouri Merchandising Practices Act or any Missouri consumer protection statute.

**AS FOR AN EIGHTIETH**
**DEFENSE, MERCK ALLEGES:**

261.   The Complaint and the causes of action contained therein is barred in whole or in part by the United States and Missouri Constitution which prohibit the extra-territorial application of state law.

## AS FOR AN EIGHTY-FIRST
## DEFENSE, MERCK ALLEGES:

262.    Merck's fault, if any, must be compared to the fault of Plaintiff and others pursuant to Mo. Rev. Stat. 537.765 and the principles of comparative fault announced in *Gustafson v. Benda*, 661 S.W.2d 11 (Mo. banc 1983).

## AS FOR AN EIGHTY-SECOND
## DEFENSE, MERCK ALLEGES:

263.    To the extent that Plaintiff seeks economic losses as a result of purchasing Vioxx, such claims are barred under Missouri law because a buyer of allegedly defective goods cannot recover in tort for economic losses.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.    That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiff's Complaint with prejudice against Merck with costs assessed to Plaintiff;

2.    Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.    Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated:  February 23, 2007

Respectfully submitted,

/s/ Thomas P. Owen, Jr.
Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Melissa V. Beaugh, 28250
            Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069


Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
            Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL No. 1657, on this 23rd day of February, 2007.

/s/ Thomas P. Owen, Jr.