UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX® | * | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L/3 |
| This document relates to *Robert Peel* | * | JUDGE FALLON |
| *v. Merck & Co., Inc., et al.* | * | |
| (E.D. La. Index No. 07-664) | * | MAG. JUDGE KNOWLES |

* * * * * * * * * * * * * * * * * * * * * * * *

### ANSWER AND JURY DEMAND OF DEFENDANT PMSI, INC.

Defendant PMSI, Inc.,[1] by its undersigned attorneys, answers the Complaint and submits its Jury Demand as follows:

### RESPONSE TO "INTRODUCTION"

The majority of the allegations set forth in the unnumbered paragraph following "INTRODUCTION" of the Complaint are not directed toward PMSI and therefore no responsive pleading is required.  Should a response be deemed required, PMSI denies each and every allegation directed at PMSI set forth in said paragraph, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward PMSI set forth in said paragraph.  To the extent that the plaintiff alleges that PMSI distributed Vioxx, PMSI admits that it sold Vioxx in the State of Arizona to various persons pursuant to prescriptions.

PMSI admits that Plaintiff purports to seek relief as stated in said paragraph but denies that there is any legal or factual basis for such relief.  PMSI further avers that the allegations set forth in the last sentence in the unnumbered paragraph following "INTRODUCTION" are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, PMSI

---

[1] The caption of the complaint mistakenly refers to PMSI as "PSMI."

avers that Plaintiff's claims put in controversy more than $75,000, but there is no legal or factual basis for any of the relief sought.

<u>**RESPONSE TO "PARTIES"**</u>

1.      PMSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 1 of the Complaint and therefore is unable to admit or deny same.

2.      The allegations set forth in paragraph 2 of the Complaint are not directed toward PMSI and therefore no responsive pleading is required.  Should a response be deemed required, PMSI denies each and every allegation directed at PMSI set forth in said paragraph, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward PMSI set forth in said paragraph.

3.      PMSI denies each and every allegation set forth in paragraph 3 of the Complaint.

4.      PMSI denies each and every allegation set forth in paragraph 4 of the Complaint.

5.      PMSI denies each and every allegation directed at PMSI set forth in paragraph 5 of the Complaint.  PMSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward PMSI set forth in said paragraph.

6.      The allegations set forth in paragraph 6 of the Complaint are not directed toward PMSI and therefore no responsive pleading is required.  Should a response be deemed required, PMSI denies each and every allegation directed at PMSI set forth in said paragraph, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward PMSI set forth in said paragraph.

7.      The allegations set forth in paragraph 7 of the Complaint are not directed toward PMSI and therefore no responsive pleading is required.  Should a response be deemed required, PMSI denies each and every allegation directed at PMSI set forth in

said paragraph, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward PMSI set forth in said paragraph.

8.      The allegations set forth in paragraph 8 of the Complaint are not directed toward PMSI and therefore no responsive pleading is required.  Should a response be deemed required, PMSI denies each and every allegation directed at PMSI set forth in said paragraph, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward PMSI set forth in said paragraph.

9.      The allegations set forth in paragraph 9 of the Complaint are not directed toward PMSI and therefore no responsive pleading is required.  Should a response be deemed required, PMSI denies each and every allegation directed at PMSI set forth in said paragraph, and.  PMSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward PMSI set forth in said paragraph.

10.     PMSI admits that it sold Vioxx in the State of Arizona to various persons pursuant to prescriptions.  The remaining allegations set forth in paragraph 10 of the Complaint are not directed toward PMSI and therefore no responsive pleading is required.  Should a response be deemed required, PMSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 10 of the Complaint.

11.     The allegations set forth in paragraph 11 of the Complaint are not directed toward PMSI and therefore no responsive pleading is required.  Should a response be deemed required, PMSI denies each and every allegation directed at PMSI set forth in said paragraph, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward PMSI set forth in said paragraph.

12.     The allegations set forth in paragraph 12 of the Complaint are not directed toward PMSI and therefore no responsive pleading is required.  Should a response be deemed required, PMSI denies each and every allegation directed at PMSI set forth in

said paragraph, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward PMSI set forth in said paragraph.

13. The allegations set forth in paragraph 13 of the Complaint are not directed toward PMSI and therefore no responsive pleading is required. Should a response be deemed required, PMSI denies each and every allegation directed at PMSI set forth in said paragraph, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward PMSI set forth in said paragraph.

14. PMSI admits that PMSI sold Vioxx in the State of Arizona to various persons pursuant to prescriptions. PMSI denies each and every other allegation directed at PMSI set forth in said paragraph as PMSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward PMSI set forth in said paragraph.

