UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | * * * * * * * * * * | MDL No. 1657<br><br>SECTION L<br><br>JUDGE ELDON E. FALLON<br><br>MAGISTRATE JUDGE<br>DANIEL E. KNOWLES, III |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:  *James A. Gandy and Thelma Gandy v. Merck & Co., Inc.*, Case No. 07-0444.**

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel,

answers the Plaintiffs' Original Complaint ("Complaint") as follows:

## RESPONSE TO COMPLAINT

### RESPONSE TO
### "JURISDICTION AND VENUE"

1.1     The allegations contained in paragraph 1.1 of the Complaint are legal

conclusions as to which no responsive pleading is required.  Should a response be deemed

required, Merck denies each and every allegation contained in paragraph 1.1 of the Complaint, as

it is without knowledge or information sufficient to form a belief as to the truth therein, except

admits that Plaintiffs purport to state a claim in excess of $75,000 but denies that there is any legal or factual basis for such relief.

        1.2     The allegations contained in paragraph 1.2 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 1.2 of the Complaint, except admits that there is a multidistrict litigation ("MDL") related to the prescription medicine Vioxx® ("Vioxx"), and that the MDL Court issued Pretrial Order No. 11 on May 18, 2005, and respectfully refers the Court to that Order for its actual content and full effect.

## RESPONSE TO
## "PARTIES"

        2.1     Denies each and every allegation contained in paragraph 2.1 of the Complaint, including its subparts 1 and 2, as it is without knowledge or information sufficient to form a belief as to the truth therein.

        2.2     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 2.2 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 2.2 of the Complaint.

        2.3     Denies each and every allegation contained in paragraph 2.4 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide

market on September 30, 2004, and that it is authorized to do business in Louisiana and South Carolina.

## RESPONSE TO
## "BACKGROUND FACTS"

3.1     Denies each and every allegation contained in paragraph 3.1 of the Complaint, except admits that Merck is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health and that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

3.2     Denies each and every allegation contained in paragraph 3.2 of the Complaint, except admits that Vioxx, which is the brand name for rofecoxib, reduces pain and inflammation and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

3.3     Denies each and every allegation contained in paragraph 3.3 of the Complaint, except admits that Vioxx is a selective COX-2 inhibitor and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as COX-2.

3.4     Denies each and every allegation contained in paragraph 3.4 of the Complaint, except admits that on November 23, 1998 Merck submitted a New Drug Application ("NDA") for Vioxx 12.5 mg and Vioxx 25 mg tablets and respectfully refers the Court to said NDAs for their actual language and full text.

3

3.5     Denies each and every allegation contained in paragraph 3.5 of the Complaint, except admits that on November 23, 1998 Merck submitted a NDA for Vioxx Oral Suspension and respectfully refers the Court to said NDA for its actual language and full text.

3.6     Denies each and every allegation contained in paragraph 3.6 of the Complaint, except admits that Merck sought and, in May 1999, received U.S. Food & Drug Administration ("FDA") approval to manufacture and market the prescription medicine Vioxx consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

3.7     Denies each and every allegation contained in paragraph 3.7 of the Complaint, except admits that Merck received a letter from a regulatory review officer in December 1999 and respectfully refers the Court to that letter for its actual language and full text.

3.8     Denies each and every allegation contained in paragraph 3.8 of the Complaint, except admits that the referenced publication exists and respectfully refers the Court to that publication for its actual language and full text.

3.9     Denies each and every allegation contained in paragraph 3.9 of the Complaint, including its subparts (a) and (b), except admits that the Vioxx Gastrointestinal Outcomes Research ("VIGOR") study exists and respectfully refers the Court to the referenced study for its actual language and full text.

3.10    Denies each and every allegation contained in paragraph 3.10 of the Complaint, except admits that Merck issued a press release dated March 27, 2000 and respectfully refers the Court to the referenced press release for its actual language and full text.

4

3.11    Denies each and every allegation contained in paragraph 3.11 of the Complaint, except admits that the referenced studies exist and respectfully refers the Court to said studies for their actual language and full text. Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

3.12    Denies each and every allegation contained in paragraph 3.12 of the Complaint, except admits that the referenced studies and publication exist and respectfully refers the Court to said studies and publication for their actual language and full text.

3.13    Denies each and every allegation contained in paragraph 3.13 of the Complaint.

3.14    Denies each and every allegation contained in paragraph 3.14 of the Complaint, except admits that worldwide sales figures for Vioxx exceeded $2 billion in 2000.

3.15    Denies each and every allegation contained in paragraph 3.15 of the Complaint, except admits that the referenced publication and study exist and respectfully refers the Court to said publication and study for their actual language and full text.

3.16    Denies each and every allegation contained in paragraph 3.16 of the Complaint.

3.17    Denies each and every allegation contained in paragraph 3.17 of the Complaint, except admits that the referenced briefing document and memorandum exist and respectfully refers the Court to said documents for their actual language and full text.

3.18    The allegations contained in the first sentence of paragraph 3.18 of the Complaint are not directed at Merck and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the first

5

sentence of paragraph 3.18 of the Complaint, except admits that Public Citizen has made certain statements regarding Vioxx and respectfully refers the Court to the referenced statement for its actual language and full text. Merck denies each and every allegation contained in the second sentence of paragraph 3.18 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

3.19    Denies each and every allegation contained in paragraph 3.19 of the Complaint except admits that Merck issued a press release on May 22, 2001, and respectfully refers the Court to the referenced press release for its actual language and full text.

3.20    Denies each and every allegation contained in paragraph 3.20 of the Complaint, except admits the existence of the referenced journal and the article contained therein and respectfully refers the Court to the referenced document for its actual language and full text.

3.21    Denies each and every allegation contained in paragraph 3.21 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced article for its actual language and full text.

3.22    Denies each and every allegation contained in paragraph 3.22 of the Complaint, except admits that the referenced press release exists and respectfully refers the Court to the referenced press release for its actual language and full text.

3.23    Merck denies each and every allegation contained in paragraph 3.23 of the Complaint, except admits that in September 2001 Merck received a letter from Thomas W. Abrams of DDMAC and respectfully refers the Court to that letter for its actual language and full text.

3.24    Denies each and every allegation contained in paragraph 3.24 of the Complaint, except admits that worldwide sales figures for Vioxx exceeded $2 billion in 2000 and 2003.

3.25    Denies each and every allegation contained in paragraph 3.25 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

3.26    Denies each and every allegation contained in paragraph 3.26 of the Complaint, except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

3.27    Denies each and every allegation contained in paragraph 3.27 of the Complaint, except admits the existence of the referenced journal and the study contained therein and respectfully refers the Court to the referenced publication for its actual language and full text.

3.28    Denies each and every allegation contained in paragraph 3.28 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

3.29    Denies each and every allegation contained in paragraph 3.29 of the Complaint.

7

3.30     Denies each and every allegation contained in paragraph 3.30 of the Complaint, except admits that the referenced article and study exist and respectfully refers the Court to said article and study for their actual language and full text.

3.31     Denies each and every allegation contained in paragraph 3.31 of the Complaint, except admits that the referenced system for adverse event reporting exists, although the reports on the system are not necessarily accurate, and various cardiovascular adverse events associated with Vioxx have been reported to the AERS system and respectfully refers the Court to the AERS for complete data on particular reported events. Merck further avers that adverse events are reported without regard to causality and do not reflect a conclusion by the reporter of the adverse event or the FDA that the event was caused by the drug.

3.32     Denies each and every allegation contained in paragraph 3.32 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual language and full text.

3.33     Denies each and every allegation contained in paragraph 3.33 of the Complaint, and avers that Merck disagreed with some of the language in the referenced published paper and therefore determined that it was not appropriate for a Merck author's name to appear on the published paper.

3.34     Denies each and every allegation contained in paragraph 3.34 of the Complaint, except admits the existence of the referenced journal and study and respectfully refers the Court to the referenced publication and study for their actual language and full text.

3.35     Denies each and every allegation contained in paragraph 3.35 of the Complaint, except admits that the referenced presentation exists and respectfully refers the Court to the referenced presentation and study for their actual language and full text.

8

3.36    Denies each and every allegation contained in paragraph 3.36 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual language and full text.

3.37    Denies each and every allegation contained in paragraph 3.37 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual language and full text.

3.38    Denies each and every allegation contained in paragraph 3.38 of the Complaint, except admits that on August 26, 2004, Merck issued a press release and respectfully refers the Court to that press release for its actual language and full text.

3.39    Denies each and every allegation contained in paragraph 3.39 of the Complaint, except admits the existence of the referenced e-mail and respectfully refers the Court to that e-mail for its actual language and full text.

3.40    Denies each and every allegation contained in paragraph 3.40 of the Complaint, except admits that the referenced study exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

3.41    Denies each and every allegation contained in paragraph 3.41 of the Complaint.

3.42    Denies each and every allegation contained in paragraph 3.42 of the Complaint.

3.43    Denies each and every allegation contained in paragraph 3.43 of the Complaint, except admits that on September 23, 2004, Merck was informed that the External Safety Monitoring Board ("ESMB") had recommended that the APPROVe study be stopped when preliminary results showed a small increased risk of confirmed cardiovascular events

9

beginning after 18 months of continuous treatment with Vioxx. Merck further admits that a teleconference with Dr. Neaton and other ESMB members occurred on September 17, 2004.

3.44    Denies each and every allegation contained in paragraph 3.44 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that on September 23, 2004, Merck was informed that the ESMB had recommended that the APPROVe study be stopped when preliminary results showed a small increased risk of confirmed cardiovascular events beginning after 18 months of continuous treatment with Vioxx.

3.45    Denies each and every allegation contained in paragraph 3.45 of the Complaint, except admits that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of Vioxx and respectfully refers the Court to the referenced announcement for its actual language and full text. Merck further avers that it announced on September 30, 2004 that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary worldwide withdrawal of Vioxx best served the interests of patients.

3.46    Denies each and every allegation contained in paragraph 3.46 of the Complaint, except admits that the referenced article exists and respectfully refers the Court to that article for its actual language and full text.

3.47    Denies each and every allegation contained in paragraph 3.47 of the Complaint, except admits that Plaintiffs purport to quote Dr. Topol and respectfully refers the Court to Dr. Topol's referenced statement for its actual language and full text.

10

3.48    Denies each and every allegation contained in paragraph 3.48 of the Complaint, except admits that on September 30, 2004, Merck issued a statement regarding Vioxx and respectfully refers the Court to the statement for its actual language and full text.

3.49    Denies each and every allegation contained in paragraph 3.49 of the Complaint, except admits that Merck has employees, agents, and representatives.

## RESPONSE TO
## "STRICT PRODUCTS LIABILITY"

4.1    With respect to the allegations contained in paragraph 4.1 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

4.2    Denies each and every allegation contained in the first sentence of paragraph 4.2 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck is authorized to do business in Texas. The allegations contained in the second sentence of paragraph 4.2 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 4.2 of the Complaint, except admits that Plaintiffs purport to seek economic and other relief based upon "the doctrine of Strict Products Liability," but denies that there is any legal or factual basis for such relief.

4.3    Denies each and every allegation contained in the first sentence of paragraph 4.3 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the second sentence of paragraph 4.3 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

11

4.4    Denies each and every allegation contained in paragraph 4.4 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

4.5    Denies each and every allegation contained in paragraph 4.5 of the Complaint.

4.6    Denies each and every allegation contained in paragraph 4.6 of the Complaint, including its subparts (1) through (3), except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

4.7    Denies each and every allegation contained in paragraph 4.7 of the Complaint.

4.8    The allegations contained in the first sentence of paragraph 4.8 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the first sentence of paragraph 4.8 of the Complaint.  Merck denies each and every allegation contained in the second and third sentences of paragraph 4.8 of the Complaint, except admits that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck denies each and every allegation contained in the fourth sentence of paragraph 4.8 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

## RESPONSE TO
## "NEGLIGENCE"

5.1     With respect to the allegations contained in paragraph 5.1 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

5.2     Denies each and every allegation contained in first, second, third, fourth, and sixth sentences of paragraph 5.2 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text. The allegations contained in the fifth sentence of paragraph 5.2 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the fifth sentence of paragraph 5.2 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

## RESPONSE TO
## "MISREPRESENTATION AND FRAUD"

6.1     With respect to the allegations contained in paragraph 6.1 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

6.2     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 6.2 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 6.2 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the

13

FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text. Merck further admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

6.3    Denies each and every allegation contained in paragraph 6.3 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text. Merck further repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 3.1 through 3.49 of this Answer with the same force and effect as though set forth here in full.

6.4    Denies each and every allegation contained in paragraph 6.4 of the Complaint.

6.5    Denies each and every allegation contained in paragraph 6.5 of the Complaint, except admits that Plaintiffs purport to seek exemplary damages but denies that there is any legal or factual basis for such relief.

**RESPONSE TO "BREACH OF THE
IMPLIED WARRANTY OF MERCHANTABILITY"**

7.1    With respect to the allegations contained in paragraph 7.1 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

14

7.2    Denies each and every allegation contained in paragraph 7.2 of the Complaint.

7.3    The allegations contained in paragraph 7.3 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 7.3 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 7.3 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

7.4    Denies each and every allegation contained in paragraph 7.4 of the Complaint.

## RESPONSE TO "BREACH OF THE IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE"

8.1    With respect to the allegations contained in paragraph 8.1 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

8.2    Denies each and every allegation contained in paragraph 8.2 of the Complaint.

8.3    Denies each and every allegation contained in paragraph 8.3 of the Complaint and avers that the prescription medicine Vioxx was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-

approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

8.4     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 8.4 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 8.4 of the Complaint.

8.5     Denies each and every allegation contained in paragraph 8.5 of the Complaint.

**RESPONSE TO**
**"BREACH OF EXPRESS WARRANTY"**

9.1     With respect to the allegations contained in paragraph 9.1 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in this Answer with the same force and effect as though set forth here in full.

9.2     Denies each and every allegation contained in paragraph 9.2 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

**RESPONSE TO**
**"GROSS NEGLIGENCE/MALICE"**

10.1     The allegations contained in the first and second sentences of paragraph 10.1 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the first and second sentences of paragraph 10.1 of the Complaint.  Merck denies each and every allegation contained in the third sentence of paragraph 10.1 of the Complaint, except admits that

16

Plaintiffs purport to seek exemplary damages but denies that there is any legal or factual basis for such relief.

**RESPONSE TO**
**"AGENCY"**

11.1    Denies each and every allegation contained in paragraph 11.1 of the Complaint, except admits that Plaintiffs purport to define terms within this Complaint.

**RESPONSE TO**
**"ALLEGATIONS AND CAUSES OF ACTION IN THE ALTERNATIVE"**

12.1    Denies each and every allegation contained in paragraph 12.1 of the Complaint, except admits that Plaintiffs purport to allege factual allegations and/or causes of action in the alternative.

**RESPONSE TO**
**"CAUSATION"**

13.1    Denies each and every allegation contained in paragraph 13.1 of the Complaint.

**RESPONSE TO**
**"TOLLING OF LIMITATIONS"**

14.1    Denies each and every allegation contained in the first and third sentences of paragraph 14.1 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text. The allegations contained in the second sentence of paragraph 14.1 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck lacks knowledge or information sufficient to form a belief

17

as to the truth or falsity of the allegations not directed toward Merck in the second sentence of paragraph 14.1 of the Complaint, and denies each and every allegation directed towards Merck in the second sentence of paragraph 14.1 of the Complaint.

14.2    The allegations contained in paragraph 14.2 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation contained in paragraph 14.2 of the Complaint, except admits that there are class actions pending in MDL No. 1657 related to the prescription medicine Vioxx.

**RESPONSE TO
"AGENCY"**

15.1    With respect to the allegations contained in paragraph 15.1 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1.1 through 14.2 of this Answer with the same force and effect as though set forth here in full.

15.2    Denies each and every allegation contained in paragraph 15.2 of the Complaint, except admits that Plaintiffs purport to define terms within this Complaint.

**RESPONSE TO
"DAMAGES"**

16.1    Denies each and every allegation contained in paragraph 16.1 of the Complaint, except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

16.2    Denies each and every allegation contained in paragraph 16.2 of the Complaint, including its subparts A through C, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

18

16.3   Denies each and every allegation contained in paragraph 16.4 of the Complaint, including its subparts A through E, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

16.4   Denies each and every allegation contained in paragraph 16.5 of the Complaint, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "JURY DEMAND"

17.1   The allegations contained in paragraph 17.1 of the Complaint are legal conclusions as to which no responsive pleading is required.

## RESPONSE TO
## "PRAYER"

18.1   The allegations contained in the unnumbered "Wherefore" paragraph under the heading "Prayer" of the Complaint constitute a prayer for relief as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph, including its subparts 1 through 6, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

19.1   The claims of Plaintiffs may be time-barred, in whole or in part, under prescription, peremption, statutes of repose, applicable federal or state statute of limitations, or are otherwise untimely.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

19.2    The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

19.3    The claims of the Plaintiffs may be barred, in whole or in part, from recovery because they have made statements or taken actions that preclude them from asserting claims or constitute a waiver of their claims.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

19.4    The claims of the Plaintiffs may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

## AS FOR A FIFTH
## DEFENSE, MERCK ALLEGES:

19.5    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A SIXTH
## DEFENSE, MERCK ALLEGES:

19.6    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused, in whole or in part, through the operation of nature or other intervening cause or causes.

## AS FOR A SEVENTH
## DEFENSE, MERCK ALLEGES:

19.7    To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

20

## AS FOR AN EIGHTH
## DEFENSE, MERCK ALLEGES:

19.8    To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR A NINTH
## DEFENSE, MERCK ALLEGES:

19.9    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

19.10   If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A ELEVENTH
## DEFENSE, MERCK ALLEGES:

19.11   If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' misuse or abuse of Vioxx.

21

**AS FOR A TWELFTH
DEFENSE, MERCK ALLEGES:**

19.12  If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

**AS FOR A THIRTEENTH
DEFENSE, MERCK ALLEGES:**

19.13  To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

**AS FOR A FOURTEENTH
DEFENSE, MERCK ALLEGES:**

19.14  To the extent Plaintiffs seek recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under applicable state law.

**AS FOR A FIFTEENTH
DEFENSE, MERCK ALLEGES:**

19.15  To the extent that Plaintiffs assert claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiffs to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

19.16  Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

19.17  The claims of Plaintiffs are barred in whole or in part by the First Amendment of the Constitution of the United States of America and comparable state law provisions.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

19.18  Plaintiffs' claims are barred in whole or in part because the product at issue conformed to the state-of-the-art for the design and manufacture of such, or similar, products at the time it was manufactured.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

19.19  There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

19.20  This case is more appropriately brought in a different venue.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

19.21  Venue in this case is improper.

### AS FOR A TWENTY-SECOND
### DEFENSE, MERCK ALLEGES:

19.22   The claims of Plaintiffs may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

### AS FOR A TWENTY-THIRD
### DEFENSE, MERCK ALLEGES:

19.23   The claims of Plaintiffs may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

### AS FOR A TWENTY-FOURTH
### DEFENSE, MERCK ALLEGES:

19.24   The claims of Plaintiffs may be barred, in whole or in part, from recovery by release as to their claims.

### AS FOR A TWENTY-FIFTH
### DEFENSE, MERCK ALLEGES:

19.25   The claims of Plaintiffs may be barred, in whole and in part, by the doctrine of laches.

### AS FOR A TWENTY-SIXTH
### DEFENSE, MERCK ALLEGES:

19.26   The claims of Plaintiffs are barred, in whole or in part, by Plaintiffs' failure to mitigate damages.

### AS FOR A TWENTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

19.27   To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave

24

rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

19.28  The claims of Plaintiffs may be barred, in whole or in part, from recovery, due to spoliation of evidence.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

19.29  The claims of Plaintiffs may be barred, in whole or in part, by the governing state laws.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

19.30  Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

19.31  Plaintiffs have not sustained any injury or damages compensable at law.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

19.32  Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiffs' failure to provide it with due process of law.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

19.33  Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

19.34  Plaintiffs' claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

19.35  Plaintiffs' claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

19.36  Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

19.37  To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

19.38  The Plaintiffs were careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages, or losses to Plaintiffs.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

19.39   To the extent that Plaintiffs assert claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

19.40   To the extent that Plaintiffs assert claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to their claims, Plaintiffs have failed to allege facts that would overcome the defenses available under that state products liability law.

## AS FOR A FORTY-FIRST
## DEFENSE, MERCK ALLEGES:

19.41   To the extent that Plaintiffs allege a conspiracy claim, that claim is barred because Merck did not enter into any agreement with any other defendant or third party to further any alleged unlawful act by allegedly unlawful means.

## AS FOR A FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

19.42   To the extent that Plaintiffs allege a negligence per se claim, that claim is barred on the grounds that such claims are not cognizable against Merck in this action.

## AS FOR A FORTY-THIRD
## DEFENSE, MERCK ALLEGES:

19.43   To the extent that Plaintiffs seek injunctive relief, that claim is barred by the doctrine of primary jurisdiction.

## AS FOR A FORTY-FOURTH
## DEFENSE, MERCK ALLEGES:

19.44  To the extent Plaintiffs seek to recover only economic loss in tort, their claims are barred by the economic loss doctrine.

## AS FOR A FORTY-FIFTH
## DEFENSE, MERCK ALLEGES:

19.45  Plaintiffs' claims are barred, in whole or in part, because one or more Plaintiffs lack capacity and/or standing to bring such claims.

## AS FOR A FORTY-SIXTH
## DEFENSE, MERCK ALLEGES:

19.46  To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A FORTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

19.47  To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A FORTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

19.48  To the extent that Plaintiffs seek punitive damages, that demand is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FORTY-NINTH
## DEFENSE, MERCK ALLEGES:

19.49  Merck demands a trial by jury of all issues.

## AS FOR A FIFTIETH
## DEFENSE, MERCK ALLEGES:

19.50 Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

## AS FOR A FIFTY-FIRST
## DEFENSE, MERCK ALLEGES:

19.51 Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A FIFTY-SECOND
## DEFENSE, MERCK ALLEGES:

19.52 Merck incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action. Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding or trial in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana. Merck hereby reserves the right to amend its answer to assert any such defense.

## AS FOR A FIFTY-THIRD
## DEFENSE, MERCK ALLEGES:

19.53 Plaintiffs' claims are not suitable for joinder.

## AS FOR A FIFTY-FOURTH
## DEFENSE, MERCK ALLEGES:

19.54 Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative negligence.

## AS FOR A FIFTY-FIFTH
## DEFENSE, MERCK ALLEGES:

19.55 To the extent the Plaintiffs are not residents of South Carolina or the alleged causes of action did not arise in South Carolina, the Plaintiffs' claims are barred by South Carolina Code Ann. § 15-5-150.

## AS FOR A FIFTY-SIXTH
## DEFENSE, MERCK ALLEGES:

19.56 To the extent that Plaintiffs seek punitive damages, various provisions of the United States Constitution and the South Carolina Constitution bar Plaintiffs' claim for punitive damages. An award of punitive damages under South Carolina law violates the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 3 of the South Carolina Constitution in various ways, including the following:

    a.  the judiciary's ability to correct a punitive damage award only upon a finding of passion, prejudice, or caprice is inconsistent with the due process guarantees;

    b.  any award of punitive damages serving a compensatory function is inconsistent with due process guarantees;

    c.  any award of punitive damages based upon the wealth of the Defendant violates due process guarantees;

    d.  the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of meaningful standards and is inconsistent with due process guarantees;

    e.  even if it could be argued that the standard governing the imposition of punitive damages exists, the standard is void for vagueness;

30

f.     the Plaintiffs' claim for punitive damages violates the equal protection clause of the Fourteenth Amendment of the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of the Defendant; and

g.     the Plaintiffs' claim for punitive damages violates the Defendant's right to access to the courts guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of unlimited punitive damages chills the Defendant's exercise of that right.

The Plaintiffs' claim for punitive damages violates the federal doctrine of separation of powers and Article I, Section 8 of the South Carolina Constitution for the reason that punitive damages are a creation of the judicial branch of government which invades the province of the legislative branch of government. Additionally, Plaintiffs' claim for punitive damages is barred by the proscription of the Eighth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, prohibiting the imposition of excessive fines. Finally, Plaintiffs' claim for punitive damages is barred by the double jeopardy clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

## AS FOR A FIFTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

19.57  Merck further states that any warnings which were given were transmitted to the prescribing health care provider, and that under the applicable law, Merck's only obligation is to warn the prescribing health care provider and said obligation was fulfilled.

## AS FOR A FIFTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

19.58  If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs.

31

## AS FOR A FIFTY-NINTH
## DEFENSE, MERCK ALLEGES:

19.59 If Plaintiffs have sustained the injuries and damages alleged in the Complaint, such injuries resulted, in whole or in part, from the culpable conduct and negligence of Plaintiffs and/or of third parties, not from any negligence or breach of duty by Merck. If judgment is rendered in Plaintiffs' favor, the amount of such judgment must be reduced pursuant to the Proportionate Responsibility Statute § 33.001, *et seq.* of the Texas Civil Practice & Remedies Code.

## AS FOR A SIXTIETH
## DEFENSE, MERCK ALLEGES:

19.60 Merck is unaware at this time of any settlements by any alleged joint tortfeasor. In the event any settlement is or has been made by any alleged joint tortfeasor, however, then Merck is entitled to a full credit, offset, pro rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling party, person, or other entity herein, and Merck makes known to the other parties and to the court that it will avail itself of its rights under §§ 33.012 *et seq.* of the Texas Civil Practice & Remedies Code.

## AS FOR A SIXTY-FIRST
## DEFENSE, MERCK ALLEGES:

19.61 Merck states that the benefits of the product at issue outweigh the risks, if any, which may be attendant to its use.

## AS FOR A SIXTY-SECOND
## DEFENSE, MERCK ALLEGES:

19.62 Merck fully asserts § 82.001 and § 82.007 of the Texas Civil Practice and Remedies Code and states that all of Plaintiffs' claims are barred under those sections.

32

## AS FOR A SIXTY-THIRD
## DEFENSE, MERCK ALLEGES:

19.63   Any claims for exemplary damages are limited by Section 41.008 of the Texas Civil Practice and Remedies Code to two times the amount of actual damages or $200,000, whichever is greater.   Merck asserts all other defenses and limitations on punitive damages contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

## AS FOR A SIXTY-FOURTH
## DEFENSE, MERCK ALLEGES:

19.64   Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate Merck's rights under Amendments IV, V, VI and XIV of the United States Constitution and under Sections 9, 10, 14 and 19 of Article I of the Texas Constitution.

## AS FOR A SIXTY-FIFTH
## DEFENSE, MERCK ALLEGES:

19.65   Unless Merck's liability for punitive damages and the appropriate amount of punitive damages are each required to be established by clear and convincing evidence under Texas law, any awards of punitive damages would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## AS FOR A SIXTY-SIXTH
## DEFENSE, MERCK ALLEGES:

19.66   Any claims for punitive damages against Merck cannot be sustained, because any award of punitive damages under Texas law without bifurcating the trial as to all punitive damages issues would violate Merck's due process rights guaranteed by the Fourteenth

Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## AS FOR A SIXTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

19.67 Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law subject to no pre-determined limit, either a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## AS FOR A SIXTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

19.68 Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law by a jury that (1) is not provided any standard of sufficient clarity for determining the appropriateness, or the appropriate size of any punitive damages award, (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

34

## AS FOR A SIXTY-NINTH
## DEFENSE, MERCK ALLEGES:

19.69  Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law for the purpose of compensating Plaintiffs for elements of damages not otherwise recognized by Texas law would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## AS FOR A SEVENTIETH
## DEFENSE, MERCK ALLEGES:

19.70  Merck asserts that the determination of the amount of punitive damages, if any, shall be bifurcated from the remaining issues pursuant to *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

## AS FOR A SEVENTY-FIRST
## DEFENSE, MERCK ALLEGES:

19.71  The imposition of punitive damages violates the open courts provision of the Texas Constitution.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.      That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' Complaint with prejudice against Merck with costs assessed to Plaintiffs;

2.      Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.      Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated: February 27, 2007

Respectfully submitted,

*Melisse V. Beaugh*

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Melissa V. Beaugh, 28250
        Of
STANLEY, FLANAGAN & REUTER,
L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Facsimile: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Telephone: (504) 581-3200
Facsimile: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

        I hereby certify that the above and foregoing Answer of Defendant Merck & Co.,
Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and
e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same
to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the
foregoing was electronically filed with the Clerk of Court of the United States District Court for
the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of

Electronic Filing in accordance with the procedures established in MDL No. 1657, on this 27

day of February, 2007.

_Melissa V. Beaugh_