UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:

| | | |
|---|---|---|
| VIOXX PRODUCTS LIBABILITY | * | MDL Docket No. 1657 |
| | * | Case No. 2:05cv4519 |
| CAROL J. HALL, Individually and | * | |
| as Personal Representative of the Estate | * | |
| of HERMAN HALL, Deceased, et al., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & COMPANY, INC., a | * | |
| foreign corporation, | * | |
| | * | |
| DEFENDANT. | * | |

(This Document Relates To:  Jennifer Rowland, Individually and as Personal Representative of the Estate of Herman Hall, Deceased, et al v. Merck & Co., Inc., a foreign corporation, No. 2:05cv4519)

## PLAINTIFF'S UNOPPOSED MOTION FOR
## LEAVE TO FILE AMENDED COMPLAINT

Plaintiff Carol J. Hall, pursuant to Fed. R. Civ. P.15, files this motion for leave of Court to file an Amended Complaint for the purpose of changing the identity of the Plaintiff to "Carol J. Hall, Individually and as Personal Representative of the Estate of Herman Hall, Deceased, et al," and by amending the Complaint to appropriately state causes of action against the Defendant Merck & Co., Inc., on behalf of the Estate of Herman Hall, deceased, and on behalf of the survivors of Herman Hall, as entitled to recover under Kentucky law. Carol J. Hall is the surviving spouse of Herman Hall, deceased.  Jennifer Rowland, the daughter of Herman Hall, deceased, consents to Carol J. Hall being substituted in her stead and joins in this motion.  In further support of this motion, Carol J. Hall states as follows:

1

## I.

## FACTUAL AND PROCEDURAL HISTORY

1. On September 30, 2005, Plaintiff Jennifer Rowland, filed an Original Complaint against Defendant Merck & Co., Inc. Carol J. Hall, the surviving spouse, was, however, appointed personal representative of the Estate of Herman Hall, deceased, on the 26th day of September, 2005.

2. Herman Hall, deceased, ingested VIOXX® during the time period from approximately June 1999 until December 15, 1999. As a result thereof, he sustained fatal injuries.

3. Defendant Merck filed its answer to the complaint on December 19, 2005.

4. As required by L.R. 7.4.1a1, Defendant Merck is not opposed to the motion for leave to file the amended complaint, but specifically reserves and is not waiving (a) any affirmative defenses, including, but not limited to, any statute-of-limitation defenses, regarding the original complaint or any amended complaint and (b) any arguments regarding whether any amendment or substitution relates back.

## II.

## LEAVE SHOULD BE GRANTED FOR THE FOLLOWING REASONS

5. Pursuant to Fed. R. Civ. P. 15, a motion for leave to amend a complaint, "shall be freely given when justice so requires." Courts generally have accepted amended complaints unless the amended change is prejudicial to the opposing party. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct.227, 230 (1962)

6. Furthermore, if the amendment is not submitted for the purposes of undue delay, bad faith, or undue prejudice, "then leave sought should, as the rules require, be 'given freely.'" *Foman v. Davi*, 371 U.S. 178, 182, 83 S.Ct.227, 230 (1962)

7. Pursuant to Kentucky law, the personal representative of the estate of a decedent is entitled to bring the cause of action on behalf of the deceased person and all legal heirs who are entitled to recover.

8. Under Kentucky law, in addition to damages recoverable on behalf of the decedent and his estate, the surviving spouse is also entitled to recover appropriate damages.

9. The amendment submitted by Plaintiff is offered in good faith. The original complaint inadvertently listed the surviving daughter and not the surviving spouse as the personal representative of the Estate of Herman Hall. The amended complaint filed herewith more completely and correctly sets forth the proper identity of the Plaintiff and sets forth the claims recoverable under Kentucky law as a result of the injuries caused to and the death of Herman Hall, resulting from his ingestion of Vioxx® (Rofecoxib), and more completely and correctly sets forth the claims of the survivors, Carol J. Hall, Jennifer Rowland, Rita Hall, Jerry Hall, Karen Sue Hall, Mary Lord, and Allen Dale Bernard.

10. Counsel for Merck has no objection to plaintiff's Leave to File Amended Complaint as required by LR 7.4.1W.

## III.

## CONCLUSION

11.     For these reasons, Plaintiff prays that this Court grant leave to file Plaintiff's Amended Complaint to include all parties in this claim.  A copy of the proposed First Amended Complaint is submitted herewith.

Respectfully submitted this 27th day of February, 2007.

/s/ Benjamin L. Locklar
**ANDY D. BIRCHFIELD, JR. (BIR006)**
**BENJAMIN L. LOCKLAR (LOC009)**
Beasley, Allen, Crow, Methvin, Portis
 & Miles, P.C.
Post Office Box 4160
Montgomery, Alabama   36103
(334) 269-2343
(334) 954-7555 - Fax
Attorneys for the Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion for Leave to File Amended Complaint has been served on Liaison Counsel, Russ Herman and Phillip Wittman, by U.S. Mail and e-mail or by hand delivery and e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM-EFC system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 27th day of February, 2007.

      /s/ Benjamin L. Locklar
Andy D. Birchfield, Jr.
Benjamin L. Locklar
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
Post Office Box 4160
Montgomery, Alabama 36103
(334) 269-2343
(334) 954-7555 - Fax
Attorneys for the Plaintiff
**Andy.Birchfield@beasleyallen.com**
**Ben.Locklar@bealseyallen.com**