UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| | * | |
| | * | |
| * * * * * * * * * * * * * * * * * | * | |

JOINT REPORT NO. 22 OF
PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC")

submit this Joint Report No. 22.

I.       STATE COURT TRIAL SETTINGS

The following is the updated current listing provided by Merck of state court

cases set for trial through August 31, 2007:  The trial of two plaintiffs, Hermans and Humeston,

commenced on January 22, 2007 in Atlantic County, New Jersey and is ongoing.  The *Schwaller*

case commenced this week in Illinois Circuit Court, Madison County, on February 26, 2007.

The *Berwick* case is set for trial in California Superior Court, Los Angeles County, on April 10,

2007; the *Fowler* case has been set for May 14, 2007 in the Texas MDL in Houston; the

*Schramm* case is set to be tried in the Philadelphia Court of Common Please ("PCCP") on May

- 1 -

21, 2007.  For the month of September, *Donohoo* is set for September 10, 2007 in Madison County, Illinois; *Frederick* is set for September 17, 2007 in Birmingham, Alabama; and *Kozic* is set for September 17, 2007 in Tampa, Florida.

II.     FURTHER PROCEEDINGS IN THE EARLY TRIAL CASES

The parties are discussing convenient dates for a hearing on the Motion for New Trial in the *Irvin/Plunkett* case and will thereupon check with the Court to arrange a hearing date.

On August 30, the Court ordered a new trial on the issue of damages only, in the *Barnett* case.  Merck's motion for new trial on all issues and its alternative renewed motion for judgment as a matter of law are currently pending before the Court.  Plaintiff and the PSC have filed responsive pleadings.  The parties are working with the Court to establish a convenient hearing date.  Merck intends to file reply briefs in support of its motions in advance of any hearing.  Retrial of the case is set for October 29, 2007.

Plaintiff in the *Dedrick* has filed a motion for new trial.  Merck has filed an opposition.  The motion should also be set for hearing.

The parties will be prepared to discuss these matters further at the monthly status conference on March 1, 2007.

III.    CLASS ACTIONS

The Court has under advisement Defendants' Rule 12 Motions to Dismiss the Master Complaints for Medical Monitoring and Purchase Claims.  The parties continue to provide additional briefing and updates to the court.  The parties will be prepared to discuss this further at the monthly status conference on March 1, 2007.

On January 29, 2007, the PSC filed a plaintiffs' motion for leave to amend the Personal Injury and Wrongful Death Second Amended Master Class Action Complaint to add a

859066v.1

plaintiff class representative from Iowa.  Defendants filed their opposition on February 16, 2007 and also filed a Motion to Strike Class Allegations in Plaintiffs' Medical Monitoring Master Class Action Complaint.  The parties have agreed that plaintiffs will file their reply brief and their opposition to defendants' motion to strike by March 19, 2007; defendants will file their reply by April 2, 2007.  The parties will be prepared to select a hearing date and to discuss these matters further at the monthly status conference on March 1, 2007.

IV.     DISCOVERY DIRECTED TO MERCK

        Merck advises that it will continue to make productions of documents, as identified by members of the PSC as priorities, on a rolling basis.

        Following the May 25, 2006 ruling of the United States Court of Appeals for the Fifth Circuit, on June 5, 2006, regarding Merck's assertion of privilege to certain documents in connection with Merck's Privilege Log, DLC delivered to the Court documents for which it has asserted privilege for review by the Court and additional information.  The parties met with the Court on several occasions to discuss further actions to be taken as a result of the ruling from the Fifth Circuit.  The parties await ruling from the Court regarding the privilege claimed as to certain documents.  The parties will be prepared to discuss this further at the monthly status conference on March 1, 2007.

V.      DISCOVERY DIRECTED TO THIRD PARTIES

        PLC has advised the Court and DLC that the PSC continues to issue third-party notices of depositions for the production of documents.

        With respect to the letter from the PSC dated March 16, 2006 requesting intervention by the Court on whether Merck should have the right to review documents produced by Ogilvy and DDB in response to discovery requests by the PSC, the Court has advised it will

859066v.1

review the documents and make a determination as to whether the documents are privileged and whether Merck waived its privilege by providing the documents to Ogilvy and DDB.  The parties await further rulings from the Court.

VI.    DEPOSITION SCHEDULING

The parties continue to notice and cross-notice depositions in the MDL.  If and when any other issues arise regarding the scheduling of depositions, the Court will be advised and motions will be requested on an expedited basis.

The parties continue to discuss the scheduling of depositions.  Several of the individuals sought to be deposed are related to documents that Merck alleges to be privileged and which are the subject of *in camera* review by the Court.  The PSC has requested previously expedited re-review and/or release of certain documents previously found not to be privileged and the same issues that were addressed in the Motion for Protective Order filed on December 8, 2006 relative to Dr. Eliav Barr and Robert Silverman continue to be at issue.  Further, PSC contends that the depositions of Counihan, McClarity and Howes are also at issue with respect to documents that Merck alleges to be privileged and which are the subject of *in camera* review. The parties will be prepared to discuss this further at the monthly status conference on March 1, 2007.

PSC advises that the above referenced depositions and other depositions such as experts are being noticed by the PSC to facilitate completion of the Plaintiff's trial package. Several of these depositions are for preservation.  Merck also intends to schedule depositions for trial preservation purposes.  The parties continue to attempt to work out scheduling issues with this discovery.

859066v.1

VII.   PLAINTIFF PROFILE FORM AND MERCK PROFILE FORM

On December 15, 2006, the Court entered a Minute Entry providing counsel with guidance concerning application of Pre-Trial Order No. 18C.  Since the entry of this Order, PLC received communication from the Mithoff Law Firm advising that Merck has alleged that the PPF for claimant Dina Romandia is deficient.  Additionally, Merck contends that this is a foreign case and has advised plaintiff's counsel that it is not currently processing MPFs for foreign cases because it is "extremely burdensome for Merck to process and produce [an MPF]" and that "Merck cannot expend resources at this time on such cases as there is simply no legitimate basis to litigate those claims in the United States."  Merck contends that Ms. Romandia is a resident of Mexico.  Plaintiff contends that Ms. Romandia suffered her injury while in New Jersey and, therefore, that an MPF is required.  PSC also believes that an MPF is required.  Plaintiff's counsel and counsel for Merck have been communicating regarding the alleged deficiency and whether an MPF is required.  PLC has requested that counsel for Plaintiff participate in the status conference.  The parties will be prepared to discuss these issues further at the monthly status conference.

On January 17, 2007, Merck filed an additional Rule to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Provide Any Response to the Plaintiff Profile Form as Required by Pre-Trial Order No. 18C.  The motion is set for hearing following the status conference on March 1, 2007.

On January 22, 2007, Merck advised the PSC that it was seeking its concurrence with respect to two (2) requests for orders from the Court.  The first would set a deadline for submission of PPFs by Louisiana residents affected by Hurricane Katrina, plaintiffs represented by Louisiana counsel, and *pro se* plaintiffs to avoid the possible loss or disappearance of

859066v.1

evidence relevant to the claims. The second would relieve administrative burdens that both parties are facing with respect to authorization for records that some providers deem expired, even though the authorizations do not expire by their terms. On February 26, 2007, Merck provided drafts of the proposed orders to the PSC and requested that the PSC provide a reply by March 9, 2007. Merck also has provided the PSC with lists of the Louisiana plaintiffs, plaintiffs represented by Louisiana counsel, and *pro se* who have not submitted PPFs. The PSC will be reviewing all of the information and responding to Merck.

VIII.   <u>STATE/FEDERAL COORDINATION -- STATE LIAISON COMMITTEE</u>

Representatives of the PSC and the State Liaison Committee have had several communications. The parties will be prepared to discuss this further at the monthly status conference on March 1, 2007.

IX.   <u>*PRO SE* CLAIMANTS</u>

From time to time, as the Court issues additional Orders directing PLC to take appropriate action regarding filings made by various *pro se* individuals, PLC will continue to communicate with the various *pro se* claimants and advise them of attorneys in their respective states and other pertinent information regarding the MDL. DLC will continue to discuss with PLC Merck's obligation to respond to complaints filed by *pro se* individuals in those instances where the complaints have not been served.

Both PLC and counsel for Defendants have had ongoing communications with *pro se* claimant in the *Harrison v. Merck* case (1:06-cv-932) regarding Mr. Harrison's discovery requests. The parties will be prepared to discuss this further at the monthly status conference on March 1, 2007.

859066v.1

X.      IMS DATA

Counsel for IMS and the PLC continue to discuss further production of IMS data.  The PSC has been advised that Orders were issued in New Jersey State Court regarding IMS data and the PSC is reviewing the Orders further.  The parties will be prepared to discuss this further at the monthly status conference on March 1, 2007.

XI.     MERCK'S MOTION FOR SUMMARY JUDGMENT

On July 5, 2006, Merck filed a Motion for Summary Judgment in the *Lene Arnold* and *Alicia Gomez* cases asserting that plaintiffs' claims are preempted by federal law.  Plaintiff's opposition brief was filed on September 15, 2006.  Merck's reply was filed on October 6, 2006. Plaintiffs have filed several notices of supplemental authority, to which Merck has prepared responses.  The motion was argued on November 17, 2006 and the parties await a ruling.

XII.    TOLLING AGREEMENTS

On October 27, 2006, PLC communicated with DLC regarding Claimant Profile Forms submitted with Tolling Agreements and requested that a stipulation be worked out regarding Tolling Agreement claimants that have completed Claimant Profile Forms in filed cases so that refiling a Plaintiff Profile Form can be accomplished by a mere addendum.  DLC is preparing a stipulation to address this issue for the PSC's review.

XIII.   ISSUES RELATING TO PRE-TRIAL ORDER NO. 9

On February 9, 2007, the PSC received an Agreement letter with the State of Texas MDL PSC regarding the right of state court litigants to cross-notice expert depositions in Federal MDL 1657 proceedings or use MDL 1657 depositions in trial or in Motion practice.  The PSC will be prepared to discuss this further at the monthly status conference on March 1, 2007.

859066v.1

## XIV.   VIOXX SUIT STATISTICS

Merck advises that as of December 31, 2006, Merck had been served or was aware that it had been named as a defendant in approximately 27,400 lawsuits, which include approximately 46,100 plaintiff groups alleging personal injuries resulting from the use of Vioxx, and in approximately 264 putative class actions alleging personal injuries and/or economic loss. Of these lawsuits, approximately 8,300 lawsuits representing approximately 23,700 plaintiff groups are or are slated to be in the federal MDL and approximately 19,100 lawsuits representing approximately 22,400 plaintiff groups have been filed in state courts.   Merck advises that it defines a "plaintiff group" as one user of the product and any derivative claims emanating from that user (such as an executor, spouse, or other party).   Further, Merck advises that there are more Plaintiffs identified than lawsuits because many lawsuits include multiple Plaintiffs in the caption.  In addition, as of December 31, 2006, approximately 14,180 claimants had entered into tolling agreements with the Company.

## XV.   MERCK INSURANCE

By letter dated September 20, 2006, PLC requested an update from Merck on insurance coverage and a report on any arbitration/dispute resolution matters that may be relevant to Vioxx litigation.  Merck responded by providing a Second Supplemental Response to the PSC's First Set of Interrogatories and an Amended and Supplemental Response and Objections to the PSC's First Request for Production of Documents. The PSC advised that it did not deem the supplemental responses sufficient.  The PSC also issued a Notice of FRE 30(B)(6) Corporate Deposition to Merck & Co., Inc. regarding various insurance related issues. Additional FRE 30(B)(6) Corporate Deposition Notices were issued to Merck's insurers.  On December 22, 2006, the parties met and conferred to discuss further the various discovery

859066v.1

requests issued by the PSC to Merck relating to Merck's insurance issues.  The parties discussed this matter further with the Court on January 10, 2007, and on January 16, 2007 a Joint Motion by Merck and its insurers (an Omnibus motion by Merck and its insurers) was filed seeking to quash and/or for protective order preventing the PSC insurance related discovery from going forward.  The PSC's response was filed on January 22, 2007 and Merck has submitted a reply. The matter is scheduled for oral argument on March 1, 2007, immediately following the monthly status conference.

XVI.   FURTHER PROCEEDINGS

Representatives of the PSC and Defendants have met and conferred regarding further proceedings in this MDL.  The parties will be prepared to discuss this further at the monthly status conference on March 1, 2007.

XVII.  MERCK'S STATUTE OF LIMITATIONS MOTION

On September 22, 2006, Merck filed a Motion for Summary Judgment in the *Edmonds*, *Stinson* and *Watson* cases asserting that plaintiffs' claims were time barred.  The Motion was amended on October 10, 2006.  The PSC has filed its response, and Merck has filed its reply memorandum.  The matter is scheduled for hearing on February 28, 2007 at 3:00 p.m.

XVIII. DISCOVERY RELATING TO THE MARTIN REPORT

On October 13, 2006, Merck filed a Motion for Protective Order prohibiting discovery of attorney work product and privileged communications relating to the Martin Report. On November 1, 2006, the PSC filed its opposition.

859066v.1

On November 13, 2006, the PSC filed a Motion to Compel Responses to the PSC's Third Set of Interrogatories and Third Set of Requests for Production of Documents directed to Merck.  On December 1, 2006, Merck filed its opposition.

On November 22, 2006, the PSC filed a Motion to Compel Compliance With Third Party Subpoenas seeking to compel John S. Martin, Jr., Esq., of counsel; Debevoise and Plimpton, LLP; Martin Frederic Evans, presiding partner or custodian of records, Debevoise; Records Custodian, Burson-Marsteller, LLP; and Marcia Silverman, CEO, Ogilvy Public Relations Worldwide, Inc. to comply with notices of depositions and subpoenas for documents and testimony.  On December 11, 2006, Merck filed its opposition.

All of these motions are scheduled for oral argument on February 28, 2007 at 3:00 p.m.

**NEW ITEMS**

XIX.   VIRGINIA NADINE PERRY/REMAND MOTIONS

The PSC continues to receive communications requesting that remand motions be scheduled in the MDL.  In addition, PLC received a request on February 22, 2007 from Brad C. Freeman, counsel for Plaintiff, Virginia Nadine Perry, advising that Plaintiff's case originated in Kentucky and that the case is presently in the MDL.  Plaintiff is concerned about her health, and has requested that the Court expedite the trial while her health permits her to take active part in the case.  PLC has requested that counsel for Plaintiff participate in the status conference to address the Virginia Nadine Perry matter.  The PSC will address issues regarding remands, in general.

859066v.1

XX.    NEXT STATUS CONFERENCE

PLC and DLC will be prepared to schedule the next status conference, on a date to be selected by the Court.

Respectfully submitted,


/s/ Leonard A. Davis                                   /s/ Dorothy H. Wimberly
Russ M. Herman (Bar No. 6819)          Phillip A. Wittmann (Bar No. 13625)
Leonard A. Davis (Bar No. 14190)       Dorothy H. Wimberly (Bar No. 18509)
**Herman, Herman, Katz & Cotlar, LLP**     Carmelite M. Bertaut (Bar No. 3054)
820 O'Keefe Avenue                     **Stone Pigman Walther Wittmann L.L.C.**
New Orleans, LA  70113                  546 Carondelet Street
PH:  (504) 581-4892                    New Orleans, LA  70130-3588
FAX:  (504) 561-6024                   PH:    (504) 581-3200
                                       FAX:  (504) 581-3361
**Plaintiffs' Liaison Counsel**            **Defendants' Liaison Counsel**

**Temporary address:**

**201 St. Charles Avenue**
**Suite 4310**
**New Orleans, LA  70170**

859066v.1

## CERTIFICATE

I hereby certify that the above and foregoing Joint Status Report No. 22 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 27th day of February, 2007.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

859066v.1