## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX® | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| This document relates to: Jack Boucher, et | * | |
| al. v. Merck & Co., Inc., 06-10257 | * | MAG. JUDGE KNOWLES |
| | * | |
| * * * * * * * * * * * * * * * * * * * | | JURY TRIAL DEMANDED |

### ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by its undersigned attorney, answers the Complaint in each and every count thereof, separately and severally, as follows:

### RESPONSE TO "PARTIES"

1.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence of paragraph 1 of the Complaint.  Merck denies each and every allegation set forth in the second sentence of said paragraph, except admits that Plaintiff Boucher purports to bring an action for personal injuries, but there is no legal or factual basis for relief.

2.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence of paragraph 2 of the Complaint.  Merck denies each and every allegation set forth in the second sentence of said paragraph, except admits that Plaintiff Dunagan purports to bring an action for personal injuries, but there is no legal or factual basis for relief.

3.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence of paragraph 3 of the Complaint.  Merck denies each and every allegation set forth in the second sentence of said paragraph, except admits

that Plaintiff Duncan purports to bring an action for personal injuries, but there is no legal or factual basis for relief.

    4.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence of paragraph 4 of the Complaint.  Merck denies each and every allegation set forth in the second sentence of said paragraph, except admits that Plaintiff Warner purports to bring an action for personal injuries, but there is no legal or factual basis for relief.

    5.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence of paragraph 5 of the Complaint.  Merck denies each and every allegation set forth in the second sentence of said paragraph, except admits that Plaintiff Wood purports to bring an action for personal injuries, but there is no legal or factual basis for relief.

    6.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence of paragraph 6 of the Complaint.  Merck denies each and every allegation set forth in the second sentence of said paragraph, except admits that Plaintiff Lucshen purports to bring an action for personal injuries, but there is no legal or factual basis for relief.

    7.    Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence of paragraph 7 of the Complaint.  Merck denies each and every allegation set forth in the second sentence of said paragraph, except admits that Plaintiff Nix purports to bring an action for personal injuries, but there is no legal or factual basis for relief.

859828v.1

8.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence of paragraph 8 of the Complaint.  Merck denies each and every allegation set forth in the second sentence of said paragraph, except admits that Plaintiff Madden purports to bring an action for personal injuries, but there is no legal or factual basis for relief.

9.      Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the first sentence of paragraph 9 of the Complaint.  Merck denies each and every allegation set forth in the second sentence of said paragraph, except admits that Plaintiff Diane Prock purports to bring an action for personal injuries on behalf of Richard Prock, but there is no legal or factual basis for relief.

10.     Merck admits that it is a New Jersey corporation with its principal place of business in New Jersey.

## RESPONSE TO "JURISDICTION AND VENUE"

11.     The allegations set forth in paragraph 11 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck admits that the United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332.

12.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 12 of the Complaint, except admits that Plaintiffs purport to state claims under Oklahoma law, but there is no legal or factual basis for relief.

13.     Merck denies each and every allegation set forth in the first sentence of paragraph 13 of the Complaint, except admits that Merck distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and

859828v.1

admits that Merck is authorized to do business in Oklahoma.  The allegations in the second sentence of said paragraph are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said sentence.

14.     Merck admits that the amount in controversy exceeds $75,000.00, excluding costs and interests, but there is no legal or factual basis for relief.

### RESPONSE TO "CLAIMS FOR RELIEF COUNT I STRICT PRODUCTS LIABILITY"

15.     With respect to the allegations set forth in paragraph 15 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 14 of this Answer with the same force and effect as though set forth here in full.

16.     The allegations set forth in paragraph 16 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in paragraph 16 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and admits that Merck is authorized to do business in Oklahoma.

17.     Merck denies each and every allegation set forth in paragraph 17 of the Complaint.

18.     Merck denies each and every allegation set forth in paragraph 18 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

859828v.1

19.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 19 of the Complaint.

20.     Merck denies each and every allegation set forth in paragraph 20 of the Complaint.

21.     Merck denies each and every allegation set forth in the first sentence of paragraph 21 of the Complaint.  Merck denies each and every allegation set forth in the second sentence of said paragraph, except admits that Plaintiffs purport to seek general, special and punitive damages and equitable relief, but there is no legal or factual basis for relief.

## RESPONSE TO "COUNT II NEGLIGENCE"

22.     With respect to the allegations set forth in paragraph 22 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 21 of this Answer with the same force and effect as though set forth here in full.

23.     Merck states that the allegations set forth in paragraph 23 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph, and specifically denies that Merck breached any duty to Plaintiffs.

24.     Merck denies each and every allegation set forth in paragraph 24 of the Complaint.

25.     Merck denies each and every allegation set forth in paragraph 25 of the Complaint, except admits that Plaintiffs purport to seek special and compensatory damages, but there is no legal or factual basis for relief.

859828v.1

## RESPONSE TO "COUNT III NEGLIGENCE PER SE"

26.     With respect to the allegations set forth in paragraph 26 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 25 of this Answer with the same force and effect as though set forth here in full.

27.     Merck states that the allegations set forth in paragraph 27 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph, and specifically denies that Merck violated any applicable law, duty or regulation with regard to Vioxx.

28.     Merck denies each and every allegation set forth in paragraph 28 of the Complaint.

29.     Merck denies each and every allegation set forth in paragraph 29 of the Complaint.

30.     Merck denies each and every allegation set forth in paragraph 30 of the Complaint.

## RESPONSE TO "COUNT IV FALSE REPRESENTATION"

31.     With respect to the allegations set forth in paragraph 31 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 30 of this Answer with the same force and effect as though set forth here in full.

32.     Merck denies each and every allegation set forth in paragraph 32 of the Complaint.

859828v.1

33.     Merck denies each and every allegation set forth in paragraph 33 of the Complaint.

34.     Merck denies each and every allegation set forth in paragraph 34 of the Complaint.

35.     Merck denies each and every allegation set forth in paragraph 35 of the Complaint.

### RESPONSE TO "COUNT V NONDISCLOSURE OR CONCEALMENT"

36.     With respect to the allegations set forth in paragraph 36 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 35 of this Answer with the same force and effect as though set forth here in full.

37.     Merck denies each and every allegation set forth in paragraph 37 of the Complaint.

38.     Merck denies each and every allegation set forth in paragraph 38 of the Complaint.

39.     Merck denies each and every allegation set forth in paragraph 39 of the Complaint.

40.     Merck denies each and every allegation set forth in paragraph 40 of the Complaint.

### RESPONSE TO "COUNT VI BREACH OF EXPRESS WARRANTY"

41.     With respect to the allegations set forth in paragraph 41 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in

859828v.1

paragraphs 1 through 40 of this Answer with the same force and effect as though set forth here in full.

42.     Merck denies each and every allegation set forth in paragraph 42 of the Complaint.

43.     Merck denies each and every allegation set forth in paragraph 43 of the Complaint.

44.     Merck denies each and every allegation set forth in paragraph 44 of the Complaint, except admits that Plaintiffs purport to seek special, compensatory and punitive damages, but there is no legal or factual basis for relief.

### RESPONSE TO "COUNT VI (sic) BREACH OF IMPLIED WARRANTY"[1]

45.     With respect to the allegations set forth in paragraph 45 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 44 of this Answer with the same force and effect as though set forth here in full.

46.     Merck states that the allegations set forth in paragraph 46 of the Complaint are legal conclusions as to which no response is required.  Should a response be deemed required, Merck denies each and every allegation set forth in said paragraph.

47.     Merck denies each and every allegation set forth in paragraph 47 of the Complaint, except admits that Plaintiffs purport to seek special, compensatory and exemplary damages, but there is no legal or factual basis for relief.

---

[1] Merck assumes this was intended to have been labeled "Count VII."

## RESPONSE TO "COUNT VIII PUNITIVE DAMAGES"

48.     With respect to the allegations set forth in paragraph 48 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement set forth in paragraphs 1 through 47 of this Answer with the same force and effect as though set forth here in full.

49.     Merck denies each and every allegation set forth in paragraph 49 of the Complaint, except admits that Plaintiffs purport to seek exemplary damages, but there is no legal or factual basis for relief.

50.     Merck denies each and every allegation set forth in paragraph 50 of the Complaint, except admits that Plaintiffs purport to seek special, compensatory and exemplary damages, but there is no legal or factual basis for relief.

## RESPONSE TO "PRAYER FOR RELIEF"

51.     Merck denies that Plaintiffs are entitled to the relief sought in their Prayer for Relief.

52.     Merck admits Plaintiffs are entitled to a trial by jury.

## ADDITIONAL DEFENSES

53.     Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and/or statute of repose, and is otherwise untimely.

54.     The Complaint fails to state a claim upon which relief can be granted.

55.     The claims of the Plaintiffs may be barred, in whole or in part, from recovery because they have made statements or taken actions that preclude them from asserting claims or constitute a waiver of their claims.

859828v.1

56.     The claims of the Plaintiffs may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

57.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

58.     If Plaintiffs or decedent Prock have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening and supervening cause or causes.

59.     To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

60.     To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs or decedent Prock directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

61.     Any warnings given by Merck were transmitted to the prescribing physicians and/or healthcare providers and, pursuant to the learned intermediary doctrine, Merck's only obligation is to warn the prescribing physician and/or healthcare providers and said obligation was fulfilled.

62.     If Plaintiffs or decedent Prock have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of Plaintiffs, decedent Prock and/or the negligence of third parties over whom Merck had no control.

859828v.1

63.     Any liability that might otherwise be imposed upon this defendant is subject to reduction by the application of the doctrine of comparative negligence.

64.     If Plaintiffs or decedent Prock have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs or decedent Prock knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

65.     If Plaintiffs or decedent Prock have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

66.     If Plaintiffs or decedent Prock have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately and/or solely caused by Plaintiffs' or decedent Prock's misuse or abuse of Vioxx.

67.     If Plaintiffs or decedent Prock have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' or decedent Prock's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

68.     To the extent Plaintiffs or decedent Prock have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

859828v.1

69.     To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under applicable law.

70.     Plaintiffs' claims for fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity.

71.     Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

72.     Plaintiffs' claims are barred in whole or in part by the First Amendment.

73.     Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

74.     There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

75.     This case is more appropriately brought in a different venue.

76.     Venue in this case is improper.

77.     The claims of Plaintiffs may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

78.     The claims of Plaintiffs may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

859828v.1

79.     The claims of Plaintiffs may be barred, in whole or in part, from recovery by release as to their claims.

80.     The claims of Plaintiffs may be barred, in whole and in part, by the doctrine of laches.

81.     The claims of Plaintiffs are barred, in whole or in part, by the failure to mitigate damages.

82.     To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

83.     The claims of Plaintiffs may be barred, in whole or in part, from recovery, due to spoliation of evidence.

84.     The claims of Plaintiffs may be barred, in whole or in part, by the governing state laws.

85.     Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

86.     Plaintiffs and decedent Prock have not sustained any injury or damages compensable at law.

87.     Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiffs' failure to provide it with due process of law.

88.     To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

859828v.1

89.     To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

90.     Plaintiffs' demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

91.     Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

92.     Plaintiffs' claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

93.     Plaintiffs' claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts: Products Liability.

94.     Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

95.     Plaintiffs' claims for breach of warranty are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

96.     Merck denies that it breached any warranties.

97.     Plaintiffs and decedent Prock have not suffered the damages alleged in their Complaint.

98.     Plaintiffs are not entitled to relief under any of their claims.

14

99.     Plaintiffs are not entitled to punitive damages under 23 Okla. Stat. § 9.1.

100.    Plaintiffs are not entitled to interest, costs or attorneys' fees.

101.    Plaintiffs' claims are barred, in whole or in part, because one or more Plaintiffs lack capacity and/or standing to bring such claims.

102.    Plaintiffs' claim for strict liability are barred on the grounds that such claims are not cognizable against Merck.

103.    Merck specifically denies that there was a defect in any product when it left the control and possession of Merck.

104.    Plaintiffs' claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

105.    Merck specifically denies that it breached any duty to Plaintiffs or decedent Prock.

106.    In the event the Plaintiffs or decedent Prock have suffered any damages, injuries, or losses, which is denied, there is no causal relationship between any actions on the part of Merck and the alleged damages, injuries, and/or losses.

107.    If Plaintiffs or decedent Prock have sustained injuries or losses as alleged in the Complaint, such injuries or losses were not directly caused by any alleged defect in the product which is the subject matter of the Complaint.

108.    The conduct and activities of Merck with respect to Vioxx did not involve any act, use or employment by any person of any deception, deceptive act or practice, fraud, false pretense, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of Vioxx.

859828v.1

109.    Merck's advertisements and labeling with respect to the product which is the subject matter of the Complaint were not false or misleading and, therefore, constitute protected commercial speech.

110.    The public interest and benefit and the availability of such product which is the subject matter of the Complaint preclude liability for risks, if any, resulting from such activities, which were unavoidable given the state of human knowledge at the time those activities were undertaken.  With respect to Plaintiffs' claims, if it is determined there is a risk inherent in the product, then such risk, if any, is outweighed by the benefits of the product.

111.    At all times relevant herein, any product which is the subject matter of the Complaint processed and distributed by Merck in the State of Oklahoma or the United States was processed and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further was processed and distributed in accordance with and pursuant to all applicable regulations of the U.S. Food and Drug Administration.

112.    With respect to each and every purported cause of action, the acts of Merck were at all times done in good faith and without malice, evidenced by, among other things, Merck's immediate withdrawal from the market of the product which is the subject matter of this action.

113.    Plaintiffs' claims for negligence per se are barred on the grounds that such claims are not cognizable against Merck in this action.

114.    Plaintiffs' claims for negligence per se are also barred because: 1) Plaintiffs and decedent Prock in this action are not within the class of persons the statutes referenced in the Complaint were enacted to protect; 2) the injuries complained of by Plaintiffs and decedent Prock are not the type contemplated by the statutes referenced in the Complaint; 3) defendant did not violate any of the statutes referenced in the Complaint; 4) no action or omission on

16

defendant's part proximately caused a violation of any of the statutes referenced in the Complaint.

115.    There is no private right of action for a consumer under the Federal Food, Drug and Cosmetic Act.

116.    Plaintiffs' claims are not suitable for joinder.

117.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

118.    Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, having fully answered, Defendant Merck & Co., Inc. prays that Plaintiffs take nothing by way of their Complaint and that Merck be granted its costs, including reasonable attorneys' fees, and all other relief this Court deems just and equitable.

### JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

/s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann L.L.C.
546 Carondelet Street
New Orleans, LA  70130
Telephone:   (504) 581-3200
Facsimile:   (504) 581-3361

Defendants' Liaison Counsel

859828v.1

John A. Kenney, OBA #4976
Sheryl N. Young, OBA #14183
Brandon L. Buchanan, OBA #18661
McAfee & Taft A Professional Corporation
10th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK  73102
Telephone:  (405) 235-9621
 Facsimile:   (405) 235-0439

 Counsel for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 2nd day of March, 2007.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel