J. Stewart White, Esq., NV Bar #1039
WHITE MEANY & WETHERALL, LLP
3185 Lakeside Drive
Reno, Nevada 89509
Phone: (775) 828-9999
Fax: (775) 828-9998
Attorneys for Plaintiffs

THE LAW OFFICES OF
WHITE MEANY & WETHERALL, LLP
8363 W. Sunset Road, Suite 340, Las Vegas, NV 89113
(702) 838-8500 (Tel)    (702) 837-5081 (Fax)
3185 Lakeside Drive, Reno, NV 89509-4503
(775) 828-9999 (Tel)    (775) 828-9998 (Fax)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COORDINATION PROCEEDING ) | DOCKET NO.: 06-7076 |
| SPECIAL TITLE [Rule 1550(b)] ) | MDL NO. 1675 |
| IN RE VIOXX® CASES ) | SECTION: L |
| ) | JUDGE FALLON |
| ) | MAG JUDGE KNOWLES |

WILLIAM NARRON )
                    )
            Plaintiff, )
                    )
    vs.             )
                    )
MERCK & COMPANY, INC., a foreign )
corporation; KERRY EDWARDS, )
KEN HUTCHINSON, MISTY L. )
KUPERMAN, NANCY MOREDOCK, )
TRACEY PHILLIPPI, JERRY SHAW, )
KAREN SHOUSE, LADON GAY SILVA, )
DEBBIE LEE, NANCY NIELSEN, )
LISA DAVIS, RICKY GULATI, FRED )
AUZENE, SERGE BRUNET, TINA )
DAMORE, JULIE DIANE WURCH, )
NICOLE LORENZZI, LEANN BONNER- )
WELCH and PAUL PERRY individuals; )
and DOES 1 through 25, Inclusive, )
                    )
            Defendants. )

## <u>MOTION FOR EXTENSION OF TIME TO EFFECT</u>

## <u>SERVICE ON INDIVIDUAL DEFENDANTS</u>

COME NOW Plaintiffs, above named, by and through their counsel of record, WHITE MEANY

& WETHERALL, and move this Court for an order under FRCP 4(m) extending the time for the service

of this Complaint herein upon the individually named sales representative defendants for an additional

1

60 days, or until and including April 15, 2007. This is Plaintiffs' first request for an extension of time. This motion is based upon the points and authorities attached and pleadings and files herein.

## FACTUAL BACKGROUND

1. <u>General:</u> This is an action for personal injuries and damages brought on behalf of plaintiffs, who were prescribed and have taken the drug Vioxx, as manufactured, marketed, promoted, and sold by Defendant MERCK & COMPANY, INC., ("Merck") and by its individual defendant drug sales representatives, ("detailers") named above. Defendants represented that Vioxx was a safe and effective way to relieve osteoarthritis, manage acute pain in adults, and treat menstrual pains, when in fact Vioxx causes serious medical problems such as serious cardiovascular events and death. Plaintiffs assert claims for personal injury caused by the ingestion of Vioxx.

The Plaintiff, William Narron, lived in Kingman, Arizona, at the time he first contacted this office. A Complaint was filed on the Plaintiff's behalf <u>directly with the MDL</u> on or about September 29, 2006. Nevada Rules of Civil Procedure 4(i) requires service of the Summons and Complaint upon the Defendants within 120 days after the filing of the complaint. FRCP 4(m) embodies the same time frame for cases in Federal Court.

White Meany & Wetherall contacted the Clerk's Office with the MDL and were advised that it was not necessary to have a Summons issued upon filing the complaint, as the Defendants would accept service on behalf of Merck. Summons were not issued and the Defendant Merck & Company was served via electronic service. In all other Vioxx cases in which this writer was involved, Merck had to be served "personally" as well; this was the first instance where electronic service was accepted. The confirmation of this service of process on Merck in this fashion was received January 25, 2007, a copy of which is attached hereto as Exhibit A. Believing mistakenly that Merck would also accept service of the Complaint on behalf of the individual defendants in this electronic fashion as well (Merck has been representing them in all other actions in which this writer is involved– see below), no Summons were requested to be issued by this Court for the individual defendants herein. Merck does not accept such service for the individual defendants.

Original Summons have now been issued as of January 31, 2007 and Plaintiff is requesting additional time to serve the Summon and Complaint upon the Defendants up to and including April 15,

1  2007.

2      2. <u>Plaintiffs' diligence:</u>  White Meany & Wetherall has also filed 12 other Vioxx Complaints

3  in Washoe County, Nevada (Reno) and eight Vioxx Complaints in Clark County, Nevada (Las Vegas).

4  In these cases, the Plaintiffs have employed the services of Paradigm Attorney Services, Inc. on or about

5  November 1, 2006 to serve the defendants, including the defendant sales representatives at their last

6  known addresses.  Defendant Merck & Company was served with the Summons and Complaint on

7  November 8, 2006.

8      Defendant Merck & Co. filed, on or about October 18, 2006, its Notice of Removal of these

9  State Court filings to Federal Court. Most of the cases were remanded back to State Court on Plaintiffs'

10 Motions. State Court Summons were served on individual defendants in the remanded cases, along with

11 the Complaint.  In those few removed cases not yet remanded, even after removal, service of the

12 Summons and Complaint continued (unfortunately utilizing the State Court Summons rather than newly

13 issued Federal Court Summons). Merck now insists, as is its right, that once the Notice of Removal was

14 filed the State Court summonses served after removal have no effect, citing 28 U.S.C. Section 1448 and

15 case law interpreting same.  Merck desires that the individual defendants be served with Summons

16 issued by the Federal Court.  Plaintiffs have obtained additional time in order to serve the individuals

17 in those not yet remanded cases, and is now effecting such service.

18      Merck & Co. has been defending the sales representatives in all other Vioxx lawsuits in which

19 this writer is involved.  Plaintiffs have not been dilatory in proceeding on this case, but was simply

20 mistaken in believing that Merck would accept an electronic filing of this case directly into the MDL

21 for both Merck and the individual defendants..  In addition to filing the Complaint herein,  many

22 proceedings are  now underway herein between the Plaintiffs and Merck and these same individual

23 defendants in Federal Court, with Plaintiffs successfully in some cases moving to remand them to State

24 Court, and Merck succeeding in others to have the matter remain in Federal Court and transferred to the

25 MDL, at least for the time.  There is no prejudice that can be imagined in these circumstances to any of

26 the defendants already served with the Vioxx Complaint and Summons in having them served again

27 with a Federal Court summons in this Narron case.

28 //

THE LAW OFFICES OF
WHITE MEANY & WETHERALL, LLP
8363 W. Sunset Road, Suite 340, Las Vegas, NV 89113
(702) 838-8500 (Tel)          (702) 837-5081 (Fax)
3185 Lakeside Drive, Reno, NV 89509-4503
(775) 828-9999 (Tel)          (775) 828-9998 (Fax)

## LEGAL ARGUMENT

Under FRCP 4(m), Plaintiffs have 120 days from the filing of the Complaint to serve same upon defendants. The Complaint was filed in State Court on September 29, 2006, and the 120 days ran on January 27, 2007. However, Rule 4(m) also provides that the Court may extend the time to serve the Summons and Complaint for an appropriate period, for good cause.

The district court determines good cause. In determining good cause, The Nevada Supreme Court (construing the substantially similar NRCP 4) stated that factors in granting an extension include: (1) difficulties in locating the defendant; (2) the defendant's efforts at evading service or concealment of improper service until after the 120-day period has lapsed; (3) the plaintiff's diligence in attempting to serve the defendant; (4) difficulties encountered by counsel; (5) the running of the applicable statute of limitations [in this case, an argument could be made by Defendants that the statute of limitations ran on September 30, 2006, two years after Vioxx was voluntarily removed from the market]; (6) the parties' good faith attempts to settle the litigation during the 120-day period; (7) the lapse of time between the end of the 120-day period and the actual service of process on the defendant; (8) the prejudice to the defendant caused by the plaintiff's delay in serving process; (9) the defendant's knowledge of the existence of the lawsuit, and (10) any extensions of time for service granted by the district court. Scrimer v. Eighth Judicial District Court, 116 Nev. 507, 998 P.2d 1190 (2000).

The primary purpose of Rule 4(m) is to encourage diligent prosecution of complaints once they are filed. This purpose is being accomplished here. Plaintiff was simply mistaken in thinking that this first direct-filed in the MDL case could be electronically served not on ly on Merck, but on the individual defendants as well. Rule 4(m) should not be read in these circumstances to allow an automatic sanction when a plaintiff fails to serve the complaint within 120 days of filing. This court will not doubt recognize that good public policy dictates that cases be adjudicated on their merits, and the extension sought should be granted in the circumstances.

//

//

//

//

THE LAW OFFICES OF
WHITE MEANY & WETHERALL, LLP
8363 W. Sunset Road, Suite 340, Las Vegas, NV 89113
(702) 838-8500 (Tel)      (702) 837-5081 (Fax)
3185 Lakeside Drive, Reno, NV 89509-4503
(775) 828-9999 (Tel)      (775) 828-9998 (Fax)

**CONCLUSION**

Based upon the foregoing, Plaintiffs respectfully request this court to enter an Order authorizing an additional 60 days under FRCP 4(m) in which to effectuate service of the now issued process on the individual defendants, up to and including April 15, 2007.

DATED: This _12_ day of February, 2007

WHITE MEANY & WETHERALL

By _____
    J. Stewart White, Esq.
    Attorneys for Plaintiffs

**EXHIBIT "A"**

**EXHIBIT "A"**

**Dianne Schwade**

From:      "Multi District Litigation" <mdl@wcsr.com>
To:        <dschwade@whiteandmeany.com>
Cc:        <jswhite@whiteandmeany.com>
Sent:      Thursday, January 25, 2007 6:44 AM
Subject:   Merck's Acknowledgement of Service of Complaints (EDLA)

Pursuant to paragraph III.A. of Pretrial Order #15 in MDL No. 1657, Merck
acknowledges receipt of the following complaint(s):

Michael Kreiling and Christy Kreiling v. Merck & Co., Inc., et al. (E.D.
Louisiana)

William Narron v. Merck & Co., Inc., et al. (E.D. Louisiana).


Ellen M. Gregg
Susan J. Giamportone
Womble Carlyle Sandridge & Rice, PLLC
301 N. Main Street, Suite 300
Winston-Salem, NC 27101
Telephone: (336) 747-2635
Fax:  (336) 721-2584



**IRS CIRCULAR 230 NOTICE:** To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).

**CONFIDENTIALITY NOTICE:** This electronic mail transmission has been sent by a lawyer. It may contain information that is confidential, privileged, proprietary, or otherwise legally exempt from disclosure. If you are not the intended recipient, you are hereby notified that you are not authorized to read, print, retain, copy or disseminate this message, any part of it, or any attachments. If you have received this message in error, please delete this message and any attachments from your system without reading the content and notify the sender immediately of the inadvertent transmission. There is no intent on the part of the sender to waive any privilege, including the attorney-client privilege, that may attach to this communication. Thank you for your cooperation.


**EXHIBIT "A"**
2/13/2007

<u>CERTIFICATE OF SERVICE</u>

Pursuant to FRCP 5(b), I hereby certify that I am an employee of THE LAW OFFICES OF WHITE, MEANY & WETHERALL, LLP, and that on this date I caused to be served via electronic service, a true and correct copy of the attached and foregoing document, ***MOTION FOR EXTENSION OF TIME TO EFFECT SERVICE ON INDIVIDUAL DEFENDANTS*** addressed as follows:

Ellen M. Gregg, Esq.
Womble Carlyle Sandridge & Rice
301 North Main Street, Suite 300
Winston-Salem, NC 27101

mdl@wcsr.com

DATE: This 13th day of February, 2007

*Dianne Schwade*
Dianne Schwade

THE LAW OFFICES OF
**WHITE, MEANY & WETHERALL, LLP**
3185 Lakeside Drive, Reno, NV 89509-4503   8363 W. Sunset Road, Suite 340, Las Vegas, NV 89113
(775) 828-9999 (Tel)   (775) 828-9998 (Fax)   (702) 838-8500 (Tel)   (702) 837-5081 (Fax)