UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITIY LITIGATION | * | SECTION L |
| | * | |
| This document Relates to All Cases | * | JUDGE FALLON |
| | * | |
| * * * * * * * * * * * | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| | * | |
| MAUDE MCCLURE, | * | Transferred from United States District |
| | * | Court, District of South Carolina |
| Plaintiff, | * | Civil Action No. 2:07-cv-00098-MDL |
| | * | |
| vs. | * | Jury Trial Requested |
| | * | |
| MERCK & CO., INC., a New Jersey | * | |
| Corporation, | * | |
| | * | |
| Defendants. | * | |
| | * | |
| EDLA Civil Action No.: 07-1059 | | |

* * * * * * * * * * * * * * * * * * * * * *

## ANSWER AND DEFENSES OF MERCK & CO., INC.

Comes now Defendant, Merck & Co., Inc., ("Merck") by and through its undersigned counsel, and presents the following Answer and Defenses to Plaintiffs' Amended Complaint ("Amended Complaint").  Any allegation in the Amended Complaint not specifically admitted herein is denied.  More specifically, Merck states:

1.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint.

2.      Denies each and every allegation contained in paragraph 2 of the Complaint except admits that Merck is a leading research-driven pharmaceutical products and services

- 1 -

company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that Merck is a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey.

3.      The allegations contained in paragraph 3 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph, except admits that Plaintiff purports to state a claim in excess of $75,000, but denies that there is any legal or factual basis for said relief.

4.      The allegations contained in paragraph 4 of the Complaint are legal conclusions as to which no responsive pleading is required.

## RESPONSE TO "FACTS"

5.      Denies every allegation contained in the first sentence of paragraph 5 of the Complaint and avers that Vioxx® (hereinafter Vioxx) is the brand name for rofecoxib.  Merck denies each and every allegation contained in the second sentence of paragraph 6 of the Amended Complaint and avers that Merck sought and received the approval of the United States Food and Drug Administration ("FDA") to manufacture and market the prescription medicine Vioxx and, until the voluntary withdrawal of Vioxx on September 30, 2004, did market Vioxx for the indicated uses set out in the relevant FDA approved prescribing information.  Merck respectfully refers the Court to the FDA prescribing information for Vioxx's indicated uses.  Merck admits that Vioxx is a selective COX-2 inhibitor and that the mechanism of action of Vioxx is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase 2 (COX-2).

860713v.1

6.      Denies each and every allegation contained in paragraph 6 of the Complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx, that Merck manufactured, marketed and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx is the brand name for rofecoxib.

7.      Denies each and every allegation contained in paragraph 7 of the Amended Complaint except admits that Merck sought and, in 1999, received FDA approval to manufacture and market the prescription medicine Vioxx.

8.      Denies each and every allegation set forth in paragraph 8 of the Complaint, except admits that Vioxx, like all prescription medications, has had certain reported adverse events associated with its use, which were described in the relevant FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for Vioxx for its actual language and full text.

9.      Denies each and every allegation contained in paragraph 9 of the Complaint.

10.     Denies each and every allegation contained in paragraph 10 of the Complaint.

11.     Denies each and every allegation contained in paragraph 11 of the Complaint except admits that Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

12.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of Complaint.

860713v.1

## RESPONSE TO "COUNT I – NEGLIGENCE"

13.     Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 12 of this Answer with the same force and affect as those set forth here in full.

14.     Denies each and every allegation contained in paragraph 14 of the Complaint.

15.     The allegations contained in paragraph 15 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the court to the relevant law governing Plaintiff's negligence claim.

16.     Denies each and every allegation contained in paragraph 16 of the Complaint, including subparagraphs a-g.

17.     Denies each and ever allegation contained in paragraph 17 of the Complaint.

18.     Denies each and every allegation contained in the first and third sentences of paragraph 18 of the Complaint.  The allegations contained in the second sentence of paragraph 18 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said sentence and respectfully refers the court to the relevant legal standard.

The un-numbered "WHEREFORE" clause following paragraph 18 of the Complaint is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in said paragraph, except admits that Plaintiff purports to demand judgment and certain forms of relief, but denies there is any legal or factual basis for awarding same.

- 4 -

## RESPONSE TO "COUNT II: STRICT LIABILITY (Failure to Warn)"

19.     Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 18 of this Answer with the same force and affect as those set forth here in full.

20.     Denies each and every allegation contained in paragraph 20 of the Complaint.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint.

22.     Denies each and every allegation contained in paragraph 22 of the Complaint.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint.

The un-numbered "WHEREFORE" clause following paragraph 23 of the Complaint is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in said paragraph, except admits that Plaintiff purports to demand judgment and certain forms of relief, but denies there is any legal or factual basis for awarding same.

## RESPONSE TO "COUNT III: STRICT LIABILITY (Design Defect)"

24.     Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 23 of this Answer with the same force and affect as those set forth here in full.

25.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 25 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Denies each and every allegation contained in the second sentence of paragraph 25 of the Complaint.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint.

29.     Denies each and every allegation contained in paragraph 29 of the Complaint.

30.     Denies each and every allegation contained in paragraph 30 of the Complaint, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint.

32.     Denies each and every allegation contained in paragraph 32 of the Complaint.

33.     The allegations contained in the first sentence of paragraph 33 of the  Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said sentence and respectfully refers the court to the relevant law governing Plaintiff's negligence claim. Denies each and every allegation contained in the second sentence of paragraph 33 of the Complaint.

34.     Denies each and every allegation contained in paragraph 34 of the Complaint.

35.     Denies each and every allegation contained in paragraph 35 of the Complaint.

The un-numbered "WHEREFORE" clause following paragraph 35 of the Complaint is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in said paragraph, except

860713v.1

admits that Plaintiff purports to demand judgment and certain forms of relief, but denies there is any legal or factual basis for awarding same.

## RESPONSE TO "COUNT IV: NEGLIGENCE PER SE"

36.    Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 35 of this Answer with the same force and affect as those set forth here in full.

37.    The allegations contained in paragraph 37 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 37 of the Complaint.

38.    Denies each and every allegation contained in paragraph 38 of the Complaint.

39.    Denies each and every allegation contained in paragraph 39 of the Complaint.

The un-numbered "WHEREFORE" clause following paragraph 39 of the Complaint is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in said paragraph, except admits that Plaintiff purports to demand judgment and certain forms of relief, but denies there is any legal or factual basis for awarding same.

## RESPONSE TO "COUNT V: FRAUD"

40.    Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 39 of this Answer with the same force and affect as those set forth here in full.

41.    Denies each and every allegation contained in paragraph 41 of the Complaint.

42.    Denies each and every allegation contained in paragraph 42 of the Complaint, including subparagraphs a-e.

860713v.1

43.     Denies each and every allegation contained in paragraph 43 of the Complaint.

44.     Denies each and every allegation contained in paragraph 44 of the Complaint.

45.     Denies each and every allegation contained in paragraph 45 of the Complaint.

46.     Denies each and every allegation contained in paragraph 46 of the Complaint.

47.     The allegations contained in paragraph 47 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

48.     Denies each and every allegation contained in paragraph 48 of the Complaint.

49.     Denies each and every allegation contained in paragraph 49 of the Complaint.

The un-numbered "WHEREFORE" clause following paragraph 49 of the Complaint is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in said paragraph, except admits that Plaintiff purports to demand judgment and certain forms of relief, but denies there is any legal or factual basis for awarding same.

### RESPONSE TO "COUNT VI: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY"

50.     Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 49 of this Answer with the same force and affect as those set forth here in full.

51.     Denies each and every allegation contained in paragraph 51 of the Complaint.

52.     Denies each and every allegation contained in paragraph 52 of the Complaint.

53.     Denies each and every allegation contained in paragraph 53 of the Complaint.

54.     Denies each and every allegation contained in paragraph 54 of the Complaint.

55.     Denies each and every allegation contained in paragraph 55 of the Complaint.

The un-numbered "WHEREFORE" clause following paragraph 55 of the Complaint is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in said paragraph, except admits that Plaintiff purports to demand judgment and certain forms of relief, but denies there is any legal or factual basis for awarding same.

### RESPONSE TO "COUNT VII: BREACH OF EXPRESS WARRANTY"

56.     Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 55 of this Answer with the same force and affect as those set forth here in full.

57.     Denies each and every allegation contained in paragraph 57 of the Complaint.

58.     Denies each and every allegation contained in paragraph 58 of the Complaint.

59.     Denies each and every allegation contained in paragraph 59 of the Complaint.

The un-numbered "WHEREFORE" clause following paragraph 59 of the Complaint is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in said paragraph, except admits that Plaintiff purports to demand judgment and certain forms of relief, but denies there is any legal or factual basis for awarding same.

### RESPONSE TO "COUNT VIII: CONSTRUCTIVE FRAUD"

60.     Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 59 of this Answer with the same force and affect as those set forth here in full.

860713v.1

61.     The allegations contained in paragraph 61 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

62.     The allegations contained in paragraph 62 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

63.     The allegations contained in paragraph 63 of the Amended Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

The un-numbered "WHEREFORE" clause following paragraph 63 of the Complaint is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation in said paragraph, except admits that Plaintiff purports to demand judgment and certain forms of relief, but denies there is any legal or factual basis for awarding same.

## RESPONSE TO "COUNT IX: VIOLATIONS OF SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT"

64.     Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 63 of this Answer with the same force and affect as those set forth here in full.

65.     Denies each and every allegation contained in paragraph 65 of the Complaint.

66.     Denies each and every allegation contained in paragraph 66 of the Amended Complaint including subparts a-c.

67.     Denies each and every allegation contained in paragraph 67 of the Complaint.

68.     Denies each and every allegation contained in paragraph 69 of the Complaint.

860713v.1

## RESPONSE TO "COUNT X: UNJUST ENRICHMENT"

69.     Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 68 of this Answer with the same force and affect as those set forth here in full.

70.     The allegations contained in paragraph 70 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

71.     Denies each and every allegation contained in paragraph 71 of the Complaint.

72.     Denies each and every allegation contained in paragraph 72 of the Complaint.

## RESPONSE TO "PRAYER FOR RELIEF"

73.     The "WHEREFORE" clause of the Complaint, including subparts a-j, is not an allegation and therefore no responsive pleading is required.  Should a response deemed required, Merck denies each and every allegation contained in said paragraph, except admits that Plaintiff purports to demand Judgment and certain forms of relief, but denies that there is any legal or factual basis for awarding the same.

## RESPONSE TO "DEMAND FOR JURY TRIAL"

74.     Plaintiffs' "Demand for Jury Trial" section of the Complaint is not an allegation and therefore no responsive pleading is required.  Should a response be deemed required, Merck admits that Plaintiff purports to demand a jury trial in this case.

## AS FOR A FIRST DEFENSE, MERCK ALLEGES:

75.     The claims of Plaintiff may be time-barred, in whole or in part, under applicable statutes of limitations, statutes of repose, or are otherwise untimely.

**AS FOR A SECOND DEFENSE, MERCK ALLEGES:**

76.    The Complaint fails to state a claim upon which relief can be granted.

**AS FOR A THIRD DEFENSE, MERCK ALLEGES:**

77.    The claims of the Plaintiff may be barred, in whole or in part, from recovery because they have made statements or taken actions that preclude them from asserting claims or constitute a waiver of her claims.

**AS FOR A FOURTH DEFENSE, MERCK ALLEGES:**

78.    The claims of the Plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

**AS FOR A FIFTH DEFENSE, MERCK ALLEGES:**

79.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

**AS FOR A SIXTH DEFENSE, MERCK ALLEGES:**

80.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

**AS FOR A SEVENTH DEFENSE, MERCK ALLEGES:**

81.    To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

**AS FOR AN EIGHTH DEFENSE, MERCK ALLEGES:**

82.    To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are

860713v.1

barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR A NINTH DEFENSE, MERCK ALLEGES:

83.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A TENTH DEFENSE, MERCK ALLEGES:

84.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR AN ELEVENTH DEFENSE, MERCK ALLEGES:

85.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

## AS FOR A TWELFTH DEFENSE, MERCK ALLEGES:

86.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

860713v.1

### AS FOR A THIRTEENTH DEFENSE, MERCK ALLEGES:

87. To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

### AS FOR A FOURTEENTH DEFENSE, MERCK ALLEGES:

88. To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

### AS FOR A FIFTEENTH DEFENSE, MERCK ALLEGES:

89. Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civ. Procedure 9(b).

### AS FOR A SIXTEENTH DEFENSE, MERCK ALLEGES:

90. Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A SEVENTEENTH DEFENSE, MERCK ALLEGES:

90. Plaintiff's claims are barred in whole or in part by the First Amendment.

### AS FOR AN EIGHTEENTH DEFENSE, MERCK ALLEGES:

91. Plaintiff's claims are barred, in whole or in part, because the product at issue was made in accordance with the state of the art at the time it was manufactured.

860713v.1

### AS FOR A NINETEENTH DEFENSE, MERCK ALLEGES:

92.     There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

### AS FOR A TWENTIETH DEFENSE, MERCK ALLEGES:

93.     This case is more appropriately brought in a different venue.

### AS FOR A TWENTY-FIRST DEFENSE, MERCK ALLEGES:

94.     Venue in this case is improper.

### AS FOR A TWENTY-SECOND DEFENSE, MERCK ALLEGES:

95.     The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

### AS FOR A TWENTY-THIRD DEFENSE, MERCK ALLEGES:

96.     The claims of Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

### AS FOR A TWENTY-FOURTH DEFENSE, MERCK ALLEGES:

97.     The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to her claims.

### AS FOR A TWENTY-FIFTH DEFENSE, MERCK ALLEGES:

98.     The claims of Plaintiff may be barred, in whole and in part, by the doctrine of laches.

860713v.1

### AS FOR A TWENTY-SIXTH DEFENSE, MERCK ALLEGES:

99.     The claims of Plaintiff are barred, in whole or in part, by their failure to mitigate damages.

### AS FOR A TWENTY-SEVENTH DEFENSE, MERCK ALLEGES:

100.     To the extent there were risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

### AS FOR A TWENTY-EIGHTH DEFENSE, MERCK ALLEGES:

101.     The claims of Plaintiff are barred, in whole or in part, from recovery, due to spoliation of evidence.

### AS FOR A TWENTY-NINTH DEFENSE, MERCK ALLEGES:

102.     The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

### AS FOR A THIRTIETH DEFENSE, MERCK ALLEGES:

103.     Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

### AS FOR A THIRTY-FIRST DEFENSE, MERCK ALLEGES:

104.     Plaintiff has not sustained any injury or damages compensable at law.

### AS FOR A THIRTY-SECOND DEFENSE, MERCK ALLEGES:

105.     Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiff's failure to provide it with due process of law.

860713v.1

### AS FOR A THIRTY-THIRD DEFENSE, MERCK ALLEGES:

106.     To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

### AS FOR A THIRTY-FORTH DEFENSE, MERCK ALLEGES:

107.     To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

### AS FOR A THIRTY-FIFTH DEFENSE, MERCK ALLEGES:

108.     Plaintiff's demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A THIRTY-SIXTH DEFENSE, MERCK ALLEGES:

109.     Plaintiff's claim for punitive damages is barred by various provisions of the United States Constitution and the South Carolina Constitution.  An award of punitive damages under South Carolina law violates the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 3 of the South Carolina Constitution in various ways, including the following:

     a.    the judiciary's ability to correct a punitive damage award only upon a finding of passion, prejudice, or caprice is inconsistent with due process guarantees;

     b.    any award of punitive damages serving a compensatory function is inconsistent with due process guarantees;

     c.    any award of punitive damages based upon the wealth of the defendant violates due process guarantees;

860713v.1

    d.    the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of meaningful standards and is inconsistent with due process guarantees;

    e.    even if it could be argued that the standard governing the imposition of punitive damages exists, the standard is void for vagueness;

    f.    the plaintiffs' claim for punitive damages violates the equal protection clause of the Fourteenth Amendment of the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of the defendant; and

    g.    the plaintiffs' claim for punitive damages violates the defendant's right to access to the courts guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of unlimited punitive damages chills the defendant's exercise of that right.

The Plaintiff's claim for punitive damages violates the federal doctrine of separation of powers and Article I, Section 8 of the South Carolina Constitution for the reason that punitive damages are a creation of the judicial branch of government which invades the province of the legislative branch of government.  Additionally, Plaintiff's claim for punitive damages is barred by the proscription of the Eighth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, prohibiting the imposition of excessive fines.  Finally, Plaintiff's claim for punitive damages is barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

## AS FOR A THIRTY-SEVENTH DEFENSE, MERCK ALLEGES:

110.    Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

- 18 -

### AS FOR A THIRTY-EIGHTH DEFENSE, MERCK ALLEGES:

111.   Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

### AS FOR A THIRTY-NINTH DEFENSE, MERCK ALLEGES:

112.   Plaintiff's claims are barred under Section 4, et. seq., of the Restatement (Third) of Torts: Products Liability.

### AS FOR A FORTIETH DEFENSE, MERCK ALLEGES:

113.   Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

### AS FOR A FORTY-FIRST DEFENSE, MERCK ALLEGES:

114.   To the extent that Plaintiff replies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

### AS FOR A FORTY-SECOND DEFENSE, MERCK ALLEGES:

115.   Plaintiff's conspiracy claim is barred because Merck did not enter into any agreement with any other defendant or third party to further any alleged unlawful act by allegedly unlawful means.

### AS FOR A FORTY-THIRD DEFENSE, MERCK ALLEGES:

116.   Plaintiff's claims for negligence per se are barred on the grounds that such claims are not cognizable against Merck in this action.

860713v.1

## AS FOR A FORTY-FOURTH DEFENSE, MERCK ALLEGES:

117.   To the extent Plaintiff seeks to recover only economic loss in tort, their claims are barred by the economic loss doctrine.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.  Plaintiff fails to allege facts from which it can be reasonably inferred to the level of clear and convincing proof that defendant acted with complete indifference to or conscious disregard for the safety of others.  Additionally, Merck will rely on all defenses which may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable attorney's fees, together with such other and further relief that the Court may deem just and proper.

860713v.1

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

NELSON MULLINS RILEY & SCARBOROUGH LLP


By: s/Anthony C. Hayes (Fed. Bar No. 7500)
    Anthony C. Hayes
    Federal Bar No. 7500
    W. Thomas Causby
    Federal Bar No. 78
    1320 Main Street / 17th Floor
    Post Office Box 11070 (29211)
    Columbia, SC  29201
    (803) 799-2000

Attorneys for Defendant Merck & Co., Inc.

Columbia, South Carolina
March 7, 2007

860713v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Answer has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 7th day of March, 2007.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

860713v.1