Case 2:05-md-01657-EEF-DEK Document 10380 Filed 03/08/07 Page 1 of 8

## Issued by the
# UNITED STATES DISTRICT COURT

_____EASTERN_____ DISTRICT OF _____LOUISIANA_____

| | |
|---|---|
| **CLARENCE ABRAMS, ET AL.** | **SUBPOENA IN A CIVIL CASE** |
| **V.** | CASE NUMBER: ¹In Re: Vioxx Products Liability Litigation, MDL No. 1657, United States District Court for the Eastern District of Louisiana |
| **MERCK & CO., INC.** | *This Document Relates to: Clarence Abrams, et al. v. Merck & Co., Inc., Case No. 05-4434, Div. L, Mag. 3* |

TO: North Oaks Medical Center
    Attn: Medical Records Custodian
    15770 Medical Center Blvd, Suite 108
    Hammond, LA 70403

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| Place of Testimony | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all employment records pertaining to employee Tina Pohlmeyer (SSN: 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; DOB: 2/20/1962) including, but not limited to, all handwritten, typewritten, and computer-generated records of her medical care and treatment. Appearance is not necessary if a **certified** copy of the above documents are received by Bryan C. Reuter Esq., Stanley, Flanagan & Reuter, L.L.C., 909 Poydras Street, Suite 2500, New Orleans, Louisiana 70112, on or before the date and time specified below.

| PLACE<br>Stanley, Flanagan & Reuter, L.L.C.<br>909 Poydras Street, Suite 2500<br>New Orleans, LA 70112 | DATE AND TIME<br>March 16, 2007, at 1:00 p.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE(INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant | 03/05/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Bryan C. Reuter, Esq., 909 Poydras St., Suite 2500, New Orleans, LA 70112, (504) 523-1580

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

¹If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 3-7-07 @ | North Oaks Med. Center |

SERVED ON (PRINT NAME)                    MANNER OF SERVICE

Scarlett Morris                          Receptionist

SERVED BY (PRINT NAME)                    TITLE

Brett Banta                              Messenger

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on     3-7-07

DATE

ADDRESS OF SERVER

SIGNATURE OF SERVER

1632 Dublin St.
N-O. La. 70118

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.
(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: VIOXX® PRODUCTS
LIABILITY LITIGATION

· MDL No. 1657

AUTHORIZATION FOR RELEASE OF
MEDICAL RECORDS PURSUANT TO
45 C.F.R. § 164.508 (HIPAA)

Name: Tina Pohlmeyer

Date of Birth: 2-20-62

Social Security Number: 453-
41-7796

I hereby authorize North Oaks Medical Center to
release all existing medical records regarding the above-named person's medical care,
treatment, physical condition, and/or medical expenses to the law firm of **HUGHES
HUBBARD & REED LLP, 101 Hudson Street, Suite 3601, Jersey City, New Jersey
07302, and/or to the law firm**
of      * * *
____ **and/or their designated agents ("Receiving Parties").** These records shall be
used or disclosed solely in connection with the currently pending VIOXX® litigation
involving the person named above. This authorization shall cease to be effective as of
the date on which the above-named person's VIOXX® litigation concludes. The
Receiving Parties shall return or destroy the protected health information (including all
copies made) at the end of the above-named person's litigation or proceeding.

I understand that the health information being used/disclosed may include
information relating to the diagnosis and treatment of Human Immunodeficiency Virus
(HIV), Acquired Immune Deficiency Syndrome (AIDS), sexually transmitted disease and
drug and alcohol disorders.

This authorization also may include x-ray reports, CT scan reports, MRI scans,
EEGs, EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery
consent forms, admission and discharge records, operation records, doctor and nurses
notes (excluding psychotherapy notes maintained separately from the individual's
medical record that document or analyze the contents of conversation during a private
counseling session or a group, joint, or family counseling session by referring to
something other than medication prescription and monitoring, counseling session start
and stop times, the modalities and frequencies of treatment furnished, results of clinical
tests, and any summary of the following items: diagnosis, functional status, the treatment
plan, symptoms, prognosis and progress), prescriptions, medical bills, invoices, histories,

*** Stanley, Flanagan & Reuter
909 Poydras St., Suite 2500
New Orleans, LA  70112

diagnoses, narratives, and any correspondence/memoranda and billing information. It also includes, to the extent such records currently exist and are in your possession, insurance records, including Medicare/Medicaid and other public assistance claims, applications, statements, eligibility material, claims or claim disputes, resolutions and payments, medical records provided as evidence of services provided, and any other documents or things pertaining to services furnished under Title XVII of the Social Security Act or other forms of public assistance (federal, state, local, etc.). This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation. I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA. I further reserve the right to request the return or redaction of sensitive or embarrassing information, not germane to the litigation that is disclosed to the Receiving Parties.

Any photostatic copy of this document shall have the same authority as the original, and may be substituted in its place. Copies of these materials are to be provided at the expense of Hughes Hubbard & Reed LLP or Stanley, Flanagan & Reuter

Dated this 31 day of March, 2006

_____
[PLAINTIFF OR REPRESENTATIVE]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: VIOXX® PRODUCTS
LIABILITY LITIGATION

MDL No. 1657

AUTHORIZATION FOR RELEASE OF
PSYCHOLOGICAL/PSYCHIATRIC
RECORDS PURSUANT TO
45 C.F.R. § 164.508 (HIPAA)

Name: Tina Pohlmeyer

Date of Birth: 2-20-62

Social Security Number: 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

I hereby authorize North Oaks Medical Center to release all existing records regarding the above-named person's psychological or psychiatric care, treatment, condition, and/or expenses to the law firm of **HUGHES HUBBARD & REED LLP, 101 Hudson Street, Suite 3601, Jersey City, New Jersey 07302, and/or to the law firm of      * * ***

**      and/or their designated agents ("Receiving Parties").** These records shall be used or disclosed solely in connection with the currently pending VIOXX® litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's VIOXX® litigation concludes. The Receiving Parties shall return or destroy the protected health information (including all copies made) at the end of the above-named person's litigation or proceeding.

I understand that this authorization includes information regarding the diagnosis and treatment of psychiatric and psychological disorders, and that the health information being used/disclosed may include information relating to the diagnosis and treatment of Human Immunodeficiency Virus (HIV), Acquired Immune Deficiency Syndrome (AIDS), sexually transmitted disease and drug and alcohol disorders.

This authorization also may include x-ray reports, CT scan reports, MRI scans, EEGs, EKGs, sonograms, arteriograms, discharge summaries, photographs, surgery consent forms, admission and discharge records, operation records, doctor and nurses notes (excluding psychotherapy notes maintained separately from the individual's medical record that document or analyze the contents of conversation during a private counseling session or a group, joint, or family counseling session by referring to something other than medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical

\* \* \* Stanley, Flanagan & Reuter
909 Poydras St., Suite 2500
New Orleans, LA  70112

tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis and progress), prescriptions, medical bills, invoices, histories, diagnoses, psychiatric treatment and counseling records, psychological treatment and counseling records, narratives, and any correspondence/memoranda and billing information.  It also includes, to the extent such records currently exist and are in your possession, insurance records, including Medicare/Medicaid and other public assistance claims, applications, statements, eligibility material, claims or claim disputes, resolutions and payments, medical records provided as evidence of services provided, and any other documents or things pertaining to services furnished under Title XVII of the Social Security Act or other forms of public assistance (federal, state, local, etc.).  This listing is not meant to be exclusive.

This will further authorize you to provide updated medical records, x-rays, reports or copies thereof to the above attorney until the conclusion of the litigation.  I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition of obtaining insurance coverage.  I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization.  I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA.  I further reserve the right to request the return or redaction of sensitive or embarrassing information, not germane to the litigation that is disclosed to the Receiving Parties.

Any photostatic copy of this document shall have the same authority as the original, and may be substituted in its place.  Copies of these materials are to be provided at the expense of Hughes Hubbard & Reed LLP or
Stanley, Flanagan & Reuter.

Dated this 31 day of March, 2006

_Nina Pohlmeyer_
[_PLAINTIFF OR REPRESENTATIVE_]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: VIOXX® PRODUCT
LIABILITY LITIGATION

MDL No. 1657

**AUTHORIZATION FOR RELEASE OF
PSYCHOTHERAPY NOTES PURSUANT
TO 45 C.F.R. § 164.508 (HIPAA)**

Name: _Tina Pohlmeyer_

Date of Birth: _2-20-62_

Social Security Number: _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_

I hereby authorize _North Oaks Medical Center_ to release all existing psychotherapy notes regarding the above-named person's medical care, treatment, physical/mental condition, and/or medical expenses to law firm of **HUGHES HUBBARD & REED LLP, 101 Hudson Street, Suite 3601, Jersey City, New Jersey 07302, and/or to the law firm of** ___ \*\*\* ___ **and/or their designated agents ("Receiving Parties").** These records shall be used or disclosed solely in connection with the currently pending VIOXX® litigation involving the person named above. This authorization shall cease to be effective as of the date on which the above-named person's VIOXX® litigation concludes. The Receiving Parties shall return or destroy the protected health information (including all copies made) at the end of the above-named person's litigation or proceeding.

I understand that this authorization includes all psychotherapy notes maintained separately from the above-named person's medical record that document or analyze the contents of conversation during a private counseling session or a group, joint, or family counseling session by referring to something other than medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis and progress.

I understand that the health information being disclosed by these psychotherapy notes may include information relating to the diagnosis and treatment of Human Immunodeficiency Virus (HIV), Acquired Immune Deficiency Syndrome (AIDS), sexually transmitted disease and drug and alcohol disorders.

This will further authorize you to provide updated medical records, x-rays, reports

\*\*\* Stanley, Flanagan & Reuter
909 Poydras St., Suite 2500
New Orleans, LA 70112

or copies thereof to the above attorney until the conclusion of the litigation. I understand that I have the right to revoke in writing my consent to this disclosure at any time, except to the extent that the above-named facility or provider already has taken action in reliance upon this authorization, or if this authorization was obtained as a condition of obtaining insurance coverage. I further understand that the above-named facility or provider cannot condition the provision of treatment, payment, enrollment in a health plan or eligibility for benefits on my provision of this authorization. I further understand that information disclosed pursuant to this authorization may be subject to redisclosure by the recipient to its clients, agents, employees, consultants, experts, the court, and others deemed necessary by the recipient to assist in this litigation and may no longer be protected by HIPAA. I further reserve the right to request the return or redaction of sensitive or embarrassing information, not germane to the litigation that is disclosed to the Receiving Parties.

Any photostatic copy of this document shall have the same authority as the original, and may be substituted in its place. Copies of these materials are to be provided at the expense of Hughes Hubbard & Reed LLP or  Stanley, Flanagan & Reuter.

Dated this 31 day of March 200 6

_____
[*PLAINTIFF OR REPRESENTATIVE*]

If a representative, please describe your relationship to the plaintiff and your authority to act on his/her behalf: _____