UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX® | MDL Docket No. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| This document relates to: Chapman v. Merck & Co., Inc. (Index No. 07-902) | JUDGE FALLON |
| | MAG. JUDGE KNOWLES |

**DEFENDANT TARGET CORPORATION'S
ANSWER TO FIRST AMENDED COMPLAINT**

Defendant Target Corporation answers the First Amended Complaint as follows:

**RESPONSE TO INTRODUCTION**

The First Amended Complaint presents an "Introduction" that contains narrative statements instead of a short and plain statement of the claim showing the pleader is entitled to relief. FRCP 8(a). To the extent that the "Introduction" is intended to set forth averments that are part of its claim for relief, Defendant Target Corporation is informed and believes that Vioxx was a prescriptive drug that Merck at times distributed and sold until Merck voluntarily withdrew Vioxx from the market in September 30, 2004. This Defendant is without knowledge or information sufficient to form a belief as to the statement that certain plaintiffs obtained Vioxx from Target Corporation. To the extent that the remaining allegations contained in the "Introduction" pertain to Target Corporation, Target Corporation denies each and every allegation directed at it and affirmatively denies liability. Target Corporation is without sufficient information to form a belief as to the truth of the remaining allegations contained in the "Introduction," and on that basis denies said allegations.

LAXALT & NOMURA,
ATTORNEYS AT LAW
9600 GATEWAY DRIVE
RENO, NEVADA 89521

## PARTIES

1-5.  For its response to the allegations set forth in paragraphs 1, 2, 3, 4, and 5 of the First Amended Complaint, this answering Defendant is without sufficient information to admit or deny those allegations, and on that basis denies.

6-9.  Answering the allegations contained in paragraphs 6, 7, 8, and 9, this answering Defendant denies all allegations as may be applicable to it. This answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraphs, and on that basis denies.

10-13.  The allegations set forth in paragraphs 10, 11, 12, and 13 do not appear to be directed against this answering Defendant. To the extent that any such allegations may apply to this answering Defendant, Defendant denies said allegations and affirmatively denies liability. This answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraphs as they may pertain to other parties.

14.  Answering the allegations set forth in paragraph 14, this answering Defendant admits that Target Corporation has at times sold pharmaceutical products, including a prescriptive medication known as Vioxx. Defendant denies the remaining allegations contained in paragraph 14 to the extent that any such allegations may apply to this answering Defendant. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph as they may pertain to other parties.

15.  For its response to the allegations contained in paragraph 15 of the First Amended Complaint, this answering Defendant is informed and believes that Merck at times distributed and sold Vioxx until Merck voluntarily withdrew Vioxx from the market on September 30, 2004. This answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in said paragraphs.

LAXALT & NOMURA,
ATTORNEYS AT LAW
9600 GATEWAY DRIVE
RENO, NEVADA 89521

16-17. Answering the allegations contained in paragraphs 16 and 17, this answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraphs.

18. Answering the allegations set forth in paragraph 18, this answering Defendant admits that Target Corporation is licensed to do business in Nevada and has at times sold pharmaceutical products, including a prescriptive medication known as Vioxx. This answering Defendant denies the remaining allegations contained in paragraph 18 to the extent that any such allegations may apply to this answering Defendant. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph as they may pertain to other parties.

## FACTUAL ALLEGATIONS

19. Answering the allegations contained in paragraph 19, this answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and therefore denies.

20. Answering the allegations set forth in paragraph 20, this answering Defendant admits that it has in the past sold, pursuant to prescription, Vioxx. This answering Defendant is informed and believes that Merck has manufactured or supplied Vioxx until Merck voluntarily withdrew Vioxx from the market on September 30, 2004. This answering Defendant denies the remaining allegations contained in paragraph 20 to the extent that the remaining allegations pertain to this answering Defendant. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph as they may pertain to other parties.

21-33. The allegations set forth in paragraphs 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, and 33 of the First Amended Complaint do not appear to be directed against this answering Defendant, and therefore this answering Defendant is without sufficient knowledge or

information upon which to form a belief as to the truth of the allegations as they pertain to other parties. This answering Defendant denies the allegations to the extent that any such allegations may apply to this answering Defendant.

## FIRST CAUSE OF ACTION

(Strict Liability-Failure to Warn and Design Defect-Defendant MERCK & COMPANY, INC.; Defendant WALGREENS; Defendant COSTCO WHOLESALE CORPORATION; Defendant EXPRESS SCRIPTS; Defendant TARGET CORPORATION; Defendant RALPH'S GROCERY COMPANY d/b/a FOOD 4 LESS; Defendant DETAILERS; ROES and DOES 1 through 100, inclusive; ROE INDIVIDUAL PHARMACISTS)

34. Answering the allegations contained in paragraph 34, this answering Defendant refers to and by such reference incorporates herein each, every, and all of its answers to the allegations referred to therein as if the same were fully set forth at this point.

35-38. Answering the allegations contained in paragraphs 35, 36, 37, and 38 of the First Amended Complaint, this answering Defendant denies the allegations to the extent that any such allegations are directed against this answering Defendant. This answering Defendant affirmatively denies any liability. This Defendant is without sufficient information or knowledge to form a belief as the truth of the remaining allegations in said paragraphs.

## SECOND CAUSE OF ACTION

(Negligence-Defendant MERCK & COMPANY, INC.; ROES and DOES 1 through 50, inclusive)

39. Answering the allegations contained in paragraph 39 of the First Amended Complaint, this answering Defendant refers to any by such reference incorporates herein each, every, and all of its answers to the allegations referred to therein as if the same were fully set forth at this point.

40-43. The allegations set forth in paragraphs 40, 41, 42, and 43 do not appear to be directed against this answering Defendant. This answering Defendant denies the allegations to the extent that any such allegations may pertain to it, and affirmatively denies liability. This

LAXALT & NOMURA.
ATTORNEYS AT LAW
9800 GATEWAY DRIVE
RENO, NEVADA 89521

answering Defendant is without sufficient information or knowledge to admit or deny the remaining allegations contained in said paragraphs to the extent that those allegations pertain to other parties.

### THIRD CAUSE OF ACTION

(Negligence Per Se-Defendant MERCK & COMPANY, INC.;
ROES and DOES 1 through 50, inclusive)

44. Answering the allegations contained in paragraph 44, this answering Defendant refers to and by such reference incorporates herein each, every, and all of its answers to the allegations referred to therein as if the same were fully set forth on this point.

45-58. The allegations set forth in paragraphs 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, and 58 of the First Amended Complaint do not appear to be directed against this answering Defendant. This answering Defendant denies the allegations to the extent that any such allegation may apply to it. This answering Defendant affirmatively denies liability. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraphs as they may pertain to other parties.

### FOURTH CAUSE OF ACTION

(Breach of Implied Warranty-Defendant MERCK & COMPANY, INC.; Defendant WALGREENS; Defendant COSTCO WHOLESALE CORPORATION; Defendant EXPRESS SCRIPTS; Defendant TARGET CORPORATION; Defendant RALPH'S GROCERY COMPANY d/b/a FOOD 4 LESS, Defendant DETAILERS; ROES and DOES 1 through 100, inclusive; ROE INDIVIDUAL PHARMACISTS)

59. Answering the allegations contained in paragraph 59 of the First Amended Complaint, this answering Defendant refers to and by such reference incorporates herein each, every, and all of its answers to the allegations referred to therein as if the same were fully set forth at this point.

60. Answering the allegations contained in paragraph 60 of the First Amended Complaint, this answering Defendant denies the allegations to the extent that any such allegations may apply to this answering Defendant. This answering Defendant affirmatively

denies liability. This answering Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 60 as they may apply to other parties.

61. Answering the allegations set forth in paragraph 61, this answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61.

62-64. Answering the allegations contained in paragraphs 62, 63, and 64, this answering Defendant denies the allegations to the extent that the allegations apply to it. This answering Defendant affirmatively denies liability. This answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in these paragraphs as they may apply to other parties.

### FIFTH CAUSE OF ACTION

### (Breach of Express Warranty-Defendant MERCK & COMPANY, INC.; Defendant DETAILERS; ROES and DOES 1 through 50, inclusive)

65. Answering the allegations contained in paragraph 65, this answering Defendant refers to and by such reference incorporates herein each, every, and all of its answers to the allegations referred to therein as if the same were fully set forth at this point.

66-69. The allegations set forth in paragraphs 66, 67, 68, and 69 do not appear to be directed against this answering Defendant. To the extent that said allegations may pertain to this answering Defendant, this answering Defendant denies said allegations. Defendant affirmatively denies liability. This answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they may apply to other parties.

### SIXTH CAUSE OF ACTION

### (Deceit by Concealment-Defendant MERCK & COMPANY, INC.; DETAILERS; ROES and DOES 1 through 50, inclusive)

70. Answering the allegations contained in paragraph 70, this answering Defendant

LAXALT & NOMURA,
ATTORNEYS AT LAW
9600 GATEWAY DRIVE
RENO, NEVADA 89521

refers to and by such reference incorporates herein each, every, and all of its answers to the allegations referred to therein as if the same were fully set forth at this point.

71-78. The allegations set forth in paragraphs 71, 72, 73, 74, 75, 76, 77, and 78 of the First Amended Complaint do not appear to be directed at this answering Defendant. This answering Defendant denies the allegations to the extent that any such allegations may apply to it. Defendant affirmatively denies liability. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they may apply to the other parties.

## SEVENTH CAUSE OF ACTION

### (Negligent Misrepresentation-Defendant MERCK & COMPANY, INC.; Defendant DETAILERS; ROES and DOES 1 through 50, inclusive)

79. Answering the allegations contained in paragraph 79, this answering Defendant refers to and by such reference incorporates herein each, every, and all of its answers to the allegations referred to therein as if the same were fully set forth at this point.

80-86. The allegations contained in paragraphs 80, 81, 82, 83, 84, 85, and 86 of the First Amended Complaint do not appear to be directed against this answering Defendant. This answering Defendant denies the allegations to the extent that any such allegations may pertain to it. Defendant affirmatively denies liability. This answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they may apply to other parties.

## EIGHTH CAUSE OF ACTION

### (Violation of NRS 41.600, 598.0915, 598.0923, 598.0925 – Defendant MERCK & COMPANY, INC.; DETAILERS; ROES and DOES 1 through 50, inclusive)

87. Answering the allegations set forth in paragraph 87, this answering Defendant refers to and by such reference incorporates herein each, every, and all of its answers to the allegations referred to therein as if the same were fully set forth at this point.

LAXALT & NOMURA.
ATTORNEYS AT LAW
9800 GATEWAY DRIVE
RENO, NEVADA 89521

88-93. The allegations set forth in paragraphs 88, 89, 90, 90(A), 90(B), 90(C), 90(D), 91, 92, and 93 of the First Amended Complaint do not appear to be directed against this answering Defendant. This answering Defendant denies the allegations to the extent that any such allegations may apply to it. Defendant affirmatively denies liability. This answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as they may apply to the other parties.

## NINTH CAUSE OF ACTION

**(Loss of Consortium-Plaintiff DOROTHY CHAPMAN-Defendant MERCK & COMPANY, INC.; Defendant WALGREENS; Defendant DETAILERS; ROES and DOES 1 through 100, inclusive; ROE INDIVIDUAL PHARMACISTS)**

94. Answering the allegations contained in paragraph 94, this answering Defendant refers to and by such reference incorporates herein each, every, and all of its answers to the allegations referred to therein as if the same were fully set forth at this point.

95-96. Answering the allegations set forth in paragraphs 95 and 96, this answering Defendant states that said allegations do not appear to apply to it, but this answering Defendant denies the allegations to the extent that any such allegations may pertain to it. Defendant affirmatively denies liability. Defendant is without sufficient information to admit or deny the remaining allegations contained in said paragraphs, and on that basis denies.

## TENTH CAUSE OF ACTION

**(Loss of Consortium-Plaintiff RICHARD GUANCI-Defendant MERCK & COMPANY, INC.; Defendant WALGREENS; Defendant EXPRESS SCRIPTS; Defendant TARGET CORPORATION; Defendant RALPH'S GROCERY COMPANY d/b/a FOOD 4 LESS; Defendant DETAILERS; ROES and DOES 1 through 100, inclusive; ROE INDIVIDUAL PHARMACISTS)**

97. Answering the allegations contained in paragraph 97, this answering Defendant refers to and by such reference incorporates herein each, every, and all of its answers to the allegations referred to therein as if the same were fully set forth at this point.

98-99. Answering the allegations set forth in paragraphs 98 and 99, this answering

1  Defendant denies the allegations to the extent that any such allegations may pertain to it.

2  Defendant affirmatively denies liability. Defendant is without sufficient information to admit or

3  deny the remaining allegations contained in said paragraphs, and on that basis denies.

### TENTH (SIC) CAUSE OF ACTION
(Loss of Consortium-Plaintiff JANET ANN GARCIA-Defendant MERCK & COMPANY, INC.; Defendant WALGREENS; Defendant EXPRESS SCRIPTS; Defendant TARGET CORPORATION; Defendant RALPH'S GROCERY COMPANY d/b/a FOOD 4 LESS; Defendant DETAILERS; ROES and DOES 1 through 100, inclusive; ROE INDIVIDUAL PHARMACISTS)

8  100.  Answering the allegations contained in paragraph 100, this answering Defendant

9  refers to and by such reference incorporates herein each, every, and all of its answers to the

10  allegations referred to therein as if the same were fully set forth at this point.

11  101-102.  Answering the allegations set forth in paragraphs 101 and 102, this answering

12  Defendant denies the allegations to the extent that any such allegations may pertain to it.

13  Defendant affirmatively denies liability. Defendant is without sufficient information to admit or

14  deny the remaining allegations contained in said paragraphs, and on that basis denies.

### FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint and each of the claims therein fail to state a claim from which relief can be granted to Plaintiffs against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

This answering Defendant is informed and believes and thereon alleges that Plaintiffs and/or their decedents negligently and carelessly conducted themselves in and about the matters referred to in the First Amended Complaint.

### THIRD AFFIRMATIVE DEFENSE

This answering Defendant is informed and believes and thereon alleges that Plaintiffs and/or their decedents had full and complete knowledge of each, every and all circumstances and conditions existing at the time and place of the events referred to in the First Amended Complaint and with such knowledge Plaintiffs and/or Plaintiffs' decedents freely, voluntarily and knowingly consented to and assumed the risk of each, every and all said circumstances and

LAXALT & NOMURA,
ATTORNEYS AT LAW
9600 GATEWAY DRIVE
RENO, NEVADA 89521

conditions including the risk of injuries and damages referred to in the First Amended Complaint.

## FOURTH AFFIRMATIVE DEFENSE

The answering Defendant is informed and believes and thereon alleges that the events referred to in the First Amended Complaint were caused by third parties or entities over whom this answering Defendant had no right of control or other unforeseeable actions, conduct or circumstances were intervening superceding causes of injuries and damages referred to in the First Amended Complaint and for whose actions or conduct this answering Defendant is not vicariously liable.

## FIFTH AFFIRMATIVE DEFENSE

This answering Defendant is informed and believes and thereon alleges that the claims set forth in the First Amended Complaint are barred by the applicable statute of limitations including NRS 11.190.

## SIXTH AFFIRMATIVE DEFENSE

This answering Defendant is informed and believes and thereon alleges that the claims set forth in the First Amended Complaint are barred in whole or in part by the doctrines of waiver, estoppel and laches.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs and/or Plaintiffs' decedents consented to the use of the pharmaceuticals referred to in the First Amended Complaint, including their requests that this answering Defendant fill the prescriptions issued by a physician.

## EIGHTH AFFIRMATIVE DEFENSE

This answering Defendant is informed and believes and thereon alleges that the utility and benefit of the product referred to in the First Amended Complaint outweighed any risk or harm posed by the design, and/or the products met the expectations of the reasonable consumer.

LAXALT & NOMURA,
ATTORNEYS AT LAW
9600 GATEWAY DRIVE
RENO, NEVADA 89521

### NINTH AFFIRMATIVE DEFENSE

This answering Defendant is informed and believes and thereon alleges that if in fact, Plaintiffs and/or Plaintiffs' decedents were damaged in any manner whatsoever, said damages, if any, were a direct and proximate result of the intervening and superceding conduct on the part of other named or unnamed parties and that such intervening and superceding conduct of said other parties precludes recovery against this answering Defendant.

### TENTH AFFIRMATIVE DEFENSE

This answering Defendant is informed and believes and thereon alleges that the injuries to Plaintiffs, if any, were directly and proximately caused and contributed to by the actions of persons other than Defendants. Plaintiffs are therefore barred from recovery against this answering Defendant or, in the alternative, the damages, if any, recoverable by Plaintiff herein must be diminished in proportion to the amount of conduct attributable to said persons.

### ELEVENTH AFFIRMATIVE DEFENSE

This answering Defendant is informed and believes and thereon alleges that to the extent that the product referred to in the First Amended Complaint was misused, abused or altered by Plaintiffs and/or Plaintiffs' decedents or by others, the misuse, abuse or alteration was not reasonably foreseeable to this answering Defendant, and proximately caused or contributed to causing any loss, injury or damages incurred by Plaintiffs and that Plaintiffs are barred from recovery against this answering Defendant, or in the alternative, the damages, if any, recoverable by Plaintiffs herein must be diminished in proportion to the amount of conduct attributable to Plaintiffs and/or said persons or statutory and regulatory compliance.

### TWELFTH AFFIRMATIVE DEFENSE

This answering Defendant is informed and believes and thereon alleges that Plaintiffs are barred from recovery and that all products referred to in the First Amended Complaint which

were sold by this answering Defendant, if any, were in conformity with the existing state-of-the-art, and as a result, those products were not defective.

### THIRTEENTH AFFIRMATIVE DEFENSE

This answering Defendant is informed and believes and thereon alleges that Plaintiffs' claims are barred by the Learned Intermediary Doctrine.

### FOURTEENTH AFFIRMATIVE DEFENSE

This answering Defendant is informed and believes and thereon alleges that the injuries or medical condition of Plaintiffs pre-existed the events referred to in the First Amended Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

This answering Defendant is informed and believes and thereon alleges that some or all of the purported claims for relief set forth in the First Amended Complaint are barred by Plaintiffs' and/or Plaintiffs' decedent's failure to satisfy their duty to mitigate or minimize the damages, if any.

### SIXTEENTH AFFIRMATIVE DEFENSE

This answering Defendant acted in good faith and did not directly or indirectly perform any acts whatsoever which would constitute a violation of any state or federal rights that may be possessed by the Plaintiffs and/or Plaintiffs' decedents.

### SEVENTEENTH AFFIRMATIVE DEFENSE

This answering Defendant acted in good faith and did not directly or indirectly perform any acts whatsoever which would constitute a breach of any duty owed to the Plaintiffs and/or Plaintiffs' decedents.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes and thereon alleges that the Plaintiffs' and or

Plaintiffs' decedent's injuries, if any, were not proximately caused by any alleged failure to warn on this answering Defendant's part.

### NINETEENTH AFFIRMATIVE DEFENSE

The product referred to in the First Amended Complaint was regulated by the federal government and its rules and regulations, such that warnings concerning the product are mandated, controlled and regulated by the federal government, thereby preempting any state claim that the warnings are inadequate.

### TWENTIETH AFFIRMATIVE DEFENSE

This answering Defendant is informed and believes and thereon alleges that to the extent the First Amended Complaint is based or derived upon any alleged breach of warranty, timely and/or proper notice was not given to this answering Defendant of any alleged breach of warranty and such a claim is therefore barred.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

This answering Defendant is informed and believes and therefore alleges that to the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. §301.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

This answering Defendant is informed and believes and thereon alleges that Plaintiffs have failed to join all necessary and indispensable parties.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

This answering Defendant adopts and incorporates by reference any affirmative defense of a co-Defendant as may be applicable to this answering Defendant.

Wherefore, Defendant prays for judgment as follows:

1. That Plaintiffs take nothing by way of their Complaint and that the same be dismissed with prejudice;

2. For attorneys fees and costs of suit incurred herein; and

3. For such other and further relief as the court deems proper.

DATED this 8th day of March, 2007.

LAXALT & NOMURA, LTD.

By _____
STEVEN E. GUINN (5341)
HOLLY PARKER (10181)
9600 Gateway Drive
Reno, Nevada 89521
Telephone: (775) 322-1170
Facsimile:  (775) 322-1865
Attorneys for Defendant
TARGET CORPORATION

LAXALT & NOMURA.
ATTORNEYS AT LAW
9600 GATEWAY DRIVE
RENO, NEVADA 89521

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Defendant Target Corporation's Answer to First Amended Complaint has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8 on this 8th day of March, 2007.

Robert W. Cottle
Robert T. Eglet
David A. Tanner
Mainor Eglet Cottle
400 South Fourth Street, Suite 600
Las Vegas, Nevada 89101
702-450-5451
rcottle@mainorlawyers.com

Robert R. McCoy
Morris, Pickering, Peterson & Trachok
300 South Fourth Street, Suite 900
Las Vegas, Nevada 89101
702-474-9422
rrm@morrislawgroup.com

Dated this 8th day of March, 2007.

*Lauri Picard* (signature)

An employee of Laxalt & Nomura, Ltd.