UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, SALES | * | MDL No. 1657 |
| PRACTICES AND PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |
| | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO:** *Michael Kreiling and Christy Kreiling v. Merck & Company, Inc. et al.,* **Case No. 06-7077.**

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), improperly named in the Complaint as Merck & Company, Inc., by and through its undersigned counsel, answers the Plaintiffs' Complaint as follows:

### RESPONSE TO COMPLAINT

#### RESPONSE TO "INTRODUCTION"

1.      Denies each and every allegation contained in the unnumbered paragraph of the Complaint under the heading "Introduction," except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further avers that

the prescription medicine Vioxx was approved by the U.S. Food & Drug Administration ("FDA") as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

## RESPONSE TO
## "JURISDICTION AND VENUE"

2.      The allegations contained in the first and second sentences of paragraph 1 of the Complaint are legal conclusions to which no responsive pleadings are required.  Should a response be deemed required, Merck denies each and every allegation contained in the first and second sentences of paragraph 1 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that the Plaintiffs purport to state a claim in excess of $75,000 but denies that there is any legal or factual basis for such relief.  The allegations contained in the third sentence of paragraph 1 of the Complaint are legal conclusions to which no responsive pleadings are required.  Should a response be deemed required, Merck denies each and every allegation contained in the third sentence of paragraph 1 of the Complaint, except admits that Merck is authorized to do business in Louisiana.

## RESPONSE TO
## "GENERAL ALLEGATIONS"

3.      Denies each and every allegation contained in paragraph 2 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that the Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

4.      Denies each and every allegation directed towards Merck contained in paragraph 3 of the Complaint.

5.      Denies each and every allegation directed towards Merck contained in paragraph 4 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

6.      Denies each and every allegation contained in paragraph 5 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Merck is a New Jersey corporation authorized to do business in Oregon.

7.      Denies each and every allegation directed towards Merck contained in paragraph 6 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

8.      The allegations contained in paragraph 7 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 7 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 7 of the Complaint.

## RESPONSE TO
## "THE PARTIES"

9.      Denies each and every allegation contained in paragraph 8 of the Complaint.

3

10.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 9 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 9 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures, and markets a broad range of innovative pharmaceutical products to improve human health, and that Merck is authorized to do business in Oregon.

11.     Denies each and every allegation directed towards Merck contained in paragraph 10 of the Complaint, including its subparts (1) through (3), except admits that the non-Merck defendants have been or are employed by Merck as professional representatives.

12.     Denies each and every allegation directed towards Merck contained in paragraph 11 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO
### "OVERVIEW"

13.     Denies each and every allegation directed towards Merck contained in paragraph 12 of the Complaint, except admits that Vioxx reduces pain and inflammation and was prescribed to millions of patients by health care providers. Merck further admits that it marketed

4

the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

14. The allegations contained in the first and third sentences of paragraph 13 of the Complaint are not directed at Merck and thus no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the first and third sentences of paragraph 13 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein. Merck denies each and every allegation contained in the second and fourth sentences of paragraph 13 of the Complaint and avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

15. Denies each and every allegation contained in paragraph 14 of the Complaint, except admits that in 2001 Vioxx achieved worldwide sales of $2.6 billion and that Vioxx was prescribed to millions of patients by health care providers.

## RESPONSE TO "FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION"

16. Denies each and every allegation directed towards Merck contained in paragraph 15 of the Complaint, except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx, and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

Merck further admits that it marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

17.     Denies each and every allegation contained in paragraph 16 of the Complaint, except admits that Vioxx, which reduces pain and inflammation, is part of a class of drugs known as non-steroidal anti-inflammatory drugs ("NSAIDs"), and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

18.     Denies each and every allegation contained in paragraph 17 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

19.     Denies each and every allegation directed towards Merck contained in paragraph 18 of the Complaint, except admits that Vioxx, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

20.     Denies each and every allegation directed towards Merck contained in paragraph 19 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

21.     Denies each and every allegation directed towards Merck contained in paragraph 20 of the Complaint, except admits that Merck marketed the prescription medicine

Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

22.     Denies each and every allegation directed towards Merck contained in paragraph 21 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

23.     Denies each and every allegation directed towards Merck contained in paragraph 22 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

24.     Denies each and every allegation directed towards Merck contained in paragraph 23 of the Complaint.

25.     Denies each and every allegation contained in paragraph 24 of the Complaint, including subparts a through f, except admits that Merck received a letter from a regulatory review officer in September 2001, and respectfully refers the Court to that letter for its actual language and full text.

26.     Denies each and every allegation directed towards Merck contained in paragraph 25 of the Complaint, except admits that Merck marketed the prescription medicine

7

Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx was prescribed to millions of patients by health care providers.

27.     Denies each and every allegation contained in paragraph 26 of the Complaint.

## RESPONSE TO "FIRST CAUSE OF ACTION: STRICT LIABILITY – FAILURE TO WARN"

28.     With respect to the allegations contained in paragraph 27 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 27 of this Answer with the same force and effect as though set forth here in full.

29.     Denies each and every allegation directed towards Merck contained in paragraph 28 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

30.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 29 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 29 of the Complaint.

31.     Denies each and every allegation contained in paragraph 30 of the Complaint.

## RESPONSE TO "SECOND CAUSE OF ACTION: NEGLIGENCE"

32.     With respect to the allegations contained in paragraph 31 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 31 of this Answer with the same force and effect as though set forth here in full.

33. The allegations contained in paragraph 32 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

34. Denies each and every allegation directed towards Merck contained in paragraph 33 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

35. Denies each and every allegation directed towards Merck contained in paragraph 34 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

36. Denies each and every allegation directed towards Merck contained in paragraph 35 of the Complaint.

## RESPONSE TO "THIRD CAUSE OF ACTION
## FOR BREACH OF IMPLIED WARRANTY"

37. With respect to the allegations contained in paragraph 36 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 36 of this Answer with the same force and effect as though set forth here in full.

38. The allegations contained in paragraph 37 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation directed towards Merck contained in paragraph

9

37 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

39.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 38 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 38 of the Complaint.

40.     Denies each and every allegation directed towards Merck contained in paragraph 39 of the Complaint.

41.     Denies each and every allegation directed towards Merck contained in paragraph 40 of the Complaint.

## RESPONSE TO "FOURTH CAUSE OF ACTION FOR BREACH OF EXPRESS WARRANTY"

42.     With respect to the allegations contained in paragraph 41 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 41 of this Answer with the same force and effect as though set forth here in full.

43.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 42 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 42 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

10

44.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 43 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 43 of the Complaint.

45.     Denies each and every allegation directed towards Merck contained in paragraph 44 of the Complaint.

### RESPONSE TO "FIFTH CAUSE OF ACTION: DECEIT BY CONCEALMENT"

46.     With respect to the allegations contained in paragraph 45 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 45 of this Answer with the same force and effect as though set forth here in full.

47.     The allegations contained in paragraph 46 of the Complaint are legal conclusions as to which no responsive pleading is required.   Should a response be deemed required, Merck denies each and every allegation directed towards Merck contained in paragraph 46 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.   Merck further denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

48.     Denies each and every allegation contained in paragraph 47 of the Complaint, except admits that Merck has conducted studies related to Vioxx and respectfully refers the Court to those studies for their actual conclusions and full text.

49.     Denies each and every allegation contained in paragraph 48 of the Complaint, except admits that Merck received a letter from Spencer Salis of DDMAC in

December 1999 and respectfully refers the Court to that letter for its actual language and full text.

50.  Denies each and every allegation directed towards Merck contained in paragraph 49 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

51.  Denies each and every allegation directed towards Merck contained in paragraph 50 of the Complaint.

52.  Denies each and every allegation directed towards Merck contained in paragraph 51 of the Complaint.

### RESPONSE TO "SIXTH CAUSE OF ACTION: NEGLIGENT MISREPRESENTATION"

53.  With respect to the allegations contained in paragraph 52 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 52 of this Answer with the same force and effect as though set forth here in full.

54.  Denies each and every allegation directed towards Merck contained in paragraph 53 of the Complaint, except admits that that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the

12

FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

55.     Denies each and every allegation directed towards Merck contained in paragraph 54 of the Complaint.

56.     Denies each and every allegation directed towards Merck contained in paragraph 55 of the Complaint.

57.     Denies each and every allegation directed towards Merck contained in paragraph 56 of the Complaint.

58.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 57 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 57 of the Complaint.

59.     Denies each and every allegation directed towards Merck contained in paragraph 58 of the Complaint.

### RESPONSE TO "SEVENTH CAUSE OF ACTION: LOSS OF CONSORTIUM"

60.     With respect to the allegations contained in paragraph 59 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 59 of this Answer with the same force and effect as though set forth here in full.

61.     Denies each and every allegation contained in paragraph 60 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

13

**RESPONSE TO**
**"PUNITIVE DAMAGES ALLEGATIONS (AS TO THE**
**FIRST, SECOND, FIFTH, AND SIXTH CAUSES OF ACTION, ONLY)"**

62.     With respect to the allegations contained in paragraph 61 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 61 of this Answer with the same force and effect as though set forth here in full.

63.     Denies each and every allegation directed towards Merck contained in paragraph 62 of the Complaint, except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

64.     Denies each and every allegation directed towards Merck contained in paragraph 63 of the Complaint.

65.     Denies each and every allegation directed towards Merck contained in paragraph 64 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

66.     Denies each and every allegation directed towards Merck contained in paragraph 65 of the Complaint, except admits that Plaintiffs purport to seek exemplary damages but denies that there is any legal or factual basis for such relief.

67.     The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 65 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation directed towards Merck contained in the unnumbered "Wherefore" paragraph of the Complaint, including its

14

subparts 1 through 12, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "DEMAND FOR JURY TRIAL"

68.     The allegations contained in the final, unnumbered paragraph under the heading "Demand for Jury Trial" of the Complaint are legal conclusions as to which no responsive pleading is required.

## AS FOR A FIRST
## DEFENSE, MERCK ALLEGES:

69.     The claims of Plaintiffs may be time-barred, in whole or in part, under prescription, peremption, statutes of repose, applicable federal or state statute of limitations, or are otherwise untimely.

## AS FOR A SECOND
## DEFENSE, MERCK ALLEGES:

70.     The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD
## DEFENSE, MERCK ALLEGES:

71.     The claims of the Plaintiffs may be barred, in whole or in part, from recovery because Plaintiffs have made statements or taken actions that preclude them from asserting claims or constitute a waiver of Plaintiffs' claims.

## AS FOR A FOURTH
## DEFENSE, MERCK ALLEGES:

72.     The claims of the Plaintiffs may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

15

**AS FOR A FIFTH
DEFENSE, MERCK ALLEGES:**

73.    Each and every claim asserted or raised in the Complaint is barred by the

doctrines of estoppel, waiver or statutory and regulatory compliance.

**AS FOR A SIXTH
DEFENSE, MERCK ALLEGES:**

74.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint,

upon information and belief, such injuries or losses were caused in whole or in part through the

operation of nature or other intervening cause or causes.

**AS FOR A SEVENTH
DEFENSE, MERCK ALLEGES:**

75.    To the extent that Plaintiffs assert claims based on Merck's adherence to

and compliance with applicable federal laws, regulations and rules, such claims are preempted

by federal law under the Supremacy Clause of the United States Constitution.

**AS FOR AN EIGHTH
DEFENSE, MERCK ALLEGES:**

76.    To the extent that Plaintiffs assert claims based upon an alleged failure by

Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such

claims are barred under the learned intermediary doctrine because Merck has discharged its duty

to warn in its warnings to the prescribing physician.

**AS FOR A NINTH
DEFENSE, MERCK ALLEGES:**

77.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint,

such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and

willfully assumed the risk of any injury as the result of the consumption of, administration of, or

exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

78.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A ELEVENTH
## DEFENSE, MERCK ALLEGES:

79.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' misuse or abuse of Vioxx.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

80.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

81.     To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

17

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

82.     To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under applicable state law.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

83.     To the extent that Plaintiffs assert claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiffs to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

84.     Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

85.     The claims of Plaintiffs are barred in whole or in part by the First Amendment of the Constitution of the United States of America and comparable state law provisions.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

86.     Plaintiffs' claims are barred in whole or in part because the product at issue conformed to the state-of-the-art for the design and manufacture of such, or similar, products at the time it was manufactured.

18

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

87.     There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

88.     This case is more appropriately brought in a different venue.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

89.     Venue in this case is improper.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

90.     The claims of Plaintiffs may be barred, in whole or in part, from recovery because, in this or other courts, Plaintiffs have brought actions and have received judgments on parts of some or all claims asserted herein.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

91.     The claims of Plaintiffs may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

92.     The claims of Plaintiffs may be barred, in whole or in part, from recovery by release as to Plaintiffs' claims.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

93.     The claims of Plaintiffs may be barred, in whole and in part, by the
doctrine of laches.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

94.     The claims of Plaintiffs are barred, in whole or in part, by Plaintiffs'
failure to mitigate damages.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

95.     To the extent there were any risks associated with the use of the product
which is the subject matter of this action that Merck knew or should have known and which gave
rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate
warnings in accordance with federal and governing state laws.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

96.     The claims of Plaintiffs may be barred, in whole or in part, from recovery,
due to spoliation of evidence.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

97.     The claims of Plaintiffs may be barred, in whole or in part, by the
governing state laws.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

98.     Any conduct allegedly causing liability on the part of Merck is not a
substantial cause or factor of any potential or actual injury or damage, if any.

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

99.    Plaintiffs have not sustained any injury or damages compensable at law.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

100.    Merck reserves its right to dismiss the Complaint and seek further relief

for Plaintiffs' failure to provide it with due process of law.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

101.    Plaintiffs' claims are barred in whole or in part under comment k to

Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

102.    Plaintiffs' claims are barred in whole or in part because Merck provided

adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical

preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of

the Restatement (Second) of Torts.

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

103.    Plaintiffs' claims are barred under Section 4, *et seq.*, of the Restatement

(Third) of Torts: Products Liability.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

104.    Plaintiffs' claims are barred in whole or in part because Vioxx "provides

net benefits for a class of patients" within the meaning of comment f to Section 6 of the

Restatement (Third) of Torts: Product Liability.

21

### AS FOR A THIRTY-SEVENTH
### DEFENSE, MERCK ALLEGES:

105. To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

### AS FOR A THIRTY-EIGHTH
### DEFENSE, MERCK ALLEGES:

106. The Plaintiffs were careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages, or losses to Plaintiffs.

### AS FOR A THIRTY-NINTH
### DEFENSE, MERCK ALLEGES:

107. To the extent that Plaintiffs assert claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

### AS FOR A FORTIETH
### DEFENSE, MERCK ALLEGES:

108. To the extent that Plaintiffs assert claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to Plaintiffs' claims, Plaintiffs have failed to allege facts that would overcome the defenses available under that state products liability law.

### AS FOR A FORTY-FIRST
### DEFENSE, MERCK ALLEGES:

109. To the extent that Plaintiffs allege a conspiracy claim, that claim is barred because Merck did not enter into any agreement with any other defendant or third party to further any alleged unlawful act by allegedly unlawful means.

22

## AS FOR A FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

110.   To the extent that Plaintiffs allege a negligence per se claim, that claim is barred on the grounds that such claims are not cognizable against Merck in this action.

## AS FOR A FORTY-THIRD
## DEFENSE, MERCK ALLEGES:

111.   To the extent that Plaintiffs seek injunctive relief, that claim is barred by the doctrine of primary jurisdiction.

## AS FOR A FORTY-FOURTH
## DEFENSE, MERCK ALLEGES:

112.   To the extent Plaintiffs seek to recover only economic loss in tort, Plaintiffs' claims are barred by the economic loss doctrine.

## AS FOR A FORTY-FIFTH
## DEFENSE, MERCK ALLEGES:

113.   Plaintiffs' claims are barred, in whole or in part, because one or more Plaintiffs lack capacity and/or standing to bring such claims.

## AS FOR A FORTY-SIXTH
## DEFENSE, MERCK ALLEGES:

114.   To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A FORTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

115.   To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

23

## AS FOR A FORTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

116.   To the extent that Plaintiffs seek punitive damages, that demand is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FORTY-NINTH
## DEFENSE, MERCK ALLEGES:

117.   Merck demands a trial by jury of all issues.

## AS FOR A FIFTIETH
## DEFENSE, MERCK ALLEGES:

118.   Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

## AS FOR A FIFTY-FIRST
## DEFENSE, MERCK ALLEGES:

119.   Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A FIFTY-SECOND
## DEFENSE, MERCK ALLEGES:

120.   Merck incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action. Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding or trial

in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana. Merck hereby reserves the right to amend its answer to assert any such defense.

## AS FOR A FIFTY-THIRD
### DEFENSE, MERCK ALLEGES:

121.    Defendants Kerry Edwards, Ken Hutchinson, Misty L. Kuperman, Nancy Moredock, Tracey Phillippi, Jerry Shaw, Karen Shouse, Ladon Gay Silva, Debbie Lee, Nancy Nielsen, Lisa Davis, Ricky Gulati, Fred Auzene, Serge Brunet, Tina Damore, Julie Diane Wurch, Nicole Lorenzzi, Leann Bonner-Welch, and/or Paul Perry are improperly joined.

## AS FOR A FIFTY-FOURTH
### DEFENSE, MERCK ALLEGES:

122.    Merck's compliance with applicable FDA standards, coupled with the FDA's recognition of Vioxx as a safe and effective drug, precludes recovery for punitive damages under Oregon Rev. Stat. § 30.927.

## AS FOR A FIFTY-FIFTH
### DEFENSE, MERCK ALLEGES:

123.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award is not permitted by Oregon law and would, if granted, violate Merck's state constitutional rights. Plaintiffs' claims for punitive damages would further violate the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution, on the following grounds:

(a)    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden

25

of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against the defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)     The procedures pursuant to which punitive damages are awarded results in the imposition of different penalties for the same or similar acts and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(e)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

## AS FOR A FIFTY-SIXTH
## DEFENSE, MERCK ALLEGES:

124.   Plaintiffs' claims are barred in whole or in part because Merck's conduct was in compliance with industry custom.

## AS FOR A FIFTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

125.   Plaintiffs' claims are barred in whole or in part because Merck's conduct conformed with medical knowledge.

## AS FOR A FIFTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

126.   With respect to each and every cause of action, Plaintiffs cannot state claims founded in strict liability because, among other things, comments j and k to Section 402(A) of the Restatement (Second) of Torts relegate Plaintiff to a negligence cause of action.

## AS FOR A FIFTY-NINTH
## DEFENSE, MERCK ALLEGES:

127.   With respect to each and every cause of action, Plaintiffs are not entitled to recover because, if the products involved were unsafe, which Merck denies, then they were unavoidably unsafe as defined in Restatement of Torts.  The apparent benefits of the products exceeded any apparent risk given the scientific knowledge available when the products were marketed.

## AS FOR A SIXTIETH
## DEFENSE, MERCK ALLEGES:

128.   Merck's advertisements and labeling with respect to the products which are the subject matter of this action were not false or misleading and therefore constitute protected commercial speech under the applicable provisions of the United States and Oregon Constitutions.

## AS FOR A SIXTY-FIRST
## DEFENSE, MERCK ALLEGES:

129.   The public interest and benefit of the availability of the products which are the subject matter of this action preclude liability for risks, if any, resulting from such activities,

which were unavoidable given the state of human knowledge at the time those activities were undertaken. With respect to Plaintiffs' claims, if it is determined there is a risk inherent in any of the products which are the subject matter of this action, then such risk, if any, is outweighed by the benefit of the product(s).

## AS FOR A SIXTY-SECOND
## DEFENSE, MERCK ALLEGES:

130.    At all times relevant herein, the products which are the subject matter of this action processed and distributed by Merck in the State of Oregon or the United States were processed and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further were processed and distributed in accordance with and pursuant to all applicable regulations of the FDA.

## AS FOR A SIXTY-THIRD
## DEFENSE, MERCK ALLEGES:

131.    With respect to each and every purported cause of action, the acts of Merck were at all times in good faith and without malice, evidenced by, among other things, Merck's immediate withdrawal from the market of the product which is the subject matter of this action.

## AS FOR A SIXTY-FOURTH
## DEFENSE, MERCK ALLEGES:

132.    Plaintiffs' damages, if any may not exceed the limitations within Oregon Rev. Stat. § 31.710.

## AS FOR A SIXTY-FIFTH
## DEFENSE, MERCK ALLEGES:

133.    Plaintiffs' failure to properly and/or timely serve Merck precludes Plaintiffs' reliance on the 60-day relation back period under Oregon Rev. Stat. § 12.020(2) for the purposes of determining whether Plaintiffs' action is time-barred.

28

## AS FOR A SIXTY-SIXTH
## DEFENSE, MERCK ALLEGES:

134.    To the extent Plaintiffs purport to state a claim under Oregon's Unfair Trade Practices Act, Oregon Rev. Stat. §§ 646.605 – 646.652, Merck is entitled to its reasonable attorney's fees incurred in defense of this action pursuant to Oregon Rev. Stat. § 646.638.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.    That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' Complaint with prejudice against Merck with costs assessed to Plaintiffs;

2.    Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.    Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated: March 9 , 2007

Respectfully submitted,

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Case 2:05-md-01657-EEF-DEK   Document 10391   Filed 03/09/07   Page 30 of 30

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL No. 1657, on this 9th day of March, 2007.