**MINUTE ENTRY**
**FALLON, J.**
**MARCH 8, 2007**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION: L (3) |
| | JUDGE FALLON |
| | MAG. JUDGE KNOWLES |

**THIS DOCUMENT RELATES TO ALL CASES**

A telephone conference was held on this date at 10:30 a.m. central time in the Chambers of Judge Eldon E. Fallon. Don Arbitblit, Lenny Davis, and Chris Tisi participated on behalf of the Plaintiffs' Steering Committee ("PSC"). Phil Beck and Andrew Goldman participated on behalf of Merck. The conference was transcribed by Cathy Pepper, Official Court Reporter.

The conference was held to address an issue that arose yesterday at the trial preservation deposition of Dr. Farquhar, scheduled to continue today. Merck's counsel seeks to question the witness about a document labeled DX 3529, which is titled "Agenda for August 19, 2005 Vioxx MDL Science Committee Conference Call" and stamped "confidential attorney work product" on each of twenty-nine pages.

The PSC argues that this document is attorney work-product, that it was inadvertently produced, and therefore that it should not be used in the deposition and should be returned. Merck argues that the document appears on the "materials reviewed" lists for two other experts

-1-

JS10(01:00)

in this litigation, and thus that it is entitled to keep the document and question this witness about it, regardless of whether it may be attorney work-product.

As stated during the conference, this issue raises two questions. First, the Court must determine whether this document can be used during Dr. Farquhar's trial preservation deposition. Second, the Court must determine whether (or the extent to which) the document is protected or privileged, and whether it should be returned to the Plaintiffs pursuant to the *Federal Rules of Civil Procedure* and/or the Court's pretrial orders in this litigaiton.

For the reasons stated and transcribed during the conference, the Court ordered that Merck's counsel could question the witness to determine whether he was familiar with the document or its contents, but that Merck's counsel could not otherwise use the document if the witness had not read or reviewed it.[1]

The Court deferred ruling on whether the document was inadvertently produced and thus whether Merck was obligated to return the document, but directed the parties to brief the issue so that the matter could be addressed on April 12, 2007 at the next monthly pretrial conference.

---

[1] In a subsequent conference call, the parties informed the Court that the witness testified that he had never seen the document and that he was not aware of its contents.