UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX | MDL Docket NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| *This document relates to ALL CASES* | JUDGE FALLON<br>MAG. JUDGE KNOWLES |

**MEMORANDUM IN SUPPORT OF
THE PLAINTIFFS' STEERING COMMITTEE'S
MOTION TO ALTER OR AMEND THE JUDGMENT OF THIS
COURT'S ORDER OF MARCH 5, 2007 (RE: THE MARTIN REPORT)**

**I.   INTRODUCTION**

Pursuant to Fed.R.Civ.P. 59(e), the Plaintiffs' Steering Committee respectfully requests that this Court amend its Order of March 5, 2007. That Order granted Merck's motion for a protective order prohibiting discovery of attorney work product and privileged communications regarding the Martin Report and denied the plaintiffs' motion to compel responses to the PSC's third set of interrogatories and third set of requests for production of documents directed to Merck and the plaintiffs' motion to compel compliance with third party subpoenas. The PSC is desirous of taking an interlocutory appeal of this Order and Reasons regarding the Martin Report and request this Court's certification of the issue.

With all due respect, this Court's Order erroneously found that the Martin Report was prepared "in anticipation of litigation" despite the Martin Report's express statement that the "most important" reason for the report was to permit the Board to release the report to shareholders and the public, in order to satisfy a business purpose. This incorrect factual finding improperly

1

influenced the Court's legal analysis that the sole purpose of the Martin Report was in anticipation of litigation. A company motivated by "dual purposes" when conducting an internal investigation is outside of the protective shield of Rule 26. Because the Martin Report and related documents most importantly served Merck's business purposes they are not protected from disclosure. *See Carroll v. Praxair, Inc.*, 2006 WL1793656 *4 (W.D.La. June 28, 2006).

## II   ARGUMENT

The PSC is not asking the Court to reconsider its ruling. Rather, this motion asks the Court to revisit the ruling to certify the Order for immediate appeal to the United States Court of Appeals for the Fifth Circuit, pursuant to 28 U.S.C. §1292(b). Pursuant to the statute, interlocutory orders that involve a controlling issue of law over which there is a substantial ground for difference of opinion and where an immediate appeal would advance the ultimate termination of the litigation, certification is appropriate. Each of these criteria are met in this instance.

As a discovery order, this Court's denial of discovery on privilege grounds is entirely interlocutory. Unlike the compulsion of production over an assertion of privilege, the Court's finding of privilege and protective order could potentially escape review unless an immediate appeal is permitted. *Compare In re Vioxx Products Liability Litigation*, 2006 WL1726675 (5th Cir. 2006).

In its Order and Reasons, the Court adverted to the *Carroll* opinion for the stated reason that, "the work product doctrine does not protect materials assembled in the ordinary course of business, pursuant to regulatory requirements, or for other non-litigation purposes." Order and Reasons at 6, *citing, Carroll*, 2006 WL1973656 at *2. The Court only focused on whether the Martin Report was prepared in anticipation of litigation. It did not adhere to the *Carroll* court's reasoning that a dual purpose, *i.e.*, both a litigation and a business purpose, takes the material outside of the work product

2

doctrine. *Id.* Case law exists establishing that a substantial difference of opinion contradicting this Court's ruling is present. *See Carroll, supra*; *Poseidon Oil Pipeline Co. v. Trans Ocean Sedco Forex*, 2001 WL 1360434, *4 (E.D.La. 2001); *Occidental Chemical Corp. v. OHM Remediation Service Co.*, 175 F.R.D. 431, 435 (W.D.N.Y. 1997).

Finally, an immediate appeal will materially advance the ultimate termination of this litigation. Some of the underlying documents to the Martin Report include Debevoise & Plimpton's interviews, statements, and memoranda of key witnesses in this litigation. This material is presently being withheld from production on privilege grounds. Should they conflict with statements provided by these witnesses provided under oath in this litigation, or at trials around the country, then their production is essential. To the extent any statement given by a fact witness during the investigation conducted by Mr. Martin is inconsistent with subsequent statements or testimony by the same witness, the PSC should be entitled to have this evidence available in order to conduct a meaningful cross-examination. *See Duck v. Warren*, 160 F.R.D. 80, 82-3 (E.D.Va. 1995); *Gargano v. Metro-North*, 222 F.R.D. 38, 40-1 (D.Conn. 2004); *Dinter v. Sears, Roebuck & Co.*, 599 A.2d 528, 536 (N.J.Super.A.D. 1991). However, without access to these documents, the PSC is unable to reconcile Mr. Martins' determination that Merck's employees behaved appropriately when their testimony under cross examination by counsel associated with the PSC reflects otherwise.

Similarly, access to other materials withheld as privileged could equally bolster plaintiff's litigation position that could provide an unparalleled benefit to the PSC that may lend itself to the ultimate termination of this litigation. Further, a discreet appeal on this issue will not hamper or interfere with the ongoing MDL or satellite litigation.

Accordingly, the PSC requests that this Court certify its March 5, 2007 for an immediate

appeal.

## III. CONCLUSION

For the reasons set forth above, the PSC requests this Court amend its March 5, 2007 Order by modifying it to certify the Order for immediate appeal pursuant to 28 U.S.C. §1292(b).

           Respectfully submitted,

           **PLAINTIFFS' STEERING COMMITTEE**

Date: March 12, 2007    By:   /s/ Leonard A. Davis
           **Russ M. Herman (Bar No. 6819)**
           Leonard A. Davis (Bar No. 14190)
           Stephen J. Herman (Bar No. 23129)
           *Herman, Herman, Katz & Cotlar, L.L.P.*
           820 O'Keefe Avenue
           New Orleans, Louisiana 70113
           Telephone: (504) 581-4892
           Facsimile: (504) 561-6024

           **PLAINTIFFS' LIAISON COUNSEL**

| | |
|---|---|
| Andy D. Birchfield, Jr., Esquire | Christopher A. Seeger, Esquire |
| Leigh O'Dell, Esquire | SEEGER WEISS |
| BEASLEY, ALLEN, CROW, METHVIN, | One William Street |
| PORTIS & MILES, P.C. | New York, NY 10004 |
| P.O. Box 4160 | (212) 584-0700 (telephone) |
| 234 Commerce Street | (212) 584-0799 (telecopier) |
| Montgomery, AL 36103-4160 | **Co-Lead Counsel** |
| (800) 898-2034 (telephone) | |
| (334) 954-7555 (telecopier) | Gerald E. Meunier, Esquire |
| **Co-Lead Counsel** | GAINSBURGH, BENJAMIN, DAVID, |
| | MEUNIER & WARSHAUER, L.L.C. |
| Richard J. Arsenault, Esquire | Energy Centre |
| NEBLETT, BEARD & ARSENAULT | 1100 Poydras Street, Ste. 2800 |
| 2220 Bonaventure Court, P.O. Box 1190 | New Orleans, LA 70163 |
| Alexandria, LA 71301-1190 | (504) 522-2304 (telephone) |
| (318) 487-9874 (telephone) | (504) 528-9973 (fax) |
| (318) 561-2591 (telecopier) | |

4

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
 BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
Shanin Specter, Esquire
David J. Caputo, Esquire
Lisa S. Dagostino, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street
19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Arnold Levin, Esquire **(on brief)**
Fred S. Longer, Esquire **(on brief)**
Daniel Levin, Esquire
Matthew C. Gaughan, Esquire **(on brief)**
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Shelly A. Sanford, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337) 494-7171 (telephone)
(337) 494-7218 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W., Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

**PLAINTIFFS' STEERING COMMITTEE**

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 12th day of March, 2007.

                        /s/ Leonard A. Davis
                        Leonard A. Davis (Bar No. 14190)
                        ***Herman, Herman, Katz & Cotlar, LLP***
                        820 O'Keefe Avenue
                        New Orleans, Louisiana 70113
                        PH:    (504) 581-4892
                        FAX: (504) 561-6024
                        ldavis@hhkc.com