# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX® | * | **MDL Docket No. 1657** |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | **SECTION L** |
| | * | |
| This document relates to: | * | **JUDGE FALLON** |
| *Ralph Greenlee, et al. v. Merck & Co.,* | * | |
| (E.D. La. Index No. CA-06-8325-L) | * | **MAG. JUDGE KNOWLES** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER AND JURY DEMAND OF DEFENDANT MERCK & CO., INC.

Defendant, Merck and Co., Inc. ("Merck"), through undersigned counsel, answers the Amended Complaint ("Complaint") herein as follows:

### RESPONSE TO "GENERAL ALLEGATIONS"

1.      Denies each and every allegation contained in paragraph 1 of the Complaint except admits that Plaintiffs purport to seek damages in excess of $15,000, but denies that there is any legal or factual basis for such relief.

2.      Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 2 of the Complaint except that Merck is informed and believes that the Plaintiff Ralph Greenlee is a resident of Hillsborough County, Florida.  The allegations contained in the second sentence of paragraph 2 of the Complaint are legal conclusions to which no response is required.  If a response is required, Merck admits that Plaintiffs purport to bring this

action pursuant to Fla. Stat. § 768.20, but denies that there is any legal or factual basis for the relief requested.

3.     Denies each and every allegation contained in paragraph 3 of the Complaint.

4.     Denies each and every allegation contained in paragraph 4 of the Complaint.

5.     Denies each and every allegation contained in paragraph 5 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

6.     Denies each and every allegation contained in paragraph 6 of the Complaint except admits that Merck is a New Jersey corporation with its principal place of business in New Jersey.

7.     Denies each and every allegation in paragraph 7 of the Complaint except admits that Merck is authorized to do business in the State of Florida.

8.     Denies each and every allegation in paragraph 8 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.  Merck further admits that it is authorized to do business in the State of Florida.

9.     Denies each and every allegation contained in the first sentence of paragraph 9 of the Complaint except admits that the prescription medicine Vioxx reduces pain and inflammation and admits that Vioxx is part of a class of drugs known as non-

2

steroidal anti-inflammatory drugs ("NSAIDs").  The allegations contained in the second sentence of paragraph 9 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required, Merck admits the class of medicines known as non-steroidal anti-inflammatory medicines ("NSAIDs") includes aspirin, ibuprofen and naproxen.

10.     The allegations contained in paragraph 10 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required, Merck admits Vioxx reduces pain and inflammation and that the mechanism of action is believed to be due to the inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

11.     The allegations contained in paragraph 11 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required, Merck admits Vioxx reduces pain and inflammation and that the mechanism of action is believed to be due to the inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

12.     The allegations contained in paragraph 12 of the Complaint are not directed toward Merck and therefore no response is required.  If a response is required, Merck denies each and every allegation contained in paragraph 12 of the Complaint except admits that Vioxx is a selective NSAID and that the inhibition of cyclooxygenase-1 (COX-1) in patients taking traditional non-selective NSAIDs such as naproxen is believed to be associated with gastric damage and increased bleeding among patients taking such traditional non-selective NSAIDs.

3

13.     Denies each and every allegation contained in paragraph 13 of the Complaint directed toward Merck, except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx and that Vioxx is a selective COX-2 inhibitor, that Vioxx is part of a class of medications known as NSAIDs, that Vioxx reduces pain and inflammation, and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

14.     Denies each and every allegation contained in paragraph 14 of the Complaint.

15.     Denies each and every allegation contained in paragraph 15 of the Complaint.

16.     Denies each and every allegation contained in paragraph 16 of the Complaint except admits that employees of Merck Frosst Canada & Co., a company organized under law in Canada, performed research and development work related to Vioxx in Canada.

17.     Denies each and every allegation contained in paragraph 17 of the Complaint.

18.     Denies each and every allegation contained in paragraph 18 of the Complaint except admits that in 1992 Merck became aware of research and development work related to selective COX-2 inhibitors.  Merck further avers that employees of Merck Frosst Canada & Co., a company organized under law in Canada, performed research and development work related to Vioxx in Canada.

4

19.     Denies each and every allegation contained in paragraph 19 of the Complaint except admits that in December 1994 Merck submitted an IND Application for Vioxx and respectfully refers the Court to the referenced IND for its actual language and full text.

20.     Denies each and every allegation contained in paragraph 20 of the Complaint except avers that it is believed that the inhibition of cyclooxygenase-1 ("COX-1") has been associated with gastric damage and increased bleeding among patients taking non-selective NSAIDs.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint, except admits that Merck scientists have participated in studies involving Vioxx and respectfully refers the Court to such studies for their actual conclusions and full context.

22.     Denies each and every allegation contained in paragraph 22 of the Complaint except admits that Plaintiffs purport to quote portions of the referenced statement but avers that the quoted language is taken out of context.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint except admits that Plaintiffs purport to quote a portion of a document, but Merck avers that the quoted language is taken out of context.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint except admits that a Task Force was created to evaluate the incidence of serious adverse cardiovascular events in the Phase IIb/III Vioxx clinical osteoarthritis trials.  Merck further admits that Plaintiffs purport to quote from a document and

861769v.1

respectfully refers the Court to the referenced document for its actual language and full text.

25.     Denies each and every allegation contained in paragraph 25 of the Complaint.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint except admits that a Task Force was created to evaluate the incidence of serious adverse cardiovascular events in the Phase IIb/III Vioxx clinical osteoarthritis trials and that at that the time the Task Force conducted its evaluation these clinical trials were still blinded.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint.

28.     Denies each and every allegation contained in paragraph 28 of the Complaint except admits that Merck submitted a New Drug Application for Vioxx, its trade name for rofecoxib, on November 23, 1998, for the indicated uses set out in the relevant United States Food and Drug Administration ("FDA") approved prescribing information.  Merck respectfully refers the Court to the referenced application and prescribing information for their actual language and full text.

29.     Denies each and every allegation contained in paragraph 29 of the Complaint except admits that Merck submitted a New Drug Application for Vioxx, its trade name for rofecoxib, on November 23, 1998, for the indicated uses set out in the relevant FDA approved prescribing information.  Merck respectfully refers the Court to

861769v.1

the referenced application and prescribing information for their actual language and full text.

30.     Denies each and every allegation contained in paragraph 30 of the Complaint except admits that in May 1999 Merck received the approval of the FDA to manufacture and market the prescription medicine Vioxx and that the prescription medicine Vioxx reduces pain and inflammation.  Merck further avers that in 1999 the FDA approved Vioxx as safe and effective for certain indicated uses in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for Vioxx for its indicated uses and full text.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint except admits that Plaintiffs purport to refer to the FDA's labeling for Vioxx, Merck's trade name for rofecoxib, and certain "studies" and respectfully refers the Court to the referenced labeling and studies for their actual language and full text.

32.     Denies each and every allegation contained in paragraph 32 of the Complaint except admits that Plaintiffs purport to refer to the "Warnings" section of the labeling for Vioxx, Merck's trade name for rofecoxib, and respectfully refers the Court to the referenced labeling for its actual language and full text.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint and avers that in March 2000 Merck forwarded to the FDA the Vioxx Gastrointestinal Outcomes Research ("VIGOR") study and subsequently, in June 2000, filed a supplemental New Drug Application ("sNDA") that included the VIGOR study.

Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.

34.   Denies each and every allegation contained in paragraph 34 of the Complaint except admits that Plaintiffs purport to refer to the VIGOR study and respectfully refers the Court to the referenced study for its actual language and full text.

35.   Denies each and every allegation contained in paragraph 35 of the Complaint except admits that Plaintiffs purport to refer to the VIGOR study and respectfully refers the Court to the referenced study for its actual language and full text.

36.   Denies each and every allegation contained in paragraph 36 of the Complaint except admits that Plaintiffs purport to refer to the VIGOR study and respectfully refers the Court to the referenced study for its actual language and full text.

37.   Denies each and every allegation contained in paragraph 37 of the Complaint.

38.   Denies each and every allegation contained in paragraph 38 of the Complaint, except Merck admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.  Merck further admits that it provided preliminary results of the VIGOR study to the FDA in March 2000.

39.   Denies each and every allegation contained in paragraph 39 of the Complaint.

40.   Denies each and every allegation contained in paragraph 40 of the Complaint.

8

41.     Denies each and every allegation contained in paragraph 41 of the Complaint except admits that Plaintiffs purport to quote selected portions of the referenced e-mail, but avers that such quotations are taken out of context.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint except admits that in March 2000, Merck received an email purporting to describe Patrono's opinion about the VIGOR study and respectfully refers the Court to the email for its actual text.

43.     Denies each and every allegation contained in paragraph 43 of the Complaint.

44.     Denies each and every allegation contained in paragraph 44 of the Complaint except admits that the studies referenced in the first sentence of paragraph 44 and the article referenced in second sentence of paragraph 44 exist, and respectfully refers the Court to the referenced publications for their actual language and full text. Merck further admits that it is currently a member of the European League Against Rheumatism ("EULAR") and that it has been a sponsor of EULAR since 1999.

45.     Denies each and every allegation contained in paragraph 45 of the Complaint.

46.     Denies each and every allegation contained in paragraph 46 of the Complaint.

47.     Denies each and every allegation contained in paragraph 47 of the Complaint except admits that Merck received a letter dated December 16, 1999 from

9

Spencer Salis of DDMAC and respectfully refers the Court to the referenced letter for its actual language and full text.

48.     Denies each and every allegation contained in paragraph 48 of the Complaint except admits that audio conferences regarding Vioxx took place in June 2000.  Merck further avers that it received a letter from Thomas W. Abrams of DDMAC in September, 2001, from which Plaintiffs appear to quote, and respectfully refers the Court to the referenced letter for its actual language and full context.

49.     Denies each and every allegation contained in paragraph 49 of the Complaint, except admits that in 2000 Vioxx achieved worldwide sales of $2.2 billion and admits that the referenced 8-K filing exists and respectfully refers the Court to the referenced filing for its actual language and full text.

50.     Denies each and every allegation contained in the first and second sentences of paragraph 50 of the Complaint except admits that Merck issued a press release on May 22, 2001 and respectfully refers the Court to the referenced press release for its actual language and full text.  Denies each and every allegation contained in the third sentence of paragraph 50 of the Complaint except admits that in September 2001 Merck received a letter from the DDMAC, from which Plaintiffs purport to quote, and respectfully refers the Court to that letter for its actual language and full text.

51.     Denies each and every allegation contained in paragraph 51 of the Complaint.

52.     Denies each and every allegation contained in paragraph 52 of the Complaint except admits that Plaintiffs purport to refer to a particular study and respectfully refers the Court to the referenced study for its actual language and full text.

53.     Denies each and every allegation contained in paragraph 53 of the Complaint except admits that Plaintiffs purport to selectively quote a particular study and respectfully refers the Court to the referenced study for its actual language and full text.

54.     Denies each and every allegation contained in paragraph 54 of the Complaint except admits that in September 2001 Merck received a letter from Thomas W. Abrams of DDMAC and respectfully refers the Court to that letter for its actual language and full text.

55.     Denies each and every allegation contained in paragraph 55 of the Complaint except admits that in September 2001 Merck received a letter from Thomas W. Abrams of DDMAC and respectfully refers the Court to that letter for its actual language and full text.

56.     Denies each and every allegation contained in paragraph 56 of the Complaint except admits that in September 2001 Merck received a letter from Thomas W. Abrams of DDMAC and respectfully refers the Court to that letter for its actual language and full text.

57.     Denies each and every allegation contained in paragraph 57 of the Complaint except admits that Plaintiffs purport to selectively quote Merck's 2001 annual report and respectfully refers the Court to the referenced report for its actual language and full text.

58.     Denies each and every allegation contained in paragraph 58 of the Complaint except admits that Plaintiffs purport to refer to a particular article and respectfully refers the Court to the referenced article for its actual language and full text.

59.     Denies each and every allegations contained in paragraph 59 of the Complaint except admits that Plaintiffs purport to refer to a particular article and respectfully refers the Court to the referenced article for its actual language and full text.

60.     Denies each and every allegation contained in paragraph 60 of the Complaint.

61.     Denies each and every allegation contained in paragraph 61 of the Complaint except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

62.     Denies each and every allegation contained in paragraph 62 of the Complaint except admits that Plaintiffs purport to selectively quote a particular article and respectfully refers the Court to the referenced article for its actual language and full text.

63.     Denies each and every allegation contained in paragraph 63 of the Complaint except admits that Plaintiffs purport to selectively quote a particular article and respectfully refers the Court to the referenced article for its actual language and full text.

64.     Denies each and every allegation contained in paragraph 64 of the Complaint except admits that Plaintiffs purport to refer to a particular presentation and

861769v.1

respectfully refers the Court to the referenced presentation for its actual language and full text.

65.    Denies each and every allegation contained in paragraph 65 of the Complaint except admits that Plaintiffs purport to refer to a particular press release and respectfully refers the Court to the referenced press release for its actual language and full text.

66.    Denies each and every allegation contained in paragraph 66 of the Complaint except admits that the APPROVe study exists and respectfully refers the Court to the APPROVe study for its actual language and full text.

67.    Denies each and every allegation contained in paragraph 67 of the Complaint except admits that the APPROVe study exists and respectfully refers the Court to the APPROVe study for its actual language and full text.

68.    Denies each and every allegation contained in paragraph 68 of the Complaint except admits that the APPROVe study exists and respectfully refers the Court to the APPROVe study for its actual language and full text.

69.    Denies each and every allegation contained in paragraph 69 of the Complaint except admits that on September 28, 2004, Merck informed FDA officials of Merck's decision to voluntarily withdraw Vioxx from the worldwide market.

70.    Denies each and every allegation contained in paragraph 70 of the Complaint except admits that Merck announced the voluntary worldwide withdrawal of Vioxx on September 30, 2004.

71.     Denies each and every allegation contained in paragraph 71 of the Complaint except admits that the referenced study exists and respectfully refers the Court to the study for its actual language and full text.

72.     Denies each and every allegation contained in paragraph 72 of the Complaint except admits that the number of Vioxx users in the United States has been estimated at 20 million.

73.     Denies each and every allegation contained in the first and second sentences of paragraph 73 of the Complaint directed toward Merck except admits that Merck employed professional representatives to have product discussions concerning Vioxx with health care professionals.  The allegations contained in the third sentence of paragraph 73 of the Complaint are legal conclusions to which no response is required.  If a response is required, Merck denies each and every allegation contained therein.

74.     Denies each and every allegation contained in paragraph 74 of the Complaint except admits that Merck manufactured the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

75.     Denies each and every allegation contained in paragraph 75 of the Complaint.

76.     Denies each and every allegation contained in paragraph 76 of the Complaint except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

77.     Denies each and every allegation contained in paragraph 77 of the Complaint.

14

78.     Denies each and every allegation contained in paragraph 78 of the Complaint.

79.     Denies each and every allegation contained in paragraph 79 of the Complaint.

80.     Denies each and every allegation contained in paragraph 80 of the Complaint.

81.     Denies each and every allegation contained in paragraph 81 of the Complaint.

82.     Denies each and every allegation contained in paragraph 82 of the Complaint.

83.     Denies each and every allegation contained in paragraph 83 of the Complaint directed toward Merck.

84.     Denies each and every allegation contained in paragraph 84 of the Complaint directed toward Merck.

85.     Denies each and every allegation contained in paragraph 85 of the Complaint directed toward Merck.

## RESPONSE TO "COUNT I STRICT LIABILITY"

With respect to the un-numbered introductory paragraph of Count I, Merck hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 85 of this Answer with the same force and effect as though set forth here in full.

15

86.     Denies each and every allegation contained in paragraph 86 of the Complaint, including subparts a - f.

87.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 87 of the Complaint.

88.     The allegations contained in paragraph 88 of the Complaint are legal conclusions to which no response is required.  If a response is required, Merck denies each and every allegation in paragraph 88 of the Complaint.

89.     Denies each and every allegation contained in paragraph 89 of the Complaint directed toward Merck.

90.     Denies each and every allegation contained in paragraph 90 of the Complaint.

91.     The allegations contained in paragraph 91 of the Complaint are legal conclusions to which no response is required.  If a response is required, Merck denies each and every allegation contained in paragraph 91 of the Complaint.

92.     Denies each and every allegation contained in paragraph 92 of the Complaint.

93.     Denies each and every allegation contained in paragraph 93 of the Complaint except admits that Plaintiffs purport to seek certain damages, but denies that there is any legal or factual basis for the relief requested.

## RESPONSE TO DEMANDS SET FORTH IN
## AD DAMNUM CLAUSE FOR COUNT I

16

Plaintiffs' ad damnum clause for Count I of the Complaint is not an allegation and therefore no response is required.  If a response is required, Merck denies each and every allegation contained therein except admits that Plaintiffs purport to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO "COUNT II NEGLIGENCE"

With respect to the un-numbered introductory paragraph of Count II of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement contained in paragraph 1 through 85 of this Answer with the same force and effect as though fully set forth here in full.

94.     The allegations contained in paragraph 94 of the Complaint are legal conclusions to which no response is required.  If a response is required, Merck denies each and every allegation contained in paragraph 94 of the Complaint directed toward Merck.

95.     Denies each and every allegation contained in paragraph 95, including subparts a - f, of the Complaint directed toward Merck.

96.     Denies each and every allegation contained in paragraph 96 of the Complaint directed toward Merck.

97.     Denies each and every allegation contained in paragraph 97 of the Complaint except admits that Plaintiffs purport to seek certain damages, but denies that there is any legal or factual basis for the relief requested.

## RESPONSE TO DEMANDS SET FORTH IN

17

## AD DAMNUM CLAUSE FOR COUNT II

Plaintiffs' ad damnum clause for Count II of the Complaint is not an allegation and therefore no response is required.  If a response is required, Merck denies each and every allegation contained therein except admits that Plaintiffs purport to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO "COUNT III NEGLIGENT MISREPRESENTATION"

With respect to the un-numbered introductory paragraph of Count III of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraph 1 through 85 of this Answer with the same force and effect as though fully set forth here in full.

98.     Denies each and every allegation contained in paragraph 98 of the Complaint directed toward Merck.

99.     Denies each and every allegation contained in paragraph 99 of the Complaint directed toward Merck.

100.     Denies each and every allegation contained in paragraph 100 of the Complaint directed toward Merck.

101.     Denies each and every allegation contained in paragraph 101 of the Complaint directed toward Merck.

102.     Denies each and every allegation contained in paragraph 102 of the Complaint directed toward Merck.

103.     Denies each and every allegation contained in paragraph 103 of the Complaint directed toward Merck.

104.     The allegations contained in paragraph 104 of the Complaint are legal conclusions to which no response is required.  If a response is required, Merck denies each and every allegation contained in paragraph 104 of the Complaint directed toward Merck.

105.     Denies each and every allegation contained in paragraph 105 of the Complaint directed toward Merck.

106.     The allegations contained in paragraph 106 of the Complaint are legal conclusions to which no response is required.  If a response is required, Merck denies each and every allegation contained in paragraph 106 of the Complaint directed toward Merck.

107.     Denies each and every allegation contained in paragraph 107 of the Complaint directed toward Merck.

108.     Denies each and every allegation contained in paragraph 108 of the Complaint directed toward Merck.

109.     Denies each and every allegation contained in paragraph 109 of the Complaint except admits that Plaintiffs purport to seek certain damages, but denies that there is any legal or factual basis for the relief requested.

## RESPONSE TO DEMANDS SET FORTH IN
## AD DAMNUM CLAUSE FOR COUNT III

Plaintiffs' ad damnum clause for Count III of the Complaint is not an allegation and therefore no response is required.  If a response is required, Merck denies each and

19

every allegation contained therein except admits that Plaintiffs purport to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

<h3 style="text-align:center"><u>RESPONSE TO "COUNT IV FRAUD"</u></h3>

With respect to the un-numbered introductory paragraph of Count IV of the Complaint, Merck hereby repeats and realleges each and every admission, denial, averment and statement contained in paragraph 1 through 85 of this Answer with the same force and effect as though fully set forth here in full.

110.    Denies each and every allegation contained in paragraph 110 of the Complaint directed toward Merck.

111.    Denies each and every allegation contained in paragraph 111 of the Complaint directed toward Merck.

112.    Denies each and every allegation contained in paragraph 112 of the Complaint directed toward Merck.

113.    Denies each and every allegation contained in paragraph 113 of the Complaint directed toward Merck.

114.    Denies each and every allegation contained in paragraph 114 of the Complaint directed toward Merck.

115.    Denies each and every allegation contained in paragraph 115, including subparts a - c, of the Complaint directed toward Merck.

116.    Denies each and every allegation contained in paragraph 116 of the Complaint directed toward Merck.

861769v.1

117.     The allegations contained in paragraph 117 of the Complaint are legal conclusions to which no response is required.  If a response is required, Merck denies each and every allegation contained in paragraph 117 of the Complaint directed toward Merck.

118.     Denies each and every allegation contained in paragraph 118 of the Complaint directed toward Merck.

119.     The allegations contained in paragraph 119 of the Complaint are legal conclusions to which no response is required.  If a response is required, Merck denies each and every allegation contained in paragraph 119 of the Complaint directed toward Merck.

120.     Denies each and every allegation contained in paragraph 120 of the Complaint directed toward Merck.

121.     Denies each and every allegation contained in paragraph 121 of the Complaint directed toward Merck.

122.     Denies each and every allegation contained in paragraph 122 of the Complaint except admits that Plaintiffs purport to seek certain damages, but denies that there is any legal or factual basis for the relief requested.

### RESPONSE TO DEMANDS SET FORTH IN
### AD DAMNUM CLAUSE FOR COUNT IV

Plaintiffs' ad damnum clause for Count IV of the Complaint is not an allegation and therefore no response is required.  If a response is required, Merck denies each and

861769v.1

every allegation contained therein except admits that Plaintiffs purport to seek certain relief, but denies that there is any legal or factual basis for the relief sought.

### AS FOR A FIRST DEFENSE, MERCK ALLEGES:

123.    Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations or is otherwise untimely.

### AS FOR A SECOND DEFENSE, MERCK ALLEGES:

124.    The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A THIRD DEFENSE, MERCK ALLEGES:

125.    The claims of Plaintiffs are barred, in whole or in part, from recovery because they have made statements or took actions that preclude them from asserting claims or constitute a waiver of their claims.

### AS FOR A FOURTH DEFENSE, MERCK ALLEGES:

126.    The claims of Plaintiffs may be barred, in whole or in part, from recovery because of the *res judicata* effect of prior judgments.

### AS FOR A FIFTH DEFENSE, MERCK ALLEGES:

127.    Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

### AS FOR A SIXTH DEFENSE, MERCK ALLEGES:

128.    If Plaintiffs or Plaintiffs' decedent have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

861769v.1

## AS FOR A SEVENTH DEFENSE, MERCK ALLEGES:

129.    To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR AN EIGHTH DEFENSE, MERCK ALLEGES:

130.    To the extent Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs or Plaintiffs' decedent directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR A NINTH DEFENSE, MERCK ALLEGES:

131.    If Plaintiffs or Plaintiffs' decedent have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs' decedent knowingly, voluntarily and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A TENTH DEFENSE, MERCK ALLEGES:

132.    If Plaintiffs or Plaintiffs' decedent have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take such actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

861769v.1

**AS FOR AN ELEVENTH DEFENSE, MERCK ALLEGES:**

133.    If Plaintiffs or Plaintiffs' decedent have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs decedent's misuse or abuse of Vioxx.

**AS FOR A TWELFTH DEFENSE, MERCK ALLEGES:**

134.    If Plaintiffs or Plaintiffs' decedent have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' decedent's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural course of conditions for which Merck is not responsible.

**AS FOR A THIRTEENTH DEFENSE, MERCK ALLEGES:**

135.    To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

**AS FOR A FOURTEENTH DEFENSE, MERCK ALLEGES:**

136.    To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Florida law.

**AS FOR A FIFTEENTH DEFENSE, MERCK ALLEGES:**

137.    Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Florida Rule of Civil Procedure 1.120(b) and Federal Rule of Civil Procedure 9(b).

861769v.1

### AS FOR A SIXTEENTH DEFENSE, MERCK ALLEGES:

138.     Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### AS FOR A SEVENTEENTH DEFENSE, MERCK ALLEGES:

139.     Plaintiffs' claims are barred, in whole or in part, by the First Amendment.

### AS FOR AN EIGHTEENTH DEFENSE, MERCK ALLEGES:

140.     Plaintiffs' claims are barred, in whole or in part, because the product at issue was made in accordance with the state of the art at the time it was manufactured.

### AS FOR A NINETEENTH DEFENSE, MERCK ALLEGES:

141.     There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

### AS FOR A TWENTIETH DEFENSE, MERCK ALLEGES:

142.     This case is more appropriately brought in a different venue.

### AS FOR A TWENTY-FIRST DEFENSE, MERCK ALLEGES:

143.     Venue in this case is improper.

### AS FOR A TWENTY-SECOND DEFENSE, MERCK ALLEGES:

144.     The claims of Plaintiffs may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

25

### AS FOR A TWENTY-THIRD DEFENSE, MERCK ALLEGES:

145.    The claims of Plaintiffs may be barred, in whole or in part, from recovery on the ground that the claims asserted herein have been submitted to arbitration and a binding decision has been rendered.

### AS FOR A TWENTY-FOURTH DEFENSE, MERCK ALLEGES:

146.    The claims of Plaintiffs may be barred, in whole or in part, from recovery by release as to their claims.

### AS FOR A TWENTY-FIFTH DEFENSE, MERCK ALLEGES:

147.    The claims of Plaintiffs may be barred, in whole or in part, by the doctrine of laches.

### AS FOR A TWENTY-SIXTH DEFENSE, MERCK ALLEGES:

148.    Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate damages.

### AS FOR A TWENTY-SEVENTH DEFENSE, MERCK ALLEGES:

149.    To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

### AS FOR A TWENTY-EIGHTH DEFENSE, MERCK ALLEGES:

150.    The claims of Plaintiffs may be barred, in whole or in part, from recovery due to spoliation of evidence.

861769v.1

**AS FOR A TWENTY-NINTH DEFENSE, MERCK ALLEGES:**

151.    The claims of Plaintiffs may be barred, in whole or in part, by the governing state laws.

**AS FOR A THIRTIETH DEFENSE, MERCK ALLEGES:**

152.    Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

**AS FOR A THIRTY-FIRST DEFENSE, MERCK ALLEGES:**

153.    Plaintiffs or Plaintiffs' decedent have not sustained any injury or damages compensable at law.

**AS FOR A THIRTY-SECOND DEFENSE, MERCK ALLEGES:**

154.    Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiffs' failure to provide it with due process of law.

**AS FOR A THIRTY-THIRD DEFENSE, MERCK ALLEGES:**

155.    Plaintiffs' claims are barred, in whole or in part, under comment k to Section 402A of the Restatement (Second) of Torts.

**AS FOR A THIRTY-FOURTH DEFENSE, MERCK ALLEGES:**

156.    Plaintiffs' claims are barred, in whole or in part, because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiffs allege Plaintiffs' decedent to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

27

### AS FOR A THIRTY-FIFTH DEFENSE, MERCK ALLEGES:

157.    Plaintiffs' claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts:  Products Liability.

### AS FOR A THIRTY-SIXTH DEFENSE, MERCK ALLEGES:

158.    Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Products Liability.

### AS FOR A THIRTY-SEVENTH DEFENSE, MERCK ALLEGES:

159.    Plaintiffs' claims are not suitable for joinder

### AS FOR A THIRTY-EIGHTH DEFENSE, MERCK ALLEGES:

160.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack capacity and/or standing to bring such claims.

### AS FOR A THIRTY-NINTH DEFENSE, MERCK ALLEGES:

161.    Any liability that might otherwise be imposed upon Merck is subject to reduction by the application of the doctrine of comparative negligence.

### AS FOR A FORTIETH DEFENSE, MERCK ALLEGES:

162.    Merck is not guilty of negligence and violated no duty owing to Plaintiffs or Plaintiffs' decedent.

### AS FOR A FORTY-FIRST DEFENSE, MERCK ALLEGES:

163.    Merck has complied with requirements promulgated by and under federal law.  The product at issue, Vioxx, was approved pursuant to the applicable federal statutes and regulations.  Such federal regulations and statutes preempt Plaintiffs' claims

28

under state law and pursuant to Fla. Stat. § 768.1256 creates a statutory presumption that Vioxx is not defective or unreasonably dangerous and that Merck is not liable.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Merck its reasonable costs and disbursements, together with such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Merck demands a trial by jury as to all issues so triable.

Dated: March 12, 2007.                    Respectfully submitted,

                                          /s/ Dorothy H. Wimberly
                                          Phillip A. Wittmann, 13625
                                          Dorothy H. Wimberly, 18509
                                          Carmelite M. Bertaut, 3054
                                          STONE PIGMAN WALTHER WITTMANN L.L.C.
                                          546 Carondelet Street
                                          New Orleans, Louisiana 70130
                                          Phone: 504-581-3200
                                          Fax:    504-581-3361

                                          Defendant's Liaison Counsel

29

Patricia E. Lowry
John B. T. Murray, Jr.
Dori K. Stibolt
SQUIRE, SANDERS & DEMPSEY L.L.P.
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Phone: 561-650-7200
Fax:    561-655-1509

*Attorneys for Defendant Merck& Co., Inc.*

30

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Answer of Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 12th day of March, 2007.

*/s/ Dorothy H. Wimberly*

Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

861769v.1