UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | MDL No. 1657 <br><br> SECTION L <br><br> JUDGE ELDON E. FALLON <br><br> MAGISTRATE JUDGE <br> DANIEL E. KNOWLES, III |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO:** *Ralph and Lucille Motley v. Merck & Co., Inc.*, **No. 06-7004.**

## ANSWER OF DEFENDANT MERCK & CO., INC.

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the Plaintiffs' Original Complaint ("Complaint") as follows:

## RESPONSE TO COMPLAINT

### RESPONSE TO
### "I. INTRODUCTION AND PARTIES"

1.      Denies each and every allegation contained in paragraph 1 of the Complaint, except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief. Merck further admits that it manufactured, marketed, and distributed the prescription medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

2.      Denies each and every allegation contained in paragraph 2 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

3.      Denies each and every allegation contained in paragraph 3 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, is a leading research-driven pharmaceutical products and services company that researches, discovers, develops, manufactures and markets a broad range of innovative pharmaceutical products to improve human health.  Merck further admits that it may be served as allowed by applicable state and/or federal law, that it manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that it is authorized to do business in Alabama.

4.      Denies each and every allegation contained in paragraph 4 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

**RESPONSE TO**
**"II.  JURISDICTION"**

5.      The allegations contained in paragraph 5 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in paragraph 5 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Plaintiffs purport to seek damages in excess of $75,000 but denies that there is any legal or factual basis for such relief.

6.     The allegations contained in the unnumbered paragraph after paragraph 5 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered paragraph after paragraph 5 of the Complaint, except admits that there is a multidistrict litigation ("MDL") related to the prescription medicine Vioxx, and that the MDL Court has issued orders related to venue and respectfully refers the Court to the referenced orders for their actual language and full text.

### RESPONSE TO
### "III. CONDITIONS PRECEDENT"

7.     The allegations contained in paragraph 6 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 6 of the Complaint.

### RESPONSE TO
### "IV. FACTUAL BACKGROUND"

8.     Denies each and every allegation contained in the first and second sentences of paragraph 7 of the Complaint, except admits that Vioxx is part of a class of drugs known as non-steroidal anti-inflammatory drugs ("NSAIDs"), and that Vioxx, a selective COX-2 inhibitor, has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to naproxen, which is a non-selective NSAID. Merck denies each and every allegation contained in the third and fourth sentences of paragraph 7 of the Complaint, except admits that Merck sought, and in May 1999, received U.S. Food and Drug Administration ("FDA") approval to market the prescription medicine Vioxx for certain indicated uses consistent with the information contained in the FDA-approved prescribing

3

information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

9.     Denies each and every allegation contained in paragraph 8 of the Complaint, except admits that Merck marketed the prescription medication Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that health care providers prescribed Vioxx to millions of patients in the United States. Merck further avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

10.     Denies each and every allegation contained in the first and second sentences of paragraph 9 of the Complaint, except admits that the referenced letter exists, and respectfully refers the Court to said letter for its actual language and full text. Merck denies each and every allegation contained in the third sentence of paragraph 9 of the Complaint, except admits that the referenced study exists, and respectfully refers to the Court to said study for its actual language and full text. Merck denies each and every allegation contained in the fourth sentence of paragraph 9 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

11.     Denies each and every allegation contained in paragraph 10 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

12.     Denies each and every allegation contained in paragraph 11 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

### RESPONSE TO
### "V. ALLEGATIONS"

13.     Denies each and every allegation contained in paragraph 12 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

14.     Denies each and every allegation contained in paragraph 13 of the Complaint.

15.     Denies each and every allegation contained in paragraph 14 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

16.     Denies each and every allegation contained in paragraph 15 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

17.     Denies each and every allegation contained in paragraph 16 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on

September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

18.    Denies each and every allegation contained in paragraph 17 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## RESPONSE TO
## "VI. STRICT PRODUCTS LIABILITY"

19.    With respect to the allegations contained in paragraph 18 of the Complaint, repeats and realleges each and every admission, denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

20.    Denies each and every allegation contained in paragraph 19 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

21.    Denies each and every allegation contained in paragraph 20 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

22.    Denies each and every allegation contained in paragraph 21 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## RESPONSE TO
## "A. DESIGN AND MARKETING DEFECT"

23.     With respect to the allegations contained in paragraph 22 of the Complaint, repeats and realleges each and every admission, denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

24.     Denies each and every allegation contained in paragraph 23 of the Complaint.

25.     Denies each and every allegation contained in paragraph 24 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information and literature for Vioxx for its actual language and full text.

26.     Denies each and every allegation contained in paragraph 25 of the Complaint.

27.     Denies each and every allegation contained in paragraph 26 of the Complaint, including its subparts 1 through 3.

## RESPONSE TO
## "B. INADEQUATE AND IMPROPER WARNINGS"

28.     With respect to the allegations contained in paragraph 27 of the Complaint, repeats and realleges each and every admission, denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

29.     Denies each and every allegation contained in paragraph 28 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in FDA-approved prescribing information and

respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

30.     Denies each and every allegation contained in paragraph 29 of the Complaint.

### RESPONSE TO
### "VII. FRAUD"

31.     With respect to the allegations contained in paragraph 30 of the Complaint, repeats and realleges each and every admission, denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

32.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in the first, second, and third sentences of paragraph 31 of the Complaint, and denies each and every allegation directed towards Merck in the first, second, and third sentences of paragraph 31 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text. The allegations contained in the fourth sentence of paragraph 31 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the fourth sentence of paragraph 31 of the Complaint

## RESPONSE TO
## "VIII. NEGLIGENCE"

33.    With respect to the allegations contained in paragraph 32 of the Complaint, repeats and realleges each and every admission, denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

34.    Denies each and every allegation contained in the first, third, and fourth sentences of paragraph 33 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. The allegations contained in the second sentence of paragraph 33 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

35.    Denies each and every allegation contained in paragraph 34 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

36.    Denies each and every allegation contained in the first sentence of paragraph 35 of the Complaint. The allegations contained in the second and third sentences of paragraph 35 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the second and third sentences of paragraph 35 of the Complaint, and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules. Merck further denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

**RESPONSE TO**
**"IX. NEGLIGENT MISREPRESENTATIONS"**

37.    With respect to the allegations contained in paragraph 36 of the Complaint, repeats and realleges each and every admission, denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

38.    Denies each and every allegation contained in paragraph 37 of the Complaint, except admits that Merck marketed the prescription medication Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

39.    Denies each and every allegation contained in paragraph 38 of the Complaint, including its subparts (a) through (f), except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text. With respect to the allegations contained in paragraph 38(a) of the Complaint, Merck repeats and realleges each and every admission, denial, averment and statement contained in paragraphs 1 through 38 of this Answer with the same force and effect as though set forth here in full. The allegations contained in the second sentence of paragraph 38(f) of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the second sentence of paragraph 38(f) of the Complaint.

## RESPONSE TO
## "X. EXPRESSED WARRANTY FOR GOODS"

40.     With respect to the allegations contained in paragraph 39 of the Complaint, repeats and realleges each and every admission, denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

41.     Denies each and every allegation contained in the first, second, and third sentences of paragraph 40 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. The allegations contained in the fourth and fifth sentences of paragraph 40 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in the fourth and fifth sentences of paragraph 40 of the Complaint and further denies that it violated any applicable law, duty, or standard of care in connection with Vioxx.

## RESPONSE TO "XI. IMPLIED WARRANTY –
## A. WARRANTY OF MERCHANTABILITY"

42.     With respect to the allegations contained in paragraph 41 of the Complaint, repeats and realleges each and every admission, denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

43.     Denies each and every allegation contained in paragraph 42 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further avers that the FDA approved Vioxx as safe and effective for certain indicated uses consistent with the information contained in FDA-approved prescribing

information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

**RESPONSE TO**
**"B. WARRANTY OF FITNESS"**

44.     With respect to the allegations contained in paragraph 43 of the Complaint, repeats and realleges each and every admission, denial, averment and statement contained in this Answer with the same force and effect as though set forth here in full.

45.     Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in the first, second, third, fourth, and fifth sentences of paragraph 44 of the Complaint, and denies each and every allegation directed towards Merck in the first, second, third, fourth, and fifth sentences of paragraph 44 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses consistent with the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text. The allegations contained in the sixth sentence of paragraph 44 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in the sixth sentence of paragraph 44 of the Complaint.

**RESPONSE TO**
**"XII. LOSS OF CONSORTIUM"**

46.     With respect to the allegations contained in paragraph 45 of the Complaint, repeats and realleges each and every admission, denial, averment and statement

contained in paragraphs 1 through 45 of this Answer with the same force and effect as though set forth here in full.

47.     Denies each and every allegation contained in paragraph 46 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

48.     Denies each and every allegation contained in paragraph 47 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

### RESPONSE TO
### "XIII. DAMAGES"

49.     Denies each and every allegation contained in paragraph 48 of the Complaint, except admits that Plaintiffs purport to seek damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO
### "XIV. PUNITIVE DAMAGES"

50.     Denies each and every allegation contained in paragraph 49 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004. Merck further admits that Plaintiffs purport to seek punitive damages but denies that there is any legal or factual basis for such relief.

### RESPONSE TO
### "XV. JURY DEMAND"

51.     The allegations contained in paragraph 50 of the Complaint are legal conclusions as to which no responsive pleading is required.

### RESPONSE TO
### "XVI. PRAYER"

52.     The allegations contained in the unnumbered "Wherefore" paragraph under the heading "Prayer" of the Complaint constitute a prayer for relief as to which no response is required.   Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph, including its subparts 1 through 8, except admits that Plaintiffs purport to seek economic and other relief but denies that there is any legal or factual basis for such relief.

### AS FOR A FIRST
### DEFENSE, MERCK ALLEGES:

53.     The claims of Plaintiffs may be time-barred, in whole or in part, under prescription, peremption, statutes of repose, applicable federal or state statute of limitations, or are otherwise untimely.

### AS FOR A SECOND
### DEFENSE, MERCK ALLEGES:

54.     The Complaint fails to state a claim upon which relief can be granted.

### AS FOR A THIRD
### DEFENSE, MERCK ALLEGES:

55.     The claims of the Plaintiffs may be barred, in whole or in part, from recovery because Plaintiffs made statements or taken actions that preclude Plaintiffs from asserting claims or constitute a waiver of Plaintiffs' claims.

### AS FOR A FOURTH
### DEFENSE, MERCK ALLEGES:

56.     The claims of the Plaintiffs may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

### AS FOR A FIFTH
### DEFENSE, MERCK ALLEGES:

57.     Each and every claim asserted or raised in the Complaint is barred by the

doctrines of estoppel, waiver or statutory and regulatory compliance.

### AS FOR A SIXTH
### DEFENSE, MERCK ALLEGES:

58.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint,

upon information and belief, such injuries or losses were caused, in whole or in part, through the

operation of nature or other intervening cause or causes.

### AS FOR A SEVENTH
### DEFENSE, MERCK ALLEGES:

59.     To the extent that Plaintiffs assert claims based on Merck's adherence to

and compliance with applicable federal laws, regulations and rules, such claims are preempted

by federal law under the Supremacy Clause of the United States Constitution.

### AS FOR AN EIGHTH
### DEFENSE, MERCK ALLEGES:

60.     To the extent that Plaintiffs assert claims based upon an alleged failure by

Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such

claims are barred under the learned intermediary doctrine because Merck has discharged its duty

to warn in its warnings to the prescribing physician.

### AS FOR A NINTH
### DEFENSE, MERCK ALLEGES:

61.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint,

such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and

willfully assumed the risk of any injury as the result of the consumption of, administration of, or

exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A TENTH
## DEFENSE, MERCK ALLEGES:

62.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR A ELEVENTH
## DEFENSE, MERCK ALLEGES:

63.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' misuse or abuse of Vioxx.

## AS FOR A TWELFTH
## DEFENSE, MERCK ALLEGES:

64.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this Defendant is not responsible.

## AS FOR A THIRTEENTH
## DEFENSE, MERCK ALLEGES:

65.     To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A FOURTEENTH
## DEFENSE, MERCK ALLEGES:

66.     To the extent Plaintiffs seek recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under applicable state law.

## AS FOR A FIFTEENTH
## DEFENSE, MERCK ALLEGES:

67.     To the extent that Plaintiffs assert claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiffs to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

## AS FOR A SIXTEENTH
## DEFENSE, MERCK ALLEGES:

68.     Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A SEVENTEENTH
## DEFENSE, MERCK ALLEGES:

69.     The claims of Plaintiffs are barred in whole or in part by the First Amendment of the Constitution of the United States of America and comparable state law provisions.

## AS FOR AN EIGHTEENTH
## DEFENSE, MERCK ALLEGES:

70.     Plaintiffs' claims are barred in whole or in part because the product at issue conformed to the state-of-the-art for the design and manufacture of such, or similar, products at the time it was manufactured.

## AS FOR A NINETEENTH
## DEFENSE, MERCK ALLEGES:

71.     There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

## AS FOR A TWENTIETH
## DEFENSE, MERCK ALLEGES:

72.     This case is more appropriately brought in a different venue.

## AS FOR A TWENTY-FIRST
## DEFENSE, MERCK ALLEGES:

73.     Venue in this case is improper.

## AS FOR A TWENTY-SECOND
## DEFENSE, MERCK ALLEGES:

74.     The claims of Plaintiffs may be barred, in whole or in part, from recovery because, in this or other courts, Plaintiffs have brought actions and has received judgments on parts of some or all claims asserted herein.

## AS FOR A TWENTY-THIRD
## DEFENSE, MERCK ALLEGES:

75.     The claims of Plaintiffs may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

## AS FOR A TWENTY-FOURTH
## DEFENSE, MERCK ALLEGES:

76.     The claims of Plaintiffs may be barred, in whole or in part, from recovery by release as to their claims.

## AS FOR A TWENTY-FIFTH
## DEFENSE, MERCK ALLEGES:

77.     The claims of Plaintiffs may be barred, in whole and in part, by the

doctrine of laches.

## AS FOR A TWENTY-SIXTH
## DEFENSE, MERCK ALLEGES:

78.     The claims of Plaintiffs are barred, in whole or in part, by Plaintiffs'

failure to mitigate damages.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

79.     To the extent there were any risks associated with the use of the product

which is the subject matter of this action that Merck knew or should have known and which gave

rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate

warnings in accordance with federal and governing state laws.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

80.     The claims of Plaintiffs may be barred, in whole or in part, from recovery,

due to spoliation of evidence.

## AS FOR A TWENTY-NINTH
## DEFENSE, MERCK ALLEGES:

81.     The claims of Plaintiffs may be barred, in whole or in part, by the

governing state laws.

## AS FOR A THIRTIETH
## DEFENSE, MERCK ALLEGES:

82.     Any conduct allegedly causing liability on the part of Merck is not a

substantial cause or factor of any potential or actual injury or damage, if any.

## AS FOR A THIRTY-FIRST
## DEFENSE, MERCK ALLEGES:

83.     Plaintiffs have not sustained any injury or damages compensable at law.

## AS FOR A THIRTY-SECOND
## DEFENSE, MERCK ALLEGES:

84.     Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiffs' failure to provide it with due process of law.

## AS FOR A THIRTY-THIRD
## DEFENSE, MERCK ALLEGES:

85.     Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-FOURTH
## DEFENSE, MERCK ALLEGES:

86.     Plaintiffs' claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-FIFTH
## DEFENSE, MERCK ALLEGES:

87.     Plaintiffs' claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

## AS FOR A THIRTY-SIXTH
## DEFENSE, MERCK ALLEGES:

88.     Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

## AS FOR A THIRTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

89.     To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

## AS FOR A THIRTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

90.     Plaintiffs were careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages, or losses to Plaintiffs.

## AS FOR A THIRTY-NINTH
## DEFENSE, MERCK ALLEGES:

91.     To the extent that Plaintiffs assert claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

## AS FOR A FORTIETH
## DEFENSE, MERCK ALLEGES:

92.     To the extent that Plaintiffs assert claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to their claims, Plaintiffs have failed to allege facts that would overcome the defenses available under that state products liability law.

## AS FOR A FORTY-FIRST
## DEFENSE, MERCK ALLEGES:

93.     To the extent that Plaintiffs allege a conspiracy claim, that claim is barred because Merck did not enter into any agreement with any other defendant or third party to further any alleged unlawful act by allegedly unlawful means.

## AS FOR A FORTY-SECOND
## DEFENSE, MERCK ALLEGES:

94.     To the extent that Plaintiffs allege a negligence per se claim, that claim is

barred on the grounds that such claims are not cognizable against Merck in this action.

## AS FOR A FORTY-THIRD
## DEFENSE, MERCK ALLEGES:

95.     To the extent that Plaintiffs seek injunctive relief, that claim is barred by

the doctrine of primary jurisdiction.

## AS FOR A FORTY-FOURTH
## DEFENSE, MERCK ALLEGES:

96.     To the extent Plaintiffs seek to recover only economic loss in tort, their

claims are barred by the economic loss doctrine.

## AS FOR A FORTY-FIFTH
## DEFENSE, MERCK ALLEGES:

97.     Plaintiffs' claims are barred, in whole or in part, because one or more

Plaintiffs lack capacity and/or standing to bring such claims.

## AS FOR A FORTY-SIXTH
## DEFENSE, MERCK ALLEGES:

98.     To the extent that Plaintiffs seek punitive damages for the conduct which

allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate

Merck's state and federal constitutional rights.

## AS FOR A FORTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

99.     To the extent that Plaintiffs seek punitive damages for an alleged act or

omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly

negligent and, therefore, any award of punitive damages is barred.

## AS FOR A FORTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

100.    To the extent that Plaintiffs seek punitive damages, that demand is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FORTY-NINTH
## DEFENSE, MERCK ALLEGES:

101.    Merck demands a trial by jury of all issues.

## AS FOR A FIFTIETH
## DEFENSE, MERCK ALLEGES:

102.    Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

## AS FOR A FIFTY-FIRST
## DEFENSE, MERCK ALLEGES:

103.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A FIFTY-SECOND
## DEFENSE, MERCK ALLEGES:

104.    Merck incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action. Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding or trial

in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana. Merck hereby reserves the right to amend its answer to assert any such defense.

## AS FOR A FIFTY-THIRD
## DEFENSE, MERCK ALLEGES:

105.  Plaintiffs' claims are not suitable for joinder.

## AS FOR A FIFTY-FOURTH
## DEFENSE, MERCK ALLEGES:

106.  To the extent Plaintiffs make a claim for punitive damages, Merck asserts that Plaintiffs have not complied with statutory requirements to recover punitive damages.

## AS FOR A FIFTY-FIFTH
## DEFENSE, MERCK ALLEGES:

107.  To the extent Plaintiffs' claims invoke punitive damages, such claims violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a)  It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon Plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)  The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)  The procedures pursuant to which punitive damages are awarded fail to provide a

reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *See Pacific Mut. Life Ins. Co. v. Haslip*, 111 S. Ct. 1032, 113 L. Ed. 2d 1.

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(g)     The retroactive application of punitive damages violates the contracts clause of the United States Constitution, Article I, Section 10.

(h)     Plaintiffs' claims for punitive damages violate the due process clause of Article I, Section 13 of the Constitution of Alabama, on the following grounds:

(1)     It is a violation of the due process clause to impose punitive damages which are penal in nature, upon a civil defendant upon Plaintiffs satisfying

a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(2)     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against these defendants;

(3)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(4)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

(5)     The award of the punitive damages in this case constituted a deprivation of property without due process of law.

(i)     Plaintiffs' attempt to impose punitive or extra-contractual damages on these defendants, on the basis of vicarious liability for the conduct of others, violates the Fifth and Fourteenth Amendments of the United States Constitution.

(j)     The award of punitive damages to the Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

(k)     The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

(l)     The award of punitive damages against these defendants in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

(m)    The procedures pursuant to which punitive damages are awarded are vague and unpredictable such that they violate the defendant's right to defend himself pursuant to Article I, Section 10 of the Constitution of Alabama.

(n)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Ala. Code, Section 27-1-17 (1975) in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Constitution of Alabama.

## AS FOR A FIFTY-SIXTH
## DEFENSE, MERCK ALLEGES:

108.    Plaintiffs' Complaint seeks to make Merck liable for punitive damages. The United States Supreme Court has reversed the Alabama Supreme Court in the case styled *BMW of North America, Inc. v. Gore*, 116 S. Ct. 1589 (1996) on the issue of punitive damages. Merck adopts by reference the defenses, criteria, limitations, and standards mandated by the United States Supreme Court decision in that case and in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), and any subsequent applicable decisions.

## AS FOR A FIFTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

109.    Any punitive damages that the Plaintiffs may recover in this case should be capped in keeping with Alabama Code Section 6-11-21, as amended in 1999 (Act. No. 99-358) and in the spirit of the Alabama Supreme Court's decision in *Oliver v. Towns*, 738 So. 2d 798 (Ala. 1999).

## AS FOR A FIFTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

110.   The demand for punitive damages in the instant case is subject to the limitations established by the Alabama legislature and set forth in Ala. Code § 6-11-21 (1975). Merck adopts by reference the defenses, criteria, limitations, and standards mandated by this Alabama statute.  The Alabama Supreme Court's action in abolishing the legislatively created cap on punitive damages was unconstitutional and is without effect.  Under the Constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through this judicial decision.  *See Honda Motor Co., Ltd. v. Oberg*, 512 U.S. 415, 114 S. Ct. 2331, 2340 n.9 (1994).

## AS FOR A FIFTY-NINTH
## DEFENSE, MERCK ALLEGES:

111.   The punitive damage cap set out in Ala. Code § 6-11-21 (1975) applies to the instant case.  *See Horton Homes, Inc. v. Brooks*, 832 So. 2d 44 (Ala. 2001).

## AS FOR A SIXTIETH
## DEFENSE, MERCK ALLEGES:

112.   The punitive damages award is subject to limitation based on harm that has occurred and harm that is likely to occur.  *See TXO Prod. Corp. v. Alliance Resources Corp.*, 113 S. Ct. 2711 (1993).

## AS FOR A SIXTY-FIRST
## DEFENSE, MERCK ALLEGES:

113.   The method of imposing punitive damages violates Amendment 328, Section 6.11 of the Constitution of Alabama, which prohibits the use of a procedural rule to abridge, enlarge, or modify the substantive right of any party.  *See Leonard v. Terminix Int'l Co.*, 854 So. 2d 529 (Ala. 2002).

## AS FOR A SIXTY-SECOND
## DEFENSE, MERCK ALLEGES:

114.   The imposition of punitive damages is an act of policy making on the part of the judiciary, in violation of Article III, Section 43 of the Constitution of Alabama.

## AS FOR A SIXTY-THIRD
## DEFENSE, MERCK ALLEGES:

115.   Merck adopts the terms of any applicable legislative act or Alabama Supreme Court decision which now or hereafter precludes punitive damages or limits the amount of punitive damages that can be recovered in an action at law in Alabama.

## AS FOR A SIXTY-FOURTH
## DEFENSE, MERCK ALLEGES:

116.   There is no private right of action for a violation of Alabama Code Sections 20-1-26 and 20-1-27.

## AS FOR A SIXTY-FIFTH
## DEFENSE, MERCK ALLEGES:

117.   Merck denies that its product was misbranded within the meaning of Alabama Code Sections 20-1-26 and 20-1-27.

## AS FOR A SIXTY-SIXTH
## DEFENSE, MERCK ALLEGES:

118.   Plaintiffs cannot recover for the claims asserted because Plaintiffs have failed to comply with the conditions precedent necessary to bring this action.

## AS FOR A SIXTY-SEVENTH
## DEFENSE, MERCK ALLEGES:

119.   By asserting a claim under the Alabama Deceptive Trade Practices Act, Plaintiffs have elected remedies under the Act and waived other rights and remedies available at common law and by statute.

## AS FOR A SIXTY-EIGHTH
## DEFENSE, MERCK ALLEGES:

120.   Plaintiffs' claims are barred by Alabama Code Section 6-5-462.

## AS FOR A SIXTY-NINTH
## DEFENSE, MERCK ALLEGES:

121.   To the extent this action purports to hold one defendant liable for the acts of another, such violates the Due Process clause of the United States Constitution and the Alabama Constitution.

## AS FOR A SEVENTIETH
## DEFENSE, MERCK ALLEGES:

122.   If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs.

## AS FOR A SEVENTY-FIRST
## DEFENSE, MERCK ALLEGES:

123.   Merck denies that Vioxx was unreasonably dangerous, defective, or that Vioxx created any liability under the Alabama Extended Manufacturer's Liability Doctrine.

## AS FOR A SEVENTY-SECOND
## DEFENSE, MERCK ALLEGES:

124.   Plaintiffs' claims based on breach of warranty and negligence are subsumed by the Alabama Extended Manufacturer's Liability Doctrine.

## AS FOR A SEVENTY-THIRD
## DEFENSE, MERCK ALLEGES:

125.   Merck pleads the general issue and denies that it was liable or responsible for any alleged damages to Plaintiffs.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1.    That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiffs' Complaint with prejudice against Merck with costs assessed to Plaintiffs;

2.    Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3.    Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated:  March 19, 2007

Respectfully submitted,

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Melissa V. Beaugh, 28250
        Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL No. 1657, on this 19 day of March, 2007.