UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX<br>PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1657<br>SECTION L |
| Relates to: | JUDGE FALLON |
| ALL PERSONAL INJURY AND<br>WRONGFUL DEATH CLASS ACTION<br>COMPLAINTS PENDING OR SUBJECT<br>TO TRANSFER TO MDL 1657 | MAGISTRATE JUDGE KNOWLES |

**PLAINTIFFS' STEERING COMMITTEE'S REPLY IN
SUPPORT OF MOTION TO AMEND THE SECOND
AMENDED MASTER CLASS ACTION COMPLAINT
(PERSONAL INJURY AND WRONGFUL DEATH)TO
ADD BY INTERLINEATION ADDITIONAL PLAINTIFF
REPRESENTATIVE IN PREVIOUSLY FILED CLASS COMPLAINT**

**I.      INTRODUCTION**

The PSC has moved pursuant to Fed. R. Civ. P. 15(a) to amend the Master Class Action Complaint (Personal Injury and Wrongful Death), an "administrative vehicle" or a "procedural device," to add by interlineation plaintiff class representatives from Iowa. Although Merck recognizes that such leave to amend should be "freely given", Merck contends that the motion should be denied on futility grounds without any basis to support its contention.

Merck's principal argument in opposition to the PSC's motion to amend is that personal injury class actions are uncertifiable, thus, making the motion to amend futile. This argument is contrary to this Court's order denying certification as to the national class, which purposely left open the prospect of state-wide classes, and should be disregarded. Accordingly, the PSC respectfully requests that this Court grant its motion to amend.

1

## II.     LEGAL ARGUMENT

In opposing the PSC's motion to amend, Merck relies upon a series of cases that stand for the proposition that a court can deny a motion to amend if the proposed amendment would be futile. While such a doctrine applies in appropriate cases, the cases Merck relies upon applying this doctrine are distinguishable since they involve actual instances of futility, as opposed to conjecture by counsel. For instance in *Soliz v. Bennett*, 150 Fed. Appx. 282 (5th Cir. 2005), the Fifth Circuit determined that a trial court properly denied a motion to amend a complaint that had been filed beyond the applicable statute of limitations. *Id*. at 285. The futility of that request was obvious since the initial complaint was untimely and was subject to dismissal without any further consideration by the court.[1]

---

[1] The other cases cited by Merck in support of its argument that the amendment being sought is futile are also distinguishable. In *Ricciardi v. Kone, Inc.*, 215 F.R.D. 455, 456 (E.D.N.Y.), another case relied upon by Merck, the court refused a request to amend a complaint to add an additional plaintiff since the court lacked jurisdiction over the claim of the new plaintiff, which did not meet the jurisdictional amount for purposes of diversity jurisdiction. This case is clearly distinguishable since the court lacked jurisdiction.

Merck also relies upon *Vanderberg v. Donaldson*, 259 F.3d 1321 (11th Cir. 2001), *cert. denied*, 535 U.S. 976 (2002), wherein the Eleventh Circuit affirmed a trial court's decision to dismiss a prisoner's civil complaint where the prisoner had untimely objected to a magistrate's recommendation of dismissal and the trial court had entered an order dismissing the complaint. The Eleventh Circuit also affirmed the trial court's decision to deny the prisoners motion to amend his complaint in part because the prison failed to attach an amended complaint that alleged new facts that would have stated a claim for relief. This case is clearly distinguishable since the objection to the magistrate's recommendation was untimely and, thus, the motion to amend was treated as if it were filed post-dismissal. *Id*. at 1325. Accordingly, the Eleventh Circuit determined that, "Rule 15(a)'s amendment as of right does not apply to Plaintiff's motion to amend." *Id*. at 1326.

Notwithstanding the untimeliness of the objection and the plaintiff's failure to pursue relief under Fed.R.Civ.P. 59(e), the Eleventh Circuit alternatively determined that the trial court did not abuse its discretion in denying the motion to amend. In reaching this determination, the

(continued...)

In stark contrast to cases where a court properly denied a motion to amend as futile, Merck asks this Court to rule upon the PSC's motion to amend as if it were ruling upon a motion for class certification. The time for such a ruling has not yet arrived since this Court purposely left open the prospect of state-wide classes in its Order and Reasons of November 22, 2006, and briefing has not yet transpired on such motions. *See In re Vioxx Products Liability Litigation,* 239 F.R.D. 450, 454 Fn. 5 (E.D. La. 2006) (Order denying nation-wide class personal injury class action but declining to rule on state-wide classes as the issue had not been briefed).

In addition to asking this Court to prematurely rule upon the state-wide classes, Merck also asks this Court to adopt the position that personal injury class actions are incapable of certification. Merck has cited to no case directly supporting its position. Instead, Merck offers off-point cases such as *In re American Med. Sys. Inc*, 75 F.3d 1069 (6th Cir. 1996) ("personal injury class actions are usually not certifiable"). Merck's argument has not been adopted and is not the law in this circuit or elsewhere. *See Mullen v. Treasure Chest Casino*, 186 F.3d 620, 626 (5th Cir.1999) (affirming certification of personal injury class), *cert.denied*, 528 U.S. 1159 (2000). *See also Valentino v. Carter-Wallace, Inc.,* 97 F.3d 1227, 1230 (9th Cir. 1996) (Ninth Circuit does not recognize an absolute bar to certification of a multistate plaintiff class action in medical products

---

[1](...continued)
Eleventh Circuit was quick to note that the trial court's decision was being reviewed under an abuse of discretion standard. Thus, the court observed that, "[w]e do not ask whether we would have granted the leave to amend, but whether the district court abused its discretion by not granting a leave to amend under the circumstances of the present case." *Id*. [Citations omitted]. Although Merck relies upon *Vanderberg* in support of its argument that this Court should deny the PSC's motion to amend, it is clear that the facts of the case are very different from the present matter and that the Eleventh Circuit's decision to affirm the trial court under an abuse of discretion standard is not the same as a *de novo* determination that denial of the motion to amend was appropriate as is suggested by Merck.

3

liability context).² Since the premise for Merck's argument is faulty, there is no basis for its conclusion.

Additionally, Merck's argument ignores the distinction between nation-wide class actions and state-wide class actions. This is perhaps why Merck has chosen to cite solely to cases denying certification of nation-wide classes in support of its argument that personal injury class actions are uncertifiable.³ Although manageability and other considerations are frequently implicated in mass tort cases that seek national certification because the laws of all fifty states are potentially applicable, these considerations have not always been found to be an impediment to certification. *See In re School Asbestos Litigation*, 789 F.2d 996, 1010-11 (3rd Cir. 1986) (affirming certification of nation-wide 23 (b)(3) class where plaintiffs analyzed the variance in products liability law among the jurisdictions and made a credible showing that class certification did not present insuperable obstacles since the laws of the jurisdictions could be divided into four categories), *cert. denied*, 479

---

² Additionally, despite several opportunities to address this very issue, the Supreme Court has declined any invitation to deem all mass tort cases uncertifiable. *See Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999) (in finding the certification of a mandatory settlement class of personal injury claimants to be improper in a limited fund case, *i.e.* because there was no showing that the fund was actually limited, the Supreme Court expressed no opinion as to the propriety of certifying a class of personal injury claimants); *see also Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997) (leaving open the prospect that certification of a mass tort class action would be proper if there were commonality of issues of fact and law and adequacy of class representation).

³ *See Castano v. American Tobacco co.*, 84 F.3d 734 (5th Cir. 1996) (reversing certification in nation-wide class action where the district court had failed to consider how variances in state law would affect predominance and superiority requirements); *In re Prempro Prods. Liab. Litig.*, 230 F.R.D. 555 (E.D. Ark. 2005) (denying nation-wide class where differences in state laws made the class unmanageable); *In re Baycol Prods. Liab. Litig.*, 218 F.R.D. 197 (D.Minn. 2003) (denying certification of nation-wide class); *Perez v. Metabolife Intern., Inc.*, 218 F.R.D. 262 (S.D. Fla. 2003) (same); *In re American Med. Sys. Inc*, *supra* (same).

U.S. 852 (1986). These considerations are even less significant in the case involving an Iowa plaintiff since certification would only be state-wide and thus would involve the uniform application of one body of law to the proposed state class.

### III. CONCLUSION

For the foregoing reasons, the PSC respectfully requests leave to amend the Second Amended Master Class Action Complaint (Personal Injury and Wrongful Death) to add by interlineation plaintiff class representatives from Iowa.

Respectfully submitted,

**PLAINTIFFS' STEERING COMMITTEE**

By: /s/ Leonard A. Davis
**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***Herman, Herman, Katz & Cotlar, L.L.P.***
820 O'Keefe Avenue
New Orleans, LA 70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

**PLAINTIFFS' LIAISON COUNSEL**

Andy D. Birchfield, Jr., Esquire
Leigh O'Dell, Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)
**Co-Lead Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
 MEUNIER & WARSHAUER, L.L.C.
Energy Centre
1100 Poydras Street, Ste. 2800
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
 BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008  (telecopier)

Thomas R. Kline, Esquire
Shanin Specter, Esquire
David J. Caputo, Esquire
Lisa S. Dagostino, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire **(on brief)**
Fred S. Longer, Esquire **(on brief)**
Daniel Levin, Esquire
Matthew C. Gaughan, Esquire **(on brief)**
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663  (telecopier)

Shelly A. Sanford, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W., Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028  (telecopier)

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 19th day of March, 2007.

**/s/ Leonard A. Davis**
Leonard A. Davis (Bar No. 14190)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA  70113
PH:     (504) 581-4892
FAX:   (504) 561-6024
ldavis@hhkc.com