UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: VIOXX | : | MDL NO. 1657 |
|     PRODUCTS LIABILITY LITIGATION | : | SECTION: L (3) |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE KNOWLES |

**THIS DOCUMENT RELATES TO ALL CASES**

## NOTICE

In November of 2005, the Court ordered Merck to submit all documents in which privilege was claimed for *in camera* review. The Court received 81 boxes from Merck containing approximately 30,000 documents, amounting to nearly 500,000 pages, as to which privilege was asserted. Initially, the Court hoped that the documents could be organized into categories from which random samples could be reviewed, thereby resolving Merck's privilege claims without reviewing every single document. Because the documents and privilege log were not categorized, however, the Court proceeded to review each document individually. Throughout April of 2006, the Court went through each box and removed those documents that it felt were privileged and instructed the parties to confer on the method by which the Plaintiffs would receive and/or copy the remaining non-privileged documents.

Merck sought review of the Court's privilege rulings. On May 26, 2006, the United States Court of Appeals for the Fifth Circuit suggested that the Court reexamine 2,000

-1-

documents, that Merck would put at issue, utilizing a different protocol. *See In re Vioxx Prods. Liab. Litig.*, Nos. 06-30378 & 06-30379, 2006 WL 1726675 (5th Cir. May 26, 2006). The Fifth Circuit did not address the merits of any privilege ruling, but instead found that document-by-document review had resulted in too many apparent inconsistencies and that a new procedure was needed.

The Court is now in receipt of 10 additional boxes containing 2,000 documents which Merck contends are representative of all the documents in question. Following one of the suggestions of the Fifth Circuit, the Court intends to appoint a special master to review these documents. Accordingly, pursuant to Rule 53(b)(1) of the *Federal Rules of Civil Procedure*, the Court hereby provides notice to the parties of its intention to appoint a special master to make findings of fact and conclusions of law with respect initially to Merck's privilege claims for these 2,000 documents, and perhaps the remaining documents should that be necessary. The Court intends to appoint Professor Paul Rice from the Washington College of Law at American University as special master in this case given his extensive experience in these matters. Professor Rice's resume is attached to this notice. The parties will have an opportunity to be heard on this issue during the next monthly status conference on April 12, 2007, at 9:00 a.m.

New Orleans, Louisiana, this 21st day of March, 2007.

UNITED STATES DISTRICT JUDGE