## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: VIOXX<br>            PRODUCTS LIABILITY LITIGATION<br>This document relates to:<br><br>*Harry Deffenbaugh and Sue Deffenbaugh v.*<br>*Merck & Company, Inc., et al.*<br>            (No. 06-CV-10587) | MDL NO. 1657<br><br>JUDGE FALLON<br><br>**DEFENDANT LONGS DRUG STORES CALIFORNIA, INC.'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendant Longs Drug Stores California, Inc. ("LONGS" and/or "Defendant") files the following Answer and Demand for Jury Trial to the unverified Complaint ("Complaint") filed in the matter of Harry Deffenbaugh and Sue Deffenbaugh v. Merck & Company, Inc. (No. 06-CV-10587). (The term "Plaintiffs" as used herein shall refer to Harry Deffenbaugh and Sue Deffenbaugh.) Defendant responds to Plaintiffs' Complaint as follows:

### I. INTRODUCTION

1.      LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 1 of the Complaint, and therefore denies such allegations.

### II. PARTIES

2.      LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 2 of the Complaint, and therefore denies such allegations.

3.      LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 3 of the Complaint, and therefore denies such allegations.

4.      LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 4 of the Complaint, and therefore denies such allegations.

5.      LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 5 of the Complaint, and therefore denies such allegations.

6.      LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 6 of the Complaint, and therefore denies such allegations.

7.      LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 7 of the Complaint, and therefore denies such allegations.

8.      LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 8 of the Complaint, and therefore denies such allegations.

9.      LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 9 of the Complaint, and therefore denies such allegations.

10.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 10 of the Complaint, and therefore denies such allegations.

11.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 11 of the Complaint, and therefore denies such allegations.

12.     LONGS admits that it is qualified to do business in the State of California.

LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 12 of the Complaint, and therefore denies such allegations.

13.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 13 of the Complaint, and therefore denies such allegations.

14.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 14 of the Complaint, and therefore denies such allegations.

### III. FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

15.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 15 of the Complaint, and therefore denies such allegations.

16.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 16 of the Complaint, and therefore denies such allegations.

17.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 17 of the Complaint, and therefore denies such allegations.

18.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 18 of the Complaint, and therefore denies such allegations.

19.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 19 of the Complaint, and therefore denies such allegations.

20.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 20 of the Complaint, and therefore denies such allegations.

21.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 21 of the Complaint, and therefore denies such allegations.

22.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 22 of the Complaint, and therefore denies such allegations.

23.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 23 of the Complaint, and therefore denies such allegations.

24.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 24 of the Complaint, and therefore denies such allegations.

25.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 25 of the Complaint, and therefore denies such allegations.

a.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 25 of the Complaint, or its subparts, and therefore denies such allegations.

1)     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 25 of the Complaint, or its subparts, and therefore denies such allegations.

b.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 25 of the Complaint, or its subparts, and therefore denies such allegations.

c.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 25 of the Complaint, or its subparts, and therefore denies such allegations.

d.     LONGS is without knowledge or information sufficient to form a belief

as to the truth or falsity of the allegations of Paragraph 25 of the Complaint, or its subparts, and therefore denies such allegations.

        e.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 25 of the Complaint, or its subparts, and therefore denies such allegations.

      26.    LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 26 of the Complaint, and therefore denies such allegations.

      27.    LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 27 of the Complaint, and therefore denies such allegations.

## FIRST CAUSE OF ACTION

      28.    LONGS incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.

      29.    LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 29 of the Complaint, and therefore denies such allegations.

      30.    LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 30 of the Complaint, and therefore denies such allegations.

      31.    LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 31 of the Complaint, and therefore denies such allegations.

      32.    LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 32 of the Complaint, and therefore denies such allegations.

## SECOND CAUSE OF ACTION

      33.    LONGS incorporates by reference its responses to all paragraphs of the

Complaint as if fully set forth herein.

34.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 34 of the Complaint, and therefore denies such allegations.

35.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 35 of the Complaint, and therefore denies such allegations.

36.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 36 of the Complaint, and therefore denies such allegations.

37.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 37 of the Complaint, and therefore denies such allegations.

a.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 37 of the Complaint, or its subparts, and therefore denies such allegations.

b.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 37 of the Complaint, or its subparts, and therefore denies such allegations.

c.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 37 of the Complaint, or its subparts, and therefore denies such allegations.

d.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 37 of the Complaint, or its subparts, and therefore denies such allegations.

e.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 37 of the Complaint, or its subparts, and therefore denies such allegations.

f.    LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 25 of the Complaint, or its subparts, and therefore denies such allegations.

g.    LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 37 of the Complaint, or its subparts, and therefore denies such allegations.

h.    LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 37 of the Complaint, or its subparts, and therefore denies such allegations.

i.    LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 37 of the Complaint, or its subparts, and therefore denies such allegations.

38.    LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 38 of the Complaint, and therefore denies such allegations.

## THIRD CAUSE OF ACTION

39.    LONGS incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.

40.    LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 40 of the Complaint, and therefore denies such allegations.

41.    LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 41 of the Complaint, and therefore denies such allegations.

42.    LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 42 of the Complaint, and therefore denies such allegations.

43.    LONGS is without knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations of Paragraph 43 of the Complaint, and therefore denies such allegations.

44.    LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 44 of the Complaint, and therefore denies such allegations.

45.    LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 45 of the Complaint, and therefore denies such allegations.

46.    LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 46 of the Complaint, and therefore denies such allegations.

47.    LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 47 of the Complaint, and therefore denies such allegations.

## FOURTH CAUSE OF ACTION

48.    LONGS incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.

49.    LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 49 of the Complaint, and therefore denies such allegations.

50.    LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 50 of the Complaint, and therefore denies such allegations.

51.    LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 51 of the Complaint, and therefore denies such allegations.

52.    LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 52 of the Complaint, and therefore denies such

allegations.

53.   LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 53 of the Complaint, and therefore denies such allegations.

54.   LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 54 of the Complaint, and therefore denies such allegations.

**FIFTH CAUSE OF ACTION**

55.   LONGS incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.

56.   LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 56 of the Complaint, and therefore denies such allegations.

57.   LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 57 of the Complaint, and therefore denies such allegations.

58.   LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 58 of the Complaint, and therefore denies such allegations.

59.   LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 59 of the Complaint, and therefore denies such allegations.

a.   LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 59 of the Complaint, or its subparts, and therefore denies such allegations.

1)   LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 59 of the Complaint, or its subparts, and therefore denies such allegations.

b.      LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 59 of the Complaint, or its subparts, and therefore denies such allegations.

c.      LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 59 of the Complaint, or its subparts, and therefore denies such allegations.

d.      LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 59 of the Complaint, or its subparts, and therefore denies such allegations.

60.    LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 60 of the Complaint, and therefore denies such allegations.

61.    LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 61 of the Complaint, and therefore denies such allegations.

## SIXTH CAUSE OF ACTION

62.    LONGS incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.

63.    LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 63 of the Complaint, and therefore denies such allegations.

64.    LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 64 of the Complaint, and therefore denies such allegations.

65.    LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 65 of the Complaint, and therefore denies such allegations.

///

## SEVENTH CAUSE OF ACTION

66.     LONGS incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.

67.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 67 of the Complaint, and therefore denies such allegations.

68.      LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 68 of the Complaint, and therefore denies such allegations.

69.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 69 of the Complaint, and therefore denies such allegations.

70.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 70 of the Complaint, and therefore denies such allegations.

71.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 71 of the Complaint, and therefore denies such allegations.

## EIGHTH CAUSE OF ACTION

72.     LONGS incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.

73.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 73 of the Complaint, and therefore denies such allegations.

74.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 74 of the Complaint, and therefore denies such allegations.

75.     LONGS is without knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations of Paragraph 75 of the Complaint, and therefore denies such allegations.

76.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 76 of the Complaint, and therefore denies such allegations.

a.      LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 76 of the Complaint, or its subparts, and therefore denies such allegations.

b.      LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 76 of the Complaint, or its subparts, and therefore denies such allegations.

c.      LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 76 of the Complaint, or its subparts, and therefore denies such allegations.

77.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 77 of the Complaint, and therefore denies such allegations.

78.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 78 of the Complaint, and therefore denies such allegations.

79.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 79 of the Complaint, and therefore denies such allegations.

80.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 80 of the Complaint, and therefore denies such allegations.

## NINTH CAUSE OF ACTION

81.     LONGS incorporates by reference its responses to all paragraphs of the

Complaint as if fully set forth herein.

82.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 82 of the Complaint, and therefore denies such allegations.

83.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 83 of the Complaint, and therefore denies such allegations.

## TENTH CAUSE OF ACTION

84.     LONGS incorporates by reference its responses to all paragraphs of the Complaint as if fully set forth herein.

85.     LONGS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 85 of the Complaint, and therefore denies such allegations.

1.     LONGS admits that Plaintiffs seek the relief requested in Paragraph 85 of the Complaint and its subparts, but denies that Plaintiffs are entitled to any such relief in the amounts or manner alleged or in any amount or manner whatsoever.

2.     LONGS admits that Plaintiffs seek the relief requested in Paragraph 85 of the Complaint and its subparts, but denies that Plaintiffs are entitled to any such relief in the amounts or manner alleged or in any amount or manner whatsoever.

3.     LONGS admits that Plaintiffs seek the relief requested in Paragraph 85 of the Complaint and its subparts, but denies that Plaintiffs are entitled to any such relief in the amounts or manner alleged or in any amount or manner whatsoever.

4.     LONGS admits that Plaintiffs seek the relief requested in Paragraph 85 of the Complaint and its subparts, but denies that Plaintiffs are entitled to any such relief in the amounts or manner alleged or in any amount or manner whatsoever.

5.     LONGS admits that Plaintiffs seek the relief requested in Paragraph 85 of the Complaint and its subparts, but denies that Plaintiffs are entitled to any such relief in the amounts or manner alleged or in any amount or manner whatsoever.

6.      LONGS admits that Plaintiffs seek the relief requested in Paragraph 85 of the Complaint and its subparts, but denies that Plaintiffs are entitled to any such relief in the amounts or manner alleged or in any amount or manner whatsoever.

7.      LONGS admits that Plaintiffs seek the relief requested in Paragraph 85 of the Complaint and its subparts, but denies that Plaintiffs are entitled to any such relief in the amounts or manner alleged or in any amount or manner whatsoever.

8.      LONGS admits that Plaintiffs seek the relief requested in Paragraph 85 of the Complaint and its subparts, but denies that Plaintiffs are entitled to any such relief in the amounts or manner alleged or in any amount or manner whatsoever.

9.      LONGS admits that Plaintiffs seek the relief requested in Paragraph 85 of the Complaint and its subparts, but denies that Plaintiffs are entitled to any such relief in the amounts or manner alleged or in any amount or manner whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

86.     The Complaint and all causes of action asserted against Defendant fail to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

87.     Federal law preempts Plaintiffs' claims. Plaintiffs have asserted claims for relief which, if granted, would constitute an impermissible burden by this Court on Federal laws, regulations, and policies relating to the development and marketing of products, in violation of the Supremacy Clause, Article VI of the Constitution of the United States.

### THIRD AFFIRMATIVE DEFENSE

88.     The causes of action alleged in the Complaint are barred by the applicable statutes of limitations and/or statutes of repose, including but not limited to California *Code of Civil Procedure* §§ 335.1 and 338 and former § 340(3), California *Business and Professions Code* § 17208, and California *Civil Code* § 1783.

### FOURTH AFFIRMATIVE DEFENSE

89.     During the time periods alleged in the Complaint, Plaintiffs failed to exercise

ordinary care on Plaintiffs' own behalf for Plaintiffs' safety. Plaintiffs' recklessness, carelessness and/or negligence caused any injury and damage that Plaintiffs may have sustained. Plaintiffs' right to recover should be diminished by Plaintiffs' proportional share of fault.

### FIFTH AFFIRMATIVE DEFENSE

90.     Plaintiffs failed to mitigate any damage that Plaintiffs may have sustained. Plaintiffs failed to exercise reasonable care to avoid the consequences of harm, if any. Among other things, Plaintiffs failed to use reasonable diligence in caring for any injury, use reasonable means to prevent aggravation of any injury, and/or take reasonable precautions to reduce any injury and damage.

### SIXTH AFFIRMATIVE DEFENSE

91.     During the time periods alleged in the Complaint, Plaintiffs had full knowledge of the risks and possible adverse effects pertaining to the use of the products. Defendant alleges that part or all of the injuries, damages, or losses, if any, that Plaintiffs claim to have sustained, arose from or were caused by such risks. Plaintiffs were aware of, accepted, and assumed the risks and possible adverse effects. Plaintiffs' recovery, if any, should be diminished, reduced, offset, or barred by Plaintiffs' assumption of the risks and informed consent.

### SEVENTH AFFIRMATIVE DEFENSE

92.     Defendant denies that Plaintiffs suffered injuries or incurred any damages, or that any defendant is liable. If Plaintiffs did suffer any injuries or incur any damages, any injuries or damages were caused, in whole or in part, by the acts or omissions of persons or entities other than Defendant or superseding or intervening causes over which Defendant had no control. If there is any negligence or liability by any defendant, it is the sole and exclusive negligence and liability of others and not this answering Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

93.     The intervening or superseding cause of any injury allegedly sustained by the Plaintiffs may be conduct which is illicit, criminal, or otherwise improper, and for which conduct Defendant cannot be held responsible.

///

### NINTH AFFIRMATIVE DEFENSE

94.     Plaintiffs' alleged damages, injuries, or losses, if any, were not proximately caused by any alleged act, omission, or breach of duty by Defendant but were caused in whole or in part by the acts or omissions of Plaintiffs and/or others so that the principles of contributory negligence, comparative fault and/or assumption of the risk apply.

### TENTH AFFIRMATIVE DEFENSE

95.     Plaintiffs' claims are barred in whole or in part because they have been improperly joined in this action.

### ELEVENTH AFFIRMATIVE DEFENSE

96.     If any of the other parties are negligent, legally responsible, or otherwise at fault for the damages alleged in the Master Complaint, and if there is a finding of any liability in favor of Plaintiffs or settlement or judgment against Defendant, Defendant requests that the Court or Jury make an apportionment of fault among all parties as permitted by *Li v. Yellow Cab Co.* and *American Motorcycle Association v. Superior Court.* Defendant further requests a judgment and declaration of partial indemnification and contribution against all other parties or persons in accordance with the apportionment of fault.

### TWELFTH AFFIRMATIVE DEFENSE

97.     Plaintiffs' claims are barred in whole or in part because they have been filed in an improper venue.

### THIRTEENTH AFFIRMATIVE DEFENSE

98.     Plaintiffs' alleged injuries were the direct and proximate result of an idiosyncratic reaction which was not reasonably foreseeable, or was not the result of any conduct or negligence on the part of Defendant; and/or was not the result of any defect in any product distributed or sold by Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

99.     The hazards of foreseeable uses and misuses of the product are open and obvious.

///

## FIFTEENTH AFFIRMATIVE DEFENSE

100.    After the products left the possession and control of Defendant, if in fact any products were ever in the possession or control of Defendant, the products were redesigned, modified, altered, or subjected to treatment that substantially changed their character without Defendant's knowledge.  Any alleged defect resulted, if at all, from the redesign, modification, alteration, treatment or other change of the products after Defendant relinquished possession of and control over any of the products.

## SIXTEENTH AFFIRMATIVE DEFENSE

101.    The design, manufacture, and marketing of the products were in conformity with the "state of the art" existing at the time of such design, manufacture, and marketing.

## SEVENTEENTH AFFIRMATIVE DEFENSE

102.    The learned intermediary doctrine bars Plaintiffs' recovery of any damages.  Any duty to warn Plaintiffs of the risks and hazards associated with the products was discharged by providing adequate warning to physicians.

## EIGHTEENTH AFFIRMATIVE DEFENSE

103.    To the extent that Plaintiffs allege a failure to warn by Defendant, Defendant alleges that the manufacturers, physician, and other health care providers associated with the products knew, or should have been aware, of any risk and hazard that Plaintiffs and/or Plaintiffs' decedent allege rendered the products defective and that allegedly caused Plaintiffs' and/or Plaintiffs' decedent injuries and damages, if any.  To the extent that such manufacturers, physician, and other health care providers failed to advise, inform, or warn Plaintiffs of such risks and hazards, such failure is imputed to Plaintiffs under agency principles and Plaintiffs and/or Plaintiffs' decedent knowingly and voluntarily assumed the risk of any injury as a result of the consumption of, administration of, or exposure to the product.

## NINETEENTH AFFIRMATIVE DEFENSE

104.    The Complaint is barred due to the lack of privity, or a "transaction," between Plaintiffs and Defendant.

///

## TWENTIETH AFFIRMATIVE DEFENSE

105.    This Court lacks personal jurisdiction over this answering Defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

106.    Plaintiffs' claims are barred in whole or in part by the doctrines of accord and satisfaction, good faith, consent, res judicata, payment and release, waiver, collateral estoppel, judicial estoppel, equitable estoppel, unclean hands, laches, and/or statutory and regulatory compliance.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

107.    The products were not used in the manner in which they were intended to be used. The products were used in a manner that was abnormal and not reasonably foreseeable by Defendant. Such misuse of the products proximately caused or contributed to Plaintiffs' alleged damages, injuries, and losses, if any.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

108.    The imposition of punitive or exemplary damages against Defendant or that are in any way imputed against the interests of Defendant would violate the ruling in *State Farm Mut. Automobile Ins. Co. v. Campbell* (2003) 538 U.S. 408, and Defendant's constitutional rights under: the Due Process clauses in the Fifth and Fourteenth Amendments to the Constitution of the United States; the Sixth Amendment to the Constitution of the United States; the Double Jeopardy clause in the Fifth Amendment to the Constitution of the United States; comparable provisions contained within the California Constitution; the common law and public policies of California; and applicable statutes and court rules, including but not limited to, imposition of punitive damages and determination of such an award:

(a)     by a jury when the jury is: (i) not given standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award; (ii) not adequately and clearly instructed on the limits on punitive damages imposed by the principles of deterrence and punishment; (iii) not expressly prohibited from awarding punitive damages, or determining the amount of such an award, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status, wealth, or state of residence of

Defendant; (iv) permitted to award punitive damages under a standard for determining liability for such damages which is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which makes punitive damages permissible; and (v) not subject to trial court and appellate judicial review for reasonableness, the furtherance of legitimate purpose, and the basis of objective standards;

       (b)     where applicable law is impermissibly vague, imprecise, or inconsistent;

       (c)     subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount; and

       (d)     based upon anything other than Defendant's conduct in connection with the sale of the products alleged in this litigation, or in any other way subjecting Defendant to impermissible multiple punishment for the same alleged wrong.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

109.    While continuing to deny any and all liability, Defendant states that if the court determines that Plaintiffs are entitled to assert a claim for punitive damages, such claim cannot be permitted to go forward until the trier of fact determines that punitive damages should be considered, and, ultimately all issues regarding punitive damages should be bifurcated at trial. Any award for punitive or exemplary damage absent bifurcating trial as to issues of compensatory and exemplary damages would be in violation of Defendant's rights to due process under the Unites States Constitution and the correlative provisions of California law.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

110.    At all times, any products distributed by Defendant were distributed in compliance with all applicable federal, state and local laws and regulations, and rules promulgated and enforced by the Food and Drug Administration. The products were subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301. Compliance with such laws, regulations, and rules demonstrates that due care and reasonable prudence were exercised in the design, manufacture, and promotion of the subject pharmaceutical product and that said product was not defective in any way.

///

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

111.    Any damages, injuries and/or losses alleged to have been suffered by Plaintiffs have been mitigated, in whole or in part, by reimbursement from collateral sources and therefore, Plaintiffs' claims against Defendant are barred and/or reduced by any applicable set off.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

112.    At all times, Defendant's acts or omissions were privileged, justified, fair and undertaken in the good faith exercise of a valid business purpose.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

113.    Plaintiffs cannot demonstrate the necessary elements to support the request for injunctive relief, including without limitation, a threat of imminent or immediate harm.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

114.    Any alleged act or omission by Defendant concerning the manufacture, warning, labeling, advertising and sale of VIOXX® referred to in the Complaint, was at all times, the duty of an entity other than Defendant.  Defendant acted in good faith concerning all services for which it had a duty to provide as referred to in the Complaint.

## THIRTIETH AFFIRMATIVE DEFENSE

115.    Plaintiffs' claims for disgorgement or restitution are barred under the decision in *Kraus v. Trinity Management Services, Inc.* (2000) 23 Cal.4th 116 and related authority.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

116.    Plaintiffs' alleged injuries or illnesses preexisted or were suffered after the alleged use of the products, and Plaintiffs' alleged injuries or illnesses were neither caused nor exacerbated by said alleged use.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

117.    Plaintiffs' injuries were caused or contributed to by Plaintiffs' failure to follow the directions and precautions provided by the product's manufacturer(s).

## THIRTY-THIRD AFFIRMATIVE DEFENSE

118.    Plaintiffs' breach of warranty claims are barred because Plaintiffs failed to give

adequate and timely notice of Plaintiffs' alleged claims against Defendant and/or because the alleged warranties were disclaimed.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

119.   Defendant's alleged business practices with respect to the subject product were lawful, fair, truthful, not misleading or deceptive, not fraudulent, and were justified based on the state of medical and scientific knowledge available during the relevant time and were in compliance with the applicable laws, regulations, and rules within the meaning of either California *Business and Professions Code* § 17200, et seq. or California *Business and Professions Code* § 17500, et seq.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

120.   Plaintiffs' claimed injuries and/or damages are so remote, speculative or contingent that Plaintiffs' claims must be barred on public policy grounds.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

121.   The conduct alleged in the Complaint does not plead a "violation of law" sufficient to provide the necessary predicate for an "unlawful" business practices claim, or any other claim, under either California *Business and Professions Code* § 17200, et seq. or California *Business and Professions Code* § 17500 et seq.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

122.   Plaintiffs' claims under California *Business and Professions Code* § 17200, et seq. or California *Business and Professions Code* § 17500 et seq. are barred in whole or in part under principles of substantive and procedural due process.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

123.   Plaintiffs' claims under California *Business and Professions Code* § 17200, et seq. or California *Business and Professions Code* § 17500, et seq. are barred in whole or in part because Plaintiffs do not qualify as a private attorney general, and for that reason, among others, lacks standing to prosecute a claim for injunctive or monetary relief.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

124.   Plaintiffs' claims under California *Business and Professions Code* § 17200, et

seq. or California *Business and Professions Code* § 17500, et seq. are barred in whole or in part because there is no basis for injunctive relief in this action and Plaintiffs have an adequate remedy at law.

### FORTIETH AFFIRMATIVE DEFENSE

125.   Plaintiffs' claims under California *Business and Professions Code* § 17200, et seq. or California *Business and Professions Code* § 17500, et seq. are barred in whole or in part by the doctrine of primary jurisdiction.   The subject of pharmaceutical product and any advertising regarding such product are regulated by the Food and Drug Administration and as such, answering Defendant requests that this Court, sitting in equity, abstain from hearing claims under Sections 17200, et seq. and 17500, et seq., which are accordingly preempted by Federal law.

### FORTY-FIRST A FFIRMATIVE DEFENSE

126.   The Plaintiffs are barred from recovery against Defendant because of the sophisticated user doctrine.

### FORTY-SECOND AFFIRMATIVE DEFENSE

127.   Plaintiffs' strict liability claims are barred under the principles set forth in *Brown v. Superior Court* (1988) 44 Cal.3d 1088.

### FORTY-THIRD AFFIRMATIVE DEFENSE

128.   Plaintiffs' claim, if any, for loss of consortium is barred because it is derivative of the injured Plaintiffs'/decedent's claims, which fail pursuant to the affirmative defenses set forth herein.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

129.   Defendant is a provider of services, not products, and thus is not strictly liable under California law.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

130.   Plaintiffs' Complaint fails to allege ultimate facts sufficient to state a cause of action predicated upon negligence, strict liability, breach of implied warranty, breach of express warranty, failure to warn or deceit by concealment.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

131.     Plaintiffs' claims of any non-economic damages are subject to California *Civil Code* § 1431.2, which is applicable to the Complaint and each cause of action therein.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

132.     The product at issue in this litigation is not defective or unreasonably dangerous because it is a prescription pharmaceutical bearing adequate warnings, and is subject to the comment j exception to strict liability as set forth in § 402A of the Restatement (Second) of Torts (1965), and/or because it is a prescription pharmaceutical that is unavoidably unsafe pursuant to comment k of § 402A of the Restatement (Second) of Torts (1965).

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

133.     Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical product "provides net benefits for a class of patients" within the meaning of Comment f to Section 6 of the Restatement (Third) of Torts: Products Liability.

## FORTY-NINTH AFFIRMATIVE DEFENSE

134.     Plaintiffs' claims are barred under Section 4, et seq., of the Restatement (Third) of Torts: Products Liability.

## FIFTIETH AFFIRMATIVE DEFENSE

135.     Plaintiffs' claims, if any, related to negligence per se are barred, in whole or in part, because there is no statute violated by this Defendant.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

136.     Plaintiffs' claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product under applicable federal laws, regulations, and rules.  These claims are thus preempted by Federal law.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

137.     Plaintiffs' claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

138.    Plaintiffs' claims are barred in whole or in part because Plaintiffs lack standing to bring such claims.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

139.    Plaintiffs' claims are barred in whole or in part because they fail to meet the requirements of California *Code of Civil Procedure* §§ 377.30, et seq., and 377.60, et seq., governing a decedent's cause of action and wrongful death actions.

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

140.    Plaintiffs' claims are barred in whole or in part to the extent they are made by, or on behalf of, out of state Plaintiffs or Plaintiffs' decedent, or arose from events occurring out of state, under principles of forum non conveniens and due process.

### FIFTY-SIXTH AFFIRMATIVE DEFENSE

141.    Plaintiffs' claims are barred in whole or in part because the Complaint fails to join necessary and indispensable parties.

### FIFTY-SEVENTH AFFIRMATIVE DEFENSE

142.    Plaintiffs' Consumer Legal Remedies Act cause of action is barred because it fails to meet the requirements of California *Civil Code* §§ 1750, et seq.

### FIFTY-EIGHTH AFFIRMATIVE DEFENSE

143.    Defendant did not design, manufacture, formulate, distribute, market, sell, research, develop, test or supply the VIOXX® that was alleged to have been ingested by Plaintiffs and/or any of the ingredients contained therein.

### FIFTY-NINTH AFFIRMATIVE DEFENSE

144.    Plaintiffs failed to allege specific facts that Defendant distributed and/or supplied the subject product that Plaintiffs allegedly ingested.  Accordingly, Plaintiffs failed to plead facts sufficient to show an actual connection between Defendant's alleged conduct and the Plaintiffs' purported injury and Defendant has, therefore, been fraudulently joined.

### SIXTIETH AFFIRMATIVE DEFENSE

145.    Plaintiffs' vague allegations are legal conclusions directed at "defendants" in

general and fail to support any claims specific to Defendant.

## SIXTY-FIRST AFFIRMATIVE DEFENSE

146.   Plaintiffs' claims are barred by the applicable prescriptive periods or statutes of limitations provided for such claims.

## SIXTY-SECOND AFFIRMATIVE DEFENSE

147.   Defendant denies that the products distributed by it caused or contributed to the alleged injuries of Plaintiffs and further denies that it is liable to Plaintiffs for the claims alleged or for any other claims whatsoever.

## SIXTY-THIRD AFFIRMATIVE DEFENSE

148.   Defendant did not make any material representation of fact regarding the products it distributes which was not true, or if such representation was made, which Defendant specifically denies, then LONGS did not make such representation with the intent to either deceive or to induce Plaintiffs to act in justifiable reliance.

## SIXTY-FOURTH AFFIRMATIVE DEFENSE

149.   Plaintiffs did not justifiably rely, in any fashion whatsoever, upon any statement, representation, advice or conduct of LONGS, and did not act upon any statement, representation advice or conduct to their detriment.

## SIXTY-FIFTH AFFIRMATIVE DEFENSE

150.   Defendant asserts that as of the relevant times alleged in the Complaint, it did not know and, in light of the then existing reasonable available scientific and technological knowledge, could not have known of: (1) the design characteristics, if any, that allegedly caused the injuries and damages complained of in the Complaint; (2) the alleged danger of any such design characteristics.

## SIXTY-SIXTH AFFIRMATIVE DEFENSE

151.   Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs, or any state entity acting on behalf of Plaintiffs, have released, settled, entered into an accord and satisfaction or otherwise compromised Plaintiffs' claims.

///

## SIXTY-SEVENTH AFFIRMATIVE DEFENSE

152.    Defendant is entitled to set-off, should any damages be awarded against it, in the amount of damages or settlement amounts recovered by Plaintiffs, or any state entity acting on behalf of Plaintiffs, with respect to the same alleged injuries.  Defendant is also entitled to have any damages that may be awarded to Plaintiffs reduced by the value of any benefit or payment to Plaintiffs, or any state entity acting on behalf of Plaintiffs, from any collateral source.

## SIXTY-EIGHTH AFFIRMATIVE DEFENSE

153.    Defendant asserts that it has complied with all applicable state and federal laws relating to the distribution and/or sale of pharmaceuticals.

## SIXTY-NINTH AFFIRMATIVE DEFENSE

154.    To the extent Plaintiffs assert claims based upon an alleged failure by Defendant to warn Plaintiffs directly of alleged dangers associated with the use of VIOXX®, such claims are barred under the learned intermediary doctrine.

## SEVENTIETH AFFIRMATIVE DEFENSE

155.    Plaintiffs' alleged injuries and damages, in whole or in part, are subject to the limitations, conditions, procedures, offsets  and reductions set forth in California *Civil Code* §§ 3333.1 and 3333.2, and all other applicable Medical Injury Compensation Reform Act of 1975 ("MICRA") statutes and authorities.

## SEVENTY-FIRST AFFIRMATIVE DEFENSE

156.    Defendant reserves the right to rely upon other affirmative defenses as they become reasonably available and apparent during the discovery proceedings in this case. Defendant reserves the right to amend this Answer to assert any such defenses.

WHEREFORE, LONGS prays for relief as follows:

1.    That Plaintiffs take nothing by this action;

2.    That judgment be entered in favor of LONGS and against Plaintiffs;

3.    That LONGS be awarded costs of suit herein; and

4.    For such other and further relief as the Court may deem just and proper.

///

## DEMAND FOR JURY TRIAL

Defendant Longs Drug Stores California, Inc. sued and served as Longs Drug Stores

Corporation hereby demands trial by jury in this matter.

By: _____

Thomas P. Anzelmo
(Bar Roll # 2533)
MCCRAINE, SISTRUNK, ANZELMO,
HARDY, MASWELL & MCDANIEL, PC
3445 N. Causeway Blvd., Suite 800
Metairie, LA  70002
Phone:   (504) 831-0946
Fax:       (504) 831-2492
tanzelmo@mcsalaw.com
cwilliams@mcsalaw.com

**AND**

Anthony G. Brazil (State Bar No. 84297)
Megan S. Wynne (State Bar No. 183707)
Wendi J. Frisch (State Bar No. 211555)
MORRIS, POLICH & PURDY, LLP
1055 West Seventh Street, Suite 2400
Los Angeles, CA  90017
Phone:   (213) 891-9100
Fax:       (213) 488-1178
abrazil@mpplaw.com
mwynne@mpplaw.com
wfrisch@mpplaw.com

Counsel for LONGS DRUG STORES
CALIFORNIA, INC.