UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | * | MDL No. 1657 |
| | * | SECTION L |
| | * | JUDGE ELDON E. FALLON |
| | * | MAGISTRATE JUDGE DANIEL E. KNOWLES, III |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO:** ***Zulema Verdin v. Merck & Co., Inc.*****, Case No. 06-7421.**

**ANSWER OF DEFENDANT MERCK & CO., INC.**

Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, answers the Plaintiff's Complaint as follows:

**RESPONSE TO COMPLAINT**

**RESPONSE TO "JURISDICTION AND VENUE"**

1. The allegations contained in paragraph 1 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 1 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein, except

admits that Plaintiff purports to state a claim in excess of $75,000, but denies that there is any legal or factual basis for such relief.

2. The allegations contained in paragraph 2 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in paragraph 2 of the Complaint, except admits that there is a multidistrict litigation ("MDL") related to Vioxx® ("Vioxx") and that the MDL Court issued Pretrial Order No. 11 on May 18, 2005, and respectfully refers the Court to that Order for its actual content and full effect.

**RESPONSE TO**
**"PARTIES"**

3. Denies each and every allegation contained in paragraph 3 of the Complaint, as it is without knowledge or information sufficient to form a belief as to the truth therein.

4. Denies each and every allegation contained in paragraph 4 of the Complaint, except admits that Merck, a New Jersey corporation with its principal place of business at One Merck Drive, Whitehouse Station, New Jersey, may be served as allowed by applicable state and/or federal law. Merck further admits that the MDL Court issued Pretrial Order No. 5A on March 14, 2005, and respectfully refers the Court to that Order for its actual content and full effect.

**RESPONSE TO**
**"FACTS"**

5. Denies each and every allegation contained in paragraph 5 of the Complaint.

6. Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed toward Merck in paragraph 6 of the Complaint, and denies each and every allegation directed towards Merck in paragraph 6 of the Complaint.

**RESPONSE TO "LIABILITY"**

7. Denies each and every allegation contained in paragraph 7 of the Complaint.

8. Denies each and every allegation contained in paragraph 8 of the Complaint.

9. Denies each and every allegation contained in paragraph 9 of the Complaint.

**RESPONSE TO "DAMAGES"**

10. Denies each and every allegation contained in paragraph 10 of the Complaint, including its subparts A through F.

11. Denies each and every allegation contained in paragraph 11 of the Complaint, except admits that Plaintiff purports to seek punitive damages but denies that there is any legal or factual basis for such relief.

12. The allegations contained in the final, unnumbered "Wherefore" paragraph after paragraph 11 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Merck denies each and every allegation contained in the unnumbered "Wherefore" paragraph, except admits that Plaintiff purports to seek economic and other relief but denies there is any legal or factual basis for awarding such relief.

**AS FOR A FIRST DEFENSE, MERCK ALLEGES:**

13. The claims of Plaintiff may be time-barred, in whole or in part, under prescription, peremption, statutes of repose, applicable federal or state statute of limitations, or are otherwise untimely.

**AS FOR A SECOND DEFENSE, MERCK ALLEGES:**

14. The Complaint fails to state a claim upon which relief can be granted.

**AS FOR A THIRD DEFENSE, MERCK ALLEGES:**

15. The claims of the Plaintiff may be barred, in whole or in part, from recovery because Plaintiff has made statements or taken actions that preclude Plaintiff from asserting claims or constitute a waiver of Plaintiff's claims.

**AS FOR A FOURTH DEFENSE, MERCK ALLEGES:**

16. The claims of the Plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

**AS FOR A FIFTH DEFENSE, MERCK ALLEGES:**

17. Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

**AS FOR A SIXTH DEFENSE, MERCK ALLEGES:**

18. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

**AS FOR A SEVENTH**
**DEFENSE, MERCK ALLEGES:**

19. To the extent that Plaintiff asserts claims based on Merck's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

**AS FOR AN EIGHTH**
**DEFENSE, MERCK ALLEGES:**

20. To the extent that Plaintiff asserts claims based upon an alleged failure by Merck to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

**AS FOR A NINTH**
**DEFENSE, MERCK ALLEGES:**

21. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

**AS FOR A TENTH**
**DEFENSE, MERCK ALLEGES:**

22. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

**AS FOR A ELEVENTH**
**DEFENSE, MERCK ALLEGES:**

23. If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

**AS FOR A TWELFTH**
**DEFENSE, MERCK ALLEGES:**

24. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

**AS FOR A THIRTEENTH**
**DEFENSE, MERCK ALLEGES:**

25. To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

**AS FOR A FOURTEENTH**
**DEFENSE, MERCK ALLEGES:**

26. To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under applicable state law.

**AS FOR A FIFTEENTH**
**DEFENSE, MERCK ALLEGES:**

27. To the extent that Plaintiff asserts claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiff to allege the circumstances

constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

**AS FOR A SIXTEENTH DEFENSE, MERCK ALLEGES:**

28. Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**AS FOR A SEVENTEENTH DEFENSE, MERCK ALLEGES:**

29. The claims of Plaintiff are barred in whole or in part by the First Amendment of the Constitution of the United States of America and comparable state law provisions.

**AS FOR AN EIGHTEENTH DEFENSE, MERCK ALLEGES:**

30. Plaintiff's claims are barred in whole or in part because the product at issue conformed to the state-of-the-art for the design and manufacture of such, or similar, products at the time it was manufactured.

**AS FOR A NINETEENTH DEFENSE, MERCK ALLEGES:**

31. There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

**AS FOR A TWENTIETH DEFENSE, MERCK ALLEGES:**

32. This case is more appropriately brought in a different venue.

**AS FOR A TWENTY-FIRST**
**DEFENSE, MERCK ALLEGES:**

33. Venue in this case is improper.

**AS FOR A TWENTY-SECOND**
**DEFENSE, MERCK ALLEGES:**

34. The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, Plaintiff has brought actions and have received judgments on parts of some or all claims asserted herein.

**AS FOR A TWENTY-THIRD**
**DEFENSE, MERCK ALLEGES:**

35. The claims of Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

**AS FOR A TWENTY-FOURTH**
**DEFENSE, MERCK ALLEGES:**

36. The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to Plaintiff's claims.

**AS FOR A TWENTY-FIFTH**
**DEFENSE, MERCK ALLEGES:**

37. The claims of Plaintiff may be barred, in whole and in part, by the doctrine of laches.

**AS FOR A TWENTY-SIXTH**
**DEFENSE, MERCK ALLEGES:**

38. The claims of Plaintiff are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

**AS FOR A TWENTY-SEVENTH**
**DEFENSE, MERCK ALLEGES:**

39. To the extent there were any risks associated with the use of the product which is the subject matter of this action that Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and governing state laws.

**AS FOR A TWENTY-EIGHTH**
**DEFENSE, MERCK ALLEGES:**

40. The claims of Plaintiff may be barred, in whole or in part, from recovery, due to spoliation of evidence.

**AS FOR A TWENTY-NINTH**
**DEFENSE, MERCK ALLEGES:**

41. The claims of Plaintiff may be barred, in whole or in part, by the governing state laws.

**AS FOR A THIRTIETH**
**DEFENSE, MERCK ALLEGES:**

42. Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

**AS FOR A THIRTY-FIRST**
**DEFENSE, MERCK ALLEGES:**

43. Plaintiff has not sustained any injury or damages compensable at law.

**AS FOR A THIRTY-SECOND**
**DEFENSE, MERCK ALLEGES:**

44. Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiff's failure to provide it with due process of law.

**AS FOR A THIRTY-THIRD**
**DEFENSE, MERCK ALLEGES:**

45. Plaintiff's claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

**AS FOR A THIRTY-FOURTH**
**DEFENSE, MERCK ALLEGES:**

46. Plaintiff's claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

**AS FOR A THIRTY-FIFTH**
**DEFENSE, MERCK ALLEGES:**

47. Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

**AS FOR A THIRTY-SIXTH**
**DEFENSE, MERCK ALLEGES:**

48. Plaintiff's claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

**AS FOR A THIRTY-SEVENTH**
**DEFENSE, MERCK ALLEGES:**

49. To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

**AS FOR A THIRTY-EIGHTH**
**DEFENSE, MERCK ALLEGES:**

50. The Plaintiff was careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages, or losses to Plaintiff.

**AS FOR A THIRTY-NINTH**
**DEFENSE, MERCK ALLEGES:**

51. To the extent that Plaintiff asserts claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

**AS FOR A FORTIETH**
**DEFENSE, MERCK ALLEGES:**

52. To the extent that Plaintiff asserts claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to Plaintiff's claims, Plaintiff has failed to allege facts that would overcome the defenses available under that state products liability law.

**AS FOR A FORTY-FIRST**
**DEFENSE, MERCK ALLEGES:**

53. To the extent that Plaintiff alleges a conspiracy claim, that claim is barred because Merck did not enter into any agreement with any other defendant or third party to further any alleged unlawful act by allegedly unlawful means.

**AS FOR A FORTY-SECOND**
**DEFENSE, MERCK ALLEGES:**

54. To the extent that Plaintiff alleges a negligence per se claim, that claim is barred on the grounds that such claims are not cognizable against Merck in this action.

**AS FOR A FORTY-THIRD**
**DEFENSE, MERCK ALLEGES:**

55. To the extent that Plaintiff seeks injunctive relief, that claim is barred by the doctrine of primary jurisdiction.

**AS FOR A FORTY-FOURTH**
**DEFENSE, MERCK ALLEGES:**

56. To the extent Plaintiff seeks to recover only economic loss in tort, Plaintiff's claims are barred by the economic loss doctrine.

**AS FOR A FORTY-FIFTH**
**DEFENSE, MERCK ALLEGES:**

57. Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks capacity and/or standing to bring such claims.

**AS FOR A FORTY-SIXTH**
**DEFENSE, MERCK ALLEGES:**

58. To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

**AS FOR A FORTY-SEVENTH**
**DEFENSE, MERCK ALLEGES:**

59. To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

**AS FOR A FORTY-EIGHTH DEFENSE, MERCK ALLEGES:**

60. To the extent that Plaintiff seeks punitive damages, that demand is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

**AS FOR A FORTY-NINTH DEFENSE, MERCK ALLEGES:**

61. Merck demands a trial by jury of all issues.

**AS FOR A FIFTIETH DEFENSE, MERCK ALLEGES:**

62. Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Merck reserves its rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

**AS FOR A FIFTY-FIRST DEFENSE, MERCK ALLEGES:**

63. Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

**AS FOR A FIFTY-SECOND DEFENSE, MERCK ALLEGES:**

64. Merck incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action. Merck hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding or trial

in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana. Merck hereby reserves the right to amend its answer to assert any such defense.

**AS FOR A FIFTY-THIRD**
**DEFENSE, MERCK ALLEGES:**

65. Merck further states that any warnings which were given were transmitted to the prescribing health care provider, and that under Texas law, Merck's only obligation is to warn the prescribing health care provider and said obligation was fulfilled.

**AS FOR A FIFTY-FOURTH**
**DEFENSE, MERCK ALLEGES:**

66. If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

**AS FOR A FIFTY-FIFTH**
**DEFENSE, MERCK ALLEGES:**

67. If Plaintiff sustained the injuries and damages alleged in the Complaint, such injuries resulted, in whole or in part, from the culpable conduct and negligence of Plaintiff and/or of third parties, not from any negligence or breach of duty by Merck. If judgment is rendered in Plaintiff's favor, the amount of such judgment must be reduced pursuant to the Proportionate Responsibility Statute § 33.001, *et seq*. of the Texas Civil Practice & Remedies Code.

**AS FOR A FIFTY-SIXTH**
**DEFENSE, MERCK ALLEGES:**

68. Merck is unaware at this time of any settlements by any alleged joint tortfeasor. In the event any settlement is or has been made by any alleged joint tortfeasor,

however, then Merck is entitled to a full credit, offset, pro rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling party, person, or other entity herein, and Merck makes known to the other parties and to the court that it will avail itself of its rights under §§ 33.012 *et seq.* of the Texas Civil Practice & Remedies Code.

**AS FOR A FIFTY-SEVENTH**
**DEFENSE, MERCK ALLEGES:**

69. Merck fully asserts § 82.001 and § 82.007 of the Texas Civil Practice and Remedies Code and states that all of Plaintiff's claims are barred under those sections.

**AS FOR A FIFTY-EIGHTH**
**DEFENSE, MERCK ALLEGES:**

70. To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

**AS FOR A FIFTY-NINTH**
**DEFENSE, MERCK ALLEGES:**

71. Any claims for exemplary damages are limited by Section 41.008 of the Texas Civil Practice and Remedies Code to two times the amount of actual damages or $200,000, whichever is greater. Merck asserts all other defenses and limitations on punitive damages contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

**AS FOR A SIXTIETH**
**DEFENSE, MERCK ALLEGES:**

72. Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law without proof of every element beyond a reasonable doubt would violate Merck's rights under Amendments IV, V, VI and XIV of the

United States Constitution and under Sections 9, 10, 14 and 19 of Article I of the Texas Constitution.

**AS FOR A SIXTY-FIRST**
**DEFENSE, MERCK ALLEGES:**

73. Unless Merck's liability for punitive damages and the appropriate amount of punitive damages are each required to be established by clear and convincing evidence under Texas law, any awards of punitive damages would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

**AS FOR A SIXTY-SECOND**
**DEFENSE, MERCK ALLEGES:**

74. Any claims for punitive damages against Merck cannot be sustained, because any award of punitive damages under Texas law without bifurcating the trial as to all punitive damages issues would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

**AS FOR A SIXTY-THIRD**
**DEFENSE, MERCK ALLEGES:**

75. Any claim for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law subject to no pre-determined limit, either a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

**AS FOR A SIXTY-FOURTH**
**DEFENSE, MERCK ALLEGES:**

76. Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law by a jury that

(1) is not provided any standard of sufficient clarity for determining the appropriateness, or the appropriate size of any punitive damages award

(2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment

(3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics

(4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible

(5) is not subject to judicial review on the basis of objective standards, would violate Merck's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

**AS FOR A SIXTY-FIFTH**
**DEFENSE, MERCK ALLEGES:**

77. Any claims for punitive damages against Merck cannot be sustained, because an award of punitive damages under Texas law for the purpose of compensating Plaintiff for elements of damages not otherwise recognized by Texas law would violate Merck's due

process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

**AS FOR A SIXTY-SIXTH**
**DEFENSE, MERCK ALLEGES:**

78. Merck asserts that the determination of the amount of punitive damages, if any, shall be bifurcated from the remaining issues pursuant to *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10 (Tex. 1994).

**AS FOR A SIXTY-SEVENTH**
**DEFENSE, MERCK ALLEGES:**

79. Vioxx is a prescription pharmaceutical that was available only upon the prescription of a licensed physician, and persons other than Merck, including Plaintiff's treating physicians and health care personnel and institutions, stood in the position of learned intermediaries between Merck and Plaintiff. Any claims against Merck accordingly are barred in whole or in part by the learned intermediary doctrine.

**AS FOR A SIXTY-EIGHTH**
**DEFENSE, MERCK ALLEGES:**

80. The imposition of punitive damages violates the open courts provision of the Texas Constitution.

**WHEREFORE**, defendant, Merck, prays for judgment as follows:

1. That its Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiff's Complaint with prejudice against Merck with costs assessed to Plaintiff;

2. Awarding Merck the cost and disbursements it incurred or may incur in connection with this action, including attorney's fees; and

3. Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated: March 29, 2007

Respectfully submitted,

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Merck & Co., Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL No. 1657, on this 29th day of March, 2007.

________________________