# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX | MDL Docket NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| *This document relates to ALL CASES* | JUDGE FALLON |
| | MAG. JUDGE KNOWLES |

**AFFIDAVIT OF DAVID P. MATTHEWS, ESQ. IN SUPPORT OF MOTION TO COMPEL THE RETURN OF ATTORNEY WORK PRODUCT**

Before me, the undersigned authority, personally appeared DAVID P. MATTHEWS, known by me to be the person whose name is subscribed below, and being by me duly sworn did depose on his oath as follows:

1. My name is David P. Matthews. I am over 21 years of age, an attorney licensed to practice in the State of Texas, the State of Mississippi, and the State of New York and fully competent to make this affidavit, which is based on my personal knowledge.

2. I represent plaintiffs asserting Vioxx claims against Merck & Co., Inc.

3. My firm has a coordinating agreement with the federal Plaintiffs Steering Committee.

4. While preparing my clients' Vioxx cases, particularly those with trial settings and pending in MASTER DOCKET NO. 2005-59499, In re: Texas State Vioxx Litigation, pending in the 157th District Court of Harris County, Texas or before the Choctaw Tribal Courts of the Mississippi Band of Choctaw Indians, I

Affidavit of David P. Matthews                                                                                                Page 1

contacted Scientific Evidence to assist in locating qualified experts to help prosecute claims against Merck. Scientific Evidence acted as an agent/consultant for purposes of locating and retaining such experts.

5. After contacting Scientific Evidence, at my request and instruction, my staff provided to the potential experts 5 compact disks of materials, many in zipped form, from Merck and other sources that were potentially relevant to subjects to be explored through expert testimony. The CDs included transcripts of depositions taken in Vioxx litigation and related exhibits, a transcript of Senate testimony related to Vioxx, a transcript of testimony from a Vioxx trial, FDA documents, clinical and scientific documents, as well as internal Merck documents related to Vioxx. These various documents were provided so that the potential experts could make their own determination regarding relevance to their particular area of expertise and to help familiarize experts with the litigation. These materials were not necessarily relevant to the discipline of any particular expert that we wished to retain.

6. When the documents were downloaded from our system to the CDs, the Agenda from August 19, 2005 Vioxx MDL Science Committee Conference Call (the "Agenda") was unintentionally included. Although an attorney under my supervision and I both reviewed the contents of the CDs before sending them to the potential experts via Scientific Evidence, the CDs contained a voluminous amount of data and the Agenda was inadvertently among the documents saved to one of the disks. This work product was provided to the potential experts as an oversight and

was not intended to inform the testimony and/or the content of any potential experts' opinions.

7. The work product document, the Agenda, was provided to the potential experts notwithstanding that I had policies and procedures designed to prevent disclosure of privileged information. It has long been my policy that communications between plaintiffs counsels, whether internal within the firm or between firms or members of committees of plaintiffs counsels and regardless of whether electronic or hard copy, are to be saved separately from non-privileged communications in an area designated as privileged. In the case of electronic communications, such privileged communications are to be saved in a separate area of the network, distinct from the area where non-privileged documents are maintained. In the case of hard copy documents, such privileged communications are to be kept in separate binders or files, clearly labeled as privileged and stored separately from other, non-privileged documents.

8. Through Scientific Evidence, the CDs were provided to Laura M. Plunkett, Ph.D., DABT and Lemuel A. Moye, M.D., Ph.D., both of whom I have designated as experts in Texas and Choctaw Tribal Courts as expert witnesses for several of my clients.

9. Upon receiving expert reports from doctors Plunkett and Moye, my firm forwarded copies of the reports to Merck's counsel in our Texas and Choctaw Tribal Court cases, along with lists of reliance materials and copies of the CDs that had been provided to each of these experts.

10. As with the contents of the CDs, the experts' lists of reliance materials are voluminous. The list of reliance materials provided to Dr. Moye, which is single spaced, is eighty-eight pages in length. The list of reliance materials provided to Dr. Plunkett, which is also single spaced, is eighty-one pages in length.

11 Each list of expert reliance materials identifies the work product that was inadvertently produced as "Vioxx Science Committee 08-19-05". This innocuous title did not alert me, or any other attorney at my firm, to the fact that the document was subject to a work product privilege. Neither list of reliance materials gave any indication that the document contains attorney work product. Since no individual at my firm was aware that the CDs contained work product, no efforts were made to remove such materials before the CDs were provided to Merck.

12. I first learned of the inadvertent production when it was brought to my attention on March 8, 2007 that Merck had attempted to use the work product to cross examine an MDL expert. Upon learning of the inadvertent disclosure, I mailed a letter to Merck's counsel demanding that pursuant to Rule 193.3 of the Texas Rules of Civil Procedure, the inadvertently produced materials be returned. A true and correct copy of that letter is attached hereto. Merck has failed to comply with this request and a hearing on this matter was held on March 26, 2007 before Judge Randy Wilson, the judge overseeing the consolidated Vioxx proceedings in Texas state court. As of the date of this affidavit, Judge Wilson had not made a ruling on this issue.

FURTHER AFFIANT SAYETH NOT.

_____
David P. Matthews

Signed and sworn before me on the __27th__ day of __March__, 2007.

_____
Notary Public in and for the
State of Texas

MARISOL SALAZAR
Notary Public, State of Texas
My Commission Expires
June 20, 2010

R:\VIOXX\PLEADINGS\PSC Matters\affidavit re inadvert disclosure.wpd

Affidavit of David P. Matthews                                                                                      Page 5



# Matthews & Associates
2905 Sackett   Houston, Texas 77098   (713) 222-8080   (713) 535-7184 (fax)

March 9, 2007

Richard L. Josephson
Baker Botts, LLP
One Shell Plaza
910 Louisiana
Houston Tx 77002

    Via Fax
    Via e-mail - richard.josephson@bakerbotts.com

Re: Vioxx litigation
   Dr. Lemuel Moye -
   Rule 193.3(d) NOTICE of INADVERTENT PRODUCTION and demand for return

Dear Richard:

I learned on March 8 that one of the CDs produced by Dr. Moye at his deposition included confidential - attorney work product document - specifically "Agenda for August 19, 2005 Vioxx MDL Science Committee Conference Call" bearing a "confidential - attorney work product" stamp.

This document is privileged and demand is made pursuant to TRCP 193.3(d) that you promptly return the CDs produced by Dr. Moye and all copies thereof, and that you also either destroy or return ell as all independently made copies of the subject document. We will provide you with replacement CDs that will not include the privileged document(s).

Request is also made that Merck no longer attempt to use this document in any deposition, discovery or trial proceedings.

Rule 193.3(d), the "snap-back" provision, applies to the CDs produced by Dr. Moye in his deposition. This letter constitutes an assertion of privilege as to this document and all other attorney work product that may have been inadvertently included on those CDs. Absent your agreement to comply with this request, we will file a formal motion.

Richard Josephson
Re: Vioxx Litigation
    Rule 193.3(d) NOTICE
March 9, 2007 - page 2
-------------------

If all Merck counsel agree to comply with this snap-back provision request, please sign below and return to me by close of business on Tuesday, March 13 2007.

Sincerely,

David P. Matthews

AGREED:

_____

DPM/jan

cc:
Gerry Lowry
Fulbright & Jaworski
1301 McKinney
Houston Tx 77010

Richard Josephson
Re: Vioxx Litigation
    Rule 193.3(d) NOTICE
March 9, 2007 - page 3
-------------------

Tommy Fibich
Sara Fendia