# EXHIBIT F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX | MDL Docket NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| *This document relates to ALL CASES* | JUDGE FALLON |
| | MAG. JUDGE KNOWLES |

## AFFIDAVIT OF LAURA M. PLUNKETT, PH.D., DABT IN SUPPORT OF MOTION TO COMPEL THE RETURN OF ATTORNEY WORK PRODUCT

Laura M. Plunkett, Ph.D., DABT being duly sworn, states the following:

1. I am a pharmacologist, toxicologist, United States Food and Drug Administration (FDA) regulatory specialist, and principal of a consulting company known as Integrative Biostrategies, LLC. I have over twenty years of experience in the areas of pharmacology and toxicology and have worked in both government and academic research and have taught pharmacology and toxicology at the undergraduate and postgraduate levels.

2. In December, 2004, I was retained by Abraham, Watkins, Nichols, Sorrels & Friend ("Abraham Watkins") to provide opinion testimony on subjects within my discipline. I have prepared an expert report and have appeared as an expert witness for state court plaintiffs asserting claims against Merck & Co., Inc.

1

3. To assist me in preparing my expert report in the Vioxx litigation, Scientific Evidence forwarded to me 12 CDs that contained a voluminous number of documents. Given the volume of documents on the CDs, I initiated my review of the materials by making a cursory review of each document to make a threshold determination of relevance. I set aside and/or did not review those items that I determined to have little or no relevance to my objectives.

4. For instance, the CDs contain several trial and deposition transcripts that have little or no relevance to my area of expertise. While I skimmed many of these items, I set them aside as soon as I was able to ascertain that they would not inform my opinion. Another example is the document entitled "Vioxx Science Committee 08-19-05". Consistent with my practice, I would have observed this document during my initial review and set it aside as being irrelevant for my purposes.

5. When I was deposed on June 1, 2006, defense counsel questioned me about the first item listed on the list of reliance materials accompanying my expert report, which is the document titled "Vioxx Science Committee 08-19-05". At that time of the deposition, I did not specifically recall reviewing this particular document and it was not presented to me as an exhibit or otherwise during the course of the deposition. I have no independent recollection of ever having specifically reviewed the document titled "Vioxx Science Committee 08-19-05".

6. I did not consider, rely upon, or otherwise take into account the document titled "Vioxx Science Committee 08-19-05", when drafting my expert report or when forming my opinion in

the Vioxx litigation.

FURTHER AFFIANT SAYETH NOT.

Dated: March 28, 2007

LAURA M. PLUNKETT

LISA GONZALES
MY COMMISSION EXPIRES
February 15, 2009

Subscribed and sworn to before me this 28th day of March, 2007.

Notary Public

3