IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | ) | MDL NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | ) | SECTION: L |
| | ) | JUDGE FALLON |
| THIS DOCUMENT RELATES TO: | ) | |
| ALL MEDICAL MONITORING CLASS ACTION COMPLAINTS PENDING OR SUBJECT TO TRANSFER TO MDL 1657 | ) | MAGISTRATE JUDGE KNOWLES |

**MERCK'S SURREPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND THE PERSONAL INJURY MASTER CLASS ACTION COMPLAINT**

Plaintiffs' Reply Brief in Support of their Motion to Amend the Personal Injury Master Class Action Complaint ("Pls.' Reply") seeks to breathe life into personal injury class actions that this Court has already declared to be uncertifiable. According to plaintiffs, the Court should grant their motion because: (1) Merck's argument that amendment would be futile is based on mere "conjecture;" and (2) there are a handful of cases around the country where courts have certified personal injury classes. As set forth below, both of these arguments are erroneous. In fact, this is precisely the type of case in which courts have denied motions to amend due to futility, and the caselaw from this Circuit, including *Castano*, *Propulsid*, and *In re Vioxx*, leaves no possibility for certifying a personal injury class of Vioxx users.

*First*, plaintiffs' effort to distinguish this case from cases where courts have denied motions to amend is unavailing. Plaintiffs assert that the cases cited by Merck in its Opposition are distinguishable because they involve actual instances of futility, whereas Merck is relying solely on "conjecture by counsel." (Pls.' Reply at 2.) However, it is hard to imagine a clearer

865632v.1

case of futility than one like this, where the Court has already spoken to propriety of the certification of a personal injury class of Vioxx users. While plaintiffs argue that the Court "purposely left open the prospect of state-wide classes" in its Order (Pls.' Reply at 3), the Court's holding and language compel a different conclusion. As discussed in Merck's Opposition, in denying certification of the nationwide personal injury class, the Court did not simply rely on differences among the laws of the 50 states, but also found that individualized factual determinations were necessary for determination of each plaintiff's claim, a finding that precludes state-wide certification as well. *In re Vioxx Prods. Liab. Litig.*, 239 F.R.D. 450, 461 (E.D. La. 2006) (certification not appropriate in part because of variations in "what Merck knew about the risks of the alleged injury when the patient was prescribed Vioxx[,] what Merck told physicians and consumers about those risks in the Vioxx label and other media, what the plaintiffs' physicians knew about these risks from other sources, and whether the plaintiffs' physicians would still have prescribed Vioxx had stronger warnings been given").

Plaintiffs also imply that the futility inquiry only applies where a court is barred from hearing a case due to limitations or jurisdictional grounds and that it is inappropriate to find futility merely because claims are improperly aggregated. In fact, however, courts have denied motions to amend in precisely these circumstances. *See, e.g., McNaughton v. Merck & Co., Inc.*, 04 Civ. 8297, 2004 U.S. Dist. LEXIS 30287, at *8 (S.D.N.Y. Dec. 17, 2004) (denying plaintiffs' Rule 15(a) motion to amend because such amendment would be futile). In *McNaughton*, for example, the court considered a motion by plaintiffs seeking leave to supplement their complaint by adding 64 additional plaintiffs who had allegedly suffered health consequences from taking Vioxx. *Id.* at *1. The court denied the motion to amend, finding that plaintiffs could not satisfy the permissive joinder requirements of Rule 20 because, *inter alia*, "the plaintiffs 'do not allege

2

that they received [the drug] from the same source or that they were exposed to [the drug] for similar periods of time.'" *Id.* at *5 (citing *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 145-46 (S.D.N.Y. 2001)).

***Second***, while plaintiffs are correct that there remains a narrow set of personal injury cases that might be certified as class actions in certain circuits and under certain circumstances, the law of the Fifth Circuit is clear that this narrow set does ***not*** include product liability cases like those here – where individuals were exposed to the product at different periods for different durations of time, the defendant's knowledge of the product's alleged risks changed over time, and the warning label on which the company conveyed the risks changed during the class period as well. *See*, *e.g.*, *Castano v. American Tobacco Co.*, 84 F.3d 734, 743 (5th Cir. 1996) (finding class certification inappropriate because, *inter alia*, "class members were exposed to nicotine through different products, for different amounts of time, and over different time periods," "[e]ach class member's knowledge about the effects of smoking differs, and each plaintiff began smoking for different reasons," requiring individualized inquiries with regard to causation, reliance, comparative fault, and other affirmative defenses); *In re Propulsid Prods. Liab. Litig.*, 208 F.R.D. 133, 147 (E.D. La. 2002) (denying certification of a prescription drug class because, *inter alia*, "variations involving proof of causation, the effect of warnings, the significance of the defendants' direct marketing to consumers, and other similar issues may swamp any common issues and defeat cohesiveness").

Plaintiffs cite no cases to the contrary. While the U.S. Court of Appeals for the Fifth Circuit did uphold certification of a personal injury class in *Mullen v. Treasure Chest Casino*, 186 F.3d 620 (5th Cir. 1999) (Pls.' Reply at 3), involving faulty ventilation, the court there explicitly distinguished that case from those involving plaintiffs exposed to products "from

3

different sources over different time periods." *Id.* at 626.  Moreover, the court based its decision upholding certification on the fact that the plaintiffs all claimed the **same** injury, over the **same** general period of time, from the **same** ventilation system.  *Id.* at 627.  As demonstrated *supra* and in prior briefing, this "sameness" is simply not present in the Vioxx cases.

For the foregoing reasons, and those set forth in Merck's Opposition, the Court should deny plaintiffs' Motion to Amend.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, LA 70130

Defendants' Liaison Counsel

And

John H. Beisner
Jessica Davidson Miller
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth St., N.W.
Washington, DC 20005

Attorneys for Merck & Co., Inc.

865632v.1

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Surreply has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 2d day of April, 2007.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

865632v.1