UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX MARKETING, SALES | * | MDL No. 1657 |
| PRACTICES AND PRODUCTS LIABILITY | * | |
| LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | DANIEL E. KNOWLES, III |
| | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THIS DOCUMENT RELATES TO:** *William Narron v. Merck & Company, Inc. et al.,* **Case No. 06-7076.**

## ANSWER OF DEFENDANT MISTY KUPERMAN RICHTER

Defendant Misty Kuperman Richter ("Richter" or "Defendant"), identified in the

Complaint as Misty L. Kuperman, by and through her undersigned counsel, answers the

Plaintiffs' Complaint as follows:

### RESPONSE TO COMPLAINT

#### RESPONSE TO
#### "INTRODUCTION"

1.      Denies each and every allegation directed towards Defendant contained in

the unnumbered paragraph of the Complaint under the heading "Introduction," except admits

that Merck & Co., Inc. ("Merck") manufactured, marketed, and distributed the prescription

medicine Vioxx® ("Vioxx") until Merck voluntarily withdrew Vioxx from the worldwide

market on September 30, 2004, and that Merck employed professional representatives to have product discussions involving Vioxx with health care providers. Defendant further avers that the prescription medicine Vioxx was approved by the U.S. Food & Drug Administration ("FDA") as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

## RESPONSE TO
## "JURISDICTION AND VENUE"

2.    The allegations contained in the first and second sentences of paragraph 1 of the Complaint are legal conclusions to which no responsive pleadings are required. Should a response be deemed required, Defendant denies each and every allegation contained in the first and second sentences of paragraph 1 of the Complaint, as she is without knowledge or information sufficient to form a belief as to the truth therein, except admits that the Plaintiff purports to state a claim in excess of $75,000 but denies that there is any legal or factual basis for such relief. The allegations contained in the third sentence of paragraph 1 of the Complaint are legal conclusions to which no responsive pleadings are required. Should a response be deemed required, Defendant denies each and every allegation directed towards Defendant contained in the third sentence of paragraph 1 of the Complaint.

## RESPONSE TO
## "GENERAL ALLEGATIONS"

3.    Denies each and every allegation directed towards Defendant contained in paragraph 2 of the Complaint, as she is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide

market on September 30, 2004. Defendant further admits that the Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

4.      Denies each and every allegation directed towards Defendant contained in paragraph 3 of the Complaint.

5.      Denies each and every allegation directed towards Defendant contained in paragraph 4 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck employed professional representatives to have product discussions involving Vioxx with health care providers.

6.      The allegations contained in paragraph 5 of the Complaint are not directed towards Defendant and therefore no responsive pleading is required. Should a response be deemed required, Defendant denies each and every allegation contained in paragraph 5 of the Complaint, as she is without knowledge or information sufficient to form a belief as to the truth therein.

7.      Denies each and every allegation directed towards Defendant contained in paragraph 6 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck employed professional representatives to have product discussions involving Vioxx with health care providers.

8.      The allegations contained in paragraph 7 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations not directed towards Defendant in paragraph 7 of the Complaint, and denies each and every allegation directed towards Defendant in paragraph 7 of the Complaint.

**RESPONSE TO
"THE PARTIES"**

9.    Denies each and every allegation contained in paragraph 8 of the Complaint.

10.    The allegations contained in paragraph 9 of the Complaint are not directed towards Defendant and therefore no responsive pleading is required.   Should a response be deemed required, Defendant denies each and every allegation contained in paragraph 9 of the Complaint, as she is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

11.    Denies each and every allegation directed towards Defendant contained in paragraph 10 of the Complaint, including its subparts (1) through (3), except admits that Merck employed professional representatives to have product discussions involving Vioxx with health care providers, and that Defendant has been and is presently employed by Merck as a professional representative.

12.    Denies each and every allegation directed towards Defendant contained in paragraph 11 of the Complaint, as she is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Plaintiff purports to seek damages but denies that there is any legal or factual basis for such relief.

4

**RESPONSE TO
"OVERVIEW"**

13.     Denies each and every allegation directed towards Defendant contained in paragraph 12 of the Complaint, except admits that Vioxx reduces pain and inflammation and was prescribed to millions of patients by health care providers. Defendant further admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

14.     The allegations contained in the first and third sentences of paragraph 13 of the Complaint are not directed at Defendant and thus no response is required.  Should a response be deemed required, Defendant denies each and every allegation contained in the first and third sentences of paragraph 13 of the Complaint, as she is without knowledge or information sufficient to form a belief as to the truth therein.  Defendant denies each and every allegation contained in the second and fourth sentences of paragraph 13 of the Complaint and avers that Vioxx was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in FDA-approved prescribing information and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

15.     The allegations contained in paragraph 14 of the Complaint are not directed at Defendant and thus no response is required.  Should a response be deemed required, Defendant denies each and every allegation contained in paragraph 14 of the Complaint, as she is without knowledge or information sufficient to form a belief as to the truth therein.

## RESPONSE TO "FACTUAL ALLEGATIONS
## COMMON TO ALL CAUSES OF ACTION"

16.     Denies each and every allegation directed towards Defendant contained in paragraph 15 of the Complaint, except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx subject to the information contained in the FDA-approved prescribing information for Vioxx, and respectfully refers the Court to the relevant prescribing information for its actual language and full text. Defendant further admits that Merck marketed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

17.     Denies each and every allegation contained in paragraph 16 of the Complaint, except admits that Vioxx, which reduces pain and inflammation, is part of a class of drugs known as non-steroidal anti-inflammatory drugs ("NSAIDs"), and that the mechanism of action is believed to be due to inhibition of prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase-2 ("COX-2").

18.     Denies each and every allegation directed towards Defendant contained in paragraph 17 of the Complaint, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

19.     Denies each and every allegation directed towards Defendant contained in paragraph 18 of the Complaint, except admits that Vioxx, like all prescription drugs, has had certain reported adverse events associated with its use, which were described in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

20.     Denies each and every allegation directed towards Defendant contained in paragraph 19 of the Complaint, except admits that Merck manufactured, marketed, and

distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

21.     Denies each and every allegation directed towards Defendant contained in paragraph 20 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck employed professional representatives to have product discussions involving Vioxx with health care providers.

22.     Denies each and every allegation directed towards Defendant contained in paragraph 21 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.

23.     Denies each and every allegation directed towards Defendant contained in paragraph 22 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information and literature for its actual language and full text.     Defendant further admits that Merck employed professional representatives to have product discussions involving Vioxx with health care providers.

24.     Denies each and every allegation directed towards Defendant contained in paragraph 23 of the Complaint.

25.     The allegations contained in paragraph 24 of the Complaint are not directed at Defendant and thus no response is required.  Should a response be deemed required, Defendant denies each and every allegation contained in paragraph 24 of the Complaint, including its subparts a through f, as she is without knowledge or information sufficient to form a belief as to the truth therein.

26.     Denies each and every allegation directed towards Defendant contained in paragraph 25 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

27.     Denies each and every allegation contained in paragraph 26 of the Complaint.

## RESPONSE TO "FIRST CAUSE OF ACTION: STRICT LIABILITY – FAILURE TO WARN"

28.     With respect to the allegations contained in paragraph 27 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 27 of this Answer with the same force and effect as though set forth here in full.

29.     Denies each and every allegation directed towards Defendant contained in paragraph 28 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

30.     Denies each and every allegation directed towards Defendant contained in paragraph 29 of the Complaint.

31.     Denies each and every allegation contained in paragraph 30 of the Complaint.

8

## RESPONSE TO
## "SECOND CAUSE OF ACTION: NEGLIGENCE"

32.     With respect to the allegations contained in paragraph 31 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 31 of this Answer with the same force and effect as though set forth here in full.

33.     The allegations contained in paragraph 32 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Defendant denies each and every allegation directed towards Defendant contained in paragraph 32 of the Complaint.  Defendant further denies that she violated any applicable law, duty, or standard of care in connection with Vioxx.

34.     Denies each and every allegation directed towards Defendant contained in paragraph 33 of the Complaint.

35.     Denies each and every allegation directed towards Defendant contained in paragraph 34 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

36.     Denies each and every allegation directed towards Defendant contained in paragraph 35 of the Complaint.

## RESPONSE TO "THIRD CAUSE OF ACTION
## FOR BREACH OF IMPLIED WARRANTY"

37.     With respect to the allegations contained in paragraph 36 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement

9

contained in paragraphs 1 through 36 of this Answer with the same force and effect as though set forth here in full.

38.     The allegations contained in paragraph 37 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Defendant denies each and every allegation directed towards Defendant contained in paragraph 37 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

39.     Denies each and every allegation contained in paragraph 38 of the Complaint, as she is without knowledge or information sufficient to form a belief as to the truth therein.

40.     Denies each and every allegation directed towards Defendant contained in paragraph 39 of the Complaint.

41.     Denies each and every allegation directed towards Defendant contained in paragraph 40 of the Complaint.

### RESPONSE TO "FOURTH CAUSE OF ACTION FOR BREACH OF EXPRESS WARRANTY"

42.     With respect to the allegations contained in paragraph 41 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 41 of this Answer with the same force and effect as though set forth here in full.

10

43.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Defendant in paragraph 42 of the Complaint, and denies each and every allegation directed towards Defendant in paragraph 42 of the Complaint, except admits that Merck marketed the prescription medicine Vioxx, which was approved by the FDA as safe and effective for certain indicated uses subject to the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

44.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Defendant in paragraph 43 of the Complaint, and denies each and every allegation directed towards Defendant in paragraph 43 of the Complaint.

45.     Denies each and every allegation directed towards Defendant contained in paragraph 44 of the Complaint.

## RESPONSE TO "FIFTH CAUSE OF ACTION: DECEIT BY CONCEALMENT"

46.     With respect to the allegations contained in paragraph 45 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 45 of this Answer with the same force and effect as though set forth here in full.

47.     The allegations contained in paragraph 46 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, Defendant denies each and every allegation directed towards Defendant contained in paragraph 46 of the Complaint.  Defendant further denies that she violated any applicable law, duty, or standard of care in connection with Vioxx.

11

48.     The allegations contained in paragraph 47 of the Complaint are not directed towards Defendant and therefore no responsive pleading is required. Should a response be deemed required, Defendant denies each and every allegation contained in paragraph 47 of the Complaint, as she is without knowledge or information sufficient to form a belief as to the truth therein, except admits that Merck has conducted studies related to Vioxx and respectfully refers the Court to those studies for their actual conclusions and full text.

49.     The allegations contained in paragraph 48 of the Complaint are not directed towards Defendant and therefore no responsive pleading is required. Should a response be deemed required, Defendant denies each and every allegation contained in paragraph 48 of the Complaint, as she is without knowledge or information sufficient to form a belief as to the truth therein.

50.     Denies each and every allegation directed towards Defendant contained in paragraph 49 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck employed professional representatives to have product discussions involving Vioxx with health care providers.

51.     Denies each and every allegation directed towards Defendant contained in paragraph 50 of the Complaint.

52.     Denies each and every allegation directed towards Defendant contained in paragraph 51 of the Complaint.

## RESPONSE TO "SIXTH CAUSE OF ACTION: NEGLIGENT MISREPRESENTATION"

53.     With respect to the allegations contained in paragraph 52 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement

12

contained in paragraphs 1 through 52 of this Answer with the same force and effect as though set forth here in full.

54.     Denies each and every allegation directed towards Defendant contained in paragraph 53 of the Complaint, except admits that that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Merck employed professional representatives to have product discussions involving Vioxx with health care providers.

55.     Denies each and every allegation directed towards Defendant contained in paragraph 54 of the Complaint, except admits that Merck employed professional representatives to have product discussions involving Vioxx with health care providers.

56.     Denies each and every allegation directed towards Defendant contained in paragraph 55 of the Complaint.

57.     Denies each and every allegation directed towards Defendant contained in paragraph 56 of the Complaint.

58.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed towards Defendant in paragraph 57 of the Complaint, and denies each and every allegation directed towards Defendant in paragraph 57 of the Complaint.

59.     Denies each and every allegation directed towards Defendant contained in paragraph 58 of the Complaint.

13

**RESPONSE TO
"PUNITIVE DAMAGES ALLEGATIONS (AS TO THE
FIRST, SECOND, FIFTH, AND SIXTH CAUSES OF ACTION, ONLY)"**

60. With respect to the allegations contained in paragraph 59 of the Complaint, repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 59 of this Answer with the same force and effect as though set forth here in full.

61. Denies each and every allegation directed towards Defendant contained in paragraph 60 of the Complaint, except admits that Plaintiff purports to seek damages but denies that there is any legal or factual basis for such relief.

62. Denies each and every allegation directed towards Defendant contained in paragraph 61 of the Complaint.

63. Denies each and every allegation directed towards Defendant contained in paragraph 62 of the Complaint, except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

64. Denies each and every allegation directed towards Defendant contained in paragraph 63 of the Complaint, except admits that Plaintiff purports to seek exemplary damages but denies that there is any legal or factual basis for such relief.

65. The allegations contained in the unnumbered "Wherefore" paragraph after paragraph 63 of the Complaint constitute a prayer for relief as to which no response is required. Should a response be deemed required, Defendant denies each and every allegation directed towards Defendant contained in the unnumbered "Wherefore" paragraph of the Complaint,

14

including its subparts 1 through 12, except admits that Plaintiff purports to seek economic and other relief but denies that there is any legal or factual basis for such relief.

## RESPONSE TO
## "DEMAND FOR JURY TRIAL"

66.     The allegations contained in the final, unnumbered paragraph under the heading "Demand for Jury Trial" of the Complaint are legal conclusions as to which no responsive pleading is required.

## AS FOR A FIRST
## DEFENSE, DEFENDANT ALLEGES:

67.     The claims of Plaintiff may be time-barred, in whole or in part, under prescription, peremption, statutes of repose, applicable federal or state statute of limitations, or are otherwise untimely.

## AS FOR A SECOND
## DEFENSE, DEFENDANT ALLEGES:

68.     The Complaint fails to state a claim upon which relief can be granted.

## AS FOR A THIRD
## DEFENSE, DEFENDANT ALLEGES:

69.     The claims of the Plaintiff may be barred, in whole or in part, from recovery because Plaintiff has made statements or taken actions that preclude Plaintiff from asserting claims or constitute a waiver of Plaintiff's claims.

## AS FOR A FOURTH
## DEFENSE, DEFENDANT ALLEGES:

70.     The claims of the Plaintiff may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

**AS FOR A FIFTH**
**DEFENSE, DEFENDANT ALLEGES:**

71.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver, or statutory and regulatory compliance.

**AS FOR A SIXTH**
**DEFENSE, DEFENDANT ALLEGES:**

72.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

**AS FOR A SEVENTH**
**DEFENSE, DEFENDANT ALLEGES:**

73.     To the extent that Plaintiff asserts claims based on Defendant's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

**AS FOR AN EIGHTH**
**DEFENSE, DEFENDANT ALLEGES:**

74.     To the extent that Plaintiff asserts claims based upon an alleged failure by Defendant to warn Plaintiff directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Defendant discharged her duty to warn in her warnings to the prescribing physician.

**AS FOR A NINTH**
**DEFENSE, DEFENDANT ALLEGES:**

75.     If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to Vioxx or any other drug or pharmaceutical preparation.

## AS FOR A TENTH
## DEFENSE, DEFENDANT ALLEGES:

76.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendant and over whom Defendant had no control and for whom Defendant may not be held accountable.

## AS FOR A ELEVENTH
## DEFENSE, DEFENDANT ALLEGES:

77.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff's misuse or abuse of Vioxx.

## AS FOR A TWELFTH
## DEFENSE, DEFENDANT ALLEGES:

78.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiff's pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this defendant is not responsible.

## AS FOR A THIRTEENTH
## DEFENSE, DEFENDANT ALLEGES:

79.    To the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

## AS FOR A FOURTEENTH
## DEFENSE, DEFENDANT ALLEGES:

80.     To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under applicable state law.

## AS FOR A FIFTEENTH
## DEFENSE, DEFENDANT ALLEGES:

81.     To the extent that Plaintiff asserts claims against Merck based on fraud, these claims are barred by reason of the failure of Plaintiff to allege the circumstances constituting fraud with particularity, as required by Rule 9(b) of the Federal Rules of Civil Procedure and comparable state law provisions.

## AS FOR A SIXTEENTH
## DEFENSE, DEFENDANT ALLEGES:

82.     Plaintiff's claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A SEVENTEENTH
## DEFENSE, DEFENDANT ALLEGES:

83.     The claims of Plaintiff are barred in whole or in part by the First Amendment of the Constitution of the United States of America and comparable state law provisions.

## AS FOR AN EIGHTEENTH
## DEFENSE, DEFENDANT ALLEGES:

84.     Plaintiff's claims are barred in whole or in part because the product at issue conformed to the state-of-the-art for the design and manufacture of such, or similar, products at the time it was manufactured.

18

## AS FOR A NINETEENTH
## DEFENSE, DEFENDANT ALLEGES:

85.     There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

## AS FOR A TWENTIETH
## DEFENSE, DEFENDANT ALLEGES:

86.     This case is more appropriately brought in a different venue.

## AS FOR A TWENTY-FIRST
## DEFENSE, DEFENDANT ALLEGES:

87.     Venue in this case is improper.

## AS FOR A TWENTY-SECOND
## DEFENSE, DEFENDANT ALLEGES:

88.     The claims of Plaintiff may be barred, in whole or in part, from recovery because, in this or other courts, Plaintiff has brought actions and have received judgments on parts of some or all claims asserted herein.

## AS FOR A TWENTY-THIRD
## DEFENSE, DEFENDANT ALLEGES:

89.     The claims of Plaintiff may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

## AS FOR A TWENTY-FOURTH
## DEFENSE, DEFENDANT ALLEGES:

90.     The claims of Plaintiff may be barred, in whole or in part, from recovery by release as to Plaintiff's claims.

## AS FOR A TWENTY-FIFTH
## DEFENSE, DEFENDANT ALLEGES:

91.    The claims of Plaintiff may be barred, in whole and in part, by the doctrine

of laches.

## AS FOR A TWENTY-SIXTH
## DEFENSE, DEFENDANT ALLEGES:

92.    The claims of Plaintiff are barred, in whole or in part, by Plaintiff's failure

to mitigate damages.

## AS FOR A TWENTY-SEVENTH
## DEFENSE, DEFENDANT ALLEGES:

93.    To the extent there were any risks associated with the use of the product

which is the subject matter of this action that Defendant knew or should have known and which

gave rise to a duty to warn, Defendant at all times discharged such duty through appropriate and

adequate warnings in accordance with federal and governing state laws.

## AS FOR A TWENTY-EIGHTH
## DEFENSE, DEFENDANT ALLEGES:

94.    The claims of Plaintiff may be barred, in whole or in part, from recovery,

due to spoliation of evidence.

## AS FOR A TWENTY-NINTH
## DEFENSE, DEFENDANT ALLEGES:

95.    The claims of Plaintiff may be barred, in whole or in part, by the

governing state laws.

## AS FOR A THIRTIETH
## DEFENSE, DEFENDANT ALLEGES:

96.    Any conduct allegedly causing liability on the part of Merck is not a

substantial cause or factor of any potential or actual injury or damage, if any.

## AS FOR A THIRTY-FIRST
## DEFENSE, DEFENDANT ALLEGES:

97.     Plaintiff has not sustained any injury or damages compensable at law.

## AS FOR A THIRTY-SECOND
## DEFENSE, DEFENDANT ALLEGES:

98.     Defendant reserves her right to dismiss the Complaint and seek further

relief for Plaintiff's failure to provide her with due process of law.

## AS FOR A THIRTY-THIRD
## DEFENSE, DEFENDANT ALLEGES:

99.     Plaintiff's claims are barred in whole or in part under comment k to

Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-FOURTH
## DEFENSE, DEFENDANT ALLEGES:

100.    Plaintiff's claims are barred in whole or in part because Defendant

provided adequate "directions or warnings" as to the use of Vioxx and any other drug or

pharmaceutical preparation Plaintiff alleges to have taken within the meaning of comment j to

Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-FIFTH
## DEFENSE, DEFENDANT ALLEGES:

101.    Plaintiff's claims are barred under Section 4, *et seq.*, of the Restatement

(Third) of Torts: Products Liability.

## AS FOR A THIRTY-SIXTH
## DEFENSE, DEFENDANT ALLEGES:

102.    Plaintiff's claims are barred in whole or in part because Vioxx "provides

net benefits for a class of patients" within the meaning of comment f to Section 6 of the

Restatement (Third) of Torts: Product Liability.

**AS FOR A THIRTY-SEVENTH
DEFENSE, DEFENDANT ALLEGES:**

103.  To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed.

**AS FOR A THIRTY-EIGHTH
DEFENSE, DEFENDANT ALLEGES:**

104.  The Plaintiff was careless and negligent in the matters alleged, thereby causing and contributing to any alleged injuries, damages, or losses to Plaintiff.

**AS FOR A THIRTY-NINTH
DEFENSE, DEFENDANT ALLEGES:**

105.  To the extent that Plaintiff asserts claims against Merck based on theories of liability not provided for in the state products liability provisions applicable to this action, those claims are barred.

**AS FOR A FORTIETH
DEFENSE, DEFENDANT ALLEGES:**

106.  To the extent that Plaintiff asserts claims against Merck based on theories of liability or elements of damages provided in the state products liability law applicable to Plaintiff's claims, Plaintiff has failed to allege facts that would overcome the defenses available under that state products liability law.

**AS FOR A FORTY-FIRST
DEFENSE, DEFENDANT ALLEGES:**

107.  To the extent that Plaintiff alleges a conspiracy claim, that claim is barred because Defendant did not enter into any agreement with any other defendant or third party to further any alleged unlawful act by allegedly unlawful means.

## AS FOR A FORTY-SECOND
## DEFENSE, DEFENDANT ALLEGES:

108.    To the extent that Plaintiff alleges a negligence per se claim, that claim is

barred on the grounds that such claims are not cognizable against Defendant in this action.

## AS FOR A FORTY-THIRD
## DEFENSE, DEFENDANT ALLEGES:

109.    To the extent that Plaintiff seeks injunctive relief, that claim is barred by

the doctrine of primary jurisdiction.

## AS FOR A FORTY-FOURTH
## DEFENSE, DEFENDANT ALLEGES:

110.    To the extent Plaintiff seeks to recover only economic loss in tort,

Plaintiff's claims are barred by the economic loss doctrine.

## AS FOR A FORTY-FIFTH
## DEFENSE, DEFENDANT ALLEGES:

111.    Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks

capacity and/or standing to bring such claims.

## AS FOR A FORTY-SIXTH
## DEFENSE, DEFENDANT ALLEGES:

112.    To the extent that Plaintiff seeks punitive damages for the conduct which

allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate

Defendant's state and federal constitutional rights.

## AS FOR A FORTY-SEVENTH
## DEFENSE, DEFENDANT ALLEGES:

113.    To the extent that Plaintiff seeks punitive damages for an alleged act or

omission of Defendant, no act or omission was malicious, willful, wanton, reckless, or grossly

negligent and, therefore, any award of punitive damages is barred.

## AS FOR A FORTY-EIGHTH
## DEFENSE, DEFENDANT ALLEGES:

114.    To the extent that Plaintiff seeks punitive damages, that demand is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A FORTY-NINTH
## DEFENSE, DEFENDANT ALLEGES:

115.    Merck demands a trial by jury of all issues.

## AS FOR A FIFTIETH
## DEFENSE, DEFENDANT ALLEGES:

116.    Pursuant to Pre-Trial Order No. #11 of the Multidistrict Litigation, Defendant reserves her rights regarding transfer of this matter, upon the completion of all pre-trial proceedings, to a federal district court of proper venue pursuant to, among others, 28 U.S.C. 1404(a) & 1406(a).

## AS FOR A FIFTY-FIRST
## DEFENSE, DEFENDANT ALLEGES:

117.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Defendant to determine all of her legal, contractual, and equitable rights, Defendant reserves the right to amend and/or supplement the averments of her Answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

## AS FOR A FIFTY-SECOND
## DEFENSE, DEFENDANT ALLEGES:

118.    Defendant incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action. Defendant hereby gives notice that she intends to rely upon such other defenses as may become available or appear during discovery

proceeding or trial in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana. Defendant hereby reserves the right to amend her answer to assert any such defense.

## AS FOR A FIFTY-THIRD
## DEFENSE, DEFENDANT ALLEGES:

119.   Defendants Merck, Kerry Edwards, Ken Hutchinson, Nancy Moredock, Serge Brunet, Tracey Phillippi, Jerry Shaw, Karen Shouse, Ladon Gay Silva, Debbie Lee, Nancy Nielsen, Lisa Davis, Ricky Gulati, Fred Auzene, Tina Damore, Julie Diane Wurch, Nicole Lorenzzi, Leann Bonner-Welch, and/or Paul Perry are improperly joined.

## AS FOR A FIFTY-FOURTH
## DEFENSE, DEFENDANT ALLEGES:

120.   If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence or other conduct of the allegedly injured Plaintiff.

## AS FOR A FIFTY-FIFTH
## DEFENSE, DEFENDANT ALLEGES:

121.   Any liability that might otherwise be imposed upon Defendant is subject to reduction by the application of the doctrine of comparative negligence.

## AS FOR A FIFTY-SIXTH
## DEFENSE, DEFENDANT ALLEGES:

122.   If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, the proximate cause of such injuries or losses was use or consumption of Vioxx that was for a purpose, in a manner or in an activity other than that which was reasonably foreseeable or was contrary to express and adequate instructions or warnings appearing on or attached to Vioxx or on its original container or wrapping or otherwise provided,

and Plaintiff knew or with the exercise of reasonable and diligent care should have known of such instructions or warnings.

## AS FOR A FIFTY-SEVENTH
## DEFENSE, DEFENDANT ALLEGES:

123.    Plaintiff's claims are barred, in whole or in part, because the designs, methods, and techniques of manufacturing, inspecting, testing, and labeling Vioxx conformed with the state of the art at the time Vioxx was first sold.

## AS FOR A FIFTY-EIGHTH
## DEFENSE, DEFENDANT ALLEGES:

124.    To the extent Plaintiff seeks punitive damages for an alleged act or omission of Defendant, no such act or omission was of a nature to warrant punitive damages and, therefore, any award of punitive damages is barred.

## AS FOR A FIFTY-NINTH
## DEFENSE, DEFENDANT ALLEGES:

125.    To the extent Plaintiff seeks punitive damages, such claim is barred because Vioxx and its labeling were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301. Further, Arizona Rev. Stat. § 12-701 further bars punitive damages.

## AS FOR A SIXTIETH
## DEFENSE, DEFENDANT ALLEGES:

126.    To the extent Plaintiff seeks punitive damages, Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive damage awards that arose in the decision of *BMW of North America v. Gore*, 517 U.S. 559, 116 S. Ct. 1589 (1996), and pursuant to statute in the State of Arizona.

26

## AS FOR A SIXTY-FIRST
## DEFENSE, DEFENDANT ALLEGES:

127.    Plaintiff cannot state a claim under the Arizona Consumer Fraud Act because Plaintiff has not relied on any representations by Defendant and/or have not suffered any consequent and proximate injury.

## AS FOR A SIXTY-SECOND
## DEFENSE, DEFENDANT ALLEGES:

128.    All activities of Defendant as alleged in the Complaint were expressly authorized and/or regulated by a government agency.  Therefore, Plaintiff's claims pertaining to unfair or deceptive practices are barred.

## AS FOR A SIXTY-THIRD
## DEFENSE, DEFENDANT ALLEGES:

129.    The conduct and activities of Defendant with respect to Vioxx did not involve any act, use, or employment by any person of any deception, deceptive act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression, or omission, in connection with the sale or advertisement of Vioxx.

## AS FOR A SIXTY-FOURTH
## DEFENSE, DEFENDANT ALLEGES:

130.    Merck's advertisements and labeling with respect to the product which is the subject matter of the Complaint were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States and Arizona Constitutions.

## AS FOR A SIXTY-FIFTH
## DEFENSE, DEFENDANT ALLEGES:

131.    This Court lacks personal jurisdiction over the Defendant.

**WHEREFORE**, defendant, Misty Kuperman Richter, prays for judgment as follows:

      1.     That her Answer be deemed sufficient and that after due proceedings there be judgment dismissing Plaintiff's Complaint with prejudice against Merck with costs assessed to Plaintiff;

      2.     Awarding defendant Richter the cost and disbursements she incurred or may incur in connection with this action, including attorney's fees; and

      3.     Providing for such other and further relief, including demand for jury trial, as the Court may deem just and proper.

Dated: April 5, 2007

Respectfully submitted,

Richard C. Stanley, 8487
Bryan C. Reuter, 23910
Thomas P. Owen, Jr., 28181
     Of
STANLEY, FLANAGAN & REUTER, L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523–1580
Telecopier: (504) 524–0069

Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
     Of
STONE PIGMAN WALTHER WITTMANN, L.L.C.
546 Carondelet Street
New Orleans, LA 70130
Telephone: (504) 581-3200
Telecopier: (504) 581-3361

Attorneys for Misty Kuperman Richter

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Misty Kuperman Richter has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accordance with the procedures established in MDL No. 1657, on this 5th day of April, 2007.