UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: VIOXX
    Products Liability Litigation

MDL No. 1657

SECTION: L

This Document Relates to:
ROBERT PERRY, MARIANNA FINN,
LORETTA JASON, HATTIE PHILLIPS-JENKINS,
JOHN LIPSETT, AS ADMINISTRATOR
OF THE ESTATE OF JOHN LIPSETT, JR.,
JAMES CONWAY, and MICHAEL RICHARDS,
AS ADMINISTRATOR OF THE ESTATE
OF JOHN RICHARDS

Judge Fallon
Mag. Judge Knowles

V.

MERCK & CO., INC.

## **AMENDED COMPLAINT**

## **COUNT ONE – ROBERT PERRY - PRODUCTS LIABILITY**

    1.    At all times mentioned herein, the defendant MERCK & CO., INC.

("MERCK") was and is a foreign corporations and or entity engaged in the

manufacture and sale of drug products, including VIOXX, within the State of

Connecticut.

    2.    The defendant MERCK is a Product Seller.

    3.    On and for some time before May 2, 2004 the plaintiff Robert Perry

had been prescribed VIOXX by his doctor. Per his doctor's orders, Robert Perry

regularly consumed VIOXX.

    4.    The VIOXX consumed by the plaintiff was designed, manufactured,

tested and/or sold by the defendant MERCK.

5.    As a result of the plaintiff's consumption of the drug VIOXX, he was caused to suffer a stroke.

6.    At the time of its sale or distribution and continuing through the date of his stroke, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

a)    it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

b)    adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)    there was no adequate post-marketing warning and instruction;

d)    the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)    there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)    consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

7.    One or more of the defects described above was a substantial factor in causing the injuries to the plaintiff.

8.    The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

9.    The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

10.    The defendant breached these express warranties.

11.    The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

12.    The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

13.    The defendant breached this implied warranty of merchantability.

14.    The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

15.    The defendant was negligent in one or more of the following ways:

a)    it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)    it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)    it failed to adequately and properly test VIOXX before and after placing it on the market;

d)    it failed to conduct sufficient testing on VIOXX;

e)    it failed to warn of the risk of heart attack, stroke, and sudden death;

f)    it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)    it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

16.    The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

17.     As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered a stroke.

18.     As a further result, the plaintiff was caused to suffer an impairment of his capacity to carry on and enjoy all of life's other activities, medical expenses past and future, and pain and suffering

## COUNT TWO - PERRY - PUNITIVE DAMAGES

1. - 6.  Paragraphs 1. through 6. of Count One are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Two.

7.     The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

a)     the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact the MERCK and its agents, servants, and employees were aware of those risks;

b)     they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)     they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)     they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)     they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)   they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.   The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.   As a result of the defendants' reckless disregard of product users, the plaintiff has been caused to suffer a stroke.

10.   As a further result, the plaintiff was caused to suffer an impairment of his capacity to carry on and enjoy all of life's other activities, medical expenses past and future, and pain and suffering

## COUNT THREE - PERRY - CUTPA

1. - 10.  The allegations of paragraphs 1. - 10. of Count Two are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Three.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of CUTPA.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.   As a result of the defendants' deceptive acts, the plaintiff has been caused to suffer a stroke and the other damages alleged above in paragraph 10.

## COUNT FOUR –MARIANNA FINN - PRODUCTS LIABILITY

1.      At all times mentioned herein, the defendant MERCK & CO., INC.
("MERCK") was and is a foreign corporations and or entity engaged in the
manufacture and sale of drug products, including VIOXX, within the State of
Connecticut.

2.      The defendant MERCK is a Product Seller.

3.      On and for some time before January 31, 2004, Marianna Finn had
been prescribed VIOXX by her doctor. Per her doctor's orders, she regularly
consumed VIOXX.

4.      The VIOXX consumed by the plaintiff was designed, manufactured,
tested and/or sold by the defendant MERCK.

5.      As a result of the plaintiff's consumption of the drug VIOXX, she
was caused to suffer a stroke.

6.      At the time of its sale or distribution and continuing through the date
of her stroke, VIOXX was in a defective condition unreasonably dangerous to the
plaintiff and others in one or more of the following ways:

    a)      it was not accompanied by proper warnings regarding all possible
            adverse side effects regarding its use;

    b)      adequate testing was not performed that would have shown
            that VIOXX possessed serious potential side effects with
            respect to which full warnings were necessary;

    c)      there was no adequate post-marketing warning and instruction;

d)      the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)      there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)      consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

7.      One or more of the defects described above was a substantial factor in causing the injuries to the plaintiff.

8.      The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

9.      The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

10.     The defendant breached these express warranties.

11.     The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

12.     The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

13.     The defendant breached this implied warranty of merchantability.

14.     The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

15.     The defendant was negligent in one or more of the following ways:

a) it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b) it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c) it failed to adequately and properly test VIOXX before and after placing it on the market;

d) it failed to conduct sufficient testing on VIOXX;

e) it failed to warn of the risk of heart attack, stroke, and sudden death;

f) it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g) it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

16. The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

17. As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered a series of heart attacks.

18. As a further result, the plaintiff was caused to suffer an impairment of her capacity to carry on and enjoy all of life's other activities, medical expenses past and future, and pain and suffering

## COUNT FIVE – FINN - PUNITIVE DAMAGES

1. - 6.  Paragraphs 1. through 6. of Count Four are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Five.

7.  The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

a)  the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact the MERCK and its agents, servants, and employees were aware of those risks;

b)  they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)  they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)  they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)  they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)  they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.  The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.  As a result of the defendants' reckless disregard of product users, the plaintiff has been caused to suffer a stroke.

10.  As a further result, the plaintiff was caused to suffer an impairment of her capacity to carry on and enjoy all of life's other activities, medical expenses past and future, and pain and suffering

**COUNT SIX –FINN - CUTPA**

1. - 10.  The allegations of paragraphs 1. - 10. of Count Five are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Six.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of CUTPA.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.    As a result of the defendants' deceptive acts, the plaintiff has been caused to suffer a stroke and the other damages alleged above in paragraph 10.

**COUNT SEVEN – LORETTA JASON - PRODUCTS LIABILITY**

1.    At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.    The defendant MERCK is a Product Seller.

3.    On and for some time before July 14, 2003, the plaintiff Loretta Jason had been prescribed VIOXX by her doctor. Per her doctor's orders, Loretta Jason regularly consumed VIOXX.

4.    The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

5.    As a result of the plaintiff's consumption of the drug VIOXX, she was caused to suffer a stroke.

6.    At the time of its sale or distribution and continuing through the date of her heart attacks, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

   a)    it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

   b)    adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

   c)    there was no adequate post-marketing warning and instruction;

   d)    the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

   e)    there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

   f)    consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

7.    One or more of the defects described above was a substantial factor in causing the injuries to the plaintiff.

8.    The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

9.      The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

10.     The defendant breached these express warranties.

11.     The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

12.     The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

13.     The defendant breached this implied warranty of merchantability.

14.     The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

15.     The defendant was negligent in one or more of the following ways:

a)      it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)      it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)      it failed to adequately and properly test VIOXX before and after placing it on the market;

d)      it failed to conduct sufficient testing on VIOXX;

e)      it failed to warn of the risk of heart attack, stroke, and sudden death;

f)      it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g) it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

16. The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

17. As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered a stroke.

18. As a further result, the plaintiff was caused to suffer an impairment of her capacity to carry on and enjoy all of life's other activities, medical expenses past and future, and pain and suffering

## COUNT EIGHT – JASON - PUNITIVE DAMAGES

1. - 6. Paragraphs 1. through 6. of Count Seven are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Eight.

7. The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

a) the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact the MERCK and its agents, servants, and employees were aware of those risks;

b) they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c) they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)      they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)      they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)      they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.      The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.      As a result of the defendants' reckless disregard of product users, the plaintiff has been caused to suffer a series a stroke.

10.      As a further result, the plaintiff was caused to suffer an impairment of her capacity to carry on and enjoy all of life's other activities, medical expenses past and future, and pain and suffering

## COUNT NINE –JASON - CUTPA

1. - 10.  The allegations of paragraphs 1. - 10. of Count Eight are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Nine.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of CUTPA.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they

knew or should have known that VIOXX was not safe in order to enhance company profits.

13.    As a result of the defendants' deceptive acts, the plaintiff has been caused to suffer a stroke and the other damages alleged above in paragraph 10.

## COUNT TEN – HATTIE PHILLIPS-JENKINS - PRODUCTS LIABILITY

1.    At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.    The defendant MERCK is a Product Seller.

3.    On and for some time before February 24, 2003 the plaintiff Hattie Phillips-Jenkins had been prescribed VIOXX by her doctor. Per her doctor's orders, Hattie Phillips-Jenkins regularly consumed VIOXX.

4.    The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

5.    As a result of the plaintiff's consumption of the drug VIOXX, she was caused to suffer a stroke.

6.    At the time of its sale or distribution and continuing through the date of her heart attacks, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

    a)    it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

b)   adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)   there was no adequate post-marketing warning and instruction;

d)   the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)   there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)   consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

7.    One or more of the defects described above was a substantial factor in causing the injuries to the plaintiff.

8.    The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

9.    The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

10.    The defendant breached these express warranties.

11.    The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

12.    The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

13.    The defendant breached this implied warranty of merchantability.

14.     The breach of this implied warranty of merchantability by the
defendant was a substantial factor in causing the injuries to the plaintiff as
described in this complaint.

15.     The defendant was negligent in one or more of the following ways:

a)     it failed to include adequate warnings with the medication that
would alert the plaintiff and other consumers to the potential risks
and serious side effects of VIOXX ingestion;

b)     it failed to include adequate information or warnings with the
medication that would alert plaintiff to refrain from use of VIOXX
without first attempting traditional NSAIDs.

c)     it failed to adequately and properly test VIOXX before and after
placing it on the market;

d)     it failed to conduct sufficient testing on VIOXX;

e)     it failed to warn of the risk of heart attack, stroke, and sudden
death;

f)     it failed to provide adequate post marketing instructions regarding
the risks of VIOXX use; and

g)     it failed to warn that VIOXX should not be used in conjunction with
other risk factors such as family history of heart disease

16.     The negligence of the defendants was a substantial factor in
causing the injuries to the plaintiff as described in this complaint.

17.     As a result of the defective and unreasonably dangerous condition
of VIOXX and/or the failure to warn of the defective and unreasonably dangerous
nature of VIOXX and/or the breach of express and/or implied warranties and/or
the defendant's negligence, the plaintiff suffered a stroke.

18.    As a further result, the plaintiff was caused to suffer an impairment of her earning capacity and an impairment of her ability  to carry on and enjoy all of life's other activities, medical expenses past and future, and pain and suffering

## COUNT ELEVEN – PHILLIPS-JENKINS-PUNITIVE DAMAGES

1. - 6.  Paragraphs 1. through 6. of Count Ten are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Eleven.

7.    The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

a)    the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact the MERCK and its agents, servants, and employees were aware of those risks;

b)    they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)    they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)    they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)    they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)    they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.    The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.    As a result of the defendants' reckless disregard of product users, the plaintiff has been caused to suffer a stroke.

10.    As a further result, the plaintiff was caused to suffer an impairment of her earning capacity and an impairment of her ability to carry on and enjoy all of life's other activities, medical expenses past and future, and pain and suffering

## COUNT TWELVE – PHILLIPS-JENKINS-CUTPA

1. - 10.  The allegations of paragraphs 1. - 10. of Count Eleven are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Twelve.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of CUTPA.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.    As a result of the defendants' deceptive acts, the plaintiff has been caused to suffer a stroke and the other damages alleged above in paragraph 10.

## COUNT THIRTEEN – JOHN LIPSETT – PRODUCTS LIABILITY

1.    At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.    The defendant MERCK is a Product Seller.

3.    John Lipsett is the administrator of the estate of John Lipsett, Jr..

5.    On and for some time before July 6, 2004, the plaintiff's decedent John Lipsett Jr. had been prescribed VIOXX by his doctor. Per his doctor's orders, John Lipsett Jr. regularly consumed VIOXX.

6.    The VIOXX consumed by John Lipsett Jr. was designed, manufactured, tested and/or sold by the defendant MERCK.

7.    As a result of John Lipsett Jr.'s consumption of the drug VIOXX, he was caused to suffer a heart attack and sudden death on or about July 6 2004.

8.    At the time of its sale or distribution and continuing through his date of death, VIOXX was in a defective condition unreasonably dangerous to John Lipsett Jr. and others in one or more of the following ways:

a)    it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

b)    adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)    there was no adequate post-marketing warning and instruction;

d)    the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)    there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)     consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

9.     One or more of the defects described above was a substantial factor in causing the death of John Lipsett Jr..

10.     The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

11.     The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by John Lipsett Jr..

12.     The defendant breached these express warranties.

13.     The breach of these express warranties by the defendants was a substantial factor in causing the death of John Lipsett Jr. as described in this complaint.

14.     The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

15.     The defendant breached this implied warranty of merchantability.

16.     The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the death of John Lipsett Jr. as described in this complaint.

17.     The defendant was negligent in one or more of the following ways:

a)     it failed to include adequate warnings with the medication that would alert the plaintiff's decedent and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)   it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)   it failed to adequately and properly test VIOXX before and after placing it on the market;

d)   it failed to conduct sufficient testing on VIOXX;

e)   it failed to warn of the risk of heart attack, stroke, and sudden death;

f)   it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)   it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

18.   The negligence of the defendants was a substantial factor in causing the death of John Lipsett Jr. as described in this complaint.

19.   As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, John Lipsett Jr. suffered a heart attack and sudden death.

20.   As a further result, the plaintiff's decedent was caused to suffer a complete destruction of his earning capacity and his capacity to carry on and enjoy all of life's other activities as well as ante mortem pain and suffering.

## COUNT FOURTEEN – LIPSETT - PUNITIVE DAMAGES

1- 7.  Paragraphs 1. through 8. of Count Thirteen are hereby incorporated and realleged as paragraphs 1. through 8. of this Count Fourteen.

9.   The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

a)   the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact the MERCK and its agents, servants, and employees were aware of those risks;

b)   they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)   they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)   they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)   they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)   they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

10.   The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

11   As a result of the defendants' reckless disregard of product users, the plaintiff's decedent, John Lipsett Jr. has been caused to suffer a heart attack and sudden death.

12   As a further result, the plaintiff's decedent was caused to suffer a complete destruction of his earning capacity and his capacity to carry on and enjoy all of life's other activities as well as ante mortem pain and suffering.

## COUNT FIFTEEN – LIPSETT -CUTPA

1. - 12  The allegations of paragraphs 1. - 12 of Count Fourteen are hereby incorporated and realleged as paragraphs 1. - 12 of this Count Fifteen.

.      13  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of CUTPA.

14  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 9 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

15      As a result of the defendants' deceptive acts, the plaintiff's decedent has been caused to suffer a heart attack and sudden death and the other damages alleged above in paragraph 12.

## COUNT SIXTEEN – JAMES CONWAY- PRODUCTS LIABILITY

1.      At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.      The defendant MERCK is a Product Seller.

3.     On and for some time before August 13, 2004, the plaintiff James Conway had been prescribed VIOXX by his doctor. Per his doctor's orders, he regularly consumed VIOXX.

4.     The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

5.     As a result of the plaintiff's consumption of the drug VIOXX, he was caused to suffer a heart attack.

6.     At the time of its sale or distribution and continuing through the date of his heart attacks, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

   a)     it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

   b)     adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

   c)     there was no adequate post-marketing warning and instruction;

   d)     the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

   e)     there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

   f)     consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

7.     One or more of the defects described above was a substantial factor in causing the injuries to the plaintiff.

8.     The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

9.     The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

10.     The defendant breached these express warranties.

11.     The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

12.     The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

13.     The defendant breached this implied warranty of merchantability.

14.     The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

15.     The defendant was negligent in one or more of the following ways:

a)     it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)     it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)     it failed to adequately and properly test VIOXX before and after placing it on the market;

d)     it failed to conduct sufficient testing on VIOXX;

e)     it failed to warn of the risk of heart attack, stroke, and sudden death;

f)     it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g) it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

16. The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

17. As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered a heart attack.

18. As a further result, the plaintiff was caused to suffer an impairment of his earning capacity, an impairment of his capacity to carry on and enjoy all of life's other activities, medical expenses past and future, and pain and suffering

## COUNT SEVENTEEN – CONWAY - PUNITIVE DAMAGES

1. - 6. Paragraphs 1. through 6. of Count Sixteen are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Seventeen.

7. The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

a) the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact the MERCK and its agents, servants, and employees were aware of those risks;

b) they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c) they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)   they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)   they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)   they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.   The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.   As a result of the defendants' reckless disregard of product users, the plaintiff has been caused to suffer a heart attack.

10.   As a further result, the plaintiff was caused to suffer an impairment of his earning capacity, an impairment of his capacity to carry on and enjoy all of life's other activities, medical expenses past and future, and pain and suffering

## COUNT EIGHTEEN –CONWAY - CUTPA

1. - 10.   The allegations of paragraphs 1. - 10. of Count Seventeen are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Eighteen.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of CUTPA.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they

knew or should have known that VIOXX was not safe in order to enhance company profits.

13.    As a result of the defendants' deceptive acts, the plaintiff has been caused to suffer a heart attack and then death and the other damages alleged above in paragraph 10.

## COUNT NINETEEN – RICHARDS - PRODUCTS LIABILITY

1.    At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.    The defendant MERCK is a Product Seller.

3.    The plaintiff Michael Richards is the Administrator of the Estate of John Richards

4.    On and for some time before May 23, 2004 the plaintiff John Richards had been prescribed VIOXX by his doctor. Per his doctor's orders, John Richards regularly consumed VIOXX.

5.    The VIOXX consumed by John Richards was designed, manufactured, tested and/or sold by the defendant MERCK.

6      As a result of John Richards consumption of the drug VIOXX, he was caused to suffer a heart attack and then death.  This action is brought pursuant to General Statutes §52-555.

7      At the time of its sale or distribution and continuing through the date of his stroke, VIOXX was in a defective condition unreasonably dangerous to the plaintiff's decedent and others in one or more of the following ways:

   a)   it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

   b)   adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

   c)   there was no adequate post-marketing warning and instruction;

   d)   the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

   e)   there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

   f)   consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8      One or more of the defects described above was a substantial factor in causing the injuries to the plaintiff's decedent.

9      The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

10.    The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff's decedent.

11.    The defendant breached these express warranties.

12.    The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff's decedent as described in this complaint.

13.    The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

14.    The defendant breached this implied warranty of merchantability.

15.    The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff's decedent as described in this complaint.

16.    The defendant was negligent in one or more of the following ways:

a)    it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)    it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)    it failed to adequately and properly test VIOXX before and after placing it on the market;

d)    it failed to conduct sufficient testing on VIOXX;

e)    it failed to warn of the risk of heart attack, stroke, and sudden death;

f)    it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)    it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

17.    The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff's decedent as described in this complaint.

18.   As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, John Richards suffered a heart attack and then death.  This action is brought pursuant to General Statutes §52-555.

19.   As a further result, the plaintiff's decedent was caused to suffer an impairment of his capacity to carry on and enjoy all of life's other activities, medical expenses past and future, and pain and suffering

## COUNT TWENTY - RICHARDS - PUNITIVE DAMAGES

1. - 7.  Paragraphs 1. through 7. of Count Nineteen are hereby incorporated and realleged as paragraphs 1. through 7. of this Count Twenty.

8.   The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

a)   the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact the MERCK and its agents, servants, and employees were aware of those risks;

b)   they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)   they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)   they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)   they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)   they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

9.   The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

10..   As a result of the defendants' reckless disregard of product users, the plaintiff's decedent has been caused to suffer a heart attack and then death . This action is brought pursuant to General Statutes §52-555.

11.   As a further result, the plaintiff's decedent was caused to suffer an impairment of his capacity to carry on and enjoy all of life's other activities, medical expenses past and future, and pain and suffering

## COUNT TWENTY ONE - RICHARDS - CUTPA

1. - 11.   The allegations of paragraphs 1. - 11. of Count Twenty are hereby incorporated and realleged as paragraphs 1. - 11. of this Count Twenty One.

12.   The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce in violation of CUTPA.

13.   The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 8 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they

knew or should have known that VIOXX was not safe in order to enhance company profits.

14.    As a result of the defendants' deceptive acts, the plaintiff's decedent has been caused to suffer a heart attack, and then death and the other damages alleged above in paragraph 11.  This action is brought pursuant to General Statutes §52-555,.

**WHEREFORE**, PLAINTIFFS CLAIM DAMAGES IN EXCESS OF FIFTEEN

THOUSAND ($15,000.00) DOLLARS, AS WELL AS PUNITIVE DAMAGES

PURSUANT TO GENERAL STATUTES §§ 42-110g(a) & 52-240a AND

ATTORNEYS FEES PURSUANT TO GENERAL STATUTES § 42-110g(d), AND

THIS MATTER IS WITHIN THE JURISDICTION OF THIS COURT.

### JURY TRIAL DEMAND

All Plaintiffs in this matter pursuant to Fed.R.Civ.P.38, Demand a trial by
jury in all claims.

THE PLAINTIFFS,

BY:_____
MICHAEL A. STRATTON
STRATTON FAXON
59 ELM STREET
NEW HAVEN, CT 06510
TEL: (203) 624-9500
JURIS NO. CT08166