IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEMPER BIRDOW | ) | |
| | ) | MDL Docket No. 1657 |
| Plaintiff, | ) | |
| vs. | ) | Section L |
| | ) | |
| MERCK & CO., INC., and | ) | Judge Fallon |
| PAUL HECKERLING, M.D. | ) | |
| | ) | Magistrate Judge Knowles |
| Defendants. | ) | |
| | ) | 2:06-CV-09360 |

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2007 APR -2  P 1: 59
LORETTA G. WHYTE
CLERK

## DEFENDANT-HECKERLING'S AGREED MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6)

The Defendant, PAUL HECKERLING, M.D., by his attorneys, PRETZEL & STOUFFER, CHARTERED, moves to dismiss Plaintiff's Complaint pursuant to the Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In support thereof, this Defendant states as follows:

1. The undersigned attorney, D. Scott Rendleman, spoke with Plaintiff's counsel on March 20, 2007, wherein Mr. Rosenblum agreed to this Defendant's Motion to Dismiss without prejudice.

2. On September 5, 2006, the Plaintiff filed a Complaint against this Defendant and Merck & Co., Inc. The Complaint alleges in Counts I and II that Merck designed and manufactured a medication, Vioxx, and that medication was not reasonably safe. The Plaintiff further alleges that Vioxx was a proximate cause of the Plaintiff's suffering a cardiac event on or about September 4, 2004. In Count III, the Plaintiff attempts to allege a medical negligence action against Dr. Paul Heckerling, claiming that Dr. Heckerling breached his duty of care to the Plaintiff by prescribing Vioxx in light of the Plaintiff's high risk for development of cardiac symptoms.

3. Pursuant to the Federal Rules of Civil Procedure Rule 12(b)(6), the Court should

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No_____


dismiss the Plaintiff's cause of action against Dr. Heckerling, as the Plaintiff has failed to comply with Illinois requirements for pursuing a medical malpractice action against an Illinois physician.

4. Section 2-622 of the Illinois Code of Civil Procedure requires, in any case alleging healing art malpractice, that the Plaintiff file an affidavit of the Plaintiff's attorney and a report from a health care provider that concludes that there is a reasonable and meritorious cause for filing the action. 735 ILCS 5/2-622. This provision requires that the affidavit and the report of the reviewing physician be filed upon the filing the Complaint, or within ninety days of filing the Complaint. *Id.* No affidavit of Plaintiff's counsel or health care provider report has been filed in this case.

5. Although Section 2-622 is a pleading requirement under the Illinois Code of Civil Procedures, courts in the Seventh Circuit treat this section as substantive law under the *Erie* doctrine.

6. Since initiating this lawsuit, the Plaintiff has not amended the Complaint, amended or supplemented his Section 2-622 Affidavit and has not provided a written report of a physician. As such, the Plaintiff has not complied with Section 2-622 of the Illinois Code of Civil Procedure, and this Court should dismiss the Plaintiff's case against Dr. Heckerling pursuant to the Federal Rule of Civil Procedure, 12(b)(6).

7. This Defendant's Memorandum in Support is filed with this Motion.

8. A proposed Order is attached to this motion.

WHEREFORE, the Defendant, PAUL HECKERLING, M.D., requests this Court to enter an order granting this motion to dismiss pursuant to FRCP 12(b)(6).

Respectfully submitted,

PAUL HECKERLING, M.D.

BY: _____
One of His Attorneys

D. Scott Rendleman
PRETZEL & STOUFFER, CHARTERED
One South Wacker Dr., Suite 2500
Chicago, IL  60606-4673
(312) 346-1973

N:\wpdata\SRendleman\061727\Pleadings\Motion to Dismiss.wpd