**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| DEMPER BIRDOW<br><br>Plaintiff,<br><br>vs.<br><br>MERCK & CO., INC., and<br>PAUL HECKERLING, M.D.<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) | MDL Docket No. 1657<br><br>Section L<br><br>Judge Fallon<br><br>Magistrate Judge Knowles<br><br>2:06-CV-09360 |

**DEFENDANT-HECKERLING'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6)**

The Defendant, PAUL HECKERLING, M.D., by his attorneys, PRETZEL & STOUFFER, CHARTERED, moves to dismiss Plaintiff's Complaint pursuant to the Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In support thereof, this Defendant states as follows:

1. On September 5, 2006, the Plaintiff filed a Complaint against this Defendant and Merck & Co., Inc. A copy of the Plaintiff's Complaint is attached as Exhibit A. The Complaint alleges in Counts I and II that Merck designed and manufactured a medication, Vioxx, and that medication was not reasonably safe. See Paragraph 5 of Count I and Paragraph 6 of Count II.

2. The Plaintiff further alleges that Vioxx was a proximate cause of the Plaintiff's suffering a cardiac event on or about September 4, 2004. See Paragraph 7 of Count I and Paragraph 7 of Count II.

3. In Count III, the Plaintiff attempts to allege a medical negligence action against Dr. Paul Heckerling, claiming that Dr. Heckerling breached his duty of care to the Plaintiff by

prescribing Vioxx in light of the Plaintiff's high risk for development of cardiac symptoms. See Paragraph 5 of Count III.

4. Attached to the Complaint is the Affidavit of Plaintiff's counsel, attesting that the statute of limitations would impair the action if not filed and that the consultation required could not be obtained prior to the expiration of the statute of limitations. See Paragraphs 2 and 3 of Plaintiff's Affidavit, attached to Plaintiff's Complaint.

5. On September 15, 2006, this case was removed from state court to Federal Court by Defendant, Merck, pursuant to 28 U.S.C. Sections 1332, 1441 and 1446. The case was removed to the United States District Court for the Northern District of Illinois, Eastern Division. On November 20, 2006, this matter was transferred to the United States District Court for the Eastern District of Louisiana and has been assigned to the MDL Docket for Vioxx product liability litigation.

6. Pursuant to the Federal Rules of Civil Procedure Rule 12(b)(6), the Court should dismiss the Plaintiff's cause of action against Dr. Heckerling, as the Plaintiff has failed to comply with Illinois requirements for pursuing a medical malpractice action against an Illinois physician.

7. Section 2-622 of the Illinois Code of Civil Procedure provides, in pertinent part, as follows:

> In any action, whether in tort, contract or otherwise, in which the Plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice, the Plaintiff's attorney . . . shall file an affidavit attached to the original and all copies of the complaint, declaring one of the following
>
> > 1. That the affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes: (i) is knowledgeable in the relevant issues involved in the particular action; (ii) practices or has practiced within the last

5 years or teaches or has taught within the last 5 years in the same area of health care or medicine that is at issue in the particular action; and (iii) meets the expert witness standards set forth in paragraphs (a) through (d) of Section 8-2501; that the reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action. A single written report must be filed to cover each defendant in the action. As to defendants who are individuals, the written report must be from a health professional licensed in the same professional, with the same class of license, as the defendant. For written reports filed as to all other defendants, who are not individuals, the written report must be from a physician licensed to practice medicine in all its branches who is qualified by experience with the standard of care, methods, procedures and treatments relevant to the allegations at issue in the case. In either event, the written report must identify the profession of the reviewing health professional. A copy of the written report, clearly identifying the plaintiff and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists, including the reviewing health care professional's name, address, current license number, and state of licensure, must be attached to the affidavit. Information regarding the preparation of a written report by the reviewing health professional shall not be used to discriminate against that professional in the issuance of medical liability insurance or in the setting of that professional's medical liability insurance premium. No professional organization may discriminate against a reviewing health professional on the basis that the reviewing health professional has prepared a written report.

2. That the affiant was unable to obtain a consultation required by paragraph 1 because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations. If an affidavit is executed pursuant to this paragraph, the affidavit and written report required by paragraph 1 shall be filed within 90 days after the filing of the complaint. No additional 90-day extensions pursuant to this paragraph shall be granted, except where there has

> been a withdrawal of the plaintiff's counsel. The defendant shall be excused from answering or otherwise pleading until 30 days after being served with an affidavit and a report required by paragraph 1.

735 ILCS 5/2-622(a)(1) and (a)(2).

8. Section 2-622 further provides that the failure to comply with this Section's provision can subject the Plaintiff's cause to involuntary dismissal. Specifically, Section 2-622(g) provides the following:

> The failure of the plaintiff to file an affidavit and report in compliance with this Section shall be grounds for dismissal under Section 2-619.

735 ILCS 5/2-619(g). Section 2-619 referenced above is Illinois provision for "Involuntary dismissal based upon certain defects or defenses." 735 ILCS 5/2-619.

9. In this case, the Plaintiff availed himself of Section 2-622(a)(2) in the Affidavit attached to the Complaint by attesting that the consultation required could not be obtained before the expiration of the statute of limitations. See 735 ILCS 5/2-622(a)(1) and (a)(2). However, there has not been an Affidavit and a written report required by 735 ILCS 5/2-622(a)(1) filed since the Complaint was filed. Section 2-622(a)(2) requires the affidavit and written report to be filed within ninety (90) days after filing the Complaint. This Complaint was filed on September 5, 2006, and the 90-day time period expired on December 4, 2006.

10. It has been noted that, "[a]lthough Section 2-622 is a pleading requirement under the Illinois Code of Civil Procedures, courts in this district and the Seventh Circuit treat this section as substantive law under the *Erie* doctrine," *Carpenter v. Office of Lake County Sheriff*, 2005 WL 1126545 (N.D. Ill. 2005), page 1, attached as Exhibit C.

11. One instructive analysis of the Federal Court's application of Section 2-622 comes from a Memorandum Opinion and Order from the Northern District of Illinois, where the instant case was removed to before transfer to the Vioxx MDL docket. In *Thompson v. Kishwaukee Valley Medical Group*, 1986 WL 11381 (N.D. Ill. 1986), the plaintiffs, Wisconsin residents, filed a malpractice action against Illinois physicians and an Illinois hospital. See *Thompson v. Kishwaukee Valley Medical Group*, attached as Exhibit D, page 1. The defendants moved to dismiss the plaintiffs' Complaint because the plaintiffs failed to comply with the Illinois Code of Civil Procedure. *Thompson*, page 1. Specifically, the defendants moved to dismiss because the plaintiffs failed to attach an affidavit to the Complaint declaring that he has presented his case to a knowledgeable health professional and received a written report in which the professional states that there is a "reasonable and meritorious cause for filing of such action," as required by Section 2-622 of the Illinois Code of Civil Procedure. *Id.*, page 1. The United States District Court for the Northern District of Illinois granted the defendants' motions to dismiss for the plaintiffs' failure to comply with Section 2-622. *Id.*, page 2. The court observed the *Erie* doctrine and the "outcome determination" test from *Hanna v. Plumer*, 380 U.S. 460, 468 (U.S. 1965), controlled the question of whether the court ought to apply the affidavit requirement of Section 2-622. *Id.*, page 2. The court observed the following:

> The obvious intended effect of the screening procedure is to decrease the number of meritless medical malpractice suits. As one court has stated when ruling on the adoption of a similar screening procedure, given this intended effect, "it would be fundamentally unfair to subject one set of plaintiffs to the Rule but not another set solely because of the fortuity of diversity of citizenship." *Kanouse v. Westwood Obstetrical and Gyn*, 505 F. Supp. 129, 131 (D.N.J. 1981). Moreover, failure to enforce this screening rule in Federal Court would encourage the kind of forum shopping *Hanna* and *Erie* sought to eliminate - an out of state plaintiff who thought his claim of doubtful merit would obviously choose to file his action

> in Federal Court rather than the state court, thereby avoiding screening requirements of Section 2-622.
>
> In addition, Federal Courts are nearly uniform in holding that state screening and pre-filing procedures similar to the Illinois rule be adopted in diversity medicine malpractice cases.

*Thompson*, page 2.

12. Since initiating this lawsuit, the Plaintiff has not amended the Complaint, amended or supplemented his Section 2-622 Affidavit and has not provided a written report of a physician. As such, the Plaintiff has not complied with Section 2-622 of the Illinois Code of Civil Procedure, and this Court should dismiss the Plaintiff's case against Dr. Heckerling pursuant to the Federal Rule of Civil Procedure, 12(b)(6).

WHEREFORE, the Defendant, PAUL HECKERLING, M.D., requests this Court to enter an order granting this motion to dismiss pursuant to FRCP 12(b)(6).

Respectfully submitted,

PAUL HECKERLING, M.D.

BY: ______________________
One of His Attorneys

D. Scott Rendleman
PRETZEL & STOUFFER, CHARTERED
One South Wacker Dr., Suite 2500
Chicago, IL 60606-4673
(312) 346-1973

N:\wpdata\SRendleman\061727\Pleadings\Mt Dismiss.wpd

#04-309 RJR

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| DEMPER BIRDOW | ) | |
| | ) | |
| Plaintiff, | ) | |
| -vs- | ) | No. |
| | ) | |
| MERCK & CO., INC., and PAUL HECKERLING, M.D. | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AT LAW**

Now comes the plaintiff, DEMPER BIRDOW, by and through her attorneys, RUBIN, MACHADO & ROSENBLUM, LTD., and complaining of the defendants, MERCK & CO., INC. (hereinafter MERCK), and PAUL HECKERLING, M.D., states as follows:

**COUNT I – NEGLIGENCE - MERCK**

1. Beginning some time in 2004, the plaintiff, DEMPER BIRDOW, was prescribed the medication VIOXX, manufactured and distributed by the defendant, MERCK & CO., INC.

2. In and before 2004, the defendant, MERCK & CO., INC., was engaged in the business of designing, manufacturing and selling a certain medication known as VIOXX.

3. Prior and subsequent to 2004, the defendant, MERCK & CO., INC., did advise the medical community and the public in general, including the plaintiff herein, that VIOXX was a safe and effective drug for treatment of arthritis and inflammatory symptoms.

4. At all times relevant hereto, the defendant, MERCK & CO., INC., had a duty to design, distribute and manufacture said medication such that it was reasonably safe for its intended uses.



5. At the time the aforesaid medication left the possession of the defendant, MERCK & CO., INC., it was in a condition that was not reasonably safe for its intended and foreseeable uses in one or more of the following respects:

(a) Was designed and manufactured such that it posed an unacceptable risk of heart attack and congestive heart failure;

(b) Did not contain adequate warnings to the medical community and the public of the dangerous propensities of said medication for patients, including heart attack and congestive heart failure;

(c) Was not adequately tested for use in patients to properly evaluate the risks to said patients, including heart attack and congestive heart failure;

(d) Failed to adequately warn of the incidence of heart attack and congestive heart failure. with the use of said medication.

7. That the plaintiff first discovered that she had an injury as a result of the prescription of VIOXX when she suffered a cardiac event and was admitted to Loretto Hospital on or about September 4, 2004.

8. That as a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, MERCK, the plaintiff was severely and permanently injured; she sustained great mental and physical pain and suffering, including, but not limited to, heart attack and congestive heart failure, that she sustained damage to his body that has kept her from attending to her ordinary affairs and duties, and lost great gains that she otherwise would have made and acquired, and she became liable for great sums of money for hospital and medical care and treatment, as well as incurring other damages.

Wherefore, plaintiff, DEMPER BIRDOW, demands judgment against the defendant, MERCK & CO., INC., in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and costs of suit.

**COUNT II – PRODUCT LIABILITY - MERCK**

1. through 5. Plaintiff adopts and realleges Paragraphs One through Five inclusive of Count I as and for Paragraphs One through Five inclusive of Count II, as though fully set forth herein and incorporates the same by reference.

6. At the time the aforesaid medication left the possession of the defendant, MERCK & CO., INC., it was in a condition that was not reasonably safe for its intended and foreseeable uses in one or more of the following respects:

(a) Was designed and manufactured such that it posed an unacceptable risk of heart attack and congestive heart failure;

(b) Did not contain adequate warnings to the medical community and the public of the dangerous propensities of said medication for patients, including heart attack and congestive heart failure;

(c) Was not adequately tested for use in patients to properly evaluate the risks to said patients, including heart attack and congestive heart failure;

(d) Failed to adequately warn of the incidence of permanent heart attack and congestive heart failure with the use of said medication.

7. That the plaintiff first discovered that she had an injury as a result of the prescription of VIOXX when she suffered a cardiac event and was admitted to Loretto Hospital on or about September 4, 2004.

8. That as a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, MERCK, the Plaintiff, DEMPER BIRDOW, was severely and permanently injured; she sustained great mental and physical pain and suffering, including, but not limited to, heart attack and congestive heart failure, that she sustained damage to his body that has kept her from attending to her ordinary affairs and duties, and lost great gains that she otherwise would have made and acquired, and she became liable for great sums of money for hospital and medical care and treatment, as well as incurring other damages.

Wherefore, plaintiff, DEMPER BIRDOW, demands judgment against the defendant, MERCK & CO., INC., in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and costs of suit.

**COUNT III – MEDICAL NEGLIGENCE - HECKERLING**

1. That at all times mentioned herein, Defendant, PAUL HECKERLING, M.D., was a physician licensed to practice in the State of Illinois.

2. That in or about 2004, Plaintiff, DEMPER BIRDOW, was a patient of DR. HECKERLING, and said physician prescribed medication for Plaintiff's condition of leg pain and swelling including, but not limited to, VIOXX.

4. That at all times relevant herein, there was a duty on the part of Defendants PAUL HECKERLING, M.D., to diagnose and treat the Plaintiff in accordance with accepted standards of medical practice and opinion prevailing in the greater Chicagoland area in 1999, and to exercise that degree of care and caution exercised by other members of their profession in the community.

5. After assuming the care and treatment of the Plaintiff, DEMPER BIRDOW, the Defendants, PAUL HECKERLING, M.D., was negligent and breached his duty in one or more of the following respects:

a. Carelessly and negligently failed to take due cognizance of Plaintiff's condition of ill-being;

b. Carelessly and negligently failed to consult with physicians skilled in other fields and specialties of medicine and capable of properly and timely diagnosing and treating Plaintiff's condition of ill-being;

c. Carelessly and negligently prescribed COX-2 Inhibitor medications (specifically VIOXX) in the face of plaintiff's high risk for the development of cardiac symptoms potentiated by said class of medication;

d. Continued Plaintiff on COX-2 inhibitors when it became clear, or should have been clear in the exercise of ordinary care, that said medications were likely to cause cardiac symptoms;

e. Carelessly and negligently failed to evaluate Plaintiff's condition;

6. That the plaintiff first discovered that she had an injury as a result of the prescription of VIOXX when she suffered a cardiac event and was admitted to Loretto Hospital on or about September 4, 2004.

7. That as a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendants, PAUL HECKERLING, M.D., the Plaintiff, DEMPER BIRDOW, was severely and permanently injured; she sustained great mental and physical pain and suffering, including, but not limited to, heart attack and congestive heart failure, that she sustained damage to his body that has kept her from attending to her ordinary affairs and duties, and lost great gains that she otherwise would have made and acquired, and she became liable for great sums of money for hospital and medical care and treatment, as well as incurring other damages.

7. Pursuant to §2-622 of the Illinois Code of Civil Procedure, the Plaintiff attaches the Affidavit of Richard J. Rosenblum, which by reference is made a part hereof.

WHEREFORE, Plaintiff, DEMPER BIRDOW, prays for judgment in his favor and against the Defendants, PAUL HECKERLING, M.D., for a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00) and costs of suit.

Respectfully submitted,

By: Richard J. Rosenblum
RUBIN, MACHADO & ROSENBLUM, LTD.
Attorneys for Plaintiff
DEMPER BIRDOW
120 W. Madison St., Suite 400
Chicago, Illinois 60602
(312) 327-1840
Firm No. 37704

RJR

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

DEMPER BIRDOW )
)
Plaintiff, )
-vs- ) No.
)
MERCK & CO., INC., and )
PAUL HECKERLING, M.D. )
)
Defendants. )

**AFFIDAVIT**

The affiant, Richard J. Rosenblum, being first duly sworn on oath, deposes and states as follows:

1. That the plaintiff in the above captioned matter has not previously voluntarily dismissed an action based on the same acts, omissions or occurrences as those alleged herein.

2. That the statute of limitations would impair the action if not filed now.

3. That the consultation required by this section could not be obtained prior to the expiration of the statute of limitations.

4. This Affidavit is provided pursuant to ILCS, 735 5/2-622(a)(2).

FURTHER AFFIANT SAYETH NOT.

Richard J. Rosenblum

SUBSCRIBED AND SWORN to before me
this 5th day of September, 2006

Notary Public

OFFICIAL SEAL
CHRISTINE M BORCHARD
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/31/09

Richard J. Rosenblum
RUBIN, MACHADO & ROSENBLUM, LTD.
Attorneys for Plaintiff
120 W. Madison, Suite 400
Chicago, Illinois 60602
(312) 327-1840

#04-309  RJR/cmb

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| DEMPER BIRDOW | ) | |
| | ) | |
| Plaintiff, | ) | |
| -vs- | ) | No. |
| | ) | |
| MERCK & CO., INC., and | ) | |
| PAUL HECKERLING, M.D. | ) | |
| | ) | |
| Defendants. | ) | |

**AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222(B)**

Pursuant to Supreme Court Rule 222(B), counsel for the above named plaintiff certifies

that plaintiff seeks money damages in excess of FIFTY THOUSAND AND 00/100 DOLLARS

($50,000.00).

Respectfully submitted,

By:  Richard J. Rosenblum
RUBIN, MACHADO & ROSENBLUM, LTD.
Attorneys for Plaintiff
DEMPER BIRDOW
120 W. Madison St., Suite 400
Chicago, Illinois  60602
(312) 327-1840
Firm No. 37704

Westlaw.

735 ILCS 5/2-622

Formerly cited as IL ST CH 110 ¶ **2-622**

**Effective: August 25, 2005**

*WEST'S* SMITH-HURD ILLINOIS COMPILED STATUTES ANNOTATED
CHAPTER 735. CIVIL PROCEDURE
ACT 5. CODE OF CIVIL PROCEDURE
ARTICLE II. CIVIL PRACTICE
PART 6. PLEADING
**→5/2-622. Healing art malpractice**

§ **2-622.** Healing art malpractice.

(a) In any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice, the plaintiff's attorney or the plaintiff, if the plaintiff is proceeding pro se, shall file an affidavit, attached to the original and all copies of the complaint, declaring one of the following:

1. That the affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes: (i) is knowledgeable in the relevant issues involved in the particular action; (ii) practices or has practiced within the last 5 years or teaches or has taught within the last 5 years in the same area of health care or medicine that is at issue in the particular action; and (iii) meets the expert witness standards set forth in paragraphs (a) through (d) of Section 8-2501; that the reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action. A single written report must be filed to cover each defendant in the action. As to defendants who are individuals, the written report must be from a health professional licensed in the same profession, with the same class of license, as the defendant. For written reports filed as to all other defendants, who are not individuals, the written report must be from a physician licensed to practice medicine in all its branches who is qualified by experience with the standard of care, methods, procedures and treatments relevant to the allegations at issue in the case. In either event, the written report must identify the profession of the reviewing health professional. A copy of the written report, clearly identifying the plaintiff and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists, including the reviewing health care professional's name, address, current license number, and state of licensure, must be attached to the affidavit. Information regarding the preparation of a written report by the reviewing health professional shall not be used to discriminate against that professional in the issuance of medical liability insurance or in the setting of that professional's medical liability insurance premium. No professional organization may discriminate against a reviewing health professional on the basis that the reviewing health professional has prepared a written report.

2. That the affiant was unable to obtain a consultation required by paragraph 1 because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations. If an affidavit is executed pursuant to this paragraph, the affidavit and written report required by paragraph 1 shall be filed within 90 days after the filing of the complaint. No additional 90-day extensions

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



pursuant to this paragraph shall be granted, except where there has been a withdrawal of the plaintiff's counsel. The defendant shall be excused from answering or otherwise pleading until 30 days after being served with an affidavit and a report required by paragraph 1.

3. That a request has been made by the plaintiff or his attorney for examination and copying of records pursuant to Part 20 of Article VIII of this Code [FN1] and the party required to comply under those Sections has failed to produce such records within 60 days of the receipt of the request. If an affidavit is executed pursuant to this paragraph, the affidavit and written report required by paragraph 1 shall be filed within 90 days following receipt of the requested records. All defendants except those whose failure to comply with Part 20 of Article VIII of this Code is the basis for an affidavit under this paragraph shall be excused from answering or otherwise pleading until 30 days after being served with the affidavit and report required by paragraph 1.

(b) Where an affidavit and written report are required pursuant to this Section a separate affidavit and written report shall be filed as to each defendant who has been named in the complaint and shall be filed as to each defendant named at a later time.

(c) Where the plaintiff intends to rely on the doctrine of "res ipsa loquitur", as defined by Section 2-1113 of this Code, the affidavit and written report must state that, in the opinion of the reviewing health professional, negligence has occurred in the course of medical treatment. The affiant shall certify upon filing of the complaint that he is relying on the doctrine of "res ipsa loquitur".

(d) When the attorney intends to rely on the doctrine of failure to inform of the consequences of the procedure, the attorney shall certify upon the filing of the complaint that the reviewing health professional has, after reviewing the medical record and other relevant materials involved in the particular action, concluded that a reasonable health professional would have informed the patient of the consequences of the procedure.

(e) Allegations and denials in the affidavit, made without reasonable cause and found to be untrue, shall subject the party pleading them or his attorney, or both, to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with reasonable attorneys' fees to be summarily taxed by the court upon motion made within 30 days of the judgment or dismissal. In no event shall the award for attorneys' fees and expenses exceed those actually paid by the moving party, including the insurer, if any. In proceedings under this paragraph (e), the moving party shall have the right to depose and examine any and all reviewing health professionals who prepared reports used in conjunction with an affidavit required by this Section.

(f) A reviewing health professional who in good faith prepares a report used in conjunction with an affidavit required by this Section shall have civil immunity from liability which otherwise might result from the preparation of such report.

(g) The failure of the plaintiff to file an affidavit and report in compliance with this Section shall be grounds for dismissal under Section 2-619.

(h) This Section does not apply to or affect any actions pending at the time of its effective date, but applies to cases filed on or after its effective date.

(i) This amendatory Act of 1997 does not apply to or affect any actions pending at the time of its effective date, but applies to cases filed on or after its effective date.

(j) The changes to this Section made by this amendatory Act of the 94th General Assembly apply to causes of action accruing on or after its effective date.

[FN1] 735 ILCS 5/8-2001 et seq.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

VALIDITY

<Public Act 89-7, which amended this section, has been held unconstitutional in its entirety by the Illinois Supreme Court in the case of Best v. Taylor Machine Works, 1997, 689 N.E.2d 1057, 228 Ill.Dec. 636, 179 Ill.2d 367. P.A. 94-677 did not include the changes made by P.A. 89-7.>

Current through P.A. 94-1078 of the 2006 Reg. Sess.

© 2007 Thomson/West

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Page 2 of 4

Westlaw.

Not Reported in F.Supp.2d

Page 1

Not Reported in F.Supp.2d, 2005 WL 1126545 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

C
Briefs and Other Related Documents
Carpenter v. Office of Lake County SheriffN.D.Ill.,2005.Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois, Eastern Division.
Cherylann CARPENTER, Administrator of the Estate of Sandra Scott, deceased, Plaintiff,
v.
OFFICE OF THE LAKE COUNTY SHERIFF, et al., Defendants.
**No. 04 C 2275.**

May 2, 2005.

Joseph A. Power, Jr., Kenneth J. Merlino, Chicago, IL, Robert J. Long, Waukegan, IL, for Plaintiff.
Paul J. Ciastko, Kevin T. Martin, P. Stephen Fardy, Holly M. Travis, Joel David Groenewold, Chicago, IL, Daniel Playfair Field, Waukegan, IL, for Defendants.

*MEMORANDUM OPINION AND ORDER*
ST. EVE, J.
*1 Plaintiff Cherylann Carpenter, Administrator of the Estate of Sandra Scott, has brought a twenty-six count Third Amended Complaint alleging civil rights violations under 42 U.S.C. § 1983 and various state law claims, including medical malpractice claims. Before the Court is Defendants Correctional Medical Services, Inc. ("CMS") and its employees Karen Walker, Genaline Japczyk, and Richard Wagner's Motion to Dismiss Counts 12, 14, 18, and 20 of the Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court denies Defendants' motion.

*BACKGROUND*

Defendant CMS provides medical and psychological services to detainees and inmates at the Lake County Jail. (R. 94-1, Count XII, ¶ 1.) Decedent, Sandra Scott, was a pretrial detainee at the Lake County Jail from March 26, 2003, until March 29, 2003. (*Id.* ¶ 2.) Scott had a high risk of self-destructive behavior and CMS employees Karen Walker, Genaline Japczyk, and Richard Wagner knew that Scott was a high suicide risk (*Id.* ¶ 3.) Scott hung herself in her jail cell while under CMS's care on March 29, 2003. (*Id.* ¶ 7.)

*LEGAL STANDARDS*

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of a complaint, not the merits of the case. *Triad Assoc., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir.1989). The Court will only grant a motion to dismiss if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In making its determination, the Court must assume the truth of the facts alleged in the pleadings, construe the allegations liberally, and view them in the light most favorable to the plaintiff. *Jet, Inc. v. Shell Oil Co.*, 381 F.3d 627, 629 (7th Cir.2004). When reviewing a motion to dismiss, the Court is restricted to reviewing the pleadings, which consist of the complaint, any attached exhibits, and the supporting briefs. *See Thompson v. Illinois Dept. of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir.2002). "[A]ny further pleadings would turn the motion into a 12(c) motion for judgment on the pleadings, or if additional evidence was relied upon or introduced, the motion would be converted into a 56(c) motion for summary judgment." *Id.*

*ANALYSIS*

Defendants contend that because Plaintiff has failed

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

http://web2.westlaw.com/print/printstre[redacted]destination=atp&sv=Split... 1/29/2007

Page 3 of 4

Not Reported in F.Supp.2d

Page 2

Not Reported in F.Supp.2d, 2005 WL 1126545 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

to comply with Section **2-622** of the Illinois Code of Civil Procedure, the Court must **dismiss** Plaintiff's **medical malpractice** claims. *See* 735 ILCS 5/2-622.[FN1] Under Section 2-622, plaintiffs who bring medical malpractice suits in Illinois courts must attach to their complaint a statement of merit from a health care professional who has reviewed the claims and finds that they have merit. *See Brandt v. Boston Scientific Corp.*, 204 Ill.2d 640, 643, 275 Ill.Dec. 65, 792 N.E.2d 296 (Ill.2003); *see also Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir.2000). The health care professional must identify the reasons that a meritorious claim exists and explain why the alleged facts fell below the standard of care. *Avakian v. Chulengarian*, 328 Ill.App.3d 147, 160, 262 Ill.Dec. 663, 766 N.E.2d 283 (Ill.App.Ct.2002). "Illinois courts liberally construe certificates of merit in favor of the plaintiff, recognizing the statute as a tool to reduce frivolous lawsuits by requiring a minimum amount of merit, not a likelihood of success." *Sherrod*, 223 F.3d at 613.

FN1. Although Section 2-622 is pleading requirement under the Illinois Code of Civil Procedures, courts in this district and the Seventh Circuit treat this section as substantive law under the *Erie* doctrine. *See, e.g., Sherrod v. Lingle*, 223 F.3d 605 (7th Cir.2000); *Smith v. Gottleib*, Case No. 02 C 50192, 2002 WL 1636546 (N.D.Ill. July 23, 2002).

*2 Defendants do not argue that Plaintiff's statements of merit are too bare-boned, vague, or do not fulfill the statutory requirements. In fact, construing Plaintiff's attached statements of merit liberally, the Court concludes that they fulfill the statutory requirements by identifying the reasons why meritorious medical malpractice claims exist and explaining why the Defendants' actions fell below the standard of care. *See Avakian*, 328 Ill.App.3d at 160, 262 Ill.Dec. 663, 766 N.E.2d 283 . Nevertheless, Defendants contend that the statement of merit against CMS is deficient because the health care professional did not properly review CMS's policies or training programs as part of his opinion. Also, Defendants contend that the reviewing health professional's reports are in error because Walker, Wagner, and Japczyk did not have the opportunity to review some of the records the health professional used as a basis of his opinion.

To establish their arguments, Defendants have submitted the affidavits of Wagner, Walker, and other CMS employees that dispute and challenge certain facts, for instance, whether the health professional properly reviewed CMS's policies and training programs. To resolve Defendants' arguments, the Court would be required to go beyond the pleadings to make factual and legal determinations, something the Court is not willing to do without further briefing under Federal Rule of Civil Procedure 56 and proper Northern District of Illinois Local Rule 56.1 Statements of Fact. *See Thompson*, 300 F.3d at 753.

Accordingly, the Court denies Defendants' Motion to Strike Plaintiff's Statements of Merits and denies Defendant's Motion to Dismiss the medical malpractice counts. If Defendants wish to pursue this argument, they must bring their Motion for Summary Judgment on this matter by May 23, 2005.

N.D.Ill.,2005.
Carpenter v. Office of Lake County Sheriff
Not Reported in F.Supp.2d, 2005 WL 1126545 (N.D.Ill.)

Briefs and Other Related Documents (Back to top)

- 2005 WL 2610656 (Trial Pleading) Defendants Milton Pozo, M.D. and Excel Emergency Care, Llc'S Answer and Affirmative Defenses to Plaintiff'S Third Amended Complaint (Aug. 18, 2005) Original Image of this Document (PDF)
- 2005 WL 2245130 (Trial Motion, Memorandum and Affidavit) Defendant Milton Pozo, M.D., and Excel Emergency Care, LLC's Motion to Dismiss Plaintiff's Third Amended Complaint (Jul. 25, 2005) Original Image of this Document with Appendix (PDF)
- 2005 WL 2245127 (Trial Pleading) Defendant John V. Dunne, PH.D.'s Answer to Plaintiff's Third Amended Complaint at Law (Jul. 20, 2005) Original Image of this Document (PDF)
- 2004 WL 2818928 (Trial Motion, Memorandum

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

http://web2.westlaw.com/print/printstream.aspx?prft=HTMLE&destination=atp&sv=Split... 1/29/2007

Page 4 of 4

Not Reported in F.Supp.2d
Page 3

Not Reported in F.Supp.2d, 2005 WL 1126545 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

and Affidavit) Memorandum in Support of Motion of Defendants Gary Del Re and Charles DeFilippo to Dismiss Counts II and III of Plaintiff's Complaint (Sep. 16, 2004) Original Image of this Document (PDF)
• 2004 WL 2818916 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion for Summary Judgment (Jun. 28, 2004) Original Image of this Document (PDF)
• 1:04cv02275 (Docket) (Mar. 26, 2004)
• 2004 WL 3743199 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Motion of Defendants Gary Del re and Charles DeFilippo for a Protective Order (2004) Original Image of this Document (PDF)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

http://web2.westlaw.com/print/printstream.aspx?prft=HTMLE&destination=atp&sv=Split... 1/29/2007

Page 2 of 4

Westlaw.

Not Reported in F.Supp.

Page 1

Not Reported in F.Supp., 1986 WL 11381 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

Thompson v. Kishwaukee Valley Medical Group
S.C.N.D.Ill.,1986.Only the Westlaw citation is currently available.

United States District Court, N.D. Illinois, Eastern Division.

Bradley THOMPSON, a minor by his next friends, Donald Thompson and Christine Thompson, his next friends and his parents, Plaintiffs,

v.

KISHWAUKEE VALLEY MEDICAL GROUP, S.C., John Burcal, Joong Shin, H.V. Menta, Memorial Hospital for McHenry County, Defendants.

**No. 86 C 1483.**

Oct. 6, 1986.

*MEMORANDUM OPINION AND ORDER*

ANN C. WILLIAMS, District Judge.

*1 Plaintiffs brought this action to recover damages as a result of the alleged medical malpractice of defendants, who treated the minor plaintiff Bradley Thompson at Memorial Hospital for McHenry County in August 1984. Jurisdiction is invoked on the basis of diversity of citizenship, 28 U.S.C. § 1332. Plaintiffs are citizens of Georgia and defendants are all citizens of Illinois. Defendants have moved to dismiss the complaint because plaintiffs failed to comply with the provisions of the Illinois Medical Malpractice Act of 1985, ILL.REV.STAT. ch. 110, § 2-114 *et seq.*, (the " Malpractice Act"). One of the defendants, Memorial Hospital, has also moved to dismiss Count V on other grounds. Finally, Memorial Hospital has requested that this action be transferred to the Western Division of this District pursuant to 28 U.S.C. § 1404(a). Because the court believes dismissal is proper as a result of plaintiffs' failure to comply with the Illinois Malpractice Act, the court need not decide the other two motions of Memorial Hospital.

In relevant part, § 2-622 of the Illinois Malpractice Act requires that a plaintiff who seeks damages for injuries based on medical malpractice must attach to his complaint an affidavit declaring that he has presented his case to a knowledgeable health professional and received a written report in which the professional states that there is "reasonable and meritorious cause for the filing of such action." ILL.REV.STAT. ch. 110, § 2-622(a)(1). Failure to file the affidavit is ground for dismissal of the action under § 2-619. ILL.REV.STAT. ch. 110, § 2-622(g). Plaintiffs did not file an affidavit declaring that their claim had been "screened" as required by the Medical Malpractice Act. Defendants have therefore moved for dismissal of the complaint under § 2-619. In response, plaintiffs make two arguments of Rules 8, 9 and 11 of the Federal Rules of Civil Procedure. Second, they argue § 2-622 violates the equal protection and due process. Both arguments fail.

In a rather confusing argument, plaintiffs recognize that the issue here is controlled by the principles articulated in *Erie v. Thompkins,* 304 U.S. 64 (1938) and its progeny, but then attempt to apply to this case the different principles developed under the Rules Enabling Act. The Supreme Court has made clear that the Rules Enabling Act standards apply when there is a "direct collision" between state law and the plain meaning of one of the Federal Rules of Civil Procedure. *See, Walker v. Aamco Steel Corp.,* 446 U.S. 740, 750 and n. 9 (1979). If no direct conflict with a Federal Rule is found, the *Erie* cases provide the standards to apply in determining whether a federal court sitting in diversity must apply state law on a particular issue. Plaintiffs argue that application of § 2-622 would directly conflict with the pleading requirements of Federal Rules 8, 9, and 11. Rule 8 is violated, plaintiffs say, because that Rule requires that in order to state a claim the pleader need only set forth his claim in a " short and plain statement." Fed.R.Civ.P. 8. Section 2-622 conflicts with Rule 9 because that Rule governs what "special matter" must be pled, and the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

http://web2.westlaw.com/print/printstre[redacted]HTMLE&mt=Illinois&vr... 1/29/2007

Not Reported in F.Supp. Page 2

Not Reported in F.Supp., 1986 WL 11381 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

Rule does not lists an affidavit like that required by § 2-622 as one of these special matters. Rule 11 clashes with § 2-622, plaintiffs contend, because this rule states that pleadings need not be accompanied by affidavit, except when otherwise specifically provided for by rule or statute. Since no federal rule or statute requires an affidavit like that of § 2-622, the argument goes, Rule 11 and § 2-622 conflict. None of these arguments has any merit.

***2** Attachment of a § 2-622 affidavit to plaintiffs' complaint would not enlarge the pleading requirements of Rule 8. A plaintiff could attach a § 2-622 affidavit and still plead the factual basis of his claim in a short plain statement in the complaint itself. Rule 9 is also a pleading requirement and attachment of the affidavit to the complaint under Rule 9. Finally, Rule 11 states only that a pleading need not be accompanied by affidavit unless a statute or rule provides otherwise. Section 2-622 does provide otherwise. That § 2-622 is not a federal statute is irrelevant. There is nothing in Rule 11 which limits the exception only to federal statutes. Moreover, Rule 11 does not forbid the filing of an affidavit; it merely allows pleadings without one. There is thus no conflict here either.
Accordingly, the controlling standard is that developed under the *Erie* line of cases.

The test for determining whether a federal diversity court must apply a state law is the "outcome determination" test announced by the Court in *Hanna v. Plumer,* 380 U.S. 460, 468 (1965). The Court explained the test as follows:

Erie and its progeny make clear that when a federal court sitting in a diversity case is faced with a question of whether or not to apply state law, the importance of a state rule is indeed relevant, but only in the context of asking whether application of the rule would make so important a difference to the character or result of the litigation that failure to enforce it would unfairly discriminate against citizens of the forum, or whether application of the rule would have so important an effect upon the fortunes of one or both of the litigants that failure to enforce it would be likely to cause a plaintiff to choose the federal court.

*Id.* at 438 n. 9.

Application of this test to this case shows that the court ought to apply § 2-622. The obvious intended effect of the screening procedure is to decrease the number of meritless medical malpractice suits. As one court has stated when ruling on the adoption of a similar screening procedure, given this intended effect, "it would be fundamentally unfair to subject one set of plaintiffs to the Rule but not another set solely because of the fortuity of diversity of citizenship." *Kanouse v. Westwood Obsectrical & Gyn,* 505 F.Supp. 129, 131 (D.N.J.1981). Moreover, failure to enforce the screening rule in federal court would encourage the kind of forum shopping *Hanna* and *Erie* sought to eliminate-an out of state plaintiff who thought his claim of doubtful merit would obviously choose to file his action in federal court rather than the state court, and thereby avoid the screening requirements of § 2-622.

In addition, federal courts are nearly uniform in holding that state screening and pre-filing procedures similar to the Illinois rule be adopted in diversity medicine malpractice cases. *Id.* at 131. *But c.f. Wheller v. Shoemaker,* 78 F.R.D. 218 (D.R.I.1978). The same result ought to obtain in this case.

***3** Plaintiffs' equal protection and due process arguments border on the frivolous and deserve little comment. Plaintiffs argue the statute is unconstitutional because it is irrational. It is irrational because it increases the costs of litigation for medical malpractice. Plaintiffs cite no case law to support their argument. Nor do they even bother to frame the issue in terms of traditional equal protection and due process analysis. The court will not do so either. The litigant has the responsibility to present cogent legal arguments in support of his position and to advance the position by citation to the relevant body of law. Where he fails to do so, the responsibility does not fall to the court.

For the reasons discussed above, defendants' motion to dismiss for failure to comply with ILL.REV.STAT. ch. 110, § 2-622 is granted. The case as to all defendants is dismissed without

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

http://web2.westlaw.com/print/printstream.aspx?sv=Split&prft=HTMLE&mt=Illinois&vr... 1/29/2007

Page 4 of 4

Not Reported in F.Supp.
Page 3

Not Reported in F.Supp., 1986 WL 11381 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

prejudice.

N.D.Ill.,1986.
Thompson by Thompson v. Kishwaukee Valley Medical Group
Not Reported in F.Supp., 1986 WL 11381 (N.D.Ill.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

http://web2.westlaw.com/print/printstream.aspx?sv=Split&prft=HTMLE&mt=Illinois&vr... 1/29/2007