UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Vioxx® | * | MDL Docket No. 1657 |
| | * | |
| **PRODUCTS LIABILITY** | * | SECTION L |
| **LITIGATION** | * | |
| | * | JUDGE FALLON |
| **This document relates to:** | * | |
| | * | MAGISTRATE |
| Psomos, Angelos v. Merck & Co., Inc., | * | JUDGE KNOWLES |
| 2:05-cv-03876 | * | |
| | * | |
| Stagias, Peter v. Merck & Co., Inc., | * | |
| 2:05-cv-03875 | * | |
| | * | |
| Patrakas, Dionysios v. Merck & Co., | * | |
| Inc., 2:05-cv-03870 | * | |
| | * | |
| Patrakas, Vasilios v. Merck & Co., Inc., | * | |
| 2:05-cv-03869 | * | |
| | * | |
| Patrakas, Effie v. Merck & Co., Inc., | * | |
| 2:05-cv-03871 | * | |
| | * | |
| Miltalios, Fotis v. Merck & Co., Inc., | * | |
| 2:05-cv-03878 | * | |
| | * | |
| Ikonomidis, Petros v. Merck & Co., Inc., | * | |
| 2:05-cv-03884 | * | |
| | * | |
| * * * * * * * * * * * * * * * * | * | |

**DEFENDANT MERCK & CO., INC.'S REPLY MEMORANDUM IN FURTHER
SUPPORT OF ITS RULE TO SHOW CAUSE WHY PLAINTIFFS' COMPLAINTS
SHOULD NOT BE DISMISSED FOR FAILURE TO PROVIDE ANY RESPONSE TO
THE PLAINTIFF PROFILE FORM AS REQUIRED BY PRE-TRIAL ORDER NO. 18C**

Defendant Merck & Co., Inc. ("Merck") respectfully submits this Reply Brief In Further Support of Its Rule and Incorporated Memorandum to Show Cause Why Cases Should Not Be Dismissed With Prejudice For Failure To Provide Any Response To The Plaintiff Profile Form as Required By Pre-Trial Order No. 18C.

**PRELIMINARY STATEMENT**

Plaintiffs' claims must be dismissed pursuant to Federal Rules of Civil Procedure 16(f), 37(b)(2)(c), and 41(b) because Plaintiffs have failed to comply with Pre-Trial Order No. 18C ("PTO 18C") and because they have stonewalled discovery by failing to serve Plaintiff Profile Forms ("PPFs"). As more fully set forth below, more than a year has passed since the above Plaintiffs' PPFs were first due and Merck has provided each of the above Plaintiffs with multiple notices that Merck would seek dismissal of their claims if PPFs were not provided. Not only have they not provided PPFs, they have not provided their counsel with the information necessary to prepare PPFs. As a result, Plaintiffs' counsel is now asking for a ninety-day stay of these proceedings for Plaintiffs to seek new counsel. The time for these Plaintiffs' counsel to withdraw and for these Plaintiffs to seek new counsel has long passed. Indeed, Plaintiffs' own counsel has "rejected" these cases because of the unresponsiveness and unwillingness of these Plaintiffs to pursue this litigation and provide the basic information necessary to complete the PPF. (Pls.'s Opp'n at 2.) Therefore, Plaintiffs' claims must be dismissed with prejudice.

**ARGUMENT**

**I. IN LIGHT OF PLAINTIFFS' REPEATED DILATORINESS, A STAY IS NOT APPROPRIATE UNDER THE CIRCUMSTANCES**

The Law Offices of Lawrence P. Biondi ("Biondi") admit that their delay in providing the PPFs for these Plaintiffs was due to the fact that "there has been *no response* to [Biondi's] repeated requests for information, completion of forms, and/or documentation required in connection with this … litigation." (Pls.' Opp'n at 2 (emphasis added).) Moreover, despite the fact that these PPFs were first due over a year ago and Biondi has admitted to rejecting these cases for Plaintiffs' non-responsiveness, Plaintiffs are now asking the Court for a ninety-day stay

of these proceedings. The full record of these cases, however, shows a pattern of dilatoriness and noncompliance that cannot be ignored.

| PLAINTIFF | ORIGINAL PPF DUE DATE | 1ST WARNING LETTER SENT | 2ND WARNING LETTER SENT | 3RD WARNING LETTER SENT |
|---|---|---|---|---|
| Angelos Psomos | December 30, 2005 | September 12, 2006 | December 21, 2006 | N/A |
| Peter Stagias | January 14, 2006 | November 1, 2006 | December 21, 2006 | N/A |
| Dionysios Patrakas | December 30, 2005 | May 18, 2006 | September 28, 2006 | November 28, 2006 |
| Vasilios Patrakas | December 30, 2005 | May 18, 2006 | September 28, 2006 | November 28, 2006 |
| Effie Patrakas | December 30, 2005 | May 18, 2006 | September 28, 2006 | November 28, 2006 |
| Fotis Miltalios | December 30, 2005 | May 18, 2006 | September 28, 2006 | November 28, 2006 |
| Petros Ikonomidis | December 30, 2005 | May 18, 2006 | September 28, 2006 | November 28, 2006 |

As illustrated above, more than a year has passed since the above Plaintiffs' PPFs were due and first transferred to the Vioxx Multi-District Litigation ("MDL").[1] Between May 18, 2006 and December 21, 2006, as Merck noted in its Original Rule to Show Cause, Merck advised Plaintiffs on up to three separate occasions that they had failed to serve PPFs by the applicable deadlines imposed by PTO 18C. Despite these multiple warnings, Plaintiffs' counsel ignored each and every one of Merck's letters. It turns out that Plaintiffs had not responded to their own counsel's request for this basic factual information. It is wholly inappropriate for Plaintiffs' counsel to assert now that they are "rejecting" these cases and would like to stay these proceedings after failing to provide Merck with PPFs, after receiving multiple notices to produce complete and responsive PPFs, and after having more than a year to investigate Plaintiffs' claims and follow-up with these individuals. (Pls.' Opp'n at 2.) Indeed, this is the first time Merck has

---

[1] The cases in the chart above were transferred to the MDL on August 15, 2005 as part of CTO 20.

received notice of Biondi's intentions to withdraw.  This Court should not provide extensions to Plaintiffs who have repeatedly and categorically ignored their own counsel.  Further, Merck should not be penalized for Biondi's dilatory conduct. This Court must now "reject" these cases by dismissing them with prejudice.

Furthermore, Plaintiffs' request for a stay is untenable in light of the mandatory language of PTO 18C, which requires Plaintiffs to submit a PPF by a date certain.  (*See* PTO 18C ¶¶ 1-3.) Biondi's possible substitution does not absolve these Plaintiffs from their responsibility to provide basic information about their claims.  These Plaintiffs have had over a year to complete their PPFs and have failed to provide a single document, medical record, or authorization for the release of records.  As this Court noted in *In re Propulsid Products Liability Litigation*, "[d]efendants have a right to receive [basic] information from claimants and claimants have a duty to provide the information timely."  2003 WL 22383576, at *1 (E.D. La. Oct. 16, 2003). Plaintiffs have violated this duty and a stay would only reward these Plaintiffs' total non-compliance.  It would be dangerous precedent for this Court to grant a stay at this stage of the litigation.  Unquestionably, these Plaintiffs' failure to provide a PPF demonstrates a willfulness not to comply with PTO 18C.  Indeed, any ruling short of dismissal would only encourage others to disregard this Court's orders regarding discovery and reward Plaintiffs who ignore both Merck's notices and their own counsel's requests to comply with this Court's Orders.

## CONCLUSION

For the foregoing reasons and the reasons set forth in Merck's initial Memorandum, Merck respectfully asks the Court to dismiss Plaintiffs' claims with prejudice both for their failure to provide responsive and complete PPFs in compliance with PTO 18C and for their continued wanton and dilatory behavior.

DATED:  April 9, 2007

                                              Respectfully submitted,

                                              */s/ Dorothy H. Wimberly*
                                              Phillip A. Wittmann, 13625
                                              Dorothy H. Wimberly, 18509
                                              Carmelite M. Bertaut, 3054
                                              STONE PIGMAN WALTHER
                                              WITTMANN L.L.C.
                                              546 Carondelet Street
                                              New Orleans, Louisiana 70130
                                              Phone: 504-581-3200
                                              Fax:    504-581-3361

                                              Defendants' Liaison Counsel

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Reply Brief as been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 9th day of April, 2007.

/s/ *Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel