**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to all cases | * | |
| | * | MAGISTRATE |
| | * | JUDGE KNOWLES |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MERCK & CO., INC.'S OPPOSITION TO PLAINTIFFS' STEERING COMMITTEE'S MOTION FOR A PROTECTIVE ORDER

Plaintiffs seek to postpone the trial preservation depositions of certain Merck & Co., Inc. ("Merck") witnesses, including Dr. Douglas Greene, Dr. Eliav Barr, Dr. Briggs Morrison, Dr. Alise Reicin, Dr. Peter Kim, and Dr. Lisa Rarick, on the ground that Merck should not be allowed to proceed with these depositions until the Court has completed its current examination of Merck's privileged documents. As set forth below, plaintiffs' motion should be denied for two reasons.

*First*, plaintiffs' demand that Merck postpone important trial perpetuation depositions while plaintiffs continue to take such depositions of their witnesses would place an undue burden on Merck's witnesses and unfairly prejudice Merck in presenting its defense in future trials, a number of which are scheduled for the remainder of 2007. *Second*, plaintiffs' concern that they would be required to reveal confidential litigation strategies in order to conduct supplemental depositions after the re-review is complete can be easily rectified. Should the Court release any additional documents as a result of its pending privilege review, Merck is willing to stipulate to additional half-day depositions of each of these witnesses without requiring the PSC to proffer

intended areas of further examination in advance, though Merck would obviously object to questions that are not specifically relevant to newly released documents resulting from the Court's privilege review.

## ARGUMENT

### I.    POSTPONING MERCK'S TRIAL PERPETUATION DEPOSITIONS WOULD GREATLY INCONVENIENCE THESE WITNESSES AND UNDULY PREJUDICE MERCK.

Plaintiffs' request that the Court indefinitely postpone the *de bene esse* depositions of numerous important Merck witnesses should be rejected by the Court because it would cause great inconvenience to Merck's witnesses and prejudice the Company's ability to fully defend itself in the Vioxx litigation.

Given the size and scope of this litigation, it is simply too burdensome and disruptive to force either side's witnesses to testify live at each trial.  Plaintiffs themselves have employed the use of trial preservation depositions for numerous expert witnesses, including Drs. Jerry Avorn, David Graham, and John Farquhar.  Indeed, plaintiffs have previously argued – in response to Merck's request to postpone the *de bene esse* deposition of Dr. Farquhar until such time as Philip Beck, lead trial counsel in the MDL, could attend the deposition – that trial preservation depositions are essential, and must not be delayed, because witnesses cannot be expected to "participate in case after case," particularly in light of the "thousands of cases" pending on the MDL docket.  (*See* Plaintiffs' Steering Committee's Opposition To The Motion Of Merck & Co For A Protective Order Regarding The Trial Preservation Deposition of John W. Farquhar at 12-13.)  Notably, plaintiffs continue to schedule trial preservation depositions (and Merck continues to cooperate in the scheduling of those depositions), including the upcoming deposition of Dr. Les Cleland and the depositions of Drs. Wayne Ray and Egil Fosslien, which were set to go forward in the last few weeks, before being adjourned at plaintiffs' request shortly before the

2

depositions were scheduled to occur.  It is simply unfair to allow plaintiffs to proceed with *de bene esse* depositions to preserve the testimony of their key witnesses while denying Merck the same right.

Plaintiffs' assertion that these depositions can simply be postponed because there is no federal trial currently scheduled for 2007 and only a limited number of state cases set for trial is unfounded.  There are currently 15 Vioxx cases scheduled for trial around the country in the next 14 months:

|    | **CASE** | **COURT** | **DATE** |
|----|----------|-----------|----------|
| 1. | **Rollins** | Alabama District Court, Madison County (Small Claims Division) | April 10, 2007 |
| 2. | **Texas Coordinated: Fowler** | Texas District Court, Harris County | May 14, 2007 |
| 3. | **Donohoo** | Illinois Circuit Court, Madison County | September 10, 2007 |
| 4. | **Frederick** | Alabama Circuit Court, Jefferson County | September 17, 2007 |
| 5. | **Kozic** | Florida Circuit Court, Hillsborough County | September 17, 2007 |
| 6. | **Crandall** | Nevada District Court, Washoe County | October 1, 2007 |
| 7. | **Smith** | West Virginia Circuit Court, Mingo County | October 1, 2007 |
| 8. | **Zajicek** | Texas District Court, Jackson County | October 22, 2007 |
| 9. | **Auslander** | Illinois Circuit Court, Madison County | October 29, 2007 |
| 10 | **Barnett** | Eastern District of Louisiana (MDL) | October 29, 2007 |
| 11 | **Morgan** | Illinois Circuit Court, Madison County | December 3, 2007 |
| 12 | **Ricker** | Illinois Circuit Court, Madison County | December 3, 2007 |
| 13 | **Slatton** | Alabama Circuit Court, Jefferson County | March 10, 2008 |
| 14 | **King** | Illinois Circuit Court, Madison County | April 14, 2008 |
| 15 | **Vollintine** | Illinois Circuit Court, Madison County | June 2, 2008 |

If Merck is not permitted to preserve the testimony of its key witnesses through the use of *de bene esse* depositions prior to these trials, its witnesses will be forced to testify live at successive Vioxx trials, diverting them from their other responsibilities in developing, testing and marketing new drugs.  Moreover, absent *de bene esse* depositions, plaintiffs would have an incentive to jockey for simultaneous trial settings in an effort to preclude some of Merck's

3

witnesses from appearing live at each trial.  Such a result would be extremely inconvenient for –
and unfair to – Merck's witnesses and would undermine the Company's efforts to make new
medicines available to the public.[1]

In short, there is simply no reason to allow plaintiffs to postpone the *de bene esse*
depositions of Merck's key witnesses while they themselves continue to take trial preservation
depositions of their own witnesses, some of which they have already used in lieu of live
testimony at trial.  Requiring Merck's witnesses to appear at every trial disrupts Company
operations and the witnesses' personal lives, and forcing Merck to defend itself at trial without
their testimony would give plaintiffs – who have themselves taken trial preservation depositions
– an unfair advantage in upcoming trials.

## II.   PLAINTIFFS' CONCERN ABOUT SUPPLEMENTAL DEPOSITIONS CAN BE EASILY RECTIFIED.

When plaintiffs first raised their concerns about the *de bene esse* depositions, Merck
offered to bring the witnesses back for additional examination on documents that might be
released after a privilege review, provided that plaintiffs could show that the subsequent
production warranted further examination.  Plaintiffs argue in their motion that such an approach
is unfair because, they say, plaintiffs would have to reveal their intended areas of inquiry to
Merck and the Court, in order to demonstrate their entitlement to additional deposition time.
(*See* Pls.' Mem. at 6 (the "PSC will be disadvantaged by Merck's inevitable demand that the

---

[1]      Plaintiffs' reliance on *Lone Star Industries, Inc. v. Liberty Mut. Ins. Co.*, No. Civ.A.89C-SE-187-1-C, 1990
WL 1104267 (Del. Super. Nov. 13, 1990) (Pls.' Mem. at 7), for the proposition that it is premature to allow *de bene
esse* depositions of key Merck witnesses until such time as the Court completes its review of Merck's privileged
documents is unpersuasive.  *Lone Star Industries* involved a party's attempt to conduct certain discovery depositions
prior to completion of "paper discovery" in contravention of a pretrial discovery order.  *Id.* at *1.  The court
concluded – in accordance with its own pretrial order – that "paper discovery" should be completed prior to the
taking of depositions.  *Id.*  The depositions at issue in *Lone Star Industries* were not proposed after several trials had
already taken place for the purpose of preserving important trial testimony in advance of numerous upcoming trials
in a nationwide mass tort litigation.  Nor does the case stand for the proposition that one party should be made to
wait until the "end" of discovery to take important trial preservation depositions while the other party has already
been allowed to proceed with similar depositions.

866866v.1

PSC proffer what new areas of examination are intended in order to obtain a supplemental deposition").)  Apparently, plaintiffs fear that being required to justify their requests for supplemental depositions to the Court would result in the revelation of confidential litigation strategies and give Merck's witnesses a strategic advantage in their supplemental depositions.

While Merck believes this concern is overblown, it is also easily rectified.  Should the Court release any additional documents as a result of its pending privilege review, Merck is willing to stipulate to additional half-day depositions of each of these witnesses ***without need for plaintiffs to move for leave to take such depositions*** and ***without requiring the PSC to proffer intended areas of further examination in advance***.  Merck would reserve for the supplemental depositions any objections to questions that are not specifically relevant to newly released documents resulting from the Court's privilege review or that address subjects fully covered by prior testimony.

This solution is fair to both parties.  On the one hand, these *de bene esse* depositions would be final and usable at trial in the time between the trial preservation depositions and any supplemental depositions, addressing the concerns raised by the heavy trial calendar in upcoming months.  On the other, plaintiffs would be able to follow-up with supplemental depositions after the privilege review is complete, just as they would be able to ask additional questions about any released documents if these witnesses appear live at trial after that date.

Plaintiffs also suggest that as-necessary supplemental depositions are an unacceptable solution to the problem because "there is no evidence that producing necessary witnesses live will be a burden on Merck while this and other courts consider the privilege issues."  (Pls.' Mem. at 7.)  But plaintiffs have it exactly backwards.  It is plaintiffs – not Merck – who must demonstrate the burden or prejudice necessary to warrant a protective order.  *See Rainbow*

866866v.1

*Investors Group v. Fuji Trucolor*, 168 F.R.D. 34, 36 (W.D. La. 1996) (observing that the party seeking the protective order "bears the burden under Rule 26(c) of demonstrating good cause to preclude or limit" the discovery by establishing "undue burden or oppression").   Whether **Merck** has demonstrated any difficulty in producing these witnesses for trial is not the right inquiry. Rather, it is *plaintiffs* who must demonstrate that conducting trial perpetuation depositions would materially burden or prejudice their case.   Plaintiffs have not made this showing; nor could they – particularly in light of their own efforts to preserve trial testimony through the *de bene esse* depositions referenced above.[2]   In any event, the trial schedule set forth above speaks for itself in terms of undue burden.   The current privilege review will be a time-consuming process, and there are 14 Vioxx cases set for trial in the next year.

Finally, plaintiffs' concern that supplemental trial perpetuation depositions would be "duplicative" (Pls.' Mem. at 1, 2) is also without basis.   As noted above, Merck should be permitted, as a matter of basic fairness, to preserve the trial testimony of its key witnesses through depositions.   Furthermore, any supplemental depositions that may result from the Court's privilege review would, by definition, not be duplicative.   Rather, those depositions (should they become necessary) would be strictly limited to "new" testimony related to any documents released after the Court's privilege review is complete.

## CONCLUSION

For the foregoing reasons, the Court should deny plaintiffs' Motion for a Protective Order to postpone the recently noticed trial preservation depositions of Dr. Douglas Greene, Dr. Eliav Barr, Dr. Briggs Morrison, Dr. Alise Reicin, Dr. Peter Kim, and Dr. Lisa Rarick pending the

---

[2]        Plaintiffs' suggestion that Merck's proposed compromise creates an unnecessary burden on Merck's witnesses by requiring them to appear for multiple depositions (Pls.' Mot. at 6) is disingenuous.  The fact that **Merck's** witnesses may be called for a supplemental deposition is of concern to Merck only, and it is a burden that Merck and its witnesses are willing to undertake in order to avoid the much greater burden of appearing live at each and every Vioxx trial.

866866v.1

Court's re-review of Merck's privileged documents.

Respectfully submitted,

s/ Dorothy H. Wimberly
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN
L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:     504-581-3361

Defendants' Liaison Counsel

7

866866v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Opposition to PSC's Motion for Protective Order has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 9th day of April, 2007.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

8

866866v.1