UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |
| | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * *

JOINT REPORT NO. 23 OF
PLAINTIFFS' AND DEFENDANTS' LIAISON COUNSEL

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Liaison Counsel ("DLC") submit this Joint Report No. 23.

I.    STATE COURT TRIAL SETTINGS

The following is the updated current listing provided by Merck of state court cases set for trial through October 31, 2007:  The *Berwick* case that was set for trial in California Superior Court, Los Angeles County, on April 10, 2007 was voluntarily dismissed by the plaintiff..  The *Ledbetter* case has been set for trial on May 14, 2007 in the Texas MDL in Houston.  The *Schramm* case is set to be tried in the Philadelphia Court of Common Pleas on May 21, 2007.  For the month of September, *Donohoo* is set for September 10, 2007 in Madison County, Illinois; *Frederick* is set for September 17, 2007 in Birmingham, Alabama; and *Kozic* is

set for September 17, 2007 in Tampa, Florida.  In October, *Crandall* is set for October 1 in

Washoe County, Nevada; *Smith* is set for October 1 in Mingo County, West Virginia; *Zajicek* is

set for October 22 in Jackson County, Texas; and *Auslander* is set for October 29 in Madison

County, Illinois.

## II.    FURTHER PROCEEDINGS IN THE EARLY TRIAL CASES

The hearing on the Motion for New Trial in the *Irvin/Plunkett* case is set for April

24, 2007 at 9:00 a.m.

On August 30, the Court ordered a new trial on the issue of damages only, in the

*Barnett* case.  Merck's motion for new trial on all issues and its alternative renewed motion for

judgment as a matter of law was argued March 28, 2007.  The parties await a ruling from the

Court.  Retrial of the case is set for October 29, 2007.

Plaintiff in the *Dedrick* has filed a motion for new trial.  Merck has filed an

opposition.  The motion is set for hearing on April 24, 2007 at 9:00 a.m.

The parties will be prepared to discuss these matters further at the monthly status

conference on April 12, 2007.

## III.    CLASS ACTIONS

The Court has under advisement Defendants' Rule 12 Motions to Dismiss the

Master Complaints for Medical Monitoring and Purchase Claims.  The matter has been briefed

and submitted to the Court and the parties await a hearing date to be set for oral argument.  The

parties will be prepared to discuss this further at the monthly status conference on April 12,

2007.  The Court has indicated that this motion will be addressed at a later date.

On January 29, 2007, the PSC filed a plaintiffs' motion for leave to amend the

Personal Injury and Wrongful Death Second Amended Master Class Action Complaint to add a

plaintiff class representative from Iowa. Defendants filed their opposition on February 16, 2007 and also filed a Motion to Strike Class Allegations in Plaintiffs' Medical Monitoring Master Class Action Complaint. The matters have been briefed and submitted to the Court. The Court has advised Liaison Counsel for both Plaintiff and Defendant that it will address the motion at the monthly status conference.

IV.    DISCOVERY DIRECTED TO MERCK

Merck advises that it will continue to make productions of documents, as identified by members of the PSC as priorities, on a rolling basis.

Following the May 25, 2006 ruling of the United States Court of Appeals for the Fifth Circuit, on June 5, 2006, regarding Merck's assertion of privilege to certain documents in connection with Merck's Privilege Log, DLC delivered to the Court documents for which it has asserted privilege for review by the Court and additional information. The parties met with the Court on several occasions to discuss further actions to be taken as a result of the ruling from the Fifth Circuit. On March 21, 2007, the Court issued a notice relating to its intention to appoint a Special Master to make findings of fact and conclusions of law with respect initially to Merck's privilege claim to the documents. The Court requested that the parties have an opportunity to be heard on this issue at the monthly status conference. The parties will be prepared to discuss this further at the monthly status conference on April 12, 2007.

V.    DISCOVERY DIRECTED TO THIRD PARTIES

PLC has advised the Court and DLC that the PSC continues to issue third-party notices of depositions for the production of documents.

With respect to the letter from the PSC dated March 16, 2006 requesting intervention by the Court on whether Merck should have the right to review documents produced

by Ogilvy and DDB in response to discovery requests by the PSC, the Court has advised it will review the documents and make a determination as to whether the documents are privileged and whether Merck waived its privilege by providing the documents to Ogilvy and DDB.  The parties await further rulings from the Court.

VI.    DEPOSITION SCHEDULING

On March 28, 2007, Merck noticed *de bene esse* trial preservation depositions for Merck employees Dr. Eliav Barr, Dr. Briggs Morrison, Dr. Alise Reicin, and Dr. Peter Kim, former employee Dr. Douglas Greene, and expert witness Dr. Lisa Rarick.  On March 30, 2007, the PSC, pursuant to Federal Rules of Civil Procedure 26(c) filed a Motion for a Protective Order.  Merck filed its opposition on April 9.  The motion is noticed for hearing following the monthly status conference on April 12, 2007.  The Court has advised that it will address the motion at the monthly status conference.

The PSC advises that it is attempting to notice depositions to facilitate completion of the Plaintiffs' trial package and that the parties will continue to advise the Court when issues arise regarding the scheduling of depositions.

VII.    PLAINTIFF PROFILE FORM AND MERCK PROFILE FORM

On March 13, 2007, Merck filed an additional Rule to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Provide Any Response to the Plaintiff Profile Form as Required by Pre-Trial Order No. 18C.  The motion is set for hearing following the status conference on April 12, 2007.

On January 22, 2007, Merck advised the PSC that it was seeking its concurrence with respect to two (2) requests for orders from the Court.  The first would set a deadline for submission of PPFs by Louisiana residents affected by Hurricane Katrina, plaintiffs represented

by Louisiana counsel, and *pro se* plaintiffs to avoid the possible loss or disappearance of evidence relevant to the claims.   The second would relieve administrative burdens that both parties are facing with respect to authorization for records that some providers deem expired, even though the authorizations do not expire by their terms.  PLC communicated with defendants and provided its comments regarding the requested authorization.  On March 20, 2007, the Court issued Pre-Trial Order No. 23 granting extensions concerning authorizations.  Merck also has provided the PSC with lists of the Louisiana plaintiffs, plaintiffs represented by Louisiana counsel, and *pro se* who have not submitted PPFs.  The PSC reviewed this information and communicated several times with Merck regarding the request.   On March 22, 2007, representatives of the PSC and Merck further addressed this issue and the PSC is awaiting revisions from Merck regarding a deadline for submission of PPFs by Louisiana residents affected by Hurricane Katrina, plaintiffs represented by Louisiana counsel, and *pro se* plaintiffs. The parties will be prepared to discuss this further at the monthly status conference on April 12, 2007.

Merck advises that the Oldfather law firm and Bubalo & Hiestand, PLC, counsel for plaintiffs in *Curl*, no. 05-5295, *Simpson*, no. 06-1935, *Glass*, no. 06-783, and *Nichols*, no. 06-1951, have refused to provide specific authorizations in lieu of the authorizations that are required under PTO 18(c).   Merck contends that certain providers have required specific authorizations.  Merck further advises that counsel for plaintiffs have advised Merck that Pre-Trial Order 18C requires them to execute and return only the blank authorization forms attached to the PPF.  Ms. Oldfather is not available for the status conference on April 12, 2007, but Merck wanted to advise the Court of this issue.  Additionally, PLC has attempted to communicate with plaintiffs' counsel, but has been advised that plaintiffs' counsel is not available between now and

the status conference.   Therefore, the parties have agreed to defer issue this until the next monthly status conference.

## VIII.   STATE/FEDERAL COORDINATION -- STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications.   The parties will be prepared to discuss this further at the monthly status conference on April 12, 2007.

## IX.   *PRO SE* CLAIMANTS

From time to time, as the Court issues additional Orders directing PLC to take appropriate action regarding filings made by various *pro se* individuals, PLC will continue to communicate with the various *pro se* claimants and advise them of attorneys in their respective states and other pertinent information regarding the MDL.   DLC will continue to discuss with PLC Merck's obligation to respond to complaints filed by *pro se* individuals in those instances where the complaints have not been served.

Both PLC and counsel for Defendants have had ongoing communications with *pro se* claimant in the *Harrison v. Merck* case (1:06-cv-932) regarding Mr. Harrison's discovery requests.   The parties will be prepared to discuss this further at the monthly status conference on April 12, 2007.

## X.   IMS DATA

Counsel for IMS and the PLC continue to discuss further production of IMS data.   The PSC has been advised that Orders were issued in New Jersey State Court regarding IMS data and the PSC is reviewing the Orders further.   The parties will be prepared to discuss this further at the monthly status conference on April 12, 2007.

XI.   MERCK'S MOTION FOR SUMMARY JUDGMENT

On July 5, 2006, Merck filed a Motion for Summary Judgment in the *Lene Arnold* and *Alicia Gomez* cases asserting that plaintiffs' claims are preempted by federal law.  Plaintiff's opposition brief was filed on September 15, 2006.  Merck's reply was filed on October 6, 2006. Plaintiffs have filed several notices of supplemental authority, to which Merck has prepared responses.  The motion was argued on November 17, 2006 and the parties await a ruling.

XII.   TOLLING AGREEMENTS

On October 27, 2006, PLC communicated with DLC regarding Claimant Profile Forms submitted with Tolling Agreements and requested that a stipulation be worked out regarding Tolling Agreement claimants that have completed Claimant Profile Forms in filed cases so that re-filing a Plaintiff Profile Form can be accomplished by a mere addendum.  On March 13, 2007, Merck provided a proposed Pre-Trial Order and Conversion Form.  The PSC is reviewing the information and will be providing a response to DLC.  The parties will be prepared to discuss this further at the monthly status conference on April 12, 2007.

On March 7, 2007, a Notice of Amendment to the Tolling Agreement was filed with the Court.  The parties agreed to establish a deadline for the submission of claims under the Tolling Agreement.  No further requests for tolling shall be accepted under the Tolling Agreement beyond April 9, 2007.

XIII.   ISSUES RELATING TO PRE-TRIAL ORDER NO. 9

On February 9, 2007, the PSC received an Agreement letter with the State of Texas MDL PSC regarding the right of state court litigants to cross-notice expert depositions in Federal MDL 1657 proceedings or use MDL 1657 depositions in trial or in Motion practice.  The PSC is attempting to secure agreements from other states similar to the agreement reached with

the State of Texas MDL PSC.  The PSC will be prepared to discuss this further at the monthly status conference on April 12, 2007.

## XIV.   VIOXX SUIT STATISTICS

Merck advises that as of December 31, 2006, Merck had been served or was aware that it had been named as a defendant in approximately 27,400 lawsuits, which include approximately 46,100 plaintiff groups alleging personal injuries resulting from the use of Vioxx, and in approximately 264 putative class actions alleging personal injuries and/or economic loss. Of these lawsuits, approximately 8,300 lawsuits representing approximately 23,700 plaintiff groups are or are slated to be in the federal MDL and approximately 19,100 lawsuits representing approximately 22,400 plaintiff groups have been filed in state courts.  Merck advises that it defines a "plaintiff group" as one user of the product and any derivative claims emanating from that user (such as an executor, spouse, or other party).  Further, Merck advises that there are more Plaintiffs identified than lawsuits because many lawsuits include multiple Plaintiffs in the caption.  In addition, as of December 31, 2006, approximately 14,180 claimants had entered into tolling agreements with the Company.  The PSC has requested current updated numbers.  The parties will be prepared to address this further at the monthly status conference on April 12, 2007.

## XV.   MERCK INSURANCE

By letter dated September 20, 2006, PLC requested an update from Merck on insurance coverage and a report on any arbitration/dispute resolution matters that may be relevant to Vioxx litigation.  Merck responded by providing a Second Supplemental Response to the PSC's First Set of Interrogatories and an Amended and Supplemental Response and Objections to the PSC's First Request for Production of Documents. The PSC advised that it did

not deem the supplemental responses sufficient.  The PSC also issued a Notice of FRE 30(B)(6) Corporate Deposition to Merck & Co., Inc. regarding various insurance related issues. Additional FRE 30(B)(6) Corporate Deposition Notices were issued to Merck's insurers.  On December 22, 2006, the parties met and conferred to discuss further the various discovery requests issued by the PSC to Merck relating to Merck's insurance issues.  The parties discussed this matter further with the Court on January 10, 2007.

On January 16, 2007, Merck and its insurers jointly filed an omnibus motion to quash or, alternatively, a motion for a protective order with regard to the PSC's insurance-related discovery.  The PSC responded and the Court heard argument on March 1, 2007.  Thereafter, the Court entered an Order requiring Merck to produce certain insurance policies and present a 30(b)(6) witness for deposition, but otherwise granted the motion.  The PSC has been in communication with Merck to obtain the insurance policies and select a date for the deposition. Counsel for Merck anticipates producing the policies shortly and Merck and the PSC are in the process of arranging a date for the deposition.  The parties will be prepared to discuss this further at the monthly status conference on April 12, 2007.

## XVI.   FURTHER PROCEEDINGS

Representatives of the PSC and Defendants have met and conferred regarding further proceedings in this MDL.  The parties will be prepared to discuss this further at the monthly status conference on April 12, 2007.

## XVII.   MERCK'S STATUTE OF LIMITATIONS MOTION

On September 22, 2006, Merck filed a Motion for Summary Judgment in the *Edmonds*, *Stinson* and *Watson* cases asserting that plaintiffs' claims were time barred.  The matter was set for hearing on February 28, 2007 and the Court issued an Order denying Merck's

motion on March 22, 2007. On April 5, 2007, Merck filed a Motion for Reconsideration. The motion was denied by Order entered April 9, 2007.

XVIII. <u>DISCOVERY RELATING TO THE MARTIN REPORT</u>

On October 13, 2006, Merck filed a Motion for Protective Order prohibiting discovery of attorney work product and privileged communications relating to the Martin Report. On November 1, 2006, the PSC filed its opposition.

On November 13, 2006, the PSC filed a Motion to Compel Responses to the PSC's Third Set of Interrogatories and Third Set of Requests for Production of Documents directed to Merck. On December 1, 2006, Merck filed its opposition.

On November 22, 2006, the PSC filed a Motion to Compel Compliance With Third Party Subpoenas seeking to compel John S. Martin, Jr., Esq., of counsel; Debevoise and Plimpton, LLP; Martin Frederic Evans, presiding partner or custodian of records, Debevoise; Records Custodian, Burson-Marsteller, LLP; and Marcia Silverman, CEO, Ogilvy Public Relations Worldwide, Inc. to comply with notices of depositions and subpoenas for documents and testimony. On December 11, 2006, Merck filed its opposition.

All of these motions were heard on February 28, 2007 and the Court issued an Order on March 5, 2007 granting Merck's motion and denying the PSC's motion. On March 12, 2007, the PSC filed a Motion to Alter or Amend the Judgment of this Court's Order of March 5, 2007. On April 2, 2007, Merck filed an opposition to the motion. Although the Court has advised that it will address the motion at the monthly status conference, the PSC requests an opportunity to file a reply brief.

XIX.   REMAND MOTIONS

The PSC continues to receive communications requesting that remand motions be scheduled in the MDL.  The parties will be prepared to discuss this further at the monthly status conference on April 12, 2007.

**NEW ITEMS**

XX.   MOTION TO COMPEL RETURN OF ATTORNEY WORK PRODUCT

On March 7, 2007, during the deposition of John W. Farquhar, M.D., defendant attempted to use a document that the Plaintiffs' Steering Committee contended was inappropriate to be used because it contained attorney work product.  On March 8, 2007, a telephone status conference took place with the Court and the parties were ordered to address the issue at the monthly status conference.  On March 29, 2007, the PSC filed a Motion to Compel the Return of Attorney Work Product.  Merck filed its opposition on April 10.  The matter is set for hearing at the monthly status conference on April 12, 2007.

Judge Wilson in the Texas Coordinated State Action Proceeding ruled on April 9, 2007 that the document at issue had been inadvertently produced by the plaintiff, but, among other things, he did not require Merck to return the document to the plaintiffs. The parties will be prepared to discuss this further at the monthly status conference on April 12, 2007.

XXI.   MOTION TO WITHDRAW AS COUNSEL OF RECORD

Michael Hingle & Associates, L.L.C., Michael Hingle, Ronald J. Favre, Bryan A. Pfleeger, and Paul D. Hesse, counsel for *Rosemary Ann Rout* (2:05-cv-04460) and for numerous other plaintiffs, filed Motions to Withdraw as Counsel of Record for a number of these plaintiffs and have advised that they are planning on filing a number of additional withdrawals pending this court's ruling.  Upon receipt of the motions, Merck immediately requested that the Court

withhold a ruling on these multiple withdrawals because, according to Merck, these plaintiffs, and over 90 other plaintiffs similarly situated, allegedly had either failed to allege Vioxx related injuries in their Plaintiff Profile Forms ("PPFs") or had previously provided grossly deficient or incomplete PPFs comprising only two pages of the ten page form.  Merck contends that these attempts at withdrawal are inappropriate.  Merck's position is that Plaintiffs' counsel had agreed over a year ago to dismiss some of these cases and earlier this month, concurrent with the filing of these Motions to Withdraw, Merck sought, through letters to these specific plaintiffs' counsel, dismissal of the non-Vioxx cases and, a week prior to the filing of the withdrawals, had provided extensions for these specific counsel to supplement and or amend the allegedly grossly deficient and incomplete PPFs.  PLC has attempted to communicate with Michael Hingle, but has not yet received confirmation that he is aware that this issue is to be addressed at the monthly status conference.  PLC has advised Merck that Mr. Hingle must receive sufficient notice in order for this matter to be presented to the Court.  The Court has requested that the parties be prepared to discuss this at the monthly status conference on April 12, 2007.

## XXII.  NEXT STATUS CONFERENCE

PLC and DLC will be prepared to schedule the next status conference, on a date to be selected by the Court.

Respectfully submitted,


/s/ Leonard A. Davis
Russ M. Herman (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
**Herman, Herman, Katz & Cotlar, LLP**
820 O'Keefe Avenue
New Orleans, LA  70113
PH:  (504) 581-4892
FAX:  (504) 561-6024

**Plaintiffs' Liaison Counsel**

/s/ Dorothy H. Wimberly
Phillip A. Wittmann (Bar No. 13625)
Dorothy H. Wimberly (Bar No. 18509)
Carmelite M. Bertaut (Bar No. 3054)
**Stone Pigman Walther Wittmann L.L.C.**
546 Carondelet Street
New Orleans, LA  70130-3588
PH:    (504) 581-3200
FAX:  (504) 581-3361

**Defendants' Liaison Counsel**


## CERTIFICATE

I hereby certify that the above and foregoing Joint Status Report No. 23 of Plaintiffs' and Defendants' Liaison Counsel has been served upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 10th day of April, 2007.

/s/ Leonard A. Davis
Leonard A. Davis (#14190)
Herman, Herman, Katz & Cotlar, LLP
201 St. Charles Ave.
Suite 4310
New Orleans, LA  70170
PH:  (504) 581-4892
FAX:  (504) 561-6024
ldavis@hhkc.com
Plaintiffs' Liaison Counsel

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MONTHLY STATUS CONFERENCE
APRIL 12, 2007
<u>SUGGESTED AGENDA</u>

I.      State Court Trial Settings

II.     Further Proceedings in the Early Trial Cases

III.    Class Actions

IV.     Discovery Directed to Merck

V.      Discovery Directed to Third Parties

VI.     Deposition Scheduling

VII.    Plaintiff Profile Form and Merck Profile Form

VIII.   State/Federal Coordination -- State Liaison Committee

IX.     *Pro Se* Claimants

- 1 -

831270v.1

X.      IMS Data

XI.     Merck's Motion for Summary Judgment

XII.    Tolling Agreements

XIII.   Issues Relating to Pre-Trial Order No. 9

XIV.    Vioxx Suit Statistics

XV.     Merck Insurance

XVI.    Further Proceedings

XVII.   Merck's Statute of Limitations Motion

XVIII.  Discovery Relating to the Martin Report

XIX.    Remand Motions

XX.     Motion to Compel Return of Attorney Work Product

XXI.    Motion to Withdraw As Counsel of Record

XXII.   Next Status Conference

831270v.1