UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX | : MDL Docket NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | : |
| | : SECTION L |
| *This document relates to ALL CASES* | : JUDGE FALLON |
| | : MAG. JUDGE KNOWLES |

**THE PLAINTIFFS' STEERING COMMITTEE'S REPLY IN SUPPORT OF MOTION
TO ALTER OR AMEND THE JUDGMENT OF THIS COURT'S ORDER OF
MARCH 5, 2007 (RE: THE MARTIN REPORT)**

I.  **INTRODUCTION**

In Merck's opposition to the plaintiffs' motion to alter or amend, Merck argues no controlling question of law over which there is a substantial ground for difference of opinion exists since the "in anticipation of litigation" requirement of the federal work product doctrine is well established. Merck also argues that an immediate appeal of this Court's order will not materially advance the litigation since reversal of that order will not be dispositive of the litigation.

What Merck fails to grasp is that the plaintiffs' arguments focus on the unique facts surrounding the preparation and distribution of the Martin Report and how these facts impact Merck's assertion of the work product privilege. Furthermore, reversal by the Fifth Circuit is actually likely to materially advance this litigation since the materials being withheld are probative and could force Merck to alter its decision to litigate each and every Vioxx case.

1

II      **ARGUMENT**

    1.     **The PSC's Motion to Alter or Amend Presents Controlling Questions of Law**

This case present a controlling question of law that has not yet been addressed by the Fifth Circuit in light of the contents of the Martin Report and the facts surrounding its preparation and distribution.

Although Merck correctly observes that the Fifth Circuit has addressed the applicability of the work product doctrine in past cases, the Fifth Circuit has never been presented with a case where an otherwise privileged document, *i.e.*, a report from an internal investigation conducted by outside counsel, has been intentionally distributed on a mass scale via the internet. This factual predicate is further complicated and distinguishable from past cases by the fact that the contents of the Martin Report actually confirms that its "most important" purpose was to permit the Board to release the report to the public.[1] The Fifth Circuit could rule that such a scenario is outside the work product

---

[1] These facts demonstrate that Merck's primary motivating purpose in preparing the Martin Report was for public distribution as part of a publicity campaign, *i.e*, a business as opposed to a litigation purpose. Alternatively, these facts demonstrate that the investigation and report were fueled by "dual purposes" and that the investigation and report would have been undertaken even if such litigation had not been anticipated.

As noted by plaintiffs in the opening memorandum, this Court's March 5, 2007 Order and Reasons focused on whether the Martin Report was prepared in anticipation of litigation. This Court did not adhere to the reasoning of cases such as *Carroll v. Praxair, Inc.*, 2006 WL1793656 * 2 (W.D.La. June 28, 2006), wherein documents were created for dual purpose, *i.e.*, both a litigation and a business purpose. Such cases establish that there is a substantial difference of opinion contradicting this Court's ruling with respect to materials created for such dual purposes. *See Carroll, supra*; *Poseidon Oil Pipeline Co. v. Trans Ocean Sedco Forex*, 2001 WL 1360434, *4 (E.D.La. 2001); *Occidental Chemical Corp. v. OHM Remediation Service Co.*, 175 F.R.D. 431, 435 (W.D.N.Y. 1997).

2

privilege and/or constitutes a waiver of the work product privilege per se.[2] Thus, this case presents a controlling question of law over which there is a substantial ground for difference of opinion as demonstrated by the disparity between this Court's decision and those cases reaching the opposite result. *See Carroll, supra; Poseidon Oil Pipeline Co., supra; Occidental Chemical Corp., supra.*

Although completely ignored by Merck, there is a further controlling question of law as to whether Merck waived the work product privilege by voluntarily providing privileged materials to third-party marketing firms.[3] Again, this issue has never been addressed by the Fifth Circuit and is

---

[2] Although Merck denies that the release of the Martin Report was intended to influence potential jurors, this contention is suspect since the report was publicly distributed on a mass scale. The improper and unethical use of the title "Judge Martin" when referring to the reports author also calls into question Merck's assertion that the report was not intended to influence jurors. *See Joachim v. Chambers*, 815 S.W.2d 234, 239-40 (Tex. 1991)(finding canons of judicial conduct are breached when a former judge testifies as an expert witness due to the "appearance of impropriety"); *Boumedience v. Bush*, 476 F.3d 934 (D.C.Cir. 2006) (denying unopposed motion of retired federal jurists for leave to file a brief amici curiae since former jurists improperly used past titles to lend credence to their work).

The release of the Martin Report under the above circumstances supports the PSC's argument that the Fifth Circuit could recognize a per se waiver of the work product doctrine in this case. The possibility of such a ruling by the Fifth Circuit demonstrates that a 1292(b) certification is absolutely essential at this time since such a ruling would necessitate new trials in many of the cases where Merck prevailed following the release of the Martin Report. The longer this issue evades review, the greater the potential prejudice to all parties.

[3] In an effort to support its assertion of the work product privilege with respect to the materials provided to the third-party marketing firms, Merck relied upon case law from the Second Circuit in its prior pleadings. Such authority lacks even the power to persuade since the Second Circuit, unlike the Fifth Circuit, does not require that materials be created "primarily" or "exclusively" for litigation in order to qualify for work product protection. *See United States v. Adleman*, 134 F.3d 1194, 1202 (2nd Cir. 1998). Given the disparity between the law of the Second and Fifth Circuits with regards to the primary motivating purpose requirement of the work product privilege, it is unfathomable that the Fifth Circuit would agree with the Second Circuit. In any event, even those Second Circuit cases relied upon by Merck are distinguishable and/or are less expansive than has been suggested by Merck. *See* Plaintiffs' Reply in Support of Motion to Compel Compliance with Third-Party Subpoenas at 5-11 (distinguishing Second Circuit case law relied upon by Merck).

3

a controlling question of law over which there is a substantial ground for difference of opinion.

Accordingly, plaintiffs have satisfied the requirement of 28 U.S.C. §1292(b) that there be controlling questions of law over which there is a substantial ground for difference of opinion.

2. **If the Relief Requested under 28 U.S.C. §1292(b) is Granted, the Ultimate Termination of the Litigation will be Advanced**

Although Merck scoffs at the idea that certification of a discovery order to the Fifth Circuit will advance this litigation towards resolution, the materials being requested by plaintiffs could very well force Merck to alter its current strategy of litigating each and every Vioxx case. The materials sought by plaintiffs consist of Debevoise & Plimpton's interviews, statements, and memoranda of key witnesses in this litigation. Such materials potentially contain damaging admissions and/or inconsistent statements by key witnesses.[4] To the extent such materials contain damaging admissions and inconsistent statements, production of such materials could force Merck to abandon its scorched earth litigation strategy.[5] Further, as noted in the plaintiffs' opening memorandum, a discreet appeal on this issue will not hamper or interfere with the ongoing MDL or satellite litigation.

Accordingly, the PSC requests that this Court certify its March 5, 2007 for an immediate

---

[4] To the extent any statement given by a fact witness during the investigation conducted by Mr. Martin is inconsistent with subsequent statements or testimony by the same witness, the PSC should be entitled to have this evidence available in order to conduct a meaningful cross-examination. *See Duck v. Warren*, 160 F.R.D. 80, 82-3 (E.D.Va. 1995); *Gargano v. Metro-North*, 222 F.R.D. 38, 40-1 (D.Conn. 2004); *Dinter v. Sears, Roebuck & Co.*, 599 A.2d 528, 536 (N.J.Super.A.D. 1991).

[5] Although it is anticipated that Merck will criticize plaintiffs as being unable to further articulate how the materials being withheld will advance the litigation and/or the plaintiffs' claims, this position is disingenuous since Merck has refused to produce a privilege log. Absent a privilege log, it is impossible for the plaintiffs to further articulate how the production of each of the materials being withheld will materially advance the litigation.

appeal.

### III. CONCLUSION

For the reasons set forth above, the PSC requests this Court amend its March 5, 2007 Order by modifying it to certify the Order for immediate appeal pursuant to 28 U.S.C. §1292(b).

Respectfully submitted,

**PLAINTIFFS' STEERING COMMITTEE**

Date: April 10, 2007

By: /s/ Leonard A. Davis
**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***Herman, Herman, Katz & Cotlar, L.L.P.***
830 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

**PLAINTIFFS' LIAISON COUNSEL**

Andy D. Birchfield, Jr., Esquire
Leigh O'Dell, Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)
**Co-Lead Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
  MEUNIER & WARSHAUER, L.L.C.
Energy Centre
1100 Poydras Street, Ste. 2800
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (fax)

5

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
 BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
Shanin Specter, Esquire
David J. Caputo, Esquire
Lisa S. Dagostino, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street
19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire **(on brief)**
Fred S. Longer, Esquire **(on brief)**
Daniel Levin, Esquire
Matthew C. Gaughan, Esquire **(on brief)**
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Shelly A. Sanford, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W., Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

6

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with PreTrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 10th day of April, 2007.

/s/ Leonard A. Davis
Leonard A. Davis (Bar No. 14190)
***Herman, Herman, Katz & Cotlar, LLP***
830 O'Keefe Avenue
New Orleans, Louisiana  70113
PH:     (504) 581-4892
FAX:   (504) 561-6024
ldavis@hhkc.com