UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: VIOXX <br>    Products Liability Litigation | * <br> * <br> * |
| This Document Relates to: <br>    LENE ARNOLD | *   MDL No. 1657 <br> * <br> *   SECTION L |
| versus | * <br> *   JUDGE ELDON E. FALLON |
| MERCK & CO., INC. <br>    Defendant | * <br> *   MAGISTRATE JUDGE <br> *   KNOWLES |
| Case No. 05-2627 | * <br> * |
| & | * <br> * |
| ALICIA GOMEZ | * <br> * |
| versus | * <br> * |
| MERCK & CO., INC. <br>    Defendant | * |
| Case No.  SA 05 CA0016 FB | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**MERCK'S NOTICE OF
SUPPLEMENTAL AUTHORITY**

Defendant Merck & Co., Inc. ("Merck") submits this Notice of Supplemental Authority in support of its pending motion for summary judgment in the above-captioned cases. For the reasons explained below, the Eastern District of Pennsylvania's decision in *Sykes v. Glaxo-Smithkline*, ___ F. Supp. 2d ___, 2007 WL 957337, No. CIV.A. 06-1111 (E.D. Pa. March

867349v.1

28, 2007), supports Merck's position that plaintiffs' claims are preempted by the FDA's comprehensive prescription drug regulations.

Like this case, *Sykes* involved a state-law failure-to-warn claim asserting that a prescription drug label approved by the Food and Drug Administration ("FDA") should have included additional information considered and rejected by the FDA. The *Sykes* court held the claim preempted by the FDA's prescription drug regulations, explaining that under the FDA regulations, an approved drug label reflects "both the 'floor' and the 'ceiling'" with respect to proper risk disclosures. *Id.* at *18. Requiring warnings beyond those required by the FDA based on information available to the agency, the court held, would "upset the careful benefit-risk balance that FDA has struck in approving a product for market" and "would lead to the very result the FDA wants to avoid, i.e., overwarning, exaggeration, and defensive labeling." *Id.*

Like the plaintiffs' claims in *Sykes*, plaintiffs' claims in this case effectively assert that the FDA should have required additional information on a prescription drug label. Because plaintiffs' claims would disrupt the benefit-risk balance struck by the FDA, they must be preempted, for the reasons explained in *Sykes*.

In elaborating those reasons, *Sykes* addresses and refutes many of the specific arguments made by plaintiffs in this case:

- Plaintiffs here argue that the FDA's view of the preemptive force of its own regulations is not entitled to judicial deference. *Sykes* rejects that position and holds that the FDA's view deserves "significant deference." *Id.* at *23; *see id.* at *20 ("Under Supreme Court precedent, an agency's interpretation of the statute and regulations it administers is entitled to deference when Congress has not made its intent known.").

- Plaintiffs here contend that deference is inappropriate because the FDA's current view of its regulations' preemptive force is inconsistent with the FDA's prior views. *Sykes* again rejects that argument, holding that deference is required because even to the extent there has been any change, the agency provided a "reasoned analysis . . . as to why certain state law tort claims are now preempted,"

2

and in any event the FDA's position has been "very consistent" since 2000. *Id.* at * 22.

- Plaintiffs here contend the FDA's analysis of preemption in the Preamble to the 2006 Final Rule is not entitled to deference because the FDA did not satisfy certain procedural requirements. *Sykes* summarily dismisses that argument, explaining that a regulatory preamble does not require specific notice and comment, and that the FDA in any event did "consult with a number of organizations representing the interests of state and local governments" prior to issuing the Preamble. *Id.* at *22 n.27.

- Finally, plaintiffs here have suggested that the 2006 Preamble cannot apply retroactively. *Sykes* also rejects that argument summarily, holding that "the Preamble is an interpretive rule that has no prohibited retroactive effect," and that the FDA in any event has expressed the same view repeatedly in sources other than Preamble that are also entitled to deference. *Id.* (quotation omitted).

For the foregoing reasons, *Sykes* supports Merck's contention that failure-to-warn claims challenging labels approved by the FDA, based on information considered by the FDA, are preempted by the FDA's labeling regulations.

                                                Respectfully submitted,

                                                */S/ Phillip A. Wittmann*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

3

867349v.1

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Merck's Notice of Supplemental Authority has been served on Plaintiffs' Liaison Counsel, Russ Herman by U.S. Mail and e-mail or by hand delivery and e-mail and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 12th day of April, 2007.

/S/ Phillip A. Wittmann
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

867349v.1