UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: VIOXX | * | MDL DOCKET No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L - DIVISION 3 |
| | * | |
| This document relates to | * | JUDGE FALLON |
| CASE NO. 2:05CV2524 | * | |
| | * | |
| ANTHONY WAYNE DEDRICK, | * | MAG. JUDGE KNOWLES |
| an Individual, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MERCK & CO., INC., | * | |
| | * | |
| Defendant. | * | |

**PLAINTIFF'S OPPOSITION AND OBJECTIONS TO MERCK'S
MOTION FOR TAXATION OF COSTS**

Plaintiff Anthony Dedrick hereby opposes and objects to Merck's Motion for Taxation of Costs, filed January 16, 2007. Merck seeks to recoup the costs of deposition transcripts and daily trial transcripts for its counsel's use. For the reasons outlined below, Merck's motion is due to be denied. Moreover, Plaintiff Anthony Dedrick is a person of very limited means. Even if the costs Merck seeks are taxable under Rule 54, which Plaintiff contends they in large measure are not, it would be impossible for Plaintiff to pay the costs for which Merck seeks payment.

I.  **OBJECTIONS TO TAXATION OF TRANSCRIPTION FEES**

   A.  **Cost of Daily Transcripts**

Merck seeks to recoup transcription fees paid to court reporters in the amount of $15,681.60. *See* Exhibit A to Merck's Motion for Taxation of Costs. These fees are for

the costs of expedited daily transcripts of the trial and pre-trial hearings for use by Merck's counsel. Merck has provided this Court with no legal basis for taxing such ordinarily non-taxable costs here.

In seeking such costs, Merck does not inform the Court that counsel for Plaintiff had agreed to and did share the costs of obtaining expedited daily transcripts during trial. Under such circumstances, the federal courts have held that it is proper to **exclude** from taxable costs the charges incurred for such joint daily transcripts.[1]

Moreover, "It is the rule in the Fifth Circuit that a copy of a transcript of the trial evidence obtained by counsel for use during trial is **not a taxable item**."[2] Thus, "the Court may not award transcript fees when used merely for attorney convenience."[3] As the court, in *Zapata Gulf Marine Corp. v. Puerto Rico Maritime Shipping Authority*, 133 F.R.D. 481, 484 (E.D. La. 1990), a case cited by Merck in alleged support of its motion, explained:

> Daily transcripts of trial proceedings are **not customary**. In this case, the parties infrequently referred to the daily transcripts during testimony. Considering that the trial lasted eight weeks, it is likely that the lawyers personally used the daily transcripts to refresh their memories of past testimony. Any one of the lawyers sitting with trial counsel could have

---

[1] See *Thomas v. Duralite Co., Inc.*, 524 F.2d 577, 590 (3rd. Cir. 1975); *Datapoint Corp. v. Picture Tel. Corp.*, 1998 U.S. Dist. LEXIS 10897, 1998 WL 401630, (N.D. Tex. July. 9, 1998), aff'd, 1998 U.S. Dist. LEXIS 14773, 1998 WL 641807 (N.D. Tex. Sept. 11, 1998).

[2] See *Hiller v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 60 F.R.D. 87, 89 (N.D. Ga. 1973) (emphasis supplied); *United States v. Lynd*, 334 F.2d 13 (5th Cir. 1964); *Carmichael v. Allen*, 267 F. Supp. 985 (N.D. Ga.1965); *Department of Highways v. McWilliams Dredging Co.*, 10 F.R.D. 107 (W.D. La.1951), aff'd, 187 F.2d 61 (5th Cir. 1951). Merck cites *Holmes ex rel. Estate of Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994), in support of its motion but neglects to tell the Court that the party opposing the award of costs in that case **did not challenge the factual basis of the court's finding of necessity** in that case as Plaintiff does here.

[3] *Bats, Inc. v. Vector Pipeline LP*, 222 F.R.D. 356, 359 (D. Ind. 2004); see *Brumley Estate v. Iowa Beef Processors, Inc.*, 704 F.2d 1362, 1363 (5th Cir. 1983).

taken notes for that purpose. Both trial attorneys in this case are partners in large law firms with extensive staff support. Accordingly, the court finds that the daily transcripts were obtained primarily for the convenience of the lawyers and were not necessarily obtained for use in the case.[4]

Courts within this judicial district agree:

> Daily transcripts are not routinely prepared. In this case, there was little occasion for the Court or the jury to make use of the daily transcripts, and post-trial findings of fact were not necessary. The Court finds that the **daily transcripts were a luxury item obtained primarily for the convenience of counsel** and were not necessarily obtained for use in the case. Accordingly, $45, 435.90 will be deducted from the costs taxed to the plaintiffs.[5]

Merck cites *Tellus Operating Group, LLC v. R & D Pipe Co.*, No. 2:04cv418-KS-MTP, 2006 U.S. Distr. LEXIS (S.D. Miss. Dec. 13, 2006), in support of their argument that the transcripts were a necessity. In so doing, Merck points to language suggesting that the fact that the parties split the cost of transcripts fees was an admission that the transcripts were needed. This is not necessarily the case. Rather, another, more logical conclusion is that counsel for both parties desired the convenience of daily transcripts.[6]

---

[4] (Emphasis supplied). See *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964); *Brumley Estate*, 704 F.2d at 1363; see also *In re Nissan Antitrust Litigation*, 577 F.2d 910, 918 (5th Cir. 1978), *cert. denied, P.D.Q., Inc. of Miami v. Nissan Motor Corporation in U.S.A.*, 439 U.S. 1072 (1979); *Harris Corp. v. Sanyo N. Am. Corp.*, 2002 U.S. Dist. LEXIS 3608 (N.D. Tex., Mar. 4, 2002).

[5] *Industrial Risk Insurers v. New Orleans Public Service, Inc.*, 1991 U.S. Dist. LEXIS 259 (E.D. La. 1991).

[6] The fact that Plaintiff's counsel agreed to share the costs of daily transcripts is not evidence supporting a finding of necessity. See *Datapoint Corp. v. Picture Tel. Corp.*, 1998 U.S. Dist. LEXIS 10897, 1998 WL 401630, (N.D. Tex. July. 9, 1998), *aff'd*, 1998 U.S. Dist. LEXIS 14773, 1998 WL 641807 (N.D. Tex. Sept. 11, 1998). As one court explained:

> PictureTel seeks an award of costs for daily trial transcripts. . . . PictureTel argues that the daily transcripts were necessarily obtained for use in this case, but provides the Court with no factual basis to support the necessity. PictureTel argues that because the transcripts were used during trial and because Datapoint agreed to share the costs of daily transcription, they were necessary. . . *the fact that Datapoint agreed to share the cost of the daily transcription does not support a finding that the daily transcripts were necessary*. Datapoint may have paid the additional cost for its own convenience or, as Datapoint contends, so as not to allow PictureTel a tactical advantage at trial, not because of necessity. The Court does not deny that daily trial transcripts may be necessary in some cases, however, PictureTel has made no showing of necessity in this case.

3

The fact that both parties purchased this convenience does not mean that it was a necessity.

To have any basis on which to award the cost of daily transcripts under any circumstances, the Fifth Circuit has required that this Court find both that such transcripts were "not obtained primarily for the convenience of the parties but were "necessarily obtained for use in this case."[7] A finding of necessity is a factual finding,[8] on which Merck bears the burden of proof.[9] Thus, Merck was required to come forward with **"affirmative proof that without the daily transcripts, the presentation of [its] case would have been adversely affected."**[10] Merck has failed to meet its burden of proof.[11] Therefore, its motion to tax the costs of daily transcripts should be denied.

### B. Costs for Expedited Delivery and Surcharges

Merck also seeks $24,885.70 in costs for deposition transcripts. Merck sought and paid for expedited delivery of transcripts for the following witnesses: Anthony Wayne Dedrick (I & II); John McPherson, M.D.; Mark Koenig, M.D., William Coltharp, M.D., Esmeraldo Herrera, M.D., Sherry Curtis, Phil Dedrick, Kenny Dedrick, Melissa

---

[7] *Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991); *Bolton v. Resoro Petroleum Corp.*, 871 F.2d 1266, 1278 (5th Cir. 1989); *Studiengesellschaft Kohle v. Eastman Kodak Co.* 713 F.2d 128, 133 (5th Cir. 1983).

[8] *Studiengesellschaft*, 713 F.2d at 133.

[9] *Fogleman*, 920 F.2d at 286; *Datapoint*, 1998 U.S. Dist. LEXIS 10897.

[10] *Datapoint*, 1998 U.S. Dist. LEXIS 10897 (emphasis supplied).

[11] *Fogleman*, 920 F.2d at 286 (emphasis supplied); *J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 760 F.2d 613, 615-16 (5th Cir. 1985), *reinstated in relevant part en banc*, 790 F.2d 1193 (1986), *aff'd* 482 U.S. 437 (1987); *Studiengesellschaft*, 713 F.2d at 133; *Brumley Estate*, 704 F.2d at 1363; *In re Nissan*, 577 F.2d at 918; *see also Harris*, 2002 U.S. Dist. LEXIS 3608 ("the Court concludes that daily trial transcripts were for the convenience for counsel and not necessary in the sense contemplated by 28 U.S.C. § 1920").

4

McAllister, Donna Arnett, Ph.D., Anita Glover, Saji Jacob, M.D., and Alfred Stanley, M.D. As the Court of Appeals for the Fifth Circuit explained in *Fogleman*, 920 F.2d at 286 (emphasis supplied): "We have previously held that the extra cost of obtaining a trial transcript on an expedited basis is not taxable [absent circumstances not present in this case] ... ***The same reasoning applies to a copy of a deposition obtained on an expedited basis.***" See *United States v. Lynd*, 334 F.2d 13 (5th Cir. 1964). Merck has made no effort to show why expedited delivery of depositions was necessary. Moreover, Merck has failed to delineate which portion of the costs incurred were the result of expedited delivery and which portion was a result of the normal deposition transcript fee. Therefore, because Merck has failed to identify and deduct costs for expedited delivery, the cost of the entire deposition should not be allowed.

## II.   OPPOSITION TO TAXATION OF COSTS

Taxation of costs under Rule 54 is within a district court's discretion. See *Breaux v. City of Garland*, 205 F.3d 150, 164 (5th Cir.), *cert. denied*, 531 U.S. 816 (2000).[12] A court may decline to award costs. See *Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc.*, 952 F. Supp. 415, 417 (N.D.Tex.1997) (Boyle, M.J.) (emphasis added) (citing 28 U.S.C. § 1920; *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987)).

This case was selected by Merck as a part of the Court's overall case management and trial plan. In a whole-hearted commitment to the Court's trial plan, Counsel for

---

[12] See *Neutrino Dev. Corp. v. Sonsosite, Inc.*, No. H-01-2484, 2007 WL 998636 (S.D. Tex. March 2007); see also *Camp v. Progressive Corp.*, No. 01-2680, 2004 WL 2149079 (E.D. La. Sept. 23, 2004); *Guidry v. Jen Marine, LLC*, No. 03-0018, 2003 WL 23095590 (E.D. La. Dec. 24, 2003).

Plaintiff worked tirelessly in the preparation and presentation of this difficult case to the Court and jury. Though Plaintiff's efforts were not successful, the Court should exercise its discretion and deny Merck's motion to tax costs.

Second, denial of costs is proper in cases that are "close and difficult" where the court has ruled in favor of the losing party on numerous expert issues. See *White & White, Inc. v. American Hosp. Sup. Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). This was a complex pharmaceutical case. Plaintiff won multiple motions prior to and during the trial of this case, including numerous issues related to expert testimony. For these reasons, also, the Court should deny Merck's motion.

Finally, a court may deny or reduce costs based upon the losing party's inability to pay the full measure of costs. *Weeks v. Samsung Heavy Indus. Co.* 126 F.3d 926, 945 (7th Cir. 1997). Plaintiff is disabled and receives government assistance. Because of his indigent status, Plaintiff does not have the means to pay any costs taxed against him.

### III. CONCLUSION AND PRAYER FOR RELIEF

For all the reasons stated above, Plaintiff urges the Court to deny Merck's motion and to find that each party in this case should bear its own costs.

Dated: April 15, 2007

                                            Respectfully submitted,

                                            */s/ P. Leigh O'Dell*
                                            ANDY D. BIRCHFIELD, JR.
                                            P. LEIGH O'DELL
                                            **BEASLEY, ALLEN, CROW, METHVIN,**
                                            **PORTIS & MILES, P.C.**
                                              234 Commerce Street
                                            Montgomery, AL 36104
                                            Telephone (334) 269-2343
                                            Facsimile (334) 954-7555

NEED PSC page

**Russ M. Herman** (Bar No. 6819)
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
*Herman, Herman, Katz & Cotlar, LLP*
820 O'Keefe Avenue
New Orleans, LA 70113
PH: (504) 581-4892
**Plaintiffs' Liaison Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID, MEUNIER
& WARSHAUER, L.L.C.
2800 Energy Centre
1100 Poydras Street
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (telecopier)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

**PLAINTIFF'S STEERING COMMITTEE**

**Christopher A. Seeger**, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Arnold Levin, Esquire
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Shelley Sanford, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA 92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W.
Suite 400
Washington, DC 20036-4914
(202) 783-6400 (telephone)
(307) 733-0028 (telecopier)

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing OPPOSITION AND OBJECTIONS TO MERCK'S MOTION FOR TAXATION OF COSTS has been served on Liaison Counsel, Phillip A. Wittman and Russ Herman, by U.S. Mail and e-mail or by hand delivery and e-mail, on Merck's Counsel, Douglas R. Marvin and Philip S. Beck, by e-mail, and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced, in accordance with Pretrial Order No. 8A, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 15th day of April, 2007.

_____
P. Leigh O'Dell
Attorney for Plaintiff
Beasley, Allen, Crow,
Methvin, Portis & Miles, P.C.