UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re:  VIOXX
     Products Liability Litigation

MDL No. 1657

SECTION:  L

This Document Relates to:
CELINA BOYER, DIANE SCHMIDT,
AS ADMINISTRATRIX OF THE ESTATE
OF GRACE MAGLIERI, CLAIRE TAMKIN
and PATRICIA VIDA

Judge Fallon
Mag. Judge Knowles

V.

MERCK & CO., INCORPORATED

## AMENDED COMPLAINT

## COUNT ONE – BOYER - PRODUCTS LIABILITY

1.     At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK")
was and is a foreign corporations and or entity engaged in the manufacture and sale of drug
products, including VIOXX, within the State of Connecticut.

2.     The defendant MERCK is a Product Seller.

3.     On and for some time before July 1, 2000, the plaintiff Celina Boyer had been
prescribed VIOXX by her doctor. Per her doctor's orders, Celina Boyer regularly consumed
VIOXX.

4.     The VIOXX consumed by the plaintiff was designed, manufactured, tested

and/or sold by the defendant MERCK.

5.     As a result of the plaintiff's consumption of the drug VIOXX, she was caused to suffer a massive stroke.

6.     At the time of its sale or distribution and continuing through the date of her stroke, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

  a)   it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

  b)   adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

  c)   there was no adequate post-marketing warning and instruction;

  d)   the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

  e)   there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

  f)   consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

7.     One or more of the defects described above was a substantial factor in causing the injuries to the plaintiff.

8.     The subject VIOXX designed and sold by MERCK was expected to and did

reach the consumer without substantial change in condition.

9.     The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

10.    The defendant breached these express warranties.

11.    The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

12.    The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

13.    The defendant breached this implied warranty of merchantability.

14.    The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

15.    The defendant was negligent in one or more of the following ways:

a)     it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)     it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)     it failed to adequately and properly test VIOXX before and after placing it on the market;

d)     it failed to conduct sufficient testing on VIOXX;

e)   it failed to warn of the risk of heart attack, stroke, and sudden death;

f)   it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)   it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

16.   The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

17.   As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered a massive stroke.

18.   As a further result, the plaintiff was caused to suffer a complete destruction of her capacity to carry on and enjoy all of life's other activities.

## COUNT TWO – BOYER - PUNITIVE DAMAGES

1. - 6. Paragraphs 1. through 6. of Count One are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Two.

7.   The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

6

a) the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact the MERCK and its agents, servants, and employees were aware of those risks;

b) they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c) they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d) they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e) they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f) they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8. The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9. As a result of the defendants' reckless disregard of product users, the plaintiff has been caused to suffer a massive stroke.

10. As a further result, the plaintiff was caused to suffer a complete destruction of her capacity to carry on and enjoy all of life's other activities.

## COUNT THREE –BOYER - CUTPA

1. - 10.  The allegations of paragraphs 1. - 10. of Count Two are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Three.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.    As a result of the defendants' deceptive acts, the plaintiff has been caused to suffer a massive stroke.

14.    As a further result, the plaintiff was caused to suffer a complete destruction of her capacity to carry on and enjoy all of life's other activities.

15.    The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

16.    The defendant was negligent in one or more of the following ways:

a)    it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)    it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting

traditional NSAIDs.

c)    it failed to adequately and properly test VIOXX before and after placing it on the market;

d)    it failed to conduct sufficient testing on VIOXX;

e)    it failed to warn of the risk of heart attack, stroke, and sudden death;

f)    it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)    it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

17.    The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

18.    The plaintiff brings this action pursuant to General Statutes § 52-572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.    As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered from a massive stroke.

20.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and she also suffered an impairment in her capacity to carry on and enjoy all of life's other activities.

## COUNT FOUR – SCHMIDT - PRODUCTS LIABILITY

1.      At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.      The defendant MERCK is a Product Seller.

3.      The plaintiff Diane Schmidt is the Administratrix of the Estate of Grace Maglieri

4.      On and for some time before February of 2004, Grace Maglieri had been prescribed VIOXX by her doctor. Per her doctor's orders, Grace Maglieri regularly consumed VIOXX.

5.      The VIOXX consumed by Grace Maglieri was designed, manufactured, tested and/or sold by the defendant MERCK.

6.      As a result of the Grace Maglieri's consumption of the drug VIOXX, she was caused to suffer a stroke and then death.  This action is brought pursuant to General Statutes §52-555.

7.      At the time of its sale or distribution and continuing through the date of her stroke, VIOXX was in a defective condition unreasonably dangerous to the plaintiff's decedent and others in one or more of the following ways:

a)      it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

b)      adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)      there was no adequate post-marketing warning and instruction;

d)      the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)      there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)      consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.      One or more of the defects described above was a substantial factor in causing the injuries to the plaintiff's decedent.

9.      The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

10.     The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff's decedent.

11.     The defendant breached these express warranties.

12.     The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff's decedent as described in this complaint.

13.     The defendant impliedly warranted that the subject VIOXX was of merchantable

quality.

14.     The defendant breached this implied warranty of merchantability.

15.     The breach of this implied warranty of merchantability by the defendant was a

substantial factor in causing the injuries to the plaintiff as described in this complaint.

16.     The defendant was negligent in one or more of the following ways:

a)     it failed to include adequate warnings with the medication that would alert the
plaintiff and other consumers to the potential risks and serious side effects of
VIOXX ingestion;

b)     it failed to include adequate information or warnings with the medication that
would alert plaintiff to refrain from use of VIOXX without first attempting
traditional NSAIDs.

c)     it failed to adequately and properly test VIOXX before and after placing it on the
market;

d)     it failed to conduct sufficient testing on VIOXX;

e)     it failed to warn of the risk of heart attack, stroke, and sudden death;

f)     it failed to provide adequate post marketing instructions regarding the risks of
VIOXX use; and

g)     it failed to warn that VIOXX should not be used in conjunction with
other risk factors such as family history of heart disease

17.     The negligence of the defendants was a substantial factor in causing the injuries

to the plaintiff's decedent as described in this complaint.

18.     As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff's decedent suffered a massive stroke and then death.  This action is brought pursuant to General Statutes §52-555.

19.     As a further result, the plaintiff's decedent was caused to suffer a complete destruction of her capacity to carry on and enjoy all of life's other activities.

## COUNT FIVE – SCHMIDT - PUNITIVE DAMAGES

1. - 6.  Paragraphs 1. through 7. of Count Four are hereby incorporated and realleged as paragraphs 1. through 7. of this Count Five.

8.     The defendant MERCK acted with reckless disregard for the safety of users of its product, VIOXX in one or more of the following ways:

a)     the product was not accompanied by proper warnings regarding all possible adverse side effects regarding its use despite the fact the MERCK and its agents, servants, and employees were aware of those risks;

b)     they refused to perform testing that they suspected would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

c)     they refused to provide adequate post-marketing warning and instruction despite spending tens of millions of dollars on a direct to consumer marketing campaign;

d)   they misled the public into believing that the foreseeable risks of the use of VIOXX were de minimus in relation to the benefits associated with its' design and formulation;

e)   they failed to perform adequate clinical trials, testing and study which would have uncovered enormous risks associated with the product; and

f)   they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

9.   The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

10.   As a result of the defendant's reckless disregard of product users, the plaintiff's decedent has been caused to suffer a massive stroke and then death.  This action is brought pursuant to General Statutes §52-555 .

11.   As a further result, the plaintiff's decedent was caused to suffer a complete destruction of her capacity to carry on and enjoy all of life's other activities.


**COUNT SIX – SCHMIDT - CUTPA**

1. - 11.  The allegations of paragraphs 1. – 11. of Count Five are hereby incorporated and realleged as paragraphs 1. - 11. of this Count Six.

12.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce.

13.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 8 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

14.  As a result of the defendants' deceptive acts, the plaintiff's decedent has been caused to suffer a stroke and then death.  This action is brought pursuant to General Statutes §52-555.

15.  As a further result, the plaintiff's decedent was caused to suffer a complete destruction of her capacity to carry on and enjoy all of life's other activities.

16.  The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff's decedent as described in this complaint.

17.  The defendant was negligent in one or more of the following ways:

a)  it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)  it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)  it failed to adequately and properly test VIOXX before and after placing it on the market;

d)   it failed to conduct sufficient testing on VIOXX;

e)   it failed to warn of the risk of heart attack, stroke, and sudden death;

f)   it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)   it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

18.   The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff's decedent as described in this complaint.

19.   The plaintiff brings this action pursuant to General Statutes § 52-572m, et. seq., as amended (the "Connecticut Product Liability Act").

20.   As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff's decedent suffered from a stroke and then death.  This action is brought pursuant to General Statutes §52-555.

21.   As a further result, the plaintiff's decedent was caused to incur medical expenses, and she also suffered an impairment in her capacity to carry on and enjoy all of life's other activities.

## COUNT SEVEN – TAMKIN - PRODUCTS LIABILITY

1.      At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.      The defendant MERCK is a Product Seller.

3.      On and for some time before 2002, the plaintiff Claire Tamkin had been prescribed VIOXX by her doctor. Per her doctor's orders, Claire Tamkin regularly consumed VIOXX.

4.      The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

5.      As a result of the plaintiff's consumption of the drug VIOXX, she was caused to suffer a massive stroke.

6.      At the time of its sale or distribution and continuing through the date of her stroke, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

   a)      it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

   b)      adequate testing was not performed that would have shown that VIOXX

possessed serious potential side effects with respect to which full warnings were necessary;

c)    there was no adequate post-marketing warning and instruction;

d)    the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

e)    there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

f)    consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

7.    One or more of the defects described above was a substantial factor in causing the injuries to the plaintiff.

8.    The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

9.    The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

10.    The defendant breached these express warranties.

11.    The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

12.    The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

13.    The defendant breached this implied warranty of merchantability.

18

14.     The breach of this implied warranty of merchantability by the defendant was a

substantial factor in causing the injuries to the plaintiff as described in this complaint.

15.     The defendant was negligent in one or more of the following ways:

a)      it failed to include adequate warnings with the medication that would alert the
        plaintiff and other consumers to the potential risks and serious side effects of
        VIOXX ingestion;

b)      it failed to include adequate information or warnings with the medication that
        would alert plaintiff to refrain from use of VIOXX without first attempting
        traditional NSAIDs.

c)      it failed to adequately and properly test VIOXX before and after placing it on the
        market;

d)      it failed to conduct sufficient testing on VIOXX;

e)      it failed to warn of the risk of heart attack, stroke, and sudden death;

f)      it failed to provide adequate post marketing instructions regarding the risks of
        VIOXX use; and

g)      it failed to warn that VIOXX should not be used in conjunction with
        other risk factors such as family history of heart disease

16.     The negligence of the defendants was a substantial factor in causing the injuries

to the plaintiff as described in this complaint.

17.     As a result of the defective and unreasonably dangerous condition of VIOXX

and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX

and/or the breach of express and/or implied warranties and/or the defendant's negligence, the

plaintiff suffered a massive stroke.

18.     As a further result, the plaintiff was caused to suffer a complete destruction of

her capacity to carry on and enjoy all of life's other activities.


## COUNT EIGHT – TAMKIN - PUNITIVE DAMAGES

1. - 6. Paragraphs 1. through 6. of Count Seven are hereby incorporated and realleged

as paragraphs 1. through 6. of this Count Eight.

7.     The defendant MERCK acted with reckless disregard for the safety of users of its

product, VIOXX in one or more of the following ways:

a)     the product was not accompanied by proper warnings regarding all
possible adverse side effects regarding its use despite the fact the
MERCK and its agents, servants, and employees were aware of those risks;

b)     they refused to perform testing that they suspected would have shown
that VIOXX possessed serious potential side effects with respect to which
full warnings were necessary;

c)     they refused to provide adequate post-marketing warning and instruction despite
spending tens of millions of dollars on a direct to consumer marketing campaign;

d)     they misled the public into believing that the foreseeable risks of the use of
VIOXX were de minimus in relation to the benefits associated with its' design and
formulation;

e)     they failed to perform adequate clinical trials, testing and study which would have
uncovered enormous risks associated with the product; and

f)      they kept consumers ignorant of the fact that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

8.      The subject VIOXX was expected to and did reach the consumer without substantial change in condition.

9.      As a result of the defendant's reckless disregard of product users, the plaintiff has been caused to suffer a massive stroke.

10.     As a further result, the plaintiff was caused to suffer a complete destruction of her capacity to carry on and enjoy all of life's other activities.


## COUNT NINE – TAMKIN - CUTPA

1. - 10.  The allegations of paragraphs 1. - 10. of Count Eight are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Nine.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.     As a result of the defendants' deceptive acts, the plaintiff has been caused to

21

suffer a massive stroke.

14.    As a further result, the plaintiff was caused to suffer a complete destruction of

her capacity to carry on and enjoy all of life's other activities.

15.    The breach of this implied warranty of merchantability by the defendant was a

substantial factor in causing the injuries to the plaintiff as described in this complaint.

16.    The defendant was negligent in one or more of the following ways:

a)    it failed to include adequate warnings with the medication that would alert the
      plaintiff and other consumers to the potential risks and serious side effects of
      VIOXX ingestion;

b)    it failed to include adequate information or warnings with the medication that
      would alert plaintiff to refrain from use of VIOXX without first attempting
      traditional NSAIDs.

c)    it failed to adequately and properly test VIOXX before and after placing it on the
      market;

d)    it failed to conduct sufficient testing on VIOXX;

e)    it failed to warn of the risk of heart attack, stroke, and sudden death;

f)    it failed to provide adequate post marketing instructions regarding the risks of
      VIOXX use; and

g)    it failed to warn that VIOXX should not be used in conjunction with
      other risk factors such as family history of heart disease

17.    The negligence of the defendants was a substantial factor in causing the injuries

to the plaintiff as described in this complaint.

18.    The plaintiff brings this action pursuant to General Statutes § 52-572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.    As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered from a massive stroke.

20.    As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and she also suffered an impairment in her capacity to carry on and enjoy all of life's other activities.

## COUNT TEN – VIDA - PRODUCTS LIABILITY

1.    At all times mentioned herein, the defendant MERCK & CO., INC. ("MERCK") was and is a foreign corporations and or entity engaged in the manufacture and sale of drug products, including VIOXX, within the State of Connecticut.

2.    The defendant MERCK is a Product Seller.

3.    On and for some time before August 26, 2002, the plaintiff Patricia Vida had been prescribed VIOXX by her doctor. Per her doctor's orders, Patricia Vida regularly consumed VIOXX.

4.      The VIOXX consumed by the plaintiff was designed, manufactured, tested and/or sold by the defendant MERCK.

5.      As a result of the plaintiff's consumption of the drug VIOXX, she was caused to suffer a massive stroke.

6.      At the time of its sale or distribution and continuing through the date of her stroke, VIOXX was in a defective condition unreasonably dangerous to the plaintiff and others in one or more of the following ways:

   a)      it was not accompanied by proper warnings regarding all possible adverse side effects regarding its use;

   b)      adequate testing was not performed that would have shown that VIOXX possessed serious potential side effects with respect to which full warnings were necessary;

   c)      there was no adequate post-marketing warning and instruction;

   d)      the foreseeable risks of the use of VIOXX significantly exceeded the benefits associated with its design and formulation;

   e)      there were inadequate clinical trials, testing and study which would have uncovered serious risks associated with the product; and

   f)      consumers were unaware that for a small reduction in pain, they were risking sudden death, heart attacks, and stroke from the use of VIOXX.

7.      One or more of the defects described above was a substantial factor in causing the injuries to the plaintiff.

8.      The subject VIOXX designed and sold by MERCK was expected to and did reach the consumer without substantial change in condition.

9.      The defendant expressly warranted that the subject VIOXX was safe for its intended uses, including the uses to which it was put by the plaintiff.

10.     The defendant breached these express warranties.

11.     The breach of these express warranties by the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

12.     The defendant impliedly warranted that the subject VIOXX was of merchantable quality.

13.     The defendant breached this implied warranty of merchantability.

14.     The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

15.     The defendant was negligent in one or more of the following ways:

a)      it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)      it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)      it failed to adequately and properly test VIOXX before and after placing it on the market;

25

d)      it failed to conduct sufficient testing on VIOXX;

e)      it failed to warn of the risk of heart attack, stroke, and sudden death;

f)      it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)      it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

16.      The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

17.      As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered a massive stroke.

18.      As a further result, the plaintiff was caused to suffer a complete destruction of her capacity to carry on and enjoy all of life's other activities.


## COUNT ELEVEN – VIDA - PUNITIVE DAMAGES

1. - 6.    Paragraphs 1. through 6. of Count Ten are hereby incorporated and realleged as paragraphs 1. through 6. of this Count Eleven.

7.      The defendant MERCK acted with reckless disregard for the safety of users of its

product, VIOXX in one or more of the following ways:

  a)   the product was not accompanied by proper warnings regarding all
       possible adverse side effects regarding its use despite the fact the
       MERCK and its agents, servants, and employees were aware of those risks;

  b)   they refused to perform testing that they suspected would have shown
       that VIOXX possessed serious potential side effects with respect to which
       full warnings were necessary;

  c)   they refused to provide adequate post-marketing warning and instruction despite
       spending tens of millions of dollars on a direct to consumer marketing campaign;

  d)   they misled the public into believing that the foreseeable risks of the use of
       VIOXX were de minimus in relation to the benefits associated with its' design and
       formulation;

  e)   they failed to perform adequate clinical trials, testing and study which would have
       uncovered enormous risks associated with the product; and

  f)   they kept consumers ignorant of the fact that for a small reduction in pain, they
       were risking sudden death, heart attacks, and stroke from the use of VIOXX.

  8.    The subject VIOXX was expected to and did reach the consumer without

substantial change in condition.

  9.    As a result of the defendant's reckless disregard of product users, the plaintiff

has been caused to suffer a massive stroke.

  10.   As a further result, the plaintiff was caused to suffer a complete destruction of

her capacity to carry on and enjoy all of life's other activities.

27

## COUNT TWELVE – VIDA - CUTPA

1. - 10.  The allegations of paragraphs 1. - 10. of Count Eleven are hereby incorporated and realleged as paragraphs 1. - 10. of this Count Twelve.

11.  The defendants engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of its trade or commerce.

12.  The deceptive conduct of the defendants includes, but is not limited to, the allegations set forth in paragraph 7 as well as the defendant's repeated misrepresentations regarding the dangerous propensities of VIOXX when they knew or should have known that VIOXX was not safe in order to enhance company profits.

13.  As a result of the defendants' deceptive acts, the plaintiff has been caused to suffer a massive stroke.

14.  As a further result, the plaintiff was caused to suffer a complete destruction of her capacity to carry on and enjoy all of life's other activities.

15.  The breach of this implied warranty of merchantability by the defendant was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

16.  The defendant was negligent in one or more of the following ways:

a)  it failed to include adequate warnings with the medication that would alert the plaintiff and other consumers to the potential risks and serious side effects of VIOXX ingestion;

b)     it failed to include adequate information or warnings with the medication that would alert plaintiff to refrain from use of VIOXX without first attempting traditional NSAIDs.

c)     it failed to adequately and properly test VIOXX before and after placing it on the market;

d)     it failed to conduct sufficient testing on VIOXX;

e)     it failed to warn of the risk of heart attack, stroke, and sudden death;

f)     it failed to provide adequate post marketing instructions regarding the risks of VIOXX use; and

g)     it failed to warn that VIOXX should not be used in conjunction with other risk factors such as family history of heart disease

17.     The negligence of the defendants was a substantial factor in causing the injuries to the plaintiff as described in this complaint.

18.     The plaintiff brings this action pursuant to General Statutes § 52-572m, et. seq., as amended (the "Connecticut Product Liability Act").

19.     As a result of the defective and unreasonably dangerous condition of VIOXX and/or the failure to warn of the defective and unreasonably dangerous nature of VIOXX and/or the breach of express and/or implied warranties and/or the defendant's negligence, the plaintiff suffered from a massive stroke.

20.     As a further result, the plaintiff was caused to incur and will continue to incur medical expenses, and she also suffered an impairment in her capacity to carry on and enjoy

all of life's other activities.

**WHEREFORE**, PLAINTIFFS CLAIM DAMAGES IN EXCESS OF FIFTEEN THOUSAND ($15,000.00) DOLLARS, AS WELL AS PUNITIVE DAMAGES PURSUANT TO GENERAL STATUTES §§ 42-110g(a) & 52-240a AND ATTORNEYS FEES PURSUANT TO GENERAL STATUTES § 42-110g(d), AND THIS MATTER IS WITHIN THE JURISDICTION OF THIS COURT.

## JURY TRIAL DEMAND

All Plaintiffs in this matter pursuant to Fed.R.Civ.P.38, Demand a trial by jury in all claims.

THE PLAINTIFFS,

BY: _____
MICHAEL A. STRATTON
STRATTON FAXON
59 ELM STREET
NEW HAVEN, CT 06510
TEL: (203) 624-9500
JURIS NO. CT08166