UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX<br><br>PRODUCTS LIABILITY LITIGATION<br><br>*This document relates to ALL MEDICAL MONITORING COMPLAINTS PENDING OR SUBJECT TO TRANSFER TO MDL 1657* | MDL Docket No. 1657<br><br>SECTION L<br><br>JUDGE FALLON<br>MAG. JUDGE KNOWLES |

### SECOND NOTICE OF SUPPLEMENTAL AUTHORITY RE: MOTION TO DISMISS MEDICAL MONITORING MASTER CLASS ACTION COMPLAINT

The Plaintiffs' Steering Committee hereby submits the recent opinion of the Missouri Supreme Court in *Myers ex rel. Coplin v. Fluor Corporation*, 2007 WL 827762 (Mo. 2007), wherein the Missouri Supreme Court reversed the denial of certification to a class of medical monitoring claimants.[1] This authority is relevant to Merck's motions to dismiss the medical monitoring master class action complaint.[2]

In the PSC's opposition to Merck's motion to dismiss, the PSC included Missouri in a group of states that where "predisposed" to recognizing that medical monitoring damages are recoverable. Missouri was included in this group since, although lower appellate courts in Missouri had found such damages recoverable, there was no definitive opinion by the Missouri Supreme Court. The PSC predicted that the Missouri Supreme Court was likely to permit the recovery of medical monitoring damages based on the opinions of the lower appellate courts. The Missouri Supreme

---

[1] A copy of *Myers* is attached hereto as Exhibit "A".

[2] *Myers* is also relevant to Merck's motion to strike the class action allegations in the medical monitoring master class action complaint.

1

Court's opinion in *Myers* verifies the PSC's earlier prediction that it would recognize medical monitoring damages as being recoverable. Accordingly, Missouri no longer belongs in the group of "predisposed" states as it is now crystal clear that Missouri recognizes the availability of such damages.

The Missouri Supreme Court's opinion in *Myers* also confirms the PSC's prediction that Missouri would be amongst those states that do not require evidence of a personal injury before medical monitoring damages can be recovered. *See Myers*, 2007 WL 827762, * 4 ("A physical injury requirement is inconsistent with the reality of latent injury and with the fact that the purpose of medical monitoring is to facilitate the early diagnosis and treatment of latent injuries caused by exposure to toxins. In short, a physical injury requirement essentially extinguishes the claim and bars the plaintiff from a full recovery."). Although Merck has steadfastly insisted that states such as Missouri would require evidence of a personal injury before medical monitoring damages would be permitted, it is now indisputable that Missouri permits asymptomatic claimants to recover medical monitoring damages.

*Myers* also refutes Merck's claim that medical monitoring class actions can never be certified in light of individual factual issues. *Myers* directly contradicts this assertion since such arguments are derived from personal injury case law and, thus, are inappropriate with regard to class actions that involve asymptomatic medial monitoring claimants. *See Myers ex rel. Coplin*, 2007 WL 827762, * 5-6 (reversing the denial of class certification in medical monitoring case where the lower court improperly applied personal injury concepts, *i.e.*, the existence of individual factual issues, and determined that such issues predominated over common issues). In rejecting the argument that such personal injury concepts have any relevance to medical monitoring class actions, the court in *Meyers*

observed as follows:

> Each of these ... individual issues is primarily relevant to a personal injury action, not a medical monitoring claim for which there is no necessity of establishing a present physical injury. This is particularly true given Plaintiff's theory of liability, which posits that liability is premised upon the exposure to toxins from a single source during a specified age range in childhood ... It is the common fact of exposure to a set of toxins from a single source that is the common and overriding issue in Plaintiff's case. The significance and extent of toxic exposure is primarily an issue of common proof. Under this theory of liability, the individual factors identified by the circuit court are not particularly relevant because the need for monitoring is based on a common threshold of exposure.

*Myers ex rel. Coplin*, 2007 WL 827762, * 5. Thus, *Myers* is amongst those courts that have rejected Merck's argument that individual factual issues and personal injury concepts preclude the certification of medical monitoring class actions.

The PSC respectfully requests that the Court take into consideration the Missouri Supreme Court's recent ruling when determining Merck's motion to dismiss the medical monitoring master class action complaint.

Dated: April 12, 2007

                        **PLAINTIFFS' STEERING COMMITTEE**

By:/s/ Leonard A. Davis
**Russ M. Herman (Bar No. 6819)**
Leonard A. Davis (Bar No. 14190)
Stephen J. Herman (Bar No. 23129)
***Herman, Herman, Katz & Cotlar, L.L.P.***
830 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Facsimile: (504) 561-6024

**PLAINTIFFS' LIAISON COUNSEL**

Andy D. Birchfield, Jr., Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)
**Co-Lead Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
  MEUNIER & WARSHAUER, L.L.C.
Energy Centre
1100 Poydras Street, Ste. 2800
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire **(on brief)**
Donald C. Arbitblit, Esquire **(on brief)**
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street
19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire **(on brief)**
Fred S. Longer, Esquire **(on brief)**
Matthew C. Gaughan, Esquire **(on brief)**
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Shelly A. Sanford, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337)494-7171 (telephone)
(337) 494-7218 (telecopier)

Mark Robinson, Esquire
ROBINSON, CALCAGNIE & ROBINSON
620 Newport Center Drive
7th Floor
Newport Beach, CA  92660
(949) 720-1288 (telephone)
(949) 720-1292 (telecopier)

Christopher V. Tisi, Esquire
ASHCRAFT & GEREL
2000 L Street, N.W., Suite 400
Washington, DC  20036-4914
(202) 783-6400 (telephone)
(307) 733-0028  (telecopier)

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 12th day of April, 2007.

/s/ Leonard A. Davis
Leonard A. Davis (Bar No. 14190)
***Herman, Herman, Katz & Cotlar, LLP***
830 O'Keefe Avenue
New Orleans, LA  70113
PH:    (504) 581-4892
FAX:  (504) 561-6024
ldavis@hhkc.com