MINUTE ENTRY
FALLON, J.
APRIL 12, 2007

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  VIOXX | * | MDL Docket No. 1657 |
| | * | |
| PRODUCTS LIABILITY LITIGATION | * | SECTION L |
| | * | |
| | * | JUDGE FALLON |
| This document relates to All Cases | * | |
| | * | MAGISTRATE JUDGE KNOWLES |

* * * * * * * * * * * * * * * * *

**THIS DOCUMENT RELATES TO ALL CASES**

The monthly pretrial conference was held on this date in the Courtroom of Judge Eldon E. Fallon.  The Court first met with members of the Plaintiffs' Steering Committee ("PSC") and the Defendants' Steering Committee ("DSC") to discuss agenda items for the pretrial conference.  At the pretrial conference, counsel reported to the Court on the topics set forth in Joint Report No. 23 of Plaintiffs' and Defendant's Liaison Counsel.  This conference was transcribed by Karen Ibos, Official Court Reporter.  Counsel may contact Ms. Ibos at (504) 589-7776 to request a copy of the transcript.  A summary of the monthly pretrial conference follows.

I.   STATE COURT TRIAL SETTINGS

The following is the updated current listing provided by Merck of state court cases set for trial through October 31, 2007.  The *Berwick* case that was set for trial in California Superior

JS10(02:00)

Court, Los Angeles County, on April 10, 2007 was voluntarily dismissed by the plaintiff. The *Ledbetter* case has been set for trial on May 14, 2007 in the Texas MDL in Houston. The *Schramm* case is set to be tried in the Philadelphia Court of Common Pleas on May 21, 2007. For the month of September, *Donohoo* is set for September 10, 2007 in Madison County, Illinois; *Frederick* is set for September 17, 2007 in Birmingham, Alabama; and *Kozic* is set for September 17, 2007 in Tampa, Florida. In October, *Crandall* is set for October 1 in Washoe County, Nevada; *Smith* is set for October 1 in Mingo County, West Virginia; *Zajicek* is set for October 22 in Jackson County, Texas; and *Auslander* is set for October 29 in Madison County, Illinois.

## II.  FURTHER PROCEEDINGS IN THE EARLY FEDERAL COURT CASES

The hearing on the Motion for New Trial in the *Irvin/Plunkett* case is set for April 24, 2007, at 9:00 a.m.

On August 30, 2006, the Court ordered a new trial on the issue of damages only, in the *Barnett* case. Merck's motion for new trial on all issues and its alternative renewed motion for judgment as a matter of law were argued March 28, 2007 and the motions were taken under submission. Retrial of the case is set for October 29, 2007.

Plaintiff in the *Dedrick* case has filed a motion for new trial and Merck has filed an opposition. The motion is set for hearing on April 24, 2007, at 9:00 a.m.

III.     CLASS ACTIONS

The Court has under advisement Defendants' Rule 12 Motions to Dismiss the Master Complaints for Medical Monitoring and Purchase Claims. On February 16, 2007, the Defendants filed a Motion to Strike Class Allegations in Plaintiffs' Medical Monitoring Master Class Action Complaint. The Court has advised the parties that it will address medical monitoring issues at a later date.

On January 29, 2007, the PSC filed a motion for leave to amend the Personal Injury and Wrongful Death Second Amended Master Class Action Complaint to add a plaintiff class representative from Iowa. This motion has been fully briefed and was addressed by the Court at today's conference. For the reasons stated on the record, IT IS ORDERED that the PSC's Motion to Amend (Rec. Doc. 9806) is GRANTED.

IV.     DISCOVERY DIRECTED TO MERCK

Merck advises that it will continue to make productions of documents, as identified by members of the PSC as priorities, on a rolling basis.

Following the May 25, 2006 ruling of the United States Court of Appeals for the Fifth Circuit regarding Merck's assertion of privilege to certain documents in connection with Merck's Privilege Log, on June 5, 2006 DLC delivered to the Court documents for which it has asserted privilege for review by the Court and additional information. The parties met with the Court on several occasions to discuss further actions to be taken as a result of the ruling from the Fifth Circuit. On March 21, 2007, the Court issued a notice relating to its intention to appoint Professor Paul Rice as Special Master to make findings of fact and conclusions of law with respect to Merck's privilege claims to the documents. The Court gave the parties an opportunity

to be heard on this matter at today's conference, and directed the parties to submit both a proposed order of appointment and a suggested list of local attorneys who could provide logistical support to the Special Master, no later than Friday, April 20, 2007.

V.    DISCOVERY DIRECTED TO THIRD PARTIES

PLC has advised the Court and DLC that the PSC continues to issue third-party notices of depositions for the production of documents.

With respect to the letter from the PSC dated March 16, 2006 requesting intervention by the Court on whether Merck should have the right to review documents produced by Ogilvy and DDB in response to discovery requests by the PSC, the Court has advised it will review the documents and make a determination as to whether the documents are privileged and whether Merck waived its privilege by providing the documents to Ogilvy and DDB.

VI.   DEPOSITION SCHEDULING

On March 28, 2007, Merck noticed *de bene esse* trial preservation depositions for Merck employees Dr. Eliav Barr, Dr. Briggs Morrison, Dr. Alise Reicin, and Dr. Peter Kim, former employee Dr. Douglas Greene, and expert witness Dr. Lisa Rarick.  On March 30, 2007, the PSC, pursuant to Federal Rules of Civil Procedure 26(c) filed a Motion for a Protective Order. This motion has been fully briefed and was addressed by the Court at today's conference.  For the reasons stated on the record, IT IS ORDERED that the PSC's Motion for a Protective Order (Rec. Doc. 10615) is GRANTED, but only until May 31, 2007.  The Court will revisit this issue at the next monthly status conference.

The PSC advises that it is attempting to notice depositions to facilitate completion of the Plaintiffs' trial package and that the parties will continue to advise the Court when issues arise regarding the scheduling of depositions.

## VII.     PLAINTIFF PROFILE FORM AND MERCK PROFILE FORM

On March 13, 2007, Merck filed an additional Rule to Show Cause Why Cases Should Not Be Dismissed With Prejudice for Failure to Provide Any Response to the Plaintiff Profile Form as Required by Pre-Trial Order No. 18C. The motion was heard today following the monthly pretrial conference. The Court will enter a separate order dealing with this motion.

On January 22, 2007, Merck advised the PSC that it is seeking its concurrence with respect to two requests for orders from the Court. The first would set a deadline for submission of PPFs by Louisiana residents affected by Hurricane Katrina, plaintiffs represented by Louisiana counsel, and *pro se* plaintiffs to avoid the possible loss or disappearance of evidence relevant to the claims. The second would relieve administrative burdens that both parties are facing with respect to authorization for records that some providers deem expired, even though the authorizations do not expire by their terms. On March 20, 2007, the Court issued Pree-Trial Order No. 23 granting extensions concerning authorizations. Merck also has provided the PSC with lists of the Louisiana plaintiffs, plaintiffs represented by Louisiana counsel, and *pro se* plaintiffs who have not submitted PPFs. The PSC reviewed this information and communicated several times with Merck regarding the request. On March 22, 2007, representatives of the PSC and Merck further addressed this issue and the PSC is awaiting revisions from Merck regarding a deadline for submission of PPFs by Louisiana residents affected by Hurricane Katrina, plaintiffs represented by Louisiana counsel, and *pro se* plaintiffs.

Merck advises that the Oldfather law firm and Bubalo & Hiestand, PLC, counsel for plaintiffs in *Curl*, No. 05-5295, *Simpson*, No. 06-1935, *Glass*, No. 06-783, and *Nichols*, No. 06-1951, have refused to provide specific authorizations in lieu of the authorizations that are required under PTO 18(c). The parties informed the Court that they would confer on a solution to this issue and submit a proposed order.

VIII.    STATE/FEDERAL COORDINATION —STATE LIAISON COMMITTEE

Representatives of the PSC and the State Liaison Committee have had several communications. At today's conference, the State Liaison Committee relayed several questions it has received from litigants. First, the parties clarified that PPF forms are not required for derivative claimants. Second, the parties clarified that plaintiffs with pending motions to remand must still file PPF forms. Lastly, the Court was reminded about the *Nettles* case, which was removed from state court, remanded, and removed again. To the extent that the CDs submitted each month do not separately list other such cases, the Court directed the parties to submit a list at the next monthly conference, so that the Court can determine if remand is appropriate in the "multiple removal" cases.

IX.    *PRO SE* CLAIMANTS

From time to time, as the Court issues additional Orders directing PLC to take appropriate action regarding filings made by various *pro se* individuals, PLC will continue to communicate with the various *pro se* claimants and advise them of attorneys in their respective states and other pertinent information regarding the MDL. DLC will continue to discuss with PLC Merck's obligation to respond to complaints filed by *pro se* individuals in those instances where the complaints have not been served.

Both PLC and counsel for Defendants have had ongoing communications with *pro se* claimant in the *Harrison v. Merck* case, No. 06-932, regarding Mr. Harrison's discovery requests.

X. IMS DATA

Counsel for IMS and the parties continue to discuss further production of IMS Data. The PSC has been advised that Orders were issued in New Jersey State Court regarding IMS data and the PSC is reviewing the Orders further.

XI. MERCK'S MOTION FOR SUMMARY JUDGMENT

On July 5, 2006, Merck filed a Motion for Summary Judgment in the *Lene Arnold* and *Alicia Gomez* cases asserting that plaintiffs' claims are preempted by federal law. Plaintiff's opposition brief was filed on September 15, 2006. Merck's reply was filed on October 6, 2006. Plaintiffs have filed several notices of supplemental authority, to which Merck has prepared responses. The motion was argued on November 17, 2006, and is under advisement.

XII. TOLLING AGREEMENTS

On October 27, 2006, PLC communicated with DLC regarding Claimant Profile Forms submitted with Tolling Agreements and requested that a stipulation be worked out regarding Tolling Agreement claimants that have completed Claimant Profile Forms in filed cases so that re-filing a Plaintiff Profile Form can be accomplished by a mere addendum. On March 13, 2007, Merck provided a proposed Pre-Trial Order and Conversion Form. The PSC is reviewing the information and will be providing a response to DLC.

On March 7, 2007, a Notice of Amendment to the Tolling Agreement was filed with the Court. The parties agreed to establish a deadline for the submission of claims under the Tolling

Agreement. No further requests for tolling shall be accepted under the Tolling Agreement beyond April 9, 2007.

XIII.   ISSUES RELATING TO PRE-TRIAL ORDER NO. 9

On February 9, 2007, the PSC received an Agreement letter with the State of Texas MDL PSC regarding the right of state court litigants to cross-notice expert depositions in Federal MDL 1657 proceedings or use MDL 1657 depositions in trial or in Motion practice. The PSC is attempting to secure agreements from other states similar to the agreement reached with the State of Texas MDL PSC.

XIV.   VIOXX SUIT STATISTICS

Merck advises that as of December 31, 2006, Merck had been served or was aware that it had been named as a defendant in approximately 27,400 lawsuits, which include approximately 46,100 plaintiff groups alleging personal injuries resulting from the use of Vioxx, and in approximately 264 putative class actions alleging personal injuries and/or economic loss. Of these lawsuits, approximately 8,300 lawsuits representing approximately 23,700 plaintiff groups are or are slated to be in the federal MDL and approximately 19,100 lawsuits representing approximately 22,400 plaintiff groups have been filed in state courts. Merck advises that it defines a "plaintiff group" as one user of the product and any derivative claims emanating from that user (such as an executor, spouse, or other party). Further, Merck advises that there are more Plaintiffs identified than lawsuits because many lawsuits include multiple Plaintiffs in the caption. In addition, as of December 31, 2006, approximately 14,180 claimants had entered into tolling agreements with the Company.

XV.    MERCK INSURANCE

By letter dated September 20, 2006, PLC requested an update from Merck on insurance coverage and a report on any arbitration/dispute resolution matters that may be relevant to Vioxx litigation.  Merck responded by providing a Second Supplemental Response to the PSC's First Set of Interrogatories and an Amended and Supplemental Response and Objections to the PSC's First Request for Production of Documents.  The PSC has advised that it does not deem the supplemental responses sufficient.  The PSC also issued a Notice of FRE 30(B)(6) Corporate Deposition to Merck & Co., Inc. regarding various insurance related issues.  Additional FRE 30(B)(6) Corporate Deposition Notices were issued to Merck's insurers.  On December 22, 2006, the parties met and conferred to discuss further the various discovery requests issued by the PSC to Merck relating to Merck's insurances issues.  The parties discussed this matter further with the Court on January 10, 2007.

On January 16, 2007, Merck and its insurers jointly filed an omnibus motion to quash or, alternatively, a motion for a protective order with regard to the PSC's insurance-related discovery.  The PSC responded and the Court heard argument on March 1, 2007.  Thereafter, the Court entered an Order requiring Merck to produce certain insurance policies and present a 30(b)(6) witness for deposition, but otherwise granted the motion.  The PSC has been in communication with Merck to obtain the insurance policies and select a date for the deposition. Counsel for Merck anticipates producing the policies shortly and Merck and the PSC are in the process of arranging a date for the deposition.

XVI.	FURTHER PROCEEDINGS

Representatives of the PSC and Defendants have met and conferred regarding further proceedings in this MDL.

XVII.	MERCK'S STATUTE OF LIMITATIONS MOTION

On September 22, 2006, Merck filed a motion for summary judgment in the *Edmonds*, *Stinson*, and *Watson* cases asserting that plaintiffs' claims were time barred.  The Court heard argument on February 28, 2007 and subsequently issued an Order denying Merck's motion on March 22, 2007.  On April 5, 2007, Merck filed a Motion for Reconsideration.  The motion was denied by Order entered April 9, 2007.

XVIII.	DISCOVERY RELATING TO THE MARTIN REPORT

On October 13, 2006, Merck filed a Motion for Protective Order prohibiting discovery of attorney work product and privileged communications relating to the Martin Report.  On November 1, 2006, the PSC filed its opposition.

On November 13, 2006, the PSC field a Motion to Compel Responses to the PSC's Third Set of Interrogatories and Third Set of Requests for Production of Documents Directed to Merck.  On December 1, 2006, Merck filed its opposition.

On November 22, 2006, the PSC filed a Motion to Compel Compliance With Third Party Subpoenas seeking to compel John S. Martin, Jr., Esq., of counsel; Debevoise and Plimpton, LLP; Martin Frederic Evans, presiding partner or custodian of records, Debevoise; Records Custodian, Burson-Marsteller, LLP; and Marcia Silverman, CEO, Ogilvy Public Relations Worldwide, Inc. to comply with notices of depositions and subpoenas for documents and testimony.  On December 11, 2006, Merck filed its opposition.

All of these motions were heard on February 28, 2007 and the Court issued an Order on March 5, 2007 granting Merck's motion and denying the PSC's motions. On March 12, 2007, the PSC filed a Motion to Alter or Amend the Judgment of this Court's Order of March 5, 2007. This motion has been fully briefed and was addressed by the Court at today's conference. For the reasons stated on the record, IT IS ORDERED that the PSC's Motion to Alter or Amend (Rec. Doc. 10418) is DENIED.

XIX.  REMAND MOTIONS

The PSC continues to receive communications requesting that remand motions be scheduled in the MDL.

XX.  MOTION TO COMPEL RETURN OF ATTORNEY WORK PRODUCT

On March 7, 2007, during the deposition of John W. Farquhar, M.D., defendant attempted to use a document that the Plaintiffs' Steering Committee contended was inappropriate to be used because it contained attorney work product. On March 8, 2007, a telephone status conference took place with the Court and the parties were ordered to address the issue at today's monthly status conference. On March 29, 2007, the PSC filed a Motion to Compel the Return of Attorney Work Product. On April 9, 2007, Judge Wilson in the Texas Coordinated State Action Proceeding ruled that the document at issue had been inadvertently produced by the plaintiff, but, among other things, he did not require Merck to return the document to the plaintiffs. The Court heard oral argument at today's conference from Arnold Levin, on behalf of the PSC, and John Beisner, on behalf of Merck. The Court took the PSC's motion under submission.

XXI.   MOTION TO WITHDRAW AS COUNSEL OF RECORD

Michael Hingle & Associates, L.L.C., Michael Hingle, Ronald J. Favre, Bryan A. Pfleeger, and Paul D. Hesse, counsel for Rosemary Ann Rout (No. 05-4460) and for numerous other plaintiffs, filed Motions to Withdraw as Counsel of Record for a number of these plaintiffs and have advised that they are planning on filing a number of additional withdrawals pending this Court's ruling.  Upon receipt of the motions, Merck immediately requested that the Court withhold a ruling on these multiple withdrawals because, according to Merck, these plaintiffs, and over 90 other plaintiffs similarly situated, allegedly had either failed to allege Vioxx related injuries in the Plaintiff Profile Forms or had previously provided grossly deficient or incomplete PPFs comprising only two pages of the ten page form.  Merck contends that these attempts at withdrawal are inappropriate. PLC has attempted to communicate with Michael Hingle, but has not yet received confirmation that he is aware of this issue.  For the reasons stated on the record, IT IS ORDERED that all twenty Motions to Withdraw as Counsel of Record (Rec. Docs. 10562 through 10581) are DENIED.  The Court directed Merck to file a Rule to Show Cause with respect to these cases, such that Michael Hingle & Associates has an opportunity to show cause why these cases should not be dismissed with prejudice.

XXII.   NEXT STATUS CONFERENCE

The next monthly pretrial conference will be held on May 31, 2007 at 9:30 a.m.  Counsel unable to attend in person may listen-in by telephone at 1-866-213-7163.  The access code will be 5842068 and the Chairperson will be Judge Fallon.