UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: VIOXX | MDL Docket NO. 1657 |
| PRODUCTS LIABILITY LITIGATION | SECTION L |
| *This document relates to ALL CASES* | JUDGE FALLON |
| | MAG. JUDGE KNOWLES |

## THE PLAINTIFFS' STEERING COMMITTEE'S REPLY IN SUPPORT OF MOTION TO COMPEL THE RETURN OF ATTORNEY WORK PRODUCT

Although Merck correctly argues the majority position recognizes that materials are discoverable when they are intentionally provided to a testifying expert, Merck's argument regarding the inadvertent disclosure of materials to testifying experts is inconsistent with Fifth Circuit precedent, which requires courts to employ a balancing test whenever materials are inadvertently disclosed. *See Alldread v. City of Grenada*, 988 F.2d 1425 (5th Cir. 1993) (establishing that balancing test should be applied when materials have been inadvertently produced). Merck's position is also inconsistent with the Advisory Committee Notes to Rule 26(a)(2)(B), which explain that materials are discoverable when a party "furnished [such materials] to their experts to be used in forming their opinions." Materials that are inadvertently disclosed are not furnished to assist an expert in the formulation of his or her opinion.

This Court should follow *Simon Property Group L.P. v. mySimon, Inc.*, 194 F.R.D. 644 (S.D.Indiana 2000), which sets forth an excellent framework for evaluating the effect of an inadvertent production to a testifying expert. The facts of *Simon* are not only on point with those surrounding the inadvertent disclosure to Drs. Moye and Plunkett, but the balancing test

1

implemented by the court therein is derived directly from *Alldread*. In contrast, Merck has failed to cite any reliable authority supporting its position that an inadvertent production to a testifying expert results in an automatic waiver of the work-product privilege. For instance, although Merck cites *Bitler Investment Venture II, LLC v. Marathon Ashland Petroleum, LLC.*, 2007 WL 465444 (N.D.Ind 2007), and *U.S. Energy Corp. V. Nukem, Inc.*, 163 F.R.D. 344 (D.Col. 1995), in support of this proposition, neither case involved an inadvertent production to a testifying expert. *See Bitler*, 2007 WL 465444, *5 (distinguishing *Simon* where disclosure to the testifying expert was intentional); *Nukem*, 163 F.R.D. at 348 (involving a subpoena for the notes of an expert witness that were taken during a meeting with counsel).[1] This Court would be far better served by following on point authority such as *Alldread* and *Simon*.

It should also be noted that if this Court denies the PSC's motion to compel, such a ruling would be inconsistent with the recent Order of the Honorable Randy Wilson, wherein Judge Wilson precluded Merck from using the Agenda in any court proceeding and/or in the deposition of any witness for purposes of the Texas State Vioxx Litigation. *See In re Texas State Vioxx Litigation*, Cause No. 2005-59499 (157th Dist. Ct., Harris County, Tex. March 26, 2007), attached hereto as Exhibit "A". At the very least this Court should preclude Merck from any use of the inadvertently

---

[1] Merck's reliance on *Boring v. Keller*, 97 F.R.D. 404 (D.Col. 1983), is misplaced. First, although the case involved an inadvertent disclosure to a testifying expert, the case predates the 1993 amendment to Rule 26. Second, even this case recognized that a work-product waiver with regard to a testifying expert is not automatic, as is argued by Merck in its opposition. *Id.* at 407 ("[t]his exception standing by itself does not automatically waive the privilege in the situation where "opinion" work product is provided to an expert witness to consider, and discovery of that work product is desired."). That is, although the court in *Boring* ordered the disclosure of the work-product materials, the disclosure was for the limited purpose of impeaching the expert who had been provided such materials. In contrast, Merck has sought to use the materials to cross examine Dr. Farquhar notwithstanding the complete absence of any evidence suggesting the materials were ever provided to him.

2

produced materials in this litigation so as to avoid friction with the Texas State Vioxx Litigation. This concern is especially compelling since the inadvertent disclosure occurred in connection with the Texas State Vioxx Litigation.

Notwithstanding Judge Wilson's reluctance to compel the return of the Agenda, the facts surrounding the inadvertent disclosure in this case warrant that Merck be ordered to return and/or destroy the Agenda for the reasons set forth in the PSC's opening memorandum. Additionally, from the transcript of the proceeding before Judge Wilson, which was provided to this Court along with plaintiffs opening memorandum, it is evident that Judge Wilson was reluctant to compel the destruction and/or return of the Agenda because he was concerned about his authority to do so in light of the MDL. Whether or not Judge Wilson's concerns are justified, this Court has jurisdiction over Merck and can issue such an order consistent with its jurisdiction over the defendant. So long as Merck has the Agenda in its possession, there is a very real danger that Merck will inadvertently provide copies to third-parties.

For the reasons set forth above, the PSC respectfully requests that this Court compel Merck to return and/or destroy the Agenda. Alternatively, the PSC requests that Merck be precluded from using the Agenda in any capacity.

**Dated: April 11, 2007**

PLAINTIFFS' STEERING COMMITTEE

By:/s/ Leonard A. Davis
    **Russ M. Herman (Bar No. 6819)**
    Leonard A. Davis (Bar No. 14190)
    Stephen J. Herman (Bar No. 23129)
    ***Herman, Herman, Katz & Cotlar, L.L.P.***
    820 O'Keefe Avenue
    New Orleans, Louisiana 70113
    Telephone: (504) 581-4892
    Facsimile: (504) 561-6024
    **PLAINTIFFS' LIAISON COUNSEL**

Andy D. Birchfield, Jr., Esquire
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
P.O. Box 4160
234 Commerce Street
Montgomery, AL 36103-4160
(800) 898-2034 (telephone)
(334) 954-7555 (telecopier)
**Co-Lead Counsel**

Richard J. Arsenault, Esquire
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, LA 71301-1190
(318) 487-9874 (telephone)
(318) 561-2591 (telecopier)

Christopher A. Seeger, Esquire
SEEGER WEISS
One William Street
New York, NY 10004
(212) 584-0700 (telephone)
(212) 584-0799 (telecopier)
**Co-Lead Counsel**

Gerald E. Meunier, Esquire
GAINSBURGH, BENJAMIN, DAVID,
 MEUNIER & WARSHAUER, L.L.C.
Energy Centre
1100 Poydras Street, Ste. 2800
New Orleans, LA 70163
(504) 522-2304 (telephone)
(504) 528-9973 (fax)

Troy Rafferty, Esquire
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 S. Baylen Street, Suite 400
Pensacola, FL 32502
(850) 435-7000 (telephone)
(850) 497-7059 (telecopier)

Elizabeth J. Cabraser, Esquire
Donald C. Arbitblit, Esquire
LIEFF, CABRASER, HEIMANN &
 BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000 (telephone)
(415) 956-1008 (telecopier)

Thomas R. Kline, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street
19th Floor
Philadelphia, PA 19102
(215) 772-1000 (telephone)
(215) 772-1371 (telecopier)

Arnold Levin, Esquire **(on brief)**
Fred S. Longer, Esquire **(on brief)**
Matthew C. Gaughan, Esquire **(on brief)**
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street, Suite 500
Philadelphia, PA 19106
(215) 592-1500 (telephone)
(215) 592-4663 (telecopier)

Shelly A. Sanford, Esquire
GOFORTH, LEWIS, SANFORD LLP
2200 Texaco Heritage Plaza
1111 Bagby
Houston, TX 77002
(713) 650-0022 (telephone)
(713) 650-1669 (telecopier)

Drew Ranier, Esquire
RANIER, GAYLE & ELLIOT, L.L.C.
1419 Ryan Street
Lake Charles, LA 70601
(337) 494-7171 (telephone)
(337) 494-7218 (telecopier)

| | |
|---|---|
| Mark Robinson, Esquire<br>ROBINSON, CALCAGNIE & ROBINSON<br>620 Newport Center Drive<br>7th Floor<br>Newport Beach, CA 92660<br>(949) 720-1288 (telephone)<br>(949) 720-1292 (telecopier) | Christopher V. Tisi, Esquire<br>ASHCRAFT & GEREL<br>2000 L Street, N.W., Suite 400<br>Washington, DC 20036-4914<br>(202) 783-6400 (telephone)<br>(307) 733-0028 (telecopier) |

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on Liaison Counsel, Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pretrial Order No. 8(B), and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657 on this 11th of April, 2007.

/s/ Leonard A. Davis
Leonard A. Davis (Bar No. 14190)
***Herman, Herman, Katz & Cotlar, LLP***
820 O'Keefe Avenue
New Orleans, LA 70113
PH:   (504) 581-4892
FAX:  (504) 561-6024
ldavis@hhkc.com