UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re:  VIOXX®                              *    MDL Docket No. 1657
                                            *
PRODUCTS LIABILITY LITIGATION               *    SECTION L
                                            *
This document relates to:  *Cleta Amsden,*  *    JUDGE FALLON
*by power of attorney for Margaret Hobson*  *
*v. Merck & Co., Inc.* (E.D. La. Index No.  *    MAGISTRATE JUDGE KNOWLES
06-CV-1050)                                 *
                                            *
* * * * * * * * * * * * * * * * *           *

ANSWER OF DEFENDANT MERCK & CO., INC.
TO FIRST AMENDED COMPLAINT AND JURY DEMAND

        Defendant Merck & Co., Inc. ("Merck") by its undersigned attorneys, answers the First

Amended Complaint for Damages and Demand for Jury Trial ("Complaint") and submits its Jury

Demand herein as follows:

### RESPONSE TO "I.  JURISDICTION"

        1.        The allegation contained in paragraph 1 of the Complaint is a legal conclusion to

which no responsive pleading is required.

### RESPONSE TO "II.  PARTIES AND VENUE"

        2.        Lacks knowledge or information sufficient to form a belief as to the truth or

falsity of such allegations contained in paragraph 2 of the Complaint and, therefore, is unable to

admit or deny same.

        3.        Denies each and every allegation contained in paragraph 3 of the Complaint

except admits that Merck is a New Jersey corporation with its principal place of business at One

Merck Drive, Whitehouse Station, New Jersey and that Merck is authorized to do business in

- 1 -

SPWWH 869068v1

Washington, and Merck manufactured, marketed, and distributed the prescription medicine
Vioxx® (Vioxx) until Merck voluntarily withdrew Vioxx from the worldwide market on
September 30, 2004.

4.     The allegation contained in paragraph 4 of the Complaint is a legal conclusion to
which no responsive pleading is required.  Should a response be deemed required, Merck denies
each and every allegation contained in said paragraph.

### RESPONSE TO "III.  FACTUAL ALLEGATIONS"

5.     Denies each and every allegation in paragraph 5 of the Complaint.

6.     Denies each and every allegation contained in paragraph 6 of the Complaint
except admits that Merck manufactured, marketed, and distributed the prescription medicine
Vioxx until Merck voluntarily withdrew Vioxx from the worldwide market on September 30,
2004.  Merck further admits that Vioxx is the trade name for rofecoxib.

7.     Denies each and every allegation contained in paragraph 7 of the Complaint
except admits that Vioxx is part of a class of drugs known as NSAIDs and that Merck
manufactured, marketed, and distributed the prescription medicine Vioxx which reduces pain
and inflammation and that the mechanism of action is believed to be due to inhibition of
prostaglandin synthesis via inhibition of an enzyme known as cyclooxygenase 2 (COX-2).

8.     Denies each and every allegation contained in paragraph 8 of the Complaint
except admits that the mechanism of action for Vioxx is believed to be due to inhibition of
prostaglandin synthesis via inhibition of an enzyme known as COX-2.  Merck further avers that
it is believed that the inhibition of cyclooxygenase 1 (COX-1) has been associated with gastric
damage and increased bleeding among patients taking non-selective NSAIDs.

9.     Denies each and every allegation contained in paragraph 9 of the Complaint
except admits that Vioxx, like all prescription drugs, has had certain reported adverse events
associated with its use, which were described in the FDA-approved prescribing information for

SPWWH 869068v1

Vioxx and respectfully refers the Court to the prescribing information for Vioxx for its actual language and full text.

10.    Denies each and every allegation contained in paragraph 10 of the Complaint except admits that Merck sought and, in May 1999, received FDA approval to manufacture and market the prescription medicine Vioxx in a manner consistent with the information contained in the FDA-approved prescribing information for Vioxx and respectfully refers the Court to the relevant prescribing information for its actual language and full text.

11.    Denies each and every allegation contained in paragraph 11 of the Complaint.

12.    Denies each and every allegation contained in paragraph 12 of the Complaint except admits that Plaintiff purports to quote only a portion of the referenced memorandum and avers that the quoted language is taken out of context.

13.    Denies each and every allegation contained in paragraph 13 of the Complaint except admits that Plaintiff purports to quote portions of the referenced e-mail but avers that the quoted language is taken out of context.

14.    Denies each and every allegation contained in paragraph 14 of the Complaint except admits that Merck scientists participated in the Vioxx Gastrointestinal Outcomes Research (VIGOR) study and respectfully refers the Court to the referenced study for its actual conclusions and full text.

15.    Denies each and every allegation contained in paragraph 15 of the Complaint and avers that prior to the VIGOR trial, Merck had put in place a cardiovascular standard operating procedure consisting of three external panels of experts, the purpose of which was to adjudicate investigator reported cardiovascular adverse events from clinical trials of Vioxx.

16.    Denies each and every allegation contained in paragraph 16 of the Complaint except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text.

SPWWH 869068v1

17.     Denies each and every allegation contained in the first two sentences of paragraph 17 of the Complaint.  Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the third sentence of paragraph 17 of the Complaint and, therefore, is unable to admit or deny same.

18.     Denies each and every allegation contained in paragraph 18 of the Complaint, except Merck admits that it marketed the prescription medicine Vioxx in a manner consistent with the relevant FDA-approved prescribing information and with state and federal law.  Merck further avers that some physicians were provided samples of Vioxx to distribute to patients for a trial dosage where such distribution was deemed appropriate by the individual physician.

19.     Denies each and every allegation contained in paragraph 19 of the Complaint and respectfully refers the Court to the relevant FDA-approved prescribing information for Vioxx for its actual language and full text.

20.     Denies each and every allegation contained in paragraph 20 of the Complaint and respectfully refers the Court to the minutes produced at the November 18, 1999 meeting of the Data Safety and Monitoring Board for its actual language and full text.

21.     Denies each and every allegation contained in paragraph 21 of the Complaint except admits that Merck received a letter from Spencer Salis of DDMAC in December 1999, and respectfully refers the Court to the referenced letter for its actual language and full text.

22.     Merck denies each and every allegation in paragraph 22 of the Complaint, including subparagraphs a – c, except admits that the VIGOR study involving Vioxx exists and respectfully refers the Court to the referenced study for its actual conclusions and full text. Merck further admits that Vioxx has been proven in randomized clinical trials to reduce the rate of certain gastrointestinal events compared to Naproxen.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint and avers that in March 2000 Merck forwarded to the FDA the VIGOR study and subsequently, in

- 4 -

June 2000, filed a supplemental New Drug Application (sNDA) that included the VIGOR study. Merck respectfully refers the Court to the referenced sNDA for its actual language and full text.

24.    Denies each and every allegation contained in paragraph 24 of the Complaint except admits that Merck is currently a member and, since 1999, has been a sponsor of the European United League Against Rheumatism (EULAR) and that the studies referenced in sentence one and the article referenced in sentence four of paragraph 24 exist, and respectfully refers the Court to said publication and studies for their actual language and full text.

25.    Denies each and every allegation contained in paragraph 25 of the Complaint except admits that the referenced publication exists and respectfully refers the Court to said publication for its actual language and full text.

26.    Denies each and every allegation contained in paragraph 26 of the Complaint except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

27.    Denies each and every allegation contained in paragraph 27 of the Complaint except admits that the referenced briefing document and memorandum exist and respectfully refers the Court to said documents for their actual language and full text.  Merck further admits that the VIGOR study exists and respectfully refers the Court to the VIGOR study for its actual conclusions and full text.

28.    Denies each and every allegation contained in paragraph 28 of the Complaint except admits that Merck issued a press release on May 22, 2001 entitled "Merck Confirms Favorable Cardiovascular Safety Profile of Vioxx" and respectfully refers the Court to the referenced press release for its actual language and full text.

29.    Denies each and every allegation contained in paragraph 29 of the Complaint but avers that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

SPWWH 869068v1

30.    Denies each and every allegation contained in paragraph 30 of the Complaint except admits the existence of the journal, the article contained therein, and respectfully refers the Court to the referenced article for its actual language and full text.

31.    Denies each and every allegation contained in the first sentence of paragraph 31 of the Complaint except admits that Plaintiff purports to quote a statement issued by Merck but avers that said statement is taken out of context.  Merck denies each and every allegation contained in the second sentence of paragraph 31 of the Complaint except admits that Plaintiff purports to quote a portion of the full statement made by Merck and respectfully refers the Court to the referenced press release for its actual language and full text.

32.    Denies each and every allegation contained in paragraph 32 of the Complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

33.    Denies each and every allegation contained in paragraph 33 of the Complaint except admits that Merck received a letter from Thomas W. Abrams of DDMAC in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

34.    Denies each and every allegation contained in paragraph 34 of the Complaint and avers that Merck marketed the prescription medicine Vioxx in a manner consistent with its FDA-approved prescribing information.  Merck further admits that in 2001 Vioxx achieved sales of $2.6 billion and that Vioxx was prescribed to millions of patients.

35.    Denies each and every allegation contained in paragraph 35 of the Complaint except admits that the referenced article exists and respectfully refers the Court to the referenced publication for its actual language and full text.

36.    Denies each and every allegation contained in paragraph 36 of the Complaint except admits that the referenced studies exist and respectfully refers the Court to said studies for their actual language and full text.

SPWWH 869068v1

37.     Denies each and every allegation contained in paragraph 37 of the Complaint except admits that in April 2002 the FDA approved certain changes to the Vioxx prescribing information and respectfully refers the Court to the relevant prescribing information for Vioxx for its actual language and full text.

38.     Denies each and every allegation contained in paragraph 38 of the Complaint.

39.     Denies each and every allegation contained in paragraph 39 of the Complaint except admits that the *Reuters* article referenced exists and that Plaintiff purports to quote from the referenced article, but respectfully refers the Court to said article for its actual language and full text.

40.     Denies each and every allegation contained in paragraph 40 of the Complaint except admits that the referenced article exists and respectfully refers the Court to said article for its actual language and full text.

41.     Denies each and every allegation contained in paragraph 41 of the Complaint except admits that the referenced Adverse Event Reporting System ("AERS") exists, although the reports on the system are not necessarily accurate.  Merck further avers that adverse events are reported without regard to causality and do not reflect a conclusion by the reporter of the adverse event or the Food and Drug Administration that the event was caused by the drug. Merck further admits various cardiovascular adverse events associated with Vioxx have been reported to the AERS system and respectfully refers the Court to the AERS for complete data on particular reported events.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint except admits that on or about August 11, 2004 Dr. Graham published an abstract and Merck respectfully refers the court to Dr. Graham's abstract for its actual language and full text.

- 7 -

43.     Denies each and every allegation contained in paragraph 43 of the Complaint except admits that the referenced study exists and respectfully refers the Court to said study for its actual language and full text.

44.     Denies each and every allegation contained in paragraph 44 of the Complaint except admits that on September 30, 2004, Merck announced that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking a placebo and that, given the availability of alternative therapies and questions raised by the data from that trial, Merck concluded that a voluntary withdrawal of Vioxx best served the interests of patients.

45.     With respect to the allegations contained in the first and second sentences of paragraph 45, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and is, therefore, unable to admit or deny same.  Merck denies each and every allegation contained in the third sentence of paragraph 45 of the Complaint.  With respect to the allegations contained in the fourth sentence of paragraph 45, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and is, therefore, unable to admit or deny same.

46.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations contained in paragraph 46 of the Complaint and, therefore, is unable to admit or deny same.

47.     With respect to the allegations contained in the first and second sentences of paragraph 47, Merck lacks knowledge or information sufficient to form a belief as to the truth or falsity of said allegations and is, therefore, unable to admit or deny same.  Merck denies each and every allegation contained in the third sentence of paragraph 47 of the Complaint.

48.     Denies each and every allegation contained in paragraph 48 of the Complaint.

- 8 -

49.     Denies each and every allegation contained in paragraph 49 of the Complaint.

50.     Denies each and every allegation contained in paragraph 50 of the Complaint.

51.     Denies each and every allegation contained in paragraph 51 of the Complaint.

52.     Denies each and every allegation contained in paragraph 52 of the Complaint except admits that Merck manufactured, marketed and distributed the prescription medicine Vioxx.

53.     Denies each and every allegation contained in paragraph 53 of the Complaint.

54.     Denies each and every allegation contained in paragraph 54 of the Complaint.

55.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations contained in paragraph 55 of the Complaint and therefore is unable to admit or deny same.

## RESPONSE TO "IV.  CLAIMS: VIOLATION OF THE WASHINGTON PRODUCTS LIABILITY ACT"

56.     With respect to the allegations contained in paragraph 56 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 55 of this Answer with the same force and effect as though set forth here in full.

57.     The allegation contained in paragraph 57 of the Complaint is a legal conclusion to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

58.     Denies each and every allegation contained in paragraph 58 of the Complaint except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx.

59.     The allegations contained in paragraph 59 of the Complaint are legal conclusions to which no responsive pleading is required.  Should a response be deemed required, Merck

SPWWH 869068v1

denies each and every allegation as contained in said paragraph of the Complaint and respectfully refers the Court to the relevant statutory (WPLA) and common law standards for products liability claims in this jurisdiction.

60.    Denies each and every allegation contained in paragraph 60 of the Complaint.

61.    Denies each and every allegation contained in paragraph 61 of the Complaint.

62.    Denies each and every allegation contained in paragraph 62 of the Complaint.

63.    Denies each and every allegation contained in paragraph 63 of the Complaint.

64.    Denies each and every allegation contained in paragraph 64 of the Complaint.

65.    Denies each and every allegation contained in paragraph 65 of the Complaint.

66.    Denies each and every allegation contained in paragraph 66 of the Complaint.

67.    Denies each and every allegation contained in paragraph 67 of the Complaint.

68.    Denies each and every allegation contained in paragraph 68 and subparagraphs 68(a)-(j) of the Complaint.

69.    Denies each and every allegation contained in paragraph 69 of the Complaint.

70.    Denies each and every allegation contained in paragraph 70 of the Complaint.

71.    Denies each and every allegation contained in paragraph 71 of the Complaint.

72.    Denies each and every allegation contained in paragraph 72 of the Complaint.

73.    Denies each and every allegation contained in paragraph 73 of the Complaint.

74.    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations contained in paragraph 74 of the Complaint and, therefore, is unable to admit or deny same.

75.    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations contained in paragraph 75 of the Complaint and, therefore, is unable to admit or deny same.

76.    Denies each and every allegation contained in paragraph 76 of the Complaint.

- 10 -

77.     Denies each and every allegation contained in paragraph 77 of the Complaint.

**RESPONSE TO "VIOLATION
OF THE WASHINGTON CONSUMER PROTECTION ACT"**

78.     With respect to the allegations contained in paragraph 78 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 77 of this Answer with the same force and effect as though set forth here in full.

79.     The allegation contained in paragraph 79 of the Complaint is a legal conclusion to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

80.     Denies each and every allegation contained in paragraph 80 of the Complaint.

81.     Denies each and every allegation contained in paragraph 81 of the Complaint.

82.     Denies each and every allegation contained in paragraph 82 of the Complaint.

83.     Denies each and every allegation contained in paragraph 83 of the Complaint.

84.     Denies each and every allegation contained in paragraph 84 of the Complaint.

85.     Denies each and every allegation contained in paragraph 85 of the Complaint.

86.     Denies each and every allegation contained in paragraph 86 of the Complaint.

**RESPONSE TO "V.  DAMAGES"**

87.     The allegation contained in paragraph 87 of the Complaint is a legal conclusion to which no responsive pleading is required.  Should a response be deemed required, Merck denies each and every allegation contained in said paragraph.

88.     With respect to the allegations contained in paragraph 88 of the Complaint, Merck repeats and realleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 87 of this Answer with the same force and effect as though set forth here in full.

SPWWH 869068v1

89.     Denies each and every allegation contained in paragraph 89 of the Complaint.

90.     Denies each and every allegation contained in paragraph 90 of the Complaint.

91.     Denies each and every allegation contained in paragraph 91 of the Complaint.

**RESPONSE TO "VI.  DEMAND FOR RELIEF"**

92.     No responsive pleading is required to Section VI, "Demand for Relief," or to its paragraphs 92(A) through (H).  Should a response be deemed required, Merck denies each and every allegation contained in said Section and paragraphs.

**AFFIRMATIVE DEFENSES**

Further answering and by way of affirmative defenses, Merck alleges as follows:

**AS FOR A FIRST**

**DEFENSE, MERCK ALLEGES:**

93.     Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations, statutes of repose or are otherwise untimely.

**AS FOR A SECOND**

**DEFENSE, MERCK ALLEGES:**

94.     The Complaint fails to state a claim upon which relief can be granted.

**AS FOR A THIRD**

**DEFENSE, MERCK ALLEGES:**

95.     The claims of Plaintiffs may be barred, in whole or in part, from recovery because they have made statements or taken actions that preclude them from asserting claims or constitute a waiver of her claims.

**AS FOR A FOURTH**

**DEFENSE, MERCK ALLEGES:**

96.     The claims of the Plaintiffs may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

SPWWH 869068v1

## AS FOR A FIFTH

## <u>DEFENSE, MERCK ALLEGES:</u>

97.     Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

## AS FOR A SIXTH

## <u>DEFENSE, MERCK ALLEGES:</u>

98.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

## AS FOR A SEVENTH

## <u>DEFENSE, MERCK ALLEGES:</u>

99.     To the extent that Plaintiffs assert claims based on Merck's adherence to and compliance with applicable state laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

## AS FOR AN EIGHTH

## <u>DEFENSE, MERCK ALLEGES:</u>

100.     To the extent that Plaintiffs assert claims based upon an alleged failure by Merck to warn Plaintiffs directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine because Merck has discharged its duty to warn in its warnings to the prescribing physician.

## AS FOR A NINTH

## <u>DEFENSE, MERCK ALLEGES:</u>

101.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiffs knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure

SPWWH 869068v1

to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

## AS FOR A TENTH

## DEFENSE, MERCK ALLEGES:

102.   If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

## AS FOR AN ELEVENTH

## DEFENSE, MERCK ALLEGES:

103.   If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiffs' misuse or abuse of Vioxx.

## AS FOR A TWELFTH

## DEFENSE, MERCK ALLEGES:

104.   If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, idiosyncratic reactions, subsequent medical conditions or natural courses of conditions for which Merck is not responsible.

## AS FOR A THIRTEENTH

## DEFENSE, MERCK ALLEGES:

105.   To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Merck's liability, if any, should be reduced accordingly.

- 14 -

## AS FOR A FOURTEENTH

## DEFENSE, MERCK ALLEGES:

106.    To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Washington law.

## AS FOR A FIFTEENTH

## DEFENSE, MERCK ALLEGES:

107.    Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).

## AS FOR A SIXTEENTH

## DEFENSE, MERCK ALLEGES:

108.    Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

## AS FOR A SEVENTEENTH

## DEFENSE, MERCK ALLEGES:

109.    Plaintiffs' claims are barred in whole or in part by the First Amendment.

## AS FOR AN EIGHTEENTH

## DEFENSE, MERCK ALLEGES:

110.    Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

SPWWH 869068v1

## AS FOR A NINETEENTH

## DEFENSE, MERCK ALLEGES:

111.    There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of Vioxx.

## AS FOR A TWENTIETH

## DEFENSE, MERCK ALLEGES:

112.    This case is more appropriately brought in a different venue.

## AS FOR A TWENTY-FIRST

## DEFENSE, MERCK ALLEGES:

113.    Venue in this case is improper.

## AS FOR A TWENTY-SECOND

## DEFENSE, MERCK ALLEGES:

114.    The claims of Plaintiffs may be barred, in whole or in part, from recovery because, in this or other courts, they have brought actions and have received judgments on parts of some or all claims asserted herein.

## AS FOR A TWENTY-THIRD

## DEFENSE, MERCK ALLEGES:

115.    The claims of Plaintiffs may be barred, in whole or in part, from recovery, on the ground that the claims asserted herein have been submitted to arbitration, and a binding decision has been rendered.

## AS FOR A TWENTY-FOURTH

## DEFENSE, MERCK ALLEGES:

116.    The claims of Plaintiffs may be barred, in whole or in part, from recovery by release as to their claims.

- 16 -

### AS FOR A TWENTY-FIFTH

### DEFENSE, MERCK ALLEGES:

117.    The claims of Plaintiffs may be barred, in whole or in part, by the doctrine of laches.

### AS FOR A TWENTY-SIXTH

### DEFENSE, MERCK ALLEGES:

118.    Plaintiffs' claims are barred in whole or in part by failure to mitigate damages.

### AS FOR A TWENTY-SEVENTH

### DEFENSE, MERCK ALLEGES:

119.    To the extent there were any risks associated with the use of the product which is the subject matter of this action which Merck knew or should have known and which gave rise to a duty to warn, Merck at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

### AS FOR A TWENTY-EIGHTH

### DEFENSE, MERCK ALLEGES:

120.    The claims of Plaintiffs are barred, in whole or in part, from recovery, due to spoliation of evidence.

### AS FOR A TWENTY-NINTH

### DEFENSE, MERCK ALLEGES:

121.    The claims of Plaintiffs are barred, in whole or in part, by the governing state laws.

### AS FOR A THIRTIETH

### DEFENSE, MERCK ALLEGES:

122.    Any conduct allegedly causing liability on the part of Merck is not a substantial cause or factor of any potential or actual injury or damage, if any.

- 17 -

## AS FOR A THIRTY-FIRST

## DEFENSE, MERCK ALLEGES:

123.   Plaintiffs have not sustained any injury or damages compensable at law.

## AS FOR A THIRTY-SECOND

## DEFENSE, MERCK ALLEGES:

124.   Merck reserves its right to dismiss the Complaint and seek further relief for Plaintiffs' failure to provide it with due process of law.

## AS FOR A THIRTY-THIRD

## DEFENSE, MERCK ALLEGES:

125.   To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, such an award would also, if granted, violate Merck's state and federal constitutional rights.

## AS FOR A THIRTY-FOURTH

## DEFENSE, MERCK ALLEGES:

126.   To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Merck, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

## AS FOR A THIRTY-FIFTH

## DEFENSE, MERCK ALLEGES:

127.   Plaintiffs' demand for punitive damages is barred because Vioxx and its labeling was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

SPWWH 869068v1

## AS FOR A THIRTY-SIXTH

## DEFENSE, MERCK ALLEGES:

128.    Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-SEVENTH

## DEFENSE, MERCK ALLEGES:

129.    Plaintiffs' claims are barred in whole or in part because Merck provided adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

## AS FOR A THIRTY-EIGHTH

## DEFENSE, MERCK ALLEGES:

130.    Plaintiffs' claims are barred under Section 4, *et seq.*, of the Restatement (Third) of Torts:  Products Liability.

## AS FOR A THIRTY-NINTH

## DEFENSE, MERCK ALLEGES:

131.    Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts:  Product Liability.

## AS FOR A FORTIETH

## DEFENSE, MERCK ALLEGES:

132.    Plaintiffs' claims are barred in whole or in part because Merck's conduct was in compliance with industry custom as defined in the WPLA.  With respect to every cause of action, Merck asserts all defenses under RCW 7.72, including but not limited to industry custom, technological feasibility and compliance with standards and regulations.

- 19 -

## AS FOR A FORTY-FIRST

## DEFENSE, MERCK ALLEGES:

133.   Plaintiffs' claims are barred in whole or in part because Merck's conduct conforms with medical knowledge.

## AS FOR A FORTY-SECOND

## DEFENSE, MERCK ALLEGES:

134.   Plaintiffs do not have a strict liability claim because of the WPLA.  With respect to each and every cause of action, the Plaintiffs are not entitled to recover for strict liability because Plaintiffs cannot state claims founded in strict liability because, among other things, comments j and k to Section 402(a) of the Restatement (Second) of Torts relegates Plaintiffs to a negligence cause of action.

## AS FOR A FORTY-THIRD

## DEFENSE, MERCK ALLEGES:

135.   With respect to each and every cause of action Plaintiffs are not entitled to recover because if the products involved were unsafe, which Merck denies, then they were unavoidably unsafe as defined in Restatement of Torts.  The apparent benefits of the products exceeded any apparent risk given the scientific knowledge available when the products were marketed.

## AS FOR A FORTY-FOURTH

## DEFENSE, MERCK ALLEGES:

136.   Merck's advertisements and labeling with respect to the products which are the subject matter of this action were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States and Washington Constitutions.

- 20 -

## AS FOR A FORTY-FIFTH

## <u>DEFENSE, MERCK ALLEGES:</u>

137.   The public interest and benefit and the availability of such products which are the subject matter of this action preclude liability for risks, if any, resulting from such activities, which were unavoidable given the state of human knowledge at the time those activities were undertaken.  With respect to Plaintiffs' claims, if it is determined there is a risk inherent in any of the products which are the subject matter of this action, then such risk, if any, is outweighed by the benefit of the product(s).

## AS FOR A FORTY-SIXTH

## <u>DEFENSE, MERCK ALLEGES:</u>

138.   At all times relevant herein, any product(s) which are the subject matter of this action processed and distributed by Merck in the state of Washington or the United States were processed and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further were processed and distributed in accordance with and pursuant to all applicable regulations of the federal Food and Drug Administration.

## AS FOR A FORTY-SEVENTH

## <u>DEFENSE, MERCK ALLEGES:</u>

139.   With respect to each and every purported cause of action, the acts of Merck were at all times done in good faith and without malice, evidenced by, among other things, Merck's immediate withdrawal from the market of the product which is the subject matter of this action.

## AS FOR A FORTY-EIGHTH

## <u>DEFENSE, MERCK ALLEGES:</u>

122.   In answering this Complaint, Merck does not assume any burden of proof attributable to plaintiffs as to any matter at issue in this litigation.

- 21 -

## AS FOR A FORTY-NINTH

## DEFENSE, MERCK ALLEGES:

123.    The injuries, damages and/or loss claimed by Plaintiffs, if any, were caused in whole or in part by the acts or omissions of persons other than Merck, over whom Merck had no control.  Any recovery by Plaintiffs should be apportioned in direct proportion to such fault in accordance with applicable law.

## AS FOR A FIFTIETH

## DEFENSE, MERCK ALLEGES:

124.    To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity and/or because the alleged warranties were disclaimed or have been subsumed by the WPLA.

## AS FOR A FIFTY-FIRST

## DEFENSE, MERCK ALLEGES:

125.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiff.

## AS FOR A FIFTY-SECOND

## DEFENSE, MERCK ALLEGES:

126.    Any liability that might otherwise be imposed upon Merck is subject to reduction by the application of the doctrine of comparative negligence.

## AS FOR A FIFTY-THIRD

## DEFENSE, MERCK ALLEGES:

127.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack capacity and/or standing to bring such claims.

SPWWH 869068v1

## <u>MERCK'S JURY DEMAND</u>

140.    Pursuant to CR 38, Merck hereby requests a trial by jury.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Merck to determine all of its legal, contractual and equitable rights, Merck reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

Foreign law, if any, may apply to certain of plaintiff's claims, and therefore, Merck reserves the right to amend its answer to plead foreign law.

Merck will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Merck respectfully demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Merck its reasonable attorney's fees, costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
Stone Pigman Walther Wittmann LLC
546 Carondelet Street
New Orleans, LA  70130
Phone: (504) 581-3200
Fax:    (504) 581-3361

Defendants' Liaison Counsel

- 23 -

Douglas A. Hofmann, WSBA #6393
Jeffrey R. Johnson, WSBA #11082
Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, WA  98101-2380
Phone: (206) 628-6600
Fax:     (206) 628-6611

Counsel for Merck & Co., Inc.

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Defendant Merck & Co., Inc. to First Amended Complaint and Jury Demand has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 20th day of April, 2007.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:      504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

- 25 -

SPWWH 869068v1