UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx® | * | MDL Docket No. 1657 |
| | * | |
| **PRODUCTS LIABILITY** | * | SECTION L |
| **LITIGATION** | * | |
| | * | JUDGE FALLON |
| **This document relates to:** | * | |
| | * | MAGISTRATE |
| *Acosta, Ella v. Merck & Co., Inc.,* | * | JUDGE KNOWLES |
| Docket Number: 2:05-cv-04457, and | * | |
| only regarding: Rene Rudolph Aguilar | * | |
| on behalf of Margot Aguilar; Mary E. | * | |
| Aquillard; Arthur Anderson; Anna B. | * | |
| Andrews; Celestine S. Andrews; Milton | * | |
| J. Archote; Brian Atkins; Charles R. | * | |
| Augustine; Rudolph E. Banner; | * | |
| Ann C. Barnes; David Bass; Vikki Bates; | * | |
| Wilbert Bazert; Ethel J. Bell; Joe Berry; | * | |
| Latasha A. Bonnie; Annie Bradley; | * | |
| Veronica Braggs; Janice Brown; Leo | * | |
| Brown; Veronica Brown; Helen Bunns; | * | |
| and Wanda A. Ceaser. | * | |
| | * | |
| * * * * * * * * * * * * * * * * | * | |

**DEFENDANT MERCK & CO., INC.'S RULE AND INCORPORATED
MEMORANDUM TO SHOW CAUSE WHY CASES SHOULD NOT BE DISMISSED
FOR PROVIDING A GROSSLY DEFICIENT PLAINTIFF PROFILE FORM
IN CONTRAVENTION OF PRE-TRIAL ORDER NO. 18C**

NOW INTO COURT, Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, moves the Court for entry of an Order requiring Plaintiffs in the above captioned case to show cause why their individual claims should not be dismissed with prejudice for failing to provide a responsive Plaintiff Profile Form ("PPF") as required by Pre-Trial Order No. 18C ("PTO 18C"). A full list of these twenty-three Plaintiffs is included in Exhibit A of this Rule and Memorandum. As more fully set forth below in the accompanying memorandum and exhibits, these Plaintiffs have provided PPFs that are wholly non-responsive and grossly

deficient. After repeated written requests that Plaintiffs comply with PTO 18C, these Plaintiffs have still failed to furnish complete and responsive PPFs.[1]

## BACKGROUND

On June 23, 2006, the Court entered PTO 18C.[2] PTO 18C governs, among other things, the service and production requirements for PPFs, Authorizations for medical and other records ("Authorizations"), and PPF-related documents. (PTO 18C ¶ 1.) PTO 18C directs plaintiffs to produce "*complete and verified* PPFs, signed Authorizations, and all responsive documents" by specific deadlines. (*Id.* ¶ 2.) (emphasis added) PTO 18C provides one twenty-day extension of time to plaintiffs who fail to provide fully responsive PPFs. (*Id.* ¶ 4.) It also mandates that "[n]o other extensions will be granted." (*Id.*)

Pursuant to Paragraph 4 of PTO 18C, over a year ago Merck notified Michael Hingle and Associates ("Hingle"), attorneys for each of the above-referenced Plaintiffs, by individual letters via fax and mail, that these Plaintiffs had served grossly deficient or incomplete PPFs lacking basic and essential information to support their claims against Merck. (*See* Ex A. & Exs. Y-SSS). Indeed, more than half of the Plaintiffs above have only provided two pages of the ten page PPF form. Each grossly deficient or incomplete PPF is annexed hereto as Exs. B-X.

In accordance with Paragraph 4 of PTO 18C, each Plaintiff who submitted a grossly deficient PPF was provided a twenty-day extension to provide a complete and verified PPF. (*See* Exs.Y-UU.) While Hingle did provide supplemental responses for a number of these

---

[1] Concurrent with the filing of this motion Merck is filing four additional motions against Plaintiffs represented by Michael Hingle & Associates for Plaintiffs' failure to provide complete and responsive PPFs in the following cases: Matt Charpentier v. Merck & Co., Inc. ( 2:05-cv-04458); Arterbell D. Hillard. v. Merck & Co., Inc. (2:05-cv-04459); William Meunier v. Merck & Co., Inc.(2:05-cv-04456); Ronald Rester v. Merck & Co., Inc. (2:05-cv-04460); Juanita C. Walls. v. Merck & Co., Inc. (2:05-cv-04461).
[2] PTO 18C supersedes PTO 18, entered on August 4, 2005, PTO 18A, entered on August 16, 2005, and PTO 18B, entered on September 14, 2005.

869429v.1

Plaintiffs, these responses were still willfully inadequate and the PPFs remain grossly deficient. After waiting more than six months for Plaintiffs' to cure their deficiencies and provide complete and verified PPFs, Merck again notified Hingle by letters via fax and mail that these PPFs continued to remain grossly deficient or incomplete in contravention of PTO 18C.[3] As a professional courtesy, Merck provided Plaintiffs' Counsel with an additional ten or twenty days to provide complete and responsive PPFs.  (*See* Exs. VV-RRR.)  Each of these notices also cautioned Hingle that if Plaintiffs did not serve a complete and responsive PPF within the time requested, Merck would seek dismissal of Plaintiffs' claims without further notice.  Finally, on March 8, 2007, Merck provided many of these Plaintiffs a third and final notice that their PPFs were grossly deficient and once again provided notice of its intentions to dismiss the claims of these Plaintiffs if they failed to serve complete and verified PPFs.  (See Ex. SSS).  Exhibit A, attached hereto, identifies the names and docket numbers of Hingle Plaintiffs who provided grossly deficient PPFs.[4]  Exhibit A also lists the date each grossly deficient PPF was received or last supplemented and the dates Merck provided Plaintiffs' Counsel with notices that they were in violation of PTO 18C.

More than a month has now elapsed since Merck's third and final notice letter, and Plaintiffs' Counsel has failed to produce complete and responsive PPFs for these Plaintiffs. To Merck's surprise and shock, instead of serving complete and verified PPFs for the Plaintiffs,

---

[3] Merck understood that many of these Plaintiffs were residents of Louisiana and may have been adversely impacted by Hurricane Katrina.  In light of this situation, Merck has waited over a year for these Plaintiffs to supplement their grossly deficient or incomplete PPFs.  These Plaintiffs, however, have still failed to provide basic and essential information regarding their claims, let alone complete and verified PPFs.

[4] Three of the above referenced Plaintiffs (Mary Aguillard, Arthur Anderson, Mitton Archote) are also named as Plaintiffs by representatives in *Bailey, Lois v. Merck & Co., Inc*., (2:05-cv-04457), also filed by Hingle.  Merck respectfully requests that these Plaintiffs also be dismissed from that action.

Hingle filed a Motions to Withdraw as Counsel ("Withdrawals") for twenty individual Plaintiffs who had failed to provide complete discovery responses and indicated its intention to withdraw from most, if not all, of its remaining cases. Merck immediately opposed these Withdrawals on March 27, 2007 and at the last status conference on April 12, 2007, the Court denied Hingle's Withdrawals and directed Merck to file Rules to Show Cause with respect to the dismissal of these cases. Over a *year* has now passed since Plaintiffs' PPFs, Authorizations, and responsive documents were originally due. While ten Plaintiffs provided the Authorizations that are required by PTO 18C, these Authorizations were either incomplete because they were unsigned, or ostensibly useless because the PPFs provided lacked critical information such as the names or addresses of the Plaintiffs' medical providers for Merck to begin record collection.[5] Accordingly, Merck now moves, pursuant to Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b), to dismiss the claims of the Plaintiffs listed above because they have failed to comply with PTO 18C.

## ARGUMENT

This Court should dismiss each of these Plaintiffs' claims with prejudice, pursuant to Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b), because Plaintiffs have failed to comply with PTO 18C and because they have stonewalled discovery by serving grossly deficient PPFs. The language of PTO 18C is mandatory in that:

> Plaintiffs who fail to provide *complete and verified* PPFs . . . within the time periods set forth hereinabove shall be given notice by e-mail or fax from Defendants' Liaison Counsel or his designee

---

[5] Of the twenty-three Plaintiffs listed above, only nine Plaintiffs attached signed Authorizations when they submitted their PPFs. Additionally, only five of the Plaintiffs provided medical records as required by Section VI of the PPF. These records, however, are ostensibly useless because these Plaintiffs failed to provide any information regarding the names or addresses of medical providers in Section VII.

869429v.1

and shall be given twenty (20) additional days to cure such deficiency. *No other extensions will be granted*.

(PTO 18C ¶ 4) (emphasis added). Pursuant to this paragraph, Merck notified Hingle on at least three separate occasions that Plaintiffs had failed to serve complete and verified PPFs. (*See* Exs. Y-SSS.) Furthermore, as early as January 3, 2006, Merck notified this Court and the Plaintiffs' Steering Committee ("PSC") that it intended to move "to dismiss the complaints of those plaintiffs who fail[ed] to cure deficiencies after due notice." (Joint Report No. 10, at 8.) Despite receiving multiple chances to cure their deficiencies, the above-specified Plaintiffs have failed to fulfill their mandatory discovery obligations.

By providing grossly deficient PPFs and by failing to provide signed Authorizations, and PPF-related documents, Plaintiffs have failed to comply with the discovery obligations outlined in PTO 18C. Under such circumstances, Rules 16(f), 37(b)(2)(c), and 41(b) provide for the dismissal of a party's claims as an appropriate sanction for failing to comply with a court order. *See* Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b)*; see also Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (affirming District Court's dismissal of plaintiff's complaint for plaintiff's failure to timely respond to interrogatories). Likewise, in *Acuna v. Brown & Root, Inc.*, 200 F.3d 335 (5th Cir. 2000), *cert. denied*, 530 U.S. 1229, the Fifth Circuit Court of Appeals recognized the District Court's power to dismiss cases for plaintiffs' failure to provide basic information about their claims. The Court noted that in so-called "mass tort" cases, plaintiffs may be required to provide basic information about their claims by way of pretrial order:

> The scheduling orders issued below essentially required that information which plaintiffs should have had before filing their claims pursuant to Fed. R. Civ. P. 11(b)(3). Each plaintiff should have had at least some information regarding the nature of his injuries, the circumstances under which he could have been

5

869429v.1

> exposed to harmful substances, and the basis for believing that the named defendants were responsible for his injuries.

*Id.* at 340. The Fifth Circuit therefore affirmed the District Court's dismissal of the claims of 1,600 plaintiffs for their failure to provide this basic information:

> The affidavits supplied by the plaintiffs did not provide this information. The district court did not commit clear error or an abuse of discretion in refusing to allow discovery to proceed without better definition of plaintiffs' claims.

*Id.* at 340-41. In the present case, Plaintiffs have not only failed to provide basic and essential information regarding their claims, but they have failed to supplement their deficient PPFs after repeated notices. Thus, as in *Acuna*, this Court should dismiss Plaintiffs' claims for failing to comply with the Court's pretrial order regarding initial discovery.

In addition to Plaintiffs' failure to comply with this Court's orders, Plaintiffs' claims should also be dismissed for the resulting harm that their silence causes Merck. *See Hickman v. Fox Television Station Inc.*, 231 F.R.D. 248, 253 (S.D. Tex. 2005). In the PPFs provided by Plaintiffs, basic information, such as the nature of their injuries, Vioxx use dates, medical background, and the names and addresses of their prescribing physicians and medical providers are either not provided or incomplete. (*See* Exs. B-X.). Rule 37 states that an "evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3). Moreover, a plaintiff's memory, even if imperfect, is not a sufficient excuse for refusing to answer discovery. *See Bryant v. United States ex rel. U.S. Post Office*, 2006 WL 305661, at *3-4 (6th Cir. Feb. 9, 2006) (affirming district court's dismissal of plaintiff's complaint under Rule 37 for plaintiff's alleged bad memory with regard to her medical history).

Without a complete PPF, Authorizations, and medical records, Merck lacks critical information about Plaintiffs' claims. Furthermore, without the Authorizations, Merck

cannot investigate Plaintiffs' claims or gather the information needed to properly defend itself. As the 9th Circuit recently noted in the Phenylpropanolamine MDL Litigation, "[f]ailing to produce documents as ordered is considered" sufficient justification for dismissal and"[l]ate tender is no excuse." *In re Phenylpropanolamine ("PPA") Products Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006) (holding that the District Court did not abuse its discretion in dismissing cases for failure to timely file severed cases between five and twelve weeks late). As time passes without complete and responsive answers, signed Authorizations, and PPF-related records, Merck is prejudiced since memories fade, medical records are lost, destroyed or misplaced, and witnesses cannot be found or die.

      Plaintiffs cannot demonstrate that their failure to comply with PTO 18C was due to inadvertence or an honest misunderstanding and, therefore, their cases should be dismissed with prejudice. Not only does PTO 18C require Plaintiffs to serve on Merck a complete and verified PPF, Authorizations and responsive documents by a specified date, but it also cautions Plaintiffs that they will only be permitted one twenty-day extension to cure deficient PPFs. As noted above, Merck provided Hingle not only with a twenty-day extension, but also with up to two additional ten and or twenty-day extensions. Over a year has now gone by since Merck's first notice letter and over three to six months have gone by since Merck's second warning letter and still Plaintiffs have not provided complete and verified PPFs or responded in any fashion. It is especially appropriate to dismiss actions with prejudice for failure to produce a complete PPF where Plaintiffs, such as here, have already received multiple express warnings that such violations would result in dismissal with prejudice. In the Propulsid MDL Litigation, this Court dismissed various plaintiffs' claims with prejudice for failing to comply with the applicable deadlines for providing profile forms in that proceeding. *In re Propulsid Prod. Liab. Litig* 2003

WL 22383576, at *1 (E.D. La. Oct. 16, 2003). Here, Merck notified Hingle on more than one occasion that it intended to seek the dismissal of Plaintiffs' claims if they failed to provide responsive PPFs as required by PTO 18C. By not responding, Plaintiffs have flouted both PTO 18C and Merck's warning letters. Accordingly, this Court should dismiss Plaintiffs' claims with prejudice.

Finally, by failing to provide complete and responsive PPFs and Authorizations, Plaintiffs are postponing the litigation and consequently encouraging other Plaintiffs to do the same. Dilatory behavior cannot be permitted because, "[t]he public has an overriding interest in securing 'the just, speedy, and inexpensive determination of every action.'" *In re PPA Prods. Liab. Litig.*, 460 F.3d at 1227 (quoting Fed. R. Civ. P. 1). When delay becomes unreasonable, dismissal may be an appropriate sanction to deter other Plaintiffs from similar dilatory behavior. *See Id.* Indeed, the Supreme Court has held that deterrence is one of the important purposes of Rule 37 sanctions:

> [A]s in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.

*Nat'l Hockey League*, 427 U.S. at 643. In light of Plaintiffs' total disregard for the mandatory requirements of PTO 18C, Merck urges this Court to enforce the Order as written and dismiss Plaintiffs' cases with prejudice.

869429v.1

## **CONCLUSION**

For the foregoing reason, Defendant respectfully asks the Court to order Hingle to appear before this Court and show cause why these Plaintiffs' claims should not be dismissed with prejudice for failure to provide a responsive and complete Plaintiff Profile Form as required by Pre-Trial Order No. 18C

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

869429v.1

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Rule to Show Cause has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 23rd day of April, 2007.

/s/ Dorothy H. Wimberly
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

**Defendants' Liaison Counsel**

869429v.1