UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
|  | : | MDL NO. 1657 |
| IN RE: VIOXX | : |  |
| PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
|  | : |  |
|  | : | JUDGE FALLON |
|  | : | MAG. JUDGE KNOWLES |

**THIS DOCUMENT RELATES TO**
*Dedrick v. Merck & Co., Inc.*, 05-2524

## JURY INTERROGATORIES

1. Do you find by a preponderance of the evidence that Merck & Co., Inc. failed to adequately warn Anthony Dedrick's treating physician of a risk created by Vioxx that was known or reasonably scientifically knowable at the time?

   YES _____          NO ___X___

   Do you find by a preponderance of the evidence that such failure to adequately warn was a proximate cause of Anthony Dedrick's heart attack and resulting injuries?

   YES _____          NO ___X___

(If you answered "no" to either part of Question #1, please skip all remaining questions, date and sign this verdict form, and inform the Marshal that a verdict has been reached. If you answered "yes" to both parts of Question #1, please proceed to Question #2.)

-1-

2. Do you find by a preponderance of the evidence that Merck & Co., Inc. knowingly or recklessly made a material misrepresentation concerning the cardiovascular safety of Vioxx or knowingly failed to disclose the cardiovascular safety of Vioxx and that Anthony Dedrick's treating physician justifiably relied on that misrepresentation or non-disclosure?

   YES _____      NO _____

   Do you find by a preponderance of the evidence that such misrepresentation or non-disclosure and subsequent reliance was a proximate cause of Anthony Dedrick's heart attack and resulting injuries?

   YES _____      NO _____

   (Please proceed to Question #3.)

3. Do you find by a preponderance of the evidence that there was negligence on the part of Anthony Dedrick that was a proximate cause of his heart attack and resulting injuries?

   YES _____      NO _____

   (Please proceed to Question #4.)

4. Do you find by a preponderance of the evidence that there was negligence on the part of Dr. Herrera that was a proximate cause of Anthony Dedrick's heart attack and resulting injuries?

   YES _____      NO _____

   (If you answered "no" to Questions #3 and #4, please skip Question #5 and proceed to Question #6. If you answered "yes" to either Question #3 or #4, please proceed to Question #5.)

5. What percentage of fault, if any, do you attribute by a preponderance of the evidence to Merck & Co., Inc., Anthony Dedrick, and/or Dr. Herrera?

| | |
|---|---|
| Merck & Co., Inc. | _____ % |
| Anthony Dedrick | _____ % |
| Dr. Herrera | _____ % |

(Please proceed to Question #6.)

6. What amount, if any, do you find by a preponderance of the evidence will fairly and adequately compensate Anthony Dedrick for the compensatory damages suffered due to his heart attack and resulting injuries? (Remember, you are not to reduce any award of damages to reflect the percentages of fault, if any, that you found in Question #5. I will make that calculation at a later time if appropriate.)

$ _____

(Please date and sign the verdict form, inform the Marshal that a verdict has been reached, and return to the courtroom.)

New Orleans, Louisiana, this 13 day of December, 2006.

_____
JURY FOREPERSON

-3-