UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Vioxx® | * | MDL Docket No. 1657 |
| | * | |
| **PRODUCTS LIABILITY** | * | SECTION L |
| **LITIGATION** | * | |
| | * | JUDGE FALLON |
| **This document relates to:** | * | |
| | * | MAGISTRATE |
| *Acosta, Ella v. Merck & Co., Inc.*, 2:05- | * | JUDGE KNOWLES |
| cv-04457, and only regarding: | * | |
| Walter G. Adams, Isiah Antonio, Lois | * | |
| Archote, Willie Ola Banks, Irene | * | |
| Bordelon, and Charles Frances; | * | |
| | * | |
| *Bailey, Lois v. Merck & Co., Inc.*, 2:05- | * | |
| cv-06904, and only regarding: James F. | * | |
| Butler on behalf of Angel S. Butler, , | * | |
| Robert Gauthier (Cauthier) on behalf of | * | |
| Lois Gauthier, and Lynell Major on | * | |
| behalf of Gertrude Washington; | * | |
| | * | |
| *Charpentier, Matt v. Merck & Co., Inc.*, | * | |
| 2:05-cv-04458, and only regarding: | * | |
| Bernice W. Coleman, Moise Detillier, | * | |
| Shirley Forcell, Melva Guillory, Winnie | * | |
| T. Heinz; | * | |
| | * | |
| *Hillard, Arterbell D. v. Merck & Co.,* | * | |
| *Inc.*, 2:05-cv-04459, and only regarding: | * | |
| Leatha Hollins, Ione G. Jones, Geraldine | * | |
| Kelly, Wilfred Ledet, Clifford (William) | * | |
| Lee, Larry W. Lirette, Andrew Lowe, | * | |
| Yvonne McClain, Rose McCrary, and | * | |
| Cyrus Rockwood (Lockwood); | * | |
| | * | |
| *Meunier, William v. Merck & Co., Inc.*, | * | |
| 2:05-cv-04456, and only regarding: | * | |
| Bruce Moore, Mabel Nall, and Kendra | * | |
| Nelson; | * | |
| | * | |
| *Rester, Ronald, v. Merck & Co., Inc.*, | * | |
| 2:05-cv-04460, and only regarding: | * | |
| Ronald Rester, Rosemary Ann Rout, | * | |
| Herbert Scully, and Debra Vila; | * | |

869558v.1

|  |  |
|---|---|
| *Walls, Juanita C. v. Merck & Co., Inc.*, 2:05-cv-04461, and only regarding: Juanita C. Walls, Virginia Wheat, Betty White, and Hubert Ziegler; | * * * * * * |
| *Williamson, Joan v. Merck & Co., Inc.*, 2:05-cv-06903, and only regarding: Joan Williamson. | * * * * |
| * * * * * * * * * * * * * * * * * | * |

**DEFENDANT MERCK & CO., INC.'S RULE AND INCORPORATED MEMORANDUM TO SHOW CAUSE WHY CASES SHOULD NOT BE DISMISSED FOR BREACH OF AGREEMENT AND FOR PROVIDING GROSSLY DEFICIENT PLAINTIFF PROFILE FORMS THAT FAIL <u>TO ALLEGE A VIOXX RELATED INJURY</u>**

NOW INTO COURT, Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, moves the Court for entry of an Order requiring the thirty-six Plaintiffs in the above captioned cases to show cause why their individual claims should not be dismissed with prejudice for providing deficient Plaintiff Profile Forms ("PPFs") that fail to allege a Vioxx related injury in direct contravention of Pre-Trial Order No. 18C ("PTO 18C") and for breach of agreement as to nineteen of these Plaintiffs. A full list of these Plaintiffs with their respective cases and docket numbers is attached as Exhibit A to this Rule and Memorandum.

As more fully set forth below in the accompanying memorandum and exhibits, all of these Plaintiffs have explicitly alleged in their PPFs that their injuries are the result of using "Bextra" and/or "Celebrex", not Vioxx. After having agreed more than a year ago to dismiss voluntarily the claims of nineteen such Plaintiffs, Plaintiffs' counsel has taken no action to dismiss these claims or the claims of other Plaintiffs that also failed to allege any Vioxx related injuries in their PPFs.

2

869558v.1

**BACKGROUND**

On September 30, 2005 and December 30, 2005, Michael Hingle and Associates ("Hingle") filed complaints for each of the above referenced Plaintiffs in the United States District Court for the Eastern District of Louisiana alleging injuries resulting from the use of Vioxx.[1]  In each multi-Plaintiff complaint, it was alleged generically that these Plaintiffs suffered personal injuries as a result of ingesting Vioxx.  These complaints, however, provided no additional information regarding these Plaintiffs' individual injuries or their claims against Merck.  The only allegation Hingle put forth in these complaints is that these Plaintiffs "took" Vioxx and as a result "suffered injuries and damages" that included "anatomical or cardiovascular … injury … and/or suffered blood clots, deep vein thrombosis and/or pulmonary embolism." (*See e.g,.* Walls Compl. (2:05-cv-04457) ¶ 6, attached hereto as Exhibit B.)   Thus, the importance of the PPF is crucial in these cases as it is Merck's only vehicle for obtaining specific information regarding each of these Plaintiffs, their Vioxx use, and their individual claims and injuries.

Pursuant to the terms of PTO 18C, Plaintiffs began serving these PPFs on December 12, 2005 via Lexis-Nexis File & Serve ("LNFS").  In January 2006, as part of its initial review of these PPFs, Merck first discovered that approximately nineteen Hingle Plaintiffs had uploaded and served PPFs wherein the Plaintiff crossed out "Vioxx" throughout the PPF and inserted the terms "Bextra" and/or "Celebrex" in place of Vioxx.[2]  Merck's counsel immediately notified

---

[1] Five of the above referenced Plaintiffs (Isiah Antonio, Lois Archote, Shirley Forcell, Andrew Lowe, Herbert Scully) are also named as Plaintiffs through representatives in *Bailey, Lois v. Merck & Co., Inc.*, (2:05-cv-06904), also filed by Hingle.  Merck respectfully requests that these Plaintiffs also be dismissed from that action.

[2] Indeed, some of these Plaintiffs had even provided pharmacy records confirming that these individuals took "Bextra" and/or "Celebrex" rather than Vioxx.

869558v.1

Hingle that these PPFs were deficient and that it did not appear from the PPFs that these Plaintiffs suffered any Vioxx related injuries. Hingle stated that they would further investigate these Plaintiffs' claims and contact Merck to resolve these cases. After receiving no response, Merck again contacted Hingle in February 2006, at which time Hingle confirmed that these Plaintiffs had not suffered Vioxx-related injuries. In a letter dated February 20, 2006, attached hereto as Exhibit C, Hingle specifically agreed to dismiss the claims of these nineteen Plaintiffs without prejudice.[3] However, despite its agreement, Hingle never submitted the dismissals to this Court.

Since Hingle's agreement to dismiss the nineteen Plaintiffs over a year ago, Merck has identified additional cases where Plaintiffs, represented by Hingle, have crossed out "Vioxx" and inserted the terms "Bextra" and/or "Celebrex" or have otherwise indicated that they really had a "Bextra" and/or "Celebrex" claim. In a letter dated March 28, 2007, Merck again notified Hingle that it fully expected Hingle to abide by the February 20, 2006 agreement by dismissing the claims of the original nineteen Plaintiffs who did not allege any Vioxx-related injuries in their PPFs, as well as the claims of all additional similarly situated Plaintiffs. Since this letter, Merck has identified a number of additional such cases, bringing to thirty-six the total number of Hingle Plaintiffs that have indicated in their PPFs that they had "Bextra" and/or "Celebrex," rather than Vioxx claims. Copies of each of these deficient PPFs are attached hereto as Exhibits D-LL.

In several telephone conversations with Merck's counsel since March 28, 2007, Hingle has refused to dismiss any of these cases. Moreover, in a calculated bad faith effort, on March

---

[3] These nineteen Plaintiffs are listed in Exhibits A and B.

4

869558v.1

27, 2007 Hingle filed Motions to Withdraw as Counsel of Record ("Withdrawals") in regards to nine of the nineteen Plaintiffs they had previously agreed to dismiss and indicated its intention to withdraw from a substantial number of other Plaintiffs' cases. Merck immediately notified the Court that it objected to these Withdrawals, and this Court denied these motions to withdraw at the last status conference on April 12, 2007. Pursuant to the Court's instructions at the status conference, Merck now moves, pursuant to Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b), to dismiss the claims of the thirty-six Plaintiffs listed above because, as to the nineteen Plaintiffs listed in Hingle's February 20, 2006 letter, Hingle has breached its agreement to dismiss their claims and, as to all, because Plaintiffs have provided *per se* deficient PPFs that fail to allege Vioxx related injuries.

## ARGUMENT

This Court should dismiss the claims of the nineteen Plaintiffs whom Hingle, over one year ago, determined had not suffered Vioxx related injuries and agreed, therefore, to dismiss. (*See* Ex. C) Having failed to dismiss, Hingle has unconditionally breached its agreement entered into on behalf of these Plaintiffs. Because of Hingle's breach of its agreement, the claims of these Plaintiffs should be dismissed with prejudice.

In addition, this Court should dismiss all Plaintiffs' claims with prejudice, pursuant to Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b), because Plaintiffs have failed to comply with PTO 18C and because they have stonewalled discovery by serving *per se* deficient PPFs that fail to allege a Vioxx related injury. (*See* Ex A. & Exs. D-LL) The language of PTO 18C is mandatory in that:

> Plaintiffs who fail to provide *complete and verified* PPFs . . . within the time periods set forth hereinabove shall be given notice by e-mail or fax from Defendants' Liaison Counsel or his designee and shall be given twenty (20) additional days to cure such deficiency. *No other extensions will be granted.*

5

869558v.1

(PTO 18C ¶ 4) (emphasis added).  Any PPF that fails to allege a Vioxx related injury cannot under any circumstances be considered complete.  Merck has provided Plaintiffs with notice on up to three separate occasions that, pursuant to PTO 18C, Plaintiffs had failed to serve complete and verified PPFs that alleged Vioxx related injuries.  As early as January 3, 2006, Merck also notified Hingle that it intended to move to dismiss the complaints of those Plaintiffs that failed to allege a Vioxx related injury in their PPFs.  Despite multiple opportunities to cure these deficiencies and fully investigate these claims, Plaintiffs' counsel has neither amended these PPFs to support a claim of Vioxx use nor dismissed these claims.

By providing PPFs that are *per se* deficient and fail to allege a Vioxx related injury, Plaintiffs have without question failed to comply with the discovery obligations outlined in PTO 18C.  Under such circumstances, Rules 16(f), 37(b)(2)(c), and 41(b) provide for the dismissal of a party's claims as an appropriate sanction for failing to comply with a court order.  *See* Fed. R. Civ. P. 16(f), 37(b)(2)(c), and 41(b); *see also Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (affirming District Court's dismissal of plaintiff's complaint for plaintiff's failure to timely respond to interrogatories).  Likewise, in *Acuna v. Brown & Root, Inc.*, 200 F.3d 335 (5th Cir. 2000), *cert. denied*, 530 U.S. 1229, the Fifth Circuit Court of Appeals recognized the District Court's power to dismiss cases for plaintiffs' failure to provide basic information about their claims.  The Court noted that in so-called "mass tort" cases, plaintiffs may be required to provide basic information about their claims by way of pretrial order:

> The scheduling orders issued below essentially required that information which plaintiffs should have had before filing their claims pursuant to Fed. R. Civ.P. 11(b)(3).  Each plaintiff should have had at least some information regarding the nature of his injuries, the circumstances under which he could have been

>exposed to harmful substances, and the basis for believing that the named defendants were responsible for his injuries.

*Id.* at 340. The Fifth Circuit therefore affirmed the District Court's dismissal of the claims of 1,600 plaintiffs for their failure to provide this basic information:

>The affidavits supplied by the plaintiffs did not provide this information. The district court did not commit clear error or an abuse of discretion in refusing to allow discovery to proceed without better definition of plaintiffs' claims.

*Id.* at 340-41. In the present case, Plaintiffs have not only failed to provide basic and essential information regarding their claims, but they have <u>failed</u> even to <u>allege</u> a Vioxx related injury. (*See* Ex A. & Exs. D-LL)

Furthermore, through notification to Hingle on more than one occasion, Merck has given these Plaintiffs every opportunity to cure these errors by either amending their PPFs or voluntarily dismissing their cases. These Plaintiffs, however, have flaunted both this Court's specific Orders and Merck's notices by taking no action. In *In re Propulsid Prod. Liab. Litig.*, MDL 1355, this Court dismissed various plaintiffs' claims with prejudice for failing to comply with the applicable deadlines for providing profile forms in that proceeding where notice had been given by opposing counsel. 2003 WL 22383576, at *1 (E.D. La. Oct. 16, 2003). Moreover, the Ninth Circuit also recently acknowledged in *In re Phenylpropanolamine* ("*PPA*") *Prod. Liab. Litig.* this type of negligent behavior cannot be tolerated in Multi-District Litigations. 460 F.3d 1217, 1222 & 1229-32 (9th Cir. 2006) (holding that the district court did not abuse its discretion in dismissing cases for failure to timely file severed cases between five and twelve weeks late). Case management orders, like PTO 18C, are the "engines" that drive disposition on the merits and district courts must have broad discretion to enforce these orders if they are ignored or flaunted by Plaintiffs, as Plaintiffs have done in this case. *Id.* Thus, this Court must dismiss Plaintiffs' claims for failing to comply with the Court's pretrial order regarding initial

discovery, especially where as here sufficient notice was provided by Merck that these PPFs were *pre se* deficient

In addition to Plaintiffs' failure to comply with this Court's Orders, Plaintiffs' claims should also be dismissed for the resulting harm that their silence causes Defendant. *See Hickman v. Fox Television Station Inc.*, 231 F.R.D. 248, 253 (S.D. Tex. 2005). These PPFs fail to provide any information regarding these Plaintiffs' purported Vioxx injuries that were put forth in Hingle's "barebones" complaints. Indeed, Plaintiffs affirmatively crossed out Vioxx and inserted "Bextra" and/or "Celebrex" throughout the PPF or otherwise clearly indicated that they did not suffer a Vioxx related injury. (*See* Exs. D-LL.) Rule 37 states that an "evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3).

Lastly, before filing complaints, Hingle had an obligation to make reasonable inquiries of these Plaintiffs that they actually took Vioxx. Clearly, if reasonable inquiry had been made, Hingle would have determined that none of these Plaintiffs alleged Vioxx related injuries. Likewise, Hingle had an ongoing obligation to dismiss immediately these cases as soon as Plaintiffs clarified in their own PPFs that it was "Bextra" and/or "Celebrex" that they took and not Vioxx. Fed. R. Civ. P. 11(b) ("Rule 11")[4]; EDLA Local Rule LR11.1W(B). Instead of

---

[4] Rule 11 provides:

> (b) Representations to Court. By presenting to the court … a pleading … or other paper, … an attorney … is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, …. [and] … (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation …(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ .P. 11.; see also EDLA Local Rule LR11.1W(B).

869558v.1

voluntarily dismissing these cases, however, Hingle with knowledge of Plaintiffs said clarifications, actually filed PPFs and in some circumstances supplemented thereto and then over a year later attempted to withdraw from these cases, forcing Merck and this Court to extend tremendous time and resources on these frivolous cases.  *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000) (citing Fed. R. Civ .P. 11(b)(3)); *see also Childs v. State Farm Mut. Auto. Ins. Co.,* 29 F.3d 1018, 1024 (5th Cir. 1994 ) (noting that sanctions are appropriate where counsel fails to make a reasonable inquiry into the facts before filing papers with the court); *Rhinehart v. Stauffer*, 638 F.2d 1169, 1171 (9th Cir. 1979) (holding that dismissal is an appropriate remedy for violations of Rule 11 when a claim is clearly ungrounded); and *Incomco v. Southern Bell Telephone & Telegraph Co.*, 558 F.2d 751, 753 (5th Cir. 1977) (affirming dismissal under Rule 11 when no ground existed to support the pleadings).  Under these circumstances, Plaintiffs' claims should be dismissed with prejudice.

869558v.1

## **CONCLUSION**

For the foregoing reason, Defendant respectfully asks the Court to order the above referenced Plaintiffs to appear before this Court and show cause why these Plaintiffs' claims should not be dismissed with prejudice for breach of agreement and for providing deficient PPFs that fail to allege a Vioxx related injury as required by PTO 18C.

Respectfully submitted,

*/s/ Dorothy H. Wimberly*
Phillip A. Wittmann, 13625
Dorothy H. Wimberly, 18509
Carmelite M. Bertaut, 3054
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
Phone: 504-581-3200
Fax:    504-581-3361

Defendants' Liaison Counsel

869558v.1

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Rule to Show Cause has been served on Liaison Counsel, Russ Herman and Phillip Wittmann, by U.S. Mail and e-mail or by hand delivery and e-mail and upon all parties by electronically uploading the same to LexisNexis File & Serve Advanced in accordance with Pre-Trial Order No. 8B, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system which will send a Notice of Electronic Filing in accord with the procedures established in MDL 1657, on this 24th day of April, 2007.

*/s/ Dorothy H. Wimberly*
Dorothy H. Wimberly, 18509
STONE PIGMAN WALTHER
WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
Phone:  504-581-3200
Fax:     504-581-3361
dwimberly@stonepigman.com

Defendants' Liaison Counsel

869558v.1