## RESPONSE TO "FACTUAL ALLEGATIONS"

15. The allegations set forth in paragraph 15 of the Complaint are not directed toward PMSI and therefore no responsive pleading is required. Should a response be deemed required, PMSI denies each and every allegation directed at PMSI set forth in said paragraph, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward PMSI set forth in said paragraph.

16. PMSI denies each and every allegation directed at PMSI set forth in paragraph 16 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. PMSI admits that it sold Vioxx during the time it was distributed to PMSI by Merck. PMSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward PMSI set forth in said paragraph.

17. PMSI denies each and every allegation directed at PMSI set forth in paragraph 17 of the Complaint except admits that Vioxx is the brand name for rofecoxib

4

and that it was marketed in a manner consistent with the relevant FDA approved prescribing and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its indicated uses and full text.  PMSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward it set forth in said paragraph.

18.     PMSI denies each and every allegation set forth in paragraph 18 of the Complaint except admits that Vioxx reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

19.     PMSI denies each and every allegation directed at PMSI set forth in paragraph 19 of the Complaint, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.  PMSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward it set forth in said paragraph.

20.     PMSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first and second sentences of paragraph 20 of the Complaint.  PMSI denies each and every remaining allegation set forth in said paragraph except admits that Vioxx is a selective non-steroidal anti-inflammatory medication ("NSAID") that reduces pain and inflammation, and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2, and that the inhibition of cyclooxygenase-1 ("COX-1") in patients taking traditional non-selective NSAIDS is believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

21.     The allegations set forth in paragraph 21 of the Complaint are not directed toward PMSI and therefore no responsive pleading is required.  Should a response be deemed required, PMSI denies each and every allegation directed at PMSI set forth in

said paragraph, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward PMSI set forth in said paragraph.

22.     PMSI denies each and every allegation set forth in paragraph 22 of the Complaint except admits that Vioxx has had certain reported adverse events associated with its use, which were described in the relevant FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for Vioxx for its actual language and full text.

23.     The allegations set forth in paragraph 23 of the Complaint are not directed toward PMSI and therefore no responsive pleading is required.  Should a response be deemed required, PMSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

24.     PMSI denies each and every allegation set forth in paragraph 24 of the Complaint.

25.     PMSI denies each and every allegation set forth in paragraph 25 of the Complaint except admits that Merck marketed Vioxx in the United States until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

26.     PMSI denies each and every allegation set forth in paragraph 26 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

27.     PMSI denies each and every allegation directed at PMSI set forth in paragraph 27 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.  PMSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward PMSI set forth in said paragraph.

28.     PMSI denies each and every allegation set forth in paragraph 28 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

29.     PMSI denies each and every allegation directed at PMSI set forth in paragraph 29 of the Complaint.  PMSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward PMSI set forth in said paragraph.

## RESPONSE TO "FIRST CAUSE OF ACTION:  (STRICT LIABILITY – FAILURE TO WARN AND DESIGN DEFECT – DEFENDANT MERCK & COMPANY, INC.; DEFENDANT PMSI ARIZONA DRUG CO.; DEFENDANT PMSI INC.; DEFENDANT DETAILERS; ROES AND DOES 1 THROUGH 100, INCLUSIVE; ROE INDIVIDUAL PHARMACISTS)"

30.     With respect to the allegations set forth in paragraph 30 of the Complaint, PMSI repeats and realleges each and every admission, denial, averment, and statement in the unnumbered paragraph following "INTRODUCTION" and paragraphs 1 through 29 of this Answer with the same force and effect as though set forth here in full.

31.     PMSI denies each and every allegation directed at PMSI set forth in paragraph 31 of the Complaint.  PMSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward PMSI set forth in said paragraph.

32.     PMSI denies each and every allegation directed at PMSI set forth in paragraph 32 of the Complaint.  PMSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward PMSI set forth in said paragraph.

33.     PMSI denies each and every allegation set forth in paragraph 33 of the Complaint.

34.     PMSI denies each and every allegation set forth in paragraph 34 of the Complaint.

**RESPONSE TO "SECOND CAUSE OF ACTION:  (NEGLIGENCE – DEFENDANT MERCK & COMPANY, INC.; ROES AND DOES 1-50, INCLUSIVE)"**

35.     With respect to the allegations set forth in paragraph 35 of the Complaint, PMSI repeats and realleges each and every admission, denial, averment, and statement in the unnumbered paragraph following "INTRODUCTION" and paragraphs 1 through 34 of this Answer with the same force and effect as though set forth here in full.

36.     The allegations set forth in paragraph 36 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, PMSI denies each and every allegation directed at PMSI set forth in paragraph 36 and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.  PMSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward PMSI set forth in said paragraph.

37.     PMSI denies each and every allegation directed at PMSI set forth in paragraph 37 of the Complaint.  PMSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward PMSI set forth in said paragraph.

38.     PMSI denies each and every allegation set forth in paragraph 38 of the Complaint.

39.     PMSI denies each and every allegation set forth in paragraph 39 of the Complaint.

**RESPONSE TO "THIRD CAUSE OF ACTION:  (NEGLIGENCE PER SE –
DEFENDANT MERCK & COMPANY, INC.; ROES AND DOES 1 THROUGH 50,
INCLUSIVE)"**

40.    With respect to the allegations set forth in paragraph 40 of the Complaint, PMSI repeats and realleges each and every admission, denial, averment, and statement in the unnumbered paragraph following "INTRODUCTION" and paragraphs 1 through 39 of this Answer with the same force and effect as though set forth here in full.

41.    The allegations set forth in paragraph 41 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, PMSI denies each and every allegation directed at PMSI set forth in paragraph 41 and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.  PMSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward PMSI set forth in said paragraph.

42.    The allegations set forth in paragraph 42 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, PMSI denies each and every allegation directed at PMSI set forth in paragraph 42 and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.  PMSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward PMSI set forth in said paragraph.

43.    The allegations set forth in paragraph 43 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, PMSI denies each and every allegation set forth in paragraph 43 and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

44.     PMSI denies each and every allegation directed at PMSI set forth in paragraph 44 of the Complaint.   PMSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward PMSI set forth in said paragraph.

45.     PMSI denies each and every allegation set forth in paragraph 45 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

46.     PMSI denies each and every allegation set forth in paragraph 46 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

47.     PMSI denies each and every allegation set forth in paragraph 47 of the Complaint.

48.     PMSI denies each and every allegation set forth in paragraph 48 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

49.     PMSI denies each and every allegation set forth in paragraph 49 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

50.     PMSI denies each and every allegation directed at PMSI set forth in paragraph 50 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

51.     PMSI denies each and every allegation set forth in paragraph 51 of the Complaint.

52.     PMSI denies each and every allegation set forth in paragraph 52 of the Complaint.

53.     PMSI denies each and every allegation set forth in paragraph 53 of the Complaint.

54.     PMSI denies each and every allegation set forth in paragraph 54 of the Complaint.

## RESPONSE TO "FOURTH CAUSE OF ACTION:  (BREACH OF IMPLIED WARRANTY – DEFENDANT MERCK & COMPANY, INC.; DEFENDANT PMSI INC.; DEFENDANT DETAILERS; ROES AND DOES 1 THROUGH 100, INCLUSIVE; ROE INDIVIDUAL PHARMACISTS)"

55.     With respect to the allegations set forth in paragraph 55 of the Complaint, PMSI repeats and realleges each and every admission, denial, averment, and statement in the unnumbered paragraph following "INTRODUCTION" and paragraphs 1 through 54 of this Answer with the same force and effect as though set forth here in full.

56.     The allegations set forth in paragraph 56 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, PMSI denies each and every allegation directed at PMSI set forth in paragraph 56 and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.  PMSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward PMSI set forth in said paragraph.

57.     PMSI denies each and every allegation directed at PMSI set forth in paragraph 57 of the Complaint.  PMSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward PMSI set forth in said paragraph.

58.     PMSI denies each and every allegation set forth in paragraph 58 of the Complaint.

59.     PMSI denies each and every allegation set forth in paragraph 59 of the Complaint.

60.     PMSI denies each and every allegation set forth in paragraph 60 of the Complaint.

## RESPONSE TO "FIFTH CAUSE OF ACTION:  (BREACH OF EXPRESS WARRANTY – DEFENDANT MERCK & COMPANY, INC.; DEFENDANT DETAILERS; ROES AND DOES 1 THROUGH 50, INCLUSIVE)"

61.     With respect to the allegations set forth in paragraph 61 of the Complaint, PMSI repeats and realleges each and every admission, denial, averment, and statement in the unnumbered paragraph following "INTRODUCTION" and paragraphs 1 through 60 of this Answer with the same force and effect as though set forth here in full.

62.     PMSI denies each and every allegation directed at PMSI set forth in paragraph 62 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its indicated uses and full text.  PMSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward PMSI set forth in said paragraph.

63.     PMSI denies each and every allegation directed at PMSI set forth in paragraph 63 of the Complaint.  PMSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward PMSI set forth in said paragraph.

64.     PMSI denies each and every allegation set forth in paragraph 64 of the Complaint.

65.     PMSI denies each and every allegation set forth in paragraph 65 of the Complaint.

**RESPONSE TO "SIXTH CAUSE OF ACTION:  (DECEIT BY CONCEALMENT – DEFENDANT MERCK & COMPANY, INC.; DETAILERS; ROES AND DOES 1 THROUGH 50, INCLUSIVE)"**

66.     With respect to the allegations set forth in paragraph 66 of the Complaint, PMSI repeats and realleges each and every admission, denial, averment, and statement in the unnumbered paragraph following "INTRODUCTION" and paragraphs 1 through 65 of this Answer with the same force and effect as though set forth here in full.

67.     PMSI denies each and every allegation directed at PMSI set forth in paragraph 67 of the Complaint.  PMSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward PMSI set forth in said paragraph.

68.     The allegations set forth in paragraph 68 of the Complaint are not directed toward PMSI and therefore no responsive pleading is required.  Should a response be deemed required, PMSI denies each and every allegation directed at PMSI set forth in said paragraph, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward PMSI set forth in said paragraph.

69.     The allegations set forth in paragraph 69 of the Complaint are not directed toward PMSI and therefore no responsive pleading is required.  Should a response be deemed required, PMSI denies each and every allegation directed at PMSI set forth in said paragraph, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward PMSI set forth in said paragraph.

70.     PMSI denies each and every allegation directed at PMSI set forth in paragraph 70 of the Complaint.  PMSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward PMSI set forth in said paragraph.

71.     PMSI denies each and every allegation set forth in paragraph 71 of the Complaint.

72.     PMSI denies each and every allegation set forth in paragraph 72 of the Complaint.

73.     PMSI denies each and every allegation set forth in paragraph 73 of the Complaint.

74.     PMSI denies each and every allegation set forth in paragraph 74 of the Complaint.

### RESPONSE TO "SEVENTH CAUSE OF ACTION:  (NEGLIGENT MISREPRESENTATION – DEFENDANT MERCK & COMPANY, INC.; DEFENDANT DETAILERS; ROES AND DOES 1 THROUGH 50, INCLUSIVE)"

75.     With respect to the allegations set forth in paragraph 75 of the Complaint, PMSI repeats and realleges each and every admission, denial, averment, and statement in the unnumbered paragraph following "INTRODUCTION" and paragraphs 1 through 74 of this Answer with the same force and effect as though set forth here in full.

76.     The allegations set forth in the first sentence paragraph 76 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, PMSI denies each and every allegation directed at PMSI set forth in paragraph 76 and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.  PMSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward PMSI set forth in said paragraph.

77.     PMSI denies each and every allegation directed at PMSI set forth in paragraph 77 of the Complaint.  PMSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward PMSI set forth in said paragraph.

78.    PMSI denies each and every allegation directed at PMSI set forth in paragraph 78 of the Complaint.  PMSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward PMSI set forth in said paragraph.

79.    PMSI denies each and every allegation directed at PMSI set forth in paragraph 79 of the Complaint.  PMSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward PMSI set forth in said paragraph.

80.    PMSI denies each and every allegation directed at PMSI set forth in paragraph 80 of the Complaint.  PMSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward PMSI set forth in said paragraph.

81.    PMSI denies each and every allegation set forth in paragraph 81 of the Complaint.

82.    PMSI denies each and every allegation set forth in paragraph 82 of the Complaint.

83.    The allegations set forth in the unnumbered "Wherefore" paragraph after paragraph 82 of the Complaint, constitute a prayer for relief as to which no response is required.  Should a response be deemed required, PMSI denies each and every allegation set forth in the unnumbered "Wherefore" paragraph, including its subparts 1 through 11.

84.    PMSI intends by the foregoing to have responded to each and every allegation, averment, or statement in the Complaint.  To the extent that any allegation, averment, or statement is deemed not to have been answered, it is hereby denied by PMSI.

## AFFIRMATIVE AND OTHER DEFENSES

For its affirmative and other defenses, PMSI alleges as follows:

85.     The claims of Plaintiff may be time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely.

86.     The Complaint fails to state a claim upon which relief can be granted.

87.     The claims of the Plaintiff may be barred, in whole or in part, from recovery because Plaintiff has made statements or taken actions that preclude him from asserting claims or constitute waiver of his claims.

88.     The claims of the Plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

89.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

90.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

91.     To the extent that Plaintiff asserts claims based on PMSI's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

92.     To the extent that Plaintiff asserts claims based upon an alleged failure by PMSI to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck discharged its duty to warn in its warnings to the prescribing physician.

93.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any losses or injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

94.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of PMSI, and over whom PMSI had no control and for whom PMSI may not be held accountable.

95.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or loss resulted from Plaintiff's misuse or abuse of Vioxx.

96.    If Plaintiff has sustained injuries or losses as alleged in the Complaint,

such injuries or losses resulted from the Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, idiosyncratic reaction, subsequent medical conditions or natural courses or conditions for which this Defendant is not responsible.

97.    To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, PMSI's liability, if any, should be reduced accordingly.

98.    To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Arizona law.

99.     Plaintiff's claims of fraud/deceit by concealment are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Arizona Rule of Civil Procedure 9(b) and Federal Rule of Civil Procedure 9(b).

100.    Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

101.    Plaintiff's claims are barred in whole or in part by the First Amendment.

102.    Plaintiff's claims are barred in whole or in part because the product at issue

was made in accordance with the state of the art at the time it was manufactured.

103.    There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

104.    This case is more appropriately brought in a different venue.

105.    Venue in this case is improper.

106.    The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, Plaintiff has brought actions and has received judgments on parts of some or all claims asserted herein.

107.    The claims of Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

108.    The claims of Plaintiff may be barred, in whole or in part, from recovery by

release as to her claims.

109.    The claims of Plaintiff may be barred, in whole and in part, by the doctrine of laches.

18

110.     The claims of Plaintiff are barred, in whole or in part, by the failure to mitigate damages.

111.     To the extent there were any risks associated with the use of the product which is the subject matter of this action that PMSI knew or should have known and which gave rise to a duty to warn, PMSI at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

112.     The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

113.     The claims of Plaintiff may be barred, in whole or in part, by the Governing state laws.

114.     Any conduct allegedly causing liability on the part of PMSI is not a substantial cause or factor of any potential or actual injury or damage, if any.

115.     Plaintiff has not sustained any injury or damages compensable at law.

116.     PMSI reserves its right to seek dismissal of the Complaint and seek further relief for Plaintiff's failure to provide it with due process of law.

117.     To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate PMSI's state and federal constitutional rights.

118.     To the extent that Plaintiff seeks punitive damages for an alleged act or omission of PMSI, no act or omission was such to warrant punitive damages under applicable law and, therefore, any award of punitive damages is barred.

119.     Plaintiff's demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.  Further, A.R.S. § 12-701 bars punitive damages.

120.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, the proximate cause of such injuries or losses was use or consumption of Vioxx that was for a purpose, in a manner or in

an activity other than that which was reasonably foreseeable or was contrary to express and adequate instructions or warnings appearing on or attached to Vioxx or on its original container or wrapping or otherwise provided, and Plaintiff knew or with the exercise of reasonable and diligent care should have known of such instructions or warnings.

121.    All activities of PMSI as alleged in the Complaint were expressly authorized and/or regulated by a government agency. Therefore, Plaintiff's claims pertaining to unfair or deceptive practices are barred.

122.    Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

123.    Plaintiff's claims are barred in whole or in part because PMSI provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

124.    Plaintiff's claims are barred under Section 4, *et. seq.*, of the Restatement (Third) of Torts:  Products Liability.

125.    Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

126.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the Plaintiff.

127.    Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence.

128.    To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

129.    Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

130.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable PMSI to determine all of its legal, contractual and equitable rights, PMSI reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

131.    PMSI incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action.  PMSI will rely on all defenses that may become available during discovery or trial.

## PMSI'S JURY DEMAND

132.    Pursuant to Rule 38, Federal Rules of Civil Procedure, or alternatively, Rule 38, Arizona Rules of Civil Procedure, PMSI hereby requests a trial by jury.

WHEREFORE, having fully answered the Complaint, PMSI hereby requests the Court to:

A.    Dismiss the Complaint with prejudice, and Plaintiff taking nothing thereby;

B.    Award PMSI its cost of suit and attorneys' fees, under any applicable statute; and

C.    Grant such other and further relief as this Court deems just and equitable.

*DATED* this 23rd day of February, 2007.

           **HOLLOWAY ODEGARD FORREST**
             **KELLY & KASPAREK, P.C.**

By <u>s/Larry J. Wulkan</u>
   Peter C. Kelly, II
   Larry J. Wulkan
   3101 N. Central Avenue, Suite 1200
   Phoenix, Arizona  85012
   Attorneys for Defendant PMSI, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer and Jury Demand of

Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and

Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all

parties by electronically uploading the same to LexisNexis File & Serve Advanced in

accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed

with the Clerk of Court of the United States District Court for the Eastern District of

Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in

accord with the procedures established in MDL 1657, on this 23rd day of February, 2007.


/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel